# Exhibit 45

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3    michaelzeller@quinnemanuel.com
   Timothy L. Alger (Bar No. 160303)
4    timalger@quinnemanuel.com
   Bridget A. Morris (Bar No. 240592)
5    bridgetmorris@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:   (213) 443-3100

8  Attorneys for Plaintiff and Counter-
   Defendant Mattel

9

10              UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12                    EASTERN DIVISION

13  CARTER BRYANT, an individual,      CASE NO. CV 04-09049 SGL (RNBx)

14                                     Consolidated with:
                Plaintiff,             Case No. CV 04-09059
15                                     Case No. CV 05-02727

16       v.                            MATTEL'S CORRECTED SECOND
                                       SUPPLEMENTAL RESPONSES TO
17  MATTEL, INC., a Delaware           MGA'S FIRST SET OF REQUESTS
    Corporation,                       FOR PRODUCTION
18
                                       Hon. Stephen G. Larson
19              Defendant.
                                       Discovery Cutoff:     None set
20                                     Pretrial Conf. Date:  None set
    ─────────────────────────         Trial Date:           None set
21  AND CONSOLIDATED ACTIONS

22

23

24

25

26

27

28

'975/2195636.1

─────────────────────────────────────────────────────────────────

### Preliminary Statement

Mattel is supplementing its original responses to certain requests set forth in MGA's First Set of Requests of Production in light of the parties' meet and confers held on July 26, July 27, August 11, and December 15, 2006, in light of the Court's May 22, 2007 Order and in light of MGA's now-started identification of certain requests as being at issue. Mattel has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents. Mattel's partial response to any of the First Set of Requests for Production of Documents and Things (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other request. Mattel's agreement to produce responsive, non-privileged documents in response to a specific Request does not constitute an admission by Mattel that such responsive, non-privileged documents actually exist.

### General Objections

Mattel generally objects to each of the requests on each and every one of the following grounds, which are incorporated into and made a part of Mattel's response to each and every individual request:

1.   Mattel objects to the Requests on the grounds that they seek to impose obligations upon Mattel beyond those required or permitted by the <u>Federal Rules of Civil Procedure</u>.

2.      Mattel objects to the Requests on the grounds that they call for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges, including without limitation the privilege against disclosure of the identities and work product of consulting experts. Such documents and information will not be produced.

3.      Mattel objects to the Requests on the grounds that they call for information that is not relevant to the claims or defenses of the pending action, nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Mattel objects to the Requests on the grounds that they are unduly burdensome and vague and ambiguous in that they purport to require Mattel to identify and produce documents relating to matters that are currently known to and in the possession, custody and control of defendants and third parties, including third parties associated with defendants, and that are not known to Mattel.

5.      Mattel objects to the Requests on the grounds that they seek the production of documents or information that are in the possession, custody and control of independent parties over whom Mattel has no control, including without limitation defendants, and seek the disclosure of information or documents that are in the possession, custody and control of defendants or are publicly available and hence equally available to all parties to this litigation.

6.      Mattel objects to the Requests on the grounds that they are unduly burdensome and oppressive, including without limitation in seeking "all" documents that evidence, refer or relate to a given topic.  Mattel will make available for inspection and copying those documents and tangible items that it is able to locate after a reasonable, good-faith search for and review of non-privileged files that are reasonably likely to contain responsive documents and tangible things bearing on the issues in this litigation.

7.     Mattel objects to the Requests on the grounds that they seek documents whose production would violate the terms of agreements entered into with third parties, or violate the privacy, contractual, or other rights of third parties.

8.     Mattel objects to the Requests on the grounds that the definition of "Mattel" is overbroad, vague and ambiguous and unduly burdensome.

9.     Mattel objects to the Requests on the grounds that they seek confidential, proprietary and trade secret information.  Such information, to the extent it is relevant to this action and either has been or will be produced, has been and will be produced only in reliance upon and pursuant to protective order.

10.    Mattel objects to the Requests on the grounds that they seek documents containing confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and strategies, that have no bearing on the claims or defenses in this matter.

11.    Mattel objects to each and every request to the extent that they seek documents already produced in this action.  Documents which have already been produced will not be produced again in response to these requests.

12.    Mattel objects to each Request seeking information on damages on that grounds that it is premature in that it seeks expert discovery.  Such discovery will be disclosed only at the time, and in the manner required by, the Rules and the Court's Orders.

13.    Mattel objects to each Request seeking information on damages on that grounds that it is premature and unreasonably burdensome in that such information is in the possession, custody and control of defendants and third parties associated with defendants but has not been disclosed by defendants and their associated third parties.

14.    Mattel objects to the time, place and manner of production specified in defendant's Requests.  Mattel will produce responsive, non-privileged documents and tangible things, if any and to the extent not previously produced, in

1   accordance with its responses at a time and place and in a manner that is reasonable,

2   convenient and mutually agreed upon by the parties.

3

4   ## RESPONSES TO REQUESTS FOR PRODUCTION

5           Each of the following objections and responses to the Requests is

6   expressly made subject to the above Preliminary Statement and General Objections,

7   all of which are incorporated in each of the following objections and responses to

8   specific requests.  A statement by Mattel that it will produce documents or tangible

9   things in response to a Request is not intended to suggest, nor should it be construed

10  to mean, that any such documents or tangible things exist, or that they are in Mattel's

11  possession, custody or control.

12

13  REQUEST NO. 82:

14          All DOCUMENTS mentioning, referring or relating to the conception,

15  creation, design, development or reduction to practice of "Toon Teens" and any

16  related or derivative works, including, without limitation, DOCUMENTS

17  commissioning, assigning, contracting for, or otherwise requesting work on or

18  assistance with the conception, creation, design, development or reduction to

19  practice of said work(s).

20

21  SUPPLEMENTAL RESPONSE TO REQUEST NO. 82:

22          In addition to the general objections stated above, which are

23  incorporated herein by reference, Mattel objects to this Request as overbroad and

24  unduly burdensome in that it seeks all documents in Mattel's possession, custody

25  and control created by anyone at any time that are related to this topic.  Mattel

26  further objects to this Request as vague and ambiguous in its use of the terms

27  "related" or "derivative."  Mattel further objects to this Request on the grounds that

28  it seeks confidential, proprietary and trade secret information that has no bearing on

1  the claims or defenses in this case.  Mattel further objects to this Request on the

2  grounds that it calls for the disclosure of information subject to the attorney-client

3  privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

4  further objects to this Request on the grounds that it is duplicative of or subsumed

5  within other requests within this set of requests, duplicative of or subsumed within

6  prior Requests already responded to in this litigation, and seeks the re-production of

7  information and documents already produced in this action.  Such information and

8  documents will not be re-produced.  Subject to and without waiving the foregoing

9  general and specific objections, Mattel will produce responsive, non-privileged

10  documents relating to "Toon Teens" in its possession, custody or control, which it

11  has been able to locate after a diligent search and reasonable inquiry, to the extent

12  not previously produced.

13

14  REQUEST NO. 83:

15          All DOCUMENTS constituting contracts, licenses, assignments or

16  conveyances involving, referring or relating to "Toon Teens" and any derivative

17  works.

18

19  SUPPLEMENTAL RESPONSE TO REQUEST NO. 83:

20          In addition to the general objections stated above, which are

21  incorporated herein by reference, Mattel objects to this Request as overbroad and

22  unduly burdensome in that it seeks all documents in Mattel's possession, custody

23  and control created by anyone at any time that are related to this topic.  Mattel

24  further objects to this Request on the grounds that it seeks confidential, proprietary

25  and trade secret information that has no bearing on the claims or defenses in this

26  case.  Mattel further objects to this Request on the grounds that it calls for the

27  disclosure of information subject to the attorney-client privilege, the attorney work-

28  product doctrine and other applicable privileges.  Mattel further objects to this

7975/2195636.1

-5-

1   Request on the grounds that it is duplicative of or subsumed within other requests
2   within this set of requests, duplicative of or subsumed within prior Requests already
3   responded to in this litigation, and seeks the re-production of information and
4   documents already produced in this action. Such information and documents will
5   not be re-produced. Subject to and without waiving the foregoing general and
6   specific objections, Mattel will produce responsive, non-privileged documents
7   relating to "Toon Teens" in its possession, custody or control, which it has been able
8   to locate after a diligent search and reasonable inquiry, to the extent not previously
9   produced.

10

11  <u>REQUEST NO. 84:</u>
12          All COMMUNICATIONS exchanged between YOU on the one hand
13  and the U.S. Patent and Trademark Office or U.S. Copyright Office on the other
14  referring or relating to "Toon Teens" and any related or derivative works including,
15  without limitation, applications, registrations, amendments, office actions and
16  correspondence and all DOCUMENTS mentioning, referring or relating to such
17  COMMUNICATIONS.

18

19  <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 84:</u>
20          In addition to the general objections stated above, which are
21  incorporated herein by reference, Mattel objects to this Request as overbroad and
22  unduly burdensome in that it seeks all documents in Mattel's possession, custody
23  and control created by anyone at any time that are related to this topic, including
24  documents that are publicly available and therefore equally available to MGA,
25  regardless of whether the documents relate to the conduct at issue in this lawsuit.
26  Mattel further objects to this Request as vague and ambiguous in its use of the terms
27  "related" or "derivative." Mattel further objects to this Request on the grounds that
28  it calls for the disclosure of information subject to the attorney-client privilege, the

1  attorney work-product doctrine and other applicable privileges.  Mattel further
2  objects to this Request on the grounds that it is duplicative of or subsumed within
3  other Requests within this set of requests, duplicative of or subsumed within prior
4  Requests already responded to in this litigation, and seeks the re-production of
5  information and documents already produced in this action.  Such information and
6  documents will not be re-produced.  Subject to and without waiving the foregoing
7  general and specific objections, Mattel will produce responsive, non-privileged
8  documents relating to Toon Teens in its possession, custody or control, which it has
9  been able to locate after a diligent search and reasonable inquiry, to the extent not
10  previously produced.
11
12  REQUEST NO. 85:
13          All DOCUMENTS constituting, mentioning, referring to, or relating to
14  any decision to apply for, register for, file, amend, withdraw, or abandon any
15  trademark, service mark, trade dress, or copyright application or registration for
16  "Toon Teens" and any derivative works.
17
18  SUPPLEMENTAL RESPONSE TO REQUEST NO. 85:
19          In addition to the general objections stated above, which are
20  incorporated herein by reference, Mattel objects to this Request as overbroad and
21  unduly burdensome in that it seeks all documents in Mattel's possession, custody
22  and control created by anyone at any time that are related to this topic, regardless of
23  whether the documents relate to the conduct at issue in this lawsuit.  Mattel further
24  objects to this Request on the grounds that it calls for the disclosure of information
25  subject to the attorney-client privilege, the attorney work-product doctrine and other
26  applicable privileges.  Mattel further objects to this Request on the grounds that it is
27  duplicative of or subsumed within prior Requests already responded to and seeks the
28  re-production of information and documents already produced in this action.  Such

7975/2195636.1

-7-

1   information and documents will not be re-produced.  Subject to and without waiving

2   the foregoing general and specific objections, Mattel will produce responsive, non-

3   privileged documents relating to "Toon Teens" in its possession, custody or control,

4   which it has been able to locate after a diligent search and reasonable inquiry, to the

5   extent not previously produced.

6

7   REQUEST NO. 86:

8           All DOCUMENTS constituting, modeling, showing, demonstrating,

9   depicting, or describing "Toon Teens" and any derivative works including, without

10  limitation, photographs, visual reproductions, drawings, sketches, models, molds,

11  prototypes and any type of three dimensional image, including all original molds,

12  models and prototypes.

13

14  SUPPLEMENTAL RESPONSE TO REQUEST NO. 86:

15          In addition to the general objections stated above, which are

16  incorporated herein by reference, Mattel objects to this Request as overbroad and

17  unduly burdensome in that it seeks all documents in Mattel's possession, custody

18  and control created by anyone at any time that are related to this topic, regardless of

19  whether the documents relate to the conduct at issue in this lawsuit.  Mattel further

20  objects to this Request on the grounds that it seeks confidential, proprietary and

21  trade secret information that has no bearing on the claims or defenses in this case.

22  Mattel further objects to this Request on the grounds that it calls for the disclosure

23  of information subject to the attorney-client privilege, the attorney work-product

24  doctrine and other applicable privileges.  Mattel further objects to this Request on

25  the grounds that it is duplicative of or subsumed within other Requests within this

26  set of requests, duplicative of or subsumed within prior Requests already responded

27  to in this litigation, and seeks the re-production of information and documents

28  already produced in this action.  Such information and documents will not be re-

1  produced.  Subject to and without waiving the foregoing general and specific

2  objections, Mattel will produce responsive, non-privileged documents relating to

3  "Toon Teens" in its possession, custody or control, which it has been able to locate

4  after a diligent search and reasonable inquiry, to the extent not previously produced.

5

6  REQUEST NO. 87:

7         All DOCUMENTS that name or are otherwise sufficient to identify the

8  individuals who worked on or were involved in any way with the conception,

9  creation, design and development of the "Toon Teens" idea, concept or products and

10 any related or derivative works.

11

12 SUPPLEMENTAL RESPONSE TO REQUEST NO. 87:

13         In addition to the general objections stated above, which are

14 incorporated herein by reference, Mattel objects to this Request as overbroad and

15 unduly burdensome in that it seeks all documents in Mattel's possession, custody

16 and control created by anyone at any time that are related to this topic, regardless of

17 whether the documents relate to the conduct at issue in this lawsuit.  Mattel further

18 objects to this Request as vague and ambiguous in its use of the terms "related" or

19 "derivative."  Mattel further objects to this Request on the grounds that it calls for

20 the disclosure of information subject to the attorney-client privilege, the attorney

21 work-product doctrine and other applicable privileges.  Mattel further objects to this

22 Request on the grounds that it is duplicative of or subsumed within other Requests

23 within this set of requests, duplicative of or subsumed within prior Requests already

24 responded to in this litigation, and seeks the re-production of information and

25 documents already produced in this action.  Such information and documents will

26 not be re-produced.  Subject to and without waiving the foregoing general and

27 specific objections, Mattel will produce responsive, non-privileged documents in its

28 possession, custody or control relating to "Toon Teens" sufficient to identify

1 | individuals who worked on "the conception, creation, design and development" of
2 | the "Toon Teens", which it can locate after a diligent search and reasonable inquiry
3 | and to the extent such documents have not been previously produced.

4

5 | REQUEST NO. 88:

6 |        All DOCUMENTS that name or are otherwise sufficient to identify the
7 | individuals who worked on or were involved in any way in the plans for creating,
8 | designing, developing and marketing "Toon Teens," including individuals who
9 | worked on or were involved in any way in (1) deciding to create, design, develop or
10 | market "Toon Teens" and (2) deciding to stop or abandon the design, development
11 | or marketing of "Toon Teens".

12

13 | SUPPLEMENTAL RESPONSE TO REQUEST NO. 88:

14 |        In addition to the general objections stated above, which are
15 | incorporated herein by reference, Mattel objects to this Request as overbroad and
16 | unduly burdensome in that it seeks all documents in Mattel's possession, custody
17 | and control created by anyone at any time that are related to this topic, regardless of
18 | whether the documents relate to the conduct at issue in this lawsuit. Mattel further
19 | objects to the Request as misleading and erroneous in its use of the term "abandon"
20 | and is otherwise assuming facts not in evidence. Mattel further objects to this
21 | Request on the grounds that it calls for the disclosure of information subject to the
22 | attorney-client privilege, the attorney work-product doctrine and other applicable
23 | privileges. Mattel further objects to this Request on the grounds that it is duplicative
24 | of or subsumed within other Requests within this set of requests, duplicative of or
25 | subsumed within prior Requests already responded to in this litigation, and seeks the
26 | re-production of information and documents already produced in this action. Such
27 | information and documents will not be re-produced. Subject to and without waiving
28 | the foregoing general and specific objections, Mattel will produce responsive, non-

17975/2195636.1

MATTEL'S CORRECTED SECOND SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 45 - Page 2140

1 | privileged documents sufficient to identify individuals who worked on "the
2 | conception, creation, design and development" of the "Toon Teens," to the extent
3 | such responsive, non-privileged documents are in its possession, custody or control,
4 | can be located after a diligent search and reasonable inquiry, and have not been
5 | previously produced.

6 |

7 | REQUEST NO. 89:
8 | All DOCUMENTS mentioning, discussing, referring or relating to all
9 | of the facts and circumstances leading up to, surrounding or any way connected with
10 | the development, marketing and abandonment of "Toon Teens" including, without
11 | limitation, the reasons for and factors influencing the creation, design, development
12 | and marketing of "Toon Teens," and the reasons for and factors influencing the
13 | cessation or abandonment of the design, development or marketing of "Toon
14 | Teens".

15 |

16 | SUPPLEMENTAL RESPONSE TO REQUEST NO. 89:
17 | In addition to the general objections stated above, which are
18 | incorporated herein by reference, Mattel objects to this Request as overbroad and
19 | unduly burdensome in that it seeks all documents in Mattel's possession, custody
20 | and control created by anyone at any time that are related to this topic, regardless of
21 | whether the documents relate to the conduct at issue in this lawsuit.  Mattel further
22 | objects to this Request on the grounds that it seeks confidential, proprietary and
23 | trade secret information that has no bearing on the claims or defenses in this case.
24 | Mattel further objects to the Request as misleading and erroneous in its use of term
25 | "cessation or abandonment" and as otherwise assuming facts not in evidence.
26 | Mattel further objects to this Request on the grounds that it calls for the disclosure
27 | of information subject to the attorney-client privilege, the attorney work-product
28 | doctrine and other applicable privileges.  Mattel further objects to this Request on

1   the grounds that it is duplicative of or subsumed within other Requests within this

2   set of requests, duplicative of or subsumed within prior Requests already responded

3   to in this litigation, and seeks the re-production of information and documents

4   already produced in this action.  Such information and documents will not be re-

5   produced.  Subject to and without waiving the foregoing general and specific

6   objections, Mattel will produce responsive, non-privileged documents relating to

7   "Toon Teens" in its possession, custody or control, which it has been able to locate

8   after a diligent search and reasonable inquiry, to the extent not previously produced.

9

10   <u>REQUEST NO. 90:</u>

11           All DOCUMENTS evidencing that BRYANT had access to "Toon

12   Teens," at any stage of creation, concept, design or development.

13

14   <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 90:</u>

15           In addition to the general objections stated above, which are

16   incorporated herein by reference, Mattel objects to this Request on the grounds that

17   it calls for the disclosure of information subject to the attorney-client privilege, the

18   attorney work-product doctrine and other applicable privileges.  Mattel further

19   objects to this Request as overbroad and unduly burdensome in that it seeks all

20   documents in Mattel's possession, custody and control created by anyone at any time

21   that are related to this topic, including newspaper articles and other publicly

22   available documents which are equally available to MGA.  Mattel further objects to

23   this Request on the grounds that it is duplicative of or subsumed within other

24   Requests within this set of requests, duplicative of or subsumed within prior

25   Requests already responded to in this litigation, and seeks the re-production of

26   information and documents already produced in this action.  Such information and

27   documents will not be re-produced.  Subject to and without waiving the foregoing

28   general and specific objections, Mattel will produce responsive, non-privileged

1  documents relating to "Toon Teens" in its possession, custody or control, which it
2  has been able to locate after a diligent search and reasonable inquiry, to the extent
3  not previously produced.

4

5  REQUEST NO. 96:

6          All DOCUMENTS used or referred to in creating and designing "Toon
7  Teens," including, without limitation, all DOCUMENTS that served as artistic
8  inspiration for any aspect, feature or element of "Toon Teens".

9

10 SUPPLEMENTAL RESPONSE TO REQUEST NO. 96:

11         In addition to the general objections stated above, which are
12 incorporated herein by reference, Mattel objects to this Request on the ground that it
13 is vague, ambiguous and overbroad.  Mattel further objects to this Request on the
14 grounds that it calls for the disclosure of information subject to the attorney-client
15 privilege, the attorney work-product doctrine and other applicable privileges.  Mattel
16 further objects to this Request on the grounds that it is duplicative of or subsumed
17 within other Requests within this set of requests, duplicative of or subsumed within
18 prior Requests already responded to in this litigation, and seeks the re-production of
19 information and documents already produced in this action.  Such information and
20 documents will not be re-produced.  Subject to and without waiving the foregoing
21 general and specific objections, Mattel will produce responsive, non-privileged
22 documents relating to aspects, features or elements of "Toon Teens" at issue in this
23 litigation in its possession, custody or control, which it has been able to locate after
24 a diligent search and reasonable inquiry, to the extent not previously produced.

25

26 REQUEST NO. 97:

27         All DOCUMENTS, including MARKET RESEARCH, referring or
28 relating to, or influencing MATTEL's decision to create, design, develop or abandon

1 "Toon Teens," including, without limitation, the reasons for and factors influencing

2 its decision.

3

4 <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 97:</u>

5          In addition to the general objections stated above, which are

6 incorporated herein by reference, Mattel objects to this Request on the grounds that

7 it is vague and ambiguous and seeks documents that are not relevant to this action or

8 likely to lead to the discovery of admissible evidence. Mattel further objects to this

9 Request on the grounds that it seeks confidential, proprietary and trade secret

10 information that has no bearing on the claims or defenses in this case. Mattel further

11 objects to this Request as misleading and erroneous in its use of the term "abandon"

12 and as otherwise assuming facts not in evidence. Mattel further objects to this

13 Request on the grounds that it calls for the disclosure of information subject to the

14 attorney-client privilege, the attorney work-product doctrine and other applicable

15 privileges. Mattel further objects to this Request on the grounds that it is duplicative

16 of or subsumed within other Requests within this set of requests, duplicative of or

17 subsumed within prior Requests already responded to in this litigation, and seeks the

18 re-production of information and documents already produced in this action. Such

19 information and documents will not be re-produced. Subject to and without waiving

20 the foregoing general and specific objections, Mattel will produce responsive, non-

21 privileged documents relating to "Toon Teens" in its possession, custody or control,

22 which it has been able to locate after a diligent search and reasonable inquiry, to the

23 extent not previously produced.

24

25 <u>REQUEST NO. 132:</u>

26          If YOU contend that BRATZ has impacted or affected YOUR sales,

27 profits or revenue from, or development of, "Diva Starz" as part of YOUR damages

28

1 in this case, all DOCUMENTS, evidencing, demonstrating, discussing, mentioning,

2 referring, relating to or calculating that impact or affect.

3

4 <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 132:</u>

5         In addition to the general objections stated above, which are

6 incorporated herein by reference, Mattel objects to this Request on the grounds that

7 it is unreasonably burdensome and premature in that the facts necessary to

8 determine the full nature and extent of Mattel's damages from defendant's acts or

9 omissions are known by defendants and third parties associated with defendants, but

10 are not known by Mattel at this juncture because of defendants' refusals to produce

11 basic discovery. Mattel further objects to this Request on the grounds that it calls

12 for the disclosure of information subject to the attorney-client privilege, the attorney

13 work-product doctrine and other applicable privileges. Mattel further objects to this

14 Request on the grounds that it is improperly phrased as a legal contention. Mattel

15 further objects to this Request as premature in that it seeks expert discovery. Such

16 discovery will be disclosed only at the time, and in the manner required by, the

17 <u>Rules</u> and the Court's Orders. Mattel further objects to this Request on the grounds

18 that it is duplicative of or subsumed within other Requests within this set of

19 requests, duplicative of or subsumed within prior Requests already responded to in

20 this litigation, and seeks the re-production of information and documents already

21 produced in this action. Such information and documents will not be re-produced.

22 Subject to and without waiving the foregoing general and specific objections, if and

23 to the extent Mattel so contends, Mattel will produce responsive, non-privileged

24 documents relating to the fact of damage in its possession, custody or control, which

25 it has been able to locate after a diligent search and reasonable inquiry, to the extent

26 not previously produced. Furthermore, this topic may be the subject of expert

27 testimony and disclosure, which will be produced at the time and in the manner

28 required by the <u>Rules</u> or Court Order.

REQUEST NO. 134:

        If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from, or development of, "Diva Starz" as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing MATTEL's decision to create, design or develop "Diva Starz," including, without limitation, the reasons for and factors influencing its decision.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 134:

        In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery.  Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and strategies, that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other Requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already

1  produced in this action.  Such information and documents will not be re-produced.

2  Subject to and without waiving the foregoing general and specific objections, if and

3  to the extent Mattel so contends, Mattel will produce responsive, non-privileged

4  documents relating to the fact of damage in its possession, custody or control, which

5  it has been able to locate after a diligent search and reasonable inquiry, to the extent

6  not previously produced.  Furthermore, this topic may be the subject of expert

7  testimony and disclosure, which will be produced at the time and in the manner

8  required by the <u>Rules</u> or Court Order.

9

10  REQUEST NO. 136:

11        If YOU contend that BRATZ has impacted or affected YOUR sales,

12  profits or revenue from "Diva Starz" as part of YOUR damages in this case, all

13  DOCUMENTS used or referred to in creating and designing "Diva Starz" including,

14  without limitation, all DOCUMENTS that served as artistic inspiration for any

15  aspect, feature or element of "Diva Starz".

16

17  SUPPLEMENTAL RESPONSE TO REQUEST NO. 136:

18        In addition to the general objections stated above, which are

19  incorporated herein by reference, Mattel objects to this Request on the grounds that

20  it is unreasonably burdensome and premature in that the facts necessary to

21  determine the full nature and extent of Mattel's damages from defendant's acts or

22  omissions are known by defendants and third parties associated with defendants, but

23  are not known by Mattel at this juncture because of defendants' refusals to produce

24  basic discovery.  Mattel further objects to this Request as overbroad, unduly

25  burdensome and oppressive in that it seeks "all" documents in Mattel's possession,

26  custody and control on this broad subject.  Mattel further objects to this Request on

27  the grounds that it calls for the disclosure of information subject to the attorney-

28  client privilege, the attorney work-product doctrine and other applicable privileges.

1   Mattel further objects to this Request on the grounds that it is improperly phrased as

2   a legal contention. Mattel further objects to this Request on the grounds that it seeks

3   confidential, proprietary and trade secret information that has no bearing on the

4   claims or defenses in this case. Mattel further objects to this Request on the grounds

5   that it calls for information that is not relevant to this action or likely to lead to the

6   discovery of admissible evidence. Mattel further objects to this Request as vague

7   and ambiguous. Mattel further objects to this Request on the grounds that it is

8   duplicative of or subsumed within other Requests within this set of requests,

9   duplicative of or subsumed within prior Requests already responded to in this

10  litigation, and seeks the re-production of information and documents already

11  produced in this action. Such information and documents will not be re-produced.

12  Subject to and without waiving the foregoing general and specific objections, if and

13  to the extent Mattel so contends, Mattel will produce responsive, non-privileged

14  documents in its possession, custody or control, which it has been able to locate

15  after a diligent search and reasonable inquiry and which relate to those aspects,

16  features or elements of "Diva Starz" at issue in this lawsuit, to the extent not already

17  produced. Furthermore, this topic may be the subject of expert testimony and

18  disclosure, which will be produced at the time and in the manner required by the

19  <u>Rules</u> or Court Order.

20

21  REQUEST NO. 180:

22          All DOCUMENTS mentioning, referring or relating to BRYANT

23  including, but not limited to, BRYANT's personnel file and all DOCUMENTS on

24  MATTEL's Zeus computer system that mention BRYANT.

25

26  SUPPLEMENTAL RESPONSE TO REQUEST NO. 180:

27          In addition to the general objections stated above, which are

28  incorporated herein by reference, Mattel objects to this Request as overbroad and

1   unduly burdensome in that it seeks all documents in Mattel's possession, custody
2   and control created by anyone at any time that are related to this topic.  Mattel
3   further objects to this Request on the grounds and to the extent that it requires
4   Mattel to engage in an unreasonable search, in violation of the Federal Rules.
5   Mattel further objects to this Request on the grounds that it seeks confidential,
6   proprietary and trade secret information that has no bearing on the claims or
7   defenses in this case.  Mattel further objects to this Request on the grounds that it
8   calls for the disclosure of information subject to the attorney-client privilege, the
9   attorney work-product doctrine and other applicable privileges.  Mattel further
10  objects to this Request on the grounds that it is duplicative of or subsumed within
11  other requests within this set of requests, duplicative of or subsumed within prior
12  Requests already responded to in this litigation, and seeks the re-production of
13  information and documents already produced in this action.  Such information and
14  documents will not be re-produced.  Subject to and without waiving the foregoing
15  general and specific objections, Mattel has produced Bryant's personnel file.
16
17  REQUEST NO. 181:
18          All DOCUMENTS constituting, evidencing, referring to or reflecting
19  BRYANT's work at MATTEL, including the projects he worked on.
20
21  SUPPLEMENTAL RESPONSE TO REQUEST NO. 181:
22          In addition to the general objections stated above, which are
23  incorporated herein by reference, Mattel objects to this Request as overbroad and
24  unduly burdensome in that it seeks all documents in Mattel's possession, custody
25  and control created by anyone at any time that are related to this topic.  Mattel
26  further objects to this Request on the grounds and to the extent that it requires
27  Mattel to engage in an unreasonable search, in violation of the Federal Rules.
28  Mattel further objects to this Request on the grounds that it seeks confidential,

1  proprietary and trade secret information that has no bearing on the claims or

2  defenses in this case.  Mattel further objects to this Request on the grounds that it

3  calls for the disclosure of information subject to the attorney-client privilege, the

4  attorney work-product doctrine and other applicable privileges.  Mattel further

5  objects to this Request on the grounds that it is duplicative of or subsumed within

6  other requests within this set of requests, duplicative of or subsumed within prior

7  Requests already responded to in this litigation, and seeks the re-production of

8  information and documents already produced in this action.  Such information and

9  documents will not be re-produced.  Subject to and without waiving the foregoing

10  general and specific objections, Mattel will produce responsive, non-privileged

11  documents in its possession, custody or control, which it has been able to locate

12  after a diligent search and reasonable inquiry, to the extent not previously produced.

13

14  REQUEST NO. 182:

15       All DOCUMENTS evidencing the days and hours BRYANT worked

16  for MATTEL, including all time entries and data on MATTEL's "P2" computer

17  system, and all records reflecting the days and hours BRYANT was on vacation or

18  leave of absence.

19

20  SUPPLEMENTAL RESPONSE TO REQUEST NO. 182:

21       In addition to the general objections stated above, which are

22  incorporated herein by reference, Mattel objects to this Request as overbroad and

23  unduly burdensome in that it seeks all documents in Mattel's possession, custody

24  and control created by anyone at any time that are related to this topic.  Mattel

25  further objects to this Request on the grounds and to the extent that it requires

26  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

27  Mattel further objects to this Request on the grounds that it seeks confidential,

28  proprietary and trade secret information that has no bearing on the claims or

1   defenses in this case.  Mattel further objects to this Request on the grounds that it
2   calls for the disclosure of information subject to the attorney-client privilege, the
3   attorney work-product doctrine and other applicable privileges.  Mattel further
4   objects to this Request on the grounds that it is duplicative of or subsumed within
5   other requests within this set of requests, duplicative of or subsumed within prior
6   Requests already responded to in this litigation, and seeks the re-production of
7   information and documents already produced in this action.  Such information and
8   documents will not be re-produced.  Subject to and without waiving the foregoing
9   general and specific objections, Mattel will produce responsive, non-privileged
10  documents in its possession, custody or control, which it has been able to locate
11  after a diligent search and reasonable inquiry, to the extent not previously produced.
12
13  REQUEST NO. 183:
14          All DOCUMENTS constituting, consisting of, comprising or reflecting
15  records of all phone calls BRYANT placed and received and all facsimiles
16  BRYANT sent and received during his employment at MATTEL, including,
17  specifically, without limitation, all phone logs, phone records and facsimile
18  transmittals and facsimile records evidencing all phone calls and facsimiles
19  BRYANT placed or received in September and October 2000.
20
21  SUPPLEMENTAL RESPONSE TO REQUEST NO. 183:
22          In addition to the general objections stated above, which are
23  incorporated herein by reference, Mattel objects to this Request as overbroad and
24  unduly burdensome in that it seeks all documents in Mattel's possession, custody
25  and control created by anyone at any time that are related to this topic.  Mattel
26  further objects to this Request on the grounds and to the extent that it requires
27  Mattel to engage in an unreasonable search, in violation of the Federal Rules.
28  Mattel further objects to this Request on the grounds that it seeks confidential,

1  proprietary and trade secret information that has no bearing on the claims or

2  defenses in this case. Mattel further objects to this Request on the grounds that it

3  calls for the disclosure of information subject to the attorney-client privilege, the

4  attorney work-product doctrine and other applicable privileges. Mattel further

5  objects to this Request on the grounds that it is duplicative of or subsumed within

6  other requests within this set of requests, duplicative of or subsumed within prior

7  Requests already responded to in this litigation, and seeks the re-production of

8  information and documents already produced in this action. Such information and

9  documents will not be re-produced. Subject to and without waiving the foregoing

10 general and specific objections, Mattel has produced all phone records within its

11 possession. Mattel will produce other responsive, non-privileged documents in its

12 possession, custody or control, which it has been able to locate after a diligent

13 search and reasonable inquiry, to the extent not previously produced.

14

15 REQUEST NO. 186:

16          All DOCUMENTS evidencing, mentioning, referring to, or relating to

17 BRYANT's involvement with, work on, or connection to the conception, design,

18 creation or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

19

20 SUPPLEMENTAL RESPONSE TO REQUEST NO. 186:

21          In addition to the general objections stated above, which are

22 incorporated herein by reference, Mattel objects to this Request as overbroad and

23 unduly burdensome in that it seeks all documents in Mattel's possession, custody

24 and control created by anyone at any time that are related to this topic. Mattel

25 further objects to this Request on the grounds and to the extent that it requires

26 Mattel to engage in an unreasonable search, in violation of the Federal Rules.

27 Mattel further objects to this Request on the grounds that it seeks confidential,

28 proprietary and trade secret information that has no bearing on the claims or

1   defenses in this case. Mattel further objects to this Request on the grounds that it

2   calls for the disclosure of information subject to the attorney-client privilege, the

3   attorney work-product doctrine and other applicable privileges. Mattel further

4   objects to this Request on the grounds that it is duplicative of or subsumed within

5   other requests within this set of requests, duplicative of or subsumed within prior

6   Requests already responded to in this litigation, and seeks the re-production of

7   information and documents already produced in this action. Such information and

8   documents will not be re-produced. Subject to and without waiving the foregoing

9   general and specific objections, Mattel will produce responsive, non-privileged

10   documents in its possession, custody or control, which it has been able to locate

11   after a diligent search and reasonable inquiry, to the extent not previously produced.

12

13   REQUEST NO. 187:

14          All DOCUMENTS evidencing, mentioning, referring to, or relating to

15   BRYANT's involvement with, contract with, and work with or for MGA.

16

17   SUPPLEMENTAL RESPONSE TO REQUEST NO. 187:

18          In addition to the general objections stated above, which are

19   incorporated herein by reference, Mattel objects to this Request as overbroad and

20   unduly burdensome in that it seeks all documents in Mattel's possession, custody

21   and control created by anyone at any time that are related to this topic. Mattel

22   further objects to this Request on the grounds and to the extent that it requires

23   Mattel to engage in an unreasonable search, in violation of the Federal Rules.

24   Mattel further objects to this Request on the grounds that it seeks confidential,

25   proprietary and trade secret information that has no bearing on the claims or

26   defenses in this case. Mattel further objects to this Request on the grounds that it

27   calls for the disclosure of information subject to the attorney-client privilege, the

28   attorney work-product doctrine and other applicable privileges. Mattel further

1   objects to this Request on the grounds that it is duplicative of or subsumed within

2   other requests within this set of requests, duplicative of or subsumed within prior

3   Requests already responded to in this litigation, and seeks the re-production of

4   information and documents already produced in this action.  Such information and

5   documents will not be re-produced.  Subject to and without waiving the foregoing

6   general and specific objections, Mattel will produce responsive, non-privileged

7   documents in its possession, custody or control, which it has been able to locate

8   after a diligent search and reasonable inquiry, to the extent not previously produced.

9

10   REQUEST NO. 224:

11         All COMMUNICATIONS and all DOCUMENTS constituting,

12   mentioning, describing discussing, referring or relating to all COMMUNICATIONS

13   with Anna Rhee that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ

14   DOLLS or BRYANT's work for MGA.

15

16   SUPPLEMENTAL RESPONSE TO REQUEST NO. 224:

17         In addition to the general objections stated above, which are

18   incorporated herein by reference, Mattel objects to this Request as overbroad and

19   unduly burdensome in that it seeks all documents in Mattel's possession, custody

20   and control created by anyone at any time that are related to this topic.  Mattel

21   further objects to this Request on the grounds that the terms "BRATZ CONCEPT"

22   and "FIRST BRATZ DOLLS" are vague and ambiguous.  Mattel further objects to

23   this Request on the grounds and to the extent that it requires Mattel to engage in an

24   unreasonable search, in violation of the Federal Rules.  Mattel further objects to this

25   Request on the grounds that it seeks confidential, proprietary and trade secret

26   information that has no bearing on the claims or defenses in this case.  Mattel further

27   objects to this Request on the grounds that it calls for the disclosure of information

28   subject to the attorney-client privilege, the attorney work-product doctrine and other

1   applicable privileges.  Mattel further objects to this Request on the grounds that it is

2   duplicative of or subsumed within other requests within this set of requests,

3   duplicative of or subsumed within prior Requests already responded to in this

4   litigation, and seeks the re-production of information and documents already

5   produced in this action.  Such information and documents will not be re-produced.

6   Subject to and without waiving the foregoing general and specific objections, Mattel

7   will produce responsive, non-privileged communications with Anna Rhee in its

8   possession, custody or control, which it has been able to locate after a diligent

9   search and reasonable inquiry, to the extent not previously produced.

10

11   REQUEST NO. 225:

12          All COMMUNICATIONS and all DOCUMENTS constituting,

13   mentioning, describing discussing, referring or relating to all COMMUNICATIONS

14   with Anna Rhee that refer or relate to this litigation, the facts and circumstances

15   giving rise to this litigation, or BRYANT's alleged misconduct.

16

17   SUPPLEMENTAL RESPONSE TO REQUEST NO. 225:

18          In addition to the general objections stated above, which are

19   incorporated herein by reference, Mattel objects to this Request as overbroad and

20   unduly burdensome in that it seeks all documents in Mattel's possession, custody

21   and control created by anyone at any time that are related to this topic.  Mattel

22   further objects to this Request on the grounds and to the extent that it requires

23   Mattel to engage in an unreasonable search, in violation of the Federal Rules.

24   Mattel further objects to this Request on the grounds that it seeks confidential,

25   proprietary and trade secret information that has no bearing on the claims or

26   defenses in this case.  Mattel further objects to this Request on the grounds that it

27   calls for the disclosure of information subject to the attorney-client privilege, the

28   attorney work-product doctrine and other applicable privileges.  Mattel further

1 objects to this Request on the grounds that it is duplicative of or subsumed within

2 other requests within this set of requests, duplicative of or subsumed within prior

3 Requests already responded to in this litigation, and seeks the re-production of

4 information and documents already produced in this action. Such information and

5 documents will not be re-produced. Subject to and without waiving the foregoing

6 general and specific objections, Mattel will produce responsive, non-privileged

7 communications with Anna Rhee in its possession, custody or control, which it has

8 been able to locate after a diligent search and reasonable inquiry, to the extent not

9 previously produced.

10

11 REQUEST NO. 226:

12         All COMMUNICATIONS and all DOCUMENTS constituting,

13 mentioning, describing discussing, referring or relating to all COMMUNICATIONS

14 with Margaret Leahy that refer or relate to the BRATZ CONCEPT, the FIRST

15 BRATZ DOLLS or BRYANT's work for MGA.

16

17 SUPPLEMENTAL RESPONSE TO REQUEST NO. 226:

18         In addition to the general objections stated above, which are

19 incorporated herein by reference, Mattel objects to this Request as overbroad and

20 unduly burdensome in that it seeks all documents in Mattel's possession, custody

21 and control created by anyone at any time that are related to this topic. Mattel

22 further objects to this Request on the grounds that the terms "BRATZ CONCEPT"

23 and "FIRST BRATZ DOLLS" are vague and ambiguous. Mattel further objects to

24 this Request on the grounds and to the extent that it requires Mattel to engage in an

25 unreasonable search, in violation of the Federal Rules. Mattel further objects to this

26 Request on the grounds that it seeks confidential, proprietary and trade secret

27 information that has no bearing on the claims or defenses in this case. Mattel further

28 objects to this Request on the grounds that it calls for the disclosure of information

1 | subject to the attorney-client privilege, the attorney work-product doctrine and other
2 | applicable privileges. Mattel further objects to this Request on the grounds that it is
3 | duplicative of or subsumed within other requests within this set of requests,
4 | duplicative of or subsumed within prior Requests already responded to in this
5 | litigation, and seeks the re-production of information and documents already
6 | produced in this action. Such information and documents will not be re-produced.
7 | Subject to and without waiving the foregoing general and specific objections, Mattel
8 | will produce responsive, non-privileged communications with Margaret Leahy in its
9 | possession, custody or control, which it has been able to locate after a diligent
10 | search and reasonable inquiry, to the extent not previously produced.

11 |

12 | REQUEST NO. 227:
13 |       All COMMUNICATIONS, and all DOCUMENTS constituting,
14 | mentioning, describing discussing, referring or relating to all COMMUNICATIONS
15 | with Margaret Leahy that refer or relate to this litigation, the facts and circumstances
16 | giving rise to this litigation, or BRYANT's alleged misconduct.

17 |

18 | SUPPLEMENTAL RESPONSE TO REQUEST NO. 227:
19 |       In addition to the general objections stated above, which are
20 | incorporated herein by reference, Mattel objects to this Request as overbroad and
21 | unduly burdensome in that it seeks all documents in Mattel's possession, custody
22 | and control created by anyone at any time that are related to this topic. Mattel
23 | further objects to this Request on the grounds and to the extent that it requires
24 | Mattel to engage in an unreasonable search, in violation of the Federal Rules.
25 | Mattel further objects to this Request on the grounds that it seeks confidential,
26 | proprietary and trade secret information that has no bearing on the claims or
27 | defenses in this case. Mattel further objects to this Request on the grounds that it
28 | calls for the disclosure of information subject to the attorney-client privilege, the

1  attorney work-product doctrine and other applicable privileges. Mattel further

2  objects to this Request on the grounds that it is duplicative of or subsumed within

3  other requests within this set of requests, duplicative of or subsumed within prior

4  Requests already responded to in this litigation, and seeks the re-production of

5  information and documents already produced in this action. Such information and

6  documents will not be re-produced. Subject to and without waiving the foregoing

7  general and specific objections, Mattel will produce responsive, non-privileged

8  communications with Margaret Leahy in its possession, custody or control, which it

9  has been able to locate after a diligent search and reasonable inquiry, to the extent

10  not previously produced.

11

12  REQUEST NO. 228:

13          All COMMUNICATIONS and all DOCUMENTS constituting,

14  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

15  with Margaret Leahy's husband that refer or relate to the BRATZ CONCEPT, the

16  FIRST BRATZ DOLLS or BRYANT's work for MGA.

17

18  SUPPLEMENTAL RESPONSE TO REQUEST NO. 228:

19          In addition to the general objections stated above, which are

20  incorporated herein by reference, Mattel objects to this Request as overbroad and

21  unduly burdensome in that it seeks all documents in Mattel's possession, custody

22  and control created by anyone at any time that are related to this topic. Mattel

23  further objects to this Request on the grounds that the terms "BRATZ CONCEPT"

24  and "FIRST BRATZ DOLLS" are vague and ambiguous. Mattel further objects to

25  this Request on the grounds and to the extent that it requires Mattel to engage in an

26  unreasonable search, in violation of the Federal Rules. Mattel further objects to this

27  Request on the grounds that it seeks confidential, proprietary and trade secret

28  information that has no bearing on the claims or defenses in this case. Mattel further

1  objects to this Request on the grounds that it calls for the disclosure of information

2  subject to the attorney-client privilege, the attorney work-product doctrine and other

3  applicable privileges.  Mattel further objects to this Request on the grounds that it is

4  duplicative of or subsumed within other requests within this set of requests,

5  duplicative of or subsumed within prior Requests already responded to in this

6  litigation, and seeks the re-production of information and documents already

7  produced in this action.  Such information and documents will not be re-produced.

8  Subject to and without waiving the foregoing general and specific objections, Mattel

9  will produce responsive, non-privileged communications with Margaret Leahy's

10  husband in its possession, custody or control, which it has been able to locate after a

11  diligent search and reasonable inquiry, to the extent not previously produced.

12

13  REQUEST NO. 229:

14          All COMMUNICATIONS and all DOCUMENTS constituting,

15  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

16  with Margaret Leahy's husband that refer or relate to this litigation, the facts and

17  circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

18

19  SUPPLEMENTAL RESPONSE TO REQUEST NO. 229:

20          In addition to the general objections stated above, which are

21  incorporated herein by reference, Mattel objects to this Request as overbroad and

22  unduly burdensome in that it seeks all documents in Mattel's possession, custody

23  and control created by anyone at any time that are related to this topic.  Mattel

24  further objects to this Request on the grounds and to the extent that it requires

25  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

26  Mattel further objects to this Request on the grounds that it seeks confidential,

27  proprietary and trade secret information that has no bearing on the claims or

28  defenses in this case.  Mattel further objects to this Request on the grounds that it

1  calls for the disclosure of information subject to the attorney-client privilege, the

2  attorney work-product doctrine and other applicable privileges.  Mattel further

3  objects to this Request on the grounds that it is duplicative of or subsumed within

4  other requests within this set of requests, duplicative of or subsumed within prior

5  Requests already responded to in this litigation, and seeks the re-production of

6  information and documents already produced in this action.  Such information and

7  documents will not be re-produced.  Subject to and without waiving the foregoing

8  general and specific objections, Mattel will produce responsive, non-privileged

9  communications with Margaret Leahy's husband in its possession, custody or

10  control, which it has been able to locate after a diligent search and reasonable

11  inquiry, to the extent not previously produced.

12

13  REQUEST NO. 230:

14          All COMMUNICATIONS and all DOCUMENTS constituting,

15  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

16  with Victoria O'Connor that refer or relate to the BRATZ CONCEPT, the FIRST

17  BRATZ DOLLS or BRYANT's work for MGA.

18

19  SUPPLEMENTAL RESPONSE TO REQUEST NO. 230:

20          In addition to the general objections stated above, which are

21  incorporated herein by reference, Mattel objects to this Request as overbroad and

22  unduly burdensome in that it seeks all documents in Mattel's possession, custody

23  and control created by anyone at any time that are related to this topic.  Mattel

24  further objects to this Request on the grounds that the terms "BRATZ CONCEPT"

25  and "FIRST BRATZ DOLLS" are vague and ambiguous.  Mattel further objects to

26  this Request on the grounds and to the extent that it requires Mattel to engage in an

27  unreasonable search, in violation of the Federal Rules.  Mattel further objects to this

28  Request on the grounds that it seeks confidential, proprietary and trade secret

1   information that has no bearing on the claims or defenses in this case.  Mattel further

2   objects to this Request on the grounds that it calls for the disclosure of information

3   subject to the attorney-client privilege, the attorney work-product doctrine and other

4   applicable privileges.  Mattel further objects to this Request on the grounds that it is

5   duplicative of or subsumed within other requests within this set of requests,

6   duplicative of or subsumed within prior Requests already responded to in this

7   litigation, and seeks the re-production of information and documents already

8   produced in this action.  Such information and documents will not be re-produced.

9   Subject to and without waiving the foregoing general and specific objections, Mattel

10  will produce responsive, non-privileged communications with Victoria O'Connor in

11  its possession, custody or control, which it has been able to locate after a diligent

12  search and reasonable inquiry, to the extent not previously produced.

13

14  REQUEST NO. 231:

15          All COMMUNICATIONS, and all DOCUMENTS constituting,

16  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

17  with Victoria O'Connor that refer or relate to this litigation, the facts and

18  circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

19

20  SUPPLEMENTAL RESPONSE TO REQUEST NO. 231:

21          In addition to the general objections stated above, which are

22  incorporated herein by reference, Mattel objects to this Request as overbroad and

23  unduly burdensome in that it seeks all documents in Mattel's possession, custody

24  and control created by anyone at any time that are related to this topic.  Mattel

25  further objects to this Request on the grounds and to the extent that it requires

26  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

27  Mattel further objects to this Request on the grounds that it seeks confidential,

28  proprietary and trade secret information that has no bearing on the claims or

1   defenses in this case.  Mattel further objects to this Request on the grounds that it

2   calls for the disclosure of information subject to the attorney-client privilege, the

3   attorney work-product doctrine and other applicable privileges.  Mattel further

4   objects to this Request on the grounds that it is duplicative of or subsumed within

5   other requests within this set of requests, duplicative of or subsumed within prior

6   Requests already responded to in this litigation, and seeks the re-production of

7   information and documents already produced in this action.  Such information and

8   documents will not be re-produced.  Subject to and without waiving the foregoing

9   general and specific objections, Mattel will produce responsive, non-privileged

10  communications with Victoria O'Connor in its possession, custody or control, which

11  it has been able to locate after a diligent search and reasonable inquiry, to the extent

12  not previously produced.

13

14  REQUEST NO. 232:

15          All COMMUNICATIONS and all DOCUMENTS constituting,

16  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

17  with Ramona Prince that refer or relate to the BRATZ CONCEPT, the FIRST

18  BRATZ DOLLS or BRYANT's work for MGA.

19

20  SUPPLEMENTAL RESPONSE TO REQUEST NO. 232:

21          In addition to the general objections stated above, which are

22  incorporated herein by reference, Mattel objects to this Request as overbroad and

23  unduly burdensome in that it seeks all documents in Mattel's possession, custody

24  and control created by anyone at any time that are related to this topic.  Mattel

25  further objects to this Request on the grounds that the terms "BRATZ CONCEPT"

26  and "FIRST BRATZ DOLLS" are vague and ambiguous.  Mattel further objects to

27  this Request on the grounds and to the extent that it requires Mattel to engage in an

28  unreasonable search, in violation of the Federal Rules.  Mattel further objects to this

1  Request on the grounds that it seeks confidential, proprietary and trade secret
2  information that has no bearing on the claims or defenses in this case.  Mattel further
3  objects to this Request on the grounds that it calls for the disclosure of information
4  subject to the attorney-client privilege, the attorney work-product doctrine and other
5  applicable privileges.  Mattel further objects to this Request on the grounds that it is
6  duplicative of or subsumed within other requests within this set of requests,
7  duplicative of or subsumed within prior Requests already responded to in this
8  litigation, and seeks the re-production of information and documents already
9  produced in this action.  Such information and documents will not be re-produced.
10 Subject to and without waiving the foregoing general and specific objections, Mattel
11 will produce responsive, non-privileged communications with Ramona Prince in its
12 possession, custody or control, which it has been able to locate after a diligent
13 search and reasonable inquiry, to the extent not previously produced.

14

15 REQUEST NO. 233:
16         All COMMUNICATIONS and all DOCUMENTS constituting,
17 mentioning, describing discussing, referring or relating to all COMMUNICATIONS
18 with Ramona Prince that refer or relate to this litigation, the facts and circumstances
19 giving rise to this litigation, or BRYANT's alleged misconduct.

20

21 SUPPLEMENTAL RESPONSE TO REQUEST NO. 233:
22         In addition to the general objections stated above, which are
23 incorporated herein by reference, Mattel objects to this Request as overbroad and
24 unduly burdensome in that it seeks all documents in Mattel's possession, custody
25 and control created by anyone at any time that are related to this topic.  Mattel
26 further objects to this Request on the grounds and to the extent that it requires
27 Mattel to engage in an unreasonable search, in violation of the Federal Rules.
28 Mattel further objects to this Request on the grounds that it seeks confidential,

-33-

1  proprietary and trade secret information that has no bearing on the claims or

2  defenses in this case.  Mattel further objects to this Request on the grounds that it

3  calls for the disclosure of information subject to the attorney-client privilege, the

4  attorney work-product doctrine and other applicable privileges.  Mattel further

5  objects to this Request on the grounds that it is duplicative of or subsumed within

6  other requests within this set of requests, duplicative of or subsumed within prior

7  Requests already responded to in this litigation, and seeks the re-production of

8  information and documents already produced in this action.  Such information and

9  documents will not be re-produced.  Subject to and without waiving the foregoing

10  general and specific objections, Mattel will produce responsive, non-privileged

11  communications with Ramona Prince in its possession, custody or control, which it

12  has been able to locate after a diligent search and reasonable inquiry, to the extent

13  not previously produced.

14

15  REQUEST NO. 234:

16      All COMMUNICATIONS and all DOCUMENTS constituting,

17  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

18  with Lilly [sic] Martinez that refer or relate to the BRATZ CONCEPT, the FIRST

19  BRATZ DOLLS or BRYANT's work for MGA.

20

21  SUPPLEMENTAL RESPONSE TO REQUEST NO. 234

22      In addition to the general objections stated above, which are

23  incorporated herein by reference, Mattel objects to this Request as overbroad and

24  unduly burdensome in that it seeks all documents in Mattel's possession, custody

25  and control created by anyone at any time that are related to this topic.  Mattel

26  further objects to this Request on the grounds that the terms "BRATZ CONCEPT"

27  and "FIRST BRATZ DOLLS" are vague and ambiguous.  Mattel further objects to

28  this Request on the grounds and to the extent that it requires Mattel to engage in an

07975/2195636.1

MATTEL'S CORRECTED SECOND SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 45 - Page 2164

1   unreasonable search, in violation of the Federal Rules.  Mattel further objects to this

2   Request on the grounds that it seeks confidential, proprietary and trade secret

3   information that has no bearing on the claims or defenses in this case.  Mattel further

4   objects to this Request on the grounds that it calls for the disclosure of information

5   subject to the attorney-client privilege, the attorney work-product doctrine and other

6   applicable privileges.  Mattel further objects to this Request on the grounds that it is

7   duplicative of or subsumed within other requests within this set of requests,

8   duplicative of or subsumed within prior Requests already responded to in this

9   litigation, and seeks the re-production of information and documents already

10  produced in this action.  Such information and documents will not be re-produced.

11  Subject to and without waiving the foregoing general and specific objections, Mattel

12  will produce responsive, non-privileged communications with Lily Martinez in its

13  possession, custody or control, which it has been able to locate after a diligent

14  search and reasonable inquiry, to the extent not previously produced.

15

16  REQUEST NO. 235:

17          All COMMUNICATIONS and all DOCUMENTS constituting,

18  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

19  with Lilly [sic] Martinez that refer or relate to this litigation, the facts and

20  circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

21

22  SUPPLEMENTAL RESPONSE TO REQUEST NO. 235:

23          In addition to the general objections stated above, which are

24  incorporated herein by reference, Mattel objects to this Request as overbroad and

25  unduly burdensome in that it seeks all documents in Mattel's possession, custody

26  and control created by anyone at any time that are related to this topic.  Mattel

27  further objects to this Request on the grounds and to the extent that it requires

28  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

17975/2195636.1

1  Mattel further objects to this Request on the grounds that it seeks confidential,

2  proprietary and trade secret information that has no bearing on the claims or

3  defenses in this case. Mattel further objects to this Request on the grounds that it

4  calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges. Mattel further

6  objects to this Request on the grounds that it is duplicative of or subsumed within

7  other requests within this set of requests, duplicative of or subsumed within prior

8  Requests already responded to in this litigation, and seeks the re-production of

9  information and documents already produced in this action. Such information and

10  documents will not be re-produced. Subject to and without waiving the foregoing

11  general and specific objections, Mattel will produce responsive, non-privileged

12  communications with Lily Martinez in its possession, custody or control, which it

13  has been able to locate after a diligent search and reasonable inquiry, to the extent

14  not previously produced.

15

16  REQUEST NO. 236:

17        All COMMUNICATIONS and all DOCUMENTS constituting,

18  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

19  with Ron Longsdorff [sic] that refer or relate to the BRATZ CONCEPT, the FIRST

20  BRATZ DOLLS or BRYANT's work for MGA.

21

22  SUPPLEMENTAL RESPONSE TO REQUEST NO. 236:

23        In addition to the general objections stated above, which are

24  incorporated herein by reference, Mattel objects to this Request as overbroad and

25  unduly burdensome in that it seeks all documents in Mattel's possession, custody

26  and control created by anyone at any time that are related to this topic. Mattel

27  further objects to this Request on the grounds that the terms "BRATZ CONCEPT"

28  and "FIRST BRATZ DOLLS" are vague and ambiguous. Mattel further objects to

17975/2195636.1

-36-

1  this Request on the grounds and to the extent that it requires Mattel to engage in an

2  unreasonable search, in violation of the Federal Rules. Mattel further objects to this

3  Request on the grounds that it seeks confidential, proprietary and trade secret

4  information that has no bearing on the claims or defenses in this case. Mattel further

5  objects to this Request on the grounds that it calls for the disclosure of information

6  subject to the attorney-client privilege, the attorney work-product doctrine and other

7  applicable privileges. Mattel further objects to this Request on the grounds that it is

8  duplicative of or subsumed within other requests within this set of requests,

9  duplicative of or subsumed within prior Requests already responded to in this

10  litigation, and seeks the re-production of information and documents already

11  produced in this action. Such information and documents will not be re-produced.

12  Subject to and without waiving the foregoing general and specific objections, Mattel

13  will produce responsive, non-privileged communications with Ron Longsdorf in its

14  possession, custody or control, which it has been able to locate after a diligent

15  search and reasonable inquiry, to the extent not previously produced.

16

17  REQUEST NO. 237:

18        All COMMUNICATIONS and all DOCUMENTS constituting,

19  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

20  with Ron Longsdorff [sic] that refer or relate to this litigation, the facts and

21  circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

22

23  SUPPLEMENTAL RESPONSE TO REQUEST NO. 237:

24        In addition to the general objections stated above, which are

25  incorporated herein by reference, Mattel objects to this Request as overbroad and

26  unduly burdensome in that it seeks all documents in Mattel's possession, custody

27  and control created by anyone at any time that are related to this topic. Mattel

28  further objects to this Request on the grounds and to the extent that it requires

1  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

2  Mattel further objects to this Request on the grounds that it seeks confidential,

3  proprietary and trade secret information that has no bearing on the claims or

4  defenses in this case.  Mattel further objects to this Request on the grounds that it

5  calls for the disclosure of information subject to the attorney-client privilege, the

6  attorney work-product doctrine and other applicable privileges.  Mattel further

7  objects to this Request on the grounds that it is duplicative of or subsumed within

8  other requests within this set of requests, duplicative of or subsumed within prior

9  Requests already responded to in this litigation, and seeks the re-production of

10  information and documents already produced in this action.  Such information and

11  documents will not be re-produced.  Subject to and without waiving the foregoing

12  general and specific objections, Mattel will produce responsive, non-privileged

13  communications with Ron Longsdorf in its possession, custody or control, which it

14  has been able to locate after a diligent search and reasonable inquiry, to the extent

15  not previously produced.

16

17  REQUEST NO. 238:

18           All COMMUNICATIONS and all DOCUMENTS constituting,

19  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

20  with Matt Bousquette that refer or relate to the BRATZ CONCEPT, the FIRST

21  BRATZ DOLLS or BRYANT's work for MGA.

22

23  SUPPLEMENTAL RESPONSE TO REQUEST NO. 238:

24           In addition to the general objections stated above, which are

25  incorporated herein by reference, Mattel objects to this Request as overbroad and

26  unduly burdensome in that it seeks all documents in Mattel's possession, custody

27  and control created by anyone at any time that are related to this topic.  Mattel

28  further objects to this Request on the grounds that the terms "BRATZ CONCEPT"

1 and "FIRST BRATZ DOLLS" are vague and ambiguous. Mattel further objects to
2 this Request on the grounds and to the extent that it requires Mattel to engage in an
3 unreasonable search, in violation of the Federal Rules. Mattel further objects to this
4 Request on the grounds that it seeks confidential, proprietary and trade secret
5 information that has no bearing on the claims or defenses in this case. Mattel further
6 objects to this Request on the grounds that it calls for the disclosure of information
7 subject to the attorney-client privilege, the attorney work-product doctrine and other
8 applicable privileges. Mattel further objects to this Request on the grounds that it is
9 duplicative of or subsumed within other requests within this set of requests,
10 duplicative of or subsumed within prior Requests already responded to in this
11 litigation, and seeks the re-production of information and documents already
12 produced in this action. Such information and documents will not be re-produced.
13 Subject to and without waiving the foregoing general and specific objections, Mattel
14 will produce responsive, non-privileged communications with Matt Bousquette in its
15 possession, custody or control, which it has been able to locate after a diligent
16 search and reasonable inquiry, to the extent not previously produced.
17
18 REQUEST NO. 239:
19        All COMMUNICATIONS and all DOCUMENTS constituting,
20 mentioning, describing discussing, referring or relating to all COMMUNICATIONS
21 with Matt Bousquette that refer or relate to this litigation, the facts and
22 circumstances giving rise to this litigation, or BRYANT's alleged misconduct.
23
24 SUPPLEMENTAL RESPONSE TO REQUEST NO. 239:
25        In addition to the general objections stated above, which are
26 incorporated herein by reference, Mattel objects to this Request as overbroad and
27 unduly burdensome in that it seeks all documents in Mattel's possession, custody
28 and control created by anyone at any time that are related to this topic. Mattel

1  further objects to this Request on the grounds and to the extent that it requires

2  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

3  Mattel further objects to this Request on the grounds that it seeks confidential,

4  proprietary and trade secret information that has no bearing on the claims or

5  defenses in this case. Mattel further objects to this Request on the grounds that it

6  calls for the disclosure of information subject to the attorney-client privilege, the

7  attorney work-product doctrine and other applicable privileges. Mattel further

8  objects to this Request on the grounds that it is duplicative of or subsumed within

9  other requests within this set of requests, duplicative of or subsumed within prior

10  Requests already responded to in this litigation, and seeks the re-production of

11  information and documents already produced in this action. Such information and

12  documents will not be re-produced. Subject to and without waiving the foregoing

13  general and specific objections, Mattel will produce responsive, non-privileged

14  communications with Matt Bousquette in its possession, custody or control, which it

15  has been able to locate after a diligent search and reasonable inquiry, to the extent

16  not previously produced.

17

18  REQUEST NO. 240:

19          All COMMUNICATIONS and all DOCUMENTS constituting,

20  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

21  with Adrienne Fontanella that refer or relate to the BRATZ CONCEPT, the FIRST

22  BRATZ DOLLS or BRYANT's work for MGA.

23

24  SUPPLEMENTAL RESPONSE TO REQUEST NO. 249:

25          In addition to the general objections stated above, which are

26  incorporated herein by reference, Mattel objects to this Request as overbroad and

27  unduly burdensome in that it seeks all documents in Mattel's possession, custody

28  and control created by anyone at any time that are related to this topic. Mattel

1   further objects to this Request on the grounds that the terms "BRATZ CONCEPT"

2   and "FIRST BRATZ DOLLS" are vague and ambiguous.  Mattel further objects to

3   this Request on the grounds and to the extent that it requires Mattel to engage in an

4   unreasonable search, in violation of the Federal Rules.  Mattel further objects to this

5   Request on the grounds that it seeks confidential, proprietary and trade secret

6   information that has no bearing on the claims or defenses in this case.  Mattel further

7   objects to this Request on the grounds that it calls for the disclosure of information

8   subject to the attorney-client privilege, the attorney work-product doctrine and other

9   applicable privileges.  Mattel further objects to this Request on the grounds that it is

10  duplicative of or subsumed within other requests within this set of requests,

11  duplicative of or subsumed within prior Requests already responded to in this

12  litigation, and seeks the re-production of information and documents already

13  produced in this action.  Such information and documents will not be re-produced.

14  Subject to and without waiving the foregoing general and specific objections, Mattel

15  will produce responsive, non-privileged communications with Adrienne Fontanella

16  in its possession, custody or control, which it has been able to locate after a diligent

17  search and reasonable inquiry, to the extent not previously produced.

18

19  REQUEST NO. 241:

20          All COMMUNICATIONS and all DOCUMENTS constituting,

21  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

22  with Adrienne Fontanella that refer or relate to this litigation, the facts and

23  circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

24

25  SUPPLEMENTAL RESPONSE TO REQUEST NO. 241:

26          In addition to the general objections stated above, which are

27  incorporated herein by reference, Mattel objects to this Request as overbroad and

28  unduly burdensome in that it seeks all documents in Mattel's possession, custody

1   and control created by anyone at any time that are related to this topic.  Mattel

2   further objects to this Request on the grounds and to the extent that it requires

3   Mattel to engage in an unreasonable search, in violation of the Federal Rules.

4   Mattel further objects to this Request on the grounds that it seeks confidential,

5   proprietary and trade secret information that has no bearing on the claims or

6   defenses in this case.  Mattel further objects to this Request on the grounds that it

7   calls for the disclosure of information subject to the attorney-client privilege, the

8   attorney work-product doctrine and other applicable privileges.  Mattel further

9   objects to this Request on the grounds that it is duplicative of or subsumed within

10  other requests within this set of requests, duplicative of or subsumed within prior

11  Requests already responded to in this litigation, and seeks the re-production of

12  information and documents already produced in this action.  Such information and

13  documents will not be re-produced.  Subject to and without waiving the foregoing

14  general and specific objections, Mattel will produce responsive, non-privileged

15  communications with Adrienne Fontanella in its possession, custody or control,

16  which it has been able to locate after a diligent search and reasonable inquiry, to the

17  extent not previously produced.

18

19  REQUEST NO. 242:

20          All COMMUNICATIONS and all DOCUMENTS constituting,

21  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

22  with Tim Kilpin that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ

23  DOLLS or BRYANT's work for MGA.

24

25  SUPPLEMENTAL RESPONSE TO REQUEST NO. 242:

26          In addition to the general objections stated above, which are

27  incorporated herein by reference, Mattel objects to this Request as overbroad and

28  unduly burdensome in that it seeks all documents in Mattel's possession, custody

1  and control created by anyone at any time that are related to this topic.  Mattel

2  further objects to this Request on the grounds that the terms "BRATZ CONCEPT"

3  and "FIRST BRATZ DOLLS" are vague and ambiguous.  Mattel further objects to

4  this Request on the grounds and to the extent that it requires Mattel to engage in an

5  unreasonable search, in violation of the Federal Rules.  Mattel further objects to this

6  Request on the grounds that it seeks confidential, proprietary and trade secret

7  information that has no bearing on the claims or defenses in this case.  Mattel further

8  objects to this Request on the grounds that it calls for the disclosure of information

9  subject to the attorney-client privilege, the attorney work-product doctrine and other

10  applicable privileges.  Mattel further objects to this Request on the grounds that it is

11  duplicative of or subsumed within other requests within this set of requests,

12  duplicative of or subsumed within prior Requests already responded to in this

13  litigation, and seeks the re-production of information and documents already

14  produced in this action.  Such information and documents will not be re-produced.

15  Subject to and without waiving the foregoing general and specific objections, Mattel

16  will produce responsive, non-privileged communications with Tim Kilpin in its

17  possession, custody or control, which it has been able to locate after a diligent

18  search and reasonable inquiry, to the extent not previously produced.

19

20  REQUEST NO. 243:

21          All COMMUNICATIONS and all DOCUMENTS constituting,

22  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

23  with Tim Kilpin that refer or relate to this litigation, the facts and circumstances

24  giving rise to this litigation, or BRYANT's alleged misconduct.

25

26  SUPPLEMENTAL RESPONSE TO REQUEST NO. 243:

27          In addition to the general objections stated above, which are

28  incorporated herein by reference, Mattel objects to this Request as overbroad and

1  unduly burdensome in that it seeks all documents in Mattel's possession, custody
2  and control created by anyone at any time that are related to this topic.  Mattel
3  further objects to this Request on the grounds and to the extent that it requires
4  Mattel to engage in an unreasonable search, in violation of the Federal Rules.
5  Mattel further objects to this Request on the grounds that it seeks confidential,
6  proprietary and trade secret information that has no bearing on the claims or
7  defenses in this case.  Mattel further objects to this Request on the grounds that it
8  calls for the disclosure of information subject to the attorney-client privilege, the
9  attorney work-product doctrine and other applicable privileges.  Mattel further
10  objects to this Request on the grounds that it is duplicative of or subsumed within
11  other requests within this set of requests, duplicative of or subsumed within prior
12  Requests already responded to in this litigation, and seeks the re-production of
13  information and documents already produced in this action.  Such information and
14  documents will not be re-produced.  Subject to and without waiving the foregoing
15  general and specific objections, Mattel will produce responsive, non-privileged
16  communications with Tim Kilpin in its possession, custody or control, which it has
17  been able to locate after a diligent search and reasonable inquiry, to the extent not
18  previously produced.
19
20  REQUEST NO. 244:
21          All COMMUNICATIONS and all DOCUMENTS constituting,
22  mentioning, describing discussing, referring or relating to all COMMUNICATIONS
23  with Sujata Luther that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ
24  DOLLS or BRYANT's work for MGA.
25
26  SUPPLEMENTAL RESPONSE TO REQUEST NO. 244:
27          In addition to the general objections stated above, which are
28  incorporated herein by reference, Mattel objects to this Request as overbroad and

1  unduly burdensome in that it seeks all documents in Mattel's possession, custody

2  and control created by anyone at any time that are related to this topic.  Mattel

3  further objects to this Request on the grounds that the terms "BRATZ CONCEPT"

4  and "FIRST BRATZ DOLLS" are vague and ambiguous.  Mattel further objects to

5  this Request on the grounds and to the extent that it requires Mattel to engage in an

6  unreasonable search, in violation of the Federal Rules.  Mattel further objects to this

7  Request on the grounds that it seeks confidential, proprietary and trade secret

8  information that has no bearing on the claims or defenses in this case.  Mattel further

9  objects to this Request on the grounds that it calls for the disclosure of information

10  subject to the attorney-client privilege, the attorney work-product doctrine and other

11  applicable privileges.  Mattel further objects to this Request on the grounds that it is

12  duplicative of or subsumed within other requests within this set of requests,

13  duplicative of or subsumed within prior Requests already responded to in this

14  litigation, and seeks the re-production of information and documents already

15  produced in this action.  Such information and documents will not be re-produced.

16  Subject to and without waiving the foregoing general and specific objections, Mattel

17  will produce responsive, non-privileged communications with Sujata Luther in its

18  possession, custody or control, which it has been able to locate after a diligent

19  search and reasonable inquiry, to the extent not previously produced.

20

21  REQUEST NO. 245:

22        All COMMUNICATIONS and all DOCUMENTS constituting,

23  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

24  with Sujata Luther that refer or relate to this litigation, the facts and circumstances

25  giving rise to this litigation, or BRYANT's alleged misconduct.

26

27

28

07975/2195636.1

-45-

1  SUPPLEMENTAL RESPONSE TO REQUEST NO. 245:

2          In addition to the general objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request as overbroad and

4  unduly burdensome in that it seeks all documents in Mattel's possession, custody

5  and control created by anyone at any time that are related to this topic.  Mattel

6  further objects to this Request on the grounds and to the extent that it requires

7  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

8  Mattel further objects to this Request on the grounds that it seeks confidential,

9  proprietary and trade secret information that has no bearing on the claims or

10  defenses in this case.  Mattel further objects to this Request on the grounds that it

11  calls for the disclosure of information subject to the attorney-client privilege, the

12  attorney work-product doctrine and other applicable privileges.  Mattel further

13  objects to this Request on the grounds that it is duplicative of or subsumed within

14  other requests within this set of requests, duplicative of or subsumed within prior

15  Requests already responded to in this litigation, and seeks the re-production of

16  information and documents already produced in this action.  Such information and

17  documents will not be re-produced.  Subject to and without waiving the foregoing

18  general and specific objections, Mattel will produce responsive, non-privileged

19  communications with Sujata Luther in its possession, custody or control, which it

20  has been able to locate after a diligent search and reasonable inquiry, to the extent

21  not previously produced.

22

23  REQUEST NO. 246:

24          All COMMUNICATIONS and all DOCUMENTS constituting,

25  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

26  with Alan Kaye that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ

27  DOLLS or BRYANT's work for MGA.

28

1 | <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 246:</u>

2 | In addition to the general objections stated above, which are

3 | incorporated herein by reference, Mattel objects to this Request as overbroad and

4 | unduly burdensome in that it seeks all documents in Mattel's possession, custody

5 | and control created by anyone at any time that are related to this topic. Mattel

6 | further objects to this Request on the grounds that the terms "BRATZ CONCEPT"

7 | and "FIRST BRATZ DOLLS" are vague and ambiguous. Mattel further objects to

8 | this Request on the grounds and to the extent that it requires Mattel to engage in an

9 | unreasonable search, in violation of the Federal Rules. Mattel further objects to this

10 | Request on the grounds that it seeks confidential, proprietary and trade secret

11 | information that has no bearing on the claims or defenses in this case. Mattel further

12 | objects to this Request on the grounds that it calls for the disclosure of information

13 | subject to the attorney-client privilege, the attorney work-product doctrine and other

14 | applicable privileges. Mattel further objects to this Request on the grounds that it is

15 | duplicative of or subsumed within other requests within this set of requests,

16 | duplicative of or subsumed within prior Requests already responded to in this

17 | litigation, and seeks the re-production of information and documents already

18 | produced in this action. Such information and documents will not be re-produced.

19 | Subject to and without waiving the foregoing general and specific objections, Mattel

20 | will produce responsive, non-privileged communications with Alan Kaye in its

21 | possession, custody or control, which it has been able to locate after a diligent

22 | search and reasonable inquiry, to the extent not previously produced.

23 |

24 | <u>REQUEST NO. 247:</u>

25 | All COMMUNICATIONS and all DOCUMENTS constituting,

26 | mentioning, describing discussing, referring or relating to all COMMUNICATIONS

27 | with Alan Kaye that refer or relate to this litigation, the facts and circumstances

28 | giving rise to this litigation, or BRYANT's alleged misconduct.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 247:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody and control created by anyone at any time that are related to this topic. Mattel further objects to this Request on the grounds and to the extent that it requires Mattel to engage in an unreasonable search, in violation of the Federal Rules. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Subject to and without waiving the foregoing general and specific objections, Mattel will produce responsive, non-privileged communications with Alan Kaye in its possession, custody or control, which it has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

REQUEST NO. 248:

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Veronica Marlowe that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

1   SUPPLEMENTAL RESPONSE TO REQUEST NO. 248:

2            In addition to the general objections stated above, which are

3   incorporated herein by reference, Mattel objects to this Request as overbroad and

4   unduly burdensome in that it seeks all documents in Mattel's possession, custody

5   and control created by anyone at any time that are related to this topic.  Mattel

6   further objects to this Request on the grounds that the terms "BRATZ CONCEPT"

7   and "FIRST BRATZ DOLLS" are vague and ambiguous.  Mattel further objects to

8   this Request on the grounds and to the extent that it requires Mattel to engage in an

9   unreasonable search, in violation of the Federal Rules.  Mattel further objects to this

10  Request on the grounds that it seeks confidential, proprietary and trade secret

11  information that has no bearing on the claims or defenses in this case.  Mattel further

12  objects to this Request on the grounds that it calls for the disclosure of information

13  subject to the attorney-client privilege, the attorney work-product doctrine and other

14  applicable privileges.  Mattel further objects to this Request on the grounds that it is

15  duplicative of or subsumed within other requests within this set of requests,

16  duplicative of or subsumed within prior Requests already responded to in this

17  litigation, and seeks the re-production of information and documents already

18  produced in this action.  Such information and documents will not be re-produced.

19  Subject to and without waiving the foregoing general and specific objections, Mattel

20  will produce responsive, non-privileged communications with Veronica Marlowe in

21  its possession, custody or control, which it has been able to locate after a diligent

22  search and reasonable inquiry, to the extent not previously produced.

23

24  REQUEST NO. 249:

25            All COMMUNICATIONS and all DOCUMENTS constituting,

26  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

27  with Veronica Marlowe that refer or relate to this litigation, the facts and

28  circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 249:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody and control created by anyone at any time that are related to this topic. Mattel further objects to this Request on the grounds and to the extent that it requires Mattel to engage in an unreasonable search, in violation of the Federal Rules. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Subject to and without waiving the foregoing general and specific objections, Mattel will produce responsive, non-privileged communications with Veronica Marlowe in its possession, custody or control, which it has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

REQUEST NO. 258:

All DOCUMENTS relating to Bryant's employment including, without limitation, DOCUMENTS reflecting the period and conditions of the employment, the terms of the employment, and his job duties and responsibilities.

1  <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 258:</u>

2         In addition to the general objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request as overbroad and

4  unduly burdensome in that it seeks all documents in Mattel's possession, custody

5  and control created by anyone at any time that are related to this topic.  Mattel

6  further objects to this Request on the grounds that the terms "relating to Bryant's

7  employment" are vague and ambiguous in this context.  Mattel further objects to this

8  Request on the grounds and to the extent that it requires Mattel to engage in an

9  unreasonable search, in violation of the Federal Rules.  Mattel further objects to this

10  Request on the grounds that it seeks confidential, proprietary and trade secret

11  information that has no bearing on the claims or defenses in this case.  Mattel further

12  objects to this Request on the grounds that it calls for the disclosure of information

13  subject to the attorney-client privilege, the attorney work-product doctrine and other

14  applicable privileges.  Mattel further objects to this Request on the grounds that it is

15  duplicative of or subsumed within other requests within this set of requests,

16  duplicative of or subsumed within prior Requests already responded to in this

17  litigation, and seeks the re-production of information and documents already

18  produced in this action.  Such information and documents will not be re-produced.

19  Subject to and without waiving the foregoing general and specific objections, Mattel

20  will produce responsive, non-privileged documents reflecting the period and

21  conditions of Bryant's employment, the terms of his employment, and his job duties

22  and responsibilities in its possession, custody or control, which it has been able to

23  locate after a diligent search and reasonable inquiry, to the extent not previously

24  produced.

25

26

27

28

-51-

REQUEST NO. 259:

All DOCUMENTS that evidence, describe, mention, refer or relate to the similarity of any art work created by any MATTEL employee, including but not limited to BRYANT, prior to October 20, 2000, to BRATZ.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 259:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody and control created by anyone at any time that are related to this topic. Mattel further objects to this Request on the grounds that the terms "refer or relate to the similarity of any art work created by any MATTEL employee . . . to BRATZ" are vague and ambiguous in this context. Mattel further objects to this Request on the grounds and to the extent that it requires Mattel to engage in an unreasonable search, in violation of the Federal Rules. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Subject to and without waiving the foregoing general and specific objections, Mattel will produce such responsive, non-privileged documents that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

REQUEST NO. 260:

All DOCUMENTS created after January 4, 1999 that evidence, relate or refer to any activities of BRYANT other than his work for MATTEL.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 260:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody and control created by anyone at any time that are related to this topic.  Mattel further objects to this Request on the grounds and to the extent that it requires Mattel to engage in an unreasonable search, in violation of the Federal Rules. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced.  Subject to and without waiving the foregoing general and specific objections, Mattel will produce such responsive, non-privileged documents that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

REQUEST NO. 261:

All DOCUMENTS created after January 4, 1999 that evidence, relate or refer to any activities of any current or former MATTEL employee performed in connection with the conception, creation, design or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 261:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody and control created by anyone at any time that are related to this topic. Mattel further objects to this Request on the grounds that the terms "relate or refer to any activities of any current or former MATTEL employee performed in connection with the conception, creation, design or development of BRATZ or BRATZ INTELLECTUAL PROPERTY" are vague and ambiguous in this context. Mattel further objects to this Request on the grounds and to the extent that it requires Mattel to engage in an unreasonable search, in violation of the Federal Rules. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Subject to and without waiving the foregoing general and specific objections, Mattel will produce such responsive, non-privileged

1   documents that are in Mattel's possession, custody, or control, if any, that Mattel has

2   been able to locate after a diligent search and reasonable inquiry, to the extent not

3   previously produced.

4

5   REQUEST NO. 268:

6           All hard drives and back-up data, no matter how stored, for all

7   computers used by BRYANT while employed by MATTEL, to the extent such

8   drives and back-up data contain data made or accessed by, sent to or received by

9   BRYANT.

10

11  SUPPLEMENTAL RESPONSE TO REQUEST NO. 268:

12          In addition to the general objections stated above, which are

13  incorporated herein by reference, Mattel objects to this Request as overbroad and

14  unduly burdensome in that it seeks all documents in Mattel's possession, custody

15  and control created by anyone at any time that are related to this topic.  Mattel

16  further objects to this Request on the grounds and to the extent that it requires

17  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

18  Mattel further objects to this Request on the grounds that it seeks confidential,

19  proprietary and trade secret information that has no bearing on the claims or

20  defenses in this case.  Mattel further objects to this Request on the grounds that it

21  calls for the disclosure of information subject to the attorney-client privilege, the

22  attorney work-product doctrine and other applicable privileges.  Mattel further

23  objects to this Request on the grounds that it is duplicative of or subsumed within

24  other requests within this set of requests, duplicative of or subsumed within prior

25  Requests already responded to in this litigation, and seeks the re-production of

26  information and documents already produced in this action.  Such information and

27  documents will not be re-produced.  Subject to and without waiving the foregoing

28  general and specific objections, Mattel wil produce and/or make available for

1   inspection and imaging any computer hard drive or back-up data in its possession,

2   custody or control that Mattel learns was used by Bryant and that can be located

3   after a diligent search and reasonable inquiry, to the extent not previously produced.

4

5   REQUEST NO. 269:

6         All DOCUMENTS that constitute, evidence, describe, depict, refer or relate

7   to any art work or other work product done by YOU that YOU contend BRYANT

8   utilized or used in connection with his creation of anything for MGA, including,

9   without limitation, BRATZ or BRATZ INTELLECTUAL PROPERTY.

10

11  SUPPLEMENTAL RESPONSE TO REQUEST NO. 269:

12        In addition to the general objections stated above, which are

13  incorporated herein by reference, Mattel objects to this Request as overbroad and

14  unduly burdensome in that it seeks all documents in Mattel's possession, custody

15  and control created by anyone at any time that are related to this topic.  Mattel

16  further objects to this Request on the grounds that the terms "refer or relate to any

17  art work or other work product" are vague and ambiguous in this context.  Mattel

18  further objects to this Request on the grounds and to the extent that it requires

19  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

20  Mattel further objects to this Request on the grounds that it seeks confidential,

21  proprietary and trade secret information that has no bearing on the claims or

22  defenses in this case.  Mattel further objects to this Request on the grounds that it

23  calls for the disclosure of information subject to the attorney-client privilege, the

24  attorney work-product doctrine and other applicable privileges.  Mattel further

25  objects to this Request on the grounds that it is duplicative of or subsumed within

26  other requests within this set of requests, duplicative of or subsumed within prior

27  Requests already responded to in this litigation, and seeks the re-production of

28  information and documents already produced in this action.  Such information and

-56-

1   documents will not be re-produced.  Subject to and without waiving the foregoing

2   general and specific objections, Mattel will produce responsive, non-privileged

3   documents that constitute, evidence, or depict any art work or other work product

4   done by Mattel that it contends Bryant utilized or used in connection with his

5   creation of anything for MGA in its possession, custody or control, which it has

6   been able to locate after a diligent search and reasonable inquiry, to the extent not

7   previously produced.

8

9   REQUEST NO. 270:

10          All DOCUMENTS and COMMUNICATIONS in YOUR possession

11   that were exchanged between BRYANT and Anne Wang.

12

13   SUPPLEMENTAL RESPONSE TO REQUEST NO. 270:

14          In addition to the general objections stated above, which are

15   incorporated herein by reference, Mattel objects to this Request as overbroad and

16   unduly burdensome in that it seeks all documents in Mattel's possession, custody

17   and control created by anyone at any time that are related to this topic.  Mattel

18   further objects to this Request on the grounds and to the extent that it requires

19   Mattel to engage in an unreasonable search, in violation of the Federal Rules.

20   Mattel further objects to this Request on the grounds that it seeks confidential,

21   proprietary and trade secret information that has no bearing on the claims or

22   defenses in this case.  Mattel further objects to this Request on the grounds that it

23   calls for the disclosure of information subject to the attorney-client privilege, the

24   attorney work-product doctrine and other applicable privileges.  Mattel further

25   objects to this Request on the grounds that it is duplicative of or subsumed within

26   other requests within this set of requests, duplicative of or subsumed within prior

27   Requests already responded to in this litigation, and seeks the re-production of

28   information and documents already produced in this action.  Such information and

1  documents will not be re-produced.  Subject to and without waiving the foregoing

2  general and specific objections, Mattel will produce responsive, non-privileged

3  documents in its possession, custody or control, which it has been able to locate

4  after a diligent search and reasonable inquiry, to the extent not previously produced.

5

6  REQUEST NO. 271:

7          All DOCUMENTS and COMMUNICATIONS in YOUR possession

8  that were exchanged between BRYANT and MGA.

9

10  SUPPLEMENTAL RESPONSE TO REQUEST NO. 271:

11          In addition to the general objections stated above, which are

12  incorporated herein by reference, Mattel objects to this Request as overbroad and

13  unduly burdensome in that it seeks all documents in Mattel's possession, custody

14  and control created by anyone at any time that are related to this topic.  Mattel

15  further objects to this Request on the grounds and to the extent that it requires

16  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

17  Mattel further objects to this Request on the grounds that it seeks confidential,

18  proprietary and trade secret information that has no bearing on the claims or

19  defenses in this case.  Mattel further objects to this Request on the grounds that it

20  calls for the disclosure of information subject to the attorney-client privilege, the

21  attorney work-product doctrine and other applicable privileges.  Mattel further

22  objects to this Request on the grounds that it is duplicative of or subsumed within

23  other requests within this set of requests, duplicative of or subsumed within prior

24  Requests already responded to in this litigation, and seeks the re-production of

25  information and documents already produced in this action.  Such information and

26  documents will not be re-produced.  Subject to and without waiving the foregoing

27  general and specific objections, Mattel will produce responsive, non-privileged

28  communications relating to matters at issue in this litigation in its possession,

1  custody or control, which it has been able to locate after a diligent search and

2  reasonable inquiry, to the extent not previously produced.

3

4  REQUEST NO. 280:

5            All DOCUMENTS supporting, refuting, or evidencing the allegation in

6  paragraph 9 of the COMPLAINT that BRYANT "was employed by Mattel from

7  September 1995 through April 1998, and then again from January 1999 through

8  October 2000, as a product designer at Mattel's design center in El Segundo,

9  California."

10

11  SUPPLEMENTAL RESPONSE TO REQUEST NO. 280:

12            In addition to the foregoing general objections, which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it calls for the

14  disclosure of information subject to the attorney-client privilege, the attorney work-

15  product doctrine and other applicable privileges.  Mattel further objects to this

16  Request on the grounds that it is duplicative of or subsumed within other Requests

17  within this set of requests, duplicative of or subsumed within prior Requests already

18  responded to in this litigation, and seeks the re-production of information and

19  documents already produced in this action.  Such information and documents will

20  not be re-produced.  Subject to and without waiving the foregoing general and

21  specific objections, Mattel will produce responsive, non-privileged documents in its

22  possession, custody or control, which it has been able to locate after a diligent

23  search and reasonable inquiry, to the extent not previously produced.

24

25  REQUEST NO. 283:

26            All DOCUMENTS supporting, refuting, or evidencing the allegation in

27  paragraph 10 of the COMPLAINT that Bryant executed an Employee Confidential

28  Information and Inventions Agreement "upon starting his second term of

1  employment by Mattel, and as a condition of and in consideration for his

2  employment."

3

4  <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 283</u>:

5         In addition to the general objections stated above, which are

6  incorporated herein by reference, Mattel objects to this Request on the grounds that

7  it calls for the disclosure of information subject to the attorney-client privilege, the

8  attorney work-product doctrine and other applicable privileges. Mattel further

9  objects to this Request on the grounds that it is duplicative of or subsumed within

10  other Requests within this set of requests, duplicative of or subsumed within prior

11  Requests already responded to in this litigation, and seeks the re-production of

12  information and documents already produced in this action. Such information and

13  documents will not be re-produced. Subject to the foregoing, Mattel will produce

14  responsive, non-privileged documents in its possession, custody or control, which it

15  can locate after a diligent search and reasonable inquiry and to the extent such

16  documents have not been previously produced.

17

18  <u>REQUEST NO. 286</u>:

19         All DOCUMENTS supporting, refuting, or evidencing the allegation in

20  paragraph 12 of the COMPLAINT that "[i]n late November 2003, Mattel learned

21  that Bryant had secretly aided, assisted and worked for a Mattel competitor."

22

23  <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 286</u>:

24         In addition to the general objections stated above, which are

25  incorporated herein by reference, Mattel objects to this Request on the grounds that

26  it calls for the disclosure of information subject to the attorney-client privilege, the

27  attorney work-product doctrine and other applicable privileges. Mattel further

28  objects to this Request on the grounds that it is duplicative of or subsumed within

1   other Requests within this set of requests, duplicative of or subsumed within prior

2   Requests already responded to in this litigation, and seeks the re-production of

3   information and documents already produced in this action. Such information and

4   documents will not be re-produced. Subject to and without waiving the foregoing

5   general and specific objections, Mattel will produce responsive, non-privileged

6   documents in its possession, custody or control, which it has been able to locate

7   after a diligent search and reasonable inquiry, to the extent not previously produced.

8

9   REQUEST NO. 287:

10          All DOCUMENTS supporting, refuting, or evidencing the allegation in

11  paragraph 12 of the COMPLAINT that "while Bryant was employed by Mattel,

12  Bryant and the other defendants converted, misappropriated and misused Mattel

13  property and resources," and the allegation that the "property and resources" were

14  "converted, misappropriate and misused" for "the benefit of, and to aid and assist,

15  Bryant personally and Mattel's competitor."

16

17  SUPPLEMENTAL RESPONSE TO REQUEST NO. 287:

18          In addition to the general objections stated above, which are

19  incorporated herein by reference, Mattel objects to this Request on the grounds that

20  it calls for the disclosure of information subject to the attorney-client privilege, the

21  attorney work-product doctrine and other applicable privileges. Mattel further

22  objects to this Request on the grounds that it is duplicative of or subsumed within

23  other Requests within this set of requests, duplicative of or subsumed within prior

24  Requests already responded to in this litigation, and seeks the re-production of

25  information and documents already produced in this action. Such information and

26  documents will not be re-produced. Subject to and without waiving the foregoing

27  general and specific objections, Mattel will produce responsive, non-privileged

28

1   documents in its possession, custody or control, which it has been able to locate
2   after a diligent search and reasonable inquiry, to the extent not previously produced.
3
4   REQUEST NO. 288:
5          All DOCUMENTS supporting, refuting, or evidencing the allegation in
6   paragraph 13 of the COMPLAINT that "Bryant" made "affirmative
7   misrepresentations to Mattel management upon his departure from Mattel,
8   including, without limitation, all DOCUMENTS constituting, mentioning,
9   discussing, describing, referring or relating to the alleged misrepresentations and all
10  DOCUMENTS evidencing what the alleged misrepresentations were, when they
11  were made and to whom they were made.
12
13  SUPPLEMENTAL RESPONSE TO REQUEST NO. 288:
14         In addition to the general objections stated above, which are
15  incorporated herein by reference, Mattel objects to this Request on the grounds that
16  it calls for the disclosure of information subject to the attorney-client privilege, the
17  attorney work-product doctrine and other applicable privileges.  Mattel further
18  objects to this Request on the grounds that it is duplicative of or subsumed within
19  other Requests within this set of requests, duplicative of or subsumed within prior
20  Requests already responded to in this litigation, and seeks the re-production of
21  information and documents already produced in this action.  Such information and
22  documents will not be re-produced.  Subject to and without waiving the foregoing
23  general and specific objections, Mattel will produce responsive, non-privileged
24  documents in its possession, custody or control, which it has been able to locate
25  after a diligent search and reasonable inquiry, to the extent not previously produced.
26
27
28

1  REQUEST NO. 289:

2         All DOCUMENTS constituting, evidencing, referring or relating to any

3  exit interview in which BRYANT participated.

4

5  SUPPLEMENTAL RESPONSE TO REQUEST NO. 289:

6         In addition to the general objections stated above, which are

7  incorporated herein by reference, Mattel objects to this Request on the grounds that

8  it calls for the disclosure of information subject to the attorney-client privilege, the

9  attorney work-product doctrine and other applicable privileges.  Mattel further

10 objects to this Request as overbroad and unduly burdensome in that it seeks all

11 documents in Mattel's possession, custody and control created by anyone at any time

12 related to this topic, regardless of whether the documents relate to the conduct at

13 issue in this lawsuit.  Mattel further objects to this Request as unduly burdensome

14 on the grounds that this information is equally available to Bryant, as Bryant

15 necessarily possesses firsthand knowledge of the exit interview in which he

16 participated.  Mattel further objects to this Request on the grounds that it is

17 duplicative of or subsumed within other Requests within this set of requests,

18 duplicative of or subsumed within prior Requests already responded to in this

19 litigation, and seeks the re-production of information and documents already

20 produced in this action.  Such information and documents will not be re-produced.

21 Subject to and without waiving the foregoing general and specific objections, Mattel

22 will produce responsive, non-privileged documents in its possession, custody or

23 control, which it has been able to locate after a diligent search and reasonable

24 inquiry, to the extent not previously produced.

25

26 REQUEST NO. 290:

27        All DOCUMENTS supporting, refuting, or evidencing the allegation in

28 paragraph 13 of the COMPLAINT that "Mattel had no reason to suspect that Bryant

-63-

1  had worked for the competitor while still employed by Mattel until late November

2  2003."

3

4  SUPPLEMENTAL RESPONSE TO REQUEST NO. 290:

5          In addition to the general objections stated above, which are

6  incorporated herein by reference, Mattel objects to this Request on the grounds that

7  it calls for the disclosure of information subject to the attorney-client privilege, the

8  attorney work-product doctrine and other applicable privileges.  Mattel further

9  objects to this Request on the grounds that it is duplicative of or subsumed within

10 prior Requests already responded to and seeks the re-production of information and

11 documents already produced in this action.  Such information and documents will

12 not be re-produced.  Subject to and without waiving the foregoing general and

13 specific objections, Mattel will produce responsive, non-privileged documents in its

14 possession, custody or control, which it has been able to locate after a diligent

15 search and reasonable inquiry, to the extent not previously produced.

16

17 REQUEST NO. 291:

18          All DOCUMENTS evidencing how, when and under what

19 circumstances Mattel received "through an unrelated legal action, a copy of Bryant's

20 agreement with the competitor," as alleged in paragraph 13 of the COMPLAINT.

21

22 SUPPLEMENTAL RESPONSE TO REQUEST NO. 291:

23          In addition to the general objections stated above, which are

24 incorporated herein by reference, Mattel objects to this Request on the grounds that

25 it calls for the disclosure of information subject to the attorney-client privilege, the

26 attorney work-product doctrine and other applicable privileges.  Mattel further

27 objects to this Request on the grounds that it is duplicative of or subsumed within

28 other Requests within this set of requests, duplicative of or subsumed within prior

1  Requests already responded to in this litigation, and seeks the re-production of

2  information and documents already produced in this action.  Such information and

3  documents will not be re-produced.  Subject to and without waiving the foregoing

4  general and specific objections, Mattel will produce responsive, non-privileged

5  documents in its possession, custody or control, which it has been able to locate

6  after a diligent search and reasonable inquiry, to the extent not previously produced.

7

8  REQUEST NO. 292:

9         All DOCUMENTS mentioning, referring or relating to the "unrelated

10  legal action" described in paragraph 13 of the COMPLAINT.

11

12  SUPPLEMENTAL RESPONSE TO REQUEST NO. 292:

13         In addition to the general objections stated above, which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it calls for the disclosure of information subject to the attorney-client privilege, the

16  attorney work-product doctrine and other applicable privileges.  Mattel further

17  objects to this Request as overbroad and unduly burdensome in that it seeks all

18  documents in Mattel's possession, custody and control created by anyone at any time

19  mentioning, referring or relating to an unrelated legal action, regardless of whether

20  the documents relate to the conduct at issue in this lawsuit.  Mattel further objects to

21  this Request on the grounds that it seeks documents that are not relevant to this

22  action or likely to lead to the discovery of admissible evidence.  Mattel further

23  objects to this Request on the grounds that it is duplicative of or subsumed within

24  other Requests within this set of requests, duplicative of or subsumed within prior

25  Requests already responded to in this litigation, and seeks the re-production of

26  information and documents already produced in this action.  Such information and

27  documents will not be re-produced.  Subject to the foregoing, Mattel will produce

28

7975/2195636.1

1   non-privileged, relevant documents located pursuant to reasonable search, to the

2   extent not already produced.

3

4   REQUEST NO. 293:

5          . All DOCUMENTS that YOU received "through" the "unrelated legal

6   action" described in paragraph 13 of the COMPLAINT including, without

7   limitation, the "copy of Bryant's agreement with the competitor."

8

9   SUPPLEMENTAL RESPONSE TO REQUEST NO. 293:

10          In addition to the general objections stated above, which are

11  incorporated herein by reference, Mattel objects to this Request on the grounds that

12  it calls for the disclosure of information subject to the attorney-client privilege, the

13  attorney work-product doctrine and other applicable privileges.  Mattel further

14  objects to this Request on the grounds that it seeks documents whose production

15  would violate the terms of agreements entered into with third parties, or violate the

16  privacy, contractual, or other rights of third parties.  Mattel further objects to this

17  Request as overbroad and unduly burdensome in that it seeks all documents in

18  Mattel's possession, custody and control created at any time and received by Mattel

19  at any time through an unrelated legal action, regardless of whether the documents

20  relate to the conduct at issue in this lawsuit.  Mattel further objects to this Request

21  on the grounds that it seeks documents that are not relevant to this action or likely to

22  lead to the discovery of admissible evidence.  Mattel further objects to this Request

23  on the grounds that it is duplicative of or subsumed within other Requests within

24  this set of requests, duplicative of or subsumed within prior Requests already

25  responded to in this litigation, and seeks the re-production of information and

26  documents already produced in this action.  Such information and documents will

27  not be re-produced.  Subject to and without waiving the foregoing general and

28  specific objections, Mattel will produce responsive, non-privileged documents in its

1   possession, custody or control which it has been able to locate after a diligent search

2   and reasonable inquiry, to the extent not already produced.

3

4   REQUEST NO. 294:

5          All DOCUMENTS, including, without limitation, all contracts,

6   agreements and drafts, that YOU or YOUR attorneys have exchanged with, between

7   or among any person or entity that is a party to the "unrelated legal action"

8   described in paragraph 13 of the COMPLAINT, or their counsel.

9

10   SUPPLEMENTAL RESPONSE TO REQUEST NO. 294:

11          In addition to the general objections stated above, which are

12   incorporated herein by reference, Mattel objects to this Request as overbroad and

13   unduly burdensome in that it seeks all documents in Mattel's possession, custody

14   and control exchanged with, between or among any person or entity that is a party to

15   an unrelated legal action, without limitation as to time, and regardless of whether the

16   documents relate to the conduct at issue in this lawsuit.  Mattel further objects to this

17   Request on the grounds that it seeks documents that are not relevant to this action or

18   likely to lead to the discovery of admissible evidence.  Mattel further objects to this

19   Request on the grounds that it is duplicative of or subsumed within other Requests

20   within this set of requests, duplicative of or subsumed within prior Requests already

21   responded to in this litigation, and seeks the re-production of information and

22   documents already produced in this action.  Such information and documents will

23   not be re-produced.  Subject to and without waiving the foregoing general and

24   specific objections, Mattel will produce responsive, non-privileged documents in its

25   possession, custody or control which it has been able to locate after a diligent search

26   and reasonable inquiry, to the extent not already produced.

27

28

1  REQUEST NO. 295:

2       All DOCUMENTS supporting, refuting, or evidencing the allegation in

3  paragraph 14 of the COMPLAINT that "Bryant breached his contracts with Mattel

4  and violated his duty of loyalty and fiduciary duties to Mattel," and the allegation

5  that "other defendants have unlawfully aided and abetted his violation of such

6  duties," and the allegation that "each of the defendants has been unjustly enriched

7  and engaged in acts of conversion."

8

9  SUPPLEMENTAL RESPONSE TO REQUEST NO. 295:

10       In addition to the general objections stated above, which are

11  incorporated herein by reference, Mattel objects to this Request on the grounds that

12  it calls for the disclosure of information subject to the attorney-client privilege, the

13  attorney work-product doctrine and other applicable privileges.  Mattel further

14  objects to this Request on the grounds that it is duplicative of or subsumed within

15  prior Requests already responded to and seeks the re-production of information and

16  documents already produced in this action.  Such information and documents will

17  not be re-produced.  Subject to and without waiving the foregoing general and

18  specific objections, Mattel will produce responsive, non-privileged documents in its

19  possession, custody or control, which it has been able to locate after a diligent

20  search and reasonable inquiry, to the extent not previously produced.

21

22  REQUEST NO. 296:

23       All DOCUMENTS supporting, refuting, or evidencing the allegation in

24  paragraph 17 of the COMPLAINT that the "Employment Agreement and the

25  Conflict Questionnaire are valid, enforceable contracts."

26

27

28

-68-

SUPPLEMENTAL RESPONSE TO REQUEST NO. 296:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody and control created by anyone at any time that are related to this topic. Mattel further objects to this Request on the grounds and to the extent that it requires Mattel to engage in an unreasonable search, in violation of the Federal Rules. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Subject to and without waiving the foregoing general and specific objections, Mattel will produce responsive, non-privileged documents in its possession, custody or control, which it has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

REQUEST NO. 297:

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 17 of the COMPLAINT that "Mattel has performed each and every term and condition of the Employment Agreement and Conflict Questionnaire required to be performed by Mattel."

1    SUPPLEMENTAL RESPONSE TO REQUEST NO. 297:

2              In addition to the general objections stated above, which are

3    incorporated herein by reference, Mattel objects to this Request on the grounds that

4    it calls for the disclosure of information subject to the attorney-client privilege, the

5    attorney work-product doctrine and other applicable privileges.  Mattel further

6    objects to this Request on the grounds that it is duplicative of or subsumed within

7    other Requests within this set of requests, duplicative of or subsumed within prior

8    Requests already responded to in this litigation, and seeks the re-production of

9    information and documents already produced in this action.  Such information and

10   documents will not be re-produced.  Subject to and without waiving the foregoing

11   general and specific objections, Mattel will produce responsive, non-privileged

12   documents in its possession, custody or control, which it has been able to locate

13   after a diligent search and reasonable inquiry, to the extent not previously produced.

14

15   REQUEST NO. 298:

16             All DOCUMENTS supporting, refuting, or evidencing the allegation in

17   paragraph 19 of the COMPLAINT that "Mattel has suffered and will in the future

18   continue to suffer damages."

19

20   SUPPLEMENTAL RESPONSE TO REQUEST NO. 298:

21             In addition to the general objections stated above, which are

22   incorporated herein by reference, Mattel objects to this Request on the grounds that

23   it is unreasonably burdensome and premature in that the facts necessary to

24   determine the full nature and extent of Mattel's relief and damages from defendant's

25   acts or omissions are known by defendants and third parties associated with

26   defendants, but are not known by Mattel at this juncture because of defendants'

27   refusals to produce basic discovery.  Mattel further objects to this Request on the

28   grounds that it calls for the disclosure of information subject to the attorney-client

1    privilege, the attorney work-product doctrine and other applicable privileges. Mattel

2    further objects to this Request on the grounds that it is duplicative of or subsumed

3    within prior Requests already responded to and seeks the re-production of

4    information and documents already produced in this action. Such information and

5    documents will not be re-produced. Mattel further objects to this Request as

6    premature in that it seeks expert discovery. Such discovery will be disclosed only at

7    the time, and in the manner required by, the <u>Rules</u> and the Court's Orders. Subject

8    to and without waiving the foregoing general and specific objections, Mattel will

9    produce responsive, non-privileged documents relating to the fact of damage in its

10   possession, custody or control, which it has been able to locate after a diligent

11   search and reasonable inquiry, to the extent not previously produced. Furthermore,

12   this topic may be the subject of expert testimony and disclosure, which will be

13   produced at the time and in the manner required by the <u>Rules</u> or Court Order.

14

15   <u>REQUEST NO. 299</u>:

16             All DOCUMENTS estimating, calculating, determining or evidencing

17   the "amounts paid by the competitor to Bryant during his Mattel employment" as

18   alleged in paragraph 19 of the COMPLAINT.

19

20   <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 299</u>:

21             In addition to the general objections stated above, which are

22   incorporated herein by reference, Mattel objects to this Request on the grounds that

23   it is unduly burdensome in that it purports to require Mattel to search for, identify

24   and produce documents relating to matters that are currently known to and in the

25   possession, custody and control of defendants and nonparties associated with

26   defendants, and that are not known to Mattel because of defendants' refusals to

27   produce basic discovery. Mattel further objects to this Request on the grounds that

28   it calls for the disclosure of information subject to the attorney-client privilege, the

1   attorney work-product doctrine and other applicable privileges.  Mattel further
2   objects to this Request on the grounds that it is duplicative of or subsumed within
3   prior Requests already responded to and seeks the re-production of information and
4   documents already produced in this action.  Such information and documents will
5   not be re-produced.  Mattel further objects to this Request as premature in that it
6   seeks expert discovery.  Such discovery will be disclosed only at the time, and in the
7   manner required by, the <u>Rules</u> and the Court's Orders.  Mattel further objects to this
8   Request on the grounds that it is duplicative of or subsumed within other Requests
9   within this set of requests, duplicative of or subsumed within prior Requests already
10  responded to in this litigation, and seeks the re-production of information and
11  documents already produced in this action.  Such information and documents will
12  not be re-produced.  Subject to and without waiving the foregoing general and
13  specific objections, Mattel will produce responsive, non-privileged documents in its
14  possession, custody or control, which it has been able to locate after a diligent
15  search and reasonable inquiry, to the extent not previously produced.  Furthermore,
16  this topic may be the subject of expert testimony and disclosure, which will be
17  produced at the time and in the manner required by the <u>Rules</u> or Court Order.

18

19  <u>REQUEST NO. 300</u>:

20          All DOCUMENTS estimating, calculating, determining or evidencing
21  the "amounts paid by the competitor to Bryant as result of the work he performed
22  for the competitor during his Mattel employment" as alleged in paragraph 19 of the
23  COMPLAINT.

24

25  <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 300</u>:

26          In addition to the general objections stated above, which are
27  incorporated herein by reference, Mattel objects to this Request on the grounds that
28  it is unduly burdensome in that it purports to require Mattel to search for, identify

1   and produce documents relating to matters that are currently known to and in the

2   possession, custody and defendants and nonparties associated defendants, and that

3   are not known to Mattel because of defendants' refusals to produce basic discovery.

4   Mattel further objects to this Request on the grounds that it calls for the disclosure

5   of information subject to the attorney-client privilege, the attorney work-product

6   doctrine and other applicable privileges.  Mattel further objects to this Request on

7   the grounds that it is duplicative of or subsumed within prior Requests already

8   responded to and seeks the re-production of information and documents already

9   produced in this action.  Such information and documents will not be re-produced.

10  Mattel further objects to this Request as premature in that it seeks expert discovery.

11  Such discovery will be disclosed only at the time, and in the manner required by, the

12  Rules and the Court's Orders.  Subject to and without waiving the foregoing general

13  and specific objections, Mattel will produce responsive, non-privileged documents

14  in its possession, custody or control, which it has been able to locate after a diligent

15  search and reasonable inquiry, to the extent not previously produced.  Furthermore,

16  this topic may be the subject of expert testimony and disclosure, which will be

17  produced at the time and in the manner required by the Rules or Court Order.

18

19  REQUEST NO. 301:

20          All DOCUMENTS estimating, calculating, determining or evidencing

21  the "value of information and intellectual property owned by Mattel which Bryant

22  provided to the competitor" as alleged in paragraph 19 of the COMPLAINT.

23

24  SUPPLEMENTAL RESPONSE TO REQUEST NO. 301:

25          In addition to the general objections stated above, which are

26  incorporated herein by reference, Mattel objects to this Request on the grounds that

27  it is unduly burdensome in that it purports to require Mattel to search for, identify

28  and produce documents relating to matters that are currently known to and in the

1   possession, custody and control of defendants and nonparties associated with

2   defendants, and that are not known to Mattel because of defendants' refusals to

3   produce basic discovery.  Mattel further objects to this Request on the grounds that

4   it calls for the disclosure of information subject to the attorney-client privilege, the

5   attorney work-product doctrine and other applicable privileges.  Mattel further

6   objects to this Request on the grounds that it is duplicative of or subsumed within

7   prior Requests already responded to and seeks the re-production of information and

8   documents already produced in this action.  Such information and documents will

9   not be re-produced.  Mattel further objects to this Request as premature in that it

10  seeks expert discovery.  Such discovery will be disclosed only at the time, and in the

11  manner required by, the <u>Rules</u> and the Court's Orders.  Mattel further objects to this

12  Request on the grounds that it is duplicative of or subsumed within other Requests

13  within this set of requests, duplicative of or subsumed within prior Requests already

14  responded to in this litigation, and seeks the re-production of information and

15  documents already produced in this action.  Such information and documents will

16  not be re-produced.  Subject to and without waiving the foregoing general and

17  specific objections, Mattel will produce responsive, non-privileged documents in its

18  possession, custody or control, which it has been able to locate after a diligent

19  search and reasonable inquiry, to the extent not previously produced.  Furthermore,

20  this topic may be the subject of expert testimony and disclosure, which will be

21  produced at the time and in the manner required by the <u>Rules</u> or Court Order.

22

23  <u>REQUEST NO. 302:</u>

24          All DOCUMENTS constituting, evidencing, describing, showing or

25  depicting the "intellectual property owned by Mattel," alleged in paragraph 19 of the

26  COMPLAINT.

27

28

1   <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 302:</u>

2          In addition to the general objections stated above, which are

3   incorporated herein by reference, Mattel objects to this Request as overbroad and

4   unduly burdensome in that it seeks all documents in Mattel's possession, custody

5   and control created by anyone at any time that are related to this topic.  Mattel

6   further objects to this Request on the grounds and to the extent that it requires

7   Mattel to engage in an unreasonable search, in violation of the Federal Rules.

8   Mattel further objects to this Request on the grounds that it seeks confidential,

9   proprietary and trade secret information that has no bearing on the claims or

10  defenses in this case.  Mattel further objects to this Request on the grounds that it

11  calls for the disclosure of information subject to the attorney-client privilege, the

12  attorney work-product doctrine and other applicable privileges.  Mattel further

13  objects to this Request on the grounds that it is duplicative of or subsumed within

14  other requests within this set of requests, duplicative of or subsumed within prior

15  Requests already responded to in this litigation, and seeks the re-production of

16  information and documents already produced in this action.  Such information and

17  documents will not be re-produced.  Subject to and without waiving the foregoing

18  general and specific objections, Mattel will produce responsive, non-privileged

19  documents in its possession, custody or control, which it has been able to locate

20  after a diligent search and reasonable inquiry, to the extent not previously produced.

21

22  <u>REQUEST NO. 303:</u>

23         All patents, copyright registrations, and trademark registrations

24  covering or relating to the "intellectual property owned by Mattel," alleged in

25  paragraph 19 of the COMPLAINT, and any other indicia of ownership, authorship

26  and inventorship including, without limitation, any assignments or licenses for or to

27  the alleged property.

28

1   SUPPLEMENTAL RESPONSE TO REQUEST NO. 303:

2          In addition to the general objections stated above, which are

3   incorporated herein by reference, Mattel objects to this Request as overbroad and

4   unduly burdensome in that it seeks all documents in Mattel's possession, custody

5   and control created by anyone at any time that are related to this topic. Mattel

6   further objects to this Request on the grounds and to the extent that it requires

7   Mattel to engage in an unreasonable search, in violation of the Federal Rules.

8   Mattel further objects to this Request on the grounds that it seeks confidential,

9   proprietary and trade secret information that has no bearing on the claims or

10  defenses in this case. Mattel further objects to this Request on the grounds that it

11  calls for the disclosure of information subject to the attorney-client privilege, the

12  attorney work-product doctrine and other applicable privileges. Mattel further

13  objects to this Request on the grounds that it is duplicative of or subsumed within

14  other requests within this set of requests, duplicative of or subsumed within prior

15  Requests already responded to in this litigation, and seeks the re-production of

16  information and documents already produced in this action. Such information and

17  documents will not be re-produced. Subject to and without waiving the foregoing

18  general and specific objections, Mattel will produce responsive, non-privileged

19  documents in its possession, custody or control, which it has been able to locate

20  after a diligent search and reasonable inquiry, to the extent not previously produced.

21

22  REQUEST NO. 304:

23         All DOCUMENTS estimating, calculating, determining or evidencing

24  the "value of the benefits the competitor obtained from Bryant during the time he

25  was employed by Mattel" as alleged in paragraph 19 of the COMPLAINT.

26

27

28

07975/2195636.1

MATTEL'S CORRECTED SECOND SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION
Exhibit 45 - Page 2206

1   SUPPLEMENTAL RESPONSE TO REQUEST NO. 304:

2            In addition to the general objections stated above, which are

3   incorporated herein by reference, Mattel objects to this Request on the grounds that

4   it is unduly burdensome in that it purports to require Mattel to search for, identify

5   and produce documents relating to matters that are currently known to and in the

6   possession, custody and control of defendants and nonparties associated with

7   defendants, and that are not known to Mattel because of defendants' refusals to

8   produce basic discovery. Mattel further objects to this Request on the grounds that

9   it calls for the disclosure of information subject to the attorney-client privilege, the

10  attorney work-product doctrine and other applicable privileges. Mattel further

11  objects to this Request on the grounds that it is duplicative of or subsumed within

12  prior Requests already responded to and seeks the re-production of information and

13  documents already produced in this action. Such information and documents will

14  not be re-produced. Mattel further objects to this Request as premature in that it

15  seeks expert discovery. Such discovery will be disclosed only at the time, and in the

16  manner required by, the Rules and the Court's Orders. Mattel further objects to this

17  Request on the grounds that it is duplicative of or subsumed within other Requests

18  within this set of requests, duplicative of or subsumed within prior Requests already

19  responded to in this litigation, and seeks the re-production of information and

20  documents already produced in this action. Such information and documents will

21  not be re-produced. Subject to and without waiving the foregoing general and

22  specific objections, Mattel will produce responsive, non-privileged documents in its

23  possession, custody or control, which it has been able to locate after a diligent

24  search and reasonable inquiry, to the extent not previously produced. Furthermore,

25  this topic may be the subject of expert testimony and disclosure, which will be

26  produced at the time and in the manner required by the Rules or Court Order.

27

28

REQUEST NO. 305:

All DOCUMENTS estimating, calculating, determining or evidencing the "value of the benefits the competitor obtained from Bryant as a result of the work he performed for the competitor during his Mattel employment" as alleged in paragraph 19 of the COMPLAINT.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 305:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unduly burdensome in that it purports to require Mattel to search for, identify and produce documents relating to matters that are currently known to and in the possession, custody and control of defendants and nonparties associated with defendants, and that are not known to Mattel because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Mattel further objects to this Request as premature in that it seeks expert discovery. Such discovery will be disclosed only at the time, and in the manner required by, the Rules and the Court's Orders. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other Requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Subject to and without waiving the foregoing general and specific objections, Mattel will produce responsive, non-privileged documents

7975/2195636.1

1  relating to the fact of damage in its possession, custody or control, which it has been

2  able to locate after a diligent search and reasonable inquiry, to the extent not

3  previously produced. Furthermore, this topic may be the subject of expert testimony

4  and disclosure, which will be produced at the time and in the manner required by the

5  <u>Rules</u> or Court Order.

6

7  <u>REQUEST NO. 306:</u>

8           All DOCUMENTS supporting, refuting, or evidencing the allegation in

9  paragraph 20 of the COMPLAINT that "Bryant's conduct" has caused "irreparable

10  injury to Mattel."

11

12  <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 306:</u>

13           In addition to the general objections stated above, which are

14  incorporated herein by reference, Mattel objects to this Request as overbroad and

15  unduly burdensome in that it seeks all documents in Mattel's possession, custody

16  and control created by anyone at any time that are related to this topic. Mattel

17  further objects to this Request on the grounds and to the extent that it requires

18  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

19  Mattel further objects to this Request as premature in that it seeks expert discovery.

20  Such discovery will be disclosed only at the time, and in the manner required by, the

21  <u>Rules</u> and the Court's Orders. Mattel further objects to this Request on the grounds

22  that it seeks confidential, proprietary and trade secret information that has no

23  bearing on the claims or defenses in this case. Mattel further objects to this Request

24  on the grounds that it calls for the disclosure of information subject to the attorney-

25  client privilege, the attorney work-product doctrine and other applicable privileges.

26  Mattel further objects to this Request on the grounds that it is duplicative of or

27  subsumed within other requests within this set of requests, duplicative of or

28  subsumed within prior Requests already responded to in this litigation, and seeks the

1   re-production of information and documents already produced in this action. Such

2   information and documents will not be re-produced. Subject to and without waiving

3   the foregoing general and specific objections, Mattel will produce responsive, non-

4   privileged documents in its possession, custody or control, which it has been able to

5   locate after a diligent search and reasonable inquiry, to the extent not previously

6   produced. Furthermore, this topic may be the subject of expert testimony and

7   disclosure, which will be produced at the time and in the manner required by the

8   <u>Rules</u> or Court Order.

9

10  <u>REQUEST NO. 307:</u>

11          All DOCUMENTS describing, discussing, mentioning, referring or

12  relating to the nature, extent and substance of the "irreparable injury" alleged in

13  paragraph 20 of the COMPLAINT.

14

15  <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 307:</u>

16          In addition to the general objections stated above, which are

17  incorporated herein by reference, Mattel objects to this Request as overbroad and

18  unduly burdensome in that it seeks all documents in Mattel's possession, custody

19  and control created by anyone at any time that are related to this topic. Mattel

20  further objects to this Request on the grounds and to the extent that it requires

21  Mattel to engage in an unreasonable search, in violation of the Federal Rules.

22  Mattel further objects to this Request as premature in that it seeks expert discovery.

23  Such discovery will be disclosed only at the time, and in the manner required by, the

24  <u>Rules</u> and the Court's Orders. Mattel further objects to this Request on the grounds

25  that it seeks confidential, proprietary and trade secret information that has no

26  bearing on the claims or defenses in this case. Mattel further objects to this Request

27  on the grounds that it calls for the disclosure of information subject to the attorney-

28  client privilege, the attorney work-product doctrine and other applicable privileges.

1  Mattel further objects to this Request on the grounds that it is duplicative of or

2  subsumed within other requests within this set of requests, duplicative of or

3  subsumed within prior Requests already responded to in this litigation, and seeks the

4  re-production of information and documents already produced in this action.  Such

5  information and documents will not be re-produced.  Subject to and without waiving

6  the foregoing general and specific objections, Mattel will produce responsive, non-

7  privileged documents in its possession, custody or control, which it has been able to

8  locate after a diligent search and reasonable inquiry, to the extent not previously

9  produced.  Furthermore, this topic may be the subject of expert testimony and

10  disclosure, which will be produced at the time and in the manner required by the

11  <u>Rules</u> or Court Order.

12

13  <u>REQUEST NO. 308</u>:

14           All DOCUMENTS supporting, refuting, or evidencing the allegation in

15  paragraph 22 of the COMPLAINT that "Bryant held a position of trust and

16  confidence with Mattel."

17

18  <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 308</u>:

19           In addition to the general objections stated above, which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it calls for the disclosure of information subject to the attorney-client privilege, the

22  attorney work-product doctrine and other applicable privileges.  Mattel further

23  objects to this Request on the grounds that it is duplicative of or subsumed within

24  prior Requests already responded to and seeks the re-production of information and

25  documents already produced in this action.  Such information and documents will

26  not be re-produced.  Subject to and without waiving the foregoing general and

27  specific objections, Mattel will produce responsive, non-privileged documents

28  relating to Bryant in its possession, custody or control, which it has been able to

1    locate after a diligent search and reasonable inquiry, to the extent not previously

2    produced.

3

4    REQUEST NO. 310:

5            All DOCUMENTS supporting, refuting, or evidencing the allegation in

6    paragraph 22 of the COMPLAINT that "Bryant had access to" "Mattel's proprietary

7    and confidential information."

8

9    SUPPLEMENTAL RESPONSE TO REQUEST NO. 310:

10           In addition to the general objections stated above, which are

11   incorporated herein by reference, Mattel objects to this Request on the grounds that

12   it calls for the disclosure of information subject to the attorney-client privilege, the

13   attorney work-product doctrine and other applicable privileges.  Mattel further

14   objects to this Request on the grounds that it is duplicative of or subsumed within

15   prior Requests already responded to and seeks the re-production of information and

16   documents already produced in this action.  Such information and documents will

17   not be re-produced.  Subject to and without waiving the foregoing general and

18   specific objections, Mattel will produce responsive, non-privileged documents in its

19   possession, custody or control, which it has been able to locate after a diligent

20   search and reasonable inquiry, to the extent not previously produced.

21

22   REQUEST NO. 312:

23           DOCUMENTS supporting, refuting, or evidencing the allegation in

24   paragraph 229 [sic] of the COMPLAINT that "Bryant. . . was entrusted with

25   Mattel's proprietary and confidential information."

26

27

28

SUPPLEMENTAL RESPONSE TO REQUEST NO. 312:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other Requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Subject to and without waiving the foregoing general and specific objections, Mattel will produce responsive, non-privileged documents in its possession, custody or control, which it has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

REQUEST NO. 314:

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 22 of the COMPLAINT that Bryant "supervised the work of others. [sic]

SUPPLEMENTAL RESPONSE TO REQUEST NO. 314:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other Requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Such information and documents will not be re-

1   produced.  Subject to and without waiving the foregoing general and specific

2   objections, Mattel will produce responsive, non-privileged documents in its

3   possession, custody or control, which it has been able to locate after a diligent

4   search and reasonable inquiry, to the extent not previously produced.

5

6   REQUEST NO. 316:

7          All DOCUMENTS supporting, refuting, or evidencing the allegation in

8   paragraph 22 of the COMPLAINT that Bryant "exercised discretion" in "many of

9   his job assignments and duties."

10

11  SUPPLEMENTAL RESPONSE TO REQUEST NO. 316:

12         In addition to the general objections stated above, which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it calls for the disclosure of information subject to the attorney-client privilege, the

15  attorney work-product doctrine and other applicable privileges.  Mattel further

16  objects to this Request on the grounds that it is duplicative of or subsumed within

17  other Requests within this set of requests, duplicative of or subsumed within prior

18  Requests already responded to in this litigation, and seeks the re-production of

19  information and documents already produced in this action.  Such information and

20  documents will not be re-produced.  Subject to and without waiving the foregoing

21  general and specific objections, Mattel will produce responsive, non-privileged

22  documents in its possession, custody or control, which it has been able to locate

23  after a diligent search and reasonable inquiry, to the extent not previously produced.

24

25  REQUEST NO. 318:

26         All DOCUMENTS describing, discussing, mentioning, referring or

27  relating to the nature and scope of Bryant's "job assignments and duties" as alleged

28  in paragraph 22 of the COMPLAINT.

1  SUPPLEMENTAL RESPONSE TO REQUEST NO. 318:

2          In addition to the general objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges.  Mattel further

6  objects to this Request as overbroad, unduly burdensome and oppressive in that it

7  seeks "all" documents in Mattel's possession, custody and control on this broad

8  subject.  Mattel further objects to this Request on the grounds that it is duplicative of

9  or subsumed within other Requests within this set of requests, duplicative of or

10  subsumed within prior Requests already responded to in this litigation, and seeks the

11  re-production of information and documents already produced in this action.  Such

12  information and documents will not be re-produced.  Subject to and without waiving

13  the foregoing general and specific objections, Mattel will produce responsive, non-

14  privileged documents in its possession, custody or control, which it has been able to

15  locate after a diligent search and reasonable inquiry, to the extent not previously

16  produced.

17

18  REQUEST NO. 319:

19          All DOCUMENTS supporting, refuting, or evidencing the allegation in

20  paragraph 22 of the COMPLAINT that Bryant "worked independently in many of

21  his job assignments and duties."

22

23  SUPPLEMENTAL RESPONSE TO REQUEST NO. 319:

24          In addition to the general objections stated above, which are

25  incorporated herein by reference, Mattel objects to this Request on the grounds that

26  it calls for the disclosure of information subject to the attorney-client privilege, the

27  attorney work-product doctrine and other applicable privileges.  Mattel further

28  objects to this Request on the grounds that it is duplicative of or subsumed within

1  other Requests within this set of requests, duplicative of or subsumed within prior

2  Requests already responded to in this litigation, and seeks the re-production of

3  information and documents already produced in this action.  Such information and

4  documents will not be re-produced.  Subject to and without waiving the foregoing

5  general and specific objections, Mattel will produce responsive, non-privileged

6  documents in its possession, custody or control, which it has been able to locate

7  after a diligent search and reasonable inquiry, to the extent not previously produced.

8

9  REQUEST NO. 321:

10        All DOCUMENTS supporting, refuting, or evidencing the allegation in

11  paragraph 22 of the COMPLAINT that Bryant "represented Mattel in its dealings

12  with third parties."

13

14  SUPPLEMENTAL RESPONSE TO REQUEST NO. 321:

15        In addition to the general objections stated above, which are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it calls for the disclosure of information subject to the attorney-client privilege, the

18  attorney work-product doctrine and other applicable privileges.  Mattel further

19  objects to this Request on the grounds that it is duplicative of or subsumed within

20  other Requests within this set of requests, duplicative of or subsumed within prior

21  Requests already responded to in this litigation, and seeks the re-production of

22  information and documents already produced in this action.  Such information and

23  documents will not be re-produced.  Subject to and without waiving the foregoing

24  general and specific objections, Mattel will produce responsive, non-privileged

25  documents in its possession, custody or control, which it has been able to locate

26  after a diligent search and reasonable inquiry, to the extent not previously produced.

27

28

1  REQUEST NO. 322:

2          All DOCUMENTS evidencing all instances in which BRYANT

3  represented MATTEL in any dealing with any third party.

4

5  SUPPLEMENTAL RESPONSE TO REQUEST NO. 322:

6          In addition to the general objections stated above, which are

7  incorporated herein by reference, Mattel objects to this Request on the grounds that

8  it calls for the disclosure of information subject to the attorney-client privilege, the

9  attorney work-product doctrine and other applicable privileges.  Mattel further

10  objects to this Request as overbroad, unduly burdensome and oppressive in that it

11  seeks "all" documents in Mattel's possession, custody and control on this broad

12  subject.  Mattel further objects to this Request on the grounds that it is duplicative of

13  or subsumed within other Requests within this set of requests, duplicative of or

14  subsumed within prior Requests already responded to in this litigation, and seeks the

15  re-production of information and documents already produced in this action.  Such

16  information and documents will not be re-produced.  Subject to and without waiving

17  the foregoing general and specific objections, Mattel will produce responsive, non-

18  privileged documents in its possession, custody or control, which it has been able to

19  locate after a diligent search and reasonable inquiry, to the extent not already

20  produced.

21

22  REQUEST NO. 324:

23          All DOCUMENTS supporting, refuting, or evidencing the allegation in

24  paragraph 22 of the COMPLAINT that Bryant "in the course and scope of his

25  employment with Mattel, was an agent of Mattel," including, without limitation, all

26  DOCUMENTS evidencing, describing, discussing, mentioning, referring or relating

27  to the nature and scope of the alleged agency.

28

1  SUPPLEMENTAL RESPONSE TO REQUEST NO. 324:

2          In addition to the general objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges.  Mattel further

6  objects to this Request as overbroad, unduly burdensome and oppressive in that it

7  seeks "all" documents in Mattel's possession, custody and control on this broad

8  subject.  Mattel further objects to this Request on the grounds that it is duplicative of

9  or subsumed within other Requests within this set of requests, duplicative of or

10  subsumed within prior Requests already responded to in this litigation, and seeks the

11  re-production of information and documents already produced in this action.  Such

12  information and documents will not be re-produced.  Subject to and without waiving

13  the foregoing general and specific objections, Mattel will produce responsive, non-

14  privileged documents in its possession, custody or control, which it has been able to

15  locate after a diligent search and reasonable inquiry, to the extent not previously

16  produced.

17

18  REQUEST NO. 325:

19          All DOCUMENTS supporting, refuting, or evidencing the allegation in

20  paragraph 25 of the COMPLAINT that "Mattel has incurred damages" as a "direct

21  and proximate result of defendants' wrongful conduct."

22

23  SUPPLEMENTAL RESPONSE TO REQUEST NO. 325:

24          In addition to the general objections stated above, which are

25  incorporated herein by reference, Mattel objects to this Request as overbroad,

26  unduly burdensome and premature in that the facts necessary to determine the full

27  nature and extent of Mattel's relief and damages from defendant's acts or omissions

28  are known by defendants and third parties associated with defendants, but are not

7975/2195636.1

-88-

1   known by Mattel at this juncture because of defendants' refusals to produce basic

2   discovery. Mattel further objects to this Request on the grounds that it calls for the

3   disclosure of information subject to the attorney-client privilege, the attorney work-

4   product doctrine and other applicable privileges. Mattel further objects to this

5   Request on the grounds that it is duplicative of or subsumed within other Requests

6   within this set of requests, duplicative of or subsumed within prior Requests already

7   responded to in this litigation, and seeks the re-production of information and

8   documents already produced in this action. Such information and documents will

9   not be re-produced. Mattel further objects to this Request as premature in that it

10  seeks expert discovery. Such discovery will be disclosed only at the time, and in the

11  manner required by, the <u>Rules</u> and the Court's Orders. Mattel further objects to this

12  Request on the grounds that it is duplicative of or subsumed within other Requests

13  within this set of requests, duplicative of or subsumed within prior Requests already

14  responded to in this litigation, and seeks the re-production of information and

15  documents already produced in this action. Such information and documents will

16  not be re-produced. Subject to and without waiving the foregoing general and

17  specific objections, Mattel will produce responsive, non-privileged documents

18  relating to the fact of damage in its possession, custody or control, which it has been

19  able to locate after a diligent search and reasonable inquiry, to the extent not

20  previously produced. Furthermore, this topic may be the subject of expert testimony

21  and disclosure, which will be produced at the time and in the manner required by the

22  <u>Rules</u> or Court Order.

23

24  REQUEST NO. 326:

25          All DOCUMENTS supporting, refuting, or evidencing the allegation in

26  paragraph 26 of the COMPLAINT that "[d]efendants acted with malice, fraud and

27  oppression."

28

7975/2195636.1

MATTEL'S CORRECTED SECOND SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 45 - Page 2219

1  SUPPLEMENTAL RESPONSE TO REQUEST NO. 326:

2        In addition to the general objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges. Mattel further

6  objects to this Request as unduly burdensome in that it purports to require Mattel to

7  search for, identify and produce documents relating to matters that are currently

8  known to and in the possession, custody and control of defendants and nonparties

9  associated with defendants, and that are not known to Mattel because of defendants'

10 refusals to produce basic discovery. Mattel further objects to this Request on the

11 grounds that it is duplicative of or subsumed within other Requests within this set of

12 requests, duplicative of or subsumed within prior Requests already responded to in

13 this litigation, and seeks the re-production of information and documents already

14 produced in this action. Such information and documents will not be re-produced.

15 Subject to and without waiving the foregoing general and specific objections, Mattel

16 will produce responsive, non-privileged documents in its possession, custody or

17 control, which it has been able to locate after a diligent search and reasonable

18 inquiry, to the extent not previously produced.

19

20 REQUEST NO. 327:

21       All DOCUMENTS supporting, refuting, or evidencing the allegation in

22 paragraph 36 of the COMPLAINT that "[d]efendants. . . used and diverted Mattel

23 property, resources and opportunities for the benefit of, and to aid and assist,

24 themselves."

25

26 SUPPLEMENTAL RESPONSE TO REQUEST NO. 327:

27       In addition to the general objections stated above, which are

28 incorporated herein by reference, Mattel objects to this Request as unduly

1  burdensome in that it purports to require Mattel to search for, identify and produce

2  documents relating to matters that are currently known to and in the possession,

3  custody and control of defendants and nonparties associated with defendants, and

4  that are not known to Mattel because of defendants' refusals to produce basic

5  discovery.  Mattel further objects to this Request on the grounds that it calls for the

6  disclosure of information subject to the attorney-client privilege, the attorney work-

7  product doctrine and other applicable privileges.  Mattel further objects to this

8  Request on the grounds that it is duplicative of or subsumed within other Requests

9  within this set of requests, duplicative of or subsumed within prior Requests already

10  responded to in this litigation, and seeks the re-production of information and

11  documents already produced in this action.  Such information and documents will

12  not be re-produced.  Mattel further objects to this Request as premature in that it

13  seeks expert discovery.  Such discovery will be disclosed only at the time, and in the

14  manner required by, the Rules and the Court's Orders.  Mattel further objects to this

15  Request on the grounds that it is duplicative of or subsumed within other Requests

16  within this set of requests, duplicative of or subsumed within prior Requests already

17  responded to in this litigation, and seeks the re-production of information and

18  documents already produced in this action.  Such information and documents will

19  not be re-produced.  Subject to and without waiving the foregoing general and

20  specific objections, Mattel will produce responsive, non-privileged documents in its

21  possession, custody or control, which it has been able to locate after a diligent

22  search and reasonable inquiry, to the extent not previously produced.  Furthermore,

23  this topic may be the subject of expert testimony and disclosure, which will be

24  produced at the time and in the manner required by the Rules or Court Order.

25

26

27

28

REQUEST NO. 328:

All DOCUMENTS constituting, identifying, evidencing, describing, showing or depicting the "used and diverted Mattel property" mentioned in paragraph 36 of the COMPLAINT.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 328:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as unduly burdensome in that it purports to require Mattel to search for, identify and produce documents relating to matters that are currently known to and in the possession, custody and control of defendants and nonparties associated with defendants, and that are not known to Mattel because of defendants' refusals to produce basic discovery. Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other Requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Subject to and without waiving the foregoing general and specific objections, Mattel will produce responsive, non-privileged documents in its possession, custody or control, which it has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

REQUEST NO. 329:

All DOCUMENTS constituting, identifying, evidencing, describing, showing or depicting the "used and diverted Mattel ... resources" mentioned in paragraph 36 of the COMPLAINT.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 329:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody and control created by anyone at any time that are related to this topic. Mattel further objects to this Request on the grounds and to the extent that it requires Mattel to engage in an unreasonable search, in violation of the Federal Rules. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Subject to and without waiving the foregoing general and specific objections, Mattel will produce responsive, non-privileged documents in its possession, custody or control, which it has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

REQUEST NO. 330:

All DOCUMENTS identifying, evidencing or describing the "used and diverted ... opportunities" mentioned in paragraph 36 of the COMPLAINT.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 330:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody and control created by anyone at any time that are related to this topic. Mattel further objects to this Request on the grounds and to the extent that it requires Mattel to engage in an unreasonable search, in violation of the Federal Rules. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Subject to and without waiving the foregoing general and specific objections, Mattel will produce responsive, non-privileged documents in its possession, custody or control, which it has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

REQUEST NO. 331:

All DOCUMENTS estimating, calculating, determining or evidencing the amount by which "Defendants have been unjustly enriched" as alleged in paragraph 36 of the COMPLAINT.

SUPPLEMENTAL RESPONSE TO REQUEST NO. 331:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as unduly burdensome in that it purports to require Mattel to search for, identify and produce documents relating to matters that are currently known to and in the possession, custody and control of defendants and nonparties associated with defendants, and that are not known to Mattel because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other Requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Mattel further objects to this Request as premature in that it seeks expert discovery. Such discovery will be disclosed only at the time, and in the manner required by, the Rules and the Court's Orders. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other Requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Subject to and without waiving the foregoing general and specific objections, Mattel will produce responsive, non-privileged documents in its

1  possession, custody or control which it has been able to locate after a diligent search

2  and reasonable inquiry, to the extent not previously produced. Furthermore, this

3  topic may be the subject of expert testimony and disclosure, which will be produced

4  at the time and in the manner required by the <u>Rules</u> or Court Order.

5

6  REQUEST NO. 332:

7          All DOCUMENTS constituting, identifying, evidencing, describing,

8  showing, depicting, discussing, mentioning, referring and relating to the "ideas,

9  concepts, rights designs, proprietary information, and other intellectual property and

10  intangible property created by Bryant" alleged to be the "property of Mattel" in

11  paragraph 41 of the COMPLAINT.

12

13  SUPPLEMENTAL RESPONSE TO REQUEST NO. 332:

14          In addition to the general objections stated above, which are

15  incorporated herein by reference, Mattel objects to this Request as unduly

16  burdensome in that it purports to require Mattel to search for, identify and produce

17  documents relating to matters that are currently known to and in the possession,

18  custody and control of defendants and nonparties associated with defendants, and

19  that are not known to Mattel because of defendants' refusals to produce basic

20  discovery. Mattel further objects to this Request as overbroad, unduly burdensome

21  and oppressive in that it seeks "all" documents in Mattel's possession, custody and

22  control on this broad subject. Mattel further objects to this Request on the grounds

23  that it calls for the disclosure of information subject to the attorney-client privilege,

24  the attorney work-product doctrine and other applicable privileges. Mattel further

25  objects to this Request on the grounds that it is duplicative of or subsumed within

26  prior Requests already responded to and seeks the re-production of information and

27  documents already produced in this action. Such information and documents will

28  not be re-produced. Subject to the foregoing, Mattel will produce non-privileged,

1  responsive documents relating to Bryant's creation of the "property of Mattel"

2  referenced in paragraph 41 of the COMPLAINT, to the extent such non-privileged,

3  responsive documents can be located pursuant to reasonable search and have not

4  already been produced.

5

6  DATED:  August 16, 2007                QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

7

8                                          By_____

9                                             Timothy L. Alger
                                             Attorneys for Plaintiff and Counter-
10                                            Defendant Mattel

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service,
3  1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4      On August 16, 2007, I served true copies of the following document(s) described as **MATTEL'S CORRECTED SECOND SUPPLEMENTAL RESPONSES TO MGA'S FIRST**
5  **SET OF REQUESTS FOR PRODUCTION** on the parties in this action as follows:

6      Diana M. Torres, Esq.
       **O'MELVENY & MYERS, LLP**
7      400 S. Hope Street
       Los Angeles, CA 90071
8      *Attorneys for MGA ENTERTAINMENT,*
       *INC.*
9

**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s)
10 being served.

11     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.
12
       Executed on August 16, 2007, at Los Angeles, California.
13

14

15     _____
       NOW LEGAL -- Dave Quintana

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2169461.1

Exhibit 45 - Page 2228

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa
3  Street, 10th Floor, Los Angeles, California 90017-2543.

4  On August 16, 2007, I served true copies of the following document(s) described as **MATTEL'S CORRECTED SECOND SUPPLEMENTAL RESPONSES TO MGA'S FIRST SET OF**
5  **REQUESTS FOR PRODUCTION** on the parties in this action as follows:

6      John W. Keker                                    Patricia Glaser, Esq.
       **Keker & Van Nest, LLP**                         Christensen, Glaser, Fink, Jacobs, Weil
7      710 Sansome Street                                 & Shapiro, LLP
       San Francisco, CA 94111                          10250 Constellation Blvd., 19th Floor
8      ***Attorney for CARTER BRYANT***                 Los Angeles, CA  90067
                                                         ***Attorney for MGA Entertainment***
9

10     James Spertus
       Law Offices of James W. Spertus
11     12100 Wilshire Blvd., Suite 620
       Los Angeles, CA 90025
12

13

14  **BY U.S. MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed
     with postage thereon fully prepaid.
15

16      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

17      Executed on August 16, 2007, at Los Angeles, California.

18

19

20     Yalonda J. Dekle

21

22

23

24

25

26

27

28

07209/2128071.1

Exhibit 45 - Page 2229