# Exhibit 46

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Jon D. Corey (Bar No. 185066)
  joncorey@quinnemanuel.com
  Timothy L. Alger (Bar No. 160303)
  timalger@quinnemanuel.com
  865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Plaintiff and Counter-
Defendant Mattel

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| Plaintiff, | Consolidated with:<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| v. | MATTEL'S THIRD SUPPLEMENTAL RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION |
| MATTEL, INC., a Delaware Corporation, | |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |

07209/2342869.1

## Preliminary Statement

Mattel hereby supplements its responses to certain requests in MGA's First Set of Requests of Production pursuant to the Discovery Master's September 12, 2007 Order ("Order").

Mattel has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Indeed, facts are coming to light with each passing day that are uniquely within the possession of defendants MGA, Carter Bryant and others, which have been withheld by defendants in violation of Court orders.

Consequently, Mattel reserves the right to amend and/or supplement its responses as additional facts or documents are discovered, and if and when defendants ultimately comply with Court orders. Mattel's responses are based on facts and documents that Mattel identified as of the date of compliance stated in the Order. The responses are not intended to, and will not, preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents.

Mattel's partial response to any of the First Set of Requests for Production of Documents and Things (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other request. Mattel's agreement to produce responsive, non-privileged documents in response to a specific Request does not constitute an admission by Mattel that such responsive, non-privileged documents actually exist.

To the extent that any request calls for documents located on Mattel's Zeus computer server, Mattel has discharged its obligation of search and production by providing to MGA a file directory listing, pursuant to a meet-and-confer of counsel for Mattel and MGA on December 14, 18, 26, 2007, and January 2, 2008.

1

2                                    **General Objections**

3               To the extent that Mattel's objections were not reached in the Order by

4    the Discovery Master, Mattel continues to object generally to the Requests on each

5    and every one of the following grounds, which are incorporated into and made a part

6    of Mattel's response to each and every individual request:

7               1.      Mattel objects to the Requests on the grounds that they seek to

8    impose obligations upon Mattel beyond those required or permitted by the <u>Federal</u>

9    <u>Rules of Civil Procedure</u>.

10              2.      Mattel objects to the Requests on the grounds that they call for

11   the disclosure of information subject to the attorney-client privilege, the work

12   product doctrine and other applicable privileges, including without limitation the

13   privilege against disclosure of the identities and work product of consulting experts.

14   Such documents and information will not be produced.

15              3.      Mattel objects to the Requests on the grounds that they call for

16   information that is not relevant to the claims or defenses of the pending action, nor

17   reasonably calculated to lead to the discovery of admissible evidence.

18              4.      Mattel objects to the Requests on the grounds that they are

19   unduly burdensome and vague and ambiguous in that they purport to require Mattel

20   to identify and produce documents relating to matters that are currently known to

21   and in the possession, custody and control of defendants and third parties, including

22   third parties associated with defendants, and that are not known to Mattel.

23              5.      Mattel objects to the Requests on the grounds that they seek the

24   production of documents or information that are in the possession, custody and

25   control of independent parties over whom Mattel has no control, including without

26   limitation defendants, and seek the disclosure of information or documents that are

27   in the possession, custody and control of defendants or are publicly available and

28   hence equally available to all parties to this litigation.

6.      Mattel objects to the Requests on the grounds that they are unduly burdensome and oppressive, including without limitation in seeking "all" documents that evidence, refer or relate to a given topic.  Mattel has made available for inspection and copying those non-privileged documents and tangible items that it was able to locate after a reasonable, good-faith search for and review of files that were reasonably likely to contain responsive documents and tangible things bearing on the issues in this litigation.

7.      Mattel objects to the Requests on the grounds that they seek documents whose production would violate the terms of agreements entered into with third parties, or violate the privacy, contractual, or other rights of third parties.

8.      Mattel objects to the Requests on the grounds that the definition of "Mattel" is overbroad, vague and ambiguous and unduly burdensome.

9.      Mattel objects to the Requests on the grounds that they seek confidential, proprietary and trade secret information.  Such information, to the extent it is relevant to this action and either has been or will be produced, has been and will be produced only in reliance upon and pursuant to protective order.

10.     Mattel objects to the Requests on the grounds that they seek documents containing confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and strategies, that have no bearing on the claims or defenses in this matter.

11.     Mattel objects to each and every request to the extent that they seek documents already produced in this action.  Documents previously produced will not be produced again in response to these requests.

12.     Mattel objects to each Request seeking information on damages on that grounds that it is premature in that it seeks expert discovery.  Such discovery will be disclosed only at the time, and in the manner required by, the <u>Rules</u> and the Court's Orders.  An acknowledgement by Mattel that it has or will produce

1   documents responsive to any request should not be construed as consent to

2   premature disclosure of expert discovery.

3          13.    Mattel objects to each Request seeking information on damages

4   on that grounds that it is premature and unreasonably burdensome in that such

5   information is in the possession, custody and control of defendants and third parties

6   associated with defendants but has not been disclosed by defendants and their

7   associated third parties.

8

9   **SUPPLEMENTED RESPONSES TO REQUESTS FOR PRODUCTION**

10         To the extent that Mattel's objections were not reached in the Order by

11   the Discovery Master, each of the following responses to the Requests is expressly

12   made subject to the above Preliminary Statement and General Objections, all of

13   which are incorporated in each of the following responses to specific requests.

14   Mattel's responses are as of the date of compliance stated in the Order.

15

16   <u>AMENDED REQUEST NO. 44 (as stated in the Order):</u>

17         All DOCUMENTS discussing or mentioning Isaac Larian, authored

18   between June 2000 and October 2001, that concern, support, or refute MATTEL's

19   contentions in this litigation.

20

21   <u>RESPONSE TO AMENDED REQUEST NO. 44:</u>

22         In addition to the General Objections stated above, which are

23   incorporated herein by reference, Mattel objects to this Request on the grounds that

24   it calls for the disclosure of information subject to the attorney-client privilege, the

25   attorney work-product doctrine and other applicable privileges.  Subject to the

26   foregoing, and pursuant to the Order, including the limitation stated in the Order that

27   MGA "seeks documents relevant to the claims and defenses in the case and [the

28   request is] limited in subject matter as well as temporal scope," Mattel responds as

follows:  Mattel has produced those responsive, non-privileged documents that it was able to locate after a reasonable, good-faith search for and review of files that were reasonably likely to contain responsive documents bearing on the issues in this litigation.

AMENDED REQUEST NO. 45 (as stated in the Order):

All DOCUMENTS discussing or mentioning Paula Treantafellas, authored between June 2000 and October 2001, that concern, support, or refute MATTEL's contentions in this litigation.

RESPONSE TO AMENDED REQUEST NO. 45:

In addition to the General Objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Subject to the foregoing, and pursuant to the Order, including the limitation stated in the Order that MGA "seeks documents relevant to the claims and defenses in the case and [the request is] limited in subject matter as well as temporal scope," Mattel responds as follows:  Mattel has produced those responsive, non-privileged documents that it was able to locate after a reasonable, good-faith search for and review of files that were reasonably likely to contain responsive documents bearing on the issues in this litigation.

AMENDED REQUEST NO. 46 (as stated in the Order):

ALL DOCUMENTS discussing or mentioning Mercedah Ward, authored between June 2000 and October 2001, that concern, support, or refute MATTEL's contentions in this litigation.

1  RESPONSE TO AMENDED REQUEST NO. 46:

2          In addition to the General Objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges.  Subject to the

6  foregoing, and pursuant to the Order, including the limitation stated in the Order that

7  MGA "seeks documents relevant to the claims and defenses in the case and [the

8  request is] limited in subject matter as well as temporal scope," Mattel responds as

9  follows:  Mattel has produced those responsive, non-privileged documents that it

10 was able to locate after a reasonable, good-faith search for and review of files that

11 were reasonably likely to contain responsive documents bearing on the issues in this

12 litigation.

13

14 REQUEST NO. 172:

15         All DOCUMENTS discussing, mentioning, relating or referring to any

16 decision or resolution of MATTEL's Board of Directors relating to litigation against

17 BRYANT.

18

19 SUPPLEMENTED RESPONSE TO REQUEST NO. 172:

20         In addition to the General Objections stated above, which are

21 incorporated herein by reference, Mattel objects to this Request on the grounds that

22 it calls for the disclosure of information subject to the attorney-client privilege, the

23 attorney work-product doctrine and other applicable privileges.  Subject to the

24 foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

25 produced those responsive, non-privileged documents that it was able to locate after

26 a reasonable, good-faith search for and review of files that were reasonably likely to

27 contain responsive documents bearing on the issues in this litigation.

28

REQUEST NO. 173:

All DOCUMENTS discussing, mentioning, relating or referring to any decision or resolution of MATTEL's Board of Directors relating to litigation against MGA.

SUPPLEMENTED RESPONSE TO REQUEST NO. 173:

In addition to the General Objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Subject to the foregoing, and pursuant to the Order, Mattel responds as follows: Mattel has produced those responsive, non-privileged documents that it was able to locate after a reasonable, good-faith search for and review of files that were reasonably likely to contain responsive documents bearing on the issues in this litigation.

REQUEST NO. 174:

All DOCUMENTS discussing, mentioning, relating or referring to any decision or resolution of MATTEL's Board of Directors relating to litigation involving BRATZ.

SUPPLEMENTED RESPONSE TO REQUEST NO. 174:

In addition to the General Objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Subject to the foregoing, and pursuant to the Order, Mattel responds as follows: Mattel has produced those responsive, non-privileged documents that it was able to locate after

a reasonable, good-faith search for and review of files that were reasonably likely to contain responsive documents bearing on the issues in this litigation.

REQUEST NO. 180:

All DOCUMENTS mentioning, referring or relating to BRYANT including, but not limited to, BRYANT's personnel file and all DOCUMENTS on MATTEL's Zeus computer system that mention BRYANT.

SUPPLEMENTED RESPONSE TO REQUEST NO. 180:

In addition to the General Objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Subject to the foregoing, and pursuant to the Order, Mattel responds as follows: Mattel has produced those responsive, non-privileged documents that it was able to locate after a reasonable, good-faith search for and review of files that were reasonably likely to contain responsive documents bearing on the issues in this litigation. To the extent that responsive documents might be located on Mattel's Zeus computer server, Mattel has discharged its obligation of search and production by providing to MGA a file directory listing, pursuant to a meet-and-confer of counsel for Mattel and MGA on December 14, 18, 26, 2007, and January 2, 2008.

REQUEST NO. 181:

All DOCUMENTS constituting, evidencing, referring to or reflecting BRYANT's work at MATTEL, including the projects he worked on.

1   <u>SUPPLEMENTED RESPONSE TO REQUEST NO. 181:</u>

2         In addition to the General Objections stated above, which are

3 incorporated herein by reference, Mattel objects to this Request on the grounds that

4 it calls for the disclosure of information subject to the attorney-client privilege, the

5 attorney work-product doctrine and other applicable privileges.  Subject to the

6 foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

7 produced those responsive, non-privileged documents that it was able to locate after

8 a reasonable, good-faith search for and review of files that were reasonably likely to

9 contain responsive documents bearing on the issues in this litigation.

10

11   <u>REQUEST NO. 182:</u>

12         All DOCUMENTS evidencing the days and hours BRYANT worked

13 for MATTEL, including all time entries and data on MATTEL's "P2" computer

14 system, and all records reflecting the days and hours BRYANT was on vacation or

15 leave of absence.

16

17   <u>SUPPLEMENTED RESPONSE TO REQUEST NO. 182:</u>

18         In addition to the General Objections stated above, which are

19 incorporated herein by reference, Mattel objects to this Request on the grounds that

20 it calls for the disclosure of information subject to the attorney-client privilege, the

21 attorney work-product doctrine and other applicable privileges.  Subject to the

22 foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

23 produced those responsive, non-privileged documents that it was able to locate after

24 a reasonable, good-faith search for and review of files that were reasonably likely to

25 contain responsive documents bearing on the issues in this litigation.

26

27

28

REQUEST NO. 183:

All DOCUMENTS constituting, consisting of, comprising or reflecting records of all phone calls BRYANT placed and received and all facsimiles BRYANT sent and received during his employment at MATTEL, including, specifically, without limitation, all phone logs, phone records and facsimile transmittals and facsimile records evidencing all phone calls and facsimiles BRYANT placed or received in September and October 2000.

SUPPLEMENTED RESPONSE TO REQUEST NO. 183:

In addition to the General Objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Subject to the foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has produced those responsive, non-privileged documents that it was able to locate after a reasonable, good-faith search for and review of files that were reasonably likely to contain responsive documents bearing on the issues in this litigation.

REQUEST NO. 186:

All DOCUMENTS evidencing, mentioning, referring to, or relating to BRYANT's involvement with, work on, or connection to the conception, design, creation or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

SUPPLEMENTED RESPONSE TO REQUEST NO. 186:

In addition to the General Objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Subject to the

1  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has
2  produced those responsive, non-privileged documents that it was able to locate after
3  a reasonable, good-faith search for and review of files that were reasonably likely to
4  contain responsive documents bearing on the issues in this litigation.

5

6  REQUEST NO. 187:
7        All DOCUMENTS evidencing, mentioning, referring to, or relating to
8  BRYANT's involvement with, contract with, and work with or for MGA.

9

10  SUPPLEMENTED RESPONSE TO REQUEST NO. 187:
11        In addition to the General Objections stated above, which are
12  incorporated herein by reference, Mattel objects to this Request on the grounds that
13  it calls for the disclosure of information subject to the attorney-client privilege, the
14  attorney work-product doctrine and other applicable privileges.  Subject to the
15  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has
16  produced those responsive, non-privileged documents that it was able to locate after
17  a reasonable, good-faith search for and review of files that were reasonably likely to
18  contain responsive documents bearing on the issues in this litigation.

19

20  REQUEST NO. 188:
21        All DOCUMENTS mentioning, referring to, or relating to YOUR
22  decision to sue BRYANT including, without limitation, COMMUNICATIONS
23  mentioning, discussing, describing, referring to, or relating to the reasons and
24  factors that influenced the decision, the timing of the decision, and the date and
25  manner in which YOU made the decision.

26

27

28

07209/2342869.1

-11-

1  SUPPLEMENTED RESPONSE TO REQUEST NO. 188:

2          In addition to the General Objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges.  Subject to the

6  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

7  produced those responsive, non-privileged documents that it was able to locate after

8  a reasonable, good-faith search for and review of files that were reasonably likely to

9  contain responsive documents bearing on the issues in this litigation.

10

11  REQUEST NO. 190:

12          All DOCUMENTS mentioning, referring to, or relating to any decision

13  not to sue BRYANT including, without limitation, COMMUNICATIONS

14  mentioning, discussing, describing, referring to, or relating to the reasons and

15  factors that influenced the decision, the timing of the decision, and the date and

16  manner in which YOU made the decision.

17

18  SUPPLEMENTED RESPONSE TO REQUEST NO. 190:

19          In addition to the General Objections stated above, which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it calls for the disclosure of information subject to the attorney-client privilege, the

22  attorney work-product doctrine and other applicable privileges.  Subject to the

23  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

24  produced those responsive, non-privileged documents that it was able to locate after

25  a reasonable, good-faith search for and review of files that were reasonably likely to

26  contain responsive documents bearing on the issues in this litigation.

27

28

1   REQUEST NO. 224:

2          All COMMUNICATIONS and all DOCUMENTS constituting,

3   mentioning, describing discussing, referring or relating to all COMMUNICATIONS

4   with Anna Rhee that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ

5   DOLLS or BRYANT's work for MGA.

6

7   SUPPLEMENTED RESPONSE TO REQUEST NO. 224:

8          In addition to the General Objections stated above, which are

9   incorporated herein by reference, Mattel objects to this Request on the grounds that

10  it calls for the disclosure of information subject to the attorney-client privilege, the

11  attorney work-product doctrine and other applicable privileges.  Subject to the

12  foregoing, and as limited by the interpretation of the Request by MGA and the

13  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

14  privileged documents that it was able to locate after a reasonable, good-faith search

15  for and review of files that were reasonably likely to contain responsive documents

16  bearing on the issues in this litigation.

17

18  REQUEST NO. 225:

19         All COMMUNICATIONS and all DOCUMENTS constituting,

20  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

21  with Anna Rhee that refer or relate to this litigation, the facts and circumstances

22  giving rise to this litigation, or BRYANT's alleged misconduct.

23

24  SUPPLEMENTED RESPONSE TO REQUEST NO. 225:

25         In addition to the General Objections stated above, which are

26  incorporated herein by reference, Mattel objects to this Request on the grounds that

27  it calls for the disclosure of information subject to the attorney-client privilege, the

28  attorney work-product doctrine and other applicable privileges.  Subject to the

1  foregoing, and as limited by the interpretation of the Request by MGA and the

2  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

3  privileged documents that it was able to locate after a reasonable, good-faith search

4  for and review of files that were reasonably likely to contain responsive documents

5  bearing on the issues in this litigation.

6

7  REQUEST NO. 226:

8           All COMMUNICATIONS and all DOCUMENTS constituting,

9  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

10  with Margaret Leahy that refer or relate to the BRATZ CONCEPT, the FIRST

11  BRATZ DOLLS or BRYANT's work for MGA.

12

13  SUPPLEMENTED RESPONSE TO REQUEST NO. 226:

14           In addition to the General Objections stated above, which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it calls for the disclosure of information subject to the attorney-client privilege, the

17  attorney work-product doctrine and other applicable privileges.  Subject to the

18  foregoing, and as limited by the interpretation of the Request by MGA and the

19  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

20  privileged documents that it was able to locate after a reasonable, good-faith search

21  for and review of files that were reasonably likely to contain responsive documents

22  bearing on the issues in this litigation.

23

24  REQUEST NO. 227:

25           All COMMUNICATIONS, and all DOCUMENTS constituting,

26  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

27  with Margaret Leahy that refer or relate to this litigation, the facts and circumstances

28  giving rise to this litigation, or BRYANT's alleged misconduct.

1   SUPPLEMENTED RESPONSE TO REQUEST NO. 227:

2         In addition to the General Objections stated above, which are

3   incorporated herein by reference, Mattel objects to this Request on the grounds that

4   it calls for the disclosure of information subject to the attorney-client privilege, the

5   attorney work-product doctrine and other applicable privileges. Subject to the

6   foregoing, and as limited by the interpretation of the Request by MGA and the

7   Order, Mattel responds as follows: Mattel has produced those responsive, non-

8   privileged documents that it was able to locate after a reasonable, good-faith search

9   for and review of files that were reasonably likely to contain responsive documents

10  bearing on the issues in this litigation.

11

12  REQUEST NO. 228:

13        All COMMUNICATIONS and all DOCUMENTS constituting,

14  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

15  with Margaret Leahy's husband that refer or relate to the BRATZ CONCEPT, the

16  FIRST BRATZ DOLLS or BRYANT's work for MGA.

17

18  SUPPLEMENTED RESPONSE TO REQUEST NO. 228:

19        In addition to the General Objections stated above, which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it calls for the disclosure of information subject to the attorney-client privilege, the

22  attorney work-product doctrine and other applicable privileges. Subject to the

23  foregoing, and as limited by the interpretation of the Request by MGA and the

24  Order, Mattel responds as follows: Mattel has produced those responsive, non-

25  privileged documents that it was able to locate after a reasonable, good-faith search

26  for and review of files that were reasonably likely to contain responsive documents

27  bearing on the issues in this litigation.

28

07209/2342869.1

-15-

REQUEST NO. 229:

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Margaret Leahy's husband that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

SUPPLEMENTED RESPONSE TO REQUEST NO. 229:

In addition to the General Objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Subject to the foregoing, and as limited by the interpretation of the Request by MGA and the Order, Mattel responds as follows: Mattel has produced those responsive, non-privileged documents that it was able to locate after a reasonable, good-faith search for and review of files that were reasonably likely to contain responsive documents bearing on the issues in this litigation.

REQUEST NO. 230:

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Victoria O'Connor that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

SUPPLEMENTED RESPONSE TO REQUEST NO. 230:

In addition to the General Objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Subject to the

1  foregoing, and as limited by the interpretation of the Request by MGA and the
2  Order, Mattel responds as follows:  Mattel has produced those responsive, non-
3  privileged documents that it was able to locate after a reasonable, good-faith search
4  for and review of files that were reasonably likely to contain responsive documents
5  bearing on the issues in this litigation.
6
7  REQUEST NO. 231:
8          All COMMUNICATIONS, and all DOCUMENTS constituting,
9  mentioning, describing discussing, referring or relating to all COMMUNICATIONS
10 with Victoria O'Connor that refer or relate to this litigation, the facts and
11 circumstances giving rise to this litigation, or BRYANT's alleged misconduct.
12
13 SUPPLEMENTED RESPONSE TO REQUEST NO. 231:
14         In addition to the General Objections stated above, which are
15 incorporated herein by reference, Mattel objects to this Request on the grounds that
16 it calls for the disclosure of information subject to the attorney-client privilege, the
17 attorney work-product doctrine and other applicable privileges.  Subject to the
18 foregoing, and as limited by the interpretation of the Request by MGA and the
19 Order, Mattel responds as follows:  Mattel has produced those responsive, non-
20 privileged documents that it was able to locate after a reasonable, good-faith search
21 for and review of files that were reasonably likely to contain responsive documents
22 bearing on the issues in this litigation.
23
24 REQUEST NO. 232:
25         All COMMUNICATIONS and all DOCUMENTS constituting,
26 mentioning, describing discussing, referring or relating to all COMMUNICATIONS
27 with Ramona Prince that refer or relate to the BRATZ CONCEPT, the FIRST
28 BRATZ DOLLS or BRYANT's work for MGA.

1  SUPPLEMENTED RESPONSE TO REQUEST NO. 232:

2          In addition to the General Objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges.  Subject to the

6  foregoing, and as limited by the interpretation of the Request by MGA and the

7  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

8  privileged documents that it was able to locate after a reasonable, good-faith search

9  for and review of files that were reasonably likely to contain responsive documents

10  bearing on the issues in this litigation.

11

12  REQUEST NO. 233:

13          All COMMUNICATIONS and all DOCUMENTS constituting,

14  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

15  with Ramona Prince that refer or relate to this litigation, the facts and circumstances

16  giving rise to this litigation, or BRYANT's alleged misconduct.

17

18  SUPPLEMENTED RESPONSE TO REQUEST NO. 233:

19          In addition to the General Objections stated above, which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it calls for the disclosure of information subject to the attorney-client privilege, the

22  attorney work-product doctrine and other applicable privileges.  Subject to the

23  foregoing, and as limited by the interpretation of the Request by MGA and the

24  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

25  privileged documents that it was able to locate after a reasonable, good-faith search

26  for and review of files that were reasonably likely to contain responsive documents

27  bearing on the issues in this litigation.

28

1  REQUEST NO. 234:

2          All COMMUNICATIONS and all DOCUMENTS constituting,

3  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

4  with Lilly [sic] Martinez that refer or relate to the BRATZ CONCEPT, the FIRST

5  BRATZ DOLLS or BRYANT's work for MGA.

6

7  SUPPLEMENTED RESPONSE TO REQUEST NO. 234

8          In addition to the General Objections stated above, which are

9  incorporated herein by reference, Mattel objects to this Request on the grounds that

10  it calls for the disclosure of information subject to the attorney-client privilege, the

11  attorney work-product doctrine and other applicable privileges.  Subject to the

12  foregoing, and as limited by the interpretation of the Request by MGA and the

13  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

14  privileged documents that it was able to locate after a reasonable, good-faith search

15  for and review of files that were reasonably likely to contain responsive documents

16  bearing on the issues in this litigation.

17

18  REQUEST NO. 235:

19          All COMMUNICATIONS and all DOCUMENTS constituting,

20  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

21  with Lilly [sic] Martinez that refer or relate to this litigation, the facts and

22  circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

23

24  SUPPLEMENTED RESPONSE TO REQUEST NO. 235:

25          In addition to the General Objections stated above, which are

26  incorporated herein by reference, Mattel objects to this Request on the grounds that

27  it calls for the disclosure of information subject to the attorney-client privilege, the

28  attorney work-product doctrine and other applicable privileges.  Subject to the

1   foregoing, and as limited by the interpretation of the Request by MGA and the
2   Order, Mattel responds as follows:  Mattel has produced those responsive, non-
3   privileged documents that it was able to locate after a reasonable, good-faith search
4   for and review of files that were reasonably likely to contain responsive documents
5   bearing on the issues in this litigation.
6
7   <u>REQUEST NO. 236:</u>
8           All COMMUNICATIONS and all DOCUMENTS constituting,
9   mentioning, describing discussing, referring or relating to all COMMUNICATIONS
10  with Ron Longsdorff [sic] that refer or relate to the BRATZ CONCEPT, the FIRST
11  BRATZ DOLLS or BRYANT's work for MGA.
12
13  <u>SUPPLEMENTED RESPONSE TO REQUEST NO. 236:</u>
14          In addition to the General Objections stated above, which are
15  incorporated herein by reference, Mattel objects to this Request on the grounds that
16  it calls for the disclosure of information subject to the attorney-client privilege, the
17  attorney work-product doctrine and other applicable privileges.  Subject to the
18  foregoing, and as limited by the interpretation of the Request by MGA and the
19  Order, Mattel responds as follows:  Mattel has produced those responsive, non-
20  privileged documents that it was able to locate after a reasonable, good-faith search
21  for and review of files that were reasonably likely to contain responsive documents
22  bearing on the issues in this litigation.
23
24  <u>REQUEST NO. 237:</u>
25          All COMMUNICATIONS and all DOCUMENTS constituting,
26  mentioning, describing discussing, referring or relating to all COMMUNICATIONS
27  with Ron Longsdorff [sic] that refer or relate to this litigation, the facts and
28  circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

1  SUPPLEMENTED RESPONSE TO REQUEST NO. 237:

2       In addition to the General Objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges.  Subject to the

6  foregoing, and as limited by the interpretation of the Request by MGA and the

7  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

8  privileged documents that it was able to locate after a reasonable, good-faith search

9  for and review of files that were reasonably likely to contain responsive documents

10  bearing on the issues in this litigation.

11

12  REQUEST NO. 238:

13       All COMMUNICATIONS and all DOCUMENTS constituting,

14  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

15  with Matt Bousquette that refer or relate to the BRATZ CONCEPT, the FIRST

16  BRATZ DOLLS or BRYANT's work for MGA.

17

18  SUPPLEMENTED RESPONSE TO REQUEST NO. 238:

19       In addition to the General Objections stated above, which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it calls for the disclosure of information subject to the attorney-client privilege, the

22  attorney work-product doctrine and other applicable privileges.  Subject to the

23  foregoing, and as limited by the interpretation of the Request by MGA and the

24  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

25  privileged documents that it was able to locate after a reasonable, good-faith search

26  for and review of files that were reasonably likely to contain responsive documents

27  bearing on the issues in this litigation.

28

07209/2342869.1

-21-

MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 46 - Page 2251

1 | REQUEST NO. 239:

2 |        All COMMUNICATIONS and all DOCUMENTS constituting,

3 | mentioning, describing discussing, referring or relating to all COMMUNICATIONS

4 | with Matt Bousquette that refer or relate to this litigation, the facts and

5 | circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

6 |

7 | SUPPLEMENTED RESPONSE TO REQUEST NO. 239:

8 |        In addition to the General Objections stated above, which are

9 | incorporated herein by reference, Mattel objects to this Request on the grounds that

10 | it calls for the disclosure of information subject to the attorney-client privilege, the

11 | attorney work-product doctrine and other applicable privileges.  Subject to the

12 | foregoing, and as limited by the interpretation of the Request by MGA and the

13 | Order, Mattel responds as follows:  Mattel has produced those responsive, non-

14 | privileged documents that it was able to locate after a reasonable, good-faith search

15 | for and review of files that were reasonably likely to contain responsive documents

16 | bearing on the issues in this litigation.

17 |

18 | REQUEST NO. 240:

19 |        All COMMUNICATIONS and all DOCUMENTS constituting,

20 | mentioning, describing discussing, referring or relating to all COMMUNICATIONS

21 | with Adrienne Fontanella that refer or relate to the BRATZ CONCEPT, the FIRST

22 | BRATZ DOLLS or BRYANT's work for MGA.

23 |

24 | SUPPLEMENTED RESPONSE TO REQUEST NO. 249:

25 |        In addition to the General Objections stated above, which are

26 | incorporated herein by reference, Mattel objects to this Request on the grounds that

27 | it calls for the disclosure of information subject to the attorney-client privilege, the

28 | attorney work-product doctrine and other applicable privileges.  Subject to the

-22-

1   foregoing, and as limited by the interpretation of the Request by MGA and the

2   Order, Mattel responds as follows:  Mattel has produced those responsive, non-

3   privileged documents that it was able to locate after a reasonable, good-faith search

4   for and review of files that were reasonably likely to contain responsive documents

5   bearing on the issues in this litigation.

6

7   REQUEST NO. 241:

8          All COMMUNICATIONS and all DOCUMENTS constituting,

9   mentioning, describing discussing, referring or relating to all COMMUNICATIONS

10  with Adrienne Fontanella that refer or relate to this litigation, the facts and

11  circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

12

13  SUPPLEMENTED RESPONSE TO REQUEST NO. 241:

14         In addition to the General Objections stated above, which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it calls for the disclosure of information subject to the attorney-client privilege, the

17  attorney work-product doctrine and other applicable privileges.  Subject to the

18  foregoing, and as limited by the interpretation of the Request by MGA and the

19  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

20  privileged documents that it was able to locate after a reasonable, good-faith search

21  for and review of files that were reasonably likely to contain responsive documents

22  bearing on the issues in this litigation.

23

24  REQUEST NO. 242:

25         All COMMUNICATIONS and all DOCUMENTS constituting,

26  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

27  with Tim Kilpin that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ

28  DOLLS or BRYANT's work for MGA.

-23-
MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

Exhibit 46 - Page 2253

1  SUPPLEMENTED RESPONSE TO REQUEST NO. 242:

2          In addition to the General Objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges.  Subject to the

6  foregoing, and as limited by the interpretation of the Request by MGA and the

7  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

8  privileged documents that it was able to locate after a reasonable, good-faith search

9  for and review of files that were reasonably likely to contain responsive documents

10  bearing on the issues in this litigation.

11

12  REQUEST NO. 243:

13          All COMMUNICATIONS and all DOCUMENTS constituting,

14  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

15  with Tim Kilpin that refer or relate to this litigation, the facts and circumstances

16  giving rise to this litigation, or BRYANT's alleged misconduct.

17

18  SUPPLEMENTED RESPONSE TO REQUEST NO. 243:

19          In addition to the General Objections stated above, which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it calls for the disclosure of information subject to the attorney-client privilege, the

22  attorney work-product doctrine and other applicable privileges.  Subject to the

23  foregoing, and as limited by the interpretation of the Request by MGA and the

24  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

25  privileged documents that it was able to locate after a reasonable, good-faith search

26  for and review of files that were reasonably likely to contain responsive documents

27  bearing on the issues in this litigation.

28

07209/2342869.1

REQUEST NO. 244:

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Sujata Luther that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

SUPPLEMENTED RESPONSE TO REQUEST NO. 244:

In addition to the General Objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Subject to the foregoing, and as limited by the interpretation of the Request by MGA and the Order, Mattel responds as follows:  Mattel has produced those responsive, non-privileged documents that it was able to locate after a reasonable, good-faith search for and review of files that were reasonably likely to contain responsive documents bearing on the issues in this litigation.

REQUEST NO. 245:

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Sujata Luther that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

SUPPLEMENTED RESPONSE TO REQUEST NO. 245:

In addition to the General Objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Subject to the

1   foregoing, and as limited by the interpretation of the Request by MGA and the
2   Order, Mattel responds as follows:  Mattel has produced those responsive, non-
3   privileged documents that it was able to locate after a reasonable, good-faith search
4   for and review of files that were reasonably likely to contain responsive documents
5   bearing on the issues in this litigation.
6
7   REQUEST NO. 246:
8           All COMMUNICATIONS and all DOCUMENTS constituting,
9   mentioning, describing discussing, referring or relating to all COMMUNICATIONS
10  with Alan Kaye that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ
11  DOLLS or BRYANT's work for MGA.
12
13  SUPPLEMENTED RESPONSE TO REQUEST NO. 246:
14          In addition to the General Objections stated above, which are
15  incorporated herein by reference, Mattel objects to this Request on the grounds that
16  it calls for the disclosure of information subject to the attorney-client privilege, the
17  attorney work-product doctrine and other applicable privileges.  Subject to the
18  foregoing, and as limited by the interpretation of the Request by MGA and the
19  Order, Mattel responds as follows:  Mattel has produced those responsive, non-
20  privileged documents that it was able to locate after a reasonable, good-faith search
21  for and review of files that were reasonably likely to contain responsive documents
22  bearing on the issues in this litigation.
23
24  REQUEST NO. 247:
25          All COMMUNICATIONS and all DOCUMENTS constituting,
26  mentioning, describing discussing, referring or relating to all COMMUNICATIONS
27  with Alan Kaye that refer or relate to this litigation, the facts and circumstances
28  giving rise to this litigation, or BRYANT's alleged misconduct.

1    SUPPLEMENTED RESPONSE TO REQUEST NO. 247:

2           In addition to the General Objections stated above, which are

3    incorporated herein by reference, Mattel objects to this Request on the grounds that

4    it calls for the disclosure of information subject to the attorney-client privilege, the

5    attorney work-product doctrine and other applicable privileges.  Subject to the

6    foregoing, and as limited by the interpretation of the Request by MGA and the

7    Order, Mattel responds as follows:  Mattel has produced those responsive, non-

8    privileged documents that it was able to locate after a reasonable, good-faith search

9    for and review of files that were reasonably likely to contain responsive documents

10   bearing on the issues in this litigation.

11

12   REQUEST NO. 248:

13          All COMMUNICATIONS and all DOCUMENTS constituting,

14   mentioning, describing discussing, referring or relating to all COMMUNICATIONS

15   with Veronica Marlowe that refer or relate to the BRATZ CONCEPT, the FIRST

16   BRATZ DOLLS or BRYANT's work for MGA.

17

18   SUPPLEMENTED RESPONSE TO REQUEST NO. 248:

19          In addition to the General Objections stated above, which are

20   incorporated herein by reference, Mattel objects to this Request on the grounds that

21   it calls for the disclosure of information subject to the attorney-client privilege, the

22   attorney work-product doctrine and other applicable privileges.  Subject to the

23   foregoing, and as limited by the interpretation of the Request by MGA and the

24   Order, Mattel responds as follows:  Mattel has produced those responsive, non-

25   privileged documents that it was able to locate after a reasonable, good-faith search

26   for and review of files that were reasonably likely to contain responsive documents

27   bearing on the issues in this litigation.

28

1  REQUEST NO. 249:

2        All COMMUNICATIONS and all DOCUMENTS constituting,

3  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

4  with Veronica Marlowe that refer or relate to this litigation, the facts and

5  circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

6

7  SUPPLEMENTED RESPONSE TO REQUEST NO. 249:

8        In addition to the General Objections stated above, which are

9  incorporated herein by reference, Mattel objects to this Request on the grounds that

10  it calls for the disclosure of information subject to the attorney-client privilege, the

11  attorney work-product doctrine and other applicable privileges.  Subject to the

12  foregoing, and as limited by the interpretation of the Request by MGA and the

13  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

14  privileged documents that it was able to locate after a reasonable, good-faith search

15  for and review of files that were reasonably likely to contain responsive documents

16  bearing on the issues in this litigation.

17

18  REQUEST NO. 258:

19        All DOCUMENTS relating to Bryant's employment including, without

20  limitation, DOCUMENTS reflecting the period and conditions of the employment,

21  the terms of the employment, and his job duties and responsibilities.

22

23  SUPPLEMENTED RESPONSE TO REQUEST NO. 258:

24        In addition to the General Objections stated above, which are

25  incorporated herein by reference, Mattel objects to this Request on the grounds that

26  it calls for the disclosure of information subject to the attorney-client privilege, the

27  attorney work-product doctrine and other applicable privileges.  Subject to the

28  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

1   produced those responsive, non-privileged documents that it was able to locate after

2   a reasonable, good-faith search for and review of files that were reasonably likely to

3   contain responsive documents bearing on the issues in this litigation.

4

5   REQUEST NO. 259:

6          All DOCUMENTS that evidence, describe, mention, refer or relate to

7   the similarity of any art work created by any MATTEL employee, including but not

8   limited to BRYANT, prior to October 20, 2000, to BRATZ.

9

10  SUPPLEMENTED RESPONSE TO REQUEST NO. 259:

11         In addition to the General Objections stated above, which are

12  incorporated herein by reference, Mattel objects to this Request on the grounds that

13  it calls for the disclosure of information subject to the attorney-client privilege, the

14  attorney work-product doctrine and other applicable privileges.  Subject to the

15  foregoing, and pursuant to the Order, including the limitation stated in the Order that

16  MGA "is only seeking documents relating to the original artwork or work product

17  that Mattel claims Bryant copied, and is not seeking all documents relating to the

18  Diva Starz line," Mattel responds as follows:  Mattel has produced those responsive,

19  non-privileged documents that it was able to locate after a reasonable, good-faith

20  search for and review of files that were reasonably likely to contain responsive

21  documents bearing on the issues in this litigation.

22

23  REQUEST NO. 260:

24         All DOCUMENTS created after January 4, 1999 that evidence, relate

25  or refer to any activities of BRYANT other than his work for MATTEL.

26

27

28

-29-

1 | SUPPLEMENTED RESPONSE TO REQUEST NO. 260:

2 |      In addition to the General Objections stated above, which are

3 | incorporated herein by reference, Mattel objects to this Request on the grounds that

4 | it calls for the disclosure of information subject to the attorney-client privilege, the

5 | attorney work-product doctrine and other applicable privileges.  Subject to the

6 | foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

7 | produced those responsive, non-privileged documents that it was able to locate after

8 | a reasonable, good-faith search for and review of files that were reasonably likely to

9 | contain responsive documents bearing on the issues in this litigation.

10 |

11 | REQUEST NO. 261:

12 |      All DOCUMENTS created after January 4, 1999 that evidence, relate or refer

13 | to any activities of any current or former MATTEL employee performed in

14 | connection with the conception, creation, design or development of BRATZ or

15 | BRATZ INTELLECTUAL PROPERTY.

16 |

17 | SUPPLEMENTED RESPONSE TO REQUEST NO. 261:

18 |      In addition to the General Objections stated above, which are

19 | incorporated herein by reference, Mattel objects to this Request on the grounds that

20 | it calls for the disclosure of information subject to the attorney-client privilege, the

21 | attorney work-product doctrine and other applicable privileges.  Mattel further

22 | objects to this Request on the grounds that it seeks information that is uniquely

23 | within the possession of MGA, Bryant and other parties, as shown by ongoing

24 | discovery, and, indeed, defendants have concealed and continue to conceal this

25 | information in defiance of the Court's Orders.  Subject to the foregoing, and

26 | pursuant to the Order, including the limitation stated in the Order that MGA "is only

27 | seeking documents relating to the original artwork or work product that Mattel

28 | claims Bryant copied, and is not seeking all documents relating to the Diva Starz

1  line," Mattel responds as follows:  Mattel has produced those responsive, non-

2  privileged documents that it was able to locate after a reasonable, good-faith search

3  for and review of files that were reasonably likely to contain responsive documents

4  bearing on the issues in this litigation.

5

6  AMENDED REQUEST NO. 264 (as stated in the Order):

7          DOCUMENTS sufficient to identify all iterations of MATTEL'S policy

8  regarding part-time employment at MATTEL.

9

10  RESPONSE TO AMENDED REQUEST NO. 264:

11          Subject to the General Objections stated above, which are incorporated

12  herein by reference, and pursuant to the Order, Mattel responds as follows:  Mattel

13  has produced those responsive, non-privileged documents that it was able to locate

14  after a reasonable, good-faith search for and review of files that were reasonably

15  likely to contain responsive documents bearing on the issues in this litigation.

16

17  AMENDED REQUEST NO. 265 (as stated in the Order):

18          DOCUMENTS sufficient to identify all iterations of MATTEL's policy

19  regarding temporary employment at MATTEL.

20

21  RESPONSE TO AMENDED REQUEST NO. 265:

22          Subject to the General Objections stated above, which are incorporated

23  herein by reference, and pursuant to the Order, Mattel responds as follows:  Mattel

24  has produced those responsive, non-privileged documents that it was able to locate

25  after a reasonable, good-faith search for and review of files that were reasonably

26  likely to contain responsive documents bearing on the issues in this litigation.

27

28

AMENDED REQUEST NO. 266 (as stated in the Order):

All DOCUMENTS, including agreements and contracts, that describe, discuss, govern, control, regulate or limit how and to what extent a person employed part-time at MATTEL is allowed, or not allowed, to work for him or herself or other companies or entities, including MGA, while employed by MATTEL.

RESPONSE TO AMENDED REQUEST NO. 266:

In addition to the General Objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Subject to the foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has produced those responsive, non-privileged documents that it was able to locate after a reasonable, good-faith search for and review of files that were reasonably likely to contain responsive documents bearing on the issues in this litigation.

AMENDED REQUEST NO. 267 (as stated in the Order):

All DOCUMENTS, including agreements and contracts, that describe, discuss, govern, control, regulate or limit how and to what extent a person employed part-time at MATTEL is allowed, or not allowed, to work for him or herself or other companies or entities, including MGA, while employed by MATTEL.

RESPONSE TO AMENDED REQUEST NO. 267:

In addition to the General Objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Subject to the foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

1  produced those responsive, non-privileged documents that it was able to locate after

2  a reasonable, good-faith search for and review of files that were reasonably likely to

3  contain responsive documents bearing on the issues in this litigation.

4

5  REQUEST NO. 268:

6          All hard drives and back-up data, no matter how stored, for all

7  computers used by BRYANT while employed by MATTEL, to the extent such

8  drives and back-up data contain data made or accessed by, sent to or received by

9  BRYANT.

10

11  SUPPLEMENTED RESPONSE TO REQUEST NO. 268:

12          In addition to the General Objections stated above, which are

13  incorporated herein by reference, Mattel objects to this Request to the extent that it

14  calls for the disclosure of information subject to the attorney-client privilege, the

15  attorney work-product doctrine and other applicable privileges.  Subject to the

16  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

17  conducted a reasonable, good-faith search for the hard drives and back-up data for

18  all computers used by Bryant while employed by Mattel.  Mattel will produce

19  responsive hard drives and data if and when they are located.

20

21  REQUEST NO. 269:

22          All DOCUMENTS that constitute, evidence, describe, depict, refer or

23  relate to any art work or other work product done by YOU that YOU contend

24  BRYANT utilized or used in connection with his creation of anything for MGA,

25  including, without limitation, BRATZ or BRATZ INTELLECTUAL PROPERTY.

26

27

28

07209/2342869.1

1  SUPPLEMENTED RESPONSE TO REQUEST NO. 269:

2          In addition to the General Objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges.  Mattel further

6  objects to this Request on the grounds that it seeks information that is uniquely

7  within the possession of MGA, Bryant and other parties, as shown by ongoing

8  discovery, and, indeed, defendants have concealed and continue to conceal this

9  information in defiance of the Court's Orders.  Subject to the foregoing, and

10  pursuant to the Order, including the limitation stated in the Order that MGA "is only

11  seeking documents relating to the original artwork or work product that Mattel

12  claims Bryant copied, and is not seeking all documents relating to the Diva Starz

13  line," Mattel responds as follows:  Mattel has produced those responsive, non-

14  privileged documents that it was able to locate after a reasonable, good-faith search

15  for and review of files that were reasonably likely to contain responsive documents

16  bearing on the issues in this litigation.

17

18  REQUEST NO. 270:

19          All DOCUMENTS and COMMUNICATIONS in YOUR possession

20  that were exchanged between BRYANT and Anne Wang.

21

22  SUPPLEMENTED RESPONSE TO REQUEST NO. 270:

23          In addition to the General Objections stated above, which are

24  incorporated herein by reference, Mattel objects to this Request on the grounds that

25  it calls for the disclosure of information subject to the attorney-client privilege, the

26  attorney work-product doctrine and other applicable privileges.  Subject to the

27  foregoing, and pursuant to the Order, Mattel responds as follows:  No responsive

28  documents have been located by Mattel after a reasonable, good-faith search for and

1   review of files that were reasonably likely to contain responsive documents bearing
2   on the issues in this litigation.

3

4   REQUEST NO. 271:

5           All DOCUMENTS and COMMUNICATIONS in YOUR possession
6   that were exchanged between BRYANT and MGA.

7

8   SUPPLEMENTED RESPONSE TO REQUEST NO. 271:

9           In addition to the General Objections stated above, which are
10  incorporated herein by reference, Mattel objects to this Request on the grounds that
11  it calls for the disclosure of information subject to the attorney-client privilege, the
12  attorney work-product doctrine and other applicable privileges.  Subject to the
13  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has
14  produced those responsive, non-privileged documents that it was able to locate after
15  a reasonable, good-faith search for and review of files that were reasonably likely to
16  contain responsive documents bearing on the issues in this litigation.

17

18  REQUEST NO. 296:

19          All DOCUMENTS supporting, refuting, or evidencing the allegation in
20  paragraph 17 of the COMPLAINT that the "Employment Agreement and the
21  Conflict Questionnaire are valid, enforceable contracts."

22

23  SUPPLEMENTED RESPONSE TO REQUEST NO. 296:

24          In addition to the General Objections stated above, which are
25  incorporated herein by reference, Mattel objects to this Request on the grounds that
26  it calls for the disclosure of information subject to the attorney-client privilege, the
27  attorney work-product doctrine and other applicable privileges.  Subject to the
28  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

1 | produced those responsive, non-privileged documents that it was able to locate after

2 | a reasonable, good-faith search for and review of files that were reasonably likely to

3 | contain responsive documents bearing on the issues in this litigation.

4

5 | REQUEST NO. 302:

6 | All DOCUMENTS constituting, evidencing, describing, showing or

7 | depicting the "intellectual property owned by Mattel," alleged in paragraph 19 of the

8 | COMPLAINT.

9

10 | SUPPLEMENTED RESPONSE TO REQUEST NO. 302:

11 | In addition to the General Objections stated above, which are

12 | incorporated herein by reference, Mattel objects to this Request on the grounds that

13 | it calls for the disclosure of information subject to the attorney-client privilege, the

14 | attorney work-product doctrine and other applicable privileges. Subject to the

15 | foregoing, and pursuant to the Order, Mattel responds as follows: Mattel has

16 | produced those responsive, non-privileged documents that it was able to locate after

17 | a reasonable, good-faith search for and review of files that were reasonably likely to

18 | contain responsive documents bearing on the issues in this litigation.

19

20 | REQUEST NO. 303:

21 | All patents, copyright registrations, and trademark registrations

22 | covering or relating to the "intellectual property owned by Mattel," alleged in

23 | paragraph 19 of the COMPLAINT, and any other indicia of ownership, authorship

24 | and inventorship including, without limitation, any assignments or licenses for or to

25 | the alleged property.

26

27

28

1  <u>SUPPLEMENTED RESPONSE TO REQUEST NO. 303:</u>

2  In addition to the General Objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges.  Subject to the

6  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

7  produced those responsive, non-privileged documents that it was able to locate after

8  a reasonable, good-faith search for and review of files that were reasonably likely to

9  contain responsive documents bearing on the issues in this litigation.

10

11  <u>REQUEST NO. 306:</u>

12  All DOCUMENTS supporting, refuting, or evidencing the allegation in

13  paragraph 20 of the COMPLAINT that "Bryant's conduct" has caused "irreparable

14  injury to Mattel."

15

16  <u>SUPPLEMENTED RESPONSE TO REQUEST NO. 306:</u>

17  In addition to the General Objections stated above, which are

18  incorporated herein by reference, Mattel objects to this Request on the grounds that

19  it calls for the disclosure of information subject to the attorney-client privilege, the

20  attorney work-product doctrine and other applicable privileges.  Subject to the

21  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

22  produced those responsive, non-privileged documents that it was able to locate after

23  a reasonable, good-faith search for and review of files that were reasonably likely to

24  contain responsive documents bearing on the issues in this litigation.

25

26

27

28

1    REQUEST NO. 307:

2         All DOCUMENTS describing, discussing, mentioning, referring or

3    relating to the nature, extent and substance of the "irreparable injury" alleged in

4    paragraph 20 of the COMPLAINT.

5

6    SUPPLEMENTED RESPONSE TO REQUEST NO. 307:

7         In addition to the General Objections stated above, which are

8    incorporated herein by reference, Mattel objects to this Request on the grounds that

9    it calls for the disclosure of information subject to the attorney-client privilege, the

10   attorney work-product doctrine and other applicable privileges.  Subject to the

11   foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

12   produced those responsive, non-privileged documents that it was able to locate after

13   a reasonable, good-faith search for and review of files that were reasonably likely to

14   contain responsive documents bearing on the issues in this litigation.

15

16   REQUEST NO. 329:

17        All DOCUMENTS constituting, identifying, evidencing, describing,

18   showing or depicting the "used and diverted Mattel ... resources" mentioned in

19   paragraph 36 of the COMPLAINT.

20

21   SUPPLEMENTED RESPONSE TO REQUEST NO. 329:

22        In addition to the General Objections stated above, which are

23   incorporated herein by reference, Mattel objects to this Request on the grounds that

24   it calls for the disclosure of information subject to the attorney-client privilege, the

25   attorney work-product doctrine and other applicable privileges.  Subject to the

26   foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

27   produced those responsive, non-privileged documents that it was able to locate after

28

1   a reasonable, good-faith search for and review of files that were reasonably likely to

2   contain responsive documents bearing on the issues in this litigation.

3

4   REQUEST NO. 330:

5          All DOCUMENTS identifying, evidencing or describing the "used and

6   diverted ... opportunities" mentioned in paragraph 36 of the COMPLAINT.

7

8   SUPPLEMENTED RESPONSE TO REQUEST NO. 330:

9          In addition to the General Objections stated above, which are

10  incorporated herein by reference, Mattel objects to this Request on the grounds that

11  it calls for the disclosure of information subject to the attorney-client privilege, the

12  attorney work-product doctrine and other applicable privileges.  Subject to the

13  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

14  produced those responsive, non-privileged documents that it was able to locate after

15  a reasonable, good-faith search for and review of files that were reasonably likely to

16  contain responsive documents bearing on the issues in this litigation.

17

18  DATED:  January 19, 2008          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
19

20                                 By
21                                    Michael T. Zeller
                                      Timothy L. Alger
22                                    Attorneys for Mattel, Inc.

23

24

25

26

27

28

07209/2342869.1

-39-

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On January 18, 2008, I served true copies of the following documents described as:

**MATTEL'S THIRD SUPPLEMENTAL RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION**

on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>  Thomas J. Nolan, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA  90071<br>Telephone:  213.687.5000<br>Facsimile:  213.687.5600 | **Attorneys for *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian and MGAE de Mexico, S.R.L. de C.V.*** |
| Keker & Van Nest, LLP<br>  John W. Keker, Esq.<br>  Michael H. Page, Esq.<br>  Christa M. Anderson, Esq.<br>710 Sansome Street<br>San Francisco, CA 94111<br>Telephone:  415.391.5400<br>Facsimile:  415.397.7188 | **Attorneys for *Carter Bryant*** |
| Overland Borenstein Scheper & Kim, LLP<br>  Mark E. Overland, Esq.<br>  David C. Scheper, Esq.<br>  Alexander H. Cote, Esq.<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071<br>Telephone:  213.613.4655<br>Facsimile:  213.613.4656 | **Attorneys for *Carlos Gustavo Machado Gomez*** |

[√]    **[MAIL]** As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business, addressed as set forth below.  I am aware that on motion of the party

07209/2336687.1

1    served, service is presumed invalid if postal cancellation date or postage

2    meter date is more than one day after date of deposit for mailing in affidavit.

3

4         I declare that I am employed in the office of a member of the bar of this

5    court at whose direction the service was made

6

7         Executed on January 18, 2008, at Los Angeles, California.

8

9

10                                    Albert V. Villamil

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE RE MATTEL'S OPPOSITION TO MOTION TO COMPEL

Exhibit 46 - Page 2271