# Exhibit 47

DIANA M. TORRES (S.B. #162284)
PAULA E. AMBROSINI (S.B. # 193126)
ALICIA C. MEYER (S.B. #230189)
O'MELVENY & MYERS, LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: dtorres@omm.com

DALE M. CENDALI (*admitted pro hac vice*)
O'MELVENY & MYERS, LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Attorneys for Defendant-in-Intervention,
MGA Entertainment, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> CARTER BRYANT, an individual, and MGA ENTERTAINMENT, INC., a California Corporation, <br><br> Defendant and Defendant-in-Intervention. | Case No. CV04-9059 NM (RNBx) <br><br> **MGA'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS** <br><br> Date Filed: April 27, 2004 <br><br> Discovery cut-off: None |
| AND RELATED COUNTERCLAIMS | |

PROPOUNDING PARTY:   MGA ENTERTAINMENT, INC.
RESPONDING PARTY:    MATTEL, INC.
SET NO.              TWO

LA2:753260.3

MGA'S SECOND SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit 47 - Page 2272

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant-in-intervention MGA Entertainment, Inc. ("MGA") requests that plaintiff Mattel, Inc. ("Mattel") produce all DOCUMENTS and tangible things described, in accordance with the Definitions and Instructions set forth below, at 10:00 a.m. on May 13, 2005, at the offices of O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, California 90071.

## INSTRUCTIONS

1. YOU are instructed to produce all non-privileged DOCUMENTS in YOUR possession, custody or control. A document is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity who has physical possession of the DOCUMENT.

2. If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, the DOCUMENT or portions of the DOCUMENT that are not being produced.

3. Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated.

4. If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work product doctrine, or other privilege, please set forth for each DOCUMENT or portion of a DOCUMENT withheld:

LA2:753260.3                                  - 1 -                  MGA'S SECOND SET OF REQUESTS FOR THE
                                                                     PRODUCTION OF DOCUMENTS AND THINGS

Exhibit 47 - Page 2273

|   |   |   |
|---|---|---|
| 1 | (a) | The place, approximate date, and manner of recording, creating or otherwise preparing the DOCUMENT; |
| 3 | (b) | The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT; |
| 5 | (c) | A general description of the subject matter of the DOCUMENT; |
| 6 | (d) | The basis of any claim of privilege; and |
| 7 | (e) | If work-product is asserted, the proceeding for which the DOCUMENT was created. |

5. For any DOCUMENT or category of DOCUMENTS that was, but no longer is, in YOUR possession, custody or control, please describe each such DOCUMENT as completely as possible and provide the following information:

    (a) The reason the DOCUMENT is no longer in YOUR possession, custody or control;

    (b) The person or entity, if any, who has possession, custody or control or, if unknown, so state;

    (c) If the DOCUMENT was destroyed or otherwise disposed of, state (i) the manner of disposal (*i.e.* destruction, loss, discarding or other means of disposal); (ii) the date of disposal; (iii) the reason for disposal; (iv) the person authorizing disposal; (v) the person disposing of the DOCUMENT; and (vi) the name and address of the most recent custodian of the DOCUMENT

6. These Requests impose a continuing obligation subsequent to your initial production to the full extent provided for in Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

As used in these Requests:

1. "BRATZ" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license by MGA, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress including but not limited to the "BRATZ CONCEPT," "FIRST BRATZ DOLLS," "BRATZ DOLLS," "BRATZ PACK", "Lil' Bratz," "Bratz Petz," "Bratz Babyz," and "Bratz Boyz."

2. "BRATZ CONCEPT" means and refers to each "BRATZ"-related image, drawing, picture, sculpt, mold, prototype and any other form of artwork predating the FIRST BRATZ DOLLS, examples of which have been the subject of Mr. Bryant's testimony and produced by Mr. Bryant bearing Bates serial numbers Bryant 00175-177; 00179-00182; 00189-00190; 00192-00196; 00198-00216; 00218; 00341; 00972; 01014; and 01116-01118.

3. "FIRST BRATZ DOLLS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress and consisting of the following: "Bratz Cloe", SKU 248521; "Bratz Cloe", SKU 248538; "Bratz Jade", SKU 248545; "Bratz Sasha, SKU 248552; "Bratz Yasmin", SKU 248569; "Bratz Pajama Power Fashion", SKU 248576; "Bratz Study Hall Fashion", SKU 248583; and "Bratz Dynamite Dance Fashion", SKU 248682.

4. "BRATZ DOLLS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the

1  "Bratz" trademark or trade dress excluding the "FIRST BRATZ DOLLS", "Lil'
2  Bratz," "Bratz Petz," and "Bratz Babyz" and including, without limitation, the
3  styling head commonly known as or sold and marketed as the "Bratz Funky
4  Fashion Make Over" styling head, and specifically including, without limitation,
5  the images, characters, dolls, playsets and other products and toys called or referred
6  to as, or named or marketed in association with the names "Cloe", "Jade", "Sasha",
7  "Yasmin", "Meygan", "Dana", "Fianna", "Nevra", "Cameron", "Dylan", "Eitan",
8  "Koby", "Cade", "Ailani", "Nazalia", "Talia", "Zada", "Mikko", "Colin",
9  "Deavon", "Lakin", "Flaunt It," "Beach Party", "Micro Bratz", "Xpress It", "Bratz
10 Boyz", "Funk 'n' Glow", "Funky Fashion Makeover", "Holiday Bratz –
11 Sweetheart", "Holiday Bratz – Spring Fling", "Holiday Bratz – Independence
12 Dance", "Slumber Party", "Strut It", "Spring Break", "Formal Funk", "Bratz Boyz
13 Formal Funk", "Wintertime Wonderland", "Style It!", "Funky Fashion Makeover",
14 "Funk Out!", "Sun-Kissed Summer", "Girls Nite Out!", "Wild Life Safari", and any
15 other released, or yet to be released, BRATZ named character or product theme.
16      5.   "BRATZ PACK" means and refers to any collection, compilation or
17 grouping of two or more images, characters or dolls that are or have ever been
18 manufactured, marketed or sold by MGA, or others under license, as part of a line
19 of goods or merchandise commonly known as, or sold and marketed under the
20 "Bratz" trademark or trade dress including, without limitation, the collection,
21 compilation or grouping of four female images, characters or dolls individually
22 named, called or referred to as "Bratz Cloe", "Bratz Jade", "Bratz Sasha", and
23 "Bratz Yasmin" and any other similar collection, compilation or grouping of two or
24 more images, characters or dolls, male or female, and specifically including,
25 without limitation, the images, characters and dolls called or referred to as, or
26 named or marketed in association with the names "Cloe", "Jade", "Sasha",
27 "Yasmin", "Meygan", "Dana", "Fianna", "Nevra", "Cameron", "Dylan", "Eitan",
28 "Koby", "Cade", "Ailani", "Nazalia", "Talia", "Zada", "Mikko", "Colin",

1  "Deavon", "Lakin", and any other released, or yet to be released, BRATZ character.

2      6.    "BRATZ INTELLECTUAL PROPERTY" means all intellectual and industrial property rights in and to BRATZ including, without limitation, all copyrights, patents, trademarks, industrial designs, trade secrets, contract and licensing rights, design rights, moral rights and trade dress rights, in any country of the world.

    7.    "BRYANT" means defendant Carter Bryant.

    8.    "COMMUNICATION[S]" means any transmission of information from one person or entity to another, including, without limitation, by personal meeting, conversation, letter, telephone, facsimile or electronic mail. Each request that encompasses information relating in any way to communications to, from or within a business or corporate entity is hereby designated to mean, and should be construed to include, all communications by and between representatives, employees, agents or servants of the business or corporate entity.

    9.    "DOCUMENT[S]" incorporates the full meaning of Federal Rule of Civil Procedure 24, and shall be construed in the broadest sense to mean any and all writings, tangible things and property, of any kind, that are now or that have been in YOUR actual or constructive possession, custody or control, including, but not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded, transcribed, graphic or photographic matter of any kind or nature, in, through, or from which information may be embodied, translated, conveyed or stored, whether an original, a draft or copy, however produced or reproduced, whether sent or received or neither, including, but not limited to, notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets, work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders, telephone records, telegrams, telexes, literature, invoices, contracts, purchase

orders, estimates, recordings, transcriptions of recordings, records, books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio and digital recordings, television commercials, story boards, website or other spot advertisements, movies, movie trailers, prototypes, products, diaries, calendars, charts, drawings, sketches, messages, photographs and data contained in or accessible through any electronic data processing system, including, but not limited to, computer databases, data sheets, data processing cards, computer files and tapes, computer disks, CD-ROMs, computer meta-data, microfilm, microfiche, electronic mail, website and web pages and transcriptions thereof and all other memorializations of any conversations, meetings and conference, by telephone or otherwise. The term DOCUMENT also means every copy of a DOCUMENT, where such copy is not an identical duplicate of the original, whether because of deletions, underlinings, showing of blind copies, initialing, signatures, receipt stamps, comments, notations, differences in stationery or any other difference or modification of any kind.

    10. "MATTEL," "PLAINTIFF," "YOU" or "YOUR" means plaintiff MATTEL, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, entities and persons acting in joint venture or partnership relationships with YOU and any others acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

    11. "MGA" means MGA Entertainment, Inc. and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, entities and persons acting in joint venture or partnership relationships with MGA and any others acting on MGA's behalf, pursuant to its authority or subject to its control.

    12. "PRAYER ANGELS" means any doll manufactured, marketed, or sold

by MGA, or others under license by MGA, or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "PRAYER ANGEL" (regardless of what such doll is or has been also or previously called) or that is now or has ever been sold or marketed as part of the "PRAYER ANGEL" line, and all prototypes, models, samples and versions of such doll or any portion thereof.

13. The singular form includes the plural, and vice versa.

14. The terms "any" and "all" are interchangeable.

15. The terms "and" and "or" shall be construed disjunctively and conjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of any Request, DOCUMENTS that would otherwise not be within its scope.

16. As used herein, the terms "relating to" and "referring to" should each be construed in the broadest possible sense to mean concerning, consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 333:**

All DOCUMENTS mentioning, referring or relating to the development or release by MGA of PRAYER ANGELS.

**REQUEST NO. 334:**

All DOCUMENTS mentioning, referring or relating to any dolls developed or produced by MGA and called or referred to therein as "Angel" or "Angels."

**REQUEST NO. 335:**

All DOCUMENTS mentioning, referring or relating to work Anna Rhee performed for MGA including but not limited to any contracts between MGA and Anna Rhee, the performance of any contracts between MGA and Anna Rhee, any

invoices pertaining to work done by Anna Rhee for MGA, any purchase orders pertaining to work done by Anna Rhee for MGA, any descriptions of projects for MGA pertaining to work done by Anna Rhee for MGA, any photographs, sketches, drawings, copies or other replicas or tangible things of any work Anna Rhee performed for MGA, any payments Anna Rhee received from MGA and the timing of any work Anna Rhee performed for MGA, to the extent that such documents have not already been produced in this litigation.

**REQUEST NO. 336:**

All DOCUMENTS mentioning, referring or relating to work Anna Rhee performed for YOU including but not limited to any contracts between YOU and Anna Rhee, the performance of any contracts between YOU and Anna Rhee, any invoices pertaining to work done by Anna Rhee for YOU, any purchase orders pertaining to work done by Anna Rhee for YOU, any descriptions of projects for YOU pertaining to work done by Anna Rhee for YOU, any photographs, sketches, drawings, copies or other replicas or tangible things of any work Anna Rhee performed for YOU, any payments Anna Rhee received from YOU and the timing of any work Anna Rhee performed for YOU.

**REQUEST NO. 337:**

All DOCUMENTS sufficient to show the name of any project Anna Rhee has worked on in the past and the amount paid to her per month since January 1, 2000.

**REQUEST NO. 338:**

All DOCUMENTS that YOU have received from Anna Rhee that refer or relate to "BRATZ," PRAYER ANGELS, any project referred to as "Angel" or "Angels," MGA, Isaac Larian, BRYANT or Paula Treantefelles Garcia, other than those documents that Anna Rhee has already produced in this litigation.

**REQUEST NO. 339:**

All DOCUMENTS that YOU have received from Anna Rhee that refer or

LA2:753260.3                                    - 8 -                    MGA'S SECOND SET OF REQUESTS FOR THE
                                                                         PRODUCTION OF DOCUMENTS AND THINGS

Exhibit 47 - Page 2280

1 | relate to this litigation, the facts and circumstances giving rise to this litigation, or
2 | BRYANT's alleged misconduct, other than those documents that Anna Rhee has
3 | already produced in this litigation.

4 | **REQUEST NO. 340:**
5 | All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,
6 | describing, discussing, referring or relating to all COMMUNICATIONS with Anna
7 | Rhee that refer or relate to "BRATZ," other than those documents that Anna Rhee
8 | has already produced in this litigation.

9 | **REQUEST NO. 341:**
10 | All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,
11 | describing, discussing, referring or relating to all COMMUNICATIONS with Anna
12 | Rhee that refer or relate to PRAYER ANGELS or any project referred to as
13 | "Angel" or "Angels," other than those documents that Anna Rhee has already
14 | produced in this litigation.

15 | **REQUEST NO. 342:**
16 | All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,
17 | describing, discussing, referring or relating to all COMMUNICATIONS with Anna
18 | Rhee that refer or relate to MGA, Isaac Larian, BRYANT or Paula Treantefelles
19 | Garcia.

20 | **REQUEST NO. 343:**
21 | All COMMUNICATIONS between YOU, including YOUR inside and
22 | outside counsel, on the one hand and counsel for Anna Rhee on the other, and all
23 | DOCUMENTS constituting, mentioning, describing, discussing, referring or
24 | relating to such COMMUNICATIONS.

25 | **REQUEST NO. 344:**
26 | All DOCUMENTS mentioning, referring or relating to any agreement or
27 | contract between YOU, including YOUR inside and outside counsel, and Anna
28 | Rhee, including any drafts thereof.

LA2:753260.3                                    - 9 -                    MGA'S SECOND SET OF REQUESTS FOR THE
                                                                         PRODUCTION OF DOCUMENTS AND THINGS

Exhibit 47 - Page 2281

**REQUEST NO. 345:**

All DOCUMENTS mentioning, referring or relating to any agreement or contract between YOU, including YOUR inside and outside counsel, and counsel for Anna Rhee, including any drafts thereof.

**REQUEST NO. 346:**

All DOCUMENTS constituting, mentioning, describing or referring to COMMUNICATIONS between YOU, including YOUR inside and outside counsel, on the one hand and counsel for Anna Rhee on the other mentioning, referring or relating to any agreement or contract between YOU, including YOUR inside and outside counsel, and Anna Rhee.

**REQUEST NO. 347:**

All documents constituting, mentioning, describing or referring to COMMUNICATIONS between YOU, including YOUR inside and outside counsel, on the one hand and counsel for Anna Rhee on the other mentioning, referring or relating to any agreement or contract between YOU, including YOUR inside and outside counsel, and counsel for Anna Rhee.

**REQUEST NO. 348:**

All telephone bills in YOUR possession, custody or control for any telephone(s), including home and cellular telephones, belonging to or assigned to Anna Rhee for the time period from January 1, 1998 to January 1, 2000.

**REQUEST NO. 349:**

All telephone bills in YOUR possession, custody or control for any telephone(s), including home and cellular telephones, belonging to or assigned to Anna Rhee for the time period from January 1, 2004 to the present.

**REQUEST NO. 350:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing, discussing, referring or relating to all COMMUNICATIONS with the United States Copyright Office in connection with the registration of "Toon Teens."

Dated:      April 13, 2005

DIANA M. TORRES
PAULA E. AMBROSINI
ALICIA C. MEYER
O'MELVENY & MYERS LLP

*Alicia C. Meyer* (signature)

Alicia C. Meyer
Attorneys for MGA Entertainment, Inc.

## PROOF OF PERSONAL SERVICE

I am a citizen of the United States and employed in the County of Los Angeles, State of California, by Worldwide Network, Inc., whose address is 1533 Wilshire Blvd., Los Angeles, CA 90017, and which has been employed by a member of the bar of this Court at whose direction the service was made. I am over the age of eighteen years and not a party to the within action. On April 13, 2005, I personally served the following:

**MGA'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

by delivering a copy thereof to the office of the following, and either handing the copy to the person named below or leaving it with the receptionist or other person having charge of the office thereof:

> Michael T. Zeller, Esq.
> Quinn Emanuel Urquhart Oliver & Hedges, LLP
> 865 South Figueroa St., 10th Floor
> Los Angeles, CA 90017-2543

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on April 13, 2005, at Los Angeles, California.

SIGNATURE: _____

PRINTED NAME: _____

Exhibit 47 - Page 2284

|   | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | I, Jan Wallis, declare: |
| 3 | I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071. On April 13, 2005, I served the within document: |
| 5 | **MGA'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS** |
| 7 | [X] by transmitting via facsimile machine the document(s) listed above to the fax number(s) set forth below on this date. The outgoing facsimile machine telephone number in this office is (213) 430-6407. |
| 9 | [X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |

*(By Facsimile and U.S. Mail)*
Douglas A. Wickham
Keith Jacoby
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
Tel: (310) 553-0308
Fax: (310) 553-5583

*(By Facsimile)*
Michael T. Zeller
Quinn Emanuel Urquhart
  Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017-2543
Tel: (213) 443-3000
Fax: (213) 443-3100

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 13, 2005, at Los Angeles, California.

_____
Jan Wallis

PROOF OF SERVICE