# Exhibit 48

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  Michael T. Zeller (Bar No. 196417)
  Jon D. Corey (Bar No. 185066)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
(213) 443-3000 (telephone)
(213) 443-3100 (facsimile)

Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>CARTER BRYANT, an individual, and DOES 1 through 10, inclusive,<br>          Defendants. | CASE NO. CV 04-9059 NM (RNBx)<br><br>MATTEL, INC.'S OBJECTIONS AND RESPONSES TO MGA ENTERTAINMENT INC.'S SECOND SET OF REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS |
| CARTER BRYANT, on behalf of himself, all present and former employees of Mattel, Inc., and the general public,<br><br>          Counter-Claimant,<br><br>     v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>          Counter-Defendant. | |

SERVED ON US BY MAIL

5/13/05

07209/655187.1

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR PRODUCTION

Exhibit 48 - Page 2286

## Preliminary Statement

Mattel has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents. Mattel's partial response to any of the Second Set of Requests for Production of Documents and Things (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other request.

## General Objections

Mattel generally objects to each of the requests on each and every one of the following grounds, which are incorporated into and made a part of Mattel's response to each and every individual request:

1.    Mattel objects to the Requests on the grounds that they seek to impose obligations upon Mattel beyond those required or permitted by the <u>Federal Rules of Civil Procedure</u>.

2.    Mattel objects to the Requests on the grounds that they call for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges, including without limitation the privilege against disclosure of the identities and work product of consulting experts. Such documents and information will not be produced.

3.     Mattel objects to the Requests on the grounds that they seek the production of documents that are neither relevant to the claims or defenses of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

4.     Mattel objects to the Requests on the grounds that they are unduly burdensome and vague and ambiguous in that they purport to require Mattel to identify and produce documents relating to matters that are currently known to and in the possession, custody and control of defendants and third parties, including third parties associated with defendants, and that are not known to Mattel.

5.     Mattel objects to the Requests on the grounds that they seek the production of documents or information that are in the possession, custody and control of independent parties over whom Mattel has no control, including without limitation defendants, and seek the disclosure of information or documents that are in the possession, custody and control of defendants or are publicly available and hence equally available to all parties to this litigation.

6.     Mattel objects to the Requests on the grounds that they are unduly burdensome and oppressive, including without limitation in seeking "all" documents that evidence, refer or relate to a given topic.  Mattel will make available for inspection and copying those documents and tangible items that it is able to locate after a reasonable, good-faith search for and review of non-privileged files that are reasonably likely to contain responsive documents and tangible things.

7.     Mattel objects to the Requests on the grounds that they seek documents whose production would violate the terms of agreements entered into with third parties, or violate the privacy, contractual, or other rights of third parties.

8.     Mattel objects to the Requests on the grounds that the definition of "Mattel" is overbroad, vague and ambiguous and unduly burdensome.

9.     Mattel objects to the Requests on the grounds that they seek documents containing confidential, proprietary and trade secret information that have no bearing on the claims or defenses in this matter.

10.     Mattel objects to each and every request to the extent that they seek documents already produced in this action.  Documents which have already been produced will not be re-produced in response to these requests.

11.     Mattel objects to the time, place and manner of production specified in defendant's Requests.  Mattel will produce responsive, non-privileged documents and tangible things, if any, in accordance with its responses at a time and place and in a manner that is reasonable, convenient and mutually agreed upon by the parties.

## SPECIFIC OBJECTIONS AND RESPONSES

Each of the following objections and responses to the Requests is expressly made subject to the above Preliminary Statement and General Objections, all of which are incorporated in each of the following objections and responses to specific requests.  A statement by Mattel that it will produce documents or tangible things in response to a Request is not intended to suggest, nor should it be construed to mean, that any such documents or tangible things exist, or that they are in Mattel's possession, custody or control.

REQUEST NO. 333:

All DOCUMENTS mentioning, referring or relating to the development or release by MGA of PRAYER ANGELS.

RESPONSE TO REQUEST NO. 333:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome on the grounds that it seeks <u>all</u> documents in Mattel's possession, custody and control authored by <u>anyone at any time</u> that mention, refer or relate to MGA's "development" or "release" of "Prayer Angels," without further limitation as to subject matter, regardless of whether such documents are publicly available and regardless of whether the documents concern matters at issue in this case, and for those same reasons further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine whether documents in Mattel's possession, custody and control relate to the development or release by MGA of "Prayer Angels" dolls are within the knowledge of defendants and third parties associated with defendants, and are not known to Mattel because of defendants' refusals to produce basic discovery.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel will produce responsive, non-privileged documents, if any, within its possession, custody or control located after a reasonable search that relate to MGA's development or initial launch of dolls that MGA has publicly called "Prayer Angels."

REQUEST NO. 334:

All DOCUMENTS mentioning, referring or relating to any dolls developed or produced by MGA and called or referred to therein as "Angel" or "Angels."

RESPONSE TO REQUEST NO. 334:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome on the grounds that it seeks <u>all</u> documents in Mattel's possession, custody and control authored by <u>anyone at any time</u> that mention, refer or relate to <u>any</u> dolls developed or produced by MGA called or referred to by anyone as "Angel" or "Angels," without further limitation as to subject matter, regardless of whether such documents are publicly available and regardless of whether the documents concern matters at issue in this case, and for those reasons further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request in that the terms "Angel" and "Angels" are vague and ambiguous in this context. At least one witness has testified that "Angel" was a code name for "Bratz" used by defendants, whereas MGA has claimed that "Angel" or "Angels" refers to the dolls that MGA publicly has called "Prayer Angels." In the event that "Angel" or "Angels" as used in this Request refers to "Bratz," Mattel further objects to this Request on the grounds that it is overbroad, unduly burdensome and oppressive and is duplicative with prior discovery requests to which Mattel has previously responded. Mattel will produce such documents only to the extent it has so stated in its prior discovery responses. In the event that "Angel" or "Angels" as used in this Request refers to "Prayer Angels," Mattel further objects to this Request on the grounds that it is duplicative with Request No. 333 above. Mattel further objects to this Request on the grounds

1  that it purports to require Mattel to identify information relating to matters that are

2  currently known to and in the possession, custody and control of defendants and

3  third parties, including third parties associated with defendants.  Mattel further

4  objects to this Request on the grounds that it seeks confidential, proprietary and

5  trade secret information that has no bearing on the claims or defenses in this case.

6  Mattel further objects to this Request on the grounds that it calls for the disclosure

7  of information subject to the attorney-client privilege, the attorney work-product

8  doctrine and other applicable privileges.

9           Subject to and without waiving the foregoing objections, Mattel will

10  produce responsive, non-privileged documents, if any, within its possession,

11  custody or control located after a reasonable search that relate to MGA's

12  development or initial launch of dolls that MGA has publicly called "Prayer

13  Angels."

14

15  REQUEST NO. 335:

16           All DOCUMENTS mentioning, referring or relating to work Anna

17  Rhee performed for MGA including but not limited to any contracts between

18  MGA and Anna Rhee, the performance of any contracts between MGA and Anna

19  Rhee, any invoices pertaining to work done by Anna Rhee for MGA, any purchase

20  orders pertaining to work done by Anna Rhee for MGA, any descriptions of

21  projects for MGA pertaining to work done by Anna Rhee for MGA, any

22  photographs, sketches, drawings, copies or other replicas or tangible things of any

23  work Anna Rhee performed for MGA, any payments Anna Rhee received from

24  MGA and the timing of any work Anna Rhee performed for MGA, to the extent

25  that such documents have not already been produced in this litigation.

26

27

28

RESPONSE TO REQUEST NO. 335:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome on the grounds that it seeks <u>all</u> documents in Mattel's possession, custody and control authored by <u>anyone at any time</u> mention, refer or relate a vast array of topics relating to Anna Rhee's work for MGA, without further limitation as to subject matter and regardless of whether the documents concern work, services or other matters at issue in this case. Mattel further objects to this Request on the grounds that is overbroad, unduly burdensome and oppressive in that it purports to require Mattel to identify the numerous projects, products and other matters as to which Ms. Rhee apparently has provided work or services to, for or on behalf of MGA and then search for documents that relate to such projects, products or other matters. Mattel will not search for, or produce, documents that "relate" to such projects or products but that do not refer to Ms. Rhee by name. Mattel further objects to this Request on the grounds that it purports to require Mattel to identify and produce communications that are currently known to and in the possession, custody and control of MGA, and are necessarily equally available to MGA. Mattel further objects to this Request on the grounds that it purports to require Mattel to identify information relating to matters that are currently known to and in the possession, custody and control of third parties, including third parties associated with defendants. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel will produce responsive, non-privileged documents, if any, within its possession, custody or control located after a reasonable search that expressly refer to Ms.

1  Rhee's work or services performed with, for or on behalf of MGA on "Bratz"

2  and/or "Prayer Angels" and that have not already been produced in this case.

3

4  REQUEST NO. 336:

5         All DOCUMENTS mentioning, referring or relating to work Anna

6  Rhee performed for YOU including but not limited to any contracts between YOU

7  and Anna Rhee, the performance of any contracts between YOU and Anna Rhee,

8  any invoices pertaining to work done by Anna Rhee for YOU, any purchase orders

9  pertaining to work done by Anna Rhee for YOU, any descriptions of projects for

10  YOU pertaining to work done by Anna Rhee for YOU, any photographs, sketches,

11  drawings, copies or other replicas or tangible things of any work Anna Rhee

12  performed for YOU, any payments Anna Rhee received from YOU and the timing

13  of any work Anna Rhee performed for YOU.

14

15  RESPONSE TO REQUEST NO. 336:

16         In addition to the general objections stated above which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds

18  that such discovery from Mattel is overbroad, unduly burdensome, oppressive and

19  not likely to the lead to the discovery of admissible evidence in that Anna Rhee's

20  work for Mattel is not at issue in this action and is irrelevant to the claims and

21  defenses in this suit.  Rather, at issue are the actions of defendants and third

22  parties associated with defendants in connection with the projects that defendant

23  Bryant worked on with defendant MGA, which is information known to and

24  within the possession, custody and control of defendants and their associated third

25  parties, not Mattel.  Mattel further objects to this Request as overbroad and unduly

26  burdensome on the grounds that it seeks <u>all</u> documents in Mattel's possession,

27  custody and control authored by <u>anyone at any time</u> that mention, refer or relate to

28  work Anna Rhee performed for "Mattel," which MGA has defined to include

-9-

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR PRODUCTION

Exhibit 48 - Page 2294

1   former Mattel employees like Carter Bryant, and regardless of whether the

2   documents concern matters at issue in this case.  Mattel further objects to this

3   Request on the grounds that it seeks confidential, proprietary and trade secret

4   information that has no bearing on the claims or defenses in this case.  Mattel

5   further objects to this Request on the grounds that it calls for the disclosure of

6   information subject to the attorney-client privilege, the attorney work-product

7   doctrine and other applicable privileges.

8          Subject to and without waiving the foregoing objections, Mattel will

9   produce responsive, non-privileged documents within its possession, custody or

10   control located after a reasonable search sufficient to show the total amount of

11   payments Mattel has made to Anna Rhee for her work or services since January 1,

12   2000.

13

14   REQUEST NO. 337:

15          All DOCUMENTS sufficient to show the name of any project Anna

16   Rhee has worked on in the past and the amount paid to her per month since

17   January 1, 2000.

18

19   RESPONSE TO REQUEST NO. 337:

20          In addition to the general objections stated above which are

21   incorporated herein by reference, Mattel objects to this Request vague, ambiguous

22   and unintelligible.  Mattel further objects to this Request as overbroad and unduly

23   burdensome on the grounds that it seeks all documents in Mattel's possession,

24   custody and control authored by anyone at any time sufficient to show the name of

25   any project Anna Rhee has ever worked on and the amount paid to her by anyone

26   per month since January 1, 2000, without further limitation as to subject matter

27   and regardless of whether the documents concern matters at issue in this case.

28   Mattel further objects to the Request on the grounds that it seeks documents that

-10-

1  are not relevant to this action or likely to lead to the discovery of admissible

2  evidence.  Mattel further objects to this Request on the grounds that it purports to

3  require Mattel to identify information relating to matters that are currently known

4  to and in the possession, custody and control of defendants and third parties,

5  including third parties associated with defendants.  Mattel further objects to this

6  Request on the grounds that it calls for the disclosure of information subject to the

7  attorney-client privilege, the attorney work-product doctrine and other applicable

8  privileges.

9          Subject to and without waiving the foregoing objections, Mattel will

10  produce responsive, non-privileged documents within its possession, custody or

11  control located after a reasonable search sufficient to show the total amount of

12  payments Mattel has made to Anna Rhee for her work or services since January 1,

13  2000.

14

15  REQUEST NO. 338:

16          All DOCUMENTS that YOU have received from Anna Rhee that

17  refer or relate to "BRATZ," PRAYER ANGELS, any project referred to as

18  "Angel" or "Angels," MGA, Isaac Larian, BRYANT or Paula Treantefelles

19  Garcia, other than those documents that Anna Rhee has already produced in this

20  ligitation.

21

22  RESPONSE TO REQUEST NO. 338:

23          In addition to the general objections stated above which are

24  incorporated herein by reference, Mattel objects to this Request as overbroad and

25  unduly burdensome on the grounds that it seeks all documents authored by anyone

26  at any time and received at any time by "Mattel," as defined by MGA to include

27  former employees like Carter Bryant, from Anna Rhee that refer or relate to an

28  array of topics, without meaningful limitation as to subject matter and regardless

1   of whether the documents concern matters at issue in this case.  Mattel further

2   objects to this Request in that the terms "Angel" and "Angels" are vague and

3   ambiguous in this context.  At least one witness has testified that "Angel" was a

4   code name for "Bratz" used by defendants, whereas MGA has claimed that

5   "Angel" or "Angels" refers to the dolls that MGA publicly has called "Prayer

6   Angels."  In the event that "Angel" or "Angels" as used in this Request refers to

7   "Bratz," Mattel further objects to this Request on the grounds that it is overbroad,

8   unduly burdensome and oppressive and is duplicative with prior discovery

9   requests to which Mattel has previously responded.  Mattel will not produce such

10  documents except to the extent it has so stated in its prior discovery responses.  In

11  the event that "Angel" or "Angels" as used in this Request refers to "Prayer

12  Angels," Mattel further objects to this Request on the grounds that it is duplicative

13  with previous Requests.  Mattel further objects to this Request on the grounds that

14  it purports to require Mattel to identify information relating to matters that are

15  currently known to and in the possession, custody and control of defendants and

16  third parties, including third parties associated with defendants.  Mattel further

17  objects to this Request on the grounds that it calls for the disclosure of information

18  subject to the attorney-client privilege, the attorney work-product doctrine and

19  other applicable privileges.

20          Subject to and without waiving the foregoing objections, Mattel states

21  that the only documents it has received from Ms. Rhee pertaining to matters at

22  issue in this litigation are the documents already produced by her pursuant to

23  subpoena in this ligitation.

24

25  REQUEST NO. 339:

26          All DOCUMENTS that YOU have received from Anna Rhee that

27  refer or relate to this litigation, the facts and circumstances giving rise to this

28

-12-

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR PRODUCTION

Exhibit 48 - Page 2297

1  litigation, or BRYANT's alleged misconduct, other than those documents that

2  Anna Rhee has already produced in this litigation.

3

4  RESPONSE TO REQUEST NO. 339:

5          In addition to the general objections stated above which are

6  incorporated herein by reference, Mattel objects to this Request as overbroad and

7  unduly burdensome on the grounds that it seeks all documents authored by anyone

8  at any time and received at any time by "Mattel," as defined by MGA to include

9  former employees like Carter Bryant, from Anna Rhee that refer or relate to this

10 litigation, the facts and circumstances giving rise to this litigation, or Bryant's

11 "alleged misconduct." Mattel further objects to this Request on the grounds that it

12 calls for the disclosure of information subject to the attorney-client privilege, the

13 attorney work-product doctrine and other applicable privileges.

14         Subject to and without waiving the foregoing objections, Mattel states

15 that the only documents it has received from Ms. Rhee pertaining to matters at

16 issue in this litigation are the documents already produced by her pursuant to

17 subpoena in this ligitation.

18

19 REQUEST NO. 340:

20         All COMMUNICATIONS and all DOCUMENTS constituting,

21 mentioning, describing, discussing, referring or relating to all

22 COMMUNICATIONS with Anna Rhee that refer or relate to "BRATZ," other

23 than those documents that Anna Rhee has already produced in this litigation.

24

25 RESPONSE TO REQUEST NO. 340:

26         In addition to the general objections stated above which are

27 incorporated herein by reference, Mattel objects to this Request as vague,

28 ambiguous and unintelligible. Mattel further objects to this Request as overbroad

-13-

1   and unduly burdensome on the grounds that it seeks <u>all</u> communications and all

2   documents in Mattel's possession, custody and control authored by <u>anyone at any</u>

3   <u>time</u> that constitute, mention, describe, discuss, refer or relate to <u>all</u>

4   communications <u>at any time</u> between <u>anyone</u> and Anna Rhee that refer or relate to

5   "Bratz," without further limitation as to subject matter and regardless of whether

6   the documents concern matters at issue in this case.  Mattel further objects to this

7   Request on the grounds that it calls for the disclosure of information subject to the

8   attorney-client privilege, the attorney work-product doctrine and other applicable

9   privileges.

10         Subject to and without waiving the foregoing objections, Mattel states

11   that its only documents responsive to this Request that pertain to matters at issue

12   in this litigation and that it has within its possession, custody or control are the

13   documents already produced by Ms. Rhee pursuant to subpoena in this ligitation

14   or by other parties as well as attorney-client communications and attorney work-

15   product relating thereto.

16

17   <u>REQUEST NO. 341</u>:

18         All COMMUNICATIONS and all DOCUMENTS constituting,

19   mentioning, describing, discussing, referring or relating to all

20   COMMUNICATIONS with Anna Rhee that refer or relate to PRAYER ANGELS

21   or any project referred to as "Angel" or "Angels," other than those documents that

22   Anna Rhee has already produced in this litigation.

23

24   <u>RESPONSE TO REQUEST NO. 341</u>:

25         In addition to the general objections stated above which are

26   incorporated herein by reference, Mattel objects to this Request as vague,

27   ambiguous and unintelligible.  Mattel further objects to this Request as overbroad

28   and unduly burdensome on the grounds that it seeks <u>all</u> communications and all

-14-

1   documents in Mattel's possession, custody and control authored by <u>anyone at any</u>

2   <u>time</u> that constitute, mention, describe, discuss, refer or relate to <u>all</u>

3   communications <u>at any time</u> between <u>anyone</u> and Anna Rhee that refer or relate to

4   "Prayer Angels," or any project referred to as "Angel or "Angels," without further

5   limitation as to subject matter and regardless of whether the documents concern

6   matters at issue in this case.  Mattel further objects to this Request in that the terms

7   "Angel" and "Angels" are vague and ambiguous in this context and objects to the

8   Request in that it purports to imply that "Prayer Angel" is the same project as

9   "Angel" or "Angels."  At least one witness has testified that "Angel" was a code

10  name for "Bratz" used by defendants, whereas MGA has claimed that "Angel" or

11  "Angels" refers to the dolls that MGA publicly has called "Prayer Angels."  In the

12  event that "Angel" or "Angels" as used in this Request refers to "Bratz," Mattel

13  further objects to this Request on the grounds that it is overbroad, unduly

14  burdensome and oppressive and is duplicative with prior discovery requests to

15  which Mattel has previously responded.  Mattel will produce such documents only

16  to the extent it has so stated in its prior discovery responses.  In the event that

17  "Angel" or "Angels" as used in this Request refers to "Prayer Angels," Mattel

18  further objects to this Request on the grounds that it is duplicative with Request

19  No. 333 above.  Mattel further objects to this Request on the grounds that it calls

20  for the disclosure of information subject to the attorney-client privilege, the

21  attorney work-product doctrine and other applicable privileges.

22          Subject to and without waiving the foregoing objections, Mattel states

23  that the only documents responsive to this Request that pertain to matters at issue

24  in this litigation and that it has within its possession, custody or control are those

25  that it has received from Ms. Rhee pertaining to MGA's "Prayer Angels" or to

26  MGA's "Angels" and/or "Angel" are the documents already produced by Ms.

27  Rhee pursuant to subpoena in this litigation or by other parties as well as attorney-

28  client communications and attorney work-product relating thereto.

-15-

REQUEST NO. 342:

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing, discussing, referring or relating to all COMMUNICATIONS with Anna Rhee that refer or relate to MGA, Isaac Larian, BRYANT or Paula Treantefelles Garcia.

RESPONSE TO REQUEST NO. 342:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as vague, ambiguous and unintelligible.  Mattel further objects to this Request as overbroad and unduly burdensome on the grounds that it seeks <u>all</u> communications and all documents in Mattel's possession, custody and control authored by <u>anyone at any time</u> that constitute, mention, describe, discuss, refer or relate to <u>all</u> communications <u>at any time</u> between <u>anyone</u> and Anna Rhee that refer or relate to MGA, Isaac Larian, Bryant or Paula Treantafelles Garcia, without further limitation as to subject matter and regardless of whether the documents concern matters at issue in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel states that the only documents responsive to this Request that pertain to matters at issue in this litigation and that it has within its possession, custody or control are those that it has received from Ms. Rhee pertaining to MGA's "Prayer Angels" or to MGA's "Angels" and/or "Angel" are the documents already produced by Ms. Rhee pursuant to subpoena in this ligitation or by other parties as well as attorney-client communications and attorney work-product relating thereto.

REQUEST NO. 343:

All COMMUNICATIONS between YOU, including YOUR inside and outside counsel, on the one hand and counsel for Anna Rhee on the other, and all DOCUMENTS constituting, mentioning, describing, discussing, referring or relating to such COMMUNICATIONS.

RESPONSE TO REQUEST NO. 343:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome on the grounds that it seeks <u>all</u> communications <u>at any time</u> between "Mattel," as defined by MGA to include former Mattel employees like Carter Bryant, and "counsel for Anna Rhee," <u>and</u> <u>all</u> documents that constitute, mention, describe, discuss, refer or relate to such communications, without further limitation as to subject matter or time, and regardless of whether the documents concern matters at issue in this case.  Mattel further objects to the Request on the ground that it seeks documents in the possession, custody and control of the requesting party.  Mattel further objects to the Request on the grounds that it seeks documents that are neither relevant to the claims or defenses in this action nor likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, the only responsive, non-privileged documents of which Mattel is aware relating to this litigation that are responsive to this Request and are within its possession, custody or control are:  (i) correspondence and pleadings between and among counsel to the parties in this action and counsel for Ms. Rhee regarding the subpoena to Ms. Rhee, her deposition and documents requested of Ms. Rhee; and (ii) transcripts of

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR PRODUCTION

Exhibit 48 - Page 2302

1    hearings, meetings of counsel and Ms. Rhee's deposition in this suit.  The

2    foregoing documents will not be produced.

3

4    REQUEST NO. 344:

5          All DOCUMENTS mentioning, referring or relating to any agreement

6    or contract between YOU, including YOUR inside and outside counsel, and Anna

7    Rhee, including any drafts thereof.

8

9    RESPONSE TO REQUEST NO. 344:

10          In addition to the general objections stated above which are

11    incorporated herein by reference, Mattel objects to this Request as overbroad and

12    unduly burdensome on the grounds that it seeks all documents mentioning,

13    referring or relating to any agreement or contract between "Mattel," as defined by

14    MGA to include former Mattel employees like Carter Bryant, and Anna Rhee

15    created at any time, without further limitation as to subject matter and regardless

16    of whether the documents concern matters at issue in this case, and therefore

17    would include employee agreements, benefits and other matters.  Mattel further

18    objects to this Request on the grounds that such discovery from Mattel is

19    overbroad, unduly burdensome, oppressive and not likely to the lead to the

20    discovery of admissible evidence in that Anna Rhee's agreements and contracts

21    with Mattel are not at issue in this action and are irrelevant to the claims and

22    defenses in this suit.  Rather, at issue are the actions of defendants and third

23    parties associated with defendants in connection with the projects that defendant

24    Bryant worked on with defendant MGA, which is information known to and

25    within the possession, custody and control of defendants and their associated third

26    parties, not Mattel.  Mattel further objects to the Request on the grounds that it

27    seeks documents that are neither relevant to the claims or defenses in this action

28    nor likely to lead to the discovery of admissible evidence.  Mattel further objects

1  to this Request on the grounds that it seeks confidential, proprietary and trade

2  secret information that has no bearing on the claims or defenses in this case.

3  Mattel further objects to this Request on the grounds that it calls for the disclosure

4  of information subject to the attorney-client privilege, the attorney work-product

5  doctrine and other applicable privileges.

6

7  REQUEST NO. 345:

8          All DOCUMENTS mentioning, referring or relating to any agreement

9  or contract between YOU, including YOUR inside and outside counsel, and

10  counsel for Anna Rhee, including any drafts thereof.

11

12  RESPONSE TO REQUEST NO. 345:

13          In addition to the general objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request as overbroad and

15  unduly burdensome on the grounds that it seeks all documents created at any time

16  mentioning, referring or relating to any agreement or contract between "Mattel,"

17  as defined by MGA to include former Mattel employees like Carter Bryant, and

18  "counsel for Anna Rhee," without further limitation as to subject matter or time,

19  and regardless of whether the documents concern matters at issue in this case, and

20  therefore would include employee agreements, benefits and other such matters.

21  For the same reasons, Mattel further objects to the Request on the grounds that it

22  seeks documents that are neither relevant to the claims or defenses in this action

23  nor likely to lead to the discovery of admissible evidence.  Mattel further objects

24  to this Request on the grounds that it calls for the disclosure of information subject

25  to the attorney-client privilege, the attorney work-product doctrine and other

26  applicable privileges.

27

28

REQUEST NO. 346:

All DOCUMENTS constituting, mentioning, describing or referring to COMMUNICATIONS between YOU, including YOUR inside and outside counsel, on the one hand and counsel for Anna Rhee on the other mentioning, referring or relating to any agreement or contract between YOU, including YOUR inside and outside counsel, and Anna Rhee.

RESPONSE TO REQUEST NO. 346:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as vague, ambiguous and unintelligible. Mattel further objects to this Request as overbroad and unduly burdensome on the grounds that it seeks all documents created by anyone at any time, without meaningful limitation as to subject matter, and regardless of whether the documents concern matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are neither relevant to the claims or defenses in this action nor likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Anna Rhee's agreements and contracts with Mattel are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

1    REQUEST NO. 347:

2         All DOCUMENTS constituting, mentioning, describing or referring

3    to COMMUNICATIONS between YOU, including YOUR inside and outside

4    counsel, on the one hand and counsel for Anna Rhee on the other mentioning,

5    referring or relating to any agreement or contract between YOU, including YOUR

6    inside and outside counsel, and counsel for Anna Rhee.

7

8    RESPONSE TO REQUEST NO. 347:

9         In addition to the general objections stated above which are

10   incorporated herein by reference, Mattel objects to this Request as vague,

11   ambiguous and unintelligible.  Mattel further objects to this Request as overbroad

12   and unduly burdensome on the grounds that it seeks all communications at any

13   time between "Mattel," as defined by MGA to include former Mattel employees

14   like Carter Bryant, and "counsel for Anna Rhee" that mention, refer or relate to

15   any agreement or contract between "Mattel," and "counsel for Anna Rhee" at any

16   time and for any purpose, without further limitation as to subject matter, and

17   regardless of whether the documents concern matters at issue in this case.  For

18   example, the Request demands production any document that mentions any

19   contract or agreement between any former Mattel employee or officer and Anna

20   Rhee's counsel at any time for the provision of legal services.  For the same

21   reasons, Mattel further objects to the Request on the grounds that it seeks

22   documents that are neither relevant to the claims or defenses in this action nor

23   likely to lead to the discovery of admissible evidence.  Mattel further objects to

24   this Request on the grounds that it calls for the disclosure of information subject to

25   the attorney-client privilege, the attorney work-product doctrine and other

26   applicable privileges.

27

28

07209/655187.1

-21-

MATTEL'S OBJECTIONS AND RESPONSES TO MGA'S SECOND SET OF REQUESTS FOR PRODUCTION

Exhibit 48 - Page 2306

1  REQUEST NO. 348:

2           All telephone bills in YOUR possession, custody or control for any

3  telephone(s), including home and cellular telephones, belonging to or assigned to

4  Anna Rhee for the time period from January 1, 1998 to January 1, 2000.

5

6  RESPONSE TO REQUEST NO. 348:

7           In addition to the general objections stated above which are

8  incorporated herein by reference, Mattel objects to this Request as overbroad and

9  unduly burdensome on the grounds that it seeks all telephone bills in Mattel's

10  possession, custody and control for any telephone "belonging to or assigned to"

11  Anna Rhee for the time period from January 1, 1998 and January 1, 2000,

12  including as to such numbers that are not known to Mattel with reasonable

13  diligence. Mattel further objects to this Request on the grounds that the terms

14  "belonging to" and "assigned to" are vague and ambiguous. Mattel further objects

15  to this Request as overbroad and unduly burdensome on the grounds that it seeks

16  information that is currently in the possession, custody and control of defendants

17  and third parties, including third parties associated with defendants, and not in

18  Mattel's possession, custody or control including because defendants refuse to

19  provide basic discovery. Mattel further objects to this Request on the grounds that

20  it seeks documents whose production would violate the terms of agreements

21  entered into with third parties, or violate the privacy, contractual, or other rights of

22  third parties. Mattel further objects to this Request on the grounds that it seeks

23  confidential, proprietary and trade secret information that has no bearing on the

24  claims or defenses in this case. Mattel further objects to this Request on the

25  grounds that it calls for the disclosure of information subject to the attorney-client

26  privilege, the attorney work-product doctrine and other applicable privileges.

27           Subject to and without waiving the foregoing objections, Mattel will

28  produce responsive, non-privileged documents, if any, within its possession,

1  custody or control located after a reasonable search.  Documents responsive to this

2  Request which Ms. Rhee or any other party has previously produced or produces

3  in the future to MGA, however, will not be re-produced by Mattel.

4

5  REQUEST NO. 349:

6            All telephone bills in YOUR possession, custody or control for any

7  telephone(s), including home and cellular telephones, belonging to or assigned to

8  Anna Rhee for the time period from January 1, 2004 to the present.

9

10  RESPONSE TO REQUEST NO. 349:

11            In addition to the general objections stated above which are

12  incorporated herein by reference, Mattel objects to this Request as overbroad and

13  unduly burdensome on the grounds that it seeks all telephone bills in Mattel's

14  possession, custody and control for any telephone "belonging to or assigned to"

15  Anna Rhee for the time period from January 1, 2004 to "the present," including as

16  to such numbers that are not known to Mattel with reasonable diligence.  Mattel

17  further objects to this Request on the grounds that the terms "belonging to" and

18  "assigned to" are vague and ambiguous.  Mattel further objects to this Request as

19  overbroad and unduly burdensome on the grounds that it seeks information that is

20  currently in the possession, custody and control of defendants and third parties,

21  including third parties associated with defendants, and not in Mattel's possession,

22  custody or control including because defendants refuse to provide basic discovery.

23  Mattel further objects to this Request on the grounds that it seeks documents

24  whose production would violate the terms of agreements entered into with third

25  parties, or violate the privacy, contractual, or other rights of third parties.  Mattel

26  further objects to this Request on the grounds that it seeks confidential, proprietary

27  and trade secret information that has no bearing on the claims or defenses in this

28  case.  Mattel further objects to this Request on the grounds that it calls for the

1  disclosure of information subject to the attorney-client privilege, the attorney

2  work-product doctrine and other applicable privileges.

3       Subject to and without waiving the foregoing objections, Mattel will

4  produce responsive, non-privileged documents, if any, within its possession,

5  custody or control located after a reasonable search.  Documents responsive to this

6  Request which Ms. Rhee or any other party has previously produced or produces

7  in the future to MGA, however, will not be re-produced by Mattel.

8

9  REQUEST NO. 350:

10      All COMMUNICATIONS and all DOCUMENTS constituting,

11  mentioning, describing, discussing, referring or relating to all

12  COMMUNICATIONS with the United States Copyright Office in connection with

13  the registration of "Toon Teens."

14

15  RESPONSE TO REQUEST NO. 350:

16      In addition to the general objections stated above, which are incorporated

17  herein by reference, Mattel objects to this Request as overbroad and unduly

18  burdensome in that it seeks all documents in Mattel's possession, custody and

19  control created by anyone at any time that are related to this topic.  Mattel further

20  objects to this Request on the grounds that it seeks confidential, proprietary and

21  trade secret information that has no bearing on the claims or defenses in this case.

22  Mattel further objects to this Request on the grounds that it calls for the disclosure

23  of information subject to the attorney-client privilege, the attorney work-product

24  doctrine and other applicable privileges.  Mattel further objects to this Request on

25  the grounds that it is duplicative of or subsumed within prior Requests already

26

27

28

1  responded to and seeks the re-production of information and documents already

2  produced in this action.  Such information and documents will not be re-produced.

3

4  DATED:  May 13, 2005                    QUINN EMANUEL URQUHART OLIVER &
                                           HEDGES, LLP

5

6                                          By _____
                                              Michael T. Zeller

7                                             Attorneys for Plaintiff and Counter-
                                              Defendant

8                                             Mattel, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

     I am employed in the county of Los Angeles  State of California.  I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

     On May 13, 2005, I served the foregoing document described as **MATTEL, INC.'S OBJECTIONS AND RESPONSES TO MGA ENTERTAINMENT INC.'S SECOND SET OF REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS** all interested parties in this action.

*Robert F. Millman, Esq.*
*Douglas A. Wickham, Esq.*
*Keith A. Jacoby, Esq.*
**Littler Mendelson**
**A Professional Corporation**
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Phone: 310-553-0308
**Fax: 310-553-5583**

*Diana M. Torres, Esq.*
**O'Melveney & Meyers**
400 S. Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
**Fax: 213-430-6407**

[ ]    By placing [ ] the original [ X ] true copies thereof enclosed in sealed envelopes addressed as follows:

[x ]    **BY MAIL**

[ ]    I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

[ ]    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ x ]    **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[]    **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on May 13, 2005, at Los Angeles, California.

[ ]    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Mia Albert
Print Name

Signature

Exhibit 48 - Page 2311