# Exhibit 50

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Plaintiff and Cross-
   Defendant Mattel, Inc.
9

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12                         EASTERN DIVISION

13  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

14              Plaintiff,               Consolidated with
                                         Case No. CV 04-09059
15        v.                             Case No. CV 05-02727

16  MATTEL, INC., a Delaware             **MATTEL, INC.'S RESPONSES TO
    corporation,                         MGA'S THIRD SET OF REQUESTS
17                                       FOR THE PRODUCTION OF
                Defendant.               DOCUMENTS AND THINGS**
18
                                         Discovery Cut-off: October 22, 2007
19                                       Pre-trial Conference: January 14, 2008
                                         Trial Date: February 12, 2008
20  AND CONSOLIDATED ACTIONS

21

22

23

24

25

26

27

28

209/2080613.1

## **Preliminary Statement**

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents. Mattel's partial response to any of MGA Entertainment, Inc.'s ("MGA") Third Set of Requests for Production of Documents and Things (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other Request.

## **General Objections**

Mattel generally objects to each of the Requests on each and every one of the following grounds, which are incorporated into and made a part of the response to each and every individual Request:

1.  Mattel objects to the Requests on the grounds and to the extent that they seek to impose discovery obligations beyond those required or permitted by the <u>Federal Rules of Civil Procedure</u>.

2.  Mattel objects to the Requests on the grounds and to the extent they call for the production of documents subject to the attorney-client privilege, the attorney work product doctrine, the right to privacy as set forth in the United States and/or California Constitutions, or any other applicable law, privilege, immunity, doctrine or other ground of privilege. Mattel will not produce such privileged documents.

3.      Mattel objects to the Requests on the grounds and to the extent they are overly broad, unduly burdensome, oppressive or unreasonably cumulative.

4.      Mattel objects to the Requests on the grounds and to the extent they seek information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Mattel objects to the Requests on the grounds and to the extent they seek documents equally or more available to, or already in the possession, custody or control of MGA and/or Carter Bryant.

6.      Mattel objects to the Requests on the grounds and to the extent they seek documents not in Mattel's possession, custody or control.

7.      Mattel objects to the Requests on the grounds that they are unduly burdensome and vague and ambiguous in that they purport to require Mattel to identify and produce documents relating to matters that are currently known to and in the possession, custody and control of defendants and defendants' employees and agents, and third parties, including third parties associated with defendants, and that are not known to Mattel.

8.      Mattel objects to the Requests on the grounds that they seek the production of documents or information that are in the possession, custody and control of independent parties over whom Mattel has no control, including without limitation defendants and defendants' employees and agents, and seek the disclosure of information or documents that are in the possession, custody and control of defendants and defendants' employees and agents, or are publicly available and hence equally available to all parties to this litigation.

9.      Mattel objects to the Requests on the ground and to the extent they seek trade secret, proprietary or otherwise confidential information of Mattel or third parties or would violate the terms of any agreement or contracts with third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.

RESPONSES TO THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Exhibit 50 - Page 2323

1          10.    Mattel objects to the Requests on the ground and to the extent
2  they seek information protected by the rights of privacy of employees and former
3  employees.  Any such documents that are produced, if any, will be produced only
4  pursuant to and in reliance upon the Protective Order entered in this case and subject
5  to resolution of the issues raised in Mattel's letter of March 16, 2007.

6          11.    Mattel objects to the Requests on the grounds that the definitions
7  of the terms "MATTEL" and "MGA" are overbroad, vague and ambiguous, and
8  unduly burdensome.

9          12.    Mattel objects to each and every Request that seeks "all"
10  documents which constitute, mention, refer or relate to a given topic on the grounds
11  of undue burden and oppression.  Mattel will make available for inspection and
12  copying those documents and tangible items, if any, that it is able to locate after a
13  reasonable, good-faith search for and review of non-privileged responsive
14  documents.

15         13.    Mattel objects to each and every Request to the extent that they
16  seek documents already produced in this action.  Documents which have already
17  been produced will not be produced a second time in response to these requests.

18         14.    Objection to the production of any document or category of
19  documents described in the Requests, or agreement to produce any such documents,
20  is not and shall not be construed as an admission by Mattel that any such documents
21  or category of documents exist.  Where the responses indicate that Mattel will
22  produce responsive documents, such documents, if any, will be produced if and to
23  the extent any such documents are in Mattel's possession, custody or control.

24         15.    Mattel objects to the time, place and manner of production
25  specified in defendant's Requests.  Mattel will produce responsive, non-privileged
26  documents and tangible things, if any and to the extent not previously produced, in
27  accordance with its responses at a time and place and in a manner that is reasonable,
28  convenient and mutually agreed upon by the parties.

**SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS**

Each of the following objections and responses to the Requests is expressly made subject to the above Preliminary Statement and General Objections, all of which are incorporated in each of the following objections and responses to specific requests. A statement that Mattel will produce documents or tangible things in response to a Request is not intended to suggest, nor should it be construed to mean, that any such documents or tangible things exist, or that they are in Mattel's possession, custody or control.

**REQUEST NO. 351:**

All drawings, designs, prototypes or other documents that MATTEL contends that MGA, or anyone who has worked for MGA in any capacity, including but not limited to, BRYANT, Paula Treantafelles aka Paula Garcia, Mercedeh Ward, and Margaret Leahy, has seen or had access to concerning DIVA STARZ or any other project that MATTEL contends is relevant to any claim in Case No. 04-9057 or its claims for ownership or infringement of any rights related to BRATZ.

**RESPONSE TO REQUEST NO. 351:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this request on the grounds that "Case No. 04-9057" is vague and ambiguous. For purposes of its Response, Mattel will assume that the Request refers to Case No.. 04-9059. Mattel further objects to this request to the extent that it seeks the production of documents or information that are in the possession, custody and control of independent parties over whom Mattel has no control, including without limitation defendants and their employees and agents. Mattel

1  further objects to this Request on the ground that a complete production of

2  responsive documents requires information that is in the possession of defendants,

3  defendants' agents and employees, and/or third parties but that has not been

4  disclosed to Mattel to date.  Mattel further objects to this Request on the grounds

5  that "MATTEL" and "MGA", as defined in the Requests, is overbroad and vague

6  and ambiguous.  Mattel further objects to this Request to the extent that it might be

7  interpreted as calling for the disclosure of information subject to the attorney-client

8  privilege, the attorney work-product doctrine and other privileges.  Mattel further

9  objects to this Request on the grounds that it is duplicative of or subsumed within

10  prior Requests already responded to and seeks the re-production of information and

11  documents already produced in this action.  Such information and documents will

12  not be re-produced.

13         Subject to the foregoing objections and to the extent not already

14  produced, and subject to Mattel's current awareness of facts, Mattel has or will

15  produce responsive, non-privileged documents relating to Toon Teens and Diva

16  Starz in its possession, custody or control, which it has been able to locate after a

17  diligent search and reasonable inquiry.

18

19  **REQUEST NO. 352:**

20         All statements known to MATTEL, including statements made in the

21  course of litigation or other legal proceeding, made by any person concerning the

22  creation, origin, design or development of DIVA STARZ or any other project that

23  MATTEL contends is relevant to any claim in Case No. 04-9057 or its claims for

24  ownership or infringement of any rights related to BRATZ.

25

26  **RESPONSE TO REQUEST NO. 352:**

27         In addition to the General Objections stated above which are

28  incorporated herein by reference, Mattel objects to this Request as overbroad and

1  unduly burdensome on the grounds that it seeks documents that are not relevant to

2  this action or likely to lead to the discovery of admissible evidence. Mattel further

3  objects to this request on the grounds that "Case No. 04-9057" is vague and

4  ambiguous. For purposes of its Response, Mattel will assume that the Request

5  refers to Case No.. 04-9059. Mattel further objects to this request to the extent that

6  it seeks the production of documents or information that are in the possession,

7  custody and control of independent parties over whom Mattel has no control,

8  including without limitation defendants and their employees and agents. Mattel

9  further objects to this Request on the grounds that "MATTEL," as defined in the

10  Requests, is overbroad and vague and ambiguous. Mattel further objects to this

11  Request on the grounds that "any other project that MATTEL contends is relevant to

12  any claim in Case No. 04-9057 or its claims for ownership or infringement of any

13  rights related to BRATZ" is overbroad and so vague and ambiguous as to make a

14  competent response impossible. Mattel further objects to this Request as overbroad,

15  not reasonably calculated to lead to the discovery of admissible evidence and as

16  seeking information that is equally available to MGA in that it seeks statements "by

17  any person" that are "known" to Mattel on these subjects. Mattel further objects to

18  this Request to the extent that it might be interpreted as calling for the disclosure of

19  information subject to the attorney-client privilege, the attorney work-product

20  doctrine and other privileges. Mattel further objects to this Request to the extent

21  that it seeks documents that have been designated confidential and subject to

22  protective order by third parties who are not parties to this action. Mattel further

23  objects to this Request on the grounds that it is duplicative of or subsumed within

24  prior Requests already responded to and seeks the re-production of information and

25  documents already produced in this action. Such information and documents will

26  not be re-produced.

27  Subject to the foregoing objections and to the extent not already

28  produced, and subject to Mattel's understanding of this Request, Mattel has or will

9/2080613.107209/20
3.1

-6-

Exhibit 50 - Page 2327

1  produce responsive, non-privileged sworn statements made by or on behalf of

2  Mattel relating to the timing and circumstances of the creation, origin, design or

3  development of Mattel products that bear on the origins and ownership of Bratz,

4  which are in Mattel's possession, custody or control, and which it has been able to

5  locate after a diligent search and reasonable inquiry.

6

7  **REQUEST NO. 353:**

8          Any personnel file, and all DOCUMENTS REFERRING OR

9  RELATING TO same, maintained by MATTEL for Paula Treantafelles aka Paula

10  Garcia.

11

12  **RESPONSE TO REQUEST NO. 353:**

13          In addition to the General Objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request as overbroad and

15  unduly burdensome on the grounds that it seeks documents that are not relevant to

16  this action or likely to lead to the discovery of admissible evidence, such as

17  documents relating to Mattel projects not relevant to this lawsuit.  Mattel further

18  objects to this Request on the grounds that the term "DOCUMENTS REFERRING

19  OR RELATING TO" a "personnel file" is vague and ambiguous.  Mattel further

20  objects to this Request on the grounds that "MATTEL," as defined by the Requests,

21  is overbroad and vague and ambiguous.  Mattel further objects to this Request to the

22  extent it calls for the disclosure of information subject to the attorney-client

23  privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

24  further objects to this request on the grounds that it implicates the privacy rights of

25  Paula Treantafelles, and any production of documents will be subject to the

26  Protective Order in this action.  Mattel further objects to this request to the extent

27  that the information requested is confidential under the Health Insurance Portability

28  and Accountability Act of 1996, 42 U.S.C. § 1320d-6.  Mattel further objects to this

1 │ Request on the grounds that it is duplicative of or subsumed within prior Requests

2 │ already responded to and seeks the re-production of information and documents

3 │ already produced in this action.  Such information and documents will not be re-

4 │ produced.

5 │       Subject to the foregoing objections and subject to resolution of the

6 │ issues raised in Mattel's letter of March 16, 2007, which is incorporated herein by

7 │ reference, Mattel will produce responsive, non-privileged documents in its

8 │ possession, custody or control, which it has been able to locate after a diligent

9 │ search and reasonable inquiry.

10 │

11 │ **REQUEST NO. 354:**

12 │       Any personnel file, and all DOCUMENTS REFERRING OR

13 │ RELATING TO same, maintained by MATTEL for Mercedeh Ward, including any

14 │ evaluations of her performance.

15 │

16 │ **RESPONSE TO REQUEST NO. 354:**

17 │       In addition to the General Objections stated above which are

18 │ incorporated herein by reference, Mattel objects to this Request as overbroad and

19 │ unduly burdensome on the grounds that it seeks documents that are not relevant to

20 │ this action or likely to lead to the discovery of admissible evidence, such as

21 │ documents relating to Mattel projects not relevant to this lawsuit.  Mattel further

22 │ objects to this Request on the grounds that the term "DOCUMENTS REFERRING

23 │ OR RELATING TO" a "personnel file" is vague and ambiguous.  Mattel further

24 │ objects to this Request on the grounds that "MATTEL," as defined by the Requests,

25 │ is overbroad and vague and ambiguous.  Mattel further objects to this Request to the

26 │ extent it calls for the disclosure of information subject to the attorney-client

27 │ privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

28 │ further objects to this request on the grounds that it implicates the privacy rights of

09/2080613.107209/20
13.1

-8-

1    Mercedeh Ward, and any production of documents will be subject to the Protective

2    Order in this action.  Mattel further objects to this request to the extent that the

3    information requested is confidential under the Health Insurance Portability and

4    Accountability Act of 1996, 42 U.S.C. § 1320d-6.  Mattel further objects to this

5    Request on the grounds that it is duplicative of or subsumed within prior Requests

6    already responded to and seeks the re-production of information and documents

7    already produced in this action.  Such information and documents will not be re-

8    produced.

9            Subject to the foregoing objections and subject to resolution of the

10    issues raised in Mattel's letter of March 16, 2007, which is incorporated herein by

11    reference, Mattel will produce responsive, non-privileged documents in its

12    possession, custody or control, which it has been able to locate after a diligent

13    search and reasonable inquiry.

14

15    **REQUEST NO. 355:**

16            Any personnel file, and all DOCUMENTS REFERRING OR

17    RELATING TO same, maintained by MATTEL for Margaret Leahy, including any

18    evaluations of her performance.

19

20    **RESPONSE TO REQUEST NO. 355:**

21            In addition to the General Objections stated above which are

22    incorporated herein by reference, Mattel objects to this Request as overbroad and

23    unduly burdensome on the grounds that it seeks documents that are not relevant to

24    this action or likely to lead to the discovery of admissible evidence, such as

25    documents relating to Mattel projects not relevant to this lawsuit.  Mattel further

26    objects to this Request on the grounds that the term "DOCUMENTS REFERRING

27    OR RELATING TO" a "personnel file" is vague and ambiguous.  Mattel further

28    objects to this Request on the grounds that "MATTEL," as defined by the Requests,

1 | is overbroad and vague and ambiguous. Mattel further objects to this Request to the

2 | extent it calls for the disclosure of information subject to the attorney-client

3 | privilege, the attorney work-product doctrine and other applicable privileges. Mattel

4 | further objects to this request on the grounds that it implicates the privacy rights of

5 | Margaret Leahy, and any production of documents will be subject to the Protective

6 | Order in this action. Mattel further objects to this request to the extent that the

7 | information requested is confidential under the Health Insurance Portability and

8 | Accountability Act of 1996, 42 U.S.C. § 1320d-6. Mattel further objects to this

9 | Request on the grounds that it is duplicative of or subsumed within prior Requests

10 | already responded to and seeks the re-production of information and documents

11 | already produced in this action. Such information and documents will not be re-

12 | produced.

13 | Subject to the foregoing objections and subject to resolution of the

14 | issues raised in Mattel's letter of March 16, 2007, which is incorporated herein by

15 | reference, Mattel will produce responsive, non-privileged documents in its

16 | possession, custody or control, which it has been able to locate after a diligent

17 | search and reasonable inquiry.

18 |

19 | **REQUEST NO. 356 (erroneously numbered Request No. 355 by MGA):**

20 | Any personnel file, and all DOCUMENTS REFERRING OR

21 | RELATING TO same, maintained by MATTEL for Maureen Mullen, including any

22 | evaluations of her performance.

23 |

24 | **RESPONSE TO REQUEST NO. 356:**

25 | In addition to the General Objections stated above which are

26 | incorporated herein by reference, Mattel objects to this Request as overbroad and

27 | unduly burdensome on the grounds that it seeks documents that are not relevant to

28 | this action or likely to lead to the discovery of admissible evidence, such as

9/2080613.107209/20
3.1

-10-

1  documents relating to Mattel projects not relevant to this lawsuit.  Mattel further

2  objects to this Request on the grounds that the term "DOCUMENTS REFERRING

3  OR RELATING TO" a "personnel file" is vague and ambiguous.  Mattel further

4  objects to this Request on the grounds that "MATTEL," as defined by the Requests,

5  is overbroad and vague and ambiguous.  Mattel further objects to this Request to the

6  extent it calls for the disclosure of information subject to the attorney-client

7  privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

8  further objects to this request on the grounds that it implicates the privacy rights of

9  Maureen Mullen, and any production of documents will be subject to the Protective

10  Order in this action.  Mattel further objects to this request to the extent that the

11  information requested is confidential under the Health Insurance Portability and

12  Accountability Act of 1996, 42 U.S.C. § 1320d-6.  Mattel further objects to this

13  Request on the grounds that it is duplicative of or subsumed within prior Requests

14  already responded to and seeks the re-production of information and documents

15  already produced in this action.  Such information and documents will not be re-

16  produced.

17          Subject to the foregoing objections and subject to resolution of the

18  issues raised in Mattel's letter of March 16, 2007, which is incorporated herein by

19  reference, Mattel will produce responsive, non-privileged documents in its

20  possession, custody or control, which it has been able to locate after a diligent

21  search and reasonable inquiry.

22

23  **REQUEST NO. 357: erroneously numbered Request No. 355**

24          Any vendor file, and all DOCUMENTS REFERRING OR RELATING

25  TO same, maintained by MATTEL for Margaret Leahy, including any evaluations

26  of her performance.

27

28

:09/2080613.107209/20
i13.1

-11-

**RESPONSE TO REQUEST NO. 357:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence, such as documents relating to Mattel projects not relevant to this lawsuit. Mattel further objects to this Request on the grounds that the term "DOCUMENTS REFERRING OR RELATING TO" a "personnel file" is vague and ambiguous. Mattel further objects to this Request on the grounds that "MATTEL," as defined by the Requests, is overbroad and vague and ambiguous. Mattel further objects to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this request on the grounds that it implicates the privacy rights of Margaret Leahy, and any production of documents will be subject to the Protective Order in this action. Mattel further objects to this request to the extent that the information requested is confidential under the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d-6. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

Subject to the foregoing objections and subject to resolution of the issues raised in Mattel's letter of March 16, 2007, which is incorporated herein by reference, Mattel will produce responsive, non-privileged documents in its possession, custody or control, which it has been able to locate after a diligent search and reasonable inquiry.

09/2080613.107209/20 13.1

-12-

**REQUEST NO. 358 (erroneously numbered Request No. 356 by MGA):**

Any personnel or vendor file, and all DOCUMENTS REFERRING OR RELATING TO same, maintained by MATTEL for Maureen Mullen, including any evaluations of her performance.

**RESPONSE TO REQUEST NO. 358:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence, such as documents relating to Mattel projects not relevant to this lawsuit. Mattel further objects to this Request on the grounds that the term "DOCUMENTS REFERRING OR RELATING TO" a "personnel file" is vague and ambiguous. Mattel further objects to this Request on the grounds that "MATTEL," as defined by the Requests, is overbroad and vague and ambiguous. Mattel further objects to this Request to the extent it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this request on the grounds that it implicates the privacy rights of Maureen Mullen, and any production of documents will be subject to the Protective Order in this action. Mattel further objects to this request to the extent that the information requested is confidential under the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d-6. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

Subject to the foregoing objections and subject to resolution of the issues raised in Mattel's letter of March 16, 2007, which is incorporated herein by

09/2080613.107209/20
13.1

-13-

1  reference, Mattel will produce responsive, non-privileged documents in its

2  possession, custody or control, which it has been able to locate after a diligent

3  search and reasonable inquiry.

4

5  **REQUEST NO. 359 (erroneously numbered Request No. 354 by MGA):**

6  　　　　　Any personnel file, and all DOCUMENTS REFERRING OR

7  RELATING TO same, maintained by MATTEL for Anna Rhee, including any

8  evaluations of her performance.

9

10  **RESPONSE TO REQUEST NO. 359:**

11  　　　　　In addition to the General Objections stated above which are

12  incorporated herein by reference, Mattel objects to this Request as overbroad and

13  unduly burdensome on the grounds that it seeks documents that are not relevant to

14  this action or likely to lead to the discovery of admissible evidence, such as

15  documents relating to Mattel projects not relevant to this lawsuit.  Mattel further

16  objects to this Request on the grounds that the term "DOCUMENTS REFERRING

17  OR RELATING TO" a "personnel file" is vague and ambiguous.  Mattel further

18  objects to this Request on the grounds that "MATTEL," as defined by the Requests,

19  is overbroad and vague and ambiguous.  Mattel further objects to this Request to the

20  extent it calls for the disclosure of information subject to the attorney-client

21  privilege, the attorney work-product doctrine and other applicable privileges.  Mattel

22  further objects to this request on the grounds that it implicates the privacy rights of

23  Anna Rhee, and any production of documents will be subject to the Protective Order

24  in this action.  Mattel further objects to this request to the extent that the information

25  requested is confidential under the Health Insurance Portability and Accountability

26  Act of 1996, 42 U.S.C. § 1320d-6.  Mattel further objects to this Request on the

27  grounds that it is duplicative of or subsumed within prior Requests already

28

09/2080613.107209/20
3.1

-14-

1  responded to and seeks the re-production of information and documents already

2  produced in this action. Such information and documents will not be re-produced.

3       Subject to the foregoing objections and subject to resolution of the

4  issues raised in Mattel's letter of March 16, 2007, which is incorporated herein by

5  reference, Mattel will produce responsive, non-privileged documents in its

6  possession, custody or control, which it has been able to locate after a diligent

7  search and reasonable inquiry.

8

9  **REQUEST NO. 360 (erroneously numbered Request No. 354 by MGA):**

10       Any vendor file, and all DOCUMENTS REFERRING OR RELATING

11  TO same, maintained by MATTEL for Anna Rhee, including any evaluations of her

12  performance.

13

14  **RESPONSE TO REQUEST NO. 360:**

15       In addition to the General Objections stated above which are

16  incorporated herein by reference, Mattel objects to this Request as overbroad and

17  unduly burdensome on the grounds that it seeks documents that are not relevant to

18  this action or likely to lead to the discovery of admissible evidence, such as

19  documents relating to Mattel projects not relevant to this lawsuit. Mattel further

20  objects to this Request on the grounds that the term "DOCUMENTS REFERRING

21  OR RELATING TO" a "personnel file" is vague and ambiguous. Mattel further

22  objects to this Request on the grounds that "MATTEL," as defined by the Requests,

23  is overbroad and vague and ambiguous. Mattel further objects to this Request to the

24  extent it calls for the disclosure of information subject to the attorney-client

25  privilege, the attorney work-product doctrine and other applicable privileges. Mattel

26  further objects to this request on the grounds that it implicates the privacy rights of

27  Anna Rhee, and any production of documents will be subject to the Protective Order

28  in this action. Mattel further objects to this request to the extent that the information

-15-

1 requested is confidential under the Health Insurance Portability and Accountability

2 Act of 1996, 42 U.S.C. § 1320d-6.  Mattel further objects to this Request on the

3 grounds that it is duplicative of or subsumed within prior Requests already

4 responded to and seeks the re-production of information and documents already

5 produced in this action.  Such information and documents will not be re-produced.

6         Subject to the foregoing objections and subject to resolution of the

7 issues raised in Mattel's letter of March 16, 2007, which is incorporated herein by

8 reference, Mattel will produce responsive, non-privileged documents in its

9 possession, custody or control, which it has been able to locate after a diligent

10 search and reasonable inquiry.

11

12 **REQUEST NO. 361 (erroneously numbered Request No. 354 by MGA):**

13         DOCUMENTS sufficient to show payments by MATTEL to Anna

14 Rhee, on a monthly (or, if not available, quarterly) basis since January 1, 2003.

15

16 **RESPONSE TO REQUEST NO. 361:**

17         In addition to the General Objections stated above which are

18 incorporated herein by reference, Mattel objects to this Request as overbroad and

19 unduly burdensome on the grounds that it seeks documents that are not relevant to

20 this action or likely to lead to the discovery of admissible evidence, such as

21 documents relating to Mattel projects not relevant to this lawsuit.  Mattel further

22 objects to this Request on the grounds that "MATTEL," as defined by the Requests,

23 is overbroad and vague and ambiguous.  Mattel further objects to this request on the

24 grounds that it implicates the privacy rights of Anna Rhee, and any production of

25 documents will be subject to the Protective Order in this action.  Mattel further

26 objects to this Request on the grounds that it is duplicative of or subsumed within

27 prior Requests already responded to and seeks the re-production of information and

28

2080613.107209/20
1

-16-

1  documents already produced in this action.  Such information and documents will

2  not be re-produced.

3          Subject to the foregoing objections, Mattel will produce responsive,

4  non-privileged documents in its possession, custody or control, which it has been

5  able to locate after a diligent search and reasonable inquiry.

6

7  DATED:  March 16, 2007          QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP
8

9

10  By _____
          Timothy L. Alger
11        Attorneys for Plaintiff and Cross-Defendant
          Mattel, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9/2080613.107209/20
3.1

-17-

**PROOF OF SERVICE**

1

2        I am employed in the County of Los Angeles, State of California.  I am over

3   the age of eighteen years and not a party to the within action; my business address is

4   NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles,

5   California 90026.

6        On March 16, 2007, I served true copies of the following document(s)

7   described as:

8   **MATTEL, INC.'S RESPONSES TO MGA'S THIRD SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

9

10  on the parties in this action as follows:

|                                                                                                                                 |  |
|---------------------------------------------------------------------------------------------------------------------------------|--|
| Diana M. Torres, Esq.<br>O'Melveny & Myers<br>400 So. Hope Street<br>Los Angeles, CA  90071<br>Telephone: (213) 430-6000<br>Facsimile: (213) 430-6407 |  |

14

15       [√ ]    [PERSONAL] by personally delivering the document listed above to

16   the person(s) at the address(es) set forth above.

17

18       I declare that I am employed in the office of a member of the bar of this court

19   at whose direction the service was made

20

21       Executed on March 16, 2007, at Los Angeles, California.

22

23

24   David Quintana

25

26

27

28

/2049684.1

-1-

Case No. SACV 05-00953 JVS (ANx)
PROOF OF SERVICE

Exhibit 50 - Page 2339

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On March 16, 2007, I served true copies of the following document(s) described as:

**MATTEL, INC.'S RESPONSES TO MGA'S THIRD SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

on the parties in this action as follows:

| | |
|---|---|
| Keith A. Jacoby, Esq.<br>Littler Mendelson<br>2049 Century Park East, 5th Floor<br>Los Angeles, CA 90067-3107<br>Telephone: (310) 553-0308<br>Facsimile: (310) 553-5583 | |

[√]    **[MAIL]** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business, addressed as set forth below. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on March 16, 2007, at Los Angeles, California.

Albert V. Villamil

2049684.1

Case No. SACV 05-00953 JVS (ANx)
PROOF OF SERVICE

Exhibit 50 - Page 2340