# Exhibit 58

Case 2:04-cv-09049-DOC-RNB Document 6818-59 Filed 09/28/09 Page 2 of 35 Page ID
Case 2:04-cv-09049-SGL-RNB Document 5190 Filed 04/14/2009 Page 1 of 34
#:225048

1    Robert C. O'Brien (SBN 154372)
     ARENT FOX LLP
2    555 West Fifth Street, 48th Floor
     Los Angeles, CA 90013-1065
3    Telephone: 213.629.7400
     Facsimile: 213.629.7401
4    obrien.robert@arentfox.com

5    Discovery Master

6

7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

| | |
|---|---|
| 11    CARTER BRYANT, an individual, | Case No. CV 04-09049 SGL (RNBx) |
| 12           Plaintiff, | |
| 13         v. | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727 |
| 14    MATTEL, INC., a Delaware<br>   corporation, | **PHASE 2 DISCOVERY MATTER** |
| 15 | |
| 16          Defendant. | **ORDER NO. 17, REGARDING:** |
| 17 | **(1) THE MGA PARTIES' MOTION FOR A PROTECTIVE ORDER STAYING DISCOVERY ON TRADE DRESS CLAIMS;** |
| 18 | |
| 19 | |
| 20 | **(2) MOTION OF MATTEL, INC. TO ENFORCE PRIOR COURT ORDER AND TO COMPEL RESPONSES TO INTERROGATORIES; and** |
| 21 | |
| 22 | |
| 23 | |
| 24    CONSOLIDATED WITH<br>   MATTEL, INC. v. BRYANT and<br>   MGA ENTERTAINMENT, INC. v.<br>   MATTEL, INC. | **(3) *EX PARTE* APPLICATION FILED BY MATTEL, INC. FOR AN ORDER TO SHOW CAUSE RE: MGA ENTERTAINMENT, INC.'S FAILURE TO COMPLY WITH COURT ORDER** |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2593

Case 2:04-cv-09049-DOC-RNB Document 6818-59 Filed 09/28/09 Page 3 of 35 Page ID
Case 2:04-cv-09049-SGL-RNB Document 5190 Filed 04/14/2009 Page 2 of 34
#:225049

1    This Order sets forth the Discovery Master's ruling on the following

2    discovery matters:  (1) the motion for a protective order staying discovery on trade

3    dress claims filed by MGA Entertainment, Inc., MGA Entertainment (HK) Limited,

4    MGAE De Mexico, S.R.L. De C.V. and Isaac Larian (the "MGA Parties")

5    ("Protective Order Motion") [Docket No. 4921]; (2) the motion filed by Mattel, Inc.

6    ("Mattel") to enforce a prior order compelling MGA Entertainment, Inc. ("MGA")

7    to answer Interrogatory Nos. 43 and 44, and compelling responses to Supplemental

8    Interrogatory Nos. 51 – 55 and 64 ("Motion To Compel") ("[Docket No. 4987]; and

9    (3) the *ex parte* application filed by Mattel for an order to show cause regarding

10   MGA's failure to comply with a prior court order ("Application") [Docket No.

11   4997] (collectively, the "Motions").

12   The Motions came on regularly for hearing before the Discovery Master on

13   April 14, 2009.  All interested parties were represented by counsel and afforded the

14   opportunity to present oral argument on the Motions.  The Discovery Master,

15   having considered the papers filed in support of and in opposition to the Motions,

16   and having heard oral argument, rules as set forth below.

17   **I.    THE TRADE DRESS DISCOVERY AT ISSUE**

18   All of the Motions concern discovery related to MGA's trade dress claims.

19   **A.    Interrogatory Nos. 43 And 44**

20   On October 23, 2007, Mattel served its Amended Fourth Set of

21   Interrogatories on MGA, including Interrogatory Nos. 43 and 44.  (Declaration of

22   Scott L. Watson in Support of the Motion To Compel ("Watson Decl."), Ex. 1 at

23   pp. 7 – 8).   These interrogatories ask MGA to identify, for each design, product

24   and packaging that MGA contends Mattel copied, the date of conception and the

25   date it was first fixed in a tangible medium:

26   • Interrogatory No. 43:  "For each concept, design, product, product

27   packaging or other matter that YOU contend MATTEL copied or

28   infringed, including but not limited to those identified in MGA's

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2594

Case 2:04-cv-09049-DOC-RNB Document 6818-59 Filed 09/28/09 Page 4 of 35 Page ID
#:225050
Case 2:04-cv-09049-SGL-RNB Document 5190 Filed 04/14/2009 Page 3 of 34

1  Responses To Mattel, Inc.'s First Set Of Interrogatories Re Claims Of

2  Unfair Competition, Response To Interrogatory No. 2 (and any

3  Supplemental Responses to such Interrogatory), state the date that each

4  such concept, design, product, product packaging or other matter was

5  conceived, and IDENTIFY, all PERSONS with knowledge of, and all

6  DOCUMENTS that REFER OR RELATE TO, the foregoing." (*Id.*,

7  Ex. 1 at p. 7).

8  • Interrogatory No. 44: "For each concept, design, product, product

9  packaging or other matter that YOU contend MATTEL copied or

10  infringed, including but not limited to those identified in MGA's

11  Responses To Mattel, Inc.'s First Set Of Interrogatories Re Claims Of

12  Unfair Competition, Response To Interrogatory No. 2 (and any

13  Supplemental Responses to such Interrogatory), state the date that each

14  such concept, design, product, product packaging or other matter was

15  first fixed in any tangible medium of expression (if ever), and

16  IDENTIFY, all PERSONS with knowledge of, and all DOCUMENTS

17  that REFER OR RELATE TO, the foregoing." (*Id.*, Ex. 1 at pp. 7 and

18  8).

19  MGA responded to Interrogatory Nos. 43 and 44 with only objections on

20  November 15, 2007. (*Id.*, Ex. 2 at pp. 10 – 13). On November 30, 2007, MGA

21  supplemented its responses to both interrogatories. (*Id.*, Ex. 3 at pp. 12 – 19). On

22  December 20, 2007, Mattel moved to compel further responses to the

23  interrogatories. (*Id.*, Ex. 4). The MGA Parties filed their opposition to Mattel's

24  motion to compel on December 31, 2007. (*Id.*, Ex. 5). On January 7 and 28, 2008,

25  MGA served its second and third set of supplemental responses to Interrogatory

26  Nos. 43 and 44. (*Id.*, Ex. 6 at pp. 20 – 26 and Ex. 7 at pp. 28 – 33).

27  On February 4, 2008, the Court stayed all Phase 2 discovery. (Order dated

28  February 4, 2008, p. 3). On February 15, 2008, the prior discovery master granted

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2595

Case 2:04-cv-09049-DOC-RNB Document 6318-59 Filed 09/28/09 Page 5 of 35 Page ID
#:225051
Case 2:04-cv-09049-SGL-RNB Document 5190 Filed 04/14/2009 Page 4 of 34

1    Mattel's motion to compel, finding that the "requested information is relevant to

2    Mattel's defense against the MGA [P]arties' claims that their products have been

3    copied or infringed by certain Mattel products." (Watson Decl., Ex. 8 at pp. 11 –

4    12). The prior discovery master further ruled that the supplement responses

5    provided by MGA were deficient, reasoning as follows:

6           Although the MGA [P]arties served supplemental

7           responses after filing their opposition brief, the

8           supplemental responses do not include the requested

9           information. The MGA [P]arties have [also] failed to

10          establish that the interrogatories are unduly burdensome.

11   (*Id.*, Ex. 8 at p. 12). The prior discovery master then ordered MGA to

12   supplement its responses "no later than February 26, 2008." (*Id.*, Ex. 8

13   at p. 22).

14          On March 3, 2008, seven days after the deadline specified in the prior

15   discovery master's order, MGA supplemented its responses to Interrogatory Nos.

16   43 and 44 for a fourth time, objecting that the discovery in question related to

17   Phase 2 and was therefore stayed pursuant to the stay imposed by the Court on

18   Phase 2 discovery on February 4, 2008. (*Id.*, Ex. 9 at pp. 7 – 16). On April 22,

19   2008, the prior discovery master granted the MGA Parties' motion for clarification

20   concerning his February 15, 2008 ruling, stating that "the MGA Parties' obligation

21   to supplement their responses to Interrogatory Nos. . . . 43 and 44 . . . [is] hereby

22   stayed until further order of the district court lifting the stay on Phase 2 discovery."

23   (*Id.*, Ex 10 at p. 3).

24   **B.     Supplemental Interrogatory Nos. 51 – 55 And 64**

25          On January 9, 2008, Mattel served Supplemental Interrogatory Nos. 51 – 55

26   and 64 on MGA. (*Id.*, Ex 11 at p. 12 – 14 and 16). These interrogatories seek

27   information regarding MGA's allegations that Mattel copied, infringed or diluted

28   MGA's products:

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2596

- • Supplemental Interrogatory No. 51: "For each concept, design, product, product packaging or other matter that YOU contend MATTEL has copied, infringed, or diluted, including but not limited to those identified in MGA's Responses to Mattel, Inc.'s First Set of Interrogatories Re Claims of Unfair Competition, Response To Interrogatory No. 2 (and any Supplemental Responses to such Interrogatory), describe, fully and separately, each and every concept, design, product, product packaging or other matter of or by MATTEL that YOU contend is a copy of, infringes or dilutes YOUR alleged concept(s), design(s), product(s), product packaging or other matter. Your answer should describe the Mattel concept, design, product, product packaging or other matter with specificity and in detail (including without limitation by product name, product number, SKU, or bar code number), and specify those elements or attributes of YOUR claimed concept, design, product, product packaging or other matter that YOU contend were copied, infringed or diluted by MATTEL." (*Id.*, Ex. 11 at pp. 12 – 13).

- • Supplemental Interrogatory No. 52: "For each trade dress that YOU contend MATTEL copied, infringed, or diluted, separately IDENTIFY each product sold by YOU or YOUR licensees that incorporates such trade dress and, for each such product, separately state (a) the number of units, by year, of each such product sold by YOU or YOUR licensees; (b) revenue received by YOU from such SALES of each such product; (c) all costs YOU have incurred in connection with each product; including but not limited to YOUR cost of good sold, and (D) YOUR gross and net worth from each such product." (*Id.*, Ex. 11 at p. 13).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2597

- • Supplemental Interrogatory No. 53: "For each MATTEL concept, design, product, product packaging or other matter that YOU contend is likely to cause confusion, to cause mistake, or to deceive as to affiliation, connection, or association, or as to origin, sponsorship, or approval, separately state all facts that support YOUR contention of such, including but not limited to all facts that support YOUR contention, if YOU so contend, that any of the SLEEKCRAFT FACTORS weighs against MATTEL, and IDENTIFY all PERSONS with knowledge of such facts, and all DOCUMENTS that REFER OR RELATE TO such facts." (*Id.*).

- • Supplemental Interrogatory No. 54: "For each concept, design, product, product packaging or other matter that YOU contend MATTEL copied, infringed or diluted, state all facts that support YOUR contention, if YOU so contend, that such copying or infringement was intentional or willful, and IDENTIFY all PERSONS with knowledge of such facts, and all DOCUMENTS that REFER OR RELATE TO such facts." (*Id.*).

- • Supplemental Interrogatory No. 55: "State all facts which support the allegation in Paragraph 120 of YOUR COMPLAINT that MATTEL has "caused and continues to cause blurring and dilution of the distinctive look of MGA's products and trade dress," and IDENTIFY all PERSONS with knowledge of such facts, and all DOCUMENTS that REFER OR RELATE TO such facts." (*Id.*, Ex. 11 at p. 14).

- • Supplemental Interrogatory No. 64: "To the extent YOU have not previously disclosed such information in a prior interrogatory response YOU provided to Mattel, state all facts which support YOUR claims against Mattel in THIS ACTION, and IDENTIFY all PERSONS with knowledge of such facts, and all DOCUMENTS that REFER OR

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2598

RELATE TO such facts." (*Id.*, Ex. 11 at p. 16).

MGA responded to Supplemental Interrogatory Nos. 51 – 55 and 64 on February 8, 2008, objecting that the discovery related to Phase 2 issues and was therefore stayed. (*Id.*, Ex. 12 at pp. 15 – 19 and 34 – 35).

### C. The Court Lifts The Stay On Phase 2 Discovery

On January 6, 2009, the Court vacated the stay on Phase 2 discovery. (Watson Decl., Ex. 13 at p. 2). Mattel's counsel subsequently wrote to counsel for MGA on January 20, 2009 to ask when MGA planned to serve the required responses to Interrogatory Nos. 43 and 44, which the prior discovery master had previously ordered answered. (*Id.*, Ex. 14).

Mattel's counsel also wrote to MGA on January 28, 2009, requesting that the parties meet and confer on Supplemental Interrogatory Nos. 51 – 55 and 64. (*Id.*, Ex. 15 at pp. 2 – 3). Counsel for the parties then spoke on February 6, 2009 regarding Mattel's eight trade dress interrogatories. (*Id.*, ¶ 18 and Ex. 18 at p. 1). During the conference, MGA stated, that it would provide responses to Interrogatory Nos. 43 and 44, and Supplemental Interrogatory Nos. 51 – 55 and 64, "not later than 30 days after the Court decides the trade dress summary judgment motion which Mattel has indicated it will be bringing." (*Id.*, Ex. 18 at p. 1).

On February 18, 2009, the parties met and conferred regarding Mattel's contemplated summary judgment motion concerning MGA's trade dress claims and again discussed the responses to the eight trade dress interrogatories at issue. (*Id.*, Ex. 23 at p. 1). The next day, MGA informed Mattel that it would not agree to provide further responses to the interrogatories. (*Id.*). Rather, MGA said that it planned to request a protective order to stay its obligation to respond and that it would only provide responses: (1) if their planned protective order was denied; or (2) if the protective order is granted, 21 days after the Court decides Mattel's summary judgment motion, to the extent any trade dress claims remain after that decision. (*Id.*).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2599

Case 2:04-cv-09049-DOC-RNB Document 6818-59 Filed 09/28/09 Page 9 of 35 Page ID
Case 2:04-cv-09049-SGL-RNB Document 5190 Filed 04/14/2009 Page 8 of 34
#:225055

On February 26, 2009, the MGA Parties filed the Protective Order Motion. Eight days later, Mattel filed its Motion To Compel. Mattel filed the Application on March 10, 2009.

## II.  THE MGA PARTIES' MOTION FOR A PROTECTIVE ORDER

The Discovery Master first addresses the MGA Parties' Protective Order Motion.

### A.  The Relief Sought By The MGA Parties

The MGA Parties "seek a stay to defer responding to eight specific interrogatories relating to MGA's trade dress claims until 21 days after the Court rules on Mattel's [contemplated] summary judgment motion." (Motion for a Protective Order, p. 5). "The MGA Parties also seek a stay of all discovery relating to MGA's trade dress claims for the same period." (*Id.*).

### B.  Mattel's Opposition

Mattel opposes the Protective Order Motion on five grounds. First, Mattel argues that the motion is inconsistent with the Court's January 6, 2009 order lifting the stay on Phase 2 discovery. (Opposition, pp. 12 – 13). Second, Mattel argues that any request to stay discovery is not properly directed to the Discovery Master. (*Id.*, p. 13). Third, Mattel argues that the request for a stay lacks merit, since "it is commonplace for a party to bring dispositive motions prior to trial . . ." (*Id.*, pp. 13 – 14). Fourth, Mattel argues that the request for a stay is unworkable since the trade dress claims "are intertwined with Mattel's Phase 2 claims." (*Id.*, pp. 13 – 15). Finally, Mattel argues that the stay would unduly prejudice it and that there is no corresponding undue burden placed on the MGA Parties. (*Id.*, pp. 16 – 20).

### C.  Legal Standard

In general, parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. (Fed. Rule Civ. P. 26(b)(1)). The motion brought by the MGA Parties to stay discovery is made pursuant to Federal Rule of Civil Procedure 26(c), which governs motions for protective orders.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2600

Rule 26(c) provides that a protective order may be issued "for good cause" and "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." (Fed. Rule Civ. P. 26(c)).

A district court is afforded considerable discretion in deciding whether to issue a protective order that stays discovery. (*See, e.g., Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). While it is within a district court's discretion to stay discovery pending the outcome of a dispositive motion, (*see Monreal v. Potter*, 367 F.3d 1224, 1238 (10th Cir. 2004), such stays are not routinely granted, (*see, e.g., TSM Associates, LLC v. Tractor Supply Co.*, 2008 WL 2404818, at *1 (N.D.Okla. June 11, 2008) ["Unless some compelling reason is presented, in the usual case discovery is not stayed as Defendant requests."]; *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D.Kan. 1990) ["The general policy in this district is not to stay discovery even though dispositive motions are pending."]).

The underlying principle in determining whether to grant or deny a stay is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." (*Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). In other words, stays of the normal proceedings of a court should be the exception rather than the rule.

Nonetheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action," (*Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D.Fla. 2003)), "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion, or where discovery on all issues of the broad complaint would be wasteful and burdensome," (*Kutilek*, 132 F.R.D. at 298).

In deciding whether to stay discovery pending the resolution of a dispositive motion, federal courts in California conduct the following inquiry: (1) Is the pending motion "potentially dispositive of the entire case, or at least dispositive on

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2601

Case 2:04-cv-09049-DOC-RNB Document 6818-59 Filed 09/28/09 Page 11 of 35 Page ID
Case 2:04-cv-09049-SGL-RNB Document 5190 Filed 04/14/2009 Page 11 of 34
#:225057

1  the issue at which discovery is directed," and, if so (2) can the pending dispositive

2  motion be decided "absent additional discovery." (*Qwest Communications Corp. v.*

3  *Herakles, LLC*, 2007 WL 2288299, *2 (E.D.Cal. August 8, 2007)). If the court

4  answers both questions in the affirmative, it may then analyze other factors,

5  including the likelihood that the dispositive motion will be granted, (*id.*), and/or

6  "(1) plaintiff's interests in proceeding expeditiously with the civil action and the

7  potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the

8  convenience to the court; (4) the interests of persons not parties to the civil

9  litigation; and (5) the public interest." (*Schmaltz v. Smithkline Beecham Corp*.,

10  2008 WL 3845260, *1 (D.Colo. Aug.15, 2008)).

11  **D.    Analysis**

12       The MGA Parties' primary argument in favor of the requested stay is that, in

13  the event Mattel's contemplated motion for summary judgment is granted, "the

14  Trade Dress Interrogatories may prove unnecessary or may be substantially

15  narrowed." (Protective Order Motion, p. 13; *see also id.* at pp. 1, 2, and 11 – 15).

16  The MGA Parties reason that "[i]t is particularly appropriate to stay discovery when

17  a dispositive motion, such as a summary judgment motion, 'would obviate the need

18  for discovery.'" (*Id*., p. 11 (citation omitted)).

19       The Discovery Master finds this rationale unpersuasive for the following

20  reasons.

21          **1.    The Discovery Master Does Not Have the Power To Issue**

22             **The Requested Stay**

23       First, the Discovery Master does not have authority to render a ruling that

24  could directly override the Court's scheduling order and delay the Phase 2 trial.

25  While the Discovery Master has been appointed to resolve "any and all . . .

26  discovery disputes in this case,"[1] and may issue orders that indirectly impact the

---

[1] S*ee* Order appointing the prior discovery master dated December 6, 2006 ("Discovery Master
Order) and the Order appointing the current Discovery Master dated January 6, 2009.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2602

scheduling order (e.g., resolving motions to compel, motions to quash, etc.),[2] there is nothing in the order appointing the Discovery Master that authorizes him to override the scheduling order directly.[3]  Indeed, the power to control scheduling in this matter is vested with the Court, as evidenced by the scheduling order issued by it on February, 11, 2009.[4]  (Order dated February 11, 2009, p. 2).  Because the Court, not the Discovery Master, established the applicable discovery cut-off and trial dates for Phase 2, (*id*.), the Discovery Master cannot issue a stay that overrides that order.

## 2.     The Court Previously Indicated That the Parties Should Proceed With Phase 2 Discovery.

Second, the Court advised the Discovery Master on February 11, 2009 that "[t]here is no stay on discovery.  Period."  (Reporter's Transcript of Proceedings, February 11, 2009, p. 97:15).  It further instructed the Discovery Master "in no uncertain terms, that there is no stay on *any* discovery related to this case at all," (*id*., p. 97:9–10 [emphasis added]), and "there is nothing from this Court which is precluding *any* discovery that is properly sought for the trial that is scheduled," (*id*., p. 101:22:24 [emphasis added]).  While these statements admittedly arose in the context of the lifting of the stay on Phase 2 discovery, the Discovery Master nevertheless believes that they are instructive of the Court's view that any request

---

[2] *See* Order dated February 4, 2008, p. 3 (stating that "[t]he fact that the Discovery Master's ruling might impact upon the Court's scheduling order does not relieve the parties of following this procedure.")

[3] That the stay requested by the MGA Parties could force the Court to alter its scheduling order is clear, because the requested stay is of an indefinite duration.  Although the MGA Parties request a stay until 21 days after the Court rules on Mattel's contemplated summary judgment motion, (Protective Order Motion, p. 5), no such motion is pending before the Court.  Nor is there a hearing date on the yet-to-be-filed motion, let alone an indication as to when the Court might be able to issue a ruling disposing of it.

[4] The Court issued its Phase 2 scheduling order more than one month after the appointment of the current Discovery Master.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2603

to the Discovery Master for a stay of Phase 2 discovery should be rejected absent extraordinary circumstances not present here.

### 3. There Is No Dispositive Motion Pending

Third, the MGA Parties have failed to demonstrate that a stay is warranted, because no dispositive motion is pending before the Court. The MGA Parties concede in their moving papers and again in their Reply that Mattel has merely represented that it will file a summary judgment motion at some point in the future. (Protective Order Motion, p. 4; Reply, p. 4). In the absence of a *pending* dispositive motion, there is no basis for granting the requested stay.[5]

### 4. Mattel's Contemplated Summary Judgment Motion Will Not Dispose Of MGA's Trade Dress Claims

Even assuming a dispositive motion had been filed with the Court, the MGA

---

[5] The cases cited by the MGA Parties to support its request for a stay are inapposite. In each case, the party seeking the discovery stay was the party who had brought the pending dispositive motion. (*See In re Netflix Antitrust Litig.*, 506 F.Supp.2d 308, 321 (N.D. Cal. 2007) [Defendant who filed a motion to dismiss and requested a stay of discovery was ordered to disclose some documents upon partial lifting of stay by the Ninth Circuit.]; *Orchid v. Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670, 671 – 672 (S.D. Cal. 2001) [Defendant, who had moved to dismiss for lack of personal jurisdiction, sought protective order denying all discovery or, alternatively, limiting the discovery to jurisdictional issues]; *Landry v. Air Pilots Ass'n Intern. AFL-CIO*, 901 F.2d 404, 435 – 436 (5th Cir. 1990) [Defendant, who had brought motion for summary judgment, properly sought and obtained a protective order staying discovery propounded on it by plaintiffs.]); *Little v. City of Seattle*, 863 F.2d 681 (9th Cir. 1988) [Stay on discovery upheld in favor of party who raised immunity issue via a summary judgment motion]; *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D.C.Del., 1979) [Defendant who filed motion to dismiss for lack of ripeness sought a stay of discovery]. By comparison, the MGA Parties are not arguing that a stay is appropriate due to a dispositive motion that they intend to bring or that the contemplated motion will defeat their trade dress claims. On the contrary, the MGA Parties are arguing that a stay should be imposed until Mattel's contemplated summary judgment motion, which the MGA Parties believe should be denied, is resolved.

Further, the five cases cited by the MGA Parties all involved situations where a dispositive motion had already been filed with the Court. (*Id.*)

Finally, most of the cases relied upon by the MGA Parties were at a relatively nascent stage. Indeed, the dispositive motion was typically a motion to dismiss. (*See, e.g., In re Netflix Litig.*, 506 F.Supp.2d at 321; *Orchid*, 198 F.R.D. at 671 – 672; *Coastal States Gas Corp.*, 84 F.R.D. at 282;). In contrast, a trial has already been held in this matter and the lawsuit has been pending for several years.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 11 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2604

1    Parties have not demonstrated that "[t]he pending motion [is] potentially dispositive

2    of the entire case, or at least dispositive on the issue at which discovery is directed."

3    (*Qwest Communications Corp.*, 2007 WL 2288299, *2).  Mattel's contemplated

4    summary judgment motion will not dispose of MGA's trade dress claims because it

5    is undisputed that MGA's trade dress claims "concern products and other matters

6    that will not be the subject of Mattel's contemplated motion."  (Opposition, p. 15;

7    *see also* Reply p. 11 n.6).

8         The MGA Parties nevertheless argue in their Reply that "it would make far

9    more sense for MGA to compile responsive information once the summary

10   judgment motion is decided and the full scope of the trade dress claims is settled."

11   (Reply, p. 11 n. 6).  Phrased differently, the MGA Parties argue not that the

12   summary judgment motion may moot all of the requested discovery, but only that,

13   if granted, it would narrow the scope of the trade dress discovery.  Because

14   discovery will inevitably be required on certain portions of MGA's trade dress

15   claims, this is not a situation where the contemplated motion is potentially

16   dispositive of the issue at which the discovery is directed.  Accordingly, the stay

17   requested by the MGA Parties can be denied for that reason alone.

18        **5.    Other Factors Also Weigh Against Issuing The Requested**

19             **Stay**

20        Finally, many, if not all, of the other factors a court may consider in deciding

21   whether a stay is appropriate pending the resolution of a dispositive motion weigh

22   in favor of denying the requested stay.

23             **a.    The Merits Of The Dispositive Motion**

24        As explained in *Qwest Communications Corp.*, 2007 WL 2288299, *2, one

25   of the additional factors a court may consider is whether the merits of the pending

26   dispositive motion make it likely that the motion will be granted.  Although the

27   Discovery Master cannot perform such an analysis here (because no dispositive

28   motion is pending), I note that the MGA Parties stated in their moving papers that

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 12 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Exhibit 58 - Page 2605

Mattel's contemplated summary judgment "arguments are not well-taken . . ." (Protective Order Motion, p. 13). In light of this statement, the MGA Parties are precluded from arguing that it is likely Mattel's motion will be granted in order to justify their request for a stay. Accordingly, the Discover Master finds that – based on the record presented – this factor weighs against issuing the requested stay.[6]

### b. Prejudice To Mattel

Imposing a stay on MGA's trade dress claims could also prejudice Mattel by delaying the ultimate resolution of the matter and increasing litigation costs. As explained above, the stay requested by the MGA Parties is of an indefinite duration and could delay the trial or, alternatively, force Mattel to expedite discovery efforts after the stay is lifted. Moreover, Mattel could be forced to depose the same witnesses multiple times in Phase 2 (once for those issues not related to MGA's trade dress claims and later with respect to those trade dress issues that remain following the disposition of Mattel's contemplated summary judgment motion). For these reasons, this factor weighs against staying the trade dress discovery.

### c. The MGA Parties Have Not Demonstrated They Will Suffer Any Undue Burden

While the MGA Parties claim that it will "be extremely difficult, time-consuming and costly" to respond to the eight trade dress interrogatories at issue, (Protective Order Motion, p. 14), as noted above, some trade dress discovery will have to be taken regardless of the outcome of Mattel's anticipated summary judgment motion. Further, while it is possible that Mattel's contemplated summary judgment motion, if granted, could simplify the issues for trial and reduce the costs imposed on the MGA Parties, it is also possible that the resolution of the motion will not have any bearing on the scope of the discovery needed in this case. Regardless, a party is always burdened with costs when it voluntarily chooses to

---

[6] Of course, the Discovery Master is in no way deciding the merits of Mattel's contemplated summary judgment motion.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 13 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2606

1   pursue a claim, whether the case ultimately is dismissed, summary judgment is

2   granted, the case is settled, or a trial occurs.  If the MGA Parties wish to avoid these

3   costs in connection with MGA's trade dress claims, MGA can always dismiss them.

4   Because any hardship that MGA might face is one of its own making, any burden

5   imposed on it in having to respond to the discovery is justified.  Accordingly, this

6   factor weighs against issuing the requested stay.

7           **d.     The Interests Of The Judiciary And The General**

8           **Public**

9           The Court, using funds supplied by the general public, has already expended

10  a great deal of effort and resources in this matter, including conducting a lengthy

11  trial in Phase 1.  The Court further issued a scheduling order that established a

12  specific trial date and discovery cut-off for Phase 2.  Consequently, the general

13  interests of controlling the court's docket and the fair and speedy administration of

14  justice weigh heavily in favor of denying the requested stay.

15      **E.     Summary Of Ruling Regarding The Protective Order Motion**

16          For all of the foregoing reasons, the MGA Parties have failed to meet their

17  burden of demonstrating that good cause exists for issuance of a protective order

18  staying their obligation to respond to the subject discovery.

19  **III.    MATTEL'S MOTION TO COMPEL**

20          Having denied the Protective Order Motion, the Discovery Master now turns

21  to Mattel's Motion To Compel.

22      **A.     Interrogatory Nos. 43 and 44**

23          **1.     Orders Issued By The Prior Discovery Master**

24          As explained in Section I.A., above, this is not the first time that Mattel has

25  moved to compel responses to Interrogatory Nos. 43 and 44.  The prior discovery

26  master ordered MGA to supplement its responses to these interrogatories as part of

27  his February 15, 2008 order ("February 15, 2008 Order").  (Watson Decl., Ex. 8 at

28  pp. 11 – 12).  Seven days after the deadline specified in the February 15, 2008

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 14 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Exhibit 58 - Page 2607

Case 2:04-cv-09049-DOC-RNB Document 6818-59 Filed 09/28/09 Page 17 of 35 Page ID
#:225063
Case 2:04-cv-09049-SGL-RNB Document 5190 Filed 04/14/2009 Page 16 of 34

Order for supplementing its responses to Interrogatory Nos. 43 and 44, MGA

served objections stating that the discovery in question related to Phase 2 and had

been stayed pursuant to a February 4, 2008 order from the Court. (*Id.*, Ex. 9 at pp.

7 – 16). After having been advised of the stay imposed by the Court on

February 4, 2008, the prior discovery master clarified his February 15, 2008 Order

on April 22, 2008 ("April 22, 2008 Order"), ruling that "[t]he MGA Parties

obligation to supplement their responses . . . [was] stayed until further order of the

district court lifting the stay on Phase 2 discovery." (*Id.*, Ex. 10 at p. 3).

### 2.      The Relief Sought By Mattel

Because MGA failed to supplement its response to Interrogatory Nos. 43 and

44 after the Court lifted the stay on Phase 2 discovery on January 6, 2009, Mattel

requests that the Discovery Master enforce the February 15, 2008 Order and require

MGA to supplement its responses. (Motion To Compel, pp. 9 – 10).

### 3.      MGA's Opposition

In its Opposition, MGA relies on two grounds for refusing to provide

responses to Interrogatory Nos. 43 and 44. First, MGA argues that it is not in

violation of the prior discovery master's February 15, 2008 Order because that

order was subsequently stayed by the April 22, 2008 Order, which "did not include

any specific date, or time period, after the Phase 2 stay was lifted within which

MGA had to provide supplemental responses." (Opposition, p. 10; *see also id.*, pp.

9 and 11). Second, MGA argues that it has not refused to answer Interrogatory

Nos. 43 and 44 but rather simply moved for a protective order and noted that it will

either provide further responses following the denial of that motion or, in the event

the motion is granted, after the Court decides Mattel's contemplated summary

judgment motion. (*Id.*, pp. 11 – 12).

The Discovery Master does not find either of these arguments persuasive.

### a.      The April 22, 2008 Order

While MGA is correct that the prior discovery master temporarily stayed the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 15 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Exhibit 58 - Page 2608

Case 2:04-cv-09049-DOC-RNB Document 6818-59 Filed 09/28/09 Page 18 of 35 Page ID
#:225064
Case 2:04-cv-09049-SGL-RNB Document 5190 Filed 04/14/2009 Page 17 of 34

1  enforcement of his February 15, 2008 Order in his April 22, 2008 Order, its

2  argument that it does not have any obligation to supplement the responses to

3  Interrogatory Nos. 43 and 44 because the April 22, 2008 Order did not specify a

4  time within which MGA had to provide responses is not supported by the record.

5      As soon as the stay on Phase 2 discovery was lifted, MGA's obligation to

6  supplement its responses to Interrogatory Nos. 43 and 44 pursuant to the

7  February 15, 2008 Order returned.  Indeed, the plain language of the prior

8  discovery master's April 22, 2008 Order states that the "MGA Parties obligation to

9  supplement their responses . . . are hereby stayed **until further order of the**

10 **district court lifting the stay on Phase 2 discovery**."  (Watson Decl., Ex. 10 at p.

11 3 (emphasis added)).  Because the Court lifted the stay on Phase 2 discovery on

12 January 6, 2009, the April 22, 2008 Order has not been a shield to the enforcement

13 of the prior discovery master's February 15, 2008 Order since the lifting of the stay.

14      Further, MGA had, at most, eleven days following the lifting of the stay on

15 Phase 2 discovery to supplement its responses to Interrogatory Nos. 43 and 44.

16 (Watson Decl., Ex. 8 at pp. 11 – 12 and 22).  The prior discovery master's February

17 15, 2008 Order required MGA to provide its supplemental responses within eleven

18 days of the order (i.e., on February 26, 2008).  (*Id.*, Ex. 8 at p. 22).  Giving MGA

19 the benefit of the doubt and assuming that all eleven of those days remained at the

20 time the stay was lifted on January 6, 2009, MGA had until January 19, 2009 to

21 provide its responses to Mattel (i.e., 11 days under the February 15, 2008 Order,

22 plus 2 additional days because January 17, 2009 falls on a Saturday).   Because

23 more than three months have passed without a response, MGA has not complied

24 with the terms of the prior discovery master's February 15, 2008 Order.

25          **b.    MGA's Offer To Produce The Supplemental**

26                 **Responses Following The Disposition Of The**

27                 **Protective Order Motion**

28 The contention that MGA somehow remedied its failure to supplement its

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 16 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2609

Case 2:04-cv-09049-DOC-RNB Document 6818-59 Filed 09/28/09 Page 19 of 35 Page ID
Case 2:04-cv-09049-SGL-RNB Document 5190 Filed 04/14/2008 Page 18 of 34
#:225065

responses to Interrogatory Nos. 43 and 44 by offering to provide further responses following the ruling on the Protective Order Motion is likewise unavailing. (*Id.*, pp. 11 – 12). MGA cites no legal authority, and the Discovery Master has found none, supporting the proposition that a party may refuse to respond to an interrogatory after it has been ordered to do so by subsequently filing a motion for a protective order. Nor would such a rule be logical, as it would permit the party ordered to respond to thereby nullify the effect of the court order. Regardless, the Discovery Master denied the Protective Order Motion and finds that it cannot be used as a basis for failing to comply with the February 15, 2008 Order.

### 4.     Conclusion

For all of the foregoing reasons, MGA must promptly provide full and complete responses to Interrogatory Nos. 43 and 44.

### B.     Mattel's Request For Sanctions Regarding Interrogatory Nos. 43 And 44

In its Motion To Compel, Mattel also requests that the Discovery Master sanction MGA in the amount of $4,515 for failing to comply with the prior discovery master's February 15, 2008 Order. (Motion To Compel, pp. 10 – 11). In response, MGA argues that the Motion To Compel is "entirely unnecessary," since "there is no dispute about whether MGA will respond to Interrogatories 43 and 44, only when, and MGA had already brought the 'when' question to the Discovery Master one week before Mattel filed the instant motion to compel" as part of its Protective Order Motion. (Opposition, p. 13). However, the fact that one party has moved for a protective order does not prevent the party opposing that motion from subsequently filing a motion to enforce a prior court order, particularly where the latter motion requests that the Discovery Master compel MGA to provide responses to the interrogatories at issue "without further delay," (Motion To Compel, p. 10), while the motion for a protective order indicates that MGA will respond to the interrogatories, at the earliest, "within 21 days after" the denial of the Protective

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 17 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2610

1    Order Motion, (Protective Order Motion, p. 10).

2         MGA next argues that sanctions should be denied because its Protective

3    Order Motion is supported by numerous cases, (Opposition, pp. 13 – 14), and that

4    "it would be a perversion of every conceivable notion of economy and efficiency,

5    not to mention fairness . . . if a motion to compel could be used to sanction a party

6    for exercising its legal right to seek a protective order." (*Id.*, p. 14). But these

7    arguments are not persuasive for the same reasons discussed in Section II and

8    Section III.A.3.b., above, namely that the Protective Order Motion is not

9    meritorious and MGA has not cited any legal authority supporting the proposition

10   that a party may refuse to respond to an interrogatory after it has been ordered to do

11   so by subsequently filing a motion for a protective order.

12        Finally, MGA argues that it "has not appealed, challenged or otherwise

13   refused to obey" the prior discovery master's order, (*id.*), but merely requested that

14   the "Discovery Master temporarily defer the time to respond . . . based upon the

15   new, intervening circumstances that arose between the issuance of that order and

16   the lifting of the discovery stay," (*id.*, p. 15). However, this is just another way of

17   saying that MGA refused to supplement its responses as required by the prior

18   discovery master due to its mistaken belief that the Protective Order Motion

19   obviated the need to comply with the February 15, 2008 Order. Because that

20   argument has already been rejected, MGA has failed to show that it had substantial

21   justification for opposing the enforcement of the February 15, 2008 Order.

22   Accordingly, the Discovery Master sanctions MGA in the amount of $4,515.[7]

23       **C.**    **Supplemental Interrogatory Nos. 51 – 55 And 64**

24           **1.**    **The Relief Sought By Mattel**

25        Mattel next requests that the Discovery Master overrule MGA's objections

26   and compel it to provide full and complete responses to Supplemental Interrogatory

---

[7] Having determined that MGA lacked substantial justification for failing to comply with the February 15, 2008 Order, the Discovery Master denies MGA's request for sanctions.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 18 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2611

1    Nos. 51 – 55 and 64.  (Motion To Compel, pp. 12 – 21).

2             **2.      MGA's Opposition**

3         In its Opposition, MGA initially argues that Mattel failed to meet and confer

4    in good faith.  (Opposition, pp. 16 – 18).  It further argues that even if Mattel did

5    meet and confer sufficiently, its other objections to the interrogatories (i.e., that

6    they (1) contain overbroad definitions, (2) are compound, (3) are duplicative of

7    other interrogatories, (4) improperly seek expert witness information, privileged

8    information, and information better known to Mattel, and/or (5) impose an undue

9    burden) are meritorious and should be sustained.  (*Id.*, pp. 18 – 26).

10            **a.      Purported Failure To Meet And Confer**

11        Because it could dispose of the outstanding discovery issues related to

12   Supplemental Interrogatory Nos. 51 – 55 and 64, the Discovery Master first

13   addresses MGA's argument that Mattel failed to meet and confer in good faith prior

14   to filing its motion.

15        MGA argues that Mattel did not meet and confer in good faith because its

16   "meet and confer letter concerning these interrogatories is utterly devoid of any

17   reference whatsoever to the putative impropriety of the objections it now challenges

18   . . ."  (Opposition, p. 17).  However, MGA admits that the parties did meet and

19   confer about certain issues regarding these interrogatories.  (*Id.*, p. 18 ["While the

20   parties did meet and confer about the timing of MGA's response to Interrogatory

21   Nos. 51 – 55 and 64 . . ." (emphasis omitted)]).   The record further reflects Mattel

22   sent a meet and confer letter and had multiple phone calls with MGA's counsel

23   about these specific interrogatories.  (Watson Decl., ¶ 18 and Exs. 15, 17 and 19).[8]

24   In fact, a letter dated January 28, 2008 specifically asks MGA to let Mattel know

25   "[i]f MGA or Larian intends to limit their responses [to the Supplemental

26   _____

27   [8] The Discovery Master overrules MGA's evidentiary objections to Paragraph 18 of the Watson
     Decl. because the statements are based on Mr. Watson's personal knowledge, are not vague and
28   ambiguous, do not constitute hearsay, and are not argumentative.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2612

Interrogatories] based on . . . any other objections . . ." (Watson Decl., Ex. 15).

Under such circumstances, the Discovery Master finds that Mattel satisfied Rule

37's "good faith" meet and confer requirement.

### b. Definitional Objections

MGA's first substantive argument in opposition to Supplemental

Interrogatory Nos. 51 – 55 and 64 is that Supplemental Interrogatory No. 52 is

ambiguous because of the manner in which the term "SALES" is defined.

(Opposition p. 19). MGA likewise asserts that Supplemental Interrogatory Nos. 51

– 55 are ambiguous because of the definition used for the term "MATTEL." (*Id.*,

pp. 19 – 20). However, MGA has not cited any legal authority in support of its

position.

Moreover, MGA did not set forth the grounds for its objections "with

specificity," at the time it objected to the interrogatories, as required by Federal

Rule of Civil Procedure 33(b)(4). To the contrary, it merely "incorporate[d]

General Objection Nos. 14 – 15 (regarding Definitions), including without

limitation its objection to the definition of the term 'MATTEL" for Supplemental

Interrogatory Nos. 51 – 55, (Separate Statement, pp. 4 – 8), as well as the term

"SALES" with respect to Supplemental Interrogatory No. 52 (*id.*, pp. 5 – 6). This

incorporation by reference of a list of general objections is insufficient to preserve

an objection. (*Convertino v. U.S. Dept. of Justice*, 565 F.Supp.2d 10, 12 – 13

(D.D.C. 2008); *ACMA USA, Inc. v. Surefil, LLC*, 2008 WL 2714422, *2 (E.D.Va.

July 7, 2008); *Grider v. Keystone Health Plan Central, Inc.*, 2007 WL 2874423, *5

- *6 (E.D.Pa. September 27, 2007); *see also* Fed. R. Civ. Proc. 33(b)(4)).

Regardless, the Discovery Master is not persuaded that MGA is unable to

understand the terms MATTEL and SALES. Accordingly, the definitional

objections are overruled. MGA must answer the interrogatories.[9]

---

[9] The prior discovery master repeatedly required MGA to respond to discovery that used these
definitions, including Interrogatory Nos. 43 and 44. (Watson Decl., Exs. 1 and 8).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 20 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2613

Case 2:04-cv-09049-DOC-RNB Document 6818-59 Filed 09/28/09 Page 23 of 35 Page ID
Case 2:04-cv-09049-SGL-RNB Document 5190 Filed 04/14/2009 Page 22 of 34
#:225069

#### c. Expert Witness Objection

With respect to Supplemental Interrogatory Nos. 51 and 53, MGA asserts that it "has simply interposed an objection that preserves [its] right to rely on expert testimony." (Opposition, p. 21). Since that is the full extent of MGA's expert witness objection, the Discovery Master agrees that the objection, as limited by MGA, is valid. What MGA cannot do is assert that this objection permits it to withhold information that is now available to it. Accordingly, the objection is sustained to the extent that MGA's interrogatory response merely includes a reservation of rights to supplement the response during expert discovery.

#### d. Objection That The Information Is Better Known By Mattel

Regarding Supplemental Interrogatory No. 51, MGA asserts that the request for it to identify Mattel products by stock keeping number or bar code number is objectionable because that information is better known to Mattel. (*Id.*, p. 21). However, MGA cannot withhold information on the ground that Mattel knows which people have knowledge of Mattel's purported copying of MGA's intellectual property. Mattel is entitled to discover the information MGA possesses and the factual bases of its trade dress claims.

As for MGA's claim that Supplemental Interrogatory No. 54 improperly asks it to identify all persons with knowledge of certain facts even though it does not know everyone who may possess such information, (*id.*, pp. 21 – 22), it is incumbent upon MGA to provide the information that is within its custody, possession or control. In fact, MGA concedes that it will provide "whatever information it has." (*Id.*, p. 22).

#### e. Compound Objection

MGA next asserts that Supplemental Interrogatory Nos. 51 – 53 are impermissibly compound. (Opposition, pp. 22 – 23). This contention is unavailing. The questions in each interrogatory refer to one common theme and a

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 21 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2614

common group, and count as a single interrogatory. (*See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 644 (D.Kan. 2004) ["[A]n interrogatory containing subparts directed at eliciting details concerning a 'common theme' should generally be considered a single question"]). Accordingly, the objection is overruled.

### f. Duplicative Objection

MGA's sixth argument is that Supplemental Interrogatory Nos. 51 and 52 are duplicative of other interrogatories Mattel propounded previously. (Opposition, pp. 23 – 24). But MGA has failed to demonstrate that this is the case. As an initial matter, MGA does not explain why Supplemental Interrogatory No. 51 is duplicative of other interrogatories. Rather, it simply states that Mattel "does not take issue with MGA's duplication objection," (*id.*, p 23), even though Mattel addressed that issue in footnote 81 of its Motion to Compel, (Motion To Compel, p. 19 ["MGA further objects that Interrogatory No. 51 is duplicative of Interrogatory No. 6 . . . No. 49 . . . .Although Interrogatory Nos. 6 and 49 also address the facts regarding MGA's trade dress claims, MGA has yet to identify each of the Mattel products it contends copied, infringed, or diluted MGA's products by SKU number, as requested by Interrogatory 51."]). Because it has not analyzed Interrogatory No. 51, MGA's objection to that interrogatory is overruled.

MGA's claim that Supplemental Interrogatory No. 52 is duplicative of Interrogatory No. 45 is also unpersuasive. Supplemental Interrogatory No. 52 seeks MGA profit, costs and revenue associated with each trade dress MGA contends Mattel copied, infringed or diluted, (Separate Statement, p. 5), whereas Interrogatory No. 45 asks MGA to identify each Bratz product that MGA sold and to identify the profits, costs and revenue associated with each such product. The questions are therefore not the same.[10] Accordingly, the objections are

---

[10] If the interrogatories were the same as previous interrogatories it answered, MGA should be able to respond to the latest interrogatories by cutting and pasting its responses to the prior interrogatories. However, as discussed below, MGA alleges that responding to Supplemental Interrogatory Nos. 51 and 52 will be overly burdensome, thereby implying that the questions are not identical in scope. (Opposition, p. 25).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 22 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2615

1    overruled.

2    ### g.    Undue Burden Objection

3    MGA next objects that Supplemental Interrogatory Nos. 51 – 53 and 64 are

4    unduly burdensome.

5    However, MGA has not provided any evidence in connection with its Motion

6    To Compel to support its claim of burden.  (*See Jackson,* 173 F.R.D. at 528-9 ["The

7    party claiming that a discovery request is unduly burdensome must allege specific

8    facts which indicate the nature and extent of the burden, usually by affidavit or

9    other reliable evidence."]).  Further, MGA cannot complain that the interrogatories

10   are unduly burdensome when Mattel merely seeks information regarding the extent

11   of MGA's trade dress claims.  If MGA contends Mattel infringed numerous

12   products, Mattel has the right to discover the scope of the alleged claims.

13   Accordingly, the objections are overruled.

14   ### h.    Privilege Objection

15   Regarding Supplemental Interrogatory Nos. 52, 53, 55 and 64, MGA argues

16   that it asserted a privilege objection merely to "preserve [its] ability to protect,

17   privileged documents and information . . . . [and to make] clear that it was not

18   waiving the attorney-client privilege . . .."  (Opposition, p. 25).   Since that is the

19   full extent of MGA's privilege objection, the Discovery Master agrees that

20   objection as so limited is valid.  Accordingly, the objection is sustained on that

21   limited ground.

22   ### 3.    Conclusion

23   For all of the foregoing reasons, MGA must promptly provide full and

24   complete responses to Supplemental Interrogatory Nos. 51 – 55 and 64, except as

25   limited above.

26   ### D.    Summary Of Ruling Regarding The Motion To Compel

27   Mattel's Motion To Compel is granted, except as limited above.  Mattel's

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 23 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2616

Case 2:04-cv-09049-DOC-RNB Document 6818-59 Filed 09/23/09 Page 26 of 35 Page ID
Case 2:04-cv-09049-SGL-RNB Document 5190 Filed 04/14/2009 Page 25 of 34
#:225072

1    request for sanctions in connection with Interrogatory Nos. 43 and 44 is also

2    granted.

### IV.    MATTEL'S *EX PARTE* APPLICATION

4            Several days after Mattel filed its Motion to Compel on March 6, 2009,

5    Mattel filed its Application for issuance of an order to show cause regarding

6    contempt.  The Application addresses Interrogatory Nos. 43 and 44 (the

7    "Interrogatories") and is based on the same facts summarized above with respect to

8    the Motion to Compel and Protective Order Motion.  However, unlike the Motion

9    to Compel, Mattel filed its Application with the Court, arguing that the Discovery

10   Master is not authorized to issue contempt sanctions.  By order dated March 12,

11   2009, the Court referred the Application to the Discovery Master, who was

12   instructed to review it in the first instance and recommend a disposition to the

13   Court.  (Order dated March 12, 2009, p. 1).

### A.    Basis For The Application

### 1.    Circumstances Warranting *Ex Parte* Relief.

16           In the introductory section of its Application preceding the Memorandum of

17   Points and Authorities, Mattel sets forth the following grounds for *ex parte* relief:

18           [F]or two months, MGA failed and refused to produce Phase 2

19           discovery, including such discovery that was previously ordered.

20           MGA also has a history of flouting Court Orders, but remains

21           undeterred by prior warnings and prior awards of sanctions.

22           Absent prompt intervention by this Court, MGA will continue to

23           block even ordered Phase 2 discovery.  Furthermore, MGA's

24           conduct is a direct challenge to the authority of the court and the

25           Discovery Master, and additional delay would inappropriately

26           reward MGA for its refusals to comply with the [prior discovery

27           master's February 15, 2008] Order.

28   (Application, p. i).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 24 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2617

1    In its Reply, Mattel offers the following as a further justification for bringing

2    the matter on an *ex parte* basis:

3        MGA has repeatedly employed the procedural tactic of refusing

4        to comply with discovery requests and forcing Mattel to return to

5        court for multiple successive orders and sanctions compelling

6        discovery.  In so doing, MGA effectively halts the discovery

7        process and deprives Mattel of crucial information to which it is

8        entitled. … Requiring Mattel to repeat the process of filing a

9        regularly noticed motion would unduly reward MGA for its

10       refusal to comply with the [February 15, 2008] Order and

11       enhance MGA's ability to perpetually deprive Mattel of crucial

12       time in which to conduct discovery.

13   (Reply, pp. 3-4).

14       **2.    Circumstances Warranting Issuance Of An Order To Show**

15           **Cause**

16       In its Application, Mattel argues that, although MGA has improperly refused

17   to respond to all of the discovery referenced in the Motion to Compel (including the

18   Interrogatories), that refusal is, in essence, an "aggravated offense" with respect to

19   the Interrogatories, because MGA had already been ordered to provide responses to

20   those Interrogatories pursuant to the prior discovery master's February 15, 2008

21   Order.  Mattel therefore argues that MGA's failure to provide responses to the

22   Interrogatories should be singled out for special treatment as contempt of the Court.

23       **3.    Relief Sought**

24       MGA seeks issuance of an order to show cause that MGA is in contempt, a

25   finding of contempt, and the following monetary relief:

26       •   An award of  coercive sanctions against MGA in the amount of $5,000

27           for each day that MGA fails to produce full and complete responses to

28           Interrogatories Nos. 43 and 44 as mandated by the Order, and, in the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 25 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2618

event that MGA does not comply within five days of the Court's Order, the amount of coercive sanctions should be increased to $10,000 per day (with all such per diem fine amounts being paid to the Court); and

- An award of monetary sanctions against MGA in the amount of $7,000, which represents a portion of the costs incurred by Mattel in bringing the Application.

(Application, pp. i - ii).

### B. Discussion

#### 1. *Ex Parte* Relief Is Not Justified

As MGA notes, the Court's standing order indicates that *ex parte* applications are "solely for extraordinary relief." This directive was underscored by the Court's Discovery Master Order, which requires that a party applying for *ex parte* relief must show that "good cause" exists for hearing any dispute "on shortened time" and that it will "be prejudiced absent prompt resolution" of the issue. (Discovery Master Order, pp. 4 – 5).

This standard is not satisfied here. Mattel does not adequately demonstrate that it will be prejudiced if the underlying motion is heard according to regularly noticed motion procedures. The discovery cut-off is still eight months in the future (December 11, 2009), and trial is more than a year away. In its Reply, Mattel argues that it would be unfair to require Mattel to seek relief by means of a regularly noticed motion, given the relevant history:

Mattel *already* followed this course of action and already obtained an Order that MGA produce amended interrogatory responses. MGA refuses to obey that [February 15, 2008] Order. Requiring Mattel to repeat the process of filing a regularly noticed motion would unduly reward MGA for its refusal to comply with the [February 15, 2008] Order and enhance MGA's

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 26 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2619

1    ability to perpetually deprive Mattel of crucial time in which to

2    conduct discovery.

3  (Reply, p. 4, emphasis in original).

4    Mattel's frustration is understandable; Mattel has already been through this

5  process twice (counting the pending motion to compel) with respect to the identical

6  interrogatories which are the subject of the Application. However, Mattel's

7  assertion that it should be allowed to dispense with a noticed motion ignores one

8  important point: the Application seeks relief which both parties acknowledge is

9  entirely different in character than an award of ordinary monetary sanctions for

10  discovery abuses. Unlike its motions to compel, the Application seeks a finding

11  that MGA has deliberately disobeyed a Court order and should be punished by an

12  award of coercive sanctions until it complies with the order. This is the first time

13  Mattel has sought such relief, and MGA has never previously been provided the

14  opportunity to oppose the requested relief in connection with a regularly noticed

15  motion. Thus, while Mattel's above quoted argument might have some application

16  if Mattel were seeking ordinary discovery sanctions on an *ex parte* basis, it does not

17  justify Mattel in seeking contempt sanctions for the first time on an *ex parte* basis.

18    Moreover, the chronology of events tends to negate the assertion that Mattel

19  is suffering immediate and irreparable prejudice from the delay occasioned by

20  MGA's failure to respond to the Interrogatories. MGA has refused to respond to

21  the Interrogatories since the Court lifted the stay on Phase 2 discovery on January 6,

22  2009. Nevertheless Mattel did not file its Application until two months later, after

23  MGA filed the Protective Order Motion and after Mattel filed its Motion to Compel

24  MGA to respond to the outstanding trade dress discovery, including providing

25  responses to the Interrogatories. The timing of these events undermines Mattel's

26  argument that expedited relief is necessary.

27    In the absence of some exigency, the Discovery Master believes that the

28  severity and punitive character of contempt sanctions warrant affording the parties

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 27 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Exhibit 58 - Page 2620

the time and opportunity to present their arguments in the context of a regularly noticed motion. Consequently Mattel was not justified in seeking relief on an *ex parte* basis. Nevertheless, because Mattel could simply re-file the Application as a regularly noticed motion and because the Discovery Master is not inclined to recommend that the Court grant the relief Mattel seeks at this time, I address the substantive issues raised by the Application below.

## 2. MGA's Alleged Disobedience Of The Prior Order

### a. Legal Standard

As the Ninth Circuit has observed:

> Courts are invested with inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'

(*Unigard Security Ins. Co. v. Lakewood Engineering & Manufacturing Corp.*, 982 F.2d 363,368 (9th Cir. 1992) (citations omitted)). When a party fails to comply with a court order, that party commits civil contempt. (*General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1376 (9th Cir. 1986)). Additionally, Federal Rule of Civil Procedure 37(b)(2)(A) authorizes a court to treat the failure to obey a discovery order as contempt.

The Ninth Circuit has further observed that "courts have strictly adhered to the principle that the power to punish for contempt is limited to '(t)he least possible power adequate to the end proposed.'" (*In re Gustafson*, 619 F.2d 1354, 1361 (9th Cir. 1980) (citations omitted)).

Mattel acknowledges that it must meet an exacting standard in order to prevail on its Application. Specifically, the party seeking imposition of civil contempt sanctions must demonstrate "by *clear and convincing evidence* that the contemnors violated a *specific and definite* order of the court." (*United States v. Rose*, 437 F.Supp.2d 1166, 1170 (S.D. Cal. 2006) *quoting FTC v. Affordable Media*

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 28 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2621

Case 2:04-cv-09049-DOC-RNB Document 6818-59 Filed 09/28/09 Page 31 of 35 Page ID
#:225077
Case 2:04-cv-09049-SGL-RNB Document 5190 Filed 04/14/2009 Page 30 of 34

*LLC*, 179, F.3d 1228, 1239 (9ᵗʰ Cir. 1990) (emphasis added)).  Further, any doubts
as to whether the requirements for civil contempt have been met in a particular case
must be resolved in favor of the party accused of civil contempt.  (*In re Chief
Executive Officers Clubs, Inc.*, 359 B.R. 527, 535 (S.D.N.Y. 2007)).

In accordance with this standard, contempt sanctions will not be imposed
unless the language of the order allegedly violated is clear and unambiguous.
(*Vertex Distrib., Inc. v. Falcon  Foam Plastics, Inc.*, 689 F.2d 885, 892 (9th Cir.
1982) (affirming district court's denial of applications to hold defendants in
contempt for violating terms of consent judgment where, among other things,
certain "language of the judgment was ambiguous"); *Sunbeam Corp. v. Black &
Decker (U.S.) Inc.*, 151 F.R.D. 11, 15 (D.R.I. 1993) (denying motion for contempt
and for sanctions where the discovery at issue was open to interpretation: "Any
ambiguities or uncertainties in the court order must be read in a light favorable to
the person charged with contempt. ... Contempt power should not be used where
there is uncertainty"); *Redman v. U.S.*, 77 F.2d 126, 127 (9th Cir. 1935) ("[T]he
power of the court to punish for contempt should be used with caution and
deliberation.")).

### b.    Application To The Facts

Mattel argues that MGA violated the February 15, 2008 Order, and that it
continued to do so for two months before the prior discovery master stayed MGA's
obligation to respond to the Interrogatories on April 22, 2008.  (Application, p. 13).
That assertion is not accurate.  In granting MGA's motion for clarification of the
February 15, 2008 Order, the prior discovery master in essence retroactively found
that MGA should not have been ordered to immediately provide supplemental
responses because the Interrogatories involved Phase 2 issues and were therefore
subject to the Court's February 4, 2008 stay order – a stay imposed 11 days before
the February 15, 2008 Order.

When the stay was lifted, on January 6, 2009, the Court did not set a new

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 29 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2622

Case 2:04-cv-09049-DOC-RNB Document 6818-59 Filed 09/28/09 Page 32 of 35 Page ID
#:225078
Case 2:04-cv-09049-SGL-RNB Document 5190 Filed 04/14/2009 Page 31 of 34

1   deadline for MGA to provide supplemental responses in compliance with the

2   February 15, 2008 Order, nor did Mattel request that either the Court or the current

3   Discovery Master do so.  However, one month after the stay was lifted, Mattel did

4   meet and confer with MGA in an attempt to obtain responses.  At that time, MGA

5   took the position that it would provide responses to the Interrogatories "not later

6   than 30 days after the Court decides the trade dress summary judgment motion

7   which Mattel has indicated it will be bringing."  (Ex. 16 to Watson Decl. in support

8   of Application).  Three weeks later, MGA filed the Protective Order Motion

9   seeking a stay of its obligation to respond to the Interrogatories.

10          As set forth above, the Discovery Master finds that, in pursuing this course of

11  conduct instead of responding to the Interrogatories and other discovery that is the

12  subject of Mattel's Motion to Compel, MGA acted without substantial justification

13  and therefore grants Mattel's Motion To Compel and also awards sanctions against

14  MGA.  The question raised by the Application is whether MGA should *also* be

15  ordered to appear and show cause why it should not be held in contempt and subject

16  to further sanctions for failing to comply with the February 15, 2008 Order.

17          Since Mattel, as the moving party, has the burden of demonstrating by clear

18  and convincing evidence that MGA has committed civil contempt and should be

19  punished, Mattel must, in the first instance, identify the existence of a "specific and

20  definite" provision of the February 15, 2008 Order which MGA has violated.

21  (*Rose*, 437 F.Supp.2d at 1170)  In an attempt to meet this burden Mattel argues:

22          The Discovery Master's [February 15, 2008] Order directed

23          MGA to provide full, complete and updated responses to

24          Interrogatories Nos. 43 and 44 within eleven days.  MGA did not

25          comply with that Order and refused to do so for two months

26          before the Discovery Master stayed MGA's obligation to respond

27          while the Court's Phase 2 stay was in place.

28  (Application, p. 13).  However, as indicated above, MGA's failure to provide the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 30 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Exhibit 58 - Page 2623

Case 2:04-cv-09049-SGL-RNB   Document 5190   Filed 04/14/2009   Page 32 of 34
Case 2:04-cv-09049-DOC-RNB   Document 6818-59   Filed 09/28/09   Page 33 of 35   Page ID
#:225079

1    responses specified in the February 15, 2008 Order cannot reasonably be viewed to

2    be a violation of that order during the period of February 15, 2008 to April 22, 2008

3    because the prior discovery master himself retracted the portion of his ruling

4    requiring MGA to comply in response to MGA's motion for clarification. In other

5    words, the prior discovery master found, in effect, that MGA had *properly* withheld

6    supplemental responses on the ground that the subject Interrogatories sought Phase

7    2 discovery, which had been stayed by the Court nearly two weeks *before* the prior

8    discovery master issued the February 15, 2008 Order. Given the prior discovery

9    master's April 22, 2008 ruling granting MGA's motion for clarification, MGA can

10   hardly be deemed to have been in violation of the February 15, 2008 Order while

11   the Court's stay of Phase 2 discovery was in place. A party who believes a ruling is

12   in error has the right to seek clarification or reconsideration, and doing so is not

13   equivalent to willfully disobeying the court.

14       Mattel also argues that MGA "resumed" its violation of the February 15,

15   2008 Order by failing to comply once the Court lifted the Phase 2 discovery stay on

16   January 6, 2009. While the Discovery Master does not agree that any violation

17   resumed on January 6, 2009, as set forth above, I do agree that MGA should have

18   promptly complied with the February 15, 2008 Order once the stay was lifted by

19   serving supplemental responses within 11 days of the lifting of the stay. *Lucero v.*

20   *Martinez*, 2006 WL 1304945 at *2 (D.N.M. Mar. 11, 2006) (party waived all

21   objections to interrogatories served before a stay was issued by failing to respond

22   within 30 days of the stay's expiration); *Donovan v. Mazzola*, 716 F.2d 1226, 1240

23   (9th Cir. 1983) ("Absent a stay, 'all orders and judgments of courts must be

24   complied with promptly.'").

25       However, today's ruling that MGA should have promptly provided responses

26   to the Interrogatories upon the stay being lifted by the Court is not equivalent to a

27   finding that MGA deliberately violated a "specific and definite" provision in the

28   February 15, 2008 Order. That order arguably does not contemplate the situation

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 31 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

Exhibit 58 - Page 2624

1  which ensued after the order was issued, namely, the prior discovery master's

2  decision to suspend MGA's obligation to respond to the Interrogatories without

3  setting a new deadline to run from the lifting of the stay.

4      While it is reasonable to conclude, as the Discovery Master has done, that the

5  same 11-day deadline imposed by the February 15, 2008 Order would apply once

6  the stay was lifted, an inference, however reasonable, is not the same thing as an

7  express obligation imposed by Court order.  (*U.S. v. Saccoccia*, 433 F.3d 19, 29-30

8  (1st Cir. 2005) [government did not carry its burden on civil contempt claim of

9  proving that acceptance of attorney fees by defense attorneys, post-verdict, fell

10  within list of activities expressly forbidden by earlier protective order]; *Independent

11  Living Aids, Inc. v. Maxi-Aids, Inc.*, 349 F.Supp.2d 509, 516 (E.D.N.Y. 2004) [the

12  defendant's supposed "understanding," based on oral comments by the Court that

13  he was being ordered to request that search engines discontinue using infringing

14  phrase, was not the same as express provision of injunction and could not serve as

15  basis for civil contempt]).  Further, as noted above, any doubts regarding

16  disobedience of a court order are to be resolved in favor of the party charged with

17  contempt.  Accordingly, the Discovery Master declines, under the applicable case

18  law and on the record presented, to find that MGA deliberately disobeyed the

19  Court, thereby meriting sanctions for civil contempt.  The Discovery Master also

20  declines to recommend that the Court issue the requested order to show cause.

21      However, as set forth in the Disposition section below, the Discovery

22  Master's ruling today *does* contain an express deadline by which MGA must

23  respond fully and without objection to the Interrogatories (as well as the other

24  discovery that is the subject of Mattel's Motion to Compel).  If MGA fails to

25  comply with the express, definite deadline imposed by this Order, the Discovery

26  Master reserves the right to recommend that the Court impose appropriate sanctions

27  from the date of MGA's non-compliance should Mattel renew its request for an

28  order to show cause regarding contempt by filing a noticed motion.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 32 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2625

# V.  DISPOSITION

A.  MGA's Protective Order Motion is **DENIED**.

B.  Mattel's Motion To Compel is **GRANTED**, except as limited above. MGA's responses to Interrogatory Nos. 43 and 44 shall be served within ten (10) days of this Order, subject to any applicable confidentiality designations available under the Protective Order.  MGA's responses to Supplemental Interrogatories Nos. 51 – 55 and 64 shall be served within thirty (30) days of this Order, subject to any applicable confidentiality designations available under the Protective Order.

C.  Mattel's request for sanctions against MGA in connection with its Motion To Compel is **GRANTED**.  MGA shall pay $4515 to Mattel within ten (10) days of this Order.

D.  MGA's request for sanctions in connection with Mattel's Motion To Compel is **DENIED**.

E.  Mattel's Application for issuance of an order to show cause regarding contempt is **DENIED,** without prejudice to any noticed motion for an order to show cause regarding contempt that Mattel may deem appropriate in the event that MGA fails to comply with any provision of the present Order.

Dated:  April 14, 2009

By:   /s/ Robert C. O'Brien
ROBERT C. O'BRIEN
Discovery Master

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 33 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]
Exhibit 58 - Page 2626