# Exhibit 64

CONFORMED COPY

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:   (415) 774-2611
4  Facsimile:   (415) 982-5287

FILED
2007 JUL 20 PM 3:57
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. C 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049450<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER DENYING MATTEL'S MOTION FOR RECONSIDERATION OF A PORTION OF THE MAY 22, 2007 ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS; GRANTING IN PART MATTEL'S REQUEST FOR AN EXTENSION OF TIME** |

## I. INTRODUCTION

On June 13, 2007, Mattel, Inc. ("Mattel") submitted its "Motion for Reconsideration of a Portion of the May 22, 2007 Order Granting in Part and Denying in part MGA's Motion to Compel Production of Documents." Specifically, Mattel seeks reconsideration of the portion of

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1

Exhibit 64 - Page 3165

the May 22, 2007 Order that requires Mattel to produce documents responsive to Request Nos. 59, 60, 62, and 63. On June 21, MGA Entertainment, Inc. ("MGA") submitted its opposition brief, and on June 26, 2007, Mattel submitted a reply brief. Having considered the motion papers, Mattel's motion for reconsideration is denied and Mattel's request for an extension of time is granted in part.[1]

## II. BACKGROUND

In April of 2007, MGA submitted a motion to compel Mattel to produce documents responsive to its First Set of Request for Production of Documents dated November 22, 2006, which generally sought documents that MGA contended were relevant to its Lanham Act and unfair competition claims. Included among the thirty-two requests at issue were Requests Nos. 59, 60, 62, and 63 (collectively the "Licensing Requests"), which are set forth below.

REQUEST FOR PRODUCTION NO. 59:

All DOCUMENTS REFERRING OR RELATING TO any interference with or inhibition of the licensing or potential licensing of MGA's products (including but not limited to "BRATZ") worldwide or REFERRING OR RELATING TO any limitations or restrictions on any licensee's ability to purchase, promote, advertise, develop, design or sell "BRATZ" or other MGA products worldwide.

REQUEST FOR PRODUCTION NO. 60

All DOCUMENTS REFERRING OR RELATING TO any third party's licensing or potential licensing of MGA PRODUCTS world wide, or REFERRING OR RELATING TO any licensee's ability to purchase, promote, advertise, develop, design or sell MGA PRODUCTS worldwide.

REQUEST FOR PRODUCTION NO. 62

All DOCUMENTS, including but not limited to COMMUNICATIONS,

---

[1] The Discovery Master has determined that further oral argument on this motion is not warranted.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

Exhibit 64 - Page 3166

REFERRING OR RELATING TO any interference with or inhibition of the sales or potential sales of MGA's products (including but not limited to "BRATZ") or REFERRING OR RELATING TO any limitations or restrictions on any retailer's ability to purchase, promote, advertise, develop, design or sell "BRATZ" or other MGA products worldwide.

REQUEST FOR PRODUCTION NO. 63

All DOCUMENTS, including but not limited to COMMUNICATIONS, REFERRING OR RELATING TO any contracts, licenses or agreements between MATTEL and any third party worldwide that place any limitations, prohibitions or restriction on that third party's ability to license, manufacture, promote, distribute or sell any MGA products or to supply materials or services to MGA worldwide.

Alger Decl., Ex. D.

After reviewing extensive briefing on the motion, which addressed in detail Mattel's overbreadth and burden objections, and after considering the comments of counsel at the hearing, the Discovery Master issued an order on May 22, 2007, granting in part and denying in part MGA's motion to compel (the "Order"). The Discovery Master found that the Licensing Requests sought information relevant to MGA's allegations, including among others, that Mattel "warned a number of companies, including the biggest publishing entity in the United Kingdom, not to license MGA products or risk retribution," and that Mattel "terminated one of its licensees, apparently in retribution for licensing Bratz." MGA's Complaint at ¶76. Order at p.20.[2] The Discovery Master also found that the Licensing Requests were reasonably tailored, and that Mattel had not established that searching for responsive documents was unduly burdensome. Order at p.20.

---

[2] Although not mentioned in the Order, MGA's complaint also contains an allegation that "Mattel has used similar intimidation to pressure distributors and retailers, particularly in foreign countries, not to distribute 'BRATZ,' to reduce shelf space and display space for 'BRATZ' and to place 'BRATZ' in unfavorable locations at retail outlets." Complaint at ¶77.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

Exhibit 64 - Page 3167

On June 6, 2007 – the same day as the deadline for a motion for reconsideration – Mattel requested that MGA narrow the scope of the Order with respect to the Licensing Requests. Alger Decl., Ex. B. Mattel's concern, which was apparently raised for the first time on June 6, 2007, was that the Licensing Requests "could be interpreted to encompass documents that make no mention of MGA and deal with Mattel product lines that are not at issue in the litigation or do not compete with MGA (such as 'Scrabble' and 'UNO')." Id. Mattel contended that the Licensing Requests could be interpreted "to implicate licenses with boilerplate exclusivity provisions (with no express reference to MGA) that pertain to products in areas where Mattel and MGA did not even compete." MGA's Opposition at pp. 4-5. MGA agreed to an extension of the deadline for filing a motion for reconsideration while the parties attempted to resolve the issue. A few days later MGA proposed limiting the Licensing Requests as follows:

> MGA seeks all documents responsive to the [Licensing] Requests that either: (1) expressly mention "Bratz" or "MGA" or any other MGA products (including without limitation, "4-Ever Best Friends," "Mommy's Little Patient" and "Alien Racers") regardless of the product category or Mattel brand involved; (2) refer or relate to the following Mattel brands: "My Scene," "Barbie," "Wee 3 Friends," "AcceleRacers," or "Little Mommy"; or (3) refer or relate to the following competitive product categories: fashion dolls, fashion doll accessories and play sets, styling heads, and plush toys.

Alger Decl. Ex. B. Mattel rejected MGA's proposal. In Mattel's view, MGA's proposal would not alleviate any of the burden of searching for and producing responsive documents because 80 percent of Mattel's licensing involves fashion dolls, including the BARBIE brand. Mattel proposed instead that MGA limit the Licensing Requests to only the companies and licensees specified in MGA's complaint and responses to Mattel's contention interrogatories, particularly interrogatory number 5.[3] MGA apparently refused.

---

[3] In response to Mattel's contention interrogatory No. 5, MGA identified the following companies which allegedly had been "threatened and warned" by Mattel: Kidz Entertainment, Euromic, Character Licensing, Smith & Brooks, Zeon, Gemma International, Egmont, MV Sports, Hart Concepts, JNH Israel, Rose Art Industries, Inc., and Candide.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

Exhibit 64 - Page 3168

Mattel now seeks reconsideration of the Order insofar as it requires Mattel to produce documents responsive to the Licensing Requests. Mattel contends that reconsideration is appropriate because there exists a material difference in fact from that presented during the hearing on MGA's motion to compel and/or there has been an emergence of new material facts occurring after the time of the hearing. See C.D. Local Rule 7-18(a) and (b). Mattel requests that upon reconsideration, the Discovery Master either (a) deny in full MGA's motion to compel documents responsive to the Licensing Requests; or (b) order that Mattel need only produce documents that "bear on alleged interference identified by MGA in its Complaint or in response to Interrogatory No. 5 served by Mattel on December 20, 2006"[4]; or (c) grant Mattel a thirty day extension of time to produce responsive documents if the Discovery Master orders Mattel to comply with any portion of the Licensing Requests.

## III. DISCUSSION

### A. Reconsideration is Unwarranted

Mattel contends reconsideration is warranted because "MGA represented and obtained a decision from the Discovery Master based on a restricted interpretation of the Licensing Requests that MGA has since disavowed." Mattel's Motion at p.6. According to Mattel, MGA essentially conceded that the Licensing Requests were overbroad and unduly burdensome during the hearing on MGA's motion to compel. More specifically, Mattel contends that MGA represented to the Discovery Master that MGA's requests "were restricted" to the matters placed at issue by MGA's complaint and in response to Mattel's contention interrogatory No. 5. Mattel's Motion at p.4. Mattel also contends that "MGA made it clear to the Discovery Master that MGA was merely seeking documents bearing on the licensees and events identified by MGA." Id. at p.13. In view of MGA's purported representations, Mattel believes the Discovery Master intended to limit the scope of the Licensing Requests to the allegations in the Complaint and MGA's response to Interrogatory No. 5."

---

[4] Mattel's Motion at p.5.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

Exhibit 64 - Page 3169

Mattel contends that after obtaining the favorable Order, MGA reversed its position and now seeks "every document that bears on a competitor restriction on a Mattel licensee, without reference to any particular license, licensee, or any relationship with a potential licensee." Mattel's Motion at p.13. Mattel argues that MGA should be judicially estopped from taking a position inconsistent with that taken during the hearing.

MGA contends that Mattel has not set forth any new facts or law to warrant reconsideration, and instead has premised its motion entirely upon "a specious mischaracterization of arguments made by MGA's counsel at the hearing on the original motion to compel." MGA's Opposition at p.1. Furthermore, MGA contends that most of Mattel's arguments in support of its motion for reconsideration were, in fact, already raised in opposition to MGA's original motion to compel.

Having reviewed the entirety of the transcript from the hearing conducted on MGA's motion to compel, it is abundantly clear that MGA did not agree to limit the Licensing Requests to just the companies identified in its complaint and interrogatory responses. Instead, in response to Mattel's refusal to produce any documents responsive to the thirty-two requests at issue in MGA's motion to compel, MGA's counsel stated during the hearing that MGA's complaint and responses to Mattel's contention interrogatories were a "first place" to look and a proposed "starting point" for responding to the document requests. Alger Decl., Ex. G at 24:11-26:2, 31:10-18). MGA made it clear that, in its view, Mattel's discovery obligations were not limited to just those specific companies or instances identified in the complaint and interrogatory responses. Id. at 24-33. In short, MGA has not reversed its position.

As for Mattel's "belief" that the Discovery Master intended to limit the scope of the Licensing Requests to the allegations in MGA's complaint and MGA's response to interrogatory No. 5, that "belief" is also unfounded. As discussed above, MGA did not agree to such a limitation, and furthermore, the Order contains no reference to any such limitation. Rather, the Order provides, in pertinent part, the following:

> Request nos. 59, 60, 62 and 63 seek information relevant to MGA's allegations, including among others, that Mattel "warned a number of companies, including the biggest publishing entity in the United Kingdom, not to license

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

Exhibit 64 - Page 3170

> MGA products or risk retribution," and that Mattel "terminated one of its licensees, apparently in retribution for licensing Bratz." MGA's Complaint at ¶76. They are also reasonably tailored to require production of only those documents and communications that refer or relate to interference with or inhibition of the licensing or potential licensing of MGA's products, that refer or relate to any limitations or restrictions on any MGA licensee, and that refer or relate to any third party's licensing or potential licensing of MGA's products. Mattel has not established that searching for these types of responsive documents is unduly burdensome. Therefore, MGA's motion is granted as to request nos. 59, 60, 62 and 63.

Order at p.20. There is no "material difference in fact" or "new material fact" to warrant reconsideration.

In addition to the arguments discussed above, Mattel's motion for reconsideration includes the identical overbreadth and burden arguments it previously raised in opposition to MGA's motion to compel. These repeated arguments are improper under Local Rule 7-18. In any event, Mattel's overbreadth and burden arguments were considered and rejected and therefore, are not addressed again herein. Accordingly, Mattel's motion for reconsideration is denied.

In ruling on Mattel's motion, it bears noting that Mattel repeatedly overstates its obligations under the Licensing Requests. In Mattel's view, the Licensing Requests "could require Mattel to produce "all licensing contracts and all related documents that limit any licensee from doing work for a competitor." Mattel's Motion at p.9. Mattel reiterates that the Licensing Requests require production of "all documents that relate to any restriction on Mattel's licensees doing business with MGA." Mattel's Motion at p.4. Mattel believes that the Licensing Requests "would require the review and possible production of licensing agreements and related documents dealing with all of Mattel's products and intellectual property," (Mattel's Motion at p.9), including "highly sensitive contracts and related documents that make no mention of MGA or its products" (Mattel's Motion at p.4).

The Licensing Requests cannot reasonably be interpreted as broadly as Mattel suggests. Each of the Licensing Requests is narrowly tailored to require only production of those

//

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

Exhibit 64 - Page 3171

1  documents that refer or relate to MGA and/or its products. They do not require production of
2  license agreements with boilerplate exclusivity provisions (with no express reference to MGA or
3  MGA's products). Nor do the Licensing Requests require production of "all licensing contracts
4  and all related documents that limit any licensee from doing work for a competitor."
5       During the meet and confer process following the Order, MGA expressed a willingness to
6  narrow the Licensing Requests as follows:
7       For example, responsive documents (if they exist) would include *inter alia*:
8          (1) documents regarding interference with or inhibition of MGA's sales
9       and licensing efforts that expressly mention "Bratz" or "MGA" or any other MGA
10      products (including without limitation, "4-Ever Best Friends," "Mommy's Little
11      Patient" and "Alien Racers") regardless of the product category or Mattel brand
12      involved;
13         (2) documents regarding interference with or inhibition of MGA's sales
14      and licensing efforts that refer or relate to Mattel brands which directly compete
15      with MGA brands, such as "Barbie," "My Scene," "Wee 3 Friends,"
16      "AcceleRacerS," or "Little Mommy"; and
17         (3) documents regarding interference with or inhibition of MGA's sales
18      and licensing efforts that refer or relate to product categories in which MGA and
19      Mattel directly compete, such as fashion dolls, fashion doll accessories and play
20      sets, styling heads, and plush toys.
21 MGA's Opposition at p.11. This is a reasonable accommodation to Mattel's concerns and Mattel
22 shall produce these three categories of documents.
23 <u>C. Mattel's Request for an Extension of Time to Produce Documents</u>
24      Mattel requests a thirty day extension of time to produce documents responsive to the
25 Licensing Requests. The request for an extension is based upon many of the factors Mattel
26 //
27
28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8

Exhibit 64 - Page 3172

1  previously raised in the context of MGA's motion to compel. In brief, Mattel contends that it has
2  hundreds of licensing relationships, and that it will take hundreds of hours of lawyer and paralegal
3  time to search for and produce responsive documents.
4  MGA opposes Mattel's request for a thirty day extension because Mattel has known about
5  the Order for weeks and could have been searching for and collecting responsive documents.
6  Further, MGA contends that an extension of time will prejudice its ability to prepare for
7  upcoming depositions and to conduct follow-up discovery.
8  Mattel's request is granted in part. A brief extension is warranted in light of Mattel's
9  representation that there are approximately 1,400 licensing agreements that could be responsive to
10 the Licensing Requests. A brief extension of time will not unduly prejudice MGA because the
11 discovery cut-off for the unfair competition portion of this litigation is not until March 3, 2008.
12 Any further extension is unwarranted because (1) the Licensing Requests have been outstanding
13 since November 22, 2006, (2) the Order, which issued on May 22, 2007, required Mattel to
14 produce responsive documents by June 15, 2007; and (3) Mattel unreasonably delayed seeking an
15 extension of time until two days before the June 15, 2007 deadline.

## IV. CONCLUSION

For the reasons set forth above, Mattel's motion for reconsideration is denied. Mattel's request for an extension of time is granted in part. Accordingly, Mattel shall produce all documents responsive to the Licensing Requests (as narrowed by MGA during the meet and confer process) no later than August 6, 2007.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

Dated: July 19, 2007

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

9

Exhibit 64 - Page 3173