# Exhibit 66

Case 2:04-cv-09049-DOC-RNB   Document 6818-67   Filed 09/23/09   Page 2 of 6   Page ID #:225184
Case 2:04-cv-09049-SGL-RNB   Document 1143-3   Filed 11/26/2007   Page 31 of 100

1

```
 1              UNITED STATES DISTRICT COURT

 2             CENTRAL DISTRICT OF CALIFORNIA

 3                   EASTERN DIVISION

 4                        - - -

 5       HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

 6                        - - -                CERTIFIED
                                                 COPY
 7   CARTER BRYANT,              )
                                 )
 8              PLAINTIFF,       )
                                 )
 9         VS.                   )   NO. ED CV 04-09049
                                 )   (LEAD LOW NUMBER)
10   MATTEL, INC.,               )
                                 )
11              DEFENDANT.       )
                                 )   BRYANT'S MOTION FOR
12   AND RELATED ACTIONS,        )   TERMINATING SANCTIONS
                                 )
13   _____)

14

15          REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                RIVERSIDE, CALIFORNIA

17               MONDAY, AUGUST 27, 2007

18                      11:06 A.M.

19

20

21

22

23           THERESA A. LANZA, RPR, CSR
          FEDERAL OFFICIAL COURT REPORTER
24           3470 12TH STREET, RM. 134
           RIVERSIDE, CALIFORNIA  92501
25               (951) 274-0844
             CSR11457@SBCGLOBAL.NET          EXHIBIT  6  PAGE 27
```

Case 2:04-cv-09049-DOC-RNB   Document 6818-67   Filed 09/23/09   Page 3 of 6   Page ID #:225185
Case 2:04-cv-09049-SGL-RNB   Document 1143-4   Filed 11/26/2007   Page 49 of 61

119

1  SYSTEM IF WE TRY TO PICK OUT CERTAIN PEOPLE.'

2  AND THEN WE LEARN FROM THEIR 30(B)(6) WITNESS, 'YES,
3  YOU CAN DO THAT, AND IT WON'T HARM THE SYSTEM. IT'S TIME
4  CONSUMING, BUT IT WON'T HARM THE SYSTEM.'

5  WE'RE NOT BEING TOLD THE SAME THING BY THEIR                    03:12
6  PURPORTED REPRESENTED, PUSH-FORWARD, 30(B)(6) WITNESSES AND THE
7  LAWYERS.

8  THAT'S GOT TO STOP.

9  THE COURT: WHAT I WANT FROM BOTH PARTIES IS TWO
10 SINGULAR DECLARATIONS, UNDER PENALTY OF PERJURY, SETTING FORTH   03:13
11 EXACTLY THE PRESERVATION POLICIES. I WANT IT FROM MGA. I WANT
12 IT FROM MATTEL. AND I DON'T WANT TO JUST HEAR ABOUT 35
13 WITNESSES. I WANT TO KNOW WHO THOSE 35 PEOPLE ARE. I DON'T
14 WANT TO HEAR JUST ABOUT 'WE WERE ASKED TO SAVE EVERYTHING,'
15 BECAUSE OBVIOUSLY, MGA IS NOT SAVING EVERY E-MAIL IN THEIR       03:13
16 ENTIRE COMPANY. YOU'VE GOT CRITERIA AS WELL.

17 MS. GLASER: (INAUDIBLE.)

18 THE COURT: YOU'RE SAVING EVERY E-MAIL?

19 FAIR ENOUGH. IF THAT'S WHAT YOU'RE DOING, THAT'S
20 WHAT YOU'RE DOING.                                               03:13

21 MR. QUINN: SO ARE WE, YOUR HONOR. ALL THE BACKUP
22 TAPES --

23 THE COURT: NOW EVERYTHING IS BEING BACKED UP?

24 MR. QUINN: EVERY SINGLE ONE.

25 SO IF WE'RE GOING TO IDENTIFY THE PEOPLE WE SPOKE TO,            03:13

JULY 24, 2006                    ED CV 04-09049

EXHIBIT 6 PAGE 145

Exhibit 66 - Page 3180

Case 2:04-cv-09049-DOC-RNB   Document 6818-67   Filed 09/23/09   Page 4 of 6   Page ID #:225186
Case 2:04-cv-09049-SGL-RNB   Document 1143-4   Filed 11/26/2007   Page 50 of 61

120

1  I ASSUME MGA IS ALSO GOING TO IDENTIFY THE PEOPLE THEY SPOKE
2  TO.
3      THE COURT: I'M ONLY ASKING FOR YOU TO IDENTIFY TO
4  THE EXTENT THAT YOU LIMITED THE RETENTION TO THOSE INDIVIDUALS.
5  IF THEY'RE DOING IT FOR EVERY EMPLOYEE, THEN THEY DON'T HAVE TO
6  DO THAT. IF YOU'RE DOING IT FOR EVERY EMPLOYEE AT MATTEL, THEN
7  YOU DON'T HAVE TO DO IT.
8      IF YOU ARE LIMITING OR SETTING CRITERIA, THEN I WANT
9  TO KNOW WHO THOSE ARE, JUST FOR FUTURE REFERENCE. I WANT THIS
10 FOR NO OTHER REASON THAN FOR ANY FUTURE DISPUTES THAT COME UP
11 SO THAT I'VE GOT A CLEAR, SINGULAR DOCUMENT THAT I CAN USE AS
12 REFERENCE TO LOCK BOTH SIDES IN.
13     MS. GLASER: THANK YOU, YOUR HONOR.
14     THE COURT: DO YOU UNDERSTAND WHAT I'M ASKING FOR,
15 MR. QUINN?
16     MR. QUINN: WHAT I'M HEARING, YOUR HONOR, IS -- THE
17 COURT'S REALLY GOING BACK -- IN TERMS OF IDENTIFYING PEOPLE WHO
18 WERE SPOKEN TO AND GIVEN THIS DIRECTION, THE COURT IS REALLY
19 GOING BACK TO THE NOVEMBER 2003 TIME FRAME AND WANTS TO KNOW,
20 WHO ARE THOSE INDIVIDUALS.
21     THE COURT: BASICALLY, IT SOUNDS LIKE, FROM MATTEL'S
22 PERSPECTIVE, THERE WERE TWO CRITICAL PERIODS: NOVEMBER OF
23 2003, WHEN 35 OR SO INDIVIDUALS WERE IDENTIFIED AND WERE GIVEN
24 CERTAIN INSTRUCTIONS -- I WANT TO KNOW WHO THOSE 35 INDIVIDUALS
25 WERE, APPROXIMATELY, AND WHAT THOSE INSTRUCTIONS WERE; AND THEN

JULY 24, 2006                    ED CV 04-09049
                                 EXHIBIT __6__ PAGE _146_

Exhibit 66 - Page 3181

Case 2:04-cv-09049-DOC-RNB   Document 6818-67   Filed 09/23/09   Page 5 of 6   Page ID #:225187
Case 2:04-cv-09049-SGL-RNB   Document 1143-4   Filed 11/26/2007   Page 51 of 61

121

```
 1   IN APRIL OF 2005.  THAT'S APPARENTLY WHEN YOU HAD THE MORE
 2   GENERAL DIRECTIVE THAT WENT OUT.  I WANT TO KNOW THE PARAMETERS
 3   AND SCOPE OF THAT DIRECTIVE.
 4           MR. QUINN:  RIGHT.
 5           THE COURT:  SIMILARLY, FROM MGA, I WANT TO KNOW WHAT           03:15
 6   MGA HAS DONE.
 7           MS. GLASER:  AND, YOUR HONOR, COULD WE INCLUDE IN THE
 8   CRITERIA WHEN THEY WERE TOLD WHAT TO PRESERVE AND WHAT THEY
 9   WERE TOLD TO PRESERVE?
10           THE COURT:  I'M USING NOVEMBER OF 2003 -- I SUSPECT           03:15
11   THE DECLARATION WILL GIVE ME A MORE SPECIFIC TIME FRAME.
12           MR. QUINN:  AND I ASSUME THAT WOULD BE RECIPROCAL AS
13   WELL.
14           MS. GLASER:  I UNDERSTAND.
15           THE COURT:  OKAY.  VERY WELL.
16           MS. GLASER:  WHEN WOULD YOU LIKE THOSE?
17           THE COURT:  LET'S SAY A WEEK.
18   IS THAT POSSIBLE?
19           MS. GLASER:  HOW ABOUT TWO WEEKS, YOUR HONOR?
20           THE COURT:  TWO WEEKS?                                        03:15
21           MR. QUINN:  TWO WEEKS IS FINE.
22           THE COURT:  TWO WEEKS FROM TODAY.  TODAY IS THE 27TH.
23   LET'S HAVE THIS IN BY THE 10TH OF SEPTEMBER.
24           MS. GLASER:  YOUR HONOR, CAN WE ASK ONE MORE
25   QUESTION?                                                             03:15
```

JULY 24, 2006                         ED CV 04-0904 EXHIBIT __6__ PAGE /47

Exhibit 66 - Page 3182

125

```
 1  IS ACTUALLY GOING TO BE UNDER SEAL.
 2        I'LL ISSUE A MINUTE ORDER DIRECTING FURTHER
 3  PROCEEDINGS IN THIS MATTER, BUT BE WORKING ON THIS DECLARATION.
 4        MS. GLASER:  THANK YOU, YOUR HONOR.
 5        MR. QUINN:   THANK YOU, YOUR HONOR.                    03:19
 6        THE COURT:  GOOD DAY, COUNSEL.
 7
 8
 9
10
11                         CERTIFICATE
12
13  I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
    STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
14  THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
    ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
15  CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
    THE UNITED STATES.
16
17  /s/ Theresa A. Lanza                       9-5-07
    THERESA A. LANZA, CSR, RPR                  DATE
18  FEDERAL OFFICIAL COURT REPORTER
19
20
21
22
23
24
25
```

JULY 24, 2006                    ED CV 04-09049   EXHIBIT 6   PAGE 151

Exhibit 66 - Page 3183