MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:  +1-415-773-5700
Facsimile:   +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  +1-213-629-2020
Facsimile:   +1-213612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | Case No.  CV 04-9049-SGL (RNBx) |
| Plaintiff, | Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727 |
| v. | **DISCOVERY MATTER** |
| MATTEL, INC., a Delaware corporation, | [To Be Heard by Discovery Master Robert O'Brien Pursuant to Order of January 6, 2009] |
| Defendant. | **SEPARATE STATEMENT IN SUPPORT OF MGA PARTIES' MOTION TO COMPEL FURTHER RESPONSES TO MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (9049, SET ONE)** |
| AND CONSOLIDATED ACTIONS | Date:        TBD<br>Time:        TBD<br>Courtroom:  TBD |
| | **Phase 2**<br>Discovery Cutoff:      December 11, 2009<br>Pretrial Conference: March 1, 2010<br>Trial Date:              March 23, 2010 |

Plaintiffs and Counter-Defendants MGA Parties ("MGA") submit this Separate Statement in Support of MGA Parties' Motion to Compel Further Responses to MGA's Requests for Production of Documents (9049, Set One).  This Separate Statement covers MGA's First Set of Requests in Case No. CV 04-9049 SGL of the consolidated proceedings, served on November 22, 2009.  The requests included in this Separate Statement are Request Nos. 1-16, 18-31, 34-36, 40-41, 44-45, 69-74, 76-88, 90-91, 93-98, 100, 106-113 (the "Requests at Issue").  In addition to the reasons why further responses to each request should be compelled set forth below, MGA incorporates the reasons set forth in its Motion to Compel Further Responses to MGA's Requests for Production of Documents.

### MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS AT ISSUE AND RESPONSES - CASE NO. CV 04-9049 SGL (RNBx)

### REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS REFERRING OR RELATING TO the origins or sources of inspiration of "MY SCENE" including, without limitation, the purpose for which "MY SCENE" products were created.

### RESPONSE TO REQUEST NO. 1:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence, including without limitation in that MGA's Complaint challenges only certain of Mattel's MY SCENE products.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the

- 1 -

1  grounds that it calls for the disclosure of information subject to the attorney-client

2  privilege, the attorney work-product doctrine and other applicable privileges.

3      Subject to and without waiving the foregoing general and specific objections,

4  and to the extent not already produced, Mattel will produce responsive,

5  non-privileged documents in its possession, custody or control that it can locate

6  after a reasonable, good faith search relating to the origins and sources of

7  inspiration for the aspects of the MY SCENE products that MGA has accused of

8  infringement in its Complaint.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

11

12      Mattel has improperly limited its agreement to produce documents in

13  response to this request, subject to its improper boilerplate objections.  Mattel has

14  refused to confirm whether or not it has produced all non-privileged responsive

15  documents or whether it is withholding documents based on its objections in Phase

16  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18  Generic objections that fail to explain the basis for an objection with specificity are

19  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21  such as 'overly burdensome and harassing' are improper – especially when a party

22  fails to submit any evidentiary declarations supporting such objections").

23  Accordingly, Mattel must be compelled either to certify that it has produced all

24  non-privileged responsive documents or to produce all such documents by a date

25  certain.

26      To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

1    As to overbreadth, Mattel provides no explanation, let alone the required

2    particularity, as to **why** this request is supposedly overly broad, nor can it do so.

3    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5    contrary, the request is narrowly tailored to seek documents concerning the origins

6    or sources of inspiration for "MY SCENE," a product line directly at issue in this

7    case.

8    As to burden, Mattel has not attempted to demonstrate why responding to

9    this request and/or producing responsive documents presents any burden.  This

10   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

11   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12   request is unduly burdensome must allege specific facts which indicate the nature

13   and extent of the burden, usually by affidavit or other reliable evidence.")

14   Moreover, it is not unduly burdensome, as noted above, in that the request is

15   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16   has engaged in a broad variety of unfair trade practices, including serial copying of

17   MGA products and trade dress infringement.  MGA is entitled to discovery on these

18   claims.

19   This request does not seek documents protected by the attorney-client

20   privilege, the attorney work product doctrine, or other applicable privileges.  To the

21   extent that Mattel contends that it does, Mattel must provide a privilege log.

22   Mattel objects that the request contains confidential, proprietary and trade

23   secret information.  A Protective Order exists in this case, obviating any concern as

24   to protection of privacy rights and/or commercially sensitive information.

25   Mattel also objects to this request on relevance grounds.  MGA has brought

26   trade dress claims related to "MY SCENE" and has alleged claims of unfair

27   competition based on Mattel's serial copying and imitation of MGA's products.  As

28   such, documents related to the origin of "MY SCENE" are highly relevant and

1   likely to lead to the discovery of admissible evidence.

2          Mattel has also improperly limited its agreement to produce by redefining the

3   scope of MGA's request.  Subject to its objections, Mattel has only agreed to

4   produce documents related to certain aspects of the "MY SCENE" products that

5   MGA has accused of infringement in its Complaint.  MGA has alleged not only

6   trade dress infringement, but also serial copying, and MGA is entitled to discovery

7   on all of its claims and defenses.  Mattel is required to respond to the request as

8   originally drafted by MGA and may not unilaterally narrow and rewrite MGA's

9   requests.

10          None of Mattel's improper objections are valid and Mattel is obligated to

11   produce all non-privileged responsive documents in its possession, custody, or

12   control.

13

14   **REQUEST FOR PRODUCTION NO. 2:**

15          All DOCUMENTS REFERRING OR RELATING TO the initial design and

16   development of "MY SCENE" dolls as identified in paragraph 34 of the

17   COMPLAINT, including but not limited to design drawings, sculpts, internal

18   memos, MARKET RESEARCH, and approval memos.

19          **RESPONSE TO REQUEST NO. 2**:

20          In addition to the general objections stated above which are incorporated

21   herein by reference, Mattel objects to this Request on the grounds that it is

22   overbroad and unduly burdensome, including in that it seeks all documents on this

23   subject without limitation as to time, and regardless of whether such documents

24   relate to products or matters at issue in this case.  Mattel further objects to the

25   Request on the grounds that it seeks documents that are not relevant to this action

26   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

27   this Request on the grounds that it seeks confidential, proprietary and trade secret

28   information that has no bearing on the claims or defenses in this case.  Mattel

1   further objects to this Request on the grounds that it calls for the disclosure of

2   information subject to the attorney-client privilege, the attorney work-product

3   doctrine and other applicable privileges.

4   Subject to and without waiving the foregoing general and specific objections,

5   and to the extent not already produced, Mattel will produce responsive,

6   non-privileged documents in its possession, custody or control that it can locate

7   after a reasonable, good faith search relating to the initial design and development

8   of the aspects of the MY SCENE products that MGA has accused of infringement.

9

10   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

11

12   Mattel has improperly limited its agreement to produce documents in

13   response to this request, subject to its improper boilerplate objections.  Mattel has

14   refused to confirm whether or not it has produced all non-privileged responsive

15   documents or whether it is withholding documents based on its objections in Phase

16   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18   Generic objections that fail to explain the basis for an objection with specificity are

19   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21   such as 'overly burdensome and harassing' are improper – especially when a party

22   fails to submit any evidentiary declarations supporting such objections").

23   Accordingly, Mattel must be compelled either to certify that it has produced all

24   non-privileged responsive documents or to produce all such documents by a date

25   certain.

26   To the extent that Mattel is relying on its blanket objections, they are not

27   sustainable and do not justify Mattel's failure to produce documents.

28   As to overbreadth, Mattel provides no explanation, let alone the required

1   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

2   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

3   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

4   contrary, the request is narrowly tailored to seek documents concerning the initial

5   design and development of "MY SCENE" dolls as specifically identified in

6   paragraph 34 of the Complaint.

7        As to burden, Mattel has not attempted to demonstrate why responding to

8   this request and/or producing responsive documents presents any burden.  This

9   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

10  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11  request is unduly burdensome must allege specific facts which indicate the nature

12  and extent of the burden, usually by affidavit or other reliable evidence.")

13  Moreover, it is not unduly burdensome, as noted above, in that the request is

14  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

15  has engaged in a broad variety of unfair trade practices, including serial copying of

16  MGA products.  MGA is entitled to discovery on these claims.

17       This request does not seek documents protected by the attorney-client

18  privilege, the attorney work product doctrine, or other applicable privileges.  To the

19  extent that Mattel contends that it does, Mattel must provide a privilege log.

20       Mattel objects that the request contains confidential, proprietary and trade

21  secret information.  A Protective Order exists in this case, obviating any concern as

22  to protection of privacy rights and/or commercially sensitive information.

23       Mattel also objects to this request on relevance grounds.  MGA has brought

24  trade dress claims related to "MY SCENE" and has alleged claims of unfair

25  competition based on Mattel's serial copying and imitation of MGA's products.  As

26  such, documents related to the initial design and development of "MY SCENE"

27  dolls are highly relevant and likely to lead to the discovery of admissible evidence.

28       Mattel has also improperly limited its agreement to produce by redefining the

1   scope of MGA's request.  Subject to its objections, Mattel has only agreed to

2   produce documents related to certain aspects of the "MY SCENE" products that it

3   deems are accused of infringement.  Mattel is required to respond to the request as

4   originally drafted by MGA and may not unilaterally narrow and rewrite MGA's

5   requests.

6        None of Mattel's improper objections are valid and Mattel is obligated to

7   produce all non-privileged responsive documents in its possession, custody, or

8   control.

9

10  **REQUEST FOR PRODUCTION NO. 3:**

11       All DOCUMENTS REFERRING OR RELATING TO the initial design and

12  development of the doll YOU refer to as "a Mattel doll character called BARBIE"

13  as asserted in paragraph 25 of YOUR ANSWER responding to paragraph 34 of the

14  COMPLAINT, including but not limited to design drawings, sculpts, internal

15  memos, MARKET RESEARCH, and approval memos.

16       **RESPONSE TO REQUEST NO. 3:**

17       In addition to the general objections stated above which are incorporated

18  herein by reference, Mattel objects to this Request on the grounds that it is

19  overbroad and unduly burdensome, including in that it seeks "all" documents on

20  this subject without limitation as to time, and regardless of whether such documents

21  relate to products or matters at issue in this case.  Mattel further objects to this

22  Request on the grounds that it is overbroad and unduly burdensome in that it seeks

23  "all" documents referring to or relating to BARBIE dolls.  Mattel further objects to

24  the Request on the grounds that it seeks documents that are not relevant to this

25  action or likely to lead to the discovery of admissible evidence.  Mattel further

26  objects to this Request on the grounds that it seeks confidential, proprietary and

27  trade secret information that has no bearing on the claims or defenses in this case.

28  Mattel further objects to this Request on the grounds that it calls for the disclosure

1   of information subject to the attorney-client privilege, the attorney work-product

2   doctrine and other applicable privileges.

3       Subject to and without waiving the foregoing general and specific objections,

4   and to the extent not already produced, Mattel will produce responsive,

5   non-privileged documents or else product exemplars in its possession, custody or

6   control that it can locate after a reasonable, good faith search sufficient to show the

7   appearance and the timing of the release and sale of BARBIE dolls that are

8   referenced by Mattel in its response to paragraph 34 of MGA's Complaint.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

11

12      Mattel has improperly limited its agreement to produce documents in

13  response to this request, subject to its improper boilerplate objections.  Mattel has

14  refused to confirm whether or not it has produced all non-privileged responsive

15  documents or whether it is withholding documents based on its objections in Phase

16  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18  Generic objections that fail to explain the basis for an objection with specificity are

19  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21  such as 'overly burdensome and harassing' are improper – especially when a party

22  fails to submit any evidentiary declarations supporting such objections").

23  Accordingly, Mattel must be compelled either to certify that it has produced all

24  non-privileged responsive documents or to produce all such documents by a date

25  certain.

26      To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28      As to overbreadth, Mattel provides no explanation, let alone the required

particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning the initial design and development of a particular doll, identified as "a Mattel doll character called BARBIE" in Mattel's Answer.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices, including serial copying of MGA products.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel also objects to this request on relevance grounds.  MGA has brought trade dress claims related to "MY SCENE" and has alleged claims of unfair competition based on Mattel's serial copying and imitation of MGA's products.  As such, documents related to the initial design and development of a particular doll at issue in this case is highly relevant and likely to lead to the discovery of admissible evidence.

- 9 -

1    Mattel has also improperly limited its agreement to produce by redefining the

2    scope of MGA's request.  While MGA requested *all* documents related to the initial

3    design and development of the doll, Mattel has only agreed to produce documents

4    or product exemplars *sufficient* to show that appearance and timing of the release

5    and sale of the doll.  Mattel is required to respond to the request as originally

6    drafted by MGA and may not unilaterally narrow and rewrite MGA's requests.

7    None of Mattel's improper objections are valid and Mattel is obligated to

8    produce all non-privileged responsive documents in its possession, custody, or

9    control.

10

11   **REQUEST FOR PRODUCTION NO. 4:**

12   All DOCUMENTS REFERRING OR RELATING TO consideration being

13   given to changing the appearance, including but not limited to DOCUMENTS

14   REFERRING OR RELATING TO sculpts, face paint, and eye design, of the "MY

15   SCENE" dolls, as identified in paragraph 34 of the COMPLAINT, to the

16   appearance as identified in paragraphs 37-40 of the COMPLAINT.

17   **RESPONSE TO REQUEST NO. 4:**

18   In addition to the general objections stated above which are incorporated

19   herein by reference, Mattel objects to this Request on the grounds that it is

20   overbroad and unduly burdensome, including in that it seeks all documents on this

21   subject without limitation as to time, and regardless of whether such documents

22   relate to products or matters at issue in this case.  Mattel further objects to this

23   Request on the grounds that it is ambiguous and unintelligible in its use of the

24   phrase "to the appearance as identified in" and in that it is contrary to fact.  Mattel

25   further objects to the Request on the grounds that it seeks documents that are not

26   relevant to this action or likely to lead to the discovery of admissible evidence.

27   Mattel further objects to this Request on the grounds that it seeks confidential,

28   proprietary and trade secret information that has no bearing on the claims or

1    defenses in this case.  Mattel further objects to this Request on the grounds that it

2    calls for the disclosure of information subject to the attorney-client privilege, the

3    attorney work-product doctrine and other applicable privileges.

4        Subject to and without waiving the foregoing general and specific objections,

5    and to the extent not already produced, Mattel will produce responsive,

6    non-privileged documents in its possession, custody or control that it can locate

7    after a reasonable, good faith search relating to the design of the aspects of the MY

8    SCENE products that MGA has accused of infringement.

9

10   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

11

12       Mattel has improperly limited its agreement to produce documents in

13   response to this request, subject to its improper boilerplate objections.  Mattel has

14   refused to confirm whether or not it has produced all non-privileged responsive

15   documents or whether it is withholding documents based on its objections in Phase

16   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18   Generic objections that fail to explain the basis for an objection with specificity are

19   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21   such as 'overly burdensome and harassing' are improper – especially when a party

22   fails to submit any evidentiary declarations supporting such objections").

23   Accordingly, Mattel must be compelled either to certify that it has produced all

24   non-privileged responsive documents or to produce all such documents by a date

25   certain.

26       To the extent that Mattel is relying on its blanket objections, they are not

27   sustainable and do not justify Mattel's failure to produce documents.

28       As to overbreadth, Mattel provides no explanation, let alone the required

1   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

2   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

3   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

4   contrary, the request is narrowly tailored to seek documents concerning the

5   consideration given to changing the appearance of specific "MY SCENE" dolls as

6   identified in the Complaint.

7        As to burden, Mattel has not attempted to demonstrate why responding to

8   this request and/or producing responsive documents presents any burden.  This

9   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

10  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11  request is unduly burdensome must allege specific facts which indicate the nature

12  and extent of the burden, usually by affidavit or other reliable evidence.")

13  Moreover, it is not unduly burdensome, as noted above, in that the request is

14  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

15  has engaged in a broad variety of unfair trade practices, including serial copying of

16  MGA products.  MGA is entitled to discovery on these claims.

17       This request does not seek documents protected by the attorney-client

18  privilege, the attorney work product doctrine, or other applicable privileges.  To the

19  extent that Mattel contends that it does, Mattel must provide a privilege log.

20       Mattel objects that the request contains confidential, proprietary and trade

21  secret information.  A Protective Order exists in this case, obviating any concern as

22  to protection of privacy rights and/or commercially sensitive information.

23       Mattel also objects to this request on relevance grounds.  MGA has brought

24  trade dress claims related to "MY SCENE" and has alleged claims of unfair

25  competition based on Mattel's serial copying and imitation of MGA's products.  As

26  such, documents related to the consideration given to changing the appearance of a

27  particular doll at issue in this case is highly relevant and likely to lead to the

28  discovery of admissible evidence.

1    Mattel has also improperly limited its agreement to produce by redefining the

2    scope of MGA's request.  While MGA requested documents related to the

3    consideration given to changing the appearance of the "MY SCENE" dolls, Mattel

4    has only agreed to produce documents related to the design of certain aspects of the

5    dolls that it deems accused of infringement.  Mattel is required to respond to the

6    request as originally drafted by MGA and may not unilaterally narrow and rewrite

7    MGA's requests.

8    None of Mattel's improper objections are valid and Mattel is obligated to

9    produce all non-privileged responsive documents in its possession, custody, or

10   control.

11

12   **REQUEST FOR PRODUCTION NO. 5:**

13   Photographs or pictures sufficient to illustrate every variation or version of

14   "MY SCENE" dolls ever released as a commercial product, including without

15   limitation, face paint, face paint plans or designs, eye designs, drafts, ideas or

16   concepts.

17   **RESPONSE TO REQUEST NO. 5:**

18   In addition to the general objections stated above which are incorporated

19   herein by reference, Mattel objects to this Request on the grounds that it is

20   overbroad, unduly burdensome and unintelligible, including in that it seeks all

21   documents on this subject without limitation as to time, and regardless of whether

22   such documents relate to products or matters at issue in this case.  Mattel further

23   objects to this Request to the extent that it purports to require Mattel to take

24   photographs or pictures of tangible items that are exemplified in tangible things.

25   Mattel further objects to the Request on the grounds that it seeks documents that are

26   not relevant to this action or likely to lead to the discovery of admissible evidence.

27   Mattel further objects to this Request on the grounds that it seeks confidential,

28   proprietary and trade secret information that has no bearing on the claims or

1   defenses in this case.  Mattel further objects to this Request on the grounds that it

2   calls for the disclosure of information subject to the attorney-client privilege, the

3   attorney work-product doctrine and other applicable privileges.

4        Subject to and without waiving the foregoing general and specific objections,

5   and to the extent not already produced, Mattel will produce responsive,

6   non-privileged product exemplars in its possession, custody or control that it can

7   locate after a reasonable, good faith search sufficient to depict the aspects of the

8   MY SCENE products that MGA has accused of infringement.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

11

12       Mattel has improperly limited its agreement to produce documents in

13  response to this request, subject to its improper boilerplate objections.  Mattel has

14  refused to confirm whether or not it has produced all non-privileged responsive

15  documents or whether it is withholding documents based on its objections in Phase

16  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18  Generic objections that fail to explain the basis for an objection with specificity are

19  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21  such as 'overly burdensome and harassing' are improper – especially when a party

22  fails to submit any evidentiary declarations supporting such objections").

23  Accordingly, Mattel must be compelled either to certify that it has produced all

24  non-privileged responsive documents or to produce all such documents by a date

25  certain.

26       To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28       As to overbreadth, Mattel provides no explanation, let alone the required

1  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

2  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

3  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

4  contrary, the request is narrowly tailored to seek photographs or pictures that are

5  sufficient to illustrate each variation or version of "MY SCENE" dolls that have

6  been released as a commercial product.

7       As to burden, Mattel has not attempted to demonstrate why responding to

8  this request and/or producing responsive documents presents any burden.  This

9  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

10  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11  request is unduly burdensome must allege specific facts which indicate the nature

12  and extent of the burden, usually by affidavit or other reliable evidence.")

13  Moreover, it is not unduly burdensome, as noted above, in that the request is

14  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

15  has engaged in a broad variety of unfair trade practices, including serial copying of

16  MGA products and trade dress infringement.  MGA is entitled to discovery on these

17  claims.

18       This request does not seek documents protected by the attorney-client

19  privilege, the attorney work product doctrine, or other applicable privileges.  To the

20  extent that Mattel contends that it does, Mattel must provide a privilege log.

21       Mattel objects that the request contains confidential, proprietary and trade

22  secret information.  A Protective Order exists in this case, obviating any concern as

23  to protection of privacy rights and/or commercially sensitive information.

24       Mattel also objects to this request on relevance grounds.  MGA has brought

25  trade dress claims related to "MY SCENE" and has alleged claims of unfair

26  competition based on Mattel's serial copying and imitation of MGA's products.  As

27  such, the appearance of each variation or version of the "MY SCENE" dolls is

28  highly relevant and likely to lead to the discovery of admissible evidence.

1   Mattel has also improperly limited its agreement to produce by redefining the

2   scope of MGA's request.  While MGA requested photographs or pictures sufficient

3   to illustrate each variation or version of the "MY SCENE" dolls release as a

4   commercial product, Mattel has only agreed to produce "product exemplars"

5   sufficient to depict certain aspects of the dolls.  Mattel is required to respond to the

6   request as originally drafted by MGA and may not unilaterally narrow and rewrite

7   MGA's requests.

8   None of Mattel's improper objections are valid and Mattel is obligated to

9   produce all non-privileged responsive documents in its possession, custody, or

10   control.

11

12   **REQUEST FOR PRODUCTION NO. 6:**

13   Photographs or pictures sufficient to illustrate every variation or version of

14   "MY SCENE" dolls considered by YOU but never released as a commercial

15   product, including without limitation, face paint, face paint plans or designs, eye

16   designs; drafts, ideas or concepts.

17   **RESPONSE TO REQUEST NO. 6:**

18   In addition to the general objections stated above which are incorporated

19   herein by reference, Mattel objects to this Request on the grounds that it is

20   overbroad, unduly burdensome and unintelligible, including in that it seeks all

21   documents on this subject without limitation as to time, and regardless of whether

22   such documents relate to products or matters at issue in this case.  Mattel further

23   objects to the Request on the grounds that it seeks documents that are not relevant

24   to this action or likely to lead to the discovery of admissible evidence in that dolls

25   that were never released as a commercial product are not at issue in this action.

26   Mattel further objects to this Request as vague and ambiguous in its use of the term

27   "drafts" in this context.  Mattel further objects to this Request in that it purports to

28   require Mattel to create photographs or pictures that were not otherwise created in

1   the normal course of business.  Mattel further objects to this Request on the

2   grounds that it seeks confidential, proprietary and trade secret information that has

3   no bearing on the claims or defenses in this case.  Mattel further objects to this

4   Request on the grounds that it calls for the disclosure of information subject to the

5   attorney-client privilege, the attorney work-product doctrine and other applicable

6   privileges.

7        Subject to and without waiving the foregoing general and specific objections,

8   and to the extent not already produced, Mattel will produce responsive,

9   non-privileged documents or else tangible exemplars in its possession, custody or

10  control that it can locate after a reasonable, good faith search sufficient to depict the

11  design and development of the aspects of the MY SCENE products that MGA has

12  accused of infringement.

13

14  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
15  **SHOULD BE COMPELLED**

16       Mattel has improperly limited its agreement to produce documents in

17  response to this request, subject to its improper boilerplate objections.  Mattel has

18  refused to confirm whether or not it has produced all non-privileged responsive

19  documents or whether it is withholding documents based on its objections in Phase

20  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

21  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

22  Generic objections that fail to explain the basis for an objection with specificity are

23  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

24  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

25  such as 'overly burdensome and harassing' are improper – especially when a party

26  fails to submit any evidentiary declarations supporting such objections").

27  Accordingly, Mattel must be compelled either to certify that it has produced all

28  non-privileged responsive documents or to produce all such documents by a date

1  certain.

2      To the extent that Mattel is relying on its blanket objections, they are not

3  sustainable and do not justify Mattel's failure to produce documents.

4      As to overbreadth, Mattel provides no explanation, let alone the required

5  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

6  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

7  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

8  contrary, the request is narrowly tailored to seek photographs or pictures that are

9  sufficient to illustrate each variation or version of "MY SCENE" dolls considered

10  by Mattel but not released.

11      As to burden, Mattel has not attempted to demonstrate why responding to

12  this request and/or producing responsive documents presents any burden.  This

13  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

14  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15  request is unduly burdensome must allege specific facts which indicate the nature

16  and extent of the burden, usually by affidavit or other reliable evidence.")

17  Moreover, it is not unduly burdensome, as noted above, in that the request is

18  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19  has engaged in a broad variety of unfair trade practices, including serial copying of

20  MGA products.  MGA is entitled to discovery on these claims.

21      This request does not seek documents protected by the attorney-client

22  privilege, the attorney work product doctrine, or other applicable privileges.  To the

23  extent that Mattel contends that it does, Mattel must provide a privilege log.

24

25

26      Mattel objects that the request contains confidential, proprietary and trade

27  secret information.  A Protective Order exists in this case, obviating any concern as

28  to protection of privacy rights and/or commercially sensitive information.

1   Mattel also objects to this request on relevance grounds.  MGA has brought

2   trade dress claims related to "MY SCENE" and has alleged claims of unfair

3   competition based on Mattel's serial copying and imitation of MGA's products.  As

4   such, the appearance of "MY SCENE" dolls that Mattel considered, even if they did

5   not end up releasing them as a commercial product, are highly relevant and likely to

6   lead to the discovery of admissible evidence.

7   Mattel has also improperly limited its agreement to produce by redefining the

8   scope of MGA's request.  While MGA requested photographs or pictures sufficient

9   to illustrate each variation or version of "MY SCENE" dolls considered but not

10  released, Mattel has only agreed to produce documents or exemplars sufficient to

11  depict certain aspects of the dolls.  Mattel is required to respond to the request as

12  originally drafted by MGA and may not unilaterally narrow and rewrite MGA's

13  requests.

14  None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession, custody, or

16  control.

17

18  **REQUEST FOR PRODUCTION NO. 7:**

19  All DOCUMENTS REFERRING OR RELATING TO changes to "MY

20  SCENE" from the appearance as identified in paragraph 34 of the COMPLAINT to

21  the appearance as identified in paragraphs 37-40 of the COMPLAINT including,

22  without limitation, the sculpt, face paint plans or designs, eye designs, ideas, and

23  drafts.

24  **RESPONSE TO REQUEST NO. 7:**

25  In addition to the general objections stated above which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is

27  overbroad and unduly burdensome, including in that it seeks all documents on this

28  subject without limitation as to time, and regardless of whether such documents

1  relate to products or matters at issue in this case.  Mattel further objects to this

2  Request on the grounds that it is unintelligible and contrary to fact in its use of the

3  term "changes," including without limitation with respect to head sculpts, and in its

4  use of the term "drafts" in this context.  Mattel further objects to the Request on the

5  grounds that it seeks documents that are not relevant to this action or likely to lead

6  to the discovery of admissible evidence.  Mattel further objects to this Request on

7  the grounds that it seeks confidential, proprietary and trade secret information that

8  has no bearing on the claims or defenses in this case.  Mattel further objects to this

9  Request on the grounds that it calls for the disclosure of information subject to the

10  attorney-client privilege, the attorney work-product doctrine and other applicable

11  privileges.

12      Subject to and without waiving the foregoing general and specific objections,

13  and to the extent not already produced, Mattel will produce responsive,

14  non-privileged documents in its possession, custody or control that it can locate

15  after a reasonable, good faith search relating to the design and development of the

16  aspects of the MY SCENE products that MGA has accused of infringement.

17

18  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

19

20      Mattel has improperly limited its agreement to produce documents in

21  response to this request, subject to its improper boilerplate objections.  Mattel has

22  refused to confirm whether or not it has produced all non-privileged responsive

23  documents or whether it is withholding documents based on its objections in Phase

24  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

25  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

26  Generic objections that fail to explain the basis for an objection with specificity are

27  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

28  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

1   such as 'overly burdensome and harassing' are improper – especially when a party

2   fails to submit any evidentiary declarations supporting such objections").

3   Accordingly, Mattel must be compelled either to certify that it has produced all

4   non-privileged responsive documents or to produce all such documents by a date

5   certain.

6        To the extent that Mattel is relying on its blanket objections, they are not

7   sustainable and do not justify Mattel's failure to produce documents.

8        As to overbreadth, Mattel provides no explanation, let alone the required

9   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

10  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

11  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

12  contrary, the request is narrowly tailored to seek documents concerning changes

13  made to the appearance of the "MY SCENE" dolls as identified in the complaint.

14       As to burden, Mattel has not attempted to demonstrate why responding to

15  this request and/or producing responsive documents presents any burden.  This

16  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

17  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.")

20  Moreover, it is not unduly burdensome, as noted above, in that the request is

21  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

22  has engaged in a broad variety of unfair trade practices, including serial copying of

23  MGA products and trade dress infringement.  MGA is entitled to discovery on these

24  claims.

25       This request does not seek documents protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges.  To the

27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28       Mattel objects that the request contains confidential, proprietary and trade

1   secret information.  A Protective Order exists in this case, obviating any concern as

2   to protection of privacy rights and/or commercially sensitive information.

3       Mattel also objects to this request on relevance grounds.  MGA has brought

4   trade dress claims related to "MY SCENE" and has alleged claims of unfair

5   competition based on Mattel's serial copying and imitation of MGA's products.  As

6   such, documents related to any changes made to the appearance of "MY SCENE"

7   dolls are highly relevant and likely to lead to the discovery of admissible evidence.

8       Mattel has also improperly limited its agreement to produce by redefining the

9   scope of MGA's request.  While MGA requested documents related to changes to

10  the appearance of the "MY SCENE" dolls, Mattel has only agreed to produce

11  documents related to the design or development of certain aspects of the dolls that it

12  deems accused of infringement.  Mattel is required to respond to the request as

13  originally drafted by MGA and may not unilaterally narrow and rewrite MGA's

14  requests.

15      None of Mattel's improper objections are valid and Mattel is obligated to

16  produce all non-privileged responsive documents in its possession, custody, or

17  control.

18

19  **REQUEST FOR PRODUCTION NO. 8:**

20      All DOCUMENTS which support YOUR assertions in paragraphs 27 and 30

21  of YOUR ANSWER regarding dolls identified in paragraphs 37 and 40 of the

22  COMPLAINT.

23          **RESPONSE TO REQUEST NO. 8:**

24      In addition to the general objections stated above which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it is

26  overbroad, unduly burdensome and unintelligible, including in that it seeks all

27  documents on this subject without limitation as to time, and regardless of whether

28  such documents relate to products or matters at issue in this case.  Mattel further

1    objects to the Request on the grounds that it seeks documents that are not relevant

2    to this action or likely to lead to the discovery of admissible evidence.  Mattel

3    further objects to this Request on the grounds that it seeks confidential, proprietary

4    and trade secret information that has no bearing on the claims or defenses in this

5    case.  Mattel further objects to this Request on the grounds that it calls for the

6    disclosure of information subject to the attorney-client privilege, the attorney

7    work-product doctrine and other applicable privileges.

8         Subject to and without waiving the foregoing general and specific objections,

9    and to the extent not already produced, Mattel will produce responsive,

10   non-privileged documents or else product exemplars in its possession, custody or

11   control that it can locate after a reasonable, good faith search sufficient to show the

12   appearance and the timing of the release and sale of dolls that are referenced by

13   Mattel in response to paragraphs 37 and 40 of MGA's Complaint.

14

15   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
16   **SHOULD BE COMPELLED**

17        Mattel has improperly limited its agreement to produce documents in

18   response to this request, subject to its improper boilerplate objections.  Mattel has

19   refused to confirm whether or not it has produced all non-privileged responsive

20   documents or whether it is withholding documents based on its objections in Phase

21   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

22   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

23   Generic objections that fail to explain the basis for an objection with specificity are

24   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

25   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

26   such as 'overly burdensome and harassing' are improper – especially when a party

27   fails to submit any evidentiary declarations supporting such objections").

28   Accordingly, Mattel must be compelled either to certify that it has produced all

1    non-privileged responsive documents or to produce all such documents by a date

2    certain.

3          To the extent that Mattel is relying on its blanket objections, they are not

4    sustainable and do not justify Mattel's failure to produce documents.

5          As to overbreadth, Mattel provides no explanation, let alone the required

6    particularity, as to **why** this request is supposedly overly broad, nor can it do so.

7    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9    contrary, the request is narrowly tailored to seek documents which support the

10   allegations in paragraphs 27 and 30 of Mattel's answer.

11         As to burden, Mattel has not attempted to demonstrate why responding to

12   this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

14   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.")

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  MGA is entitled to discovery

19   related to allegations made by Mattel.

20         This request does not seek documents protected by the attorney-client

21   privilege, the attorney work product doctrine, or other applicable privileges.  To the

22   extent that Mattel contends that it does, Mattel must provide a privilege log.

23         Mattel objects that the request contains confidential, proprietary and trade

24   secret information.  A Protective Order exists in this case, obviating any concern as

25   to protection of privacy rights and/or commercially sensitive information.

26         Mattel also objects to this request on relevance grounds.  Documents which

27   may support allegations made by Mattel in its answer are highly relevant and likely

28   to lead to the discovery of admissible evidence.

1    Mattel has also improperly limited its agreement to produce by redefining the

2    scope of MGA's request.  While MGA requested all documents which support

3    certain allegations in Mattel's answer, Mattel has only agreed to produce

4    documents *or* product exemplars ***sufficient to show*** the appearance and the timing

5    of the release and sale of certain dolls.  Mattel is required to respond to the request

6    as originally drafted by MGA and may not unilaterally narrow and rewrite MGA's

7    requests.

8    None of Mattel's improper objections are valid and Mattel is obligated to

9    produce all non-privileged responsive documents in its possession, custody, or

10   control.

11

12   **REQUEST FOR PRODUCTION NO. 9:**

13   All DOCUMENTS which support YOUR assertions in paragraphs 28 and 29

14   of YOUR ANSWER regarding eye designs identified in paragraphs 38 and 39 of

15   the COMPLAINT.

16   **RESPONSE TO REQUEST NO. 9:**

17   In addition to the general objections stated above which are incorporated

18   herein by reference, Mattel objects to this Request on the grounds that it is

19   overbroad and unduly burdensome, including in that it seeks all documents on this

20   subject without limitation as to time, and regardless of whether such documents

21   relate to products or matters at issue in this case.  Mattel further objects to this

22   Request as incomprehensible and premature in that MGA has failed and refused to

23   produce documents that evidence its supposed rights in the "Bratz eye" or any other

24   matter.  Mattel further objects to this Request on the grounds that it seeks

25   confidential, proprietary and trade secret information that has no bearing on the

26   claims or defenses in this case.  Mattel further objects to this Request on the

27   grounds that it calls for the disclosure of information subject to the attorney-client

28   privilege, the attorney work-product doctrine and other applicable privileges.

1   Subject to and without waiving the foregoing general and specific objections,

2   and to the extent not already produced, Mattel will produce responsive,

3   non-privileged documents or product exemplars in its possession, custody or

4   control that it can locate after a reasonable, good faith search supporting its

5   response to paragraphs 38 and 39 of MGA's Complaint.

6

7   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

8

9   Mattel has improperly limited its agreement to produce documents in

10  response to this request, subject to its improper boilerplate objections.  Mattel has

11  refused to confirm whether or not it has produced all non-privileged responsive

12  documents or whether it is withholding documents based on its objections in Phase

13  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

14  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

15  Generic objections that fail to explain the basis for an objection with specificity are

16  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

17  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

18  such as 'overly burdensome and harassing' are improper – especially when a party

19  fails to submit any evidentiary declarations supporting such objections").

20  Accordingly, Mattel must be compelled either to certify that it has produced all

21  non-privileged responsive documents or to produce all such documents by a date

22  certain.

23  To the extent that Mattel is relying on its blanket objections, they are not

24  sustainable and do not justify Mattel's failure to produce documents.

25  As to overbreadth, Mattel provides no explanation, let alone the required

26  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

27  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

28  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

1  contrary, the request is narrowly tailored to seek documents which support the

2  allegations in paragraphs 28 and 29 of Mattel's answer.

3      As to burden, Mattel has not attempted to demonstrate why responding to

4  this request and/or producing responsive documents presents any burden.  This

5  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

6  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7  request is unduly burdensome must allege specific facts which indicate the nature

8  and extent of the burden, usually by affidavit or other reliable evidence.")

9  Moreover, it is not unduly burdensome, as noted above, in that the request is

10 narrowly tailored to seek only discoverable evidence.  MGA is entitled to discovery

11 related to its claims, and to allegations made by Mattel in answering those claims.

12     This request does not seek documents protected by the attorney-client

13 privilege, the attorney work product doctrine, or other applicable privileges.  To the

14 extent that Mattel contends that it does, Mattel must provide a privilege log.

15     Mattel objects that the request contains confidential, proprietary and trade

16 secret information.  A Protective Order exists in this case, obviating any concern as

17 to protection of privacy rights and/or commercially sensitive information.

18     Mattel also objects to this request on relevance grounds.  Documents which

19 may support allegations made by Mattel in its answer are highly relevant and likely

20 to lead to the discovery of admissible evidence.

21     Mattel has also improperly limited its agreement to produce by redefining the

22 scope of MGA's request.  While MGA requested all documents which support

23 certain allegations in Mattel's answer, Mattel has only agreed to produce

24 documents *or* product exemplars.  Mattel is required to respond to the request as

25 originally drafted by MGA and may not unilaterally narrow and rewrite MGA's

26 requests.

27     None of Mattel's improper objections are valid and Mattel is obligated to

28 produce all non-privileged responsive documents in its possession, custody, or

1   control.

2

3   **REQUEST FOR PRODUCTION NO. 10:**

4        All DOCUMENTS REFERRING OR RELATING TO the design,

5   development, themes, conception or creation of the packaging or artwork of "MY

6   SCENE" including without limitation, the motivation, purpose, or inspiration for

7   the packaging or artwork.

8        **RESPONSE TO REQUEST NO. 10:**

9        In addition to the general objections stated above which are incorporated

10  herein by reference, Mattel objects to this Request on the grounds that it is

11  overbroad, unduly burdensome and unintelligible, including in that it seeks all

12  documents on this subject without limitation as to time, and regardless of whether

13  such documents relate to products, packaging or matters at issue in this case.

14  Mattel further objects to this Request as overbroad, unduly burdensome and

15  unintelligible in its use of the term "artwork" in this context.  Mattel further objects

16  to the Request on the grounds that it seeks documents that are not relevant to this

17  action or likely to lead to the discovery of admissible evidence.  Mattel further

18  objects to this Request on the grounds that it seeks confidential, proprietary and

19  trade secret information that has no bearing on the claims or defenses in this case.

20  Mattel further objects to this Request on the grounds that it calls for the disclosure

21  of information subject to the attorney-client privilege, the attorney work-product

22  doctrine and other applicable privileges.

23        Subject to and without waiving the foregoing general and specific objections,

24  and to the extent not already produced, Mattel will produce responsive,

25  non-privileged documents in its possession, custody or control that it can locate

26  after a reasonable, good faith search relating to the design, development, conception

27  and creation of the aspects of the MY SCENE packaging that MGA has accused of

28  infringement.

- 28 -

1

2     **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
      **SHOULD BE COMPELLED**

3

4          Mattel has improperly limited its agreement to produce documents in

5     response to this request, subject to its improper boilerplate objections.  Mattel has

6     refused to confirm whether or not it has produced all non-privileged responsive

7     documents or whether it is withholding documents based on its objections in Phase

8     2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

9     must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

10    Generic objections that fail to explain the basis for an objection with specificity are

11    routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

12    Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

13    such as 'overly burdensome and harassing' are improper – especially when a party

14    fails to submit any evidentiary declarations supporting such objections").

15    Accordingly, Mattel must be compelled either to certify that it has produced all

16    non-privileged responsive documents or to produce all such documents by a date

17    certain.

18         To the extent that Mattel is relying on its blanket objections, they are not

19    sustainable and do not justify Mattel's failure to produce documents.

20         As to overbreadth, Mattel provides no explanation, let alone the required

21    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

22    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

23    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

24    contrary, the request is narrowly tailored to seek documents concerning the design,

25    development, themes, conception or creation of the packaging or artwork of "My

26    Scene."

27         As to burden, Mattel has not attempted to demonstrate why responding to

28    this request and/or producing responsive documents presents any burden.  This

- 29 -

objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices, including serial copying of MGA products and trade dress infringement.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel also objects to this request on relevance grounds.  MGA has brought trade dress claims related to "MY SCENE" and has alleged claims of unfair competition based on Mattel's serial copying and imitation of MGA's products.  As such, documents related to the design, development, themes, conception or creation of the packaging or artwork of "MY SCENE" are highly relevant and likely to lead to the discovery of admissible evidence.

Mattel has also improperly limited its agreement to produce by redefining the scope of MGA's request.  While MGA requested all documents relating to the design, development, *themes*, conception or creation of the packaging *or artwork* of "MY SCENE," Mattel has only agreed to produce documents relating to the design, development, conception and creation of certain aspects of packaging of "MY SCENE."  Mattel is required to respond to the request as originally drafted by MGA and may not unilaterally narrow and rewrite MGA's requests.

1   None of Mattel's improper objections are valid and Mattel is obligated to

2   produce all non-privileged responsive documents in its possession, custody, or

3   control.

4

5   **REQUEST FOR PRODUCTION NO. 11:**

6   All DOCUMENTS REFERRING OR RELATING TO the development of

7   the product design trade dress or packaging trade dress of "MY SCENE," including

8   but not limited to the total image, design and appearance of the "MY SCENE"

9   product, as well as features of the "MY SCENE" product such as size, shape, color,

10  color combinations, texture or graphics, or anything else MATTEL considers to be

11  its proprietary trade dress of "MY SCENE," and any changes thereto.

12  **RESPONSE TO REQUEST NO. 11:**

13  In addition to the general objections stated above which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is

15  overbroad, unduly burdensome and unintelligible, including in that it seeks all

16  documents on this subject without limitation as to time, and regardless of whether

17  such documents relate to products or matters at issue in this case.  Mattel further

18  objects to the Request on the grounds that it seeks documents that are not relevant

19  to this action or likely to lead to the discovery of admissible evidence.  Mattel

20  further objects to this Request on the grounds that it seeks confidential, proprietary

21  and trade secret information that has no bearing on the claims or defenses in this

22  case.  Mattel further objects to this Request on the grounds that it calls for the

23  disclosure of information subject to the attorney-client privilege, the attorney

24  work-product doctrine and other applicable privileges.

25  Subject to and without waiving the foregoing general and specific objections,

26  and to the extent not already produced, Mattel will produce responsive,

27  non-privileged documents in its possession, custody or control that it can locate

28  after a reasonable, good faith search relating to the development of the aspects of

OHS West:260723184

- 31 -

1   the MY SCENE products or packaging that MGA has accused of infringement.

2

3   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
4   **SHOULD BE COMPELLED**

5       Mattel has improperly limited its agreement to produce documents in

6   response to this request, subject to its improper boilerplate objections.  Mattel has

7   refused to confirm whether or not it has produced all non-privileged responsive

8   documents or whether it is withholding documents based on its objections in Phase

9   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

10   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

11   Generic objections that fail to explain the basis for an objection with specificity are

12   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

13   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

14   such as 'overly burdensome and harassing' are improper – especially when a party

15   fails to submit any evidentiary declarations supporting such objections").

16   Accordingly, Mattel must be compelled either to certify that it has produced all

17   non-privileged responsive documents or to produce all such documents by a date

18   certain.

19       To the extent that Mattel is relying on its blanket objections, they are not

20   sustainable and do not justify Mattel's failure to produce documents.

21       As to overbreadth, Mattel provides no explanation, let alone the required

22   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

23   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

24   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

25   contrary, the request is narrowly tailored to seek documents concerning the

26   development of the product design trade dress or packaging trade dress of "MY

27   SCENE."

28       As to burden, Mattel has not attempted to demonstrate why responding to

1    this request and/or producing responsive documents presents any burden.  This

2    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

3    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

4    request is unduly burdensome must allege specific facts which indicate the nature

5    and extent of the burden, usually by affidavit or other reliable evidence.")

6    Moreover, it is not unduly burdensome, as noted above, in that the request is

7    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

8    has engaged in a broad variety of unfair trade practices, including serial copying of

9    MGA products.  MGA is entitled to discovery on these claims.

10         This request does not seek documents protected by the attorney-client

11   privilege, the attorney work product doctrine, or other applicable privileges.  To the

12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13         Mattel objects that the request contains confidential, proprietary and trade

14   secret information.  A Protective Order exists in this case, obviating any concern as

15   to protection of privacy rights and/or commercially sensitive information.

16         Mattel also objects to this request on relevance grounds.  MGA has brought

17   trade dress claims related to "MY SCENE" and has alleged claims of unfair

18   competition based on Mattel's serial copying and imitation of MGA's products.  As

19   such, documents related to the development of the product design trade dress or

20   packaging trade dress of "MY SCENE" are highly relevant and likely to lead to the

21   discovery of admissible evidence.

22         Mattel has also improperly limited its agreement to produce by redefining the

23   scope of MGA's request.  While MGA requested all documents relating to the

24   development of the product design trade dress or packaging trade dress of "MY

25   SCENE," Mattel has only agreed to produce documents relating to the development

26   of certain aspects of "MY SCENE."  Mattel is required to respond to the request as

27   originally drafted by MGA and may not unilaterally narrow and rewrite MGA's

28   requests.

1    None of Mattel's improper objections are valid and Mattel is obligated to

2  produce all non-privileged responsive documents in its possession, custody, or

3  control.

4

5  **REQUEST FOR PRODUCTION NO. 12:**

6    DOCUMENTS sufficient to show any position MATTEL has taken with

7  respect to its claimed trade dress in connection with any "MY SCENE" product,

8  including but not limited to internal COMMUNICATIONS, COMMUNICATIONS

9  with third parties, trademark applications and related DOCUMENTS, filings in

10  judicial proceedings or regulatory filings.

11    **RESPONSE TO REQUEST NO. 12:**

12    In addition to the general objections stated above which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it is

14  overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case.  Mattel further

17  objects to the Request on the grounds that it seeks documents that are not relevant

18  to this action or likely to lead to the discovery of admissible evidence.  Mattel

19  further objects to this Request on the grounds that it seeks confidential, proprietary

20  and trade secret information that has no bearing on the claims or defenses in this

21  case.  Mattel further objects to this Request on the grounds that it calls for the

22  disclosure of information subject to the attorney-client privilege, the attorney

23  work-product doctrine and other applicable privileges.

24    Subject to and without waiving the foregoing general and specific objections,

25  and to the extent not already produced, Mattel will produce responsive,

26  non-privileged documents in its possession, custody or control that it can locate

27  after a reasonable, good faith search relating to the aspects of the MY SCENE

28  products that MGA has accused of infringement.

1

2   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
3   SHOULD BE COMPELLED**

4          Mattel has improperly limited its agreement to produce documents in

5   response to this request, subject to its improper boilerplate objections.  Mattel has

6   refused to confirm whether or not it has produced all non-privileged responsive

7   documents or whether it is withholding documents based on its objections in Phase

8   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

9   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

10  Generic objections that fail to explain the basis for an objection with specificity are

11  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

12  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

13  such as 'overly burdensome and harassing' are improper – especially when a party

14  fails to submit any evidentiary declarations supporting such objections").

15  Accordingly, Mattel must be compelled either to certify that it has produced all

16  non-privileged responsive documents or to produce all such documents by a date

17  certain.

18          To the extent that Mattel is relying on its blanket objections, they are not

19  sustainable and do not justify Mattel's failure to produce documents.

20          As to overbreadth, Mattel provides no explanation, let alone the required

21  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

22  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

23  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

24  contrary, the request is narrowly tailored to seek documents sufficient to show any

25  position Mattel has taken with respect to its claimed trade dress in connection with

26  any "MY SCENE" product.

27          As to burden, Mattel has not attempted to demonstrate why responding to

28  this request and/or producing responsive documents presents any burden.  This

1   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

2   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3   request is unduly burdensome must allege specific facts which indicate the nature

4   and extent of the burden, usually by affidavit or other reliable evidence.")

5   Moreover, it is not unduly burdensome, as noted above, in that the request is

6   narrowly tailored to seek only discoverable evidence.  MGA has brought a trade

7   dress claim against Mattel and MGA is entitled to discovery on its claims.

8        This request does not seek documents protected by the attorney-client

9   privilege, the attorney work product doctrine, or other applicable privileges.  To the

10  extent that Mattel contends that it does, Mattel must provide a privilege log.

11       Mattel objects that the request contains confidential, proprietary and trade

12  secret information.  A Protective Order exists in this case, obviating any concern as

13  to protection of privacy rights and/or commercially sensitive information.

14       Mattel also objects to this request on relevance grounds.  MGA has brought

15  trade dress claims related to "My Scene" and claims of unfair competition.

16  Accordingly, documents sufficient to show the positions that Mattel has taken with

17  respect to any claimed trade dress in connection with "MY SCENE" products are

18  highly relevant and likely to lead to the discovery of admissible evidence.

19       Mattel has also improperly limited its agreement to produce by redefining the

20  scope of MGA's request.  While MGA requested all documents relating to any

21  position Mattel has taken with respect to its claimed trade dress of "MY SCENE,"

22  Mattel has only agreed to produce documents relating to certain aspects of "MY

23  SCENE" products.  Mattel is required to respond to the request as originally drafted

24  by MGA and may not unilaterally narrow and rewrite MGA's requests.

25       None of Mattel's improper objections are valid and Mattel is obligated to

26  produce all non-privileged responsive documents in its possession, custody, or

27  control.

28

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS REFERRING OR RELATING TO any MARKET RESEARCH, projections or plans pertaining to the release of "MY SCENE" to the market.

**RESPONSE TO REQUEST NO. 13:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, and to the extent not already produced, Mattel will produce responsive, non-privileged documents in its possession, custody or control that it can locate after a reasonable, good faith search relating to the marketing of the aspects of the MY SCENE products that MGA has accused of infringement.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive

1   documents or whether it is withholding documents based on its objections in Phase

2   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

3   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

4   Generic objections that fail to explain the basis for an objection with specificity are

5   routinely rejected in the Central District.  See <u>A. Farber and Partners, Inc. v.</u>

6   <u>Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

7   such as 'overly burdensome and harassing' are improper – especially when a party

8   fails to submit any evidentiary declarations supporting such objections").

9   Accordingly, Mattel must be compelled either to certify that it has produced all

10  non-privileged responsive documents or to produce all such documents by a date

11  certain.

12      To the extent that Mattel is relying on its blanket objections, they are not

13  sustainable and do not justify Mattel's failure to produce documents.

14      As to overbreadth, Mattel provides no explanation, let alone the required

15  particularity, as to ***why*** this request is supposedly overly broad, nor can it do so.

16  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

17  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

18  contrary, the request is narrowly tailored to seek documents concerning market

19  research, projections or plans pertaining to the release of "MY SCENE" to the

20  market.

21      As to burden, Mattel has not attempted to demonstrate why responding to

22  this request and/or producing responsive documents presents any burden.  This

23  objection must therefore be rejected.  See <u>Jackson v. Montgomery Ward & Co.,</u>

24  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

25  request is unduly burdensome must allege specific facts which indicate the nature

26  and extent of the burden, usually by affidavit or other reliable evidence.")

27  Moreover, it is not unduly burdensome, as noted above, in that the request is

28  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

- 38 -

1   has engaged in a broad variety of unfair trade practices including serial copying of

2   MGA products and trade dress infringement.  MGA is entitled to discovery on these

3   claims.

4        This request does not seek documents protected by the attorney-client

5   privilege, the attorney work product doctrine, or other applicable privileges.  To the

6   extent that Mattel contends that it does, Mattel must provide a privilege log.

7        Mattel objects that the request contains confidential, proprietary and trade

8   secret information.  A Protective Order exists in this case, obviating any concern as

9   to protection of privacy rights and/or commercially sensitive information.

10       As for relevancy, Mattel has not attempted to demonstrate why the

11  information sought in response to this request is not discoverable in Phase 2. On the

12  contrary, MGA has alleged that Mattel has engaged in trade dress infringement and

13  serial copying of MGA's product lines, including it various dolls, packaging,

14  themes, accessories, and advertising. Mattel's "MY SCENE" is an example of one

15  such accused Mattel product line.  Documents related to market research,

16  projections or plans pertaining to the release of "MY SCENE" products by Mattel

17  and their success, or lack thereof, are discoverable in Phase 2 and highly relevant

18  to  MGA's claims.

19       Mattel limits its response to "aspects of the MY SCENE products that MGA

20  has accused of infringement."  Such a limitation is unjustified.  MGA has brought a

21  false designation of origin claim that includes trade dress infringement.  MGA is

22  entitled to discovery on all aspects of these products, not just those aspects that

23  Mattel unilaterally deems at issue.  MGA has also brought an unfair competition

24  claim based on Mattel's serial copying of MGA's products.  MGA is entitled to

25  discovery on all aspects of the products under this claim as well, and not just on its

26  infringement theory.  Further, Mattel's response to this response is nonsensical.

27  This request seeks documents relating to market research, projections or plans

28  pertaining to the release of "MY SCENE" products.  Mattel's response that it will

1   produce documents "relating to the marketing of the *aspects* of the 'MY SCENE'

2   products that MGA has accused of infringement" does not make sense.

3        None of Mattel's improper objections are valid and Mattel is obligated to

4   produce all non-privileged responsive documents in its possession, custody, or

5   control.

6

7   **REQUEST FOR PRODUCTION NO. 14:**

8        All DOCUMENTS REFERRING OR RELATING TO the creation or

9   development of the "Chillin' Out!," "Night on the Town," "Jammin' in Jamaica,"

10  "Guava Gulch Tiki Lounge," "Sound Lounge," and "My Bling Bling" (including

11  without limitation "My Bling Bling with Real Gem" and "My Bling Bling with

12  Real Diamond") themes including but not limited to DOCUMENTS showing when

13  and how they were first conceived and any awareness by MATTEL of similar or

14  proposed MGA themes.

15  **RESPONSE TO REQUEST NO. 14:**

16       In addition to the general objections stated above which are incorporated

17  herein by reference, Mattel objects to this Request on the grounds that it is

18  unintelligible and contrary to fact in its use of the phrase "MGA themes."  Mattel

19  further objects to this Request on the grounds that it is overbroad and unduly

20  burdensome, including in that it seeks all documents on this subject without

21  limitation as to time, and regardless of whether such documents relate to products

22  or matters at issue in this case.  Mattel further objects to the Request on the grounds

23  that it seeks documents that are not relevant to this action or likely to lead to the

24  discovery of admissible evidence.  Mattel further objects to this Request on the

25  grounds that it seeks confidential, proprietary and trade secret information that has

26  no bearing on the claims or defenses in this case.  Mattel further objects to this

27  Request on the grounds that it calls for the disclosure of information subject to the

28  attorney-client privilege, the attorney work-product doctrine and other applicable

1  privileges.

2          Subject to and without waiving the foregoing general and specific objections,

3  and to the extent not already produced, Mattel will produce responsive,

4  non-privileged documents in its possession, custody or control that it can locate

5  after a reasonable, good faith search relating to the creation and development of the

6  aspects of the MY SCENE products that MGA has accused of infringement.

7

8          **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

9  **SHOULD BE COMPELLED**

10         Mattel has improperly limited its agreement to produce documents in

11  response to this request, subject to its improper boilerplate objections.  Mattel has

12  refused to confirm whether or not it has produced all non-privileged responsive

13  documents or whether it is withholding documents based on its objections in Phase

14  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

15  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

16  Generic objections that fail to explain the basis for an objection with specificity are

17  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

18  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

19  such as 'overly burdensome and harassing' are improper – especially when a party

20  fails to submit any evidentiary declarations supporting such objections").

21  Accordingly, Mattel must be compelled either to certify that it has produced all

22  non-privileged responsive documents or to produce all such documents by a date

23  certain.

24         To the extent that Mattel is relying on its blanket objections, they are not

25  sustainable and do not justify Mattel's failure to produce documents.

26         As to overbreadth, Mattel provides no explanation, let alone the required

27  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

28  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

1   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2   contrary, the request is narrowly tailored to seek documents concerning the creation

3   or development of  particular themes, namely the "Chillin' Out!," "Night on the

4   Town," "Jammin' in Jamaica," "Guava Gulch Tiki Lounge," "Sound Lounge," and

5   "My Bling Bling" themes, each of which is directly at issue in this case.

6         As to burden, Mattel has not attempted to demonstrate why responding to

7   this request and/or producing responsive documents presents any burden.  This

8   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

9   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10   request is unduly burdensome must allege specific facts which indicate the nature

11   and extent of the burden, usually by affidavit or other reliable evidence.")

12   Moreover, it is not unduly burdensome, as noted above, in that the request is

13   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

14   has engaged in a broad variety of unfair trade practices, including serial copying of

15   MGA products and trade dress infringement.  MGA is entitled to discovery on these

16   claims.

17         This request does not seek documents protected by the attorney-client

18   privilege, the attorney work product doctrine, or other applicable privileges.  To the

19   extent that Mattel contends that it does, Mattel must provide a privilege log.

20         Mattel objects that the request contains confidential, proprietary and trade

21   secret information.  A Protective Order exists in this case, obviating any concern as

22   to protection of privacy rights and/or commercially sensitive information.

23         Mattel also objects to this request on relevance grounds.  MGA has brought

24   trade dress claims related to "MY SCENE" and has alleged claims of unfair

25   competition based on Mattel's serial copying and imitation of MGA's products.  As

26   such, documents related to the creation or development of the "Chillin' Out!,"

27   "Night on the Town," "Jammin' in Jamaica," "Guava Gulch Tiki Lounge," "Sound

28   Lounge," and "My Bling Bling" themes are highly relevant and likely to lead to the

1    discovery of admissible evidence.

2          Mattel has also improperly limited its agreement to produce by redefining the

3    scope of MGA's request.  While MGA requested all documents relating to the

4    creation or development of specific "MY SCENE" themes, Mattel has only agreed

5    to produce documents relating to the creation and development of certain aspects of

6    "MY SCENE" products.  Mattel is required to respond to the request as originally

7    drafted by MGA and may not unilaterally narrow and rewrite MGA's requests.

8          None of Mattel's improper objections are valid and Mattel is obligated to

9    produce all non-privileged responsive documents in its possession, custody, or

10   control.

11

12   **REQUEST FOR PRODUCTION NO. 15:**

13         All DOCUMENTS REFERRING OR RELATING TO the timing or plans

14   for release of the "MY SCENE" themes "Chillin' Out!," "Night on the Town,"

15   "Jammin' in Jamaica," "Guava Gulch Tiki Lounge," "Sound Lounge," and "My

16   Bling Bling" (including without limitation "My Bling Bling with Real Gem" and

17   "My Bling Bling with Real Diamond").

18   **RESPONSE TO REQUEST NO. 15:**

19         In addition to the general objections stated above which are incorporated

20   herein by reference, Mattel objects to this Request on the grounds that it is

21   overbroad, unduly burdensome and unintelligible, including in that it seeks all

22   documents on this subject without limitation as to time, and regardless of whether

23   such documents relate to products or matters at issue in this case.  Mattel further

24   objects to the Request on the grounds that it seeks documents that are not relevant

25   to this action or likely to lead to the discovery of admissible evidence.  Mattel

26   further objects to this Request on the grounds that it seeks confidential, proprietary

27   and trade secret information that has no bearing on the claims or defenses in this

28   case.  Mattel further objects to this Request on the grounds that it calls for the

1   disclosure of information subject to the attorney-client privilege, the attorney

2   work-product doctrine and other applicable privileges.

3       Subject to and without waiving the foregoing general and specific objections,

4   and to the extent not already produced, Mattel will produce responsive,

5   non-privileged documents in its possession, custody or control that it can locate

6   after a reasonable, good faith search sufficient to show the timing of the MY

7   SCENE products that MGA has accused of infringement.

8

9   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
10   **SHOULD BE COMPELLED**

11       Mattel has improperly limited its agreement to produce documents in

12   response to this request, subject to its improper boilerplate objections.  Mattel has

13   refused to confirm whether or not it has produced all non-privileged responsive

14   documents or whether it is withholding documents based on its objections in Phase

15   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

16   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

17   Generic objections that fail to explain the basis for an objection with specificity are

18   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

19   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

20   such as 'overly burdensome and harassing' are improper – especially when a party

21   fails to submit any evidentiary declarations supporting such objections").

22   Accordingly, Mattel must be compelled either to certify that it has produced all

23   non-privileged responsive documents or to produce all such documents by a date

24   certain.

25       To the extent that Mattel is relying on its blanket objections, they are not

26   sustainable and do not justify Mattel's failure to produce documents.

27       As to overbreadth, Mattel provides no explanation, let alone the required

28   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

1    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

2    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

3    contrary, the request is narrowly tailored to seek documents concerning the timing

4    or plans for release of  particular themes, namely the "Chillin' Out!," "Night on the

5    Town," "Jammin' in Jamaica," "Guava Gulch Tiki Lounge," "Sound Lounge," and

6    "My Bling Bling" themes, each of which is directly at issue in this case.

7         As to burden, Mattel has not attempted to demonstrate why responding to

8    this request and/or producing responsive documents presents any burden.  This

9    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

10   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11   request is unduly burdensome must allege specific facts which indicate the nature

12   and extent of the burden, usually by affidavit or other reliable evidence.")

13   Moreover, it is not unduly burdensome, as noted above, in that the request is

14   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

15   has engaged in a broad variety of unfair trade practices, including serial copying of

16   MGA products.  MGA is entitled to discovery on these claims.

17        This request does not seek documents protected by the attorney-client

18   privilege, the attorney work product doctrine, or other applicable privileges.  To the

19   extent that Mattel contends that it does, Mattel must provide a privilege log.

20        Mattel objects that the request contains confidential, proprietary and trade

21   secret information.  A Protective Order exists in this case, obviating any concern as

22   to protection of privacy rights and/or commercially sensitive information.

23        Mattel also objects to this request on relevance grounds.  MGA has brought

24   trade dress claims related to "MY SCENE" and has alleged claims of unfair

25   competition based on Mattel's serial copying and imitation of MGA's products.  As

26   such, documents related to the timing or plans for release of the "Chillin' Out!,"

27   "Night on the Town," "Jammin' in Jamaica," "Guava Gulch Tiki Lounge," "Sound

28   Lounge," and "My Bling Bling" themes are highly relevant and likely to lead to the

1   discovery of admissible evidence.

2       Mattel has also improperly limited its agreement to produce by redefining the

3   scope of MGA's request.  While MGA requested *all documents* relating to the

4   timing or plans for release of specific "MY SCENE" themes, Mattel has only

5   agreed to produce documents *sufficient to show* the timing of certain "MY SCENE"

6   products.  Mattel is required to respond to the request as originally drafted by MGA

7   and may not unilaterally narrow and rewrite MGA's requests.

8       None of Mattel's improper objections are valid and Mattel is obligated to

9   produce all non-privileged responsive documents in its possession, custody, or

10  control.

11  **REQUEST FOR PRODUCTION NO. 16:**

12      All DOCUMENTS REFERRING OR RELATING TO the "BRATZ" themes

13  including but not limited to "Forever Diamondz," "Rock Angelz," "Bratz Rodeo,"

14  "Wild Life Safari," "Bratz Passion 4 Fashion," "Formal Funk," "Funky Fashion

15  Makeover," "Wintertime Wonderland," and "Sun Kissed Summer" before they

16  were advertised or otherwise made publicly available.

17      **RESPONSE TO REQUEST NO. 16:**

18      In addition to the general objections stated above which are incorporated

19  herein by reference, Mattel objects to this Request on the grounds that it is

20  unintelligible and contrary to fact in its use of the phrase "Bratz themes."  Mattel

21  further objects to this Request on the grounds that it is overbroad, unduly

22  burdensome and unintelligible, including in that it seeks all documents on this

23  subject without limitation as to time, and regardless of whether such documents

24  relate to products or matters at issue in this case.  Mattel further objects to the

25  Request on the grounds that it seeks documents that are not relevant to this action

26  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

27  this Request on the grounds that it seeks confidential, proprietary and trade secret

28  information that has no bearing on the claims or defenses in this case.  Mattel

1   further objects to this Request on the grounds that it seeks information known to

2   and within the possession, custody and control of defendants and their associated

3   third parties, not Mattel.  Mattel further objects to this Request on the grounds that

4   it calls for the disclosure of information subject to the attorney-client privilege, the

5   attorney work-product doctrine and other applicable privileges.

6          Subject to and without waiving the foregoing general and specific objections,

7   and to the extent not already produced, Mattel will produce responsive,

8   non-privileged documents in its possession, custody or control, if any, that it can

9   locate after a reasonable, good faith search relating to the aspects of the Bratz

10  products that MGA has alleged were infringed.

11

12  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

13

14         Mattel has improperly limited its agreement to produce documents in

15  response to this request to "aspects of the Bratz products that MGA has alleged

16  were infringed," and agrees to produce only subject to its improper boilerplate

17  objections.  Mattel's unilateral limitation on its production is unjustified to the

18  extent Mattel is withholding documents on that basis.  Under the Federal Rules of

19  Civil Procedure, "an objection to part of a request must specify the part and permit

20  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

21  explain the basis for an objection with specificity are routinely rejected in the

22  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

23  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

24  and harassing' are improper – especially when a party fails to submit any

25  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

26  compelled either to certify that it has produced all non-privileged responsive

27  documents without limitation or to produce all such documents by a date certain.

28         To the extent that Mattel is relying on its blanket objections, they are not

1   sustainable and do not justify Mattel's failure to produce documents.

2        As to overbreadth, Mattel provides no explanation, let alone the required

3   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

4   This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

5   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

6   contrary, the request is narrowly tailored to seek documents concerning Mattel's

7   knowledge of Bratz themes before they were publicly released.

8        As to burden, Mattel has not attempted to demonstrate why responding to

9   this request and/or producing responsive documents presents any burden. This

10   objection must therefore be rejected. <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

11   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12   request is unduly burdensome must allege specific facts which indicate the nature

13   and extent of the burden, usually by affidavit or other reliable evidence.")

14   Moreover, it is not unduly burdensome, as noted above, in that the request is

15   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

16   has engaged in a broad variety of unfair trade practices, from trade dress

17   infringement to serial copying of MGA products. Mattel has alleged that MGA has

18   engaged in trade secret misappropriation. MGA is entitled to discovery on its

19   claims and defenses.

20        This request does not seek documents protected by the attorney-client

21   privilege, the attorney work product doctrine, or other applicable privileges. To the

22   extent that Mattel contends that it does, Mattel must provide a privilege log.

23        Mattel objects that the request contains confidential/proprietary/trade secret

24   information. A Protective Order exists in this case, obviating any concern as to

25   protection of privacy rights and/or commercially sensitive information.

26        Mattel's objection that the documents sought are not relevant is unfounded,

27   as copying of "BRATZ" themes, and Mattel's knowledge of those themes before

28   they were advertised or made publicly available is highly relevant to MGA's claims

1  and defenses, including its claims for trade dress infringement and unfair

2  competition through Mattel's serial copying of MGA products.

3      None of Mattel's improper objections are valid and Mattel is obligated to

4  produce all non-privileged responsive documents in its possession, custody or

5  control.

6

7  **REQUEST FOR PRODUCTION NO. 18:**

8      All DOCUMENTS REFERRING OR RELATING TO any "BRATZ"

9  product or theme as an inspiration or factor in the development of any "MY

10 SCENE" product.

11      **RESPONSE TO REQUEST NO. 18:**

12      In addition to the general objections stated above which are incorporated

13 herein by reference, Mattel objects to this Request on the grounds that it is

14 unintelligible and contrary to fact in its use of the term Bratz "theme" and vague,

15 ambiguous and unintelligible in its use of the term "factor."  Mattel further objects

16 to this Request on the grounds that it is overbroad and unduly burdensome,

17 including in that it seeks all documents on this subject without limitation as to time,

18 and regardless of whether such documents relate to products or matters at issue in

19 this case.  Mattel further objects to the Request on the grounds that it seeks

20 documents that are not relevant to this action or likely to lead to the discovery of

21 admissible evidence.  Mattel further objects to this Request on the grounds that it

22 seeks confidential, proprietary and trade secret information that has no bearing on

23 the claims or defenses in this case.  Mattel further objects to this Request on the

24 grounds that it calls for the disclosure of information subject to the attorney-client

25 privilege, the attorney work-product doctrine and other applicable privileges.

26      Subject to and without waiving the foregoing general and specific objections,

27 and to the extent not already produced, Mattel will produce responsive,

28 non-privileged documents in its possession, custody or control, if any, that it can

1   locate after a reasonable, good faith search relating to the development of the

2   aspects of the MY SCENE products that MGA has accused of infringement.

3

4   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

5

6   Mattel improperly limit its agreement to produce responsive documents to

7   document "aspects of the MY SCENE products that MGA has accused of

8   infringement."  MGA's trade dress and unfair competition claims are broad, and

9   Mattel cannot use its rewriting of the request as a shield to withhold materials

10  discoverable in Phase 2.  Mattel has refused to confirm whether or not it has

11  produced all non-privileged responsive documents or whether it is withholding

12  documents based on its objections in Phase 2.  Under the Federal Rules of Civil

13  Procedure, "an objection to part of a request must specify the part and permit

14  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

15  explain the basis for an objection with specificity are routinely rejected in the

16  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

17  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

18  and harassing' are improper – especially when a party fails to submit any

19  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

20  compelled either to certify that it has produced all non-privileged responsive

21  documents or to produce all such documents by a date certain.

22  To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24  As to overbreadth, Mattel provides no explanation, let alone the required

25  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28  contrary, the request is narrowly tailored to seek documents specifically relating to

whether "BRATZ" inspired "MY SCENE."

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel's objection that the documents sought are not relevant is unfounded, as documents in Mattel's possession, custody, or control relating to "BRATZ" themes are highly relevant to MGA's claims and defenses, including its claims for trade dress infringement and unfair competition through Mattel's serial copying of MGA products.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS REFERRING OR RELATING TO the packaging of "BRATZ, including but not limited to "Forever Diamondz," "Rock Angelz," "Bratz Rode," "Wild Life Safari," "Bratz Passion 4 Fashion," "Formal Funk," "Funky Fashion Makeover," "Wintertime Wonderland," and "Sun Kissed Summer."

**RESPONSE TO REQUEST NO. 19:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, and to the extent not already produced, Mattel will produce responsive, non-privileged documents in its possession, custody or control, if any, that it can locate after a reasonable, good faith search relating to the aspects of the packaging of Bratz products that MGA has alleged were infringed.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request to "the aspects of the packaging of Bratz products that MGA has alleged were infringed," and agrees to produce only subject to its improper boilerplate objections.  Mattel's unilateral limitation on its production is unjustified to the extent Mattel is withholding documents on that basis.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

- 52 -

1    objections that fail to explain the basis for an objection with specificity are

2    routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

3    Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

4    such as 'overly burdensome and harassing' are improper – especially when a party

5    fails to submit any evidentiary declarations supporting such objections").

6    Accordingly, Mattel must be compelled either to certify that it has produced all

7    non-privileged responsive documents without limitation or to produce all such

8    documents by a date certain.

9         To the extent that Mattel is relying on its blanket objections, they are not

10   sustainable and do not justify Mattel's failure to produce documents.

11        As to overbreadth, Mattel provides no explanation, let alone the required

12   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

13   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

14   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

15   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

16   custody, or control regarding "BRATZ" packaging.

17        As to burden, Mattel has not attempted to demonstrate why responding to

18   this request and/or producing responsive documents presents any burden.  This

19   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

20   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21   request is unduly burdensome must allege specific facts which indicate the nature

22   and extent of the burden, usually by affidavit or other reliable evidence.")

23   Moreover, it is not unduly burdensome, as noted above, in that the request is

24   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

25   has engaged in a broad variety of unfair trade practices, from trade dress

26   infringement to serial copying of MGA products.   MGA is entitled to discovery on

27   these claims.

28        This request does not seek documents protected by the attorney-client

1  privilege, the attorney work product doctrine, or other applicable privileges.  To the

2  extent that Mattel contends that it does, Mattel must provide a privilege log.

3      Mattel objects that the request contains confidential/proprietary/trade secret

4  information.  A Protective Order exists in this case, obviating any concern as to

5  protection of privacy rights and/or commercially sensitive information.

6      Mattel's objection that the documents sought are not relevant is unfounded,

7  as the packaging of "BRATZ" products, and Mattel's knowledge of that packaging,

8  is highly relevant to MGA's claims and defenses, including its claims for trade

9  dress infringement and unfair competition through Mattel's serial copying of MGA

10  products such as "BRATZ."

11      None of Mattel's improper objections are valid and Mattel is obligated to

12  produce all non-privileged responsive documents in its possession, custody or

13  control.

14

15  **REQUEST FOR PRODUCTION NO. 20:**

16      All DOCUMENTS REFERRING OR RELATING TO any similarity or

17  dissimilarity between "BRATZ" and "MY SCENE" packaging, including without

18  limitation, advertising (including commercials), color schemes, product display,

19  shape, and the transparent style of packaging.

20      **RESPONSE TO REQUEST NO. 20:**

21      In addition to the general objections stated above which are incorporated

22  herein by reference, Mattel objects to this Request on the grounds that it is

23  overbroad and unduly burdensome, including in that it seeks all documents on this

24  subject without limitation as to time, and regardless of whether such documents

25  relate to products or matters at issue in this case.  Mattel further objects to this

26  Request as vague, incomprehensible and contrary to fact in its insinuation that such

27  elements as "the transparent style of packaging" is the subject of any rights owned

28  by MGA.  Mattel further objects to the Request on the grounds that it seeks

1   documents that are not relevant to this action or likely to lead to the discovery of

2   admissible evidence.  Mattel further objects to this Request on the grounds that it

3   seeks confidential, proprietary and trade secret information that has no bearing on

4   the claims or defenses in this case.  Mattel further objects to this Request on the

5   grounds that it calls for the disclosure of information subject to the attorney-client

6   privilege, the attorney work-product doctrine and other applicable privileges.

7        Subject to and without waiving the foregoing general and specific objections,

8   and to the extent not already produced, Mattel will produce responsive,

9   non-privileged documents in its possession, custody or control, if any, that it can

10  locate after a reasonable, good faith search comparing the appearance of, on the one

11  hand, the aspects of the packaging of Bratz products that MGA has alleged were

12  infringed and, on the other hand, the aspects of the packaging of MY SCENE

13  products that MGA has accused of infringement.

14

15  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

16

17       Mattel improperly limits its agreement to produce responsive documents to

18  documents comparing (instead of similarities and dissimilarities as requested) the

19  appearance of "aspects of Bratz products that MGA has alleged were infringed" and

20  "aspects of the MY SCENE products that MGA has accused of infringement."

21  MGA's trade dress and unfair competition claims are broad, and Mattel cannot use

22  its rewriting of the request as a shield to withhold materials discoverable in Phase 2.

23  Mattel has refused to confirm whether or not it has produced all non-privileged

24  responsive documents or whether it is withholding documents based on its

25  objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to

26  part of a request must specify the part and permit inspection of the rest."  Fed. R.

27  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

28  with specificity are routinely rejected in the Central District.  See A. Farber and

1    Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

2    boilerplate objections such as 'overly burdensome and harassing' are improper –

3    especially when a party fails to submit any evidentiary declarations supporting such

4    objections").  Accordingly, Mattel must be compelled either to certify that it has

5    produced all non-privileged responsive documents or to produce all such

6    documents by a date certain.

7         To the extent that Mattel is relying on its blanket objections, they are not

8    sustainable and do not justify Mattel's failure to produce documents.

9         As to overbreadth, Mattel provides no explanation, let alone the required

10   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

11   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13   contrary, the request is narrowly tailored to seek documents specifically relating to

14   similarities or dissimilarities between two products central to Phase 2 issues.

15        As to burden, Mattel has not attempted to demonstrate why responding to

16   this request and/or producing responsive documents presents any burden.  This

17   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19   request is unduly burdensome must allege specific facts which indicate the nature

20   and extent of the burden, usually by affidavit or other reliable evidence.")

21   Moreover, it is not unduly burdensome, as noted above, in that the request is

22   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23   has engaged in a broad variety of unfair trade practices including serial copying of

24   MGA products and trade dress infringement.  MGA is entitled to discovery on these

25   claims.

26        This request does not seek documents protected by the attorney-client

27   privilege, the attorney work product doctrine, or other applicable privileges.  To the

28   extent that Mattel contends that it does, Mattel must provide a privilege log.

1    Mattel's objection that the documents sought are not relevant is unfounded,

2    as any requested documents in Mattel's possession, custody, or control relating to

3    "BRATZ" or "MY SCENE" packging are highly relevant to MGA's claims and

4    defenses, including its claims for trade dress infringement and unfair competition

5    through Mattel's serial copying of MGA products.

6    None of Mattel's improper objections are valid and Mattel is obligated to

7    produce all non-privileged responsive documents in its possession, custody, or

8    control.

9    **REQUEST FOR PRODUCTION NO. 21:**

10    All DOCUMENTS REFERRING OR RELATING TO any similarity or

11    dissimilarity between "BRATZ" and "MY SCENE," including without limitation,

12    themes, accessories, clothing, and shoes.

13    **RESPONSE TO REQUEST NO. 21:**

14    In addition to the general objections stated above which are incorporated

15    herein by reference, Mattel objects to this Request on the grounds that it is

16    overbroad and unduly burdensome, including in that it seeks all documents on this

17    subject without limitation as to time, and regardless of whether such documents

18    relate to products or matters at issue in this case.  Mattel further objects to this

19    Request as vague, incomprehensible and contrary to fact, including without

20    limitation in its insinuation that such elements as "themes, accessories, clothing,

21    and shoes" are the subject of any rights owned by MGA.  Mattel further objects to

22    the Request on the grounds that it seeks documents that are not relevant to this

23    action or likely to lead to the discovery of admissible evidence.  Mattel further

24    objects to this Request on the grounds that it seeks confidential, proprietary and

25    trade secret information that has no bearing on the claims or defenses in this case.

26    Mattel further objects to this Request on the grounds that it is duplicative of or

27    subsumed within other requests within this set of requests.  Mattel further objects to

28    this Request on the grounds that it calls for the disclosure of information subject to

1  the attorney-client privilege, the attorney work-product doctrine and other

2  applicable privileges.

3       Subject to and without waiving the foregoing general and specific objections,

4  and to the extent not already produced, Mattel will produce responsive,

5  non-privileged documents in its possession, custody or control, if any, that it can

6  locate after a reasonable, good faith search comparing the appearance of, on the one

7  hand, the aspects the Bratz products that MGA has alleged were infringed and, on

8  the other hand, the aspects of the MY SCENE products that MGA has accused of

9  infringement.

10

11  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
   **SHOULD BE COMPELLED**

12

13       Mattel improperly limits its agreement to produce responsive documents to

14  documents comparing (instead of similarities and dissimilarities as requested) the

15  appearance of "aspects of Bratz products that MGA has alleged were infringed" and

16  "aspects of the MY SCENE products that MGA has accused of infringement."

17  MGA's trade dress and unfair competition claims are broad, and Mattel cannot use

18  its rewriting of the request as a shield to withhold materials discoverable in Phase 2.

19  Mattel has refused to confirm whether or not it has produced all non-privileged

20  responsive documents or whether it is withholding documents based on its

21  objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to

22  part of a request must specify the part and permit inspection of the rest."  Fed. R.

23  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

24  with specificity are routinely rejected in the Central District.  See A. Farber and

25  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

26  boilerplate objections such as 'overly burdensome and harassing' are improper –

27  especially when a party fails to submit any evidentiary declarations supporting such

28  objections").  Accordingly, Mattel must be compelled either to certify that it has

1    produced all non-privileged responsive documents or to produce all such
2    documents by a date certain.

3        To the extent that Mattel is relying on its blanket objections, they are not
4    sustainable and do not justify Mattel's failure to produce documents.

5        As to overbreadth, Mattel provides no explanation, let alone the required
6    particularity, as to **why** this request is supposedly overly broad, nor can it do so.
7    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
8    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
9    contrary, the request is narrowly tailored to seek documents specifically relating to
10   similarities or dissimilarities between two products central to Phase 2.

11       As to burden, Mattel has not attempted to demonstrate why responding to
12   this request and/or producing responsive documents presents any burden.  This
13   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>
14   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
15   request is unduly burdensome must allege specific facts which indicate the nature
16   and extent of the burden, usually by affidavit or other reliable evidence.")
17   Moreover, it is not unduly burdensome, as noted above, in that the request is
18   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
19   has engaged in a broad variety of unfair trade practices including serial copying of
20   MGA products.  MGA is entitled to discovery on these claims.

21       This request does not seek documents protected by the attorney-client
22   privilege, the attorney work product doctrine, or other applicable privileges.  To the
23   extent that Mattel contends that it does, Mattel must provide a privilege log.

24       Mattel's objection that the documents sought are not relevant is unfounded,
25   as any requested documents in Mattel's possession, custody, or control relating to
26   "BRATZ" or "MY SCENE" packging are highly relevant to MGA's claims and
27   defenses, including its claims for trade dress infringement and unfair competition
28   through Mattel's serial copying of MGA products.

1      None of Mattel's improper objections are valid and Mattel is obligated to

2  produce all non-privileged responsive documents in its possession, custody, or

3  control.

4

5  **REQUEST FOR PRODUCTION NO. 22:**

6      All DOCUMENTS REFERRING OR RELATING TO any similarity or

7  dissimilarity between "BRATZ" and "MY SCENE" dolls, including without

8  limitation, feet, hair, removable heads, face paint, eye design, head size, body

9  proportions, and any other physical attributes.

10    **RESPONSE TO REQUEST NO. 22:**

11      In addition to the general objections stated above which are incorporated

12  herein by reference, Mattel objects to this Request on the grounds that it is

13  overbroad and unduly burdensome, including in that it seeks all documents on this

14  subject without limitation as to time, and regardless of whether such documents

15  relate to products or matters at issue in this case.  Mattel further objects to the

16  Request on the grounds that it seeks documents that are not relevant to this action

17  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

18  this Request as vague, incomprehensible and contrary to fact, including without

19  limitation in its insinuation that such elements as "removable heads" are the subject

20  of any rights owned by MGA.  Mattel further objects to this Request on the grounds

21  that it seeks confidential, proprietary and trade secret information that has no

22  bearing on the claims or defenses in this case.  Mattel further objects to this Request

23  on the grounds that it is duplicative of or subsumed within other requests within this

24  set of requests.  Mattel further objects to this Request on the grounds that it calls for

25  the disclosure of information subject to the attorney-client privilege, the attorney

26  work-product doctrine and other applicable privileges.

27      Subject to and without waiving the foregoing general and specific objections,

28  and to the extent not already produced, Mattel will produce responsive,

1   non-privileged documents in its possession, custody or control, if any, that it can

2   locate after a reasonable, good faith search comparing the appearance of, on the one

3   hand, the aspects of the Bratz products that MGA has alleged were infringed and,

4   on the other hand, the aspects of the MY SCENE products that MGA has accused

5   of infringement.

6

7   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

8

9   Mattel improperly limits its agreement to produce responsive documents to

10  documents comparing (instead of similarities and dissimilarities as requested) the

11  appearance of "aspects of Bratz products that MGA has alleged were infringed" and

12  "aspects of the MY SCENE products that MGA has accused of infringement."

13  MGA's trade dress and unfair competition claims are broad, and Mattel cannot use

14  its rewriting of the request as a shield to withhold materials discoverable in Phase 2.

15  Mattel has refused to confirm whether or not it has produced all non-privileged

16  responsive documents or whether it is withholding documents based on its

17  objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to

18  part of a request must specify the part and permit inspection of the rest."  Fed. R.

19  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

20  with specificity are routinely rejected in the Central District.  See A. Farber and

21  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

22  boilerplate objections such as 'overly burdensome and harassing' are improper –

23  especially when a party fails to submit any evidentiary declarations supporting such

24  objections").  Accordingly, Mattel must be compelled either to certify that it has

25  produced all non-privileged responsive documents or to produce all such

26  documents by a date certain.

27  To the extent that Mattel is relying on its blanket objections, they are not

28  sustainable and do not justify Mattel's failure to produce documents.

- 61 -

1    As to overbreadth, Mattel provides no explanation, let alone the required

2    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5    contrary, the request is narrowly tailored to seek documents specifically relating to

6    similarities or dissimilarities between two products central to Phase 2.

7    As to burden, Mattel has not attempted to demonstrate why responding to

8    this request and/or producing responsive documents presents any burden.  This

9    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

10   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11   request is unduly burdensome must allege specific facts which indicate the nature

12   and extent of the burden, usually by affidavit or other reliable evidence.")

13   Moreover, it is not unduly burdensome, as noted above, in that the request is

14   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

15   has engaged in a broad variety of unfair trade practices including serial copying of

16   MGA products.  MGA is entitled to discovery on these claims.

17   This request does not seek documents protected by the attorney-client

18   privilege, the attorney work product doctrine, or other applicable privileges.  To the

19   extent that Mattel contends that it does, Mattel must provide a privilege log.

20   Mattel's objection that the documents sought are not relevant is unfounded,

21   as any requested documents in Mattel's possession, custody, or control relating to

22   "BRATZ" or "MY SCENE" packging are highly relevant to MGA's claims and

23   defenses, including its claims for trade dress infringement and unfair competition

24   through Mattel's serial copying of MGA products.

25   None of Mattel's improper objections are valid and Mattel is obligated to

26   produce all non-privileged responsive documents in its possession, custody, or

27   control.

28

- 62 -

1  **REQUEST FOR PRODUCTION NO. 23:**

2  All DOCUMENTS REFERRING OR RELATING TO whether the

3  appearance of "MY SCENE" copies, replicates, or in any way imitates the

4  appearance of "BRATZ."

5  **RESPONSE TO REQUEST NO. 23:**

6  In addition to the general objections stated above which are incorporated

7  herein by reference, Mattel objects to this Request on the grounds that it is

8  overbroad, unduly burdensome and unintelligible, including in that it seeks all

9  documents on this subject without limitation as to time, and regardless of whether

10  such documents relate to products or matters at issue in this case.  Mattel further

11  objects to the Request on the grounds that it seeks documents that are not relevant

12  to this action or likely to lead to the discovery of admissible evidence.  Mattel

13  further objects to this Request on the grounds that it seeks confidential, proprietary

14  and trade secret information that has no bearing on the claims or defenses in this

15  case.  Mattel further objects to this Request on the grounds that it is duplicative of

16  or subsumed within other requests within this set of requests.  Mattel further objects

17  to this Request on the grounds that it calls for the disclosure of information subject

18  to the attorney-client privilege, the attorney work-product doctrine and other

19  applicable privileges.

20  Subject to and without waiving the foregoing general and specific objections,

21  and to the extent not already produced, Mattel will produce responsive,

22  non-privileged documents in its possession, custody or control, if any, that it can

23  locate after a reasonable, good faith search comparing the appearance of, on the one

24  hand, the aspects of the Bratz products that MGA has alleged were infringed and,

25  on the other hand, the aspects of the MY SCENE products that MGA has accused

26  of infringement.

27

28  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

1

**SHOULD BE COMPELLED**

2

3          Mattel improperly limits its agreement to produce responsive documents to

4    documents comparing the appearance of "aspects of Bratz products that MGA has

5    alleged were infringed" and "aspects of the MY SCENE products that MGA has

6    accused of infringement."  MGA's trade dress and unfair competition claims are

7    broad, and Mattel cannot use its rewriting of the request as a shield to withhold

8    materials discoverable in Phase 2.  Mattel has refused to confirm whether or not it

9    has produced all non-privileged responsive documents or whether it is withholding

10   documents based on its objections in Phase 2.  Under the Federal Rules of Civil

11   Procedure, "an objection to part of a request must specify the part and permit

12   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

13   explain the basis for an objection with specificity are routinely rejected in the

14   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

15   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

16   and harassing' are improper – especially when a party fails to submit any

17   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

18   compelled either to certify that it has produced all non-privileged responsive

19   documents or to produce all such documents by a date certain.

20          To the extent that Mattel is relying on its blanket objections, they are not

21   sustainable and do not justify Mattel's failure to produce documents.

22          As to overbreadth, Mattel provides no explanation, let alone the required

23   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

24   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26   contrary, the request is narrowly tailored to seek documents specifically relating to

27   whether "MY SCENE" copies "BRATZ".

28          As to burden, Mattel has not attempted to demonstrate why responding to

1   this request and/or producing responsive documents presents any burden.  This

2   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

3   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

4   request is unduly burdensome must allege specific facts which indicate the nature

5   and extent of the burden, usually by affidavit or other reliable evidence.")

6   Moreover, it is not unduly burdensome, as noted above, in that the request is

7   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

8   has engaged in a broad variety of unfair trade practices including serial copying of

9   MGA products and trade dress infringement.  MGA is entitled to discovery on these

10  claims.

11       This request does not seek documents protected by the attorney-client

12  privilege, the attorney work product doctrine, or other applicable privileges.  To the

13  extent that Mattel contends that it does, Mattel must provide a privilege log.

14       Mattel objects on the basis of relevance and that Mattel's actions in relation

15  to the "BRATZ" line of products are not at issue in this action.  Mattel cannot

16  legitimately contend that "BRATZ" is not at issue in Phase 2 of these consolidated

17  proceedings.  Discovery relating to "BRATZ" is likely to lead to admissible

18  evidence supporting or refuting MGA's trade dress claim, MGA's unfair

19  competition claim, Mattel's trade secret misappropriation claim, and both parties'

20  claims for relief.

21       None of Mattel's improper objections are valid and Mattel is obligated to

22  produce all non-privileged responsive documents in its possession, custody, or

23  control.

24

25  **REQUEST FOR PRODUCTION NO. 24:**

26       All DOCUMENTS REFERRING OR RELATING TO whether the

27  appearance of "BRATZ" copies, replicates, or in any way imitates the appearance

28  of "MY SCENE."

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET ONE; CV 04-9049 SGL (RNBx)

## RESPONSE TO REQUEST NO. 24:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other requests within this set of requests.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, and to the extent not already produced, Mattel will produce responsive, non-privileged documents in its possession, custody or control, if any, that it can locate after a reasonable, good faith search comparing the appearance of, on the one hand, any aspects of the Bratz products and any aspects of the MY SCENE products that Mattel asserts in this action have been copied, replicated or imitated by MGA in the event and to the extent Mattel makes such an assertion in this action.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel improperly limits its agreement to produce responsive documents to documents comparing the appearance of "aspects of the Bratz products" and

- 66 -

1   "aspects of MY SCENE products that Mattel asserts" only "in the event and to the

2   extent Mattel makes such assertion in this action."  MGA's trade dress and unfair

3   competition claims are broad, and Mattel cannot use its rewriting of the request as a

4   shield to withhold materials discoverable in Phase 2.  Mattel has refused to confirm

5   whether or not it has produced all non-privileged responsive documents or whether

6   it is withholding documents based on its objections in Phase 2.  Under the Federal

7   Rules of Civil Procedure, "an objection to part of a request must specify the part

8   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

9   that fail to explain the basis for an objection with specificity are routinely rejected

10  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

11  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

12  burdensome and harassing' are improper – especially when a party fails to submit

13  any evidentiary declarations supporting such objections").  Accordingly, Mattel

14  must be compelled either to certify that it has produced all non-privileged

15  responsive documents or to produce all such documents by a date certain.

16       To the extent that Mattel is relying on its blanket objections, they are not

17  sustainable and do not justify Mattel's failure to produce documents.

18       As to overbreadth, Mattel provides no explanation, let alone the required

19  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

20  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

21  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

22  contrary, the request is narrowly tailored to seek documents specifically relating to

23  whether "Bratz" copies "My Scene."

24       As to burden, Mattel has not attempted to demonstrate why responding to

25  this request and/or producing responsive documents presents any burden.  This

26  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

27  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

28  request is unduly burdensome must allege specific facts which indicate the nature

1   and extent of the burden, usually by affidavit or other reliable evidence.")

2   Moreover, it is not unduly burdensome, as noted above, in that the request is

3   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4   has engaged in a broad variety of unfair trade practices including serial copying of

5   MGA products.  Mattel has alleged that MGA engaged in trade secret

6   misaapropriation.  MGA is entitled to discovery on its claims and defenses.

7        This request does not seek documents protected by the attorney-client

8   privilege, the attorney work product doctrine, or other applicable privileges.  To the

9   extent that Mattel contends that it does, Mattel must provide a privilege log.

10       Mattel's objection that the documents sought are not relevant is unfounded,

11   as any requested documents in Mattel's possession, custody, or control relating to

12   the appearance of "BRATZ" and "MY SCENE" packging are highly relevant to

13   MGA's claims and defenses, including its claims for trade dress infringement and

14   unfair competition through Mattel's serial copying of MGA products.

15       None of Mattel's improper objections are valid and Mattel is obligated to

16   produce all non-privileged responsive documents in its possession, custody, or

17   control.

18

19   **REQUEST FOR PRODUCTION NO. 25:**

20       All DOCUMENTS REFERRING OR RELATING TO whether "MY

21   SCENE" infringes or potentially infringes the copyrights, trademarks, or trade dress

22   of "BRATZ."

23       **RESPONSE TO REQUEST NO. 25:**

24       In addition to the general objections stated above which are incorporated

25   herein by reference, Mattel objects to this Request on the grounds that it is

26   overbroad and unduly burdensome, including in that it seeks all documents on this

27   subject without limitation as to time, and regardless of whether such documents

28   relate to products or matters at issue in this case.  Mattel further objects to this

1    Request in that it is unintelligible and contrary to fact in its suggestion that MGA

2    owns, or has asserted in its Complaint infringement of, any Bratz "copyright" or

3    "trademarks" with respect to Mattel's MY SCENE products.  As MGA is aware, it

4    has made no such allegations.  Mattel further objects to the Request on the grounds

5    that it seeks documents that are not relevant to this action or likely to lead to the

6    discovery of admissible evidence.  Mattel further objects to this Request on the

7    grounds that it seeks confidential, proprietary and trade secret information that has

8    no bearing on the claims or defenses in this case.  Mattel further objects to this

9    Request on the grounds that it calls for the disclosure of information subject to the

10   attorney-client privilege, the attorney work-product doctrine and other applicable

11   privileges.

12        Subject to and without waiving the foregoing general and specific objections,

13   and to the extent not already produced, Mattel will produce responsive,

14   non-privileged documents in its possession, custody or control, if any, that it can

15   locate after a reasonable, good faith search relating to the alleged trade dress

16   infringement of the aspects of the MY SCENE products accused by MGA of

17   infringement insofar as they relate to the aspects of the Bratz products that MGA

18   has alleged were infringed.

19

20        **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
          SHOULD BE COMPELLED**

21

22        Mattel improperly limits its agreement to produce responsive documents to

23   documents regarding "aspects of Bratz products that MGA has alleged were

24   infringed" and "aspects of the MY SCENE products that MGA has accused of

25   infringement."  MGA's trade dress and unfair competition claims are broad, and

26   Mattel cannot use its rewriting of the request as a shield to withhold materials

27   discoverable in Phase 2.  Mattel has refused to confirm whether or not it has

28   produced all non-privileged responsive documents or whether it is withholding

1  documents based on its objections or limitation in Phase 2.  Under the Federal

2  Rules of Civil Procedure, "an objection to part of a request must specify the part

3  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

4  that fail to explain the basis for an objection with specificity are routinely rejected

5  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

6  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

7  burdensome and harassing' are improper – especially when a party fails to submit

8  any evidentiary declarations supporting such objections").  Accordingly, Mattel

9  must be compelled either to certify that it has produced all non-privileged

10  responsive documents or to produce all such documents by a date certain.

11      To the extent that Mattel is relying on its blanket objections, they are not

12  sustainable and do not justify Mattel's failure to produce documents.

13      As to overbreadth, Mattel provides no explanation, let alone the required

14  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

15  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

16  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

17  contrary, the request is narrowly tailored to seek documents specifically relating to

18  whether "MY SCENE" infringes upon "BRATZ".

19      As to burden, Mattel has not attempted to demonstrate why responding to

20  this request and/or producing responsive documents presents any burden.  This

21  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

22  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23  request is unduly burdensome must allege specific facts which indicate the nature

24  and extent of the burden, usually by affidavit or other reliable evidence.")

25  Moreover, it is not unduly burdensome, as noted above, in that the request is

26  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

27  has engaged in a broad variety of unfair trade practices including serial copying of

28  MGA products and trade dress infringement.  MGA is entitled to discovery on these

1    claims.

2          This request does not seek documents protected by the attorney-client

3    privilege, the attorney work product doctrine, or other applicable privileges.  To the

4    extent that Mattel contends that it does, Mattel must provide a privilege log.

5          Mattel objects on the basis of relevance.  Mattel cannot legitimately contend

6    that whether  "MY SCENE" infringes upon "BRATZ" is not at issue in Phase 2 of

7    these consolidated proceedings.  Documents relating to "MY SCENE" infringing

8    upon "BRATZ" are likely to lead to admissible evidence supporting or refuting

9    MGA's trade dress claim, MGA's unfair competition claim, Mattel's trade secret

10   misappropriation claim, and both parties' claims for relief.

11         None of Mattel's improper objections are valid and Mattel is obligated to

12   produce all non-privileged responsive documents in its possession, custody, or

13   control.

14

15   **REQUEST FOR PRODUCTION NO. 26:**

16         All DOCUMENTS REFERRING OR RELATING TO whether "BRATZ"

17   infringes or potentially infringes the copyrights, trademarks, or trade dress of "MY

18   SCENE."

19   **RESPONSE TO REQUEST NO. 26:**

20         In addition to the general objections stated above which are incorporated

21   herein by reference, Mattel objects to this Request on the grounds that it is

22   overbroad and unduly burdensome, including in that it seeks all documents on this

23   subject without limitation as to time, and regardless of whether such documents

24   relate to products or matters at issue in this case.  Mattel further objects to the

25   Request on the grounds that it seeks documents that are not relevant to this action

26   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

27   this Request on the grounds that it seeks confidential, proprietary and trade secret

28   information that has no bearing on the claims or defenses in this case.  Mattel

1  further objects to this Request on the grounds that it calls for the disclosure of

2  information subject to the attorney-client privilege, the attorney work-product

3  doctrine and other applicable privileges.

4      Subject to and without waiving the foregoing general and specific objections,

5  and to the extent not already produced, Mattel will produce responsive,

6  non-privileged documents in its possession, custody or control, if any, that it can

7  locate after a reasonable, good faith search relating to copyright, trademark and

8  trade dress infringement by Bratz in Mattel's MY SCENE rights in the event and to

9  the extent Mattel asserts in this action that such copyright, trademark and trade

10  dress rights have been infringed.

11

12  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

13  **SHOULD BE COMPELLED**

14      Mattel improperly limit its agreement to produce responsive documents only

15  "to the extent Mattel asserts in this action that such copyright, trademark and trade

16  dress rights have been infringed."  MGA's trade dress and unfair competition

17  claims are broad, and Mattel cannot use its rewriting of the request as a shield to

18  withhold materials discoverable in Phase 2.  Mattel has refused to confirm whether

19  or not it has produced all non-privileged responsive documents or whether it is

20  withholding documents based on its objections or limtiations in Phase 2.  Under the

21  Federal Rules of Civil Procedure, "an objection to part of a request must specify the

22  part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

23  objections that fail to explain the basis for an objection with specificity are

24  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

25  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

26  such as 'overly burdensome and harassing' are improper – especially when a party

27  fails to submit any evidentiary declarations supporting such objections").

28  Accordingly, Mattel must be compelled either to certify that it has produced all

1   non-privileged responsive documents or to produce all such documents by a date

2   certain.

3       To the extent that Mattel is relying on its blanket objections, they are not

4   sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the required

6   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9   contrary, the request is narrowly tailored to seek documents specifically relating to

10  whether "BRATZ" infringes upon "MY SCENE".

11      As to burden, Mattel has not attempted to demonstrate why responding to

12  this request and/or producing responsive documents presents any burden.  This

13  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

14  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15  request is unduly burdensome must allege specific facts which indicate the nature

16  and extent of the burden, usually by affidavit or other reliable evidence.")

17  Moreover, it is not unduly burdensome, as noted above, in that the request is

18  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19  has engaged in a broad variety of unfair trade practices including serial copying of

20  MGA products and trade dress infringement.  MGA is entitled to discovery on these

21  claims.

22      This request does not seek documents protected by the attorney-client

23  privilege, the attorney work product doctrine, or other applicable privileges.  To the

24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25      Mattel objects on the basis of relevance.  Mattel cannot legitimately contend

26  that documents concerning whether "BRATZ" infringes upon "MY SCENE" are

27  not at issue in Phase 2 of these consolidated proceedings.  Documents relating to

28  whether "BRATZ" infringes upon "MY SCENE" are likely to lead to admissible

1   evidence supporting or refuting MGA's trade dress claim, MGA's unfair

2   competition claim, Mattel's trade secret misappropriation claim, and both parties'

3   damages claims.

4        None of Mattel's improper objections are valid and Mattel is obligated to

5   produce all non-privileged responsive documents in its possession, custody, or

6   control.

7

8   **REQUEST FOR PRODUCTION NO. 27:**

9        All DOCUMENTS REFERRING OR RELATING TO actual or potential

10  consumer confusion between any "MY SCENE" product and any "BRATZ"

11  product.

12       **RESPONSE TO REQUEST NO. 27:**

13       In addition to the general objections stated above which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is

15  overbroad and unduly burdensome, including in that it seeks all documents on this

16  subject without limitation as to time, and regardless of whether such documents

17  relate to products or matters at issue in this case.  For that same reason, Mattel

18  objects to the Request on the grounds that it seeks documents that are not relevant

19  to this action or likely to lead to the discovery of admissible evidence.  Mattel

20  further objects to this Request on the grounds that it seeks confidential, proprietary

21  and trade secret information that has no bearing on the claims or defenses in this

22  case.  Mattel further objects to this Request on the grounds that it calls for the

23  disclosure of information subject to the attorney-client privilege, the attorney

24  work-product doctrine and other applicable privileges.

25       Subject to and without waiving the foregoing general and specific objections,

26  and to the extent not already produced, Mattel will produce responsive,

27  non-privileged documents in its possession, custody or control, if any, that it can

28  locate after a reasonable, good faith search showing purported consumer confusion

- 74 -

1   between the appearance of, on the one hand, the aspects of the Bratz products that

2   MGA has alleged were infringed and, on the other hand, the aspects of the MY

3   SCENE products that MGA has accused of infringement.

4

5   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

6

7       Mattel has improperly limited its agreement to produce documents in

8   response to this request to "aspects of Bratz products" and "aspects of MY SCENE

9   products."   Mattel cannot withhold documents based on this unintelligible and

10  unilateral limitation.  Mattel has refused to confirm whether or not it has produced

11  all non-privileged responsive documents or whether it is withholding documents

12  based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an

13  objection to part of a request must specify the part and permit inspection of the

14  rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

15  for an objection with specificity are routinely rejected in the Central District.  See

16  A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

17  ("general or boilerplate objections such as 'overly burdensome and harassing' are

18  improper – especially when a party fails to submit any evidentiary declarations

19  supporting such objections").  Accordingly, Mattel must be compelled either to

20  certify that it has produced all non-privileged responsive documents or to produce

21  all such documents by a date certain.

22      To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24      As to overbreadth, Mattel provides no explanation, let alone the required

25  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28  contrary, the request is narrowly tailored to seek documents concerning a central

issue in this case – whether there is consumer confusion as to the source with respect to "MY SCENE" and "BRATZ."

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices such as serial copying of MGA products and trade dress infringement. MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential/proprietary/trade secret information. A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 28:**

All MATTEL product catalogs, sell sheets and product information sheets that include "MY SCENE" products, from 2001 to the present.

**RESPONSE TO REQUEST NO. 28:**

In addition to the general objections stated above which are incorporated

1   herein by reference, Mattel objects to this Request on the grounds that it is

2   overbroad and unduly burdensome, including in that it seeks all documents on this

3   subject without limitation as to time, and regardless of whether such documents

4   relate to products or matters at issue in this case.  Mattel further objects to the

5   Request on the grounds that it seeks documents that are not relevant to this action

6   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

7   this Request as vague and ambiguous in its use of the terms "sell sheets" and

8   "product information sheets" in the context of this Request.  Mattel further objects

9   to this Request on the grounds that it seeks confidential, proprietary and trade secret

10  information that has no bearing on the claims or defenses in this case.  Mattel

11  further objects to this Request on the grounds that it calls for the disclosure of

12  information subject to the attorney-client privilege, the attorney work-product

13  doctrine and other applicable privileges.

14          Subject to and without waiving the foregoing general and specific objections,

15  and to the extent not already produced, Mattel will produce responsive,

16  non-privileged catalogs and product inserts that it can locate after a reasonable,

17  good faith search relating to the aspects of the MY SCENE products that MGA has

18  accused of infringement.

19

20          **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

21

22          Mattel has improperly limited its agreement to produce documents in

23  response to this request, subject to its improper boilerplate objections.  Mattel has

24  refused to confirm whether or not it has produced all non-privileged responsive

25  documents or whether it is withholding documents based on its objections in Phase

26  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

27  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

28  Generic objections that fail to explain the basis for an objection with specificity are

1   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

2   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

3   such as 'overly burdensome and harassing' are improper – especially when a party

4   fails to submit any evidentiary declarations supporting such objections").

5   Accordingly, Mattel must be compelled either to certify that it has produced all

6   non-privileged responsive documents or to produce all such documents by a date

7   certain.

8          To the extent that Mattel is relying on its blanket objections, they are not

9   sustainable and do not justify Mattel's failure to produce documents.

10         As to overbreadth, Mattel provides no explanation, let alone the required

11  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

12  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

13  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14  contrary, the request is narrowly tailored to seek any Mattel product catalog, sell

15  sheet or product information sheet that includes "MY SCENE" products, from 2001

16  to the present.

17         As to burden, Mattel has not attempted to demonstrate why responding to

18  this request and/or producing responsive documents presents any burden.  This

19  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

20  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21  request is unduly burdensome must allege specific facts which indicate the nature

22  and extent of the burden, usually by affidavit or other reliable evidence.")

23  Moreover, it is not unduly burdensome, as noted above, in that the request is

24  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

25  has engaged in a broad variety of unfair trade practices, including serial copying of

26  MGA's products.  MGA is entitled to discovery on these claims.

27

28

1  This request does not seek documents protected by the attorney-client

2  privilege, the attorney work product doctrine, or other applicable privileges.  To the

3  extent that Mattel contends that it does, Mattel must provide a privilege log.

4  Mattel objects that the request contains confidential, proprietary and trade

5  secret information.  A Protective Order exists in this case, obviating any concern as

6  to protection of privacy rights and/or commercially sensitive information.

7  Mattel also objects to this request on relevance grounds.  MGA has brought

8  trade dress claims related to "MY SCENE" and has alleged claims of unfair

9  competition based on Mattel's serial copying and imitation of MGA's products.  As

10  such, product catalogs, sell sheets and product information sheets that include "MY

11  SCENE" products are highly relevant and likely to lead to the discovery of

12  admissible evidence.

13  Mattel has also improperly limited its agreement to produce by redefining the

14  scope of MGA's request.  Subject to its objections, Mattel has only agreed to

15  produce "catalogs and product inserts" that relate to certain aspects of "MY

16  SCENE" products.  Mattel is required to respond to the request as originally drafted

17  by MGA and may not unilaterally narrow and rewrite MGA's requests.

18  None of Mattel's improper objections are valid and Mattel is obligated to

19  produce all non-privileged responsive documents in its possession, custody, or

20  control.

21

22  **REQUEST FOR PRODUCTION NO. 29:**

23  DOCUMENTS sufficient to show all iterations of the www.myscene.com,

24  www.myscene.everythinggirl.com, or http://myscene.everythinggirl.com websites.

25  **RESPONSE TO REQUEST NO. 29:**

26  In addition to the general objections stated above which are incorporated

27  herein by reference, Mattel objects to this Request on the grounds that it is

28  overbroad, unduly burdensome and unintelligible, including in that it seeks all

- 79 -

1   documents on this subject without limitation as to time, and regardless of whether

2   such documents relate to products or matters at issue in this case.  Mattel further

3   objects to the Request on the grounds that it seeks documents that are not relevant

4   to this action or likely to lead to the discovery of admissible evidence.  Mattel

5   further objects to this Request on the grounds that it seeks confidential, proprietary

6   and trade secret information that has no bearing on the claims or defenses in this

7   case.  Mattel further objects to this Request on the grounds that it calls for the

8   disclosure of information subject to the attorney-client privilege, the attorney

9   work-product doctrine and other applicable privileges.

10         Subject to and without waiving the foregoing general and specific objections,

11   and to the extent not already produced, Mattel will produce responsive,

12   non-privileged copies of web pages in its possession, custody or control, if any, that

13   it can locate after a reasonable, good faith search sufficient to show the aspects of

14   the MY SCENE products that MGA has accused of infringement.

15

16   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

17

18         Mattel has improperly limited its agreement to produce documents in

19   response to this request, subject to its improper boilerplate objections.  Mattel has

20   refused to confirm whether or not it has produced all non-privileged responsive

21   documents or whether it is withholding documents based on its objections in Phase

22   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

23   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

24   Generic objections that fail to explain the basis for an objection with specificity are

25   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

26   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

27   such as 'overly burdensome and harassing' are improper – especially when a party

28   fails to submit any evidentiary declarations supporting such objections").

1   Accordingly, Mattel must be compelled either to certify that it has produced all

2   non-privileged responsive documents or to produce all such documents by a date

3   certain.

4         To the extent that Mattel is relying on its blanket objections, they are not

5   sustainable and do not justify Mattel's failure to produce documents.

6         As to overbreadth, Mattel provides no explanation, let alone the required

7   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10  contrary, the request is narrowly tailored to seek documents sufficient to all

11  iterations of three specifically identified "MY SCENE" websites.

12        As to burden, Mattel has not attempted to demonstrate why responding to

13  this request and/or producing responsive documents presents any burden.  This

14  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

15  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

16  request is unduly burdensome must allege specific facts which indicate the nature

17  and extent of the burden, usually by affidavit or other reliable evidence.")

18  Moreover, it is not unduly burdensome, as noted above, in that the request is

19  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

20  has engaged in a broad variety of unfair trade practices, including serial copying of

21  MGA's products ans trade dress infringement.  MGA is entitled to discovery on

22  these claims.

23        This request does not seek documents protected by the attorney-client

24  privilege, the attorney work product doctrine, or other applicable privileges.  To the

25  extent that Mattel contends that it does, Mattel must provide a privilege log.

26        Mattel objects that the request contains confidential, proprietary and trade

27  secret information.  A Protective Order exists in this case, obviating any concern as

28  to protection of privacy rights and/or commercially sensitive information.

1    Mattel also objects to this request on relevance grounds.  MGA has brought

2    trade dress claims related to "MY SCENE" and has alleged claims of unfair

3    competition based on Mattel's serial copying and imitation of MGA's products.  As

4    such, the various iterations of the "MY SCENE" websites are highly relevant and

5    likely to lead to the discovery of admissible evidence.

6    Mattel has also improperly limited its agreement to produce by redefining the

7    scope of MGA's request.  Subject to its objections, Mattel has only agreed to

8    produce copies of web pages sufficient to show certain aspects of "MY SCENE"

9    products.  Mattel is required to respond to the request as originally drafted by MGA

10   and may not unilaterally narrow and rewrite MGA's requests.

11   None of Mattel's improper objections are valid and Mattel is obligated to

12   produce all non-privileged responsive documents in its possession, custody, or

13   control.

14

15   **REQUEST FOR PRODUCTION NO. 30:**

16   All DOCUMENTS REFERRING OR RELATING TO any exhibition, or

17   proposed, offered or requested exhibition, of "BRATZ" prior to its release to the

18   public.

19   **RESPONSE TO REQUEST NO. 30:**

20   In addition to the general objections stated above which are incorporated

21   herein by reference, Mattel objects to this Request as duplicative and harassing in

22   that it seeks documents that have already been the subject of several prior Requests

23   by MGA and by Bryant.  Mattel further objects to the Request on the grounds that it

24   seeks documents that MGA and Bryant have claimed at various times are not

25   relevant to this action or likely to lead to the discovery of admissible evidence.

26   Mattel further objects to this Request on the grounds that it seeks confidential,

27   proprietary and trade secret information that has no bearing on the claims or

28   defenses in this case.  Mattel further objects to this Request on the grounds that it

1   calls for the disclosure of information subject to the attorney-client privilege, the

2   attorney work-product doctrine and other applicable privileges.

3           Subject to and without waiving the foregoing general and specific objections,

4   and to the extent not already produced, Mattel will produce responsive,

5   non-privileged documents in its possession, custody or control, if any, that it can

6   locate after a reasonable, good faith search relating to the exhibition of aspects of

7   the Bratz products that MGA has alleged were infringed prior to the time that such

8   aspects of products were disclosed to the trade, retailers or the public.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

11

12          Mattel has improperly limited its agreement to produce documents in

13  response to this request to "the exhibition of aspects of the Bratz products that

14  MGA has alleged were infringed prior to the time that such aspects of products

15  were disclosed to the trade, retailers or the public," and agrees to produce only

16  subject to its improper boilerplate objections.  Mattel's unilateral limitation on its

17  production is unjustified to the extent Mattel is withholding documents on that

18  basis.  Moreover, it is unclear what exhibition of "aspects of the Bratz products"

19  means.  Under the Federal Rules of Civil Procedure, "an objection to part of a

20  request must specify the part and permit inspection of the rest."  Fed. R. Civ. P.

21  34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with

22  specificity are routinely rejected in the Central District.  See A. Farber and Partners,

23  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

24  objections such as 'overly burdensome and harassing' are improper – especially

25  when a party fails to submit any evidentiary declarations supporting such

26  objections").  Accordingly, Mattel must be compelled either to certify that it has

27  produced all non-privileged responsive documents without limitation or to produce

28  all such documents by a date certain.

1   To the extent that Mattel is relying on its blanket objections, they are not
2   sustainable and do not justify Mattel's failure to produce documents.

3   As to overbreadth, Mattel provides no explanation, let alone the required
4   particularity, as to *why* this request is supposedly overly broad, nor can it do so.
5   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
6   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
7   contrary, the request is narrowly tailored to seek documents in Mattel's possession,
8   custody, or control regarding Mattel's knowledge of "BRATZ" exhibitions before
9   they were publicly disclosed.

10   As to burden, Mattel has not attempted to demonstrate why responding to
11   this request and/or producing responsive documents presents any burden.  This
12   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
13   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
14   request is unduly burdensome must allege specific facts which indicate the nature
15   and extent of the burden, usually by affidavit or other reliable evidence.")
16   Moreover, it is not unduly burdensome, as noted above, in that the request is
17   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
18   has engaged in a broad variety of unfair trade practices, from trade dress
19   infringement to serial copying of MGA products.   MGA is entitled to discovery on
20   these claims.

21   This request does not seek documents protected by the attorney-client
22   privilege, the attorney work product doctrine, or other applicable privileges.  To the
23   extent that Mattel contends that it does, Mattel must provide a privilege log.

24   Mattel objects that the request contains confidential/proprietary/trade secret
25   information.  A Protective Order exists in this case, obviating any concern as to
26   protection of privacy rights and/or commercially sensitive information.

27   Mattel's objection that the documents sought are not relevant is unfounded,
28   as the exhibition of "BRATZ" products and Mattel's knowledge of the exhibition of

1  "BRATZ" products, is highly relevant to MGA's claims and defenses.  Such

2  information, for example, could tend to show that Mattel copied "BRATZ"

3  exhibitions or otherwise interfered with them, as alleged by MGA.

4      None of Mattel's improper objections are valid and Mattel is obligated to

5  produce all non-privileged responsive documents in its possession, custody or

6  control.

7

8  **REQUEST FOR PRODUCTION NO. 31:**

9      All DOCUMENTS REFERRING OR RELATING TO whether MATTEL

10  had access to any exhibits, displays or show rooms containing any of MGA's

11  "BRATZ" lines prior to its release to the public.

12      **RESPONSE TO REQUEST NO. 31:**

13      In addition to the general objections stated above which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is

15  overbroad, unduly burdensome and unintelligible, including in that it seeks all

16  documents on this subject without limitation as to time, and regardless of whether

17  such documents relate to products or matters at issue in this case.  Mattel further

18  objects to the Request on the grounds that it seeks documents that are not relevant

19  to this action or likely to lead to the discovery of admissible evidence.  Mattel

20  further objects to this Request on the grounds that it seeks confidential, proprietary

21  and trade secret information that has no bearing on the claims or defenses in this

22  case.  Mattel further objects to this Request on the grounds that it is duplicative of

23  or subsumed within other requests within this set of requests.  Mattel further objects

24  to this Request on the grounds that it calls for the disclosure of information subject

25  to the attorney-client privilege, the attorney work-product doctrine and other

26  applicable privileges.

27      Subject to and without waiving the foregoing general and specific objections,

28  and to the extent not already produced, Mattel will produce responsive,

1   non-privileged documents in its possession, custody or control, if any, that it can

2   locate after a reasonable, good faith search relating Mattel's access to exhibits,

3   displays or show rooms containing such aspects of the Bratz products that MGA

4   has alleged were infringed prior to the time that such aspects of products were

5   disclosed to the trade, retailers or the public.

6

7   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

8

9       Mattel has improperly limited its agreement to produce documents in

10   response to this request to "containing such aspects of the Bratz products that MGA

11   has alleged were infringed prior to the time that such aspects of products were

12   disclosed to the trade, retailers or the public," and agrees to produce only subject to

13   its improper boilerplate objections.  Mattel's unilateral limitation on its production

14   is unjustified to the extent Mattel is withholding documents on that basis.

15   Moreover, it is unclear what "containing such aspects of the Bratz products" means.

16   Under the Federal Rules of Civil Procedure, "an objection to part of a request must

17   specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18   Generic objections that fail to explain the basis for an objection with specificity are

19   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21   such as 'overly burdensome and harassing' are improper – especially when a party

22   fails to submit any evidentiary declarations supporting such objections").

23   Accordingly, Mattel must be compelled either to certify that it has produced all

24   non-privileged responsive documents without limitation or to produce all such

25   documents by a date certain.

26       To the extent that Mattel is relying on its blanket objections, they are not

27   sustainable and do not justify Mattel's failure to produce documents.

28

1    As to overbreadth, Mattel provides no explanation, let alone the required

2    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5    contrary, the request is narrowly tailored to seek documents in Mattel's possession,

6    custody, or control regarding Mattel's knowledge of "BRATZ" displays or exhibits

7    before they were publicly disclosed.

8    As to burden, Mattel has not attempted to demonstrate why responding to

9    this request and/or producing responsive documents presents any burden.  This

10   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

11   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12   request is unduly burdensome must allege specific facts which indicate the nature

13   and extent of the burden, usually by affidavit or other reliable evidence.")

14   Moreover, it is not unduly burdensome, as noted above, in that the request is

15   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16   has engaged in a broad variety of unfair trade practices, from trade dress

17   infringement to serial copying of MGA products.   MGA is entitled to discovery on

18   these claims.

19   This request does not seek documents protected by the attorney-client

20   privilege, the attorney work product doctrine, or other applicable privileges.  To the

21   extent that Mattel contends that it does, Mattel must provide a privilege log.

22   Mattel objects that the request contains confidential/proprietary/trade secret

23   information.  A Protective Order exists in this case, obviating any concern as to

24   protection of privacy rights and/or commercially sensitive information.

25   Mattel's objection that the documents sought are not relevant is unfounded,

26   as the display or exhibition of "BRATZ" products and Mattel's knowledge of the

27   those displays or exhibits, is highly relevant to MGA's claims and defenses.  Such

28   information, for example, could tend to show that Mattel copied "BRATZ" displays

1   or exhibits or otherwise interfered with them, as alleged by MGA.

2          None of Mattel's improper objections are valid and Mattel is obligated to

3   produce all non-privileged responsive documents in its possession, custody or

4   control.

5

6   **REQUEST FOR PRODUCTION NO. 34:**

7          All COMMUNICATIONS between YOU and NPD Group, Inc., including

8   NPD Funworld, ("NPD Funworld") REFERRING OR RELATING TO MGA's

9   subscription to NPD Funworld data, including but not limited to the termination

10  thereof.

11         **RESPONSE TO REQUEST NO. 34:**

12         In addition to the general objections stated above which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it is

14  overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case.  Mattel further

17  objects to the Request on the grounds that it seeks documents that are not relevant

18  to this action or likely to lead to the discovery of admissible evidence.  Mattel

19  further objects to this Request on the grounds that it seeks confidential, proprietary

20  and trade secret information that has no bearing on the claims or defenses in this

21  case.  Mattel further objects to this Request on the grounds that it calls for the

22  disclosure of information subject to the attorney-client privilege, the attorney

23  work-product doctrine and other applicable privileges.

24

25  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

26

27         Mattel has not agreed to produce documents in response to this request,

28  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

1   Procedure, "an objection to part of a request must specify the part and permit

2   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

3   explain the basis for an objection with specificity are routinely rejected in the

4   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

5   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

6   and harassing' are improper – especially when a party fails to submit any

7   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

8   compelled either to certify that it has produced all non-privileged responsive

9   documents or to produce all such documents by a date certain.

10       To the extent that Mattel is relying on its blanket objections, they are not

11   sustainable and do not justify Mattel's failure to produce documents.

12       As to overbreadth, Mattel provides no explanation, let alone the required

13   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

14   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

15   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

16   contrary, the request is narrowly tailored to seek documents concerning MGA's

17   subscription to NPD Funworld data, as such documents are directly relevant to

18   MGA's unfair competition claims as set forth in MGA's Complaint.

19       As to burden, Mattel has not attempted to demonstrate why responding to

20   this request and/or producing responsive documents presents any burden.  This

21   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

22   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23   request is unduly burdensome must allege specific facts which indicate the nature

24   and extent of the burden, usually by affidavit or other reliable evidence.")

25   Moreover, it is not unduly burdensome, as noted above, in that the request is

26   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

27   has engaged in a broad variety of unfair trade practices, such as threatening NPD to

28

1  cease doing business with MGA, and pressuring NPD into manipulating data.

2  MGA is entitled to discovery on these claims.

3  Mattel objects that the request contains confidential, proprietary and trade

4  secret information.  A Protective Order exists in this case, obviating any concern as

5  to protection of privacy rights and/or commercially sensitive information.

6  This request does not seek documents protected by the attorney-client

7  privilege, the attorney work product doctrine, or other applicable privileges.  To the

8  extent that Mattel contends that it does, Mattel must provide a privilege log.

9  None of Mattel's improper objections are valid and Mattel is obligated to

10  produce all non-privileged responsive documents in its possession, custody, or

11  control.

12

13  **REQUEST FOR PRODUCTION NO. 35:**

14  All COMMUNICATIONS between YOU and NPD Funworld REFERRING

15  OR RELATING TO any alleged misuse of NPD Funworld data by MGA.

16  **RESPONSE TO REQUEST NO. 35:**

17  In addition to the general objections stated above which are incorporated

18  herein by reference, Mattel objects to this Request on the grounds that it is

19  overbroad, unduly burdensome and unintelligible, including in that it seeks all

20  documents on this subject without limitation as to time, and regardless of whether

21  such documents relate to products or matters at issue in this case.  Mattel further

22  objects to the Request on the grounds that it seeks documents that are not relevant

23  to this action or likely to lead to the discovery of admissible evidence.  Mattel

24  further objects to this Request on the grounds that it seeks confidential, proprietary

25  and trade secret information that has no bearing on the claims or defenses in this

26  case.  Mattel further objects to this Request on the grounds that it calls for the

27  disclosure of information subject to the attorney-client privilege, the attorney

28  work-product doctrine and other applicable privileges.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, resting on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek communications concerning alleged misuse of NPD data by MGA, which are directly relevant to MGA's unfair competition claims as set forth in MGA's Complaint.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")

- 91 -

1   Moreover, it is not unduly burdensome, as noted above, in that the request is

2   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

3   has engaged in a broad variety of unfair trade practices, such as threatening NPD to

4   cease doing business with MGA, and pressuring NPD into manipulating data.

5   MGA is entitled to discovery on these claims.

6        Mattel objects that the request contains confidential, proprietary and trade

7   secret information.  A Protective Order exists in this case, obviating any concern as

8   to protection of privacy rights and/or commercially sensitive information.

9        This request does not seek information protected by the attorney-client

10  privilege, the attorney work product doctrine, or other applicable privileges.  To the

11  extent that Mattel contends that it does, Mattel must provide a privilege log.

12       None of Mattel's improper objections are valid and Mattel is obligated to

13  produce all non-privileged responsive documents in its possession, custody, or

14  control.

15

16  **REQUEST FOR PRODUCTION NO. 36:**

17       All COMMUNICATIONS between YOU and NPD Funworld REFERRING

18  OR RELATING TO MGA, LARIAN, "BRATZ," or MGA PRODUCTS, including

19  but not limited to COMMUNICATIONS as alleged in paragraphs 85 and 86 of the

20  COMPLAINT.

21       **RESPONSE TO REQUEST NO. 36:**

22       In addition to the general objections stated above which are incorporated

23  herein by reference, Mattel objects to this Request on the grounds that it is

24  overbroad, unduly burdensome and unintelligible, including in that it seeks all

25  documents on this subject without limitation as to time, and regardless of whether

26  such documents relate to products or matters at issue in this case.  Mattel further

27  objects to the Request on the grounds that it seeks documents that are not relevant

28  to this action or likely to lead to the discovery of admissible evidence.  Mattel

1   further objects to this Request on the grounds that it seeks confidential, proprietary

2   and trade secret information that has no bearing on the claims or defenses in this

3   case.  Mattel further objects to this Request on the grounds that it calls for the

4   disclosure of information subject to the attorney-client privilege, the attorney

5   work-product doctrine and other applicable privileges.

6       Subject to and without waiving the foregoing general and specific objections,

7   and to the extent not already produced, Mattel will produce responsive,

8   non-privileged communications in its possession, custody or control, if any, that it

9   can locate after a reasonable, good faith search relating to the purported

10  communications alleged in MGA's Complaint.

11

12  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

13

14      Mattel has agreed to produce documents in response to this request, subject

15  to its improper boilerplate objections.  Yet Mattel has refused to confirm whether or

16  not it has produced all non-privileged responsive documents or whether it is

17  withholding documents based on its objections in Phase 2.  Under the Federal Rules

18  of Civil Procedure, "an objection to part of a request must specify the part and

19  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

20  fail to explain the basis for an objection with specificity are routinely rejected in the

21  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

22  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

23  and harassing' are improper – especially when a party fails to submit any

24  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

25  compelled either to certify that it has produced all non-privileged responsive

26  documents or to produce all such documents by a date certain.

27      Mattel's limitation to communications alleged in the Complaint is also

28  improper.  MGA's request is narrowly tailored to seek information that may

1  support a specific allegation in MGA's Complaint, and under the liberal discovery

2  rules MGA is entitled to responsive information

3      To the extent that Mattel is relying on its blanket objections, they are not

4  sustainable and do not justify Mattel's failure to produce documents.

5      As to overbreadth, Mattel provides no explanation, let alone the required

6  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9  contrary, the request is narrowly tailored to seek communications concerning

10  MGA, Mr. Larian, Bratz, or MGA Products, which are directly relevant to MGA's

11  unfair competition claims as set forth in MGA's Complaint.

12      As to burden, Mattel has not attempted to demonstrate why responding to

13  this request and/or producing responsive documents presents any burden.  This

14  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

15  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

16  request is unduly burdensome must allege specific facts which indicate the nature

17  and extent of the burden, usually by affidavit or other reliable evidence.")

18  Moreover, it is not unduly burdensome, as noted above, in that the request is

19  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

20  has engaged in a broad variety of unfair trade practices, such as threatening NPD to

21  cease doing business with MGA, and pressuring NPD into manipulating data.

22  MGA is entitled to discovery on these claims.

23      Mattel objects that the request contains confidential, proprietary and trade

24  secret information.  A Protective Order exists in this case, obviating any concern as

25  to protection of privacy rights and/or commercially sensitive information.

26      This request does not seek information protected by the attorney-client

27  privilege, the attorney work product doctrine, or other applicable privileges.  To the

28  extent that Mattel contends that it does, Mattel must provide a privilege log.

1    None of Mattel's improper objections are valid and Mattel is obligated to

2  produce all non-privileged responsive documents in its possession, custody, or

3  control.

4

5  **REQUEST FOR PRODUCTION NO. 40:**

6    All COMMUNICATIONS between YOU and the Toy Industry. Association

7  REFERRING OR RELATING TO the voting procedure or rules pertaining to the

8  People's Choice Toy of the Year Award from 2001 to the present.

9    **RESPONSE TO REQUEST NO. 40:**

10    In addition to the general objections stated above which are incorporated

11  herein by reference, Mattel objects to this Request on the grounds that it is

12  overbroad, unduly burdensome and unintelligible, including in that it seeks all

13  documents on this subject regardless of whether such documents relate to products

14  or matters at issue in this case.  Mattel further objects to the Request on the grounds

15  that it seeks documents that are not relevant to this action or likely to lead to the

16  discovery of admissible evidence.  Mattel further objects to this Request on the

17  grounds that it seeks confidential, proprietary and trade secret information that has

18  no bearing on the claims or defenses in this case.  Mattel further objects to this

19  Request on the grounds that it calls for the disclosure of information subject to the

20  attorney-client privilege, the attorney work-product doctrine and other applicable

21  privileges.

22    Subject to and without waiving the foregoing general and specific objections,

23  and to the extent not already produced, Mattel will produce responsive,

24  non-privileged communications in its possession, custody or control, if any, relating

25  to the procedure or rules for the 2003 People's Choice Toy of the Year Award vote

26  which are alleged in MGA's Complaint that it can locate after a reasonable, good

27  faith search.

28

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has agreed to produce communications only relating to the 2003 People's Choice Toy of the Year Award vote in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections or limitation in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek communications between Mattel and the Toy Industry Association concerning the voting procedure or rules pertaining to the People's Choice Toy of the Year Award from 2001 to the present, which are relevant to MGA's unfair competition claims as set forth in paragraphs MGA's Complaint.

1    As to burden, Mattel has not attempted to demonstrate why responding to

2    this request and/or producing responsive documents presents any burden.  This

3    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5    request is unduly burdensome must allege specific facts which indicate the nature

6    and extent of the burden, usually by affidavit or other reliable evidence.")

7    Moreover, it is not unduly burdensome, as noted above, in that the request is

8    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9    has engaged in a broad variety of unfair trade practices, such as orchestrating a

10   changes in the Toy of the Year Award voting procedures. MGA is entitled to

11   discovery on these claims.

12        Mattel objects that the request contains confidential, proprietary and trade

13   secret information.  A Protective Order exists in this case, obviating any concern as

14   to protection of privacy rights and/or commercially sensitive information.

15        This request does not seek information protected by the attorney-client

16   privilege, the attorney work product doctrine, or other applicable privileges.  To the

17   extent that Mattel contends that it does, Mattel must provide a privilege log.

18        None of Mattel's improper objections are valid and Mattel is obligated to

19   produce all non-privileged responsive documents in its possession, custody, or

20   control.

21

22   **REQUEST FOR PRODUCTION NO. 41:**

23        All COMMUNICATIONS between Neil Friedman and anyone REFERRING

24   OR RELATING TO the voting procedure or rules pertaining to the People's Choice

25   Toy of the Year Award from 2001 to the present as alleged in paragraph 94 of the

26   COMPLAINT.

27

28

1

**RESPONSE TO REQUEST NO. 41:**

2

In addition to the general objections stated above which are incorporated

3

herein by reference, Mattel objects to this Request on the grounds that it is

4

overbroad, unduly burdensome and unintelligible, including in that it seeks all

5

documents on this subject regardless of whether such documents relate to products

6

or matters at issue in this case. Mattel further objects to the Request on the grounds

7

that it seeks documents that are not relevant to this action or likely to lead to the

8

discovery of admissible evidence. Mattel further objects to this Request on the

9

grounds that it seeks confidential, proprietary and trade secret information that has

10

no bearing on the claims or defenses in this case. Mattel further objects to this

11

Request on the grounds that it calls for the disclosure of information subject to the

12

attorney-client privilege, the attorney work-product doctrine and other applicable

13

privileges.

14

Subject to and without waiving the foregoing general and specific objections,

15

and to the extent not already produced, Mattel will produce responsive,

16

non-privileged communications in its possession, custody or control, if any, relating

17

to the procedure or rules for the 2003 People's Choice Toy of the Year Award vote

18

which are alleged in MGA's Complaint that it can locate after a reasonable, good

19

faith search.

20

21

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

22

23

Mattel has improperly limited its agreement to produce communications to

24

those relating to the 2003 People's Choice Toy of the Year Award vote in response

25

to this request, and subject to its improper boilerplate objections. Mattel has

26

refused to confirm whether or not it has produced all non-privileged responsive

27

documents or whether it is withholding documents based on its objections or

28

limitation in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to

OHS West:260723184

- 98 -

1   part of a request must specify the part and permit inspection of the rest." Fed. R.

2   Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

3   with specificity are routinely rejected in the Central District.  See A. Farber and

4   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

5   boilerplate objections such as 'overly burdensome and harassing' are improper –

6   especially when a party fails to submit any evidentiary declarations supporting such

7   objections").  Accordingly, Mattel must be compelled either to certify that it has

8   produced all non-privileged responsive documents or to produce all such

9   documents by a date certain.

10      To the extent that Mattel is relying on its blanket objections, they are not

11  sustainable and do not justify Mattel's failure to produce documents.

12      As to overbreadth, Mattel provides no explanation, let alone the required

13  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

14  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

15  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

16  contrary, the request is narrowly tailored to seek communications involving Neil

17  Friedman and concerning the voting procedure or rules pertaining to the People's

18  Choice Toy of the Year Award from 2001 to the present, which are directly relevant

19  to MGA's unfair competition claims as set forth in MGA's Complaint.

20      As to burden, Mattel has not attempted to demonstrate why responding to

21  this request and/or producing responsive documents presents any burden.  This

22  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

23  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24  request is unduly burdensome must allege specific facts which indicate the nature

25  and extent of the burden, usually by affidavit or other reliable evidence.")

26  Moreover, it is not unduly burdensome, as noted above, in that the request is

27  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

28  has engaged in a broad variety of unfair trade practices, such as orchestrating a

1    change in the Toy of the Year Award voting procedures.  MGA is entitled to

2    discovery on these claims.

3        Mattel objects that the request contains confidential, proprietary and trade

4    secret information.  A Protective Order exists in this case, obviating any concern as

5    to protection of privacy rights and/or commercially sensitive information.

6        This request does not seek information protected by the attorney-client

7    privilege, the attorney work product doctrine, or other applicable privileges.  To the

8    extent that Mattel contends that it does, Mattel must provide a privilege log.

9        None of Mattel's improper objections are valid and Mattel is obligated to

10   produce all non-privileged responsive documents in its possession, custody, or

11   control.

12

13   **REQUEST FOR PRODUCTION NO. 44:**

14       All DOCUMENTS REFERRING OR RELATING TO any attempt by

15   MATTEL to limit the availability or supply of doll hair to MGA or any

16   competitors, at any time since June 2001 as alleged in paragraph 78 of the

17   COMPLAINT.

18       **RESPONSE TO REQUEST NO. 44:**

19       In addition to the general objections stated above which are incorporated

20   herein by reference, Mattel objects to this Request on the grounds that it is

21   overbroad, unduly burdensome and unintelligible, including in that it seeks all

22   documents on this subject without limitation as to time, and regardless of whether

23   such documents relate to products or matters at issue in this case.  Mattel further

24   objects to the Request on the grounds that it seeks documents that are not relevant

25   to this action or likely to lead to the discovery of admissible evidence.  Mattel

26   further objects to this Request on the grounds that it seeks confidential, proprietary

27   and trade secret information that has no bearing on the claims or defenses in this

28   case.  Mattel further objects to this Request on the grounds that it calls for the

1  disclosure of information subject to the attorney-client privilege, the attorney

2  work-product doctrine and other applicable privileges.

3      Subject to and without waiving the foregoing general and specific objections,

4  and to the extent not already produced, Mattel will produce responsive,

5  non-privileged documents in its possession, custody or control, if any, that it can

6  locate after a reasonable, good faith search relating to MGA being supposedly

7  "locked out" from the "two main doll hair companies" in or about October 2002 as

8  alleged in paragraph 78 of the MGA's Complaint.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

11

12      Mattel improperly limits its agreement to produce documents responsive to

13  this request, subject to its improper boilerplate objections.  Mattel has refused to

14  confirm whether or not it has produced all non-privileged responsive documents or

15  whether it is withholding documents based on its objections or limitation in Phase

16  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18  Generic objections that fail to explain the basis for an objection with specificity are

19  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21  such as 'overly burdensome and harassing' are improper – especially when a party

22  fails to submit any evidentiary declarations supporting such objections").

23  Accordingly, Mattel must be compelled either to certify that it has produced all

24  non-privileged responsive documents or to produce all such documents by a date

25  certain.

26      To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

- 101 -            SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET ONE; CV 04-9049 SGL (RNBX)

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to **why** this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents relating to Mattel's efforts to lock MGA out of the doll hair market at any time since June 2001, which is directly relevant to MGA's unfair competition claims and the allegations in paragraph 78 of MGA's Complaint.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices, including intentionally locking MGA out of the doll hair market, and MGA is entitled to discovery on these claims.

Mattel objects that the request contains confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

This request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel seeks to limit its production to documents relating to "MGA being supposedly 'locked out' from the 'two main doll hair companies' in or about October 2002."  All responsive information is relevant to MGA's unfair

1   competition claims, and Mattel must confirm that it is not withholding documents

2   based on its revision of MGA's request.

3        None of Mattel's improper objections are valid and Mattel is obligated to

4   produce all non-privileged responsive documents in its possession, custody, or

5   control.

6

7   **REQUEST FOR PRODUCTION NO. 45:**

8        All DOCUMENTS REFERRING OR RELATING TO MATTEL's purchase

9   of doll hair, at any time since June 2001.

10       **RESPONSE TO REQUEST NO. 45:**

11       In addition to the general objections stated above which are incorporated

12  herein by reference, Mattel objects to this Request on the grounds that it is

13  overbroad, unduly burdensome and unintelligible, including in that it seeks all

14  documents on this subject regardless of whether such documents relate to products

15  or matters at issue in this case.  Mattel further objects to the Request on the grounds

16  that it seeks documents that are not relevant to this action or likely to lead to the

17  discovery of admissible evidence.  Mattel further objects to this Request on the

18  grounds that it seeks confidential, proprietary and trade secret information that has

19  no bearing on the claims or defenses in this case.  Mattel further objects to this

20  Request on the grounds that it calls for the disclosure of information subject to the

21  attorney-client privilege, the attorney work-product doctrine and other applicable

22  privileges.

23       Subject to and without waiving the foregoing general and specific objections,

24  and to the extent not already produced, Mattel will produce responsive,

25  non-privileged documents in its possession, custody or control, if any, that it can

26  locate after a reasonable, good faith search relating to MGA being supposedly

27  "locked out" from the "two main doll hair companies" in or about October 2002 as

28  alleged in paragraph 78 of the MGA's Complaint.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents responsive to this request, and has instead offered only to provide the same information as in response to MGA's Request for Production No. 44, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents relating to Mattel's purchase of doll hair since June 2001, which is directly relevant to MGA's unfair competition claims.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This

objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u> <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices, including intentionally locking MGA out of the doll hair market, and MGA is entitled to discovery on these claims.

Mattel seeks to limit its production to documents relating to "MGA being supposedly 'locked out' from the 'two main doll hair companies' in or about October 2002."  All responsive information is relevant to MGA's unfair competition claims, and Mattel must confirm that it is not withholding documents based on its revision of MGA's request.

This request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 69:**

All television commercials for "MY SCENE" and DOCUMENTS sufficient to identify all personnel involved in the creation of those commercials.

**RESPONSE TO REQUEST NO. 69:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

- 105 -

1   documents on this subject without limitation as to time, and regardless of whether

2   such documents relate to products or matters at issue in this case.  Mattel further

3   objects to the Request on the grounds that it seeks documents that are not relevant

4   to this action or likely to lead to the discovery of admissible evidence.  Mattel

5   further objects to this Request on the grounds that it seeks confidential, proprietary

6   and trade secret information that has no bearing on the claims or defenses in this

7   case.  Mattel further objects to this Request on the grounds that it calls for the

8   disclosure of information subject to the attorney-client privilege, the attorney

9   work-product doctrine and other applicable privileges.

10      Subject to and without waiving the foregoing general and specific objections,

11  and to the extent not already produced, Mattel will produce television commercials

12  in its possession, custody or control, if any, that it can locate after a reasonable,

13  good faith search relating to the aspects of the MY SCENE products that MGA has

14  alleged are infringing as well as documents in its possession, custody or control, if

15  any, that it can locate after a reasonable, good faith search sufficient to identify the

16  persons principally responsible for the creation of such commercials.

17

18   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

19

20      Mattel has improperly limited its agreement to produce documents in

21  response to this request, subject to its improper boilerplate objections.  Mattel has

22  refused to confirm whether or not it has produced all non-privileged responsive

23  documents or whether it is withholding documents based on its objections in Phase

24  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

25  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

26  Generic objections that fail to explain the basis for an objection with specificity are

27  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

28  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

1  such as 'overly burdensome and harassing' are improper – especially when a party

2  fails to submit any evidentiary declarations supporting such objections").

3  Accordingly, Mattel must be compelled either to certify that it has produced all

4  non-privileged responsive documents or to produce all such documents by a date

5  certain.

6       To the extent that Mattel is relying on its blanket objections, they are not

7  sustainable and do not justify Mattel's failure to produce documents.

8       As to overbreadth, Mattel provides no explanation, let alone the required

9  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

10  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

11  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

12  contrary, the request is narrowly tailored to seek television commercials for "MY

13  SCENE" and documents sufficient to identify the personnel involved creating those

14  commercials.

15       As to burden, Mattel has not attempted to demonstrate why responding to

16  this request and/or producing responsive documents presents any burden.  This

17  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.")

21  Moreover, it is not unduly burdensome, as noted above, in that the request is

22  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23  has engaged in a broad variety of unfair trade practices, including the copying of,

24  and interference with, MGA's advertising.  MGA is entitled to discovery on these

25  claims.

26       This request does not seek documents protected by the attorney-client

27  privilege, the attorney work product doctrine, or other applicable privileges.  To the

28  extent that Mattel contends that it does, Mattel must provide a privilege log.

1    Mattel objects that the request contains confidential, proprietary and trade

2    secret information.  A Protective Order exists in this case, obviating any concern as

3    to protection of privacy rights and/or commercially sensitive information.

4    Mattel also objects to this request on relevance grounds.  MGA has alleged

5    claims of unfair competition based on Mattel's copying of, and interference with,

6    MGA's advertising.  As such, the television commercials and the identity of

7    individuals who created those commercials are highly relevant and likely to lead to

8    the discovery of admissible evidence.

9    Mattel has also improperly limited its agreement to produce by redefining the

10   scope of MGA's request.  Subject to its objections, Mattel has only agreed to

11   produce television commercials related to certain aspects of "MY SCENE"

12   products and documents sufficient to identify the persons "***principally***" responsible

13   for creating those commercials.  Mattel is required to respond to the request as

14   originally drafted by MGA and may not unilaterally narrow and rewrite MGA's

15   requests.

16   None of Mattel's improper objections are valid and Mattel is obligated to

17   produce all non-privileged responsive documents in its possession, custody, or

18   control.

19

20   **REQUEST FOR PRODUCTION NO. 70:**

21   All studies, analyses, presentations or investigations, including internal

22   studies, analyses, presentations or investigations, REFERRING OR RELATING

23   TO actual or potential market competition between "MY SCENE" and "BRATZ."

24   **RESPONSE TO REQUEST NO. 70:**

25   In addition to the general objections stated above which are incorporated

26   herein by reference, Mattel objects to this Request on the grounds that it is

27   overbroad, unduly burdensome and unintelligible, including in that it seeks all

28   documents on this subject without limitation as to time, and regardless of whether

1    such documents relate to products or matters at issue in this case.  Mattel further

2    objects to the Request on the grounds that it seeks documents that are not relevant

3    to this action or likely to lead to the discovery of admissible evidence.  Mattel

4    further objects to this Request on the grounds that it seeks confidential, proprietary

5    and trade secret information that has no bearing on the claims or defenses in this

6    case.  Mattel further objects to this Request on the grounds that it calls for the

7    disclosure of information subject to the attorney-client privilege, the attorney

8    work-product doctrine and other applicable privileges.

9          Subject to and without waiving the foregoing general and specific objections,

10   and to the extent not already produced, Mattel will produce responsive,

11   non-privileged documents in its possession, custody or control, if any, that it can

12   locate after a reasonable, good faith search comparing the market competition

13   between, on the one hand, the aspects of the Bratz products that MGA has alleged

14   were infringed and, on the other hand, the aspects of the MY SCENE products that

15   MGA has accused of infringement.

16

17   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

18

19         Mattel has improperly limited its agreement to produce documents in

20   response to this request, subject to its improper boilerplate objections.  Mattel has

21   refused to confirm whether or not it has produced all non-privileged responsive

22   documents or whether it is withholding documents based on its objections or

23   limitation in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to

24   part of a request must specify the part and permit inspection of the rest."  Fed. R.

25   Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

26   with specificity are routinely rejected in the Central District.  See A. Farber and

27   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

28   boilerplate objections such as 'overly burdensome and harassing' are improper –

1   especially when a party fails to submit any evidentiary declarations supporting such

2   objections").  Accordingly, Mattel must be compelled either to certify that it has

3   produced all non-privileged responsive documents or to produce all such

4   documents by a date certain.

5       To the extent that Mattel is relying on its blanket objections, they are not

6   sustainable and do not justify Mattel's failure to produce documents.

7       As to overbreadth, Mattel provides no explanation, let alone the required

8   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

9   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

11  contrary, the request is narrowly tailored to seek documents concerning market

12  competition between "MY SCENE" and "BRATZ."

13      As to burden, Mattel has not attempted to demonstrate why responding to

14  this request and/or producing responsive documents presents any burden.  This

15  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

16  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17  request is unduly burdensome must allege specific facts which indicate the nature

18  and extent of the burden, usually by affidavit or other reliable evidence.")

19  Moreover, it is not unduly burdensome, as noted above, in that the request is

20  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

21  has engaged in a broad variety of unfair trade practices including serial copying of

22  MGA products and trade dress infringement.  MGA is entitled to discovery on these

23  claims.

24      This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges.  To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27      Mattel objects that the request contains confidential, proprietary and trade

28  secret information.  A Protective Order exists in this case, obviating any concern as

1   to protection of privacy rights and/or commercially sensitive information.

2        As for relevancy, Mattel has not attempted to demonstrate why the

3   information sought in response to this request is not discoverable in Phase 2 . On

4   the contrary, MGA has an unfair competition claim based on Mattel's serial

5   copying of MGA products, including its "BRATZ" product line, packaging,

6   themes, accessories, and advertising.  Mattel's "MY SCENE" is an example of one

7   such accused Mattel product line.  Documents related to actual or potential market

8   competition between "MY SCENE" and "BRATZ," or lack thereof, are highly

9   relevant to MGA's claims and are discoverable in Phase 2.

10       Mattel limits its response to documents "comparing the market competition

11  between, on the one hand, the aspects of the Bratz products that MGA has alleged

12  were infringed and, on the other hand, the aspects of the MY SCENE products that

13  MGA has accused of infringement"  Mattel's response includes multiple unjustified

14  limitations.  First, Mattel limits itself to documents "comparing the market

15  competition…."   The request seeks documents "REFERRING OR  RELATING

16  TO actual or potential market competition …" not just documents comparing the

17  two.  Second, MGA is entitled to discovery on all aspects of these products, not just

18  those aspects that Mattel unilaterally deems at issue.  Further, Mattel's response to

19  this response is nonsensical.  This request seeks documents relating to actual or

20  potential market competition between "MY SCENE" and "BRATZ.  Mattel's

21  response that it will produce documents "comparing the market competition

22  between, on the one hand, the aspects of the Bratz products that MGA has alleged

23  were infringed and, on the other hand, the aspects of the MY SCENE products that

24  MGA has accused of infringement" does not make sense.

25       None of Mattel's improper objections are valid and Mattel is obligated to

26  produce all non-privileged responsive documents in its possession, custody, or

27  control.

28

**REQUEST FOR PRODUCTION NO. 71:**

All internal studies, analyses, presentations or investigations REFERRING OR RELATING TO the overall market shares and market position of "MY SCENE" and "Barbie", from 2001 to the present.

**RESPONSE TO REQUEST NO. 71:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, and to the extent not already produced, Mattel will produce responsive, non-privileged documents in its possession, custody or control, if any, that it can locate after a reasonable, good faith search comparing the market shares between, on the one hand, the aspects of the Bratz products that MGA has alleged were infringed and, on the other hand, the aspects of the MY SCENE products that MGA has accused of infringement.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored, both in terms of subject matter and time, to seek documents concerning market share and market position of "MY SCENE" and "Barbie" from 2001 to the present.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co.,

1    <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2    request is unduly burdensome must allege specific facts which indicate the nature

3    and extent of the burden, usually by affidavit or other reliable evidence.")

4    Moreover, it is not unduly burdensome, as noted above, in that the request is

5    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

6    has engaged in a broad variety of unfair trade practices including serial copying of

7    MGA products, dilution, and trade dress infringement.  MGA is entitled to

8    discovery on these claims.

9         This request does not seek documents protected by the attorney-client

10   privilege, the attorney work product doctrine, or other applicable privileges.  To the

11   extent that Mattel contends that it does, Mattel must provide a privilege log.

12        Mattel objects that the request contains confidential, proprietary and trade

13   secret information.  A Protective Order exists in this case, obviating any concern as

14   to protection of privacy rights and/or commercially sensitive information.

15        As for relevancy, Mattel has not attempted to demonstrate why the

16   information sought in response to this request is not discoverable in Phase 2.  On

17   the contrary, MGA has an unfair competition claim based on Mattel's serial

18   copying of MGA products.  Mattel's "MY SCENE" is an example of one

19   such accused Mattel product line.  Documents related to market share and market

20   position of "MY SCENE" and "Barbie" products by Mattel and their success, or

21   lack thereof, are highly relevant to MGA's claims and defenses, including MGA's

22   claims that when Mattel's products began to fail it began to copy MGA's successful

23   products, and are discoverable in Phase 2.

24        Mattel's response to this request is nonsensical.  The request seeks

25   documents related to market shares and market position of "MY SCENE" and

26   "Barbie."  Mattel responds that it "will produce responsive, non-privileged

27   documents … comparing the market shares between, on the one hand, the aspects

28   of the Bratz products that MGA has alleged were infringed and, on the other hand,

1  the aspects of the MY SCENE products that MGA has accused of infringement."

2  Mattel's response does not make sense and is non-responsive to this request.  MGA

3  is entitled to all responsive documents without limitation.

4        None of Mattel's improper objections are valid and Mattel is obligated to

5  produce all non-privileged responsive documents in its possession, custody, or

6  control.

7

8  **<u>REQUEST FOR PRODUCTION NO. 72:</u>**

9        All studies, analyses, presentations or investigations of the target audience,

10  age groups, market share, or projections for "MY SCENE."

11        **<u>RESPONSE TO REQUEST NO. 72:</u>**

12        In addition to the general objections stated above which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it is

14  overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case.  Mattel further

17  objects to the Request on the grounds that it seeks documents that are not relevant

18  to this action or likely to lead to the discovery of admissible evidence.  Mattel

19  further objects to this Request on the grounds that it seeks confidential, proprietary

20  and trade secret information that has no bearing on the claims or defenses in this

21  case.  Mattel further objects to this Request on the grounds that it calls for the

22  disclosure of information subject to the attorney-client privilege, the attorney

23  work-product doctrine and other applicable privileges.

24        Subject to and without waiving the foregoing general and specific objections,

25  and to the extent not already produced, Mattel will produce responsive,

26  non-privileged documents in its possession, custody or control, if any, that it can

27  locate after a reasonable, good faith search relating to the aspects of the MY

28  SCENE products that MGA has accused of infringement.

1

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

2

3      Mattel has improperly limited its agreement to produce documents in

4   response to this request, subject to its improper boilerplate objections.  Mattel has

5   refused to confirm whether or not it has produced all non-privileged responsive

6   documents or whether it is withholding documents based on its objections in Phase

7   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

8   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

9   Generic objections that fail to explain the basis for an objection with specificity are

10  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

11  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

12  such as 'overly burdensome and harassing' are improper – especially when a party

13  fails to submit any evidentiary declarations supporting such objections").

14  Accordingly, Mattel must be compelled either to certify that it has produced all

15  non-privileged responsive documents or to produce all such documents by a date

16  certain.

17      To the extent that Mattel is relying on its blanket objections, they are not

18  sustainable and do not justify Mattel's failure to produce documents.

19      As to overbreadth, Mattel provides no explanation, let alone the required

20  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

21  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23  contrary, the request is narrowly tailored to seek documents concerning target

24  audience, age groups, market share or projections of "MY SCENE."

25      As to burden, Mattel has not attempted to demonstrate why responding to

26  this request and/or producing responsive documents presents any burden.  This

27  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

28  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1   request is unduly burdensome must allege specific facts which indicate the nature

2   and extent of the burden, usually by affidavit or other reliable evidence.")

3   Moreover, it is not unduly burdensome, as noted above, in that the request is

4   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

5   has engaged in a broad variety of unfair trade practices including serial copying of

6   MGA products.  MGA is entitled to discovery on these claims.

7        This request does not seek documents protected by the attorney-client

8   privilege, the attorney work product doctrine, or other applicable privileges.  To the

9   extent that Mattel contends that it does, Mattel must provide a privilege log.

10       Mattel objects that the request contains confidential, proprietary and trade

11  secret information.  A Protective Order exists in this case, obviating any concern as

12  to protection of privacy rights and/or commercially sensitive information.

13       As for relevancy, Mattel has not attempted to demonstrate why the

14  information sought in response to this request is not discoverable in Phase 2.  On

15  the contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

16  product lines, including it various dolls, packaging, themes, accessories, and

17  advertising.  Mattel's "MY SCENE" is an example of one such accused Mattel

18  product line.  Documents related to the target audience, age groups, market share or

19  projections of "MY SCENE" products by Mattel and their success, or lack thereof,

20  are highly relevant to  MGA's claims and discoverable in Phase 2.

21       Mattel limits its response to "aspects of the MY SCENE products that MGA

22  has accused of infringement."  Such a limitation is unjustified.  MGA has brought a

23  false designation of origin claim that includes trade dress infringement.  MGA has

24  also brought an unfair competition claim based on Mattel's serial copying of

25  MGA's products.  MGA is entitled to discovery on all aspects of these products

26  under these claims, not just those aspects that Mattel unilaterally deems at issue.

27

28

1    None of Mattel's improper objections are valid and Mattel is obligated to
2    produce all non-privileged responsive documents in its possession, custody, or
3    control.

4

5    **REQUEST FOR PRODUCTION NO. 73:**

6    All studies, analyses, presentations or investigations of the target audience,
7    age groups, market share, or projections for "BRATZ."

8    **RESPONSE TO REQUEST NO. 73:**

9    In addition to the general objections stated above which are incorporated
10   herein by reference, Mattel objects to this Request on the grounds that it is
11   overbroad, unduly burdensome and unintelligible, including in that it seeks all
12   documents on this subject without limitation as to time, and regardless of whether
13   such documents relate to products or matters at issue in this case.  Mattel further
14   objects to the Request on the grounds that it seeks documents that are not relevant
15   to this action or likely to lead to the discovery of admissible evidence.  Mattel
16   further objects to this Request on the grounds that it seeks confidential, proprietary
17   and trade secret information that has no bearing on the claims or defenses in this
18   case.  Mattel further objects to this Request on the grounds that it calls for the
19   disclosure of information subject to the attorney-client privilege, the attorney
20   work-product doctrine and other applicable privileges.

21   Subject to and without waiving the foregoing general and specific objections,
22   and to the extent not already produced, Mattel will produce responsive,
23   non-privileged documents in its possession, custody or control, if any, that it can
24   locate after a reasonable, good faith search relating to the aspects of the Bratz
25   products that MGA has alleged were infringed.

26

27

28

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents concerning target audience, age groups, market share or projections for "BRATZ."

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1  request is unduly burdensome must allege specific facts which indicate the nature

2  and extent of the burden, usually by affidavit or other reliable evidence.")

3  Moreover, it is not unduly burdensome, as noted above, in that the request is

4  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

5  has engaged in a broad variety of unfair trade practices including serial copying of

6  MGA products, including MGA's "BRATZ" product line.  MGA is entitled to

7  discovery on these claims.

8       This request does not seek documents protected by the attorney-client

9  privilege, the attorney work product doctrine, or other applicable privileges.  To the

10  extent that Mattel contends that it does, Mattel must provide a privilege log.

11       Mattel objects that the request contains confidential, proprietary and trade

12  secret information.  A Protective Order exists in this case, obviating any concern as

13  to protection of privacy rights and/or commercially sensitive information.

14       As for relevancy, Mattel has not attempted to demonstrate why the

15  information sought in response to this request is not discoverable in Phase 2.  On

16  the contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

17  product lines, including its "BRATZ line," packaging, themes, accessories, and

18  advertising.  Documents related to studies, analysis or investigations of the target

19  audience, age groups, market share, or projections for "BRATZ" that Mattel has in

20  its possession, custody or control are therefore discoverable in Phase 2 and highly

21  relevant to MGA's claims.

22       Mattel limits its response to "aspects of the BRATZ products that MGA has

23  accused of infringement."  Such a limitation is unjustified.  MGA has brought a

24  false designation of origin claim that includes trade dress infringement.  MGA has

25  also brought an unfair competition claim based on Mattel's serial copying of

26  MGA's products.  MGA is entitled to discovery on all aspects of these under these

27  claims, not just those aspects that Mattel unilaterally deems at issue.

28

1    None of Mattel's improper objections are valid and Mattel is obligated to

2  produce all non-privileged responsive documents in its possession, custody, or

3  control.

4

5  **REQUEST FOR PRODUCTION NO. 74:**

6    DOCUMENTS sufficient to determine total sales, revenue, royalties, costs of

7  goods sold and any other costs attributable to net profits REFERRING OR

8  RELATING TO "MY SCENE."

9    **RESPONSE TO REQUEST NO. 74:**

10    In addition to the general objections stated above which are incorporated

11  herein by reference, Mattel objects to this Request on the grounds that it is

12  overbroad, unduly burdensome and unintelligible, including in that it seeks all

13  documents on this subject without limitation as to time, and regardless of whether

14  such documents relate to products or matters at issue in this case.  Mattel further

15  objects to the Request on the grounds that it seeks documents that are not relevant

16  to this action or likely to lead to the discovery of admissible evidence.  Mattel

17  further objects to this Request on the grounds that it seeks confidential, proprietary

18  and trade secret information that has no bearing on the claims or defenses in this

19  case.  Mattel further objects to this Request on the grounds that it calls for the

20  disclosure of information subject to the attorney-client privilege, the attorney

21  work-product doctrine and other applicable privileges.

22    Subject to and without waiving the foregoing general and specific objections,

23  and to the extent not already produced, Mattel will produce responsive,

24  non-privileged documents in its possession, custody or control, if any, that it can

25  locate after a reasonable, good faith search sufficient to show the overall revenues,

26  sales, costs and net profits of the MY SCENE products that MGA has accused of

27  infringement.

28

1

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

2

3    Mattel has improperly limited its agreement to produce documents in

4  response to this request, excluding "royalties," subject to its improper boilerplate

5  objections.  Mattel has refused to confirm whether or not it has produced all non-

6  privileged responsive documents or whether it is withholding documents based on

7  its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection

8  to part of a request must specify the part and permit inspection of the rest."  Fed. R.

9  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

10  with specificity are routinely rejected in the Central District.  <u>See</u> <u>A. Farber and</u>

11  <u>Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

12  boilerplate objections such as 'overly burdensome and harassing' are improper –

13  especially when a party fails to submit any evidentiary declarations supporting such

14  objections").  Accordingly, Mattel must be compelled either to certify that it has

15  produced all non-privileged responsive documents or to produce all such

16  documents by a date certain.

17    To the extent that Mattel is relying on its blanket objections, they are not

18  sustainable and do not justify Mattel's failure to produce documents.

19    As to overbreadth, Mattel provides no explanation, let alone the required

20  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

21  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23  contrary, the request is narrowly tailored to seek documents relating to the total

24  sales, revenue, royalties, costs of goods sold and any other costs attributable to net

25  profits associated with Mattel's "MY SCENE" line.

26    As to burden, Mattel has not attempted to demonstrate why responding to

27  this request and/or producing responsive documents presents any burden.  This

28  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.</u>,

1    <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2    request is unduly burdensome must allege specific facts which indicate the nature

3    and extent of the burden, usually by affidavit or other reliable evidence.")

4    Moreover, it is not unduly burdensome, as noted above, in that the request is

5    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

6    has engaged in a broad variety of unfair trade practices including serial copying of

7    MGA products.  MGA is entitled to discovery on these claims and its claims for

8    relief.

9          This request does not seek documents protected by the attorney-client

10   privilege, the attorney work product doctrine, or other applicable privileges.  To the

11   extent that Mattel contends that it does, Mattel must provide a privilege log.

12          As for relevancy, Mattel has not attempted to demonstrate why responding

13   to this request and/or producing responsive documents is irrelevant to the present

14   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

15   MGA products, and "MY SCENE" is an example of one such product line.  A

16   request for documents that relate to the total sales, revenue, royalties, costs of goods

17   sold and any other costs attributable to net profits associated with Mattel's "MY

18   SCENE" line is therefore relevant to this action and MGA's claims and defenses,

19   and relief sought.

20          Mattel objects that the request contains confidential, proprietary, and trade

21   secret information.  A Protective Order exists in this case, obviating any concern as

22   to protection of privacy rights and/or commercially sensitive information.

23          None of Mattel's improper objections are valid and Mattel is obligated to

24   produce all non-privileged responsive documents in its possession, custody, or

25   control.

26

27

28

**REQUEST FOR PRODUCTION NO. 76:**

All DOCUMENTS REFERRING OR RELATING TO the quality or reputation of "MY SCENE" including, without limitation, accolades or awards for "MY SCENE."

**RESPONSE TO REQUEST NO. 76:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, and to the extent not already produced, Mattel will produce responsive, non-privileged documents in its possession, custody or control, if any, that it can locate after a reasonable, good faith search relating to the aspects of the MY SCENE products that MGA has accused of infringement.


**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive

1   documents or whether it is withholding documents based on its objections in Phase

2   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

3   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

4   Generic objections that fail to explain the basis for an objection with specificity are

5   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

6   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

7   such as 'overly burdensome and harassing' are improper – especially when a party

8   fails to submit any evidentiary declarations supporting such objections").

9   Accordingly, Mattel must be compelled either to certify that it has produced all

10  non-privileged responsive documents or to produce all such documents by a date

11  certain.

12      To the extent that Mattel is relying on its blanket objections, they are not

13  sustainable and do not justify Mattel's failure to produce documents.

14      As to overbreadth, Mattel provides no explanation, let alone the required

15  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

16  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

17  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

18  contrary, the request is narrowly tailored to seek documents concerning the quality

19  or reputation of "MY SCENE" such as accolades or awards for "MY SCENE."

20      As to burden, Mattel has not attempted to demonstrate why responding to

21  this request and/or producing responsive documents presents any burden.  This

22  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

23  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24  request is unduly burdensome must allege specific facts which indicate the nature

25  and extent of the burden, usually by affidavit or other reliable evidence.")

26  Moreover, it is not unduly burdensome, as noted above, in that the request is

27  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

28  has engaged in a broad variety of unfair trade practices including serial copying of

1   MGA products and trade dress ifnringement.  MGA is entitled to discovery on these

2   claims.

3       This request does not seek documents protected by the attorney-client

4   privilege, the attorney work product doctrine, or other applicable privileges.  To the

5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6       Mattel objects that the request contains confidential, proprietary and trade

7   secret information.  A Protective Order exists in this case, obviating any concern as

8   to protection of privacy rights and/or commercially sensitive information.

9       As for relevancy, Mattel has not attempted to demonstrate why the

10  information sought in response to this request is not discoverable in Phase 2. On the

11  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

12  product lines, including it various dolls, packaging, themes, accessories, and

13  advertising. Mattel's "MY SCENE" is an example of one such accused Mattel

14  product line.  Documents related to the quality or reputation of "MY

15  SCENE" products by Mattel and their success, or lack thereof, are discoverable in

16  Phase 2 and highly relevant to MGA's claims.

17      Mattel limits its response to "aspects of the MY SCENE products that MGA

18  has accused of infringement."  Such a limitation is unjustified.  MGA has brought a

19  false designation of origin claim that includes trade dress infringement.  MGA has

20  also brought an unfair competition claim based on Mattel's serial copying of

21  MGA's products.  MGA is entitled to discovery on all aspects of these products, not

22  just those aspects that Mattel unilaterally deems at accused of ifnringement.

23      None of Mattel's improper objections are valid and Mattel is obligated to

24  produce all non-privileged responsive documents in its possession, custody, or

25  control.

26

27

28

1   **REQUEST FOR PRODUCTION NO. 77:**

2       All DOCUMENTS REFERRING OR RELATING TO any evaluation,

3   criticism or comparison of "MY SCENE," including in relation to "BRATZ" by

4   any third party.

5       **RESPONSE TO REQUEST NO. 77:**

6       In addition to the general objections stated above which are incorporated

7   herein by reference, Mattel objects to this Request on the grounds that it is

8   overbroad, unduly burdensome and unintelligible, including in that it seeks all

9   documents without meaningful limitation as to subject, without limitation as to

10  time, and regardless of whether such documents relate to products or matters at

11  issue in this case.  Mattel further objects to the Request on the grounds that it seeks

12  documents that are not relevant to this action or likely to lead to the discovery of

13  admissible evidence.  Mattel further objects to this Request on the grounds that it

14  seeks confidential, proprietary and trade secret information that has no bearing on

15  the claims or defenses in this case.  Mattel further objects to this Request on the

16  grounds that it calls for the disclosure of information subject to the attorney-client

17  privilege, the attorney work-product doctrine and other applicable privileges.

18

19      **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
        SHOULD BE COMPELLED**

20

21      Mattel has not agreed to produce documents in response to this request,

22  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

23  Procedure, "an objection to part of a request must specify the part and permit

24  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

25  explain the basis for an objection with specificity are routinely rejected in the

26  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

27  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

28  and harassing' are improper – especially when a party fails to submit any

1   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

2   compelled either to certify that it has produced all non-privileged responsive

3   documents or to produce all such documents by a date certain.

4        To the extent that Mattel is relying on its blanket objections, they are not

5   sustainable and do not justify Mattel's failure to produce documents.

6        As to overbreadth, Mattel provides no explanation, let alone the required

7   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10  contrary, the request is narrowly tailored to seek documents concerning any

11  evaluation, criticism of comparison of "MY SCENE," by a third party.

12       As to burden, Mattel has not attempted to demonstrate why responding to

13  this request and/or producing responsive documents presents any burden.  This

14  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

15  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

16  request is unduly burdensome must allege specific facts which indicate the nature

17  and extent of the burden, usually by affidavit or other reliable evidence.")

18  Moreover, it is not unduly burdensome, as noted above, in that the request is

19  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

20  has engaged in a broad variety of unfair trade practices including serial copying of

21  MGA products and trade dress infringement.  MGA is entitled to discovery on these

22  claims.

23       This request does not seek documents protected by the attorney-client

24  privilege, the attorney work product doctrine, or other applicable privileges.  To the

25  extent that Mattel contends that it does, Mattel must provide a privilege log.

26       Mattel objects that the request contains confidential, proprietary and trade

27  secret information.  A Protective Order exists in this case, obviating any concern as

28  to protection of privacy rights and/or commercially sensitive information.

1   As for relevancy, Mattel has not attempted to demonstrate why the

2   information sought in response to this request is not discoverable in Phase 2. On the

3   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

4   product lines, including the "BRATZ" product line, packaging, themes,

5   accessories, and advertising.  Mattel's "MY SCENE" is an example of one

6   such accused Mattel product line.  Documents related to any evaluation, criticism or

7   comparison of "MY SCENE" to "BRATZ" and other products are highly relevant

8   to MGA's claims and are discoverable in Phase 2.

9   None of Mattel's improper objections are valid and Mattel is obligated to

10   produce all non-privileged responsive documents in its possession, custody, or

11   control.

12

13   **REQUEST FOR PRODUCTION NO. 78:**

14   All DOCUMENTS REFERRING OR RELATING TO any evaluation,

15   criticism or comparison of "BRATZ," including in relation to "MY SCENE."

16   **RESPONSE TO REQUEST NO. 78:**

17   In addition to the general objections stated above which are incorporated

18   herein by reference, Mattel objects to this Request on the grounds that it is

19   overbroad, unduly burdensome and unintelligible, including in that it seeks all

20   documents on this subject without limitation as to time, and regardless of whether

21   such documents relate to products or matters at issue in this case.  Mattel further

22   objects to the Request on the grounds that it seeks documents that are not relevant

23   to this action or likely to lead to the discovery of admissible evidence.  Mattel

24   further objects to this Request on the grounds that it seeks confidential, proprietary

25   and trade secret information that has no bearing on the claims or defenses in this

26   case.  Mattel further objects to the Request on the grounds that it calls for the

27   disclosure of information subject to the attorney-client privilege, the attorney

28   work-product doctrine and other applicable privileges.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, resting on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents concerning any evaluation, criticism of comparison of "BRATZ."

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is

1    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

2    has engaged in a broad variety of unfair trade practices including serial copying of

3    MGA products, including its "BRATZ" product line.  MGA is entitled to discovery

4    on these claims.

5         This request does not seek documents protected by the attorney-client

6    privilege, the attorney work product doctrine, or other applicable privileges.  To the

7    extent that Mattel contends that it does, Mattel must provide a privilege log.

8         Mattel objects that the request contains confidential, proprietary and trade

9    secret information.  A Protective Order exists in this case, obviating any concern as

10   to protection of privacy rights and/or commercially sensitive information.

11        As for relevancy, Mattel has not attempted to demonstrate why the

12   information sought in response to this request is not discoverable in Phase 2. On the

13   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

14   product lines, including the "BRATZ" product line, packaging, themes,

15   accessories, and advertising. Mattel's "MY SCENE" is an example of one

16   such accused Mattel product line.  Documents related to any evaluation, criticism or

17   comparison of  "BRATZ" that Mattel has in its possession, custody or control

18   are therefore discoverable in Phase 2 and highly relevant to MGA's claims.

19        None of Mattel's improper objections are valid and Mattel is obligated to

20   produce all non-privileged responsive documents in its possession, custody, or

21   control.

22

23   **REQUEST FOR PRODUCTION NO. 79:**

24        All DOCUMENTS evidencing confusion between "BRATZ" and "MY

25   SCENE," including without limitation DOCUMENTS in which photographs of one

26   party's products have been used to depict another party's products or reference to

27   one party's products have been made in lieu of the other party's products.

28

**RESPONSE TO REQUEST NO. 79:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to this Request as unintelligible in its inclusion of "photographs" as "evidencing confusion".  Mattel further objects to this Request as duplicative and harassing in that it is duplicative of or subsumed within other Requests within this set of Requests.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, and to the extent not already produced, Mattel will produce responsive, non-privileged documents in its possession, custody or control, if any, that it can locate after a reasonable, good faith search showing purported consumer confusion between the appearance of, on the one hand, the aspects of the Bratz products that MGA has alleged were infringed and, on the other hand, the aspects of the MY SCENE products that MGA has accused of infringement.


**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request to "aspects of Bratz products" and "aspects of MY SCENE

1    products."   Mattel cannot withhold documents based on this unintelligible and

2    unilateral limitation.  Mattel has refused to confirm whether or not it has produced

3    all non-privileged responsive documents or whether it is withholding documents

4    based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an

5    objection to part of a request must specify the part and permit inspection of the

6    rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

7    for an objection with specificity are routinely rejected in the Central District.  See

8    A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

9    ("general or boilerplate objections such as 'overly burdensome and harassing' are

10   improper – especially when a party fails to submit any evidentiary declarations

11   supporting such objections").  Accordingly, Mattel must be compelled either to

12   certify that it has produced all non-privileged responsive documents or to produce

13   all such documents by a date certain.

14          To the extent that Mattel is relying on its blanket objections, they are not

15   sustainable and do not justify Mattel's failure to produce documents.

16          As to overbreadth, Mattel provides no explanation, let alone the required

17   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

18   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

19   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

20   contrary, the request is narrowly tailored to seek documents concerning a central

21   issue in this case – whether there is consumer confusion as to the source of "MY

22   SCENE" and "BRATZ."

23          As to burden, Mattel has not attempted to demonstrate why responding to

24   this request and/or producing responsive documents presents any burden.  This

25   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

26   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

27   request is unduly burdensome must allege specific facts which indicate the nature

28   and extent of the burden, usually by affidavit or other reliable evidence.")

1  Moreover, it is not unduly burdensome, as noted above, in that the request is

2  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

3  has engaged in a broad variety of unfair trade practices such as serial copying of

4  MGA products.  MGA is entitled to discovery on these claims.

5      This request does not seek documents protected by the attorney-client

6  privilege, the attorney work product doctrine, or other applicable privileges.  To the

7  extent that Mattel contends that it does, Mattel must provide a privilege log.

8      Mattel objects that the request contains confidential/proprietary/trade secret

9  information.  A Protective Order exists in this case, obviating any concern as to

10 protection of privacy rights and/or commercially sensitive information.

11     As for relevancy, documents relating to any confusion between "BRATZ"

12 and "MY SCENE" that Mattel has in its possession, custody or control are

13 discoverable in Phase 2 and highly relevant to MGA's claims.

14     None of Mattel's improper objections are valid and Mattel is obligated to

15 produce all non-privileged responsive documents in its possession, custody, or

16 control.

17

18 **REQUEST FOR PRODUCTION NO. 80:**

19     DOCUMENTS, including but not limited to organizational charts, sufficient

20 to identify (by name and job function) all MATTEL personnel with responsibility,

21 at any time since January 2001, for marketing or MARKET RESEARCH,

22 REFERRING OR RELATING TO "MY SCENE."

23     **RESPONSE TO REQUEST NO. 80:**

24     In addition to the general objections stated above which are incorporated

25 herein by reference, Mattel objects to this Request on the grounds that it is

26 overbroad, unduly burdensome and unintelligible, including in that it seeks

27 documents on this subject regardless of whether such documents relate to products

28 or matters at issue in this case.  Mattel further objects to the Request on the grounds

1   that it seeks documents that are not relevant to this action or likely to lead to the

2   discovery of admissible evidence.  Mattel further objects to this Request on the

3   grounds that it seeks confidential, proprietary and trade secret information that has

4   no bearing on the claims or defenses in this case.  Mattel further objects to this

5   Request on the grounds that it calls for the disclosure of information subject to the

6   attorney-client privilege, the attorney work-product doctrine and other applicable

7   privileges.

8        Subject to and without waiving the foregoing general and specific objections,

9   and to the extent not already produced, Mattel will produce responsive,

10   non-privileged documents in its possession, custody or control, if any, that it can

11   locate after a reasonable, good faith search sufficient to identify the Mattel

12   employees responsible for marketing the MY SCENE products that MGA has

13   accused of infringement.

14

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

15

16

17        Mattel improperly limits its response to this request to employees responsible

18   for marketing (not market research) "the MY SCENE products that MGA has

19   accused of infringing."  MGA's broad claims in Phase 2 range from trade dress

20   infringement to serial copying of MGA products, and MGA is entitled to discovery

21   on all of its claims.  Mattel has refused to confirm whether or not it has produced all

22   non-privileged responsive documents or whether it is withholding documents based

23   on its limitation or objections.  Under the Federal Rules of Civil Procedure, "an

24   objection to part of a request must specify the part and permit inspection of the

25   rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

26   for an objection with specificity are routinely rejected in the Central District.  See

27   A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

28   ("general or boilerplate objections such as 'overly burdensome and harassing' are

1   improper – especially when a party fails to submit any evidentiary declarations

2   supporting such objections").  Accordingly, Mattel must be compelled either to

3   certify that it has produced all non-privileged responsive documents or to produce

4   all such documents by a date certain.

5       To the extent that Mattel is relying on its blanket objections, they are not

6   sustainable and do not justify Mattel's failure to produce documents.

7       As to overbreadth, Mattel provides no explanation, let alone the required

8   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

9   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

11  contrary, the request is narrowly tailored to seek documents sufficient to identify

12  the individuals who worked or were involved with Mattel's "MY SCENE"

13  products.

14      As to burden, Mattel has not attempted to demonstrate why responding to

15  this request and/or producing responsive documents presents any burden.  This

16  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

17  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.")

20  Moreover, it is not unduly burdensome, as noted above, in that the request is

21  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

22  has engaged in a broad variety of unfair trade practices including serial copying of

23  MGA products.  MGA is entitled to discovery on these claims.

24      This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges.  To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27      Mattel objects that the request contains confidential, proprietary and trade

28  secret information.  A Protective Order exists in this case, obviating any concern as

1    to protection of privacy rights and/or commercially sensitive information.

2         MGA has alleged that Mattel has engaged in serial copying of MGA's

3    product lines, including it various dolls, packaging, themes, accessories, and

4    advertising. Mattel's "MY SCENE" is an example of one such accused Mattel

5    product line.  Documents sought by this request are discoverable in Phase 2.

6         None of Mattel's improper objections are valid and Mattel is obligated to

7    produce all non-privileged responsive documents in its possession, custody, or

8    control.

9

10   **REQUEST FOR PRODUCTION NO. 81:**

11        DOCUMENTS, including but not limited to organizational charts, sufficient

12   to identify (by name and job function) all MATTEL personnel with responsibility

13   for "MY SCENE" sales, promotions, marketing, packaging, advertising (including

14   but not limited to television commercials), development or design, including

15   without limitation internal departments, teams or organizations with responsibility

16   for any specific retailer, licensee or others in the industry.

17        **RESPONSE TO REQUEST NO. 81:**

18        In addition to the general objections stated above which are incorporated

19   herein by reference, Mattel objects to this Request on the grounds that it is

20   overbroad and unduly burdensome, including in that it seeks documents on this

21   subject without limitation as to time, and regardless of whether such documents

22   relate to products or matters at issue in this case.  Mattel further objects to the

23   Request on the grounds that it seeks documents that are not relevant to this action

24   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

25   this Request on the grounds that it seeks confidential, proprietary and trade secret

26   information that has no bearing on the claims or defenses in this case.  Mattel

27   further objects to this Request on the grounds that it is duplicative of or subsumed

28   within other requests within this set of requests.  Mattel further objects to this

1  Request on the grounds that it calls for the disclosure of information subject to the

2  attorney-client privilege, the attorney work-product doctrine and other applicable

3  privileges.

4  Subject to and without waiving the foregoing general and specific objections,

5  and to the extent not already produced, Mattel will produce responsive,

6  non-privileged documents in its possession, custody or control, if any, that it can

7  locate after a reasonable, good faith search sufficient to identify the Mattel

8  employees responsible for the design, development, marketing, sales and

9  advertising of the MY SCENE products that MGA has accused of infringement.

10

11  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

12

13  Mattel improperly limits its response to this request to employees responsible

14  for design, development, marketing, sales and advertising (not promotions or

15  packaging) of "the MY SCENE products that MGA has accused of infringing."

16  MGA's broad claims in Phase 2 range from trade dress infringement to serial

17  copying of MGA products.  MGA is entitled to discover on all of its claims.  Mattel

18  has refused to confirm whether or not it has produced all non-privileged responsive

19  documents or whether it is withholding documents based on its limitation or

20  objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a

21  request must specify the part and permit inspection of the rest."  Fed. R. Civ. P.

22  34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with

23  specificity are routinely rejected in the Central District.  See A. Farber and Partners,

24  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

25  objections such as 'overly burdensome and harassing' are improper – especially

26  when a party fails to submit any evidentiary declarations supporting such

27  objections").  Accordingly, Mattel must be compelled either to certify that it has

28

1  produced all non-privileged responsive documents or to produce all such

2  documents by a date certain.

3       To the extent that Mattel is relying on its blanket objections, they are not

4  sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the required

6  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9  contrary, the request is narrowly tailored to seek documents sufficient to identify

10  the individuals who worked or were involved with Mattel's "MY SCENE"

11  products.

12      As to burden, Mattel has not attempted to demonstrate why responding to

13  this request and/or producing responsive documents presents any burden.  This

14  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

15  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

16  request is unduly burdensome must allege specific facts which indicate the nature

17  and extent of the burden, usually by affidavit or other reliable evidence.")

18  Moreover, it is not unduly burdensome, as noted above, in that the request is

19  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

20  has engaged in a broad variety of unfair trade practices including serial copying of

21  MGA products.  MGA is entitled to discovery on these claims.

22      This request does not seek documents protected by the attorney-client

23  privilege, the attorney work product doctrine, or other applicable privileges.  To the

24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25      Mattel objects that the request contains confidential, proprietary and trade

26  secret information.  A Protective Order exists in this case, obviating any concern as

27  to protection of privacy rights and/or commercially sensitive information.

28      MGA has alleged that Mattel has engaged in serial copying of MGA's

1   product lines, including it various dolls, packaging, themes, accessories, and

2   advertising. Mattel's "MY SCENE" is an example of one such accused Mattel

3   product line.  Documents sought by this request are discoverable in Phase 2.

4          None of Mattel's improper objections are valid and Mattel is obligated to

5   produce all non-privileged responsive documents in its possession, custody, or

6   control.

7

8   **REQUEST FOR PRODUCTION NO. 82:**

9          DOCUMENTS, including but not limited to organizational charts, sufficient

10  to identify (by name and job function) all MATTEL personnel comprising the

11  primary team that worked on the design and development of the original "MY

12  SCENE" products as identified in paragraph 34 of the COMPLAINT.

13         **RESPONSE TO REQUEST NO. 82:**

14         In addition to the general objections stated above which are incorporated

15  herein by reference, Mattel objects to this Request on the grounds that it is

16  overbroad and unduly burdensome, including in that it seeks documents on this

17  subject, whether or not such documents relate to products or matters at issue in this

18  case.  Mattel further objects to the Request on the grounds that it seeks documents

19  that are not relevant to this action or likely to lead to the discovery of admissible

20  evidence.  Mattel further objects to this Request on the grounds that it seeks

21  confidential, proprietary and trade secret information that has no bearing on the

22  claims or defenses in this case.  Mattel further objects to this Request on the

23  grounds that it is duplicative of or subsumed within other requests within this set of

24  requests.  Mattel further objects to this Request on the grounds that it calls for the

25  disclosure of information subject to the attorney-client privilege, the attorney

26  work-product doctrine and other applicable privileges.

27

28

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel refuses to produce documents responsive to this request. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents sufficient to identify the individuals who worked or were involved with Mattel's "MY SCENE" products.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

1    and extent of the burden, usually by affidavit or other reliable evidence.")

2    Moreover, it is not unduly burdensome, as noted above, in that the request is

3    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4    has engaged in a broad variety of unfair trade practices including serial copying of

5    MGA products.  MGA is entitled to discovery on these claims.

6          This request does not seek documents protected by the attorney-client

7    privilege, the attorney work product doctrine, or other applicable privileges.  To the

8    extent that Mattel contends that it does, Mattel must provide a privilege log.

9          Mattel objects that the request contains confidential, proprietary and trade

10   secret information.  A Protective Order exists in this case, obviating any concern as

11   to protection of privacy rights and/or commercially sensitive information.

12         MGA has alleged that Mattel has engaged in serial copying of MGA's

13   product lines, including it various dolls, packaging, themes, accessories, and

14   advertising. Mattel's "MY SCENE" is an example of one such accused Mattel

15   product line.  Documents sought by this request are discoverable in Phase 2.

16         None of Mattel's improper objections are valid and Mattel is obligated to

17   produce all non-privileged responsive documents in its possession, custody, or

18   control.

19

20   **REQUEST FOR PRODUCTION NO. 83:**

21         DOCUMENTS, including but not limited to organizational charts, sufficient

22   to identify (by name and job function) all MATTEL personnel comprising the

23   primary team that worked on the design and development of the more recent "MY

24   SCENE" products as identified in paragraphs 37 and 38 of the COMPLAINT.

25         **RESPONSE TO REQUEST NO. 83:**

26         In addition to the general objections stated above which are incorporated

27   herein by reference, Mattel objects to this Request on the grounds that it seeks

28   confidential, proprietary and trade secret information that has no bearing on the

1    claims or defenses in this case.  Mattel further objects to this Request on the

2    grounds that it is duplicative of or subsumed within other requests within this set of

3    requests.  Mattel further objects to this Request on the grounds that it calls for the

4    disclosure of information subject to the attorney-client privilege, the attorney

5    work-product doctrine and other applicable privileges.

6         Subject to and without waiving the foregoing general and specific objections,

7    and to the extent not already produced, Mattel will produce responsive,

8    non-privileged documents in its possession, custody or control, if any, that it can

9    locate after a reasonable, good faith search sufficient to identify the Mattel

10   employees responsible for designing and developing the MY SCENE products that

11   MGA has accused of infringement.

12

13   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

14

15        Mattel improperly limits its response to "the MY SCENE products that MGA

16   has accused of infringing."  This request is narrowly tailored to "MY SCENE"

17   products identified in the Complaint, whether or not MGA has accused those

18   products of infringing.  Under the Federal Rules of Civil Procedure, "an objection

19   to part of a request must specify the part and permit inspection of the rest."  Fed. R.

20   Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

21   with specificity are routinely rejected in the Central District.  See A. Farber and

22   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

23   boilerplate objections such as 'overly burdensome and harassing' are improper –

24   especially when a party fails to submit any evidentiary declarations supporting such

25   objections").  Accordingly, Mattel must be compelled either to certify that it has

26   produced all non-privileged responsive documents or to produce all such

27   documents by a date certain.

28

1    To the extent that Mattel is relying on its blanket objections, they are not

2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required

4    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7    contrary, the request is narrowly tailored to seek documents sufficient to identify

8    the individuals who worked or were involved with Mattel's "MY SCENE"

9    products.

10    As to burden, Mattel has not attempted to demonstrate why responding to

11    this request and/or producing responsive documents presents any burden.  This

12    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

13    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14    request is unduly burdensome must allege specific facts which indicate the nature

15    and extent of the burden, usually by affidavit or other reliable evidence.")

16    Moreover, it is not unduly burdensome, as noted above, in that the request is

17    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

18    has engaged in a broad variety of unfair trade practices including serial copying of

19    MGA products and trade dress infringement.  MGA is entitled to discovery on all

20    of these claims.

21    This request does not seek documents protected by the attorney-client

22    privilege, the attorney work product doctrine, or other applicable privileges.  To the

23    extent that Mattel contends that it does, Mattel must provide a privilege log.

24    Mattel objects that the request contains confidential, proprietary and trade

25    secret information.  A Protective Order exists in this case, obviating any concern as

26    to protection of privacy rights and/or commercially sensitive information.

27    MGA has alleged that Mattel has engaged in serial copying of MGA's

28    product lines, including it various dolls, packaging, themes, accessories, and

1  advertising. Mattel's "MY SCENE" is an example of one such accused Mattel

2  product line.  Documents sought by this request are discoverable in Phase 2.

3       None of Mattel's improper objections are valid and Mattel is obligated to

4  produce all non-privileged responsive documents in its possession, custody, or

5  control.

6

7  **REQUEST FOR PRODUCTION NO. 84:**

8       DOCUMENTS, including but not limited to organizational charts, sufficient

9  to identify (by name and job function) all current MATTEL personnel comprising

10 the primary team currently working on the design and development of "MY

11 SCENE" products.

12 **RESPONSE TO REQUEST NO. 84:**

13      In addition to the general objections stated above which are incorporated

14 herein by reference, Mattel objects to this Request on the grounds that it is

15 overbroad and unduly burdensome, including in that it seeks all documents on this

16 subject without limitation as to time, and regardless of whether such documents

17 relate to products or matters at issue in this case.  Mattel further objects to the

18 Request on the grounds that it seeks documents that are not relevant to this action

19 or likely to lead to the discovery of admissible evidence.  Mattel further objects to

20 this Request on the grounds that it seeks confidential, proprietary and trade secret

21 information that has no bearing on the claims or defenses in this case.  Mattel

22 further objects to this Request on the grounds that it is duplicative of or subsumed

23 within other requests within this set of requests.  Mattel further objects to this

24 Request on the grounds that it calls for the disclosure of information subject to the

25 attorney-client privilege, the attorney work-product doctrine and other applicable

26 privileges.

27      Subject to and without waiving the foregoing general and specific objections,

28 and to the extent not already produced, Mattel will produce responsive,

1  non-privileged documents in its possession, custody or control, if any, that it can

2  locate after a reasonable, good faith search sufficient to identify the Mattel

3  employees responsible for designing and developing the MY SCENE products that

4  MGA has accused of infringement.

5

6  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

7  **SHOULD BE COMPELLED**

8        Mattel improperly limits its response to this request to "the MY SCENE

9  products that MGA has accused of infringing."  MGA's broad claims in Phase 2

10  range from trade dress infringement to serial copying of MGA products.  MGA is

11  entitled to discovery on all of its claims.  Mattel has refused to confirm whether or

12  not it has produced all non-privileged responsive documents or whether it is

13  withholding documents based on its limitation or objections.  Under the Federal

14  Rules of Civil Procedure, "an objection to part of a request must specify the part

15  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

16  that fail to explain the basis for an objection with specificity are routinely rejected

17  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

18  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

19  burdensome and harassing' are improper – especially when a party fails to submit

20  any evidentiary declarations supporting such objections").  Accordingly, Mattel

21  must be compelled either to certify that it has produced all non-privileged

22  responsive documents or to produce all such documents by a date certain.

23        To the extent that Mattel is relying on its blanket objections, they are not

24  sustainable and do not justify Mattel's failure to produce documents.

25        As to overbreadth, Mattel provides no explanation, let alone the required

26  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

27  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

28  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

- 146 -

1  contrary, the request is narrowly tailored to seek documents sufficient to identify

2  the individuals who worked or were involved with Mattel's "MY SCENE"

3  products.

4      As to burden, Mattel has not attempted to demonstrate why responding to

5  this request and/or producing responsive documents presents any burden.  This

6  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8  request is unduly burdensome must allege specific facts which indicate the nature

9  and extent of the burden, usually by affidavit or other reliable evidence.")

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

12  has engaged in a broad variety of unfair trade practices including serial copying of

13  MGA products.  MGA is entitled to discovery on these claims.

14      This request does not seek documents protected by the attorney-client

15  privilege, the attorney work product doctrine, or other applicable privileges.  To the

16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17      Mattel objects that the request contains confidential, proprietary and trade

18  secret information.  A Protective Order exists in this case, obviating any concern as

19  to protection of privacy rights and/or commercially sensitive information.

20      MGA has alleged that Mattel has engaged in serial copying of MGA's

21  product lines, including it various dolls, packaging, themes, accessories, and

22  advertising. Mattel's "MY SCENE" is an example of one such accused Mattel

23  product line.  Documents sought by this request are discoverable in Phase 2.

24      None of Mattel's improper objections are valid and Mattel is obligated to

25  produce all non-privileged responsive documents in its possession, custody, or

26  control.

27

28

**REQUEST FOR PRODUCTION NO. 85:**

DOCUMENTS, including but not limited to organizational charts, sufficient to identify (by name and job function) all former MATTEL personnel who were ever a member of the primary team that worked on the design and development of "MY SCENE" products.

**RESPONSE TO REQUEST NO. 85:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other requests within this set of requests. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, and to the extent not already produced, Mattel will produce responsive, non-privileged documents in its possession, custody or control, if any, that it can locate after a reasonable, good faith search sufficient to identify the Mattel employees responsible for designing and developing the MY SCENE products that MGA has accused of infringement.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel improperly limits its response to this request to "the MY SCENE products that MGA has accused of infringing."  MGA's broad claims in Phase 2 range from trade dress infringement to serial copying of MGA products, and MGA is entitled to discovery on all claims.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its limitation or objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to **why** this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents sufficient to identify the individuals who worked or were involved with Mattel's "MY SCENE" products.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This

1   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

2   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3   request is unduly burdensome must allege specific facts which indicate the nature

4   and extent of the burden, usually by affidavit or other reliable evidence.")

5   Moreover, it is not unduly burdensome, as noted above, in that the request is

6   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7   has engaged in a broad variety of unfair trade practices including serial copying of

8   MGA products.  MGA is entitled to discovery on these claims.

9        This request does not seek documents protected by the attorney-client

10  privilege, the attorney work product doctrine, or other applicable privileges.  To the

11  extent that Mattel contends that it does, Mattel must provide a privilege log.

12       Mattel objects that the request contains confidential, proprietary and trade

13  secret information.  A Protective Order exists in this case, obviating any concern as

14  to protection of privacy rights and/or commercially sensitive information.

15       MGA has alleged that Mattel has engaged in serial copying of MGA's

16  product lines, including it various dolls, packaging, themes, accessories, and

17  advertising. Mattel's "MY SCENE" is an example of one such accused Mattel

18  product line.  Documents sought by this request are discoverable in Phase 2.

19       None of Mattel's improper objections are valid and Mattel is obligated to

20  produce all non-privileged responsive documents in its possession, custody, or

21  control.

22

23  **REQUEST FOR PRODUCTION NO. 86:**

24       DOCUMENTS sufficient to describe fully MATTEL's document retention

25  policies (including its policies with respect to the retention or destruction of

26  physical documents, physical objects, samples or specimens, electronic mail and

27  other electronic documents) in effect at any time since January 2001.

28

**RESPONSE TO REQUEST NO. 86:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case and in its groundless assumption that Mattel has a policy to destroy documents or other evidence.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Without waiving, and subject to, the foregoing general and specific objections Mattel will produce responsive, non-privileged documents within its possession, custody or control, if any, that it can locate after a reasonable, good faith search relating to the retention of categories of documents for products that MGA has accused of infringement.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to documents relating to the retention of "categories of documents for products that MGA has accused of infringement," subject to its objections.  MGA seeks on order compelling Mattel to confirm that it is not withholding based on this limitation or its objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

1   ("general or boilerplate objections such as 'overly burdensome and harassing' are

2   improper – especially when a party fails to submit any evidentiary declarations

3   supporting such objections").  Mattel must be compelled either to certify that it has

4   produced all non-privileged responsive documents or to produce all such

5   documents by a date certain.

6       To the extent that Mattel is relying on its blanket objections, they are not

7   sustainable and do not justify Mattel's failure to produce documents.

8       As to overbreadth, Mattel provides no explanation, let alone the required

9   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

10   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

11   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

12   contrary, the request is narrowly tailored to seek documents concerning Mattel's

13   document retention and destruction policies within a discrete time frame.

14       As to burden, Mattel has not attempted to demonstrate why responding to

15   this request and/or producing responsive documents presents any burden.  This

16   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

17   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18   request is unduly burdensome must allege specific facts which indicate the nature

19   and extent of the burden, usually by affidavit or other reliable evidence.")

20   Moreover, it is not unduly burdensome, as noted above, in that the request is

21   narrowly tailored to seek only discoverable evidence.

22       This request does not seek documents protected by the attorney-client

23   privilege, the attorney work product doctrine, or other applicable privileges.  To the

24   extent that Mattel contends that it does, Mattel must provide a privilege log.

25       Mattel's document retention and destruction policies and any changes thereto

26   in light of this litigation are likely to evidence the relevant repositories of

27   discoverable information in this action and any destruction of relevant materials to

28   the extent that it has occurred, among other things.  Accordingly, Mattel's objection

1    to the relevance of this request is unfounded.

2         None of Mattel's improper objections are valid and Mattel is obligated to

3    produce all non-privileged responsive documents in its possession, custody, or

4    control.

5

6    **REQUEST FOR PRODUCTION NO. 87:**

7         DOCUMENTS sufficient to describe fully MATTEL's actions to preserve

8    DOCUMENTS in response to the COMPLAINT and the document retention letter

9    from Diana M. Torres, Esq. to Robert Normile, Esq. dated April 16, 2005.

10        **RESPONSE TO REQUEST NO. 87:**

11        In addition to the general objections stated above which are incorporated

12   herein by reference, Mattel objects to this Request on the grounds that it is

13   overbroad and unduly burdensome, including in that it seeks all documents on this

14   subject regardless of whether such documents relate to products or matters at issue

15   in this case.  Mattel further objects to the Request on the grounds that it seeks

16   documents that are not relevant to this action or likely to lead to the discovery of

17   admissible evidence.  Mattel further objects to this Request on the grounds that it

18   calls for the disclosure of information subject to the attorney-client privilege, the

19   attorney work-product doctrine and other applicable privileges.

20        Without waiving, and subject to, the foregoing general and specific

21   objections Mattel will produce responsive, non-privileged documents within its

22   possession, custody or control, if any, that it can locate after a reasonable, good

23   faith search relating to the retention of categories of documents for products that

24   MGA has accused of infringement.

25

26

27

28

1

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

2

3      Mattel has improperly limited its agreement to produce documents in

4   response to documents relating to the retention of "categories of documents for

5   products that MGA has accused of infringement," subject to its objections.  MGA

6   seeks on order compelling Mattel to confirm that it is not withholding based on this

7   limitation or its objections.  Under the Federal Rules of Civil Procedure, "an

8   objection to part of a request must specify the part and permit inspection of the

9   rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

10  for an objection with specificity are routinely rejected in the Central District.  See

11  A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

12  ("general or boilerplate objections such as 'overly burdensome and harassing' are

13  improper – especially when a party fails to submit any evidentiary declarations

14  supporting such objections").  Mattel must be compelled either to certify that it has

15  produced all non-privileged responsive documents or to produce all such

16  documents by a date certain.

17      To the extent that Mattel is relying on its blanket objections, they are not

18  sustainable and do not justify Mattel's failure to produce documents.

19      As to overbreadth, Mattel provides no explanation, let alone the required

20  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

21  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23  contrary, the request is narrowly tailored to seek documents concerning

24  preservation efforts, or lack thereof, in response to a particular letter.

25      As to burden, Mattel has not attempted to demonstrate why responding to

26  this request and/or producing responsive documents presents any burden.  This

27  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

28  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1    request is unduly burdensome must allege specific facts which indicate the nature

2    and extent of the burden, usually by affidavit or other reliable evidence.")

3    Moreover, it is not unduly burdensome, as noted above, in that the request is

4    narrowly tailored to seek only discoverable evidence.

5           This request does not seek documents protected by the attorney-client

6    privilege, the attorney work product doctrine, or other applicable privileges.  To the

7    extent that Mattel contends that it does, Mattel must provide a privilege log.

8           Mattel's efforts to preserve documents in respons to this litigation are highly

9    relevant, for example, to MGA's claim of spoliation of evidence.  Accordingly,

10   Mattel's objection to the relevance of this request is unfounded.

11          None of Mattel's improper objections are valid and Mattel is obligated to

12   produce all non-privileged responsive documents in its possession, custody, or

13   control.

14

15   **REQUEST FOR PRODUCTION NO. 88:**

16          DOCUMENTS sufficient to identify all DOCUMENTS REFERRING OR

17   RELATING TO "MY SCENE," "BRATZ," MGA or LARIAN that have been

18   destroyed or discarded since April 16, 2005.

19          **RESPONSE TO REQUEST NO. 88:**

20          In addition to the general objections stated above which are incorporated

21   herein by reference, Mattel objects to this Request on the grounds that it is

22   overbroad, unduly burdensome and unintelligible, including in its groundless

23   assumption that Mattel has destroyed or discarded discovery of relevant evidence.

24   Mattel further objects to the Request on the grounds that it seeks documents that are

25   not relevant to this action or likely to lead to the discovery of admissible evidence.

26   Mattel further objects to this Request on the grounds that it calls for the disclosure

27   of information subject to the attorney-client privilege, the attorney work-product

28   doctrine and other applicable privileges.

1    Without waiving, and subject to, the foregoing general and specific

2  objections Mattel will produce responsive, non-privileged documents within its

3  possession, custody or control, if any, that it can locate after a reasonable, good

4  faith search relating to the retention of categories of documents for MY SCENE

5  products that MGA has accused of infringement or for Bratz products that MGA

6  has alleged were infringed.

7

8    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

9

10    Mattel has improperly limited its agreement to produce documents in

11  response to documents relating to the retention of "categories of documents for MY

12  SCENE products that MGA has accused of infringement or for Bratz products that

13  MGA has alleged were infringed," subject to its objections.  MGA seeks on order

14  compelling Mattel to confirm that it is not withholding based on this limitation or

15  its objections.  Under the Federal Rules of Civil Procedure, "an objection to part of

16  a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P.

17  34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with

18  specificity are routinely rejected in the Central District.  See A. Farber and Partners,

19  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

20  objections such as 'overly burdensome and harassing' are improper – especially

21  when a party fails to submit any evidentiary declarations supporting such

22  objections").  Mattel must be compelled either to certify that it has produced all

23  non-privileged responsive documents or to produce all such documents by a date

24  certain.

25    To the extent that Mattel is relying on its blanket objections, they are not

26  sustainable and do not justify Mattel's failure to produce documents.

27    As to overbreadth, Mattel provides no explanation, let alone the required

28  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

1    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

2    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

3    contrary, the request is narrowly tailored to seek documents concerning Mattel's

4    destruction of documents relating to "MY SCENE," "BRATZ," MGA or LARIAN

5    within a discrete and short time frame.

6         As to burden, Mattel has not attempted to demonstrate why responding to

7    this request and/or producing responsive documents presents any burden.  This

8    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

9    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10   request is unduly burdensome must allege specific facts which indicate the nature

11   and extent of the burden, usually by affidavit or other reliable evidence.")

12   Moreover, it is not unduly burdensome, as noted above, in that the request is

13   narrowly tailored to seek only discoverable evidence.

14        This request does not seek documents protected by the attorney-client

15   privilege, the attorney work product doctrine, or other applicable privileges.  To the

16   extent that Mattel contends that it does, Mattel must provide a privilege log.

17        Mattel's document destruction during the course of this litigation is likely to

18   provide evidence that will support or refute MGA's affirmative defense relating to

19   spoliation of evidence.  Accordingly, Mattel's objection to the relevance of this

20   request is unfounded.

21        None of Mattel's improper objections are valid and Mattel is obligated to

22   produce all non-privileged responsive documents in its possession, custody, or

23   control.

24

25   **REQUEST FOR PRODUCTION NO. 90:**

26        All DOCUMENTS REFERRING OR RELATING TO the commercial

27   success or recognition of "MY SCENE" including, without limitation, MARKET

28   RESEARCH.

**RESPONSE TO REQUEST NO. 90:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to this Request as vague and ambiguous and as duplicative of other Requests propounded by MGA and/or Bryant, including Requests included in this set of Requests. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other requests within this set of requests. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, and to the extent not already produced, Mattel will produce responsive, non-privileged documents in its possession, custody or control, if any, that it can locate after a reasonable, good faith search sufficient to show the overall sales of the MY SCENE products that MGA has accused of infringement.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive

1   documents or whether it is withholding documents based on its objections in Phase

2   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

3   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

4   Generic objections that fail to explain the basis for an objection with specificity are

5   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

6   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

7   such as 'overly burdensome and harassing' are improper – especially when a party

8   fails to submit any evidentiary declarations supporting such objections").

9   Accordingly, Mattel must be compelled either to certify that it has produced all

10   non-privileged responsive documents or to produce all such documents by a date

11   certain.

12       To the extent that Mattel is relying on its blanket objections, they are not

13   sustainable and do not justify Mattel's failure to produce documents.

14       As to overbreadth, Mattel provides no explanation, let alone the required

15   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

16   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

17   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

18   contrary, the request is narrowly tailored to seek documents concerning the

19   commercial success or recognition of "MY SCENE" including market research.

20       As to burden, Mattel has not attempted to demonstrate why responding to

21   this request and/or producing responsive documents presents any burden.  This

22   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

23   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24   request is unduly burdensome must allege specific facts which indicate the nature

25   and extent of the burden, usually by affidavit or other reliable evidence.")

26   Moreover, it is not unduly burdensome, as noted above, in that the request is

27   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

28   has engaged in a broad variety of unfair trade practices including serial copying of

1  MGA products and trade dress infringement.  MGA is entitled to discovery on these

2  claims.

3      This request does not seek documents protected by the attorney-client

4  privilege, the attorney work product doctrine, or other applicable privileges.  To the

5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6      Mattel objects that the request contains confidential, proprietary and trade

7  secret information.  A Protective Order exists in this case, obviating any concern as

8  to protection of privacy rights and/or commercially sensitive information.

9      Mattel objects that the request is duplicative or subsumed within prior

10  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

11  agree to produce responsive non-privileged documents is not proper based on this

12  objection.

13      As for relevancy, Mattel has not attempted to demonstrate why the

14  information sought in response to this request is not discoverable in Phase 2.  On

15  the contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

16  product lines, including it various dolls, packaging, themes, accessories, and

17  advertising. Mattel's "MY SCENE" is an example of one such accused Mattel

18  product line.  Documents related to the commercial success or recognition

19  including market research of "MY SCENE" products by Mattel and their success,

20  or lack thereof, are discoverable in Phase 2 and highly relevant to MGA's claims.

21      Mattel limits its response to "sufficient to show the overall sales of the MY

22  SCENE products that MGA has accused of infringement."  Such a limitation is

23  unjustified.  The request seeks information about the commercial success or

24  recognition of "MY SCENE" including market research. In addition to overall

25  sales, documents such as market research reports showing the relative success of

26  "MY SCENE" and "BRATZ" would clearly be relevant to MGA's claims and

27  defenses, including MGA's claim that when Mattel's products failed it began to

28  copy MGA's successful products.  MGA has also brought an unfair competition

1   claim based on Mattel's serial copying of MGA's products.  MGA is entitled to

2   discovery on all aspects of its claims and not just on overall sales and its

3   infringement theory.

4        None of Mattel's improper objections are valid and Mattel is obligated to

5   produce all non-privileged responsive documents in its possession, custody, or

6   control.

7

8   **REQUEST FOR PRODUCTION NO. 91:**

9        All DOCUMENTS REFERRING OR RELATING TO the commercial

10  success or recognition of MGA's "BRATZ" including, without limitation,

11  MARKET RESEARCH.

12       **RESPONSE TO REQUEST NO. 91:**

13       In addition to the general objections stated above which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is

15  overbroad, unduly burdensome and unintelligible, including in that it seeks all

16  documents on this subject without limitation as to time, and regardless of whether

17  such documents relate to products or matters at issue in this case.  Mattel further

18  objects to the Request on the grounds that it seeks documents that are not relevant

19  to this action or likely to lead to the discovery of admissible evidence.  Mattel

20  further objects to this Request on the grounds that it seeks confidential, proprietary

21  and trade secret information that has no bearing on the claims or defenses in this

22  case.  Mattel further objects to this Request on the grounds that it is duplicative of

23  or subsumed within other requests within this set of requests.  Mattel further objects

24  to this Request on the grounds that it calls for the disclosure of information subject

25  to the attorney-client privilege, the attorney work-product doctrine and other

26  applicable privileges.

27       Subject to and without waiving the foregoing general and specific objections,

28  and to the extent not already produced, Mattel will produce responsive,

1   non-privileged documents in its possession, custody or control, if any, that it can

2   locate after a reasonable, good faith search sufficient to show the overall sales of

3   the Bratz products that MGA has accused of infringement.

4

5   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

6

7        Mattel has improperly limited its agreement to produce documents in

8   response to this request, subject to its improper boilerplate objections.  Mattel has

9   refused to confirm whether or not it has produced all non-privileged responsive

10  documents or whether it is withholding documents based on its objections in Phase

11  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

12  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

13  Generic objections that fail to explain the basis for an objection with specificity are

14  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

15  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

16  such as 'overly burdensome and harassing' are improper – especially when a party

17  fails to submit any evidentiary declarations supporting such objections").

18  Accordingly, Mattel must be compelled either to certify that it has produced all

19  non-privileged responsive documents or to produce all such documents by a date

20  certain.

21        To the extent that Mattel is relying on its blanket objections, they are not

22  sustainable and do not justify Mattel's failure to produce documents.

23        As to overbreadth, Mattel provides no explanation, let alone the required

24  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

25  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

26  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

27  contrary, the request is narrowly tailored to seek documents concerning the

28  commercial success or recognition of "BRATZ," including market research.

1    As to burden, Mattel has not attempted to demonstrate why responding to

2  this request and/or producing responsive documents presents any burden.  This

3  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.")

7  Moreover, it is not unduly burdensome, as noted above, in that the request is

8  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9  has engaged in a broad variety of unfair trade practices including serial copying of

10  MGA products and trade dress infringement.  MGA is entitled to discovery on these

11  claims.

12    This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges.  To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15    Mattel objects that the request contains confidential, proprietary and trade

16  secret information.  A Protective Order exists in this case, obviating any concern as

17  to protection of privacy rights and/or commercially sensitive information.

18    Mattel objects that the request is duplicative or subsumed within prior

19  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

20  agree to produce responsive non-privileged documents is not proper based on this

21  objection.

22    As for relevancy, Mattel has not attempted to demonstrate why the

23  information sought in response to this request is not discoverable in Phase 2. On the

24  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

25  product lines, including its BRATZ product line, packaging, themes,

26  accessories, and advertising.  Documents related to the commercial success or

27  recognition including market research of "BRATZ" that Mattel has in its

28  possession, custody or control are  discoverable in Phase 2.

1    Mattel limits its response to "sufficient to show the overall sales of the Bratz

2    products that MGA has accused of infringement."  Such a limitation is unjustified.

3    The request seeks information about the commercial success or recognition of

4    "BRATZ" including market research.  In addition to overall sales, documents such

5    as market research reports showing the relative success of "MY SCENE" and

6    "BRATZ" would clearly be relevant to MGA's claims and defenses, including

7    MGA's claim that when Mattel's products failed it began to copy MGA's

8    successful products.  MGA has also brought an unfair competition claim based on

9    Mattel's serial copying of MGA's products.  MGA is entitled to discovery on all

10    aspects its claims, and not just on overall sales and products Mattel unilaterally

11    determines are accused of infringement.

12    None of Mattel's improper objections are valid and Mattel is obligated to

13    produce all non-privileged responsive documents in its possession, custody, or

14    control.

15

16    **REQUEST FOR PRODUCTION NO. 93:**

17    DOCUMENTS sufficient to indicate when a project number was first

18    assigned to "MY SCENE."

19    **RESPONSE TO REQUEST NO. 93:**

20    In addition to the general objections stated above which are incorporated

21    herein by reference, Mattel objects to this Request on the grounds that it is

22    overbroad, unduly burdensome and unintelligible, including in that it seeks all

23    documents on this subject without limitation as to time, and regardless of whether

24    such documents relate to products or matters at issue in this case.  Mattel further

25    objects to the Request on the grounds that it seeks documents that are not relevant

26    to this action or likely to lead to the discovery of admissible evidence.  Mattel

27    further objects to this Request on the grounds that it seeks confidential, proprietary

28    and trade secret information that has no bearing on the claims or defenses in this

case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, and to the extent not already produced, Mattel will produce responsive, non-privileged reports in its possession, custody or control, if any, that it can locate after a reasonable, good faith search sufficient to show the assignment of any SKU number for the MY SCENE products that MGA has accused of infringement.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required

- 165 -

1  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

2  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

3  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

4  contrary, the request is narrowly tailored to seek documents sufficient to indicate

5  when a project number was first assigned to "MY SCENE."

6       As to burden, Mattel has not attempted to demonstrate why responding to

7  this request and/or producing responsive documents presents any burden.  This

8  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

9  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10  request is unduly burdensome must allege specific facts which indicate the nature

11  and extent of the burden, usually by affidavit or other reliable evidence.")

12  Moreover, it is not unduly burdensome, as noted above, in that the request is

13  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

14  has engaged in a broad variety of unfair trade practices, including serial copying of

15  MGA products and trade dress infringement.  MGA is entitled to discovery on these

16  claims.

17       This request does not seek documents protected by the attorney-client

18  privilege, the attorney work product doctrine, or other applicable privileges.  To the

19  extent that Mattel contends that it does, Mattel must provide a privilege log.

20       Mattel objects that the request contains confidential, proprietary and trade

21  secret information.  A Protective Order exists in this case, obviating any concern as

22  to protection of privacy rights and/or commercially sensitive information.

23       Mattel also objects to this request on relevance grounds.  MGA has brought

24  trade dress claims related to "MY SCENE" and has alleged claims of unfair

25  competition based on Mattel's serial copying and imitation of MGA's products.  As

26  such, documents which indicate when a project number was first assigned to "MY

27  SCENE" are highly relevant and likely to lead to the discovery of admissible

28  evidence.

1    Mattel has also improperly limited its agreement to produce by redefining the

2    scope of MGA's request.  While MGA requested documents sufficient to indicate

3    when a project number was first assigned to "MY SCENE," Mattel has only agreed

4    to produce *reports* sufficient to show the assignment of a SKU number for certain

5    "MY SCENE" products.  Mattel is required to respond to the request as originally

6    drafted by MGA and may not unilaterally narrow and rewrite MGA's requests.

7    None of Mattel's improper objections are valid and Mattel is obligated to

8    produce all non-privileged responsive documents in its possession, custody, or

9    control.

10

11   **REQUEST FOR PRODUCTION NO. 94:**

12   All DOCUMENTS REFERRING OR RELATING TO any

13   COMMUNICATION between MATTEL and any participant in any MARKET

14   RESEARCH REFERRING OR RELATING TO "MY SCENE," MGA or

15   "BRATZ."

16   **RESPONSE TO REQUEST NO. 94:**

17   In addition to the general objections stated above which are incorporated

18   herein by reference, Mattel objects to this Request on the grounds that it is

19   overbroad, unduly burdensome and unintelligible, including in that it seeks all

20   documents on this subject without limitation as to time, and regardless of whether

21   such documents relate to products or matters at issue in this case.  Mattel further

22   objects to the Request on the grounds that it seeks documents that are not relevant

23   to this action or likely to lead to the discovery of admissible evidence.  Mattel

24   further objects to this Request on the grounds that it seeks confidential, proprietary

25   and trade secret information that has no bearing on the claims or defenses in this

26   case.  Mattel further objects to this Request on the grounds that it is duplicative of

27   or subsumed within other requests within this set of requests.  Mattel further objects

28   to this Request on the grounds that it calls for the disclosure of information subject

1    to the attorney-client privilege, the attorney work-product doctrine and other

2    applicable privileges.

3         Subject to and without waiving the foregoing general and specific objections,

4    and to the extent not already produced, Mattel will produce responsive,

5    non-privileged documents in its possession, custody or control, if any, that it can

6    locate after a reasonable, good faith search relating to the aspects of the MY

7    SCENE products that MGA has accused of infringement or the aspects of the Bratz

8    products that MGA claims were infringed thereby.

9

10   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**

11

12        Mattel has improperly limited its agreement to produce documents in

13   response to this request, subject to its improper boilerplate objections.  Mattel has

14   refused to confirm whether or not it has produced all non-privileged responsive

15   documents or whether it is withholding documents based on its objections in Phase

16   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18   Generic objections that fail to explain the basis for an objection with specificity are

19   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21   such as 'overly burdensome and harassing' are improper – especially when a party

22   fails to submit any evidentiary declarations supporting such objections").

23   Accordingly, Mattel must be compelled either to certify that it has produced all

24   non-privileged responsive documents or to produce all such documents by a date

25   certain.

26        To the extent that Mattel is relying on its blanket objections, they are not

27   sustainable and do not justify Mattel's failure to produce documents.

28

1    As to overbreadth, Mattel provides no explanation, let alone the required

2    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5    contrary, the request is narrowly tailored to seek documents concerning Mattel

6    communications regarding market research of "MY SCENE," "BRATZ," or MGA.

7    As to burden, Mattel has not attempted to demonstrate why responding to

8    this request and/or producing responsive documents presents any burden.  This

9    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

10    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11    request is unduly burdensome must allege specific facts which indicate the nature

12    and extent of the burden, usually by affidavit or other reliable evidence.")

13    Moreover, it is not unduly burdensome, as noted above, in that the request is

14    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

15    has engaged in a broad variety of unfair trade practices including serial copying of

16    MGA products.  MGA is entitled to discovery on these claims.

17    This request does not seek documents protected by the attorney-client

18    privilege, the attorney work product doctrine, or other applicable privileges.  To the

19    extent that Mattel contends that it does, Mattel must provide a privilege log.

20    Mattel objects that the request contains confidential, proprietary and trade

21    secret information.  A Protective Order exists in this case, obviating any concern as

22    to protection of privacy rights and/or commercially sensitive information.

23    Mattel objects that the request is duplicative or subsumed within prior

24    requests but does not identify the allegedly duplicative requests.  Mattel's failure to

25    agree to produce responsive non-privileged documents is not proper based on this

26    objection.

27    As for relevancy, Mattel has not attempted to demonstrate why the

28    information sought in response to this request is not discoverable in Phase 2.  On

- 169 -

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET ONE; CV 04-9049 SGL (RNBx)

1   the contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

2   product lines, including it "BRATZ" product line, packaging, themes,

3   accessories, and advertising.  Mattel's "MY SCENE" is an example of one

4   such accused Mattel product line.  Documents related to Mattel communications

5   regarding market research of "MY SCENE," "BRATZ," or MGA are highly

6   relevant to MGA's claims and defenses, including MGA's claim that when Mattel's

7   products failed it began to copy MGA's successful products, and are discoverable

8   in Phase 2.

9         Mattel's response to this request is nonsensical.  The request seeks

10  documents related to Mattel communications regarding market research of "MY

11  SCENE," MGA or "BRATZ."  Mattel responds that it "produce responsive,

12  non-privileged documents … relating to the MY SCENE products that MGA has

13  accused of infringement or the aspects of the Bratz products that MGA claims were

14  infringed thereby."  Mattel's response is non-responsive.  MGA's claims against

15  Mattel include both trade dress infringement and unfair competition.  MGA is

16  entitled to the requested discovery under all of its claims, not just as to those

17  "aspects" of products that Mattel unilaterally determines are discoverable.

18        None of Mattel's improper objections are valid and Mattel is obligated to

19  produce all non-privileged responsive documents in its possession, custody, or

20  control.

21

22  **REQUEST FOR PRODUCTION NO. 95:**

23        All DOCUMENTS REFERRING OR RELATING TO

24  COMMUNICATIONS that pertain in any way, explicitly or implicitly, to

25  "BRATZ" between LARIAN, BRYANT, Paula Garcia (a.k.a. Paula Treantafelles),

26  Mercedeh Ward, Victoria O'Connor, or anyone with an email address in the form

27  of _____@mgae.com, on the one hand, and any of the following, on the other

28  hand:

OHS West:260723184

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET ONE; CV 04-9049 SGL (RNBx)

1       a)    Ivy Ross

2       b)    Lily Martinez

3       c)    Cassidy Park

4       d)    Margaret Leahy (a.k.a. Margaret Hatch or Margaret Hatch Leahy)

5       e)    Elise Cloonan

6       f)    Anna Rhee

7       g)    any PERSON formerly or currently employed by MATTEL in

8   marketing, sales, design, or development

9       h)    any PERSON who provided services to MATTEL on a contract or

10  temporary basis in marketing, sales, design, or development

11      i)    any shareholders, directors or officers of MATTEL.

12  **RESPONSE TO REQUEST NO. 95:**

13      In addition to the general objections stated above which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is

15  overbroad, unduly burdensome and unintelligible, including in that it seeks all

16  documents on this subject without limitation as to time, and regardless of whether

17  such documents relate to products or matters at issue in this case.  Mattel further

18  objects to the Request on the grounds that it seeks documents that are not relevant

19  to this action or likely to lead to the discovery of admissible evidence.  Mattel

20  further objects to this Request on the grounds that it seeks confidential, proprietary

21  and trade secret information that has no bearing on the claims or defenses in this

22  case.  Mattel further objects to this Request on the grounds that it calls for the

23  disclosure of information subject to the attorney-client privilege, the attorney

24  work-product doctrine and other applicable privileges.

25

26

27

28

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel refuses to produce documents in response to this request, raising only improper objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents relating to communications that pertain in any way to "BRATZ" between two discrete groups of people.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")

1    Moreover, it is not unduly burdensome, as noted above, in that the request is

2    narrowly tailored to seek only discoverable evidence.

3        As to relevancy, this request seeks communications about "BRATZ" between

4    individuals who were employees or contractors of Mattel, on one hand, and

5    individuals who were employees or contractors of MGA, on the other hand, around

6    the time that Bratz was conceived.  As such, this request seeks information

7    discoverale in this case.

8        Mattel objects that the request contains confidential, proprietary and trade

9    secret information.  A Protective Order exists in this case, obviating any concern as

10   to protection of privacy rights and/or commercially sensitive information.

11       This request does not seek information protected by the attorney-client

12   privilege, the attorney work product doctrine, or other applicable privileges.  To the

13   extent that Mattel contends that it does, Mattel must provide a privilege log.

14       None of Mattel's improper objections are valid and Mattel is obligated to

15   produce all non-privileged responsive documents in its possession, custody, or

16   control.

17

18   **REQUEST FOR PRODUCTION NO. 96:**

19       All DOCUMENTS REFERRING OR RELATING TO this lawsuit

20   including, without limitation, COMMUNICATIONS REFERRING OR

21   RELATING TO this lawsuit from any MATTEL executive, anyone that worked on

22   "MY SCENE," or anyone at MATTEL with responsibility for communications

23   with NPD Funworld, Children's Advertising Review Unit, or the Toy Industry

24   Association.

25       **RESPONSE TO REQUEST NO. 96:**

26       In addition to the general objections stated above which are incorporated

27   herein by reference, Mattel objects to this Request on the grounds that it is

28   overbroad, unduly burdensome and unintelligible, including in that it seeks all

1   documents on this subject without limitation as to time, and regardless of whether

2   such documents relate to products or matters at issue in this case.  Mattel further

3   objects to the Request on the grounds that it seeks documents that are not relevant

4   to this action or likely to lead to the discovery of admissible evidence.  Mattel

5   further objects to this Request on the grounds that it seeks confidential, proprietary

6   and trade secret information that has no bearing on the claims or defenses in this

7   case.  Mattel further objects to this Request on the grounds that it is duplicative of

8   or subsumed within other requests within this set of requests.  Mattel further objects

9   to this Request on the grounds that it calls for the disclosure of information subject

10  to the attorney-client privilege, the attorney work-product doctrine and other

11  applicable privileges.

12

13  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

14

15      Mattel refuses to produce documents in response to this request based on its

16  improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an

17  objection to part of a request must specify the part and permit inspection of the

18  rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

19  for an objection with specificity are routinely rejected in the Central District.  See

20  A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

21  ("general or boilerplate objections such as 'overly burdensome and harassing' are

22  improper – especially when a party fails to submit any evidentiary declarations

23  supporting such objections").  Accordingly, Mattel must be compelled either to

24  certify that it has produced all non-privileged responsive documents or to produce

25  all such documents by a date certain.

26      Mattel's limitation to communications alleged in the complaint is also

27  improper.  MGA's request is narrowly tailored to seek information that may

28

1   support a specific allegation in MGA's complaint, and under the liberal discovery

2   rules MGA is entitled to all requested information.

3       To the extent that Mattel is relying on its blanket objections, they are not

4   sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the required

6   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9   contrary, the request is narrowly tailored to seek documents relating to the lawsuit,

10  including, without limitation, communications related to this lawsuit from any

11  Mattel executive, anyone that worked on "MY SCENE," and anyone with

12  responsibility for communications with NPD Funworld, Children's Advertising

13  Review Unit, or the Toy Industry Association.

14      As to burden, Mattel has not attempted to demonstrate why responding to

15  this request and/or producing responsive documents presents any burden.  This

16  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

17  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.")

20  Moreover, it is not unduly burdensome, as noted above, in that the request is

21  narrowly tailored to seek only discoverable evidence.

22      As to relevancy, Mattel has not attempted to demonstrate why the responsive

23  documents are irrelevant to the current action.  On the contrary, MGA has alleged

24  that Mattel has engaged in a broad variety of unfair trade practices, from serial

25  copying of MGA products, to threatening retailers and suppliers to cease doing

26  business with MGA, to intimidating employees and industry groups in order to

27  prevent MGA from fairly competing.  A request seeking communications

28  mentioned above is therefore relevant to this action and MGA's claim.

1    Mattel objects that the request contains confidential, proprietary and trade

2    secret information.  A Protective Order exists in this case, obviating any concern as

3    to protection of privacy rights and/or commercially sensitive information.

4    This request does not seek information protected by the attorney-client

5    privilege, the attorney work product doctrine, or other applicable privileges.  To the

6    extent that Mattel contends that it does, Mattel must provide a privilege log.

7    None of Mattel's improper objections are valid and Mattel is obligated to

8    produce all non-privileged responsive documents in its possession, custody, or

9    control.

10

11    **REQUEST FOR PRODUCTION NO. 97:**

12    All DOCUMENTS REFERRING OR RELATING TO any

13    COMMUNICATION between MATTEL and any person consulted regarding any

14    fact or issue relating to this lawsuit, including, without limitation, any experts,

15    investigators, or witnesses, excluding privileged COMMUNICATIONS with or on

16    behalf of counsel for MATTEL.

17    **RESPONSE TO REQUEST NO. 97:**

18    In addition to the general objections stated above which are incorporated

19    herein by reference, Mattel objects to this Request on the grounds that it is

20    overbroad, unduly burdensome and unintelligible, including in that it seeks all

21    documents on this subject without limitation as to time, and regardless of whether

22    such documents relate to products or matters at issue in this case.  Mattel further

23    objects to the Request on the grounds that it seeks documents that are not relevant

24    to this action or likely to lead to the discovery of admissible evidence.  Mattel

25    further objects to this Request on the grounds that it seeks confidential, proprietary

26    and trade secret information that has no bearing on the claims or defenses in this

27    case.  Mattel further objects to this Request as premature in that it seeks expert

28    discovery.  Such discovery will be disclosed only at the time, and in the manner

1   required by, the <u>Rules</u> and the Court's Orders.  Mattel further objects to this

2   Request on the grounds that it calls for the disclosure of information subject to the

3   attorney-client privilege, the attorney work-product doctrine and other applicable

4   privileges.

5

6   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

7

8        Mattel has refused to produce documents in response to this request, based on

9   its improper boilerplate objections.  Under the Federal Rules of Civil Procedure,

10  "an objection to part of a request must specify the part and permit inspection of the

11  rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

12  for an objection with specificity are routinely rejected in the Central District.  <u>See</u>

13  <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

14  ("general or boilerplate objections such as 'overly burdensome and harassing' are

15  improper – especially when a party fails to submit any evidentiary declarations

16  supporting such objections").  Accordingly, Mattel must be compelled either to

17  certify that it has produced all non-privileged responsive documents or to produce

18  all such documents by a date certain.

19       To the extent that Mattel is relying on its blanket objections, they are not

20  sustainable and do not justify Mattel's failure to produce documents.

21       As to overbreadth, Mattel provides no explanation, let alone the required

22  particularity, as to ***why*** this request is supposedly overly broad, nor can it do so.

23  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

24  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

25  contrary, the request is narrowly tailored to seek documents relating to

26  communications between Mattel and any person consulted regarding any fact or

27  issue relating to this lawsuit, including, without limitation, any experts,

28

1    investigators, or witnesses, excluding privileged communications with or on behalf

2    of counsel for Mattel.

3        As to burden, Mattel has not attempted to demonstrate why responding to

4    this request and/or producing responsive documents presents any burden.  This

5    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

6    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7    request is unduly burdensome must allege specific facts which indicate the nature

8    and extent of the burden, usually by affidavit or other reliable evidence.")

9    Moreover, it is not unduly burdensome, as noted above, in that the request is

10   narrowly tailored to seek only discoverable evidence.

11       As to relevancy, Mattel has not attempted to demonstrate why the responsive

12   documents are irrelevant to the current action.  On the contrary, MGA has alleged

13   that Mattel has engaged in a broad variety of unfair trade practices from serial

14   copying of MGA products, to threatening retailers and suppliers to cease doing

15   business with MGA, to intimidating employees and industry groups in order to

16   prevent MGA from fairly competing.  A request seeking communications relating

17   to the facts in this lawsuit is relevant to this action and MGA's claims and defenses.

18       Mattel objects that the request contains confidential, proprietary and trade

19   secret information.  A Protective Order exists in this case, obviating any concern as

20   to protection of privacy rights and/or commercially sensitive information.

21       This request does not seek information protected by the attorney-client

22   privilege, the attorney work product doctrine, or other applicable privileges.  To the

23   extent that Mattel contends that it does, Mattel must provide a privilege log.

24       None of Mattel's improper objections are valid and Mattel is obligated to

25   produce all non-privileged responsive documents in its possession, custody, or

26   control.

27

28

1

**REQUEST FOR PRODUCTION NO. 98:**

2

3

4

5

6

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS, between YOU on the one hand and any employee, officer, director, agent, representative, or counsel for any competitor of MGA REFERRING OR RELATING TO MGA, "BRATZ," or this lawsuit, or other litigation involving the parties hereto or their employees.

7

**RESPONSE TO REQUEST NO. 98:**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other requests within this set of requests. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

22

23

24

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

25

26

27

28

Mattel has refused to produce documents in response to this request, based on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis

- 179 -

1   for an objection with specificity are routinely rejected in the Central District.  <u>See</u>

2   <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

3   ("general or boilerplate objections such as 'overly burdensome and harassing' are

4   improper – especially when a party fails to submit any evidentiary declarations

5   supporting such objections").  Accordingly, Mattel must be compelled either to

6   certify that it has produced all non-privileged responsive documents or to produce

7   all such documents by a date certain.

8        To the extent that Mattel is relying on its blanket objections, they are not

9   sustainable and do not justify Mattel's failure to produce documents.

10       As to overbreadth, Mattel provides no explanation, let alone the required

11   particularity, as to ***why*** this request is supposedly overly broad, nor can it do so.

12   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

13   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14   contrary, the request is narrowly tailored to seek documents relating to any

15   communications between Mattel and any employee, officer, director, agent,

16   representative, or counsel for any competitor of MGA referring to MGA,

17   "BRATZ," or this lawsuit, or other litigation involving the parties here or their

18   employees.

19       As to burden, Mattel has not attempted to demonstrate why responding to

20   this request and/or producing responsive documents presents any burden.  This

21   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

22   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23   request is unduly burdensome must allege specific facts which indicate the nature

24   and extent of the burden, usually by affidavit or other reliable evidence.")

25   Moreover, it is not unduly burdensome, as noted above, in that the request is

26   narrowly tailored to seek only discoverable evidence.

27       As to relevancy, Mattel has not attempted to demonstrate why the responsive

28   documents are irrelevant to the current action.  On the contrary, MGA has alleged

1  that Mattel has engaged in a broad variety of unfair trade practices from serial

2  copying of MGA products, to threatening retailers and suppliers to cease doing

3  business with MGA, to intimidating employees and industry groups in order to

4  prevent MGA from fairly competing.  A request seeking communications

5  mentioned above is relevant to this action and MGA's claims.

6      Mattel objects that the request contains confidential, proprietary and trade

7  secret information.  A Protective Order exists in this case, obviating any concern as

8  to protection of privacy rights and/or commercially sensitive information.

9      This request does not seek information protected by the attorney-client

10 privilege, the attorney work product doctrine, or other applicable privileges.  To the

11 extent that Mattel contends that it does, Mattel must provide a privilege log.

12     None of Mattel's improper objections are valid and Mattel is obligated to

13 produce all non-privileged responsive documents in its possession, custody, or

14 control.

15

16 **REQUEST FOR PRODUCTION NO. 100:**

17     All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

18 RELATING TO any COMMUNICATIONS, between YOU on the one hand and

19 any employee, officer, director, agent, representative, or counsel for any competitor

20 of MGA REFERRING OR RELATING TO claims by MGA against MATTEL, or

21 claims by MATTEL against MGA or its employees.

22     **RESPONSE TO REQUEST NO. 100:**

23     In addition to the general objections stated above which are incorporated

24 herein by reference, Mattel objects to this Request on the grounds that it is

25 overbroad, unduly burdensome and unintelligible, including in that it seeks all

26 documents on this subject without limitation as to time, and regardless of whether

27 such documents relate to products or matters at issue in this case.  Mattel further

28 objects to the Request on the grounds that it seeks documents that are not relevant

1    to this action or likely to lead to the discovery of admissible evidence.  Mattel

2    further objects to this Request on the grounds that it seeks confidential, proprietary

3    and trade secret information that has no bearing on the claims or defenses in this

4    case.  Mattel further objects to this Request on the grounds that it is duplicative of

5    or subsumed within other requests within this set of requests.  Mattel further objects

6    to this Request on the grounds that it calls for the disclosure of information subject

7    to the attorney-client privilege, the attorney work-product doctrine and other

8    applicable privileges.

9

10   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

11

12   Mattel has refused to produce documents in response to this request, based on

13   its improper boilerplate objections.  Under the Federal Rules of Civil Procedure,

14   "an objection to part of a request must specify the part and permit inspection of the

15   rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

16   for an objection with specificity are routinely rejected in the Central District.  See

17   A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

18   ("general or boilerplate objections such as 'overly burdensome and harassing' are

19   improper – especially when a party fails to submit any evidentiary declarations

20   supporting such objections").  Accordingly, Mattel must be compelled either to

21   certify that it has produced all non-privileged responsive documents or to produce

22   all such documents by a date certain.

23   To the extent that Mattel is relying on its blanket objections, they are not

24   sustainable and do not justify Mattel's failure to produce documents.

25   As to overbreadth, Mattel provides no explanation, let alone the required

26   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

27   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

28   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

1    contrary, the request is narrowly tailored to seek documents relating to any

2    communications between Mattel and on the one hand and any employee, officer,

3    director, agent, representative, or counsel for any competitor of MGA referring to

4    specific issues, namely either claims by MGA against Mattel or claims by Mattel

5    against MGA or its employees.

6         As to burden, Mattel has not attempted to demonstrate why responding to

7    this request and/or producing responsive documents presents any burden.  This

8    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

9    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10   request is unduly burdensome must allege specific facts which indicate the nature

11   and extent of the burden, usually by affidavit or other reliable evidence.")

12   Moreover, it is not unduly burdensome, as noted above, in that the request is

13   narrowly tailored to seek only discoverable evidence.

14        As to relevancy, Mattel has not attempted to demonstrate why the responsive

15   documents are irrelevant to the current action.  On the contrary, MGA has alleged

16   that Mattel has engaged in a broad variety of unfair trade practices from serial

17   copying of MGA products, to threatening retailers and suppliers to cease doing

18   business with MGA, to intimidating employees and industry groups in order to

19   prevent MGA from fairly competing.  A request seeking communications

20   mentioned above is relevant to this action and MGA's claims in Phase 2.

21        Mattel objects that the request contains confidential, proprietary and trade

22   secret information.  A Protective Order exists in this case, obviating any concern as

23   to protection of privacy rights and/or commercially sensitive information.

24        This request does not seek information protected by the attorney-client

25   privilege, the attorney work product doctrine, or other applicable privileges.  To the

26   extent that Mattel contends that it does, Mattel must provide a privilege log.

27        None of Mattel's improper objections are valid and Mattel is obligated to

28   produce all non-privileged responsive documents in its possession, custody, or

1   control.

2

3   **REQUEST FOR PRODUCTION NO. 106:**

4          All DOCUMENTS tending to support or refute MATTEL's claims, if any,

5   that "BRATZ" copies, replicates, or in any way imitates the appearance of "MY

6   SCENE" or any other MATTEL product.

7          **RESPONSE TO REQUEST NO. 106:**

8          In addition to the general objections stated above which are incorporated

9   herein by reference, Mattel objects to this Request on the grounds that it is

10   overbroad, unduly burdensome and unintelligible, including in that it seeks all

11   documents on this subject without limitation as to time, and regardless of whether

12   such documents relate to products or matters at issue in this case.  Mattel further

13   objects to the Request on the grounds that it seeks documents that are not relevant

14   to this action or likely to lead to the discovery of admissible evidence.  Mattel

15   further objects to this Request on the grounds that it seeks confidential, proprietary

16   and trade secret information that has no bearing on the claims or defenses in this

17   case.  Mattel further objects to this Request on the grounds that it is duplicative of

18   or subsumed within other requests within this set of requests.  Mattel further objects

19   to this Request on the grounds that it calls for the disclosure of information subject

20   to the attorney-client privilege, the attorney work-product doctrine and other

21   applicable privileges.

22          Subject to and without waiving the foregoing general and specific

23   objections, and to the extent not already produced, Mattel will produce

24   responsive, non-privileged documents in its possession, custody or control, if

25   any, that it can locate after a reasonable, good faith search comparing the

26   appearance of, on the one hand, the aspects of the Bratz products that MGA has

27   alleged were infringed and, on the other hand, the aspects of the MY SCENE

28   products that MGA has accused of infringement.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel improperly limit its agreement to produce responsive documents comparing "aspects of the Bratz products that MGA has alleged were infringed" and "aspects of the MY Scene products that MGA has accused of infringement." MGA's trade dress and unfair competition claims are broad, and Mattel cannot use its rewriting of the request as a shield to withhold materials discoverable in Phase 2. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents specifically relating to whether "BRATZ" copies "MY SCENE" or another Mattel product.

1       As to burden, Mattel has not attempted to demonstrate why responding to

2   this request and/or producing responsive documents presents any burden.  This

3   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5   request is unduly burdensome must allege specific facts which indicate the nature

6   and extent of the burden, usually by affidavit or other reliable evidence.")

7   Moreover, it is not unduly burdensome, as noted above, in that the request is

8   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9   has engaged in a broad variety of unfair trade practices including serial copying of

10  MGA products and trade dress infringement.  Mattel has alleged that MGA has

11  engaged in trade secret misappropriation.  MGA is entitled to discovery on these

12  claims and its defenses.

13      This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges.  To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16      Mattel objects on the basis of relevance.  Mattel cannot legitimately contend

17  that whether "BRATZ" allegedly copies "MY SCENE" is not at issue in Phase 2 of

18  these consolidated proceedings.  Documents relating to "BRATZ" allegedly

19  copying "MY SCENE" are likely to lead to admissible evidence supporting or

20  refuting MGA's trade dress claim, MGA's unfair competition claim, Mattel's trade

21  secret misappropriation claim, and both parties' damages claims.

22      None of Mattel's improper objections are valid and Mattel is obligated to

23  produce all non-privileged responsive documents in its possession, custody, or

24  control.

25

26

27

28

1

**REQUEST FOR PRODUCTION NO. 107:**

2

All COMMUNICATIONS between YOU and any retailer REFERRING

3

OR RELATING TO whether "BRATZ" copies, replicates, or in any way

4

imitates the appearance of "MY SCENE" or any other MATTEL product.

5

**RESPONSE TO REQUEST NO. 107:**

6

In addition to the general objections stated above which are incorporated

7

herein by reference, Mattel objects to this Request on the grounds that it is

8

overbroad, unduly burdensome and unintelligible, including in that it seeks all

9

documents on this subject without limitation as to time, and regardless of

10

whether such documents relate to products or matters at issue in this case.

11

Mattel further objects to the Request on the grounds that it seeks documents

12

that are not relevant to this action or likely to lead to the discovery of

13

admissible evidence.  Mattel further objects to this Request on the grounds that

14

it seeks confidential, proprietary and trade secret information that has no

15

bearing on the claims or defenses in this case.  Mattel further objects to this

16

Request on the grounds that it is duplicative of or subsumed within other

17

requests within this set of requests.  Mattel further objects to this Request on the

18

grounds that it calls for the disclosure of information subject to the

19

attorney-client privilege, the attorney work-product doctrine and other applicable

20

privileges.

21

Subject to and without waiving the foregoing general and specific objections,

22

and to the extent not already produced, Mattel will produce responsive,

23

non-privileged communications in its possession, custody or control, if any, that it

24

can locate after a reasonable, good faith search comparing the appearance of, on the

25

one hand, the aspects of the Bratz products that MGA has alleged were infringed

26

and, on the other hand, the aspects of the MY SCENE products that MGA has

27

accused of infringement.

28

- 187 -

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel improperly limit its agreement to produce responsive documents comparing "aspects of the Bratz products that MGA has alleged were infringed" and "aspects of the MY Scene products that MGA has accused of infringement." MGA's trade dress and unfair competition claims are broad, and Mattel cannot use its rewriting of the request as a shield to withhold materials discoverable in Phase 2. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents specifically relating to whether "BRATZ" copies "MY SCENE" or another Mattel product.

1    As to burden, Mattel has not attempted to demonstrate why responding to

2  this request and/or producing responsive documents presents any burden.  This

3  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.")

7  Moreover, it is not unduly burdensome, as noted above, in that the request is

8  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9  has engaged in a broad variety of unfair trade practices including serial copying of

10  MGA products and trade dress infringement.  Mattel has alleged that MGA has

11  engaged in trade secret misappropriation.  MGA is entitled to discovery on these

12  claims and its defenses.

13    This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges.  To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16    Mattel objects on the basis of relevance.  Mattel cannot legitimately contend

17  that whether "BRATZ" allegedly copies "MY SCENE" is not at issue in Phase 2 of

18  these consolidated proceedings.  Documents relating to "BRATZ" allegedly

19  copying "MY SCENE" are likely to lead to admissible evidence supporting or

20  refuting MGA's trade dress claim, MGA's unfair competition claim, Mattel's trade

21  secret misappropriation claim, and both parties' damages claims.

22    None of Mattel's improper objections are valid and Mattel is obligated to

23  produce all non-privileged responsive documents in its possession, custody, or

24  control.

25

26

27

28

**<u>REQUEST FOR PRODUCTION NO. 108:</u>**

All COMMUNICATIONS between YOU and any retailer REFERRING OR RELATING TO whether "MY SCENE" copies, replicates, or in any way imitates the appearance of "BRATZ."

**<u>RESPONSE TO REQUEST NO. 108:</u>**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other requests within this set of requests. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, and to the extent not already produced, Mattel will produce responsive, non-privileged communications in its possession, custody or control, if any, that it can locate after a reasonable, good faith search comparing the appearance of, on the one hand, the aspects of the Bratz products that MGA has alleged were infringed and, on the other hand, the aspects of the MY SCENE products that MGA has accused of infringement.

1

2

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

3      Mattel improperly limits its agreement to produce responsive documents to

4  documents comparing the appearance of "aspects of Bratz products that MGA has

5  alleged were infringed" and "aspects of the MY SCENE products that MGA has

6  accused of infringement."  MGA's trade dress and unfair competition claims are

7  broad, and Mattel cannot use its rewriting of the request as a shield to withhold

8  materials discoverable in Phase 2.  Mattel has refused to confirm whether or not it

9  has produced all non-privileged responsive documents or whether it is withholding

10  documents based on its objections in Phase 2.  Under the Federal Rules of Civil

11  Procedure, "an objection to part of a request must specify the part and permit

12  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

13  explain the basis for an objection with specificity are routinely rejected in the

14  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

15  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

16  and harassing' are improper – especially when a party fails to submit any

17  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

18  compelled either to certify that it has produced all non-privileged responsive

19  documents or to produce all such documents by a date certain.

20      To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.

22      As to overbreadth, Mattel provides no explanation, let alone the required

23  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

24  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26  contrary, the request is narrowly tailored to seek documents specifically relating to

27  whether "MY SCENE" copies "BRATZ".

28

1    As to burden, Mattel has not attempted to demonstrate why responding to

2    this request and/or producing responsive documents presents any burden.  This

3    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5    request is unduly burdensome must allege specific facts which indicate the nature

6    and extent of the burden, usually by affidavit or other reliable evidence.")

7    Moreover, it is not unduly burdensome, as noted above, in that the request is

8    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9    has engaged in a broad variety of unfair trade practices including serial copying of

10   MGA products and trade dress infringement.  Mattel has alleged that MGA has

11   engaged in trade secret misappropriation.  MGA is entitled to discovery on these

12   claims and its defenses.

13       This request does not seek documents protected by the attorney-client

14   privilege, the attorney work product doctrine, or other applicable privileges.  To the

15   extent that Mattel contends that it does, Mattel must provide a privilege log.

16       Mattel objects on the basis of relevance.  Mattel cannot legitimately contend

17   that whether "MY SCENE" copies "BRATZ" is not at issue in Phase 2 of these

18   consolidated proceedings.  Documents relating to "MY SCENE" copying

19   "BRATZ" are likely to lead to admissible evidence supporting or refuting MGA's

20   trade dress claim, MGA's unfair competition claim, Mattel's trade secret

21   misappropriation claim, and both parties' damages claims.

22       None of Mattel's improper objections are valid and Mattel is obligated to

23   produce all non-privileged responsive documents in its possession, custody, or

24   control.

25

26

27

28

**REQUEST FOR PRODUCTION NO. 109:**

All COMMUNICATIONS between YOU and any customer REFERRING OR RELATING TO whether "MY SCENE" copies, replicates, or in any way imitates the appearance of "BRATZ."

**RESPONSE TO REQUEST NO. 109:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other requests within this set of requests. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, and to the extent not already produced, Mattel will produce responsive, non-privileged communications in its possession, custody or control, if any, that it can locate after a reasonable, good faith search comparing the appearance of, on the one hand, the aspects of the Bratz products that MGA has alleged were infringed and, on the other hand, the aspects of the MY SCENE products that MGA has accused of infringement.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel improperly limits its agreement to produce responsive documents to documents comparing the appearance of "aspects of Bratz products that MGA has alleged were infringed" and "aspects of the MY SCENE products that MGA has accused of infringement."  MGA's trade dress and unfair competition claims are broad, and Mattel cannot use its rewriting of the request as a shield to withhold materials discoverable in Phase 2.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents specifically relating to whether "MY SCENE" copies "BRATZ".

1     As to burden, Mattel has not attempted to demonstrate why responding to

2  this request and/or producing responsive documents presents any burden.  This

3  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.")

7  Moreover, it is not unduly burdensome, as noted above, in that the request is

8  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9  has engaged in a broad variety of unfair trade practices including serial copying of

10  MGA products and trade dress infringement.  Mattel hase alleged that MGA has

11  engaged in trade secret misappropriation.  MGA is entitled to discovery on these

12  claims and its defenses.

13     This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges.  To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16     Mattel objects on the basis of relevance.  Mattel cannot legitimately contend

17  that whether "MY SCENE" copies "BRATZ" is not at issue in Phase 2 of these

18  consolidated proceedings.  Documents relating to "MY SCENE" copying

19  "BRATZ" are likely to lead to admissible evidence supporting or refuting MGA's

20  trade dress claim, MGA's unfair competition claim, Mattel's trade secret

21  misappropriation claim, and both parties' damages claims.

22     None of Mattel's improper objections are valid and Mattel is obligated to

23  produce all non-privileged responsive documents in its possession, custody, or

24  control.

25

26

27

28

**REQUEST FOR PRODUCTION NO. 110:**

All COMMUNICATIONS between YOU and any member of the press REFERRING OR RELATING TO whether "MY SCENE" copies, replicates, or in any way imitates the appearance of "BRATZ."

**RESPONSE TO REQUEST NO. 110:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other requests within this set of requests. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, and to the extent not already produced, Mattel will produce responsive, non-privileged communications in its possession, custody or control, if any, that it can locate after a reasonable, good faith search comparing the appearance of, on the one hand, the aspects of the Bratz products that MGA has alleged were infringed and, on the other hand, the aspects of the MY SCENE products that MGA has accused of infringement.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel improperly limits its agreement to produce responsive documents to documents comparing the appearance of "aspects of Bratz products that MGA has alleged were infringed" and "aspects of the MY SCENE products that MGA has accused of infringement."  MGA's trade dress and unfair competition claims are broad, and Mattel cannot use its rewriting of the request as a shield to withhold materials discoverable in Phase 2.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to members of the press and to seek documents specifically relating to whether "MY SCENE" copies "BRATZ".

1    As to burden, Mattel has not attempted to demonstrate why responding to

2  this request and/or producing responsive documents presents any burden.  This

3  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.")

7  Moreover, it is not unduly burdensome, as noted above, in that the request is

8  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9  has engaged in a broad variety of unfair trade practices including serial copying of

10  MGA products and trade dress infringement.  Mattel has alleged that MGA has

11  engaged in trade secret misappropriation.  MGA is entitled to discovery on these

12  claims and its defenses.

13    This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges.  To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16    Mattel objects on the basis of relevance.  Mattel cannot legitimately contend

17  that whether "MY SCENE" copies "BRATZ" is not at issue in Phase 2 of these

18  consolidated proceedings.  Documents relating to "MY SCENE" copying

19  "BRATZ" are likely to lead to admissible evidence supporting or refuting MGA's

20  trade dress claim, MGA's unfair competition claim, Mattel's trade secret

21  misappropriation claim, and both parties' damages claims.

22    None of Mattel's improper objections are valid and Mattel is obligated to

23  produce all non-privileged responsive documents in its possession, custody, or

24  control.

25

26

27

28

**REQUEST FOR PRODUCTION NO. 111:**

All COMMUNICATIONS between YOU and any supplier REFERRING OR RELATING TO whether "MY SCENE" copies, replicates, or in any way imitates the appearance of "BRATZ."

**RESPONSE TO REQUEST NO. 111:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other requests within this set of requests. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, and to the extent not already produced, Mattel will produce responsive, non-privileged communications in its possession, custody or control, if any, that it can locate after a reasonable, good faith search comparing the appearance of, on the one hand, the aspects of the Bratz products that MGA has alleged were infringed and, on the other hand, the aspects of the MY SCENE products that MGA has accused of infringement.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel improperly limits its agreement to produce responsive documents to documents comparing the appearance of "aspects of Bratz products that MGA has alleged were infringed" and "aspects of the MY SCENE products that MGA has accused of infringement."  MGA's trade dress and unfair competition claims are broad, and Mattel cannot use its rewriting of the request as a shield to withhold materials discoverable in Phase 2.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek communications with suppliers specifically relating to whether "MY SCENE" copies "BRATZ".

- 200 -

1       As to burden, Mattel has not attempted to demonstrate why responding to

2   this request and/or producing responsive documents presents any burden.  This

3   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

4   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5   request is unduly burdensome must allege specific facts which indicate the nature

6   and extent of the burden, usually by affidavit or other reliable evidence.")

7   Moreover, it is not unduly burdensome, as noted above, in that the request is

8   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9   has engaged in a broad variety of unfair trade practices including serial copying of

10  MGA products and trade dress infringement.  MGA is entitled to discovery on these

11  claims.

12      This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges.  To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15      Mattel objects on the basis of relevance.  Mattel cannot legitimately contend

16  that whether "MY SCENE" copies "BRATZ" is not at issue in Phase 2 of these

17  consolidated proceedings.  Documents relating to "MY SCENE" copying

18  "BRATZ" are likely to lead to admissible evidence supporting or refuting MGA's

19  trade dress claim, MGA's unfair competition claim, Mattel's trade secret

20  misappropriation claim, and both parties' damages claims.

21      None of Mattel's improper objections are valid and Mattel is obligated to

22  produce all non-privileged responsive documents in its possession, custody, or

23  control.

24

25  **<u>REQUEST FOR PRODUCTION NO. 112:</u>**

26      All COMMUNICATIONS between YOU and any other third party

27  REFERRING OR RELATING TO whether "MY SCENE" copies, replicates, or in

28  any way imitates the appearance of "BRATZ".

**RESPONSE TO REQUEST NO. 112:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other requests within this set of requests. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, and to the extent not already produced, Mattel will produce responsive, non-privileged communications in its possession, custody or control, if any, that it can locate after a reasonable, good faith search comparing the appearance of, on the one hand, the aspects of the Bratz products that MGA has alleged were infringed and, on the other hand, the aspects of the MY SCENE products that MGA has accused of infringement.


**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel improperly limits its agreement to produce responsive documents to documents comparing the appearance of "aspects of Bratz products that MGA has alleged were infringed" and "aspects of the MY SCENE products that MGA has

accused of infringement."  MGA's trade dress and unfair competition claims are broad, and Mattel cannot use its rewriting of the request as a shield to withhold materials discoverable in Phase 2.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents specifically relating to whether "MY SCENE" copies "BRATZ".

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")

1  Moreover, it is not unduly burdensome, as noted above, in that the request is

2  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

3  has engaged in a broad variety of unfair trade practices including serial copying of

4  MGA products and trade dress infringement.  Mattl has alleged that MGA has

5  engaged in trade secret misappropriation.  MGA is entitled to discovery on these

6  claims and its defenses.

7      This request does not seek documents protected by the attorney-client

8  privilege, the attorney work product doctrine, or other applicable privileges.  To the

9  extent that Mattel contends that it does, Mattel must provide a privilege log.

10     Mattel objects on the basis of relevance.  Mattel cannot legitimately contend

11  that whether "MY SCENE" copies "BRATZ" is not at issue in Phase 2 of these

12  consolidated proceedings.  Documents relating to "MY SCENE" copying

13  "BRATZ" are likely to lead to admissible evidence supporting or refuting MGA's

14  trade dress claim, MGA's unfair competition claim, Mattel's trade secret

15  misappropriation claim, and both parties' damages claims.

16     None of Mattel's improper objections are valid and Mattel is obligated to

17  produce all non-privileged responsive documents in its possession, custody, or

18  control.

19

20  **REQUEST FOR PRODUCTION NO. 113:**

21     Documents sufficient to identify those persons, by name and title, for the

22  time period from October 1998 through the end of December 2000, associated

23  with the originating telephone numbers contained in the documents produced

24  by YOU in *Mattel v. Bryant,* now part of consolidated Case No. CV 04-09049

25  SGL (RNBx), with Bates numbers M0001825-M0012534.

26     **RESPONSE TO REQUEST NO. 113:**

27     In addition to the general objections stated above which are incorporated

28  herein by reference, Mattel objects to this Request on the grounds that it is

1 overbroad, unduly burdensome and unintelligible, including in that it seeks all

2 documents on this subject without limitation as to time, and regardless of

3 whether such documents relate to products or matters at issue in this case.

4 Mattel further objects to the Request on the grounds that it seeks documents

5 that are not relevant to this action or likely to lead to the discovery of

6 admissible evidence.  Mattel further objects to this Request on the grounds that

7 it seeks confidential, proprietary and trade secret information that has no

8 bearing on the claims or defenses in this case.  Mattel further objects to this

9 Request on the grounds that it calls for the disclosure of information subject to

10 the attorney-client privilege, the attorney work-product doctrine and other

11 applicable privileges.

12

13 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
   SHOULD BE COMPELLED**

14

15   Mattel refuses to provide documents responsive to this request.  Under the

16 Federal Rules of Civil Procedure, "an objection to part of a request must specify the

17 part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

18 objections that fail to explain the basis for an objection with specificity are

19 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20 Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21 such as 'overly burdensome and harassing' are improper – especially when a party

22 fails to submit any evidentiary declarations supporting such objections").

23 Accordingly, Mattel must be compelled either to certify that it has produced all

24 non-privileged responsive documents or to produce all such documents by a date

25 certain.

26   To the extent that Mattel is relying on its blanket objections, they are not

27 sustainable and do not justify Mattel's failure to produce documents.

28

1    As to overbreadth, Mattel provides no explanation, let alone the required

2    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5    contrary, the request is narrowly tailored to seek documents sufficient to identify

6    who made the calls listed in a document that Mattel itself produced in this

7    litigation.

8    As to burden, Mattel has not attempted to demonstrate why responding to

9    this request and/or producing responsive documents presents any burden.  This

10   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

11   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12   request is unduly burdensome must allege specific facts which indicate the nature

13   and extent of the burden, usually by affidavit or other reliable evidence.")

14   Moreover, it is not unduly burdensome, as noted above, in that the request is

15   narrowly tailored to seek only discoverable evidence.

16   Mattel itself put this document at issue by producing it in this case.  Mattel

17   cannot now claim that the identification of the individuals who made the calls

18   reflected in its production document is irrelevant.

19   This request does not seek documents protected by the attorney-client

20   privilege, the attorney work product doctrine, or other applicable privileges.  To the

21   extent that Mattel contends that it does, Mattel must provide a privilege log.

22   Mattel objects that the request contains confidential/proprietary/trade secret

23   information.  A Protective Order exists in this case, obviating any concern as to

24   protection of privacy rights and/or commercially sensitive information.

25

26

27

28

1         None of Mattel's improper objections are valid and Mattel is obligated to

2    produce all non-privileged responsive documents in its possession, custody, or

3    control.

4

5    Dated:  September 23, 2009       ORRICK, HERRINGTON & SUTCLIFFE LLP

6

7                   By:       /s/ Diana M. Rutowski

8                          Diana M. Rutowski
                   Attorneys for MGA ENTERTAINMENT, INC.,

9                  MGA ENTERTAINMENT HK, LTD., MGA de
                   MEXICO, S.R.L. de C.V., and ISAAC LARIAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28