MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1-415-773-5700
Facsimile: +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: +1-213-629-2020
Facsimile: +1-213612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | Case No. CV 04-9049-SGL (RNBx) |
| Plaintiff, | Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727 |
| v. | **DISCOVERY MATTER** |
| MATTEL, INC., a Delaware corporation, | [To Be Heard by Discovery Master Robert O'Brien Pursuant to Order of January 6, 2009] |
| Defendant. | **SEPARATE STATEMENT IN SUPPORT OF MGA PARTIES' MOTION TO COMPEL FURTHER RESPONSES TO MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (9049, SET TWO)** |
| AND CONSOLIDATED ACTIONS | Date: TBD<br>Time: TBD<br>Courtroom: TBD |
| | **Phase 2**<br>Discovery Cutoff: December 11, 2009<br>Pretrial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

Plaintiffs and Counter-Defendants MGA Parties ("MGA") submit this Separate Statement in Support of MGA Parties' Motion to Compel Further Responses to MGA's Requests for Production of Documents (9049, Set Two). This Separate Statement covers MGA's Second Set of Requests in Case No. CV 04-9049 SGL of the consolidated proceedings, served on March 27, 2007. The requests included in this Separate Statement are Request Nos. 125, 127, 130, 168, 170-171, 176-177 and 180 (the "Requests at Issue"). In addition to the reasons why further responses to each request should be compelled set forth below, MGA incorporates the reasons set forth in its Motion to Compel Further Responses to MGA's Requests for Production of Documents.

## MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS AT ISSUE AND RESPONSES - CASE NO. CV 04-9049 SGL (RNBx)

## REQUEST FOR PRODUCTION NO. 125:

DOCUMENTS sufficient to identify by name and title the employees that BRYANT allegedly enlisted to perform work on BRATZ while BRYANT was still a MATTEL employee.

## RESPONSE TO REQUEST NO. 125:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the

1    disclosure of information subject to the attorney-client privilege, the attorney

2    work-product doctrine and other applicable privileges.

3            **SUPPLEMENTAL RESPONSE TO REQUEST NO. 125:**

4            In addition to the general objections stated above which are incorporated

5    herein by reference, Mattel objects to this Request on the grounds that it is

6    unintelligible, including in that it seeks documents without meaningful limitation as

7    to subject matter, and regardless of whether such documents relate to products or

8    matters at issue in this case.  Mattel further objects to the Request on the grounds

9    that it seeks documents that are not relevant to this action or likely to lead to the

10   discovery of admissible evidence.  Mattel also objects to this Request on the

11   grounds that it seeks documents and information in the possession or control of

12   MGA and/or Bryant, including documents and information that MGA and Bryant

13   have been compelled to produce by Court orders but still have not produced.

14   Mattel further objects to this Request on the grounds that it calls for the disclosure

15   of information subject to the attorney-client privilege, the attorney work-product

16   doctrine and other applicable privileges.

17

18           **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
        SHOULD BE COMPELLED**
19

20           Mattel refuses to produce documents responsive to this request.  Under the

21   Federal Rules of Civil Procedure, "an objection to part of a request must specify the

22   part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

23   objections that fail to explain the basis for an objection with specificity are

24   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

25   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

26   such as 'overly burdensome and harassing' are improper – especially when a party

27   fails to submit any evidentiary declarations supporting such objections").

28   Accordingly, Mattel must be compelled either to certify that it has produced all

1    non-privileged responsive documents or to produce all such documents by a date
2    certain.

3         To the extent that Mattel is relying on its blanket objections, they are not
4    sustainable and do not justify Mattel's failure to produce documents.

5         As to overbreadth, Mattel provides no explanation, let alone the required
6    particularity, as to **why** this request is supposedly overly broad, nor can it do so.
7    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
8    (overruling objections not stated with specificity), Rutowski Dec., Ex. 55.  To the
9    contrary, the request is narrowly tailored to documents sufficient to identify
10   individuals that Bryant allegedly enlisted to work on BRATZ at Mattel.

11        This request does not seek documents protected by the attorney-client
12   privilege, the attorney work product doctrine, or other applicable privileges.  To the
13   extent that Mattel contends that it does, Mattel must provide a privilege log.

14        Mattel objects that the request contains confidential, proprietary and trade
15   secret information.  A Protective Order exists in this case, obviating any concern as
16   to protection of privacy rights and/or commercially sensitive information.

17        Mattel objects that the request seeks information in MGA's possession, but
18   this objection does not relieve Mattel of its obligation to produce all responsive
19   non-privileged documents in its possession, custody or control.

20        As for relevancy, Mattel has not attempted to demonstrate why the
21   information sought in response to this request is not discoverable in Phase 2. On the
22   contrary, documents sufficient to show the employees that Bryant allegedly enlisted
23   to work on BRATZ while at Mattel are highly likely to lead to the discovery of
24   admissible evidence regarding MGA's unfair competition claims of serial copying,
25   its statute of limitations defense, and Mattel's alleged trade secrets in BRATZ,
26   among other things.

27

28

OHS West:260723193

- 3 -

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL,
9049, SET TWO; CV 04-9049 SGL (RNBx)

1    None of Mattel's improper objections are valid and Mattel is obligated to

2    produce all non-privileged responsive documents in its possession, custody, or

3    control.

4

5    **REQUEST FOR PRODUCTION NO. 127:**

6    DOCUMENTS sufficient to identify by name and title the employees that

7    BRYANT led to believe that work done on BRATZ design or development was for

8    MATTEL.

9    **RESPONSE TO REQUEST NO. 127:**

10   In addition to the general objections stated above which are incorporated

11   herein by reference, Mattel objects to this Request on the grounds that it is

12   overbroad, unduly burdensome and unintelligible, including in that it seeks all

13   documents on this subject without limitation as to time, and regardless of whether

14   such documents relate to products or matters at issue in this case. Mattel further

15   objects to the Request on the grounds that it seeks documents that are not relevant

16   to this action or likely to lead to the discovery of admissible evidence. Mattel

17   further objects to this Request on the grounds that it seeks confidential, proprietary

18   and trade secret information that has no bearing on the claims or defenses in this

19   case. Mattel further objects to this Request on the grounds that it calls for the

20   disclosure of information subject to the attorney-client privilege, the attorney

21   work-product doctrine and other applicable privileges.

22   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 127:**

23   In addition to the general objections stated above which are incorporated

24   herein by reference, Mattel objects to this Request on the grounds that it is

25   unintelligible, including in that it seeks documents without meaningful limitation as

26   to subject matter, and regardless of whether such documents relate to products or

27   matters at issue in this case. Mattel further objects to the Request on the grounds

28   that it seeks documents that are not relevant to this action or likely to lead to the

1   discovery of admissible evidence.  Mattel also objects to this Request on the

2   grounds that it seeks documents and information in the possession or control of

3   MGA and/or Bryant, including documents and information that MGA and Bryant

4   have been compelled to produce by Court orders but still have not produced.

5   Mattel further objects to this Request on the grounds that it calls for the disclosure

6   of information subject to the attorney-client privilege, the attorney work-product

7   doctrine and other applicable privileges.

8

9        **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

10       **SHOULD BE COMPELLED**

11          Mattel refuses to produce documents responsive to this request.  Under the

12   Federal Rules of Civil Procedure, "an objection to part of a request must specify the

13   part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

14   objections that fail to explain the basis for an objection with specificity are

15   routinely rejected in the Central District.  <u>See</u> <u>A. Farber and Partners, Inc. v.</u>

16   <u>Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

17   such as 'overly burdensome and harassing' are improper – especially when a party

18   fails to submit any evidentiary declarations supporting such objections").

19   Accordingly, Mattel must be compelled either to certify that it has produced all

20   non-privileged responsive documents or to produce all such documents by a date

21   certain.

22          To the extent that Mattel is relying on its blanket objections, they are not

23   sustainable and do not justify Mattel's failure to produce documents.

24          As to overbreadth, Mattel provides no explanation, let alone the required

25   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27   (overruling objections not stated with specificity), Rutowski Dec., Ex. 55.  To the

28

contrary, the request is narrowly tailored to documents sufficient to identify

individuals that Bryant allegedly led to believe that BRATZ was for Mattel.

This request does not seek documents protected by the attorney-client

privilege, the attorney work product doctrine, or other applicable privileges.  To the

extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential, proprietary and trade

secret information.  A Protective Order exists in this case, obviating any concern as

to protection of privacy rights and/or commercially sensitive information.

Mattel objects that the request seeks information in MGA's possession, but

this objection does not relieve Mattel of its obligation to produce all responsive

non-privileged documents in its possession, custody or control.

As for relevancy, Mattel has not attempted to demonstrate why the

information sought in response to this request is not discoverable in Phase 2. On the

contrary, documents sufficient to show the employees that Bryant allegedly enlisted

to work on BRATZ while at Mattel are highly likely to lead to the discovery of

admissible evidence regarding MGA's unfair competition claims of serial copying,

its statute of limitations defense, and Mattel's alleged trade secrets in BRATZ,

among other things.

None of Mattel's improper objections are valid and Mattel is obligated to

produce all non-privileged responsive documents in its possession, custody, or

control.


**REQUEST FOR PRODUCTION NO. 130:**

DOCUMENTS sufficient to identify by name and title the members of

management and employees to whom BRYANT allegedly made misrepresentations

while employed at MATTEL.

**RESPONSE TO REQUEST NO. 130:**

In addition to the general objections stated above which are Incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 130:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unintelligible, including in that it seeks documents without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel also objects to this Request on the grounds that it seeks documents and information in the possession or control of MGA and/or Bryant, including documents and information that MGA and Bryant have been compelled to produce by Court orders but still have not produced.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it

1    calls for the disclosure of information subject to the attorney-client privilege, the

2    attorney work- product doctrine and other applicable privileges.

3

4    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**

5

6        Mattel refuses to produce documents responsive to this request.  Under the

7    Federal Rules of Civil Procedure, "an objection to part of a request must specify the

8    part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

9    objections that fail to explain the basis for an objection with specificity are

10   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

11   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

12   such as 'overly burdensome and harassing' are improper – especially when a party

13   fails to submit any evidentiary declarations supporting such objections").

14   Accordingly, Mattel must be compelled either to certify that it has produced all

15   non-privileged responsive documents or to produce all such documents by a date

16   certain.

17        To the extent that Mattel is relying on its blanket objections, they are not

18   sustainable and do not justify Mattel's failure to produce documents.

19        As to overbreadth, Mattel provides no explanation, let alone the required

20   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

21   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22   (overruling objections not stated with specificity), Rutowski Dec., Ex. 55.  To the

23   contrary, the request is narrowly tailored to documents sufficient to identify

24   individuals to whom Bryant allegedly made misrepresentations while at Mattel.

25        This request does not seek documents protected by the attorney-client

26   privilege, the attorney work product doctrine, or other applicable privileges.  To the

27   extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1    Mattel objects that the request contains confidential, proprietary and trade

2    secret information.  A Protective Order exists in this case, obviating any concern as

3    to protection of privacy rights and/or commercially sensitive information.

4    Mattel objects that the request seeks information in MGA's possession, but

5    this does not relieve Mattel of its obligation to produce all responsive non-

6    privileged documents in its possession, custody or control.

7    As for relevancy, Mattel has not attempted to demonstrate why the

8    information sought in response to this request is not discoverable in Phase 2. On the

9    contrary, documents sufficient to identify individuals to whom Bryant allegedly

10   mad misrepresentations while at Mattel are highly likely to lead to the discovery of

11   admissible evidence regarding MGA's unfair competition claims of serial copying,

12   its statute of limitations defense, and Mattel's alleged trade secrets in BRATZ,

13   among other things.

14   None of Mattel's improper objections are valid and Mattel is obligated to

15   produce all non-privileged responsive documents in its possession, custody, or

16   control.

17

18   **REQUEST FOR PRODUCTION NO. 168:**

19   All DOCUMENTS REFERRING OR RELATING TO YOUR

20   COMMUNICATIONS with any third party regarding MY SCENE MY BLING

21   BLING product with real gems, including but not limited to advertisements,

22   announcements, memoranda, conversations, offers for sale, and purchase orders,

23   including but not limited to any such COMMUNICATIONS made before May 12,

24   2006.

25   **RESPONSE TO REQUEST NO. 168:**

26   In addition to the general objections stated above which are incorporated

27   herein by reference, Mattel objects to this Request on the grounds that it is

28   overbroad, unduly burdensome and unintelligible, including in that it seeks all

OHS West:260723193

1  documents on this subject without limitation as to time, and regardless of whether

2  such documents relate to products or matters at issue in this case.  Mattel further

3  objects to the Request on the grounds that it seeks documents that are not relevant

4  to this action or likely to lead to the discovery of admissible evidence.  Mattel

5  further objects to this Request on the grounds that it seeks confidential, proprietary

6  and trade secret information that has no bearing on the claims or defenses in this

7  case.  Mattel further objects to this Request on the grounds that it calls for the

8  disclosure of information subject to the attorney-client privilege, the attorney

9  work-product doctrine and other applicable privileges.

10  **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 168:</u>**

11    In addition to the general objections stated above which are incorporated

12  herein by reference, Mattel objects to this Request on the grounds that it is

13  overbroad, unduly burdensome and unintelligible, including in that it seeks all

14  documents on this subject without limitation as to time, and regardless of whether

15  such documents relate to products or matters at issue in this case.  Mattel further

16  objects to the Request on the grounds that it seeks documents that are not relevant

17  to this action or likely to lead to the discovery of admissible evidence.  Mattel

18  further objects to this Request on the grounds that it seeks confidential, proprietary

19  and trade secret information, including such information that has no bearing on the

20  claims or defenses in this case.  Mattel further objects to this Request on the

21  grounds that it calls for the disclosure of information subject to the attorney-client

22  privilege, the attorney work-product doctrine and other applicable privileges.

23    Subject to the foregoing objections, Mattel responds as follows:  Mattel will

24  produce such responsive, non-privileged documents relating to those matters placed

25  at issue in this litigation that are in Mattel's possession, custody, or control, if any,

26  that Mattel has been able to locate after a diligent search and reasonable inquiry, to

27  the extent not previously produced.

28

1

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

2

3      Mattel improperly limits its agreement to produce to documents relating to

4   "those matters placed at issue in this litigation."  MGA is entitled to a complete

5   production in response to this request, and Mattel must not withhold documents if it

6   unilaterally deems that a matter is not placed at issue.  Mattel has refused to

7   confirm whether or not it has produced all non-privileged responsive documents or

8   whether it is withholding documents based on this limitation or its objections in

9   Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a

10  request must specify the part and permit inspection of the rest."  Fed. R. Civ. P.

11  34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with

12  specificity are routinely rejected in the Central District.  See A. Farber and Partners,

13  Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

14  objections such as 'overly burdensome and harassing' are improper – especially

15  when a party fails to submit any evidentiary declarations supporting such

16  objections").  Accordingly, Mattel must be compelled either to certify that it has

17  produced all non-privileged responsive documents or to produce all such

18  documents by a date certain.

19      To the extent that Mattel is relying on its blanket objections, they are not

20  sustainable and do not justify Mattel's failure to produce documents.

21      As to overbreadth, Mattel provides no explanation, let alone the required

22  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

23  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

24  (overruling objections not stated with specificity), Rutowski Dec., Ex. 55.  To the

25  contrary, the request is narrowly tailored to seek documents related to Mattel's

26  communications with third parties regarding a specific product, namely, the MY

27  SCENE MY BLING BLING product with real gems.

28

1      As to burden, Mattel has not attempted to demonstrate why responding to

2  this request and/or producing responsive documents presents any burden.  This

3  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.")

7  Moreover, it is not unduly burdensome, as noted above, in that the request is

8  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9  has engaged in a broad variety of unfair trade practices including serial copying of

10  MGA products.

11      This request does not seek documents protected by the attorney-client

12  privilege, the attorney work product doctrine, or other applicable privileges.  To the

13  extent that Mattel contends that it does, Mattel must provide a privilege log.

14      As to relevance, Mattel has not attempted to demonstrate why the responsive

15  documents are irrelevant to the current action.  On the contrary, MGA has alleged

16  that Mattel is engaged in copying of MGA products, packaging, themes and

17  advertising.  MY SCENE MY BLING BLING is an example of one such product,

18  as detailed in MGA's interrogatory responses (for example, Supplemental

19  Responses of MGA Entertainment Inc. to Interrogatories 51-55 and 64 Pursuant to

20  Order of April 14, 2009).  A request for documents related to communications

21  mentioned above is therefore likely to lead to the discovery of admissible evidence

22  related to MGA's claims and defenses.

23      Mattel objects that the request contains confidential, proprietary, and trade

24  secret information.  A Protective Order exists in this case, obviating any concern as

25  to protection of privacy rights and/or commercially sensitive information.

26      None of Mattel's improper objections are valid and Mattel is obligated to

27  produce all non-privileged responsive documents in its possession, custody, or

28  control.

**REQUEST FOR PRODUCTION NO. 170:**

All DOCUMENT REFERRING OR RELATING TO COMMUNICATIONS LARIAN had with third parties concerning any and all products made, sold or offered for sale by MATTEL.

**RESPONSE TO REQUEST NO. 170:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 170:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the

1    claims or defenses in this case.  Mattel further objects to this Request on the

2    grounds that it calls for the disclosure of information subject to the attorney-client

3    privilege, the attorney work-product doctrine and other applicable privileges.

4

5    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

6

7          Mattel refuses to produce documents in response to this request, subject to its

8    improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an

9    objection to part of a request must specify the part and permit inspection of the

10   rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

11   for an objection with specificity are routinely rejected in the Central District.  <u>See</u>

12   <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

13   ("general or boilerplate objections such as 'overly burdensome and harassing' are

14   improper – especially when a party fails to submit any evidentiary declarations

15   supporting such objections").  Accordingly, Mattel must be compelled either to

16   certify that it has produced all non-privileged responsive documents or to produce

17   all such documents by a date certain.

18          To the extent that Mattel is relying on its blanket objections, they are not

19   sustainable and do not justify Mattel's failure to produce documents.

20          As to overbreadth, Mattel provides no explanation, let alone the required

21   particularity, as to ***why*** this request is supposedly overly broad, nor can it do so.

22   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

23   (overruling objections not stated with specificity), Rutowski Dec., Ex. 55.  To the

24   contrary, the request is narrowly tailored to seek communications in Mattel's

25   possession, custody or control between Larian (who is at MGA and not Mattel) and

26   third parties about Mattel products.  The request seeks a discrete set of documents.

27          As to burden, Mattel has not attempted to demonstrate why responding to

28   this request and/or producing responsive documents presents any burden.  This

1   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

2   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3   request is unduly burdensome must allege specific facts which indicate the nature

4   and extent of the burden, usually by affidavit or other reliable evidence.")

5   Moreover, it is not unduly burdensome, as noted above, in that the request is

6   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7   has engaged in a broad variety of unfair trade practices, from threatening retailers

8   and suppliers to cease doing business with MGA, to using improper means to

9   obtain MGA's confidential business information.   MGA is entitled to discovery on

10   these claims.

11        This request does not seek documents protected by the attorney-client

12   privilege, the attorney work product doctrine, or other applicable privileges.  To the

13   extent that Mattel contends that it does, Mattel must provide a privilege log.

14        Mattel objects that the request seeks confidential, proprietary and trade secret

15   information.  A Protective Order exists in this case, obviating any concern as to

16   protection of privacy rights and/or commercially sensitive information.  Moreover,

17   by its nature this request seeks information sent to or from a person at MGA

18   (Larian), thus there can be no concerns regarding disclosure to MGA.  If Mattel has

19   knowledge of any such communications, that information would be relevant to

20   MGA's unfair competition claim, at a minimum.

21        None of Mattel's improper objections are valid and Mattel is obligated to

22   produce all non-privileged responsive documents in its possession, custody, or

23   control.

24

25   **REQUEST FOR PRODUCTION NO. 171:**

26        All DOCUMENTS, including but not limited to COMMUNICATIONS,

27   REFERRING OR RELATING TO any third party's decision not to buy, license,

28

manufacture, promote, distribute or sell MY SCENE MY BLING BLING, including but not limited to MY SCENE MY BLING BLING with real gems.

### RESPONSE TO REQUEST NO. 171:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

### SUPPLEMENTAL RESPONSE TO REQUEST NO. 171:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

1  Subject to the foregoing objections, Mattel responds as follows:  Mattel will

2  produce such responsive, non-privileged documents relating to those matters placed

3  at issue in this litigation that are in Mattel's possession, custody, or control, if any,

4  that Mattel has been able to locate after a diligent search and reasonable inquiry, to

5  the extent not previously produced.

6

7  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

8

9  Mattel has improperly limited its agreement to produce documents in

10  response to this request to documents relating to matters Mattel unilaterally deems

11  to be placed at issue in this litigation, subject to its improper boilerplate objections.

12  Mattel has refused to confirm whether or not it has produced all non-privileged

13  responsive documents or whether it is withholding documents based on its

14  objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to

15  part of a request must specify the part and permit inspection of the rest."  Fed. R.

16  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

17  with specificity are routinely rejected in the Central District.  See A. Farber and

18  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

19  boilerplate objections such as 'overly burdensome and harassing' are improper –

20  especially when a party fails to submit any evidentiary declarations supporting such

21  objections").  Accordingly, Mattel must be compelled either to certify that it has

22  produced all non-privileged responsive documents or to produce all such

23  documents by a date certain.

24  To the extent that Mattel is relying on its blanket objections, they are not

25  sustainable and do not justify Mattel's failure to produce documents.

26  As to overbreadth, Mattel provides no explanation, let alone the required

27  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

28  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

1   (overruling objections not stated with specificity), Rutowski Dec., Ex. 55.  To the

2   contrary, the request is narrowly tailored to seek documents concerning a particular

3   product, MY SCENE MY BLING BLING.

4       As to burden, Mattel has not attempted to demonstrate why responding to

5   this request and/or producing responsive documents presents any burden.  This

6   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8   request is unduly burdensome must allege specific facts which indicate the nature

9   and extent of the burden, usually by affidavit or other reliable evidence.")

10   Moreover, it is not unduly burdensome, as noted above, in that the request is

11   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

12   has engaged in a broad variety of unfair trade practices, from serial copying of

13   MGA products, to threatening retailers and suppliers to cease doing business with

14   MGA, to intimidating employees and industry groups in order to prevent MGA

15   from fairly competing, and the documents sought in response to this request are

16   directly related to these claims.

17       This request does not seek documents protected by the attorney-client

18   privilege, the attorney work product doctrine, or other applicable privileges.  To the

19   extent that Mattel contends that it does, Mattel must provide a privilege log.

20       Mattel objects that the request contains confidential, proprietary and trade

21   secret information.  A Protective Order exists in this case, obviating any concern as

22   to protection of privacy rights and/or commercially sensitive information.

23       As to relevancy, Mattel has not attempted to demonstrate why the responsive

24   documents are irrelevant to the current action.  On the contrary, MGA has alleged

25   that Mattel is engaged in copying of MGA products, packaging, themes and

26   advertising.  MY SCENE MY BLING BLING is an example of one such product,

27   as detailed in MGA's interrogatory responses (for example, Supplemental

28   Responses of MGA Entertainment Inc. to Interrogatories 51-55 and 64 Pursuant to

1    Order of April 14, 2009).  A request for documents related to communications

2    mentioned above is therefore likely to lead to the discovery of admissible evidence

3    related to MGA's claims and defenses.

4

5    **REQUEST FOR PRODUCTION NO. 176:**

6         All DOCUMENTS REFERRING OR RELATING TO how access to

7    MATTEL'S confidential information is controlled, including but not limited to

8    DOCUMENTS CONTAINING MATTEL's policy with respect to confidential

9    information, sign-in and sign-out sheets for access to confidential information, logs

10   of PERSONS who access confidential information, and procedures for accessing

11   confidential information.

12        **RESPONSE TO REQUEST NO. 176:**

13        In addition to the general objections stated above which are incorporated

14   herein by reference, Mattel objects to this Request on the grounds that it is

15   overbroad, unduly burdensome and unintelligible, including in that it seeks all

16   documents on this subject without limitation as to time, and regardless of whether

17   such documents relate to products or matters at issue in this case.  Mattel further

18   objects to the Request on the grounds that it seeks documents that are not relevant

19   to this action or likely to lead to the discovery of admissible evidence.  Mattel

20   further objects to this Request on the grounds that it seeks confidential, proprietary

21   and trade secret information that has no bearing on the claims or defenses in this

22   case.  Mattel further objects to this Request on the grounds that it calls for the

23   disclosure of information subject to the attorney-client privilege, the attorney

24   work-product doctrine and other applicable privileges.

25        **SUPPLEMENTAL RESPONSE TO REQUEST NO. 176:**

26        In addition to the general objections stated above which are incorporated

27   herein by reference, Mattel objects to this Request on the grounds that it is

28   overbroad, unduly burdensome and unintelligible, including in that it seeks all

1   documents on this subject without limitation as to time, and regardless of whether
2   such documents relate to products or matters at issue in this case.  Mattel further
3   objects to the Request on the grounds that it seeks documents that are not relevant
4   to this action or likely to lead to the discovery of admissible evidence.  Mattel
5   further objects to this Request on the grounds that it seeks confidential, proprietary
6   and trade secret information, including such information that has no bearing on the
7   claims or defenses in this case.  Mattel further objects on the grounds that the
8   Request seeks documents that are evidence in or pertain to criminal proceedings,
9   disclosure of which might interfere with such proceedings.  Mattel further objects to
10  this Request on the grounds that it calls for the disclosure of information subject to
11  the attorney-client privilege, the attorney work-product doctrine and other
12  applicable privileges.

13  **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 176:**

14          In addition to the general objections stated above which are incorporated
15  herein by reference, Mattel objects to this Request on the grounds that it is
16  overbroad, unduly burdensome and unintelligible, including in that it seeks all
17  documents on this subject without limitation as to time, and regardless of whether
18  such documents relate to products or matters at issue in this case.  Mattel further
19  objects to the Request on the grounds that it seeks documents that are not relevant
20  to this action or likely to lead to the discovery of admissible evidence.  Mattel
21  further objects to this Request on the grounds that it seeks confidential, proprietary
22  and trade secret information, including such information that has no bearing on the
23  claims or defenses in this case.  Mattel further objects on the grounds that the
24  Request seeks documents that are evidence in or pertain to criminal proceedings,
25  disclosure of which might interfere with such proceedings.  Mattel further objects to
26  this Request on the grounds that it calls for the disclosure of information subject to
27  the attorney-client privilege, the attorney work-product doctrine and other
28  applicable privileges.

1   Subject to the foregoing objections, Mattel responds as follows:  Mattel will

2   produce responsive, non-privileged documents that relate to the trade secrets at

3   issue in this case and to the policies and procedures applied in the U.S., Mexico and

4   Canada with respect to those trade secrets, that are in Mattel's possession, custody,

5   or control, if any, that Mattel has been able to locate after a diligent search and

6   reasonable inquiry, to the extent not previously produced.

7

8   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

9

10   Mattel has improperly limited its agreement to produce documents in

11   response to this request, subject to its improper boilerplate objections.  Mattel has

12   refused to confirm whether or not it has produced all non-privileged responsive

13   documents or whether it is withholding documents based on its objections in Phase

14   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

15   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

16   Generic objections that fail to explain the basis for an objection with specificity are

17   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

18   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

19   such as 'overly burdensome and harassing' are improper – especially when a party

20   fails to submit any evidentiary declarations supporting such objections").

21   Accordingly, Mattel must be compelled either to certify that it has produced all

22   non-privileged responsive documents or to produce all such documents by a date

23   certain.

24   To the extent that Mattel is relying on its blanket objections, they are not

25   sustainable and do not justify Mattel's failure to produce documents.

26   As to overbreadth, Mattel provides no explanation, let alone the required

27   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

28   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

1   (overruling objections not stated with specificity), Rutowski Dec., Ex. 55.  To the

2   contrary, the request is narrowly tailored to seek documents concerning how access

3   to Mattel's confidential information is controlled.

4          As to burden, Mattel has not attempted to demonstrate why responding to

5   this request and/or producing responsive documents presents any burden.  This

6   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8   request is unduly burdensome must allege specific facts which indicate the nature

9   and extent of the burden, usually by affidavit or other reliable evidence.")

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

12  has engaged in a broad variety of unfair trade practices both as affirmative claims

13  as well as defenses, including intimidating its former employees by sending

14  threatening letters to them warning them not to disclose publicly-available

15  information about Mattel.  Additionally, Mattel has alleged that MGA has directly

16  and indirectly engaged in various efforts to illegally obtain alleged trade

17  information from Mattel, including that MGA misappropriated alleged trade

18  secrets.  MGA is entitled to discovery on its claims and defenses.

19         Mattel objects that the request contains confidential, proprietary and trade

20  secret information.  A Protective Order exists in this case, obviating any concern as

21  to protection of privacy rights and/or commercially sensitive information.

22         Mattel also does not identify what documents, if any, it is withholding on the

23  grounds that such documents are evidence in or pertain to criminal proceedings, and

24  that their disclosure might interfere with such proceedings, nor does it explain *how*

25  their disclosure might cause such interference. This objection is therefore improper.

26  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with

27  specificity), Rutowski Dec., Ex. 55.

28

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4          None of Mattel's improper objections are valid and Mattel is obligated to

5    produce all non-privileged responsive documents in its possession, custody, or

6    control.

7

8    **REQUEST FOR PRODUCTION NO. 177:**

9          All DOCUMENTS REFERRING OR RELATING TO the steps and

10   procedures that MATTEL takes to keep MATTEL's confidential information

11   confidential.

12         **RESPONSE TO REQUEST NO. 177:**

13         In addition to the general objections stated above which are incorporated

14   herein by reference, Mattel objects to this Request on the grounds that it is

15   overbroad, unduly burdensome and unintelligible, including in that it seeks all

16   documents on this subject without limitation as to time, and regardless of whether

17   such documents relate to products or matters at issue in this case.  Mattel further

18   objects to the Request on the grounds that it seeks documents that are not relevant

19   to this action or likely to lead to the discovery of admissible evidence.  Mattel

20   further objects to this Request on the grounds that it seeks confidential, proprietary

21   and trade secret information that has no bearing on the claims or defenses in this

22   case.  Mattel further objects to this Request on the grounds that it calls for the

23   disclosure of information subject to the attorney-client privilege, the attorney

24   work-product doctrine and other applicable privileges.

25         **SUPPLEMENTAL RESPONSE TO REQUEST NO. 177:**

26         In addition to the general objections stated above which are incorporated

27   herein by reference, Mattel objects to this Request on the grounds that it is

28   overbroad, unduly burdensome and unintelligible, including in that it seeks all

1   documents on this subject without limitation as to time, and regardless of whether

2   such documents relate to products or matters at issue in this case.  Mattel further

3   objects to the Request on the grounds that it seeks documents that are not relevant

4   to this action or likely to lead to the discovery of admissible evidence.  Mattel

5   further objects to this Request on the grounds that it seeks confidential, proprietary

6   and trade secret information, including such information that has no bearing on the

7   claims or defenses in this case.  Mattel further objects on the grounds that the

8   Request seeks documents that are evidence in or pertain to criminal proceedings,

9   disclosure of which might interfere with such proceedings.  Mattel further objects to

10   this Request on the grounds that it calls for the disclosure of information subject to

11   the attorney-client privilege, the attorney work-product doctrine and other

12   applicable privileges.

13   **SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 177:**

14           In addition to the general objections stated above which are incorporated

15   herein by reference, Mattel objects to this Request on the grounds that it is

16   overbroad, unduly burdensome and unintelligible, including in that it seeks all

17   documents on this subject without limitation as to time, and regardless of whether

18   such documents relate to products or matters at issue in this case.  Mattel further

19   objects to the Request on the grounds that it seeks documents that are not relevant

20   to this action or likely to lead to the discovery of admissible evidence.  Mattel

21   further objects to this Request on the grounds that it seeks confidential, proprietary

22   and trade secret information, including such information that has no bearing on the

23   claims or defenses in this case.  Mattel further objects on the grounds that the

24   Request seeks documents that are evidence in or pertain to criminal proceedings,

25   disclosure of which might interfere with such proceedings.  Mattel further

26   objects to this Request on the grounds that it calls for the disclosure of

27   information subject to the attorney-client privilege, the attorney work-product

28   doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows:  Mattel will produce responsive, non-privileged documents that relate to the confidential information at issue in this case and to the policies and procedures applied in the U.S., Mexico and Canada with respect to that confidential information, that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on the limitation it imposes in its response or its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.

- 25 -

1   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

2   (overruling objections not stated with specificity), Rutowski Dec., Ex. 55.  To the

3   contrary, the request is narrowly tailored to seek documents concerning the steps

4   and procedures Mattel takes to protect its confidential information, which is directly

5   relevant to MGA's unfair competition claim based on Mattel's unlawful

6   constraints, intimidation, and coercion of MGA's current and potential employees

7   formerly or currently employed by Mattel, as well as to Mattel's claim for

8   misappropriation of alleged trade secrets.

9          As to burden, Mattel has not attempted to demonstrate why responding to

10  this request and/or producing responsive documents presents any burden.  This

11  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

12  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

13  request is unduly burdensome must allege specific facts which indicate the nature

14  and extent of the burden, usually by affidavit or other reliable evidence.")

15  Moreover, it is not unduly burdensome, as noted above, in that the request is

16  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

17  has unlawfully constrained, intimidated and coerced its current and potential

18  employees, and Mattel has alleged that MGA has directly and indirectly engaged in

19  various efforts to illegally obtain protected trade information from Mattel, including

20  that MGA misappropriated Mattel trade secrets.  MGA is entitled to discovery on

21  these claims.

22         Mattel objects that the request contains confidential, proprietary and trade

23  secret information.  A Protective Order exists in this case, obviating any concern as

24  to protection of privacy rights and/or commercially sensitive information.

25         Mattel also does not identify what documents, if any, it is withholding on the

26  grounds that such documents are evidence in or pertain to criminal proceedings, and

27  that their disclosure might interfere with such proceedings, nor does it explain ***how***

28  such disclosure might cause such interference. This objection is therefore improper.

1    Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with

2    specificity), Rutowski Dec., Ex. 55.

3          This request does not seek documents protected by the attorney-client

4    privilege, the attorney work product doctrine, or other applicable privileges.  To the

5    extent that Mattel contends that it does, Mattel must provide a privilege log.

6          None of Mattel's improper objections are valid and Mattel is obligated to

7    produce all non-privileged responsive documents in its possession, custody, or

8    control.

9

10   **REQUEST FOR PRODUCTION NO. 180:**

11         All DOCUMENTS REFERRING OR RELATING TO changes to store

12   layouts or displays for Mattel products in relation to MGA products from January 1,

13   2001 to the present.

14         **RESPONSE TO REQUEST NO. 180:**

15         In addition to the general objections stated above which are incorporated

16   herein by reference, Mattel objects to this Request on the grounds that it is

17   overbroad, unduly burdensome and unintelligible, including in that it seeks all

18   documents on this subject without limitation as to time, and regardless of whether

19   such documents relate to products or matters at issue in this case.  Mattel further

20   objects to the Request on the grounds that it seeks documents that are not relevant

21   to this action or likely to lead to the discovery of admissible evidence.  Mattel

22   further objects to this Request on the grounds that it seeks confidential, proprietary

23   and trade secret information that has no bearing on the claims or defenses in this

24   case.  Mattel further objects to this Request on the grounds that it calls for the

25   disclosure of information subject to the attorney-client privilege, the attorney work-

26   product doctrine and other applicable privileges.

27

28

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 180:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel refuses to produce responsive documents, subject to its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

1   To the extent that Mattel is relying on its blanket objections, they are not

2   sustainable and do not justify Mattel's failure to produce documents.

3   As to overbreadth, Mattel provides no explanation, let alone the required

4   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6   (overruling objections not stated with specificity), Rutowski Dec., Ex. 55.  To the

7   contrary, the request is narrowly tailored to seek documents related to changes to

8   store layouts or displays for Mattel products in relation to MGA products from

9   during the discrete time frame of January 1, 2001 to the present date.

10   As to burden, Mattel has not attempted to demonstrate why responding to

11   this request and/or producing responsive documents presents any burden.  This

12   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

13   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14   request is unduly burdensome must allege specific facts which indicate the nature

15   and extent of the burden, usually by affidavit or other reliable evidence.")

16   Moreover, it is not unduly burdensome, as noted above, in that the request is

17   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

18   has engaged in a broad variety of unfair trade practices including serial copying of

19   MGA products, advertising, packaging and store displays.

20   This request does not seek documents protected by the attorney-client

21   privilege, the attorney work product doctrine, or other applicable privileges.  To the

22   extent that Mattel contends that it does, Mattel must provide a privilege log.

23   As to relevancy, Mattel has not attempted to demonstrate why the responsive

24   documents are irrelevant to the current action.  On the contrary, MGA has alleged

25   that Mattel is engaged in copying of MGA products, packaging, themes and

26   advertising.  A request to seek documents related to changes to store layouts or

27   displays for Mattel products in relation to MGA products is therefore relevant to

28   this action and MGA's claims and affirmative defenses.

1    Mattel objects that the request contains confidential, proprietary, and trade

2    secret information.  A Protective Order exists in this case, obviating any concern as

3    to protection of privacy rights and/or commercially sensitive information.

4    None of Mattel's improper objections are valid and Mattel is obligated to

5    produce all non-privileged responsive documents in its possession, custody, or

6    control.

7

8    Dated:  September 23, 2009          ORRICK, HERRINGTON & SUTCLIFFE LLP

9

10                                               By:  _____/s/ Diana M. Rutowski_____

11                                                      Diana M. Rutowski
                                                      Attorneys for MGA ENTERTAINMENT, INC.,
12                                                    MGA ENTERTAINMENT HK, LTD., MGA de
                                                      MEXICO, S.R.L. de C.V., and ISAAC LARIAN

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OHS West:260723193                           - 30 -          SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL,
                                                             9049, SET TWO; CV 04-9049 SGL (RNBx)