1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA  94105-2669
6  Telephone:  +1-415-773-5700
   Facsimile:   +1-415-773-5759
7
   WILLIAM A. MOLINSKI (State Bar No. 145186)
8  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017
10 Telephone:  +1-213-629-2020
   Facsimile:   +1-213612-2499
11
   Attorneys for MGA Parties
12

13           UNITED STATES DISTRICT COURT

14           CENTRAL DISTRICT OF CALIFORNIA

15                 EASTERN DIVISION

16 | CARTER BRYANT, an individual, | Case No.  CV 04-9049-SGL (RNBx) |
17 |            Plaintiff,          | Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727 |
18 |            v.                  | **DISCOVERY MATTER** |
19 | MATTEL, INC., a Delaware       | [To Be Heard by Discovery Master Robert O'Brien Pursuant to Order of January 6, 2009] |
20 | corporation,                   | |
   |            Defendant.          | |
21 |--------------------------------| **SEPARATE STATEMENT IN SUPPORT OF MGA PARTIES' MOTION TO COMPEL FURTHER RESPONSES TO MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (9049, SET THREE)** |
22 | AND CONSOLIDATED ACTIONS       | |
23 |                                | |
24 |                                | Date:      TBD |
25 |                                | Time:      TBD |
   |                                | Courtroom: TBD |
26 |                                | **Phase 2** |
27 |                                | Discovery Cutoff:     December 11, 2009 |
   |                                | Pretrial Conference: March 1, 2010 |
28 |                                | Trial Date:           March 23, 2010 |

OHS West:260723198

Plaintiffs and Counter-Defendants MGA Parties ("MGA") submit this Separate Statement in Support of MGA Parties' Motion to Compel Further Responses to MGA's Requests for Production of Documents (9049, Set Three). This Separate Statement covers MGA's Third Set of Requests in Case No. CV 04-9049-SGL of the consolidated proceedings, served on March 27, 2007.  The requests included in this Separate Statement are Request Nos. 182-383 (the "Requests at Issue").  In addition to the reasons why further responses to each request should be compelled set forth below, MGA incorporates the reasons set forth in its Motion to Compel Further Responses to MGA's Requests for Production of Documents.

**MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS AT ISSUE AND RESPONSES - CASE NO. CV 04-9049 SGL (RNBx)**

**REQUEST FOR PRODUCTION NO. 182:**

All DOCUMENTS REFERRING OR RELATING TO Ricardo Abundis's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 182:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the

1   disclosure of information subject to the attorney-client privilege, the attorney work-

2   product doctrine and other applicable privileges.

3   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 182:**

4        In addition to the general objections stated above which are incorporated

5   herein by reference, Mattel objects to this Request on the grounds that it is

6   overbroad, unduly burdensome and unintelligible, including in that it seeks all

7   documents on this subject without limitation as to time, and regardless of whether

8   such documents relate to products or matters at issue in this case. Mattel further

9   objects to the Request on the grounds that it seeks documents that are not relevant

10  to this action or likely to lead to the discovery of admissible evidence. Mattel

11  further objects to this Request on the grounds that it calls for documents or

12  information in the possession, custody or control of MGA, including without

13  limitation documents and information that MGA has been compelled by Court

14  orders to produce but has not produced. Mattel further objects to this Request on

15  the grounds that it seeks confidential, proprietary and trade secret information,

16  including such information that has no bearing on the claims or defenses in this

17  case. Mattel further objects to this Request on the grounds that it calls for the

18  disclosure of information subject to the attorney-client privilege, the attorney work-

19  product doctrine and other applicable privileges.

20       Subject to the foregoing objections, Mattel responds as follows: Mattel will

21  produce responsive, non-privileged documents relating to Ricardo Abundis's

22  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

23  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

24  has been able to locate after a diligent search and reasonable inquiry, to the extent

25  not previously produced.

26

27

28

- 2 -

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Abundis's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA's business practices."  This area of information is taken directly from Mattel's allegations regarding Abundis in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 3).

- 3 -

1          As to burden, Mattel has not attempted to demonstrate why responding to

2    this request and/or producing responsive documents presents any burden.  This

3    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5    request is unduly burdensome must allege specific facts which indicate the nature

6    and extent of the burden, usually by affidavit or other reliable evidence.").

7    Moreover, it is not unduly burdensome, as noted above, in that the request is

8    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10         This request does not seek documents protected by the attorney-client

11   privilege, the attorney work product doctrine, or other applicable privileges.  To the

12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13         This request seeks relevant information.  Mattel identified Abundis in its

14   initial disclosures an individual with discoverable knowledge regarding "MGA's

15   access to Mattel's intellectual property and trade secrets" and "MGA business

16   practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

17   Jan. 5, 2007, p. 3).  Accordingly, Mattel's initial disclosures demonstrate the

18   relevance of this request.  Further, this information is relevant to, among other

19   things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

20   and MGA's affirmative defenses of statute of limitations and laches.

21         Mattel's objection that the request seeks information within MGA's

22   possession, custody or control is nonsensical and lacks factual support.  Mattel

23   makes no argument, let alone a factual showing, that any documents in MGA's

24   possession are duplicative of documents within Mattel's control.  MGA is entitled

25   to discovery from Mattel of documents within its possession, custody, or control

26   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

27   a conclusory statement that MGA also possesses responsive documents.

28

Mattel's objection that the request seeks confidential, proprietary, and trade secret information should be disregarded.  The parties have entered into a protective order in this matter, which governs the handling of confidential business information.  Further, Mattel has put its confidential business information at issue in this litigation, including but not limited to its trade secret misappropriation claim.  Accordingly, it cannot resist discovery of confidential business information.

Finally, Mattel has improperly limited its agreement to produce to "the facts at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that the individual is identified as being knowledgeable about certain topics in Mattel's initial disclosures, Mattel's obligation to produce does not end with the facts that it has unilaterally alleged.  Rather, Mattel must produce all non-privileged, responsive information from the individual on the topics identified, regardless of whether it supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that MGA might be excluding documents that are responsive to the request based upon its unilateral determination of what is 'relevant' or 'sufficient.'").

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 183:**

All DOCUMENTS REFERRING OR RELATING TO Lourdes Aguilar's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

## RESPONSE TO REQUEST NO. 183:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 183:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the

1  disclosure of information subject to the attorney-client privilege, the attorney work-

2  product doctrine and other applicable privileges.

3  Subject to the foregoing objections, Mattel responds as follows: Mattel will

4  produce responsive, non-privileged documents relating to Lourdes Aguilar's

5  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

6  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

7  has been able to locate after a diligent search and reasonable inquiry, to the extent

8  not previously produced.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

11

12  Mattel has improperly limited its agreement to produce documents in

13  response to this request, subject to its improper boilerplate objections.  Mattel has

14  refused to confirm whether or not it has produced all non-privileged responsive

15  documents or whether it is withholding documents based on its objections in Phase

16  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18  Generic objections that fail to explain the basis for an objection with specificity are

19  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21  such as 'overly burdensome and harassing' are improper – especially when a party

22  fails to submit any evidentiary declarations supporting such objections").

23  Accordingly, Mattel must be compelled either to certify that it has produced all

24  non-privileged responsive documents or to produce all such documents by a date

25  certain.

26  To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

- 7 -

1   As to overbreadth, Mattel provides no explanation, let alone the required

2   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

6   custody, or control concerning Aguilar's alleged knowledge of "MGA's access to

7   Mattel's intellectual property and trade secrets" and "MGA's business practices."

8   This area of information is taken directly from Mattel's allegations regarding

9   Aguilar in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

10   Initial Disclosures, dated Jan. 5, 2007, p. 3).

11   As to burden, Mattel has not attempted to demonstrate why responding to

12   this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

14   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.").

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

19   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

20   This request does not seek documents protected by the attorney-client

21   privilege, the attorney work product doctrine, or other applicable privileges.  To the

22   extent that Mattel contends that it does, Mattel must provide a privilege log.

23   This request seeks relevant information.  Mattel identified Aguilar in its

24   initial disclosures an individual with discoverable knowledge regarding "MGA's

25   access to Mattel's intellectual property and trade secrets" and "MGA business

26   practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

27   Jan. 5, 2007, p. 3).  Accordingly, Mattel's initial disclosures demonstrate the

28   relevance of this request.  Further, this information is relevant to, among other

1    things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

2    and MGA's affirmative defenses of statute of limitations and laches.

3         Mattel's objection that the request seeks information within MGA's

4    possession, custody or control is nonsensical and lacks factual support.  Mattel

5    makes no argument, let alone a factual showing, that any documents in MGA's

6    possession are duplicative of documents within Mattel's control.  MGA is entitled

7    to discovery from Mattel of documents within its possession, custody, or control

8    that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

9    a conclusory statement that MGA also possesses responsive documents.

10        Mattel's objection that the request seeks confidential, proprietary, and trade

11   secret information should be disregarded.  The parties have entered into a protective

12   order in this matter, which governs the handling of confidential business

13   information.  Further, Mattel has put its confidential business information at issue

14   in this litigation, including but not limited to its trade secret misappropriation claim.

15   Accordingly, it cannot resist discovery of confidential business information.

16        Finally, Mattel has improperly limited its agreement to produce to "the facts

17   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

18   the individual is identified as being knowledgeable about certain topics in Mattel's

19   initial disclosures, Mattel's obligation to produce does not end with the facts that it

20   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

21   information from the individual on the topics identified, regardless of whether it

22   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

23   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

24   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

25   MGA might be excluding documents that are responsive to the request based upon

26   its unilateral determination of what is 'relevant' or 'sufficient.'").

27

28

1      None of Mattel's improper objections are valid and Mattel is obligated to

2   produce all non-privileged responsive documents in its possession, custody, or

3   control.

4

5   **REQUEST FOR PRODUCTION NO. 184:**

6      All DOCUMENTS REFERRING OR RELATING TO Mariana Trueba

7   Almada's alleged knowledge of "MGA's theft of Mattel's intellectual property and

8   trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

9   DISCLOSURES.

10      **RESPONSE TO REQUEST NO. 184:**

11      In addition to the general objections stated above which are incorporated

12   herein by reference, Mattel objects to this Request on the grounds that it is

13   overbroad, unduly burdensome and unintelligible, including in that it seeks all

14   documents on this subject without limitation as to time, and regardless of whether

15   such documents relate to products or matters at issue in this case. Mattel further

16   objects to the Request on the grounds that it seeks documents that are not relevant

17   to this action or likely to lead to the discovery of admissible evidence. Mattel

18   further objects to this Request on the grounds that it seeks confidential, proprietary

19   and trade secret information that has no bearing on the claims or defenses in this

20   case. Mattel further objects to this Request on the grounds that it calls for the

21   disclosure of information subject to the attorney-client privilege, the attorney work-

22   product doctrine and other applicable privileges.

23      **SUPPLEMENTAL RESPONSE TO REQUEST NO. 184:**

24      In addition to the general objections stated above which are incorporated

25   herein by reference, Mattel objects to this Request on the grounds that it is

26   overbroad, unduly burdensome and unintelligible, including in that it seeks all

27   documents on this subject without limitation as to time, and regardless of whether

28   such documents relate to products or matters at issue in this case. Mattel further

1   objects to the Request on the grounds that it seeks documents that are not relevant

2   to this action or likely to lead to the discovery of admissible evidence. Mattel

3   further objects to this Request on the grounds that it calls for documents or

4   information in the possession, custody or control of MGA, including without

5   limitation documents and information that MGA has been compelled by Court

6   orders to produce but has not produced. Mattel further objects to this Request on

7   the grounds that it seeks confidential, proprietary and trade secret information,

8   including such information that has no bearing on the claims or defenses in this

9   case. Mattel further objects to this Request on the grounds that it calls for the

10   disclosure of information subject to the attorney-client privilege, the attorney work-

11   product doctrine and other applicable privileges.

12       Subject to the foregoing objections, Mattel responds as follows: Mattel will

13   produce responsive, non-privileged documents relating to Mariana Trueba

14   Almada's knowledge of the facts at issue in this litigation as alleged in Mattel's

15   Initial Disclosures that are in Mattel's possession, custody, or control, if any, that

16   Mattel has been able to locate after a diligent search and reasonable inquiry, to the

17   extent not previously produced.

18

19   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**

20

21       Mattel has improperly limited its agreement to produce documents in

22   response to this request, subject to its improper boilerplate objections.  Mattel has

23   refused to confirm whether or not it has produced all non-privileged responsive

24   documents or whether it is withholding documents based on its objections in Phase

25   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

26   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

27   Generic objections that fail to explain the basis for an objection with specificity are

28   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

1   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

2   such as 'overly burdensome and harassing' are improper – especially when a party

3   fails to submit any evidentiary declarations supporting such objections").

4   Accordingly, Mattel must be compelled either to certify that it has produced all

5   non-privileged responsive documents or to produce all such documents by a date

6   certain.

7        To the extent that Mattel is relying on its blanket objections, they are not

8   sustainable and do not justify Mattel's failure to produce documents.

9        As to overbreadth, Mattel provides no explanation, let alone the required

10  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

11  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

14  custody, or control concerning Almada's alleged knowledge of "MGA's theft of

15  Mattel's intellectual property and trade secrets" and "MGA's business practices."

16  This area of information is taken directly from Mattel's allegations regarding

17  Almada in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

18  Initial Disclosures, dated Jan. 5, 2007, p. 3).

19       As to burden, Mattel has not attempted to demonstrate why responding to

20  this request and/or producing responsive documents presents any burden.  This

21  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

22  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23  request is unduly burdensome must allege specific facts which indicate the nature

24  and extent of the burden, usually by affidavit or other reliable evidence.").

25  Moreover, it is not unduly burdensome, as noted above, in that the request is

26  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

27  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

28

OHS West:260723198

- 12 -

1     This request does not seek documents protected by the attorney-client

2     privilege, the attorney work product doctrine, or other applicable privileges.  To the

3     extent that Mattel contends that it does, Mattel must provide a privilege log.

4          This request seeks relevant information.  Mattel identified Almada in its

5     initial disclosures an individual with discoverable knowledge regarding "MGA's

6     theft of Mattel's intellectual property and trade secrets" and "MGA business

7     practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

8     Jan. 5, 2007, p. 3).  Accordingly, Mattel's initial disclosures demonstrate the

9     relevance of this request.  Further, this information is relevant to, among other

10    things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

11    and MGA's affirmative defenses of statute of limitations and laches.

12         Mattel's objection that the request seeks information within MGA's

13    possession, custody or control is nonsensical and lacks factual support.  Mattel

14    makes no argument, let alone a factual showing, that any documents in MGA's

15    possession are duplicative of documents within Mattel's control.  MGA is entitled

16    to discovery from Mattel of documents within its possession, custody, or control

17    that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

18    a conclusory statement that MGA also possesses responsive documents.

19         Mattel's objection that the request seeks confidential, proprietary, and trade

20    secret information should be disregarded.  The parties have entered into a protective

21    order in this matter, which governs the handling of confidential business

22    information.  Further, Mattel has put its confidential business information at issue

23    in this litigation, including but not limited to its trade secret misappropriation claim.

24    Accordingly, it cannot resist discovery of confidential business information.

25         Finally, Mattel has improperly limited its agreement to produce to "the facts

26    at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

27    the individual is identified as being knowledgeable about certain topics in Mattel's

28    initial disclosures, Mattel's obligation to produce does not end with the facts that it

1  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

2  information from the individual on the topics identified, regardless of whether it

3  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

4  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

5  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

6  MGA might be excluding documents that are responsive to the request based upon

7  its unilateral determination of what is 'relevant' or 'sufficient.'").

8       None of Mattel's improper objections are valid and Mattel is obligated to

9  produce all non-privileged responsive documents in its possession, custody, or

10  control.

11

12  **REQUEST FOR PRODUCTION NO. 185:**

13       All DOCUMENTS REFERRING OR RELATING TO Jules Andres's

14  alleged knowledge of "MGA's theft of Mattel's intellectual property and trade

15  secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

16       **RESPONSE TO REQUEST NO. 185:**

17       In addition to the general objections stated above which are incorporated

18  herein by reference, Mattel objects to this Request on the grounds that it is

19  overbroad, unduly burdensome and unintelligible, including in that it seeks all

20  documents on this subject without limitation as to time, and regardless of whether

21  such documents relate to products or matters at issue in this case. Mattel further

22  objects to the Request on the grounds that it seeks documents that are not relevant

23  to this action or likely to lead to the discovery of admissible evidence. Mattel

24  further objects to this Request on the grounds that it seeks confidential, proprietary

25  and trade secret information that has no bearing on the claims or defenses in this

26  case. Mattel further objects to this Request on the grounds that it calls for the

27  disclosure of information subject to the attorney-client privilege, the attorney work-

28  product doctrine and other applicable privileges.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 185:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Jules Andres's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

1   Generic objections that fail to explain the basis for an objection with specificity are

2   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

3   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

4   such as 'overly burdensome and harassing' are improper – especially when a party

5   fails to submit any evidentiary declarations supporting such objections").

6   Accordingly, Mattel must be compelled either to certify that it has produced all

7   non-privileged responsive documents or to produce all such documents by a date

8   certain.

9       To the extent that Mattel is relying on its blanket objections, they are not

10   sustainable and do not justify Mattel's failure to produce documents.

11       As to overbreadth, Mattel provides no explanation, let alone the required

12   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

13   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

14   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

15   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

16   custody, or control concerning Andres's alleged knowledge of "MGA's theft of

17   Mattel's intellectual property and trade secrets."  This area of information is taken

18   directly from Mattel's allegations regarding Andres in its initial disclosures.

19   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

20   2007, p. 3).

21       As to burden, Mattel has not attempted to demonstrate why responding to

22   this request and/or producing responsive documents presents any burden.  This

23   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

24   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

25   request is unduly burdensome must allege specific facts which indicate the nature

26   and extent of the burden, usually by affidavit or other reliable evidence.").

27   Moreover, it is not unduly burdensome, as noted above, in that the request is

28

- 16 -

1    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA
2    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

3         This request does not seek documents protected by the attorney-client
4    privilege, the attorney work product doctrine, or other applicable privileges.  To the
5    extent that Mattel contends that it does, Mattel must provide a privilege log.

6         This request seeks relevant information.  Mattel identified Andres in its
7    initial disclosures an individual with discoverable knowledge regarding "MGA's
8    theft of Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56
9    (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 3).  Accordingly,
10   Mattel's initial disclosures demonstrate the relevance of this request.  Further, this
11   information is relevant to, among other things, Mattel's trade secret defense,
12   MGA's claims of trade dress infringement, and MGA's affirmative defenses of
13   statute of limitations and laches.

14        Mattel's objection that the request seeks confidential, proprietary, and trade
15   secret information should be disregarded.  The parties have entered into a protective
16   order in this matter, which governs the handling of confidential business
17   information.  Further, Mattel has put its confidential business information at issue
18   in this litigation, including but not limited to its trade secret misappropriation claim.
19   Accordingly, it cannot resist discovery of confidential business information.

20        Finally, Mattel has improperly limited its agreement to produce to "the facts
21   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that
22   the individual is identified as being knowledgeable about certain topics in Mattel's
23   initial disclosures, Mattel's obligation to produce does not end with the facts that it
24   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
25   information from the individual on the topics identified, regardless of whether it
26   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order
27   Granting Mattel's Motion to Compel Production of Documents and Interrogatory
28   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

MGA might be excluding documents that are responsive to the request based upon its unilateral determination of what is 'relevant' or 'sufficient.'").

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 186:**

All DOCUMENTS in Jules Andres's possession or control REFERRING OR RELATING TO his alleged knowledge of "MGA's theft of Mattel's intellectual property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 186:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 186:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether

1  such documents relate to products or matters at issue in this case. Mattel further

2  objects to the Request on the grounds that it seeks documents that are not relevant

3  to this action or likely to lead to the discovery of admissible evidence. Mattel

4  further objects to this Request on the grounds that it seeks confidential, proprietary

5  and trade secret information, including such information that has no bearing on the

6  claims or defenses in this case. Mattel further objects to this Request on the grounds

7  that it calls for the disclosure of information subject to the attorney-client privilege,

8  the attorney work-product doctrine and other applicable privileges.

9      Subject to the foregoing objections, Mattel responds as follows: Mattel will

10  produce responsive, non-privileged documents relating to Jules Andres's

11  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

12  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

13  has been able to locate after a diligent search and reasonable inquiry, to the extent

14  not previously produced.

15

16  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

17

18      Mattel has improperly limited its agreement to produce documents in

19  response to this request, subject to its improper boilerplate objections.  Mattel has

20  refused to confirm whether or not it has produced all non-privileged responsive

21  documents or whether it is withholding documents based on its objections in Phase

22  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

23  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

24  Generic objections that fail to explain the basis for an objection with specificity are

25  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

26  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

27  such as 'overly burdensome and harassing' are improper – especially when a party

28  fails to submit any evidentiary declarations supporting such objections").

1   Accordingly, Mattel must be compelled either to certify that it has produced all

2   non-privileged responsive documents or to produce all such documents by a date

3   certain.

4       To the extent that Mattel is relying on its blanket objections, they are not

5   sustainable and do not justify Mattel's failure to produce documents.

6       As to overbreadth, Mattel provides no explanation, let alone the required

7   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

11  custody, or control concerning Andres's alleged knowledge of "MGA's theft of

12  Mattel's intellectual property and trade secrets."  This area of information is taken

13  directly from Mattel's allegations regarding Andres in its initial disclosures.

14  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

15  2007, p. 3).

16      As to burden, Mattel has not attempted to demonstrate why responding to

17  this request and/or producing responsive documents presents any burden.  This

18  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

19  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20  request is unduly burdensome must allege specific facts which indicate the nature

21  and extent of the burden, usually by affidavit or other reliable evidence.").

22  Moreover, it is not unduly burdensome, as noted above, in that the request is

23  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

24  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

25      This request does not seek documents protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges.  To the

27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1      This request seeks relevant information.  Mattel identified Andres in its

2  initial disclosures an individual with discoverable knowledge regarding "MGA's

3  theft of Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56

4  (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 3).  Accordingly,

5  Mattel's initial disclosures demonstrate the relevance of this request.  Further, this

6  information is relevant to, among other things, Mattel's trade secret defense,

7  MGA's claims of trade dress infringement, and MGA's affirmative defenses of

8  statute of limitations and laches.

9      Mattel's objection that the request seeks confidential, proprietary, and trade

10  secret information should be disregarded.  The parties have entered into a protective

11  order in this matter, which governs the handling of confidential business

12  information.  Further, Mattel has put its confidential business information at issue

13  in this litigation, including but not limited to its trade secret misappropriation claim.

14  Accordingly, it cannot resist discovery of confidential business information.

15      Finally, Mattel has improperly limited its agreement to produce to "the facts

16  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

17  the individual is identified as being knowledgeable about certain topics in Mattel's

18  initial disclosures, Mattel's obligation to produce does not end with the facts that it

19  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

20  information from the individual on the topics identified, regardless of whether it

21  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

22  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

23  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

24  MGA might be excluding documents that are responsive to the request based upon

25  its unilateral determination of what is 'relevant' or 'sufficient.'").

26      None of Mattel's improper objections are valid and Mattel is obligated to

27  produce all non-privileged responsive documents in its possession, custody, or

28  control.

**REQUEST FOR PRODUCTION NO. 187:**

All DOCUMENTS REFERRING OR RELATING TO Russell Arons's alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 187:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 187:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds

- 22 -

1    that it calls for the disclosure of information subject to the attorney-client privilege,

2    the attorney work-product doctrine and other applicable privileges.

3         Subject to the foregoing objections, Mattel responds as follows: Mattel will

4    produce responsive, non-privileged documents relating to Russell Arons's

5    knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

6    Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

7    has been able to locate after a diligent search and reasonable inquiry, to the extent

8    not previously produced.

9

10   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**

11

12        Mattel has improperly limited its agreement to produce documents in

13   response to this request, subject to its improper boilerplate objections.  Mattel has

14   refused to confirm whether or not it has produced all non-privileged responsive

15   documents or whether it is withholding documents based on its objections in Phase

16   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18   Generic objections that fail to explain the basis for an objection with specificity are

19   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21   such as 'overly burdensome and harassing' are improper – especially when a party

22   fails to submit any evidentiary declarations supporting such objections").

23   Accordingly, Mattel must be compelled either to certify that it has produced all

24   non-privileged responsive documents or to produce all such documents by a date

25   certain.

26        To the extent that Mattel is relying on its blanket objections, they are not

27   sustainable and do not justify Mattel's failure to produce documents.

28

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Arons's alleged knowledge of "[t]he development and ownership of intellectual property at issue."  This area of information is taken directly from Mattel's allegations regarding Arons in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 3).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

This request seeks relevant information.  Mattel identified Arons in its initial disclosures an individual with discoverable knowledge regarding "[t]he development and ownership of intellectual property at issue."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 3). Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

Further, this information is relevant to, among other things, Mattel's trade secret defense and MGA's claims of trade dress infringement.

Mattel's objection that the request seeks confidential, proprietary, and trade secret information should be disregarded.  The parties have entered into a protective order in this matter, which governs the handling of confidential business information.  Further, Mattel has put its confidential business information at issue in this litigation, including but not limited to its trade secret misappropriation claim. Accordingly, it cannot resist discovery of confidential business information.

Finally, Mattel has improperly limited its agreement to produce to "the facts at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that the individual is identified as being knowledgeable about certain topics in Mattel's initial disclosures, Mattel's obligation to produce does not end with the facts that it has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive information from the individual on the topics identified, regardless of whether it supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that MGA might be excluding documents that are responsive to the request based upon its unilateral determination of what is 'relevant' or 'sufficient.'").

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.


## REQUEST FOR PRODUCTION NO. 188:

All DOCUMENTS in Russell Arons's possession or control REFERRING OR RELATING TO his alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

1   **RESPONSE TO REQUEST NO. 188:**

2   In addition to the general objections stated above which are incorporated

3   herein by reference, Mattel objects to this Request on the grounds that it is

4   overbroad, unduly burdensome and unintelligible, including in that it seeks all

5   documents on this subject without limitation as to time, and regardless of whether

6   such documents relate to products or matters at issue in this case. Mattel further

7   objects to the Request on the grounds that it seeks documents that are not relevant

8   to this action or likely to lead to the discovery of admissible evidence. Mattel

9   further objects to this Request on the grounds that it seeks confidential, proprietary

10  and trade secret information that has no bearing on the claims or defenses in this

11  case. Mattel further objects to this Request on the grounds that it calls for the

12  disclosure of information subject to the attorney-client privilege, the attorney work-

13  product doctrine and other applicable privileges.

14  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 188:**

15  In addition to the general objections stated above which are incorporated

16  herein by reference, Mattel objects to this Request on the grounds that it is

17  overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case. Mattel further

20  objects to the Request on the grounds that it seeks documents that are not relevant

21  to this action or likely to lead to the discovery of admissible evidence. Mattel

22  further objects to this Request on the grounds that it seeks confidential, proprietary

23  and trade secret information, including such information that has no bearing on the

24  claims or defenses in this case. Mattel further objects to this Request on the grounds

25  that it calls for the disclosure of information subject to the attorney-client privilege,

26  the attorney work-product doctrine and other applicable privileges.

27  Subject to the foregoing objections, Mattel responds as follows: Mattel will

28  produce responsive, non-privileged documents relating to Russell Arons's

- 26 -

1   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

2   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

3   has been able to locate after a diligent search and reasonable inquiry, to the extent

4   not previously produced.

5

6   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

7   SHOULD BE COMPELLED**

8        Mattel has improperly limited its agreement to produce documents in

9   response to this request, subject to its improper boilerplate objections.  Mattel has

10  refused to confirm whether or not it has produced all non-privileged responsive

11  documents or whether it is withholding documents based on its objections in Phase

12  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

13  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

14  Generic objections that fail to explain the basis for an objection with specificity are

15  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

16  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

17  such as 'overly burdensome and harassing' are improper – especially when a party

18  fails to submit any evidentiary declarations supporting such objections").

19  Accordingly, Mattel must be compelled either to certify that it has produced all

20  non-privileged responsive documents or to produce all such documents by a date

21  certain.

22       To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24       As to overbreadth, Mattel provides no explanation, let alone the required

25  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

custody, or control concerning Arons's alleged knowledge of "[t]he development and ownership of intellectual property at issue." This area of information is taken directly from Mattel's allegations regarding Arons in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 3).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. Mattel has alleged that MGA misappropriated its trade secrets. MGA is entitled to discovery on this claim.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

This request seeks relevant information. Mattel identified Arons in its initial disclosures an individual with discoverable knowledge regarding "[t]he development and ownership of intellectual property at issue." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 3). Accordingly, Mattel's initial disclosures demonstrate the relevance of this request. Further, this information is relevant to, among other things, Mattel's trade secret defense and MGA's claims of trade dress infringement.

Mattel's objection that the request seeks confidential, proprietary, and trade secret information should be disregarded. The parties have entered into a protective order in this matter, which governs the handling of confidential business information. Further, Mattel has put its confidential business information at issue

- 28 -

1   in this litigation, including but not limited to its trade secret misappropriation claim.

2   Accordingly, it cannot resist discovery of confidential business information.

3        Finally, Mattel has improperly limited its agreement to produce to "the facts

4   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

5   the individual is identified as being knowledgeable about certain topics in Mattel's

6   initial disclosures, Mattel's obligation to produce does not end with the facts that it

7   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

8   information from the individual on the topics identified, regardless of whether it

9   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

10  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

11  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

12  MGA might be excluding documents that are responsive to the request based upon

13  its unilateral determination of what is 'relevant' or 'sufficient.'").

14       None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession, custody, or

16  control.

17

18  **REQUEST FOR PRODUCTION NO. 189:**

19       All DOCUMENTS REFERRING OR RELATING TO Terry Bartlett's

20  alleged knowledge of "Toy of the Year and the dealings of Mattel and MGA with

21  TIA," as alleged in MATTEL'S INITIAL DISCLOSURES.

22       **RESPONSE TO REQUEST NO. 189:**

23       In addition to the general objections stated above which are incorporated

24  herein by reference, Mattel objects to this Request on the grounds that it is

25  overbroad, unduly burdensome and unintelligible, including in that it seeks all

26  documents on this subject without limitation as to time, and regardless of whether

27  such documents relate to products or matters at issue in this case. Mattel further

28  objects to the Request on the grounds that it seeks documents that are not relevant

1    to this action or likely to lead to the discovery of admissible evidence. Mattel

2    further objects to this Request on the grounds that it seeks confidential, proprietary

3    and trade secret information that has no bearing on the claims or defenses in this

4    case. Mattel further objects to this Request on the grounds that it calls for the

5    disclosure of information subject to the attorney-client privilege, the attorney work-

6    product doctrine and other applicable privileges.

7    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 189:**

8    In addition to the general objections stated above which are incorporated

9    herein by reference, Mattel objects to this Request on the grounds that it is

10   overbroad, unduly burdensome and unintelligible, including in that it seeks all

11   documents on this subject without limitation as to time, and regardless of whether

12   such documents relate to products or matters at issue in this case. Mattel further

13   objects to the Request on the grounds that it seeks documents that are not relevant

14   to this action or likely to lead to the discovery of admissible evidence. Mattel

15   further objects to this Request on the grounds that it seeks confidential, proprietary

16   and trade secret information, including such information that has no bearing on the

17   claims or defenses in this case. Mattel further objects to this Request on the grounds

18   that it calls for the disclosure of information subject to the attorney-client privilege,

19   the attorney work-product doctrine and other applicable privileges.

20   Subject to the foregoing objections, Mattel responds as follows: Mattel will

21   produce responsive, non-privileged documents relating to Terry Bartlett's

22   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

23   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

24   has been able to locate after a diligent search and reasonable inquiry, to the extent

25   not previously produced.

26

27

28

1
2

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

3   Mattel has improperly limited its agreement to produce documents in
4   response to this request, subject to its improper boilerplate objections.  Mattel has
5   refused to confirm whether or not it has produced all non-privileged responsive
6   documents or whether it is withholding documents based on its objections in Phase
7   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
8   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).
9   Generic objections that fail to explain the basis for an objection with specificity are
10  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.
11  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections
12  such as 'overly burdensome and harassing' are improper – especially when a party
13  fails to submit any evidentiary declarations supporting such objections").
14  Accordingly, Mattel must be compelled either to certify that it has produced all
15  non-privileged responsive documents or to produce all such documents by a date
16  certain.

17  To the extent that Mattel is relying on its blanket objections, they are not
18  sustainable and do not justify Mattel's failure to produce documents.

19  As to overbreadth, Mattel provides no explanation, let alone the required
20  particularity, as to **why** this request is supposedly overly broad, nor can it do so.
21  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
22  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
23  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
24  custody, or control concerning Bartlett's alleged knowledge of "Toy of the Year
25  and the dealings of Mattel and MGA with TIA."  This area of information is taken
26  directly from Mattel's allegations regarding Bartlett in its initial disclosures.
27  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,
28  2007, p. 3).

1    As to burden, Mattel has not attempted to demonstrate why responding to

2    this request and/or producing responsive documents presents any burden.  This

3    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5    request is unduly burdensome must allege specific facts which indicate the nature

6    and extent of the burden, usually by affidavit or other reliable evidence.").

7    Moreover, it is not unduly burdensome, as noted above, in that the request is

8    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10   This request does not seek documents protected by the attorney-client

11   privilege, the attorney work product doctrine, or other applicable privileges.  To the

12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13   This request seeks relevant information.  Mattel identified Bartlett in its

14   initial disclosures an individual with discoverable knowledge regarding "Toy of the

15   Year and the dealings of Mattel and MGA with TIA."  Rutowski Decl. Ex. 56

16   (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 3).  Accordingly,

17   Mattel's initial disclosures demonstrate the relevance of this request.  Further, this

18   information is relevant to, among other things, MGA's unfair competition claims.

19   Mattel's objection that the request seeks confidential, proprietary, and trade

20   secret information should be disregarded.  The parties have entered into a protective

21   order in this matter, which governs the handling of confidential business

22   information.  Further, Mattel has put its confidential business information at issue

23   in this litigation, including but not limited to its trade secret misappropriation claim.

24   Accordingly, it cannot resist discovery of confidential business information.

25   Finally, Mattel has improperly limited its agreement to produce to "the facts

26   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

27   the individual is identified as being knowledgeable about certain topics in Mattel's

28   initial disclosures, Mattel's obligation to produce does not end with the facts that it

- 32 -
SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET THREE;  CV 04-9049 SGL (RNBx)

1  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

2  information from the individual on the topics identified, regardless of whether it

3  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

4  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

5  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

6  MGA might be excluding documents that are responsive to the request based upon

7  its unilateral determination of what is 'relevant' or 'sufficient.'").

8       None of Mattel's improper objections are valid and Mattel is obligated to

9  produce all non-privileged responsive documents in its possession, custody, or

10  control.

11

12  **REQUEST FOR PRODUCTION NO. 190:**

13       All DOCUMENTS REFERRING OR RELATING TO Eve Karen Laskaris

14  Bennett's alleged knowledge of "MGA's access to Mattel's intellectual property

15  and trade secrets" and "MGA business practices," as alleged in MATTEL'S

16  INITIAL DISCLOSURES.

17       **RESPONSE TO REQUEST NO. 190:**

18       In addition to the general objections stated above which are incorporated

19  herein by reference, Mattel objects to this Request on the grounds that it is

20  overbroad, unduly burdensome and unintelligible, including in that it seeks all

21  documents on this subject without limitation as to time, and regardless of whether

22  such documents relate to products or matters at issue in this case. Mattel further

23  objects to the Request on the grounds that it seeks documents that are not relevant

24  to this action or likely to lead to the discovery of admissible evidence. Mattel

25  further objects to this Request on the grounds that it seeks confidential, proprietary

26  and trade secret information that has no bearing on the claims or defenses in this

27  case. Mattel further objects to this Request on the grounds that it calls for the

28

1    disclosure of information subject to the attorney-client privilege, the attorney work-

2    product doctrine and other applicable privileges.

3        **SUPPLEMENTAL RESPONSE TO REQUEST NO. 190:**

4        In addition to the general objections stated above which are incorporated

5    herein by reference, Mattel objects to this Request on the grounds that it is

6    overbroad, unduly burdensome and unintelligible, including in that it seeks all

7    documents on this subject without limitation as to time, and regardless of whether

8    such documents relate to products or matters at issue in this case. Mattel further

9    objects to the Request on the grounds that it seeks documents that are not relevant

10   to this action or likely to lead to the discovery of admissible evidence. Mattel

11   further objects to this Request on the grounds that it calls for documents or

12   information in the possession, custody or control of MGA, including without

13   limitation documents and information that MGA has been compelled by Court

14   orders to produce but has not produced. Mattel further objects to this Request on

15   the grounds that it seeks confidential, proprietary and trade secret information,

16   including such information that has no bearing on the claims or defenses in this

17   case. Mattel further objects to this Request on the grounds that it calls for the

18   disclosure of information subject to the attorney-client privilege, the attorney work-

19   product doctrine and other applicable privileges.

20       Subject to the foregoing objections, Mattel responds as follows: Mattel will

21   produce responsive, non-privileged documents relating to Eve Karen Laskaris

22   Bennett's knowledge of the facts at issue in this litigation as alleged in Mattel's

23   Initial Disclosures that are in Mattel's possession, custody, or control, if any, that

24   Mattel has been able to locate after a diligent search and reasonable inquiry, to the

25   extent not previously produced.

26

27

28

1  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

2

3       Mattel has improperly limited its agreement to produce documents in

4  response to this request, subject to its improper boilerplate objections.  Mattel has

5  refused to confirm whether or not it has produced all non-privileged responsive

6  documents or whether it is withholding documents based on its objections in Phase

7  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

8  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

9  Generic objections that fail to explain the basis for an objection with specificity are

10  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

11  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

12  such as 'overly burdensome and harassing' are improper – especially when a party

13  fails to submit any evidentiary declarations supporting such objections").

14  Accordingly, Mattel must be compelled either to certify that it has produced all

15  non-privileged responsive documents or to produce all such documents by a date

16  certain.

17       To the extent that Mattel is relying on its blanket objections, they are not

18  sustainable and do not justify Mattel's failure to produce documents.

19       As to overbreadth, Mattel provides no explanation, let alone the required

20  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

21  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

24  custody, or control concerning Bennett's alleged knowledge of "MGA's access to

25  Mattel's intellectual property and trade secrets" and "MGA's business practices."

26  This area of information is taken directly from Mattel's allegations regarding

27  Bennett in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

28  Initial Disclosures, dated Jan. 5, 2007, p. 3).

1    As to burden, Mattel has not attempted to demonstrate why responding to

2 this request and/or producing responsive documents presents any burden.  This

3 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4 Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5 request is unduly burdensome must allege specific facts which indicate the nature

6 and extent of the burden, usually by affidavit or other reliable evidence.").

7 Moreover, it is not unduly burdensome, as noted above, in that the request is

8 narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9 misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10    This request does not seek documents protected by the attorney-client

11 privilege, the attorney work product doctrine, or other applicable privileges.  To the

12 extent that Mattel contends that it does, Mattel must provide a privilege log.

13    This request seeks relevant information.  Mattel identified Bennett in its

14 initial disclosures an individual with discoverable knowledge regarding "MGA's

15 access to Mattel's intellectual property and trade secrets" and "MGA business

16 practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

17 Jan. 5, 2007, p. 3).  Accordingly, Mattel's initial disclosures demonstrate the

18 relevance of this request.  Further, this information is relevant to, among other

19 things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

20 and MGA's affirmative defenses of statute of limitations and laches.

21    Mattel's objection that the request seeks information within MGA's

22 possession, custody or control is nonsensical and lacks factual support.  Mattel

23 makes no argument, let alone a factual showing, that any documents in MGA's

24 possession are duplicative of documents within Mattel's control.  MGA is entitled

25 to discovery from Mattel of documents within its possession, custody, or control

26 that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

27 a conclusory statement that MGA also possesses responsive documents.

28

1    Mattel's objection that the request seeks confidential, proprietary, and trade

2    secret information should be disregarded.  The parties have entered into a protective

3    order in this matter, which governs the handling of confidential business

4    information.  Further, Mattel has put its confidential business information at issue

5    in this litigation, including but not limited to its trade secret misappropriation claim.

6    Accordingly, it cannot resist discovery of confidential business information.

7    Finally, Mattel has improperly limited its agreement to produce to "the facts

8    at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

9    the individual is identified as being knowledgeable about certain topics in Mattel's

10   initial disclosures, Mattel's obligation to produce does not end with the facts that it

11   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

12   information from the individual on the topics identified, regardless of whether it

13   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

14   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

15   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

16   MGA might be excluding documents that are responsive to the request based upon

17   its unilateral determination of what is 'relevant' or 'sufficient.'").

18   None of Mattel's improper objections are valid and Mattel is obligated to

19   produce all non-privileged responsive documents in its possession, custody, or

20   control.

21

22   **REQUEST FOR PRODUCTION NO. 191:**

23   All DOCUMENTS REFERRING OR RELATING TO Nancy Bennett's

24   alleged knowledge of "[t]he development and ownership of intellectual property at

25   issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

26   **RESPONSE TO REQUEST NO. 191:**

27   In addition to the general objections stated above which are incorporated

28   herein by reference, Mattel objects to this Request on the grounds that it is

1   overbroad, unduly burdensome and unintelligible, including in that it seeks all

2   documents on this subject without limitation as to time, and regardless of whether

3   such documents relate to products or matters at issue in this case. Mattel further

4   objects to the Request on the grounds that it seeks documents that are not relevant

5   to this action or likely to lead to the discovery of admissible evidence. Mattel

6   further objects to this Request on the grounds that it seeks confidential, proprietary

7   and trade secret information that has no bearing on the claims or defenses in this

8   case. Mattel further objects to this Request on the grounds that it calls for the

9   disclosure of information subject to the attorney-client privilege, the attorney work-

10  product doctrine and other applicable privileges.

11  **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 191:</u>**

12          In addition to the general objections stated above which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it is

14  overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case. Mattel further

17  objects to the Request on the grounds that it seeks documents that are not relevant

18  to this action or likely to lead to the discovery of admissible evidence. Mattel

19  further objects to this Request on the grounds that it seeks confidential, proprietary

20  and trade secret information, including such information that has no bearing on the

21  claims or defenses in this case. Mattel further objects to this Request on the grounds

22  that it calls for the disclosure of information subject to the attorney-client privilege,

23  the attorney work-product doctrine and other applicable privileges.

24          Subject to the foregoing objections, Mattel responds as follows: Mattel will

25  produce responsive, non-privileged documents relating to Nancy Bennett's

26  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

27  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

28

1 | has been able to locate after a diligent search and reasonable inquiry, to the extent

2 | not previously produced.

3

4 | **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

5

6 | Mattel has improperly limited its agreement to produce documents in

7 | response to this request, subject to its improper boilerplate objections.  Mattel has

8 | refused to confirm whether or not it has produced all non-privileged responsive

9 | documents or whether it is withholding documents based on its objections in Phase

10 | 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

11 | must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

12 | Generic objections that fail to explain the basis for an objection with specificity are

13 | routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

14 | Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

15 | such as 'overly burdensome and harassing' are improper – especially when a party

16 | fails to submit any evidentiary declarations supporting such objections").

17 | Accordingly, Mattel must be compelled either to certify that it has produced all

18 | non-privileged responsive documents or to produce all such documents by a date

19 | certain.

20 | To the extent that Mattel is relying on its blanket objections, they are not

21 | sustainable and do not justify Mattel's failure to produce documents.

22 | As to overbreadth, Mattel provides no explanation, let alone the required

23 | particularity, as to **why** this request is supposedly overly broad, nor can it do so.

24 | This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25 | (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26 | contrary, the request is narrowly tailored to seek documents in Mattel's possession,

27 | custody, or control concerning Bennett's alleged knowledge of "[t]he development

28 | and ownership of intellectual property at issue."  This area of information is taken

1   directly from Mattel's allegations regarding Bennett in its initial disclosures.

2   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

3   2007, p. 3).

4        As to burden, Mattel has not attempted to demonstrate why responding to

5   this request and/or producing responsive documents presents any burden.  This

6   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8   request is unduly burdensome must allege specific facts which indicate the nature

9   and extent of the burden, usually by affidavit or other reliable evidence.").

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

12  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

13       This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges.  To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16       This request seeks relevant information.  Mattel identified Bennett in its

17  initial disclosures an individual with discoverable knowledge regarding "[t]he

18  development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

19  56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 3).

20  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

21  Further, this information is relevant to, among other things, Mattel's trade secret

22  defense and MGA's claims of trade dress infringement.

23       Mattel's objection that the request seeks confidential, proprietary, and trade

24  secret information should be disregarded.  The parties have entered into a protective

25  order in this matter, which governs the handling of confidential business

26  information.  Further, Mattel has put its confidential business information at issue

27  in this litigation, including but not limited to its trade secret misappropriation claim.

28  Accordingly, it cannot resist discovery of confidential business information.

1    Finally, Mattel has improperly limited its agreement to produce to "the facts

2    at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

3    the individual is identified as being knowledgeable about certain topics in Mattel's

4    initial disclosures, Mattel's obligation to produce does not end with the facts that it

5    has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

6    information from the individual on the topics identified, regardless of whether it

7    supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

8    Granting Mattel's Motion to Compel Production of Documents and Interrogatory

9    Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

10   MGA might be excluding documents that are responsive to the request based upon

11   its unilateral determination of what is 'relevant' or 'sufficient.'").

12   None of Mattel's improper objections are valid and Mattel is obligated to

13   produce all non-privileged responsive documents in its possession, custody, or

14   control.

15

16   **REQUEST FOR PRODUCTION NO. 192:**

17   All DOCUMENTS in Nancy Bennett's possession or control REFERRING

18   OR RELATING TO her alleged knowledge of "[t]he development and ownership

19   of intellectual property at issue," as alleged in MATTEL'S INITIAL

20   DISCLOSURES.

21   **RESPONSE TO REQUEST NO. 192:**

22   In addition to the general objections stated above which are incorporated

23   herein by reference, Mattel objects to this Request on the grounds that it is

24   overbroad, unduly burdensome and unintelligible, including in that it seeks all

25   documents on this subject without limitation as to time, and regardless of whether

26   such documents relate to products or matters at issue in this case. Mattel further

27   objects to the Request on the grounds that it seeks documents that are not relevant

28   to this action or likely to lead to the discovery of admissible evidence. Mattel

1  further objects to this Request on the grounds that it seeks confidential, proprietary

2  and trade secret information that has no bearing on the claims or defenses in this

3  case. Mattel further objects to this Request on the grounds that it calls for the

4  disclosure of information subject to the attorney-client privilege, the attorney work-

5  product doctrine and other applicable privileges.

6  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 192:**

7  In addition to the general objections stated above which are incorporated

8  herein by reference, Mattel objects to this Request on the grounds that it is

9  overbroad, unduly burdensome and unintelligible, including in that it seeks all

10  documents on this subject without limitation as to time, and regardless of whether

11  such documents relate to products or matters at issue in this case. Mattel further

12  objects to the Request on the grounds that it seeks documents that are not relevant

13  to this action or likely to lead to the discovery of admissible evidence. Mattel

14  further objects to this Request on the grounds that it seeks confidential, proprietary

15  and trade secret information, including such information that has no bearing on the

16  claims or defenses in this case. Mattel further objects to this Request on the grounds

17  that it calls for the disclosure of information subject to the attorney-client privilege,

18  the attorney work-product doctrine and other applicable privileges.

19  Subject to the foregoing objections, Mattel responds as follows: Mattel will

20  produce responsive, non-privileged documents relating to Nancy Bennett's

21  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

22  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

23  has been able to locate after a diligent search and reasonable inquiry, to the extent

24  not previously produced.

25

26

27

28

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Bennett's alleged knowledge of "[t]he development and ownership of intellectual property at issue."  This area of information is taken directly from Mattel's allegations regarding Bennett in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 3).

1        As to burden, Mattel has not attempted to demonstrate why responding to

2    this request and/or producing responsive documents presents any burden.  This

3    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5    request is unduly burdensome must allege specific facts which indicate the nature

6    and extent of the burden, usually by affidavit or other reliable evidence.").

7    Moreover, it is not unduly burdensome, as noted above, in that the request is

8    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10        This request does not seek documents protected by the attorney-client

11    privilege, the attorney work product doctrine, or other applicable privileges.  To the

12    extent that Mattel contends that it does, Mattel must provide a privilege log.

13        This request seeks relevant information.  Mattel identified Bennett in its

14    initial disclosures an individual with discoverable knowledge regarding "[t]he

15    development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

16    56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 3).

17    Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

18    Further, this information is relevant to, among other things, Mattel's trade secret

19    defense and MGA's claims of trade dress infringement.

20        Mattel's objection that the request seeks confidential, proprietary, and trade

21    secret information should be disregarded.  The parties have entered into a protective

22    order in this matter, which governs the handling of confidential business

23    information.  Further, Mattel has put its confidential business information at issue

24    in this litigation, including but not limited to its trade secret misappropriation claim.

25    Accordingly, it cannot resist discovery of confidential business information.

26        Finally, Mattel has improperly limited its agreement to produce to "the facts

27    at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

28    the individual is identified as being knowledgeable about certain topics in Mattel's

1  initial disclosures, Mattel's obligation to produce does not end with the facts that it

2  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

3  information from the individual on the topics identified, regardless of whether it

4  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

5  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

6  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

7  MGA might be excluding documents that are responsive to the request based upon

8  its unilateral determination of what is 'relevant' or 'sufficient.'").

9      None of Mattel's improper objections are valid and Mattel is obligated to

10  produce all non-privileged responsive documents in its possession, custody, or

11  control.

12

13  **REQUEST FOR PRODUCTION NO. 193:**

14      All DOCUMENTS REFERRING OR RELATING TO Molly Benz's alleged

15  knowledge of "[t]he development and ownership of intellectual property at issue,"

16  as alleged in MATTEL'S INITIAL DISCLOSURES.

17      **RESPONSE TO REQUEST NO. 193:**

18      In addition to the general objections stated above which are incorporated

19  herein by reference, Mattel objects to this Request on the grounds that it is

20  overbroad, unduly burdensome and unintelligible, including in that it seeks all

21  documents on this subject without limitation as to time, and regardless of whether

22  such documents relate to products or matters at issue in this case. Mattel further

23  objects to the Request on the grounds that it seeks documents that are not relevant

24  to this action or likely to lead to the discovery of admissible evidence. Mattel

25  further objects to this Request on the grounds that it seeks confidential, proprietary

26  and trade secret information that has no bearing on the claims or defenses in this

27  case. Mattel further objects to this Request on the grounds that it calls for the

28

1    disclosure of information subject to the attorney-client privilege, the attorney work-

2    product doctrine and other applicable privileges.

3            **SUPPLEMENTAL RESPONSE TO REQUEST NO. 193:**

4            In addition to the general objections stated above which are incorporated

5    herein by reference, Mattel objects to this Request on the grounds that it is

6    overbroad, unduly burdensome and unintelligible, including in that it seeks all

7    documents on this subject without limitation as to time, and regardless of whether

8    such documents relate to products or matters at issue in this case. Mattel further

9    objects to the Request on the grounds that it seeks documents that are not relevant

10   to this action or likely to lead to the discovery of admissible evidence. Mattel

11   further objects to this Request on the grounds that it seeks confidential, proprietary

12   and trade secret information, including such information that has no bearing on the

13   claims or defenses in this case. Mattel further objects to this Request on the grounds

14   that it calls for the disclosure of information subject to the attorney-client privilege,

15   the attorney work-product doctrine and other applicable privileges.

16           Subject to the foregoing objections, Mattel responds as follows: Mattel will

17   produce responsive, non-privileged documents relating to Molly Benz's knowledge

18   of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

19   are in Mattel's possession, custody, or control, if any, that Mattel has been able to

20   locate after a diligent search and reasonable inquiry, to the extent not previously

21   produced.

22

23           **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
             **SHOULD BE COMPELLED**
24

25           Mattel has improperly limited its agreement to produce documents in

26   response to this request, subject to its improper boilerplate objections.  Mattel has

27   refused to confirm whether or not it has produced all non-privileged responsive

28   documents or whether it is withholding documents based on its objections in Phase

1    2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

2    must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

3    Generic objections that fail to explain the basis for an objection with specificity are

4    routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

5    Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

6    such as 'overly burdensome and harassing' are improper – especially when a party

7    fails to submit any evidentiary declarations supporting such objections").

8    Accordingly, Mattel must be compelled either to certify that it has produced all

9    non-privileged responsive documents or to produce all such documents by a date

10   certain.

11        To the extent that Mattel is relying on its blanket objections, they are not

12   sustainable and do not justify Mattel's failure to produce documents.

13        As to overbreadth, Mattel provides no explanation, let alone the required

14   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

15   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

16   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

17   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

18   custody, or control concerning Benz's alleged knowledge of "[t]he development

19   and ownership of intellectual property at issue."  This area of information is taken

20   directly from Mattel's allegations regarding Benz in its initial disclosures.

21   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

22   2007, p. 3).

23        As to burden, Mattel has not attempted to demonstrate why responding to

24   this request and/or producing responsive documents presents any burden.  This

25   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

26   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

27   request is unduly burdensome must allege specific facts which indicate the nature

28   and extent of the burden, usually by affidavit or other reliable evidence.").

1   Moreover, it is not unduly burdensome, as noted above, in that the request is

2   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

3   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

4        This request does not seek documents protected by the attorney-client

5   privilege, the attorney work product doctrine, or other applicable privileges.  To the

6   extent that Mattel contends that it does, Mattel must provide a privilege log.

7        This request seeks relevant information.  Mattel identified Benz in its initial

8   disclosures an individual with discoverable knowledge regarding "[t]he

9   development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

10  56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 3).

11  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

12  Further, this information is relevant to, among other things, Mattel's trade secret

13  defense and MGA's claims of trade dress infringement.

14       Mattel's objection that the request seeks confidential, proprietary, and trade

15  secret information should be disregarded.  The parties have entered into a protective

16  order in this matter, which governs the handling of confidential business

17  information.  Further, Mattel has put its confidential business information at issue

18  in this litigation, including but not limited to its trade secret misappropriation claim.

19  Accordingly, it cannot resist discovery of confidential business information.

20       Finally, Mattel has improperly limited its agreement to produce to "the facts

21  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

22  the individual is identified as being knowledgeable about certain topics in Mattel's

23  initial disclosures, Mattel's obligation to produce does not end with the facts that it

24  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

25  information from the individual on the topics identified, regardless of whether it

26  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

27  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

28  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

1   MGA might be excluding documents that are responsive to the request based upon

2   its unilateral determination of what is 'relevant' or 'sufficient.'").

3   　　　None of Mattel's improper objections are valid and Mattel is obligated to

4   produce all non-privileged responsive documents in its possession, custody, or

5   control.

6

7   **REQUEST FOR PRODUCTION NO. 194:**

8   　　　All DOCUMENTS in Molly Benz's possession or control REFERRING OR

9   RELATING TO her alleged knowledge of "[t]he development and ownership of

10  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

11  　　　**RESPONSE TO REQUEST NO. 194:**

12  　　　In addition to the general objections stated above which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it is

14  overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case. Mattel further

17  objects to the Request on the grounds that it seeks documents that are not relevant

18  to this action or likely to lead to the discovery of admissible evidence. Mattel

19  further objects to this Request on the grounds that it seeks confidential, proprietary

20  and trade secret information that has no bearing on the claims or defenses in this

21  case. Mattel further objects to this Request on the grounds that it calls for the

22  disclosure of information subject to the attorney-client privilege, the attorney work-

23  product doctrine and other applicable privileges.

24  　　　**SUPPLEMENTAL RESPONSE TO REQUEST NO. 194:**

25  　　　In addition to the general objections stated above which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is

27  overbroad, unduly burdensome and unintelligible, including in that it seeks all

28  documents on this subject without limitation as to time, and regardless of whether

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET THREE;  CV 04-9049 SGL (RNBx)

1  such documents relate to products or matters at issue in this case. Mattel further

2  objects to the Request on the grounds that it seeks documents that are not relevant

3  to this action or likely to lead to the discovery of admissible evidence. Mattel

4  further objects to this Request on the grounds that it seeks confidential, proprietary

5  and trade secret information, including such information that has no bearing on the

6  claims or defenses in this case. Mattel further objects to this Request on the grounds

7  that it calls for the disclosure of information subject to the attorney-client privilege,

8  the attorney work-product doctrine and other applicable privileges.

9       Subject to the foregoing objections, Mattel responds as follows: Mattel will

10  produce responsive, non-privileged documents relating to Molly Benz's knowledge

11  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

12  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

13  locate after a diligent search and reasonable inquiry, to the extent not previously

14  produced.

15

16  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

17  **SHOULD BE COMPELLED**

18       Mattel has improperly limited its agreement to produce documents in

19  response to this request, subject to its improper boilerplate objections.  Mattel has

20  refused to confirm whether or not it has produced all non-privileged responsive

21  documents or whether it is withholding documents based on its objections in Phase

22  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

23  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

24  Generic objections that fail to explain the basis for an objection with specificity are

25  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

26  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

27  such as 'overly burdensome and harassing' are improper – especially when a party

28  fails to submit any evidentiary declarations supporting such objections").

1   Accordingly, Mattel must be compelled either to certify that it has produced all

2   non-privileged responsive documents or to produce all such documents by a date

3   certain.

4       To the extent that Mattel is relying on its blanket objections, they are not

5   sustainable and do not justify Mattel's failure to produce documents.

6       As to overbreadth, Mattel provides no explanation, let alone the required

7   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

11  custody, or control concerning Benz's alleged knowledge of "[t]he development

12  and ownership of intellectual property at issue."  This area of information is taken

13  directly from Mattel's allegations regarding Benz in its initial disclosures.

14  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

15  2007, p. 3).

16      As to burden, Mattel has not attempted to demonstrate why responding to

17  this request and/or producing responsive documents presents any burden.  This

18  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

19  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20  request is unduly burdensome must allege specific facts which indicate the nature

21  and extent of the burden, usually by affidavit or other reliable evidence.").

22  Moreover, it is not unduly burdensome, as noted above, in that the request is

23  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

24  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

25      This request does not seek documents protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges.  To the

27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1   This request seeks relevant information.  Mattel identified Benz in its initial

2   disclosures an individual with discoverable knowledge regarding "[t]he

3   development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

4   56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 3).

5   Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

6   Further, this information is relevant to, among other things, Mattel's trade secret

7   defense and MGA's claims of trade dress infringement.

8   Mattel's objection that the request seeks confidential, proprietary, and trade

9   secret information should be disregarded.  The parties have entered into a protective

10   order in this matter, which governs the handling of confidential business

11   information.  Further, Mattel has put its confidential business information at issue

12   in this litigation, including but not limited to its trade secret misappropriation claim.

13   Accordingly, it cannot resist discovery of confidential business information.

14   Finally, Mattel has improperly limited its agreement to produce to "the facts

15   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

16   the individual is identified as being knowledgeable about certain topics in Mattel's

17   initial disclosures, Mattel's obligation to produce does not end with the facts that it

18   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

19   information from the individual on the topics identified, regardless of whether it

20   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

21   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

22   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

23   MGA might be excluding documents that are responsive to the request based upon

24   its unilateral determination of what is 'relevant' or 'sufficient.'").

25   None of Mattel's improper objections are valid and Mattel is obligated to

26   produce all non-privileged responsive documents in its possession, custody, or

27   control.

28

1   **REQUEST FOR PRODUCTION NO. 195:**

2       All DOCUMENTS REFERRING OR RELATING TO Jason Bergerson's

3   alleged knowledge of "MGA's theft of Mattel's intellectual property and trade

4   secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

5       **RESPONSE TO REQUEST NO. 195:**

6       In addition to the general objections stated above which are incorporated

7   herein by reference, Mattel objects to this Request on the grounds that it is

8   overbroad, unduly burdensome and unintelligible, including in that it seeks all

9   documents on this subject without limitation as to time, and regardless of whether

10  such documents relate to products or matters at issue in this case. Mattel further

11  objects to the Request on the grounds that it seeks documents that are not relevant to

12  this action or likely to lead to the discovery of admissible evidence. Mattel further

13  objects to this Request on the grounds that it seeks confidential, proprietary and

14  trade secret information that has no bearing on the claims or defenses in this case.

15  Mattel further objects to this Request on the grounds that it calls for the disclosure

16  of information subject to the attorney-client privilege, the attorney work-product

17  doctrine and other applicable privileges.

18      **SUPPLEMENTAL RESPONSE TO REQUEST NO. 195:**

19      In addition to the general objections stated above which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is

21  overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case. Mattel further

24  objects to the Request on the grounds that it seeks documents that are not relevant

25  to this action or likely to lead to the discovery of admissible evidence. Mattel

26  further objects to this Request on the grounds that it seeks confidential, proprietary

27  and trade secret information, including such information that has no bearing on the

28  claims or defenses in this case. Mattel further objects to this Request on the grounds

1   that it calls for the disclosure of information subject to the attorney-client privilege,

2   the attorney work-product doctrine and other applicable privileges.

3        Subject to the foregoing objections, Mattel responds as follows: Mattel will

4   produce responsive, non-privileged documents relating to Jason Bergerson's

5   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

6   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

7   has been able to locate after a diligent search and reasonable inquiry, to the extent

8   not previously produced.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

11

12       Mattel has improperly limited its agreement to produce documents in

13  response to this request, subject to its improper boilerplate objections.  Mattel has

14  refused to confirm whether or not it has produced all non-privileged responsive

15  documents or whether it is withholding documents based on its objections in Phase

16  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18  Generic objections that fail to explain the basis for an objection with specificity are

19  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21  such as 'overly burdensome and harassing' are improper – especially when a party

22  fails to submit any evidentiary declarations supporting such objections").

23  Accordingly, Mattel must be compelled either to certify that it has produced all

24  non-privileged responsive documents or to produce all such documents by a date

25  certain.

26       To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to **why** this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Bergerson's alleged knowledge of "MGA's theft of Mattel's intellectual property and trade secrets."  This area of information is taken directly from Mattel's allegations regarding Bergerson in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 4).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

This request seeks relevant information.  Mattel identified Bergerson in its initial disclosures an individual with discoverable knowledge regarding "MGA's theft of Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 4.  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.  Further, this information is relevant to, among other things, Mattel's trade secret defense,

1  MGA's claims of trade dress infringement, and MGA's affirmative defenses of
2  statute of limitations and laches.

3      Mattel's objection that the request seeks confidential, proprietary, and trade
4  secret information should be disregarded.  The parties have entered into a protective
5  order in this matter, which governs the handling of confidential business
6  information.  Further, Mattel has put its confidential business information at issue
7  in this litigation, including but not limited to its trade secret misappropriation claim.
8  Accordingly, it cannot resist discovery of confidential business information.

9      Finally, Mattel has improperly limited its agreement to produce to "the facts
10  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that
11  the individual is identified as being knowledgeable about certain topics in Mattel's
12  initial disclosures, Mattel's obligation to produce does not end with the facts that it
13  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
14  information from the individual on the topics identified, regardless of whether it
15  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order
16  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
17  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
18  MGA might be excluding documents that are responsive to the request based upon
19  its unilateral determination of what is 'relevant' or 'sufficient.'").

20      None of Mattel's improper objections are valid and Mattel is obligated to
21  produce all non-privileged responsive documents in its possession, custody, or
22  control.

23

24  **REQUEST FOR PRODUCTION NO. 196:**

25      All DOCUMENTS REFERRING OR RELATING TO John Bloodworth's
26  alleged knowledge of "MGA's access to Mattel's intellectual property and trade
27  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
28  DISCLOSURES.

**RESPONSE TO REQUEST NO. 196:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 196:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the

- 57 -

1    disclosure of information subject to the attorney-client privilege, the attorney work-

2    product doctrine and other applicable privileges.

3            Subject to the foregoing objections, Mattel responds as follows: Mattel will

4    produce responsive, non-privileged documents relating to John Bloodworth's

5    knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

6    Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

7    has been able to locate after a diligent search and reasonable inquiry, to the extent

8    not previously produced.

9

10   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

11

12           Mattel has improperly limited its agreement to produce documents in

13   response to this request, subject to its improper boilerplate objections.  Mattel has

14   refused to confirm whether or not it has produced all non-privileged responsive

15   documents or whether it is withholding documents based on its objections in Phase

16   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18   Generic objections that fail to explain the basis for an objection with specificity are

19   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21   such as 'overly burdensome and harassing' are improper – especially when a party

22   fails to submit any evidentiary declarations supporting such objections").

23   Accordingly, Mattel must be compelled either to certify that it has produced all

24   non-privileged responsive documents or to produce all such documents by a date

25   certain.

26           To the extent that Mattel is relying on its blanket objections, they are not

27   sustainable and do not justify Mattel's failure to produce documents.

28

1    As to overbreadth, Mattel provides no explanation, let alone the required

2    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5    contrary, the request is narrowly tailored to seek documents in Mattel's possession,

6    custody, or control concerning Bloodworth's alleged knowledge of "MGA's access

7    to Mattel's intellectual property and trade secrets" and "MGA's business practices."

8    This area of information is taken directly from Mattel's allegations regarding

9    Bloodworth in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

10   Initial Disclosures, dated Jan. 5, 2007, p. 4).

11   As to burden, Mattel has not attempted to demonstrate why responding to

12   this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

14   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.").

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

19   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

20   This request does not seek documents protected by the attorney-client

21   privilege, the attorney work product doctrine, or other applicable privileges.  To the

22   extent that Mattel contends that it does, Mattel must provide a privilege log.

23   This request seeks relevant information.  Mattel identified Bloodworth in its

24   initial disclosures an individual with discoverable knowledge regarding "MGA's

25   access to Mattel's intellectual property and trade secrets" and "MGA business

26   practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

27   Jan. 5, 2007, p. 4).  Accordingly, Mattel's initial disclosures demonstrate the

28   relevance of this request.  Further, this information is relevant to, among other

1   things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

2   and MGA's affirmative defenses of statute of limitations and laches.

3        Mattel's objection that the request seeks information within MGA's

4   possession, custody or control is nonsensical and lacks factual support.  Mattel

5   makes no argument, let alone a factual showing, that any documents in MGA's

6   possession are duplicative of documents within Mattel's control.  MGA is entitled

7   to discovery from Mattel of documents within its possession, custody, or control

8   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

9   a conclusory statement that MGA also possesses responsive documents.

10       Mattel's objection that the request seeks confidential, proprietary, and trade

11  secret information should be disregarded.  The parties have entered into a protective

12  order in this matter, which governs the handling of confidential business

13  information.  Further, Mattel has put its confidential business information at issue

14  in this litigation, including but not limited to its trade secret misappropriation claim.

15  Accordingly, it cannot resist discovery of confidential business information.

16       Finally, Mattel has improperly limited its agreement to produce to "the facts

17  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

18  the individual is identified as being knowledgeable about certain topics in Mattel's

19  initial disclosures, Mattel's obligation to produce does not end with the facts that it

20  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

21  information from the individual on the topics identified, regardless of whether it

22  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

23  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

24  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

25  MGA might be excluding documents that are responsive to the request based upon

26  its unilateral determination of what is 'relevant' or 'sufficient.'").

27

28

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 197:**

All DOCUMENTS REFERRING OR RELATING TO Kevin Bloomfield's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 197:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 197:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further

1   objects to the Request on the grounds that it seeks documents that are not relevant

2   to this action or likely to lead to the discovery of admissible evidence. Mattel

3   further objects to this Request on the grounds that it calls for documents or

4   information in the possession, custody or control of MGA, including without

5   limitation documents and information that MGA has been compelled by Court

6   orders to produce but has not produced. Mattel further objects to this Request on

7   the grounds that it seeks confidential, proprietary and trade secret information,

8   including such information that has no bearing on the claims or defenses in this

9   case. Mattel further objects to this Request on the grounds that it calls for the

10  disclosure of information subject to the attorney-client privilege, the attorney work-

11  product doctrine and other applicable privileges.

12       Subject to the foregoing objections, Mattel responds as follows: Mattel will

13  produce responsive, non-privileged documents relating to Kevin Bloomfield's

14  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

15  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

16  has been able to locate after a diligent search and reasonable inquiry, to the extent

17  not previously produced.

18

19  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

    **SHOULD BE COMPELLED**

20

21       Mattel has improperly limited its agreement to produce documents in

22  response to this request, subject to its improper boilerplate objections.  Mattel has

23  refused to confirm whether or not it has produced all non-privileged responsive

24  documents or whether it is withholding documents based on its objections in Phase

25  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

26  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

27  Generic objections that fail to explain the basis for an objection with specificity are

28  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

- 62 -

1    Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

2    such as 'overly burdensome and harassing' are improper – especially when a party

3    fails to submit any evidentiary declarations supporting such objections").

4    Accordingly, Mattel must be compelled either to certify that it has produced all

5    non-privileged responsive documents or to produce all such documents by a date

6    certain.

7         To the extent that Mattel is relying on its blanket objections, they are not

8    sustainable and do not justify Mattel's failure to produce documents.

9         As to overbreadth, Mattel provides no explanation, let alone the required

10   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

11   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

14   custody, or control concerning Bloomfield's alleged knowledge of "MGA's access

15   to Mattel's intellectual property and trade secrets" and "MGA's business practices."

16   This area of information is taken directly from Mattel's allegations regarding

17   Bloomfield in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

18   Initial Disclosures, dated Jan. 5, 2007, p. 4).

19        As to burden, Mattel has not attempted to demonstrate why responding to

20   this request and/or producing responsive documents presents any burden.  This

21   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

22   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23   request is unduly burdensome must allege specific facts which indicate the nature

24   and extent of the burden, usually by affidavit or other reliable evidence.").

25   Moreover, it is not unduly burdensome, as noted above, in that the request is

26   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

27   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

28

1      This request does not seek documents protected by the attorney-client

2  privilege, the attorney work product doctrine, or other applicable privileges.  To the

3  extent that Mattel contends that it does, Mattel must provide a privilege log.

4      This request seeks relevant information.  Mattel identified Bloomfield in its

5  initial disclosures an individual with discoverable knowledge regarding "MGA's

6  access to Mattel's intellectual property and trade secrets" and "MGA business

7  practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

8  Jan. 5, 2007, p. 4).  Accordingly, Mattel's initial disclosures demonstrate the

9  relevance of this request.  Further, this information is relevant to, among other

10  things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

11  and MGA's affirmative defenses of statute of limitations and laches.

12      Mattel's objection that the request seeks information within MGA's

13  possession, custody or control is nonsensical and lacks factual support.  Mattel

14  makes no argument, let alone a factual showing, that any documents in MGA's

15  possession are duplicative of documents within Mattel's control.  MGA is entitled

16  to discovery from Mattel of documents within its possession, custody, or control

17  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

18  a conclusory statement that MGA also possesses responsive documents.

19      Mattel's objection that the request seeks confidential, proprietary, and trade

20  secret information should be disregarded.  The parties have entered into a protective

21  order in this matter, which governs the handling of confidential business

22  information.  Further, Mattel has put its confidential business information at issue

23  in this litigation, including but not limited to its trade secret misappropriation claim.

24  Accordingly, it cannot resist discovery of confidential business information.

25      Finally, Mattel has improperly limited its agreement to produce to "the facts

26  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

27  the individual is identified as being knowledgeable about certain topics in Mattel's

28  initial disclosures, Mattel's obligation to produce does not end with the facts that it

1   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

2   information from the individual on the topics identified, regardless of whether it

3   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

4   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

5   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

6   MGA might be excluding documents that are responsive to the request based upon

7   its unilateral determination of what is 'relevant' or 'sufficient.'").

8       None of Mattel's improper objections are valid and Mattel is obligated to

9   produce all non-privileged responsive documents in its possession, custody, or

10  control.

11

12  **REQUEST FOR PRODUCTION NO. 198:**

13      All DOCUMENTS REFERRING OR RELATING TO Matt Bousquette's

14  alleged knowledge of "Mattel's business operations and the development and

15  ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL

16  DISCLOSURES.

17      **RESPONSE TO REQUEST NO. 198:**

18      In addition to the general objections stated above which are incorporated

19  herein by reference, Mattel objects to this Request on the grounds that it is

20  overbroad, unduly burdensome and unintelligible, including in that it seeks all

21  documents on this subject without limitation as to time, and regardless of whether

22  such documents relate to products or matters at issue in this case. Mattel further

23  objects to the Request on the grounds that it seeks documents that are not relevant

24  to this action or likely to lead to the discovery of admissible evidence. Mattel

25  further objects to this Request on the grounds that it seeks confidential, proprietary

26  and trade secret information that has no bearing on the claims or defenses in this

27  case. Mattel further objects to this Request on the grounds that it calls for the

28

OHS West:260723198

- 65 -

1   disclosure of information subject to the attorney-client privilege, the attorney work-

2   product doctrine and other applicable privileges.

3   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 198:**

4   In addition to the general objections stated above which are incorporated

5   herein by reference, Mattel objects to this Request on the grounds that it is

6   overbroad, unduly burdensome and unintelligible, including in that it seeks all

7   documents on this subject without limitation as to time, and regardless of whether

8   such documents relate to products or matters at issue in this case. Mattel further

9   objects to the Request on the grounds that it seeks documents that are not relevant

10  to this action or likely to lead to the discovery of admissible evidence. Mattel

11  further objects to this Request on the grounds that it seeks confidential, proprietary

12  and trade secret information, including such information that has no bearing on the

13  claims or defenses in this case. Mattel further objects to this Request on the grounds

14  that it calls for the disclosure of information subject to the attorney-client privilege,

15  the attorney work-product doctrine and other applicable privileges.

16  Subject to the foregoing objections, Mattel responds as follows: Mattel will

17  produce responsive, non-privileged documents relating to Matt Bousquette's

18  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

19  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

20  has been able to locate after a diligent search and reasonable inquiry, to the extent

21  not previously produced.

22

23  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

24  **SHOULD BE COMPELLED**

25  Mattel has improperly limited its agreement to produce documents in

26  response to this request, subject to its improper boilerplate objections.  Mattel has

27  refused to confirm whether or not it has produced all non-privileged responsive

28  documents or whether it is withholding documents based on its objections in Phase

2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Bousquette's alleged knowledge of "Mattel's business operations and the development and ownership of intellectual property at issue."  This area of information is taken directly from Mattel's allegations regarding Bousquette in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 4).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.").

1    Moreover, it is not unduly burdensome, as noted above, in that the request is

2    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

3    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

4         This request does not seek documents protected by the attorney-client

5    privilege, the attorney work product doctrine, or other applicable privileges.  To the

6    extent that Mattel contends that it does, Mattel must provide a privilege log.

7         This request seeks relevant information.  Mattel identified Bousquette in its

8    initial disclosures an individual with discoverable knowledge regarding "Mattel's

9    business operations and the development and ownership of intellectual property at

10   issue."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

11   Jan. 5, 2007, p. 4).  Accordingly, Mattel's initial disclosures demonstrate the

12   relevance of this request.  Further, this information is relevant to, among other

13   things, Mattel's trade secret defense and MGA's claims of trade dress infringement.

14        Mattel's objection that the request seeks confidential, proprietary, and trade

15   secret information should be disregarded.  The parties have entered into a protective

16   order in this matter, which governs the handling of confidential business

17   information.  Further, Mattel has put its confidential business information at issue

18   in this litigation, including but not limited to its trade secret misappropriation claim.

19   Accordingly, it cannot resist discovery of confidential business information.

20        Finally, Mattel has improperly limited its agreement to produce to "the facts

21   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

22   the individual is identified as being knowledgeable about certain topics in Mattel's

23   initial disclosures, Mattel's obligation to produce does not end with the facts that it

24   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

25   information from the individual on the topics identified, regardless of whether it

26   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

27   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

28   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

1   MGA might be excluding documents that are responsive to the request based upon

2   its unilateral determination of what is 'relevant' or 'sufficient.'").

3           None of Mattel's improper objections are valid and Mattel is obligated to

4   produce all non-privileged responsive documents in its possession, custody, or

5   control.

6

7   **REQUEST FOR PRODUCTION NO. 199:**

8           All DOCUMENTS in Matt Bousquette's possession or control REFERRING

9   OR RELATING TO his alleged knowledge of "Mattel's business operations and

10  the development and ownership of intellectual property at issue," as alleged in

11  MATTEL'S INITIAL DISCLOSURES.

12          **RESPONSE TO REQUEST NO. 199:**

13          In addition to the general objections stated above which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is

15  overbroad, unduly burdensome and unintelligible, including in that it seeks all

16  documents on this subject without limitation as to time, and regardless of whether

17  such documents relate to products or matters at issue in this case. Mattel further

18  objects to the Request on the grounds that it seeks documents that are not relevant

19  to this action or likely to lead to the discovery of admissible evidence. Mattel

20  further objects to this Request on the grounds that it seeks confidential, proprietary

21  and trade secret information that has no bearing on the claims or defenses in this

22  case. Mattel further objects to this Request on the grounds that it calls for the

23  disclosure of information subject to the attorney-client privilege, the attorney work-

24  product doctrine and other applicable privileges.

25          **SUPPLEMENTAL RESPONSE TO REQUEST NO. 199:**

26          In addition to the general objections stated above which are incorporated

27  herein by reference, Mattel objects to this Request on the grounds that it is

28  overbroad, unduly burdensome and unintelligible, including in that it seeks all

1   documents on this subject without limitation as to time, and regardless of whether

2   such documents relate to products or matters at issue in this case. Mattel further

3   objects to the Request on the grounds that it seeks documents that are not relevant

4   to this action or likely to lead to the discovery of admissible evidence. Mattel

5   further objects to this Request on the grounds that it seeks confidential, proprietary

6   and trade secret information, including such information that has no bearing on the

7   claims or defenses in this case. Mattel further objects to this Request on the grounds

8   that it calls for the disclosure of information subject to the attorney-client privilege,

9   the attorney work-product doctrine and other applicable privileges.

10      Subject to the foregoing objections, Mattel responds as follows: Mattel will

11  produce responsive, non-privileged documents relating to Matt Bousquette's

12  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

13  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

14  has been able to locate after a diligent search and reasonable inquiry, to the extent

15  not previously produced.

16

17  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

18

19      Mattel has improperly limited its agreement to produce documents in

20  response to this request, subject to its improper boilerplate objections.  Mattel has

21  refused to confirm whether or not it has produced all non-privileged responsive

22  documents or whether it is withholding documents based on its objections in Phase

23  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

24  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

25  Generic objections that fail to explain the basis for an objection with specificity are

26  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

27  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

28  such as 'overly burdensome and harassing' are improper – especially when a party

1    fails to submit any evidentiary declarations supporting such objections”).

2    Accordingly, Mattel must be compelled either to certify that it has produced all

3    non-privileged responsive documents or to produce all such documents by a date

4    certain.

5         To the extent that Mattel is relying on its blanket objections, they are not

6    sustainable and do not justify Mattel’s failure to produce documents.

7         As to overbreadth, Mattel provides no explanation, let alone the required

8    particularity, as to **why** this request is supposedly overly broad, nor can it do so.

9    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

11   contrary, the request is narrowly tailored to seek documents in Mattel’s possession,

12   custody, or control concerning Bousquette’s alleged knowledge of “Mattel’s

13   business operations and the development and ownership of intellectual property at

14   issue.”  This area of information is taken directly from Mattel’s allegations

15   regarding Bousequette in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel’s

16   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 4).

17        As to burden, Mattel has not attempted to demonstrate why responding to

18   this request and/or producing responsive documents presents any burden.  This

19   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

20   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) (“The party claiming that a discovery

21   request is unduly burdensome must allege specific facts which indicate the nature

22   and extent of the burden, usually by affidavit or other reliable evidence.”).

23   Moreover, it is not unduly burdensome, as noted above, in that the request is

24   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

25   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

26        This request does not seek documents protected by the attorney-client

27   privilege, the attorney work product doctrine, or other applicable privileges.  To the

28   extent that Mattel contends that it does, Mattel must provide a privilege log.

This request seeks relevant information.  Mattel identified Bousquette in its initial disclosures an individual with discoverable knowledge regarding "Mattel's business operations and the development and ownership of intellectual property at issue."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 4).  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.  Further, this information is relevant to, among other things, Mattel's trade secret defense and MGA's claims of trade dress infringement.

Mattel's objection that the request seeks confidential, proprietary, and trade secret information should be disregarded.  The parties have entered into a protective order in this matter, which governs the handling of confidential business information.  Further, Mattel has put its confidential business information at issue in this litigation, including but not limited to its trade secret misappropriation claim.  Accordingly, it cannot resist discovery of confidential business information.

Finally, Mattel has improperly limited its agreement to produce to "the facts at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that the individual is identified as being knowledgeable about certain topics in Mattel's initial disclosures, Mattel's obligation to produce does not end with the facts that it has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive information from the individual on the topics identified, regardless of whether it supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that MGA might be excluding documents that are responsive to the request based upon its unilateral determination of what is 'relevant' or 'sufficient.'").

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

- 72 -

1  **REQUEST FOR PRODUCTION NO. 200:**

2      All DOCUMENTS REFERRING OR RELATING TO Ron Brawer's alleged

3  knowledge of "MGA's theft of Mattel's intellectual property and trade secrets" and

4  "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

5      **RESPONSE TO REQUEST NO. 200:**

6      In addition to the general objections stated above which are incorporated

7  herein by reference, Mattel objects to this Request on the grounds that it is

8  overbroad, unduly burdensome and unintelligible, including in that it seeks all

9  documents on this subject without limitation as to time, and regardless of whether

10  such documents relate to products or matters at issue in this case. Mattel further

11  objects to the Request on the grounds that it seeks documents that are not relevant

12  to this action or likely to lead to the discovery of admissible evidence. Mattel

13  further objects to this Request on the grounds that it seeks confidential, proprietary

14  and trade secret information that has no bearing on the claims or defenses in this

15  case. Mattel further objects to this Request on the grounds that it calls for the

16  disclosure of information subject to the attorney-client privilege, the attorney work-

17  product doctrine and other applicable privileges.

18      **SUPPLEMENTAL RESPONSE TO REQUEST NO. 200:**

19      In addition to the general objections stated above which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is

21  overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case. Mattel further

24  objects to the Request on the grounds that it seeks documents that are not relevant

25  to this action or likely to lead to the discovery of admissible evidence. Mattel

26  further objects to this Request on the grounds that it calls for documents or

27  information in the possession, custody or control of MGA, including without

28  limitation documents and information that MGA has been compelled by Court

- 73 -

1   orders to produce but has not produced. Mattel further objects to this Request on

2   the grounds that it seeks confidential, proprietary and trade secret information,

3   including such information that has no bearing on the claims or defenses in this

4   case. Mattel further objects to this Request on the grounds that it calls for the

5   disclosure of information subject to the attorney-client privilege, the attorney work-

6   product doctrine and other applicable privileges.

7        Subject to the foregoing objections, Mattel responds as follows: Mattel will

8   produce responsive, non-privileged documents relating to Ron Brawer's knowledge

9   of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

10  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

11  locate after a diligent search and reasonable inquiry, to the extent not previously

12  produced.

13

14  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

15

16       Mattel has improperly limited its agreement to produce documents in

17  response to this request, subject to its improper boilerplate objections.  Mattel has

18  refused to confirm whether or not it has produced all non-privileged responsive

19  documents or whether it is withholding documents based on its objections in Phase

20  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

21  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

22  Generic objections that fail to explain the basis for an objection with specificity are

23  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

24  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

25  such as 'overly burdensome and harassing' are improper – especially when a party

26  fails to submit any evidentiary declarations supporting such objections").

27  Accordingly, Mattel must be compelled either to certify that it has produced all

28

1   non-privileged responsive documents or to produce all such documents by a date

2   certain.

3        To the extent that Mattel is relying on its blanket objections, they are not

4   sustainable and do not justify Mattel's failure to produce documents.

5        As to overbreadth, Mattel provides no explanation, let alone the required

6   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

10  custody, or control concerning Brawer's alleged knowledge of "MGA's theft of

11  Mattel's intellectual property and trade secrets" and "MGA's business practices."

12  This area of information is taken directly from Mattel's allegations regarding

13  Brawer in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

14  Initial Disclosures, dated Jan. 5, 2007, p. 4).

15       As to burden, Mattel has not attempted to demonstrate why responding to

16  this request and/or producing responsive documents presents any burden.  This

17  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.").

21  Moreover, it is not unduly burdensome, as noted above, in that the request is

22  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

23  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

24       This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges.  To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27       This request seeks relevant information.  Mattel identified Brawer in its

28  initial disclosures an individual with discoverable knowledge regarding "MGA's

1  theft of Mattel's intellectual property and trade secrets" and "MGA's business

2  practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

3  Jan. 5, 2007, p. 4).  Accordingly, Mattel's initial disclosures demonstrate the

4  relevance of this request.  Further, this information is relevant to, among other

5  things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

6  and MGA's affirmative defenses of statute of limitations and laches.

7       Mattel's objection that the request seeks information within MGA's

8  possession, custody or control is nonsensical and lacks factual support.  Mattel

9  makes no argument, let alone a factual showing, that any documents in MGA's

10  possession are duplicative of documents within Mattel's control.  MGA is entitled

11  to discovery from Mattel of documents within its possession, custody, or control

12  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

13  a conclusory statement that MGA also possesses responsive documents.

14       Mattel's objection that the request seeks confidential, proprietary, and trade

15  secret information should be disregarded.  The parties have entered into a protective

16  order in this matter, which governs the handling of confidential business

17  information.  Further, Mattel has put its confidential business information at issue

18  in this litigation, including but not limited to its trade secret misappropriation claim.

19  Accordingly, it cannot resist discovery of confidential business information.

20       Finally, Mattel has improperly limited its agreement to produce to "the facts

21  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

22  the individual is identified as being knowledgeable about certain topics in Mattel's

23  initial disclosures, Mattel's obligation to produce does not end with the facts that it

24  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

25  information from the individual on the topics identified, regardless of whether it

26  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

27  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

28  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

1   MGA might be excluding documents that are responsive to the request based upon

2   its unilateral determination of what is 'relevant' or 'sufficient.'").

3          None of Mattel's improper objections are valid and Mattel is obligated to

4   produce all non-privileged responsive documents in its possession, custody, or

5   control.

6

7   **REQUEST FOR PRODUCTION NO. 201:**

8          All DOCUMENTS REFERRING OR RELATING TO Janine Brisbois's

9   alleged knowledge of "MGA's theft of Mattel's intellectual property and trade

10   secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

11   DISCLOSURES.

12          **RESPONSE TO REQUEST NO. 201:**

13          In addition to the general objections stated above which are incorporated

14   herein by reference, Mattel objects to this Request on the grounds that it is

15   overbroad, unduly burdensome and unintelligible, including in that it seeks all

16   documents on this subject without limitation as to time, and regardless of whether

17   such documents relate to products or matters at issue in this case. Mattel further

18   objects to the Request on the grounds that it seeks documents that are not relevant

19   to this action or likely to lead to the discovery of admissible evidence. Mattel

20   further objects to this Request on the grounds that it seeks confidential, proprietary

21   and trade secret information that has no bearing on the claims or defenses in this

22   case. Mattel further objects to this Request on the grounds that it calls for the

23   disclosure of information subject to the attorney-client privilege, the attorney work-

24   product doctrine and other applicable privileges.

25          **SUPPLEMENTAL RESPONSE TO REQUEST NO. 201:**

26          In addition to the general objections stated above which are incorporated

27   herein by reference, Mattel objects to this Request on the grounds that it is

28   overbroad, unduly burdensome and unintelligible, including in that it seeks all

documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Janine Brisbois's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

1  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

2  Generic objections that fail to explain the basis for an objection with specificity are

3  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

4  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

5  such as 'overly burdensome and harassing' are improper – especially when a party

6  fails to submit any evidentiary declarations supporting such objections").

7  Accordingly, Mattel must be compelled either to certify that it has produced all

8  non-privileged responsive documents or to produce all such documents by a date

9  certain.

10      To the extent that Mattel is relying on its blanket objections, they are not

11  sustainable and do not justify Mattel's failure to produce documents.

12      As to overbreadth, Mattel provides no explanation, let alone the required

13  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

14  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

15  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

16  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

17  custody, or control concerning Brisbois's alleged knowledge of "MGA's theft of

18  Mattel's intellectual property and trade secrets" and "MGA's business practices."

19  This area of information is taken directly from Mattel's allegations regarding

20  Brisbois in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

21  Initial Disclosures, dated Jan. 5, 2007, p. 4).

22      As to burden, Mattel has not attempted to demonstrate why responding to

23  this request and/or producing responsive documents presents any burden.  This

24  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

25  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

26  request is unduly burdensome must allege specific facts which indicate the nature

27  and extent of the burden, usually by affidavit or other reliable evidence.").

28  Moreover, it is not unduly burdensome, as noted above, in that the request is

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL 9049, SET THREE;  CV 04-9049 SGL (RNBx)

1   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

2   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

3       This request does not seek documents protected by the attorney-client

4   privilege, the attorney work product doctrine, or other applicable privileges.  To the

5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6       This request seeks relevant information.  Mattel identified Brisbois in its

7   initial disclosures an individual with discoverable knowledge regarding "MGA's

8   theft of Mattel's intellectual property and trade secrets" and "MGA's business

9   practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

10  Jan. 5, 2007, p. 4).  Accordingly, Mattel's initial disclosures demonstrate the

11  relevance of this request.  Further, this information is relevant to, among other

12  things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

13  and MGA's affirmative defenses of statute of limitations and laches.

14      Mattel's objection that the request seeks information within MGA's

15  possession, custody or control is nonsensical and lacks factual support.  Mattel

16  makes no argument, let alone a factual showing, that any documents in MGA's

17  possession are duplicative of documents within Mattel's control.  MGA is entitled

18  to discovery from Mattel of documents within its possession, custody, or control

19  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

20  a conclusory statement that MGA also possesses responsive documents.

21      Mattel's objection that the request seeks confidential, proprietary, and trade

22  secret information should be disregarded.  The parties have entered into a protective

23  order in this matter, which governs the handling of confidential business

24  information.  Further, Mattel has put its confidential business information at issue

25  in this litigation, including but not limited to its trade secret misappropriation claim.

26  Accordingly, it cannot resist discovery of confidential business information.

27      Finally, Mattel has improperly limited its agreement to produce to "the facts

28  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

the individual is identified as being knowledgeable about certain topics in Mattel's initial disclosures, Mattel's obligation to produce does not end with the facts that it has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive information from the individual on the topics identified, regardless of whether it supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that MGA might be excluding documents that are responsive to the request based upon its unilateral determination of what is 'relevant' or 'sufficient.'").

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 202:**

All DOCUMENTS REFERRING OR RELATING TO Carter Bryant's alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or for MGA during his Mattel employment," "Bryant's breach of obligations to Mattel," "MGA's theft of Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 202:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary

- 81 -

1    and trade secret information that has no bearing on the claims or defenses in this

2    case. Mattel further objects to this Request on the grounds that it calls for the

3    disclosure of information subject to the attorney-client privilege, the attorney work-

4    product doctrine and other applicable privileges.

5           **SUPPLEMENTAL RESPONSE TO REQUEST NO. 202:**

6           In addition to the general objections stated above which are incorporated

7    herein by reference, Mattel objects to this Request on the grounds that it is

8    overbroad, unduly burdensome and unintelligible, including in that it seeks all

9    documents on this subject without limitation as to time, and regardless of whether

10   such documents relate to products or matters at issue in this case. Mattel further

11   objects to the Request on the grounds that it seeks documents that are not relevant

12   to this action or likely to lead to the discovery of admissible evidence. Mattel

13   further objects to this Request on the grounds that it calls for documents or

14   information in the possession, custody or control of MGA, including without

15   limitation documents and information that MGA has been compelled by Court

16   orders to produce but has not produced. Mattel further objects to this Request on

17   the grounds that it seeks confidential, proprietary and trade secret information,

18   including such information that has no bearing on the claims or defenses in this

19   case. Mattel further objects to this Request on the grounds that it calls for the

20   disclosure of information subject to the attorney-client privilege, the attorney work-

21   product doctrine and other applicable privileges.

22          Subject to the foregoing objections, Mattel responds as follows: Mattel will

23   produce responsive, non-privileged documents relating to Carter Bryant's

24   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

25   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

26   has been able to locate after a diligent search and reasonable inquiry, to the extent

27   not previously produced.

28

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Bryant's alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or for MGA during his Mattel employment," "Bryant's breach of obligations to Mattel," "MGA's theft of Mattel's intellectual property and trade secrets" and "MGA business practices."  This area of information is taken directly from Mattel's allegations regarding Bryant in its initial

1   disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures,

2   dated Jan. 5, 2007, p. 4).

3          As to burden, Mattel has not attempted to demonstrate why responding to

4   this request and/or producing responsive documents presents any burden.  This

5   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

6   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7   request is unduly burdensome must allege specific facts which indicate the nature

8   and extent of the burden, usually by affidavit or other reliable evidence.").

9   Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

11  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

12         This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges.  To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15         This request seeks relevant information.  Mattel identified Bryant in its initial

16  disclosures an individual with discoverable knowledge regarding "[d]esign and

17  development of Bratz and Bryant's work with or for MGA during his Mattel

18  employment," "Bryant's breach of obligations to Mattel," "MGA's theft of Mattel's

19  intellectual property and trade secrets" and "MGA business practices.  Rutowski

20  Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 4).

21  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

22  Further, this information is relevant to, among other things, Mattel's trade secret

23  defense, MGA's claims of trade dress infringement, and MGA's affirmative

24  defenses of statute of limitations and laches.

25         Mattel's objection that the request seeks information within MGA's

26  possession, custody or control is nonsensical and lacks factual support.  Mattel

27  makes no argument, let alone a factual showing, that any documents in MGA's

28  possession are duplicative of documents within Mattel's control.  MGA is entitled

1    to discovery from Mattel of documents within its possession, custody, or control

2    that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

3    a conclusory statement that MGA also possesses responsive documents.

4            Mattel's objection that the request seeks confidential, proprietary, and trade

5    secret information should be disregarded.  The parties have entered into a protective

6    order in this matter, which governs the handling of confidential business

7    information.  Further, Mattel has put its confidential business information at issue

8    in this litigation, including but not limited to its trade secret misappropriation claim.

9    Accordingly, it cannot resist discovery of confidential business information.

10           Finally, Mattel has improperly limited its agreement to produce to "the facts

11   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

12   the individual is identified as being knowledgeable about certain topics in Mattel's

13   initial disclosures, Mattel's obligation to produce does not end with the facts that it

14   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

15   information from the individual on the topics identified, regardless of whether it

16   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

17   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

18   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

19   MGA might be excluding documents that are responsive to the request based upon

20   its unilateral determination of what is 'relevant' or 'sufficient.'").

21           None of Mattel's improper objections are valid and Mattel is obligated to

22   produce all non-privileged responsive documents in its possession, custody, or

23   control.

24

25   **REQUEST FOR PRODUCTION NO. 203:**

26           All DOCUMENTS REFERRING OR RELATING TO Sarah Buzby's

27   alleged knowledge of "[t]he development and ownership of intellectual property at

28   issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 203:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 203:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Sarah Buzby's

- 86 -

1   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

2   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

3   has been able to locate after a diligent search and reasonable inquiry, to the extent

4   not previously produced.

5

6   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

7   **SHOULD BE COMPELLED**

8        Mattel has improperly limited its agreement to produce documents in

9   response to this request, subject to its improper boilerplate objections.  Mattel has

10  refused to confirm whether or not it has produced all non-privileged responsive

11  documents or whether it is withholding documents based on its objections in Phase

12  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

13  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

14  Generic objections that fail to explain the basis for an objection with specificity are

15  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

16  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

17  such as 'overly burdensome and harassing' are improper – especially when a party

18  fails to submit any evidentiary declarations supporting such objections").

19  Accordingly, Mattel must be compelled either to certify that it has produced all

20  non-privileged responsive documents or to produce all such documents by a date

21  certain.

22        To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24        As to overbreadth, Mattel provides no explanation, let alone the required

25  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

26  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

1    custody, or control concerning Buzby's alleged knowledge of "[t]he development

2    and ownership of intellectual property at issue." This area of information is taken

3    directly from Mattel's allegations regarding Buzby's in its initial disclosures.

4    Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

5    2007, p. 4).

6         As to burden, Mattel has not attempted to demonstrate why responding to

7    this request and/or producing responsive documents presents any burden. This

8    objection must therefore be rejected. See Jackson v. Montgomery Ward & Co.,

9    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10   request is unduly burdensome must allege specific facts which indicate the nature

11   and extent of the burden, usually by affidavit or other reliable evidence.").

12   Moreover, it is not unduly burdensome, as noted above, in that the request is

13   narrowly tailored to seek only discoverable evidence. Mattel has alleged that MGA

14   misappropriated its trade secrets. MGA is entitled to discovery on this claim.

15        This request does not seek documents protected by the attorney-client

16   privilege, the attorney work product doctrine, or other applicable privileges. To the

17   extent that Mattel contends that it does, Mattel must provide a privilege log.

18        This request seeks relevant information. Mattel identified Buzby in its initial

19   disclosures an individual with discoverable knowledge regarding "[t]he

20   development and ownership of intellectual property at issue." Rutowski Decl. Ex.

21   56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 4).

22   Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

23   Further, this information is relevant to, among other things, Mattel's trade secret

24   defense and MGA's claims of trade dress infringement.

25        Mattel's objection that the request seeks confidential, proprietary, and trade

26   secret information should be disregarded. The parties have entered into a protective

27   order in this matter, which governs the handling of confidential business

28   information. Further, Mattel has put its confidential business information at issue

1  in this litigation, including but not limited to its trade secret misappropriation claim.

2  Accordingly, it cannot resist discovery of confidential business information.

3      Finally, Mattel has improperly limited its agreement to produce to "the facts

4  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

5  the individual is identified as being knowledgeable about certain topics in Mattel's

6  initial disclosures, Mattel's obligation to produce does not end with the facts that it

7  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

8  information from the individual on the topics identified, regardless of whether it

9  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

10 Granting Mattel's Motion to Compel Production of Documents and Interrogatory

11 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

12 MGA might be excluding documents that are responsive to the request based upon

13 its unilateral determination of what is 'relevant' or 'sufficient.'").

14     None of Mattel's improper objections are valid and Mattel is obligated to

15 produce all non-privileged responsive documents in its possession, custody, or

16 control.

17

18 **REQUEST FOR PRODUCTION NO. 204:**

19     All DOCUMENTS in Sarah Buzby's possession or control REFERRING OR

20 RELATING TO her alleged knowledge of "[t]he development and ownership of

21 intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

22     **RESPONSE TO REQUEST NO. 204:**

23     In addition to the general objections stated above which are incorporated

24 herein by reference, Mattel objects to this Request on the grounds that it is

25 overbroad, unduly burdensome and unintelligible, including in that it seeks all

26 documents on this subject without limitation as to time, and regardless of whether

27 such documents relate to products or matters at issue in this case. Mattel further

28 objects to the Request on the grounds that it seeks documents that are not relevant

1   to this action or likely to lead to the discovery of admissible evidence. Mattel

2   further objects to this Request on the grounds that it seeks confidential, proprietary

3   and trade secret information that has no bearing on the claims or defenses in this

4   case. Mattel further objects to this Request on the grounds that it calls for the

5   disclosure of information subject to the attorney-client privilege, the attorney work-

6   product doctrine and other applicable privileges.

7   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 204:**

8   In addition to the general objections stated above which are incorporated

9   herein by reference, Mattel objects to this Request on the grounds that it is

10  overbroad, unduly burdensome and unintelligible, including in that it seeks all

11  documents on this subject without limitation as to time, and regardless of whether

12  such documents relate to products or matters at issue in this case. Mattel further

13  objects to the Request on the grounds that it seeks documents that are not relevant

14  to this action or likely to lead to the discovery of admissible evidence. Mattel

15  further objects to this Request on the grounds that it seeks confidential, proprietary

16  and trade secret information, including such information that has no bearing on the

17  claims or defenses in this case. Mattel further objects to this Request on the grounds

18  that it calls for the disclosure of information subject to the attorney-client privilege,

19  the attorney work-product doctrine and other applicable privileges.

20  Subject to the foregoing objections, Mattel responds as follows: Mattel will

21  produce responsive, non-privileged documents relating to Sarah Buzby's

22  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

23  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

24  has been able to locate after a diligent search and reasonable inquiry, to the extent

25  not previously produced.

26

27

28

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Buzby's alleged knowledge of "[t]he development and ownership of intellectual property at issue."  This area of information is taken directly from Mattel's allegations regarding Buzby's in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 4).

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL 9049, SET THREE;  CV 04-9049 SGL (RNBX)

1   As to burden, Mattel has not attempted to demonstrate why responding to

2   this request and/or producing responsive documents presents any burden.  This

3   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5   request is unduly burdensome must allege specific facts which indicate the nature

6   and extent of the burden, usually by affidavit or other reliable evidence.").

7   Moreover, it is not unduly burdensome, as noted above, in that the request is

8   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10   This request does not seek documents protected by the attorney-client

11   privilege, the attorney work product doctrine, or other applicable privileges.  To the

12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13   This request seeks relevant information.  Mattel identified Buzby in its initial

14   disclosures an individual with discoverable knowledge regarding "[t]he

15   development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

16   56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 4).

17   Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

18   Further, this information is relevant to, among other things, Mattel's trade secret

19   defense and MGA's claims of trade dress infringement.

20   Mattel's objection that the request seeks confidential, proprietary, and trade

21   secret information should be disregarded.  The parties have entered into a protective

22   order in this matter, which governs the handling of confidential business

23   information.  Further, Mattel has put its confidential business information at issue

24   in this litigation, including but not limited to its trade secret misappropriation claim.

25   Accordingly, it cannot resist discovery of confidential business information.

26   Finally, Mattel has improperly limited its agreement to produce to "the facts

27   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

28   the individual is identified as being knowledgeable about certain topics in Mattel's

1   initial disclosures, Mattel's obligation to produce does not end with the facts that it

2   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

3   information from the individual on the topics identified, regardless of whether it

4   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

5   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

6   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

7   MGA might be excluding documents that are responsive to the request based upon

8   its unilateral determination of what is 'relevant' or 'sufficient.'").

9        None of Mattel's improper objections are valid and Mattel is obligated to

10   produce all non-privileged responsive documents in its possession, custody, or

11   control.

12

13   **REQUEST FOR PRODUCTION NO. 205:**

14        All DOCUMENTS REFERRING OR RELATING TO Juan Carlos Virrueta

15   Carnacho's alleged knowledge of "MGA's access to Mattel's intellectual property

16   and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

17   DISCLOSURES.

18        **RESPONSE TO REQUEST NO. 205:**

19        In addition to the general objections stated above which are incorporated

20   herein by reference, Mattel objects to this Request on the grounds that it is

21   overbroad, unduly burdensome and unintelligible, including in that it seeks all

22   documents on this subject without limitation as to time, and regardless of whether

23   such documents relate to products or matters at issue in this case. Mattel further

24   objects to the Request on the grounds that it seeks documents that are not relevant

25   to this action or likely to lead to the discovery of admissible evidence. Mattel

26   further objects to this Request on the grounds that it seeks confidential, proprietary

27   and trade secret information that has no bearing on the claims or defenses in this

28   case. Mattel further objects to this Request on the grounds that it calls for the

1   disclosure of information subject to the attorney-client privilege, the attorney work-

2   product doctrine and other applicable privileges.

3   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 205:**

4       In addition to the general objections stated above which are incorporated

5   herein by reference, Mattel objects to this Request on the grounds that it is

6   overbroad, unduly burdensome and unintelligible, including in that it seeks all

7   documents on this subject without limitation as to time, and regardless of whether

8   such documents relate to products or matters at issue in this case. Mattel further

9   objects to the Request on the grounds that it seeks documents that are not relevant

10  to this action or likely to lead to the discovery of admissible evidence. Mattel

11  further objects to this Request on the grounds that it calls for documents or

12  information in the possession, custody or control of MGA, including without

13  limitation documents and information that MGA has been compelled by Court

14  orders to produce but has not produced. Mattel further objects to this Request on

15  the grounds that it seeks confidential, proprietary and trade secret information,

16  including such information that has no bearing on the claims or defenses in this

17  case. Mattel further objects to this Request on the grounds that it calls for the

18  disclosure of information subject to the attorney-client privilege, the attorney work-

19  product doctrine and other applicable privileges.

20      Subject to the foregoing objections, Mattel responds as follows: Mattel will

21  produce responsive, non-privileged documents relating to Juan Carlos Virrueta

22  Carnacho's knowledge of the facts at issue in this litigation as alleged in Mattel's

23  Initial Disclosures that are in Mattel's possession, custody, or control, if any, that

24  Mattel has been able to locate after a diligent search and reasonable inquiry, to the

25  extent not previously produced.

26

27

28

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Camacho's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA's business practices." This area of information is taken directly from Mattel's allegations regarding Camacho in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, pp. 4-5).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

This request seeks relevant information.  Mattel identified Camacho in its initial disclosures an individual with discoverable knowledge regarding "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, pp. 4-5).  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.  Further, this information is relevant to, among other things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and MGA's affirmative defenses of statute of limitations and laches.

Mattel's objection that the request seeks information within MGA's possession, custody or control is nonsensical and lacks factual support.  Mattel makes no argument, let alone a factual showing, that any documents in MGA's possession are duplicative of documents within Mattel's control.  MGA is entitled to discovery from Mattel of documents within its possession, custody, or control that relate to the subject of this suit.  Mattel cannot avoid this obligation by making a conclusory statement that MGA also possesses responsive documents.

1    Mattel's objection that the request seeks confidential, proprietary, and trade

2    secret information should be disregarded.  The parties have entered into a protective

3    order in this matter, which governs the handling of confidential business

4    information.  Further, Mattel has put its confidential business information at issue

5    in this litigation, including but not limited to its trade secret misappropriation claim.

6    Accordingly, it cannot resist discovery of confidential business information.

7    Finally, Mattel has improperly limited its agreement to produce to "the facts

8    at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

9    the individual is identified as being knowledgeable about certain topics in Mattel's

10   initial disclosures, Mattel's obligation to produce does not end with the facts that it

11   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

12   information from the individual on the topics identified, regardless of whether it

13   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

14   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

15   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

16   MGA might be excluding documents that are responsive to the request based upon

17   its unilateral determination of what is 'relevant' or 'sufficient.'").

18   None of Mattel's improper objections are valid and Mattel is obligated to

19   produce all non-privileged responsive documents in its possession, custody, or

20   control.

21

22   **REQUEST FOR PRODUCTION NO. 206:**

23   All DOCUMENTS REFERRING OR RELATING TO Kathy Casey's

24   alleged knowledge of "Mattel's business operations and the development and

25   ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL

26   DISCLOSURES.

27

28

**RESPONSE TO REQUEST NO. 206:**

In addition to the general objections stated above which are incorporated

herein by reference, Mattel objects to this Request on the grounds that it is

overbroad, unduly burdensome and unintelligible, including in that it seeks all

documents on this subject without limitation as to time, and regardless of whether

such documents relate to products or matters at issue in this case. Mattel further

objects to the Request on the grounds that it seeks documents that are not relevant

to this action or likely to lead to the discovery of admissible evidence. Mattel

further objects to this Request on the grounds that it seeks confidential, proprietary

and trade secret information that has no bearing on the claims or defenses in this

case. Mattel further objects to this Request on the grounds that it calls for the

disclosure of information subject to the attorney-client privilege, the attorney work-

product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 206:**

In addition to the general objections stated above which are incorporated

herein by reference, Mattel objects to this Request on the grounds that it is

overbroad, unduly burdensome and unintelligible, including in that it seeks all

documents on this subject without limitation as to time, and regardless of whether

such documents relate to products or matters at issue in this case. Mattel further

objects to the Request on the grounds that it seeks documents that are not relevant

to this action or likely to lead to the discovery of admissible evidence. Mattel

further objects to this Request on the grounds that it seeks confidential, proprietary

and trade secret information, including such information that has no bearing on the

claims or defenses in this case. Mattel further objects to this Request on the grounds

that it calls for the disclosure of information subject to the attorney-client privilege,

the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will

produce responsive, non-privileged documents relating to Kathy Casey's

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET THREE;  CV 04-9049 SGL (RNBx)

1   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

2   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

3   has been able to locate after a diligent search and reasonable inquiry, to the extent

4   not previously produced.

5

6        **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

7        **SHOULD BE COMPELLED**

8       Mattel has improperly limited its agreement to produce documents in

9   response to this request, subject to its improper boilerplate objections.  Mattel has

10  refused to confirm whether or not it has produced all non-privileged responsive

11  documents or whether it is withholding documents based on its objections in Phase

12  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

13  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

14  Generic objections that fail to explain the basis for an objection with specificity are

15  routinely rejected in the Central District.  <u>See</u> <u>A. Farber and Partners, Inc. v.</u>

16  <u>Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

17  such as 'overly burdensome and harassing' are improper – especially when a party

18  fails to submit any evidentiary declarations supporting such objections").

19  Accordingly, Mattel must be compelled either to certify that it has produced all

20  non-privileged responsive documents or to produce all such documents by a date

21  certain.

22       To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24       As to overbreadth, Mattel provides no explanation, let alone the required

25  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

1  custody, or control concerning Casey's alleged knowledge of "Mattel's business

2  operations and the development and ownership of intellectual property at issue."

3  This area of information is taken directly from Mattel's allegations regarding Casey

4  in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

5  Disclosures, dated Jan. 5, 2007, p. 5).

6       As to burden, Mattel has not attempted to demonstrate why responding to

7  this request and/or producing responsive documents presents any burden.  This

8  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

9  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10  request is unduly burdensome must allege specific facts which indicate the nature

11  and extent of the burden, usually by affidavit or other reliable evidence.").

12  Moreover, it is not unduly burdensome, as noted above, in that the request is

13  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

14  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

15       This request does not seek documents protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges.  To the

17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18       This request seeks relevant information.  Mattel identified Casey in its initial

19  disclosures an individual with discoverable knowledge regarding "Mattel's business

20  operations and the development and ownership of intellectual property at issue."

21  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

22  2007, p. 5).  Accordingly, Mattel's initial disclosures demonstrate the relevance of

23  this request.  Further, this information is relevant to, among other things, Mattel's

24  trade secret defense and MGA's claims of trade dress infringement.

25       Mattel's objection that the request seeks confidential, proprietary, and trade

26  secret information should be disregarded.  The parties have entered into a protective

27  order in this matter, which governs the handling of confidential business

28  information.  Further, Mattel has put its confidential business information at issue

1  in this litigation, including but not limited to its trade secret misappropriation claim.

2  Accordingly, it cannot resist discovery of confidential business information.

3       Finally, Mattel has improperly limited its agreement to produce to "the facts

4  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

5  the individual is identified as being knowledgeable about certain topics in Mattel's

6  initial disclosures, Mattel's obligation to produce does not end with the facts that it

7  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

8  information from the individual on the topics identified, regardless of whether it

9  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

10  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

11  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

12  MGA might be excluding documents that are responsive to the request based upon

13  its unilateral determination of what is 'relevant' or 'sufficient.'").

14       None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession, custody, or

16  control.

17

18  **REQUEST FOR PRODUCTION NO. 207:**

19       All DOCUMENTS in Kathy Casey's possession or control REFERRING OR

20  RELATING TO her alleged knowledge of "Mattel's business operations and the

21  development and ownership of intellectual property at issue," as alleged in

22  MATTEL'S INITIAL DISCLOSURES.

23       **RESPONSE TO REQUEST NO. 207:**

24       In addition to the general objections stated above which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it is

26  overbroad, unduly burdensome and unintelligible, including in that it seeks all

27  documents on this subject without limitation as to time, and regardless of whether

28  such documents relate to products or matters at issue in this case. Mattel further

- 101 -

objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

### SUPPLEMENTAL RESPONSE TO REQUEST NO. 207:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Kathy Casey's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Casey's alleged knowledge of "Mattel's business operations and the development and ownership of intellectual property at issue."  This area of information is taken directly from Mattel's allegations regarding Casey in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 5).

1      As to burden, Mattel has not attempted to demonstrate why responding to

2   this request and/or producing responsive documents presents any burden.  This

3   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5   request is unduly burdensome must allege specific facts which indicate the nature

6   and extent of the burden, usually by affidavit or other reliable evidence.").

7   Moreover, it is not unduly burdensome, as noted above, in that the request is

8   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10      This request does not seek documents protected by the attorney-client

11   privilege, the attorney work product doctrine, or other applicable privileges.  To the

12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13      This request seeks relevant information.  Mattel identified Casey in its initial

14   disclosures an individual with discoverable knowledge regarding "Mattel's business

15   operations and the development and ownership of intellectual property at issue."

16   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

17   2007, p. 5).  Accordingly, Mattel's initial disclosures demonstrate the relevance of

18   this request.  Further, this information is relevant to, among other things, Mattel's

19   trade secret defense and MGA's claims of trade dress infringement.

20      Mattel's objection that the request seeks confidential, proprietary, and trade

21   secret information should be disregarded.  The parties have entered into a protective

22   order in this matter, which governs the handling of confidential business

23   information.  Further, Mattel has put its confidential business information at issue

24   in this litigation, including but not limited to its trade secret misappropriation claim.

25   Accordingly, it cannot resist discovery of confidential business information.

26      Finally, Mattel has improperly limited its agreement to produce to "the facts

27   at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

28   the individual is identified as being knowledgeable about certain topics in Mattel's

1    initial disclosures, Mattel's obligation to produce does not end with the facts that it

2    has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

3    information from the individual on the topics identified, regardless of whether it

4    supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

5    Granting Mattel's Motion to Compel Production of Documents and Interrogatory

6    Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

7    MGA might be excluding documents that are responsive to the request based upon

8    its unilateral determination of what is 'relevant' or 'sufficient.'").

9         None of Mattel's improper objections are valid and Mattel is obligated to

10   produce all non-privileged responsive documents in its possession, custody, or

11   control.

12

13   **REQUEST FOR PRODUCTION NO. 208:**

14        All DOCUMENTS REFERRING OR RELATING TO Jorge Castilla's

15   alleged knowledge of "MGA's access to Mattel's intellectual property and trade

16   secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

17   DISCLOSURES.

18        **RESPONSE TO REQUEST NO. 208:**

19        In addition to the general objections stated above which are incorporated

20   herein by reference, Mattel objects to this Request on the grounds that it is

21   overbroad, unduly burdensome and unintelligible, including in that it seeks all

22   documents on this subject without limitation as to time, and regardless of whether

23   such documents relate to products or matters at issue in this case. Mattel further

24   objects to the Request on the grounds that it seeks documents that are not relevant

25   to this action or likely to lead to the discovery of admissible evidence. Mattel

26   further objects to this Request on the grounds that it seeks confidential, proprietary

27   and trade secret information that has no bearing on the claims or defenses in this

28   case. Mattel further objects to this Request on the grounds that it calls for the

1   disclosure of information subject to the attorney-client privilege, the attorney work-

2   product doctrine and other applicable privileges.

3   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 208:**

4   In addition to the general objections stated above which are incorporated

5   herein by reference, Mattel objects to this Request on the grounds that it is

6   overbroad, unduly burdensome and unintelligible, including in that it seeks all

7   documents on this subject without limitation as to time, and regardless of whether

8   such documents relate to products or matters at issue in this case. Mattel further

9   objects to the Request on the grounds that it seeks documents that are not relevant

10  to this action or likely to lead to the discovery of admissible evidence. Mattel

11  further objects to this Request on the grounds that it calls for documents or

12  information in the possession, custody or control of MGA, including without

13  limitation documents and information that MGA has been compelled by Court

14  orders to produce but has not produced. Mattel further objects to this Request on

15  the grounds that it seeks confidential, proprietary and trade secret information,

16  including such information that has no bearing on the claims or defenses in this

17  case. Mattel further objects to this Request on the grounds that it calls for the

18  disclosure of information subject to the attorney-client privilege, the attorney work-

19  product doctrine and other applicable privileges.

20  Subject to the foregoing objections, Mattel responds as follows: Mattel will

21  produce responsive, non-privileged documents relating to Jorge Castilla's

22  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

23  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

24  has been able to locate after a diligent search and reasonable inquiry, to the extent

25  not previously produced.

26

27

28

OHS West:260723198

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET THREE;  CV 04-9049 SGL (RNBx)

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Castilla's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA's business practices."  This area of information is taken directly from Mattel's allegations regarding Castilla in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 5).

1    As to burden, Mattel has not attempted to demonstrate why responding to

2  this request and/or producing responsive documents presents any burden.  This

3  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.").

7  Moreover, it is not unduly burdensome, as noted above, in that the request is

8  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10    This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13    This request seeks relevant information.  Mattel identified Castilla in its

14  initial disclosures an individual with discoverable knowledge regarding "MGA's

15  access to Mattel's intellectual property and trade secrets" and "MGA business

16  practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

17  Jan. 5, 2007, p. 5).  Accordingly, Mattel's initial disclosures demonstrate the

18  relevance of this request.  Further, this information is relevant to, among other

19  things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

20  and MGA's affirmative defenses of statute of limitations and laches.

21    Mattel's objection that the request seeks information within MGA's

22  possession, custody or control is nonsensical and lacks factual support.  Mattel

23  makes no argument, let alone a factual showing, that any documents in MGA's

24  possession are duplicative of documents within Mattel's control.  MGA is entitled

25  to discovery from Mattel of documents within its possession, custody, or control

26  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

27  a conclusory statement that MGA also possesses responsive documents.

28

1    Mattel's objection that the request seeks confidential, proprietary, and trade

2    secret information should be disregarded.  The parties have entered into a protective

3    order in this matter, which governs the handling of confidential business

4    information.  Further, Mattel has put its confidential business information at issue

5    in this litigation, including but not limited to its trade secret misappropriation claim.

6    Accordingly, it cannot resist discovery of confidential business information.

7    Finally, Mattel has improperly limited its agreement to produce to "the facts

8    at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

9    the individual is identified as being knowledgeable about certain topics in Mattel's

10   initial disclosures, Mattel's obligation to produce does not end with the facts that it

11   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

12   information from the individual on the topics identified, regardless of whether it

13   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

14   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

15   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

16   MGA might be excluding documents that are responsive to the request based upon

17   its unilateral determination of what is 'relevant' or 'sufficient.'").

18   None of Mattel's improper objections are valid and Mattel is obligated to

19   produce all non-privileged responsive documents in its possession, custody, or

20   control.

21

22   **REQUEST FOR PRODUCTION NO. 209:**

23   All DOCUMENTS REFERRING OR RELATING TO Jimmy Cheng's

24   alleged knowledge of "[d]esign and development of Bratz and Bryant's work with

25   or for MGA during his Mattel employment" and "MGA business practices," as

26   alleged in MATTEL'S INITIAL DISCLOSURES.

27

28

## RESPONSE TO REQUEST NO. 209:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 209

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA and/or Bryant, including without limitation documents and information that MGA and Bryant have been compelled by Court orders to produce but have not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it

OHS West:260723198

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET THREE;  CV 04-9049 SGL (RNBx)

1  calls for the disclosure of information subject to the attorney-client privilege, the

2  attorney work-product doctrine and other applicable privileges.

3       Subject to the foregoing objections, Mattel responds as follows: Matte will

4  produce responsive, non-privileged documents relating to Jimmy Cheng's

5  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

6  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

7  has been able to locate after a diligent search and reasonable inquiry, to the extent

8  not previously produced.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

11  **SHOULD BE COMPELLED**

12       Mattel has improperly limited its agreement to produce documents in

13  response to this request, subject to its improper boilerplate objections.  Mattel has

14  refused to confirm whether or not it has produced all non-privileged responsive

15  documents or whether it is withholding documents based on its objections in Phase

16  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18  Generic objections that fail to explain the basis for an objection with specificity are

19  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21  such as 'overly burdensome and harassing' are improper – especially when a party

22  fails to submit any evidentiary declarations supporting such objections").

23  Accordingly, Mattel must be compelled either to certify that it has produced all

24  non-privileged responsive documents or to produce all such documents by a date

25  certain.

26       To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

- 111 -  SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET THREE;  CV 04-9049 SGL (RNBx)

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Cheng's alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or for MGA during his Mattel employment" and "MGA's business practices."  This area of information is taken directly from Mattel's allegations regarding Cheng in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 5).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

This request seeks relevant information.  Mattel identified Cheng in its initial disclosures an individual with discoverable knowledge regarding "[d]esign and development of Bratz and Bryant's work with or for MGA during his Mattel employment" and "MGA business practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 5).  Accordingly, Mattel's

- 112 -

1  initial disclosures demonstrate the relevance of this request.  Further, this

2  information is relevant to, among other things, Mattel's trade secret defense,

3  MGA's claims of trade dress infringement, and MGA's affirmative defenses of

4  statute of limitations and laches.

5       Mattel's objection that the request seeks information within MGA's

6  possession, custody or control is nonsensical and lacks factual support.  Mattel

7  makes no argument, let alone a factual showing, that any documents in MGA's

8  possession are duplicative of documents within Mattel's control.  MGA is entitled

9  to discovery from Mattel of documents within its possession, custody, or control

10  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

11  a conclusory statement that MGA also possesses responsive documents.

12       Mattel's objection that the request seeks confidential, proprietary, and trade

13  secret information should be disregarded.  The parties have entered into a protective

14  order in this matter, which governs the handling of confidential business

15  information.  Further, Mattel has put its confidential business information at issue

16  in this litigation, including but not limited to its trade secret misappropriation claim.

17  Accordingly, it cannot resist discovery of confidential business information.

18       Finally, Mattel has improperly limited its agreement to produce to "the facts

19  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

20  the individual is identified as being knowledgeable about certain topics in Mattel's

21  initial disclosures, Mattel's obligation to produce does not end with the facts that it

22  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

23  information from the individual on the topics identified, regardless of whether it

24  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

25  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

26  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

27  MGA might be excluding documents that are responsive to the request based upon

28  its unilateral determination of what is 'relevant' or 'sufficient.'").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 210:**

All DOCUMENTS REFERRING OR RELATING TO Steve Quoc Cheng's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 210**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 210**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further

1  objects to the Request on the grounds that it seeks documents that are not relevant

2  to this action or likely to lead to the discovery of admissible evidence. Mattel

3  further objects to this Request on the grounds that it calls for documents or

4  information in the possession, custody or control of MGA and/or Bryant, including

5  without limitation documents and information that MGA and Bryant have been

6  compelled by Court orders to produce but have not produced. Mattel further objects

7  to this Request on the grounds that it seeks confidential, proprietary and trade secret

8  information, including such information that has no bearing on the claims or

9  defenses in this case. Mattel further objects to this Request on the grounds that it

10  calls for the disclosure of information subject to the attorney-client privilege, the

11  attorney work-product doctrine and other applicable privileges.

12      Subject to the foregoing objections, Mattel responds as follows: Mattel will

13  produce responsive, non-privileged documents relating to Steve Quoc Cheng's

14  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

15  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

16  has been able to locate after a diligent search and reasonable inquiry, to the extent

17  not previously produced.

18

19  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

20

21      Mattel has improperly limited its agreement to produce documents in

22  response to this request, subject to its improper boilerplate objections.  Mattel has

23  refused to confirm whether or not it has produced all non-privileged responsive

24  documents or whether it is withholding documents based on its objections in Phase

25  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

26  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

27  Generic objections that fail to explain the basis for an objection with specificity are

28  routinely rejected in the Central District.  See <u>A. Farber and Partners, Inc. v.</u>

1   <u>Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

2   such as 'overly burdensome and harassing' are improper – especially when a party

3   fails to submit any evidentiary declarations supporting such objections").

4   Accordingly, Mattel must be compelled either to certify that it has produced all

5   non-privileged responsive documents or to produce all such documents by a date

6   certain.

7       To the extent that Mattel is relying on its blanket objections, they are not

8   sustainable and do not justify Mattel's failure to produce documents.

9       As to overbreadth, Mattel provides no explanation, let alone the required

10  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

11  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

14  custody, or control concerning Cheng's alleged knowledge of "MGA's access to

15  Mattel's intellectual property and trade secrets" and "MGA's business practices."

16  This area of information is taken directly from Mattel's allegations regarding Cheng

17  in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

18  Disclosures, dated Jan. 5, 2007, p. 5).

19      As to burden, Mattel has not attempted to demonstrate why responding to

20  this request and/or producing responsive documents presents any burden.  This

21  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

22  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23  request is unduly burdensome must allege specific facts which indicate the nature

24  and extent of the burden, usually by affidavit or other reliable evidence.").

25  Moreover, it is not unduly burdensome, as noted above, in that the request is

26  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

27  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

28

1        This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4        This request seeks relevant information.  Mattel identified Cheng in its initial

5   disclosures an individual with discoverable knowledge regarding "MGA's access to

6   Mattel's intellectual property and trade secrets" and "MGA business practices."

7   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

8   2007, p. 5).  Accordingly, Mattel's initial disclosures demonstrate the relevance of

9   this request.  Further, this information is relevant to, among other things, Mattel's

10  trade secret defense, MGA's claims of trade dress infringement, and MGA's

11  affirmative defenses of statute of limitations and laches.

12       Mattel's objection that the request seeks information within MGA's

13  possession, custody or control is nonsensical and lacks factual support.  Mattel

14  makes no argument, let alone a factual showing, that any documents in MGA's

15  possession are duplicative of documents within Mattel's control.  MGA is entitled

16  to discovery from Mattel of documents within its possession, custody, or control

17  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

18  a conclusory statement that MGA also possesses responsive documents.

19       Mattel's objection that the request seeks confidential, proprietary, and trade

20  secret information should be disregarded.  The parties have entered into a protective

21  order in this matter, which governs the handling of confidential business

22  information.  Further, Mattel has put its confidential business information at issue

23  in this litigation, including but not limited to its trade secret misappropriation claim.

24  Accordingly, it cannot resist discovery of confidential business information.

25       Finally, Mattel has improperly limited its agreement to produce to "the facts

26  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

27  the individual is identified as being knowledgeable about certain topics in Mattel's

28  initial disclosures, Mattel's obligation to produce does not end with the facts that it

1   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

2   information from the individual on the topics identified, regardless of whether it

3   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

4   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

5   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

6   MGA might be excluding documents that are responsive to the request based upon

7   its unilateral determination of what is 'relevant' or 'sufficient.'").

8        None of Mattel's improper objections are valid and Mattel is obligated to

9   produce all non-privileged responsive documents in its possession, custody, or

10  control.

11

12  **REQUEST FOR PRODUCTION NO. 211:**

13       All DOCUMENTS REFERRING OR RELATING TO Maureen Mullen

14  Chianese's alleged knowledge of "[t]he development and ownership of intellectual

15  property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

16       **RESPONSE TO REQUEST NO. 211:**

17       In addition to the general objections stated above which are incorporated

18  herein by reference, Mattel objects to this Request on the grounds that it is

19  overbroad, unduly burdensome and unintelligible, including in that it seeks all

20  documents on this subject without limitation as to time, and regardless of whether

21  such documents relate to products or matters at issue in this case. Mattel further

22  objects to the Request on the grounds that it seeks documents that are not relevant

23  to this action or likely to lead to the discovery of admissible evidence. Mattel

24  further objects to this Request on the grounds that it seeks confidential, proprietary

25  and trade secret information that has no bearing on the claims or defenses in this

26  case. Mattel further objects to this Request on the grounds that it calls for the

27  disclosure of information subject to the attorney-client privilege, the attorney work-

28  product doctrine and other applicable privileges.

- 118 -

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 211:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA and/or Bryant, including without limitation documents and information that MGA and Bryant have been compelled by Court orders to produce but have not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Maureen Mullen Chianese's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has

1   refused to confirm whether or not it has produced all non-privileged responsive

2   documents or whether it is withholding documents based on its objections in Phase

3   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

4   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

5   Generic objections that fail to explain the basis for an objection with specificity are

6   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

7   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

8   such as 'overly burdensome and harassing' are improper – especially when a party

9   fails to submit any evidentiary declarations supporting such objections").

10   Accordingly, Mattel must be compelled either to certify that it has produced all

11   non-privileged responsive documents or to produce all such documents by a date

12   certain.

13        To the extent that Mattel is relying on its blanket objections, they are not

14   sustainable and do not justify Mattel's failure to produce documents.

15        As to overbreadth, Mattel provides no explanation, let alone the required

16   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

17   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

18   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

19   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

20   custody, or control concerning Chianese's alleged knowledge of "[t]he

21   development and ownership of intellectual property at issue."  This area of

22   information is taken directly from Mattel's allegations regarding Chianese in its

23   initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

24   Disclosures, dated Jan. 5, 2007, p. 5).

25        As to burden, Mattel has not attempted to demonstrate why responding to

26   this request and/or producing responsive documents presents any burden.  This

27   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

28   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

- 120 -

1  request is unduly burdensome must allege specific facts which indicate the nature

2  and extent of the burden, usually by affidavit or other reliable evidence.").

3  Moreover, it is not unduly burdensome, as noted above, in that the request is

4  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

5  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

6      This request does not seek documents protected by the attorney-client

7  privilege, the attorney work product doctrine, or other applicable privileges.  To the

8  extent that Mattel contends that it does, Mattel must provide a privilege log.

9      This request seeks relevant information.  Mattel identified Chianese in its

10  initial disclosures an individual with discoverable knowledge regarding "[t]he

11  development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

12  56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 5).

13  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

14  Further, this information is relevant to, among other things, Mattel's trade secret

15  defense and MGA's claims of trade dress infringement.

16      Mattel's objection that the request seeks information within MGA's

17  possession, custody or control is nonsensical and lacks factual support.  Mattel

18  makes no argument, let alone a factual showing, that any documents in MGA's

19  possession are duplicative of documents within Mattel's control.  MGA is entitled

20  to discovery from Mattel of documents within its possession, custody, or control

21  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

22  a conclusory statement that MGA also possesses responsive documents.

23      Mattel's objection that the request seeks confidential, proprietary, and trade

24  secret information should be disregarded.  The parties have entered into a protective

25  order in this matter, which governs the handling of confidential business

26  information.  Further, Mattel has put its confidential business information at issue

27  in this litigation, including but not limited to its trade secret misappropriation claim.

28  Accordingly, it cannot resist discovery of confidential business information.

1   Finally, Mattel has improperly limited its agreement to produce to "the facts

2   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

3   the individual is identified as being knowledgeable about certain topics in Mattel's

4   initial disclosures, Mattel's obligation to produce does not end with the facts that it

5   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

6   information from the individual on the topics identified, regardless of whether it

7   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

8   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

9   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

10  MGA might be excluding documents that are responsive to the request based upon

11  its unilateral determination of what is 'relevant' or 'sufficient.'").

12      None of Mattel's improper objections are valid and Mattel is obligated to

13  produce all non-privileged responsive documents in its possession, custody, or

14  control.

15

16  **REQUEST FOR PRODUCTION NO. 212:**

17      All DOCUMENTS REFERRING OR RELATING TO Ok Soo Choi's

18  alleged knowledge of "[t]he development and ownership of intellectual property at

19  issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

20      **RESPONSE TO REQUEST NO. 212:**

21      In addition to the general objections stated above which are incorporated

22  herein by reference, Mattel objects to this Request on the grounds that it is

23  overbroad, unduly burdensome and unintelligible, including in that it seeks all

24  documents on this subject without limitation as to time, and regardless of whether

25  such documents relate to products or matters at issue in this case. Mattel further

26  objects to the Request on the grounds that it seeks documents that are not relevant to

27  this action or likely to lead to the discovery of admissible evidence. Mattel further

28  objects to this Request on the grounds that it seeks confidential, proprietary and

trade secret information that has no bearing on the claims or defenses in this case.
Mattel further objects to this Request on the grounds that it calls for the disclosure
of information subject to the attorney-client privilege, the attorney work-product
doctrine and other applicable privileges.

### SUPPLEMENTAL RESPONSE TO REQUEST NO. 212:

In addition to the general objections stated above which are incorporated
herein by reference, Mattel objects to this Request on the grounds that it is
overbroad, unduly burdensome and unintelligible, including in that it seeks all
documents on this subject without limitation as to time, and regardless of whether
such documents relate to products or matters at issue in this case. Mattel further
objects to the Request on the grounds that it seeks documents that are not relevant
to this action or likely to lead to the discovery of admissible evidence. Mattel
further objects to this Request on the grounds that it seeks confidential, proprietary
and trade secret information, including such information that has no bearing on the
claims or defenses in this case. Mattel further objects to this Request on the grounds
that it calls for the disclosure of information subject to the attorney-client privilege,
the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will
produce responsive, non-privileged documents relating to Ok Soo Choi's
knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
has been able to locate after a diligent search and reasonable inquiry, to the extent
not previously produced.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in
response to this request, subject to its improper boilerplate objections.  Mattel has

- 123 -

1  refused to confirm whether or not it has produced all non-privileged responsive

2  documents or whether it is withholding documents based on its objections in Phase

3  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

4  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

5  Generic objections that fail to explain the basis for an objection with specificity are

6  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

7  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

8  such as 'overly burdensome and harassing' are improper – especially when a party

9  fails to submit any evidentiary declarations supporting such objections").

10  Accordingly, Mattel must be compelled either to certify that it has produced all

11  non-privileged responsive documents or to produce all such documents by a date

12  certain.

13       To the extent that Mattel is relying on its blanket objections, they are not

14  sustainable and do not justify Mattel's failure to produce documents.

15       As to overbreadth, Mattel provides no explanation, let alone the required

16  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

17  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

18  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

19  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

20  custody, or control concerning Choi's alleged knowledge of "[t]he development and

21  ownership of intellectual property at issue."  This area of information is taken

22  directly from Mattel's allegations regarding Choi in its initial disclosures.

23  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

24  2007, p. 5).

25       As to burden, Mattel has not attempted to demonstrate why responding to

26  this request and/or producing responsive documents presents any burden.  This

27  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

28  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1    request is unduly burdensome must allege specific facts which indicate the nature

2    and extent of the burden, usually by affidavit or other reliable evidence.").

3    Moreover, it is not unduly burdensome, as noted above, in that the request is

4    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

5    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

6         This request does not seek documents protected by the attorney-client

7    privilege, the attorney work product doctrine, or other applicable privileges.  To the

8    extent that Mattel contends that it does, Mattel must provide a privilege log.

9         This request seeks relevant information.  Mattel identified Choi in its initial

10   disclosures an individual with discoverable knowledge regarding "[t]he

11   development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

12   56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 5).

13   Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

14   Further, this information is relevant to, among other things, Mattel's trade secret

15   defense and MGA's claims of trade dress infringement.

16        Mattel's objection that the request seeks confidential, proprietary, and trade

17   secret information should be disregarded.  The parties have entered into a protective

18   order in this matter, which governs the handling of confidential business

19   information.  Further, Mattel has put its confidential business information at issue

20   in this litigation, including but not limited to its trade secret misappropriation claim.

21   Accordingly, it cannot resist discovery of confidential business information.

22        Finally, Mattel has improperly limited its agreement to produce to "the facts

23   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

24   the individual is identified as being knowledgeable about certain topics in Mattel's

25   initial disclosures, Mattel's obligation to produce does not end with the facts that it

26   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

27   information from the individual on the topics identified, regardless of whether it

28   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

1 Granting Mattel's Motion to Compel Production of Documents and Interrogatory

2 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

3 MGA might be excluding documents that are responsive to the request based upon

4 its unilateral determination of what is 'relevant' or 'sufficient.'").

5 None of Mattel's improper objections are valid and Mattel is obligated to

6 produce all non-privileged responsive documents in its possession, custody, or

7 control.

8

9 **REQUEST FOR PRODUCTION NO. 213:**

10 All DOCUMENTS in Ok Soo Choi's possession or control REFERRING OR

11 RELATING TO his or her alleged knowledge of "[t]he development and ownership

12 of intellectual property at issue," as alleged in MATTEL'S INITIAL

13 DISCLOSURES.

14 **RESPONSE TO REQUEST NO. 213:**

15 In addition to the general objections stated above which are

16 incorporated herein by reference, Mattel objects to this Request on the grounds that

17 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

18 documents on this subject without limitation as to time, and regardless of whether

19 such documents relate to products or matters at issue in this case. Mattel further

20 objects to the Request on the grounds that it seeks documents that are not relevant

21 to this action or likely to lead to the discovery of admissible evidence. Mattel

22 further objects to this Request on the grounds that it seeks confidential, proprietary

23 and trade secret information that has no bearing on the claims or defenses in this

24 case. Mattel further objects to this Request on the grounds that it calls for the

25 disclosure of information subject to the attorney-client privilege, the attorney work-

26 product doctrine and other applicable privileges.

27

28

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 213:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Ok Soo Choi's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Choi's alleged knowledge of "[t]he development and ownership of intellectual property at issue."  This area of information is taken directly from Mattel's allegations regarding Choi in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 5).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not unduly burdensome, as noted above, in that the request is

1   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

2   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

3        This request does not seek documents protected by the attorney-client

4   privilege, the attorney work product doctrine, or other applicable privileges.  To the

5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6        This request seeks relevant information.  Mattel identified Choi in its initial

7   disclosures an individual with discoverable knowledge regarding "[t]he

8   development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

9   56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 5).

10  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

11  Further, this information is relevant to, among other things, Mattel's trade secret

12  defense and MGA's claims of trade dress infringement.

13       Mattel's objection that the request seeks confidential, proprietary, and trade

14  secret information should be disregarded.  The parties have entered into a protective

15  order in this matter, which governs the handling of confidential business

16  information.  Further, Mattel has put its confidential business information at issue

17  in this litigation, including but not limited to its trade secret misappropriation claim.

18  Accordingly, it cannot resist discovery of confidential business information.

19       Finally, Mattel has improperly limited its agreement to produce to "the facts

20  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

21  the individual is identified as being knowledgeable about certain topics in Mattel's

22  initial disclosures, Mattel's obligation to produce does not end with the facts that it

23  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

24  information from the individual on the topics identified, regardless of whether it

25  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

26  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

27  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

28

1  MGA might be excluding documents that are responsive to the request based upon

2  its unilateral determination of what is 'relevant' or 'sufficient.'").

3  　　　None of Mattel's improper objections are valid and Mattel is obligated to

4  produce all non-privileged responsive documents in its possession, custody, or

5  control.

6

7  **REQUEST FOR PRODUCTION NO. 214:**

8  　　　All DOCUMENTS REFERRING OR RELATING TO Fabienne Chonavel's

9  alleged knowledge of "[t]he development of Bratz and MGA's access to Mattel's

10  intellectual property and trade secrets" and "MGA business practices," as alleged in

11  MATTEL'S INITIAL DISCLOSURES.

12  　　　**RESPONSE TO REQUEST NO. 214:**

13  　　　In addition to the general objections stated above which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is

15  overbroad, unduly burdensome and unintelligible, including in that it seeks all

16  documents on this subject without limitation as to time, and regardless of whether

17  such documents relate to products or matters at issue in this case. Mattel further

18  objects to the Request on the grounds that it seeks documents that are not relevant

19  to this action or likely to lead to the discovery of admissible evidence. Mattel

20  further objects to this Request on the grounds that it seeks confidential, proprietary

21  and trade secret information that has no bearing on the claims or defenses in this

22  case. Mattel further objects to this Request on the grounds that it calls for the

23  disclosure of information subject to the attorney-client privilege, the attorney work-

24  product doctrine and other applicable privileges.

25  　　　**SUPPLEMENTAL RESPONSE TO REQUEST NO. 214:**

26  　　　In addition to the general objections stated above which are incorporated

27  herein by reference, Mattel objects to this Request on the grounds that it is

28  overbroad, unduly burdensome and unintelligible, including in that it seeks all

1  documents on this subject without limitation as to time, and regardless of whether

2  such documents relate to products or matters at issue in this case. Mattel further

3  objects to the Request on the grounds that it seeks documents that are not relevant

4  to this action or likely to lead to the discovery of admissible evidence. Mattel

5  further objects to this Request on the grounds that it seeks confidential, proprietary

6  and trade secret information, including such information that has no bearing on the

7  claims or defenses in this case. Mattel further objects to this Request on the grounds

8  that it calls for the disclosure of information subject to the attorney-client privilege,

9  the attorney work-product doctrine and other applicable privileges.

10       Subject to the foregoing objections, Mattel responds as follows: Mattel will

11  produce responsive, non-privileged documents relating to Fabienne Chonavel's

12  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

13  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

14  has been able to locate after a diligent search and reasonable inquiry, to the extent

15  not previously produced.

16

17  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

18

19       Mattel has improperly limited its agreement to produce documents in

20  response to this request, subject to its improper boilerplate objections.  Mattel has

21  refused to confirm whether or not it has produced all non-privileged responsive

22  documents or whether it is withholding documents based on its objections in Phase

23  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

24  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

25  Generic objections that fail to explain the basis for an objection with specificity are

26  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

27  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

28  such as 'overly burdensome and harassing' are improper – especially when a party

1  fails to submit any evidentiary declarations supporting such objections").

2  Accordingly, Mattel must be compelled either to certify that it has produced all

3  non-privileged responsive documents or to produce all such documents by a date

4  certain.

5          To the extent that Mattel is relying on its blanket objections, they are not

6  sustainable and do not justify Mattel's failure to produce documents.

7          As to overbreadth, Mattel provides no explanation, let alone the required

8  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

9  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

11  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

12  custody, or control concerning Chonavel's alleged knowledge of "[t]he

13  development of Bratz and MGA's access to Mattel's intellectual property and trade

14  secrets" and "MGA's business practices."  This area of information is taken directly

15  from Mattel's allegations regarding Chonavel in its initial disclosures.  Rutowski

16  Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 5).

17          As to burden, Mattel has not attempted to demonstrate why responding to

18  this request and/or producing responsive documents presents any burden.  This

19  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

20  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21  request is unduly burdensome must allege specific facts which indicate the nature

22  and extent of the burden, usually by affidavit or other reliable evidence.").

23  Moreover, it is not unduly burdensome, as noted above, in that the request is

24  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

25  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

26          This request does not seek documents protected by the attorney-client

27  privilege, the attorney work product doctrine, or other applicable privileges.  To the

28  extent that Mattel contends that it does, Mattel must provide a privilege log.

1    This request seeks relevant information.  Mattel identified Chonavel in its

2    initial disclosures an individual with discoverable knowledge regarding "[t]he

3    development of Bratz and MGA's access to Mattel's intellectual property and trade

4    secrets" and "MGA's business practices."  Rutowski Decl. Ex. 56 (Mattel's

5    Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 5).  Accordingly, Mattel's

6    initial disclosures demonstrate the relevance of this request.  Further, this

7    information is relevant to, among other things, Mattel's trade secret defense,

8    MGA's claims of trade dress infringement, and MGA's affirmative defenses of

9    statute of limitations and laches.

10    Mattel's objection that the request seeks confidential, proprietary, and trade

11    secret information should be disregarded.  The parties have entered into a protective

12    order in this matter, which governs the handling of confidential business

13    information.  Further, Mattel has put its confidential business information at issue

14    in this litigation, including but not limited to its trade secret misappropriation claim.

15    Accordingly, it cannot resist discovery of confidential business information.

16    Finally, Mattel has improperly limited its agreement to produce to "the facts

17    at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

18    the individual is identified as being knowledgeable about certain topics in Mattel's

19    initial disclosures, Mattel's obligation to produce does not end with the facts that it

20    has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

21    information from the individual on the topics identified, regardless of whether it

22    supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

23    Granting Mattel's Motion to Compel Production of Documents and Interrogatory

24    Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

25    MGA might be excluding documents that are responsive to the request based upon

26    its unilateral determination of what is 'relevant' or 'sufficient.'").

27

28

1    None of Mattel's improper objections are valid and Mattel is obligated to

2    produce all non-privileged responsive documents in its possession, custody, or

3    control.

4

5    **REQUEST FOR PRODUCTION NO. 215:**

6    All DOCUMENTS REFERRING OR RELATING TO Larry Clayton's

7    alleged knowledge of "[t]he development and ownership of intellectual property at

8    issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

9    **RESPONSE TO REQUEST NO. 215:**

10    In addition to the general objections stated above which are incorporated

11    herein by reference, Mattel objects to this Request on the grounds that it is

12    overbroad, unduly burdensome and unintelligible, including in that it seeks all

13    documents on this subject without limitation as to time, and regardless of whether

14    such documents relate to products or matters at issue in this case. Mattel further

15    objects to the Request on the grounds that it seeks documents that are not relevant

16    to this action or likely to lead to the discovery of admissible evidence. Mattel

17    further objects to this Request on the grounds that it seeks confidential, proprietary

18    and trade secret information that has no bearing on the claims or defenses in this

19    case. Mattel further objects to this Request on the grounds that it calls for the

20    disclosure of information subject to the attorney-client privilege, the attorney work-

21    product doctrine and other applicable privileges.

22    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 215:**

23    In addition to the general objections stated above which are incorporated

24    herein by reference, Mattel objects to this Request on the grounds that it is

25    overbroad, unduly burdensome and unintelligible, including in that it seeks all

26    documents on this subject without limitation as to time, and regardless of whether

27    such documents relate to products or matters at issue in this case. Mattel further

28    objects to the Request on the grounds that it seeks documents that are not relevant

1   to this action or likely to lead to the discovery of admissible evidence. Mattel

2   further objects to this Request on the grounds that it seeks confidential, proprietary

3   and trade secret information, including such information that has no bearing on the

4   claims or defenses in this case. Mattel further objects to this Request on the grounds

5   that it calls for the disclosure of information subject to the attorney-client privilege,

6   the attorney work-product doctrine and other applicable privileges.

7         Subject to the foregoing objections, Mattel responds as follows: Mattel will

8   produce responsive, non-privileged documents relating to Larry Clayton's

9   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

10  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

11  has been able to locate after a diligent search and reasonable inquiry, to the extent

12  not previously produced.

13

14       **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
         **SHOULD BE COMPELLED**

15

16        Mattel has improperly limited its agreement to produce documents in

17  response to this request, subject to its improper boilerplate objections.  Mattel has

18  refused to confirm whether or not it has produced all non-privileged responsive

19  documents or whether it is withholding documents based on its objections in Phase

20  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

21  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

22  Generic objections that fail to explain the basis for an objection with specificity are

23  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

24  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

25  such as 'overly burdensome and harassing' are improper – especially when a party

26  fails to submit any evidentiary declarations supporting such objections").

27  Accordingly, Mattel must be compelled either to certify that it has produced all

28

1  non-privileged responsive documents or to produce all such documents by a date

2  certain.

3       To the extent that Mattel is relying on its blanket objections, they are not

4  sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the required

6  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

10 custody, or control concerning Clayton's alleged knowledge of "[t]he development

11 and ownership of intellectual property at issue."  This area of information is taken

12 directly from Mattel's allegations regarding Clayton in its initial disclosures.

13 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

14 2007, p. 5).

15      As to burden, Mattel has not attempted to demonstrate why responding to

16 this request and/or producing responsive documents presents any burden.  This

17 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18 Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19 request is unduly burdensome must allege specific facts which indicate the nature

20 and extent of the burden, usually by affidavit or other reliable evidence.").

21 Moreover, it is not unduly burdensome, as noted above, in that the request is

22 narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

23 misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

24      This request does not seek documents protected by the attorney-client

25 privilege, the attorney work product doctrine, or other applicable privileges.  To the

26 extent that Mattel contends that it does, Mattel must provide a privilege log.

27      This request seeks relevant information.  Mattel identified Clayton in its

28 initial disclosures an individual with discoverable knowledge regarding "[t]he

1    development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

2    56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 5).

3    Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

4    Further, this information is relevant to, among other things, Mattel's trade secret

5    defense and MGA's claims of trade dress infringement.

6         Mattel's objection that the request seeks confidential, proprietary, and trade

7    secret information should be disregarded.  The parties have entered into a protective

8    order in this matter, which governs the handling of confidential business

9    information.  Further, Mattel has put its confidential business information at issue

10   in this litigation, including but not limited to its trade secret misappropriation claim.

11   Accordingly, it cannot resist discovery of confidential business information.

12        Finally, Mattel has improperly limited its agreement to produce to "the facts

13   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

14   the individual is identified as being knowledgeable about certain topics in Mattel's

15   initial disclosures, Mattel's obligation to produce does not end with the facts that it

16   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

17   information from the individual on the topics identified, regardless of whether it

18   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

19   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

20   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

21   MGA might be excluding documents that are responsive to the request based upon

22   its unilateral determination of what is 'relevant' or 'sufficient.'").

23        None of Mattel's improper objections are valid and Mattel is obligated to

24   produce all non-privileged responsive documents in its possession, custody, or

25   control.

26

27

28

**REQUEST FOR PRODUCTION NO. 216:**

All DOCUMENTS in Larry Clayton's possession or control REFERRING OR RELATING TO his alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 216:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 216:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds

1    that it calls for the disclosure of information subject to the attorney-client privilege,

2    the attorney work-product doctrine and other applicable privileges.

3        Subject to the foregoing objections, Mattel responds as follows: Mattel will

4    produce responsive, non-privileged documents relating to Larry Clayton's

5    knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

6    Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

7    has been able to locate after a diligent search and reasonable inquiry, to the extent

8    not previously produced.

9

10   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**

11

12       Mattel has improperly limited its agreement to produce documents in

13   response to this request, subject to its improper boilerplate objections.  Mattel has

14   refused to confirm whether or not it has produced all non-privileged responsive

15   documents or whether it is withholding documents based on its objections in Phase

16   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18   Generic objections that fail to explain the basis for an objection with specificity are

19   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21   such as 'overly burdensome and harassing' are improper – especially when a party

22   fails to submit any evidentiary declarations supporting such objections").

23   Accordingly, Mattel must be compelled either to certify that it has produced all

24   non-privileged responsive documents or to produce all such documents by a date

25   certain.

26       To the extent that Mattel is relying on its blanket objections, they are not

27   sustainable and do not justify Mattel's failure to produce documents.

28

1       As to overbreadth, Mattel provides no explanation, let alone the required

2 particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5 contrary, the request is narrowly tailored to seek documents in Mattel's possession,

6 custody, or control concerning Clayton's alleged knowledge of "[t]he development

7 and ownership of intellectual property at issue."  This area of information is taken

8 directly from Mattel's allegations regarding Clayton in its initial disclosures.

9 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

10 2007, p. 5).

11       As to burden, Mattel has not attempted to demonstrate why responding to

12 this request and/or producing responsive documents presents any burden.  This

13 objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

14 <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15 request is unduly burdensome must allege specific facts which indicate the nature

16 and extent of the burden, usually by affidavit or other reliable evidence.").

17 Moreover, it is not unduly burdensome, as noted above, in that the request is

18 narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

19 misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

20       This request does not seek documents protected by the attorney-client

21 privilege, the attorney work product doctrine, or other applicable privileges.  To the

22 extent that Mattel contends that it does, Mattel must provide a privilege log.

23       This request seeks relevant information.  Mattel identified Clayton in its

24 initial disclosures an individual with discoverable knowledge regarding "[t]he

25 development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

26 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 5).

27 Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

28

- 140 -

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET THREE;  CV 04-9049 SGL (RNBx)

1  Further, this information is relevant to, among other things, Mattel's trade secret

2  defense and MGA's claims of trade dress infringement.

3  Mattel's objection that the request seeks confidential, proprietary, and trade

4  secret information should be disregarded.  The parties have entered into a protective

5  order in this matter, which governs the handling of confidential business

6  information.  Further, Mattel has put its confidential business information at issue

7  in this litigation, including but not limited to its trade secret misappropriation claim.

8  Accordingly, it cannot resist discovery of confidential business information.

9  Finally, Mattel has improperly limited its agreement to produce to "the facts

10  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

11  the individual is identified as being knowledgeable about certain topics in Mattel's

12  initial disclosures, Mattel's obligation to produce does not end with the facts that it

13  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

14  information from the individual on the topics identified, regardless of whether it

15  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

16  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

17  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

18  MGA might be excluding documents that are responsive to the request based upon

19  its unilateral determination of what is 'relevant' or 'sufficient.'").

20  None of Mattel's improper objections are valid and Mattel is obligated to

21  produce all non-privileged responsive documents in its possession, custody, or

22  control.

23

24  **REQUEST FOR PRODUCTION NO. 217:**

25  All DOCUMENTS REFERRING OR RELATING TO Elise Cloonan's

26  alleged knowledge of "[d]esign and development of Bratz and Bryant's work for

27  MGA during his employment by Mattel," "Bryant's breach of obligations to

28

1  Mattel," "the development and ownership of intellectual property at issue," and

2  "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

3  **RESPONSE TO REQUEST NO. 217:**

4  In addition to the general objections stated above which are incorporated

5  herein by reference, Mattel objects to this Request on the grounds that it is

6  overbroad, unduly burdensome and unintelligible, including in that it seeks all

7  documents on this subject without limitation as to time, and regardless of whether

8  such documents relate to products or matters at issue in this case. Mattel further

9  objects to the Request on the grounds that it seeks documents that are not relevant

10  to this action or likely to lead to the discovery of admissible evidence. Mattel

11  further objects to this Request on the grounds that it seeks confidential, proprietary

12  and trade secret information that has no bearing on the claims or defenses in this

13  case. Mattel further objects to this Request on the grounds that it calls for the

14  disclosure of information subject to the attorney-client privilege, the attorney work-

15  product doctrine and other applicable privileges.

16  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 217:**

17  In addition to the general objections stated above which are incorporated

18  herein by reference, Mattel objects to this Request on the grounds that it is

19  overbroad, unduly burdensome and unintelligible, including in that it seeks all

20  documents on this subject without limitation as to time, and regardless of whether

21  such documents relate to products or matters at issue in this case. Mattel further

22  objects to the Request on the grounds that it seeks documents that are not relevant

23  to this action or likely to lead to the discovery of admissible evidence. Mattel

24  further objects to this Request on the grounds that it calls for documents or

25  information in the possession, custody or control of MGA and/or Bryant, including

26  without limitation documents and information that MGA and Bryant have been

27  compelled by Court orders to produce but have not produced. Mattel further objects

28  to this Request on the grounds that it seeks confidential, proprietary and trade secret

1  information, including such information that has no bearing on the claims or

2  defenses in this case. Mattel further objects to this Request on the grounds that it

3  calls for the disclosure of information subject to the attorney-client privilege, the

4  attorney work-product doctrine and other applicable privileges.

5        Subject to the foregoing objections, Mattel responds as follows: Mattel will

6  produce responsive, non-privileged documents relating to Elise Cloonan's

7  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

8  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

9  has been able to locate after a diligent search and reasonable inquiry, to the extent

10  not previously produced.

11

12  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
13  SHOULD BE COMPELLED**

14        Mattel has improperly limited its agreement to produce documents in

15  response to this request, subject to its improper boilerplate objections.  Mattel has

16  refused to confirm whether or not it has produced all non-privileged responsive

17  documents or whether it is withholding documents based on its objections in Phase

18  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

19  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

20  Generic objections that fail to explain the basis for an objection with specificity are

21  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

22  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

23  such as 'overly burdensome and harassing' are improper – especially when a party

24  fails to submit any evidentiary declarations supporting such objections").

25  Accordingly, Mattel must be compelled either to certify that it has produced all

26  non-privileged responsive documents or to produce all such documents by a date

27  certain.

28

- 143 -

1    To the extent that Mattel is relying on its blanket objections, they are not

2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required

4    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7    contrary, the request is narrowly tailored to seek documents in Mattel's possession,

8    custody, or control concerning Cloonan's alleged knowledge of "[d]esign and

9    development of Bratz and Bryant's work for MGA during his employment by

10   Mattel," "Bryant's breach of obligations to Mattel," "the development and

11   ownership of intellectual property at issue," and "MGA business practices."  This

12   area of information is taken directly from Mattel's allegations regarding Cloonan in

13   its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

14   Disclosures, dated Jan. 5, 2007, pp. 5-6).

15   As to burden, Mattel has not attempted to demonstrate why responding to

16   this request and/or producing responsive documents presents any burden.  This

17   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19   request is unduly burdensome must allege specific facts which indicate the nature

20   and extent of the burden, usually by affidavit or other reliable evidence.").

21   Moreover, it is not unduly burdensome, as noted above, in that the request is

22   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

23   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

24   This request does not seek documents protected by the attorney-client

25   privilege, the attorney work product doctrine, or other applicable privileges.  To the

26   extent that Mattel contends that it does, Mattel must provide a privilege log.

27   This request seeks relevant information.  Mattel identified Cloonan in its

28   initial disclosures an individual with discoverable knowledge regarding "[d]esign

1  and development of Bratz and Bryant's work for MGA during his employment by

2  Mattel," "Bryant's breach of obligations to Mattel," "the development and

3  ownership of intellectual property at issue," and "MGA business practices."

4  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

5  2007, pp. 5-6).  Accordingly, Mattel's initial disclosures demonstrate the relevance

6  of this request.  Further, this information is relevant to, among other things,

7  Mattel's trade secret defense, MGA's claims of trade dress infringement, and

8  MGA's affirmative defenses of statute of limitations and laches.

9       Mattel's objection that the request seeks information within MGA's

10  possession, custody or control is nonsensical and lacks factual support.  Mattel

11  makes no argument, let alone a factual showing, that any documents in MGA's

12  possession are duplicative of documents within Mattel's control.  MGA is entitled

13  to discovery from Mattel of documents within its possession, custody, or control

14  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

15  a conclusory statement that MGA also possesses responsive documents.

16       Mattel's objection that the request seeks confidential, proprietary, and trade

17  secret information should be disregarded.  The parties have entered into a protective

18  order in this matter, which governs the handling of confidential business

19  information.  Further, Mattel has put its confidential business information at issue

20  in this litigation, including but not limited to its trade secret misappropriation claim.

21  Accordingly, it cannot resist discovery of confidential business information.

22       Finally, Mattel has improperly limited its agreement to produce to "the facts

23  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

24  the individual is identified as being knowledgeable about certain topics in Mattel's

25  initial disclosures, Mattel's obligation to produce does not end with the facts that it

26  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

27  information from the individual on the topics identified, regardless of whether it

28  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

1   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

2   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

3   MGA might be excluding documents that are responsive to the request based upon

4   its unilateral determination of what is 'relevant' or 'sufficient.'").

5        None of Mattel's improper objections are valid and Mattel is obligated to

6   produce all non-privileged responsive documents in its possession, custody, or

7   control.

8

9   **REQUEST FOR PRODUCTION NO. 218:**

10        All DOCUMENTS REFERRING OR RELATING TO Gary Cogland's

11  alleged knowledge of "[d]esign and development of Bratz and Bryant's work with

12  or for MGA during his Mattel employment" and "MGA business practices," as

13  alleged in MATTEL'S INITIAL DISCLOSURES.

14        **RESPONSE TO REQUEST NO. 218:**

15        In addition to the general objections stated above which are incorporated

16  herein by reference, Mattel objects to this Request on the grounds that it is

17  overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case. Mattel further

20  objects to the Request on the grounds that it seeks documents that are not relevant

21  to this action or likely to lead to the discovery of admissible evidence. Mattel

22  further objects to this Request on the grounds that it seeks confidential, proprietary

23  and trade secret information that has no bearing on the claims or defenses in this

24  case. Mattel further objects to this Request on the grounds that it calls for the

25  disclosure of information subject to the attorney-client privilege, the attorney work-

26  product doctrine and other applicable privileges.

27

28

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 218:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel produce responsive, non-privileged documents relating to Gary Cogland's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.


## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has

1  refused to confirm whether or not it has produced all non-privileged responsive

2  documents or whether it is withholding documents based on its objections in Phase

3  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

4  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

5  Generic objections that fail to explain the basis for an objection with specificity are

6  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

7  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

8  such as 'overly burdensome and harassing' are improper – especially when a party

9  fails to submit any evidentiary declarations supporting such objections").

10  Accordingly, Mattel must be compelled either to certify that it has produced all

11  non-privileged responsive documents or to produce all such documents by a date

12  certain.

13      To the extent that Mattel is relying on its blanket objections, they are not

14  sustainable and do not justify Mattel's failure to produce documents.

15      As to overbreadth, Mattel provides no explanation, let alone the required

16  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

17  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

18  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

19  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

20  custody, or control concerning Cogland's alleged knowledge of "[d]esign and

21  development of Bratz and Bryant's work for MGA during his employment by

22  Mattel" and "MGA business practices."  This area of information is taken directly

23  from Mattel's allegations regarding Cogland in its initial disclosures.  Rutowski

24  Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).

25      As to burden, Mattel has not attempted to demonstrate why responding to

26  this request and/or producing responsive documents presents any burden.  This

27  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

28  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET THREE;  CV 04-9049 SGL (RNBx)

1    request is unduly burdensome must allege specific facts which indicate the nature

2    and extent of the burden, usually by affidavit or other reliable evidence."). 

3    Moreover, it is not unduly burdensome, as noted above, in that the request is

4    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

5    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

6         This request does not seek documents protected by the attorney-client

7    privilege, the attorney work product doctrine, or other applicable privileges.  To the

8    extent that Mattel contends that it does, Mattel must provide a privilege log.

9         This request seeks relevant information.  Mattel identified Cogland in its

10   initial disclosures an individual with discoverable knowledge regarding "[d]esign

11   and development of Bratz and Bryant's work for MGA during his employment by

12   Mattel" and "MGA business practices."  Rutowski Decl. Ex. 56 (Mattel's

13   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).  Accordingly, Mattel's

14   initial disclosures demonstrate the relevance of this request.  Further, this

15   information is relevant to, among other things, Mattel's trade secret defense,

16   MGA's claims of trade dress infringement, and MGA's affirmative defenses of

17   statute of limitations and laches.

18        Mattel's objection that the request seeks information within MGA's

19   possession, custody or control is nonsensical and lacks factual support.  Mattel

20   makes no argument, let alone a factual showing, that any documents in MGA's

21   possession are duplicative of documents within Mattel's control.  MGA is entitled

22   to discovery from Mattel of documents within its possession, custody, or control

23   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

24   a conclusory statement that MGA also possesses responsive documents.

25        Mattel's objection that the request seeks confidential, proprietary, and trade

26   secret information should be disregarded.  The parties have entered into a protective

27   order in this matter, which governs the handling of confidential business

28   information.  Further, Mattel has put its confidential business information at issue

1 in this litigation, including but not limited to its trade secret misappropriation claim.

2 Accordingly, it cannot resist discovery of confidential business information.

3      Finally, Mattel has improperly limited its agreement to produce to "the facts

4 at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

5 the individual is identified as being knowledgeable about certain topics in Mattel's

6 initial disclosures, Mattel's obligation to produce does not end with the facts that it

7 has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

8 information from the individual on the topics identified, regardless of whether it

9 supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

10 Granting Mattel's Motion to Compel Production of Documents and Interrogatory

11 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

12 MGA might be excluding documents that are responsive to the request based upon

13 its unilateral determination of what is 'relevant' or 'sufficient.'").

14      None of Mattel's improper objections are valid and Mattel is obligated to

15 produce all non-privileged responsive documents in its possession, custody, or

16 control.

17

18 **REQUEST FOR PRODUCTION NO. 219:**

19      All DOCUMENTS REFERRING OR RELATING TO Nick Armando

20 Contreras's alleged knowledge of "MGA's access to Mattel's intellectual property

21 and trade secrets" and "MGA business practices," as alleged in MATTEL'S

22 INITIAL DISCLOSURES.

23      **RESPONSE TO REQUEST NO. 219:**

24      In addition to the general objections stated above which are incorporated

25 herein by reference, Mattel objects to this Request on the grounds that it is

26 overbroad, unduly burdensome and unintelligible, including in that it seeks all

27 documents on this subject without limitation as to time, and regardless of whether

28 such documents relate to products or matters at issue in this case. Mattel further

1   objects to the Request on the grounds that it seeks documents that are not relevant

2   to this action or likely to lead to the discovery of admissible evidence. Mattel

3   further objects to this Request on the grounds that it seeks confidential, proprietary

4   and trade secret information that has no bearing on the claims or defenses in this

5   case. Mattel further objects to this Request on the grounds that it calls for the

6   disclosure of information subject to the attorney-client privilege, the attorney work-

7   product doctrine and other applicable privileges.

8           **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 219:</u>**

9           In addition to the general objections stated above which are incorporated

10  herein by reference; Mattel objects to this Request on the grounds that it is

11  overbroad, unduly burdensome and unintelligible, including in that it seeks all

12  documents on this subject without limitation as to time, and regardless of whether

13  such documents relate to products or matters at issue in this case. Mattel further

14  objects to the Request on the grounds that it seeks documents that are not relevant

15  to this action or likely to lead to the discovery of admissible evidence. Mattel

16  further objects to this Request on the grounds that it calls for documents or

17  information in the possession, custody or control of MGA, including without

18  limitation documents and information that MGA has been compelled by Court

19  orders to produce but has not produced. Mattel further objects to this Request on

20  the grounds that it seeks confidential, proprietary and trade secret information,

21  including such information that has no bearing on the claims or defenses in this

22  case. Mattel further objects to this Request on the grounds that it calls for the

23  disclosure of information subject to the attorney-client privilege, the attorney work-

24  product doctrine and other applicable privileges.

25          Subject to the foregoing objections, Mattel responds as follows: Mattel will

26  produce responsive, non-privileged documents relating to Nick Armando

27  Contreras's knowledge of the facts at issue in this litigation as alleged in Mattel's

28  Initial Disclosures that are in Mattel's possession, custody, or control, if any, that

1   Mattel has been able to locate after a diligent search and reasonable inquiry, to the

2   extent not previously produced.

3

4   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

5   **SHOULD BE COMPELLED**

6       Mattel has improperly limited its agreement to produce documents in

7   response to this request, subject to its improper boilerplate objections.  Mattel has

8   refused to confirm whether or not it has produced all non-privileged responsive

9   documents or whether it is withholding documents based on its objections in Phase

10  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

11  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

12  Generic objections that fail to explain the basis for an objection with specificity are

13  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

14  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

15  such as 'overly burdensome and harassing' are improper – especially when a party

16  fails to submit any evidentiary declarations supporting such objections").

17  Accordingly, Mattel must be compelled either to certify that it has produced all

18  non-privileged responsive documents or to produce all such documents by a date

19  certain.

20      To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.

22      As to overbreadth, Mattel provides no explanation, let alone the required

23  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

24  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

27  custody, or control concerning Contreras's alleged knowledge of "MGA's access to

28  Mattel's intellectual property and trade secrets" and "MGA's business practices."

1   This area of information is taken directly from Mattel's allegations regarding

2   Contreras in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

3   Initial Disclosures, dated Jan. 5, 2007, p. 6).

4         As to burden, Mattel has not attempted to demonstrate why responding to

5   this request and/or producing responsive documents presents any burden.  This

6   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8   request is unduly burdensome must allege specific facts which indicate the nature

9   and extent of the burden, usually by affidavit or other reliable evidence.").

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

12  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

13        This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges.  To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16        This request seeks relevant information.  Mattel identified Contreras in its

17  initial disclosures an individual with discoverable knowledge regarding "MGA's

18  access to Mattel's intellectual property and trade secrets" and "MGA business

19  practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

20  Jan. 5, 2007, p. 6).  Accordingly, Mattel's initial disclosures demonstrate the

21  relevance of this request.  Further, this information is relevant to, among other

22  things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

23  and MGA's affirmative defenses of statute of limitations and laches.

24        Mattel's objection that the request seeks information within MGA's

25  possession, custody or control is nonsensical and lacks factual support.  Mattel

26  makes no argument, let alone a factual showing, that any documents in MGA's

27  possession are duplicative of documents within Mattel's control.  MGA is entitled

28  to discovery from Mattel of documents within its possession, custody, or control

1   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

2   a conclusory statement that MGA also possesses responsive documents.

3        Mattel's objection that the request seeks confidential, proprietary, and trade

4   secret information should be disregarded.  The parties have entered into a protective

5   order in this matter, which governs the handling of confidential business

6   information.  Further, Mattel has put its confidential business information at issue

7   in this litigation, including but not limited to its trade secret misappropriation claim.

8   Accordingly, it cannot resist discovery of confidential business information.

9        Finally, Mattel has improperly limited its agreement to produce to "the facts

10  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

11  the individual is identified as being knowledgeable about certain topics in Mattel's

12  initial disclosures, Mattel's obligation to produce does not end with the facts that it

13  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

14  information from the individual on the topics identified, regardless of whether it

15  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

16  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

17  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

18  MGA might be excluding documents that are responsive to the request based upon

19  its unilateral determination of what is 'relevant' or 'sufficient.'").

20       None of Mattel's improper objections are valid and Mattel is obligated to

21  produce all non-privileged responsive documents in its possession, custody, or

22  control.

23

24  **REQUEST FOR PRODUCTION NO. 220:**

25       All DOCUMENTS REFERRING OR RELATING TO Daniel Cooney's

26  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

27  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

28  DISCLOSURES.

**RESPONSE TO REQUEST NO. 220:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 220:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the

OHS West:260723198

1  disclosure of information subject to the attorney-client privilege, the attorney work-

2  product doctrine and other applicable privileges.

3      Subject to the foregoing objections, Mattel responds as follows: Mattel will

4  produce responsive, non-privileged documents relating to Daniel Cooney's

5  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

6  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

7  has been able to locate after a diligent search and reasonable inquiry, to the extent

8  not previously produced.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

11

12      Mattel has improperly limited its agreement to produce documents in

13  response to this request, subject to its improper boilerplate objections.  Mattel has

14  refused to confirm whether or not it has produced all non-privileged responsive

15  documents or whether it is withholding documents based on its objections in Phase

16  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18  Generic objections that fail to explain the basis for an objection with specificity are

19  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21  such as 'overly burdensome and harassing' are improper – especially when a party

22  fails to submit any evidentiary declarations supporting such objections").

23  Accordingly, Mattel must be compelled either to certify that it has produced all

24  non-privileged responsive documents or to produce all such documents by a date

25  certain.

26      To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Cooney's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA's business practices." This area of information is taken directly from Mattel's allegations regarding Cooney in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. Mattel has alleged that MGA misappropriated its trade secrets. MGA is entitled to discovery on this claim.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

This request seeks relevant information. Mattel identified Cooney in its initial disclosures an individual with discoverable knowledge regarding "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6). Accordingly, Mattel's initial disclosures demonstrate the relevance of this request. Further, this information is relevant to, among other

1   things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

2   and MGA's affirmative defenses of statute of limitations and laches.

3        Mattel's objection that the request seeks information within MGA's

4   possession, custody or control is nonsensical and lacks factual support.  Mattel

5   makes no argument, let alone a factual showing, that any documents in MGA's

6   possession are duplicative of documents within Mattel's control.  MGA is entitled

7   to discovery from Mattel of documents within its possession, custody, or control

8   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

9   a conclusory statement that MGA also possesses responsive documents.

10       Mattel's objection that the request seeks confidential, proprietary, and trade

11   secret information should be disregarded.  The parties have entered into a protective

12   order in this matter, which governs the handling of confidential business

13   information.  Further, Mattel has put its confidential business information at issue

14   in this litigation, including but not limited to its trade secret misappropriation claim.

15   Accordingly, it cannot resist discovery of confidential business information.

16       Finally, Mattel has improperly limited its agreement to produce to "the facts

17   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

18   the individual is identified as being knowledgeable about certain topics in Mattel's

19   initial disclosures, Mattel's obligation to produce does not end with the facts that it

20   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

21   information from the individual on the topics identified, regardless of whether it

22   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

23   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

24   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

25   MGA might be excluding documents that are responsive to the request based upon

26   its unilateral determination of what is 'relevant' or 'sufficient.'").

27

28

1    None of Mattel's improper objections are valid and Mattel is obligated to
2  produce all non-privileged responsive documents in its possession, custody, or
3  control.

4

5  **REQUEST FOR PRODUCTION NO. 221:**

6    All DOCUMENTS REFERRING OR RELATING TO Stephanie Cota's
7  alleged knowledge of "[t]he development and ownership of intellectual property at
8  issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

9    **RESPONSE TO REQUEST NO. 221:**

10    In addition to the general objections stated above which are incorporated
11  herein by reference, Mattel objects to this Request on the grounds that it is
12  overbroad, unduly burdensome and unintelligible, including in that it seeks all
13  documents on this subject without limitation as to time, and regardless of whether
14  such documents relate to products or matters at issue in this case. Mattel further
15  objects to the Request on the grounds that it seeks documents that are not relevant
16  to this action or likely to lead to the discovery of admissible evidence. Mattel
17  further objects to this Request on the grounds that it seeks confidential, proprietary
18  and trade secret information that has no bearing on the claims or defenses in this
19  case. Mattel further objects to this Request on the grounds that it calls for the
20  disclosure of information subject to the attorney-client privilege, the attorney work-
21  product doctrine and other applicable privileges.

22    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 221:**

23    In addition to the general objections stated above which are incorporated
24  herein by reference, Mattel objects to this Request on the grounds that it is
25  overbroad, unduly burdensome and unintelligible, including in that it seeks all
26  documents on this subject without limitation as to time, and regardless of whether
27  such documents relate to products or matters at issue in this case. Mattel further
28  objects to the Request on the grounds that it seeks documents that are not relevant

1  to this action or likely to lead to the discovery of admissible evidence. Mattel

2  further objects to this Request on the grounds that it seeks confidential, proprietary

3  and trade secret information, including such information that has no bearing on the

4  claims or defenses in this case. Mattel further objects to this Request on the grounds

5  that it calls for the disclosure of information subject to the attorney-client privilege,

6  the attorney work-product doctrine and other applicable privileges.

7       Subject to the foregoing objections, Mattel responds as follows: Mattel will

8  produce responsive, non-privileged documents relating to Stephanie Cota's

9  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

10  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

11  has been able to locate after a diligent search and reasonable inquiry, to the extent

12  not previously produced.

13

14  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
   **SHOULD BE COMPELLED**

15

16       Mattel has improperly limited its agreement to produce documents in

17  response to this request, subject to its improper boilerplate objections.  Mattel has

18  refused to confirm whether or not it has produced all non-privileged responsive

19  documents or whether it is withholding documents based on its objections in Phase

20  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

21  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

22  Generic objections that fail to explain the basis for an objection with specificity are

23  routinely rejected in the Central District.  See <u>A. Farber and Partners, Inc. v.</u>

24  <u>Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

25  such as 'overly burdensome and harassing' are improper – especially when a party

26  fails to submit any evidentiary declarations supporting such objections").

27  Accordingly, Mattel must be compelled either to certify that it has produced all

28

1   non-privileged responsive documents or to produce all such documents by a date

2   certain.

3       To the extent that Mattel is relying on its blanket objections, they are not

4   sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the required

6   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

10  custody, or control concerning Cota's alleged knowledge of "[t]he development and

11  ownership of intellectual property at issue."  This area of information is taken

12  directly from Mattel's allegations regarding Cota in its initial disclosures.

13  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

14  2007, p. 6).

15      As to burden, Mattel has not attempted to demonstrate why responding to

16  this request and/or producing responsive documents presents any burden.  This

17  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

18  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.").

21  Moreover, it is not unduly burdensome, as noted above, in that the request is

22  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

23  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

24      This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges.  To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27      This request seeks relevant information.  Mattel identified Cota in its initial

28  disclosures an individual with discoverable knowledge regarding "[t]he

1  development and ownership of intellectual property at issue." Rutowski Decl. Ex.
2  56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).
3  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
4  Further, this information is relevant to, among other things, Mattel's trade secret
5  defense and MGA's claims of trade dress infringement.

6      Mattel's objection that the request seeks confidential, proprietary, and trade
7  secret information should be disregarded. The parties have entered into a protective
8  order in this matter, which governs the handling of confidential business
9  information. Further, Mattel has put its confidential business information at issue
10 in this litigation, including but not limited to its trade secret misappropriation claim.
11 Accordingly, it cannot resist discovery of confidential business information.

12     Finally, Mattel has improperly limited its agreement to produce to "the facts
13 at issue in this litigation *as alleged in Mattel's Initial Disclosures*." While true that
14 the individual is identified as being knowledgeable about certain topics in Mattel's
15 initial disclosures, Mattel's obligation to produce does not end with the facts that it
16 has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive
17 information from the individual on the topics identified, regardless of whether it
18 supports the facts as alleged by Mattel, MGA, or any other party. *See* Order
19 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
20 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
21 MGA might be excluding documents that are responsive to the request based upon
22 its unilateral determination of what is 'relevant' or 'sufficient.'").

23     None of Mattel's improper objections are valid and Mattel is obligated to
24 produce all non-privileged responsive documents in its possession, custody, or
25 control.

26
27
28

1  **REQUEST FOR PRODUCTION NO. 222:**

2      All DOCUMENTS in Stephanie Cota's possession or control REFERRING

3  OR RELATING TO her alleged knowledge of "[t]he development and ownership

4  of intellectual property at issue," as alleged in MATTEL'S INITIAL

5  DISCLOSURES.

6      **RESPONSE TO REQUEST NO. 222:**

7      In addition to the general objections stated above which are incorporated

8  herein by reference, Mattel objects to this Request on the grounds that it is

9  overbroad, unduly burdensome and unintelligible, including in that it seeks all

10  documents on this subject without limitation as to time, and regardless of whether

11  such documents relate to products or matters at issue in this case. Mattel further

12  objects to the Request on the grounds that it seeks documents that are not relevant

13  to this action or likely to lead to the discovery of admissible evidence. Mattel

14  further objects to this Request on the grounds that it seeks confidential, proprietary

15  and trade secret information that has no bearing on the claims or defenses in this

16  case. Mattel further objects to this Request on the grounds that it calls for the

17  disclosure of information subject to the attorney-client privilege, the attorney work-

18  product doctrine and other applicable privileges.

19      **SUPPLEMENTAL RESPONSE TO REQUEST NO. 222:**

20      In addition to the general objections stated above which are incorporated

21  herein by reference, Mattel objects to this Request on the grounds that it is

22  overbroad, unduly burdensome and unintelligible, including in that it seeks all

23  documents on this subject without limitation as to time, and regardless of whether

24  such documents relate to products or matters at issue in this case. Mattel further

25  objects to the Request on the grounds that it seeks documents that are not relevant

26  to this action or likely to lead to the discovery of admissible evidence. Mattel

27  further objects to this Request on the grounds that it seeks confidential, proprietary

28  and trade secret information, including such information that has no bearing on the

1   claims or defenses in this case. Mattel further objects to this Request on the grounds

2   that it calls for the disclosure of information subject to the attorney-client privilege,

3   the attorney work-product doctrine and other applicable privileges.

4        Subject to the foregoing objections, Mattel responds as follows: Mattel will

5   produce responsive, non-privileged documents relating to Stephanie Cota's

6   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

7   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

8   has been able to locate after a diligent search and reasonable inquiry, to the extent

9   not previously produced.

10

11   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

12

13        Mattel has improperly limited its agreement to produce documents in

14   response to this request, subject to its improper boilerplate objections.  Mattel has

15   refused to confirm whether or not it has produced all non-privileged responsive

16   documents or whether it is withholding documents based on its objections in Phase

17   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

18   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

19   Generic objections that fail to explain the basis for an objection with specificity are

20   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

21   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

22   such as 'overly burdensome and harassing' are improper – especially when a party

23   fails to submit any evidentiary declarations supporting such objections").

24   Accordingly, Mattel must be compelled either to certify that it has produced all

25   non-privileged responsive documents or to produce all such documents by a date

26   certain.

27        To the extent that Mattel is relying on its blanket objections, they are not

28   sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Cota's alleged knowledge of "[t]he development and ownership of intellectual property at issue."  This area of information is taken directly from Mattel's allegations regarding Cota in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

This request seeks relevant information.  Mattel identified Cota in its initial disclosures an individual with discoverable knowledge regarding "[t]he development and ownership of intellectual property at issue."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6). Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

1    Further, this information is relevant to, among other things, Mattel's trade secret

2    defense and MGA's claims of trade dress infringement.

3           Mattel's objection that the request seeks confidential, proprietary, and trade

4    secret information should be disregarded.  The parties have entered into a protective

5    order in this matter, which governs the handling of confidential business

6    information.  Further, Mattel has put its confidential business information at issue

7    in this litigation, including but not limited to its trade secret misappropriation claim.

8    Accordingly, it cannot resist discovery of confidential business information.

9           Finally, Mattel has improperly limited its agreement to produce to "the facts

10   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

11   the individual is identified as being knowledgeable about certain topics in Mattel's

12   initial disclosures, Mattel's obligation to produce does not end with the facts that it

13   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

14   information from the individual on the topics identified, regardless of whether it

15   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

16   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

17   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

18   MGA might be excluding documents that are responsive to the request based upon

19   its unilateral determination of what is 'relevant' or 'sufficient.'").

20          None of Mattel's improper objections are valid and Mattel is obligated to

21   produce all non-privileged responsive documents in its possession, custody, or

22   control.

23

24   **REQUEST FOR PRODUCTION NO. 223:**

25          All DOCUMENTS REFERRING OR RELATING TO David Dees's alleged

26   knowledge of "[t]he development of Bratz," as alleged in MATTEL'S INITIAL

27   DISCLOSURES.

28

1

## RESPONSE TO REQUEST NO. 223:

2

In addition to the general objections stated above which are incorporated

3 herein by reference, Mattel objects to this Request on the grounds that it is

4 overbroad, unduly burdensome and unintelligible, including in that it seeks all

5 documents on this subject without limitation as to time, and regardless of whether

6 such documents relate to products or matters at issue in this case. Mattel further

7 objects to the Request on the grounds that it seeks documents that are not relevant

8 to this action or likely to lead to the discovery of admissible evidence. Mattel

9 further objects to this Request on the grounds that it seeks confidential, proprietary

10 and trade secret information that has no bearing on the claims or defenses in this

11 case. Mattel further objects to this Request on the grounds that it calls for the

12 disclosure of information subject to the attorney-client privilege, the attorney work-

13 product doctrine and other applicable privileges.

14

15

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 223:

16

In addition to the general objections stated above which are incorporated

17 herein by reference, Mattel objects to this Request on the grounds that it is

18 overbroad, unduly burdensome and unintelligible, including in that it seeks all

19 documents on this subject without limitation as to time, and regardless of whether

20 such documents relate to products or matters at issue in this case. Mattel further

21 objects to this Request on the grounds that it calls for documents or information in

22 the possession, custody or control of MGA and/or Bryant, including without

23 limitation documents and information that MGA and Bryant have been compelled

24 by Court orders to produce but have not produced. Mattel further objects to this

25 Request on the grounds that it seeks confidential, proprietary and trade secret

26 information, including such information that has no bearing on the claims or

27 defenses in this case. Mattel further objects to this Request on the grounds that it

28

1  calls for the disclosure of information subject to the attorney-client privilege, the

2  attorney work-product doctrine and other applicable privileges.

3       Subject to the foregoing objections, Mattel responds as follows: Mattel will

4  produce responsive, non-privileged documents relating to David Dees's knowledge

5  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

6  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

7  locate after a diligent search and reasonable inquiry, to the extent not previously

8  produced.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

11

12       Mattel has improperly limited its agreement to produce documents in

13  response to this request, subject to its improper boilerplate objections.  Mattel has

14  refused to confirm whether or not it has produced all non-privileged responsive

15  documents or whether it is withholding documents based on its objections in Phase

16  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18  Generic objections that fail to explain the basis for an objection with specificity are

19  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21  such as 'overly burdensome and harassing' are improper – especially when a party

22  fails to submit any evidentiary declarations supporting such objections").

23  Accordingly, Mattel must be compelled either to certify that it has produced all

24  non-privileged responsive documents or to produce all such documents by a date

25  certain.

26       To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

- 168 -

1    As to overbreadth, Mattel provides no explanation, let alone the required

2  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

6  custody, or control concerning Dees's alleged knowledge of "[t]he development of

7  Bratz."  This area of information is taken directly from Mattel's allegations

8  regarding Dees in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's

9  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).

10   As to burden, Mattel has not attempted to demonstrate why responding to

11  this request and/or producing responsive documents presents any burden.  This

12  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,

13  Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14  request is unduly burdensome must allege specific facts which indicate the nature

15  and extent of the burden, usually by affidavit or other reliable evidence.").

16  Moreover, it is not unduly burdensome, as noted above, in that the request is

17  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

18  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

19   This request does not seek documents protected by the attorney-client

20  privilege, the attorney work product doctrine, or other applicable privileges.  To the

21  extent that Mattel contends that it does, Mattel must provide a privilege log.

22   This request seeks relevant information.  Mattel identified Dees in its initial

23  disclosures an individual with discoverable knowledge regarding "[t]he

24  development of Bratz."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

25  Disclosures, dated Jan. 5, 2007, p. 6).  Accordingly, Mattel's initial disclosures

26  demonstrate the relevance of this request.  Further, this information is relevant to,

27  among other things, Mattel's trade secret defense, MGA's claims of trade dress

28  infringement, and MGA's affirmative defenses of statute of limitations and laches.

1    Mattel's objection that the request seeks information within MGA's

2    possession, custody or control is nonsensical and lacks factual support.  Mattel

3    makes no argument, let alone a factual showing, that any documents in MGA's

4    possession are duplicative of documents within Mattel's control.  MGA is entitled

5    to discovery from Mattel of documents within its possession, custody, or control

6    that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

7    a conclusory statement that MGA also possesses responsive documents.

8    Mattel's objection that the request seeks confidential, proprietary, and trade

9    secret information should be disregarded.  The parties have entered into a protective

10   order in this matter, which governs the handling of confidential business

11   information.  Further, Mattel has put its confidential business information at issue

12   in this litigation, including but not limited to its trade secret misappropriation claim.

13   Accordingly, it cannot resist discovery of confidential business information.

14   Finally, Mattel has improperly limited its agreement to produce to "the facts

15   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

16   the individual is identified as being knowledgeable about certain topics in Mattel's

17   initial disclosures, Mattel's obligation to produce does not end with the facts that it

18   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

19   information from the individual on the topics identified, regardless of whether it

20   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

21   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

22   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

23   MGA might be excluding documents that are responsive to the request based upon

24   its unilateral determination of what is 'relevant' or 'sufficient.'").

25   None of Mattel's improper objections are valid and Mattel is obligated to

26   produce all non-privileged responsive documents in its possession, custody, or

27   control.

28

**REQUEST FOR PRODUCTION NO. 224:**

All DOCUMENTS REFERRING OR RELATING TO Alan Dennis's alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 224:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 224:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds

1    that it calls for the disclosure of information subject to the attorney-client privilege,

2    the attorney work-product doctrine and other applicable privileges.

3         Subject to the foregoing objections, Mattel responds as follows: Mattel will

4    produce responsive, non-privileged documents relating to Alan Dennis's

5    knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

6    Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

7    has been able to locate after a diligent search and reasonable inquiry, to the extent

8    not previously produced.

9

10   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

11

12        Mattel has improperly limited its agreement to produce documents in

13   response to this request, subject to its improper boilerplate objections.  Mattel has

14   refused to confirm whether or not it has produced all non-privileged responsive

15   documents or whether it is withholding documents based on its objections in Phase

16   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18   Generic objections that fail to explain the basis for an objection with specificity are

19   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21   such as 'overly burdensome and harassing' are improper – especially when a party

22   fails to submit any evidentiary declarations supporting such objections").

23   Accordingly, Mattel must be compelled either to certify that it has produced all

24   non-privileged responsive documents or to produce all such documents by a date

25   certain.

26        To the extent that Mattel is relying on its blanket objections, they are not

27   sustainable and do not justify Mattel's failure to produce documents.

28

OHS West:260723198

- 172 -

1      As to overbreadth, Mattel provides no explanation, let alone the required

2  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

6  custody, or control concerning Dennis's alleged knowledge of "[t]he development

7  and ownership of intellectual property at issue."  This area of information is taken

8  directly from Mattel's allegations regarding Dennis in its initial disclosures.

9  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

10  2007, p. 6).

11      As to burden, Mattel has not attempted to demonstrate why responding to

12  this request and/or producing responsive documents presents any burden.  This

13  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

14  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15  request is unduly burdensome must allege specific facts which indicate the nature

16  and extent of the burden, usually by affidavit or other reliable evidence.").

17  Moreover, it is not unduly burdensome, as noted above, in that the request is

18  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

19  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

20      This request does not seek documents protected by the attorney-client

21  privilege, the attorney work product doctrine, or other applicable privileges.  To the

22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23      This request seeks relevant information.  Mattel identified Dennis in its initial

24  disclosures an individual with discoverable knowledge regarding "[t]he

25  development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

26  56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).

27  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

28

1  Further, this information is relevant to, among other things, Mattel's trade secret

2  defense and MGA's claims of trade dress infringement.

3      Mattel's objection that the request seeks confidential, proprietary, and trade

4  secret information should be disregarded.  The parties have entered into a protective

5  order in this matter, which governs the handling of confidential business

6  information.  Further, Mattel has put its confidential business information at issue

7  in this litigation, including but not limited to its trade secret misappropriation claim.

8  Accordingly, it cannot resist discovery of confidential business information.

9      Finally, Mattel has improperly limited its agreement to produce to "the facts

10  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

11  the individual is identified as being knowledgeable about certain topics in Mattel's

12  initial disclosures, Mattel's obligation to produce does not end with the facts that it

13  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

14  information from the individual on the topics identified, regardless of whether it

15  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

16  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

17  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

18  MGA might be excluding documents that are responsive to the request based upon

19  its unilateral determination of what is 'relevant' or 'sufficient.'").

20      None of Mattel's improper objections are valid and Mattel is obligated to

21  produce all non-privileged responsive documents in its possession, custody, or

22  control.

23

24  **REQUEST FOR PRODUCTION NO. 225:**

25      All DOCUMENTS in Alan Dennis's possession or control REFERRING OR

26  RELATING TO his alleged knowledge of "[t]he development and ownership of

27  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

28

1   **RESPONSE TO REQUEST NO. 225:**

2        In addition to the general objections stated above which are incorporated

3   herein by reference, Mattel objects to this Request on the grounds that it is

4   overbroad, unduly burdensome and unintelligible, including in that it seeks all

5   documents on this subject without limitation as to time, and regardless of whether

6   such documents relate to products or matters at issue in this case. Mattel further

7   objects to the Request on the grounds that it seeks documents that are not relevant

8   to this action or likely to lead to the discovery of admissible evidence. Mattel

9   further objects to this Request on the grounds that it seeks confidential, proprietary

10  and trade secret information that has no bearing on the claims or defenses in this

11  case. Mattel further objects to this Request on the grounds that it calls for the

12  disclosure of information subject to the attorney-client privilege, the attorney work-

13  product doctrine and other applicable privileges.

14  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 225:**

15       In addition to the general objections stated above which are incorporated

16  herein by reference, Mattel objects to this Request on the grounds that it is

17  overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case. Mattel further

20  objects to the Request on the grounds that it seeks documents that are not relevant

21  to this action or likely to lead to the discovery of admissible evidence. Mattel

22  further objects to this Request on the grounds that it seeks confidential, proprietary

23  and trade secret information, including such information that has no bearing on the

24  claims or defenses in this case. Mattel further objects to this Request on the grounds

25  that it calls for the disclosure of information subject to the attorney-client privilege,

26  the attorney work-product doctrine and other applicable privileges.

27       Subject to the foregoing objections, Mattel responds as follows: Mattel will

28  produce responsive, non-privileged documents relating to Alan Dennis's

OHS West:260723198

- 175 -

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET THREE;  CV 04-9049 SGL (RNBx)

1  knowledge of the facts at issue in this litigation as alleged in Mattel's. Initial

2  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

3  has been able to locate after a diligent search and reasonable inquiry, to the extent

4  not previously produced.

5

6  ### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
   ### SHOULD BE COMPELLED

7

8  Mattel has improperly limited its agreement to produce documents in

9  response to this request, subject to its improper boilerplate objections.  Mattel has

10  refused to confirm whether or not it has produced all non-privileged responsive

11  documents or whether it is withholding documents based on its objections in Phase

12  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

13  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

14  Generic objections that fail to explain the basis for an objection with specificity are

15  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

16  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

17  such as 'overly burdensome and harassing' are improper – especially when a party

18  fails to submit any evidentiary declarations supporting such objections").

19  Accordingly, Mattel must be compelled either to certify that it has produced all

20  non-privileged responsive documents or to produce all such documents by a date

21  certain.

22  To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24  As to overbreadth, Mattel provides no explanation, let alone the required

25  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

1   custody, or control concerning Dennis's alleged knowledge of "[t]he development

2   and ownership of intellectual property at issue."  This area of information is taken

3   directly from Mattel's allegations regarding Dennis in its initial disclosures.

4   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

5   2007, p. 6).

6       As to burden, Mattel has not attempted to demonstrate why responding to

7   this request and/or producing responsive documents presents any burden.  This

8   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

9   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10  request is unduly burdensome must allege specific facts which indicate the nature

11  and extent of the burden, usually by affidavit or other reliable evidence.").

12  Moreover, it is not unduly burdensome, as noted above, in that the request is

13  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

14  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

15      This request does not seek documents protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges.  To the

17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18      This request seeks relevant information.  Mattel identified Dennis in its initial

19  disclosures an individual with discoverable knowledge regarding "[t]he

20  development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

21  56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).

22  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

23  Further, this information is relevant to, among other things, Mattel's trade secret

24  defense and MGA's claims of trade dress infringement.

25      Mattel's objection that the request seeks confidential, proprietary, and trade

26  secret information should be disregarded.  The parties have entered into a protective

27  order in this matter, which governs the handling of confidential business

28  information.  Further, Mattel has put its confidential business information at issue

1   in this litigation, including but not limited to its trade secret misappropriation claim.

2   Accordingly, it cannot resist discovery of confidential business information.

3          Finally, Mattel has improperly limited its agreement to produce to "the facts

4   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

5   the individual is identified as being knowledgeable about certain topics in Mattel's

6   initial disclosures, Mattel's obligation to produce does not end with the facts that it

7   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

8   information from the individual on the topics identified, regardless of whether it

9   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

10  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

11  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

12  MGA might be excluding documents that are responsive to the request based upon

13  its unilateral determination of what is 'relevant' or 'sufficient.'").

14         None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession, custody, or

16  control.

17

18  **REQUEST FOR PRODUCTION NO. 226:**

19         All DOCUMENTS REFERRING OR RELATING TO Luis H. Domingo's

20  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

21  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

22  DISCLOSURES.

23         **RESPONSE TO REQUEST NO. 226:**

24         In addition to the general objections stated above which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it is

26  overbroad, unduly burdensome and unintelligible, including in that it seeks all

27  documents on this subject without limitation as to time, and regardless of whether

28  such documents relate to products or matters at issue in this case. Mattel further

1    objects to the Request on the grounds that it seeks documents that are not relevant

2    to this action or likely to lead to the discovery of admissible evidence. Mattel

3    further objects to this Request on the grounds that it seeks confidential, proprietary

4    and trade secret information that has no bearing on the claims or defenses in this

5    case. Mattel further objects to this Request on the grounds that it calls for the

6    disclosure of information subject to the attorney-client privilege, the attorney work-

7    product doctrine and other applicable privileges.

8                    **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 226:</u>**

9            In addition to the general objections stated above which are incorporated

10   herein by reference, Mattel objects to this Request on the grounds that it is

11   overbroad, unduly burdensome and unintelligible, including in that it seeks all

12   documents on this subject without limitation as to time, and regardless of whether

13   such documents relate to products or matters at issue in this case. Mattel further

14   objects to the Request on the grounds that it seeks documents that are not relevant

15   to this action or likely to lead to the discovery of admissible evidence. Mattel

16   further objects to this Request on the grounds that it calls for documents or

17   information in the possession, custody or control of MGA, including without

18   limitation documents and information that MGA has been compelled by Court

19   orders to produce but has not produced. Mattel further objects to this Request on

20   the grounds that it seeks confidential, proprietary and trade secret information,

21   including such information that has no bearing on the claims or defenses in this

22   case. Mattel further objects to this Request on the grounds that it calls for the

23   disclosure of information subject to the attorney-client privilege, the attorney work-

24   product doctrine and other applicable privileges.

25           Subject to the foregoing objections, Mattel responds as follows: Mattel will

26   produce responsive, non-privileged documents relating to Luis H. Domingo's

27   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

28   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

1   has been able to locate after a diligent search and reasonable inquiry, to the extent

2   not previously produced.

3

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

6   Mattel has improperly limited its agreement to produce documents in

7   response to this request, subject to its improper boilerplate objections.  Mattel has

8   refused to confirm whether or not it has produced all non-privileged responsive

9   documents or whether it is withholding documents based on its objections in Phase

10  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

11  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

12  Generic objections that fail to explain the basis for an objection with specificity are

13  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

14  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

15  such as 'overly burdensome and harassing' are improper – especially when a party

16  fails to submit any evidentiary declarations supporting such objections").

17  Accordingly, Mattel must be compelled either to certify that it has produced all

18  non-privileged responsive documents or to produce all such documents by a date

19  certain.

20  To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.

22  As to overbreadth, Mattel provides no explanation, let alone the required

23  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

24  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

27  custody, or control concerning Domingo's alleged knowledge of "MGA's access to

28  Mattel's intellectual property and trade secrets" and "MGA's business practices."

- 180 -

1    This area of information is taken directly from Mattel's allegations regarding

2    Domingo in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

3    Initial Disclosures, dated Jan. 5, 2007, p. 6).

4        As to burden, Mattel has not attempted to demonstrate why responding to

5    this request and/or producing responsive documents presents any burden.  This

6    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8    request is unduly burdensome must allege specific facts which indicate the nature

9    and extent of the burden, usually by affidavit or other reliable evidence.").

10   Moreover, it is not unduly burdensome, as noted above, in that the request is

11   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

12   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

13       This request does not seek documents protected by the attorney-client

14   privilege, the attorney work product doctrine, or other applicable privileges.  To the

15   extent that Mattel contends that it does, Mattel must provide a privilege log.

16       This request seeks relevant information.  Mattel identified Domingo in its

17   initial disclosures an individual with discoverable knowledge regarding "MGA's

18   access to Mattel's intellectual property and trade secrets" and "MGA business

19   practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

20   Jan. 5, 2007, p. 6).  Accordingly, Mattel's initial disclosures demonstrate the

21   relevance of this request.  Further, this information is relevant to, among other

22   things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

23   and MGA's affirmative defenses of statute of limitations and laches.

24       Mattel's objection that the request seeks information within MGA's

25   possession, custody or control is nonsensical and lacks factual support.  Mattel

26   makes no argument, let alone a factual showing, that any documents in MGA's

27   possession are duplicative of documents within Mattel's control.  MGA is entitled

28   to discovery from Mattel of documents within its possession, custody, or control

1   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

2   a conclusory statement that MGA also possesses responsive documents.

3   Mattel's objection that the request seeks confidential, proprietary, and trade

4   secret information should be disregarded.  The parties have entered into a protective

5   order in this matter, which governs the handling of confidential business

6   information.  Further, Mattel has put its confidential business information at issue

7   in this litigation, including but not limited to its trade secret misappropriation claim.

8   Accordingly, it cannot resist discovery of confidential business information.

9   Finally, Mattel has improperly limited its agreement to produce to "the facts

10  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

11  the individual is identified as being knowledgeable about certain topics in Mattel's

12  initial disclosures, Mattel's obligation to produce does not end with the facts that it

13  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

14  information from the individual on the topics identified, regardless of whether it

15  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

16  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

17  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

18  MGA might be excluding documents that are responsive to the request based upon

19  its unilateral determination of what is 'relevant' or 'sufficient.'").

20  None of Mattel's improper objections are valid and Mattel is obligated to

21  produce all non-privileged responsive documents in its possession, custody, or

22  control.

23

24  **REQUEST FOR PRODUCTION NO. 227:**

25  All DOCUMENTS REFERRING OR RELATING TO Ann Driskill's

26  alleged knowledge of "Carter Bryant's breach of obligations to Mattel," as alleged

27  in MATTEL'S INITIAL DISCLOSURES.

28

**RESPONSE TO REQUEST NO. 227:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 227:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Ann Driskill's

1   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

2   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

3   has been able to locate after a diligent search and reasonable inquiry, to the extent

4   not previously produced.

5

6   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

7   **SHOULD BE COMPELLED**

8        Mattel has improperly limited its agreement to produce documents in

9   response to this request, subject to its improper boilerplate objections.  Mattel has

10  refused to confirm whether or not it has produced all non-privileged responsive

11  documents or whether it is withholding documents based on its objections in Phase

12  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

13  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

14  Generic objections that fail to explain the basis for an objection with specificity are

15  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

16  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

17  such as 'overly burdensome and harassing' are improper – especially when a party

18  fails to submit any evidentiary declarations supporting such objections").

19  Accordingly, Mattel must be compelled either to certify that it has produced all

20  non-privileged responsive documents or to produce all such documents by a date

21  certain.

22        To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24        As to overbreadth, Mattel provides no explanation, let alone the required

25  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

1  custody, or control concerning Driskill's alleged knowledge of "Carter Bryant's

2  breach of obligations to Mattel."  This area of information is taken directly from

3  Mattel's allegations regarding Driskill in its initial disclosures.  Rutowski Decl. Ex.

4  56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).

5      As to burden, Mattel has not attempted to demonstrate why responding to

6  this request and/or producing responsive documents presents any burden.  This

7  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

8  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9  request is unduly burdensome must allege specific facts which indicate the nature

10  and extent of the burden, usually by affidavit or other reliable evidence.").

11  Moreover, it is not unduly burdensome, as noted above, in that the request is

12  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

13  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

14      This request does not seek documents protected by the attorney-client

15  privilege, the attorney work product doctrine, or other applicable privileges.  To the

16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17      This request seeks relevant information.  Mattel identified Driskill in its

18  initial disclosures an individual with discoverable knowledge regarding "Carter

19  Bryant's breach of obligations to Mattel."  Rutowski Decl. Ex. 56 (Mattel's

20  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).  Accordingly, Mattel's

21  initial disclosures demonstrate the relevance of this request.  Further, this

22  information is relevant to, among other things, Mattel's trade secret defense and

23  MGA's affirmative defenses of statute of limitations and laches.

24      Mattel's objection that the request seeks confidential, proprietary, and trade

25  secret information should be disregarded.  The parties have entered into a protective

26  order in this matter, which governs the handling of confidential business

27  information.  Further, Mattel has put its confidential business information at issue

28  in this litigation, including but not limited to its trade secret misappropriation claim.

1   Accordingly, it cannot resist discovery of confidential business information.

2          Finally, Mattel has improperly limited its agreement to produce to "the facts

3   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

4   the individual is identified as being knowledgeable about certain topics in Mattel's

5   initial disclosures, Mattel's obligation to produce does not end with the facts that it

6   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

7   information from the individual on the topics identified, regardless of whether it

8   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

9   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

10  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

11  MGA might be excluding documents that are responsive to the request based upon

12  its unilateral determination of what is 'relevant' or 'sufficient.'").

13         None of Mattel's improper objections are valid and Mattel is obligated to

14  produce all non-privileged responsive documents in its possession, custody, or

15  control.

16

17  **REQUEST FOR PRODUCTION NO. 228:**

18         All DOCUMENTS in Ann Driskill's possession or control REFERRING OR

19  RELATING TO her alleged knowledge of "Carter Bryant's breach of obligations to

20  Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

21         **RESPONSE TO REQUEST NO. 228:**

22         In addition to the general objections stated above which are incorporated

23  herein by reference, Mattel objects to this Request on the grounds that it is

24  overbroad, unduly burdensome and unintelligible, including in that it seeks all

25  documents on this subject without limitation as to time, and regardless of whether

26  such documents relate to products or matters at issue in this case. Mattel further

27  objects to the Request on the grounds that it seeks documents that are not relevant

28  to this action or likely to lead to the discovery of admissible evidence. Mattel

1    further objects to this Request on the grounds that it seeks confidential, proprietary

2    and trade secret information that has no bearing on the claims or defenses in this

3    case. Mattel further objects to this Request on the grounds that it calls for the

4    disclosure of information subject to the attorney-client privilege, the attorney work-

5    product doctrine and other applicable privileges.

6    **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 228:</u>**

7    In addition to the general objections stated above which are incorporated

8    herein by reference, Mattel objects to this Request on the grounds that it is

9    overbroad, unduly burdensome and unintelligible, including in that it seeks all

10   documents on this subject without limitation as to time, and regardless of whether

11   such documents relate to products or matters at issue in this case. Mattel further

12   objects to the Request on the grounds that it seeks documents that are not relevant

13   to this action or likely to lead to the discovery of admissible evidence. Mattel

14   further objects to this Request on the grounds that it seeks confidential, proprietary

15   and trade secret information, including such information that has no bearing on the

16   claims or defenses in this case. Mattel further objects to this Request on the grounds

17   that it calls for the disclosure of information subject to the attorney-client privilege,

18   the attorney work-product doctrine and other applicable privileges.

19   Subject to the foregoing objections, Mattel responds as follows: Mattel will

20   produce responsive, non-privileged documents relating to Ann Driskill's

21   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

22   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

23   has been able to locate after a diligent search and reasonable inquiry, to the extent

24   not previously produced.

25

26

27

28

1

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

2

3    Mattel has improperly limited its agreement to produce documents in

4   response to this request, subject to its improper boilerplate objections.  Mattel has

5   refused to confirm whether or not it has produced all non-privileged responsive

6   documents or whether it is withholding documents based on its objections in Phase

7   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

8   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

9   Generic objections that fail to explain the basis for an objection with specificity are

10  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

11  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

12  such as 'overly burdensome and harassing' are improper – especially when a party

13  fails to submit any evidentiary declarations supporting such objections").

14  Accordingly, Mattel must be compelled either to certify that it has produced all

15  non-privileged responsive documents or to produce all such documents by a date

16  certain.

17    To the extent that Mattel is relying on its blanket objections, they are not

18  sustainable and do not justify Mattel's failure to produce documents.

19    As to overbreadth, Mattel provides no explanation, let alone the required

20  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

21  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

24  custody, or control concerning Driskill's alleged knowledge of "Carter Bryant's

25  breach of obligations to Mattel."  This area of information is taken directly from

26  Mattel's allegations regarding Driskill in its initial disclosures.  Rutowski Decl. Ex.

27  56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).

28

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

This request seeks relevant information.  Mattel identified Driskill in its initial disclosures an individual with discoverable knowledge regarding "Carter Bryant's breach of obligations to Mattel."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.  Further, this information is relevant to, among other things, Mattel's trade secret defense and MGA's affirmative defenses of statute of limitations and laches.

Mattel's objection that the request seeks confidential, proprietary, and trade secret information should be disregarded.  The parties have entered into a protective order in this matter, which governs the handling of confidential business information.  Further, Mattel has put its confidential business information at issue in this litigation, including but not limited to its trade secret misappropriation claim.  Accordingly, it cannot resist discovery of confidential business information.

Finally, Mattel has improperly limited its agreement to produce to "the facts at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that the individual is identified as being knowledgeable about certain topics in Mattel's

1  initial disclosures, Mattel's obligation to produce does not end with the facts that it

2  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

3  information from the individual on the topics identified, regardless of whether it

4  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

5  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

6  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

7  MGA might be excluding documents that are responsive to the request based upon

8  its unilateral determination of what is 'relevant' or 'sufficient.'").

9         None of Mattel's improper objections are valid and Mattel is obligated to

10  produce all non-privileged responsive documents in its possession, custody, or

11  control.

12

13  **REQUEST FOR PRODUCTION NO. 229:**

14         All DOCUMENTS REFERRING OR RELATING TO Ian Dyer's alleged

15  knowledge of "[t]he development and ownership of intellectual property at issue,"

16  as alleged in MATTEL'S INITIAL DISCLOSURES.

17         **RESPONSE TO REQUEST NO. 229:**

18         In addition to the general objections stated above which are incorporated

19  herein by reference, Mattel objects to this Request on the grounds that it is

20  overbroad, unduly burdensome and unintelligible, including in that it seeks all

21  documents on this subject without limitation as to time, and regardless of whether

22  such documents relate to products or matters at issue in this case. Mattel further

23  objects to the Request on the grounds that it seeks documents that are not relevant

24  to this action or likely to lead to the discovery of admissible evidence. Mattel

25  further objects to this Request on the grounds that it seeks confidential, proprietary

26  and trade secret information that has no bearing on the claims or defenses in this

27  case. Mattel further objects to this Request on the grounds that it calls for the

28

1   disclosure of information subject to the attorney-client privilege, the attorney work-

2   product doctrine and other applicable privileges.

3   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 229:**

4   In addition to the general objections stated above which are incorporated

5   herein by reference, Mattel objects to this Request on the grounds that it is

6   overbroad, unduly burdensome and unintelligible, including in that it seeks all

7   documents on this subject without limitation as to time, and regardless of whether

8   such documents relate to products or matters at issue in this case. Mattel further

9   objects to the Request on the grounds that it seeks documents that are not relevant

10  to this action or likely to lead to the discovery of admissible evidence. Mattel

11  further objects to this Request on the grounds that it seeks confidential, proprietary

12  and trade secret information, including such information that has no bearing on the

13  claims or defenses in this case. Mattel further objects to this Request on the grounds

14  that it calls for the disclosure of information subject to the attorney-client privilege,

15  the attorney work-product doctrine and other applicable privileges.

16  Subject to the foregoing objections, Mattel responds as follows: Mattel will

17  produce responsive, non-privileged documents relating to Ian Dyer's knowledge of

18  the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

19  in Mattel's possession, custody, or control, if any, that Mattel has been able to

20  locate after a diligent search and reasonable inquiry, to the extent not previously

21  produced.

22

23  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

24  **SHOULD BE COMPELLED**

25  Mattel has improperly limited its agreement to produce documents in

26  response to this request, subject to its improper boilerplate objections.  Mattel has

27  refused to confirm whether or not it has produced all non-privileged responsive

28  documents or whether it is withholding documents based on its objections in Phase

1    2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

2    must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

3    Generic objections that fail to explain the basis for an objection with specificity are

4    routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

5    Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

6    such as 'overly burdensome and harassing' are improper – especially when a party

7    fails to submit any evidentiary declarations supporting such objections").

8    Accordingly, Mattel must be compelled either to certify that it has produced all

9    non-privileged responsive documents or to produce all such documents by a date

10   certain.

11        To the extent that Mattel is relying on its blanket objections, they are not

12   sustainable and do not justify Mattel's failure to produce documents.

13        As to overbreadth, Mattel provides no explanation, let alone the required

14   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

15   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

16   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

17   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

18   custody, or control concerning Dyer's alleged knowledge of "[t]he development

19   and ownership of intellectual property at issue."  This area of information is taken

20   directly from Mattel's allegations regarding Dyer in its initial disclosures.

21   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

22   2007, p. 6).

23        As to burden, Mattel has not attempted to demonstrate why responding to

24   this request and/or producing responsive documents presents any burden.  This

25   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

26   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

27   request is unduly burdensome must allege specific facts which indicate the nature

28   and extent of the burden, usually by affidavit or other reliable evidence.").

1   Moreover, it is not unduly burdensome, as noted above, in that the request is

2   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

3   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

4       This request does not seek documents protected by the attorney-client

5   privilege, the attorney work product doctrine, or other applicable privileges.  To the

6   extent that Mattel contends that it does, Mattel must provide a privilege log.

7       This request seeks relevant information.  Mattel identified Dyer in its initial

8   disclosures an individual with discoverable knowledge regarding "[t]he

9   development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

10  56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).

11  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

12  Further, this information is relevant to, among other things, Mattel's trade secret

13  defense and MGA's claims of trade dress infringement.

14      Mattel's objection that the request seeks confidential, proprietary, and trade

15  secret information should be disregarded.  The parties have entered into a protective

16  order in this matter, which governs the handling of confidential business

17  information.  Further, Mattel has put its confidential business information at issue

18  in this litigation, including but not limited to its trade secret misappropriation claim.

19  Accordingly, it cannot resist discovery of confidential business information.

20      Finally, Mattel has improperly limited its agreement to produce to "the facts

21  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

22  the individual is identified as being knowledgeable about certain topics in Mattel's

23  initial disclosures, Mattel's obligation to produce does not end with the facts that it

24  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

25  information from the individual on the topics identified, regardless of whether it

26  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

27  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

28  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

1   MGA might be excluding documents that are responsive to the request based upon

2   its unilateral determination of what is 'relevant' or 'sufficient.'").

3       None of Mattel's improper objections are valid and Mattel is obligated to

4   produce all non-privileged responsive documents in its possession, custody, or

5   control.

6

7   **REQUEST FOR PRODUCTION NO. 230:**

8       All DOCUMENTS in Ian Dyer's possession or control REFERRING OR

9   RELATING TO his alleged knowledge of "[t]he development and ownership of

10   intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

11   **RESPONSE TO REQUEST NO. 230:**

12       In addition to the general objections stated above which are incorporated

13   herein by reference, Mattel objects to this Request on the grounds that it is

14   overbroad, unduly burdensome and unintelligible, including in that it seeks all

15   documents on this subject without limitation as to time, and regardless of whether

16   such documents relate to products or matters at issue in this case. Mattel further

17   objects to the Request on the grounds that it seeks documents that are not relevant to

18   this action or likely to lead to the discovery of admissible evidence. Mattel further

19   objects to this Request on the grounds that it seeks confidential, proprietary and

20   trade secret information that has no bearing on the claims or defenses in this case.

21   Mattel further objects to this Request on the grounds that it calls for the disclosure

22   of information subject to the attorney-client privilege, the attorney work-product

23   doctrine and other applicable privileges.

24   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 230:**

25       In addition to the general objections stated above which are incorporated

26   herein by reference, Mattel objects to this Request on the grounds that it is

27   overbroad, unduly burdensome and unintelligible, including in that it seeks all

28   documents on this subject without limitation as to time, and regardless of whether

- 194 -

1  such documents relate to products or matters at issue in this case. Mattel further

2  objects to the Request on the grounds that it seeks documents that are not relevant

3  to this action or likely to lead to the discovery of admissible evidence. Mattel

4  further objects to this Request on the grounds that it seeks confidential, proprietary

5  and trade secret information, including such information that has no bearing on the

6  claims or defenses in this case. Mattel further objects to this Request on the grounds

7  that it calls for the disclosure of information subject to the attorney-client privilege,

8  the attorney work-product doctrine and other applicable privileges.

9      Subject to the foregoing objections, Mattel responds as follows: Mattel will

10  produce responsive, non-privileged documents relating to Ian Dyer's knowledge of

11  the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

12  in Mattel's possession, custody, or control, if any, that Mattel has been able to

13  locate after a diligent search and reasonable inquiry, to the extent not previously

14  produced.

15

16  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
17  SHOULD BE COMPELLED**

18      Mattel has improperly limited its agreement to produce documents in

19  response to this request, subject to its improper boilerplate objections.  Mattel has

20  refused to confirm whether or not it has produced all non-privileged responsive

21  documents or whether it is withholding documents based on its objections in Phase

22  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

23  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

24  Generic objections that fail to explain the basis for an objection with specificity are

25  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

26  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

27  such as 'overly burdensome and harassing' are improper – especially when a party

28  fails to submit any evidentiary declarations supporting such objections").

1   Accordingly, Mattel must be compelled either to certify that it has produced all

2   non-privileged responsive documents or to produce all such documents by a date

3   certain.

4       To the extent that Mattel is relying on its blanket objections, they are not

5   sustainable and do not justify Mattel's failure to produce documents.

6       As to overbreadth, Mattel provides no explanation, let alone the required

7   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

11  custody, or control concerning Dyer's alleged knowledge of "[t]he development

12  and ownership of intellectual property at issue."  This area of information is taken

13  directly from Mattel's allegations regarding Dyer in its initial disclosures.

14  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

15  2007, p. 6).

16      As to burden, Mattel has not attempted to demonstrate why responding to

17  this request and/or producing responsive documents presents any burden.  This

18  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

19  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20  request is unduly burdensome must allege specific facts which indicate the nature

21  and extent of the burden, usually by affidavit or other reliable evidence.").

22  Moreover, it is not unduly burdensome, as noted above, in that the request is

23  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

24  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

25      This request does not seek documents protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges.  To the

27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1    This request seeks relevant information.  Mattel identified Dyer in its initial

2    disclosures an individual with discoverable knowledge regarding "[t]he

3    development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

4    56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 6).

5    Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

6    Further, this information is relevant to, among other things, Mattel's trade secret

7    defense and MGA's claims of trade dress infringement.

8    Mattel's objection that the request seeks confidential, proprietary, and trade

9    secret information should be disregarded.  The parties have entered into a protective

10   order in this matter, which governs the handling of confidential business

11   information.  Further, Mattel has put its confidential business information at issue

12   in this litigation, including but not limited to its trade secret misappropriation claim.

13   Accordingly, it cannot resist discovery of confidential business information.

14   Finally, Mattel has improperly limited its agreement to produce to "the facts

15   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

16   the individual is identified as being knowledgeable about certain topics in Mattel's

17   initial disclosures, Mattel's obligation to produce does not end with the facts that it

18   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

19   information from the individual on the topics identified, regardless of whether it

20   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

21   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

22   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

23   MGA might be excluding documents that are responsive to the request based upon

24   its unilateral determination of what is 'relevant' or 'sufficient.'").

25   None of Mattel's improper objections are valid and Mattel is obligated to

26   produce all non-privileged responsive documents in its possession, custody, or

27   control.

28

1 **REQUEST FOR PRODUCTION NO. 231:**

2      All DOCUMENTS REFERRING OR RELATING TO Robert Eckert's

3 alleged knowledge of "Mattel's business operations and the development and

4 ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL

5 DISCLOSURES.

6      **RESPONSE TO REQUEST NO. 231:**

7      In addition to the general objections stated above which are incorporated

8 herein by reference, Mattel objects to this Request on the grounds that it is

9 overbroad, unduly burdensome and unintelligible, including in that it seeks all

10 documents on this subject without limitation as to time, and regardless of whether

11 such documents relate to products or matters at issue in this case. Mattel further

12 objects to the Request on the grounds that it seeks documents that are not relevant

13 to this action or likely to lead to the discovery of admissible evidence. Mattel

14 further objects to this Request on the grounds that it seeks confidential, proprietary

15 and trade secret information that has no bearing on the claims or defenses in this

16 case. Mattel further objects to this Request on the grounds that it calls for the

17 disclosure of information subject to the attorney-client privilege, the attorney work-

18 product doctrine and other applicable privileges.

19      **SUPPLEMENTAL RESPONSE TO REQUEST NO. 231:**

20      In addition to the general objections stated above which are incorporated

21 herein by reference, Mattel objects to this Request on the grounds that it is

22 overbroad, unduly burdensome and unintelligible, including in that it seeks all

23 documents on this subject without limitation as to time, and regardless of whether

24 such documents relate to products or matters at issue in this case. Mattel further

25 objects to the Request on the grounds that it seeks documents that are not relevant

26 to this action or likely to lead to the discovery of admissible evidence. Mattel

27 further objects to this Request on the grounds that it seeks confidential, proprietary

28 and trade secret information, including such information that has no bearing on the

- 198 -

1  claims or defenses in this case. Mattel further objects to this Request on the grounds

2  that it calls for the disclosure of information subject to the attorney-client privilege,

3  the attorney work-product doctrine and other applicable privileges.

4       Subject to the foregoing objections, Mattel responds as follows: Mattel will

5  produce responsive, non-privileged documents relating to Robert Eckert's

6  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

7  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

8  has been able to locate after a diligent search and reasonable inquiry, to the extent

9  not previously produced.

10

11  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

12

13      Mattel has improperly limited its agreement to produce documents in

14  response to this request, subject to its improper boilerplate objections.  Mattel has

15  refused to confirm whether or not it has produced all non-privileged responsive

16  documents or whether it is withholding documents based on its objections in Phase

17  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

18  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

19  Generic objections that fail to explain the basis for an objection with specificity are

20  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

21  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

22  such as 'overly burdensome and harassing' are improper – especially when a party

23  fails to submit any evidentiary declarations supporting such objections").

24  Accordingly, Mattel must be compelled either to certify that it has produced all

25  non-privileged responsive documents or to produce all such documents by a date

26  certain.

27      To the extent that Mattel is relying on its blanket objections, they are not

28  sustainable and do not justify Mattel's failure to produce documents.

1    As to overbreadth, Mattel provides no explanation, let alone the required

2    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5    contrary, the request is narrowly tailored to seek documents in Mattel's possession,

6    custody, or control concerning Eckert's alleged knowledge of "Mattel's business

7    operations and the development and ownership of intellectual property at issue."

8    This area of information is taken directly from Mattel's allegations regarding Eckert

9    in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

10   Disclosures, dated Jan. 5, 2007, p. 6).

11   As to burden, Mattel has not attempted to demonstrate why responding to

12   this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

14   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.").

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

19   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

20   This request does not seek documents protected by the attorney-client

21   privilege, the attorney work product doctrine, or other applicable privileges.  To the

22   extent that Mattel contends that it does, Mattel must provide a privilege log.

23   This request seeks relevant information.  Mattel identified Eckert in its initial

24   disclosures an individual with discoverable knowledge regarding "Mattel's business

25   operations and the development and ownership of intellectual property at issue."

26   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

27   2007, p. 6).  Accordingly, Mattel's initial disclosures demonstrate the relevance of

28

1   this request.  Further, this information is relevant to, among other things, Mattel's

2   trade secret defense and MGA's claims of trade dress infringement.

3       Mattel's objection that the request seeks confidential, proprietary, and trade

4   secret information should be disregarded.  The parties have entered into a protective

5   order in this matter, which governs the handling of confidential business

6   information.  Further, Mattel has put its confidential business information at issue

7   in this litigation, including but not limited to its trade secret misappropriation claim.

8   Accordingly, it cannot resist discovery of confidential business information.

9       Finally, Mattel has improperly limited its agreement to produce to "the facts

10   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

11   the individual is identified as being knowledgeable about certain topics in Mattel's

12   initial disclosures, Mattel's obligation to produce does not end with the facts that it

13   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

14   information from the individual on the topics identified, regardless of whether it

15   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

16   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

17   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

18   MGA might be excluding documents that are responsive to the request based upon

19   its unilateral determination of what is 'relevant' or 'sufficient.'").

20       None of Mattel's improper objections are valid and Mattel is obligated to

21   produce all non-privileged responsive documents in its possession, custody, or

22   control.

23

24   ## REQUEST FOR PRODUCTION NO. 232:

25       All DOCUMENTS in Robert Eckert's possession or control REFERRING

26   OR RELATING TO his alleged knowledge of "Mattel's business operations and

27   the development and ownership of intellectual property at issue," as alleged in

28   MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 232:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 232:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Robert Eckert's

- 202 -

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET THREE; CV 04-9049 SGL (RNBX)

1    knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

2    Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

3    has been able to locate after a diligent search and reasonable inquiry, to the extent

4    not previously produced.

5

6          **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

7          **SHOULD BE COMPELLED**

8          Mattel has improperly limited its agreement to produce documents in

9    response to this request, subject to its improper boilerplate objections.  Mattel has

10   refused to confirm whether or not it has produced all non-privileged responsive

11   documents or whether it is withholding documents based on its objections in Phase

12   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

13   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

14   Generic objections that fail to explain the basis for an objection with specificity are

15   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

16   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

17   such as 'overly burdensome and harassing' are improper – especially when a party

18   fails to submit any evidentiary declarations supporting such objections").

19   Accordingly, Mattel must be compelled either to certify that it has produced all

20   non-privileged responsive documents or to produce all such documents by a date

21   certain.

22         To the extent that Mattel is relying on its blanket objections, they are not

23   sustainable and do not justify Mattel's failure to produce documents.

24         As to overbreadth, Mattel provides no explanation, let alone the required

25   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

- 203 -          SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
                                                                 9049, SET THREE;  CV 04-9049 SGL (RNBX)

1   custody, or control concerning Eckert's alleged knowledge of "Mattel's business

2   operations and the development and ownership of intellectual property at issue."

3   This area of information is taken directly from Mattel's allegations regarding Eckert

4   in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

5   Disclosures, dated Jan. 5, 2007, p. 6).

6        As to burden, Mattel has not attempted to demonstrate why responding to

7   this request and/or producing responsive documents presents any burden.  This

8   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

9   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10  request is unduly burdensome must allege specific facts which indicate the nature

11  and extent of the burden, usually by affidavit or other reliable evidence.").

12  Moreover, it is not unduly burdensome, as noted above, in that the request is

13  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

14  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

15       This request does not seek documents protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges.  To the

17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18       This request seeks relevant information.  Mattel identified Eckert in its initial

19  disclosures an individual with discoverable knowledge regarding "Mattel's business

20  operations and the development and ownership of intellectual property at issue."

21  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

22  2007, p. 6).  Accordingly, Mattel's initial disclosures demonstrate the relevance of

23  this request.  Further, this information is relevant to, among other things, Mattel's

24  trade secret defense and MGA's claims of trade dress infringement.

25       Mattel's objection that the request seeks confidential, proprietary, and trade

26  secret information should be disregarded.  The parties have entered into a protective

27  order in this matter, which governs the handling of confidential business

28  information.  Further, Mattel has put its confidential business information at issue

1    in this litigation, including but not limited to its trade secret misappropriation claim.

2    Accordingly, it cannot resist discovery of confidential business information.

3          Finally, Mattel has improperly limited its agreement to produce to "the facts

4    at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

5    the individual is identified as being knowledgeable about certain topics in Mattel's

6    initial disclosures, Mattel's obligation to produce does not end with the facts that it

7    has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

8    information from the individual on the topics identified, regardless of whether it

9    supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

10   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

11   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

12   MGA might be excluding documents that are responsive to the request based upon

13   its unilateral determination of what is 'relevant' or 'sufficient.'").

14         None of Mattel's improper objections are valid and Mattel is obligated to

15   produce all non-privileged responsive documents in its possession, custody, or

16   control.

17

18   **REQUEST FOR PRODUCTION NO. 233:**

19         All DOCUMENTS REFERRING OR RELATING TO Jaime Elias's alleged

20   knowledge of "MGA's theft of Mattel's intellectual property and trade secrets," as

21   alleged in MATTEL'S INITIAL DISCLOSURES.

22         **RESPONSE TO REQUEST NO. 233:**

23         In addition to the general objections stated above which are incorporated

24   herein by reference, Mattel objects to this Request on the grounds that it is

25   overbroad, unduly burdensome and unintelligible, including in that it seeks all

26   documents on this subject without limitation as to time, and regardless of whether

27   such documents relate to products or matters at issue in this case. Mattel further

28   objects to the Request on the grounds that it seeks documents that are not relevant

1   to this action or likely to lead to the discovery of admissible evidence. Mattel

2   further objects to this Request on the grounds that it seeks confidential, proprietary

3   and trade secret information that has no bearing on the claims or defenses in this

4   case. Mattel further objects to this Request on the grounds that it calls for the

5   disclosure of information subject to the attorney-client privilege, the attorney work-

6   product doctrine and other applicable privileges.

7   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 233:**

8   In addition to the general objections stated above which are incorporated

9   herein by reference, Mattel objects to this Request on the grounds that it is

10  overbroad, unduly burdensome and unintelligible, including in that it seeks all

11  documents on this subject without limitation as to time, and regardless of whether

12  such documents relate to products or matters at issue in this case. Mattel further

13  objects to the Request on the grounds that it seeks documents that are not relevant

14  to this action or likely to lead to the discovery of admissible evidence. Mattel

15  further objects to this Request on the grounds that it seeks confidential, proprietary

16  and trade secret information, including such information that has no bearing on the

17  claims or defenses in this case. Mattel further objects to this Request on the grounds

18  that it calls for the disclosure of information subject to the attorney-client privilege,

19  the attorney work-product doctrine and other applicable privileges.

20  Subject to the foregoing objections, Mattel responds as follows: Mattel will

21  produce responsive, non-privileged documents relating to Jaime Elias's knowledge

22  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

23  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

24  locate after a diligent search and reasonable inquiry, to the extent not previously

25  produced.

26

27

28

1
2
### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

3   Mattel has improperly limited its agreement to produce documents in

4   response to this request, subject to its improper boilerplate objections.  Mattel has

5   refused to confirm whether or not it has produced all non-privileged responsive

6   documents or whether it is withholding documents based on its objections in Phase

7   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

8   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

9   Generic objections that fail to explain the basis for an objection with specificity are

10  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

11  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

12  such as 'overly burdensome and harassing' are improper – especially when a party

13  fails to submit any evidentiary declarations supporting such objections").

14  Accordingly, Mattel must be compelled either to certify that it has produced all

15  non-privileged responsive documents or to produce all such documents by a date

16  certain.

17  To the extent that Mattel is relying on its blanket objections, they are not

18  sustainable and do not justify Mattel's failure to produce documents.

19  As to overbreadth, Mattel provides no explanation, let alone the required

20  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

21  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

24  custody, or control concerning Elias's alleged knowledge of "MGA's theft of

25  Mattel's intellectual property and trade secrets."  This area of information is taken

26  directly from Mattel's allegations regarding Elias in its initial disclosures.

27  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

28  2007, p. 7).

1    As to burden, Mattel has not attempted to demonstrate why responding to

2    this request and/or producing responsive documents presents any burden.  This

3    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5    request is unduly burdensome must allege specific facts which indicate the nature

6    and extent of the burden, usually by affidavit or other reliable evidence.").

7    Moreover, it is not unduly burdensome, as noted above, in that the request is

8    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10    This request does not seek documents protected by the attorney-client

11    privilege, the attorney work product doctrine, or other applicable privileges.  To the

12    extent that Mattel contends that it does, Mattel must provide a privilege log.

13    This request seeks relevant information.  Mattel identified Elias in its initial

14    disclosures an individual with discoverable knowledge regarding "MGA's theft of

15    Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56 (Mattel's

16    Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7).  Accordingly, Mattel's

17    initial disclosures demonstrate the relevance of this request.  Further, this

18    information is relevant to, among other things, Mattel's trade secret defense,

19    MGA's claims of trade dress infringement, and MGA's affirmative defenses of

20    statute of limitations and laches.

21    Mattel's objection that the request seeks confidential, proprietary, and trade

22    secret information should be disregarded.  The parties have entered into a protective

23    order in this matter, which governs the handling of confidential business

24    information.  Further, Mattel has put its confidential business information at issue

25    in this litigation, including but not limited to its trade secret misappropriation claim.

26    Accordingly, it cannot resist discovery of confidential business information.

27    Finally, Mattel has improperly limited its agreement to produce to "the facts

28    at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

the individual is identified as being knowledgeable about certain topics in Mattel's initial disclosures, Mattel's obligation to produce does not end with the facts that it has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive information from the individual on the topics identified, regardless of whether it supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that MGA might be excluding documents that are responsive to the request based upon its unilateral determination of what is 'relevant' or 'sufficient.'").

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 234:**

All DOCUMENTS in Jaime Elias's possession or control REFERRING OR RELATING TO his alleged knowledge of "MGA's theft of Mattel's intellectual property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 234:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the

1  disclosure of information subject to the attorney-client privilege, the attorney work-

2  product doctrine and other applicable privileges.

3  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 234:**

4  In addition to the general objections stated above which are incorporated

5  herein by reference, Mattel objects to this Request on the grounds that it is

6  overbroad, unduly burdensome and unintelligible, including in that it seeks all

7  documents on this subject without limitation as to time, and regardless of whether

8  such documents relate to products or matters at issue in this case. Mattel further

9  objects to the Request on the grounds that it seeks documents that are not relevant

10  to this action or likely to lead to the discovery of admissible evidence. Mattel

11  further objects to this Request on the grounds that it seeks confidential, proprietary

12  and trade secret information, including such information that has no bearing on the

13  claims or defenses in this case. Mattel further objects to this Request on the grounds

14  that it calls for the disclosure of information subject to the attorney-client privilege,

15  the attorney work-product doctrine and other applicable privileges.

16  Subject to the foregoing objections, Mattel responds as follows: Mattel will

17  produce responsive, non-privileged documents relating to Jaime Elias's knowledge

18  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

19  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

20  locate after a diligent search and reasonable inquiry, to the extent not previously

21  produced.

22

23  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
24  **SHOULD BE COMPELLED**

25  Mattel has improperly limited its agreement to produce documents in

26  response to this request, subject to its improper boilerplate objections.  Mattel has

27  refused to confirm whether or not it has produced all non-privileged responsive

28  documents or whether it is withholding documents based on its objections in Phase

- 210 -

1    2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

2    must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

3    Generic objections that fail to explain the basis for an objection with specificity are

4    routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

5    Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

6    such as 'overly burdensome and harassing' are improper – especially when a party

7    fails to submit any evidentiary declarations supporting such objections").

8    Accordingly, Mattel must be compelled either to certify that it has produced all

9    non-privileged responsive documents or to produce all such documents by a date

10   certain.

11        To the extent that Mattel is relying on its blanket objections, they are not

12   sustainable and do not justify Mattel's failure to produce documents.

13        As to overbreadth, Mattel provides no explanation, let alone the required

14   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

15   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

16   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

17   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

18   custody, or control concerning Elias's alleged knowledge of "MGA's theft of

19   Mattel's intellectual property and trade secrets."  This area of information is taken

20   directly from Mattel's allegations regarding Elias in its initial disclosures.

21   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

22   2007, p. 7).

23        As to burden, Mattel has not attempted to demonstrate why responding to

24   this request and/or producing responsive documents presents any burden.  This

25   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

26   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

27   request is unduly burdensome must allege specific facts which indicate the nature

28   and extent of the burden, usually by affidavit or other reliable evidence.").

1   Moreover, it is not unduly burdensome, as noted above, in that the request is

2   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

3   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

4          This request does not seek documents protected by the attorney-client

5   privilege, the attorney work product doctrine, or other applicable privileges.  To the

6   extent that Mattel contends that it does, Mattel must provide a privilege log.

7          This request seeks relevant information.  Mattel identified Elias in its initial

8   disclosures an individual with discoverable knowledge regarding "MGA's theft of

9   Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56 (Mattel's

10  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7).  Accordingly, Mattel's

11  initial disclosures demonstrate the relevance of this request.  Further, this

12  information is relevant to, among other things, Mattel's trade secret defense,

13  MGA's claims of trade dress infringement, and MGA's affirmative defenses of

14  statute of limitations and laches.

15         Mattel's objection that the request seeks confidential, proprietary, and trade

16  secret information should be disregarded.  The parties have entered into a protective

17  order in this matter, which governs the handling of confidential business

18  information.  Further, Mattel has put its confidential business information at issue

19  in this litigation, including but not limited to its trade secret misappropriation claim.

20  Accordingly, it cannot resist discovery of confidential business information.

21         Finally, Mattel has improperly limited its agreement to produce to "the facts

22  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

23  the individual is identified as being knowledgeable about certain topics in Mattel's

24  initial disclosures, Mattel's obligation to produce does not end with the facts that it

25  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

26  information from the individual on the topics identified, regardless of whether it

27  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

28  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

1   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

2   MGA might be excluding documents that are responsive to the request based upon

3   its unilateral determination of what is 'relevant' or 'sufficient.'").

4       None of Mattel's improper objections are valid and Mattel is obligated to

5   produce all non-privileged responsive documents in its possession, custody, or

6   control.

7

8   **REQUEST FOR PRODUCTION NO. 235:**

9       All DOCUMENTS REFERRING OR RELATING TO Wendy Feinberg's

10  alleged knowledge of "[d]esign and development of Bratz and Bryant's work with

11  or for MGA during his Mattel employment," as alleged in MATTEL'S INITIAL

12  DISCLOSURES.

13      **RESPONSE TO REQUEST NO. 235:**

14      In addition to the general objections stated above which are incorporated

15  herein by reference, Mattel objects to this Request on the grounds that it is

16  overbroad, unduly burdensome and unintelligible, including in that it seeks all

17  documents on this subject without limitation as to time, and regardless of whether

18  such documents relate to products or matters at issue in this case. Mattel further

19  objects to the Request **on** the grounds that it seeks documents that are not relevant

20  to this action or likely to lead to the discovery of admissible evidence. Mattel

21  further objects to this Request on the grounds that it seeks confidential, proprietary

22  and trade secret information that has no bearing on the claims or defenses in this

23  case. Mattel further objects to this Request on the grounds that it calls for the

24  disclosure of information subject to the attorney-client privilege, the attorney work-

25  product doctrine and other applicable privileges.

26      **SUPPLEMENTAL RESPONSE TO REQUEST NO. 235:**

27      In addition to the general objections stated above which are incorporated

28  herein by reference, Mattel objects to this Request on the grounds that it is

overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Wendy Feinberg's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

OHS West:260723198

- 214 -

1  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

2  Generic objections that fail to explain the basis for an objection with specificity are

3  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

4  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

5  such as 'overly burdensome and harassing' are improper – especially when a party

6  fails to submit any evidentiary declarations supporting such objections").

7  Accordingly, Mattel must be compelled either to certify that it has produced all

8  non-privileged responsive documents or to produce all such documents by a date

9  certain.

10       To the extent that Mattel is relying on its blanket objections, they are not

11  sustainable and do not justify Mattel's failure to produce documents.

12       As to overbreadth, Mattel provides no explanation, let alone the required

13  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

14  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

15  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

16  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

17  custody, or control concerning Feingberg's alleged knowledge of "[d]esign and

18  development of Bratz and Bryant's work with or for MGA during his Mattel

19  employment."  This area of information is taken directly from Mattel's allegations

20  regarding Feinberg in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's

21  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7).

22       As to burden, Mattel has not attempted to demonstrate why responding to

23  this request and/or producing responsive documents presents any burden.  This

24  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

25  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

26  request is unduly burdensome must allege specific facts which indicate the nature

27  and extent of the burden, usually by affidavit or other reliable evidence.").

28  Moreover, it is not unduly burdensome, as noted above, in that the request is

1    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

2    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

3         This request does not seek documents protected by the attorney-client

4    privilege, the attorney work product doctrine, or other applicable privileges.  To the

5    extent that Mattel contends that it does, Mattel must provide a privilege log.

6         This request seeks relevant information.  Mattel identified Feinberg in its

7    initial disclosures an individual with discoverable knowledge regarding "[d]esign

8    and development of Bratz and Bryant's work with or for MGA during his Mattel

9    employment."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures,

10   dated Jan. 5, 2007, p. 7).  Accordingly, Mattel's initial disclosures demonstrate the

11   relevance of this request.  Further, this information is relevant to, among other

12   things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

13   and MGA's affirmative defenses of statute of limitations and laches.

14        Mattel's objection that the request seeks information within MGA's

15   possession, custody or control is nonsensical and lacks factual support.  Mattel

16   makes no argument, let alone a factual showing, that any documents in MGA's

17   possession are duplicative of documents within Mattel's control.  MGA is entitled

18   to discovery from Mattel of documents within its possession, custody, or control

19   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

20   a conclusory statement that MGA also possesses responsive documents.

21        Mattel's objection that the request seeks confidential, proprietary, and trade

22   secret information should be disregarded.  The parties have entered into a protective

23   order in this matter, which governs the handling of confidential business

24   information.  Further, Mattel has put its confidential business information at issue

25   in this litigation, including but not limited to its trade secret misappropriation claim.

26   Accordingly, it cannot resist discovery of confidential business information.

27        Finally, Mattel has improperly limited its agreement to produce to "the facts

28   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

1  the individual is identified as being knowledgeable about certain topics in Mattel's

2  initial disclosures, Mattel's obligation to produce does not end with the facts that it

3  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

4  information from the individual on the topics identified, regardless of whether it

5  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

6  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

7  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

8  MGA might be excluding documents that are responsive to the request based upon

9  its unilateral determination of what is 'relevant' or 'sufficient.'").

10  　　　None of Mattel's improper objections are valid and Mattel is obligated to

11  produce all non-privileged responsive documents in its possession, custody, or

12  control.

13

14  **REQUEST FOR PRODUCTION NO. 236:**

15  　　　All DOCUMENTS REFERRING OR RELATING TO Joseph B. Feldman's

16  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

17  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

18  DISCLOSURES.

19  　　　**RESPONSE TO REQUEST NO. 236:**

20  　　　In addition to the general objections stated above which are incorporated

21  herein by reference, Mattel objects to this Request on the grounds that it is

22  overbroad, unduly burdensome and unintelligible, including in that it seeks all

23  documents on this subject without limitation as to time, and regardless of whether

24  such documents relate to products or matters at issue in this case. Mattel further

25  objects to the Request on the grounds that it seeks documents that are not relevant

26  to this action or likely to lead to the discovery of admissible evidence. Mattel

27  further objects to this Request on the grounds that it seeks confidential, proprietary

28  and trade secret information that has no bearing on the claims or defenses in this

1   case. Mattel further objects to this Request on the grounds that it calls for the

2   disclosure of information subject to the attorney-client privilege, the attorney work-

3   product doctrine and other applicable privileges.

4   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 236:**

5   In addition to the general objections stated above which are incorporated

6   herein by reference, Mattel objects to this Request on the grounds that it is

7   overbroad, unduly burdensome and unintelligible, including in that it seeks all

8   documents on this subject without limitation as to time, and regardless of whether

9   such documents relate to products or matters at issue in this case. Mattel further

10  objects to the Request on the grounds that it seeks documents that are not relevant

11  to this action or likely to lead to the discovery of admissible evidence. Mattel

12  further objects to this Request on the grounds that it calls for documents or

13  information in the possession, custody or control of MGA, including without

14  limitation documents and information that MGA has been compelled by Court

15  orders to produce but has not produced. Mattel further objects to this Request on

16  the grounds that it seeks confidential, proprietary and trade secret information,

17  including such information that has no bearing on the claims or defenses in this

18  case. Mattel further objects to this Request on the grounds that it calls for the

19  disclosure of information subject to the attorney-client privilege, the attorney work-

20  product doctrine and other applicable privileges.

21  Subject to the foregoing objections, Mattel responds as follows: Mattel will

22  produce responsive, non-privileged documents relating to Joseph B. Feldman's

23  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

24  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

25  has been able to locate after a diligent search and reasonable inquiry, to the extent

26  not previously produced.

27

28

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Feldman's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA's business practices."  This area of information is taken directly from Mattel's allegations regarding Feldman in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7).

1    As to burden, Mattel has not attempted to demonstrate why responding to

2  this request and/or producing responsive documents presents any burden.  This

3  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.").

7  Moreover, it is not unduly burdensome, as noted above, in that the request is

8  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10    This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13    This request seeks relevant information.  Mattel identified Feldman in its

14  initial disclosures an individual with discoverable knowledge regarding "MGA's

15  access to Mattel's intellectual property and trade secrets" and "MGA business

16  practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

17  Jan. 5, 2007, p. 7).  Accordingly, Mattel's initial disclosures demonstrate the

18  relevance of this request.  Further, this information is relevant to, among other

19  things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

20  and MGA's affirmative defenses of statute of limitations and laches.

21    Mattel's objection that the request seeks information within MGA's

22  possession, custody or control is nonsensical and lacks factual support.  Mattel

23  makes no argument, let alone a factual showing, that any documents in MGA's

24  possession are duplicative of documents within Mattel's control.  MGA is entitled

25  to discovery from Mattel of documents within its possession, custody, or control

26  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

27  a conclusory statement that MGA also possesses responsive documents.

28

1    Mattel's objection that the request seeks confidential, proprietary, and trade

2    secret information should be disregarded.  The parties have entered into a protective

3    order in this matter, which governs the handling of confidential business

4    information.  Further, Mattel has put its confidential business information at issue

5    in this litigation, including but not limited to its trade secret misappropriation claim.

6    Accordingly, it cannot resist discovery of confidential business information.

7    Finally, Mattel has improperly limited its agreement to produce to "the facts

8    at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

9    the individual is identified as being knowledgeable about certain topics in Mattel's

10    initial disclosures, Mattel's obligation to produce does not end with the facts that it

11    has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

12    information from the individual on the topics identified, regardless of whether it

13    supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

14    Granting Mattel's Motion to Compel Production of Documents and Interrogatory

15    Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

16    MGA might be excluding documents that are responsive to the request based upon

17    its unilateral determination of what is 'relevant' or 'sufficient.'").

18    None of Mattel's improper objections are valid and Mattel is obligated to

19    produce all non-privileged responsive documents in its possession, custody, or

20    control.

21

22    **REQUEST FOR PRODUCTION NO. 237:**

23    All DOCUMENTS REFERRING OR RELATING TO Yeira Fierro's alleged

24    knowledge of "MGA's theft of Mattel's intellectual property and trade secrets," as

25    alleged in MATTEL'S INITIAL DISCLOSURES.

26    **RESPONSE TO REQUEST NO. 237:**

27    In addition to the general objections stated above which are incorporated

28    herein by reference, Mattel objects to this Request on the grounds that it is

1   overbroad, unduly burdensome and unintelligible, including in that it seeks all

2   documents on this subject without limitation as to time, and regardless of whether

3   such documents relate to products or matters at issue in this case. Mattel further

4   objects to the Request on the grounds that it seeks documents that are not relevant

5   to this action or likely to lead to the discovery of admissible evidence. Mattel

6   further objects to this Request on the grounds that it seeks confidential, proprietary

7   and trade secret information that has no bearing on the claims or defenses in this

8   case. Mattel further objects to this Request on the grounds that it calls for the

9   disclosure of information subject to the attorney-client privilege, the attorney work-

10  product doctrine and other applicable privileges.

11  ### SUPPLEMENTAL RESPONSE TO REQUEST NO. 237:

12      In addition to the general objections stated above which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it is

14  overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case. Mattel further

17  objects to the Request on the grounds that it seeks documents that are not relevant

18  to this action or likely to lead to the discovery of admissible evidence. Mattel

19  further objects to this Request on the grounds that it seeks confidential, proprietary

20  and trade secret information, including such information that has no bearing on the

21  claims or defenses in this case. Mattel further objects to this Request on the grounds

22  that it calls for the disclosure of information subject to the attorney-client privilege,

23  the attorney work-product doctrine and other applicable privileges.

24      Subject to the foregoing objections, Mattel responds as follows: Mattel will

25  produce responsive, non-privileged documents relating to Yeira Fierro's knowledge

26  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

27  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

28

OHS West:260723198                           - 222 -            SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
                                                                9049, SET THREE;  CV 04-9049 SGL (RNBx)

1  locate after a diligent search and reasonable inquiry, to the extent not previously

2  produced.

3

4  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

5

6  Mattel has improperly limited its agreement to produce documents in

7  response to this request, subject to its improper boilerplate objections.  Mattel has

8  refused to confirm whether or not it has produced all non-privileged responsive

9  documents or whether it is withholding documents based on its objections in Phase

10  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

11  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

12  Generic objections that fail to explain the basis for an objection with specificity are

13  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

14  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

15  such as 'overly burdensome and harassing' are improper – especially when a party

16  fails to submit any evidentiary declarations supporting such objections").

17  Accordingly, Mattel must be compelled either to certify that it has produced all

18  non-privileged responsive documents or to produce all such documents by a date

19  certain.

20  To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.

22  As to overbreadth, Mattel provides no explanation, let alone the required

23  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

24  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

27  custody, or control concerning Fierro's alleged knowledge of "MGA's theft of

28  Mattel's intellectual property and trade secrets."  This area of information is taken

                                    - 223 -       SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
                                                  9049, SET THREE;  CV 04-9049 SGL (RNBx)

1   directly from Mattel's allegations regarding Fierro in its initial disclosures.

2   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

3   2007, p. 7).

4       As to burden, Mattel has not attempted to demonstrate why responding to

5   this request and/or producing responsive documents presents any burden.  This

6   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8   request is unduly burdensome must allege specific facts which indicate the nature

9   and extent of the burden, usually by affidavit or other reliable evidence.").

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

12  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

13      This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges.  To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16      This request seeks relevant information.  Mattel identified Fierro in its initial

17  disclosures an individual with discoverable knowledge regarding "MGA's theft of

18  Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56 (Mattel's

19  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7).  Accordingly, Mattel's

20  initial disclosures demonstrate the relevance of this request.  Further, this

21  information is relevant to, among other things, Mattel's trade secret defense,

22  MGA's claims of trade dress infringement, and MGA's affirmative defenses of

23  statute of limitations and laches.

24      Mattel's objection that the request seeks confidential, proprietary, and trade

25  secret information should be disregarded.  The parties have entered into a protective

26  order in this matter, which governs the handling of confidential business

27  information.  Further, Mattel has put its confidential business information at issue

28

1   in this litigation, including but not limited to its trade secret misappropriation claim.

2   Accordingly, it cannot resist discovery of confidential business information.

3          Finally, Mattel has improperly limited its agreement to produce to "the facts

4   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

5   the individual is identified as being knowledgeable about certain topics in Mattel's

6   initial disclosures, Mattel's obligation to produce does not end with the facts that it

7   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

8   information from the individual on the topics identified, regardless of whether it

9   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

10  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

11  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

12  MGA might be excluding documents that are responsive to the request based upon

13  its unilateral determination of what is 'relevant' or 'sufficient.'").

14         None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession, custody, or

16  control.

17

18  **REQUEST FOR PRODUCTION NO. 238:**

19         All DOCUMENTS in Yeira Fierro's possession or control REFERRING OR

20  RELATING TO his alleged knowledge of "MGA's theft of Mattel's intellectual

21  property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

22         **RESPONSE TO REQUEST NO. 238:**

23         In addition to the general objections stated above which are incorporated

24  herein by reference, Mattel objects to this Request on the grounds that it is

25  overbroad, unduly burdensome and unintelligible, including in that it seeks all

26  documents on this subject without limitation as to time, and regardless of whether

27  such documents relate to products or matters at issue in this case. Mattel further

28  objects to the Request on the grounds that it seeks documents that are not relevant

1   to this action or likely to lead to the discovery of admissible evidence. Mattel

2   further objects to this Request on the grounds that it seeks confidential, proprietary

3   and trade secret information that has no bearing on the claims or defenses in this

4   case. Mattel further objects to this Request on the grounds that it calls for the

5   disclosure of information subject to the attorney-client privilege, the attorney work-

6   product doctrine and other applicable privileges.

7   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 238:**

8   In addition to the general objections stated above which are incorporated

9   herein by reference, Mattel objects to this Request on the grounds that it is

10  overbroad, unduly burdensome and unintelligible, including in that it seeks all

11  documents on this subject without limitation as to time, and regardless of whether

12  such documents relate to products or matters at issue in this case. Mattel further

13  objects to the Request on the grounds that it seeks documents that are not relevant

14  to this action or likely to lead to the discovery of admissible evidence. Mattel

15  further objects to this Request on the grounds that it seeks confidential, proprietary

16  and trade secret information, including such information that has no bearing on the

17  claims or defenses in this case. Mattel further objects to this Request on the grounds

18  that it calls for the disclosure of information subject to the attorney-client privilege,

19  the attorney work-product doctrine and other applicable privileges.

20  Subject to the foregoing objections, Mattel responds as follows: Mattel will

21  produce responsive, non-privileged documents relating to Yeira Fierro's knowledge

22  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

23  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

24  locate after a diligent search and reasonable inquiry, to the extent not previously

25  produced.

26

27

28

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Fierro's alleged knowledge of "MGA's theft of Mattel's intellectual property and trade secrets." This area of information is taken directly from Mattel's allegations regarding Fierro in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7).

1      As to burden, Mattel has not attempted to demonstrate why responding to

2  this request and/or producing responsive documents presents any burden.  This

3  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.").

7  Moreover, it is not unduly burdensome, as noted above, in that the request is

8  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10     This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13     This request seeks relevant information.  Mattel identified Fierro in its initial

14  disclosures an individual with discoverable knowledge regarding "MGA's theft of

15  Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56 (Mattel's

16  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7).  Accordingly, Mattel's

17  initial disclosures demonstrate the relevance of this request.  Further, this

18  information is relevant to, among other things, Mattel's trade secret defense,

19  MGA's claims of trade dress infringement, and MGA's affirmative defenses of

20  statute of limitations and laches.

21     Mattel's objection that the request seeks confidential, proprietary, and trade

22  secret information should be disregarded.  The parties have entered into a protective

23  order in this matter, which governs the handling of confidential business

24  information.  Further, Mattel has put its confidential business information at issue

25  in this litigation, including but not limited to its trade secret misappropriation claim.

26  Accordingly, it cannot resist discovery of confidential business information.

27     Finally, Mattel has improperly limited its agreement to produce to "the facts

28  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

1   the individual is identified as being knowledgeable about certain topics in Mattel's

2   initial disclosures, Mattel's obligation to produce does not end with the facts that it

3   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

4   information from the individual on the topics identified, regardless of whether it

5   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

6   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

7   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

8   MGA might be excluding documents that are responsive to the request based upon

9   its unilateral determination of what is 'relevant' or 'sufficient.'").

10      None of Mattel's improper objections are valid and Mattel is obligated to

11  produce all non-privileged responsive documents in its possession, custody, or

12  control.

13

14  **REQUEST FOR PRODUCTION NO. 239:**

15      All DOCUMENTS REFERRING OR RELATING TO Neil Friedman's

16  alleged knowledge of "Mattel's business operations and the development and

17  ownership of intellectual property at issue" and "TIA and Toy of the Year," as

18  alleged in MATTEL'S INITIAL DISCLOSURES.

19      **RESPONSE TO REQUEST NO. 239:**

20      In addition to the general objections stated above which are incorporated

21  herein by reference, Mattel objects to this Request on the grounds that it is

22  overbroad, unduly burdensome and unintelligible, including in that it seeks all

23  documents on this subject without limitation as to time, and regardless of whether

24  such documents relate to products or matters at issue in this case. Mattel further

25  objects to the Request on the grounds that it seeks documents that are not relevant

26  to this action or likely to lead to the discovery of admissible evidence. Mattel

27  further objects to this Request on the grounds that it seeks confidential, proprietary

28  and trade secret information, including such information that has no bearing on the

1   claims or defenses in this case. Mattel further objects to this Request on the grounds

2   that it calls for the disclosure of information subject to the attorney-client privilege,

3   the attorney work-product doctrine and other applicable privileges.

4        Subject to the foregoing objections, Mattel responds as follows: Mattel will

5   produce responsive, non-privileged documents relating to Neil Friedman's

6   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

7   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

8   has been able to locate after a diligent search and reasonable inquiry, to the extent

9   not previously produced.

10       **SUPPLEMENTAL RESPONSE TO REQUEST NO. 239:**

11       In addition to the general objections stated above which are incorporated

12   herein by reference, Mattel objects to this Request on the grounds that it is

13   overbroad, unduly burdensome and unintelligible, including in that it seeks all

14   documents on this subject without limitation as to time, and regardless of whether

15   such documents relate to products or matters at issue in this case. Mattel further

16   objects to the Request on the grounds that it seeks documents that are not relevant

17   to this action or likely to lead to the discovery of admissible evidence. Mattel

18   further objects to this Request on the grounds that it seeks confidential, proprietary

19   and trade secret information, including such information that has no bearing on the

20   claims or defenses in this case. Mattel further objects to this Request on the grounds

21   that it calls for the disclosure of information subject to the attorney-client privilege,

22   the attorney work-product doctrine and other applicable privileges.

23       Subject to the foregoing objections, Mattel responds as follows: Mattel will

24   produce responsive, non-privileged documents relating to Neil Friedman's

25   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

26   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

27   has been able to locate after a diligent search and reasonable inquiry, to the extent

28   not previously produced.

1   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

2

3       Mattel has improperly limited its agreement to produce documents in

4   response to this request, subject to its improper boilerplate objections.  Mattel has

5   refused to confirm whether or not it has produced all non-privileged responsive

6   documents or whether it is withholding documents based on its objections in Phase

7   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

8   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

9   Generic objections that fail to explain the basis for an objection with specificity are

10  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

11  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

12  such as 'overly burdensome and harassing' are improper – especially when a party

13  fails to submit any evidentiary declarations supporting such objections").

14  Accordingly, Mattel must be compelled either to certify that it has produced all

15  non-privileged responsive documents or to produce all such documents by a date

16  certain.

17      To the extent that Mattel is relying on its blanket objections, they are not

18  sustainable and do not justify Mattel's failure to produce documents.

19      As to overbreadth, Mattel provides no explanation, let alone the required

20  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

21  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

24  custody, or control concerning Friedman's alleged knowledge of "Mattel's business

25  operations and the development and ownership of intellectual property at issue" and

26  "TIA and Toy of the Year."  This area of information is taken directly from

27  Mattel's allegations regarding Friedman in its initial disclosures.  Rutowski Decl.

28  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7).

1    As to burden, Mattel has not attempted to demonstrate why responding to

2    this request and/or producing responsive documents presents any burden.  This

3    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5    request is unduly burdensome must allege specific facts which indicate the nature

6    and extent of the burden, usually by affidavit or other reliable evidence.").

7    Moreover, it is not unduly burdensome, as noted above, in that the request is

8    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10   This request does not seek documents protected by the attorney-client

11   privilege, the attorney work product doctrine, or other applicable privileges.  To the

12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13   This request seeks relevant information.  Mattel identified Friedman in its

14   initial disclosures an individual with discoverable knowledge regarding "Mattel's

15   business operations and the development and ownership of intellectual property at

16   issue" and "TIA and Toy of the Year."  Rutowski Decl. Ex. 56 (Mattel's

17   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7).  Accordingly, Mattel's

18   initial disclosures demonstrate the relevance of this request.    Further, this

19   information is relevant to, among other things, Mattel's trade secret defense,

20   MGA's claims of trade dress infringement, and MGA's unfair competition claims.

21   Mattel's objection that the request seeks confidential, proprietary, and trade

22   secret information should be disregarded.  The parties have entered into a protective

23   order in this matter, which governs the handling of confidential business

24   information.  Further, Mattel has put its confidential business information at issue

25   in this litigation, including but not limited to its trade secret misappropriation claim.

26   Accordingly, it cannot resist discovery of confidential business information.

27   Finally, Mattel has improperly limited its agreement to produce to "the facts

28   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

the individual is identified as being knowledgeable about certain topics in Mattel's initial disclosures, Mattel's obligation to produce does not end with the facts that it has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive information from the individual on the topics identified, regardless of whether it supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that MGA might be excluding documents that are responsive to the request based upon its unilateral determination of what is 'relevant' or 'sufficient.'").

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 240:**

All DOCUMENTS in Neil Friedman's possession or control REFERRING OR RELATING TO his alleged knowledge of "Mattel's business operations and the development and ownership of intellectual property at issue" and "TIA and Toy of the Year," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 240:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the

1   claims or defenses in this case. Mattel further objects to this Request on the grounds

2   that it calls for the disclosure of information subject to the attorney-client privilege,

3   the attorney work-product doctrine and other applicable privileges..

4       Subject to the foregoing objections, Mattel responds as follows: Mattel will

5   produce responsive, non-privileged documents relating to Neil Friedman's

6   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

7   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

8   has been able to locate after a diligent search and reasonable inquiry, to the extent

9   not previously produced.

10   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 240:**

11       In addition to the general objections stated above which are incorporated

12   herein by reference, Mattel objects to this Request on the grounds that it is

13   overbroad, unduly burdensome and unintelligible, including in that it seeks all

14   documents on this subject without limitation as to time, and regardless of whether

15   such documents relate to products or matters at issue in this case. Mattel further

16   objects to the Request on the grounds that it seeks documents that are not relevant

17   to this action or likely to lead to the discovery of admissible evidence. Mattel

18   further objects to this Request on the grounds that it seeks confidential, proprietary

19   and trade secret information, including such information that has no bearing on the

20   claims or defenses in this case. Mattel further objects to this Request on the grounds

21   that it calls for the disclosure of information subject to the attorney-client privilege,

22   the attorney work-product doctrine and other applicable privileges.

23       Subject to the foregoing objections, Mattel responds as follows: Mattel will

24   produce responsive, non-privileged documents relating to Neil Friedman's

25   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

26   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

27   has been able to locate after a diligent search and reasonable inquiry, to the extent

28   not previously produced.

1

2

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

3   Mattel has improperly limited its agreement to produce documents in

4   response to this request, subject to its improper boilerplate objections.  Mattel has

5   refused to confirm whether or not it has produced all non-privileged responsive

6   documents or whether it is withholding documents based on its objections in Phase

7   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

8   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

9   Generic objections that fail to explain the basis for an objection with specificity are

10  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

11  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

12  such as 'overly burdensome and harassing' are improper – especially when a party

13  fails to submit any evidentiary declarations supporting such objections").

14  Accordingly, Mattel must be compelled either to certify that it has produced all

15  non-privileged responsive documents or to produce all such documents by a date

16  certain.

17  To the extent that Mattel is relying on its blanket objections, they are not

18  sustainable and do not justify Mattel's failure to produce documents.

19  As to overbreadth, Mattel provides no explanation, let alone the required

20  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

21  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

24  custody, or control concerning Friedman's alleged knowledge of "Mattel's business

25  operations and the development and ownership of intellectual property at issue" and

26  "TIA and Toy of the Year."  This area of information is taken directly from

27  Mattel's allegations regarding Friedman in its initial disclosures.  Rutowski Decl.

28  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7).

- 235 -

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

This request seeks relevant information.  Mattel identified Friedman in its initial disclosures an individual with discoverable knowledge regarding "Mattel's business operations and the development and ownership of intellectual property at issue" and "TIA and Toy of the Year."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7).  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.  Further, this information is relevant to, among other things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and MGA's claims of unfair competition.

Mattel's objection that the request seeks confidential, proprietary, and trade secret information should be disregarded.  The parties have entered into a protective order in this matter, which governs the handling of confidential business information.  Further, Mattel has put its confidential business information at issue in this litigation, including but not limited to its trade secret misappropriation claim.  Accordingly, it cannot resist discovery of confidential business information.

Finally, Mattel has improperly limited its agreement to produce to "the facts at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that the individual is identified as being knowledgeable about certain topics in Mattel's initial disclosures, Mattel's obligation to produce does not end with the facts that it has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive information from the individual on the topics identified, regardless of whether it supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that MGA might be excluding documents that are responsive to the request based upon its unilateral determination of what is 'relevant' or 'sufficient.'").

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 241:**

All DOCUMENTS REFERRING OR RELATING TO Mia Maria Garcia's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 241:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel

1   further objects to this Request on the grounds that it calls for documents or

2   information in the possession, custody or control of MGA, including without

3   limitation documents and information that MGA has been compelled by Court

4   orders to produce but has not produced. Mattel further objects to this Request on

5   the grounds that it seeks confidential, proprietary and trade secret information,

6   including such information that has no bearing on the claims or defenses in this

7   case. Mattel further objects to this Request on the grounds that it calls for the

8   disclosure of information subject to the attorney-client privilege, the attorney work-

9   product doctrine and other applicable privileges.

10      Subject to the foregoing objections, Mattel responds as follows: Mattel will

11   produce responsive, non-privileged documents relating to Mia Maria Garcia's

12   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

13   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

14   has been able to locate after a diligent search and reasonable inquiry, to the extent

15   not previously produced.

16   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 241:**

17      In addition to the general objections stated above which are incorporated

18   herein by reference, Mattel objects to this Request on the grounds that it is

19   overbroad, unduly burdensome and unintelligible, including in that it seeks all

20   documents on this subject without limitation as to time, and regardless of whether

21   such documents relate to products or matters at issue in this case. Mattel further

22   objects to the Request on the grounds that it seeks documents that are not relevant

23   to this action or likely to lead to the discovery of admissible evidence. Mattel

24   further objects to this Request on the grounds that it calls for documents or

25   information in the possession, custody or control of MGA, including without

26   limitation documents and information that MGA has been compelled by Court

27   orders to produce but has not produced. Mattel further objects to this Request on

28   the grounds that it seeks confidential, proprietary and trade secret information,

1   including such information that has no bearing on the claims or defenses in this

2   case. Mattel further objects to this Request on the grounds that it calls for the

3   disclosure of information subject to the attorney-client privilege, the attorney work-

4   product doctrine and other applicable privileges.

5        Subject to the foregoing objections, Mattel responds as follows: Mattel will

6   produce responsive, non-privileged documents relating to Mia Maria Garcia's

7   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

8   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

9   has been able to locate after a diligent search and reasonable inquiry, to the extent

10  not previously produced.

11

12  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

13  **SHOULD BE COMPELLED**

14       Mattel has improperly limited its agreement to produce documents in

15  response to this request, subject to its improper boilerplate objections.  Mattel has

16  refused to confirm whether or not it has produced all non-privileged responsive

17  documents or whether it is withholding documents based on its objections in Phase

18  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

19  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

20  Generic objections that fail to explain the basis for an objection with specificity are

21  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

22  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

23  such as 'overly burdensome and harassing' are improper – especially when a party

24  fails to submit any evidentiary declarations supporting such objections").

25  Accordingly, Mattel must be compelled either to certify that it has produced all

26  non-privileged responsive documents or to produce all such documents by a date

27  certain.

28

1    To the extent that Mattel is relying on its blanket objections, they are not

2  sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required

4  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

8  custody, or control concerning Garcia's alleged knowledge of "MGA's access to

9  Mattel's intellectual property and trade secrets" and "MGA's business practices."

10  This area of information is taken directly from Mattel's allegations regarding

11  Garcia in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

12  Initial Disclosures, dated Jan. 5, 2007, p. 7).

13    As to burden, Mattel has not attempted to demonstrate why responding to

14  this request and/or producing responsive documents presents any burden.  This

15  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,

16  Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17  request is unduly burdensome must allege specific facts which indicate the nature

18  and extent of the burden, usually by affidavit or other reliable evidence.").

19  Moreover, it is not unduly burdensome, as noted above, in that the request is

20  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

21  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

22    This request does not seek documents protected by the attorney-client

23  privilege, the attorney work product doctrine, or other applicable privileges.  To the

24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25    This request seeks relevant information.  Mattel identified Garcia in its initial

26  disclosures an individual with discoverable knowledge regarding "MGA's access to

27  Mattel's intellectual property and trade secrets" and "MGA business practices."

28  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

2007, p. 7).  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.  Further, this information is relevant to, among other things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and MGA's affirmative defenses of statute of limitations and laches.

Mattel's objection that the request seeks information within MGA's possession, custody or control is nonsensical and lacks factual support.  Mattel makes no argument, let alone a factual showing, that any documents in MGA's possession are duplicative of documents within Mattel's control.  MGA is entitled to discovery from Mattel of documents within its possession, custody, or control that relate to the subject of this suit.  Mattel cannot avoid this obligation by making a conclusory statement that MGA also possesses responsive documents.

Mattel's objection that the request seeks confidential, proprietary, and trade secret information should be disregarded.  The parties have entered into a protective order in this matter, which governs the handling of confidential business information.  Further, Mattel has put its confidential business information at issue in this litigation, including but not limited to its trade secret misappropriation claim.  Accordingly, it cannot resist discovery of confidential business information.

Finally, Mattel has improperly limited its agreement to produce to "the facts at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that the individual is identified as being knowledgeable about certain topics in Mattel's initial disclosures, Mattel's obligation to produce does not end with the facts that it has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive information from the individual on the topics identified, regardless of whether it supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that MGA might be excluding documents that are responsive to the request based upon its unilateral determination of what is 'relevant' or 'sufficient.'").

- 241 -

1   None of Mattel's improper objections are valid and Mattel is obligated to

2   produce all non-privileged responsive documents in its possession, custody, or

3   control.

4

5   **REQUEST FOR PRODUCTION NO. 242:**

6   All DOCUMENTS REFERRING OR RELATING TO Kami

7   Gilimour¬Bryant's alleged knowledge of "MGA's access to Mattel's intellectual

8   property and trade secrets" and "MGA business practices," as alleged in

9   MATTEL'S INITIAL DISCLOSURES.

10   **RESPONSE TO REQUEST NO. 242:**

11   In addition to the general objections stated above which are incorporated

12   herein by reference, Mattel objects to this Request on the grounds that it is

13   overbroad, unduly burdensome and unintelligible, including in that it seeks all

14   documents on this subject without limitation as to time, and regardless of whether

15   such documents relate to products or matters at issue in this case. Mattel further

16   objects to the Request on the grounds that it seeks documents that are not relevant

17   to this action or likely to lead to the discovery of admissible evidence. Mattel

18   further objects to this Request on the grounds that it calls for documents or

19   information in the possession, custody or control of MGA and/or Bryant, including

20   without limitation documents and information that MGA and Bryant have been

21   compelled by Court orders to produce but have not produced. Mattel further objects

22   to this Request on the grounds that it seeks confidential, proprietary and trade secret

23   information, including such information that has no bearing on the claims or

24   defenses in this case. Mattel further objects to this Request on the grounds that it

25   calls for the disclosure of information subject to the attorney-client privilege, the

26   attorney work-product doctrine and other applicable privileges.

27   Subject to the foregoing objections, Mattel responds as follows: Mattel will

28   produce responsive, non-privileged documents relating to Kami Gillmour¬Bryant's

1  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

2  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

3  has been able to locate after a diligent search and reasonable inquiry, to the extent

4  not previously produced.

5  **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 242:</u>**

6  In addition to the general objections stated above which are incorporated

7  herein by reference, Mattel objects to this Request on the grounds that it is

8  overbroad, unduly burdensome and unintelligible, including in that it seeks all

9  documents on this subject without limitation as to time, and regardless of whether

10  such documents relate to products or matters at issue in this case. Mattel further

11  objects to the Request on the grounds that it seeks documents that are not relevant

12  to this action or likely to lead to the discovery of admissible evidence. Mattel

13  further objects to this Request on the grounds that it calls for documents or

14  information in the possession, custody or control of MGA and/or Bryant, including

15  without limitation documents and information that MGA and Bryant have been

16  compelled by Court orders to produce but have not produced. Mattel further objects

17  to this Request on the grounds that it seeks confidential, proprietary and trade secret

18  information, including such information that has no bearing on the claims or

19  defenses in this case. Mattel further objects to this Request on the grounds that it

20  calls for the disclosure of information subject to the attorney-client privilege, the

21  attorney work-product doctrine and other applicable privileges.

22  Subject to the foregoing objections, Mattel responds as follows: Mattel will

23  produce responsive, non-privileged documents relating to Kami Gillmour-Bryant's

24  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

25  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

26  has been able to locate after a diligent search and reasonable inquiry, to the extent

27  not previously produced.

28

1

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

2

3      Mattel has improperly limited its agreement to produce documents in

4   response to this request, subject to its improper boilerplate objections.  Mattel has

5   refused to confirm whether or not it has produced all non-privileged responsive

6   documents or whether it is withholding documents based on its objections in Phase

7   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

8   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

9   Generic objections that fail to explain the basis for an objection with specificity are

10   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

11   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

12   such as 'overly burdensome and harassing' are improper – especially when a party

13   fails to submit any evidentiary declarations supporting such objections").

14   Accordingly, Mattel must be compelled either to certify that it has produced all

15   non-privileged responsive documents or to produce all such documents by a date

16   certain.

17      To the extent that Mattel is relying on its blanket objections, they are not

18   sustainable and do not justify Mattel's failure to produce documents.

19      As to overbreadth, Mattel provides no explanation, let alone the required

20   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

21   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

24   custody, or control concerning Gillmour-Bryant's alleged knowledge of "MGA's

25   access to Mattel's intellectual property and trade secrets" and "MGA's business

26   practices."  This area of information is taken directly from Mattel's allegations

27   regarding Gillmour-Bryant in its initial disclosures.  Rutowski Decl. Ex. 56

28   (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7).

1      As to burden, Mattel has not attempted to demonstrate why responding to

2 this request and/or producing responsive documents presents any burden.  This

3 objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

4 <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5 request is unduly burdensome must allege specific facts which indicate the nature

6 and extent of the burden, usually by affidavit or other reliable evidence.").

7 Moreover, it is not unduly burdensome, as noted above, in that the request is

8 narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9 misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10      This request does not seek documents protected by the attorney-client

11 privilege, the attorney work product doctrine, or other applicable privileges.  To the

12 extent that Mattel contends that it does, Mattel must provide a privilege log.

13      This request seeks relevant information.  Mattel identified Gillmour-Bryant

14 in its initial disclosures an individual with discoverable knowledge regarding

15 "MGA's access to Mattel's intellectual property and trade secrets" and "MGA

16 business practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

17 Disclosures, dated Jan. 5, 2007, p. 7).  Accordingly, Mattel's initial disclosures

18 demonstrate the relevance of this request.  Further, this information is relevant to,

19 among other things, Mattel's trade secret defense, MGA's claims of trade dress

20 infringement, and MGA's affirmative defenses of statute of limitations and laches.

21      Mattel's objection that the request seeks information within MGA's

22 possession, custody or control is nonsensical and lacks factual support.  Mattel

23 makes no argument, let alone a factual showing, that any documents in MGA's

24 possession are duplicative of documents within Mattel's control.  MGA is entitled

25 to discovery from Mattel of documents within its possession, custody, or control

26 that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

27 a conclusory statement that MGA also possesses responsive documents.

28

1   Mattel's objection that the request seeks confidential, proprietary, and trade

2   secret information should be disregarded.  The parties have entered into a protective

3   order in this matter, which governs the handling of confidential business

4   information.  Further, Mattel has put its confidential business information at issue

5   in this litigation, including but not limited to its trade secret misappropriation claim.

6   Accordingly, it cannot resist discovery of confidential business information.

7   Finally, Mattel has improperly limited its agreement to produce to "the facts

8   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

9   the individual is identified as being knowledgeable about certain topics in Mattel's

10   initial disclosures, Mattel's obligation to produce does not end with the facts that it

11   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

12   information from the individual on the topics identified, regardless of whether it

13   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

14   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

15   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

16   MGA might be excluding documents that are responsive to the request based upon

17   its unilateral determination of what is 'relevant' or 'sufficient.'").

18   None of Mattel's improper objections are valid and Mattel is obligated to

19   produce all non-privileged responsive documents in its possession, custody, or

20   control.

21

22   **REQUEST FOR PRODUCTION NO. 243:**

23   All DOCUMENTS REFERRING OR RELATING TO Dana Goldstein's

24   alleged knowledge of "MGA's access to Mattel's intellectual property and trade

25   secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

26   DISCLOSURES.

27

28

**RESPONSE TO REQUEST NO. 243:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Dana Goldstein's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 243:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether

1   such documents relate to products or matters at issue in this case. Mattel further

2   objects to the Request on the grounds that it seeks documents that are not relevant

3   to this action or likely to lead to the discovery of admissible evidence. Mattel

4   further objects to this Request on the grounds that it calls for documents or

5   information in the possession, custody or control of MGA, including without

6   limitation documents and information that MGA has been compelled by Court

7   orders to produce but has not produced. Mattel further objects to this Request on

8   the grounds that it seeks confidential, proprietary and trade secret information,

9   including such information that has no bearing on the claims or defenses in this

10  case. Mattel further objects to this Request on the grounds that it calls for the

11  disclosure of information subject to the attorney-client privilege, the attorney work-

12  product doctrine and other applicable privileges.

13         Subject to the foregoing objections, Mattel responds as follows: Mattel will

14  produce responsive, non-privileged documents relating to Dana Goldstein's

15  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

16  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

17  has been able to locate after a diligent search and reasonable inquiry, to the extent

18  not previously produced.

19

20  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

21  **SHOULD BE COMPELLED**

22         Mattel has improperly limited its agreement to produce documents in

23  response to this request, subject to its improper boilerplate objections.  Mattel has

24  refused to confirm whether or not it has produced all non-privileged responsive

25  documents or whether it is withholding documents based on its objections in Phase

26  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

27  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

28  Generic objections that fail to explain the basis for an objection with specificity are

1   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

2   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

3   such as 'overly burdensome and harassing' are improper – especially when a party

4   fails to submit any evidentiary declarations supporting such objections").

5   Accordingly, Mattel must be compelled either to certify that it has produced all

6   non-privileged responsive documents or to produce all such documents by a date

7   certain.

8        To the extent that Mattel is relying on its blanket objections, they are not

9   sustainable and do not justify Mattel's failure to produce documents.

10       As to overbreadth, Mattel provides no explanation, let alone the required

11  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

12  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

13  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

15  custody, or control concerning Goldstein's alleged knowledge of "MGA's access to

16  Mattel's intellectual property and trade secrets" and "MGA's business practices."

17  This area of information is taken directly from Mattel's allegations regarding

18  Goldstein in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

19  Initial Disclosures, dated Jan. 5, 2007, p. 7).

20       As to burden, Mattel has not attempted to demonstrate why responding to

21  this request and/or producing responsive documents presents any burden.  This

22  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

23  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24  request is unduly burdensome must allege specific facts which indicate the nature

25  and extent of the burden, usually by affidavit or other reliable evidence.").

26  Moreover, it is not unduly burdensome, as noted above, in that the request is

27  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

28  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4        This request seeks relevant information.  Mattel identified Goldstein in its

5    initial disclosures an individual with discoverable knowledge regarding "MGA's

6    access to Mattel's intellectual property and trade secrets" and "MGA business

7    practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

8    Jan. 5, 2007, p. 7).  Accordingly, Mattel's initial disclosures demonstrate the

9    relevance of this request.  Further, this information is relevant to, among other

10   things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

11   and MGA's affirmative defenses of statute of limitations and laches.

12       Mattel's objection that the request seeks information within MGA's

13   possession, custody or control is nonsensical and lacks factual support.  Mattel

14   makes no argument, let alone a factual showing, that any documents in MGA's

15   possession are duplicative of documents within Mattel's control.  MGA is entitled

16   to discovery from Mattel of documents within its possession, custody, or control

17   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

18   a conclusory statement that MGA also possesses responsive documents.

19       Mattel's objection that the request seeks confidential, proprietary, and trade

20   secret information should be disregarded.  The parties have entered into a protective

21   order in this matter, which governs the handling of confidential business

22   information.  Further, Mattel has put its confidential business information at issue

23   in this litigation, including but not limited to its trade secret misappropriation claim.

24   Accordingly, it cannot resist discovery of confidential business information.

25       Finally, Mattel has improperly limited its agreement to produce to "the facts

26   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

27   the individual is identified as being knowledgeable about certain topics in Mattel's

28   initial disclosures, Mattel's obligation to produce does not end with the facts that it

1   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

2   information from the individual on the topics identified, regardless of whether it

3   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

4   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

5   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

6   MGA might be excluding documents that are responsive to the request based upon

7   its unilateral determination of what is 'relevant' or 'sufficient.'").

8          None of Mattel's improper objections are valid and Mattel is obligated to

9   produce all non-privileged responsive documents in its possession, custody, or

10  control.

11

12  **REQUEST FOR PRODUCTION NO. 244:**

13         All DOCUMENTS REFERRING OR RELATING TO Carlos Gustavo

14  Machado Gomez's alleged knowledge of "MGA's theft of Mattel's intellectual

15  property and trade secrets" and "MGA business practices," as alleged in

16  MATTEL'S INITIAL DISCLOSURES.

17         **RESPONSE TO REQUEST NO. 244:**

18         In addition to the general objections stated above which are incorporated

19  herein by reference, Mattel objects to this Request on the grounds that it is

20  overbroad, unduly burdensome and unintelligible, including in that it seeks all

21  documents on this subject without limitation as to time, and regardless of whether

22  such documents relate to products or matters at issue in this case. Mattel further

23  objects to the Request on the grounds that it seeks documents that are not relevant

24  to this action or likely to lead to the discovery of admissible evidence. Mattel

25  further objects to this Request on the grounds that it calls for documents or

26  information in the possession, custody or control of MGA, including without

27  limitation documents and information that MGA has been compelled by Court

28  orders to produce but has not produced. Mattel further objects to this Request on

1  the grounds that it seeks confidential, proprietary and trade secret information,

2  including such information that has no bearing on the claims or defenses in this

3  case. Mattel further objects to this Request on the grounds that it calls for the

4  disclosure of information subject to the attorney-client privilege, the attorney work-

5  product doctrine and other applicable privileges.

6      Subject to the foregoing objections, Mattel responds as follows: Mattel will

7  produce responsive, non-privileged documents relating to Carlos Gustavo Machado

8  Gomez's knowledge of the facts at issue in this litigation as alleged in Mattel's

9  Initial Disclosures that are in Mattel's possession, custody, or control, if any, that

10  Mattel has been able to locate after a diligent search and reasonable inquiry, to the

11  extent not previously produced.

12  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 244:**

13      In addition to the general objections stated above which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is

15  overbroad, unduly burdensome and unintelligible, including in that it seeks all

16  documents on this subject without limitation as to time, and regardless of whether

17  such documents relate to products or matters at issue in this case. Mattel further

18  objects to the Request on the grounds that it seeks documents that are not relevant

19  to this action or likely to lead to the discovery of admissible evidence. Mattel

20  further objects to this Request on the grounds that it calls for documents or

21  information in the possession, custody or control of MGA, including without

22  limitation documents and information that MGA has been compelled by Court

23  orders to produce but has not produced. Mattel further objects to this Request on

24  the grounds that it seeks confidential, proprietary and trade secret information,

25  including such information that has no bearing on the claims or defenses in this

26  case. Mattel further objects to this Request on the grounds that it calls for the

27  disclosure of information subject to the attorney-client privilege, the attorney work-

28  product doctrine and other applicable privileges.

1    Subject to the foregoing objections, Mattel responds as follows: Mattel ill

2    produce responsive, non-privileged documents relating to Carlos Gustavo Machado

3    Gomez's knowledge of the facts at issue in this litigation as alleged in Mattel's

4    Initial Disclosures that are in Mattel's possession, custody, or control, if any, that

5    Mattel has been able to locate after a diligent search and reasonable inquiry, to the

6    extent not previously produced.

7

8    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

9

10   Mattel has improperly limited its agreement to produce documents in

11   response to this request, subject to its improper boilerplate objections.  Mattel has

12   refused to confirm whether or not it has produced all non-privileged responsive

13   documents or whether it is withholding documents based on its objections in Phase

14   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

15   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

16   Generic objections that fail to explain the basis for an objection with specificity are

17   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

18   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

19   such as 'overly burdensome and harassing' are improper – especially when a party

20   fails to submit any evidentiary declarations supporting such objections").

21   Accordingly, Mattel must be compelled either to certify that it has produced all

22   non-privileged responsive documents or to produce all such documents by a date

23   certain.

24   To the extent that Mattel is relying on its blanket objections, they are not

25   sustainable and do not justify Mattel's failure to produce documents.

26   As to overbreadth, Mattel provides no explanation, let alone the required

27   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

28   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

1    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2    contrary, the request is narrowly tailored to seek documents in Mattel's possession,

3    custody, or control concerning Gomez's alleged knowledge of "MGA's theft of

4    Mattel's intellectual property and trade secrets" and "MGA's business practices."

5    This area of information is taken directly from Mattel's allegations regarding

6    Gomez in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

7    Initial Disclosures, dated Jan. 5, 2007, p. 7).

8          As to burden, Mattel has not attempted to demonstrate why responding to

9    this request and/or producing responsive documents presents any burden.  This

10   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

11   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12   request is unduly burdensome must allege specific facts which indicate the nature

13   and extent of the burden, usually by affidavit or other reliable evidence.").

14   Moreover, it is not unduly burdensome, as noted above, in that the request is

15   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

16   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

17         This request does not seek documents protected by the attorney-client

18   privilege, the attorney work product doctrine, or other applicable privileges.  To the

19   extent that Mattel contends that it does, Mattel must provide a privilege log.

20         This request seeks relevant information.  Mattel identified Gomez in its

21   initial disclosures an individual with discoverable knowledge regarding "MGA's

22   theft of Mattel's intellectual property and trade secrets" and "MGA business

23   practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

24   Jan. 5, 2007, p. 7).  Accordingly, Mattel's initial disclosures demonstrate the

25   relevance of this request.  Further, this information is relevant to, among other

26   things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

27   and MGA's affirmative defenses of statute of limitations and laches.

28

1    Mattel's objection that the request seeks information within MGA's

2    possession, custody or control is nonsensical and lacks factual support.  Mattel

3    makes no argument, let alone a factual showing, that any documents in MGA's

4    possession are duplicative of documents within Mattel's control.  MGA is entitled

5    to discovery from Mattel of documents within its possession, custody, or control

6    that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

7    a conclusory statement that MGA also possesses responsive documents.

8    Mattel's objection that the request seeks confidential, proprietary, and trade

9    secret information should be disregarded.  The parties have entered into a protective

10   order in this matter, which governs the handling of confidential business

11   information.  Further, Mattel has put its confidential business information at issue

12   in this litigation, including but not limited to its trade secret misappropriation claim.

13   Accordingly, it cannot resist discovery of confidential business information.

14   Finally, Mattel has improperly limited its agreement to produce to "the facts

15   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

16   the individual is identified as being knowledgeable about certain topics in Mattel's

17   initial disclosures, Mattel's obligation to produce does not end with the facts that it

18   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

19   information from the individual on the topics identified, regardless of whether it

20   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

21   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

22   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

23   MGA might be excluding documents that are responsive to the request based upon

24   its unilateral determination of what is 'relevant' or 'sufficient.'").

25   None of Mattel's improper objections are valid and Mattel is obligated to

26   produce all non-privileged responsive documents in its possession, custody, or

27   control.

28

**REQUEST FOR PRODUCTION NO. 245:**

All DOCUMENTS REFERRING OR RELATING TO Jean Gomez's alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 245:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Jean Gomez's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 245:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether

OHS West:260723198

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET THREE;  CV 04-9049 SGL (RNBx)

1   such documents relate to products or matters at issue in this case. Mattel further

2   objects to the Request on the grounds that it seeks documents that are not relevant

3   to this action or likely to lead to the discovery of admissible evidence. Mattel

4   further objects to this Request on the grounds that it seeks confidential, proprietary

5   and trade secret information, including such information that has no bearing on the

6   claims or defenses in this case. Mattel further objects to this Request on the grounds

7   that it calls for the disclosure of information subject to the attorney-client privilege,

8   the attorney work-product doctrine and other applicable privileges.

9        Subject to the foregoing objections, Mattel responds as follows: Mattel will

10  produce responsive, non-privileged documents relating to Jean Gomez's knowledge

11  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

12  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

13  locate after a diligent search and reasonable inquiry, to the extent not previously

14  produced.

15

16  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

17

18       Mattel has improperly limited its agreement to produce documents in

19  response to this request, subject to its improper boilerplate objections.  Mattel has

20  refused to confirm whether or not it has produced all non-privileged responsive

21  documents or whether it is withholding documents based on its objections in Phase

22  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

23  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

24  Generic objections that fail to explain the basis for an objection with specificity are

25  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

26  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

27  such as 'overly burdensome and harassing' are improper – especially when a party

28  fails to submit any evidentiary declarations supporting such objections").

1   Accordingly, Mattel must be compelled either to certify that it has produced all

2   non-privileged responsive documents or to produce all such documents by a date

3   certain.

4        To the extent that Mattel is relying on its blanket objections, they are not

5   sustainable and do not justify Mattel's failure to produce documents.

6        As to overbreadth, Mattel provides no explanation, let alone the required

7   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

11  custody, or control concerning Gomez's alleged knowledge of "[t]he development

12  and ownership of intellectual property at issue."  This area of information is taken

13  directly from Mattel's allegations regarding Gomez in its initial disclosures.

14  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

15  2007, p. 7).

16       As to burden, Mattel has not attempted to demonstrate why responding to

17  this request and/or producing responsive documents presents any burden.  This

18  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

19  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20  request is unduly burdensome must allege specific facts which indicate the nature

21  and extent of the burden, usually by affidavit or other reliable evidence.").

22  Moreover, it is not unduly burdensome, as noted above, in that the request is

23  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

24  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

25       This request does not seek documents protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges.  To the

27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1      This request seeks relevant information.  Mattel identified Gomez in its

2  initial disclosures an individual with discoverable knowledge regarding "[t]he

3  development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

4  56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7).

5  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

6  Further, this information is relevant to, among other things, Mattel's trade secret

7  defense and MGA's claims of trade dress infringement.

8      Mattel's objection that the request seeks confidential, proprietary, and trade

9  secret information should be disregarded.  The parties have entered into a protective

10  order in this matter, which governs the handling of confidential business

11  information.  Further, Mattel has put its confidential business information at issue

12  in this litigation, including but not limited to its trade secret misappropriation claim.

13  Accordingly, it cannot resist discovery of confidential business information.

14      Finally, Mattel has improperly limited its agreement to produce to "the facts

15  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

16  the individual is identified as being knowledgeable about certain topics in Mattel's

17  initial disclosures, Mattel's obligation to produce does not end with the facts that it

18  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

19  information from the individual on the topics identified, regardless of whether it

20  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

21  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

22  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

23  MGA might be excluding documents that are responsive to the request based upon

24  its unilateral determination of what is 'relevant' or 'sufficient.'").

25      None of Mattel's improper objections are valid and Mattel is obligated to

26  produce all non-privileged responsive documents in its possession, custody, or

27  control.

28

**REQUEST FOR PRODUCTION NO. 246:**

All DOCUMENTS in Jean Gomez's possession or control REFERRING OR RELATING TO her alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 246:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Jean Gomez's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 246:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether

1   such documents relate to products or matters at issue in this case. Mattel further

2   objects to the Request on the grounds that it seeks documents that are not relevant

3   to this action or likely to lead to the discovery of admissible evidence. Mattel

4   further objects to this Request on the grounds that it seeks confidential, proprietary

5   and trade secret information, including such information that has no bearing on the

6   claims or defenses in this case. Mattel further objects to this Request on the grounds

7   that it calls for the disclosure of information subject to the attorney-client privilege,

8   the attorney work-product doctrine and other applicable privileges.

9       Subject to the foregoing objections, Mattel responds as follows: Mattel will

10   produce responsive, non-privileged documents relating to Jean Gomez's knowledge

11   of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

12   are in Mattel's possession, custody, or control, if any, that Mattel has been able to

13   locate after a diligent search and reasonable inquiry, to the extent not previously

14   produced.

15

16   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

17   **SHOULD BE COMPELLED**

18       Mattel has improperly limited its agreement to produce documents in

19   response to this request, subject to its improper boilerplate objections.  Mattel has

20   refused to confirm whether or not it has produced all non-privileged responsive

21   documents or whether it is withholding documents based on its objections in Phase

22   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

23   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

24   Generic objections that fail to explain the basis for an objection with specificity are

25   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

26   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

27   such as 'overly burdensome and harassing' are improper – especially when a party

28   fails to submit any evidentiary declarations supporting such objections").

1   Accordingly, Mattel must be compelled either to certify that it has produced all

2   non-privileged responsive documents or to produce all such documents by a date

3   certain.

4        To the extent that Mattel is relying on its blanket objections, they are not

5   sustainable and do not justify Mattel's failure to produce documents.

6        As to overbreadth, Mattel provides no explanation, let alone the required

7   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

11  custody, or control concerning Gomez's alleged knowledge of "[t]he development

12  and ownership of intellectual property at issue."  This area of information is taken

13  directly from Mattel's allegations regarding Gomez in its initial disclosures.

14  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

15  2007, p. 7).

16       As to burden, Mattel has not attempted to demonstrate why responding to

17  this request and/or producing responsive documents presents any burden.  This

18  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

19  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20  request is unduly burdensome must allege specific facts which indicate the nature

21  and extent of the burden, usually by affidavit or other reliable evidence.").

22  Moreover, it is not unduly burdensome, as noted above, in that the request is

23  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

24  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

25       This request does not seek documents protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges.  To the

27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1    This request seeks relevant information.  Mattel identified Gomez in its

2  initial disclosures an individual with discoverable knowledge regarding "[t]he

3  development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

4  56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 7).

5  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

6  Further, this information is relevant to, among other things, Mattel's trade secret

7  defense and MGA's claims of trade dress infringement.

8    Mattel's objection that the request seeks confidential, proprietary, and trade

9  secret information should be disregarded.  The parties have entered into a protective

10  order in this matter, which governs the handling of confidential business

11  information.  Further, Mattel has put its confidential business information at issue

12  in this litigation, including but not limited to its trade secret misappropriation claim.

13  Accordingly, it cannot resist discovery of confidential business information.

14    Finally, Mattel has improperly limited its agreement to produce to "the facts

15  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

16  the individual is identified as being knowledgeable about certain topics in Mattel's

17  initial disclosures, Mattel's obligation to produce does not end with the facts that it

18  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

19  information from the individual on the topics identified, regardless of whether it

20  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

21  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

22  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

23  MGA might be excluding documents that are responsive to the request based upon

24  its unilateral determination of what is 'relevant' or 'sufficient.'").

25    None of Mattel's improper objections are valid and Mattel is obligated to

26  produce all non-privileged responsive documents in its possession, custody, or

27  control.

28

1    **REQUEST FOR PRODUCTION NO. 247:**

2         All DOCUMENTS REFERRING OR RELATING TO Joanne Green's

3    alleged knowledge of "[t]he development and ownership of intellectual property at

4    issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

5         **RESPONSE TO REQUEST NO. 247:**

6         In addition to the general objections stated above which are incorporated

7    herein by reference, Mattel objects to this Request on the grounds that it is

8    overbroad, unduly burdensome and unintelligible, including in that it seeks all

9    documents on this subject without limitation as to time, and regardless of whether

10   such documents relate to products or matters at issue in this case. Mattel further

11   objects to the Request on the grounds that it seeks documents that are not relevant

12   to this action or likely to lead to the discovery of admissible evidence. Mattel

13   further objects to this Request on the grounds that it seeks confidential, proprietary

14   and trade secret information, including such information that has no bearing on the

15   claims or defenses in this case. Mattel further objects to this Request on the grounds

16   that it calls for the disclosure of information subject to the attorney-client privilege,

17   the attorney work-product doctrine and other applicable privileges.

18        Subject to the foregoing objections, Mattel responds as follows: Mattel will

19   produce responsive, non-privileged documents relating to Joanne Green's

20   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

21   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

22   has been able to locate after a diligent search and reasonable inquiry, to the extent

23   not previously produced.

24        **SUPPLEMENTAL RESPONSE TO REQUEST NO. 247:**

25        In addition to the general objections stated above which are incorporated

26   herein by reference, Mattel objects to this Request on the grounds that it is

27   overbroad, unduly burdensome and unintelligible, including in that it seeks all

28   documents on this subject without limitation as to time, and regardless of whether

such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Joanne Green's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").

1    Accordingly, Mattel must be compelled either to certify that it has produced all

2    non-privileged responsive documents or to produce all such documents by a date

3    certain.

4           To the extent that Mattel is relying on its blanket objections, they are not

5    sustainable and do not justify Mattel's failure to produce documents.

6           As to overbreadth, Mattel provides no explanation, let alone the required

7    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

11   custody, or control concerning Green's alleged knowledge of "[t]he development

12   and ownership of intellectual property at issue."  This area of information is taken

13   directly from Mattel's allegations regarding Green in its initial disclosures.

14   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

15   2007, p. 8).

16          As to burden, Mattel has not attempted to demonstrate why responding to

17   this request and/or producing responsive documents presents any burden.  This

18   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

19   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20   request is unduly burdensome must allege specific facts which indicate the nature

21   and extent of the burden, usually by affidavit or other reliable evidence.").

22   Moreover, it is not unduly burdensome, as noted above, in that the request is

23   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

24   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

25          This request does not seek documents protected by the attorney-client

26   privilege, the attorney work product doctrine, or other applicable privileges.  To the

27   extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1    This request seeks relevant information.  Mattel identified Green in its initial

2    disclosures an individual with discoverable knowledge regarding "[t]he

3    development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

4    56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 8).

5    Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

6    Further, this information is relevant to, among other things, Mattel's trade secret

7    defense and MGA's claims of trade dress infringement.

8    Mattel's objection that the request seeks confidential, proprietary, and trade

9    secret information should be disregarded.  The parties have entered into a protective

10   order in this matter, which governs the handling of confidential business

11   information.  Further, Mattel has put its confidential business information at issue

12   in this litigation, including but not limited to its trade secret misappropriation claim.

13   Accordingly, it cannot resist discovery of confidential business information.

14   Finally, Mattel has improperly limited its agreement to produce to "the facts

15   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

16   the individual is identified as being knowledgeable about certain topics in Mattel's

17   initial disclosures, Mattel's obligation to produce does not end with the facts that it

18   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

19   information from the individual on the topics identified, regardless of whether it

20   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

21   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

22   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

23   MGA might be excluding documents that are responsive to the request based upon

24   its unilateral determination of what is 'relevant' or 'sufficient.'").

25   None of Mattel's improper objections are valid and Mattel is obligated to

26   produce all non-privileged responsive documents in its possession, custody, or

27   control.

28

**REQUEST FOR PRODUCTION NO. 248:**

All DOCUMENTS in Joanne Green's possession or control REFERRING OR RELATING TO her alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 248:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Joanne Green's knowledge of the facts at issue in this litigation as alleged in Mattel's. Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 248:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

1   documents on this subject without limitation as to time, and regardless of whether

2   such documents relate to products or matters at issue in this case. Mattel further

3   objects to the Request on the grounds that it seeks documents that are not relevant

4   to this action or likely to lead to the discovery of admissible evidence. Mattel

5   further objects to this Request on the grounds that it seeks confidential, proprietary

6   and trade secret information, including such information that has no bearing on the

7   claims or defenses in this. case. Mattel further objects to this Request on the

8   grounds that it calls for the disclosure of information subject to the attorney-client

9   privilege, the attorney work-product doctrine and other applicable privileges.

10       Subject to the foregoing objections, Mattel responds as follows: Mattel will

11   produce responsive, non-privileged documents relating to Joanne Green's

12   knowledge of the facts at issue in this litigation as alleged in Mattel's. Initial

13   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

14   has been able to locate after a diligent search and reasonable inquiry, to the extent

15   not previously produced.

16

17   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**

18

19       Mattel has improperly limited its agreement to produce documents in

20   response to this request, subject to its improper boilerplate objections.  Mattel has

21   refused to confirm whether or not it has produced all non-privileged responsive

22   documents or whether it is withholding documents based on its objections in Phase

23   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

24   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

25   Generic objections that fail to explain the basis for an objection with specificity are

26   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

27   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

28   such as 'overly burdensome and harassing' are improper – especially when a party

1 fails to submit any evidentiary declarations supporting such objections").

2 Accordingly, Mattel must be compelled either to certify that it has produced all

3 non-privileged responsive documents or to produce all such documents by a date

4 certain.

5   To the extent that Mattel is relying on its blanket objections, they are not

6 sustainable and do not justify Mattel's failure to produce documents.

7   As to overbreadth, Mattel provides no explanation, let alone the required

8 particularity, as to *why* this request is supposedly overly broad, nor can it do so.

9 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

11 contrary, the request is narrowly tailored to seek documents in Mattel's possession,

12 custody, or control concerning Green's alleged knowledge of "[t]he development

13 and ownership of intellectual property at issue."  This area of information is taken

14 directly from Mattel's allegations regarding Green in its initial disclosures.

15 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

16 2007, p. 8).

17   As to burden, Mattel has not attempted to demonstrate why responding to

18 this request and/or producing responsive documents presents any burden.  This

19 objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

20 <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21 request is unduly burdensome must allege specific facts which indicate the nature

22 and extent of the burden, usually by affidavit or other reliable evidence.").

23 Moreover, it is not unduly burdensome, as noted above, in that the request is

24 narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

25 misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

26   This request does not seek documents protected by the attorney-client

27 privilege, the attorney work product doctrine, or other applicable privileges.  To the

28 extent that Mattel contends that it does, Mattel must provide a privilege log.

1      This request seeks relevant information.  Mattel identified Green in its initial

2  disclosures an individual with discoverable knowledge regarding "[t]he

3  development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

4  56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 8).

5  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

6  Further, this information is relevant to, among other things, Mattel's trade secret

7  defense and MGA's claims of trade dress infringement.

8      Mattel's objection that the request seeks confidential, proprietary, and trade

9  secret information should be disregarded.  The parties have entered into a protective

10  order in this matter, which governs the handling of confidential business

11  information.  Further, Mattel has put its confidential business information at issue

12  in this litigation, including but not limited to its trade secret misappropriation claim.

13  Accordingly, it cannot resist discovery of confidential business information.

14      Finally, Mattel has improperly limited its agreement to produce to "the facts

15  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

16  the individual is identified as being knowledgeable about certain topics in Mattel's

17  initial disclosures, Mattel's obligation to produce does not end with the facts that it

18  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

19  information from the individual on the topics identified, regardless of whether it

20  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

21  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

22  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

23  MGA might be excluding documents that are responsive to the request based upon

24  its unilateral determination of what is 'relevant' or 'sufficient.'").

25      None of Mattel's improper objections are valid and Mattel is obligated to

26  produce all non-privileged responsive documents in its possession, custody, or

27  control.

28

1   **REQUEST FOR PRODUCTION NO. 249:**

2       All DOCUMENTS REFERRING OR RELATING TO Sarah Halpern's

3   alleged knowledge of "MGA's access to Mattel's intellectual property and trade

4   secrets," "design and development of Bratz and Bryant's work with or for MGA

5   during his Mattel employment," and "Bryant's breach of obligations to Mattel," as

6   alleged in MATTEL'S INITIAL DISCLOSURES.

7       **RESPONSE TO REQUEST NO. 249:**

8       In addition to the general objections stated above which are incorporated

9   herein by reference, Mattel objects to this Request on the grounds that it is

10   overbroad, unduly burdensome and unintelligible, including in that it seeks all

11   documents on this subject without limitation as to time, and regardless of whether

12   such documents relate to products or matters at issue in this case. Mattel further

13   objects to the Request on the grounds that it seeks documents that are not relevant

14   to this action or likely to lead to the discovery of admissible evidence. Mattel

15   further objects to this Request on the grounds that it calls for documents or

16   information in the possession, custody or control of MGA, including without

17   limitation documents and information that MGA has been compelled by Court

18   orders to produce but has not produced. Mattel further objects to this Request on

19   the grounds that it seeks confidential, proprietary and trade secret information,

20   including such information that has no bearing on the claims or defenses in this

21   case. Mattel further objects to this Request on the grounds that it calls for the

22   disclosure of information subject to the attorney-client privilege, the attorney work-

23   product doctrine and other applicable privileges.

24       Subject to the foregoing objections, Mattel responds as follows: Mattel will

25   produce responsive, non-privileged documents relating to Sarah Halpern's

26   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

27   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

28

- 272 -

1   has been able to locate after a diligent search and reasonable inquiry, to the extent

2   not previously produced.

3   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 249:**

4   In addition to the general objections stated above which are incorporated

5   herein by reference, Mattel objects to this Request on the grounds that it is

6   overbroad, unduly burdensome and unintelligible, including in that it seeks all

7   documents on this subject without limitation as to time, and regardless of whether

8   such documents relate to products or matters at issue in this case. Mattel further

9   objects to the Request on the grounds that it seeks documents that are not relevant

10  to this action or likely to lead to the discovery of admissible evidence. Mattel

11  further objects to this Request on the grounds that it calls for documents or

12  information in the possession, custody or control of MGA, including without

13  limitation documents and information that MGA has been compelled by Court

14  orders to produce but has not produced. Mattel further objects to this Request on

15  the grounds that it seeks confidential, proprietary and trade secret information,

16  including such information that has no bearing on the claims or defenses in this

17  case. Mattel further objects to this Request on the grounds that it calls for the

18  disclosure of information subject to the attorney-client privilege, the attorney work-

19  product doctrine and other applicable privileges.

20  Subject to the foregoing objections, Mattel responds as follows: Mattel will

21  produce responsive, non-privileged documents relating to Sarah Halpern's

22  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

23  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

24  has been able to locate after a diligent search and reasonable inquiry, to the extent

25  not previously produced.

26

27

28

1

2

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

3    Mattel has improperly limited its agreement to produce documents in

4 response to this request, subject to its improper boilerplate objections.  Mattel has

5 refused to confirm whether or not it has produced all non-privileged responsive

6 documents or whether it is withholding documents based on its objections in Phase

7 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

8 must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

9 Generic objections that fail to explain the basis for an objection with specificity are

10 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

11 Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

12 such as 'overly burdensome and harassing' are improper – especially when a party

13 fails to submit any evidentiary declarations supporting such objections").

14 Accordingly, Mattel must be compelled either to certify that it has produced all

15 non-privileged responsive documents or to produce all such documents by a date

16 certain.

17    To the extent that Mattel is relying on its blanket objections, they are not

18 sustainable and do not justify Mattel's failure to produce documents.

19    As to overbreadth, Mattel provides no explanation, let alone the required

20 particularity, as to *why* this request is supposedly overly broad, nor can it do so.

21 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23 contrary, the request is narrowly tailored to seek documents in Mattel's possession,

24 custody, or control concerning Halpern's alleged knowledge of "MGA's access to

25 Mattel's intellectual property and trade secrets," "design and development of Bratz

26 and Bryant's work with or for MGA during his Mattel employment," and "Bryant's

27 breach of obligations to Mattel."  This area of information is taken directly from

28

1   Mattel's allegations regarding Halpern in its initial disclosures.  Rutowski Decl. Ex.

2   56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 8).

3        As to burden, Mattel has not attempted to demonstrate why responding to

4   this request and/or producing responsive documents presents any burden.  This

5   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

6   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7   request is unduly burdensome must allege specific facts which indicate the nature

8   and extent of the burden, usually by affidavit or other reliable evidence.").

9   Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

11  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

12       This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges.  To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15       This request seeks relevant information.  Mattel identified Halpern in its

16  initial disclosures an individual with discoverable knowledge regarding "MGA's

17  access to Mattel's intellectual property and trade secrets," "design and development

18  of Bratz and Bryant's work with or for MGA during his Mattel employment," and

19  "Bryant's breach of obligations to Mattel."  Rutowski Decl. Ex. 56 (Mattel's

20  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 8).  Accordingly, Mattel's

21  initial disclosures demonstrate the relevance of this request.  Further, this

22  information is relevant to, among other things, Mattel's trade secret defense,

23  MGA's claims of trade dress infringement, and MGA's affirmative defenses of

24  statute of limitations and laches.

25       Mattel's objection that the request seeks information within MGA's

26  possession, custody or control is nonsensical and lacks factual support.  Mattel

27  makes no argument, let alone a factual showing, that any documents in MGA's

28  possession are duplicative of documents within Mattel's control.  MGA is entitled

1    to discovery from Mattel of documents within its possession, custody, or control

2    that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

3    a conclusory statement that MGA also possesses responsive documents.

4        Mattel's objection that the request seeks confidential, proprietary, and trade

5    secret information should be disregarded.  The parties have entered into a protective

6    order in this matter, which governs the handling of confidential business

7    information.  Further, Mattel has put its confidential business information at issue

8    in this litigation, including but not limited to its trade secret misappropriation claim.

9    Accordingly, it cannot resist discovery of confidential business information.

10       Finally, Mattel has improperly limited its agreement to produce to "the facts

11   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

12   the individual is identified as being knowledgeable about certain topics in Mattel's

13   initial disclosures, Mattel's obligation to produce does not end with the facts that it

14   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

15   information from the individual on the topics identified, regardless of whether it

16   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

17   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

18   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

19   MGA might be excluding documents that are responsive to the request based upon

20   its unilateral determination of what is 'relevant' or 'sufficient.'").

21       None of Mattel's improper objections are valid and Mattel is obligated to

22   produce all non-privileged responsive documents in its possession, custody, or

23   control.

24

25   **REQUEST FOR PRODUCTION NO. 250:**

26       All DOCUMENTS REFERRING OR RELATING TO Janet R. Han's

27   alleged knowledge of "MGA's access to Mattel's intellectual property and trade

28

1  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

2  DISCLOSURES.

3  **RESPONSE TO REQUEST NO. 250:**

4  In addition to the general objections stated above which are incorporated

5  herein by reference, Mattel objects to this Request on the grounds that it is

6  overbroad, unduly burdensome and unintelligible, including in that it seeks all

7  documents on this subject without limitation as to time, and regardless of whether

8  such documents relate to products or matters at issue in this case. Mattel further

9  objects to the Request on the grounds that it seeks documents that are not relevant

10 to this action or likely to lead to the discovery of admissible evidence. Mattel

11 further objects to this Request on the grounds that it calls for documents or

12 information in the possession, custody or control of MGA, including without

13 limitation documents and information that MGA has been compelled by Court

14 orders to produce but has not produced. Mattel further objects to this Request on

15 the grounds that it seeks confidential, proprietary and trade secret information,

16 including such information that has no bearing on the claims or defenses in this

17 case. Mattel further objects to this Request on the grounds that it calls for the

18 disclosure of information subject to the attorney-client privilege, the attorney work-

19 product doctrine and other applicable privileges.

20 Subject to the foregoing objections, Mattel responds as follows: Mattel will

21 produce responsive, non-privileged documents relating to Janet R. Han's

22 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

23 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

24 has been able to locate after a diligent search and reasonable inquiry, to the extent

25 not previously produced.

26 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 250:**

27 In addition to the general objections stated above which are incorporated

28 herein by reference, Mattel objects to this Request on the grounds that it is

1   overbroad, unduly burdensome and unintelligible, including in that it seeks all

2   documents on this subject without limitation as to time, and regardless of whether

3   such documents relate to products or matters at issue in this case. Mattel further

4   objects to the Request on the grounds that it seeks documents that are not relevant

5   to this action or likely to lead to the discovery of admissible evidence. Mattel

6   further objects to this Request on the grounds that it calls for documents or

7   information in the possession, custody or control of MGA, including without

8   limitation documents and information that MGA has been compelled by Court

9   orders to produce but has not produced. Mattel further objects to this Request on

10  the grounds that it seeks confidential, proprietary and trade secret information,

11  including such information that has no bearing on the claims or defenses in this

12  case. Mattel further objects to this Request on the grounds that it calls for the

13  disclosure of information subject to the attorney-client privilege, the attorney work-

14  product doctrine and other applicable privileges.

15      Subject to the foregoing objections, Mattel responds as follows: Mattel ill

16  produce responsive, non-privileged documents relating to Janet R. Han's

17  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

18  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

19  has been able to locate after a diligent search and reasonable inquiry, to the extent

20  not previously produced.

21

22  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
23  **SHOULD BE COMPELLED**

24      Mattel has improperly limited its agreement to produce documents in

25  response to this request, subject to its improper boilerplate objections.  Mattel has

26  refused to confirm whether or not it has produced all non-privileged responsive

27  documents or whether it is withholding documents based on its objections in Phase

28  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

1   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

2   Generic objections that fail to explain the basis for an objection with specificity are

3   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

4   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

5   such as 'overly burdensome and harassing' are improper – especially when a party

6   fails to submit any evidentiary declarations supporting such objections").

7   Accordingly, Mattel must be compelled either to certify that it has produced all

8   non-privileged responsive documents or to produce all such documents by a date

9   certain.

10        To the extent that Mattel is relying on its blanket objections, they are not

11   sustainable and do not justify Mattel's failure to produce documents.

12        As to overbreadth, Mattel provides no explanation, let alone the required

13   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

14   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

15   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

16   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

17   custody, or control concerning Han's alleged knowledge of "MGA's access to

18   Mattel's intellectual property and trade secrets" and "MGA's business practices."

19   This area of information is taken directly from Mattel's allegations regarding Han

20   in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

21   Disclosures, dated Jan. 5, 2007, p. 8).

22        As to burden, Mattel has not attempted to demonstrate why responding to

23   this request and/or producing responsive documents presents any burden.  This

24   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

25   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

26   request is unduly burdensome must allege specific facts which indicate the nature

27   and extent of the burden, usually by affidavit or other reliable evidence.").

28   Moreover, it is not unduly burdensome, as noted above, in that the request is

narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

This request seeks relevant information.  Mattel identified Han in its initial disclosures an individual with discoverable knowledge regarding "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 8).  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.  Further, this information is relevant to, among other things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and MGA's affirmative defenses of statute of limitations and laches.

Mattel's objection that the request seeks information within MGA's possession, custody or control is nonsensical and lacks factual support.  Mattel makes no argument, let alone a factual showing, that any documents in MGA's possession are duplicative of documents within Mattel's control.  MGA is entitled to discovery from Mattel of documents within its possession, custody, or control that relate to the subject of this suit.  Mattel cannot avoid this obligation by making a conclusory statement that MGA also possesses responsive documents.

Mattel's objection that the request seeks confidential, proprietary, and trade secret information should be disregarded.  The parties have entered into a protective order in this matter, which governs the handling of confidential business information.  Further, Mattel has put its confidential business information at issue in this litigation, including but not limited to its trade secret misappropriation claim. Accordingly, it cannot resist discovery of confidential business information.

Finally, Mattel has improperly limited its agreement to produce to "the facts at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

- 280 -

1    the individual is identified as being knowledgeable about certain topics in Mattel's

2    initial disclosures, Mattel's obligation to produce does not end with the facts that it

3    has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

4    information from the individual on the topics identified, regardless of whether it

5    supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

6    Granting Mattel's Motion to Compel Production of Documents and Interrogatory

7    Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

8    MGA might be excluding documents that are responsive to the request based upon

9    its unilateral determination of what is 'relevant' or 'sufficient.'").

10       None of Mattel's improper objections are valid and Mattel is obligated to

11   produce all non-privileged responsive documents in its possession, custody, or

12   control.

13

14   **REQUEST FOR PRODUCTION NO. 251:**

15       All DOCUMENTS REFERRING OR RELATING TO Melody Hanson's

16   alleged knowledge of "MGA's access to Mattel's intellectual property and trade

17   secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

18   DISCLOSURES.

19       **RESPONSE TO REQUEST NO. 251:**

20       In addition to the general objections stated above which are incorporated

21   herein by reference, Mattel objects to this Request on the grounds that it is

22   overbroad, unduly burdensome and unintelligible, including in that it seeks all

23   documents on this subject without limitation as to time, and regardless of whether

24   _such documents -relate to-products or matters-at issue in-this-ease. Mattel further

25   objects to the Request on the grounds that it seeks documents that are not relevant

26   to this action or likely to lead to the discovery of admissible evidence. Mattel

27   further objects to this Request on the grounds that it calls for documents or

28   information in the possession, custody or control of MGA, including without

OHS West:260723198

- 281 -

1   limitation documents and information that MGA has been compelled by Court

2   orders to produce but has not produced. Mattel further objects to this Request on

3   the grounds that it seeks confidential, proprietary and trade secret information,

4   including such information that has no bearing on the claims or defenses in this

5   case. Mattel further objects to this Request on the grounds that it calls for the

6   disclosure of information subject to the attorney-client privilege, the attorney work-

7   product doctrine and other applicable privileges.

8          Subject to the foregoing objections, Mattel responds as follows: Mattel will

9   produce responsive, non-privileged documents relating to Melody Hanson's

10  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

11  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

12  has been able to locate after a diligent search and reasonable inquiry, to the extent

13  not previously produced.

14  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 251:**

15         In addition to the general objections stated above which are incorporated

16  herein by reference, Mattel objects to this Request on the grounds that it is

17  overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case.  Mattel further

20  objects to the Request on the grounds that it seeks documents that are not relevant

21  to this action or likely to lead to the discovery of admissible evidence. Mattel

22  further objects to this Request on the grounds that it calls for documents or

23  information in the possession, custody or control of MGA, including without

24  limitation documents and information that MGA has been compelled by Court

25  orders to produce but has not produced. Mattel further objects to this Request on

26  the grounds that it seeks confidential, proprietary and trade secret information,

27  including such information that has no bearing on the claims or defenses in this

28  case. Mattel further objects to this Request on the grounds that it calls for the

1   disclosure of information subject to the attorney-client privilege, the attorney work-
2   product doctrine and other applicable privileges.

3        Subject to the foregoing objections, Mattel responds as follows: Mattel will
4   produce responsive, non-privileged documents relating to Melody Hanson's
5   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
6   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
7   has been able to locate after a diligent search and reasonable inquiry, to the extent
8   not previously produced.

9

10

11   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
12   **SHOULD BE COMPELLED**

13        Mattel has improperly limited its agreement to produce documents in
14   response to this request, subject to its improper boilerplate objections.  Mattel has
15   refused to confirm whether or not it has produced all non-privileged responsive
16   documents or whether it is withholding documents based on its objections in Phase
17   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
18   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).
19   Generic objections that fail to explain the basis for an objection with specificity are
20   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.
21   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections
22   such as 'overly burdensome and harassing' are improper – especially when a party
23   fails to submit any evidentiary declarations supporting such objections").
24   Accordingly, Mattel must be compelled either to certify that it has produced all
25   non-privileged responsive documents or to produce all such documents by a date
26   certain.

27        To the extent that Mattel is relying on its blanket objections, they are not
28   sustainable and do not justify Mattel's failure to produce documents.

1       As to overbreadth, Mattel provides no explanation, let alone the required

2   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

6   custody, or control concerning Hanson's alleged knowledge of "MGA's access to

7   Mattel's intellectual property and trade secrets" and "MGA's business practices."

8   This area of information is taken directly from Mattel's allegations regarding

9   Hanson in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

10  Initial Disclosures, dated Jan. 5, 2007, p. 8).

11      As to burden, Mattel has not attempted to demonstrate why responding to

12  this request and/or producing responsive documents presents any burden.  This

13  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

14  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15  request is unduly burdensome must allege specific facts which indicate the nature

16  and extent of the burden, usually by affidavit or other reliable evidence.").

17  Moreover, it is not unduly burdensome, as noted above, in that the request is

18  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

19  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

20      This request does not seek documents protected by the attorney-client

21  privilege, the attorney work product doctrine, or other applicable privileges.  To the

22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23      This request seeks relevant information.  Mattel identified Hanson in its

24  initial disclosures an individual with discoverable knowledge regarding "MGA's

25  access to Mattel's intellectual property and trade secrets" and "MGA business

26  practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

27  Jan. 5, 2007, p. 8).  Accordingly, Mattel's initial disclosures demonstrate the

28  relevance of this request.  Further, this information is relevant to, among other

1   things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

2   and MGA's affirmative defenses of statute of limitations and laches.

3       Mattel's objection that the request seeks information within MGA's

4   possession, custody or control is nonsensical and lacks factual support.  Mattel

5   makes no argument, let alone a factual showing, that any documents in MGA's

6   possession are duplicative of documents within Mattel's control.  MGA is entitled

7   to discovery from Mattel of documents within its possession, custody, or control

8   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

9   a conclusory statement that MGA also possesses responsive documents.

10      Mattel's objection that the request seeks confidential, proprietary, and trade

11  secret information should be disregarded.  The parties have entered into a protective

12  order in this matter, which governs the handling of confidential business

13  information.  Further, Mattel has put its confidential business information at issue

14  in this litigation, including but not limited to its trade secret misappropriation claim.

15  Accordingly, it cannot resist discovery of confidential business information.

16      Finally, Mattel has improperly limited its agreement to produce to "the facts

17  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

18  the individual is identified as being knowledgeable about certain topics in Mattel's

19  initial disclosures, Mattel's obligation to produce does not end with the facts that it

20  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

21  information from the individual on the topics identified, regardless of whether it

22  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

23  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

24  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

25  MGA might be excluding documents that are responsive to the request based upon

26  its unilateral determination of what is 'relevant' or 'sufficient.'").

27

28

1   None of Mattel's improper objections are valid and Mattel is obligated to
2   produce all non-privileged responsive documents in its possession, custody, or
3   control.

4

5   **REQUEST FOR PRODUCTION NO. 252:**

6   All DOCUMENTS REFERRING OR RELATING TO Rachel Harris's
7   alleged knowledge of "[d]esign and development of Bratz and Bryant's work with
8   or for MGA during his Mattel employment," "Bryant's breach of obligations to
9   Mattel," and "MGA business practices," as alleged in MATTEL'S INITIAL
10  DISCLOSURES.

11   **RESPONSE TO REQUEST NO. 252:**

12  In addition to the general objections stated above which are incorporated
13  herein by reference, Mattel objects to this Request on the grounds that it is
14  overbroad, unduly burdensome and unintelligible, including in that it seeks all
15  documents on this subject without limitation as to time, and regardless of whether
16  such documents relate to products or matters at issue in this case. Mattel further
17  objects to the Request on the grounds that it, seeks documents that are not relevant
18  to this action or likely to lead to the discovery of admissible evidence. Mattel
19  further objects to this Request on the grounds that it calls for documents or
20  information in the possession, custody or control of MGA, including without
21  limitation documents and information that MGA has been compelled by Court
22  orders to produce but has not produced. Mattel further objects to this Request on
23  the grounds that it seeks confidential, proprietary and trade secret information,
24  including such information that has no bearing on the claims or defenses in this
25  case. Mattel further objects to this Request on the grounds that it calls for the
26  disclosure of information subject to the attorney-client privilege, the attorney work-
27  product doctrine and other applicable privileges.

28

1    Subject to the foregoing objections, Mattel responds as follows: Mattel will

2    produce responsive, non-privileged documents relating to Rachel Harris's

3    knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

4    Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

5    has been able to locate after a diligent search and reasonable inquiry, to the extent

6    not previously produced.

7    **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 252:</u>**

8    In addition to the general objections stated above which are incorporated

9    herein by reference, Mattel objects to this Request on the grounds that it is

10   overbroad, unduly burdensome and unintelligible, including in that it seeks all

11   documents on this subject without limitation as to time, and regardless of whether

12   such documents relate to products or matters at issue in this case. Mattel further

13   objects to the Request on the grounds that it seeks documents that are not relevant

14   to this action or likely to lead to the discovery of admissible evidence. Mattel

15   further objects to this Request on the grounds that it calls for documents or

16   information in the possession, custody or control of MGA, including without

17   limitation documents and information that MGA has been compelled by Court

18   orders to produce but has not produced. Mattel further objects to this Request on

19   the grounds that it seeks confidential, proprietary and trade secret information,

20   including such information that has no bearing on the claims or defenses in this

21   case. Mattel further objects to this Request on the grounds that it calls for the

22   disclosure of information subject to the attorney-client privilege, the attorney work-

23   product doctrine and other applicable privileges.

24   Subject to the foregoing objections, Mattel responds as follows: Mattel will

25   produce responsive, non-privileged documents relating to Rachel Harris's

26   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

27   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

28

1    has been able to locate after a diligent search and reasonable inquiry, to the extent

2    not previously produced.

3

4    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**

5

6         Mattel has improperly limited its agreement to produce documents in

7    response to this request, subject to its improper boilerplate objections.  Mattel has

8    refused to confirm whether or not it has produced all non-privileged responsive

9    documents or whether it is withholding documents based on its objections in Phase

10   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

11   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

12   Generic objections that fail to explain the basis for an objection with specificity are

13   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

14   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

15   such as 'overly burdensome and harassing' are improper – especially when a party

16   fails to submit any evidentiary declarations supporting such objections").

17   Accordingly, Mattel must be compelled either to certify that it has produced all

18   non-privileged responsive documents or to produce all such documents by a date

19   certain.

20         To the extent that Mattel is relying on its blanket objections, they are not

21   sustainable and do not justify Mattel's failure to produce documents.

22         As to overbreadth, Mattel provides no explanation, let alone the required

23   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

24   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

27   custody, or control concerning Harris's alleged knowledge of "[d]esign and

28   development of Bratz and Bryant's work with or for MGA during his Mattel

1    employment," "Bryant's breach of obligations to Mattel," and "MGA business

2    practices."  This area of information is taken directly from Mattel's allegations

3    regarding Harris in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's

4    Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 8).

5         As to burden, Mattel has not attempted to demonstrate why responding to

6    this request and/or producing responsive documents presents any burden.  This

7    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

8    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9    request is unduly burdensome must allege specific facts which indicate the nature

10   and extent of the burden, usually by affidavit or other reliable evidence.").

11   Moreover, it is not unduly burdensome, as noted above, in that the request is

12   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

13   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

14        This request does not seek documents protected by the attorney-client

15   privilege, the attorney work product doctrine, or other applicable privileges.  To the

16   extent that Mattel contends that it does, Mattel must provide a privilege log.

17        This request seeks relevant information.  Mattel identified Harris in its initial

18   disclosures an individual with discoverable knowledge regarding "[d]esign and

19   development of Bratz and Bryant's work with or for MGA during his Mattel

20   employment," "Bryant's breach of obligations to Mattel," and "MGA business

21   practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

22   Jan. 5, 2007, p. 8).  Accordingly, Mattel's initial disclosures demonstrate the

23   relevance of this request.  Further, this information is relevant to, among other

24   things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

25   and MGA's affirmative defenses of statute of limitations and laches.

26        Mattel's objection that the request seeks information within MGA's

27   possession, custody or control is nonsensical and lacks factual support.  Mattel

28   makes no argument, let alone a factual showing, that any documents in MGA's

1   possession are duplicative of documents within Mattel's control.  MGA is entitled

2   to discovery from Mattel of documents within its possession, custody, or control

3   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

4   a conclusory statement that MGA also possesses responsive documents.

5        Mattel's objection that the request seeks confidential, proprietary, and trade

6   secret information should be disregarded.  The parties have entered into a protective

7   order in this matter, which governs the handling of confidential business

8   information.  Further, Mattel has put its confidential business information at issue

9   in this litigation, including but not limited to its trade secret misappropriation claim.

10  Accordingly, it cannot resist discovery of confidential business information.

11       Finally, Mattel has improperly limited its agreement to produce to "the facts

12  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

13  the individual is identified as being knowledgeable about certain topics in Mattel's

14  initial disclosures, Mattel's obligation to produce does not end with the facts that it

15  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

16  information from the individual on the topics identified, regardless of whether it

17  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

18  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

19  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

20  MGA might be excluding documents that are responsive to the request based upon

21  its unilateral determination of what is 'relevant' or 'sufficient.'").

22       None of Mattel's improper objections are valid and Mattel is obligated to

23  produce all non-privileged responsive documents in its possession, custody, or

24  control.

25

26

27

28

1   **REQUEST FOR PRODUCTION NO. 253:**

2       All DOCUMENTS REFERRING OR RELATING TO Ricardo Honda

3   Hatadi's alleged knowledge of "MGA's theft of Mattel's intellectual property and

4   trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

5       **RESPONSE TO REQUEST NO. 253:**

6       In addition to the general objections stated above which are incorporated

7   herein by reference, Mattel objects to this Request on the grounds that it is

8   overbroad, unduly burdensome and unintelligible, including in that it seeks all

9   documents on this subject without limitation as to time, and regardless of whether

10  such documents relate to products or matters at issue in this case. Mattel further

11  objects to the Request on the grounds that it seeks documents that are not relevant

12  to this action or likely to lead to the discovery of admissible evidence. Mattel

13  further objects to this Request on the grounds that it seeks confidential, proprietary

14  and trade secret information, including such information that has no bearing on the

15  claims or defenses in this case. Mattel further objects to this Request on the grounds

16  that it calls for the disclosure of information subject to the attorney-client privilege,

17  the attorney work-product doctrine and other applicable privileges.

18      Subject to the foregoing objections, Mattel responds as follows: Mattel will

19  produce responsive, non-privileged documents relating to Ricardo Honda Hatadi's

20  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

21  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

22  has been able to locate after a diligent search and reasonable inquiry, to the extent

23  not previously produced.

24      **SUPPLEMENTAL RESPONSE TO REQUEST NO. 253:**

25      In addition to the general objections stated above which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is

27  overbroad, unduly burdensome and unintelligible, including in that it seeks all

28  documents on this subject without limitation as to time, and regardless of whether

1   such documents relate to products or matters at issue in this case. Mattel further

2   objects to the Request on the grounds that it seeks documents that are not relevant

3   to this action or likely to lead to the discovery of admissible evidence. Mattel

4   further objects to this Request on the grounds that it seeks confidential, proprietary

5   and trade secret information, including such information that has no bearing on the

6   claims or defenses in this case. Mattel further objects to this Request on the grounds

7   that it calls for the disclosure of information subject to the attorney-client privilege,

8   the attorney work-product doctrine and other applicable privileges.

9       Subject to the foregoing objections, Mattel responds as follows: Mattel will

10  produce responsive, non-privileged documents relating to Ricardo Honda Hatadi's

11  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

12  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

13  has been able to locate after a diligent search and reasonable inquiry, to the extent

14  not previously produced.

15

16  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

17

18      Mattel has improperly limited its agreement to produce documents in

19  response to this request, subject to its improper boilerplate objections.  Mattel has

20  refused to confirm whether or not it has produced all non-privileged responsive

21  documents or whether it is withholding documents based on its objections in Phase

22  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

23  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

24  Generic objections that fail to explain the basis for an objection with specificity are

25  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

26  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

27  such as 'overly burdensome and harassing' are improper – especially when a party

28  fails to submit any evidentiary declarations supporting such objections").

1    Accordingly, Mattel must be compelled either to certify that it has produced all

2    non-privileged responsive documents or to produce all such documents by a date

3    certain.

4         To the extent that Mattel is relying on its blanket objections, they are not

5    sustainable and do not justify Mattel's failure to produce documents.

6         As to overbreadth, Mattel provides no explanation, let alone the required

7    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

11   custody, or control concerning Hatadi's alleged knowledge of "MGA's theft of

12   Mattel's intellectual property and trade secrets."  This area of information is taken

13   directly from Mattel's allegations regarding Hatadi in its initial disclosures.

14   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

15   2007, p. 8).

16        As to burden, Mattel has not attempted to demonstrate why responding to

17   this request and/or producing responsive documents presents any burden.  This

18   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

19   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20   request is unduly burdensome must allege specific facts which indicate the nature

21   and extent of the burden, usually by affidavit or other reliable evidence.").

22   Moreover, it is not unduly burdensome, as noted above, in that the request is

23   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

24   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

25        This request does not seek documents protected by the attorney-client

26   privilege, the attorney work product doctrine, or other applicable privileges.  To the

27   extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1    This request seeks relevant information.  Mattel identified Hatadi in its initial

2  disclosures an individual with discoverable knowledge regarding "MGA's theft of

3  Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56 (Mattel's

4  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 8).  Accordingly, Mattel's

5  initial disclosures demonstrate the relevance of this request.  Further, this

6  information is relevant to, among other things, Mattel's trade secret defense,

7  MGA's claims of trade dress infringement, and MGA's affirmative defenses of

8  statute of limitations and laches.

9    Mattel's objection that the request seeks confidential, proprietary, and trade

10  secret information should be disregarded.  The parties have entered into a protective

11  order in this matter, which governs the handling of confidential business

12  information.  Further, Mattel has put its confidential business information at issue

13  in this litigation, including but not limited to its trade secret misappropriation claim.

14  Accordingly, it cannot resist discovery of confidential business information.

15    Finally, Mattel has improperly limited its agreement to produce to "the facts

16  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

17  the individual is identified as being knowledgeable about certain topics in Mattel's

18  initial disclosures, Mattel's obligation to produce does not end with the facts that it

19  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

20  information from the individual on the topics identified, regardless of whether it

21  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

22  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

23  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

24  MGA might be excluding documents that are responsive to the request based upon

25  its unilateral determination of what is 'relevant' or 'sufficient.'").

26    None of Mattel's improper objections are valid and Mattel is obligated to

27  produce all non-privileged responsive documents in its possession, custody, or

28  control.

1   **REQUEST FOR PRODUCTION NO. 254:**

2        All DOCUMENTS in Ricardo Honda Hatadi's possession or control

3   REFERRING OR RELATING TO his alleged knowledge of "MGA's theft of

4   Mattel's intellectual property and trade secrets," as alleged in MATTEL'S INITIAL

5   DISCLOSURES.

6        **RESPONSE TO REQUEST NO. 254:**

7        In addition to the general objections stated above which are incorporated

8   herein by reference, Mattel objects to this Request on the grounds that it is

9   overbroad, unduly burdensome and unintelligible, including in that it seeks all

10  documents on this subject without limitation as to time, and regardless of whether

11  such documents relate to products or matters at issue in this case. Mattel further

12  objects to the Request on the grounds that it seeks documents that are not relevant

13  to this action or likely to lead to the discovery of admissible evidence. Mattel

14  further objects to this Request on the grounds that it seeks confidential, proprietary

15  and trade secret information, including such information that has no bearing on the

16  claims or defenses in this case. Mattel further objects to this Request on the grounds

17  that it calls for the disclosure of information subject to the attorney-client privilege,

18  the attorney work-product doctrine and other applicable privileges.

19        Subject to the foregoing objections, Mattel responds as follows: Mattel will

20  produce responsive, non-privileged documents relating to Ricardo Honda Hatadi's

21  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

22  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

23  has been able to locate after a diligent search and reasonable inquiry, to the extent

24  not previously produced.

25        **SUPPLEMENTAL RESPONSE TO REQUEST NO. 254:**

26        In addition to the general objections stated above which are incorporated

27  herein by reference, Mattel objects to this Request on the grounds that it is

28  overbroad, unduly burdensome and unintelligible, including in that it seeks all

1    documents on this subject without limitation as to time, and regardless of whether

2    such documents relate to products or matters at issue in this case. Mattel further

3    objects to the Request on the grounds that it seeks documents that are not relevant

4    to this action or likely to lead to the discovery of admissible evidence. Mattel

5    further objects to this Request on the grounds that it seeks confidential, proprietary

6    and trade secret information, including such information that has no bearing on the

7    claims or defenses in this case. Mattel further objects to this Request on the grounds

8    that it calls for the disclosure of information subject to the attorney-client privilege,

9    the attorney work-product doctrine and other applicable privileges.

10        Subject to the foregoing objections, Mattel responds as follows: Mattel will

11   produce responsive, non-privileged documents relating to Ricardo Honda Hatadi's

12   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

13   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

14   has been able to locate after a diligent search and reasonable inquiry, to the extent

15   not previously produced.

16

17   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

18

19        Mattel has improperly limited its agreement to produce documents in

20   response to this request, subject to its improper boilerplate objections.  Mattel has

21   refused to confirm whether or not it has produced all non-privileged responsive

22   documents or whether it is withholding documents based on its objections in Phase

23   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

24   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

25   Generic objections that fail to explain the basis for an objection with specificity are

26   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

27   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

28   such as 'overly burdensome and harassing' are improper – especially when a party

1   fails to submit any evidentiary declarations supporting such objections").

2   Accordingly, Mattel must be compelled either to certify that it has produced all

3   non-privileged responsive documents or to produce all such documents by a date

4   certain.

5        To the extent that Mattel is relying on its blanket objections, they are not

6   sustainable and do not justify Mattel's failure to produce documents.

7        As to overbreadth, Mattel provides no explanation, let alone the required

8   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

9   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

11  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

12  custody, or control concerning Hatadi's alleged knowledge of "MGA's theft of

13  Mattel's intellectual property and trade secrets."  This area of information is taken

14  directly from Mattel's allegations regarding Hatadi in its initial disclosures.

15  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

16  2007, p. 8).

17       As to burden, Mattel has not attempted to demonstrate why responding to

18  this request and/or producing responsive documents presents any burden.  This

19  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

20  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21  request is unduly burdensome must allege specific facts which indicate the nature

22  and extent of the burden, usually by affidavit or other reliable evidence.").

23  Moreover, it is not unduly burdensome, as noted above, in that the request is

24  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

25  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

26       This request does not seek documents protected by the attorney-client

27  privilege, the attorney work product doctrine, or other applicable privileges.  To the

28  extent that Mattel contends that it does, Mattel must provide a privilege log.

1    This request seeks relevant information.  Mattel identified Hatadi in its initial

2    disclosures an individual with discoverable knowledge regarding "MGA's theft of

3    Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56 (Mattel's

4    Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 8).  Accordingly, Mattel's

5    initial disclosures demonstrate the relevance of this request.  Further, this

6    information is relevant to, among other things, Mattel's trade secret defense,

7    MGA's claims of trade dress infringement, and MGA's affirmative defenses of

8    statute of limitations and laches.

9    Mattel's objection that the request seeks confidential, proprietary, and trade

10   secret information should be disregarded.  The parties have entered into a protective

11   order in this matter, which governs the handling of confidential business

12   information.  Further, Mattel has put its confidential business information at issue

13   in this litigation, including but not limited to its trade secret misappropriation claim.

14   Accordingly, it cannot resist discovery of confidential business information.

15   Finally, Mattel has improperly limited its agreement to produce to "the facts

16   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

17   the individual is identified as being knowledgeable about certain topics in Mattel's

18   initial disclosures, Mattel's obligation to produce does not end with the facts that it

19   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

20   information from the individual on the topics identified, regardless of whether it

21   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

22   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

23   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

24   MGA might be excluding documents that are responsive to the request based upon

25   its unilateral determination of what is 'relevant' or 'sufficient.'").

26   None of Mattel's improper objections are valid and Mattel is obligated to

27   produce all non-privileged responsive documents in its possession, custody, or

28   control.

1    **REQUEST FOR PRODUCTION NO. 255:**

2         All DOCUMENTS in Mattel de Mexico, S.A. de C.V.'s possession or

3    control REFERRING OR RELATING TO Ricardo Honda Hatadi's alleged

4    knowledge of "MGA's theft of Mattel's intellectual property and trade secrets," as

5    alleged in MATTEL'S INITIAL DISCLOSURES.

6         **RESPONSE TO REQUEST NO. 255:**

7         In addition to the general objections stated above which are incorporated

8    herein by reference, Mattel objects to this Request on the grounds that it is

9    overbroad, unduly burdensome and unintelligible, including in that it seeks all

10   documents on this subject without limitation as to time, and regardless of whether

11   such documents relate to products or matters at issue in this case. Mattel further

12   objects to the Request on the grounds that it seeks documents that are not relevant

13   to this action or likely to lead to the discovery of admissible evidence. Mattel

14   further objects to this Request on the grounds that it seeks confidential, proprietary

15   and trade secret information, including such information that has no bearing on the

16   claims or defenses in this case. Mattel further objects to this Request on the grounds

17   that it seeks documents that are not in the possession of Mattel, and any production

18   by Mattel pursuant to this Request is solely to facilitate discovery and does not

19   constitute a concession that Mattel de Mexico, S.A. de C.V. is under the control of

20   Mattel. Mattel further objects to this Request on the grounds that it calls for the

21   disclosure of information subject to the attorney-client privilege, the attorney work-

22   product doctrine and other applicable privileges.

23        Subject to the foregoing objections, Mattel responds as follows: Mattel will

24   produce responsive, non-privileged documents relating to Ricardo Honda Hatadi's

25   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

26   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

27   has been able to locate after a diligent search and reasonable inquiry, to the extent

28   not previously produced.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 255:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it seeks documents that are not in the possession of Mattel, and any production by Mattel pursuant to this Request is solely to facilitate discovery and does not constitute a concession that Mattel de Mexico, S.A. de C.V. is under the control of Mattel. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Ricardo Honda Hatadi's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has

- 300 -

1   refused to confirm whether or not it has produced all non-privileged responsive

2   documents or whether it is withholding documents based on its objections in Phase

3   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

4   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

5   Generic objections that fail to explain the basis for an objection with specificity are

6   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

7   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

8   such as 'overly burdensome and harassing' are improper – especially when a party

9   fails to submit any evidentiary declarations supporting such objections").

10  Accordingly, Mattel must be compelled either to certify that it has produced all

11  non-privileged responsive documents or to produce all such documents by a date

12  certain.

13      To the extent that Mattel is relying on its blanket objections, they are not

14  sustainable and do not justify Mattel's failure to produce documents.

15      As to overbreadth, Mattel provides no explanation, let alone the required

16  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

17  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

18  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

19  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

20  custody, or control concerning Hatadi's alleged knowledge of "MGA's theft of

21  Mattel's intellectual property and trade secrets."  This area of information is taken

22  directly from Mattel's allegations regarding Hatadi in its initial disclosures.

23  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

24  2007, p. 8).

25      As to burden, Mattel has not attempted to demonstrate why responding to

26  this request and/or producing responsive documents presents any burden.  This

27  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

28  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1    request is unduly burdensome must allege specific facts which indicate the nature

2    and extent of the burden, usually by affidavit or other reliable evidence.").

3    Moreover, it is not unduly burdensome, as noted above, in that the request is

4    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

5    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

6         This request does not seek documents protected by the attorney-client

7    privilege, the attorney work product doctrine, or other applicable privileges.  To the

8    extent that Mattel contends that it does, Mattel must provide a privilege log.

9         This request seeks relevant information.  Mattel identified Hatadi in its initial

10   disclosures an individual with discoverable knowledge regarding "MGA's theft of

11   Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56 (Mattel's

12   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 8).  Accordingly, Mattel's

13   initial disclosures demonstrate the relevance of this request.  Further, this

14   information is relevant to, among other things, Mattel's trade secret defense,

15   MGA's claims of trade dress infringement, and MGA's affirmative defenses of

16   statute of limitations and laches.

17        Mattel's objection that the request seeks confidential, proprietary, and trade

18   secret information should be disregarded.  The parties have entered into a protective

19   order in this matter, which governs the handling of confidential business

20   information.  Further, Mattel has put its confidential business information at issue

21   in this litigation, including but not limited to its trade secret misappropriation claim.

22   Accordingly, it cannot resist discovery of confidential business information.

23        Finally, Mattel has improperly limited its agreement to produce to "the facts

24   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

25   the individual is identified as being knowledgeable about certain topics in Mattel's

26   initial disclosures, Mattel's obligation to produce does not end with the facts that it

27   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

28   information from the individual on the topics identified, regardless of whether it

1  supports the facts as alleged by Mattel, MGA, or any other party. *See* Order

2  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

3  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

4  MGA might be excluding documents that are responsive to the request based upon

5  its unilateral determination of what is 'relevant' or 'sufficient.'").

6      None of Mattel's improper objections are valid and Mattel is obligated to

7  produce all non-privileged responsive documents in its possession, custody, or

8  control.

9

10  **REQUEST FOR PRODUCTION NO. 256:**

11      All DOCUMENTS REFERRING OR RELATING TO Jill Hatch's alleged

12  knowledge of "MGA's access to Mattel's intellectual property and trade secrets"

13  and "MGA business practices," as alleged in MATTEL'S INITIAL

14  DISCLOSURES.

15      **RESPONSE TO REQUEST NO. 256:**

16      In addition to the general objections stated above which are incorporated

17  herein by reference, Mattel objects to this Request on the grounds that it is

18  overbroad, unduly burdensome and unintelligible, including in that it seeks all

19  documents on this subject without limitation as to time, and regardless of whether

20  such documents relate to products or matters at issue in this case. Mattel further

21  objects to the Request on the grounds that it seeks documents that are not relevant

22  to this action or likely to lead to the discovery of admissible evidence. Mattel

23  further objects to this Request on the grounds that it calls for documents or

24  information in the possession, custody or control of MGA, including without

25  limitation documents and information that MGA has been compelled by Court

26  orders to produce but has not produced. Mattel further objects to this Request on

27  the grounds that it seeks confidential, proprietary and trade secret information,

28  including such information that has no bearing on the claims or defenses in this

1   case. Mattel further objects to this Request on the grounds that it calls for the

2   disclosure of information subject to the attorney-client privilege, the attorney work-

3   product doctrine and other applicable privileges.

4          Subject to the foregoing objections, Mattel responds as follows: Mattel will

5   produce responsive, non-privileged documents relating to Jill Hatch's knowledge of

6   the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

7   in Mattel's possession, custody, or control, if any, that Mattel has been able to

8   locate after a diligent search and reasonable inquiry, to the extent not previously

9   produced.

10         **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 256:</u>**

11         In addition to the general objections stated above which are incorporated

12   herein by reference, Mattel objects to this Request on the grounds that it is

13   overbroad, unduly burdensome and unintelligible, including in that it seeks all

14   documents on this subject without limitation as to time, and regardless of whether

15   such documents relate to products or matters at issue in this case. Mattel further

16   objects to the Request on the grounds that it seeks documents that are not relevant

17   to this action or likely to lead to the discovery of admissible evidence. Mattel

18   further objects to this Request on the grounds that it calls for documents or

19   information in the possession, custody or control of MGA, including without

20   limitation documents and information that MGA has been compelled by Court

21   orders to produce but has not produced. Mattel further objects to this Request on

22   the grounds that it seeks confidential, proprietary and trade secret information,

23   including such information that has no bearing on the claims or defenses in this

24   case. Mattel further objects to this Request on the grounds that it calls for the

25   disclosure of information subject to the attorney-client privilege, the attorney work-

26   product doctrine and other applicable privileges.

27         Subject to the foregoing objections, Mattel responds as follows: Mattel will

28   produce responsive, non-privileged documents relating to Jill Hatch's knowledge of

1    the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

2    in Mattel's possession, custody, or control, if any, that Mattel has been able to

3    locate after a diligent search and reasonable inquiry, to the extent not previously

4    produced.

5

6    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

7    **SHOULD BE COMPELLED**

8    Mattel has improperly limited its agreement to produce documents in

9    response to this request, subject to its improper boilerplate objections.  Mattel has

10   refused to confirm whether or not it has produced all non-privileged responsive

11   documents or whether it is withholding documents based on its objections in Phase

12   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

13   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

14   Generic objections that fail to explain the basis for an objection with specificity are

15   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

16   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

17   such as 'overly burdensome and harassing' are improper – especially when a party

18   fails to submit any evidentiary declarations supporting such objections").

19   Accordingly, Mattel must be compelled either to certify that it has produced all

20   non-privileged responsive documents or to produce all such documents by a date

21   certain.

22   To the extent that Mattel is relying on its blanket objections, they are not

23   sustainable and do not justify Mattel's failure to produce documents.

24   As to overbreadth, Mattel provides no explanation, let alone the required

25   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

1  custody, or control concerning Hatch's alleged knowledge of "MGA's access to

2  Mattel's intellectual property and trade secrets" and "MGA's business practices."

3  This area of information is taken directly from Mattel's allegations regarding Hatch

4  in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

5  Disclosures, dated Jan. 5, 2007, p. 8).

6       As to burden, Mattel has not attempted to demonstrate why responding to

7  this request and/or producing responsive documents presents any burden.  This

8  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

9  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10  request is unduly burdensome must allege specific facts which indicate the nature

11  and extent of the burden, usually by affidavit or other reliable evidence.").

12  Moreover, it is not unduly burdensome, as noted above, in that the request is

13  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

14  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

15       This request does not seek documents protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges.  To the

17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18       This request seeks relevant information.  Mattel identified Hatch in its initial

19  disclosures an individual with discoverable knowledge regarding "MGA's access to

20  Mattel's intellectual property and trade secrets" and "MGA business practices."

21  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

22  2007, p. 8).  Accordingly, Mattel's initial disclosures demonstrate the relevance of

23  this request.  Further, this information is relevant to, among other things, Mattel's

24  trade secret defense, MGA's claims of trade dress infringement, and MGA's

25  affirmative defenses of statute of limitations and laches.

26       Mattel's objection that the request seeks information within MGA's

27  possession, custody or control is nonsensical and lacks factual support.  Mattel

28  makes no argument, let alone a factual showing, that any documents in MGA's

1  possession are duplicative of documents within Mattel's control.  MGA is entitled

2  to discovery from Mattel of documents within its possession, custody, or control

3  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

4  a conclusory statement that MGA also possesses responsive documents.

5  Mattel's objection that the request seeks confidential, proprietary, and trade

6  secret information should be disregarded.  The parties have entered into a protective

7  order in this matter, which governs the handling of confidential business

8  information.  Further, Mattel has put its confidential business information at issue

9  in this litigation, including but not limited to its trade secret misappropriation claim.

10  Accordingly, it cannot resist discovery of confidential business information.

11  Finally, Mattel has improperly limited its agreement to produce to "the facts

12  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

13  the individual is identified as being knowledgeable about certain topics in Mattel's

14  initial disclosures, Mattel's obligation to produce does not end with the facts that it

15  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

16  information from the individual on the topics identified, regardless of whether it

17  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

18  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

19  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

20  MGA might be excluding documents that are responsive to the request based upon

21  its unilateral determination of what is 'relevant' or 'sufficient.'").

22  None of Mattel's improper objections are valid and Mattel is obligated to

23  produce all non-privileged responsive documents in its possession, custody, or

24  control.

25

26  **REQUEST FOR PRODUCTION NO. 257:**

27  All DOCUMENTS REFERRING OR RELATING TO Margaret

28  Hatch¬Leahy's alleged knowledge of "[d]esign and development of Bratz and

1  Bryant's work with or for MGA during his Mattel employment," "Bryant's breach

2  of obligations to Mattel," and "MGA business practices," as alleged in MATTEL'S

3  INITIAL DISCLOSURES.

4  **RESPONSE TO REQUEST NO. 257:**

5      In addition to the general objections stated above which are incorporated

6  herein by reference, Mattel objects to this Request on the grounds that it is

7  overbroad, unduly burdensome and unintelligible, including in that it seeks all

8  documents on this subject without limitation as to time, and regardless of whether

9  such documents relate to products or matters at issue in this case. Mattel further

10  objects to the Request on the grounds that it seeks documents that are not relevant

11  to this action or likely to lead to the discovery of admissible evidence. Mattel

12  further objects to this Request on the grounds that it calls for documents or

13  information in the possession, custody or control of MGA and/or Bryant, including

14  without limitation documents and information that MGA and Bryant have been

15  compelled by Court orders to produce but have not produced. Mattel further objects

16  to this Request on the grounds that it seeks confidential, proprietary and trade secret

17  information, including such information that has no bearing on the claims or

18  defenses in this case. Mattel further objects to this Request on the grounds that it

19  calls for the disclosure of information subject to the attorney-client privilege, the

20  attorney work-product doctrine and other applicable privileges.

21      Subject to the foregoing objections, Mattel responds as follows: Mattel will

22  produce responsive, non-privileged documents relating to Margaret Hatch¬Leahy's

23  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

24  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

25  has been able to locate after a diligent search and reasonable inquiry, to the extent

26  not previously produced.

27

28

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 257:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA and/or Bryant, including without limitation documents and information that MGA and Bryant have been compelled by Court orders to produce but have not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Matte will produce responsive, non-privileged documents relating to Margaret Hatch-Leahy's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has

1  refused to confirm whether or not it has produced all non-privileged responsive

2  documents or whether it is withholding documents based on its objections in Phase

3  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

4  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

5  Generic objections that fail to explain the basis for an objection with specificity are

6  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

7  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

8  such as 'overly burdensome and harassing' are improper – especially when a party

9  fails to submit any evidentiary declarations supporting such objections").

10  Accordingly, Mattel must be compelled either to certify that it has produced all

11  non-privileged responsive documents or to produce all such documents by a date

12  certain.

13      To the extent that Mattel is relying on its blanket objections, they are not

14  sustainable and do not justify Mattel's failure to produce documents.

15      As to overbreadth, Mattel provides no explanation, let alone the required

16  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

17  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

18  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

19  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

20  custody, or control concerning Hatch-Leahy's alleged knowledge of "[d]esign and

21  development of Bratz and Bryant's work with or for MGA during his Mattel

22  employment," "Bryant's breach of obligations to Mattel," and "MGA business

23  practices."  This area of information is taken directly from Mattel's allegations

24  regarding Hatch-Leahy in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's

25  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 8).

26      As to burden, Mattel has not attempted to demonstrate why responding to

27  this request and/or producing responsive documents presents any burden.  This

28  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

1   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2   request is unduly burdensome must allege specific facts which indicate the nature

3   and extent of the burden, usually by affidavit or other reliable evidence.").

4   Moreover, it is not unduly burdensome, as noted above, in that the request is

5   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

6   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

7        This request does not seek documents protected by the attorney-client

8   privilege, the attorney work product doctrine, or other applicable privileges.  To the

9   extent that Mattel contends that it does, Mattel must provide a privilege log.

10        This request seeks relevant information.  Mattel identified Hatch-Leahy in its

11   initial disclosures an individual with discoverable knowledge regarding "[d]esign

12   and development of Bratz and Bryant's work with or for MGA during his Mattel

13   employment," "Bryant's breach of obligations to Mattel," and "MGA business

14   practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

15   Jan. 5, 2007, p. 8).  Accordingly, Mattel's initial disclosures demonstrate the

16   relevance of this request.  Further, this information is relevant to, among other

17   things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

18   and MGA's affirmative defenses of statute of limitations and laches.

19        Mattel's objection that the request seeks information within MGA's

20   possession, custody or control is nonsensical and lacks factual support.  Mattel

21   makes no argument, let alone a factual showing, that any documents in MGA's

22   possession are duplicative of documents within Mattel's control.  MGA is entitled

23   to discovery from Mattel of documents within its possession, custody, or control

24   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

25   a conclusory statement that MGA also possesses responsive documents.

26        Mattel's objection that the request seeks confidential, proprietary, and trade

27   secret information should be disregarded.  The parties have entered into a protective

28   order in this matter, which governs the handling of confidential business

- 311 -

1   information.  Further, Mattel has put its confidential business information at issue

2   in this litigation, including but not limited to its trade secret misappropriation claim.

3   Accordingly, it cannot resist discovery of confidential business information.

4       Finally, Mattel has improperly limited its agreement to produce to "the facts

5   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

6   the individual is identified as being knowledgeable about certain topics in Mattel's

7   initial disclosures, Mattel's obligation to produce does not end with the facts that it

8   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

9   information from the individual on the topics identified, regardless of whether it

10  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

11  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

12  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

13  MGA might be excluding documents that are responsive to the request based upon

14  its unilateral determination of what is 'relevant' or 'sufficient.'").

15      None of Mattel's improper objections are valid and Mattel is obligated to

16  produce all non-privileged responsive documents in its possession, custody, or

17  control.

18

19  **REQUEST FOR PRODUCTION NO. 258:**

20      All DOCUMENTS REFERRING OR RELATING TO Kiyomi Haverly's

21  alleged knowledge of "[t]he development and ownership of intellectual property at

22  issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

23      **RESPONSE TO REQUEST NO. 258:**

24      In addition to the general objections stated above which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it is

26  overbroad, unduly burdensome and unintelligible, including in that it seeks all

27  documents on this subject without limitation as to time, and regardless of whether

28  such documents relate to products or matters at issue in this case. Mattel further

1  objects to the Request on the grounds that it seeks documents that are not relevant

2  to this action or likely to lead to the discovery of admissible evidence. Mattel

3  further objects to this Request on the grounds that it seeks confidential, proprietary

4  and trade secret information, including such information that has no bearing on the

5  claims or defenses in this case. Mattel further objects to this Request on the grounds

6  that it calls for the disclosure of information subject to the attorney-client privilege,

7  the attorney work-product doctrine and other applicable privileges.

8      Subject to the foregoing objections, Mattel responds as follows: Mattel will

9  produce responsive, non-privileged documents relating to Kiyomi Haverly's

10  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

11  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

12  has been able to locate after a diligent search and reasonable inquiry, to the extent

13  not previously produced.

14      **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 258:</u>**

15      In addition to the general objections stated above which are incorporated

16  herein by reference, Mattel objects to this Request on the grounds that it is

17  overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case. Mattel further

20  objects to the Request on the grounds that it seeks documents that are not relevant

21  to this action or likely to lead to the discovery of admissible evidence. Mattel

22  further objects to this Request on the grounds that it seeks confidential, proprietary

23  and trade secret information, including such information that has no bearing on the

24  claims or defenses in this case. Mattel further objects to this Request on the grounds

25  that it calls for the disclosure of information subject to the attorney-client privilege,

26  the attorney work-product doctrine and other applicable privileges.

27      Subject to the foregoing objections, Mattel responds as follows: Mattel will

28  produce responsive, non-privileged documents relating to Kiyomi Haverly's

1   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

2   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

3   has been able to locate after a diligent search and reasonable inquiry, to the extent

4   not previously produced.

5

6          **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

7          **SHOULD BE COMPELLED**

8       Mattel has improperly limited its agreement to produce documents in

9   response to this request, subject to its improper boilerplate objections.  Mattel has

10  refused to confirm whether or not it has produced all non-privileged responsive

11  documents or whether it is withholding documents based on its objections in Phase

12  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

13  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

14  Generic objections that fail to explain the basis for an objection with specificity are

15  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

16  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

17  such as 'overly burdensome and harassing' are improper – especially when a party

18  fails to submit any evidentiary declarations supporting such objections").

19  Accordingly, Mattel must be compelled either to certify that it has produced all

20  non-privileged responsive documents or to produce all such documents by a date

21  certain.

22       To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24       As to overbreadth, Mattel provides no explanation, let alone the required

25  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

1   custody, or control concerning Haverly's alleged knowledge of "[t]he development

2   and ownership of intellectual property at issue."  This area of information is taken

3   directly from Mattel's allegations regarding Haverly in its initial disclosures.

4   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

5   2007, pp. 8-9).

6        As to burden, Mattel has not attempted to demonstrate why responding to

7   this request and/or producing responsive documents presents any burden.  This

8   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

9   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10  request is unduly burdensome must allege specific facts which indicate the nature

11  and extent of the burden, usually by affidavit or other reliable evidence.").

12  Moreover, it is not unduly burdensome, as noted above, in that the request is

13  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

14  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

15       This request does not seek documents protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges.  To the

17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18       This request seeks relevant information.  Mattel identified Haverly in its

19  initial disclosures an individual with discoverable knowledge regarding "[t]he

20  development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

21  56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, pp. 8-9).

22  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

23  Further, this information is relevant to, among other things, Mattel's trade secret

24  defense and MGA's claims of trade dress infringement.

25       Mattel's objection that the request seeks confidential, proprietary, and trade

26  secret information should be disregarded.  The parties have entered into a protective

27  order in this matter, which governs the handling of confidential business

28  information.  Further, Mattel has put its confidential business information at issue

1  in this litigation, including but not limited to its trade secret misappropriation claim.

2  Accordingly, it cannot resist discovery of confidential business information.

3       Finally, Mattel has improperly limited its agreement to produce to "the facts

4  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

5  the individual is identified as being knowledgeable about certain topics in Mattel's

6  initial disclosures, Mattel's obligation to produce does not end with the facts that it

7  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

8  information from the individual on the topics identified, regardless of whether it

9  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

10  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

11  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

12  MGA might be excluding documents that are responsive to the request based upon

13  its unilateral determination of what is 'relevant' or 'sufficient.'").

14       None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession, custody, or

16  control.

17

18  **REQUEST FOR PRODUCTION NO. 259:**

19       All DOCUMENTS in Kiyomi Haverly's possession or control REFERRING

20  OR RELATING TO her alleged knowledge of "[t]he development and ownership

21  of intellectual property at issue," as alleged in MATTEL'S INITIAL

22  DISCLOSURES.

23       **RESPONSE TO REQUEST NO. 259:**

24       In addition to the general objections stated above which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it is

26  overbroad, unduly burdensome and unintelligible, including in that it seeks all

27  documents on this subject without limitation as to time, and regardless of whether

28  such documents relate to products or matters at issue in this case. Mattel further

1  objects to the Request on the grounds that it seeks documents that are not relevant

2  to this action or likely to lead to the discovery of admissible evidence. Mattel

3  further objects to this Request on the grounds that it seeks confidential, proprietary

4  and trade secret information, including such information that has no bearing on the

5  claims or defenses in this case. Mattel further objects to this Request on the grounds

6  that it calls for the disclosure of information subject to the attorney-client privilege,

7  the attorney work-product doctrine and other applicable privileges.

8          Subject to the foregoing objections, Mattel responds as follows: Mattel will

9  produce responsive, non-privileged documents relating to Kiyomi Haverly's

10  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

11  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

12  has been able to locate after a diligent search and reasonable inquiry, to the extent

13  not previously produced.

14          **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 259:</u>**

15          In addition to the general objections stated above which are incorporated

16  herein by reference, Mattel objects to this Request on the grounds that it is

17  overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case. Mattel further

20  objects to the Request on the grounds that it seeks documents that are not relevant

21  to this action or likely to lead to the discovery of admissible evidence. Mattel

22  further objects to this Request on the grounds that it seeks confidential, proprietary

23  and trade secret information, including such information that has no bearing on the

24  claims or defenses in this case. Mattel further objects to this Request on the grounds

25  that it calls for the disclosure of information subject to the attorney-client privilege,

26  the attorney work-product doctrine and other applicable privileges.

27          Subject to the foregoing objections, Mattel responds as follows: Mattel will

28  produce responsive, non-privileged documents relating to Kiyomi Haverly's

1   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

2   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

3   has been able to locate after a diligent search and reasonable inquiry, to the extent

4   not previously produced.

5

6   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

7

8        Mattel has improperly limited its agreement to produce documents in

9   response to this request, subject to its improper boilerplate objections.  Mattel has

10  refused to confirm whether or not it has produced all non-privileged responsive

11  documents or whether it is withholding documents based on its objections in Phase

12  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

13  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

14  Generic objections that fail to explain the basis for an objection with specificity are

15  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

16  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

17  such as 'overly burdensome and harassing' are improper – especially when a party

18  fails to submit any evidentiary declarations supporting such objections").

19  Accordingly, Mattel must be compelled either to certify that it has produced all

20  non-privileged responsive documents or to produce all such documents by a date

21  certain.

22       To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24       As to overbreadth, Mattel provides no explanation, let alone the required

25  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

custody, or control concerning Haverly's alleged knowledge of "[t]he development and ownership of intellectual property at issue." This area of information is taken directly from Mattel's allegations regarding Haverly in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, pp. 8-9).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. Mattel has alleged that MGA misappropriated its trade secrets. MGA is entitled to discovery on this claim.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

This request seeks relevant information. Mattel identified Haverly in its initial disclosures an individual with discoverable knowledge regarding "[t]he development and ownership of intellectual property at issue." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, pp. 8-9). Accordingly, Mattel's initial disclosures demonstrate the relevance of this request. Further, this information is relevant to, among other things, Mattel's trade secret defense and MGA's claims of trade dress infringement.

Mattel's objection that the request seeks confidential, proprietary, and trade secret information should be disregarded. The parties have entered into a protective order in this matter, which governs the handling of confidential business information. Further, Mattel has put its confidential business information at issue

1   in this litigation, including but not limited to its trade secret misappropriation claim.

2   Accordingly, it cannot resist discovery of confidential business information.

3       Finally, Mattel has improperly limited its agreement to produce to "the facts

4   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

5   the individual is identified as being knowledgeable about certain topics in Mattel's

6   initial disclosures, Mattel's obligation to produce does not end with the facts that it

7   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

8   information from the individual on the topics identified, regardless of whether it

9   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

10  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

11  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

12  MGA might be excluding documents that are responsive to the request based upon

13  its unilateral determination of what is 'relevant' or 'sufficient.'").

14      None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession, custody, or

16  control.

17

18  **REQUEST FOR PRODUCTION NO. 260:**

19      All DOCUMENTS REFERRING OR RELATING TO Maria del Carmen

20  Mendez Hemandez's alleged knowledge of "MGA's access to Mattel's intellectual

21  property and trade secrets" and "MGA business practices," as alleged in

22  MATTEL'S INITIAL DISCLOSURES.

23      **RESPONSE TO REQUEST NO. 260:**

24      In addition to the general objections stated above which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it is

26  overbroad, unduly burdensome and unintelligible, including in that it seeks all

27  documents on this subject without limitation as to time, and regardless of whether

28  such documents relate to products or matters at issue in this case. Mattel further

1  objects to the Request on the grounds that it seeks documents that are not relevant

2  to this action or likely to lead to the discovery of admissible evidence. Mattel

3  further objects to this Request on the grounds that it seeks confidential, proprietary

4  and trade secret information, including such information that has no bearing on the

5  claims or defenses in this case. Mattel further objects to this Request on the grounds

6  that it calls for the disclosure of information subject to the attorney-client privilege,

7  the attorney work-product doctrine and other applicable privileges.

8      Subject to the foregoing objections, Mattel responds as follows: Mattel will

9  produce responsive, non-privileged documents relating to Maria del Carmen

10  Mendez Hernandez's knowledge of the facts at issue in this litigation as alleged in

11  Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if

12  any, that Mattel has been able to locate after a diligent search and reasonable

13  inquiry, to the extent not previously produced.

14      **SUPPLEMENTAL RESPONSE TO REQUEST NO. 260:**

15      In addition to the general objections stated above which are incorporated

16  herein by reference, Mattel objects to this Request on the grounds that it is

17  overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case. Mattel further

20  objects to the Request on the grounds that it seeks documents that are not relevant

21  to this action or likely to lead to the discovery of admissible evidence. Mattel

22  further objects to this Request on the grounds that it seeks confidential, proprietary

23  and trade secret information, including such information that has no bearing on the

24  claims or defenses in this case. Mattel further objects to this Request on the grounds

25  that it calls for the disclosure of information subject to the attorney-client privilege,

26  the attorney work-product doctrine and other applicable privileges.

27      Subject to the foregoing objections, Mattel responds as follows: Mattel will

28  produce responsive, non-privileged documents relating to Maria del Carmen

1  Mendez Hernandez's knowledge of the facts at issue in this litigation as alleged in

2  Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if

3  any, that Mattel has been able to locate after a diligent search and reasonable

4  inquiry, to the extent not previously produced.

5

6  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

7  **SHOULD BE COMPELLED**

8        Mattel has improperly limited its agreement to produce documents in

9  response to this request, subject to its improper boilerplate objections.  Mattel has

10  refused to confirm whether or not it has produced all non-privileged responsive

11  documents or whether it is withholding documents based on its objections in Phase

12  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

13  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

14  Generic objections that fail to explain the basis for an objection with specificity are

15  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

16  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

17  such as 'overly burdensome and harassing' are improper – especially when a party

18  fails to submit any evidentiary declarations supporting such objections").

19  Accordingly, Mattel must be compelled either to certify that it has produced all

20  non-privileged responsive documents or to produce all such documents by a date

21  certain.

22        To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24        As to overbreadth, Mattel provides no explanation, let alone the required

25  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

- 322 -

1  custody, or control concerning Hernandez's alleged knowledge of "MGA's access
2  to Mattel's intellectual property and trade secrets" and "MGA's business practices."
3  This area of information is taken directly from Mattel's allegations regarding
4  Hernandez in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated
5  Initial Disclosures, dated Jan. 5, 2007, p. 9).

6      As to burden, Mattel has not attempted to demonstrate why responding to
7  this request and/or producing responsive documents presents any burden.  This
8  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
9  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
10  request is unduly burdensome must allege specific facts which indicate the nature
11  and extent of the burden, usually by affidavit or other reliable evidence.").
12  Moreover, it is not unduly burdensome, as noted above, in that the request is
13  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA
14  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

15      This request does not seek documents protected by the attorney-client
16  privilege, the attorney work product doctrine, or other applicable privileges.  To the
17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18      This request seeks relevant information.  Mattel identified Hernandez in its
19  initial disclosures an individual with discoverable knowledge regarding "MGA's
20  access to Mattel's intellectual property and trade secrets" and "MGA business
21  practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
22  Jan. 5, 2007, p. 9).  Accordingly, Mattel's initial disclosures demonstrate the
23  relevance of this request.  Further, this information is relevant to, among other
24  things, Mattel's trade secret defense, MGA's claims of trade dress infringement,
25  and MGA's affirmative defenses of statute of limitations and laches.

26      Mattel's objection that the request seeks confidential, proprietary, and trade
27  secret information should be disregarded.  The parties have entered into a protective
28  order in this matter, which governs the handling of confidential business

1    information.  Further, Mattel has put its confidential business information at issue

2    in this litigation, including but not limited to its trade secret misappropriation claim.

3    Accordingly, it cannot resist discovery of confidential business information.

4         Finally, Mattel has improperly limited its agreement to produce to "the facts

5    at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

6    the individual is identified as being knowledgeable about certain topics in Mattel's

7    initial disclosures, Mattel's obligation to produce does not end with the facts that it

8    has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

9    information from the individual on the topics identified, regardless of whether it

10   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

11   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

12   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

13   MGA might be excluding documents that are responsive to the request based upon

14   its unilateral determination of what is 'relevant' or 'sufficient.'").

15        None of Mattel's improper objections are valid and Mattel is obligated to

16   produce all non-privileged responsive documents in its possession, custody, or

17   control.

18

19   **REQUEST FOR PRODUCTION NO. 261:**

20        All DOCUMENTS REFERRING OR RELATING TO Michael Hinh's

21   alleged knowledge of "MGA's access to Mattel's intellectual property and trade

22   secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

23   DISCLOSURES.

24        **RESPONSE TO REQUEST NO. 261:**

25        In addition to the general objections stated above which are incorporated

26   herein by reference, Mattel objects to this Request on the grounds that it is

27   overbroad, unduly burdensome and unintelligible, including in that it seeks all

28   documents on this subject without limitation as to time, and regardless of whether

1  such documents relate to products or matters at issue in this case. Mattel further

2  objects to the Request on the grounds that it seeks documents that are not relevant

3  to this action or likely to lead to the discovery of admissible evidence. Mattel

4  further objects to this Request on the grounds that it calls for documents or

5  information in the possession, custody or control of MGA, including without

6  limitation documents and information that MGA has been compelled by Court

7  orders to produce but has not produced. Mattel further objects to this Request on

8  the grounds that it seeks confidential, proprietary and trade secret information,

9  including such information that has no bearing on the claims or defenses in this

10  case. Mattel further objects to this Request on the grounds that it calls for the

11  disclosure of information subject to the attorney-client privilege, the attorney work-

12  product doctrine and other applicable privileges.

13      Subject to the foregoing objections, Mattel responds as follows: Mattel will

14  produce responsive, non-privileged documents relating to Michael Hinh's

15  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

16  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

17  has been able to locate after a diligent search and reasonable inquiry, to the extent

18  not previously produced.

19      **SUPPLEMENTAL RESPONSE TO REQUEST NO. 261:**

20      In addition to the general objections stated above which are incorporated

21  herein by reference, Mattel objects to this Request on the grounds that it is

22  overbroad, unduly burdensome and unintelligible, including in that it seeks all

23  documents on this subject without limitation as to time, and regardless of whether

24  such documents relate to products or matters at issue in this case. Mattel further

25  objects to the Request on the grounds that it seeks documents that are not relevant

26  to this action or likely to lead to the discovery of admissible evidence. Mattel

27  further objects to this Request on the grounds that it calls for documents or

28  information in the possession, custody or control of MGA, including without

1   limitation documents and information that MGA has been compelled by Court

2   orders to produce but has not produced. Mattel further objects to this Request on

3   the grounds that it seeks confidential, proprietary and trade secret information,

4   including such information. that has no bearing on the claims or defenses in this

5   case. Mattel further objects to this Request on the grounds that it calls for the

6   disclosure of information subject to the attorney-client privilege, the attorney work-

7   product doctrine and other applicable privileges.

8        Subject to the foregoing objections, Mattel responds as follows: Mattel will

9   produce responsive, non-privileged documents relating to Michael Hinh's

10  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

11  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

12  has been able to locate after a diligent search and reasonable inquiry, to the extent

13  not previously produced.

14

15  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

16

17       Mattel has improperly limited its agreement to produce documents in

18  response to this request, subject to its improper boilerplate objections.  Mattel has

19  refused to confirm whether or not it has produced all non-privileged responsive

20  documents or whether it is withholding documents based on its objections in Phase

21  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

22  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

23  Generic objections that fail to explain the basis for an objection with specificity are

24  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

25  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

26  such as 'overly burdensome and harassing' are improper – especially when a party

27  fails to submit any evidentiary declarations supporting such objections").

28  Accordingly, Mattel must be compelled either to certify that it has produced all

OHS West:260723198

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET THREE;  CV 04-9049 SGL (RNBx)

1   non-privileged responsive documents or to produce all such documents by a date

2   certain.

3          To the extent that Mattel is relying on its blanket objections, they are not

4   sustainable and do not justify Mattel's failure to produce documents.

5          As to overbreadth, Mattel provides no explanation, let alone the required

6   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

10  custody, or control concerning Hinh's alleged knowledge of "MGA's access to

11  Mattel's intellectual property and trade secrets" and "MGA's business practices."

12  This area of information is taken directly from Mattel's allegations regarding Hinh

13  in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

14  Disclosures, dated Jan. 5, 2007, p. 9).

15         As to burden, Mattel has not attempted to demonstrate why responding to

16  this request and/or producing responsive documents presents any burden.  This

17  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.").

21  Moreover, it is not unduly burdensome, as noted above, in that the request is

22  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

23  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

24         This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges.  To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27         This request seeks relevant information.  Mattel identified Hinh in its initial

28  disclosures an individual with discoverable knowledge regarding "MGA's access to

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET THREE;  CV 04-9049 SGL (RNBx)

1   Mattel's intellectual property and trade secrets" and "MGA business practices."

2   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

3   2007, p. 9).  Accordingly, Mattel's initial disclosures demonstrate the relevance of

4   this request.  Further, this information is relevant to, among other things, Mattel's

5   trade secret defense, MGA's claims of trade dress infringement, and MGA's

6   affirmative defenses of statute of limitations and laches.

7       Mattel's objection that the request seeks information within MGA's

8   possession, custody or control is nonsensical and lacks factual support.  Mattel

9   makes no argument, let alone a factual showing, that any documents in MGA's

10  possession are duplicative of documents within Mattel's control.  MGA is entitled

11  to discovery from Mattel of documents within its possession, custody, or control

12  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

13  a conclusory statement that MGA also possesses responsive documents.

14      Mattel's objection that the request seeks confidential, proprietary, and trade

15  secret information should be disregarded.  The parties have entered into a protective

16  order in this matter, which governs the handling of confidential business

17  information.  Further, Mattel has put its confidential business information at issue

18  in this litigation, including but not limited to its trade secret misappropriation claim.

19  Accordingly, it cannot resist discovery of confidential business information.

20      Finally, Mattel has improperly limited its agreement to produce to "the facts

21  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

22  the individual is identified as being knowledgeable about certain topics in Mattel's

23  initial disclosures, Mattel's obligation to produce does not end with the facts that it

24  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

25  information from the individual on the topics identified, regardless of whether it

26  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

27  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

28  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

1   MGA might be excluding documents that are responsive to the request based upon

2   its unilateral determination of what is 'relevant' or 'sufficient.'").

3          None of Mattel's improper objections are valid and Mattel is obligated to

4   produce all non-privileged responsive documents in its possession, custody, or

5   control.

6

7   **REQUEST FOR PRODUCTION NO. 262:**

8          All DOCUMENTS REFERRING OR RELATING TO Martin Hitch's

9   alleged knowledge of "[d]esign and development of Bratz and Bryant's work with

10  or for MGA during his Mattel employment" and "MGA business practices," as

11  alleged in MATTEL'S INITIAL DISCLOSURES.

12         **RESPONSE TO REQUEST NO. 262:**

13         In addition to the general objections stated above which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is

15  overbroad, unduly burdensome and unintelligible, including in that it seeks all

16  documents on this subject without limitation as to time, and regardless of whether

17  such documents relate to products or matters at issue in this case. Mattel further

18  objects to the Request on the grounds that it seeks documents that are not relevant

19  to this action or likely to lead to the discovery of admissible evidence. Mattel

20  further objects to this Request on the grounds that it calls for documents or

21  information in the possession, custody or control of MGA, including without

22  limitation documents and information that MGA has been compelled by Court

23  orders to produce but has not produced. Mattel further objects to this Request on

24  the grounds that it seeks confidential, proprietary and trade secret information,

25  including such information that has no bearing on the claims or defenses in this

26  case. Mattel further objects to this Request on the grounds that it calls for the

27  disclosure of information subject to the attorney-client privilege, the attorney work-

28  product doctrine and other applicable privileges.

1    Subject to the foregoing objections, Mattel responds as follows: Mattel will

2   produce responsive, non-privileged documents relating to Martin Hitch's

3   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

4   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

5   has been able to locate after a diligent search and reasonable inquiry, to the extent

6   not previously produced.

7    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 262:**

8    In addition to the general objections stated above which are incorporated

9   herein by reference, Mattel objects to this Request on the grounds that it is

10   overbroad, unduly burdensome and unintelligible, including in that it seeks all

11   documents on this subject without limitation as to time, and regardless of whether

12   such documents relate to products or matters at issue in this case. Mattel further

13   objects to the Request on the grounds that it seeks documents that are not relevant

14   to this action or likely to lead to the discovery of admissible evidence. Mattel

15   further objects to this Request on the grounds that it calls for documents or

16   information in the possession, custody or control of MGA, including without

17   limitation documents and information that MGA has been compelled by Court

18   orders to produce but has not produced. Mattel further objects to this Request on

19   the grounds that it seeks confidential, proprietary and trade secret information,

20   including such information that has no bearing on the claims or defenses in this

21   case. Mattel further objects to this Request on the grounds that it calls for the

22   disclosure of information subject to the attorney-client privilege, the attorney

23   work-product doctrine and other applicable privileges.

24    Subject to the foregoing objections, Mattel responds as follows: Mattel will

25   produce responsive, non-privileged documents relating to Martin Hitch's

26   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

27   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

28

1  has been able to locate after a diligent search and reasonable inquiry, to the extent

2  not previously produced.

3

4  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
   SHOULD BE COMPELLED**

5

6  Mattel has improperly limited its agreement to produce documents in

7  response to this request, subject to its improper boilerplate objections.  Mattel has

8  refused to confirm whether or not it has produced all non-privileged responsive

9  documents or whether it is withholding documents based on its objections in Phase

10  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

11  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

12  Generic objections that fail to explain the basis for an objection with specificity are

13  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

14  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

15  such as 'overly burdensome and harassing' are improper – especially when a party

16  fails to submit any evidentiary declarations supporting such objections").

17  Accordingly, Mattel must be compelled either to certify that it has produced all

18  non-privileged responsive documents or to produce all such documents by a date

19  certain.

20  To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.

22  As to overbreadth, Mattel provides no explanation, let alone the required

23  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

24  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

27  custody, or control concerning Hitch's alleged knowledge of "[d]esign and

28  development of Bratz and Bryant's work with or for MGA during his Mattel

1   employment" and "MGA business practices."  This area of information is taken

2   directly from Mattel's allegations regarding Hitch in its initial disclosures.

3   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

4   2007, p. 9).

5        As to burden, Mattel has not attempted to demonstrate why responding to

6   this request and/or producing responsive documents presents any burden.  This

7   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

8   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9   request is unduly burdensome must allege specific facts which indicate the nature

10  and extent of the burden, usually by affidavit or other reliable evidence.").

11  Moreover, it is not unduly burdensome, as noted above, in that the request is

12  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

13  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

14       This request does not seek documents protected by the attorney-client

15  privilege, the attorney work product doctrine, or other applicable privileges.  To the

16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17       This request seeks relevant information.  Mattel identified Hitch in its initial

18  disclosures an individual with discoverable knowledge regarding "[d]esign and

19  development of Bratz and Bryant's work with or for MGA during his Mattel

20  employment" and "MGA business practices."  Rutowski Decl. Ex. 56 (Mattel's

21  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 9).  Accordingly, Mattel's

22  initial disclosures demonstrate the relevance of this request.  Further, this

23  information is relevant to, among other things, Mattel's trade secret defense,

24  MGA's claims of trade dress infringement, and MGA's affirmative defenses of

25  statute of limitations and laches.

26       Mattel's objection that the request seeks information within MGA's

27  possession, custody or control is nonsensical and lacks factual support.  Mattel

28  makes no argument, let alone a factual showing, that any documents in MGA's

1   possession are duplicative of documents within Mattel's control.  MGA is entitled

2   to discovery from Mattel of documents within its possession, custody, or control

3   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

4   a conclusory statement that MGA also possesses responsive documents.

5       Mattel's objection that the request seeks confidential, proprietary, and trade

6   secret information should be disregarded.  The parties have entered into a protective

7   order in this matter, which governs the handling of confidential business

8   information.  Further, Mattel has put its confidential business information at issue

9   in this litigation, including but not limited to its trade secret misappropriation claim.

10  Accordingly, it cannot resist discovery of confidential business information.

11      Finally, Mattel has improperly limited its agreement to produce to "the facts

12  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

13  the individual is identified as being knowledgeable about certain topics in Mattel's

14  initial disclosures, Mattel's obligation to produce does not end with the facts that it

15  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

16  information from the individual on the topics identified, regardless of whether it

17  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

18  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

19  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

20  MGA might be excluding documents that are responsive to the request based upon

21  its unilateral determination of what is 'relevant' or 'sufficient.'").

22      None of Mattel's improper objections are valid and Mattel is obligated to

23  produce all non-privileged responsive documents in its possession, custody, or

24  control.

25

26

27

28

**REQUEST FOR PRODUCTION NO. 263:**

All DOCUMENTS REFERRING OR RELATING TO Hoi Hoffman-Briggs's alleged knowledge of "Bryant's breach of obligations to Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 263:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Hoi Hoffman- Briggs's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 263:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether

1  such documents relate to products or matters at issue in this case. Mattel further

2  objects to the Request on the grounds that it seeks documents that are not relevant

3  to this action or likely to lead to the discovery of admissible evidence. Mattel

4  further objects to this Request on the grounds that it seeks confidential, proprietary

5  and trade secret information, including such information that has no bearing on the

6  claims or defenses in this case. Mattel further objects to this Request on the grounds

7  that it calls for the disclosure of information subject to the attorney-client privilege,

8  the attorney work-product doctrine and other applicable privileges.

9       Subject to the foregoing objections, Mattel responds as follows: Mattel will

10  produce responsive, non-privileged documents relating to Hoi Hoffman-Briggs's

11  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

12  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

13  has been able to locate after a diligent search and reasonable inquiry, to the extent

14  not previously produced.

15

16  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

17

18       Mattel has improperly limited its agreement to produce documents in

19  response to this request, subject to its improper boilerplate objections.  Mattel has

20  refused to confirm whether or not it has produced all non-privileged responsive

21  documents or whether it is withholding documents based on its objections in Phase

22  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

23  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

24  Generic objections that fail to explain the basis for an objection with specificity are

25  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

26  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

27  such as 'overly burdensome and harassing' are improper – especially when a party

28  fails to submit any evidentiary declarations supporting such objections").

1  Accordingly, Mattel must be compelled either to certify that it has produced all

2  non-privileged responsive documents or to produce all such documents by a date

3  certain.

4      To the extent that Mattel is relying on its blanket objections, they are not

5  sustainable and do not justify Mattel's failure to produce documents.

6      As to overbreadth, Mattel provides no explanation, let alone the required

7  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

11  custody, or control concerning Hoffman-Briggs's alleged knowledge of "Bryant's

12  breach of obligations to Mattel."  This area of information is taken directly from

13  Mattel's allegations regarding Hoffman-Briggs in its initial disclosures.  Rutowski

14  Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 9).

15      As to burden, Mattel has not attempted to demonstrate why responding to

16  this request and/or producing responsive documents presents any burden.  This

17  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

18  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.").

21  Moreover, it is not unduly burdensome, as noted above, in that the request is

22  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

23  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

24      This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges.  To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27      This request seeks relevant information.  Mattel identified Hoffman-Briggs in

28  its initial disclosures an individual with discoverable knowledge regarding

1   "Bryant's breach of obligations to Mattel."  Rutowski Decl. Ex. 56 (Mattel's

2   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 9).  Accordingly, Mattel's

3   initial disclosures demonstrate the relevance of this request.  Further, this

4   information is relevant to, among other things, Mattel's trade secret defense and

5   MGA's affirmative defenses of statute of limitations and laches.

6       Mattel's objection that the request seeks confidential, proprietary, and trade

7   secret information should be disregarded.  The parties have entered into a protective

8   order in this matter, which governs the handling of confidential business

9   information.  Further, Mattel has put its confidential business information at issue

10  in this litigation, including but not limited to its trade secret misappropriation claim.

11  Accordingly, it cannot resist discovery of confidential business information.

12      Finally, Mattel has improperly limited its agreement to produce to "the facts

13  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

14  the individual is identified as being knowledgeable about certain topics in Mattel's

15  initial disclosures, Mattel's obligation to produce does not end with the facts that it

16  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

17  information from the individual on the topics identified, regardless of whether it

18  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

19  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

20  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

21  MGA might be excluding documents that are responsive to the request based upon

22  its unilateral determination of what is 'relevant' or 'sufficient.'").

23      None of Mattel's improper objections are valid and Mattel is obligated to

24  produce all non-privileged responsive documents in its possession, custody, or

25  control.

26

27

28

1 **REQUEST FOR PRODUCTION NO. 264:**

2      All DOCUMENTS in Hoi Hoffman-Briggs's possession or control

3 REFERRING OR RELATING TO his alleged knowledge of "Bryant's breach of

4 obligations to Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

5      **RESPONSE TO REQUEST NO. 264:**

6      In addition to the general objections stated above which are incorporated

7 herein by reference, Mattel objects to this Request on the grounds that it is

8 overbroad, unduly burdensome and unintelligible, including in that it seeks all

9 documents on this subject without limitation as to time, and regardless of whether

10 such documents relate to products or matters at issue in this case. Mattel further

11 objects to the Request on the grounds that it seeks documents that are not relevant

12 to this action or likely to lead to the discovery of admissible evidence. Mattel

13 further objects to this Request on the grounds that it seeks confidential, proprietary

14 and trade secret information, including such information that has no bearing on the

15 claims or defenses in this case. Mattel further objects to this Request on the grounds

16 that it calls for the disclosure of information subject to the attorney-client privilege,

17 the attorney work-product doctrine and other applicable privileges.

18      Subject to the foregoing objections, Mattel responds as follows: Mattel will

19 produce responsive, non-privileged documents relating to Hoi Hoffman- Briggs's

20 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

21 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

22 has been able to locate after a diligent search and reasonable inquiry, to the extent

23 not previously produced.

24      **SUPPLEMENTAL RESPONSE TO REQUEST NO. 264:**

25      In addition to the general objections stated above which are incorporated

26 herein by reference, Mattel objects to this Request on the grounds that it is

27 overbroad, unduly burdensome and unintelligible, including in that it seeks all

28 documents on this subject without limitation as to time, and regardless of whether

1  such documents relate to products or matters at issue in this case. Mattel further

2  objects to the Request on the grounds that it seeks documents that are not relevant

3  to this action or likely to lead to the discovery of admissible evidence. Mattel

4  further objects to this Request on the grounds that it seeks confidential, proprietary

5  and trade secret information, including such information that has no bearing on the

6  claims or defenses in this case. Mattel further objects to this Request on the grounds

7  that it calls for the disclosure of information subject to the attorney-client privilege,

8  the attorney work-product doctrine and other applicable privileges.

9      Subject to the foregoing objections, Mattel responds as follows: Mattel will

10 produce responsive, non-privileged documents relating to Hoi Hoffman- Briggs's

11 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

12 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

13 has been able to locate after a diligent search and reasonable inquiry, to the extent

14 not previously produced.

15

16 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
   SHOULD BE COMPELLED**

17

18      Mattel has improperly limited its agreement to produce documents in

19 response to this request, subject to its improper boilerplate objections.  Mattel has

20 refused to confirm whether or not it has produced all non-privileged responsive

21 documents or whether it is withholding documents based on its objections in Phase

22 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

23 must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

24 Generic objections that fail to explain the basis for an objection with specificity are

25 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

26 Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

27 such as 'overly burdensome and harassing' are improper – especially when a party

28 fails to submit any evidentiary declarations supporting such objections").

1   Accordingly, Mattel must be compelled either to certify that it has produced all

2   non-privileged responsive documents or to produce all such documents by a date

3   certain.

4       To the extent that Mattel is relying on its blanket objections, they are not

5   sustainable and do not justify Mattel's failure to produce documents.

6       As to overbreadth, Mattel provides no explanation, let alone the required

7   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

11  custody, or control concerning Hoffman-Briggs's alleged knowledge of "Bryant's

12  breach of obligations to Mattel."  This area of information is taken directly from

13  Mattel's allegations regarding Hoffman-Briggs in its initial disclosures.  Rutowski

14  Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 9).

15      As to burden, Mattel has not attempted to demonstrate why responding to

16  this request and/or producing responsive documents presents any burden.  This

17  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.").

21  Moreover, it is not unduly burdensome, as noted above, in that the request is

22  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

23  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

24      This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges.  To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27      This request seeks relevant information.  Mattel identified Hoffman-Briggs in

28  its initial disclosures an individual with discoverable knowledge regarding

1  "Bryant's breach of obligations to Mattel."  Rutowski Decl. Ex. 56 (Mattel's

2  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 9).  Accordingly, Mattel's

3  initial disclosures demonstrate the relevance of this request.  Further, this

4  information is relevant to, among other things, Mattel's trade secret defense and

5  MGA's affirmative defenses of statute of limitations and laches.

6         Mattel's objection that the request seeks confidential, proprietary, and trade

7  secret information should be disregarded.  The parties have entered into a protective

8  order in this matter, which governs the handling of confidential business

9  information.  Further, Mattel has put its confidential business information at issue

10  in this litigation, including but not limited to its trade secret misappropriation claim.

11  Accordingly, it cannot resist discovery of confidential business information.

12         Finally, Mattel has improperly limited its agreement to produce to "the facts

13  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

14  the individual is identified as being knowledgeable about certain topics in Mattel's

15  initial disclosures, Mattel's obligation to produce does not end with the facts that it

16  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

17  information from the individual on the topics identified, regardless of whether it

18  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

19  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

20  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

21  MGA might be excluding documents that are responsive to the request based upon

22  its unilateral determination of what is 'relevant' or 'sufficient.'").

23         None of Mattel's improper objections are valid and Mattel is obligated to

24  produce all non-privileged responsive documents in its possession, custody, or

25  control.

26

27

28

1 | **REQUEST FOR PRODUCTION NO. 265:**

2     All DOCUMENTS REFERRING OR RELATING TO Don Howarth's

3 alleged knowledge of "[d]evelopment of Bratz," as alleged in MATTEL'S INITIAL

4 DISCLOSURES.

5     **RESPONSE TO REQUEST NO. 265:**

6     In addition to the general objections stated above which are incorporated

7 herein by reference, Mattel objects to this Request on the grounds that it is

8 overbroad, unduly burdensome and unintelligible, including in that it seeks all

9 documents on this subject without limitation as to time, and regardless of whether

10 such documents relate to products or matters at issue in this case. Mattel further

11 objects to the Request on the grounds that it seeks documents that are not relevant

12 to this action or likely to lead to the discovery of admissible evidence. Mattel

13 further objects to this Request on the grounds that it calls for documents or

14 information in the possession, custody or control of MGA, including without

15 limitation documents and information that MGA has been compelled by Court

16 orders to produce but has not produced. Mattel further objects to this Request on

17 the grounds that it seeks confidential, proprietary and trade secret information,

18 including such information that has no bearing on the claims or defenses in this

19 case. Mattel further objects to this Request on the grounds that it calls for the

20 disclosure of information subject to the attorney-client privilege, the attorney work-

21 product doctrine and other applicable privileges.

22     Subject to the foregoing objections, Mattel responds as follows: Mattel will

23 produce responsive, non-privileged documents relating to Don Howarth's

24 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

25 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

26 has been able to locate after a diligent search and reasonable inquiry, to the extent

27 not previously produced.

28

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 265:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Don Howarth's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has

1  refused to confirm whether or not it has produced all non-privileged responsive

2  documents or whether it is withholding documents based on its objections in Phase

3  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

4  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

5  Generic objections that fail to explain the basis for an objection with specificity are

6  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

7  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

8  such as 'overly burdensome and harassing' are improper – especially when a party

9  fails to submit any evidentiary declarations supporting such objections").

10  Accordingly, Mattel must be compelled either to certify that it has produced all

11  non-privileged responsive documents or to produce all such documents by a date

12  certain.

13         To the extent that Mattel is relying on its blanket objections, they are not

14  sustainable and do not justify Mattel's failure to produce documents.

15         As to overbreadth, Mattel provides no explanation, let alone the required

16  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

17  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

18  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

19  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

20  custody, or control concerning Howarth's alleged knowledge of "[d]evelopment of

21  Bratz."  This area of information is taken directly from Mattel's allegations

22  regarding Howarth in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's

23  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 9).

24         As to burden, Mattel has not attempted to demonstrate why responding to

25  this request and/or producing responsive documents presents any burden.  This

26  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

27  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

28  request is unduly burdensome must allege specific facts which indicate the nature

1   and extent of the burden, usually by affidavit or other reliable evidence.").

2   Moreover, it is not unduly burdensome, as noted above, in that the request is

3   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

4   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

5        This request does not seek documents protected by the attorney-client

6   privilege, the attorney work product doctrine, or other applicable privileges.  To the

7   extent that Mattel contends that it does, Mattel must provide a privilege log.

8        This request seeks relevant information.  Mattel identified Howarth in its

9   initial disclosures an individual with discoverable knowledge regarding

10  "[d]evelopment of Bratz."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

11  Disclosures, dated Jan. 5, 2007, p. 9).  Accordingly, Mattel's initial disclosures

12  demonstrate the relevance of this request.  Further, this information is relevant to,

13  among other things, Mattel's trade secret defense, MGA's claims of trade dress

14  infringement, and MGA's affirmative defenses of statute of limitations and laches.

15       Mattel's objection that the request seeks information within MGA's

16  possession, custody or control is nonsensical and lacks factual support.  Mattel

17  makes no argument, let alone a factual showing, that any documents in MGA's

18  possession are duplicative of documents within Mattel's control.  MGA is entitled

19  to discovery from Mattel of documents within its possession, custody, or control

20  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

21  a conclusory statement that MGA also possesses responsive documents.

22       Mattel's objection that the request seeks confidential, proprietary, and trade

23  secret information should be disregarded.  The parties have entered into a protective

24  order in this matter, which governs the handling of confidential business

25  information.  Further, Mattel has put its confidential business information at issue

26  in this litigation, including but not limited to its trade secret misappropriation claim.

27  Accordingly, it cannot resist discovery of confidential business information.

28

1        Finally, Mattel has improperly limited its agreement to produce to "the facts

2   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

3   the individual is identified as being knowledgeable about certain topics in Mattel's

4   initial disclosures, Mattel's obligation to produce does not end with the facts that it

5   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

6   information from the individual on the topics identified, regardless of whether it

7   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

8   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

9   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

10  MGA might be excluding documents that are responsive to the request based upon

11  its unilateral determination of what is 'relevant' or 'sufficient.'").

12       None of Mattel's improper objections are valid and Mattel is obligated to

13  produce all non-privileged responsive documents in its possession, custody, or

14  control.

15

16  **REQUEST FOR PRODUCTION NO. 266:**

17       All DOCUMENTS REFERRING OR RELATING TO James Brian

18  Huntley's alleged knowledge of "MGA's access to Mattel's intellectual property

19  and trade secrets" and "MGA business practices," as alleged in MATTEL'S

20  INITIAL DISCLOSURES.

21       **RESPONSE TO REQUEST NO. 266:**

22       In addition to the general objections stated above which are incorporated

23  herein by reference, Mattel objects to this Request on the grounds that it is

24  overbroad, unduly burdensome and unintelligible, including in that it seeks all

25  documents on this subject without limitation as to time, and regardless of whether

26  such documents relate to products or matters at issue in this case. Mattel further

27  objects to the Request on the grounds that it seeks documents that are not relevant

28  to this action or likely to lead to the discovery of admissible evidence. Mattel

1 further objects to this Request on the grounds that it calls for documents or

2 information in the possession, custody or control of MGA, including without

3 limitation documents and information that MGA has been compelled by Court

4 orders to produce but has not produced. Mattel further objects to this Request on

5 the grounds that it seeks confidential, proprietary and trade secret information,

6 including such information that has no bearing on the claims or defenses in this

7 case. Mattel further objects to this Request on the grounds that it calls for the

8 disclosure of information subject to the attorney-client privilege, the attorney work-

9 product doctrine and other applicable privileges.

10     Subject to the foregoing objections, Mattel responds as follows: Mattel will

11 produce responsive, non-privileged documents relating to James Brian Huntley's

12 knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

13 Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

14 has been able to locate after a diligent search and reasonable inquiry, to the extent

15 not previously produced.

16     **SUPPLEMENTAL RESPONSE TO REQUEST NO. 266:**

17     In addition to the general objections stated above which are incorporated

18 herein by reference, Mattel objects to this Request on the grounds that it is

19 overbroad, unduly burdensome and unintelligible, including in that it seeks all

20 documents on this subject without limitation as to time, and regardless of whether

21 such documents relate to products or matters at issue in this case. Mattel further

22 objects to the Request on the grounds that it seeks documents that are not relevant

23 to this action or likely to lead to the discovery of admissible evidence. Mattel

24 further objects to this Request on the grounds that it calls for documents or

25 information in the possession, custody or control of MGA, including without

26 limitation documents and information that MGA has been compelled by Court

27 orders to produce but has not produced. Mattel further objects to this Request on

28 the grounds that it seeks confidential, proprietary and trade secret information,

- 347 -

1   including such information that has no bearing on the claims or defenses in this

2   case. Mattel further objects to this Request on the grounds that it calls for the

3   disclosure of information subject to the attorney-client privilege, the attorney work-

4   product doctrine and other applicable privileges.

5          Subject to the foregoing objections, Mattel responds as follows: Mattel will

6   produce responsive, non-privileged documents relating to James Brian Huntley's

7   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

8   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

9   has been able to locate after a diligent search and reasonable inquiry, to the extent

10  not previously produced.

11

12  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
13  **SHOULD BE COMPELLED**

14         Mattel has improperly limited its agreement to produce documents in

15  response to this request, subject to its improper boilerplate objections.  Mattel has

16  refused to confirm whether or not it has produced all non-privileged responsive

17  documents or whether it is withholding documents based on its objections in Phase

18  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

19  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

20  Generic objections that fail to explain the basis for an objection with specificity are

21  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

22  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

23  such as 'overly burdensome and harassing' are improper – especially when a party

24  fails to submit any evidentiary declarations supporting such objections").

25  Accordingly, Mattel must be compelled either to certify that it has produced all

26  non-privileged responsive documents or to produce all such documents by a date

27  certain.

28

1   To the extent that Mattel is relying on its blanket objections, they are not

2   sustainable and do not justify Mattel's failure to produce documents.

3   As to overbreadth, Mattel provides no explanation, let alone the required

4   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

8   custody, or control concerning Huntley's alleged knowledge of "MGA's access to

9   Mattel's intellectual property and trade secrets" and "MGA's business practices."

10   This area of information is taken directly from Mattel's allegations regarding

11   Huntley in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

12   Initial Disclosures, dated Jan. 5, 2007, p. 9).

13   As to burden, Mattel has not attempted to demonstrate why responding to

14   this request and/or producing responsive documents presents any burden.  This

15   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

16   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17   request is unduly burdensome must allege specific facts which indicate the nature

18   and extent of the burden, usually by affidavit or other reliable evidence.").

19   Moreover, it is not unduly burdensome, as noted above, in that the request is

20   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

21   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

22   This request does not seek documents protected by the attorney-client

23   privilege, the attorney work product doctrine, or other applicable privileges.  To the

24   extent that Mattel contends that it does, Mattel must provide a privilege log.

25   This request seeks relevant information.  Mattel identified Huntley in its

26   initial disclosures an individual with discoverable knowledge regarding "MGA's

27   access to Mattel's intellectual property and trade secrets" and "MGA business

28   practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

1   Jan. 5, 2007, p. 9).  Accordingly, Mattel's initial disclosures demonstrate the

2   relevance of this request.  Further, this information is relevant to, among other

3   things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

4   and MGA's affirmative defenses of statute of limitations and laches.

5        Mattel's objection that the request seeks information within MGA's

6   possession, custody or control is nonsensical and lacks factual support.  Mattel

7   makes no argument, let alone a factual showing, that any documents in MGA's

8   possession are duplicative of documents within Mattel's control.  MGA is entitled

9   to discovery from Mattel of documents within its possession, custody, or control

10  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

11  a conclusory statement that MGA also possesses responsive documents.

12       Mattel's objection that the request seeks confidential, proprietary, and trade

13  secret information should be disregarded.  The parties have entered into a protective

14  order in this matter, which governs the handling of confidential business

15  information.  Further, Mattel has put its confidential business information at issue

16  in this litigation, including but not limited to its trade secret misappropriation claim.

17  Accordingly, it cannot resist discovery of confidential business information.

18       Finally, Mattel has improperly limited its agreement to produce to "the facts

19  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

20  the individual is identified as being knowledgeable about certain topics in Mattel's

21  initial disclosures, Mattel's obligation to produce does not end with the facts that it

22  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

23  information from the individual on the topics identified, regardless of whether it

24  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

25  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

26  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

27  MGA might be excluding documents that are responsive to the request based upon

28  its unilateral determination of what is 'relevant' or 'sufficient.'").

1    None of Mattel's improper objections are valid and Mattel is obligated to

2  produce all non-privileged responsive documents in its possession, custody, or

3  control.

4

5  **REQUEST FOR PRODUCTION NO. 267:**

6    All DOCUMENTS REFERRING OR RELATING TO Ricardo Ibarra's

7  alleged knowledge of "MGA's theft of Mattel's intellectual property and trade

8  secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

9    **RESPONSE TO REQUEST NO. 267:**

10    In addition to the general objections stated above which are incorporated

11  herein by reference, Mattel objects to this Request on the grounds that it is

12  overbroad, unduly burdensome and unintelligible, including in that it seeks all

13  documents on this subject without limitation as to time, and regardless of whether

14  such documents relate to products or matters at issue in this case. Mattel further

15  objects to the Request on the grounds that it seeks documents that are not relevant

16  to this action or likely to lead to the discovery of admissible evidence. Mattel

17  further objects to this Request on the grounds that it seeks confidential, proprietary

18  and trade secret information, including such information that has no bearing on the

19  claims or defenses in this case. Mattel further objects to this Request on the grounds

20  that it calls for the disclosure of information subject to the attorney-client privilege,

21  the attorney work-product doctrine and other applicable privileges.

22    Subject to the foregoing objections, Mattel responds as follows: Mattel will

23  produce responsive, non-privileged documents relating to Ricardo Ibarra's

24  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

25  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

26  has been able to locate after a diligent search and reasonable inquiry, to the extent

27  not previously produced.

28

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 267:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Ricardo Ibarra's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

1   Generic objections that fail to explain the basis for an objection with specificity are
2   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.
3   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections
4   such as 'overly burdensome and harassing' are improper – especially when a party
5   fails to submit any evidentiary declarations supporting such objections").
6   Accordingly, Mattel must be compelled either to certify that it has produced all
7   non-privileged responsive documents or to produce all such documents by a date
8   certain.

9        To the extent that Mattel is relying on its blanket objections, they are not
10   sustainable and do not justify Mattel's failure to produce documents.

11        As to overbreadth, Mattel provides no explanation, let alone the required
12   particularity, as to *why* this request is supposedly overly broad, nor can it do so.
13   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
14   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
15   contrary, the request is narrowly tailored to seek documents in Mattel's possession,
16   custody, or control concerning Ibarra's alleged knowledge of "MGA's theft of
17   Mattel's intellectual property and trade secrets."  This area of information is taken
18   directly from Mattel's allegations regarding Ibarra in its initial disclosures.
19   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,
20   2007, p. 9).

21        As to burden, Mattel has not attempted to demonstrate why responding to
22   this request and/or producing responsive documents presents any burden.  This
23   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
24   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
25   request is unduly burdensome must allege specific facts which indicate the nature
26   and extent of the burden, usually by affidavit or other reliable evidence.").
27   Moreover, it is not unduly burdensome, as noted above, in that the request is

28

1    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

2    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

3        This request does not seek documents protected by the attorney-client

4    privilege, the attorney work product doctrine, or other applicable privileges.  To the

5    extent that Mattel contends that it does, Mattel must provide a privilege log.

6        This request seeks relevant information.  Mattel identified Ibarra in its initial

7    disclosures an individual with discoverable knowledge regarding "MGA's theft of

8    Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56 (Mattel's

9    Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 9).  Accordingly, Mattel's

10   initial disclosures demonstrate the relevance of this request.  Further, this

11   information is relevant to, among other things, Mattel's trade secret defense,

12   MGA's claims of trade dress infringement, and MGA's affirmative defenses of

13   statute of limitations and laches.

14       Mattel's objection that the request seeks confidential, proprietary, and trade

15   secret information should be disregarded.  The parties have entered into a protective

16   order in this matter, which governs the handling of confidential business

17   information.  Further, Mattel has put its confidential business information at issue

18   in this litigation, including but not limited to its trade secret misappropriation claim.

19   Accordingly, it cannot resist discovery of confidential business information.

20       Finally, Mattel has improperly limited its agreement to produce to "the facts

21   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

22   the individual is identified as being knowledgeable about certain topics in Mattel's

23   initial disclosures, Mattel's obligation to produce does not end with the facts that it

24   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

25   information from the individual on the topics identified, regardless of whether it

26   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

27   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

28   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

1   MGA might be excluding documents that are responsive to the request based upon

2   its unilateral determination of what is 'relevant' or 'sufficient.'").

3       None of Mattel's improper objections are valid and Mattel is obligated to

4   produce all non-privileged responsive documents in its possession, custody, or

5   control.

6

7   **REQUEST FOR PRODUCTION NO. 268:**

8       All DOCUMENTS in Ricardo Ibarra's possession or control REFERRING

9   OR RELATING TO his alleged knowledge of "MGA's theft of Mattel's

10  intellectual property and trade secrets," as alleged in MATTEL'S INITIAL

11  DISCLOSURES.

12      **RESPONSE TO REQUEST NO. 268:**

13      In addition to the general objections stated above which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is

15  overbroad, unduly burdensome and unintelligible, including in that it seeks all

16  documents on this subject without limitation as to time, and regardless of whether

17  such documents relate to products or matters at issue in this case. Mattel further

18  objects to the Request on the grounds that it seeks documents that are not relevant

19  to this action or likely to lead to the discovery of admissible evidence. Mattel

20  further objects to this Request on the grounds that it seeks confidential, proprietary

21  and trade secret information, including such information that has no bearing on the

22  claims or defenses in this case. Mattel further objects to this Request on the grounds

23  that it calls for the disclosure of information subject to the attorney-client privilege,

24  the attorney work-product doctrine and other applicable privileges.

25      Subject to the foregoing objections, Mattel responds as follows: Mattel will

26  produce responsive, non-privileged documents relating to Ricardo Ibarra's

27  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

28  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

1   has been able to locate after a diligent search and reasonable inquiry, to the extent

2   not previously produced.

3   **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 268:</u>**

4   In addition to the general objections stated above which are incorporated

5   herein by reference, Mattel objects to this Request on the grounds that it is

6   overbroad, unduly burdensome and unintelligible, including in that it seeks all

7   documents on this subject without limitation as to time, and regardless of whether

8   such documents relate to products or matters at issue in this case. Mattel further

9   objects to the Request on the grounds that it seeks documents that are not relevant

10  to this action or likely to lead to the discovery of admissible evidence. Mattel

11  further objects to this Request on the grounds that it seeks confidential, proprietary

12  and trade secret information, including such information that has no bearing on the

13  claims or defenses in this case. Mattel further objects to this Request on the grounds

14  that it calls for the disclosure of information subject to the attorney-client privilege,

15  the attorney work-product doctrine and other applicable privileges.

16  Subject to the foregoing objections, Mattel responds as follows: Mattel will

17  produce responsive, non-privileged documents relating to Ricardo Ibarra's

18  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

19  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

20  has been able to locate after a diligent search and reasonable inquiry, to the extent

21  not previously produced.

22

23  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
24  **SHOULD BE COMPELLED**

25  Mattel has improperly limited its agreement to produce documents in

26  response to this request, subject to its improper boilerplate objections.  Mattel has

27  refused to confirm whether or not it has produced all non-privileged responsive

28  documents or whether it is withholding documents based on its objections in Phase

1   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

2   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

3   Generic objections that fail to explain the basis for an objection with specificity are

4   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

5   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

6   such as 'overly burdensome and harassing' are improper – especially when a party

7   fails to submit any evidentiary declarations supporting such objections").

8   Accordingly, Mattel must be compelled either to certify that it has produced all

9   non-privileged responsive documents or to produce all such documents by a date

10  certain.

11          To the extent that Mattel is relying on its blanket objections, they are not

12  sustainable and do not justify Mattel's failure to produce documents.

13          As to overbreadth, Mattel provides no explanation, let alone the required

14  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

15  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

16  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

17  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

18  custody, or control concerning Ibarra's alleged knowledge of "MGA's theft of

19  Mattel's intellectual property and trade secrets."  This area of information is taken

20  directly from Mattel's allegations regarding Ibarra in its initial disclosures.

21  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

22  2007, p. 9).

23          As to burden, Mattel has not attempted to demonstrate why responding to

24  this request and/or producing responsive documents presents any burden.  This

25  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

26  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

27  request is unduly burdensome must allege specific facts which indicate the nature

28  and extent of the burden, usually by affidavit or other reliable evidence.").

1    Moreover, it is not unduly burdensome, as noted above, in that the request is
2    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA
3    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

4         This request does not seek documents protected by the attorney-client
5    privilege, the attorney work product doctrine, or other applicable privileges.  To the
6    extent that Mattel contends that it does, Mattel must provide a privilege log.

7         This request seeks relevant information.  Mattel identified Ibarra in its initial
8    disclosures an individual with discoverable knowledge regarding "MGA's theft of
9    Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56 (Mattel's
10   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 9).  Accordingly, Mattel's
11   initial disclosures demonstrate the relevance of this request.  Further, this
12   information is relevant to, among other things, Mattel's trade secret defense,
13   MGA's claims of trade dress infringement, and MGA's affirmative defenses of
14   statute of limitations and laches.

15        Mattel's objection that the request seeks confidential, proprietary, and trade
16   secret information should be disregarded.  The parties have entered into a protective
17   order in this matter, which governs the handling of confidential business
18   information.  Further, Mattel has put its confidential business information at issue
19   in this litigation, including but not limited to its trade secret misappropriation claim.
20   Accordingly, it cannot resist discovery of confidential business information.

21        Finally, Mattel has improperly limited its agreement to produce to "the facts
22   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that
23   the individual is identified as being knowledgeable about certain topics in Mattel's
24   initial disclosures, Mattel's obligation to produce does not end with the facts that it
25   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
26   information from the individual on the topics identified, regardless of whether it
27   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order
28   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

1   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

2   MGA might be excluding documents that are responsive to the request based upon

3   its unilateral determination of what is 'relevant' or 'sufficient.'").

4        None of Mattel's improper objections are valid and Mattel is obligated to

5   produce all non-privileged responsive documents in its possession, custody, or

6   control.

7

8   **REQUEST FOR PRODUCTION NO. 269:**

9        All DOCUMENTS in Mattel de Mexico, S.A. de C.V.'s possession or

10  control REFERRING OR RELATING TO Ricardo Ibarra's alleged knowledge of

11  "MGA's theft of Mattel's intellectual property and trade secrets," as alleged in

12  MATTEL'S INITIAL DISCLOSURES.

13       **RESPONSE TO REQUEST NO. 269:**

14       In addition to the general objections stated above which are incorporated

15  herein by reference, Mattel objects to this Request on the grounds that it is

16  overbroad, unduly burdensome and unintelligible, including in that it seeks all

17  documents on this subject without limitation as to time, and regardless of whether

18  such documents relate to products or matters at issue in this case. Mattel further

19  objects to the Request on the grounds that it seeks documents that are not relevant

20  to this action or likely to lead to the discovery of admissible evidence. Mattel

21  further objects to this Request on the grounds that it seeks confidential, proprietary

22  and trade secret information, including such information that has no bearing on the

23  claims or defenses in this case. Mattel further objects to this Request on the grounds

24  that it seeks documents that are not in the possession of Mattel, and any production

25  by Mattel pursuant to this Request is solely to facilitate discovery and does not

26  constitute a concession that Mattel de Mexico, S.A. de C.V. is under the control of

27  Mattel. Mattel further objects to this Request on the grounds that it calls for the

28

1   disclosure of information subject to the attorney-client privilege, the attorney work

2   product doctrine and other applicable privileges.

3       Subject to the foregoing objections, Mattel responds as follows: Mattel will

4   produce responsive, non-privileged documents relating to Ricardo Ibarra's

5   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

6   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

7   has been able to locate after a diligent search and reasonable inquiry, to the extent

8   not previously produced.

9       **SUPPLEMENTAL RESPONSE TO REQUEST NO. 269:**

10      In addition to the general objections stated above which are incorporated

11  herein by reference, Mattel objects to this Request on the grounds that it is

12  overbroad, unduly burdensome and unintelligible, including in that it seeks all

13  documents on this subject without limitation as to time, and regardless of whether

14  such documents relate to products or matters at issue in this case. Mattel further

15  objects to the Request on the grounds that it seeks documents that are not relevant

16  to this action or likely to lead to the discovery of admissible evidence. Mattel

17  further objects to this Request on the grounds that it seeks confidential, proprietary

18  and trade secret information, including such information that has no bearing on the

19  claims or defenses in this case. Mattel further objects to this Request on the grounds

20  that it seeks documents that are not in the possession of Mattel, and any production

21  by Mattel pursuant to this Request is solely to facilitate discovery and does not

22  constitute a concession that Mattel de Mexico, S.A. de C.V. is under the control of

23  Mattel. Mattel further objects to this Request on the grounds that it calls for the

24  disclosure of information subject to the attorney-client privilege, the attorney work-

25  product doctrine and other applicable privileges.

26      Subject to the foregoing objections, Mattel responds as follows: Mattel will

27  produce responsive, non-privileged documents relating to Ricardo Ibarra's

28  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

1  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

2  has been able to locate after a diligent search and reasonable inquiry, to the extent

3  not previously produced.

4

5  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
   **SHOULD BE COMPELLED**

6

7         Mattel has improperly limited its agreement to produce documents in

8  response to this request, subject to its improper boilerplate objections.  Mattel has

9  refused to confirm whether or not it has produced all non-privileged responsive

10  documents or whether it is withholding documents based on its objections in Phase

11  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

12  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

13  Generic objections that fail to explain the basis for an objection with specificity are

14  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

15  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

16  such as 'overly burdensome and harassing' are improper – especially when a party

17  fails to submit any evidentiary declarations supporting such objections").

18  Accordingly, Mattel must be compelled either to certify that it has produced all

19  non-privileged responsive documents or to produce all such documents by a date

20  certain.

21         To the extent that Mattel is relying on its blanket objections, they are not

22  sustainable and do not justify Mattel's failure to produce documents.

23         As to overbreadth, Mattel provides no explanation, let alone the required

24  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

25  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

26  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

27  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

28  custody, or control concerning Ibarra's alleged knowledge of "MGA's theft of

1    Mattel's intellectual property and trade secrets." This area of information is taken

2    directly from Mattel's allegations regarding Ibarra in its initial disclosures.

3    Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

4    2007, p. 9).

5         As to burden, Mattel has not attempted to demonstrate why responding to

6    this request and/or producing responsive documents presents any burden. This

7    objection must therefore be rejected. See Jackson v. Montgomery Ward & Co.,

8    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9    request is unduly burdensome must allege specific facts which indicate the nature

10   and extent of the burden, usually by affidavit or other reliable evidence.").

11   Moreover, it is not unduly burdensome, as noted above, in that the request is

12   narrowly tailored to seek only discoverable evidence. Mattel has alleged that MGA

13   misappropriated its trade secrets. MGA is entitled to discovery on this claim.

14        This request does not seek documents protected by the attorney-client

15   privilege, the attorney work product doctrine, or other applicable privileges. To the

16   extent that Mattel contends that it does, Mattel must provide a privilege log.

17        This request seeks relevant information. Mattel identified Ibarra in its initial

18   disclosures an individual with discoverable knowledge regarding "MGA's theft of

19   Mattel's intellectual property and trade secrets." Rutowski Decl. Ex. 56 (Mattel's

20   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 9). Accordingly, Mattel's

21   initial disclosures demonstrate the relevance of this request. Further, this

22   information is relevant to, among other things, Mattel's trade secret defense,

23   MGA's claims of trade dress infringement, and MGA's affirmative defenses of

24   statute of limitations and laches.

25        Mattel's objection that the request seeks confidential, proprietary, and trade

26   secret information should be disregarded. The parties have entered into a protective

27   order in this matter, which governs the handling of confidential business

28   information. Further, Mattel has put its confidential business information at issue

1   in this litigation, including but not limited to its trade secret misappropriation claim.

2   Accordingly, it cannot resist discovery of confidential business information.

3       Finally, Mattel has improperly limited its agreement to produce to "the facts

4   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

5   the individual is identified as being knowledgeable about certain topics in Mattel's

6   initial disclosures, Mattel's obligation to produce does not end with the facts that it

7   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

8   information from the individual on the topics identified, regardless of whether it

9   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

10  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

11  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

12  MGA might be excluding documents that are responsive to the request based upon

13  its unilateral determination of what is 'relevant' or 'sufficient.'").

14      None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession, custody, or

16  control.

17

18  **REQUEST FOR PRODUCTION NO. 270:**

19      All DOCUMENTS REFERRING OR RELATING TO Roberto Isaias's

20  alleged knowledge of "MGA's theft of Mattel's intellectual property and trade

21  secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

22      **RESPONSE TO REQUEST NO. 270:**

23      In addition to the general objections stated above which are incorporated

24  herein by reference, Mattel objects to this Request on the grounds that it is

25  overbroad, unduly burdensome and unintelligible, including in that it seeks all

26  documents on this subject without limitation as to time, and regardless of whether

27  such documents relate to products or matters at issue in this case. Mattel further

28  objects to the Request on the grounds that it seeks documents that are not relevant

- 363 -

1   to this action or likely to lead to the discovery of admissible evidence. Mattel

2   further objects to this Request on the grounds that it seeks confidential, proprietary

3   and trade secret information, including such information that has no bearing on the

4   claims or defenses in this case. Mattel further objects to this Request on the grounds

5   that it calls for the disclosure of information subject to the attorney-client privilege,

6   the attorney work-product doctrine and other applicable privileges.

7           Subject to the foregoing objections, Mattel responds as follows: Mattel will

8   produce responsive, non-privileged documents relating to Roberto Isaias's

9   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

10  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

11  has been able to locate after a diligent search and reasonable inquiry, to the extent

12  not previously produced.

13  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 270:**

14          In addition to the general objections stated above which are incorporated

15  herein by reference, Mattel objects to this Request on the grounds that it is

16  overbroad, unduly burdensome and unintelligible, including in that it seeks all

17  documents on this subject without limitation as to time, and regardless of whether

18  such documents relate to products or matters at issue in this case. Mattel further

19  objects to the Request on the grounds that it seeks documents that are not relevant

20  to this action or likely to lead to the discovery of admissible evidence. Mattel

21  further objects to this Request on the grounds that it seeks confidential, proprietary

22  and trade secret information, including such information that has no bearing on the

23  claims or defenses in this case. Mattel further objects to this Request on the grounds

24  that it calls for the disclosure of information subject to the attorney-client privilege,

25  the attorney work-product doctrine and other applicable privileges.

26          Subject to the foregoing objections, Mattel responds as follows: Mattel will

27  produce responsive, non-privileged documents relating to Roberto Isaias's

28  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

1   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

2   has been able to locate after a diligent search and reasonable inquiry, to the extent

3   not previously produced.

4

5   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

6

7        Mattel has improperly limited its agreement to produce documents in

8   response to this request, subject to its improper boilerplate objections.  Mattel has

9   refused to confirm whether or not it has produced all non-privileged responsive

10  documents or whether it is withholding documents based on its objections in Phase

11  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

12  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

13  Generic objections that fail to explain the basis for an objection with specificity are

14  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

15  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

16  such as 'overly burdensome and harassing' are improper – especially when a party

17  fails to submit any evidentiary declarations supporting such objections").

18  Accordingly, Mattel must be compelled either to certify that it has produced all

19  non-privileged responsive documents or to produce all such documents by a date

20  certain.

21        To the extent that Mattel is relying on its blanket objections, they are not

22  sustainable and do not justify Mattel's failure to produce documents.

23        As to overbreadth, Mattel provides no explanation, let alone the required

24  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

25  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

26  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

27  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

28  custody, or control concerning Isaias's alleged knowledge of "MGA's theft of

1   Mattel's intellectual property and trade secrets." This area of information is taken

2   directly from Mattel's allegations regarding Isaias in its initial disclosures.

3   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

4   2007, p. 9).

5       As to burden, Mattel has not attempted to demonstrate why responding to

6   this request and/or producing responsive documents presents any burden. This

7   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co.,

8   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9   request is unduly burdensome must allege specific facts which indicate the nature

10  and extent of the burden, usually by affidavit or other reliable evidence.").

11  Moreover, it is not unduly burdensome, as noted above, in that the request is

12  narrowly tailored to seek only discoverable evidence. Mattel has alleged that MGA

13  misappropriated its trade secrets. MGA is entitled to discovery on this claim.

14      This request does not seek documents protected by the attorney-client

15  privilege, the attorney work product doctrine, or other applicable privileges. To the

16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17      This request seeks relevant information. Mattel identified Isaias in its initial

18  disclosures an individual with discoverable knowledge regarding "MGA's theft of

19  Mattel's intellectual property and trade secrets." Rutowski Decl. Ex. 56 (Mattel's

20  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 9). Accordingly, Mattel's

21  initial disclosures demonstrate the relevance of this request. Further, this

22  information is relevant to, among other things, Mattel's trade secret defense,

23  MGA's claims of trade dress infringement, and MGA's affirmative defenses of

24  statute of limitations and laches.

25      Mattel's objection that the request seeks confidential, proprietary, and trade

26  secret information should be disregarded. The parties have entered into a protective

27  order in this matter, which governs the handling of confidential business

28  information. Further, Mattel has put its confidential business information at issue

1   in this litigation, including but not limited to its trade secret misappropriation claim.

2   Accordingly, it cannot resist discovery of confidential business information.

3          Finally, Mattel has improperly limited its agreement to produce to "the facts

4   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

5   the individual is identified as being knowledgeable about certain topics in Mattel's

6   initial disclosures, Mattel's obligation to produce does not end with the facts that it

7   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

8   information from the individual on the topics identified, regardless of whether it

9   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

10  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

11  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

12  MGA might be excluding documents that are responsive to the request based upon

13  its unilateral determination of what is 'relevant' or 'sufficient.'").

14         None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession, custody, or

16  control.

17

18  **REQUEST FOR PRODUCTION NO. 271:**

19         All DOCUMENTS in Roberto Isaias's possession or control REFERRING

20  OR RELATING TO his alleged knowledge of "MGA's theft of Mattel's

21  intellectual property and trade secrets," as alleged in MATTEL'S INITIAL

22  DISCLOSURES.

23         **RESPONSE TO REQUEST NO. 271:**

24         In addition to the general objections stated above which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it is

26  overbroad, unduly burdensome and unintelligible, including in that it seeks all

27  documents on this subject without limitation as to time, and regardless of whether

28  such documents relate to products or matters at issue in this case. Mattel further

1  objects to the Request on the grounds that it seeks documents that are not relevant

2  to this action or likely to lead to the discovery of admissible evidence. Mattel

3  further objects to this Request on the grounds that it seeks confidential, proprietary

4  and trade secret information, including such information that has no bearing on the

5  claims or defenses in this case. Mattel further objects to this Request on the grounds

6  that it calls for the disclosure of information subject to the attorney-client privilege,

7  the attorney work-product doctrine and other applicable privileges.

8        Subject to the foregoing objections, Mattel responds as follows: Mattel will

9  produce responsive, non-privileged documents relating to Roberto Isaias's

10  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

11  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

12  has been able to locate after a diligent search and reasonable inquiry, to the extent

13  not previously produced.

14      **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 271:</u>**

15        In addition to the general objections stated above which are incorporated

16  herein by reference, Mattel objects to this Request on the grounds that it s

17  overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case. Mattel further

20  objects to the Request on the grounds that it seeks documents that are not relevant

21  to this action or likely to lead to the discovery of admissible evidence. Mattel

22  further objects to this Request on the grounds that it seeks confidential, proprietary

23  and trade secret information, including such information that has no bearing on the

24  claims or defenses in this case. Mattel further objects to this Request on the grounds

25  that it calls for the disclosure of information subject to the attorney-client privilege,

26  the attorney work-product doctrine and other applicable privileges.

27        Subject to the foregoing objections, Mattel responds as follows: Mattel will

28  produce responsive, non-privileged documents relating to Roberto Isaias's

OHS West:260723198

- 368 -

1    knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

2    Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

3    has been able to locate after a diligent search and reasonable inquiry, to the extent

4    not previously produced.

5

6    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

7    **SHOULD BE COMPELLED**

8         Mattel has improperly limited its agreement to produce documents in

9    response to this request, subject to its improper boilerplate objections.  Mattel has

10   refused to confirm whether or not it has produced all non-privileged responsive

11   documents or whether it is withholding documents based on its objections in Phase

12   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

13   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

14   Generic objections that fail to explain the basis for an objection with specificity are

15   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

16   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

17   such as 'overly burdensome and harassing' are improper – especially when a party

18   fails to submit any evidentiary declarations supporting such objections").

19   Accordingly, Mattel must be compelled either to certify that it has produced all

20   non-privileged responsive documents or to produce all such documents by a date

21   certain.

22        To the extent that Mattel is relying on its blanket objections, they are not

23   sustainable and do not justify Mattel's failure to produce documents.

24        As to overbreadth, Mattel provides no explanation, let alone the required

25   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

1   custody, or control concerning Isaias's alleged knowledge of "MGA's theft of

2   Mattel's intellectual property and trade secrets."  This area of information is taken

3   directly from Mattel's allegations regarding Isaias in its initial disclosures.

4   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

5   2007, p. 9).

6        As to burden, Mattel has not attempted to demonstrate why responding to

7   this request and/or producing responsive documents presents any burden.  This

8   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

9   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10  request is unduly burdensome must allege specific facts which indicate the nature

11  and extent of the burden, usually by affidavit or other reliable evidence.").

12  Moreover, it is not unduly burdensome, as noted above, in that the request is

13  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

14  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

15       This request does not seek documents protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges.  To the

17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18       This request seeks relevant information.  Mattel identified Isaias in its initial

19  disclosures an individual with discoverable knowledge regarding "MGA's theft of

20  Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56 (Mattel's

21  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 9).  Accordingly, Mattel's

22  initial disclosures demonstrate the relevance of this request.  Further, this

23  information is relevant to, among other things, Mattel's trade secret defense,

24  MGA's claims of trade dress infringement, and MGA's affirmative defenses of

25  statute of limitations and laches.

26       Mattel's objection that the request seeks confidential, proprietary, and trade

27  secret information should be disregarded.  The parties have entered into a protective

28  order in this matter, which governs the handling of confidential business

1 information.  Further, Mattel has put its confidential business information at issue

2 in this litigation, including but not limited to its trade secret misappropriation claim.

3 Accordingly, it cannot resist discovery of confidential business information.

4   Finally, Mattel has improperly limited its agreement to produce to "the facts

5 at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

6 the individual is identified as being knowledgeable about certain topics in Mattel's

7 initial disclosures, Mattel's obligation to produce does not end with the facts that it

8 has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

9 information from the individual on the topics identified, regardless of whether it

10 supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

11 Granting Mattel's Motion to Compel Production of Documents and Interrogatory

12 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

13 MGA might be excluding documents that are responsive to the request based upon

14 its unilateral determination of what is 'relevant' or 'sufficient.'").

15   None of Mattel's improper objections are valid and Mattel is obligated to

16 produce all non-privileged responsive documents in its possession, custody, or

17 control.

18

19 **REQUEST FOR PRODUCTION NO. 272:**

20   All DOCUMENTS in Mattel Chile, S.A.'s possession or control

21 REFERRING OR RELATING TO Roberto Isaias's alleged knowledge of "MGA's

22 theft of Mattel's intellectual property and trade secrets," as alleged in MATTEL'S

23 INITIAL DISCLOSURES.

24   **RESPONSE TO REQUEST NO. 272:**

25   In addition to the general objections stated above which are incorporated

26 herein by reference, Mattel objects to this Request on the grounds that it is

27 overbroad, unduly burdensome and unintelligible, including in that it seeks all

28 documents on this subject without limitation as to time, and regardless of whether

1  such documents relate to products or matters at issue in this case. Mattel further

2  objects to the Request on the grounds that it seeks documents that are not relevant

3  to this action or likely to lead to the discovery of admissible evidence. Mattel

4  further objects to this Request on the grounds that it seeks confidential, proprietary

5  and trade secret information, including such information that has no bearing on the

6  claims or defenses in this case. Mattel further objects to this Request on the grounds

7  that it calls for the disclosure of information subject to the attorney-client privilege,

8  the attorney work-product doctrine and other applicable privileges.

9  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 272:**

10  In addition to the general objections stated above which are incorporated

11  herein by reference, Mattel objects to this Request on the grounds that it is

12  overbroad, unduly burdensome and unintelligible, including in that it seeks all

13  documents on this subject without limitation as to time, and regardless of whether

14  such documents relate to products or matters at issue in this case. Mattel further

15  objects to the Request on the grounds that it seeks documents that are not relevant

16  to this action or likely to lead to the discovery of admissible evidence. Mattel

17  further objects to this Request on the grounds that it seeks confidential, proprietary

18  and trade secret information, including such information that has no bearing on the

19  claims or defenses in this case. Mattel further objects to this Request on the grounds

20  that it calls for the disclosure of information subject to the attorney-client privilege,

21  the attorney work-product doctrine and other applicable privileges.

22

23  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
24  **SHOULD BE COMPELLED**

25  Mattel has improperly limited its agreement to produce documents in

26  response to this request, subject to its improper boilerplate objections.  Mattel has

27  refused to confirm whether or not it has produced all non-privileged responsive

28  documents or whether it is withholding documents based on its objections in Phase

1    2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

2    must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

3    Generic objections that fail to explain the basis for an objection with specificity are

4    routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

5    Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

6    such as 'overly burdensome and harassing' are improper – especially when a party

7    fails to submit any evidentiary declarations supporting such objections").

8    Accordingly, Mattel must be compelled either to certify that it has produced all

9    non-privileged responsive documents or to produce all such documents by a date

10   certain.

11        To the extent that Mattel is relying on its blanket objections, they are not

12   sustainable and do not justify Mattel's failure to produce documents.

13        As to overbreadth, Mattel provides no explanation, let alone the required

14   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

15   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

16   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

17   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

18   custody, or control concerning Isaias's alleged knowledge of "MGA's theft of

19   Mattel's intellectual property and trade secrets."  This area of information is taken

20   directly from Mattel's allegations regarding Isaias in its initial disclosures.

21   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

22   2007, p. 9).

23        As to burden, Mattel has not attempted to demonstrate why responding to

24   this request and/or producing responsive documents presents any burden.  This

25   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

26   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

27   request is unduly burdensome must allege specific facts which indicate the nature

28   and extent of the burden, usually by affidavit or other reliable evidence.").

1    Moreover, it is not unduly burdensome, as noted above, in that the request is

2    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

3    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

4        This request does not seek documents protected by the attorney-client

5    privilege, the attorney work product doctrine, or other applicable privileges.  To the

6    extent that Mattel contends that it does, Mattel must provide a privilege log.

7        This request seeks relevant information.  Mattel identified Isaias in its initial

8    disclosures an individual with discoverable knowledge regarding "MGA's theft of

9    Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56 (Mattel's

10   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 9).  Accordingly, Mattel's

11   initial disclosures demonstrate the relevance of this request.  Further, this

12   information is relevant to, among other things, Mattel's trade secret defense,

13   MGA's claims of trade dress infringement, and MGA's affirmative defenses of

14   statute of limitations and laches.

15       Mattel's objection that the request seeks confidential, proprietary, and trade

16   secret information should be disregarded.  The parties have entered into a protective

17   order in this matter, which governs the handling of confidential business

18   information.  Further, Mattel has put its confidential business information at issue

19   in this litigation, including but not limited to its trade secret misappropriation claim.

20   Accordingly, it cannot resist discovery of confidential business information.

21       Finally, Mattel has improperly limited its agreement to produce to "the facts

22   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

23   the individual is identified as being knowledgeable about certain topics in Mattel's

24   initial disclosures, Mattel's obligation to produce does not end with the facts that it

25   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

26   information from the individual on the topics identified, regardless of whether it

27   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

28   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

1   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

2   MGA might be excluding documents that are responsive to the request based upon

3   its unilateral determination of what is 'relevant' or 'sufficient.'").

4        None of Mattel's improper objections are valid and Mattel is obligated to

5   produce all non-privileged responsive documents in its possession, custody, or

6   control.

7

8   **REQUEST FOR PRODUCTION NO. 273:**

9        All DOCUMENTS REFERRING OR RELATING TO Alice C. Kao's

10  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

11  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

12  DISCLOSURES.

13       **RESPONSE TO REQUEST NO. 273:**

14       In addition to the general objections stated above which are incorporated

15  herein by reference, Mattel objects to this Request on the grounds that it is

16  overbroad, unduly burdensome and unintelligible, including in that it seeks all

17  documents on this subject without limitation as to time, and regardless of whether

18  such documents relate to products or matters at issue in this case. Mattel further

19  objects to the Request on the grounds that it seeks documents that are not relevant

20  to this action or likely to lead to the discovery of admissible evidence. Mattel

21  further objects to this Request on the grounds that it calls for documents or

22  information in the possession, custody or control of MGA, including without

23  limitation documents and information that MGA has been compelled by Court

24  orders to produce but has not produced. Mattel further objects to this Request on

25  the grounds that it seeks confidential, proprietary and trade secret information,

26  including such information that has no bearing on the claims or defenses in this

27  case. Mattel further objects to this Request on the grounds that it calls for the

28

1    disclosure of information subject to the attorney-client privilege, the attorney work-

2    product doctrine and other applicable privileges.

3        Subject to the foregoing objections, Mattel responds as follows: Mattel will

4    produce responsive, non-privileged documents relating to Alice C. Kao's

5    knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

6    Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

7    has been able to locate after a diligent search and reasonable inquiry, to the extent

8    not previously produced.

9        **SUPPLEMENTAL RESPONSE TO REQUEST NO. 273:**

10       In addition to the general objections stated above which are incorporated

11   herein by reference, Mattel objects to this Request on the grounds that it is

12   overbroad, unduly burdensome and unintelligible, including in that it seeks all

13   documents on this subject without limitation as to time, and regardless of whether

14   such documents relate to products or matters at issue in this case. Mattel further

15   objects to the Request on the grounds that it seeks documents that are not relevant

16   to this action or likely to lead to the discovery of admissible evidence. Mattel

17   further objects to this Request on the grounds that it calls for documents or

18   information in the possession, custody or control of MGA, including without

19   limitation documents and information that MGA has been compelled by Court

20   orders to produce but has not produced. Mattel further objects to this Request on

21   the grounds that it seeks confidential, proprietary and trade secret information,

22   including such information that has no bearing on the claims or defenses in this

23   case. Mattel further objects to this Request on the grounds that it calls for the

24   disclosure of information subject to the attorney-client privilege, the attorney work-

25   product doctrine and other applicable privileges.

26       Subject to the foregoing objections, Mattel responds as follows: Mattel will

27   produce responsive, non-privileged documents relating to Alice C. Kao's

28   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

1   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

2   has been able to locate after a diligent search and reasonable inquiry, to the extent

3   not previously produced.

4

5   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

6   **SHOULD BE COMPELLED**

7        Mattel has improperly limited its agreement to produce documents in

8   response to this request, subject to its improper boilerplate objections.  Mattel has

9   refused to confirm whether or not it has produced all non-privileged responsive

10  documents or whether it is withholding documents based on its objections in Phase

11  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

12  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

13  Generic objections that fail to explain the basis for an objection with specificity are

14  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

15  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

16  such as 'overly burdensome and harassing' are improper – especially when a party

17  fails to submit any evidentiary declarations supporting such objections").

18  Accordingly, Mattel must be compelled either to certify that it has produced all

19  non-privileged responsive documents or to produce all such documents by a date

20  certain.

21        To the extent that Mattel is relying on its blanket objections, they are not

22  sustainable and do not justify Mattel's failure to produce documents.

23        As to overbreadth, Mattel provides no explanation, let alone the required

24  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

25  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

26  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

27  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

28  custody, or control concerning Kao's alleged knowledge of "MGA's access to

1   Mattel's intellectual property and trade secrets" and "MGA's business practices."

2   This area of information is taken directly from Mattel's allegations regarding Kao

3   in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

4   Disclosures, dated Jan. 5, 2007, p. 9).

5       As to burden, Mattel has not attempted to demonstrate why responding to

6   this request and/or producing responsive documents presents any burden.  This

7   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

8   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9   request is unduly burdensome must allege specific facts which indicate the nature

10  and extent of the burden, usually by affidavit or other reliable evidence.").

11  Moreover, it is not unduly burdensome, as noted above, in that the request is

12  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

13  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

14      This request does not seek documents protected by the attorney-client

15  privilege, the attorney work product doctrine, or other applicable privileges.  To the

16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17      This request seeks relevant information.  Mattel identified Kao in its initial

18  disclosures an individual with discoverable knowledge regarding "MGA's access to

19  Mattel's intellectual property and trade secrets" and "MGA business practices."

20  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

21  2007, p. 9).  Accordingly, Mattel's initial disclosures demonstrate the relevance of

22  this request.  Further, this information is relevant to, among other things, Mattel's

23  trade secret defense, MGA's claims of trade dress infringement, and MGA's

24  affirmative defenses of statute of limitations and laches.

25      Mattel's objection that the request seeks information within MGA's

26  possession, custody or control is nonsensical and lacks factual support.  Mattel

27  makes no argument, let alone a factual showing, that any documents in MGA's

28  possession are duplicative of documents within Mattel's control.  MGA is entitled

1   to discovery from Mattel of documents within its possession, custody, or control

2   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

3   a conclusory statement that MGA also possesses responsive documents.

4        Mattel's objection that the request seeks confidential, proprietary, and trade

5   secret information should be disregarded.  The parties have entered into a protective

6   order in this matter, which governs the handling of confidential business

7   information.  Further, Mattel has put its confidential business information at issue

8   in this litigation, including but not limited to its trade secret misappropriation claim.

9   Accordingly, it cannot resist discovery of confidential business information.

10       Finally, Mattel has improperly limited its agreement to produce to "the facts

11  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

12  the individual is identified as being knowledgeable about certain topics in Mattel's

13  initial disclosures, Mattel's obligation to produce does not end with the facts that it

14  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

15  information from the individual on the topics identified, regardless of whether it

16  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

17  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

18  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

19  MGA might be excluding documents that are responsive to the request based upon

20  its unilateral determination of what is 'relevant' or 'sufficient.'").

21       None of Mattel's improper objections are valid and Mattel is obligated to

22  produce all non-privileged responsive documents in its possession, custody, or

23  control.

24

25  **REQUEST FOR PRODUCTION NO. 274:**

26       All DOCUMENTS REFERRING OR RELATING TO Kenneth

27  Kauffmann's alleged knowledge of "MGA's access to Mattel's intellectual property

28

1   and trade secrets" and "MGA business practices," as alleged in MATTEL'S

2   INITIAL DISCLOSURES.

3   **RESPONSE TO REQUEST NO. 274:**

4          In addition to the general objections stated above which are incorporated

5   herein by reference, Mattel objects to this Request on the grounds that it is

6   overbroad, unduly burdensome and unintelligible, including in that it seeks all

7   documents on this subject without limitation as to time, and regardless of whether

8   such documents relate to products or matters at issue in this case. Mattel further

9   objects to the Request on the grounds that it seeks documents that are not relevant

10  to this action or likely to lead to the discovery of admissible evidence. Mattel

11  further objects to this Request on the grounds that it calls for documents or

12  information in the possession, custody or control of MGA and/or Bryant, including

13  without limitation documents and information that MGA and Bryant have been

14  compelled by Court orders to produce but have not produced. Mattel further objects

15  to this Request on the grounds that it seeks confidential, proprietary and trade secret

16  information, including such information that has no bearing on the claims or

17  defenses in this case. Mattel further objects to this Request on the grounds that it

18  calls for the disclosure of information subject to the attorney-client privilege, the

19  attorney work-product doctrine and other applicable privileges.

20         Subject to the foregoing objections, Mattel responds as follows: Mattel will

21  produce responsive, non-privileged documents relating to Kenneth Kauffmann's

22  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

23  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

24  has been able to locate after a diligent search and reasonable inquiry, to the extent

25  not previously produced.

26  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 274:**

27         In addition to the general objections stated above which are incorporated

28  herein by reference, Mattel objects to this Request on the grounds that it is

1   overbroad, unduly burdensome and unintelligible, including in that it seeks all

2   documents on this subject without limitation as to time, and regardless of whether

3   such documents relate to products or matters at issue in this case. Mattel further

4   objects to the Request on the grounds that it seeks documents that are not relevant

5   to this action or likely to lead to the discovery of admissible evidence. Mattel

6   further objects to this Request on the grounds that it calls for documents or

7   information in the possession, custody or control of MGA and/or Bryant, including

8   without limitation documents and information that MGA and Bryant have been

9   compelled by Court orders to produce but have not produced. Mattel further objects

10  to this Request on the grounds that it seeks confidential, proprietary and trade secret

11  information, including such information that has no bearing on the claims or

12  defenses in this case. Mattel further objects to this Request on the grounds that it

13  calls for the disclosure of information subject to the attorney-client privilege, the

14  attorney work-product doctrine and other applicable privileges.

15      Subject to the foregoing objections, Mattel responds as follows: Mattel will

16  produce responsive, non-privileged documents relating to Kenneth Kauffmann's

17  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

18  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

19  has been able to locate after a diligent search and reasonable inquiry, to the extent

20  not previously produced.

21

22  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

23

24      Mattel has improperly limited its agreement to produce documents in

25  response to this request, subject to its improper boilerplate objections.  Mattel has

26  refused to confirm whether or not it has produced all non-privileged responsive

27  documents or whether it is withholding documents based on its objections in Phase

28  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

1    must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

2    Generic objections that fail to explain the basis for an objection with specificity are

3    routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

4    Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

5    such as 'overly burdensome and harassing' are improper – especially when a party

6    fails to submit any evidentiary declarations supporting such objections").

7    Accordingly, Mattel must be compelled either to certify that it has produced all

8    non-privileged responsive documents or to produce all such documents by a date

9    certain.

10          To the extent that Mattel is relying on its blanket objections, they are not

11   sustainable and do not justify Mattel's failure to produce documents.

12          As to overbreadth, Mattel provides no explanation, let alone the required

13   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

14   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

15   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

16   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

17   custody, or control concerning Kauffmann's alleged knowledge of "MGA's access

18   to Mattel's intellectual property and trade secrets" and "MGA's business practices."

19   This area of information is taken directly from Mattel's allegations regarding

20   Kauffmann in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

21   Initial Disclosures, dated Jan. 5, 2007, p. 10).

22          As to burden, Mattel has not attempted to demonstrate why responding to

23   this request and/or producing responsive documents presents any burden.  This

24   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

25   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

26   request is unduly burdensome must allege specific facts which indicate the nature

27   and extent of the burden, usually by affidavit or other reliable evidence.").

28   Moreover, it is not unduly burdensome, as noted above, in that the request is

1   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA
2   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

3        This request does not seek documents protected by the attorney-client
4   privilege, the attorney work product doctrine, or other applicable privileges.  To the
5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6        This request seeks relevant information.  Mattel identified Kauffmann in its
7   initial disclosures an individual with discoverable knowledge regarding "MGA's
8   access to Mattel's intellectual property and trade secrets" and "MGA business
9   practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
10  Jan. 5, 2007, p. 10).  Accordingly, Mattel's initial disclosures demonstrate the
11  relevance of this request.  Further, this information is relevant to, among other
12  things, Mattel's trade secret defense, MGA's claims of trade dress infringement,
13  and MGA's affirmative defenses of statute of limitations and laches.

14       Mattel's objection that the request seeks information within MGA's
15  possession, custody or control is nonsensical and lacks factual support.  Mattel
16  makes no argument, let alone a factual showing, that any documents in MGA's
17  possession are duplicative of documents within Mattel's control.  MGA is entitled
18  to discovery from Mattel of documents within its possession, custody, or control
19  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making
20  a conclusory statement that MGA also possesses responsive documents.

21       Mattel's objection that the request seeks confidential, proprietary, and trade
22  secret information should be disregarded.  The parties have entered into a protective
23  order in this matter, which governs the handling of confidential business
24  information.  Further, Mattel has put its confidential business information at issue
25  in this litigation, including but not limited to its trade secret misappropriation claim.
26  Accordingly, it cannot resist discovery of confidential business information.

27       Finally, Mattel has improperly limited its agreement to produce to "the facts
28  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

1   the individual is identified as being knowledgeable about certain topics in Mattel's

2   initial disclosures, Mattel's obligation to produce does not end with the facts that it

3   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

4   information from the individual on the topics identified, regardless of whether it

5   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

6   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

7   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

8   MGA might be excluding documents that are responsive to the request based upon

9   its unilateral determination of what is 'relevant' or 'sufficient.'").

10      None of Mattel's improper objections are valid and Mattel is obligated to

11   produce all non-privileged responsive documents in its possession, custody, or

12   control.

13

14   **REQUEST FOR PRODUCTION NO. 275:**

15      All DOCUMENTS REFERRING OR RELATING TO Alan Kaye's alleged

16   knowledge of "Bryant's breach of obligations to Mattel," as alleged in MATTEL'S

17   INITIAL DISCLOSURES.

18      **RESPONSE TO REQUEST NO. 275:**

19      In addition to the general objections stated above which are incorporated

20   herein by reference, Mattel objects to this Request on the grounds that it is

21   overbroad, unduly burdensome and unintelligible, including in that it seeks all

22   documents on this subject without limitation as to time, and regardless of whether

23   such documents relate to products or matters at issue in this case. Mattel further

24   objects to the Request on the grounds that it seeks documents that are not relevant

25   to this action or likely to lead to the discovery of admissible evidence. Mattel

26   further objects to this Request on the grounds that it seeks confidential, proprietary

27   and trade secret information, including such information that has no bearing on the

28   claims or defenses in this case. Mattel further objects to this Request on the grounds

1  that it calls for the disclosure of information subject to the attorney-client privilege,

2  the attorney work-product doctrine and other applicable privileges.

3       Subject to the foregoing objections, Mattel responds as follows: Mattel will

4  produce responsive, non-privileged documents relating to Alan Kaye's knowledge

5  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

6  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

7  locate after a diligent search and reasonable inquiry, to the extent not previously

8  produced.

9       **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 275:</u>**

10       In addition to the general objections stated above which are incorporated

11  herein by reference, Mattel objects to this Request on the grounds that it is

12  overbroad, unduly burdensome and unintelligible, including in that it seeks all

13  documents on this subject without limitation as to time, and regardless of whether

14  such documents relate to products or matters at issue in this case. Mattel further

15  objects to the Request on the grounds that it seeks documents that are not relevant

16  to this action or likely to lead to the discovery of admissible evidence. Mattel

17  further objects to this Request on the grounds that it seeks confidential, proprietary

18  and trade secret information, including such information that has no bearing on the

19  claims or defenses in this case. Mattel further objects to this Request on the grounds

20  that it calls for the disclosure of information subject to the attorney-client privilege,

21  the attorney work-product doctrine and other applicable privileges.

22       Subject to the foregoing objections, Mattel responds as follows: Mattel will

23  produce responsive, non-privileged documents relating to Alan Kaye's knowledge

24  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

25  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

26  locate after a diligent search and reasonable inquiry, to the extent not previously

27  produced.

28

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Kaye's alleged knowledge of "Bryant's breach of obligations to Mattel."  This area of information is taken directly from Mattel's allegations regarding Kaye in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 10).

1      As to burden, Mattel has not attempted to demonstrate why responding to

2  this request and/or producing responsive documents presents any burden.  This

3  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.").

7  Moreover, it is not unduly burdensome, as noted above, in that the request is

8  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10      This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13      This request seeks relevant information.  Mattel identified Kaye in its initial

14  disclosures an individual with discoverable knowledge regarding "Bryant's breach

15  of obligations to Mattel."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

16  Disclosures, dated Jan. 5, 2007, p. 10).  Accordingly, Mattel's initial disclosures

17  demonstrate the relevance of this request.  Further, this information is relevant to,

18  among other things, Mattel's trade secret defense and MGA's affirmative defenses

19  of statute of limitations and laches.

20      Mattel's objection that the request seeks confidential, proprietary, and trade

21  secret information should be disregarded.  The parties have entered into a protective

22  order in this matter, which governs the handling of confidential business

23  information.  Further, Mattel has put its confidential business information at issue

24  in this litigation, including but not limited to its trade secret misappropriation claim.

25  Accordingly, it cannot resist discovery of confidential business information.

26      Finally, Mattel has improperly limited its agreement to produce to "the facts

27  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

28  the individual is identified as being knowledgeable about certain topics in Mattel's

1  initial disclosures, Mattel's obligation to produce does not end with the facts that it

2  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

3  information from the individual on the topics identified, regardless of whether it

4  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

5  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

6  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

7  MGA might be excluding documents that are responsive to the request based upon

8  its unilateral determination of what is 'relevant' or 'sufficient.'").

9      None of Mattel's improper objections are valid and Mattel is obligated to

10  produce all non-privileged responsive documents in its possession, custody, or

11  control.

12

13  **REQUEST FOR PRODUCTION NO. 276:**

14      All DOCUMENTS in Alan Kaye's possession or control REFERRING OR

15  RELATING TO his alleged knowledge of "Bryant's breach of obligations to

16  Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

17      **RESPONSE TO REQUEST NO. 276:**

18      In addition to the general objections stated above which are incorporated

19  herein by reference, Mattel objects to this Request on the grounds that it is

20  overbroad, unduly burdensome and unintelligible, including in that it seeks all

21  documents on this subject without limitation as to time, and regardless of whether

22  such documents relate to products or matters at issue in this case. Mattel further

23  objects to the Request on the grounds that it seeks documents that are not relevant

24  to this action or likely to lead to the discovery of admissible evidence. Mattel

25  further objects to this Request on the grounds that it seeks confidential, proprietary

26  and trade secret information, including such information that has no bearing on the

27  claims or defenses in this case. Mattel further objects to this Request on the grounds

28

1    that it calls for the disclosure of information subject to the attorney-client privilege,

2    the attorney work-product doctrine and other applicable privileges.

3         Subject to the foregoing objections, Mattel responds as follows: Mattel will

4    produce responsive, non-privileged documents relating to Alan Kaye's knowledge

5    of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

6    are in Mattel's possession, custody, or control, if any, that Mattel has been able to

7    locate after a diligent search and reasonable inquiry, to the extent not previously

8    produced.

9         **SUPPLEMENTAL RESPONSE TO REQUEST NO. 276:**

10        In addition to the general objections stated above which are incorporated

11   herein by reference, Mattel objects to this Request on the grounds that it is

12   overbroad, unduly burdensome and unintelligible, including in that it seeks all

13   documents on this subject without limitation as to time, and regardless of whether

14   such documents relate to products or matters at issue in this case. Mattel further

15   objects to the Request on the grounds that it seeks documents that are not relevant

16   to this action or likely to lead to the discovery of admissible evidence. Mattel

17   further objects to this Request on the grounds that it seeks confidential, proprietary

18   and trade secret information, including such information that has no bearing on the

19   claims or defenses in this case. Mattel further objects to this Request on the grounds

20   that it calls for the disclosure of information subject to the attorney-client privilege,

21   the attorney work-product doctrine and other applicable privileges.

22        Subject to the foregoing objections, Mattel responds as follows: Mattel will

23   produce responsive, non-privileged documents relating to Alan Kaye's knowledge

24   of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

25   are in Mattel's possession, custody, or control, if any, that Mattel has been able to

26   locate after a diligent search and reasonable inquiry, to the extent not previously

27   produced.

28

1    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

2

3        Mattel has improperly limited its agreement to produce documents in

4    response to this request, subject to its improper boilerplate objections.  Mattel has

5    refused to confirm whether or not it has produced all non-privileged responsive

6    documents or whether it is withholding documents based on its objections in Phase

7    2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

8    must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

9    Generic objections that fail to explain the basis for an objection with specificity are

10   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

11   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

12   such as 'overly burdensome and harassing' are improper – especially when a party

13   fails to submit any evidentiary declarations supporting such objections").

14   Accordingly, Mattel must be compelled either to certify that it has produced all

15   non-privileged responsive documents or to produce all such documents by a date

16   certain.

17        To the extent that Mattel is relying on its blanket objections, they are not

18   sustainable and do not justify Mattel's failure to produce documents.

19        As to overbreadth, Mattel provides no explanation, let alone the required

20   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

21   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

24   custody, or control concerning Kaye's alleged knowledge of "Bryant's breach of

25   obligations to Mattel."  This area of information is taken directly from Mattel's

26   allegations regarding Kaye in its initial disclosures.  Rutowski Decl. Ex. 56

27   (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 10).

28

1    As to burden, Mattel has not attempted to demonstrate why responding to

2   this request and/or producing responsive documents presents any burden.  This

3   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5   request is unduly burdensome must allege specific facts which indicate the nature

6   and extent of the burden, usually by affidavit or other reliable evidence.").

7   Moreover, it is not unduly burdensome, as noted above, in that the request is

8   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10    This request does not seek documents protected by the attorney-client

11   privilege, the attorney work product doctrine, or other applicable privileges.  To the

12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13    This request seeks relevant information.  Mattel identified Kaye in its initial

14   disclosures an individual with discoverable knowledge regarding "Bryant's breach

15   of obligations to Mattel."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

16   Disclosures, dated Jan. 5, 2007, p. 10).  Accordingly, Mattel's initial disclosures

17   demonstrate the relevance of this request.  Further, this information is relevant to,

18   among other things, Mattel's trade secret defense and MGA's affirmative defenses

19   of statute of limitations and laches.

20    Mattel's objection that the request seeks confidential, proprietary, and trade

21   secret information should be disregarded.  The parties have entered into a protective

22   order in this matter, which governs the handling of confidential business

23   information.  Further, Mattel has put its confidential business information at issue

24   in this litigation, including but not limited to its trade secret misappropriation claim.

25   Accordingly, it cannot resist discovery of confidential business information.

26    Finally, Mattel has improperly limited its agreement to produce to "the facts

27   at issue in this litigation as alleged in Mattel's Initial Disclosures."  While true that

28   the individual is identified as being knowledgeable about certain topics in Mattel's

1   initial disclosures, Mattel's obligation to produce does not end with the facts that it

2   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

3   information from the individual on the topics identified, regardless of whether it

4   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

5   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

6   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

7   MGA might be excluding documents that are responsive to the request based upon

8   its unilateral determination of what is 'relevant' or 'sufficient.'").

9        None of Mattel's improper objections are valid and Mattel is obligated to

10  produce all non-privileged responsive documents in its possession, custody, or

11  control.

12

13  **REQUEST FOR PRODUCTION NO. 277:**

14       All DOCUMENTS REFERRING OR RELATING TO Tim Kilpin's alleged

15  knowledge of "[t]he development and ownership of intellectual property at issue,"

16  as alleged in MATTEL'S INITIAL DISCLOSURES.

17       **RESPONSE TO REQUEST NO. 277:**

18       In addition to the general objections stated above which are incorporated

19  herein by reference, Mattel objects to this Request on the grounds that it is

20  overbroad, unduly burdensome and unintelligible, including in that it seeks all

21  documents on this subject without limitation as to time, and regardless of whether

22  such documents relate to products or matters at issue in this case. Mattel further

23  objects to the Request on the grounds that it seeks documents that are not relevant

24  to this action or likely to lead to the discovery of admissible evidence. Mattel

25  further objects to this Request on the grounds that it seeks confidential, proprietary

26  and trade secret information, including such information that has no bearing on the

27  claims or defenses in this case. Mattel further objects to this Request on the grounds

28

1   that it calls for the disclosure of information subject to the attorney-client privilege,

2   the attorney work-product doctrine and other applicable privileges.

3          Subject to the foregoing objections, Mattel responds as follows: Mattel will

4   produce responsive, non-privileged documents relating to Tim Kilpin's knowledge

5   of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

6   are in Mattel's possession, custody, or control, if any, that Mattel has been able to

7   locate after a diligent search and reasonable inquiry, to the extent not previously

8   produced.

9          **SUPPLEMENTAL RESPONSE TO REQUEST NO. 277:**

10         In addition to the general objections stated above which are incorporated

11  herein by reference, Mattel objects to this Request on the grounds that it is

12  overbroad, unduly burdensome and unintelligible, including in that it seeks all

13  documents on this subject without limitation as to time, and regardless of whether

14  such documents relate to products or matters at issue in this case. Mattel further

15  objects to the Request on the grounds that it seeks documents that are not relevant

16  to this action or likely to lead to the discovery of admissible evidence. Mattel

17  further objects to this Request on the grounds that it seeks confidential, proprietary

18  and trade secret information, including such information that has no bearing on the

19  claims or defenses in this case. Mattel further objects to this Request on the grounds

20  that it calls for the disclosure of information subject to the attorney-client privilege,

21  the attorney work-product doctrine and other applicable privileges.

22         Subject to the foregoing objections, Mattel responds as follows: Mattel will

23  produce responsive, non-privileged documents relating to Tim Kilpin's knowledge

24  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

25  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

26  locate after a diligent search and reasonable inquiry, to the extent not previously

27  produced.

28

1

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

2

3      Mattel has improperly limited its agreement to produce documents in

4   response to this request, subject to its improper boilerplate objections.  Mattel has

5   refused to confirm whether or not it has produced all non-privileged responsive

6   documents or whether it is withholding documents based on its objections in Phase

7   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

8   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

9   Generic objections that fail to explain the basis for an objection with specificity are

10   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

11   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

12   such as 'overly burdensome and harassing' are improper – especially when a party

13   fails to submit any evidentiary declarations supporting such objections").

14   Accordingly, Mattel must be compelled either to certify that it has produced all

15   non-privileged responsive documents or to produce all such documents by a date

16   certain.

17      To the extent that Mattel is relying on its blanket objections, they are not

18   sustainable and do not justify Mattel's failure to produce documents.

19      As to overbreadth, Mattel provides no explanation, let alone the required

20   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

21   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

24   custody, or control concerning Kilpin's alleged knowledge of "[t]he development

25   and ownership of intellectual property at issue."  This area of information is taken

26   directly from Mattel's allegations regarding Kilpin in its initial disclosures.

27   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

28   2007, p. 10).

1       As to burden, Mattel has not attempted to demonstrate why responding to

2   this request and/or producing responsive documents presents any burden.  This

3   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5   request is unduly burdensome must allege specific facts which indicate the nature

6   and extent of the burden, usually by affidavit or other reliable evidence.").

7   Moreover, it is not unduly burdensome, as noted above, in that the request is

8   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10       This request does not seek documents protected by the attorney-client

11   privilege, the attorney work product doctrine, or other applicable privileges.  To the

12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13       This request seeks relevant information.  Mattel identified Kilpin in its initial

14   disclosures an individual with discoverable knowledge regarding "[t]he

15   development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

16   56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 10).

17   Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

18   Further, this information is relevant to, among other things, Mattel's trade secret

19   defense and MGA's claims of trade dress infringement.

20       Mattel's objection that the request seeks confidential, proprietary, and trade

21   secret information should be disregarded.  The parties have entered into a protective

22   order in this matter, which governs the handling of confidential business

23   information.  Further, Mattel has put its confidential business information at issue

24   in this litigation, including but not limited to its trade secret misappropriation claim.

25   Accordingly, it cannot resist discovery of confidential business information.

26       Finally, Mattel has improperly limited its agreement to produce to "the facts

27   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

28   the individual is identified as being knowledgeable about certain topics in Mattel's

1   initial disclosures, Mattel's obligation to produce does not end with the facts that it

2   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

3   information from the individual on the topics identified, regardless of whether it

4   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

5   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

6   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

7   MGA might be excluding documents that are responsive to the request based upon

8   its unilateral determination of what is 'relevant' or 'sufficient.'").

9         None of Mattel's improper objections are valid and Mattel is obligated to

10   produce all non-privileged responsive documents in its possession, custody, or

11   control.

12

13   **REQUEST FOR PRODUCTION NO. 278:**

14         All DOCUMENTS in Tim Kilpin's possession or control REFERRING OR

15   RELATING TO his alleged knowledge of "[t]he development and ownership of

16   intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

17         **RESPONSE TO REQUEST NO. 278:**

18         In addition to the general objections stated above which are incorporated

19   herein by reference, Mattel objects to this Request on the grounds that it is

20   overbroad, unduly burdensome and unintelligible, including in that it seeks all

21   documents on this subject without limitation as to time, and regardless of whether

22   such documents relate to products or matters at issue in this case. Mattel further

23   objects to the Request on the grounds that it seeks documents that are not relevant

24   to this action or likely to lead to the discovery of admissible evidence. Mattel

25   further objects to this Request on the grounds that it seeks confidential, proprietary

26   and trade secret information, including such information that has no bearing on the

27   claims or defenses in this case. Mattel further objects to this Request on the grounds

28

1   that it calls for the disclosure of information subject to the attorney-client privilege,

2   the attorney work-product doctrine and other applicable privileges.

3        Subject to the foregoing objections, Mattel responds as follows: Mattel will

4   produce responsive, non-privileged documents relating to Tim Kilpin's knowledge

5   of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

6   are in Mattel's possession, custody, or control, if any, that Mattel has been able to

7   locate after a diligent search and reasonable inquiry, to the extent not previously

8   produced.

9   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 278:**

10        In addition to the general objections stated above which are incorporated

11   herein by reference, Mattel objects to this Request on the grounds that it is

12   overbroad, unduly burdensome and unintelligible, including in that it seeks all

13   documents on this subject without limitation as to time, and regardless of whether

14   such documents relate to products or matters at issue in this case. Mattel further

15   objects to the Request on the grounds that it seeks documents that are not relevant

16   to this action or likely to lead to the discovery of admissible evidence. Mattel

17   further objects to this Request on the grounds that it seeks confidential, proprietary

18   and trade secret information, including such information that has no bearing on the

19   claims or defenses in this case. Mattel further objects to this Request on the grounds

20   that it calls for the disclosure of information subject to the attorney-client privilege,

21   the attorney work-product doctrine and other applicable privileges.

22        Subject to the foregoing objections, Mattel responds as follows: Mattel will

23   produce responsive, non-privileged documents relating to Tim Kilpin's knowledge

24   of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

25   are in Mattel's possession, custody, or control, if any, that Mattel has been able to

26   locate after a diligent search and reasonable inquiry, to the extent not previously

27   produced.

28

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Kilpin's alleged knowledge of "[t]he development and ownership of intellectual property at issue."  This area of information is taken directly from Mattel's allegations regarding Kilpin in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 10).

1      As to burden, Mattel has not attempted to demonstrate why responding to

2   this request and/or producing responsive documents presents any burden.  This

3   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5   request is unduly burdensome must allege specific facts which indicate the nature

6   and extent of the burden, usually by affidavit or other reliable evidence.").

7   Moreover, it is not unduly burdensome, as noted above, in that the request is

8   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10      This request does not seek documents protected by the attorney-client

11   privilege, the attorney work product doctrine, or other applicable privileges.  To the

12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13      This request seeks relevant information.  Mattel identified Kilpin in its initial

14   disclosures an individual with discoverable knowledge regarding "[t]he

15   development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

16   56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 10).

17   Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

18   Further, this information is relevant to, among other things, Mattel's trade secret

19   defense and MGA's claims of trade dress infringement.

20      Mattel's objection that the request seeks confidential, proprietary, and trade

21   secret information should be disregarded.  The parties have entered into a protective

22   order in this matter, which governs the handling of confidential business

23   information.  Further, Mattel has put its confidential business information at issue

24   in this litigation, including but not limited to its trade secret misappropriation claim.

25   Accordingly, it cannot resist discovery of confidential business information.

26      Finally, Mattel has improperly limited its agreement to produce to "the facts

27   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

28   the individual is identified as being knowledgeable about certain topics in Mattel's

1   initial disclosures, Mattel's obligation to produce does not end with the facts that it

2   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

3   information from the individual on the topics identified, regardless of whether it

4   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

5   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

6   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

7   MGA might be excluding documents that are responsive to the request based upon

8   its unilateral determination of what is 'relevant' or 'sufficient.'").

9       None of Mattel's improper objections are valid and Mattel is obligated to

10  produce all non-privileged responsive documents in its possession, custody, or

11  control.

12

13  **REQUEST FOR PRODUCTION NO. 279:**

14      All DOCUMENTS REFERRING OR RELATING TO Joyce Chi Hee Kim's

15  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

16  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

17  DISCLOSURES.

18      **RESPONSE TO REQUEST NO. 279:**

19      In addition to the general objections stated above which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is

21  overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case. Mattel further

24  objects to the Request on the grounds that it seeks documents that are not relevant

25  to this action or likely to lead to the discovery of admissible evidence. Mattel

26  further objects to this Request on the grounds that it calls for documents or

27  information in the possession, custody or control of MGA, including without

28  limitation documents and information that MGA has been compelled by Court

- 400 -

1   orders to produce but has not produced. Mattel further objects to this Request on

2   the grounds that it seeks confidential, proprietary and trade secret information,

3   including such information that has no bearing on the claims or defenses in this

4   case. Mattel further objects to this Request on the grounds that it calls for the

5   disclosure of information subject to the attorney-client privilege, the attorney work-

6   product doctrine and other applicable privileges.

7        Subject to the foregoing objections, Mattel responds as follows: Mattel will

8   produce responsive, non-privileged documents relating to Joyce Chi Hee

9   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

10  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

11  has been able to locate after a diligent search and reasonable inquiry, to the extent

12  not previously produced.

13       **SUPPLEMENTAL RESPONSE TO REQUEST NO. 279:**

14       In addition to the general objections stated above which are incorporated

15  herein by reference, Mattel objects to this Request on the grounds that is overbroad,

16  unduly burdensome and unintelligible, including in that it seeks all documents on

17  this subject without limitation as to time, and regardless of whether such documents

18  relate to products or matters at issue in this case. Mattel further objects to the

19  Request on the grounds that it seeks documents that are not relevant to this action

20  or likely to lead to the discovery of admissible evidence. Mattel further objects to

21  this Request on the grounds that it calls for documents or information in the

22  possession, custody or control of MGA, including without limitation documents

23  and information that MGA has been compelled by Court orders to produce but has

24  not produced. Mattel further objects to this Request on the grounds that it seeks

25  confidential, proprietary and trade secret information, including such information

26  that has no bearing on the claims or defenses in this case. Mattel further objects to

27  this Request on the grounds that it calls for the disclosure of information subject to

28

1    the attorney-client privilege, the attorney work-product doctrine and other

2    applicable privileges.

3           Subject to the foregoing objections, Mattel responds as follows: Mattel will

4    produce responsive, non-privileged documents relating to Joyce Chi Hee

5    knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

6    Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

7    has been able to locate after a diligent search and reasonable inquiry, to the extent

8    not previously produced.

9

10   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**

11

12          Mattel has improperly limited its agreement to produce documents in

13   response to this request, subject to its improper boilerplate objections.  Mattel has

14   refused to confirm whether or not it has produced all non-privileged responsive

15   documents or whether it is withholding documents based on its objections in Phase

16   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18   Generic objections that fail to explain the basis for an objection with specificity are

19   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21   such as 'overly burdensome and harassing' are improper – especially when a party

22   fails to submit any evidentiary declarations supporting such objections").

23   Accordingly, Mattel must be compelled either to certify that it has produced all

24   non-privileged responsive documents or to produce all such documents by a date

25   certain.

26          To the extent that Mattel is relying on its blanket objections, they are not

27   sustainable and do not justify Mattel's failure to produce documents.

28

1    As to overbreadth, Mattel provides no explanation, let alone the required

2    particularity, as to **why** this request is supposedly overly broad, nor can it do so.

3    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5    contrary, the request is narrowly tailored to seek documents in Mattel's possession,

6    custody, or control concerning Kim's alleged knowledge of "MGA's access to

7    Mattel's intellectual property and trade secrets" and "MGA's business practices."

8    This area of information is taken directly from Mattel's allegations regarding Kim

9    in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

10   Disclosures, dated Jan. 5, 2007, p. 10).

11   As to burden, Mattel has not attempted to demonstrate why responding to

12   this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

14   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.").

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

19   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

20   This request does not seek documents protected by the attorney-client

21   privilege, the attorney work product doctrine, or other applicable privileges.  To the

22   extent that Mattel contends that it does, Mattel must provide a privilege log.

23   This request seeks relevant information.  Mattel identified Kim in its initial

24   disclosures an individual with discoverable knowledge regarding "MGA's access to

25   Mattel's intellectual property and trade secrets" and "MGA business practices."

26   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

27   2007, p. 10).  Accordingly, Mattel's initial disclosures demonstrate the relevance of

28   this request.  Further, this information is relevant to, among other things, Mattel's

1   trade secret defense, MGA's claims of trade dress infringement, and MGA's

2   affirmative defenses of statute of limitations and laches.

3        Mattel's objection that the request seeks information within MGA's

4   possession, custody or control is nonsensical and lacks factual support.  Mattel

5   makes no argument, let alone a factual showing, that any documents in MGA's

6   possession are duplicative of documents within Mattel's control.  MGA is entitled

7   to discovery from Mattel of documents within its possession, custody, or control

8   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

9   a conclusory statement that MGA also possesses responsive documents.

10        Mattel's objection that the request seeks confidential, proprietary, and trade

11   secret information should be disregarded.  The parties have entered into a protective

12   order in this matter, which governs the handling of confidential business

13   information.  Further, Mattel has put its confidential business information at issue

14   in this litigation, including but not limited to its trade secret misappropriation claim.

15   Accordingly, it cannot resist discovery of confidential business information.

16        Finally, Mattel has improperly limited its agreement to produce to "the facts

17   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

18   the individual is identified as being knowledgeable about certain topics in Mattel's

19   initial disclosures, Mattel's obligation to produce does not end with the facts that it

20   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

21   information from the individual on the topics identified, regardless of whether it

22   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

23   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

24   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

25   MGA might be excluding documents that are responsive to the request based upon

26   its unilateral determination of what is 'relevant' or 'sufficient.'").

27

28

1    None of Mattel's improper objections are valid and Mattel is obligated to

2  produce all non-privileged responsive documents in its possession, custody, or

3  control.

4

5  **REQUEST FOR PRODUCTION NO. 280:**

6    All DOCUMENTS REFERRING OR RELATING TO Young Kim's alleged

7  knowledge of "MGA's access to Mattel's intellectual property and trade secrets"

8  and "MGA business practices," as alleged in MATTEL'S INITIAL

9  DISCLOSURES.

10   **RESPONSE TO REQUEST NO. 280:**

11    In addition to the general objections stated above which are incorporated

12  herein by reference, Mattel objects to this Request on the grounds that it is

13  overbroad, unduly burdensome and unintelligible, including in that it seeks all

14  documents on this subject without limitation as to time, and regardless of whether

15  such documents relate to products or matters at issue in this case. Mattel further

16  objects to the Request on the grounds that it seeks documents that are not relevant

17  to this action or likely to lead to the discovery of admissible evidence. Mattel

18  further objects to this Request on the grounds that it calls for documents or

19  information in the possession, custody or control of MGA, including without

20  limitation documents and information that MGA has been compelled by Court

21  orders to produce but has not produced. Mattel further objects to this Request on

22  the grounds that it seeks confidential, proprietary and trade secret information,

23  including such information that has no bearing on the claims or defenses in this

24  case. Mattel further objects to this Request on the grounds that it calls for the

25  disclosure of information subject to the attorney-client privilege, the attorney work-

26  product doctrine and other applicable privileges.

27    Subject to the foregoing objections, Mattel responds as follows: Mattel will

28  produce responsive, non-privileged documents relating to Young Kim's knowledge

- 405 -

1  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

2  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

3  locate after a diligent search and reasonable inquiry, to the extent not previously

4  produced.

5  **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 280:</u>**

6  In addition to the general objections stated above which are incorporated

7  herein by reference, Mattel objects to this Request on the grounds that it is

8  overbroad, unduly burdensome and unintelligible, including in that it seeks all

9  documents on this subject without limitation as to time, and regardless of whether

10  such documents relate to products or matters at issue in this case. Mattel further

11  objects to the Request on the grounds that it seeks documents that are not relevant

12  to this action or likely to lead to the discovery of admissible evidence. Mattel

13  further objects to this Request on the grounds that it calls for documents or

14  information in the possession, custody or control of MGA, including without

15  limitation documents and information that MGA has been compelled by Court

16  orders to produce but has not produced. Mattel further objects to this Request on

17  the grounds that it seeks confidential, proprietary and trade secret information,

18  including such information that has no bearing on the claims or defenses in this

19  case. Mattel further objects to this Request on the grounds that it calls for the

20  disclosure of information subject to the attorney-client privilege, the attorney work-

21  product doctrine and other applicable privileges.

22  Subject to the foregoing objections, Mattel responds as follows: Mattel will

23  produce responsive, non-privileged documents relating to Young Kim's knowledge

24  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

25  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

26  locate after a diligent search and reasonable inquiry, to the extent not previously

27  produced.

28

1

2

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

3    Mattel has improperly limited its agreement to produce documents in

4  response to this request, subject to its improper boilerplate objections.  Mattel has

5  refused to confirm whether or not it has produced all non-privileged responsive

6  documents or whether it is withholding documents based on its objections in Phase

7  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

8  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

9  Generic objections that fail to explain the basis for an objection with specificity are

10  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

11  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

12  such as 'overly burdensome and harassing' are improper – especially when a party

13  fails to submit any evidentiary declarations supporting such objections").

14  Accordingly, Mattel must be compelled either to certify that it has produced all

15  non-privileged responsive documents or to produce all such documents by a date

16  certain.

17    To the extent that Mattel is relying on its blanket objections, they are not

18  sustainable and do not justify Mattel's failure to produce documents.

19    As to overbreadth, Mattel provides no explanation, let alone the required

20  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

21  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

24  custody, or control concerning Kim's alleged knowledge of "MGA's access to

25  Mattel's intellectual property and trade secrets" and "MGA's business practices."

26  This area of information is taken directly from Mattel's allegations regarding Kim

27  in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

28  Disclosures, dated Jan. 5, 2007, p. 10).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

This request seeks relevant information.  Mattel identified Kim in its initial disclosures an individual with discoverable knowledge regarding "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 10).  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.  Further, this information is relevant to, among other things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and MGA's affirmative defenses of statute of limitations and laches.

Mattel's objection that the request seeks information within MGA's possession, custody or control is nonsensical and lacks factual support.  Mattel makes no argument, let alone a factual showing, that any documents in MGA's possession are duplicative of documents within Mattel's control.  MGA is entitled to discovery from Mattel of documents within its possession, custody, or control that relate to the subject of this suit.  Mattel cannot avoid this obligation by making a conclusory statement that MGA also possesses responsive documents.

1    Mattel's objection that the request seeks confidential, proprietary, and trade

2    secret information should be disregarded.  The parties have entered into a protective

3    order in this matter, which governs the handling of confidential business

4    information.  Further, Mattel has put its confidential business information at issue

5    in this litigation, including but not limited to its trade secret misappropriation claim.

6    Accordingly, it cannot resist discovery of confidential business information.

7    Finally, Mattel has improperly limited its agreement to produce to "the facts

8    at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

9    the individual is identified as being knowledgeable about certain topics in Mattel's

10   initial disclosures, Mattel's obligation to produce does not end with the facts that it

11   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

12   information from the individual on the topics identified, regardless of whether it

13   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

14   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

15   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

16   MGA might be excluding documents that are responsive to the request based upon

17   its unilateral determination of what is 'relevant' or 'sufficient.'").

18   None of Mattel's improper objections are valid and Mattel is obligated to

19   produce all non-privileged responsive documents in its possession, custody, or

20   control.

21

22   **REQUEST FOR PRODUCTION NO. 281:**

23   All DOCUMENTS REFERRING OR RELATING TO Kristen L. Kirst's

24   alleged knowledge of "MGA's access to Mattel's intellectual property and trade

25   secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

26   DISCLOSURES.

27

28

## RESPONSE TO REQUEST NO. 281:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Kristen L. Kirst's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 281:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether

such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Kristen L. Kirst's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are

1    routinely rejected in the Central District.  <u>See</u> <u>A. Farber and Partners, Inc. v.</u>

2    <u>Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

3    such as 'overly burdensome and harassing' are improper – especially when a party

4    fails to submit any evidentiary declarations supporting such objections").

5    Accordingly, Mattel must be compelled either to certify that it has produced all

6    non-privileged responsive documents or to produce all such documents by a date

7    certain.

8         To the extent that Mattel is relying on its blanket objections, they are not

9    sustainable and do not justify Mattel's failure to produce documents.

10        As to overbreadth, Mattel provides no explanation, let alone the required

11    particularity, as to **why** this request is supposedly overly broad, nor can it do so.

12    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

13    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14    contrary, the request is narrowly tailored to seek documents in Mattel's possession,

15    custody, or control concerning Kirst's alleged knowledge of "MGA's access to

16    Mattel's intellectual property and trade secrets" and "MGA's business practices."

17    This area of information is taken directly from Mattel's allegations regarding Kirst

18    in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

19    Disclosures, dated Jan. 5, 2007, p. 10).

20        As to burden, Mattel has not attempted to demonstrate why responding to

21    this request and/or producing responsive documents presents any burden.  This

22    objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

23    <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24    request is unduly burdensome must allege specific facts which indicate the nature

25    and extent of the burden, usually by affidavit or other reliable evidence.").

26    Moreover, it is not unduly burdensome, as noted above, in that the request is

27    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

28    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

1      This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4      This request seeks relevant information.  Mattel identified Kirst in its initial

5    disclosures an individual with discoverable knowledge regarding "MGA's access to

6    Mattel's intellectual property and trade secrets" and "MGA business practices."

7    Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

8    2007, p. 10).  Accordingly, Mattel's initial disclosures demonstrate the relevance of

9    this request.  Further, this information is relevant to, among other things, Mattel's

10    trade secret defense, MGA's claims of trade dress infringement, and MGA's

11    affirmative defenses of statute of limitations and laches.

12      Mattel's objection that the request seeks information within MGA's

13    possession, custody or control is nonsensical and lacks factual support.  Mattel

14    makes no argument, let alone a factual showing, that any documents in MGA's

15    possession are duplicative of documents within Mattel's control.  MGA is entitled

16    to discovery from Mattel of documents within its possession, custody, or control

17    that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

18    a conclusory statement that MGA also possesses responsive documents.

19      Mattel's objection that the request seeks confidential, proprietary, and trade

20    secret information should be disregarded.  The parties have entered into a protective

21    order in this matter, which governs the handling of confidential business

22    information.  Further, Mattel has put its confidential business information at issue

23    in this litigation, including but not limited to its trade secret misappropriation claim.

24    Accordingly, it cannot resist discovery of confidential business information.

25      Finally, Mattel has improperly limited its agreement to produce to "the facts

26    at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

27    the individual is identified as being knowledgeable about certain topics in Mattel's

28    initial disclosures, Mattel's obligation to produce does not end with the facts that it

1  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

2  information from the individual on the topics identified, regardless of whether it

3  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

4  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

5  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

6  MGA might be excluding documents that are responsive to the request based upon

7  its unilateral determination of what is 'relevant' or 'sufficient.'").

8         None of Mattel's improper objections are valid and Mattel is obligated to

9  produce all non-privileged responsive documents in its possession, custody, or

10  control.

11

12  **REQUEST FOR PRODUCTION NO. 282:**

13         All DOCUMENTS REFERRING OR RELATING TO Joel N. Klevins's

14  alleged knowledge of "[d]evelopment of Bratz," as alleged in MATTEL'S INITIAL

15  DISCLOSURES.

16         **RESPONSE TO REQUEST NO. 282:**

17         In addition to the general objections stated above which are incorporated

18  herein by reference, Mattel objects to this Request on the grounds that it is

19  overbroad, unduly burdensome and unintelligible, including in that it seeks all

20  documents on this subject without limitation as to time, and regardless of whether

21  such documents relate to products or matters at issue in this case. Mattel further

22  objects to this Request on the grounds that it calls for documents or information in

23  the possession, custody or control of MGA, including without limitation documents

24  and information that MGA has been compelled by Court orders to produce but has

25  not produced. Mattel further objects to this Request on the grounds that it seeks

26  confidential, proprietary and trade secret information, including such information

27  that has no bearing on the claims or defenses in this case. Mattel further objects to

28  this Request on the grounds that it calls for the disclosure of information subject to

1   the attorney-client privilege, the attorney work-product doctrine and other

2   applicable privileges.

3        Subject to the foregoing objections, Mattel responds as follows: Mattel will

4   produce responsive, non-privileged documents relating to Joel N. Klevins's

5   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

6   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

7   has been able to locate after a diligent search and reasonable inquiry, to the extent

8   not previously produced.

9        **SUPPLEMENTAL RESPONSE TO REQUEST NO. 282:**

10       In addition to the general objections stated above which are incorporated

11  herein by reference, Mattel objects to this Request on the grounds that it is

12  overbroad, unduly burdensome and unintelligible, including in that it seeks all

13  documents on this subject without limitation as to time, and regardless of whether

14  such documents relate to products or matters at issue in this case. Mattel further

15  objects to this Request on the grounds that it calls for documents or information in

16  the possession, custody or control of MGA, including without limitation documents

17  and information that MGA has been compelled by Court orders to produce but has

18  not produced. Mattel further objects to this Request on the grounds that it seeks

19  confidential, proprietary and trade secret information, including such information

20  that has no bearing on the claims or defenses in this case. Mattel further objects to

21  this Request on the grounds that it calls for the disclosure of information subject to

22  the attorney-client privilege, the attorney work-product doctrine and other

23  applicable privileges.

24       Subject to the foregoing objections, Mattel responds as follows: Mattel will

25  produce responsive, non-privileged documents relating to Joel N. Klevins's

26  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

27  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

28

1   has been able to locate after a diligent search and reasonable inquiry, to the extent

2   not previously produced.

3

4   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

5

6       Mattel has improperly limited its agreement to produce documents in

7   response to this request, subject to its improper boilerplate objections.  Mattel has

8   refused to confirm whether or not it has produced all non-privileged responsive

9   documents or whether it is withholding documents based on its objections in Phase

10   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

11   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

12   Generic objections that fail to explain the basis for an objection with specificity are

13   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

14   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

15   such as 'overly burdensome and harassing' are improper – especially when a party

16   fails to submit any evidentiary declarations supporting such objections").

17   Accordingly, Mattel must be compelled either to certify that it has produced all

18   non-privileged responsive documents or to produce all such documents by a date

19   certain.

20       To the extent that Mattel is relying on its blanket objections, they are not

21   sustainable and do not justify Mattel's failure to produce documents.

22       As to overbreadth, Mattel provides no explanation, let alone the required

23   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

24   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

27   custody, or control concerning Klevins's alleged knowledge of "[d]evelopment of

28   Bratz."  This area of information is taken directly from Mattel's allegations

1    regarding Klevins in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's

2    Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 10).

3         As to burden, Mattel has not attempted to demonstrate why responding to

4    this request and/or producing responsive documents presents any burden.  This

5    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

6    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7    request is unduly burdensome must allege specific facts which indicate the nature

8    and extent of the burden, usually by affidavit or other reliable evidence.").

9    Moreover, it is not unduly burdensome, as noted above, in that the request is

10   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

11   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

12        This request does not seek documents protected by the attorney-client

13   privilege, the attorney work product doctrine, or other applicable privileges.  To the

14   extent that Mattel contends that it does, Mattel must provide a privilege log.

15        This request seeks relevant information.  Mattel identified Klevins in its

16   initial disclosures an individual with discoverable knowledge regarding

17   "[d]evelopment of Bratz."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

18   Disclosures, dated Jan. 5, 2007, p. 10).  Accordingly, Mattel's initial disclosures

19   demonstrate the relevance of this request.  Further, this information is relevant to,

20   among other things, Mattel's trade secret defense, MGA's claims of trade dress

21   infringement, and MGA's affirmative defenses of statute of limitations and laches.

22        Mattel's objection that the request seeks information within MGA's

23   possession, custody or control is nonsensical and lacks factual support.  Mattel

24   makes no argument, let alone a factual showing, that any documents in MGA's

25   possession are duplicative of documents within Mattel's control.  MGA is entitled

26   to discovery from Mattel of documents within its possession, custody, or control

27   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

28   a conclusory statement that MGA also possesses responsive documents.

Mattel's objection that the request seeks confidential, proprietary, and trade secret information should be disregarded.  The parties have entered into a protective order in this matter, which governs the handling of confidential business information.  Further, Mattel has put its confidential business information at issue in this litigation, including but not limited to its trade secret misappropriation claim.  Accordingly, it cannot resist discovery of confidential business information.

Finally, Mattel has improperly limited its agreement to produce to "the facts at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that the individual is identified as being knowledgeable about certain topics in Mattel's initial disclosures, Mattel's obligation to produce does not end with the facts that it has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive information from the individual on the topics identified, regardless of whether it supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that MGA might be excluding documents that are responsive to the request based upon its unilateral determination of what is 'relevant' or 'sufficient.'").

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.


**REQUEST FOR PRODUCTION NO. 283:**

All DOCUMENTS REFERRING OR RELATING TO Andreas Koch's alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or for MGA during his Mattel employment" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 283:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA and/or Bryant, including without limitation documents and information that MGA and Bryant have been compelled by Court orders to produce but have not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Andreas Koch's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 283:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether

1  such documents relate to products or matters at issue in this case. Mattel further

2  objects to the Request on the grounds that it seeks documents that are not relevant

3  to this action or likely to lead to the discovery of admissible evidence. Mattel

4  further objects to this Request on the grounds that it calls for documents or

5  information in the possession, custody or control of MGA and/or Bryant, including

6  without limitation documents and information that MGA and Bryant have been

7  compelled by Court orders to produce but have not produced. Mattel further objects

8  to this Request on the grounds that it seeks confidential, proprietary and trade secret

9  information, including such information that has no bearing on the claims or

10  defenses in this case. Mattel further objects to this Request on the grounds that it

11  calls for the disclosure of information subject to the attorney-client privilege, the

12  attorney work-product doctrine and other applicable privileges.

13       Subject to the foregoing objections, Mattel responds as follows: Mattel will

14  produce responsive, non-privileged documents relating to Andreas Koch's

15  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

16  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

17  has been able to locate after a diligent search and reasonable inquiry, to the extent

18  not previously produced.

19

20       **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

21       **SHOULD BE COMPELLED**

22       Mattel has improperly limited its agreement to produce documents in

23  response to this request, subject to its improper boilerplate objections.  Mattel has

24  refused to confirm whether or not it has produced all non-privileged responsive

25  documents or whether it is withholding documents based on its objections in Phase

26  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

27  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

28  Generic objections that fail to explain the basis for an objection with specificity are

1  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

2  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

3  such as 'overly burdensome and harassing' are improper – especially when a party

4  fails to submit any evidentiary declarations supporting such objections").

5  Accordingly, Mattel must be compelled either to certify that it has produced all

6  non-privileged responsive documents or to produce all such documents by a date

7  certain.

8      To the extent that Mattel is relying on its blanket objections, they are not

9  sustainable and do not justify Mattel's failure to produce documents.

10     As to overbreadth, Mattel provides no explanation, let alone the required

11 particularity, as to **why** this request is supposedly overly broad, nor can it do so.

12 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

13 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14 contrary, the request is narrowly tailored to seek documents in Mattel's possession,

15 custody, or control concerning Koch's alleged knowledge of "[d]esign and

16 development of Bratz and Bryant's work with or for MGA during his Mattel

17 employment" and "MGA business practices."  This area of information is taken

18 directly from Mattel's allegations regarding Koch in its initial disclosures.

19 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

20 2007, p. 10).

21     As to burden, Mattel has not attempted to demonstrate why responding to

22 this request and/or producing responsive documents presents any burden.  This

23 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

24 Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

25 request is unduly burdensome must allege specific facts which indicate the nature

26 and extent of the burden, usually by affidavit or other reliable evidence.").

27 Moreover, it is not unduly burdensome, as noted above, in that the request is

28

1    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA
2    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

3        This request does not seek documents protected by the attorney-client
4    privilege, the attorney work product doctrine, or other applicable privileges.  To the
5    extent that Mattel contends that it does, Mattel must provide a privilege log.

6        This request seeks relevant information.  Mattel identified Koch in its initial
7    disclosures an individual with discoverable knowledge regarding "[d]esign and
8    development of Bratz and Bryant's work with or for MGA during his Mattel
9    employment" and "MGA business practices."  Rutowski Decl. Ex. 56 (Mattel's
10   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 10).  Accordingly, Mattel's
11   initial disclosures demonstrate the relevance of this request.  Further, this
12   information is relevant to, among other things, Mattel's trade secret defense,
13   MGA's claims of trade dress infringement, and MGA's affirmative defenses of
14   statute of limitations and laches.

15       Mattel's objection that the request seeks information within MGA's
16   possession, custody or control is nonsensical and lacks factual support.  Mattel
17   makes no argument, let alone a factual showing, that any documents in MGA's
18   possession are duplicative of documents within Mattel's control.  MGA is entitled
19   to discovery from Mattel of documents within its possession, custody, or control
20   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making
21   a conclusory statement that MGA also possesses responsive documents.

22       Mattel's objection that the request seeks confidential, proprietary, and trade
23   secret information should be disregarded.  The parties have entered into a protective
24   order in this matter, which governs the handling of confidential business
25   information.  Further, Mattel has put its confidential business information at issue
26   in this litigation, including but not limited to its trade secret misappropriation claim.
27   Accordingly, it cannot resist discovery of confidential business information.

28

Finally, Mattel has improperly limited its agreement to produce to "the facts at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that the individual is identified as being knowledgeable about certain topics in Mattel's initial disclosures, Mattel's obligation to produce does not end with the facts that it has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive information from the individual on the topics identified, regardless of whether it supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that MGA might be excluding documents that are responsive to the request based upon its unilateral determination of what is 'relevant' or 'sufficient.'").

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 284:**

All DOCUMENTS REFERRING OR RELATING TO Ellen F. Komatsu's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 284:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel

1   further objects to this Request on the grounds that it calls for documents or

2   information in the possession, custody or control of MGA, including without

3   limitation documents and information that MGA has been compelled by Court

4   orders to produce but has not produced. Mattel further objects to this Request on

5   the grounds that it seeks confidential, proprietary and trade secret information,

6   including such information that has no bearing on the claims or defenses in this

7   case. Mattel further objects to this Request on the grounds that it calls for the

8   disclosure of information subject to the attorney-client privilege, the attorney work-

9   product doctrine and other applicable privileges.

10      Subject to the foregoing objections, Mattel responds as follows: Mattel will

11  produce responsive, non-privileged documents relating to Ellen F. Komatsu's

12  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

13  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

14  has been able to locate after a diligent search and reasonable inquiry, to the extent

15  not previously produced.

16  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 284:**

17      In addition to the general objections stated above which are incorporated

18  herein by reference, Mattel objects to this Request on the grounds that it is

19  overbroad, unduly burdensome and unintelligible, including in that it seeks all

20  documents on this subject without limitation as to time, and regardless of whether

21  such documents relate to products or matters at issue in this case. Mattel further

22  objects to the Request on the grounds that it seeks documents that are not relevant

23  to this action or likely to lead to the discovery of admissible evidence. Mattel

24  further objects to this Request on the grounds that it calls for documents or

25  information in the possession, custody or control of MGA, including without

26  limitation documents and information that MGA has been compelled by Court

27  orders to produce but has not produced. Mattel further objects to this Request on

28  the grounds that it seeks confidential, proprietary and trade secret information,

1  including such information that has no bearing on the claims or defenses in this

2  case. Mattel further objects to this Request on the grounds that it calls for the

3  disclosure of information subject to the attorney-client privilege, the attorney work-

4  product doctrine and other applicable privileges.

5        Subject to the foregoing objections, Mattel responds as follows: Mattel will

6  produce responsive, non-privileged documents relating to Ellen F. Komatsu's

7  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

8  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

9  has been able to locate after a diligent search and reasonable inquiry, to the extent

10  not previously produced.

11

12     **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

13     **SHOULD BE COMPELLED**

14        Mattel has improperly limited its agreement to produce documents in

15  response to this request, subject to its improper boilerplate objections.  Mattel has

16  refused to confirm whether or not it has produced all non-privileged responsive

17  documents or whether it is withholding documents based on its objections in Phase

18  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

19  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

20  Generic objections that fail to explain the basis for an objection with specificity are

21  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

22  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

23  such as 'overly burdensome and harassing' are improper – especially when a party

24  fails to submit any evidentiary declarations supporting such objections").

25  Accordingly, Mattel must be compelled either to certify that it has produced all

26  non-privileged responsive documents or to produce all such documents by a date

27  certain.

28

1    To the extent that Mattel is relying on its blanket objections, they are not

2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required

4    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7    contrary, the request is narrowly tailored to seek documents in Mattel's possession,

8    custody, or control concerning Komatsu's alleged knowledge of "MGA's access to

9    Mattel's intellectual property and trade secrets" and "MGA's business practices."

10   This area of information is taken directly from Mattel's allegations regarding

11   Komatsu in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

12   Initial Disclosures, dated Jan. 5, 2007, p. 10).

13   As to burden, Mattel has not attempted to demonstrate why responding to

14   this request and/or producing responsive documents presents any burden.  This

15   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

16   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17   request is unduly burdensome must allege specific facts which indicate the nature

18   and extent of the burden, usually by affidavit or other reliable evidence.").

19   Moreover, it is not unduly burdensome, as noted above, in that the request is

20   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

21   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

22   This request does not seek documents protected by the attorney-client

23   privilege, the attorney work product doctrine, or other applicable privileges.  To the

24   extent that Mattel contends that it does, Mattel must provide a privilege log.

25   This request seeks relevant information.  Mattel identified Komatsu in its

26   initial disclosures an individual with discoverable knowledge regarding "MGA's

27   access to Mattel's intellectual property and trade secrets" and "MGA business

28   practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

1  Jan. 5, 2007, p. 10).  Accordingly, Mattel's initial disclosures demonstrate the

2  relevance of this request.  Further, this information is relevant to, among other

3  things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

4  and MGA's affirmative defenses of statute of limitations and laches.

5       Mattel's objection that the request seeks information within MGA's

6  possession, custody or control is nonsensical and lacks factual support.  Mattel

7  makes no argument, let alone a factual showing, that any documents in MGA's

8  possession are duplicative of documents within Mattel's control.  MGA is entitled

9  to discovery from Mattel of documents within its possession, custody, or control

10  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

11  a conclusory statement that MGA also possesses responsive documents.

12       Mattel's objection that the request seeks confidential, proprietary, and trade

13  secret information should be disregarded.  The parties have entered into a protective

14  order in this matter, which governs the handling of confidential business

15  information.  Further, Mattel has put its confidential business information at issue

16  in this litigation, including but not limited to its trade secret misappropriation claim.

17  Accordingly, it cannot resist discovery of confidential business information.

18       Finally, Mattel has improperly limited its agreement to produce to "the facts

19  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

20  the individual is identified as being knowledgeable about certain topics in Mattel's

21  initial disclosures, Mattel's obligation to produce does not end with the facts that it

22  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

23  information from the individual on the topics identified, regardless of whether it

24  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

25  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

26  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

27  MGA might be excluding documents that are responsive to the request based upon

28  its unilateral determination of what is 'relevant' or 'sufficient.'").

1      None of Mattel's improper objections are valid and Mattel is obligated to

2  produce all non-privileged responsive documents in its possession, custody, or

3  control.

4

5  **REQUEST FOR PRODUCTION NO. 285:**

6      All DOCUMENTS REFERRING OR RELATING TO Kara Kuchem's

7  alleged knowledge of "[t]he development and ownership of intellectual property at

8  issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

9      **RESPONSE TO REQUEST NO. 285:**

10      In addition to the general objections stated above which are incorporated

11  herein by reference, Mattel objects to this Request on the grounds that it is

12  overbroad, unduly burdensome and unintelligible, including in that it seeks all

13  documents on this subject without limitation as to time, and regardless of whether

14  such documents relate to products or matters at issue in this case. Mattel further

15  objects to the Request on the grounds that it seeks documents that are not relevant

16  to this action or likely to lead to the discovery of admissible evidence. Mattel

17  further objects to this Request on the grounds that it seeks confidential, proprietary

18  and trade secret information, including such information that has no bearing on the

19  claims or defenses in this case. Mattel further objects to this Request on the grounds

20  that it calls for the disclosure of information subject to the attorney-client privilege,

21  the attorney work-product doctrine and other applicable privileges.

22      Subject to the foregoing objections, Mattel responds as follows: Mattel will

23  produce responsive, non-privileged documents relating to Kara Kuchem's

24  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

25  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

26  has been able to locate after a diligent search and reasonable inquiry, to the extent

27  not previously produced.

28

1

### SUPPLEMENTAL RESPONSE TO REQUEST NO. 285:

2   In addition to the general objections stated above which are incorporated

3   herein by reference, Mattel objects to this Request on the grounds that it is

4   overbroad, unduly burdensome and unintelligible, including in that it seeks all

5   documents on this subject without limitation as to time, and regardless of whether

6   such documents relate to products or matters at issue in this case. Mattel further

7   objects to the Request on the grounds that it seeks documents that are not relevant

8   to this action or likely to lead to the discovery of admissible evidence. Mattel

9   further objects to this Request on the grounds that it seeks confidential, proprietary

10  and trade secret information, including such information that has no bearing on the

11  claims or defenses in this case. Mattel further objects to this Request on the grounds

12  that it calls for the disclosure of information subject to the attorney-client privilege,

13  the attorney work-product doctrine and other applicable privileges.

14  Subject to the foregoing objections, Mattel responds as follows: Mattel will

15  produce responsive, non-privileged documents relating to Kara Kuchem's

16  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

17  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

18  has been able to locate after a diligent search and reasonable inquiry, to the extent

19  not previously produced.

20

21  ### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    ### SHOULD BE COMPELLED

22

23  Mattel has improperly limited its agreement to produce documents in

24  response to this request, subject to its improper boilerplate objections.  Mattel has

25  refused to confirm whether or not it has produced all non-privileged responsive

26  documents or whether it is withholding documents based on its objections in Phase

27  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

28  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

1    Generic objections that fail to explain the basis for an objection with specificity are

2    routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

3    Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

4    such as 'overly burdensome and harassing' are improper – especially when a party

5    fails to submit any evidentiary declarations supporting such objections").

6    Accordingly, Mattel must be compelled either to certify that it has produced all

7    non-privileged responsive documents or to produce all such documents by a date

8    certain.

9         To the extent that Mattel is relying on its blanket objections, they are not

10   sustainable and do not justify Mattel's failure to produce documents.

11        As to overbreadth, Mattel provides no explanation, let alone the required

12   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

13   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

14   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

15   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

16   custody, or control concerning Kuchem's alleged knowledge of "[t]he development

17   and ownership of intellectual property at issue."  This area of information is taken

18   directly from Mattel's allegations regarding Kuchem in its initial disclosures.

19   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

20   2007, p. 10).

21        As to burden, Mattel has not attempted to demonstrate why responding to

22   this request and/or producing responsive documents presents any burden.  This

23   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

24   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

25   request is unduly burdensome must allege specific facts which indicate the nature

26   and extent of the burden, usually by affidavit or other reliable evidence.").

27   Moreover, it is not unduly burdensome, as noted above, in that the request is

28   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

1  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

2          This request does not seek documents protected by the attorney-client

3  privilege, the attorney work product doctrine, or other applicable privileges.  To the

4  extent that Mattel contends that it does, Mattel must provide a privilege log.

5          This request seeks relevant information.  Mattel identified Kuchem in its

6  initial disclosures an individual with discoverable knowledge regarding "[t]he

7  development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

8  56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 10).

9  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

10  Further, this information is relevant to, among other things, Mattel's trade secret

11  defense and MGA's claims of trade dress infringement.

12          Mattel's objection that the request seeks confidential, proprietary, and trade

13  secret information should be disregarded.  The parties have entered into a protective

14  order in this matter, which governs the handling of confidential business

15  information.  Further, Mattel has put its confidential business information at issue

16  in this litigation, including but not limited to its trade secret misappropriation claim.

17  Accordingly, it cannot resist discovery of confidential business information.

18          Finally, Mattel has improperly limited its agreement to produce to "the facts

19  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

20  the individual is identified as being knowledgeable about certain topics in Mattel's

21  initial disclosures, Mattel's obligation to produce does not end with the facts that it

22  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

23  information from the individual on the topics identified, regardless of whether it

24  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

25  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

26  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

27  MGA might be excluding documents that are responsive to the request based upon

28  its unilateral determination of what is 'relevant' or 'sufficient.'").

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 286:**

All DOCUMENTS in Kara Kuchem's possession or control REFERRING OR RELATING TO her alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 286:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Kara Kuchem's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

1    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 286:**

2           In addition to the general objections stated above which are incorporated

3    herein by reference, Mattel objects to this Request on the grounds that it is

4    overbroad, unduly burdensome and unintelligible, including in that it seeks all

5    documents on this subject without limitation as to time, and regardless of whether

6    such documents relate to products or matters at issue in this case. Mattel further

7    objects to the Request on the grounds that it seeks documents that are not relevant

8    to this action or likely to lead to the discovery of admissible evidence. Mattel

9    further objects to this Request on the grounds that it seeks confidential, proprietary

10   and trade secret information, including such information that has no bearing on the

11   claims or defenses in this case. Mattel further objects to this Request on the grounds

12   that it calls for the disclosure of information subject to the attorney-client privilege,

13   the attorney work-product doctrine and other applicable privileges.

14          Subject to the foregoing objections, Mattel responds as follows: Mattel will

15   produce responsive, non-privileged documents relating to Kara Kuchem's

16   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

17   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

18   has been able to locate after a diligent search and reasonable inquiry, to the extent

19   not previously produced.

20

21          **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

22          SHOULD BE COMPELLED**

23          Mattel has improperly limited its agreement to produce documents in

24   response to this request, subject to its improper boilerplate objections.  Mattel has

25   refused to confirm whether or not it has produced all non-privileged responsive

26   documents or whether it is withholding documents based on its objections in Phase

27   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

28   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

1   Generic objections that fail to explain the basis for an objection with specificity are

2   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

3   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

4   such as 'overly burdensome and harassing' are improper – especially when a party

5   fails to submit any evidentiary declarations supporting such objections").

6   Accordingly, Mattel must be compelled either to certify that it has produced all

7   non-privileged responsive documents or to produce all such documents by a date

8   certain.

9       To the extent that Mattel is relying on its blanket objections, they are not

10  sustainable and do not justify Mattel's failure to produce documents.

11      As to overbreadth, Mattel provides no explanation, let alone the required

12  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

13  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

14  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

15  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

16  custody, or control concerning Kuchem's alleged knowledge of "[t]he development

17  and ownership of intellectual property at issue."  This area of information is taken

18  directly from Mattel's allegations regarding Kuchem in its initial disclosures.

19  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

20  2007, p. 10).

21      As to burden, Mattel has not attempted to demonstrate why responding to

22  this request and/or producing responsive documents presents any burden.  This

23  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

24  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

25  request is unduly burdensome must allege specific facts which indicate the nature

26  and extent of the burden, usually by affidavit or other reliable evidence.").

27  Moreover, it is not unduly burdensome, as noted above, in that the request is

28

- 434 -

1   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

2   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

3    This request does not seek documents protected by the attorney-client

4   privilege, the attorney work product doctrine, or other applicable privileges.  To the

5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6    This request seeks relevant information.  Mattel identified Kuchem in its

7   initial disclosures an individual with discoverable knowledge regarding "[t]he

8   development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

9   56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 10).

10  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

11  Further, this information is relevant to, among other things, Mattel's trade secret

12  defense and MGA's claims of trade dress infringement.

13   Mattel's objection that the request seeks confidential, proprietary, and trade

14  secret information should be disregarded.  The parties have entered into a protective

15  order in this matter, which governs the handling of confidential business

16  information.  Further, Mattel has put its confidential business information at issue

17  in this litigation, including but not limited to its trade secret misappropriation claim.

18  Accordingly, it cannot resist discovery of confidential business information.

19   Finally, Mattel has improperly limited its agreement to produce to "the facts

20  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

21  the individual is identified as being knowledgeable about certain topics in Mattel's

22  initial disclosures, Mattel's obligation to produce does not end with the facts that it

23  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

24  information from the individual on the topics identified, regardless of whether it

25  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

26  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

27  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

28

1   MGA might be excluding documents that are responsive to the request based upon

2   its unilateral determination of what is 'relevant' or 'sufficient.'").

3        None of Mattel's improper objections are valid and Mattel is obligated to

4   produce all non-privileged responsive documents in its possession, custody, or

5   control.

6

7   **REQUEST FOR PRODUCTION NO. 287:**

8        All DOCUMENTS REFERRING OR RELATING TO Susana Kuemmerle's

9   alleged knowledge of MGA's theft of Mattel's intellectual property and trade

10  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

11  DISCLOSURES.

12       **RESPONSE TO REQUEST NO. 287:**

13       In addition to the general objections stated above which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is

15  overbroad, unduly burdensome and unintelligible, including in that it seeks all

16  documents on this subject without limitation as to time, and regardless of whether

17  such documents relate to products or matters at issue in this case. Mattel further

18  objects to the Request on the grounds that it seeks documents that are not relevant

19  to this action or likely to lead to the discovery of admissible evidence. Mattel

20  further objects to this Request on the grounds that it calls for documents or

21  information in the possession, custody or control of MGA and/or Bryant, including

22  without limitation documents and information that MGA and Bryant have been

23  compelled by Court orders to produce but have not produced. Mattel further objects

24  to this Request on the grounds that it seeks confidential, proprietary and trade secret

25  information, including such information that has no bearing on the claims or

26  defenses in this case. Mattel further objects to this Request on the grounds that it

27  calls for the disclosure of information subject to the attorney-client privilege, the

28  attorney work-product doctrine and other applicable privileges.

1    Subject to the foregoing objections, Mattel responds as follows: Mattel will

2    produce responsive, non-privileged documents relating to Susana Kuemmerle's

3    knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

4    Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

5    has been able to locate after a diligent search and reasonable inquiry, to the extent

6    not previously produced.

7    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 287:**

8    In addition to the general objections stated above which are incorporated

9    herein by reference, Mattel objects to this Request on the grounds that it is

10   overbroad, unduly burdensome and unintelligible, including in that it seeks all

11   documents on this subject without limitation as to time, and regardless of whether

12   such documents relate to products or matters at issue in this case. Mattel further

13   objects to the Request on the grounds that it seeks documents that are not relevant

14   to this action or likely to lead to the discovery of admissible evidence. Mattel

15   further objects to this Request on the grounds that it calls for documents or

16   information in the possession, custody or control of MGA and/or Bryant, including

17   without limitation documents and information that MGA and Bryant have been

18   compelled by Court orders to produce but have not produced. Mattel further objects

19   to this Request on the grounds that it seeks confidential, proprietary and trade secret

20   information, including such information that has no bearing on the claims or

21   defenses in this case. Mattel further objects to this Request on the grounds that it

22   calls for the disclosure of information subject to the attorney-client privilege, the

23   attorney work-product doctrine and other applicable privileges.

24   Subject to the foregoing objections, Mattel responds as follows: Mattel will

25   produce responsive, non-privileged documents relating to Susana Kuemmerle's

26   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

27   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

28

1   has been able to locate after a diligent search and reasonable inquiry, to the extent

2   not previously produced.

3

4   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

5   **SHOULD BE COMPELLED**

6       Mattel has improperly limited its agreement to produce documents in

7   response to this request, subject to its improper boilerplate objections.  Mattel has

8   refused to confirm whether or not it has produced all non-privileged responsive

9   documents or whether it is withholding documents based on its objections in Phase

10  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

11  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

12  Generic objections that fail to explain the basis for an objection with specificity are

13  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

14  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

15  such as 'overly burdensome and harassing' are improper – especially when a party

16  fails to submit any evidentiary declarations supporting such objections").

17  Accordingly, Mattel must be compelled either to certify that it has produced all

18  non-privileged responsive documents or to produce all such documents by a date

19  certain.

20      To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.

22      As to overbreadth, Mattel provides no explanation, let alone the required

23  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

24  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

27  custody, or control concerning Kummerle's alleged knowledge of "MGA's theft of

28  Mattel's intellectual property and trade secrets" and "MGA's business practices."

1   This area of information is taken directly from Mattel's allegations regarding

2   Kummerle in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

3   Initial Disclosures, dated Jan. 5, 2007, p. 11).

4       As to burden, Mattel has not attempted to demonstrate why responding to

5   this request and/or producing responsive documents presents any burden.  This

6   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8   request is unduly burdensome must allege specific facts which indicate the nature

9   and extent of the burden, usually by affidavit or other reliable evidence.").

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

12  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

13      This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges.  To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16      This request seeks relevant information.  Mattel identified Kummerle in its

17  initial disclosures an individual with discoverable knowledge regarding "MGA's

18  theft of Mattel's intellectual property and trade secrets" and "MGA business

19  practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

20  Jan. 5, 2007, p. 11).  Accordingly, Mattel's initial disclosures demonstrate the

21  relevance of this request.  Further, this information is relevant to, among other

22  things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

23  and MGA's affirmative defenses of statute of limitations and laches.

24      Mattel's objection that the request seeks information within MGA's

25  possession, custody or control is nonsensical and lacks factual support.  Mattel

26  makes no argument, let alone a factual showing, that any documents in MGA's

27  possession are duplicative of documents within Mattel's control.  MGA is entitled

28  to discovery from Mattel of documents within its possession, custody, or control

1    that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

2    a conclusory statement that MGA also possesses responsive documents.

3         Mattel's objection that the request seeks confidential, proprietary, and trade

4    secret information should be disregarded.  The parties have entered into a protective

5    order in this matter, which governs the handling of confidential business

6    information.  Further, Mattel has put its confidential business information at issue

7    in this litigation, including but not limited to its trade secret misappropriation claim.

8    Accordingly, it cannot resist discovery of confidential business information.

9         Finally, Mattel has improperly limited its agreement to produce to "the facts

10   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

11   the individual is identified as being knowledgeable about certain topics in Mattel's

12   initial disclosures, Mattel's obligation to produce does not end with the facts that it

13   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

14   information from the individual on the topics identified, regardless of whether it

15   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

16   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

17   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

18   MGA might be excluding documents that are responsive to the request based upon

19   its unilateral determination of what is 'relevant' or 'sufficient.'").

20        None of Mattel's improper objections are valid and Mattel is obligated to

21   produce all non-privileged responsive documents in its possession, custody, or

22   control.

23

24   **REQUEST FOR PRODUCTION NO. 288:**

25        All DOCUMENTS REFERRING OR RELATING TO Cecelia Kwok's

26   alleged knowledge of "[d]esign and development of Bratz and Bryant's work with

27   or for MGA during his Mattel employment" and "MGA business practices," as

28   alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 288:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA and/or Bryant, including without limitation documents and information that MGA and Bryant have been compelled by Court orders to produce but have not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Cecelia Kwok's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 288:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether

such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA and/or Bryant, including without limitation documents and information that MGA and Bryant have been compelled by Court orders to produce but have not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Cecelia Kwok's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are

1   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

2   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

3   such as 'overly burdensome and harassing' are improper – especially when a party

4   fails to submit any evidentiary declarations supporting such objections").

5   Accordingly, Mattel must be compelled either to certify that it has produced all

6   non-privileged responsive documents or to produce all such documents by a date

7   certain.

8        To the extent that Mattel is relying on its blanket objections, they are not

9   sustainable and do not justify Mattel's failure to produce documents.

10       As to overbreadth, Mattel provides no explanation, let alone the required

11  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

12  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

13  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

15  custody, or control concerning Kwok's alleged knowledge of "[d]esign and

16  development of Bratz and Bryant's work with or for MGA during his Mattel

17  employment" and "MGA business practices,"  This area of information is taken

18  directly from Mattel's allegations regarding Kwok in its initial disclosures.

19  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

20  2007, p. 11).

21       As to burden, Mattel has not attempted to demonstrate why responding to

22  this request and/or producing responsive documents presents any burden.  This

23  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

24  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

25  request is unduly burdensome must allege specific facts which indicate the nature

26  and extent of the burden, usually by affidavit or other reliable evidence.").

27  Moreover, it is not unduly burdensome, as noted above, in that the request is

28

- 443 -

1   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA
2   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

3       This request does not seek documents protected by the attorney-client
4   privilege, the attorney work product doctrine, or other applicable privileges.  To the
5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6       This request seeks relevant information.  Mattel identified Kwok in its initial
7   disclosures an individual with discoverable knowledge regarding "[d]esign and
8   development of Bratz and Bryant's work with or for MGA during his Mattel
9   employment" and "MGA business practices,"  Rutowski Decl. Ex. 56 (Mattel's
10  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 11).  Accordingly, Mattel's
11  initial disclosures demonstrate the relevance of this request.  Further, this
12  information is relevant to, among other things, Mattel's trade secret defense,
13  MGA's claims of trade dress infringement, and MGA's affirmative defenses of
14  statute of limitations and laches.

15      Mattel's objection that the request seeks information within MGA's
16  possession, custody or control is nonsensical and lacks factual support.  Mattel
17  makes no argument, let alone a factual showing, that any documents in MGA's
18  possession are duplicative of documents within Mattel's control.  MGA is entitled
19  to discovery from Mattel of documents within its possession, custody, or control
20  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making
21  a conclusory statement that MGA also possesses responsive documents.

22      Mattel's objection that the request seeks confidential, proprietary, and trade
23  secret information should be disregarded.  The parties have entered into a protective
24  order in this matter, which governs the handling of confidential business
25  information.  Further, Mattel has put its confidential business information at issue
26  in this litigation, including but not limited to its trade secret misappropriation claim.
27  Accordingly, it cannot resist discovery of confidential business information.

28

1  Finally, Mattel has improperly limited its agreement to produce to "the facts

2  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

3  the individual is identified as being knowledgeable about certain topics in Mattel's

4  initial disclosures, Mattel's obligation to produce does not end with the facts that it

5  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

6  information from the individual on the topics identified, regardless of whether it

7  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

8  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

9  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

10  MGA might be excluding documents that are responsive to the request based upon

11  its unilateral determination of what is 'relevant' or 'sufficient.'").

12  None of Mattel's improper objections are valid and Mattel is obligated to

13  produce all non-privileged responsive documents in its possession, custody, or

14  control.

15

16  **REQUEST FOR PRODUCTION NO. 289:**

17  All DOCUMENTS REFERRING OR RELATING TO Sheila Kyaw's

18  alleged knowledge of "[d]esign and development of Bratz and Bryant's work with

19  or for MGA during his Mattel employment," as alleged in MATTEL'S INITIAL

20  DISCLOSURES.

21  **RESPONSE TO REQUEST NO. 289:**

22  In addition to the general objections stated above which are incorporated

23  herein by reference, Mattel objects to this Request on the grounds that it is

24  overbroad, unduly burdensome and unintelligible, including in that it seeks all

25  documents on this subject without limitation as to time, and regardless of whether

26  such documents relate to products or matters at issue in this case. Mattel further

27  objects to the Request on the grounds that it seeks documents that are not relevant

28  to this action or likely to lead to the discovery of admissible evidence. Mattel

- 445 -

1  further objects to this Request on the grounds that it seeks confidential, proprietary

2  and trade secret information, including such information that has no bearing on the

3  claims or defenses in this case. Mattel further objects to this Request on the grounds

4  that it calls for the disclosure of information subject to the attorney-client privilege,

5  the attorney work-product doctrine and other applicable privileges.

6      Subject to the foregoing objections, Mattel responds as follows: Mattel will

7  produce responsive, non-privileged documents relating to Sheila Kyaw's

8  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

9  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

10  has been able to locate after a diligent search and reasonable inquiry, to the extent

11  not previously produced.

12  **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 289:</u>**

13      In addition to the general objections stated above which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is

15  overbroad, unduly burdensome and unintelligible, including in that it seeks all

16  documents on this subject without limitation as to time, and regardless of whether

17  such documents relate to products or matters at issue in this case. Mattel further

18  objects to the Request on the grounds that it seeks documents that are not relevant

19  to this action or likely to lead to the discovery of admissible evidence. Mattel

20  further objects to this Request on the grounds that it seeks confidential, proprietary

21  and trade secret information, including such information that has no bearing on the

22  claims or defenses in this case. Mattel further objects to this Request on the grounds

23  that it calls for the disclosure of information subject to the attorney-client privilege,

24  the attorney work-product doctrine and other applicable privileges.

25      Subject to the foregoing objections, Mattel responds as follows: Mattel will

26  produce responsive, non-privileged documents relating to Sheila Kyaw's

27  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

28  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

1    has been able to locate after a diligent search and reasonable inquiry, to the extent

2    not previously produced.

3

4    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

5    **SHOULD BE COMPELLED**

6        Mattel has improperly limited its agreement to produce documents in

7    response to this request, subject to its improper boilerplate objections.  Mattel has

8    refused to confirm whether or not it has produced all non-privileged responsive

9    documents or whether it is withholding documents based on its objections in Phase

10   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

11   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

12   Generic objections that fail to explain the basis for an objection with specificity are

13   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

14   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

15   such as 'overly burdensome and harassing' are improper – especially when a party

16   fails to submit any evidentiary declarations supporting such objections").

17   Accordingly, Mattel must be compelled either to certify that it has produced all

18   non-privileged responsive documents or to produce all such documents by a date

19   certain.

20       To the extent that Mattel is relying on its blanket objections, they are not

21   sustainable and do not justify Mattel's failure to produce documents.

22       As to overbreadth, Mattel provides no explanation, let alone the required

23   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

24   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

27   custody, or control concerning Kyaw's alleged knowledge of "[d]esign and

28   development of Bratz and Bryant's work with or for MGA during his Mattel

1   employment."  This area of information is taken directly from Mattel's allegations

2   regarding Kyaw in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's

3   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 11).

4          As to burden, Mattel has not attempted to demonstrate why responding to

5   this request and/or producing responsive documents presents any burden.  This

6   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8   request is unduly burdensome must allege specific facts which indicate the nature

9   and extent of the burden, usually by affidavit or other reliable evidence.").

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

12  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

13         This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges.  To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16         This request seeks relevant information.  Mattel identified Kyaw in its initial

17  disclosures an individual with discoverable knowledge regarding "[d]esign and

18  development of Bratz and Bryant's work with or for MGA during his Mattel

19  employment."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures,

20  dated Jan. 5, 2007, p. 11).  Accordingly, Mattel's initial disclosures demonstrate the

21  relevance of this request.  Further, this information is relevant to, among other

22  things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

23  and MGA's affirmative defenses of statute of limitations and laches.

24         Mattel's objection that the request seeks confidential, proprietary, and trade

25  secret information should be disregarded.  The parties have entered into a protective

26  order in this matter, which governs the handling of confidential business

27  information.  Further, Mattel has put its confidential business information at issue

28

1  in this litigation, including but not limited to its trade secret misappropriation claim.

2  Accordingly, it cannot resist discovery of confidential business information.

3       Finally, Mattel has improperly limited its agreement to produce to "the facts

4  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

5  the individual is identified as being knowledgeable about certain topics in Mattel's

6  initial disclosures, Mattel's obligation to produce does not end with the facts that it

7  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

8  information from the individual on the topics identified, regardless of whether it

9  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

10  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

11  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

12  MGA might be excluding documents that are responsive to the request based upon

13  its unilateral determination of what is 'relevant' or 'sufficient.'").

14       None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession, custody, or

16  control.

17

18  **REQUEST FOR PRODUCTION NO. 290:**

19       All DOCUMENTS in Sheila Kyaw's possession or control REFERRING OR

20  RELATING TO her alleged knowledge of "[d]esign and development of Bratz and

21  Bryant's work with or for MGA during his Mattel employment," as alleged in

22  MATTEL'S INITIAL DISCLOSURES.

23       **RESPONSE TO REQUEST NO. 290:**

24       In addition to the general objections stated above which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it is

26  overbroad, unduly burdensome and unintelligible, including in that it seeks all

27  documents on this subject without limitation as to time, and regardless of whether

28  such documents relate to products or matters at issue in this case. Mattel further

- 449 -

1   objects to the Request on the grounds that it seeks documents that are not relevant

2   to this action or likely to lead to the discovery of admissible evidence. Mattel

3   further objects to this Request on the grounds that it seeks confidential, proprietary

4   and trade secret information, including such information that has no bearing on the

5   claims or defenses in this case. Mattel further objects to this Request on the grounds

6   that it calls for the disclosure of information subject to the attorney-client privilege,

7   the attorney work-product doctrine and other applicable privileges.

8        Subject to the foregoing objections, Mattel responds as follows: Mattel will

9   produce responsive, non-privileged documents relating to Sheila Kyaw's

10  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

11  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

12  has been able to locate after a diligent search and reasonable inquiry, to the extent

13  not previously produced.

14       **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 290:</u>**

15       In addition to the general objections stated above which are incorporated

16  herein by reference, Mattel objects to this Request on the grounds that it is

17  overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case. Mattel further

20  objects to the Request on the grounds that it seeks documents that are not relevant

21  to this action or likely to lead to the discovery of admissible evidence. Mattel

22  further objects to this Request on the grounds that it seeks confidential, proprietary

23  and trade secret information, including such information that has no bearing on the

24  claims or defenses in this case. Mattel further objects to this Request on the grounds

25  that it calls for the disclosure of information subject to the attorney-client privilege,

26  the attorney work-product doctrine and other applicable privileges.

27       Subject to the foregoing objections, Mattel responds as follows: Mattel will

28  produce responsive, non-privileged documents relating to Sheila Kyaw's

1   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

2   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

3   has been able to locate after a diligent search and reasonable inquiry, to the extent

4   not previously produced.

5

6   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

7   **SHOULD BE COMPELLED**

8   Mattel has improperly limited its agreement to produce documents in

9   response to this request, subject to its improper boilerplate objections.  Mattel has

10  refused to confirm whether or not it has produced all non-privileged responsive

11  documents or whether it is withholding documents based on its objections in Phase

12  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

13  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

14  Generic objections that fail to explain the basis for an objection with specificity are

15  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

16  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

17  such as 'overly burdensome and harassing' are improper – especially when a party

18  fails to submit any evidentiary declarations supporting such objections").

19  Accordingly, Mattel must be compelled either to certify that it has produced all

20  non-privileged responsive documents or to produce all such documents by a date

21  certain.

22  To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24  As to overbreadth, Mattel provides no explanation, let alone the required

25  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

1  custody, or control concerning Kyaw's alleged knowledge of "[d]esign and

2  development of Bratz and Bryant's work with or for MGA during his Mattel

3  employment."  This area of information is taken directly from Mattel's allegations

4  regarding Kyaw in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's

5  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 11).

6      As to burden, Mattel has not attempted to demonstrate why responding to

7  this request and/or producing responsive documents presents any burden.  This

8  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

9  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10 request is unduly burdensome must allege specific facts which indicate the nature

11 and extent of the burden, usually by affidavit or other reliable evidence.").

12 Moreover, it is not unduly burdensome, as noted above, in that the request is

13 narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

14 misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

15     This request does not seek documents protected by the attorney-client

16 privilege, the attorney work product doctrine, or other applicable privileges.  To the

17 extent that Mattel contends that it does, Mattel must provide a privilege log.

18     This request seeks relevant information.  Mattel identified Kyaw in its initial

19 disclosures an individual with discoverable knowledge regarding "[d]esign and

20 development of Bratz and Bryant's work with or for MGA during his Mattel

21 employment."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures,

22 dated Jan. 5, 2007, p. 11).  Accordingly, Mattel's initial disclosures demonstrate the

23 relevance of this request.  Further, this information is relevant to, among other

24 things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

25 and MGA's affirmative defenses of statute of limitations and laches.

26     Mattel's objection that the request seeks confidential, proprietary, and trade

27 secret information should be disregarded.  The parties have entered into a protective

28 order in this matter, which governs the handling of confidential business

1   information.  Further, Mattel has put its confidential business information at issue

2   in this litigation, including but not limited to its trade secret misappropriation claim.

3   Accordingly, it cannot resist discovery of confidential business information.

4          Finally, Mattel has improperly limited its agreement to produce to "the facts

5   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

6   the individual is identified as being knowledgeable about certain topics in Mattel's

7   initial disclosures, Mattel's obligation to produce does not end with the facts that it

8   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

9   information from the individual on the topics identified, regardless of whether it

10  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

11  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

12  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

13  MGA might be excluding documents that are responsive to the request based upon

14  its unilateral determination of what is 'relevant' or 'sufficient.'").

15         None of Mattel's improper objections are valid and Mattel is obligated to

16  produce all non-privileged responsive documents in its possession, custody, or

17  control.

18

19  **REQUEST FOR PRODUCTION NO. 291:**

20         All DOCUMENTS REFERRING OR RELATING TO Farhad Larian's

21  alleged knowledge of "[d]evelopment of Bratz" and "MGA's business practices,"

22  as alleged in MATTEL'S INITIAL DISCLOSURES.

23         **RESPONSE TO REQUEST NO. 291:**

24         In addition to the general objections stated above which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it is

26  overbroad, unduly burdensome and unintelligible, including in that it seeks all

27  documents on this subject without limitation as to time, and regardless of whether

28  such documents relate to products or matters at issue in this case. Mattel further

1   objects to the Request on the grounds that it seeks documents that are not relevant

2   to this action or likely to lead to the discovery of admissible evidence. Mattel

3   further objects to this Request on the grounds that it calls for documents or

4   information in the possession, custody or control of MGA and/or Bryant, including

5   without limitation documents and information that MGA and Bryant have been

6   compelled by Court orders to produce but have not produced. Mattel further objects

7   to this Request on the grounds that it seeks confidential, proprietary and trade secret

8   information, including such information that has no bearing on the claims or

9   defenses in this case. Mattel further objects to this Request on the grounds that it

10   calls for the disclosure of information subject to the attorney-client privilege, the

11   attorney work-product doctrine and other applicable privileges.

12        Subject to the foregoing objections, Mattel responds as follows: Mattel will

13   produce responsive, non-privileged documents relating to Farhad Larian's

14   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

15   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

16   has been able to locate after a diligent search and reasonable inquiry, to the extent

17   not previously produced.

18   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 291:**

19        In addition to the general objections stated above which are incorporated

20   herein by reference, Mattel objects to this Request on the grounds that it is

21   overbroad, unduly burdensome and unintelligible, including in that it seeks all

22   documents on this subject without limitation as to time, and regardless of whether

23   such documents relate to products or matters at issue in this case. Mattel further

24   objects to the Request on the grounds that it seeks documents that are not relevant

25   to this action or likely to lead to the discovery of admissible evidence. Mattel

26   further objects to this Request on the grounds that it calls for documents or

27   information in the possession, custody or control of MGA and/or Bryant, including

28   without limitation documents and information that MGA and Bryant have been

    - 454 -    

compelled by Court orders to produce but have not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Farhad Larian's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all

1  non-privileged responsive documents or to produce all such documents by a date

2  certain.

3      To the extent that Mattel is relying on its blanket objections, they are not

4  sustainable and do not justify Mattel's failure to produce documents.

5      As to overbreadth, Mattel provides no explanation, let alone the required

6  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

10  custody, or control concerning Larian's alleged knowledge of "[d]evelopment of

11  Bratz" and "MGA's business practices."  This area of information is taken directly

12  from Mattel's allegations regarding Larian in its initial disclosures.  Rutowski Decl.

13  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 11).

14      As to burden, Mattel has not attempted to demonstrate why responding to

15  this request and/or producing responsive documents presents any burden.  This

16  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

17  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.").

20  Moreover, it is not unduly burdensome, as noted above, in that the request is

21  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

22  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

23      This request does not seek documents protected by the attorney-client

24  privilege, the attorney work product doctrine, or other applicable privileges.  To the

25  extent that Mattel contends that it does, Mattel must provide a privilege log.

26      This request seeks relevant information.  Mattel identified Larian in its initial

27  disclosures an individual with discoverable knowledge regarding "[d]evelopment of

28  Bratz" and "MGA's business practices."  Rutowski Decl. Ex. 56 (Mattel's

1   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 11).  Accordingly, Mattel's

2   initial disclosures demonstrate the relevance of this request.  Further, this

3   information is relevant to, among other things, Mattel's trade secret defense,

4   MGA's claims of trade dress infringement, and MGA's affirmative defenses of

5   statute of limitations and laches.

6        Mattel's objection that the request seeks information within MGA's

7   possession, custody or control is nonsensical and lacks factual support.  Mattel

8   makes no argument, let alone a factual showing, that any documents in MGA's

9   possession are duplicative of documents within Mattel's control.  MGA is entitled

10   to discovery from Mattel of documents within its possession, custody, or control

11   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

12   a conclusory statement that MGA also possesses responsive documents.

13        Mattel's objection that the request seeks confidential, proprietary, and trade

14   secret information should be disregarded.  The parties have entered into a protective

15   order in this matter, which governs the handling of confidential business

16   information.  Further, Mattel has put its confidential business information at issue

17   in this litigation, including but not limited to its trade secret misappropriation claim.

18   Accordingly, it cannot resist discovery of confidential business information.

19        Finally, Mattel has improperly limited its agreement to produce to "the facts

20   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

21   the individual is identified as being knowledgeable about certain topics in Mattel's

22   initial disclosures, Mattel's obligation to produce does not end with the facts that it

23   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

24   information from the individual on the topics identified, regardless of whether it

25   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

26   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

27   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

28   MGA might be excluding documents that are responsive to the request based upon

1   its unilateral determination of what is 'relevant' or 'sufficient.'").

2       None of Mattel's improper objections are valid and Mattel is obligated to

3   produce all non-privileged responsive documents in its possession, custody, or

4   control.

5

6   **REQUEST FOR PRODUCTION NO. 292**:

7       All DOCUMENTS REFERRING OR RELATING TO Isaac Larian's alleged

8   knowledge of "[d]esign and development of Bratz and Bryant's work with or for

9   MGA during his Mattel employment," "Bryant's breach of obligations to Mattel

10  and MGA's efforts to conceal same," "MGA's theft of Mattel's intellectual

11  property and trade secrets," and "MGA's business practices," as alleged in

12  MATTEL'S INITIAL DISCLOSURES.

13      **RESPONSE TO REQUEST NO. 292:**

14      In addition to the general objections stated above which are incorporated

15  herein by reference, Mattel objects to this Request on the grounds that it is

16  overbroad, unduly burdensome and unintelligible, including in that it seeks all

17  documents on this subject without limitation as to time, and regardless of whether

18  such documents relate to products or matters at issue in this case. Mattel further

19  objects to the Request on the grounds that it seeks documents that are not relevant

20  to this action or likely to lead to the discovery of admissible evidence. Mattel

21  further objects to this Request on the grounds that it calls for documents or

22  information in the possession, custody or control of MGA and/or Bryant, including

23  without limitation documents and information that MGA and Bryant have been

24  compelled by Court orders to produce but have not produced. Mattel further objects

25  to this Request on the grounds that it seeks confidential, proprietary and trade secret

26  information, including such information that has no bearing on the claims or

27  defenses in this case. Mattel further objects to this Request on the grounds that it

28

1    calls for the disclosure of information subject to the attorney-client privilege, the

2    attorney work-product doctrine and other applicable privileges.

3         Subject to the foregoing objections, Mattel responds as follows: Mattel will

4    produce responsive, non-privileged documents relating to Isaac Larian's knowledge

5    of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

6    are in Mattel's possession, custody, or control, if any, that Mattel has been able to

7    locate after a diligent search and reasonable inquiry, to the extent not previously

8    produced.

9    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 292:**

10        In addition to the general objections stated above which are Incorporated

11   herein by reference, Mattel objects to this Request on the grounds that it is

12   overbroad, unduly burdensome and unintelligible, including in that it seeks all

13   documents on this subject without limitation as to time, and regardless of whether

14   such documents relate to products or matters at issue in this case. Mattel further

15   objects to the Request on the grounds that it seeks documents that are not relevant

16   to this action or likely to lead to the discovery of admissible evidence. Mattel

17   further objects to this Request on the grounds that it calls for documents or

18   information in the possession, custody or control of MGA and/or Bryant, including

19   without limitation documents and information that MGA and Bryant have been

20   compelled by Court orders to produce but have not produced. Mattel further objects

21   to this Request on the grounds that it seeks confidential, proprietary and trade secret

22   information, including such information that has no bearing on the claims or

23   defenses in this case. Mattel further objects to this Request on the grounds that it

24   calls for the disclosure of information subject to the attorney-client privilege, the

25   attorney work-product doctrine and other applicable privileges.

26        Subject to the foregoing objections, Mattel responds as follows: Mattel will

27   produce responsive, non-privileged documents relating to Isaac Larian's knowledge

28   of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

1   are in Mattel's possession, custody, or control, if any, that Mattel has been able to

2   locate after a diligent search and reasonable inquiry, to the extent not previously

3   produced.

4

5   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

6   **SHOULD BE COMPELLED**

7       Mattel has improperly limited its agreement to produce documents in

8   response to this request, subject to its improper boilerplate objections.  Mattel has

9   refused to confirm whether or not it has produced all non-privileged responsive

10  documents or whether it is withholding documents based on its objections in Phase

11  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

12  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

13  Generic objections that fail to explain the basis for an objection with specificity are

14  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

15  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

16  such as 'overly burdensome and harassing' are improper – especially when a party

17  fails to submit any evidentiary declarations supporting such objections").

18  Accordingly, Mattel must be compelled either to certify that it has produced all

19  non-privileged responsive documents or to produce all such documents by a date

20  certain.

21       To the extent that Mattel is relying on its blanket objections, they are not

22  sustainable and do not justify Mattel's failure to produce documents.

23       As to overbreadth, Mattel provides no explanation, let alone the required

24  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

25  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

26  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

27  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

28  custody, or control concerning Larian's alleged knowledge of "[d]esign and

1    development of Bratz and Bryant's work with or for MGA during his Mattel

2    employment," "Bryant's breach of obligations to Mattel and MGA's efforts to

3    conceal same," "MGA's theft of Mattel's intellectual property and trade secrets,"

4    and "MGA's business practices."  This area of information is taken directly from

5    Mattel's allegations regarding Larian in its initial disclosures.  Rutowski Decl. Ex.

6    56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 11).

7         As to burden, Mattel has not attempted to demonstrate why responding to

8    this request and/or producing responsive documents presents any burden.  This

9    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

10   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11   request is unduly burdensome must allege specific facts which indicate the nature

12   and extent of the burden, usually by affidavit or other reliable evidence.").

13   Moreover, it is not unduly burdensome, as noted above, in that the request is

14   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

15   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

16        This request does not seek documents protected by the attorney-client

17   privilege, the attorney work product doctrine, or other applicable privileges.  To the

18   extent that Mattel contends that it does, Mattel must provide a privilege log.

19        This request seeks relevant information.  Mattel identified Larian in its initial

20   disclosures an individual with discoverable knowledge regarding "[d]esign and

21   development of Bratz and Bryant's work with or for MGA during his Mattel

22   employment," "Bryant's breach of obligations to Mattel and MGA's efforts to

23   conceal same," "MGA's theft of Mattel's intellectual property and trade secrets,"

24   and "MGA's business practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated

25   Initial Disclosures, dated Jan. 5, 2007, p. 11).  Accordingly, Mattel's initial

26   disclosures demonstrate the relevance of this request.  Further, this information is

27   relevant to, among other things, Mattel's trade secret defense, MGA's claims of

28

1    trade dress infringement, and MGA's affirmative defenses of statute of limitations

2    and laches.

3          Mattel's objection that the request seeks information within MGA's

4    possession, custody or control is nonsensical and lacks factual support.  Mattel

5    makes no argument, let alone a factual showing, that any documents in MGA's

6    possession are duplicative of documents within Mattel's control.  MGA is entitled

7    to discovery from Mattel of documents within its possession, custody, or control

8    that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

9    a conclusory statement that MGA also possesses responsive documents.

10         Mattel's objection that the request seeks confidential, proprietary, and trade

11   secret information should be disregarded.  The parties have entered into a protective

12   order in this matter, which governs the handling of confidential business

13   information.  Further, Mattel has put its confidential business information at issue

14   in this litigation, including but not limited to its trade secret misappropriation claim.

15   Accordingly, it cannot resist discovery of confidential business information.

16         Finally, Mattel has improperly limited its agreement to produce to "the facts

17   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

18   the individual is identified as being knowledgeable about certain topics in Mattel's

19   initial disclosures, Mattel's obligation to produce does not end with the facts that it

20   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

21   information from the individual on the topics identified, regardless of whether it

22   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

23   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

24   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

25   MGA might be excluding documents that are responsive to the request based upon

26   its unilateral determination of what is 'relevant' or 'sufficient.'").

27

28

1   None of Mattel's improper objections are valid and Mattel is obligated to

2   produce all non-privileged responsive documents in its possession, custody, or

3   control.

4

5   **REQUEST FOR PRODUCTION NO. 293:**

6   All DOCUMENTS REFERRING OR RELATING TO Jill Larson's alleged

7   knowledge of "MGA's access to Mattel's intellectual property and trade secrets"

8   and "MGA business practices," as alleged in MATTEL'S INITIAL

9   DISCLOSURES.

10   **RESPONSE TO REQUEST NO. 293:**

11   In addition to the general objections stated above which are incorporated

12   herein by reference, Mattel objects to this Request on the grounds that it is

13   overbroad, unduly burdensome and unintelligible, including in that it seeks all

14   documents on this subject without limitation as to time, and regardless of whether

15   such documents relate to products or matters at issue in this case. Mattel further

16   objects to the Request on the grounds that it seeks documents that are not relevant

17   to this action or likely to lead to the discovery of admissible evidence. Mattel

18   further objects to this Request on the grounds that it calls for documents or

19   information in the possession, custody or control of MGA, including without

20   limitation documents and information that MGA has been compelled by Court

21   orders to produce but has not produced. Mattel further objects to this Request on

22   the grounds that it seeks confidential, proprietary and trade secret information,

23   including such information that has no bearing on the claims or defenses in this

24   case. Mattel further objects to this Request on the grounds that it calls for the

25   disclosure of information subject to the attorney-client privilege, the attorney work-

26   product doctrine and other applicable privileges.

27   Subject to the foregoing objections, Mattel responds as follows: Mattel will

28   produce responsive, non-privileged documents relating to Jill Larson's knowledge

1  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that
2  are in Mattel's possession, custody, or control, if any, that Mattel has been able to
3  locate after a diligent search and reasonable inquiry, to the extent not previously
4  produced.

5  **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 293:</u>**

6  In addition to the general objections stated above which are incorporated
7  herein by reference, Mattel objects to this Request on the grounds that it is
8  overbroad, unduly burdensome and unintelligible, including in that it seeks all
9  documents on this subject without limitation as to time, and regardless of whether
10 such documents relate to products or matters at issue in this case. Mattel further
11 objects to the Request on the grounds that it seeks documents that are not relevant
12 to this action or likely to lead to the discovery of admissible evidence. Mattel
13 further objects to this Request on the grounds that it calls for documents or
14 information in the possession, custody or control of MGA, including without
15 limitation documents and information that MGA has been compelled by Court
16 orders to produce but has not produced. Mattel further objects to this Request on
17 the grounds that it seeks confidential, proprietary and trade secret information,
18 including such information that has no bearing on the claims or defenses in this
19 case. Mattel further objects to this Request on the grounds that it calls for the
20 disclosure of information subject to the attorney-client privilege, the attorney work-
21 product doctrine and other applicable privileges.

22 Subject to the foregoing objections, Mattel responds as follows: Mattel will
23 produce responsive, non-privileged documents relating to Jill Larson's knowledge
24 of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that
25 are in Mattel's possession, custody, or control, if any, that Mattel has been able to
26 locate after a diligent search and reasonable inquiry, to the extent not previously
27 produced.

28

1

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

2

3      Mattel has improperly limited its agreement to produce documents in

4  response to this request, subject to its improper boilerplate objections.  Mattel has

5  refused to confirm whether or not it has produced all non-privileged responsive

6  documents or whether it is withholding documents based on its objections in Phase

7  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

8  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

9  Generic objections that fail to explain the basis for an objection with specificity are

10  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

11  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

12  such as 'overly burdensome and harassing' are improper – especially when a party

13  fails to submit any evidentiary declarations supporting such objections").

14  Accordingly, Mattel must be compelled either to certify that it has produced all

15  non-privileged responsive documents or to produce all such documents by a date

16  certain.

17      To the extent that Mattel is relying on its blanket objections, they are not

18  sustainable and do not justify Mattel's failure to produce documents.

19      As to overbreadth, Mattel provides no explanation, let alone the required

20  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

21  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

24  custody, or control concerning Larson's alleged knowledge of "MGA's access to

25  Mattel's intellectual property and trade secrets" and "MGA's business practices."

26  This area of information is taken directly from Mattel's allegations regarding

27  Larson in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

28  Initial Disclosures, dated Jan. 5, 2007, p. 11).

1     As to burden, Mattel has not attempted to demonstrate why responding to

2  this request and/or producing responsive documents presents any burden.  This

3  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.").

7  Moreover, it is not unduly burdensome, as noted above, in that the request is

8  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10    This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13    This request seeks relevant information.  Mattel identified Larson in its initial

14  disclosures an individual with discoverable knowledge regarding "MGA's access to

15  Mattel's intellectual property and trade secrets" and "MGA business practices."

16  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

17  2007, p. 11).  Accordingly, Mattel's initial disclosures demonstrate the relevance of

18  this request.  Further, this information is relevant to, among other things, Mattel's

19  trade secret defense, MGA's claims of trade dress infringement, and MGA's

20  affirmative defenses of statute of limitations and laches.

21    Mattel's objection that the request seeks information within MGA's

22  possession, custody or control is nonsensical and lacks factual support.  Mattel

23  makes no argument, let alone a factual showing, that any documents in MGA's

24  possession are duplicative of documents within Mattel's control.  MGA is entitled

25  to discovery from Mattel of documents within its possession, custody, or control

26  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

27  a conclusory statement that MGA also possesses responsive documents.

28

Mattel's objection that the request seeks confidential, proprietary, and trade secret information should be disregarded.  The parties have entered into a protective order in this matter, which governs the handling of confidential business information.  Further, Mattel has put its confidential business information at issue in this litigation, including but not limited to its trade secret misappropriation claim.  Accordingly, it cannot resist discovery of confidential business information.

Finally, Mattel has improperly limited its agreement to produce to "the facts at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that the individual is identified as being knowledgeable about certain topics in Mattel's initial disclosures, Mattel's obligation to produce does not end with the facts that it has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive information from the individual on the topics identified, regardless of whether it supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that MGA might be excluding documents that are responsive to the request based upon its unilateral determination of what is 'relevant' or 'sufficient.'").

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 294:**

All DOCUMENTS REFERRING OR RELATING TO Stephen Lee's alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or for MGA during his Mattel employment" and "MGA's business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 294:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA and/or Bryant, including without limitation documents and information that MGA and Bryant have been compelled by Court orders to produce but have not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Stephen Lee's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 294:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether

1  such documents relate to products or matters at issue in this case. Mattel further

2  objects to the Request on the grounds that it seeks documents that are not relevant

3  to this action or likely to lead to the discovery of admissible evidence. Mattel

4  further objects to this Request on the grounds that it calls for documents or

5  information in the possession, custody or control of MGA and/or Bryant, including

6  without limitation documents and information that MGA and Bryant have been

7  compelled by Court orders to produce but have not produced. Mattel further objects

8  to this Request on the grounds that it seeks confidential, proprietary and trade secret

9  information, including such information that has no bearing on the claims or

10  defenses in this case. Mattel further objects to this Request on the grounds that it

11  calls for the disclosure of information subject to the attorney-client privilege, the

12  attorney work-product doctrine and other applicable privileges.

13      Subject to the foregoing objections, Mattel responds as follows: Mattel will

14  produce responsive, non-privileged documents relating to Stephen Lee's knowledge

15  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

16  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

17  locate after a diligent search and reasonable inquiry, to the extent not previously

18  produced.

19

20  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

21

22      Mattel has improperly limited its agreement to produce documents in

23  response to this request, subject to its improper boilerplate objections.  Mattel has

24  refused to confirm whether or not it has produced all non-privileged responsive

25  documents or whether it is withholding documents based on its objections in Phase

26  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

27  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

28  Generic objections that fail to explain the basis for an objection with specificity are

1    routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

2    Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

3    such as 'overly burdensome and harassing' are improper – especially when a party

4    fails to submit any evidentiary declarations supporting such objections").

5    Accordingly, Mattel must be compelled either to certify that it has produced all

6    non-privileged responsive documents or to produce all such documents by a date

7    certain.

8         To the extent that Mattel is relying on its blanket objections, they are not

9    sustainable and do not justify Mattel's failure to produce documents.

10        As to overbreadth, Mattel provides no explanation, let alone the required

11   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

12   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

13   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

15   custody, or control concerning Lee's alleged knowledge of "[d]esign and

16   development of Bratz and Bryant's work with or for MGA during his Mattel

17   employment" and "MGA's business practices."  This area of information is taken

18   directly from Mattel's allegations regarding Lee in its initial disclosures.  Rutowski

19   Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 11).

20        As to burden, Mattel has not attempted to demonstrate why responding to

21   this request and/or producing responsive documents presents any burden.  This

22   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

23   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24   request is unduly burdensome must allege specific facts which indicate the nature

25   and extent of the burden, usually by affidavit or other reliable evidence.").

26   Moreover, it is not unduly burdensome, as noted above, in that the request is

27   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

28   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    This request seeks relevant information.  Mattel identified Lee in its initial

5    disclosures an individual with discoverable knowledge regarding "[d]esign and

6    development of Bratz and Bryant's work with or for MGA during his Mattel

7    employment" and "MGA's business practices."  Rutowski Decl. Ex. 56 (Mattel's

8    Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 11).  Accordingly, Mattel's

9    initial disclosures demonstrate the relevance of this request.  Further, this

10   information is relevant to, among other things, Mattel's trade secret defense,

11   MGA's claims of trade dress infringement, and MGA's affirmative defenses of

12   statute of limitations and laches.

13   Mattel's objection that the request seeks information within MGA's

14   possession, custody or control is nonsensical and lacks factual support.  Mattel

15   makes no argument, let alone a factual showing, that any documents in MGA's

16   possession are duplicative of documents within Mattel's control.  MGA is entitled

17   to discovery from Mattel of documents within its possession, custody, or control

18   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

19   a conclusory statement that MGA also possesses responsive documents.

20   Mattel's objection that the request seeks confidential, proprietary, and trade

21   secret information should be disregarded.  The parties have entered into a protective

22   order in this matter, which governs the handling of confidential business

23   information.  Further, Mattel has put its confidential business information at issue

24   in this litigation, including but not limited to its trade secret misappropriation claim.

25   Accordingly, it cannot resist discovery of confidential business information.

26   Finally, Mattel has improperly limited its agreement to produce to "the facts

27   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

28   the individual is identified as being knowledgeable about certain topics in Mattel's

1    initial disclosures, Mattel's obligation to produce does not end with the facts that it

2    has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

3    information from the individual on the topics identified, regardless of whether it

4    supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

5    Granting Mattel's Motion to Compel Production of Documents and Interrogatory

6    Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

7    MGA might be excluding documents that are responsive to the request based upon

8    its unilateral determination of what is 'relevant' or 'sufficient.'").

9    　　　None of Mattel's improper objections are valid and Mattel is obligated to

10   produce all non-privileged responsive documents in its possession, custody, or

11   control.

12

13   **REQUEST FOR PRODUCTION NO. 295:**

14   　　　All DOCUMENTS REFERRING OR RELATING TO Victor Lee's alleged

15   knowledge of "[d]esign and development of Bratz and Bryant's work with or for

16   MGA during his Mattel employment" and "MGA's business practices," as alleged

17   in MATTEL'S INITIAL DISCLOSURES.

18   **RESPONSE TO REQUEST NO. 295:**

19   　　　In addition to the general objections stated above which are incorporated

20   herein by reference, Mattel objects to this Request on the grounds that it is

21   overbroad, unduly burdensome and unintelligible, including in that it seeks all

22   documents on this subject without limitation as to time, and regardless of whether

23   such documents relate to products or matters at issue in this case. Mattel further

24   objects to the Request on the grounds that it seeks documents that are not relevant

25   to this action or likely to lead to the discovery of admissible evidence. Mattel

26   further objects to this Request on the grounds that it calls for documents or

27   information in the possession, custody or control of MGA and/or Bryant, including

28   without limitation documents and information that MGA and Bryant have been

- 472 -

1   compelled by Court orders to produce but have not produced. Mattel further objects

2   to this Request on the grounds that it seeks confidential, proprietary and trade secret

3   information, including such information that has no bearing on the claims or

4   defenses in this case. Mattel further objects to this Request on the grounds that it

5   calls for the disclosure of information subject to the attorney-client privilege, the

6   attorney work-product doctrine and other applicable privileges.

7        Subject to the foregoing objections, Mattel responds as follows: Mattel will

8   produce responsive, non-privileged documents relating to Victor Lee's knowledge

9   of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

10  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

11  locate after a diligent search and reasonable inquiry, to the extent not previously

12  produced.

13       **SUPPLEMENTAL RESPONSE TO REQUEST NO. 295:**

14       In addition to the general objections stated above which are incorporated

15  herein by reference, Mattel objects to this Request on the grounds that it is

16  overbroad, unduly burdensome and unintelligible, including in that it seeks all

17  documents on this subject without limitation as to time, and regardless of whether

18  such documents relate to products or matters at issue in this case. Mattel further

19  objects to the Request on the grounds that it seeks documents that are not relevant

20  to this action or likely to lead to the discovery of admissible evidence. Mattel

21  further objects to this Request on the grounds that it calls for documents or

22  information in the possession, custody or control of MGA and/or Bryant, including

23  without limitation documents and information that MGA and Bryant have been

24  compelled by Court orders to produce but have not produced. Mattel further objects

25  to this Request on the grounds that it seeks confidential, proprietary and trade secret

26  information, including such information that has no bearing on the claims or

27  defenses in this case. Mattel further objects to this Request on the grounds that it

28

1  calls for the disclosure of information subject to the attorney-client privilege, the
2  attorney work-product doctrine and other applicable privileges.

3         Subject to the foregoing objections, Mattel responds as follows: Mattel will
4  produce responsive, non-privileged documents relating to Victor Lee's knowledge
5  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that
6  are in Mattel's possession, custody, or control, if any, that Mattel has been able to
7  locate after a diligent search and reasonable inquiry, to the extent not previously
8  produced.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**
11

12         Mattel has improperly limited its agreement to produce documents in
13  response to this request, subject to its improper boilerplate objections.  Mattel has
14  refused to confirm whether or not it has produced all non-privileged responsive
15  documents or whether it is withholding documents based on its objections in Phase
16  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
17  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).
18  Generic objections that fail to explain the basis for an objection with specificity are
19  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.
20  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections
21  such as 'overly burdensome and harassing' are improper – especially when a party
22  fails to submit any evidentiary declarations supporting such objections").
23  Accordingly, Mattel must be compelled either to certify that it has produced all
24  non-privileged responsive documents or to produce all such documents by a date
25  certain.

26         To the extent that Mattel is relying on its blanket objections, they are not
27  sustainable and do not justify Mattel's failure to produce documents.

28

1    As to overbreadth, Mattel provides no explanation, let alone the required

2 particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5 contrary, the request is narrowly tailored to seek documents in Mattel's possession,

6 custody, or control concerning Lee's alleged knowledge of "[d]esign and

7 development of Bratz and Bryant's work with or for MGA during his Mattel

8 employment" and "MGA's business practices."  This area of information is taken

9 directly from Mattel's allegations regarding Lee in its initial disclosures.  Rutowski

10 Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, pp. 11-

11 12).

12    As to burden, Mattel has not attempted to demonstrate why responding to

13 this request and/or producing responsive documents presents any burden.  This

14 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

15 Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

16 request is unduly burdensome must allege specific facts which indicate the nature

17 and extent of the burden, usually by affidavit or other reliable evidence.").

18 Moreover, it is not unduly burdensome, as noted above, in that the request is

19 narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

20 misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

21    This request does not seek documents protected by the attorney-client

22 privilege, the attorney work product doctrine, or other applicable privileges.  To the

23 extent that Mattel contends that it does, Mattel must provide a privilege log.

24    This request seeks relevant information.  Mattel identified Lee in its initial

25 disclosures an individual with discoverable knowledge regarding "[d]esign and

26 development of Bratz and Bryant's work with or for MGA during his Mattel

27 employment" and "MGA's business practices,"  Rutowski Decl. Ex. 56 (Mattel's

28 Consolidated Initial Disclosures, dated Jan. 5, 2007, pp. 11-12).  Accordingly,

1   Mattel's initial disclosures demonstrate the relevance of this request.  Further, this
2   information is relevant to, among other things, Mattel's trade secret defense,
3   MGA's claims of trade dress infringement, and MGA's affirmative defenses of
4   statute of limitations and laches.

5       Mattel's objection that the request seeks information within MGA's
6   possession, custody or control is nonsensical and lacks factual support.  Mattel
7   makes no argument, let alone a factual showing, that any documents in MGA's
8   possession are duplicative of documents within Mattel's control.  MGA is entitled
9   to discovery from Mattel of documents within its possession, custody, or control
10  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making
11  a conclusory statement that MGA also possesses responsive documents.

12      Mattel's objection that the request seeks confidential, proprietary, and trade
13  secret information should be disregarded.  The parties have entered into a protective
14  order in this matter, which governs the handling of confidential business
15  information.  Further, Mattel has put its confidential business information at issue
16  in this litigation, including but not limited to its trade secret misappropriation claim.
17  Accordingly, it cannot resist discovery of confidential business information.

18      Finally, Mattel has improperly limited its agreement to produce to "the facts
19  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that
20  the individual is identified as being knowledgeable about certain topics in Mattel's
21  initial disclosures, Mattel's obligation to produce does not end with the facts that it
22  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
23  information from the individual on the topics identified, regardless of whether it
24  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order
25  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
26  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
27  MGA might be excluding documents that are responsive to the request based upon
28  its unilateral determination of what is 'relevant' or 'sufficient.'").

1   None of Mattel's improper objections are valid and Mattel is obligated to

2   produce all non-privileged responsive documents in its possession, custody, or

3   control.

4

5   **REQUEST FOR PRODUCTION NO. 296:**

6   All DOCUMENTS REFERRING OR RELATING TO Kerri Legg's alleged

7   knowledge of "[d]esign and development of Bratz and Bryant's work with or for

8   MGA during his Mattel employment" and "MGA's business practices," as alleged

9   in MATTEL'S INITIAL DISCLOSURES.

10   **RESPONSE TO REQUEST NO. 296:**

11   In addition to the general objections stated above which are incorporated

12   herein by reference, Mattel objects to this Request on the grounds that it is

13   overbroad, unduly burdensome and unintelligible, including in that it seeks all

14   documents on this subject without limitation as to time, and regardless of whether

15   such documents relate to products or matters at issue in this case. Mattel further

16   objects to the Request on the grounds that it seeks documents that are not relevant

17   to this action or likely to lead to the discovery of admissible evidence. Mattel

18   further objects to this Request on the grounds that it calls for documents or

19   information in the possession, custody or control of MGA and/or Bryant, including

20   without limitation documents and information that MGA and Bryant have been

21   compelled by Court orders to produce but have not produced. Mattel further objects

22   to this Request on the grounds that it seeks confidential, proprietary and trade secret

23   information, including such information that has no bearing on the claims or

24   defenses in this case. Mattel further objects to this Request on the grounds that it

25   calls for the disclosure of information subject to the attorney-client privilege, the

26   attorney work-product doctrine and other applicable privileges.

27   Subject to the foregoing objections, Mattel responds as follows: Mattel will

28   produce responsive, non-privileged documents relating to Kerri Legg's knowledge

1   of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

2   are in Mattel's possession, custody, or control, if any, that Mattel has been able to

3   locate after a diligent search and reasonable inquiry, to the extent not previously

4   produced.

5   **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 296:</u>**

6   In addition to the general objections stated above which are incorporated

7   herein by reference, Mattel objects to this Request on the grounds that it is

8   overbroad, unduly burdensome and unintelligible, including in that it seeks all

9   documents on this subject without limitation as to time, and regardless of whether

10  such documents relate to products or matters at issue in this case. Mattel further

11  objects to the Request on the grounds that it seeks documents that are not relevant

12  to this action or likely to lead to the discovery of admissible evidence. Mattel

13  further objects to this Request on the grounds that it calls for documents or

14  information in the possession, custody or control of MGA and/or Bryant, including

15  without limitation documents and information that MGA and Bryant have been

16  compelled by Court orders to produce but have not produced. Mattel further objects

17  to this Request on the grounds that it seeks confidential, proprietary and trade secret

18  information, including such information that has no bearing on the claims or

19  defenses in this case. Mattel further objects to this Request on the grounds that it

20  calls for the disclosure of information subject to the attorney-client privilege, the

21  attorney work-product doctrine and other applicable privileges.

22  Subject to the foregoing objections, Mattel responds as follows: Mattel will

23  produce responsive, non-privileged documents relating to Kerri Legg's knowledge

24  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

25  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

26  locate after a diligent search and reasonable inquiry, to the extent not previously

27  produced.

28

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Legg's alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or for MGA during his Mattel employment" and "MGA's business practices." This area of information is taken directly from Mattel's allegations regarding Lee in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 12).

1    As to burden, Mattel has not attempted to demonstrate why responding to

2  this request and/or producing responsive documents presents any burden.  This

3  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.").

7  Moreover, it is not unduly burdensome, as noted above, in that the request is

8  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10    This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13    This request seeks relevant information.  Mattel identified Legg in its initial

14  disclosures an individual with discoverable knowledge regarding "[d]esign and

15  development of Bratz and Bryant's work with or for MGA during his Mattel

16  employment" and "MGA's business practices."  Rutowski Decl. Ex. 56 (Mattel's

17  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 12).  Accordingly, Mattel's

18  initial disclosures demonstrate the relevance of this request.  Further, this

19  information is relevant to, among other things, Mattel's trade secret defense,

20  MGA's claims of trade dress infringement, and MGA's affirmative defenses of

21  statute of limitations and laches.

22    Mattel's objection that the request seeks information within MGA's

23  possession, custody or control is nonsensical and lacks factual support.  Mattel

24  makes no argument, let alone a factual showing, that any documents in MGA's

25  possession are duplicative of documents within Mattel's control.  MGA is entitled

26  to discovery from Mattel of documents within its possession, custody, or control

27  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

28  a conclusory statement that MGA also possesses responsive documents.

1  Mattel's objection that the request seeks confidential, proprietary, and trade

2  secret information should be disregarded.  The parties have entered into a protective

3  order in this matter, which governs the handling of confidential business

4  information.  Further, Mattel has put its confidential business information at issue

5  in this litigation, including but not limited to its trade secret misappropriation claim.

6  Accordingly, it cannot resist discovery of confidential business information.

7  Finally, Mattel has improperly limited its agreement to produce to "the facts

8  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

9  the individual is identified as being knowledgeable about certain topics in Mattel's

10  initial disclosures, Mattel's obligation to produce does not end with the facts that it

11  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

12  information from the individual on the topics identified, regardless of whether it

13  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

14  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

15  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

16  MGA might be excluding documents that are responsive to the request based upon

17  its unilateral determination of what is 'relevant' or 'sufficient.'").

18  None of Mattel's improper objections are valid and Mattel is obligated to

19  produce all non-privileged responsive documents in its possession, custody, or

20  control.

21

22  **REQUEST FOR PRODUCTION NO. 297:**

23  All DOCUMENTS REFERRING OR RELATING TO Lidia Ivete Montero

24  Leyva's alleged knowledge of "MGA's access to Mattel's intellectual property and

25  trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

26  DISCLOSURES.

27

28

## RESPONSE TO REQUEST NO. 297:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Lidia Ivete knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 297:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether

1   such documents relate to products or matters at issue in this case. Mattel further

2   objects to the Request on the grounds that it seeks documents that are not relevant

3   to this action or likely to lead to the discovery of admissible evidence. Mattel

4   further objects to this Request on the grounds that it calls for documents or

5   information in the possession, custody or control of MGA, including without

6   limitation documents and information that MGA has been compelled by Court

7   orders to produce but has not produced. Mattel further objects to this Request on

8   the grounds that it seeks confidential, proprietary and trade secret information,

9   including such information that has no bearing on the claims or defenses in this

10  case. Mattel further objects to this Request on the grounds that it calls for the

11  disclosure of information subject to the attorney-client privilege, the attorney work-

12  product doctrine and other applicable privileges.

13       Subject to the foregoing objections, Mattel responds as follows: Mattel will

14  produce responsive, non-privileged documents relating to Lidia Ivete knowledge of

15  the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

16  in Mattel's possession, custody, or control, if any, that Mattel has been able to

17  locate after a diligent search and reasonable inquiry, to the extent not previously

18  produced.

19

20       **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
         SHOULD BE COMPELLED**

21

22       Mattel has improperly limited its agreement to produce documents in

23  response to this request, subject to its improper boilerplate objections.  Mattel has

24  refused to confirm whether or not it has produced all non-privileged responsive

25  documents or whether it is withholding documents based on its objections in Phase

26  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

27  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

28  Generic objections that fail to explain the basis for an objection with specificity are

1  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

2  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

3  such as 'overly burdensome and harassing' are improper – especially when a party

4  fails to submit any evidentiary declarations supporting such objections").

5  Accordingly, Mattel must be compelled either to certify that it has produced all

6  non-privileged responsive documents or to produce all such documents by a date

7  certain.

8         To the extent that Mattel is relying on its blanket objections, they are not

9  sustainable and do not justify Mattel's failure to produce documents.

10        As to overbreadth, Mattel provides no explanation, let alone the required

11 particularity, as to **why** this request is supposedly overly broad, nor can it do so.

12 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

13 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14 contrary, the request is narrowly tailored to seek documents in Mattel's possession,

15 custody, or control concerning Leyva's alleged knowledge of "MGA's access to

16 Mattel's intellectual property and trade secrets" and "MGA's business practices."

17 This area of information is taken directly from Mattel's allegations regarding Leyva

18 in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

19 Disclosures, dated Jan. 5, 2007, p. 12).

20        As to burden, Mattel has not attempted to demonstrate why responding to

21 this request and/or producing responsive documents presents any burden.  This

22 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

23 Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24 request is unduly burdensome must allege specific facts which indicate the nature

25 and extent of the burden, usually by affidavit or other reliable evidence.").

26 Moreover, it is not unduly burdensome, as noted above, in that the request is

27 narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

28 misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4        This request seeks relevant information.  Mattel identified Leyva in its initial

5    disclosures an individual with discoverable knowledge regarding "MGA's access to

6    Mattel's intellectual property and trade secrets" and "MGA business practices."

7    Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

8    2007, p. 12).  Accordingly, Mattel's initial disclosures demonstrate the relevance of

9    this request.  Further, this information is relevant to, among other things, Mattel's

10   trade secret defense, MGA's claims of trade dress infringement, and MGA's

11   affirmative defenses of statute of limitations and laches.

12       Mattel's objection that the request seeks information within MGA's

13   possession, custody or control is nonsensical and lacks factual support.  Mattel

14   makes no argument, let alone a factual showing, that any documents in MGA's

15   possession are duplicative of documents within Mattel's control.  MGA is entitled

16   to discovery from Mattel of documents within its possession, custody, or control

17   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

18   a conclusory statement that MGA also possesses responsive documents.

19       Mattel's objection that the request seeks confidential, proprietary, and trade

20   secret information should be disregarded.  The parties have entered into a protective

21   order in this matter, which governs the handling of confidential business

22   information.  Further, Mattel has put its confidential business information at issue

23   in this litigation, including but not limited to its trade secret misappropriation claim.

24   Accordingly, it cannot resist discovery of confidential business information.

25       Finally, Mattel has improperly limited its agreement to produce to "the facts

26   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

27   the individual is identified as being knowledgeable about certain topics in Mattel's

28   initial disclosures, Mattel's obligation to produce does not end with the facts that it

1  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

2  information from the individual on the topics identified, regardless of whether it

3  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

4  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

5  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

6  MGA might be excluding documents that are responsive to the request based upon

7  its unilateral determination of what is 'relevant' or 'sufficient.'").

8         None of Mattel's improper objections are valid and Mattel is obligated to

9  produce all non-privileged responsive documents in its possession, custody, or

10  control.

11

12  **REQUEST FOR PRODUCTION NO. 298:**

13         All DOCUMENTS REFERRING OR RELATING TO Stanley Li's alleged

14  knowledge of "[d]esign and development of Bratz and Bryant's work with or for

15  MGA during his Mattel employment" and "MGA's business practices," as alleged

16  in MATTEL'S INITIAL DISCLOSURES.

17         **RESPONSE TO REQUEST NO. 298:**

18         In addition to the general objections stated above which are incorporated

19  herein by reference, Mattel objects to this Request on the grounds that it is

20  overbroad, unduly burdensome and unintelligible, including in that it seeks all

21  documents on this subject without limitation as to time, and regardless of whether

22  such documents relate to products or matters at issue in this case. Mattel further

23  objects to the Request on the grounds that it seeks documents that are not relevant

24  to this action or likely to lead to the discovery of admissible evidence. Mattel

25  further objects to this Request on the grounds that it calls for documents or

26  information in the possession, custody or control of MGA and/or Bryant, including

27  without limitation documents and information that MGA and Bryant have been

28  compelled by Court orders to produce but have not produced. Mattel further objects

1  to this Request on the grounds that it seeks confidential, proprietary and trade secret

2  information, including such information that has no bearing on the claims or

3  defenses in this case. Mattel further objects to this Request on the grounds that it

4  calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges.

6      Subject to the foregoing objections, Mattel responds as follows: Mattel will

7  produce responsive, non-privileged documents relating to Stanley Li's knowledge

8  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

9  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

10 locate after a diligent search and reasonable inquiry, to the extent not previously

11 produced.

12 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 298:**

13     In addition to the general objections stated above which are incorporated

14 herein by reference, Mattel objects to this Request on the grounds that it is

15 overbroad, unduly burdensome and unintelligible, including in that it seeks all

16 documents on this subject without limitation as to time, and regardless of whether

17 such documents relate to products or matters at issue in this case. Mattel further

18 objects to the Request on the grounds that it seeks documents that are not relevant

19 to this action or likely to lead to the discovery of admissible evidence. Mattel

20 further objects to this Request on the grounds that it calls for documents or

21 information in the possession, custody or control of MGA and/or Bryant, including

22 without limitation documents and information that MGA and Bryant have been

23 compelled by Court orders to produce but have not produced. Mattel further objects

24 to this Request on the grounds that it seeks confidential, proprietary and trade secret

25 information, including such information that has no bearing on the claims or

26 defenses in this case. Mattel further objects to this Request on the grounds that it

27 calls for the disclosure of information subject to the attorney-client privilege, the

28 attorney work-product doctrine and other applicable privileges.

1   Subject to the foregoing objections, Mattel responds as follows: Mattel will
2   produce responsive, non-privileged documents relating to Stanley Li's knowledge
3   of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that
4   are in Mattel's possession, custody, or control, if any, that Mattel has been able to
5   locate after a diligent search and reasonable inquiry, to the extent not previously
6   produced.

7

8   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**
9

10   Mattel has improperly limited its agreement to produce documents in
11   response to this request, subject to its improper boilerplate objections.  Mattel has
12   refused to confirm whether or not it has produced all non-privileged responsive
13   documents or whether it is withholding documents based on its objections in Phase
14   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
15   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).
16   Generic objections that fail to explain the basis for an objection with specificity are
17   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.
18   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections
19   such as 'overly burdensome and harassing' are improper – especially when a party
20   fails to submit any evidentiary declarations supporting such objections").
21   Accordingly, Mattel must be compelled either to certify that it has produced all
22   non-privileged responsive documents or to produce all such documents by a date
23   certain.

24   To the extent that Mattel is relying on its blanket objections, they are not
25   sustainable and do not justify Mattel's failure to produce documents.

26   As to overbreadth, Mattel provides no explanation, let alone the required
27   particularity, as to **why** this request is supposedly overly broad, nor can it do so.
28   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

1    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2    contrary, the request is narrowly tailored to seek documents in Mattel's possession,

3    custody, or control concerning Li's alleged knowledge of "[d]esign and

4    development of Bratz and Bryant's work with or for MGA during his Mattel

5    employment" and "MGA's business practices."  This area of information is taken

6    directly from Mattel's allegations regarding Li in its initial disclosures.  Rutowski

7    Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 12).

8         As to burden, Mattel has not attempted to demonstrate why responding to

9    this request and/or producing responsive documents presents any burden.  This

10   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

11   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12   request is unduly burdensome must allege specific facts which indicate the nature

13   and extent of the burden, usually by affidavit or other reliable evidence.").

14   Moreover, it is not unduly burdensome, as noted above, in that the request is

15   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

16   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

17        This request does not seek documents protected by the attorney-client

18   privilege, the attorney work product doctrine, or other applicable privileges.  To the

19   extent that Mattel contends that it does, Mattel must provide a privilege log.

20        This request seeks relevant information.  Mattel identified Li in its initial

21   disclosures an individual with discoverable knowledge regarding "[d]esign and

22   development of Bratz and Bryant's work with or for MGA during his Mattel

23   employment" and "MGA's business practices."  Rutowski Decl. Ex. 56 (Mattel's

24   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 12).  Accordingly, Mattel's

25   initial disclosures demonstrate the relevance of this request.  Further, this

26   information is relevant to, among other things, Mattel's trade secret defense,

27   MGA's claims of trade dress infringement, and MGA's affirmative defenses of

28   statute of limitations and laches.

1      Mattel's objection that the request seeks information within MGA's

2  possession, custody or control is nonsensical and lacks factual support.  Mattel

3  makes no argument, let alone a factual showing, that any documents in MGA's

4  possession are duplicative of documents within Mattel's control.  MGA is entitled

5  to discovery from Mattel of documents within its possession, custody, or control

6  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

7  a conclusory statement that MGA also possesses responsive documents.

8      Mattel's objection that the request seeks confidential, proprietary, and trade

9  secret information should be disregarded.  The parties have entered into a protective

10  order in this matter, which governs the handling of confidential business

11  information.  Further, Mattel has put its confidential business information at issue

12  in this litigation, including but not limited to its trade secret misappropriation claim.

13  Accordingly, it cannot resist discovery of confidential business information.

14      Finally, Mattel has improperly limited its agreement to produce to "the facts

15  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

16  the individual is identified as being knowledgeable about certain topics in Mattel's

17  initial disclosures, Mattel's obligation to produce does not end with the facts that it

18  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

19  information from the individual on the topics identified, regardless of whether it

20  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

21  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

22  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

23  MGA might be excluding documents that are responsive to the request based upon

24  its unilateral determination of what is 'relevant' or 'sufficient.'").

25      None of Mattel's improper objections are valid and Mattel is obligated to

26  produce all non-privileged responsive documents in its possession, custody, or

27  control.

28

**REQUEST FOR PRODUCTION NO. 299:**

All DOCUMENTS REFERRING OR RELATING TO Timothy James Lider's alleged knowledge of "MGA's theft of Mattel's intellectual property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 299:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Timothy James Lider's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 299:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether

1   such documents relate to products or matters at issue in this case. Mattel further

2   objects to the Request on the grounds that it seeks documents that are not relevant

3   to this action or likely to lead to the discovery of admissible evidence. Mattel

4   further objects to this Request on the grounds that it seeks confidential, proprietary

5   and trade secret information, including such information that has no bearing on the

6   claims or defenses in this case. Mattel further objects to this Request on the grounds

7   that it calls for the disclosure of information subject to the attorney-client privilege,

8   the attorney work-product doctrine and other applicable privileges.

9        Subject to the foregoing objections, Mattel responds as follows: Mattel will

10   produce responsive, non-privileged documents relating to Timothy James Lider's

11   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

12   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

13   has been able to locate after a diligent search and reasonable inquiry, to the extent

14   not previously produced.

15

16   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

17

18        Mattel has improperly limited its agreement to produce documents in

19   response to this request, subject to its improper boilerplate objections.  Mattel has

20   refused to confirm whether or not it has produced all non-privileged responsive

21   documents or whether it is withholding documents based on its objections in Phase

22   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

23   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

24   Generic objections that fail to explain the basis for an objection with specificity are

25   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

26   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

27   such as 'overly burdensome and harassing' are improper – especially when a party

28   fails to submit any evidentiary declarations supporting such objections").

- 492 -

1    Accordingly, Mattel must be compelled either to certify that it has produced all

2    non-privileged responsive documents or to produce all such documents by a date

3    certain.

4         To the extent that Mattel is relying on its blanket objections, they are not

5    sustainable and do not justify Mattel's failure to produce documents.

6         As to overbreadth, Mattel provides no explanation, let alone the required

7    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

11   custody, or control concerning Lider's alleged knowledge of "MGA's theft of

12   Mattel's intellectual property and trade secrets."  This area of information is taken

13   directly from Mattel's allegations regarding Lider in its initial disclosures.

14   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

15   2007, p. 12).

16        As to burden, Mattel has not attempted to demonstrate why responding to

17   this request and/or producing responsive documents presents any burden.  This

18   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

19   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20   request is unduly burdensome must allege specific facts which indicate the nature

21   and extent of the burden, usually by affidavit or other reliable evidence.").

22   Moreover, it is not unduly burdensome, as noted above, in that the request is

23   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

24   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

25        This request does not seek documents protected by the attorney-client

26   privilege, the attorney work product doctrine, or other applicable privileges.  To the

27   extent that Mattel contends that it does, Mattel must provide a privilege log.

28        This request seeks relevant information.  Mattel identified Lider in its initial

1   disclosures an individual with discoverable knowledge regarding "MGA's theft of

2   Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56 (Mattel's

3   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 12).  Accordingly, Mattel's

4   initial disclosures demonstrate the relevance of this request.  Further, this

5   information is relevant to, among other things, Mattel's trade secret defense,

6   MGA's claims of trade dress infringement, and MGA's affirmative defenses of

7   statute of limitations and laches.

8       Mattel's objection that the request seeks confidential, proprietary, and trade

9   secret information should be disregarded.  The parties have entered into a protective

10  order in this matter, which governs the handling of confidential business

11  information.  Further, Mattel has put its confidential business information at issue

12  in this litigation, including but not limited to its trade secret misappropriation claim.

13  Accordingly, it cannot resist discovery of confidential business information.

14      Finally, Mattel has improperly limited its agreement to produce to "the facts

15  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

16  the individual is identified as being knowledgeable about certain topics in Mattel's

17  initial disclosures, Mattel's obligation to produce does not end with the facts that it

18  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

19  information from the individual on the topics identified, regardless of whether it

20  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

21  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

22  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

23  MGA might be excluding documents that are responsive to the request based upon

24  its unilateral determination of what is 'relevant' or 'sufficient.'").

25      None of Mattel's improper objections are valid and Mattel is obligated to

26  produce all non-privileged responsive documents in its possession, custody, or

27  control.

28

**REQUEST FOR PRODUCTION NO. 300:**

All DOCUMENTS REFERRING OR RELATING TO Steve Linker's alleged knowledge of "[t]he development of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 300:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA and/or Bryant, including without limitation documents and information that MGA and Bryant have been compelled by Court orders to produce but have not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Steve Linker's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 300:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA and/or Bryant, including without limitation documents and information that MGA and Bryant have been compelled by Court orders to produce but have not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Steve Linker's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has

- 496 -

1  refused to confirm whether or not it has produced all non-privileged responsive

2  documents or whether it is withholding documents based on its objections in Phase

3  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

4  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

5  Generic objections that fail to explain the basis for an objection with specificity are

6  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

7  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

8  such as 'overly burdensome and harassing' are improper – especially when a party

9  fails to submit any evidentiary declarations supporting such objections").

10  Accordingly, Mattel must be compelled either to certify that it has produced all

11  non-privileged responsive documents or to produce all such documents by a date

12  certain.

13          To the extent that Mattel is relying on its blanket objections, they are not

14  sustainable and do not justify Mattel's failure to produce documents.

15          As to overbreadth, Mattel provides no explanation, let alone the required

16  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

17  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

18  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

19  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

20  custody, or control concerning Linker's alleged knowledge of "[t]he development

21  of intellectual property at issue."  This area of information is taken directly from

22  Mattel's allegations regarding Linker in its initial disclosures.  Rutowski Decl. Ex.

23  56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 12).

24          As to burden, Mattel has not attempted to demonstrate why responding to

25  this request and/or producing responsive documents presents any burden.  This

26  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

27  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

28  request is unduly burdensome must allege specific facts which indicate the nature

1    and extent of the burden, usually by affidavit or other reliable evidence.").

2    Moreover, it is not unduly burdensome, as noted above, in that the request is

3    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

4    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

5        This request does not seek documents protected by the attorney-client

6    privilege, the attorney work product doctrine, or other applicable privileges.  To the

7    extent that Mattel contends that it does, Mattel must provide a privilege log.

8        This request seeks relevant information.  Mattel identified Linker in its initial

9    disclosures an individual with discoverable knowledge regarding "[t]he

10   development of intellectual property at issue."  Rutowski Decl. Ex. 56 (Mattel's

11   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 12).  Accordingly, Mattel's

12   initial disclosures demonstrate the relevance of this request.  Further, this

13   information is relevant to, among other things, Mattel's trade secret defense and

14   MGA's claims of trade dress infringement.

15       Mattel's objection that the request seeks information within MGA's

16   possession, custody or control is nonsensical and lacks factual support.  Mattel

17   makes no argument, let alone a factual showing, that any documents in MGA's

18   possession are duplicative of documents within Mattel's control.  MGA is entitled

19   to discovery from Mattel of documents within its possession, custody, or control

20   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

21   a conclusory statement that MGA also possesses responsive documents.

22       Mattel's objection that the request seeks confidential, proprietary, and trade

23   secret information should be disregarded.  The parties have entered into a protective

24   order in this matter, which governs the handling of confidential business

25   information.  Further, Mattel has put its confidential business information at issue

26   in this litigation, including but not limited to its trade secret misappropriation claim.

27   Accordingly, it cannot resist discovery of confidential business information.

28

1    Finally, Mattel has improperly limited its agreement to produce to "the facts

2    at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

3    the individual is identified as being knowledgeable about certain topics in Mattel's

4    initial disclosures, Mattel's obligation to produce does not end with the facts that it

5    has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

6    information from the individual on the topics identified, regardless of whether it

7    supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

8    Granting Mattel's Motion to Compel Production of Documents and Interrogatory

9    Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

10   MGA might be excluding documents that are responsive to the request based upon

11   its unilateral determination of what is 'relevant' or 'sufficient.'").

12       None of Mattel's improper objections are valid and Mattel is obligated to

13   produce all non-privileged responsive documents in its possession, custody, or

14   control.

15

16   **REQUEST FOR PRODUCTION NO. 301:**

17       All DOCUMENTS REFERRING OR RELATING TO Dave Malacrida's

18   alleged knowledge of "[d]esign and development of Bratz and Bryant's work with

19   or for MGA during his Mattel employment" and "MGA's business practices," as

20   alleged in MATTEL'S INITIAL DISCLOSURES.

21   **RESPONSE TO REQUEST NO. 301:**

22       In addition to the general objections stated above which are incorporated

23   herein by reference, Mattel objects to this Request on the grounds that it is

24   overbroad, unduly burdensome and unintelligible, including in that it seeks all

25   documents on this subject without limitation as to time, and regardless of whether

26   such documents relate to products or matters at issue in this case. Mattel further

27   objects to the Request on the grounds that it seeks documents that are not relevant

28   to this action or likely to lead to the discovery of admissible evidence. Mattel

1   further objects to this Request on the grounds that it calls for documents or

2   information in the possession, custody or control of MGA and/or Bryant, including

3   without limitation documents and information that MGA and Bryant have been

4   compelled by Court orders to produce but have not produced. Mattel further objects

5   to this Request on the grounds that it seeks confidential, proprietary and trade secret

6   information, including such information that has no bearing on the claims or

7   defenses in this case. Mattel further objects to this Request on the grounds that it

8   calls for the disclosure of information subject to the attorney-client privilege, the

9   attorney work-product doctrine and other applicable privileges.

10          Subject to the foregoing objections, Mattel responds as follows: Mattel will

11  produce responsive, non-privileged documents relating to Dave Malacrida's

12  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

13  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

14  has been able to locate after a diligent search and reasonable inquiry, to the extent

15  not previously produced.

16  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 301:**

17          In addition to the general objections stated above which are incorporated

18  herein by reference, Mattel objects to this Request on the grounds that it is

19  overbroad, unduly burdensome and unintelligible, including in that it seeks all

20  documents on this subject without limitation as to time, and regardless of whether

21  such documents relate to products or matters at issue in this case. Mattel further

22  objects to the Request on the grounds that it seeks documents that are not relevant

23  to this action or likely to lead to the discovery of admissible evidence. Mattel

24  further objects to this Request on the grounds that it calls for documents or

25  information in the possession, custody or control of MGA and/or Bryant, including

26  without limitation documents and information that MGA and Bryant have been

27  compelled by Court orders to produce but have not produced. Mattel further objects

28  to this Request on the grounds that it seeks confidential, proprietary and trade secret

1   information, including such information that has no bearing on the claims or

2   defenses in this case. Mattel further objects to this Request on the grounds that it

3   calls for the disclosure of information subject to the attorney-client privilege, the

4   attorney work-product doctrine and other applicable privileges.

5   Subject to the foregoing objections, Mattel responds as follows: Mattel will

6   produce responsive, non-privileged documents relating to Dave Malacrida's

7   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

8   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

9   has been able to locate after a diligent search and reasonable inquiry, to the extent

10  not previously produced.

11

12  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

13

14  Mattel has improperly limited its agreement to produce documents in

15  response to this request, subject to its improper boilerplate objections.  Mattel has

16  refused to confirm whether or not it has produced all non-privileged responsive

17  documents or whether it is withholding documents based on its objections in Phase

18  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

19  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

20  Generic objections that fail to explain the basis for an objection with specificity are

21  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

22  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

23  such as 'overly burdensome and harassing' are improper – especially when a party

24  fails to submit any evidentiary declarations supporting such objections").

25  Accordingly, Mattel must be compelled either to certify that it has produced all

26  non-privileged responsive documents or to produce all such documents by a date

27  certain.

28

1    To the extent that Mattel is relying on its blanket objections, they are not

2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required

4    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7    contrary, the request is narrowly tailored to seek documents in Mattel's possession,

8    custody, or control concerning Malacrida's alleged knowledge of "[d]esign and

9    development of Bratz and Bryant's work with or for MGA during his Mattel

10   employment" and "MGA's business practices."  This area of information is taken

11   directly from Mattel's allegations regarding Malacrida in its initial disclosures.

12   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

13   2007, p. 12).

14   As to burden, Mattel has not attempted to demonstrate why responding to

15   this request and/or producing responsive documents presents any burden.  This

16   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

17   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18   request is unduly burdensome must allege specific facts which indicate the nature

19   and extent of the burden, usually by affidavit or other reliable evidence.").

20   Moreover, it is not unduly burdensome, as noted above, in that the request is

21   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

22   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

23   This request does not seek documents protected by the attorney-client

24   privilege, the attorney work product doctrine, or other applicable privileges.  To the

25   extent that Mattel contends that it does, Mattel must provide a privilege log.

26   This request seeks relevant information.  Mattel identified Malacrida in its

27   initial disclosures an individual with discoverable knowledge regarding "[d]esign

28   and development of Bratz and Bryant's work with or for MGA during his Mattel

1   employment" and "MGA business practices."  Rutowski Decl. Ex. 56 (Mattel's

2   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 12).  Accordingly, Mattel's

3   initial disclosures demonstrate the relevance of this request.  Further, this

4   information is relevant to, among other things, Mattel's trade secret defense,

5   MGA's claims of trade dress infringement, and MGA's affirmative defenses of

6   statute of limitations and laches.

7       Mattel's objection that the request seeks information within MGA's

8   possession, custody or control is nonsensical and lacks factual support.  Mattel

9   makes no argument, let alone a factual showing, that any documents in MGA's

10  possession are duplicative of documents within Mattel's control.  MGA is entitled

11  to discovery from Mattel of documents within its possession, custody, or control

12  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

13  a conclusory statement that MGA also possesses responsive documents.

14      Mattel's objection that the request seeks confidential, proprietary, and trade

15  secret information should be disregarded.  The parties have entered into a protective

16  order in this matter, which governs the handling of confidential business

17  information.  Further, Mattel has put its confidential business information at issue

18  in this litigation, including but not limited to its trade secret misappropriation claim.

19  Accordingly, it cannot resist discovery of confidential business information.

20      Finally, Mattel has improperly limited its agreement to produce to "the facts

21  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

22  the individual is identified as being knowledgeable about certain topics in Mattel's

23  initial disclosures, Mattel's obligation to produce does not end with the facts that it

24  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

25  information from the individual on the topics identified, regardless of whether it

26  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

27  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

28  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

- 503 -

1   MGA might be excluding documents that are responsive to the request based upon

2   its unilateral determination of what is 'relevant' or 'sufficient.'").

3        None of Mattel's improper objections are valid and Mattel is obligated to

4   produce all non-privileged responsive documents in its possession, custody, or

5   control.

6

7   **REQUEST FOR PRODUCTION NO. 302:**

8        All DOCUMENTS REFERRING OR RELATING TO Joy Mann's alleged

9   knowledge of "[t]he development and ownership of intellectual property at issue,"

10  as alleged in MATTEL'S INITIAL DISCLOSURES.

11       **RESPONSE TO REQUEST NO. 302:**

12       In addition to the general objections stated above which are incorporated

13  herein by reference, Mattel objects to this. Request on the grounds that it is

14  overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case. Mattel further

17  objects to the Request on the grounds that it seeks documents that are not relevant

18  to this action or likely to lead to the discovery of admissible evidence. Mattel

19  further objects to this Request on the grounds that it seeks confidential, proprietary

20  and trade secret information, including such information that has no bearing on the

21  claims or defenses in this case. Mattel further objects to this Request on the grounds

22  that it calls for the disclosure of information subject to the attorney-client privilege,

23  the attorney work-product doctrine and other applicable privileges.

24       Subject to the foregoing objections, Mattel responds as follows: Mattel will

25  produce responsive, non-privileged documents relating to Joy Mann's knowledge

26  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

27  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

28

1  locate after a diligent search and reasonable inquiry, to the extent not previously

2  produced.

3  ## SUPPLEMENTAL RESPONSE TO REQUEST NO. 302:

4  In addition to the general objections stated above which are incorporated

5  herein by reference, Mattel objects to this. Request on the grounds that it is

6  overbroad, unduly burdensome and unintelligible, including in that it seeks all

7  documents on this subject without limitation as to time, and regardless of whether

8  such documents relate to products or matters at issue in this case. Mattel further

9  objects to the Request on the grounds that it seeks documents that are not relevant

10  to this action or likely to lead to the discovery of admissible evidence. Mattel

11  further objects to this Request on the grounds that it seeks confidential, proprietary

12  and trade secret information, including such information that has no bearing on the

13  claims or defenses in this case. Mattel further objects to this Request on the grounds

14  that it calls for the disclosure of information subject to the attorney-client privilege,

15  the attorney work-product doctrine and other applicable privileges.

16  Subject to the foregoing objections, Mattel responds as follows: Mattel will

17  produce responsive, non-privileged documents relating to Joy Mann's knowledge

18  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

19  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

20  locate after a diligent search and reasonable inquiry, to the extent not previously

21  produced.

22

23  ## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

24  ## SHOULD BE COMPELLED

25  Mattel has improperly limited its agreement to produce documents in

26  response to this request, subject to its improper boilerplate objections.  Mattel has

27  refused to confirm whether or not it has produced all non-privileged responsive

28  documents or whether it is withholding documents based on its objections in Phase

2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Mann's alleged knowledge of "[t]he development and ownership of intellectual property at issue."  This area of information is taken directly from Mattel's allegations regarding Mann in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 12).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.").

1   Moreover, it is not unduly burdensome, as noted above, in that the request is

2   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

3   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

4       This request does not seek documents protected by the attorney-client

5   privilege, the attorney work product doctrine, or other applicable privileges.  To the

6   extent that Mattel contends that it does, Mattel must provide a privilege log.

7       This request seeks relevant information.  Mattel identified Mann in its initial

8   disclosures an individual with discoverable knowledge regarding "[t]he

9   development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

10  56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 12).

11  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

12  Further, this information is relevant to, among other things, Mattel's trade secret

13  defense and MGA's claims of trade dress infringement.

14      Mattel's objection that the request seeks confidential, proprietary, and trade

15  secret information should be disregarded.  The parties have entered into a protective

16  order in this matter, which governs the handling of confidential business

17  information.  Further, Mattel has put its confidential business information at issue

18  in this litigation, including but not limited to its trade secret misappropriation claim.

19  Accordingly, it cannot resist discovery of confidential business information.

20      Finally, Mattel has improperly limited its agreement to produce to "the facts

21  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

22  the individual is identified as being knowledgeable about certain topics in Mattel's

23  initial disclosures, Mattel's obligation to produce does not end with the facts that it

24  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

25  information from the individual on the topics identified, regardless of whether it

26  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

27  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

28  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

1  MGA might be excluding documents that are responsive to the request based upon

2  its unilateral determination of what is 'relevant' or 'sufficient.'").

3      None of Mattel's improper objections are valid and Mattel is obligated to

4  produce all non-privileged responsive documents in its possession, custody, or

5  control.

6

7  **REQUEST FOR PRODUCTION NO. 303:**

8      All DOCUMENTS in Joy Mann's possession or control REFERRING OR

9  RELATING TO her alleged knowledge of "[t]he development and ownership of

10  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

11      **RESPONSE TO REQUEST NO. 303:**

12      In addition to the general objections stated above which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it is

14  overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case. Mattel further

17  objects to the Request on the grounds that it seeks documents that are not relevant

18  to this action or likely to lead to the discovery of admissible evidence. Mattel

19  further objects to this Request on the grounds that it seeks confidential, proprietary

20  and trade secret information, including such information that has no bearing on the

21  claims or defenses in this case. Mattel further objects to this Request on the grounds

22  that it calls for the disclosure of information subject to the attorney-client privilege,

23  the attorney work-product doctrine and other applicable privileges.

24      Subject to the foregoing objections, Mattel responds as follows: Mattel will

25  produce responsive, non-privileged documents relating to Joy Mann's knowledge

26  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

27  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

28

1   locate after a diligent search and reasonable inquiry, to the extent not previously

2   produced.

3   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 303:**

4   In addition to the general objections stated above which are incorporated

5   herein by reference, Mattel objects to this Request on the grounds that it is

6   overbroad, unduly burdensome and unintelligible, including in that it seeks all

7   documents on this subject without limitation as to time, and regardless of whether

8   such documents relate to products or matters at issue in this case. Mattel further

9   objects to the Request on the grounds that it seeks documents that are not relevant

10  to this action or likely to lead to the discovery of admissible evidence. Mattel

11  further objects to this Request on the grounds that it seeks confidential, proprietary

12  and trade secret information, including such information that has no bearing on the

13  claims or defenses in this case. Mattel further objects to this Request on the grounds

14  that it calls for the disclosure of information subject to the attorney-client privilege,

15  the attorney work-product doctrine and other applicable privileges.

16  Subject to the foregoing objections, Mattel responds as follows: Mattel will

17  produce responsive, non-privileged documents relating to Joy Mann's knowledge

18  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

19  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

20  locate after a diligent search and reasonable inquiry, to the extent not previously

21  produced.

22

23  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

24  **SHOULD BE COMPELLED**

25  Mattel has improperly limited its agreement to produce documents in

26  response to this request, subject to its improper boilerplate objections.  Mattel has

27  refused to confirm whether or not it has produced all non-privileged responsive

28  documents or whether it is withholding documents based on its objections in Phase

2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Mann's alleged knowledge of "[t]he development and ownership of intellectual property at issue."  This area of information is taken directly from Mattel's allegations regarding Mann in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 12).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.").

1    Moreover, it is not unduly burdensome, as noted above, in that the request is

2    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

3    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

4         This request does not seek documents protected by the attorney-client

5    privilege, the attorney work product doctrine, or other applicable privileges.  To the

6    extent that Mattel contends that it does, Mattel must provide a privilege log.

7         This request seeks relevant information.  Mattel identified Mann in its initial

8    disclosures an individual with discoverable knowledge regarding "[t]he

9    development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

10   56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 12).

11   Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

12   Further, this information is relevant to, among other things, Mattel's trade secret

13   defense and MGA's claims of trade dress infringement.

14        Mattel's objection that the request seeks confidential, proprietary, and trade

15   secret information should be disregarded.  The parties have entered into a protective

16   order in this matter, which governs the handling of confidential business

17   information.  Further, Mattel has put its confidential business information at issue

18   in this litigation, including but not limited to its trade secret misappropriation claim.

19   Accordingly, it cannot resist discovery of confidential business information.

20        Finally, Mattel has improperly limited its agreement to produce to "the facts

21   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

22   the individual is identified as being knowledgeable about certain topics in Mattel's

23   initial disclosures, Mattel's obligation to produce does not end with the facts that it

24   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

25   information from the individual on the topics identified, regardless of whether it

26   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

27   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

28   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

1    MGA might be excluding documents that are responsive to the request based upon

2    its unilateral determination of what is 'relevant' or 'sufficient.'").

3            None of Mattel's improper objections are valid and Mattel is obligated to

4    produce all non-privileged responsive documents in its possession, custody, or

5    control.

6

7    **REQUEST FOR PRODUCTION NO. 304:**

8            All DOCUMENTS REFERRING OR RELATING TO Maria Veronica de

9    Souza Brandao Marlow's alleged knowledge of "[d]esign and development of Bratz

10   and Bryant's work with or for MGA during his Mattel employment," "MGA's

11   access to Mattel's intellectual property and trade secrets," and "MGA's business

12   practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

13           **RESPONSE TO REQUEST NO. 304:**

14           In addition to the general objections stated above which are incorporated

15   herein by reference, Mattel objects to this Request on the grounds that it is

16   overbroad, unduly burdensome and unintelligible, including in that it seeks all

17   documents on this subject without limitation as to time, and regardless of whether

18   such documents relate to products or matters at issue in this case. Mattel further

19   objects to the Request on the grounds that it seeks documents that are not relevant

20   to this action or likely to lead to the discovery of admissible evidence. Mattel

21   further objects to this Request on the grounds that it calls for documents or

22   information in the possession, custody or control of MGA and/or Bryant, including

23   without limitation documents and information that MGA and Bryant have been

24   compelled by Court orders to produce but have not produced. Mattel further objects

25   to this Request on the grounds that it seeks confidential, proprietary and trade secret

26   information, including such information that has no bearing on the claims or

27   defenses in this case. Mattel further objects to this Request on the grounds that it

28

1  calls for the disclosure of information subject to the attorney-client privilege, the

2  attorney work-product doctrine and other applicable privileges.

3        Subject to the foregoing objections, Mattel responds as follows: Mattel will

4  produce responsive, non-privileged documents relating to Maria Veronica de Souza

5  Brandao Marlow's knowledge of the facts at issue in this litigation as alleged in

6  Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if

7  any, that Mattel has been able to locate after a diligent search and reasonable

8  inquiry, to the extent not previously produced.

9        **SUPPLEMENTAL RESPONSE TO REQUEST NO. 304:**

10       In addition to the general objections stated above which are incorporated

11  herein by reference, Mattel objects to this Request on the grounds that it is

12  overbroad, unduly burdensome and unintelligible, including in that it seeks all

13  documents on this subject without limitation as to time, and regardless of whether

14  such documents relate to products or matters at issue in this case. Mattel further

15  objects to the Request on the grounds that it seeks documents that are not relevant

16  to this action or likely to lead to the discovery of admissible evidence. Mattel

17  further objects to this Request on the grounds that it calls for documents or

18  information in the possession, custody or control of MGA and/or Bryant, including

19  without limitation documents and information that MGA and Bryant have been

20  compelled by Court orders to produce but have not produced. Mattel further objects

21  to this Request on the grounds that it seeks confidential, proprietary and trade secret

22  information, including such information that has no bearing on the claims or

23  defenses in this case. Mattel further objects to this Request on the grounds that it

24  calls for the disclosure of information subject to the attorney-client privilege, the

25  attorney work-product doctrine and other applicable privileges.

26       Subject to the foregoing objections, Mattel responds as follows: Mattel will

27  produce responsive, non-privileged documents relating to Maria Veronica de Souza

28  Brandao Marlow's knowledge of the facts at issue in this litigation as alleged in

1  Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if

2  any, that Mattel has been able to locate after a diligent search and reasonable

3  inquiry, to the extent not previously produced.

4

5  ### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

6

7  Mattel has improperly limited its agreement to produce documents in

8  response to this request, subject to its improper boilerplate objections.  Mattel has

9  refused to confirm whether or not it has produced all non-privileged responsive

10  documents or whether it is withholding documents based on its objections in Phase

11  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

12  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

13  Generic objections that fail to explain the basis for an objection with specificity are

14  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

15  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

16  such as 'overly burdensome and harassing' are improper – especially when a party

17  fails to submit any evidentiary declarations supporting such objections").

18  Accordingly, Mattel must be compelled either to certify that it has produced all

19  non-privileged responsive documents or to produce all such documents by a date

20  certain.

21  To the extent that Mattel is relying on its blanket objections, they are not

22  sustainable and do not justify Mattel's failure to produce documents.

23  As to overbreadth, Mattel provides no explanation, let alone the required

24  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

25  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

26  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

27  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

28  custody, or control concerning Marlow's alleged knowledge of "[d]esign and

1   development of Bratz and Bryant's work with or for MGA during his Mattel

2   employment," "MGA's access to Mattel's intellectual property and trade secrets,"

3   and "MGA's business practices."  This area of information is taken directly from

4   Mattel's allegations regarding Marlow in its initial disclosures.  Rutowski Decl. Ex.

5   56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 12).

6          As to burden, Mattel has not attempted to demonstrate why responding to

7   this request and/or producing responsive documents presents any burden.  This

8   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

9   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10  request is unduly burdensome must allege specific facts which indicate the nature

11  and extent of the burden, usually by affidavit or other reliable evidence.").

12  Moreover, it is not unduly burdensome, as noted above, in that the request is

13  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

14  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

15         This request does not seek documents protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges.  To the

17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18         This request seeks relevant information.  Mattel identified Marlow in its

19  initial disclosures an individual with discoverable knowledge regarding "[d]esign

20  and development of Bratz and Bryant's work with or for MGA during his Mattel

21  employment," "MGA's access to Mattel's intellectual property and trade secrets,"

22  and "MGA's business practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated

23  Initial Disclosures, dated Jan. 5, 2007, p. 12).  Accordingly, Mattel's initial

24  disclosures demonstrate the relevance of this request.  Further, this information is

25  relevant to, among other things, Mattel's trade secret defense, MGA's claims of

26  trade dress infringement, and MGA's affirmative defenses of statute of limitations

27  and laches.

28

1   Mattel's objection that the request seeks information within MGA's

2   possession, custody or control is nonsensical and lacks factual support.  Mattel

3   makes no argument, let alone a factual showing, that any documents in MGA's

4   possession are duplicative of documents within Mattel's control.  MGA is entitled

5   to discovery from Mattel of documents within its possession, custody, or control

6   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

7   a conclusory statement that MGA also possesses responsive documents.

8   Mattel's objection that the request seeks confidential, proprietary, and trade

9   secret information should be disregarded.  The parties have entered into a protective

10  order in this matter, which governs the handling of confidential business

11  information.  Further, Mattel has put its confidential business information at issue

12  in this litigation, including but not limited to its trade secret misappropriation claim.

13  Accordingly, it cannot resist discovery of confidential business information.

14  Finally, Mattel has improperly limited its agreement to produce to "the facts

15  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

16  the individual is identified as being knowledgeable about certain topics in Mattel's

17  initial disclosures, Mattel's obligation to produce does not end with the facts that it

18  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

19  information from the individual on the topics identified, regardless of whether it

20  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

21  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

22  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

23  MGA might be excluding documents that are responsive to the request based upon

24  its unilateral determination of what is 'relevant' or 'sufficient.'").

25  None of Mattel's improper objections are valid and Mattel is obligated to

26  produce all non-privileged responsive documents in its possession, custody, or

27  control.

28

1   **REQUEST FOR PRODUCTION NO. 305:**

2        All DOCUMENTS REFERRING OR RELATING TO Lily Martinez's

3   alleged knowledge of "[t]he development and ownership of intellectual property at

4   issue" and "Bryant's breach of obligations to Mattel," as alleged in MATTEL'S

5   INITIAL DISCLOSURES.

6        **RESPONSE TO REQUEST NO. 305:**

7        In addition to the general objections stated above which are incorporated

8   herein by reference, Mattel objects to this Request on the grounds that it is

9   overbroad, unduly burdensome and unintelligible, including in that it seeks all

10  documents on this subject without limitation as to time, and regardless of whether

11  such documents relate to products or matters at issue in this case. Mattel further

12  objects to the Request on the grounds that it seeks documents that are not relevant

13  to this action or likely to lead to the discovery of admissible evidence. Mattel

14  further objects to this Request on the grounds that it seeks confidential, proprietary

15  and trade secret information, including such information that has no bearing on the

16  claims or defenses in this case. Mattel further objects to this Request on the grounds

17  that it calls for the disclosure of information subject to the attorney-client privilege,

18  the attorney work-product doctrine and other applicable privileges.

19       Subject to the foregoing objections, Mattel responds as follows: Mattel will

20  produce responsive, non-privileged documents relating to Lily Martinez's

21  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

22  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

23  has been able to locate after a diligent search and reasonable inquiry, to the extent

24  not previously produced.

25

26       **SUPPLEMENTAL RESPONSE TO REQUEST NO. 305:**

27       In addition to the general objections stated above which are incorporated

28  herein by reference, Mattel objects to this Request on the grounds that it is

1   overbroad, unduly burdensome and unintelligible, including in that it seeks all

2   documents on this subject without limitation as to time, and regardless of whether

3   such documents relate to products or matters at issue in this case. Mattel further

4   objects to the Request on the grounds that it seeks documents that are not relevant

5   to this action or likely to lead to the discovery of admissible evidence. Mattel

6   further objects to this Request on the grounds that it seeks confidential, proprietary

7   and trade secret information, including such information that has no bearing on the

8   claims or defenses in this case. Mattel further objects to this Request on the grounds

9   that it calls for the disclosure of information subject to the attorney-client privilege,

10  the attorney work-product doctrine and other applicable privileges.

11      Subject to the foregoing objections, Mattel responds as follows: Mattel will

12  produce responsive, non-privileged documents relating to Lily Martinez's

13  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

14  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

15  has been able to locate after a diligent search and reasonable inquiry, to the extent

16  not previously produced.

17

18  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

19

20      Mattel has improperly limited its agreement to produce documents in

21  response to this request, subject to its improper boilerplate objections.  Mattel has

22  refused to confirm whether or not it has produced all non-privileged responsive

23  documents or whether it is withholding documents based on its objections in Phase

24  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

25  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

26  Generic objections that fail to explain the basis for an objection with specificity are

27  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

28  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

1    such as 'overly burdensome and harassing' are improper – especially when a party

2    fails to submit any evidentiary declarations supporting such objections").

3    Accordingly, Mattel must be compelled either to certify that it has produced all

4    non-privileged responsive documents or to produce all such documents by a date

5    certain.

6        To the extent that Mattel is relying on its blanket objections, they are not

7    sustainable and do not justify Mattel's failure to produce documents.

8        As to overbreadth, Mattel provides no explanation, let alone the required

9    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

10   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

11   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

12   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

13   custody, or control concerning Martinez's alleged knowledge of "[t]he development

14   and ownership of intellectual property at issue" and "Bryant's breach of obligations

15   to Mattel."  This area of information is taken directly from Mattel's allegations

16   regarding Martinez in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's

17   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 13).

18       As to burden, Mattel has not attempted to demonstrate why responding to

19   this request and/or producing responsive documents presents any burden.  This

20   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

21   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22   request is unduly burdensome must allege specific facts which indicate the nature

23   and extent of the burden, usually by affidavit or other reliable evidence.").

24   Moreover, it is not unduly burdensome, as noted above, in that the request is

25   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

26   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

27       This request does not seek documents protected by the attorney-client

28   privilege, the attorney work product doctrine, or other applicable privileges.  To the

1    extent that Mattel contends that it does, Mattel must provide a privilege log.

2          This request seeks relevant information.  Mattel identified Martinez in its

3    initial disclosures an individual with discoverable knowledge regarding "[t]he

4    development and ownership of intellectual property at issue" and "Bryant's breach

5    of obligations to Mattel."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

6    Disclosures, dated Jan. 5, 2007, p. 13).  Accordingly, Mattel's initial disclosures

7    demonstrate the relevance of this request.  Further, this information is relevant to,

8    among other things, Mattel's trade secret defense and MGA's claims of trade dress

9    infringement.

10         Mattel's objection that the request seeks confidential, proprietary, and trade

11   secret information should be disregarded.  The parties have entered into a protective

12   order in this matter, which governs the handling of confidential business

13   information.  Further, Mattel has put its confidential business information at issue

14   in this litigation, including but not limited to its trade secret misappropriation claim.

15   Accordingly, it cannot resist discovery of confidential business information.

16         Finally, Mattel has improperly limited its agreement to produce to "the facts

17   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

18   the individual is identified as being knowledgeable about certain topics in Mattel's

19   initial disclosures, Mattel's obligation to produce does not end with the facts that it

20   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

21   information from the individual on the topics identified, regardless of whether it

22   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

23   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

24   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

25   MGA might be excluding documents that are responsive to the request based upon

26   its unilateral determination of what is 'relevant' or 'sufficient.'").

27

28

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 306:**

All DOCUMENTS in Lily Martinez's possession or control REFERRING OR RELATING TO her alleged knowledge of "[t]he development and ownership of intellectual property at issue" and "Bryant's breach of obligations to Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 306:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Lily Martinez's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 306:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Lily Martinez's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

1   Generic objections that fail to explain the basis for an objection with specificity are

2   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

3   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

4   such as 'overly burdensome and harassing' are improper – especially when a party

5   fails to submit any evidentiary declarations supporting such objections").

6   Accordingly, Mattel must be compelled either to certify that it has produced all

7   non-privileged responsive documents or to produce all such documents by a date

8   certain.

9        To the extent that Mattel is relying on its blanket objections, they are not

10  sustainable and do not justify Mattel's failure to produce documents.

11       As to overbreadth, Mattel provides no explanation, let alone the required

12  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

13  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

14  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

15  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

16  custody, or control concerning Martinez's alleged knowledge of "[t]he development

17  and ownership of intellectual property at issue" and "Bryant's breach of obligations

18  to Mattel."  This area of information is taken directly from Mattel's allegations

19  regarding Martinez in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's

20  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 13).

21       As to burden, Mattel has not attempted to demonstrate why responding to

22  this request and/or producing responsive documents presents any burden.  This

23  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

24  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

25  request is unduly burdensome must allege specific facts which indicate the nature

26  and extent of the burden, usually by affidavit or other reliable evidence.").

27  Moreover, it is not unduly burdensome, as noted above, in that the request is

28  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

1    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

2            This request does not seek documents protected by the attorney-client

3    privilege, the attorney work product doctrine, or other applicable privileges.  To the

4    extent that Mattel contends that it does, Mattel must provide a privilege log.

5            This request seeks relevant information.  Mattel identified Martinez in its

6    initial disclosures an individual with discoverable knowledge regarding "[t]he

7    development and ownership of intellectual property at issue" and "Bryant's breach

8    of obligations to Mattel."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

9    Disclosures, dated Jan. 5, 2007, p. 13).  Accordingly, Mattel's initial disclosures

10   demonstrate the relevance of this request.  Further, this information is relevant to,

11   among other things, Mattel's trade secret defense and MGA's claims of trade dress

12   infringement.

13           Mattel's objection that the request seeks confidential, proprietary, and trade

14   secret information should be disregarded.  The parties have entered into a protective

15   order in this matter, which governs the handling of confidential business

16   information.  Further, Mattel has put its confidential business information at issue

17   in this litigation, including but not limited to its trade secret misappropriation claim.

18   Accordingly, it cannot resist discovery of confidential business information.

19           Finally, Mattel has improperly limited its agreement to produce to "the facts

20   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

21   the individual is identified as being knowledgeable about certain topics in Mattel's

22   initial disclosures, Mattel's obligation to produce does not end with the facts that it

23   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

24   information from the individual on the topics identified, regardless of whether it

25   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

26   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

27   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

28

1  MGA might be excluding documents that are responsive to the request based upon

2  its unilateral determination of what is 'relevant' or 'sufficient.'").

3          None of Mattel's improper objections are valid and Mattel is obligated to

4  produce all non-privileged responsive documents in its possession, custody, or

5  control.

6

7  **REQUEST FOR PRODUCTION NO. 307:**

8          All DOCUMENTS REFERRING OR RELATING TO Susan G. McBride's

9  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

10  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

11  DISCLOSURES.

12          **RESPONSE TO REQUEST NO. 307:**

13          In addition to the general objections stated above which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is

15  overbroad, unduly burdensome and unintelligible, including in that it seeks all

16  documents on this subject without limitation as to time, and regardless of whether

17  such documents relate to products or matters at issue in this case. Mattel further

18  objects to the Request on the grounds that it seeks documents that are not relevant

19  to this action or likely to lead to the discovery of admissible evidence. Mattel

20  further objects to this Request on the grounds that it calls for documents or

21  information in the possession, custody or control of MGA, including without

22  limitation documents and information that MGA has been compelled by Court

23  orders to produce but has not produced. Mattel further objects to this Request on

24  the grounds that it seeks confidential, proprietary and trade secret information,

25  including such information that has no bearing on the claims or defenses in this

26  case. Mattel further objects to this Request on the grounds that it calls for the

27  disclosure of information subject to the attorney-client privilege, the attorney work-

28  product doctrine and other applicable privileges.

1   Subject to the foregoing objections, Mattel responds as follows: Mattel will

2   produce responsive, non-privileged documents relating to Susan G. McBride's

3   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

4   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

5   has been able to locate after a diligent search and reasonable inquiry, to the extent

6   not previously produced.

7   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 307:**

8   In addition to the general objections stated above which are incorporated

9   herein by reference, Mattel objects to this Request on the grounds that it is

10  overbroad, unduly burdensome and unintelligible, including in that it seeks all

11  documents on this subject without limitation as to time, and regardless of whether

12  such documents relate to products or matters at issue in this case. Mattel further

13  objects to the Request on the grounds that it seeks documents that are not relevant

14  to this action or likely to lead to the discovery of admissible evidence. Mattel

15  further objects to this Request on the grounds that it calls for documents or

16  information in the possession, custody or control of MGA, including without

17  limitation documents and information that MGA has been compelled by Court

18  orders to produce but has not produced. Mattel further objects to this Request on

19  the grounds that it seeks confidential, proprietary and trade secret information,

20  including such information that has no bearing on the claims or defenses in this

21  case. Mattel further objects to this Request on the grounds that it calls for the

22  disclosure of information subject to the attorney-client privilege, the attorney work-

23  product doctrine and other applicable privileges.

24  Subject to the foregoing objections, Mattel responds as follows: Mattel will

25  produce responsive, non-privileged documents relating to Susan G. McBride's

26  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

27  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

28

1   has been able to locate after a diligent search and reasonable inquiry, to the extent

2   not previously produced.

3

4   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

5

6        Mattel has improperly limited its agreement to produce documents in

7   response to this request, subject to its improper boilerplate objections.  Mattel has

8   refused to confirm whether or not it has produced all non-privileged responsive

9   documents or whether it is withholding documents based on its objections in Phase

10  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

11  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

12  Generic objections that fail to explain the basis for an objection with specificity are

13  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

14  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

15  such as 'overly burdensome and harassing' are improper – especially when a party

16  fails to submit any evidentiary declarations supporting such objections").

17  Accordingly, Mattel must be compelled either to certify that it has produced all

18  non-privileged responsive documents or to produce all such documents by a date

19  certain.

20        To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.

22        As to overbreadth, Mattel provides no explanation, let alone the required

23  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

24  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

27  custody, or control concerning McBride's alleged knowledge of "MGA's access to

28  Mattel's intellectual property and trade secrets" and "MGA's business practices."

1   This area of information is taken directly from Mattel's allegations regarding

2   McBride in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

3   Initial Disclosures, dated Jan. 5, 2007, p. 13).

4        As to burden, Mattel has not attempted to demonstrate why responding to

5   this request and/or producing responsive documents presents any burden.  This

6   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8   request is unduly burdensome must allege specific facts which indicate the nature

9   and extent of the burden, usually by affidavit or other reliable evidence.").

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

12  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

13       This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges.  To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16       This request seeks relevant information.  Mattel identified McBride in its

17  initial disclosures an individual with discoverable knowledge regarding "MGA's

18  access to Mattel's intellectual property and trade secrets" and "MGA business

19  practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

20  Jan. 5, 2007, p. 12).  Accordingly, Mattel's initial disclosures demonstrate the

21  relevance of this request.  Further, this information is relevant to, among other

22  things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

23  and MGA's affirmative defenses of statute of limitations and laches.

24       Mattel's objection that the request seeks information within MGA's

25  possession, custody or control is nonsensical and lacks factual support.  Mattel

26  makes no argument, let alone a factual showing, that any documents in MGA's

27  possession are duplicative of documents within Mattel's control.  MGA is entitled

28  to discovery from Mattel of documents within its possession, custody, or control

1   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

2   a conclusory statement that MGA also possesses responsive documents.

3        Mattel's objection that the request seeks confidential, proprietary, and trade

4   secret information should be disregarded.  The parties have entered into a protective

5   order in this matter, which governs the handling of confidential business

6   information.  Further, Mattel has put its confidential business information at issue

7   in this litigation, including but not limited to its trade secret misappropriation claim.

8   Accordingly, it cannot resist discovery of confidential business information.

9        Finally, Mattel has improperly limited its agreement to produce to "the facts

10  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

11  the individual is identified as being knowledgeable about certain topics in Mattel's

12  initial disclosures, Mattel's obligation to produce does not end with the facts that it

13  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

14  information from the individual on the topics identified, regardless of whether it

15  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

16  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

17  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

18  MGA might be excluding documents that are responsive to the request based upon

19  its unilateral determination of what is 'relevant' or 'sufficient.'").

20       None of Mattel's improper objections are valid and Mattel is obligated to

21  produce all non-privileged responsive documents in its possession, custody, or

22  control.

23

24  **<u>REQUEST FOR PRODUCTION NO. 308</u>:**

25       All DOCUMENTS REFERRING OR RELATING TO Barbara Miller's

26  alleged knowledge of "[t]he development and ownership of intellectual property at

27  issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

28

## RESPONSE TO REQUEST NO. 308:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 308:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA and/or Bryant, including without limitation documents and information that MGA and Bryant have been compelled by Court orders to produce but have not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it

1  calls for the disclosure of information subject to the attorney-client privilege, the

2  attorney work-product doctrine and other applicable privileges.

3      Subject to the foregoing objections, Mattel responds as follows: Mattel will

4  produce responsive, non-privileged documents relating to Barbara Miller's

5  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

6  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

7  has been able to locate after a diligent search and reasonable inquiry, to the extent

8  not previously produced.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

11

12      Mattel has improperly limited its agreement to produce documents in

13  response to this request, subject to its improper boilerplate objections.  Mattel has

14  refused to confirm whether or not it has produced all non-privileged responsive

15  documents or whether it is withholding documents based on its objections in Phase

16  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18  Generic objections that fail to explain the basis for an objection with specificity are

19  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21  such as 'overly burdensome and harassing' are improper – especially when a party

22  fails to submit any evidentiary declarations supporting such objections").

23  Accordingly, Mattel must be compelled either to certify that it has produced all

24  non-privileged responsive documents or to produce all such documents by a date

25  certain.

26      To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

**- 531 -**      SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET THREE;  CV 04-9049 SGL (RNBx)

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Miller's alleged knowledge of "[t]he development and ownership of intellectual property at issue."  This area of information is taken directly from Mattel's allegations regarding Miller in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 13).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

This request seeks relevant information.  Mattel identified Miller in its initial disclosures an individual with discoverable knowledge regarding "[t]he development and ownership of intellectual property at issue."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 13). Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

1    Further, this information is relevant to, among other things, Mattel's trade secret

2    defense and MGA's claims of trade dress infringement.

3        Mattel's objection that the request seeks information within MGA's

4    possession, custody or control is nonsensical and lacks factual support.  Mattel

5    makes no argument, let alone a factual showing, that any documents in MGA's

6    possession are duplicative of documents within Mattel's control.  MGA is entitled

7    to discovery from Mattel of documents within its possession, custody, or control

8    that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

9    a conclusory statement that MGA also possesses responsive documents.

10       Mattel's objection that the request seeks confidential, proprietary, and trade

11   secret information should be disregarded.  The parties have entered into a protective

12   order in this matter, which governs the handling of confidential business

13   information.  Further, Mattel has put its confidential business information at issue

14   in this litigation, including but not limited to its trade secret misappropriation claim.

15   Accordingly, it cannot resist discovery of confidential business information.

16       Finally, Mattel has improperly limited its agreement to produce to "the facts

17   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

18   the individual is identified as being knowledgeable about certain topics in Mattel's

19   initial disclosures, Mattel's obligation to produce does not end with the facts that it

20   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

21   information from the individual on the topics identified, regardless of whether it

22   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

23   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

24   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

25   MGA might be excluding documents that are responsive to the request based upon

26   its unilateral determination of what is 'relevant' or 'sufficient.'").

27

28

1   None of Mattel's improper objections are valid and Mattel is obligated to

2   produce all non-privileged responsive documents in its possession, custody, or

3   control.

4

5   **REQUEST FOR PRODUCTION NO. 309:**

6   All DOCUMENTS REFERRING OR RELATING TO Frank B. Mils's

7   alleged knowledge of "MGA's access to Mattel's intellectual property and trade

8   secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

9   DISCLOSURES.

10   **RESPONSE TO REQUEST NO. 309:**

11   In addition to the general objections stated above which are

12   incorporated herein by reference, Mattel objects to this Request on the grounds that

13   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

14   documents on this subject without limitation as to time, and regardless of whether

15   such documents relate to products or matters at issue in this case. Mattel further

16   objects to the Request on the grounds that it seeks documents that are not relevant

17   to this action or likely to lead to the discovery of admissible evidence. Mattel

18   further objects to this Request on the grounds that it seeks confidential, proprietary

19   and trade secret information that has no bearing on the claims or defenses in this

20   case. Mattel further objects to this Request on the grounds that it calls for the

21   disclosure of information subject to the attorney-client privilege, the attorney work-

22   product doctrine and other applicable privileges.

23   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 309:**

24   In addition to the general objections stated above which are incorporated

25   herein by reference, Mattel objects to this Request on the grounds that it is

26   overbroad, unduly burdensome and unintelligible, including in that it seeks all

27   documents on this subject without limitation as to time, and regardless of whether

28   such documents relate to products or matters at issue in this case. Mattel further

1   objects to the Request on the grounds that it seeks documents that are not relevant

2   to this action or likely to lead to the discovery of admissible evidence. Mattel

3   further objects to this Request on the grounds that it calls for documents or

4   information in the possession, custody or control of MGA, including without

5   limitation documents and information that MGA has been compelled by Court

6   orders to produce but has not produced. Mattel further objects to this Request on

7   the grounds that it seeks confidential, proprietary and trade secret information,

8   including such information that has no bearing on the claims or defenses in this

9   case. Mattel further objects to this Request on the grounds that it calls for the

10  disclosure of information subject to the attorney-client privilege, the attorney work-

11  product doctrine and other applicable privileges.

12       Subject to the foregoing objections, Mattel responds as follows: Mattel will

13  produce responsive, non-privileged documents relating to Frank B. Mils's

14  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

15  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

16  has been able to locate after a diligent search and reasonable inquiry, to the extent

17  not previously produced.

18

19  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

20

21       Mattel has improperly limited its agreement to produce documents in

22  response to this request, subject to its improper boilerplate objections.  Mattel has

23  refused to confirm whether or not it has produced all non-privileged responsive

24  documents or whether it is withholding documents based on its objections in Phase

25  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

26  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

27  Generic objections that fail to explain the basis for an objection with specificity are

28  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

1   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections
2   such as 'overly burdensome and harassing' are improper – especially when a party
3   fails to submit any evidentiary declarations supporting such objections").
4   Accordingly, Mattel must be compelled either to certify that it has produced all
5   non-privileged responsive documents or to produce all such documents by a date
6   certain.

7          To the extent that Mattel is relying on its blanket objections, they are not
8   sustainable and do not justify Mattel's failure to produce documents.

9          As to overbreadth, Mattel provides no explanation, let alone the required
10  particularity, as to *why* this request is supposedly overly broad, nor can it do so.
11  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
12  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
13  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
14  custody, or control concerning Mils's alleged knowledge of "MGA's access to
15  Mattel's intellectual property and trade secrets" and "MGA's business practices."
16  This area of information is taken directly from Mattel's allegations regarding Mils
17  in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
18  Disclosures, dated Jan. 5, 2007, p. 13).

19         As to burden, Mattel has not attempted to demonstrate why responding to
20  this request and/or producing responsive documents presents any burden.  This
21  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
22  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
23  request is unduly burdensome must allege specific facts which indicate the nature
24  and extent of the burden, usually by affidavit or other reliable evidence.").
25  Moreover, it is not unduly burdensome, as noted above, in that the request is
26  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA
27  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

28

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    This request seeks relevant information.  Mattel identified Mils in its initial

5    disclosures an individual with discoverable knowledge regarding "MGA's access to

6    Mattel's intellectual property and trade secrets" and "MGA business practices."

7    Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

8    2007, p. 13).  Accordingly, Mattel's initial disclosures demonstrate the relevance of

9    this request.  Further, this information is relevant to, among other things, Mattel's

10   trade secret defense, MGA's claims of trade dress infringement, and MGA's

11   affirmative defenses of statute of limitations and laches.

12   Mattel's objection that the request seeks information within MGA's

13   possession, custody or control is nonsensical and lacks factual support.  Mattel

14   makes no argument, let alone a factual showing, that any documents in MGA's

15   possession are duplicative of documents within Mattel's control.  MGA is entitled

16   to discovery from Mattel of documents within its possession, custody, or control

17   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

18   a conclusory statement that MGA also possesses responsive documents.

19   Mattel's objection that the request seeks confidential, proprietary, and trade

20   secret information should be disregarded.  The parties have entered into a protective

21   order in this matter, which governs the handling of confidential business

22   information.  Further, Mattel has put its confidential business information at issue

23   in this litigation, including but not limited to its trade secret misappropriation claim.

24   Accordingly, it cannot resist discovery of confidential business information.

25   Finally, Mattel has improperly limited its agreement to produce to "the facts

26   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

27   the individual is identified as being knowledgeable about certain topics in Mattel's

28   initial disclosures, Mattel's obligation to produce does not end with the facts that it

1    has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

2    information from the individual on the topics identified, regardless of whether it

3    supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

4    Granting Mattel's Motion to Compel Production of Documents and Interrogatory

5    Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

6    MGA might be excluding documents that are responsive to the request based upon

7    its unilateral determination of what is 'relevant' or 'sufficient.'").

8           None of Mattel's improper objections are valid and Mattel is obligated to

9    produce all non-privileged responsive documents in its possession, custody, or

10   control.

11

12   **REQUEST FOR PRODUCTION NO. 310:**

13          All DOCUMENTS REFERRING OR RELATING TO Joyce Ng's alleged

14   knowledge of "[d]esign and development of Bratz and Bryant's work with or for

15   MGA during his Mattel employment," as alleged in MATTEL'S INITIAL

16   DISCLOSURES.

17          **RESPONSE TO REQUEST NO. 310:**

18          In addition to the general objections stated above which are incorporated

19   herein by reference, Mattel objects to this Request on the grounds that it is

20   overbroad, unduly burdensome and unintelligible, including in that it seeks all

21   documents on this subject without limitation as to time, and regardless of whether

22   such documents relate to products or matters at issue in this case. Mattel further

23   objects to the Request on the grounds that it seeks documents that are not relevant

24   to this action or likely to lead to the discovery of admissible evidence. Mattel

25   further objects to this Request on the grounds that it seeks confidential, proprietary

26   and trade secret information that has no bearing on the claims or defenses in this

27   case. Mattel further objects to this Request on the grounds that it calls for the

28

1  disclosure of information subject to the attorney-client privilege, the attorney work-

2  product doctrine and other applicable privileges.

3  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 310:**

4  In addition to the general objections stated above which are incorporated

5  herein by reference, Mattel objects to this Request on the grounds that it is

6  overbroad, unduly burdensome and unintelligible, including in that it seeks all

7  documents on this subject without limitation as to time, and regardless of whether

8  such documents relate to products or matters at issue in this case. Mattel further

9  objects to the Request on the grounds that it seeks documents that are not relevant

10 to this action or likely to lead to the discovery of admissible evidence. Mattel

11 further objects to this Request on the grounds that it calls for documents or

12 information in the possession, custody or control of MGA and/or Bryant, including

13 without limitation documents and information that MGA and Bryant have been

14 compelled by Court orders to produce but have not produced. Mattel further objects

15 to this Request on the grounds that it seeks confidential, proprietary and trade secret

16 information, including such information that has no bearing on the claims or

17 defenses in this case. Mattel further objects to this Request on the grounds that it

18 calls for the disclosure of information subject to the attorney-client privilege, the

19 attorney work-product doctrine and other applicable privileges.

20 Subject to the foregoing objections, Mattel responds as follows: Mattel will

21 produce responsive, non-privileged documents relating to Joyce Ng's knowledge of

22 the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

23 in Mattel's possession, custody, or control, if any, that Mattel has been able to

24 locate after a diligent search and reasonable inquiry, to the extent not previously

25 produced.

26

27

28

- 539 -

1
2

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
### SHOULD BE COMPELLED

3    Mattel has improperly limited its agreement to produce documents in

4   response to this request, subject to its improper boilerplate objections.  Mattel has

5   refused to confirm whether or not it has produced all non-privileged responsive

6   documents or whether it is withholding documents based on its objections in Phase

7   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

8   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

9   Generic objections that fail to explain the basis for an objection with specificity are

10  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

11  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

12  such as 'overly burdensome and harassing' are improper – especially when a party

13  fails to submit any evidentiary declarations supporting such objections").

14  Accordingly, Mattel must be compelled either to certify that it has produced all

15  non-privileged responsive documents or to produce all such documents by a date

16  certain.

17   To the extent that Mattel is relying on its blanket objections, they are not

18  sustainable and do not justify Mattel's failure to produce documents.

19   As to overbreadth, Mattel provides no explanation, let alone the required

20  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

21  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

24  custody, or control concerning Ng's alleged knowledge of "[d]esign and

25  development of Bratz and Bryant's work with or for MGA during his Mattel

26  employment."  This area of information is taken directly from Mattel's allegations

27  regarding Ng in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's

28  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 13).

1        As to burden, Mattel has not attempted to demonstrate why responding to

2   this request and/or producing responsive documents presents any burden.  This

3   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5   request is unduly burdensome must allege specific facts which indicate the nature

6   and extent of the burden, usually by affidavit or other reliable evidence.").

7   Moreover, it is not unduly burdensome, as noted above, in that the request is

8   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10        This request does not seek documents protected by the attorney-client

11   privilege, the attorney work product doctrine, or other applicable privileges.  To the

12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13        This request seeks relevant information.  Mattel identified Ng in its initial

14   disclosures an individual with discoverable knowledge regarding "[d]esign and

15   development of Bratz and Bryant's work with or for MGA during his Mattel

16   employment."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures,

17   dated Jan. 5, 2007, p. 13).  Accordingly, Mattel's initial disclosures demonstrate the

18   relevance of this request.  Further, this information is relevant to, among other

19   things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

20   and MGA's affirmative defenses of statute of limitations and laches.

21        Mattel's objection that the request seeks information within MGA's

22   possession, custody or control is nonsensical and lacks factual support.  Mattel

23   makes no argument, let alone a factual showing, that any documents in MGA's

24   possession are duplicative of documents within Mattel's control.  MGA is entitled

25   to discovery from Mattel of documents within its possession, custody, or control

26   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

27   a conclusory statement that MGA also possesses responsive documents.

28

1    Mattel's objection that the request seeks confidential, proprietary, and trade

2    secret information should be disregarded.  The parties have entered into a protective

3    order in this matter, which governs the handling of confidential business

4    information.  Further, Mattel has put its confidential business information at issue

5    in this litigation, including but not limited to its trade secret misappropriation claim.

6    Accordingly, it cannot resist discovery of confidential business information.

7         Finally, Mattel has improperly limited its agreement to produce to "the facts

8    at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

9    the individual is identified as being knowledgeable about certain topics in Mattel's

10   initial disclosures, Mattel's obligation to produce does not end with the facts that it

11   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

12   information from the individual on the topics identified, regardless of whether it

13   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

14   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

15   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

16   MGA might be excluding documents that are responsive to the request based upon

17   its unilateral determination of what is 'relevant' or 'sufficient.'").

18        None of Mattel's improper objections are valid and Mattel is obligated to

19   produce all non-privileged responsive documents in its possession, custody, or

20   control.

21

22   **REQUEST FOR PRODUCTION NO. 311:**

23        All DOCUMENTS REFERRING OR RELATING TO Jill Nordquist's

24   alleged knowledge of "Bryant's breach of obligations to Mattel" and "MGA's

25   access to Mattel's intellectual property and trade secrets," as alleged in MATTEL'S

26   INITIAL DISCLOSURES.

27

28

**RESPONSE TO REQUEST NO. 311:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 311:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Jill Nordquist's

1    knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

2    Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

3    has been able to locate after a diligent search and reasonable inquiry, to the extent

4    not previously produced.

5

6    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

7    **SHOULD BE COMPELLED**

8         Mattel has improperly limited its agreement to produce documents in

9    response to this request, subject to its improper boilerplate objections.  Mattel has

10   refused to confirm whether or not it has produced all non-privileged responsive

11   documents or whether it is withholding documents based on its objections in Phase

12   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

13   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

14   Generic objections that fail to explain the basis for an objection with specificity are

15   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

16   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

17   such as 'overly burdensome and harassing' are improper – especially when a party

18   fails to submit any evidentiary declarations supporting such objections").

19   Accordingly, Mattel must be compelled either to certify that it has produced all

20   non-privileged responsive documents or to produce all such documents by a date

21   certain.

22         To the extent that Mattel is relying on its blanket objections, they are not

23   sustainable and do not justify Mattel's failure to produce documents.

24         As to overbreadth, Mattel provides no explanation, let alone the required

25   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

- 544 -

1  custody, or control concerning Nordquist's alleged knowledge of "Bryant's breach

2  of obligations to Mattel" and "MGA's access to Mattel's intellectual property and

3  trade secrets."  This area of information is taken directly from Mattel's allegations

4  regarding Nordquist in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's

5  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 13).

6       As to burden, Mattel has not attempted to demonstrate why responding to

7  this request and/or producing responsive documents presents any burden.  This

8  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

9  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10 request is unduly burdensome must allege specific facts which indicate the nature

11 and extent of the burden, usually by affidavit or other reliable evidence.").

12 Moreover, it is not unduly burdensome, as noted above, in that the request is

13 narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

14 misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

15      This request does not seek documents protected by the attorney-client

16 privilege, the attorney work product doctrine, or other applicable privileges.  To the

17 extent that Mattel contends that it does, Mattel must provide a privilege log.

18      This request seeks relevant information.  Mattel identified Nordquist in its

19 initial disclosures an individual with discoverable knowledge regarding "Bryant's

20 breach of obligations to Mattel" and "MGA's access to Mattel's intellectual

21 property and trade secrets."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

22 Disclosures, dated Jan. 5, 2007, p. 13).  Accordingly, Mattel's initial disclosures

23 demonstrate the relevance of this request.  Further, this information is relevant to,

24 among other things, Mattel's trade secret defense, MGA's claims of trade dress

25 infringement, and MGA's affirmative defenses of statute of limitations and laches.

26      Mattel's objection that the request seeks confidential, proprietary, and trade

27 secret information should be disregarded.  The parties have entered into a protective

28 order in this matter, which governs the handling of confidential business

                                    - 545 -                SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
                                                           9049, SET THREE;  CV 04-9049 SGL (RNBx)

1   information.  Further, Mattel has put its confidential business information at issue

2   in this litigation, including but not limited to its trade secret misappropriation claim.

3   Accordingly, it cannot resist discovery of confidential business information.

4   Finally, Mattel has improperly limited its agreement to produce to "the facts

5   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

6   the individual is identified as being knowledgeable about certain topics in Mattel's

7   initial disclosures, Mattel's obligation to produce does not end with the facts that it

8   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

9   information from the individual on the topics identified, regardless of whether it

10  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

11  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

12  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

13  MGA might be excluding documents that are responsive to the request based upon

14  its unilateral determination of what is 'relevant' or 'sufficient.'").

15  None of Mattel's improper objections are valid and Mattel is obligated to

16  produce all non-privileged responsive documents in its possession, custody, or

17  control.

18

19  **REQUEST FOR PRODUCTION NO. 312:**

20  All DOCUMENTS in Jill Nordquist's possession or control REFERRING

21  OR RELATING TO her alleged knowledge of "Bryant's breach of obligations to

22  Mattel" and "MGA's access to Mattel's intellectual property and trade secrets," as

23  alleged in MATTEL'S INITIAL DISCLOSURES.

24  **RESPONSE TO REQUEST NO. 312:**

25  In addition to the general objections stated above which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is

27  overbroad, unduly burdensome and unintelligible, including in that it seeks all

28  documents on this subject without limitation as to time, and regardless of whether

1   such documents relate to products or matters at issue in this case. Mattel further

2   objects to the Request on the grounds that it seeks documents that are not relevant

3   to this action or likely to lead to the discovery of admissible evidence. Mattel

4   further objects to this Request on the grounds that it seeks confidential, proprietary

5   and trade secret information that has no bearing on the claims or defenses in this

6   case. Mattel further objects to this Request on the grounds that it calls for the

7   disclosure of information subject to the attorney-client privilege, the attorney work-

8   product doctrine and other applicable privileges.

9   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 312:**

10       In addition to the general objections stated above which are incorporated

11   herein by reference, Mattel objects to this Request on the grounds that it is

12   overbroad, unduly burdensome and unintelligible, including in that it seeks all

13   documents on this subject without limitation as to time, and regardless of whether

14   such documents relate to products or matters at issue in this case. Mattel further

15   objects to the Request on the grounds that it seeks documents that are not relevant

16   to this action or likely to lead to the discovery of admissible evidence. Mattel

17   further objects to this Request on the grounds that it seeks confidential, proprietary

18   and trade secret information, including such information that has no bearing on the

19   claims or defenses in this case. Mattel further objects to this Request on the grounds

20   that it calls for the disclosure of information subject to the attorney-client privilege,

21   the attorney work-product doctrine and other applicable privileges.

22       Subject to the foregoing objections, Mattel responds as follows: Mattel will

23   produce responsive, non-privileged documents relating to Jill Nordquist's

24   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

25   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

26   has been able to locate after a diligent search and reasonable inquiry, to the extent

27   not previously produced.

28

1

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

2

3    Mattel has improperly limited its agreement to produce documents in

4 response to this request, subject to its improper boilerplate objections.  Mattel has

5 refused to confirm whether or not it has produced all non-privileged responsive

6 documents or whether it is withholding documents based on its objections in Phase

7 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

8 must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

9 Generic objections that fail to explain the basis for an objection with specificity are

10 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

11 Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

12 such as 'overly burdensome and harassing' are improper – especially when a party

13 fails to submit any evidentiary declarations supporting such objections").

14 Accordingly, Mattel must be compelled either to certify that it has produced all

15 non-privileged responsive documents or to produce all such documents by a date

16 certain.

17    To the extent that Mattel is relying on its blanket objections, they are not

18 sustainable and do not justify Mattel's failure to produce documents.

19    As to overbreadth, Mattel provides no explanation, let alone the required

20 particularity, as to *why* this request is supposedly overly broad, nor can it do so.

21 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23 contrary, the request is narrowly tailored to seek documents in Mattel's possession,

24 custody, or control concerning Nordquist's alleged knowledge of "Bryant's breach

25 of obligations to Mattel" and "MGA's access to Mattel's intellectual property and

26 trade secrets."  This area of information is taken directly from Mattel's allegations

27 regarding Nordquist in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's

28 Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 13).

1    As to burden, Mattel has not attempted to demonstrate why responding to

2  this request and/or producing responsive documents presents any burden.  This

3  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.").

7  Moreover, it is not unduly burdensome, as noted above, in that the request is

8  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10    This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13    This request seeks relevant information.  Mattel identified Nordquist in its

14  initial disclosures an individual with discoverable knowledge regarding "Bryant's

15  breach of obligations to Mattel" and "MGA's access to Mattel's intellectual

16  property and trade secrets."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

17  Disclosures, dated Jan. 5, 2007, p. 13).  Accordingly, Mattel's initial disclosures

18  demonstrate the relevance of this request.  Further, this information is relevant to,

19  among other things, Mattel's trade secret defense, MGA's claims of trade dress

20  infringement, and MGA's affirmative defenses of statute of limitations and laches.

21    Mattel's objection that the request seeks confidential, proprietary, and trade

22  secret information should be disregarded.  The parties have entered into a protective

23  order in this matter, which governs the handling of confidential business

24  information.  Further, Mattel has put its confidential business information at issue

25  in this litigation, including but not limited to its trade secret misappropriation claim.

26  Accordingly, it cannot resist discovery of confidential business information.

27    Finally, Mattel has improperly limited its agreement to produce to "the facts

28  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

1    the individual is identified as being knowledgeable about certain topics in Mattel's

2    initial disclosures, Mattel's obligation to produce does not end with the facts that it

3    has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

4    information from the individual on the topics identified, regardless of whether it

5    supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

6    Granting Mattel's Motion to Compel Production of Documents and Interrogatory

7    Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

8    MGA might be excluding documents that are responsive to the request based upon

9    its unilateral determination of what is 'relevant' or 'sufficient.'").

10        None of Mattel's improper objections are valid and Mattel is obligated to

11   produce all non-privileged responsive documents in its possession, custody, or

12   control.

13

14   **REQUEST FOR PRODUCTION NO. 313:**

15        All DOCUMENTS REFERRING OR RELATING TO Conrad Nussbaum's

16   alleged knowledge of "Mattel's business operations, Mattel's dealings with NPD,

17   and the development and ownership of intellectual property at issue," as alleged in

18   MATTEL'S INITIAL DISCLOSURES.

19        **RESPONSE TO REQUEST NO. 313:**

20        In addition to the general objections stated above which are incorporated

21   herein by reference, Mattel objects to this Request on the grounds that it is

22   overbroad, unduly burdensome and unintelligible, including in that it seeks all

23   documents on this subject without limitation as to time, and regardless of whether

24   such documents relate to products or matters at issue in this case. Mattel further

25   objects to the Request on the grounds that it seeks documents that are not relevant

26   to this action or likely to lead to the discovery of admissible evidence. Mattel

27   further objects to this Request on the grounds that it seeks confidential, proprietary

28   and trade secret information that has no bearing on the claims or defenses in this

1   case. Mattel further objects to this Request on the grounds that it calls for the

2   disclosure of information subject to the attorney-client privilege, the attorney work-

3   product doctrine and other applicable privileges.

4   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 313:**

5   In addition to the general objections stated above which are incorporated

6   herein by reference, Mattel objects to this Request on the grounds that it is

7   overbroad, unduly burdensome and unintelligible, including in that it seeks all

8   documents on this subject without limitation as to time, and regardless of whether

9   such documents relate to products or matters at issue in this case. Mattel further

10  objects to the Request on the grounds that it seeks documents that are not relevant

11  to this action or likely to lead to the discovery of admissible evidence. Mattel

12  further objects to this Request on the grounds that it seeks confidential, proprietary

13  and trade secret information, including such information that has no bearing on the

14  claims or defenses in this case. Mattel further objects to this Request on the grounds

15  that it calls for the disclosure of information subject to the attorney-client privilege,

16  the attorney work-product doctrine and other applicable privileges.

17  Subject to the foregoing objections, Mattel responds as follows: Mattel will

18  produce responsive, non-privileged documents relating to Conrad Nussbaum's

19  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

20  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

21  has been able to locate after a diligent search and reasonable inquiry, to the extent

22  not previously produced.

23

24  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

25

26  Mattel has improperly limited its agreement to produce documents in

27  response to this request, subject to its improper boilerplate objections.  Mattel has

28  refused to confirm whether or not it has produced all non-privileged responsive

- 551 -

1   documents or whether it is withholding documents based on its objections in Phase

2   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

3   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

4   Generic objections that fail to explain the basis for an objection with specificity are

5   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

6   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

7   such as 'overly burdensome and harassing' are improper – especially when a party

8   fails to submit any evidentiary declarations supporting such objections").

9   Accordingly, Mattel must be compelled either to certify that it has produced all

10  non-privileged responsive documents or to produce all such documents by a date

11  certain.

12       To the extent that Mattel is relying on its blanket objections, they are not

13  sustainable and do not justify Mattel's failure to produce documents.

14       As to overbreadth, Mattel provides no explanation, let alone the required

15  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

16  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

17  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

18  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

19  custody, or control concerning Nussbaum's alleged knowledge of "Mattel's

20  business operations, Mattel's dealings with NPD, and the development and

21  ownership of intellectual property at issue."  This area of information is taken

22  directly from Mattel's allegations regarding Nussbaum in its initial disclosures.

23  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

24  2007, p. 13).

25       As to burden, Mattel has not attempted to demonstrate why responding to

26  this request and/or producing responsive documents presents any burden.  This

27  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

28  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1    request is unduly burdensome must allege specific facts which indicate the nature

2    and extent of the burden, usually by affidavit or other reliable evidence.").

3    Moreover, it is not unduly burdensome, as noted above, in that the request is

4    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

5    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

6         This request does not seek documents protected by the attorney-client

7    privilege, the attorney work product doctrine, or other applicable privileges.  To the

8    extent that Mattel contends that it does, Mattel must provide a privilege log.

9         This request seeks relevant information.  Mattel identified Nussbaum in its

10   initial disclosures an individual with discoverable knowledge regarding "Mattel's

11   business operations, Mattel's dealings with NPD, and the development and

12   ownership of intellectual property at issue."  Rutowski Decl. Ex. 56 (Mattel's

13   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 13).  Accordingly, Mattel's

14   initial disclosures demonstrate the relevance of this request.  Further, this

15   information is relevant to, among other things, Mattel's trade secret defense,

16   MGA's claims of trade dress infringement, and MGA's unfair competition claim.

17        Mattel's objection that the request seeks confidential, proprietary, and trade

18   secret information should be disregarded.  The parties have entered into a protective

19   order in this matter, which governs the handling of confidential business

20   information.  Further, Mattel has put its confidential business information at issue

21   in this litigation, including but not limited to its trade secret misappropriation claim.

22   Accordingly, it cannot resist discovery of confidential business information.

23        Finally, Mattel has improperly limited its agreement to produce to "the facts

24   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

25   the individual is identified as being knowledgeable about certain topics in Mattel's

26   initial disclosures, Mattel's obligation to produce does not end with the facts that it

27   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

28   information from the individual on the topics identified, regardless of whether it

1   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

2   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

3   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

4   MGA might be excluding documents that are responsive to the request based upon

5   its unilateral determination of what is 'relevant' or 'sufficient.'").

6        None of Mattel's improper objections are valid and Mattel is obligated to

7   produce all non-privileged responsive documents in its possession, custody, or

8   control.

9

10  **REQUEST FOR PRODUCTION NO. 314:**

11       All DOCUMENTS in Conrad Nussbaum's possession or control

12  REFERRING OR RELATING TO his alleged knowledge of "Mattel's business

13  operations, Mattel's dealings with NPD, and the development and ownership of

14  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

15       **RESPONSE TO REQUEST NO. 314:**

16       In addition to the general objections stated above which are incorporated

17  herein by reference, Mattel objects to this Request on the grounds that it is

18  overbroad, unduly burdensome and unintelligible, including in that it seeks all

19  documents on this subject without limitation as to time, and regardless of whether

20  such documents relate to products or matters at issue in this case. Mattel further

21  objects to the Request on the grounds that it seeks documents that are not relevant

22  to this action or likely to lead to the discovery of admissible evidence. Mattel

23  further objects to this Request on the grounds that it seeks confidential, proprietary

24  and trade secret information that has no bearing on the claims or defenses in this

25  case. Mattel further objects to this Request on the grounds that it calls for the

26  disclosure of information subject to the attorney-client privilege, the attorney work-

27  product doctrine and other applicable privileges.

28

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 314:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Conrad Nussbaum's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.


## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

1  Generic objections that fail to explain the basis for an objection with specificity are

2  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

3  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

4  such as 'overly burdensome and harassing' are improper – especially when a party

5  fails to submit any evidentiary declarations supporting such objections").

6  Accordingly, Mattel must be compelled either to certify that it has produced all

7  non-privileged responsive documents or to produce all such documents by a date

8  certain.

9      To the extent that Mattel is relying on its blanket objections, they are not

10  sustainable and do not justify Mattel's failure to produce documents.

11      As to overbreadth, Mattel provides no explanation, let alone the required

12  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

13  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

14  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

15  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

16  custody, or control concerning Nussbaum's alleged knowledge of "Mattel's

17  business operations, Mattel's dealings with NPD, and the development and

18  ownership of intellectual property at issue."  This area of information is taken

19  directly from Mattel's allegations regarding Nussbaum in its initial disclosures.

20  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

21  2007, p. 13).

22      As to burden, Mattel has not attempted to demonstrate why responding to

23  this request and/or producing responsive documents presents any burden.  This

24  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

25  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

26  request is unduly burdensome must allege specific facts which indicate the nature

27  and extent of the burden, usually by affidavit or other reliable evidence.").

28  Moreover, it is not unduly burdensome, as noted above, in that the request is

1   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA
2   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

3       This request does not seek documents protected by the attorney-client
4   privilege, the attorney work product doctrine, or other applicable privileges.  To the
5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6       This request seeks relevant information.  Mattel identified Nussbaum in its
7   initial disclosures an individual with discoverable knowledge regarding "Mattel's
8   business operations, Mattel's dealings with NPD, and the development and
9   ownership of intellectual property at issue."  Rutowski Decl. Ex. 56 (Mattel's
10   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 13).  Accordingly, Mattel's
11   initial disclosures demonstrate the relevance of this request.  Further, this
12   information is relevant to, among other things, Mattel's trade secret defense,
13   MGA's claims of trade dress infringement, and MGA's unfair competition claim.

14       Mattel's objection that the request seeks confidential, proprietary, and trade
15   secret information should be disregarded.  The parties have entered into a protective
16   order in this matter, which governs the handling of confidential business
17   information.  Further, Mattel has put its confidential business information at issue
18   in this litigation, including but not limited to its trade secret misappropriation claim.
19   Accordingly, it cannot resist discovery of confidential business information.

20       Finally, Mattel has improperly limited its agreement to produce to "the facts
21   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that
22   the individual is identified as being knowledgeable about certain topics in Mattel's
23   initial disclosures, Mattel's obligation to produce does not end with the facts that it
24   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
25   information from the individual on the topics identified, regardless of whether it
26   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order
27   Granting Mattel's Motion to Compel Production of Documents and Interrogatory
28   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

1   MGA might be excluding documents that are responsive to the request based upon

2   its unilateral determination of what is 'relevant' or 'sufficient.'").

3       None of Mattel's improper objections are valid and Mattel is obligated to

4   produce all non-privileged responsive documents in its possession, custody, or

5   control.

6

7   **REQUEST FOR PRODUCTION NO. 315:**

8       All DOCUMENTS REFERRING OR RELATING TO Laura Ochoa's

9   alleged knowledge of "MGA's access to Mattel's intellectual property and trade

10   secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

11   DISCLOSURES.

12       **RESPONSE TO REQUEST NO. 315:**

13       In addition to the general objections stated above which are incorporated

14   herein by reference, Mattel objects to this Request on the grounds that it is

15   overbroad, unduly burdensome and unintelligible, including in that it seeks all

16   documents on this subject without limitation as to time, and regardless of whether

17   such documents relate to products or matters at issue in this case. Mattel further

18   objects to the Request on the grounds that it seeks documents that are not relevant

19   to this action or likely to lead to the discovery of admissible evidence. Mattel

20   further objects to this Request on the grounds that it seeks confidential, proprietary

21   and trade secret information that has no bearing on the claims or defenses in this

22   case. Mattel further objects to this Request on the grounds that it calls for the

23   disclosure of information subject to the attorney-client privilege, the attorney work-

24   product doctrine and other applicable privileges.

25       **SUPPLEMENTAL RESPONSE TO REQUEST NO. 315:**

26       In addition to the general objections stated above which are incorporated

27   herein by reference, Mattel objects to this Request on the grounds that it is

28   overbroad, unduly burdensome and unintelligible, including in that it seeks all

1    documents on this subject without limitation as to time, and regardless of whether

2    such documents relate to products or matters at issue in this case. Mattel further

3    objects to the Request on the grounds that it seeks documents that are not relevant

4    to this action or likely to lead to the discovery of admissible evidence. Mattel

5    further objects to this Request on the grounds that it calls for documents or

6    information in the possession, custody or control of MGA, including without

7    limitation documents and information that MGA has been compelled by Court

8    orders to produce but has not produced. Mattel further objects to this Request on

9    the grounds that it seeks confidential, proprietary and trade secret information,

10   including such information that has no bearing on the claims or defenses in this

11   case. Mattel further objects to this Request on the grounds that it calls for the

12   disclosure of information subject to the attorney-client privilege, the attorney work-

13   product doctrine and other applicable privileges.

14           Subject to the foregoing objections, Mattel responds as follows: Mattel will

15   produce responsive, non-privileged documents relating to Laura Ochoa's

16   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

17   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

18   has been able to locate after a diligent search and reasonable inquiry, to the extent

19   not previously produced.

20

21   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

22   **SHOULD BE COMPELLED**

23           Mattel has improperly limited its agreement to produce documents in

24   response to this request, subject to its improper boilerplate objections.  Mattel has

25   refused to confirm whether or not it has produced all non-privileged responsive

26   documents or whether it is withholding documents based on its objections in Phase

27   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

28   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

1   Generic objections that fail to explain the basis for an objection with specificity are
2   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.
3   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections
4   such as 'overly burdensome and harassing' are improper – especially when a party
5   fails to submit any evidentiary declarations supporting such objections").
6   Accordingly, Mattel must be compelled either to certify that it has produced all
7   non-privileged responsive documents or to produce all such documents by a date
8   certain.

9         To the extent that Mattel is relying on its blanket objections, they are not
10   sustainable and do not justify Mattel's failure to produce documents.

11         As to overbreadth, Mattel provides no explanation, let alone the required
12   particularity, as to *why* this request is supposedly overly broad, nor can it do so.
13   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
14   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
15   contrary, the request is narrowly tailored to seek documents in Mattel's possession,
16   custody, or control concerning Ochoa's alleged knowledge of "MGA's access to
17   Mattel's intellectual property and trade secrets" and "MGA's business practices."
18   This area of information is taken directly from Mattel's allegations regarding Ochoa
19   in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial
20   Disclosures, dated Jan. 5, 2007, p. 13).

21         As to burden, Mattel has not attempted to demonstrate why responding to
22   this request and/or producing responsive documents presents any burden.  This
23   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
24   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
25   request is unduly burdensome must allege specific facts which indicate the nature
26   and extent of the burden, usually by affidavit or other reliable evidence.").
27   Moreover, it is not unduly burdensome, as noted above, in that the request is
28   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

1  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

2      This request does not seek documents protected by the attorney-client

3  privilege, the attorney work product doctrine, or other applicable privileges.  To the

4  extent that Mattel contends that it does, Mattel must provide a privilege log.

5      This request seeks relevant information.  Mattel identified Ochoa in its initial

6  disclosures an individual with discoverable knowledge regarding "MGA's access to

7  Mattel's intellectual property and trade secrets" and "MGA business practices."

8  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

9  2007, p. 13).  Accordingly, Mattel's initial disclosures demonstrate the relevance of

10  this request.  Further, this information is relevant to, among other things, Mattel's

11  trade secret defense, MGA's claims of trade dress infringement, and MGA's

12  affirmative defenses of statute of limitations and laches.

13      Mattel's objection that the request seeks information within MGA's

14  possession, custody or control is nonsensical and lacks factual support.  Mattel

15  makes no argument, let alone a factual showing, that any documents in MGA's

16  possession are duplicative of documents within Mattel's control.  MGA is entitled

17  to discovery from Mattel of documents within its possession, custody, or control

18  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

19  a conclusory statement that MGA also possesses responsive documents.

20      Mattel's objection that the request seeks confidential, proprietary, and trade

21  secret information should be disregarded.  The parties have entered into a protective

22  order in this matter, which governs the handling of confidential business

23  information.  Further, Mattel has put its confidential business information at issue

24  in this litigation, including but not limited to its trade secret misappropriation claim.

25  Accordingly, it cannot resist discovery of confidential business information.

26      Finally, Mattel has improperly limited its agreement to produce to "the facts

27  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

28  the individual is identified as being knowledgeable about certain topics in Mattel's

1   initial disclosures, Mattel's obligation to produce does not end with the facts that it

2   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

3   information from the individual on the topics identified, regardless of whether it

4   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

5   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

6   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

7   MGA might be excluding documents that are responsive to the request based upon

8   its unilateral determination of what is 'relevant' or 'sufficient.'").

9       None of Mattel's improper objections are valid and Mattel is obligated to

10   produce all non-privileged responsive documents in its possession, custody, or

11   control.

12

13   **REQUEST FOR PRODUCTION NO. 316:**

14       All DOCUMENTS REFERRING OR RELATING TO Victoria O'Connor's

15   alleged knowledge of "[d]esign and development of Bratz and Bryant's work with

16   or for MGA during his Mattel employment, and MGA's efforts to conceal same,"

17   "MGA's access to Mattel's intellectual property and trade secrets," and "MGA

18   business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

19       **RESPONSE TO REQUEST NO. 316:**

20       In addition to the general objections stated above which are incorporated

21   herein by reference, Mattel objects to this Request on the grounds that it is

22   overbroad, unduly burdensome and unintelligible, including in that it seeks all

23   documents on this subject without limitation as to time, and regardless of whether

24   such documents relate to products or matters at issue in this case. Mattel further

25   objects to the Request on the grounds that it seeks documents that are not relevant

26   to this action or likely to lead to the discovery of admissible evidence. Mattel

27   further objects to this Request on the grounds that it seeks confidential, proprietary

28   and trade secret information that has no bearing on the claims or defenses in this

1    case. Mattel further objects to this Request on the grounds that it calls for the

2    disclosure of information subject to the attorney-client privilege, the attorney work-

3    product doctrine and other applicable privileges.

4    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 316:**

5          In addition to the general objections stated above which are incorporated

6    herein by reference, Mattel objects to this Request on the grounds that it is

7    overbroad, unduly burdensome and unintelligible, including in that it seeks all

8    documents on this subject without limitation as to time, and regardless of whether

9    such documents relate to products or matters at issue in this case. Mattel further

10   objects to the Request on the grounds that it seeks documents that are not relevant

11   to this action or likely to lead to the discovery of admissible evidence. Mattel

12   further objects to this Request on the grounds that it calls for documents or

13   information in the possession, custody or control of MGA and/or Bryant, including

14   without limitation documents and information that MGA and Bryant have been

15   compelled by Court orders to produce but have not produced. Mattel further objects

16   to this Request on the grounds that it seeks confidential, proprietary and trade secret

17   information, including such information that has no bearing on the claims or

18   defenses in this case. Mattel further objects to this Request on the grounds that it

19   calls for the disclosure of information subject to the attorney-client privilege, the

20   attorney work-product doctrine and other applicable privileges.

21         Subject to the foregoing objections, Mattel responds as follows: Mattel will

22   produce responsive, non-privileged documents relating to Victoria O'Connor's

23   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

24   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

25   has been able to locate after a diligent search and reasonable inquiry, to the extent

26   not previously produced.

27

28

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning O'Connor's alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or for MGA during his Mattel employment, and MGA's efforts to conceal same," "MGA's access to Mattel's intellectual property and trade secrets," and "MGA business practices."  This area of information is taken directly from Mattel's allegations regarding O'Connor in its

1  initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

2  Disclosures, dated Jan. 5, 2007, p. 13).

3      As to burden, Mattel has not attempted to demonstrate why responding to

4  this request and/or producing responsive documents presents any burden.  This

5  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

6  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7  request is unduly burdensome must allege specific facts which indicate the nature

8  and extent of the burden, usually by affidavit or other reliable evidence.").

9  Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

11  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

12      This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges.  To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15      This request seeks relevant information.  Mattel identified O'Connor in its

16  initial disclosures an individual with discoverable knowledge regarding "[d]esign

17  and development of Bratz and Bryant's work with or for MGA during his Mattel

18  employment, and MGA's efforts to conceal same," "MGA's access to Mattel's

19  intellectual property and trade secrets," and "MGA business practices."  Rutowski

20  Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 13).

21  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

22  Further, this information is relevant to, among other things, Mattel's trade secret

23  defense, MGA's claims of trade dress infringement, and MGA's affirmative

24  defenses of statute of limitations and laches.

25      Mattel's objection that the request seeks information within MGA's

26  possession, custody or control is nonsensical and lacks factual support.  Mattel

27  makes no argument, let alone a factual showing, that any documents in MGA's

28  possession are duplicative of documents within Mattel's control.  MGA is entitled

1    to discovery from Mattel of documents within its possession, custody, or control

2    that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

3    a conclusory statement that MGA also possesses responsive documents.

4         Mattel's objection that the request seeks confidential, proprietary, and trade

5    secret information should be disregarded.  The parties have entered into a protective

6    order in this matter, which governs the handling of confidential business

7    information.  Further, Mattel has put its confidential business information at issue

8    in this litigation, including but not limited to its trade secret misappropriation claim.

9    Accordingly, it cannot resist discovery of confidential business information.

10        Finally, Mattel has improperly limited its agreement to produce to "the facts

11   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

12   the individual is identified as being knowledgeable about certain topics in Mattel's

13   initial disclosures, Mattel's obligation to produce does not end with the facts that it

14   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

15   information from the individual on the topics identified, regardless of whether it

16   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

17   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

18   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

19   MGA might be excluding documents that are responsive to the request based upon

20   its unilateral determination of what is 'relevant' or 'sufficient.'").

21        None of Mattel's improper objections are valid and Mattel is obligated to

22   produce all non-privileged responsive documents in its possession, custody, or

23   control.

24

25   **REQUEST FOR PRODUCTION NO. 317:**

26        All DOCUMENTS REFERRING OR RELATING TO Daniel Ray Owen's

27   alleged knowledge of "MGA's access to Mattel's intellectual property and trade

28

1   secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

2   DISCLOSURES.

3   **RESPONSE TO REQUEST NO. 317:**

4   In addition to the general objections stated above which are incorporated

5   herein by reference, Mattel objects to this Request on the grounds that it is

6   overbroad, unduly burdensome and unintelligible, including in that it seeks all

7   documents on this subject without limitation as to time, and regardless of whether

8   such documents relate to products or matters at issue in this case. Mattel further

9   objects to the Request on the grounds that it seeks documents that are not relevant

10   to this action or likely to lead to the discovery of admissible evidence. Mattel

11   further objects to this Request on the grounds that it seeks confidential, proprietary

12   and trade secret information that has no bearing on the claims or defenses in this

13   case. Mattel further objects to this Request on the grounds that it calls for the

14   disclosure of information subject to the attorney-client privilege, the attorney work-

15   product doctrine and other applicable privileges.

16   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 317:**

17   In addition to the general objections stated above which are incorporated

18   herein by reference, Mattel objects to this Request on the grounds that it is

19   overbroad, unduly burdensome and unintelligible, including in that it seeks all

20   documents on this subject without limitation as to time, and regardless of whether

21   such documents relate to products or matters at issue in this case. Mattel further

22   objects to the Request on the grounds that it seeks documents that are not relevant

23   to this action or likely to lead to the discovery of admissible evidence. Mattel

24   further objects to this Request on the grounds that it calls for documents or

25   information in the possession, custody or control of MGA, including without

26   limitation documents and information that MGA has been compelled by Court

27   orders to produce but has not produced. Mattel further objects to this Request on

28   the grounds that it seeks confidential, proprietary and trade secret information,

1   including such information that has no bearing on the claims or defenses in this

2   case. Mattel further objects to this Request on the grounds that it calls for the

3   disclosure of information subject to the attorney-client privilege, the attorney work-

4   product doctrine and other applicable privileges.

5          Subject to the foregoing objections, Mattel responds as follows: Mattel will

6   produce responsive, non-privileged documents relating to Daniel Ray Owen's

7   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

8   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

9   has been able to locate after a diligent search and reasonable inquiry, to the extent

10  not previously produced.

11

12  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

13  **SHOULD BE COMPELLED**

14         Mattel has improperly limited its agreement to produce documents in

15  response to this request, subject to its improper boilerplate objections.  Mattel has

16  refused to confirm whether or not it has produced all non-privileged responsive

17  documents or whether it is withholding documents based on its objections in Phase

18  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

19  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

20  Generic objections that fail to explain the basis for an objection with specificity are

21  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

22  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

23  such as 'overly burdensome and harassing' are improper – especially when a party

24  fails to submit any evidentiary declarations supporting such objections").

25  Accordingly, Mattel must be compelled either to certify that it has produced all

26  non-privileged responsive documents or to produce all such documents by a date

27  certain.

28

1    To the extent that Mattel is relying on its blanket objections, they are not

2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required

4    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7    contrary, the request is narrowly tailored to seek documents in Mattel's possession,

8    custody, or control concerning Owen's alleged knowledge of "MGA's access to

9    Mattel's intellectual property and trade secrets" and "MGA's business practices."

10   This area of information is taken directly from Mattel's allegations regarding Owen

11   in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

12   Disclosures, dated Jan. 5, 2007, p. 14).

13   As to burden, Mattel has not attempted to demonstrate why responding to

14   this request and/or producing responsive documents presents any burden.  This

15   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

16   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17   request is unduly burdensome must allege specific facts which indicate the nature

18   and extent of the burden, usually by affidavit or other reliable evidence.").

19   Moreover, it is not unduly burdensome, as noted above, in that the request is

20   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

21   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

22   This request does not seek documents protected by the attorney-client

23   privilege, the attorney work product doctrine, or other applicable privileges.  To the

24   extent that Mattel contends that it does, Mattel must provide a privilege log.

25   This request seeks relevant information.  Mattel identified Owen in its initial

26   disclosures an individual with discoverable knowledge regarding "MGA's access to

27   Mattel's intellectual property and trade secrets" and "MGA business practices."

28   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

1   2007, p. 14).  Accordingly, Mattel's initial disclosures demonstrate the relevance of

2   this request.  Further, this information is relevant to, among other things, Mattel's

3   trade secret defense, MGA's claims of trade dress infringement, and MGA's

4   affirmative defenses of statute of limitations and laches.

5       Mattel's objection that the request seeks information within MGA's

6   possession, custody or control is nonsensical and lacks factual support.  Mattel

7   makes no argument, let alone a factual showing, that any documents in MGA's

8   possession are duplicative of documents within Mattel's control.  MGA is entitled

9   to discovery from Mattel of documents within its possession, custody, or control

10  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

11  a conclusory statement that MGA also possesses responsive documents.

12      Mattel's objection that the request seeks confidential, proprietary, and trade

13  secret information should be disregarded.  The parties have entered into a protective

14  order in this matter, which governs the handling of confidential business

15  information.  Further, Mattel has put its confidential business information at issue

16  in this litigation, including but not limited to its trade secret misappropriation claim.

17  Accordingly, it cannot resist discovery of confidential business information.

18      Finally, Mattel has improperly limited its agreement to produce to "the facts

19  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

20  the individual is identified as being knowledgeable about certain topics in Mattel's

21  initial disclosures, Mattel's obligation to produce does not end with the facts that it

22  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

23  information from the individual on the topics identified, regardless of whether it

24  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

25  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

26  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

27  MGA might be excluding documents that are responsive to the request based upon

28  its unilateral determination of what is 'relevant' or 'sufficient.'").

1       None of Mattel's improper objections are valid and Mattel is obligated to

2  produce all non-privileged responsive documents in its possession, custody, or

3  control.

4

5  **REQUEST FOR PRODUCTION NO. 318:**

6       All DOCUMENTS REFERRING OR RELATING TO Amelia Ivy Arafiles

7  Palijo's alleged knowledge of "MGA's access to Mattel's intellectual property and

8  trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

9  DISCLOSURES.

10     **RESPONSE TO REQUEST NO. 318:**

11       In addition to the general objections stated above which are incorporated

12  herein by reference, Mattel objects to this Request on the grounds that it is

13  overbroad, unduly burdensome and unintelligible, including in that it seeks all

14  documents on this subject without limitation as to time, and regardless of whether

15  such documents relate to products or matters at issue in this case. Mattel further

16  objects to the Request on the grounds that it seeks documents that are not relevant

17  to this action or likely to lead to the discovery of admissible evidence. Mattel

18  further objects to this Request on the grounds that it seeks confidential, proprietary

19  and trade secret information that has no bearing on the claims or defenses in this

20  case. Mattel further objects to this Request on the grounds that it calls for the

21  disclosure of information subject to the attorney-client privilege, the attorney work-

22  product doctrine and other applicable privileges.

23     **SUPPLEMENTAL RESPONSE TO REQUEST NO. 318:**

24       In addition to the general objections stated above which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it is

26  overbroad, unduly burdensome and unintelligible, including in that it seeks all

27  documents on this subject without limitation as to time, and regardless of whether

28  such documents relate to products or matters at issue in this case. Mattel further

objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Amelia Ivy Arafiles Palijo's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

1   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

2   such as 'overly burdensome and harassing' are improper – especially when a party

3   fails to submit any evidentiary declarations supporting such objections").

4   Accordingly, Mattel must be compelled either to certify that it has produced all

5   non-privileged responsive documents or to produce all such documents by a date

6   certain.

7         To the extent that Mattel is relying on its blanket objections, they are not

8   sustainable and do not justify Mattel's failure to produce documents.

9         As to overbreadth, Mattel provides no explanation, let alone the required

10   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

11   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

14   custody, or control concerning Palijo's alleged knowledge of "MGA's access to

15   Mattel's intellectual property and trade secrets" and "MGA's business practices."

16   This area of information is taken directly from Mattel's allegations regarding Palijo

17   in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

18   Disclosures, dated Jan. 5, 2007, p. 14).

19         As to burden, Mattel has not attempted to demonstrate why responding to

20   this request and/or producing responsive documents presents any burden.  This

21   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

22   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23   request is unduly burdensome must allege specific facts which indicate the nature

24   and extent of the burden, usually by affidavit or other reliable evidence.").

25   Moreover, it is not unduly burdensome, as noted above, in that the request is

26   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

27   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

28

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    This request seeks relevant information.  Mattel identified Palijo in its initial

5    disclosures an individual with discoverable knowledge regarding "MGA's access to

6    Mattel's intellectual property and trade secrets" and "MGA business practices."

7    Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

8    2007, p. 14).  Accordingly, Mattel's initial disclosures demonstrate the relevance of

9    this request.  Further, this information is relevant to, among other things, Mattel's

10   trade secret defense, MGA's claims of trade dress infringement, and MGA's

11   affirmative defenses of statute of limitations and laches.

12   Mattel's objection that the request seeks information within MGA's

13   possession, custody or control is nonsensical and lacks factual support.  Mattel

14   makes no argument, let alone a factual showing, that any documents in MGA's

15   possession are duplicative of documents within Mattel's control.  MGA is entitled

16   to discovery from Mattel of documents within its possession, custody, or control

17   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

18   a conclusory statement that MGA also possesses responsive documents.

19   Mattel's objection that the request seeks confidential, proprietary, and trade

20   secret information should be disregarded.  The parties have entered into a protective

21   order in this matter, which governs the handling of confidential business

22   information.  Further, Mattel has put its confidential business information at issue

23   in this litigation, including but not limited to its trade secret misappropriation claim.

24   Accordingly, it cannot resist discovery of confidential business information.

25   Finally, Mattel has improperly limited its agreement to produce to "the facts

26   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

27   the individual is identified as being knowledgeable about certain topics in Mattel's

28   initial disclosures, Mattel's obligation to produce does not end with the facts that it

1  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

2  information from the individual on the topics identified, regardless of whether it

3  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

4  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

5  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

6  MGA might be excluding documents that are responsive to the request based upon

7  its unilateral determination of what is 'relevant' or 'sufficient.'").

8      None of Mattel's improper objections are valid and Mattel is obligated to

9  produce all non-privileged responsive documents in its possession, custody, or

10  control.

11

12  **REQUEST FOR PRODUCTION NO. 319:**

13      All DOCUMENTS REFERRING OR RELATING TO Karla

14  Papayanopulos's alleged knowledge of "MGA's theft of Mattel's intellectual

15  property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

16      **RESPONSE TO REQUEST NO. 319:**

17      In addition to the general objections stated above which are incorporated

18  herein by reference, Mattel objects to this Request on the grounds that it is

19  overbroad, unduly burdensome and unintelligible, including in that it seeks all

20  documents on this subject without limitation as to time, and regardless of whether

21  such documents relate to products or matters at issue in this case. Mattel further

22  objects to the Request on the grounds that it seeks documents that are not relevant

23  to this action or likely to lead to the discovery of admissible evidence. Mattel

24  further objects to this Request on the grounds that it seeks confidential, proprietary

25  and trade secret information that has no bearing on the claims or defenses in this

26  case. Mattel further objects to this Request on the grounds that it calls for the

27  disclosure of information subject to the attorney-client privilege, the attorney work-

28  product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 319:**

In addition to the general objections stated above which are Incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Karla Papayanopulos's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

1   Generic objections that fail to explain the basis for an objection with specificity are

2   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

3   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

4   such as 'overly burdensome and harassing' are improper – especially when a party

5   fails to submit any evidentiary declarations supporting such objections").

6   Accordingly, Mattel must be compelled either to certify that it has produced all

7   non-privileged responsive documents or to produce all such documents by a date

8   certain.

9       To the extent that Mattel is relying on its blanket objections, they are not

10  sustainable and do not justify Mattel's failure to produce documents.

11      As to overbreadth, Mattel provides no explanation, let alone the required

12  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

13  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

14  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

15  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

16  custody, or control concerning Papayanopulos's alleged knowledge of "MGA's

17  theft of Mattel's intellectual property and trade secrets."  This area of information is

18  taken directly from Mattel's allegations regarding Papayanopulos in its initial

19  disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures,

20  dated Jan. 5, 2007, p. 14).

21      As to burden, Mattel has not attempted to demonstrate why responding to

22  this request and/or producing responsive documents presents any burden.  This

23  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

24  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

25  request is unduly burdensome must allege specific facts which indicate the nature

26  and extent of the burden, usually by affidavit or other reliable evidence.").

27  Moreover, it is not unduly burdensome, as noted above, in that the request is

28

1   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

2   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

3        This request does not seek documents protected by the attorney-client

4   privilege, the attorney work product doctrine, or other applicable privileges.  To the

5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6        This request seeks relevant information.  Mattel identified Papayanopulos in

7   its initial disclosures an individual with discoverable knowledge regarding "MGA's

8   theft of Mattel's intellectual property and trade secrets" and "MGA business

9   practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

10   Jan. 5, 2007, p. 14).  Accordingly, Mattel's initial disclosures demonstrate the

11   relevance of this request.  Further, this information is relevant to, among other

12   things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

13   and MGA's affirmative defenses of statute of limitations and laches.

14        Mattel's objection that the request seeks confidential, proprietary, and trade

15   secret information should be disregarded.  The parties have entered into a protective

16   order in this matter, which governs the handling of confidential business

17   information.  Further, Mattel has put its confidential business information at issue

18   in this litigation, including but not limited to its trade secret misappropriation claim.

19   Accordingly, it cannot resist discovery of confidential business information.

20        Finally, Mattel has improperly limited its agreement to produce to "the facts

21   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

22   the individual is identified as being knowledgeable about certain topics in Mattel's

23   initial disclosures, Mattel's obligation to produce does not end with the facts that it

24   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

25   information from the individual on the topics identified, regardless of whether it

26   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

27   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

28   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

- 578 -

1   MGA might be excluding documents that are responsive to the request based upon

2   its unilateral determination of what is 'relevant' or 'sufficient.'").

3      None of Mattel's improper objections are valid and Mattel is obligated to

4   produce all non-privileged responsive documents in its possession, custody, or

5   control.

6

7   **REQUEST FOR PRODUCTION NO. 320:**

8      All DOCUMENTS in Karla Papayanopulos's possession or control

9   REFERRING OR RELATING TO her alleged knowledge of "MGA's theft of

10  Mattel's intellectual property and trade secrets," as alleged in MATTEL'S INITIAL

11  DISCLOSURES.

12      **RESPONSE TO REQUEST NO. 320:**

13      In addition to the general objections stated above which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is

15  overbroad, unduly burdensome and unintelligible, including in that it seeks all

16  documents on this subject without limitation as to time, and regardless of whether

17  such documents relate to products or matters at issue in this case. Mattel further

18  objects to the Request on the grounds that it seeks documents that are not relevant

19  to this action or likely to lead to the discovery of admissible evidence. Mattel

20  further objects to this Request on the grounds that it seeks confidential, proprietary

21  and trade secret information that has no bearing on the claims or defenses in this

22  case. Mattel further objects to this Request on the grounds that it calls for the

23  disclosure of information subject to the attorney-client privilege, the attorney work-

24  product doctrine and other applicable privileges.

25      **SUPPLEMENTAL RESPONSE TO REQUEST NO. 320:**

26      In addition to the general objections stated above which are incorporated

27  herein by reference, Mattel objects to this Request on the grounds that it is

28  overbroad, unduly burdensome and unintelligible, including in that it seeks all

1   documents on this subject without limitation as to time, and regardless of whether

2   such documents relate to products or matters at issue in this case. Mattel further

3   objects to the Request on the grounds that it seeks documents that are not relevant

4   to this action or likely to lead to the discovery of admissible evidence. Mattel

5   further objects to this Request on the grounds that it seeks confidential, proprietary

6   and trade secret information, including such information that has no bearing on the

7   claims or defenses in this case. Mattel further objects to this Request on the grounds

8   that it calls for the disclosure of information subject to the attorney-client privilege,

9   the attorney work-product doctrine and other applicable privileges.

10      Subject to the foregoing objections, Mattel responds as follows: Mattel will

11   produce responsive, non-privileged documents relating to Karla Papayanopulos's

12   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

13   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

14   has been able to locate after a diligent search and reasonable inquiry, to the extent

15   not previously produced.

16

17   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

18

19      Mattel has improperly limited its agreement to produce documents in

20   response to this request, subject to its improper boilerplate objections.  Mattel has

21   refused to confirm whether or not it has produced all non-privileged responsive

22   documents or whether it is withholding documents based on its objections in Phase

23   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

24   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

25   Generic objections that fail to explain the basis for an objection with specificity are

26   routinely rejected in the Central District.  See <u>A. Farber and Partners, Inc. v.</u>

27   <u>Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

28   such as 'overly burdensome and harassing' are improper – especially when a party

1  fails to submit any evidentiary declarations supporting such objections").

2  Accordingly, Mattel must be compelled either to certify that it has produced all

3  non-privileged responsive documents or to produce all such documents by a date

4  certain.

5       To the extent that Mattel is relying on its blanket objections, they are not

6  sustainable and do not justify Mattel's failure to produce documents.

7       As to overbreadth, Mattel provides no explanation, let alone the required

8  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

9  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

10 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

11 contrary, the request is narrowly tailored to seek documents in Mattel's possession,

12 custody, or control concerning Papayanopulos's alleged knowledge of "MGA's

13 theft of Mattel's intellectual property and trade secrets." This area of information is

14 taken directly from Mattel's allegations regarding Papayanopulos in its initial

15 disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures,

16 dated Jan. 5, 2007, p. 14).

17      As to burden, Mattel has not attempted to demonstrate why responding to

18 this request and/or producing responsive documents presents any burden. This

19 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co.,

20 Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21 request is unduly burdensome must allege specific facts which indicate the nature

22 and extent of the burden, usually by affidavit or other reliable evidence."").

23 Moreover, it is not unduly burdensome, as noted above, in that the request is

24 narrowly tailored to seek only discoverable evidence. Mattel has alleged that MGA

25 misappropriated its trade secrets. MGA is entitled to discovery on this claim.

26      This request does not seek documents protected by the attorney-client

27 privilege, the attorney work product doctrine, or other applicable privileges. To the

28 extent that Mattel contends that it does, Mattel must provide a privilege log.

1    This request seeks relevant information.  Mattel identified Papayanopulos in

2    its initial disclosures an individual with discoverable knowledge regarding "MGA's

3    theft of Mattel's intellectual property and trade secrets" and "MGA business

4    practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

5    Jan. 5, 2007, p. 14).  Accordingly, Mattel's initial disclosures demonstrate the

6    relevance of this request.  Further, this information is relevant to, among other

7    things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

8    and MGA's affirmative defenses of statute of limitations and laches.

9    Mattel's objection that the request seeks confidential, proprietary, and trade

10   secret information should be disregarded.  The parties have entered into a protective

11   order in this matter, which governs the handling of confidential business

12   information.  Further, Mattel has put its confidential business information at issue

13   in this litigation, including but not limited to its trade secret misappropriation claim.

14   Accordingly, it cannot resist discovery of confidential business information.

15   Finally, Mattel has improperly limited its agreement to produce to "the facts

16   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

17   the individual is identified as being knowledgeable about certain topics in Mattel's

18   initial disclosures, Mattel's obligation to produce does not end with the facts that it

19   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

20   information from the individual on the topics identified, regardless of whether it

21   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

22   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

23   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

24   MGA might be excluding documents that are responsive to the request based upon

25   its unilateral determination of what is 'relevant' or 'sufficient.'").

26   None of Mattel's improper objections are valid and Mattel is obligated to

27   produce all non-privileged responsive documents in its possession, custody, or

28   control.

**REQUEST FOR PRODUCTION NO. 321:**

All DOCUMENTS in Mattel de Mexico, S.A. de C.V.'s possession or control REFERRING OR RELATING TO Karla Papayanopulos's alleged knowledge of "MGA's theft of Mattel's intellectual property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 321:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 321:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the

1   claims or defenses in this case. Mattel further objects to this Request on the grounds

2   that it seeks documents that are not in the possession of Mattel, and any production

3   by Mattel pursuant to this Request is solely to facilitate discovery and does not

4   constitute a concession that Mattel de Mexico, S.A. de C.V. is under the control of

5   Mattel. Mattel further objects to this Request on the grounds that it calls for the

6   disclosure of information subject to the attorney-client privilege, the attorney work-

7   product doctrine and other applicable privileges.

8        Subject to the foregoing objections, Mattel responds as follows: Mattel will

9   produce responsive, non-privileged documents relating to Karla Papayanopulos's

10  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

11  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

12  has been able to locate after a diligent search and reasonable inquiry, to the extent

13  not previously produced.

14

15  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

16  **SHOULD BE COMPELLED**

17       Mattel has improperly limited its agreement to produce documents in

18  response to this request, subject to its improper boilerplate objections.  Mattel has

19  refused to confirm whether or not it has produced all non-privileged responsive

20  documents or whether it is withholding documents based on its objections in Phase

21  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

22  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

23  Generic objections that fail to explain the basis for an objection with specificity are

24  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

25  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

26  such as 'overly burdensome and harassing' are improper – especially when a party

27  fails to submit any evidentiary declarations supporting such objections").

28  Accordingly, Mattel must be compelled either to certify that it has produced all

1  non-privileged responsive documents or to produce all such documents by a date
2  certain.

3       To the extent that Mattel is relying on its blanket objections, they are not
4  sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the required
6  particularity, as to *why* this request is supposedly overly broad, nor can it do so.
7  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
8  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
9  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
10 custody, or control concerning Papayanopulos's alleged knowledge of "MGA's
11 theft of Mattel's intellectual property and trade secrets."  This area of information is
12 taken directly from Mattel's allegations regarding Papayanopulos in its initial
13 disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures,
14 dated Jan. 5, 2007, p. 14).

15      As to burden, Mattel has not attempted to demonstrate why responding to
16 this request and/or producing responsive documents presents any burden.  This
17 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
18 Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
19 request is unduly burdensome must allege specific facts which indicate the nature
20 and extent of the burden, usually by affidavit or other reliable evidence.").
21 Moreover, it is not unduly burdensome, as noted above, in that the request is
22 narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA
23 misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

24      This request does not seek documents protected by the attorney-client
25 privilege, the attorney work product doctrine, or other applicable privileges.  To the
26 extent that Mattel contends that it does, Mattel must provide a privilege log.

27      This request seeks relevant information.  Mattel identified Papayanopulos in
28 its initial disclosures an individual with discoverable knowledge regarding "MGA's

theft of Mattel's intellectual property and trade secrets" and "MGA business practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 14). Accordingly, Mattel's initial disclosures demonstrate the relevance of this request. Further, this information is relevant to, among other things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and MGA's affirmative defenses of statute of limitations and laches.

Mattel's objection that the request seeks confidential, proprietary, and trade secret information should be disregarded. The parties have entered into a protective order in this matter, which governs the handling of confidential business information. Further, Mattel has put its confidential business information at issue in this litigation, including but not limited to its trade secret misappropriation claim. Accordingly, it cannot resist discovery of confidential business information.

Finally, Mattel has improperly limited its agreement to produce to "the facts at issue in this litigation *as alleged in Mattel's Initial Disclosures*." While true that the individual is identified as being knowledgeable about certain topics in Mattel's initial disclosures, Mattel's obligation to produce does not end with the facts that it has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive information from the individual on the topics identified, regardless of whether it supports the facts as alleged by Mattel, MGA, or any other party. *See* Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that MGA might be excluding documents that are responsive to the request based upon its unilateral determination of what is 'relevant' or 'sufficient.'").

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

1   **REQUEST FOR PRODUCTION NO. 322:**

2       All DOCUMENTS REFERRING OR RELATING TO Cassidy Park's

3   alleged knowledge of "Carter Bryant's breach of obligations to Mattel," as alleged

4   in MATTEL'S INITIAL DISCLOSURES.

5       **RESPONSE TO REQUEST NO. 322:**

6       In addition to the general objections stated above which are incorporated

7   herein by reference, Mattel objects to this Request on the grounds that it is

8   overbroad, unduly burdensome and unintelligible, including in that it seeks all

9   documents on this subject without limitation as to time, and regardless of whether

10  such documents relate to products or matters at issue in this case. Mattel further

11  objects to the Request on the grounds that it seeks documents that are not relevant

12  to this action or likely to lead to the discovery of admissible evidence. Mattel

13  further objects to this Request on the grounds that it seeks confidential, proprietary

14  and trade secret information that has no bearing on the claims or defenses in this

15  case. Mattel further objects to this Request on the grounds that it calls for the

16  disclosure of information subject to the attorney-client privilege, the attorney work-

17  product doctrine and other applicable privileges.

18      **SUPPLEMENTAL RESPONSE TO REQUEST NO. 322:**

19      In addition to the general objections stated above which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is

21  overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case. Mattel further

24  objects to the Request on the grounds that it seeks documents that are not relevant

25  to this action or likely to lead to the discovery of admissible evidence. Mattel

26  further objects to this Request on the grounds that it seeks confidential, proprietary

27  and trade secret information, including such information that has no bearing on the

28  claims or defenses in this case. Mattel further objects to this Request on the grounds

1   that it calls for the disclosure of information subject to the attorney-client privilege,

2   the attorney work-product doctrine and other applicable privileges.

3       Subject to the foregoing objections, Mattel responds as follows: Mattel will

4   produce responsive, non-privileged documents relating to Cassidy Park's

5   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

6   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

7   has been able to locate after a diligent search and reasonable inquiry, to the extent

8   not previously produced.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

11

12      Mattel has improperly limited its agreement to produce documents in

13  response to this request, subject to its improper boilerplate objections.  Mattel has

14  refused to confirm whether or not it has produced all non-privileged responsive

15  documents or whether it is withholding documents based on its objections in Phase

16  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18  Generic objections that fail to explain the basis for an objection with specificity are

19  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21  such as 'overly burdensome and harassing' are improper – especially when a party

22  fails to submit any evidentiary declarations supporting such objections").

23  Accordingly, Mattel must be compelled either to certify that it has produced all

24  non-privileged responsive documents or to produce all such documents by a date

25  certain.

26      To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

1    As to overbreadth, Mattel provides no explanation, let alone the required

2    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5    contrary, the request is narrowly tailored to seek documents in Mattel's possession,

6    custody, or control concerning Park's alleged knowledge of "Carter Bryant's breach

7    of obligations to Mattel."  This area of information is taken directly from Mattel's

8    allegations regarding Park in its initial disclosures.  Rutowski Decl. Ex. 56

9    (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 14).

10    As to burden, Mattel has not attempted to demonstrate why responding to

11    this request and/or producing responsive documents presents any burden.  This

12    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

13    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14    request is unduly burdensome must allege specific facts which indicate the nature

15    and extent of the burden, usually by affidavit or other reliable evidence.").

16    Moreover, it is not unduly burdensome, as noted above, in that the request is

17    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

18    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

19    This request does not seek documents protected by the attorney-client

20    privilege, the attorney work product doctrine, or other applicable privileges.  To the

21    extent that Mattel contends that it does, Mattel must provide a privilege log.

22    This request seeks relevant information.  Mattel identified Park in its initial

23    disclosures an individual with discoverable knowledge regarding "Carter Bryant's

24    breach of obligations to Mattel."  Rutowski Decl. Ex. 56 (Mattel's Consolidated

25    Initial Disclosures, dated Jan. 5, 2007, p. 14).  Accordingly, Mattel's initial

26    disclosures demonstrate the relevance of this request.  Further, this information is

27    relevant to, among other things, Mattel's trade secret defense and MGA's

28    affirmative defenses of statute of limitations and laches.

- 589 -

1   Mattel's objection that the request seeks confidential, proprietary, and trade

2   secret information should be disregarded.  The parties have entered into a protective

3   order in this matter, which governs the handling of confidential business

4   information.  Further, Mattel has put its confidential business information at issue

5   in this litigation, including but not limited to its trade secret misappropriation claim.

6   Accordingly, it cannot resist discovery of confidential business information.

7   Finally, Mattel has improperly limited its agreement to produce to "the facts

8   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

9   the individual is identified as being knowledgeable about certain topics in Mattel's

10  initial disclosures, Mattel's obligation to produce does not end with the facts that it

11  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

12  information from the individual on the topics identified, regardless of whether it

13  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

14  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

15  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

16  MGA might be excluding documents that are responsive to the request based upon

17  its unilateral determination of what is 'relevant' or 'sufficient.'").

18  None of Mattel's improper objections are valid and Mattel is obligated to

19  produce all non-privileged responsive documents in its possession, custody, or

20  control.

21

22  **REQUEST FOR PRODUCTION NO. 323:**

23  All DOCUMENTS in Cassidy Park's possession or control REFERRING

24  OR RELATING TO his alleged knowledge of "Carter Bryant's breach of

25  obligations to Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

26  **RESPONSE TO REQUEST NO. 323:**

27  In addition to the general objections stated above which are incorporated

28  herein by reference, Mattel objects to this Request on the grounds that it is

1    overbroad, unduly burdensome and unintelligible, including in that it seeks all

2    documents on this subject without limitation as to time, and regardless of whether

3    such documents relate to products or matters at issue in this case. Mattel further

4    objects to the Request on the grounds that it seeks documents that are not relevant

5    to this action or likely to lead to the discovery of admissible evidence. Mattel

6    further objects to this Request on the grounds that it seeks confidential, proprietary

7    and trade secret information that has no bearing on the claims or defenses in this

8    case. Mattel further objects to this Request on the grounds that it calls for the

9    disclosure of information subject to the attorney-client privilege, the attorney work-

10   product doctrine and other applicable privileges.

11              **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 323:</u>**

12          In addition to the general objections stated above which are incorporated

13   herein by reference, Mattel objects to this Request on the grounds that it is

14   overbroad, unduly burdensome and unintelligible, including in that it seeks all

15   documents on this subject without limitation as to time, and regardless of whether

16   such documents relate to products or matters at issue in this case. Mattel further

17   objects to the Request on the grounds that it seeks documents that are not relevant

18   to this action or likely to lead to the discovery of admissible evidence. Mattel

19   further objects to this Request on the grounds that it seeks confidential, proprietary

20   and trade secret information, including such information that has no bearing on the

21   claims or defenses in this case. Mattel further objects to this Request on the grounds

22   that it calls for the disclosure of information subject to the attorney-client privilege,

23   the attorney work-product doctrine and other applicable privileges.

24          Subject to the foregoing objections, Mattel responds as follows: Mattel will

25   produce responsive, non-privileged documents relating to Cassidy Park's

26   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

27   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

28

1   has been able to locate after a diligent search and reasonable inquiry, to the extent

2   not previously produced.

3

4   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

5

6   Mattel has improperly limited its agreement to produce documents in

7   response to this request, subject to its improper boilerplate objections.  Mattel has

8   refused to confirm whether or not it has produced all non-privileged responsive

9   documents or whether it is withholding documents based on its objections in Phase

10  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

11  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

12  Generic objections that fail to explain the basis for an objection with specificity are

13  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

14  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

15  such as 'overly burdensome and harassing' are improper – especially when a party

16  fails to submit any evidentiary declarations supporting such objections").

17  Accordingly, Mattel must be compelled either to certify that it has produced all

18  non-privileged responsive documents or to produce all such documents by a date

19  certain.

20  To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.

22  As to overbreadth, Mattel provides no explanation, let alone the required

23  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

24  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

27  custody, or control concerning Park's alleged knowledge of "Carter Bryant's breach

28  of obligations to Mattel."  This area of information is taken directly from Mattel's

1   allegations regarding Park in its initial disclosures.  Rutowski Decl. Ex. 56

2   (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 14).

3       As to burden, Mattel has not attempted to demonstrate why responding to

4   this request and/or producing responsive documents presents any burden.  This

5   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

6   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7   request is unduly burdensome must allege specific facts which indicate the nature

8   and extent of the burden, usually by affidavit or other reliable evidence.").

9   Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

11  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

12      This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges.  To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15      This request seeks relevant information.  Mattel identified Park in its initial

16  disclosures an individual with discoverable knowledge regarding "Carter Bryant's

17  breach of obligations to Mattel."  Rutowski Decl. Ex. 56 (Mattel's Consolidated

18  Initial Disclosures, dated Jan. 5, 2007, p. 14).  Accordingly, Mattel's initial

19  disclosures demonstrate the relevance of this request.  Further, this information is

20  relevant to, among other things, Mattel's trade secret defense and MGA's

21  affirmative defenses of statute of limitations and laches.

22      Mattel's objection that the request seeks confidential, proprietary, and trade

23  secret information should be disregarded.  The parties have entered into a protective

24  order in this matter, which governs the handling of confidential business

25  information.  Further, Mattel has put its confidential business information at issue

26  in this litigation, including but not limited to its trade secret misappropriation claim.

27  Accordingly, it cannot resist discovery of confidential business information.

28

1   Finally, Mattel has improperly limited its agreement to produce to "the facts

2   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

3   the individual is identified as being knowledgeable about certain topics in Mattel's

4   initial disclosures, Mattel's obligation to produce does not end with the facts that it

5   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

6   information from the individual on the topics identified, regardless of whether it

7   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

8   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

9   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

10  MGA might be excluding documents that are responsive to the request based upon

11  its unilateral determination of what is 'relevant' or 'sufficient.'").

12  None of Mattel's improper objections are valid and Mattel is obligated to

13  produce all non-privileged responsive documents in its possession, custody, or

14  control.

15

16  **REQUEST FOR PRODUCTION NO. 324:**

17  All DOCUMENTS REFERRING OR RELATING TO Thomas Park's

18  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

19  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

20  DISCLOSURES.

21  **RESPONSE TO REQUEST NO. 324:**

22  In addition to the general objections stated above which are incorporated

23  herein by reference, Mattel objects to this Request on the grounds that it is

24  overbroad, unduly burdensome and unintelligible, including in that it seeks all

25  documents on this subject without limitation as to time, and regardless of whether

26  such documents relate to products or matters at issue in this case. Mattel further

27  objects to the Request on the grounds that it seeks documents that are not relevant

28  to this action or likely to lead to the discovery of admissible evidence. Mattel

1   further objects to this Request on the grounds that it seeks confidential, proprietary

2   and trade secret information that has no bearing on the claims or defenses in this

3   case. Mattel further objects to this Request on the grounds that it calls for the

4   disclosure of information subject to the attorney-client privilege, the attorney work-

5   product doctrine and other applicable privileges.

6           **SUPPLEMENTAL RESPONSE TO REQUEST NO. 324:**

7        In addition to the general objections stated above which are incorporated

8   herein by reference, Mattel objects to this Request on the grounds that it is

9   overbroad, unduly burdensome and unintelligible, including in that it seeks all

10   documents on this subject without limitation as to time, and regardless of whether

11   such documents relate to products or matters at issue in this case. Mattel further

12   objects to the Request on the grounds that it seeks documents that are not relevant

13   to this action or likely to lead to the discovery of admissible evidence. Mattel

14   further objects to this Request on the grounds that it calls for documents or

15   information in the possession, custody or control of MGA, including without

16   limitation documents and information that MGA has been compelled by Court

17   orders to produce but has not produced. Mattel further objects to this Request on

18   the grounds that it seeks confidential, proprietary and trade secret information,

19   including such information that has no bearing on the claims or defenses in this

20   case. Mattel further objects to this Request on the grounds that it calls for the

21   disclosure of information subject to the attorney-client privilege, the attorney work-

22   product doctrine and other applicable privileges.

23        Subject to the foregoing objections, Mattel responds as follows: Matte will

24   produce responsive, non-privileged documents relating to Thomas Park's

25   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

26   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

27   has been able to locate after a diligent search and reasonable inquiry, to the extent

28   not previously produced.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Park's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA's business practices."  This area of information is taken directly from Mattel's allegations regarding Park in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 14).

1      As to burden, Mattel has not attempted to demonstrate why responding to

2 this request and/or producing responsive documents presents any burden.  This

3 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4 Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5 request is unduly burdensome must allege specific facts which indicate the nature

6 and extent of the burden, usually by affidavit or other reliable evidence.").

7 Moreover, it is not unduly burdensome, as noted above, in that the request is

8 narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9 misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10      This request does not seek documents protected by the attorney-client

11 privilege, the attorney work product doctrine, or other applicable privileges.  To the

12 extent that Mattel contends that it does, Mattel must provide a privilege log.

13      This request seeks relevant information.  Mattel identified Park in its initial

14 disclosures an individual with discoverable knowledge regarding "MGA's access to

15 Mattel's intellectual property and trade secrets" and "MGA business practices."

16 Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

17 2007, p. 14).  Accordingly, Mattel's initial disclosures demonstrate the relevance of

18 this request.  Further, this information is relevant to, among other things, Mattel's

19 trade secret defense, MGA's claims of trade dress infringement, and MGA's

20 affirmative defenses of statute of limitations and laches.

21      Mattel's objection that the request seeks information within MGA's

22 possession, custody or control is nonsensical and lacks factual support.  Mattel

23 makes no argument, let alone a factual showing, that any documents in MGA's

24 possession are duplicative of documents within Mattel's control.  MGA is entitled

25 to discovery from Mattel of documents within its possession, custody, or control

26 that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

27 a conclusory statement that MGA also possesses responsive documents.

28

1  Mattel's objection that the request seeks confidential, proprietary, and trade

2  secret information should be disregarded.  The parties have entered into a protective

3  order in this matter, which governs the handling of confidential business

4  information.  Further, Mattel has put its confidential business information at issue

5  in this litigation, including but not limited to its trade secret misappropriation claim.

6  Accordingly, it cannot resist discovery of confidential business information.

7  Finally, Mattel has improperly limited its agreement to produce to "the facts

8  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

9  the individual is identified as being knowledgeable about certain topics in Mattel's

10  initial disclosures, Mattel's obligation to produce does not end with the facts that it

11  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

12  information from the individual on the topics identified, regardless of whether it

13  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

14  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

15  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

16  MGA might be excluding documents that are responsive to the request based upon

17  its unilateral determination of what is 'relevant' or 'sufficient.'").

18  None of Mattel's improper objections are valid and Mattel is obligated to

19  produce all non-privileged responsive documents in its possession, custody, or

20  control.

21

22  **REQUEST FOR PRODUCTION NO. 325:**

23  All DOCUMENTS REFERRING OR RELATING TO Marlene Parker's

24  alleged knowledge of "[d]esign and development of Bratz and Bryant's work with

25  or for MGA during his Mattel employment" and "MGA business practices," as

26  alleged in MATTEL'S INITIAL DISCLOSURES.

27

28

## RESPONSE TO REQUEST NO. 325:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 325:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has. not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the

1   disclosure of information subject to the attorney-client privilege, the attorney work-

2   product doctrine and other applicable privileges.

3        Subject to the foregoing objections, Mattel responds as follows: Mattel will

4   produce responsive, non-privileged documents relating to Marlene Parker's

5   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

6   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

7   has been able to locate after a diligent search and reasonable inquiry, to the extent

8   not previously produced.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

11

12       Mattel has improperly limited its agreement to produce documents in

13  response to this request, subject to its improper boilerplate objections.  Mattel has

14  refused to confirm whether or not it has produced all non-privileged responsive

15  documents or whether it is withholding documents based on its objections in Phase

16  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18  Generic objections that fail to explain the basis for an objection with specificity are

19  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21  such as 'overly burdensome and harassing' are improper – especially when a party

22  fails to submit any evidentiary declarations supporting such objections").

23  Accordingly, Mattel must be compelled either to certify that it has produced all

24  non-privileged responsive documents or to produce all such documents by a date

25  certain.

26       To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to **why** this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Parker's alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or for MGA during his Mattel employment" and "MGA business practices."  This area of information is taken directly from Mattel's allegations regarding Parker in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 14).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

This request seeks relevant information.  Mattel identified Parker in its initial disclosures an individual with discoverable knowledge regarding "[d]esign and development of Bratz and Bryant's work with or for MGA during his Mattel employment" and "MGA business practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 14).  Accordingly, Mattel's

1   initial disclosures demonstrate the relevance of this request.  Further, this
2   information is relevant to, among other things, Mattel's trade secret defense,
3   MGA's claims of trade dress infringement, and MGA's affirmative defenses of
4   statute of limitations and laches.

5           Mattel's objection that the request seeks information within MGA's
6   possession, custody or control is nonsensical and lacks factual support.  Mattel
7   makes no argument, let alone a factual showing, that any documents in MGA's
8   possession are duplicative of documents within Mattel's control.  MGA is entitled
9   to discovery from Mattel of documents within its possession, custody, or control
10  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making
11  a conclusory statement that MGA also possesses responsive documents.

12          Mattel's objection that the request seeks confidential, proprietary, and trade
13  secret information should be disregarded.  The parties have entered into a protective
14  order in this matter, which governs the handling of confidential business
15  information.  Further, Mattel has put its confidential business information at issue
16  in this litigation, including but not limited to its trade secret misappropriation claim.
17  Accordingly, it cannot resist discovery of confidential business information.

18          Finally, Mattel has improperly limited its agreement to produce to "the facts
19  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that
20  the individual is identified as being knowledgeable about certain topics in Mattel's
21  initial disclosures, Mattel's obligation to produce does not end with the facts that it
22  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
23  information from the individual on the topics identified, regardless of whether it
24  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order
25  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
26  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
27  MGA might be excluding documents that are responsive to the request based upon
28  its unilateral determination of what is 'relevant' or 'sufficient.'").

1      None of Mattel's improper objections are valid and Mattel is obligated to

2  produce all non-privileged responsive documents in its possession, custody, or

3  control.

4

5  **REQUEST FOR PRODUCTION NO. 326:**

6      All DOCUMENTS REFERRING OR RELATING TO Rene Pasko's alleged

7  knowledge of "[t]he development and ownership of intellectual property at issue,"

8  as alleged in MATTEL'S INITIAL DISCLOSURES.

9      **RESPONSE TO REQUEST NO. 326:**

10      In addition to the general objections stated above which are incorporated

11  herein by reference, Mattel objects to this Request on the grounds that it is

12  overbroad, unduly burdensome and unintelligible, including in that it seeks all

13  documents on this subject without limitation as to time, and regardless of whether

14  such documents relate to products or matters at issue in this case. Mattel further

15  objects to the Request on the grounds that it seeks documents that are not relevant

16  to this action or likely to lead to the discovery of admissible evidence. Mattel

17  further objects to this Request on the grounds that it seeks confidential, proprietary

18  and trade secret information that has no bearing on the claims or defenses in this

19  case. Mattel further objects to this Request on the grounds that it calls for the

20  disclosure of information subject to the attorney-client privilege, the attorney work-

21  product doctrine and other applicable privileges.

22      **SUPPLEMENTAL RESPONSE TO REQUEST NO. 326:**

23      In addition to the general objections stated above which are incorporated

24  herein by reference, Mattel objects to this Request on the grounds that it is

25  overbroad, unduly burdensome and unintelligible, including in that it seeks all

26  documents on this subject without limitation as to time, and regardless of whether

27  such documents relate to products or matters at issue in this case. Mattel further

28  objects to the Request on the grounds that it seeks documents that are not relevant

1   to this action or likely to lead to the discovery of admissible evidence. Mattel

2   further objects to this Request on the grounds that it seeks confidential, proprietary

3   and trade secret information, including such information that has no bearing on the

4   claims or defenses in this case. Mattel further objects to this Request on the grounds

5   that it calls for the disclosure of information subject to the attorney-client privilege,

6   the attorney work-product doctrine and other applicable privileges.

7        Subject to the foregoing objections, Mattel responds as follows: Mattel will

8   produce responsive, non-privileged documents relating to Rene Pasko's knowledge

9   of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

10  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

11  locate after a diligent search and reasonable inquiry, to the extent not previously

12  produced.

13

14  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
**SHOULD BE COMPELLED**

15

16       Mattel has improperly limited its agreement to produce documents in

17  response to this request, subject to its improper boilerplate objections.  Mattel has

18  refused to confirm whether or not it has produced all non-privileged responsive

19  documents or whether it is withholding documents based on its objections in Phase

20  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

21  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

22  Generic objections that fail to explain the basis for an objection with specificity are

23  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

24  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

25  such as 'overly burdensome and harassing' are improper – especially when a party

26  fails to submit any evidentiary declarations supporting such objections").

27  Accordingly, Mattel must be compelled either to certify that it has produced all

28

1  non-privileged responsive documents or to produce all such documents by a date

2  certain.

3  　　　To the extent that Mattel is relying on its blanket objections, they are not

4  sustainable and do not justify Mattel's failure to produce documents.

5  　　　As to overbreadth, Mattel provides no explanation, let alone the required

6  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

7  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

10  custody, or control concerning Pasko's alleged knowledge of "[t]he development

11  and ownership of intellectual property at issue."  This area of information is taken

12  directly from Mattel's allegations regarding Pasko in its initial disclosures.

13  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

14  2007, p. 14).

15  　　　As to burden, Mattel has not attempted to demonstrate why responding to

16  this request and/or producing responsive documents presents any burden.  This

17  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.").

21  Moreover, it is not unduly burdensome, as noted above, in that the request is

22  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

23  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

24  　　　This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges.  To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27  　　　This request seeks relevant information.  Mattel identified Pasko in its initial

28  disclosures an individual with discoverable knowledge regarding "[t]he

1  development and ownership of intellectual property at issue." Rutowski Decl. Ex.

2  56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 14).

3  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

4  Further, this information is relevant to, among other things, Mattel's trade secret

5  defense and MGA's claims of trade dress infringement.

6      Mattel's objection that the request seeks confidential, proprietary, and trade

7  secret information should be disregarded.  The parties have entered into a protective

8  order in this matter, which governs the handling of confidential business

9  information.  Further, Mattel has put its confidential business information at issue

10  in this litigation, including but not limited to its trade secret misappropriation claim.

11  Accordingly, it cannot resist discovery of confidential business information.

12      Finally, Mattel has improperly limited its agreement to produce to "the facts

13  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

14  the individual is identified as being knowledgeable about certain topics in Mattel's

15  initial disclosures, Mattel's obligation to produce does not end with the facts that it

16  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

17  information from the individual on the topics identified, regardless of whether it

18  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

19  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

20  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

21  MGA might be excluding documents that are responsive to the request based upon

22  its unilateral determination of what is 'relevant' or 'sufficient.'").

23      None of Mattel's improper objections are valid and Mattel is obligated to

24  produce all non-privileged responsive documents in its possession, custody, or

25  control.

26

27

28

1  **REQUEST FOR PRODUCTION NO. 327:**

2    All DOCUMENTS in Rene Pasko's possession or control REFERRING OR

3  RELATING TO her alleged knowledge of "[t]he development and ownership of

4  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

5    **RESPONSE TO REQUEST NO. 327:**

6    In addition to the general objections stated above which are incorporated

7  herein by reference, Mattel objects to this Request on the grounds that it is

8  overbroad, unduly burdensome and unintelligible, including in that it seeks all

9  documents on this subject without limitation as to time, and regardless of whether

10  such documents relate to products or matters at issue in this case. Mattel further

11  objects to the Request on the grounds that it seeks documents that are not relevant

12  to this action or likely to lead to the discovery of admissible evidence. Mattel

13  further objects to this Request on the grounds that it seeks confidential, proprietary

14  and trade secret information that has no bearing on the claims or defenses in this

15  case. Mattel further objects to this Request on the grounds that it calls for the

16  disclosure of information subject to the attorney-client privilege, the attorney work-

17  product doctrine and other applicable privileges.

18    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 327:**

19    In addition to the general objections stated above which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is

21  overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case. Mattel further

24  objects to the Request on the grounds that it seeks documents that are not relevant

25  to this action or likely to lead to the discovery of admissible evidence. Mattel

26  further objects to this Request on the grounds that it seeks confidential, proprietary

27  and trade secret information, including such information that has no bearing on the

28  claims or defenses in this case. Mattel further objects to this Request on the grounds

1   that it calls for the disclosure of information subject to the attorney-client privilege,

2   the attorney work-product doctrine and other applicable privileges.

3       Subject to the foregoing objections, Mattel responds as follows: Mattel will

4   produce responsive, non-privileged documents relating to Rene Pasko's knowledge

5   of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

6   are in Mattel's possession, custody, or control, if any, that Mattel has been able to

7   locate after a diligent search and reasonable inquiry, to the extent not previously

8   produced.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

11

12      Mattel has improperly limited its agreement to produce documents in

13  response to this request, subject to its improper boilerplate objections.  Mattel has

14  refused to confirm whether or not it has produced all non-privileged responsive

15  documents or whether it is withholding documents based on its objections in Phase

16  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18  Generic objections that fail to explain the basis for an objection with specificity are

19  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21  such as 'overly burdensome and harassing' are improper – especially when a party

22  fails to submit any evidentiary declarations supporting such objections").

23  Accordingly, Mattel must be compelled either to certify that it has produced all

24  non-privileged responsive documents or to produce all such documents by a date

25  certain.

26      To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

1    As to overbreadth, Mattel provides no explanation, let alone the required

2    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5    contrary, the request is narrowly tailored to seek documents in Mattel's possession,

6    custody, or control concerning Pasko's alleged knowledge of "[t]he development

7    and ownership of intellectual property at issue."  This area of information is taken

8    directly from Mattel's allegations regarding Pasko in its initial disclosures.

9    Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

10   2007, p. 14).

11   As to burden, Mattel has not attempted to demonstrate why responding to

12   this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

14   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.").

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

19   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

20   This request does not seek documents protected by the attorney-client

21   privilege, the attorney work product doctrine, or other applicable privileges.  To the

22   extent that Mattel contends that it does, Mattel must provide a privilege log.

23   This request seeks relevant information.  Mattel identified Pasko in its initial

24   disclosures an individual with discoverable knowledge regarding "[t]he

25   development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

26   56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 14).

27   Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

28

1    Further, this information is relevant to, among other things, Mattel's trade secret

2    defense and MGA's claims of trade dress infringement.

3        Mattel's objection that the request seeks confidential, proprietary, and trade

4    secret information should be disregarded.  The parties have entered into a protective

5    order in this matter, which governs the handling of confidential business

6    information.  Further, Mattel has put its confidential business information at issue

7    in this litigation, including but not limited to its trade secret misappropriation claim.

8    Accordingly, it cannot resist discovery of confidential business information.

9        Finally, Mattel has improperly limited its agreement to produce to "the facts

10   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

11   the individual is identified as being knowledgeable about certain topics in Mattel's

12   initial disclosures, Mattel's obligation to produce does not end with the facts that it

13   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

14   information from the individual on the topics identified, regardless of whether it

15   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

16   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

17   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

18   MGA might be excluding documents that are responsive to the request based upon

19   its unilateral determination of what is 'relevant' or 'sufficient.'").

20       None of Mattel's improper objections are valid and Mattel is obligated to

21   produce all non-privileged responsive documents in its possession, custody, or

22   control.

23

24   **REQUEST FOR PRODUCTION NO. 328:**

25       All DOCUMENTS REFERRING OR RELATING TO Danny Pestonji's

26   alleged knowledge of "MGA's access to Mattel's intellectual property and trade

27   secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

28   DISCLOSURES.

## RESPONSE TO REQUEST NO. 328:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 328:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the

OHS West:260723198

1  disclosure of information subject to the attorney-client privilege, the attorney work-

2  product doctrine and other applicable privileges.

3      Subject to the foregoing objections, Mattel responds as follows: Mattel will

4  produce responsive, non-privileged documents relating to Danny Pestonji's

5  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

6  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

7  has been able to locate after a diligent search and reasonable inquiry, to the extent

8  not previously produced.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

11

12      Mattel has improperly limited its agreement to produce documents in

13  response to this request, subject to its improper boilerplate objections.  Mattel has

14  refused to confirm whether or not it has produced all non-privileged responsive

15  documents or whether it is withholding documents based on its objections in Phase

16  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18  Generic objections that fail to explain the basis for an objection with specificity are

19  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21  such as 'overly burdensome and harassing' are improper – especially when a party

22  fails to submit any evidentiary declarations supporting such objections").

23  Accordingly, Mattel must be compelled either to certify that it has produced all

24  non-privileged responsive documents or to produce all such documents by a date

25  certain.

26      To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

1      As to overbreadth, Mattel provides no explanation, let alone the required

2  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

6  custody, or control concerning Pestonji's alleged knowledge of "MGA's access to

7  Mattel's intellectual property and trade secrets" and "MGA's business practices."

8  This area of information is taken directly from Mattel's allegations regarding

9  Pestonji in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

10  Initial Disclosures, dated Jan. 5, 2007, p. 14).

11      As to burden, Mattel has not attempted to demonstrate why responding to

12  this request and/or producing responsive documents presents any burden.  This

13  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

14  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15  request is unduly burdensome must allege specific facts which indicate the nature

16  and extent of the burden, usually by affidavit or other reliable evidence.").

17  Moreover, it is not unduly burdensome, as noted above, in that the request is

18  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

19  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

20      This request does not seek documents protected by the attorney-client

21  privilege, the attorney work product doctrine, or other applicable privileges.  To the

22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23      This request seeks relevant information.  Mattel identified Pestonji in its

24  initial disclosures an individual with discoverable knowledge regarding "MGA's

25  access to Mattel's intellectual property and trade secrets" and "MGA business

26  practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

27  Jan. 5, 2007, p. 14).  Accordingly, Mattel's initial disclosures demonstrate the

28  relevance of this request.  Further, this information is relevant to, among other

1   things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

2   and MGA's affirmative defenses of statute of limitations and laches.

3       Mattel's objection that the request seeks information within MGA's

4   possession, custody or control is nonsensical and lacks factual support.  Mattel

5   makes no argument, let alone a factual showing, that any documents in MGA's

6   possession are duplicative of documents within Mattel's control.  MGA is entitled

7   to discovery from Mattel of documents within its possession, custody, or control

8   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

9   a conclusory statement that MGA also possesses responsive documents.

10      Mattel's objection that the request seeks confidential, proprietary, and trade

11  secret information should be disregarded.  The parties have entered into a protective

12  order in this matter, which governs the handling of confidential business

13  information.  Further, Mattel has put its confidential business information at issue

14  in this litigation, including but not limited to its trade secret misappropriation claim.

15  Accordingly, it cannot resist discovery of confidential business information.

16      Finally, Mattel has improperly limited its agreement to produce to "the facts

17  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

18  the individual is identified as being knowledgeable about certain topics in Mattel's

19  initial disclosures, Mattel's obligation to produce does not end with the facts that it

20  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

21  information from the individual on the topics identified, regardless of whether it

22  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

23  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

24  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

25  MGA might be excluding documents that are responsive to the request based upon

26  its unilateral determination of what is 'relevant' or 'sufficient.'").

27

28

1    None of Mattel's improper objections are valid and Mattel is obligated to

2    produce all non-privileged responsive documents in its possession, custody, or

3    control.

4

5    **REQUEST FOR PRODUCTION NO. 329:**

6    All DOCUMENTS REFERRING OR RELATING TO Pootipong

7    Phoosopha's alleged knowledge of "MGA's access to Mattel's intellectual property

8    and trade secrets" and "MGA business practices," as alleged in MATTEL'S

9    INITIAL DISCLOSURES.

10   **RESPONSE TO REQUEST NO. 329:**

11   In addition to the general objections stated above which are incorporated

12   herein by reference, Mattel objects to this Request on the grounds that it is

13   overbroad, unduly burdensome and unintelligible, including in that it seeks all

14   documents on this subject without limitation as to time, and regardless of whether

15   such documents relate to products or matters at issue in this case. Mattel further

16   objects to the Request on the grounds that it seeks documents that are not relevant

17   to this action or likely to lead to the discovery of admissible evidence. Mattel

18   further objects to this Request on the grounds that it seeks confidential, proprietary

19   and trade secret information that has no bearing on the claims or defenses in this

20   case. Mattel further objects to this Request on the grounds that it calls for the

21   disclosure of information subject to the attorney-client privilege, the attorney work-

22   product doctrine and other applicable privileges.

23   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 329:**

24   In addition to the general objections stated above which are incorporated

25   herein by reference, Mattel objects to this Request on the grounds that it is

26   overbroad, unduly burdensome and unintelligible, including in that it seeks all

27   documents on this subject without limitation as to time, and regardless of whether

28   such documents relate to products or matters at issue in this case. Mattel further

1   objects to the Request on the grounds that it seeks documents that are not relevant

2   to this action or likely to lead to the discovery of admissible evidence. Mattel

3   further objects to this Request on the grounds that it calls for documents or

4   information in the possession, custody or control of MGA and/or Bryant, including

5   without limitation documents and information that MGA and Bryant have been

6   compelled by Court orders to produce but have not produced. Mattel further objects

7   to this Request on the grounds that it seeks confidential, proprietary and trade secret

8   information, including such information that has no bearing on the claims or

9   defenses in this case. Mattel further objects to this Request on the grounds that it

10  calls for the disclosure of information subject to the attorney-client privilege, the

11  attorney work-product doctrine and other applicable privileges.

12       Subject to the foregoing objections, Mattel responds as follows: Mattel will

13  produce responsive, non-privileged documents relating to Pootipong Phoosopha's

14  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

15  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

16  has been able to locate after a diligent search and reasonable inquiry, to the extent

17  not previously produced.

18

19  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

20

21       Mattel has improperly limited its agreement to produce documents in

22  response to this request, subject to its improper boilerplate objections.  Mattel has

23  refused to confirm whether or not it has produced all non-privileged responsive

24  documents or whether it is withholding documents based on its objections in Phase

25  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

26  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

27  Generic objections that fail to explain the basis for an objection with specificity are

28  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

1  <u>Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

2  such as 'overly burdensome and harassing' are improper – especially when a party

3  fails to submit any evidentiary declarations supporting such objections").

4  Accordingly, Mattel must be compelled either to certify that it has produced all

5  non-privileged responsive documents or to produce all such documents by a date

6  certain.

7       To the extent that Mattel is relying on its blanket objections, they are not

8  sustainable and do not justify Mattel's failure to produce documents.

9       As to overbreadth, Mattel provides no explanation, let alone the required

10  particularity, as to ***why*** this request is supposedly overly broad, nor can it do so.

11  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

14  custody, or control concerning Phoosopha's alleged knowledge of "MGA's access

15  to Mattel's intellectual property and trade secrets" and "MGA's business practices."

16  This area of information is taken directly from Mattel's allegations regarding

17  Phoosopha in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

18  Initial Disclosures, dated Jan. 5, 2007, p. 14).

19       As to burden, Mattel has not attempted to demonstrate why responding to

20  this request and/or producing responsive documents presents any burden.  This

21  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

22  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23  request is unduly burdensome must allege specific facts which indicate the nature

24  and extent of the burden, usually by affidavit or other reliable evidence.").

25  Moreover, it is not unduly burdensome, as noted above, in that the request is

26  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

27  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

28

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    This request seeks relevant information.  Mattel identified Phoosopha in its

5    initial disclosures an individual with discoverable knowledge regarding "MGA's

6    access to Mattel's intellectual property and trade secrets" and "MGA business

7    practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

8    Jan. 5, 2007, p. 14).  Accordingly, Mattel's initial disclosures demonstrate the

9    relevance of this request.  Further, this information is relevant to, among other

10   things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

11   and MGA's affirmative defenses of statute of limitations and laches.

12   Mattel's objection that the request seeks information within MGA's

13   possession, custody or control is nonsensical and lacks factual support.  Mattel

14   makes no argument, let alone a factual showing, that any documents in MGA's

15   possession are duplicative of documents within Mattel's control.  MGA is entitled

16   to discovery from Mattel of documents within its possession, custody, or control

17   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

18   a conclusory statement that MGA also possesses responsive documents.

19   Mattel's objection that the request seeks confidential, proprietary, and trade

20   secret information should be disregarded.  The parties have entered into a protective

21   order in this matter, which governs the handling of confidential business

22   information.  Further, Mattel has put its confidential business information at issue

23   in this litigation, including but not limited to its trade secret misappropriation claim.

24   Accordingly, it cannot resist discovery of confidential business information.

25   Finally, Mattel has improperly limited its agreement to produce to "the facts

26   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

27   the individual is identified as being knowledgeable about certain topics in Mattel's

28   initial disclosures, Mattel's obligation to produce does not end with the facts that it

1   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

2   information from the individual on the topics identified, regardless of whether it

3   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

4   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

5   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

6   MGA might be excluding documents that are responsive to the request based upon

7   its unilateral determination of what is 'relevant' or 'sufficient.'").

8           None of Mattel's improper objections are valid and Mattel is obligated to

9   produce all non-privileged responsive documents in its possession, custody, or

10  control.

11

12  **REQUEST FOR PRODUCTION NO. 330:**

13          All DOCUMENTS REFERRING OR RELATING TO Cynthia Pierce's

14  alleged knowledge of "[p]ayment from MGA to Carter Bryant," as alleged in

15  MATTEL'S INITIAL DISCLOSURES.

16          **RESPONSE TO REQUEST NO. 330:**

17          In addition to the general objections stated above which are incorporated

18  herein by reference, Mattel objects to this Request on the grounds that it is

19  overbroad, unduly burdensome and unintelligible, including in that it seeks all

20  documents on this subject without limitation as to time, and regardless of whether

21  such documents relate to products or matters at issue in this case. Mattel further

22  objects to the Request on the grounds that it seeks documents that are not relevant

23  to this action or likely to lead to the discovery of admissible evidence. Mattel

24  further objects to this Request on the grounds that it seeks confidential, proprietary

25  and trade secret information that has no bearing on the claims or defenses in this

26  case. Mattel further objects to this Request on the grounds that it calls for the

27  disclosure of information subject to the attorney-client privilege, the attorney work-

28  product doctrine and other applicable privileges.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 330:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Cynthia Pierce's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged

1  responsive documents or whether it is withholding documents based on its

2  objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to

3  part of a request must specify the part and permit inspection of the rest."  Fed. R.

4  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

5  with specificity are routinely rejected in the Central District.  <u>See</u> <u>A. Farber and</u>

6  <u>Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

7  boilerplate objections such as 'overly burdensome and harassing' are improper –

8  especially when a party fails to submit any evidentiary declarations supporting such

9  objections").  Accordingly, Mattel must be compelled either to certify that it has

10  produced all non-privileged responsive documents or to produce all such

11  documents by a date certain.

12      To the extent that Mattel is relying on its blanket objections, they are not

13  sustainable and do not justify Mattel's failure to produce documents.

14      As to overbreadth, Mattel provides no explanation, let alone the required

15  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

16  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

17  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

18  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

19  custody, or control concerning Pierce's alleged knowledge of "[p]ayment from

20  MGA to Carter Bryant."  This area of information is taken directly from Mattel's

21  allegations regarding Pierce in its initial disclosures.  Rutowski Decl. Ex. 56

22  (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, pp. 14-15).

23      As to burden, Mattel has not attempted to demonstrate why responding to

24  this request and/or producing responsive documents presents any burden.  This

25  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

26  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

27  request is unduly burdensome must allege specific facts which indicate the nature

28  and extent of the burden, usually by affidavit or other reliable evidence.").

1  Moreover, it is not unduly burdensome, as noted above, in that the request is

2  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

3  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

4      This request does not seek documents protected by the attorney-client

5  privilege, the attorney work product doctrine, or other applicable privileges.  To the

6  extent that Mattel contends that it does, Mattel must provide a privilege log.

7      This request seeks relevant information.  Mattel identified Pierce in its initial

8  disclosures an individual with discoverable knowledge regarding "[p]ayment from

9  MGA to Carter Bryant,"  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

10 Disclosures, dated Jan. 5, 2007, pp. 14-15).  Accordingly, Mattel's initial

11 disclosures demonstrate the relevance of this request.  Further, this information is

12 relevant to, among other things, MGA's affirmative defenses of competition

13 privilege, *bona fide* purchaser for value, and good faith improver.

14     Mattel's objection that the request seeks information within MGA's

15 possession, custody or control is nonsensical and lacks factual support.  Mattel

16 makes no argument, let alone a factual showing, that any documents in MGA's

17 possession are duplicative of documents within Mattel's control.  MGA is entitled

18 to discovery from Mattel of documents within its possession, custody, or control

19 that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

20 a conclusory statement that MGA also possesses responsive documents.

21     Mattel's objection that the request seeks confidential, proprietary, and trade

22 secret information should be disregarded.  The parties have entered into a protective

23 order in this matter, which governs the handling of confidential business

24 information.  Further, Mattel has put its confidential business information at issue

25 in this litigation, including but not limited to its trade secret misappropriation claim.

26 Accordingly, it cannot resist discovery of confidential business information.

27     Finally, Mattel has improperly limited its agreement to produce to "the facts

28 at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

1   the individual is identified as being knowledgeable about certain topics in Mattel's

2   initial disclosures, Mattel's obligation to produce does not end with the facts that it

3   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

4   information from the individual on the topics identified, regardless of whether it

5   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

6   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

7   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

8   MGA might be excluding documents that are responsive to the request based upon

9   its unilateral determination of what is 'relevant' or 'sufficient.'").

10      None of Mattel's improper objections are valid and Mattel is obligated to

11  produce all non-privileged responsive documents in its possession, custody, or

12  control.

13

14  **REQUEST FOR PRODUCTION NO. 331:**

15      All DOCUMENTS REFERRING OR RELATING TO Joni Pratte's alleged

16  knowledge of "[t]he development and ownership of intellectual property at issue,"

17  as alleged in MATTEL'S INITIAL DISCLOSURES.

18      **RESPONSE TO REQUEST NO. 331:**

19      In addition to the general objections stated above which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is

21  overbroad, unduly burdensome and unintelligible, including **in** that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case. Mattel further

24  objects to the Request on the grounds that it seeks documents that are not relevant

25  to this action or likely to lead to the discovery of admissible evidence. Mattel

26  further objects to this Request on the grounds that it seeks confidential, proprietary

27  and trade secret information that has no bearing on the claims or defenses in this

28  case. Mattel further objects to this Request on the grounds that it calls for the

1   disclosure of information subject to the attorney-client privilege, the attorney work-

2   product doctrine and other applicable privileges.

3   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 331:**

4   In addition to the general objections stated above which are incorporated

5   herein by reference, Mattel objects to this Request on the grounds that it is

6   overbroad, unduly burdensome and unintelligible, including in that it seeks all

7   documents on this subject without limitation as to time, and regardless of whether

8   such documents relate to products or matters at issue in this case. Mattel further

9   objects to the Request on the grounds that it seeks documents that are not relevant

10  to this action or likely to lead to the discovery of admissible evidence. Mattel

11  further objects to this Request on the grounds that it seeks confidential, proprietary

12  and trade secret information, including such information that has no bearing on the

13  claims or defenses in this case. Mattel further objects to this Request on the grounds

14  that it calls for the disclosure of information subject to the attorney-client privilege,

15  the attorney work-product doctrine and other applicable privileges.

16  Subject to the foregoing objections, Mattel responds as follows: Mattel will

17  produce responsive, non-privileged documents relating to Joni Pratte's knowledge

18  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

19  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

20  locate after a diligent search and reasonable inquiry, to the extent not previously

21  produced.

22

23  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

24  **SHOULD BE COMPELLED**

25  Mattel has improperly limited its agreement to produce documents in

26  response to this request, subject to its improper boilerplate objections.  Mattel has

27  refused to confirm whether or not it has produced all non-privileged responsive

28  documents or whether it is withholding documents based on its objections in Phase

- 624 -

2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Pratte's alleged knowledge of "[t]he development and ownership of intellectual property at issue."  This area of information is taken directly from Mattel's allegations regarding Pratte in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 15).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.").

- 625 -

1    Moreover, it is not unduly burdensome, as noted above, in that the request is

2    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

3    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

4        This request does not seek documents protected by the attorney-client

5    privilege, the attorney work product doctrine, or other applicable privileges.  To the

6    extent that Mattel contends that it does, Mattel must provide a privilege log.

7        This request seeks relevant information.  Mattel identified Pratte in its initial

8    disclosures an individual with discoverable knowledge regarding "[t]he

9    development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

10   56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 15).

11   Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

12   Further, this information is relevant to, among other things, Mattel's trade secret

13   defense and MGA's claims of trade dress infringement.

14       Mattel's objection that the request seeks confidential, proprietary, and trade

15   secret information should be disregarded.  The parties have entered into a protective

16   order in this matter, which governs the handling of confidential business

17   information.  Further, Mattel has put its confidential business information at issue

18   in this litigation, including but not limited to its trade secret misappropriation claim.

19   Accordingly, it cannot resist discovery of confidential business information.

20       Finally, Mattel has improperly limited its agreement to produce to "the facts

21   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

22   the individual is identified as being knowledgeable about certain topics in Mattel's

23   initial disclosures, Mattel's obligation to produce does not end with the facts that it

24   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

25   information from the individual on the topics identified, regardless of whether it

26   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

27   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

28   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

1   MGA might be excluding documents that are responsive to the request based upon

2   its unilateral determination of what is 'relevant' or 'sufficient.'").

3        None of Mattel's improper objections are valid and Mattel is obligated to

4   produce all non-privileged responsive documents in its possession, custody, or

5   control.

6

7   **REQUEST FOR PRODUCTION NO. 332:**

8        All DOCUMENTS in Joni Pratte's possession or control REFERRING OR

9   RELATING TO her alleged knowledge of "[t]he development and ownership of

10  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

11       **RESPONSE TO REQUEST NO. 332:**

12       In addition to the general objections stated above which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it is

14  overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case. Mattel further

17  objects to the Request on the grounds that it seeks documents that are not relevant

18  to this action or likely to lead to the discovery of admissible evidence. Mattel

19  further objects to this Request on the grounds that it seeks confidential, proprietary

20  and trade secret information that has no bearing on the claims or defenses in this

21  case. Mattel further objects to this Request on the grounds that it calls for the

22  disclosure of information subject to the attorney-client privilege, the attorney work-

23  product doctrine and other applicable privileges.

24       **SUPPLEMENTAL RESPONSE TO REQUEST NO. 332:**

25       In addition to the general objections stated above which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is

27  overbroad, unduly burdensome and unintelligible, including in that it seeks all

28  documents on this subject without limitation as to time, and regardless of whether

1   such documents relate to products or matters at issue in this case. Mattel further

2   objects to the Request on the grounds that it seeks documents that are not relevant

3   to this action or likely to lead to the discovery of admissible evidence. Mattel

4   further objects to this Request on the grounds that it seeks confidential, proprietary

5   and trade secret information, including such information that has no bearing on the

6   claims or defenses in this case. Mattel further objects to this Request on the grounds

7   that it calls for the disclosure of information subject to the attorney-client privilege,

8   the attorney work-product doctrine and other applicable privileges.

9       Subject to the foregoing objections, Mattel responds as follows: Mattel will

10  produce responsive, non-privileged documents relating to Joni Pratte's knowledge

11  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

12  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

13  locate after a diligent search and reasonable inquiry, to the extent not previously

14  produced.

15

16  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

17  SHOULD BE COMPELLED**

18      Mattel has improperly limited its agreement to produce documents in

19  response to this request, subject to its improper boilerplate objections.  Mattel has

20  refused to confirm whether or not it has produced all non-privileged responsive

21  documents or whether it is withholding documents based on its objections in Phase

22  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

23  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

24  Generic objections that fail to explain the basis for an objection with specificity are

25  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

26  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

27  such as 'overly burdensome and harassing' are improper – especially when a party

28  fails to submit any evidentiary declarations supporting such objections").

1   Accordingly, Mattel must be compelled either to certify that it has produced all

2   non-privileged responsive documents or to produce all such documents by a date

3   certain.

4       To the extent that Mattel is relying on its blanket objections, they are not

5   sustainable and do not justify Mattel's failure to produce documents.

6       As to overbreadth, Mattel provides no explanation, let alone the required

7   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

11  custody, or control concerning Pratte's alleged knowledge of "[t]he development

12  and ownership of intellectual property at issue."  This area of information is taken

13  directly from Mattel's allegations regarding Pratte in its initial disclosures.

14  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

15  2007, p. 15).

16      As to burden, Mattel has not attempted to demonstrate why responding to

17  this request and/or producing responsive documents presents any burden.  This

18  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

19  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20  request is unduly burdensome must allege specific facts which indicate the nature

21  and extent of the burden, usually by affidavit or other reliable evidence.").

22  Moreover, it is not unduly burdensome, as noted above, in that the request is

23  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

24  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

25      This request does not seek documents protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges.  To the

27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1        This request seeks relevant information.  Mattel identified Pratte in its initial

2    disclosures an individual with discoverable knowledge regarding "[t]he

3    development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

4    56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 15).

5    Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

6    Further, this information is relevant to, among other things, Mattel's trade secret

7    defense and MGA's claims of trade dress infringement.

8        Mattel's objection that the request seeks confidential, proprietary, and trade

9    secret information should be disregarded.  The parties have entered into a protective

10   order in this matter, which governs the handling of confidential business

11   information.  Further, Mattel has put its confidential business information at issue

12   in this litigation, including but not limited to its trade secret misappropriation claim.

13   Accordingly, it cannot resist discovery of confidential business information.

14       Finally, Mattel has improperly limited its agreement to produce to "the facts

15   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

16   the individual is identified as being knowledgeable about certain topics in Mattel's

17   initial disclosures, Mattel's obligation to produce does not end with the facts that it

18   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

19   information from the individual on the topics identified, regardless of whether it

20   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

21   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

22   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

23   MGA might be excluding documents that are responsive to the request based upon

24   its unilateral determination of what is 'relevant' or 'sufficient.'").

25       None of Mattel's improper objections are valid and Mattel is obligated to

26   produce all non-privileged responsive documents in its possession, custody, or

27   control.

28

1  **REQUEST FOR PRODUCTION NO. 333:**

2       All DOCUMENTS REFERRING OR RELATING TO Jacqueline Ramona

3  Prince's alleged knowledge of "[d]esign and development of Bratz and Bryant's

4  work with or for MGA during his Mattel employment" and "Bryant's breach of

5  obligations to Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

6       **RESPONSE TO REQUEST NO. 333:**

7       In addition to the general objections stated above which are incorporated

8  herein by reference, Mattel objects to this Request on the grounds that it is

9  overbroad, unduly burdensome and unintelligible, including in that it seeks all

10  documents on this subject without limitation as to time, and regardless of whether

11  such documents relate to products or matters at issue in this case. Mattel further

12  objects to the Request on the grounds that it seeks documents that are not relevant

13  to this action or likely to lead to the discovery of admissible evidence. Mattel

14  further objects to this Request on the grounds that it seeks confidential, proprietary

15  and trade secret information that has no bearing on the claims or defenses in this

16  case. Mattel further objects to this Request on the grounds that it calls for the

17  disclosure of information subject to the attorney-client privilege, the attorney work-

18  product doctrine and other applicable privileges.

19       **SUPPLEMENTAL RESPONSE TO REQUEST NO. 333:**

20       In addition to the general objections stated above which are incorporated

21  herein by reference, Mattel objects to this Request on the grounds that it is

22  overbroad, unduly burdensome and unintelligible, including in that it seeks all

23  documents on this subject without limitation as to time, and regardless of whether

24  such documents relate to products or matters at issue in this case. Mattel further

25  objects to the Request on the grounds that it seeks documents that are not relevant

26  to this action or likely to lead to the discovery of admissible evidence. Mattel

27  further objects to this Request on the grounds that it calls for documents or

28  information in the possession, custody or control of MGA and/or Bryant, including

1   without limitation documents and information that MGA and Bryant have been

2   compelled by Court orders to produce but have not produced. Mattel further objects

3   to this Request on the grounds that it seeks confidential, proprietary and trade secret

4   information, including such information that has no bearing on the claims or

5   defenses in this case. Mattel further objects to this Request on the grounds that it

6   calls for the disclosure of information subject to the attorney-client privilege, the

7   attorney work-product doctrine and other applicable privileges.

8        Subject to the foregoing objections, Mattel responds as follows: Mattel will

9   produce responsive, non-privileged documents relating to Jacqueline Ramona

10  Prince's knowledge of the facts at issue in this litigation as alleged in Mattel's

11  Initial Disclosures that are in Mattel's possession, custody, or control, if any, that

12  Mattel has been able to locate after a diligent search and reasonable inquiry, to the

13  extent not previously produced.

14

15  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
16  **SHOULD BE COMPELLED**

17       Mattel has improperly limited its agreement to produce documents in

18  response to this request, subject to its improper boilerplate objections.  Mattel has

19  refused to confirm whether or not it has produced all non-privileged responsive

20  documents or whether it is withholding documents based on its objections in Phase

21  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

22  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

23  Generic objections that fail to explain the basis for an objection with specificity are

24  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

25  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

26  such as 'overly burdensome and harassing' are improper – especially when a party

27  fails to submit any evidentiary declarations supporting such objections").

28  Accordingly, Mattel must be compelled either to certify that it has produced all

1  non-privileged responsive documents or to produce all such documents by a date
2  certain.

3       To the extent that Mattel is relying on its blanket objections, they are not
4  sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the required
6  particularity, as to **why** this request is supposedly overly broad, nor can it do so.
7  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
8  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
9  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
10 custody, or control concerning Prince's alleged knowledge of "[d]esign and
11 development of Bratz and Bryant's work with or for MGA during his Mattel
12 employment" and "Bryant's breach of obligations to Mattel."  This area of
13 information is taken directly from Mattel's allegations regarding Prince in its initial
14 disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures,
15 dated Jan. 5, 2007, p. 15).

16      As to burden, Mattel has not attempted to demonstrate why responding to
17 this request and/or producing responsive documents presents any burden.  This
18 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
19 Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
20 request is unduly burdensome must allege specific facts which indicate the nature
21 and extent of the burden, usually by affidavit or other reliable evidence.").
22 Moreover, it is not unduly burdensome, as noted above, in that the request is
23 narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA
24 misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

25      This request does not seek documents protected by the attorney-client
26 privilege, the attorney work product doctrine, or other applicable privileges.  To the
27 extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1   This request seeks relevant information.  Mattel identified Prince in its initial

2   disclosures an individual with discoverable knowledge regarding "[d]esign and

3   development of Bratz and Bryant's work with or for MGA during his Mattel

4   employment" and "Bryant's breach of obligations to Mattel."  Rutowski Decl. Ex.

5   56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 15).

6   Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

7   Further, this information is relevant to, among other things, Mattel's trade secret

8   defense, MGA's claims of trade dress infringement, and MGA's affirmative

9   defenses of statute of limitations and laches.

10   Mattel's objection that the request seeks information within MGA's

11   possession, custody or control is nonsensical and lacks factual support.  Mattel

12   makes no argument, let alone a factual showing, that any documents in MGA's

13   possession are duplicative of documents within Mattel's control.  MGA is entitled

14   to discovery from Mattel of documents within its possession, custody, or control

15   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

16   a conclusory statement that MGA also possesses responsive documents.

17   Mattel's objection that the request seeks confidential, proprietary, and trade

18   secret information should be disregarded.  The parties have entered into a protective

19   order in this matter, which governs the handling of confidential business

20   information.  Further, Mattel has put its confidential business information at issue

21   in this litigation, including but not limited to its trade secret misappropriation claim.

22   Accordingly, it cannot resist discovery of confidential business information.

23   Finally, Mattel has improperly limited its agreement to produce to "the facts

24   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

25   the individual is identified as being knowledgeable about certain topics in Mattel's

26   initial disclosures, Mattel's obligation to produce does not end with the facts that it

27   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

28   information from the individual on the topics identified, regardless of whether it

1  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

2  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

3  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

4  MGA might be excluding documents that are responsive to the request based upon

5  its unilateral determination of what is 'relevant' or 'sufficient.'").

6      None of Mattel's improper objections are valid and Mattel is obligated to

7  produce all non-privileged responsive documents in its possession, custody, or

8  control.

9

10  **REQUEST FOR PRODUCTION NO. 334:**

11      All DOCUMENTS REFERRING OR RELATING TO Andrea Ramirez's

12  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

13  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

14  DISCLOSURES.

15      **RESPONSE TO REQUEST NO. 334:**

16      In addition to the general objections stated above which are incorporated

17  herein by reference, Mattel objects to this Request on the grounds that it is

18  overbroad, unduly burdensome and unintelligible, including in that it seeks all

19  documents on this subject without limitation as to time, and regardless of whether

20  such documents relate to products or matters at issue in this case. Mattel further

21  objects to the Request on the grounds that it seeks documents that are not relevant

22  to this action or likely to lead to the discovery of admissible evidence. Mattel

23  further objects to this Request on the grounds that it seeks confidential, proprietary

24  and trade secret information that has no bearing on the claims or defenses in this

25  case. Mattel further objects to this Request on the grounds that it calls for the

26  disclosure of information subject to the attorney-client privilege, the attorney work-

27  product doctrine and other applicable privileges.

28

### SUPPLEMENTAL RESPONSE TO REQUEST NO. 334:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel ill produce responsive, non-privileged documents relating to Andrea Ramirez's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

1    Generic objections that fail to explain the basis for an objection with specificity are

2    routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

3    Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

4    such as 'overly burdensome and harassing' are improper – especially when a party

5    fails to submit any evidentiary declarations supporting such objections").

6    Accordingly, Mattel must be compelled either to certify that it has produced all

7    non-privileged responsive documents or to produce all such documents by a date

8    certain.

9           To the extent that Mattel is relying on its blanket objections, they are not

10   sustainable and do not justify Mattel's failure to produce documents.

11          As to overbreadth, Mattel provides no explanation, let alone the required

12   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

13   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

14   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

15   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

16   custody, or control concerning Ramirez's alleged knowledge of "MGA's access to

17   Mattel's intellectual property and trade secrets" and "MGA's business practices."

18   This area of information is taken directly from Mattel's allegations regarding

19   Ramirez in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

20   Initial Disclosures, dated Jan. 5, 2007, p. 15).

21          As to burden, Mattel has not attempted to demonstrate why responding to

22   this request and/or producing responsive documents presents any burden.  This

23   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

24   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

25   request is unduly burdensome must allege specific facts which indicate the nature

26   and extent of the burden, usually by affidavit or other reliable evidence.").

27   Moreover, it is not unduly burdensome, as noted above, in that the request is

28

1    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

2    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

3        This request does not seek documents protected by the attorney-client

4    privilege, the attorney work product doctrine, or other applicable privileges.  To the

5    extent that Mattel contends that it does, Mattel must provide a privilege log.

6        This request seeks relevant information.  Mattel identified Ramirez in its

7    initial disclosures an individual with discoverable knowledge regarding "MGA's

8    access to Mattel's intellectual property and trade secrets" and "MGA business

9    practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

10   Jan. 5, 2007, p. 15).  Accordingly, Mattel's initial disclosures demonstrate the

11   relevance of this request.  Further, this information is relevant to, among other

12   things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

13   and MGA's affirmative defenses of statute of limitations and laches.

14       Mattel's objection that the request seeks confidential, proprietary, and trade

15   secret information should be disregarded.  The parties have entered into a protective

16   order in this matter, which governs the handling of confidential business

17   information.  Further, Mattel has put its confidential business information at issue

18   in this litigation, including but not limited to its trade secret misappropriation claim.

19   Accordingly, it cannot resist discovery of confidential business information.

20       Finally, Mattel has improperly limited its agreement to produce to "the facts

21   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

22   the individual is identified as being knowledgeable about certain topics in Mattel's

23   initial disclosures, Mattel's obligation to produce does not end with the facts that it

24   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

25   information from the individual on the topics identified, regardless of whether it

26   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

27   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

28   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

1   MGA might be excluding documents that are responsive to the request based upon

2   its unilateral determination of what is 'relevant' or 'sufficient.'").

3        None of Mattel's improper objections are valid and Mattel is obligated to

4   produce all non-privileged responsive documents in its possession, custody, or

5   control.

6

7   **REQUEST FOR PRODUCTION NO. 335:**

8        All DOCUMENTS REFERRING OR RELATING TO Jessie Ramirez's

9   alleged knowledge of "[d]esign and development of Bratz and Bryant's work with

10   or for MGA during his Mattel employment," as alleged in MATTEL'S INITIAL

11   DISCLOSURES.

12       **RESPONSE TO REQUEST NO. 335:**

13        In addition to the general objections stated above which are incorporated

14   herein by reference, Mattel objects to this Request on the grounds that it is

15   overbroad, unduly burdensome and unintelligible, including in that it seeks all

16   documents on this subject without limitation as to time, and regardless of whether

17   such documents relate to products or matters at issue in this case. Mattel further

18   objects to the Request on the grounds that it seeks documents that are not relevant

19   to this action or likely to lead to the discovery of admissible evidence. Mattel

20   further objects to this Request on the grounds that it seeks confidential, proprietary

21   and trade secret information that has no bearing on the claims or defenses in this

22   case. Mattel further objects to this Request on the grounds that it calls for the

23   disclosure of information subject to the attorney-client privilege, the attorney work-

24   product doctrine and other applicable privileges.

25       **SUPPLEMENTAL RESPONSE TO REQUEST NO. 335:**

26        In addition to the general objections stated above which are incorporated

27   herein by reference, Mattel objects to this Request on the grounds that it is

28   overbroad, unduly burdensome and unintelligible, including in that it seeks all

1    documents on this subject without limitation as to time, and regardless of whether
2    such documents relate to products or matters at issue in this case. Mattel further
3    objects to this Request on the grounds that it calls for documents or information in
4    the possession, custody or control of MGA, including without limitation documents
5    and information that MGA has been compelled by Court orders to produce but has
6    not produced. Mattel further objects to this Request on the grounds that it seeks
7    confidential, proprietary and trade secret information, including such information
8    that has no bearing on the claims or defenses in this case. Mattel further objects to
9    this Request on the grounds that it calls for the disclosure of information subject to
10   the attorney-client privilege, the attorney work-product doctrine and other
11   applicable privileges.

12        Subject to the foregoing objections, Mattel responds as follows: Mattel ill
13   produce responsive, non-privileged documents relating to Jessie Ramirez's
14   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial
15   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel
16   has been able to locate after a diligent search and reasonable inquiry, to the extent
17   not previously produced.

18
19        **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**
20

21        Mattel has improperly limited its agreement to produce documents in
22   response to this request, subject to its improper boilerplate objections.  Mattel has
23   refused to confirm whether or not it has produced all non-privileged responsive
24   documents or whether it is withholding documents based on its objections in Phase
25   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
26   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).
27   Generic objections that fail to explain the basis for an objection with specificity are
28   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

1   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

2   such as 'overly burdensome and harassing' are improper – especially when a party

3   fails to submit any evidentiary declarations supporting such objections").

4   Accordingly, Mattel must be compelled either to certify that it has produced all

5   non-privileged responsive documents or to produce all such documents by a date

6   certain.

7        To the extent that Mattel is relying on its blanket objections, they are not

8   sustainable and do not justify Mattel's failure to produce documents.

9        As to overbreadth, Mattel provides no explanation, let alone the required

10  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

11  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

14  custody, or control concerning Ramirez's alleged knowledge of "[d]esign and

15  development of Bratz and Bryant's work with or for MGA during his Mattel

16  employment."  This area of information is taken directly from Mattel's allegations

17  regarding Ramirez in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's

18  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 15).

19       As to burden, Mattel has not attempted to demonstrate why responding to

20  this request and/or producing responsive documents presents any burden.  This

21  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

22  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23  request is unduly burdensome must allege specific facts which indicate the nature

24  and extent of the burden, usually by affidavit or other reliable evidence.").

25  Moreover, it is not unduly burdensome, as noted above, in that the request is

26  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

27  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

28

1     This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4     This request seeks relevant information.  Mattel identified Ramirez in its

5   initial disclosures an individual with discoverable knowledge regarding "[d]esign

6   and development of Bratz and Bryant's work with or for MGA during his Mattel

7   employment."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures,

8   dated Jan. 5, 2007, p. 15).  Accordingly, Mattel's initial disclosures demonstrate the

9   relevance of this request.  Further, this information is relevant to, among other

10   things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

11   and MGA's affirmative defenses of statute of limitations and laches.

12     Mattel's objection that the request seeks information within MGA's

13   possession, custody or control is nonsensical and lacks factual support.  Mattel

14   makes no argument, let alone a factual showing, that any documents in MGA's

15   possession are duplicative of documents within Mattel's control.  MGA is entitled

16   to discovery from Mattel of documents within its possession, custody, or control

17   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

18   a conclusory statement that MGA also possesses responsive documents.

19     Mattel's objection that the request seeks confidential, proprietary, and trade

20   secret information should be disregarded.  The parties have entered into a protective

21   order in this matter, which governs the handling of confidential business

22   information.  Further, Mattel has put its confidential business information at issue

23   in this litigation, including but not limited to its trade secret misappropriation claim.

24   Accordingly, it cannot resist discovery of confidential business information.

25     Finally, Mattel has improperly limited its agreement to produce to "the facts

26   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

27   the individual is identified as being knowledgeable about certain topics in Mattel's

28   initial disclosures, Mattel's obligation to produce does not end with the facts that it

1   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

2   information from the individual on the topics identified, regardless of whether it

3   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

4   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

5   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

6   MGA might be excluding documents that are responsive to the request based upon

7   its unilateral determination of what is 'relevant' or 'sufficient.'").

8       None of Mattel's improper objections are valid and Mattel is obligated to

9   produce all non-privileged responsive documents in its possession, custody, or

10  control.

11

12  **REQUEST FOR PRODUCTION NO. 336:**

13      All DOCUMENTS REFERRING OR RELATING TO Erika Rangel's

14  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

15  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

16  DISCLOSURES.

17      **RESPONSE TO REQUEST NO. 336:**

18      In addition to the general objections stated above which are incorporated

19  herein by reference, Mattel objects to this Request on the grounds that it is

20  overbroad, unduly burdensome and unintelligible, including in that it seeks all

21  documents on this subject without limitation as to time, and regardless of whether

22  such documents relate to products or matters at issue in this case. Mattel further

23  objects to the Request on the grounds that it seeks documents that are not relevant

24  to this action or likely to lead to the discovery of admissible evidence. Mattel

25  further objects to this Request on the grounds that it seeks confidential, proprietary

26  and trade secret information that has no bearing on the claims or defenses in this

27  case. Mattel further objects to this Request on the grounds that it calls for the

28

1   disclosure of information subject to the attorney-client privilege, the attorney work-

2   product doctrine and other applicable privileges.

3   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 336:**

4   In addition to the general objections stated above which are incorporated

5   herein by reference, Mattel objects to this Request on the grounds that it is

6   overbroad, unduly burdensome and unintelligible, including in that it seeks all

7   documents on this subject without limitation as to time, and regardless of whether

8   such documents relate to products or matters at issue in this case. Mattel further

9   objects to the Request on the grounds that it seeks documents that are not relevant

10  to this action or likely to lead to the discovery of admissible evidence. Mattel

11  further objects to this Request on the grounds that it calls for documents or

12  information in the possession, custody or control of MGA, including without

13  limitation documents and information that MGA has been compelled by Court

14  orders to produce but has not produced. Mattel further objects to this Request on

15  the grounds that it seeks confidential, proprietary and trade secret information,

16  including such information that has no bearing on the claims or defenses in this

17  case. Mattel further objects to this Request on the grounds that it calls for the

18  disclosure of information subject to the attorney-client privilege, the attorney work-

19  product doctrine and other applicable privileges.

20  Subject to the foregoing objections, Mattel responds as follows: Mattel will

21  produce responsive, non-privileged documents relating to Erika Rangel's

22  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

23  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

24  has been able to locate after a diligent search and reasonable inquiry, to the extent

25  not previously produced.

26

27

28

1
2

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

3   Mattel has improperly limited its agreement to produce documents in

4   response to this request, subject to its improper boilerplate objections.  Mattel has

5   refused to confirm whether or not it has produced all non-privileged responsive

6   documents or whether it is withholding documents based on its objections in Phase

7   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

8   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

9   Generic objections that fail to explain the basis for an objection with specificity are

10   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

11   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

12   such as 'overly burdensome and harassing' are improper – especially when a party

13   fails to submit any evidentiary declarations supporting such objections").

14   Accordingly, Mattel must be compelled either to certify that it has produced all

15   non-privileged responsive documents or to produce all such documents by a date

16   certain.

17   To the extent that Mattel is relying on its blanket objections, they are not

18   sustainable and do not justify Mattel's failure to produce documents.

19   As to overbreadth, Mattel provides no explanation, let alone the required

20   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

21   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

24   custody, or control concerning Rangel's alleged knowledge of "MGA's access to

25   Mattel's intellectual property and trade secrets" and "MGA's business practices."

26   This area of information is taken directly from Mattel's allegations regarding

27   Rangel in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

28   Initial Disclosures, dated Jan. 5, 2007, p. 15).

1       As to burden, Mattel has not attempted to demonstrate why responding to

2   this request and/or producing responsive documents presents any burden.  This

3   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5   request is unduly burdensome must allege specific facts which indicate the nature

6   and extent of the burden, usually by affidavit or other reliable evidence.").

7   Moreover, it is not unduly burdensome, as noted above, in that the request is

8   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10      This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13      This request seeks relevant information.  Mattel identified Rangel in its initial

14  disclosures an individual with discoverable knowledge regarding "MGA's access to

15  Mattel's intellectual property and trade secrets" and "MGA business practices."

16  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

17  2007, p. 15).  Accordingly, Mattel's initial disclosures demonstrate the relevance of

18  this request.  Further, this information is relevant to, among other things, Mattel's

19  trade secret defense, MGA's claims of trade dress infringement, and MGA's

20  affirmative defenses of statute of limitations and laches.

21      Mattel's objection that the request seeks information within MGA's

22  possession, custody or control is nonsensical and lacks factual support.  Mattel

23  makes no argument, let alone a factual showing, that any documents in MGA's

24  possession are duplicative of documents within Mattel's control.  MGA is entitled

25  to discovery from Mattel of documents within its possession, custody, or control

26  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

27  a conclusory statement that MGA also possesses responsive documents.

28

1    Mattel's objection that the request seeks confidential, proprietary, and trade

2    secret information should be disregarded.  The parties have entered into a protective

3    order in this matter, which governs the handling of confidential business

4    information.  Further, Mattel has put its confidential business information at issue

5    in this litigation, including but not limited to its trade secret misappropriation claim.

6    Accordingly, it cannot resist discovery of confidential business information.

7    Finally, Mattel has improperly limited its agreement to produce to "the facts

8    at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

9    the individual is identified as being knowledgeable about certain topics in Mattel's

10   initial disclosures, Mattel's obligation to produce does not end with the facts that it

11   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

12   information from the individual on the topics identified, regardless of whether it

13   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

14   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

15   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

16   MGA might be excluding documents that are responsive to the request based upon

17   its unilateral determination of what is 'relevant' or 'sufficient.'").

18   None of Mattel's improper objections are valid and Mattel is obligated to

19   produce all non-privileged responsive documents in its possession, custody, or

20   control.

21

22   **REQUEST FOR PRODUCTION NO. 337:**

23   All DOCUMENTS REFERRING OR RELATING TO Lee Ratleff's alleged

24   knowledge of "MGA's access to Mattel's intellectual property and trade secrets"

25   and "MGA business practices," as alleged in MATTEL'S INITIAL

26   DISCLOSURES.

27

28

**RESPONSE TO REQUEST NO. 337:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 337:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the

1   disclosure of information subject to the attorney-client privilege, the attorney work-

2   product doctrine and other applicable privileges.

3        Subject to the foregoing objections, Mattel responds as follows: Mattel will

4   produce responsive, non-privileged documents relating to Lee Ratleff's knowledge

5   of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

6   are in Mattel's possession, custody, or control, if any, that Mattel has been able to

7   locate after a diligent search and reasonable inquiry, to the extent not previously

8   produced.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
11  SHOULD BE COMPELLED**

12       Mattel has improperly limited its agreement to produce documents in

13  response to this request, subject to its improper boilerplate objections.  Mattel has

14  refused to confirm whether or not it has produced all non-privileged responsive

15  documents or whether it is withholding documents based on its objections in Phase

16  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18  Generic objections that fail to explain the basis for an objection with specificity are

19  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21  such as 'overly burdensome and harassing' are improper – especially when a party

22  fails to submit any evidentiary declarations supporting such objections").

23  Accordingly, Mattel must be compelled either to certify that it has produced all

24  non-privileged responsive documents or to produce all such documents by a date

25  certain.

26       To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

         - 649 -      SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
                                              9049, SET THREE;  CV 04-9049 SGL (RNBx)

1   As to overbreadth, Mattel provides no explanation, let alone the required

2   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

6   custody, or control concerning Ratleff's alleged knowledge of "MGA's access to

7   Mattel's intellectual property and trade secrets" and "MGA's business practices."

8   This area of information is taken directly from Mattel's allegations regarding

9   Ratleff in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

10   Initial Disclosures, dated Jan. 5, 2007, p. 15).

11   As to burden, Mattel has not attempted to demonstrate why responding to

12   this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

14   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.").

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

19   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

20   This request does not seek documents protected by the attorney-client

21   privilege, the attorney work product doctrine, or other applicable privileges.  To the

22   extent that Mattel contends that it does, Mattel must provide a privilege log.

23   This request seeks relevant information.  Mattel identified Ratleff in its initial

24   disclosures an individual with discoverable knowledge regarding "MGA's access to

25   Mattel's intellectual property and trade secrets" and "MGA business practices."

26   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

27   2007, p. 15).  Accordingly, Mattel's initial disclosures demonstrate the relevance of

28   this request.  Further, this information is relevant to, among other things, Mattel's

1    trade secret defense, MGA's claims of trade dress infringement, and MGA's

2    affirmative defenses of statute of limitations and laches.

3        Mattel's objection that the request seeks information within MGA's

4    possession, custody or control is nonsensical and lacks factual support.  Mattel

5    makes no argument, let alone a factual showing, that any documents in MGA's

6    possession are duplicative of documents within Mattel's control.  MGA is entitled

7    to discovery from Mattel of documents within its possession, custody, or control

8    that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

9    a conclusory statement that MGA also possesses responsive documents.

10       Mattel's objection that the request seeks confidential, proprietary, and trade

11   secret information should be disregarded.  The parties have entered into a protective

12   order in this matter, which governs the handling of confidential business

13   information.  Further, Mattel has put its confidential business information at issue

14   in this litigation, including but not limited to its trade secret misappropriation claim.

15   Accordingly, it cannot resist discovery of confidential business information.

16       Finally, Mattel has improperly limited its agreement to produce to "the facts

17   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

18   the individual is identified as being knowledgeable about certain topics in Mattel's

19   initial disclosures, Mattel's obligation to produce does not end with the facts that it

20   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

21   information from the individual on the topics identified, regardless of whether it

22   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

23   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

24   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

25   MGA might be excluding documents that are responsive to the request based upon

26   its unilateral determination of what is 'relevant' or 'sufficient.'").

27

28

1   None of Mattel's improper objections are valid and Mattel is obligated to

2   produce all non-privileged responsive documents in its possession, custody, or

3   control.

4

5   **REQUEST FOR PRODUCTION NO. 338:**

6   All DOCUMENTS REFERRING OR RELATING TO Wendy Reed's

7   alleged knowledge of "[d]esign and development of Bratz and Bryant's work with

8   or for MGA during his Mattel employment" and "MGA business practices," as

9   alleged in MATTEL'S INITIAL DISCLOSURES.

10   **RESPONSE TO REQUEST NO. 338:**

11   In addition to the general objections stated above which are incorporated

12   herein by reference, Mattel objects to this Request on the grounds that it is

13   overbroad, unduly burdensome and unintelligible, including in that it seeks all

14   documents on this subject without limitation as to time, and regardless of whether

15   such documents relate to products or matters at issue in this case. Mattel further

16   objects to the Request on the grounds that it seeks documents that are not relevant

17   to this action or likely to lead to the discovery of admissible evidence. Mattel

18   further objects to this Request on the grounds that it seeks confidential, proprietary

19   and trade secret information that has no bearing on the claims or defenses in this

20   case. Mattel further objects to this Request on the grounds that it calls for the

21   disclosure of information subject to the attorney-client privilege, the attorney work-

22   product doctrine and other applicable privileges.

23   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 338:**

24   In addition to the general objections stated above which are incorporated

25   herein by reference, Mattel objects to this Request on the grounds that it is

26   overbroad, unduly burdensome and unintelligible, including in that it seeks all

27   documents on this subject without limitation as to time, and regardless of whether

28   such documents relate to products or matters at issue in this case. Mattel further

objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Matte will produce responsive, non-privileged documents relating to Wendy Reed's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

1   <u>Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

2   such as 'overly burdensome and harassing' are improper – especially when a party

3   fails to submit any evidentiary declarations supporting such objections").

4   Accordingly, Mattel must be compelled either to certify that it has produced all

5   non-privileged responsive documents or to produce all such documents by a date

6   certain.

7        To the extent that Mattel is relying on its blanket objections, they are not

8   sustainable and do not justify Mattel's failure to produce documents.

9        As to overbreadth, Mattel provides no explanation, let alone the required

10  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

11  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

14  custody, or control concerning Reed's alleged knowledge of "[d]esign and

15  development of Bratz and Bryant's work with or for MGA during his Mattel

16  employment" and "MGA business practices."  This area of information is taken

17  directly from Mattel's allegations regarding Reed in its initial disclosures.

18  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

19  2007, p. 15).

20       As to burden, Mattel has not attempted to demonstrate why responding to

21  this request and/or producing responsive documents presents any burden.  This

22  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

23  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24  request is unduly burdensome must allege specific facts which indicate the nature

25  and extent of the burden, usually by affidavit or other reliable evidence.").

26  Moreover, it is not unduly burdensome, as noted above, in that the request is

27  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

28  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

1      This request does not seek documents protected by the attorney-client

2  privilege, the attorney work product doctrine, or other applicable privileges.  To the

3  extent that Mattel contends that it does, Mattel must provide a privilege log.

4      This request seeks relevant information.  Mattel identified Reed in its initial

5  disclosures an individual with discoverable knowledge regarding "[d]esign and

6  development of Bratz and Bryant's work with or for MGA during his Mattel

7  employment" and "MGA business practices."  Rutowski Decl. Ex. 56 (Mattel's

8  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 15).  Accordingly, Mattel's

9  initial disclosures demonstrate the relevance of this request.  Further, this

10  information is relevant to, among other things, Mattel's trade secret defense,

11  MGA's claims of trade dress infringement, and MGA's affirmative defenses of

12  statute of limitations and laches.

13      Mattel's objection that the request seeks information within MGA's

14  possession, custody or control is nonsensical and lacks factual support.  Mattel

15  makes no argument, let alone a factual showing, that any documents in MGA's

16  possession are duplicative of documents within Mattel's control.  MGA is entitled

17  to discovery from Mattel of documents within its possession, custody, or control

18  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

19  a conclusory statement that MGA also possesses responsive documents.

20      Mattel's objection that the request seeks confidential, proprietary, and trade

21  secret information should be disregarded.  The parties have entered into a protective

22  order in this matter, which governs the handling of confidential business

23  information.  Further, Mattel has put its confidential business information at issue

24  in this litigation, including but not limited to its trade secret misappropriation claim.

25  Accordingly, it cannot resist discovery of confidential business information.

26      Finally, Mattel has improperly limited its agreement to produce to "the facts

27  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

28  the individual is identified as being knowledgeable about certain topics in Mattel's

1   initial disclosures, Mattel's obligation to produce does not end with the facts that it

2   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

3   information from the individual on the topics identified, regardless of whether it

4   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

5   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

6   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

7   MGA might be excluding documents that are responsive to the request based upon

8   its unilateral determination of what is 'relevant' or 'sufficient.'").

9        None of Mattel's improper objections are valid and Mattel is obligated to

10   produce all non-privileged responsive documents in its possession, custody, or

11   control.

12

13   **REQUEST FOR PRODUCTION NO. 339:**

14        All DOCUMENTS REFERRING OR RELATING TO Scot Anthony

15   Reyes's alleged knowledge of "MGA's access to Mattel's intellectual property and

16   trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

17   DISCLOSURES.

18        **RESPONSE TO REQUEST NO. 339:**

19        In addition to the general objections stated above which are incorporated

20   herein by reference, Mattel objects to this Request on the grounds that it is

21   overbroad, unduly burdensome and unintelligible, including in that it seeks all

22   documents on this subject without limitation as to time, and regardless of whether

23   such documents relate to products or matters at issue in this case. Mattel further

24   objects to the Request on the grounds that it seeks documents that are not relevant

25   to this action or likely to lead to the discovery of admissible evidence. Mattel

26   further objects to this Request on the grounds that it seeks confidential, proprietary

27   and trade secret information that has no bearing on the claims or defenses in this

28   case. Mattel further objects to this Request on the grounds that it calls for the

1   disclosure of information subject to the attorney-client privilege, the attorney work-

2   product doctrine and other applicable privileges.

3   ## SUPPLEMENTAL RESPONSE TO REQUEST NO. 339:

4          In addition to the general objections stated above which are incorporated

5   herein by reference, Mattel objects to this Request on the grounds that it is

6   overbroad, unduly burdensome and unintelligible, including in that it seeks all

7   documents on this subject without limitation as to time, and regardless of whether

8   such documents relate to products or matters at issue in this case. Mattel further

9   objects to the Request on the grounds that it seeks documents that are not relevant

10  to this action or likely to lead to the discovery of admissible evidence. Mattel

11  further objects to this Request on the grounds that it calls for documents or

12  information in the possession, custody or control of MGA, including without

13  limitation documents and information that MGA has been compelled by Court

14  orders to produce but has not produced. Mattel further objects to this Request on

15  the grounds that it seeks confidential, proprietary and trade secret information,

16  including such information that has no bearing on the claims or defenses in this

17  case. Mattel further objects to this Request on the grounds that it calls for the

18  disclosure of information subject to the attorney-client privilege, the attorney work-

19  product doctrine and other applicable privileges.

20         Subject to the foregoing objections, Mattel responds as follows: Mattel will

21  produce responsive, non-privileged documents relating to Scot Anthony Reyes's

22  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

23  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

24  has been able to locate after a diligent search and reasonable inquiry, to the extent

25  not previously produced.

26

27

28

                                          - 657 -

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Reyes's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA's business practices." This area of information is taken directly from Mattel's allegations regarding Reyes in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 15).

1    As to burden, Mattel has not attempted to demonstrate why responding to

2   this request and/or producing responsive documents presents any burden.  This

3   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5   request is unduly burdensome must allege specific facts which indicate the nature

6   and extent of the burden, usually by affidavit or other reliable evidence.").

7   Moreover, it is not unduly burdensome, as noted above, in that the request is

8   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10    This request does not seek documents protected by the attorney-client

11   privilege, the attorney work product doctrine, or other applicable privileges.  To the

12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13    This request seeks relevant information.  Mattel identified Reyes in its initial

14   disclosures an individual with discoverable knowledge regarding "MGA's access to

15   Mattel's intellectual property and trade secrets" and "MGA business practices."

16   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

17   2007, p. 15).  Accordingly, Mattel's initial disclosures demonstrate the relevance of

18   this request.  Further, this information is relevant to, among other things, Mattel's

19   trade secret defense, MGA's claims of trade dress infringement, and MGA's

20   affirmative defenses of statute of limitations and laches.

21    Mattel's objection that the request seeks information within MGA's

22   possession, custody or control is nonsensical and lacks factual support.  Mattel

23   makes no argument, let alone a factual showing, that any documents in MGA's

24   possession are duplicative of documents within Mattel's control.  MGA is entitled

25   to discovery from Mattel of documents within its possession, custody, or control

26   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

27   a conclusory statement that MGA also possesses responsive documents.

28

1   Mattel's objection that the request seeks confidential, proprietary, and trade

2   secret information should be disregarded.  The parties have entered into a protective

3   order in this matter, which governs the handling of confidential business

4   information.  Further, Mattel has put its confidential business information at issue

5   in this litigation, including but not limited to its trade secret misappropriation claim.

6   Accordingly, it cannot resist discovery of confidential business information.

7   Finally, Mattel has improperly limited its agreement to produce to "the facts

8   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

9   the individual is identified as being knowledgeable about certain topics in Mattel's

10   initial disclosures, Mattel's obligation to produce does not end with the facts that it

11   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

12   information from the individual on the topics identified, regardless of whether it

13   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

14   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

15   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

16   MGA might be excluding documents that are responsive to the request based upon

17   its unilateral determination of what is 'relevant' or 'sufficient.'").

18   None of Mattel's improper objections are valid and Mattel is obligated to

19   produce all non-privileged responsive documents in its possession, custody, or

20   control.

21

22   **REQUEST FOR PRODUCTION NO. 340:**

23   All DOCUMENTS REFERRING OR RELATING TO Anna Rhee's alleged

24   knowledge of "[t]he development and ownership of intellectual property at issue,"

25   "[d]esign and development of Bratz and Bryant's work with or for MGA during his

26   Mattel employment," and "Bryant's breach of obligations to Mattel," as alleged in

27   MATTEL'S INITIAL DISCLOSURES.

28

- 660 -

**RESPONSE TO REQUEST NO. 340:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 340:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

1    Subject to the foregoing objections, Mattel responds as follows: Mattel will

2    produce responsive, non-privileged documents relating to Anna Rhee's knowledge

3    of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

4    are in Mattel's possession, custody, or control, if any, that Mattel has been able to

5    locate after a diligent search and reasonable inquiry, to the extent not previously

6    produced.

7

8    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

9

10    Mattel has improperly limited its agreement to produce documents in

11    response to this request, subject to its improper boilerplate objections.  Mattel has

12    refused to confirm whether or not it has produced all non-privileged responsive

13    documents or whether it is withholding documents based on its objections in Phase

14    2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

15    must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

16    Generic objections that fail to explain the basis for an objection with specificity are

17    routinely rejected in the Central District.  See <u>A. Farber and Partners, Inc. v.</u>

18    <u>Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

19    such as 'overly burdensome and harassing' are improper – especially when a party

20    fails to submit any evidentiary declarations supporting such objections").

21    Accordingly, Mattel must be compelled either to certify that it has produced all

22    non-privileged responsive documents or to produce all such documents by a date

23    certain.

24    To the extent that Mattel is relying on its blanket objections, they are not

25    sustainable and do not justify Mattel's failure to produce documents.

26    As to overbreadth, Mattel provides no explanation, let alone the required

27    particularity, as to **why** this request is supposedly overly broad, nor can it do so.

28    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

1   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

3   custody, or control concerning Rhee's alleged knowledge of "[t]he development

4   and ownership of intellectual property at issue," "[d]esign and development of

5   Bratz and Bryant's work with or for MGA during his Mattel employment," and

6   "Bryant's breach of obligations to Mattel."  This area of information is taken

7   directly from Mattel's allegations regarding Rhee in its initial disclosures.

8   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

9   2007, pp. 15-16).

10      As to burden, Mattel has not attempted to demonstrate why responding to

11   this request and/or producing responsive documents presents any burden.  This

12   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

13   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14   request is unduly burdensome must allege specific facts which indicate the nature

15   and extent of the burden, usually by affidavit or other reliable evidence.").

16   Moreover, it is not unduly burdensome, as noted above, in that the request is

17   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

18   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

19      This request does not seek documents protected by the attorney-client

20   privilege, the attorney work product doctrine, or other applicable privileges.  To the

21   extent that Mattel contends that it does, Mattel must provide a privilege log.

22      This request seeks relevant information.  Mattel identified Rhee in its initial

23   disclosures an individual with discoverable knowledge regarding "[t]he

24   development and ownership of intellectual property at issue," "[d]esign and

25   development of Bratz and Bryant's work with or for MGA during his Mattel

26   employment," and "Bryant's breach of obligations to Mattel."  Rutowski Decl. Ex.

27   56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 15).

28   Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

1   Further, this information is relevant to, among other things, Mattel's trade secret

2   defense and MGA's claims of trade dress infringement.

3       Mattel's objection that the request seeks confidential, proprietary, and trade

4   secret information should be disregarded.  The parties have entered into a protective

5   order in this matter, which governs the handling of confidential business

6   information.  Further, Mattel has put its confidential business information at issue

7   in this litigation, including but not limited to its trade secret misappropriation claim.

8   Accordingly, it cannot resist discovery of confidential business information.

9       Finally, Mattel has improperly limited its agreement to produce to "the facts

10   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

11   the individual is identified as being knowledgeable about certain topics in Mattel's

12   initial disclosures, Mattel's obligation to produce does not end with the facts that it

13   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

14   information from the individual on the topics identified, regardless of whether it

15   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

16   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

17   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

18   MGA might be excluding documents that are responsive to the request based upon

19   its unilateral determination of what is 'relevant' or 'sufficient.'").

20       None of Mattel's improper objections are valid and Mattel is obligated to

21   produce all non-privileged responsive documents in its possession, custody, or

22   control.

23

24   **<u>REQUEST FOR PRODUCTION NO. 341</u>:**

25       All DOCUMENTS REFERRING OR RELATING TO Judy Rich's alleged

26   knowledge of "[d]esign and development of Bratz and Bryant's work with or for

27   MGA during his Mattel employment" and "MGA business practices," as alleged in

28   MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 341:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret infatuation that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 341:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

1      Subject to the foregoing objections, Mattel responds as follows: Mattel will

2  produce responsive, non-privileged documents relating to Judy Rich's knowledge

3  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

4  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

5  locate after a diligent search and reasonable inquiry, to the extent not previously

6  produced.

7

8      **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
      **SHOULD BE COMPELLED**

9

10      Mattel has improperly limited its agreement to produce documents in

11  response to this request, subject to its improper boilerplate objections.  Mattel has

12  refused to confirm whether or not it has produced all non-privileged responsive

13  documents or whether it is withholding documents based on its objections in Phase

14  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

15  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

16  Generic objections that fail to explain the basis for an objection with specificity are

17  routinely rejected in the Central District.  See <u>A. Farber and Partners, Inc. v.</u>

18  <u>Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

19  such as 'overly burdensome and harassing' are improper – especially when a party

20  fails to submit any evidentiary declarations supporting such objections").

21  Accordingly, Mattel must be compelled either to certify that it has produced all

22  non-privileged responsive documents or to produce all such documents by a date

23  certain.

24      To the extent that Mattel is relying on its blanket objections, they are not

25  sustainable and do not justify Mattel's failure to produce documents.

26      As to overbreadth, Mattel provides no explanation, let alone the required

27  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

28  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

- 666 -

1   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

3   custody, or control concerning Rich's alleged knowledge of "[d]esign and

4   development of Bratz and Bryant's work with or for MGA during his Mattel

5   employment" and "MGA business practices."  This area of information is taken

6   directly from Mattel's allegations regarding Rich in its initial disclosures.

7   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

8   2007, p. 16).

9        As to burden, Mattel has not attempted to demonstrate why responding to

10  this request and/or producing responsive documents presents any burden.  This

11  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

12  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

13  request is unduly burdensome must allege specific facts which indicate the nature

14  and extent of the burden, usually by affidavit or other reliable evidence.").

15  Moreover, it is not unduly burdensome, as noted above, in that the request is

16  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

17  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

18       This request does not seek documents protected by the attorney-client

19  privilege, the attorney work product doctrine, or other applicable privileges.  To the

20  extent that Mattel contends that it does, Mattel must provide a privilege log.

21       This request seeks relevant information.  Mattel identified Rich in its initial

22  disclosures an individual with discoverable knowledge regarding "[d]esign and

23  development of Bratz and Bryant's work with or for MGA during his Mattel

24  employment" and "MGA business practices."  Rutowski Decl. Ex. 56 (Mattel's

25  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 16).  Accordingly, Mattel's

26  initial disclosures demonstrate the relevance of this request.  Further, this

27  information is relevant to, among other things, Mattel's trade secret defense,

28

1   MGA's claims of trade dress infringement, and MGA's affirmative defenses of

2   statute of limitations and laches.

3          Mattel's objection that the request seeks confidential, proprietary, and trade

4   secret information should be disregarded.  The parties have entered into a protective

5   order in this matter, which governs the handling of confidential business

6   information.  Further, Mattel has put its confidential business information at issue

7   in this litigation, including but not limited to its trade secret misappropriation claim.

8   Accordingly, it cannot resist discovery of confidential business information.

9          Finally, Mattel has improperly limited its agreement to produce to "the facts

10  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

11  the individual is identified as being knowledgeable about certain topics in Mattel's

12  initial disclosures, Mattel's obligation to produce does not end with the facts that it

13  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

14  information from the individual on the topics identified, regardless of whether it

15  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

16  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

17  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

18  MGA might be excluding documents that are responsive to the request based upon

19  its unilateral determination of what is 'relevant' or 'sufficient.'").

20         None of Mattel's improper objections are valid and Mattel is obligated to

21  produce all non-privileged responsive documents in its possession, custody, or

22  control.

23

24  **REQUEST FOR PRODUCTION NO. 342:**

25         All DOCUMENTS REFERRING OR RELATING TO Ian Richter's alleged

26  knowledge of "[t]he development and ownership of intellectual property at issue,"

27  as alleged in MATTEL'S INITIAL DISCLOSURES.

28

1

## RESPONSE TO REQUEST NO. 342:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 342:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Ian Richter's knowledge

1   of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

2   are in Mattel's possession, custody, or control, if any, that Mattel has been able to

3   locate after a diligent search and reasonable inquiry, to the extent not previously

4   produced.

5

6   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

7

8   Mattel has improperly limited its agreement to produce documents in

9   response to this request, subject to its improper boilerplate objections.  Mattel has

10  refused to confirm whether or not it has produced all non-privileged responsive

11  documents or whether it is withholding documents based on its objections in Phase

12  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

13  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

14  Generic objections that fail to explain the basis for an objection with specificity are

15  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

16  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

17  such as 'overly burdensome and harassing' are improper – especially when a party

18  fails to submit any evidentiary declarations supporting such objections").

19  Accordingly, Mattel must be compelled either to certify that it has produced all

20  non-privileged responsive documents or to produce all such documents by a date

21  certain.

22  To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24  As to overbreadth, Mattel provides no explanation, let alone the required

25  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

1   custody, or control concerning Richter's alleged knowledge of "[t]he development
2   and ownership of intellectual property at issue."  This area of information is taken
3   directly from Mattel's allegations regarding Richter in its initial disclosures.
4   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,
5   2007, p. 16).

6        As to burden, Mattel has not attempted to demonstrate why responding to
7   this request and/or producing responsive documents presents any burden.  This
8   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
9   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
10  request is unduly burdensome must allege specific facts which indicate the nature
11  and extent of the burden, usually by affidavit or other reliable evidence.").
12  Moreover, it is not unduly burdensome, as noted above, in that the request is
13  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA
14  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

15       This request does not seek documents protected by the attorney-client
16  privilege, the attorney work product doctrine, or other applicable privileges.  To the
17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18       This request seeks relevant information.  Mattel identified Richter in its
19  initial disclosures an individual with discoverable knowledge regarding "[t]he
20  development and ownership of intellectual property at issue."  Rutowski Decl. Ex.
21  56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 16).
22  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.
23  Further, this information is relevant to, among other things, Mattel's trade secret
24  defense and MGA's claims of trade dress infringement.

25       Mattel's objection that the request seeks confidential, proprietary, and trade
26  secret information should be disregarded.  The parties have entered into a protective
27  order in this matter, which governs the handling of confidential business
28  information.  Further, Mattel has put its confidential business information at issue

1    in this litigation, including but not limited to its trade secret misappropriation claim.

2    Accordingly, it cannot resist discovery of confidential business information.

3         Finally, Mattel has improperly limited its agreement to produce to "the facts

4    at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

5    the individual is identified as being knowledgeable about certain topics in Mattel's

6    initial disclosures, Mattel's obligation to produce does not end with the facts that it

7    has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

8    information from the individual on the topics identified, regardless of whether it

9    supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

10   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

11   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

12   MGA might be excluding documents that are responsive to the request based upon

13   its unilateral determination of what is 'relevant' or 'sufficient.'").

14        None of Mattel's improper objections are valid and Mattel is obligated to

15   produce all non-privileged responsive documents in its possession, custody, or

16   control.

17

18   **REQUEST FOR PRODUCTION NO. 343:**

19        All DOCUMENTS in Ian Richter's possession or control REFERRING OR

20   RELATING TO his alleged knowledge of "[t]he development and ownership of

21   intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

22        **RESPONSE TO REQUEST NO. 343:**

23        In addition to the general objections stated above which are incorporated

24   herein by reference, Mattel objects to this Request on the grounds that it is

25   overbroad, unduly burdensome and unintelligible, including in that it seeks all

26   documents on this subject without limitation as to time, and regardless of whether

27   such documents relate to products or matters at issue in this case. Mattel further

28   objects to the Request on the grounds that it seeks documents that are not relevant

1   to this action or likely to lead to the discovery of admissible evidence. Mattel

2   further objects to this Request on the grounds that it seeks confidential, proprietary

3   and trade secret information that has no bearing on the claims or defenses in this

4   case. Mattel further objects to this Request on the grounds that it calls for the

5   disclosure of information subject to the attorney-client privilege, the attorney work-

6   product doctrine and other applicable privileges.

7   <u>**SUPPLEMENTAL RESPONSE TO REQUEST NO. 343:**</u>

8       In addition to the general objections stated above which are incorporated

9   herein by reference, Mattel objects to this Request on the grounds that it is

10  overbroad, unduly burdensome and unintelligible, including in that it seeks all

11  documents on this subject without limitation as to time, and regardless of whether

12  such documents relate to products or matters at issue in this case. Mattel further

13  objects to the Request on the grounds that it seeks documents that are not relevant

14  to this action or likely to lead to the discovery of admissible evidence. Mattel

15  further objects to this Request on the grounds that it seeks confidential, proprietary

16  and trade secret information, including such information that has no bearing on the

17  claims or defenses in this case. Mattel further objects to this Request on the grounds

18  that it calls for the disclosure of information subject to the attorney-client privilege,

19  the attorney work-product doctrine and other applicable privileges.

20      Subject to the foregoing objections, Mattel responds as follows: Mattel will

21  produce responsive, non-privileged documents relating to Ian Richter's knowledge

22  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

23  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

24  locate after a diligent search and reasonable inquiry, to the extent not previously

25  produced.

26

27

28

- 673 -

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Richter's alleged knowledge of "[t]he development and ownership of intellectual property at issue."  This area of information is taken directly from Mattel's allegations regarding Richter in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 16).

1        As to burden, Mattel has not attempted to demonstrate why responding to

2   this request and/or producing responsive documents presents any burden.  This

3   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5   request is unduly burdensome must allege specific facts which indicate the nature

6   and extent of the burden, usually by affidavit or other reliable evidence.").

7   Moreover, it is not unduly burdensome, as noted above, in that the request is

8   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10       This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13       This request seeks relevant information.  Mattel identified Richter in its

14  initial disclosures an individual with discoverable knowledge regarding "[t]he

15  development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

16  56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 16).

17  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

18  Further, this information is relevant to, among other things, Mattel's trade secret

19  defense and MGA's claims of trade dress infringement.

20       Mattel's objection that the request seeks confidential, proprietary, and trade

21  secret information should be disregarded.  The parties have entered into a protective

22  order in this matter, which governs the handling of confidential business

23  information.  Further, Mattel has put its confidential business information at issue

24  in this litigation, including but not limited to its trade secret misappropriation claim.

25  Accordingly, it cannot resist discovery of confidential business information.

26       Finally, Mattel has improperly limited its agreement to produce to "the facts

27  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

28  the individual is identified as being knowledgeable about certain topics in Mattel's

1   initial disclosures, Mattel's obligation to produce does not end with the facts that it

2   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

3   information from the individual on the topics identified, regardless of whether it

4   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

5   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

6   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

7   MGA might be excluding documents that are responsive to the request based upon

8   its unilateral determination of what is 'relevant' or 'sufficient.'").

9        None of Mattel's improper objections are valid and Mattel is obligated to

10  produce all non-privileged responsive documents in its possession, custody, or

11  control.

12

13  **REQUEST FOR PRODUCTION NO. 344:**

14       All DOCUMENTS REFERRING OR RELATING TO Alejandro Gurza

15  Romay's alleged knowledge of "MGA's access to Mattel's intellectual property and

16  trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

17  DISCLOSURES.

18       **RESPONSE TO REQUEST NO. 344:**

19       In addition to the general objections stated above which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is

21  overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case. Mattel further

24  objects to the Request on the grounds that it seeks documents that are not relevant

25  to this action or likely to lead to the discovery of admissible evidence. Mattel

26  further objects to this Request on the grounds that it seeks confidential, proprietary

27  and trade secret information that has no bearing on the claims or defenses in this

28  case. Mattel further objects to this Request on the grounds that it calls for the

1  disclosure of information subject to the attorney-client privilege, the attorney work-

2  product doctrine and other applicable privileges.

3  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 344:**

4      In addition to the general objections stated above which are incorporated

5  herein by reference, Mattel objects to this Request on the grounds that it is

6  overbroad, unduly burdensome and unintelligible, including in that it seeks all

7  documents on this subject without limitation as to time, and regardless of whether

8  such documents relate to products or matters at issue in this case. Mattel further

9  objects to the Request on the grounds that it seeks documents that are not relevant

10  to this action or likely to lead to the discovery of admissible evidence. Mattel

11  further objects to this Request on the grounds that it calls for documents or

12  information in the possession, custody or control of MGA, including without

13  limitation documents and information that MGA has been compelled by Court

14  orders to produce but has not produced. Mattel further objects to this Request on

15  the grounds that it seeks confidential, proprietary and trade secret information,

16  including such information that has no bearing on the claims or defenses in this

17  case. Mattel further objects to this Request on the grounds that it calls for the

18  disclosure of information subject to the attorney-client privilege, the attorney work-

19  product doctrine and other applicable privileges.

20      Subject to the foregoing objections, Mattel responds as follows: Mattel will

21  produce responsive, non-privileged documents relating to Alejandro Gurza

22  Romay's knowledge of the facts at issue in this litigation as alleged in Mattel's

23  Initial Disclosures that are in Mattel's possession, custody, or control, if any, that

24  Mattel has been able to locate after a diligent search and reasonable inquiry, to the

25  extent not previously produced.

26

27

28

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Romay's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA's business practices."  This area of information is taken directly from Mattel's allegations regarding Romay in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 16).

1      As to burden, Mattel has not attempted to demonstrate why responding to

2  this request and/or producing responsive documents presents any burden.  This

3  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.").

7  Moreover, it is not unduly burdensome, as noted above, in that the request is

8  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10      This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13      This request seeks relevant information.  Mattel identified Romay in its

14  initial disclosures an individual with discoverable knowledge regarding "MGA's

15  access to Mattel's intellectual property and trade secrets" and "MGA business

16  practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

17  Jan. 5, 2007, p. 16).  Accordingly, Mattel's initial disclosures demonstrate the

18  relevance of this request.  Further, this information is relevant to, among other

19  things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

20  and MGA's affirmative defenses of statute of limitations and laches.

21      Mattel's objection that the request seeks information within MGA's

22  possession, custody or control is nonsensical and lacks factual support.  Mattel

23  makes no argument, let alone a factual showing, that any documents in MGA's

24  possession are duplicative of documents within Mattel's control.  MGA is entitled

25  to discovery from Mattel of documents within its possession, custody, or control

26  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

27  a conclusory statement that MGA also possesses responsive documents.

28

1    Mattel's objection that the request seeks confidential, proprietary, and trade

2    secret information should be disregarded.  The parties have entered into a protective

3    order in this matter, which governs the handling of confidential business

4    information.  Further, Mattel has put its confidential business information at issue

5    in this litigation, including but not limited to its trade secret misappropriation claim.

6    Accordingly, it cannot resist discovery of confidential business information.

7    Finally, Mattel has improperly limited its agreement to produce to "the facts

8    at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

9    the individual is identified as being knowledgeable about certain topics in Mattel's

10   initial disclosures, Mattel's obligation to produce does not end with the facts that it

11   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

12   information from the individual on the topics identified, regardless of whether it

13   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

14   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

15   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

16   MGA might be excluding documents that are responsive to the request based upon

17   its unilateral determination of what is 'relevant' or 'sufficient.'").

18   None of Mattel's improper objections are valid and Mattel is obligated to

19   produce all non-privileged responsive documents in its possession, custody, or

20   control.

21

22   **REQUEST FOR PRODUCTION NO. 345:**

23   All DOCUMENTS REFERRING OR RELATING TO Desiree E.

24   Ronquillo's alleged knowledge of "MGA's access to Mattel's intellectual property

25   and trade secrets" and "MGA business practices," as alleged in MATTEL'S

26   INITIAL DISCLOSURES.

27

28

1

## RESPONSE TO REQUEST NO. 345:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 345:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the

1   disclosure of information subject to the attorney-client privilege, the attorney work-

2   product doctrine and other applicable privileges.

3       Subject to the foregoing objections, Mattel responds as follows: Mattel will

4   produce responsive, non-privileged documents relating to Desiree E. Ronquillo's

5   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

6   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

7   has been able to locate after a diligent search and reasonable inquiry, to the extent

8   not previously produced.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
11  SHOULD BE COMPELLED**

12      Mattel has improperly limited its agreement to produce documents in

13  response to this request, subject to its improper boilerplate objections.  Mattel has

14  refused to confirm whether or not it has produced all non-privileged responsive

15  documents or whether it is withholding documents based on its objections in Phase

16  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18  Generic objections that fail to explain the basis for an objection with specificity are

19  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21  such as 'overly burdensome and harassing' are improper – especially when a party

22  fails to submit any evidentiary declarations supporting such objections").

23  Accordingly, Mattel must be compelled either to certify that it has produced all

24  non-privileged responsive documents or to produce all such documents by a date

25  certain.

26      To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

- 682 -

1    As to overbreadth, Mattel provides no explanation, let alone the required

2    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5    contrary, the request is narrowly tailored to seek documents in Mattel's possession,

6    custody, or control concerning Ronquillo's alleged knowledge of "MGA's access to

7    Mattel's intellectual property and trade secrets" and "MGA's business practices."

8    This area of information is taken directly from Mattel's allegations regarding

9    Ronquillo in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

10   Initial Disclosures, dated Jan. 5, 2007, p. 16).

11   As to burden, Mattel has not attempted to demonstrate why responding to

12   this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

14   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.").

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

19   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

20   This request does not seek documents protected by the attorney-client

21   privilege, the attorney work product doctrine, or other applicable privileges.  To the

22   extent that Mattel contends that it does, Mattel must provide a privilege log.

23   This request seeks relevant information.  Mattel identified Ronquillo in its

24   initial disclosures an individual with discoverable knowledge regarding "MGA's

25   access to Mattel's intellectual property and trade secrets" and "MGA business

26   practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

27   Jan. 5, 2007, p. 16).  Accordingly, Mattel's initial disclosures demonstrate the

28   relevance of this request.  Further, this information is relevant to, among other

1  things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

2  and MGA's affirmative defenses of statute of limitations and laches.

3         Mattel's objection that the request seeks information within MGA's

4  possession, custody or control is nonsensical and lacks factual support.  Mattel

5  makes no argument, let alone a factual showing, that any documents in MGA's

6  possession are duplicative of documents within Mattel's control.  MGA is entitled

7  to discovery from Mattel of documents within its possession, custody, or control

8  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

9  a conclusory statement that MGA also possesses responsive documents.

10        Mattel's objection that the request seeks confidential, proprietary, and trade

11  secret information should be disregarded.  The parties have entered into a protective

12  order in this matter, which governs the handling of confidential business

13  information.  Further, Mattel has put its confidential business information at issue

14  in this litigation, including but not limited to its trade secret misappropriation claim.

15  Accordingly, it cannot resist discovery of confidential business information.

16        Finally, Mattel has improperly limited its agreement to produce to "the facts

17  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

18  the individual is identified as being knowledgeable about certain topics in Mattel's

19  initial disclosures, Mattel's obligation to produce does not end with the facts that it

20  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

21  information from the individual on the topics identified, regardless of whether it

22  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

23  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

24  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

25  MGA might be excluding documents that are responsive to the request based upon

26  its unilateral determination of what is 'relevant' or 'sufficient.'").

27

28

1   None of Mattel's improper objections are valid and Mattel is obligated to

2   produce all non-privileged responsive documents in its possession, custody, or

3   control.

4

5   **REQUEST FOR PRODUCTION NO. 346:**

6   All DOCUMENTS REFERRING OR RELATING TO David Rosenbaum's

7   alleged knowledge of "Bryant's breach of his obligations to Mattel" and "Bryant's

8   work with or for MGA during his Mattel employment," as alleged in MATTEL'S

9   INITIAL DISCLOSURES.

10   **RESPONSE TO REQUEST NO. 346:**

11   In addition to the general objections stated above which are incorporated

12   herein by reference, Mattel objects to this Request on the grounds that it is

13   overbroad, unduly burdensome and unintelligible, including in that it seeks all

14   documents on this subject without limitation as to time, and regardless of whether

15   such documents relate to products or matters at issue in this case. Mattel further

16   objects to the Request on the grounds that it seeks documents that are not relevant

17   to this action or likely to lead to the discovery of admissible evidence. Mattel

18   further objects to this Request on the grounds that it seeks confidential, proprietary

19   and trade secret information that has no bearing on the claims or defenses in this

20   case. Mattel further objects to this Request on the grounds that it calls for the

21   disclosure of information subject to the attorney-client privilege, the attorney work-

22   product doctrine and other applicable privileges.

23   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 346:**

24   In addition to the general objections stated above which are incorporated

25   herein by reference, Mattel objects to this Request on the grounds that it is

26   overbroad, unduly burdensome and unintelligible, including in that it seeks all

27   documents on this subject without limitation as to time, and regardless of whether

28   such documents relate to products or matters at issue in this case. Mattel further

- 685 -

1   objects to this Request on the grounds that it calls for documents or information in

2   the possession, custody or control of MGA, including without limitation documents

3   and information that MGA has been compelled by Court orders to produce but has

4   not produced. Mattel further objects to this Request on the grounds that it seeks

5   confidential, proprietary and trade secret information, including such information

6   that has no bearing on the claims or defenses in this case. Mattel further objects to

7   this Request on the grounds that it calls for the disclosure of information subject to

8   the attorney-client privilege, the attorney work-product doctrine and other

9   applicable privileges.

10       Subject to the foregoing objections, Mattel responds as follows: Mattel will

11  produce responsive, non-privileged documents relating to David Rosenbaum's

12  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

13  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

14  has been able to locate after a diligent search and reasonable inquiry, to the extent

15  not previously produced.

16

17  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

18

19       Mattel has improperly limited its agreement to produce documents in

20  response to this request, subject to its improper boilerplate objections.  Mattel has

21  refused to confirm whether or not it has produced all non-privileged responsive

22  documents or whether it is withholding documents based on its objections in Phase

23  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

24  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

25  Generic objections that fail to explain the basis for an objection with specificity are

26  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

27  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

28  such as 'overly burdensome and harassing' are improper – especially when a party

1   fails to submit any evidentiary declarations supporting such objections").

2   Accordingly, Mattel must be compelled either to certify that it has produced all

3   non-privileged responsive documents or to produce all such documents by a date

4   certain.

5          To the extent that Mattel is relying on its blanket objections, they are not

6   sustainable and do not justify Mattel's failure to produce documents.

7          As to overbreadth, Mattel provides no explanation, let alone the required

8   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

9   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

11  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

12  custody, or control concerning Rosenbaum's alleged knowledge of "Bryant's

13  breach of his obligations to Mattel" and "Bryant's work with or for MGA during

14  his Mattel employment."  This area of information is taken directly from Mattel's

15  allegations regarding Rosenbaum in its initial disclosures.  Rutowski Decl. Ex. 56

16  (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 16).

17         As to burden, Mattel has not attempted to demonstrate why responding to

18  this request and/or producing responsive documents presents any burden.  This

19  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

20  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21  request is unduly burdensome must allege specific facts which indicate the nature

22  and extent of the burden, usually by affidavit or other reliable evidence.").

23  Moreover, it is not unduly burdensome, as noted above, in that the request is

24  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

25  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

26         This request does not seek documents protected by the attorney-client

27  privilege, the attorney work product doctrine, or other applicable privileges.  To the

28  extent that Mattel contends that it does, Mattel must provide a privilege log.

1    This request seeks relevant information.  Mattel identified Rosenbaum in its

2    initial disclosures an individual with discoverable knowledge regarding "Bryant's

3    breach of his obligations to Mattel" and "Bryant's work with or for MGA during

4    his Mattel employment."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

5    Disclosures, dated Jan. 5, 2007, p. 16).  Accordingly, Mattel's initial disclosures

6    demonstrate the relevance of this request.  Further, this information is relevant to,

7    among other things, Mattel's trade secret defense and MGA's affirmative defenses

8    of statute of limitations and laches.

9    Mattel's objection that the request seeks information within MGA's

10   possession, custody or control is nonsensical and lacks factual support.  Mattel

11   makes no argument, let alone a factual showing, that any documents in MGA's

12   possession are duplicative of documents within Mattel's control.  MGA is entitled

13   to discovery from Mattel of documents within its possession, custody, or control

14   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

15   a conclusory statement that MGA also possesses responsive documents.

16   Mattel's objection that the request seeks confidential, proprietary, and trade

17   secret information should be disregarded.  The parties have entered into a protective

18   order in this matter, which governs the handling of confidential business

19   information.  Further, Mattel has put its confidential business information at issue

20   in this litigation, including but not limited to its trade secret misappropriation claim.

21   Accordingly, it cannot resist discovery of confidential business information.

22   Finally, Mattel has improperly limited its agreement to produce to "the facts

23   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

24   the individual is identified as being knowledgeable about certain topics in Mattel's

25   initial disclosures, Mattel's obligation to produce does not end with the facts that it

26   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

27   information from the individual on the topics identified, regardless of whether it

28   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

1  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

2  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

3  MGA might be excluding documents that are responsive to the request based upon

4  its unilateral determination of what is 'relevant' or 'sufficient.'").

5      None of Mattel's improper objections are valid and Mattel is obligated to

6  produce all non-privileged responsive documents in its possession, custody, or

7  control.

8

9  **REQUEST FOR PRODUCTION NO. 347:**

10      All DOCUMENTS REFERRING OR RELATING TO Lon P. Ross's alleged

11  knowledge of "MGA's access to Mattel's intellectual property and trade secrets"

12  and "MGA business practices," as alleged in MATTEL'S INITIAL

13  DISCLOSURES.

14      **RESPONSE TO REQUEST NO. 347:**

15      In addition to the general objections stated above which are incorporated

16  herein by reference, Mattel objects to this Request on the grounds that it is

17  overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case. Mattel further

20  objects to the Request on the grounds that it seeks documents that are not relevant

21  to this action or likely to lead to the discovery of admissible evidence. Mattel

22  further objects to this Request on the grounds that it seeks confidential, proprietary

23  and trade secret information that has no bearing on the claims or defenses in this

24  case. Mattel further objects to this Request on the grounds that it calls for the

25  disclosure of information subject to the attorney-client privilege, the attorney work-

26  product doctrine and other applicable privileges.

27

28

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 347:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Lon P. Ross's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase

2.   Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

       To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

       As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to ***why*** this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Ross's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA's business practices." This area of information is taken directly from Mattel's allegations regarding Ross in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 16).

       As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.").

1   Moreover, it is not unduly burdensome, as noted above, in that the request is

2   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

3   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

4         This request does not seek documents protected by the attorney-client

5   privilege, the attorney work product doctrine, or other applicable privileges.  To the

6   extent that Mattel contends that it does, Mattel must provide a privilege log.

7         This request seeks relevant information.  Mattel identified Ross in its initial

8   disclosures an individual with discoverable knowledge regarding "MGA's access to

9   Mattel's intellectual property and trade secrets" and "MGA business practices."

10  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

11  2007, p. 16).  Accordingly, Mattel's initial disclosures demonstrate the relevance of

12  this request.  Further, this information is relevant to, among other things, Mattel's

13  trade secret defense, MGA's claims of trade dress infringement, and MGA's

14  affirmative defenses of statute of limitations and laches.

15        Mattel's objection that the request seeks confidential, proprietary, and trade

16  secret information should be disregarded.  The parties have entered into a protective

17  order in this matter, which governs the handling of confidential business

18  information.  Further, Mattel has put its confidential business information at issue

19  in this litigation, including but not limited to its trade secret misappropriation claim.

20  Accordingly, it cannot resist discovery of confidential business information.

21        Finally, Mattel has improperly limited its agreement to produce to "the facts

22  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

23  the individual is identified as being knowledgeable about certain topics in Mattel's

24  initial disclosures, Mattel's obligation to produce does not end with the facts that it

25  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

26  information from the individual on the topics identified, regardless of whether it

27  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

28  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

1    Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

2    MGA might be excluding documents that are responsive to the request based upon

3    its unilateral determination of what is 'relevant' or 'sufficient.'").

4         None of Mattel's improper objections are valid and Mattel is obligated to

5    produce all non-privileged responsive documents in its possession, custody, or

6    control.

7

8    **REQUEST FOR PRODUCTION NO. 348:**

9         All DOCUMENTS REFERRING OR RELATING TO Ivy Ross's alleged

10   knowledge of "Bryant's breach of obligations to Mattel," as alleged in MATTEL'S

11   INITIAL DISCLOSURES.

12        **RESPONSE TO REQUEST NO. 348:**

13        In addition to the general objections stated above which are incorporated

14   herein by reference, Mattel objects to this Request on the grounds that it is

15   overbroad, unduly burdensome and unintelligible, including in that it seeks all

16   documents on this subject without limitation as to time, and regardless of whether

17   such documents relate to products or matters at issue in this case. Mattel further

18   objects to the Request on the grounds that it seeks documents that are not relevant

19   to this action or likely to lead to the discovery of admissible evidence. Mattel

20   further objects to this Request on the grounds that it seeks confidential, proprietary

21   and trade secret information that has no bearing on the claims or defenses in this

22   case. Mattel further objects to this Request on the grounds that it calls for the

23   disclosure of information subject to the attorney-client privilege, the attorney work-

24   product doctrine and other applicable privileges.

25        **SUPPLEMENTAL RESPONSE TO REQUEST NO. 348:**

26        In addition to the general objections stated above which are incorporated

27   herein by reference, Mattel objects to this Request on the grounds that it is

28   overbroad, unduly burdensome and unintelligible, including in that it seeks all

1    documents on this subject without limitation as to time, and regardless of whether

2    such documents relate to products or matters at issue in this case. Mattel further

3    objects to this Request on the grounds that it seeks confidential, proprietary and

4    trade secret information, including such information that has no bearing on the

5    claims or defenses in this case. Mattel further objects to this Request on the grounds

6    that it calls for the disclosure of information subject to the attorney-client privilege,

7    the attorney work-product doctrine and other applicable privileges.

8         Subject to the foregoing objections, Mattel responds as follows: Mattel will

9    produce responsive, non-privileged documents relating to Ivy Ross's knowledge of

10   the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

11   in Mattel's possession, custody, or control, if any, that Mattel has been able to

12   locate after a diligent search and reasonable inquiry, to the extent not previously

13   produced.

14

15   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
16   **SHOULD BE COMPELLED**

17        Mattel has improperly limited its agreement to produce documents in

18   response to this request, subject to its improper boilerplate objections.  Mattel has

19   refused to confirm whether or not it has produced all non-privileged responsive

20   documents or whether it is withholding documents based on its objections in Phase

21   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

22   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

23   Generic objections that fail to explain the basis for an objection with specificity are

24   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

25   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

26   such as 'overly burdensome and harassing' are improper – especially when a party

27   fails to submit any evidentiary declarations supporting such objections").

28   Accordingly, Mattel must be compelled either to certify that it has produced all

1     non-privileged responsive documents or to produce all such documents by a date

2     certain.

3        To the extent that Mattel is relying on its blanket objections, they are not

4     sustainable and do not justify Mattel's failure to produce documents.

5        As to overbreadth, Mattel provides no explanation, let alone the required

6     particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7     This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8     (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9     contrary, the request is narrowly tailored to seek documents in Mattel's possession,

10     custody, or control concerning Ross's alleged knowledge of "Bryant's breach of

11     obligations to Mattel."  This area of information is taken directly from Mattel's

12     allegations regarding Ross in its initial disclosures.  Rutowski Decl. Ex. 56

13     (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 16).

14        As to burden, Mattel has not attempted to demonstrate why responding to

15     this request and/or producing responsive documents presents any burden.  This

16     objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

17     <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18     request is unduly burdensome must allege specific facts which indicate the nature

19     and extent of the burden, usually by affidavit or other reliable evidence.").

20     Moreover, it is not unduly burdensome, as noted above, in that the request is

21     narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

22     misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

23        This request does not seek documents protected by the attorney-client

24     privilege, the attorney work product doctrine, or other applicable privileges.  To the

25     extent that Mattel contends that it does, Mattel must provide a privilege log.

26        Mattel's objection that the request seeks confidential, proprietary, and trade

27     secret information should be disregarded.  The parties have entered into a protective

28     order in this matter, which governs the handling of confidential business

1  information.  Further, Mattel has put its confidential business information at issue

2  in this litigation, including but not limited to its trade secret misappropriation claim.

3  Accordingly, it cannot resist discovery of confidential business information.

4  Finally, Mattel has improperly limited its agreement to produce to "the facts

5  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

6  the individual is identified as being knowledgeable about certain topics in Mattel's

7  initial disclosures, Mattel's obligation to produce does not end with the facts that it

8  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

9  information from the individual on the topics identified, regardless of whether it

10  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

11  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

12  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

13  MGA might be excluding documents that are responsive to the request based upon

14  its unilateral determination of what is 'relevant' or 'sufficient.'").

15  None of Mattel's improper objections are valid and Mattel is obligated to

16  produce all non-privileged responsive documents in its possession, custody, or

17  control.

18

19  **REQUEST FOR PRODUCTION NO. 349:**

20  All DOCUMENTS REFERRING OR RELATING TO Arnold Rubin's

21  alleged knowledge of "Toy of the Year and the dealings of Mattel and MGA with

22  TIA," as alleged in MATTEL'S INITIAL DISCLOSURES.

23  **RESPONSE TO REQUEST NO. 349:**

24  In addition to the general objections stated above which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it is

26  overbroad, unduly burdensome and unintelligible, including in that it seeks all

27  documents on this subject without limitation as to time, and regardless of whether

28  such documents relate to products or matters at issue in this case. Mattel further

1   objects to the Request on the grounds that it seeks documents that are not relevant

2   to this action or likely to lead to the discovery of admissible evidence. Mattel

3   further objects to this Request on the grounds that it seeks confidential, proprietary

4   and trade secret information that has no bearing on the claims or defenses in this

5   case. Mattel further objects to this Request on the grounds that it calls for the

6   disclosure of information subject to the attorney-client privilege, the attorney work-

7   product doctrine and other applicable privileges.

8   ## SUPPLEMENTAL RESPONSE TO REQUEST NO. 349:

9   In addition to the general objections stated above which are incorporated

10   herein by reference, Mattel objects to this Request on the grounds that it is

11   overbroad, unduly burdensome and unintelligible, including in that it seeks all

12   documents on this subject without limitation as to time, and regardless of whether

13   such documents relate to products or matters at issue in this case. Mattel further

14   objects to the Request on the grounds that it seeks documents that are not relevant

15   to this action or likely to lead to the discovery of admissible evidence. Mattel

16   further objects to this Request on the grounds that it calls for documents or

17   information in the possession, custody or control of MGA, including without

18   limitation documents and information that MGA has been compelled by Court

19   orders to produce but has not produced. Mattel further objects to this Request on

20   the grounds that it seeks confidential, proprietary and trade secret information,

21   including such information that has no bearing on the claims or defenses in this

22   case. Mattel further objects to this Request on the grounds that it calls for the

23   disclosure of information subject to the attorney-client privilege, the attorney work-

24   product doctrine and other applicable privileges.

25   Subject to the foregoing objections, Mattel responds as follows: Mattel will

26   produce responsive, non-privileged documents relating to Arnold Rubin's

27   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

28   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

1  has been able to locate after a diligent search and reasonable inquiry, to the extent

2  not previously produced.

3

4  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
   **SHOULD BE COMPELLED**

5

6      Mattel has improperly limited its agreement to produce documents in

7  response to this request, subject to its improper boilerplate objections.  Mattel has

8  refused to confirm whether or not it has produced all non-privileged responsive

9  documents or whether it is withholding documents based on its objections in Phase

10 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

11 must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

12 Generic objections that fail to explain the basis for an objection with specificity are

13 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

14 Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

15 such as 'overly burdensome and harassing' are improper – especially when a party

16 fails to submit any evidentiary declarations supporting such objections").

17 Accordingly, Mattel must be compelled either to certify that it has produced all

18 non-privileged responsive documents or to produce all such documents by a date

19 certain.

20      To the extent that Mattel is relying on its blanket objections, they are not

21 sustainable and do not justify Mattel's failure to produce documents.

22      As to overbreadth, Mattel provides no explanation, let alone the required

23 particularity, as to **why** this request is supposedly overly broad, nor can it do so.

24 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26 contrary, the request is narrowly tailored to seek documents in Mattel's possession,

27 custody, or control concerning Rubin's alleged knowledge of "Toy of the Year and

28 the dealings of Mattel and MGA with TIA."  This area of information is taken

1  directly from Mattel's allegations regarding Rubin in its initial disclosures.

2  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

3  2007, p. 16).

4  As to burden, Mattel has not attempted to demonstrate why responding to

5  this request and/or producing responsive documents presents any burden.  This

6  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8  request is unduly burdensome must allege specific facts which indicate the nature

9  and extent of the burden, usually by affidavit or other reliable evidence.").

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

12  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

13  This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges.  To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16  This request seeks relevant information.  Mattel identified Rubin in its initial

17  disclosures an individual with discoverable knowledge regarding "Toy of the Year

18  and the dealings of Mattel and MGA with TIA."  Rutowski Decl. Ex. 56 (Mattel's

19  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 16).  Accordingly, Mattel's

20  initial disclosures demonstrate the relevance of this request.  Further, this

21  information is relevant to, among other things, MGA's unfair competition claims.

22  Mattel's objection that the request seeks information within MGA's

23  possession, custody or control is nonsensical and lacks factual support.  Mattel

24  makes no argument, let alone a factual showing, that any documents in MGA's

25  possession are duplicative of documents within Mattel's control.  MGA is entitled

26  to discovery from Mattel of documents within its possession, custody, or control

27  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

28  a conclusory statement that MGA also possesses responsive documents.

Mattel's objection that the request seeks confidential, proprietary, and trade secret information should be disregarded.  The parties have entered into a protective order in this matter, which governs the handling of confidential business information.  Further, Mattel has put its confidential business information at issue in this litigation, including but not limited to its trade secret misappropriation claim.  Accordingly, it cannot resist discovery of confidential business information.

Finally, Mattel has improperly limited its agreement to produce to "the facts at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that the individual is identified as being knowledgeable about certain topics in Mattel's initial disclosures, Mattel's obligation to produce does not end with the facts that it has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive information from the individual on the topics identified, regardless of whether it supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that MGA might be excluding documents that are responsive to the request based upon its unilateral determination of what is 'relevant' or 'sufficient.'").

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 350:**

All DOCUMENTS REFERRING OR RELATING TO Shirin Salemnia's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

## RESPONSE TO REQUEST NO. 350:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 350:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA and/or Bryant, including without limitation documents and information that MGA and Bryant have been compelled by Court orders to produce but have not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it

1  calls for the disclosure of information subject to the attorney-client privilege, the

2  attorney work-product doctrine and other applicable privileges.

3       Subject to the foregoing objections, Mattel responds as follows: Mattel will

4  produce responsive, non-privileged documents relating to Shirin Salemnia's

5  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

6  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

7  has been able to locate after a diligent search and reasonable inquiry, to the extent

8  not previously produced.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
11  **SHOULD BE COMPELLED**

12       Mattel has improperly limited its agreement to produce documents in

13  response to this request, subject to its improper boilerplate objections.  Mattel has

14  refused to confirm whether or not it has produced all non-privileged responsive

15  documents or whether it is withholding documents based on its objections in Phase

16  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18  Generic objections that fail to explain the basis for an objection with specificity are

19  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21  such as 'overly burdensome and harassing' are improper – especially when a party

22  fails to submit any evidentiary declarations supporting such objections").

23  Accordingly, Mattel must be compelled either to certify that it has produced all

24  non-privileged responsive documents or to produce all such documents by a date

25  certain.

26       To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Salemnia's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA's business practices." This area of information is taken directly from Mattel's allegations regarding Salemnia in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 17).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

This request seeks relevant information.  Mattel identified Salemnia in its initial disclosures an individual with discoverable knowledge regarding "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 17).  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.  Further, this information is relevant to, among other

1   things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

2   and MGA's affirmative defenses of statute of limitations and laches.

3       Mattel's objection that the request seeks information within MGA's

4   possession, custody or control is nonsensical and lacks factual support.  Mattel

5   makes no argument, let alone a factual showing, that any documents in MGA's

6   possession are duplicative of documents within Mattel's control.  MGA is entitled

7   to discovery from Mattel of documents within its possession, custody, or control

8   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

9   a conclusory statement that MGA also possesses responsive documents.

10      Mattel's objection that the request seeks confidential, proprietary, and trade

11  secret information should be disregarded.  The parties have entered into a protective

12  order in this matter, which governs the handling of confidential business

13  information.  Further, Mattel has put its confidential business information at issue

14  in this litigation, including but not limited to its trade secret misappropriation claim.

15  Accordingly, it cannot resist discovery of confidential business information.

16      Finally, Mattel has improperly limited its agreement to produce to "the facts

17  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

18  the individual is identified as being knowledgeable about certain topics in Mattel's

19  initial disclosures, Mattel's obligation to produce does not end with the facts that it

20  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

21  information from the individual on the topics identified, regardless of whether it

22  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

23  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

24  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

25  MGA might be excluding documents that are responsive to the request based upon

26  its unilateral determination of what is 'relevant' or 'sufficient.'").

27

28

OHS West:260723198

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET THREE;  CV 04-9049 SGL (RNBx)

1    None of Mattel's improper objections are valid and Mattel is obligated to

2    produce all non-privileged responsive documents in its possession, custody, or

3    control.

4

5    **REQUEST FOR PRODUCTION NO. 351:**

6    All DOCUMENTS REFERRING OR RELATING TO Pablo Vargas San

7    Jose's alleged knowledge of "MGA's theft of Mattel's intellectual property and

8    trade secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

9    DISCLOSURES.

10    **RESPONSE TO REQUEST NO. 351:**

11    In addition to the general objections stated above which are incorporated

12    herein by reference, Mattel objects to this Request on the grounds that it is

13    overbroad, unduly burdensome and unintelligible, including in that it seeks all

14    documents on this subject without limitation as to time, and regardless of whether

15    such documents relate to products or matters at issue in this case. Mattel further

16    objects to the Request on the grounds that it seeks documents that are not relevant

17    to this action or likely to lead to the discovery of admissible evidence. Mattel

18    further objects to this Request on the grounds that it seeks confidential, proprietary

19    and trade secret information that has no bearing on the claims or defenses in this

20    case. Mattel further objects to this Request on the grounds that it calls for the

21    disclosure of information subject to the attorney-client privilege, the attorney work-

22    product doctrine and other applicable privileges.

23    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 351:**

24    In addition to the general objections stated above which are incorporated

25    herein by reference, Mattel objects to this Request on the grounds that it is

26    overbroad, unduly burdensome and unintelligible, including in that it seeks all

27    documents on this subject without limitation as to time, and regardless of whether

28    such documents relate to products or matters at issue in this case. Mattel further

1  objects to the Request on the grounds that it seeks documents that are not relevant

2  to this action or likely to lead to the discovery of admissible evidence. Mattel

3  further objects to this Request on the grounds that it calls for documents or

4  information in the possession, custody or control of MGA, including without

5  limitation documents and information that MGA has been compelled by Court

6  orders to produce but has not produced. Mattel further objects to this Request on

7  the grounds that it seeks confidential, proprietary and trade secret information,

8  including such information that has no bearing on the claims or defenses in this

9  case. Mattel further objects to this Request on the grounds that it calls for the

10  disclosure of information subject to the attorney-client privilege, the attorney work-

11  product doctrine and other applicable privileges.

12      Subject to the foregoing objections, Mattel responds as follows: Mattel will

13  produce responsive, non-privileged documents relating to Pablo Vargas San Jose's

14  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

15  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

16  has been able to locate after a diligent search and reasonable inquiry, to the extent

17  not previously produced.

18

19  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

20

21      Mattel has improperly limited its agreement to produce documents in

22  response to this request, subject to its improper boilerplate objections.  Mattel has

23  refused to confirm whether or not it has produced all non-privileged responsive

24  documents or whether it is withholding documents based on its objections in Phase

25  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

26  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

27  Generic objections that fail to explain the basis for an objection with specificity are

28  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

1  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

2  such as 'overly burdensome and harassing' are improper – especially when a party

3  fails to submit any evidentiary declarations supporting such objections").

4  Accordingly, Mattel must be compelled either to certify that it has produced all

5  non-privileged responsive documents or to produce all such documents by a date

6  certain.

7        To the extent that Mattel is relying on its blanket objections, they are not

8  sustainable and do not justify Mattel's failure to produce documents.

9        As to overbreadth, Mattel provides no explanation, let alone the required

10  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

11  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

14  custody, or control concerning San Jose's alleged knowledge of "MGA's theft of

15  Mattel's intellectual property and trade secrets" and "MGA's business practices."

16  This area of information is taken directly from Mattel's allegations regarding San

17  Jose in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

18  Disclosures, dated Jan. 5, 2007, p. 17).

19        As to burden, Mattel has not attempted to demonstrate why responding to

20  this request and/or producing responsive documents presents any burden.  This

21  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

22  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23  request is unduly burdensome must allege specific facts which indicate the nature

24  and extent of the burden, usually by affidavit or other reliable evidence.").

25  Moreover, it is not unduly burdensome, as noted above, in that the request is

26  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

27  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

28

1   This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4   This request seeks relevant information.  Mattel identified San Jose in its

5   initial disclosures an individual with discoverable knowledge regarding "MGA's

6   theft of Mattel's intellectual property and trade secrets" and "MGA business

7   practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

8   Jan. 5, 2007, p. 17).  Accordingly, Mattel's initial disclosures demonstrate the

9   relevance of this request.  Further, this information is relevant to, among other

10  things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

11  and MGA's affirmative defenses of statute of limitations and laches.

12  Mattel's objection that the request seeks information within MGA's

13  possession, custody or control is nonsensical and lacks factual support.  Mattel

14  makes no argument, let alone a factual showing, that any documents in MGA's

15  possession are duplicative of documents within Mattel's control.  MGA is entitled

16  to discovery from Mattel of documents within its possession, custody, or control

17  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

18  a conclusory statement that MGA also possesses responsive documents.

19  Mattel's objection that the request seeks confidential, proprietary, and trade

20  secret information should be disregarded.  The parties have entered into a protective

21  order in this matter, which governs the handling of confidential business

22  information.  Further, Mattel has put its confidential business information at issue

23  in this litigation, including but not limited to its trade secret misappropriation claim.

24  Accordingly, it cannot resist discovery of confidential business information.

25  Finally, Mattel has improperly limited its agreement to produce to "the facts

26  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

27  the individual is identified as being knowledgeable about certain topics in Mattel's

28  initial disclosures, Mattel's obligation to produce does not end with the facts that it

1   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

2   information from the individual on the topics identified, regardless of whether it

3   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

4   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

5   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

6   MGA might be excluding documents that are responsive to the request based upon

7   its unilateral determination of what is 'relevant' or 'sufficient.'").

8        None of Mattel's improper objections are valid and Mattel is obligated to

9   produce all non-privileged responsive documents in its possession, custody, or

10   control.

11

12   **REQUEST FOR PRODUCTION NO. 352:**

13        All DOCUMENTS REFERRING OR RELATING TO Chuck Scothon's

14   alleged knowledge of "Mattel's business operations and the development and

15   ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL

16   DISCLOSURES.

17        **RESPONSE TO REQUEST NO. 352:**

18        In addition to the general objections stated above which are incorporated

19   herein by reference, Mattel objects to this Request on the grounds that it is

20   overbroad, unduly burdensome and unintelligible, including in that it seeks all

21   documents on this subject without limitation as to time, and regardless of whether

22   such documents relate to products or matters at issue in this case. Mattel further

23   objects to the Request on the grounds that it seeks documents that are not relevant

24   to this action or likely to lead to the discovery of admissible evidence. Mattel

25   further objects to this Request on the grounds that it seeks confidential, proprietary

26   and trade secret information that has no bearing on the claims or defenses in this

27   case. Mattel further objects to this Request on the grounds that it calls for the

28

disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

### SUPPLEMENTAL RESPONSE TO REQUEST NO. 352:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Chuck Scothon's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase

2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").

Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to **why** this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Scothon's alleged knowledge of "Mattel's business operations and the development and ownership of intellectual property at issue." This area of information is taken directly from Mattel's allegations regarding Scothon in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 17).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.").

1   Moreover, it is not unduly burdensome, as noted above, in that the request is

2   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

3   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

4       This request does not seek documents protected by the attorney-client

5   privilege, the attorney work product doctrine, or other applicable privileges.  To the

6   extent that Mattel contends that it does, Mattel must provide a privilege log.

7       This request seeks relevant information.  Mattel identified Scothon in its

8   initial disclosures an individual with discoverable knowledge regarding "Mattel's

9   business operations and the development and ownership of intellectual property at

10  issue."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

11  Jan. 5, 2007, p. 17).  Accordingly, Mattel's initial disclosures demonstrate the

12  relevance of this request.  Further, this information is relevant to, among other

13  things, Mattel's trade secret defense and MGA's claims of trade dress infringement.

14      Mattel's objection that the request seeks information within MGA's

15  possession, custody or control is nonsensical and lacks factual support.  Mattel

16  makes no argument, let alone a factual showing, that any documents in MGA's

17  possession are duplicative of documents within Mattel's control.  MGA is entitled

18  to discovery from Mattel of documents within its possession, custody, or control

19  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

20  a conclusory statement that MGA also possesses responsive documents.

21      Mattel's objection that the request seeks confidential, proprietary, and trade

22  secret information should be disregarded.  The parties have entered into a protective

23  order in this matter, which governs the handling of confidential business

24  information.  Further, Mattel has put its confidential business information at issue

25  in this litigation, including but not limited to its trade secret misappropriation claim.

26  Accordingly, it cannot resist discovery of confidential business information.

27      Finally, Mattel has improperly limited its agreement to produce to "the facts

28  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

1   the individual is identified as being knowledgeable about certain topics in Mattel's

2   initial disclosures, Mattel's obligation to produce does not end with the facts that it

3   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

4   information from the individual on the topics identified, regardless of whether it

5   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

6   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

7   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

8   MGA might be excluding documents that are responsive to the request based upon

9   its unilateral determination of what is 'relevant' or 'sufficient.'").

10      None of Mattel's improper objections are valid and Mattel is obligated to

11   produce all non-privileged responsive documents in its possession, custody, or

12   control.

13

14   **REQUEST FOR PRODUCTION NO. 353:**

15      All DOCUMENTS in Chuck Scothon's possession or control REFERRING

16   OR RELATING TO his alleged knowledge of "Mattel's business operations and

17   the development and ownership of intellectual property at issue," as alleged in

18   MATTEL'S INITIAL DISCLOSURES.

19      **RESPONSE TO REQUEST NO. 353:**

20      In addition to the general objections stated above which are incorporated

21   herein by reference, Mattel objects to this Request on the grounds that it is

22   overbroad, unduly burdensome and unintelligible, including in that it seeks all

23   documents on this subject without limitation as to time, and regardless of whether

24   such documents relate to products or matters at issue in this case. Mattel further

25   objects to the Request on the grounds that it seeks documents that are not relevant

26   to this action or likely to lead to the discovery of admissible evidence. Mattel

27   further objects to this Request on the grounds that it seeks confidential, proprietary

28   and trade secret information that has no bearing on the claims or defenses in this

1    case. Mattel further objects to this Request on the grounds that it calls for the

2    disclosure of information subject to the attorney-client privilege, the attorney work-

3    product doctrine and other applicable privileges.

4    **<u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 353:</u>**

5    In addition to the general objections stated above which are Incorporated

6    herein by reference, Mattel objects to this Request on the grounds that it is

7    overbroad, unduly burdensome and unintelligible, including in that it seeks all

8    documents on this subject without limitation as to time, and regardless of whether

9    such documents relate to products or matters at issue in this case. Mattel further

10   objects to the Request on the grounds that it seeks documents that are not relevant

11   to this action or likely to lead to the discovery of admissible evidence. Mattel

12   further objects to this Request on the grounds that it seeks confidential, proprietary

13   and trade secret information, including such information that has no bearing on the

14   claims or defenses in this case. Mattel further objects to this Request on the ground

15   that it calls for the disclosure of information subject to the attorney-client privilege,

16   the attorney work-product doctrine and other applicable privileges.

17   Subject to the foregoing objections, Mattel responds as follows: Matte will

18   produce responsive, non-privileged documents relating to Chuck Scothon's

19   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

20   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

21   has been able to locate after a diligent search and reasonable inquiry, to the extent

22   not previously produced.

23

24   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

25

26   Mattel has improperly limited its agreement to produce documents in

27   response to this request, subject to its improper boilerplate objections.  Mattel has

28   refused to confirm whether or not it has produced all non-privileged responsive

1   documents or whether it is withholding documents based on its objections in Phase

2   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

3   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

4   Generic objections that fail to explain the basis for an objection with specificity are

5   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

6   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

7   such as 'overly burdensome and harassing' are improper – especially when a party

8   fails to submit any evidentiary declarations supporting such objections").

9   Accordingly, Mattel must be compelled either to certify that it has produced all

10  non-privileged responsive documents or to produce all such documents by a date

11  certain.

12       To the extent that Mattel is relying on its blanket objections, they are not

13  sustainable and do not justify Mattel's failure to produce documents.

14       As to overbreadth, Mattel provides no explanation, let alone the required

15  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

16  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

17  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

18  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

19  custody, or control concerning Scothon's alleged knowledge of "Mattel's business

20  operations and the development and ownership of intellectual property at issue."

21  This area of information is taken directly from Mattel's allegations regarding

22  Scothon in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

23  Initial Disclosures, dated Jan. 5, 2007, p. 17).

24       As to burden, Mattel has not attempted to demonstrate why responding to

25  this request and/or producing responsive documents presents any burden.  This

26  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

27  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

28  request is unduly burdensome must allege specific facts which indicate the nature

1   and extent of the burden, usually by affidavit or other reliable evidence.").

2   Moreover, it is not unduly burdensome, as noted above, in that the request is

3   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

4   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

5        This request does not seek documents protected by the attorney-client

6   privilege, the attorney work product doctrine, or other applicable privileges.  To the

7   extent that Mattel contends that it does, Mattel must provide a privilege log.

8        This request seeks relevant information.  Mattel identified Scothon in its

9   initial disclosures an individual with discoverable knowledge regarding "Mattel's

10  business operations and the development and ownership of intellectual property at

11  issue."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

12  Jan. 5, 2007, p. 17).  Accordingly, Mattel's initial disclosures demonstrate the

13  relevance of this request.  Further, this information is relevant to, among other

14  things, Mattel's trade secret defense and MGA's claims of trade dress infringement.

15       Mattel's objection that the request seeks information within MGA's

16  possession, custody or control is nonsensical and lacks factual support.  Mattel

17  makes no argument, let alone a factual showing, that any documents in MGA's

18  possession are duplicative of documents within Mattel's control.  MGA is entitled

19  to discovery from Mattel of documents within its possession, custody, or control

20  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

21  a conclusory statement that MGA also possesses responsive documents.

22       Mattel's objection that the request seeks confidential, proprietary, and trade

23  secret information should be disregarded.  The parties have entered into a protective

24  order in this matter, which governs the handling of confidential business

25  information.  Further, Mattel has put its confidential business information at issue

26  in this litigation, including but not limited to its trade secret misappropriation claim.

27  Accordingly, it cannot resist discovery of confidential business information.

28

1       Finally, Mattel has improperly limited its agreement to produce to "the facts

2  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

3  the individual is identified as being knowledgeable about certain topics in Mattel's

4  initial disclosures, Mattel's obligation to produce does not end with the facts that it

5  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

6  information from the individual on the topics identified, regardless of whether it

7  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

8  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

9  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

10  MGA might be excluding documents that are responsive to the request based upon

11  its unilateral determination of what is 'relevant' or 'sufficient.'").

12       None of Mattel's improper objections are valid and Mattel is obligated to

13  produce all non-privileged responsive documents in its possession, custody, or

14  control.

15

16  **REQUEST FOR PRODUCTION NO. 354:**

17       All DOCUMENTS REFERRING OR RELATING TO Harvey Scott's

18  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

19  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

20  DISCLOSURES.

21     **RESPONSE TO REQUEST NO. 354:**

22       In addition to the general objections stated above which are incorporated

23  herein by reference, Mattel objects to this Request on the grounds that it is

24  overbroad, unduly burdensome and unintelligible, including in that it seeks all

25  documents on this subject without limitation as to time, and regardless of whether

26  such documents relate to products or matters at issue in this case. Mattel further

27  objects to the Request on the grounds that it seeks documents that are not relevant

28  to this action or likely to lead to the discovery of admissible evidence. Mattel

1   further objects to this Request on the grounds that it seeks confidential, proprietary

2   and trade secret information that has no bearing on the claims or defenses in this

3   case. Mattel further objects to this Request on the grounds that it calls for the

4   disclosure of information subject to the attorney-client privilege, the attorney work-

5   product doctrine and other applicable privileges.

6   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 354:**

7          In addition to the general objections stated above which are incorporated

8   herein by reference, Mattel objects to this Request on the grounds that it is

9   overbroad, unduly burdensome and unintelligible, including in that it seeks all

10  documents on this subject without limitation as to time, and regardless of whether

11  such documents relate to products or matters at issue in this case. Mattel further

12  objects to the Request on the grounds that it seeks documents that are not relevant

13  to this action or likely to lead to the discovery of admissible evidence. Mattel

14  further objects to this Request on the grounds that it calls for documents or

15  information in the possession, custody or control of MGA, including without

16  limitation documents and information that MGA has been compelled by Court

17  orders to produce but has not produced. Mattel further objects to this Request on

18  the grounds that it seeks confidential, proprietary and trade secret information,

19  including such information that has no bearing on the claims or defenses in this

20  case. Mattel further objects to this Request on the grounds that it calls for the

21  disclosure of information subject to the attorney-client privilege, the attorney work-

22  product doctrine and other applicable privileges.

23         Subject to the foregoing objections, Mattel responds as follows: Mattel will

24  produce responsive, non-privileged documents relating to Harvey Scott's

25  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

26  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

27  has been able to locate after a diligent search and reasonable inquiry, to the extent

28  not previously produced.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Scott's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA's business practices."  This area of information is taken directly from Mattel's allegations regarding Scott in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 17).

1    As to burden, Mattel has not attempted to demonstrate why responding to

2    this request and/or producing responsive documents presents any burden.  This

3    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5    request is unduly burdensome must allege specific facts which indicate the nature

6    and extent of the burden, usually by affidavit or other reliable evidence.").

7    Moreover, it is not unduly burdensome, as noted above, in that the request is

8    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10    This request does not seek documents protected by the attorney-client

11    privilege, the attorney work product doctrine, or other applicable privileges.  To the

12    extent that Mattel contends that it does, Mattel must provide a privilege log.

13    This request seeks relevant information.  Mattel identified Scott in its initial

14    disclosures an individual with discoverable knowledge regarding "MGA's access to

15    Mattel's intellectual property and trade secrets" and "MGA business practices."

16    Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

17    2007, p. 17).  Accordingly, Mattel's initial disclosures demonstrate the relevance of

18    this request.  Further, this information is relevant to, among other things, Mattel's

19    trade secret defense, MGA's claims of trade dress infringement, and MGA's

20    affirmative defenses of statute of limitations and laches.

21    Mattel's objection that the request seeks information within MGA's

22    possession, custody or control is nonsensical and lacks factual support.  Mattel

23    makes no argument, let alone a factual showing, that any documents in MGA's

24    possession are duplicative of documents within Mattel's control.  MGA is entitled

25    to discovery from Mattel of documents within its possession, custody, or control

26    that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

27    a conclusory statement that MGA also possesses responsive documents.

28

Mattel's objection that the request seeks confidential, proprietary, and trade secret information should be disregarded.  The parties have entered into a protective order in this matter, which governs the handling of confidential business information.  Further, Mattel has put its confidential business information at issue in this litigation, including but not limited to its trade secret misappropriation claim.  Accordingly, it cannot resist discovery of confidential business information.

Finally, Mattel has improperly limited its agreement to produce to "the facts at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that the individual is identified as being knowledgeable about certain topics in Mattel's initial disclosures, Mattel's obligation to produce does not end with the facts that it has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive information from the individual on the topics identified, regardless of whether it supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that MGA might be excluding documents that are responsive to the request based upon its unilateral determination of what is 'relevant' or 'sufficient.'").

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 355:**

All DOCUMENTS REFERRING OR RELATING TO Mark Spencer's alleged knowledge of "MGA's theft of Mattel's intellectual property and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 355:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is

1   overbroad, unduly burdensome and unintelligible, including in that it seeks all

2   documents on this subject without limitation as to time, and regardless of whether

3   such documents relate to products or matters at issue in this case. Mattel further

4   objects to the Request on the grounds that it seeks documents that are not relevant

5   to this action or likely to lead to the discovery of admissible evidence. Mattel

6   further objects to this Request on the grounds that it seeks confidential, proprietary

7   and trade secret information that has no bearing on the claims or defenses in this

8   case. Mattel further objects to this Request on the grounds that it calls for the

9   disclosure of information subject to the attorney-client privilege, the attorney work-

10  product doctrine and other applicable privileges.

11          **SUPPLEMENTAL RESPONSE TO REQUEST NO. 355:**

12          In addition to the general objections stated above which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it is

14  overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case. Mattel further

17  objects to the Request on the grounds that it seeks documents that are not relevant

18  to this action or likely to lead to the discovery of admissible evidence. Mattel

19  further objects to this Request on the grounds that it seeks confidential, proprietary

20  and trade secret information, including such information that has no bearing on the

21  claims or defenses in this case. Mattel further objects to this Request on the grounds

22  that it calls for the disclosure of information subject to the attorney-client privilege,

23  the attorney work-product doctrine and other applicable privileges.

24          Subject to the foregoing objections, Mattel responds as follows: Mattel

25  produce responsive, non-privileged documents relating to Mark Spencer's

26  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

27  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

28

1    has been able to locate after a diligent search and reasonable inquiry, to the extent

2    not previously produced.

3

4    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

5

6         Mattel has improperly limited its agreement to produce documents in

7    response to this request, subject to its improper boilerplate objections.  Mattel has

8    refused to confirm whether or not it has produced all non-privileged responsive

9    documents or whether it is withholding documents based on its objections in Phase

10   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

11   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

12   Generic objections that fail to explain the basis for an objection with specificity are

13   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

14   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

15   such as 'overly burdensome and harassing' are improper – especially when a party

16   fails to submit any evidentiary declarations supporting such objections").

17   Accordingly, Mattel must be compelled either to certify that it has produced all

18   non-privileged responsive documents or to produce all such documents by a date

19   certain.

20         To the extent that Mattel is relying on its blanket objections, they are not

21   sustainable and do not justify Mattel's failure to produce documents.

22         As to overbreadth, Mattel provides no explanation, let alone the required

23   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

24   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

27   custody, or control concerning Spencer's alleged knowledge of "MGA's theft of

28   Mattel's intellectual property and trade secrets."  This area of information is taken

1    directly from Mattel's allegations regarding Spencer in its initial disclosures.

2    Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

3    2007, p. 17).

4         As to burden, Mattel has not attempted to demonstrate why responding to

5    this request and/or producing responsive documents presents any burden.  This

6    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8    request is unduly burdensome must allege specific facts which indicate the nature

9    and extent of the burden, usually by affidavit or other reliable evidence.").

10   Moreover, it is not unduly burdensome, as noted above, in that the request is

11   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

12   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

13        This request does not seek documents protected by the attorney-client

14   privilege, the attorney work product doctrine, or other applicable privileges.  To the

15   extent that Mattel contends that it does, Mattel must provide a privilege log.

16        This request seeks relevant information.  Mattel identified Spencer in its

17   initial disclosures an individual with discoverable knowledge regarding "MGA's

18   theft of Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56

19   (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 17).  Accordingly,

20   Mattel's initial disclosures demonstrate the relevance of this request.  Further, this

21   information is relevant to, among other things, Mattel's trade secret defense,

22   MGA's claims of trade dress infringement, and MGA's affirmative defenses of

23   statute of limitations and laches.

24        Mattel's objection that the request seeks confidential, proprietary, and trade

25   secret information should be disregarded.  The parties have entered into a protective

26   order in this matter, which governs the handling of confidential business

27   information.  Further, Mattel has put its confidential business information at issue

28   in this litigation, including but not limited to its trade secret misappropriation claim.

1    Accordingly, it cannot resist discovery of confidential business information.

2         Finally, Mattel has improperly limited its agreement to produce to "the facts

3    at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

4    the individual is identified as being knowledgeable about certain topics in Mattel's

5    initial disclosures, Mattel's obligation to produce does not end with the facts that it

6    has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

7    information from the individual on the topics identified, regardless of whether it

8    supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

9    Granting Mattel's Motion to Compel Production of Documents and Interrogatory

10   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

11   MGA might be excluding documents that are responsive to the request based upon

12   its unilateral determination of what is 'relevant' or 'sufficient.'").

13        None of Mattel's improper objections are valid and Mattel is obligated to

14   produce all non-privileged responsive documents in its possession, custody, or

15   control.

16

17   <u>**REQUEST FOR PRODUCTION NO. 356:**</u>

18        All DOCUMENTS REFERRING OR RELATING TO Holly Aileen

19   Stinnett's alleged knowledge of "MGA's access to Mattel's intellectual property

20   and trade secrets" and "MGA business practices," as alleged in MATTEL'S

21   INITIAL DISCLOSURES.

22        <u>**RESPONSE TO REQUEST NO. 356:**</u>

23        In addition to the general objections stated above which are incorporated

24   herein by reference, Mattel objects to this Request on the grounds that it is

25   overbroad, unduly burdensome and unintelligible, including in that it seeks all

26   documents on this subject without limitation as to time, and regardless of whether

27   such documents relate to products or matters at issue in this case. Mattel further

28   objects to the Request on the grounds that it seeks documents that are not relevant

1   to this action or likely to lead to the discovery of admissible evidence. Mattel

2   further objects to this Request on the grounds that it seeks confidential, proprietary

3   and trade secret information that has no bearing on the claims or defenses in this

4   case. Mattel further objects to this Request on the grounds that it calls for the

5   disclosure of information subject to the attorney-client privilege, the attorney work-

6   product doctrine and other applicable privileges.

7   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 356:**

8          In addition to the general objections stated above which are incorporated

9   herein by reference, Mattel objects to this Request on the grounds that it is

10  overbroad, unduly burdensome and unintelligible, including in that it seeks all

11  documents on this subject without limitation as to time, and regardless of whether

12  such documents relate to products or matters at issue in this case. Mattel further

13  objects to the Request on the grounds that it seeks documents that are not relevant

14  to this action or likely to lead to the discovery of admissible evidence. Mattel

15  further objects to this Request on the grounds that it calls for documents or

16  information in the possession, custody or control of MGA, including without

17  limitation documents and information that MGA has been compelled by Court

18  orders to produce but has not produced. Mattel further objects to this Request on

19  the grounds that it seeks confidential, proprietary and trade secret information,

20  including such information that has no bearing on the claims or defenses in this

21  case. Mattel further objects to this Request on the grounds that it calls for the

22  disclosure of information subject to the attorney-client privilege, the attorney work-

23  product doctrine and other applicable privileges.

24         Subject to the foregoing objections, Mattel responds as follows: Mattel will

25  produce responsive, non-privileged documents relating to Holly Aileen Stinnett's

26  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

27  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

28

1   has been able to locate after a diligent search and reasonable inquiry, to the extent

2   not previously produced.

3

4   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

5

6      Mattel has improperly limited its agreement to produce documents in

7   response to this request, subject to its improper boilerplate objections.  Mattel has

8   refused to confirm whether or not it has produced all non-privileged responsive

9   documents or whether it is withholding documents based on its objections in Phase

10   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

11   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

12   Generic objections that fail to explain the basis for an objection with specificity are

13   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

14   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

15   such as 'overly burdensome and harassing' are improper – especially when a party

16   fails to submit any evidentiary declarations supporting such objections").

17   Accordingly, Mattel must be compelled either to certify that it has produced all

18   non-privileged responsive documents or to produce all such documents by a date

19   certain.

20      To the extent that Mattel is relying on its blanket objections, they are not

21   sustainable and do not justify Mattel's failure to produce documents.

22      As to overbreadth, Mattel provides no explanation, let alone the required

23   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

24   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

27   custody, or control concerning Stinnett's alleged knowledge of "MGA's access to

28   Mattel's intellectual property and trade secrets" and "MGA's business practices."

1   This area of information is taken directly from Mattel's allegations regarding

2   Stinnett in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

3   Initial Disclosures, dated Jan. 5, 2007, p. 17).

4   　　　As to burden, Mattel has not attempted to demonstrate why responding to

5   this request and/or producing responsive documents presents any burden.  This

6   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8   request is unduly burdensome must allege specific facts which indicate the nature

9   and extent of the burden, usually by affidavit or other reliable evidence.").

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

12  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

13  　　　This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges.  To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16  　　　This request seeks relevant information.  Mattel identified Stinnett in its

17  initial disclosures an individual with discoverable knowledge regarding "MGA's

18  access to Mattel's intellectual property and trade secrets" and "MGA business

19  practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

20  Jan. 5, 2007, p. 17).  Accordingly, Mattel's initial disclosures demonstrate the

21  relevance of this request.  Further, this information is relevant to, among other

22  things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

23  and MGA's affirmative defenses of statute of limitations and laches.

24  　　　Mattel's objection that the request seeks information within MGA's

25  possession, custody or control is nonsensical and lacks factual support.  Mattel

26  makes no argument, let alone a factual showing, that any documents in MGA's

27  possession are duplicative of documents within Mattel's control.  MGA is entitled

28  to discovery from Mattel of documents within its possession, custody, or control

1  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

2  a conclusory statement that MGA also possesses responsive documents.

3  Mattel's objection that the request seeks confidential, proprietary, and trade

4  secret information should be disregarded.  The parties have entered into a protective

5  order in this matter, which governs the handling of confidential business

6  information.  Further, Mattel has put its confidential business information at issue

7  in this litigation, including but not limited to its trade secret misappropriation claim.

8  Accordingly, it cannot resist discovery of confidential business information.

9  Finally, Mattel has improperly limited its agreement to produce to "the facts

10  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

11  the individual is identified as being knowledgeable about certain topics in Mattel's

12  initial disclosures, Mattel's obligation to produce does not end with the facts that it

13  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

14  information from the individual on the topics identified, regardless of whether it

15  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

16  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

17  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

18  MGA might be excluding documents that are responsive to the request based upon

19  its unilateral determination of what is 'relevant' or 'sufficient.'").

20  None of Mattel's improper objections are valid and Mattel is obligated to

21  produce all non-privileged responsive documents in its possession, custody, or

22  control.

23

24  **REQUEST FOR PRODUCTION NO. 357:**

25  All DOCUMENTS REFERRING OR RELATING TO Jier Su's alleged

26  knowledge of "MGA's access to Mattel's intellectual property and trade secrets"

27  and "MGA business practices," as alleged in MATTEL'S INITIAL

28  DISCLOSURES.

**RESPONSE TO REQUEST NO. 357:**

N/A

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 357:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Jier Su's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Su's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA's business practices." This area of information is taken directly from Mattel's allegations regarding Su in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 17).

1    As to burden, Mattel has not attempted to demonstrate why responding to

2    this request and/or producing responsive documents presents any burden.  This

3    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5    request is unduly burdensome must allege specific facts which indicate the nature

6    and extent of the burden, usually by affidavit or other reliable evidence.").

7    Moreover, it is not unduly burdensome, as noted above, in that the request is

8    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10    This request does not seek documents protected by the attorney-client

11    privilege, the attorney work product doctrine, or other applicable privileges.  To the

12    extent that Mattel contends that it does, Mattel must provide a privilege log.

13    This request seeks relevant information.  Mattel identified Su in its initial

14    disclosures an individual with discoverable knowledge regarding "MGA's access to

15    Mattel's intellectual property and trade secrets" and "MGA business practices."

16    Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

17    2007, p. 17).  Accordingly, Mattel's initial disclosures demonstrate the relevance of

18    this request.  Further, this information is relevant to, among other things, Mattel's

19    trade secret defense, MGA's claims of trade dress infringement, and MGA's

20    affirmative defenses of statute of limitations and laches.

21    Mattel's objection that the request seeks information within MGA's

22    possession, custody or control is nonsensical and lacks factual support.  Mattel

23    makes no argument, let alone a factual showing, that any documents in MGA's

24    possession are duplicative of documents within Mattel's control.  MGA is entitled

25    to discovery from Mattel of documents within its possession, custody, or control

26    that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

27    a conclusory statement that MGA also possesses responsive documents.

28

1   Mattel's objection that the request seeks confidential, proprietary, and trade

2   secret information should be disregarded.  The parties have entered into a protective

3   order in this matter, which governs the handling of confidential business

4   information.  Further, Mattel has put its confidential business information at issue

5   in this litigation, including but not limited to its trade secret misappropriation claim.

6   Accordingly, it cannot resist discovery of confidential business information.

7   Finally, Mattel has improperly limited its agreement to produce to "the facts

8   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

9   the individual is identified as being knowledgeable about certain topics in Mattel's

10  initial disclosures, Mattel's obligation to produce does not end with the facts that it

11  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

12  information from the individual on the topics identified, regardless of whether it

13  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

14  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

15  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

16  MGA might be excluding documents that are responsive to the request based upon

17  its unilateral determination of what is 'relevant' or 'sufficient.'").

18  None of Mattel's improper objections are valid and Mattel is obligated to

19  produce all non-privileged responsive documents in its possession, custody, or

20  control.

21

22  **REQUEST FOR PRODUCTION NO. 358:**

23  All DOCUMENTS REFERRING OR RELATING TO Maureen Tafoya's

24  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

25  secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

26  **RESPONSE TO REQUEST NO. 358:**

27  N/A

28

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 358:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Maureen Tafoya's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

1   Generic objections that fail to explain the basis for an objection with specificity are

2   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

3   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

4   such as 'overly burdensome and harassing' are improper – especially when a party

5   fails to submit any evidentiary declarations supporting such objections").

6   Accordingly, Mattel must be compelled either to certify that it has produced all

7   non-privileged responsive documents or to produce all such documents by a date

8   certain.

9       To the extent that Mattel is relying on its blanket objections, they are not

10   sustainable and do not justify Mattel's failure to produce documents.

11      As to overbreadth, Mattel provides no explanation, let alone the required

12   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

13   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

14   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

15   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

16   custody, or control concerning Tafoya's alleged knowledge of "MGA's access to

17   Mattel's intellectual property and trade secrets."  This area of information is taken

18   directly from Mattel's allegations regarding Tafoya in its initial disclosures.

19   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

20   2007, p. 17).

21      As to burden, Mattel has not attempted to demonstrate why responding to

22   this request and/or producing responsive documents presents any burden.  This

23   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

24   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

25   request is unduly burdensome must allege specific facts which indicate the nature

26   and extent of the burden, usually by affidavit or other reliable evidence.").

27   Moreover, it is not unduly burdensome, as noted above, in that the request is

28

1   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA
2   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

3       This request does not seek documents protected by the attorney-client
4   privilege, the attorney work product doctrine, or other applicable privileges.  To the
5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6       This request seeks relevant information.  Mattel identified Tafoya in its initial
7   disclosures an individual with discoverable knowledge regarding "MGA's access to
8   Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56 (Mattel's
9   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 17).  Accordingly, Mattel's
10  initial disclosures demonstrate the relevance of this request.  Further, this
11  information is relevant to, among other things, Mattel's trade secret defense,
12  MGA's claims of trade dress infringement, and MGA's affirmative defenses of
13  statute of limitations and laches.

14      Mattel's objection that the request seeks confidential, proprietary, and trade
15  secret information should be disregarded.  The parties have entered into a protective
16  order in this matter, which governs the handling of confidential business
17  information.  Further, Mattel has put its confidential business information at issue
18  in this litigation, including but not limited to its trade secret misappropriation claim.
19  Accordingly, it cannot resist discovery of confidential business information.

20      Finally, Mattel has improperly limited its agreement to produce to "the facts
21  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that
22  the individual is identified as being knowledgeable about certain topics in Mattel's
23  initial disclosures, Mattel's obligation to produce does not end with the facts that it
24  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
25  information from the individual on the topics identified, regardless of whether it
26  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order
27  Granting Mattel's Motion to Compel Production of Documents and Interrogatory
28  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

1    MGA might be excluding documents that are responsive to the request based upon

2    its unilateral determination of what is 'relevant' or 'sufficient.'").

3         None of Mattel's improper objections are valid and Mattel is obligated to

4    produce all non-privileged responsive documents in its possession, custody, or

5    control.

6

7    **REQUEST FOR PRODUCTION NO. 359:**

8         All DOCUMENTS in Maureen Tafoya's possession or control REFERRING

9    OR RELATING TO her alleged knowledge of "MGA's access to Mattel's

10   intellectual property and trade secrets," as alleged in MATTEL'S INITIAL

11   DISCLOSURES.

12        **RESPONSE TO REQUEST NO. 359:**

13        N/A

14        **SUPPLEMENTAL RESPONSE TO REQUEST NO. 359:**

15        In addition to the general objections stated above which are incorporated

16   herein by reference, Mattel objects to this Request on the grounds that it is

17   overbroad, unduly burdensome and unintelligible, including in that it seeks all

18   documents on this subject without limitation as to time, and regardless of whether

19   such documents relate to products or matters at issue in this case. Mattel further

20   objects to the Request on the grounds that it seeks documents that are not relevant

21   to this action or likely to lead to the discovery of admissible evidence. Mattel

22   further objects to this Request on the grounds that it seeks confidential, proprietary

23   and trade secret information, including such information that has no bearing on the

24   claims or defenses in this case. Mattel further objects to this Request on the grounds

25   that it calls for the disclosure of information subject to the attorney-client privilege,

26   the attorney work-product doctrine and other applicable privileges.

27        Subject to the foregoing objections, Mattel responds as follows: Mattel will

28   produce responsive, non-privileged documents relating to Maureen Tafoya's

1  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

2  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

3  has been able to locate after a diligent search and reasonable inquiry, to the extent

4  not previously produced.

5

6  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

7  **SHOULD BE COMPELLED**

8       Mattel has improperly limited its agreement to produce documents in

9  response to this request, subject to its improper boilerplate objections.  Mattel has

10  refused to confirm whether or not it has produced all non-privileged responsive

11  documents or whether it is withholding documents based on its objections in Phase

12  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

13  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

14  Generic objections that fail to explain the basis for an objection with specificity are

15  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

16  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

17  such as 'overly burdensome and harassing' are improper – especially when a party

18  fails to submit any evidentiary declarations supporting such objections").

19  Accordingly, Mattel must be compelled either to certify that it has produced all

20  non-privileged responsive documents or to produce all such documents by a date

21  certain.

22       To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24       As to overbreadth, Mattel provides no explanation, let alone the required

25  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

- 738 -

1   custody, or control concerning Tafoya's alleged knowledge of "MGA's access to

2   Mattel's intellectual property and trade secrets."  This area of information is taken

3   directly from Mattel's allegations regarding Tafoya in its initial disclosures.

4   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

5   2007, p. 17).

6       As to burden, Mattel has not attempted to demonstrate why responding to

7   this request and/or producing responsive documents presents any burden.  This

8   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

9   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10  request is unduly burdensome must allege specific facts which indicate the nature

11  and extent of the burden, usually by affidavit or other reliable evidence.").

12  Moreover, it is not unduly burdensome, as noted above, in that the request is

13  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

14  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

15      This request does not seek documents protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges.  To the

17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18      This request seeks relevant information.  Mattel identified Tafoya in its initial

19  disclosures an individual with discoverable knowledge regarding "MGA's access to

20  Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56 (Mattel's

21  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 17).  Accordingly, Mattel's

22  initial disclosures demonstrate the relevance of this request.  Further, this

23  information is relevant to, among other things, Mattel's trade secret defense,

24  MGA's claims of trade dress infringement, and MGA's affirmative defenses of

25  statute of limitations and laches.

26      Mattel's objection that the request seeks confidential, proprietary, and trade

27  secret information should be disregarded.  The parties have entered into a protective

28  order in this matter, which governs the handling of confidential business

1   information.  Further, Mattel has put its confidential business information at issue

2   in this litigation, including but not limited to its trade secret misappropriation claim.

3   Accordingly, it cannot resist discovery of confidential business information.

4        Finally, Mattel has improperly limited its agreement to produce to "the facts

5   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

6   the individual is identified as being knowledgeable about certain topics in Mattel's

7   initial disclosures, Mattel's obligation to produce does not end with the facts that it

8   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

9   information from the individual on the topics identified, regardless of whether it

10   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

11   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

12   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

13   MGA might be excluding documents that are responsive to the request based upon

14   its unilateral determination of what is 'relevant' or 'sufficient.'").

15        None of Mattel's improper objections are valid and Mattel is obligated to

16   produce all non-privileged responsive documents in its possession, custody, or

17   control.

18

19   **REQUEST FOR PRODUCTION NO. 360:**

20        All DOCUMENTS REFERRING OR RELATING TO Gail Tamae's alleged

21   knowledge of "[t]he development and ownership of intellectual property at issue,"

22   as alleged in MATTEL'S INITIAL DISCLOSURES.

23        **RESPONSE TO REQUEST NO. 360:**

24       N/A

25        **SUPPLEMENTAL RESPONSE TO REQUEST NO. 360:**

26        In addition to the general objections stated above which are incorporated

27   herein by reference, Mattel objects to this Request on the grounds that it is

28   overbroad, unduly burdensome and unintelligible, including in that it seeks all

1   documents on this subject without limitation as to time, and regardless of whether

2   such documents relate to products or matters at issue in this case. Mattel further

3   objects to the Request on the grounds that it seeks documents that are not relevant

4   to this action or likely to lead to the discovery of admissible evidence. Mattel

5   further objects to this Request on the grounds that it seeks confidential, proprietary

6   and trade secret information, including such information that has no bearing on the

7   claims or defenses in this case. Mattel further objects to this Request on the grounds

8   that it calls for the disclosure of information subject to the attorney-client privilege,

9   the attorney work-product doctrine and other applicable privileges.

10      Subject to the foregoing objections, Mattel responds as follows: Mattel will

11   produce responsive, non-privileged documents relating to Gail Tamae's knowledge

12   of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

13   are in Mattel's possession, custody, or control, if any, that Mattel has been able to

14   locate after a diligent search and reasonable inquiry, to the extent not previously

15   produced.

16

17   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

18

19      Mattel has improperly limited its agreement to produce documents in

20   response to this request, subject to its improper boilerplate objections.  Mattel has

21   refused to confirm whether or not it has produced all non-privileged responsive

22   documents or whether it is withholding documents based on its objections in Phase

23   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

24   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

25   Generic objections that fail to explain the basis for an objection with specificity are

26   routinely rejected in the Central District.  See <u>A. Farber and Partners, Inc. v.</u>

27   <u>Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

28   such as 'overly burdensome and harassing' are improper – especially when a party

1   fails to submit any evidentiary declarations supporting such objections").

2   Accordingly, Mattel must be compelled either to certify that it has produced all

3   non-privileged responsive documents or to produce all such documents by a date

4   certain.

5       To the extent that Mattel is relying on its blanket objections, they are not

6   sustainable and do not justify Mattel's failure to produce documents.

7       As to overbreadth, Mattel provides no explanation, let alone the required

8   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

9   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

11  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

12  custody, or control concerning Tamae's alleged knowledge of "[t]he development

13  and ownership of intellectual property at issue."  This area of information is taken

14  directly from Mattel's allegations regarding Tamae in its initial disclosures.

15  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

16  2007, p. 17).

17      As to burden, Mattel has not attempted to demonstrate why responding to

18  this request and/or producing responsive documents presents any burden.  This

19  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

20  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21  request is unduly burdensome must allege specific facts which indicate the nature

22  and extent of the burden, usually by affidavit or other reliable evidence.").

23  Moreover, it is not unduly burdensome, as noted above, in that the request is

24  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

25  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

26      This request does not seek documents protected by the attorney-client

27  privilege, the attorney work product doctrine, or other applicable privileges.  To the

28  extent that Mattel contends that it does, Mattel must provide a privilege log.

1    This request seeks relevant information.  Mattel identified Tamae in its initial

2    disclosures an individual with discoverable knowledge regarding "[t]he

3    development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

4    56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 17).

5    Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

6    Further, this information is relevant to, among other things, Mattel's trade secret

7    defense and MGA's claims of trade dress infringement.

8        Mattel's objection that the request seeks confidential, proprietary, and trade

9    secret information should be disregarded.  The parties have entered into a protective

10   order in this matter, which governs the handling of confidential business

11   information.  Further, Mattel has put its confidential business information at issue

12   in this litigation, including but not limited to its trade secret misappropriation claim.

13   Accordingly, it cannot resist discovery of confidential business information.

14       Finally, Mattel has improperly limited its agreement to produce to "the facts

15   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

16   the individual is identified as being knowledgeable about certain topics in Mattel's

17   initial disclosures, Mattel's obligation to produce does not end with the facts that it

18   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

19   information from the individual on the topics identified, regardless of whether it

20   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

21   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

22   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

23   MGA might be excluding documents that are responsive to the request based upon

24   its unilateral determination of what is 'relevant' or 'sufficient.'").

25       None of Mattel's improper objections are valid and Mattel is obligated to

26   produce all non-privileged responsive documents in its possession, custody, or

27   control.

28

OHS West:260723198

- 743 -

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET THREE;  CV 04-9049 SGL (RNBx)

1  **REQUEST FOR PRODUCTION NO. 361:**

2      All DOCUMENTS in Gail Tamae's possession or control REFERRING OR

3  RELATING TO her alleged knowledge of "[t]he development and ownership of

4  intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

5      **RESPONSE TO REQUEST NO. 361:**

6      N/A

7      **SUPPLEMENTAL RESPONSE TO REQUEST NO. 361:**

8      In addition to the general objections stated above which are incorporated

9  herein by reference, Mattel objects to this Request on the grounds that it is

10 overbroad, unduly burdensome and unintelligible, including in that it seeks all

11 documents on this subject without limitation as to time, and regardless of whether

12 such documents relate to products or matters at issue in this case. Mattel further

13 objects to the Request on the grounds that it seeks documents that are not relevant

14 to this action or likely to lead to the discovery of admissible evidence. Mattel

15 further objects to this Request on the grounds that it seeks confidential, proprietary

16 and trade secret information, including such information that has no bearing on the

17 claims or defenses in this case. Mattel further objects to this Request on the grounds

18 that it calls for the disclosure of information subject to the attorney-client privilege,

19 the attorney work-product doctrine and other applicable privileges.

20     Subject to the foregoing objections, Mattel responds as follows: Mattel will

21 produce responsive, non-privileged documents relating to Gail Tamae's knowledge

22 of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

23 are in Mattel's possession, custody, or control, if any, that Mattel has been able to

24 locate after a diligent search and reasonable inquiry, to the extent not previously

25 produced.

26

27 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

28

1       Mattel has improperly limited its agreement to produce documents in

2   response to this request, subject to its improper boilerplate objections.  Mattel has

3   refused to confirm whether or not it has produced all non-privileged responsive

4   documents or whether it is withholding documents based on its objections in Phase

5   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

6   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

7   Generic objections that fail to explain the basis for an objection with specificity are

8   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

9   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

10  such as 'overly burdensome and harassing' are improper – especially when a party

11  fails to submit any evidentiary declarations supporting such objections").

12  Accordingly, Mattel must be compelled either to certify that it has produced all

13  non-privileged responsive documents or to produce all such documents by a date

14  certain.

15      To the extent that Mattel is relying on its blanket objections, they are not

16  sustainable and do not justify Mattel's failure to produce documents.

17      As to overbreadth, Mattel provides no explanation, let alone the required

18  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

19  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

20  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

21  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

22  custody, or control concerning Tamae's alleged knowledge of "[t]he development

23  and ownership of intellectual property at issue."  This area of information is taken

24  directly from Mattel's allegations regarding Tamae in its initial disclosures.

25  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

26  2007, p. 17).

27      As to burden, Mattel has not attempted to demonstrate why responding to

28  this request and/or producing responsive documents presents any burden.  This

- 745 -

1   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

2   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3   request is unduly burdensome must allege specific facts which indicate the nature

4   and extent of the burden, usually by affidavit or other reliable evidence.").

5   Moreover, it is not unduly burdensome, as noted above, in that the request is

6   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

7   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

8       This request does not seek documents protected by the attorney-client

9   privilege, the attorney work product doctrine, or other applicable privileges.  To the

10  extent that Mattel contends that it does, Mattel must provide a privilege log.

11      This request seeks relevant information.  Mattel identified Tamae in its initial

12  disclosures an individual with discoverable knowledge regarding "[t]he

13  development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

14  56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 17).

15  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

16  Further, this information is relevant to, among other things, Mattel's trade secret

17  defense and MGA's claims of trade dress infringement.

18      Mattel's objection that the request seeks confidential, proprietary, and trade

19  secret information should be disregarded.  The parties have entered into a protective

20  order in this matter, which governs the handling of confidential business

21  information.  Further, Mattel has put its confidential business information at issue

22  in this litigation, including but not limited to its trade secret misappropriation claim.

23  Accordingly, it cannot resist discovery of confidential business information.

24      Finally, Mattel has improperly limited its agreement to produce to "the facts

25  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

26  the individual is identified as being knowledgeable about certain topics in Mattel's

27  initial disclosures, Mattel's obligation to produce does not end with the facts that it

28  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

1  information from the individual on the topics identified, regardless of whether it

2  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

3  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

4  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

5  MGA might be excluding documents that are responsive to the request based upon

6  its unilateral determination of what is 'relevant' or 'sufficient.'").

7       None of Mattel's improper objections are valid and Mattel is obligated to

8  produce all non-privileged responsive documents in its possession, custody, or

9  control.

10

11  **REQUEST FOR PRODUCTION NO. 362:**

12       All DOCUMENTS REFERRING OR RELATING TO Lisa Tawil's alleged

13  knowledge of "MGA's access to Mattel's intellectual property and trade secrets"

14  and "MGA business practices," as alleged in MATTEL'S INITIAL

15  DISCLOSURES.

16       **RESPONSE TO REQUEST NO. 362:**

17       N/A

18       **SUPPLEMENTAL RESPONSE TO REQUEST NO. 362:**

19       In addition to the general objections stated above which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is

21  overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case. Mattel further

24  objects to the Request on the grounds that it seeks documents that are not relevant

25  to this action or likely to lead to the discovery of admissible evidence. Mattel

26  further objects to this Request on the grounds that it calls for documents or

27  information in the possession, custody or control of MGA, including without

28  limitation documents and information that MGA has been compelled by Court

1   orders to produce but has not produced. Mattel further objects to this Request on

2   the grounds that it seeks confidential, proprietary and trade secret information,

3   including such information that has no bearing on the claims or defenses in this

4   case. Mattel further objects to this Request on the grounds that it calls for the

5   disclosure of information subject to the attorney-client privilege, the attorney work-

6   product doctrine and other applicable privileges.

7        Subject to the foregoing objections, Mattel responds as follows: Mattel ill

8   produce responsive, non-privileged documents relating to Lisa Tawil's knowledge

9   of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

10  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

11  locate after a diligent search and reasonable inquiry, to the extent not previously

12  produced.

13

14  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

15  **SHOULD BE COMPELLED**

16       Mattel has improperly limited its agreement to produce documents in

17  response to this request, subject to its improper boilerplate objections.  Mattel has

18  refused to confirm whether or not it has produced all non-privileged responsive

19  documents or whether it is withholding documents based on its objections in Phase

20  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

21  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

22  Generic objections that fail to explain the basis for an objection with specificity are

23  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

24  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

25  such as 'overly burdensome and harassing' are improper – especially when a party

26  fails to submit any evidentiary declarations supporting such objections").

27  Accordingly, Mattel must be compelled either to certify that it has produced all

28  non-privileged responsive documents or to produce all such documents by a date

- 748 -

1   certain.

2   　　　To the extent that Mattel is relying on its blanket objections, they are not

3   sustainable and do not justify Mattel's failure to produce documents.

4   　　　As to overbreadth, Mattel provides no explanation, let alone the required

5   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

6   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

7   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

8   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

9   custody, or control concerning Tawil's alleged knowledge of "MGA's access to

10  Mattel's intellectual property and trade secrets" and "MGA's business practices."

11  This area of information is taken directly from Mattel's allegations regarding Tawil

12  in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

13  Disclosures, dated Jan. 5, 2007, p. 18).

14  　　　As to burden, Mattel has not attempted to demonstrate why responding to

15  this request and/or producing responsive documents presents any burden.  This

16  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

17  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.").

20  Moreover, it is not unduly burdensome, as noted above, in that the request is

21  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

22  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

23  　　　This request does not seek documents protected by the attorney-client

24  privilege, the attorney work product doctrine, or other applicable privileges.  To the

25  extent that Mattel contends that it does, Mattel must provide a privilege log.

26  　　　This request seeks relevant information.  Mattel identified Tawil in its initial

27  disclosures an individual with discoverable knowledge regarding "MGA's access to

28  Mattel's intellectual property and trade secrets" and "MGA business practices."

1   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

2   2007, p. 18).  Accordingly, Mattel's initial disclosures demonstrate the relevance of

3   this request.  Further, this information is relevant to, among other things, Mattel's

4   trade secret defense, MGA's claims of trade dress infringement, and MGA's

5   affirmative defenses of statute of limitations and laches.

6        Mattel's objection that the request seeks information within MGA's

7   possession, custody or control is nonsensical and lacks factual support.  Mattel

8   makes no argument, let alone a factual showing, that any documents in MGA's

9   possession are duplicative of documents within Mattel's control.  MGA is entitled

10  to discovery from Mattel of documents within its possession, custody, or control

11  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

12  a conclusory statement that MGA also possesses responsive documents.

13       Mattel's objection that the request seeks confidential, proprietary, and trade

14  secret information should be disregarded.  The parties have entered into a protective

15  order in this matter, which governs the handling of confidential business

16  information.  Further, Mattel has put its confidential business information at issue

17  in this litigation, including but not limited to its trade secret misappropriation claim.

18  Accordingly, it cannot resist discovery of confidential business information.

19       Finally, Mattel has improperly limited its agreement to produce to "the facts

20  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

21  the individual is identified as being knowledgeable about certain topics in Mattel's

22  initial disclosures, Mattel's obligation to produce does not end with the facts that it

23  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

24  information from the individual on the topics identified, regardless of whether it

25  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

26  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

27  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

28  MGA might be excluding documents that are responsive to the request based upon

1    its unilateral determination of what is 'relevant' or 'sufficient.'").

2         None of Mattel's improper objections are valid and Mattel is obligated to

3    produce all non-privileged responsive documents in its possession, custody, or

4    control.

5

6    **REQUEST FOR PRODUCTION NO. 363:**

7         All DOCUMENTS REFERRING OR RELATING TO Marla Reynolds

8    Thompson's alleged knowledge of "MGA's access to Mattel's intellectual property

9    and trade secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

10        **RESPONSE TO REQUEST NO. 363:**

11        In addition to the general objections stated above which are incorporated

12   herein by reference, Mattel objects to this Request on the grounds that it is

13   overbroad, unduly burdensome and unintelligible, including in that it seeks all

14   documents on this subject without limitation as to time, and regardless of whether

15   such documents relate to products or matters at issue in this case. Mattel further

16   objects to the Request on the grounds that it seeks documents that are not relevant

17   to this action or likely to lead to the discovery of admissible evidence. Mattel

18   further objects to this Request on the grounds that it seeks confidential, proprietary

19   and trade secret information that has no bearing on the claims or defenses in this case.

20   Mattel further objects to this Request on the grounds that it calls for the disclosure of

21   information subject to the attorney-client privilege, the attorney work-product

22   doctrine and other applicable privileges.

23        **SUPPLEMENTAL RESPONSE TO REQUEST NO. 363:**

24        In addition to the general objections stated above which are incorporated

25   herein by reference, Mattel objects to this Request on the grounds that it is

26   overbroad, unduly burdensome and unintelligible, including in that it seeks all

27   documents on this subject without limitation as to time, and regardless of whether

28   such documents relate to products or matters at issue in this case. Mattel further

1   objects to the Request on the grounds that it seeks documents that are not relevant

2   to this action or likely to lead to the discovery of admissible evidence. Mattel

3   further objects to this Request on the grounds that it calls for documents or

4   information in the possession, custody or control of MGA, including without

5   limitation documents and information that MGA has been compelled by Court

6   orders to produce but has not produced. Mattel further objects to this Request on

7   the grounds that it seeks confidential, proprietary and trade secret information,

8   including such information that has no bearing on the claims or defenses in this

9   case. Mattel further objects to this Request on the grounds that it calls for the

10  disclosure of information subject to the attorney-client privilege, the attorney work-

11  product doctrine and other applicable privileges.

12      Subject to the foregoing objections, Mattel responds as follows: Mattel will

13  produce responsive, non-privileged documents relating to Marla Reynolds

14  Thompson's knowledge of the facts at issue in this litigation as alleged in Mattel's

15  Initial Disclosures that are in Mattel's possession, custody, or control, if any, that

16  Mattel has been able to locate after a diligent search and reasonable inquiry, to the

17  extent not previously produced.

18
19      **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
        SHOULD BE COMPELLED**

20
21      Mattel has improperly limited its agreement to produce documents in

22  response to this request, subject to its improper boilerplate objections.  Mattel has

23  refused to confirm whether or not it has produced all non-privileged responsive

24  documents or whether it is withholding documents based on its objections in Phase

25  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

26  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

27  Generic objections that fail to explain the basis for an objection with specificity are

28  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

1   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

2   such as 'overly burdensome and harassing' are improper – especially when a party

3   fails to submit any evidentiary declarations supporting such objections").

4   Accordingly, Mattel must be compelled either to certify that it has produced all

5   non-privileged responsive documents or to produce all such documents by a date

6   certain.

7        To the extent that Mattel is relying on its blanket objections, they are not

8   sustainable and do not justify Mattel's failure to produce documents.

9        As to overbreadth, Mattel provides no explanation, let alone the required

10  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

11  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

14  custody, or control concerning Thompson's alleged knowledge of "MGA's access

15  to Mattel's intellectual property and trade secrets."  This area of information is

16  taken directly from Mattel's allegations regarding Thompson in its initial

17  disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures,

18  dated Jan. 5, 2007, p. 18).

19       As to burden, Mattel has not attempted to demonstrate why responding to

20  this request and/or producing responsive documents presents any burden.  This

21  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

22  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23  request is unduly burdensome must allege specific facts which indicate the nature

24  and extent of the burden, usually by affidavit or other reliable evidence.").

25  Moreover, it is not unduly burdensome, as noted above, in that the request is

26  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

27  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

28       This request does not seek documents protected by the attorney-client

1   privilege, the attorney work product doctrine, or other applicable privileges.  To the
2   extent that Mattel contends that it does, Mattel must provide a privilege log.

3       This request seeks relevant information.  Mattel identified Thompson in its
4   initial disclosures an individual with discoverable knowledge regarding "MGA's
5   access to Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56
6   (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 18).  Accordingly,
7   Mattel's initial disclosures demonstrate the relevance of this request.  Further, this
8   information is relevant to, among other things, Mattel's trade secret defense,
9   MGA's claims of trade dress infringement, and MGA's affirmative defenses of
10  statute of limitations and laches.

11      Mattel's objection that the request seeks information within MGA's
12  possession, custody or control is nonsensical and lacks factual support.  Mattel
13  makes no argument, let alone a factual showing, that any documents in MGA's
14  possession are duplicative of documents within Mattel's control.  MGA is entitled
15  to discovery from Mattel of documents within its possession, custody, or control
16  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making
17  a conclusory statement that MGA also possesses responsive documents.

18      Mattel's objection that the request seeks confidential, proprietary, and trade
19  secret information should be disregarded.  The parties have entered into a protective
20  order in this matter, which governs the handling of confidential business
21  information.  Further, Mattel has put its confidential business information at issue
22  in this litigation, including but not limited to its trade secret misappropriation claim.
23  Accordingly, it cannot resist discovery of confidential business information.

24      Finally, Mattel has improperly limited its agreement to produce to "the facts
25  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that
26  the individual is identified as being knowledgeable about certain topics in Mattel's
27  initial disclosures, Mattel's obligation to produce does not end with the facts that it
28  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

1   information from the individual on the topics identified, regardless of whether it

2   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

3   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

4   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

5   MGA might be excluding documents that are responsive to the request based upon

6   its unilateral determination of what is 'relevant' or 'sufficient.'").

7        None of Mattel's improper objections are valid and Mattel is obligated to

8   produce all non-privileged responsive documents in its possession, custody, or

9   control.

10

11  **REQUEST FOR PRODUCTION NO. 364:**

12       All DOCUMENTS REFERRING OR RELATING TO Michele Thompson's

13  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

14  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

15  DISCLOSURES.

16       **RESPONSE TO REQUEST NO. 364:**

17       In addition to the general objections stated above which are incorporated

18  herein by reference, Mattel objects to this Request on the grounds that it is

19  overbroad, unduly burdensome and unintelligible, including in that it seeks all

20  documents on this subject without limitation as to time, and regardless of whether

21  such documents relate to products or matters at issue in this case. Mattel further

22  objects to the Request on the grounds that it seeks documents that are not relevant

23  to this action or likely to lead to the discovery of admissible evidence. Mattel

24  further objects to this Request on the grounds that it seeks confidential, proprietary

25  and trade secret information that has no bearing on the claims or defenses in this

26  case. Mattel further objects to this Request on the grounds that it calls for the

27  disclosure of information subject to the attorney-client privilege, the attorney work-

28  product doctrine and other applicable privileges.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 364:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Michele Thompson's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has

- 756 -

1   refused to confirm whether or not it has produced all non-privileged responsive

2   documents or whether it is withholding documents based on its objections in Phase

3   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

4   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

5   Generic objections that fail to explain the basis for an objection with specificity are

6   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

7   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

8   such as 'overly burdensome and harassing' are improper – especially when a party

9   fails to submit any evidentiary declarations supporting such objections").

10  Accordingly, Mattel must be compelled either to certify that it has produced all

11  non-privileged responsive documents or to produce all such documents by a date

12  certain.

13        To the extent that Mattel is relying on its blanket objections, they are not

14  sustainable and do not justify Mattel's failure to produce documents.

15        As to overbreadth, Mattel provides no explanation, let alone the required

16  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

17  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

18  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

19  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

20  custody, or control concerning Thompson's alleged knowledge of "MGA's access

21  to Mattel's intellectual property and trade secrets" and "MGA's business practices."

22  This area of information is taken directly from Mattel's allegations regarding

23  Thompson in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

24  Initial Disclosures, dated Jan. 5, 2007, p. 18).

25        As to burden, Mattel has not attempted to demonstrate why responding to

26  this request and/or producing responsive documents presents any burden.  This

27  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

28  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1   request is unduly burdensome must allege specific facts which indicate the nature

2   and extent of the burden, usually by affidavit or other reliable evidence.").

3   Moreover, it is not unduly burdensome, as noted above, in that the request is

4   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

5   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

6       This request does not seek documents protected by the attorney-client

7   privilege, the attorney work product doctrine, or other applicable privileges.  To the

8   extent that Mattel contends that it does, Mattel must provide a privilege log.

9       This request seeks relevant information.  Mattel identified Thompson in its

10  initial disclosures an individual with discoverable knowledge regarding "MGA's

11  access to Mattel's intellectual property and trade secrets" and "MGA business

12  practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

13  Jan. 5, 2007, p. 18).  Accordingly, Mattel's initial disclosures demonstrate the

14  relevance of this request.  Further, this information is relevant to, among other

15  things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

16  and MGA's affirmative defenses of statute of limitations and laches.

17      Mattel's objection that the request seeks information within MGA's

18  possession, custody or control is nonsensical and lacks factual support.  Mattel

19  makes no argument, let alone a factual showing, that any documents in MGA's

20  possession are duplicative of documents within Mattel's control.  MGA is entitled

21  to discovery from Mattel of documents within its possession, custody, or control

22  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

23  a conclusory statement that MGA also possesses responsive documents.

24      Mattel's objection that the request seeks confidential, proprietary, and trade

25  secret information should be disregarded.  The parties have entered into a protective

26  order in this matter, which governs the handling of confidential business

27  information.  Further, Mattel has put its confidential business information at issue

28  in this litigation, including but not limited to its trade secret misappropriation claim.

1 Accordingly, it cannot resist discovery of confidential business information.

2        Finally, Mattel has improperly limited its agreement to produce to "the facts

3 at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

4 the individual is identified as being knowledgeable about certain topics in Mattel's

5 initial disclosures, Mattel's obligation to produce does not end with the facts that it

6 has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

7 information from the individual on the topics identified, regardless of whether it

8 supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

9 Granting Mattel's Motion to Compel Production of Documents and Interrogatory

10 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

11 MGA might be excluding documents that are responsive to the request based upon

12 its unilateral determination of what is 'relevant' or 'sufficient.'").

13        None of Mattel's improper objections are valid and Mattel is obligated to

14 produce all non-privileged responsive documents in its possession, custody, or

15 control.

16

17 **REQUEST FOR PRODUCTION NO. 365:**

18        All DOCUMENTS REFERRING OR RELATING TO Ben Ton's alleged

19 knowledge of "[d]esign and development of Bratz and Bryant's work with or for

20 MGA during his Mattel employment" and "MGA business practices," as alleged in

21 MATTEL'S INITIAL DISCLOSURES.

22        **RESPONSE TO REQUEST NO. 365:**

23        In addition to the general objections stated above which are incorporated

24 herein by reference, Mattel objects to this Request on the grounds that it is

25 overbroad, unduly burdensome and unintelligible, including in that it seeks all

26 documents on this subject without limitation as to time, and regardless of whether

27 such documents relate to products or matters at issue in this case. Mattel further

28 objects to the Request on the grounds that it seeks documents that are not relevant

1   to this action or likely to lead to the discovery of admissible evidence. Mattel

2   further objects to this Request on the grounds that it seeks confidential, proprietary

3   and trade secret information that has no bearing on the claims or defenses in this

4   case. Mattel further objects to this Request on the grounds that it calls for the

5   disclosure of information subject to the attorney-client privilege, the attorney work-

6   product doctrine and other applicable privileges.

7   ## SUPPLEMENTAL RESPONSE TO REQUEST NO. 365:

8   In addition to the general objections stated above which are incorporated

9   herein by reference, Mattel objects to this Request on the grounds that it is

10  overbroad, unduly burdensome and unintelligible, including in that it seeks all

11  documents on this subject without limitation as to time, and regardless of whether

12  such documents relate to products or matters at issue in this case. Mattel further

13  objects to the Request on the grounds that it seeks documents that are not relevant

14  to this action or likely to lead to the discovery of admissible evidence. Mattel

15  further objects to this Request on the grounds that it calls for documents or

16  information in the possession, custody or control of MGA and/or Bryant, including

17  without limitation documents and information that MGA and Bryant have been

18  compelled by Court orders to produce but have not produced. Mattel further objects

19  to this Request on the grounds that it seeks confidential, proprietary and trade secret

20  information, including such information that has no bearing on the claims or

21  defenses in this case. Mattel further objects to this Request on the grounds that it

22  calls for the disclosure of information subject to the attorney-client privilege, the

23  attorney work-product doctrine and other applicable privileges.

24  Subject to the foregoing objections, Mattel responds as follows: Mattel will

25  produce responsive, non-privileged documents relating to Ben Ton's knowledge of

26  the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are

27  in Mattel's possession, custody, or control, if any, that Mattel has been able to

28

1  locate after a diligent search and reasonable inquiry, to the extent not previously

2  produced.

3

4  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

5  **SHOULD BE COMPELLED**

6  Mattel has improperly limited its agreement to produce documents in

7  response to this request, subject to its improper boilerplate objections.  Mattel has

8  refused to confirm whether or not it has produced all non-privileged responsive

9  documents or whether it is withholding documents based on its objections in Phase

10  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

11  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

12  Generic objections that fail to explain the basis for an objection with specificity are

13  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

14  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

15  such as 'overly burdensome and harassing' are improper – especially when a party

16  fails to submit any evidentiary declarations supporting such objections").

17  Accordingly, Mattel must be compelled either to certify that it has produced all

18  non-privileged responsive documents or to produce all such documents by a date

19  certain.

20  To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.

22  As to overbreadth, Mattel provides no explanation, let alone the required

23  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

24  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

27  custody, or control concerning Ton's alleged knowledge of "[d]esign and

28  development of Bratz and Bryant's work with or for MGA during his Mattel

1    employment" and "MGA business practices."  This area of information is taken

2    directly from Mattel's allegations regarding Ton in its initial disclosures.  Rutowski

3    Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 18).

4         As to burden, Mattel has not attempted to demonstrate why responding to

5    this request and/or producing responsive documents presents any burden.  This

6    objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

7    <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8    request is unduly burdensome must allege specific facts which indicate the nature

9    and extent of the burden, usually by affidavit or other reliable evidence.").

10   Moreover, it is not unduly burdensome, as noted above, in that the request is

11   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

12   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

13        This request does not seek documents protected by the attorney-client

14   privilege, the attorney work product doctrine, or other applicable privileges.  To the

15   extent that Mattel contends that it does, Mattel must provide a privilege log.

16        This request seeks relevant information.  Mattel identified Ton in its initial

17   disclosures an individual with discoverable knowledge regarding "[d]esign and

18   development of Bratz and Bryant's work with or for MGA during his Mattel

19   employment" and "MGA business practices."  Rutowski Decl. Ex. 56 (Mattel's

20   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 18).  Accordingly, Mattel's

21   initial disclosures demonstrate the relevance of this request.  Further, this

22   information is relevant to, among other things, Mattel's trade secret defense,

23   MGA's claims of trade dress infringement, and MGA's affirmative defenses of

24   statute of limitations and laches.

25        Mattel's objection that the request seeks information within MGA's

26   possession, custody or control is nonsensical and lacks factual support.  Mattel

27   makes no argument, let alone a factual showing, that any documents in MGA's

28   possession are duplicative of documents within Mattel's control.  MGA is entitled

1   to discovery from Mattel of documents within its possession, custody, or control

2   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

3   a conclusory statement that MGA also possesses responsive documents.

4        Mattel's objection that the request seeks confidential, proprietary, and trade

5   secret information should be disregarded.  The parties have entered into a protective

6   order in this matter, which governs the handling of confidential business

7   information.  Further, Mattel has put its confidential business information at issue

8   in this litigation, including but not limited to its trade secret misappropriation claim.

9   Accordingly, it cannot resist discovery of confidential business information.

10       Finally, Mattel has improperly limited its agreement to produce to "the facts

11  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

12  the individual is identified as being knowledgeable about certain topics in Mattel's

13  initial disclosures, Mattel's obligation to produce does not end with the facts that it

14  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

15  information from the individual on the topics identified, regardless of whether it

16  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

17  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

18  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

19  MGA might be excluding documents that are responsive to the request based upon

20  its unilateral determination of what is 'relevant' or 'sufficient.'").

21       None of Mattel's improper objections are valid and Mattel is obligated to

22  produce all non-privileged responsive documents in its possession, custody, or

23  control.

24

25  **REQUEST FOR PRODUCTION NO. 366:**

26       All DOCUMENTS REFERRING OR RELATING TO Paula Dianthe

27  Treantafelles Garcia's alleged knowledge of "[d]esign and development of Bratz

28  and Bryant's work with or for MGA during his Mattel employment," "Bryant's

1  breach of obligations to Mattel," "MGA's theft of Mattel's intellectual property and

2  trade secrets," and "MGA business practices," as alleged in MATTEL'S INITIAL

3  DISCLOSURES.

4  **RESPONSE TO REQUEST NO. 366:**

5      In addition to the general objections stated above which are incorporated

6  herein by reference, Mattel objects to this Request on the grounds that it is

7  overbroad, unduly burdensome and unintelligible, including in that it seeks all

8  documents on this subject without limitation as to time, and regardless of whether

9  such documents relate to products or matters at issue in this case. Mattel further

10 objects to the Request on the grounds that it seeks documents that are not relevant

11 to this action or likely to lead to the discovery of admissible evidence. Mattel

12 further objects to this Request on the grounds that it seeks confidential, proprietary

13 and trade secret information that has no bearing on the claims or defenses in this

14 case. Mattel further objects to this Request on the grounds that it calls for the

15 disclosure of information subject to the attorney-client privilege, the attorney work-

16 product doctrine and other applicable privileges.

17 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 366:**

18     In addition to the general objections stated above which are incorporated

19 herein by reference, Mattel objects to this Request on the grounds that it is

20 overbroad, unduly burdensome and unintelligible, including in that it seeks all

21 documents on this subject without limitation as to time, and regardless of whether

22 such documents relate to products or matters at issue in this case. Mattel further

23 objects to the Request on the grounds that it seeks documents that are not relevant

24 to this action or likely to lead to the discovery of admissible evidence. Mattel

25 further objects to this Request on the grounds that it calls for documents or

26 information in the possession, custody or control of MGA and/or Bryant, including

27 without limitation documents and information that MGA and Bryant have been

28 compelled by Court orders to produce but have not produced. Mattel further objects

1   to this Request on the grounds that it seeks confidential, proprietary and trade secret

2   information, including such information that has no bearing on the claims or

3   defenses in this case. Mattel further objects to this Request on the grounds that it

4   calls for the disclosure of information subject to the attorney-client privilege, the

5   attorney work-product doctrine and other applicable privileges.

6       Subject to the foregoing objections, Mattel responds as follows: Mattel will

7   produce responsive, non-privileged documents relating to Paula Dianthe

8   Treantafelles Garcia's knowledge of the facts at issue in this litigation as alleged in

9   Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if

10   any, that Mattel has been able to locate after a diligent search and reasonable

11   inquiry, to the extent not previously produced.

12

13     **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
      SHOULD BE COMPELLED**

14

15       Mattel has improperly limited its agreement to produce documents in

16   response to this request, subject to its improper boilerplate objections.  Mattel has

17   refused to confirm whether or not it has produced all non-privileged responsive

18   documents or whether it is withholding documents based on its objections in Phase

19   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

20   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

21   Generic objections that fail to explain the basis for an objection with specificity are

22   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

23   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

24   such as 'overly burdensome and harassing' are improper – especially when a party

25   fails to submit any evidentiary declarations supporting such objections").

26   Accordingly, Mattel must be compelled either to certify that it has produced all

27   non-privileged responsive documents or to produce all such documents by a date

28   certain.

1      To the extent that Mattel is relying on its blanket objections, they are not

2   sustainable and do not justify Mattel's failure to produce documents.

3      As to overbreadth, Mattel provides no explanation, let alone the required

4   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

8   custody, or control concerning Garcia's alleged knowledge of "[d]esign and

9   development of Bratz and Bryant's work with or for MGA during his Mattel

10  employment," "Bryant's breach of obligations to Mattel," "MGA's theft of Mattel's

11  intellectual property and trade secrets," and "MGA business practices."  This area

12  of information is taken directly from Mattel's allegations regarding Garcia in its

13  initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

14  Disclosures, dated Jan. 5, 2007, p. 18).

15     As to burden, Mattel has not attempted to demonstrate why responding to

16  this request and/or producing responsive documents presents any burden.  This

17  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.").

21  Moreover, it is not unduly burdensome, as noted above, in that the request is

22  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

23  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

24     This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges.  To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27     This request seeks relevant information.  Mattel identified Garcia in its initial

28  disclosures an individual with discoverable knowledge regarding "[d]esign and

1   development of Bratz and Bryant's work with or for MGA during his Mattel

2   employment," "Bryant's breach of obligations to Mattel," "MGA's theft of Mattel's

3   intellectual property and trade secrets," and "MGA business practices."  Rutowski

4   Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 18).

5   Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

6   Further, this information is relevant to, among other things, Mattel's trade secret

7   defense, MGA's claims of trade dress infringement, and MGA's affirmative

8   defenses of statute of limitations and laches.

9        Mattel's objection that the request seeks information within MGA's

10   possession, custody or control is nonsensical and lacks factual support.  Mattel

11   makes no argument, let alone a factual showing, that any documents in MGA's

12   possession are duplicative of documents within Mattel's control.  MGA is entitled

13   to discovery from Mattel of documents within its possession, custody, or control

14   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

15   a conclusory statement that MGA also possesses responsive documents.

16        Mattel's objection that the request seeks confidential, proprietary, and trade

17   secret information should be disregarded.  The parties have entered into a protective

18   order in this matter, which governs the handling of confidential business

19   information.  Further, Mattel has put its confidential business information at issue

20   in this litigation, including but not limited to its trade secret misappropriation claim.

21   Accordingly, it cannot resist discovery of confidential business information.

22        Finally, Mattel has improperly limited its agreement to produce to "the facts

23   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

24   the individual is identified as being knowledgeable about certain topics in Mattel's

25   initial disclosures, Mattel's obligation to produce does not end with the facts that it

26   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

27   information from the individual on the topics identified, regardless of whether it

28   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

1   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

2   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

3   MGA might be excluding documents that are responsive to the request based upon

4   its unilateral determination of what is 'relevant' or 'sufficient.'").

5        None of Mattel's improper objections are valid and Mattel is obligated to

6   produce all non-privileged responsive documents in its possession, custody, or

7   control.

8

9   **REQUEST FOR PRODUCTION NO. 367:**

10       All DOCUMENTS REFERRING OR RELATING TO Frankie Tsang's

11  alleged knowledge of "MGA's theft of Mattel's intellectual property and trade

12  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

13  DISCLOSURES.

14       **RESPONSE TO REQUEST NO. 367:**

15       In addition to the general objections stated above which are incorporated

16  herein by reference, Mattel objects to this Request on the grounds that it is

17  overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case. Mattel further

20  objects to the Request on the grounds that it seeks documents that are not relevant

21  to this action or likely to lead to the discovery of admissible evidence. Mattel

22  further objects to this Request on the grounds that it seeks confidential, proprietary

23  and trade secret information that has no bearing on the claims or defenses in this

24  case. Mattel further objects to this Request on the grounds that it calls for the

25  disclosure of information subject to the attorney-client privilege, the attorney work-

26  product doctrine and other applicable privileges.

27

28

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 367:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA and/or Bryant, including without limitation documents and information that MGA and Bryant have been compelled by Court orders to produce but have not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Frankie Tsang's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has

1   refused to confirm whether or not it has produced all non-privileged responsive

2   documents or whether it is withholding documents based on its objections in Phase

3   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

4   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

5   Generic objections that fail to explain the basis for an objection with specificity are

6   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

7   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

8   such as 'overly burdensome and harassing' are improper – especially when a party

9   fails to submit any evidentiary declarations supporting such objections").

10  Accordingly, Mattel must be compelled either to certify that it has produced all

11  non-privileged responsive documents or to produce all such documents by a date

12  certain.

13          To the extent that Mattel is relying on its blanket objections, they are not

14  sustainable and do not justify Mattel's failure to produce documents.

15          As to overbreadth, Mattel provides no explanation, let alone the required

16  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

17  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

18  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

19  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

20  custody, or control concerning Tsang's alleged knowledge of "MGA's theft of

21  Mattel's intellectual property and trade secrets" and "MGA's business practices."

22  This area of information is taken directly from Mattel's allegations regarding Tsang

23  in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

24  Disclosures, dated Jan. 5, 2007, p. 18).

25          As to burden, Mattel has not attempted to demonstrate why responding to

26  this request and/or producing responsive documents presents any burden.  This

27  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

28  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1   request is unduly burdensome must allege specific facts which indicate the nature

2   and extent of the burden, usually by affidavit or other reliable evidence."). 

3   Moreover, it is not unduly burdensome, as noted above, in that the request is

4   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

5   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

6       This request does not seek documents protected by the attorney-client

7   privilege, the attorney work product doctrine, or other applicable privileges.  To the

8   extent that Mattel contends that it does, Mattel must provide a privilege log.

9       This request seeks relevant information.  Mattel identified Tsang in its initial

10   disclosures an individual with discoverable knowledge regarding "MGA's theft of

11   Mattel's intellectual property and trade secrets" and "MGA business practices."

12   Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

13   2007, p. 18).  Accordingly, Mattel's initial disclosures demonstrate the relevance of

14   this request.  Further, this information is relevant to, among other things, Mattel's

15   trade secret defense, MGA's claims of trade dress infringement, and MGA's

16   affirmative defenses of statute of limitations and laches.

17       Mattel's objection that the request seeks information within MGA's

18   possession, custody or control is nonsensical and lacks factual support.  Mattel

19   makes no argument, let alone a factual showing, that any documents in MGA's

20   possession are duplicative of documents within Mattel's control.  MGA is entitled

21   to discovery from Mattel of documents within its possession, custody, or control

22   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

23   a conclusory statement that MGA also possesses responsive documents.

24       Mattel's objection that the request seeks confidential, proprietary, and trade

25   secret information should be disregarded.  The parties have entered into a protective

26   order in this matter, which governs the handling of confidential business

27   information.  Further, Mattel has put its confidential business information at issue

28   in this litigation, including but not limited to its trade secret misappropriation claim.

1    Accordingly, it cannot resist discovery of confidential business information.

2    　　　　Finally, Mattel has improperly limited its agreement to produce to "the facts

3    at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

4    the individual is identified as being knowledgeable about certain topics in Mattel's

5    initial disclosures, Mattel's obligation to produce does not end with the facts that it

6    has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

7    information from the individual on the topics identified, regardless of whether it

8    supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

9    Granting Mattel's Motion to Compel Production of Documents and Interrogatory

10   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

11   MGA might be excluding documents that are responsive to the request based upon

12   its unilateral determination of what is 'relevant' or 'sufficient.'").

13   　　　　None of Mattel's improper objections are valid and Mattel is obligated to

14   produce all non-privileged responsive documents in its possession, custody, or

15   control.

16

17   **REQUEST FOR PRODUCTION NO. 368:**

18   　　　　All DOCUMENTS REFERRING OR RELATING TO Vivianne Waisman's

19   alleged knowledge of "MGA's access to Mattel's intellectual property and trade

20   secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

21   　　　　**RESPONSE TO REQUEST NO. 368:**

22   　　　　In addition to the general objections stated above which are incorporated

23   herein by reference, Mattel objects to this Request on the grounds that it is

24   overbroad, unduly burdensome and unintelligible, including in that it seeks all

25   documents on this subject without limitation as to time, and regardless of whether

26   such documents relate to products or matters at issue in this case. Mattel further

27   objects to the Request on the grounds that it seeks documents that are not relevant

28   to this action or likely to lead to the discovery of admissible evidence. Mattel

1  further objects to this Request on the grounds that it seeks confidential, proprietary

2  and trade secret information that has no bearing on the claims or defenses in this

3  case. Mattel further objects to this Request on the grounds that it calls for the

4  disclosure of information subject to the attorney-client privilege, the attorney work-

5  product doctrine and other applicable privileges.

6  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 368:**

7  In addition to the general objections stated above which are incorporated

8  herein by reference, Mattel objects to this Request on the grounds that it is

9  overbroad, unduly burdensome and unintelligible, including in that it seeks all

10  documents on this subject without limitation as to time, and regardless of whether

11  such documents relate to products or matters at issue in this case. Mattel further

12  objects to the Request on the grounds that it seeks documents that are not relevant

13  to this action or likely to lead to the discovery of admissible evidence. Mattel

14  further objects to this Request on the grounds that it seeks confidential, proprietary

15  and trade secret information, including such information that has no bearing on the

16  claims or defenses in this case. Mattel further objects to this Request on the grounds

17  that it calls for the disclosure of information subject to the attorney-client privilege,

18  the attorney work-product doctrine and other applicable privileges.

19  Subject to the foregoing objections, Mattel responds as follows: Mattel will

20  produce responsive, non-privileged documents relating to Vivianne Waisman's

21  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

22  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

23  has been able to locate after a diligent search and reasonable inquiry, to the extent

24  not previously produced.

25

26  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
**SHOULD BE COMPELLED**

27

28

1    Mattel has improperly limited its agreement to produce documents in

2  response to this request, subject to its improper boilerplate objections.  Mattel has

3  refused to confirm whether or not it has produced all non-privileged responsive

4  documents or whether it is withholding documents based on its objections in Phase

5  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

6  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

7  Generic objections that fail to explain the basis for an objection with specificity are

8  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

9  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

10  such as 'overly burdensome and harassing' are improper – especially when a party

11  fails to submit any evidentiary declarations supporting such objections").

12  Accordingly, Mattel must be compelled either to certify that it has produced all

13  non-privileged responsive documents or to produce all such documents by a date

14  certain.

15    To the extent that Mattel is relying on its blanket objections, they are not

16  sustainable and do not justify Mattel's failure to produce documents.

17    As to overbreadth, Mattel provides no explanation, let alone the required

18  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

19  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

20  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

21  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

22  custody, or control concerning Waisman's alleged knowledge of "MGA's access to

23  Mattel's intellectual property and trade secrets."  This area of information is taken

24  directly from Mattel's allegations regarding Waisman in its initial disclosures.

25  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

26  2007, p. 18).

27    As to burden, Mattel has not attempted to demonstrate why responding to

28  this request and/or producing responsive documents presents any burden.  This

1   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

2   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3   request is unduly burdensome must allege specific facts which indicate the nature

4   and extent of the burden, usually by affidavit or other reliable evidence.").

5   Moreover, it is not unduly burdensome, as noted above, in that the request is

6   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

7   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

8        This request does not seek documents protected by the attorney-client

9   privilege, the attorney work product doctrine, or other applicable privileges.  To the

10   extent that Mattel contends that it does, Mattel must provide a privilege log.

11        This request seeks relevant information.  Mattel identified Waisman in its

12   initial disclosures an individual with discoverable knowledge regarding "MGA's

13   access to Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56

14   (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 18).  Accordingly,

15   Mattel's initial disclosures demonstrate the relevance of this request.  Further, this

16   information is relevant to, among other things, Mattel's trade secret defense,

17   MGA's claims of trade dress infringement, and MGA's affirmative defenses of

18   statute of limitations and laches.

19        Mattel's objection that the request seeks confidential, proprietary, and trade

20   secret information should be disregarded.  The parties have entered into a protective

21   order in this matter, which governs the handling of confidential business

22   information.  Further, Mattel has put its confidential business information at issue

23   in this litigation, including but not limited to its trade secret misappropriation claim.

24   Accordingly, it cannot resist discovery of confidential business information.

25        Finally, Mattel has improperly limited its agreement to produce to "the facts

26   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

27   the individual is identified as being knowledgeable about certain topics in Mattel's

28   initial disclosures, Mattel's obligation to produce does not end with the facts that it

1   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

2   information from the individual on the topics identified, regardless of whether it

3   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

4   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

5   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

6   MGA might be excluding documents that are responsive to the request based upon

7   its unilateral determination of what is 'relevant' or 'sufficient.'").

8        None of Mattel's improper objections are valid and Mattel is obligated to

9   produce all non-privileged responsive documents in its possession, custody, or

10  control.

11

12  **REQUEST FOR PRODUCTION NO. 369:**

13        All DOCUMENTS in Vivianne Waisman's possession or control

14  REFERRING OR RELATING TO her alleged knowledge of "MGA's access to

15  Mattel's intellectual property and trade secrets," as alleged in MATTEL'S INITIAL

16  DISCLOSURES.

17        **RESPONSE TO REQUEST NO. 369:**

18        In addition to the general objections stated above which are incorporated

19  herein by reference, Mattel objects to this Request on the grounds that it is

20  overbroad, unduly burdensome and unintelligible, including in that it seeks all

21  documents on this subject without limitation as to time, and regardless of whether

22  such documents relate to products or matters at issue in this case. Mattel further

23  objects to the Request on the grounds that it seeks documents that are not relevant

24  to this action or likely to lead to the discovery of admissible evidence. Mattel

25  further objects to this Request on the grounds that it seeks confidential, proprietary

26  and trade secret information that has no bearing on the claims or defenses in this

27  case. Mattel further objects to this Request on the grounds that it calls for the

28

1    disclosure of information subject to the attorney-client privilege, the attorney work-

2    product doctrine and other applicable privileges.

3    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 369:**

4        In addition to the general objections stated above which are incorporated

5    herein by reference, Mattel objects to this Request on the grounds that it is

6    overbroad, unduly burdensome and unintelligible, including in that it seeks all

7    documents on this subject without limitation as to time, and regardless of whether

8    such documents relate to products or matters at issue in this case. Mattel further

9    objects to the Request on the grounds that it seeks documents that are not relevant

10   to this action or likely to lead to the discovery of admissible evidence. Mattel

11   further objects to this Request on the grounds that it seeks confidential, proprietary

12   and trade secret information, including such information that has no bearing on the

13   claims or defenses in this case. Mattel further objects to this Request on the grounds

14   that it calls for the disclosure of information subject to the attorney-client privilege,

15   the attorney work-product doctrine and other applicable privileges.

16       Subject to the foregoing objections, Mattel responds as follows: Mattel will

17   produce responsive, non-privileged documents relating to Vivianne Waisman's

18   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

19   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

20   has been able to locate after a diligent search and reasonable inquiry, to the extent

21   not previously produced.

22

23   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
24   SHOULD BE COMPELLED**

25       Mattel has improperly limited its agreement to produce documents in

26   response to this request, subject to its improper boilerplate objections.  Mattel has

27   refused to confirm whether or not it has produced all non-privileged responsive

28   documents or whether it is withholding documents based on its objections in Phase

2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Waisman's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets."  This area of information is taken directly from Mattel's allegations regarding Waisman in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 18).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.").

1   Moreover, it is not unduly burdensome, as noted above, in that the request is

2   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

3   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

4          This request does not seek documents protected by the attorney-client

5   privilege, the attorney work product doctrine, or other applicable privileges.  To the

6   extent that Mattel contends that it does, Mattel must provide a privilege log.

7          This request seeks relevant information.  Mattel identified Waisman in its

8   initial disclosures an individual with discoverable knowledge regarding "MGA's

9   access to Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56

10   (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 18).  Accordingly,

11   Mattel's initial disclosures demonstrate the relevance of this request.  Further, this

12   information is relevant to, among other things, Mattel's trade secret defense,

13   MGA's claims of trade dress infringement, and MGA's affirmative defenses of

14   statute of limitations and laches.

15          Mattel's objection that the request seeks confidential, proprietary, and trade

16   secret information should be disregarded.  The parties have entered into a protective

17   order in this matter, which governs the handling of confidential business

18   information.  Further, Mattel has put its confidential business information at issue

19   in this litigation, including but not limited to its trade secret misappropriation claim.

20   Accordingly, it cannot resist discovery of confidential business information.

21          Finally, Mattel has improperly limited its agreement to produce to "the facts

22   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

23   the individual is identified as being knowledgeable about certain topics in Mattel's

24   initial disclosures, Mattel's obligation to produce does not end with the facts that it

25   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

26   information from the individual on the topics identified, regardless of whether it

27   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

28   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

1   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

2   MGA might be excluding documents that are responsive to the request based upon

3   its unilateral determination of what is 'relevant' or 'sufficient.'").

4       None of Mattel's improper objections are valid and Mattel is obligated to

5   produce all non-privileged responsive documents in its possession, custody, or

6   control.

7

8   **REQUEST FOR PRODUCTION NO. 370:**

9       All DOCUMENTS REFERRING OR RELATING TO Simon Waldron's

10   alleged knowledge of "[t]he development and ownership of intellectual property at

11   issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

12      **RESPONSE TO REQUEST NO. 370:**

13       In addition to the general objections stated above which are incorporated

14   herein by reference, Mattel objects to this Request on the grounds that it is

15   overbroad, unduly burdensome and unintelligible, including in that it seeks all

16   documents on this subject without limitation as to time, and regardless of whether

17   such documents relate to products or matters at issue in this case. Mattel further

18   objects to the Request on the grounds that it seeks documents that are not relevant

19   to this action or likely to lead to the discovery of admissible evidence. Mattel

20   further objects to this Request on the grounds that it seeks confidential, proprietary

21   and trade secret information that has no bearing on the claims or defenses in this

22   case. Mattel further objects to this Request on the grounds that it calls for the

23   disclosure of information subject to the attorney-client privilege, the attorney work-

24   product doctrine and other applicable privileges.

25      **SUPPLEMENTAL RESPONSE TO REQUEST NO. 370:**

26       In addition to the general objections stated above which are incorporated

27   herein by reference, Mattel objects to this Request on the grounds that it is

28   overbroad, unduly burdensome and unintelligible, including in that it seeks all

1   documents on this subject without limitation as to time, and regardless of whether

2   such documents relate to products or matters at issue in this case. Mattel further

3   objects to the Request on the grounds that it seeks documents that are not relevant

4   to this action or likely to lead to the discovery of admissible evidence. Mattel

5   further objects to this Request on the grounds that it seeks confidential, proprietary

6   and trade secret information, including such information that has no bearing on the

7   claims or defenses in this case. Mattel further objects to this Request on the grounds

8   that it calls for the disclosure of information subject to the attorney-client privilege,

9   the attorney work-product doctrine and other applicable privileges.

10       Subject to the foregoing objections, Mattel responds as follows: Mattel will

11   produce responsive, non-privileged documents relating to Simon Waldron's

12   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

13   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

14   has been able to locate after a diligent search and reasonable inquiry, to the extent

15   not previously produced.

16

17   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

18   **SHOULD BE COMPELLED**

19       Mattel has improperly limited its agreement to produce documents in

20   response to this request, subject to its improper boilerplate objections.  Mattel has

21   refused to confirm whether or not it has produced all non-privileged responsive

22   documents or whether it is withholding documents based on its objections in Phase

23   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

24   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

25   Generic objections that fail to explain the basis for an objection with specificity are

26   routinely rejected in the Central District.  See <u>A. Farber and Partners, Inc. v.</u>

27   <u>Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

28   such as 'overly burdensome and harassing' are improper – especially when a party

1  fails to submit any evidentiary declarations supporting such objections").

2  Accordingly, Mattel must be compelled either to certify that it has produced all

3  non-privileged responsive documents or to produce all such documents by a date

4  certain.

5       To the extent that Mattel is relying on its blanket objections, they are not

6  sustainable and do not justify Mattel's failure to produce documents.

7       As to overbreadth, Mattel provides no explanation, let alone the required

8  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

9  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

11  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

12  custody, or control concerning Waldron's alleged knowledge of "[t]he development

13  and ownership of intellectual property at issue."  This area of information is taken

14  directly from Mattel's allegations regarding Waldron in its initial disclosures.

15  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

16  2007, p. 18).

17       As to burden, Mattel has not attempted to demonstrate why responding to

18  this request and/or producing responsive documents presents any burden.  This

19  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

20  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21  request is unduly burdensome must allege specific facts which indicate the nature

22  and extent of the burden, usually by affidavit or other reliable evidence.").

23  Moreover, it is not unduly burdensome, as noted above, in that the request is

24  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

25  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

26       This request does not seek documents protected by the attorney-client

27  privilege, the attorney work product doctrine, or other applicable privileges.  To the

28  extent that Mattel contends that it does, Mattel must provide a privilege log.

1   This request seeks relevant information.  Mattel identified Waldron in its

2   initial disclosures an individual with discoverable knowledge regarding "[t]he

3   development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

4   56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 18).

5   Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

6   Further, this information is relevant to, among other things, Mattel's trade secret

7   defense and MGA's claims of trade dress infringement.

8   Mattel's objection that the request seeks confidential, proprietary, and trade

9   secret information should be disregarded.  The parties have entered into a protective

10   order in this matter, which governs the handling of confidential business

11   information.  Further, Mattel has put its confidential business information at issue

12   in this litigation, including but not limited to its trade secret misappropriation claim.

13   Accordingly, it cannot resist discovery of confidential business information.

14   Finally, Mattel has improperly limited its agreement to produce to "the facts

15   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

16   the individual is identified as being knowledgeable about certain topics in Mattel's

17   initial disclosures, Mattel's obligation to produce does not end with the facts that it

18   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

19   information from the individual on the topics identified, regardless of whether it

20   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

21   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

22   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

23   MGA might be excluding documents that are responsive to the request based upon

24   its unilateral determination of what is 'relevant' or 'sufficient.'").

25   None of Mattel's improper objections are valid and Mattel is obligated to

26   produce all non-privileged responsive documents in its possession, custody, or

27   control.

28

1    **REQUEST FOR PRODUCTION NO. 371:**

2        All DOCUMENTS in Simon Waldron's possession or control REFERRING

3    OR RELATING TO his alleged knowledge of "[t]he development and ownership of

4    intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

5        **RESPONSE TO REQUEST NO. 371:**

6        In addition to the general objections stated above which are incorporated

7    herein by reference, Mattel objects to this Request on the grounds that it is

8    overbroad, unduly burdensome and unintelligible, including in that it seeks all

9    documents on this subject without limitation as to time, and regardless of whether

10   such documents relate to products or matters at issue in this case. Mattel further

11   objects to the Request on the grounds that it seeks documents that are not relevant

12   to this action or likely to lead to the discovery of admissible evidence. Mattel

13   further objects to this Request on the grounds that it seeks confidential, proprietary

14   and trade secret information that has no bearing on the claims or defenses in this

15   case. Mattel further objects to this Request on the grounds that it calls for the

16   disclosure of information subject to the attorney-client privilege, the attorney work-

17   product doctrine and other applicable privileges.

18       **SUPPLEMENTAL RESPONSE TO REQUEST NO. 371:**

19       In addition to the general objections stated above which are incorporated

20   herein by reference, Mattel objects to this Request on the grounds that it is

21   overbroad, unduly burdensome and unintelligible, including in that it seeks all

22   documents on this subject without limitation as to time, and regardless of whether

23   such documents relate to products or matters at issue in this case. Mattel further

24   objects to the Request on the grounds that it seeks documents that are not relevant

25   to this action or likely to lead to the discovery of admissible evidence. Mattel

26   further objects to this Request on the grounds that it seeks confidential, proprietary

27   and trade secret information, including such information that has no bearing on the

28   claims or defenses in this case. Mattel further objects to this Request on the grounds

1  that it calls for the disclosure of information subject to the attorney-client privilege,

2  the attorney work-product doctrine and other applicable privileges.

3      Subject to the foregoing objections, Mattel responds as follows: Mattel will

4  produce responsive, non-privileged documents relating to Simon Waldron's

5  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

6  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

7  has been able to locate after a diligent search and reasonable inquiry, to the extent

8  not previously produced.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Waldron's alleged knowledge of "[t]he development and ownership of intellectual property at issue."  This area of information is taken directly from Mattel's allegations regarding Waldron in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 18).

1    As to burden, Mattel has not attempted to demonstrate why responding to

2    this request and/or producing responsive documents presents any burden.  This

3    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5    request is unduly burdensome must allege specific facts which indicate the nature

6    and extent of the burden, usually by affidavit or other reliable evidence.").

7    Moreover, it is not unduly burdensome, as noted above, in that the request is

8    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10    This request does not seek documents protected by the attorney-client

11    privilege, the attorney work product doctrine, or other applicable privileges.  To the

12    extent that Mattel contends that it does, Mattel must provide a privilege log.

13    This request seeks relevant information.  Mattel identified Waldron in its

14    initial disclosures an individual with discoverable knowledge regarding "[t]he

15    development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

16    56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 18).

17    Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

18    Further, this information is relevant to, among other things, Mattel's trade secret

19    defense and MGA's claims of trade dress infringement.

20    Mattel's objection that the request seeks confidential, proprietary, and trade

21    secret information should be disregarded.  The parties have entered into a protective

22    order in this matter, which governs the handling of confidential business

23    information.  Further, Mattel has put its confidential business information at issue

24    in this litigation, including but not limited to its trade secret misappropriation claim.

25    Accordingly, it cannot resist discovery of confidential business information.

26    Finally, Mattel has improperly limited its agreement to produce to "the facts

27    at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

28    the individual is identified as being knowledgeable about certain topics in Mattel's

1   initial disclosures, Mattel's obligation to produce does not end with the facts that it

2   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

3   information from the individual on the topics identified, regardless of whether it

4   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

5   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

6   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

7   MGA might be excluding documents that are responsive to the request based upon

8   its unilateral determination of what is 'relevant' or 'sufficient.'").

9        None of Mattel's improper objections are valid and Mattel is obligated to

10  produce all non-privileged responsive documents in its possession, custody, or

11  control.

12

13  **REQUEST FOR PRODUCTION NO. 372:**

14       All DOCUMENTS REFERRING OR RELATING TO Anne Wang's alleged

15  knowledge of "Bryant's breach of his obligations to Mattel" and "Bryant's work

16  with or for MGA during his Mattel employment," as alleged in MATTEL'S

17  INITIAL DISCLOSURES.

18       **RESPONSE TO REQUEST NO. 372:**

19       In addition to the general objections stated above which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is

21  overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case. Mattel further

24  objects to the Request on the grounds that it seeks documents that are not relevant

25  to this action or likely to lead to the discovery of admissible evidence. Mattel

26  further objects to this Request on the grounds that it seeks confidential, proprietary

27  and trade secret information that has no bearing on the claims or defenses in this

28  case. Mattel further objects to this Request on the grounds that it calls for the

1   disclosure of information subject to the attorney-client privilege, the attorney work-

2   product doctrine and other applicable privileges.

3   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 372:**

4   In addition to the general objections stated above which are incorporated

5   herein by reference, Mattel objects to this Request on the grounds that it is

6   overbroad, unduly burdensome and unintelligible, including in that it seeks all

7   documents on this subject without limitation as to time, and regardless of whether

8   such documents relate to products or matters at issue in this case. Mattel further

9   objects to this Request on the grounds that it calls for documents or information in

10  the possession, custody or control of MGA and/or Bryant, including without

11  limitation documents and information that MGA and Bryant have been compelled

12  by Court orders to produce but have not produced. Mattel further objects to this

13  Request on the grounds that it seeks confidential, proprietary and trade secret

14  information, including such information that has no bearing on the claims or

15  defenses in this case. Mattel further objects to this Request on the grounds that it

16  calls for the disclosure of information subject to the attorney-client privilege, the

17  attorney work-product doctrine and other applicable privileges.

18  Subject to the foregoing objections, Mattel responds as follows: Mattel will

19  produce responsive, non-privileged documents relating to Anne Wang's knowledge

20  of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that

21  are in Mattel's possession, custody, or control, if any, that Mattel has been able to

22  locate after a diligent search and reasonable inquiry, to the extent not previously

23  produced.

24

25  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

26  **SHOULD BE COMPELLED**

27  Mattel has improperly limited its agreement to produce documents in

28  response to this request, subject to its improper boilerplate objections.  Mattel has

1   refused to confirm whether or not it has produced all non-privileged responsive
2   documents or whether it is withholding documents based on its objections in Phase
3   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
4   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).
5   Generic objections that fail to explain the basis for an objection with specificity are
6   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.
7   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections
8   such as 'overly burdensome and harassing' are improper – especially when a party
9   fails to submit any evidentiary declarations supporting such objections").
10  Accordingly, Mattel must be compelled either to certify that it has produced all
11  non-privileged responsive documents or to produce all such documents by a date
12  certain.

13        To the extent that Mattel is relying on its blanket objections, they are not
14  sustainable and do not justify Mattel's failure to produce documents.

15        As to overbreadth, Mattel provides no explanation, let alone the required
16  particularity, as to *why* this request is supposedly overly broad, nor can it do so.
17  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
18  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
19  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
20  custody, or control concerning Wang's alleged knowledge of "Bryant's breach of
21  his obligations to Mattel" and "Bryant's work with or for MGA during his Mattel
22  employment."  This area of information is taken directly from Mattel's allegations
23  regarding Wang in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's
24  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 18).

25        As to burden, Mattel has not attempted to demonstrate why responding to
26  this request and/or producing responsive documents presents any burden.  This
27  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
28  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1    request is unduly burdensome must allege specific facts which indicate the nature

2    and extent of the burden, usually by affidavit or other reliable evidence.").

3    Moreover, it is not unduly burdensome, as noted above, in that the request is

4    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

5    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

6          This request does not seek documents protected by the attorney-client

7    privilege, the attorney work product doctrine, or other applicable privileges.  To the

8    extent that Mattel contends that it does, Mattel must provide a privilege log.

9          This request seeks relevant information.  Mattel identified Wang in its initial

10   disclosures an individual with discoverable knowledge regarding "Bryant's breach

11   of his obligations to Mattel" and "Bryant's work with or for MGA during his Mattel

12   employment."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures,

13   dated Jan. 5, 2007, p. 18).  Accordingly, Mattel's initial disclosures demonstrate the

14   relevance of this request.  Further, this information is relevant to, among other

15   things, Mattel's trade secret defense and MGA's affirmative defenses of statute of

16   limitations and laches.

17         Mattel's objection that the request seeks information within MGA's

18   possession, custody or control is nonsensical and lacks factual support.  Mattel

19   makes no argument, let alone a factual showing, that any documents in MGA's

20   possession are duplicative of documents within Mattel's control.  MGA is entitled

21   to discovery from Mattel of documents within its possession, custody, or control

22   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

23   a conclusory statement that MGA also possesses responsive documents.

24         Mattel's objection that the request seeks confidential, proprietary, and trade

25   secret information should be disregarded.  The parties have entered into a protective

26   order in this matter, which governs the handling of confidential business

27   information.  Further, Mattel has put its confidential business information at issue

28

1  in this litigation, including but not limited to its trade secret misappropriation claim.

2  Accordingly, it cannot resist discovery of confidential business information.

3       Finally, Mattel has improperly limited its agreement to produce to "the facts

4  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

5  the individual is identified as being knowledgeable about certain topics in Mattel's

6  initial disclosures, Mattel's obligation to produce does not end with the facts that it

7  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

8  information from the individual on the topics identified, regardless of whether it

9  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

10  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

11  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

12  MGA might be excluding documents that are responsive to the request based upon

13  its unilateral determination of what is 'relevant' or 'sufficient.'").

14       None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession, custody, or

16  control.

17

18  **REQUEST FOR PRODUCTION NO. 373:**

19       All DOCUMENTS REFERRING OR RELATING TO Chang-Chin Wang's

20  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

21  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

22  DISCLOSURES.

23       **RESPONSE TO REQUEST NO. 373:**

24       In addition to the general objections stated above which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it is

26  overbroad, unduly burdensome and unintelligible, including in that it seeks all

27  documents on this subject without limitation as to time, and regardless of whether

28  such documents relate to products or matters at issue in this case. Mattel further

1    objects to the Request on the grounds that it seeks documents that are not relevant

2    to this action or likely to lead to the discovery of admissible evidence. Mattel

3    further objects to this Request on the grounds that it seeks confidential, proprietary

4    and trade secret information that has no bearing on the claims or defenses in this

5    case. Mattel further objects to this Request on the grounds that it calls for the

6    disclosure of information subject to the attorney-client privilege, the attorney work-

7    product doctrine and other applicable privileges.

8    ## <u>SUPPLEMENTAL RESPONSE TO REQUEST NO. 373:</u>

9        In addition to the general objections stated above which are incorporated

10   herein by reference, Mattel objects to this Request on the grounds that it is

11   overbroad, unduly burdensome and unintelligible, including in that it seeks all

12   documents on this subject without limitation as to time, and regardless of whether

13   such documents relate to products or matters at issue in this case. Mattel further

14   objects to the Request on the grounds that it seeks documents that are not relevant

15   to this action or likely to lead to the discovery of admissible evidence. Mattel

16   further objects to this Request on the grounds that it calls for documents or

17   information in the possession, custody or control of MGA, including without

18   limitation documents and information that MGA has been compelled by Court

19   orders to produce but has not produced. Mattel further objects to this Request on

20   the grounds that it seeks confidential, proprietary and trade secret information,

21   including such information that has no bearing on the claims or defenses in this

22   case. Mattel further objects to this Request on the grounds that it calls for the

23   disclosure of information subject to the attorney-client privilege, the attorney work-

24   product doctrine and other applicable privileges.

25       Subject to the foregoing objections, Mattel responds as follows: Mattel will

26   produce responsive, non-privileged documents relating to Chang-Chin Wang's

27   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

28   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

1   has been able to locate after a diligent search and reasonable inquiry, to the extent

2   not previously produced.

3

4   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

    **SHOULD BE COMPELLED**

5

6       Mattel has improperly limited its agreement to produce documents in

7   response to this request, subject to its improper boilerplate objections.  Mattel has

8   refused to confirm whether or not it has produced all non-privileged responsive

9   documents or whether it is withholding documents based on its objections in Phase

10  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

11  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

12  Generic objections that fail to explain the basis for an objection with specificity are

13  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

14  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

15  such as 'overly burdensome and harassing' are improper – especially when a party

16  fails to submit any evidentiary declarations supporting such objections").

17  Accordingly, Mattel must be compelled either to certify that it has produced all

18  non-privileged responsive documents or to produce all such documents by a date

19  certain.

20      To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.

22      As to overbreadth, Mattel provides no explanation, let alone the required

23  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

24  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

27  custody, or control concerning Wang's alleged knowledge of "MGA's access to

28  Mattel's intellectual property and trade secrets" and "MGA's business practices."

This area of information is taken directly from Mattel's allegations regarding Wang in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 19).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.").  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

This request seeks relevant information.  Mattel identified Wang in its initial disclosures an individual with discoverable knowledge regarding "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 19).  Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.  Further, this information is relevant to, among other things, Mattel's trade secret defense, MGA's claims of trade dress infringement, and MGA's affirmative defenses of statute of limitations and laches.

Mattel's objection that the request seeks information within MGA's possession, custody or control is nonsensical and lacks factual support.  Mattel makes no argument, let alone a factual showing, that any documents in MGA's possession are duplicative of documents within Mattel's control.  MGA is entitled to discovery from Mattel of documents within its possession, custody, or control

1  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

2  a conclusory statement that MGA also possesses responsive documents.

3       Mattel's objection that the request seeks confidential, proprietary, and trade

4  secret information should be disregarded.  The parties have entered into a protective

5  order in this matter, which governs the handling of confidential business

6  information.  Further, Mattel has put its confidential business information at issue

7  in this litigation, including but not limited to its trade secret misappropriation claim.

8  Accordingly, it cannot resist discovery of confidential business information.

9       Finally, Mattel has improperly limited its agreement to produce to "the facts

10  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

11  the individual is identified as being knowledgeable about certain topics in Mattel's

12  initial disclosures, Mattel's obligation to produce does not end with the facts that it

13  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

14  information from the individual on the topics identified, regardless of whether it

15  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

16  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

17  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

18  MGA might be excluding documents that are responsive to the request based upon

19  its unilateral determination of what is 'relevant' or 'sufficient.'").

20       None of Mattel's improper objections are valid and Mattel is obligated to

21  produce all non-privileged responsive documents in its possession, custody, or

22  control.

23

24  **REQUEST FOR PRODUCTION NO. 374:**

25       All DOCUMENTS REFERRING OR RELATING TO Mercedeh Ward's

26  alleged knowledge of "[d]esign and development of Bratz and Bryant's work with

27  or for MGA during his Mattel employment," "Bryant's breach of obligations to

28

1  Mattel," "MGA's access to Mattel's intellectual property and trade secrets," and

2  "MGA business practices," as alleged in MATTEL'S INITIAL DISCLOSURES.

3  **RESPONSE TO REQUEST NO. 374:**

4  In addition to the general objections stated above which are incorporated

5  herein by reference, Mattel objects to this Request on the grounds that it is

6  overbroad, unduly burdensome and unintelligible, including in that it seeks all

7  documents on this subject without limitation as to time, and regardless of whether

8  such documents relate to products or matters at issue in this case. Mattel further

9  objects to the Request on the grounds that it seeks documents that are not relevant

10  to this action or likely to lead to the discovery of admissible evidence. Mattel

11  further objects to this Request on the grounds that it seeks confidential, proprietary

12  and trade secret information that has no bearing on the claims or defenses in this

13  case. Mattel further objects to this Request on the grounds that it calls for the

14  disclosure of information subject to the attorney-client privilege, the attorney work-

15  product doctrine and other applicable privileges.

16  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 374:**

17  In addition to the general objections stated above which are incorporated

18  herein by reference, Mattel objects to this Request on the grounds that it is

19  overbroad, unduly burdensome and unintelligible, including in that it seeks all

20  documents on this subject without limitation as to time, and regardless of whether

21  such documents relate to products or matters at issue in this case. Mattel further

22  objects to the Request on the grounds that it seeks documents that are not relevant

23  to this action or likely to lead to the discovery of admissible evidence. Mattel

24  further objects to this Request on the grounds that it calls for documents or

25  information in the possession, custody or control of MGA and/or Bryant, including

26  without limitation documents and information that MGA and Bryant have been

27  compelled by Court orders to produce but have not produced. Mattel further objects

28  to this Request on the grounds that it seeks confidential, proprietary and trade secret

1   information, including such information that has no bearing on the claims or

2   defenses in this case. Mattel further objects to this Request on the grounds that it

3   calls for the disclosure of information subject to the attorney-client privilege, the

4   attorney work-product doctrine and other applicable privileges.

5        Subject to the foregoing objections, Mattel responds as follows: Mattel will

6   produce responsive, non-privileged documents relating to Mercedeh Ward's

7   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

8   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

9   has been able to locate after a diligent search and reasonable inquiry, to the extent

10  not previously produced.

11

12  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

13

14       Mattel has improperly limited its agreement to produce documents in

15  response to this request, subject to its improper boilerplate objections.  Mattel has

16  refused to confirm whether or not it has produced all non-privileged responsive

17  documents or whether it is withholding documents based on its objections in Phase

18  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

19  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

20  Generic objections that fail to explain the basis for an objection with specificity are

21  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

22  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

23  such as 'overly burdensome and harassing' are improper – especially when a party

24  fails to submit any evidentiary declarations supporting such objections").

25  Accordingly, Mattel must be compelled either to certify that it has produced all

26  non-privileged responsive documents or to produce all such documents by a date

27  certain.

28

1    To the extent that Mattel is relying on its blanket objections, they are not

2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required

4    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7    contrary, the request is narrowly tailored to seek documents in Mattel's possession,

8    custody, or control concerning Ward's alleged knowledge of "[d]esign and

9    development of Bratz and Bryant's work with or for MGA during his Mattel

10   employment," "Bryant's breach of obligations to Mattel," "MGA's access to

11   Mattel's intellectual property and trade secrets," and "MGA business practices."

12   This area of information is taken directly from Mattel's allegations regarding Ward

13   in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial

14   Disclosures, dated Jan. 5, 2007, p. 19).

15   As to burden, Mattel has not attempted to demonstrate why responding to

16   this request and/or producing responsive documents presents any burden.  This

17   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19   request is unduly burdensome must allege specific facts which indicate the nature

20   and extent of the burden, usually by affidavit or other reliable evidence.").

21   Moreover, it is not unduly burdensome, as noted above, in that the request is

22   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

23   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

24   This request does not seek documents protected by the attorney-client

25   privilege, the attorney work product doctrine, or other applicable privileges.  To the

26   extent that Mattel contends that it does, Mattel must provide a privilege log.

27   This request seeks relevant information.  Mattel identified Ward in its initial

28   disclosures an individual with discoverable knowledge regarding "[d]esign and

1  development of Bratz and Bryant's work with or for MGA during his Mattel

2  employment," "Bryant's breach of obligations to Mattel," "MGA's access to

3  Mattel's intellectual property and trade secrets," and "MGA business practices."

4  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

5  2007, p. 19).  Accordingly, Mattel's initial disclosures demonstrate the relevance of

6  this request.  Further, this information is relevant to, among other things, Mattel's

7  trade secret defense, MGA's claims of trade dress infringement, and MGA's

8  affirmative defenses of statute of limitations and laches.

9       Mattel's objection that the request seeks information within MGA's

10  possession, custody or control is nonsensical and lacks factual support.  Mattel

11  makes no argument, let alone a factual showing, that any documents in MGA's

12  possession are duplicative of documents within Mattel's control.  MGA is entitled

13  to discovery from Mattel of documents within its possession, custody, or control

14  that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

15  a conclusory statement that MGA also possesses responsive documents.

16       Mattel's objection that the request seeks confidential, proprietary, and trade

17  secret information should be disregarded.  The parties have entered into a protective

18  order in this matter, which governs the handling of confidential business

19  information.  Further, Mattel has put its confidential business information at issue

20  in this litigation, including but not limited to its trade secret misappropriation claim.

21  Accordingly, it cannot resist discovery of confidential business information.

22       Finally, Mattel has improperly limited its agreement to produce to "the facts

23  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

24  the individual is identified as being knowledgeable about certain topics in Mattel's

25  initial disclosures, Mattel's obligation to produce does not end with the facts that it

26  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

27  information from the individual on the topics identified, regardless of whether it

28  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

1  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

2  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

3  MGA might be excluding documents that are responsive to the request based upon

4  its unilateral determination of what is 'relevant' or 'sufficient.'").

5      None of Mattel's improper objections are valid and Mattel is obligated to

6  produce all non-privileged responsive documents in its possession, custody, or

7  control.

8

9  **REQUEST FOR PRODUCTION NO. 375:**

10     All DOCUMENTS REFERRING OR RELATING TO Dawn Whitaker's

11  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

12  secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

13  DISCLOSURES.

14     **RESPONSE TO REQUEST NO. 375:**

15     In addition to the general objections stated above which are incorporated

16  herein by reference, Mattel objects to this Request on the grounds that it is

17  overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case. Mattel further

20  objects to the Request on the grounds that it seeks documents that are not relevant

21  to this action or likely to lead to the discovery of admissible evidence. Mattel

22  further objects to this Request on the grounds that it seeks confidential, proprietary

23  and trade secret information that has no bearing on the claims or defenses in this

24  case. Mattel further objects to this Request on the grounds that it calls for the

25  disclosure of information subject to the attorney-client privilege, the attorney work-

26  product doctrine and other applicable privileges.

27

28

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 375:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Dawn 'Whitaker's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has

1   refused to confirm whether or not it has produced all non-privileged responsive

2   documents or whether it is withholding documents based on its objections in Phase

3   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

4   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

5   Generic objections that fail to explain the basis for an objection with specificity are

6   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

7   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

8   such as 'overly burdensome and harassing' are improper – especially when a party

9   fails to submit any evidentiary declarations supporting such objections").

10  Accordingly, Mattel must be compelled either to certify that it has produced all

11  non-privileged responsive documents or to produce all such documents by a date

12  certain.

13      To the extent that Mattel is relying on its blanket objections, they are not

14  sustainable and do not justify Mattel's failure to produce documents.

15      As to overbreadth, Mattel provides no explanation, let alone the required

16  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

17  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

18  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

19  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

20  custody, or control concerning Whitaker's alleged knowledge of "MGA's access to

21  Mattel's intellectual property and trade secrets" and "MGA's business practices."

22  This area of information is taken directly from Mattel's allegations regarding

23  Whitaker in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated

24  Initial Disclosures, dated Jan. 5, 2007, p. 19).

25      As to burden, Mattel has not attempted to demonstrate why responding to

26  this request and/or producing responsive documents presents any burden.  This

27  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

28  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1    request is unduly burdensome must allege specific facts which indicate the nature
2    and extent of the burden, usually by affidavit or other reliable evidence.").
3    Moreover, it is not unduly burdensome, as noted above, in that the request is
4    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA
5    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

6          This request does not seek documents protected by the attorney-client
7    privilege, the attorney work product doctrine, or other applicable privileges.  To the
8    extent that Mattel contends that it does, Mattel must provide a privilege log.

9          This request seeks relevant information.  Mattel identified Whitaker in its
10   initial disclosures an individual with discoverable knowledge regarding "MGA's
11   access to Mattel's intellectual property and trade secrets" and "MGA business
12   practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated
13   Jan. 5, 2007, p. 19).  Accordingly, Mattel's initial disclosures demonstrate the
14   relevance of this request.  Further, this information is relevant to, among other
15   things, Mattel's trade secret defense, MGA's claims of trade dress infringement,
16   and MGA's affirmative defenses of statute of limitations and laches.

17         Mattel's objection that the request seeks information within MGA's
18   possession, custody or control is nonsensical and lacks factual support.  Mattel
19   makes no argument, let alone a factual showing, that any documents in MGA's
20   possession are duplicative of documents within Mattel's control.  MGA is entitled
21   to discovery from Mattel of documents within its possession, custody, or control
22   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making
23   a conclusory statement that MGA also possesses responsive documents.

24         Mattel's objection that the request seeks confidential, proprietary, and trade
25   secret information should be disregarded.  The parties have entered into a protective
26   order in this matter, which governs the handling of confidential business
27   information.  Further, Mattel has put its confidential business information at issue

28

1  in this litigation, including but not limited to its trade secret misappropriation claim.

2  Accordingly, it cannot resist discovery of confidential business information.

3       Finally, Mattel has improperly limited its agreement to produce to "the facts

4  at issue in this litigation *as alleged in Mattel's Initial Disclosures*." While true that

5  the individual is identified as being knowledgeable about certain topics in Mattel's

6  initial disclosures, Mattel's obligation to produce does not end with the facts that it

7  has unilaterally alleged. Rather, Mattel must produce all non-privileged responsive

8  information from the individual on the topics identified, regardless of whether it

9  supports the facts as alleged by Mattel, MGA, or any other party. *See* Order

10  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

11  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

12  MGA might be excluding documents that are responsive to the request based upon

13  its unilateral determination of what is 'relevant' or 'sufficient.'").

14       None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession, custody, or

16  control.

17

18  **REQUEST FOR PRODUCTION NO. 376:**

19       All DOCUMENTS REFERRING OR RELATING TO Therese Wilbur's

20  alleged knowledge of "MGA's access to Mattel's intellectual property and trade

21  secrets," as alleged in MATTEL'S INITIAL DISCLOSURES.

22       **RESPONSE TO REQUEST NO. 376:**

23       In addition to the general objections stated above which are incorporated

24  herein by reference, Mattel objects to this Request on the grounds that it is

25  overbroad, unduly burdensome and unintelligible, including in that it seeks all

26  documents on this subject without limitation as to time, and regardless of whether

27  such documents relate to products or matters at issue in this case. Mattel further

28  objects to the Request on the grounds that it seeks documents that are not relevant

1  to this action or likely to lead to the discovery of admissible evidence. Mattel

2  further objects to this Request on the grounds that it seeks confidential, proprietary

3  and trade secret information that has no bearing on the claims or defenses in this

4  case. Mattel further objects to this Request on the grounds that it calls for the

5  disclosure of information subject to the attorney-client privilege, the attorney work-

6  product doctrine and other applicable privileges.

7  ## SUPPLEMENTAL RESPONSE TO REQUEST NO. 376:

8      In addition to the general objections stated above which are incorporated

9  herein by reference, Mattel objects to this Request on the grounds that it is

10  overbroad, unduly burdensome and unintelligible, including in that it seeks all

11  documents on this subject without limitation as to time, and regardless of whether

12  such documents relate to products or matters at issue in this case. Mattel further

13  objects to the Request on the grounds that it seeks documents that are not relevant

14  to this action or likely to lead to the discovery of admissible evidence. Mattel

15  further objects to this Request on the grounds that it seeks confidential, proprietary

16  and trade secret information, including such information that has no bearing on the

17  claims or defenses in this case. Mattel further objects to this Request on the grounds

18  that it calls for the disclosure of information subject to the attorney-client privilege,

19  the attorney work-product doctrine and other applicable privileges.

20      Subject to the foregoing objections, Mattel responds as follows: Mattel wild

21  produce responsive, non-privileged documents relating to Therese Wilbur's

22  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

23  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

24  has been able to locate after a diligent search and reasonable inquiry, to the extent

25  not previously produced.

26

27

28

1

2

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

3   Mattel has improperly limited its agreement to produce documents in

4   response to this request, subject to its improper boilerplate objections.  Mattel has

5   refused to confirm whether or not it has produced all non-privileged responsive

6   documents or whether it is withholding documents based on its objections in Phase

7   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

8   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

9   Generic objections that fail to explain the basis for an objection with specificity are

10  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

11  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

12  such as 'overly burdensome and harassing' are improper – especially when a party

13  fails to submit any evidentiary declarations supporting such objections").

14  Accordingly, Mattel must be compelled either to certify that it has produced all

15  non-privileged responsive documents or to produce all such documents by a date

16  certain.

17  To the extent that Mattel is relying on its blanket objections, they are not

18  sustainable and do not justify Mattel's failure to produce documents.

19  As to overbreadth, Mattel provides no explanation, let alone the required

20  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

21  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

24  custody, or control concerning Wilbur's alleged knowledge of "MGA's access to

25  Mattel's intellectual property and trade secrets."  This area of information is taken

26  directly from Mattel's allegations regarding Wilbur in its initial disclosures.

27  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

28  2007, p. 19).

1        As to burden, Mattel has not attempted to demonstrate why responding to

2    this request and/or producing responsive documents presents any burden.  This

3    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5    request is unduly burdensome must allege specific facts which indicate the nature

6    and extent of the burden, usually by affidavit or other reliable evidence.").

7    Moreover, it is not unduly burdensome, as noted above, in that the request is

8    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10       This request does not seek documents protected by the attorney-client

11   privilege, the attorney work product doctrine, or other applicable privileges.  To the

12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13       This request seeks relevant information.  Mattel identified Wilbur in its initial

14   disclosures an individual with discoverable knowledge regarding "MGA's access to

15   Mattel's intellectual property and trade secrets."  Rutowski Decl. Ex. 56 (Mattel's

16   Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 19).  Accordingly, Mattel's

17   initial disclosures demonstrate the relevance of this request.  Further, this

18   information is relevant to, among other things, Mattel's trade secret defense,

19   MGA's claims of trade dress infringement, and MGA's affirmative defenses of

20   statute of limitations and laches.

21       Mattel's objection that the request seeks confidential, proprietary, and trade

22   secret information should be disregarded.  The parties have entered into a protective

23   order in this matter, which governs the handling of confidential business

24   information.  Further, Mattel has put its confidential business information at issue

25   in this litigation, including but not limited to its trade secret misappropriation claim.

26   Accordingly, it cannot resist discovery of confidential business information.

27       Finally, Mattel has improperly limited its agreement to produce to "the facts

28   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

1   the individual is identified as being knowledgeable about certain topics in Mattel's

2   initial disclosures, Mattel's obligation to produce does not end with the facts that it

3   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

4   information from the individual on the topics identified, regardless of whether it

5   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

6   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

7   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

8   MGA might be excluding documents that are responsive to the request based upon

9   its unilateral determination of what is 'relevant' or 'sufficient.'").

10       None of Mattel's improper objections are valid and Mattel is obligated to

11   produce all non-privileged responsive documents in its possession, custody, or

12   control.

13

14   **REQUEST FOR PRODUCTION NO. 377:**

15       All DOCUMENTS REFERRING OR RELATING TO Dawn Whitaker's

16   alleged knowledge of "MGA's access to Mattel's intellectual property and trade

17   secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL

18   DISCLOSURES.

19       **RESPONSE TO REQUEST NO. 377:**

20       In addition to the general objections stated above which are incorporated

21   herein by reference, Mattel objects to this Request on the grounds that it is

22   overbroad, unduly burdensome and unintelligible, including in that it seeks all

23   documents on this subject without limitation as to time, and regardless of whether

24   such documents relate to products or matters at issue in this case. Mattel further

25   objects to the Request on the grounds that it seeks documents that are not relevant

26   to this action or likely to lead to the discovery of admissible evidence. Mattel

27   further objects to this Request on the grounds that it seeks confidential, proprietary

28   and trade secret information that has no bearing on the claims or defenses in this

1    case. Mattel further objects to this Request on the grounds that it calls for the

2    disclosure of information subject to the attorney-client privilege, the attorney work-

3    product doctrine and other applicable privileges.

4    **SUPPLEMENTAL RESPONSE TO REQUEST NO. 377:**

5    In addition to the general objections stated above which are incorporated

6    herein by reference, Mattel objects to this Request on the grounds that it is

7    overbroad, unduly burdensome and unintelligible, including in that it seeks all

8    documents on this subject without limitation as to time, and regardless of whether

9    such documents relate to products or matters at issue in this case. Mattel further

10   objects to the Request on the grounds that it seeks documents that are not relevant

11   to this action or likely to lead to the discovery of admissible evidence. Mattel

12   further objects to this Request on the grounds that it calls for documents or

13   information in the possession, custody or control of MGA, including without

14   limitation documents and information that MGA has been compelled by Court

15   orders to produce but has not produced. Mattel further objects to this Request on

16   the grounds that it seeks confidential, proprietary and trade secret information,

17   including such information that has no bearing on the claims or defenses in this

18   case. Mattel further objects to this Request on the grounds that it calls for the

19   disclosure of information subject to the attorney-client privilege, the attorney work-

20   product doctrine and other applicable privileges.

21   Subject to the foregoing objections, Mattel responds as follows: Mattel will

22   produce responsive, non-privileged documents relating to Dawn Whitaker's

23   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

24   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

25   has been able to locate after a diligent search and reasonable inquiry, to the extent

26   not previously produced.

27

28

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Whitaker's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA's business practices."  This area of information is taken directly from Mattel's allegations regarding Whitaker in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 19).

1    As to burden, Mattel has not attempted to demonstrate why responding to

2   this request and/or producing responsive documents presents any burden.  This

3   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5   request is unduly burdensome must allege specific facts which indicate the nature

6   and extent of the burden, usually by affidavit or other reliable evidence.").

7   Moreover, it is not unduly burdensome, as noted above, in that the request is

8   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

10    This request does not seek documents protected by the attorney-client

11   privilege, the attorney work product doctrine, or other applicable privileges.  To the

12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13    This request seeks relevant information.  Mattel identified Whitaker in its

14   initial disclosures an individual with discoverable knowledge regarding "MGA's

15   access to Mattel's intellectual property and trade secrets" and "MGA business

16   practices."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated

17   Jan. 5, 2007, p. 19).  Accordingly, Mattel's initial disclosures demonstrate the

18   relevance of this request.  Further, this information is relevant to, among other

19   things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

20   and MGA's affirmative defenses of statute of limitations and laches.

21    Mattel's objection that the request seeks information within MGA's

22   possession, custody or control is nonsensical and lacks factual support.  Mattel

23   makes no argument, let alone a factual showing, that any documents in MGA's

24   possession are duplicative of documents within Mattel's control.  MGA is entitled

25   to discovery from Mattel of documents within its possession, custody, or control

26   that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

27   a conclusory statement that MGA also possesses responsive documents.

28

1    Mattel's objection that the request seeks confidential, proprietary, and trade
2    secret information should be disregarded.  The parties have entered into a protective
3    order in this matter, which governs the handling of confidential business
4    information.  Further, Mattel has put its confidential business information at issue
5    in this litigation, including but not limited to its trade secret misappropriation claim.
6    Accordingly, it cannot resist discovery of confidential business information.

7    Finally, Mattel has improperly limited its agreement to produce to "the facts
8    at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that
9    the individual is identified as being knowledgeable about certain topics in Mattel's
10   initial disclosures, Mattel's obligation to produce does not end with the facts that it
11   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
12   information from the individual on the topics identified, regardless of whether it
13   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order
14   Granting Mattel's Motion to Compel Production of Documents and Interrogatory
15   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
16   MGA might be excluding documents that are responsive to the request based upon
17   its unilateral determination of what is 'relevant' or 'sufficient.'").

18   None of Mattel's improper objections are valid and Mattel is obligated to
19   produce all non-privileged responsive documents in its possession, custody, or
20   control.

21

22   **REQUEST FOR PRODUCTION NO. 378:**

23   All DOCUMENTS REFERRING OR RELATING TO Jenny M.L. Wong's
24   alleged knowledge of "MGA's access to Mattel's intellectual property and trade
25   secrets" and "MGA business practices," as alleged in MATTEL'S INITIAL
26   DISCLOSURES.

27

28

**RESPONSE TO REQUEST NO. 378:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 378:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for documents or information in the possession, custody or control of MGA, including without limitation documents and information that MGA has been compelled by Court orders to produce but has not produced. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the

OHS West:260723198

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET THREE;  CV 04-9049 SGL (RNBx)

1  disclosure of information subject to the attorney-client privilege, the attorney work-

2  product doctrine and other applicable privileges.

3       Subject to the foregoing objections, Mattel responds as follows: Mattel will

4  produce responsive, non-privileged documents relating to Jenny M.L. Wong's

5  knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

6  Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

7  has been able to locate after a diligent search and reasonable inquiry, to the extent

8  not previously produced.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

11

12       Mattel has improperly limited its agreement to produce documents in

13  response to this request, subject to its improper boilerplate objections.  Mattel has

14  refused to confirm whether or not it has produced all non-privileged responsive

15  documents or whether it is withholding documents based on its objections in Phase

16  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18  Generic objections that fail to explain the basis for an objection with specificity are

19  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21  such as 'overly burdensome and harassing' are improper – especially when a party

22  fails to submit any evidentiary declarations supporting such objections").

23  Accordingly, Mattel must be compelled either to certify that it has produced all

24  non-privileged responsive documents or to produce all such documents by a date

25  certain.

26       To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control concerning Wong's alleged knowledge of "MGA's access to Mattel's intellectual property and trade secrets" and "MGA's business practices." This area of information is taken directly from Mattel's allegations regarding Wong in its initial disclosures. Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 19).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence."). Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. Mattel has alleged that MGA misappropriated its trade secrets. MGA is entitled to discovery on this claim.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

This request seeks relevant information. Mattel identified Wong in its initial disclosures an individual with discoverable knowledge regarding "MGA's access to Mattel's intellectual property and trade secrets" and "MGA business practices." Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 19). Accordingly, Mattel's initial disclosures demonstrate the relevance of this request. Further, this information is relevant to, among other things, Mattel's

trade secret defense, MGA's claims of trade dress infringement, and MGA's affirmative defenses of statute of limitations and laches.

Mattel's objection that the request seeks information within MGA's possession, custody or control is nonsensical and lacks factual support.  Mattel makes no argument, let alone a factual showing, that any documents in MGA's possession are duplicative of documents within Mattel's control.  MGA is entitled to discovery from Mattel of documents within its possession, custody, or control that relate to the subject of this suit.  Mattel cannot avoid this obligation by making a conclusory statement that MGA also possesses responsive documents.

Mattel's objection that the request seeks confidential, proprietary, and trade secret information should be disregarded.  The parties have entered into a protective order in this matter, which governs the handling of confidential business information.  Further, Mattel has put its confidential business information at issue in this litigation, including but not limited to its trade secret misappropriation claim.  Accordingly, it cannot resist discovery of confidential business information.

Finally, Mattel has improperly limited its agreement to produce to "the facts at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that the individual is identified as being knowledgeable about certain topics in Mattel's initial disclosures, Mattel's obligation to produce does not end with the facts that it has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive information from the individual on the topics identified, regardless of whether it supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that MGA might be excluding documents that are responsive to the request based upon its unilateral determination of what is 'relevant' or 'sufficient.'").

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 379:**

All DOCUMENTS REFERRING OR RELATING TO Samuel Wong's alleged knowledge of "[d]esign and development of Bratz and Bryant's work with or for MGA during his Mattel employment," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 379:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 379:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further

1    objects to this Request on the grounds that it calls for documents or information in

2    the possession, custody or control of MGA and/or Bryant, including without

3    limitation documents and information that MGA and Bryant have been compelled

4    by Court orders to produce but have not produced. Mattel further objects to this

5    Request on the grounds that it seeks confidential, proprietary and trade secret

6    information, including such information that has no bearing on the claims or

7    defenses in this case. Mattel further objects to this Request on the grounds that it

8    calls for the disclosure of information subject to the attorney-client privilege, the

9    attorney work-product doctrine and other applicable privileges.

10        Subject to the foregoing objections, Mattel responds as follows: Mattel will

11   produce responsive, non-privileged documents relating to Samuel Wong's

12   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

13   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

14   has been able to locate after a diligent search and reasonable inquiry, to the extent

15   not previously produced.

16

17   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

18

19        Mattel has improperly limited its agreement to produce documents in

20   response to this request, subject to its improper boilerplate objections.  Mattel has

21   refused to confirm whether or not it has produced all non-privileged responsive

22   documents or whether it is withholding documents based on its objections in Phase

23   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

24   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

25   Generic objections that fail to explain the basis for an objection with specificity are

26   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

27   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

28   such as 'overly burdensome and harassing' are improper – especially when a party

1  fails to submit any evidentiary declarations supporting such objections").

2  Accordingly, Mattel must be compelled either to certify that it has produced all

3  non-privileged responsive documents or to produce all such documents by a date

4  certain.

5      To the extent that Mattel is relying on its blanket objections, they are not

6  sustainable and do not justify Mattel's failure to produce documents.

7      As to overbreadth, Mattel provides no explanation, let alone the required

8  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

9  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

11  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

12  custody, or control concerning Wong's alleged knowledge of "[d]esign and

13  development of Bratz and Bryant's work with or for MGA during his Mattel

14  employment."  This area of information is taken directly from Mattel's allegations

15  regarding Wong in its initial disclosures.  Rutowski Decl. Ex. 56 (Mattel's

16  Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 19).

17      As to burden, Mattel has not attempted to demonstrate why responding to

18  this request and/or producing responsive documents presents any burden.  This

19  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

20  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21  request is unduly burdensome must allege specific facts which indicate the nature

22  and extent of the burden, usually by affidavit or other reliable evidence.").

23  Moreover, it is not unduly burdensome, as noted above, in that the request is

24  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

25  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

26      This request does not seek documents protected by the attorney-client

27  privilege, the attorney work product doctrine, or other applicable privileges.  To the

28  extent that Mattel contends that it does, Mattel must provide a privilege log.

1     This request seeks relevant information.  Mattel identified Wong in its initial

2 disclosures an individual with discoverable knowledge regarding "[d]esign and

3 development of Bratz and Bryant's work with or for MGA during his Mattel

4 employment."  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures,

5 dated Jan. 5, 2007, p. 19).  Accordingly, Mattel's initial disclosures demonstrate the

6 relevance of this request.  Further, this information is relevant to, among other

7 things, Mattel's trade secret defense, MGA's claims of trade dress infringement,

8 and MGA's affirmative defenses of statute of limitations and laches.

9     Mattel's objection that the request seeks information within MGA's

10 possession, custody or control is nonsensical and lacks factual support.  Mattel

11 makes no argument, let alone a factual showing, that any documents in MGA's

12 possession are duplicative of documents within Mattel's control.  MGA is entitled

13 to discovery from Mattel of documents within its possession, custody, or control

14 that relate to the subject of this suit.  Mattel cannot avoid this obligation by making

15 a conclusory statement that MGA also possesses responsive documents.

16     Mattel's objection that the request seeks confidential, proprietary, and trade

17 secret information should be disregarded.  The parties have entered into a protective

18 order in this matter, which governs the handling of confidential business

19 information.  Further, Mattel has put its confidential business information at issue

20 in this litigation, including but not limited to its trade secret misappropriation claim.

21 Accordingly, it cannot resist discovery of confidential business information.

22     Finally, Mattel has improperly limited its agreement to produce to "the facts

23 at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

24 the individual is identified as being knowledgeable about certain topics in Mattel's

25 initial disclosures, Mattel's obligation to produce does not end with the facts that it

26 has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

27 information from the individual on the topics identified, regardless of whether it

28 supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

1  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

2  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

3  MGA might be excluding documents that are responsive to the request based upon

4  its unilateral determination of what is 'relevant' or 'sufficient.'").

5      None of Mattel's improper objections are valid and Mattel is obligated to

6  produce all non-privileged responsive documents in its possession, custody, or

7  control.

8

9  **REQUEST FOR PRODUCTION NO. 380:**

10      All DOCUMENTS REFERRING OR RELATING TO Tricia Wong's

11  alleged knowledge of "[t]he development and ownership of intellectual property at

12  issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

13      **RESPONSE TO REQUEST NO. 380:**

14      In addition to the general objections stated above which are incorporated

15  herein by reference, Mattel objects to this Request on the grounds that it is

16  overbroad, unduly burdensome and unintelligible, including in that it seeks all

17  documents on this subject without limitation as to time, and regardless of whether

18  such documents relate to products or matters at issue in this case. Mattel further

19  objects to the Request on the grounds that it seeks documents that are not relevant

20  to this action or likely to lead to the discovery of admissible evidence. Mattel

21  further objects to this Request on the grounds that it seeks confidential, proprietary

22  and trade secret information that has no bearing on the claims or defenses in this

23  case. Mattel further objects to this Request on the grounds that it calls for the

24  disclosure of information subject to the attorney-client privilege, the attorney work-

25  product doctrine and other applicable privileges.

26      **SUPPLEMENTAL RESPONSE TO REQUEST NO. 380:**

27      In addition to the general objections stated above which are incorporated

28  herein by reference, Mattel objects to this Request on the grounds that it is

overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Tricia Wong's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.


### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

1  such as 'overly burdensome and harassing' are improper – especially when a party

2  fails to submit any evidentiary declarations supporting such objections").

3  Accordingly, Mattel must be compelled either to certify that it has produced all

4  non-privileged responsive documents or to produce all such documents by a date

5  certain.

6      To the extent that Mattel is relying on its blanket objections, they are not

7  sustainable and do not justify Mattel's failure to produce documents.

8      As to overbreadth, Mattel provides no explanation, let alone the required

9  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

10  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

11  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

12  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

13  custody, or control concerning Wong's alleged knowledge of "[t]he development

14  and ownership of intellectual property at issue."  This area of information is taken

15  directly from Mattel's allegations regarding Wong in its initial disclosures.

16  Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

17  2007, p. 19).

18      As to burden, Mattel has not attempted to demonstrate why responding to

19  this request and/or producing responsive documents presents any burden.  This

20  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

21  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22  request is unduly burdensome must allege specific facts which indicate the nature

23  and extent of the burden, usually by affidavit or other reliable evidence.").

24  Moreover, it is not unduly burdensome, as noted above, in that the request is

25  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

26  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

27      This request does not seek documents protected by the attorney-client

28  privilege, the attorney work product doctrine, or other applicable privileges.  To the

- 824 -

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET THREE;  CV 04-9049 SGL (RNBx)

1   extent that Mattel contends that it does, Mattel must provide a privilege log.

2   This request seeks relevant information.  Mattel identified Wong in its initial

3   disclosures an individual with discoverable knowledge regarding "[t]he

4   development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

5   56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 19).

6   Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

7   Further, this information is relevant to, among other things, Mattel's trade secret

8   defense and MGA's claims of trade dress infringement.

9   Mattel's objection that the request seeks confidential, proprietary, and trade

10   secret information should be disregarded.  The parties have entered into a protective

11   order in this matter, which governs the handling of confidential business

12   information.  Further, Mattel has put its confidential business information at issue

13   in this litigation, including but not limited to its trade secret misappropriation claim.

14   Accordingly, it cannot resist discovery of confidential business information.

15   Finally, Mattel has improperly limited its agreement to produce to "the facts

16   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

17   the individual is identified as being knowledgeable about certain topics in Mattel's

18   initial disclosures, Mattel's obligation to produce does not end with the facts that it

19   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

20   information from the individual on the topics identified, regardless of whether it

21   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

22   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

23   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

24   MGA might be excluding documents that are responsive to the request based upon

25   its unilateral determination of what is 'relevant' or 'sufficient.'").

26   None of Mattel's improper objections are valid and Mattel is obligated to

27   produce all non-privileged responsive documents in its possession, custody, or

28   control.

**REQUEST FOR PRODUCTION NO. 381:**

All DOCUMENTS in Tricia Wong's possession or control REFERRING OR RELATING TO her alleged knowledge of "[t]he development and ownership of intellectual property at issue," as alleged in MATTEL'S INITIAL DISCLOSURES.

**RESPONSE TO REQUEST NO. 381:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 381:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds

1   that it calls for the disclosure of information subject to the attorney-client privilege,

2   the attorney work-product doctrine and other applicable privileges.

3        Subject to the foregoing objections, Mattel responds as follows: Mattel will

4   produce responsive, non-privileged documents relating to Tricia Wong's

5   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

6   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

7   has been able to locate after a diligent search and reasonable inquiry, to the extent

8   not previously produced.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

11

12       Mattel has improperly limited its agreement to produce documents in

13  response to this request, subject to its improper boilerplate objections.  Mattel has

14  refused to confirm whether or not it has produced all non-privileged responsive

15  documents or whether it is withholding documents based on its objections in Phase

16  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18  Generic objections that fail to explain the basis for an objection with specificity are

19  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21  such as 'overly burdensome and harassing' are improper – especially when a party

22  fails to submit any evidentiary declarations supporting such objections").

23  Accordingly, Mattel must be compelled either to certify that it has produced all

24  non-privileged responsive documents or to produce all such documents by a date

25  certain.

26       To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

1    As to overbreadth, Mattel provides no explanation, let alone the required

2    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5    contrary, the request is narrowly tailored to seek documents in Mattel's possession,

6    custody, or control concerning Wong's alleged knowledge of "[t]he development

7    and ownership of intellectual property at issue."  This area of information is taken

8    directly from Mattel's allegations regarding Wong in its initial disclosures.

9    Rutowski Decl. Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5,

10   2007, p. 19).

11   As to burden, Mattel has not attempted to demonstrate why responding to

12   this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

14   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.").

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

19   misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

20   This request does not seek documents protected by the attorney-client

21   privilege, the attorney work product doctrine, or other applicable privileges.  To the

22   extent that Mattel contends that it does, Mattel must provide a privilege log.

23   This request seeks relevant information.  Mattel identified Wong in its initial

24   disclosures an individual with discoverable knowledge regarding "[t]he

25   development and ownership of intellectual property at issue."  Rutowski Decl. Ex.

26   56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 19).

27   Accordingly, Mattel's initial disclosures demonstrate the relevance of this request.

28

1  Further, this information is relevant to, among other things, Mattel's trade secret

2  defense and MGA's claims of trade dress infringement.

3      Mattel's objection that the request seeks confidential, proprietary, and trade

4  secret information should be disregarded.  The parties have entered into a protective

5  order in this matter, which governs the handling of confidential business

6  information.  Further, Mattel has put its confidential business information at issue

7  in this litigation, including but not limited to its trade secret misappropriation claim.

8  Accordingly, it cannot resist discovery of confidential business information.

9      Finally, Mattel has improperly limited its agreement to produce to "the facts

10  at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

11  the individual is identified as being knowledgeable about certain topics in Mattel's

12  initial disclosures, Mattel's obligation to produce does not end with the facts that it

13  has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

14  information from the individual on the topics identified, regardless of whether it

15  supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

16  Granting Mattel's Motion to Compel Production of Documents and Interrogatory

17  Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

18  MGA might be excluding documents that are responsive to the request based upon

19  its unilateral determination of what is 'relevant' or 'sufficient.'").

20      None of Mattel's improper objections are valid and Mattel is obligated to

21  produce all non-privileged responsive documents in its possession, custody, or

22  control.

23

24  **REQUEST FOR PRODUCTION NO. 382:**

25      All DOCUMENTS REFERRING OR RELATING TO Sandy Yonemoto's

26  alleged knowledge of "Bryant's misrepresentations to Mattel," as alleged in

27  MATTEL'S INITIAL DISCLOSURES.

28

## RESPONSE TO REQUEST NO. 382:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

## SUPPLEMENTAL RESPONSE TO REQUEST NO. 382:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to this. Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Sandy Yonemoto's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

1    has been able to locate after a diligent search and reasonable inquiry, to the extent

2    not previously produced.

3

4    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**

5

6         Mattel has improperly limited its agreement to produce documents in

7    response to this request, subject to its improper boilerplate objections.  Mattel has

8    refused to confirm whether or not it has produced all non-privileged responsive

9    documents or whether it is withholding documents based on its objections in Phase

10   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

11   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

12   Generic objections that fail to explain the basis for an objection with specificity are

13   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

14   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

15   such as 'overly burdensome and harassing' are improper – especially when a party

16   fails to submit any evidentiary declarations supporting such objections").

17   Accordingly, Mattel must be compelled either to certify that it has produced all

18   non-privileged responsive documents or to produce all such documents by a date

19   certain.

20         To the extent that Mattel is relying on its blanket objections, they are not

21   sustainable and do not justify Mattel's failure to produce documents.

22         As to overbreadth, Mattel provides no explanation, let alone the required

23   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

24   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

27   custody, or control concerning Yonemoto's alleged knowledge of "Bryant's

28   misrepresentations to Mattel."  This area of information is taken directly from

1 Mattel's allegations regarding Yonemoto in its initial disclosures.  Rutowski Decl.

2 Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 19).

3    As to burden, Mattel has not attempted to demonstrate why responding to

4 this request and/or producing responsive documents presents any burden.  This

5 objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

6 <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7 request is unduly burdensome must allege specific facts which indicate the nature

8 and extent of the burden, usually by affidavit or other reliable evidence.").

9 Moreover, it is not unduly burdensome, as noted above, in that the request is

10 narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

11 misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

12    This request does not seek documents protected by the attorney-client

13 privilege, the attorney work product doctrine, or other applicable privileges.  To the

14 extent that Mattel contends that it does, Mattel must provide a privilege log.

15    This request seeks relevant information.  Mattel identified Yonemoto in its

16 initial disclosures an individual with discoverable knowledge regarding "Bryant's

17 misrepresentations to Mattel."  Rutowski Decl. Ex. 56 (Mattel's Consolidated

18 Initial Disclosures, dated Jan. 5, 2007, p. 19).  Accordingly, Mattel's initial

19 disclosures demonstrate the relevance of this request.  Further, this information is

20 relevant to, among other things, MGA's affirmative defenses of statute of

21 limitations and laches.

22    Mattel's objection that the request seeks confidential, proprietary, and trade

23 secret information should be disregarded.  The parties have entered into a protective

24 order in this matter, which governs the handling of confidential business

25 information.  Further, Mattel has put its confidential business information at issue

26 in this litigation, including but not limited to its trade secret misappropriation claim.

27 Accordingly, it cannot resist discovery of confidential business information.

28

1    Finally, Mattel has improperly limited its agreement to produce to "the facts

2    at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

3    the individual is identified as being knowledgeable about certain topics in Mattel's

4    initial disclosures, Mattel's obligation to produce does not end with the facts that it

5    has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

6    information from the individual on the topics identified, regardless of whether it

7    supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

8    Granting Mattel's Motion to Compel Production of Documents and Interrogatory

9    Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

10   MGA might be excluding documents that are responsive to the request based upon

11   its unilateral determination of what is 'relevant' or 'sufficient.'").

12   None of Mattel's improper objections are valid and Mattel is obligated to

13   produce all non-privileged responsive documents in its possession, custody, or

14   control.

15

16   **REQUEST FOR PRODUCTION NO. 383:**

17   All DOCUMENTS in Sandy Yonemoto's possession or control

18   REFERRING OR RELATING TO her alleged knowledge of "Bryant's

19   misrepresentations to Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

20   **RESPONSE TO REQUEST NO. 383:**

21   In addition to the general objections stated above which are incorporated

22   herein by reference, Mattel objects to this Request on the grounds that it is

23   overbroad, unduly burdensome and unintelligible, including in that it seeks all

24   documents on this subject without limitation as to time, and regardless of whether

25   such documents relate to products or matters at issue in this case. Mattel further

26   objects to the Request on the grounds that it seeks documents that are not relevant

27   to this action or likely to lead to the discovery of admissible evidence. Mattel

28   further objects to this Request on the grounds that it seeks confidential, proprietary

and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

### SUPPLEMENTAL RESPONSE TO REQUEST NO. 383:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to the foregoing objections, Mattel responds as follows: Mattel will produce responsive, non-privileged documents relating to Sandy Yonemoto's knowledge of the facts at issue in this litigation as alleged in Mattel's Initial Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase

- 834 -

1    2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

2    must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

3    Generic objections that fail to explain the basis for an objection with specificity are

4    routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

5    Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

6    such as 'overly burdensome and harassing' are improper – especially when a party

7    fails to submit any evidentiary declarations supporting such objections").

8    Accordingly, Mattel must be compelled either to certify that it has produced all

9    non-privileged responsive documents or to produce all such documents by a date

10   certain.

11          To the extent that Mattel is relying on its blanket objections, they are not

12   sustainable and do not justify Mattel's failure to produce documents.

13          As to overbreadth, Mattel provides no explanation, let alone the required

14   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

15   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

16   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

17   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

18   custody, or control concerning Yonemoto's alleged knowledge of "Bryant's

19   misrepresentations to Mattel."  This area of information is taken directly from

20   Mattel's allegations regarding Yonemoto in its initial disclosures.  Rutowski Decl.

21   Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 19).

22          As to burden, Mattel has not attempted to demonstrate why responding to

23   this request and/or producing responsive documents presents any burden.  This

24   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

25   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

26   request is unduly burdensome must allege specific facts which indicate the nature

27   and extent of the burden, usually by affidavit or other reliable evidence.").

28   Moreover, it is not unduly burdensome, as noted above, in that the request is

1    narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

2    misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

3        This request does not seek documents protected by the attorney-client

4    privilege, the attorney work product doctrine, or other applicable privileges.  To the

5    extent that Mattel contends that it does, Mattel must provide a privilege log.

6        This request seeks relevant information.  Mattel identified Yonemoto in its

7    initial disclosures an individual with discoverable knowledge regarding "Bryant's

8    misrepresentations to Mattel."  Rutowski Decl. Ex. 56 (Mattel's Consolidated

9    Initial Disclosures, dated Jan. 5, 2007, p. 19).  Accordingly, Mattel's initial

10   disclosures demonstrate the relevance of this request.  Further, this information is

11   relevant to, among other things, MGA's affirmative defenses of statute of

12   limitations and laches.

13       Mattel's objection that the request seeks confidential, proprietary, and trade

14   secret information should be disregarded.  The parties have entered into a protective

15   order in this matter, which governs the handling of confidential business

16   information.  Further, Mattel has put its confidential business information at issue

17   in this litigation, including but not limited to its trade secret misappropriation claim.

18   Accordingly, it cannot resist discovery of confidential business information.

19       Finally, Mattel has improperly limited its agreement to produce to "the facts

20   at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that

21   the individual is identified as being knowledgeable about certain topics in Mattel's

22   initial disclosures, Mattel's obligation to produce does not end with the facts that it

23   has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive

24   information from the individual on the topics identified, regardless of whether it

25   supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order

26   Granting Mattel's Motion to Compel Production of Documents and Interrogatory

27   Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that

28   MGA might be excluding documents that are responsive to the request based upon

1   its unilateral determination of what is 'relevant' or 'sufficient.'").

2         None of Mattel's improper objections are valid and Mattel is obligated to

3   produce all non-privileged responsive documents in its possession, custody, or

4   control.

5

6   **REQUEST FOR PRODUCTION NO. 383:**

7         All DOCUMENTS in Sandy Yonemoto's possession or control

8   REFERRING OR RELATING TO her alleged knowledge of "Bryant's

9   misrepresentations to Mattel," as alleged in MATTEL'S INITIAL DISCLOSURES.

10        **RESPONSE TO REQUEST NO. 383:**

11        In addition to the general objections stated above which are incorporated

12  herein by reference, Mattel objects to this Request on the grounds that it is

13  overbroad, unduly burdensome and unintelligible, including in that it seeks all

14  documents on this subject without limitation as to time, and regardless of whether

15  such documents relate to products or matters at issue in this case. Mattel further

16  objects to the Request on the grounds that it seeks documents that are not relevant

17  to this action or likely to lead to the discovery of admissible evidence. Mattel

18  further objects to this Request on the grounds that it seeks confidential, proprietary

19  and trade secret information that has no bearing on the claims or defenses in this

20  case. Mattel further objects to this Request on the grounds that it calls for the

21  disclosure of information subject to the attorney-client privilege, the attorney work-

22  product doctrine and other applicable privileges.

23        **SUPPLEMENTAL RESPONSE TO REQUEST NO. 383:**

24        In addition to the general objections stated above which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it is

26  overbroad, unduly burdensome and unintelligible, including in that it seeks all

27  documents on this subject without limitation as to time, and regardless of whether

28  such documents relate to products or matters at issue in this case. Mattel further

1   objects to this Request on the grounds that it seeks confidential, proprietary and

2   trade secret information, including such information that has no bearing on the

3   claims or defenses in this case. Mattel further objects to this Request on the grounds

4   that it calls for the disclosure of information subject to the attorney-client privilege,

5   the attorney work-product doctrine and other applicable privileges.

6        Subject to the foregoing objections, Mattel responds as follows: Mattel will

7   produce responsive, non-privileged documents relating to Sandy Yonemoto's

8   knowledge of the facts at issue in this litigation as alleged in Mattel's Initial

9   Disclosures that are in Mattel's possession, custody, or control, if any, that Mattel

10  has been able to locate after a diligent search and reasonable inquiry, to the extent

11  not previously produced.

12

13  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

14

15       Mattel has improperly limited its agreement to produce documents in

16  response to this request, subject to its improper boilerplate objections.  Mattel has

17  refused to confirm whether or not it has produced all non-privileged responsive

18  documents or whether it is withholding documents based on its objections in Phase

19  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

20  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

21  Generic objections that fail to explain the basis for an objection with specificity are

22  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

23  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

24  such as 'overly burdensome and harassing' are improper – especially when a party

25  fails to submit any evidentiary declarations supporting such objections").

26  Accordingly, Mattel must be compelled either to certify that it has produced all

27  non-privileged responsive documents or to produce all such documents by a date

28  certain.

1   To the extent that Mattel is relying on its blanket objections, they are not
2   sustainable and do not justify Mattel's failure to produce documents.

3   As to overbreadth, Mattel provides no explanation, let alone the required
4   particularity, as to *why* this request is supposedly overly broad, nor can it do so.
5   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
6   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
7   contrary, the request is narrowly tailored to seek documents in Mattel's possession,
8   custody, or control concerning Yonemoto's alleged knowledge of "Bryant's
9   misrepresentations to Mattel."  This area of information is taken directly from
10  Mattel's allegations regarding Yonemoto in its initial disclosures.  Rutowski Decl.
11  Ex. 56 (Mattel's Consolidated Initial Disclosures, dated Jan. 5, 2007, p. 19).

12  As to burden, Mattel has not attempted to demonstrate why responding to
13  this request and/or producing responsive documents presents any burden.  This
14  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
15  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
16  request is unduly burdensome must allege specific facts which indicate the nature
17  and extent of the burden, usually by affidavit or other reliable evidence.").
18  Moreover, it is not unduly burdensome, as noted above, in that the request is
19  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA
20  misappropriated its trade secrets.  MGA is entitled to discovery on this claim.

21  This request does not seek documents protected by the attorney-client
22  privilege, the attorney work product doctrine, or other applicable privileges.  To the
23  extent that Mattel contends that it does, Mattel must provide a privilege log.

24  This request seeks relevant information.  Mattel identified Yonemoto in its
25  initial disclosures an individual with discoverable knowledge regarding "Bryant's
26  misrepresentations to Mattel."  Rutowski Decl. Ex. 56 (Mattel's Consolidated
27  Initial Disclosures, dated Jan. 5, 2007, p. 19).  Accordingly, Mattel's initial
28  disclosures demonstrate the relevance of this request.  Further, this information is

1  relevant to, among other things, MGA's affirmative defenses of statute of
2  limitations and laches.

3      Mattel's objection that the request seeks confidential, proprietary, and trade
4  secret information should be disregarded.  The parties have entered into a protective
5  order in this matter, which governs the handling of confidential business
6  information.  Further, Mattel has put its confidential business information at issue
7  in this litigation, including but not limited to its trade secret misappropriation claim.
8  Accordingly, it cannot resist discovery of confidential business information.

9      Finally, Mattel has improperly limited its agreement to produce to "the facts
10 at issue in this litigation *as alleged in Mattel's Initial Disclosures*."  While true that
11 the individual is identified as being knowledgeable about certain topics in Mattel's
12 initial disclosures, Mattel's obligation to produce does not end with the facts that it
13 has unilaterally alleged.  Rather, Mattel must produce all non-privileged responsive
14 information from the individual on the topics identified, regardless of whether it
15 supports the facts as alleged by Mattel, MGA, or any other party.  *See* Order
16 Granting Mattel's Motion to Compel Production of Documents and Interrogatory
17 Responses by MGA, dated May 15, 2007 (finding that "[r]estrictions suggest that
18 MGA might be excluding documents that are responsive to the request based upon
19 its unilateral determination of what is 'relevant' or 'sufficient.'").

20      None of Mattel's improper objections are valid and Mattel is obligated to
21 produce all non-privileged responsive documents in its possession, custody, or
22 control.

23 Dated:  September 23, 2009        ORRICK, HERRINGTON & SUTCLIFFE LLP

24

25                                By:  _____/s/ Diana M. Rutowski_____
                                        Diana M. Rutowski
26                                Attorneys for MGA ENTERTAINMENT, INC.,
                                  MGA ENTERTAINMENT HK, LTD., MGA de
27                                MEXICO, S.R.L. de C.V., and ISAAC LARIAN

28