1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA  94105-2669
6  Telephone:  +1-415-773-5700
   Facsimile:   +1-415-773-5759
7
   WILLIAM A. MOLINSKI (State Bar No. 145186)
8  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017
10 Telephone:  +1-213-629-2020
   Facsimile:   +1-213612-2499
11
   Attorneys for MGA Parties
12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                   EASTERN DIVISION

| | |
|---|---|
| 16  CARTER BRYANT, an individual, | Case No.  CV 04-9049-SGL (RNBx) |
| 17           Plaintiff, | Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727 |
| 18           v. | **DISCOVERY MATTER** |
| 19  MATTEL, INC., a Delaware corporation, | [To Be Heard by Discovery Master Robert O'Brien Pursuant to Order of January 6, 2009] |
| 20           Defendant. | **SEPARATE STATEMENT IN** |
| 21 | **SUPPORT OF MGA PARTIES'** |
| 22  AND CONSOLIDATED ACTIONS | **MOTION TO COMPEL FURTHER RESPONSES TO MGA'S** |
| 23 | **REQUESTS FOR PRODUCTION OF DOCUMENTS (9049, SET FOUR)** |
| 24 | |
| 25 | Date:        TBD |
|  | Time:        TBD |
| 26 | Courtroom:  TBD |
| 27 | **Phase 2** |
|  | Discovery Cutoff:      December 11, 2009 |
| 28 | Pretrial Conference: March 1, 2010 |
|  | Trial Date:             March 23, 2010 |

1        Plaintiffs and Counter-Defendants MGA Parties ("MGA") submit this

2  Separate Statement in Support of MGA Parties' Motion to Compel Further

3  Responses to MGA's Requests for Production of Documents (9049, Set Four).

4  This Separate Statement covers MGA's Fourth Set of Requests in Case No. CV 04-

5  9049-SGL of the consolidated proceedings, served on June 6, 2007.  The requests

6  included in this Separate Statement are Request Nos.  384, 388-394, 396-397, 399-

7  418, 420-435, and 437-469 (the "Requests at Issue").  In addition to the reasons

8  why further responses to each request should be compelled set forth below, MGA

9  incorporates the reasons set forth in its Motion to Compel Further Responses to

10  MGA's Requests for Production of Documents.

11        **MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS AT**
**ISSUE AND RESPONSES - CASE NO. CV 04-9049 SGL (RNBx)**

12

13  **REQUEST FOR PRODUCTION NO. 384:**

14        All DOCUMENTS REFERRING OR RELATING TO the origins or sources

15  of inspiration of "ACCELERACERS," including, without limitation, the purpose

16  for which "ACCELERACERS" products were created.

17        **RESPONSE TO REQUEST NO. 384:**

18        In addition to the general objections stated above which are incorporated

19  herein by reference, Mattel objects to this Request on the grounds that it is

20  overbroad, unduly burdensome and unintelligible, including in that it seeks all

21  documents on this subject without limitation as to time, and regardless of whether

22  such documents relate to products or matters at issue in this case.  Mattel further

23  objects to the use of the terms "sources of inspiration" and "purpose" in this context

24  as vague and ambiguous.  Mattel further objects to the Request on the grounds that

25  it seeks documents that are not relevant to this action or likely to lead to the

26  discovery of admissible evidence.  Mattel further objects to this Request on the

27  grounds that it seeks confidential, proprietary and trade secret information,

28  including such information that has no bearing on the claims or defenses in this

1   case.  Mattel further objects to this Request on the grounds that it calls for the

2   disclosure of information subject to the attorney-client privilege, the attorney

3   work-product doctrine and other applicable privileges.

4        Subject to and without waiving the foregoing objections, Mattel responds as

5   follows: Mattel will produce such responsive, non-privileged documents relating to

6   those matters placed at issue in this litigation that are in Mattel's possession,

7   custody, or control, if any, that Mattel has been able to locate after a diligent search

8   and reasonable inquiry, to the extent not previously produced.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

11

12       Mattel has improperly limited its agreement to produce documents in

13  response to this request to matters that it deems placed at issue.  Mattel has refused

14  to confirm whether or not it has produced all non-privileged responsive documents

15  or whether it is withholding documents based on its objections or improper

16  limitation in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to

17  part of a request must specify the part and permit inspection of the rest."  Fed. R.

18  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

19  with specificity are routinely rejected in the Central District.  See A. Farber and

20  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

21  boilerplate objections such as 'overly burdensome and harassing' are improper –

22  especially when a party fails to submit any evidentiary declarations supporting such

23  objections").  Accordingly, Mattel must be compelled either to certify that it has

24  produced all non-privileged responsive documents or to produce all such

25  documents by a date certain.

26       To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning the origin and source of "ACCELERACERS," and is facially limited to the time around when the particular line of product was created.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products and trade dress infringement.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

As for relevancy, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents is irrelevant to the present action.  On the contrary, MGA has alleged that Mattel has engaged in copying of MGA products, and "ACCELERACERS" is an example of one such product line.  A request seeking the origin and source of inspiration behind its creation is relevant to this action and MGA's claim.

1    Mattel objects that the request contains confidential, proprietary, and trade

2    secret information.  A Protective Order exists in this case, obviating any concern as

3    to protection of privacy rights and/or commercially sensitive information.

4        None of Mattel's improper objections are valid and Mattel is obligated to

5    produce all non-privileged responsive documents in its possession.

6

7    **REQUEST FOR PRODUCTION NO. 388:**

8        All DOCUMENTS REFERRING OR RELATING TO the selection,

9    approval process, design and development of the "ACCELERACERS" products

10   and themes prior to their initial release to the public, including but not limited to

11   any design drawings, MARKET RESEARCH, and product approval memos.

12   **RESPONSE TO REQUEST NO. 388:**

13       In addition to the general objections stated above which are incorporated

14   herein by reference, Mattel objects to this Request on the grounds that it is

15   overbroad and unduly burdensome, including in that it seeks all documents on this

16   subject without limitation as to time, and regardless of whether such documents

17   relate to products or matters at issue in this case.  Mattel further objects to the use

18   of the term "themes" in this context as vague and ambiguous and as assuming facts

19   not in evidence and contrary to the evidence.  Mattel further objects to the Request

20   on the grounds that it seeks documents that are not relevant to this action or likely

21   to lead to the discovery of admissible evidence.  Mattel further objects to this

22   Request on the grounds that it seeks confidential, proprietary and trade secret

23   information, including such information that has no bearing on the claims or

24   defenses in this case.  Mattel further objects to this Request on the grounds that it

25   calls for the disclosure of information subject to the attorney-client privilege, the

26   attorney work-product doctrine and other applicable privileges.

27       Subject to and without waiving the foregoing objections, Mattel responds as

28   follows: Mattel will produce such responsive, non-privileged documents that are in

1   Mattel's possession, custody, or control, if any, relating to those matters placed at

2   issue in this litigation that Mattel has been able to locate after a diligent search and

3   reasonable inquiry, to the extent not previously produced.

4

5   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

6

7           Mattel has improperly limited its agreement to produce documents to those

8   matters that it deems placed at issue in response to this request.  Mattel has refused

9   to confirm whether or not it has produced all non-privileged responsive documents

10  or whether it is withholding documents based on its objections or improper

11  limitation in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to

12  part of a request must specify the part and permit inspection of the rest."  Fed. R.

13  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

14  with specificity are routinely rejected in the Central District.  <u>See</u> <u>A. Farber and</u>

15  <u>Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

16  boilerplate objections such as 'overly burdensome and harassing' are improper –

17  especially when a party fails to submit any evidentiary declarations supporting such

18  objections").  Accordingly, Mattel must be compelled either to certify that it has

19  produced all non-privileged responsive documents or to produce all such

20  documents by a date certain.

21          To the extent that Mattel is relying on its blanket objections, they are not

22  sustainable and do not justify Mattel's failure to produce documents.

23          As to overbreadth, Mattel provides no explanation, let alone the required

24  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

25  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

26  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

27  contrary, the request is narrowly tailored to seek documents concerning the

28  selection, approval, design and development of "ACCELERACERS" products and

1    its surrounding theme prior to their initial release to the public, naturally limiting

2    the request to the time before the particular line of product was released.

3         As to burden, Mattel has not attempted to demonstrate why responding to

4    this request and/or producing responsive documents presents any burden.  This

5    objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

6    <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7    request is unduly burdensome must allege specific facts which indicate the nature

8    and extent of the burden, usually by affidavit or other reliable evidence.")

9    Moreover, it is not unduly burdensome, as noted above, in that the request is

10   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11   has engaged in a broad variety of unfair trade practices including serial copying of

12   MGA products and trade dress infringement.  MGA is entitled to discovery on these

13   claims.

14        This request does not seek documents protected by the attorney-client

15   privilege, the attorney work product doctrine, or other applicable privileges.  To the

16   extent that Mattel contends that it does, Mattel must provide a privilege log.

17        As for relevancy, Mattel has not attempted to demonstrate why responding

18   to this request and/or producing responsive documents is irrelevant to the present

19   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

20   MGA products, and "ACCELERACERS" is an example of one such product line.

21   A request concerning the pre-release selection, approval, process, design and

22   development of the product and the theme surrounding it is therefore relevant to

23   this action and MGA's claims.

24        Mattel objects that the request contains confidential, proprietary, and trade

25   secret information.  A Protective Order exists in this case, obviating any concern as

26   to protection of privacy rights and/or commercially sensitive information.

27        None of Mattel's improper objections are valid and Mattel is obligated to

28   produce all non-privileged responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 389:**

All DOCUMENTS REFERRING OR RELATING TO "ALIEN RACERS" as a source of inspiration for or factor in the development of "ACCELERACERS."

**RESPONSE TO REQUEST NO. 389:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague, overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the terms "sources of inspiration for or factor in the development" as vague and ambiguous in this context. Mattel further objects to this Request on the grounds that it assumes facts not in evidence or is contrary to the evidence. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents that are in Mattel's possession, custody, or control, if any, relating to those matters placed at issue in this litigation that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request to matters it deems placed at issue.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections or limitation in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the contrary, the request is narrowly tailored to seek documents relating "ALIEN RACERS" as a source of inspiration or factor in the development of "ACCELERACERS" product line that Mattel (or its licensees) market or sell.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

- 8 -

<u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products and trade dress infringement.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

As for relevancy, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents is irrelevant to the present action.  On the contrary, MGA has alleged that Mattel is engaged in serial copying of MGA products, and "ACCELERACERS" is an example of one such product line.  A request concerning its source of inspiration and inquiring into its relation to MGA's "ALIEN RACERS" is therefore relevant to this action and MGA's claims.

Mattel objects that the request contains confidential, proprietary, and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession.

## REQUEST FOR PRODUCTION NO. 390:

All DOCUMENTS REFERRING OR RELATING TO YOUR awareness or knowledge of "ALIEN RACERS" during the creation, design and development of "ACCELERACERS."

- 9 -

**RESPONSE TO REQUEST NO. 390:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it assumes facts not in evidence or is contrary to the evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents that are in Mattel's possession, custody, or control, if any, relating to those matters placed at issue in this litigation that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.


**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents to matters that it deems placed at issue in response to this request.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections or limitation in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

- 10 -

1   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

2   Generic objections that fail to explain the basis for an objection with specificity are

3   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

4   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

5   such as 'overly burdensome and harassing' are improper – especially when a party

6   fails to submit any evidentiary declarations supporting such objections").

7   Accordingly, Mattel must be compelled either to certify that it has produced all

8   non-privileged responsive documents or to produce all such documents by a date

9   certain.

10      To the extent that Mattel is relying on its blanket objections, they are not

11   sustainable and do not justify Mattel's failure to produce documents.

12      As to overbreadth, Mattel provides no explanation, let alone the required

13   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

14   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

15   (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

16   contrary, the request is narrowly tailored to seek documents relating to Mattel's

17   awareness and knowledge of "ALIEN RACERS" during the creation and

18   development of "ACCELERACERS" product line that Mattel (or its licensees)

19   market or sell.

20      As to burden, Mattel has not attempted to demonstrate why responding to

21   this request and/or producing responsive documents presents any burden.  This

22   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

23   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24   request is unduly burdensome must allege specific facts which indicate the nature

25   and extent of the burden, usually by affidavit or other reliable evidence.")

26   Moreover, it is not unduly burdensome, as noted above, in that the request is

27   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

28   has engaged in a broad variety of unfair trade practices including serial copying of

1  MGA products and trade dress infringement.  MGA is entitled to discovery on these

2  claims.

3      This request does not seek documents protected by the attorney-client

4  privilege, the attorney work product doctrine, or other applicable privileges.  To the

5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6      As for relevancy, Mattel has not attempted to demonstrate why responding to

7  this request and/or producing responsive documents is irrelevant to the present

8  action.  On the contrary, MGA has alleged that Mattel is engaged in serial copying

9  of MGA products, and "ACCELERACERS" is an example of one such product

10 line.  A request concerning Mattel's awareness and knowledge of MGA's toy

11 racing car line "ALIEN RACERS" during the creation and development of

12 "ACCELERACERS" is therefore relevant to this action and MGA's claims.

13      Mattel objects that the request contains confidential, proprietary, and trade

14 secret information.  A Protective Order exists in this case, obviating any concern as

15 to protection of privacy rights and/or commercially sensitive information.

16      None of Mattel's improper objections are valid and Mattel is obligated to

17 produce all non-privileged responsive documents in its possession.

18

19 **REQUEST FOR PRODUCTION NO. 391:**

20      All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

21 RELATING TO such COMMUNICATIONS, between John Handy and Matt

22 Bousquette regarding "ALIEN RACERS."

23      **RESPONSE TO REQUEST NO. 391:**

24      In addition to the general objections stated above which are incorporated

25 herein by reference, Mattel objects to this Request on the grounds that it is

26 overbroad and unduly burdensome, including in that it seeks all documents on this

27 subject without limitation as to time, and regardless of whether such documents

28 relate to products or matters at issue in this case.  Mattel further objects to the

1  Request on the grounds that it seeks documents that are not relevant to this action

2  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

3  this Request on the grounds that it seeks confidential, proprietary and trade secret

4  information, including such information that has no bearing on the claims or

5  defenses in this case.  Mattel further objects to this Request on the grounds that it

6  calls for the disclosure of information subject to the attorney-client privilege, the

7  attorney work-product doctrine and other applicable privileges.

8        Subject to and without waiving the foregoing objections, Mattel responds as

9  follows: Mattel will produce such responsive, non-privileged documents that are in

10  Mattel's possession, custody, or control, if any, relating to those matters placed at

11  issue in this litigation that Mattel has been able to locate after a diligent search and

12  reasonable inquiry, to the extent not previously produced.

13

14    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
      **SHOULD BE COMPELLED**
15

16        Mattel has improperly limited its agreement to produce documents in

17  response to this request to matters it deems placed at issue.  Mattel has refused to

18  confirm whether or not it has produced all non-privileged responsive documents or

19  whether it is withholding documents based on its objections or limitation in Phase

20  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

21  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

22  Generic objections that fail to explain the basis for an objection with specificity are

23  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

24  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

25  such as 'overly burdensome and harassing' are improper – especially when a party

26  fails to submit any evidentiary declarations supporting such objections").

27  Accordingly, Mattel must be compelled either to certify that it has produced all

28

1   non-privileged responsive documents or to produce all such documents by a date

2   certain.

3        To the extent that Mattel is relying on its blanket objections, they are not

4   sustainable and do not justify Mattel's failure to produce documents.

5        As to overbreadth, Mattel provides no explanation, let alone the required

6   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8   (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

9   contrary, the request is narrowly tailored to seek documents relating

10  communications between Mattel employees regarding MGA's product line

11  "ALIEN RACERS."

12       As to burden, Mattel has not attempted to demonstrate why responding to

13  this request and/or producing responsive documents presents any burden.  This

14  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

15  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

16  request is unduly burdensome must allege specific facts which indicate the nature

17  and extent of the burden, usually by affidavit or other reliable evidence.")

18  Moreover, it is not unduly burdensome, as noted above, in that the request is

19  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

20  has engaged in a broad variety of unfair trade practices including serial copying of

21  MGA products and trade dress infringement.  MGA is entitled to discovery on these

22  claims.

23       This request does not seek documents protected by the attorney-client

24  privilege, the attorney work product doctrine, or other applicable privileges.  To the

25  extent that Mattel contends that it does, Mattel must provide a privilege log.

26       As for relevancy, Mattel has not attempted to demonstrate why responding to

27  this request and/or producing responsive documents is irrelevant to the present

28  action.  On the contrary, MGA has alleged that Mattel is engaged in serial copying

1   of MGA products, and "ACCELERACERS" is an example of one such product

2   line.  A request concerning communication between Mattel employees in regards to

3   MGA's toy racing car line "ALIEN RACERS" is therefore relevant to this action

4   and MGA's claims.

5       Mattel objects that the request contains confidential, proprietary, and trade

6   secret information.  A Protective Order exists in this case, obviating any concern as

7   to protection of privacy rights and/or commercially sensitive information.

8       None of Mattel's improper objections are valid and Mattel is obligated to

9   produce all non-privileged responsive documents in its possession.

10

11  **REQUEST FOR PRODUCTION NO. 392:**

12      All DOCUMENTS REFERRING OR RELATING TO any similarity or

13  dissimilarity between "ALIEN RACERS" and "ACCELERACERS."

14      **RESPONSE TO REQUEST NO. 392:**

15      In addition to the general objections stated above which are incorporated

16  herein by reference, Mattel objects to this Request on the grounds that it is

17  overbroad and unduly burdensome, including in that it seeks all documents on this

18  subject without limitation as to time, and regardless of whether such documents

19  relate to products or matters at issue in this case.  Mattel further objects to the

20  Request on the grounds that it seeks documents that are not relevant to this action

21  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

22  this Request on the grounds that it seeks confidential, proprietary and trade secret

23  information, including such information that has no bearing on the claims or

24  defenses in this case.  Mattel further objects to this Request on the grounds that it

25  calls for the disclosure of information subject to the attorney-client privilege, the

26  attorney work-product doctrine and other applicable privileges.

27      Subject to and without waiving the foregoing objections, Mattel responds as

28  follows: Mattel will produce such responsive, non-privileged documents that are in

1   Mattel's possession, custody, or control, if any, relating to those matters placed at

2   issue in this litigation that Mattel has been able to locate after a diligent search and

3   reasonable inquiry, to the extent not previously produced.

4

5   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

6

7   Mattel has improperly limited its agreement to produce documents to those

8   matters it deems placed at issue in response to this request. Mattel has refused to

9   confirm whether or not it has produced all non-privileged responsive documents or

10  whether it is withholding documents based on its objections or limitation in Phase

11  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

12  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

13  Generic objections that fail to explain the basis for an objection with specificity are

14  routinely rejected in the Central District. See A. Farber and Partners, Inc. v.

15  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

16  such as 'overly burdensome and harassing' are improper – especially when a party

17  fails to submit any evidentiary declarations supporting such objections").

18  Accordingly, Mattel must be compelled either to certify that it has produced all

19  non-privileged responsive documents or to produce all such documents by a date

20  certain.

21  To the extent that Mattel is relying on its blanket objections, they are not

22  sustainable and do not justify Mattel's failure to produce documents.

23  As to overbreadth, Mattel provides no explanation, let alone the required

24  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

25  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

26  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

27  contrary, the request is narrowly tailored to seek documents relating to any

28  similarity or dissimilarity between "ALIEN RACERS" and "ACCELERACERS."

1       As to burden, Mattel has not attempted to demonstrate why responding to

2   this request and/or producing responsive documents presents any burden.  This

3   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5   request is unduly burdensome must allege specific facts which indicate the nature

6   and extent of the burden, usually by affidavit or other reliable evidence.")

7   Moreover, it is not unduly burdensome, as noted above, in that the request is

8   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9   has engaged in a broad variety of unfair trade practices including serial copying of

10  MGA products and trade dress infringement.  MGA is entitled to discovery on these

11  claims.

12      This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges.  To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15      As for relevancy, Mattel has not attempted to demonstrate why responding to

16  this request and/or producing responsive documents is irrelevant to the present

17  action.  On the contrary, MGA has alleged that Mattel is engaged in serial copying

18  of MGA products, and "ACCELERACERS" is an example of one such product

19  line.  A request relating to similarity or dissimilarity between Mattel's

20  "ACCELERACERS" line and MGA's toy racing car line "ALIEN RACERS" is

21  therefore relevant to this action and MGA's claims.

22      Mattel objects that the request contains confidential, proprietary, and trade

23  secret information.  A Protective Order exists in this case, obviating any concern as

24  to protection of privacy rights and/or commercially sensitive information.

25      None of Mattel's improper objections are valid and Mattel is obligated to

26  produce all non-privileged responsive documents in its possession.

27

28

1  **REQUEST FOR PRODUCTION NO. 393:**

2      All DOCUMENTS REFERRING OR RELATING TO whether

3  "ACCELERACERS" copy, replicate, or in any way imitate "ALIEN RACERS."

4      **RESPONSE TO REQUEST NO. 393:**

5      In addition to the general objections stated above which are incorporated

6  herein by reference, Mattel objects to this Request on the grounds that it is vague,

7  overbroad and unduly burdensome, including in that it seeks all documents on this

8  subject without limitation as to time, and regardless of whether such documents

9  relate to products or matters at issue in this case.  Mattel further objects to the

10 Request on the grounds that it seeks documents that are not relevant to this action

11 or likely to lead to the discovery of admissible evidence.  Mattel further objects to

12 this Request on the grounds that it seeks confidential, proprietary and trade secret

13 information, including such information that has no bearing on the claims or

14 defenses in this case.  Mattel further objects to this Request on the grounds that it

15 calls for the disclosure of information subject to the attorney-client privilege, the

16 attorney work-product doctrine and other applicable privileges.

17     Subject to and without waiving the foregoing objections, Mattel responds as

18 follows: Mattel will produce such responsive, non-privileged documents that are in

19 Mattel's possession, custody, or control, if any, relating to those matters placed at

20 issue in this litigation that Mattel has been able to locate after a diligent search and

21 reasonable inquiry, to the extent not previously produced.

22

23 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
   SHOULD BE COMPELLED**
24

25     Mattel has improperly limited its agreement to produce documents to those

26 matters it deems placed at issue in response to this request.  Mattel has refused to

27 confirm whether or not it has produced all non-privileged responsive documents or

28 whether it is withholding documents based on its objections or limitation in Phase

- 18 -

2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the contrary, the request is narrowly tailored to seek documents relating to whether Mattel's line of toy racing cars "ACCELERACERS" imitate or replicate MGA's toy racing car line "ALIEN RACERS."

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of

- 19 -

1   MGA products and trade dress infringement.  MGA is entitled to discovery on these

2   claims.

3       This request does not seek documents protected by the attorney-client

4   privilege, the attorney work product doctrine, or other applicable privileges.  To the

5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6       As for relevancy, Mattel has not attempted to demonstrate why responding

7   to this request and/or producing responsive documents is irrelevant to the present

8   action.  On the contrary, MGA has alleged that Mattel is engaged in serial copying

9   of MGA products, and "ACCELERACERS" is an example of one such product

10  line.  A request relating to documents discussing whether Mattel's

11  "ACCELERACERS" line copies or replicates MGA's  similar toy racing car line

12  "ALIEN RACERS" is therefore relevant to this action and MGA's claims.

13      Mattel objects that the request contains confidential, proprietary, and trade

14  secret information.  A Protective Order exists in this case, obviating any concern as

15  to protection of privacy rights and/or commercially sensitive information.

16      None of Mattel's improper objections are valid and Mattel is obligated to

17  produce all non-privileged responsive documents in its possession.

18

19  **REQUEST FOR PRODUCTION NO. 394:**

20      All DOCUMENTS REFERRING OR RELATING TO actual or potential

21  confusion or otherwise evidencing confusion (including, but not limited to,

22  confusion among consumers, retailers, distributors, licensees or members of the

23  press) between "ACCELERACERS" and "ALIEN RACERS."

24      **RESPONSE TO REQUEST NO. 394:**

25      In addition to the general objections stated above which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is

27  overbroad and unduly burdensome, including in that it seeks all documents on this

28  subject without limitation as to time, and regardless of whether such documents

1  relate to products or matters at issue in this case.  Mattel further objects on the

2  grounds that the terms "otherwise evidencing confusion" are vague and ambiguous.

3  Mattel further objects to the Request on the grounds that it seeks documents that are

4  not relevant to this action or likely to lead to the discovery of admissible evidence.

5  Mattel further objects to this Request on the grounds that it seeks confidential,

6  proprietary and trade secret information, including such information that has no

7  bearing on the claims or defenses in this case.  Mattel further objects to this Request

8  on the grounds that it calls for the disclosure of information subject to the

9  attorney-client privilege, the attorney work-product doctrine and other applicable

10  privileges.

11      Subject to and without waiving the foregoing objections, Mattel responds as

12  follows: Mattel will produce such responsive, non-privileged documents that are in

13  Mattel's possession, custody, or control, if any, relating to those matters placed at

14  issue in this litigation that Mattel has been able to locate after a diligent search and

15  reasonable inquiry, to the extent not previously produced.

16

17  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

18

19      Mattel has improperly limited its agreement to produce documents to those

20  matters it deems placed at issue in response to this request.  Mattel has refused to

21  confirm whether or not it has produced all non-privileged responsive documents or

22  whether it is withholding documents based on its objections or limitation in Phase

23  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

24  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

25  Generic objections that fail to explain the basis for an objection with specificity are

26  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

27  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

28  such as 'overly burdensome and harassing' are improper – especially when a party

1  fails to submit any evidentiary declarations supporting such objections").

2  Accordingly, Mattel must be compelled either to certify that it has produced all

3  non-privileged responsive documents or to produce all such documents by a date

4  certain.

5         To the extent that Mattel is relying on its blanket objections, they are not

6  sustainable and do not justify Mattel's failure to produce documents.

7         As to overbreadth, Mattel provides no explanation, let alone the required

8  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

9  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

11  contrary, the request is narrowly tailored to seek documents evidencing confusion

12  between Mattel's line of toy racing cars "ACCELERACERS" and MGA's toy

13  racing car line "ALIEN RACERS."

14         As to burden, Mattel has not attempted to demonstrate why responding to

15  this request and/or producing responsive documents presents any burden.  This

16  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

17  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.")

20  Moreover, it is not unduly burdensome, as noted above, in that the request is

21  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

22  has engaged in a broad variety of unfair trade practices including serial copying of

23  MGA products and trade dress infringement.  MGA is entitled to discovery on these

24  claims.

25         This request does not seek documents protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges.  To the

27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1    As for relevancy, Mattel has not attempted to demonstrate why responding to

2  this request and/or producing responsive documents is irrelevant to the present

3  action.  On the contrary, MGA has alleged that Mattel is engaged in serial copying

4  of MGA products, and "ACCELERACERS" is an example of one such product

5  line.  A request relating to documents related to documents evidencing confusion

6  between Mattel's "ACCELERACERS" and MGA's toy racing car line "ALIEN

7  RACERS" is therefore relevant to this action and MGA's claims.

8    Mattel objects that the request contains confidential, proprietary, and trade

9  secret information.  A Protective Order exists in this case, obviating any concern as

10  to protection of privacy rights and/or commercially sensitive information.

11    None of Mattel's improper objections are valid and Mattel is obligated to

12  produce all non-privileged responsive documents in its possession.

13

14  **REQUEST FOR PRODUCTION NO. 396:**

15    All DOCUMENTS REFERRING OR RELATING TO MGA's

16  ADVERTISEMENTS for "ALIEN RACERS," including but not limited to YOUR

17  efforts to analyze, copy or imitate MGA's ADVERTISEMENTS for "ALIEN

18  RACERS."

19    **RESPONSE TO REQUEST NO. 396:**

20    In addition to the general objections stated above which are incorporated

21  herein by reference, Mattel objects to this Request on the grounds that it is

22  overbroad and unduly burdensome, including in that it seeks all documents on this

23  subject without limitation as to time, and regardless of whether such documents

24  relate to products or matters at issue in this case.  Mattel further objects on the

25  grounds that the terms "analyze, copy or imitate" are vague and ambiguous.  Mattel

26  further objects to this Request on the grounds that it assumes facts not in evidence

27  or is contrary to the evidence.  Mattel further objects to the Request on the grounds

28  that it seeks documents that are not relevant to this action or likely to lead to the

1   discovery of admissible evidence.  Mattel further objects to this Request on the
2   grounds that it seeks confidential, proprietary and trade secret information,
3   including such information that has no bearing on the claims or defenses in this
4   case.  Mattel further objects to this Request on the grounds that it calls for the
5   disclosure of information subject to the attorney-client privilege, the attorney
6   work-product doctrine and other applicable privileges.

7       Subject to and without waiving the foregoing objections, Mattel responds as
8   follows: Mattel will produce such responsive, non-privileged documents that are in
9   Mattel's possession, custody, or control, if any, relating to those matters placed at
10  issue in this litigation that Mattel has been able to locate after a diligent search and
11  reasonable inquiry, to the extent not previously produced.

12

13  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**
14

15      Mattel has improperly limited its agreement to produce documents to those
16  matters it deems placed at issue in response to this request.  Mattel has refused to
17  confirm whether or not it has produced all non-privileged responsive documents or
18  whether it is withholding documents based on its objections or limitation in Phase
19  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
20  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).
21  Generic objections that fail to explain the basis for an objection with specificity are
22  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.
23  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections
24  such as 'overly burdensome and harassing' are improper – especially when a party
25  fails to submit any evidentiary declarations supporting such objections").
26  Accordingly, Mattel must be compelled either to certify that it has produced all
27  non-privileged responsive documents or to produce all such documents by a date
28  certain.

1    To the extent that Mattel is relying on its blanket objections, they are not

2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required

4    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6    (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

7    contrary, the request is narrowly tailored to seek documents relating to

8    advertisements for MGA's toy racing car line "ALIEN RACERS."

9    As to burden, Mattel has not attempted to demonstrate why responding to

10   this request and/or producing responsive documents presents any burden.  This

11   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

12   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

13   request is unduly burdensome must allege specific facts which indicate the nature

14   and extent of the burden, usually by affidavit or other reliable evidence.")

15   Moreover, it is not unduly burdensome, as noted above, in that the request is

16   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

17   has engaged in a broad variety of unfair trade practices including serial copying of

18   MGA products and trade dress infringement.  MGA is entitled to discovery on these

19   claims.

20   This request does not seek documents protected by the attorney-client

21   privilege, the attorney work product doctrine, or other applicable privileges.  To the

22   extent that Mattel contends that it does, Mattel must provide a privilege log.

23   As for relevancy, Mattel has not attempted to demonstrate why responding to

24   this request and/or producing responsive documents is irrelevant to the present

25   action.  On the contrary, MGA has alleged that Mattel has engaged in serial

26   copying of MGA products, and "ACCELERACERS" is an example of one such

27   product line.  A request for documents that Mattel possesses that are related to

28

- 25 -

1    advertisements for MGA's toy racing car line "ALIEN RACERS" is therefore

2    relevant to this action and MGA's claims.

3        Mattel objects that the request contains confidential, proprietary, and trade

4    secret information.  A Protective Order exists in this case, obviating any concern as

5    to protection of privacy rights and/or commercially sensitive information.

6        None of Mattel's improper objections are valid and Mattel is obligated to

7    produce all non-privileged responsive documents in its possession.

8

9    **REQUEST FOR PRODUCTION NO. 397:**

10       All DOCUMENTS REFERRING OR RELATING TO the inspiration for,

11   development of, or creation of the theme of the ADVERTISEMENTS for

12   "ACCELERACERS."

13       **RESPONSE TO REQUEST NO. 397:**

14       In addition to the general objections stated above which are incorporated

15   herein by reference, Mattel objects to this Request on the grounds that it is

16   overbroad and unduly burdensome, including in that it seeks all documents on this

17   subject without limitation as to time, and regardless of whether such documents

18   relate to products or matters at issue in this case.  Mattel further objects on the

19   grounds that the terms "inspiration for" and "theme" in this context are vague and

20   ambiguous.  Mattel further objects to the Request on the grounds that it seeks

21   documents that are not relevant to this action or likely to lead to the discovery of

22   admissible evidence.  Mattel further objects to this Request on the grounds that it

23   seeks confidential, proprietary and trade secret information, including such

24   information that has no bearing on the claims or defenses in this case.  Mattel

25   further objects to this Request on the grounds that it calls for the disclosure of

26   information subject to the attorney-client privilege, the attorney work-product

27   doctrine and other applicable privileges.

28

1    Subject to and without waiving the foregoing objections, Mattel responds as

2    follows: Mattel will produce such responsive, non-privileged documents that are in

3    Mattel's possession, custody, or control, if any, relating to those matters placed at

4    issue in this litigation that Mattel has been able to locate after a diligent search and

5    reasonable inquiry, to the extent not previously produced.

6

7    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

8

9    Mattel has improperly limited its agreement to produce documents to those

10   matters it deems placed at issue in response to this request.  Mattel has refused to

11   confirm whether or not it has produced all non-privileged responsive documents or

12   whether it is withholding documents based on its objections or limitation in Phase

13   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

14   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

15   Generic objections that fail to explain the basis for an objection with specificity are

16   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

17   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

18   such as 'overly burdensome and harassing' are improper – especially when a party

19   fails to submit any evidentiary declarations supporting such objections").

20   Accordingly, Mattel must be compelled either to certify that it has produced all

21   non-privileged responsive documents or to produce all such documents by a date

22   certain.

23   To the extent that Mattel is relying on its blanket objections, they are not

24   sustainable and do not justify Mattel's failure to produce documents.

25   As to overbreadth, Mattel provides no explanation, let alone the required

26   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

27   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

28   (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

1   contrary, the request is narrowly tailored to seek documents relating to the

2   inspiration for, development of, or creation of the theme of the advertisements for

3   Mattel's toy racing car line "ACCELERACERS."

4       As to burden, Mattel has not attempted to demonstrate why responding to

5   this request and/or producing responsive documents presents any burden.  This

6   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8   request is unduly burdensome must allege specific facts which indicate the nature

9   and extent of the burden, usually by affidavit or other reliable evidence.")

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

12  has engaged in a broad variety of unfair trade practices including serial copying of

13  MGA products and trade dress infringement.  MGA is entitled to discovery on these

14  claims.

15      This request does not seek documents protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges.  To the

17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18      As for relevancy, Mattel has not attempted to demonstrate why responding to

19  this request and/or producing responsive documents is irrelevant to the present

20  action.  On the contrary, MGA has alleged that Mattel is engaged in serial copying

21  of MGA products, and "ACCELERACERS" is an example of one such product

22  line.  A request for documents that relate to Mattel's inspiration for, development

23  of, or creation of the theme of the advertisements for Mattel's toy racing car line

24  "ACCELERACERS" is therefore relevant to this action and MGA's claims.

25      Mattel objects that the request contains confidential, proprietary, and trade

26  secret information.  A Protective Order exists in this case, obviating any concern as

27  to protection of privacy rights and/or commercially sensitive information.

28

1   None of Mattel's improper objections are valid and Mattel is obligated to

2   produce all non-privileged responsive documents in its possession.

3

4   **REQUEST FOR PRODUCTION NO. 399:**

5   DOCUMENTS sufficient to determine total sales, revenue, royalties, costs of

6   goods sold and any other costs attributable to net profits REFERRING OR

7   RELATING TO "ACCELERACERS."

8   **RESPONSE TO REQUEST NO. 399:**

9   In addition to the general objections stated above which are incorporated

10   herein by reference, Mattel objects to this Request on the grounds that it is

11   overbroad and unduly burdensome, including in that it seeks all documents on this

12   subject without limitation as to time, and regardless of whether such documents

13   relate to products or matters at issue in this case.  Mattel further objects on the

14   grounds that the terms "other costs attributable to net profits REFERRING OR

15   RELATING TO" are vague and ambiguous.  Mattel further objects to the Request

16   on the grounds that it seeks documents that are not relevant to this action or likely

17   to lead to the discovery of admissible evidence.  Mattel further objects to this

18   Request on the grounds that it seeks confidential, proprietary and trade secret

19   information, including such information that has no bearing on the claims or

20   defenses in this case.  Mattel further objects to this Request on the grounds that it

21   calls for the disclosure of information subject to the attorney-client privilege, the

22   attorney work-product doctrine and other applicable privileges.  Mattel further

23   objects to this Request as premature in that it seeks expert discovery.  Such

24   discovery will be disclosed only at the time, and in the manner required by, the

25   Rules and the Court's Orders.

26   Subject to and without waiving the foregoing objections, Mattel responds as

27   follows: Mattel will produce at an appropriate time responsive, non-privileged

28

1   documents sufficient to determine total sales, revenue, costs of goods sold, and net

2   profits of the ACCELERACERS line.

3

4   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

5   **SHOULD BE COMPELLED**

6       Mattel has improperly limited its agreement to produce documents in

7   response to this request, excluding "royalties" and stating that it will produce only

8   "at an appropriate time."  Mattel has refused to confirm whether or not it has

9   produced all non-privileged responsive documents or whether it is withholding

10  documents based on its objections or limitation in Phase 2.  Under the Federal

11  Rules of Civil Procedure, "an objection to part of a request must specify the part

12  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

13  that fail to explain the basis for an objection with specificity are routinely rejected

14  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

15  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

16  burdensome and harassing' are improper – especially when a party fails to submit

17  any evidentiary declarations supporting such objections").  Accordingly, Mattel

18  must be compelled either to certify that it has produced all non-privileged

19  responsive documents or to produce all such documents by a date certain.

20      To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.

22      As to overbreadth, Mattel provides no explanation, let alone the required

23  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

24  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

26  contrary, the request is narrowly tailored to seek documents relating to the total

27  sales, revenue, royalties, costs of goods sold and any other costs attributable to net

28  profits associated with Mattel's toy racing car line "ACCELERACERS."

1          As to burden, Mattel has not attempted to demonstrate why responding to

2    this request and/or producing responsive documents presents any burden.  This

3    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5    request is unduly burdensome must allege specific facts which indicate the nature

6    and extent of the burden, usually by affidavit or other reliable evidence.")

7    Moreover, it is not unduly burdensome, as noted above, in that the request is

8    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9    has engaged in a broad variety of unfair trade practices including serial copying of

10   MGA products and trade dress infringement.  MGA is entitled to discovery on these

11   claims.

12         This request does not seek documents protected by the attorney-client

13   privilege, the attorney work product doctrine, or other applicable privileges.  To the

14   extent that Mattel contends that it does, Mattel must provide a privilege log.

15          As for relevancy, Mattel has not attempted to demonstrate why responding

16   to this request and/or producing responsive documents is irrelevant to the present

17   action.  On the contrary, MGA has alleged that Mattel is engaged in serial copying

18   of MGA products, and "ACCELERACERS" is an example of one such product

19   line.  A request for documents that relate to the total sales, revenue, royalties, costs

20   of goods sold and any other costs attributable to net profits associated with Mattel's

21   toy racing car line "ACCELERACERS" is therefore relevant to this action and

22   MGA's claims and damages.

23         Mattel objects that the request contains confidential, proprietary, and trade

24   secret information.  A Protective Order exists in this case, obviating any concern as

25   to protection of privacy rights and/or commercially sensitive information.

26         None of Mattel's improper objections are valid and Mattel is obligated to

27   produce all non-privileged responsive documents in its possession.

28

1   **REQUEST FOR PRODUCTION NO. 400:**

2        DOCUMENTS, including but not limited to organizational charts, sufficient

3   to identify (by name and job function) all current and former MATTEL personnel

4   and/or freelancers comprising the primary team that worked on the creation, design

5   and development of the "ACCELERACERS" products, commercials, themes and

6   logo.

7        **RESPONSE TO REQUEST NO. 400:**

8        In addition to the general objections stated above which are incorporated

9   herein by reference, Mattel objects to this Request on the grounds that it is

10  overbroad and unduly burdensome, including in that it seeks all documents on this

11  subject without limitation as to time, and regardless of whether such documents

12  relate to products or matters at issue in this case.  Mattel further objects that the

13  terms "freelancers" and "primary team" are vague and ambiguous.  Mattel further

14  objects to the Request on the grounds that it seeks documents that are not relevant

15  to this action or likely to lead to the discovery of admissible evidence.  Mattel

16  further objects to this Request on the grounds that it seeks confidential, proprietary

17  and trade secret information, including such information that has no bearing on the

18  claims or defenses in this case.  Mattel further objects to this Request on the

19  grounds that it calls for the disclosure of information subject to the attorney-client

20  privilege, the attorney work-product doctrine and other applicable privileges.

21        Subject to and without waiving the foregoing objections, Mattel responds as

22  follows: Mattel will produce such responsive, non-privileged documents that are in

23  Mattel's possession, custody, or control, if any, relating to those matters placed at

24  issue in this litigation that Mattel has been able to locate after a diligent search and

25  reasonable inquiry, to the extent not previously produced.

26

27

28

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents to those matters it deems placed at issue in response to this request.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections or limitation in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the contrary, the request is narrowly tailored to seek documents that are sufficient to identify all current and former Mattel personnel and/or freelancers that worked on the creation, design and development of the "ACCELERACERS" products, commercials, themes and logo.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This

- 33 -

1   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

2   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3   request is unduly burdensome must allege specific facts which indicate the nature

4   and extent of the burden, usually by affidavit or other reliable evidence.")

5   Moreover, it is not unduly burdensome, as noted above, in that the request is

6   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7   has engaged in a broad variety of unfair trade practices including serial copying of

8   MGA products and trade dress infringement.  MGA is entitled to discovery on these

9   claims.

10       This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13       As for relevancy, Mattel has not attempted to demonstrate why responding

14  to this request and/or producing responsive documents is irrelevant to the present

15  action.  On the contrary, MGA has alleged that Mattel is engaged in serial copying

16  of MGA products, and "ACCELERACERS" is an example of one such product

17  line.  A request for documents that will sufficiently identify all current and former

18  Mattel personnel and/or freelancers that worked on the creation, design and

19  development of the "ACCELERACERS" products, commercials, themes and logo

20  is therefore relevant to this action and MGA's claims.

21       Mattel objects that the request contains confidential, proprietary, and trade

22  secret information.  A Protective Order exists in this case, obviating any concern as

23  to protection of privacy rights and/or commercially sensitive information.

24       None of Mattel's improper objections are valid and Mattel is obligated to

25  produce all non-privileged responsive documents in its possession.

26

27

28

**REQUEST FOR PRODUCTION NO. 401:**

All DOCUMENTS REFERRING OR RELATING TO the origins or sources of inspiration of "LITTLE MOMMY," including, without limitation, the purpose for which "LITTLE MOMMY" products were created and why the "LITTLE MOMMY" name was selected.

**RESPONSE TO REQUEST NO. 401:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects on the grounds that the terms "sources of inspiration" and "purpose" are vague and ambiguous in this context. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents that are in Mattel's possession, custody, or control, if any, relating to those matters placed at issue in this litigation that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents to those matters it deems placed at issue in response to this request.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections or limitation in Phase 2.   Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning the origin and sources of inspiration of LITTLE MOMMY, naturally limiting the time frame of the request.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

1  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2  request is unduly burdensome must allege specific facts which indicate the nature

3  and extent of the burden, usually by affidavit or other reliable evidence.")

4  Moreover, it is not unduly burdensome, as noted above, in that the request is

5  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

6  has engaged in a broad variety of unfair trade practices including serial copying of

7  MGA products and trade dress infringement.  MGA is entitled to discovery on these

8  claims.

9        This request does not seek documents protected by the attorney-client

10  privilege, the attorney work product doctrine, or other applicable privileges.  To the

11  extent that Mattel contends that it does, Mattel must provide a privilege log.

12        As for relevancy, Mattel has not attempted to demonstrate why responding to

13  this request and/or producing responsive documents is irrelevant to the present

14  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

15  MGA products, packaging, themes and advertising.  "LITTLE MOMMY" is an

16  example of one such product line.  A request seeking the origin and source of

17  inspiration behind its creation is therefore relevant to this action and MGA's claims.

18        Mattel objects that the request contains confidential, proprietary, and trade

19  secret information.  A Protective Order exists in this case, obviating any concern as

20  to protection of privacy rights and/or commercially sensitive information.

21        None of Mattel's improper objections are valid and Mattel is obligated to

22  produce all non-privileged responsive documents in its possession.

23

24  **REQUEST FOR PRODUCTION NO. 402:**

25        All DOCUMENTS REFERRING OR RELATING TO the selection,

26  approval process, design and development of the "LITTLE MOMMY" name,

27  products and themes prior to their initial release to the public, including but not

28

1   limited to any design drawings, MARKET RESEARCH, and product approval

2   memos.

3       **RESPONSE TO REQUEST NO. 402:**

4       In addition to the general objections stated above which are incorporated

5   herein by reference, Mattel objects to this Request on the grounds that it is

6   overbroad and unduly burdensome, including in that it seeks all documents on this

7   subject without limitation as to time, and regardless of whether such documents

8   relate to products or matters at issue in this case.  Mattel further objects on the

9   grounds that the term "themes" in this context is vague and ambiguous.  Mattel

10  further objects to the Request on the grounds that it seeks documents that are not

11  relevant to this action or likely to lead to the discovery of admissible evidence.

12  Mattel further objects to this Request on the grounds that it seeks confidential,

13  proprietary and trade secret information, including such information that has no

14  bearing on the claims or defenses in this case.  Mattel further objects to this Request

15  on the grounds that it calls for the disclosure of information subject to the

16  attorney-client privilege, the attorney work-product doctrine and other applicable

17  privileges.

18      Subject to and without waiving the foregoing objections, Mattel responds as

19  follows: Mattel will produce such responsive, non-privileged documents that are in

20  Mattel's possession, custody, or control, if any, that relating to the LITTLE

21  MOMMY name and products placed at issue in this litigation that Mattel has been

22  able to locate after a diligent search and reasonable inquiry, to the extent not

23  previously produced.

24

25      **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

26

27      Mattel has improperly limited its agreement to produce documents to those

28  matters it deems placed at issue in response to this request.  Mattel has refused to

1  confirm whether or not it has produced all non-privileged responsive documents or

2  whether it is withholding documents based on its objections or limitation in Phase

3  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

4  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

5  Generic objections that fail to explain the basis for an objection with specificity are

6  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

7  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

8  such as 'overly burdensome and harassing' are improper – especially when a party

9  fails to submit any evidentiary declarations supporting such objections").

10  Accordingly, Mattel must be compelled either to certify that it has produced all

11  non-privileged responsive documents or to produce all such documents by a date

12  certain.

13      To the extent that Mattel is relying on its blanket objections, they are not

14  sustainable and do not justify Mattel's failure to produce documents.

15      As to overbreadth, Mattel provides no explanation, let alone the required

16  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

17  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

18  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

19  contrary, the request is narrowly tailored to seek documents related to the selection,

20  approval process, design and development of the "LITTLE MOMMY" name,

21  products and themes prior to their initial release.

22      As to burden, Mattel has not attempted to demonstrate why responding to

23  this request and/or producing responsive documents presents any burden.  This

24  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

25  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

26  request is unduly burdensome must allege specific facts which indicate the nature

27  and extent of the burden, usually by affidavit or other reliable evidence.")

28  Moreover, it is not unduly burdensome, as noted above, in that the request is

1  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

2  has engaged in a broad variety of unfair trade practices including serial copying of

3  MGA products and trade dress infringement.  MGA is entitled to discovery on these

4  claims.

5        This request does not seek documents protected by the attorney-client

6  privilege, the attorney work product doctrine, or other applicable privileges.  To the

7  extent that Mattel contends that it does, Mattel must provide a privilege log.

8        As for relevancy, Mattel has not attempted to demonstrate why responding to

9  this request and/or producing responsive documents is irrelevant to the present

10  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

11  MGA products, packaging, themes and advertising.  "LITTLE MOMMY" is an

12  example of one such product line.  A request seeking documents related to the

13  selection, approval process, design or development of the "LITTLE MOMMY"

14  name, product and themes prior to their initial release is therefore relevant to this

15  action and MGA's claims.

16        Mattel objects that the request contains confidential, proprietary, and trade

17  secret information.  A Protective Order exists in this case, obviating any concern as

18  to protection of privacy rights and/or commercially sensitive information.

19        None of Mattel's improper objections are valid and Mattel is obligated to

20  produce all non-privileged responsive documents in its possession.

21

22  **REQUEST FOR PRODUCTION NO. 403:**

23        All DOCUMENTS REFERRING OR RELATING TO any "MOMMY'S

24  LITTLE..." product, theme or name as an inspiration for or factor in the

25  development of any "LITTLE MOMMY" product, theme or name.

26        **RESPONSE TO REQUEST NO. 403:**

27        In addition to the general objections stated above which are incorporated

28  herein by reference, Mattel objects to this Request on the grounds that it is

overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects on the grounds that the terms "theme" and "inspiration for or factor in the development of" in this context are vague and ambiguous.  Mattel further objects to this Request on the grounds that it assumes facts not in evidence or is contrary to the evidence. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents that are in Mattel's possession, custody, or control, if any, that relating to the LITTLE MOMMY name and products placed at issue in this litigation that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents to those matters it deems placed at issue in response to this request.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections or limitation in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

- 41 -

1   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

2   Generic objections that fail to explain the basis for an objection with specificity are

3   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

4   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

5   such as 'overly burdensome and harassing' are improper – especially when a party

6   fails to submit any evidentiary declarations supporting such objections").

7   Accordingly, Mattel must be compelled either to certify that it has produced all

8   non-privileged responsive documents or to produce all such documents by a date

9   certain.

10       To the extent that Mattel is relying on its blanket objections, they are not

11   sustainable and do not justify Mattel's failure to produce documents.

12       As to overbreadth, Mattel provides no explanation, let alone the required

13   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

14   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

15   (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

16   contrary, the request is narrowly tailored to seek documents related to any

17   "MOMMY'S LITTLE  . . . " product, theme or name as an inspiration for the

18   development of any "LITTLE MOMMY" product, theme or name.

19       As to burden, Mattel has not attempted to demonstrate why responding to

20   this request and/or producing responsive documents presents any burden.  This

21   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

22   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23   request is unduly burdensome must allege specific facts which indicate the nature

24   and extent of the burden, usually by affidavit or other reliable evidence.")

25   Moreover, it is not unduly burdensome, as noted above, in that the request is

26   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

27   has engaged in a broad variety of unfair trade practices including serial copying of

28

MGA products and trade dress infringement.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

As for relevancy, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents is irrelevant to the present action.  On the contrary, MGA has alleged that Mattel is engaged in copying of MGA products, packaging, themes and advertising.  "LITTLE MOMMY" is an example of one such product line.  A request seeking documents related to any MGA'S "MOMMY'S LITTLE … " product, theme or name as an inspiration in the development of any Mattel's "LITTLE MOMMY" product, theme or name is therefore relevant to this action and MGA's claims.

Mattel objects that the request contains confidential, proprietary, and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession.


**REQUEST FOR PRODUCTION NO. 404:**

All DOCUMENTS REFERRING OR RELATING TO YOUR awareness or knowledge of "MOMMY'S LITTLE..." during the creation, design and development of "LITTLE MOMMY."

**RESPONSE TO REQUEST NO. 404:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents

1  relate to products or matters at issue in this case.  Mattel further objects to the

2  Request on the grounds that it seeks documents that are not relevant to this action

3  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

4  this Request on the grounds that it assumes facts not in evidence or is contrary to

5  the evidence.  Mattel further objects to this Request on the grounds that it seeks

6  confidential, proprietary and trade secret information, including such information

7  that has no bearing on the claims or defenses in this case.  Mattel further objects to

8  this Request on the grounds that it calls for the disclosure of information subject to

9  the attorney-client privilege, the attorney work-product doctrine and other

10  applicable privileges.

11      Subject to and without waiving the foregoing objections, Mattel responds as

12  follows: Mattel will produce such responsive, non-privileged documents that are in

13  Mattel's possession, custody, or control, if any, relating to those matters placed at

14  issue in this litigation that Mattel has been able to locate after a diligent search and

15  reasonable inquiry, to the extent not previously produced.

16

17  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

18

19      Mattel has improperly limited its agreement to produce documents to those

20  matters it deems placed at issue in response to this request.  Mattel has refused to

21  confirm whether or not it has produced all non-privileged responsive documents or

22  whether it is withholding documents based on its objections or limitation in Phase

23  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

24  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

25  Generic objections that fail to explain the basis for an objection with specificity are

26  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

27  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

28  such as 'overly burdensome and harassing' are improper – especially when a party

1  fails to submit any evidentiary declarations supporting such objections").

2  Accordingly, Mattel must be compelled either to certify that it has produced all

3  non-privileged responsive documents or to produce all such documents by a date

4  certain.

5        To the extent that Mattel is relying on its blanket objections, they are not

6  sustainable and do not justify Mattel's failure to produce documents.

7        As to overbreadth, Mattel provides no explanation, let alone the required

8  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

9  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

11  contrary, the request is narrowly tailored to seek documents related to Mattel's

12  awareness or knowledge of MGA's "MOMMY'S LITTLE  . . . " during the

13  creation, design and development of Mattel's "LITTLE MOMMY."

14        As to burden, Mattel has not attempted to demonstrate why responding to

15  this request and/or producing responsive documents presents any burden.  This

16  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

17  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.")

20  Moreover, it is not unduly burdensome, as noted above, in that the request is

21  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

22  has engaged in a broad variety of unfair trade practices including serial copying of

23  MGA products and trade dress infringement.  MGA is entitled to discovery on these

24  claims.

25        This request does not seek documents protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges.  To the

27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

As for relevancy, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents is irrelevant to the present action.  On the contrary, MGA has alleged that Mattel is engaged in copying of MGA products, packaging, themes and advertising.  "LITTLE MOMMY" is an example of one such product line.  A request seeking documents related to Mattel's awareness or knowledge of MGA's "MOMMY'S LITTLE  . . . " during the creation, design and development of Mattel's "LITTLE MOMMY" is therefore relevant to this action and MGA's claims.

Mattel objects that the request contains confidential, proprietary, and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 405:**

All DOCUMENTS REFERRING OR RELATING TO any similarity or dissimilarity between "MOMMY'S LITTLE..." and "LITTLE MOMMY."

**RESPONSE TO REQUEST NO. 405:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague, overbroad, and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it

- 46 -

1   calls for the disclosure of information subject to the attorney-client privilege, the

2   attorney work-product doctrine and other applicable privileges.

3       Subject to and without waiving the foregoing objections, Mattel responds as

4   follows: Mattel will produce such responsive, non-privileged documents that are in

5   Mattel's possession, custody, or control, if any, that relating to the LITTLE

6   MOMMY name and products placed at issue in this litigation that Mattel has been

7   able to locate after a diligent search and reasonable inquiry, to the extent not

8   previously produced.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

11

12      Mattel has improperly limited its agreement to produce documents to those

13  matters it deems placed at issue in response to this request.  Mattel has refused to

14  confirm whether or not it has produced all non-privileged responsive documents or

15  whether it is withholding documents based on its objections or limitation in Phase

16  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18  Generic objections that fail to explain the basis for an objection with specificity are

19  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21  such as 'overly burdensome and harassing' are improper – especially when a party

22  fails to submit any evidentiary declarations supporting such objections").

23  Accordingly, Mattel must be compelled either to certify that it has produced all

24  non-privileged responsive documents or to produce all such documents by a date

25  certain.

26      To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the contrary, the request is narrowly tailored to seek documents related to any similarity or dissimilarity between MGA's "MOMMY'S LITTLE  . . . " and Mattel's "LITTLE MOMMY."

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products and trade dress infringement.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

As for relevancy, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents is irrelevant to the present action.  On the contrary, MGA has alleged that Mattel is engaged in copying of MGA products, packaging, themes and advertising.  "LITTLE MOMMY" is an example of one such product line.  A request seeking documents related to any similarity or dissimilarity between MGA's "MOMMY'S LITTLE  . . ." and

- 48 -

1   Mattel's "LITTLE MOMMY"  is therefore relevant to this action and MGA's

2   claims.

3       Mattel objects that the request contains confidential, proprietary, and trade

4   secret information.  A Protective Order exists in this case, obviating any concern as

5   to protection of privacy rights and/or commercially sensitive information.

6       None of Mattel's improper objections are valid and Mattel is obligated to

7   produce all non-privileged responsive documents in its possession.

8

9   **REQUEST FOR PRODUCTION NO. 406:**

10      All DOCUMENTS REFERRING OR RELATING TO whether the name,

11  products, appearance, or themes of "LITTLE MOMMY" copy, replicate, or in any

12  way imitate the name, products, appearance, or themes of "MOMMY'S

13  LITTLE...."

14      **RESPONSE TO REQUEST NO. 406:**

15      In addition to the general objections stated above which are incorporated

16  herein by reference, Mattel objects to this Request on the grounds that it is vague,

17  overbroad, and unduly burdensome, including in that it seeks all documents on this

18  subject without limitation as to time, and regardless of whether such documents

19  relate to products or matters at issue in this case.  Mattel further objects to the

20  Request on the grounds that it seeks documents that are not relevant to this action

21  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

22  this Request on the grounds that it seeks confidential, proprietary and trade secret

23  information, including such information that has no bearing on the claims or

24  defenses in this case.  Mattel further objects to this Request on the grounds that it

25  calls for the disclosure of information subject to the attorney-client privilege, the

26  attorney work-product doctrine and other applicable privileges.

27      Subject to and without waiving the foregoing objections, Mattel responds as

28  follows: Mattel will produce such responsive, non-privileged documents that are in

1    Mattel's possession, custody, or control, if any, relating to those matters placed at

2    issue in this litigation that Mattel has been able to locate after a diligent search and

3    reasonable inquiry, to the extent not previously produced.

4

5    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

6    **SHOULD BE COMPELLED**

7         Mattel has improperly limited its agreement to produce documents to those

8    matters it deems placed at issue in response to this request.  Mattel has refused to

9    confirm whether or not it has produced all non-privileged responsive documents or

10   whether it is withholding documents based on its objections or limitation in Phase

11   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

12   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

13   Generic objections that fail to explain the basis for an objection with specificity are

14   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

15   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

16   such as 'overly burdensome and harassing' are improper – especially when a party

17   fails to submit any evidentiary declarations supporting such objections").

18   Accordingly, Mattel must be compelled either to certify that it has produced all

19   non-privileged responsive documents or to produce all such documents by a date

20   certain.

21        To the extent that Mattel is relying on its blanket objections, they are not

22   sustainable and do not justify Mattel's failure to produce documents.

23        As to overbreadth, Mattel provides no explanation, let alone the required

24   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

25   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

26   (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

27   contrary, the request is narrowly tailored to seek documents related to whether the

28   name, products, appearance, or themes of Mattel's "LITTLE MOMMY" copy,

1   replicate or imitate the name, products, appearance, or themes of MGA's

2   "MOMMY'S LITTLE…"

3       As to burden, Mattel has not attempted to demonstrate why responding to

4   this request and/or producing responsive documents presents any burden.  This

5   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

6   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7   request is unduly burdensome must allege specific facts which indicate the nature

8   and extent of the burden, usually by affidavit or other reliable evidence.")

9   Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11  has engaged in a broad variety of unfair trade practices including serial copying of

12  MGA products and trade dress infringement.  MGA is entitled to discovery on these

13  claims.

14      This request does not seek documents protected by the attorney-client

15  privilege, the attorney work product doctrine, or other applicable privileges.  To the

16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17      As for relevancy, Mattel has not attempted to demonstrate why responding

18  to this request and/or producing responsive documents is irrelevant to the present

19  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

20  MGA products, packaging, themes and advertising.  "LITTLE MOMMY" is an

21  example of one such product line.  A request seeking documents related to whether

22  the name, products, appearance, or themes of Mattel's "LITTLE MOMMY" copy,

23  replicate or imitate the name, products, appearance, or themes of MGA's

24  "MOMMY'S LITTLE…" is therefore relevant to this action and MGA's claims.

25      Mattel objects that the request contains confidential, proprietary, and trade

26  secret information.  A Protective Order exists in this case, obviating any concern as

27  to protection of privacy rights and/or commercially sensitive information.

28

1    None of Mattel's improper objections are valid and Mattel is obligated to

2    produce all non-privileged responsive documents in its possession.

3

4    **REQUEST FOR PRODUCTION NO. 407:**

5    All DOCUMENTS REFERRING OR RELATING TO actual or potential

6    confusion or otherwise evidencing confusion (including, but not limited to,

7    confusion among consumers, retailers, distributors, licensees or members of the

8    press) between "LITTLE MOMMY" and "MOMMY'S LITTLE...."

9    **RESPONSE TO REQUEST NO. 407:**

10    In addition to the general objections stated above which are incorporated

11    herein by reference, Mattel objects to this Request on the grounds that it is

12    overbroad and unduly burdensome, including in that it seeks all documents on this

13    subject without limitation as to time, and regardless of whether such documents

14    relate to products or matters at issue in this case.  Mattel further objects on the

15    grounds that the terms "otherwise evidencing confusion" are vague and ambiguous.

16    Mattel further objects to the Request on the grounds that it seeks documents that are

17    not relevant to this action or likely to lead to the discovery of admissible evidence.

18    Mattel further objects to this Request on the grounds that it seeks confidential,

19    proprietary and trade secret information, including such information that has no

20    bearing on the claims or defenses in this case.  Mattel further objects to this Request

21    on the grounds that it calls for the disclosure of information subject to the

22    attorney-client privilege, the attorney work-product doctrine and other applicable

23    privileges.

24    Subject to and without waiving the foregoing objections, Mattel responds as

25    follows: Mattel will produce such responsive, non-privileged documents that are in

26    Mattel's possession, custody, or control, if any, relating to those matters placed at

27    issue in this litigation that Mattel has been able to locate after a diligent search and

28    reasonable inquiry, to the extent not previously produced.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents to those matters it deems placed at issue in response to this request.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections or limitation in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the contrary, the request is narrowly tailored to seek documents related to whether the name, products, appearance, or themes of Mattel's "LITTLE MOMMY" copy, replicate or imitate the name, products, appearance, or themes of MGA's "MOMMY'S LITTLE… . "

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This

- 53 -

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL 9049, SET FOUR; CV 04-9049 SGL (RNBx)

1   objection must therefore be rejected.   See Jackson v. Montgomery Ward & Co.,

2   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3   request is unduly burdensome must allege specific facts which indicate the nature

4   and extent of the burden, usually by affidavit or other reliable evidence.")

5   Moreover, it is not unduly burdensome, as noted above, in that the request is

6   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7   has engaged in a broad variety of unfair trade practices including serial copying of

8   MGA products and trade dress infringement.  MGA is entitled to discovery on these

9   claims.

10         This request does not seek documents protected by the attorney-client

11   privilege, the attorney work product doctrine, or other applicable privileges.  To the

12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13         As for relevancy, Mattel has not attempted to demonstrate why responding to

14   this request and/or producing responsive documents is irrelevant to the present

15   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

16   MGA products, packaging, themes and advertising.  "LITTLE MOMMY" is an

17   example of one such product line.  A request seeking documents related to whether

18   the name, products, appearance, or themes of Mattel's "LITTLE MOMMY" copy,

19   replicate or imitate the name, products, appearance, or themes of MGA's

20   "MOMMY'S LITTLE…" is therefore relevant to this action and MGA's claims.

21         Mattel objects that the request contains confidential, proprietary, and trade

22   secret information.  A Protective Order exists in this case, obviating any concern as

23   to protection of privacy rights and/or commercially sensitive information.

24         None of Mattel's improper objections are valid and Mattel is obligated to

25   produce all non-privileged responsive documents in its possession.

26

27

28

**REQUEST FOR PRODUCTION NO. 408:**

DOCUMENTS sufficient to determine total sales, revenue, royalties, costs of goods sold and any other costs attributable to net profits REFERRING OR RELATING TO "LITTLE MOMMY."

**RESPONSE TO REQUEST NO. 408:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects on the grounds that the terms "other costs attributable to net profits REFERRING OR RELATING TO" are vague and ambiguous.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request as premature in that it seeks expert discovery.  Such discovery will be disclosed only at the time, and in the manner required by, the Rules and the Court's Orders.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce at an appropriate time responsive, non-privileged documents sufficient to determine total sales, revenue, costs of goods sold, and net profits of the LITTLE MOMMY products placed at issue in this litigation.

- 55 -

1

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
SHOULD BE COMPELLED**

2

3      Mattel has improperly limited its agreement to produce documents in

4   response to this request, excluding "royalties" and stating that it will produce only

5   "at an appropriate time."  Mattel has refused to confirm whether or not it has

6   produced all non-privileged responsive documents or whether it is withholding

7   documents based on its objections or limitation in Phase 2.  Under the Federal

8   Rules of Civil Procedure, "an objection to part of a request must specify the part

9   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

10  that fail to explain the basis for an objection with specificity are routinely rejected

11  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

12  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

13  burdensome and harassing' are improper – especially when a party fails to submit

14  any evidentiary declarations supporting such objections").  Accordingly, Mattel

15  must be compelled either to certify that it has produced all non-privileged

16  responsive documents or to produce all such documents by a date certain.

17      To the extent that Mattel is relying on its blanket objections, they are not

18  sustainable and do not justify Mattel's failure to produce documents.

19      As to overbreadth, Mattel provides no explanation, let alone the required

20  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

21  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

23  contrary, the request is narrowly tailored to seek documents that relate to the total

24  sales, revenue, royalties, costs of goods sold and any other costs attributable to net

25  profits associated with a particular Mattel product line.

26      As to burden, Mattel has not attempted to demonstrate why responding to

27  this request and/or producing responsive documents presents any burden.  This

28  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

1   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2   request is unduly burdensome must allege specific facts which indicate the nature

3   and extent of the burden, usually by affidavit or other reliable evidence.")

4   Moreover, it is not unduly burdensome, as noted above, in that the request is

5   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

6   has engaged in a broad variety of unfair trade practices including serial copying of

7   MGA products and trade dress infringement.  MGA is entitled to discovery on these

8   claims.

9          This request does not seek documents protected by the attorney-client

10   privilege, the attorney work product doctrine, or other applicable privileges.  To the

11   extent that Mattel contends that it does, Mattel must provide a privilege log.

12          As for relevancy, Mattel has not attempted to demonstrate why responding

13   to this request and/or producing responsive documents is irrelevant to the present

14   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

15   MGA products, packaging, themes and advertising.  A request for documents that

16   relate to the total sales, revenue, royalties, costs of goods sold and any other costs

17   attributable to net profits associated with Mattel's "LITTLE MOMMY" is therefore

18   relevant to this action and MGA's claims and damages.

19          Mattel objects that the request contains confidential, proprietary, and trade

20   secret information.  A Protective Order exists in this case, obviating any concern as

21   to protection of privacy rights and/or commercially sensitive information.

22          None of Mattel's improper objections are valid and Mattel is obligated to

23   produce all non-privileged responsive documents in its possession.

24

25   **REQUEST FOR PRODUCTION NO. 409:**

26          DOCUMENTS, including but not limited to organizational charts, sufficient

27   to identify (by name and job function) all current and former MATTEL personnel

28

and/or freelancers comprising the primary team that worked on the design and development of the "LITTLE MOMMY" products, themes and name.

### RESPONSE TO REQUEST NO. 409:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects that the terms "freelancers" and "primary team" are vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents that are in Mattel's possession, custody, or control, if any, relating to the LITTLE MOMMY name and products at issue in this litigation that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents to those matters it deems placed at issue in response to this request. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections or limitation in Phase

1    2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

2    must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

3    Generic objections that fail to explain the basis for an objection with specificity are

4    routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

5    Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

6    such as 'overly burdensome and harassing' are improper – especially when a party

7    fails to submit any evidentiary declarations supporting such objections").

8    Accordingly, Mattel must be compelled either to certify that it has produced all

9    non-privileged responsive documents or to produce all such documents by a date

10    certain.

11        To the extent that Mattel is relying on its blanket objections, they are not

12    sustainable and do not justify Mattel's failure to produce documents.

13        As to overbreadth, Mattel provides no explanation, let alone the required

14    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

15    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

16    (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

17    contrary, the request is narrowly tailored to seek documents sufficient to identify all

18    current and former Mattel personnel and freelancers that comprised the primary

19    team that worked on the design and development of the Mattel's "LITTLE

20    MOMMY" products, themes and name.

21        As to burden, Mattel has not attempted to demonstrate why responding to

22    this request and/or producing responsive documents presents any burden.  This

23    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

24    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

25    request is unduly burdensome must allege specific facts which indicate the nature

26    and extent of the burden, usually by affidavit or other reliable evidence.")

27    Moreover, it is not unduly burdensome, as noted above, in that the request is

28    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

has engaged in a broad variety of unfair trade practices including serial copying of MGA products and trade dress infringement.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

As for relevancy, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents is irrelevant to the present action.  On the contrary, MGA has alleged that Mattel is engaged in copying of MGA products, packaging, themes and advertising.  "LITTLE MOMMY" is an example of one such product line.  A request seeking documents sufficient to identify all current and former Mattel personnel and freelancers that comprised the primary team that worked on the design and development of the Mattel's "LITTLE MOMMY" products, themes and name is therefore relevant to this action and MGA's claims.

Mattel objects that the request contains confidential, proprietary, and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 410:**

All DOCUMENTS REFERRING OR RELATING TO the origins or sources of inspiration of "WEE 3 FRIENDS," including, without limitation, the purpose for which "WEE 3 FRIENDS" products were created.

**RESPONSE TO REQUEST NO. 410:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is

1   overbroad and unduly burdensome, including in that it seeks all documents on this

2   subject without limitation as to time, and regardless of whether such documents

3   relate to products or matters at issue in this case.  Mattel further objects on the

4   grounds that the terms "sources of inspiration" and "purpose" are vague and

5   ambiguous in this context.  Mattel further objects to the Request on the grounds that

6   it seeks documents that are not relevant to this action or likely to lead to the

7   discovery of admissible evidence.  Mattel further objects to this Request on the

8   grounds that it seeks confidential, proprietary and trade secret information,

9   including such information that has no bearing on the claims or defenses in this

10  case.  Mattel further objects to this Request on the grounds that it calls for the

11  disclosure of information subject to the attorney-client privilege, the attorney

12  work-product doctrine and other applicable privileges.

13      Subject to and without waiving the foregoing objections, Mattel responds as

14  follows: Mattel will produce such responsive, non-privileged documents that are in

15  Mattel's possession, custody, or control, if any, relating to those matters placed at

16  issue in this litigation that Mattel has been able to locate after a diligent search and

17  reasonable inquiry, to the extent not previously produced.

18

19  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

20

21      Mattel has improperly limited its agreement to produce documents to those

22  matters it deems placed at issue in response to this request.  Mattel has refused to

23  confirm whether or not it has produced all non-privileged responsive documents or

24  whether it is withholding documents based on its objections or limitation in Phase

25  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

26  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

27  Generic objections that fail to explain the basis for an objection with specificity are

28  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

1    <u>Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

2    such as 'overly burdensome and harassing' are improper – especially when a party

3    fails to submit any evidentiary declarations supporting such objections").

4    Accordingly, Mattel must be compelled either to certify that it has produced all

5    non-privileged responsive documents or to produce all such documents by a date

6    certain.

7         To the extent that Mattel is relying on its blanket objections, they are not

8    sustainable and do not justify Mattel's failure to produce documents.

9         As to overbreadth, Mattel provides no explanation, let alone the required

10   particularity, as to ***why*** this request is supposedly overly broad, nor can it do so.

11   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12   (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

13   contrary, the request is narrowly tailored to seek documents concerning the origin

14   and sources of inspiration of "WEE 3 FRIENDS", naturally limiting the request

15   with respect to time.

16        As to burden, Mattel has not attempted to demonstrate why responding to

17   this request and/or producing responsive documents presents any burden.  This

18   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

19   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20   request is unduly burdensome must allege specific facts which indicate the nature

21   and extent of the burden, usually by affidavit or other reliable evidence.")

22   Moreover, it is not unduly burdensome, as noted above, in that the request is

23   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

24   has engaged in a broad variety of unfair trade practices including serial copying of

25   MGA products and trade dress infringement.  MGA is entitled to discovery on these

26   claims.

27

28

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    As for relevancy, Mattel has not attempted to demonstrate why responding to

5    this request and/or producing responsive documents is irrelevant to the present

6    action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

7    MGA products, packaging, themes and advertising.  "WEE 3 FRIENDS" is an

8    example of one such product line.  A request seeking the origin and source of

9    inspiration behind its creation is therefore relevant to this action and MGA's claims.

10   Mattel objects that the request contains confidential, proprietary, and trade

11   secret information.  A Protective Order exists in this case, obviating any concern as

12   to protection of privacy rights and/or commercially sensitive information.

13   None of Mattel's improper objections are valid and Mattel is obligated to

14   produce all non-privileged responsive documents in its possession.

15

16   **REQUEST FOR PRODUCTION NO. 411:**

17   All DOCUMENTS REFERRING OR RELATING TO the selection,

18   approval process, design and development of the "WEE 3 FRIENDS" name,

19   products, packaging and themes prior to their release to the public, including but

20   not limited to any design drawings, MARKET RESEARCH, and product approval

21   memos.

22   **RESPONSE TO REQUEST NO. 411:**

23   In addition to the general objections stated above which are incorporated

24   herein by reference, Mattel objects to this Request on the grounds that it is

25   overbroad and unduly burdensome, including in that it seeks all documents on this

26   subject without limitation as to time, and regardless of whether such documents

27   relate to products or matters at issue in this case.  Mattel further objects on the

28   grounds that the term "themes" in this context is vague and ambiguous.  Mattel

OHS West:260723205

1   further objects to the Request on the grounds that it seeks documents that are not

2   relevant to this action or likely to lead to the discovery of admissible evidence.

3   Mattel further objects to this Request on the grounds that it seeks confidential,

4   proprietary and trade secret information, including such information that has no

5   bearing on the claims or defenses in this case.  Mattel further objects to this Request

6   on the grounds that it calls for the disclosure of information subject to the

7   attorney-client privilege, the attorney work-product doctrine and other applicable

8   privileges.

9        Subject to and without waiving the foregoing objections, Mattel responds as

10  follows: Mattel will produce such responsive, non-privileged documents that are in

11  Mattel's possession, custody, or control, if any, relating to those matters placed at

12  issue in this litigation that Mattel has been able to locate after a diligent search and

13  reasonable inquiry, to the extent not previously produced.

14

15  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

16  SHOULD BE COMPELLED**

17       Mattel has improperly limited its agreement to produce documents to those

18  matters it deems placed at issue in response to this request.  Mattel has refused to

19  confirm whether or not it has produced all non-privileged responsive documents or

20  whether it is withholding documents based on its objections or limitation in Phase

21  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

22  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

23  Generic objections that fail to explain the basis for an objection with specificity are

24  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

25  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

26  such as 'overly burdensome and harassing' are improper – especially when a party

27  fails to submit any evidentiary declarations supporting such objections").

28  Accordingly, Mattel must be compelled either to certify that it has produced all

1   non-privileged responsive documents or to produce all such documents by a date
2   certain.

3       To the extent that Mattel is relying on its blanket objections, they are not
4   sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the required
6   particularity, as to *why* this request is supposedly overly broad, nor can it do so.
7   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
8   (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the
9   contrary, the request is narrowly tailored to seek documents related to the selection,
10  approval process, design and development of the "WEE 3 FRIEND" name,
11  products, packaging and themes prior to their initial release.

12      As to burden, Mattel has not attempted to demonstrate why responding to
13  this request and/or producing responsive documents presents any burden.  This
14  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
15  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
16  request is unduly burdensome must allege specific facts which indicate the nature
17  and extent of the burden, usually by affidavit or other reliable evidence.")
18  Moreover, it is not unduly burdensome, as noted above, in that the request is
19  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
20  has engaged in a broad variety of unfair trade practices including serial copying of
21  MGA products and trade dress infringement.  MGA is entitled to discovery on these
22  claims.

23      This request does not seek documents protected by the attorney-client
24  privilege, the attorney work product doctrine, or other applicable privileges.  To the
25  extent that Mattel contends that it does, Mattel must provide a privilege log.

26       As for relevancy, Mattel has not attempted to demonstrate why responding
27  to this request and/or producing responsive documents is irrelevant to the present
28  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

1    MGA products, packaging, themes and advertising.  "WEE 3 FRIENDS" is an

2    example of one such product line.  A request seeking documents related to the

3    selection, approval process, design or development of the "WEE 3 FRIENDS"

4    name, product, packaging and themes prior to their initial public release is therefore

5    relevant to this action and MGA's claims.

6         Mattel objects that the request contains confidential, proprietary, and trade

7    secret information.  A Protective Order exists in this case, obviating any concern as

8    to protection of privacy rights and/or commercially sensitive information.

9         None of Mattel's improper objections are valid and Mattel is obligated to

10   produce all non-privileged responsive documents in its possession.

11

12   **REQUEST FOR PRODUCTION NO. 412:**

13        All DOCUMENTS REFERRING OR RELATING TO any "4-EVER BEST

14   FRIENDS" name, product, theme or packaging as an inspiration or factor in the

15   development of any "WEE 3 FRIENDS" name, product, theme or packaging.

16        **RESPONSE TO REQUEST NO. 412:**

17        In addition to the general objections stated above which are incorporated

18   herein by reference, Mattel objects to this Request on the grounds that it is

19   overbroad and unduly burdensome, including in that it seeks all documents on this

20   subject without limitation as to time, and regardless of whether such documents

21   relate to products or matters at issue in this case.  Mattel further objects on the

22   grounds that the terms "theme" and "inspiration or factor in the development of" in

23   this context are vague and ambiguous.  Mattel further objects to this Request on the

24   grounds that it assumes facts not in evidence or is contrary to the evidence.  Mattel

25   further objects to the Request on the grounds that it seeks documents that are not

26   relevant to this action or likely to lead to the discovery of admissible evidence.

27   Mattel further objects to this Request on the grounds that it seeks confidential,

28   proprietary and trade secret information, including such information that has no

1   bearing on the claims or defenses in this case.  Mattel further objects to this Request

2   on the grounds that it calls for the disclosure of information subject to the

3   attorney-client privilege, the attorney work-product doctrine and other applicable

4   privileges.

5       Subject to and without waiving the foregoing objections, Mattel responds as

6   follows: Mattel will produce such responsive, non-privileged documents that are in

7   Mattel's possession, custody, or control, if any, relating to those matters placed at

8   issue in this litigation that Mattel has been able to locate after a diligent search and

9   reasonable inquiry, to the extent not previously produced.

10

11  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

12

13      Mattel has improperly limited its agreement to produce documents to those

14  matters it deems placed at issue in response to this request.  Mattel has refused to

15  confirm whether or not it has produced all non-privileged responsive documents or

16  whether it is withholding documents based on its objections or limitation in Phase

17  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

18  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

19  Generic objections that fail to explain the basis for an objection with specificity are

20  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

21  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

22  such as 'overly burdensome and harassing' are improper – especially when a party

23  fails to submit any evidentiary declarations supporting such objections").

24  Accordingly, Mattel must be compelled either to certify that it has produced all

25  non-privileged responsive documents or to produce all such documents by a date

26  certain.

27      To the extent that Mattel is relying on its blanket objections, they are not

28  sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the contrary, the request is narrowly tailored to seek documents related to any "4-EVER BEST FRIENDS " name, product, theme or packaging as an inspiration for the development of any "WEE 3 FRIENDS" name, product, theme or packaging.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products and trade dress infringement.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

As for relevancy, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents is irrelevant to the present action.  On the contrary, MGA has alleged that Mattel is engaged in copying of MGA products, packaging, themes and advertising.  "WEE 3 FRIENDS" is an example of one such product line.  A request seeking documents related to any MGA'S "4-EVER BEST FRIENDS" name, product, theme or packaging as an inspiration in the development of any Mattel's "WEE 3 FRIENDS" name, product,

theme or packaging is therefore relevant to this action and MGA's claims.

Mattel objects that the request contains confidential, proprietary, and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 413:**

All DOCUMENTS REFERRING OR RELATING TO YOUR awareness or knowledge of "4-EVER BEST FRIENDS" during the creation, design and development of "WEE 3 FRIENDS."

**RESPONSE TO REQUEST NO. 413:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it assumes facts not in evidence or is contrary to the evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents that are in

- 69 -

1   Mattel's possession, custody, or control, if any, relating to those matters placed at

2   issue in this litigation that Mattel has been able to locate after a diligent search and

3   reasonable inquiry, to the extent not previously produced.

4

5   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

6

7       Mattel has improperly limited its agreement to produce documents to those

8   matters it deems placed at issue in response to this request.  Mattel has refused to

9   confirm whether or not it has produced all non-privileged responsive documents or

10  whether it is withholding documents based on its objections or limitation in Phase

11  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

12  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

13  Generic objections that fail to explain the basis for an objection with specificity are

14  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

15  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

16  such as 'overly burdensome and harassing' are improper – especially when a party

17  fails to submit any evidentiary declarations supporting such objections").

18  Accordingly, Mattel must be compelled either to certify that it has produced all

19  non-privileged responsive documents or to produce all such documents by a date

20  certain.

21      To the extent that Mattel is relying on its blanket objections, they are not

22  sustainable and do not justify Mattel's failure to produce documents.

23      As to overbreadth, Mattel provides no explanation, let alone the required

24  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

25  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

26  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

27  contrary, the request is narrowly tailored to seek documents related to Mattel's

28  awareness or knowledge of MGA's "4-EVER BEST FRIENDS" during the

1  creation, design and development of Mattel's "WEE 3 FRIENDS."

2         As to burden, Mattel has not attempted to demonstrate why responding to

3  this request and/or producing responsive documents presents any burden.  This

4  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

5  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

6  request is unduly burdensome must allege specific facts which indicate the nature

7  and extent of the burden, usually by affidavit or other reliable evidence.")

8  Moreover, it is not unduly burdensome, as noted above, in that the request is

9  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

10 has engaged in a broad variety of unfair trade practices including serial copying of

11 MGA products and trade dress infringement.  MGA is entitled to discovery on these

12 claims.

13        This request does not seek documents protected by the attorney-client

14 privilege, the attorney work product doctrine, or other applicable privileges.  To the

15 extent that Mattel contends that it does, Mattel must provide a privilege log.

16         As for relevancy, Mattel has not attempted to demonstrate why responding

17 to this request and/or producing responsive documents is irrelevant to the present

18 action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

19 MGA products, packaging, themes and advertising.  "WEE 3 FRIENDS" is an

20 example of one such product line.  A request seeking documents related to Mattel's

21 awareness or knowledge of MGA's "4-EVER BEST FRIENDS" during the

22 creation, design and development of Mattel's "WEE 3 FRIENDS" is therefore

23 relevant to this action and MGA's claims.

24        Mattel objects that the request contains confidential, proprietary, and trade

25 secret information.  A Protective Order exists in this case, obviating any concern as

26 to protection of privacy rights and/or commercially sensitive information.

27        None of Mattel's improper objections are valid and Mattel is obligated to

28 produce all non-privileged responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 414:**

All DOCUMENTS REFERRING OR RELATING TO any similarity or dissimilarity between "4-EVER BEST FRIENDS" and "WEE 3 FRIENDS."

**RESPONSE TO REQUEST NO. 414:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is vague, overbroad, and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents that are in Mattel's possession, custody, or control, if any, relating to those matters placed at issue in this litigation that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents to those matters it deems placed at issue in response to this request. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections or limitation in Phase

2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the contrary, the request is narrowly tailored to seek documents related to any similarity or dissimilarity between MGA's "4-EVER BEST FRIENDS" and Mattel's "WEE 3 FRIENDS."

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of

1   MGA products and trade dress infringement.  MGA is entitled to discovery on these
2   claims.
3         This request does not seek documents protected by the attorney-client
4   privilege, the attorney work product doctrine, or other applicable privileges.  To the
5   extent that Mattel contends that it does, Mattel must provide a privilege log.
6          As for relevancy, Mattel has not attempted to demonstrate why responding
7   to this request and/or producing responsive documents is irrelevant to the present
8   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of
9   MGA products, packaging, themes and advertising.  "WEE 3 FRIENDS" is an
10  example of one such product line.  A request seeking documents related to any
11  similarity or dissimilarity between MGA's "4-EVER BEST FRIENDS" and
12  Mattel's "WEE 3 FRIENDS" is therefore relevant to this action and MGA's claims.
13        Mattel objects that the request contains confidential, proprietary, and trade
14  secret information.  A Protective Order exists in this case, obviating any concern as
15  to protection of privacy rights and/or commercially sensitive information.
16        None of Mattel's improper objections are valid and Mattel is obligated to
17  produce all non-privileged responsive documents in its possession.
18
19  **REQUEST FOR PRODUCTION NO. 415:**
20        All DOCUMENTS REFERRING OR RELATING TO whether the
21  packaging, products, appearance, names, or themes of "WEE 3 FRIENDS" copy,
22  replicate, or in any way imitate the packaging, products, appearance, names or
23  themes of "4-EVER BEST FRIENDS."
24        **RESPONSE TO REQUEST NO. 415:**
25        In addition to the general objections stated above which are incorporated
26  herein by reference, Mattel objects to this Request on the grounds that it is vague,
27  overbroad, and unduly burdensome, including in that it seeks all documents on this
28  subject without limitation as to time, and regardless of whether such documents

1  relate to products or matters at issue in this case.  Mattel further objects on the

2  grounds that the term "themes" in this context is vague and ambiguous.  Mattel

3  further objects to the Request on the grounds that it seeks documents that are not

4  relevant to this action or likely to lead to the discovery of admissible evidence.

5  Mattel further objects to this Request on the grounds that it seeks confidential,

6  proprietary and trade secret information, including such information that has no

7  bearing on the claims or defenses in this case.  Mattel further objects to this Request

8  on the grounds that it calls for the disclosure of information subject to the

9  attorney-client privilege, the attorney work-product doctrine and other applicable

10  privileges.

11        Subject to and without waiving the foregoing objections, Mattel responds as

12  follows: Mattel will produce such responsive, non-privileged documents that are in

13  Mattel's possession, custody, or control, if any, relating to those matters placed at

14  issue in this litigation that Mattel has been able to locate after a diligent search and

15  reasonable inquiry, to the extent not previously produced.

16

17  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
   **SHOULD BE COMPELLED**

18

19        Mattel has improperly limited its agreement to produce documents to those

20  matters it deems placed at issue in response to this request.  Mattel has refused to

21  confirm whether or not it has produced all non-privileged responsive documents or

22  whether it is withholding documents based on its objections or limitation in Phase

23  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

24  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

25  Generic objections that fail to explain the basis for an objection with specificity are

26  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

27  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

28  such as 'overly burdensome and harassing' are improper – especially when a party

1   fails to submit any evidentiary declarations supporting such objections").

2   Accordingly, Mattel must be compelled either to certify that it has produced all

3   non-privileged responsive documents or to produce all such documents by a date

4   certain.

5       To the extent that Mattel is relying on its blanket objections, they are not

6   sustainable and do not justify Mattel's failure to produce documents.

7       As to overbreadth, Mattel provides no explanation, let alone the required

8   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

9   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

11  contrary, the request is narrowly tailored to seek documents related to whether the

12  packaging, products, appearance, names, or themes of Mattel's "WEE 3 FRIENDS"

13  copy, replicate or imitate the packaging, products, appearance, names, or themes of

14  MGA's "4-EVER BEST FRIENDS."

15      As to burden, Mattel has not attempted to demonstrate why responding to

16  this request and/or producing responsive documents presents any burden.  This

17  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.")

21  Moreover, it is not unduly burdensome, as noted above, in that the request is

22  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23  has engaged in a broad variety of unfair trade practices including serial copying of

24  MGA products and trade dress infringement.  MGA is entitled to discovery on these

25  claims.

26      This request does not seek documents protected by the attorney-client

27  privilege, the attorney work product doctrine, or other applicable privileges.  To the

28  extent that Mattel contends that it does, Mattel must provide a privilege log.

1   As for relevancy, Mattel has not attempted to demonstrate why responding to

2   this request and/or producing responsive documents is irrelevant to the present

3   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

4   MGA products, packaging, themes and advertising.  "WEE 3 FRIENDS" is an

5   example of one such product line.  A request seeking documents related to whether

6   the packaging, products, appearance, names or themes of Mattel's "WEE 3

7   FRIENDS" copy, replicate or imitate the packaging, products, appearance, names

8   or themes of MGA's "4-EVER BEST FRIENDS" is therefore relevant to this action

9   and MGA's claims.

10   Mattel objects that the request contains confidential, proprietary, and trade

11   secret information.  A Protective Order exists in this case, obviating any concern as

12   to protection of privacy rights and/or commercially sensitive information.

13   None of Mattel's improper objections are valid and Mattel is obligated to

14   produce all non-privileged responsive documents in its possession.

15

16   **REQUEST FOR PRODUCTION NO. 416:**

17   All DOCUMENTS REFERRING OR RELATING TO actual or potential

18   confusion or otherwise evidencing confusion (including, but not limited to,

19   confusion among consumers, retailers, distributors, licensees or members of the

20   press) between "WEE 3 FRIENDS" and "4-EVER BEST FRIENDS."

21   **RESPONSE TO REQUEST NO. 416:**

22   In addition to the general objections stated above which are incorporated

23   herein by reference, Mattel objects to this Request on the grounds that it is

24   overbroad and unduly burdensome, including in that it seeks all documents on this

25   subject without limitation as to time, and regardless of whether such documents

26   relate to products or matters at issue in this case.  Mattel further objects on the

27   grounds that the terms "otherwise evidencing confusion" are vague and ambiguous.

28   Mattel further objects to the Request on the grounds that it seeks documents that are

1    not relevant to this action or likely to lead to the discovery of admissible evidence.

2    Mattel further objects to this Request on the grounds that it seeks confidential,

3    proprietary and trade secret information, including such information that has no

4    bearing on the claims or defenses in this case.  Mattel further objects to this Request

5    on the grounds that it calls for the disclosure of information subject to the

6    attorney-client privilege, the attorney work-product doctrine and other applicable

7    privileges.

8         Subject to and without waiving the foregoing objections, Mattel responds as

9    follows: Mattel will produce such responsive, non-privileged documents that are in

10   Mattel's possession, custody, or control, if any, relating to those matters placed at

11   issue in this litigation that Mattel has been able to locate after a diligent search and

12   reasonable inquiry, to the extent not previously produced.

13

14   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

15   **SHOULD BE COMPELLED**

16        Mattel has improperly limited its agreement to produce documents to those

17   matters it deems placed at issue in response to this request.  Mattel has refused to

18   confirm whether or not it has produced all non-privileged responsive documents or

19   whether it is withholding documents based on its objections or limitation in Phase

20   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

21   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

22   Generic objections that fail to explain the basis for an objection with specificity are

23   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

24   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

25   such as 'overly burdensome and harassing' are improper – especially when a party

26   fails to submit any evidentiary declarations supporting such objections").

27   Accordingly, Mattel must be compelled either to certify that it has produced all

28

1   non-privileged responsive documents or to produce all such documents by a date

2   certain.

3        To the extent that Mattel is relying on its blanket objections, they are not

4   sustainable and do not justify Mattel's failure to produce documents.

5        As to overbreadth, Mattel provides no explanation, let alone the required

6   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8   (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

9   contrary, the request is narrowly tailored to seek documents related to actual or

10  potential confusion (including, but not limited to, confusion among consumers,

11  retailers, distributors, licensees or members of the press) between Mattel's "WEE 3

12  FRIENDS" and MGA's "4-EVER BEST FRIENDS."

13       As to burden, Mattel has not attempted to demonstrate why responding to

14  this request and/or producing responsive documents presents any burden.  This

15  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

16  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17  request is unduly burdensome must allege specific facts which indicate the nature

18  and extent of the burden, usually by affidavit or other reliable evidence.")

19  Moreover, it is not unduly burdensome, as noted above, in that the request is

20  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

21  has engaged in a broad variety of unfair trade practices including serial copying of

22  MGA products and trade dress infringement.  MGA is entitled to discovery on these

23  claims.

24       This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges.  To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27       As for relevancy, Mattel has not attempted to demonstrate why responding to

28  this request and/or producing responsive documents is irrelevant to the present

1  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

2  MGA products, packaging, themes and advertising.  "WEE 3 FRIENDS" is an

3  example of one such product line.  A request seeking documents related to actual or

4  potential confusion (including, but not limited to, confusion among consumers,

5  retailers, distributors, licensees or members of the press) between Mattel's "WEE 3

6  FRIENDS" and MGA's "4-EVER BEST FRIENDS" is therefore relevant to this

7  action and MGA's claims.

8         Mattel objects that the request contains confidential, proprietary, and trade

9  secret information.  A Protective Order exists in this case, obviating any concern as

10  to protection of privacy rights and/or commercially sensitive information.

11        None of Mattel's improper objections are valid and Mattel is obligated to

12  produce all non-privileged responsive documents in its possession.

13

14  **REQUEST FOR PRODUCTION NO. 417:**

15        DOCUMENTS sufficient to determine total sales, revenue, royalties, costs of

16  goods sold and any other costs attributable to net profits REFERRING OR

17  RELATING TO "WEE 3 FRIENDS."

18        **RESPONSE TO REQUEST NO. 417:**

19        In addition to the general objections stated above which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is

21  overbroad and unduly burdensome, including in that it seeks all documents on this

22  subject without limitation as to time, and regardless of whether such documents

23  relate to products or matters at issue in this case.  Mattel further objects to the

24  Request on the grounds that it seeks documents that are not relevant to this action

25  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

26  this Request on the grounds that it seeks confidential, proprietary and trade secret

27  information, including such information that has no bearing on the claims or

28  defenses in this case.  Mattel further objects to this Request on the grounds that it

1    calls for the disclosure of information subject to the attorney-client privilege, the

2    attorney work-product doctrine and other applicable privileges.  Mattel further

3    objects to this Request as premature in that it seeks expert discovery.  Such

4    discovery will be disclosed only at the time, and in the manner required by, the

5    <u>Rules</u> and the Court's Orders.

6          Subject to and without waiving the foregoing objections, Mattel responds as

7    follows: Mattel will produce at an appropriate time responsive, non-privileged

8    documents sufficient to determine total sales, revenue, costs of goods sold, and net

9    profits of the WEE 3 FRIENDS products at issue in this litigation.

10

11          **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

12          **SHOULD BE COMPELLED**

13          Mattel has improperly limited its agreement to produce documents in

14   response to this request, excluding "royalties" and stating that it will produce only

15   "at an appropriate time."  Mattel has refused to confirm whether or not it has

16   produced all non-privileged responsive documents or whether it is withholding

17   documents based on its objections or limitations in Phase 2.  Under the Federal

18   Rules of Civil Procedure, "an objection to part of a request must specify the part

19   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

20   that fail to explain the basis for an objection with specificity are routinely rejected

21   in the Central District.  <u>See</u> <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186,

22   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

23   burdensome and harassing' are improper – especially when a party fails to submit

24   any evidentiary declarations supporting such objections").  Accordingly, Mattel

25   must be compelled either to certify that it has produced all non-privileged

26   responsive documents or to produce all such documents by a date certain.

27          To the extent that Mattel is relying on its blanket objections, they are not

28   sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the contrary, the request is narrowly tailored to seek documents sufficient to determine the total sales, revenue, royalties, costs of goods sold and any other costs attributable to net profits related to Mattel's "WEE 3 FRIENDS."

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products and trade dress infringement.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

As for relevancy, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents is irrelevant to the present action.  On the contrary, MGA has alleged that Mattel is engaged in copying of MGA products, packaging, themes and advertising.  "WEE 3 FRIENDS" is an example of one such product line.  A request seeking documents sufficient to determine the total sales, revenue, royalties, costs of goods sold and any other costs

- 82 -

1   attributable to net profits related to Mattel's "WEE 3 FRIENDS" is therefore

2   relevant to this action and MGA's claims and damages.

3       Mattel objects that the request contains confidential, proprietary, and trade

4   secret information.  A Protective Order exists in this case, obviating any concern as

5   to protection of privacy rights and/or commercially sensitive information.

6       None of Mattel's improper objections are valid and Mattel is obligated to

7   produce all non-privileged responsive documents in its possession.

8

9   **REQUEST FOR PRODUCTION NO. 418:**

10      DOCUMENTS, including but not limited to organizational charts, sufficient

11  to identify (by name and job function) all current and former MATTEL personnel

12  and/or freelancers comprising the primary team that worked on the design and

13  development of the "WEE 3 FRIENDS" products, packaging, themes and name.

14      **RESPONSE TO REQUEST NO. 418:**

15      In addition to the general objections stated above which are incorporated

16  herein by reference, Mattel objects to this Request on the grounds that it is

17  overbroad and unduly burdensome, including in that it seeks all documents on this

18  subject without limitation as to time, and regardless of whether such documents

19  relate to products or matters at issue in this case.  Mattel further objects that the

20  terms "freelancers" and "primary team" are vague and ambiguous.  Mattel further

21  objects to the Request on the grounds that it seeks documents that are not relevant

22  to this action or likely to lead to the discovery of admissible evidence.  Mattel

23  further objects to this Request on the grounds that it seeks confidential, proprietary

24  and trade secret information, including such information that has no bearing on the

25  claims or defenses in this case.  Mattel further objects to this Request on the

26  grounds that it calls for the disclosure of information subject to the attorney-client

27  privilege, the attorney work-product doctrine and other applicable privileges.

28

1        Subject to and without waiving the foregoing objections, Mattel responds as

2    follows: Mattel will produce such responsive, non-privileged documents that are in

3    Mattel's possession, custody, or control, if any, relating to those matters placed at

4    issue in this litigation that Mattel has been able to locate after a diligent search and

5    reasonable inquiry, to the extent not previously produced.

6

7        **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

8

9        Mattel has improperly limited its agreement to produce documents to those

10   matters it deems placed at issue in response to this request.  Mattel has refused to

11   confirm whether or not it has produced all non-privileged responsive documents or

12   whether it is withholding documents based on its objections or limitation in Phase

13   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

14   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

15   Generic objections that fail to explain the basis for an objection with specificity are

16   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

17   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

18   such as 'overly burdensome and harassing' are improper – especially when a party

19   fails to submit any evidentiary declarations supporting such objections").

20   Accordingly, Mattel must be compelled either to certify that it has produced all

21   non-privileged responsive documents or to produce all such documents by a date

22   certain.

23       To the extent that Mattel is relying on its blanket objections, they are not

24   sustainable and do not justify Mattel's failure to produce documents.

25       As to overbreadth, Mattel provides no explanation, let alone the required

26   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

27   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

28   (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

1  contrary, the request is narrowly tailored to seek documents sufficient to identify all

2  current and former Mattel personnel and freelancers that comprised the primary

3  team that worked on the design and development of the Mattel's "WEE 3

4  FRIENDS" products, packaging, themes and name.

5      As to burden, Mattel has not attempted to demonstrate why responding to

6  this request and/or producing responsive documents presents any burden.  This

7  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

8  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9  request is unduly burdensome must allege specific facts which indicate the nature

10  and extent of the burden, usually by affidavit or other reliable evidence.")

11  Moreover, it is not unduly burdensome, as noted above, in that the request is

12  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

13  has engaged in a broad variety of unfair trade practices including serial copying of

14  MGA products and trade dress infringement.  MGA is entitled to discovery on these

15  claims.

16      This request does not seek documents protected by the attorney-client

17  privilege, the attorney work product doctrine, or other applicable privileges.  To the

18  extent that Mattel contends that it does, Mattel must provide a privilege log.

19      As for relevancy, Mattel has not attempted to demonstrate why responding

20  to this request and/or producing responsive documents is irrelevant to the present

21  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

22  MGA products, packaging, themes and advertising.  "WEE 3 FRIENDS" is an

23  example of one such product line.  A request seeking documents sufficient to

24  identify all current and former Mattel personnel and freelancers that comprised the

25  primary team that worked on the design and development of the Mattel's "WEE 3

26  FRIENDS" products, packaging, themes and name is therefore relevant to this

27  action and MGA's claims.

28

1     Mattel objects that the request contains confidential, proprietary, and trade

2    secret information.  A Protective Order exists in this case, obviating any concern as

3    to protection of privacy rights and/or commercially sensitive information.

4     None of Mattel's improper objections are valid and Mattel is obligated to

5    produce all non-privileged responsive documents in its possession.

6

7    **REQUEST FOR PRODUCTION NO. 420:**

8     All DOCUMENTS REFERRING OR RELATING TO YOUR awareness or

9    knowledge of "BRATZ" during the creation, design and development of "MY

10   SCENE."

11     **RESPONSE TO REQUEST NO. 420:**

12     In addition to the general objections stated above which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it is

14  overbroad and unduly burdensome, including in that it seeks all documents on this

15  subject without limitation as to time, and regardless of whether such documents

16  relate to products or matters at issue in this case.  Mattel further objects to the

17  Request on the grounds that it seeks documents that are not relevant to this action

18  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

19  this Request on the grounds that it duplicates numerous other requests.  Mattel

20  further objects to this Request on the grounds that it seeks confidential, proprietary

21  and trade secret information, including such information that has no bearing on the

22  claims or defenses in this case.  Mattel further objects to this Request on the

23  grounds that it calls for the disclosure of information subject to the attorney-client

24  privilege, the attorney work-product doctrine and other applicable privileges.

25  Mattel further objects to this Request as duplicative of requests previously served

26  by MGA in this litigation.

27     Subject to and without waiving the foregoing objections, Mattel responds as

28  follows: Mattel will produce such responsive, non-privileged documents that are in

1   Mattel's possession, custody, or control, if any, that reflect Mattel's consideration,

2   if any, of Bratz in the creation, design, and development of the MY SCENE

3   products that are at issue in this case that Mattel has been able to locate after a

4   diligent search and reasonable inquiry, to the extent not previously produced.

5

6       **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
        SHOULD BE COMPELLED**

7

8       Mattel has improperly limited its agreement to produce documents in

9   response to this request to documents that "reflect Mattel's consideration, if any, of

10  Bratz," and agrees to produce only subject to its improper boilerplate objections.

11  Mattel seeks to unilaterally limit this request, which seeks documents showing

12  "awareness or knowledge" of Bratz. Mattel further seeks to unilaterally limit its

13  response to "My Scene" products that it deems to be at issue.  Such unilateral

14  limitation on production is unjustified to the extent Mattel is withholding

15  documents on that basis.  Moreover, it is unclear what exhibition of "aspects of the

16  Bratz products" means.  Under the Federal Rules of Civil Procedure, "an objection

17  to part of a request must specify the part and permit inspection of the rest."  Fed. R.

18  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

19  with specificity are routinely rejected in the Central District.  See A. Farber and

20  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

21  boilerplate objections such as 'overly burdensome and harassing' are improper –

22  especially when a party fails to submit any evidentiary declarations supporting such

23  objections").  Accordingly, Mattel must be compelled either to certify that it has

24  produced all non-privileged responsive documents without limitation or to produce

25  all such documents by a date certain.

26      To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

1    As to overbreadth, Mattel provides no explanation, let alone the required

2  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

5  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

6  custody, or control regarding Mattel's knowledge of "BRATZ" during the creation,

7  design and development of "MY SCENE."

8    As to burden, Mattel has not attempted to demonstrate why responding to

9  this request and/or producing responsive documents presents any burden.  This

10  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

11  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12  request is unduly burdensome must allege specific facts which indicate the nature

13  and extent of the burden, usually by affidavit or other reliable evidence.")

14  Moreover, it is not unduly burdensome, as noted above, in that the request is

15  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16  has engaged in a broad variety of unfair trade practices, from trade dress

17  infringement to serial copying of MGA products.   MGA is entitled to discovery on

18  these claims.

19    This request does not seek documents protected by the attorney-client

20  privilege, the attorney work product doctrine, or other applicable privileges.  To the

21  extent that Mattel contends that it does, Mattel must provide a privilege log.

22    Mattel objects that the request contains confidential/proprietary/trade secret

23  information.  A Protective Order exists in this case, obviating any concern as to

24  protection of privacy rights and/or commercially sensitive information.

25    Mattel objects that the request is duplicative or subsumed within prior

26  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

27  produce responsive non-privileged documents is not proper based on this objection.

28

1    Mattel's objection that the documents sought are not relevant is unfounded,

2    as documents that show Mattel was aware or knew of Bratz during the conception

3    and development of "My Scene" are central to MGA's claims and defenses in this

4    case.  Such information, for example, could tend to show that Mattel copied

5    "BRATZ" products, as alleged by MGA.

6    None of Mattel's improper objections are valid and Mattel is obligated to

7    produce all non-privileged responsive documents in its possession, custody or

8    control.

9

10   **REQUEST FOR PRODUCTION NO. 421:**

11   All DOCUMENTS REFERRING OR RELATING TO the selection,

12   approval process, design and development of "MY SCENE" products (including,

13   but not limited to, fashion dolls, styling heads and plush toys), themes and

14   packaging prior to their release to the public, including but not limited to any

15   design drawings, MARKET RESEARCH, and product approval memos.

16   **RESPONSE TO REQUEST NO. 421:**

17   In addition to the general objections stated above which are incorporated

18   herein by reference, Mattel objects to this Request on the grounds that it is

19   overbroad and unduly burdensome, including in that it seeks all documents on this

20   subject without limitation as to time, and regardless of whether such documents

21   relate to products or matters at issue in this case.  Mattel further objects on the

22   grounds that the term "themes" is vague and ambiguous.  Mattel further objects to

23   this Request on the grounds that it duplicates numerous other requests.  Mattel

24   further objects to the Request on the grounds that it seeks documents that are not

25   relevant to this action or likely to lead to the discovery of admissible evidence.

26   Mattel further objects to this Request on the grounds that it assumes facts not in

27   evidence or is contrary to the evidence.  Mattel further objects to this Request on

28   the grounds that it seeks confidential, proprietary and trade secret information,

1   including such information that has no bearing on the claims or defenses in this

2   case.  Mattel further objects to this Request on the grounds that it calls for the

3   disclosure of information subject to the attorney-client privilege, the attorney

4   work-product doctrine and other applicable privileges.

5        Subject to and without waiving the foregoing objections, Mattel responds as

6   follows: Mattel will produce such responsive, non-privileged documents that are in

7   Mattel's possession, custody, or control, if any, that relate to the MY SCENE

8   products that are at issue in this case that Mattel has been able to locate after a

9   diligent search and reasonable inquiry, to the extent not previously produced.

10

11   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**

12

13        Mattel has improperly limited its agreement to produce documents to those

14   products it deems placed at issue in response to this request.  Mattel has refused to

15   confirm whether or not it has produced all non-privileged responsive documents or

16   whether it is withholding documents based on its objections or limitation in Phase

17   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

18   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

19   Generic objections that fail to explain the basis for an objection with specificity are

20   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

21   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

22   such as 'overly burdensome and harassing' are improper – especially when a party

23   fails to submit any evidentiary declarations supporting such objections").

24   Accordingly, Mattel must be compelled either to certify that it has produced all

25   non-privileged responsive documents or to produce all such documents by a date

26   certain.

27        To the extent that Mattel is relying on its blanket objections, they are not

28   sustainable and do not justify Mattel's failure to produce documents.

1     As to overbreadth, Mattel provides no explanation, let alone the required

2  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

5  contrary, the request is narrowly tailored to seek documents concerning the

6  selection, approval process, design and development of "MY SCENE" products,

7  themes and packaging prior to their release to the public.

8     As to burden, Mattel has not attempted to demonstrate why responding to

9  this request and/or producing responsive documents presents any burden.  This

10  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

11  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12  request is unduly burdensome must allege specific facts which indicate the nature

13  and extent of the burden, usually by affidavit or other reliable evidence.")

14  Moreover, it is not unduly burdensome, as noted above, in that the request is

15  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16  has engaged in a broad variety of unfair trade practices, including serial copying of

17  MGA products and trade dress infringement.  MGA is entitled to discovery on these

18  claims.

19     This request does not seek documents protected by the attorney-client

20  privilege, the attorney work product doctrine, or other applicable privileges.  To the

21  extent that Mattel contends that it does, Mattel must provide a privilege log.

22     Mattel objects that the request contains confidential, proprietary and trade

23  secret information.  A Protective Order exists in this case, obviating any concern as

24  to protection of privacy rights and/or commercially sensitive information.

25     Mattel also objects to this request on relevance grounds.  MGA has brought

26  trade dress claims related to "MY SCENE" and has alleged claims of unfair

27  competition based on Mattel's serial copying and imitation of MGA's products.  As

28  such, documents related to the selection, approval process, design and development

1  of "MY SCENE" products, themes and packaging are highly relevant and likely to

2  lead to the discovery of admissible evidence.

3       Mattel has also improperly limited its agreement to produce by redefining the

4  scope of MGA's request.  While MGA requested documents related to the

5  selection, approval process, design and development of "MY SCENE" products,

6  Mattel has only agreed to produce documents related to certain "MY SCENE"

7  products.  Mattel is required to respond to the request as originally drafted by MGA

8  and may not unilaterally narrow and rewrite MGA's requests.

9       None of Mattel's improper objections are valid and Mattel is obligated to

10  produce all non-privileged responsive documents in its possession.

11

12  **REQUEST FOR PRODUCTION NO. 422:**

13       All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

14  RELATING TO such COMMUNICATIONS, between MATTEL's Cassidy Park

15  and Lily Martinez, Adrienne Fontanella, Ivy Ross, Matt Bousquette, or any other

16  current or former employee of MATTEL regarding the threat of "BRATZ" to

17  MATTEL, the creation of "MY SCENE," and/or efforts to copy or knock off

18  "BRATZ."

19      **RESPONSE TO REQUEST NO. 422:**

20       In addition to the general objections stated above which are incorporated

21  herein by reference, Mattel objects to this Request on the grounds that it is

22  overbroad and unduly burdensome, including in that it seeks all documents on this

23  subject without limitation as to time, and regardless of whether such documents

24  relate to products or matters at issue in this case.  Mattel further objects on the

25  grounds that the terms "threat of 'BRATZ'" and "efforts to copy or knock off

26  'BRATZ'" are vague and ambiguous.  Mattel further objects to this Request on the

27  grounds that it duplicates numerous other requests.  Mattel further objects to the

28  Request on the grounds that it seeks documents that are not relevant to this action

1   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

2   this Request on the grounds that it seeks confidential, proprietary and trade secret

3   information, including such information that has no bearing on the claims or

4   defenses in this case.  Mattel further objects to this Request on the grounds that it

5   calls for the disclosure of information subject to the attorney-client privilege, the

6   attorney work-product doctrine and other applicable privileges.  Mattel further

7   objects to this Request as duplicative of requests previously served by MGA in this

8   litigation.

9          Subject to and without waiving the foregoing objections, Mattel responds as

10  follows: Mattel will produce such responsive, non-privileged documents that are in

11  Mattel's possession, custody, or control, if any, that relate to the MY SCENE

12  products that are at issue in this case that Mattel has been able to locate after a

13  diligent search and reasonable inquiry, to the extent not previously produced.

14

15  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
16  **SHOULD BE COMPELLED**

17         Mattel improperly limits its agreement to produce responsive documents to

18  documents "that relate to the MY SCENE products that are at issue."  MGA's trade

19  dress and unfair competition claims are broad, and Mattel cannot use its rewriting

20  of the request as a shield to withhold materials discoverable in Phase 2.  Mattel has

21  refused to confirm whether or not it has produced all non-privileged responsive

22  documents or whether it is withholding documents based on its objections or

23  limitation in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to

24  part of a request must specify the part and permit inspection of the rest."  Fed. R.

25  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

26  with specificity are routinely rejected in the Central District.  See A. Farber and

27  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

28  boilerplate objections such as 'overly burdensome and harassing' are improper –

1    especially when a party fails to submit any evidentiary declarations supporting such

2    objections").  Accordingly, Mattel must be compelled either to certify that it has

3    produced all non-privileged responsive documents or to produce all such

4    documents by a date certain.

5        To the extent that Mattel is relying on its blanket objections, they are not

6    sustainable and do not justify Mattel's failure to produce documents.

7        As to overbreadth, Mattel provides no explanation, let alone the required

8    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

9    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10   (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

11   contrary, the request is narrowly tailored to seek documents specifically relating to

12   whether "MY SCENE" copies "BRATZ" and the threat of "BRATZ" to "MY

13   SCENE."  The is also tailored to specific individuals and present and former Mattel

14   employees.

15       As to burden, Mattel has not attempted to demonstrate why responding to

16   this request and/or producing responsive documents presents any burden.  This

17   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19   request is unduly burdensome must allege specific facts which indicate the nature

20   and extent of the burden, usually by affidavit or other reliable evidence.")

21   Moreover, it is not unduly burdensome, as noted above, in that the request is

22   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23   has engaged in a broad variety of unfair trade practices including serial copying of

24   MGA products and trade dress infringement.  MGA is entitled to discovery on these

25   claims.

26       This request does not seek documents protected by the attorney-client

27   privilege, the attorney work product doctrine, or other applicable privileges.  To the

28   extent that Mattel contends that it does, Mattel must provide a privilege log.

1       Mattel objects on the basis of relevance.  Mattel cannot legitimately contend

2   that whether  "MY SCENE" copies "BRATZ" or whether "BRATZ" was viewed as

3   a threat is not at issue in Phase 2 of these consolidated proceedings.  Documents

4   relating to "MY SCENE" coping "BRATZ" are likely to lead to admissible

5   evidence supporting or refuting MGA's trade dress claim, MGA's unfair

6   competition claim, Mattel's trade secret misappropriation claim, and both parties'

7   damages claims.

8       None of Mattel's improper objections are valid and Mattel is obligated to

9   produce all non-privileged responsive documents in its possession.

10

11  **REQUEST FOR PRODUCTION NO. 423:**

12      All DOCUMENTS REFERRING OR RELATING TO unreleased "MY

13  SCENE" products (including, but not limited to, fashion dolls, styling heads, play

14  sets).

15      **RESPONSE TO REQUEST NO. 423:**

16      In addition to the general objections stated above which are incorporated

17  herein by reference, Mattel objects to this Request on the grounds that it is vague,

18  overbroad, and unduly burdensome, including in that it seeks all documents on this

19  subject without limitation as to time, and regardless of whether such documents

20  relate to products or matters at issue in this case.  Mattel further objects to the

21  Request on the grounds that it seeks documents that are not relevant to this action

22  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

23  this Request on the grounds that it seeks confidential, proprietary and trade secret

24  information, including such information that has no bearing on the claims or

25  defenses in this case.  Mattel further objects to this Request on the grounds that it

26  calls for the disclosure of information subject to the attorney-client privilege, the

27  attorney work-product doctrine and other applicable privileges.

28

1
2

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

3      Mattel has not agreed to produce documents in response to this request.

4  Under the Federal Rules of Civil Procedure, "an objection to part of a request must

5  specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

6  Generic objections that fail to explain the basis for an objection with specificity are

7  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

8  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

9  such as 'overly burdensome and harassing' are improper – especially when a party

10  fails to submit any evidentiary declarations supporting such objections").

11  Accordingly, Mattel must be compelled either to certify that it has produced all

12  non-privileged responsive documents or to produce all such documents by a date

13  certain.

14      To the extent that Mattel is relying on its blanket objections, they are not

15  sustainable and do not justify Mattel's failure to produce documents.

16      As to overbreadth, Mattel provides no explanation, let alone the required

17  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

18  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

19  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

20  contrary, the request is narrowly tailored to seek documents concerning unreleased

21  "MY SCENE" products.

22      As to burden, Mattel has not attempted to demonstrate why responding to

23  this request and/or producing responsive documents presents any burden.  This

24  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

25  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

26  request is unduly burdensome must allege specific facts which indicate the nature

27  and extent of the burden, usually by affidavit or other reliable evidence.")

28  Moreover, it is not unduly burdensome, as noted above, in that the request is

- 96 -

1   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

2   has engaged in a broad variety of unfair trade practices, including serial copying of

3   MGA products and trade dress infringement.  MGA is entitled to discovery on these

4   claims.

5           This request does not seek documents protected by the attorney-client

6   privilege, the attorney work product doctrine, or other applicable privileges.  To the

7   extent that Mattel contends that it does, Mattel must provide a privilege log.

8           Mattel objects that the request contains confidential, proprietary and trade

9   secret information.  A Protective Order exists in this case, obviating any concern as

10  to protection of privacy rights and/or commercially sensitive information.

11          Mattel also objects to this request on relevance grounds.  MGA has brought

12  trade dress claims related to "MY SCENE" and has alleged claims of unfair

13  competition based on Mattel's serial copying and imitation of MGA's products.  As

14  such, documents related to unreleased "MY SCENE" products are highly relevant

15  and likely to lead to the discovery of admissible evidence.

16          None of Mattel's improper objections are valid and Mattel is obligated to

17  produce all non-privileged responsive documents in its possession.

18

19  **REQUEST FOR PRODUCTION NO. 424:**

20          All photographs (including, but not limited to, photographs in print or digital

21  format) of "BRATZ" taken by any current or former MATTEL salesman or product

22  manager, and all DOCUMENTS REFERRING OR RELATING TO such

23  photographs, including, but not limited to, DOCUMENTS sufficient to show when

24  and where the photographs were taken.

25          **RESPONSE TO REQUEST NO. 424:**

26          In addition to the general objections stated above which are incorporated

27  herein by reference, Mattel objects to this Request on the grounds that it is

28  overbroad and unduly burdensome, including in that it seeks all documents on this

subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel refuses to produce documents in response to this request.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

- 98 -

1      As to overbreadth, Mattel provides no explanation, let alone the required

2    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4    (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

5    contrary, the request is narrowly tailored to seek documents concerning

6    photographs taken by Mattel of "BRATZ."  Accordingly, the request is self-limited

7    in time to the particular product line.

8       As to burden, Mattel has not attempted to demonstrate why responding to

9    this request and/or producing responsive documents presents any burden.  This

10   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

11   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12   request is unduly burdensome must allege specific facts which indicate the nature

13   and extent of the burden, usually by affidavit or other reliable evidence.")

14   Moreover, it is not unduly burdensome, as noted above, in that the request is

15   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16   has engaged in a broad variety of unfair trade practices, from serial copying of

17   MGA products, to obtaining MGA confidential information through improper

18   means.  MGA is entitled to discovery on these claims, and this request seeking

19   photographs that Mattel took of "BRATZ" relates specifically to these issues.

20      This request does not seek documents protected by the attorney-client

21   privilege, the attorney work product doctrine, or other applicable privileges.  To the

22   extent that Mattel contends that it does, Mattel must provide a privilege log.

23      Mattel objects that the request contains confidential/proprietary/trade secret

24   information.  A Protective Order exists in this case, obviating any concern as to

25   protection of privacy rights and/or commercially sensitive information.

26      None of Mattel's improper objections are valid and Mattel is obligated to

27   produce all non-privileged responsive documents in its possession.

28

**REQUEST FOR PRODUCTION NO. 425:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS, between MATTEL's Erica Ashbrook and any current or former employee of MATTEL (including, but not limited to, Connie Hibbert) regarding "BRATZ," MGA or LARIAN.

**RESPONSE TO REQUEST NO. 425:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents responsive to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal

1   Rules of Civil Procedure, "an objection to part of a request must specify the part

2   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

3   that fail to explain the basis for an objection with specificity are routinely rejected

4   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

5   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

6   burdensome and harassing' are improper – especially when a party fails to submit

7   any evidentiary declarations supporting such objections").  Accordingly, Mattel

8   must be compelled either to certify that it has produced all non-privileged

9   responsive documents or to produce all such documents by a date certain.

10         To the extent that Mattel is relying on its blanket objections, they are not

11   sustainable and do not justify Mattel's failure to produce documents.

12         As to overbreadth, Mattel provides no explanation, let alone the required

13   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

14   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

15   (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

16   contrary, the request is narrowly tailored to seek documents relating to

17   communications between a specific individual, Erica Ashbrook, and current or

18   former Mattel employees regarding "BRATZ," MGA or LARIAN.

19         As to burden, Mattel has not attempted to demonstrate why responding to

20   this request and/or producing responsive documents presents any burden.  This

21   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

22   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23   request is unduly burdensome must allege specific facts which indicate the nature

24   and extent of the burden, usually by affidavit or other reliable evidence.")

25   Moreover, it is not unduly burdensome, as noted above, in that the request is

26   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

27   has engaged in various unfair trade practices, including coercing its employees to

28   accept restrictive covenants and non-compete clauses and other efforts to prevent

1  prospective MGA employees from accepting offers of employment, threatening

2  retailers and suppliers to cease doing business with MGA, and intimidating

3  employees and industry groups in order to prevent MGA from fairly competing.

4  MGA is entitled to discovery on these claims.

5      Mattel's objection that this request is an attempt to circumvent the Discovery

6  Master's May 22, 2007 order is unwarranted.  That order is inapposite to this

7  request, which is much narrower than those considered irrelevant and/or improper

8  by the court.  This request is narrowly tailored to communications by a specific

9  individual, Erica Ashbrook, with current or former Mattel employees regarding

10 three specific topics, namely "BRATZ," MGA or LARIAN.

11     Mattel objects that the request contains confidential, proprietary and trade

12 secret information.  A Protective Order exists in this case, obviating any concern as

13 to protection of privacy rights and/or commercially sensitive information.

14     This request does not seek documents protected by the attorney-client

15 privilege, the attorney work product doctrine, or other applicable privileges.  To the

16 extent that Mattel contends that it does, Mattel must provide a privilege log.

17     None of Mattel's improper objections are valid and Mattel is obligated to

18 produce all non-privileged responsive documents in its possession.

19

20 **REQUEST FOR PRODUCTION NO. 426:**

21     All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

22 RELATING TO such COMMUNICATIONS, between MATTEL's Erica Ashbrook

23 and any retailers (including, but not limited to, Heather Hocut, Barb Lubestine,

24 Scott McCall, or any other current or former employees of Wal-Mart) regarding

25 "BRATZ," MGA or LARIAN.

26     **RESPONSE TO REQUEST NO. 426:**

27     In addition to the general objections stated above which are incorporated

28 herein by reference, Mattel objects to this Request on the grounds that it is

- 102 -

1   overbroad and unduly burdensome, including in that it seeks all documents on this

2   subject without limitation as to time, and regardless of whether such documents

3   relate to products or matters at issue in this case.  Mattel further object on the

4   grounds that this Request is an attempt to circumvent the Discovery Master's

5   May 22, 2007 order determining that the requested documents are irrelevant and/or

6   that such requests are improper.  Mattel further objects to the Request on the

7   grounds that it seeks documents that are not relevant to this action or likely to lead

8   to the discovery of admissible evidence.  Mattel further objects to this Request on

9   the grounds that it seeks confidential, proprietary and trade secret information,

10  including such information that has no bearing on the claims or defenses in this

11  case.  Mattel further objects to this Request on the grounds that it calls for the

12  disclosure of information subject to the attorney-client privilege, the attorney

13  work-product doctrine and other applicable privileges.

14

15      **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
        SHOULD BE COMPELLED**

16

17      Mattel has not agreed to produce documents in response to this request.

18  Under the Federal Rules of Civil Procedure, "an objection to part of a request must

19  specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

20  Generic objections that fail to explain the basis for an objection with specificity are

21  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

22  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

23  such as 'overly burdensome and harassing' are improper – especially when a party

24  fails to submit any evidentiary declarations supporting such objections").

25  Accordingly, Mattel must be compelled either to certify that it has produced all

26  non-privileged responsive documents or to produce all such documents by a date

27  certain.

28

1    To the extent that Mattel is relying on its blanket objections, they are not

2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required

4    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6    (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

7    contrary, the request is narrowly tailored to seek documents relating to

8    communications between a specific individual, Erica Ashbrook, and any retailers

9    regarding "BRATZ," MGA or LARIAN.

10   As to burden, Mattel has not attempted to demonstrate why responding to

11   this request and/or producing responsive documents presents any burden.  This

12   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

13   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14   request is unduly burdensome must allege specific facts which indicate the nature

15   and extent of the burden, usually by affidavit or other reliable evidence.")

16   Moreover, it is not unduly burdensome, as noted above, in that the request is

17   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

18   has engaged in various unfair trade practices, including coercing its employees to

19   accept restrictive covenants and non-compete clauses and other efforts to prevent

20   prospective MGA employees from accepting offers of employment, threatening

21   retailers and suppliers to cease doing business with MGA, and intimidating

22   employees and industry groups in order to prevent MGA from fairly competing.

23   MGA is entitled to discovery on these claims.

24   Mattel's objection that this request is an attempt to circumvent the Discovery

25   Master's May 22, 2007 order is unwarranted.  That order is inapposite to this

26   request, which is much narrower than those considered irrelevant and/or improper

27   by the court.  This request is narrowly tailored to communications by a specific

28

1  individual, Erica Ashbrook, with retailers regarding three specific topics, namely

2  "BRATZ," MGA or LARIAN.

3      Mattel objects that the request contains confidential, proprietary and trade

4  secret information.  A Protective Order exists in this case, obviating any concern as

5  to protection of privacy rights and/or commercially sensitive information.

6      This request does not seek documents protected by the attorney-client

7  privilege, the attorney work product doctrine, or other applicable privileges.  To the

8  extent that Mattel contends that it does, Mattel must provide a privilege log.

9      None of Mattel's improper objections are valid and Mattel is obligated to

10  produce all non-privileged responsive documents in its possession.

11

12  **REQUEST FOR PRODUCTION NO. 427:**

13      All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

14  RELATING TO such COMMUNICATIONS, between YOU and MGA's Janine

15  Firth.

16      **RESPONSE TO REQUEST NO. 427:**

17      In addition to the general objections stated above which are incorporated

18  herein by reference, Mattel objects to this Request on the grounds that it is

19  overbroad and unduly burdensome, including in that it seeks all documents on this

20  subject without limitation as to time, and regardless of whether such documents

21  relate to products or matters at issue in this case.  Mattel further object on the

22  grounds that this Request is an attempt to circumvent the Discovery Master's

23  May 22, 2007 order determining that the requested documents are irrelevant and/or

24  that such requests are improper.  Mattel further objects to the Request on the

25  grounds that it seeks documents that are not relevant to this action or likely to lead

26  to the discovery of admissible evidence.  Mattel further objects to this Request on

27  the grounds that it seeks confidential, proprietary and trade secret information,

28  including such information that has no bearing on the claims or defenses in this

case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the contrary, the request is narrowly tailored to seek communications and documents related to communications between Mattel and MGA's Janine Firth.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

1   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
2   request is unduly burdensome must allege specific facts which indicate the nature
3   and extent of the burden, usually by affidavit or other reliable evidence.")
4   Moreover, it is not unduly burdensome, as noted above, in that the request is
5   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
6   has engaged in a broad variety of unfair trade practices including serial copying of
7   MGA products and trade dress infringement.  MGA is entitled to discovery on these
8   claims.

9        This request does not seek documents protected by the attorney-client
10   privilege, the attorney work product doctrine, or other applicable privileges.  To the
11   extent that Mattel contends that it does, Mattel must provide a privilege log.

12        Mattel cites to the May 22, 2007 order, but that order is inapposite to this
13   request, which is much narrower than those considered irrelevant and/or improper
14   by the court.  Specifically, the request is narrowly tailored to documents regarding a
15   particular person, namely, Janine Firth.

16        As for relevancy, Mattel has not attempted to demonstrate why responding to
17   this request and/or producing responsive documents is irrelevant to the present
18   action.  On the contrary, MGA has alleged that Mattel is engaged in unfair trade
19   practices such as influencing various retailers to preserve Mattel's market share
20   rankings in the critical fashion doll category.  A request to seek documents or
21   communications as described above is therefore relevant to this action.

22        Mattel objects that the request contains confidential, proprietary, and trade
23   secret information.  A Protective Order exists in this case, obviating any concern as
24   to protection of privacy rights and/or commercially sensitive information.

25        None of Mattel's improper objections are valid and Mattel is obligated to
26   produce all non-privileged responsive documents in its possession.

27
28

**REQUEST FOR PRODUCTION NO. 428:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS, between YOU and Margo Eldridge and/or any current or former employee of Eldridge Ink regarding "BRATZ," MGA or LARIAN.

**RESPONSE TO REQUEST NO. 428:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

1   for an objection with specificity are routinely rejected in the Central District.  See
2   A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)
3   ("general or boilerplate objections such as 'overly burdensome and harassing' are
4   improper – especially when a party fails to submit any evidentiary declarations
5   supporting such objections").  Accordingly, Mattel must be compelled either to
6   certify that it has produced all non-privileged responsive documents or to produce
7   all such documents by a date certain.

8        To the extent that Mattel is relying on its blanket objections, they are not
9   sustainable and do not justify Mattel's failure to produce documents.

10       As to overbreadth, Mattel provides no explanation, let alone the required
11  particularity, as to **why** this request is supposedly overly broad, nor can it do so.
12  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
13  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the
14  contrary, the request is narrowly tailored to seek documents relating to
15  communications between Mattel and Margo Eldridge or other past or present
16  employees of Eldridge Ink regarding "BRATZ," MGA or LARIAN.

17       As to burden, Mattel has not attempted to demonstrate why responding to
18  this request and/or producing responsive documents presents any burden.  This
19  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
20  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
21  request is unduly burdensome must allege specific facts which indicate the nature
22  and extent of the burden, usually by affidavit or other reliable evidence.")
23  Moreover, it is not unduly burdensome, as noted above, in that the request is
24  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
25  has engaged in various unfair trade practices, including threatening retailers and
26  suppliers to cease doing business with MGA, and intimidating employees and
27  industry groups in order to prevent MGA from fairly competing.  MGA is entitled
28  to discovery on these claims.

1    Mattel's objection that this request is an attempt to circumvent the Discovery

2    Master's May 22, 2007 order is unwarranted.  That order is inapposite to this

3    request, which is much narrower than those considered irrelevant and/or improper

4    by the court.  This request is narrowly tailored to communications by Mattel with

5    current or former Eldridge Ink employees regarding three specific topics, namely

6    "BRATZ," MGA or LARIAN.

7    Mattel objects that the request contains confidential, proprietary and trade

8    secret information.  A Protective Order exists in this case, obviating any concern as

9    to protection of privacy rights and/or commercially sensitive information.

10   This request does not seek documents protected by the attorney-client

11   privilege, the attorney work product doctrine, or other applicable privileges.  To the

12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13   None of Mattel's improper objections are valid and Mattel is obligated to

14   produce all non-privileged responsive documents in its possession.

15

16   **REQUEST FOR PRODUCTION NO. 429:**

17   All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

18   RELATING TO such COMMUNICATIONS, between YOU and Andy Gallerani

19   and/or any current or former employee of Mohr-Gallerani & More Films regarding

20   "BRATZ," MGA or LARIAN.

21   **RESPONSE TO REQUEST NO. 429:**

22   In addition to the general objections stated above which are incorporated

23   herein by reference, Mattel objects to this Request on the grounds that it is

24   overbroad and unduly burdensome, including in that it seeks all documents on this

25   subject without limitation as to time, and regardless of whether such documents

26   relate to products or matters at issue in this case.  Mattel further object on the

27   grounds that this Request is an attempt to circumvent the Discovery Master's

28   May 22, 2007 order determining that the requested documents are irrelevant and/or

that such requests are improper.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel refuses to produce documents responsive to this request.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

contrary, the request is narrowly tailored to seek documents concerning communications between Mattel and a specific advertising company relating to "BRATZ," MGA or LARIAN.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices, from serial copying of MGA products, to threatening retailers and suppliers to cease doing business with MGA.   MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential/proprietary/trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

This request is narrowly tailored to particular discoverable communications between Mattel and an specified advertising company regarding "BRATZ," MGA, and LARIAN.  Such communications are likely to reflect information related to MGA's claims, for example, serial copying.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 430:**

All COMMUNICATIONS in 2001 and 2002, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS, between Ben Van Doesburgh and any current or former employee of Mattel Espana S.A. (including, but not limited to, Raul Van Neerbos) regarding the threat of "BRATZ" to MATTEL and/or the creation of "MY SCENE"

**RESPONSE TO REQUEST NO. 430:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects that the terms "threat of 'BRATZ'" are vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to the Request on the grounds that it seeks information about matters that are not within the subject matter jurisdiction of the Court. Production by Mattel, if any, will be limited to those matters within the Court's jurisdiction, only in the event and to the extent it is permitted by or otherwise in compliance with foreign laws limiting disclosure and discovery and only in the event and to the extent that the documents are within Mattel's possession, custody or control pursuant to governing law. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request as duplicative of requests previously served by MGA in this litigation.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel improperly limits its agreement to produce responsive documents to documents "that relate to the MY SCENE products that are at issue." MGA's trade dress and unfair competition claims are broad, and Mattel cannot use its rewriting of the request as a shield to withhold materials discoverable in Phase 2. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the contrary, the request is narrowly tailored to seek documents specifically relating to the threat of "BRATZ" to Mattel and "MY SCENE." The request is also tailored to specific individuals, and it is limited in time.

1      As to burden, Mattel has not attempted to demonstrate why responding to

2   this request and/or producing responsive documents presents any burden.  This

3   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5   request is unduly burdensome must allege specific facts which indicate the nature

6   and extent of the burden, usually by affidavit or other reliable evidence.")

7   Moreover, it is not unduly burdensome, as noted above, in that the request is

8   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9   has engaged in a broad variety of unfair trade practices including serial copying of

10  MGA products and trade dress infringement.  MGA is entitled to discovery on these

11  claims.

12      This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges.  To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15      Mattel objects on the basis of relevance.  Mattel cannot legitimately contend

16  that whether "BRATZ" was viewed as a threat is not at issue in Phase 2 of these

17  consolidated proceedings.  Documents relating to "BRATZ" as a threat are likely to

18  lead to admissible evidence supporting or refuting MGA's trade dress claim,

19  MGA's unfair competition claim, Mattel's trade secret misappropriation claim, and

20  both parties' damages claims.

21      None of Mattel's improper objections are valid and Mattel is obligated to

22  produce all non-privileged responsive documents in its possession.

23

24  **REQUEST FOR PRODUCTION NO. 431:**

25      All COMMUNICATIONS in 2001 and 2002, and all DOCUMENTS

26  REFERRING OR RELATING TO such COMMUNICATIONS, between Ben Van

27  Doesburgh and Adrienne Fontanella, Matt Bousequette or any other current or

28

1    former employee of MATTEL regarding the threat of "BRATZ" to MATTEL

2    and/or the creation of "MY SCENE."

3          **RESPONSE TO REQUEST NO. 431:**

4          In addition to the general objections stated above which are incorporated

5    herein by reference, Mattel objects to this Request on the grounds that it is

6    overbroad and unduly burdensome, including in that it seeks all documents on this

7    subject without limitation as to time, and regardless of whether such documents

8    relate to products or matters at issue in this case.  Mattel further objects that the

9    terms "threat of 'BRATZ'" are vague and ambiguous.  Mattel further objects to the

10   Request on the grounds that it seeks documents that are not relevant to this action

11   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

12   this Request on the grounds that it seeks confidential, proprietary and trade secret

13   information, including such information that has no bearing on the claims or

14   defenses in this case.  Mattel further objects to this Request on the grounds that it

15   calls for the disclosure of information subject to the attorney-client privilege, the

16   attorney work-product doctrine and other applicable privileges.

17         Subject to and without waiving the foregoing objections, Mattel responds as

18   follows: Mattel will produce such responsive, non-privileged documents that are in

19   Mattel's possession, custody, or control, if any, that relate to the MY SCENE

20   products that are at issue in this case that Mattel has been able to locate after a

21   diligent search and reasonable inquiry, to the extent not previously produced.

22

23         **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
24         SHOULD BE COMPELLED**

25         Mattel improperly limits its agreement to produce responsive documents to

26   documents "that relate to the MY SCENE products that are at issue."  MGA's trade

27   dress and unfair competition claims are broad, and Mattel cannot use its rewriting

28   of the request as a shield to withhold materials discoverable in Phase 2.  Mattel has

1  refused to confirm whether or not it has produced all non-privileged responsive

2  documents or whether it is withholding documents based on its objections in Phase

3  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

4  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

5  Generic objections that fail to explain the basis for an objection with specificity are

6  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

7  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

8  such as 'overly burdensome and harassing' are improper – especially when a party

9  fails to submit any evidentiary declarations supporting such objections").

10  Accordingly, Mattel must be compelled either to certify that it has produced all

11  non-privileged responsive documents or to produce all such documents by a date

12  certain.

13       To the extent that Mattel is relying on its blanket objections, they are not

14  sustainable and do not justify Mattel's failure to produce documents.

15       As to overbreadth, Mattel provides no explanation, let alone the required

16  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

17  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

18  (overruling objections not stated with specificity), Rutowski Decl. Ex. 55.  To the

19  contrary, the request is narrowly tailored to seek documents specifically relating to

20  the threat of "BRATZ" to Mattel and "MY SCENE."  The request is also tailored to

21  specific individuals, and it is limited in time.

22       As to burden, Mattel has not attempted to demonstrate why responding to

23  this request and/or producing responsive documents presents any burden.  This

24  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

25  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

26  request is unduly burdensome must allege specific facts which indicate the nature

27  and extent of the burden, usually by affidavit or other reliable evidence.")

28  Moreover, it is not unduly burdensome, as noted above, in that the request is

1   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

2   has engaged in a broad variety of unfair trade practices including serial copying of

3   MGA products and trade dress infringement.  MGA is entitled to discovery on these

4   claims.

5          This request does not seek documents protected by the attorney-client

6   privilege, the attorney work product doctrine, or other applicable privileges.  To the

7   extent that Mattel contends that it does, Mattel must provide a privilege log.

8          Mattel objects on the basis of relevance.  Mattel cannot legitimately contend

9   that whether "BRATZ" was viewed as a threat is not at issue in Phase 2 of these

10  consolidated proceedings.  Documents relating to "BRATZ" as a threat are likely to

11  lead to admissible evidence supporting or refuting MGA's trade dress claim,

12  MGA's unfair competition claim, Mattel's trade secret misappropriation claim, and

13  both parties' damages claims.

14         None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession.

16

17  **REQUEST FOR PRODUCTION NO. 432:**

18         All COMMUNICATIONS in 2001 and 2002, and all DOCUMENTS

19  REFERRING OR RELATING TO such COMMUNICATIONS, between any

20  current or former employees of Mattel Espana S.A., on the one hand, and Adrienne

21  Fontanella, Matt Bousequette or any other current or former MATTEL employees

22  regarding the threat of "BRATZ" to MATTEL and/or the creation of "MY

23  SCENE."

24  **RESPONSE TO REQUEST NO. 432:**

25         In addition to the general objections stated above which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is

27  overbroad and unduly burdensome, including in that it seeks all documents on this

28  subject without limitation as to time, and regardless of whether such documents

relate to products or matters at issue in this case.  Mattel further objects that the terms "threat of 'BRATZ'" are vague and ambiguous.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to the Request on the grounds that it seeks information about matters that are not within the subject matter jurisdiction of the Court.  Production by Mattel, if any, will be limited to those matters within the Court's jurisdiction, only in the event and to the extent it is permitted by or otherwise in compliance with foreign laws limiting disclosure and discovery and only in the event and to the extent that the documents are within Mattel's possession, custody or control pursuant to governing law.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents that are in Mattel's possession, custody, or control, if any, that relate to the MY SCENE products that are at issue in this case that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel improperly limits its agreement to produce responsive documents to documents "that relate to the MY SCENE products that are at issue."  MGA's trade dress and unfair competition claims are broad, and Mattel cannot use its rewriting of the request as a shield to withhold materials discoverable in Phase 2.  Mattel has

1  refused to confirm whether or not it has produced all non-privileged responsive

2  documents or whether it is withholding documents based on its objections and

3  limitation in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to

4  part of a request must specify the part and permit inspection of the rest."  Fed. R.

5  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

6  with specificity are routinely rejected in the Central District.  See A. Farber and

7  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

8  boilerplate objections such as 'overly burdensome and harassing' are improper –

9  especially when a party fails to submit any evidentiary declarations supporting such

10  objections").  Accordingly, Mattel must be compelled either to certify that it has

11  produced all non-privileged responsive documents or to produce all such

12  documents by a date certain.

13      To the extent that Mattel is relying on its blanket objections, they are not

14  sustainable and do not justify Mattel's failure to produce documents.

15      As to overbreadth, Mattel provides no explanation, let alone the required

16  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

17  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

18  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

19  contrary, the request is narrowly tailored to seek documents specifically relating to

20  the threat of "BRATZ" to Mattel and "MY SCENE."  The request is also tailored to

21  specific individuals, and it is limited in time.

22      As to burden, Mattel has not attempted to demonstrate why responding to

23  this request and/or producing responsive documents presents any burden.  This

24  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

25  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

26  request is unduly burdensome must allege specific facts which indicate the nature

27  and extent of the burden, usually by affidavit or other reliable evidence.")

28  Moreover, it is not unduly burdensome, as noted above, in that the request is

1   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

2   has engaged in a broad variety of unfair trade practices including serial copying of

3   MGA products and trade dress infringement.  MGA is entitled to discovery on these

4   claims.

5       This request does not seek documents protected by the attorney-client

6   privilege, the attorney work product doctrine, or other applicable privileges.  To the

7   extent that Mattel contends that it does, Mattel must provide a privilege log.

8       Mattel objects on the basis of relevance.  Mattel cannot legitimately contend

9   that whether "BRATZ" was viewed as a threat is not at issue in Phase 2 of these

10   consolidated proceedings.  Documents relating to "BRATZ" as a threat are likely to

11   lead to admissible evidence supporting or refuting MGA's trade dress claim,

12   MGA's unfair competition claim, Mattel's trade secret misappropriation claim, and

13   both parties' damages claims.

14       None of Mattel's improper objections are valid and Mattel is obligated to

15   produce all non-privileged responsive documents in its possession.

16

17   **REQUEST FOR PRODUCTION NO. 433:**

18       All DOCUMENTS REFERRING OR RELATING TO any effort, attempt,

19   campaign or COMMUNICATION intended to create any press, publicity or public

20   relations about MGA, "BRATZ" or any other MGA product known to YOU,

21   LARIAN, BRYANT, TREANTAFELLES or any other person known to YOU to

22   work for or with, or to have worked for or with, MGA.

23       **RESPONSE TO REQUEST NO. 433:**

24       In addition to the general objections stated above which are incorporated

25   herein by reference, Mattel objects to this Request on the grounds that it is

26   overbroad, unduly burdensome, and indecipherable, including in that it seeks all

27   documents on this subject without limitation as to time, and regardless of whether

28   such documents relate to products or matters at issue in this case.  Mattel further

1   object on the grounds that this Request is an attempt to circumvent the Discovery

2   Master's May 22, 2007 order determining that the requested documents are

3   irrelevant and/or that such requests are improper.  Mattel further objects to the

4   Request on the grounds that it seeks documents that are not relevant to this action

5   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

6   this Request on the grounds that it seeks confidential, proprietary and trade secret

7   information, including such information that has no bearing on the claims or

8   defenses in this case.  Mattel further objects to this Request on the grounds that it

9   calls for the disclosure of information subject to the attorney-client privilege, the

10   attorney work-product doctrine and other applicable privileges.

11

12   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

13

14          Mattel has not agreed to produce documents in response to this request, on

15   the basis of its improper boilerplate objections.  Mattel has refused to confirm

16   whether or not it has produced all non-privileged responsive documents or whether

17   it is withholding documents based on its objections in Phase 2.  Under the Federal

18   Rules of Civil Procedure, "an objection to part of a request must specify the part

19   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

20   that fail to explain the basis for an objection with specificity are routinely rejected

21   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

22   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

23   burdensome and harassing' are improper – especially when a party fails to submit

24   any evidentiary declarations supporting such objections").  Accordingly, Mattel

25   must be compelled either to certify that it has produced all non-privileged

26   responsive documents or to produce all such documents by a date certain.

27          To the extent that Mattel is relying on its blanket objections, they are not

28   sustainable and do not justify Mattel's failure to produce documents.

1    As to overbreadth, Mattel provides no explanation, let alone the required

2  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

5  contrary, the request is narrowly tailored to seek documents concerning Mattel's

6  efforts to create any press or publicity about MGA, "BRATZ," MGA products, or

7  officers or employees or MGA.

8    As to burden, Mattel has not attempted to demonstrate why responding to

9  this request and/or producing responsive documents presents any burden.  This

10  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

11  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12  request is unduly burdensome must allege specific facts which indicate the nature

13  and extent of the burden, usually by affidavit or other reliable evidence.")

14  Moreover, it is not unduly burdensome, as noted above, in that the request is

15  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16  has engaged in a broad variety of unfair trade practices from serial copying of

17  MGA products to intimidating industry groups in order to prevent MGA from fairly

18  competing.  MGA is entitled to discovery on these claims.

19    This request does not seek documents protected by the attorney-client

20  privilege, the attorney work product doctrine, or other applicable privileges.  To the

21  extent that Mattel contends that it does, Mattel must provide a privilege log.

22    Mattel objects that the request contains confidential, proprietary and trade

23  secret information.  A Protective Order exists in this case, obviating any concern as

24  to protection of privacy rights and/or commercially sensitive information.

25    Mattel's objection that this request is an attempt to circumvent the Discovery

26  Master's May 22, 2007 order is unwarranted.  That order is inapposite to this

27  request, which is much narrower than those considered irrelevant and/or improper

28  by the court.  This request is narrowly tailored to documents concerning Mattel's

- 123 -

1  efforts to create any press or publicity about MGA, BRATZ, MGA products, or

2  officers or employees or MGA.

3       As for relevancy, Mattel has not attempted to demonstrate why the

4  information sought in response to this request is not discoverable in phase 2.  On

5  the contrary, MGA has filed a claim that Mattel engaged in a broad variety of unfair

6  trade practices including serial copying and intimidating industry groups in order to

7  prevent MGA from fairly competing.  Documents related to Mattel's efforts or

8  attempts to create any press or publicity about MGA, "BRATZ," MGA products, or

9  officers or employees or MGA, are highly relevant to MGA's claims and defenses,

10  including its unfair competition claims, and are discoverable in phase 2.

11       None of Mattel's improper objections are valid and Mattel is obligated to

12  produce all non-privileged responsive documents in its possession.

13

14  **REQUEST FOR PRODUCTION NO. 434:**

15       All DOCUMENTS regarding any MARKET RESEARCH regarding MGA,

16  "BRATZ" or any other MGA product known to YOU, that has been funded or

17  commissioned (indirectly or directly, in whole or in part) by YOU.

18  **RESPONSE TO REQUEST NO. 434:**

19       In addition to the general objections stated above which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is

21  overbroad and unduly burdensome, including in that it seeks all documents on this

22  subject without limitation as to time, and regardless of whether such documents

23  relate to products or matters at issue in this case.  Mattel further object on the

24  grounds that this Request is an attempt to circumvent the Discovery Master's

25  May 22, 2007 order determining that the requested documents are irrelevant and/or

26  that such requests are improper.  Mattel further objects to the Request on the

27  grounds that it seeks documents that are not relevant to this action or likely to lead

28  to the discovery of admissible evidence.  Mattel further objects to this Request on

the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the contrary, the request is narrowly tailored to documents regarding one specific topic,

1   namely market research of MGA, "BRATZ" or MGA products funded or

2   commissioned by Mattel.

3       As to burden, Mattel has not attempted to demonstrate why responding to

4   this request and/or producing responsive documents presents any burden.  This

5   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

6   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7   request is unduly burdensome must allege specific facts which indicate the nature

8   and extent of the burden, usually by affidavit or other reliable evidence.")

9   Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11  has engaged in a broad variety of unfair trade practices including serial copying of

12  MGA products and trade dress infringement.  MGA is entitled to discovery on these

13  claims.

14      This request does not seek documents protected by the attorney-client

15  privilege, the attorney work product doctrine, or other applicable privileges.  To the

16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17      Mattel objects that the request contains confidential, proprietary and trade

18  secret information.  A Protective Order exists in this case, obviating any concern as

19  to protection of privacy rights and/or commercially sensitive information.

20      Mattel's objection that this request is an attempt to circumvent the Discovery

21  Master's May 22, 2007 order is unwarranted.  That order is inapposite to this

22  request, which is much narrower than those considered irrelevant and/or improper

23  by the court.  This request is narrowly tailored to documents regarding one specific

24  topic, namely market research of MGA, BRATZ or MGA products funded or

25  commissioned by Mattel.

26      As for relevancy, Mattel has not attempted to demonstrate why the

27  information sought in response to this request is not discoverable in Phase 2. On the

28  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

1  product lines, including the BRATZ product line, packaging, themes,

2  accessories, and advertising.  Documents related to market research of MGA,

3  BRATZ or other MGA products funded or commissioned by Mattel are highly

4  relevant to MGA's claims and are discoverable in Phase 2.

5      None of Mattel's improper objections are valid and Mattel is obligated to

6  produce all non-privileged responsive documents in its possession.

7

8  **REQUEST FOR PRODUCTION NO. 435:**

9      All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

10 RELATING TO such COMMUNICATIONS, with BANK OF AMERICA

11 regarding MGA, LARIAN, "BRATZ" or any other MGA product known to

12 YOU.

13     **RESPONSE TO REQUEST NO. 435:**

14     In addition to the general objections stated above which are incorporated

15 herein by reference, Mattel objects to this Request on the grounds that it is

16 overbroad and unduly burdensome, including in that it seeks all documents on

17 this subject without limitation as to time, and regardless of whether such

18 documents relate to products or matters at issue in this case.  Mattel further

19 object on the grounds that this Request is an attempt to circumvent the

20 Discovery Master's May 22, 2007 order determining that the requested

21 documents are irrelevant and/or that such requests are improper.  Mattel further

22 objects to the Request on the grounds that it seeks documents that are not

23 relevant to this action or likely to lead to the discovery of admissible evidence.

24 Mattel further objects to this Request on the grounds that it seeks confidential,

25 proprietary and trade secret information, including such information that has no

26 bearing on the claims or defenses in this case.  Mattel further objects to this

27 Request on the grounds that it calls for the disclosure of information subject to

28

- 127 -

1   the attorney-client privilege, the attorney work-product doctrine and other

2   applicable privileges.

3

4   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

5

6       Mattel has not agreed to produce documents in response to this request, based

7   on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure,

8   "an objection to part of a request must specify the part and permit inspection of the

9   rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

10  for an objection with specificity are routinely rejected in the Central District.  See

11  A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

12  ("general or boilerplate objections such as 'overly burdensome and harassing' are

13  improper – especially when a party fails to submit any evidentiary declarations

14  supporting such objections").  Accordingly, Mattel must be compelled either to

15  certify that it has produced all non-privileged responsive documents or to produce

16  all such documents by a date certain.

17      To the extent that Mattel is relying on its blanket objections, they are not

18  sustainable and do not justify Mattel's failure to produce documents.

19      As to overbreadth, Mattel provides no explanation, let alone the required

20  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

21  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

23  contrary, the request is narrowly tailored to seek documents concerning

24  communications with Bank of America regarding MGA, MGA products, LARIAN,

25  or "BRATZ," as these conversations are directly relevant to MGA's claim that

26  Mattel pressured Bank of America to make MGA's partial acquisition of ZAPF

27  Creation AG unduly burdensome, as set forth in MGA's Second Affirmative

28  Defense.

OHS West:260723205

- 128 -

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in wrongful acts such as causing Bank of America to make MGA's partial acquisition of ZAPF Creation AG. MGA is entitled to discovery on these claims.

Mattel's objection that this request is an attempt to circumvent the Discovery Master's May 22, 2007 order is unwarranted.  That order is inapposite to this request, which is much narrower than those considered irrelevant and/or improper by the court.  This request is narrowly tailored to communications with a specific entity, Bank of America, regarding specific relevant topics.

Mattel objects that the request contains confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 437:**

All DOCUMENTS REFERRING OR RELATING TO MGA's acquisition of or investment in ZAPF.

1

**RESPONSE TO REQUEST NO. 437:**

2

       In addition to the general objections stated above which are incorporated

3

herein by reference, Mattel objects to this Request on the grounds that it is

4

overbroad and unduly burdensome, including in that it seeks all documents on

5

this subject without limitation as to time, and regardless of whether such

6

documents relate to products or matters at issue in this case.  Mattel further

7

object on the grounds that this Request is an attempt to circumvent the

8

Discovery Master's May 22, 2007 order determining that the requested

9

documents are irrelevant and/or that such requests are improper.  Mattel further

10

objects to the Request on the grounds that it seeks documents that are not

11

relevant to this action or likely to lead to the discovery of admissible evidence.

12

Mattel further objects to this Request on the grounds that it seeks confidential,

13

proprietary and trade secret information, including such information that has no

14

bearing on the claims or defenses in this case.  Mattel further objects to this

15

Request on the grounds that it calls for the disclosure of information subject to

16

the attorney-client privilege, the attorney work-product doctrine and other

17

applicable privileges.

18

19

       **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

20

21

       Mattel has not agreed to produce documents in response to this request,

22

subject to its improper boilerplate objections.  Mattel has refused to confirm

23

whether or not it has produced all non-privileged responsive documents or whether

24

it is withholding documents based on its objections in Phase 2.  Under the Federal

25

Rules of Civil Procedure, "an objection to part of a request must specify the part

26

and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

27

that fail to explain the basis for an objection with specificity are routinely rejected

28

in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning MGA's acquisition of or investment in ZAPF, as these documents are directly relevant to MGA's claim that Mattel interfered with MGA's efforts to acquire or invest in ZAPF Creation AG, as set forth, for example, in MGA's Second Affirmative Defense.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in wrongful acts, such as interfering with MGA's efforts to acquire or invest in ZAPF Creation AG. MGA is entitled to discovery on these claims and defenses.

1     Mattel's objection that this Request is an attempt to circumvent the

2   Discovery Master's May 22, 2007 order is unwarranted.  That order is inapposite to

3   this Request, which is much narrower than those considered irrelevant and/or

4   improper by the court.  This request is narrowly tailored to documents related to a

5   specific topic, MGA's acquisition of or investment in ZAPF, which is directly

6   relevant to MGA's claims and Second Affirmative Defense that Mattel interfered

7   with this acquisition.

8     Mattel objects that the request contains confidential, proprietary and trade

9   secret information.  A Protective Order exists in this case, obviating any concern as

10   to protection of privacy rights and/or commercially sensitive information.

11     This request does not seek documents protected by the attorney-client

12   privilege, the attorney work product doctrine, or other applicable privileges.  To the

13   extent that Mattel contends that it does, Mattel must provide a privilege log.

14     None of Mattel's improper objections are valid and Mattel is obligated to

15   produce all non-privileged responsive documents in its possession.

16

17   **REQUEST FOR PRODUCTION NO. 438:**

18     All DOCUMENTS REFERRING OR RELATING TO YOUR plans,

19   attempts, efforts or intent to interfere with MGA's acquisition of or investment

20   in ZAPF.

21     **RESPONSE TO REQUEST NO. 438:**

22     In addition to the general objections stated above which are incorporated

23   herein by reference, Mattel objects to this Request on the grounds that it is

24   overbroad and unduly burdensome, including in that it seeks all documents on

25   this subject without limitation as to time, and regardless of whether such

26   documents relate to products or matters at issue in this case.  Mattel further

27   object on the grounds that this Request is an attempt to circumvent the

28   Discovery Master's May 22, 2007 order determining that the requested

1   documents are irrelevant and/or that such requests are improper.  Mattel further

2   objects to the Request on the grounds that it seeks documents that are not

3   relevant to this action or likely to lead to the discovery of admissible evidence.

4   Mattel further objects to this Request on the grounds that it seeks confidential,

5   proprietary and trade secret information, including such information that has no

6   bearing on the claims or defenses in this case.  Mattel further objects to this

7   Request on the grounds that it calls for the disclosure of information subject to

8   the attorney-client privilege, the attorney work-product doctrine and other

9   applicable privileges.

10

11   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

12

13   Mattel has not agreed to produce documents in response to this request, based

14   on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure,

15   "an objection to part of a request must specify the part and permit inspection of the

16   rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

17   for an objection with specificity are routinely rejected in the Central District.  <u>See</u>

18   <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

19   ("general or boilerplate objections such as 'overly burdensome and harassing' are

20   improper – especially when a party fails to submit any evidentiary declarations

21   supporting such objections").  Accordingly, Mattel must be compelled either to

22   certify that it has produced all non-privileged responsive documents or to produce

23   all such documents by a date certain.

24   To the extent that Mattel is relying on its blanket objections, they are not

25   sustainable and do not justify Mattel's failure to produce documents.

26   As to overbreadth, Mattel provides no explanation, let alone the required

27   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

28   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

1   (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

2   contrary, the request is narrowly tailored to seek documents concerning Mattel's

3   plans, attempts, efforts or intent to interfere with MGA's acquisition of or

4   investment in ZAPF, as these documents are directly relevant to MGA's claim that

5   Mattel interfered with MGA's efforts to acquire or invest in ZAPF Creation AG, as

6   set forth, for example, in MGA's Second Affirmative Defense.

7       As to burden, Mattel has not attempted to demonstrate why responding to

8   this request and/or producing responsive documents presents any burden.  This

9   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

10  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11  request is unduly burdensome must allege specific facts which indicate the nature

12  and extent of the burden, usually by affidavit or other reliable evidence.")

13  Moreover, it is not unduly burdensome, as noted above, in that the request is

14  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

15  has engaged in wrongful acts, such as interfering with MGA's efforts to acquire or

16  invest in ZAPF Creation AG.  MGA is entitled to discovery on these claims.

17      Mattel's objection that this Request is an attempt to circumvent the

18  Discovery Master's May 22, 2007 order is unwarranted.  That order is inapposite to

19  this Request, which is much narrower than those considered irrelevant and/or

20  improper by the court.  This request is narrowly tailored to documents related to a

21  specific topic, namely Mattel's plans, attempts and efforts to interfere with MGA's

22  acquisition of or investment in ZAPF, which is directly relevant to MGA's claims

23  and Second Affirmative Defense that Mattel interfered with this acquisition.

24      Mattel objects that the request contains confidential, proprietary and trade

25  secret information.  A Protective Order exists in this case, obviating any concern as

26  to protection of privacy rights and/or commercially sensitive information.

27      This request does not seek documents protected by the attorney-client

28  privilege, the attorney work product doctrine, or other applicable privileges.  To the

1   extent that Mattel contends that it does, Mattel must provide a privilege log.

2       None of Mattel's improper objections are valid and Mattel is obligated to

3   produce all non-privileged responsive documents in its possession.

4

5   **REQUEST FOR PRODUCTION NO. 439:**

6       All DOCUMENTS REFERRING OR RELATING TO YOUR interest in

7   investing in or acquiring ZAPF or plans to invest in or acquire ZAPF.

8       **RESPONSE TO REQUEST NO. 439:**

9       In addition to the general objections stated above which are incorporated

10  herein by reference, Mattel objects to this Request on the grounds that it is

11  overbroad and unduly burdensome, including in that it seeks all documents on

12  this subject without limitation as to time, and regardless of whether such

13  documents relate to products or matters at issue in this case.  Mattel further

14  object on the grounds that this Request is an attempt to circumvent the

15  Discovery Master's May 22, 2007 order determining that the requested

16  documents are irrelevant and/or that such requests are improper.  Mattel further

17  objects to the Request on the grounds that it seeks documents that are not

18  relevant to this action or likely to lead to the discovery of admissible evidence.

19  Mattel further objects to this Request on the grounds that it seeks confidential,

20  proprietary and trade secret information, including such information that has no

21  bearing on the claims or defenses in this case.  Mattel further objects to this

22  Request on the grounds that it calls for the disclosure of information subject to

23  the attorney-client privilege, the attorney work-product doctrine and other

24  applicable privileges.

25

26

27

28

1

2

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

3
4
5
6
7
8
9
10
11
12
13

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

14
15

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

16
17
18
19
20
21
22
23
24

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning interest in investing in or acquiring ZAPF, or its plans to invest in or acquire ZAPF, as these documents are directly relevant to MGA's claim that Mattel interfered with MGA's efforts to acquire or invest in ZAPF Creation AG, as set forth, for example, in MGA's Second Affirmative Defense.

25
26
27
28

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

- 136 -

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET FOUR; CV 04-9049 SGL (RNBX)

1   request is unduly burdensome must allege specific facts which indicate the nature

2   and extent of the burden, usually by affidavit or other reliable evidence.")

3   Moreover, it is not unduly burdensome, as noted above, in that the request is

4   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

5   has engaged in wrongful acts, such as interfering with MGA's efforts to acquire or

6   invest in ZAPF Creation AG. MGA is entitled to discovery on these claims.

7        Mattel's objection that this Request is an attempt to circumvent the

8   Discovery Master's May 22, 2007 order is unwarranted.  That order is inapposite to

9   this Request, which is much narrower than those considered irrelevant and/or

10  improper by the court.  This request is narrowly tailored to documents related to a

11  specific topic, namely Mattel's interest in investing in or acquiring ZAPF, which is

12  directly relevant to MGA's claims and Second Affirmative Defense that Mattel

13  interfered with MGA's planned investment in or acquisition of ZAPF.

14       Mattel objects that the request contains confidential, proprietary and trade

15  secret information.  A Protective Order exists in this case, obviating any concern as

16  to protection of privacy rights and/or commercially sensitive information.

17       This request does not seek documents protected by the attorney-client

18  privilege, the attorney work product doctrine, or other applicable privileges.  To the

19  extent that Mattel contends that it does, Mattel must provide a privilege log.

20       None of Mattel's improper objections are valid and Mattel is obligated to

21  produce all non-privileged responsive documents in its possession.

22

23  **REQUEST FOR PRODUCTION NO. 440:**

24       All DOCUMENTS REFERRING OR RELATING TO the conception,

25  creation and design of BARBIE GIRL, including without limitation, the

26  motivation, purpose, origins of, or inspiration for BARBIE GIRL.

27

28

**RESPONSE TO REQUEST NO. 440:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper.  Mattel further objects on the grounds that the terms "motivation," "purpose," and "inspiration for" are vague and ambiguous.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are

- 138 -

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL 9049, SET FOUR; CV 04-9049 SGL (RNBx)

1   improper – especially when a party fails to submit any evidentiary declarations

2   supporting such objections"). Accordingly, Mattel must be compelled either to

3   certify that it has produced all non-privileged responsive documents or to produce

4   all such documents by a date certain.

5        To the extent that Mattel is relying on its blanket objections, they are not

6   sustainable and do not justify Mattel's failure to produce documents.

7        As to overbreadth, Mattel provides no explanation, let alone the required

8   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

9   This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

10  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58. To the

11  contrary, the request is narrowly tailored to seek documents that refer to

12  conception, creation and design of a particular product, Mattel's BARBIE GIRL.

13       As to burden, Mattel has not attempted to demonstrate why responding to

14  this request and/or producing responsive documents presents any burden. This

15  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co.,

16  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17  request is unduly burdensome must allege specific facts which indicate the nature

18  and extent of the burden, usually by affidavit or other reliable evidence.")

19  Moreover, it is not unduly burdensome, as noted above, in that the request is

20  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

21  has engaged in a broad variety of unfair trade practices including serial copying of

22  MGA products.

23       This request does not seek documents protected by the attorney-client

24  privilege, the attorney work product doctrine, or other applicable privileges. To the

25  extent that Mattel contends that it does, Mattel must provide a privilege log.

26       Mattel cites to the May 22, 2007 order, but that order is inapposite to this

27  request, which is much narrower than those considered irrelevant and/or improper

28  by the court. Specifically, the request is narrowly tailored to documents regarding a

1    particular product, namely BARBIE GIRL, who appears, for example, as an

2    animated "Barbie" character depicted on the home page of Mattel's website

3    www.barbiegirl.com.

4         As to relevancy, Mattel has not attempted to demonstrate why the responsive

5    documents are irrelevant to the current action.  On the contrary, MGA has alleged

6    that Mattel is engaged in copying of MGA products, packaging, themes and

7    advertising.  BARBIE GIRL is an example of one such product line.  A request for

8    documents that refer to the conception, creation and design of BARBIE GIRL is

9    therefore relevant to this action and MGA's claims.

10        Mattel objects that the request contains confidential, proprietary, and trade

11   secret information.  A Protective Order exists in this case, obviating any concern as

12   to protection of privacy rights and/or commercially sensitive information.

13        None of Mattel's improper objections are valid and Mattel is obligated to

14   produce all non-privileged responsive documents in its possession.

15

16   **REQUEST FOR PRODUCTION NO. 441:**

17        All DOCUMENTS REFERRING OR RELATING TO actual or potential

18   confusion or otherwise evidencing confusion (including, but not limited to,

19   confusion among consumers, retailers, distributors, licensees or members of the

20   press) between BARBIE GIRL and "BRATZ."

21        **RESPONSE TO REQUEST NO. 441:**

22        In addition to the general objections stated above which are incorporated

23   herein by reference, Mattel objects to this Request on the grounds that it is

24   overbroad and unduly burdensome, including in that it seeks all documents on

25   this subject without limitation as to time, and regardless of whether such

26   documents relate to products or matters at issue in this case.  Mattel further

27   object on the grounds that this Request is an attempt to circumvent the

28   Discovery Master's May 22, 2007 order determining that the requested

1   documents are irrelevant and/or that such requests are improper.  Mattel further

2   objects on the grounds that the terms "otherwise evidencing confusion" are

3   vague and ambiguous.  Mattel further objects to the Request on the grounds that

4   it seeks documents that are not relevant to this action or likely to lead to the

5   discovery of admissible evidence.  Mattel further objects to this Request on the

6   grounds that it seeks confidential, proprietary and trade secret information,

7   including such information that has no bearing on the claims or defenses in this

8   case.  Mattel further objects to this Request on the grounds that it calls for the

9   disclosure of information subject to the attorney-client privilege, the attorney

10  work-product doctrine and other applicable privileges.

11

12  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

13

14          Mattel has not agreed to produce documents in response to this request, based

15  on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure,

16  "an objection to part of a request must specify the part and permit inspection of the

17  rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

18  for an objection with specificity are routinely rejected in the Central District.  See

19  A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

20  ("general or boilerplate objections such as 'overly burdensome and harassing' are

21  improper – especially when a party fails to submit any evidentiary declarations

22  supporting such objections").  Accordingly, Mattel must be compelled either to

23  certify that it has produced all non-privileged responsive documents or to produce

24  all such documents by a date certain.

25          To the extent that Mattel is relying on its blanket objections, they are not

26  sustainable and do not justify Mattel's failure to produce documents.

27          As to overbreadth, Mattel provides no explanation, let alone the required

28  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

1   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
2   (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the
3   contrary, the request is narrowly tailored to seek documents that refer to actual or
4   potential confusion (including confusion among consumers, retailers, distributors,
5   licensees, or members of the press etc.) between Mattel's BARBIE GIRL and
6   MGA's "BRATZ."

7          As to burden, Mattel has not attempted to demonstrate why responding to
8   this request and/or producing responsive documents presents any burden.  This
9   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
10  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
11  request is unduly burdensome must allege specific facts which indicate the nature
12  and extent of the burden, usually by affidavit or other reliable evidence.")
13  Moreover, it is not unduly burdensome, as noted above, in that the request is
14  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
15  has engaged in a broad variety of unfair trade practices including serial copying of
16  MGA products and trade dress infringement.

17         This request does not seek documents protected by the attorney-client
18  privilege, the attorney work product doctrine, or other applicable privileges.  To the
19  extent that Mattel contends that it does, Mattel must provide a privilege log.

20         Mattel cites to the May 22, 2007 order, but that order is inapposite to this
21  request, which is much narrower than those considered irrelevant and/or improper
22  by the court.  Specifically, the request is narrowly tailored to documents regarding a
23  particular product, namely BARBIE GIRL, who appears, for example, as an
24  animated "Barbie" character depicted on the home page of Mattel's website
25  www.barbiegirl.com.

26         As to relevancy, Mattel has not attempted to demonstrate why the responsive
27  documents are irrelevant to the current action.  On the contrary, MGA has alleged
28  that Mattel is engaged in copying of MGA products, packaging, themes and

1  advertising.  BARBIE GIRL is an example of one such product line.  A request for

2  documents that refer to actual or potential confusion (including confusion among

3  consumers, retailers, distributors, licensees, or members of the press etc.) between

4  Mattel's BARBIE GIRL and MGA's "BRATZ" is therefore relevant to this action

5  and MGA's claims.

6       Mattel objects that the request contains confidential, proprietary, and trade

7  secret information.  A Protective Order exists in this case, obviating any concern as

8  to protection of privacy rights and/or commercially sensitive information.

9       None of Mattel's improper objections are valid and Mattel is obligated to

10  produce all non-privileged responsive documents in its possession.

11

12  **REQUEST FOR PRODUCTION NO. 442:**

13       All DOCUMENTS REFERRING OR RELATING TO any similarity or

14  dissimilarity between BARBIE GIRL and "BRATZ."

15       **RESPONSE TO REQUEST NO. 442:**

16       In addition to the general objections stated above which are incorporated

17  herein by reference, Mattel objects to this Request on the grounds that it is

18  overbroad and unduly burdensome, including in that it seeks all documents on

19  this subject without limitation as to time, and regardless of whether such

20  documents relate to products or matters at issue in this case.  Mattel further

21  object on the grounds that this Request is an attempt to circumvent the

22  Discovery Master's May 22, 2007 order determining that the requested

23  documents are irrelevant and/or that such requests are improper.  Mattel further

24  objects to the Request on the grounds that it seeks documents that are not

25  relevant to this action or likely to lead to the discovery of admissible evidence.

26  Mattel further objects to this Request on the grounds that it seeks confidential,

27  proprietary and trade secret information, including such information that has no

28  bearing on the claims or defenses in this case.  Mattel further objects to this

- 143 -

1  Request on the grounds that it calls for the disclosure of information subject to

2  the attorney-client privilege, the attorney work-product doctrine and other

3  applicable privileges.

4

5  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
   SHOULD BE COMPELLED**

6

7  Mattel has not agreed to produce documents in response to this request, based

8  on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure,

9  "an objection to part of a request must specify the part and permit inspection of the

10  rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

11  for an objection with specificity are routinely rejected in the Central District.  See

12  A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

13  ("general or boilerplate objections such as 'overly burdensome and harassing' are

14  improper – especially when a party fails to submit any evidentiary declarations

15  supporting such objections").  Accordingly, Mattel must be compelled either to

16  certify that it has produced all non-privileged responsive documents or to produce

17  all such documents by a date certain.

18  To the extent that Mattel is relying on its blanket objections, they are not

19  sustainable and do not justify Mattel's failure to produce documents.

20  As to overbreadth, Mattel provides no explanation, let alone the required

21  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

22  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

23  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

24  contrary, the request is narrowly tailored to seek documents that refer to any

25  similarity or dissimilarity between Mattel's BARBIE GIRL and MGA's "BRATZ."

26  As to burden, Mattel has not attempted to demonstrate why responding to

27  this request and/or producing responsive documents presents any burden.  This

28  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

1   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2   request is unduly burdensome must allege specific facts which indicate the nature

3   and extent of the burden, usually by affidavit or other reliable evidence.")

4   Moreover, it is not unduly burdensome, as noted above, in that the request is

5   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

6   has engaged in a broad variety of unfair trade practices including serial copying of

7   MGA products and trade dress infringement.

8        This request does not seek documents protected by the attorney-client

9   privilege, the attorney work product doctrine, or other applicable privileges.  To the

10   extent that Mattel contends that it does, Mattel must provide a privilege log.

11        Mattel cites to the May 22, 2007 order, but that order is inapposite to this

12   request, which is much narrower than those considered irrelevant and/or improper

13   by the court.  Specifically, the request is narrowly tailored to documents regarding a

14   particular product, namely BARBIE GIRL, who appears, for example, as an

15   animated "Barbie" character depicted on the home page of Mattel's website

16   www.barbiegirl.com.

17        As to relevancy, Mattel has not attempted to demonstrate why the responsive

18   documents are irrelevant to the current action.  On the contrary, MGA has alleged

19   that Mattel is engaged in copying of MGA products, packaging, themes and

20   advertising.  BARBIE GIRL is an example of one such product line.  A request for

21   documents that refer to any similarity or dissimilarity between Mattel's BARBIE

22   GIRL and MGA's "BRATZ" is therefore relevant to this action and MGA's claims.

23        Mattel objects that the request contains confidential, proprietary, and trade

24   secret information.  A Protective Order exists in this case, obviating any concern as

25   to protection of privacy rights and/or commercially sensitive information.

26        None of Mattel's improper objections are valid and Mattel is obligated to

27   produce all non-privileged responsive documents in its possession.

28

**REQUEST FOR PRODUCTION NO. 443:**

All DOCUMENTS REFERRING OR RELATING TO any similarity or dissimilarity between BARBIE GIRL and the animated "Barbie" character currently on the homepage of YOUR Barbie.com website.

**RESPONSE TO REQUEST NO. 443:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome, and indecipherable, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects on the grounds that the Request's apparent reference to an "animated 'Barbie' character" is vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections. Under the Federal Rules of Civil Procedure,

OHS West:260723205

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL 9049, SET FOUR; CV 04-9049 SGL (RNBx)

1  "an objection to part of a request must specify the part and permit inspection of the
2  rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis
3  for an objection with specificity are routinely rejected in the Central District.  <u>See</u>
4  <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)
5  ("general or boilerplate objections such as 'overly burdensome and harassing' are
6  improper – especially when a party fails to submit any evidentiary declarations
7  supporting such objections").  Accordingly, Mattel must be compelled either to
8  certify that it has produced all non-privileged responsive documents or to produce
9  all such documents by a date certain.

10      To the extent that Mattel is relying on its blanket objections, they are not
11  sustainable and do not justify Mattel's failure to produce documents.

12      As to overbreadth, Mattel provides no explanation, let alone the required
13  particularity, as to *why* this request is supposedly overly broad, nor can it do so.
14  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
15  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the
16  contrary, the request is narrowly tailored to seek documents that refer to any
17  similarity or dissimilarity between BARBIE GIRL and the animated "Barbie"
18  character currently on the homepage of Mattel's Barbie.com website.

19      As to burden, Mattel has not attempted to demonstrate why responding to
20  this request and/or producing responsive documents presents any burden.  This
21  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>
22  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
23  request is unduly burdensome must allege specific facts which indicate the nature
24  and extent of the burden, usually by affidavit or other reliable evidence.")
25  Moreover, it is not unduly burdensome, as noted above, in that the request is
26  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
27  has engaged in a broad variety of unfair trade practices including serial copying of
28  MGA products and trade dress infringement.

1       This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4       Mattel cites to the May 22, 2007 order, but that order is inapposite to this

5   request, which is much narrower than those considered irrelevant and/or improper

6   by the court.  Specifically, the request is narrowly tailored to documents regarding a

7   particular product, namely BARBIE GIRL, who appears, for example, as an

8   animated "Barbie" character depicted on the home page of Mattel's website

9   www.barbiegirl.com.

10       As to relevancy, Mattel has not attempted to demonstrate why the responsive

11   documents are irrelevant to the current action.  On the contrary, MGA has alleged

12   that Mattel is engaged in copying of MGA products, packaging, themes and

13   advertising.  BARBIE GIRL is an example of one such product line.  A request for

14   documents that refer to any similarity or dissimilarity between BARBIE GIRL and

15   the animated "Barbie" character currently on the homepage of Mattel's Barbie.com

16   website is therefore relevant to this action and MGA's claims.

17       Mattel objects that the request contains confidential, proprietary, and trade

18   secret information.  A Protective Order exists in this case, obviating any concern as

19   to protection of privacy rights and/or commercially sensitive information.

20       None of Mattel's improper objections are valid and Mattel is obligated to

21   produce all non-privileged responsive documents in its possession.

22

23   **REQUEST FOR PRODUCTION NO. 444:**

24       DOCUMENTS, including but not limited to organizational charts,

25   sufficient to identify (by name and job function) all current and former

26   MATTEL personnel and/or freelancers comprising the primary team that

27   worked on the creation, design and development of BARBIE GIRL.

28

       - 148 -     

**RESPONSE TO REQUEST NO. 444:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects that the terms "freelancers" and "primary team" are vague and ambiguous.  Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are

1   improper – especially when a party fails to submit any evidentiary declarations

2   supporting such objections").  Accordingly, Mattel must be compelled either to

3   certify that it has produced all non-privileged responsive documents or to produce

4   all such documents by a date certain.

5        To the extent that Mattel is relying on its blanket objections, they are not

6   sustainable and do not justify Mattel's failure to produce documents.

7        As to overbreadth, Mattel provides no explanation, let alone the required

8   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

9   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

11  contrary, the request is narrowly tailored to seek documents that are sufficient to

12  identify all current and former Mattel personnel and/or freelancers that comprised

13  the primary team that worked on the creation, design and development of Mattel's

14  BARBIE GIRL.

15       As to burden, Mattel has not attempted to demonstrate why responding to

16  this request and/or producing responsive documents presents any burden.  This

17  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.")

21  Moreover, it is not unduly burdensome, as noted above, in that the request is

22  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23  has engaged in a broad variety of unfair trade practices including serial copying of

24  MGA products and trade dress infringement.

25       This request does not seek documents protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges.  To the

27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1    Mattel cites to the May 22, 2007 order, but that order is inapposite to this

2    request, which is much narrower than those considered irrelevant and/or improper

3    by the court.  Specifically, the request is narrowly tailored to documents regarding a

4    particular product, namely BARBIE GIRL, who appears, for example, as an

5    animated "Barbie" character depicted on the home page of Mattel's website

6    www.barbiegirl.com.

7    As to relevancy, Mattel has not attempted to demonstrate why the responsive

8    documents are irrelevant to the current action.  On the contrary, MGA has alleged

9    that Mattel is engaged in copying of MGA products, packaging, themes and

10   advertising.  BARBIE GIRL is an example of one such product line.  A request for

11   documents that are sufficient to identify all current and former Mattel personnel

12   and/or freelancers that comprised the primary team that worked on the creation,

13   design and development of Mattel's BARBIE GIRL is therefore relevant to this

14   action and MGA's claims.

15   Mattel objects that the request contains confidential, proprietary, and trade

16   secret information.  A Protective Order exists in this case, obviating any concern as

17   to protection of privacy rights and/or commercially sensitive information.

18   None of Mattel's improper objections are valid and Mattel is obligated to

19   produce all non-privileged responsive documents in its possession.

20

21   **REQUEST FOR PRODUCTION NO. 445:**

22   All DOCUMENTS REFERRING OR RELATING TO the Bratz.com

23   website, including but not limited to all DOCUMENTS REFERRING OR

24   RELATING TO this website as an inspiration for or factor in the creation and

25   development of any MATTEL website or product.

26   **RESPONSE TO REQUEST NO. 445:**

27   In addition to the general objections stated above which are incorporated

28   herein by reference, Mattel objects to this Request on the grounds that it is

1   overbroad and unduly burdensome, including in that it seeks all documents on this

2   subject without limitation as to time, and regardless of whether such documents

3   relate to products or matters at issue in this case.  Mattel further object on the

4   grounds that this Request is an attempt to circumvent the Discovery Master's

5   May 22, 2007 order determining that the requested documents are irrelevant and/or

6   that such requests are improper.  Mattel further objects on the grounds that the

7   terms "inspiration for or factor in the creation and development of" are vague and

8   ambiguous.  Mattel further objects to the Request on the grounds that it seeks

9   documents that are not relevant to this action or likely to lead to the discovery of

10  admissible evidence.  Mattel further objects to this Request on the grounds that it

11  seeks confidential, proprietary and trade secret information, including such

12  information that has no bearing on the claims or defenses in this case.  Mattel

13  further objects to this Request on the grounds that it calls for the disclosure of

14  information subject to the attorney-client privilege, the attorney work-product

15  doctrine and other applicable privileges.

16

17      **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
        SHOULD BE COMPELLED**

18

19          Mattel refuses to produce documents in response to this request. Under the

20  Federal Rules of Civil Procedure, "an objection to part of a request must specify the

21  part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

22  objections that fail to explain the basis for an objection with specificity are

23  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

24  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

25  such as 'overly burdensome and harassing' are improper – especially when a party

26  fails to submit any evidentiary declarations supporting such objections").

27  Accordingly, Mattel must be compelled either to certify that it has produced all

28

1    non-privileged responsive documents or to produce all such documents by a date

2    certain.

3         To the extent that Mattel is relying on its blanket objections, they are not

4    sustainable and do not justify Mattel's failure to produce documents.

5         As to overbreadth, Mattel provides no explanation, let alone the required

6    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8    (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

9    contrary, the request is narrowly tailored to seek documents specifically relating to

10   MGA's "Bratz.com" website, and whether Mattel copied the website.

11        As to burden, Mattel has not attempted to demonstrate why responding to

12   this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

14   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.")

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19   has engaged in a broad variety of unfair trade practices including serial copying of

20   MGA products, themes, packaging, and advertising.  MGA is entitled to discovery

21   on these claims.

22        This request does not seek documents protected by the attorney-client

23   privilege, the attorney work product doctrine, or other applicable privileges.  To the

24   extent that Mattel contends that it does, Mattel must provide a privilege log.

25        Mattel objects on the basis of relevance.  Mattel cannot legitimately contend

26   that whether "Bratz.com" has provided an inspiration for any Mattel websites is not

27   discoverable in Phase 2.  Documents relating to the "Bratz.com" website are likely

28   to lead to admissible evidence supporting or refuting MGA's trade dress claim,

1  MGA's unfair competition claim, Mattel's trade secret misappropriation claim, and

2  both parties' damages claims.

3       None of Mattel's improper objections are valid and Mattel is obligated to

4  produce all non-privileged responsive documents in its possession.

5

6  **REQUEST FOR PRODUCTION NO. 446:**

7       All DOCUMENTS REFERRING OR RELATING TO the Miuchiz.com

8  website, including but not limited to all DOCUMENTS REFERRING OR

9  RELATING TO this website as an inspiration for or factor in the creation and

10  development of any MATTEL website or product.

11       **RESPONSE TO REQUEST NO. 446:**

12       In addition to the general objections stated above which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it is

14  overbroad and unduly burdensome, including in that it seeks all documents on

15  this subject without limitation as to time, and regardless of whether such

16  documents relate to products or matters at issue in this case.  Mattel further

17  object on the grounds that this Request is an attempt to circumvent the

18  Discovery Master's May 22, 2007 order determining that the requested

19  documents are irrelevant and/or that such requests are improper.  Mattel further

20  objects on the grounds that the terms "inspiration for or factor in the creation

21  and development of" are vague and ambiguous.  Mattel further objects to the

22  Request on the grounds that it seeks documents that are not relevant to this

23  action or likely to lead to the discovery of admissible evidence.  Mattel further

24  objects to this Request on the grounds that it seeks confidential, proprietary and

25  trade secret information, including such information that has no bearing on the

26  claims or defenses in this case.  Mattel further objects to this Request on the

27  grounds that it calls for the disclosure of information subject to the

28

1   attorney-client privilege, the attorney work-product doctrine and other

2   applicable privileges.

3

4   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

5

6       Mattel has not agreed to produce documents in response to this request.

7   Mattel has refused to confirm whether or not it has produced all non-privileged

8   responsive documents or whether it is withholding documents based on its

9   objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to

10  part of a request must specify the part and permit inspection of the rest."  Fed. R.

11  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

12  with specificity are routinely rejected in the Central District.  See A. Farber and

13  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

14  boilerplate objections such as 'overly burdensome and harassing' are improper –

15  especially when a party fails to submit any evidentiary declarations supporting such

16  objections").  Accordingly, Mattel must be compelled either to certify that it has

17  produced all non-privileged responsive documents or to produce all such

18  documents by a date certain.

19      To the extent that Mattel is relying on its blanket objections, they are not

20  sustainable and do not justify Mattel's failure to produce documents.

21      As to overbreadth, Mattel provides no explanation, let alone the required

22  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

23  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

24  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

25  contrary, the request is narrowly tailored to seek documents concerning a specific

26  website, namely the Miuchiz.com website.

27      As to burden, Mattel has not attempted to demonstrate why responding to

28  this request and/or producing responsive documents presents any burden.  This

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL 9049, SET FOUR; CV 04-9049 SGL (RNBx)

1   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

2   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3   request is unduly burdensome must allege specific facts which indicate the nature

4   and extent of the burden, usually by affidavit or other reliable evidence.")

5   Moreover, it is not unduly burdensome, as noted above, in that the request is

6   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7   has engaged in a broad variety of unfair trade practices, including copying of

8   MGA's products, branding and advertising.  MGA is entitled to discovery on these

9   claims.

10       This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13       Mattel objects that the request contains confidential, proprietary and trade

14  secret information.  A Protective Order exists in this case, obviating any concern as

15  to protection of privacy rights and/or commercially sensitive information.

16       Mattel further objects on the grounds that the terms "inspiration for or

17  factor in the creation and development of" are vague and ambiguous.  Mattel,

18  however, fails to provide any explanation as to why these terms are vague or

19  ambiguous.  In addition, "[a] party responding to discovery requests 'should

20  exercise reason and common sense to attribute ordinary definitions to terms and

21  phrases utilized in'" discovery.  Swackhammer v. Sprint Corp. PCS, 225 F.R.D.

22  658, 662 (D. Kan. 2004).

23       Mattel also objects to this request on relevance grounds.  MGA has alleged

24  claims of unfair competition based on Mattel's copying of MGA's products,

25  branding and advertising.  As such, documents related to the Miuchiz.com website

26  and impact it had on the creation of a Mattel website are highly relevant and likely

27  to lead to the discovery of admissible evidence.

28

- 156 -

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 447:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS, between YOU (including, but not limited to, MATTEL's Brian Stockton) and SMOBY (including, but not limited to, SMOBY's Jean-Christophe Breuil) regarding MGA or LARIAN.

**RESPONSE TO REQUEST NO. 447:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

1
2

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

3      Mattel has not agreed to produce documents in response to this request, based

4 on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure,

5 "an objection to part of a request must specify the part and permit inspection of the

6 rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

7 for an objection with specificity are routinely rejected in the Central District.  See

8 A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

9 ("general or boilerplate objections such as 'overly burdensome and harassing' are

10 improper – especially when a party fails to submit any evidentiary declarations

11 supporting such objections").  Accordingly, Mattel must be compelled either to

12 certify that it has produced all non-privileged responsive documents or to produce

13 all such documents by a date certain.

14      To the extent that Mattel is relying on its blanket objections, they are not

15 sustainable and do not justify Mattel's failure to produce documents.

16      As to overbreadth, Mattel provides no explanation, let alone the required

17 particularity, as to *why* this request is supposedly overly broad, nor can it do so.

18 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

19 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

20 contrary, the request is narrowly tailored to seek documents concerning

21 communications between Mattel and SMOBY regarding MGA or LARIAN, as

22 these documents are directly relevant to MGA's claim that Mattel interfered with

23 MGA's business dealings and contractual relations with SMOBY, as set forth, for

24 example, in MGA's Second Affirmative Defense.

25      As to burden, Mattel has not attempted to demonstrate why responding to

26 this request and/or producing responsive documents presents any burden.  This

27 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

28 Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1   request is unduly burdensome must allege specific facts which indicate the nature

2   and extent of the burden, usually by affidavit or other reliable evidence.")

3   Moreover, it is not unduly burdensome, as noted above, in that the request is

4   narrowly tailored to seek only discoverable evidence.  MGA claims that Mattel has

5   engaged in wrongful acts, such as interfering with MGA's business dealings and

6   contractual relations with SMOBY.  MGA is entitled to discovery on these claims

7   and its defenses.

8          Mattel objects that the request contains confidential, proprietary and trade

9   secret information.  A Protective Order exists in this case, obviating any concern as

10  to protection of privacy rights and/or commercially sensitive information.

11         Mattel's objection that this request is an attempt to circumvent the Discovery

12  Master's May 22, 2007 order is unwarranted.  That order is inapposite to this

13  request, which is much narrower than those considered irrelevant and/or improper

14  by the court.  This request is narrowly tailored to Mattel's communications with a

15  specific entity, SMOBY, which is directly relevant to MGA's claims and Second

16  Affirmative Defense that Mattel interfered with MGA's business dealings and

17  contractual relations with SMOBY.

18         This request does not seek documents protected by the attorney-client

19  privilege, the attorney work product doctrine, or other applicable privileges.  To the

20  extent that Mattel contends that it does, Mattel must provide a privilege log.

21         None of Mattel's improper objections are valid and Mattel is obligated to

22  produce all non-privileged responsive documents in its possession.

23

24  **<u>REQUEST FOR PRODUCTION NO. 448:</u>**

25         All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

26  RELATING TO such COMMUNICATIONS, between YOU (including, but

27  not limited to, MATTEL'S Brian Stockton) and SMOBY (including, but not

28

1 limited to, Jean-Christophe Breuil) regarding YOUR interest in acquiring the

2 "Majorette" brand or any other SMOBY asset.

3     **RESPONSE TO REQUEST NO. 448:**

4     In addition to the general objections stated above which are incorporated

5 herein by reference, Mattel objects to this Request on the grounds that it is

6 overbroad and unduly burdensome, including in that it seeks all documents on

7 this subject without limitation as to time, and regardless of whether such

8 documents relate to products or matters at issue in this case.  Mattel further

9 object on the grounds that this Request is an attempt to circumvent the

10 Discovery Master's May 22, 2007 order determining that the requested

11 documents are irrelevant and/or that such requests are improper.  Mattel further

12 objects to the Request on the grounds that it seeks documents that are not

13 relevant to this action or likely to lead to the discovery of admissible evidence.

14 Mattel further objects to this Request on the grounds that it seeks confidential,

15 proprietary and trade secret information, including such information that has no

16 bearing on the claims or defenses in this case.  Mattel further objects to this

17 Request on the grounds that it calls for the disclosure of information subject to

18 the attorney-client privilege, the attorney work-product doctrine and other

19 applicable privileges.

20

21     **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**
22

23     Mattel has not agreed to produce documents in response to this request, based

24 raising only improper boilerplate objections.  Under the Federal Rules of Civil

25 Procedure, "an objection to part of a request must specify the part and permit

26 inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

27 explain the basis for an objection with specificity are routinely rejected in the

28 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

1   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

2   and harassing' are improper – especially when a party fails to submit any

3   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

4   compelled either to certify that it has produced all non-privileged responsive

5   documents or to produce all such documents by a date certain.

6        To the extent that Mattel is relying on its blanket objections, they are not

7   sustainable and do not justify Mattel's failure to produce documents.

8        As to overbreadth, Mattel provides no explanation, let alone the required

9   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

10  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

11  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

12  contrary, the request is narrowly tailored to seek documents concerning

13  communications between Mattel and SMOBY regarding Mattel's interest in

14  acquiring the "Majorette" brand or other SMOBY assets, as these documents are

15  directly relevant to MGA's allegation that Mattel interfered with MGA's business

16  dealings and contractual relations with Smoby, for example, as set forth in MGA's

17  Second Affirmative Defense.

18       As to burden, Mattel has not attempted to demonstrate why responding to

19  this request and/or producing responsive documents presents any burden.  This

20  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

21  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22  request is unduly burdensome must allege specific facts which indicate the nature

23  and extent of the burden, usually by affidavit or other reliable evidence.")

24  Moreover, it is not unduly burdensome, as noted above, in that the request is

25  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

26  has engaged in wrongful acts, such as interfering with MGA's business dealings

27  and contractual relations with SMOBY.  MGA is entitled to discovery on these

28  claims and defenses.

1    Mattel's objection that this request is an attempt to circumvent the Discovery

2    Master's May 22, 2007 order is unwarranted.  That order is inapposite to this

3    request, which is much narrower than those considered irrelevant and/or improper

4    by the court.  This request is narrowly tailored to Mattel's communications with a

5    specific entity, SMOBY, regarding a specific topic, Mattel's interest in acquiring

6    specific SMOBY assets.  This request is directly relevant to MGA's claims and

7    Second Affirmative Defense that Mattel interfered with MGA's business dealings

8    and contractual relations with SMOBY.

9    Mattel objects that the request contains confidential, proprietary and trade

10   secret information.  A Protective Order exists in this case, obviating any concern as

11   to protection of privacy rights and/or commercially sensitive information.

12   This request does not seek documents protected by the attorney-client

13   privilege, the attorney work product doctrine, or other applicable privileges.  To the

14   extent that Mattel contends that it does, Mattel must provide a privilege log.

15   None of Mattel's improper objections are valid and Mattel is obligated to

16   produce all non-privileged responsive documents in its possession.

17

18   **REQUEST FOR PRODUCTION NO. 449:**

19   All DOCUMENTS REFERRING OR RELATING TO business dealings

20   or contractual relations between MGA and SMOBY.

21   **RESPONSE TO REQUEST NO. 449:**

22   In addition to the general objections stated above which are incorporated

23   herein by reference, Mattel objects to this Request on the grounds that it is

24   overbroad and unduly burdensome, including in that it seeks all documents on

25   this subject without limitation as to time, and regardless of whether such

26   documents relate to products or matters at issue in this case.  Mattel further

27   object on the grounds that this Request is an attempt to circumvent the

28   Discovery Master's May 22, 2007 order determining that the requested

1   documents are irrelevant and/or that such requests are improper.  Mattel further

2   objects to the Request on the grounds that it seeks documents that are not

3   relevant to this action or likely to lead to the discovery of admissible evidence.

4   Mattel further objects to this Request on the grounds that it seeks confidential,

5   proprietary and trade secret information, including such information that has no

6   bearing on the claims or defenses in this case.  Mattel further objects to this

7   Request on the grounds that it calls for the disclosure of information subject to

8   the attorney-client privilege, the attorney work-product doctrine and other

9   applicable privileges.

10

11   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

12

13   Mattel has not agreed to produce documents in response to this request,

14   raising only improper boilerplate objections.  Under the Federal Rules of Civil

15   Procedure, "an objection to part of a request must specify the part and permit

16   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

17   explain the basis for an objection with specificity are routinely rejected in the

18   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

19   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

20   and harassing' are improper – especially when a party fails to submit any

21   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

22   compelled either to certify that it has produced all non-privileged responsive

23   documents or to produce all such documents by a date certain.

24   To the extent that Mattel is relying on its blanket objections, they are not

25   sustainable and do not justify Mattel's failure to produce documents.

26   As to overbreadth, Mattel provides no explanation, let alone the required

27   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

28   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

- 163 -

1   (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

2   contrary, the request is narrowly tailored to seek documents concerning business

3   dealings and contractual relations between MGA and SMOBY, as these

4   documents are directly relevant to MGA's allegations that Mattel interfered with

5   those business dealings and contractual relations, for example, as set forth in

6   MGA's Second Affirmative Defense.

7        As to burden, Mattel has not attempted to demonstrate why responding to

8   this request and/or producing responsive documents presents any burden.  This

9   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

10  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11  request is unduly burdensome must allege specific facts which indicate the nature

12  and extent of the burden, usually by affidavit or other reliable evidence.")

13  Moreover, it is not unduly burdensome, as noted above, in that the request is

14  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

15  has engaged in wrongful acts, such as interfering with MGA's business dealings

16  and contractual relations with SMOBY.  MGA is entitled to discovery on these

17  claims.

18       Mattel's objection that this Request is an attempt to circumvent the

19  Discovery Master's May 22, 2007 order is unwarranted.  That order is inapposite to

20  this Request, which is much narrower than those considered irrelevant and/or

21  improper by the court.  This request is narrowly tailored to documents regarding

22  business dealings and contractual relations between MGA and SMOBY, which is

23  directly relevant to MGA's claims and Second Affirmative Defense that Mattel

24  interfered with MGA's business dealings and contractual relations with SMOBY.

25       Mattel objects that the request contains confidential, proprietary and trade

26  secret information.  A Protective Order exists in this case, obviating any concern as

27  to protection of privacy rights and/or commercially sensitive information.

28

1   This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4   None of Mattel's improper objections are valid and Mattel is obligated to

5   produce all non-privileged responsive documents in its possession.

6

7   **REQUEST FOR PRODUCTION NO. 450:**

8   All DOCUMENTS REFERRING OR RELATING TO YOUR plans,

9   attempts, efforts or intent to interfere with business dealings or contractual

10  relations between MGA and SMOBY.

11  **RESPONSE TO REQUEST NO. 450:**

12  In addition to the general objections stated above which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it is

14  overbroad and unduly burdensome, including in that it seeks all documents on

15  this subject without limitation as to time, and regardless of whether such

16  documents relate to products or matters at issue in this case.  Mattel further

17  object on the grounds that this Request is an attempt to circumvent the

18  Discovery Master's May 22, 2007 order determining that the requested

19  documents are irrelevant and/or that such requests are improper.  Mattel further

20  objects to the Request on the grounds that it seeks documents that are not

21  relevant to this action or likely to lead to the discovery of admissible evidence.

22  Mattel further objects to this Request on the grounds that it seeks confidential,

23  proprietary and trade secret information, including such information that has no

24  bearing on the claims or defenses in this case.  Mattel further objects to this

25  Request on the grounds that it calls for the disclosure of information subject to

26  the attorney-client privilege, the attorney work-product doctrine and other

27  applicable privileges.

28

- 165 -

1

2

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

3    Mattel has not agreed to produce documents in response to this request,

4   raising only its improper boilerplate objections.  Under the Federal Rules of Civil

5   Procedure, "an objection to part of a request must specify the part and permit

6   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

7   explain the basis for an objection with specificity are routinely rejected in the

8   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

9   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

10  and harassing' are improper – especially when a party fails to submit any

11  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

12  compelled either to certify that it has produced all non-privileged responsive

13  documents or to produce all such documents by a date certain.

14    To the extent that Mattel is relying on its blanket objections, they are not

15  sustainable and do not justify Mattel's failure to produce documents.

16    As to overbreadth, Mattel provides no explanation, let alone the required

17  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

18  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

19  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

20  contrary, the request is narrowly tailored to seek documents concerning Mattel's

21  plans, attempts, efforts or intent to interfere with business dealings and

22  contractual relations between MGA and SMOBY, as these documents are

23  directly relevant to MGA's allegation that Mattel interfered with those business

24  dealings and contractual relations, for example, as set forth in MGA's Second

25  Affirmative Defense.

26    As to burden, Mattel has not attempted to demonstrate why responding to

27  this request and/or producing responsive documents presents any burden.  This

28  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

1   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2   request is unduly burdensome must allege specific facts which indicate the nature

3   and extent of the burden, usually by affidavit or other reliable evidence.")

4   Moreover, it is not unduly burdensome, as noted above, in that the request is

5   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

6   engaged in wrongful acts, such as interfering with MGA's business dealings and

7   contractual relations with Smoby.  MGA is entitled to discovery on these claims

8   and defenses.

9        Mattel's objection that this request is an attempt to circumvent the Discovery

10  Master's May 22, 2007 order is unwarranted.  That order is inapposite to this

11  request, which is much narrower than those considered irrelevant and/or improper

12  by the court.  This request is narrowly tailored to documents regarding Mattel's

13  actual or intended interference with business dealings and contractual relations

14  between MGA and SMOBY, which is directly relevant to MGA's claims and

15  Second Affirmative Defense that Mattel interfered with MGA's business dealings

16  and contractual relations with SMOBY.

17       Mattel objects that the request contains confidential, proprietary and trade

18  secret information.  A Protective Order exists in this case, obviating any concern as

19  to protection of privacy rights and/or commercially sensitive information.

20       This request does not seek documents protected by the attorney-client

21  privilege, the attorney work product doctrine, or other applicable privileges.  To the

22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23       None of Mattel's improper objections are valid and Mattel is obligated to

24  produce all non-privileged responsive documents in its possession.

25

26

27

28

**REQUEST FOR PRODUCTION NO. 451:**

All DOCUMENTS REFERRING OR RELATING TO YOUR knowledge or awareness of MGA's business dealings or contractual relations with SMOBY prior to April 16, 2007.

**RESPONSE TO REQUEST NO. 451:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, raising only improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to

1   explain the basis for an objection with specificity are routinely rejected in the

2   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

3   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

4   and harassing' are improper – especially when a party fails to submit any

5   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

6   compelled either to certify that it has produced all non-privileged responsive

7   documents or to produce all such documents by a date certain.

8        To the extent that Mattel is relying on its blanket objections, they are not

9   sustainable and do not justify Mattel's failure to produce documents.

10       As to overbreadth, Mattel provides no explanation, let alone the required

11   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

12   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

13   (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

14   contrary, the request is narrowly tailored to seek documents concerning Mattel's

15   knowledge or awareness of MGA's business dealings or contractual relations

16   with SMOBY, specifically limited to times prior to April 16, 2007, as these

17   documents are directly relevant to MGA's allegations that Mattel interfered with

18   those business dealings and contractual relations, for example, as set forth in

19   MGA's Second Affirmative Defense.

20       As to burden, Mattel has not attempted to demonstrate why responding to

21   this request and/or producing responsive documents presents any burden.  This

22   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

23   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24   request is unduly burdensome must allege specific facts which indicate the nature

25   and extent of the burden, usually by affidavit or other reliable evidence.")

26   Moreover, it is not unduly burdensome, as noted above, in that the request is

27   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

28   engaged in wrongful acts, such as interfering with MGA's business dealings and

1  contractual relations with SMOBY.  MGA is entitled to discovery on these claims

2  and defenses.

3       Mattel's objection that this request is an attempt to circumvent the Discovery

4  Master's May 22, 2007 order is unwarranted.  That order is inapposite to this

5  request, which is much narrower than those considered irrelevant and/or improper

6  by the court.  This request is narrowly tailored to documents regarding Mattel's

7  knowledge or awareness of MGA's business dealings or contractual relations

8  with SMOBY, and is further limited to a specified timeframe.  This request is

9  directly relevant to MGA's claims and Second Affirmative Defense that Mattel

10 interfered with MGA's business dealings and contractual relations with SMOBY.

11      Mattel objects that the request contains confidential, proprietary and trade

12 secret information.  A Protective Order exists in this case, obviating any concern as

13 to protection of privacy rights and/or commercially sensitive information.

14      This request does not seek documents protected by the attorney-client

15 privilege, the attorney work product doctrine, or other applicable privileges.  To the

16 extent that Mattel contends that it does, Mattel must provide a privilege log.

17      None of Mattel's improper objections are valid and Mattel is obligated to

18 produce all non-privileged responsive documents in its possession.

19

20 **REQUEST FOR PRODUCTION NO. 452:**

21      All DOCUMENTS REFERRING OR RELATING TO directives,

22 suggestions or instructions from YOU to create ADVERTISEMENTS for "MY

23 SCENE," "POLLY POCKET," "ACCELERACERS" or any other MATTEL

24 products using elements that are similar to or the same as elements used in

25 ADVERTISEMENTS for "BRATZ," "ALIEN RACERS," or any other MGA

26 products known to YOU.

27

28

**RESPONSE TO REQUEST NO. 452:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome, and indecipherable, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's orders of April 19, 2007 and May 22, 2007 determining that the requested documents are irrelevant and/or that such requests are improper.  Mattel further objects on the grounds that the term "elements" is vague and ambiguous.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request as duplicative of requests previously served by MGA in this litigation.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents relating to those matters placed at issue in this litigation that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents to matters it deems placed at issue in response to this request.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning directives, suggestions or instructions from Mattel to create advertisements for Mattel products using elements that are similar to or the same as elements used in advertisements for MGA products.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

1  and extent of the burden, usually by affidavit or other reliable evidence.")

2  Moreover, it is not unduly burdensome, as noted above, in that the request is

3  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4  has engaged in a broad variety of unfair trade practices, including serial copying of

5  MGA products, branding and advertising.  MGA is entitled to discovery on these

6  claims.

7      This request does not seek documents protected by the attorney-client

8  privilege, the attorney work product doctrine, or other applicable privileges.  To the

9  extent that Mattel contends that it does, Mattel must provide a privilege log.

10     Mattel objects that the request contains confidential, proprietary and trade

11 secret information.  A Protective Order exists in this case, obviating any concern as

12 to protection of privacy rights and/or commercially sensitive information.

13     Mattel objects that the request is duplicative or subsumed within prior

14 requests but does not identify the allegedly duplicative requests.  Mattel's failure to

15 agree to produce responsive non-privileged documents is not proper based on this

16 objection.

17     Mattel also objects to this request on relevance grounds.  MGA has alleged

18 claims of unfair competition based on Mattel's serial copying and imitation of

19 MGA's products, branding and advertising.  As such, documents related to

20 directives, suggestions or instructions from Mattel to create advertisements for

21 Mattel products using elements that are similar to or the same as elements used in

22 advertisements for MGA products are highly relevant and likely to lead to the

23 discovery of admissible evidence.

24     Mattel has also improperly limited its agreement to produce by redefining the

25 scope of MGA's request.  Mattel has only agreed to produce documents "relating to

26 those matters placed at issue in this litigation."  Mattel is required to respond to the

27 request as originally worded by MGA, and to the extent that Mattel is withholding

28 documents, such revision is improper.

1    None of Mattel's improper objections are valid and Mattel is obligated to

2  produce all non-privileged responsive documents in its possession.

3

4  **REQUEST FOR PRODUCTION NO. 453:**

5    All DOCUMENTS REFERRING OR RELATING TO YOUR attempts or

6  efforts to interfere with MGA's ability to produce ADVERTISEMENTS, including,

7  without limitation, efforts to hire the same actresses who appeared in MGA's

8  ADVERTISEMENTS for "BRATZ" and efforts to hire the same crew members

9  used by MGA for its ADVERTISEMENTS for "BRATZ."

10  **RESPONSE TO REQUEST NO. 453:**

11    In addition to the general objections stated above which are incorporated

12  herein by reference, Mattel objects to this Request on the grounds that it is

13  overbroad, unduly burdensome, and indecipherable, including in that it seeks all

14  documents on this subject without limitation as to time, and regardless of whether

15  such documents relate to products or matters at issue in this case.  Mattel further

16  object on the grounds that this Request is an attempt to circumvent the Discovery

17  Master's May 22, 2007 order determining that the requested documents are

18  irrelevant and/or that such requests are improper.  Mattel further objects to this

19  Request on the grounds that it assumes facts not in evidence or is contrary to the

20  evidence.  Mattel further objects to the Request on the grounds that it seeks

21  documents that are not relevant to this action or likely to lead to the discovery of

22  admissible evidence.  Mattel further objects to this Request on the grounds that it

23  seeks confidential, proprietary and trade secret information, including such

24  information that has no bearing on the claims or defenses in this case.  Mattel

25  further objects to this Request on the grounds that it calls for the disclosure of

26  information subject to the attorney-client privilege, the attorney work-product

27  doctrine and other applicable privileges.

28

1    Subject to and without waiving the foregoing objections, Mattel responds as

2    follows: Mattel will produce such responsive, non-privileged documents relating to

3    those matters placed at issue in this litigation that are in Mattel's possession,

4    custody, or control, if any, that Mattel has been able to locate after a diligent search

5    and reasonable inquiry, to the extent not previously produced.

6

7    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

8

9    Mattel has improperly limited its agreement to produce documents to matters

10   it deems placed at issue in response to this request.  Mattel has refused to confirm

11   whether or not it has produced all non-privileged responsive documents or whether

12   it is withholding documents based on its objections in Phase 2.  Under the Federal

13   Rules of Civil Procedure, "an objection to part of a request must specify the part

14   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

15   that fail to explain the basis for an objection with specificity are routinely rejected

16   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

17   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

18   burdensome and harassing' are improper – especially when a party fails to submit

19   any evidentiary declarations supporting such objections").  Accordingly, Mattel

20   must be compelled either to certify that it has produced all non-privileged

21   responsive documents or to produce all such documents by a date certain.

22   To the extent that Mattel is relying on its blanket objections, they are not

23   sustainable and do not justify Mattel's failure to produce documents.

24   As to overbreadth, Mattel provides no explanation, let alone the required

25   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27   (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

28

1    contrary, the request is narrowly tailored to seek documents concerning attempts or

2    hire the same crew members as MGA with respect to advertisements.

3        As to burden, Mattel has not attempted to demonstrate why responding to

4    this request and/or producing responsive documents presents any burden.  This

5    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

6    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7    request is unduly burdensome must allege specific facts which indicate the nature

8    and extent of the burden, usually by affidavit or other reliable evidence.")

9    Moreover, it is not unduly burdensome, as noted above, in that the request is

10   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11   has engaged in a broad variety of unfair trade practices, including claims of serial

12   copying and claims related to Mattel's efforts to interfere with MGA's business.

13   MGA is entitled to discovery on these claims and defenses.

14       This request does not seek documents protected by the attorney-client

15   privilege, the attorney work product doctrine, or other applicable privileges.  To the

16   extent that Mattel contends that it does, Mattel must provide a privilege log.

17       Mattel objects that the request contains confidential, proprietary and trade

18   secret information.  A Protective Order exists in this case, obviating any concern as

19   to protection of privacy rights and/or commercially sensitive information.

20       Mattel also objects to this request on relevance grounds.  MGA has alleged

21   claims of unfair competition, including claims related to serial copying and Mattel's

22   efforts to interfere with MGA's advertising.  As such, documents related to Mattel's

23   attempts or efforts to hire the same individuals as MGA with respect to

24   advertisements are highly relevant and likely to lead to the discovery of admissible

25   evidence.

26       Mattel has also improperly limited its agreement to produce by redefining the

27   scope of MGA's request.  Mattel has only agreed to produce documents "relating to

28   those matters placed at issue in this litigation."  Mattel is required to respond to the

1    request as originally worded by MGA, and to the extent that Mattel is withholding

2    documents, such revision is improper.

3          None of Mattel's improper objections are valid and Mattel is obligated to

4    produce all non-privileged responsive documents in its possession.

5

6    **REQUEST FOR PRODUCTION NO. 454:**

7          All DOCUMENTS REFERRING OR RELATING TO proposed or actual

8    ADVERTISEMENTS for "MY SCENE," "POLLY POCKET,"

9    "ACCELERACERS," or any other MATTEL products and which also REFER OR

10   RELATE TO "BRATZ," "ALIEN RACERS," or any other MGA products known

11   to YOU.

12         **RESPONSE TO REQUEST NO. 454:**

13         In addition to the general objections stated above which are incorporated

14   herein by reference, Mattel objects to this Request on the grounds that it is

15   overbroad, unduly burdensome, and indecipherable, including in that it seeks all

16   documents on this subject without limitation as to time, and regardless of whether

17   such documents relate to products or matters at issue in this case.  Mattel further

18   object on the grounds that this Request is an attempt to circumvent the Discovery

19   Master's orders of April 19, 2007 and May 22, 2007 determining that the requested

20   documents are irrelevant and/or that such requests are improper.  Mattel further

21   objects on the grounds that the term "elements" is vague and ambiguous.  Mattel

22   further objects to the Request on the grounds that it seeks documents that are not

23   relevant to this action or likely to lead to the discovery of admissible evidence.

24   Mattel further objects to this Request on the grounds that it seeks confidential,

25   proprietary and trade secret information, including such information that has no

26   bearing on the claims or defenses in this case.  Mattel further objects to this Request

27   on the grounds that it calls for the disclosure of information subject to the

28   attorney-client privilege, the attorney work-product doctrine and other applicable

1   privileges.  Mattel further objects to this Request as duplicative of requests

2   previously served by MGA in this litigation.

3       Subject to and without waiving the foregoing objections, Mattel responds as

4   follows: Mattel will produce such responsive, non-privileged documents relating to

5   those matters placed at issue in this litigation that are in Mattel's possession,

6   custody, or control, if any, that Mattel has been able to locate after a diligent search

7   and reasonable inquiry, to the extent not previously produced.

8

9   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

10

11      Mattel has improperly limited its agreement to produce documents to matters

12  it deems placed at issue in response to this request.  Mattel has refused to confirm

13  whether or not it has produced all non-privileged responsive documents or whether

14  it is withholding documents based on its objections or limitation in Phase 2.  Under

15  the Federal Rules of Civil Procedure, "an objection to part of a request must specify

16  the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

17  objections that fail to explain the basis for an objection with specificity are

18  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

19  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

20  such as 'overly burdensome and harassing' are improper – especially when a party

21  fails to submit any evidentiary declarations supporting such objections").

22  Accordingly, Mattel must be compelled either to certify that it has produced all

23  non-privileged responsive documents or to produce all such documents by a date

24  certain.

25      To the extent that Mattel is relying on its blanket objections, they are not

26  sustainable and do not justify Mattel's failure to produce documents.

27      As to overbreadth, Mattel provides no explanation, let alone the required

28  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

1   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
2   (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the
3   contrary, the request is narrowly tailored to seek documents concerning proposed or
4   actual advertisements for Mattel products which also reference MGA products.

5           As to burden, Mattel has not attempted to demonstrate why responding to
6   this request and/or producing responsive documents presents any burden.  This
7   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
8   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
9   request is unduly burdensome must allege specific facts which indicate the nature
10  and extent of the burden, usually by affidavit or other reliable evidence.")
11  Moreover, it is not unduly burdensome, as noted above, in that the request is
12  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
13  has engaged in a broad variety of unfair trade practices, including copying of, and
14  interfering with, MGA's advertising.  MGA is entitled to discovery on these claims.

15          This request does not seek documents protected by the attorney-client
16  privilege, the attorney work product doctrine, or other applicable privileges.  To the
17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18          Mattel objects that the request contains confidential, proprietary and trade
19  secret information.  A Protective Order exists in this case, obviating any concern as
20  to protection of privacy rights and/or commercially sensitive information.

21          Mattel objects that the request is duplicative or subsumed within prior
22  requests but does not identify the allegedly duplicative requests.  Mattel's failure to
23  agree to produce responsive non-privileged documents is not proper based on this
24  objection.

25          Mattel also objects to this request on relevance grounds.  MGA has alleged
26  claims of unfair competition based on Mattel's copying of, and interfering with,
27  MGA's advertising.  As such, documents related to advertisements for Mattel

28

1  products which also reference MGA products are highly relevant and likely to lead

2  to the discovery of admissible evidence.

3      Mattel has also improperly limited its agreement to produce by redefining the

4  scope of MGA's request.  Mattel has only agreed to produce documents "relating to

5  those matters placed at issue in this litigation."  Mattel is required to respond to the

6  request as originally worded by MGA, and to the extent that Mattel is withholding

7  documents, such revision is improper.

8      None of Mattel's improper objections are valid and Mattel is obligated to

9  produce all non-privileged responsive documents in its possession.

10

11  **REQUEST FOR PRODUCTION NO. 455:**

12      All DOCUMENTS REFERRING OR RELATING TO any evaluation,

13  analysis, or assessment of ADVERTISEMENTS for "BRATZ," "ALIEN

14  RACERS,' or any other MGA products known to YOU.

15      **RESPONSE TO REQUEST NO. 455:**

16      In addition to the general objections stated above which are incorporated

17  herein by reference, Mattel objects to this Request on the grounds that it is

18  overbroad and unduly burdensome, including in that it seeks all documents on this

19  subject without limitation as to time, and regardless of whether such documents

20  relate to products or matters at issue in this case.  Mattel further object on the

21  grounds that this Request is an attempt to circumvent the Discovery Master's

22  May 22, 2007 order determining that the requested documents are irrelevant and/or

23  that such requests are improper.  Mattel further objects that the terms "evaluation,

24  analysis, or assessment" are vague and ambiguous.  Mattel further objects to the

25  Request on the grounds that it seeks documents that are not relevant to this action

26  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

27  this Request on the grounds that it seeks confidential, proprietary and trade secret

28  information, including such information that has no bearing on the claims or

1  defenses in this case.  Mattel further objects to this Request on the grounds that it

2  calls for the disclosure of information subject to the attorney-client privilege, the

3  attorney work-product doctrine and other applicable privileges.

4

5  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

6

7      Mattel has not agreed to produce documents in response to this request.

8  Under the Federal Rules of Civil Procedure, "an objection to part of a request must

9  specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

10  Generic objections that fail to explain the basis for an objection with specificity are

11  routinely rejected in the Central District.  See <u>A. Farber and Partners, Inc. v.</u>

12  <u>Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

13  such as 'overly burdensome and harassing' are improper – especially when a party

14  fails to submit any evidentiary declarations supporting such objections").

15  Accordingly, Mattel must be compelled either to certify that it has produced all

16  non-privileged responsive documents or to produce all such documents by a date

17  certain.

18      To the extent that Mattel is relying on its blanket objections, they are not

19  sustainable and do not justify Mattel's failure to produce documents.

20      As to overbreadth, Mattel provides no explanation, let alone the required

21  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

22  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

23  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

24  contrary, the request is narrowly tailored to seek documents concerning any

25  evaluation, analysis, or assessment of advertisements for MGA products.

26      As to burden, Mattel has not attempted to demonstrate why responding to

27  this request and/or producing responsive documents presents any burden.  This

28  objection must therefore be rejected.  See <u>Jackson v. Montgomery Ward & Co.,</u>

1   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2   request is unduly burdensome must allege specific facts which indicate the nature

3   and extent of the burden, usually by affidavit or other reliable evidence.")

4   Moreover, it is not unduly burdensome, as noted above, in that the request is

5   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

6   has engaged in a broad variety of unfair trade practices, including copying of

7   MGA's advertising.  MGA is entitled to discovery on these claims.

8       This request does not seek documents protected by the attorney-client

9   privilege, the attorney work product doctrine, or other applicable privileges.  To the

10  extent that Mattel contends that it does, Mattel must provide a privilege log.

11      Mattel objects that the request contains confidential, proprietary and trade

12  secret information.  A Protective Order exists in this case, obviating any concern as

13  to protection of privacy rights and/or commercially sensitive information.

14      Mattel also objects to this request on relevance grounds.  MGA has alleged

15  claims of unfair competition based on Mattel's copying of MGA's products and

16  advertising.  As such, documents related to evaluations, analyses, or assessments of

17  MGA's advertising are highly relevant and likely to lead to the discovery of

18  admissible evidence.

19      None of Mattel's improper objections are valid and Mattel is obligated to

20  produce all non-privileged responsive documents in its possession.

21

22  **REQUEST FOR PRODUCTION NO. 456:**

23      All DOCUMENTS REFERRING OR RELATING to any agreements

24  between YOU and any other person or entity (including, but not limited to,

25  Margo Eldridge, Eldridge Inc., Andy Gallerani, Mohr-Gallerani & More Films,

26  Charlotte Broussard or her company Beyond, A Production Company (a/k/a

27  Beyond Production) which provide that such person or entity shall not work for

28  or on behalf of MGA.

1

**RESPONSE TO REQUEST NO. 456:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome, and indecipherable, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper. Further, Mattel objects that at least some of the requested documents are the subject of a pending motion before the Discovery Master.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents relating to work for Mattel at issue in this litigation that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request to documents relating to work for Mattel (which is entirely non-responsive to this request), and subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections or limitation in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the contrary, the request is narrowly tailored to seek documents relating to agreements between Mattel and others restricting others from working for or on behalf of MGA.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This

1  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

2  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3  request is unduly burdensome must allege specific facts which indicate the nature

4  and extent of the burden, usually by affidavit or other reliable evidence.")

5  Moreover, it is not unduly burdensome, as noted above, in that the request is

6  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7  has engaged in various unfair trade practices, including coercing its employees and

8  contractors to accept restrictive covenants and non-compete clauses, and other

9  efforts to interfere with MGA's employees and contractors, as alleged in MGA's

10  Complaint and in MGA's Second Affirmative Defense.  MGA is entitled to

11  discovery on these claims and defenses.

12      Mattel has not specified what documents, if any, are subject to a motion

13  pending before the Discovery Master, nor has it specified what motion it is

14  referring to.  Mattel has also failed to identify what documents, if any, it is

15  withholding on these grounds. This objection is therefore improper.  Order No. 17,

16  dated April 14, 2009, at 20 (overruling objections not stated with specificity),

17  Rutowski Decl., Ex. 58.

18      Mattel's objection that this request is an attempt to circumvent the Discovery

19  Master's May 22, 2007 order is unwarranted.  That order is inapposite to this

20  request, which is much narrower than those considered irrelevant and/or improper

21  by the court.  This request is narrowly tailored to agreements involving Mattel

22  which restrict a person or entity from working for or on behalf of MGA, which

23  is directly relevant to MGA's unfair competition claim as specifically pleaded

24  in MGA's Complaint, and as set forth in MGA's Second Affirmative Defense.

25      Mattel objects that the request contains confidential, proprietary and trade

26  secret information.  A Protective Order exists in this case, obviating any concern as

27  to protection of privacy rights and/or commercially sensitive information.

28

- 185 -

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    None of Mattel's improper objections are valid and Mattel is obligated to

5    produce all non-privileged responsive documents in its possession.

6

7    **REQUEST FOR PRODUCTION NO. 457:**

8    All DOCUMENTS REFERRING OR RELATING to any requests,

9    directions or suggestions by YOU that any other person or entity (including, but

10   not limited to, Margo Eldridge, Eldridge Inc., Andy Gallerani, Mohr-Gallerani

11   & More Films, Charlotte Broussard or her company Beyond, A Production

12   Company (a/k/a Beyond Production)) not work for or on behalf of MGA.

13   **RESPONSE TO REQUEST NO. 457:**

14   In addition to the general objections stated above which are incorporated

15   herein by reference, Mattel objects to this Request on the grounds that it is

16   overbroad, unduly burdensome, and indecipherable, including in that it seeks all

17   documents on this subject without limitation as to time, and regardless of

18   whether such documents relate to products or matters at issue in this case.

19   Mattel further object on the grounds that this Request is an attempt to

20   circumvent the Discovery Master's May 22, 2007 order determining that the

21   requested documents are irrelevant and/or that such requests are improper.

22   Further, Mattel objects that at least some of the requested documents are the

23   subject of a pending motion before the Discovery Master.  Mattel further

24   objects to the Request on the grounds that it seeks documents that are not

25   relevant to this action or likely to lead to the discovery of admissible evidence.

26   Mattel further objects to this Request on the grounds that it seeks confidential,

27   proprietary and trade secret information, including such information that has no

28   bearing on the claims or defenses in this case.  Mattel further objects to this

- 186 -

1   Request on the grounds that it calls for the disclosure of information subject to

2   the attorney-client privilege, the attorney work-product doctrine and other

3   applicable privileges.

4       Subject to and without waiving the foregoing objections, Mattel responds

5   as follows: Mattel will produce such responsive, non-privileged documents

6   relating to work for Mattel at issue in this litigation that are in Mattel's

7   possession, custody, or control, if any, that Mattel has been able to locate after a

8   diligent search and reasonable inquiry, to the extent not previously produced.

9

10   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

11

12       Mattel has improperly limited its agreement to produce documents in

13   response to this request to documents relating to work for Mattel (which is entirely

14   non-responsive to this request), and subject to its improper boilerplate objections.

15   Mattel has refused to confirm whether or not it has produced all non-privileged

16   responsive documents or whether it is withholding documents based on its

17   objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to

18   part of a request must specify the part and permit inspection of the rest."  Fed. R.

19   Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

20   with specificity are routinely rejected in the Central District.  See A. Farber and

21   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

22   boilerplate objections such as 'overly burdensome and harassing' are improper –

23   especially when a party fails to submit any evidentiary declarations supporting such

24   objections").  Accordingly, Mattel must be compelled either to certify that it has

25   produced all non-privileged responsive documents or to produce all such

26   documents by a date certain.

27       To the extent that Mattel is relying on its blanket objections, they are not

28   sustainable and do not justify Mattel's failure to produce documents.

- 187 -

1    As to overbreadth, Mattel provides no explanation, let alone the required

2   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4   (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

5   contrary, the request is narrowly tailored to seek documents relating to directions or

6   discussions by Mattel to others restricting them from working for or on behalf of

7   MGA.

8    As to burden, Mattel has not attempted to demonstrate why responding to

9   this request and/or producing responsive documents presents any burden.  This

10   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

11   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12   request is unduly burdensome must allege specific facts which indicate the nature

13   and extent of the burden, usually by affidavit or other reliable evidence.")

14   Moreover, it is not unduly burdensome, as noted above, in that the request is

15   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16   has engaged in various unfair trade practices, including coercing its employees and

17   contractors to accept restrictive covenants and non-compete clauses, and other

18   efforts to interfere with prospective MGA employees and contractors, as alleged in

19   MGA's Complaint and in MGA's Second Affirmative Defense.  MGA is entitled to

20   discovery on these claims and defenses.

21    Mattel has not specified what documents, if any, are subject to a motion

22   pending before the Discovery Master, nor has it specified what motion it is

23   referring to.  Mattel has also failed to identify what documents, if any, it is

24   withholding on these grounds. This objection is therefore improper.  Order No. 17,

25   dated April 14, 2009, at 20 (overruling objections not stated with specificity),

26   Rutowski Decl., Ex. 58.

27    Mattel's objection that this request is an attempt to circumvent the Discovery

28   Master's May 22, 2007 order is unwarranted.  That order is inapposite to this

1  request, which is much narrower than those considered irrelevant and/or improper

2  by the court.  This request is narrowly tailored to directions or discussions by

3  Mattel restricting a person or entity from working for or on behalf of MGA,

4  which is directly relevant to MGA's unfair competition claim as specifically

5  pleaded in MGA's Complaint, and as set forth in MGA's Second Affirmative

6  Defense.

7       Mattel objects that the request contains confidential, proprietary and trade

8  secret information.  A Protective Order exists in this case, obviating any concern as

9  to protection of privacy rights and/or commercially sensitive information.

10       This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13       None of Mattel's improper objections are valid and Mattel is obligated to

14  produce all non-privileged responsive documents in its possession.

15

16  **REQUEST FOR PRODUCTION NO. 458:**

17       All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

18  RELATING TO such COMMUNICATIONS, with any buyers, merchandisers,

19  general merchandise managers, retailers, suppliers, licensees, potential licensees, or

20  licensing agents world wide in which YOU made comments about the quality,

21  workmanship, safety, or design features of "BRATZ" or any other MGA products

22  known to YOU.

23       **RESPONSE TO REQUEST NO. 458:**

24       In addition to the general objections stated above which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it is

26  overbroad and unduly burdensome, including in that it seeks all documents on this

27  subject without limitation as to time, and regardless of whether such documents

28  relate to products or matters at issue in this case.  Mattel further object on the

1   grounds that this Request is an attempt to circumvent the Discovery Master's

2   May 22, 2007 order determining that the requested documents are irrelevant and/or

3   that such requests are improper.  Mattel further objects to the Request on the

4   grounds that it seeks documents that are not relevant to this action or likely to lead

5   to the discovery of admissible evidence.  Mattel further objects to the Request on

6   the grounds that it seeks information about matters that are not within the subject

7   matter jurisdiction of the Court.  Production by Mattel, if any, will be limited to

8   those matters within the Court's jurisdiction, only in the event and to the extent it is

9   permitted by or otherwise in compliance with foreign laws limiting disclosure and

10  discovery and only in the event and to the extent that the documents are within

11  Mattel's possession, custody or control pursuant to governing law.  Mattel further

12  objects to this Request on the grounds that it seeks confidential, proprietary and

13  trade secret information, including such information that has no bearing on the

14  claims or defenses in this case.  Mattel further objects to this Request on the

15  grounds that it calls for the disclosure of information subject to the attorney-client

16  privilege, the attorney work-product doctrine and other applicable privileges.

17

18  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

19

20          Mattel has not agreed to produce documents in response to this request,

21  raising only improper boilerplate objections.  Under the Federal Rules of Civil

22  Procedure, "an objection to part of a request must specify the part and permit

23  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

24  explain the basis for an objection with specificity are routinely rejected in the

25  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

26  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

27  and harassing' are improper – especially when a party fails to submit any

28  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

1    compelled either to certify that it has produced all non-privileged responsive

2    documents or to produce all such documents by a date certain.

3        To the extent that Mattel is relying on its blanket objections, they are not

4    sustainable and do not justify Mattel's failure to produce documents.

5        As to overbreadth, Mattel provides no explanation, let alone the required

6    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8    (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

9    contrary, the request is narrowly tailored to seek documents relating to

10   communications between Mattel and buyers, merchandisers, general merchandise

11   managers, retailers, suppliers, licensees, potential licensees, or licensing agents

12   about the quality, workmanship, safety, or design features of "BRATZ" or other

13   MGA products.

14       As to burden, Mattel has not attempted to demonstrate why responding to

15   this request and/or producing responsive documents presents any burden.  This

16   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

17   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18   request is unduly burdensome must allege specific facts which indicate the nature

19   and extent of the burden, usually by affidavit or other reliable evidence.")

20   Moreover, it is not unduly burdensome, as noted above, in that the request is

21   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

22   has engaged in various unfair trade practices, including threatening retailers and

23   suppliers to cease doing business with MGA, intimidating employees and industry

24   groups in order to prevent MGA from fairly competing, and making false

25   statements about MGA products.  MGA is entitled to discovery on these claims.

26       Mattel's objection that this request is an attempt to circumvent the Discovery

27   Master's May 22, 2007 order is unwarranted.  That order is inapposite to this

28   request, which is much narrower than those considered irrelevant and/or improper

- 191 -

by the court.  This request is narrowly tailored to communications between Mattel and buyers, merchandisers, general merchandise managers, retailers, suppliers, licensees, potential licensees, or licensing agents regarding specifically enumerated topics concerning "BRATZ" or other MGA products.

Mattel also objects to the request on the grounds that it seeks information about matters that are not within the subject matter jurisdiction of the Court. First, Mattel does not identify what information it seeks to withhold based on this objection, if any. Second, Mattel may not unilaterally determine this Court's subject matter jurisdiction and withhold discoverable information on the grounds that Mattel has decided this Court lacks jurisdiction to compel it.

Mattel objects that the request contains confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 459:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS with any industry analysts world wide in which YOU made comments about the quality, workmanship, safety, or design features of "BRATZ" or any other MGA products known to YOU.

**RESPONSE TO REQUEST NO. 459:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this

1    subject without limitation as to time, and regardless of whether such documents

2    relate to products or matters at issue in this case.  Mattel further object on the

3    grounds that this Request is an attempt to circumvent the Discovery Master's

4    May 22, 2007 order determining that the requested documents are irrelevant and/or

5    that such requests are improper.  Mattel further objects to the Request on the

6    grounds that it seeks documents that are not relevant to this action or likely to lead

7    to the discovery of admissible evidence.  Mattel further objects to the Request on

8    the grounds that it seeks information about matters that are not within the subject

9    matter jurisdiction of the Court.  Production by Mattel, if any, will be limited to

10   those matters within the Court's jurisdiction, only in the event and to the extent it is

11   permitted by or otherwise in compliance with foreign laws limiting disclosure and

12   discovery and only in the event and to the extent that the documents are within

13   Mattel's possession, custody or control pursuant to governing law.  Mattel further

14   objects to this Request on the grounds that it seeks confidential, proprietary and

15   trade secret information, including such information that has no bearing on the

16   claims or defenses in this case.  Mattel further objects to this Request on the

17   grounds that it calls for the disclosure of information subject to the attorney-client

18   privilege, the attorney work-product doctrine and other applicable privileges.

19

20   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
**SHOULD BE COMPELLED**

21

22        Mattel has not agreed to produce documents in response to this request,

23   raising only improper boilerplate objections.  Under the Federal Rules of Civil

24   Procedure, "an objection to part of a request must specify the part and permit

25   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

26   explain the basis for an objection with specificity are routinely rejected in the

27   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

28   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

1    and harassing' are improper – especially when a party fails to submit any

2    evidentiary declarations supporting such objections").  Accordingly, Mattel must be

3    compelled either to certify that it has produced all non-privileged responsive

4    documents or to produce all such documents by a date certain.

5         To the extent that Mattel is relying on its blanket objections, they are not

6    sustainable and do not justify Mattel's failure to produce documents.

7         As to overbreadth, Mattel provides no explanation, let alone the required

8    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

9    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10   (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

11   contrary, the request is narrowly tailored to seek documents relating to

12   communications between Mattel and industry analysts about the quality,

13   workmanship, safety, or design features of Bratz or other MGA products.

14        As to burden, Mattel has not attempted to demonstrate why responding to

15   this request and/or producing responsive documents presents any burden.  This

16   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

17   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18   request is unduly burdensome must allege specific facts which indicate the nature

19   and extent of the burden, usually by affidavit or other reliable evidence.")

20   Moreover, it is not unduly burdensome, as noted above, in that the request is

21   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

22   has engaged in various unfair trade practices, including threatening retailers and

23   suppliers to cease doing business with MGA, intimidating employees and industry

24   groups in order to prevent MGA from fairly competing, and making false

25   statements about MGA products.  MGA is entitled to discovery on these claims and

26   defenses.

27        Mattel's objection that this request is an attempt to circumvent the Discovery

28   Master's May 22, 2007 order is unwarranted.  That order is inapposite to this

1    request, which is much narrower than those considered irrelevant and/or improper

2    by the court.  This request is narrowly tailored to communications between Mattel

3    and industry analysts regarding specifically enumerated topics concerning Bratz or

4    other MGA products.

5         Mattel also objects to the request on the grounds that it seeks information

6    about matters that are not within the subject matter jurisdiction of the Court.

7    First, Mattel does not identify what information it seeks to withhold based on

8    its objection, if any. Second, Mattel may not unilaterally determine this Court's

9    subject matter jurisdiction and withhold discoverable information on the

10   grounds that Mattel has decided this Court lacks jurisdiction to compel it.

11        Mattel objects that the request contains confidential, proprietary and trade

12   secret information.  A Protective Order exists in this case, obviating any concern as

13   to protection of privacy rights and/or commercially sensitive information.

14        This request does not seek documents protected by the attorney-client

15   privilege, the attorney work product doctrine, or other applicable privileges.  To the

16   extent that Mattel contends that it does, Mattel must provide a privilege log.

17        None of Mattel's improper objections are valid and Mattel is obligated to

18   produce all non-privileged responsive documents in its possession.

19

20   **REQUEST FOR PRODUCTION NO. 460:**

21        All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

22   RELATING TO such COMMUNICATIONS, with any buyers, merchandisers,

23   general merchandise managers, retailers, suppliers, licensees, potential licensees, or

24   licensing agents world wide in which YOU made comments about the origins or

25   ownership of "BRATZ" or any other MGA products known to YOU.

26

27

28

**RESPONSE TO REQUEST NO. 460:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to the Request on the grounds that it seeks information about matters that are not within the subject matter jurisdiction of the Court.  Production by Mattel, if any, will be limited to those matters within the Court's jurisdiction, only in the event and to the extent it is permitted by or otherwise in compliance with foreign laws limiting disclosure and discovery and only in the event and to the extent that the documents are within Mattel's possession, custody or control pursuant to governing law.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents bearing on those products and matters placed at issue in this litigation that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

1

2

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

3

4

5

6

7

8

9

10

11

12

13

14

15

16

Mattel has improperly limited its agreement to produce documents to matters it deems placed at issue in response to this request.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections or limitation in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

17

18

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

19

20

21

22

23

24

25

26

27

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the contrary, the request is narrowly tailored to seek communications and documents related to communications with any buyers, merchandisers, general merchandise managers, retailers, suppliers, licensees, potential licensees, or licensing agents world wide in which Mattel made comments about the origins or ownership of "BRATZ" or any other MGA products known to Mattel.

28

- 197 -

1    As to burden, Mattel has not attempted to demonstrate why responding to
2    this request and/or producing responsive documents presents any burden.  This
3    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
4    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
5    request is unduly burdensome must allege specific facts which indicate the nature
6    and extent of the burden, usually by affidavit or other reliable evidence.")
7    Moreover, it is not unduly burdensome, as noted above, in that the request is
8    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
9    has engaged in a broad variety of unfair trade practices including serial copying of
10   MGA products and trade dress infringement.  Mattel has also alleged trade secret
11   misappropriation.  MGA is entitled to discovery on these claims and its defenses.

12   This request does not seek documents protected by the attorney-client
13   privilege, the attorney work product doctrine, or other applicable privileges.  To the
14   extent that Mattel contends that it does, Mattel must provide a privilege log.

15   Mattel cites to the May 22, 2007 order, but that order is inapposite to this
16   request, which is much narrower than those considered irrelevant and/or improper
17   by the court.  Specifically, the request is narrowly tailored to documents regarding
18   comments Mattel made about the origins and ownership of "BRATZ" or any other
19   MGA products known to Mattel.

20   As for relevancy, Mattel has not attempted to demonstrate why responding to
21   this request and/or producing responsive documents is irrelevant to the present
22   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of
23   MGA products, packaging, themes and advertising among other unfair competition
24   and trade practices to preserve its market share rankings in the fashion doll
25   category.  A request to seek information as described above is therefore relevant to
26   this action.

27

28

1    Mattel objects that the request contains confidential, proprietary, and trade

2    secret information.  A Protective Order exists in this case, obviating any concern as

3    to protection of privacy rights and/or commercially sensitive information.

4        None of Mattel's improper objections are valid and Mattel is obligated to

5    produce all non-privileged responsive documents in its possession.

6

7    **REQUEST FOR PRODUCTION NO. 461:**

8        All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

9    RELATING TO such COMMUNICATIONS with any industry analysts world

10   wide in which YOU made comments about the origins or ownership of "BRATZ"

11   or any other MGA products known to YOU.

12   **RESPONSE TO REQUEST NO. 461:**

13       In addition to the general objections stated above which are incorporated

14   herein by reference, Mattel objects to this Request on the grounds that it is

15   overbroad and unduly burdensome, including in that it seeks all documents on this

16   subject without limitation as to time, and regardless of whether such documents

17   relate to products or matters at issue in this case.  Mattel further object on the

18   grounds that this Request is an attempt to circumvent the Discovery Master's

19   May 22, 2007 order determining that the requested documents are irrelevant and/or

20   that such requests are improper.  Mattel further objects to the Request on the

21   grounds that it seeks documents that are not relevant to this action or likely to lead

22   to the discovery of admissible evidence.  Mattel further objects to the Request on

23   the grounds that it seeks information about matters that are not within the subject

24   matter jurisdiction of the Court.  Production by Mattel, if any, will be limited to

25   those matters within the Court's jurisdiction, only in the event and to the extent it is

26   permitted by or otherwise in compliance with foreign laws limiting disclosure and

27   discovery and only in the event and to the extent that the documents are within

28   Mattel's possession, custody or control pursuant to governing law.  Mattel further

1   objects to this Request on the grounds that it seeks confidential, proprietary and

2   trade secret information, including such information that has no bearing on the

3   claims or defenses in this case.  Mattel further objects to this Request on the

4   grounds that it calls for the disclosure of information subject to the attorney-client

5   privilege, the attorney work-product doctrine and other applicable privileges.

6       Subject to and without waiving the foregoing objections, Mattel responds as

7   follows: Mattel will produce such responsive, non-privileged documents bearing on

8   products and matters placed at issue in this litigation that are in Mattel's possession,

9   custody, or control, if any, that Mattel has been able to locate after a diligent search

10  and reasonable inquiry, to the extent not previously produced.

11

12  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

13

14      Mattel has improperly limited its agreement to produce documents to matters

15  it deems placed at issue in response to this request.  Mattel has refused to confirm

16  whether or not it has produced all non-privileged responsive documents or whether

17  it is withholding documents based on its objections or limitation in Phase 2.  Under

18  the Federal Rules of Civil Procedure, "an objection to part of a request must specify

19  the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

20  objections that fail to explain the basis for an objection with specificity are

21  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

22  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

23  such as 'overly burdensome and harassing' are improper – especially when a party

24  fails to submit any evidentiary declarations supporting such objections").

25  Accordingly, Mattel must be compelled either to certify that it has produced all

26  non-privileged responsive documents or to produce all such documents by a date

27  certain.

28

1    To the extent that Mattel is relying on its blanket objections, they are not

2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required

4    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6    (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

7    contrary, the request is narrowly tailored to seek communications and documents

8    related to communications with any industry analysts in which Mattel made

9    comments about the origins or ownership of "BRATZ" or any other MGA products

10   known to Mattel.

11   As to burden, Mattel has not attempted to demonstrate why responding to

12   this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

14   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.")

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19   has engaged in a broad variety of unfair trade practices including serial copying of

20   MGA products and trade dress infringement.  Mattel has also alleged trade secret

21   misappropriation against MGA.  MGA is entitled to discovery on these claims and

22   its defenses.

23   This request does not seek documents protected by the attorney-client

24   privilege, the attorney work product doctrine, or other applicable privileges.  To the

25   extent that Mattel contends that it does, Mattel must provide a privilege log.

26   Mattel cites to the May 22, 2007 order, but that order is inapposite to this

27   request, which is much narrower than those considered irrelevant and/or improper

28   by the court.  Specifically, the request is narrowly tailored to documents regarding

1  comments Mattel made about the origins and ownership of "BRATZ" or any other

2  MGA products known to Mattel.

3      As for relevancy, Mattel has not attempted to demonstrate why responding to

4  this request and/or producing responsive documents is irrelevant to the present

5  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

6  MGA products, packaging, themes and advertising among other unfair competition

7  and trade practices to preserve its market share rankings in the fashion doll

8  category.  A request to seek information as described above is therefore relevant to

9  this action.

10     Mattel objects that the request contains confidential, proprietary, and trade

11 secret information.  A Protective Order exists in this case, obviating any concern as

12 to protection of privacy rights and/or commercially sensitive information.

13     None of Mattel's improper objections are valid and Mattel is obligated to

14 produce all non-privileged responsive documents in its possession.

15

16 **REQUEST FOR PRODUCTION NO. 462:**

17     All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

18 RELATING TO such COMMUNICATIONS, with any buyers, merchandisers,

19 general merchandise managers, retailers, suppliers, licensees, potential licensees, or

20 licensing agents world wide in which YOU made comments about the launch or

21 discontinuation of any "BRATZ" product or any other MGA products known to

22 YOU.

23     **RESPONSE TO REQUEST NO. 462:**

24     In addition to the general objections stated above which are incorporated

25 herein by reference, Mattel objects to this Request on the grounds that it is

26 overbroad and unduly burdensome, including in that it seeks all documents on this

27 subject without limitation as to time, and regardless of whether such documents

28 relate to products or matters at issue in this case.  Mattel further object on the

grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper.  Mattel further objects to the Request on the grounds that it seeks information about matters that are not within the subject matter jurisdiction of the Court.  Production by Mattel, if any, will be limited to those matters within the Court's jurisdiction, only in the event and to the extent it is permitted by or otherwise in compliance with foreign laws limiting disclosure and discovery and only in the event and to the extent that the documents are within Mattel's possession, custody or control pursuant to governing law.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents bearing on products and matters placed at issue in this litigation that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents to matters it deems placed at issue in response to this request.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections or limitation in Phase 2.  Under

OHS West:260723205

1   the Federal Rules of Civil Procedure, "an objection to part of a request must specify

2   the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

3   objections that fail to explain the basis for an objection with specificity are

4   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

5   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

6   such as 'overly burdensome and harassing' are improper – especially when a party

7   fails to submit any evidentiary declarations supporting such objections").

8   Accordingly, Mattel must be compelled either to certify that it has produced all

9   non-privileged responsive documents or to produce all such documents by a date

10  certain.

11        To the extent that Mattel is relying on its blanket objections, they are not

12  sustainable and do not justify Mattel's failure to produce documents.

13        As to overbreadth, Mattel provides no explanation, let alone the required

14  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

15  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

16  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

17  contrary, the request is narrowly tailored to seek communications and documents

18  related to communications with any buyers, merchandisers, general merchandise

19  managers, retailers, suppliers, licensees, potential licensees, or licensing agents

20  world wide in which Mattel made comments about the launch or discontinuation of

21  any "BRATZ" product or any other MGA products known to Mattel.

22        As to burden, Mattel has not attempted to demonstrate why responding to

23  this request and/or producing responsive documents presents any burden.  This

24  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

25  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

26  request is unduly burdensome must allege specific facts which indicate the nature

27  and extent of the burden, usually by affidavit or other reliable evidence.")

28  Moreover, it is not unduly burdensome, as noted above, in that the request is

- 204 -

1   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
2   has engaged in a broad variety of unfair trade practices including serial copying of
3   MGA products and trade dress infringement.  Mattel has also alleged trade secret
4   misappropriation against MGA.  MGA is entitled to discovery on these claims and
5   its defenses.

6       This request does not seek documents protected by the attorney-client
7   privilege, the attorney work product doctrine, or other applicable privileges.  To the
8   extent that Mattel contends that it does, Mattel must provide a privilege log.

9       Mattel cites to the May 22, 2007 order, but that order is inapposite to this
10  request, which is much narrower than those considered irrelevant and/or improper
11  by the court.  Specifically, the request is narrowly tailored to documents regarding
12  comments Mattel made about the he launch or discontinuation "BRATZ" or any
13  other MGA products known to Mattel.

14      As for relevancy, Mattel has not attempted to demonstrate why responding to
15  this request and/or producing responsive documents is irrelevant to the present
16  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of
17  MGA products, packaging, themes and advertising among other unfair competition
18  and trade practices to preserve its market share rankings in the fashion doll
19  category.  A request to seek information as described above is therefore relevant to
20  this action.

21      Mattel objects that the request contains confidential, proprietary, and trade
22  secret information.  A Protective Order exists in this case, obviating any concern as
23  to protection of privacy rights and/or commercially sensitive information.

24      None of Mattel's improper objections are valid and Mattel is obligated to
25  produce all non-privileged responsive documents in its possession.

26

27

28

**REQUEST FOR PRODUCTION NO. 463:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS with any industry analysts world wide in which YOU made comments about the launch or discontinuation of any "BRATZ" product or any other MGA products known to YOU.

**RESPONSE TO REQUEST NO. 463:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to the Request on the grounds that it seeks information about matters that are not within the subject matter jurisdiction of the Court. Production by Mattel, if any, will be limited to those matters within the Court's jurisdiction, only in the event and to the extent it is permitted by or otherwise in compliance with foreign laws limiting disclosure and discovery and only in the event and to the extent that the documents are within Mattel's possession, custody or control pursuant to governing law. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

1   Subject to and without waiving the foregoing objections, Mattel responds as

2   follows: Mattel will produce such responsive, non-privileged documents bearing on

3   products and matters placed at issue in this litigation that are in Mattel's possession,

4   custody, or control, if any, that Mattel has been able to locate after a diligent search

5   and reasonable inquiry, to the extent not previously produced.

6

7   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

8

9   Mattel has improperly limited its agreement to produce documents to matters

10  it deems placed at issue in response to this request.  Mattel has refused to confirm

11  whether or not it has produced all non-privileged responsive documents or whether

12  it is withholding documents based on its objections or limitation in Phase 2.  Under

13  the Federal Rules of Civil Procedure, "an objection to part of a request must specify

14  the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

15  objections that fail to explain the basis for an objection with specificity are

16  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

17  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

18  such as 'overly burdensome and harassing' are improper – especially when a party

19  fails to submit any evidentiary declarations supporting such objections").

20  Accordingly, Mattel must be compelled either to certify that it has produced all

21  non-privileged responsive documents or to produce all such documents by a date

22  certain.

23  To the extent that Mattel is relying on its blanket objections, they are not

24  sustainable and do not justify Mattel's failure to produce documents.

25  As to overbreadth, Mattel provides no explanation, let alone the required

26  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

27  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

28  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

contrary, the request is narrowly tailored to seek communications and documents related to communications with any industry analysts world wide in which Mattel made comments about the launch or discontinuation of any "BRATZ" product or any other MGA products known to Mattel.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products and trade dress infringement.  Mattel has also alleged trade secret misappropriation against MGA.  MGA is entitled to discovery on these claims and its defenses.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel cites to the May 22, 2007 order, but that order is inapposite to this request, which is much narrower than those considered irrelevant and/or improper by the court.  Specifically, the request is narrowly tailored to documents regarding comments Mattel made about the launch or discontinuation of "BRATZ" or any other MGA products known to Mattel.

As for relevancy, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents is irrelevant to the present action.  On the contrary, MGA has alleged that Mattel is engaged in copying of MGA products, packaging, themes and advertising among other unfair competition

- 208 -

1 and trade practices to preserve its market share rankings in the fashion doll

2 category.  A request to seek information as described above is therefore relevant to

3 this action.

4      Mattel objects that the request contains confidential, proprietary, and trade

5 secret information.  A Protective Order exists in this case, obviating any concern as

6 to protection of privacy rights and/or commercially sensitive information.

7      None of Mattel's improper objections are valid and Mattel is obligated to

8 produce all non-privileged responsive documents in its possession.

9

10 **REQUEST FOR PRODUCTION NO. 464:**

11      All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

12 RELATING TO such COMMUNICATIONS, with any buyers, merchandisers,

13 general merchandise managers, retailers, suppliers, licensees, potential

14 licensees, or licensing agents world wide in which YOU made comments about

15 MGA's operations, business practices, tactics or techniques.

16      **RESPONSE TO REQUEST NO. 464:**

17      In addition to the general objections stated above which are incorporated

18 herein by reference, Mattel objects to this Request on the grounds that it is

19 overbroad, unduly burdensome, and indecipherable, including in that it seeks all

20 documents on this subject without limitation as to time, and regardless of

21 whether such documents relate to products or matters at issue in this case.

22 Mattel further objects that the terms "MGA's operations, business practices,

23 tactics or techniques" are vague and ambiguous.  Mattel further object on the

24 grounds that this Request is an attempt to circumvent the Discovery Master's

25 May 22, 2007 order determining that the requested documents are irrelevant

26 and/or that such requests are improper.  Mattel further objects to the Request on

27 the grounds that it seeks documents that are not relevant to this action or likely

28 to lead to the discovery of admissible evidence.  Mattel further objects to the

1  Request on the grounds that it seeks information about matters that are not

2  within the subject matter jurisdiction of the Court.  Production by Mattel, if

3  any, will be limited to those matters within the Court's jurisdiction, only in the

4  event and to the extent it is permitted by or otherwise in compliance with

5  foreign laws limiting disclosure and discovery and only in the event and to the

6  extent that the documents are within Mattel's possession, custody or control

7  pursuant to governing law.  Mattel further objects to this Request on the

8  grounds that it seeks confidential, proprietary and trade secret information,

9  including such information that has no bearing on the claims or defenses in this

10  case.  Mattel further objects to this Request on the grounds that it calls for the

11  disclosure of information subject to the attorney-client privilege, the attorney

12  work-product doctrine and other applicable privileges.

13

14  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

15

16      Mattel has not agreed to produce documents in response to this request,

17  raising only improper boilerplate objections.  Under the Federal Rules of Civil

18  Procedure, "an objection to part of a request must specify the part and permit

19  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

20  explain the basis for an objection with specificity are routinely rejected in the

21  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

22  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

23  and harassing' are improper – especially when a party fails to submit any

24  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

25  compelled either to certify that it has produced all non-privileged responsive

26  documents or to produce all such documents by a date certain.

27      To the extent that Mattel is relying on its blanket objections, they are not

28  sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the contrary, the request is narrowly tailored to seek documents relating to communications between Mattel and particular third parties about a particular subject, namely in which Mattel made comments about MGA's operations, business practices, tactics or techniques.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in various unfair trade practices, including threatening retailers and suppliers to cease doing business with MGA as alleged in MGA's Complaint and in MGA's Second Affirmative Defense.  MGA is entitled to discovery on these claims and defenses.

The terms  "MGA's operations, business practices, tactics or techniques" are common terms and are in no way vague or ambiguous.

Mattel's objection that this request is an attempt to circumvent the Discovery Master's May 22, 2007 order is unwarranted.  That order is inapposite to this request, which is much narrower than those considered irrelevant and/or improper by the court.  This request is narrowly tailored to documents relating to specific communications between Mattel and particular third parties in which Mattel made comments about MGA's operations, business practices, tactics or

1   techniques, which are directly relevant to MGA's unfair competition claims, for

2   example, in MGA's Complaint and in MGA's Second Affirmative Defense.

3       Mattel also objects to the request on the grounds that it seeks information

4   about matters that are not within the subject matter jurisdiction of the Court.

5   First, Mattel does not identify what information it seeks to withhold based on

6   this objection, if any. Second, Mattel may not unilaterally determine this

7   Court's subject matter jurisdiction and withhold discoverable information on

8   the grounds that Mattel has decided this Court lacks jurisdiction to compel it.

9       Mattel objects that the request contains confidential, proprietary and trade

10  secret information.  A Protective Order exists in this case, obviating any concern as

11  to protection of privacy rights and/or commercially sensitive information.

12      This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges.  To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15      None of Mattel's improper objections are valid and Mattel is obligated to

16  produce all non-privileged responsive documents in its possession.

17

18  **REQUEST FOR PRODUCTION NO. 465:**

19      All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

20  RELATING TO such COMMUNICATIONS with any industry analysts world

21  wide in which YOU made comments about MGA's operations, business

22  practices, tactics or techniques.

23      **RESPONSE TO REQUEST NO. 465:**

24      In addition to the general objections stated above which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it is

26  overbroad, unduly burdensome, and indecipherable, including in that it seeks all

27  documents on this subject without limitation as to time, and regardless of

28  whether such documents relate to products or matters at issue in this case.

Mattel further objects that the terms "MGA's operations, business practices, tactics or techniques" are vague and ambiguous.  Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper.  Mattel further objects to the Request on the grounds that it seeks information about matters that are not within the subject matter jurisdiction of the Court.  Production by Mattel, if any, will be limited to those matters within the Court's jurisdiction, only in the event and to the extent it is permitted by or otherwise in compliance with foreign laws limiting disclosure and discovery and only in the event and to the extent that the documents are within Mattel's possession, custody or control pursuant to governing law.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, raising only improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

1   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

2   and harassing' are improper – especially when a party fails to submit any

3   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

4   compelled either to certify that it has produced all non-privileged responsive

5   documents or to produce all such documents by a date certain.

6        To the extent that Mattel is relying on its blanket objections, they are not

7   sustainable and do not justify Mattel's failure to produce documents.

8        As to overbreadth, Mattel provides no explanation, let alone the required

9   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

10  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

11  (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

12  contrary, the request is narrowly tailored to seek documents relating to

13  communications between Mattel and industry analysts in which Mattel made

14  comments about MGA's operations, business practices, tactics or techniques.

15       As to burden, Mattel has not attempted to demonstrate why responding to

16  this request and/or producing responsive documents presents any burden.  This

17  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.")

21  Moreover, it is not unduly burdensome, as noted above, in that the request is

22  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23  has engaged in various unfair trade practices, including threatening retailers and

24  suppliers to cease doing business with MGA and making false statements about

25  MGA products and product sales, for example, as alleged in MGA's Complaint and

26  in MGA's Second Affirmative Defense.  MGA is entitled to discovery on these

27  claims and defenses.

28

OHS West:260723205

- 214 -

The terms  "MGA's operations, business practices, tactics or techniques" are common terms and are in no way vague or ambiguous.

Mattel's objection that this request is an attempt to circumvent the Discovery Master's May 22, 2007 order is unwarranted.  That order is inapposite to this request, which is much narrower than those considered irrelevant and/or improper by the court.  This request is narrowly tailored to documents relating to specific communications between Mattel and industry analysts, which are directly relevant to MGA's unfair competition claims, for example, in MGA's Complaint and in MGA's Second Affirmative Defense.

Mattel also objects to the request on the grounds that it seeks information about matters that are not within the subject matter jurisdiction of the Court. First, Mattel does not identify what information it seeks to withhold based on this objection, if any.  Second, Mattel may not unilaterally determine this Court's subject matter jurisdiction and withhold discoverable information on the grounds that Mattel has decided this Court lacks jurisdiction to compel it.

Mattel objects that the request contains confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession.


**REQUEST FOR PRODUCTION NO. 466:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS, with any licensees, potential licensees, or licensing agents world wide in which YOU made comments about any

- 215 -

1  potential business dealings between MGA and any such licensee, potential licensee

2  or licensing agent.

3  **RESPONSE TO REQUEST NO. 466:**

4  In addition to the general objections stated above which are incorporated

5  herein by reference, Mattel objects to this Request on the grounds that it is

6  overbroad, unduly burdensome, and indecipherable, including in that it seeks all

7  documents on this subject without limitation as to time, and regardless of whether

8  such documents relate to products or matters at issue in this case.  Mattel further

9  object on the grounds that this Request is an attempt to circumvent the Discovery

10  Master's May 22, 2007 order determining that the requested documents are

11  irrelevant and/or that such requests are improper.  Further, Mattel objects that at

12  least some of the requested documents are the subject of a pending motion before

13  the Discovery Master.  Mattel further objects to the Request on the grounds that it

14  seeks information about matters that are not within the subject matter jurisdiction of

15  the Court.  Production by Mattel, if any, will be limited to those matters within the

16  Court's jurisdiction, only in the event and to the extent it is permitted by or

17  otherwise in compliance with foreign laws limiting disclosure and discovery and

18  only in the event and to the extent that the documents are within Mattel's

19  possession, custody or control pursuant to governing law.  Mattel further objects to

20  the Request on the grounds that it seeks documents that are not relevant to this

21  action or likely to lead to the discovery of admissible evidence.  Mattel further

22  objects to this Request on the grounds that it seeks confidential, proprietary and

23  trade secret information, including such information that has no bearing on the

24  claims or defenses in this case.  Mattel further objects to this Request on the

25  grounds that it calls for the disclosure of information subject to the

26  attorney-client privilege, the attorney work-product doctrine and other

27  applicable privileges.

28

1   Subject to and without waiving the foregoing objections, Mattel responds

2   as follows: Mattel will produce such responsive, non-privileged documents

3   relating to work for Mattel at issue in this litigation that are in Mattel's

4   possession, custody, or control, if any, that Mattel has been able to locate after a

5   diligent search and reasonable inquiry, to the extent not previously produced.

6

7   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

    **SHOULD BE COMPELLED**

8

9   Mattel has improperly limited its agreement to produce documents in

10  response to this request to those documents relating to work for Mattel that Mattel

11  deems to be at issue in this litigation (which is entirely non-responsive to MGA's

12  request), and subject to its improper boilerplate objections.  Mattel has refused to

13  confirm whether or not it has produced all non-privileged responsive documents or

14  whether it is withholding documents based on its objections or limitation in Phase

15  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

16  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

17  Generic objections that fail to explain the basis for an objection with specificity are

18  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

19  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

20  such as 'overly burdensome and harassing' are improper – especially when a party

21  fails to submit any evidentiary declarations supporting such objections").

22  Accordingly, Mattel must be compelled either to certify that it has produced all

23  non-privileged responsive documents or to produce all such documents by a date

24  certain.

25  To the extent that Mattel is relying on its blanket objections, they are not

26  sustainable and do not justify Mattel's failure to produce documents.

27  As to overbreadth, Mattel provides no explanation, let alone the required

28  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

1   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

2   (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

3   contrary, the request is narrowly tailored to seek documents relating to

4   communications between Mattel and any licensees, potential licensees, or licensing

5   agents world wide in which Mattel made comments about any potential business

6   dealings between MGA and any such licensee, potential licensee or licensing agent.

7        As to burden, Mattel has not attempted to demonstrate why responding to

8   this request and/or producing responsive documents presents any burden.  This

9   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

10  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11  request is unduly burdensome must allege specific facts which indicate the nature

12  and extent of the burden, usually by affidavit or other reliable evidence.")

13  Moreover, it is not unduly burdensome, as noted above, in that the request is

14  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

15  has engaged in various unfair trade practices, including threatening retailers and

16  suppliers to cease doing business with MGA and making false statements about

17  MGA products and product sales, for example, as alleged in MGA's Complaint and

18  in MGA's Second Affirmative Defense.  MGA is entitled to discovery on these

19  claims and defenses.

20       Mattel's objection that this request is an attempt to circumvent the Discovery

21  Master's May 22, 2007 order is unwarranted.  That order is inapposite to this

22  request, which is much narrower than those considered irrelevant and/or improper

23  by the court.  This request is narrowly tailored to documents relating to specific

24  communications between Mattel and licensees, potential licensees, or licensing

25  agents, which are directly relevant to MGA's unfair competition claims as

26  found in MGA's Complaint and in MGA's Second Affirmative Defense, for

27  example.

28

1    Mattel objects that at least some of the requested documents are the subject

2    of a pending motion before the Discovery Master.  However, Mattel does not

3    identify what motion it is referring to, or what documents it believes are the subject

4    of this unnamed motion.  This objection is therefore improper.  Order No. 17, dated

5    April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski

6    Decl., Ex. 58.

7    Mattel also objects to the request on the grounds that it seeks information

8    about matters that are not within the subject matter jurisdiction of the Court.

9    First, Mattel does not identify what information it seeks to withhold based on

10   this objection, if any.  Second, Mattel may not unilaterally determine this

11   Court's subject matter jurisdiction and withhold discoverable information on

12   the grounds that Mattel has decided this Court lacks jurisdiction to compel it.

13   Mattel objects that the request contains confidential, proprietary and trade

14   secret information.  A Protective Order exists in this case, obviating any concern as

15   to protection of privacy rights and/or commercially sensitive information.

16   This request does not seek documents protected by the attorney-client

17   privilege, the attorney work product doctrine, or other applicable privileges.  To the

18   extent that Mattel contends that it does, Mattel must provide a privilege log.

19   None of Mattel's improper objections are valid and Mattel is obligated to

20   produce all non-privileged responsive documents in its possession.

21

22   **REQUEST FOR PRODUCTION NO. 467:**

23   All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

24   RELATING TO such COMMUNICATIONS, with any former MATTEL

25   employees in which YOU made comments about any such MATTEL

26   employees' potential or actual employment with MGA.

27

28

1    **RESPONSE TO REQUEST NO. 467:**

2          In addition to the general objections stated above which are incorporated

3    herein by reference, Mattel objects to this Request on the grounds that it is

4    overbroad and unduly burdensome, including in that it seeks all documents on

5    this subject without limitation as to time, and regardless of whether such

6    documents relate to matters at issue in this case.  Mattel further objects to the

7    Request on the grounds that it seeks documents that are not relevant to this

8    action or likely to lead to the discovery of admissible evidence.  Mattel further

9    objects to this Request on the grounds that it calls for the disclosure of

10   information subject to the attorney-client privilege, the attorney work-product

11   doctrine and other applicable privileges.

12

13   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**

14

15         Mattel has not agreed to produce documents in response to this request,

16   raising only improper boilerplate objections.  Under the Federal Rules of Civil

17   Procedure, "an objection to part of a request must specify the part and permit

18   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

19   explain the basis for an objection with specificity are routinely rejected in the

20   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

21   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

22   and harassing' are improper – especially when a party fails to submit any

23   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

24   compelled either to certify that it has produced all non-privileged responsive

25   documents or to produce all such documents by a date certain.

26         To the extent that Mattel is relying on its blanket objections, they are not

27   sustainable and do not justify Mattel's failure to produce documents.

28

1       As to overbreadth, Mattel provides no explanation, let alone the required

2   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4   (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

5   contrary, the request is narrowly tailored to seek documents relating

6   communications between Mattel and its former employees regarding such

7   employees' actual or potential employment at MGA.

8       As to burden, Mattel has not attempted to demonstrate why responding to

9   this request and/or producing responsive documents presents any burden.  This

10  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

11  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12  request is unduly burdensome must allege specific facts which indicate the nature

13  and extent of the burden, usually by affidavit or other reliable evidence.")

14  Moreover, it is not unduly burdensome, as noted above, in that the request is

15  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16  has engaged in various unfair trade practices, including coercing its employees to

17  accept restrictive covenants and non-compete clauses, and other efforts to prevent

18  prospective MGA employees from accepting offers of employment, as alleged in

19  MGA's Complaint and in MGA's Second Affirmative Defense.  MGA is entitled to

20  discovery on these claims and defenses.

21      This request does not seek documents protected by the attorney-client

22  privilege, the attorney work product doctrine, or other applicable privileges.  To the

23  extent that Mattel contends that it does, Mattel must provide a privilege log.

24      None of Mattel's improper objections are valid and Mattel is obligated to

25  produce all non-privileged responsive documents in its possession.

26

27

28

1  **REQUEST FOR PRODUCTION NO. 468:**

2      All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

3  RELATING TO such COMMUNICATIONS, with ART ATTACKS (including,

4  without limitation, any of ART ATTACKS' attorneys) regarding MGA, "BRATZ,"

5  BRYANT, LARIAN, any litigation between MGA and MATTEL, or any litigation

6  between MGA and ART ATTACKS.

7      **RESPONSE TO REQUEST NO. 468:**

8      In addition to the general objections stated above which are incorporated

9  herein by reference, Mattel objects to this Request on the grounds that it is

10  overbroad and unduly burdensome, including in that it seeks all documents on this

11  subject without limitation as to time, and regardless of whether such documents

12  relate to matters at issue in this case.  Mattel further objects to the Request on the

13  grounds that it seeks documents that are not relevant to this action or likely to lead

14  to the discovery of admissible evidence.  Mattel further objects to this Request on

15  the grounds that it calls for the disclosure of information subject to the

16  attorney-client privilege, the attorney work-product doctrine and other applicable

17  privileges.  Mattel further objects to this Request as duplicative of requests

18  previously served by MGA in this litigation.

19

20      **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
        SHOULD BE COMPELLED**

21

22      Mattel has not agreed to produce documents in response to this request,

23  raising only improper boilerplate objections.  Under the Federal Rules of Civil

24  Procedure, "an objection to part of a request must specify the part and permit

25  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

26  explain the basis for an objection with specificity are routinely rejected in the

27  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

28  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

1    and harassing' are improper – especially when a party fails to submit any

2    evidentiary declarations supporting such objections").  Accordingly, Mattel must be

3    compelled either to certify that it has produced all non-privileged responsive

4    documents or to produce all such documents by a date certain.

5         To the extent that Mattel is relying on its blanket objections, they are not

6    sustainable and do not justify Mattel's failure to produce documents.

7         As to overbreadth, Mattel provides no explanation, let alone the required

8    particularity, as to **why** this request is supposedly overly broad, nor can it do so.

9    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10   (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

11   contrary, the request is narrowly tailored to seek documents relating

12   communications between Mattel and Art Attacks, an entity involved in prior

13   litigation with MGA regarding "BRATZ," about particular topics relevant to

14   MGA's claims and defenses.

15        As to burden, Mattel has not attempted to demonstrate why responding to

16   this request and/or producing responsive documents presents any burden.  This

17   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19   request is unduly burdensome must allege specific facts which indicate the nature

20   and extent of the burden, usually by affidavit or other reliable evidence.")

21   Moreover, it is not unduly burdensome, as noted above, in that the request is

22   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23   has engaged in various unfair trade practices, including serial copying of MGA

24   products, threatening retailers and suppliers to cease doing business with MGA and

25   making false statements about MGA products and product sales.  Mattel has also

26   alleged trade secret misappropriation against MGA.  MGA is entitled to discovery

27   on these claims and defenses.

28

1   Mattel objects that the request is duplicative or subsumed within prior

2   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

3   agree to produce responsive non-privileged documents is not proper based on this

4   objection.

5   This request does not seek documents protected by the attorney-client

6   privilege, the attorney work product doctrine, or other applicable privileges.  To the

7   extent that Mattel contends that it does, Mattel must provide a privilege log.

8   To the extent that Mattel had communications with Art Attacks about the

9   litigation with MGA and products involved (e.g. "BRATZ"), such communications

10  are discoverable and likely to lead to discovery tending to support or refute MGA's

11  claims and defenses.

12  None of Mattel's improper objections are valid and Mattel is obligated to

13  produce all non-privileged responsive documents in its possession.

14

15  **REQUEST FOR PRODUCTION NO. 469:**

16  All COMMUNICATIONS between Alfred R. Kahn, Chairman and CEO of

17  4Kids Entertainment Inc. and MATTEL (including, without limitation, MATTEL's

18  Neil Friedman) REFERRING OR RELATING TO "BRATZ," BRATZ television

19  programming (including without limitation any animated program consisting of or

20  containing the BRATZ characters, images, logos, trademark and trade dress),

21  MGA, LARIAN or any other person known to YOU to work or to have worked

22  with or for MGA on "BRATZ" or BRATZ television programming, and all

23  DOCUMENTS REFERRING OR RELATING TO such COMMUNICATIONS.

24  **RESPONSE TO REQUEST NO. 469:**

25  In addition to the general objections stated above which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is

27  overbroad and unduly burdensome, including in that it seeks all documents on this

28  subject without limitation as to time, and regardless of whether such documents

relate to products or matters at issue in this case.  Mattel further object on the grounds that this Request is an attempt to circumvent the Discovery Master's May 22, 2007 order determining that the requested documents are irrelevant and/or that such requests are improper, which stated, "MGA has failed to establish that...communications with...4kids Entertainment are relevant to a claim or defense in suit."  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, raising only improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

1   To the extent that Mattel is relying on its blanket objections, they are not

2   sustainable and do not justify Mattel's failure to produce documents.

3   As to overbreadth, Mattel provides no explanation, let alone the required

4   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6   (overruling objections not stated with specificity), Rutowski Decl., Ex. 58.  To the

7   contrary, the request is narrowly tailored to seek documents relating

8   communications between Mattel and 4Kids Entertainment about particular topics

9   relevant to MGA's claims and defenses.

10   As to burden, Mattel has not attempted to demonstrate why responding to

11   this request and/or producing responsive documents presents any burden.  This

12   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

13   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14   request is unduly burdensome must allege specific facts which indicate the nature

15   and extent of the burden, usually by affidavit or other reliable evidence.")

16   Moreover, it is not unduly burdensome, as noted above, in that the request is

17   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

18   has engaged in various unfair trade practices, including serial copying of MGA

19   products, threatening retailers and suppliers to cease doing business with MGA and

20   making false statements about MGA products and product sales.  Mattel has also

21   alleged trade secret misappropriation against MGA.  MGA is entitled to discovery

22   on these claims and defenses.

23   Mattel objects that the request is duplicative or subsumed within prior

24   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

25   agree to produce responsive non-privileged documents is not proper based on this

26   objection.

27   This request does not seek documents protected by the attorney-client

28   privilege, the attorney work product doctrine, or other applicable privileges.  To the

1  extent that Mattel contends that it does, Mattel must provide a privilege log.

2  Mattel's objection that this request is an attempt to circumvent the Discovery

3  Master's May 22, 2007 order is unwarranted.  That order is inapposite to this

4  request, which is much narrower than those considered irrelevant and/or improper

5  by the court.  This request is narrowly tailored to documents relating to specific

6  communications between Mattel and 4Kids Entertainment Inc. regarding particular

7  issues in this case, namely "BRATZ" television programming.

8  To the extent that Mattel had communications with 4Kids Entertainment

9  about MGA and "BRATZ" television programming, such communications are

10  discoverable and likely to lead to discovery tending to support or refute MGA's

11  claims and defenses.

12  None of Mattel's improper objections are valid and Mattel is obligated to

13  produce all non-privileged responsive documents in its possession.

14

15  Dated: September 23, 2009          ORRICK, HERRINGTON & SUTCLIFFE LLP

16

17  By:  ____/s/ Diana M. Rutowski____

18  Diana M. Rutowski
Attorneys for MGA ENTERTAINMENT, INC.,

19  MGA ENTERTAINMENT HK, LTD., MGA de
MEXICO, S.R.L. de C.V., and ISAAC LARIAN

20

21

22

23

24

25

26

27

28