MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1-415-773-5700
Facsimile: +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: +1-213-629-2020
Facsimile: +1-213612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | Case No. CV 04-9049-SGL (RNBx) |
| Plaintiff, | Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727 |
| v. | **DISCOVERY MATTER** |
| MATTEL, INC., a Delaware corporation, | [To Be Heard by Discovery Master Robert O'Brien Pursuant to Order of January 6, 2009] |
| Defendant. | **SEPARATE STATEMENT IN SUPPORT OF MGA PARTIES' MOTION TO COMPEL FURTHER RESPONSES TO MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (9049, SET FIVE)** |
| AND CONSOLIDATED ACTIONS | |
| | Date: TBD |
| | Time: TBD |
| | Courtroom: TBD |
| | **Phase 2** |
| | Discovery Cutoff: December 11, 2009 |
| | Pretrial Conference: March 1, 2010 |
| | Trial Date: March 23, 2010 |

Plaintiffs and Counter-Defendants MGA Parties ("MGA") submit this Separate Statement in Support of MGA Parties' Motion to Compel Further Responses to MGA's Requests for Production of Documents (9049, Set Five). This Separate Statement covers MGA's Fifth Set of Requests in Case No. CV 04-9059-SGL of the consolidated proceedings, served on August 3, 2007. The requests included in this Separate Statement are Request Nos. 471-474, 476-480, 482, 492-501, and 503-525 (the "Requests at Issue"). In addition to the reasons why further responses to each request should be compelled set forth below, MGA incorporates the reasons set forth in its Motion to Compel Further Responses to MGA's Requests for Production of Documents.

### MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS AT ISSUE AND RESPONSES - CASE NO. CV 04-9049 SGL (RNBx)

### REQUEST FOR PRODUCTION NO. 471:

All DOCUMENTS REFERRING OR RELATING TO any claims, threat of litigation and/or litigation that any PERSON has asserted against MATTEL regarding infringement by MY SCENE or DIVA STARZ, including, but not limited to, cease and desist letters.

### RESPONSE TO REQUEST NO. 471:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the terms "any claims, threat of litigation and/or litigation" and "regarding infringement" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further

objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**CORRECTED RESPONSE TO REQUEST NO. 471:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the use of the terms "any claims, threat of litigation and/or litigation" and "regarding infringement" in this context as vague and ambiguous.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel refuses to produce documents in response to this request, resting on its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil

1   Procedure, "an objection to part of a request must specify the part and permit

2   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

3   explain the basis for an objection with specificity are routinely rejected in the

4   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

5   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

6   and harassing' are improper – especially when a party fails to submit any

7   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

8   compelled either to certify that it has produced all non-privileged responsive

9   documents or to produce all such documents by a date certain.

10       To the extent that Mattel is relying on its blanket objections, they are not

11   sustainable and do not justify Mattel's failure to produce documents.

12       As to overbreadth, Mattel provides no explanation, let alone the required

13   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

14   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

15   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

16   contrary, the request is narrowly tailored to seek documents concerning allegations

17   of infringement related to two specific Mattel products, "My Scene" and "Diva

18   Starz."

19       As to burden, Mattel has not attempted to demonstrate why responding to

20   this request and/or producing responsive documents presents any burden.  This

21   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

22   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23   request is unduly burdensome must allege specific facts which indicate the nature

24   and extent of the burden, usually by affidavit or other reliable evidence.")

25   Moreover, it is not unduly burdensome, as noted above, in that the request is

26   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

27   has engaged in a broad variety of unfair trade practices, including modifying their

28   "MY SCENE" dolls to increase their similarity to Bratz.  MGA is entitled to

1   discovery on these claims.

2          This request does not seek documents protected by the attorney-client

3   privilege, the attorney work product doctrine, or other applicable privileges.  To the

4   extent that Mattel contends that it does, Mattel must provide a privilege log.

5          Mattel objects that the request contains confidential, proprietary, or trade

6   secret information.  A Protective Order exists in this case, obviating any concern as

7   to protection of privacy rights and/or commercially sensitive information.

8          Mattel's relevance objection should be overruled, as this request seeks

9   information directly related to MGA's unfair competition claim.  Specifically,

10  MGA alleges that Mattel modified its "MY SCENE" dolls in response to "Bratz."

11  Any other allegations or complaints of infringement are relevant or highly likely to

12  lead to the discovery of admissible evidence.

13         Mattel's objection that certain common words are vague, ambiguous and

14  incomprehensible is without merit, and the plain meaning of the terms is clear and

15  can be found in any dictionary.  Moreover, their meaning is plain within the context

16  of this litigation.

17         None of Mattel's improper objections are valid and Mattel is obligated to

18  produce all non-privileged responsive documents in its possession, custody, or

19  control.

20

21  **<u>REQUEST FOR PRODUCTION NO. 472:</u>**

22         All DOCUMENTS REFERRING OR RELATING TO any SIMBA

23  LITIGATION, including, but not limited to, all pleadings, declarations,

24  affidavits, briefs, deposition transcripts, orders or other documents, and any

25  English translations thereof, submitted to the court by MATTEL or SIMBA

26  TOYS in support of its claims and defenses or any rulings or decisions

27  issued by the court.

28

## RESPONSE TO REQUEST NO. 472:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to the extent the Request seeks documents already produced by Mattel.  Such documents will not be produced again.

## CORRECTED RESPONSE TO REQUEST NO. 472:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the

1   attorney work-product doctrine and other applicable privileges.  Mattel further

2   objects to the extent the Request seeks documents already produced by Mattel.

3   Such documents will not be produced again.

4

5   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

6

7   Mattel refuses to produce documents in response to this request, resting on its

8   improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an

9   objection to part of a request must specify the part and permit inspection of the

10  rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

11  for an objection with specificity are routinely rejected in the Central District.  <u>See</u>

12  <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

13  ("general or boilerplate objections such as 'overly burdensome and harassing' are

14  improper – especially when a party fails to submit any evidentiary declarations

15  supporting such objections").  Accordingly, Mattel must be compelled either to

16  certify that it has produced all non-privileged responsive documents or to produce

17  all such documents by a date certain.

18  To the extent that Mattel is relying on its blanket objections, they are not

19  sustainable and do not justify Mattel's failure to produce documents.

20  As to overbreadth, Mattel provides no explanation, let alone the required

21  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

22  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

23  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

24  contrary, the request is narrowly tailored to seek documents concerning a specific

25  litigation that involved the "My Scene" products that are the subject of Phase 2

26  claims and defenses.

27  As to burden, Mattel has not attempted to demonstrate why responding to

28  this request and/or producing responsive documents presents any burden.  This

1    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

2    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3    request is unduly burdensome must allege specific facts which indicate the nature

4    and extent of the burden, usually by affidavit or other reliable evidence.")

5    Moreover, it is not unduly burdensome, as noted above, in that the request is

6    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7    has engaged in a broad variety of unfair trade practices, from serial copying of

8    MGA products, to threatening retailers and suppliers to cease doing business with

9    MGA, to intimidating employees and industry groups in order to prevent MGA

10   from fairly competing.  MGA is entitled to discovery on these claims.

11        This request does not seek documents protected by the attorney-client

12   privilege, the attorney work product doctrine, or other applicable privileges.  To the

13   extent that Mattel contends that it does, Mattel must provide a privilege log.

14        Mattel objects that the request contains confidential, proprietary, or trade

15   secret information.  A Protective Order exists in this case, obviating any concern as

16   to protection of privacy rights and/or commercially sensitive information.

17        Mattel objects that the request is duplicative or subsumed within prior

18   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

19   agree to produce responsive non-privileged documents is not proper based on this

20   objection.

21        The SIMBA LITIGATION involved Mattel's assertion of its rights in the

22   "MY SCENE" products.  Mattel's assertion of intellectual property in "MY

23   SCENE" products, which are at issue in Phase 2, against other parties is highly

24   likely to lead to the discovery of admissible evidence.  This request calls out

25   litigation with a particular party that is likely to have involved many similar issues.

26        None of Mattel's improper objections are valid and Mattel is obligated to

27   produce all non-privileged responsive documents in its possession, custody, or

28   control.

1  **REQUEST FOR PRODUCTION NO. 473**:

2  All DOCUMENTS REFERRING OR RELATING TO the creation and

3  development of the "We Believe in Girls" website, found at

4  www.webelieveingirls.com, that also mention BRATZ and/or MGA.

5  **RESPONSE TO REQUEST NO. 473:**

6  In addition to the general objections stated above which are incorporated

7  herein by reference, Mattel objects to this Request on the grounds that it is

8  overbroad and unduly burdensome, including in that it seeks all documents on this

9  subject without limitation as to time, and regardless of whether such documents

10  relate to products or matters at issue in this case.  Mattel further objects to the

11  Request on the grounds that it seeks documents that are not relevant to this action

12  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

13  this Request on the grounds that it seeks confidential, proprietary and trade secret

14  information, including such information that has no bearing on the claims or

15  defenses in this case.  Mattel further objects to this Request on the grounds that it

16  calls for the disclosure of information subject to the attorney-client privilege, the

17  attorney work-product doctrine and other applicable privileges.

18  **CORRECTED RESPONSE TO REQUEST NO. 473:**

19  In addition to the general objections stated above which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is

21  overbroad and unduly burdensome, including in that it seeks all documents on this

22  subject without limitation as to time, and regardless of whether such documents

23  relate to products or matters at issue in this case.  Mattel further objects to the

24  Request on the grounds that it seeks documents that are not relevant to this action

25  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

26  this Request on the grounds that it seeks confidential, proprietary and trade secret

27  information, including such information that has no bearing on the claims or

28  defenses in this case.  Mattel further objects to this Request on the grounds that it

1   calls for the disclosure of information subject to the attorney-client privilege, the

2   attorney work-product doctrine and other applicable privileges.

3

4   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

5

6       Mattel has not agreed to produce documents in response to this request.

7   Mattel has refused to confirm whether or not it has produced all non-privileged

8   responsive documents or whether it is withholding documents based on its

9   objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to

10  part of a request must specify the part and permit inspection of the rest."  Fed. R.

11  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

12  with specificity are routinely rejected in the Central District.  See A. Farber and

13  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

14  boilerplate objections such as 'overly burdensome and harassing' are improper –

15  especially when a party fails to submit any evidentiary declarations supporting such

16  objections").  Accordingly, Mattel must be compelled either to certify that it has

17  produced all non-privileged responsive documents or to produce all such

18  documents by a date certain.

19      To the extent that Mattel is relying on its blanket objections, they are not

20  sustainable and do not justify Mattel's failure to produce documents.

21      As to overbreadth, Mattel provides no explanation, let alone the required

22  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

23  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

24  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

25  contrary, the request is narrowly tailored to seek documents concerning the creation

26  and development of the "We Believe in Girls" website, *which also mention* "Bratz"

27  or "MGA."

28

1       As to burden, Mattel has not attempted to demonstrate why responding to

2 this request and/or producing responsive documents presents any burden.  This

3 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4 Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5 request is unduly burdensome must allege specific facts which indicate the nature

6 and extent of the burden, usually by affidavit or other reliable evidence.")

7 Moreover, it is not unduly burdensome, as noted above, in that the request is

8 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9 has engaged in a broad variety of unfair trade practices, including copying of

10 MGA's products, branding and advertising.  Documents related to the "We Believe

11 in Girls" website, which also mention "Bratz" or "MGA" relate to these allegations.

12 MGA is entitled to discovery on these claims.

13       This request does not seek documents protected by the attorney-client

14 privilege, the attorney work product doctrine, or other applicable privileges.  To the

15 extent that Mattel contends that it does, Mattel must provide a privilege log.

16       Mattel objects that the request contains confidential, proprietary and trade

17 secret information.  A Protective Order exists in this case, obviating any concern as

18 to protection of privacy rights and/or commercially sensitive information.

19       Mattel also objects to this request on relevance grounds.  MGA has alleged

20 claims of unfair competition based on Mattel's copying of MGA's products,

21 branding and advertising.  As such, documents related to the "We Believe in Girls"

22 website, which also mention "Bratz" or "MGA," are highly relevant and likely to

23 lead to the discovery of admissible evidence.

24       None of Mattel's improper objections are valid and Mattel is obligated to

25 produce all non-privileged responsive documents in its possession, custody, or

26 control.

27

28

**REQUEST FOR PRODUCTION NO. 474:**

All DOCUMENTS REFERRING OR RELATING TO the mention of BRATZ and/or MGA on the "We Believe in Girls" website, including, but not limited to, any community bulletin boards.

**RESPONSE TO REQUEST NO. 474:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**CORRECTED RESPONSE TO REQUEST NO. 474:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the

1    grounds that it calls for the disclosure of information subject to the attorney-client

2    privilege, the attorney work-product doctrine and other applicable privileges.

3

4    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**

5

6    Mattel has not agreed to produce documents in response to this request, based

7    on its improper boilerplate objections.  Mattel has refused to confirm whether or not

8    it has produced all non-privileged responsive documents or whether it is

9    withholding documents based on its objections in Phase 2.  Under the Federal Rules

10   of Civil Procedure, "an objection to part of a request must specify the part and

11   permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

12   fail to explain the basis for an objection with specificity are routinely rejected in the

13   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

14   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

15   and harassing' are improper – especially when a party fails to submit any

16   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

17   compelled either to certify that it has produced all non-privileged responsive

18   documents or to produce all such documents by a date certain.

19   To the extent that Mattel is relying on its blanket objections, they are not

20   sustainable and do not justify Mattel's failure to produce documents.

21   As to overbreadth, Mattel provides no explanation, let alone the required

22   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

23   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

24   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

25   contrary, the request is narrowly tailored to seek documents concerning mention of

26   BRATZ and/or MGA on the "We Believe in Girls" website, including its

27   community bulletin boards.

28

1      As to burden, Mattel has not attempted to demonstrate why responding to
2  this request and/or producing responsive documents presents any burden.  This
3  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
4  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
5  request is unduly burdensome must allege specific facts which indicate the nature
6  and extent of the burden, usually by affidavit or other reliable evidence.")
7  Moreover, it is not unduly burdensome, as noted above, in that the request is
8  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
9  has engaged in a broad variety of unfair trade practices, including serial copying of
10 MGA products, threatening retailers and suppliers to cease doing business with
11 MGA and intimidating industry groups in order to prevent MGA from fairly
12 competing.  Documents related to the "We Believe in Girls" website, which also
13 mention "Bratz" or "MGA" relate to these allegations.  MGA is entitled to
14 discovery on these claims.

15     This request does not seek documents protected by the attorney-client
16 privilege, the attorney work product doctrine, or other applicable privileges.  To the
17 extent that Mattel contends that it does, Mattel must provide a privilege log.

18     Mattel objects that the request contains confidential, proprietary and trade
19 secret information.  A Protective Order exists in this case, obviating any concern as
20 to protection of privacy rights and/or commercially sensitive information.

21     As for relevancy, Mattel has not attempted to demonstrate why the
22 information sought in response to this request is not discoverable in Phase 2.  On
23 the contrary, MGA has alleged that Mattel engaged in a broad variety of unfair
24 trade practices, including serial copying of MGA's product lines and advertising
25 and intimidating industry groups in order to prevent MGA from fairly competing.
26 Documents related to mention of MGA or BRATZ in the We Believe in Girls
27 website are highly relevant to MGA's claims including its unfair competition claim
28 and are discoverable in Phase 2.

1    Finally, Mattel's objection that the request is unintelligible is itself

2    unintelligible.  Mattel offers no explanation of what word or phrase it is unable to

3    understand.  Without an explanation of what part of the request Mattel is unable to

4    understand, the Court should overrule the objection.

5    None of Mattel's improper objections are valid and Mattel is obligated to

6    produce all non-privileged responsive documents in its possession, custody, or

7    control.

8

9    **REQUEST FOR PRODUCTION NO. 476:**

10   All DOCUMENTS RELATING TO YOUR efforts, or knowledge of any

11   efforts by any PERSONS, worldwide to monitor, "spy on" or gain knowledge of

12   MGA's trade secrets, non-public information, non-public activities, unreleased

13   products, and product development, including, but not limited to:

14   a.    DOCUMENTS REFERRING OR RELATING TO YOUR

15   COMMUNICATIONS or contacts with MGA's current or former employees or

16   contractors about MGA or its business, including, but not limited to, any tape

17   recordings of such COMMUNICATIONS;

18   b.    DOCUMENTS REFERRING OR RELATING TO YOUR use or

19   attempts to use confidential informants, spies, or moles within MGA, including, but

20   not limited to, any tape recordings of MGA employees or contractors;

21   c.    DOCUMENTS REFERRING OR RELATING TO YOUR knowledge

22   of any MGA product before its release to the public or of any other non-public

23   information about MGA, its business or its products;

24   d.    DOCUMENTS REFERRING OR RELATING TO YOUR access, or

25   attempts to gain access, to MGA showrooms, Plan-o-Grams, merchandising

26   displays, Toy Fair displays on false pretenses (including, but not limited to, by

27   using fake business cards);

28

1   f.  DOCUMENTS REFERRING OR RELATING TO YOUR access to

2 MGA's products or showroom at any Toy Fair (including Hong Kong Toy Fair,

3 New York Toy Fair, Dallas Toy Fair, or Nuremberg Toy Fair);

4   h.  YOUR access to MGA's confidential product and pricing information

5 through "competitive management agreements" or "category management

6 agreements" with retailers; and

7   i.  YOUR access to MGA's confidential product and pricing information

8 from non-public sources and/or through non-public means.

9 **<u>RESPONSE TO REQUEST NO. 476:</u>**

10   In addition to the general objections stated above which are incorporated

11 herein by reference, Mattel objects to this Request on the grounds that it is

12 overbroad, unduly burdensome, compound, and unintelligible, especially given its

13 broad definitions of "MATTEL," "MGA," and "PERSONS," and in that it seeks all

14 documents on this subject without limitation as to time, and regardless of whether

15 such documents relate to products or matters at issue in this case.  Mattel further

16 objects to the use of the terms "knowledge of any efforts by any PERSONS,"

17 "monitor, 'spy on' or gain knowledge," "MGA's trade secrets," "non-public

18 information," "non-public activities," "unreleased products," "product

19 development," "confidential informants, spies, or moles ," "non public

20 information," "non-public sources ," "non-public means," "on false pretenses,"

21 "confidential product and pricing information," and "'competitive management

22 agreements' or 'category management agreements,'" in this context as vague,

23 ambiguous, and incomprehensible.  Mattel further objects to the Request on the

24 grounds that it seeks documents that are not relevant to this action or likely to lead

25 to the discovery of admissible evidence.  Mattel further objects to this Request on

26 the grounds that it seeks, in its entirety, confidential, proprietary and trade secret

27 information, including such information that has no bearing on the claims or

28 defenses in this case.  Mattel further objects to this Request on the grounds that it

1   calls for the disclosure of information subject to the attorney-client privilege, the

2   attorney work-product doctrine and other applicable privileges.

3   **<u>CORRECTED RESPONSE TO REQUEST NO. 476:</u>**

4           In addition to the general objections stated above which are incorporated

5   herein by reference, Mattel objects to this Request on the grounds that it is

6   overbroad, unduly burdensome, compound, and unintelligible, especially given its

7   broad definitions of "MATTEL," "MGA," and "PERSONS," and in that it seeks all

8   documents on this subject without limitation as to time, and regardless of whether

9   such documents relate to products or matters at issue in this case.  Mattel further

10  objects to the use of the terms "knowledge of any efforts by any PERSONS,"

11  "monitor, 'spy on' or gain knowledge," "MGA's trade secrets," "non-public

12  information," "non-public activities," "unreleased products," "product

13  development," "confidential informants, spies, or moles ," "non public

14  information," "non-public sources ," "non-public means," "on false pretenses,"

15  "confidential product and pricing information," and "'competitive management

16  agreements' or 'category management agreements,'" in this context as vague,

17  ambiguous, and incomprehensible. Mattel further objects to the Request on the

18  grounds that it seeks documents that are not relevant to this action or likely to lead

19  to the discovery of admissible evidence.  Mattel further objects to this Request on

20  the grounds that it seeks, in its entirety, confidential, proprietary and trade secret

21  information, including such information that has no bearing on the claims or

22  defenses in this case.  Mattel further objects to this Request on the grounds that it

23  calls for the disclosure of information subject to the attorney-client privilege, the

24  attorney work-product doctrine and other applicable privileges.

25

26

27

28

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel refuses to produce documents in response to this request, based on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  <u>See</u> <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning any efforts by Mattel to gain MGA's trade secret or confidential product and pricing information.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")

1    Moreover, it is not unduly burdensome, as noted above, in that the request is

2    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

3    has engaged in a broad variety of unfair trade practices, from serial copying of

4    MGA products, to threatening retailers and suppliers to cease doing business with

5    MGA, to intimidating employees and industry groups in order to prevent MGA

6    from fairly competing.  MGA has also alleged that Mattel engaged in acts

7    amounting to unclean hands, which bars Mattel's affirmative claims.  Mattel's

8    actions to try to get MGA's trade secret or confidential information is relevant to

9    both aspects of MGA's claims.  And MGA is entitled to discovery on this issue

10        This request does not seek documents protected by the attorney-client

11   privilege, the attorney work product doctrine, or other applicable privileges.  To the

12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13        Mattel objects that the request contains confidential, proprietary, or trade

14   secret information.  A Protective Order exists in this case, obviating any concern as

15   to protection of privacy rights and/or commercially sensitive information.

16        Mattel's objection that the request is unintelligible and that certain common

17   words are vague, ambiguous and incomprehensible is without merit, and the plain

18   meaning of the terms is clear and can be found in any dictionary.  Further, the

19   meaning of these terms is clear in the context of this litigation.

20        Finally, Mattel's objection that the request is compound should be

21   disregarded.  First, the request is limited to one specific topic – Mattel's attempts to

22   gain MGA's confidential or trade secret information.  Second, there is not

23   numerical limit to the number of requests for production (unlike interrogatories) so

24   there is no basis for an objection that a request is compound.

25        None of Mattel's improper objections are valid and Mattel is obligated to

26   produce all non-privileged responsive documents in its possession, custody, or

27   control.

28

**REQUEST FOR PRODUCTION NO. 477:**

All COMMUNICATIONS between YOU and any recruiting agency or service including, but not limited to, Gregory Michaels & Associates, that REFER OR RELATE TO recruiting or contacting any MGA employee to work for YOU.

**RESPONSE TO REQUEST NO. 477:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the use of the term "recruiting agency or service" in this context as vague and ambiguous.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**CORRECTED RESPONSE TO REQUEST NO. 477:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the use of the term "recruiting agency or service" in this context as vague and ambiguous.

1   Mattel further objects to the Request on the grounds that it seeks documents that are

2   not relevant to this action or likely to lead to the discovery of admissible evidence.

3   Mattel further objects to this Request on the grounds that it seeks confidential,

4   proprietary and trade secret information, including such information that has no

5   bearing on the claims or defenses in this case.  Mattel further objects to this Request

6   on the grounds that it calls for the disclosure of information subject to the

7   attorney-client privilege, the attorney work-product doctrine and other applicable

8   privileges.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

11  **SHOULD BE COMPELLED**

12      Mattel has not agreed to produce documents in response to this request, based

13  on its improper boilerplate objections.  Mattel has refused to confirm whether or not

14  it has produced all non-privileged responsive documents or whether it is

15  withholding documents based on its objections in Phase 2.  Under the Federal Rules

16  of Civil Procedure, "an objection to part of a request must specify the part and

17  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

18  fail to explain the basis for an objection with specificity are routinely rejected in the

19  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

20  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

21  and harassing' are improper – especially when a party fails to submit any

22  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

23  compelled either to certify that it has produced all non-privileged responsive

24  documents or to produce all such documents by a date certain.

25      To the extent that Mattel is relying on its blanket objections, they are not

26  sustainable and do not justify Mattel's failure to produce documents.

27      As to overbreadth, Mattel provides no explanation, let alone the required

28  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

1   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

2   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

3   contrary, the request is narrowly tailored to seek documents concerning

4   communications between Mattel and any recruiting agency or service relating

5   recruiting or contacting MGA employees to work for Mattel.

6          As to burden, Mattel has not attempted to demonstrate why responding to

7   this request and/or producing responsive documents presents any burden.  This

8   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

9   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10  request is unduly burdensome must allege specific facts which indicate the nature

11  and extent of the burden, usually by affidavit or other reliable evidence.")

12  Moreover, it is not unduly burdensome, as noted above, in that the request is

13  narrowly tailored to seek only discoverable evidence.  MGA alleges that Mattel has

14  engaged in various acts of unfair competition and unclean hands, including attempts

15  to gather MGA's confidential or trade secret information.  MGA is entitled to

16  discovery about Mattel's recruiting practices to support is claims.

17         Mattel's relevance objection should be similarly dismissed.  This request

18  seeks information relating to MGA's claims that Mattel attempts to recruit MGA

19  employees in order to gain access to MGA's confidential or trade secret

20  information.  Mattel's relationships with recruiting agencies will provide such

21  information and will lead to further admissible evidence.

22         Mattel's objection that certain common words are vague and ambiguous is

23  without merit.  The term "recruiting agency or service" is a commonly used and

24  plainly worded term referring to services hired by employers for the purpose of

25  recruiting potential employees, and is in no way vague or ambiguous.

26         Mattel objects that the request contains confidential, proprietary and trade

27  secret information.  A Protective Order exists in this case, obviating any concern as

28  to protection of privacy rights and/or commercially sensitive information.

1    This request does not seek information protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    None of Mattel's improper objections are valid and Mattel is obligated to

5    produce all non-privileged responsive documents in its possession, custody, or

6    control.

7

8    **REQUEST FOR PRODUCTION NO. 478:**

9    All DOCUMENTS REFERRING OR RELATING to any use or

10   contemplated use by YOU of any recruiting agency or service including, but

11   not limited to Gregory Michaels & Associates to contact or recruit any

12   MGA employee to work for YOU.

13   **RESPONSE TO REQUEST NO. 478:**

14   In addition to the general objections stated above which are incorporated

15   herein by reference, Mattel objects to this Request on the grounds that it is

16   overbroad and unduly burdensome, including in that it seeks all documents on this

17   subject without limitation as to time, and regardless of whether such documents

18   relate to products or matters at issue in this case.  Mattel further objects to the use

19   of the term "recruiting agency or service" in this context as vague and ambiguous.

20   Mattel further objects to the Request on the grounds that it seeks documents that are

21   not relevant to this action or likely to lead to the discovery of admissible evidence.

22   Mattel further objects to this Request on the grounds that it seeks confidential,

23   proprietary and trade secret information, including such information that has no

24   bearing on the claims or defenses in this case.  Mattel further objects to this Request

25   on the grounds that it calls for the disclosure of information subject to the

26   attorney-client privilege, the attorney work-product doctrine and other applicable

27   privileges.

28

**CORRECTED RESPONSE TO REQUEST NO. 478:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the use of the term "recruiting agency or service" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any

1  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

2  compelled either to certify that it has produced all non-privileged responsive

3  documents or to produce all such documents by a date certain.

4       To the extent that Mattel is relying on its blanket objections, they are not

5  sustainable and do not justify Mattel's failure to produce documents.

6       As to overbreadth, Mattel provides no explanation, let alone the required

7  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10  contrary, the request is narrowly tailored to seek documents concerning Mattel's

11  actual or contemplated use of any recruiting agency or service to contact or

12  recruit MGA employees to work for Mattel.

13       As to burden, Mattel has not attempted to demonstrate why responding to

14  this request and/or producing responsive documents presents any burden.  This

15  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

16  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17  request is unduly burdensome must allege specific facts which indicate the nature

18  and extent of the burden, usually by affidavit or other reliable evidence.")

19  Moreover, it is not unduly burdensome, as noted above, in that the request is

20  narrowly tailored to seek only discoverable evidence. MGA alleges that Mattel has

21  engaged in various acts of unfair competition and unclean hands, including attempts

22  to gather MGA's confidential or trade secret information.  MGA is entitled to

23  discovery about Mattel's recruiting practices to support is claims.

24       Mattel's relevance objection should be similarly dismissed.  This request

25  seeks information relating to MGA's claims that Mattel attempts to recruit MGA

26  employees in order to gain access to MGA's confidential or trade secret

27  information.  Mattel's relationships with recruiting agencies will provide such

28  information and will lead to further admissible evidence.

1        Mattel's objection that certain common words are vague and ambiguous is

2   without merit.  The term "recruiting agency or service" is a commonly used and

3   plainly worded term referring to services hired by employers for the purpose of

4   recruiting potential employees, and is in no way vague or ambiguous.

5        Mattel objects that the request contains confidential, proprietary and trade

6   secret information.  A Protective Order exists in this case, obviating any concern as

7   to protection of privacy rights and/or commercially sensitive information.

8        This request does not seek documents protected by the attorney-client

9   privilege, the attorney work product doctrine, or other applicable privileges.  To the

10   extent that Mattel contends that it does, Mattel must provide a privilege log.

11        None of Mattel's improper objections are valid and Mattel is obligated to

12   produce all non-privileged responsive documents in its possession, custody, or

13   control.

14

15   **REQUEST FOR PRODUCTION NO. 479:**

16        DOCUMENTS sufficient to show weekly and monthly point of sale data for

17   MY SCENE fashion dolls.

18        **RESPONSE TO REQUEST NO. 479:**

19        In addition to the general objections stated above which are incorporated

20   herein by reference, Mattel objects to this Request on the grounds that it is

21   overbroad and unduly burdensome, including in that it seeks all documents on this

22   subject without limitation as to time, and regardless of whether such documents

23   relate to products or matters at issue in this case.  Mattel further objects to the use

24   of the term "point of sale data" in this context as vague and ambiguous.  Mattel

25   further objects to the Request on the grounds that it seeks documents that are not

26   relevant to this action or likely to lead to the discovery of admissible evidence.

27   Mattel further objects to this Request on the grounds that it seeks confidential,

28

1   proprietary and trade secret information, including such information that has no

2   bearing on the claims or defenses in this case.

3   **CORRECTED RESPONSE TO REQUEST NO. 479:**

4   In addition to the general objections stated above which are incorporated

5   herein by reference, Mattel objects to this Request on the grounds that it is

6   overbroad and unduly burdensome, including in that it seeks all documents on this

7   subject without limitation as to time, and regardless of whether such documents

8   relate to products or matters at issue in this case.  Mattel further objects to the use

9   of the term "point of sale data" in this context as vague and ambiguous.  Mattel

10  further objects to the Request on the grounds that it seeks documents that are not

11  relevant to this action or likely to lead to the discovery of admissible evidence.

12  Mattel further objects to this Request on the grounds that it seeks confidential,

13  proprietary and trade secret information, including such information that has no

14  bearing on the claims or defenses in this case.

15

16  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

17

18  Mattel has improperly refused to produce documents in response to this

19  request, based on its improper boilerplate objections.  Mattel has refused to confirm

20  whether or not it has produced all non-privileged responsive documents or whether

21  it is withholding documents based on its objections in Phase 2.  Under the Federal

22  Rules of Civil Procedure, "an objection to part of a request must specify the part

23  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

24  that fail to explain the basis for an objection with specificity are routinely rejected

25  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

26  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

27  burdensome and harassing' are improper – especially when a party fails to submit

28  any evidentiary declarations supporting such objections").  Accordingly, Mattel

1   must be compelled either to certify that it has produced all non-privileged

2   responsive documents or to produce all such documents by a date certain.

3       To the extent that Mattel is relying on its blanket objections, they are not

4   sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the required

6   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9   contrary, the request is narrowly tailored to seek documents sufficient to show

10  weekly and monthly point of sale data for MY SCENE fashion dolls.

11      As to burden, Mattel has not attempted to demonstrate why responding to

12  this request and/or producing responsive documents presents any burden.  This

13  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

14  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15  request is unduly burdensome must allege specific facts which indicate the nature

16  and extent of the burden, usually by affidavit or other reliable evidence.")

17  Moreover, it is not unduly burdensome, as noted above, in that the request is

18  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19  has engaged in a broad variety of unfair trade practices, including serial copying of

20  MGA products.  Sales data for MY SCENE fashion dolls directly relate to these

21  allegations, including but not limited to MGA's damages.  MGA is entitled to

22  discovery on these claims.

23      As for relevancy, Mattel has not attempted to demonstrate why responding to

24  this request and/or producing responsive documents is irrelevant to the present

25  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

26  MGA products, and MY SCENE is an example of one such product line.  A request

27  for documents sufficient to show weekly and monthly point of sale data for MY

28  SCENE fashion dolls is therefore relevant to this action and MGA's claim.

1    Mattel objects that the request contains confidential, proprietary, and trade

2    secret information.  A Protective Order exists in this case, obviating any concern as

3    to protection of privacy rights and/or commercially sensitive information.

4        None of Mattel's improper objections are valid and Mattel is obligated to

5    produce all non-privileged responsive documents in its possession, custody, or

6    control.

7

8    **REQUEST FOR PRODUCTION NO. 480:**

9        All DOCUMENTS REFERRING OR RELATING TO YOUR receipt,

10   reproduction, copying, storage, transmission, transfer, retention, destruction,

11   deletion, or use of any DOCUMENT identifying MGA products in the course of

12   any planning, design, development or revision of any YOUR products.

13   **RESPONSE TO REQUEST NO. 480:**

14       In addition to the general objections stated above which are incorporated

15   herein by reference, Mattel objects to this Request on the grounds that it is

16   overbroad and unduly burdensome, including in that it seeks all documents on this

17   subject without limitation as to time, and regardless of whether such documents

18   relate to products or matters at issue in this case The Request is also unintelligible,

19   leaving Mattel to guess what documents are being sought.  Mattel further objects to

20   the Request on the grounds that it seeks documents that are not relevant to this

21   action or likely to lead to the discovery of admissible evidence.  Mattel further

22   objects to this Request on the grounds that it seeks confidential, proprietary and

23   trade secret information, including such information that has no bearing on the

24   claims or defenses in this case.  Mattel further objects to this Request on the

25   grounds that it calls for the disclosure of information subject to the attorney-client

26   privilege, the attorney work-product doctrine and other applicable privileges.

27

28

1  **CORRECTED RESPONSE TO REQUEST NO. 480:**

2      In addition to the general objections stated above which are incorporated

3  herein by reference, Mattel objects to this Request on the grounds that it is

4  overbroad and unduly burdensome, including in that it seeks all documents on this

5  subject without limitation as to time, and regardless of whether such documents

6  relate to products or matters at issue in this case The Request is also unintelligible,

7  leaving Mattel to guess what documents are being sought.  Mattel further objects to

8  the Request on the grounds that it seeks documents that are not relevant to this

9  action or likely to lead to the discovery of admissible evidence.  Mattel further

10  objects to this Request on the grounds that it seeks confidential, proprietary and

11  trade secret information, including such information that has no bearing on the

12  claims or defenses in this case.  Mattel further objects to this Request on the

13  grounds that it calls for the disclosure of information subject to the attorney-client

14  privilege, the attorney work-product doctrine and other applicable privileges.

15

16  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
17  SHOULD BE COMPELLED**

18      Mattel has refused to produce documents in response to this request, based on

19  its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an

20  objection to part of a request must specify the part and permit inspection of the

21  rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

22  for an objection with specificity are routinely rejected in the Central District.  See

23  A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

24  ("general or boilerplate objections such as 'overly burdensome and harassing' are

25  improper – especially when a party fails to submit any evidentiary declarations

26  supporting such objections").  Accordingly, Mattel must be compelled either to

27  certify that it has produced all non-privileged responsive documents or to produce

28  all such documents by a date certain.

1    To the extent that Mattel is relying on its blanket objections, they are not

2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required

4    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7    contrary, the request is narrowly tailored to seek documents concerning the use and

8    destruction of documents regarding MGA's products in the course of Mattel's

9    design of its own products.

10   As to burden, Mattel has not attempted to demonstrate why responding to

11   this request and/or producing responsive documents presents any burden.  This

12   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

13   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14   request is unduly burdensome must allege specific facts which indicate the nature

15   and extent of the burden, usually by affidavit or other reliable evidence.")

16   Moreover, it is not unduly burdensome, as noted above, in that the request is

17   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

18   has engaged in a broad variety of unfair trade practices, from trade dress

19   infringement to serial copying of MGA products.  As an affirmative defense, MGA

20   has alleged spoliation of evidence.  MGA is entitled to discovery on these claims.

21   This request does not seek documents protected by the attorney-client

22   privilege, the attorney work product doctrine, or other applicable privileges.  To the

23   extent that Mattel contends that it does, Mattel must provide a privilege log.

24   Mattel objects that the request contains confidential, proprietary, or trade

25   secret information.  A Protective Order exists in this case, obviating any concern as

26   to protection of privacy rights and/or commercially sensitive information.

27   This request is tailored to seek specific evidence of use, retention or

28   destruction by Mattel of materials evidencing MGA products and used by Mattel

the course of the design and development of Mattel products.  Evidence of use of such materials would be relevant to, for example, MGA's claim of serial copying by Mattel of MGA products.  Evidence of willful destruction of such materials would also be relevant to the issue of spoliation of evidence.

Finally, Mattel's objection that the request is unintelligible is itself unintelligible.  Mattel offers no explanation of what word or phrase it is unable to understand.  Without an explanation of what part of the request Mattel is unable to understand, the Court should overrule the objection.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 482:

All DOCUMENTS, including, but not limited to, any compilation of information, that were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary, and that YOU received from any third party, including Rachel Harris or Fred Larian.

## RESPONSE TO REQUEST NO. 482:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the use of the term "any compilation of information, that were prepared made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary" in this context as vague and ambiguous.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to

1   this Request on the grounds that it seeks confidential, proprietary and trade secret

2   information, including such information that has no bearing on the claims or

3   defenses in this case.  Mattel further objects to this Request on the grounds that it

4   calls for the disclosure of information subject to the attorney-client privilege, the

5   attorney work-product doctrine and other applicable privileges.

6   **CORRECTED RESPONSE TO REQUEST NO. 482:**

7           In addition to the general objections stated above which are incorporated

8   herein by reference, Mattel objects to this Request on the grounds that it is

9   overbroad, unduly burdensome and unintelligible, including in that it seeks all

10  documents on this subject without limitation as to time, and regardless of whether

11  such documents relate to products or matters at issue in this case.  Mattel further

12  objects to the use of the term "any compilation of information, that were prepared

13  made, created, generated, assembled or compiled by or for MGA or any MGA

14  subsidiary" in this context as vague and ambiguous.  Mattel further objects to the

15  Request on the grounds that it seeks documents that are not relevant to this action

16  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

17  this Request on the grounds that it seeks confidential, proprietary and trade secret

18  information, including such information that has no bearing on the claims or

19  defenses in this case.  Mattel further objects to this Request on the grounds that it

20  calls for the disclosure of information subject to the attorney-client privilege, the

21  attorney work-product doctrine and other applicable privileges.

22

23  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
24  **SHOULD BE COMPELLED**

25          Mattel refuses to produce documents in response to this request, based on its

26  improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an

27  objection to part of a request must specify the part and permit inspection of the

28  rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

1   for an objection with specificity are routinely rejected in the Central District.  See

2   A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

3   ("general or boilerplate objections such as 'overly burdensome and harassing' are

4   improper – especially when a party fails to submit any evidentiary declarations

5   supporting such objections").  Accordingly, Mattel must be compelled either to

6   certify that it has produced all non-privileged responsive documents or to produce

7   all such documents by a date certain.

8        To the extent that Mattel is relying on its blanket objections, they are not

9   sustainable and do not justify Mattel's failure to produce documents.

10       As to overbreadth, Mattel provides no explanation, let alone the required

11  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

12  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

13  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14  contrary, the request is narrowly tailored to seek documents concerning any efforts

15  by Mattel to gain MGA's confidential product and pricing information.

16       As to burden, Mattel has not attempted to demonstrate why responding to

17  this request and/or producing responsive documents presents any burden.  This

18  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

19  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20  request is unduly burdensome must allege specific facts which indicate the nature

21  and extent of the burden, usually by affidavit or other reliable evidence.")

22  Moreover, it is not unduly burdensome, as noted above, in that the request is

23  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

24  has engaged in a broad variety of unfair trade practices, from serial copying of

25  MGA products, to threatening retailers and suppliers to cease doing business with

26  MGA, to intimidating employees and industry groups in order to prevent MGA

27  from fairly competing.  MGA has also alleged that Mattel has engaged in various

28  acts amounting to unclean hands.  Mattel's receipt of documents created for MGA

1    is relevant to both aspects of MGA's claims and MGA is entitled to discovery on

2    these claims.

3           Mattel's relevance objection similarly fails.  Documents relating to Mattel's

4    receipt of information that was compiled for the benefit of MGA relates to both

5    MGA's affirmative claim of unfair trade practices, as well as its affirmative defense

6    of unclean hands.

7           This request does not seek documents protected by the attorney-client

8    privilege, the attorney work product doctrine, or other applicable privileges.  To the

9    extent that Mattel contends that it does, Mattel must provide a privilege log.

10          Mattel objects that the request contains confidential, proprietary, or trade

11   secret information.  A Protective Order exists in this case, obviating any concern as

12   to protection of privacy rights and/or commercially sensitive information.

13          Mattel's objection that this request is unintelligible and that certain common

14   words are vague, ambiguous and incomprehensible is without merit, and the plain

15   meaning of the terms is clear and can be found in any dictionary.  Further Mattel

16   has propounded discovery requests containing the same language on MGA Mexico.

17   *See* Mattel's First Set of Requests for Production to MGA Mexico, No. 39.

18          None of Mattel's improper objections are valid and Mattel is obligated to

19   produce all non-privileged responsive documents in its possession, custody, or

20   control.

21

22   **REQUEST FOR PRODUCTION NO. 492:**

23          All DOCUMENTS that REFER OR RELATE TO the retention, destruction,

24   transfer, or use of any information or DOCUMENTS known to or possessed by any

25   current or former MGA employee, freelancer or contractor, including but not

26   limited to Tina Patel, Christopher Hardouin, Margo Eldridge, Charlotte Broussard,

27   and Andrew Gallerani.

28

- 34 -

**RESPONSE TO REQUEST NO. 492:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products, matters, or persons at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**CORRECTED RESPONSE TO REQUEST NO. 492:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products, matters, or persons at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has refused to produce documents in response to this request, based on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's knowledge of MGA documents possessed specific individuals.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is

1   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

2   has engaged in a broad variety of unfair trade practices, from serial copying of

3   MGA products, to intimidating employees and industry groups in order to prevent

4   MGA from fairly competing.  MGA has also alleged that Mattel engaged in various

5   acts amounting to unclean hands, including attempts to gather MGA's trade secret

6   and confidential information.  MGA is entitled to discovery on these claims.

7        This request does not seek documents protected by the attorney-client

8   privilege, the attorney work product doctrine, or other applicable privileges.  To the

9   extent that Mattel contends that it does, Mattel must provide a privilege log.

10       Mattel objects that the request contains confidential, proprietary, or trade

11  secret information.  A Protective Order exists in this case, obviating any concern as

12  to protection of privacy rights and/or commercially sensitive information.

13       This request is tailored to seek specific evidence of use, retention or

14  destruction by Mattel of the documents of current or former MGA employees,

15  freelancers or contractors, including Tina Patel, Christopher Hardouin, Margo

16  Eldridge, Charlotte Broussard, and Andrew Gallerani.  As alleged in MGA's

17  Complaint, affirmative defenses, and interrogatory responses, Mattel's hiring of and

18  contracting with former MGA employees and contractors is central to MGA's

19  unfair competition claim and unclean hands defense, which allege that Mattel

20  intimidated employees in the industry and used them to spy on MGA in an effort to

21  gain confidential information about MGA.  If Mattel willfully used and/or

22  destroyed any documents evidencing this activity, such spoliation would be highly

23  relevant to MGA's claims and defenses.

24       Finally, Mattel's objection that the request is unintelligible is itself

25  unintelligible.  Mattel offers no explanation of what word or phrase it is unable to

26  understand.  Without an explanation of what part of the request Mattel is unable to

27  understand, the Court should overrule the objection.

28

1    None of Mattel's improper objections are valid and Mattel is obligated to

2    produce all non-privileged responsive documents in its possession, custody, or

3    control.

4

5    **REQUEST FOR PRODUCTION NO. 493:**

6    All COMMUNICATIONS between YOU and any PERSON REFERRING

7    OR RELATING TO the retention, destruction, transfer, or use of any information

8    or DOCUMENTS known to or possessed by any current or former MGA employee,

9    freelancer or contractor, including but not limited to Tina Patel, Christopher

10   Hardouin, Margo Eldridge, Charlotte Broussard, and Andrew Gallerani.

11   **RESPONSE TO REQUEST NO. 493:**

12   In addition to the general objections stated above which are incorporated

13   herein by reference, Mattel objects to this Request on the grounds that it is

14   overbroad, unduly burdensome and unintelligible, including in that it seeks all

15   documents on this subject without limitation as to time, and regardless of whether

16   such documents relate to products, matters, or persons at issue in this case.  Mattel

17   further objects to the Request on the grounds that it seeks documents that are not

18   relevant to this action or likely to lead to the discovery of admissible evidence.

19   Mattel further objects to this Request on the grounds that it seeks confidential,

20   proprietary and trade secret information, including such information that has no

21   bearing on the claims or defenses in this case.  Mattel further objects to this Request

22   on the grounds that it calls for the disclosure of information subject to the

23   attorney-client privilege, the attorney work-product doctrine and other applicable

24   privileges.

25   **CORRECTED RESPONSE TO REQUEST NO. 493:**

26   In addition to the general objections stated above which are incorporated

27   herein by reference, Mattel objects to this Request on the grounds that it is

28   overbroad, unduly burdensome and unintelligible, including in that it seeks all

1   documents on this subject without limitation as to time, and regardless of whether

2   such documents relate to products, matters, or persons at issue in this case.  Mattel

3   further objects to the Request on the grounds that it seeks documents that are not

4   relevant to this action or likely to lead to the discovery of admissible evidence.

5   Mattel further objects to this Request on the grounds that it seeks confidential,

6   proprietary and trade secret information, including such information that has no

7   bearing on the claims or defenses in this case.  Mattel further objects to this Request

8   on the grounds that it calls for the disclosure of information subject to the

9   attorney-client privilege, the attorney work-product doctrine and other applicable

10  privileges.

11

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

14          Mattel has refused to produce documents in response to this request, based on

15  its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an

16  objection to part of a request must specify the part and permit inspection of the

17  rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

18  for an objection with specificity are routinely rejected in the Central District.  See

19  A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

20  ("general or boilerplate objections such as 'overly burdensome and harassing' are

21  improper – especially when a party fails to submit any evidentiary declarations

22  supporting such objections").  Accordingly, Mattel must be compelled either to

23  certify that it has produced all non-privileged responsive documents or to produce

24  all such documents by a date certain.

25          To the extent that Mattel is relying on its blanket objections, they are not

26  sustainable and do not justify Mattel's failure to produce documents.

27          As to overbreadth, Mattel provides no explanation, let alone the required

28  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

1    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

2    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

3    contrary, the request is narrowly tailored to seek documents concerning Mattel's

4    knowledge of MGA documents possessed specific individuals.

5         As to burden, Mattel has not attempted to demonstrate why responding to

6    this request and/or producing responsive documents presents any burden.  This

7    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

8    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9    request is unduly burdensome must allege specific facts which indicate the nature

10   and extent of the burden, usually by affidavit or other reliable evidence.")

11   Moreover, it is not unduly burdensome, as noted above, in that the request is

12   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

13   has engaged in a broad variety of unfair trade practices, from serial copying of

14   MGA products, to intimidating employees and industry groups in order to prevent

15   MGA from fairly competing.  MGA has also alleged that Mattel engaged in various

16   acts amounting to unclean hands, including attempts to gather MGA's trade secret

17   and confidential information.  MGA is entitled to discovery on these claims.

18        This request does not seek documents protected by the attorney-client

19   privilege, the attorney work product doctrine, or other applicable privileges.  To the

20   extent that Mattel contends that it does, Mattel must provide a privilege log.

21        Mattel objects that the request contains confidential, proprietary, or trade

22   secret information.  A Protective Order exists in this case, obviating any concern as

23   to protection of privacy rights and/or commercially sensitive information.

24        This request is tailored to seek specific evidence of use, retention or

25   destruction by Mattel of the documents of current or former MGA employees,

26   freelancers or contractors, including Tina Patel, Christopher Hardouin, Margo

27   Eldridge, Charlotte Broussard, and Andrew Gallerani.  As alleged in MGA's

28   Complaint, affirmative defenses, and interrogatory responses, Mattel's hiring of and

1   contracting with former MGA employees and contractors is central to MGA's

2   unfair competition claim and unclean hands defense, which allege that Mattel

3   intimidated employees in the industry and used them to spy on MGA in an effort to

4   gain confidential information about MGA.  If Mattel willfully used and/or

5   destroyed any documents evidencing this activity, such spoliation would be highly

6   relevant to MGA's claims and defenses.

7        Finally, Mattel's objection that the request is unintelligible is itself

8   unintelligible.  Mattel offers no explanation of what word or phrase it is unable to

9   understand.  Without an explanation of what part of the request Mattel is unable to

10  understand, the Court should overrule the objection.

11       None of Mattel's improper objections are valid and Mattel is obligated to

12  produce all non-privileged responsive documents in its possession, custody, or

13  control.

14

15  **REQUEST FOR PRODUCTION NO. 494:**

16       All COMMUNICATIONS between YOU and Tina Patel prior to her date of

17  hire by MATTEL.

18       **RESPONSE TO REQUEST NO. 494:**

19       In addition to the general objections stated above which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is

21  overbroad and unduly burdensome, including in that it seeks all documents on this

22  subject without limitation as to time, and regardless of whether such documents

23  relate to products, matters, or persons at issue in this case.  Mattel further objects to

24  the Request on the grounds that it seeks documents that are not relevant to this

25  action or likely to lead to the discovery of admissible evidence.  Mattel further

26  objects to this Request on the grounds that it seeks confidential, proprietary and

27  trade secret information, including such information that has no bearing on the

28  claims or defenses in this case.  Mattel further objects to this Request on the

1   grounds that it calls for the disclosure of information subject to the

2   attorney-client privilege, the attorney work-product doctrine and other

3   applicable privileges.

4        **<u>CORRECTED RESPONSE TO REQUEST NO. 494:</u>**

5        In addition to the general objections stated above which are incorporated

6   herein by reference, Mattel objects to this Request on the grounds that it is

7   overbroad and unduly burdensome, including in that it seeks all documents on this

8   subject without limitation as to time, and regardless of whether such documents

9   relate to products, matters, or persons at issue in this case.  Mattel further objects to

10  the Request on the grounds that it seeks documents that are not relevant to this

11  action or likely to lead to the discovery of admissible evidence.  Mattel further

12  objects to this Request on the grounds that it seeks confidential, proprietary and

13  trade secret information, including such information that has no bearing on the

14  claims or defenses in this case.  Mattel further objects to this Request on the

15  grounds that it calls for the disclosure of information subject to the attorney-client

16  privilege, the attorney work-product doctrine and other applicable privileges.

17

18  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

19

20       Mattel has not agreed to produce any documents in response to this request,

21  relying on its improper boilerplate objections.  Mattel has refused to confirm

22  whether or not it has produced all non-privileged responsive documents or whether

23  it is withholding documents based on its objections in Phase 2.  Under the Federal

24  Rules of Civil Procedure, "an objection to part of a request must specify the part

25  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

26  that fail to explain the basis for an objection with specificity are routinely rejected

27  in the Central District.  See <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186,

28  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

- 42 -

1  burdensome and harassing' are improper – especially when a party fails to submit

2  any evidentiary declarations supporting such objections").  Accordingly, Mattel

3  must be compelled either to certify that it has produced all non-privileged

4  responsive documents or to produce all such documents by a date certain.

5      To the extent that Mattel is relying on its blanket objections, they are not

6  sustainable and do not justify Mattel's failure to produce documents.

7      As to overbreadth, Mattel provides no explanation, let alone the required

8  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

9  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

11  contrary, the request is narrowly tailored to seek information concerning Tina Patel,

12  an ex-MGA employee who was the "Bratz" brand manager from 8/02 to 5/03,

13  involved in marketing the MGA products at issue in MGA Phase 2 claims, and left

14  MGA to work for Mattel.

15      As to burden, Mattel has not attempted to demonstrate why responding to

16  this request and/or producing responsive documents presents any burden.  This

17  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.")

21  Moreover, it is not unduly burdensome, as noted above, in that the request is

22  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23  has engaged in copying of MGA products and packaging, as well as a broad variety

24  of acts constituting unclean hands, including specifically the hiring of Patel and

25  attempting to gain confidential information about MGA from her.  MGA is entitled

26  to discovery on these claims.

27      This request does not seek documents protected by the attorney-client

28  privilege, the attorney work product doctrine, or other applicable privileges.  To the

1    extent that Mattel contends that it does, Mattel must provide a privilege log.

2          Mattel objects that the request seeks confidential, proprietary and trade secret

3    information.  A Protective Order exists in this case, obviating any concern as to

4    protection of privacy rights and/or commercially sensitive information.

5          Mattel's relevance objection should be overruled.  MGA has alleged trade

6    dress claims related to "Bratz" and has alleged claims of unfair competition based

7    on Mattel's serial copying and imitation of MGA's products.  MGA has also

8    brought an affirmative defense of unclean hands, which is based in part, on a

9    specific allegation that Mattel hired Patel and attempted to gain confidential MGA

10   information from her.  As such, documents related to Patel are highly relevant and

11   likely to lead to the discovery of admissible evidence.

12         None of Mattel's improper objections are valid and Mattel is obligated to

13   produce all non-privileged responsive documents in its possession, custody, or

14   control.

15

16   **REQUEST FOR PRODUCTION NO. 495:**

17         All DOCUMENTS REFERRING OR RELATING TO

18   COMMUNICATIONS between YOU and Tina Patel prior to her date of

19   hire by MATTEL, including but not limited to all calendar entries, phone

20   logs, phone records and notes reflecting such COMMUNICATIONS.

21         **RESPONSE TO REQUEST NO. 495:**

22         In addition to the general objections stated above which are

23   incorporated herein by reference, Mattel objects to this Request on the

24   grounds that it is overbroad and unduly burdensome, including in that it

25   seeks all documents on this subject without limitation as to time, and

26   regardless of whether such documents relate to products, matters, or persons

27   at issue in this case.  Mattel further objects to the Request on the grounds

28   that it seeks documents that are not relevant to this action or likely to lead to

1   the discovery of admissible evidence.  Mattel further objects to this Request

2   on the grounds that it seeks confidential, proprietary and trade secret

3   information, including such information that has no bearing on the claims or

4   defenses in this case.  Mattel further objects to this Request on the grounds

5   that it calls for the disclosure of information subject to the attorney-client

6   privilege, the attorney work-product doctrine and other applicable

7   privileges.

8           **CORRECTED RESPONSE TO REQUEST NO. 495:**

9         In addition to the general objections stated above which are incorporated

10  herein by reference, Mattel objects to this Request on the grounds that it is

11  overbroad and unduly burdensome, including in that it seeks all documents on this

12  subject without limitation as to time, and regardless of whether such documents

13  relate to products, matters, or persons at issue in this case.  Mattel further objects to

14  the Request on the grounds that it seeks documents that are not relevant to this

15  action or likely to lead to the discovery of admissible evidence.  Mattel further

16  objects to this Request on the grounds that it seeks confidential, proprietary and

17  trade secret information, including such information that has no bearing on the

18  claims or defenses in this case.  Mattel further objects to this Request on the

19  grounds that it calls for the disclosure of information subject to the attorney-client

20  privilege, the attorney work-product doctrine and other applicable privileges.

21

22      **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

23

24        Mattel has not agreed to produce any documents in response to this request,

25  relying on its improper boilerplate objections.  Mattel has refused to confirm

26  whether or not it has produced all non-privileged responsive documents or whether

27  it is withholding documents based on its objections in Phase 2.  Under the Federal

28  Rules of Civil Procedure, "an objection to part of a request must specify the part

1   and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

2   that fail to explain the basis for an objection with specificity are routinely rejected

3   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

4   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

5   burdensome and harassing' are improper – especially when a party fails to submit

6   any evidentiary declarations supporting such objections").  Accordingly, Mattel

7   must be compelled either to certify that it has produced all non-privileged

8   responsive documents or to produce all such documents by a date certain.

9        To the extent that Mattel is relying on its blanket objections, they are not

10  sustainable and do not justify Mattel's failure to produce documents.

11       As to overbreadth, Mattel provides no explanation, let alone the required

12  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

13  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

14  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

15  contrary, the request is narrowly tailored to seek information concerning Tina Patel,

16  an ex-MGA employee who was the "Bratz" brand manager from 8/02 to 5/03,

17  involved in marketing the MGA products at issue in MGA Phase 2 claims, and left

18  MGA to work for Mattel.

19       As to burden, Mattel has not attempted to demonstrate why responding to

20  this request and/or producing responsive documents presents any burden.  This

21  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

22  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23  request is unduly burdensome must allege specific facts which indicate the nature

24  and extent of the burden, usually by affidavit or other reliable evidence.")

25  Moreover, it is not unduly burdensome, as noted above, in that the request is

26  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

27  has engaged in copying of MGA products and packaging, as well as a broad variety

28  of acts constituting unclean hands, including specifically the hiring of Patel and

1  attempting to gain confidential information about MGA from her.  MGA is entitled

2  to discovery on these claims.

3      This request does not seek documents protected by the attorney-client

4  privilege, the attorney work product doctrine, or other applicable privileges.  To the

5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6      Mattel objects that the request seeks confidential, proprietary and trade secret

7  information.  A Protective Order exists in this case, obviating any concern as to

8  protection of privacy rights and/or commercially sensitive information.

9      Mattel's relevance objection should be overruled.  MGA has alleged trade

10  dress claims related to "Bratz" and has alleged claims of unfair competition based

11  on Mattel's serial copying and imitation of MGA's products.  MGA has also

12  brought an affirmative defense of unclean hands, which is based in part, on a

13  specific allegation that Mattel hired Patel and attempted to gain confidential MGA

14  information from her.  As such, documents related to Patel are highly relevant and

15  likely to lead to the discovery of admissible evidence.

16      None of Mattel's improper objections are valid and Mattel is obligated to

17  produce all non-privileged responsive documents in its possession, custody, or

18  control.

19

20  **REQUEST FOR PRODUCTION NO. 496:**

21      All DOCUMENTS, including but not limited to all

22  COMMUNICATIONS with any PERSON, REFERRING OR RELATING

23  TO Tina Patel prior to her date of hire by MATTEL.

24      **RESPONSE TO REQUEST NO. 496:**

25      In addition to the general objections stated above which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is

27  overbroad and unduly burdensome, including in that it seeks all documents on this

28  subject without limitation as to time, and regardless of whether such documents

1  relate to products, matters, or persons at issue in this case.  Mattel further objects to

2  the Request on the grounds that it seeks documents that are not relevant to this

3  action or likely to lead to the discovery of admissible evidence.  Mattel further

4  objects to this Request on the grounds that it seeks confidential, proprietary and

5  trade secret information, including such information that has no bearing on the

6  claims or defenses in this case.  Mattel further objects to this Request on the

7  grounds that it calls for the disclosure of information subject to the attorney-client

8  privilege, the attorney work-product doctrine and other applicable privileges.

9  **CORRECTED RESPONSE TO REQUEST NO. 496:**

10  In addition to the general objections stated above which are incorporated

11  herein by reference, Mattel objects to this Request on the grounds that it is

12  overbroad and unduly burdensome, including in that it seeks all documents on this

13  subject without limitation as to time, and regardless of whether such documents

14  relate to products, matters, or persons at issue in this case.  Mattel further objects to

15  the Request on the grounds that it seeks documents that are not relevant to this

16  action or likely to lead to the discovery of admissible evidence.  Mattel further

17  objects to this Request on the grounds that it seeks confidential, proprietary and

18  trade secret information, including such information that has no bearing on the

19  claims or defenses in this case.  Mattel further objects to this Request on the

20  grounds that it calls for the disclosure of information subject to the attorney-client

21  privilege, the attorney work-product doctrine and other applicable privileges.

22

23  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

24  **SHOULD BE COMPELLED**

25  Mattel has not agreed to produce any documents in response to this request,

26  relying on its improper boilerplate objections.  Mattel has refused to confirm

27  whether or not it has produced all non-privileged responsive documents or whether

28  it is withholding documents based on its objections in Phase 2.  Under the Federal

1   Rules of Civil Procedure, "an objection to part of a request must specify the part

2   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

3   that fail to explain the basis for an objection with specificity are routinely rejected

4   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

5   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

6   burdensome and harassing' are improper – especially when a party fails to submit

7   any evidentiary declarations supporting such objections").  Accordingly, Mattel

8   must be compelled either to certify that it has produced all non-privileged

9   responsive documents or to produce all such documents by a date certain.

10          To the extent that Mattel is relying on its blanket objections, they are not

11   sustainable and do not justify Mattel's failure to produce documents.

12          As to overbreadth, Mattel provides no explanation, let alone the required

13   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

14   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

15   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

16   contrary, the request is narrowly tailored to seek information concerning Tina Patel,

17   an ex-MGA employee who was the "Bratz" brand manager from 8/02 to 5/03,

18   involved in marketing the MGA products at issue in MGA Phase 2 claims, and left

19   MGA to work for Mattel.

20          As to burden, Mattel has not attempted to demonstrate why responding to

21   this request and/or producing responsive documents presents any burden.  This

22   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

23   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24   request is unduly burdensome must allege specific facts which indicate the nature

25   and extent of the burden, usually by affidavit or other reliable evidence.")

26   Moreover, it is not unduly burdensome, as noted above, in that the request is

27   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

28   has engaged in copying of MGA products and packaging, as well as a broad variety

1   of acts constituting unclean hands, including specifically the hiring of Patel and

2   attempting to gain confidential information about MGA from her.  MGA is entitled

3   to discovery on these claims.

4        This request does not seek documents protected by the attorney-client

5   privilege, the attorney work product doctrine, or other applicable privileges.  To the

6   extent that Mattel contends that it does, Mattel must provide a privilege log.

7        Mattel objects that the request seeks confidential, proprietary and trade secret

8   information.  A Protective Order exists in this case, obviating any concern as to

9   protection of privacy rights and/or commercially sensitive information.

10        Mattel's relevance objection should be overruled.  MGA has alleged trade

11   dress claims related to "Bratz" and has alleged claims of unfair competition based

12   on Mattel's serial copying and imitation of MGA's products.  MGA has also

13   brought an affirmative defense of unclean hands, which is based in part, on a

14   specific allegation that Mattel hired Patel and attempted to gain confidential MGA

15   information from her.  As such, documents related to Patel are highly relevant and

16   likely to lead to the discovery of admissible evidence.

17        None of Mattel's improper objections are valid and Mattel is obligated to

18   produce all non-privileged responsive documents in its possession, custody, or

19   control.

20

21   **REQUEST FOR PRODUCTION NO. 497:**

22        All DOCUMENTS, including but not limited to all COMMUNICATIONS

23   with any PERSON, REFERRING OR RELATING TO Tina Patel's resignation

24   from MGA.

25        **RESPONSE TO REQUEST NO. 497:**

26        In addition to the general objections stated above which are incorporated

27   herein by reference, Mattel objects to this Request on the grounds that it is

28   overbroad and unduly burdensome, including in that it seeks all documents on this

subject without limitation as to time, and regardless of whether such documents relate to products, matters, or persons at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

### CORRECTED RESPONSE TO REQUEST NO. 497:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products, matters, or persons at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.


### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce any documents in response to this request, relying on its improper boilerplate objections.  Mattel has refused to confirm

1   whether or not it has produced all non-privileged responsive documents or whether

2   it is withholding documents based on its objections in Phase 2.  Under the Federal

3   Rules of Civil Procedure, "an objection to part of a request must specify the part

4   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

5   that fail to explain the basis for an objection with specificity are routinely rejected

6   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

7   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

8   burdensome and harassing' are improper – especially when a party fails to submit

9   any evidentiary declarations supporting such objections").  Accordingly, Mattel

10  must be compelled either to certify that it has produced all non-privileged

11  responsive documents or to produce all such documents by a date certain.

12      To the extent that Mattel is relying on its blanket objections, they are not

13  sustainable and do not justify Mattel's failure to produce documents.

14      As to overbreadth, Mattel provides no explanation, let alone the required

15  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

16  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

17  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

18  contrary, the request is narrowly tailored to seek information concerning Tina Patel,

19  an ex-MGA employee who was the "Bratz" brand manager from 8/02 to 5/03,

20  involved in marketing the MGA products at issue in MGA Phase 2 claims, and left

21  MGA to work for Mattel.

22      As to burden, Mattel has not attempted to demonstrate why responding to

23  this request and/or producing responsive documents presents any burden.  This

24  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

25  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

26  request is unduly burdensome must allege specific facts which indicate the nature

27  and extent of the burden, usually by affidavit or other reliable evidence.")

28  Moreover, it is not unduly burdensome, as noted above, in that the request is

narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in copying of MGA products and packaging, as well as a broad variety of acts constituting unclean hands, including specifically the hiring of Patel and attempting to gain confidential information about MGA from her.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request seeks confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel's relevance objection should be overruled.  MGA has alleged trade dress claims related to "Bratz" and has alleged claims of unfair competition based on Mattel's serial copying and imitation of MGA's products.  MGA has also brought an affirmative defense of unclean hands, which is based in part, on a specific allegation that Mattel hired Patel and attempted to gain confidential MGA information from her.  As such, documents related to Patel are highly relevant and likely to lead to the discovery of admissible evidence.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.


**REQUEST FOR PRODUCTION NO. 498:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO compensation, money or any other item of value paid to Tina Patel, whether directly or indirectly, by YOU.

1   **RESPONSE TO REQUEST NO. 498:**

2   In addition to the general objections stated above which are

3   incorporated herein by reference, Mattel objects to this Request on the

4   grounds that it is overbroad and unduly burdensome, including in that it

5   seeks all documents on this subject without limitation as to time, and

6   regardless of whether such documents relate to products, matters, or persons

7   at issue in this case.  Mattel further objects to the Request on the grounds

8   that it seeks documents that are not relevant to this action or likely to lead to

9   the discovery of admissible evidence.  Mattel further objects to this Request

10  on the grounds that it seeks confidential, proprietary and trade secret

11  information, including such information that has no bearing on the claims or

12  defenses in this case.  Mattel further objects to this Request on the grounds

13  that it calls for the disclosure of information subject to the attorney-client

14  privilege, the attorney work-product doctrine and other applicable

15  privileges.

16  **CORRECTED RESPONSE TO REQUEST NO. 498:**

17  In addition to the general objections stated above which are incorporated

18  herein by reference, Mattel objects to this Request on the grounds that it is

19  overbroad and unduly burdensome, including in that it seeks all documents on this

20  subject without limitation as to time, and regardless of whether such documents

21  relate to products, matters, or persons at issue in this case.  Mattel further objects to

22  the Request on the grounds that it seeks documents that are not relevant to this

23  action or likely to lead to the discovery of admissible evidence.  Mattel further

24  objects to this Request on the grounds that it seeks confidential, proprietary and

25  trade secret information, including such information that has no bearing on the

26  claims or defenses in this case.  Mattel further objects to this Request on the

27  grounds that it calls for the disclosure of information subject to the attorney-client

28  privilege, the attorney work-product doctrine and other applicable privileges.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce any documents in response to this request, relying on its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek information concerning Tina Patel, an ex-MGA employee who was the "Bratz" brand manager from 8/02 to 5/03, involved in marketing the MGA products at issue in MGA Phase 2 claims, and left MGA to work for Mattel.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

1    <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2    request is unduly burdensome must allege specific facts which indicate the nature

3    and extent of the burden, usually by affidavit or other reliable evidence.")

4    Moreover, it is not unduly burdensome, as noted above, in that the request is

5    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

6    has engaged in copying of MGA products and packaging, as well as a broad variety

7    of acts constituting unclean hands, including specifically the hiring of Patel and

8    attempting to gain confidential information about MGA from her.  MGA is entitled

9    to discovery on these claims.

10        This request does not seek documents protected by the attorney-client

11    privilege, the attorney work product doctrine, or other applicable privileges.  To the

12    extent that Mattel contends that it does, Mattel must provide a privilege log.

13        Mattel objects that the request seeks confidential, proprietary and trade secret

14    information.  A Protective Order exists in this case, obviating any concern as to

15    protection of privacy rights and/or commercially sensitive information.

16        Mattel's relevance objection should be overruled.  MGA has alleged trade

17    dress claims related to "Bratz" and has alleged claims of unfair competition based

18    on Mattel's serial copying and imitation of MGA's products.  MGA has also

19    brought an affirmative defense of unclean hands, which is based in part, on a

20    specific allegation that Mattel hired Patel and attempted to gain confidential MGA

21    information from her.  As such, documents related to Patel are highly relevant and

22    likely to lead to the discovery of admissible evidence.

23        None of Mattel's improper objections are valid and Mattel is obligated to

24    produce all non-privileged responsive documents in its possession, custody, or

25    control.

26

27

28

**REQUEST FOR PRODUCTION NO. 499:**

All DOCUMENTS received by YOU, directly or indirectly, from Tina Patel REFERRING OR RELATING TO any MGA product or plan.

**RESPONSE TO REQUEST NO. 499:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the term "any MGA product or plan" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**CORRECTED RESPONSE TO REQUEST NO. 499:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the term "any MGA product or plan" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of

1   admissible evidence.  Mattel further objects to this Request on the grounds that it

2   seeks confidential, proprietary and trade secret information, including such

3   information that has no bearing on the claims or defenses in this case.  Mattel

4   further objects to this Request on the grounds that it calls for the disclosure of

5   information subject to the attorney-client privilege, the attorney work-product

6   doctrine and other applicable privileges.

7

8   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

9

10   Mattel has not agreed to produce any documents in response to this request,

11   relying on its improper boilerplate objections.  Mattel has refused to confirm

12   whether or not it has produced all non-privileged responsive documents or whether

13   it is withholding documents based on its objections in Phase 2.  Under the Federal

14   Rules of Civil Procedure, "an objection to part of a request must specify the part

15   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

16   that fail to explain the basis for an objection with specificity are routinely rejected

17   in the Central District.  See <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186,

18   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

19   burdensome and harassing' are improper – especially when a party fails to submit

20   any evidentiary declarations supporting such objections").  Accordingly, Mattel

21   must be compelled either to certify that it has produced all non-privileged

22   responsive documents or to produce all such documents by a date certain.

23   To the extent that Mattel is relying on its blanket objections, they are not

24   sustainable and do not justify Mattel's failure to produce documents.

25   As to overbreadth, Mattel provides no explanation, let alone the required

26   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

27   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

28   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

1    contrary, the request is narrowly tailored to seek information concerning Tina Patel,

2    an ex-MGA employee who was the "Bratz" brand manager from 8/02 to 5/03,

3    involved in marketing the MGA products at issue in MGA Phase 2 claims, and left

4    MGA to work for Mattel.

5         As to burden, Mattel has not attempted to demonstrate why responding to

6    this request and/or producing responsive documents presents any burden.  This

7    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

8    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9    request is unduly burdensome must allege specific facts which indicate the nature

10   and extent of the burden, usually by affidavit or other reliable evidence.")

11   Moreover, it is not unduly burdensome, as noted above, in that the request is

12   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

13   has engaged in copying of MGA products and packaging, as well as a broad variety

14   of acts constituting unclean hands, including specifically the hiring of Patel and

15   attempting to gain confidential information about MGA from her.  MGA is entitled

16   to discovery on these claims.

17        This request does not seek documents protected by the attorney-client

18   privilege, the attorney work product doctrine, or other applicable privileges.  To the

19   extent that Mattel contends that it does, Mattel must provide a privilege log.

20        Mattel objects that the request seeks confidential, proprietary and trade secret

21   information.  A Protective Order exists in this case, obviating any concern as to

22   protection of privacy rights and/or commercially sensitive information.

23        Mattel's objection that the request is unintelligible and that the term

24   "any MGA product or plan" is vague and ambiguous is disingenuous.

25   There is nothing vague about this, especially in the context of this suit.  The

26   parties have routinely sought discovery about each others "products" and

27   "plans."

28

1       Mattel's relevance objection should be overruled.  MGA has alleged trade

2  dress claims related to "Bratz" and has alleged claims of unfair competition based

3  on Mattel's serial copying and imitation of MGA's products.  MGA has also

4  brought an affirmative defense of unclean hands, which is based in part, on a

5  specific allegation that Mattel hired Patel and attempted to gain confidential MGA

6  information from her.  As such, documents related to Patel are highly relevant and

7  likely to lead to the discovery of admissible evidence.

8       None of Mattel's improper objections are valid and Mattel is obligated to

9  produce all non-privileged responsive documents in its possession, custody, or

10  control.

11

12  **REQUEST FOR PRODUCTION NO. 500:**

13       All DOCUMENTS, including but not limited to all

14  COMMUNICATIONS with any PERSON, REFERRING OR RELATING

15  TO YOUR receipt, reproduction, copying, storage, transmission, transfer,

16  retention, destruction, deletion or use of any DOCUMENTS, data and/or

17  information, including but not limited to any compilation of information,

18  that was prepared, made, created, generated, assembled or compiled by or

19  for MGA and that YOU received, directly or indirectly, from Tina Patel.

20       **RESPONSE TO REQUEST NO. 500:**

21       In addition to the general objections stated above which are

22  incorporated herein by reference, Mattel objects to this Request on the

23  grounds that it is overbroad, unduly burdensome and unintelligible, including in

24  that it seeks all documents on this subject without limitation as to time, and

25  regardless of whether such documents relate to products or matters at issue in this

26  case.  Mattel further objects to the use of the term "any compilation of information,

27  that were prepared made, created, generated, assembled or compiled by or for

28  MGA" in this context as vague and ambiguous.  Mattel further objects to the

1 | Request on the grounds that it seeks documents that are not relevant to this action
2 | or likely to lead to the discovery of admissible evidence.  Mattel further objects to
3 | this Request on the grounds that it seeks confidential, proprietary and trade secret
4 | information, including such information that has no bearing on the claims or
5 | defenses in this case.  Mattel further objects to this Request on the grounds that it
6 | calls for the disclosure of information subject to the attorney-client privilege, the
7 | attorney work-product doctrine and other applicable privileges.

8 | **CORRECTED RESPONSE TO REQUEST NO. 500:**

9 | In addition to the general objections stated above which are incorporated
10 | herein by reference, Mattel objects to this Request on the grounds that it is
11 | overbroad, unduly burdensome and unintelligible, including in that it seeks all
12 | documents on this subject without limitation as to time, and regardless of whether
13 | such documents relate to products or matters at issue in this case.  Mattel further
14 | objects to the use of the term "any compilation of information, that were prepared
15 | made, created, generated, assembled or compiled by or for MGA" in this context as
16 | vague and ambiguous.  Mattel further objects to the Request on the grounds that it
17 | seeks documents that are not relevant to this action or likely to lead to the discovery
18 | of admissible evidence.  Mattel further objects to this Request on the grounds that it
19 | seeks confidential, proprietary and trade secret information, including such
20 | information that has no bearing on the claims or defenses in this case.  Mattel
21 | further objects to this Request on the grounds that it calls for the disclosure of
22 | information subject to the attorney-client privilege, the attorney work-product
23 | doctrine and other applicable privileges.

24 |

25 | **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
26 | **SHOULD BE COMPELLED**

27 | Mattel has not agreed to produce any documents in response to this request,
28 | relying on its improper boilerplate objections.  Mattel has refused to confirm

1    whether or not it has produced all non-privileged responsive documents or whether

2    it is withholding documents based on its objections in Phase 2.  Under the Federal

3    Rules of Civil Procedure, "an objection to part of a request must specify the part

4    and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

5    that fail to explain the basis for an objection with specificity are routinely rejected

6    in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

7    188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

8    burdensome and harassing' are improper – especially when a party fails to submit

9    any evidentiary declarations supporting such objections").  Accordingly, Mattel

10   must be compelled either to certify that it has produced all non-privileged

11   responsive documents or to produce all such documents by a date certain.

12        To the extent that Mattel is relying on its blanket objections, they are not

13   sustainable and do not justify Mattel's failure to produce documents.

14        As to overbreadth, Mattel provides no explanation, let alone the required

15   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

16   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

17   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

18   contrary, the request is narrowly tailored to seek information concerning Tina Patel,

19   an ex-MGA employee who was the "Bratz" brand manager from 8/02 to 5/03,

20   involved in marketing the MGA products at issue in MGA Phase 2 claims, and left

21   MGA to work for Mattel.

22        As to burden, Mattel has not attempted to demonstrate why responding to

23   this request and/or producing responsive documents presents any burden.  This

24   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

25   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

26   request is unduly burdensome must allege specific facts which indicate the nature

27   and extent of the burden, usually by affidavit or other reliable evidence.")

28   Moreover, it is not unduly burdensome, as noted above, in that the request is

1    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

2    has engaged in copying of MGA products and packaging, as well as a broad variety

3    of acts constituting unclean hands, including specifically the hiring of Patel and

4    attempting to gain confidential information about MGA from her.  MGA is entitled

5    to discovery on these claims.

6         This request does not seek documents protected by the attorney-client

7    privilege, the attorney work product doctrine, or other applicable privileges.  To the

8    extent that Mattel contends that it does, Mattel must provide a privilege log.

9         Mattel objects that the request seeks confidential, proprietary and trade secret

10   information.  A Protective Order exists in this case, obviating any concern as to

11   protection of privacy rights and/or commercially sensitive information.

12        Mattel's objection that the request is unintelligible and that the phrase

13   "any compilation of information, that were prepared made, created, generated,

14   assembled or compiled by or for MGA" is vague and ambiguous is

15   disingenuous.  There is nothing vague about this, especially in the context

16   of this suit.  Mattel itself has sought discovery from MGA using the same

17   phrase and therefore has an understanding of what it encompasses.

18        Mattel's relevance objection should be overruled.  MGA has alleged trade

19   dress claims related to "Bratz" and has alleged claims of unfair competition based

20   on Mattel's serial copying and imitation of MGA's products.  MGA has also

21   brought an affirmative defense of unclean hands, which is based in part, on a

22   specific allegation that Mattel hired Patel and attempted to gain confidential MGA

23   information from her.  As such, documents related to Patel are highly relevant and

24   likely to lead to the discovery of admissible evidence.

25        None of Mattel's improper objections are valid and Mattel is obligated to

26   produce all non-privileged responsive documents in its possession, custody, or

27   control.

28

**REQUEST FOR PRODUCTION NO. 501:**

A copy of each personnel file maintained or created by YOU REFERRING OR RELATING TO Tina Patel.

**RESPONSE TO REQUEST NO. 501:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products, matters, or persons at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**CORRECTED RESPONSE TO REQUEST NO. 501:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products, matters, or persons at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request

1   on the grounds that it calls for the disclosure of information subject to the

2   attorney-client privilege, the attorney work-product doctrine and other applicable

3   privileges.

4

5   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

6

7       Mattel has not agreed to produce any documents in response to this request,

8   relying on its improper boilerplate objections.  Mattel has refused to confirm

9   whether or not it has produced all non-privileged responsive documents or whether

10  it is withholding documents based on its objections in Phase 2.  Under the Federal

11  Rules of Civil Procedure, "an objection to part of a request must specify the part

12  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

13  that fail to explain the basis for an objection with specificity are routinely rejected

14  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

15  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

16  burdensome and harassing' are improper – especially when a party fails to submit

17  any evidentiary declarations supporting such objections").  Accordingly, Mattel

18  must be compelled either to certify that it has produced all non-privileged

19  responsive documents or to produce all such documents by a date certain.

20       To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.

22       As to overbreadth, Mattel provides no explanation, let alone the required

23  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

24  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26  contrary, the request is narrowly tailored to seek information concerning Tina Patel,

27  an ex-MGA employee who was the "Bratz" brand manager from 8/02 to 5/03,

28

1   involved in marketing the MGA products at issue in MGA Phase 2 claims, and left

2   MGA to work for Mattel.

3          As to burden, Mattel has not attempted to demonstrate why responding to

4   this request and/or producing responsive documents presents any burden.  This

5   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

6   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7   request is unduly burdensome must allege specific facts which indicate the nature

8   and extent of the burden, usually by affidavit or other reliable evidence.")

9   Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11  has engaged in copying of MGA products and packaging, as well as a broad variety

12  of acts constituting unclean hands, including specifically the hiring of Patel and

13  attempting to gain confidential information about MGA from her.  MGA is entitled

14  to discovery on these claims.

15         This request does not seek documents protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges.  To the

17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18         Mattel objects that the request seeks confidential, proprietary and trade secret

19  information.  A Protective Order exists in this case, obviating any concern as to

20  protection of privacy rights and/or commercially sensitive information.

21         Mattel's relevance objection should be overruled.  MGA has alleged trade

22  dress claims related to "Bratz" and has alleged claims of unfair competition based

23  on Mattel's serial copying and imitation of MGA's products.  MGA has also

24  brought an affirmative defense of unclean hands, which is based in part, on a

25  specific allegation that Mattel hired Patel and attempted to gain confidential MGA

26  information from her.  As such, documents related to Patel are highly relevant and

27  likely to lead to the discovery of admissible evidence.

28

1        Finally, Mattel's objection that the request is unintelligible is itself

2  unintelligible.  Mattel offers no explanation of what word or phrase it is unable to

3  understand.  Without an explanation of what part of the request Mattel is unable to

4  understand, the Court should overrule the objection.

5        None of Mattel's improper objections are valid and Mattel is obligated to

6  produce all non-privileged responsive documents in its possession, custody, or

7  control.

8

9  **REQUEST FOR PRODUCTION NO. 503:**

10       All COMMUNICATIONS between YOU and Christopher Hardouin

11  prior to his date of hire by MATTEL.

12      **RESPONSE TO REQUEST NO. 503:**

13       In addition to the general objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request on the

15  grounds that it is overbroad and unduly burdensome, including in that it

16  seeks all documents on this subject without limitation as to time, and

17  regardless of whether such documents relate to products or matters at issue

18  in this case.  Mattel further objects to the Request on the grounds that it

19  seeks documents that are not relevant to this action or likely to lead to the

20  discovery of admissible evidence.  Mattel further objects to this Request on

21  the grounds that it seeks confidential, proprietary and trade secret

22  information, including such information that has no bearing on the claims or

23  defenses in this case.  Mattel further objects to this Request on the grounds

24  that it calls for the disclosure of information subject to the attorney-client

25  privilege, the attorney work-product doctrine and other applicable

26  privileges.

27

28

**<u>CORRECTED RESPONSE TO REQUEST NO. 503:</u>**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce any documents in response to this request, relying on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. <u>See</u> <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel

1   must be compelled either to certify that it has produced all non-privileged
2   responsive documents or to produce all such documents by a date certain.

3          To the extent that Mattel is relying on its blanket objections, they are not
4   sustainable and do not justify Mattel's failure to produce documents.

5          As to overbreadth, Mattel provides no explanation, let alone the required
6   particularity, as to **why** this request is supposedly overly broad, nor can it do so.
7   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
8   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
9   contrary, the request is narrowly tailored to seek information concerning
10  Christopher Hardouin, an MGA project manager from 6/01 to 7/04, including work
11  on "Alien Racers," and currently works for Mattel.

12         As to burden, Mattel has not attempted to demonstrate why responding to
13  this request and/or producing responsive documents presents any burden.  This
14  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
15  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
16  request is unduly burdensome must allege specific facts which indicate the nature
17  and extent of the burden, usually by affidavit or other reliable evidence.")
18  Moreover, it is not unduly burdensome, as noted above, in that the request is
19  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
20  has engaged in copying of MGA products and packaging, including "Alien Racers",
21  which Hardouin worked on at MGA.  MGA is entitled to discovery on these claims.

22         This request does not seek documents protected by the attorney-client
23  privilege, the attorney work product doctrine, or other applicable privileges.  To the
24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25         Mattel objects that the request seeks confidential, proprietary and trade secret
26  information.  A Protective Order exists in this case, obviating any concern as to
27  protection of privacy rights and/or commercially sensitive information.

28

1    The requested documents are relevant.  MGA's complaint includes trade

2  dress claims against Mattel which rely, in part on allegations related to "Alien

3  Racers" and has alleged claims of unfair competition based on Mattel's serial

4  copying and imitation of MGA's products.  Documents related to Hardouin, who

5  previously worked on "Alien Racers" at MGA, are highly relevant and likely to

6  lead to the discovery of admissible evidence.

7    None of Mattel's improper objections are valid and Mattel is obligated to

8  produce all non-privileged responsive documents in its possession, custody, or

9  control.

10

11 **REQUEST FOR PRODUCTION NO. 504:**

12    All DOCUMENTS REFERRING OR RELATING TO

13 COMMUNICATIONS between YOU and Christopher Hardouin prior to his

14 date of hire by MATTEL, including but not limited to all calendar entries,

15 phone logs, phone records and notes reflecting such COMMUNICATIONS.

16   **RESPONSE TO REQUEST NO. 504:**

17    In addition to the general objections stated above which are

18 incorporated herein by reference, Mattel objects to this Request on the

19 grounds that it is overbroad and unduly burdensome, including in that it

20 seeks all documents on this subject without limitation as to time, and

21 regardless of whether such documents relate to products, matters, or persons

22 at issue in this case.  Mattel further objects to the Request on the grounds

23 that it seeks documents that are not relevant to this action or likely to lead to

24 the discovery of admissible evidence.  Mattel further objects to this Request

25 on the grounds that it seeks confidential, proprietary and trade secret

26 information, including such information that has no bearing on the claims or

27 defenses in this case.  Mattel further objects to this Request on the grounds

28 that it calls for the disclosure of information subject to the attorney-client

1  privilege, the attorney work-product doctrine and other applicable

2  privileges.

3  **CORRECTED RESPONSE TO REQUEST NO. 504:**

4  In addition to the general objections stated above which are incorporated

5  herein by reference, Mattel objects to this Request on the grounds that it is

6  overbroad and unduly burdensome, including in that it seeks all documents on this

7  subject without limitation as to time, and regardless of whether such documents

8  relate to products, matters, or persons at issue in this case.  Mattel further objects to

9  the Request on the grounds that it seeks documents that are not relevant to this

10  action or likely to lead to the discovery of admissible evidence.  Mattel further

11  objects to this Request on the grounds that it seeks confidential, proprietary and

12  trade secret information, including such information that has no bearing on the

13  claims or defenses in this case.  Mattel further objects to this Request on the

14  grounds that it calls for the disclosure of information subject to the attorney-client

15  privilege, the attorney work-product doctrine and other applicable privileges.

16

17  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

18

19  Mattel has not agreed to produce any documents in response to this request,

20  relying on its improper boilerplate objections.  Mattel has refused to confirm

21  whether or not it has produced all non-privileged responsive documents or whether

22  it is withholding documents based on its objections in Phase 2.  Under the Federal

23  Rules of Civil Procedure, "an objection to part of a request must specify the part

24  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

25  that fail to explain the basis for an objection with specificity are routinely rejected

26  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

27  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

28  burdensome and harassing' are improper – especially when a party fails to submit

1    any evidentiary declarations supporting such objections").  Accordingly, Mattel

2    must be compelled either to certify that it has produced all non-privileged

3    responsive documents or to produce all such documents by a date certain.

4        To the extent that Mattel is relying on its blanket objections, they are not

5    sustainable and do not justify Mattel's failure to produce documents.

6        As to overbreadth, Mattel provides no explanation, let alone the required

7    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10   contrary, the request is narrowly tailored to seek information concerning

11   Christopher Hardouin, an MGA project manager from 6/01 to 7/04, including work

12   on "Alien Racers," and currently works for Mattel.

13       As to burden, Mattel has not attempted to demonstrate why responding to

14   this request and/or producing responsive documents presents any burden.  This

15   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

16   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17   request is unduly burdensome must allege specific facts which indicate the nature

18   and extent of the burden, usually by affidavit or other reliable evidence.")

19   Moreover, it is not unduly burdensome, as noted above, in that the request is

20   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

21   has engaged in copying of MGA products and packaging, including "Alien Racers",

22   which Hardouin worked on at MGA.  MGA is entitled to discovery on these claims.

23       This request does not seek documents protected by the attorney-client

24   privilege, the attorney work product doctrine, or other applicable privileges.  To the

25   extent that Mattel contends that it does, Mattel must provide a privilege log.

26       Mattel objects that the request seeks confidential, proprietary and trade secret

27   information.  A Protective Order exists in this case, obviating any concern as to

28   protection of privacy rights and/or commercially sensitive information.

1    The requested documents are relevant.  MGA's complaint includes trade

2   dress claims against Mattel which rely, in part on allegations related to "Alien

3   Racers" and has alleged claims of unfair competition based on Mattel's serial

4   copying and imitation of MGA's products.  Documents related to Hardouin, who

5   previously worked on "Alien Racers" at MGA, are highly relevant and likely to

6   lead to the discovery of admissible evidence.

7    None of Mattel's improper objections are valid and Mattel is obligated to

8   produce all non-privileged responsive documents in its possession, custody, or

9   control.

10

11   **REQUEST FOR PRODUCTION NO. 505:**

12    All DOCUMENTS, including but not limited to all

13   COMMUNICATIONS with any PERSON, REFERRING OR RELATING

14   TO Christopher Hardouin prior to his date of hire by MATTEL.

15   **RESPONSE TO REQUEST NO. 505:**

16    In addition to the general objections stated above which are

17   incorporated herein by reference, Mattel objects to this Request on the

18   grounds that it is overbroad and unduly burdensome, including in that it

19   seeks all documents on this subject without limitation as to time, and

20   regardless of whether such documents relate to products, matters, or persons

21   at issue in this case.  Mattel further objects to the Request on the grounds

22   that it seeks documents that are not relevant to this action or likely to lead to

23   the discovery of admissible evidence.  Mattel further objects to this Request

24   on the grounds that it seeks confidential, proprietary and trade secret

25   information, including such information that has no bearing on the claims or

26   defenses in this case.  Mattel further objects to this Request on the grounds

27   that it calls for the disclosure of information subject to the attorney-client

28

1  privilege, the attorney work-product doctrine and other applicable

2  privileges.

3  **CORRECTED RESPONSE TO REQUEST NO. 505:**

4  In addition to the general objections stated above which are incorporated

5  herein by reference, Mattel objects to this Request on the grounds that it is

6  overbroad and unduly burdensome, including in that it seeks all documents on this

7  subject without limitation as to time, and regardless of whether such documents

8  relate to products, matters, or persons at issue in this case.  Mattel further objects to

9  the Request on the grounds that it seeks documents that are not relevant to this

10  action or likely to lead to the discovery of admissible evidence.  Mattel further

11  objects to this Request on the grounds that it seeks confidential, proprietary and

12  trade secret information, including such information that has no bearing on the

13  claims or defenses in this case.  Mattel further objects to this Request on the

14  grounds that it calls for the disclosure of information subject to the attorney-client

15  privilege, the attorney work-product doctrine and other applicable privileges.

16

17  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

18

19  Mattel has not agreed to produce any documents in response to this request,

20  relying on its improper boilerplate objections.  Mattel has refused to confirm

21  whether or not it has produced all non-privileged responsive documents or whether

22  it is withholding documents based on its objections in Phase 2.  Under the Federal

23  Rules of Civil Procedure, "an objection to part of a request must specify the part

24  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

25  that fail to explain the basis for an objection with specificity are routinely rejected

26  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

27  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

28  burdensome and harassing' are improper – especially when a party fails to submit

1   any evidentiary declarations supporting such objections").  Accordingly, Mattel

2   must be compelled either to certify that it has produced all non-privileged

3   responsive documents or to produce all such documents by a date certain.

4       To the extent that Mattel is relying on its blanket objections, they are not

5   sustainable and do not justify Mattel's failure to produce documents.

6       As to overbreadth, Mattel provides no explanation, let alone the required

7   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10  contrary, the request is narrowly tailored to seek information concerning

11  Christopher Hardouin, an MGA project manager from 6/01 to 7/04, including work

12  on "Alien Racers," and currently works for Mattel.

13      As to burden, Mattel has not attempted to demonstrate why responding to

14  this request and/or producing responsive documents presents any burden.  This

15  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

16  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17  request is unduly burdensome must allege specific facts which indicate the nature

18  and extent of the burden, usually by affidavit or other reliable evidence.")

19  Moreover, it is not unduly burdensome, as noted above, in that the request is

20  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

21  has engaged in copying of MGA products and packaging, including "Alien Racers",

22  which Hardouin worked on at MGA.  MGA is entitled to discovery on these claims.

23      This request does not seek documents protected by the attorney-client

24  privilege, the attorney work product doctrine, or other applicable privileges.  To the

25  extent that Mattel contends that it does, Mattel must provide a privilege log.

26      Mattel objects that the request seeks confidential, proprietary and trade secret

27  information.  A Protective Order exists in this case, obviating any concern as to

28  protection of privacy rights and/or commercially sensitive information.

1    The requested documents are relevant. MGA's complaint includes trade

2    dress claims against Mattel which rely, in part on allegations related to "Alien

3    Racers" and has alleged claims of unfair competition based on Mattel's serial

4    copying and imitation of MGA's products. Documents related to Hardouin, who

5    previously worked on "Alien Racers" at MGA, are highly relevant and likely to

6    lead to the discovery of admissible evidence.

7    None of Mattel's improper objections are valid and Mattel is obligated to

8    produce all non-privileged responsive documents in its possession, custody, or

9    control.

10

11   **REQUEST FOR PRODUCTION NO. 506:**

12   All DOCUMENTS, including but not limited to all

13   COMMUNICATIONS with any PERSON, REFERRING OR RELATING

14   TO Christopher Hardouin's resignation from MGA.

15   **RESPONSE TO REQUEST NO. 506:**

16   In addition to the general objections stated above which are

17   incorporated herein by reference, Mattel objects to this Request on the

18   grounds that it is overbroad and unduly burdensome, including in that it

19   seeks all documents on this subject without limitation as to time, and

20   regardless of whether such documents relate to products, matters, or persons

21   at issue in this case. Mattel further objects to the Request on the grounds

22   that it seeks documents that are not relevant to this action or likely to lead to

23   the discovery of admissible evidence. Mattel further objects to this Request

24   on the grounds that it seeks confidential, proprietary and trade secret

25   information, including such information that has no bearing on the claims or

26   defenses in this case. Mattel further objects to this Request on the grounds

27   that it calls for the disclosure of information subject to the attorney-client

28

1   privilege, the attorney work-product doctrine and other applicable

2   privileges.

3   **CORRECTED RESPONSE TO REQUEST NO. 506:**

4   In addition to the general objections stated above which are incorporated

5   herein by reference, Mattel objects to this Request on the grounds that it is

6   overbroad and unduly burdensome, including in that it seeks all documents on this

7   subject without limitation as to time, and regardless of whether such documents

8   relate to products, matters, or persons at issue in this case.  Mattel further objects to

9   the Request on the grounds that it seeks documents that are not relevant to this

10  action or likely to lead to the discovery of admissible evidence.  Mattel further

11  objects to this Request on the grounds that it seeks confidential, proprietary and

12  trade secret information, including such information that has no bearing on the

13  claims or defenses in this case.  Mattel further objects to this Request on the

14  grounds that it calls for the disclosure of information subject to the attorney-client

15  privilege, the attorney work-product doctrine and other applicable privileges.

16

17  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

18

19  Mattel has not agreed to produce any documents in response to this request,

20  relying on its improper boilerplate objections.  Mattel has refused to confirm

21  whether or not it has produced all non-privileged responsive documents or whether

22  it is withholding documents based on its objections in Phase 2.  Under the Federal

23  Rules of Civil Procedure, "an objection to part of a request must specify the part

24  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

25  that fail to explain the basis for an objection with specificity are routinely rejected

26  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

27  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

28  burdensome and harassing' are improper – especially when a party fails to submit

1    any evidentiary declarations supporting such objections").  Accordingly, Mattel

2    must be compelled either to certify that it has produced all non-privileged

3    responsive documents or to produce all such documents by a date certain.

4           To the extent that Mattel is relying on its blanket objections, they are not

5    sustainable and do not justify Mattel's failure to produce documents.

6           As to overbreadth, Mattel provides no explanation, let alone the required

7    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10    contrary, the request is narrowly tailored to seek information concerning

11    Christopher Hardouin, an MGA project manager from 6/01 to 7/04, including work

12    on "Alien Racers," and currently works for Mattel.

13           As to burden, Mattel has not attempted to demonstrate why responding to

14    this request and/or producing responsive documents presents any burden.  This

15    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

16    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17    request is unduly burdensome must allege specific facts which indicate the nature

18    and extent of the burden, usually by affidavit or other reliable evidence.")

19    Moreover, it is not unduly burdensome, as noted above, in that the request is

20    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

21    has engaged in copying of MGA products and packaging, including "Alien Racers",

22    which Hardouin worked on at MGA.  MGA is entitled to discovery on these claims.

23           This request does not seek documents protected by the attorney-client

24    privilege, the attorney work product doctrine, or other applicable privileges.  To the

25    extent that Mattel contends that it does, Mattel must provide a privilege log.

26           Mattel objects that the request seeks confidential, proprietary and trade secret

27    information.  A Protective Order exists in this case, obviating any concern as to

28    protection of privacy rights and/or commercially sensitive information.

The requested documents are relevant.  MGA's complaint includes trade dress claims against Mattel which rely, in part on allegations related to "Alien Racers" and has alleged claims of unfair competition based on Mattel's serial copying and imitation of MGA's products.  Documents related to Hardouin, who previously worked on "Alien Racers" at MGA, are highly relevant and likely to lead to the discovery of admissible evidence.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 507:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO compensation, money or any other item of value paid to Christopher Hardouin, whether directly or indirectly, by YOU.

**RESPONSE TO REQUEST NO. 507:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products, matters, or persons at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the

1  attorney-client privilege, the attorney work-product doctrine and other applicable

2  privileges.

3  **CORRECTED RESPONSE TO REQUEST NO. 507:**

4  In addition to the general objections stated above which are incorporated

5  herein by reference, Mattel objects to this Request on the grounds that it is

6  overbroad and unduly burdensome, including in that it seeks all documents on this

7  subject without limitation as to time, and regardless of whether such documents

8  relate to products, matters, or persons at issue in this case.  Mattel further objects to

9  the Request on the grounds that it seeks documents that are not relevant to this

10  action or likely to lead to the discovery of admissible evidence.  Mattel further

11  objects to this Request on the grounds that it seeks confidential, proprietary and

12  trade secret information, including such information that has no bearing on the

13  claims or defenses in this case.  Mattel further objects to this Request on the

14  grounds that it calls for the disclosure of information subject to the attorney-client

15  privilege, the attorney work-product doctrine and other applicable privileges.

16

17  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

18

19  Mattel has not agreed to produce any documents in response to this request,

20  relying on its improper boilerplate objections.  Mattel has refused to confirm

21  whether or not it has produced all non-privileged responsive documents or whether

22  it is withholding documents based on its objections in Phase 2.  Under the Federal

23  Rules of Civil Procedure, "an objection to part of a request must specify the part

24  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

25  that fail to explain the basis for an objection with specificity are routinely rejected

26  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

27  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

28  burdensome and harassing' are improper – especially when a party fails to submit

any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek information concerning Christopher Hardouin, an MGA project manager from 6/01 to 7/04, including work on "Alien Racers," and currently works for Mattel.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in copying of MGA products and packaging, including "Alien Racers", which Hardouin worked on at MGA.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request seeks confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

1    The requested documents are relevant.  MGA's complaint includes trade

2    dress claims against Mattel which rely, in part on allegations related to "Alien

3    Racers" and has alleged claims of unfair competition based on Mattel's serial

4    copying and imitation of MGA's products.  Documents related to Hardouin, who

5    previously worked on "Alien Racers" at MGA, are highly relevant and likely to

6    lead to the discovery of admissible evidence.

7    None of Mattel's improper objections are valid and Mattel is obligated to

8    produce all non-privileged responsive documents in its possession, custody, or

9    control.

10

11   **REQUEST FOR PRODUCTION NO. 508:**

12   All DOCUMENTS received by YOU, directly or indirectly, from

13   Christopher Hardouin REFERRING OR RELATING TO any MGA product or

14   plan.

15   **RESPONSE TO REQUEST NO. 508:**

16   In addition to the general objections stated above which are incorporated

17   herein by reference, Mattel objects to this Request on the grounds that it is

18   overbroad, unduly burdensome and unintelligible, including in that it seeks all

19   documents on this subject without limitation as to time, and regardless of whether

20   such documents relate to products or matters at issue in this case.  Mattel further

21   objects to the use of the term "MGA product or plan" in this context as vague and

22   ambiguous.  Mattel further objects to the Request on the grounds that it seeks

23   documents that are not relevant to this action or likely to lead to the discovery of

24   admissible evidence.  Mattel further objects to this Request on the grounds that it

25   seeks confidential, proprietary and trade secret information, including such

26   information that has no bearing on the claims or defenses in this case.  Mattel

27   further objects to this Request on the grounds that it calls for the disclosure of

28

1    information subject to the attorney-client privilege, the attorney

2    work-product doctrine and other applicable privileges.

3        **CORRECTED RESPONSE TO REQUEST NO. 508:**

4        In addition to the general objections stated above which are incorporated

5    herein by reference, Mattel objects to this Request on the grounds that it is

6    overbroad, unduly burdensome and unintelligible, including in that it seeks all

7    documents on this subject without limitation as to time, and regardless of whether

8    such documents relate to products or matters at issue in this case.  Mattel further

9    objects to the use of the term "MGA product or plan" in this context as vague and

10   ambiguous.  Mattel further objects to the Request on the grounds that it seeks

11   documents that are not relevant to this action or likely to lead to the discovery of

12   admissible evidence.  Mattel further objects to this Request on the grounds that it

13   seeks confidential, proprietary and trade secret information, including such

14   information that has no bearing on the claims or defenses in this case.  Mattel

15   further objects to this Request on the grounds that it calls for the disclosure of

16   information subject to the attorney-client privilege, the attorney work-product

17   doctrine and other applicable privileges.

18

19       **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
         **SHOULD BE COMPELLED**

20

21       Mattel has not agreed to produce any documents in response to this request,

22   relying on its improper boilerplate objections.  Mattel has refused to confirm

23   whether or not it has produced all non-privileged responsive documents or whether

24   it is withholding documents based on its objections in Phase 2.  Under the Federal

25   Rules of Civil Procedure, "an objection to part of a request must specify the part

26   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

27   that fail to explain the basis for an objection with specificity are routinely rejected

28   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

1   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

2   burdensome and harassing' are improper – especially when a party fails to submit

3   any evidentiary declarations supporting such objections").  Accordingly, Mattel

4   must be compelled either to certify that it has produced all non-privileged

5   responsive documents or to produce all such documents by a date certain.

6        To the extent that Mattel is relying on its blanket objections, they are not

7   sustainable and do not justify Mattel's failure to produce documents.

8        As to overbreadth, Mattel provides no explanation, let alone the required

9   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

10  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

11  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

12  contrary, the request is narrowly tailored to seek information concerning

13  Christopher Hardouin, an MGA project manager from 6/01 to 7/04, including work

14  on "Alien Racers," and currently works for Mattel.

15       As to burden, Mattel has not attempted to demonstrate why responding to

16  this request and/or producing responsive documents presents any burden.  This

17  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.")

21  Moreover, it is not unduly burdensome, as noted above, in that the request is

22  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23  has engaged in copying of MGA products and packaging, including "Alien Racers",

24  which Hardouin worked on at MGA.  MGA is entitled to discovery on these claims.

25       This request does not seek documents protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges.  To the

27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1    Mattel objects that the request seeks confidential, proprietary and trade secret

2    information.  A Protective Order exists in this case, obviating any concern as to

3    protection of privacy rights and/or commercially sensitive information.

4    Mattel's objection that the term "any MGA product or plan" is vague and

5    ambiguous is disingenuous.  There is nothing vague about this, especially in the

6    context of this suit.  The parties have routinely sought discovery about each others

7    "products" and "plans."

8    The requested documents are relevant.  MGA's complaint includes trade

9    dress claims against Mattel which rely, in part on allegations related to "Alien

10   Racers" and has alleged claims of unfair competition based on Mattel's serial

11   copying and imitation of MGA's products.  Documents related to Hardouin, who

12   previously worked on "Alien Racers" at MGA, are highly relevant and likely to

13   lead to the discovery of admissible evidence.

14   Finally, Mattel's objection that the request is unintelligible is itself

15   unintelligible.  Mattel offers no explanation of what word or phrase it is unable to

16   understand.  Without an explanation of what part of the request Mattel is unable to

17   understand, the Court should overrule the objection.

18   None of Mattel's improper objections are valid and Mattel is obligated to

19   produce all non-privileged responsive documents in its possession, custody, or

20   control.

21

22   **REQUEST FOR PRODUCTION NO. 509:**

23   All DOCUMENTS, including but not limited to all

24   COMMUNICATIONS with any PERSON, REFERRING OR RELATING

25   TO YOUR receipt, reproduction, copying, storage, transmission, transfer,

26   retention, destruction, deletion or use of any DOCUMENTS, data and/or

27   information, including but not limited to any compilation of information,

28   that was prepared, made, created, generated, assembled or compiled by or

1   for MGA and that YOU received, directly or indirectly, from Christopher

2   Hardouin.

3        **RESPONSE TO REQUEST NO. 509:**

4        In addition to the general objections stated above which are

5   incorporated herein by reference, Mattel objects to this Request on the

6   grounds that it is overbroad, unduly burdensome and unintelligible,

7   including in that it seeks all documents on this subject without limitation as

8   to time, and regardless of whether such documents relate to products or

9   matters at issue in this case.  Mattel further objects to the Request on the

10  grounds that it seeks documents that are not relevant to this action or likely

11  to lead to the discovery of admissible evidence.  Mattel further objects to

12  this Request on the grounds that it seeks confidential, proprietary and trade

13  secret information, including such information that has no bearing on the

14  claims or defenses in this case.  Mattel further objects to this Request on the

15  grounds that it calls for the disclosure of information subject to the

16  attorney-client privilege, the attorney work-product doctrine and other

17  applicable privileges.

18       **CORRECTED RESPONSE TO REQUEST NO. 509:**

19       In addition to the general objections stated above which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is

21  overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case.  Mattel further

24  objects to the Request on the grounds that it seeks documents that are not relevant

25  to this action or likely to lead to the discovery of admissible evidence.  Mattel

26  further objects to this Request on the grounds that it seeks confidential, proprietary

27  and trade secret information, including such information that has no bearing on the

28  claims or defenses in this case.  Mattel further objects to this Request on the

1    grounds that it calls for the disclosure of information subject to the attorney-client

2    privilege, the attorney work-product doctrine and other applicable privileges.

3

4    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

5

6         Mattel has not agreed to produce any documents in response to this request,

7    relying on its improper boilerplate objections.  Mattel has refused to confirm

8    whether or not it has produced all non-privileged responsive documents or whether

9    it is withholding documents based on its objections in Phase 2.  Under the Federal

10   Rules of Civil Procedure, "an objection to part of a request must specify the part

11   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

12   that fail to explain the basis for an objection with specificity are routinely rejected

13   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

14   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

15   burdensome and harassing' are improper – especially when a party fails to submit

16   any evidentiary declarations supporting such objections").  Accordingly, Mattel

17   must be compelled either to certify that it has produced all non-privileged

18   responsive documents or to produce all such documents by a date certain.

19        To the extent that Mattel is relying on its blanket objections, they are not

20   sustainable and do not justify Mattel's failure to produce documents.

21        As to overbreadth, Mattel provides no explanation, let alone the required

22   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

23   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

24   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

25   contrary, the request is narrowly tailored to seek information concerning

26   Christopher Hardouin, an MGA project manager from 6/01 to 7/04, including work

27   on "Alien Racers," and currently works for Mattel.

28

1        As to burden, Mattel has not attempted to demonstrate why responding to

2   this request and/or producing responsive documents presents any burden.  This

3   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5   request is unduly burdensome must allege specific facts which indicate the nature

6   and extent of the burden, usually by affidavit or other reliable evidence.")

7   Moreover, it is not unduly burdensome, as noted above, in that the request is

8   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9   has engaged in copying of MGA products and packaging, including "Alien Racers",

10  which Hardouin worked on at MGA.  MGA is entitled to discovery on these claims.

11       This request does not seek documents protected by the attorney-client

12  privilege, the attorney work product doctrine, or other applicable privileges.  To the

13  extent that Mattel contends that it does, Mattel must provide a privilege log.

14       Mattel objects that the request seeks confidential, proprietary and trade secret

15  information.  A Protective Order exists in this case, obviating any concern as to

16  protection of privacy rights and/or commercially sensitive information.

17       The requested documents are relevant.  MGA's complaint includes trade

18  dress claims against Mattel which rely, in part on allegations related to "Alien

19  Racers" and has alleged claims of unfair competition based on Mattel's serial

20  copying and imitation of MGA's products.  Documents related to Hardouin, who

21  previously worked on "Alien Racers" at MGA, are highly relevant and likely to

22  lead to the discovery of admissible evidence.

23       Finally, Mattel's objection that the request is unintelligible is itself

24  unintelligible.  Mattel offers no explanation of what word or phrase it is unable to

25  understand.  Without an explanation of what part of the request Mattel is unable to

26  understand, the Court should overrule the objection.

27

28

1    None of Mattel's improper objections are valid and Mattel is obligated to

2    produce all non-privileged responsive documents in its possession, custody, or

3    control.

4

5    **REQUEST FOR PRODUCTION NO. 510:**

6    A copy of each personnel file maintained or created by YOU

7    REFERRING OR RELATING TO Christopher Hardouin.

8    **RESPONSE TO REQUEST NO. 510:**

9    In addition to the general objections stated above which are

10   incorporated herein by reference, Mattel objects to this Request on the

11   grounds that it is overbroad and unduly burdensome, including in that it

12   seeks all documents on this subject without limitation as to time, and

13   regardless of whether such documents relate to products, matters, or persons

14   at issue in this case.  Mattel further objects to the Request on the grounds

15   that it seeks documents that are not relevant to this action or likely to lead to

16   the discovery of admissible evidence.  Mattel further objects to this Request

17   on the grounds that it seeks confidential, proprietary and trade secret

18   information, including such information that has no bearing on the claims or

19   defenses in this case.  Mattel further objects to this Request on the grounds

20   that it calls for the disclosure of information subject to the attorney-client

21   privilege, the attorney work-product doctrine and other applicable

22   privileges.

23   **CORRECTED RESPONSE TO REQUEST NO. 510:**

24   In addition to the general objections stated above which are incorporated

25   herein by reference, Mattel objects to this Request on the grounds that it is

26   overbroad and unduly burdensome, including in that it seeks all documents on this

27   subject without limitation as to time, and regardless of whether such documents

28   relate to products, matters, or persons at issue in this case.  Mattel further objects to

1    the Request on the grounds that it seeks documents that are not relevant to this

2    action or likely to lead to the discovery of admissible evidence.  Mattel further

3    objects to this Request on the grounds that it seeks confidential, proprietary and

4    trade secret information, including such information that has no bearing on the

5    claims or defenses in this case.  Mattel further objects to this Request on the

6    grounds that it calls for the disclosure of information subject to the attorney-client

7    privilege, the attorney work-product doctrine and other applicable privileges.

8

9        **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
         **SHOULD BE COMPELLED**
10

11       Mattel has not agreed to produce any documents in response to this request,

12   relying on its improper boilerplate objections.  Mattel has refused to confirm

13   whether or not it has produced all non-privileged responsive documents or whether

14   it is withholding documents based on its objections in Phase 2.  Under the Federal

15   Rules of Civil Procedure, "an objection to part of a request must specify the part

16   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

17   that fail to explain the basis for an objection with specificity are routinely rejected

18   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

19   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

20   burdensome and harassing' are improper – especially when a party fails to submit

21   any evidentiary declarations supporting such objections").  Accordingly, Mattel

22   must be compelled either to certify that it has produced all non-privileged

23   responsive documents or to produce all such documents by a date certain.

24       To the extent that Mattel is relying on its blanket objections, they are not

25   sustainable and do not justify Mattel's failure to produce documents.

26       As to overbreadth, Mattel provides no explanation, let alone the required

27   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

28   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

1    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2    contrary, the request is narrowly tailored to seek information concerning

3    Christopher Hardouin, an MGA project manager from 6/01 to 7/04, including work

4    on "Alien Racers," and currently works for Mattel.

5         As to burden, Mattel has not attempted to demonstrate why responding to

6    this request and/or producing responsive documents presents any burden.  This

7    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

8    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9    request is unduly burdensome must allege specific facts which indicate the nature

10   and extent of the burden, usually by affidavit or other reliable evidence.")

11   Moreover, it is not unduly burdensome, as noted above, in that the request is

12   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

13   has engaged in copying of MGA products and packaging, including "Alien Racers",

14   which Hardouin worked on at MGA.  MGA is entitled to discovery on these claims.

15        This request does not seek documents protected by the attorney-client

16   privilege, the attorney work product doctrine, or other applicable privileges.  To the

17   extent that Mattel contends that it does, Mattel must provide a privilege log.

18        Mattel objects that the request seeks confidential, proprietary and trade secret

19   information.  A Protective Order exists in this case, obviating any concern as to

20   protection of privacy rights and/or commercially sensitive information.

21        The requested documents are relevant.  MGA's complaint includes trade

22   dress claims against Mattel which rely, in part on allegations related to "Alien

23   Racers" and has alleged claims of unfair competition based on Mattel's serial

24   copying and imitation of MGA's products.  Documents related to Hardouin, who

25   previously worked on "Alien Racers" at MGA, are highly relevant and likely to

26   lead to the discovery of admissible evidence.

27

28

1   None of Mattel's improper objections are valid and Mattel is obligated to

2   produce all non-privileged responsive documents in its possession, custody, or

3   control.

4

5   **REQUEST FOR PRODUCTION NO. 511:**

6   All DOCUMENTS, including but not limited to all

7   COMMUNICATIONS, prepared, created, sent or transmitted, whether in

8   whole or in part, by Christopher Hardouin REFERRING OR RELATING

9   TO any of the CONTESTED MGA PRODUCTS.

10   **RESPONSE TO REQUEST NO. 511:**

11   In addition to the general objections stated above which are

12   incorporated herein by reference, Mattel objects to this Request on the

13   grounds that it is overbroad, unduly burdensome and unintelligible,

14   including in that it seeks all documents on this subject without limitation as

15   to time, and regardless of whether such documents relate to products or

16   matters at issue in this case.  Mattel further objects to the Request on the

17   grounds that it seeks documents that are not relevant to this action or likely

18   to lead to the discovery of admissible evidence.  Mattel further objects to

19   this Request on the grounds that it seeks confidential, proprietary and trade

20   secret information, including such information that has no bearing on the

21   claims or defenses in this case.  Mattel further objects to this Request on the

22   grounds that it calls for the disclosure of information subject to the

23   attorney-client privilege, the attorney work-product doctrine and other

24   applicable privileges.

25   **CORRECTED RESPONSE TO REQUEST NO. 511:**

26   In addition to the general objections stated above which are incorporated

27   herein by reference, Mattel objects to this Request on the grounds that it is

28   overbroad, unduly burdensome and unintelligible, including in that it seeks all

1   documents on this subject without limitation as to time, and regardless of whether

2   such documents relate to products or matters at issue in this case.  Mattel further

3   objects to the Request on the grounds that it seeks documents that are not relevant

4   to this action or likely to lead to the discovery of admissible evidence.  Mattel

5   further objects to this Request on the grounds that it seeks confidential, proprietary

6   and trade secret information, including such information that has no bearing on the

7   claims or defenses in this case.  Mattel further objects to this Request on the

8   grounds that it calls for the disclosure of information subject to the attorney-client

9   privilege, the attorney work-product doctrine and other applicable privileges.

10

11   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

12

13   Mattel has not agreed to produce any documents in response to this request,

14   relying on its improper boilerplate objections.  Mattel has refused to confirm

15   whether or not it has produced all non-privileged responsive documents or whether

16   it is withholding documents based on its objections in Phase 2.  Under the Federal

17   Rules of Civil Procedure, "an objection to part of a request must specify the part

18   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

19   that fail to explain the basis for an objection with specificity are routinely rejected

20   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

21   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

22   burdensome and harassing' are improper – especially when a party fails to submit

23   any evidentiary declarations supporting such objections").  Accordingly, Mattel

24   must be compelled either to certify that it has produced all non-privileged

25   responsive documents or to produce all such documents by a date certain.

26   To the extent that Mattel is relying on its blanket objections, they are not

27   sustainable and do not justify Mattel's failure to produce documents.

28

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek information concerning Christopher Hardouin, an MGA project manager from 6/01 to 7/04, including work on "Alien Racers," and currently works for Mattel.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in copying of MGA products and packaging, including "Alien Racers", which Hardouin worked on at MGA.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request seeks confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

The requested documents are relevant.  MGA's complaint includes trade dress claims against Mattel which rely, in part on allegations related to "Alien Racers" and has alleged claims of unfair competition based on Mattel's serial copying and imitation of MGA's products.  Documents related to Hardouin, who

- 94 -

1    previously worked on "Alien Racers" at MGA, are highly relevant and likely to

2    lead to the discovery of admissible evidence.

3          Finally, Mattel's objection that the request is unintelligible is itself

4    unintelligible.  Mattel offers no explanation of what word or phrase it is unable to

5    understand.  Without an explanation of what part of the request Mattel is unable to

6    understand, the Court should overrule the objection.

7          None of Mattel's improper objections are valid and Mattel is obligated to

8    produce all non-privileged responsive documents in its possession, custody, or

9    control.

10

11   **REQUEST FOR PRODUCTION NO. 512:**

12         All DOCUMENTS REFERRING OR RELATING TO the creation,

13   origins or sources of inspiration of "POLLY POCKET COLOR SURPRISE

14   POLLY" including, without limitation, the creation, origins or sources of

15   inspiration of the pose of "POLLY POCKET COLOR SURPRISE

16   POLLY."

17         **RESPONSE TO REQUEST NO. 512:**

18         In addition to the general objections stated above which are

19   incorporated herein by reference, Mattel objects to this Request on the

20   grounds that it is overbroad, unduly burdensome and unintelligible,

21   including in that it seeks all documents on this subject without limitation as

22   to time, and regardless of whether such documents relate to products or

23   matters at issue in this case.  Mattel further objects to the Request on the

24   grounds that it seeks documents that are not relevant to this action or likely

25   to lead to the discovery of admissible evidence.  Mattel further objects to

26   this Request on the grounds that it seeks confidential, proprietary and trade

27   secret information, including such information that has no bearing on the

28   claims or defenses in this case.  Mattel further objects to this Request on the

1  grounds that it calls for the disclosure of information subject to the

2  attorney-client privilege, the attorney work-product doctrine and other applicable

3  privileges.  Mattel further objects on the ground that this Request seeks to

4  circumvent the Discovery Master's Orders of April 19, 2007, and May 22, 2007.

5  **CORRECTED RESPONSE TO REQUEST NO. 512:**

6  In addition to the general objections stated above which are incorporated

7  herein by reference, Mattel objects to this Request on the grounds that it is

8  overbroad, unduly burdensome and unintelligible, including in that it seeks all

9  documents on this subject without limitation as to time, and regardless of whether

10  such documents relate to products or matters at issue in this case.  Mattel further

11  objects to the Request on the grounds that it seeks documents that are not relevant

12  to this action or likely to lead to the discovery of admissible evidence.  Mattel

13  further objects to this Request on the grounds that it seeks confidential, proprietary

14  and trade secret information, including such information that has no bearing on the

15  claims or defenses in this case.  Mattel further objects to this Request on the

16  grounds that it calls for the disclosure of information subject to the attorney-client

17  privilege, the attorney work-product doctrine and other applicable privileges.

18  Mattel further objects on the ground that this Request seeks to circumvent the

19  Discovery Master's Orders of April 19, 2007, and May 22, 2007.

20

21  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
22  SHOULD BE COMPELLED**

23  Mattel has not agreed to produce documents in response to this request, based

24  on its improper boilerplate objections.  Mattel has refused to confirm whether or not

25  it has produced all non-privileged responsive documents or whether it is

26  withholding documents based on its objections in Phase 2.  Under the Federal Rules

27  of Civil Procedure, "an objection to part of a request must specify the part and

28  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

1   fail to explain the basis for an objection with specificity are routinely rejected in the

2   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

3   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

4   and harassing' are improper – especially when a party fails to submit any

5   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

6   compelled either to certify that it has produced all non-privileged responsive

7   documents or to produce all such documents by a date certain.

8        To the extent that Mattel is relying on its blanket objections, they are not

9   sustainable and do not justify Mattel's failure to produce documents.

10       As to overbreadth, Mattel provides no explanation, let alone the required

11  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

12  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

13  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14  contrary, the request is narrowly tailored to seek documents concerning the origin

15  and sources of inspiration of "POLLY POCKET COLOR SURPRISE

16  POLLY", naturally limiting the request to the time around when the particular line

17  of product was created.

18       As to burden, Mattel has not attempted to demonstrate why responding to

19  this request and/or producing responsive documents presents any burden.  This

20  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

21  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22  request is unduly burdensome must allege specific facts which indicate the nature

23  and extent of the burden, usually by affidavit or other reliable evidence.")

24  Moreover, it is not unduly burdensome, as noted above, in that the request is

25  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

26  has engaged in a broad variety of unfair trade practices, including serial copying of

27  MGA products.  MGA is entitled to discovery on these claims.

28

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4         Mattel cites to the May 22, 2007 order, but that order is inapposite to this

5    request, which is much narrower than those considered irrelevant and/or improper

6    by the court.  Specifically, the request is narrowly tailored to documents regarding a

7    particular product line, namely "POLLY POCKET COLOR SURPRISE

8    POLLY."  Mattel also cites to the April 19, 2007 order, but that order is also

9    inapposite to this request, which is much narrower than those considered irrelevant

10   and/or improper by the court.  Specifically, the request is narrowly tailored to

11   documents regarding the origin and source of inspiration of "POLLY POCKET

12   COLOR SURPRISE POLLY."

13        As for relevancy, Mattel has not attempted to demonstrate why responding to

14   this request and/or producing responsive documents is irrelevant to the present

15   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

16   MGA products, packaging, themes and advertising.  "POLLY POCKET COLOR

17   SURPRISE POLLY" is an example of one such product line.  A request seeking

18   the origin and source of inspiration behind its creation is therefore relevant to this

19   action and MGA's claim.

20        Mattel objects that the request contains confidential, proprietary, and trade

21   secret information.  A Protective Order exists in this case, obviating any concern as

22   to protection of privacy rights and/or commercially sensitive information.

23        Finally, Mattel's objection that the request is unintelligible is itself

24   unintelligible.  Mattel offers no explanation of what word or phrase it is unable to

25   understand.  Without an explanation of what part of the request Mattel is unable to

26   understand, the Court should overrule the objection.

27

28

1       None of Mattel's improper objections are valid and Mattel is obligated to

2   produce all non-privileged responsive documents in its possession, custody, or

3   control.

4

5   **REQUEST FOR PRODUCTION NO. 513:**

6       All DOCUMENTS REFERRING OR RELATING TO any similarity or

7   dissimilarity between "POLLY POCKET COLOR SURPRISE POLLY" and any

8   MGA product (whether released or unreleased) known to YOU, including but not

9   limited to any similarity or dissimilarity between the pose of "POLLY POCKET

10  COLOR SURPRISE POLLY" and the pose of any MGA product known to YOU.

11      **RESPONSE TO REQUEST NO. 513:**

12      In addition to the general objections stated above which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it is

14  overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case.  Mattel further

17  objects to the Request on the grounds that it seeks documents that are not relevant

18  to this action or likely to lead to the discovery of admissible evidence.  Mattel

19  further objects to this Request on the grounds that it seeks confidential, proprietary

20  and trade secret information, including such information that has no bearing on the

21  claims or defenses in this case.  Mattel further objects to this Request on the

22  grounds that it calls for the disclosure of information subject to the attorney-client

23  privilege, the attorney work-product doctrine and other applicable privileges.

24  Mattel further objects on the ground that this Request seeks to circumvent the

25  Discovery Master's Orders of April 19, 2007, and May 22, 2007.

26      **CORRECTED RESPONSE TO REQUEST NO. 513:**

27      In addition to the general objections stated above which are incorporated

28  herein by reference, Mattel objects to this Request on the grounds that it is

1  overbroad, unduly burdensome and unintelligible, including in that it seeks all

2  documents on this subject without limitation as to time, and regardless of whether

3  such documents relate to products or matters at issue in this case.  Mattel further

4  objects to the Request on the grounds that it seeks documents that are not relevant

5  to this action or likely to lead to the discovery of admissible evidence.  Mattel

6  further objects to this Request on the grounds that it seeks confidential, proprietary

7  and trade secret information, including such information that has no bearing on the

8  claims or defenses in this case.  Mattel further objects to this Request on the

9  grounds that it calls for the disclosure of information subject to the attorney-client

10  privilege, the attorney work-product doctrine and other applicable privileges.

11  Mattel further objects on the ground that this Request seeks to circumvent the

12  Discovery Master's Orders of April 19, 2007, and May 22, 2007.

13

14  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
   **SHOULD BE COMPELLED**

15

16      Mattel has not agreed to produce documents in response to this request, based

17  on its improper boilerplate objections.  Mattel has refused to confirm whether or not

18  it has produced all non-privileged responsive documents or whether it is

19  withholding documents based on its objections in Phase 2.  Under the Federal Rules

20  of Civil Procedure, "an objection to part of a request must specify the part and

21  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

22  fail to explain the basis for an objection with specificity are routinely rejected in the

23  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

24  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

25  and harassing' are improper – especially when a party fails to submit any

26  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

27  compelled either to certify that it has produced all non-privileged responsive

28  documents or to produce all such documents by a date certain.

1    To the extent that Mattel is relying on its blanket objections, they are not

2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required

4    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7    contrary, the request is narrowly tailored to seek documents related to any similarity

8    or dissimilarity between Mattel's "POLLY POCKET COLOR SURPRISE

9    POLLY" and any MGA product known to Mattel (including, but not limited to their

10   respective poses).

11   As to burden, Mattel has not attempted to demonstrate why responding to

12   this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

14   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.")

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19   has engaged in a broad variety of unfair trade practices, including serial copying of

20   MGA products.  MGA is entitled to discovery on these claims.

21   This request does not seek documents protected by the attorney-client

22   privilege, the attorney work product doctrine, or other applicable privileges.  To the

23   extent that Mattel contends that it does, Mattel must provide a privilege log.

24   Mattel cites to the May 22, 2007 order, but that order is inapposite to this

25   request, which is much narrower than those considered irrelevant and/or improper

26   by the court.  Specifically, the request is narrowly tailored to documents regarding a

27   particular product line, namely "POLLY POCKET COLOR SURPRISE

28   POLLY."  Mattel also cites to the April 19, 2007 order, but that order is also

1   inapposite to this request, which is much narrower than those considered irrelevant

2   and/or improper by the court.  Specifically, the request is narrowly tailored to

3   documents related to any similarity or dissimilarity between Mattel's "POLLY

4   POCKET COLOR SURPRISE POLLY" and any MGA product.

5       As for relevancy, Mattel has not attempted to demonstrate why responding to

6   this request and/or producing responsive documents is irrelevant to the present

7   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

8   MGA products, packaging, themes and advertising.  "POLLY POCKET COLOR

9   SURPRISE POLLY" is an example of one such product line.  A request seeking

10  documents that relate to any similarity or dissimilarity between "POLLY POCKET

11  COLOR SURPRISE POLLY" and any MGA product is therefore relevant to this

12  action and MGA's claim.

13      Finally, Mattel's objection that the request is unintelligible is itself

14  unintelligible.  Mattel offers no explanation of what word or phrase it is unable to

15  understand.  Without an explanation of what part of the request Mattel is unable to

16  understand, the Court should overrule the objection.

17      Mattel objects that the request contains confidential, proprietary, and trade

18  secret information.  A Protective Order exists in this case, obviating any concern as

19  to protection of privacy rights and/or commercially sensitive information.

20      None of Mattel's improper objections are valid and Mattel is obligated to

21  produce all non-privileged responsive documents in its possession, custody, or

22  control.

23

24  **REQUEST FOR PRODUCTION NO. 514:**

25      All DOCUMENTS REFERRING OR RELATING TO whether the

26  appearance or pose of "POLLY POCKET COLOR SURPRISE POLLY"

27  copies, replicates, or in any way imitates the appearance or pose of any

28  MGA product (whether released or unreleased) known to YOU.

**RESPONSE TO REQUEST NO. 514:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Orders of April 19, 2007, and May 22, 2007.

**CORRECTED RESPONSE TO REQUEST NO. 514:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the

1   grounds that it calls for the disclosure of information subject to the attorney-client

2   privilege, the attorney work-product doctrine and other applicable privileges.

3   Mattel further objects on the ground that this Request seeks to circumvent the

4   Discovery Master's Orders of April 19, 2007, and May 22, 2007.

5

6   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

7   **SHOULD BE COMPELLED**

8       Mattel has not agreed to produce documents in response to this request, based

9   on its improper boilerplate objections.  Mattel has refused to confirm whether or not

10   it has produced all non-privileged responsive documents or whether it is

11   withholding documents based on its objections in Phase 2.  Under the Federal Rules

12   of Civil Procedure, "an objection to part of a request must specify the part and

13   permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

14   fail to explain the basis for an objection with specificity are routinely rejected in the

15   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

16   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

17   and harassing' are improper – especially when a party fails to submit any

18   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

19   compelled either to certify that it has produced all non-privileged responsive

20   documents or to produce all such documents by a date certain.

21       To the extent that Mattel is relying on its blanket objections, they are not

22   sustainable and do not justify Mattel's failure to produce documents.

23       As to overbreadth, Mattel provides no explanation, let alone the required

24   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

25   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

26   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

27   contrary, the request is narrowly tailored to seek documents related to whether the

28   appearance or pose of Mattel's "POLLY POCKET COLOR SURPRISE

1   POLLY" copies, replicates, or implicates the appearance or pose of any MGA

2   product known to Mattel.

3       As to burden, Mattel has not attempted to demonstrate why responding to

4   this request and/or producing responsive documents presents any burden.  This

5   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

6   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7   request is unduly burdensome must allege specific facts which indicate the nature

8   and extent of the burden, usually by affidavit or other reliable evidence.")

9   Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11  has engaged in a broad variety of unfair trade practices, including serial copying of

12  MGA products.  MGA is entitled to discovery on these claims.

13      This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges.  To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16      Mattel cites to the May 22, 2007 order, but that order is inapposite to this

17  request, which is much narrower than those considered irrelevant and/or improper

18  by the court.  Specifically, the request is narrowly tailored to documents regarding a

19  particular product line, namely "POLLY POCKET COLOR SURPRISE

20  POLLY."  Mattel also cites to the April 19, 2007 order, but that order is also

21  inapposite to this request, which is much narrower than those considered irrelevant

22  and/or improper by the court.  Specifically, the request is narrowly tailored to

23  documents related to whether the appearance or pose of Mattel's "POLLY

24  POCKET COLOR SURPRISE POLLY" copies, replicates, or implicates the

25  appearance or pose of any MGA product known to Mattel.

26      As for relevancy, Mattel has not attempted to demonstrate why responding to

27  this request and/or producing responsive documents is irrelevant to the present

28  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

1  MGA products, packaging, themes and advertising. "POLLY POCKET COLOR
2  SURPRISE POLLY" is an example of one such product line. A request seeking
3  documents related to whether the appearance or pose of Mattel's "POLLY
4  POCKET COLOR SURPRISE POLLY" copies, replicates, or implicates the
5  appearance or pose of any MGA product known to Mattel is therefore relevant to
6  this action and MGA's claim.

7      Mattel objects that the request contains confidential, proprietary, and trade
8  secret information. A Protective Order exists in this case, obviating any concern as
9  to protection of privacy rights and/or commercially sensitive information.

10     Finally, Mattel's objection that the request is unintelligible is itself
11 unintelligible. Mattel offers no explanation of what word or phrase it is unable to
12 understand. Without an explanation of what part of the request Mattel is unable to
13 understand, the Court should overrule the objection.

14     None of Mattel's improper objections are valid and Mattel is obligated to
15 produce all non-privileged responsive documents in its possession, custody, or
16 control.

17

18 **REQUEST FOR PRODUCTION NO. 515:**

19     DOCUMENTS, including but not limited to organizational charts,
20 sufficient to identify (by name and job function) all current and former
21 MATTEL personnel and/or freelancers comprising the primary team that
22 worked on the creation, design and development of "POLLY POCKET
23 COLOR SURPRISE POLLY."

24     **RESPONSE TO REQUEST NO. 515:**

25     In addition to the general objections stated above which are
26 incorporated herein by reference, Mattel objects to this Request on the
27 grounds that it is-overbroad, unduly burdensome and unintelligible,
28 including in that it seeks all documents on this subject without limitation as

1   to time, and regardless of whether such documents relate to products or

2   matters at issue in this case.  Mattel further objects to the Request on the

3   grounds that it seeks documents that are not relevant to this action or likely

4   to lead to the discovery of admissible evidence.  Mattel further objects to

5   this Request on the grounds that it seeks confidential, proprietary and trade

6   secret information, including such information that has no bearing on the

7   claims or defenses in this case.  Mattel further objects to this Request on the

8   grounds that it calls for the disclosure of information subject to the

9   attorney-client privilege, the attorney work-product doctrine and other

10   applicable privileges.  Mattel further objects on the ground that this Request

11   seeks to circumvent the Discovery Master's Orders of April 19, 2007, and

12   May 22, 2007.

13   **<u>CORRECTED RESPONSE TO REQUEST NO. 515:</u>**

14   In addition to the general objections stated above which are incorporated

15   herein by reference, Mattel objects to this Request on the grounds that it is

16   overbroad, unduly burdensome and unintelligible, including in that it seeks all

17   documents on this subject without limitation as to time, and regardless of whether

18   such documents relate to products or matters at issue in this case.  Mattel further

19   objects to the Request on the grounds that it seeks documents that are not relevant

20   to this action or likely to lead to the discovery of admissible evidence.  Mattel

21   further objects to this Request on the grounds that it seeks confidential, proprietary

22   and trade secret information, including such information that has no bearing on the

23   claims or defenses in this case.  Mattel further objects to this Request on the

24   grounds that it calls for the disclosure of information subject to the attorney-client

25   privilege, the attorney work-product doctrine and other applicable privileges.

26   Mattel further objects on the ground that this Request seeks to circumvent the

27   Discovery Master's Orders of April 19, 2007, and May 22, 2007.

28

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents sufficient to identify all current and former Mattel personnel and/or freelancers that comprised the primary team that worked on the creation, design and development of Mattel's "POLLY POCKET COLOR SURPRISE POLLY."

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

1  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2  request is unduly burdensome must allege specific facts which indicate the nature

3  and extent of the burden, usually by affidavit or other reliable evidence.")

4  Moreover, it is not unduly burdensome, as noted above, in that the request is

5  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

6  has engaged in a broad variety of unfair trade practices, including serial copying of

7  MGA products.  MGA is entitled to discovery on these claims.

8      This request does not seek documents protected by the attorney-client

9  privilege, the attorney work product doctrine, or other applicable privileges.  To the

10  extent that Mattel contends that it does, Mattel must provide a privilege log.

11      Mattel cites to the May 22, 2007 order, but that order is inapposite to this

12  request, which is much narrower than those considered irrelevant and/or improper

13  by the court.  Specifically, the request is narrowly tailored to documents regarding a

14  particular product line, namely "POLLY POCKET COLOR SURPRISE

15  POLLY."  Mattel also cites to the April 19, 2007 order, but that order is also

16  inapposite to this request, which is much narrower than those considered irrelevant

17  and/or improper by the court.  Specifically, the request is narrowly tailored to

18  documents sufficient to identify all current and former Mattel personnel and/or

19  freelancers that comprised the primary team that worked on the creation, design and

20  development of Mattel's "POLLY POCKET COLOR SURPRISE POLLY."

21      As for relevancy, Mattel has not attempted to demonstrate why responding to

22  this request and/or producing responsive documents is irrelevant to the present

23  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

24  MGA products, packaging, themes and advertising.  "POLLY POCKET COLOR

25  SURPRISE POLLY" is an example of one such product line.  A request seeking

26  documents sufficient to identify all current and former Mattel personnel and/or

27  freelancers that comprised the primary team that worked on the creation, design and

28  development of Mattel's "POLLY POCKET COLOR SURPRISE POLLY" is

1   therefore relevant to this action and MGA's claim.

2        Mattel objects that the request contains confidential, proprietary, and trade

3   secret information.  A Protective Order exists in this case, obviating any concern as

4   to protection of privacy rights and/or commercially sensitive information.

5        Finally, Mattel's objection that the request is unintelligible is itself

6   unintelligible.  Mattel offers no explanation of what word or phrase it is unable to

7   understand.  Without an explanation of what part of the request Mattel is unable to

8   understand, the Court should overrule the objection.

9        None of Mattel's improper objections are valid and Mattel is obligated to

10  produce all non-privileged responsive documents in its possession, custody, or

11  control.

12

13  **REQUEST FOR PRODUCTION NO. 516:**

14        All DOCUMENTS REFERRING OR RELATING TO YOUR efforts

15  to institute a litigation hold in response to the litigation originally captioned

16  *Mattel, Inc. v. Bryant.,* Case No.  CV 04-9059 SGL (RNBx).

17        **RESPONSE TO REQUEST NO. 516:**

18        In addition to the general objections stated above which are

19  incorporated herein by reference, Mattel objects to this Request on the

20  grounds that it is overbroad and unduly burdensome.  Mattel further objects

21  on the ground that this Request duplicates prior Requests by MGA, and is

22  clearly designed to burden and harass.  Mattel further objects to the Request

23  on the grounds that it seeks documents that are not relevant to this action or

24  likely to lead to the discovery of admissible evidence.  Mattel further

25  objects to this Request on the grounds that it calls for the disclosure of

26  information subject to the attorney-client privilege, the attorney

27  work-product doctrine and other applicable privileges.

28

Subject to and without waiving the foregoing objections, Mattel

responds as follows:  Mattel will produce one or more affidavits setting forth

its preservation efforts and policies with respect to the present litigation, as

required by Judge Larson's Order Denying Motion for Terminating

Sanctions dated August 27, 2007.

### CORRECTED RESPONSE TO REQUEST NO. 516:

In addition to the general objections stated above which are incorporated

herein by reference, Mattel objects to this Request on the grounds that it is

overbroad and unduly burdensome.  Mattel further objects on the ground that this

Request duplicates prior Requests by MGA, and is clearly designed to burden and

harass.  Mattel further objects to the Request on the grounds that it seeks documents

that are not relevant to this action or likely to lead to the discovery of admissible

evidence.  Mattel further objects to this Request on the grounds that it  calls for the

disclosure of information subject to the attorney-client privilege, the attorney

work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as

follows:  Mattel will produce one or more affidavits setting forth its preservation

efforts and policies with respect to the present litigation, as required by Judge

Larson's Order Denying Motion for Terminating Sanctions dated August 27, 2007.


### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in

response to this request to a self-serving affidavit.  Such a limitation is improper

and Mattel's objections are without merit.  Under the Federal Rules of Civil

Procedure, "an objection to part of a request must specify the part and permit

inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

explain the basis for an objection with specificity are routinely rejected in the

1    Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

2    (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

3    and harassing' are improper – especially when a party fails to submit any

4    evidentiary declarations supporting such objections").  Accordingly, Mattel must be

5    compelled either to certify that it has produced all non-privileged responsive

6    documents or to produce all such documents by a date certain.

7        To the extent that Mattel is relying on its blanket objections, they are not

8    sustainable and do not justify Mattel's failure to produce documents.

9        As to overbreadth, Mattel provides no explanation, let alone the required

10    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

11    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13    contrary, the request is narrowly tailored to seek documents concerning Mattel's

14    efforts to preserve materials in connection with this litigation.

15        As to burden and harassment, Mattel has not attempted to demonstrate why

16    responding to this request and/or producing responsive documents presents any

17    burden.  This objection must therefore be rejected.  See Jackson v. Montgomery

18    Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that

19    a discovery request is unduly burdensome must allege specific facts which indicate

20    the nature and extent of the burden, usually by affidavit or other reliable evidence.")

21    Moreover, it is not unduly burdensome, as noted above, in that the request is

22    narrowly tailored to seek only discoverable evidence.

23        This request does not seek documents protected by the attorney-client

24    privilege, the attorney work product doctrine, or other applicable privileges.  To the

25    extent that Mattel contends that it does, Mattel must provide a privilege log.

26        Mattel objects that the request is duplicative or subsumed within prior

27    requests but does not identify the allegedly duplicative requests.  Mattel's failure to

28

1  agree to produce responsive non-privileged documents is not proper based on this

2  objection.

3      The request seeks relevant information, as information regarding Mattel's

4  litigation hold practices could reveal purposeful spoliation, which is admissible.

5  The Court has already allowed such discovery, and Mattel has repeatedly sought

6  such discovery from MGA.

7      If the attachments to Mr. Moore's affidavit provide a complete production in

8  response to these requests, then Mattel should respond that all non-privileged

9  responsive documents have been produced.  Otherwise, Mattel should not be able to

10  avoid production through an argumentative affidavit from its in-house counsel.  For

11  example if there are emails or other documents that reflect how the policies were

12  implemented or lapses in the policies set forth in Mr. Moore's declaration, MGA is

13  entitled to those as well.

14      None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession, custody, or

16  control.

17

18  **REQUEST FOR PRODUCTION NO. 517:**

19      All DOCUMENTS REFERRING OR RELATING TO YOUR efforts

20  to institute a litigation hold in response to the litigation originally captioned

21  *MGA Entertainment, Inc. v. Mattel, Inc.,* Case No.  CV 05-02727 SGL

22  (RNBx).

23      **RESPONSE TO REQUEST NO. 517:**

24      In addition to the general objections stated above which are

25  incorporated herein by reference, Mattel objects to this Request on the

26  grounds that it is overbroad and unduly burdensome.  Mattel further objects

27  on the ground that this Request duplicates prior Requests by MGA, and is

28  clearly designed to burden and harass.  Mattel further objects to the Request

1   on the grounds that it seeks documents that are not relevant to this action or

2   likely to lead to the discovery of admissible evidence.  Mattel further

3   objects to this Request on the grounds that it calls for the disclosure of

4   information subject to the attorney-client privilege, the attorney

5   work-product doctrine and other applicable privileges.

6        Subject to and without waiving the foregoing objections, Mattel

7   responds as follows:  Mattel will produce one or more affidavits setting

8   forth its preservation efforts and policies with respect to the present

9   litigation, as required by Judge Larson's Order Denying Motion for

10  Terminating Sanctions dated August 27, 2007.

11       **<u>CORRECTED RESPONSE TO REQUEST NO. 517:</u>**

12       In addition to the general objections stated above which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it is

14  overbroad and unduly burdensome.  Mattel further objects on the ground that this

15  Request duplicates prior Requests by MGA, and is clearly designed to burden and

16  harass.  Mattel further objects to the Request on the grounds that it seeks documents

17  that are not relevant to this action or likely to lead to the discovery of admissible

18  evidence.  Mattel further objects to this Request on the grounds that it calls for the

19  disclosure of information subject to the attorney-client privilege, the attorney

20  work-product doctrine and other applicable privileges.

21       Subject to and without waiving the foregoing objections, Mattel responds as

22  follows:  Mattel will produce one or more affidavits setting forth its preservation

23  efforts and policies with respect to the present litigation, as required by Judge

24  Larson's Order Denying Motion for Terminating Sanctions dated August 27, 2007.

25

26       **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

27

28       Mattel has improperly limited its agreement to produce documents in

1   response to this request to a self-serving affidavit.  Such a limitation is improper

2   and Mattel's objections are without merit.  Under the Federal Rules of Civil

3   Procedure, "an objection to part of a request must specify the part and permit

4   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

5   explain the basis for an objection with specificity are routinely rejected in the

6   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

7   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

8   and harassing' are improper – especially when a party fails to submit any

9   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

10  compelled either to certify that it has produced all non-privileged responsive

11  documents or to produce all such documents by a date certain.

12      To the extent that Mattel is relying on its blanket objections, they are not

13  sustainable and do not justify Mattel's failure to produce documents.

14      As to overbreadth, Mattel provides no explanation, let alone the required

15  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

16  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

17  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

18  contrary, the request is narrowly tailored to seek documents concerning Mattel's

19  efforts to preserve materials in connection with this litigation.

20      As to burden and harassment, Mattel has not attempted to demonstrate why

21  responding to this request and/or producing responsive documents presents any

22  burden.  This objection must therefore be rejected.  See Jackson v. Montgomery

23  Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that

24  a discovery request is unduly burdensome must allege specific facts which indicate

25  the nature and extent of the burden, usually by affidavit or other reliable evidence.")

26  Moreover, it is not unduly burdensome, as noted above, in that the request is

27  narrowly tailored to seek only discoverable evidence.

28

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    Mattel objects that the request is duplicative or subsumed within prior

5    requests but does not identify the allegedly duplicative requests.  Mattel's failure to

6    agree to produce responsive non-privileged documents is not proper based on this

7    objection.

8    The request seeks relevant information, as information regarding Mattel's

9    litigation hold practices could reveal purposeful spoliation, which is admissible.

10   The Court has already allowed such discovery, and Mattel has repeatedly sought

11   such discovery from MGA.

12   If the attachments to Mr. Moore's affidavit provide a complete production in

13   response to these requests, then Mattel should respond that all non-privileged

14   responsive documents have been produced.  Otherwise, Mattel should not be able to

15   avoid production through an argumentative affidavit from its in-house counsel.  For

16   example if there are emails or other documents that reflect how the policies were

17   implemented or lapses in the policies set forth in Mr. Moore's declaration, MGA is

18   entitled to those as well.

19   None of Mattel's improper objections are valid and Mattel is obligated to

20   produce all non-privileged responsive documents in its possession, custody, or

21   control.

22

23   **REQUEST FOR PRODUCTION NO. 518:**

24   All DOCUMENTS REFERRING OR RELATING TO YOUR efforts

25   to institute a litigation hold in response to the litigation originally captioned

26   *Bryant v. Mattel, Inc.,* Case No.  CV 04-9049 SGL (RNBx).

27

28

**RESPONSE TO REQUEST NO. 518:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome.  Mattel further objects on the ground that this Request duplicates prior Requests by MGA, and is clearly designed to burden and harass.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows:  Mattel will produce one or more affidavits setting forth its preservation efforts and policies with respect to the present litigation, as required by Judge Larson's Order Denying Motion for Terminating Sanctions dated August 27, 2007.

**CORRECTED RESPONSE TO REQUEST NO. 518:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome.  Mattel further objects on the ground that this Request duplicates prior Requests by MGA, and is clearly designed to burden and harass.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows:  Mattel will produce one or more affidavits setting forth its preservation

1    efforts and policies with respect to the present litigation, as required by Judge

2    Larson's Order Denying Motion for Terminating Sanctions dated August 27, 2007.

3

4    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

5

6         Mattel has improperly limited its agreement to produce documents in

7    response to this request to a self-serving affidavit.  Such a limitation is improper

8    and Mattel's objections are without merit.  Under the Federal Rules of Civil

9    Procedure, "an objection to part of a request must specify the part and permit

10   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

11   explain the basis for an objection with specificity are routinely rejected in the

12   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

13   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

14   and harassing' are improper – especially when a party fails to submit any

15   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

16   compelled either to certify that it has produced all non-privileged responsive

17   documents or to produce all such documents by a date certain.

18        To the extent that Mattel is relying on its blanket objections, they are not

19   sustainable and do not justify Mattel's failure to produce documents.

20        As to overbreadth, Mattel provides no explanation, let alone the required

21   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

22   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

23   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

24   contrary, the request is narrowly tailored to seek documents concerning Mattel's

25   efforts to preserve materials in connection with this litigation.

26        As to burden and harassment, Mattel has not attempted to demonstrate why

27   responding to this request and/or producing responsive documents presents any

28   burden.  This objection must therefore be rejected.  See Jackson v. Montgomery

1    Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that
2    a discovery request is unduly burdensome must allege specific facts which indicate
3    the nature and extent of the burden, usually by affidavit or other reliable evidence.")
4    Moreover, it is not unduly burdensome, as noted above, in that the request is
5    narrowly tailored to seek only discoverable evidence.

6         This request does not seek documents protected by the attorney-client
7    privilege, the attorney work product doctrine, or other applicable privileges.  To the
8    extent that Mattel contends that it does, Mattel must provide a privilege log.

9         Mattel objects that the request is duplicative or subsumed within prior
10   requests but does not identify the allegedly duplicative requests.  Mattel's failure to
11   agree to produce responsive non-privileged documents is not proper based on this
12   objection.

13        The request seeks relevant information, as information regarding Mattel's
14   litigation hold practices could reveal purposeful spoliation, which is admissible.
15   The Court has already allowed such discovery, and Mattel has repeatedly sought
16   such discovery from MGA.

17        If the attachments to Mr. Moore's affidavit provide a complete production in
18   response to these requests, then Mattel should respond that all non-privileged
19   responsive documents have been produced.  Otherwise, Mattel should not be able to
20   avoid production through an argumentative affidavit from its in-house counsel.  For
21   example if there are emails or other documents that reflect how the policies were
22   implemented or lapses in the policies set forth in Mr. Moore's declaration, MGA is
23   entitled to those as well.

24        None of Mattel's improper objections are valid and Mattel is obligated to
25   produce all non-privileged responsive documents in its possession, custody, or
26   control.

27

28

1    **REQUEST FOR PRODUCTION NO. 519:**

2        All COMMUNICATIONS between YOU and the toy manufacturer

3    JETTA REFERRING OR RELATING to MGA, BRATZ or LARIAN.

4        **RESPONSE TO REQUEST NO. 519:**

5        In addition to the general objections stated above which are incorporated

6    herein by reference, Mattel objects to this Request on the grounds that it is

7    overbroad and unduly burdensome, including in that it seeks all documents on this

8    subject without limitation as to time, and regardless of whether such documents

9    relate to products or matters at issue in this case.  Mattel further objects to the

10   Request on the grounds that it seeks documents that are not relevant to this action

11   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

12   this Request on the grounds that it seeks confidential, proprietary and trade secret

13   information, including such information that has no bearing on the claims or

14   defenses in this case.  Mattel further objects on the ground that this Request seeks

15   to circumvent the Discovery Master's Order dated May 22, 2007.

16       **CORRECTED RESPONSE TO REQUEST NO. 519:**

17       In addition to the general objections stated above which are incorporated

18   herein by reference, Mattel objects to this Request on the grounds that it is

19   overbroad and unduly burdensome, including in that it seeks all documents on this

20   subject without limitation as to time, and regardless of whether such documents

21   relate to products or matters at issue in this case.  Mattel further objects to the

22   Request on the grounds that it seeks documents that are not relevant to this action

23   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

24   this Request on the grounds that it seeks confidential, proprietary and trade secret

25   information, including such information that has no bearing on the claims or

26   defenses in this case.  Mattel further objects on the ground that this Request seeks

27   to circumvent the Discovery Master's Order dated May 22, 2007.

28

1

2

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

3   Mattel has not agreed to produce documents in response to this request, based

4   on its improper boilerplate objections.  Mattel has refused to confirm whether or not

5   it has produced all non-privileged responsive documents or whether it is

6   withholding documents based on its objections in Phase 2.  Under the Federal Rules

7   of Civil Procedure, "an objection to part of a request must specify the part and

8   permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

9   fail to explain the basis for an objection with specificity are routinely rejected in the

10   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

11   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

12   and harassing' are improper – especially when a party fails to submit any

13   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

14   compelled either to certify that it has produced all non-privileged responsive

15   documents or to produce all such documents by a date certain.

16   To the extent that Mattel is relying on its blanket objections, they are not

17   sustainable and do not justify Mattel's failure to produce documents.

18   As to overbreadth, Mattel provides no explanation, let alone the required

19   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

20   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

21   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

22   contrary, the request is narrowly tailored to seek communications between Mattel

23   and the toy manufacturer Jetta related to MGA, Bratz or Mr. Larian.

24   As to burden, Mattel has not attempted to demonstrate why responding to

25   this request and/or producing responsive documents presents any burden.  This

26   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

27   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

28   request is unduly burdensome must allege specific facts which indicate the nature

1    and extent of the burden, usually by affidavit or other reliable evidence.")

2    Moreover, it is not unduly burdensome, as noted above, in that the request is

3    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4    has engaged in a broad variety of unfair trade practices, including serial copying of

5    MGA products.  MGA is entitled to discovery on these claims.

6         Mattel cites to the May 22, 2007 order, but that order is inapposite to this

7    request, which is much narrower than those considered irrelevant and/or improper

8    by the court.  Specifically, the request is narrowly tailored to communications

9    regarding MGA, Bratz or Mr. Larian.

10        As for relevancy, Mattel has not attempted to demonstrate why responding to

11   this request and/or producing responsive documents is irrelevant to the present

12   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

13   MGA products, packaging, themes and advertising among other unfair trade

14   practices to preserve its market share rankings in the critical fashion doll category.

15   MGA also alleges that Mattel has engaged in various acts amounting to unclean

16   hands, including various efforts to gain confidential information about MGA.  This

17   request, which is narrowly tailored to communications between Mattel and Jetta, a

18   toy manufacturer, relating to MGA, Bratz or Larian, seeks information related to

19   MGA's allegations.

20        Mattel objects that the request contains confidential, proprietary, and trade

21   secret information.  A Protective Order exists in this case, obviating any concern as

22   to protection of privacy rights and/or commercially sensitive information.

23        None of Mattel's improper objections are valid and Mattel is obligated to

24   produce all non-privileged responsive documents in its possession, custody, or

25   control.

26

27

28

**REQUEST FOR PRODUCTION NO. 520:**

All COMMUNICATIONS between YOU and EARLY LIGHT, including but not limited to Francis Choi, Wilson Ng, and Carmen Choi, REFERRING OR RELATING to MGA, BRATZ or LARIAN.

**RESPONSE TO REQUEST NO. 520:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly, burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007.

**CORRECTED RESPONSE TO REQUEST NO. 520:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek communications between Mattel and toy manufacturer Early Light, including but not limited to Francis Choi, Wilson Ng, and Carmen Choi relating to MGA, Bratz or Mr. Larian.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1  request is unduly burdensome must allege specific facts which indicate the nature

2  and extent of the burden, usually by affidavit or other reliable evidence.")

3  Moreover, it is not unduly burdensome, as noted above, in that the request is

4  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

5  has engaged in a broad variety of unfair trade practices, including serial copying of

6  MGA products.  MGA is entitled to discovery on these claims.

7       Mattel cites to the May 22, 2007 order, but that order is inapposite to this

8  request, which is much narrower than those considered irrelevant and/or improper

9  by the court.  Specifically, the request is narrowly tailored to communications

10  regarding MGA, Bratz or Mr. Larian.

11       As for relevancy, Mattel has not attempted to demonstrate why responding to

12  this request and/or producing responsive documents is irrelevant to the present

13  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

14  MGA products, packaging, themes and advertising among other unfair trade

15  practices to preserve its market share rankings in the critical fashion doll category.

16  MGA also alleges that Mattel has engaged in various acts amounting to unclean

17  hands, including various efforts to gain confidential information about MGA.  This

18  request, which is narrowly tailored to communications between Mattel and Early

19  Light, relating to MGA, Bratz or Larian, seeks information related to MGA's

20  allegations.

21       Mattel objects that the request contains confidential, proprietary, and trade

22  secret information.  A Protective Order exists in this case, obviating any concern as

23  to protection of privacy rights and/or commercially sensitive information.

24       None of Mattel's improper objections are valid and Mattel is obligated to

25  produce all non-privileged responsive documents in its possession, custody, or

26  control.

27

28

**REQUEST FOR PRODUCTION NO. 521:**

All COMMUNICATIONS between YOU and ASAHI REFERRING OR RELATING to MGA, BRATZ or LARIAN.

**RESPONSE TO REQUEST NO. 521:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007.

**CORRECTED RESPONSE TO REQUEST NO. 521:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or Matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek communications between Mattel and Asahi Kasei Life & Living Corp. relating to MGA, Bratz or Mr. Larian.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

1   and extent of the burden, usually by affidavit or other reliable evidence.")

2   Moreover, it is not unduly burdensome, as noted above, in that the request is

3   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4   has engaged in a broad variety of unfair trade practices, including serial copying of

5   MGA products.  MGA is entitled to discovery on these claims.

6        Mattel cites to the May 22, 2007 order, but that order is inapposite to this

7   request, which is much narrower than those considered irrelevant and/or improper

8   by the court.  Specifically, the request is narrowly tailored to communications

9   regarding MGA, Bratz or Mr. Larian.

10       As for relevancy, Mattel has not attempted to demonstrate why responding to

11  this request and/or producing responsive documents is irrelevant to the present

12  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

13  MGA products, packaging, themes and advertising among other unfair trade

14  practices to preserve its market share rankings in the critical fashion doll category.

15  MGA also alleges that Mattel has engaged in various acts amounting to unclean

16  hands, including various efforts to gain confidential information about MGA.  This

17  request, which is narrowly tailored to communications between Mattel and Asahi,

18  relating to MGA, Bratz or Larian, seeks information related to MGA's allegations.

19       Mattel objects that the request contains confidential, proprietary, and trade

20  secret information.  A Protective Order exists in this case, obviating any concern as

21  to protection of privacy rights and/or commercially sensitive information.

22       None of Mattel's improper objections are valid and Mattel is obligated to

23  produce all non-privileged responsive documents in its possession, custody, or

24  control.

25

26  **REQUEST FOR PRODUCTION NO. 522:**

27       All COMMUNICATIONS between YOU and UNIVERSAL

28  REFERRING OR RELATING TO MGA, BRATZ or LARIAN.

**RESPONSE TO REQUEST NO. 522:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007.

**CORRECTED RESPONSE TO REQUEST NO. 522:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek communications between Mattel and Universal Commerce Corp. Ltd.  relating to MGA, Bratz or Mr. Larian.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

1   and extent of the burden, usually by affidavit or other reliable evidence.")

2   Moreover, it is not unduly burdensome, as noted above, in that the request is

3   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4   has engaged in a broad variety of unfair trade practices, including serial copying of

5   MGA products.  MGA is entitled to discovery on these claims.

6        Mattel cites to the May 22, 2007 order, but that order is inapposite to this

7   request, which is much narrower than those considered irrelevant and/or improper

8   by the court.  Specifically, the request is narrowly tailored to communications

9   regarding MGA, Bratz or Mr. Larian.

10        As for relevancy, Mattel has not attempted to demonstrate why responding to

11   this request and/or producing responsive documents is irrelevant to the present

12   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

13   MGA products, packaging, themes and advertising among other unfair trade

14   practices to preserve its market share rankings in the critical fashion doll category.

15   MGA also alleges that Mattel has engaged in various acts amounting to unclean

16   hands, including various efforts to gain confidential information about MGA.  This

17   request, which is narrowly tailored to communications between Mattel and

18   Universal, relating to MGA, Bratz or Larian, seeks information related to MGA's

19   allegations.

20        Mattel objects that the request contains confidential, proprietary, and trade

21   secret information.  A Protective Order exists in this case, obviating any concern as

22   to protection of privacy rights and/or commercially sensitive information.

23        None of Mattel's improper objections are valid and Mattel is obligated to

24   produce all non-privileged responsive documents in its possession, custody, or

25   control.

26

27

28

**REQUEST FOR PRODUCTION NO. 523:**

All COMMUNICATIONS between YOU and KANEKA REFERRING OR RELATING to MGA, BRATZ or LARIAN.

**RESPONSE TO REQUEST NO. 523:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007.

**CORRECTED RESPONSE TO REQUEST NO. 523:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek communications between Mattel and plastics manufacturer Kaneka relating to MGA, Bratz or Mr. Larian.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

and extent of the burden, usually by affidavit or other reliable evidence.")
Moreover, it is not unduly burdensome, as noted above, in that the request is
narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
has engaged in a broad variety of unfair trade practices, including serial copying of
MGA products.  MGA is entitled to discovery on these claims.

Mattel cites to the May 22, 2007 order, but that order is inapposite to this
request, which is much narrower than those considered irrelevant and/or improper
by the court.  Specifically, the request is narrowly tailored to communications
regarding MGA, Bratz or Mr. Larian.

As for relevancy, Mattel has not attempted to demonstrate why responding to
this request and/or producing responsive documents is irrelevant to the present
action.  On the contrary, MGA has alleged that Mattel is engaged in copying of
MGA products, packaging, themes and advertising among other unfair trade
practices to preserve its market share rankings in the critical fashion doll category.
MGA also alleges that Mattel has engaged in various acts amounting to unclean
hands, including various efforts to gain confidential information about MGA.  This
request, which is narrowly tailored to communications between Mattel and Kaneka,
relating to MGA, Bratz or Larian, seeks information related to MGA's allegations.

Mattel objects that the request contains confidential, proprietary, and trade
secret information.  A Protective Order exists in this case, obviating any concern as
to protection of privacy rights and/or commercially sensitive information.

None of Mattel's improper objections are valid and Mattel is obligated to
produce all non-privileged responsive documents in its possession, custody, or
control.

**REQUEST FOR PRODUCTION NO. 524:**

All COMMUNICATIONS between YOU and FILO REFERRING OR
RELATING to MGA, BRATZ or LARIAN.

**RESPONSE TO REQUEST NO. 524:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007.

**CORRECTED RESPONSE TO REQUEST NO. 524:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007.

1

2

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

3      Mattel has not agreed to produce documents in response to this request, based

4   on its improper boilerplate objections.  Mattel has refused to confirm whether or not

5   it has produced all non-privileged responsive documents or whether it is

6   withholding documents based on its objections in Phase 2.  Under the Federal Rules

7   of Civil Procedure, "an objection to part of a request must specify the part and

8   permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

9   fail to explain the basis for an objection with specificity are routinely rejected in the

10  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

11  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

12  and harassing' are improper – especially when a party fails to submit any

13  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

14  compelled either to certify that it has produced all non-privileged responsive

15  documents or to produce all such documents by a date certain.

16      To the extent that Mattel is relying on its blanket objections, they are not

17  sustainable and do not justify Mattel's failure to produce documents.

18      As to overbreadth, Mattel provides no explanation, let alone the required

19  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

20  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

21  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

22  contrary, the request is narrowly tailored to seek communications between Mattel

23  and L.A.M.P.S.p.A. (FILO) relating to MGA, Bratz or Mr. Larian.

24      As to burden, Mattel has not attempted to demonstrate why responding to

25  this request and/or producing responsive documents presents any burden.  This

26  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

27  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

28  request is unduly burdensome must allege specific facts which indicate the nature

1   and extent of the burden, usually by affidavit or other reliable evidence.")

2   Moreover, it is not unduly burdensome, as noted above, in that the request is

3   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4   has engaged in a broad variety of unfair trade practices, including serial copying of

5   MGA products.  MGA is entitled to discovery on these claims.

6       Mattel cites to the May 22, 2007 order, but that order is inapposite to this

7   request, which is much narrower than those considered irrelevant and/or improper

8   by the court.  Specifically, the request is narrowly tailored to communications

9   regarding MGA, Bratz or Mr. Larian.

10      As for relevancy, Mattel has not attempted to demonstrate why responding to

11  this request and/or producing responsive documents is irrelevant to the present

12  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

13  MGA products, packaging, themes and advertising among other unfair trade

14  practices to preserve its market share rankings in the critical fashion doll category.

15  MGA also alleges that Mattel has engaged in various acts amounting to unclean

16  hands, including various efforts to gain confidential information about MGA.  This

17  request, which is narrowly tailored to communications between Mattel and Filo,

18  relating to MGA, Bratz or Larian, seeks information related to MGA's allegations.

19      Mattel objects that the request contains confidential, proprietary, and trade

20  secret information.  A Protective Order exists in this case, obviating any concern as

21  to protection of privacy rights and/or commercially sensitive information.

22      None of Mattel's improper objections are valid and Mattel is obligated to

23  produce all non-privileged responsive documents in its possession, custody, or

24  control.

25

26  **REQUEST FOR PRODUCTION NO. 525:**

27      Copies of all producers' affidavits for any ADVERTISEMENT for

28  MY SCENE or ACCELERACERS.

1    **RESPONSE TO REQUEST NO. 525:**

2         In addition to the general objections stated above which are

3    incorporated herein by reference, Mattel objects to this Request on the

4    grounds that it is overbroad, unduly burdensome and unintelligible,

5    including in that it seeks all documents on this subject without limitation as

6    to time, and regardless of whether such documents relate to products or

7    matters at issue in this case.  Mattel further objects to the use of the terms

8    "producers' affidavits" in this context as vague and ambiguous.  Mattel

9    further objects to the Request on the grounds that it seeks documents that

10   are not relevant to this action or likely to lead to the discovery of admissible

11   evidence.  Mattel further objects to this Request on the grounds that it seeks

12   confidential, proprietary and trade secret information, including such

13   information that has no bearing on the claims or defenses in this case.

14        Subject to and without waiving the foregoing objections, Mattel

15   responds as follows:  Mattel will produce such responsive, non-privileged

16   documents relating to those advertisements placed at issue in this litigation

17   that are in Mattel's possession, custody, or control, if any, that Mattel has

18   been able to locate after a diligent search and reasonable inquiry, to the

19   extent not previously produced.

20   **CORRECTED RESPONSE TO REQUEST NO. 525:**

21        In addition to the general objections stated above which are incorporated

22   herein by reference, Mattel objects to this Request on the grounds that it is

23   overbroad, unduly burdensome and unintelligible, including in that it seeks all

24   documents on this subject without limitation as to time, and regardless of whether

25   such documents relate to products or matters at issue in this case.  Mattel further

26   objects to the use of the terms "producers' affidavits" in this context as vague and

27   ambiguous.  Mattel further objects to the Request on the grounds that it seeks

28   documents that are not relevant to this action or likely to lead to the discovery of

1  admissible evidence.  Mattel further objects to this Request on the grounds that it

2  seeks confidential, proprietary and trade secret information, including such

3  information that has no bearing on the claims or defenses in this case.

4     Subject to and without waiving the foregoing objections, Mattel responds as

5  follows:  Mattel will produce such responsive, non-privileged documents relating to

6  those advertisements placed at issue in this litigation that are in Mattel's

7  possession, custody, or control, if any, that Mattel has been able to locate after a

8  diligent search and reasonable inquiry, to the extent not previously produced.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

11

12     Mattel has improperly limited its agreement to produce documents in

13  response to this request, subject to its improper boilerplate objections.  Mattel has

14  refused to confirm whether or not it has produced all non-privileged responsive

15  documents or whether it is withholding documents based on its objections in Phase

16  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

17  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

18  Generic objections that fail to explain the basis for an objection with specificity are

19  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

20  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21  such as 'overly burdensome and harassing' are improper – especially when a party

22  fails to submit any evidentiary declarations supporting such objections").

23  Accordingly, Mattel must be compelled either to certify that it has produced all

24  non-privileged responsive documents or to produce all such documents by a date

25  certain.

26     To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

1    As to overbreadth, Mattel provides no explanation, let alone the required

2  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5  contrary, the request is narrowly tailored to seek producers' affidavits for any "My

6  Scene" or "Accelerators" advertisements.

7    As to burden, Mattel has not attempted to demonstrate why responding to

8  this request and/or producing responsive documents presents any burden.  This

9  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

10  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11  request is unduly burdensome must allege specific facts which indicate the nature

12  and extent of the burden, usually by affidavit or other reliable evidence.")

13  Moreover, it is not unduly burdensome, as noted above, in that the request is

14  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

15  has engaged in a broad variety of unfair trade practices, including the copying of,

16  and interference with, MGA's advertising.  MGA is entitled to discovery on these

17  claims.

18    Mattel objects that the request contains confidential, proprietary and trade

19  secret information.  A Protective Order exists in this case, obviating any concern as

20  to protection of privacy rights and/or commercially sensitive information.

21    Mattel further objects to the use of the terms "producers' affidavits" in

22  this context as vague and ambiguous.  Mattel, however, fails to provide any

23  explanation as to why these terms are vague or ambiguous.  In addition, "[a] party

24  responding to discovery requests 'should exercise reason and common sense to

25  attribute ordinary definitions to terms and phrases utilized in'" discovery.

26  Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 662 (D. Kan. 2004).

27    Mattel also objects to this request on relevance grounds.  MGA has alleged

28  claims of unfair competition based on Mattel's copying of, and interference with,

1   MGA's advertising, specifically including "My Scene" and "Acceleracers".  As

2   such, the producers' affidavits for the "My Scene" and "Acceleracers"

3   advertisements are highly relevant and likely to lead to the discovery of admissible

4   evidence.

5        Mattel has also improperly limited its agreement to produce by redefining the

6   scope of MGA's request to "those advertisements placed at issue in this litigation".

7   Mattel may not place such amorphous and subjective limitations on its own

8   production.  See Discovery Master Order No. 52 at 20.   Mattel is required to

9   respond to the request as originally drafted by MGA and may not unilaterally

10  narrow and rewrite MGA's requests.

11       Finally, Mattel's objection that the request is unintelligible is itself

12  unintelligible.  Mattel offers no explanation of what word or phrase it is unable to

13  understand.  Without an explanation of what part of the request Mattel is unable to

14  understand, the Court should overrule the objection.

15       None of Mattel's improper objections are valid and Mattel is obligated to

16  produce all non-privileged responsive documents in its possession, custody, or

17  control.

18

19  Dated:  September 23, 2009          ORRICK, HERRINGTON & SUTCLIFFE LLP

20

21                                      By:   ___/s/ Diana M. Rutowski
                                              Diana M. Rutowski
22                                      Attorneys for MGA ENTERTAINMENT, INC.,
                                        MGA ENTERTAINMENT HK, LTD., MGA de
23                                      MEXICO, S.R.L. de C.V., and ISAAC LARIAN

24

25

26

27

28