1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA  94105-2669
6   Telephone:  +1-415-773-5700
    Facsimile:   +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
    Facsimile:   +1-213612-2499
11
    Attorneys for MGA Parties
12

13          UNITED STATES DISTRICT COURT

14          CENTRAL DISTRICT OF CALIFORNIA

15                  EASTERN DIVISION

| | |
|---|---|
| 16  CARTER BRYANT, an individual, | Case No.  CV 04-9049-SGL (RNBx) |
| 17            Plaintiff, | Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727 |
| 18            v. | **DISCOVERY MATTER** |
| 19  MATTEL, INC., a Delaware corporation, | [To Be Heard by Discovery Master Robert O'Brien Pursuant to Order of January 6, 2009] |
| 20            Defendant. | **SEPARATE STATEMENT IN SUPPORT OF MGA PARTIES' MOTION TO COMPEL FURTHER RESPONSES TO MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (9049, SET SIX)** |
| 21 | |
| 22  AND CONSOLIDATED ACTIONS | |
| 23 | |
| 24 | Date:        TBD |
| 25 | Time:        TBD |
|    | Courtroom:  TBD |
| 26 | **Phase 2** |
| 27 | Discovery Cutoff:     December 11, 2009 |
| 28 | Pretrial Conference: March 1, 2010 |
|    | Trial Date:            March 23, 2010 |

1          Plaintiffs and Counter-Defendants MGA Parties ("MGA") submit this

2    Separate Statement in Support of MGA Parties' Motion to Compel Further

3    Responses to MGA's Requests for Production of Documents (9049, Set Six).  This

4    Separate Statement covers MGA's Sixth Set of Requests in Case No. CV 04-9049-

5    SGL of the consolidated proceedings, served on November 16, 2007.  The requests

6    included in this Separate Statement are Request Nos. 540, 543, 545-546, and 548-

7    560, 563-567, 569 (the "Requests at Issue").  In addition to the reasons why further

8    responses to each request should be compelled set forth below, MGA incorporates

9    the reasons set forth in its Motion to Compel Further Responses to MGA's

10   Requests for Production of Documents.

11

12   **MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS AT**

13   **ISSUE AND RESPONSES - CASE NO. CV 04-9049 SGL (RNBx)**

14   **REQUEST FOR PRODUCTION NO. 540:**

15         Each of MATTEL's Brand Directional Outlines.

16   **RESPONSE TO REQUEST NO. 540:**

17         In addition to the general objections stated above which are incorporated

18   herein by reference, Mattel objects to this Request on the grounds that it is

19   overbroad and unduly burdensome, including in that it seeks all documents on this

20   subject without limitation as to time, and regardless of whether such documents

21   relate to products or matters at issue in this case or time periods at issue in this

22   action.  Mattel further objects to the use of the term "Brand Directional Outlines" in

23   this context as vague and ambiguous.  Mattel further objects to the Request on the

24   grounds that it seeks documents that are not relevant to this action or likely to lead

25   to the discovery of admissible evidence.  Mattel further objects to this Request on

26   the grounds that it seeks confidential, proprietary and trade secret information,

27   including such information that has no bearing on the claims or defenses in this

28   case.  Mattel further objects to this Request on the grounds that it calls for the

1  disclosure of information subject to the attorney-client privilege, the attorney

2  work-product doctrine and other applicable privileges.

3

4  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

5

6  Mattel has not agreed to produce documents in response to this request.

7  Mattel has refused to confirm whether or not it has produced all non-privileged

8  responsive documents or whether it is withholding documents based on its

9  objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to

10  part of a request must specify the part and permit inspection of the rest."  Fed. R.

11  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

12  with specificity are routinely rejected in the Central District.  See A. Farber and

13  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

14  boilerplate objections such as 'overly burdensome and harassing' are improper –

15  especially when a party fails to submit any evidentiary declarations supporting such

16  objections").  Accordingly, Mattel must be compelled either to certify that it has

17  produced all non-privileged responsive documents or to produce all such

18  documents by a date certain.

19  To the extent that Mattel is relying on its blanket objections, they are not

20  sustainable and do not justify Mattel's failure to produce documents.

21  As to overbreadth, Mattel provides no explanation, let alone the required

22  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

23  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

24  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

25  contrary, the request is narrowly tailored to seek Mattel's Brand Directional

26  Outlines.

27  As to burden, Mattel has not attempted to demonstrate why responding to

28  this request and/or producing responsive documents presents any burden.  This

1   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

2   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3   request is unduly burdensome must allege specific facts which indicate the nature

4   and extent of the burden, usually by affidavit or other reliable evidence.")

5   Moreover, it is not unduly burdensome, as noted above, in that the request is

6   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7   has engaged in a broad variety of unfair trade practices, including serial copying of

8   MGA products.  MGA is entitled to discovery on these claims.

9       This request does not seek documents protected by the attorney-client

10   privilege, the attorney work product doctrine, or other applicable privileges.  To the

11   extent that Mattel contends that it does, Mattel must provide a privilege log.

12       Mattel objects that the request contains confidential, proprietary and trade

13   secret information.  A Protective Order exists in this case, obviating any concern as

14   to protection of privacy rights and/or commercially sensitive information.

15       Mattel also objects to this request on relevance grounds.  MGA has brought

16   trade dress claims and has alleged claims of unfair competition based on Mattel's

17   serial copying and imitation of MGA's products.  As such, Mattel's Brand

18   Directional Outlines are highly relevant and likely to lead to the discovery of

19   admissible evidence.

20       Mattel further objects to the use of the term "Brand Directional Outlines"

21   as vague and ambiguous.  Mattel, however, fails to provide any explanation as

22   to why this term is vague or ambiguous.  In addition, "[a] party responding to

23   discovery requests 'should exercise reason and common sense to attribute ordinary

24   definitions to terms and phrases utilized in'" discovery.  Swackhammer v. Sprint

25   Corp. PCS, 225 F.R.D. 658, 662 (D. Kan. 2004).

26       None of Mattel's improper objections are valid and Mattel is obligated to

27   produce all non-privileged responsive documents in its possession.

28

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET SIX; CV 04-9049 SGL (RNBx)

**REQUEST FOR PRODUCTION NO. 543:**

All DOCUMENTS concerning each instance in which any provision of an EMPLOYEE INVENTIONS AGREEMENT was breached or alleged to be breached by an employee, independent contractor, or any other person with whom MATTEL had entered into an EMPLOYEE INVENTIONS AGREEMENT, including but not limited to employee personnel files to the extent not protected by applicable federal or state privacy laws; letters, e-mails, or other forms of correspondence; and DOCUMENTS sufficient to evidence litigations.

**RESPONSE TO REQUEST NO. 543:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action.  Mattel further objects to this Request on the grounds that it duplicates prior requests and is harassing.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects on the grounds that this request is an attempt to circumvent the Discovery Master's September 12, 2007 order determining the requested documents are irrelevant and/or that such requests are improper.  Mattel further objects to the Request on the grounds that Defendants have withdrawn all defenses relating to the enforceability or unenforceability of Carter Bryant's agreements with Mattel.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

1    Based upon the foregoing, and without waiving the above general and

2    specific objections, Mattel states that other than those documents produced pursuant

3    to other requests, Mattel will not produce documents responsive to this Request.

4

5    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

6

7    Mattel has not agreed to produce documents in response to this request, based

8    on its improper boilerplate objections.  Mattel has refused to confirm whether or not

9    it has produced all non-privileged responsive documents or whether it is

10   withholding documents based on its objections in Phase 2.  Under the Federal Rules

11   of Civil Procedure, "an objection to part of a request must specify the part and

12   permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

13   fail to explain the basis for an objection with specificity are routinely rejected in the

14   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

15   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

16   and harassing' are improper – especially when a party fails to submit any

17   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

18   compelled either to certify that it has produced all non-privileged responsive

19   documents or to produce all such documents by a date certain.

20   To the extent that Mattel is relying on its blanket objections, they are not

21   sustainable and do not justify Mattel's failure to produce documents.

22   As to overbreadth, Mattel provides no explanation, let alone the required

23   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

24   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26   contrary, the request is narrowly tailored to seek documents concerning alleged

27   breaches of Mattel's Employee Inventions Agreement.

28

1   As to burden, Mattel has not attempted to demonstrate why responding to

2   this request and/or producing responsive documents presents any burden.  This

3   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5   request is unduly burdensome must allege specific facts which indicate the nature

6   and extent of the burden, usually by affidavit or other reliable evidence.")

7   Moreover, it is not unduly burdensome, as noted above, in that the request is

8   narrowly tailored to seek only discoverable evidence.  Mattel has accused MGA of

9   multiple claims based in whole or in part on alleged breaches of Mattel's Employee

10  Inventions Agreement by former Mattel employees, including Misappropriation of

11  Trade Secrets, Breach of Contract, Intentional Interference with Contract, Breach of

12  Fiduciary Duty, Aiding and Abetting Breach of Fiduciary Duty, Breach of Duty of

13  Loyalty, Aiding and Abetting Breach of Duty of Loyalty, and Conversion.  MGA is

14  entitled to discovery on these claims, including discovery relevant to Mattel's

15  historical policies regarding its interpretation and enforcement of the Employee

16  Inventions Agreement.

17  Mattel objects that the request is duplicative and harassing, but does

18  not identify the allegedly duplicative requests or any specific reason why these

19  requests are harassing.  Mattel's failure to agree to produce responsive non-

20  privileged documents is not proper based on this objection.

21  Mattel objects that the request contains confidential, proprietary and trade

22  secret information.  A Protective Order exists in this case, obviating any concern as

23  to protection of privacy rights and/or commercially sensitive information.

24  Mattel's objection that this Request is an attempt to circumvent the

25  Discovery Master's September 12, 2007 order is unwarranted, as this request seeks

26  documents related to breaches or alleged breaches of a specific document by Mattel

27  employees, independent contractors, and other agents who had signed that

28  document.

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4        None of Mattel's improper objections are valid and Mattel is obligated to

5    produce all non-privileged responsive documents in its possession.

6

7    **REQUEST FOR PRODUCTION NO. 545:**

8        Each DOCUMENT evidencing a disclosure by a MATTEL employee of

9    pre-employment inventions disclosed to MATTEL in connection with the

10    employee's execution of MATTEL's CONFLICT OF INTEREST

11    QUESTIONNAIRE.

12       **RESPONSE TO REQUEST NO. 545:**

13       In addition to the general objections stated above which are incorporated

14    herein by reference, Mattel objects to this Request on the grounds that it is

15    overbroad, indecipherable, and unduly burdensome, including in that it seeks all

16    documents on this subject without limitation as to time, and regardless of whether

17    such documents relate to products or matters at issue in this case or time periods at

18    issue in this action.  Mattel further objects to this Request on the grounds that it

19    duplicates prior requests and is harassing.  Mattel further objects to the Request on

20    the grounds that it seeks documents that are not relevant to this action or likely to

21    lead to the discovery of admissible evidence.  Mattel further objects to this Request

22    on the grounds that it seeks confidential, proprietary and trade secret information,

23    including such information that has no bearing on the claims or defenses in this

24    case.  Mattel further objects on the grounds that this request is an attempt to

25    circumvent the Discovery Master's September 12, 2007 order determining the

26    requested documents are irrelevant and/or that such requests are improper.  Mattel

27    further objects to the Request on the grounds that Defendants have withdrawn all

28    defenses relating to the enforceability or unenforceability of Carter Bryant's

1   agreements with Mattel.  Mattel further objects to this Request on the grounds that

2   it calls for the disclosure of information subject to the attorney-client privilege, the

3   attorney work-product doctrine and other applicable privileges.

4         Based upon the foregoing, and without waiving the above general and

5   specific objections, Mattel states that other than those documents produced pursuant

6   to other requests, Mattel will not produce documents responsive to this Request.

7

8        **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

9

10       Mattel has not agreed to produce documents in response to this request, based

11   on its improper boilerplate objections.  Mattel has refused to confirm whether or not

12   it has produced all non-privileged responsive documents or whether it is

13   withholding documents based on its objections in Phase 2.  Under the Federal Rules

14   of Civil Procedure, "an objection to part of a request must specify the part and

15   permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

16   fail to explain the basis for an objection with specificity are routinely rejected in the

17   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

18   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

19   and harassing' are improper – especially when a party fails to submit any

20   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

21   compelled either to certify that it has produced all non-privileged responsive

22   documents or to produce all such documents by a date certain.

23        To the extent that Mattel is relying on its blanket objections, they are not

24   sustainable and do not justify Mattel's failure to produce documents.

25        As to overbreadth, Mattel provides no explanation, let alone the required

26   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

27   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

28   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

1   contrary, the request is narrowly tailored to seek documents concerning Mattel

2   employee disclosures of pre-employment inventions in connection with Mattel's

3   Conflict of Interest Questionnaire.

4           As to burden, Mattel has not attempted to demonstrate why responding to

5   this request and/or producing responsive documents presents any burden.  This

6   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8   request is unduly burdensome must allege specific facts which indicate the nature

9   and extent of the burden, usually by affidavit or other reliable evidence.")

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  This entire case stems from

12  Carter Bryant's creation of Bratz, and the question of who was the rightful owner of

13  that creation.  Virtually every claim and counterclaim in this case is in some way

14  related to that issue, and that issue largely turned on whether Carter Bryant created

15  Bratz prior to returning to Mattel, and if so whether that would or should have been

16  disclosed on his Conflict of Interest Questionnaire.  MGA is entitled to discovery

17  on normal course of use for their Conflict of Interest Questionnaire.

18          Mattel objects that the request is duplicative and harassing, but does

19  not identify the allegedly duplicative requests or any specific reason why these

20  requests are harassing.  Mattel's failure to agree to produce responsive non-

21  privileged documents is not proper based on this objection.

22          Mattel objects that the request contains confidential, proprietary and trade

23  secret information.  A Protective Order exists in this case, obviating any concern as

24  to protection of privacy rights and/or commercially sensitive information.

25          Mattel's objection that this Request is an attempt to circumvent the

26  Discovery Master's September 12, 2007 order is unwarranted, as this request seeks

27  evidence of disclosures by Mattel employees pursuant to a specific Mattel

28  document.

1    This request seeks relevant documents to Phase 2 of these proceedings,

2  which involve claims by MGA that Mattel improperly solicits confidential and

3  trade secret information from various sources, including its new employees.

4  Mattel's practices regarding employee disclosure are relevant to these issues.

5  These documents are also relevant to MGA's unfair competition claim which

6  includes allegations related to Mattel's use of its employment agreements.

7    This request does not seek documents protected by the attorney-client

8  privilege, the attorney work product doctrine, or other applicable privileges.  To the

9  extent that Mattel contends that it does, Mattel must provide a privilege log.

10    None of Mattel's improper objections are valid and Mattel is obligated to

11  produce all non-privileged responsive documents in its possession.

12

13  **REQUEST FOR PRODUCTION NO. 546:**

14    All DOCUMENTS concerning each instance in which any provision of a

15  CONFLICT OF INTEREST QUESTIONNAIRE was breached or alleged to be

16  breached by an employee, independent contractor, or any other person with whom

17  MATTEL had entered into a CONFLICT OF INTEREST QUESTIONNAIRE,

18  including but not limited to employee personnel files to the extent not protected by

19  applicable federal or state privacy laws; letters, e-mails, or other forms of

20  correspondence; and DOCUMENTS sufficient to evidence litigations.

21  **RESPONSE TO REQUEST NO. 546:**

22    In addition to the general objections stated above which are incorporated

23  herein by reference, Mattel objects to this Request on the grounds that it is

24  overbroad, indecipherable, and unduly burdensome, including in that it seeks all

25  documents on this subject without limitation as to time, and regardless of whether

26  such documents relate to products or matters at issue in this case or time periods at

27  issue in this action.  Mattel further objects to this Request on the grounds that it

28  duplicates prior requests and is harassing.  Mattel further objects to the use of the

term "CONFLICT OF INTEREST QUESTIONNAIRE" in this context as vague
and ambiguous.  Mattel further objects to the Request on the grounds that it seeks
documents that are not relevant to this action or likely to lead to the discovery of
admissible evidence.  Mattel further objects to this Request on the grounds that it
seeks confidential, proprietary and trade secret information, including such
information that has no bearing on the claims or defenses in this case.  Mattel
further objects on the grounds that this request is an attempt to circumvent the
Discovery Master's September 12, 2007 order determining the requested
documents are irrelevant and/or that such requests are improper.  Mattel further
objects to the Request on the grounds that Defendants have withdrawn all defenses
relating to the enforceability or unenforceability of Carter Bryant's agreements with
Mattel.  Mattel further objects to this Request on the grounds that it calls for the
disclosure of information subject to the attorney-client privilege, the attorney
work-product doctrine and other applicable privileges.

Based upon the foregoing, and without waiving the above general and
specific objections, Mattel states that other than those documents produced pursuant
to other requests, Mattel will not produce documents responsive to this Request.


**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, based
on its improper boilerplate objections.  Mattel has refused to confirm whether or not
it has produced all non-privileged responsive documents or whether it is
withholding documents based on its objections in Phase 2.  Under the Federal Rules
of Civil Procedure, "an objection to part of a request must specify the part and
permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
fail to explain the basis for an objection with specificity are routinely rejected in the
Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

1   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

2   and harassing' are improper – especially when a party fails to submit any

3   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

4   compelled either to certify that it has produced all non-privileged responsive

5   documents or to produce all such documents by a date certain.

6        To the extent that Mattel is relying on its blanket objections, they are not

7   sustainable and do not justify Mattel's failure to produce documents.

8        As to overbreadth, Mattel provides no explanation, let alone the required

9   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

10  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

11  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

12  contrary, the request is narrowly tailored to seek documents concerning alleged

13  breaches of Mattel's Conflict of Interest Questionnaire.

14       As to burden, Mattel has not attempted to demonstrate why responding to

15  this request and/or producing responsive documents presents any burden.  This

16  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

17  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.")

20  Moreover, it is not unduly burdensome, as noted above, in that the request is

21  narrowly tailored to seek only discoverable evidence.  This case stems from Carter

22  Bryant's creation of Bratz, and the question of who was the rightful owner of that

23  creation.  Virtually every claim and counterclaim in this case is in some way related

24  to that issue, and that issue largely turned on whether Carter Bryant created Bratz

25  prior to returning to Mattel, and if so whether that would or should have been

26  disclosed on his Conflict of Interest Questionnaire.  MGA is entitled to discovery

27  on Mattel's policies and procedures for interpreting and enforcing its Conflict of

28  Interest Questionnaire.

1    Mattel objects that the request is duplicative and harassing, but does

2  not identify the allegedly duplicative requests or any specific reason why these

3  requests are harassing.  Mattel's failure to agree to produce responsive non-

4  privileged documents is not proper based on this objection.

5    Litigation in this case has extensively involved Mattel's "Conflict of Interest

6  Questionnaire."  There is nothing vague or ambiguous about this term, and Mattel's

7  objection to the contrary is disingenuous and grounds for sanctions.

8    Mattel objects that the request contains confidential, proprietary and trade

9  secret information.  A Protective Order exists in this case, obviating any concern as

10  to protection of privacy rights and/or commercially sensitive information.

11    Mattel's objection that this Request is an attempt to circumvent the

12  Discovery Master's September 12, 2007 order is unwarranted, as this request seeks

13  documents related to breaches or alleged breaches of a specific document by Mattel

14  employees, independent contractors, and other agents who had signed that

15  document.

16    This request seeks document relevant to Phase 2 of this proceeding, which

17  includes issues of improper conduct by Mattel, including unfair competition and

18  unclean hands.  How Mattel responds to conflicts of interest is relevant to these

19  topics.  Such documents are also relevant to MGA's statute of limitation claim

20  against Mattel, as they will demonstrate how Mattel investigates improper conduct

21  by employees.

22    This request does not seek documents protected by the attorney-client

23  privilege, the attorney work product doctrine, or other applicable privileges.  To the

24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25    None of Mattel's improper objections are valid and Mattel is obligated to

26  produce all non-privileged responsive documents in its possession.

27

28

1   **REQUEST FOR PRODUCTION NO. 548:**

2       DOCUMENTS sufficient to evidence each complaint, tip, or other

3   COMMUNICATION, whether oral or written, received by MATTEL that alleged a

4   breach and/or violation of any of the EMPLOYEE INVENTIONS AGREEMENT,

5   the CONFLICT OF INTEREST QUESTIONNAIRE, and/or MATTEL's policies

6   concerning conflict(s) of interest.

7       **RESPONSE TO REQUEST NO. 548:**

8       In addition to the general objections stated above which are incorporated

9   herein by reference, Mattel objects to this Request on the grounds that it is

10  overbroad and unduly burdensome, including in that it seeks all documents on this

11  subject without limitation as to time, and regardless of whether such documents

12  relate to products or matters at issue in this case or time periods at issue in this

13  action.  Mattel further objects to the use of the term "relating to their obligations

14  under any of the EMPLOYEE INVENTIONS AGREEMENT, CONFLICT OF

15  INTEREST QUESTIONNAIRE, and/or MATTEL's policies concerning conflict(s)

16  of interest" in this context as vague and ambiguous.  Mattel further objects to the

17  Request on the grounds that it seeks documents that are not relevant to this action

18  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

19  this Request on the grounds that it seeks confidential, proprietary and trade secret

20  information, including such information that has no bearing on the claims or

21  defenses in this case.  Mattel further objects on the grounds that this request is an

22  attempt to circumvent the Discovery Master's September 12, 2007 order

23  determining the requested documents are irrelevant and/or that such requests are

24  improper.  Mattel further objects to the Request on the grounds that Defendants

25  have withdrawn all defenses relating to the enforceability or unenforceability of

26  Carter Bryant's agreements with Mattel.  Mattel further objects to this Request on

27  the grounds that it calls for the disclosure of information subject to the

28

- 14 -        SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
                                                                              9049, SET SIX; CV 04-9049 SGL (RNBx)

1   attorney-client privilege, the attorney work-product doctrine and other applicable

2   privileges.

3          Based upon the foregoing, and without waiving the above general and

4   specific objections, Mattel states that other than those documents produced pursuant

5   to other requests, Mattel will not produce documents responsive to this Request.

6

7   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

8

9          Mattel has not agreed to produce documents in response to this request, based

10  on its improper boilerplate objections.  Mattel has refused to confirm whether or not

11  it has produced all non-privileged responsive documents or whether it is

12  withholding documents based on its objections in Phase 2.  Under the Federal Rules

13  of Civil Procedure, "an objection to part of a request must specify the part and

14  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

15  fail to explain the basis for an objection with specificity are routinely rejected in the

16  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

17  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

18  and harassing' are improper – especially when a party fails to submit any

19  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

20  compelled either to certify that it has produced all non-privileged responsive

21  documents or to produce all such documents by a date certain.

22          To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24          As to overbreadth, Mattel provides no explanation, let alone the required

25  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28  contrary, the request is narrowly tailored to seek documents concerning

1   communications received by Mattel that alleged a breach and/or violation of

2   Mattel's Employee Inventions Agreement, its Conflict of Interest Questionnaire, or

3   Mattel's other policies concerning conflicts of interest.

4        As to burden, Mattel has not attempted to demonstrate why responding to

5   this request and/or producing responsive documents presents any burden.  This

6   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8   request is unduly burdensome must allege specific facts which indicate the nature

9   and extent of the burden, usually by affidavit or other reliable evidence.")

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  This entire case stems from

12  Carter Bryant's creation of Bratz, and the question of who was the rightful owner of

13  that creation.  Virtually every claim and counterclaim in this case is in some way

14  related to that issue and Mattel's allegation that Bryant's sale of the Bratz concept

15  to MGA violated Mattel's Employee Inventions Agreement, its Conflict of Interest

16  Questionnaire, or Mattel's other policies concerning conflicts of interest, or to other

17  alleged breaches of Mattel's Employee Inventions Agreement, its Conflict of

18  Interest Questionnaire, or Mattel's other policies concerning conflicts of interest.

19  MGA is entitled to discovery on Mattel's policies and procedures for interpreting

20  and enforcing its Employee Inventions Agreement, its Conflict of Interest

21  Questionnaire, and its other policies concerning conflicts of interest.  Additionally,

22  MGA has raised statute of limitations defenses to several of Mattel's claims, and

23  this information is directly relevant to those defenses.

24       Mattel objects that the request is duplicative and harassing, but does

25  not identify the allegedly duplicative requests or any specific reason why these

26  requests are harassing.  Mattel's failure to agree to produce responsive non-

27  privileged documents is not proper based on this objection.

28

1    Mattel further objects that the term "relating to their obligations under any of

2    the EMPLOYEE INVENTIONS AGREEMENT, CONFLICT OF INTEREST

3    QUESTIONNAIRE, and/or MATTEL's policies concerning conflict(s) of interest"

4    is vague and ambiguous, but does not explain how these simple words and

5    explicitly defined documents are in any way vague or ambiguous.

6    Mattel objects that the request contains confidential, proprietary and trade

7    secret information.  A Protective Order exists in this case, obviating any concern as

8    to protection of privacy rights and/or commercially sensitive information.

9    Mattel's objection that this Request is an attempt to circumvent the

10   Discovery Master's September 12, 2007 order is unwarranted, as this request seeks

11   documents related to complaints, tips, or other communications received by Mattel

12   regarding alleged breaches of specific Mattel documents.

13   This request seeks documents relevant to Phase 2.  MGA's statute of

14   limitations defense involves Mattel's investigation of alleged employee

15   misconduct.  Accordingly, Mattel's general practices relating to allegations of

16   employee misconduct are either admissible evidence or likely to lead to admissible

17   evidence.

18   This request does not seek documents protected by the attorney-client

19   privilege, the attorney work product doctrine, or other applicable privileges.  To the

20   extent that Mattel contends that it does, Mattel must provide a privilege log.

21   None of Mattel's improper objections are valid and Mattel is obligated to

22   produce all non-privileged responsive documents in its possession.

23

24   **REQUEST FOR PRODUCTION NO. 549:**

25   Each "brand brief," "creative brief," or other similar DOCUMENT

26   concerning the advertising strategy for MATTEL's "BARBIE" products, including

27   but not limited to "BARBIE" dolls.

28

**RESPONSE TO REQUEST NO. 549:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action.  Mattel further objects to the use of the terms "'brand brief,' 'creative brief,' or other similar DOCUMENT concerning the advertising strategy for MATTEL's 'BARBIE' products" as vague, ambiguous, and overbroad.  The request appears to seek documents relating to many thousands of irrelevant products and is designed only to harass Mattel.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects on the grounds that this request is an attempt to circumvent the Discovery Master's April 19, 2007 and May 22, 2007 orders determining the requested documents are irrelevant and/or that such requests are improper.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based upon the foregoing, and without waiving the above general and specific objections, Mattel states that other than those documents produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek "brand briefs" or "creative briefs" concerning the advertising strategy for "Barbie" products.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

- 19 -

1   and extent of the burden, usually by affidavit or other reliable evidence.")

2   Moreover, it is not unduly burdensome, as noted above, in that the request is

3   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4   has engaged in a broad variety of unfair trade practices, including copying MGA's

5   branding and advertising.  MGA is entitled to discovery on these claims.

6        Mattel's objection that this Request is an attempt to circumvent the

7   Discovery Master's April 19, 2007 and May 22, 2007 order is unwarranted.  That

8   order is inapposite to this Request, which is much narrower than those considered

9   irrelevant and/or improper by the court.  This request is narrowly tailored to "brand

10  briefs" or "creative briefs" concerning the advertising strategy for "Barbie"

11  products.

12       Mattel further objects to the use of the terms "'brand brief,' 'creative

13  brief,' or other similar DOCUMENT concerning the advertising strategy for

14  MATTEL's 'BARBIE' products" as vague and ambiguous.  Mattel, however,

15  fails to provide any explanation as to why these terms are vague or ambiguous.  In

16  addition, "[a] party responding to discovery requests 'should exercise reason and

17  common sense to attribute ordinary definitions to terms and phrases utilized in'"

18  discovery.  <u>Swackhammer v. Sprint Corp. PCS</u>, 225 F.R.D. 658, 662 (D. Kan.

19  2004).  Especially given the context of the case, these terms are not vague and

20  ambiguous.

21       This request does not seek documents protected by the attorney-client

22  privilege, the attorney work product doctrine, or other applicable privileges.  To the

23  extent that Mattel contends that it does, Mattel must provide a privilege log.

24       Mattel objects that the request contains confidential, proprietary and trade

25  secret information.  A Protective Order exists in this case, obviating any concern as

26  to protection of privacy rights and/or commercially sensitive information.

27       Mattel also objects to this request on relevance grounds.  MGA has alleged

28  claims of unfair competition based on Mattel's serial copying and imitation of

- 20 -

1   MGA's products, branding and advertising.  As such, Mattel's "brand briefs" or

2   "creative briefs" regarding advertising strategy are highly relevant and likely to lead

3   to the discovery of admissible evidence.

4        None of Mattel's improper objections are valid and Mattel is obligated to

5   produce all non-privileged responsive documents in its possession.

6

7   **REQUEST FOR PRODUCTION NO. 550:**

8        Each "brand brief," "creative brief," or other similar DOCUMENT

9   concerning the advertising strategy for MATTEL's "MY SCENE" products,

10   including but not limited to "MY SCENE" DOLLS.

11        **RESPONSE TO REQUEST NO. 550:**

12        In addition to the general objections stated above which are incorporated

13   herein by reference, Mattel objects to this Request on the grounds that it is

14   overbroad and unduly burdensome, including in that it seeks all documents on this

15   subject without limitation as to time, and regardless of whether such documents

16   relate to products or matters at issue in this case.  Mattel further objects to the use

17   of the terms "'brand brief,' 'creative brief,' or other similar DOCUMENT

18   concerning the advertising strategy for MATTEL's 'MY SCENE' products" as

19   vague, ambiguous, and overbroad.  Mattel further objects to the Request on the

20   grounds that it seeks documents that are not relevant to this action or likely to lead

21   to the discovery of admissible evidence.  Mattel further objects to this Request on

22   the grounds that it seeks confidential, proprietary and trade secret information,

23   including such information that has no bearing on the claims or defenses in this

24   case.  Mattel further objects to this Request on the grounds that it calls for the

25   disclosure of information subject to the attorney-client privilege, the attorney

26   work-product doctrine and other applicable privileges.

27        Subject to and without waiving the foregoing objections, Mattel responds as

28   follows:  Mattel will produce such responsive, non-privileged documents that are in

1   Mattel's possession, custody, or control, if any, that Mattel has been able to locate

2   after a diligent search and reasonable inquiry that relate to its MY SCENE products

3   at issue, to the extent not previously produced.

4

5   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

6

7        Mattel has improperly limited its agreement to produce documents in

8   response to this request, subject to its improper boilerplate objections.  Mattel has

9   refused to confirm whether or not it has produced all non-privileged responsive

10  documents or whether it is withholding documents based on its objections in Phase

11  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

12  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

13  Generic objections that fail to explain the basis for an objection with specificity are

14  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

15  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

16  such as 'overly burdensome and harassing' are improper – especially when a party

17  fails to submit any evidentiary declarations supporting such objections").

18  Accordingly, Mattel must be compelled either to certify that it has produced all

19  non-privileged responsive documents or to produce all such documents by a date

20  certain.

21        To the extent that Mattel is relying on its blanket objections, they are not

22  sustainable and do not justify Mattel's failure to produce documents.

23        As to overbreadth, Mattel provides no explanation, let alone the required

24  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

25  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

26  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

27  contrary, the request is narrowly tailored to seek brand briefs, creative briefs, or

28  similar documents concerning the advertising strategy for "My Scene" products.

1    As to burden, Mattel has not attempted to demonstrate why responding to

2    this request and/or producing responsive documents presents any burden.  This

3    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5    request is unduly burdensome must allege specific facts which indicate the nature

6    and extent of the burden, usually by affidavit or other reliable evidence.")

7    Moreover, it is not unduly burdensome, as noted above, in that the request is

8    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9    has engaged in a broad variety of unfair trade practices, including the copying of,

10   and interference with, MGA's advertising.  MGA is entitled to discovery on these

11   claims.

12   Mattel objects that the request contains confidential, proprietary and trade

13   secret information.  A Protective Order exists in this case, obviating any concern as

14   to protection of privacy rights and/or commercially sensitive information.

15   This request does not seek documents protected by the attorney-client

16   privilege, the attorney work product doctrine, or other applicable privileges.  To the

17   extent that Mattel contends that it does, Mattel must provide a privilege log.

18   Mattel further objects to the use of the terms "'brand brief,' 'creative

19   brief,' or other similar DOCUMENT concerning the advertising strategy for

20   MATTEL's 'MY SCENE' products" as vague and ambiguous.  Mattel,

21   however, fails to provide any explanation as to why these terms are vague or

22   ambiguous.  In addition, "[a] party responding to discovery requests 'should

23   exercise reason and common sense to attribute ordinary definitions to terms and

24   phrases utilized in'" discovery.  Swackhammer v. Sprint Corp. PCS, 225 F.R.D.

25   658, 662 (D. Kan. 2004).

26   Mattel also objects to this request on relevance grounds.  MGA has alleged

27   claims of unfair competition based on Mattel's copying of, and interference with,

28   MGA's advertising.  As such, documents related to the advertising strategy for "My

1   Scene" are highly relevant and likely to lead to the discovery of admissible

2   evidence.

3        Mattel has also improperly limited its agreement to produce by redefining the

4   scope of MGA's request.  Subject to its objections, Mattel has only agreed to

5   produce documents related to "My Scene" products "at issue".  Mattel may not

6   place such amorphous and subjective limitations on its own production.  See

7   Discovery Master Order No. 52 at 20.  Mattel is required to respond to the request

8   as originally drafted by MGA and may not unilaterally narrow and rewrite MGA's

9   requests.

10       None of Mattel's improper objections are valid and Mattel is obligated to

11  produce all non-privileged responsive documents in its possession.

12

13  **REQUEST FOR PRODUCTION NO. 551:**

14       Each report, study, presentation, memorandum, or other DOCUMENT that

15  analyzed the effectiveness of any television commercial or any advertising

16  campaign for MATTEL's "BARBIE" products, including but not limited to

17  "BARBIE" dolls.

18       **RESPONSE TO REQUEST NO. 551:**

19       In addition to the general objections stated above which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is

21  overbroad and unduly burdensome, including in that it seeks all documents on this

22  subject without limitation as to time, and regardless of whether such documents

23  relate to products or matters at issue in this case or time periods at issue in this

24  action.  Mattel further objects to the entire Request as vague, ambiguous, and

25  indecipherable.  The Request attempts to sweep in literally many thousands of

26  products (and advertising relating thereto) that have no bearing on this case, and is

27  apparently designed only to harass Mattel.  Mattel further objects to the Request on

28  the grounds that it seeks documents that are not relevant to this action or likely to

1   lead to the discovery of admissible evidence.  Mattel further objects to this Request

2   on the grounds that it seeks confidential, proprietary and trade secret information,

3   including such information that has no bearing on the claims or defenses in this

4   case.  Mattel further objects on the grounds that this request is an attempt to

5   circumvent the Discovery Master's April 19, 2007 and May 22, 2007 orders

6   determining the requested documents are irrelevant and/or that such requests are

7   improper.  Mattel further objects to this Request on the grounds that it calls for the

8   disclosure of information subject to the attorney-client privilege, the attorney

9   work-product doctrine and other applicable privileges.

10

11   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**

12

13        Mattel has not agreed to produce documents in response to this request.

14   Mattel has refused to confirm whether or not it has produced all non-privileged

15   responsive documents or whether it is withholding documents based on its

16   objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to

17   part of a request must specify the part and permit inspection of the rest."  Fed. R.

18   Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

19   with specificity are routinely rejected in the Central District.  See A. Farber and

20   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

21   boilerplate objections such as 'overly burdensome and harassing' are improper –

22   especially when a party fails to submit any evidentiary declarations supporting such

23   objections").  Accordingly, Mattel must be compelled either to certify that it has

24   produced all non-privileged responsive documents or to produce all such

25   documents by a date certain.

26        To the extent that Mattel is relying on its blanket objections, they are not

27   sustainable and do not justify Mattel's failure to produce documents.

28

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents that analyzed the effectiveness of advertising for "Barbie" products.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices, including copying MGA's advertising.  MGA is entitled to discovery on these claims.

Mattel's objection that this Request is an attempt to circumvent the Discovery Master's April 19, 2007 and May 22, 2007 order is unwarranted.  That order is inapposite to this Request, which is much narrower than those considered irrelevant and/or improper by the court.  This request is narrowly tailored to documents that analyzed the effectiveness of advertising for "Barbie" products.

Finally, Mattel's objection that the request is vague, ambiguous and indecipherable is insufficient.  Mattel offers no explanation of what word or phrase it is unable to understand.  In addition, "[a] party responding to discovery requests 'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in'" discovery.  Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 662 (D. Kan. 2004).

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    Mattel objects that the request contains confidential, proprietary and trade

5    secret information.  A Protective Order exists in this case, obviating any concern as

6    to protection of privacy rights and/or commercially sensitive information.

7    Mattel also objects to this request on relevance grounds.  MGA has alleged

8    claims of unfair competition based on Mattel's serial copying and imitation of

9    MGA's advertising.  As such, documents analyzing Mattel's television

10   commercials or advertising campaigns are highly relevant and likely to lead to the

11   discovery of admissible evidence.

12   None of Mattel's improper objections are valid and Mattel is obligated to

13   produce all non-privileged responsive documents in its possession.

14

15   **REQUEST FOR PRODUCTION NO. 552:**

16   Each report, study, presentation, memorandum, or other DOCUMENT that

17   analyzed the effectiveness of any television commercial or any advertising

18   campaign for MATTEL'S "MY SCENE" products, including but not limited to

19   "MY SCENE" DOLLS.

20   **RESPONSE TO REQUEST NO. 552:**

21   In addition to the general objections stated above which are incorporated

22   herein by reference, Mattel objects to this Request on the grounds that it is

23   overbroad and unduly burdensome, including in that it seeks all documents on this

24   subject without limitation as to time, and regardless of whether such documents

25   relate to products or matters at issue in this case.  Mattel further objects to the entire

26   Request as vague, ambiguous, and indecipherable.  The Request appears to seek

27   information about advertising that has no bearing on this case, and is apparently

28   designed only to harass Mattel.  Mattel further objects to the Request on the

grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based upon the foregoing, and without waiving the above general and specific objections, Mattel states that other than those documents produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

- 28 -

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents analyzing the effectiveness of advertising for "My Scene" products.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices, including copying and interfering with MGA's advertising.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel further objects to the request as vague, ambiguous, and indecipherable.  Mattel, however, fails to provide any explanation as to why the request is vague, ambiguous or indecipherable.  In addition, "[a] party responding to discovery requests 'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in'" discovery.  Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 662 (D. Kan. 2004).

1    Mattel also objects to this request on relevance grounds.  MGA has alleged

2    claims of unfair competition based on Mattel's copying and interfering with

3    MGA's advertising.  As such, documents analyzing the effectiveness of television

4    commercials or advertising campaigns for "My Scene" are highly relevant and

5    likely to lead to the discovery of admissible evidence.

6    None of Mattel's improper objections are valid and Mattel is obligated to

7    produce all non-privileged responsive documents in its possession.

8

9    **REQUEST FOR PRODUCTION NO. 553:**

10    DOCUMENTS sufficient to evidence each of MATTEL's policies,

11    procedures, rules, or strategies, whether written or oral, concerning the number

12    and/or types of products perceived as being in actual or potential competition with

13    MATTEL's "BARBIE" dolls that MATTEL would market, sell, offer for sale, or

14    otherwise introduce to consumers.

15    **RESPONSE TO REQUEST NO. 553:**

16    In addition to the general objections stated above which are incorporated

17    herein by reference, Mattel objects to this Request on the grounds that it is

18    overbroad and unduly burdensome, including in that it seeks all documents on this

19    subject without limitation as to time, and regardless of whether such documents

20    relate to products or matters at issue in this case or time periods at issue in this

21    action.  Mattel further objects to the use of the terms "policies, procedures, rules, or

22    strategies," and "perceived as being in actual or potential competition with

23    MATTEL's 'BARBIE' dolls" in this context as vague, ambiguous, overbroad, and

24    incomprehensible.  Mattel further objects to the Request on the grounds that it seeks

25    documents that are not relevant to this action or likely to lead to the discovery of

26    admissible evidence.  Mattel further objects to this Request on the grounds that it

27    seeks confidential, proprietary and trade secret information, including such

28    information that has no bearing on the claims or defenses in this case.  Mattel

1  further objects on the grounds that this request is an attempt to circumvent the

2  Discovery Master's April 19, 2007 and May 22, 2007 orders determining the

3  requested documents are irrelevant and/or that such requests are improper.  Mattel

4  further objects to this Request on the grounds that it calls for the disclosure of

5  information subject to the attorney-client privilege, the attorney work-product

6  doctrine and other applicable privileges.

7        Based upon the foregoing, and without waiving the above general and

8  specific objections, Mattel states that other than those documents produced pursuant

9  to other requests, Mattel will not produce documents responsive to this Request.

10

11     **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

12

13        Mattel has not agreed to produce documents in response to this request.

14  Mattel has refused to confirm whether or not it has produced all non-privileged

15  responsive documents or whether it is withholding documents based on its

16  objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to

17  part of a request must specify the part and permit inspection of the rest."  Fed. R.

18  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

19  with specificity are routinely rejected in the Central District.  See A. Farber and

20  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

21  boilerplate objections such as 'overly burdensome and harassing' are improper –

22  especially when a party fails to submit any evidentiary declarations supporting such

23  objections").  Accordingly, Mattel must be compelled either to certify that it has

24  produced all non-privileged responsive documents or to produce all such

25  documents by a date certain.

26        To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

1    As to overbreadth, Mattel provides no explanation, let alone the required

2    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5    contrary, the request is narrowly tailored to seek documents regarding Mattel's

6    policies concerning the number and/or types of products perceived as "Barbie's"

7    competition.

8    As to burden, Mattel has not attempted to demonstrate why responding to

9    this request and/or producing responsive documents presents any burden.  This

10   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

11   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12   request is unduly burdensome must allege specific facts which indicate the nature

13   and extent of the burden, usually by affidavit or other reliable evidence.")

14   Moreover, it is not unduly burdensome, as noted above, in that the request is

15   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16   has engaged in a broad variety of unfair trade practices aimed at eliminating

17   competition to Mattel's "Barbie" dolls.  MGA is entitled to discovery on these

18   claims.

19   Mattel's objection that this Request is an attempt to circumvent the

20   Discovery Master's April 19, 2007 and May 22, 2007 order is unwarranted.  That

21   order is inapposite to this Request, which is much narrower than those considered

22   irrelevant and/or improper by the court.  This request is narrowly tailored to

23   information relating to Mattel's policies concerning the number and/or types of

24   products perceived as "Barbie's" competition.

25   Mattel further objects to the use of the terms "policies, procedures, rules,

26   or strategies," and "perceived as being in actual or potential competition with

27   MATTEL's 'BARBIE' dolls" as vague and ambiguous.  Mattel, however, fails

28   to provide any explanation as to why these terms are vague or ambiguous.  In

addition, "[a] party responding to discovery requests 'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in'" discovery.  <u>Swackhammer v. Sprint Corp. PCS</u>, 225 F.R.D. 658, 662 (D. Kan. 2004).  Especially given the context of the case, these terms are not vague and ambiguous.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel also objects to this request on relevance grounds.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices aimed at eliminating competition to Mattel's "Barbie" dolls.  As such, documents evidencing Mattel's policies, procedures, rules, or strategies, concerning competing products are highly relevant and likely to lead to the discovery of admissible evidence.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 554:**

To the extent not already produced in response to the foregoing Requests, all DOCUMENTS and things identified in response to MGA's Second Set of Interrogatories.

**RESPONSE TO REQUEST NO. 554:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as follows:  Mattel cannot respond to this Request because it has not responded to the Second Set of Interrogatories.

- 33 -

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel's only objection other than its general objections (which are without merit for the reasons set forth in the Motion) is that it has not yet responded to the Second Set of Interrogatories. Mattel has now responded, providing its first responses to the Second Set of Interrogatories on January 3, 2008. As Mattel sets forth no valid objection, it must be compelled to produce all responsive non-privileged documents.

**REQUEST FOR PRODUCTION NO. 555:**

Each report of consumer or customer research relating to the market for fashion dolls and/or any specific fashion doll, whether marketed by MATTEL or otherwise.

**RESPONSE TO REQUEST NO. 555:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to the use of the terms "the market for fashion dolls and/or any specific fashion doll, whether marketed by MATTEL or otherwise" in this context as vague, ambiguous, and overbroad. The Request appears to attempt to obtain documents relating to many thousands of products that have no bearing on this case and is apparently designed only to harass Mattel. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the

claims or defenses in this case.  Mattel further objects on the grounds that this request is an attempt to circumvent the Discovery Master's April 19, 2007 and May 22, 2007 orders determining the requested documents are irrelevant and/or that such requests are improper.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based upon the foregoing, and without waiving the above general and specific objections, Mattel states that other than those documents produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

1    As to overbreadth, Mattel provides no explanation, let alone the required

2    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5    contrary, the request is narrowly tailored to documents regarding Mattel's consumer

6    research relating to the market for fashion dolls.

7    As to burden, Mattel has not attempted to demonstrate why responding to

8    this request and/or producing responsive documents presents any burden.  This

9    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

10   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11   request is unduly burdensome must allege specific facts which indicate the nature

12   and extent of the burden, usually by affidavit or other reliable evidence.")

13   Moreover, it is not unduly burdensome, as noted above, in that the request is

14   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

15   has engaged in a broad variety of unfair trade practices including serial copying of

16   MGA products.  MGA is entitled to discovery on these claims.

17   Mattel further objects to the use of the terms "the market for fashion

18   dolls and/or any specific fashion doll, whether marketed by MATTEL or

19   otherwise" as vague and ambiguous.  Mattel, however, fails to provide any

20   explanation as to why these terms are vague or ambiguous.  In addition, "[a] party

21   responding to discovery requests 'should exercise reason and common sense to

22   attribute ordinary definitions to terms and phrases utilized in'" discovery.

23   Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 662 (D. Kan. 2004).

24   Especially given the context of the case, these terms are not vague and ambiguous.

25   This request does not seek documents protected by the attorney-client

26   privilege, the attorney work product doctrine, or other applicable privileges.  To the

27   extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1    Mattel objects that the request contains confidential, proprietary and trade

2    secret information.  A Protective Order exists in this case, obviating any concern as

3    to protection of privacy rights and/or commercially sensitive information.

4        Mattel's objection that this Request is an attempt to circumvent the

5    Discovery Master's April 19, 2007 and May 22, 2007 order is unwarranted.  That

6    order is inapposite to this Request, which is much narrower than those considered

7    irrelevant and/or improper by the court.  This request is narrowly tailored to

8    documents regarding consumer research related to the market for fashion dolls.

9        As for relevancy, Mattel has not attempted to demonstrate why the

10   information sought in response to this request is not relevant to and discoverable in

11   Phase 2. On the contrary, MGA has alleged that Mattel has engaged in serial

12   copying of MGA's product lines, including the BRATZ product line, packaging,

13   themes, accessories, and advertising.  Documents related to Mattel's consumer

14   research for market of fashion dolls are highly relevant to MGA's claims and are

15   discoverable in Phase 2.

16       None of Mattel's improper objections are valid and Mattel is obligated to

17   produce all non-privileged responsive documents in its possession.

18

19   **REQUEST FOR PRODUCTION NO. 556:**

20       All DOCUMENTS relating to each "stopper" product introduction launched

21   by MATTEL in response to the launch of a MATTEL competitor's product, and all

22   DOCUMENTS assessing the success of MATTEL's "stopper" product.

23       **RESPONSE TO REQUEST NO. 556:**

24       In addition to the general objections stated above which are incorporated

25   herein by reference, Mattel objects to this Request on the grounds that it is

26   overbroad, indecipherable, and unduly burdensome, including in that it seeks all

27   documents on this subject without limitation as to time, and regardless of whether

28   such documents relate to products or matters at issue in this case or time periods at

issue in this action.  Mattel further objects to the use of the terms "'stopper' product introduction launched by MATTEL in response to the launch of a MATTEL competitor's product," and "assessing the success of MATTEL's 'stopper' product" as vague, ambiguous, and incomprehensible.  The Request appears to attempt to obtain documents relating to some undefined universe of alleged products that have no bearing on this case and is apparently designed only to harass Mattel.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects on the grounds that this request is an attempt to circumvent the Discovery Master's April 19, 2007 and May 22, 2007 orders determining the requested documents are irrelevant and/or that such requests are improper.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel refuses to produce documents in response to this request, resting on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to

1   certify that it has produced all non-privileged responsive documents or to produce

2   all such documents by a date certain.

3        To the extent that Mattel is relying on its blanket objections, they are not

4   sustainable and do not justify Mattel's failure to produce documents.

5        As to overbreadth, Mattel provides no explanation, let alone the required

6   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9   contrary, the request is narrowly tailored to seek documents related to Mattel's

10  launch of "stopper" products.

11       As to burden, Mattel has not attempted to demonstrate why responding to

12  this request and/or producing responsive documents presents any burden.  This

13  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

14  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15  request is unduly burdensome must allege specific facts which indicate the nature

16  and extent of the burden, usually by affidavit or other reliable evidence.")

17  Moreover, it is not unduly burdensome, as noted above, in that the request is

18  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19  has engaged in a broad variety of unfair trade practices, such as serial copying of

20  MGA products.  MGA is entitled to discovery on these claims.

21       As for relevancy, Mattel has not attempted to demonstrate why responding to

22  this request and/or producing responsive documents is irrelevant to the present

23  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

24  MGA products.  It seeks to enjoin Mattel from using confusingly similar trade

25  dress, improperly influencing standard-setting and industry organizations, engaging

26  in unfair competition and unfair business practices and diluting MGA's trade dress.

27  This request seeks documents relevant to these issues, as other "stopper" products

28  will demonstrate Mattel's practices when a competing product enters the market.

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    Mattel objects that the request contains confidential/proprietary/trade secret

5    information.  A Protective Order exists in this case, obviating any concern as to

6    protection of privacy rights and/or commercially sensitive information.

7    Mattel's objection that the request is vague, ambiguous or incomprehensible

8    is disingenuous, as it uses language directly from Mattel's own production.  For this

9    reason as well, the information is discoverable in Phase 2.

10    None of Mattel's improper objections are valid and Mattel is obligated to

11    produce all non-privileged responsive documents in its possession.

12

13    **REQUEST FOR PRODUCTION NO. 557:**

14    DOCUMENTS sufficient to evidence each assessment by or for MATTEL of

15    the BRATZ line of products.

16    **RESPONSE TO REQUEST NO. 557:**

17    In addition to the general objections stated above which are incorporated

18    herein by reference, Mattel objects to this Request on the grounds that it is

19    overbroad and unduly burdensome, including in that it seeks all documents on this

20    subject without limitation as to time, and regardless of whether such documents

21    relate to products or matters at issue in this case.  Mattel further objects to this

22    Request on the grounds that it duplicates prior requests and is harassing.  Mattel

23    further objects to the use of the terms "assessment" and "BRATZ line of products"

24    in this context as vague, ambiguous, overbroad, and incomprehensible.  Mattel

25    further objects to the Request on the grounds that it seeks documents that are not

26    relevant to this action or likely to lead to the discovery of admissible evidence.

27    Mattel further objects to this Request on the grounds that it seeks confidential,

28    proprietary and trade secret information, including such information that has no

1   bearing on the claims or defenses in this case.  Mattel further objects on the grounds

2   that this request is an attempt to circumvent the Discovery Master's May 22, 2007

3   order determining the requested documents are irrelevant and/or that such requests

4   are improper.  Mattel further objects to this Request on the grounds that it calls for

5   the disclosure of information subject to the attorney-client privilege, the attorney

6   work-product doctrine and other applicable privileges.

7       Based upon the foregoing, and without waiving the above general and

8   specific objections, Mattel states that other than those documents produced pursuant

9   to other requests, Mattel will not produce documents responsive to this Request.

10

11  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

12

13      Mattel has not agreed to produce documents in response to this request, based

14  on its improper boilerplate objections.  Mattel has refused to confirm whether or not

15  it has produced all non-privileged responsive documents or whether it is

16  withholding documents based on its objections in Phase 2.  Under the Federal Rules

17  of Civil Procedure, "an objection to part of a request must specify the part and

18  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

19  fail to explain the basis for an objection with specificity are routinely rejected in the

20  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

21  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

22  and harassing' are improper – especially when a party fails to submit any

23  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

24  compelled either to certify that it has produced all non-privileged responsive

25  documents or to produce all such documents by a date certain.

26      To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents sufficient to evidence Mattel's assessment of the BRATZ line of products.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products, including its BRATZ product line.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel further objects to the use of the terms "assessment" and "BRATZ line of products" as vague and ambiguous.  Mattel, however, fails to provide any explanation as to why these term are vague or ambiguous.  In addition, "[a] party responding to discovery requests 'should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in'"

- 42 -

1   discovery.  <u>Swackhammer v. Sprint Corp. PCS</u>, 225 F.R.D. 658, 662 (D. Kan.

2   2004).

3        Mattel objects that the request is duplicative or subsumed within prior

4   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

5   agree to produce responsive non-privileged documents is not proper based on this

6   objection.

7        Mattel's objection that this Request is an attempt to circumvent the

8   Discovery Master's May 22, 2007 order is unwarranted.  That order is inapposite to

9   this Request, which is much narrower than those considered irrelevant and/or

10  improper by the court.  This request is narrowly tailored to documents regarding

11  one specific topic, namely documents sufficient to evidence Mattel's assessment of

12  BRATZ line of products.

13       As for relevancy, Mattel has not attempted to demonstrate why the

14  information sought in response to this request is not relevant to and discoverable in

15  Phase 2. On the contrary, MGA has alleged that Mattel has engaged in serial

16  copying of MGA's product lines, including the BRATZ product line, packaging,

17  themes, accessories, and advertising. Mattel's "MY SCENE" is an example of one

18  such accused Mattel product line.  Documents related to Mattel's assessment of the

19  BRATZ line of products, that MGA alleges Mattel of copying, that are in Mattel's

20  possession, custody, or control, are highly relevant to MGA's claims and therefore

21  discoverable in Phase 2.

22       None of Mattel's improper objections are valid and Mattel is obligated to

23  produce all non-privileged responsive documents in its possession.

24

25  **REQUEST FOR PRODUCTION NO. 558:**

26       All DOCUMENTS relating to each disclosure, whether written or oral, made

27  to MATTEL by a MATTEL employee or independent contractor of "Proprietary

28  Subject Matter made or conceived during the term of [an employee's or

1    independent contractor's] employment" as this phrase is used in MATTEL's

2    "Proprietary Information Checkout" form.

3        **RESPONSE TO REQUEST NO. 558:**

4        In addition to the general objections stated above which are incorporated

5    herein by reference, Mattel objects to this Request on the grounds that it is

6    overbroad, indecipherable, and unduly burdensome, including in that it seeks all

7    documents on this subject without limitation as to time, and regardless of whether

8    such documents relate to products or matters at issue in this case or time periods at

9    issue in this action.  Mattel further objects to this Request on the grounds that it

10   duplicates prior requests and is harassing.  Mattel further objects to the Request on

11   the grounds that it seeks documents that are not relevant to this action or likely to

12   lead to the discovery of admissible evidence.  Mattel further objects to this Request

13   on the grounds that it seeks confidential, proprietary and trade secret information,

14   including such information that has no bearing on the claims or defenses in this

15   case.  Mattel further objects on the grounds that this request is an attempt to

16   circumvent the Discovery Master's September 12, 2007 order determining the

17   requested documents are irrelevant and/or that such requests are improper.  Mattel

18   further objects to the Request on the grounds that Defendants have withdrawn all

19   defenses relating to the enforceability or unenforceability of Carter Bryant's

20   agreements with Mattel.  Mattel further objects to this Request on the grounds that

21   it calls for the disclosure of information subject to the attorney-client privilege, the

22   attorney work-product doctrine and other applicable privileges.

23       Based upon the foregoing, and without waiving the above general and

24   specific objections, Mattel states that other than those documents produced pursuant

25   to other requests, Mattel will not produce documents responsive to this Request.

26

27

28

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning disclosures made by Mattel employees or independent contractors of Proprietary Subject Matter made or conceived during the term of employment as this phrase is used in Mattel's own "Proprietary Information Checkout" form.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

- 45 -

<u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices, including intimidating employees in order to prevent MGA from fairly competing.  MGA is entitled to discovery on these claims.

Mattel objects that the request is duplicative or subsumed within prior requests but does not identify the allegedly duplicative requests.  Mattel's failure to agree to produce responsive non-privileged documents is not proper based on this objection.

Mattel objects that the request contains confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel's objection that this Request is an attempt to circumvent the Discovery Master's September 12, 2007 order is unwarranted, as this request seeks documents related to disclosures made to Mattel by Mattel employees or independent contractors pursuant to a specific Mattel document.

As for relevancy, Mattel has not attempted to demonstrate why the information sought in response to this request is not relevant to and discoverable in Phase 2. On the contrary, MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices, including intimidating employees in order to prevent MGA from fairly competing.  Documents related to employee disclosures in response to Mattel's termination procedures are highly relevant to these claims and therefore discoverable in Phase 2.

1       This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4       None of Mattel's improper objections are valid and Mattel is obligated to

5   produce all non-privileged responsive documents in its possession.

6

7   **REQUEST FOR PRODUCTION NO. 559:**

8       All DOCUMENTS relating to each COMMUNICATION, whether written or

9   oral, made to MATTEL by a MATTEL employee or independent contractor of

10  "inventions... conceived or reduced to practice by [an employee or independent

11  contractor] (along or jointly by others) at any time during [an employee's or

12  independent contractor's] employment by Mattel" as this phrase is used in the

13  Inventions Agreement.

14      **RESPONSE TO REQUEST NO. 559:**

15      In addition to the general objections stated above which are incorporated

16  herein by reference, Mattel objects to this Request on the grounds that it is

17  overbroad, indecipherable, and unduly burdensome, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case or time periods at

20  issue in this action.  Mattel further objects to this Request on the grounds that it

21  duplicates prior requests and is harassing.  Mattel further objects to the Request on

22  the grounds that it seeks documents that are not relevant to this action or likely to

23  lead to the discovery of admissible evidence.  Mattel further objects to this Request

24  on the grounds that it seeks confidential, proprietary and trade secret information,

25  including such information that has no bearing on the claims or defenses in this

26  case.  Mattel further objects on the grounds that this request is an attempt to

27  circumvent the Discovery Master's September 12, 2007 order determining the

28  requested documents are irrelevant and/or that such requests are improper.  Mattel

1   further objects to the Request on the grounds that Defendants have withdrawn all

2   defenses relating to the enforceability or unenforceability of Carter Bryant's

3   agreements with Mattel.  Mattel further objects to this Request on the grounds that

4   it calls for the disclosure of information subject to the attorney-client privilege, the

5   attorney work-product doctrine and other applicable privileges.

6   　　　　Based upon the foregoing, and without waiving the above general and

7   specific objections, Mattel states that other than those documents produced pursuant

8   to other requests, Mattel will not produce documents responsive to this Request.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

11

12  　　　　Mattel has not agreed to produce documents in response to this request, based

13  on its improper boilerplate objections.  Mattel has refused to confirm whether or not

14  it has produced all non-privileged responsive documents or whether it is

15  withholding documents based on its objections in Phase 2.  Under the Federal Rules

16  of Civil Procedure, "an objection to part of a request must specify the part and

17  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

18  fail to explain the basis for an objection with specificity are routinely rejected in the

19  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

20  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

21  and harassing' are improper – especially when a party fails to submit any

22  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

23  compelled either to certify that it has produced all non-privileged responsive

24  documents or to produce all such documents by a date certain.

25  　　　　To the extent that Mattel is relying on its blanket objections, they are not

26  sustainable and do not justify Mattel's failure to produce documents.

27  　　　　As to overbreadth, Mattel provides no explanation, let alone the required

28  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

1   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

2   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

3   contrary, the request is narrowly tailored to seek documents concerning

4   communications made to Mattel by its employees or independent contractors of

5   "inventions... conceived or reduced to practice by [an employee or independent

6   contractor] (along or jointly by others) at any time during [an employee's or

7   independent contractor's] employment by Mattel" as this phrase is used in the

8   Inventions Agreement.

9         As to burden, Mattel has not attempted to demonstrate why responding to

10  this request and/or producing responsive documents presents any burden.  This

11  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

12  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

13  request is unduly burdensome must allege specific facts which indicate the nature

14  and extent of the burden, usually by affidavit or other reliable evidence.")

15  Moreover, it is not unduly burdensome, as noted above, in that the request is

16  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

17  has engaged in a broad variety of unfair trade practices, including intimidating

18  employees in order to prevent MGA from fairly competing.  MGA is entitled to

19  discovery on these claims.

20        Mattel objects that the request is duplicative or subsumed within prior

21  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

22  agree to produce responsive non-privileged documents is not proper based on this

23  objection.

24        Mattel objects that the request contains confidential, proprietary and trade

25  secret information.  A Protective Order exists in this case, obviating any concern as

26  to protection of privacy rights and/or commercially sensitive information.

27        Mattel's objection that this Request is an attempt to circumvent the

28  Discovery Master's September 12, 2007 order is unwarranted, as this request seeks

1   documents related to disclosures made to Mattel by Mattel employees or

2   independent contractors pursuant to a specific Mattel document.

3       As for relevancy, Mattel has not attempted to demonstrate why the

4   information sought in response to this request is not relevant to and discoverable in

5   Phase 2. On the contrary, MGA has alleged that Mattel has engaged in a broad

6   variety of unfair trade practices, including intimidating employees in order to

7   prevent MGA from fairly competing.  Documents related to employee disclosures

8   in response to Mattel's employment procedures are highly relevant to these claims

9   and therefore discoverable in Phase 2.

10      This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13      None of Mattel's improper objections are valid and Mattel is obligated to

14  produce all non-privileged responsive documents in its possession.

15

16  **REQUEST FOR PRODUCTION NO. 560:**

17      DOCUMENTS sufficient to evidence the identity of the MATTEL officers,

18  officials, or other designees to whom disclosures were made or were designated to

19  be made by MATTEL employees and/or independent contractors of "Proprietary

20  Subject Matter made or conceived during the term of [an employee's or

21  independent contractor's] employment" as this phrase is used in MATTEL's

22  "Proprietary Information Checkout" form.

23      **RESPONSE TO REQUEST NO. 560:**

24      In addition to the general objections stated above which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it is

26  overbroad, indecipherable, and unduly burdensome, including in that it seeks all

27  documents on this subject without limitation as to time, and regardless of whether

28  such documents relate to products or matters at issue in this case or time periods at

1  issue in this action.  Mattel further objects to the Request on the grounds that it

2  seeks documents that are not relevant to this action or likely to lead to the discovery

3  of admissible evidence.  Mattel further objects on the grounds that this request is an

4  attempt to circumvent the Discovery Master's September 12, 2007 order

5  determining the requested documents are irrelevant and/or that such requests are

6  improper.  Mattel further objects to the Request on the grounds that Defendants

7  have withdrawn all defenses relating to the enforceability or unenforceability of

8  Carter Bryant's agreements with Mattel.  Mattel further objects to this Request on

9  the grounds that it calls for the disclosure of information subject to the

10  attorney-client privilege, the attorney work-product doctrine and other applicable

11  privileges.

12         Based upon the foregoing, and without waiving the above general and

13  specific objections, Mattel states that other than those documents produced pursuant

14  to other requests, Mattel will not produce documents responsive to this Request.

15

16  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

17

18         Mattel has not agreed to produce documents in response to this request, based

19  on its improper boilerplate objections.  Mattel has refused to confirm whether or not

20  it has produced all non-privileged responsive documents or whether it is

21  withholding documents based on its objections in Phase 2.  Under the Federal Rules

22  of Civil Procedure, "an objection to part of a request must specify the part and

23  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

24  fail to explain the basis for an objection with specificity are routinely rejected in the

25  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

26  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

27  and harassing' are improper – especially when a party fails to submit any

28  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

1  compelled either to certify that it has produced all non-privileged responsive

2  documents or to produce all such documents by a date certain.

3       To the extent that Mattel is relying on its blanket objections, they are not

4  sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the required

6  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9  contrary, the request is narrowly tailored to seek documents concerning the identity

10 of the Mattel officers, officials, or other designees designated by Mattel to receive

11 disclosures by Mattel employees and/or independent contractors of "Proprietary

12 Subject Matter made or conceived during the term of [an employee's or

13 independent contractor's] employment" as this phrase is used in Mattel's

14 "Proprietary Information Checkout" form.

15      As to burden, Mattel has not attempted to demonstrate why responding to

16 this request and/or producing responsive documents presents any burden.  This

17 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18 Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19 request is unduly burdensome must allege specific facts which indicate the nature

20 and extent of the burden, usually by affidavit or other reliable evidence.")

21 Moreover, it is not unduly burdensome, as noted above, in that the request is

22 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23 has engaged in a broad variety of unfair trade practices, including intimidating

24 employees in order to prevent MGA from fairly competing.  MGA is entitled to

25 discovery on these claims.

26      Mattel's objection that this Request is an attempt to circumvent the

27 Discovery Master's September 12, 2007 order is unwarranted, as this request seeks

28 documents related to the identity of officials designated by Mattel to receive

1   specific disclosures made pursuant to a specific Mattel document from Mattel

2   employees and/or independent contractors.

3        As for relevancy, Mattel has not attempted to demonstrate why the

4   information sought in response to this request is not relevant to and discoverable in

5   Phase 2. On the contrary, MGA has alleged that Mattel has engaged in a broad

6   variety of unfair trade practices, including intimidating employees in order to

7   prevent MGA from fairly competing.  Documents related to employee disclosures

8   in response to Mattel's termination procedures are highly relevant to these claims

9   and therefore discoverable in Phase 2.

10       This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13       None of Mattel's improper objections are valid and Mattel is obligated to

14  produce all non-privileged responsive documents in its possession.

15

16  **REQUEST FOR PRODUCTION NO. 563:**

17       DOCUMENTS sufficient to show all records of sales figures, revenues and

18  profits pertaining to BARBIE from January 1, 1990 to the present.

19       **RESPONSE TO REQUEST NO. 563:**

20       In addition to the general objections stated above which are incorporated

21  herein by reference, Mattel objects to this Request on the grounds that it is

22  overbroad and unduly burdensome, including in that it seeks all documents on this

23  subject without limitation as to time, and regardless of whether such documents

24  relate to products or matters at issue in this case or time periods at issue in this

25  action.  The Request appears to attempt to obtain documents relating to thousands

26  of products over the course of almost two decades that have no bearing on this case,

27  and is apparently designed only to harass Mattel.  Mattel further objects to the

28  Request on the grounds that it seeks documents that are not relevant to this action

1   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

2   this Request on the grounds that it seeks confidential, proprietary and trade secret

3   information, including such information that has no bearing on the claims or

4   defenses in this case.  Mattel further objects on the grounds that this Request is an

5   attempt to circumvent the Discovery Master's April 19, 2007 and May 22, 2007

6   orders determining the requested documents are irrelevant and/or that such requests

7   are improper.  Mattel further objects to this Request on the grounds that it calls for

8   the disclosure of information subject to the attorney-client privilege, the attorney

9   work-product doctrine and other applicable privileges.

10

11   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

12

13   Mattel has not agreed to produce documents in response to this request, based

14   on its improper boilerplate objections.  Mattel has refused to confirm whether or not

15   it has produced all non-privileged responsive documents or whether it is

16   withholding documents based on its objections in Phase 2.  Under the Federal Rules

17   of Civil Procedure, "an objection to part of a request must specify the part and

18   permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

19   fail to explain the basis for an objection with specificity are routinely rejected in the

20   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

21   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

22   and harassing' are improper – especially when a party fails to submit any

23   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

24   compelled either to certify that it has produced all non-privileged responsive

25   documents or to produce all such documents by a date certain.

26   To the extent that Mattel is relying on its blanket objections, they are not

27   sustainable and do not justify Mattel's failure to produce documents.

28

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning records of sales figures, revenues and profits pertaining to BARBIE.

As to burden and harassment, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices, from serial copying of MGA products, to threatening retailers and suppliers to cease doing business with MGA, to intimidating employees in order to prevent MGA from fairly competing, and MGA has alleged that Mattel's motive for undertake these illegal acts was to reverse BARBIE's declining sales and market share.  MGA is entitled to discovery on these claims.

Mattel's objection that this Request is an attempt to circumvent the Discovery Master's April 19, 2007 and May 22, 2007 orders is unwarranted.  Those orders are inapposite to this Request, which is much narrower than those considered irrelevant and/or improper by the court.  This request is narrowly tailored documents showing sales figures, revenues and profits for Barbie, which is directly relevant to MGA's theory that Mattel engaged in various unfair trade practices in response to Barbie's declining sales and market share.

1      As for relevancy, Mattel has not attempted to demonstrate why responding to

2    this request and/or producing responsive documents is irrelevant to the present

3    action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

4    MGA products.  It seeks to enjoin Mattel from using confusingly similar trade

5    dress, improperly influencing standard-setting and industry organizations, engaging

6    in unfair competition and unfair business practices and diluting MGA's trade dress.

7    It also seeks damages and profits derived by Mattel for its acts of false designation

8    of origin or affiliation, unfair competition and unfair business practices and

9    dilution.  Also, Mattel's prayer for relief is extremely, and overly, broad.  Because

10   Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad

11   discovery on these issues.  A request for seeking documents relating to profits and

12   revenues from BARBIE is therefore relevant to this action and MGA's claims and

13   defenses.

14      Mattel objects that the request contains confidential, proprietary and trade

15   secret information.  A Protective Order exists in this case, obviating any concern as

16   to protection of privacy rights and/or commercially sensitive information.

17      This request does not seek documents protected by the attorney-client

18   privilege, the attorney work product doctrine, or other applicable privileges.  To the

19   extent that Mattel contends that it does, Mattel must provide a privilege log.

20      None of Mattel's improper objections are valid and Mattel is obligated to

21   produce all non-privileged responsive documents in its possession.

22

23   **REQUEST FOR PRODUCTION NO. 564:**

24      All DOCUMENTS REFERRING OR RELATING TO YOUR profits,

25   including, but not limited to, gross profits and gross margins, from the sale of each

26   MY SCENE DOLL sold by YOU or YOUR licensees.

27

28

**RESPONSE TO REQUEST NO. 564:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it is premature in that it seeks to circumvent the expert disclosure provisions of the <u>Federal</u> and <u>Local</u> <u>Rules.</u>  Matters of expert testimony shall be disclosed at the time and in the manner called for by the <u>Rules</u> and the Court's Orders.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows:  Mattel will produce responsive, non-privileged documents sufficient to show profits from the sale of MY SCENE dolls.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel improperly limits its agreement to produce to "documents sufficient to show profits," subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the

- 57 -

1   part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

2   objections that fail to explain the basis for an objection with specificity are

3   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

4   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

5   such as 'overly burdensome and harassing' are improper – especially when a party

6   fails to submit any evidentiary declarations supporting such objections").

7   Accordingly, Mattel must be compelled either to certify that it has produced all

8   non-privileged responsive documents or to produce all such documents by a date

9   certain.

10       To the extent that Mattel is relying on its blanket objections, they are not

11   sustainable and do not justify Mattel's failure to produce documents.

12       As to overbreadth, Mattel provides no explanation, let alone the required

13   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

14   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

15   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

16   contrary, the request is narrowly tailored to seek documents concerning profits of a

17   Mattel product that is central to the claims and defenses in Phase 2.

18       As to burden, Mattel has not attempted to demonstrate why responding to

19   this request and/or producing responsive documents presents any burden.  This

20   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

21   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22   request is unduly burdensome must allege specific facts which indicate the nature

23   and extent of the burden, usually by affidavit or other reliable evidence.")

24   Moreover, it is not unduly burdensome, as noted above, in that the request is

25   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

26   has engaged in a broad variety of unfair trade practices, from serial copying of

27   MGA products, to threatening retailers and suppliers to cease doing business with

28   MGA, to intimidating employees in order to prevent MGA from fairly competing.

1  MGA is entitled to discovery on these claims, its defenses, and both parties'

2  damages theories.

3      As for relevancy, Mattel has not attempted to demonstrate why responding to

4  this request and/or producing responsive documents is irrelevant to the present

5  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

6  MGA products.  It seeks to enjoin Mattel from using confusingly similar trade

7  dress, improperly influencing standard-setting and industry organizations, engaging

8  in unfair competition and unfair business practices and diluting MGA's trade dress.

9  It also seeks damages and profits derived by Mattel for its acts of false designation

10 of origin or affiliation, unfair competition and unfair business practices and

11 dilution.  Also, Mattel's prayer for relief is extremely, and overly, broad.  Because

12 Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad

13 discovery on these issues.  A request for seeking documents relating to profits and

14 revenues from MY SCENE products is therefore relevant to this action and MGA's

15 claims and defenses.

16      Mattel objects that the request contains confidential, proprietary and trade

17 secret information.  A Protective Order exists in this case, obviating any concern as

18 to protection of privacy rights and/or commercially sensitive information.

19      This request does not seek documents protected by the attorney-client

20 privilege, the attorney work product doctrine, or other applicable privileges.  To the

21 extent that Mattel contends that it does, Mattel must provide a privilege log.

22      None of Mattel's improper objections are valid and Mattel is obligated to

23 produce all non-privileged responsive documents in its possession.

24

25 **REQUEST FOR PRODUCTION NO. 565:**

26      YOUR general ledgers from January 1, 1995 through the present.

27

28

- 59 -

## RESPONSE TO REQUEST NO. 565:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks documents relating to products and matters that are not at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

1        To the extent that Mattel is relying on its blanket objections, they are not

2  sustainable and do not justify Mattel's failure to produce documents.

3        As to overbreadth, Mattel provides no explanation, let alone the required

4  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7  contrary, the request is narrowly tailored to seek Mattel's general ledgers from

8  January 1, 1995 through to the present date.

9        As to burden, Mattel has not attempted to demonstrate why responding to

10  this request and/or producing responsive documents presents any burden.  This

11  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

12  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

13  request is unduly burdensome must allege specific facts which indicate the nature

14  and extent of the burden, usually by affidavit or other reliable evidence.")

15  Moreover, it is not unduly burdensome, as noted above, in that the request is

16  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

17  has engaged in a broad variety of unfair trade practices including serial copying of

18  MGA products.  MGA is entitled to discovery on these claims.

19        As for relevancy, Mattel has not attempted to demonstrate why responding to

20  this request and/or producing responsive documents is irrelevant to the present

21  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

22  MGA products.  It seeks to enjoin Mattel from using confusingly similar trade

23  dress, improperly influencing standard-setting and industry organizations, engaging

24  in unfair competition and unfair business practices and diluting MGA's trade dress.

25  It also seeks damages and profits derived by Mattel for its acts of false designation

26  of origin or affiliation, unfair competition and unfair business practices and

27  dilution.  A request for Mattel's general ledgers from January 1, 1995 to the present

28  date is therefore relevant to this action and MGA's claims.

1      Mattel objects that the request contains confidential, proprietary, and trade

2  secret information.  A Protective Order exists in this case, obviating any concern as

3  to protection of privacy rights and/or commercially sensitive information.

4      None of Mattel's improper objections are valid and Mattel is obligated to

5  produce all non-privileged responsive documents in its possession.

6

7  **REQUEST FOR PRODUCTION NO. 566:**

8      All DOCUMENTS REFERRING OR RELATING TO business plans,

9  forecasts, budgets and projects prepared by YOU in connection with each of YOUR

10  products, including but not limited to BARBIE and MY SCENE.

11     **RESPONSE TO REQUEST NO. 566:**

12      In addition to the general objections stated above which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it is

14  overbroad and unduly burdensome, including in that it seeks documents without

15  limitation as to time, and regardless of whether such documents relate to products

16  or matters at issue in this case or time periods at issue in this action.  Mattel further

17  objects to the use of the terms "business plans, forecasts, budgets and projects" as

18  vague, ambiguous, and overbroad.  The Request appears to attempt to obtain

19  documents relating to many thousands of products and elements that have no

20  bearing on this case, and is apparently designed only to harass Mattel.  Mattel

21  further objects to the Request on the grounds that it seeks documents that are not

22  relevant to this action or likely to lead to the discovery of admissible evidence.

23  Mattel further objects to this Request on the grounds that it seeks confidential,

24  proprietary and trade secret information, including such information that has no

25  bearing on the claims or defenses in this case.  Mattel further objects on the grounds

26  that this request is an attempt to circumvent the Discovery Master's April 19, 2007

27  and May 22, 2007 orders determining the requested documents are irrelevant and/or

28  that such requests are improper.  Mattel further objects to this Request on the

1  grounds that it calls for the disclosure of information subject to the attorney-client

2  privilege, the attorney work-product doctrine and other applicable privileges.

3  Based upon the foregoing, and without waiving the above general and

4  specific objections, Mattel states that other than those documents produced pursuant

5  to other requests, Mattel will not produce documents responsive to this Request.

6

7  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

8

9  Mattel has not agreed to produce documents in response to this request, based

10  on its improper boilerplate objections.  Mattel has refused to confirm whether or not

11  it has produced all non-privileged responsive documents or whether it is

12  withholding documents based on its objections in Phase 2.  Under the Federal Rules

13  of Civil Procedure, "an objection to part of a request must specify the part and

14  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

15  fail to explain the basis for an objection with specificity are routinely rejected in the

16  Central District.  <u>See</u> <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188

17  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

18  and harassing' are improper – especially when a party fails to submit any

19  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

20  compelled either to certify that it has produced all non-privileged responsive

21  documents or to produce all such documents by a date certain.

22  To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24  As to overbreadth, Mattel provides no explanation, let alone the required

25  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

26  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28

1    contrary, the request is narrowly tailored to documents concerning business plans,

2    budgets and projects related to Mattel products.

3          As to burden, Mattel has not attempted to demonstrate why responding to

4    this request and/or producing responsive documents presents any burden.  This

5    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

6    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7    request is unduly burdensome must allege specific facts which indicate the nature

8    and extent of the burden, usually by affidavit or other reliable evidence.")

9    Moreover, it is not unduly burdensome, as noted above, in that the request is

10   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11   has engaged in a broad variety of unfair trade practices including serial copying of

12   MGA products.  MGA is entitled to discovery on these claims.

13         This request does not seek documents protected by the attorney-client

14   privilege, the attorney work product doctrine, or other applicable privileges.  To the

15   extent that Mattel contends that it does, Mattel must provide a privilege log.

16         Mattel objects that the request contains confidential, proprietary and trade

17   secret information.  A Protective Order exists in this case, obviating any concern as

18   to protection of privacy rights and/or commercially sensitive information.

19         Mattel's objection that this Request is an attempt to circumvent the

20   Discovery Master's April 19, 2007 and May 22, 2007 order is unwarranted.  That

21   order is inapposite to this Request, which is much narrower than those considered

22   irrelevant and/or improper by the court.  This request is narrowly tailored to

23   documents regarding business plans, forecasts, budgets and projects of Mattel

24   products.

25         As for relevancy, Mattel has not attempted to demonstrate why the

26   information sought in response to this request is not relevant to and discoverable in

27   Phase 2. On the contrary, MGA has alleged that Mattel has engaged in serial

28   copying of MGA's product lines, including the BRATZ product line, packaging,

1  themes, accessories, and advertising.  Mattel's fashion dolls including its "MY

2  SCENE" product line are accused products.  Documents related to Mattel's

3  business plans, budgets and projects regarding its products are highly relevant to

4  MGA's claims and discoverable in Phase 2.

5       Mattel further objects to the use of the terms "business plans, forecasts,

6  budgets and projects" as vague and ambiguous.  Mattel, however, fails to

7  provide any explanation as to why these terms are vague or ambiguous.  In

8  addition, "[a] party responding to discovery requests 'should exercise reason and

9  common sense to attribute ordinary definitions to terms and phrases utilized in'"

10  discovery.  Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 662 (D. Kan.

11  2004).

12       None of Mattel's improper objections are valid and Mattel is obligated to

13  produce all non-privileged responsive documents in its possession.

14

15  **REQUEST FOR PRODUCTION NO. 567:**

16       All DOCUMENTS REFERRING OR RELATING TO market research and

17  competitive studies and analyses prepared or conducted by YOU with respect to the

18  fashion doll market.

19       **RESPONSE TO REQUEST NO. 567:**

20       In addition to the general objections stated above which are incorporated

21  herein by reference, Mattel objects to this Request on the grounds that it is

22  overbroad and unduly burdensome, including in that it seeks all documents on this

23  subject without limitation as to time, and regardless of whether such documents

24  relate to products or matters at issue in this case or time periods at issue in this

25  action.  Mattel further objects to the use of the terms "market research and

26  competitive studies and analyses," and "fashion doll market" in this context as

27  vague, ambiguous, and overbroad.  The Request appears to seek documents relating

28  to thousands of products (including products of competitors which are wholly

irrelevant to this suit) that have no bearing on this case, and is apparently designed only to harass Mattel.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects on the grounds that this request is an attempt to circumvent the Discovery Master's April 19, 2007 and May 22, 2007 orders determining the requested documents are irrelevant and/or that such requests are improper.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based upon the foregoing, and without waiving the above general and specific objections, Mattel states that other than those documents produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, based on its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any

1    evidentiary declarations supporting such objections").  Accordingly, Mattel must be

2    compelled either to certify that it has produced all non-privileged responsive

3    documents or to produce all such documents by a date certain.

4         To the extent that Mattel is relying on its blanket objections, they are not

5    sustainable and do not justify Mattel's failure to produce documents.

6         As to overbreadth, Mattel provides no explanation, let alone the required

7    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10   contrary, the request is narrowly tailored to documents concerning market research

11   conducted by Mattel for the fashion doll market.

12        As to burden, Mattel has not attempted to demonstrate why responding to

13   this request and/or producing responsive documents presents any burden.  This

14   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

15   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

16   request is unduly burdensome must allege specific facts which indicate the nature

17   and extent of the burden, usually by affidavit or other reliable evidence.")

18   Moreover, it is not unduly burdensome, as noted above, in that the request is

19   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

20   has engaged in a broad variety of unfair trade practices including serial copying of

21   MGA products, such as fashion dolls.  MGA is entitled to discovery on these

22   claims.

23        This request does not seek documents protected by the attorney-client

24   privilege, the attorney work product doctrine, or other applicable privileges.  To the

25   extent that Mattel contends that it does, Mattel must provide a privilege log.

26        Mattel objects that the request contains confidential, proprietary and trade

27   secret information.  A Protective Order exists in this case, obviating any concern as

28   to protection of privacy rights and/or commercially sensitive information.

1    Mattel's objection that this Request is an attempt to circumvent the

2  Discovery Master's April 19, 2007 and May 22, 2007 order is unwarranted.  That

3  order is inapposite to this Request, which is much narrower than those considered

4  irrelevant and/or improper by the court.  This request is narrowly tailored to

5  documents concerning market research conducted by Mattel for the fashion doll

6  market.

7    As for relevancy, Mattel has not attempted to demonstrate why the

8  information sought in response to this request is not relevant to and discoverable in

9  Phase 2. On the contrary, MGA has alleged that Mattel has engaged in serial

10  copying of MGA's product lines, including the BRATZ product line, packaging,

11  themes, accessories, and advertising.  Mattel's fashion dolls including its "MY

12  SCENE" product line are accused products.  Documents related to market research

13  and competitive studies and analysis conducted by Mattel for the fashion doll

14  market are highly relevant to MGA's claims and defenses, including MGA's claim

15  that when Mattel's products failed it began to copy MGA's successful products,

16  and are discoverable in Phase 2.

17    Mattel further objects to the use of the terms "market research and

18  competitive studies and analyses," and "fashion doll market" as vague and

19  ambiguous.  Mattel, however, fails to provide any explanation as to why these

20  terms are vague or ambiguous.  In addition, "[a] party responding to discovery

21  requests 'should exercise reason and common sense to attribute ordinary definitions

22  to terms and phrases utilized in'" discovery.  <u>Swackhammer v. Sprint Corp. PCS</u>,

23  225 F.R.D. 658, 662 (D. Kan. 2004).  Especially given the context of the case, these

24  terms are not vague and ambiguous.

25    None of Mattel's improper objections are valid and Mattel is obligated to

26  produce all non-privileged responsive documents in its possession.

27

28

1    **REQUEST FOR PRODUCTION NO. 569:**

2          All DOCUMENTS REFERRING OR RELATING TO any position taken by

3    YOU in any litigation, arbitration or other legal proceeding relating to the estimated

4    value of original drawings, designs or ideas for a product, including, but not limited

5    to, such determinations expressed as a fraction or percentage of the overall value of

6    that product and other related products based on those original drawings, designs or

7    ideas.

8          **RESPONSE TO REQUEST NO. 569:**

9          In addition to the general objections stated above which are incorporated

10   herein by reference, Mattel objects to this Request on the grounds that it is

11   overbroad and unduly burdensome, including in that it seeks all documents on this

12   subject without limitation as to time, and regardless of whether such documents

13   relate to products or matters at issue in this case or time periods at issue in this

14   action.  Mattel further objects to the Request on the grounds that it seeks documents

15   that are not relevant to this action or likely to lead to the discovery of admissible

16   evidence.  Mattel further objects to this Request on the grounds that it seeks

17   confidential, proprietary and trade secret information, including such information

18   that has no bearing on the claims or defenses in this case.  Mattel further objects to

19   this Request on the grounds that it calls for the disclosure of information subject to

20   the attorney-client privilege, the attorney work-product doctrine and other

21   applicable privileges.

22

23         **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
           **SHOULD BE COMPELLED**
24

25         Mattel has improperly limited its agreement to produce documents in

26   response to this request, subject to its improper boilerplate objections.  Mattel has

27   refused to confirm whether or not it has produced all non-privileged responsive

28   documents or whether it is withholding documents based on its objections in Phase

1    2.   Under the Federal Rules of Civil Procedure, "an objection to part of a request

2    must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

3    Generic objections that fail to explain the basis for an objection with specificity are

4    routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

5    Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

6    such as 'overly burdensome and harassing' are improper – especially when a party

7    fails to submit any evidentiary declarations supporting such objections").

8    Accordingly, Mattel must be compelled either to certify that it has produced all

9    non-privileged responsive documents or to produce all such documents by a date

10   certain.

11        To the extent that Mattel is relying on its blanket objections, they are not

12   sustainable and do not justify Mattel's failure to produce documents.

13        As to overbreadth, Mattel provides no explanation, let alone the required

14   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

15   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

16   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

17   contrary, the request is narrowly tailored to seek documents related to any position

18   taken by Mattel in any litigation, arbitration or other legal proceeding relating to the

19   estimated value of original drawings, designs or ideas for a product.

20        As to burden, Mattel has not attempted to demonstrate why responding to

21   this request and/or producing responsive documents presents any burden.  This

22   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

23   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24   request is unduly burdensome must allege specific facts which indicate the nature

25   and extent of the burden, usually by affidavit or other reliable evidence.")

26   Moreover, it is not unduly burdensome, as noted above, in that the request is

27   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

28

1   has engaged in a broad variety of unfair trade practices including serial copying of

2   MGA products.  MGA is entitled to discovery on these claims.

3       This request does not seek documents protected by the attorney-client

4   privilege, the attorney work product doctrine, or other applicable privileges.  To the

5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6       As for relevancy, Mattel has not attempted to demonstrate why responding to

7   this request and/or producing responsive documents is irrelevant to the present

8   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

9   MGA products.  It seeks to enjoin Mattel from using confusingly similar trade

10  dress, improperly influencing standard-setting and industry organizations, engaging

11  in unfair competition and unfair business practices and diluting MGA's trade dress.

12  It also seeks damages and profits derived by Mattel for its acts of false designation

13  of origin or affiliation, unfair competition and unfair business practices and

14  dilution.  Also, Mattel's prayer for relief is extremely, and overly, broad.  Because

15  Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad

16  discovery on these issues.  A request for seeking documents related to any position

17  taken by Mattel in any litigation, arbitration or other legal proceeding relating to the

18  estimated value of original drawings, designs or ideas for a product is therefore

19  relevant to this action and MGA's claims and defenses.

20      Mattel objects that the request contains confidential, proprietary, and trade

21  secret information.  A Protective Order exists in this case, obviating any concern as

22  to protection of privacy rights and/or commercially sensitive information.

23      None of Mattel's improper objections are valid and Mattel is obligated to

24  produce all non-privileged responsive documents in its possession.

25

26

27

28

1

2

Dated:  September 23, 2009          ORRICK, HERRINGTON & SUTCLIFFE LLP

3

4

By:  ____/s/ Diana M. Rutowski
            Diana M. Rutowski

5

Attorneys for MGA ENTERTAINMENT, INC.,
MGA ENTERTAINMENT HK, LTD., MGA de
MEXICO, S.R.L. de C.V., and ISAAC LARIAN

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28