MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:  +1-415-773-5700
Facsimile:  +1-415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  +1-213-629-2020
Facsimile:  +1-213612-2499

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>        Plaintiff,<br><br>        v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>        Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049-SGL (RNBx)<br><br>Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>[To Be Heard by Discovery Master Robert O'Brien Pursuant to Order of January 6, 2009]<br><br>**SEPARATE STATEMENT IN SUPPORT OF MGA PARTIES' MOTION TO COMPEL FURTHER RESPONSES TO MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (9049, SET SEVEN)**<br><br>Date:      TBD<br>Time:      TBD<br>Courtroom:  TBD<br><br>**Phase 2**<br>Discovery Cutoff:   December 11, 2009<br>Pretrial Conference: March 1, 2010<br>Trial Date:         March 23, 2010 |

Plaintiffs and Counter-Defendants MGA Parties ("MGA") submit this Separate Statement in Support of MGA Parties' Motion to Compel Further Responses to MGA's Requests for Production of Documents (9049, Set Seven). This Separate Statement covers MGA's Seventh Set of Requests in Case No. CV 04-9049-SGL of the consolidated proceedings, served on November 29, 2007.  The requests included in this Separate Statement are Request Nos. 572-585, 587-590, 594-600, 603, 611-644, 646, 648-652, 656, 674-675, 677-690, 693-695, 697-699, 704-715, 720-731, 734-735, 741, 743-746, 748-756 and 758 (the "Requests at Issue").  In addition to the reasons why further responses to each request should be compelled set forth below, MGA incorporates the reasons set forth in its Motion to Compel Further Responses to MGA's Requests for Production of Documents.

### MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS AT ISSUE AND RESPONSES - CASE NO. CV 04-9049 SGL (RNBx)

### REQUEST FOR PRODUCTION NO. 572

All telephone records for any telephone number used by any of the following people at any time from January 1, 2001 to the present:  Bob Eckert, Richard De Anda, Matt Bousquette, Neil Freedman, Erica Ashbrook, Ivy Ross, and Chuck Schooten.

### RESPONSE TO REQUEST NO. 572

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents regardless of whether such documents relate to products or matters at issue in this case and over an overly broad period of time.  Mattel further objects to the use of the terms "used by" in this context as vague and ambiguous.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further

1   objects to this Request on the grounds that it seeks confidential, proprietary and

2   trade secret information, including such information that has no bearing on the

3   claims or defenses in this action.  Mattel further objects to this Request on the

4   grounds that it seeks information that is protected by the right of privacy and the

5   right of privacy of third persons.

6

7   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

8   **SHOULD BE COMPELLED**

9        Mattel refuses to produce documents in response to this request, subject to its

10   improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an

11   objection to part of a request must specify the part and permit inspection of the

12   rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

13   for an objection with specificity are routinely rejected in the Central District.  See

14   A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

15   ("general or boilerplate objections such as 'overly burdensome and harassing' are

16   improper – especially when a party fails to submit any evidentiary declarations

17   supporting such objections").  Accordingly, Mattel must be compelled either to

18   certify that it has produced all non-privileged responsive documents or to produce

19   all such documents by a date certain.

20        To the extent that Mattel is relying on its blanket objections, they are not

21   sustainable and do not justify Mattel's failure to produce documents.

22        As to overbreadth, Mattel provides no explanation, let alone the required

23   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

24   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26   contrary, the request is narrowly tailored to seek information about the phone

27   records of specific people.  These people are alleged by MGA to have had

28   communications that relate, for example, to Mattel's first knowledge of the claims

1   that it is asserting in Phase 2.  This information is discoverable in connection with

2   MGA's claims and defenses, including MGA's statute of limitations defense.

3   Moreover, MGA has alleged that Mattel has engaged in a broad variety of unfair

4   trade practices, from serial copying of MGA products, to threatening retailers and

5   suppliers to cease doing business with MGA, to intimidating employees and

6   industry groups in order to prevent MGA from fairly competing.   MGA is entitled

7   to discovery on these claims.

8        As to burden, Mattel has not attempted to demonstrate why responding to

9   this request and/or producing responsive documents presents any burden.  This

10  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

11  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12  request is unduly burdensome must allege specific facts which indicate the nature

13  and extent of the burden, usually by affidavit or other reliable evidence.")

14  Moreover, it is not unduly burdensome, as noted above, in that the request is

15  narrowly tailored to seek only discoverable evidence.

16       This request does not seek documents protected by the attorney-client

17  privilege, the attorney work product doctrine, or other applicable privileges.  To the

18  extent that Mattel contends that it does, Mattel must provide a privilege log.

19       Mattel objects that the request contains confidential/proprietary/trade secret

20  information.  A Protective Order exists in this case, obviating any concern as to

21  protection of privacy rights and/or commercially sensitive information.

22       Mattel's objection that certain common words as vague, ambiguous and

23  incomprehensible is without merit, and the plain meaning of the terms is clear and

24  can be found in any dictionary.

25       None of Mattel's improper objections are valid and Mattel is obligated to

26  produce all non-privileged responsive documents in its possession, custody, or

27  control.

28

1   **REQUEST FOR PRODUCTION NO. 573**

2       All DOCUMENTS and COMMUNICATIONS REFERRING OR

3   RELATING TO MATTEL's employment policies, including, without limitation,

4   all employee manuals.  (The relevant time from for this request is from January. 1,

5   1998 to the present).

6   **RESPONSE TO REQUEST NO. 573**

7       In addition to the general objections stated above which are incorporated

8   herein by reference, Mattel objects to this Request on the grounds that it is

9   overbroad and unduly burdensome, including in that it seeks all documents

10  regardless of whether such documents relate to products or matters at issue in this

11  case.  Mattel further objects to the use of the terms "employment policies" in this

12  context as vague and ambiguous.  Mattel further objects to the Request on the

13  grounds that it seeks documents that are not relevant to this action or likely to lead

14  to the discovery of admissible evidence.  Mattel further objects to this Request on

15  the grounds that it seeks confidential, proprietary and trade secret information,

16  including such information that has no bearing on the claims or defenses in this

17  action.  Mattel further objects to this Request on the grounds that it calls for the

18  disclosure of information subject to the attorney-client privilege, the attorney

19  work-product doctrine and other applicable privileges.  Mattel further objects to the

20  extent the Request seeks documents already produced by Mattel.  Such documents

21  will not be produced again.

22      Subject to and without waiving the foregoing objections, Mattel responds as

23  follows:  Mattel has produced certain employee handbooks and Mattel's code of

24  conduct during the relevant time period.  These documents will not be reproduced.

25

26

27

28

OHS West:260723212

- 4 -

1

2

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

3      Mattel has not agreed to produce documents in response to this request,

4   subject to its improper boilerplate objections.  Mattel has refused to confirm

5   whether or not it has produced all non-privileged responsive documents or whether

6   it is withholding documents based on its objections in Phase 2.  Under the Federal

7   Rules of Civil Procedure, "an objection to part of a request must specify the part

8   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

9   that fail to explain the basis for an objection with specificity are routinely rejected

10   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

11   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

12   burdensome and harassing' are improper – especially when a party fails to submit

13   any evidentiary declarations supporting such objections").  Accordingly, Mattel

14   must be compelled either to certify that it has produced all non-privileged

15   responsive documents or to produce all such documents by a date certain.

16      To the extent that Mattel is relying on its blanket objections, they are not

17   sustainable and do not justify Mattel's failure to produce documents.

18      As to overbreadth, Mattel provides no explanation, let alone the required

19   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

20   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

21   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

22   contrary, the request is narrowly tailored to seek Mattel's documents referring or

23   relating to Mattel's employment policies, and is specifically limited to documents

24   created after January 1, 1998.

25      As to burden, Mattel has not attempted to demonstrate why responding to

26   this request and/or producing responsive documents presents any burden.  This

27   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

28   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1   request is unduly burdensome must allege specific facts which indicate the nature

2   and extent of the burden, usually by affidavit or other reliable evidence.")

3   Moreover, it is not unduly burdensome, as noted above, in that the request is

4   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

5   has engaged in a broad variety of unfair trade practices, including intimidating

6   employees in order to prevent MGA from fairly competing.  MGA is entitled to

7   discovery on these claims.

8        The term "employment policies" is straight forward, clear, and is in no way

9   vague or ambiguous.

10        Mattel objects that the request contains confidential, proprietary and trade

11   secret information.  A Protective Order exists in this case, obviating any concern as

12   to protection of privacy rights and/or commercially sensitive information.

13        This request does not seek documents protected by the attorney-client

14   privilege, the attorney work product doctrine, or other applicable privileges.  To the

15   extent that Mattel contends that it does, Mattel must provide a privilege log.

16        Mattel objects that the request seeks documents already produced by Mattel

17   but does not specifically identify these allegedly produced documents.

18   Mattel's failure to agree to produce responsive non-privileged documents is not

19   proper based on this objection.

20        None of Mattel's improper objections are valid and Mattel is obligated to

21   produce all non-privileged responsive documents in its possession, custody, or

22   control.

23

24   **<u>REQUEST FOR PRODUCTION NO. 574</u>**

25        All DOCUMENTS and COMMUNICATIONS between MATTEL and

26   EARLY LIGHT REFERRING OR RELATING TO the conception, design,

27   manufacture, production, marketing or sale of any BRATZ product.  (The relevant

28   time frame for this request is from January 1, 2001 to the present).

**RESPONSE TO REQUEST NO. 574:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL 9049, SET SEVEN; CV 04-9049 SGL (RNBx)

1    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

2    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

3    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

4    contrary, the request is narrowly tailored to seek communications between Mattel

5    and toy manufacturer Early Light, related to the conception, design, manufacture,

6    production, marketing and sales of any BRATZ product.  The relevant time frame

7    of this request is also narrowly tailored as between January 1, 2001 to the present

8    date.

9        As to burden, Mattel has not attempted to demonstrate why responding to

10   this request and/or producing responsive documents presents any burden.  This

11   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

12   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

13   request is unduly burdensome must allege specific facts which indicate the nature

14   and extent of the burden, usually by affidavit or other reliable evidence.")

15   Moreover, it is not unduly burdensome, as noted above, in that the request is

16   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

17   has engaged in a broad variety of unfair trade practices including serial copying of

18   MGA products.  MGA is entitled to discovery on these claims.

19       Mattel cites to the May 22, 2007 order, but that order is inapposite to this

20   request, which is much narrower than those considered irrelevant and/or improper

21   by the court.  Specifically, the request is narrowly tailored to communications

22   between Mattel and third parties regarding BRATZ products.

23       As for relevancy, Mattel has not attempted to demonstrate why responding to

24   this request and/or producing responsive documents is irrelevant to the present

25   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

26   MGA products, packaging, themes and advertising among other unfair competition

27   and trade practices such as attempting to unfairly influence third parties in order to

28   preserve Mattel's market share rankings in the critical fashion doll category.  A

- 8 -
SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET SEVEN; CV 04-9049 SGL (RNBX)

1    request to seek documents/communications as described above is therefore relevant

2    to this action.

3         None of Mattel's improper objections are valid and Mattel is obligated to

4    produce all non-privileged responsive documents in its possession, custody, or

5    control.

6

7    **REQUEST FOR PRODUCTION NO. 575**

8         All DOCUMENTS and COMMUNICATIONS between Tom Debrowski and

9    EARLY LIGHT REFERRING OR RELATING TO the conception, design,

10   manufacture, production, marketing or sale of any BRATZ product.  (The relevant

11   time frame for this request is from January 1, 2001 to the present).

12        **RESPONSE TO REQUEST NO. 575:**

13        In addition to the general objections stated above which are incorporated

14   herein by reference, Mattel objects to this Request on the grounds that it is

15   overbroad and unduly burdensome, including in that it seeks all documents

16   regardless of whether such documents relate to products or matters at issue in this

17   case.  Mattel further objects to the Request on the grounds that it seeks documents

18   that are not relevant to this action or likely to lead to the discovery of admissible

19   evidence.  Mattel further objects on the ground that this Request seeks to

20   circumvent the Discovery Master's Order dated May 22, 2007.

21

22        **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**

23

24        Mattel has not agreed to produce documents in response to this request,

25   subject to its improper boilerplate objections.  Mattel has refused to confirm

26   whether or not it has produced all non-privileged responsive documents or whether

27   it is withholding documents based on its objections in Phase 2.  Under the Federal

28   Rules of Civil Procedure, "an objection to part of a request must specify the part

- 9 -

1   and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

2   that fail to explain the basis for an objection with specificity are routinely rejected

3   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

4   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

5   burdensome and harassing' are improper – especially when a party fails to submit

6   any evidentiary declarations supporting such objections").  Accordingly, Mattel

7   must be compelled either to certify that it has produced all non-privileged

8   responsive documents or to produce all such documents by a date certain.

9       To the extent that Mattel is relying on its blanket objections, they are not

10  sustainable and do not justify Mattel's failure to produce documents.

11      As to overbreadth, Mattel provides no explanation, let alone the required

12  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

13  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

14  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

15  contrary, the request is narrowly tailored to seek communications between Mattel

16  executive Tom Debrowski and toy manufacturer Early Light, related to the

17  conception, design, manufacture, production, marketing and sales of any BRATZ

18  product.  The relevant time frame of this request is also narrowly tailored as

19  between January 1, 2001 to the present date.

20      As to burden, Mattel has not attempted to demonstrate why responding to

21  this request and/or producing responsive documents presents any burden.  This

22  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

23  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24  request is unduly burdensome must allege specific facts which indicate the nature

25  and extent of the burden, usually by affidavit or other reliable evidence.")

26  Moreover, it is not unduly burdensome, as noted above, in that the request is

27  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

28  has engaged in a broad variety of unfair trade practices including serial copying of

1    MGA products.  MGA is entitled to discovery on these claims.

2        Mattel cites to the May 22, 2007 order, but that order is inapposite to this

3    request, which is much narrower than those considered irrelevant and/or improper

4    by the court.  Specifically, the request is narrowly tailored to communications

5    between Tom Debrowski and Early Light regarding BRATZ products.

6        As for relevancy, Mattel has not attempted to demonstrate why responding to

7    this request and/or producing responsive documents is irrelevant to the present

8    action. On the contrary, MGA has alleged that Mattel is engaged in copying of

9    MGA products, packaging, themes and advertising among other unfair competition

10    and trade practices such as attempting to unfairly influence third parties in order to

11    preserve Mattel's market share rankings in the critical fashion doll category.  A

12    request to seek documents/communications as described above is therefore relevant

13    to this action.

14        None of Mattel's improper objections are valid and Mattel is obligated to

15    produce all non-privileged responsive documents in its possession, custody, or

16    control.

17

18    **<u>REQUEST FOR PRODUCTION NO. 576</u>**

19        All DOCUMENTS and COMMUNICATIONS between David Lewis and

20    EARLY LIGHT REFERRING OR RELATING TO the conception, design,

21    manufacture, production, marketing or sale of any BRATZ product.  (The relevant

22    time frame for this request is from January 1, 2001 to the present).

23        **<u>RESPONSE TO REQUEST NO. 576:</u>**

24        In addition to the general objections stated above which are incorporated

25    herein by reference, Mattel objects to this Request on the grounds that it is

26    overbroad and unduly burdensome, including in that it seeks all documents

27    regardless of whether such documents relate to products or matters at issue in this

28    case.  Mattel further objects to the Request on the grounds that it seeks documents

1   that are not relevant to this action or likely to lead to the discovery of admissible

2   evidence.  Mattel further objects on the ground that this Request seeks to

3   circumvent the Discovery Master's Order dated May 22, 2007.

4

5   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

6

7           Mattel has not agreed to produce documents in response to this request,

8   subject to its improper boilerplate objections.  Mattel has refused to confirm

9   whether or not it has produced all non-privileged responsive documents or whether

10  it is withholding documents based on its objections in Phase 2.  Under the Federal

11  Rules of Civil Procedure, "an objection to part of a request must specify the part

12  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

13  that fail to explain the basis for an objection with specificity are routinely rejected

14  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

15  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

16  burdensome and harassing' are improper – especially when a party fails to submit

17  any evidentiary declarations supporting such objections").  Accordingly, Mattel

18  must be compelled either to certify that it has produced all non-privileged

19  responsive documents or to produce all such documents by a date certain.

20          To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.

22          As to overbreadth, Mattel provides no explanation, let alone the required

23  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

24  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26  contrary, the request is narrowly tailored to seek communications between Mattel

27  Hong Kong executive David Lewis and toy manufacturer Early Light, related to the

28  conception, design, manufacture, production, marketing and sales of any BRATZ

1    product.  The relevant time frame of this request is also narrowly tailored as

2    between January 1, 2001 to the present date.

3        As to burden, Mattel has not attempted to demonstrate why responding to

4    this request and/or producing responsive documents presents any burden.  This

5    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

6    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7    request is unduly burdensome must allege specific facts which indicate the nature

8    and extent of the burden, usually by affidavit or other reliable evidence.")

9    Moreover, it is not unduly burdensome, as noted above, in that the request is

10   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11   has engaged in a broad variety of unfair trade practices including serial copying of

12   MGA products.  MGA is entitled to discovery on these claims.

13       Mattel cites to the May 22, 2007 order, but that order is inapposite to this

14   request, which is much narrower than those considered irrelevant and/or improper

15   by the court.  Specifically, the request is narrowly tailored to communications

16   between David Lewis and Early Light regarding BRATZ products.

17       As for relevancy, Mattel has not attempted to demonstrate why responding to

18   this request and/or producing responsive documents is irrelevant to the present

19   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

20   MGA products, packaging, themes and advertising among other unfair competition

21   and trade practices such as attempting to unfairly influence third parties in order to

22   preserve Mattel's market share rankings in the critical fashion doll category.  A

23   request to seek documents/communications as described above is therefore relevant

24   to this action.

25       None of Mattel's improper objections are valid and Mattel is obligated to

26   produce all non-privileged responsive documents in its possession, custody, or

27   control.

28

**REQUEST FOR PRODUCTION NO. 577**

All DOCUMENTS and COMMUNICATIONS REFERRING OR RELATING TO MATTEL'S knowledge or awareness of a business relationship between MGA and EARLY LIGHT or any attempts by MATTEL to assist EARLY LIGHT in any way or interfere with or impact MGA' s relationship with EARLY LIGHT.

**RESPONSE TO REQUEST NO. 577:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the terms "assist," "interfere with" and "impact" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections

1   that fail to explain the basis for an objection with specificity are routinely rejected

2   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

3   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

4   burdensome and harassing' are improper – especially when a party fails to submit

5   any evidentiary declarations supporting such objections").  Accordingly, Mattel

6   must be compelled either to certify that it has produced all non-privileged

7   responsive documents or to produce all such documents by a date certain.

8         To the extent that Mattel is relying on its blanket objections, they are not

9   sustainable and do not justify Mattel's failure to produce documents.

10         As to overbreadth, Mattel provides no explanation, let alone the required

11   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

12   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

13   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14   contrary, the request is narrowly tailored to seek communications relating to

15   Mattel's knowledge or awareness of a business relationship between MGA and

16   EARLY LIGHT or any attempts by Mattel to assist EARLY LIGHT in any way or

17   interfere with or impact MGA's relationship with EARLY LIGHT.

18         As to burden, Mattel has not attempted to demonstrate why responding to

19   this request and/or producing responsive documents presents any burden.  This

20   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

21   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22   request is unduly burdensome must allege specific facts which indicate the nature

23   and extent of the burden, usually by affidavit or other reliable evidence.")

24   Moreover, it is not unduly burdensome, as noted above, in that the request is

25   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

26   has engaged in a broad variety of unfair trade practices including serial copying of

27   MGA products.  MGA is entitled to discovery on these claims.

28         This request does not seek documents protected by the attorney-client

1    privilege, the attorney work product doctrine, or other applicable privileges.  To the

2    extent that Mattel contends that it does, Mattel must provide a privilege log.

3           Mattel cites to the May 22, 2007 order, but that order is inapposite to this

4    request, which is much narrower than those considered irrelevant and/or improper

5    by the court.  Specifically, the request is narrowly tailored to communications

6    regarding MGA's relationship with EARLY LIGHT.

7           As for relevancy, Mattel has not attempted to demonstrate why responding to

8    this request and/or producing responsive documents is irrelevant to the present

9    action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

10   MGA products, packaging, themes and advertising among other unfair competition

11   and trade practices such as attempting to unfairly influence third parties in order to

12   preserve Mattel's market share rankings in the critical fashion doll category.  A

13   request to seek documents/communications as described above is therefore relevant

14   to this action.

15          Mattel objects that the request contains confidential, proprietary, and trade

16   secret information.  A Protective Order exists in this case, obviating any concern as

17   to protection of privacy rights and/or commercially sensitive information.

18          None of Mattel's improper objections are valid and Mattel is obligated to

19   produce all non-privileged responsive documents in its possession, custody, or

20   control.

21

22   **REQUEST FOR PRODUCTION NO. 578**

23          All DOCUMENTS and COMMUNICATIONS authored (in whole or in part)

24   by Tom Debrowski REFERRING OR RELATING TO any business relationship

25   between MGA and EARLY LIGHT.  (The relevant time frame for this request is

26   from January 1, 2001 to the present).

27

28

**RESPONSE TO REQUEST NO. 578:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged

- 17 -

1    responsive documents or to produce all such documents by a date certain.

2         To the extent that Mattel is relying on its blanket objections, they are not

3    sustainable and do not justify Mattel's failure to produce documents.

4         As to overbreadth, Mattel provides no explanation, let alone the required

5    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

6    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

7    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

8    contrary, the request is narrowly tailored to seek communications authored (whole

9    or in part) by Mattel executive Tom Debrowski and toy manufacturer Early Light,

10   related to any business relationship between MGA and Early Light.  The relevant

11   time frame of this request is also narrowly tailored as between January 1, 2001 to

12   the present date.

13        As to burden, Mattel has not attempted to demonstrate why responding to

14   this request and/or producing responsive documents presents any burden.  This

15   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

16   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17   request is unduly burdensome must allege specific facts which indicate the nature

18   and extent of the burden, usually by affidavit or other reliable evidence.")

19   Moreover, it is not unduly burdensome, as noted above, in that the request is

20   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

21   has engaged in a broad variety of unfair trade practices including serial copying of

22   MGA products.  MGA is entitled to discovery on these claims.

23        This request does not seek documents protected by the attorney-client

24   privilege, the attorney work product doctrine, or other applicable privileges.  To the

25   extent that Mattel contends that it does, Mattel must provide a privilege log.

26        Mattel cites to the May 22, 2007 order, but that order is inapposite to this

27   request, which is much narrower than those considered irrelevant and/or improper

28   by the court.  Specifically, the request is narrowly tailored to communications

1    authored by Tom Debrowski and related to Early Light.

2           As for relevancy, Mattel has not attempted to demonstrate why responding to

3    this request and/or producing responsive documents is irrelevant to the present

4    action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

5    MGA products, packaging, themes and advertising among other unfair competition

6    and trade practices such as attempting to unfairly influence third parties in order to

7    preserve Mattel's market share rankings in the critical fashion doll category.  A

8    request to seek documents/communications as described above is therefore relevant

9    to this action.

10          Mattel objects that the request contains confidential, proprietary, and trade

11   secret information.  A Protective Order exists in this case, obviating any concern as

12   to protection of privacy rights and/or commercially sensitive information.

13          None of Mattel's improper objections are valid and Mattel is obligated to

14   produce all non-privileged responsive documents in its possession, custody, or

15   control.

16

17   **REQUEST FOR PRODUCTION NO. 579**

18          All DOCUMENTS and COMMUNICATIONS authored by David Lewis

19   REFERRING OR RELATING TO any business relationship between MGA and

20   EARLY LIGHT.  (The relevant time frame for this request is from January 1, 2001

21   to the present).

22          **RESPONSE TO REQUEST NO. 579:**

23          In addition to the general objections stated above which are incorporated

24   herein by reference, Mattel objects to this Request on the grounds that it is

25   overbroad and unduly burdensome, including in that it seeks all documents

26   regardless of whether such documents relate to products or matters at issue in this

27   case.  Mattel further objects to the Request on the grounds that it seeks documents

28   that are not relevant to this action or likely to lead to the discovery of admissible

1    evidence.  Mattel further objects to this Request on the grounds that it seeks

2    confidential, proprietary and trade secret information, including such information

3    that has no bearing on the claims or defenses in this action.  Mattel further objects

4    to this Request on the grounds that it calls for the disclosure of information subject

5    to the attorney-client privilege, the attorney work-product doctrine and other

6    applicable privileges.

7

8    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

9

10    Mattel has not agreed to produce documents in response to this request,

11    subject to its improper boilerplate objections.  Mattel has refused to confirm

12    whether or not it has produced all non-privileged responsive documents or whether

13    it is withholding documents based on its objections in Phase 2.  Under the Federal

14    Rules of Civil Procedure, "an objection to part of a request must specify the part

15    and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

16    that fail to explain the basis for an objection with specificity are routinely rejected

17    in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

18    188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

19    burdensome and harassing' are improper – especially when a party fails to submit

20    any evidentiary declarations supporting such objections").  Accordingly, Mattel

21    must be compelled either to certify that it has produced all non-privileged

22    responsive documents or to produce all such documents by a date certain.

23    To the extent that Mattel is relying on its blanket objections, they are not

24    sustainable and do not justify Mattel's failure to produce documents.

25    As to overbreadth, Mattel provides no explanation, let alone the required

26    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

27    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

28    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

1   contrary, the request is narrowly tailored to seek communications authored (whole

2   or in part) by Mattel executive David Lewis and toy manufacturer Early Light,

3   related to any business relationship between MGA and Early Light.  The relevant

4   time frame of this request is also narrowly tailored as between January 1, 2001 to

5   the present date.

6       As to burden, Mattel has not attempted to demonstrate why responding to

7   this request and/or producing responsive documents presents any burden.  This

8   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

9   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10  request is unduly burdensome must allege specific facts which indicate the nature

11  and extent of the burden, usually by affidavit or other reliable evidence.")

12  Moreover, it is not unduly burdensome, as noted above, in that the request is

13  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

14  has engaged in a broad variety of unfair trade practices including serial copying of

15  MGA products.  MGA is entitled to discovery on these claims.

16      This request does not seek documents protected by the attorney-client

17  privilege, the attorney work product doctrine, or other applicable privileges.  To the

18  extent that Mattel contends that it does, Mattel must provide a privilege log.

19      Mattel cites to the May 22, 2007 order, but that order is inapposite to this

20  request, which is much narrower than those considered irrelevant and/or improper

21  by the court.  Specifically, the request is narrowly tailored to communications

22  authored by David Lewis and related to Early Light.

23      As for relevancy, Mattel has not attempted to demonstrate why responding to

24  this request and/or producing responsive documents is irrelevant to the present

25  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

26  MGA products, packaging, themes and advertising among other unfair competition

27  and trade practices such as attempting to unfairly influence third parties in order to

28  preserve Mattel's market share rankings in the critical fashion doll category.  A

1  request to seek documents/communications as described above is therefore relevant
2  to this action.

3       Mattel objects that the request contains confidential, proprietary, and trade
4  secret information.  A Protective Order exists in this case, obviating any concern as
5  to protection of privacy rights and/or commercially sensitive information.

6       None of Mattel's improper objections are valid and Mattel is obligated to
7  produce all non-privileged responsive documents in its possession, custody, or
8  control.

9

10 **REQUEST FOR PRODUCTION NO. 580:**

11      All DOCUMENTS produced or provided by MATTEL to EARLY LIGHT
12 REFERRING OR RELATING TO the conception, design, manufacture,
13 production, marketing or sale of any BRATZ product, or any business relationship
14 between MGA and EARLY LIGHT.  (The relevant time frame for this request is
15 from January 1, 2001 to the present).

16      **RESPONSE TO REQUEST NO. 580:**

17      In addition to the general objections stated above which are incorporated
18 herein by reference, Mattel objects to this Request on the grounds that it is
19 overbroad and unduly burdensome, including in that it seeks all documents
20 regardless of whether such documents relate to products or matters at issue in this
21 case.  Mattel further objects to the Request on the grounds that it seeks documents
22 that are not relevant to this action or likely to lead to the discovery of admissible
23 evidence.  Mattel further objects to this Request on the grounds that it seeks
24 confidential, proprietary and trade secret information, including such information
25 that has no bearing on the claims or defenses in this action.

26

27

28

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek all documents produced or provided by Mattel to Early Light, related to the conception, design, manufacture, production, marketing and sales of any BRATZ product, or any business relationship between MGA and Early Light.  The relevant time frame of this request is also narrowly tailored as between January 1, 2001 to the present date.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This

- 23 -

1   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

2   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3   request is unduly burdensome must allege specific facts which indicate the nature

4   and extent of the burden, usually by affidavit or other reliable evidence.")

5   Moreover, it is not unduly burdensome, as noted above, in that the request is

6   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7   has engaged in a broad variety of unfair trade practices including serial copying of

8   MGA products.  MGA is entitled to discovery on these claims.

9         Mattel cites to the May 22, 2007 order, but that order is inapposite to this

10  request, which is much narrower than those considered irrelevant and/or improper

11  by the court.  Specifically, the request is narrowly tailored to documents produced

12  by Mattel to Early Light specifically related to BRATZ products or business

13  relationship between MGA and Early Light.

14        As for relevancy, Mattel has not attempted to demonstrate why responding to

15  this request and/or producing responsive documents is irrelevant to the present

16  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

17  MGA products, packaging, themes and advertising among other unfair competition

18  and trade practices such as attempting to unfairly influence third parties in order to

19  preserve Mattel's market share rankings in the critical fashion doll category.  A

20  request to seek documents/communications as described above is therefore relevant

21  to this action.

22        Mattel objects that the request contains confidential, proprietary, and trade

23  secret information.  A Protective Order exists in this case, obviating any concern as

24  to protection of privacy rights and/or commercially sensitive information.

25        None of Mattel's improper objections are valid and Mattel is obligated to

26  produce all non-privileged responsive documents in its possession, custody, or

27  control.

28

1  **REQUEST FOR PRODUCTION NO. 581**

2        All DOCUMENTS REFERRING OR RELATING TO the identity of

3  licensees of BARBIE or any intellectual property relating to any CONTESTED

4  MATTEL PRODUCT since January 1, 2001.

5        **RESPONSE TO REQUEST NO. 581:**

6        In addition to the general objections stated above which are incorporated

7  herein by reference, Mattel objects to this Request on the grounds that it is

8  overbroad and unduly burdensome, including in that it seeks all documents

9  regardless of whether such documents relate to products or matters at issue in this

10  case and relates for an unreasonably long time period.  Mattel further objects to the

11  Request on the grounds that it seeks documents that are not relevant to this action

12  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

13  this Request on the grounds that it seeks confidential, proprietary and trade secret

14  information, including such information that has no bearing on the claims or

15  defenses in this action.  Mattel further objects to this Request on the grounds that it

16  calls for the disclosure of information subject to the attorney-client privilege, the

17  attorney work-product doctrine and other applicable privileges.

18

19        **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
          SHOULD BE COMPELLED**

20

21        Mattel has improperly limited its agreement to produce documents in

22  response to this request, subject to its improper boilerplate objections.  Mattel has

23  refused to confirm whether or not it has produced all non-privileged responsive

24  documents or whether it is withholding documents based on its objections in Phase

25  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

26  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

27  Generic objections that fail to explain the basis for an objection with specificity are

28  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

1   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

2   such as 'overly burdensome and harassing' are improper – especially when a party

3   fails to submit any evidentiary declarations supporting such objections").

4   Accordingly, Mattel must be compelled either to certify that it has produced all

5   non-privileged responsive documents or to produce all such documents by a date

6   certain.

7       To the extent that Mattel is relying on its blanket objections, they are not

8   sustainable and do not justify Mattel's failure to produce documents.

9       As to overbreadth, Mattel provides no explanation, let alone the required

10  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

11  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13  contrary, the request is narrowly tailored to seek documents related to the identity

14  of the licensees of BARBIE or any intellectual property relating to any

15  CONTESTED MATTEL PRODUCT since January 1, 2001.

16      As to burden, Mattel has not attempted to demonstrate why responding to

17  this request and/or producing responsive documents presents any burden.  This

18  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

19  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20  request is unduly burdensome must allege specific facts which indicate the nature

21  and extent of the burden, usually by affidavit or other reliable evidence.")

22  Moreover, it is not unduly burdensome, as noted above, in that the request is

23  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

24  has engaged in a broad variety of unfair trade practices including serial copying of

25  MGA products.  MGA is entitled to discovery on these claims.

26      This request does not seek documents protected by the attorney-client

27  privilege, the attorney work product doctrine, or other applicable privileges.  To the

28  extent that Mattel contends that it does, Mattel must provide a privilege log.

1       As for relevancy, Mattel has not attempted to demonstrate why responding

2   to this request and/or producing responsive documents is irrelevant to the present

3   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

4   MGA products.  It seeks to enjoin Mattel from using confusingly similar trade

5   dress, improperly influencing standard-setting and industry organizations, engaging

6   in unfair competition and unfair business practices and diluting MGA's trade dress.

7   It also seeks damages and profits derived by Mattel for its acts of false designation

8   of origin or affiliation, unfair competition and unfair business practices and

9   dilution.  A request for documents related to the identity of the licensees of

10  BARBIE or any intellectual property relating to any CONTESTED MATTEL

11  PRODUCT since January 1, 2001 is therefore relevant to this action and MGA's

12  claim.

13      Mattel objects that the request contains confidential, proprietary, and trade

14  secret information.  A Protective Order exists in this case, obviating any concern as

15  to protection of privacy rights and/or commercially sensitive information.

16      None of Mattel's improper objections are valid and Mattel is obligated to

17  produce all non-privileged responsive documents in its possession, custody, or

18  control.

19

20  **REQUEST FOR PRODUCTION NO. 582**

21      All license agreements for BARBIE or any intellectual property relating to

22  any CONTESTED MATTEL PRODUCT that was in effect at any time from

23  January 1, 2001 to the present.

24      **RESPONSE TO REQUEST NO. 582:**

25      In addition to the general objections stated above which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is

27  overbroad and unduly burdensome, including in that it seeks all documents

28  regardless of whether such documents relate to products or matters at issue in this

1   case and is for an unreasonable length of time.  Mattel further objects to the

2   Request on the grounds that it seeks documents that are not relevant to this action

3   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

4   this Request on the grounds that it seeks confidential, proprietary and trade secret

5   information, including such information that has no bearing on the claims or

6   defenses in this action.

7

8   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

9

10  Mattel has improperly limited its agreement to produce documents in

11  response to this request, subject to its improper boilerplate objections.  Mattel has

12  refused to confirm whether or not it has produced all non-privileged responsive

13  documents or whether it is withholding documents based on its objections in Phase

14  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

15  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

16  Generic objections that fail to explain the basis for an objection with specificity are

17  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

18  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

19  such as 'overly burdensome and harassing' are improper – especially when a party

20  fails to submit any evidentiary declarations supporting such objections").

21  Accordingly, Mattel must be compelled either to certify that it has produced all

22  non-privileged responsive documents or to produce all such documents by a date

23  certain.

24  To the extent that Mattel is relying on its blanket objections, they are not

25  sustainable and do not justify Mattel's failure to produce documents.

26  As to overbreadth, Mattel provides no explanation, let alone the required

27  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

28  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

1   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2   contrary, the request is narrowly tailored to seek all license agreements for

3   BARBIE or any intellectual property relating to any CONTESTED MATTEL

4   PRODUCT that was in effect at any time from January 1, 2001 to the present date.

5       As to burden, Mattel has not attempted to demonstrate why responding to

6   this request and/or producing responsive documents presents any burden.  This

7   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

8   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9   request is unduly burdensome must allege specific facts which indicate the nature

10  and extent of the burden, usually by affidavit or other reliable evidence.")

11  Moreover, it is not unduly burdensome, as noted above, in that the request is

12  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

13  has engaged in a broad variety of unfair trade practices including serial copying of

14  MGA products.  MGA is entitled to discovery on these claims.

15      This request does not seek documents protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges.  To the

17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18      As for relevancy, Mattel has not attempted to demonstrate why responding

19  to this request and/or producing responsive documents is irrelevant to the present

20  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

21  MGA products.  It seeks to enjoin Mattel from using confusingly similar trade

22  dress, improperly influencing standard-setting and industry organizations, engaging

23  in unfair competition and unfair business practices and diluting MGA's trade dress.

24  It also seeks damages and profits derived by Mattel for its acts of false designation

25  of origin or affiliation, unfair competition and unfair business practices and

26  dilution.  A request to seek all license agreements for BARBIE or any intellectual

27  property relating to any CONTESTED MATTEL PRODUCT that was in effect at

28  any time from January 1, 2001 to the present date is therefore relevant to this action

1    and MGA's claim.

2        Mattel objects that the request contains confidential, proprietary, and trade

3    secret information.  A Protective Order exists in this case, obviating any concern as

4    to protection of privacy rights and/or commercially sensitive information.

5        None of Mattel's improper objections are valid and Mattel is obligated to

6    produce all non-privileged responsive documents in its possession, custody, or

7    control.

8

9    **REQUEST FOR PRODUCTION NO. 583**

10        All DOCUMENTS and COMMUNICATIONS REFERRING OR

11    RELATING TO the conception, reduction to practice, design, marketing, or

12    promotion of any CONTESTED MATTEL PRODUCT.

13        **RESPONSE TO REQUEST NO. 583:**

14        In addition to the general objections stated above which are incorporated

15    herein by reference, Mattel objects to this Request on the grounds that it is

16    overbroad and unduly burdensome, including in that it seeks all documents on this

17    subject without limitation as to time, and regardless of whether such documents

18    relate to products or matters at issue in this case.  Mattel further objects to the use

19    of the phrase "CONTESTED MATTEL PRODUCT" in this context as vague and

20    ambiguous.  Mattel further objects to the Request on the grounds that it seeks

21    documents that are not relevant to this action or likely to lead to the discovery of

22    admissible evidence.  Mattel further objects to this Request on the grounds that it

23    seeks confidential, proprietary and trade secret information, including such

24    information that has no bearing on the claims or defenses in this action.  Mattel

25    further objects to this Request on the grounds that it calls for the disclosure of

26    information subject to the attorney-client privilege, the attorney work-product

27    doctrine and other applicable privileges.  Mattel further objects to the extent the

28

Request seeks documents already produced by Mattel.  Such documents will not be produced again.

Subject to and without waiving the foregoing objections, Mattel responds as follows:  Mattel will produce documents regarding the conception, reduction to practice and design of the CONTESTED MATTEL PRODUCTS that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.

- 31 -

1    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

2    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

3    contrary, the request is narrowly tailored to seek all documents related to the

4    conception, reduction to practice, design, marketing, or promotion of any

5    CONTESTED MATTEL PRODUCT.

6         As to burden, Mattel has not attempted to demonstrate why responding to

7    this request and/or producing responsive documents presents any burden.  This

8    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

9    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10   request is unduly burdensome must allege specific facts which indicate the nature

11   and extent of the burden, usually by affidavit or other reliable evidence.")

12   Moreover, it is not unduly burdensome, as noted above, in that the request is

13   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

14   has engaged in a broad variety of unfair trade practices including serial copying of

15   MGA products.  MGA is entitled to discovery on these claims.

16        This request does not seek documents protected by the attorney-client

17   privilege, the attorney work product doctrine, or other applicable privileges.  To the

18   extent that Mattel contends that it does, Mattel must provide a privilege log.

19         As for relevancy, Mattel has not attempted to demonstrate why responding

20   to this request and/or producing responsive documents is irrelevant to the present

21   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

22   MGA products.  It seeks to enjoin Mattel from using confusingly similar trade

23   dress, improperly influencing standard-setting and industry organizations, engaging

24   in unfair competition and unfair business practices and diluting MGA's trade dress.

25   It also seeks damages and profits derived by Mattel for its acts of false designation

26   of origin or affiliation, unfair competition and unfair business practices and

27   dilution.  A request to seek all documents related to the conception, reduction to

28   practice, design, marketing, or promotion of any CONTESTED MATTEL

1    PRODUCT is therefore relevant to this action and MGA's claim.

2           Mattel objects that the request contains confidential, proprietary, and trade

3    secret information.  A Protective Order exists in this case, obviating any concern as

4    to protection of privacy rights and/or commercially sensitive information.

5           None of Mattel's improper objections are valid and Mattel is obligated to

6    produce all non-privileged responsive documents in its possession, custody, or

7    control.

8

9    **REQUEST FOR PRODUCTION NO. 584**

10          All DOCUMENTS and COMMUNICATIONS REFERRING OR

11   RELATING TO any COMMUNICATION from MATTEL to any PERSON

12   regarding whether that PERSON, or any other PERSON, should or should not do

13   business with MGA.

14          **RESPONSE TO REQUEST NO. 584:**

15          In addition to the general objections stated above which are incorporated

16   herein by reference, Mattel objects to this Request on the grounds that it is

17   overbroad and unduly burdensome, including in that it seeks all documents on this

18   subject without limitation as to time, and regardless of whether such documents

19   relate to products or matters at issue in this case, and would require Mattel to

20   undertake an unreasonable search determine whether such communications

21   occurred.  Mattel further objects to the Request on the grounds that it seeks

22   documents that are not relevant to this action or likely to lead to the discovery of

23   admissible evidence.  Mattel further objects to the Request on the grounds that it is

24   vague and ambiguous.  Mattel further objects to this Request on the grounds that it

25   seeks confidential, proprietary and trade secret information, including such

26   information that has no bearing on the claims or defenses in this action.  Mattel

27   further objects to this Request on the grounds that it calls for the disclosure of

28   information subject to the attorney-client privilege, the attorney work-product

1   doctrine and other applicable privileges.  Mattel further objects to the extent the

2   Request seeks documents already produced by Mattel.  Such documents will not be

3   produced again.

4

5       **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
        SHOULD BE COMPELLED**

6

7       Mattel has not agreed to produce documents in response to this request,

8   subject to its improper boilerplate objections.  Mattel has refused to confirm

9   whether or not it has produced all non-privileged responsive documents or whether

10  it is withholding documents based on its objections in Phase 2.  Under the Federal

11  Rules of Civil Procedure, "an objection to part of a request must specify the part

12  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

13  that fail to explain the basis for an objection with specificity are routinely rejected

14  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

15  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

16  burdensome and harassing' are improper – especially when a party fails to submit

17  any evidentiary declarations supporting such objections").  Accordingly, Mattel

18  must be compelled either to certify that it has produced all non-privileged

19  responsive documents or to produce all such documents by a date certain.

20      To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.

22      As to overbreadth, Mattel provides no explanation, let alone the required

23  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

24  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26  contrary, the request is narrowly tailored to seek all documents and

27  communications related to any communication from Mattel to any person regarding

28  whether that person, or any other person, should or should not do business with

1  MGA.

2       As to burden, Mattel has not attempted to demonstrate why responding to

3  this request and/or producing responsive documents presents any burden.  This

4  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

5  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

6  request is unduly burdensome must allege specific facts which indicate the nature

7  and extent of the burden, usually by affidavit or other reliable evidence.")

8  Moreover, it is not unduly burdensome, as noted above, in that the request is

9  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

10 has engaged in a broad variety of unfair trade practices including serial copying of

11 MGA products.  MGA is entitled to discovery on these claims.

12      This request does not seek documents protected by the attorney-client

13 privilege, the attorney work product doctrine, or other applicable privileges.  To the

14 extent that Mattel contends that it does, Mattel must provide a privilege log.

15      As for relevancy, Mattel has not attempted to demonstrate why responding to

16 this request and/or producing responsive documents is irrelevant to the present

17 action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

18 MGA products, packaging, themes and advertising among other unfair competition

19 and trade practices such as attempting to unfairly influence third parties in order to

20 preserve Mattel's market share rankings in the critical fashion doll category.  A

21 request to seek documents/communications as described above is therefore relevant

22 to this action.

23      Mattel objects that the request contains confidential, proprietary, and trade

24 secret information.  A Protective Order exists in this case, obviating any concern as

25 to protection of privacy rights and/or commercially sensitive information.

26      None of Mattel's improper objections are valid and Mattel is obligated to

27 produce all non-privileged responsive documents in its possession, custody, or

28 control.

OHS West:260723212

1    **REQUEST FOR PRODUCTION NO. 585**

2         All DOCUMENTS and COMMUNICATIONS REFERRING OR

3    RELATING TO any restriction or limitation on a PERSON's business dealings

4    with MGA (whether contractual or otherwise) that MATTEL has suggested,

5    proposed, or required.  (The relevant time frame for this request is from January 1,

6    2001 to the present).

7         **RESPONSE TO REQUEST NO. 585:**

8         In addition to the general objections stated above which are incorporated

9    herein by reference, Mattel objects to this Request on the grounds that it is

10   overbroad and unduly burdensome, and regardless of whether such documents

11   relate to products or matters at issue in this case, and would require Mattel to

12   undertake an unreasonable search determine whether such communications

13   occurred.  Mattel further objects to the Request on the grounds that it seeks

14   documents that are not relevant to this action or likely to lead to the discovery of

15   admissible evidence.  Mattel further objects to the Request on the grounds that it is

16   vague and ambiguous.  Mattel further objects to this Request on the grounds that it

17   seeks confidential, proprietary and trade secret information, including such

18   information that has no bearing on the claims or defenses in this action.  Mattel

19   further objects to this Request on the grounds that it calls for the disclosure of

20   information subject to the attorney-client privilege, the attorney work-product

21   doctrine and other applicable privileges.  Mattel further objects to the extent the

22   Request seeks documents already produced by Mattel.  Such documents will not be

23   produced again.

24

25   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**

26

27        Mattel has not agreed to produce documents in response to this request,

28   subject to its improper boilerplate objections.  Mattel has refused to confirm

1    whether or not it has produced all non-privileged responsive documents or whether
2    it is withholding documents based on its objections in Phase 2.  Under the Federal
3    Rules of Civil Procedure, "an objection to part of a request must specify the part
4    and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections
5    that fail to explain the basis for an objection with specificity are routinely rejected
6    in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,
7    188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly
8    burdensome and harassing' are improper – especially when a party fails to submit
9    any evidentiary declarations supporting such objections").  Accordingly, Mattel
10   must be compelled either to certify that it has produced all non-privileged
11   responsive documents or to produce all such documents by a date certain.

12        To the extent that Mattel is relying on its blanket objections, they are not
13   sustainable and do not justify Mattel's failure to produce documents.

14        As to overbreadth, Mattel provides no explanation, let alone the required
15   particularity, as to **why** this request is supposedly overly broad, nor can it do so.
16   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
17   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
18   contrary, the request is narrowly tailored to seek all documents and
19   communications related to any restriction or limitation on a person's business
20   dealings with MGA (contractual or otherwise) that Mattel suggested, proposed, or
21   required.  The relevant time frame of this request is also narrowly tailored as
22   between January 1, 2001 to the present date.

23        As to burden, Mattel has not attempted to demonstrate why responding to
24   this request and/or producing responsive documents presents any burden.  This
25   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
26   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
27   request is unduly burdensome must allege specific facts which indicate the nature
28   and extent of the burden, usually by affidavit or other reliable evidence.")

- 37 -

1   Moreover, it is not unduly burdensome, as noted above, in that the request is

2   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

3   has engaged in a broad variety of unfair trade practices including serial copying of

4   MGA products.  MGA is entitled to discovery on these claims.

5       This request does not seek documents protected by the attorney-client

6   privilege, the attorney work product doctrine, or other applicable privileges.  To the

7   extent that Mattel contends that it does, Mattel must provide a privilege log.

8       As for relevancy, Mattel has not attempted to demonstrate why responding to

9   this request and/or producing responsive documents is irrelevant to the present

10  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

11  MGA products, packaging, themes and advertising among other unfair competition

12  and trade practices such as attempting to unfairly influence third parties in order to

13  preserve Mattel's market share rankings in the critical fashion doll category.  A

14  request to seek documents/communications as described above is therefore relevant

15  to this action.

16      Mattel objects that the request contains confidential, proprietary, and trade

17  secret information.  A Protective Order exists in this case, obviating any concern as

18  to protection of privacy rights and/or commercially sensitive information.

19      None of Mattel's improper objections are valid and Mattel is obligated to

20  produce all non-privileged responsive documents in its possession, custody, or

21  control.

22

23  **REQUEST FOR PRODUCTION NO. 587**

24      ALL DOCUMENTS and COMMUNICATIONS REFERRING OR

25  RELATING TO any COMMUNICATION sent by MATTEL to any PERSON

26  asserting, alleging or suggesting that MGA is infringing MATTEL's intellectual

27  property rights.  (The relevant time frame for this request is from January 1, 2001 to

28  the present).

1   **RESPONSE TO REQUEST NO. 587**

2        In addition to the general objections stated above which are incorporated

3   herein by reference, Mattel objects to this Request on the grounds that it is

4   overbroad and unduly burdensome, including in that it seeks all documents

5   regardless of whether such documents relate to products or matters at issue in this

6   case.  Mattel further objects to the Request on the grounds that it seeks documents

7   that are not relevant to this action or likely to lead to the discovery of admissible

8   evidence.  Mattel further objects to this Request on the grounds that it seeks

9   confidential, proprietary and trade secret information, including such information

10  that has no bearing on the claims or defenses in this action.  Mattel further objects

11  to this Request on the grounds that it calls for the disclosure of information subject

12  to the attorney-client privilege, the attorney work-product doctrine and other

13  applicable privileges.

14

15  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
16  SHOULD BE COMPELLED**

17       Mattel has not agreed to produce documents in response to this request,

18  subject to its improper boilerplate objections.  Mattel has refused to confirm

19  whether or not it has produced all non-privileged responsive documents or whether

20  it is withholding documents based on its objections in Phase 2.  Under the Federal

21  Rules of Civil Procedure, "an objection to part of a request must specify the part

22  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

23  that fail to explain the basis for an objection with specificity are routinely rejected

24  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

25  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

26  burdensome and harassing' are improper – especially when a party fails to submit

27  any evidentiary declarations supporting such objections").  Accordingly, Mattel

28  must be compelled either to certify that it has produced all non-privileged

- 39 -

1    responsive documents or to produce all such documents by a date certain.

2         To the extent that Mattel is relying on its blanket objections, they are not

3    sustainable and do not justify Mattel's failure to produce documents.

4         As to overbreadth, Mattel provides no explanation, let alone the required

5    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

6    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

7    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

8    contrary, the request is narrowly tailored to seek communications by Mattel, during

9    a narrowly defined and specified timeframe, asserting, alleging or suggesting that

10   MGA is infringing Mattel's intellectual property rights.

11        As to burden, Mattel has not attempted to demonstrate why responding to

12   this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

14   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.")

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19   has engaged in various unfair trade practices, including threatening retailers and

20   suppliers to cease doing business with MGA and making false statements about

21   MGA products and product sales, as alleged in paragraph 113 of MGA's Complaint

22   and in MGA's Second Affirmative Defense.  MGA is entitled to discovery on these

23   claims.

24        Mattel objects that the request contains confidential, proprietary and trade

25   secret information.  A Protective Order exists in this case, obviating any concern as

26   to protection of privacy rights and/or commercially sensitive information.

27        This request does not seek documents protected by the attorney-client

28   privilege, the attorney work product doctrine, or other applicable privileges.  To the

1   extent that Mattel contends that it does, Mattel must provide a privilege log.

2        None of Mattel's improper objections are valid and Mattel is obligated to

3   produce all non-privileged responsive documents in its possession, custody, or

4   control.

5

6   **REQUEST FOR PRODUCTION NO. 588**

7        All DOCUMENTS or COMMUNICATIONS REFERRING OR RELATING

8   to any assertion, allegation or suggestion by any PERSON (other than the parties in

9   this ACTION) that MATTEL's advertising or promotional materials are false and

10   misleading.  (The relevant time frame for this request is from January 1, 2001 to the

11   present).

12       **RESPONSE TO REQUEST NO. 588:**

13        In addition to the general objections stated above which are incorporated

14   herein by reference, Mattel objects to this Request on the grounds that it is

15   overbroad and unduly burdensome, including in that it seeks all documents

16   regardless of whether such documents relate to products or matters at issue in this

17   case.  Mattel further objects to the Request on the grounds that it seeks documents

18   that are not relevant to this action or likely to lead to the discovery of admissible

19   evidence.  Mattel further objects to this Request on the grounds that it seeks

20   confidential, proprietary and trade secret information, including such information

21   that has no bearing on the claims or defenses in this action.  Mattel further objects

22   to this Request on the grounds that it calls for the disclosure of information subject

23   to the attorney-client privilege, the attorney work-product doctrine and other

24   applicable privileges.

25

26

27

28

OHS West:260723212

- 41 -

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek communications by Mattel, during a narrowly defined and specified timeframe, asserting, alleging or suggesting that Mattel's advertising or promotional materials are false and misleading.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL 9049, SET SEVEN; CV 04-9049 SGL (RNBx)

1   request is unduly burdensome must allege specific facts which indicate the nature

2   and extent of the burden, usually by affidavit or other reliable evidence.")

3   Moreover, it is not unduly burdensome, as noted above, in that the request is

4   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

5   has engaged in various unfair trade practices, including threatening retailers and

6   suppliers to cease doing business with MGA and making false statements about

7   MGA products and product sales, as alleged in paragraph 113 of MGA's Complaint

8   and in MGA's Second Affirmative Defense.  MGA is entitled to discovery on these

9   claims.

10          Mattel objects that the request contains confidential, proprietary and trade

11  secret information.  A Protective Order exists in this case, obviating any concern as

12  to protection of privacy rights and/or commercially sensitive information.

13          This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges.  To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16          None of Mattel's improper objections are valid and Mattel is obligated to

17  produce all non-privileged responsive documents in its possession, custody, or

18  control.

19

20  **REQUEST FOR PRODUCTION NO. 589**

21          All DOCUMENTS or COMMUNICATIONS REFERRING OR RELATING

22  to any assertion, allegation or suggestion by any PERSON (other than the parties in

23  this ACTION) that MATTEL is infringing on that other PERSON's intellectual

24  property rights.  (The relevant time frame for this request is from January 1, 2001 to

25  the present).

26          **RESPONSE TO REQUEST NO. 589**

27          In addition to the general objections stated above which are incorporated

28  herein by reference, Mattel objects to this Request on the grounds that it is

overbroad and unduly burdensome, including in that it seeks all documents regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects on the grounds that the Request is vague and ambiguous.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not

- 44 -

1  sustainable and do not justify Mattel's failure to produce documents.

2      As to overbreadth, Mattel provides no explanation, let alone the required

3  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

4  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

5  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

6  contrary, the request is narrowly tailored to seek communications to Mattel alleging

7  that Mattel has infringed on the communicator's intellectual property rights.

8      As to burden, Mattel has not attempted to demonstrate why responding to

9  this request and/or producing responsive documents presents any burden.  This

10  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

11  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12  request is unduly burdensome must allege specific facts which indicate the nature

13  and extent of the burden, usually by affidavit or other reliable evidence.")

14  Moreover, it is not unduly burdensome, as noted above, in that the request is

15  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16  has engaged in various unfair trade practices, including serial copying of MGA

17  products.  MGA is entitled to discovery on these claims.

18      Mattel objects that the request is "vague and ambiguous" but does not specify

19  what part or terms of the request it finds "vague or ambiguous."  This objection is

20  therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling

21  objections not stated with specificity), Rutowski Decl. Ex. 58.

22      Mattel objects that the request contains confidential, proprietary and trade

23  secret information.  A Protective Order exists in this case, obviating any concern as

24  to protection of privacy rights and/or commercially sensitive information.

25      This request does not seek documents protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges.  To the

27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28      None of Mattel's improper objections are valid and Mattel is obligated to

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET SEVEN; CV 04-9049 SGL (RNBx)

1  produce all non-privileged responsive documents in its possession, custody, or

2  control.

3

4  **REQUEST FOR PRODUCTION NO 590**

5  ALL DOCUMENTS and COMMUNICATIONS REFERRING OR

6  RELATING TO any effort by MATTEL to contact or hire any MGA employee.

7  **RESPONSE TO REQUEST NO. 590**

8  In addition to the general objections stated above which are incorporated

9  herein by reference, Mattel objects to this Request on the grounds that it is

10  overbroad and unduly burdensome, including in that it seeks all documents on this

11  subject without limitation as to time, and regardless of whether such documents

12  relate to products or matters at issue in this case.  Mattel further objects to the

13  Request on the grounds that it seeks documents that are not relevant to this action

14  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

15  this Request on the grounds that it calls for the disclosure of information subject to

16  the attorney-client privilege, the attorney work-product doctrine and other

17  applicable privileges.

18

19  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
   **SHOULD BE COMPELLED**

20

21  Mattel has not agreed to produce documents in response to this request,

22  subject to its improper boilerplate objections.  Mattel has refused to confirm

23  whether or not it has produced all non-privileged responsive documents or whether

24  it is withholding documents based on its objections in Phase 2.  Under the Federal

25  Rules of Civil Procedure, "an objection to part of a request must specify the part

26  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

27  that fail to explain the basis for an objection with specificity are routinely rejected

28  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

1   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

2   burdensome and harassing' are improper – especially when a party fails to submit

3   any evidentiary declarations supporting such objections").  Accordingly, Mattel

4   must be compelled either to certify that it has produced all non-privileged

5   responsive documents or to produce all such documents by a date certain.

6       To the extent that Mattel is relying on its blanket objections, they are not

7   sustainable and do not justify Mattel's failure to produce documents.

8       As to overbreadth, Mattel provides no explanation, let alone the required

9   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

10  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

11  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

12  contrary, the request is narrowly tailored to seek Mattel's documents concerning

13  efforts by Mattel to contact or hire MGA employees.

14      As to burden, Mattel has not attempted to demonstrate why responding to

15  this request and/or producing responsive documents presents any burden.  This

16  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

17  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.")

20  Moreover, it is not unduly burdensome, as noted above, in that the request is

21  narrowly tailored to seek only discoverable evidence.  Mattel has accused MGA of

22  copyright infringement, RICO violations, misappropriation of trade secrets,

23  intentional interference with contract, aiding and abetting breach of fiduciary duty

24  and duty of loyalty, conversion, and unfair competition.  All of these claims are to

25  some degree based on Mattel's theory that MGA improperly contacted or hired

26  Mattel employees, and MGA is therefore entitled to discovery on Mattel's

27  competitive hiring practices.

28      This request does not seek documents protected by the attorney-client

1   privilege, the attorney work product doctrine, or other applicable privileges.  To the

2   extent that Mattel contends that it does, Mattel must provide a privilege log.

3       None of Mattel's improper objections are valid and Mattel is obligated to

4   produce all non-privileged responsive documents in its possession, custody, or

5   control.

6

7   **REQUEST FOR PRODUCTION NO. 594**

8       All DOCUMENTS and COMMUNICATIONS between MATTEL and

9   Bandai REFERRING OR RELATING TO the conception, design, manufacture,

10  production, marketing or sale of any BRATZ product.  (The relevant time frame for

11  this request is from January 1, 2001 to the present).

12      **RESPONSE TO REQUEST NO. 594:**

13      In addition to the general objections stated above which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is

15  overbroad and unduly burdensome, including in that it seeks all documents

16  regardless of whether such documents relate to products or matters at issue in this

17  case.  Mattel further objects to the Request on the grounds that it seeks documents

18  that are not relevant to this action or likely to lead to the discovery of admissible

19  evidence.  Mattel further objects to this Request on the grounds that it seeks

20  confidential, proprietary and trade secret information, including such information

21  that has no bearing on the claims or defenses in this action.  Mattel further objects

22  on the ground that this Request seeks to circumvent the Discovery Master's Order

23  dated May 22, 2007.

24

25  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

26

27      Mattel has not agreed to produce documents in response to this request,

28  subject to its improper boilerplate objections.  Mattel has refused to confirm

1   whether or not it has produced all non-privileged responsive documents or whether

2   it is withholding documents based on its objections in Phase 2.  Under the Federal

3   Rules of Civil Procedure, "an objection to part of a request must specify the part

4   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

5   that fail to explain the basis for an objection with specificity are routinely rejected

6   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

7   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

8   burdensome and harassing' are improper – especially when a party fails to submit

9   any evidentiary declarations supporting such objections").  Accordingly, Mattel

10  must be compelled either to certify that it has produced all non-privileged

11  responsive documents or to produce all such documents by a date certain.

12      To the extent that Mattel is relying on its blanket objections, they are not

13  sustainable and do not justify Mattel's failure to produce documents.

14      As to overbreadth, Mattel provides no explanation, let alone the required

15  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

16  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

17  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

18  contrary, the request is narrowly tailored to seek all documents and

19  communications between Mattel and MGA employee Bandai, related to the

20  conception, design, manufacture, production, marketing and sales of any BRATZ

21  product.  The relevant time frame of this request is also narrowly tailored as

22  between January 1, 2001 to the present date.

23      As to burden, Mattel has not attempted to demonstrate why responding to

24  this request and/or producing responsive documents presents any burden.  This

25  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

26  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

27  request is unduly burdensome must allege specific facts which indicate the nature

28  and extent of the burden, usually by affidavit or other reliable evidence.")

1   Moreover, it is not unduly burdensome, as noted above, in that the request is

2   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

3   has engaged in a broad variety of unfair trade practices including serial copying of

4   MGA products.  MGA is entitled to discovery on these claims.

5       Mattel cites to the May 22, 2007 order, but that order is inapposite to this

6   request, which is much narrower than those considered irrelevant and/or improper

7   by the court.  Specifically, the request is narrowly tailored to communications

8   between Mattel and Bandai regarding BRATZ products.

9       As for relevancy, Mattel has not attempted to demonstrate why responding to

10  this request and/or producing responsive documents is irrelevant to the present

11  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

12  MGA products, packaging, themes and advertising among other unfair competition

13  and trade practices such as attempting to unfairly influence third parties in order to

14  preserve Mattel's market share rankings in the critical fashion doll category.  A

15  request to seek documents/communications as described above is therefore relevant

16  to this action.

17      Mattel objects that the request contains confidential, proprietary, and trade

18  secret information.  A Protective Order exists in this case, obviating any concern as

19  to protection of privacy rights and/or commercially sensitive information.

20      None of Mattel's improper objections are valid and Mattel is obligated to

21  produce all non-privileged responsive documents in its possession, custody, or

22  control.

23

24  **<u>REQUEST FOR PRODUCTION NO. 595</u>**

25      All DOCUMENTS and COMMUNICATIONS between MATTEL and

26  Mattel Mexico REFERRING OR RELATING TO the conception, design,

27  manufacture, production, marketing or sale of any BRATZ product or the

28  allegations in MATTEL's COUNTERCLAIMS.

**RESPONSE TO REQUEST NO. 595:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit

- 51 -

1    any evidentiary declarations supporting such objections").  Accordingly, Mattel

2    must be compelled either to certify that it has produced all non-privileged

3    responsive documents or to produce all such documents by a date certain.

4         To the extent that Mattel is relying on its blanket objections, they are not

5    sustainable and do not justify Mattel's failure to produce documents.

6         This request does not seek documents protected by the attorney-client

7    privilege, the attorney work product doctrine, or other applicable privileges.  To the

8    extent that Mattel contends that it does, Mattel must provide a privilege log.

9         As to overbreadth, Mattel provides no explanation, let alone the required

10   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

11   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13   contrary, the request is narrowly tailored to seek all documents and

14   communications between Mattel and Mattel Mexico related to the conception,

15   design, manufacture, production, marketing and sales of any BRATZ product or the

16   allegations in Mattel's counterclaims.

17        As to burden, Mattel has not attempted to demonstrate why responding to

18   this request and/or producing responsive documents presents any burden.  This

19   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

20   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21   request is unduly burdensome must allege specific facts which indicate the nature

22   and extent of the burden, usually by affidavit or other reliable evidence.")

23   Moreover, it is not unduly burdensome, as noted above, in that the request is

24   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

25   has engaged in a broad variety of unfair trade practices including serial copying of

26   MGA products.  MGA is entitled to discovery on these claims.

27        Mattel cites to the May 22, 2007 order, but that order is inapposite to this

28   request, which is much narrower than those considered irrelevant and/or improper

1  by the court.  Specifically, the request is narrowly tailored to communications

2  between Mattel and Mattel Mexico regarding BRATZ products and Mattel's

3  counterclaims.

4      As for relevancy, Mattel has not attempted to demonstrate why responding to

5  this request and/or producing responsive documents is irrelevant to the present

6  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

7  MGA products, packaging, themes and advertising among other unfair competition

8  and trade practices such as attempting to unfairly influence third parties in order to

9  preserve Mattel's market share rankings in the critical fashion doll category.  A

10  request to seek documents/communications as described above is therefore relevant

11  to this action.  Further, Mattel's prayer for relief is extremely, and overly, broad.

12  Because Mattel's pleadings seek such broad relief, MGA is entitled to extremely

13  broad discovery on these issues.

14      Mattel objects that the request contains confidential, proprietary, and trade

15  secret information.  A Protective Order exists in this case, obviating any concern as

16  to protection of privacy rights and/or commercially sensitive information.

17      None of Mattel's improper objections are valid and Mattel is obligated to

18  produce all non-privileged responsive documents in its possession, custody, or

19  control.

20

21  **REQUEST FOR PRODUCTION NO. 596:**

22      All DOCUMENTS and COMMUNICATIONS between MATTEL and

23  Mateo Romano REFERRING OR RELATING TO the conception, design,

24  manufacture, production, marketing or sale of any BRATZ product or the

25  allegations in MATTEL's COUNTERCLAIMS.

26      **RESPONSE TO REQUEST NO. 596:**

27      In addition to the general objections stated above which are incorporated

28  herein by reference, Mattel objects to this Request on the grounds that it is

1   overbroad and unduly burdensome, including in that it seeks all documents on this

2   subject without limitation as to time, and regardless of whether such documents

3   relate to products or matters at issue in this case.  Mattel further objects to the

4   Request on the grounds that it seeks documents that are not relevant to this action

5   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

6   this Request on the grounds that it seeks confidential, proprietary and trade secret

7   information, including such information that has no bearing on the claims or

8   defenses in this action.  Mattel further objects to this Request on the grounds that it

9   calls for the disclosure of information subject to the attorney-client privilege, the

10  attorney work-product doctrine and other applicable privileges.  Mattel further

11  objects on the ground that this Request seeks to circumvent the Discovery Master's

12  Order dated May 22, 2007.

13

14      **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
        SHOULD BE COMPELLED**

15

16      Mattel has not agreed to produce documents in response to this request,

17  subject to its improper boilerplate objections.  Mattel has refused to confirm

18  whether or not it has produced all non-privileged responsive documents or whether

19  it is withholding documents based on its objections in Phase 2.  Under the Federal

20  Rules of Civil Procedure, "an objection to part of a request must specify the part

21  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

22  that fail to explain the basis for an objection with specificity are routinely rejected

23  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

24  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

25  burdensome and harassing' are improper – especially when a party fails to submit

26  any evidentiary declarations supporting such objections").  Accordingly, Mattel

27  must be compelled either to certify that it has produced all non-privileged

28  responsive documents or to produce all such documents by a date certain.

1    To the extent that Mattel is relying on its blanket objections, they are not

2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required

4    particularity, as to **why** this request is supposedly overly broad, nor can it do so.

5    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7    contrary, the request is narrowly tailored to seek all documents and

8    communications between Mattel and Mattel executive Mateo Ramano, related to

9    the conception, design, manufacture, production, marketing and sales of any

10    BRATZ product or the allegations in Mattel's counterclaims.

11    As to burden, Mattel has not attempted to demonstrate why responding to

12    this request and/or producing responsive documents presents any burden.  This

13    objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

14    <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15    request is unduly burdensome must allege specific facts which indicate the nature

16    and extent of the burden, usually by affidavit or other reliable evidence.")

17    Moreover, it is not unduly burdensome, as noted above, in that the request is

18    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19    has engaged in a broad variety of unfair trade practices including serial copying of

20    MGA products.  MGA is entitled to discovery on these claims.

21    Mattel cites to the May 22, 2007 order, but that order is inapposite to this

22    request, which is much narrower than those considered irrelevant and/or improper

23    by the court.  Specifically, the request is narrowly tailored to communications

24    between Mattel and Mateo Ramano regarding BRATZ products.

25    As for relevancy, Mattel has not attempted to demonstrate why responding to

26    this request and/or producing responsive documents is irrelevant to the present

27    action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

28    MGA products, packaging, themes and advertising among other unfair competition

1   and trade practices such as attempting to unfairly influence third parties in order to

2   preserve Mattel's market share rankings in the critical fashion doll category.  A

3   request to seek documents/communications as described above is therefore relevant

4   to this action.

5        Mattel objects that the request contains confidential, proprietary, and trade

6   secret information.  A Protective Order exists in this case, obviating any concern as

7   to protection of privacy rights and/or commercially sensitive information.

8        None of Mattel's improper objections are valid and Mattel is obligated to

9   produce all non-privileged responsive documents in its possession, custody, or

10   control.

11

12   **REQUEST FOR PRODUCTION NO. 597**

13        ALL DOCUMENTS and COMMUNICATIONS REFERRING OR

14   RELATING TO any litigation with Simba.

15        **RESPONSE TO REQUEST NO. 597**

16        In addition to the general objections stated above which are incorporated

17   herein by reference, Mattel objects to this Request on the grounds that it is

18   overbroad and unduly burdensome, including in that it seeks all documents on this

19   subject without limitation as to time, and regardless of whether such documents

20   relate to products or matters at issue in this case.  Mattel further objects to the use

21   of the terms "any litigation" in this context as vague and ambiguous.  Mattel further

22   objects to the Request on the grounds that it seeks documents that are not relevant

23   to this action or likely to lead to the discovery of admissible evidence.  Mattel

24   further objects to this Request on the grounds that it seeks confidential, proprietary

25   and trade secret information, including such information that has no bearing on the

26   claims or defenses in this action.  Mattel further objects to this Request on the

27   grounds that it calls for the disclosure of information subject to the attorney-client

28   privilege, the attorney work-product doctrine and other applicable privileges.

1   Mattel further objects to the extent the Request seeks documents already produced

2   by Mattel.  Such documents will not be produced again.

3

4   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

5

6       Mattel refuses to produce documents in response to this request, resting on its

7   improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an

8   objection to part of a request must specify the part and permit inspection of the

9   rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

10   for an objection with specificity are routinely rejected in the Central District.  <u>See</u>

11   <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

12   ("general or boilerplate objections such as 'overly burdensome and harassing' are

13   improper – especially when a party fails to submit any evidentiary declarations

14   supporting such objections").  Accordingly, Mattel must be compelled either to

15   certify that it has produced all non-privileged responsive documents or to produce

16   all such documents by a date certain.

17       To the extent that Mattel is relying on its blanket objections, they are not

18   sustainable and do not justify Mattel's failure to produce documents.

19       As to overbreadth, Mattel provides no explanation, let alone the required

20   particularity, as to ***why*** this request is supposedly overly broad, nor can it do so.

21   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23   contrary, the request is narrowly tailored to seek documents concerning a specific

24   litigation that involved the "My Scene" products that are the subject of Phase 2

25   claims and defenses.

26       As to burden, Mattel has not attempted to demonstrate why responding to

27   this request and/or producing responsive documents presents any burden.  This

28   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.</u>,

<u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices, from serial copying of MGA products, to threatening retailers and suppliers to cease doing business with MGA, to intimidating employees and industry groups in order to prevent MGA from fairly competing.   MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential/proprietary/trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel objects that the request is duplicative or subsumed within prior requests but does not identify the allegedly duplicative requests.  Mattel's failure to agree to produce responsive non-privileged documents is not proper based on this objection.

Mattel's assertion of intellectual property in products that are the subject of Phase 2 against other parties is highly likely to lead to the discovery of admissible evidence.  This request calls out litigation with a particular party that is likely to have involved many similar issues.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

1   **REQUEST FOR PRODUCTION NO. 598**

2       ALL DOCUMENTS and COMMUNICATIONS REFERRING OR

3   RELATING TO any demand, claim or lawsuit by MATTEL (other than this

4   ACTION) alleging infringement of MATTEL'S intellectual property rights in any

5   CONTESTED MATTEL PRODUCT, any BARBIE product, or any DIVA STARS

6   product.

7     **RESPONSE TO REQUEST NO. 598**

8       In addition to the general objections stated above which are incorporated

9   herein by reference, Mattel objects to this Request on the grounds that it is

10   overbroad and unduly burdensome, including in that it seeks all documents on this

11   subject without limitation as to time, and regardless of whether such documents

12   relate to products or matters at issue in this case.  Mattel further objects to the

13   Request on the grounds that it seeks documents that are not relevant to this action

14   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

15   this Request on the grounds that it seeks confidential, proprietary and trade secret

16   information, including such information that has no bearing on the claims or

17   defenses in this action.  Mattel further objects to this Request on the grounds that it

18   calls for the disclosure of information subject to the attorney-client privilege, the

19   attorney work-product doctrine and other applicable privileges.

20

21   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

22

23       Mattel refuses to produce documents in response to this request, resting on its

24   improper boilerplate objections.  Mattel has refused to confirm whether or not it has

25   produced all non-privileged responsive documents or whether it is withholding

26   documents based on its objections in Phase 2.  Under the Federal Rules of Civil

27   Procedure, "an objection to part of a request must specify the part and permit

28   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

- 59 -

1    explain the basis for an objection with specificity are routinely rejected in the

2    Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

3    (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

4    and harassing' are improper – especially when a party fails to submit any

5    evidentiary declarations supporting such objections").  Accordingly, Mattel must be

6    compelled either to certify that it has produced all non-privileged responsive

7    documents or to produce all such documents by a date certain.

8          To the extent that Mattel is relying on its blanket objections, they are not

9    sustainable and do not justify Mattel's failure to produce documents.

10         As to overbreadth, Mattel provides no explanation, let alone the required

11   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

12   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

13   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14   contrary, the request is narrowly tailored to seek documents concerning allegations

15   of infringement related specifically to products that are the subject of Phase 2

16   claims and defenses.

17         As to burden, Mattel has not attempted to demonstrate why responding to

18   this request and/or producing responsive documents presents any burden.  This

19   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

20   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21   request is unduly burdensome must allege specific facts which indicate the nature

22   and extent of the burden, usually by affidavit or other reliable evidence.")

23   Moreover, it is not unduly burdensome, as noted above, in that the request is

24   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

25   has engaged in a broad variety of unfair trade practices, from serial copying of

26   MGA products, to threatening retailers and suppliers to cease doing business with

27   MGA, to intimidating employees and industry groups in order to prevent MGA

28   from fairly competing.   MGA is entitled to discovery on these claims.

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4        Mattel objects that the request contains confidential/proprietary/trade secret

5    information.  A Protective Order exists in this case, obviating any concern as to

6    protection of privacy rights and/or commercially sensitive information.

7        Mattel's assertion of intellectual property in products that are the subject of

8    Phase 2 against other parties is highly likely to lead to the discovery of admissible

9    evidence.

10       None of Mattel's improper objections are valid and Mattel is obligated to

11   produce all non-privileged responsive documents in its possession, custody, or

12   control.

13

14   **REQUEST FOR PRODUCTION NO. 599**

15       ALL DOCUMENTS and COMMUNICATIONS REFERRING OR

16   RELATING TO any demand, claim or lawsuit against MATTEL (other than this

17   ACTION) alleging that any CONTESTED MATTEL PRODUCT, any BARBIE

18   product, or any DIVA STARS product infringes the intellectual property rights of

19   another PERSON.

20       **RESPONSE TO REQUEST NO. 599**

21       In addition to the general objections stated above which are incorporated

22   herein by reference, Mattel objects to this Request on the grounds that it is

23   overbroad, unduly burdensome, and unintelligible, including in that it seeks all

24   documents on this subject without limitation as to time, and regardless of whether

25   such documents relate to products or matters at issue in this case.  Mattel further

26   objects to the Request on the grounds that it seeks documents that are not relevant

27   to this action or likely to lead to the discovery of admissible evidence.  Mattel

28   further objects to this Request on the grounds that it seeks confidential, proprietary

1    and trade secret information, including such information that has no bearing on the

2    claims or defenses in this action.  Mattel further objects to this Request on the

3    grounds that it calls for the disclosure of information subject to the attorney-client

4    privilege, the attorney work-product doctrine and other applicable privileges.

5

6    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

7    **SHOULD BE COMPELLED**

8          Mattel refuses to produce documents in response to this request, resting on its

9    improper boilerplate objections.  Mattel has refused to confirm whether or not it has

10   produced all non-privileged responsive documents or whether it is withholding

11   documents based on its objections in Phase 2.  Under the Federal Rules of Civil

12   Procedure, "an objection to part of a request must specify the part and permit

13   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

14   explain the basis for an objection with specificity are routinely rejected in the

15   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

16   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

17   and harassing' are improper – especially when a party fails to submit any

18   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

19   compelled either to certify that it has produced all non-privileged responsive

20   documents or to produce all such documents by a date certain.

21         To the extent that Mattel is relying on its blanket objections, they are not

22   sustainable and do not justify Mattel's failure to produce documents.

23         As to overbreadth, Mattel provides no explanation, let alone the required

24   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

25   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

26   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

27   contrary, the request is narrowly tailored to seek documents concerning allegations

28   of infringement related specifically to products that are the subject of Phase 2

1  claims and defenses.

2      As to burden, Mattel has not attempted to demonstrate why responding to

3  this request and/or producing responsive documents presents any burden.  This

4  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

5  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

6  request is unduly burdensome must allege specific facts which indicate the nature

7  and extent of the burden, usually by affidavit or other reliable evidence.")

8  Moreover, it is not unduly burdensome, as noted above, in that the request is

9  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

10  has engaged in a broad variety of unfair trade practices, from serial copying of

11  MGA products, to threatening retailers and suppliers to cease doing business with

12  MGA, to intimidating employees and industry groups in order to prevent MGA

13  from fairly competing.   MGA is entitled to discovery on these claims.

14      This request does not seek documents protected by the attorney-client

15  privilege, the attorney work product doctrine, or other applicable privileges.  To the

16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17      Mattel objects that the request contains confidential/proprietary/trade secret

18  information.  A Protective Order exists in this case, obviating any concern as to

19  protection of privacy rights and/or commercially sensitive information.

20      A third-party's assertion of intellectual property rights against products that

21  are the subject of Phase 2 claims and defenses against Mattel is highly likely to lead

22  to the discovery of admissible evidence.

23      None of Mattel's improper objections are valid and Mattel is obligated to

24  produce all non-privileged responsive documents in its possession, custody, or

25  control.

26

27  **REQUEST FOR PRODUCTION NO. 600**

28      All DOCUMENTS and COMMUNICATIONS REFERRING OR

1   RELATING TO any COMMUNICATION (including all memos and directives)

2   given by MATTEL to its retail merchandisers, contractors and employees with

3   regard to the conception, design, or marketing of any BRATZ product.

4   **RESPONSE TO REQUEST NO. 600:**

5       In addition to the general objections stated above which are incorporated

6   herein by reference, Mattel objects to this Request on the grounds that it is

7   overbroad and unduly burdensome, including in that it seeks all documents on this

8   subject without limitation as to time, and regardless of whether such documents

9   relate to products or matters at issue in this case.  Mattel further objects to the

10  Request on the grounds that it seeks documents that are not relevant to this action

11  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

12  this Request on the grounds that it seeks confidential, proprietary and trade secret

13  information, including such information that has no bearing on the claims or

14  defenses in this action.  Mattel further objects to this Request on the grounds that it

15  calls for the disclosure of information subject to the attorney-client privilege, the

16  attorney work-product doctrine and other applicable privileges.  Mattel further

17  objects to the extent the Request seeks documents already produced by Mattel.

18  Such documents will not be produced again.  Mattel further objects on the ground

19  that this Request seeks to circumvent the Discovery Master's Order dated May 22,

20  2007.

21

22  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

23

24      Mattel has not agreed to produce documents in response to this request,

25  subject to its improper boilerplate objections.  Mattel has refused to confirm

26  whether or not it has produced all non-privileged responsive documents or whether

27  it is withholding documents based on its objections in Phase 2.  Under the Federal

28  Rules of Civil Procedure, "an objection to part of a request must specify the part

    - 64 -    

1   and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

2   that fail to explain the basis for an objection with specificity are routinely rejected

3   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

4   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

5   burdensome and harassing' are improper – especially when a party fails to submit

6   any evidentiary declarations supporting such objections").  Accordingly, Mattel

7   must be compelled either to certify that it has produced all non-privileged

8   responsive documents or to produce all such documents by a date certain.

9        To the extent that Mattel is relying on its blanket objections, they are not

10  sustainable and do not justify Mattel's failure to produce documents.

11       This request does not seek documents protected by the attorney-client

12  privilege, the attorney work product doctrine, or other applicable privileges.  To the

13  extent that Mattel contends that it does, Mattel must provide a privilege log.

14       As to overbreadth, Mattel provides no explanation, let alone the required

15  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

16  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

17  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

18  contrary, the request is narrowly tailored to seek all documents and

19  communications related to any communications given by Mattel to its retail

20  merchandisers, contractors and employees with regard to the conception, design, or

21  marketing of any BRATZ product.

22       As to burden, Mattel has not attempted to demonstrate why responding to

23  this request and/or producing responsive documents presents any burden.  This

24  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

25  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

26  request is unduly burdensome must allege specific facts which indicate the nature

27  and extent of the burden, usually by affidavit or other reliable evidence.")

28  Moreover, it is not unduly burdensome, as noted above, in that the request is

                              - 65 -

1    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

2    has engaged in a broad variety of unfair trade practices including serial copying of

3    MGA products.  MGA is entitled to discovery on these claims.

4         Mattel cites to the May 22, 2007 order, but that order is inapposite to this

5    request, which is much narrower than those considered irrelevant and/or improper

6    by the court.  Specifically, the request is narrowly tailored to communications given

7    by Mattel to third parties regarding BRATZ products.

8         As for relevancy, Mattel has not attempted to demonstrate why responding to

9    this request and/or producing responsive documents is irrelevant to the present

10   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

11   MGA products, packaging, themes and advertising among other unfair competition

12   and trade practices such as attempting to unfairly influence third parties in order to

13   preserve Mattel's market share rankings in the critical fashion doll category.  A

14   request to seek documents/communications as described above is therefore relevant

15   to this action.

16        Mattel objects that the request contains confidential, proprietary, and trade

17   secret information.  A Protective Order exists in this case, obviating any concern as

18   to protection of privacy rights and/or commercially sensitive information.

19        None of Mattel's improper objections are valid and Mattel is obligated to

20   produce all non-privileged responsive documents in its possession, custody, or

21   control.

22

23   **REQUEST FOR PRODUCTION NO. 603**

24        All DOCUMENTS and COMMUNICATIONS REFERRING OR

25   RELATING TO COMMUNICATIONS between Erica Ashbrook and anyone at

26   MATTEL regarding any BRATZ product or MGA's business at Wal-Mart.

27

28

**RESPONSE TO REQUEST NO. 603:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to the extent the Request seeks documents already produced by Mattel.  Such documents will not be produced again.  Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

- 67 -

1   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

2   burdensome and harassing' are improper – especially when a party fails to submit

3   any evidentiary declarations supporting such objections").  Accordingly, Mattel

4   must be compelled either to certify that it has produced all non-privileged

5   responsive documents or to produce all such documents by a date certain.

6         To the extent that Mattel is relying on its blanket objections, they are not

7   sustainable and do not justify Mattel's failure to produce documents.

8         This request does not seek documents protected by the attorney-client

9   privilege, the attorney work product doctrine, or other applicable privileges.  To the

10  extent that Mattel contends that it does, Mattel must provide a privilege log.

11        As to overbreadth, Mattel provides no explanation, let alone the required

12  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

13  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

14  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

15  contrary, the request is narrowly tailored to seek all documents and

16  communications related to communications between Mattel employee Erica

17  Ashbrook and anyone at Mattel regarding any BRATZ product or MGA's business

18  at Wal-Mart.

19        As to burden, Mattel has not attempted to demonstrate why responding to

20  this request and/or producing responsive documents presents any burden.  This

21  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

22  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23  request is unduly burdensome must allege specific facts which indicate the nature

24  and extent of the burden, usually by affidavit or other reliable evidence.")

25  Moreover, it is not unduly burdensome, as noted above, in that the request is

26  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

27  has engaged in a broad variety of unfair trade practices including serial copying of

28  MGA products.  MGA is entitled to discovery on these claims.

1    Mattel cites to the May 22, 2007 order, but that order is inapposite to this

2    request, which is much narrower than those considered irrelevant and/or improper

3    by the court.  Specifically, the request is narrowly tailored to communications

4    between Erica Ashbrook and anyone at Mattel regarding any BRATZ product or

5    MGA's business at Wal-Mart.

6    As for relevancy, Mattel has not attempted to demonstrate why responding to

7    this request and/or producing responsive documents is irrelevant to the present

8    action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

9    MGA products, packaging, themes and advertising among other unfair competition

10   and trade practices such as attempting to unfairly influence third parties in order to

11   preserve Mattel's market share rankings in the critical fashion doll category.  A

12   request to seek documents/communications as described above is therefore relevant

13   to this action.

14   Mattel objects that the request contains confidential, proprietary, and trade

15   secret information.  A Protective Order exists in this case, obviating any concern as

16   to protection of privacy rights and/or commercially sensitive information.

17   None of Mattel's improper objections are valid and Mattel is obligated to

18   produce all non-privileged responsive documents in its possession, custody, or

19   control.

20

21   **REQUEST FOR PRODUCTION NO. 611:**

22   All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

23   RELATING TO the origins or sources of inspiration of POLLY POCKET,

24   including, without limitation, the purpose for which POLLY POCKET were

25   created.

26   **RESPONSE TO REQUEST NO. 611:**

27   In addition to the general objections stated above which are incorporated

28   herein by reference, Mattel objects to this Request on the grounds that it is

overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Orders of April 19, 2007, and May 22, 2007.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

1    To the extent that Mattel is relying on its blanket objections, they are not

2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required

4    particularity, as to **why** this request is supposedly overly broad, nor can it do so.

5    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7    contrary, the request is narrowly tailored to seek documents concerning the origin

8    and sources of inspiration of POLLY POCKET naturally limiting the request to the

9    time around when the particular line of product was created.

10    As to burden, Mattel has not attempted to demonstrate why responding to

11    this request and/or producing responsive documents presents any burden.  This

12    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

13    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14    request is unduly burdensome must allege specific facts which indicate the nature

15    and extent of the burden, usually by affidavit or other reliable evidence.")

16    Moreover, it is not unduly burdensome, as noted above, in that the request is

17    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

18    has engaged in a broad variety of unfair trade practices including serial copying of

19    MGA products.  MGA is entitled to discovery on these claims.

20    This request does not seek documents protected by the attorney-client

21    privilege, the attorney work product doctrine, or other applicable privileges.  To the

22    extent that Mattel contends that it does, Mattel must provide a privilege log.

23    Mattel cites to the May 22, 2007 order, but that order is inapposite to this

24    request, which is much narrower than those considered irrelevant and/or improper

25    by the court.  Specifically, the request is narrowly tailored to documents regarding a

26    particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

27    2007 order, but that order is also inapposite to this request, which is much narrower

28    than those considered irrelevant and/or improper by the court.  Specifically, the

1    request is narrowly tailored to documents regarding the origin and source of

2    inspiration of POLLY POCKET.

3         As for relevancy, Mattel has not attempted to demonstrate why responding to

4    this request and/or producing responsive documents is irrelevant to the present

5    action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

6    MGA products, packaging, themes and advertising.  POLLY POCKET is an

7    example of one such product line.  A request seeking the origin and source of

8    inspiration behind its creation is therefore relevant to this action and MGA's claim.

9         Mattel objects that the request contains confidential, proprietary, and trade

10   secret information.  A Protective Order exists in this case, obviating any concern as

11   to protection of privacy rights and/or commercially sensitive information.

12        None of Mattel's improper objections are valid and Mattel is obligated to

13   produce all non-privileged responsive documents in its possession, custody, or

14   control.

15

16   **REQUEST FOR PRODUCTION NO. 612**

17        All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

18   RELATING TO MATTEL's initial design and development of POLLY POCKET,

19   including but not limited to design drawings, sculpts, internal memos, MARKET

20   RESEARCH, and approval memo.

21        **RESPONSE TO REQUEST NO. 612:**

22        In addition to the general objections stated above which are incorporated

23   herein by reference, Mattel objects to this Request on the grounds that it is

24   overbroad and unduly burdensome, including in that it seeks all documents on this

25   subject without limitation as to time, and regardless of whether such documents

26   relate to products or matters at issue in this case.  Mattel further objects to the

27   Request on the grounds that it seeks documents that are not relevant to this action

28   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

1   this Request on the grounds that it seeks confidential, proprietary and trade secret

2   information, including such information that has no bearing on the claims or

3   defenses in this action.  Mattel further objects to this Request on the grounds that it

4   calls for the disclosure of information subject to the attorney-client privilege, the

5   attorney work-product doctrine and other applicable privileges.  Mattel further

6   objects on the ground that this Request seeks to circumvent the Discovery Master's

7   Orders of April 19, 2007, and May 22, 2007.

8

9       **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
        SHOULD BE COMPELLED**

10

11      Mattel has not agreed to produce documents in response to this request,

12  subject to its improper boilerplate objections.  Mattel has refused to confirm

13  whether or not it has produced all non-privileged responsive documents or whether

14  it is withholding documents based on its objections in Phase 2.  Under the Federal

15  Rules of Civil Procedure, "an objection to part of a request must specify the part

16  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

17  that fail to explain the basis for an objection with specificity are routinely rejected

18  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

19  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

20  burdensome and harassing' are improper – especially when a party fails to submit

21  any evidentiary declarations supporting such objections").  Accordingly, Mattel

22  must be compelled either to certify that it has produced all non-privileged

23  responsive documents or to produce all such documents by a date certain.

24      To the extent that Mattel is relying on its blanket objections, they are not

25  sustainable and do not justify Mattel's failure to produce documents.

26      As to overbreadth, Mattel provides no explanation, let alone the required

27  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

28  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

1   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2   contrary, the request is narrowly tailored to seek documents concerning Mattel's

3   initial design and development of POLLY POCKET.

4        As to burden, Mattel has not attempted to demonstrate why responding to

5   this request and/or producing responsive documents presents any burden.  This

6   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8   request is unduly burdensome must allege specific facts which indicate the nature

9   and extent of the burden, usually by affidavit or other reliable evidence.")

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

12  has engaged in a broad variety of unfair trade practices including serial copying of

13  MGA products.  MGA is entitled to discovery on these claims.

14       This request does not seek documents protected by the attorney-client

15  privilege, the attorney work product doctrine, or other applicable privileges.  To the

16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17       Mattel cites to the May 22, 2007 order, but that order is inapposite to this

18  request, which is much narrower than those considered irrelevant and/or improper

19  by the court.  Specifically, the request is narrowly tailored to documents regarding a

20  particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

21  2007 order, but that order is also inapposite to this request, which is much narrower

22  than those considered irrelevant and/or improper by the court.  Specifically, the

23  request is narrowly tailored to documents regarding the initial design and

24  development of POLLY POCKET.

25       As for relevancy, Mattel has not attempted to demonstrate why responding to

26  this request and/or producing responsive documents is irrelevant to the present

27  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

28  MGA products, packaging, themes and advertising.  POLLY POCKET is an

1   example of one such product line.  A request seeking documents related to its initial

2   design and development is therefore relevant to this action and MGA's claim.

3        Mattel objects that the request contains confidential, proprietary, and trade

4   secret information.  A Protective Order exists in this case, obviating any concern as

5   to protection of privacy rights and/or commercially sensitive information.

6        None of Mattel's improper objections are valid and Mattel is obligated to

7   produce all non-privileged responsive documents in its possession, custody, or

8   control.

9

10  **REQUEST FOR PRODUCTION NO. 613**

11       All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

12  RELATING TO consideration being given to changing the appearance of POLLY

13  POCKET, including but not limited to DOCUMENTS REFERRING TO OR

14  RELATING TO sculpts, face paint and eye design.

15       **RESPONSE TO REQUEST NO. 613:**

16       In addition to the general objections stated above which are incorporated

17  herein by reference, Mattel objects to this Request on the grounds that it is

18  overbroad and unduly burdensome, including in that it seeks all documents on this

19  subject without limitation as to time, and regardless of whether such documents

20  relate to products or matters at issue in this case.  Mattel further objects to the

21  Request on the grounds that it seeks documents that are not relevant to this action

22  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

23  this Request on the grounds that it seeks confidential, proprietary and trade secret

24  information, including such information that has no bearing on the claims or

25  defenses in this action.  Mattel further objects to this Request on the grounds that it

26  calls for the disclosure of information subject to the attorney-client privilege, the

27  attorney work-product doctrine and other applicable privileges.  Mattel further

28

1   objects on the ground that this Request seeks to circumvent the Discovery Master's

2   Orders of April 19, 2007, and May 22, 2007.

3

4   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

5

6       Mattel has not agreed to produce documents in response to this request,

7   subject to its improper boilerplate objections.  Mattel has refused to confirm

8   whether or not it has produced all non-privileged responsive documents or whether

9   it is withholding documents based on its objections in Phase 2.  Under the Federal

10  Rules of Civil Procedure, "an objection to part of a request must specify the part

11  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

12  that fail to explain the basis for an objection with specificity are routinely rejected

13  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

14  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

15  burdensome and harassing' are improper – especially when a party fails to submit

16  any evidentiary declarations supporting such objections").  Accordingly, Mattel

17  must be compelled either to certify that it has produced all non-privileged

18  responsive documents or to produce all such documents by a date certain.

19      To the extent that Mattel is relying on its blanket objections, they are not

20  sustainable and do not justify Mattel's failure to produce documents.

21      As to overbreadth, Mattel provides no explanation, let alone the required

22  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

23  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

24  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

25  contrary, the request is narrowly tailored to seek documents and communications

26  that make reference to any consideration being given to changing the appearance of

27  POLLY POCKET.

28      As to burden, Mattel has not attempted to demonstrate why responding to

- 76 -

1   this request and/or producing responsive documents presents any burden.  This

2   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

3   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

4   request is unduly burdensome must allege specific facts which indicate the nature

5   and extent of the burden, usually by affidavit or other reliable evidence.")

6   Moreover, it is not unduly burdensome, as noted above, in that the request is

7   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

8   has engaged in a broad variety of unfair trade practices including serial copying of

9   MGA products.  MGA is entitled to discovery on these claims.

10          This request does not seek documents protected by the attorney-client

11   privilege, the attorney work product doctrine, or other applicable privileges.  To the

12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13          Mattel cites to the May 22, 2007 order, but that order is inapposite to this

14   request, which is much narrower than those considered irrelevant and/or improper

15   by the court.  Specifically, the request is narrowly tailored to documents regarding a

16   particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

17   2007 order, but that order is also inapposite to this request, which is much narrower

18   than those considered irrelevant and/or improper by the court.  Specifically, the

19   request is narrowly tailored to documents regarding the changing appearance of

20   POLLY POCKET.

21          As for relevancy, Mattel has not attempted to demonstrate why responding to

22   this request and/or producing responsive documents is irrelevant to the present

23   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

24   MGA products, packaging, themes and advertising.  POLLY POCKET is an

25   example of one such product line.  A request seeking documents related to whether

26   any consideration was given to changing its appearance (such as sculpts, face, eye

27   design etc.) is therefore relevant to this action and MGA's claim.

28          Mattel objects that the request contains confidential, proprietary, and trade

1   secret information.  A Protective Order exists in this case, obviating any concern as

2   to protection of privacy rights and/or commercially sensitive information.

3       None of Mattel's improper objections are valid and Mattel is obligated to

4   produce all non-privileged responsive documents in its possession, custody, or

5   control.

6

7   **<u>REQUEST FOR PRODUCTION NO. 614</u>**

8       Photographs or pictures sufficient to illustrate every variation or version of

9   POLLY POCKET ever released as a commercial product, including without

10  limitation, any variation in face paint, face paint plans or designs, eye designs,

11  drafts, ideas or concepts.

12      **<u>RESPONSE TO REQUEST NO. 614:</u>**

13      In addition to the general objections stated above which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is

15  overbroad and unduly burdensome, including in that it seeks all documents on this

16  subject without limitation as to time, and regardless of whether such documents

17  relate to products or matters at issue in this case.  Mattel further objects to the

18  Request on the grounds that it seeks documents that are not relevant to this action

19  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

20  this Request on the grounds that it seeks confidential, proprietary and trade secret

21  information, including such information that has no bearing on the claims or

22  defenses in this action.  Mattel further objects to this Request on the grounds that it

23  calls for the disclosure of information subject to the attorney-client privilege, the

24  attorney work-product doctrine and other applicable privileges.  Mattel further

25  objects on the ground that this Request seeks to circumvent the Discovery Master's

26  Orders of April 19, 2007, and May 22, 2007.

27

28

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request,
subject to its improper boilerplate objections.  Mattel has refused to confirm
whether or not it has produced all non-privileged responsive documents or whether
it is withholding documents based on its objections in Phase 2.  Under the Federal
Rules of Civil Procedure, "an objection to part of a request must specify the part
and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections
that fail to explain the basis for an objection with specificity are routinely rejected
in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,
188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly
burdensome and harassing' are improper – especially when a party fails to submit
any evidentiary declarations supporting such objections").  Accordingly, Mattel
must be compelled either to certify that it has produced all non-privileged
responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not
sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required
particularity, as to *why* this request is supposedly overly broad, nor can it do so.
This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
(overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
contrary, the request is narrowly tailored to seek pictures/illustrations that
sufficiently identify every variation or version of the POLLY POCKET product
that Mattel released.

As to burden, Mattel has not attempted to demonstrate why responding to
this request and/or producing responsive documents presents any burden.  This
objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1    request is unduly burdensome must allege specific facts which indicate the nature

2    and extent of the burden, usually by affidavit or other reliable evidence.")

3    Moreover, it is not unduly burdensome, as noted above, in that the request is

4    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

5    has engaged in a broad variety of unfair trade practices including serial copying of

6    MGA products.  MGA is entitled to discovery on these claims.

7         This request does not seek documents protected by the attorney-client

8    privilege, the attorney work product doctrine, or other applicable privileges.  To the

9    extent that Mattel contends that it does, Mattel must provide a privilege log.

10        Mattel cites to the May 22, 2007 order, but that order is inapposite to this

11   request, which is much narrower than those considered irrelevant and/or improper

12   by the court.  Specifically, the request is narrowly tailored to documents regarding a

13   particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

14   2007 order, but that order is also inapposite to this request, which is much narrower

15   than those considered irrelevant and/or improper by the court.  Specifically, the

16   request is narrowly tailored to documents sufficient to illustrate every variation or

17   version of POLLY POCKET that was released as a commercial product.

18        As for relevancy, Mattel has not attempted to demonstrate why responding to

19   this request and/or producing responsive documents is irrelevant to the present

20   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

21   MGA products, packaging, themes and advertising.  POLLY POCKET is an

22   example of one such product line.  A request seeking pictures/illustrations that

23   sufficiently identify the variations in the commercially released versions of POLLY

24   POCKET is therefore relevant to this action and MGA's claim.

25        Mattel objects that the request contains confidential, proprietary, and trade

26   secret information.  A Protective Order exists in this case, obviating any concern as

27   to protection of privacy rights and/or commercially sensitive information.

28        None of Mattel's improper objections are valid and Mattel is obligated to

- 80 -          SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
                                              9049, SET SEVEN; CV 04-9049 SGL (RNBx)

1    produce all non-privileged responsive documents in its possession, custody, or

2    control.

3

4    **REQUEST FOR PRODUCTION NO. 615**

5         Photographs or pictures sufficient to illustrate every variation or version of

6    POLLY POCKET considered by YOU but never released as a commercial product,

7    including without limitation, face paint, face paint plans or designs, eye designs,

8    drafts, ideas or concepts.

9         **RESPONSE TO REQUEST NO. 615:**

10        In addition to the general objections stated above which are incorporated

11   herein by reference, Mattel objects to this Request on the grounds that it is

12   overbroad and unduly burdensome, including in that it seeks all documents on this

13   subject without limitation as to time, and regardless of whether such documents

14   relate to products or matters at issue in this case.  Mattel further objects to the

15   Request on the grounds that it seeks documents that are not relevant to this action

16   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

17   this Request on the grounds that it seeks confidential, proprietary and trade secret

18   information, including such information that has no bearing on the claims or

19   defenses in this action.  Mattel further objects to this Request on the grounds that it

20   calls for the disclosure of information subject to the attorney-client privilege, the

21   attorney work-product doctrine and other applicable privileges.  Mattel further

22   objects on the ground that this Request seeks to circumvent the Discovery Master's

23   Orders of April 19, 2007, and May 22, 2007.

24

25        **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

26

27        Mattel has not agreed to produce documents in response to this request,

28   subject to its improper boilerplate objections.  Mattel has refused to confirm

- 81 -

1   whether or not it has produced all non-privileged responsive documents or whether

2   it is withholding documents based on its objections in Phase 2.  Under the Federal

3   Rules of Civil Procedure, "an objection to part of a request must specify the part

4   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

5   that fail to explain the basis for an objection with specificity are routinely rejected

6   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

7   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

8   burdensome and harassing' are improper – especially when a party fails to submit

9   any evidentiary declarations supporting such objections").  Accordingly, Mattel

10   must be compelled either to certify that it has produced all non-privileged

11   responsive documents or to produce all such documents by a date certain.

12        To the extent that Mattel is relying on its blanket objections, they are not

13   sustainable and do not justify Mattel's failure to produce documents.

14        As to overbreadth, Mattel provides no explanation, let alone the required

15   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

16   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

17   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

18   contrary, the request is narrowly tailored to seek pictures/illustrations that

19   sufficiently identify every variation or version of the POLLY POCKET product

20   that Mattel considered but never released.

21        As to burden, Mattel has not attempted to demonstrate why responding to

22   this request and/or producing responsive documents presents any burden.  This

23   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

24   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

25   request is unduly burdensome must allege specific facts which indicate the nature

26   and extent of the burden, usually by affidavit or other reliable evidence.")

27   Moreover, it is not unduly burdensome, as noted above, in that the request is

28   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

1   has engaged in a broad variety of unfair trade practices including serial copying of

2   MGA products.  MGA is entitled to discovery on these claims.

3       This request does not seek documents protected by the attorney-client

4   privilege, the attorney work product doctrine, or other applicable privileges.  To the

5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6       Mattel cites to the May 22, 2007 order, but that order is inapposite to this

7   request, which is much narrower than those considered irrelevant and/or improper

8   by the court.  Specifically, the request is narrowly tailored to documents regarding a

9   particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

10  2007 order, but that order is also inapposite to this request, which is much narrower

11  than those considered irrelevant and/or improper by the court.  Specifically, the

12  request is narrowly tailored to documents sufficient to illustrate every variation or

13  version of POLLY POCKET that was considered by Mattel but never released as a

14  commercial product.

15      As for relevancy, Mattel has not attempted to demonstrate why responding to

16  this request and/or producing responsive documents is irrelevant to the present

17  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

18  MGA products, packaging, themes and advertising.  POLLY POCKET is an

19  example of one such product line.  A request seeking pictures/illustrations that

20  sufficiently identify the variations in the non-released versions of POLLY

21  POCKET is relevant to gauge the progression of the development of this product

22  and therefore relevant to this action and MGA's claim.

23      Mattel objects that the request contains confidential, proprietary, and trade

24  secret information.  A Protective Order exists in this case, obviating any concern as

25  to protection of privacy rights and/or commercially sensitive information.

26      None of Mattel's improper objections are valid and Mattel is obligated to

27  produce all non-privileged responsive documents in its possession, custody, or

28  control.

**REQUEST FOR PRODUCTION NO. 616**

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO the design, development, themes, conception, or creation of the packaging or artwork of POLLY POCKET, including without limitation, the motivation, purpose or inspiration for the packaging or artwork.

**RESPONSE TO REQUEST NO. 616:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Orders of April 19, 2007, and May 22, 2007.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal

1    Rules of Civil Procedure, "an objection to part of a request must specify the part

2    and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections

3    that fail to explain the basis for an objection with specificity are routinely rejected

4    in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

5    188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

6    burdensome and harassing' are improper – especially when a party fails to submit

7    any evidentiary declarations supporting such objections"). Accordingly, Mattel

8    must be compelled either to certify that it has produced all non-privileged

9    responsive documents or to produce all such documents by a date certain.

10        To the extent that Mattel is relying on its blanket objections, they are not

11    sustainable and do not justify Mattel's failure to produce documents.

12        As to overbreadth, Mattel provides no explanation, let alone the required

13    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

14    This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

15    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

16    contrary, the request is narrowly tailored to seek documents referring to the design,

17    development, themes, conception, or creation of the packaging/artwork of the

18    POLLY POCKET line of goods sold or marketed by Mattel or others under license

19    by Mattel.

20        As to burden, Mattel has not attempted to demonstrate why responding to

21    this request and/or producing responsive documents presents any burden. This

22    objection must therefore be rejected. See Jackson v. Montgomery Ward & Co.,

23    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24    request is unduly burdensome must allege specific facts which indicate the nature

25    and extent of the burden, usually by affidavit or other reliable evidence.")

26    Moreover, it is not unduly burdensome, as noted above, in that the request is

27    narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

28    has engaged in a broad variety of unfair trade practices including serial copying of

1   MGA products.

2        This request does not seek documents protected by the attorney-client

3   privilege, the attorney work product doctrine, or other applicable privileges.  To the

4   extent that Mattel contends that it does, Mattel must provide a privilege log.

5        Mattel cites to the May 22, 2007 order, but that order is inapposite to this

6   request, which is much narrower than those considered irrelevant and/or improper

7   by the court.  Specifically, the request is narrowly tailored to documents regarding a

8   particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

9   2007 order, but that order is also inapposite to this request, which is much narrower

10  than those considered irrelevant and/or improper by the court.  Specifically, the

11  request is narrowly tailored to documents and communications relating to the

12  packaging or artwork of POLLY POCKET.

13       As to relevancy, Mattel has not attempted to demonstrate why the responsive

14  documents are irrelevant to the current action. On the contrary, MGA has alleged

15  that Mattel is engaged in copying of MGA products, packaging, themes and

16  advertising.  POLLY POCKET is an example of one such product line.  A request

17  for documents that relate to Mattel's design, development, conception, or creation

18  of the packaging/artwork of POLLY POCKET line of goods is therefore relevant to

19  this action and MGA's claim.

20       Mattel objects that the request contains confidential, proprietary, and trade

21  secret information.  A Protective Order exists in this case, obviating any concern as

22  to protection of privacy rights and/or commercially sensitive information.

23       None of Mattel's improper objections are valid and Mattel is obligated to

24  produce all non-privileged responsive documents in its possession, custody, or

25  control.

26

27  **REQUEST FOR PRODUCTION NO. 617**

28       All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

1   RELATING TO the development of the product design trade dress or packaging

2   trade dress of POLLY POCKET, including but not limited to the total image,

3   design and appearance of POLLY POCKET.

4   **RESPONSE TO REQUEST NO. 617:**

5   In addition to the general objections stated above which are incorporated

6   herein by reference, Mattel objects to this Request on the grounds that it is

7   overbroad and unduly burdensome, including in that it seeks all documents on this

8   subject without limitation as to time, and regardless of whether such documents

9   relate to products or matters at issue in this case.  Mattel further objects to the

10   Request on the grounds that it seeks documents that are not relevant to this action

11   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

12   this Request on the grounds that it seeks confidential, proprietary and trade secret

13   information, including such information that has no bearing on the claims or

14   defenses in this action.  Mattel further objects to this Request on the grounds that it

15   calls for the disclosure of information subject to the attorney-client privilege, the

16   attorney work-product doctrine and other applicable privileges.  Mattel further

17   objects on the ground that this Request seeks to circumvent the Discovery Master's

18   Orders of April 19, 2007, and May 22, 2007.

19

20   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**

21

22   Mattel has not agreed to produce documents in response to this request,

23   subject to its improper boilerplate objections.  Mattel has refused to confirm

24   whether or not it has produced all non-privileged responsive documents or whether

25   it is withholding documents based on its objections in Phase 2.  Under the Federal

26   Rules of Civil Procedure, "an objection to part of a request must specify the part

27   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

28   that fail to explain the basis for an objection with specificity are routinely rejected

1   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

2   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

3   burdensome and harassing' are improper – especially when a party fails to submit

4   any evidentiary declarations supporting such objections").  Accordingly, Mattel

5   must be compelled either to certify that it has produced all non-privileged

6   responsive documents or to produce all such documents by a date certain.

7       To the extent that Mattel is relying on its blanket objections, they are not

8   sustainable and do not justify Mattel's failure to produce documents.

9       As to overbreadth, Mattel provides no explanation, let alone the required

10  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

11  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13  contrary, the request is narrowly tailored to seek documents referring to the

14  development of the product or packaging trade dress of the POLLY POCKET line

15  of goods sold or marketed by Mattel or others under license by Mattel.

16      As to burden, Mattel has not attempted to demonstrate why responding to

17  this request and/or producing responsive documents presents any burden.  This

18  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

19  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20  request is unduly burdensome must allege specific facts which indicate the nature

21  and extent of the burden, usually by affidavit or other reliable evidence.")

22  Moreover, it is not unduly burdensome, as noted above, in that the request is

23  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

24  has engaged in a broad variety of unfair trade practices including serial copying of

25  MGA products.

26      This request does not seek documents protected by the attorney-client

27  privilege, the attorney work product doctrine, or other applicable privileges.  To the

28  extent that Mattel contends that it does, Mattel must provide a privilege log.

1    Mattel cites to the May 22, 2007 order, but that order is inapposite to this

2    request, which is much narrower than those considered irrelevant and/or improper

3    by the court.  Specifically, the request is narrowly tailored to documents regarding a

4    particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

5    2007 order, but that order is also inapposite to this request, which is much narrower

6    than those considered irrelevant and/or improper by the court.  Specifically, the

7    request is narrowly tailored to documents related to the development of the product

8    trade dress or packaging trade dress of POLLY POCKET.

9    As to relevancy, Mattel has not attempted to demonstrate why the responsive

10   documents are irrelevant to the current action.  On the contrary, MGA has alleged

11   that Mattel is engaged in copying of MGA products, packaging, themes and

12   advertising.  POLLY POCKET is an example of one such product line.  A request

13   for documents that relate to Mattel's development of the product design trade dress

14   or packaging trade dress of POLLY POCKET line of goods is therefore relevant to

15   this action and MGA's claim.

16   Mattel objects that the request contains confidential, proprietary, and trade

17   secret information.  A Protective Order exists in this case, obviating any concern as

18   to protection of privacy rights and/or commercially sensitive information.

19   None of Mattel's improper objections are valid and Mattel is obligated to

20   produce all non-privileged responsive documents in its possession, custody, or

21   control.

22

23   **<u>REQUEST FOR PRODUCTION NO. 618</u>**

24   DOCUMENTS sufficient to show any position MATTEL has taken with

25   respect to its claimed trade dress in connection with POLLY POCKET, including

26   but not limited to internal COMMUNICATIONS, COMMUNICATIONS with

27   third parties, trademark applications and related DOCUMENTS, filings in judicial

28   proceedings, and regulatory filings.

**RESPONSE TO REQUEST NO. 618:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Orders of April 19, 2007, and May 22, 2007.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit

- 90 -

1    any evidentiary declarations supporting such objections").  Accordingly, Mattel

2    must be compelled either to certify that it has produced all non-privileged

3    responsive documents or to produce all such documents by a date certain.

4         To the extent that Mattel is relying on its blanket objections, they are not

5    sustainable and do not justify Mattel's failure to produce documents.

6         As to overbreadth, Mattel provides no explanation, let alone the required

7    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10   contrary, the request is narrowly tailored to seek documents sufficient to show any

11   position (such as in communications with third parties, filings, trademark

12   applications, etc.) that Mattel has taken with respect to its claimed trade dress in

13   connection with the POLLY POCKET line of goods sold or marketed by Mattel or

14   others under license by Mattel.

15        As to burden, Mattel has not attempted to demonstrate why responding to

16   this request and/or producing responsive documents presents any burden.  This

17   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19   request is unduly burdensome must allege specific facts which indicate the nature

20   and extent of the burden, usually by affidavit or other reliable evidence.")

21   Moreover, it is not unduly burdensome, as noted above, in that the request is

22   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23   has engaged in a broad variety of unfair trade practices including serial copying of

24   MGA products.

25        This request does not seek documents protected by the attorney-client

26   privilege, the attorney work product doctrine, or other applicable privileges.  To the

27   extent that Mattel contends that it does, Mattel must provide a privilege log.

28        Mattel cites to the May 22, 2007 order, but that order is inapposite to this

1    request, which is much narrower than those considered irrelevant and/or improper

2    by the court.  Specifically, the request is narrowly tailored to documents regarding a

3    particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

4    2007 order, but that order is also inapposite to this request, which is much narrower

5    than those considered irrelevant and/or improper by the court.  Specifically, the

6    request is narrowly tailored to documents sufficient to show any position that

7    Mattel has taken with respect to its claimed trade dress in connection with POLLY

8    POCKET.

9        As to relevancy, Mattel has not attempted to demonstrate why the responsive

10   documents are irrelevant to the current action.  On the contrary, MGA has alleged

11   that Mattel is engaged in copying of MGA products, packaging, themes and

12   advertising.  POLLY POCKET is an example of one such product line.  A request

13   for documents that relate to Mattel's position with respect to its claimed trade dress

14   in connection with the POLLY POCKET line of goods is therefore relevant to this

15   action and MGA's claim.

16       Mattel objects that the request contains confidential, proprietary, and trade

17   secret information.  A Protective Order exists in this case, obviating any concern as

18   to protection of privacy rights and/or commercially sensitive information.

19       None of Mattel's improper objections are valid and Mattel is obligated to

20   produce all non-privileged responsive documents in its possession, custody, or

21   control.

22

23   **REQUEST FOR PRODUCTION NO. 619**

24       All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

25   RELATING TO any MARKET RESEARCH, projections or plans pertaining to the

26   release of POLLY POCKET to the market.

27

28

**<u>RESPONSE TO REQUEST NO. 619:</u>**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Orders of April 19, 2007, and May 22, 2007.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit

- 93 -

1    any evidentiary declarations supporting such objections").  Accordingly, Mattel

2    must be compelled either to certify that it has produced all non-privileged

3    responsive documents or to produce all such documents by a date certain.

4         To the extent that Mattel is relying on its blanket objections, they are not

5    sustainable and do not justify Mattel's failure to produce documents.

6         As to overbreadth, Mattel provides no explanation, let alone the required

7    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10   contrary, the request is narrowly tailored to seek documents referring to any market

11   research, projection or plans associated with the release of the POLLY POCKET

12   line of goods sold or marketed by Mattel or others under license by Mattel.

13        As to burden, Mattel has not attempted to demonstrate why responding to

14   this request and/or producing responsive documents presents any burden.  This

15   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

16   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17   request is unduly burdensome must allege specific facts which indicate the nature

18   and extent of the burden, usually by affidavit or other reliable evidence.")

19   Moreover, it is not unduly burdensome, as noted above, in that the request is

20   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

21   has engaged in a broad variety of unfair trade practices including serial copying of

22   MGA products.

23        This request does not seek documents protected by the attorney-client

24   privilege, the attorney work product doctrine, or other applicable privileges.  To the

25   extent that Mattel contends that it does, Mattel must provide a privilege log.

26        Mattel cites to the May 22, 2007 order, but that order is inapposite to this

27   request, which is much narrower than those considered irrelevant and/or improper

28   by the court.  Specifically, the request is narrowly tailored to documents regarding a

1   particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

2   2007 order, but that order is also inapposite to this request, which is much narrower

3   than those considered irrelevant and/or improper by the court.  Specifically, the

4   request is narrowly tailored to documents related to any market research,

5   projections of plans to the release of POLLY POCKET.

6        As to relevancy, Mattel has not attempted to demonstrate why the responsive

7   documents are irrelevant to the current action.  On the contrary, MGA has alleged

8   that Mattel is engaged in copying of MGA products, packaging, themes and

9   advertising.  POLLY POCKET is an example of one such product line.  A request

10  for documents referring to any market research, projection or plans associated with

11  the release of the POLLY POCKET is therefore relevant to this action and MGA's

12  claim.

13       Mattel objects that the request contains confidential, proprietary, and trade

14  secret information.  A Protective Order exists in this case, obviating any concern as

15  to protection of privacy rights and/or commercially sensitive information.

16       None of Mattel's improper objections are valid and Mattel is obligated to

17  produce all non-privileged responsive documents in its possession, custody, or

18  control.

19

20  **REQUEST FOR PRODUCTION NO. 620**

21       All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

22  RELATING TO any BRATZ product or theme as an inspiration factor in the

23  development of any POLLY POCKET product.

24       **RESPONSE TO REQUEST NO. 620:**

25       In addition to the general objections stated above which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is

27  overbroad and unduly burdensome, including in that it seeks all documents on this

28  subject without limitation as to time, and regardless of whether such documents

1    relate to products or matters at issue in this case.  Mattel further objects to the

2    Request on the grounds that it seeks documents that are not relevant to this action

3    or likely to lead to the discovery of admissible evidence.  Mattel further objects to

4    this Request on the grounds that it seeks confidential, proprietary and trade secret

5    information, including such information that has no bearing on the claims or

6    defenses in this action.  Mattel further objects to this Request on the grounds that it

7    calls for the disclosure of information subject to the attorney-client privilege, the

8    attorney work-product doctrine and other applicable privileges.  Mattel further

9    objects on the ground that this Request seeks to circumvent the Discovery Master's

10   Orders of April 19, 2007, and May 22, 2007.

11

12          **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
13          SHOULD BE COMPELLED**

14          Mattel has not agreed to produce documents in response to this request,

15   subject to its improper boilerplate objections.  Mattel has refused to confirm

16   whether or not it has produced all non-privileged responsive documents or whether

17   it is withholding documents based on its objections in Phase 2.  Under the Federal

18   Rules of Civil Procedure, "an objection to part of a request must specify the part

19   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

20   that fail to explain the basis for an objection with specificity are routinely rejected

21   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

22   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

23   burdensome and harassing' are improper – especially when a party fails to submit

24   any evidentiary declarations supporting such objections").  Accordingly, Mattel

25   must be compelled either to certify that it has produced all non-privileged

26   responsive documents or to produce all such documents by a date certain.

27          To the extent that Mattel is relying on its blanket objections, they are not

28   sustainable and do not justify Mattel's failure to produce documents.

1    As to overbreadth, Mattel provides no explanation, let alone the required

2    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5    contrary, the request is narrowly tailored to seek documents referring to any

6    BRATZ product or theme as an inspiration factor in the development of the

7    POLLY POCKET line of goods sold or marketed by Mattel or others under license

8    by Mattel.

9    As to burden, Mattel has not attempted to demonstrate why responding to

10   this request and/or producing responsive documents presents any burden.  This

11   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

12   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

13   request is unduly burdensome must allege specific facts which indicate the nature

14   and extent of the burden, usually by affidavit or other reliable evidence.")

15   Moreover, it is not unduly burdensome, as noted above, in that the request is

16   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

17   has engaged in a broad variety of unfair trade practices including serial copying of

18   MGA products.

19   This request does not seek documents protected by the attorney-client

20   privilege, the attorney work product doctrine, or other applicable privileges.  To the

21   extent that Mattel contends that it does, Mattel must provide a privilege log.

22   Mattel cites to the May 22, 2007 order, but that order is inapposite to this

23   request, which is much narrower than those considered irrelevant and/or improper

24   by the court.  Specifically, the request is narrowly tailored to documents regarding a

25   particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

26   2007 order, but that order is also inapposite to this request, which is much narrower

27   than those considered irrelevant and/or improper by the court.  Specifically, the

28   request is narrowly tailored to documents related to any BRATZ product or theme

1   as inspiration factor in the development of any POLLY POCKET product.

2        As to relevancy, Mattel has not attempted to demonstrate why the responsive

3   documents are irrelevant to the current action.  On the contrary, MGA has alleged

4   that Mattel is engaged in copying of MGA products, packaging, themes and

5   advertising.  POLLY POCKET is an example of one such product line.  A request

6   for documents referring to any BRATZ product or theme that served as an

7   inspiration in the development of the POLLY POCKET line is therefore relevant to

8   this action and MGA's claim.

9        Mattel objects that the request contains confidential, proprietary, and trade

10   secret information.  A Protective Order exists in this case, obviating any concern as

11   to protection of privacy rights and/or commercially sensitive information.

12        None of Mattel's improper objections are valid and Mattel is obligated to

13   produce all non-privileged responsive documents in its possession, custody, or

14   control.

15

16   **REQUEST FOR PRODUCTION NO. 621**

17        All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

18   RELATING TO any similarity or dissimilarity between BRATZ and POLLY

19   POCKET packaging, including without limitation, advertising (including

20   commercials), color schemes, product display, shape, and style of packaging.

21   **RESPONSE TO REQUEST NO. 621:**

22        In addition to the general objections stated above which are incorporated

23   herein by reference, Mattel objects to this Request on the grounds that it is

24   overbroad and unduly burdensome, including in that it seeks all documents on this

25   subject without limitation as to time, and regardless of whether such documents

26   relate to products or matters at issue in this case.  Mattel further objects to the

27   Request on the grounds that it seeks documents that are not relevant to this action

28   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

- 98 -

1    this Request on the grounds that it seeks confidential, proprietary and trade secret

2    information, including such information that has no bearing on the claims or

3    defenses in this action.  Mattel further objects to this Request on the grounds that it

4    calls for the disclosure of information subject to the attorney-client privilege, the

5    attorney work-product doctrine and other applicable privileges.  Mattel further

6    objects on the ground that this Request seeks to circumvent the Discovery Master's

7    Orders of April 19, 2007, and May 22, 2007.

8

9        **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
         **SHOULD BE COMPELLED**
10

11       Mattel has not agreed to produce documents in response to this request,

12   subject to its improper boilerplate objections.  Mattel has refused to confirm

13   whether or not it has produced all non-privileged responsive documents or whether

14   it is withholding documents based on its objections in Phase 2.  Under the Federal

15   Rules of Civil Procedure, "an objection to part of a request must specify the part

16   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

17   that fail to explain the basis for an objection with specificity are routinely rejected

18   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

19   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

20   burdensome and harassing' are improper – especially when a party fails to submit

21   any evidentiary declarations supporting such objections").  Accordingly, Mattel

22   must be compelled either to certify that it has produced all non-privileged

23   responsive documents or to produce all such documents by a date certain.

24       To the extent that Mattel is relying on its blanket objections, they are not

25   sustainable and do not justify Mattel's failure to produce documents.

26       As to overbreadth, Mattel provides no explanation, let alone the required

27   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

28   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

1   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2   contrary, the request is narrowly tailored to seek documents that refer to any

3   similarity or dissimilarity in the packaging of MGA's BRATZ and Mattel's

4   POLLY POCKET's line of products.

5       As to burden, Mattel has not attempted to demonstrate why responding to

6   this request and/or producing responsive documents presents any burden.  This

7   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

8   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9   request is unduly burdensome must allege specific facts which indicate the nature

10  and extent of the burden, usually by affidavit or other reliable evidence.")

11  Moreover, it is not unduly burdensome, as noted above, in that the request is

12  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

13  has engaged in a broad variety of unfair trade practices including serial copying of

14  MGA products.

15      This request does not seek documents protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges.  To the

17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18      Mattel cites to the May 22, 2007 order, but that order is inapposite to this

19  request, which is much narrower than those considered irrelevant and/or improper

20  by the court.  Specifically, the request is narrowly tailored to documents regarding a

21  particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

22  2007 order, but that order is also inapposite to this request, which is much narrower

23  than those considered irrelevant and/or improper by the court.  Specifically, the

24  request is narrowly tailored to documents related to any similarity or dissimilarity

25  between the BRATZ and POLLY POCKET packaging.

26      As to relevancy, Mattel has not attempted to demonstrate why the responsive

27  documents are irrelevant to the current action.  On the contrary, MGA has alleged

28  that Mattel is engaged in copying of MGA products, packaging, themes and

advertising.  POLLY POCKET is an example of one such product line.  A request for documents that refer to any similarity or dissimilarity in packaging between MGA's BRATZ and Mattel's POLLY POCKET line of products is therefore relevant to this action and MGA's claim.

Mattel objects that the request contains confidential, proprietary, and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 622

All DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO any similarity or dissimilarity between BRATZ and POLLY POCKET, including without limitation, themes, accessories, clothing and shoes.

### RESPONSE TO REQUEST NO. 622:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further

1    objects on the ground that this Request seeks to circumvent the Discovery Master's

2    Orders of April 19, 2007, and May 22, 2007.

3

4         **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
         SHOULD BE COMPELLED**

5

6         Mattel has not agreed to produce documents in response to this request,

7    subject to its improper boilerplate objections.  Mattel has refused to confirm

8    whether or not it has produced all non-privileged responsive documents or whether

9    it is withholding documents based on its objections in Phase 2.  Under the Federal

10   Rules of Civil Procedure, "an objection to part of a request must specify the part

11   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

12   that fail to explain the basis for an objection with specificity are routinely rejected

13   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

14   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

15   burdensome and harassing' are improper – especially when a party fails to submit

16   any evidentiary declarations supporting such objections").  Accordingly, Mattel

17   must be compelled either to certify that it has produced all non-privileged

18   responsive documents or to produce all such documents by a date certain.

19        To the extent that Mattel is relying on its blanket objections, they are not

20   sustainable and do not justify Mattel's failure to produce documents.

21        As to overbreadth, Mattel provides no explanation, let alone the required

22   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

23   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

24   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

25   contrary, the request is narrowly tailored to seek documents that refer to any

26   similarity or dissimilarity between MGA's BRATZ and Mattel's POLLY

27   POCKET's line of products with particular focus on themes, accessories, clothing

28   and shoes.

1    As to burden, Mattel has not attempted to demonstrate why responding to

2  this request and/or producing responsive documents presents any burden.  This

3  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.")

7  Moreover, it is not unduly burdensome, as noted above, in that the request is

8  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9  has engaged in a broad variety of unfair trade practices including serial copying of

10  MGA products.

11    This request does not seek documents protected by the attorney-client

12  privilege, the attorney work product doctrine, or other applicable privileges.  To the

13  extent that Mattel contends that it does, Mattel must provide a privilege log.

14    Mattel cites to the May 22, 2007 order, but that order is inapposite to this

15  request, which is much narrower than those considered irrelevant and/or improper

16  by the court.  Specifically, the request is narrowly tailored to documents regarding a

17  particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

18  2007 order, but that order is also inapposite to this request, which is much narrower

19  than those considered irrelevant and/or improper by the court.  Specifically, the

20  request is narrowly tailored to documents related to any similarity or dissimilarity

21  between the BRATZ and POLLY POCKET themes, accessories, clothing and

22  shoes.

23    As to relevancy, Mattel has not attempted to demonstrate why the responsive

24  documents are irrelevant to the current action.  On the contrary, MGA has alleged

25  that Mattel is engaged in copying of MGA products, packaging, themes and

26  advertising.  POLLY POCKET is an example of one such product line.  A request

27  for documents that refer to any similarity or dissimilarity between MGA's BRATZ

28  and Mattel's POLLY POCKET line of products is therefore relevant to this action

1   and MGA's claim.

2          Mattel objects that the request contains confidential, proprietary, and trade

3   secret information.  A Protective Order exists in this case, obviating any concern as

4   to protection of privacy rights and/or commercially sensitive information.

5          None of Mattel's improper objections are valid and Mattel is obligated to

6   produce all non-privileged responsive documents in its possession, custody, or

7   control.

8

9   **REQUEST FOR PRODUCTION NO. 623**

10         All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

11  RELATING TO any similarity or dissimilarity between BRATZ and POLLY

12  POCKET dolls, including without limitation, feet, hair, removable heads, face

13  paint, eye design, head size, body proportions, and any other physical attributes.

14         **RESPONSE TO REQUEST NO. 623:**

15         In addition to the general objections stated above which are incorporated

16  herein by reference, Mattel objects to this Request on the grounds that it is

17  overbroad and unduly burdensome, including in that it seeks all documents on this

18  subject without limitation as to time, and regardless of whether such documents

19  relate to products or matters at issue in this case.  Mattel further objects to the

20  Request on the grounds that it seeks documents that are not relevant to this action

21  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

22  this Request on the grounds that it seeks confidential, proprietary and trade secret

23  information, including such information that has no bearing on the claims or

24  defenses in this action.  Mattel further objects to this Request on the grounds that it

25  calls for the disclosure of information subject to the attorney-client privilege, the

26  attorney work-product doctrine and other applicable privileges.  Mattel further

27  objects on the ground that this Request seeks to circumvent the Discovery Master's

28  Orders of April 19, 2007, and May 22, 2007.

1

2    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**
3

4            Mattel has not agreed to produce documents in response to this request,

5    subject to its improper boilerplate objections.  Mattel has refused to confirm

6    whether or not it has produced all non-privileged responsive documents or whether

7    it is withholding documents based on its objections in Phase 2.  Under the Federal

8    Rules of Civil Procedure, "an objection to part of a request must specify the part

9    and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

10   that fail to explain the basis for an objection with specificity are routinely rejected

11   in the Central District.  See <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186,

12   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

13   burdensome and harassing' are improper – especially when a party fails to submit

14   any evidentiary declarations supporting such objections").  Accordingly, Mattel

15   must be compelled either to certify that it has produced all non-privileged

16   responsive documents or to produce all such documents by a date certain.

17           To the extent that Mattel is relying on its blanket objections, they are not

18   sustainable and do not justify Mattel's failure to produce documents.

19           As to overbreadth, Mattel provides no explanation, let alone the required

20   particularity, as to ***why*** this request is supposedly overly broad, nor can it do so.

21   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23   contrary, the request is narrowly tailored to seek documents that refer to any

24   similarity or dissimilarity between MGA's BRATZ and Mattel's POLLY

25   POCKET's dolls with particular focus on the dolls physical attributes.

26           As to burden, Mattel has not attempted to demonstrate why responding to

27   this request and/or producing responsive documents presents any burden.  This

28   objection must therefore be rejected.  See <u>Jackson v. Montgomery Ward & Co.,</u>

1   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2   request is unduly burdensome must allege specific facts which indicate the nature

3   and extent of the burden, usually by affidavit or other reliable evidence.")

4   Moreover, it is not unduly burdensome, as noted above, in that the request is

5   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

6   has engaged in a broad variety of unfair trade practices including serial copying of

7   MGA products.

8          This request does not seek documents protected by the attorney-client

9   privilege, the attorney work product doctrine, or other applicable privileges.  To the

10  extent that Mattel contends that it does, Mattel must provide a privilege log.

11         Mattel cites to the May 22, 2007 order, but that order is inapposite to this

12  request, which is much narrower than those considered irrelevant and/or improper

13  by the court.  Specifically, the request is narrowly tailored to documents regarding a

14  particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

15  2007 order, but that order is also inapposite to this request, which is much narrower

16  than those considered irrelevant and/or improper by the court.  Specifically, the

17  request is narrowly tailored to documents related to any similarity or dissimilarity

18  between the physical attributes of BRATZ and POLLY POCKET dolls.

19         As to relevancy, Mattel has not attempted to demonstrate why the responsive

20  documents are irrelevant to the current action.  On the contrary, MGA has alleged

21  that Mattel is engaged in copying of MGA products, packaging, themes and

22  advertising.  POLLY POCKET is an example of one such product line.  A request

23  for documents that refer to any similarity or dissimilarity in the physical attributes

24  of MGA's BRATZ and Mattel's POLLY POCKET dolls is therefore relevant to

25  this action and MGA's claim.

26         Mattel objects that the request contains confidential, proprietary, and trade

27  secret information.  A Protective Order exists in this case, obviating any concern as

28  to protection of privacy rights and/or commercially sensitive information.

1   None of Mattel's improper objections are valid and Mattel is obligated to

2   produce all non-privileged responsive documents in its possession, custody, or

3   control.

4

5   **REQUEST FOR PRODUCTION NO. 624**

6   All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

7   RELATING TO whether the appearance of POLLY POCKET copies, replicates, or

8   in any way imitates the appearance of BRATZ.

9   **RESPONSE TO REQUEST NO. 624:**

10   In addition to the general objections stated above which are incorporated

11   herein by reference, Mattel objects to this Request on the grounds that it is

12   overbroad and unduly burdensome, including in that it seeks all documents on this

13   subject without limitation as to time, and regardless of whether such documents

14   relate to products or matters at issue in this case.  Mattel further objects to the

15   Request on the grounds that it seeks documents that are not relevant to this action

16   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

17   this Request on the grounds that it seeks confidential, proprietary and trade secret

18   information, including such information that has no bearing on the claims or

19   defenses in this action.  Mattel further objects to this Request on the grounds that it

20   calls for the disclosure of information subject to the attorney-client privilege, the

21   attorney work-product doctrine and other applicable privileges.  Mattel further

22   objects on the ground that this Request seeks to circumvent the Discovery Master's

23   Orders of April 19, 2007, and May 22, 2007.

24

25   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

26

27   Mattel has not agreed to produce documents in response to this request,

28   subject to its improper boilerplate objections.  Mattel has refused to confirm

1   whether or not it has produced all non-privileged responsive documents or whether
2   it is withholding documents based on its objections in Phase 2.  Under the Federal
3   Rules of Civil Procedure, "an objection to part of a request must specify the part
4   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections
5   that fail to explain the basis for an objection with specificity are routinely rejected
6   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,
7   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly
8   burdensome and harassing' are improper – especially when a party fails to submit
9   any evidentiary declarations supporting such objections").  Accordingly, Mattel
10  must be compelled either to certify that it has produced all non-privileged
11  responsive documents or to produce all such documents by a date certain.

12      To the extent that Mattel is relying on its blanket objections, they are not
13  sustainable and do not justify Mattel's failure to produce documents.

14      As to overbreadth, Mattel provides no explanation, let alone the required
15  particularity, as to *why* this request is supposedly overly broad, nor can it do so.
16  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
17  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
18  contrary, the request is narrowly tailored to seek documents that refer to whether
19  Mattel's POLLY POCKET product line copies, replicates or imitates MGA's
20  BRATZ line.

21      As to burden, Mattel has not attempted to demonstrate why responding to
22  this request and/or producing responsive documents presents any burden.  This
23  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
24  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
25  request is unduly burdensome must allege specific facts which indicate the nature
26  and extent of the burden, usually by affidavit or other reliable evidence.")
27  Moreover, it is not unduly burdensome, as noted above, in that the request is
28  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

1   has engaged in a broad variety of unfair trade practices including serial copying of

2   MGA products.

3       This request does not seek documents protected by the attorney-client

4   privilege, the attorney work product doctrine, or other applicable privileges.  To the

5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6       Mattel cites to the May 22, 2007 order, but that order is inapposite to this

7   request, which is much narrower than those considered irrelevant and/or improper

8   by the court.  Specifically, the request is narrowly tailored to documents regarding a

9   particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

10  2007 order, but that order is also inapposite to this request, which is much narrower

11  than those considered irrelevant and/or improper by the court.  Specifically, the

12  request is narrowly tailored to documents related to whether the appearance of

13  POLLY POCKET copies, replicates or imitates that of BRATZ's.

14      As to relevancy, Mattel has not attempted to demonstrate why the responsive

15  documents are irrelevant to the current action.  On the contrary, MGA has alleged

16  that Mattel is engaged in copying of MGA products, packaging, themes and

17  advertising.  POLLY POCKET is an example of one such product line.  A request

18  for documents that refer to whether Mattel's POLLY POCKET product line copies,

19  replicates or imitates MGA's BRATZ line is therefore relevant to this action and

20  MGA's claim.

21      Mattel objects that the request contains confidential, proprietary, and trade

22  secret information.  A Protective Order exists in this case, obviating any concern as

23  to protection of privacy rights and/or commercially sensitive information.

24      None of Mattel's improper objections are valid and Mattel is obligated to

25  produce all non-privileged responsive documents in its possession, custody, or

26  control.

27

28

1  **REQUEST FOR PRODUCTION NO. 625**

2  All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

3  RELATING TO whether POLLY POCKET infringes or potentially infringes the

4  copyrights, trademarks, or trade dress of BRATZ.

5  **RESPONSE TO REQUEST NO. 625:**

6  In addition to the general objections stated above which are incorporated

7  herein by reference, Mattel objects to this Request on the grounds that it is

8  overbroad and unduly burdensome, including in that it seeks all documents on this

9  subject without limitation as to time, and regardless of whether such documents

10  relate to products or matters at issue in this case.  Mattel further objects to the

11  Request on the grounds that it seeks documents that are not relevant to this action

12  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

13  this Request on the grounds that it seeks confidential, proprietary and trade secret

14  information, including such information that has no bearing on the claims or

15  defenses in this action.  Mattel further objects to this Request on the grounds that it

16  calls for the disclosure of information subject to the attorney-client privilege, the

17  attorney work-product doctrine and other applicable privileges.  Mattel further

18  objects on the ground that this Request seeks to circumvent the Discovery Master's

19  Orders of April 19, 2007, and May 22, 2007.

20

21  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

22

23  Mattel has not agreed to produce documents in response to this request,

24  subject to its improper boilerplate objections.  Mattel has refused to confirm

25  whether or not it has produced all non-privileged responsive documents or whether

26  it is withholding documents based on its objections in Phase 2.  Under the Federal

27  Rules of Civil Procedure, "an objection to part of a request must specify the part

28  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

1    that fail to explain the basis for an objection with specificity are routinely rejected

2    in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

3    188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

4    burdensome and harassing' are improper – especially when a party fails to submit

5    any evidentiary declarations supporting such objections").  Accordingly, Mattel

6    must be compelled either to certify that it has produced all non-privileged

7    responsive documents or to produce all such documents by a date certain.

8         To the extent that Mattel is relying on its blanket objections, they are not

9    sustainable and do not justify Mattel's failure to produce documents.

10        As to overbreadth, Mattel provides no explanation, let alone the required

11   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

12   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

13   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14   contrary, the request is narrowly tailored to seek documents that refer to whether

15   Mattel's POLLY POCKET product line infringes or potentially infringes the

16   copyrights, trademarks, or trade dress of MGA's BRATZ line.

17        As to burden, Mattel has not attempted to demonstrate why responding to

18   this request and/or producing responsive documents presents any burden.  This

19   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

20   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21   request is unduly burdensome must allege specific facts which indicate the nature

22   and extent of the burden, usually by affidavit or other reliable evidence.")

23   Moreover, it is not unduly burdensome, as noted above, in that the request is

24   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

25   has engaged in a broad variety of unfair trade practices including serial copying of

26   MGA products.

27        This request does not seek documents protected by the attorney-client

28   privilege, the attorney work product doctrine, or other applicable privileges.  To the

1    extent that Mattel contends that it does, Mattel must provide a privilege log.

2          Mattel cites to the May 22, 2007 order, but that order is inapposite to this

3    request, which is much narrower than those considered irrelevant and/or improper

4    by the court.  Specifically, the request is narrowly tailored to documents regarding a

5    particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

6    2007 order, but that order is also inapposite to this request, which is much narrower

7    than those considered irrelevant and/or improper by the court.  Specifically, the

8    request is narrowly tailored to documents related to whether POLLY POCKET

9    infringes or potentially infringes the copyrights, trademarks, or trade dress of

10   BRATZ.

11         As to relevancy, Mattel has not attempted to demonstrate why the responsive

12   documents are irrelevant to the current action.  On the contrary, MGA has alleged

13   that Mattel is engaged in copying of MGA products, packaging, themes and

14   advertising.  POLLY POCKET is an example of one such product line.  A request

15   for documents that refer to whether Mattel's POLLY POCKET product line

16   infringes or potentially infringes the copyrights, trademarks, or trade dress of

17   MGA's BRATZ line is therefore relevant to this action and MGA's claim.

18         Mattel objects that the request contains confidential, proprietary, and trade

19   secret information.  A Protective Order exists in this case, obviating any concern as

20   to protection of privacy rights and/or commercially sensitive information.

21         None of Mattel's improper objections are valid and Mattel is obligated to

22   produce all non-privileged responsive documents in its possession, custody, or

23   control.

24

25   **REQUEST FOR PRODUCTION NO. 626**

26         All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

27   RELATING TO whether any CONTESTED MATTEL PRODUCT infringes or

28   potentially infringes the copyrights, trademarks, or trade dress of BRATZ.

1

**RESPONSE TO REQUEST NO. 626:**

2       In addition to the general objections stated above which are incorporated

3   herein by reference, Mattel objects to this Request on the grounds that it is

4   overbroad and unduly burdensome, including in that it seeks all documents on this

5   subject without limitation as to time, and regardless of whether such documents

6   relate to products or matters at issue in this case.  Mattel further objects to the

7   Request on the grounds that it seeks documents that are not relevant to this action

8   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

9   this Request on the grounds that it seeks confidential, proprietary and trade secret

10  information, including such information that has no bearing on the claims or

11  defenses in this action.  Mattel further objects to this Request on the grounds that it

12  calls for the disclosure of information subject to the attorney-client privilege, the

13  attorney work-product doctrine and other applicable privileges.

14

15      **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
        SHOULD BE COMPELLED**

16

17      Mattel has not agreed to produce documents in response to this request,

18  subject to its improper boilerplate objections.  Mattel has refused to confirm

19  whether or not it has produced all non-privileged responsive documents or whether

20  it is withholding documents based on its objections in Phase 2.  Under the Federal

21  Rules of Civil Procedure, "an objection to part of a request must specify the part

22  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

23  that fail to explain the basis for an objection with specificity are routinely rejected

24  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

25  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

26  burdensome and harassing' are improper – especially when a party fails to submit

27  any evidentiary declarations supporting such objections").  Accordingly, Mattel

28  must be compelled either to certify that it has produced all non-privileged

1    responsive documents or to produce all such documents by a date certain.

2         To the extent that Mattel is relying on its blanket objections, they are not

3    sustainable and do not justify Mattel's failure to produce documents.

4         As to overbreadth, Mattel provides no explanation, let alone the required

5    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

6    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

7    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

8    contrary, the request is narrowly tailored to seek documents that refer to whether

9    any CONTESTED MATTEL PRODUCT infringes or potentially infringes the

10   copyrights, trademarks, or trade dress of MGA's BRATZ line.

11        As to burden, Mattel has not attempted to demonstrate why responding to

12   this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

14   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.")

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19   has engaged in a broad variety of unfair trade practices including serial copying of

20   MGA products.

21        This request does not seek documents protected by the attorney-client

22   privilege, the attorney work product doctrine, or other applicable privileges.  To the

23   extent that Mattel contends that it does, Mattel must provide a privilege log.

24        As to relevancy, Mattel has not attempted to demonstrate why the responsive

25   documents are irrelevant to the current action.  On the contrary, MGA has alleged

26   that Mattel is engaged in copying of MGA products, packaging, themes and

27   advertising.  CONTESTED MATTEL PRODUCTS refer to all Mattel products at

28   issue in this action.  A request for documents that refer to whether CONTESTED

1   MATTEL PRODUCT infringes or potentially infringes the copyrights, trademarks,

2   or trade dress of MGA's BRATZ line is therefore relevant to this action and

3   MGA's claim.

4        Mattel objects that the request contains confidential, proprietary, and trade

5   secret information.  A Protective Order exists in this case, obviating any concern as

6   to protection of privacy rights and/or commercially sensitive information.

7        None of Mattel's improper objections are valid and Mattel is obligated to

8   produce all non-privileged responsive documents in its possession

9

10   **REQUEST FOR PRODUCTION NO. 627**

11        All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

12   RELATING TO actual or potential consumer confusion between any POLLY

13   POCKET product and any BRATZ product.

14        **RESPONSE TO REQUEST NO. 627:**

15        In addition to the general objections stated above which are incorporated

16   herein by reference, Mattel objects to this Request on the grounds that it is

17   overbroad and unduly burdensome, including in that it seeks all documents on this

18   subject without limitation as to time, and regardless of whether such documents

19   relate to products or matters at issue in this case.  Mattel further objects to the

20   Request on the grounds that it seeks documents that are not relevant to this action

21   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

22   this Request on the grounds that it seeks confidential, proprietary and trade secret

23   information, including such information that has no bearing on the claims or

24   defenses in this action.  Mattel further objects to this Request on the grounds that it

25   calls for the disclosure of information subject to the attorney-client privilege, the

26   attorney work-product doctrine and other applicable privileges.  Mattel further

27   objects on the ground that this Request seeks to circumvent the Discovery Master's

28   Orders of April 19, 2007, and May 22, 2007.

1

2      **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
       **SHOULD BE COMPELLED**
3

4          Mattel has not agreed to produce documents in response to this request,

5     subject to its improper boilerplate objections.  Mattel has refused to confirm

6     whether or not it has produced all non-privileged responsive documents or whether

7     it is withholding documents based on its objections in Phase 2.  Under the Federal

8     Rules of Civil Procedure, "an objection to part of a request must specify the part

9     and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

10    that fail to explain the basis for an objection with specificity are routinely rejected

11    in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

12    188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

13    burdensome and harassing' are improper – especially when a party fails to submit

14    any evidentiary declarations supporting such objections").  Accordingly, Mattel

15    must be compelled either to certify that it has produced all non-privileged

16    responsive documents or to produce all such documents by a date certain.

17         To the extent that Mattel is relying on its blanket objections, they are not

18    sustainable and do not justify Mattel's failure to produce documents.

19         As to overbreadth, Mattel provides no explanation, let alone the required

20    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

21    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23    contrary, the request is narrowly tailored to seek documents that refer to actual or

24    potential consumer confusion between any product in Mattel's POLLY POCKET

25    line and any product in MGA's BRATZ line.

26         As to burden, Mattel has not attempted to demonstrate why responding to

27    this request and/or producing responsive documents presents any burden.  This

28    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

1   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2   request is unduly burdensome must allege specific facts which indicate the nature

3   and extent of the burden, usually by affidavit or other reliable evidence.")

4   Moreover, it is not unduly burdensome, as noted above, in that the request is

5   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

6   has engaged in a broad variety of unfair trade practices including serial copying of

7   MGA products.

8       This request does not seek documents protected by the attorney-client

9   privilege, the attorney work product doctrine, or other applicable privileges.  To the

10  extent that Mattel contends that it does, Mattel must provide a privilege log.

11      Mattel cites to the May 22, 2007 order, but that order is inapposite to this

12  request, which is much narrower than those considered irrelevant and/or improper

13  by the court.  Specifically, the request is narrowly tailored to documents regarding a

14  particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

15  2007 order, but that order is also inapposite to this request, which is much narrower

16  than those considered irrelevant and/or improper by the court.  Specifically, the

17  request is narrowly tailored to documents related to actual or potential consumer

18  confusion between any POLLY POCKET product and any BRATZ product.

19      As to relevancy, Mattel has not attempted to demonstrate why the responsive

20  documents are irrelevant to the current action.  On the contrary, MGA has alleged

21  that Mattel is engaged in copying of MGA products, packaging, themes and

22  advertising.  POLLY POCKET is an example of one such product line.  A request

23  for documents that refer to actual or potential consumer confusion between any

24  product in Mattel's POLLY POCKET line and any product in MGA's BRATZ line

25  is therefore relevant to this action and MGA's claim.

26      Mattel objects that the request contains confidential, proprietary, and trade

27  secret information.  A Protective Order exists in this case, obviating any concern as

28  to protection of privacy rights and/or commercially sensitive information.

1    None of Mattel's improper objections are valid and Mattel is obligated to

2    produce all non-privileged responsive documents in its possession, custody, or

3    control.

4

5    **REQUEST FOR PRODUCTION NO. 628**

6    All MATTEL product catalogs, sell sheets and production information sheets

7    that include POLLY POCKET, from 2001 to the present.

8    **RESPONSE TO REQUEST NO. 628:**

9    In addition to the general objections stated above which are incorporated

10   herein by reference, Mattel objects to this Request on the grounds that it is

11   overbroad and unduly burdensome, including in that it seeks all documents on this

12   subject without limitation as to time, and regardless of whether such documents

13   relate to products or matters at issue in this case.  Mattel further objects to the

14   Request on the grounds that it seeks documents that are not relevant to this action

15   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

16   this Request on the grounds that it seeks confidential, proprietary and trade secret

17   information, including such information that has no bearing on the claims or

18   defenses in this action.  Mattel further objects to this Request on the grounds that it

19   calls for the disclosure of information subject to the attorney-client privilege, the

20   attorney work-product doctrine and other applicable privileges.  Mattel further

21   objects on the ground that this Request seeks to circumvent the Discovery Master's

22   Orders of April 19, 2007, and May 22, 2007.

23

24   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

25

26   Mattel has not agreed to produce documents in response to this request,

27   subject to its improper boilerplate objections.  Mattel has refused to confirm

28   whether or not it has produced all non-privileged responsive documents or whether

1   it is withholding documents based on its objections in Phase 2.  Under the Federal

2   Rules of Civil Procedure, "an objection to part of a request must specify the part

3   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

4   that fail to explain the basis for an objection with specificity are routinely rejected

5   in the Central District.  See <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186,

6   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

7   burdensome and harassing' are improper – especially when a party fails to submit

8   any evidentiary declarations supporting such objections").  Accordingly, Mattel

9   must be compelled either to certify that it has produced all non-privileged

10  responsive documents or to produce all such documents by a date certain.

11      To the extent that Mattel is relying on its blanket objections, they are not

12  sustainable and do not justify Mattel's failure to produce documents.

13      As to overbreadth, Mattel provides no explanation, let alone the required

14  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

15  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

16  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

17  contrary, the request is narrowly tailored to seek from 2001 to present all product

18  catalogs, sell sheets and production information sheets that include Mattel's

19  POLLY POCKET line.

20      As to burden, Mattel has not attempted to demonstrate why responding to

21  this request and/or producing responsive documents presents any burden.  This

22  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

23  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24  request is unduly burdensome must allege specific facts which indicate the nature

25  and extent of the burden, usually by affidavit or other reliable evidence.")

26  Moreover, it is not unduly burdensome, as noted above, in that the request is

27  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

28  has engaged in a broad variety of unfair trade practices including serial copying of

1   MGA products.

2          This request does not seek documents protected by the attorney-client

3   privilege, the attorney work product doctrine, or other applicable privileges.  To the

4   extent that Mattel contends that it does, Mattel must provide a privilege log.

5          Mattel cites to the May 22, 2007 order, but that order is inapposite to this

6   request, which is much narrower than those considered irrelevant and/or improper

7   by the court.  Specifically, the request is narrowly tailored to documents regarding a

8   particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

9   2007 order, but that order is also inapposite to this request, which is much narrower

10  than those considered irrelevant and/or improper by the court.  Specifically, the

11  request is narrowly tailored to all Matter product catalogs, sell sheets and product

12  information sheets that include POLLY POCKET, from 2001 to the present date.

13         As to relevancy, Mattel has not attempted to demonstrate why the responsive

14  documents are irrelevant to the current action.  On the contrary, MGA has alleged

15  that Mattel is engaged in copying of MGA products, packaging, themes and

16  advertising.  POLLY POCKET is an example of one such product line.  A request

17  for product catalogs, sell sheets and production information sheets from 2001 to

18  present that include Mattel's POLLY POCKET line is therefore relevant to this

19  action and MGA's claim.

20         Mattel objects that the request contains confidential, proprietary, and trade

21  secret information.  A Protective Order exists in this case, obviating any concern as

22  to protection of privacy rights and/or commercially sensitive information.

23         None of Mattel's improper objections are valid and Mattel is obligated to

24  produce all non-privileged responsive documents in its possession, custody, or

25  control.

26

27

28  **REQUEST FOR PRODUCTION NO. 629**

1      All internal studies, analyses, presentations or investigations REFERRING

2  OR RELATING TO the overall market shares and market position of POLLY

3  POCKET from 2001 to the present.

4      **RESPONSE TO REQUEST NO. 629:**

5      In addition to the general objections stated above which are incorporated

6  herein by reference, Mattel objects to this Request on the grounds that it is

7  overbroad and unduly burdensome, including in that it seeks all documents on this

8  subject without limitation as to time, and regardless of whether such documents

9  relate to products or matters at issue in this case.  Mattel further objects to the

10  Request on the grounds that it seeks documents that are not relevant to this action

11  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

12  this Request on the grounds that it seeks confidential, proprietary and trade secret

13  information, including such information that has no bearing on the claims or

14  defenses in this action.  Mattel further objects to this Request on the grounds that it

15  calls for the disclosure of information subject to the attorney-client privilege, the

16  attorney work-product doctrine and other applicable privileges.  Mattel further

17  objects on the ground that this Request seeks to circumvent the Discovery Master's

18  Orders of April 19, 2007, and May 22, 2007.

19

20      **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
   **SHOULD BE COMPELLED**

21

22      Mattel has not agreed to produce documents in response to this request,

23  subject to its improper boilerplate objections.  Mattel has refused to confirm

24  whether or not it has produced all non-privileged responsive documents or whether

25  it is withholding documents based on its objections in Phase 2.  Under the Federal

26  Rules of Civil Procedure, "an objection to part of a request must specify the part

27  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

28  that fail to explain the basis for an objection with specificity are routinely rejected

1    in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

2    188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

3    burdensome and harassing' are improper – especially when a party fails to submit

4    any evidentiary declarations supporting such objections").  Accordingly, Mattel

5    must be compelled either to certify that it has produced all non-privileged

6    responsive documents or to produce all such documents by a date certain.

7         To the extent that Mattel is relying on its blanket objections, they are not

8    sustainable and do not justify Mattel's failure to produce documents.

9         As to overbreadth, Mattel provides no explanation, let alone the required

10   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

11   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13   contrary, the request is narrowly tailored to seek from 2001 to present all internal

14   studies, analysis, presentations or investigations that refer to the overall market

15   shares and position of Mattel's POLLY POCKET line.

16        As to burden, Mattel has not attempted to demonstrate why responding to

17   this request and/or producing responsive documents presents any burden.  This

18   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

19   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20   request is unduly burdensome must allege specific facts which indicate the nature

21   and extent of the burden, usually by affidavit or other reliable evidence.")

22   Moreover, it is not unduly burdensome, as noted above, in that the request is

23   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

24   has engaged in a broad variety of unfair trade practices including serial copying of

25   MGA products.

26        This request does not seek documents protected by the attorney-client

27   privilege, the attorney work product doctrine, or other applicable privileges.  To the

28   extent that Mattel contends that it does, Mattel must provide a privilege log.

1    Mattel cites to the May 22, 2007 order, but that order is inapposite to this

2 request, which is much narrower than those considered irrelevant and/or improper

3 by the court.  Specifically, the request is narrowly tailored to documents regarding a

4 particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

5 2007 order, but that order is also inapposite to this request, which is much narrower

6 than those considered irrelevant and/or improper by the court.  Specifically, the

7 request is narrowly tailored to all internal studies, analyses, presentations or

8 investigations referring to the overall market shares and position of POLLY

9 POCKET from 2001 to the present date.

10    As to relevancy, Mattel has not attempted to demonstrate why the responsive

11 documents are irrelevant to the current action.  On the contrary, MGA has alleged

12 that Mattel is engaged in copying of MGA products, packaging, themes and

13 advertising.  POLLY POCKET is an example of one such product line.  A request

14 for all internal studies, analyses, presentations or investigations from 2001 to

15 present that refer to the overall market shares and market position of Mattel's

16 POLLY POCKET line is therefore relevant to this action and MGA's claim.

17    Mattel objects that the request contains confidential, proprietary, and trade

18 secret information.  A Protective Order exists in this case, obviating any concern as

19 to protection of privacy rights and/or commercially sensitive information.

20    None of Mattel's improper objections are valid and Mattel is obligated to

21 produce all non-privileged responsive documents in its possession, custody, or

22 control.

23

24 **<u>REQUEST FOR PRODUCTION NO. 630</u>**

25    All studies, analyses, presentations or investigations of the target audience,

26 age groups, market share, or projections for POLLY POCKET.

27

28

**RESPONSE TO REQUEST NO. 630:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Orders of April 19, 2007, and May 22, 2007.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit

1    any evidentiary declarations supporting such objections").  Accordingly, Mattel

2    must be compelled either to certify that it has produced all non-privileged

3    responsive documents or to produce all such documents by a date certain.

4         To the extent that Mattel is relying on its blanket objections, they are not

5    sustainable and do not justify Mattel's failure to produce documents.

6         As to overbreadth, Mattel provides no explanation, let alone the required

7    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10   contrary, the request is narrowly tailored to seek all studies, analyses, presentations

11   or investigations of the target audience, age groups, market share, or projections for

12   Mattel's POLLY POCKET line.

13        As to burden, Mattel has not attempted to demonstrate why responding to

14   this request and/or producing responsive documents presents any burden.  This

15   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

16   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17   request is unduly burdensome must allege specific facts which indicate the nature

18   and extent of the burden, usually by affidavit or other reliable evidence.")

19   Moreover, it is not unduly burdensome, as noted above, in that the request is

20   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

21   has engaged in a broad variety of unfair trade practices including serial copying of

22   MGA products.

23        This request does not seek documents protected by the attorney-client

24   privilege, the attorney work product doctrine, or other applicable privileges.  To the

25   extent that Mattel contends that it does, Mattel must provide a privilege log.

26        Mattel cites to the May 22, 2007 order, but that order is inapposite to this

27   request, which is much narrower than those considered irrelevant and/or improper

28   by the court.  Specifically, the request is narrowly tailored to documents regarding a

1  particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

2  2007 order, but that order is also inapposite to this request, which is much narrower

3  than those considered irrelevant and/or improper by the court.  Specifically, the

4  request is narrowly tailored to all studies, analyses, presentations or investigations

5  of the target audience, age groups, market share, or projections for POLLY

6  POCKET.

7      As to relevancy, Mattel has not attempted to demonstrate why the responsive

8  documents are irrelevant to the current action.  On the contrary, MGA has alleged

9  that Mattel is engaged in copying of MGA products, packaging, themes and

10  advertising.  POLLY POCKET is an example of one such product line.  A request

11  for all studies, analyses, presentations or investigations of the target audience, age

12  groups, market share, or projections for Mattel's POLLY POCKET line is therefore

13  relevant to this action and MGA's claim.

14      Mattel objects that the request contains confidential, proprietary, and trade

15  secret information.  A Protective Order exists in this case, obviating any concern as

16  to protection of privacy rights and/or commercially sensitive information.

17      None of Mattel's improper objections are valid and Mattel is obligated to

18  produce all non-privileged responsive documents in its possession, custody, or

19  control.

20

21  **REQUEST FOR PRODUCTION NO. 631:**

22      DOCUMENTS sufficient to determine total sales, revenue, royalties, costs of

23  goods sold and any other costs attributable to net profits REFERRING OR

24  RELATING TO POLLY POCKET.

25      **RESPONSE TO REQUEST NO. 631:**

26      In addition to the general objections stated above which are incorporated

27  herein by reference, Mattel objects to this Request on the grounds that it is

28  overbroad and unduly burdensome, including in that it seeks all documents on this

1    subject without limitation as to time, and regardless of whether such documents

2    relate to products or matters at issue in this case.  Mattel further objects to the

3    Request on the grounds that it seeks documents that are not relevant to this action

4    or likely to lead to the discovery of admissible evidence.  Mattel further objects to

5    this Request on the grounds that it seeks confidential, proprietary and trade secret

6    information, including such information that has no bearing on the claims or

7    defenses in this action.  Mattel further objects to this Request on the grounds that it

8    calls for the disclosure of information subject to the attorney-client privilege, the

9    attorney work-product doctrine and other applicable privileges.  Mattel further

10   objects on the ground that this Request seeks to circumvent the Discovery Master's

11   Orders of April 19, 2007, and May 22, 2007.

12

13   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

14

15       Mattel has not agreed to produce documents in response to this request,

16   subject to its improper boilerplate objections.  Mattel has refused to confirm

17   whether or not it has produced all non-privileged responsive documents or whether

18   it is withholding documents based on its objections in Phase 2.  Under the Federal

19   Rules of Civil Procedure, "an objection to part of a request must specify the part

20   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

21   that fail to explain the basis for an objection with specificity are routinely rejected

22   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

23   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

24   burdensome and harassing' are improper – especially when a party fails to submit

25   any evidentiary declarations supporting such objections").  Accordingly, Mattel

26   must be compelled either to certify that it has produced all non-privileged

27   responsive documents or to produce all such documents by a date certain.

28       To the extent that Mattel is relying on its blanket objections, they are not

1    sustainable and do not justify Mattel's failure to produce documents.

2          As to overbreadth, Mattel provides no explanation, let alone the required

3    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

4    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

5    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

6    contrary, the request is narrowly tailored to seek documents that are sufficient to

7    determine total sales, revenue, costs of goods sold and other costs attributable to net

8    profits related to Mattel's POLLY POCKET line.

9          As to burden, Mattel has not attempted to demonstrate why responding to

10   this request and/or producing responsive documents presents any burden.  This

11   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

12   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

13   request is unduly burdensome must allege specific facts which indicate the nature

14   and extent of the burden, usually by affidavit or other reliable evidence.")

15   Moreover, it is not unduly burdensome, as noted above, in that the request is

16   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

17   has engaged in a broad variety of unfair trade practices including serial copying of

18   MGA products.

19         This request does not seek documents protected by the attorney-client

20   privilege, the attorney work product doctrine, or other applicable privileges.  To the

21   extent that Mattel contends that it does, Mattel must provide a privilege log.

22         Mattel cites to the May 22, 2007 order, but that order is inapposite to this

23   request, which is much narrower than those considered irrelevant and/or improper

24   by the court.  Specifically, the request is narrowly tailored to documents regarding a

25   particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

26   2007 order, but that order is also inapposite to this request, which is much narrower

27   than those considered irrelevant and/or improper by the court.  Specifically, the

28   request is narrowly tailored to documents sufficient to determine total sales,

1   revenue, royalties, costs of goods sold and any other costs attributable to net profits

2   relating to POLLY POCKET.

3        As to relevancy, Mattel has not attempted to demonstrate why the responsive

4   documents are irrelevant to the current action.  On the contrary, MGA has alleged

5   that Mattel is engaged in copying of MGA products, packaging, themes and

6   advertising.  POLLY POCKET is an example of one such product line.  A request

7   for documents that are sufficient to determine total sales, revenue, costs of goods

8   sold and other costs attributable to net profits related to Mattel's POLLY POCKET

9   line is therefore relevant to this action and MGA's claim.

10        Mattel objects that the request contains confidential, proprietary, and trade

11   secret information.  A Protective Order exists in this case, obviating any concern as

12   to protection of privacy rights and/or commercially sensitive information.

13        None of Mattel's improper objections are valid and Mattel is obligated to

14   produce all non-privileged responsive documents in its possession, custody, or

15   control.

16

17   **REQUEST FOR PRODUCTION NO. 632**

18        All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

19   RELATING TO any evaluation, criticism or comparison of POLLY POCKET,

20   including relation to BRATZ by any third party.

21        **RESPONSE TO REQUEST NO. 632:**

22        In addition to the general objections stated above which are incorporated

23   herein by reference, Mattel objects to this Request on the grounds that it is

24   overbroad and unduly burdensome, including in that it seeks all documents on this

25   subject without limitation as to time, and regardless of whether such documents

26   relate to products or matters at issue in this case.  Mattel further objects to the

27   Request on the grounds that it seeks documents that are not relevant to this action

28   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

1   this Request on the grounds that it seeks confidential, proprietary and trade secret

2   information, including such information that has no bearing on the claims or

3   defenses in this action.  Mattel further objects to this Request on the grounds that it

4   calls for the disclosure of information subject to the attorney-client privilege, the

5   attorney work-product doctrine and other applicable privileges.  Mattel further

6   objects on the ground that this Request seeks to circumvent the Discovery Master's

7   Orders of April 19, 2007, and May 22, 2007.

8

9   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

10

11      Mattel has not agreed to produce documents in response to this request,

12  subject to its improper boilerplate objections.  Mattel has refused to confirm

13  whether or not it has produced all non-privileged responsive documents or whether

14  it is withholding documents based on its objections in Phase 2.  Under the Federal

15  Rules of Civil Procedure, "an objection to part of a request must specify the part

16  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

17  that fail to explain the basis for an objection with specificity are routinely rejected

18  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

19  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

20  burdensome and harassing' are improper – especially when a party fails to submit

21  any evidentiary declarations supporting such objections").  Accordingly, Mattel

22  must be compelled either to certify that it has produced all non-privileged

23  responsive documents or to produce all such documents by a date certain.

24      To the extent that Mattel is relying on its blanket objections, they are not

25  sustainable and do not justify Mattel's failure to produce documents.

26      As to overbreadth, Mattel provides no explanation, let alone the required

27  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

28  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

1   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2   contrary, the request is narrowly tailored to seek documents and communications

3   that are related to any evaluation, criticism or comparison of Mattel's POLLY

4   POCKET line by a third party.

5       As to burden, Mattel has not attempted to demonstrate why responding to

6   this request and/or producing responsive documents presents any burden.  This

7   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

8   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9   request is unduly burdensome must allege specific facts which indicate the nature

10  and extent of the burden, usually by affidavit or other reliable evidence.")

11  Moreover, it is not unduly burdensome, as noted above, in that the request is

12  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

13  has engaged in a broad variety of unfair trade practices including serial copying of

14  MGA products.

15      This request does not seek documents protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges.  To the

17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18      Mattel cites to the May 22, 2007 order, but that order is inapposite to this

19  request, which is much narrower than those considered irrelevant and/or improper

20  by the court.  Specifically, the request is narrowly tailored to documents regarding a

21  particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

22  2007 order, but that order is also inapposite to this request, which is much narrower

23  than those considered irrelevant and/or improper by the court.  Specifically, the

24  request is narrowly tailored to documents related to any evaluation, criticism or

25  comparison of POLLY POCKET, including relation to BRATZ by any third party.

26      As to relevancy, Mattel has not attempted to demonstrate why the responsive

27  documents are irrelevant to the current action.  On the contrary, MGA has alleged

28  that Mattel is engaged in copying of MGA products, packaging, themes and

1   advertising.  POLLY POCKET is an example of one such product line.  A request

2   for documents and communications that are related to any evaluation, criticism or

3   comparison of Mattel's POLLY POCKET line by a third party is therefore relevant

4   to this action and MGA's claim.

5       Mattel objects that the request contains confidential, proprietary, and trade

6   secret information.  A Protective Order exists in this case, obviating any concern as

7   to protection of privacy rights and/or commercially sensitive information.

8       None of Mattel's improper objections are valid and Mattel is obligated to

9   produce all non-privileged responsive documents in its possession, custody, or

10   control.

11

12   **REQUEST FOR PRODUCTION NO. 633**

13       All DOCUMENTS suggesting or evidencing confusion between BRATZ and

14   POLLY POCKET, including without limitation DOCUMENTS in which

15   photographs of one party's products have been used to depict another party's

16   products, or reference to one party's products has been made in lieu of the other

17   party's products.

18       **RESPONSE TO REQUEST NO. 633:**

19       In addition to the general objections stated above which are incorporated

20   herein by reference, Mattel objects to this Request on the grounds that it is

21   overbroad and unduly burdensome, including in that it seeks all documents on this

22   subject without limitation as to time, and regardless of whether such documents

23   relate to products or matters at issue in this case.  Mattel further objects to the

24   Request on the grounds that it seeks documents that are not relevant to this action

25   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

26   this Request on the grounds that it seeks confidential, proprietary and trade secret

27   information, including such information that has no bearing on the claims or

28   defenses in this action.  Mattel further objects to this Request on the grounds that it

1   calls for the disclosure of information subject to the attorney-client privilege, the

2   attorney work-product doctrine and other applicable privileges.  Mattel further

3   objects on the ground that this Request seeks to circumvent the Discovery Master's

4   Orders of April 19, 2007, and May 22, 2007.

5

6   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

7   **SHOULD BE COMPELLED**

8          Mattel has not agreed to produce documents in response to this request,

9   subject to its improper boilerplate objections.  Mattel has refused to confirm

10  whether or not it has produced all non-privileged responsive documents or whether

11  it is withholding documents based on its objections in Phase 2.  Under the Federal

12  Rules of Civil Procedure, "an objection to part of a request must specify the part

13  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

14  that fail to explain the basis for an objection with specificity are routinely rejected

15  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

16  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

17  burdensome and harassing' are improper – especially when a party fails to submit

18  any evidentiary declarations supporting such objections").  Accordingly, Mattel

19  must be compelled either to certify that it has produced all non-privileged

20  responsive documents or to produce all such documents by a date certain.

21         To the extent that Mattel is relying on its blanket objections, they are not

22  sustainable and do not justify Mattel's failure to produce documents.

23         As to overbreadth, Mattel provides no explanation, let alone the required

24  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

25  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

26  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

27  contrary, the request is narrowly tailored to seek documents that suggest confusion

28  between MGA's BRATZ product line and Mattel's POLLY POCKET line.  These

1  documents may include, without limitation, documents in which photographs of
2  one party's products have been used to depict another party's products, or reference
3  to one party's products has been made in lieu of the other party's products.

4         As to burden, Mattel has not attempted to demonstrate why responding to
5  this request and/or producing responsive documents presents any burden.  This
6  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
7  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
8  request is unduly burdensome must allege specific facts which indicate the nature
9  and extent of the burden, usually by affidavit or other reliable evidence.")
10  Moreover, it is not unduly burdensome, as noted above, in that the request is
11  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
12  has engaged in a broad variety of unfair trade practices including serial copying of
13  MGA products.

14         This request does not seek documents protected by the attorney-client
15  privilege, the attorney work product doctrine, or other applicable privileges.  To the
16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17         Mattel cites to the May 22, 2007 order, but that order is inapposite to this
18  request, which is much narrower than those considered irrelevant and/or improper
19  by the court.  Specifically, the request is narrowly tailored to documents regarding a
20  particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,
21  2007 order, but that order is also inapposite to this request, which is much narrower
22  than those considered irrelevant and/or improper by the court.  Specifically, the
23  request is narrowly tailored to documents suggesting confusion between BRATZ
24  and POLLY POCKET.

25         As to relevancy, Mattel has not attempted to demonstrate why the responsive
26  documents are irrelevant to the current action.  On the contrary, MGA has alleged
27  that Mattel is engaged in copying of MGA products, packaging, themes and
28  advertising.  POLLY POCKET is an example of one such product line.  A request

1  for documents that suggest confusion between MGA's BRATZ product line and

2  Mattel's POLLY POCKET line is relevant to this action.  These documents may

3  include, without limitation, documents in which photographs of one party's

4  products have been used to depict another party's products, or reference to one

5  party's products has been made in lieu of the other party's products.  Obviously

6  these documents are relevant in this action in light of MGA's claims against Mattel.

7  Mattel objects that the request contains confidential, proprietary, and trade

8  secret information.  A Protective Order exists in this case, obviating any concern as

9  to protection of privacy rights and/or commercially sensitive information.

10  None of Mattel's improper objections are valid and Mattel is obligated to

11  produce all non-privileged responsive documents in its possession, custody, or

12  control.

13

14  **REQUEST FOR PRODUCTION NO. 634**

15  DOCUMENTS, including but not limited to organizational charts, sufficient

16  to identify (by name and job function) all MATTEL personnel who were ever a

17  member of the primary team that worked on the design and development of POLLY

18  POCKET products.

19  **RESPONSE TO REQUEST NO. 634:**

20  In addition to the general objections stated above which are incorporated

21  herein by reference, Mattel objects to this Request on the grounds that it is

22  overbroad and unduly burdensome, including in that it seeks all documents on this

23  subject without limitation as to time, and regardless of whether such documents

24  relate to products or matters at issue in this case.  Mattel further objects to the

25  Request on the grounds that it seeks documents that are not relevant to this action

26  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

27  this Request on the grounds that it seeks confidential, proprietary and trade secret

28  information, including such information that has no bearing on the claims or

1    defenses in this action.  Mattel further objects to this Request on the grounds that it
2    calls for the disclosure of information subject to the attorney-client privilege, the
3    attorney work-product doctrine and other applicable privileges.  Mattel further
4    objects on the ground that this Request seeks to circumvent the Discovery Master's
5    Orders of April 19, 2007, and May 22, 2007.

6
7    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
8    SHOULD BE COMPELLED**

9        Mattel has not agreed to produce documents in response to this request,
10   subject to its improper boilerplate objections.  Mattel has refused to confirm
11   whether or not it has produced all non-privileged responsive documents or whether
12   it is withholding documents based on its objections in Phase 2.  Under the Federal
13   Rules of Civil Procedure, "an objection to part of a request must specify the part
14   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections
15   that fail to explain the basis for an objection with specificity are routinely rejected
16   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,
17   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly
18   burdensome and harassing' are improper – especially when a party fails to submit
19   any evidentiary declarations supporting such objections").  Accordingly, Mattel
20   must be compelled either to certify that it has produced all non-privileged
21   responsive documents or to produce all such documents by a date certain.
22       To the extent that Mattel is relying on its blanket objections, they are not
23   sustainable and do not justify Mattel's failure to produce documents.
24       As to overbreadth, Mattel provides no explanation, let alone the required
25   particularity, as to *why* this request is supposedly overly broad, nor can it do so.
26   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
27   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
28   contrary, the request is narrowly tailored to seek documents sufficient enough to

1  identify all Mattel personnel who were ever a member of the primary team that

2  worked on the design and development Mattel's POLLY POCKET line.

3  　　　　As to burden, Mattel has not attempted to demonstrate why responding to

4  this request and/or producing responsive documents presents any burden.  This

5  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

6  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7  request is unduly burdensome must allege specific facts which indicate the nature

8  and extent of the burden, usually by affidavit or other reliable evidence.")

9  Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11  has engaged in a broad variety of unfair trade practices including serial copying of

12  MGA products.

13  　　　　This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges.  To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16  　　　　Mattel cites to the May 22, 2007 order, but that order is inapposite to this

17  request, which is much narrower than those considered irrelevant and/or improper

18  by the court.  Specifically, the request is narrowly tailored to documents regarding a

19  particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

20  2007 order, but that order is also inapposite to this request, which is much narrower

21  than those considered irrelevant and/or improper by the court.  Specifically, the

22  request is narrowly tailored to documents that are sufficient to identify all Mattel

23  personnel who were a member of the primary team that worked on the design and

24  development of POLLY POCKET products.

25  　　　　As to relevancy, Mattel has not attempted to demonstrate why the responsive

26  documents are irrelevant to the current action.  On the contrary, MGA has alleged

27  that Mattel is engaged in copying of MGA products, packaging, themes and

28  advertising.  POLLY POCKET is an example of one such product line.  A request

1   for documents sufficient enough to identify all Mattel personnel who were ever a

2   member of the primary team that worked on the design and development Mattel's

3   POLLY POCKET line is therefore relevant to this action and MGA's claim.

4        Mattel objects that the request contains confidential, proprietary, and trade

5   secret information.  A Protective Order exists in this case, obviating any concern as

6   to protection of privacy rights and/or commercially sensitive information.

7        None of Mattel's improper objections are valid and Mattel is obligated to

8   produce all non-privileged responsive documents in its possession, custody, or

9   control.

10

11  **REQUEST FOR PRODUCTION NO. 635**

12       All "New Toy Status Reports" for POLLY POCKET.

13       **RESPONSE TO REQUEST NO. 635:**

14       In addition to the general objections stated above which are incorporated

15  herein by reference, Mattel objects to this Request on the grounds that it is

16  overbroad and unduly burdensome, including in that it seeks all documents on this

17  subject without limitation as to time, and regardless of whether such documents

18  relate to products or matters at issue in this case.  Mattel further objects to the

19  Request on the grounds that it seeks documents that are not relevant to this action

20  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

21  this Request on the grounds that it seeks confidential, proprietary and trade secret

22  information, including such information that has no bearing on the claims or

23  defenses in this action.  Mattel further objects to this Request on the grounds that it

24  calls for the disclosure of information subject to the attorney-client privilege, the

25  attorney work-product doctrine and other applicable privileges.  Mattel further

26  objects on the ground that this Request seeks to circumvent the Discovery Master's

27  Orders of April 19, 2007, and May 22, 2007.

28

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek all "New Toy Status Reports" for Mattel's POLLY POCKET line.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

1   and extent of the burden, usually by affidavit or other reliable evidence.")

2   Moreover, it is not unduly burdensome, as noted above, in that the request is

3   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4   has engaged in a broad variety of unfair trade practices including serial copying of

5   MGA products.

6        This request does not seek documents protected by the attorney-client

7   privilege, the attorney work product doctrine, or other applicable privileges.  To the

8   extent that Mattel contends that it does, Mattel must provide a privilege log.

9        Mattel cites to the May 22, 2007 order, but that order is inapposite to this

10   request, which is much narrower than those considered irrelevant and/or improper

11   by the court.  Specifically, the request is narrowly tailored to documents regarding a

12   particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

13   2007 order, but that order is also inapposite to this request, which is much narrower

14   than those considered irrelevant and/or improper by the court.  Specifically, the

15   request is narrowly tailored to all "New Toy Status Report" for POLLY POCKET.

16        As to relevancy, Mattel has not attempted to demonstrate why the responsive

17   documents are irrelevant to the current action.  On the contrary, MGA has alleged

18   that Mattel is engaged in copying of MGA products, packaging, themes and

19   advertising.  POLLY POCKET is an example of one such product line.  A request

20   to seek all "New Toy Status Reports" for Mattel's POLLY POCKET line is

21   therefore relevant to this action and MGA's claim.

22        Mattel objects that the request contains confidential, proprietary, and trade

23   secret information.  A Protective Order exists in this case, obviating any concern as

24   to protection of privacy rights and/or commercially sensitive information.

25        None of Mattel's improper objections are valid and Mattel is obligated to

26   produce all non-privileged responsive documents in its possession, custody, or

27   control.

28

1   **REQUEST FOR PRODUCTION NO. 636**

2   DOCUMENTS sufficient to indicate when a project number was first

3   assigned to POLLY POCKET.

4   **RESPONSE TO REQUEST NO. 636:**

5   In addition to the general objections stated above which are incorporated

6   herein by reference, Mattel objects to this Request on the grounds that it is

7   overbroad and unduly burdensome, including in that it seeks all documents on this

8   subject without limitation as to time, and regardless of whether such documents

9   relate to products or matters at issue in this case.  Mattel further objects to the

10  Request on the grounds that it seeks documents that are not relevant to this action

11  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

12  this Request on the grounds that it seeks confidential, proprietary and trade secret

13  information, including such information that has no bearing on the claims or

14  defenses in this action.  Mattel further objects to this Request on the grounds that it

15  calls for the disclosure of information subject to the attorney-client privilege, the

16  attorney work-product doctrine and other applicable privileges.  Mattel further

17  objects on the ground that this Request seeks to circumvent the Discovery Master's

18  Orders of April 19, 2007, and May 22, 2007.

19

20  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

21

22  Mattel has not agreed to produce documents in response to this request,

23  subject to its improper boilerplate objections.  Mattel has refused to confirm

24  whether or not it has produced all non-privileged responsive documents or whether

25  it is withholding documents based on its objections in Phase 2.  Under the Federal

26  Rules of Civil Procedure, "an objection to part of a request must specify the part

27  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

28  that fail to explain the basis for an objection with specificity are routinely rejected

- 141 -

1    in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

2    188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

3    burdensome and harassing' are improper – especially when a party fails to submit

4    any evidentiary declarations supporting such objections").  Accordingly, Mattel

5    must be compelled either to certify that it has produced all non-privileged

6    responsive documents or to produce all such documents by a date certain.

7        To the extent that Mattel is relying on its blanket objections, they are not

8    sustainable and do not justify Mattel's failure to produce documents.

9        As to overbreadth, Mattel provides no explanation, let alone the required

10   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

11   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13   contrary, the request is narrowly tailored to seek documents that sufficiently

14   indicate when a project number was first assigned to Mattel's POLLY POCKET

15   line.

16       As to burden, Mattel has not attempted to demonstrate why responding to

17   this request and/or producing responsive documents presents any burden.  This

18   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

19   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20   request is unduly burdensome must allege specific facts which indicate the nature

21   and extent of the burden, usually by affidavit or other reliable evidence.")

22   Moreover, it is not unduly burdensome, as noted above, in that the request is

23   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

24   has engaged in a broad variety of unfair trade practices including serial copying of

25   MGA products.

26       This request does not seek documents protected by the attorney-client

27   privilege, the attorney work product doctrine, or other applicable privileges.  To the

28   extent that Mattel contends that it does, Mattel must provide a privilege log.

1    Mattel cites to the May 22, 2007 order, but that order is inapposite to this

2    request, which is much narrower than those considered irrelevant and/or improper

3    by the court.  Specifically, the request is narrowly tailored to documents regarding a

4    particular product line, namely POLLY POCKET. Mattel also cites to the April 19,

5    2007 order, but that order is also inapposite to this request, which is much narrower

6    than those considered irrelevant and/or improper by the court.  Specifically, the

7    request is narrowly tailored to documents sufficient enough to indicate when a

8    project number was first assigned POLLY POCKET.

9    As to relevancy, Mattel has not attempted to demonstrate why the responsive

10   documents are irrelevant to the current action.  On the contrary, MGA has alleged

11   that Mattel is engaged in copying of MGA products, packaging, themes and

12   advertising.  POLLY POCKET is an example of one such product line.  A request

13   to seek documents to sufficiently identify when a project number was first assigned

14   to Mattel's POLLY POCKET line is therefore relevant to this action and MGA's

15   claim.

16   Mattel objects that the request contains confidential, proprietary, and trade

17   secret information.  A Protective Order exists in this case, obviating any concern as

18   to protection of privacy rights and/or commercially sensitive information.

19   None of Mattel's improper objections are valid and Mattel is obligated to

20   produce all non-privileged responsive documents in its possession, custody, or

21   control.

22

23   **REQUEST FOR PRODUCTION NO. 637**

24   All COMMUNICATIONS between YOU and any retailer REFERRING TO

25   OR RELATING TO whether POLLY POCKET copies, replicates, or in any way

26   imitates the appearance of BRATZ.

27

28

1   **RESPONSE TO REQUEST NO. 637:**

2         In addition to the general objections stated above which are incorporated

3   herein by reference, Mattel objects to this Request on the grounds that it is

4   overbroad and unduly burdensome, including in that it seeks all documents on this

5   subject without limitation as to time, and regardless of whether such documents

6   relate to products or matters at issue in this case.  Mattel further objects to the

7   Request on the grounds that it seeks documents that are not relevant to this action

8   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

9   this Request on the grounds that it seeks confidential, proprietary and trade secret

10  information, including such information that has no bearing on the claims or

11  defenses in this action.  Mattel further objects on the ground that this Request seeks

12  to circumvent the Discovery Master's Orders of April 19, 2007, and May 22, 2007.

13

14  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

15

16        Mattel has not agreed to produce documents in response to this request,

17  subject to its improper boilerplate objections.  Mattel has refused to confirm

18  whether or not it has produced all non-privileged responsive documents or whether

19  it is withholding documents based on its objections in Phase 2.  Under the Federal

20  Rules of Civil Procedure, "an objection to part of a request must specify the part

21  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

22  that fail to explain the basis for an objection with specificity are routinely rejected

23  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

24  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

25  burdensome and harassing' are improper – especially when a party fails to submit

26  any evidentiary declarations supporting such objections").  Accordingly, Mattel

27  must be compelled either to certify that it has produced all non-privileged

28  responsive documents or to produce all such documents by a date certain.

1    To the extent that Mattel is relying on its blanket objections, they are not

2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required

4    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7    contrary, the request is narrowly tailored to seek communications between Mattel

8    and any retailer referring to whether Mattel's POLLY POCKET line copies,

9    replicates, or imitates the appearance of MGA's BRATZ line of products.

10   As to burden, Mattel has not attempted to demonstrate why responding to

11   this request and/or producing responsive documents presents any burden.  This

12   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

13   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14   request is unduly burdensome must allege specific facts which indicate the nature

15   and extent of the burden, usually by affidavit or other reliable evidence.")

16   Moreover, it is not unduly burdensome, as noted above, in that the request is

17   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

18   has engaged in a broad variety of unfair trade practices including serial copying of

19   MGA products.

20   This request does not seek documents protected by the attorney-client

21   privilege, the attorney work product doctrine, or other applicable privileges.  To the

22   extent that Mattel contends that it does, Mattel must provide a privilege log.

23   Mattel cites to the May 22, 2007 order, but that order is inapposite to this

24   request, which is much narrower than those considered irrelevant and/or improper

25   by the court.  Specifically, the request is narrowly tailored to documents regarding a

26   particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

27   2007 order, but that order is also inapposite to this request, which is much narrower

28   than those considered irrelevant and/or improper by the court.  Specifically, the

1   request is narrowly tailored to communications between Mattel and any retailer

2   related to whether POLLY POCKET copies, replicates, or imitates the appearance

3   of BRATZ.

4          As to relevancy, Mattel has not attempted to demonstrate why the responsive

5   documents are irrelevant to the current action.  On the contrary, MGA has alleged

6   that Mattel is engaged in copying of MGA products, packaging, themes and

7   advertising.  POLLY POCKET is an example of one such product line.  A request

8   to seek communications between Mattel and any retailer referring to whether

9   Mattel's POLLY POCKET line copies, replicates, or imitates the appearance of

10  MGA's BRATZ line of products is therefore relevant to this action and MGA's

11  claim.

12         Mattel objects that the request contains confidential, proprietary, and trade

13  secret information.  A Protective Order exists in this case, obviating any concern as

14  to protection of privacy rights and/or commercially sensitive information.

15         None of Mattel's improper objections are valid and Mattel is obligated to

16  produce all non-privileged responsive documents in its possession, custody, or

17  control.

18

19  **<u>REQUEST FOR PRODUCTION NO. 638</u>**

20         All COMMUNICATIONS between YOU and any customer REFERRING

21  TO OR RELATING TO whether POLLY POCKET copies, replicates, or in any

22  way imitates the appearance of BRATZ.

23         **<u>RESPONSE TO REQUEST NO. 638:</u>**

24         In addition to the general objections stated above which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it is

26  overbroad and unduly burdensome, including in that it seeks all documents on this

27  subject without limitation as to time, and regardless of whether such documents

28  relate to products or matters at issue in this case.  Mattel further objects to the

1  Request on the grounds that it seeks documents that are not relevant to this action

2  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

3  this Request on the grounds that it seeks confidential, proprietary and trade secret

4  information, including such information that has no bearing on the claims or

5  defenses in this action.  Mattel further objects on the ground that this Request seeks

6  to circumvent the Discovery Master's Orders of April 19, 2007, and May 22, 2007.

7

8  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

9

10  Mattel has not agreed to produce documents in response to this request,

11  subject to its improper boilerplate objections.  Mattel has refused to confirm

12  whether or not it has produced all non-privileged responsive documents or whether

13  it is withholding documents based on its objections in Phase 2.  Under the Federal

14  Rules of Civil Procedure, "an objection to part of a request must specify the part

15  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

16  that fail to explain the basis for an objection with specificity are routinely rejected

17  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

18  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

19  burdensome and harassing' are improper – especially when a party fails to submit

20  any evidentiary declarations supporting such objections").  Accordingly, Mattel

21  must be compelled either to certify that it has produced all non-privileged

22  responsive documents or to produce all such documents by a date certain.

23  To the extent that Mattel is relying on its blanket objections, they are not

24  sustainable and do not justify Mattel's failure to produce documents.

25  As to overbreadth, Mattel provides no explanation, let alone the required

26  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

27  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

28  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

1  contrary, the request is narrowly tailored to seek communications between Mattel
2  and any customer referring to whether Mattel's POLLY POCKET line copies,
3  replicates, or imitates the appearance of MGA's BRATZ line of products.

4       As to burden, Mattel has not attempted to demonstrate why responding to
5  this request and/or producing responsive documents presents any burden.  This
6  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
7  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
8  request is unduly burdensome must allege specific facts which indicate the nature
9  and extent of the burden, usually by affidavit or other reliable evidence.")
10 Moreover, it is not unduly burdensome, as noted above, in that the request is
11 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
12 has engaged in a broad variety of unfair trade practices including serial copying of
13 MGA products.

14      This request does not seek documents protected by the attorney-client
15 privilege, the attorney work product doctrine, or other applicable privileges.  To the
16 extent that Mattel contends that it does, Mattel must provide a privilege log.

17      Mattel cites to the May 22, 2007 order, but that order is inapposite to this
18 request, which is much narrower than those considered irrelevant and/or improper
19 by the court.  Specifically, the request is narrowly tailored to documents regarding a
20 particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,
21 2007 order, but that order is also inapposite to this request, which is much narrower
22 than those considered irrelevant and/or improper by the court.  Specifically, the
23 request is narrowly tailored to communications between Mattel and any customer
24 related to whether POLLY POCKET copies, replicates, or imitates the appearance
25 of BRATZ.

26      As to relevancy, Mattel has not attempted to demonstrate why the responsive
27 documents are irrelevant to the current action.  On the contrary, MGA has alleged
28 that Mattel is engaged in copying of MGA products, packaging, themes and

1   advertising.  POLLY POCKET is an example of one such product line.  A request

2   to seek communications between Mattel and any customer referring to whether

3   Mattel's POLLY POCKET line copies, replicates, or imitates the appearance of

4   MGA's BRATZ line of products is therefore relevant to this action and MGA's

5   claim.

6          Mattel objects that the request contains confidential, proprietary, and trade

7   secret information.  A Protective Order exists in this case, obviating any concern as

8   to protection of privacy rights and/or commercially sensitive information.

9          None of Mattel's improper objections are valid and Mattel is obligated to

10  produce all non-privileged responsive documents in its possession, custody, or

11  control.

12

13  **REQUEST FOR PRODUCTION NO. 639**

14          All COMMUNICATIONS between YOU and any member of the press

15  REFERRING TO OR RELATING TO whether POLLY POCKET copies,

16  replicates, or in any way imitates the appearance of BRATZ.

17          **RESPONSE TO REQUEST NO. 639:**

18          In addition to the general objections stated above which are incorporated

19  herein by reference, Mattel objects to this Request on the grounds that it is

20  overbroad and unduly burdensome, including in that it seeks all documents on this

21  subject without limitation as to time, and regardless of whether such documents

22  relate to products or matters at issue in this case.  Mattel further objects to the

23  Request on the grounds that it seeks documents that are not relevant to this action

24  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

25  this Request on the grounds that it seeks confidential, proprietary and trade secret

26  information, including such information that has no bearing on the claims or

27  defenses in this action.  Mattel further objects on the ground that this Request seeks

28  to circumvent the Discovery Master's Orders of April 19, 2007, and May 22, 2007.

1

2   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

3

4         Mattel has not agreed to produce documents in response to this request,

5   subject to its improper boilerplate objections.  Mattel has refused to confirm

6   whether or not it has produced all non-privileged responsive documents or whether

7   it is withholding documents based on its objections in Phase 2.  Under the Federal

8   Rules of Civil Procedure, "an objection to part of a request must specify the part

9   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

10  that fail to explain the basis for an objection with specificity are routinely rejected

11  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

12  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

13  burdensome and harassing' are improper – especially when a party fails to submit

14  any evidentiary declarations supporting such objections").  Accordingly, Mattel

15  must be compelled either to certify that it has produced all non-privileged

16  responsive documents or to produce all such documents by a date certain.

17        To the extent that Mattel is relying on its blanket objections, they are not

18  sustainable and do not justify Mattel's failure to produce documents.

19        As to overbreadth, Mattel provides no explanation, let alone the required

20  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

21  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23  contrary, the request is narrowly tailored to seek communications between Mattel

24  and any member of the press referring to whether Mattel's POLLY POCKET line

25  copies, replicates, or imitates the appearance of MGA's BRATZ line of products.

26        As to burden, Mattel has not attempted to demonstrate why responding to

27  this request and/or producing responsive documents presents any burden.  This

28  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

1   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2   request is unduly burdensome must allege specific facts which indicate the nature

3   and extent of the burden, usually by affidavit or other reliable evidence.")

4   Moreover, it is not unduly burdensome, as noted above, in that the request is

5   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

6   has engaged in a broad variety of unfair trade practices including serial copying of

7   MGA products.

8        This request does not seek documents protected by the attorney-client

9   privilege, the attorney work product doctrine, or other applicable privileges.  To the

10  extent that Mattel contends that it does, Mattel must provide a privilege log.

11       Mattel cites to the May 22, 2007 order, but that order is inapposite to this

12  request, which is much narrower than those considered irrelevant and/or improper

13  by the court.  Specifically, the request is narrowly tailored to documents regarding a

14  particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

15  2007 order, but that order is also inapposite to this request, which is much narrower

16  than those considered irrelevant and/or improper by the court.  Specifically, the

17  request is narrowly tailored to communications between Mattel and any member of

18  the press related to whether POLLY POCKET copies, replicates, or imitates the

19  appearance of BRATZ.

20       As to relevancy, Mattel has not attempted to demonstrate why the responsive

21  documents are irrelevant to the current action.  On the contrary, MGA has alleged

22  that Mattel is engaged in copying of MGA products, packaging, themes and

23  advertising.  POLLY POCKET is an example of one such product line.  A request

24  to seek communications between Mattel and any member of the press referring to

25  whether Mattel's POLLY POCKET line copies, replicates, or imitates the

26  appearance of MGA's BRATZ line of products is therefore relevant to this action

27  and MGA's claim.

28       Mattel objects that the request contains confidential, proprietary, and trade

1  secret information.  A Protective Order exists in this case, obviating any concern as

2  to protection of privacy rights and/or commercially sensitive information.

3      None of Mattel's improper objections are valid and Mattel is obligated to

4  produce all non-privileged responsive documents in its possession, custody, or

5  control.

6

7  **REQUEST FOR PRODUCTION NO. 640**

8      All COMMUNICATIONS between YOU and any supplier REFERRING TO

9  OR RELATING TO whether POLLY POCKET copies, replicates, or in any way

10  imitates the appearance of BRATZ.

11      **RESPONSE TO REQUEST NO. 640:**

12      In addition to the general objections stated above which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it is

14  overbroad and unduly burdensome, including in that it seeks all documents on this

15  subject without limitation as to time, and regardless of whether such documents

16  relate to products or matters at issue in this case.  Mattel further objects to the

17  Request on the grounds that it seeks documents that are not relevant to this action

18  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

19  this Request on the grounds that it seeks confidential, proprietary and trade secret

20  information, including such information that has no bearing on the claims or

21  defenses in this action.  Mattel further objects on the ground that this Request seeks

22  to circumvent the Discovery Master's Orders of April 19, 2007, and May 22, 2007.

23

24  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
25  **SHOULD BE COMPELLED**

26      Mattel has not agreed to produce documents in response to this request,

27  subject to its improper boilerplate objections.  Mattel has refused to confirm

28  whether or not it has produced all non-privileged responsive documents or whether

1    it is withholding documents based on its objections in Phase 2.  Under the Federal

2    Rules of Civil Procedure, "an objection to part of a request must specify the part

3    and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

4    that fail to explain the basis for an objection with specificity are routinely rejected

5    in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

6    188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

7    burdensome and harassing' are improper – especially when a party fails to submit

8    any evidentiary declarations supporting such objections").  Accordingly, Mattel

9    must be compelled either to certify that it has produced all non-privileged

10   responsive documents or to produce all such documents by a date certain.

11          To the extent that Mattel is relying on its blanket objections, they are not

12   sustainable and do not justify Mattel's failure to produce documents.

13          As to overbreadth, Mattel provides no explanation, let alone the required

14   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

15   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

16   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

17   contrary, the request is narrowly tailored to seek communications between Mattel

18   and any supplier referring to whether Mattel's POLLY POCKET line copies,

19   replicates, or imitates the appearance of MGA's BRATZ line of products.

20          As to burden, Mattel has not attempted to demonstrate why responding to

21   this request and/or producing responsive documents presents any burden.  This

22   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

23   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24   request is unduly burdensome must allege specific facts which indicate the nature

25   and extent of the burden, usually by affidavit or other reliable evidence.")

26   Moreover, it is not unduly burdensome, as noted above, in that the request is

27   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

28   has engaged in a broad variety of unfair trade practices including serial copying of

1    MGA products.

2          This request does not seek documents protected by the attorney-client

3    privilege, the attorney work product doctrine, or other applicable privileges.  To the

4    extent that Mattel contends that it does, Mattel must provide a privilege log.

5          Mattel cites to the May 22, 2007 order, but that order is inapposite to this

6    request, which is much narrower than those considered irrelevant and/or improper

7    by the court.  Specifically, the request is narrowly tailored to documents regarding a

8    particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

9    2007 order, but that order is also inapposite to this request, which is much narrower

10   than those considered irrelevant and/or improper by the court.  Specifically, the

11   request is narrowly tailored to communications between Mattel and any supplier

12   related to whether POLLY POCKET copies, replicates, or imitates the appearance

13   of BRATZ.

14         As to relevancy, Mattel has not attempted to demonstrate why the responsive

15   documents are irrelevant to the current action.  On the contrary, MGA has alleged

16   that Mattel is engaged in copying of MGA products, packaging, themes and

17   advertising.  POLLY POCKET is an example of one such product line.  A request

18   to seek communications between Mattel and any supplier referring to whether

19   Mattel's POLLY POCKET line copies, replicates, or imitates the appearance of

20   MGA's BRATZ line of products is therefore relevant to this action and MGA's

21   claim.

22         Mattel objects that the request contains confidential, proprietary, and trade

23   secret information.  A Protective Order exists in this case, obviating any concern as

24   to protection of privacy rights and/or commercially sensitive information.

25         None of Mattel's improper objections are valid and Mattel is obligated to

26   produce all non-privileged responsive documents in its possession, custody, or

27   control.

28

1    **REQUEST FOR PRODUCTION NO. 641**

2         All COMMUNICATIONS between YOU and any third party REFERRING

3    TO OR RELATING TO whether POLLY POCKET copies, replicates, or in any

4    way imitates the appearance of BRATZ.

5         **RESPONSE TO REQUEST NO. 641:**

6         In addition to the general objections stated above which are incorporated

7    herein by reference, Mattel objects to this Request on the grounds that it is

8    overbroad and unduly burdensome, including in that it seeks all documents on this

9    subject without limitation as to time, and regardless of whether such documents

10   relate to products or matters at issue in this case.  Mattel further objects to the

11   Request on the grounds that it seeks documents that are not relevant to this action

12   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

13   this Request on the grounds that it seeks confidential, proprietary and trade secret

14   information, including such information that has no bearing on the claims or

15   defenses in this action.  Mattel further objects to this Request on the grounds that it

16   calls for the disclosure of information subject to the attorney-client privilege, the

17   attorney work-product doctrine and other applicable privileges.  Mattel further

18   objects on the ground that this Request seeks to circumvent the Discovery Master's

19   Orders of April 19, 2007, and May 22, 2007.

20

21   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**
22

23        Mattel has not agreed to produce documents in response to this request,

24   subject to its improper boilerplate objections.  Mattel has refused to confirm

25   whether or not it has produced all non-privileged responsive documents or whether

26   it is withholding documents based on its objections in Phase 2.  Under the Federal

27   Rules of Civil Procedure, "an objection to part of a request must specify the part

28   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

1  that fail to explain the basis for an objection with specificity are routinely rejected

2  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

3  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

4  burdensome and harassing' are improper – especially when a party fails to submit

5  any evidentiary declarations supporting such objections").  Accordingly, Mattel

6  must be compelled either to certify that it has produced all non-privileged

7  responsive documents or to produce all such documents by a date certain.

8        To the extent that Mattel is relying on its blanket objections, they are not

9  sustainable and do not justify Mattel's failure to produce documents.

10       As to overbreadth, Mattel provides no explanation, let alone the required

11 particularity, as to **why** this request is supposedly overly broad, nor can it do so.

12 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

13 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14 contrary, the request is narrowly tailored to seek communications between Mattel

15 and any third party referring to whether Mattel's POLLY POCKET line copies,

16 replicates, or imitates the appearance of MGA's BRATZ line of products.

17       As to burden, Mattel has not attempted to demonstrate why responding to

18 this request and/or producing responsive documents presents any burden.  This

19 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

20 Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21 request is unduly burdensome must allege specific facts which indicate the nature

22 and extent of the burden, usually by affidavit or other reliable evidence.")

23 Moreover, it is not unduly burdensome, as noted above, in that the request is

24 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

25 has engaged in a broad variety of unfair trade practices including serial copying of

26 MGA products.

27       This request does not seek documents protected by the attorney-client

28 privilege, the attorney work product doctrine, or other applicable privileges.  To the

1    extent that Mattel contends that it does, Mattel must provide a privilege log.

2         Mattel cites to the May 22, 2007 order, but that order is inapposite to this

3    request, which is much narrower than those considered irrelevant and/or improper

4    by the court.  Specifically, the request is narrowly tailored to documents regarding a

5    particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,

6    2007 order, but that order is also inapposite to this request, which is much narrower

7    than those considered irrelevant and/or improper by the court.  Specifically, the

8    request is narrowly tailored to communications between Mattel and any third party

9    related to whether POLLY POCKET copies, replicates, or imitates the appearance

10   of BRATZ.

11        As to relevancy, Mattel has not attempted to demonstrate why the responsive

12   documents are irrelevant to the current action.  On the contrary, MGA has alleged

13   that Mattel is engaged in copying of MGA products, packaging, themes and

14   advertising.  POLLY POCKET is an example of one such product line.  A request

15   to seek communications between Mattel and any third party referring to whether

16   Mattel's POLLY POCKET line copies, replicates, or imitates the appearance of

17   MGA's BRATZ line of products is therefore relevant to this action and MGA's

18   claim.

19        Mattel objects that the request contains confidential, proprietary, and trade

20   secret information.  A Protective Order exists in this case, obviating any concern as

21   to protection of privacy rights and/or commercially sensitive information.

22        None of Mattel's improper objections are valid and Mattel is obligated to

23   produce all non-privileged responsive documents in its possession, custody, or

24   control.

25

26   **REQUEST FOR PRODUCTION NO. 642**

27        All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

28   RELATING TO any agreements wherein MATTEL agreed to fund, pay for,

1   contribute to or reimburse any third party for the fees, costs or expenses that third

2   party incurred in connection with the MATTEL LITIGATION.

3       **RESPONSE TO REQUEST NO. 642**

4       In addition to the general objections stated above which are incorporated

5   herein by reference, Mattel objects to this Request on the grounds that it is

6   overbroad and unduly burdensome, including in that it seeks all documents on this

7   subject without limitation as to time, and regardless of whether such documents

8   relate to products or matters at issue in this case.  Mattel further objects to the

9   Request on the grounds that it seeks documents that are not relevant to this action

10  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

11  this Request on the grounds that it seeks confidential, proprietary and trade secret

12  information, including such information that has no bearing on the claims or

13  defenses in this action.  Mattel further objects to this Request on the grounds that it

14  calls for the disclosure of information subject to the attorney-client privilege, the

15  attorney work-product doctrine and other applicable privileges.

16      Subject to and without waiving the foregoing objections, Mattel responds as

17  follows:  Mattel will produce documents sufficient to identify any such person and

18  the amount if any paid on behalf of that person, if any, that Mattel has been able to

19  locate after a diligent search and reasonable inquiry, to the extent not previously

20  produced.

21

22      **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

23

24      Mattel has improperly limited its agreement to produce documents in

25  response to this request to documents "sufficient to identify any such person and

26  the amount …paid," and subject to its improper boilerplate objections.  Mattel has

27  refused to confirm whether or not it has produced all non-privileged responsive

28  documents or whether it is withholding documents based on its objections in Phase

1    2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

2    must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

3    Generic objections that fail to explain the basis for an objection with specificity are

4    routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

5    Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

6    such as 'overly burdensome and harassing' are improper – especially when a party

7    fails to submit any evidentiary declarations supporting such objections").

8    Accordingly, Mattel must be compelled either to certify that it has produced all

9    non-privileged responsive documents or to produce all such documents by a date

10   certain.

11        To the extent that Mattel is relying on its blanket objections, they are not

12   sustainable and do not justify Mattel's failure to produce documents.

13        As to overbreadth, Mattel provides no explanation, let alone the required

14   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

15   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

16   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

17   contrary, the request is narrowly tailored to seek documents relating to agreements

18   wherein Mattel agreed to fund, pay for, contribute to or reimburse any third party

19   for its fees, costs or expenses incurred in connection with the Mattel litigation.

20        As to burden, Mattel has not attempted to demonstrate why responding to

21   this request and/or producing responsive documents presents any burden.  This

22   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

23   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24   request is unduly burdensome must allege specific facts which indicate the nature

25   and extent of the burden, usually by affidavit or other reliable evidence.")

26   Moreover, it is not unduly burdensome, as noted above, in that the request is

27   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

28   has engaged in various unfair trade practices, from serial copying of MGA

1  products, to threatening retailers and suppliers to cease doing business with MGA,

2  to intimidating employees and industry groups in order to prevent MGA from fairly

3  competing.  MGA is entitled to discovery on these claims, including discovery

4  regarding which third parties Mattel has agreed to indemnify during the course of

5  this litigation, and any information about the negotiation and execution of those

6  agreements.

7        Mattel objects that the request contains confidential, proprietary and trade

8  secret information.  A Protective Order exists in this case, obviating any concern as

9  to protection of privacy rights and/or commercially sensitive information.

10        This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13        None of Mattel's improper objections are valid and Mattel is obligated to

14  produce all non-privileged responsive documents in its possession, custody, or

15  control.

16

17  **REQUEST FOR PRODUCTION NO. 643**

18        All DOCUMENTS and COMMUNICATIONS REFERRING TO OR

19  RELATING TO any agreements wherein MATTEL agreed to fund, pay for,

20  contribute to or reimburse any MATTEL employee or former MATTEL employee

21  for any fees, costs or expenses incurred in connection with the MATTEL

22  LITIGATION.

23        **RESPONSE TO REQUEST NO. 643**

24        In addition to the general objections stated above which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it is

26  overbroad and unduly burdensome, including in that it seeks all documents on this

27  subject without limitation as to time, and regardless of whether such documents

28  relate to products or matters at issue in this case.  Mattel further objects to the

1    Request on the grounds that it seeks documents that are not relevant to this action

2    or likely to lead to the discovery of admissible evidence.  Mattel further objects to

3    this Request on the grounds that it seeks confidential, proprietary and trade secret

4    information, including such information that has no bearing on the claims or

5    defenses in this action.  Mattel further objects to this Request on the grounds that it

6    calls for the disclosure of information subject to the attorney-client privilege, the

7    attorney work-product doctrine and other applicable privileges.

8          Subject to and without waiving the foregoing objections, Mattel responds as

9    follows:  Mattel will produce documents sufficient to identify any such person and

10   the amount if any paid on behalf of that person, if any, that Mattel has been able to

11   locate after a diligent search and reasonable inquiry, to the extent not previously

12   produced.

13

14   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

15

16         Mattel has improperly limited its agreement to produce documents in

17   response to this request to documents "sufficient to identify any such person and

18   the amount …paid," and subject to its improper boilerplate objections.  Mattel has

19   refused to confirm whether or not it has produced all non-privileged responsive

20   documents or whether it is withholding documents based on its objections in Phase

21   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

22   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

23   Generic objections that fail to explain the basis for an objection with specificity are

24   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

25   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

26   such as 'overly burdensome and harassing' are improper – especially when a party

27   fails to submit any evidentiary declarations supporting such objections").

28   Accordingly, Mattel must be compelled either to certify that it has produced all

1   non-privileged responsive documents or to produce all such documents by a date
2   certain.

3       To the extent that Mattel is relying on its blanket objections, they are not
4   sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the required
6   particularity, as to *why* this request is supposedly overly broad, nor can it do so.
7   This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
8   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
9   contrary, the request is narrowly tailored to seek documents relating to agreements
10  wherein Mattel agreed to fund, pay for, contribute to or reimburse any past or
11  present Mattel employee for fees, costs or expenses incurred in connection with the
12  Mattel litigation.

13      As to burden, Mattel has not attempted to demonstrate why responding to
14  this request and/or producing responsive documents presents any burden. This
15  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co.,
16  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
17  request is unduly burdensome must allege specific facts which indicate the nature
18  and extent of the burden, usually by affidavit or other reliable evidence.")
19  Moreover, it is not unduly burdensome, as noted above, in that the request is
20  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
21  has engaged in various unfair trade practices, from serial copying of MGA
22  products, to threatening retailers and suppliers to cease doing business with MGA,
23  to intimidating employees and industry groups in order to prevent MGA from fairly
24  competing. MGA is entitled to discovery on these claims, including discovery
25  regarding which of its past or present employees Mattel has agreed to indemnify
26  during the course of this litigation, and any information about the negotiation and
27  execution of those agreements.

28      Mattel objects that the request contains confidential, proprietary and trade

1  secret information.  A Protective Order exists in this case, obviating any concern as
2  to protection of privacy rights and/or commercially sensitive information.

3       This request does not seek documents protected by the attorney-client
4  privilege, the attorney work product doctrine, or other applicable privileges.  To the
5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6       None of Mattel's improper objections are valid and Mattel is obligated to
7  produce all non-privileged responsive documents in its possession, custody, or
8  control.

9

10 **REQUEST FOR PRODUCTION NO. 644**

11      All DOCUMENTS REFERRING TO OR RELATING TO any
12 COMMUNICATIONS between YOU and any retailer, sales person or
13 merchandiser world wide REFERRING TO OR RELATING TO the allocation of
14 shelf space, plangram space, altering of retail displays or placement of LITTLE
15 TIKES in retail stores.

16      **RESPONSE TO REQUEST NO. 644**

17      In addition to the general objections stated above which are incorporated
18 herein by reference, Mattel objects to this Request on the grounds that it is
19 overbroad and unduly burdensome, including in that it seeks all documents on this
20 subject without limitation as to time or geographic location, and regardless of
21 whether such documents relate to products or matters at issue in this case.  Mattel
22 further objects to the Request on the grounds that it seeks documents that are not
23 relevant to this action or likely to lead to the discovery of admissible evidence.
24 Mattel further objects to this Request on the grounds that it seeks confidential,
25 proprietary and trade secret information, including such information that has no
26 bearing on the claims or defenses in this action.  Mattel further objects to this
27 Request on the grounds that it calls for the disclosure of information subject to the

28

1    attorney-client privilege, the attorney work-product doctrine and other applicable

2    privileges.

3

4    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

5

6        Mattel has not agreed to produce documents in response to this request,

7    subject to its improper boilerplate objections.  Mattel has refused to confirm

8    whether or not it has produced all non-privileged responsive documents or whether

9    it is withholding documents based on its objections in Phase 2.  Under the Federal

10   Rules of Civil Procedure, "an objection to part of a request must specify the part

11   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

12   that fail to explain the basis for an objection with specificity are routinely rejected

13   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

14   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

15   burdensome and harassing' are improper – especially when a party fails to submit

16   any evidentiary declarations supporting such objections").  Accordingly, Mattel

17   must be compelled either to certify that it has produced all non-privileged

18   responsive documents or to produce all such documents by a date certain.

19       To the extent that Mattel is relying on its blanket objections, they are not

20   sustainable and do not justify Mattel's failure to produce documents.

21       As to overbreadth, Mattel provides no explanation, let alone the required

22   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

23   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

24   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

25   contrary, the request is narrowly tailored to seek documents concerning the

26   placement of Little Tikes in retail stores.

27       As to burden, Mattel has not attempted to demonstrate why responding to

28   this request and/or producing responsive documents presents any burden.  This

1  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

2  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3  request is unduly burdensome must allege specific facts which indicate the nature

4  and extent of the burden, usually by affidavit or other reliable evidence.")

5  Moreover, it is not unduly burdensome, as noted above, in that the request is

6  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7  has engaged in a broad variety of acts amounting to unclean hands, including

8  gaining information about MGA's Plan-O-Grams and merchandising displays.

9  MGA is entitled to discovery on these claims.

10      This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13      Mattel objects that the request seeks confidential, proprietary and trade secret

14  information.  A Protective Order exists in this case, obviating any concern as to

15  protection of privacy rights and/or commercially sensitive information.

16      Mattel also objects to the request on the ground that is seeks information not

17  relevant to the action.  MGA's affirmative defenses includes the defense of unclean

18  hands, which is based in part on the allegation that Mattel obtained information

19  about MGA's Plan-O-Grams and merchandising displays.  This request seeks

20  documents directly related to that allegation for the MGA product Little Tikes.

21      None of Mattel's improper objections are valid and Mattel is obligated to

22  produce all non-privileged responsive documents in its possession, custody, or

23  control.

24

25  **REQUEST FOR PRODUCTION NO. 646**

26      All DOCUMENTS REFERRING TO OR RELATING TO any

27  COMMUNICATIONS between FISHER-PRICE and any retailer, sales person or

28  merchandiser world wide REFERRING TO OR RELATING TO the allocation of

1  shelf space, plangram space, altering of retail displays or placement of LITTLE

2  TIKES in retail stores.

3  **RESPONSE TO REQUEST NO. 646**

4       In addition to the general objections stated above which are incorporated

5  herein by reference, Mattel objects to this Request on the grounds that it is

6  overbroad and unduly burdensome, including in that it seeks all documents on this

7  subject without limitation as to time or geographic location, and regardless of

8  whether such documents relate to products or matters at issue in this case.  Mattel

9  further objects to the Request on the grounds that it seeks documents that are not

10  relevant to this action or likely to lead to the discovery of admissible evidence.

11  Mattel further objects to this Request on the grounds that it seeks confidential,

12  proprietary and trade secret information, including such information that has no

13  bearing on the claims or defenses in this action.  Mattel further objects to this

14  Request on the grounds that it calls for the disclosure of information subject to the

15  attorney-client privilege, the attorney work-product doctrine and other applicable

16  privileges.

17

18  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
   **SHOULD BE COMPELLED**

19

20       Mattel has not agreed to produce documents in response to this request,

21  subject to its improper boilerplate objections.  Mattel has refused to confirm

22  whether or not it has produced all non-privileged responsive documents or whether

23  it is withholding documents based on its objections in Phase 2.  Under the Federal

24  Rules of Civil Procedure, "an objection to part of a request must specify the part

25  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

26  that fail to explain the basis for an objection with specificity are routinely rejected

27  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

28  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

1   burdensome and harassing' are improper – especially when a party fails to submit

2   any evidentiary declarations supporting such objections").  Accordingly, Mattel

3   must be compelled either to certify that it has produced all non-privileged

4   responsive documents or to produce all such documents by a date certain.

5       To the extent that Mattel is relying on its blanket objections, they are not

6   sustainable and do not justify Mattel's failure to produce documents.

7       As to overbreadth, Mattel provides no explanation, let alone the required

8   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

9   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

11  contrary, the request is narrowly tailored to seek documents concerning the

12  placement of Little Tikes in retail stores.

13      As to burden, Mattel has not attempted to demonstrate why responding to

14  this request and/or producing responsive documents presents any burden.  This

15  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

16  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17  request is unduly burdensome must allege specific facts which indicate the nature

18  and extent of the burden, usually by affidavit or other reliable evidence.")

19  Moreover, it is not unduly burdensome, as noted above, in that the request is

20  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

21  has engaged in a broad variety of acts amounting to unclean hands, including

22  gaining information about MGA's Plan-O-Grams and merchandising displays.

23  MGA is entitled to discovery on these claims.

24      This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges.  To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27      Mattel objects that the request seeks confidential, proprietary and trade secret

28  information.  A Protective Order exists in this case, obviating any concern as to

1    protection of privacy rights and/or commercially sensitive information.

2         Mattel also objects to the request on the ground that is seeks information not

3    relevant to the action.  MGA's affirmative defenses includes the defense of unclean

4    hands, which is based in part on the allegation that Mattel obtained information

5    about MGA's Plan-O-Grams and merchandising displays.  This request seeks

6    documents directly related to that allegation for the MGA product Little Tikes.

7         None of Mattel's improper objections are valid and Mattel is obligated to

8    produce all non-privileged responsive documents in its possession, custody, or

9    control.

10

11    **REQUEST FOR PRODUCTION NO. 648**

12         All DOCUMENTS REFERRING TO OR RELATING TO HOLLY

13    HOBBIE that also REFER TO OR RELATE TO BRATZ.

14         **RESPONSE TO REQUEST NO. 648**

15         In addition to the general objections stated above which are incorporated

16    herein by reference, Mattel objects to this Request on the grounds that it is

17    overbroad and unduly burdensome, including in that it seeks all documents on this

18    subject without limitation as to time, and regardless of whether such documents

19    relate to products or matters at issue in this case.  Mattel further objects to the

20    Request on the grounds that it seeks documents that are not relevant to this action

21    or likely to lead to the discovery of admissible evidence.  Mattel further objects to

22    this Request on the grounds that it seeks confidential, proprietary and trade secret

23    information, including such information that has no bearing on the claims or

24    defenses in this action.  Mattel further objects to this Request on the grounds that it

25    calls for the disclosure of information subject to the attorney-client privilege, the

26    attorney work-product doctrine and other applicable privileges.  Mattel further

27    objects on the ground that this Request seeks to circumvent the Discovery Master's

28    Order dated May 22, 2007.

1

2   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

3

4       Mattel has not agreed to produce documents in response to this request,

5   subject to its improper boilerplate objections.  Mattel has refused to confirm

6   whether or not it has produced all non-privileged responsive documents or whether

7   it is withholding documents based on its objections in Phase 2.  Under the Federal

8   Rules of Civil Procedure, "an objection to part of a request must specify the part

9   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

10  that fail to explain the basis for an objection with specificity are routinely rejected

11  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

12  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

13  burdensome and harassing' are improper – especially when a party fails to submit

14  any evidentiary declarations supporting such objections").  Accordingly, Mattel

15  must be compelled either to certify that it has produced all non-privileged

16  responsive documents or to produce all such documents by a date certain.

17      To the extent that Mattel is relying on its blanket objections, they are not

18  sustainable and do not justify Mattel's failure to produce documents.

19      As to overbreadth, Mattel provides no explanation, let alone the required

20  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

21  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23  contrary, the request is narrowly tailored to seek documents relating to both Holly

24  Hobbie and Bratz.

25      As to burden, Mattel has not attempted to demonstrate why responding to

26  this request and/or producing responsive documents presents any burden.  This

27  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

28  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

OHS West:260723212

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET SEVEN; CV 04-9049 SGL (RNBx)

1   request is unduly burdensome must allege specific facts which indicate the nature

2   and extent of the burden, usually by affidavit or other reliable evidence.")

3   Moreover, it is not unduly burdensome, as noted above, in that the request is

4   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

5   has engaged in various unfair trade practices, from serial copying of MGA

6   products, to threatening retailers and suppliers to cease doing business with MGA,

7   to intimidating employees and industry groups in order to prevent MGA from fairly

8   competing.  MGA is entitled to discovery on these claims, including discovery

9   relating to Bratz and its competitor product Holly Hobbie.

10        Mattel objects that the request contains confidential, proprietary and trade

11   secret information.  A Protective Order exists in this case, obviating any concern as

12   to protection of privacy rights and/or commercially sensitive information.

13        This request does not seek documents protected by the attorney-client

14   privilege, the attorney work product doctrine, or other applicable privileges.  To the

15   extent that Mattel contends that it does, Mattel must provide a privilege log.

16        Mattel cites to the May 22, 2007 order, but that order is inapposite to this

17   request, which is much narrower than those considered irrelevant and/or improper

18   by the court.  Specifically, the request is narrowly tailored to documents regarding

19   both of two particular product lines, namely Holly Hobbie and Bratz.

20        None of Mattel's improper objections are valid and Mattel is obligated to

21   produce all non-privileged responsive documents in its possession, custody, or

22   control.

23

24   **<u>REQUEST FOR PRODUCTION NO. 649</u>**

25        All COMMUNICATIONS between YOU and any third party REFERRING

26   TO OR RELATING TO HOLLY HOBBIE that also REFER TO OR RELATE TO

27   BRATZ.

28

1

## RESPONSE TO REQUEST NO. 649

2      In addition to the general objections stated above which are incorporated

3   herein by reference, Mattel objects to this Request on the grounds that it is

4   overbroad and unduly burdensome, including in that it seeks all documents on this

5   subject without limitation as to time, and regardless of whether such documents

6   relate to products or matters at issue in this case.  Mattel further objects to the

7   Request on the grounds that it seeks documents that are not relevant to this action

8   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

9   this Request on the grounds that it seeks confidential, proprietary and trade secret

10  information, including such information that has no bearing on the claims or

11  defenses in this action.  Mattel further objects to this Request on the grounds that it

12  calls for the disclosure of information subject to the attorney-client privilege, the

13  attorney work-product doctrine and other applicable privileges.  Mattel further

14  objects on the ground that this Request seeks to circumvent the Discovery Master's

15  Order dated May 22, 2007.

16

17      ### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
        SHOULD BE COMPELLED

18

19      Mattel has not agreed to produce documents in response to this request,

20  subject to its improper boilerplate objections.  Mattel has refused to confirm

21  whether or not it has produced all non-privileged responsive documents or whether

22  it is withholding documents based on its objections in Phase 2.  Under the Federal

23  Rules of Civil Procedure, "an objection to part of a request must specify the part

24  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

25  that fail to explain the basis for an objection with specificity are routinely rejected

26  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

27  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

28  burdensome and harassing' are improper – especially when a party fails to submit

- 171 -

1    any evidentiary declarations supporting such objections").  Accordingly, Mattel

2    must be compelled either to certify that it has produced all non-privileged

3    responsive documents or to produce all such documents by a date certain.

4         To the extent that Mattel is relying on its blanket objections, they are not

5    sustainable and do not justify Mattel's failure to produce documents.

6         As to overbreadth, Mattel provides no explanation, let alone the required

7    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10   contrary, the request is narrowly tailored to seek documents relating to

11   communications between Mattel and a third party regarding both Holly Hobbie and

12   Bratz.

13        As to burden, Mattel has not attempted to demonstrate why responding to

14   this request and/or producing responsive documents presents any burden.  This

15   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

16   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17   request is unduly burdensome must allege specific facts which indicate the nature

18   and extent of the burden, usually by affidavit or other reliable evidence.")

19   Moreover, it is not unduly burdensome, as noted above, in that the request is

20   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

21   has engaged in various unfair trade practices, from serial copying of MGA

22   products, to threatening retailers and suppliers to cease doing business with MGA,

23   to intimidating employees and industry groups in order to prevent MGA from fairly

24   competing.  MGA is entitled to discovery on these claims, including discovery

25   relating to Mattel's communications about Bratz and its competitor product Holly

26   Hobbie.

27        Mattel objects that the request contains confidential, proprietary and trade

28   secret information.  A Protective Order exists in this case, obviating any concern as

1  to protection of privacy rights and/or commercially sensitive information.

2          This request does not seek documents protected by the attorney-client

3  privilege, the attorney work product doctrine, or other applicable privileges.  To the

4  extent that Mattel contends that it does, Mattel must provide a privilege log.

5          Mattel cites to the May 22, 2007 order, but that order is inapposite to this

6  request, which is much narrower than those considered irrelevant and/or improper

7  by the court.  Specifically, the request is narrowly tailored to documents regarding

8  communications between a specified entity, namely Mattel, and any third party

9  regarding both of two particular product lines, namely Holly Hobbie and Bratz.

10          None of Mattel's improper objections are valid and Mattel is obligated to

11  produce all non-privileged responsive documents in its possession, custody, or

12  control.

13

14  **REQUEST FOR PRODUCTION NO. 650**

15          All COMMUNICATIONS between YOU and AMERICAN GREETINGS

16  REFERRING TO OR RELATING TO HOLLY HOBBIE that also REFER TO OR

17  RELATE TO BRATZ.

18          **RESPONSE TO REQUEST NO. 650**

19          In addition to the general objections stated above which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is

21  overbroad and unduly burdensome, including in that it seeks all documents on this

22  subject without limitation as to time, and regardless of whether such documents

23  relate to products or matters at issue in this case.  Mattel further objects to the

24  Request on the grounds that it seeks documents that are not relevant to this action

25  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

26  this Request on the grounds that it seeks confidential, proprietary and trade secret

27  information, including such information that has no bearing on the claims or

28  defenses in this action.  Mattel further objects on the ground that this Request seeks

1   to circumvent the Discovery Master's Order dated May 22, 2007.

2

3   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

4

5   Mattel has not agreed to produce documents in response to this request,

6   subject to its improper boilerplate objections.  Mattel has refused to confirm

7   whether or not it has produced all non-privileged responsive documents or whether

8   it is withholding documents based on its objections in Phase 2.  Under the Federal

9   Rules of Civil Procedure, "an objection to part of a request must specify the part

10  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

11  that fail to explain the basis for an objection with specificity are routinely rejected

12  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

13  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

14  burdensome and harassing' are improper – especially when a party fails to submit

15  any evidentiary declarations supporting such objections").  Accordingly, Mattel

16  must be compelled either to certify that it has produced all non-privileged

17  responsive documents or to produce all such documents by a date certain.

18  To the extent that Mattel is relying on its blanket objections, they are not

19  sustainable and do not justify Mattel's failure to produce documents.

20  As to overbreadth, Mattel provides no explanation, let alone the required

21  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

22  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

23  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

24  contrary, the request is narrowly tailored to seek documents relating to

25  communications between Mattel and American Greetings relating to both Holly

26  Hobbie and Bratz.

27  As to burden, Mattel has not attempted to demonstrate why responding to

28  this request and/or producing responsive documents presents any burden.  This

1  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

2  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3  request is unduly burdensome must allege specific facts which indicate the nature

4  and extent of the burden, usually by affidavit or other reliable evidence.")

5  Moreover, it is not unduly burdensome, as noted above, in that the request is

6  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7  has engaged in various unfair trade practices, from serial copying of MGA

8  products, to threatening retailers and suppliers to cease doing business with MGA,

9  to intimidating employees and industry groups in order to prevent MGA from fairly

10  competing.  MGA is entitled to discovery on these claims, including discovery

11  relating to communications between Mattel and American Greetings involving both

12  Bratz and its competitor product Holly Hobbie.

13       Mattel objects that the request contains confidential, proprietary and trade

14  secret information.  A Protective Order exists in this case, obviating any concern as

15  to protection of privacy rights and/or commercially sensitive information.

16       Mattel cites to the May 22, 2007 order, but that order is inapposite to this

17  request, which is much narrower than those considered irrelevant and/or improper

18  by the court.  Specifically, the request is narrowly tailored to documents regarding

19  communications between two specific entities, Mattel and American Greetings, and

20  involving both of two particular product lines, namely Holly Hobbie and Bratz.

21       None of Mattel's improper objections are valid and Mattel is obligated to

22  produce all non-privileged responsive documents in its possession, custody, or

23  control.

24

25

26  **REQUEST FOR PRODUCTION NO. 651**

27       DOCUMENTS sufficient to determine total sales, revenues, royalties, costs

28  of goods sold and any other costs attributable to net profits REFERRING TO OR

1   RELATING TO each BARBIE product, broken down by SKU #, from 2001 to the
2   present.

3       **RESPONSE TO REQUEST NO. 651:**

4       In addition to the general objections stated above which are incorporated
5   herein by reference, Mattel objects to this Request on the grounds that it is
6   overbroad, unduly burdensome, and unintelligible, including in that it seeks all
7   documents regardless of whether such documents relate to products or matters at
8   issue in this case.  Mattel further objects to the Request on the grounds that it seeks
9   documents that are not relevant to this action or likely to lead to the discovery of
10  admissible evidence.  Mattel further objects to this Request on the grounds that it
11  seeks confidential, proprietary and trade secret information, including such
12  information that has no bearing on the claims or defenses in this action.  Mattel
13  further objects to this Request on the grounds that it calls for the disclosure of
14  information subject to the attorney-client privilege, the attorney work-product
15  doctrine and other applicable privileges.

16

17      **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
        SHOULD BE COMPELLED**
18

19      Mattel has not agreed to produce documents in response to this request,
20  subject to its improper boilerplate objections.  Mattel has refused to confirm
21  whether or not it has produced all non-privileged responsive documents or whether
22  it is withholding documents based on its objections in Phase 2.  Under the Federal
23  Rules of Civil Procedure, "an objection to part of a request must specify the part
24  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections
25  that fail to explain the basis for an objection with specificity are routinely rejected
26  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,
27  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly
28  burdensome and harassing' are improper – especially when a party fails to submit

1   any evidentiary declarations supporting such objections").  Accordingly, Mattel

2   must be compelled either to certify that it has produced all non-privileged

3   responsive documents or to produce all such documents by a date certain.

4       To the extent that Mattel is relying on its blanket objections, they are not

5   sustainable and do not justify Mattel's failure to produce documents.

6       As to overbreadth, Mattel provides no explanation, let alone the required

7   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10  contrary, the request is narrowly tailored to seek several specific categories of

11  information relating to the net profits of BARBIE products.

12      As to burden, Mattel has not attempted to demonstrate why responding to

13  this request and/or producing responsive documents presents any burden.  This

14  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

15  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

16  request is unduly burdensome must allege specific facts which indicate the nature

17  and extent of the burden, usually by affidavit or other reliable evidence.")

18  Moreover, it is not unduly burdensome, as noted above, in that the request is

19  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

20  has engaged in a broad variety of unfair trade practices, from serial copying of

21  MGA products, to threatening retailers and suppliers to cease doing business with

22  MGA.  MGA is entitled to discovery on these claims.

23      This request does not seek documents protected by the attorney-client

24  privilege, the attorney work product doctrine, or other applicable privileges.  To the

25  extent that Mattel contends that it does, Mattel must provide a privilege log.

26      As to relevancy, Mattel has not attempted to demonstrate why the responsive

27  documents are irrelevant to the current action.  On the contrary, MGA has alleged

28  that Mattel is engaged in copying of MGA products, and BARBIE is an example of

1  one such product line.  A request for documents that relate to the total sales,

2  revenue, royalties, costs of goods sold and any other costs attributable to net profits

3  associated with each BARBIE product is therefore relevant to this action and

4  MGA's claims.

5       Mattel objects that the request contains confidential, proprietary, and trade

6  secret information.  A Protective Order exists in this case, obviating any concern as

7  to protection of privacy rights and/or commercially sensitive information.

8       None of Mattel's improper objections are valid and Mattel is obligated to

9  produce all non-privileged responsive documents in its possession, custody, or

10  control.

11

12  **REQUEST FOR PRODUCTION NO. 652**

13       DOCUMENTS sufficient to determine total sales, revenues, royalties, costs

14  of goods sold and any other costs attributable to net profits REFERRING TO OR

15  RELATING TO each HOT WHEELS product, broken down by SKU #, from 2001

16  to the present.

17       **RESPONSE TO REQUEST NO. 652:**

18       In addition to the general objections stated above which are incorporated

19  herein by reference, Mattel objects to this Request on the grounds that it is

20  overbroad, unduly burdensome and unintelligible, including in that it seeks all

21  documents regardless of whether such documents relate to products or matters at

22  issue in this case.  Mattel further objects to the Request on the grounds that it seeks

23  documents that are not relevant to this action or likely to lead to the discovery of

24  admissible evidence.  Mattel further objects to this Request on the grounds that it

25  seeks confidential, proprietary and trade secret information, including such

26  information that has no bearing on the claims or defenses in this action.  Mattel

27  further objects to this Request on the grounds that it calls for the disclosure of

28

OHS West:260723212

- 178 -

1    information subject to the attorney-client privilege, the attorney work-product

2    doctrine and other applicable privileges.

3

4    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

5

6         Mattel has not agreed to produce documents in response to this request,

7    subject to its improper boilerplate objections.  Mattel has refused to confirm

8    whether or not it has produced all non-privileged responsive documents or whether

9    it is withholding documents based on its objections in Phase 2.  Under the Federal

10   Rules of Civil Procedure, "an objection to part of a request must specify the part

11   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

12   that fail to explain the basis for an objection with specificity are routinely rejected

13   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

14   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

15   burdensome and harassing' are improper – especially when a party fails to submit

16   any evidentiary declarations supporting such objections").  Accordingly, Mattel

17   must be compelled either to certify that it has produced all non-privileged

18   responsive documents or to produce all such documents by a date certain.

19        To the extent that Mattel is relying on its blanket objections, they are not

20   sustainable and do not justify Mattel's failure to produce documents.

21        As to overbreadth, Mattel provides no explanation, let alone the required

22   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

23   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

24   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

25   contrary, the request is narrowly tailored to seek documents sufficient enough to

26   determine total sales, revenues, royalties, costs of goods sold and any other costs

27   attributable to net profits associated with each HOT WHEELS product, broken

28   down by SKU #, from 2001 to the present.

1       As to burden, Mattel has not attempted to demonstrate why responding to

2   this request and/or producing responsive documents presents any burden.  This

3   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

4   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5   request is unduly burdensome must allege specific facts which indicate the nature

6   and extent of the burden, usually by affidavit or other reliable evidence.")

7   Moreover, it is not unduly burdensome, as noted above, in that the request is

8   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9   has engaged in a broad variety of unfair trade practices, from serial copying of

10  MGA products, to threatening retailers and suppliers to cease doing business with

11  MGA.  MGA is entitled to discovery on these claims.

12      This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges.  To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15      As to relevancy, Mattel has not attempted to demonstrate why the responsive

16  documents are irrelevant to the current action.  On the contrary, MGA has alleged

17  that Mattel is engaged in copying of MGA products, and HOT WHEELS is an

18  example of one such product line.  A request for documents that relate to the total

19  sales, revenue, royalties, costs of goods sold and any other costs attributable to net

20  profits associated with each HOT WHEEL product is therefore relevant to this

21  action and MGA's claim.

22      None of Mattel's improper objections are valid and Mattel is obligated to

23  produce all non-privileged responsive documents in its possession, custody, or

24  control.

25

26  **REQUEST FOR PRODUCTION NO. 656**

27      DOCUMENTS sufficient to determine total sales, revenues, royalties, costs

28  of goods sold and any other costs attributable to net profits REFERRING TO OR

1    RELATING TO each POLLY POCKET product, broken down by SKU #, from

2    2001 to the present.

3            **RESPONSE TO REQUEST NO. 656:**

4            In addition to the general objections stated above which are incorporated

5    herein by reference, Mattel objects to this Request on the grounds that it is

6    overbroad and unduly burdensome, including in that it seeks all documents

7    regardless of whether such documents relate to products or matters at issue in this

8    case.  Mattel further objects to the Request on the grounds that it seeks documents

9    that are not relevant to this action or likely to lead to the discovery of admissible

10   evidence.  Mattel further objects to this Request on the grounds that it seeks

11   confidential, proprietary and trade secret information, including such information

12   that has no bearing on the claims or defenses in this action.  Mattel further objects

13   to this Request on the grounds that it calls for the disclosure of information subject

14   to the attorney-client privilege, the attorney work-product doctrine and other

15   applicable privileges.  Mattel further objects on the ground that this Request seeks

16   to circumvent the Discovery Master's Orders of April 19, 2007, and May 22, 2007.

17

18           **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
             **SHOULD BE COMPELLED**
19

20           Mattel has not agreed to produce documents in response to this request,

21   subject to its improper boilerplate objections.  Mattel has refused to confirm

22   whether or not it has produced all non-privileged responsive documents or whether

23   it is withholding documents based on its objections in Phase 2.  Under the Federal

24   Rules of Civil Procedure, "an objection to part of a request must specify the part

25   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

26   that fail to explain the basis for an objection with specificity are routinely rejected

27   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

28   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

1   burdensome and harassing' are improper – especially when a party fails to submit

2   any evidentiary declarations supporting such objections").  Accordingly, Mattel

3   must be compelled either to certify that it has produced all non-privileged

4   responsive documents or to produce all such documents by a date certain.

5          To the extent that Mattel is relying on its blanket objections, they are not

6   sustainable and do not justify Mattel's failure to produce documents.

7          As to overbreadth, Mattel provides no explanation, let alone the required

8   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

9   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

11  contrary, the request is narrowly tailored to seek documents sufficient enough to

12  determine total sales, revenues, royalties, costs of goods sold and any other costs

13  attributable to net profits associated with each POLLY POCKET product, broken

14  down by SKU #, from 2001 to the present.

15         As to burden, Mattel has not attempted to demonstrate why responding to

16  this request and/or producing responsive documents presents any burden.  This

17  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.")

21  Moreover, it is not unduly burdensome, as noted above, in that the request is

22  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23  has engaged in a broad variety of unfair trade practices, from serial copying of

24  MGA products, to threatening retailers and suppliers to cease doing business with

25  MGA.  MGA is entitled to discovery on these claims.

26         This request does not seek documents protected by the attorney-client

27  privilege, the attorney work product doctrine, or other applicable privileges.  To the

28  extent that Mattel contends that it does, Mattel must provide a privilege log.

1    Mattel cites to the May 22, 2007 order, but that order is inapposite to this
2    request, which is much narrower than those considered irrelevant and/or improper
3    by the court.  Specifically, the request is narrowly tailored to documents regarding a
4    particular product line, namely POLLY POCKET.  Mattel also cites to the April 19,
5    2007 order, but that order is also inapposite to this request, which is much narrower
6    than those considered irrelevant and/or improper by the court.  Specifically, the
7    request is narrowly tailored to documents sufficient to determine total sales,
8    revenues, royalties, costs of goods sold and any other costs attributable to net
9    profits referring to each POLLY POCKET product.

10    As to relevancy, Mattel has not attempted to demonstrate why the responsive
11    documents are irrelevant to the current action.  On the contrary, MGA has alleged
12    that Mattel is engaged in copying of MGA products, and POLLY POCKET is an
13    example of one such product line.  A request for documents that relate to the total
14    sales, revenue, royalties, costs of goods sold and any other costs attributable to net
15    profits associated with each POLLY POCKET product is therefore relevant to this
16    action and MGA's claim.

17    Mattel objects that the request contains confidential, proprietary, and trade
18    secret information.  A Protective Order exists in this case, obviating any concern as
19    to protection of privacy rights and/or commercially sensitive information.

20    None of Mattel's improper objections are valid and Mattel is obligated to
21    produce all non-privileged responsive documents in its possession, custody, or
22    control.

23

24    **REQUEST FOR PRODUCTION NO. 674**

25    A sample of each CONTESTED MATTEL PRODUCT, including, without
26    limitation, each MY SCENE DOLL, sold by YOU or YOUR licensees.

27

28

## RESPONSE TO REQUEST NO. 674

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.

- 184 -

1   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
2   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
3   contrary, the request is narrowly tailored to seek only samples of contested Mattel
4   products.

5          As to burden, Mattel has not attempted to demonstrate why responding to
6   this request and/or producing responsive documents presents any burden.  This
7   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
8   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
9   request is unduly burdensome must allege specific facts which indicate the nature
10  and extent of the burden, usually by affidavit or other reliable evidence.")
11  Moreover, it is not unduly burdensome, as noted above, in that the request is
12  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
13  has engaged in a broad variety of unfair trade practices  including serial copying of
14  MGA products.  MGA is entitled to discovery on the contested Mattel products,
15  which are at the heart of these claims.

16         Mattel also objects that samples of the contest Mattel products are not
17  relevant to the action.  Nothing could be further from the truth.  MGA's affirmative
18  claims include allegations that Mattel intentionally copied its products.  MGA is
19  now seeking discovery on those claims, including the production of samples of the
20  products that MGA believes infringe upon its rights.  Mattel has sought production
21  of samples of MGA products.  It cannot prevent production of samples of its
22  infringing products, especially where the products at issue are at the heart of
23  MGA's claims.

24         None of Mattel's improper objections are valid and Mattel is obligated to
25  produce all non-privileged responsive documents in its possession, custody, or
26  control.

27

28

1   **REQUEST FOR PRODUCTION NO. 675**

2          All DOCUMENTS that REFERRING OR RELATING TO MATTEL'S

3   recruiting practices for toy or packaging designers and/or developers, including, but

4   not limited to, the hiring of employees and freelancers, paying individuals for test

5   projects or licenses to designs, or otherwise creating a legal relationship between

6   MATTEL and any PERSON with respect to that person's designs.

7          **RESPONSE TO REQUEST NO. 675**

8          In addition to the general objections stated above which are incorporated

9   herein by reference, Mattel objects to this Request on the grounds that it is

10  overbroad and unduly burdensome, including in that it seeks all documents on this

11  subject without limitation as to time, and regardless of whether such documents

12  relate to products or matters at issue in this case.  Mattel further objects to the

13  Request on the grounds that it seeks documents that are not relevant to this action

14  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

15  this Request on the grounds that it seeks confidential, proprietary and trade secret

16  information, including such information that has no bearing on the claims or

17  defenses in this action.  Mattel further objects to this Request on the grounds that it

18  calls for the disclosure of information subject to the attorney-client privilege, the

19  attorney work-product doctrine and other applicable privileges.  Mattel further

20  objects to the extent the Request seeks documents already produced by Mattel.

21  Such documents will not be produced again.

22

23  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

24

25          Mattel has not agreed to produce documents in response to this request,

26  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

27  Procedure, "an objection to part of a request must specify the part and permit

28  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

1   explain the basis for an objection with specificity are routinely rejected in the

2   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

3   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

4   and harassing' are improper – especially when a party fails to submit any

5   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

6   compelled either to certify that it has produced all non-privileged responsive

7   documents or to produce all such documents by a date certain.

8        To the extent that Mattel is relying on its blanket objections, they are not

9   sustainable and do not justify Mattel's failure to produce documents.

10       As to overbreadth, Mattel provides no explanation, let alone the required

11   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

12   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

13   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14   contrary, the request is narrowly tailored to seek documents specifically concerning

15   Mattel's recruiting practices for toy or packaging designers and/or developers.

16       As to burden, Mattel has not attempted to demonstrate why responding to

17   this request and/or producing responsive documents presents any burden.  This

18   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

19   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20   request is unduly burdensome must allege specific facts which indicate the nature

21   and extent of the burden, usually by affidavit or other reliable evidence.")

22   Moreover, it is not unduly burdensome, as noted above, in that the request is

23   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

24   has engaged in a variety of unfair trade practices including restricting employee

25   mobility and threatening and intimidating former and current MGA employees and

26   contractors.  MGA entitled to discovery on these claims.

27       Mattel objects that the request contains confidential, proprietary and trade

28   secret information.  A Protective Order exists in this case, obviating any concern as

1    to protection of privacy rights and/or commercially sensitive information.

2         This request does not seek documents protected by the attorney-client

3    privilege, the attorney work product doctrine, or other applicable privileges.  To the

4    extent that Mattel contends that it does, Mattel must provide a privilege log.

5         None of Mattel's improper objections are valid and Mattel is obligated to

6    produce all non-privileged responsive documents in its possession, custody, or

7    control.

8

9    **REQUEST FOR PRODUCTION NO. 677**

10        All COMMUNICATIONS with any RETAILER that REFER OR RELATE

11   to whether MY SCENE was a substitution or competitor of BRATZ, regarding

12   competition between MY SCENE and BRATZ, similarities between MY SCENE

13   and BRATZ, confusion between MY SCENE and BRATZ, and current and future

14   plans for the advertising, promotion, marketing and sales of MY SCENE, or the

15   lack thereof.

16        **RESPONSE TO REQUEST NO. 677**

17        In addition to the general objections stated above which are incorporated

18   herein by reference, Mattel objects to this Request on the grounds that it is

19   overbroad, unduly burdensome, and unintelligible, including in that it seeks all

20   documents on this subject without limitation as to time, and regardless of whether

21   such documents relate to products or matters at issue in this case.  Mattel further

22   objects to the Request on the grounds that it seeks documents that are not relevant

23   to this action or likely to lead to the discovery of admissible evidence.  Mattel

24   further objects to this Request on the grounds that it seeks confidential, proprietary

25   and trade secret information, including such information that has no bearing on the

26   claims or defenses in this action.  Mattel further objects to the extent the Request

27   seeks documents already produced by Mattel.  Such documents will not be

28   produced again.  Mattel further objects on the ground that this Request seeks to

1    circumvent the Discovery Master's Order dated May 22, 2007.

2

3        **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
         **SHOULD BE COMPELLED**
4

5        Mattel has not agreed to produce documents in response to this request,

6    subject to its improper boilerplate objections.  Mattel has refused to confirm

7    whether or not it has produced all non-privileged responsive documents or whether

8    it is withholding documents based on its objections in Phase 2.  Under the Federal

9    Rules of Civil Procedure, "an objection to part of a request must specify the part

10   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

11   that fail to explain the basis for an objection with specificity are routinely rejected

12   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

13   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

14   burdensome and harassing' are improper – especially when a party fails to submit

15   any evidentiary declarations supporting such objections").  Accordingly, Mattel

16   must be compelled either to certify that it has produced all non-privileged

17   responsive documents or to produce all such documents by a date certain.

18       To the extent that Mattel is relying on its blanket objections, they are not

19   sustainable and do not justify Mattel's failure to produce documents.

20       As to overbreadth, Mattel provides no explanation, let alone the required

21   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

22   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

23   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

24   contrary, the request is narrowly tailored to seek communications by Mattel to any

25   retailer regarding competition between, similarities to, and confusion of Bratz and

26   My Scene, as well as Mattel's plans for marketing My Scene.

27       As to burden, Mattel has not attempted to demonstrate why responding to

28   this request and/or producing responsive documents presents any burden.  This

OHS West:260723212                    - 189 -

1   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

2   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3   request is unduly burdensome must allege specific facts which indicate the nature

4   and extent of the burden, usually by affidavit or other reliable evidence.")

5   Moreover, it is not unduly burdensome, as noted above, in that the request is

6   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7   has engaged in various unfair trade practices, including serial copying of MGA

8   products, threatening retailers and suppliers to cease doing business with MGA, and

9   intimidating employees and industry groups in order to prevent MGA from fairly

10   competing.  MGA is entitled to discovery on these claims.

11       Mattel objects that the request is duplicative or subsumed within prior

12   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

13   agree to produce responsive non-privileged documents is not proper based on this

14   objection.

15       Mattel objects that the request contains confidential, proprietary and trade

16   secret information.  A Protective Order exists in this case, obviating any concern as

17   to protection of privacy rights and/or commercially sensitive information.

18       Mattel's objection that this Request is an attempt to circumvent the

19   Discovery Master's May 22, 2007 order is unwarranted.  That order is inapposite to

20   this Request, which is much narrower than those considered irrelevant and/or

21   improper by the court.  This request is narrowly tailored to directions or discussions

22   by Mattel restricting a person or entity from working for or on behalf of MGA,

23   which is directly relevant to MGA's unfair competition claim as specifically

24   pleaded in paragraph 113 of MGA's Complaint, and as set forth in MGA's

25   Second Affirmative Defense.

26       None of Mattel's improper objections are valid and Mattel is obligated to

27   produce all non-privileged responsive documents in its possession, custody, or

28   control.

**REQUEST FOR PRODUCTION NO. 678**

All COMMUNICATIONS between YOU, including your inside and outside counsel, on the one hand, and any PERSON including, but not limited to, UBISOFT, any former MGA employee, any former MATTEL employee, any current or former freelancer including, but not limited to, Steve Linker, Anna Rhee, Matt Bousquette, Adrienne Fontanella, Kris Lynch, Len Mazzocco, Pamela Brew Peretz, Rachel Harris, Barbara Miller, Victoria O'Connor, Kami Gillmour, Andreas Koch, Maureen Mullen Chianese, David Dees, Steve Tarmichael, Liz Hogan, Mercedah Ward, Margaret Hatch Leahy, Jessie Ramirez, or any PERSON listed in any party's initial disclosures (as amended) on the other hand, REFERRING OR RELATING to

(a)     the design or development of any BRATZ product;

(b)     the project known as DIVA STARZ;

(c)     the allegations in this ACTION (including, without limitation, any facts underlying this ACTION or a PERSON's belief or view as to the merits of any claim or defense in this ACTION) or any facts underlying this ACTION; or

(d)     any MGA LAWSUIT (including, without limitation, any facts underlying the MGA LAWSUIT or a PERSON's belief or view as to the merits of any claim or defense in the MGA LAWSUIT).

**RESPONSE TO REQUEST NO. 678**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret

1    information, including such information that has no bearing on the claims or

2    defenses in this action.  Mattel further objects to this Request on the grounds that it

3    calls for the disclosure of information subject to the attorney-client privilege, the

4    attorney work-product doctrine and other applicable privileges.  Mattel further

5    objects to the extent the Request seeks documents already produced by Mattel.

6         Such documents will not be produced again.  Mattel further objects on the

7    ground that this Request seeks to circumvent the Discovery Master's Order dated

8    May 22, 2007.

9

10   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

11

12

13        Mattel has not agreed to produce documents in response to this request,

14   subject to its improper boilerplate objections.  Mattel has refused to confirm

15   whether or not it has produced all non-privileged responsive documents or whether

     it is withholding documents based on its objections in Phase 2.  Under the Federal

16   Rules of Civil Procedure, "an objection to part of a request must specify the part

17   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

18   that fail to explain the basis for an objection with specificity are routinely rejected

19   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

20   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

21   burdensome and harassing' are improper – especially when a party fails to submit

22   any evidentiary declarations supporting such objections").  Accordingly, Mattel

23   must be compelled either to certify that it has produced all non-privileged

24   responsive documents or to produce all such documents by a date certain.

25        To the extent that Mattel is relying on its blanket objections, they are not

26   sustainable and do not justify Mattel's failure to produce documents.

27        As to overbreadth, Mattel provides no explanation, let alone the required

28

1    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

2    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

3    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

4    contrary, the request is narrowly tailored to seek documents relating to

5    communications between Mattel and others regarding the design and development

6    of Bratz, the Diva Starz product line, the allegations at issue in this lawsuit, and

7    other lawsuits involving MGA.

8        As to burden, Mattel has not attempted to demonstrate why responding to

9    this request and/or producing responsive documents presents any burden.  This

10    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

11    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12    request is unduly burdensome must allege specific facts which indicate the nature

13    and extent of the burden, usually by affidavit or other reliable evidence.")

14    Moreover, it is not unduly burdensome, as noted above, in that the request is

15    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16    has engaged in various unfair trade practices, from serial copying of MGA

17    products, including Bratz, to threatening retailers and suppliers to cease doing

18    business with MGA.  MGA has also alleged that Mattel hijacked a portion of the

19    Bratz dolls famous trademarked tag line "The girls with a passion for fashion" for

20    use in marketing Mattel's Diva Starz dolls.  This request seeks documents directly

21    relevant to those claims, as well as communications relevant to the allegations in

22    this action and other actions involving MGA.  MGA is entitled to discovery on

23    these claims.

24        Mattel objects that the request contains confidential, proprietary and trade

25    secret information.  A Protective Order exists in this case, obviating any concern as

26    to protection of privacy rights and/or commercially sensitive information.

27        This request does not seek documents protected by the attorney-client

28    privilege, the attorney work product doctrine, or other applicable privileges.  To the

1   extent that Mattel contends that it does, Mattel must provide a privilege log.

2       Mattel objects that the request is duplicative or subsumed within prior

3   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

4   agree to produce responsive non-privileged documents is not proper based on this

5   objection.

6       Mattel's objection that this Request is an attempt to circumvent the

7   Discovery Master's May 22, 2007 order is unwarranted.  That order is inapposite to

8   this Request, which is much narrower than those considered irrelevant and/or

9   improper by the court.  This request is narrowly tailored to communications by a

10  specific entity, Mattel, regarding three specific topics, namely Bratz product design

11  and development, the Diva Starz project, and other MGA lawsuits, as well as any

12  conversations related to allegations specifically at issue in this lawsuit.

13      None of Mattel's improper objections are valid and Mattel is obligated to

14  produce all non-privileged responsive documents in its possession, custody, or

15  control.

16

17  **REQUEST FOR PRODUCTION NO. 679**

18      All DOCUMENTS which UBISOFT and/or UBISOFT'S counsel produced

19  or provided to YOU and/or YOUR counsel.

20      **RESPONSE TO REQUEST NO. 679**

21      In addition to the general objections stated above which are incorporated

22  herein by reference, Mattel objects to this Request on the grounds that it is

23  overbroad and unduly burdensome, including in that it seeks all documents on this

24  subject without limitation as to time, and regardless of whether such documents

25  relate to products or matters at issue in this case.  Mattel further objects to the

26  Request on the grounds that it seeks documents that are not relevant to this action

27  or likely to lead to the discovery of admissible evidence.

28

OHS West:260723212

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL 9049, SET SEVEN; CV 04-9049 SGL (RNBx)

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, relying on its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must produce all non-privileged responsive documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides little explanation, let alone the required particularity, as to **why** this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents exchanged between Ubisoft (or its counsel) and Mattel (or its counsel).

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")

OHS West:260723212

1    Moreover, it is not unduly burdensome, as noted above, in that the request is

2    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

3    has engaged in a broad variety of acts constituting unclean hands, including

4    offering assistance to parties in litigation against MGA.  As Ubisoft is a party that

5    has been involved in litigation with MGA, MGA is entitled to discovery on

6    documents exchanged between Ubisoft and Mattel.  MGA does not have

7    knowledge of what type of assistance Mattel offered Ubisoft or what type of

8    information was exchanged, so cannot limit the topics specifically sought.

9    Furthermore, if the relationship between Ubisoft and Mattel changed over time that

10   change could be indicative of Mattel's efforts to influence Ubisoft's litigation with

11   MGA.  Accordingly, the request is proper as stated.

12       Mattel's relevance objection fails for the same reason.  Documents

13   exchanged between Mattel and Ubisoft directly relate to MGA's allegations that

14   Mattel offers assistance to companies involved in litigation with MGA.  Any

15   responsive documents relate to MGA's unclean hands allegations and are

16   reasonably calculated to lead to admissible evidence on these topics.  Accordingly,

17   MGA is entitled to discovery on these claims.

18       None of Mattel's improper objections are valid and Mattel is obligated to

19   produce all non-privileged responsive documents in its possession, custody, or

20   control.

21

22   **REQUEST FOR PRODUCTION NO. 680**

23       All DOCUMENTS REFERRING OR RELATING the ACTION which

24   UBISOFT and/or UBISOFTS counsel produced or provided to YOU and/or YOUR

25   counsel.

26       **RESPONSE TO REQUEST NO. 680**

27       In addition to the general objections stated above which are incorporated

28   herein by reference, Mattel objects to this Request on the grounds that it is

1    overbroad and unduly burdensome, including in that it seeks all documents on this

2    subject without limitation as to time, and regardless of whether such documents

3    relate to products or matters at issue in this case.  Mattel further objects to the

4    Request on the grounds that it seeks documents that are not relevant to this action

5    or likely to lead to the discovery of admissible evidence.

6

7    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

8

9        Mattel has not agreed to produce documents in response to this request,

10   relying on its improper boilerplate objections.  Mattel has refused to confirm

11   whether or not it has produced all non-privileged responsive documents or whether

12   it is withholding documents based on its objections in Phase 2.  Under the Federal

13   Rules of Civil Procedure, "an objection to part of a request must specify the part

14   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

15   that fail to explain the basis for an objection with specificity are routinely rejected

16   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

17   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

18   burdensome and harassing' are improper – especially when a party fails to submit

19   any evidentiary declarations supporting such objections").  Accordingly, Mattel

20   must produce all non-privileged responsive documents by a date certain.

21       To the extent that Mattel is relying on its blanket objections, they are not

22   sustainable and do not justify Mattel's failure to produce documents.

23       As to overbreadth, Mattel provides little explanation, let alone the required

24   particularity, as to ***why*** this request is supposedly overly broad, nor can it do so.

25   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

26   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

27   contrary, the request is narrowly tailored to seek documents exchanged between

28   Ubisoft (or its counsel) and Mattel (or its counsel) relating to this action.

1      As to burden, Mattel has not attempted to demonstrate why responding to

2  this request and/or producing responsive documents presents any burden.  This

3  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

4  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.")

7  Moreover, it is not unduly burdensome, as noted above, in that the request is

8  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9  has engaged in a broad variety of acts constituting unclean hands, including

10  offering assistance to parties in litigation against MGA.  As Ubisoft is a party that

11  has been involved in litigation with MGA, MGA is entitled to discovery on

12  documents exchanged between Ubisoft and Mattel.

13      Mattel's relevance objection fails for the same reason.  Documents

14  exchanged between Mattel and Ubisoft directly relate to MGA's allegations that

15  Mattel offers assistance to companies involved in litigation with MGA.  Any

16  responsive documents relate to MGA's unclean hands allegations and are

17  reasonably calculated to lead to admissible evidence on these topics.  Accordingly,

18  MGA is entitled to discovery on these claims.

19      None of Mattel's improper objections are valid and Mattel is obligated to

20  produce all non-privileged responsive documents in its possession, custody, or

21  control.

22

23  **REQUEST FOR PRODUCTION NO. 681**

24      All COMMUNICATIONS between YOU and/or YOUR counsel, on the one

25  hand, and UBISOFT and/or UBISOFTS counsel on the other regarding this

26  ACTION.

27      **RESPONSE TO REQUEST NO. 681**

28      In addition to the general objections stated above which are incorporated

herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, relying on its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must produce all non-privileged responsive documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides little explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek communications between Ubisoft

- 199 -

1   (or its counsel) and Mattel (or its counsel) relating to this action.

2          As to burden, Mattel has not attempted to demonstrate why responding to

3   this request and/or producing responsive documents presents any burden.  This

4   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

5   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

6   request is unduly burdensome must allege specific facts which indicate the nature

7   and extent of the burden, usually by affidavit or other reliable evidence.")

8   Moreover, it is not unduly burdensome, as noted above, in that the request is

9   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

10  has engaged in a broad variety of acts constituting unclean hands, including

11  offering assistance to parties in litigation against MGA.  As Ubisoft is a party that

12  has been involved in litigation with MGA, MGA is entitled to discovery on

13  communications between Ubisoft and Mattel.

14         Mattel's relevance objection fails for the same reason.  Communications

15  between Mattel and Ubisoft directly relate to MGA's allegations that Mattel offers

16  assistance to companies involved in litigation with MGA.  Any responsive

17  documents relate to MGA's unclean hands allegations and are reasonably

18  calculated to lead to admissible evidence on these topics.  Accordingly, MGA is

19  entitled to discovery on these claims.

20         None of Mattel's improper objections are valid and Mattel is obligated to

21  produce all non-privileged responsive documents in its possession, custody, or

22  control.

23

24  **<u>REQUEST FOR PRODUCTION NO. 682</u>**

25         All DOCUMENTS which YOU and/or YOUR counsel produced or provided

26  to UBISOFT and/or UBISOFT'S counsel.

27

28

1   **RESPONSE TO REQUEST NO. 682**

2          In addition to the general objections stated above which are incorporated

3   herein by reference, Mattel objects to this Request on the grounds that it is

4   overbroad and unduly burdensome, including in that it seeks all documents on this

5   subject without limitation as to time, and regardless of whether such documents

6   relate to products or matters at issue in this case.  Mattel further objects to the

7   Request on the grounds that it seeks documents that are not relevant to this action

8   or likely to lead to the discovery of admissible evidence.

9

10         **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
      SHOULD BE COMPELLED**

11

12         Mattel has not agreed to produce documents in response to this request,

13   relying on its improper boilerplate objections.  Mattel has refused to confirm

14   whether or not it has produced all non-privileged responsive documents or whether

15   it is withholding documents based on its objections in Phase 2.  Under the Federal

16   Rules of Civil Procedure, "an objection to part of a request must specify the part

17   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

18   that fail to explain the basis for an objection with specificity are routinely rejected

19   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

20   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

21   burdensome and harassing' are improper – especially when a party fails to submit

22   any evidentiary declarations supporting such objections").  Accordingly, Mattel

23   must produce all non-privileged responsive documents by a date certain.

24         To the extent that Mattel is relying on its blanket objections, they are not

25   sustainable and do not justify Mattel's failure to produce documents.

26         As to overbreadth, Mattel provides little explanation, let alone the required

27   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

28   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

OHS West:260723212                          - 201 -          SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
                                                             9049, SET SEVEN; CV 04-9049 SGL (RNBx)

1   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2   contrary, the request is narrowly tailored to seek documents exchanged between

3   Ubisoft (or its counsel) and Mattel (or its counsel).

4          As to burden, Mattel has not attempted to demonstrate why responding to

5   this request and/or producing responsive documents presents any burden.  This

6   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8   request is unduly burdensome must allege specific facts which indicate the nature

9   and extent of the burden, usually by affidavit or other reliable evidence.")

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

12  has engaged in a broad variety of acts constituting unclean hands, including

13  offering assistance to parties in litigation against MGA.  As Ubisoft is a party that

14  has been involved in litigation with MGA, MGA is entitled to discovery on

15  documents exchanged between Ubisoft and Mattel.

16         Mattel's relevance objection fails for the same reason.  Documents

17  exchanged between Mattel and Ubisoft directly relate to MGA's allegations that

18  Mattel offers assistance to companies involved in litigation with MGA.  Any

19  responsive documents relate to MGA's unclean hands allegations and are

20  reasonably calculated to lead to admissible evidence on these topics.  Accordingly,

21  MGA is entitled to discovery on these claims.

22         None of Mattel's improper objections are valid and Mattel is obligated to

23  produce all non-privileged responsive documents in its possession, custody, or

24  control.

25

26

27

28

1    **REQUEST FOR PRODUCTION NO. 683**

2           All DOCUMENTS REFERRING OR RELATING TO MGA or the

3    ACTION which YOU and/or YOUR counsel produced or provided to UBISOFT

4    and/or UBISOFT'S counsel.

5           **RESPONSE TO REQUEST NO. 683**

6           In addition to the general objections stated above which are incorporated

7    herein by reference, Mattel objects to this Request on the grounds that it is

8    overbroad and unduly burdensome, including in that it seeks all documents on this

9    subject without limitation as to time, and regardless of whether such documents

10   relate to products or matters at issue in this case.  Mattel further objects to the

11   Request on the grounds that it seeks documents that are not relevant to this action

12   or likely to lead to the discovery of admissible evidence.

13

14           **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
             SHOULD BE COMPELLED**

15

16          Mattel has not agreed to produce documents in response to this request,

17   relying on its improper boilerplate objections.  Mattel has refused to confirm

18   whether or not it has produced all non-privileged responsive documents or whether

19   it is withholding documents based on its objections in Phase 2.  Under the Federal

20   Rules of Civil Procedure, "an objection to part of a request must specify the part

21   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

22   that fail to explain the basis for an objection with specificity are routinely rejected

23   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

24   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

25   burdensome and harassing' are improper – especially when a party fails to submit

26   any evidentiary declarations supporting such objections").  Accordingly, Mattel

27   must produce all non-privileged responsive documents by a date certain.

28          To the extent that Mattel is relying on its blanket objections, they are not

1    sustainable and do not justify Mattel's failure to produce documents.

2          As to overbreadth, Mattel provides little explanation, let alone the required

3    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

4    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

5    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

6    contrary, the request is narrowly tailored to seek documents exchanged between

7    Ubisoft (or its counsel) and Mattel (or its counsel) relating to MGA or this action.

8          As to burden, Mattel has not attempted to demonstrate why responding to

9    this request and/or producing responsive documents presents any burden.  This

10   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

11   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12   request is unduly burdensome must allege specific facts which indicate the nature

13   and extent of the burden, usually by affidavit or other reliable evidence.")

14   Moreover, it is not unduly burdensome, as noted above, in that the request is

15   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16   has engaged in a broad variety of acts constituting unclean hands, including

17   offering assistance to parties in litigation against MGA.  As Ubisoft is a party that

18   has been involved in litigation with MGA, MGA is entitled to discovery on

19   documents exchanged between Ubisoft and Mattel.

20         Mattel's relevance objection fails for the same reason.  Documents

21   exchanged between Mattel and Ubisoft directly relate to MGA's allegations that

22   Mattel offers assistance to companies involved in litigation with MGA.  Any

23   responsive documents relate to MGA's unclean hands allegations and are

24   reasonably calculated to lead to admissible evidence on these topics.  Accordingly,

25   MGA is entitled to discovery on these claims.

26         None of Mattel's improper objections are valid and Mattel is obligated to

27   produce all non-privileged responsive documents in its possession, custody, or

28   control.

**REQUEST FOR PRODUCTION NO. 684**

All DOCUMENTS REFERRING OR RELATING TO information and DOCUMENTS which YOU and/or YOUR counsel produced or provided to UBISOFT and/or UBISOFT'S counsel.

**RESPONSE TO REQUEST NO. 684**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, relying on its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

1   burdensome and harassing' are improper – especially when a party fails to submit
2   any evidentiary declarations supporting such objections").  Accordingly, Mattel
3   must produce all non-privileged responsive documents by a date certain.

4       To the extent that Mattel is relying on its blanket objections, they are not
5   sustainable and do not justify Mattel's failure to produce documents.

6       As to overbreadth, Mattel provides little explanation, let alone the required
7   particularity, as to *why* this request is supposedly overly broad, nor can it do so.
8   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
9   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
10  contrary, the request is narrowly tailored to seek information about what was
11  exchanged between Ubisoft (or its counsel) and Mattel (or its counsel).

12      As to burden, Mattel has not attempted to demonstrate why responding to
13  this request and/or producing responsive documents presents any burden.  This
14  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
15  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
16  request is unduly burdensome must allege specific facts which indicate the nature
17  and extent of the burden, usually by affidavit or other reliable evidence.")
18  Moreover, it is not unduly burdensome, as noted above, in that the request is
19  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
20  has engaged in a broad variety of acts constituting unclean hands, including
21  offering assistance to parties in litigation against MGA.  As Ubisoft is a party that
22  has been involved in litigation with MGA, MGA is entitled to discovery on
23  information exchanged between Ubisoft and Mattel.

24      Mattel's relevance objection fails for the same reason.  Information
25  exchanged between Mattel and Ubisoft directly relate to MGA's allegations that
26  Mattel offers assistance to companies involved in litigation with MGA.  Any
27  responsive documents relate to MGA's unclean hands allegations and are
28  reasonably calculated to lead to admissible evidence on these topics.  Accordingly,

- 206 -

1   MGA is entitled to discovery on these claims.

2         This request does not seek documents protected by the attorney-client

3   privilege, the attorney work product doctrine, or other applicable privileges.  To the

4   extent that Mattel contends that it does, Mattel must provide a privilege log.

5         None of Mattel's improper objections are valid and Mattel is obligated to

6   produce all non-privileged responsive documents in its possession, custody, or

7   control.

8

9   **REQUEST FOR PRODUCTION NO. 685**

10         All DOCUMENTS REFERRING OR RELATING TO information regarding

11   the UBISOFT LITIGATION which was provided to YOU and/or YOUR counsel

12   by UBISOFT and/or UBISOFT'S counsel.

13         **RESPONSE TO REQUEST NO. 685**

14         In addition to the general objections stated above which are incorporated

15   herein by reference, Mattel objects to this Request on the grounds that it is

16   overbroad and unduly burdensome, including in that it seeks all documents on this

17   subject without limitation as to time, and regardless of whether such documents

18   relate to products or matters at issue in this case.  Mattel further objects to the

19   Request on the grounds that it seeks documents that are not relevant to this action

20   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

21   this Request on the grounds that it calls for the disclosure of information subject to

22   the attorney-client privilege, the attorney work-product doctrine and other

23   applicable privileges.

24

25   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
26   **SHOULD BE COMPELLED**

27         Mattel has not agreed to produce documents in response to this request,

28   relying on its improper boilerplate objections.  Mattel has refused to confirm

OHS West:260723212

- 207 -

1    whether or not it has produced all non-privileged responsive documents or whether

2    it is withholding documents based on its objections in Phase 2.  Under the Federal

3    Rules of Civil Procedure, "an objection to part of a request must specify the part

4    and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

5    that fail to explain the basis for an objection with specificity are routinely rejected

6    in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

7    188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

8    burdensome and harassing' are improper – especially when a party fails to submit

9    any evidentiary declarations supporting such objections").  Accordingly, Mattel

10   must produce all non-privileged responsive documents by a date certain.

11        To the extent that Mattel is relying on its blanket objections, they are not

12   sustainable and do not justify Mattel's failure to produce documents.

13        As to overbreadth, Mattel provides little explanation, let alone the required

14   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

15   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

16   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

17   contrary, the request is narrowly tailored to seek information about what was

18   exchanged between Ubisoft (or its counsel) and Mattel (or its counsel) relating to

19   the litigation between Ubisoft and MGA.

20        As to burden, Mattel has not attempted to demonstrate why responding to

21   this request and/or producing responsive documents presents any burden.  This

22   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

23   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24   request is unduly burdensome must allege specific facts which indicate the nature

25   and extent of the burden, usually by affidavit or other reliable evidence.")

26   Moreover, it is not unduly burdensome, as noted above, in that the request is

27   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

28   has engaged in a broad variety of acts constituting unclean hands, including

1  offering assistance to parties in litigation against MGA.  As Ubisoft is a party that

2  has been involved in litigation with MGA, MGA is entitled to discovery on

3  information exchanged between Ubisoft and Mattel.

4  Mattel's relevance objection fails for the same reason.  Information

5  exchanged between Mattel and Ubisoft directly relate to MGA's allegations that

6  Mattel offers assistance to companies involved in litigation with MGA.  Any

7  responsive documents relate to MGA's unclean hands allegations and are

8  reasonably calculated to lead to admissible evidence on these topics.  Accordingly,

9  MGA is entitled to discovery on these claims.

10  This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13  None of Mattel's improper objections are valid and Mattel is obligated to

14  produce all non-privileged responsive documents in its possession, custody, or

15  control.

16

17  **REQUEST FOR PRODUCTION NO. 686**

18  All DOCUMENTS REFERRING OR RELATING TO MGA or the

19  UBISOFT LITIGATION which was provided to YOU and/or YOUR counsel by

20  UBISOFT and/or UBISOFT'S counsel.

21  **RESPONSE TO REQUEST NO. 686**

22  In addition to the general objections stated above which are incorporated

23  herein by reference, Mattel objects to this Request on the grounds that it is

24  overbroad and unduly burdensome, including in that it seeks all documents on this

25  subject without limitation as to time, and regardless of whether such documents

26  relate to products or matters at issue in this case.  Mattel further objects to the

27  Request on the grounds that it seeks documents that are not relevant to this action

28  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

1   this Request on the grounds that it calls for the disclosure of information subject to

2   the attorney-client privilege, the attorney work-product doctrine and other

3   applicable privileges.

4

5   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

6

7   Mattel has not agreed to produce documents in response to this request,

8   relying on its improper boilerplate objections.  Mattel has refused to confirm

9   whether or not it has produced all non-privileged responsive documents or whether

10  it is withholding documents based on its objections in Phase 2.  Under the Federal

11  Rules of Civil Procedure, "an objection to part of a request must specify the part

12  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

13  that fail to explain the basis for an objection with specificity are routinely rejected

14  in the Central District.  See <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186,

15  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

16  burdensome and harassing' are improper – especially when a party fails to submit

17  any evidentiary declarations supporting such objections").  Accordingly, Mattel

18  must produce all non-privileged responsive documents by a date certain.

19  To the extent that Mattel is relying on its blanket objections, they are not

20  sustainable and do not justify Mattel's failure to produce documents.

21  As to overbreadth, Mattel provides little explanation, let alone the required

22  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

23  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

24  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

25  contrary, the request is narrowly tailored to seek documents exchanged between

26  Ubisoft (or its counsel) and Mattel (or its counsel) relating to MGA or the litigation

27  between Ubisoft and MGA.

28  As to burden, Mattel has not attempted to demonstrate why responding to

OHS West:260723212

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET SEVEN; CV 04-9049 SGL (RNBx)

1   this request and/or producing responsive documents presents any burden.  This

2   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

3   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

4   request is unduly burdensome must allege specific facts which indicate the nature

5   and extent of the burden, usually by affidavit or other reliable evidence.")

6   Moreover, it is not unduly burdensome, as noted above, in that the request is

7   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

8   has engaged in a broad variety of acts constituting unclean hands, including

9   offering assistance to parties in litigation against MGA.  As Ubisoft is a party that

10  has been involved in litigation with MGA, MGA is entitled to discovery on

11  documents exchanged between Ubisoft and Mattel.

12       Mattel's relevance objection fails for the same reason.  Documents

13  exchanged between Mattel and Ubisoft directly relate to MGA's allegations that

14  Mattel offers assistance to companies involved in litigation with MGA.  Any

15  responsive documents relate to MGA's unclean hands allegations and are

16  reasonably calculated to lead to admissible evidence on these topics.  Accordingly,

17  MGA is entitled to discovery on these claims.

18       This request does not seek documents protected by the attorney-client

19  privilege, the attorney work product doctrine, or other applicable privileges.  To the

20  extent that Mattel contends that it does, Mattel must provide a privilege log.

21       None of Mattel's improper objections are valid and Mattel is obligated to

22  produce all non-privileged responsive documents in its possession, custody, or

23  control.

24

25  **REQUEST FOR PRODUCTION NO. 687**

26       All DOCUMENTS REFERRING OR RELATING TO any and all telephone

27  conversations between or among YOU and/or YOUR counsel and UBISOFT and/or

28

1 UBISOFTS counsel, including but not limited to, notes of such telephone
2 conversations.

3       **RESPONSE TO REQUEST NO. 687**

4       In addition to the general objections stated above which are incorporated
5 herein by reference, Mattel objects to this Request on the grounds that it is
6 overbroad and unduly burdensome, including in that it seeks all documents on this
7 subject without limitation as to time, and regardless of whether such documents
8 relate to products or matters at issue in this case.  Mattel further objects to the
9 Request on the grounds that it seeks documents that are not relevant to this action
10 or likely to lead to the discovery of admissible evidence.  Mattel further objects to
11 this Request on the grounds that it calls for the disclosure of information subject to
12 the attorney-client privilege, the attorney work-product doctrine and other
13 applicable privileges.

14

15       **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
        **SHOULD BE COMPELLED**
16

17       Mattel has not agreed to produce documents in response to this request,
18 relying on its improper boilerplate objections.  Mattel has refused to confirm
19 whether or not it has produced all non-privileged responsive documents or whether
20 it is withholding documents based on its objections in Phase 2.  Under the Federal
21 Rules of Civil Procedure, "an objection to part of a request must specify the part
22 and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections
23 that fail to explain the basis for an objection with specificity are routinely rejected
24 in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,
25 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly
26 burdensome and harassing' are improper – especially when a party fails to submit
27 any evidentiary declarations supporting such objections").  Accordingly, Mattel
28 must produce all non-privileged responsive documents by a date certain.

1      To the extent that Mattel is relying on its blanket objections, they are not

2 sustainable and do not justify Mattel's failure to produce documents.

3      As to overbreadth, Mattel provides little explanation, let alone the required

4 particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7 contrary, the request is narrowly tailored to seek records of conversations between

8 Ubisoft (or its counsel) and Mattel (or its counsel).

9      As to burden, Mattel has not attempted to demonstrate why responding to

10 this request and/or producing responsive documents presents any burden.  This

11 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

12 Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

13 request is unduly burdensome must allege specific facts which indicate the nature

14 and extent of the burden, usually by affidavit or other reliable evidence.")

15 Moreover, it is not unduly burdensome, as noted above, in that the request is

16 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

17 has engaged in a broad variety of acts constituting unclean hands, including

18 offering assistance to parties in litigation against MGA.  As Ubisoft is a party that

19 has been involved in litigation with MGA, MGA is entitled to discovery on

20 communications between Ubisoft and Mattel.

21      Mattel's relevance objection fails for the same reason.  Communications

22 between Mattel and Ubisoft directly relate to MGA's allegations that Mattel offers

23 assistance to companies involved in litigation with MGA.  Any responsive

24 documents relate to MGA's unclean hands allegations and are reasonably

25 calculated to lead to admissible evidence on these topics.  Accordingly, MGA is

26 entitled to discovery on these claims.

27      This request does not seek documents protected by the attorney-client

28 privilege, the attorney work product doctrine, or other applicable privileges.  To the

1    extent that Mattel contends that it does, Mattel must provide a privilege log.

2          None of Mattel's improper objections are valid and Mattel is obligated to

3    produce all non-privileged responsive documents in its possession, custody, or

4    control.

5

6    **REQUEST FOR PRODUCTION NO. 688**

7          All DOCUMENTS REFERRING OR RELATING TO any alliance,

8    agreement or arrangement between YOU and/or YOUR counsel and UBISOFT

9    and/or UBISOFT'S counsel to provide assistance, including monetary assistance, in

10   connection with any litigation against MGA, including but not limited to, the

11   ACTION and the UBISOFT LITIGATION.

12         **RESPONSE TO REQUEST NO. 688**

13         In addition to the general objections stated above which are incorporated

14   herein by reference, Mattel objects to this Request on the grounds that it is

15   overbroad and unduly burdensome, including in that it seeks all documents on this

16   subject without limitation as to time, and regardless of whether such documents

17   relate to products or matters at issue in this case.  Mattel further objects to the use

18   of the terms "alliance, agreement or arrangement" and "assistance" in this context

19   as vague and ambiguous.  Mattel further objects to the Request on the grounds that

20   it seeks documents that are not relevant to this action or likely to lead to the

21   discovery of admissible evidence.  Mattel further objects to this Request on the

22   grounds that it calls for the disclosure of information subject to the attorney-client

23   privilege, the attorney work-product doctrine and other applicable privileges.

24

25         **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

26

27         Mattel has not agreed to produce documents in response to this request,

28   relying on its improper boilerplate objections.  Mattel has refused to confirm

1   whether or not it has produced all non-privileged responsive documents or whether

2   it is withholding documents based on its objections in Phase 2.  Under the Federal

3   Rules of Civil Procedure, "an objection to part of a request must specify the part

4   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

5   that fail to explain the basis for an objection with specificity are routinely rejected

6   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

7   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

8   burdensome and harassing' are improper – especially when a party fails to submit

9   any evidentiary declarations supporting such objections").  Accordingly, Mattel

10  must produce all non-privileged responsive documents by a date certain.

11       To the extent that Mattel is relying on its blanket objections, they are not

12  sustainable and do not justify Mattel's failure to produce documents.

13       As to overbreadth, Mattel provides little explanation, let alone the required

14  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

15  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

16  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

17  contrary, the request is narrowly tailored to seek agreements between Ubisoft and

18  Mattel relating to assistance in litigation.

19       As to burden, Mattel has not attempted to demonstrate why responding to

20  this request and/or producing responsive documents presents any burden.  This

21  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

22  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23  request is unduly burdensome must allege specific facts which indicate the nature

24  and extent of the burden, usually by affidavit or other reliable evidence.")

25  Moreover, it is not unduly burdensome, as noted above, in that the request is

26  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

27  has engaged in a broad variety of acts constituting unclean hands, including

28  offering assistance to parties in litigation against MGA.  As Ubisoft is a party that

1    has been involved in litigation with MGA, MGA is entitled to discovery on

2    agreements between Ubisoft and Mattel relating to assistance in litigation.

3        Mattel's relevance objection fails for the same reason.  Agreements for

4    assistance in litigation between Mattel and Ubisoft directly relate to MGA's

5    allegations that Mattel offers assistance to companies involved in litigation with

6    MGA.  Any responsive documents relate to MGA's unclean hands allegations and

7    are reasonably calculated to lead to admissible evidence on these topics.

8    Accordingly, MGA is entitled to discovery on these claims.

9        Mattel's objection that the terms "alliance, agreement or arrangement" and

10   "assistance" are vague and ambiguous should be disregarded.  These are common

11   phrases and the request specifies it  is seeking information regarding agreements,

12   whether formal or informal, between Mattel and Ubisoft to "provide assistance,

13   including monetary assistance, in connection with any litigation against MGA."

14   Mattel cannot avoid production by feigning to not understand the synonyms

15   included in the request.

16       This request does not seek documents protected by the attorney-client

17   privilege, the attorney work product doctrine, or other applicable privileges.  To the

18   extent that Mattel contends that it does, Mattel must provide a privilege log.

19       None of Mattel's improper objections are valid and Mattel is obligated to

20   produce all non-privileged responsive documents in its possession, custody, or

21   control.

22

23   **REQUEST FOR PRODUCTION NO. 689**

24       All DOCUMENTS REFERRING OR RELATING TO any assistance,

25   guidance, advice or information which UBISOFT and/or UBISOFT'S counsel

26   provided to YOU and/or YOUR counsel in connection with the ACTION.

27   **RESPONSE TO REQUEST NO. 689**

28       In addition to the general objections stated above which are incorporated

1  herein by reference, Mattel objects to this Request on the grounds that it is
2  overbroad and unduly burdensome, including in that it seeks all documents on this
3  subject without limitation as to time, and regardless of whether such documents
4  relate to products or matters at issue in this case.  Mattel further objects to the use
5  of the terms "assistance, guidance, advice or information" in this context as vague
6  and ambiguous.  Mattel further objects to the Request on the grounds that it seeks
7  documents that are not relevant to this action or likely to lead to the discovery of
8  admissible evidence.  Mattel further objects to this Request on the grounds that it
9  calls for the disclosure of information subject to the attorney-client privilege, the
10  attorney work-product doctrine and other applicable privileges.

11

12  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
13  **SHOULD BE COMPELLED**

14      Mattel has not agreed to produce documents in response to this request,
15  relying on its improper boilerplate objections.  Mattel has refused to confirm
16  whether or not it has produced all non-privileged responsive documents or whether
17  it is withholding documents based on its objections in Phase 2.  Under the Federal
18  Rules of Civil Procedure, "an objection to part of a request must specify the part
19  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections
20  that fail to explain the basis for an objection with specificity are routinely rejected
21  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,
22  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly
23  burdensome and harassing' are improper – especially when a party fails to submit
24  any evidentiary declarations supporting such objections").  Accordingly, Mattel
25  must produce all non-privileged responsive documents by a date certain.

26      To the extent that Mattel is relying on its blanket objections, they are not
27  sustainable and do not justify Mattel's failure to produce documents.

28      As to overbreadth, Mattel provides little explanation, let alone the required

1    particularity, as to **why** this request is supposedly overly broad, nor can it do so.

2    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

3    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

4    contrary, the request is narrowly tailored to seek communications between Ubisoft

5    (or its counsel) and Mattel (or its counsel) relating to this action.

6         As to burden, Mattel has not attempted to demonstrate why responding to

7    this request and/or producing responsive documents presents any burden.  This

8    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

9    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10   request is unduly burdensome must allege specific facts which indicate the nature

11   and extent of the burden, usually by affidavit or other reliable evidence.")

12   Moreover, it is not unduly burdensome, as noted above, in that the request is

13   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

14   has engaged in a broad variety of acts constituting unclean hands, including

15   offering assistance to parties in litigation against MGA.  As Ubisoft is a party that

16   has been involved in litigation with MGA, MGA is entitled to discovery on

17   communications between Ubisoft and Mattel.

18        Mattel's relevance objection fails for the same reason.  Communications

19   between Mattel and Ubisoft directly relate to MGA's allegations that Mattel offers

20   assistance to companies involved in litigation with MGA.  Any responsive

21   documents relate to MGA's unclean hands allegations and are reasonably

22   calculated to lead to admissible evidence on these topics.  Accordingly, MGA is

23   entitled to discovery on these claims.

24        This request does not seek documents protected by the attorney-client

25   privilege, the attorney work product doctrine, or other applicable privileges.  To the

26   extent that Mattel contends that it does, Mattel must provide a privilege log.

27        Mattel's objection that the terms "assistance, guidance, advice or

28   information" are vague and ambiguous should be disregarded.  These are common

phrases and the request specifies it  is seeking information exchanged between Mattel and Ubisoft regarding this action.  The use of synonyms is only to ensure that all responsive documents are provided.  Mattel cannot avoid production by feigning to not understand the synonyms included in the request.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 690

All DOCUMENTS REFERRING OR RELATING TO any assistance, guidance, advice or information which YOU and/or YOUR counsel provided to UBISOFT and/or UBISOFT'S counsel in connection with the UBISOFT LITIGATION.

### RESPONSE TO REQUEST NO. 690

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the use of the terms "assistance, guidance, advice or information" in this context as vague and ambiguous.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

- 219 -

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, relying on its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must produce all non-privileged responsive documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides little explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek guidance provided by Mattel (or its counsel) to Ubisoft (or its counsel) in Ubisoft's litigation involving MGA.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")

1   Moreover, it is not unduly burdensome, as noted above, in that the request is

2   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

3   has engaged in a broad variety of acts constituting unclean hands, including

4   offering assistance to parties in litigation against MGA.  As Ubisoft is a party that

5   has been involved in litigation with MGA, MGA is entitled to discovery on

6   guidance offered by Mattel to Ubisoft.

7          Mattel's relevance objection fails for the same reason.  Guidance offered by

8   Mattel to Ubisoft directly relates to MGA's allegations that Mattel offers assistance

9   to companies involved in litigation with MGA.  Any responsive documents relate to

10  MGA's unclean hands allegations and are reasonably calculated to lead to

11  admissible evidence on these topics.  Accordingly, MGA is entitled to discovery on

12  these claims.

13         This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges.  To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16         Mattel's objection that the terms "assistance, guidance, advice or

17  information" are vague and ambiguous should be disregarded.  These are common

18  phrases and the request specifies it  is seeking information exchanged between

19  Mattel and Ubisoft regarding this action.  The use of synonyms is only to ensure

20  that all responsive documents are provided.  Mattel cannot avoid production by

21  feigning to not understand the synonyms included in the request.

22         None of Mattel's improper objections are valid and Mattel is obligated to

23  produce all non-privileged responsive documents in its possession, custody, or

24  control.

25

26  **REQUEST FOR PRODUCTION NO. 693**

27         All DOCUMENTS that REFER OR RELATE TO any claims, threat of

28  litigation, litigation, arbitration or other legal proceeding that any current or former

1    employee, freelancer or contractor has asserted against MATTEL regarding the use

2    or infringement of any design, idea, doll, toy or artwork, including, but not limited

3    to, cease and desist letters, pleadings, affidavits, or court orders.

4        **RESPONSE TO REQUEST NO. 693**

5        In addition to the general objections stated above which are incorporated

6    herein by reference, Mattel objects to this Request on the grounds that it is

7    overbroad and unduly burdensome, including in that it seeks all documents on this

8    subject without limitation as to time, and regardless of whether such documents

9    relate to products or matters at issue in this case.  Mattel further objects to the

10   Request on the grounds that it seeks documents that are not relevant to this action

11   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

12   this Request on the grounds that it calls for the disclosure of information subject to

13   the attorney-client privilege, the attorney work-product doctrine and other

14   applicable privileges.

15

16       **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
         SHOULD BE COMPELLED**

17

18       Mattel refuses to produce documents in response to this request, resting on its

19   improper boilerplate objections.  Mattel has refused to confirm whether or not it has

20   produced all non-privileged responsive documents or whether it is withholding

21   documents based on its objections in Phase 2.  Under the Federal Rules of Civil

22   Procedure, "an objection to part of a request must specify the part and permit

23   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

24   explain the basis for an objection with specificity are routinely rejected in the

25   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

26   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

27   and harassing' are improper – especially when a party fails to submit any

28   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

1    compelled either to certify that it has produced all non-privileged responsive
2    documents or to produce all such documents by a date certain.

3         To the extent that Mattel is relying on its blanket objections, they are not
4    sustainable and do not justify Mattel's failure to produce documents.

5         As to overbreadth, Mattel provides no explanation, let alone the required
6    particularity, as to **why** this request is supposedly overly broad, nor can it do so.
7    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
8    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
9    contrary, the request is narrowly tailored to seek documents concerning allegations
10   of infringement made by a discrete group of people, namely, current or former
11   Mattel employees, freelancers or contractors.

12        As to burden, Mattel has not attempted to demonstrate why responding to
13   this request and/or producing responsive documents presents any burden.  This
14   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>
15   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
16   request is unduly burdensome must allege specific facts which indicate the nature
17   and extent of the burden, usually by affidavit or other reliable evidence.")
18   Moreover, it is not unduly burdensome, as noted above, in that the request is
19   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
20   has engaged in a broad variety of unfair trade practices, from serial copying of
21   MGA products, to threatening retailers and suppliers to cease doing business with
22   MGA, to intimidating employees and industry groups in order to prevent MGA
23   from fairly competing.   MGA is entitled to discovery on these claims.

24        This request does not seek documents protected by the attorney-client
25   privilege, the attorney work product doctrine, or other applicable privileges.  To the
26   extent that Mattel contends that it does, Mattel must provide a privilege log.

27        Information about current or former Mattel employees, freelancers or
28   contractors who have asserted that Mattel infringes their intellectual property is

1  highly likely to lead to the discovery of admissible evidence in Phase 2.

2        None of Mattel's improper objections are valid and Mattel is obligated to

3  produce all non-privileged responsive documents in its possession, custody, or

4  control.

5

6  **REQUEST FOR PRODUCTION NO. 694**

7        All COMMUNICATIONS between YOU, including your inside and outside

8  counsel, on the one hand, and any PERSON on the other, including but not limited

9  to HASBRO, UBISOFT, CITYWORLD, ART ATTACKS and FRED LARIAN

10 REFERRING OR RELATING TO the allegations in this ACTION, or any MGA

11 LAWSUIT (including, without limitation, any facts underlying this ACTION or

12 MGA LAWSUIT or any PERSON's belief or view as to the merits of any claim or

13 defense in this ACTION or MGA LAWSUIT).

14       **RESPONSE TO REQUEST NO. 694**

15       In addition to the general objections stated above which are incorporated

16 herein by reference, Mattel objects to this Request on the grounds that it is

17 overbroad and unduly burdensome, including in that it seeks all documents on this

18 subject without limitation as to time, and regardless of whether such documents

19 relate to products or matters at issue in this case.  Mattel further objects to the

20 Request on the grounds that it seeks documents that are not relevant to this action

21 or likely to lead to the discovery of admissible evidence.  Mattel further objects to

22 this Request on the grounds that it seeks confidential, proprietary and trade secret

23 information, including such information that has no bearing on the claims or

24 defenses in this action.  Mattel further objects to this Request on the grounds that it

25 calls for the disclosure of information subject to the attorney-client privilege, the

26 attorney work-product doctrine and other applicable privileges.

27

28

1

2

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

3

4

5

6

7

8

9

10

11

12

13

14

15

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

16

17

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

18

19

20

21

22

23

24

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents relating to communications between Mattel and others regarding the allegations at issue in this lawsuit, and other lawsuits involving MGA.

25

26

27

28

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

- 225 -

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL 9049, SET SEVEN; CV 04-9049 SGL (RNBx)

1   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2   request is unduly burdensome must allege specific facts which indicate the nature

3   and extent of the burden, usually by affidavit or other reliable evidence.")

4   Moreover, it is not unduly burdensome, as noted above, in that the request is

5   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

6   has engaged in various unfair trade practices, from serial copying of MGA

7   products, to threatening retailers and suppliers to cease doing business with MGA,

8   to intimidating employees and industry groups in order to prevent MGA from fairly

9   competing, and MGA is entitled to discovery on these claims.

10         Mattel objects that the request contains confidential, proprietary and trade

11   secret information.  A Protective Order exists in this case, obviating any concern as

12   to protection of privacy rights and/or commercially sensitive information.

13         This request does not seek documents protected by the attorney-client

14   privilege, the attorney work product doctrine, or other applicable privileges.  To the

15   extent that Mattel contends that it does, Mattel must provide a privilege log.

16         None of Mattel's improper objections are valid and Mattel is obligated to

17   produce all non-privileged responsive documents in its possession, custody, or

18   control.

19

20   **REQUEST FOR PRODUCTION NO. 695**

21         All testimony, transcripts, declarations, affidavits and other sworn written

22   statements of any other type by or from YOU or made on YOUR behalf that

23   REFER OR RELATE TO ACCELERACERS, DIVA STARZ, MY SCENE,

24   FLAVAS, and BARBIE that REFER OR RELATE TO the RELEVANT TIME

25   PERIOD (regardless of when such testimony or sworn statement was taken, given,

26   signed, made or filed), other than those previously filed and served in this ACTION

27   or in which MGA counsel in this ACTION was in attendance.

28

1    **RESPONSE TO REQUEST NO. 695**

2        In addition to the general objections stated above which are incorporated

3    herein by reference, Mattel objects to this Request on the grounds that it is

4    overbroad and unduly burdensome, including in that it seeks all documents on this

5    subject without limitation as to time, and regardless of whether such documents

6    relate to products or matters at issue in this case.  Mattel further objects to the

7    Request on the grounds that it seeks documents that are not relevant to this action

8    or likely to lead to the discovery of admissible evidence.  Mattel further objects to

9    this Request on the grounds that it seeks confidential, proprietary and trade secret

10   information, including such information that has no bearing on the claims or

11   defenses in this action.  Mattel further objects to this Request on the grounds that it

12   calls for the disclosure of information subject to the attorney-client privilege, the

13   attorney work-product doctrine and other applicable privileges.

14

15   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
16   SHOULD BE COMPELLED**

17       Mattel has not agreed to produce documents in response to this request,

18   subject to its improper boilerplate objections. Mattel has refused to confirm whether

19   or not it has produced all non-privileged responsive documents or whether it is

20   withholding documents based on its objections in Phase 2. Under the Federal Rules

21   of Civil Procedure, "an objection to part of a request must specify the part and

22   permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

23   fail to explain the basis for an objection with specificity are routinely rejected in the

24   Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

25   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

26   and harassing' are improper – especially when a party fails to submit any

27   evidentiary declarations supporting such objections"). Accordingly, Mattel must be

28   compelled either to certify that it has produced all non-privileged responsive

1    documents or to produce all such documents by a date certain.

2         To the extent that Mattel is relying on its blanket objections, they are not

3    sustainable and do not justify Mattel's failure to produce documents.

4         As to overbreadth, Mattel provides no explanation, let alone the required

5    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

6    This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

7    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

8    contrary, the request is narrowly tailored to seek documents from January 1, 1998

9    to the present date concerning all testimony, transcripts, declarations, affidavits and

10   other sworn written statement made by Mattel that refer to ACCELERACERS,

11   DIVA STARZ, MY SCENE, FLAVAS, and BARBIE. This request does not

12   include statements previously filed and served in this action or in which MGA

13   counsel in this action was in attendance.

14        As to burden, Mattel has not attempted to demonstrate why responding to

15   this request and/or producing responsive documents presents any burden. This

16   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

17   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18   request is unduly burdensome must allege specific facts which indicate the nature

19   and extent of the burden, usually by affidavit or other reliable evidence.")

20   Moreover, it is not unduly burdensome, as noted above, in that the request is

21   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

22   has engaged in a broad variety of unfair trade practices including serial copying of

23   MGA products. MGA is entitled to discovery on these claims.

24        This request does not seek documents protected by the attorney-client

25   privilege, the attorney work product doctrine, or other applicable privileges. To the

26   extent that Mattel contends that it does, Mattel must provide a privilege log.

27        As for relevancy, Mattel has not attempted to demonstrate why responding to

28   this request and/or producing responsive documents is irrelevant to the present

1   action. On the contrary, MGA has alleged that Mattel is engaged in copying of

2   MGA products, packaging, themes and advertising. ACCELERACERS, DIVA

3   STARZ, MY SCENE, FLAVAS, and BARBIE are examples of such products. A

4   request seeking documents from January 1, 1998 to the present date concerning all

5   testimony, transcripts, declarations, affidavits and other sworn written statement

6   made by Mattel that refers to ACCELERACERS, DIVA STARZ, MY SCENE,

7   FLAVAS, and BARBIE is therefore relevant to this action and MGA's claim.

8        Mattel objects that the request contains confidential, proprietary, and trade

9   secret information. A Protective Order exists in this case, obviating any concern as

10  to protection of privacy rights and/or commercially sensitive information.

11       None of Mattel's improper objections are valid and Mattel is obligated to

12  produce all non-privileged responsive documents in its possession, custody, or

13  control.

14

15  **REQUEST FOR PRODUCTION NO. 697**

16       All DOCUMENTS REFERRING OR RELATING TO the recruitment,

17  hiring, or engagement by MGA of any current or former MATTEL employee,

18  freelancer or contractor since January 1, 1999, including communications between

19  MGA and any current or former MATTEL employee, freelancer or contractor

20  concerning employment or potential employment.

21  **RESPONSE TO REQUEST NO. 697**

22       In addition to the general objections stated above which are incorporated

23  herein by reference, Mattel objects to this Request on the grounds that it is

24  overbroad and unduly burdensome, including in that it seeks all documents

25  regardless of whether such documents relate to products or matters at issue in this

26  case. Mattel further objects to the Request on the grounds that it seeks documents

27  that are not relevant to this action or likely to lead to the discovery of admissible

28  evidence. Mattel further objects to this Request on the grounds that it seeks

1  confidential, proprietary and trade secret information, including such information
2  that has no bearing on the claims or defenses in this action.  Mattel further objects
3  to this Request on the grounds that it calls for the disclosure of information subject
4  to the attorney-client privilege, the attorney work-product doctrine and other
5  applicable privileges.

6

7  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
   **SHOULD BE COMPELLED**
8

9       Mattel has not agreed to produce documents in response to this request,
10 subject to its improper boilerplate objections.  Mattel has refused to confirm
11 whether or not it has produced all non-privileged responsive documents or whether
12 it is withholding documents based on its objections in Phase 2.  Under the Federal
13 Rules of Civil Procedure, "an objection to part of a request must specify the part
14 and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections
15 that fail to explain the basis for an objection with specificity are routinely rejected
16 in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,
17 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly
18 burdensome and harassing' are improper – especially when a party fails to submit
19 any evidentiary declarations supporting such objections").  Accordingly, Mattel
20 must be compelled either to certify that it has produced all non-privileged
21 responsive documents or to produce all such documents by a date certain.

22      To the extent that Mattel is relying on its blanket objections, they are not
23 sustainable and do not justify Mattel's failure to produce documents.

24      As to overbreadth, Mattel provides no explanation, let alone the required
25 particularity, as to *why* this request is supposedly overly broad, nor can it do so.
26 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
27 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
28 contrary, the request is narrowly tailored to seek documents concerning the

1  recruitment, hiring, or engagement by MGA of any current or former Mattel

2  employee, freelancer or contractor since January 1, 1999.

3      As to burden, Mattel has not attempted to demonstrate why responding to

4  this request and/or producing responsive documents presents any burden.  This

5  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

6  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7  request is unduly burdensome must allege specific facts which indicate the nature

8  and extent of the burden, usually by affidavit or other reliable evidence.")

9  Moreover, it is not unduly burdensome, as noted above, in that the request is

10 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11 has engaged in a variety of unfair trade practices including restricting employee

12 mobility and threatening and intimidating former and current MGA employees and

13 contractors.  MGA entitled to discovery on these claims.  Moreover, Mattel has

14 accused MGA of copyright infringement, RICO violations, misappropriation of

15 trade secrets, intentional interference with contract, aiding and abetting breach of

16 fiduciary duty and duty of loyalty, conversion, and unfair competition.  All of these

17 claims are to some degree based on Mattel's theory that MGA improperly contacted

18 or hired Mattel employees, and MGA entitled to discovery on these claims and its

19 defenses.

20     Mattel objects that the request contains confidential, proprietary and trade

21 secret information.  A Protective Order exists in this case, obviating any concern as

22 to protection of privacy rights and/or commercially sensitive information.

23     This request does not seek documents protected by the attorney-client

24 privilege, the attorney work product doctrine, or other applicable privileges.  To the

25 extent that Mattel contends that it does, Mattel must provide a privilege log.

26     None of Mattel's improper objections are valid and Mattel is obligated to

27 produce all non-privileged responsive documents in its possession, custody, or

28 control.

1

2  **REQUEST FOR PRODUCTION NO. 698**

3      DOCUMENTS sufficient to identify every PERSON who has entered into a

4  MY SCENE LICENSE with YOU or anyone acting on YOUR behalf.

5      **RESPONSE TO REQUEST NO. 698:**

6      In addition to the general objections stated above which are incorporated

7  herein by reference, Mattel objects to this Request on the grounds that it is

8  overbroad and unduly burdensome, including in that it seeks all documents on this

9  subject without limitation as to time, and regardless of whether such documents

10  relate to products or matters at issue in this case.  Mattel further objects to the

11  Request on the grounds that it seeks documents that are not relevant to this action

12  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

13  this Request on the grounds that it seeks confidential, proprietary and trade secret

14  information, including such information that has no bearing on the claims or

15  defenses in this action.  Mattel further objects to this Request on the grounds that it

16  calls for the disclosure of information subject to the attorney-client privilege, the

17  attorney work-product doctrine and other applicable privileges.

18

19      **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
      SHOULD BE COMPELLED**

20

21      Mattel has improperly limited its agreement to produce documents in

22  response to this request, subject to its improper boilerplate objections.  Mattel has

23  refused to confirm whether or not it has produced all non-privileged responsive

24  documents or whether it is withholding documents based on its objections in Phase

25  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

26  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

27  Generic objections that fail to explain the basis for an objection with specificity are

28  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

1    Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

2    such as 'overly burdensome and harassing' are improper – especially when a party

3    fails to submit any evidentiary declarations supporting such objections").

4    Accordingly, Mattel must be compelled either to certify that it has produced all

5    non-privileged responsive documents or to produce all such documents by a date

6    certain.

7         To the extent that Mattel is relying on its blanket objections, they are not

8    sustainable and do not justify Mattel's failure to produce documents.

9         As to overbreadth, Mattel provides no explanation, let alone the required

10   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

11   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13   contrary, the request is narrowly tailored to seek documents sufficient to identify

14   every person who has entered into a MY SCENE LICENSE with Mattel or anyone

15   action its behalf.

16        As to burden, Mattel has not attempted to demonstrate why responding to

17   this request and/or producing responsive documents presents any burden.  This

18   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

19   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20   request is unduly burdensome must allege specific facts which indicate the nature

21   and extent of the burden, usually by affidavit or other reliable evidence.")

22   Moreover, it is not unduly burdensome, as noted above, in that the request is

23   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

24   has engaged in a broad variety of unfair trade practices including serial copying of

25   MGA products.  MGA is entitled to discovery on these claims.

26        This request does not seek documents protected by the attorney-client

27   privilege, the attorney work product doctrine, or other applicable privileges.  To the

28   extent that Mattel contends that it does, Mattel must provide a privilege log.

1   As for relevancy, Mattel has not attempted to demonstrate why responding
2   to this request and/or producing responsive documents is irrelevant to the present
3   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of
4   MGA products, and MY SCENE is an example of one such product line.  MGA
5   also seeks damages and profits derived by Mattel for its acts of false designation of
6   origin or affiliation, unfair competition and unfair business practices and dilution.
7   A request for documents sufficient to identify every person who has entered into a
8   MY SCENE LICENSE with Mattel or anyone action its behalf is therefore relevant
9   to this action and MGA's claim.
10   Mattel objects that the request contains confidential, proprietary, and trade
11   secret information.  A Protective Order exists in this case, obviating any concern as
12   to protection of privacy rights and/or commercially sensitive information.
13   None of Mattel's improper objections are valid and Mattel is obligated to
14   produce all non-privileged responsive documents in its possession, custody, or
15   control.
16
17   **REQUEST FOR PRODUCTION NO. 699**
18   DOCUMENTS sufficient to identify by product name, product number and
19   SKU each MY SCENE PRODUCT including, without limitation, each MY SCENE
20   DOLL, sold by YOU or YOUR licensees.
21   **RESPONSE TO REQUEST NO. 699:**
22   In addition to the general objections stated above which are incorporated
23   herein by reference, Mattel objects to this Request on the grounds that it is
24   overbroad and unduly burdensome, including in that it seeks all documents on this
25   subject without limitation as to time, and regardless of whether such documents
26   relate to products or matters at issue in this case.  Mattel further objects to this
27   Request on the grounds that it seeks confidential, proprietary and trade secret
28   information, including such information that has no bearing on the claims or

1  defenses in this action.  Mattel further objects to the extent the Request seeks

2  documents already produced by Mattel.  Such documents will not be produced

3  again.

4       Subject to and without waiving the foregoing objections, Mattel responds as

5  follows:  Mattel will produce such responsive, non-privileged documents that are in

6  Mattel's possession, custody, or control, if any, that Mattel has been able to locate

7  after a diligent search and reasonable inquiry, to the extent not previously produced.

8

9  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
10 **SHOULD BE COMPELLED**

11       Mattel has improperly limited its agreement to produce documents in

12 response to this request, subject to its improper boilerplate objections.  Mattel has

13 refused to confirm whether or not it has produced all non-privileged responsive

14 documents or whether it is withholding documents based on its objections in Phase

15 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

16 must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

17 Generic objections that fail to explain the basis for an objection with specificity are

18 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

19 Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

20 such as 'overly burdensome and harassing' are improper – especially when a party

21 fails to submit any evidentiary declarations supporting such objections").

22 Accordingly, Mattel must be compelled either to certify that it has produced all

23 non-privileged responsive documents or to produce all such documents by a date

24 certain.

25       To the extent that Mattel is relying on its blanket objections, they are not

26 sustainable and do not justify Mattel's failure to produce documents.

27       As to overbreadth, Mattel provides no explanation, let alone the required

28 particularity, as to *why* this request is supposedly overly broad, nor can it do so.

1   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

2   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

3   contrary, the request is narrowly tailored to seek documents sufficient to identify by

4   product name, product number and SKU each MY SCENE PRODUCT including,

5   without limitation, each MY SCENE DOLL, sold by Mattel or Mattel's licensees.

6        As to burden, Mattel has not attempted to demonstrate why responding to

7   this request and/or producing responsive documents presents any burden.  This

8   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

9   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10   request is unduly burdensome must allege specific facts which indicate the nature

11   and extent of the burden, usually by affidavit or other reliable evidence.")

12   Moreover, it is not unduly burdensome, as noted above, in that the request is

13   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

14   has engaged in a broad variety of unfair trade practices including serial copying of

15   MGA products.  MGA is entitled to discovery on these claims.

16        This request does not seek documents protected by the attorney-client

17   privilege, the attorney work product doctrine, or other applicable privileges.  To the

18   extent that Mattel contends that it does, Mattel must provide a privilege log.

19        As for relevancy, Mattel has not attempted to demonstrate why responding

20   to this request and/or producing responsive documents is irrelevant to the present

21   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

22   MGA products, and MY SCENE is an example of one such product line.  MGA

23   also seeks damages and profits derived by Mattel for its acts of false designation of

24   origin or affiliation, unfair competition and unfair business practices and dilution.

25   A request for documents sufficient to identify sufficient to identify by product

26   name, product number and SKU each MY SCENE PRODUCT including, without

27   limitation, each MY SCENE DOLL, sold by Mattel or Mattel's licensees is

28   therefore relevant to this action and MGA's claim.

1    Mattel objects that the request contains confidential, proprietary, and trade

2    secret information.  A Protective Order exists in this case, obviating any concern as

3    to protection of privacy rights and/or commercially sensitive information.

4    None of Mattel's improper objections are valid and Mattel is obligated to

5    produce all non-privileged responsive documents in its possession, custody, or

6    control.

7

8    **REQUEST FOR PRODUCTION NO. 704**

9    For each customer to whom YOU or YOUR licensees have ever sold any

10   MY SCENE DOLL, DOCUMENTS sufficient to show the number of units of each

11   such MY SCENE DOLL sold by YOU or YOUR licensees to that customer.

12   **RESPONSE TO REQUEST NO. 704:**

13   In addition to the general objections stated above which are incorporated

14   herein by reference, Mattel objects to this Request on the grounds that it is

15   overbroad and unduly burdensome, including in that it seeks all documents on this

16   subject without limitation as to time, and regardless of whether such documents

17   relate to products or matters at issue in this case.  Mattel further objects to the

18   Request on the grounds that it seeks documents that are not relevant to this action

19   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

20   this Request on the grounds that it seeks confidential, proprietary and trade secret

21   information, including such information that has no bearing on the claims or

22   defenses in this action.  Mattel further objects to this Request on the grounds that it

23   calls for the disclosure of information subject to the attorney-client privilege, the

24   attorney work-product doctrine and other applicable privileges.  Mattel further

25   objects to this Request on the grounds this Request seeks information beyond the

26   possession, custody, or control of Mattel.

27

28

1

2

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

3    Mattel has improperly limited its agreement to produce documents in

4    response to this request, subject to its improper boilerplate objections.  Mattel has

5    refused to confirm whether or not it has produced all non-privileged responsive

6    documents or whether it is withholding documents based on its objections in Phase

7    2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

8    must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

9    Generic objections that fail to explain the basis for an objection with specificity are

10   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

11   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

12   such as 'overly burdensome and harassing' are improper – especially when a party

13   fails to submit any evidentiary declarations supporting such objections").

14   Accordingly, Mattel must be compelled either to certify that it has produced all

15   non-privileged responsive documents or to produce all such documents by a date

16   certain.

17   To the extent that Mattel is relying on its blanket objections, they are not

18   sustainable and do not justify Mattel's failure to produce documents.

19   As to overbreadth, Mattel provides no explanation, let alone the required

20   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

21   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23   contrary, the request is narrowly tailored to seek documents sufficient to show the

24   number of units sold to each customer by Mattel or its licensees of any MY SCENE

25   DOLL.

26   As to burden, Mattel has not attempted to demonstrate why responding to

27   this request and/or producing responsive documents presents any burden.  This

28   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

- 238 -

1  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2  request is unduly burdensome must allege specific facts which indicate the nature

3  and extent of the burden, usually by affidavit or other reliable evidence.")

4  Moreover, it is not unduly burdensome, as noted above, in that the request is

5  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

6  has engaged in a broad variety of unfair trade practices including serial copying of

7  MGA products.  MGA is entitled to discovery on these claims.

8       This request does not seek documents protected by the attorney-client

9  privilege, the attorney work product doctrine, or other applicable privileges.  To the

10  extent that Mattel contends that it does, Mattel must provide a privilege log.

11       As for relevancy, Mattel has not attempted to demonstrate why responding

12  to this request and/or producing responsive documents is irrelevant to the present

13  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

14  MGA products, and MY SCENE is an example of one such product line.  MGA

15  also seeks damages and profits derived by Mattel for its acts of false designation of

16  origin or affiliation, unfair competition and unfair business practices and dilution.

17  A request for documents sufficient to show the number of units sold to each

18  customer by Mattel or its licensees of any MY SCENE DOLL is therefore relevant

19  to this action and MGA's claim.

20       Mattel objects that the request contains confidential, proprietary, and trade

21  secret information.  A Protective Order exists in this case, obviating any concern as

22  to protection of privacy rights and/or commercially sensitive information.

23       None of Mattel's improper objections are valid and Mattel is obligated to

24  produce all non-privileged responsive documents in its possession, custody, or

25  control.

26

27

28

**REQUEST FOR PRODUCTION NO. 705**

      For each customer to whom YOU or YOUR licensees have ever sold any MY SCENE DOLL, DOCUMENTS sufficient to show the revenue received by YOU from the sale of each such MY SCENE DOLL sold by YOU or YOUR licensees to that customer.

**RESPONSE TO REQUEST NO. 705:**

      In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds this Request seeks information beyond the possession, custody, or control of Mattel.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

      Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

1   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

2   Generic objections that fail to explain the basis for an objection with specificity are

3   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

4   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

5   such as 'overly burdensome and harassing' are improper – especially when a party

6   fails to submit any evidentiary declarations supporting such objections").

7   Accordingly, Mattel must be compelled either to certify that it has produced all

8   non-privileged responsive documents or to produce all such documents by a date

9   certain.

10        To the extent that Mattel is relying on its blanket objections, they are not

11   sustainable and do not justify Mattel's failure to produce documents.

12        As to overbreadth, Mattel provides no explanation, let alone the required

13   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

14   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

15   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

16   contrary, the request is narrowly tailored to seek documents sufficient to show the

17   revenue received by Mattel from the sale to each customer by Mattel or its licensees

18   of any MY SCENE DOLL.

19        As to burden, Mattel has not attempted to demonstrate why responding to

20   this request and/or producing responsive documents presents any burden.  This

21   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

22   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23   request is unduly burdensome must allege specific facts which indicate the nature

24   and extent of the burden, usually by affidavit or other reliable evidence.")

25   Moreover, it is not unduly burdensome, as noted above, in that the request is

26   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

27   has engaged in a broad variety of unfair trade practices including serial copying of

28   MGA products.  MGA is entitled to discovery on these claims.

1   This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4   As for relevancy, Mattel has not attempted to demonstrate why responding

5   to this request and/or producing responsive documents is irrelevant to the present

6   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

7   MGA products, and MY SCENE is an example of one such product line.  MGA

8   also seeks damages and profits derived by Mattel for its acts of false designation of

9   origin or affiliation, unfair competition and unfair business practices and dilution.

10   A request to seek documents sufficient to show the revenue received by Mattel

11   from the sale to each customer by Mattel or its licensees of any MY SCENE DOLL

12   is therefore relevant to this action and MGA's claim.

13   Mattel objects that the request contains confidential, proprietary, and trade

14   secret information.  A Protective Order exists in this case, obviating any concern as

15   to protection of privacy rights and/or commercially sensitive information.

16   None of Mattel's improper objections are valid and Mattel is obligated to

17   produce all non-privileged responsive documents in its possession, custody, or

18   control.

19

20   **REQUEST FOR PRODUCTION NO. 706**

21   For each customer to whom YOU or YOUR licensees have ever sold any

22   MY SCENE DOLL, DOCUMENTS sufficient to show YOUR profits from each

23   such MY SCENE DOLL sold by YOU or YOUR licensees to that customer.

24   **RESPONSE TO REQUEST NO. 706:**

25   In addition to the general objections stated above which are incorporated

26   herein by reference, Mattel objects to this Request on the grounds that it is

27   overbroad and unduly burdensome, including in that it seeks all documents on this

28   subject without limitation as to time, and regardless of whether such documents

1  relate to products or matters at issue in this case.  Mattel further objects to the

2  Request on the grounds that it seeks documents that are not relevant to this action

3  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

4  this Request on the grounds that it seeks confidential, proprietary and trade secret

5  information, including such information that has no bearing on the claims or

6  defenses in this action.  Mattel further objects to this Request on the grounds that it

7  calls for the disclosure of information subject to the attorney-client privilege, the

8  attorney work-product doctrine and other applicable privileges.  Mattel further

9  objects to this Request on the grounds this Request seeks information beyond the

10  possession, custody, or control of Mattel.

11

12  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

13  **SHOULD BE COMPELLED**

14       Mattel has improperly limited its agreement to produce documents in

15  response to this request, subject to its improper boilerplate objections.  Mattel has

16  refused to confirm whether or not it has produced all non-privileged responsive

17  documents or whether it is withholding documents based on its objections in Phase

18  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

19  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

20  Generic objections that fail to explain the basis for an objection with specificity are

21  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

22  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

23  such as 'overly burdensome and harassing' are improper – especially when a party

24  fails to submit any evidentiary declarations supporting such objections").

25  Accordingly, Mattel must be compelled either to certify that it has produced all

26  non-privileged responsive documents or to produce all such documents by a date

27  certain.

28       To the extent that Mattel is relying on its blanket objections, they are not

- 243 -

1   sustainable and do not justify Mattel's failure to produce documents.

2       As to overbreadth, Mattel provides no explanation, let alone the required

3   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

4   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

5   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

6   contrary, the request is narrowly tailored to seek documents sufficient to show the

7   profits by Mattel from the sale to each customer by Mattel or its licensees of any

8   MY SCENE DOLL.

9       As to burden, Mattel has not attempted to demonstrate why responding to

10   this request and/or producing responsive documents presents any burden.  This

11   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

12   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

13   request is unduly burdensome must allege specific facts which indicate the nature

14   and extent of the burden, usually by affidavit or other reliable evidence.")

15   Moreover, it is not unduly burdensome, as noted above, in that the request is

16   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

17   has engaged in a broad variety of unfair trade practices including serial copying of

18   MGA products.  MGA is entitled to discovery on these claims.

19       This request does not seek documents protected by the attorney-client

20   privilege, the attorney work product doctrine, or other applicable privileges.  To the

21   extent that Mattel contends that it does, Mattel must provide a privilege log.

22       As for relevancy, Mattel has not attempted to demonstrate why responding

23   to this request and/or producing responsive documents is irrelevant to the present

24   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

25   MGA products, and MY SCENE is an example of one such product line.  MGA

26   also seeks damages and profits derived by Mattel for its acts of false designation of

27   origin or affiliation, unfair competition and unfair business practices and dilution.

28   A request to seek documents sufficient to show the profits by Mattel from the sale

to each customer by Mattel or its licensees of any MY SCENE DOLL is therefore relevant to this action and MGA's claim.

Mattel objects that the request contains confidential, proprietary, and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 707

DOCUMENTS sufficient to show customer returns to YOU of MY SCENE DOLLS sold or distributed by YOU or YOUR licensees.

### RESPONSE TO REQUEST NO. 707:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

1    Mattel has improperly limited its agreement to produce documents in

2    response to this request, subject to its improper boilerplate objections.  Mattel has

3    refused to confirm whether or not it has produced all non-privileged responsive

4    documents or whether it is withholding documents based on its objections in Phase

5    2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

6    must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

7    Generic objections that fail to explain the basis for an objection with specificity are

8    routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

9    Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

10   such as 'overly burdensome and harassing' are improper – especially when a party

11   fails to submit any evidentiary declarations supporting such objections").

12   Accordingly, Mattel must be compelled either to certify that it has produced all

13   non-privileged responsive documents or to produce all such documents by a date

14   certain.

15   To the extent that Mattel is relying on its blanket objections, they are not

16   sustainable and do not justify Mattel's failure to produce documents.

17   As to overbreadth, Mattel provides no explanation, let alone the required

18   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

19   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

20   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

21   contrary, the request is narrowly tailored to seek documents sufficient to show

22   customer returns to Mattel of any MY SCENE DOLL sold or distributed by Mattel

23   or its licensees.

24   As to burden, Mattel has not attempted to demonstrate why responding to

25   this request and/or producing responsive documents presents any burden.  This

26   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

27   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

28   request is unduly burdensome must allege specific facts which indicate the nature

1   and extent of the burden, usually by affidavit or other reliable evidence.")

2   Moreover, it is not unduly burdensome, as noted above, in that the request is

3   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4   has engaged in a broad variety of unfair trade practices including serial copying of

5   MGA products.  MGA is entitled to discovery on these claims.

6        This request does not seek documents protected by the attorney-client

7   privilege, the attorney work product doctrine, or other applicable privileges.  To the

8   extent that Mattel contends that it does, Mattel must provide a privilege log.

9        As for relevancy, Mattel has not attempted to demonstrate why responding

10  to this request and/or producing responsive documents is irrelevant to the present

11  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

12  MGA products, and MY SCENE is an example of one such product line.  MGA

13  also seeks damages and profits derived by Mattel for its acts of false designation of

14  origin or affiliation, unfair competition and unfair business practices and dilution.

15  A request to seek documents sufficient to show customer returns to Mattel of any

16  MY SCENE DOLL sold or distributed by Mattel or its licensees is therefore

17  relevant to this action and MGA's claim.

18       Mattel objects that the request contains confidential, proprietary, and trade

19  secret information.  A Protective Order exists in this case, obviating any concern as

20  to protection of privacy rights and/or commercially sensitive information.

21       None of Mattel's improper objections are valid and Mattel is obligated to

22  produce all non-privileged responsive documents in its possession, custody, or

23  control.

24

25  **REQUEST FOR PRODUCTION NO. 708**

26       DOCUMENTS sufficient to show customer rebates or credits given by YOU

27  or YOUR licensees to customers in connection with MY SCENE DOLLS.

28

**RESPONSE TO REQUEST NO. 708:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds this Request seeks information beyond the possession, custody, or control of Mattel.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all

1   non-privileged responsive documents or to produce all such documents by a date
2   certain.

3       To the extent that Mattel is relying on its blanket objections, they are not
4   sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the required
6   particularity, as to *why* this request is supposedly overly broad, nor can it do so.
7   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
8   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
9   contrary, the request is narrowly tailored to seek documents sufficient to show
10  customer rebates or credits given by Mattel or its licensees in connection with the
11  MY SCENE DOLLS.

12      As to burden, Mattel has not attempted to demonstrate why responding to
13  this request and/or producing responsive documents presents any burden.  This
14  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
15  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
16  request is unduly burdensome must allege specific facts which indicate the nature
17  and extent of the burden, usually by affidavit or other reliable evidence.")
18  Moreover, it is not unduly burdensome, as noted above, in that the request is
19  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
20  has engaged in a broad variety of unfair trade practices including serial copying of
21  MGA products.  MGA is entitled to discovery on these claims.

22      This request does not seek documents protected by the attorney-client
23  privilege, the attorney work product doctrine, or other applicable privileges.  To the
24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25      As for relevancy, Mattel has not attempted to demonstrate why responding
26  to this request and/or producing responsive documents is irrelevant to the present
27  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of
28  MGA products, and MY SCENE is an example of one such product line.  MGA

1    also seeks damages and profits derived by Mattel for its acts of false designation of

2    origin or affiliation, unfair competition and unfair business practices and dilution.

3    A request to seek documents sufficient to show customer rebates or credits given by

4    Mattel or its licensees in connection with the MY SCENE DOLLS is therefore

5    relevant to this action and MGA's claim.

6          Mattel objects that the request contains confidential, proprietary, and trade

7    secret information.  A Protective Order exists in this case, obviating any concern as

8    to protection of privacy rights and/or commercially sensitive information.

9          None of Mattel's improper objections are valid and Mattel is obligated to

10   produce all non-privileged responsive documents in its possession, custody, or

11   control.

12

13   **REQUEST FOR PRODUCTION NO. 709**

14         DOCUMENTS sufficient to show, by product number or SKU, the number

15   of units of each MY SCENE DOLL sold by YOU or YOUR licensees.

16         **RESPONSE TO REQUEST NO. 709:**

17         In addition to the general objections stated above which are incorporated

18   herein by reference, Mattel objects to this Request on the grounds that it is

19   overbroad and unduly burdensome, including in that it seeks all documents on this

20   subject without limitation as to time, and regardless of whether such documents

21   relate to products or matters at issue in this case.  Mattel further objects to the

22   Request on the grounds that it seeks documents that are not relevant to this action

23   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

24   this Request on the grounds that it seeks confidential, proprietary and trade secret

25   information, including such information that has no bearing on the claims or

26   defenses in this action.  Mattel further objects to this Request on the grounds that it

27   calls for the disclosure of information subject to the attorney-client privilege, the

28   attorney work-product doctrine and other applicable privileges.  Mattel further

objects to this Request on the grounds this Request seeks information beyond the possession, custody, or control of Mattel.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to **why** this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents sufficient to show, by product number or SKU, the number of units of each MY SCENE DOLLS sold by Mattel or its licensees.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

As for relevancy, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents is irrelevant to the present action.  On the contrary, MGA has alleged that Mattel is engaged in copying of MGA products, and MY SCENE is an example of one such product line.  MGA also seeks damages and profits derived by Mattel for its acts of false designation of origin or affiliation, unfair competition and unfair business practices and dilution.  A request to seek documents sufficient to show, by product number or SKU, the number of units of each MY SCENE DOLLS sold by Mattel or its licensees is therefore relevant to this action and MGA's claim.

Mattel objects that the request contains confidential, proprietary, and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

1

2  **<u>REQUEST FOR PRODUCTION NO. 710</u>**

3         DOCUMENTS sufficient to show, by product number or SKU, the revenue

4  received by YOU from the sale of each MY SCENE DOLL sold by YOU or YOUR

5  licensees.

6         **<u>RESPONSE TO REQUEST NO. 710:</u>**

7         In addition to the general objections stated above which are incorporated

8  herein by reference, Mattel objects to this Request on the grounds that it is

9  overbroad and unduly burdensome, including in that it seeks all documents on this

10  subject without limitation as to time, and regardless of whether such documents

11  relate to products or matters at issue in this case.  Mattel further objects to the

12  Request on the grounds that it seeks documents that are not relevant to this action

13  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

14  this Request on the grounds that it seeks confidential, proprietary and trade secret

15  information, including such information that has no bearing on the claims or

16  defenses in this action.  Mattel further objects to this Request on the grounds that it

17  calls for the disclosure of information subject to the attorney-client privilege, the

18  attorney work-product doctrine and other applicable privileges.  Mattel further

19  objects to this Request on the grounds this Request seeks information beyond the

20  possession, custody, or control of Mattel.

21

22         **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
      **SHOULD BE COMPELLED**

23

24         Mattel has improperly limited its agreement to produce documents in

25  response to this request, subject to its improper boilerplate objections.  Mattel has

26  refused to confirm whether or not it has produced all non-privileged responsive

27  documents or whether it is withholding documents based on its objections in Phase

28  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

1   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

2   Generic objections that fail to explain the basis for an objection with specificity are

3   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

4   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

5   such as 'overly burdensome and harassing' are improper – especially when a party

6   fails to submit any evidentiary declarations supporting such objections").

7   Accordingly, Mattel must be compelled either to certify that it has produced all

8   non-privileged responsive documents or to produce all such documents by a date

9   certain.

10        To the extent that Mattel is relying on its blanket objections, they are not

11   sustainable and do not justify Mattel's failure to produce documents.

12        As to overbreadth, Mattel provides no explanation, let alone the required

13   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

14   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

15   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

16   contrary, the request is narrowly tailored to seek documents sufficient to show, by

17   product number or SKU, the revenue received by Mattel from the sale of each MY

18   SCENE DOLLS sold by Mattel or its licensees.

19        As to burden, Mattel has not attempted to demonstrate why responding to

20   this request and/or producing responsive documents presents any burden.  This

21   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

22   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23   request is unduly burdensome must allege specific facts which indicate the nature

24   and extent of the burden, usually by affidavit or other reliable evidence.")

25   Moreover, it is not unduly burdensome, as noted above, in that the request is

26   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

27   has engaged in a broad variety of unfair trade practices including serial copying of

28   MGA products.  MGA is entitled to discovery on these claims.

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    As for relevancy, Mattel has not attempted to demonstrate why responding

5    to this request and/or producing responsive documents is irrelevant to the present

6    action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

7    MGA products, and MY SCENE is an example of one such product line.  MGA

8    also seeks damages and profits derived by Mattel for its acts of false designation of

9    origin or affiliation, unfair competition and unfair business practices and dilution.

10   A request to seek documents sufficient to show, by product number or SKU, the

11   revenue received by Mattel from the sale of each MY SCENE DOLLS sold by

12   Mattel or its licensees is therefore relevant to this action and MGA's claim.

13   Mattel objects that the request contains confidential, proprietary, and trade

14   secret information.  A Protective Order exists in this case, obviating any concern as

15   to protection of privacy rights and/or commercially sensitive information.

16   None of Mattel's improper objections are valid and Mattel is obligated to

17   produce all non-privileged responsive documents in its possession, custody, or

18   control.

19

20   **REQUEST FOR PRODUCTION NO. 711**

21   DOCUMENTS sufficient to show, by product number or SKU, YOUR cost

22   of goods sold, unit cost and other costs for each MY SCENE DOLL sold by YOU

23   or YOUR licensees.

24   **RESPONSE TO REQUEST NO. 711:**

25   In addition to the general objections stated above which are incorporated

26   herein by reference, Mattel objects to this Request on the grounds that it is

27   overbroad and unduly burdensome, including in that it seeks all documents on this

28   subject without limitation as to time, and regardless of whether such documents

1   relate to products or matters at issue in this case.  Mattel further objects to the use

2   of the terms "cost of goods sold, unit cost and other costs" in this context as vague

3   and ambiguous.  Mattel further objects to the Request on the grounds that it seeks

4   documents that are not relevant to this action or likely to lead to the discovery of

5   admissible evidence.  Mattel further objects to this Request on the grounds that it

6   seeks confidential, proprietary and trade secret information, including such

7   information that has no bearing on the claims or defenses in this action.  Mattel

8   further objects to this Request on the grounds that it calls for the disclosure of

9   information subject to the attorney-client privilege, the attorney work-product

10  doctrine and other applicable privileges.  Mattel further objects to this Request on

11  the grounds this Request seeks information beyond the possession, custody, or

12  control of Mattel.

13

14  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

15  **SHOULD BE COMPELLED**

16      Mattel has improperly limited its agreement to produce documents in

17  response to this request, subject to its improper boilerplate objections.  Mattel has

18  refused to confirm whether or not it has produced all non-privileged responsive

19  documents or whether it is withholding documents based on its objections in Phase

20  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

21  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

22  Generic objections that fail to explain the basis for an objection with specificity are

23  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

24  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

25  such as 'overly burdensome and harassing' are improper – especially when a party

26  fails to submit any evidentiary declarations supporting such objections").

27  Accordingly, Mattel must be compelled either to certify that it has produced all

28  non-privileged responsive documents or to produce all such documents by a date

1   certain.

2        To the extent that Mattel is relying on its blanket objections, they are not

3   sustainable and do not justify Mattel's failure to produce documents.

4        As to overbreadth, Mattel provides no explanation, let alone the required

5   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

6   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

7   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

8   contrary, the request is narrowly tailored to seek documents sufficient to show, by

9   product number or SKU, Mattel's cost of goods sold, unit cost and other costs for

10  each MY SCENE DOLL sold by Mattel or its licensees.

11       As to burden, Mattel has not attempted to demonstrate why responding to

12  this request and/or producing responsive documents presents any burden.  This

13  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

14  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15  request is unduly burdensome must allege specific facts which indicate the nature

16  and extent of the burden, usually by affidavit or other reliable evidence.")

17  Moreover, it is not unduly burdensome, as noted above, in that the request is

18  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19  has engaged in a broad variety of unfair trade practices including serial copying of

20  MGA products.  MGA is entitled to discovery on these claims.

21       This request does not seek documents protected by the attorney-client

22  privilege, the attorney work product doctrine, or other applicable privileges.  To the

23  extent that Mattel contends that it does, Mattel must provide a privilege log.

24       As for relevancy, Mattel has not attempted to demonstrate why responding

25  to this request and/or producing responsive documents is irrelevant to the present

26  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

27  MGA products, and MY SCENE is an example of one such product line.  MGA

28  also seeks damages and profits derived by Mattel for its acts of false designation of

1    origin or affiliation, unfair competition and unfair business practices and dilution.

2    A request to seek documents sufficient to show, by product number or SKU,

3    Mattel's cost of goods sold, unit cost and other costs for each MY SCENE DOLL

4    sold by Mattel or its licensees is therefore relevant to this action and MGA's claim.

5         Mattel objects that the request contains confidential, proprietary, and trade

6    secret information.  A Protective Order exists in this case, obviating any concern as

7    to protection of privacy rights and/or commercially sensitive information.

8         None of Mattel's improper objections are valid and Mattel is obligated to

9    produce all non-privileged responsive documents in its possession, custody, or

10   control.

11

12   **REQUEST FOR PRODUCTION NO. 712**

13        All DOCUMENTS REFERRING OR RELATING TO YOUR profits, by

14   product number or SKU, from the sale of each MY SCENE DOLL sold by YOU or

15   YOUR licensees.

16        **RESPONSE TO REQUEST NO. 712:**

17        In addition to the general objections stated above which are incorporated

18   herein by reference, Mattel objects to this Request on the grounds that it is

19   overbroad and unduly burdensome, including in that it seeks all documents on this

20   subject without limitation as to time, and regardless of whether such documents

21   relate to products or matters at issue in this case.  Mattel further objects to the

22   Request on the grounds that it seeks documents that are not relevant to this action

23   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

24   this Request on the grounds that it seeks confidential, proprietary and trade secret

25   information, including such information that has no bearing on the claims or

26   defenses in this action.  Mattel further objects to this Request on the grounds that it

27   calls for the disclosure of information subject to the attorney-client privilege, the

28   attorney work-product doctrine and other applicable privileges.  Mattel further

1   objects to this Request on the grounds this Request seeks information beyond the

2   possession, custody, or control of Mattel.

3

4   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

5

6          Mattel has improperly limited its agreement to produce documents in

7   response to this request, subject to its improper boilerplate objections.  Mattel has

8   refused to confirm whether or not it has produced all non-privileged responsive

9   documents or whether it is withholding documents based on its objections in Phase

10  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

11  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

12  Generic objections that fail to explain the basis for an objection with specificity are

13  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

14  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

15  such as 'overly burdensome and harassing' are improper – especially when a party

16  fails to submit any evidentiary declarations supporting such objections").

17  Accordingly, Mattel must be compelled either to certify that it has produced all

18  non-privileged responsive documents or to produce all such documents by a date

19  certain.

20         To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.

22         As to overbreadth, Mattel provides no explanation, let alone the required

23  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

24  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26  contrary, the request is narrowly tailored to seek documents related to Mattel's

27  profits, by product number or SKU, from the sale of each MY SCENE DOLL sold

28  by Mattel or its licensees.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

As for relevancy, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents is irrelevant to the present action.  On the contrary, MGA has alleged that Mattel is engaged in copying of MGA products, and MY SCENE is an example of one such product line.  MGA also seeks damages and profits derived by Mattel for its acts of false designation of origin or affiliation, unfair competition and unfair business practices and dilution.  A request to seek documents related to Mattel's profits, by product number or SKU, from the sale of each MY SCENE DOLL sold by Mattel or its licensees is therefore relevant to this action and MGA's claim.

Mattel objects that the request contains confidential, proprietary, and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 713**

For each customer to whom YOU or YOUR licensees have ever sold any MY SCENE DOLL, DOCUMENTS sufficient to show, by product number or SKU, the number of units of each such MY SCENE DOLL sold by YOU or YOUR licensees to that customer.

**RESPONSE TO REQUEST NO. 713:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds this Request seeks information beyond the possession, custody, or control of Mattel.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase

1   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

2   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

3   Generic objections that fail to explain the basis for an objection with specificity are

4   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

5   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

6   such as 'overly burdensome and harassing' are improper – especially when a party

7   fails to submit any evidentiary declarations supporting such objections").

8   Accordingly, Mattel must be compelled either to certify that it has produced all

9   non-privileged responsive documents or to produce all such documents by a date

10  certain.

11      To the extent that Mattel is relying on its blanket objections, they are not

12  sustainable and do not justify Mattel's failure to produce documents.

13      As to overbreadth, Mattel provides no explanation, let alone the required

14  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

15  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

16  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

17  contrary, the request is narrowly tailored to seek documents sufficient to show, by

18  product number or SKU, for each customer, the number of units of each MY

19  SCENE DOLL sold by Mattel or its licensees.

20      As to burden, Mattel has not attempted to demonstrate why responding to

21  this request and/or producing responsive documents presents any burden.  This

22  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

23  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24  request is unduly burdensome must allege specific facts which indicate the nature

25  and extent of the burden, usually by affidavit or other reliable evidence.")

26  Moreover, it is not unduly burdensome, as noted above, in that the request is

27  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

28  has engaged in a broad variety of unfair trade practices including serial copying of

1    MGA products.  MGA is entitled to discovery on these claims.

2          This request does not seek documents protected by the attorney-client

3    privilege, the attorney work product doctrine, or other applicable privileges.  To the

4    extent that Mattel contends that it does, Mattel must provide a privilege log.

5           As for relevancy, Mattel has not attempted to demonstrate why responding

6    to this request and/or producing responsive documents is irrelevant to the present

7    action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

8    MGA products, and MY SCENE is an example of one such product line.  MGA

9    also seeks damages and profits derived by Mattel for its acts of false designation of

10   origin or affiliation, unfair competition and unfair business practices and dilution.

11   A request to seek documents sufficient to show, by product number or SKU, for

12   each customer, the number of units of MY SCENE DOLL sold by Mattel or its

13   licensees is therefore relevant to this action and MGA's claim.

14         Mattel objects that the request contains confidential, proprietary, and trade

15   secret information.  A Protective Order exists in this case, obviating any concern as

16   to protection of privacy rights and/or commercially sensitive information.

17         None of Mattel's improper objections are valid and Mattel is obligated to

18   produce all non-privileged responsive documents in its possession, custody, or

19   control.

20

21   **REQUEST FOR PRODUCTION NO. 714**

22         For each customer to whom YOU or YOUR licensees have ever sold any

23   MY SCENE DOLL, DOCUMENTS sufficient to show, by product number or

24   SKU, the revenue received by YOU from the sale of each such MY SCENE DOLL

25   sold by YOU or YOUR licensees to that customer.

26         **RESPONSE TO REQUEST NO. 714:**

27         In addition to the general objections stated above which are incorporated

28   herein by reference, Mattel objects to this Request on the grounds that it is

- 263 -

1  overbroad and unduly burdensome, including in that it seeks all documents on this

2  subject without limitation as to time, and regardless of whether such documents

3  relate to products or matters at issue in this case.  Mattel further objects to the

4  Request on the grounds that it seeks documents that are not relevant to this action

5  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

6  this Request on the grounds that it seeks confidential, proprietary and trade secret

7  information, including such information that has no bearing on the claims or

8  defenses in this action.  Mattel further objects to this Request on the grounds that it

9  calls for the disclosure of information subject to the attorney-client privilege, the

10  attorney work-product doctrine and other applicable privileges.  Mattel further

11  objects to this Request on the grounds this Request seeks information beyond the

12  possession, custody, or control of Mattel.

13

14  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
   **SHOULD BE COMPELLED**

15

16  Mattel has improperly limited its agreement to produce documents in

17  response to this request, subject to its improper boilerplate objections.  Mattel has

18  refused to confirm whether or not it has produced all non-privileged responsive

19  documents or whether it is withholding documents based on its objections in Phase

20  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

21  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

22  Generic objections that fail to explain the basis for an objection with specificity are

23  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

24  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

25  such as 'overly burdensome and harassing' are improper – especially when a party

26  fails to submit any evidentiary declarations supporting such objections").

27  Accordingly, Mattel must be compelled either to certify that it has produced all

28  non-privileged responsive documents or to produce all such documents by a date

1    certain.

2           To the extent that Mattel is relying on its blanket objections, they are not

3    sustainable and do not justify Mattel's failure to produce documents.

4           As to overbreadth, Mattel provides no explanation, let alone the required

5    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

6    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

7    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

8    contrary, the request is narrowly tailored to seek documents sufficient to show, by

9    product number or SKU, for each customer, the revenue received by Mattel from

10   the sale of each MY SCENE DOLL sold by Mattel or its licensees.

11          As to burden, Mattel has not attempted to demonstrate why responding to

12   this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

14   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.")

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19   has engaged in a broad variety of unfair trade practices including serial copying of

20   MGA products.  MGA is entitled to discovery on these claims.

21          This request does not seek documents protected by the attorney-client

22   privilege, the attorney work product doctrine, or other applicable privileges.  To the

23   extent that Mattel contends that it does, Mattel must provide a privilege log.

24          As for relevancy, Mattel has not attempted to demonstrate why responding

25   to this request and/or producing responsive documents is irrelevant to the present

26   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

27   MGA products, and MY SCENE is an example of one such product line.  MGA

28   also seeks damages and profits derived by Mattel for its acts of false designation of

origin or affiliation, unfair competition and unfair business practices and dilution. A request to seek documents sufficient to show, by product number or SKU, for each customer, the revenue received by Mattel from the sale of each MY SCENE DOLL sold by Mattel or its licensees is therefore relevant to this action and MGA's claim.

Mattel objects that the request contains confidential, proprietary, and trade secret information. A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 715**

For each customer to whom YOU or YOUR licensees have ever sold any MY SCENE DOLL, DOCUMENTS sufficient to show, by product number or SKU, YOUR profits from each such MY SCENE DOLL sold by YOU or YOUR licensees to that customer.

**RESPONSE TO REQUEST NO. 715:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action. Mattel further objects to this Request on the grounds that it

1   calls for the disclosure of information subject to the attorney-client privilege, the

2   attorney work-product doctrine and other applicable privileges.  Mattel further

3   objects to this Request on the grounds this Request seeks information beyond the

4   possession, custody, or control of Mattel.

5

6   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

7   **SHOULD BE COMPELLED**

8        Mattel has improperly limited its agreement to produce documents in

9   response to this request, subject to its improper boilerplate objections.  Mattel has

10  refused to confirm whether or not it has produced all non-privileged responsive

11  documents or whether it is withholding documents based on its objections in Phase

12  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

13  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

14  Generic objections that fail to explain the basis for an objection with specificity are

15  routinely rejected in the Central District.  <u>See</u> <u>A. Farber and Partners, Inc. v.</u>

16  <u>Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

17  such as 'overly burdensome and harassing' are improper – especially when a party

18  fails to submit any evidentiary declarations supporting such objections").

19  Accordingly, Mattel must be compelled either to certify that it has produced all

20  non-privileged responsive documents or to produce all such documents by a date

21  certain.

22       To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24       As to overbreadth, Mattel provides no explanation, let alone the required

25  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28  contrary, the request is narrowly tailored to seek documents sufficient to show, by

1   product number or SKU, for each customer, the profits from the sale of each MY

2   SCENE DOLL sold by Mattel or its licensees.

3           As to burden, Mattel has not attempted to demonstrate why responding to

4   this request and/or producing responsive documents presents any burden.  This

5   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

6   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7   request is unduly burdensome must allege specific facts which indicate the nature

8   and extent of the burden, usually by affidavit or other reliable evidence.")

9   Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11  has engaged in a broad variety of unfair trade practices including serial copying of

12  MGA products.  MGA is entitled to discovery on these claims.

13          This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges.  To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16          As for relevancy, Mattel has not attempted to demonstrate why responding

17  to this request and/or producing responsive documents is irrelevant to the present

18  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

19  MGA products, and MY SCENE is an example of one such product line.  MGA

20  also seeks damages and profits derived by Mattel for its acts of false designation of

21  origin or affiliation, unfair competition and unfair business practices and dilution.

22  A request to seek documents sufficient to show, by product number or SKU, for

23  each customer, the profits from the sale of each MY SCENE DOLL sold by Mattel

24  or its licensees is therefore relevant to this action and MGA's claim.

25          Mattel objects that the request contains confidential, proprietary, and trade

26  secret information.  A Protective Order exists in this case, obviating any concern as

27  to protection of privacy rights and/or commercially sensitive information.

28          None of Mattel's improper objections are valid and Mattel is obligated to

1   produce all non-privileged responsive documents in its possession, custody, or

2   control.

3

4   **REQUEST FOR PRODUCTION NO. 720**

5       All DOCUMENTS evidencing, reflecting, REFERRING OR RELATING

6   TO YOUR profits from the sale of each MY SCENE PRODUCT sold by YOU

7   and/or YOUR licensees.

8       **RESPONSE TO REQUEST NO. 720:**

9       In addition to the general objections stated above which are incorporated

10  herein by reference, Mattel objects to this Request on the grounds that it is

11  overbroad and unduly burdensome, including in that it seeks all documents on this

12  subject without limitation as to time, and regardless of whether such documents

13  relate to products or matters at issue in this case.  Mattel further objects to the

14  Request on the grounds that it seeks documents that are not relevant to this action

15  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

16  this Request on the grounds that it seeks confidential, proprietary and trade secret

17  information, including such information that has no bearing on the claims or

18  defenses in this action.  Mattel further objects to this Request on the grounds that it

19  calls for the disclosure of information subject to the attorney-client privilege, the

20  attorney work-product doctrine and other applicable privileges.  Mattel further

21  objects to this Request on the grounds this Request seeks information beyond the

22  possession, custody, or control of Mattel.

23

24  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
25  SHOULD BE COMPELLED**

26      Mattel has improperly limited its agreement to produce documents in

27  response to this request, subject to its improper boilerplate objections.  Mattel has

28  refused to confirm whether or not it has produced all non-privileged responsive

1  documents or whether it is withholding documents based on its objections in Phase

2  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

3  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

4  Generic objections that fail to explain the basis for an objection with specificity are

5  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

6  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

7  such as 'overly burdensome and harassing' are improper – especially when a party

8  fails to submit any evidentiary declarations supporting such objections").

9  Accordingly, Mattel must be compelled either to certify that it has produced all

10  non-privileged responsive documents or to produce all such documents by a date

11  certain.

12       To the extent that Mattel is relying on its blanket objections, they are not

13  sustainable and do not justify Mattel's failure to produce documents.

14       As to overbreadth, Mattel provides no explanation, let alone the required

15  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

16  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

17  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

18  contrary, the request is narrowly tailored to seek documents related to Mattel's

19  profits from the sale of each MY SCENE PRODUCT sold by Mattel or its

20  licensees.

21       As to burden, Mattel has not attempted to demonstrate why responding to

22  this request and/or producing responsive documents presents any burden.  This

23  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

24  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

25  request is unduly burdensome must allege specific facts which indicate the nature

26  and extent of the burden, usually by affidavit or other reliable evidence.")

27  Moreover, it is not unduly burdensome, as noted above, in that the request is

28  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

1  has engaged in a broad variety of unfair trade practices including serial copying of
2  MGA products.  MGA is entitled to discovery on these claims.

3      This request does not seek documents protected by the attorney-client
4  privilege, the attorney work product doctrine, or other applicable privileges.  To the
5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6      As for relevancy, Mattel has not attempted to demonstrate why responding
7  to this request and/or producing responsive documents is irrelevant to the present
8  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of
9  MGA products, and MY SCENE is an example of one such product line.  MGA
10 also seeks damages and profits derived by Mattel for its acts of false designation of
11 origin or affiliation, unfair competition and unfair business practices and dilution.
12 A request to seek documents related to Mattel's profits from the sale of each MY
13 SCENE PRODUCT sold by Mattel or its licensees is therefore relevant to this
14 action and MGA's claim.

15     Mattel objects that the request contains confidential, proprietary, and trade
16 secret information.  A Protective Order exists in this case, obviating any concern as
17 to protection of privacy rights and/or commercially sensitive information.

18     None of Mattel's improper objections are valid and Mattel is obligated to
19 produce all non-privileged responsive documents in its possession, custody, or
20 control.

21

22 **REQUEST FOR PRODUCTION NO. 721**

23     For each customer to whom YOU or YOUR licensees have ever sold any
24 MY SCENE PRODUCT, DOCUMENTS sufficient to show the number of units of
25 each such MY SCENE PRODUCT sold by YOU and/or YOUR licensees to that
26 customer.

27

28

OHS West:260723212

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET SEVEN; CV 04-9049 SGL (RNBX)

1  **RESPONSE TO REQUEST NO. 721:**

2    In addition to the general objections stated above which are incorporated

3  herein by reference, Mattel objects to this Request on the grounds that it is

4  overbroad and unduly burdensome, including in that it seeks all documents on this

5  subject without limitation as to time, and regardless of whether such documents

6  relate to products or matters at issue in this case.  Mattel further objects to the

7  Request on the grounds that it seeks documents that are not relevant to this action

8  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

9  this Request on the grounds that it seeks confidential, proprietary and trade secret

10 information, including such information that has no bearing on the claims or

11 defenses in this action.  Mattel further objects to this Request on the grounds that it

12 calls for the disclosure of information subject to the attorney-client privilege, the

13 attorney work-product doctrine and other applicable privileges.  Mattel further

14 objects to this Request on the grounds this Request seeks information beyond the

15 possession, custody, or control of Mattel.

16

17 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
   SHOULD BE COMPELLED**

18

19    Mattel has improperly limited its agreement to produce documents in

20 response to this request, subject to its improper boilerplate objections.  Mattel has

21 refused to confirm whether or not it has produced all non-privileged responsive

22 documents or whether it is withholding documents based on its objections in Phase

23 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

24 must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

25 Generic objections that fail to explain the basis for an objection with specificity are

26 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

27 Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

28 such as 'overly burdensome and harassing' are improper – especially when a party

1  fails to submit any evidentiary declarations supporting such objections").

2  Accordingly, Mattel must be compelled either to certify that it has produced all

3  non-privileged responsive documents or to produce all such documents by a date

4  certain.

5       To the extent that Mattel is relying on its blanket objections, they are not

6  sustainable and do not justify Mattel's failure to produce documents.

7       As to overbreadth, Mattel provides no explanation, let alone the required

8  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

9  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

11  contrary, the request is narrowly tailored to seek documents sufficient to show for

12  each customer, the number of units of each MY SCENE PRODUCT sold by Mattel

13  or its licensees.

14       As to burden, Mattel has not attempted to demonstrate why responding to

15  this request and/or producing responsive documents presents any burden.  This

16  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

17  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.")

20  Moreover, it is not unduly burdensome, as noted above, in that the request is

21  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

22  has engaged in a broad variety of unfair trade practices including serial copying of

23  MGA products.  MGA is entitled to discovery on these claims.

24       This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges.  To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27       As for relevancy, Mattel has not attempted to demonstrate why responding

28  to this request and/or producing responsive documents is irrelevant to the present

1   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

2   MGA products, and MY SCENE is an example of one such product line.  MGA

3   also seeks damages and profits derived by Mattel for its acts of false designation of

4   origin or affiliation, unfair competition and unfair business practices and dilution.

5   A request to seek documents sufficient to show for each customer, the number of

6   units of MY SCENE PRODUCT sold by Mattel or its licensees is therefore relevant

7   to this action and MGA's claim.

8          Mattel objects that the request contains confidential, proprietary, and trade

9   secret information.  A Protective Order exists in this case, obviating any concern as

10   to protection of privacy rights and/or commercially sensitive information.

11          None of Mattel's improper objections are valid and Mattel is obligated to

12   produce all non-privileged responsive documents in its possession, custody, or

13   control.

14

15   **REQUEST FOR PRODUCTION NO. 722**

16          For each customer to whom YOU or YOUR licensees have ever sold any

17   MY SCENE PRODUCT, DOCUMENTS sufficient to show the revenue received

18   by YOU from each such MY SCENE PRODUCT sold by YOU or YOUR licensees

19   to that customer.

20          **RESPONSE TO REQUEST NO. 722:**

21          In addition to the general objections stated above which are incorporated

22   herein by reference, Mattel objects to this Request on the grounds that it is

23   overbroad and unduly burdensome, including in that it seeks all documents on this

24   subject without limitation as to time, and regardless of whether such documents

25   relate to products or matters at issue in this case.  Mattel further objects to the

26   Request on the grounds that it seeks documents that are not relevant to this action

27   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

28   this Request on the grounds that it seeks confidential, proprietary and trade secret

1    information, including such information that has no bearing on the claims or

2    defenses in this action, Mattel further objects to this Request on the grounds that it

3    calls for the disclosure of information subject to the attorney-client privilege, the

4    attorney work-product doctrine and other applicable privileges.  Mattel further

5    objects to this Request on the grounds this Request seeks information beyond the

6    possession, custody, or control of Mattel.

7

8    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

9

10       Mattel has improperly limited its agreement to produce documents in

11   response to this request, subject to its improper boilerplate objections.  Mattel has

12   refused to confirm whether or not it has produced all non-privileged responsive

13   documents or whether it is withholding documents based on its objections in Phase

14   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

15   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

16   Generic objections that fail to explain the basis for an objection with specificity are

17   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

18   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

19   such as 'overly burdensome and harassing' are improper – especially when a party

20   fails to submit any evidentiary declarations supporting such objections").

21   Accordingly, Mattel must be compelled either to certify that it has produced all

22   non-privileged responsive documents or to produce all such documents by a date

23   certain.

24       To the extent that Mattel is relying on its blanket objections, they are not

25   sustainable and do not justify Mattel's failure to produce documents.

26       As to overbreadth, Mattel provides no explanation, let alone the required

27   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

28   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

1    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2    contrary, the request is narrowly tailored to seek documents sufficient to show for

3    each customer, the revenue received by Mattel from the sale of each MY SCENE

4    PRODUCT sold by Mattel or its licensees.

5         As to burden, Mattel has not attempted to demonstrate why responding to

6    this request and/or producing responsive documents presents any burden.  This

7    objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

8    <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9    request is unduly burdensome must allege specific facts which indicate the nature

10   and extent of the burden, usually by affidavit or other reliable evidence.")

11   Moreover, it is not unduly burdensome, as noted above, in that the request is

12   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

13   has engaged in a broad variety of unfair trade practices including serial copying of

14   MGA products.  MGA is entitled to discovery on these claims.

15        This request does not seek documents protected by the attorney-client

16   privilege, the attorney work product doctrine, or other applicable privileges.  To the

17   extent that Mattel contends that it does, Mattel must provide a privilege log.

18        As for relevancy, Mattel has not attempted to demonstrate why responding

19   to this request and/or producing responsive documents is irrelevant to the present

20   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

21   MGA products, and MY SCENE is an example of one such product line.  MGA

22   also seeks damages and profits derived by Mattel for its acts of false designation of

23   origin or affiliation, unfair competition and unfair business practices and dilution.

24   A request to seek documents sufficient to show for each customer, the revenue

25   received by Mattel from the sale of each MY SCENE PRODUCT sold by Mattel or

26   its licensees is therefore relevant to this action and MGA's claim.

27        Mattel objects that the request contains confidential, proprietary, and trade

28   secret information.  A Protective Order exists in this case, obviating any concern as

1    to protection of privacy rights and/or commercially sensitive information.

2            None of Mattel's improper objections are valid and Mattel is obligated to

3    produce all non-privileged responsive documents in its possession, custody, or

4    control.

5

6    **REQUEST FOR PRODUCTION NO. 723**

7            For each customer to whom YOU or YOUR licensees have ever sold any

8    MY SCENE PRODUCT, DOCUMENTS sufficient to show YOUR profits from

9    each such MY SCENE PRODUCT sold by YOU or YOUR licensees to that

10   customer.

11           **RESPONSE TO REQUEST NO. 723:**

12           In addition to the general objections stated above which are incorporated

13   herein by reference, Mattel objects to this Request on the grounds that it is

14   overbroad and unduly burdensome, including in that it seeks all documents on this

15   subject without limitation as to time, and regardless of whether such documents

16   relate to products or matters at issue in this case.  Mattel further objects to the

17   Request on the grounds that it seeks documents that are not relevant to this action

18   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

19   this Request on the grounds that it seeks confidential, proprietary and trade secret

20   information, including such information that has no bearing on the claims or

21   defenses in this action.  Mattel further objects to this Request on the grounds that it

22   calls for the disclosure of information subject to the attorney-client privilege, the

23   attorney work-product doctrine and other applicable privileges.  Mattel further

24   objects to this Request on the grounds this Request seeks information beyond the

25   possession, custody, or control of Mattel.

26

27

28

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in
response to this request, subject to its improper boilerplate objections.  Mattel has
refused to confirm whether or not it has produced all non-privileged responsive
documents or whether it is withholding documents based on its objections in Phase
2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).
Generic objections that fail to explain the basis for an objection with specificity are
routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.
Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections
such as 'overly burdensome and harassing' are improper – especially when a party
fails to submit any evidentiary declarations supporting such objections").
Accordingly, Mattel must be compelled either to certify that it has produced all
non-privileged responsive documents or to produce all such documents by a date
certain.

To the extent that Mattel is relying on its blanket objections, they are not
sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required
particularity, as to *why* this request is supposedly overly broad, nor can it do so.
This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
(overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
contrary, the request is narrowly tailored to seek documents sufficient to show for
each customer, the profits from the sale of each MY SCENE PRODUCT sold by
Mattel or its licensees.

As to burden, Mattel has not attempted to demonstrate why responding to
this request and/or producing responsive documents presents any burden.  This
objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

- 278 -

1   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2   request is unduly burdensome must allege specific facts which indicate the nature

3   and extent of the burden, usually by affidavit or other reliable evidence.")

4   Moreover, it is not unduly burdensome, as noted above, in that the request is

5   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

6   has engaged in a broad variety of unfair trade practices including serial copying of

7   MGA products.  MGA is entitled to discovery on these claims.

8       This request does not seek documents protected by the attorney-client

9   privilege, the attorney work product doctrine, or other applicable privileges.  To the

10  extent that Mattel contends that it does, Mattel must provide a privilege log.

11      As for relevancy, Mattel has not attempted to demonstrate why responding

12  to this request and/or producing responsive documents is irrelevant to the present

13  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

14  MGA products, and MY SCENE is an example of one such product line.  MGA

15  also seeks damages and profits derived by Mattel for its acts of false designation of

16  origin or affiliation, unfair competition and unfair business practices and dilution.

17  A request to seek documents sufficient to show for each customer, the profits from

18  the sale of each MY SCENE PRODUCT sold by Mattel or its licensees is therefore

19  relevant to this action and MGA's claim.

20      Mattel objects that the request contains confidential, proprietary, and trade

21  secret information.  A Protective Order exists in this case, obviating any concern as

22  to protection of privacy rights and/or commercially sensitive information.

23      None of Mattel's improper objections are valid and Mattel is obligated to

24  produce all non-privileged responsive documents in its possession, custody, or

25  control.

26

27

28

1   **<u>REQUEST FOR PRODUCTION NO. 724</u>**

2        DOCUMENTS sufficient to show customer returns to YOU of MY SCENE

3   PRODUCTS sold or distributed by YOU or YOUR licensees.

4        **<u>RESPONSE TO REQUEST NO. 724:</u>**

5        In addition to the general objections stated above which are incorporated

6   herein by reference, Mattel objects to this Request on the grounds that it is

7   overbroad and unduly burdensome, including in that it seeks all documents on this

8   subject without limitation as to time, and regardless of whether such documents

9   relate to products or matters at issue in this case.  Mattel further objects to the

10  Request on the grounds that it seeks documents that are not relevant to this action

11  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

12  this Request on the grounds that it seeks confidential, proprietary and trade secret

13  information, including such information that has no bearing on the claims or

14  defenses in this action.  Mattel further objects to this Request on the grounds that it

15  calls for the disclosure of information subject to the attorney-client privilege, the

16  attorney work-product doctrine and other applicable privileges.

17

18  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

19

20       Mattel has improperly limited its agreement to produce documents in

21  response to this request, subject to its improper boilerplate objections.  Mattel has

22  refused to confirm whether or not it has produced all non-privileged responsive

23  documents or whether it is withholding documents based on its objections in Phase

24  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

25  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

26  Generic objections that fail to explain the basis for an objection with specificity are

27  routinely rejected in the Central District.  <u>See</u> <u>A. Farber and Partners, Inc. v.</u>

28  <u>Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

OHS West:260723212

1  such as 'overly burdensome and harassing' are improper – especially when a party

2  fails to submit any evidentiary declarations supporting such objections").

3  Accordingly, Mattel must be compelled either to certify that it has produced all

4  non-privileged responsive documents or to produce all such documents by a date

5  certain.

6      To the extent that Mattel is relying on its blanket objections, they are not

7  sustainable and do not justify Mattel's failure to produce documents.

8      As to overbreadth, Mattel provides no explanation, let alone the required

9  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

10  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

11  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

12  contrary, the request is narrowly tailored to seek documents sufficient to show

13  customer returns to Mattel of any MY SCENE PRODUCT sold or distributed by

14  Mattel or its licensees.

15      As to burden, Mattel has not attempted to demonstrate why responding to

16  this request and/or producing responsive documents presents any burden.  This

17  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.")

21  Moreover, it is not unduly burdensome, as noted above, in that the request is

22  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23  has engaged in a broad variety of unfair trade practices including serial copying of

24  MGA products.  MGA is entitled to discovery on these claims.

25      This request does not seek documents protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges.  To the

27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28      As for relevancy, Mattel has not attempted to demonstrate why responding

to this request and/or producing responsive documents is irrelevant to the present action.  On the contrary, MGA has alleged that Mattel is engaged in copying of MGA products, and MY SCENE is an example of one such product line.  MGA also seeks damages and profits derived by Mattel for its acts of false designation of origin or affiliation, unfair competition and unfair business practices and dilution. A request to seek documents sufficient to show customer returns to Mattel of any MY SCENE PRODUCT sold or distributed by Mattel or its licensees is therefore relevant to this action and MGA's claim.

Mattel objects that the request contains confidential, proprietary, and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.


**REQUEST FOR PRODUCTION NO. 725**

DOCUMENTS sufficient to show customer rebates and credits given by YOU or YOUR licensees to customers in connection with MY SCENE PRODUCTS.

**RESPONSE TO REQUEST NO. 725:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret

1  information, including such information that has no bearing on the claims or

2  defenses in this action.  Mattel further objects to this Request on the grounds that it

3  calls for the disclosure of information subject to the attorney-client privilege, the

4  attorney work-product doctrine and other applicable privileges.  Mattel further

5  objects to this Request on the grounds this Request seeks information beyond the

6  possession, custody, or control of Mattel.

7

8  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
   SHOULD BE COMPELLED**

9

10  Mattel has improperly limited its agreement to produce documents in

11  response to this request, subject to its improper boilerplate objections.  Mattel has

12  refused to confirm whether or not it has produced all non-privileged responsive

13  documents or whether it is withholding documents based on its objections in Phase

14  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

15  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

16  Generic objections that fail to explain the basis for an objection with specificity are

17  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

18  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

19  such as 'overly burdensome and harassing' are improper – especially when a party

20  fails to submit any evidentiary declarations supporting such objections").

21  Accordingly, Mattel must be compelled either to certify that it has produced all

22  non-privileged responsive documents or to produce all such documents by a date

23  certain.

24  To the extent that Mattel is relying on its blanket objections, they are not

25  sustainable and do not justify Mattel's failure to produce documents.

26  As to overbreadth, Mattel provides no explanation, let alone the required

27  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

28  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

1   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2   contrary, the request is narrowly tailored to seek documents sufficient to show

3   customer rebates or credits given by Mattel or its licensees in connection with the

4   MY SCENE PRODUCTS.

5        As to burden, Mattel has not attempted to demonstrate why responding to

6   this request and/or producing responsive documents presents any burden.  This

7   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

8   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9   request is unduly burdensome must allege specific facts which indicate the nature

10  and extent of the burden, usually by affidavit or other reliable evidence.")

11  Moreover, it is not unduly burdensome, as noted above, in that the request is

12  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

13  has engaged in a broad variety of unfair trade practices including serial copying of

14  MGA products.  MGA is entitled to discovery on these claims.

15       This request does not seek documents protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges.  To the

17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18       As for relevancy, Mattel has not attempted to demonstrate why responding

19  to this request and/or producing responsive documents is irrelevant to the present

20  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

21  MGA products, and MY SCENE is an example of one such product line.  MGA

22  also seeks damages and profits derived by Mattel for its acts of false designation of

23  origin or affiliation, unfair competition and unfair business practices and dilution.

24  A request to seek documents sufficient to show customer rebates or credits given by

25  Mattel or its licensees in connection with the MY SCENE PRODUCTS is therefore

26  relevant to this action and MGA's claim.

27       Mattel objects that the request contains confidential, proprietary, and trade

28  secret information.  A Protective Order exists in this case, obviating any concern as

1    to protection of privacy rights and/or commercially sensitive information.

2         None of Mattel's improper objections are valid and Mattel is obligated to

3    produce all non-privileged responsive documents in its possession, custody, or

4    control.

5

6    **REQUEST FOR PRODUCTION NO. 729**

7         All DOCUMENTS evidencing, reflecting, REFERRING OR RELATING

8    TO YOUR profits, by product number or SKU, from the sale of each MY SCENE

9    PRODUCT sold by YOU or YOUR licensees.

10        **RESPONSE TO REQUEST NO. 729:**

11        In addition to the general objections stated above which are incorporated

12   herein by reference, Mattel objects to this Request on the grounds that it is

13   overbroad and unduly burdensome, including in that it seeks all documents on this

14   subject without limitation as to time, and regardless of whether such documents

15   relate to products or matters at issue in this case.  Mattel further objects to the

16   Request on the grounds that it seeks documents that are not relevant to this action

17   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

18   this Request on the grounds that it seeks confidential, proprietary and trade secret

19   information, including such information that has no bearing on the claims or

20   defenses in this action.  Mattel further objects to this Request on the grounds that it

21   calls for the disclosure of information subject to the attorney-client privilege, the

22   attorney work-product doctrine and other applicable privileges.  Mattel further

23   objects to this Request on the grounds this Request seeks information beyond the

24   possession, custody, or control of Mattel.

25

26

27

28

1
2

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

3
4
5
6
7
8
9
10
11
12
13
14
15
16

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

17
18

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

19
20
21
22
23
24
25

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents related to Mattel's profits, by product number or SKU, from the sale of each MY SCENE PRODUCT sold by Mattel or its licensees.

26
27
28

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co.,

1  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2  request is unduly burdensome must allege specific facts which indicate the nature

3  and extent of the burden, usually by affidavit or other reliable evidence.")

4  Moreover, it is not unduly burdensome, as noted above, in that the request is

5  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

6  has engaged in a broad variety of unfair trade practices including serial copying of

7  MGA products.  MGA is entitled to discovery on these claims.

8      This request does not seek documents protected by the attorney-client

9  privilege, the attorney work product doctrine, or other applicable privileges.  To the

10  extent that Mattel contends that it does, Mattel must provide a privilege log.

11     As for relevancy, Mattel has not attempted to demonstrate why responding

12  to this request and/or producing responsive documents is irrelevant to the present

13  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

14  MGA products, and MY SCENE is an example of one such product line.  MGA

15  also seeks damages and profits derived by Mattel for its acts of false designation of

16  origin or affiliation, unfair competition and unfair business practices and dilution.

17  A request to seek documents related to Mattel's profits, by product number or SKU,

18  from the sale of each MY SCENE PRODUCT sold by Mattel or its licensees is

19  therefore relevant to this action and MGA's claim.

20     Mattel objects that the request contains confidential, proprietary, and trade

21  secret information.  A Protective Order exists in this case, obviating any concern as

22  to protection of privacy rights and/or commercially sensitive information.

23     None of Mattel's improper objections are valid and Mattel is obligated to

24  produce all non-privileged responsive documents in its possession, custody, or

25  control.

26

27

28

**REQUEST FOR PRODUCTION NO. 730**

For each customer to whom YOU or YOUR licensees have ever sold any MY SCENE PRODUCT, DOCUMENTS sufficient to show, by product number or SKU, the number of units of each such MY SCENE PRODUCT sold by YOU or YOUR licensees to that customer.

**RESPONSE TO REQUEST NO. 730:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds this Request seeks information beyond the possession, custody, or control of Mattel.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

1   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

2   Generic objections that fail to explain the basis for an objection with specificity are

3   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

4   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

5   such as 'overly burdensome and harassing' are improper – especially when a party

6   fails to submit any evidentiary declarations supporting such objections").

7   Accordingly, Mattel must be compelled either to certify that it has produced all

8   non-privileged responsive documents or to produce all such documents by a date

9   certain.

10        To the extent that Mattel is relying on its blanket objections, they are not

11   sustainable and do not justify Mattel's failure to produce documents.

12        As to overbreadth, Mattel provides no explanation, let alone the required

13   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

14   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

15   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

16   contrary, the request is narrowly tailored to seek documents sufficient to show, by

17   product number or SKU, and for each customer, the number of units of each MY

18   SCENE PRODUCT sold by Mattel or its licensees.

19        As to burden, Mattel has not attempted to demonstrate why responding to

20   this request and/or producing responsive documents presents any burden.  This

21   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

22   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23   request is unduly burdensome must allege specific facts which indicate the nature

24   and extent of the burden, usually by affidavit or other reliable evidence.")

25   Moreover, it is not unduly burdensome, as noted above, in that the request is

26   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

27   has engaged in a broad variety of unfair trade practices including serial copying of

28   MGA products.  MGA is entitled to discovery on these claims.

1   This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4   As for relevancy, Mattel has not attempted to demonstrate why responding

5   to this request and/or producing responsive documents is irrelevant to the present

6   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

7   MGA products, and MY SCENE is an example of one such product line.  MGA

8   also seeks damages and profits derived by Mattel for its acts of false designation of

9   origin or affiliation, unfair competition and unfair business practices and dilution.

10   A request to seek documents sufficient to show by product number or SKU, for

11   each customer, the number of units of MY SCENE PRODUCT sold by Mattel or its

12   licensees is therefore relevant to this action and MGA's claim.

13   Mattel objects that the request contains confidential, proprietary, and trade

14   secret information.  A Protective Order exists in this case, obviating any concern as

15   to protection of privacy rights and/or commercially sensitive information.

16   None of Mattel's improper objections are valid and Mattel is obligated to

17   produce all non-privileged responsive documents in its possession, custody, or

18   control.

19

20   **REQUEST FOR PRODUCTION NO. 731**

21   For each customer to whom YOU or YOUR licensees have ever sold any

22   MY SCENE PRODUCT, DOCUMENTS sufficient to show, by product number or

23   SKU, the revenue received by YOU from each such MY SCENE PRODUCT sold

24   by YOU or YOUR licensees to that customer.

25   **RESPONSE TO REQUEST NO. 731:**

26   In addition to the general objections stated above which are incorporated

27   herein by reference, Mattel objects to this Request on the grounds that it is

28   overbroad and unduly burdensome, including in that it seeks all documents on this

subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds this Request seeks information beyond the possession, custody, or control of Mattel.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

1    To the extent that Mattel is relying on its blanket objections, they are not

2  sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required

4  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7  contrary, the request is narrowly tailored to seek documents sufficient to show by

8  product number or SKU, for each customer, the revenue received by Mattel from

9  the sale of each MY SCENE PRODUCT sold by Mattel or its licensees.

10    As to burden, Mattel has not attempted to demonstrate why responding to

11  this request and/or producing responsive documents presents any burden.  This

12  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

13  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14  request is unduly burdensome must allege specific facts which indicate the nature

15  and extent of the burden, usually by affidavit or other reliable evidence.")

16  Moreover, it is not unduly burdensome, as noted above, in that the request is

17  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

18  has engaged in a broad variety of unfair trade practices including serial copying of

19  MGA products.  MGA is entitled to discovery on these claims.

20    This request does not seek documents protected by the attorney-client

21  privilege, the attorney work product doctrine, or other applicable privileges.  To the

22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23    As for relevancy, Mattel has not attempted to demonstrate why responding

24  to this request and/or producing responsive documents is irrelevant to the present

25  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

26  MGA products, and MY SCENE is an example of one such product line.  MGA

27  also seeks damages and profits derived by Mattel for its acts of false designation of

28  origin or affiliation, unfair competition and unfair business practices and dilution.

OHS West:260723212

1   A request to seek documents sufficient to show by product number or SKU, for

2   each customer, the revenue received by Mattel from the sale of each MY SCENE

3   PRODUCT sold by Mattel or its licensees is therefore relevant to this action and

4   MGA's claim.

5        Mattel objects that the request contains confidential, proprietary, and trade

6   secret information.  A Protective Order exists in this case, obviating any concern as

7   to protection of privacy rights and/or commercially sensitive information.

8        None of Mattel's improper objections are valid and Mattel is obligated to

9   produce all non-privileged responsive documents in its possession, custody, or

10  control.

11

12  **REQUEST FOR PRODUCTION NO. 734**

13       All DOCUMENTS REFERRING OR RELATING TO the value of the "My

14  Scene" brand.

15       **RESPONSE TO REQUEST NO. 734:**

16       In addition to the general objections stated above which are incorporated

17  herein by reference, Mattel objects to this Request on the grounds that it is

18  overbroad and unduly burdensome, including in that it seeks all documents on this

19  subject without limitation as to time, and regardless of whether such documents

20  relate to products or matters at issue in this case.  Mattel further objects to the

21  Request on the grounds that it seeks documents that are not relevant to this action

22  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

23  this Request on the grounds that it seeks confidential, proprietary and trade secret

24  information, including such information that has no bearing on the claims or

25  defenses in this action.  Mattel further objects to this Request on the grounds that it

26  calls for the disclosure of information subject to the attorney-client privilege, the

27  attorney work-product doctrine and other applicable privileges.

28

1   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
2   **SHOULD BE COMPELLED**

3       Mattel has improperly limited its agreement to produce documents in
4   response to this request, subject to its improper boilerplate objections.  Mattel has
5   refused to confirm whether or not it has produced all non-privileged responsive
6   documents or whether it is withholding documents based on its objections in Phase
7   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
8   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).
9   Generic objections that fail to explain the basis for an objection with specificity are
10  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.
11  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections
12  such as 'overly burdensome and harassing' are improper – especially when a party
13  fails to submit any evidentiary declarations supporting such objections").
14  Accordingly, Mattel must be compelled either to certify that it has produced all
15  non-privileged responsive documents or to produce all such documents by a date
16  certain.

17       To the extent that Mattel is relying on its blanket objections, they are not
18  sustainable and do not justify Mattel's failure to produce documents.

19       As to overbreadth, Mattel provides no explanation, let alone the required
20  particularity, as to *why* this request is supposedly overly broad, nor can it do so.
21  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
22  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
23  contrary, the request is narrowly tailored to seek documents related to the value of
24  "My Scene" brand.

25       As to burden, Mattel has not attempted to demonstrate why responding to
26  this request and/or producing responsive documents presents any burden.  This
27  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
28  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

- 294 -

1    request is unduly burdensome must allege specific facts which indicate the nature

2    and extent of the burden, usually by affidavit or other reliable evidence.")

3    Moreover, it is not unduly burdensome, as noted above, in that the request is

4    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

5    has engaged in a broad variety of unfair trade practices including serial copying of

6    MGA products.  MGA is entitled to discovery on these claims.

7         This request does not seek documents protected by the attorney-client

8    privilege, the attorney work product doctrine, or other applicable privileges.  To the

9    extent that Mattel contends that it does, Mattel must provide a privilege log.

10        As for relevancy, Mattel has not attempted to demonstrate why responding to

11   this request and/or producing responsive documents is irrelevant to the present

12   action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

13   MGA products, and MY SCENE is an example of one such product line.  MGA

14   also seeks damages and profits derived by Mattel for its acts of false designation of

15   origin or affiliation, unfair competition and unfair business practices and dilution.

16   A request to seek documents related to the value of "My Scene" brand is therefore

17   relevant to this action and MGA's claim.

18        Mattel objects that the request contains confidential, proprietary, and trade

19   secret information.  A Protective Order exists in this case, obviating any concern as

20   to protection of privacy rights and/or commercially sensitive information.

21        None of Mattel's improper objections are valid and Mattel is obligated to

22   produce all non-privileged responsive documents in its possession, custody, or

23   control.

24

25   **REQUEST FOR PRODUCTION NO. 735**

26        All DOCUMENTS REFERRING OR RELATING TO the MY SCENE

27   DOLL's share of the fashion doll market including, without limitation, the extent to

28   which MY SCENE has been or is gaining or losing market share in the fashion doll

OHS West:260723212

1    market.

2            **RESPONSE TO REQUEST NO. 735:**

3            In addition to the general objections stated above which are incorporated

4    herein by reference, Mattel objects to this Request on the grounds that it is

5    overbroad and unduly burdensome, including in that it seeks all documents on this

6    subject without limitation as to time, and regardless of whether such documents

7    relate to products or matters at issue in this case.  Mattel further objects to this

8    Request as vague and ambiguous.  Mattel further objects to the Request on the

9    grounds that it seeks documents that are not relevant to this action or likely to lead

10   to the discovery of admissible evidence.  Mattel further objects to this Request on

11   the grounds that it seeks confidential, proprietary and trade secret information,

12   including such information that has no bearing on the claims or defenses in this

13   action.  Mattel further objects to this Request on the grounds that it calls for the

14   disclosure of information subject to the attorney-client privilege, the attorney

15   work-product doctrine and other applicable privileges.

16

17           **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
         SHOULD BE COMPELLED**

18

19           Mattel has not agreed to produce documents in response to this request,

20   subject to its improper boilerplate objections.  Mattel has refused to confirm

21   whether or not it has produced all non-privileged responsive documents or whether

22   it is withholding documents based on its objections in Phase 2.  Under the Federal

23   Rules of Civil Procedure, "an objection to part of a request must specify the part

24   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

25   that fail to explain the basis for an objection with specificity are routinely rejected

26   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

27   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

28   burdensome and harassing' are improper – especially when a party fails to submit

1   any evidentiary declarations supporting such objections").  Accordingly, Mattel

2   must be compelled either to certify that it has produced all non-privileged

3   responsive documents or to produce all such documents by a date certain.

4       To the extent that Mattel is relying on its blanket objections, they are not

5   sustainable and do not justify Mattel's failure to produce documents.

6       As to overbreadth, Mattel provides no explanation, let alone the required

7   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10  contrary, the request is narrowly tailored to seek documents concerning "My

11  Scene's share of the fashion doll market.

12      As to burden, Mattel has not attempted to demonstrate why responding to

13  this request and/or producing responsive documents presents any burden.  This

14  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

15  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

16  request is unduly burdensome must allege specific facts which indicate the nature

17  and extent of the burden, usually by affidavit or other reliable evidence.")

18  Moreover, it is not unduly burdensome, as noted above, in that the request is

19  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

20  has engaged in a broad variety of unfair trade practices including serial copying of

21  MGA products.  MGA is entitled to discovery on these claims.

22      This request does not seek documents protected by the attorney-client

23  privilege, the attorney work product doctrine, or other applicable privileges.  To the

24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25      Mattel objects that the request contains confidential, proprietary and trade

26  secret information.  A Protective Order exists in this case, obviating any concern as

27  to protection of privacy rights and/or commercially sensitive information.

28      As for relevancy, Mattel has not attempted to demonstrate why the

1   information sought in response to this request is not discoverable in phase 2.  On

2   the contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

3   product lines, including it various dolls, packaging, themes, accessories, and

4   advertising. Mattel's "MY SCENE" is an example of one such accused Mattel

5   product line.  Documents related to "My SCENE's" market share in the fashion

6   dolls market, including whether it is gaining or losing market share, its success or

7   lack thereof, are highly relevant to MGA's claims and discoverable in Phase 2.

8          None of Mattel's improper objections are valid and Mattel is obligated to

9   produce all non-privileged responsive documents in its possession, custody, or

10  control.

11

12  **REQUEST FOR PRODUCTION NO. 741**

13         All DOCUMENTS REFERRING OR RELATING TO any decision made by

14  YOU not to sell, grant, or license to any PERSON the rights to any toy design or

15  idea, including, but not limited to, fashion dolls that YOU did not intend to exploit

16  or develop.

17         **RESPONSE TO REQUEST NO. 741**

18         In addition to the general objections stated above which are incorporated

19  herein by reference, Mattel objects to this Request on the grounds that it is

20  overbroad and unduly burdensome, including in that it seeks all documents on this

21  subject without limitation as to time, and regardless of whether such documents

22  relate to products or matters at issue in this case.  Mattel further objects to the

23  Request on the grounds that it seeks documents that are not relevant to this action

24  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

25  this Request on the grounds that it seeks confidential, proprietary and trade secret

26  information, including such information that has no bearing on the claims or

27  defenses in this action.  Mattel further objects to this Request on the grounds that it

28

1   calls for the disclosure of information subject to the attorney-client privilege, the

2   attorney work-product doctrine and other applicable privileges.

3

4   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

5

6   Mattel has improperly limited its agreement to produce documents in

7   response to this request, subject to its improper boilerplate objections.  Mattel has

8   refused to confirm whether or not it has produced all non-privileged responsive

9   documents or whether it is withholding documents based on its objections in Phase

10   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

11   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

12   Generic objections that fail to explain the basis for an objection with specificity are

13   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

14   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

15   such as 'overly burdensome and harassing' are improper – especially when a party

16   fails to submit any evidentiary declarations supporting such objections").

17   Accordingly, Mattel must be compelled either to certify that it has produced all

18   non-privileged responsive documents or to produce all such documents by a date

19   certain.

20   To the extent that Mattel is relying on its blanket objections, they are not

21   sustainable and do not justify Mattel's failure to produce documents.

22   As to overbreadth, Mattel provides no explanation, let alone the required

23   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

24   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26   contrary, the request is narrowly tailored to seek documents related to decisions not

27   to sell, grant, or license for toy designs or ideas, (including fashion dolls) that

28   Mattel did not intend to exploit or develop.

1    As to burden, Mattel has not attempted to demonstrate why responding to

2  this request and/or producing responsive documents presents any burden.  This

3  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.")

7  Moreover, it is not unduly burdensome, as noted above, in that the request is

8  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9  has engaged in a broad variety of unfair trade practices including serial copying of

10  MGA products.  MGA is entitled to discovery on these claims.

11    This request does not seek documents protected by the attorney-client

12  privilege, the attorney work product doctrine, or other applicable privileges.  To the

13  extent that Mattel contends that it does, Mattel must provide a privilege log.

14    As for relevancy, Mattel has not attempted to demonstrate why responding to

15  this request and/or producing responsive documents is irrelevant to the present

16  action.  MGA's allegations include claims that Mattel unfairly copied its designs.

17  Evidence relating to ideas that Mattel decided not to license may provide evidence

18  that Mattel was focused on products similar to MGA's and that it intended not to

19  develop new products, but rather to copy products of MGA.  Further, Mattel's

20  affirmative claims include a broad prayer for relief.  MGA is therefore entitled to

21  broad discovery of other information which may account for any damage Mattel

22  alleged is caused by MGA.  Accordingly, MGA should be allowed discovery on

23  Mattel's business decisions regarding licensing.

24    Mattel objects that the request contains confidential, proprietary, and trade

25  secret information.  A Protective Order exists in this case, obviating any concern as

26  to protection of privacy rights and/or commercially sensitive information.

27

28

1    None of Mattel's improper objections are valid and Mattel is obligated to

2    produce all non-privileged responsive documents in its possession, custody, or

3    control.

4

5    **REQUEST FOR PRODUCTION NO. 743**

6    All DOCUMENTS REFERRING OR RELATING TO any efforts made by

7    YOU to obtain, license or purchase the rights to any toy design or idea, including,

8    but not limited to, fashion dolls, that YOU did not intend to exploit or develop.

9    **RESPONSE TO REQUEST NO. 743:**

10   In addition to the general objections stated above which are incorporated

11   herein by reference, Mattel objects to this Request on the grounds that it is

12   overbroad and unduly burdensome, including in that it seeks all documents on this

13   subject without limitation as to time, and regardless of whether such documents

14   relate to products or matters at issue in this case.  Mattel further objects to the

15   Request on the grounds that it seeks documents that are not relevant to this action

16   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

17   this Request on the grounds that it seeks confidential, proprietary and trade secret

18   information, including such information that has no bearing on the claims or

19   defenses in this action.  Mattel further objects to this Request on the grounds that it

20   calls for the disclosure of information subject to the attorney-client privilege, the

21   attorney work-product doctrine and other applicable privileges.

22

23   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**
24

25   Mattel has improperly limited its agreement to produce documents in

26   response to this request, subject to its improper boilerplate objections.  Mattel has

27   refused to confirm whether or not it has produced all non-privileged responsive

28   documents or whether it is withholding documents based on its objections in Phase

OHS West:260723212

1    2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

2    must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

3    Generic objections that fail to explain the basis for an objection with specificity are

4    routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

5    Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

6    such as 'overly burdensome and harassing' are improper – especially when a party

7    fails to submit any evidentiary declarations supporting such objections").

8    Accordingly, Mattel must be compelled either to certify that it has produced all

9    non-privileged responsive documents or to produce all such documents by a date

10   certain.

11          To the extent that Mattel is relying on its blanket objections, they are not

12   sustainable and do not justify Mattel's failure to produce documents.

13          As to overbreadth, Mattel provides no explanation, let alone the required

14   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

15   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

16   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

17   contrary, the request is narrowly tailored to seek documents related to any efforts

18   made by Mattel to obtain, license or purchase the rights to any toy design or idea,

19   (including, but not limited to fashion dolls) that Mattel did not intend to exploit or

20   develop.

21          As to burden, Mattel has not attempted to demonstrate why responding to

22   this request and/or producing responsive documents presents any burden.  This

23   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

24   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

25   request is unduly burdensome must allege specific facts which indicate the nature

26   and extent of the burden, usually by affidavit or other reliable evidence.")

27   Moreover, it is not unduly burdensome, as noted above, in that the request is

28   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

1  has engaged in a broad variety of unfair trade practices including serial copying of

2  MGA products.  MGA is entitled to discovery on these claims.

3      This request does not seek documents protected by the attorney-client

4  privilege, the attorney work product doctrine, or other applicable privileges.  To the

5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6      As for relevancy, Mattel has not attempted to demonstrate why responding

7  to this request and/or producing responsive documents is irrelevant to the present

8  action.  Mattel's prayer for relief is extremely, and overly, broad.  Because Mattel's

9  pleadings seek such broad relief, MGA is entitled to extremely broad discovery on

10  these issues.  A request to seek documents related to any efforts made by Mattel to

11  obtain, license or purchase the rights to any toy design or idea, (including, but not

12  limited to fashion dolls) that Mattel did not intend to exploit or develop is therefore

13  relevant to this action and MGA's defense.

14      Mattel objects that the request contains confidential, proprietary, and trade

15  secret information.  A Protective Order exists in this case, obviating any concern as

16  to protection of privacy rights and/or commercially sensitive information.

17      None of Mattel's improper objections are valid and Mattel is obligated to

18  produce all non-privileged responsive documents in its possession, custody, or

19  control.

20

21  **REQUEST FOR PRODUCTION NO. 744:**

22      All DOCUMENTS REFERRING OR RELATING TO any efforts made by

23  YOU to obtain, license or purchase the rights to any female fashion doll, design or

24  idea that YOU did intend to exploit or develop.

25      **RESPONSE TO REQUEST NO. 744:**

26      In addition to the general objections stated above which are incorporated

27  herein by reference, Mattel objects to this Request on the grounds that it is

28  overbroad and unduly burdensome, including in that it seeks all documents on this

1   subject without limitation as to time, and regardless of whether such documents
2   relate to products or matters at issue in this case.  Mattel further objects to the
3   Request on the grounds that it seeks documents that are not relevant to this action
4   or likely to lead to the discovery of admissible evidence.  Mattel further objects to
5   this Request on the grounds that it seeks confidential, proprietary and trade secret
6   information, including such information that has no bearing on the claims or
7   defenses in this action.  Mattel further objects to this Request on the grounds that it
8   calls for the disclosure of information subject to the attorney-client privilege, the
9   attorney work-product doctrine and other applicable privileges.

10

11   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**
12

13   Mattel has improperly limited its agreement to produce documents in
14   response to this request, subject to its improper boilerplate objections.  Mattel has
15   refused to confirm whether or not it has produced all non-privileged responsive
16   documents or whether it is withholding documents based on its objections in Phase
17   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
18   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).
19   Generic objections that fail to explain the basis for an objection with specificity are
20   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.
21   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections
22   such as 'overly burdensome and harassing' are improper – especially when a party
23   fails to submit any evidentiary declarations supporting such objections").
24   Accordingly, Mattel must be compelled either to certify that it has produced all
25   non-privileged responsive documents or to produce all such documents by a date
26   certain.

27   To the extent that Mattel is relying on its blanket objections, they are not
28   sustainable and do not justify Mattel's failure to produce documents.

1    As to overbreadth, Mattel provides no explanation, let alone the required

2    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5    contrary, the request is narrowly tailored to seek documents related to any efforts

6    made by Mattel to obtain, license or purchase the rights to any female fashion doll

7    design or idea that Mattel did intend to exploit or develop.

8    As to burden, Mattel has not attempted to demonstrate why responding to

9    this request and/or producing responsive documents presents any burden.  This

10   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

11   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12   request is unduly burdensome must allege specific facts which indicate the nature

13   and extent of the burden, usually by affidavit or other reliable evidence.")

14   Moreover, it is not unduly burdensome, as noted above, in that the request is

15   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16   has engaged in a broad variety of unfair trade practices including serial copying of

17   MGA products.  MGA is entitled to discovery on these claims.

18   This request does not seek documents protected by the attorney-client

19   privilege, the attorney work product doctrine, or other applicable privileges.  To the

20   extent that Mattel contends that it does, Mattel must provide a privilege log.

21   As for relevancy, Mattel has not attempted to demonstrate why responding

22   to this request and/or producing responsive documents is irrelevant to the present

23   action.  Mattel's prayer for relief is extremely, and overly, broad.  Because Mattel's

24   pleadings seek such broad relief, MGA is entitled to extremely broad discovery on

25   these issues.  A request to seek documents related to any efforts made by Mattel to

26   obtain, license or purchase the rights to any female fashion doll design or idea that

27   Mattel did intend to exploit or develop is therefore relevant to this action and

28   MGA's defense.

1   Mattel objects that the request contains confidential, proprietary, and trade

2   secret information.  A Protective Order exists in this case, obviating any concern as

3   to protection of privacy rights and/or commercially sensitive information.

4   None of Mattel's improper objections are valid and Mattel is obligated to

5   produce all non-privileged responsive documents in its possession, custody, or

6   control.

7

8   **REQUEST FOR PRODUCTION NO. 745**

9   All DOCUMENTS REFERRING OR RELATING TO the material terms of

10   any licenses, from January 1, 1995 to the present, between YOU and any PERSON,

11   including but not limited to any freelancer or any MATTEL employee, that created

12   the original idea, drawings, or designs for any toy, including, but not limited to,

13   fashion dolls, ever sold by YOU, including but not limited to the royalty rate,

14   duration, exclusivity, or territorial restrictions of any such licenses.

15   **RESPONSE TO REQUEST NO. 745:**

16   In addition to the general objections stated above which are incorporated

17   herein by reference, Mattel objects to this Request on the grounds that it is

18   overbroad and unduly burdensome, including in that it seeks all documents

19   regardless of whether such documents relate to products or matters at issue in this

20   case.  Mattel further objects to the Request on the grounds that it seeks documents

21   that are not relevant to this action or likely to lead to the discovery of admissible

22   evidence.  Mattel further objects to this Request on the grounds that it seeks

23   confidential, proprietary and trade secret information, including such information

24   that has no bearing on the claims or defenses in this action.  Mattel further objects

25   to this Request on the grounds that it calls for the disclosure of information subject

26   to the attorney-client privilege, the attorney work-product doctrine and other

27   applicable privileges.

28

1

2

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

3   Mattel has improperly limited its agreement to produce documents in

4   response to this request, subject to its improper boilerplate objections.  Mattel has

5   refused to confirm whether or not it has produced all non-privileged responsive

6   documents or whether it is withholding documents based on its objections in Phase

7   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

8   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

9   Generic objections that fail to explain the basis for an objection with specificity are

10  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

11  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

12  such as 'overly burdensome and harassing' are improper – especially when a party

13  fails to submit any evidentiary declarations supporting such objections").

14  Accordingly, Mattel must be compelled either to certify that it has produced all

15  non-privileged responsive documents or to produce all such documents by a date

16  certain.

17   To the extent that Mattel is relying on its blanket objections, they are not

18  sustainable and do not justify Mattel's failure to produce documents.

19   As to overbreadth, Mattel provides no explanation, let alone the required

20  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

21  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23  contrary, the request is narrowly tailored to seek documents related to material

24  terms of any licenses, from January 1, 1995 to present, between Mattel and any

25  person that created the original idea, drawings or design for any toy ever sold by

26  Mattel.  These documents may include royalty rate, duration, exclusivity, or

27  territorial restrictions.

28   As to burden, Mattel has not attempted to demonstrate why responding to

- 307 -

1  this request and/or producing responsive documents presents any burden.  This

2  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

3  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

4  request is unduly burdensome must allege specific facts which indicate the nature

5  and extent of the burden, usually by affidavit or other reliable evidence.")

6  Moreover, it is not unduly burdensome, as noted above, in that the request is

7  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

8  has engaged in a broad variety of unfair trade practices including serial copying of

9  MGA products.  MGA is entitled to discovery on these claims.

10      This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13       As for relevancy, Mattel has not attempted to demonstrate why responding

14  to this request and/or producing responsive documents is irrelevant to the present

15  action.  Mattel's prayer for relief is extremely, and overly, broad.  Because Mattel's

16  pleadings seek such broad relief, MGA is entitled to extremely broad discovery on

17  these issues.  A request to seek documents related to material terms of any licenses,

18  from January 1, 1995 to present, between Mattel and any person that created the

19  original idea, drawings or design for any toy ever sold by Mattel is relevant to this

20  action and MGA's defense.

21      Mattel objects that the request contains confidential, proprietary, and trade

22  secret information.  A Protective Order exists in this case, obviating any concern as

23  to protection of privacy rights and/or commercially sensitive information.

24      None of Mattel's improper objections are valid and Mattel is obligated to

25  produce all non-privileged responsive documents in its possession, custody, or

26  control.

27

28

1   **REQUEST FOR PRODUCTION NO. 746**

2       All DOCUMENTS REFERRING OR RELATING TO the material terms of

3   any licenses, from January 1, 1995 to the present, in which YOU granted to any

4   PERSON the rights to manufacture, market and sell any doll or toy racing vehicle

5   based on any idea, design, or intellectual property that was created by any of

6   YOUR employees but that YOU did not intend to exploit or develop.

7       **RESPONSE TO REQUEST NO. 746**

8       In addition to the general objections stated above which are incorporated

9   herein by reference, Mattel objects to this Request on the grounds that it is

10  overbroad and unduly burdensome, including in that it seeks all documents

11  regardless of whether such documents relate to products or matters at issue in this

12  case.  Mattel further objects to the Request on the grounds that it seeks documents

13  that are not relevant to this action or likely to lead to the discovery of admissible

14  evidence.  Mattel further objects to this Request on the grounds that it seeks

15  confidential, proprietary and trade secret information, including such information

16  that has no bearing on the claims or defenses in this action.  Mattel further objects

17  to this Request on the grounds that it calls for the disclosure of information subject

18  to the attorney-client privilege, the attorney work-product doctrine and other

19  applicable privileges.

20

21  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

22

23      Mattel has improperly limited its agreement to produce documents in

24  response to this request, subject to its improper boilerplate objections.  Mattel has

25  refused to confirm whether or not it has produced all non-privileged responsive

26  documents or whether it is withholding documents based on its objections in Phase

27  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

28  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

1    Generic objections that fail to explain the basis for an objection with specificity are

2    routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

3    Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

4    such as 'overly burdensome and harassing' are improper – especially when a party

5    fails to submit any evidentiary declarations supporting such objections").

6    Accordingly, Mattel must be compelled either to certify that it has produced all

7    non-privileged responsive documents or to produce all such documents by a date

8    certain.

9         To the extent that Mattel is relying on its blanket objections, they are not

10   sustainable and do not justify Mattel's failure to produce documents.

11        As to overbreadth, Mattel provides no explanation, let alone the required

12   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

13   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

14   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

15   contrary, the request is narrowly tailored to seek documents related to material

16   terms of any licenses, from January 1, 1995 to present, in which Mattel granted to

17   any person the rights to manufacture, market and sell any doll or toy racing vehicle

18   based on any idea, design or intellectual property that was created by any Mattel's

19   employees but that Matter did not intend to exploit of develop.

20        As to burden, Mattel has not attempted to demonstrate why responding to

21   this request and/or producing responsive documents presents any burden.  This

22   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

23   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24   request is unduly burdensome must allege specific facts which indicate the nature

25   and extent of the burden, usually by affidavit or other reliable evidence.")

26   Moreover, it is not unduly burdensome, as noted above, in that the request is

27   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

28   has engaged in a broad variety of unfair trade practices including serial copying of

1    MGA products.  MGA is entitled to discovery on these claims.

2         This request does not seek documents protected by the attorney-client

3    privilege, the attorney work product doctrine, or other applicable privileges.  To the

4    extent that Mattel contends that it does, Mattel must provide a privilege log.

5         As for relevancy, Mattel has not attempted to demonstrate why responding

6    to this request and/or producing responsive documents is irrelevant to the present

7    action.  Mattel's prayer for relief is extremely, and overly, broad.  Because Mattel's

8    pleadings seek such broad relief, MGA is entitled to extremely broad discovery on

9    these issues.  A request to seek documents related to material terms of any licenses,

10   from January 1, 1995 to present, in which Mattel granted to any person the rights to

11   manufacture, market and sell any doll or toy racing vehicle based on any idea,

12   design or intellectual property that was created by any Mattel's employees but that

13   Matter did not intend to exploit of develop is relevant to this action and MGA's

14   defense.

15        Mattel objects that the request contains confidential, proprietary, and trade

16   secret information.  A Protective Order exists in this case, obviating any concern as

17   to protection of privacy rights and/or commercially sensitive information.

18        None of Mattel's improper objections are valid and Mattel is obligated to

19   produce all non-privileged responsive documents in its possession, custody, or

20   control.

21

22   **REQUEST FOR PRODUCTION NO. 748**

23        All DOCUMENTS REFERRING OR RELATING TO the design,

24   development, conception, creation, origins or sources of inspiration for the

25   GLAMERMAIDS, including, without limitation, the purpose for which

26   GLAMERMAIDS were created and whether BRATZ was a source of inspiration

27   for or factor in the development of GLAMERMAIDS.

28

## RESPONSE TO REQUEST NO. 748:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to the extent the Request seeks documents already produced by Mattel. Such documents will not be produced again.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit

1   any evidentiary declarations supporting such objections").  Accordingly, Mattel

2   must be compelled either to certify that it has produced all non-privileged

3   responsive documents or to produce all such documents by a date certain.

4           To the extent that Mattel is relying on its blanket objections, they are not

5   sustainable and do not justify Mattel's failure to produce documents.

6           As to overbreadth, Mattel provides no explanation, let alone the required

7   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10  contrary, the request is narrowly tailored to seek documents referring to the design,

11  development, conception, origins or sources of inspiration for the

12  GLAMERMAIDS line of goods sold or marketed by Mattel or others under license

13  by Mattel.

14           As to burden, Mattel has not attempted to demonstrate why responding to

15  this request and/or producing responsive documents presents any burden.  This

16  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

17  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.")

20  Moreover, it is not unduly burdensome, as noted above, in that the request is

21  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

22  has engaged in a broad variety of unfair trade practices including serial copying of

23  MGA products.

24           This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges.  To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27           As to relevancy, Mattel has not attempted to demonstrate why the responsive

28  documents are irrelevant to the current action.  On the contrary, MGA has alleged

1   that Mattel is engaged in copying of MGA products, and GLAMERMAIDS is an

2   example of one such product line.  A request for documents that relate to Mattel's

3   design, development, conception, origins or sources of inspiration for the

4   GLAMERMAIDS line of goods is therefore relevant to this action and MGA's

5   claim.

6           Mattel objects that the request contains confidential, proprietary, and trade

7   secret information.  A Protective Order exists in this case, obviating any concern as

8   to protection of privacy rights and/or commercially sensitive information.

9           None of Mattel's improper objections are valid and Mattel is obligated to

10  produce all non-privileged responsive documents in its possession, custody, or

11  control.

12

13  **REQUEST FOR PRODUCTION NO. 749**

14          All DOCUMENTS REFERRING OR RELATING TO the decision to

15  discontinue development of or not to sell GLAMERMAIDS.

16          **RESPONSE TO REQUEST NO. 749:**

17          In addition to the general objections stated above which are incorporated

18  herein by reference, Mattel objects to this Request on the grounds that it is

19  overbroad and unduly burdensome, including in that it seeks all documents on this

20  subject without limitation as to time, and regardless of whether such documents

21  relate to products or matters at issue in this case.  Mattel further objects to the

22  Request on the grounds that it seeks documents that are not relevant to this action

23  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

24  this Request on the grounds that it seeks confidential, proprietary and trade secret

25  information, including such information that has no bearing on the claims or

26  defenses in this action.  Mattel further objects to this Request on the grounds that it

27  calls for the disclosure of information subject to the attorney-client privilege, the

28  attorney work-product doctrine and other applicable privileges.

- 314 -

1
2

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

3    Mattel has not agreed to produce documents in response to this request,

4  subject to its improper boilerplate objections.  Mattel has refused to confirm

5  whether or not it has produced all non-privileged responsive documents or whether

6  it is withholding documents based on its objections in Phase 2.  Under the Federal

7  Rules of Civil Procedure, "an objection to part of a request must specify the part

8  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

9  that fail to explain the basis for an objection with specificity are routinely rejected

10  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

11  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

12  burdensome and harassing' are improper – especially when a party fails to submit

13  any evidentiary declarations supporting such objections").  Accordingly, Mattel

14  must be compelled either to certify that it has produced all non-privileged

15  responsive documents or to produce all such documents by a date certain.

16    To the extent that Mattel is relying on its blanket objections, they are not

17  sustainable and do not justify Mattel's failure to produce documents.

18    As to overbreadth, Mattel provides no explanation, let alone the required

19  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

20  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

21  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

22  contrary, the request is narrowly tailored to seek documents related to the decision

23  to discontinue development or sale of the GLAMERMAIDS line of goods sold or

24  marketed by Mattel or others under license by Mattel.

25    As to burden, Mattel has not attempted to demonstrate why responding to

26  this request and/or producing responsive documents presents any burden.  This

27  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

28  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1   request is unduly burdensome must allege specific facts which indicate the nature

2   and extent of the burden, usually by affidavit or other reliable evidence.")

3   Moreover, it is not unduly burdensome, as noted above, in that the request is

4   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

5   has engaged in a broad variety of unfair trade practices including serial copying of

6   MGA products.

7        This request does not seek documents protected by the attorney-client

8   privilege, the attorney work product doctrine, or other applicable privileges.  To the

9   extent that Mattel contends that it does, Mattel must provide a privilege log.

10       As to relevancy, Mattel has not attempted to demonstrate why the responsive

11  documents are irrelevant to the current action.  On the contrary, MGA has alleged

12  that Mattel is engaged in copying of MGA products, and GLAMERMAIDS is an

13  example of one such product line.  A request for documents that relate to Mattel's

14  decision to discontinue development and sell of the GLAMERMAIDS line of

15  goods is therefore relevant to this action and MGA's claim.

16       Mattel objects that the request contains confidential, proprietary, and trade

17  secret information.  A Protective Order exists in this case, obviating any concern as

18  to protection of privacy rights and/or commercially sensitive information.

19       None of Mattel's improper objections are valid and Mattel is obligated to

20  produce all non-privileged responsive documents in its possession, custody, or

21  control.

22

23  **REQUEST FOR PRODUCTION NO. 750**

24       All DOCUMENTS REFERRING OR RELATING TO the decision to

25  develop, revise, refresh or use GLAMERMAIDS in the development of MY

26  SCENE.

27

28

1      **RESPONSE TO REQUEST NO. 750:**

2          In addition to the general objections stated above which are incorporated

3 herein by reference, Mattel objects to this Request on the grounds that it is

4 overbroad and unduly burdensome, including in that it seeks all documents on this

5 subject without limitation as to time, and regardless of whether such documents

6 relate to products or matters at issue in this case.  Mattel further objects to the

7 Request on the grounds that it seeks documents that are not relevant to this action

8 or likely to lead to the discovery of admissible evidence.  Mattel further objects to

9 this Request on the grounds that it seeks confidential, proprietary and trade secret

10 information, including such information that has no bearing on the claims or

11 defenses in this action.  Mattel further objects to this Request on the grounds that it

12 calls for the disclosure of information subject to the attorney-client privilege, the

13 attorney work-product doctrine and other applicable privileges.

14

15      **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
SHOULD BE COMPELLED**

16

17          Mattel has not agreed to produce documents in response to this request,

18 subject to its improper boilerplate objections.  Mattel has refused to confirm

19 whether or not it has produced all non-privileged responsive documents or whether

20 it is withholding documents based on its objections in Phase 2.  Under the Federal

21 Rules of Civil Procedure, "an objection to part of a request must specify the part

22 and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

23 that fail to explain the basis for an objection with specificity are routinely rejected

24 in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

25 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

26 burdensome and harassing' are improper – especially when a party fails to submit

27 any evidentiary declarations supporting such objections").  Accordingly, Mattel

28 must be compelled either to certify that it has produced all non-privileged

1   responsive documents or to produce all such documents by a date certain.

2        To the extent that Mattel is relying on its blanket objections, they are not

3   sustainable and do not justify Mattel's failure to produce documents.

4        As to overbreadth, Mattel provides no explanation, let alone the required

5   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

6   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

7   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

8   contrary, the request is narrowly tailored to seek documents related to the decision

9   to develop, revise, refresh or use the GLAMERMAIDS line of goods in the

10  development of MY SCENE line of dolls sold or marketed by Mattel or others

11  under license by Mattel.

12        As to burden, Mattel has not attempted to demonstrate why responding to

13  this request and/or producing responsive documents presents any burden.  This

14  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

15  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

16  request is unduly burdensome must allege specific facts which indicate the nature

17  and extent of the burden, usually by affidavit or other reliable evidence.")

18  Moreover, it is not unduly burdensome, as noted above, in that the request is

19  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

20  has engaged in a broad variety of unfair trade practices including serial copying of

21  MGA products.

22        This request does not seek documents protected by the attorney-client

23  privilege, the attorney work product doctrine, or other applicable privileges.  To the

24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25        As to relevancy, Mattel has not attempted to demonstrate why the responsive

26  documents are irrelevant to the current action.  On the contrary, MGA has alleged

27  that Mattel is engaged in copying of MGA products, and GLAMERMAIDS is an

28  example of one such product line.  A request for documents that relate to Mattel's

1  decision to develop, revise, refresh or use the GLAMERMAIDS line of goods in

2  the development of MY SCENE line of dolls is therefore relevant to this action and

3  MGA's claim.

4        Mattel objects that the request contains confidential, proprietary, and trade

5  secret information.  A Protective Order exists in this case, obviating any concern as

6  to protection of privacy rights and/or commercially sensitive information.

7        None of Mattel's improper objections are valid and Mattel is obligated to

8  produce all non-privileged responsive documents in its possession, custody, or

9  control.

10

11  **REQUEST FOR PRODUCTION NO. 751**

12        All DOCUMENTS REFERRING OR RELATING TO the selection,

13  approval process, design and development of the GLAMERMAIDS products and

14  themes, including but not limited to any design drawings, MARKET RESEARCH,

15  and product approval memos.

16        **RESPONSE TO REQUEST NO. 751:**

17        In addition to the general objections stated above which are incorporated

18  herein by reference, Mattel objects to this Request on the grounds that it is

19  overbroad and unduly burdensome, including in that it seeks all documents on this

20  subject without limitation as to time, and regardless of whether such documents

21  relate to products or matters at issue in this case.  Mattel further objects to the

22  Request on the grounds that it seeks documents that are not relevant to this action

23  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

24  this Request on the grounds that it seeks confidential, proprietary and trade secret

25  information, including such information that has no bearing on the claims or

26  defenses in this action.  Mattel further objects to this Request on the grounds that it

27  calls for the disclosure of information subject to the attorney-client privilege, the

28  attorney work-product doctrine and other applicable privileges.  Mattel further

1    objects to the extent, the Request seeks documents already produced by Mattel.

2    Such documents will not be produced again.

3

4    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

5

6    Mattel has not agreed to produce documents in response to this request,

7    subject to its improper boilerplate objections.  Mattel has refused to confirm

8    whether or not it has produced all non-privileged responsive documents or whether

9    it is withholding documents based on its objections in Phase 2.  Under the Federal

10   Rules of Civil Procedure, "an objection to part of a request must specify the part

11   and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

12   that fail to explain the basis for an objection with specificity are routinely rejected

13   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

14   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

15   burdensome and harassing' are improper – especially when a party fails to submit

16   any evidentiary declarations supporting such objections").  Accordingly, Mattel

17   must be compelled either to certify that it has produced all non-privileged

18   responsive documents or to produce all such documents by a date certain.

19   To the extent that Mattel is relying on its blanket objections, they are not

20   sustainable and do not justify Mattel's failure to produce documents.

21   As to overbreadth, Mattel provides no explanation, let alone the required

22   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

23   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

24   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

25   contrary, the request is narrowly tailored to seek documents related to the selection,

26   approval process, design and development of the GLAMERMAIDS products and

27   themes sold or marketed by Mattel or others under license by Mattel.

28   As to burden, Mattel has not attempted to demonstrate why responding to

1  this request and/or producing responsive documents presents any burden.  This

2  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

3  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

4  request is unduly burdensome must allege specific facts which indicate the nature

5  and extent of the burden, usually by affidavit or other reliable evidence.")

6  Moreover, it is not unduly burdensome, as noted above, in that the request is

7  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

8  has engaged in a broad variety of unfair trade practices including serial copying of

9  MGA products.

10      This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13      As to relevancy, Mattel has not attempted to demonstrate why the responsive

14  documents are irrelevant to the current action.  On the contrary, MGA has alleged

15  that Mattel is engaged in copying of MGA products, and GLAMERMAIDS is an

16  example of one such product line.  A request for documents that relate to Mattel's

17  selection, approval process, design and development of the GLAMERMAIDS

18  products and themes is therefore relevant to this action and MGA's claim.

19      Mattel objects that the request contains confidential, proprietary, and trade

20  secret information.  A Protective Order exists in this case, obviating any concern as

21  to protection of privacy rights and/or commercially sensitive information.

22      None of Mattel's improper objections are valid and Mattel is obligated to

23  produce all non-privileged responsive documents in its possession, custody, or

24  control.

25

26  **REQUEST FOR PRODUCTION NO. 752**

27      All DOCUMENTS REFERRING OR RELATING TO YOUR awareness or

28  knowledge of BRATZ during the creation, design and development of

1    GLAMERMAIDS.

2        **RESPONSE TO REQUEST NO. 752:**

3        In addition to the general objections stated above which are incorporated

4    herein by reference, Mattel objects to this Request on the grounds that it is

5    overbroad and unduly burdensome, including in that it seeks all documents on this

6    subject without limitation as to time, and regardless of whether such documents

7    relate to products or matters at issue in this case.  Mattel further objects to the

8    Request on the grounds that it seeks documents that are not relevant to this action

9    or likely to lead to the discovery of admissible evidence.  Mattel further objects to

10   this Request on the grounds that it seeks confidential, proprietary and trade secret

11   information, including such information that has no bearing on the claims or

12   defenses in this action.  Mattel further objects to this Request on the grounds that it

13   calls for the disclosure of information subject to the attorney-client privilege, the

14   attorney work-product doctrine and other applicable privileges.

15

16       **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
         SHOULD BE COMPELLED**
17

18       Mattel has not agreed to produce documents in response to this request,

19   subject to its improper boilerplate objections.  Mattel has refused to confirm

20   whether or not it has produced all non-privileged responsive documents or whether

21   it is withholding documents based on its objections in Phase 2.  Under the Federal

22   Rules of Civil Procedure, "an objection to part of a request must specify the part

23   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

24   that fail to explain the basis for an objection with specificity are routinely rejected

25   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

26   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

27   burdensome and harassing' are improper – especially when a party fails to submit

28   any evidentiary declarations supporting such objections").  Accordingly, Mattel

1    must be compelled either to certify that it has produced all non-privileged

2    responsive documents or to produce all such documents by a date certain.

3        To the extent that Mattel is relying on its blanket objections, they are not

4    sustainable and do not justify Mattel's failure to produce documents.

5        As to overbreadth, Mattel provides no explanation, let alone the required

6    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9    contrary, the request is narrowly tailored to seek documents related to Mattel's

10   awareness or knowledge of BRATZ during the creation, design and development of

11   the GLAMERMAIDS products and themes sold or marketed by Mattel or others

12   under license by Mattel.

13        As to burden, Mattel has not attempted to demonstrate why responding to

14   this request and/or producing responsive documents presents any burden.  This

15   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

16   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17   request is unduly burdensome must allege specific facts which indicate the nature

18   and extent of the burden, usually by affidavit or other reliable evidence.")

19   Moreover, it is not unduly burdensome, as noted above, in that the request is

20   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

21   has engaged in a broad variety of unfair trade practices including serial copying of

22   MGA products.

23        This request does not seek documents protected by the attorney-client

24   privilege, the attorney work product doctrine, or other applicable privileges.  To the

25   extent that Mattel contends that it does, Mattel must provide a privilege log.

26        As to relevancy, Mattel has not attempted to demonstrate why the responsive

27   documents are irrelevant to the current action.  On the contrary, MGA has alleged

28   that Mattel is engaged in copying of MGA products, and GLAMERMAIDS is an

1   example of one such product line.  A request for documents that relate to Mattel's

2   awareness or knowledge of MGA's BRATZ during the creation, design and

3   development of the GLAMERMAIDS products is therefore relevant to this action

4   and MGA's claim.

5       Mattel objects that the request contains confidential, proprietary, and trade

6   secret information.  A Protective Order exists in this case, obviating any concern as

7   to protection of privacy rights and/or commercially sensitive information.

8       None of Mattel's improper objections are valid and Mattel is obligated to

9   produce all non-privileged responsive documents in its possession, custody, or

10  control.

11

12  **REQUEST FOR PRODUCTION NO. 753**

13      All DOCUMENTS REFERRING OR RELATING TO any similarity or

14  dissimilarity between BRATZ and GLAMERMAIDS.

15      **RESPONSE TO REQUEST NO. 753:**

16      In addition to the general objections stated above which are incorporated

17  herein by reference, Mattel objects to this Request on the grounds that it is

18  overbroad and unduly burdensome, including in that it seeks all documents on this

19  subject without limitation as to time, and regardless of whether such documents

20  relate to products or matters at issue in this case.  Mattel further objects to the

21  Request on the grounds that it seeks documents that are not relevant to this action

22  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

23  this Request on the grounds that it seeks confidential, proprietary and trade secret

24  information, including such information that has no bearing on the claims or

25  defenses in this action.  Mattel further objects to this Request on the grounds that it

26  calls for the disclosure of information subject to the attorney-client privilege, the

27  attorney work-product doctrine and other applicable privileges.

28

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request,
subject to its improper boilerplate objections.  Mattel has refused to confirm
whether or not it has produced all non-privileged responsive documents or whether
it is withholding documents based on its objections in Phase 2.  Under the Federal
Rules of Civil Procedure, "an objection to part of a request must specify the part
and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections
that fail to explain the basis for an objection with specificity are routinely rejected
in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,
188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly
burdensome and harassing' are improper – especially when a party fails to submit
any evidentiary declarations supporting such objections").  Accordingly, Mattel
must be compelled either to certify that it has produced all non-privileged
responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not
sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required
particularity, as to *why* this request is supposedly overly broad, nor can it do so.
This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
(overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
contrary, the request is narrowly tailored to seek documents that refer to any
similarity or dissimilarity between Mattel's GLAMERMAIDS product line and
MGA's BRATZ line.

As to burden, Mattel has not attempted to demonstrate why responding to
this request and/or producing responsive documents presents any burden.  This
objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

- 325 -

1   request is unduly burdensome must allege specific facts which indicate the nature

2   and extent of the burden, usually by affidavit or other reliable evidence.")

3   Moreover, it is not unduly burdensome, as noted above, in that the request is

4   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

5   has engaged in a broad variety of unfair trade practices including serial copying of

6   MGA products.

7          This request does not seek documents protected by the attorney-client

8   privilege, the attorney work product doctrine, or other applicable privileges.  To the

9   extent that Mattel contends that it does, Mattel must provide a privilege log.

10          As to relevancy, Mattel has not attempted to demonstrate why the responsive

11   documents are irrelevant to the current action.  On the contrary, MGA has alleged

12   that Mattel is engaged in copying of MGA products, and GLAMERMAIDS is an

13   example of one such product line.  A request for documents that relate to any

14   similarity or dissimilarity between MGA's BRATZ Mattel's GLAMERMAIDS line

15   of products is therefore relevant to this action and MGA's claim.

16          Mattel objects that the request contains confidential, proprietary, and trade

17   secret information.  A Protective Order exists in this case, obviating any concern as

18   to protection of privacy rights and/or commercially sensitive information.

19          None of Mattel's improper objections are valid and Mattel is obligated to

20   produce all non-privileged responsive documents in its possession, custody, or

21   control.

22

23   **REQUEST FOR PRODUCTION NO. 754**

24          All DOCUMENTS REFERRING OR RELATING TO whether

25   GLAMERMAIDS copy, replicate, or in any way imitate BRATZ.

26          **RESPONSE TO REQUEST NO. 754:**

27          In addition to the general objections stated above which are incorporated

28   herein by reference, Mattel objects to this Request on the grounds that it is

overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this action.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

- 327 -

1    As to overbreadth, Mattel provides no explanation, let alone the required

2    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5    contrary, the request is narrowly tailored to seek documents that refer to whether

6    Mattel's GLAMERMAIDS product line copies, replicates or imitates MGA's

7    BRATZ line.

8    As to burden, Mattel has not attempted to demonstrate why responding to

9    this request and/or producing responsive documents presents any burden.  This

10   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

11   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12   request is unduly burdensome must allege specific facts which indicate the nature

13   and extent of the burden, usually by affidavit or other reliable evidence.")

14   Moreover, it is not unduly burdensome, as noted above, in that the request is

15   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16   has engaged in a broad variety of unfair trade practices including serial copying of

17   MGA products.

18   This request does not seek documents protected by the attorney-client

19   privilege, the attorney work product doctrine, or other applicable privileges.  To the

20   extent that Mattel contends that it does, Mattel must provide a privilege log.

21   As to relevancy, Mattel has not attempted to demonstrate why the responsive

22   documents are irrelevant to the current action.  On the contrary, MGA has alleged

23   that Mattel is engaged in copying of MGA products, and GLAMERMAIDS is an

24   example of one such product line.  A request for documents that refer to whether

25   Mattel's GLAMERMAIDS product line copies, replicates or imitates MGA's

26   BRATZ line is therefore relevant to this action and MGA's claim.

27   Mattel objects that the request contains confidential, proprietary, and trade

28   secret information.  A Protective Order exists in this case, obviating any concern as

1  to protection of privacy rights and/or commercially sensitive information.

2  None of Mattel's improper objections are valid and Mattel is obligated to

3  produce all non-privileged responsive documents in its possession, custody, or

4  control.

5

6  **REQUEST FOR PRODUCTION NO. 755**

7  All DOCUMENTS REFERRING OR RELATING TO actual or potential

8  confusion or otherwise evidencing confusion (including, but not limited to,

9  confusion among consumers, RETAILERS, distributors, licensees or members of

10  the press) between GLAMERMAIDS and BRATZ.

11  **RESPONSE TO REQUEST NO. 755:**

12  In addition to the general objections stated above which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it is

14  overbroad and unduly burdensome, including in that it seeks all documents on this

15  subject without limitation as to time, and regardless of whether such documents

16  relate to products or matters at issue in this case.  Mattel further objects to the

17  Request on the grounds that it seeks documents that are not relevant to this action

18  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

19  this Request on the grounds that it seeks confidential, proprietary and trade secret

20  information, including such information that has no bearing on the claims or

21  defenses in this action.  Mattel further objects to this Request on the grounds that it

22  calls for the disclosure of information subject to the attorney-client privilege, the

23  attorney work-product doctrine and other applicable privileges.

24

25  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

26

27  Mattel has not agreed to produce documents in response to this request,

28  subject to its improper boilerplate objections.  Mattel has refused to confirm

OHS West:260723212

- 329 -

1   whether or not it has produced all non-privileged responsive documents or whether
2   it is withholding documents based on its objections in Phase 2.  Under the Federal
3   Rules of Civil Procedure, "an objection to part of a request must specify the part
4   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections
5   that fail to explain the basis for an objection with specificity are routinely rejected
6   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,
7   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly
8   burdensome and harassing' are improper – especially when a party fails to submit
9   any evidentiary declarations supporting such objections").  Accordingly, Mattel
10  must be compelled either to certify that it has produced all non-privileged
11  responsive documents or to produce all such documents by a date certain.

12      To the extent that Mattel is relying on its blanket objections, they are not
13  sustainable and do not justify Mattel's failure to produce documents.

14      As to overbreadth, Mattel provides no explanation, let alone the required
15  particularity, as to *why* this request is supposedly overly broad, nor can it do so.
16  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
17  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
18  contrary, the request is narrowly tailored to seek documents relating to actual or
19  potential confusion between Mattel's GLAMERMAIDS line and MGA's line of
20  BRATZ goods.

21      As to burden, Mattel has not attempted to demonstrate why responding to
22  this request and/or producing responsive documents presents any burden.  This
23  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
24  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
25  request is unduly burdensome must allege specific facts which indicate the nature
26  and extent of the burden, usually by affidavit or other reliable evidence.")
27  Moreover, it is not unduly burdensome, as noted above, in that the request is
28  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

1  has engaged in a broad variety of unfair trade practices including serial copying of

2  MGA products.  MGA is entitled to discovery on these claims.

3      This request does not seek documents protected by the attorney-client

4  privilege, the attorney work product doctrine, or other applicable privileges.  To the

5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6      As for relevancy, Mattel has not attempted to demonstrate why responding

7  to this request and/or producing responsive documents is irrelevant to the present

8  action.  On the contrary, MGA has alleged that Mattel is engaged in copying of

9  MGA products, and GLAMERMAIDS is an example of one such product line.  A

10  request relating to documents related to any actual or potential confusion among,

11  but not limited to consumers, retailers etc. between Mattel's GLAMERMAIDS and

12  MGA's  BRATZ is therefore relevant to this action and MGA's claim.

13      Mattel objects that the request contains confidential, proprietary, and trade

14  secret information.  A Protective Order exists in this case, obviating any concern as

15  to protection of privacy rights and/or commercially sensitive information.

16      None of Mattel's improper objections are valid and Mattel is obligated to

17  produce all non-privileged responsive documents in its possession, custody, or

18  control.

19

20  **REQUEST FOR PRODUCTION NO. 756**

21      DOCUMENTS, including but not limited to organizational charts, sufficient

22  to identify (by name and job function) all current and former MATTEL personnel

23  and/or freelancers comprising the primary team that worked on the creation, design

24  and development of the GLAMERMAIDS products, commercials, themes and

25  logo.

26      **RESPONSE TO REQUEST NO. 756:**

27      In addition to the general objections stated above which are incorporated

28  herein by reference, Mattel objects to this Request on the grounds that it is

OHS West:260723212

- 331 -

1   overbroad and unduly burdensome, including in that it seeks all documents on this

2   subject without limitation as to time, and regardless of whether such documents

3   relate to products or matters at issue in this case.  Mattel further objects to the

4   Request on the grounds that it seeks documents that are not relevant to this action

5   or likely to lead to the discovery of admissible evidence.  Mattel further objects to

6   this Request on the grounds that it seeks confidential, proprietary and trade secret

7   information, including such information that has no bearing on the claims or

8   defenses in this action.  Mattel further objects to this Request on the grounds that it

9   calls for the disclosure of information subject to the attorney-client privilege, the

10  attorney work-product doctrine and other applicable privileges.

11

12  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
13  SHOULD BE COMPELLED**

14       Mattel has not agreed to produce documents in response to this request,

15  subject to its improper boilerplate objections.  Mattel has refused to confirm

16  whether or not it has produced all non-privileged responsive documents or whether

17  it is withholding documents based on its objections in Phase 2.  Under the Federal

18  Rules of Civil Procedure, "an objection to part of a request must specify the part

19  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

20  that fail to explain the basis for an objection with specificity are routinely rejected

21  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

22  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

23  burdensome and harassing' are improper – especially when a party fails to submit

24  any evidentiary declarations supporting such objections").  Accordingly, Mattel

25  must be compelled either to certify that it has produced all non-privileged

26  responsive documents or to produce all such documents by a date certain.

27       To the extent that Mattel is relying on its blanket objections, they are not

28  sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents relating to documents that are sufficient to identify all current and former Mattel personnel and/or freelancers that worked on the creation, design and development of the GLAMERMAIDS products, commercials, themes and logo.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

As for relevancy, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents is irrelevant to the present action.  On the contrary, MGA has alleged that Mattel is engaged in copying of MGA products, and GLAMERMAIDS is an example of one such product line.  A request for documents that will sufficiently identify all current and former Mattel personnel and/or freelancers that worked on the creation, design and development of the GLAMERMAIDS products, commercials, themes and logo is therefore

1  relevant to this action and MGA's claim.

2      Mattel objects that the request contains confidential, proprietary, and trade

3  secret information.  A Protective Order exists in this case, obviating any concern as

4  to protection of privacy rights and/or commercially sensitive information.

5      None of Mattel's improper objections are valid and Mattel is obligated to

6  produce all non-privileged responsive documents in its possession, custody, or

7  control.

8

9  **REQUEST FOR PRODUCTION NO. 758**

10     All DOCUMENTS REFERRING OR RELATING TO any investigation,

11  underlying facts, outcomes, and any action taken by MATTEL relating to

12  investigations by MATTEL into claims or allegations that MGA stole MATTEL's

13  proprietary information, including but not limited to the investigation relating to the

14  allegations RELATING to GLAMERMAIDS (or any other mermaid doll), LITTLE

15  MOMMY, Razor Scooter and Vespa Scooter Shannen, or any other product

16  reported to you on January 28, 2003.

17     **RESPONSE TO REQUEST NO. 758**

18     In addition to the general objections stated above which are incorporated

19  herein by reference, Mattel objects to this Request on the grounds that it is

20  overbroad and unduly burdensome, including in that it seeks all documents on this

21  subject without limitation as to time.  Mattel further objects to this Request on the

22  grounds that it seeks confidential, proprietary and trade secret information.  Mattel

23  further objects to this Request on the grounds that it calls for the disclosure of

24  information subject to the attorney-client privilege, the attorney work-product

25  doctrine and other applicable privileges.  Mattel further objects to the extent the

26  Request seeks documents already produced by Mattel.  Such documents will not be

27  produced again.

28     Subject to and without waiving the foregoing objections, Mattel responds as

1   follows:  Mattel will produce non-privileged documents within its possession,

2   custody, or control, that support its contentions that MGA and its employees have

3   misappropriated Mattel property and that Mattel has been able to locate after a

4   diligent search and reasonable inquiry, to the extent not previously produced.

5

6   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

7

8          Mattel improperly limits its agreement to produce to only those documents

9   that support its contentions.  MGA is entitled to documents that both support and

10  refute Mattel's contentions.  Under the Federal Rules of Civil Procedure, "an

11  objection to part of a request must specify the part and permit inspection of the

12  rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

13  for an objection with specificity are routinely rejected in the Central District.  See

14  A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

15  ("general or boilerplate objections such as 'overly burdensome and harassing' are

16  improper – especially when a party fails to submit any evidentiary declarations

17  supporting such objections").  Accordingly, Mattel must be compelled either to

18  certify that it has produced all non-privileged responsive documents or to produce

19  all such documents by a date certain.

20         To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.

22         As to overbreadth, Mattel provides no explanation, let alone the required

23  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

24  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26  contrary, the request is narrowly tailored to seek information about Mattel's

27  specific allegations against MGA.  This information is discoverable in connection

28  with MGA's claims and defenses, including MGA's statute of limitations defense.

1   Moreover, MGA has alleged that Mattel has engaged in a broad variety of unfair

2   trade practices, from serial copying of MGA products, to threatening retailers and

3   suppliers to cease doing business with MGA, to intimidating employees and

4   industry groups in order to prevent MGA from fairly competing.   MGA is entitled

5   to discovery on these claims.

6        As to burden, Mattel has not attempted to demonstrate why responding to

7   this request and/or producing responsive documents presents any burden.  This

8   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

9   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10  request is unduly burdensome must allege specific facts which indicate the nature

11  and extent of the burden, usually by affidavit or other reliable evidence.")

12  Moreover, it is not unduly burdensome, as noted above, in that the request is

13  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

14  has engaged in a broad variety of unfair trade practices, from serial copying of

15  MGA products, to threatening retailers and suppliers to cease doing business with

16  MGA, to intimidating employees and industry groups in order to prevent MGA

17  from fairly competing.   MGA is entitled to discovery on these claims.

18       This request does not seek documents protected by the attorney-client

19  privilege, the attorney work product doctrine, or other applicable privileges.  To the

20  extent that Mattel contends that it does, Mattel must provide a privilege log.

21       Mattel objects that the request contains confidential/proprietary/trade secret

22  information.  A Protective Order exists in this case, obviating any concern as to

23  protection of privacy rights and/or commercially sensitive information.

24       Mattel's objection that certain common words as vague, ambiguous and

25  incomprehensible is without merit, and the plain meaning of the terms is clear and

26  can be found in any dictionary.

27

28

1         None of Mattel's improper objections are valid and Mattel is obligated to

2    produce all non-privileged responsive documents in its possession, custody, or

3    control.

4

5

6

7    Dated:  September 23, 2009     ORRICK, HERRINGTON & SUTCLIFFE LLP

8

9         By: _____/s/ Diana M. Rutowski_____

10        Diana M. Rutowski
          Attorneys for MGA ENTERTAINMENT, INC.,

11        MGA ENTERTAINMENT HK, LTD., MGA de
          MEXICO, S.R.L. de C.V., and ISAAC LARIAN

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28