1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA  94105-2669
6   Telephone:  +1-415-773-5700
    Facsimile:   +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
    Facsimile:   +1-213612-2499
11
    Attorneys for MGA Parties
12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                    EASTERN DIVISION

| 16 | CARTER BRYANT, an individual, | Case No.  CV 04-9049-SGL (RNBx) |
|---|---|---|
| 17 | Plaintiff, | Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727 |
| 18 | v. | **DISCOVERY MATTER** |
| 19 | MATTEL, INC., a Delaware corporation, | [To Be Heard by Discovery Master Robert O'Brien Pursuant to Order of January 6, 2009] |
| 20 | | |
| 21 | Defendant. | **SEPARATE STATEMENT IN SUPPORT OF MGA PARTIES'** |
| 22 | | **MOTION TO COMPEL FURTHER RESPONSES TO MGA'S** |
| 23 | AND CONSOLIDATED ACTIONS | **REQUESTS FOR PRODUCTION OF DOCUMENTS (9049, [SECOND] SET SEVEN)** |
| 24 | | |
| 25 | | Date:         TBD |
| 26 | | Time:         TBD |
| | | Courtroom:  TBD |
| 27 | | **Phase 2** |
| 28 | | Discovery Cutoff:     December 11, 2009 |
| | | Pretrial Conference: March 1, 2010 |
| | | Trial Date:              March 23, 2010 |

OHS West:260732226

Plaintiffs and Counter-Defendants MGA Parties ("MGA") submit this Separate Statement in Support of MGA Parties' Motion to Compel Further Responses to MGA's Requests for Production of Documents (9049 [Second] Set Seven). This Separate Statement covers MGA's [Second] Seventh Set of Requests in Case No. CV 04-9049-SGL of the consolidated proceedings, served on December 21, 2007. The requests included in this Separate Statement are Request Nos. 572(2)-574(2) (the "Requests at Issue"). In addition to the reasons why further responses to each request should be compelled set forth below, MGA incorporates the reasons set forth in its Motion to Compel Further Responses to MGA's Requests for Production of Documents.

**MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS AT ISSUE AND RESPONSES - CASE NO. CV 04-9049 SGL (RNBx)**

**REQUEST FOR PRODUCTION NO. 572(2):**

DOCUMENTS sufficient to identify the names and locations of any OFFSITE STORAGE FACILITIES used by YOU since 1995.

**RESPONSE TO REQUEST NO. 572(2):**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Martel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to the use of the term "OFFSITE STORAGE FACILITIES" in this context as vague and ambiguous. Mattel further objects to this Request to the extent that it

1    calls for the disclosure of information subject to the attorney-client privilege, the

2    attorney work-product doctrine and other applicable privileges.

3

4        **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

5

6        Mattel has refused to produce documents in response to this request, raising

7    only improper objections. Under the Federal Rules of Civil Procedure, "an

8    objection to part of a request must specify the part and permit inspection of the

9    rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis

10   for an objection with specificity are routinely rejected in the Central District. See A.

11   Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

12   or boilerplate objections such as 'overly burdensome and harassing' are improper –

13   especially when a party fails to submit any evidentiary declarations supporting such

14   objections"). Mattel must be compelled either to certify that it has produced all non-

15   privileged responsive documents or to produce all such documents by a date

16   certain.

17       To the extent that Mattel is relying on its blanket objections, they are not

18   sustainable and do not justify Mattel's failure to produce documents.

19       As to overbreadth, Mattel provides no explanation, let alone the required

20   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

21   This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

22   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

23   contrary, the request is narrowly tailored to seek particular categories of

24   documents regarding Mattel's offsite storage facilities during a discrete time frame.

25       As to burden, Mattel has not attempted to demonstrate why responding to

26   this request and/or producing responsive documents presents any burden. This

27   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

28   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1   request is unduly burdensome must allege specific facts which indicate the nature

2   and extent of the burden, usually by affidavit or other reliable evidence.")

3   Moreover, it is not unduly burdensome, as noted above, in that the request is

4   narrowly tailored to seek only discoverable evidence.

5       This request does not seek documents protected by the attorney-client

6   privilege, the attorney work product doctrine, or other applicable privileges. To the

7   extent that Mattel contends that it does, Mattel must provide a privilege log.

8       Information about Mattel's offsite storage facilities is likely to evidence the

9   relevant repositories of discoverable information in this action and any destruction

10  of relevant materials to the extent that it has occurred, among other things.  The

11  information sought is also likely to lead to evidence regarding access to employee

12  personnel files during Mattel's investigation of the allegations it has made in Phase

13  2.  Such information would be relevant to MGA's statute of limitations and laches

14  defenses in Phase 2, among other things.  Accordingly, Mattel's objection to the

15  relevance of this request is unfounded.

16      None of Mattel's improper objections are valid and Mattel is obligated to

17  produce all non-privileged responsive documents in its possession, custody, or

18  control.

19

20  **REQUEST FOR PRODUCTION NO. 573(2):**

21      Each log, record, index, file or other DOCUMENT identifying or listing

22  MATTEL DOCUMENTS or tangible things stored at the OFFSITE STORAGE

23  FACILITIES since 1995.

24  **RESPONSE TO REQUEST NO. 573(2):**

25      In addition to the General Objections stated above which are incorporated

26  herein by reference, Mattel objects to this Request on the Grounds that it seeks

27  documents that are not relevant to this action or likely to lead to the discovery of

28  admissible evidence.  Mattel further objects to this Request on the grounds it is

1   overbroad, oppressive, unduly burdensome and intended to harass and annoy

2   Mattel, including in that it seeks documents on this subject regardless of whether

3   such documents relate to products or matters at issue in this case or time periods at

4   issue in this action.  Mattel further objects to this Request on the grounds that it

5   seeks confidential, proprietary and trade secret information, including such

6   information that has no bearing on the claims or defenses in this case.  Mattel

7   further objects to the use of the terms 'MATTEL DOCUMENTS" and "OFFSIDE

8   STORAGE FACILITIES" in this context as vague and ambiguous.  Mattel further

9   objects to this request to the extent that it calls for the disclosure of information

10  subject to the attorney-client privilege, the attorney work-product doctrine and other

11  applicable privileges.

12  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

13

14      Mattel has refused to produce documents in response to this request, raising

15  only improper objections. Under the Federal Rules of Civil Procedure, "an

16  objection to part of a request must specify the part and permit inspection of the

17  rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis

18  for an objection with specificity are routinely rejected in the Central District. See A.

19  Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

20  or boilerplate objections such as 'overly burdensome and harassing' are improper –

21  especially when a party fails to submit any evidentiary declarations supporting such

22  objections"). Mattel must be compelled either to certify that it has produced all non-

23  privileged responsive documents or to produce all such documents by a date

24  certain.

25      To the extent that Mattel is relying on its blanket objections, they are not

26  sustainable and do not justify Mattel's failure to produce documents.

27      As to overbreadth, Mattel provides no explanation, let alone the required

28  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

1   This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20
2   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
3   contrary, the request is narrowly tailored to seek particular categories of
4   documents regarding Mattel's offsite storage facilities during a discrete time frame.
5          As to burden, Mattel has not attempted to demonstrate why responding to
6   this request and/or producing responsive documents presents any burden. This
7   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
8   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
9   request is unduly burdensome must allege specific facts which indicate the nature
10  and extent of the burden, usually by affidavit or other reliable evidence.")
11  Moreover, it is not unduly burdensome, as noted above, in that the request is
12  narrowly tailored to seek only discoverable evidence.
13         This request does not seek documents protected by the attorney-client
14  privilege, the attorney work product doctrine, or other applicable privileges. To the
15  extent that Mattel contends that it does, Mattel must provide a privilege log.
16         Information about Mattel's offsite storage facilities is likely to evidence the
17  relevant repositories of discoverable information in this action and any destruction
18  of relevant materials to the extent that it has occurred, among other things.  The
19  information sought is also likely to lead to evidence regarding access to employee
20  personnel files during Mattel's investigation of the allegations it has made in Phase
21  2.  Such information would be relevant to MGA's statute of limitations and laches
22  defenses in Phase 2, among other things.  Accordingly, Mattel's objection to the
23  relevance of this request is unfounded.
24         None of Mattel's improper objections are valid and Mattel is obligated to
25  produce all non-privileged responsive documents in its possession, custody, or
26  control.
27
28

**REQUEST FOR PRODUCTION NO. 574(2):**

Each log, record, index, file or other DOCUMENT identifying or listing MATTEL DOCUMENTS or tangible things that have been sent to or retrieved from the OFFSITE STORAGE FACILITIES since 1995, including when the DOCUMENTS were sent and/or retrieved.

**RESPONSE TO REQUEST NO. 574(2):**

In addition to the General Objections stated above which are incorporated by herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are no relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has refused to produce documents in response to this request, raising only improper objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

1  or boilerplate objections such as 'overly burdensome and harassing' are improper –

2  especially when a party fails to submit any evidentiary declarations supporting such

3  objections"). Mattel must be compelled either to certify that it has produced all non-

4  privileged responsive documents or to produce all such documents by a date

5  certain.

6         To the extent that Mattel is relying on its blanket objections, they are not

7  sustainable and do not justify Mattel's failure to produce documents.

8         As to overbreadth, Mattel provides no explanation, let alone the required

9  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

10  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

11  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

12  contrary, the request is narrowly tailored to seek particular categories of

13  documents regarding Mattel's offsite storage facilities during a discrete time frame.

14         As to burden, Mattel has not attempted to demonstrate why responding to

15  this request and/or producing responsive documents presents any burden. This

16  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

17  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.")

20  Moreover, it is not unduly burdensome, as noted above, in that the request is

21  narrowly tailored to seek only discoverable evidence.

22         This request does not seek documents protected by the attorney-client

23  privilege, the attorney work product doctrine, or other applicable privileges. To the

24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25         Information about Mattel's offsite storage facilities is likely to evidence the

26  relevant repositories of discoverable information in this action and any destruction

27  of relevant materials to the extent that it has occurred, among other things.  The

28  information sought is also likely to lead to evidence regarding access to employee

                                     - 7 -        SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
                                                  9049, [SECOND] SET SEVEN; CV 04-9049 SGL (RNBx)

1   personnel files during Mattel's investigation of the allegations it has made in Phase

2   2. Such information would be relevant to MGA's statute of limitations and laches

3   defenses in Phase 2, among other things. Accordingly, Mattel's objection to the

4   relevance of this request is unfounded.

5         None of Mattel's improper objections are valid and Mattel is obligated to

6   produce all non-privileged responsive documents in its possession, custody, or

7   control.

8

9   Dated:  September 23, 2009          ORRICK, HERRINGTON & SUTCLIFFE LLP

10

11                                      By: _____/s/ Diana M. Rutowski_____

12                                              Diana M. Rutowski
                                        Attorneys for MGA ENTERTAINMENT, INC.,
13                                      MGA ENTERTAINMENT HK, LTD., MGA de
                                        MEXICO, S.R.L. de C.V., and ISAAC LARIAN

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28