1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA  94105-2669
6   Telephone:  +1-415-773-5700
    Facsimile:   +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
    Facsimile:   +1-213612-2499
11
    Attorneys for MGA Parties
12

13                UNITED STATES DISTRICT COURT

14               CENTRAL DISTRICT OF CALIFORNIA

15                      EASTERN DIVISION

| | |
|---|---|
| 16 CARTER BRYANT, an individual, | Case No.  CV 04-9049-SGL (RNBx) |
| 17                Plaintiff, | Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727 |
| 18         v. | **DISCOVERY MATTER** |
| 19 MATTEL, INC., a Delaware corporation, | [To Be Heard by Discovery Master Robert O'Brien Pursuant to Order of January 6, 2009] |
| 20            Defendant. | |
| 21 | **SEPARATE STATEMENT IN SUPPORT OF MGA PARTIES' MOTION TO COMPEL FURTHER RESPONSES TO MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (9049, SET EIGHT)** |
| 22 AND CONSOLIDATED ACTIONS | |
| 23 | |
| 24 | |
| 25 | Date:        TBD |
| 26 | Time:        TBD |
|    | Courtroom:  TBD |
| 27 | **Phase 2** |
| 28 | Discovery Cutoff:      December 11, 2009 |
|    | Pretrial Conference: March 1, 2010 |
|    | Trial Date:             March 23, 2010 |

1    Plaintiffs and Counter-Defendants MGA Parties ("MGA") submit this

2    Separate Statement in Support of MGA Parties' Motion to Compel Further

3    Responses to MGA's Requests for Production of Documents (9049, Set Eight).

4    This Separate Statement covers MGA's Eighth Set of Requests in Case No. CV 04-

5    9049-SGL of the consolidated proceedings, served on December 28, 2007.  The

6    requests included in this Separate Statement are Request Nos. 770-784 and 786-794

7    (the "Requests at Issue").  In addition to the reasons why further responses to each

8    request should be compelled set forth below, MGA incorporates the reasons set

9    forth in its Motion to Compel Further Responses to MGA's Requests for

10   Production of Documents.

11   **MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS AT
     ISSUE AND RESPONSES - CASE NO. CV 04-9049 SGL (RNBx)**

12

13   **REQUEST FOR PRODUCTION NO. 770:**

14       All EMPLOYEE INVENTIONS AGREEMENTS signed by any person

15   identified in MATTEL'S INITIAL DISCLOSURES or MATTEL'S response(s)

16   to any interrogatory served in THIS ACTION.

17       **RESPONSE TO REQUEST NO. 770:**

18       In addition to the General Objections stated above which are incorporated

19   herein by reference, Mattel objects to this Request on the grounds that it seeks

20   documents that are not relevant to this action or likely to lead to the discovery

21   of admissible evidence.  Mattel further objects to this Request on the grounds

22   that it is overbroad, oppressive, unduly burdensome and intended to harass and

23   annoy Mattel, including in that it seeks documents on this subject regardless of

24   whether such documents relate to matters at issue in this case or time periods at

25   issue in this action.  Mattel further objects to this Request on the grounds that it

26   is cumulative, duplicates prior requests and is harassing.  Mattel further objects

27   to this Request on the grounds that it seeks confidential, proprietary and trade

28   secret information, including such information that has no bearing on the claims

1   or defenses in this case. Mattel further objects to this Request on the grounds

2   that it is an attempt to circumvent the Discovery Master's September 12, 2007

3   Order determining that the requested documents are irrelevant and/or that such

4   requests are improper. Mattel further objects to the Request on the grounds that

5   Defendants have withdrawn all defenses relating to the enforceability or

6   unenforceability of Carter Bryant's agreements with Mattel. Mattel further

7   objects to the use of the term "EMPLOYEE INVENTIONS AGREEMENT" in

8   this context as vague and ambiguous. Mattel further objects to this Request to

9   the extent that it calls for the disclosure of information subject to the

10  attorney-client privilege, the attorney work-product doctrine and other

11  applicable privileges.

12      Based on the foregoing, and without waiving the above general and

13  specific objections, Mattel states that, other than those documents that is has

14  produced pursuant to other requests, Mattel will not produce documents

15  responsive to this Request.

16  **AMENDED RESPONSE TO REQUEST NO. 770:**

17      In addition to the General Objections stated above which are incorporated

18  herein by reference, Mattel objects to this Request on the grounds that it seeks

19  documents that are not relevant to this action or likely to lead to the discovery of

20  admissible evidence. Mattel further objects to this Request on the grounds that it

21  overbroad, oppressive, unduly burdensome and intended to harass and annoy

22  Mattel, including in that it seeks documents on this subject regardless of whether

23  such documents relate to matters at issue in this case or time periods at issue in this

24  action. Mattel further objects to this Request on the grounds that it is cumulative,

25  duplicates prior requests and is harassing. Mattel further objects to this Request on

26  the grounds that it seeks confidential, proprietary and trade secret information,

27  including such information that has no bearing on the claims or defenses in this

28  case. Mattel further objects to this Request on the grounds that it is an attempt to

1   circumvent the Discovery Master's September 12, 2007 Order determining that the
2   requested documents are irrelevant and/or that such requests are improper.  Mattel
3   further objects to the Request on the grounds that Defendants have withdrawn all
4   defenses relating to the enforceability or unenforceability of Carter Bryant's
5   agreements with Mattel.  Mattel further objects to the use of the term "EMPLOYEE
6   INVENTIONS AGREEMENT" in this context as vague and ambiguous.  Mattel
7   further objects to this Request to the extent that it calls for the disclosure of
8   information subject to the attorney-client privilege, the attorney work-product
9   doctrine and other applicable privileges.
10      Based on the foregoing, and without waiving the above general and specific
11   objections, Mattel states that, other than those documents that is has produced
12   pursuant to other requests, Mattel will not produce documents responsive to this
13   Request.
14
15   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
16   SHOULD BE COMPELLED**
17      Mattel has not agreed to produce documents in response to this request,
18   subject to its improper boilerplate objections.  Mattel has refused to confirm
19   whether or not it has produced all non-privileged responsive documents or whether
20   it is withholding documents based on its objections in Phase 2.  Under the Federal
21   Rules of Civil Procedure, "an objection to part of a request must specify the part
22   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections
23   that fail to explain the basis for an objection with specificity are routinely rejected
24   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,
25   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly
26   burdensome and harassing' are improper – especially when a party fails to submit
27   any evidentiary declarations supporting such objections").  Accordingly, Mattel
28   must be compelled either to certify that it has produced all non-privileged

1    responsive documents or to produce all such documents by a date certain.

2         To the extent that Mattel is relying on its blanket objections, they are not

3    sustainable and do not justify Mattel's failure to produce documents.

4         As to overbreadth, Mattel provides no explanation, let alone the required

5    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

6    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

7    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

8    contrary, the request is narrowly tailored to seek copies of the Employee Inventions

9    Agreements signed by persons Mattel has identified in its initial disclosures and

10   in its interrogatory responses.

11        As to burden, Mattel has not attempted to demonstrate why responding to

12   this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

14   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.")

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19   has engaged in various unfair trade practices, including coercing its employees to

20   accept restrictive covenants and non-compete clauses, and other efforts to prevent

21   prospective MGA employees from accepting offers of employment, as alleged in

22   paragraph 113 of MGA's Complaint and in MGA's Second Affirmative Defense.

23   MGA is entitled to discovery on these claims. Mattel has also accused MGA of

24   copyright infringement, RICO violations, misappropriation of trade secrets,

25   intentional interference with contract, aiding and abetting breach of fiduciary duty

26   and duty of loyalty, conversion, and unfair competition.  All of these claims are to

27   some degree based on Mattel's theory that Mattel employees improperly breached

28   their Employee Inventions Agreements, and MGA is entitled to discovery on these

1 | claims, including evidence of Mattel's Employee Inventions Agreement's
2 | evolution.

3 | Mattel objects that the request contains confidential, proprietary and trade
4 | secret information.  A Protective Order exists in this case, obviating any concern as
5 | to protection of privacy rights and/or commercially sensitive information.

6 | Mattel's objection that this Request is an attempt to circumvent the
7 | Discovery Master's September 12, 2007 order is unwarranted, as this request seeks
8 | copies of a specific document signed by specific individuals previously identified
9 | by Mattel.

10 | Litigation in this case has extensively involved Mattel's "Employee
11 | Inventions Agreement."  There is nothing vague or ambiguous about this term, and
12 | Mattel's objection to the contrary is disingenuous and grounds for sanctions.

13 | This request does not seek documents protected by the attorney-client
14 | privilege, the attorney work product doctrine, or other applicable privileges.  To the
15 | extent that Mattel contends that it does, Mattel must provide a privilege log.

16 | None of Mattel's improper objections are valid and Mattel is obligated to
17 | produce all non-privileged responsive documents in its possession, custody, or
18 | control.

19 |

20 | **REQUEST FOR PRODUCTION NO. 771:**

21 | All CONFLICT OF INTEREST QUESTIONNAIRES signed by any
22 | person identified in MATTEL'S INITIAL DISCLOSURES or MATTEL'S
23 | response(s) to any interrogatory served in THIS ACTION.

24 | **RESPONSE TO REQUEST NO. 771:**

25 | In addition to the General Objections stated above which are incorporated
26 | herein by reference, Mattel objects to this Request on the grounds that it seeks
27 | documents that are not relevant to this action or likely to lead to the discovery
28 | of admissible evidence.  Mattel further objects to this Request on the grounds

- 5 -

1  that it is overbroad, oppressive, unduly burdensome and intended to harass and

2  annoy Mattel, including in that it seeks documents on this subject regardless of

3  whether such documents relate to matters at issue in this case or time periods at

4  issue in this action.  Mattel further objects to this Request on the grounds that it

5  is cumulative, duplicates prior requests and is harassing.  Mattel further objects

6  to this Request on the grounds that it seeks confidential, proprietary and trade

7  secret information, including such information that has no bearing on the claims or

8  defenses in this case.  Mattel further objects to this Request on the grounds that it is

9  an attempt to circumvent the Discovery Master's September 12, 2007 Order

10 determining that the requested documents are irrelevant and/or that such requests

11 are improper.  Mattel further objects to the Request on the grounds that Defendants

12 have withdrawn all defenses relating to the enforceability or unenforceability of

13 Carter Bryant's agreements with Mattel.  Mattel further objects to the use of the

14 term "CONFLICT OF INTEREST QUESTIONNAIRES" in this context as vague

15 and ambiguous.  Mattel further objects to this Request to the extent that it calls for

16 the disclosure of information subject to the attorney-client privilege, the attorney

17 work-product doctrine and other applicable privileges.

18      Based on the foregoing, and without waiving the above general and specific

19 objections, Mattel states that, other than those documents that is has produced

20 pursuant to other requests, Mattel will not produce documents responsive to this

21 Request.

22      **AMENDED RESPONSE TO REQUEST NO. 771:**

23      In addition to the General Objections stated above which are incorporated

24 herein by reference, Mattel objects to this Request on the grounds that it seeks

25 documents that are not relevant to this action or likely to lead to the discovery of

26 admissible evidence.  Mattel further objects to this Request on the grounds that it is

27 overbroad, oppressive, unduly burdensome and intended to harass and annoy

28 Mattel, including in that it seeks documents on this subject regardless of whether

1  such documents relate to matters at issue in this case or time periods at issue in this

2  action.  Mattel further objects to this Request on the grounds that it is cumulative,

3  duplicates prior requests and is harassing.  Mattel further objects to this Request on

4  the grounds that it seeks confidential, proprietary and trade secret information,

5  including such information that has no bearing on the claims or defenses in this

6  case.  Mattel further objects to this Request on the grounds that it is an attempt to

7  circumvent the Discovery Master's September 12, 2007 Order determining that the

8  requested documents are irrelevant and/or that such requests are improper.  Mattel

9  further objects to the Request on the grounds that Defendants have withdrawn all

10  defenses relating to the enforceability or unenforceability of Carter Bryant's

11  agreements with Mattel.  Mattel further objects to the use of the term "CONFLICT

12  OF INTEREST QUESTIONNAIRES" in this context as vague and ambiguous.

13  Mattel further objects to this Request to the extent that it calls for the disclosure of

14  information subject to the attorney-client privilege, the attorney work-product

15  doctrine and other applicable privileges.

16      Based on the foregoing, and without waiving the above general and specific

17  objections, Mattel states that, other than those documents that is has produced

18  pursuant to other requests, Mattel will not produce documents responsive to this

19  Request.

20

21   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

22   **SHOULD BE COMPELLED**

23      Mattel has not agreed to produce documents in response to this request,

24  subject to its improper boilerplate objections.  Mattel has refused to confirm

25  whether or not it has produced all non-privileged responsive documents or whether

26  it is withholding documents based on its objections in Phase 2.  Under the Federal

27  Rules of Civil Procedure, "an objection to part of a request must specify the part

28  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek copies of the Conflict of Interest Questionnaires signed by persons identified by Mattel in its initial disclosures and interrogatory responses.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in various unfair trade practices, including coercing its employees to accept restrictive covenants and non-compete clauses, and other efforts to prevent prospective MGA employees from accepting offers of employment, as alleged in paragraph 113 of MGA's Complaint and in MGA's Second Affirmative Defense.

1   MGA is entitled to discovery on these claims.  Mattel has also accused MGA of

2   copyright infringement, RICO violations, misappropriation of trade secrets,

3   intentional interference with contract, aiding and abetting breach of fiduciary duty

4   and duty of loyalty, conversion, and unfair competition.  All of these claims are to

5   some degree based on Mattel's theory that Mattel employees improperly breached

6   their Conflict of Interest Questionnaires, and MGA is entitled to discovery on these

7   claims, including evidence of Mattel's Conflict of Interest Questionnaire's

8   evolution.

9       Mattel objects that the request is duplicative or subsumed within prior

10  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

11  agree to produce responsive non-privileged documents is not proper based on this

12  objection.

13      Mattel objects that the request contains confidential, proprietary and trade

14  secret information.  A Protective Order exists in this case, obviating any concern as

15  to protection of privacy rights and/or commercially sensitive information.

16      Mattel's objection that this Request is an attempt to circumvent the

17  Discovery Master's September 12, 2007 order is unwarranted, as this request seeks

18  copies of a specific document signed by specific individuals previously identified

19  by Mattel.

20      Litigation in this case has extensively involved Mattel's "Conflict of Interest

21  Questionnaires."  There is nothing vague or ambiguous about this term, and

22  Mattel's objection to the contrary is disingenuous and grounds for sanctions.

23      This request does not seek documents protected by the attorney-client

24  privilege, the attorney work product doctrine, or other applicable privileges.  To the

25  extent that Mattel contends that it does, Mattel must provide a privilege log.

26      None of Mattel's improper objections are valid and Mattel is obligated to

27  produce all non-privileged responsive documents in its possession, custody, or

28  control.

- 9 -

1

2 **REQUEST FOR PRODUCTION NO. 772:**

3      All DOCUMENTS REFERRING OR RELATING TO any instance in which

4 any provision of an EMPLOYEE INVENTIONS AGREEMENT was breached or

5 alleged to be breached by any person identified in MATTEL'S INITIAL

6 DISCLOSURES or MATTEL'S response(s) to any interrogatory served in THIS

7 ACTION.

8      **RESPONSE TO REQUEST NO. 772:**

9      In addition to the General Objections stated above which are incorporated

10 herein by reference, Mattel objects to this Request on the grounds that it seeks

11 documents that are not relevant to this action or likely to lead to the discovery of

12 admissible evidence.  Mattel further objects to this Request on the grounds that it

13 is overbroad, oppressive, unduly burdensome and intended to harass and annoy

14 Mattel, including in that it seeks documents on this subject regardless of

15 whether such documents relate to matters at issue in this case or time periods at

16 issue in this action.  Mattel further objects to this Request on the grounds that it

17 is cumulative, duplicates prior requests and is harassing.  Mattel further objects

18 to this Request on the grounds that it seeks confidential, proprietary and trade

19 secret information, including such information that has no bearing on the claims

20 or defenses in this case.  Mattel further objects to this Request on the grounds

21 that it is an attempt to circumvent the Discovery Master's September 12, 2007

22 Order determining that the requested documents are irrelevant and/or that such

23 requests are improper.  Mattel further objects to the Request on the grounds that

24 Defendants have withdrawn all defenses relating to the enforceability or

25 unenforceability of Carter Bryant's agreements with Mattel.  Mattel further

26 objects to the use of the terms "EMPLOYEE INVENTIONS AGREEMENT"

27 and "was breached or alleged to be breached" in this context as vague and

28 ambiguous.  Mattel further objects to this Request to the extent that it calls for

1   the disclosure of information subject to the attorney-client privilege, the

2   attorney work-product doctrine and other applicable privileges.

3       Based on the foregoing, and without waiving the above general and

4   specific objections, Mattel states that, other than those documents that is has

5   produced pursuant to other requests, Mattel will not produce documents

6   responsive to this Request.

7       **<u>AMENDED RESPONSE TO REQUEST NO. 772:</u>**

8       In addition to the General Objections stated above which are incorporated

9   herein by reference, Mattel objects to this Request on the grounds that it seeks

10  documents that are not relevant to this action or likely to lead to the discovery of

11  admissible evidence.  Mattel further objects to this Request on the grounds that it is

12  overbroad, oppressive, unduly burdensome and intended to harass and annoy

13  Mattel, including in that it seeks documents on this subject regardless of whether

14  such documents relate to matters at issue in this case or time periods at issue in this

15  action.  Mattel further objects to this Request on the grounds that it is cumulative,

16  duplicates prior requests and is harassing.  Mattel further objects to this Request on

17  the grounds that it seeks confidential, proprietary and trade secret information,

18  including such information that has no bearing on the claims or defenses in this

19  case.  Mattel further objects to this Request on the grounds that it is an attempt to

20  circumvent the Discovery Master's September 12, 2007 Order determining that the

21  requested documents are irrelevant and/or that such requests are improper.  Mattel

22  further objects to the Request on the grounds that Defendants have withdrawn all

23  defenses relating to the enforceability or unenforceability of Carter Bryant's

24  agreements with Mattel.  Mattel further objects to the use of the terms

25  "EMPLOYEE INVENTIONS AGREEMENT" and "was breached or alleged to be

26  breached" in this context as vague and ambiguous.  Mattel further objects to this

27  Request to the extent that it calls for the disclosure of information subject to the

28  attorney-client privilege, the attorney work-product doctrine and other applicable

1    privileges.

2          Based on the foregoing, and without waiving the above general and specific

3    objections, Mattel states that, other than those documents that is has produced

4    pursuant to other requests, Mattel will not produce documents responsive to this

5    Request.

6

7    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

8    **SHOULD BE COMPELLED**

9          Mattel has not agreed to produce documents in response to this request,

10   subject to its improper boilerplate objections.  Mattel has refused to confirm

11   whether or not it has produced all non-privileged responsive documents or whether

12   it is withholding documents based on its objections in Phase 2.  Under the Federal

13   Rules of Civil Procedure, "an objection to part of a request must specify the part

14   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

15   that fail to explain the basis for an objection with specificity are routinely rejected

16   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

17   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

18   burdensome and harassing' are improper – especially when a party fails to submit

19   any evidentiary declarations supporting such objections").  Accordingly, Mattel

20   must be compelled either to certify that it has produced all non-privileged

21   responsive documents or to produce all such documents by a date certain.

22         To the extent that Mattel is relying on its blanket objections, they are not

23   sustainable and do not justify Mattel's failure to produce documents.

24         As to overbreadth, Mattel provides no explanation, let alone the required

25   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28   contrary, the request is narrowly tailored to seek documents concerning instances in

1  which any provision of Mattel's Employee Inventions Agreement was breached or

2  alleged to be breached by persons Mattel has previously identified in its initial

3  disclosures and interrogatory responses.

4      As to burden, Mattel has not attempted to demonstrate why responding to

5  this request and/or producing responsive documents presents any burden.  This

6  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8  request is unduly burdensome must allege specific facts which indicate the nature

9  and extent of the burden, usually by affidavit or other reliable evidence.")

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

12  has engaged in various unfair trade practices, including coercing its employees to

13  accept restrictive covenants and non-compete clauses, and other efforts to prevent

14  prospective MGA employees from accepting offers of employment, as alleged in

15  paragraph 113 of MGA's Complaint and in MGA's Second Affirmative Defense.

16  MGA is entitled to discovery on these claims.  Additionally, Mattel has accused

17  MGA of multiple claims based in whole or in part on alleged breaches of Mattel's

18  Employee Inventions Agreement by former Mattel employees, including

19  Misappropriation of Trade Secrets, Breach of Contract, Intentional Interference

20  with Contract, Breach of Fiduciary Duty, Aiding and Abetting Breach of Fiduciary

21  Duty, Breach of Duty of Loyalty, Aiding and Abetting Breach of Duty of Loyalty,

22  and Conversion.  MGA is entitled to discovery on these claims, including discovery

23  relevant to Mattel's historical policies regarding its interpretation and enforcement

24  of its Employee Inventions Agreement.

25      Mattel objects that the request is duplicative or subsumed within prior

26  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

27  agree to produce responsive non-privileged documents is not proper based on this

28  objection.

- 13 -

1    Mattel objects that the request contains confidential, proprietary and trade

2    secret information.  A Protective Order exists in this case, obviating any concern as

3    to protection of privacy rights and/or commercially sensitive information.

4    Mattel's objection that this Request is an attempt to circumvent the

5    Discovery Master's September 12, 2007 order is unwarranted, as this request seeks

6    documents concerning alleged breaches of a specific document signed by specific

7    individuals previously identified by Mattel.

8    Litigation in this case has extensively involved Mattel's "Employee

9    Inventions Agreement."  There is nothing vague or ambiguous about this term, and

10    Mattel's objection to the contrary is disingenuous and grounds for sanctions.

11    Mattel's claim that the plain and straightforward term "breached or alleged to

12    be breached" is vague and ambiguous is equally ridiculous and sanctionable.

13    This request does not seek documents protected by the attorney-client

14    privilege, the attorney work product doctrine, or other applicable privileges.  To the

15    extent that Mattel contends that it does, Mattel must provide a privilege log.

16    None of Mattel's improper objections are valid and Mattel is obligated to

17    produce all non-privileged responsive documents in its possession, custody, or

18    control.

19

20    **REQUEST FOR PRODUCTION NO. 773:**

21    All DOCUMENTS REFERRING OR RELATING TO any instance in

22    which any provision of a CONFLICT OF INTEREST QUESTIONNAIRE was

23    breached or alleged to be breached by any person identified in MATTEL'S

24    INITIAL DISCLOSURES or MATTEL'S response(s) to any interrogatory

25    served in THIS ACTION.

26    **RESPONSE TO REQUEST NO. 773:**

27    In addition to the General Objections stated above which are incorporated

28    herein by reference, Mattel objects to this Request on the grounds that it seeks

1  documents that are not relevant to this action or likely to lead to the discovery

2  of admissible evidence.  Mattel further objects to this Request on the grounds

3  that it is overbroad, oppressive, unduly burdensome and intended to harass and

4  annoy Mattel, including in that it seeks documents on this subject regardless of

5  whether such documents relate to matters at issue in this case or time periods at

6  issue in this action.  Mattel further objects to this Request on the grounds that it

7  is cumulative, duplicates prior requests and is harassing.  Mattel further objects

8  to this Request on the grounds that it seeks confidential, proprietary and trade

9  secret information, including such information that has no bearing on the claims

10  or defenses in this case.  Mattel further objects to this Request on the grounds

11  that it is an attempt to circumvent the Discovery Master's September 12, 2007

12  Order determining that the requested documents are irrelevant and/or that such

13  requests are improper.  Mattel further objects to the Request on the grounds that

14  Defendants have withdrawn all defenses relating to the enforceability or

15  unenforceability of Carter Bryant's agreements with Mattel.  Mattel further

16  objects to the use of the terms "CONFLICT OF INTEREST

17  QUESTIONNAIRE" and "was breached or alleged to be breached" in this

18  context as vague and ambiguous.  Mattel further objects to this Request to the

19  extent that it calls for the disclosure of information subject to the attorney-client

20  privilege, the attorney work-product doctrine and other applicable privileges.

21        Based on the foregoing, and without waiving the above general and

22  specific objections, Mattel states that, other than those documents that is has

23  produced pursuant to other requests, Mattel will not produce documents

24  responsive to this Request.

25        **AMENDED RESPONSE TO REQUEST NO. 773:**

26        In addition to the General Objections stated above which are incorporated

27  herein by reference, Mattel objects to this Request on the grounds that it seeks

28  documents that are not relevant to this action or likely to lead to the discovery of

admissible evidence.  Mattel further objects to this Request on the grounds that it is

overbroad, oppressive, unduly burdensome and intended to harass and annoy

Mattel, including in that it seeks documents on this subject regardless of whether

such documents relate to matters at issue in this case or time periods at issue in this

action.  Mattel further objects to this Request on the grounds that it is cumulative,

duplicates prior requests and is harassing.  Mattel further objects to this Request on

the grounds that it seeks confidential, proprietary and trade secret information,

including such information that has no bearing on the claims or defenses in this

case.  Mattel further objects to this Request on the grounds that it is an attempt to

circumvent the Discovery Master's September 12, 2007 Order determining that the

requested documents are irrelevant and/or that such requests are improper.  Mattel

further objects to the Request on the grounds that Defendants have withdrawn all

defenses relating to the enforceability or unenforceability of Carter Bryant's

agreements with Mattel.  Mattel further objects to the use of the terms "CONFLICT

OF INTEREST QUESTIONNAIRE" and "was breached or alleged to be breached"

in this context as vague and ambiguous.  Mattel further objects to this Request to

the extent that it calls for the disclosure of information subject to the attorney-client

privilege, the attorney work-product doctrine and other applicable privileges.

Based on the foregoing, and without waiving the above general and specific

objections, Mattel states that, other than those documents that is has produced

pursuant to other requests, Mattel will not produce documents responsive to this

Request.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request,

subject to its improper boilerplate objections.  Mattel has refused to confirm

whether or not it has produced all non-privileged responsive documents or whether

1   it is withholding documents based on its objections in Phase 2.  Under the Federal
2   Rules of Civil Procedure, "an objection to part of a request must specify the part
3   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections
4   that fail to explain the basis for an objection with specificity are routinely rejected
5   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,
6   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly
7   burdensome and harassing' are improper – especially when a party fails to submit
8   any evidentiary declarations supporting such objections").  Accordingly, Mattel
9   must be compelled either to certify that it has produced all non-privileged
10  responsive documents or to produce all such documents by a date certain.

11      To the extent that Mattel is relying on its blanket objections, they are not
12  sustainable and do not justify Mattel's failure to produce documents.

13      As to overbreadth, Mattel provides no explanation, let alone the required
14  particularity, as to *why* this request is supposedly overly broad, nor can it do so.
15  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
16  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
17  contrary, the request is narrowly tailored to seek documents concerning instances in
18  which any provision of Mattel's Conflict of Interest Questionnaire was breached or
19  alleged to be breached by persons Mattel has previously identified in its initial
20  disclosures and interrogatory responses.

21      As to burden, Mattel has not attempted to demonstrate why responding to
22  this request and/or producing responsive documents presents any burden.  This
23  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
24  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
25  request is unduly burdensome must allege specific facts which indicate the nature
26  and extent of the burden, usually by affidavit or other reliable evidence.")
27  Moreover, it is not unduly burdensome, as noted above, in that the request is
28  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

1   has engaged in various unfair trade practices, including coercing its employees to

2   accept restrictive covenants and non-compete clauses, and other efforts to prevent

3   prospective MGA employees from accepting offers of employment, as alleged in

4   paragraph 113 of MGA's Complaint and in MGA's Second Affirmative Defense.

5   MGA is entitled to discovery on these claims.  Additionally, Mattel has accused

6   MGA of multiple claims based in whole or in part on alleged breaches of Mattel's

7   Conflict of Interest Questionnaire by former Mattel employees, including

8   Misappropriation of Trade Secrets, Breach of Contract, Intentional Interference

9   with Contract, Breach of Fiduciary Duty, Aiding and Abetting Breach of Fiduciary

10  Duty, Breach of Duty of Loyalty, Aiding and Abetting Breach of Duty of Loyalty,

11  and Conversion.  MGA is entitled to discovery on these claims, including discovery

12  relevant to Mattel's historical policies regarding its interpretation and enforcement

13  of its Conflict of Interest Questionnaire.

14      Mattel objects that the request is duplicative or subsumed within prior

15  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

16  agree to produce responsive non-privileged documents is not proper based on this

17  objection.

18      Mattel objects that the request contains confidential, proprietary and trade

19  secret information.  A Protective Order exists in this case, obviating any concern as

20  to protection of privacy rights and/or commercially sensitive information.

21      Mattel's objection that this Request is an attempt to circumvent the

22  Discovery Master's September 12, 2007 order is unwarranted, as this request seeks

23  documents concerning alleged breaches of a specific document signed by specific

24  individuals previously identified by Mattel.

25      Litigation in this case has extensively involved Mattel's "Conflict of Interest

26  Questionnaire."  There is nothing vague or ambiguous about this term, and Mattel's

27  objection to the contrary is disingenuous and grounds for sanctions.

28      Mattel's claim that the plain and straightforward term "breached or alleged to

1  be breached" is vague and ambiguous is equally ridiculous and sanctionable.

2  This request does not seek documents protected by the attorney-client

3  privilege, the attorney work product doctrine, or other applicable privileges.  To the

4  extent that Mattel contends that it does, Mattel must provide a privilege log.

5  None of Mattel's improper objections are valid and Mattel is obligated to

6  produce all non-privileged responsive documents in its possession, custody, or

7  control.

8

9  **REQUEST FOR PRODUCTION NO. 774:**

10  The complete MATTEL personnel file for each PERSON identified in

11  MATTEL'S INITIAL DISCLOSURES or MATTEL'S response(s) to any

12  interrogatory served in THIS ACTION.

13  **RESPONSE TO REQUEST NO. 774:**

14  In addition to the General Objections stated above which are incorporated

15  herein by reference, Mattel objects to this Request on the grounds that it seeks

16  documents that are not relevant to this action or likely to lead to the discovery

17  of admissible evidence.  Mattel further objects to this Request on the grounds

18  that it is overbroad, oppressive, unduly burdensome and intended to harass and

19  annoy Mattel, including in that it seeks documents on this subject regardless of

20  whether such documents relate to matters at issue in this case or time periods at

21  issue in this action.  Mattel further objects to this Request on the grounds that it

22  is cumulative, duplicates prior requests and is harassing.  Mattel further objects

23  to this Request on the grounds that it seeks confidential, proprietary and trade

24  secret information, including such information that has no bearing on the claims

25  or defenses in this case.  Mattel further objects to this Request on the grounds

26  that it seeks documents protected by non-parties' rights of privacy, in violation

27  of federal and state law.  Mattel further objects to this Request to the extent that

28  it calls for the disclosure of information subject to the attorney-client privilege,

the attorney work-product doctrine and other applicable privileges.

Based on the foregoing, and without waiving the above general and specific objections, Mattel states that, other than those documents that is has produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

### **AMENDED RESPONSE TO REQUEST NO. 774:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to matters at issue in this case or time periods at issue in this action. Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it seeks documents protected by non-parties' rights of privacy, in violation of federal and state law. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based on the foregoing, and without waiving the above general and specific objections, Mattel states that, other than those documents that is has produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek the personnel files only of persons Mattel has previously identified in its initial disclosures and interrogatory responses.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

OHS West:260723214

1  request is unduly burdensome must allege specific facts which indicate the nature
2  and extent of the burden, usually by affidavit or other reliable evidence.")
3  Moreover, it is not unduly burdensome, as noted above, in that the request is
4  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
5  has engaged in various unfair trade practices, including coercing its employees to
6  accept restrictive covenants and non-compete clauses, and other efforts to prevent
7  prospective MGA employees from accepting offers of employment, as alleged in
8  paragraph 113 of MGA's Complaint and in MGA's Second Affirmative Defense.
9  MGA is entitled to discovery on these claims.  Additionally, Mattel has accused
10 MGA of multiple claims based in whole or in part on alleged breaches of Mattel's
11 policies by former Mattel employees, including Misappropriation of Trade Secrets,
12 Breach of Contract, Intentional Interference with Contract, Breach of Fiduciary
13 Duty, Aiding and Abetting Breach of Fiduciary Duty, Breach of Duty of Loyalty,
14 Aiding and Abetting Breach of Duty of Loyalty, and Conversion.  MGA is entitled
15 to discovery on these claims, including discovery relevant to Mattel's historical
16 policies regarding its interpretation and enforcement of these policies.

17       Mattel objects that the request is duplicative or subsumed within prior
18 requests but does not identify the allegedly duplicative requests.  Mattel's failure to
19 agree to produce responsive non-privileged documents is not proper based on this
20 objection.

21       Mattel objects that the request contains confidential, proprietary and trade
22 secret information.  A Protective Order exists in this case, obviating any concern as
23 to protection of privacy rights and/or commercially sensitive information.

24       Mattel's objection that this Request is an attempt to circumvent the
25 Discovery Master's September 12, 2007 order is unwarranted, as this request seeks
26 the personnel files of specific individuals previously identified by Mattel.

27       Mattel objects that this Request seeks documents protected by non-parties'
28 rights of privacy, in violation of federal and state law, but does not specify whose

1   rights of privacy or what state and federal laws would be violated by disclosure.

2   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

3   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.

4          This request does not seek documents protected by the attorney-client

5   privilege, the attorney work product doctrine, or other applicable privileges.  To the

6   extent that Mattel contends that it does, Mattel must provide a privilege log.

7          None of Mattel's improper objections are valid and Mattel is obligated to

8   produce all non-privileged responsive documents in its possession, custody, or

9   control.

10

11   **REQUEST FOR PRODUCTION NO. 775:**

12          All dolls, models, molds, casts, samples, packaging, ADVERTISING,

13   photographs, CDs, DVDs, tapes, or other tangible items or things that comprise or

14   relate to a BRATZ product or accessory.

15          **RESPONSE TO REQUEST NO. 775:**

16          In addition to the General Objections stated above which are incorporated

17   herein by reference, Mattel objects to this Request on the grounds that it seeks

18   documents that are not relevant to this action or likely to lead to the discovery of

19   admissible evidence.  Mattel further objects to this Request on the grounds that it is

20   overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel,

21   including in that it seeks documents on this subject regardless of whether such

22   documents relate to products or matters at issue in this case or time periods at issue

23   in this action.  Mattel further objects to this Request on the grounds that it is

24   cumulative, duplicates prior requests and is harassing.  Mattel further objects to

25   this Request on the grounds that it is an attempt to circumvent the Discovery

26   Master's May 22, 2007 Order determining that the requested documents are

27   irrelevant and/or that such requests are improper.  Mattel further objects to this

28   Request on the grounds that it seeks confidential, proprietary and trade secret

1   information, including such information that has no bearing on the claims or

2   defenses in this case.  Mattel further objects to the use of the terms

3   "ADVERTISING" and "BRATZ" in this context as vague and ambiguous.  Mattel

4   further objects to this Request to the extent that it calls for the disclosure of

5   information subject to the attorney-client privilege, the attorney work-product doctrine

6   and other applicable privileges.

7       **<u>AMENDED RESPONSE TO REQUEST NO. 775:</u>**

8          In addition to the General Objections stated above which are incorporated

9   herein by reference, Mattel objects to this Request on the grounds that it seeks

10  documents that are not relevant to this action or likely to lead to the discovery of

11  admissible evidence.  Mattel further objects to this Request on the grounds that it is

12  overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel,

13  including in that it seeks documents on this subject regardless of whether such

14  documents relate to products or matters at issue in this case or time periods at issue

15  in this action.  Mattel further objects to this Request on the grounds that it is

16  cumulative, duplicates prior requests and is harassing.  Mattel further objects to

17  this Request on the grounds that it is an attempt to circumvent the Discovery

18  Master's May 22, 2007 Order determining that the requested documents are

19  irrelevant and/or that such requests are improper.  Mattel further objects to this

20  Request on the grounds that it seeks confidential, proprietary and trade secret

21  information, including such information that has no bearing on the claims or

22  defenses in this case.  Mattel further objects to the use of the terms

23  "ADVERTISING" and "BRATZ" in this context as vague and ambiguous.  Mattel

24  further objects to this Request to the extent that it calls for the disclosure of

25  information subject to the attorney-client privilege, the attorney work-product

26  doctrine and other applicable privileges.

27

28

- 24 -

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET EIGHT;  CV 04-9049 SGL (RNBX)

1

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

2

3      Mattel does not agree to produce documents in response to this request.

4    Instead, Mattel purports to stand on its improper objections Under the Federal

5    Rules of Civil Procedure, "an objection to part of a request must specify the part

6    and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

7    that fail to explain the basis for an objection with specificity are routinely rejected

8    in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

9    188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

10   burdensome and harassing' are improper – especially when a party fails to submit

11   any evidentiary declarations supporting such objections").  Accordingly, Mattel

12   must be compelled either to certify that it has produced all non-privileged

13   responsive documents without limitation or to produce all such documents by a date

14   certain.

15      To the extent that Mattel is relying on its blanket objections, they are not

16   sustainable and do not justify Mattel's failure to produce documents.

17      As to overbreadth, Mattel provides no explanation, let alone the required

18   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

19   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

20   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

21   contrary, the request is narrowly tailored to seek information in Mattel's

22   possession, custody, or control regarding Mattel's knowledge of Bratz packaging

23   and advertising.

24      As to burden, Mattel has not attempted to demonstrate why responding to

25   this request and/or producing responsive documents presents any burden.  This

26   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

27   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

28   request is unduly burdensome must allege specific facts which indicate the nature

1   and extent of the burden, usually by affidavit or other reliable evidence.")

2   Moreover, it is not unduly burdensome, as noted above, in that the request is

3   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4   has engaged in a broad variety of unfair trade practices, from trade dress

5   infringement to serial copying of MGA products and advertising.   MGA is entitled

6   to discovery on these claims.

7        This request does not seek documents protected by the attorney-client

8   privilege, the attorney work product doctrine, or other applicable privileges.  To the

9   extent that Mattel contends that it does, Mattel must provide a privilege log.

10       Mattel objects that the request contains confidential/proprietary/trade secret

11  information.  A Protective Order exists in this case, obviating any concern as to

12  protection of privacy rights and/or commercially sensitive information.

13       Mattel objects that the request is duplicative or subsumed within prior

14  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

15  produce responsive non-privileged documents is not proper based on this objection.

16       Mattel's objection that the documents sought are not relevant is unfounded,

17  as documents that show Mattel was aware or knew of Bratz during the conception

18  and development of "My Scene" are central to MGA's claims and defenses in this

19  case.  Such information, for example, could tend to show that Mattel copied Bratz

20  products, as alleged by MGA.  The May 22, 2007 order is inapposite because this

21  request specifically seeks dolls, models, molds, casts, samples, packaging,

22  advertising, photographs, CDs, DVDs, tapes, or other tangible items or things.

23       None of Mattel's improper objections are valid and Mattel is obligated to

24  produce all non-privileged responsive documents in its possession, custody or

25  control.

26

27

28

**REQUEST FOR PRODUCTION NO. 776:**

All DOCUMENTS REFERRING OR RELATING to any purchase or acquisition by MATTEL of a BRATZ product or accessory, including but not limited to, all invoices, receipts, and purchase orders.

**RESPONSE TO REQUEST NO. 776:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action.  Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing.  Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order determining that the requested documents are irrelevant and/or that such requests are improper.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to the use of the term "BRATZ" in this context as vague and ambiguous.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**AMENDED RESPONSE TO REQUEST NO. 776:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery

1   of admissible evidence.  Mattel further objects to this Request on the grounds

2   that it is overbroad, oppressive, unduly burdensome and intended to harass and

3   annoy Mattel, including in that it seeks documents on this subject regardless of

4   whether such documents relate to products or matters at issue in this case or time

5   periods at issue in this action.  Mattel further objects to this Request on the

6   grounds that it is cumulative, duplicates prior requests and is harassing.  Mattel

7   further objects to this Request on the grounds that it is an attempt to circumvent

8   the Discovery Master's May 22, 2007 Order determining that the requested

9   documents are irrelevant and/or that such requests are improper.  Mattel further

10  objects to this Request on the grounds that it seeks confidential, proprietary and

11  trade secret information, including such information that has no bearing on the

12  claims or defenses in this case.  Mattel further objects to the use of the term

13  "BRATZ" in this context as vague and ambiguous.  Mattel further objects to this

14  Request to the extent that it calls for the disclosure of information subject to the

15  attorney-client privilege, the attorney work-product doctrine and other applicable

16  privileges.

17

18  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

19

20       Mattel does not agree to produce documents in response to this request.

21  Instead, Mattel purports to stand on its improper objections Under the Federal

22  Rules of Civil Procedure, "an objection to part of a request must specify the part

23  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

24  that fail to explain the basis for an objection with specificity are routinely rejected

25  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

26  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

27  burdensome and harassing' are improper – especially when a party fails to submit

28  any evidentiary declarations supporting such objections").  Accordingly, Mattel

1    must be compelled either to certify that it has produced all non-privileged

2    responsive documents without limitation or to produce all such documents by a date

3    certain.

4         To the extent that Mattel is relying on its blanket objections, they are not

5    sustainable and do not justify Mattel's failure to produce documents.

6         As to overbreadth, Mattel provides no explanation, let alone the required

7    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10   contrary, the request is narrowly tailored to seek information in Mattel's

11   possession, custody, or control about attempts by Mattel to purchase or to acquire

12   Bratz products.

13        As to burden, Mattel has not attempted to demonstrate why responding to

14   this request and/or producing responsive documents presents any burden.  This

15   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

16   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17   request is unduly burdensome must allege specific facts which indicate the nature

18   and extent of the burden, usually by affidavit or other reliable evidence.")

19   Moreover, it is not unduly burdensome, as noted above, in that the request is

20   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

21   has engaged in a broad variety of unfair trade practices, from trade dress

22   infringement to serial copying of MGA products and advertising.  MGA is entitled

23   to discovery on these claims, including Mattel's attempts to obtain the items that it

24   copied.

25        This request does not seek documents protected by the attorney-client

26   privilege, the attorney work product doctrine, or other applicable privileges.  To the

27   extent that Mattel contends that it does, Mattel must provide a privilege log.

28        Mattel objects that the request contains confidential/proprietary/trade secret

OHS West:260723214

1   information.  A Protective Order exists in this case, obviating any concern as to

2   protection of privacy rights and/or commercially sensitive information.

3       Mattel objects that the request is duplicative or subsumed within prior

4   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

5   produce responsive non-privileged documents is not proper based on this objection.

6       Mattel's objection that the documents sought are not relevant is unfounded,

7   as documents that show Mattel purchased and acquired Bratz products.  Such

8   information, for example, could tend to confirm MGA's claim that Mattel copied

9   "Bratz" products in connection with its "My Scene" product line.  The May 22,

10  2007 order is inapposite because this request seeks a specific category of

11  documents regarding "Bratz," i.e. documents that show Mattel's purchase or

12  acquisition of Bratz products.

13      None of Mattel's improper objections are valid and Mattel is obligated to

14  produce all non-privileged responsive documents in its possession, custody or

15  control.

16

17  **REQUEST FOR PRODUCTION NO. 777:**

18      All DOCUMENTS REFERRING OR RELATING TO MATTEL'S

19  solicitation of and/or request for a presentation, proposal, bid and/or pitch relating

20  to the advertising, marketing, and/or branding, of MATTEL'S MY SCENE brand

21  from Young & Rubicam Brands.

22      **RESPONSE TO REQUEST NO. 777:**

23      In addition to the General Objections stated above which are incorporated

24  herein by reference, Mattel objects to this Request on the grounds that it seeks

25  documents that are not relevant to this action or likely to lead to the discovery of

26  admissible evidence.  Mattel further objects to this Request on the grounds that it

27  is overbroad, oppressive, unduly burdensome and intended to harass and annoy

28  Mattel, including in that it seeks documents on this subject regardless of whether such

OHS West:260723214

- 30 -

1   documents relate to products or matters at issue in this case or time periods at issue

2   in this action.  Mattel further objects to this Request on the grounds that it is

3   cumulative, duplicates prior requests and is harassing.  Mattel further objects to

4   this Request on the grounds that it seeks confidential, proprietary and trade secret

5   information, including such information that has no bearing on the claims or

6   defenses in this case.  Mattel further objects to the use of the term "MATTEL'S

7   MY SCENE" in this context as vague and ambiguous.  Mattel further objects to this

8   Request on the grounds it is convoluted, compound and unintelligible.  Mattel further

9   objects to this Request to the extent that it calls for the disclosure of information

10  subject to the attorney-client privilege, the attorney work-product doctrine and

11  other applicable privileges.

12      Subject to and without waiving the foregoing objections, Mattel responds as

13  follows:  To the extent not previously produced, Mattel will produce those

14  responsive, non-privileged documents that it was able to locate after a reasonable,

15  good-faith search for and review of files that were reasonably likely to contain

16  responsive documents bearing on the issues in this litigation.

17      **AMENDED RESPONSE TO REQUEST NO. 777:**

18      In addition to the General Objections stated above which are incorporated

19  herein by reference, Mattel objects to this Request on the grounds that it seeks

20  documents that are not relevant to this action or likely to lead to the discovery of

21  admissible evidence.  Mattel further objects to this Request on the grounds that it is

22  overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel,

23  including in that it seeks documents on this subject regardless of whether such

24  documents relate to products or matters at issue in this case or time periods at

25  issue in this action.  Mattel further objects to this Request on the grounds that it

26  is cumulative, duplicates prior requests and is harassing.  Mattel further objects

27  to this Request on the grounds that it seeks confidential, proprietary and trade

28  secret information, including such information that has no bearing on the claims

1  or defenses in this case.  Mattel further objects to the use of the term "MATTEL'S

2  MY SCENE" in this context as vague and ambiguous.  Mattel further objects to this

3  Request on the grounds it is convoluted, compound and unintelligible.  Mattel

4  further objects to this Request to the extent that it calls for the disclosure of

5  information subject to the attorney-client privilege, the attorney work-product

6  doctrine and other applicable privileges.

7      Based on the foregoing, and without waiving the above general and

8  specific objections, Mattel states that, other than those documents that is has

9  produced pursuant to other requests, Mattel will not produce documents responsive

10 to this Request.

11

12      **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
        SHOULD BE COMPELLED**

13

14      Mattel refuses to produce documents in response to this request, apparently

15 standing on its improper boilerplate objections.  Under the Federal Rules of Civil

16 Procedure, "an objection to part of a request must specify the part and permit

17 inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

18 explain the basis for an objection with specificity are routinely rejected in the

19 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

20 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

21 and harassing' are improper – especially when a party fails to submit any

22 evidentiary declarations supporting such objections").  Accordingly, Mattel must be

23 compelled either to certify that it has produced all non-privileged responsive

24 documents or to produce all such documents by a date certain.

25      To the extent that Mattel is relying on its blanket objections, they are not

26 sustainable and do not justify Mattel's failure to produce documents.

27      As to overbreadth, Mattel provides no explanation, let alone the required

28 particularity, as to *why* this request is supposedly overly broad, nor can it do so.

1    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

2    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

3    contrary, the request is narrowly tailored to seek advertising materials from a

4    specific advertising agency used by Mattel regarding the "My Scene" products that

5    are central to this dispute

6        With respect to burden, Mattel has not attempted to demonstrate why

7    responding to this request and/or producing responsive documents presents any

8    burden.  This objection must therefore be rejected.  See Jackson v. Montgomery

9    Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that

10   a discovery request is unduly burdensome must allege specific facts which indicate

11   the nature and extent of the burden, usually by affidavit or other reliable evidence.")

12   Moreover, it is not unduly burdensome, as noted above, in that the request is

13   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

14   has engaged in a broad variety of unfair trade practices, from serial copying of

15   MGA products, to threatening retailers and suppliers to cease doing business with

16   MGA, to intimidating employees and industry groups in order to prevent MGA

17   from fairly competing.  MGA is entitled to discovery on these claims.

18       This request does not seek documents protected by the attorney-client

19   privilege, the attorney work product doctrine, or other applicable privileges.  To the

20   extent that Mattel contends that it does, Mattel must provide a privilege log.

21       Mattel objects that the request contains confidential/proprietary/trade secret

22   information.  A Protective Order exists in this case, obviating any concern as to

23   protection of privacy rights and/or commercially sensitive information.

24       Mattel objects that the request is duplicative or subsumed within prior

25   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

26   agree to produce responsive non-privileged documents is not proper based on this

27   objection.

28       Mattel's relevance objection is similarly unfounded.  The request seeks

1   information about Mattel's advertising of its "My Scene" products, an issue central

2   to MGA's claims and defenses.

3          None of Mattel's improper objections are valid and Mattel is obligated to

4   produce all non-privileged responsive documents in its possession, custody, or

5   control.

6

7   **REQUEST FOR PRODUCTION NO. 778:**

8          All DOCUMENTS REFERRING OR RELATING TO MATTEL'S

9   solicitation of and/or request for a presentation, proposal, bid and/or pitch relating

10  to the advertising, marketing, and/or branding of MATTEL'S MY SCENE brand

11  from any branding, advertising, or marketing agency.

12  **RESPONSE TO REQUEST NO. 778:**

13         In addition to the General Objections stated above which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it seeks

15  documents that are not relevant to this action or likely to lead to the discovery of

16  admissible evidence.  Mattel further objects to this Request on the grounds that it is

17  overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel,

18  including in that it seeks documents on this subject regardless of whether such

19  documents relate to products or matters at issue in this case or time periods at issue

20  in this action.  Mattel further objects to this Request on the grounds that it is

21  cumulative, duplicates prior requests and is harassing.  Mattel further objects to

22  this Request on the grounds that it seeks confidential, proprietary and trade secret

23  information, including such information that has no bearing on the claims or

24  defenses in this case.  Mattel further objects to this Request on the grounds that it is

25  an attempt to circumvent the Discovery Master's May 22, 2007 Order determining

26  that the requested documents are irrelevant and/or that such requests are improper.

27  Mattel further objects to the use of the term "MATTEL'S MY SCENE" in this

28  context as vague and ambiguous.  Mattel further objects to this Request on the

- 34 -

1   grounds it is convoluted, compound and unintelligible.  Mattel further objects to

2   this Request to the extent that it calls for the disclosure of information subject to the

3   attorney-client privilege, the attorney work-product doctrine and other applicable

4   privileges.

5        Based on the foregoing, and without waiving the above general and specific

6   objections, Mattel states that, other than those documents that is has produced

7   pursuant to other requests, Mattel will not produce documents responsive to this

8   Request.

9        **<u>AMENDED RESPONSE TO REQUEST NO. 778:</u>**

10        In addition to the General Objections stated above which are incorporated

11   herein by reference, Mattel objects to this Request on the grounds that it seeks

12   documents that are not relevant to this action or likely to lead to the discovery of

13   admissible evidence.  Mattel further objects to this Request on the grounds that it is

14   overbroad, oppressive, unduly burdensome and intended to harass and annoy

15   Mattel, including in that it seeks documents on this subject regardless of whether

16   such documents relate to products or matters at issue in this case or time periods at

17   issue in this action.  Mattel further objects to this Request on the grounds that it is

18   cumulative, duplicates prior requests and is harassing.  Mattel further objects to

19   this Request on the grounds that it seeks confidential, proprietary and trade secret

20   information, including such information that has no bearing on the claims or

21   defenses in this case.  Mattel further objects to this Request on the grounds that it is

22   an attempt to circumvent the Discovery Master's May 22, 2007 Order determining

23   that the requested documents are irrelevant and/or that such requests are improper.

24   Mattel further objects to the use of the term "MATTEL'S MY SCENE" in this

25   context as vague and ambiguous.  Mattel further objects to this Request on the

26   grounds it is convoluted, compound and unintelligible.  Mattel further objects to

27   this Request to the extent that it calls for the disclosure of information subject to the

28   attorney-client privilege, the attorney work-product doctrine and other applicable

1   privileges.

2       Based on the foregoing, and without waiving the above general and specific

3   objections, Mattel states that, other than those documents that is has produced

4   pursuant to other requests, Mattel will not produce documents responsive to this

5   Request.

6

7   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

8

9       Mattel refuses to produce documents in response to this request, apparently

10  standing on its improper boilerplate objections.  Under the Federal Rules of Civil

11  Procedure, "an objection to part of a request must specify the part and permit

12  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

13  explain the basis for an objection with specificity are routinely rejected in the

14  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

15  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

16  and harassing' are improper – especially when a party fails to submit any

17  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

18  compelled either to certify that it has produced all non-privileged responsive

19  documents or to produce all such documents by a date certain.

20      To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.

22      As to overbreadth, Mattel provides no explanation, let alone the required

23  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

24  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26  contrary, the request is narrowly tailored to seek advertising, marketing and

27  branding materials, specifically for Mattel's "My Scene" products, which are

28  central to the Phase 2 dispute.

1    With respect to burden, Mattel has not attempted to demonstrate why

2   responding to this request and/or producing responsive documents presents any

3   burden.  This objection must therefore be rejected.  See Jackson v. Montgomery

4   Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that

5   a discovery request is unduly burdensome must allege specific facts which indicate

6   the nature and extent of the burden, usually by affidavit or other reliable evidence.")

7   Moreover, it is not unduly burdensome, as noted above, in that the request is

8   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9   has engaged in a broad variety of unfair trade practices, from serial copying of

10   MGA products, to threatening retailers and suppliers to cease doing business with

11   MGA, to intimidating employees and industry groups in order to prevent MGA

12   from fairly competing.  MGA is entitled to discovery on these claims.

13    This request does not seek documents protected by the attorney-client

14   privilege, the attorney work product doctrine, or other applicable privileges.  To the

15   extent that Mattel contends that it does, Mattel must provide a privilege log.

16    Mattel objects that the request contains confidential/proprietary/trade secret

17   information.  A Protective Order exists in this case, obviating any concern as to

18   protection of privacy rights and/or commercially sensitive information.

19    Mattel objects that the request is duplicative or subsumed within prior

20   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

21   agree to produce responsive non-privileged documents is not proper based on this

22   objection.

23    Mattel's relevance objection is similarly unfounded.  The request seeks

24   information about Mattel's advertising of its "My Scene" products, an issue central

25   to MGA's claims and defenses.

26    None of Mattel's improper objections are valid and Mattel is obligated to

27   produce all non-privileged responsive documents in its possession, custody, or

28   control.

**REQUEST FOR PRODUCTION NO. 779:**

All DOCUMENTS REFERRING OR RELATING TO a presentation, proposal, bid and/or pitch made by Young & Rubicam Brands to MATTEL in the fall of 2003 in connection with MATTEL'S review and/or selection of an advertising agency for Mattel's MY SCENE brand.

**RESPONSE TO REQUEST NO. 779:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: To the extent not previously produced, Mattel will produce those responsive, non-privileged documents that it was able to locate after a reasonable, good-faith search for and review of files that were reasonably likely to contain responsive documents bearing on the issues in this litigation.

## AMENDED RESPONSE TO REQUEST NO. 779:

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action.  Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based on the foregoing, and without waiving the above general and specific objections, Mattel states that, other than those documents that is has produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel refuses to produce documents in response to this request, apparently standing on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

(C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek advertising materials from a specific advertising agency used by Mattel regarding the "My Scene" products that are central to this dispute

With respect to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices, from serial copying of MGA products, to threatening retailers and suppliers to cease doing business with MGA, to intimidating employees and industry groups in order to prevent MGA from fairly competing.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the

1    extent that Mattel contends that it does, Mattel must provide a privilege log.

2         Mattel objects that the request contains confidential/proprietary/trade secret

3    information.  A Protective Order exists in this case, obviating any concern as to

4    protection of privacy rights and/or commercially sensitive information.

5         Mattel objects that the request is duplicative or subsumed within prior

6    requests but does not identify the allegedly duplicative requests.  Mattel's failure to

7    agree to produce responsive non-privileged documents is not proper based on this

8    objection.

9         Mattel's relevance objection is similarly unfounded.  The request seeks

10   information about Mattel's advertising of its "My Scene" products, an issue central

11   to MGA's claims and defenses.

12        None of Mattel's improper objections are valid and Mattel is obligated to

13   produce all non-privileged responsive documents in its possession, custody, or

14   control.

15

16   **REQUEST FOR PRODUCTION NO. 780:**

17        All DOCUMENTS REFERRING OR RELATING TO a presentation,

18   proposal, bid and/or pitch made by any branding, advertising, or marketing agency

19   to MATTEL in connection with MATTEL'S review and/or selection of an

20   advertising agency for Mattel's MY SCENE brand.

21        **RESPONSE TO REQUEST NO. 780:**

22        In addition to the General Objections stated above which are incorporated

23   herein by reference, Mattel objects to this Request on the grounds that it seeks

24   documents that are not relevant to this action or likely to lead to the discovery of

25   admissible evidence.  Mattel further objects to this Request on the grounds that it

26   is overbroad, oppressive, unduly burdensome and intended to harass and annoy

27   Mattel, including in that it seeks documents on this subject regardless of whether such

28   documents relate to products or matters at issue in this case or time periods at issue

1  in this action.  Mattel further objects to this Request on the grounds that it is

2  cumulative, duplicates prior requests and is harassing.  Mattel further objects to

3  this Request on the grounds that it seeks confidential, proprietary and trade secret

4  information, including such information that has no bearing on the claims or

5  defenses in this case.  Mattel further objects to this Request on the grounds that it is

6  an attempt to circumvent the Discovery Master's May 22, 2007 Order determining

7  that the requested documents are irrelevant and/or that such requests are improper.

8  Mattel further objects to the use of the term "Mattel's MY SCENE" in this context

9  as vague and ambiguous.  Mattel further objects to this Request on the grounds it is

10  convoluted, compound and unintelligible.  Mattel further objects to this Request to the

11  extent that it calls for the disclosure of information subject to the attorney-client

12  privilege, the attorney work-product doctrine and other applicable privileges.

13       Based on the foregoing, and without waiving the above general and

14  specific objections, Mattel states that, other than those documents that is has

15  produced pursuant to other requests, Mattel will not produce documents

16  responsive to this Request.

17

18  **<u>AMENDED RESPONSE TO REQUEST NO. 780:</u>**

19       In addition to the General Objections stated above which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it seeks

21  documents that are not relevant to this action or likely to lead to the discovery

22  of admissible evidence.  Mattel further objects to this Request on the grounds that

23  it is overbroad, oppressive, unduly burdensome and intended to harass and annoy

24  Mattel, including in that it seeks documents on this subject regardless of whether

25  such documents relate to products or matters at issue in this case or time periods at

26  issue in this action.  Mattel further objects to this Request on the grounds that it is

27  cumulative, duplicates prior requests and is harassing.  Mattel further objects to

28  this Request on the grounds that it seeks confidential, proprietary and trade

- 42 -

1 secret information, including such information that has no bearing on the claims

2 or defenses in this case.  Mattel further objects to this Request on the grounds that

3 it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

4 determining that the requested documents are irrelevant and/or that such requests are

5 improper.  Mattel further objects to the use of the term "Mattel's MY SCENE" in

6 this context as vague and ambiguous.  Mattel further objects to this Request on the

7 grounds it is convoluted, compound and unintelligible.  Mattel further objects to this

8 Request to the extent that it calls for the disclosure of information subject to the

9 attorney-client privilege, the attorney work-product doctrine and other applicable

10 privileges.

11      Based on the foregoing, and without waiving the above general and specific

12 objections, Mattel states that, other than those documents that is has produced

13 pursuant to other requests, Mattel will not produce documents responsive to this

14 Request.

15

16 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

17 **SHOULD BE COMPELLED**

18      Mattel refuses to produce documents in response to this request, apparently

19 standing on its improper boilerplate objections.  Under the Federal Rules of Civil

20 Procedure, "an objection to part of a request must specify the part and permit

21 inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

22 explain the basis for an objection with specificity are routinely rejected in the

23 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

24 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

25 and harassing' are improper – especially when a party fails to submit any

26 evidentiary declarations supporting such objections").  Accordingly, Mattel must be

27 compelled either to certify that it has produced all non-privileged responsive

28 documents or to produce all such documents by a date certain.

1    To the extent that Mattel is relying on its blanket objections, they are not

2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required

4    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7    contrary, the request is narrowly tailored to seek advertising, marketing and

8    branding materials, specifically for Mattel's "My Scene" products, which are

9    central to the Phase 2 dispute.

10   With respect to burden, Mattel has not attempted to demonstrate why

11   responding to this request and/or producing responsive documents presents any

12   burden.  This objection must therefore be rejected.  See Jackson v. Montgomery

13   Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that

14   a discovery request is unduly burdensome must allege specific facts which indicate

15   the nature and extent of the burden, usually by affidavit or other reliable evidence.")

16   Moreover, it is not unduly burdensome, as noted above, in that the request is

17   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

18   has engaged in a broad variety of unfair trade practices, from serial copying of

19   MGA products, to threatening retailers and suppliers to cease doing business with

20   MGA, to intimidating employees and industry groups in order to prevent MGA

21   from fairly competing.  MGA is entitled to discovery on these claims.

22   This request does not seek documents protected by the attorney-client

23   privilege, the attorney work product doctrine, or other applicable privileges.  To the

24   extent that Mattel contends that it does, Mattel must provide a privilege log.

25   Mattel objects that the request contains confidential/proprietary/trade secret

26   information.  A Protective Order exists in this case, obviating any concern as to

27   protection of privacy rights and/or commercially sensitive information.

28   Mattel objects that the request is duplicative or subsumed within prior

1 requests but does not identify the allegedly duplicative requests. Mattel's failure to

2 agree to produce responsive non-privileged documents is not proper based on this

3 objection.

4      Mattel's relevance objection is similarly unfounded. The request seeks

5 information about Mattel's advertising of its "My Scene" products, an issue central

6 to MGA's claims and defenses.

7      None of Mattel's improper objections are valid and Mattel is obligated to

8 produce all non-privileged responsive documents in its possession, custody, or

9 control.

10

11 **REQUEST FOR PRODUCTION NO. 781:**

12      All litigation documents filed and/or served by any of the parties in

13 Mattel, Inc. v. Woolbro (Distributors) Ltd, Simba-Toys (Hong Kong) Ltd, Simba

14 Toys GMBH & Co KG, HC 03 CO 2684 (High Court of Justice, Chancery

15 Division), including but not limited to pleadings, motions, briefs, discovery

16 responses, disclosures, and expert reports.

17      **RESPONSE TO REQUEST NO. 781:**

18      In addition to the General Objections stated above which are incorporated

19 herein by reference, Mattel objects to this Request on the grounds that it seeks

20 documents that are not relevant to this action or likely to lead to the discovery

21 of admissible evidence. Mattel further objects to this Request on the grounds

22 that it is overbroad, oppressive, unduly burdensome and intended to harass and

23 annoy Mattel, including in that it seeks documents on this subject regardless of

24 whether such documents relate to products or matters at issue in this case or

25 time periods at issue in this action. Mattel further objects to this Request on the

26 grounds that it is cumulative, duplicates prior requests and is harassing. Mattel

27 further objects to this Request on the grounds and to the extent it seeks

28 documents equally or more available to, or already in the possession, custody or

- 45 -

1    control of defendants.  Mattel further objects to this Request on the grounds that

2    it seeks confidential, proprietary and trade secret information, including such

3    information that has no bearing on the claims or defenses in this case.  Mattel

4    further objects to this Request on the grounds that it is an attempt to circumvent

5    the Discovery Master's May 22, 2007 Order determining that the requested

6    documents are irrelevant and/or that such requests are improper.  Mattel further

7    objects to this Request on the grounds it is convoluted, compound and

8    unintelligible.  Mattel further objects to this Request to the extent that it calls

9    for the disclosure of information subject to the attorney-client privilege, the

10   attorney work-product doctrine and other applicable privileges.

11       Based on the foregoing, and without waiving the above general and

12   specific objections, Mattel states that, other than those documents that is has

13   produced pursuant to other requests, Mattel will not produce documents

14   responsive to this Request.

15   ### AMENDED RESPONSE TO REQUEST NO. 781:

16       In addition to the General Objections stated above which are incorporated

17   herein by reference, Mattel objects to this Request on the grounds that it seeks

18   documents that are not relevant to this action or likely to lead to the discovery of

19   admissible evidence.  Mattel further objects to this Request on the grounds that it is

20   overbroad, oppressive, unduly burdensome and intended to harass and annoy

21   Mattel, including in that it seeks documents on this subject regardless of whether

22   such documents relate to products or matters at issue in this case or time periods at

23   issue in this action.  Mattel further objects to this Request on the grounds that it is

24   cumulative, duplicates prior requests and is harassing.  Mattel further objects to this

25   Request on the grounds and to the extent it seeks documents equally or more

26   available to, or already in the possession, custody or control of defendants.  Mattel

27   further objects to this Request on the grounds that it seeks confidential, proprietary

28   and trade secret information, including such information that has no bearing on the

1   claims or defenses in this case.  Mattel further objects to this Request on the

2   grounds that it is an attempt to circumvent the Discovery Master's May 22, 2007

3   Order determining that the requested documents are irrelevant and/or that such

4   requests are improper.  Mattel further objects to this Request on the grounds it is

5   convoluted, compound and unintelligible.  Mattel further objects to this Request to

6   the extent that it calls for the disclosure of information subject to the attorney-client

7   privilege, the attorney work-product doctrine and other applicable privileges.

8       Based on the foregoing, and without waiving the above general and specific

9   objections, Mattel states that, other than those documents that is has produced

10  pursuant to other requests, Mattel will not produce documents responsive to this

11  Request.

12

13  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

14  **SHOULD BE COMPELLED**

15      Mattel refuses to produce documents in response to this request, resting on its

16  improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an

17  objection to part of a request must specify the part and permit inspection of the

18  rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

19  for an objection with specificity are routinely rejected in the Central District.  See

20  A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

21  ("general or boilerplate objections such as 'overly burdensome and harassing' are

22  improper – especially when a party fails to submit any evidentiary declarations

23  supporting such objections").  Accordingly, Mattel must be compelled either to

24  certify that it has produced all non-privileged responsive documents or to produce

25  all such documents by a date certain.

26      To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28      As to overbreadth, Mattel provides no explanation, let alone the required

1    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

2    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

3    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

4    contrary, the request is narrowly tailored to seek documents concerning a specific

5    litigation involving the "My Scene" products that are the subject of Phase 2 claims

6    and defenses.

7         As to burden, Mattel has not attempted to demonstrate why responding to

8    this request and/or producing responsive documents presents any burden.  This

9    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

10    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11    request is unduly burdensome must allege specific facts which indicate the nature

12    and extent of the burden, usually by affidavit or other reliable evidence.")

13    Moreover, it is not unduly burdensome, as noted above, in that the request is

14    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

15    has engaged in a broad variety of unfair trade practices, from serial copying of

16    MGA products, to threatening retailers and suppliers to cease doing business with

17    MGA, to intimidating employees and industry groups in order to prevent MGA

18    from fairly competing.   MGA is entitled to discovery on these claims.

19         This request does not seek documents protected by the attorney-client

20    privilege, the attorney work product doctrine, or other applicable privileges.  To the

21    extent that Mattel contends that it does, Mattel must provide a privilege log.

22         Mattel objects that the request contains confidential/proprietary/trade secret

23    information.  A Protective Order exists in this case, obviating any concern as to

24    protection of privacy rights and/or commercially sensitive information.

25         Mattel objects that the request is duplicative or subsumed within prior

26    requests but does not identify the allegedly duplicative requests.  Mattel's failure to

27    agree to produce responsive non-privileged documents is not proper based on this

28    objection.

1    Mattel objects that the request is duplicative or subsumed within prior

2    requests but does not identify the allegedly duplicative requests.  Mattel's failure to

3    agree to produce responsive non-privileged documents is not proper based on this

4    objection.

5    Mattel's assertion of intellectual property rights in products that are the

6    subject of Phase 2 against other parties is highly likely to lead to the discovery of

7    admissible evidence.  This request calls out litigation with a particular party that is

8    likely to have involved many similar issues.

9    None of Mattel's improper objections are valid and Mattel is obligated to

10   produce all non-privileged responsive documents in its possession, custody, or

11   control.

12

13   **REQUEST FOR PRODUCTION NO. 782:**

14   MATTEL'S trial presentation materials (including any and all

15   demonstrative exhibits) in <u>Mattel, Inc. v. Woolbro (Distributors) Ltd, Simba-Toys</u>

16   <u>(Hong Kong) Ltd, Simba Toys GMBH & Co KG</u>, HC 03 CO 2684 (High Court of

17   Justice, Chancery Division), including but not limited to Mattel, Inc.'s trial

18   exhibits or presentations relating to similarities and/or differences between the

19   various dolls at issue in said litigation.

20   **RESPONSE TO REQUEST NO. 782:**

21   In addition to the General Objections stated above which are incorporated

22   herein by reference, Mattel objects to this Request on the grounds that it seeks

23   documents that are not relevant to this action or likely to lead to the discovery

24   of admissible evidence.  Mattel further objects to this Request on the grounds

25   that it is overbroad, oppressive, unduly burdensome and intended to harass and

26   annoy Mattel, including in that it seeks documents on this subject regardless of

27   whether such documents relate to products or matters at issue in this case or time

28   periods at issue in this action.  Mattel further objects to this Request on the grounds

- 49 -

1   that it is cumulative, duplicates prior requests and is harassing.  Mattel further

2   objects to this Request on the grounds and to the extent it seeks documents equally

3   or more available to, or already in the possession, custody or control of defendants.

4   Mattel further objects to this Request on the grounds that it seeks confidential,

5   proprietary and trade secret information, including such information that has no

6   bearing on the claims or defenses in this case.  Mattel further objects to this Request

7   on the grounds that it is an attempt to circumvent the Discovery Master's May 22,

8   2007 Order determining that the requested documents are irrelevant and/or that

9   such requests are improper.  Mattel further objects to the use of the terms "trial

10  presentation materials" and "relating to similarities and/or differences" in this

11  context as vague and ambiguous.  Mattel further objects to this Request on the

12  grounds it is convoluted, compound and unintelligible.  Mattel further objects to

13  this Request to the extent that it calls for the disclosure of information subject to the

14  attorney-client privilege, the attorney work-product doctrine and other applicable

15  privileges.

16      Based on the foregoing, and without waiving the above general and specific

17  objections, Mattel states that, other than those documents that is has produced

18  pursuant to other requests, Mattel will not produce documents responsive to this

19  Request.

20      **AMENDED RESPONSE TO REQUEST NO. 782:**

21      In addition to the General Objections stated above which are incorporated

22  herein by reference, Mattel objects to this Request on the grounds that it seeks

23  documents that are not relevant to this action or likely to lead to the discovery of

24  admissible evidence.  Mattel further objects to this Request on the grounds that it is

25  overbroad, oppressive, unduly burdensome and intended to harass and annoy

26  Mattel, including in that it seeks documents on this subject regardless of whether

27  such documents relate to products or matters at issue in this case or time periods at

28  issue in this action.  Mattel further objects to this Request on the grounds that it is

cumulative, duplicates prior requests and is harassing.  Mattel further objects to this

Request on the grounds and to the extent it seeks documents equally or more

available to, or already in the possession, custody or control of defendants.  Mattel

further objects to this Request on the grounds that it seeks confidential, proprietary

and trade secret information, including such information that has no bearing on the

claims or defenses in this case.  Mattel further objects to this Request on the

grounds that it is an attempt to circumvent the Discovery Master's May 22, 2007

Order determining that the requested documents are irrelevant and/or that such

requests are improper.  Mattel further objects to the use of the terms "trial

presentation materials" and "relating to similarities and/or differences" in this

context as vague and ambiguous.  Mattel further objects to this Request on the

grounds it is convoluted, compound and unintelligible.  Mattel further objects to

this Request to the extent that it calls for the disclosure of information subject to the

attorney-client privilege, the attorney work-product doctrine and other applicable

privileges.

Based on the foregoing, and without waiving the above general and specific

objections, Mattel states that, other than those documents that is has produced

pursuant to other requests, Mattel will not produce documents responsive to this

Request.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel refuses to produce documents in response to this request, resting on its

improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an

objection to part of a request must specify the part and permit inspection of the

rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

for an objection with specificity are routinely rejected in the Central District.  See

A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

1  ("general or boilerplate objections such as 'overly burdensome and harassing' are

2  improper – especially when a party fails to submit any evidentiary declarations

3  supporting such objections").  Accordingly, Mattel must be compelled either to

4  certify that it has produced all non-privileged responsive documents or to produce

5  all such documents by a date certain.

6      To the extent that Mattel is relying on its blanket objections, they are not

7  sustainable and do not justify Mattel's failure to produce documents.

8      As to overbreadth, Mattel provides no explanation, let alone the required

9  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

10  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

11  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

12  contrary, the request is narrowly tailored to seek documents concerning a specific

13  litigation involving the "My Scene" products that are the subject of Phase 2 claims

14  and defenses.

15      As to burden, Mattel has not attempted to demonstrate why responding to

16  this request and/or producing responsive documents presents any burden.  This

17  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

18  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.")

21  Moreover, it is not unduly burdensome, as noted above, in that the request is

22  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23  has engaged in a broad variety of unfair trade practices, from serial copying of

24  MGA products, to threatening retailers and suppliers to cease doing business with

25  MGA, to intimidating employees and industry groups in order to prevent MGA

26  from fairly competing.   MGA is entitled to discovery on these claims.

27      This request does not seek documents protected by the attorney-client

28  privilege, the attorney work product doctrine, or other applicable privileges.  To the

1   extent that Mattel contends that it does, Mattel must provide a privilege log.

2        Mattel objects that the request contains confidential/proprietary/trade secret

3   information.  A Protective Order exists in this case, obviating any concern as to

4   protection of privacy rights and/or commercially sensitive information.

5        Mattel objects that the request is duplicative or subsumed within prior

6   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

7   agree to produce responsive non-privileged documents is not proper based on this

8   objection.

9        Mattel objects that the request is duplicative or subsumed within prior

10  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

11  agree to produce responsive non-privileged documents is not proper based on this

12  objection.

13       Mattel's assertion of intellectual property rights in products that are the

14  subject of Phase 2 against other parties is highly likely to lead to the discovery of

15  admissible evidence.  This request calls out litigation with a particular party that is

16  likely to have involved many similar issues.

17       None of Mattel's improper objections are valid and Mattel is obligated to

18  produce all non-privileged responsive documents in its possession, custody, or

19  control.

20

21  **REQUEST FOR PRODUCTION NO. 783:**

22       Documents identified as Exhibits 31, 32, 33, and 34 in the "Index to Bundle

23  6 Claimant's Disclosure" (M0097406- M0097408) in <u>Mattel, Inc. v. Woolbro</u>

24  <u>(Distributors) Ltd. Simba Toys (Hong Kong) Ltd. Simba Toys GMBH Co KG</u>, HC

25  03 CO 2684 (High Court of Justice, Chancery Division).

26       **RESPONSE TO REQUEST NO. 783:**

27       In addition to the General Objections stated above which are incorporated

28  herein by reference, Mattel objects to this Request on the grounds that it seeks

1   documents that are not relevant to this action or likely to lead to the discovery of

2   admissible evidence.  Mattel further objects to this Request on the grounds that it

3   is overbroad, oppressive, unduly burdensome and intended to harass and annoy

4   Mattel, including in that it seeks documents on this subject regardless of whether such

5   documents relate to products or matters at issue in this case or time periods at issue

6   in this action.  Mattel further objects to this Request on the grounds that it is an

7   attempt to circumvent the Discovery Master's May 22, 2007 Order determining that

8   the requested documents are irrelevant and/or that such requests are improper.  Mattel

9   further objects to this Request on the grounds that it is cumulative, duplicates prior

10  requests and is harassing.  Mattel further objects to this Request on the grounds and

11  to the extent it seeks documents equally or more available to, or already in the

12  possession, custody or control of defendants.  Mattel further objects to this Request to

13  the extent that it calls for the disclosure of information subject to the attorney-client

14  privilege, the attorney work-product doctrine and other applicable privileges.

15      Based on the foregoing, and without waiving the above general and specific

16  objections, Mattel states that, other than those documents that is has produced

17  pursuant to other requests, Mattel will not produce documents responsive to this

18  Request.

19      **<u>AMENDED RESPONSE TO REQUEST NO. 783:</u>**

20      In addition to the General Objections stated above which are incorporated

21  herein by reference, Mattel objects to this Request on the grounds that it seeks

22  documents that are not relevant to this action or likely to lead to the discovery of

23  admissible evidence.  Mattel further objects to this Request on the grounds that it

24  is overbroad, oppressive, unduly burdensome and intended to harass and annoy

25  Mattel, including in that it seeks documents on this subject regardless of whether

26  such documents relate to products or matters at issue in this case or time periods at

27  issue in this action.  Mattel further objects to this Request on the grounds that it

28  is an attempt to circumvent the Discovery Master's May 22, 2007 Order

1   determining that the requested documents are irrelevant and/or that such requests are

2   improper.  Mattel further objects to this Request on the grounds that it is cumulative,

3   duplicates prior requests and is harassing.  Mattel further objects to this Request

4   on the grounds and to the extent it seeks documents equally or more available to, or

5   already in the possession, custody or control of defendants.  Mattel further objects to

6   this Request to the extent that it calls for the disclosure of information subject to the

7   attorney-client privilege, the attorney work-product doctrine and other

8   applicable privileges.

9       Based on the foregoing, and without waiving the above general and

10   specific objections, Mattel states that, other than those documents that is has

11   produced pursuant to other requests, Mattel will not produce documents

12   responsive to this Request.

13

14   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

15

16       Mattel refuses to produce documents in response to this request, resting on its

17   improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an

18   objection to part of a request must specify the part and permit inspection of the

19   rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

20   for an objection with specificity are routinely rejected in the Central District.  <u>See</u>

21   <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

22   ("general or boilerplate objections such as 'overly burdensome and harassing' are

23   improper – especially when a party fails to submit any evidentiary declarations

24   supporting such objections").  Accordingly, Mattel must be compelled either to

25   certify that it has produced all non-privileged responsive documents or to produce

26   all such documents by a date certain.

27       To the extent that Mattel is relying on its blanket objections, they are not

28   sustainable and do not justify Mattel's failure to produce documents.

1    As to overbreadth, Mattel provides no explanation, let alone the required

2  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5  contrary, the request is narrowly tailored to seek documents concerning a specific

6  litigation involving the "My Scene" products that are the subject of Phase 2 claims

7  and defenses.

8    As to burden, Mattel has not attempted to demonstrate why responding to

9  this request and/or producing responsive documents presents any burden.  This

10 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

11 Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12 request is unduly burdensome must allege specific facts which indicate the nature

13 and extent of the burden, usually by affidavit or other reliable evidence.")

14 Moreover, it is not unduly burdensome, as noted above, in that the request is

15 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16 has engaged in a broad variety of unfair trade practices, from serial copying of

17 MGA products, to threatening retailers and suppliers to cease doing business with

18 MGA, to intimidating employees and industry groups in order to prevent MGA

19 from fairly competing.   MGA is entitled to discovery on these claims.

20    This request does not seek documents protected by the attorney-client

21 privilege, the attorney work product doctrine, or other applicable privileges.  To the

22 extent that Mattel contends that it does, Mattel must provide a privilege log.

23    Mattel objects that the request contains confidential/proprietary/trade secret

24 information.  A Protective Order exists in this case, obviating any concern as to

25 protection of privacy rights and/or commercially sensitive information.

26    Mattel objects that the request is duplicative or subsumed within prior

27 requests but does not identify the allegedly duplicative requests.  Mattel's failure to

28 agree to produce responsive non-privileged documents is not proper based on this

1    objection.

2         Mattel objects that the request is duplicative or subsumed within prior

3    requests but does not identify the allegedly duplicative requests.  Mattel's failure to

4    agree to produce responsive non-privileged documents is not proper based on this

5    objection.

6         Mattel's assertion of intellectual property rights in products that are the

7    subject of Phase 2 against other parties is highly likely to lead to the discovery of

8    admissible evidence.  This request calls out litigation with a particular party that is

9    likely to have involved many similar issues.

10        None of Mattel's improper objections are valid and Mattel is obligated to

11   produce all non-privileged responsive documents in its possession, custody, or

12   control.

13

14   **REQUEST FOR PRODUCTION NO. 784:**

15        All transcripts for each day and/or portion of a day of trial and/or analogous

16   proceeding before the court in <u>Mattel, Inc. v. Woolbro (Distributors) Ltd. Simba-</u>

17   <u>Toys (Hong Kong) Ltd. Simba Toys GMBH & Co KG</u>, HC 03 CO 2684 (High

18   Court of Justice, Chancery Division).

19        **RESPONSE TO REQUEST NO. 784:**

20        In addition to the General Objections stated above which are incorporated

21   herein by reference, Mattel objects to this Request on the grounds that it seeks

22   documents that are not relevant to this action or likely to lead to the discovery of

23   admissible evidence.  Mattel further objects to this Request on the grounds that it is

24   overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel,

25   including in that it seeks documents on this subject regardless of whether such

26   documents relate to products or matters at issue in this case or time periods at issue

27   in this action.  Mattel further objects to this Request on the grounds that it is an

28   attempt to circumvent the Discovery Master's May 22, 2007 Order determining that

                              - 57 -

1   the requested documents are irrelevant and/or that such requests are improper.  Mattel

2   further objects to this Request on the grounds that it is cumulative, duplicates prior

3   requests and is harassing.  Mattel further objects to this Request on the grounds and

4   to the extent it seeks documents equally or more available to, or already in the

5   possession, custody or control of defendants.  Mattel further objects to the use of the

6   term "and/or analogous proceeding" in this context as vague and ambiguous.

7   Mattel further objects to this Request to the extent that it calls for the disclosure of

8   information subject to the attorney-client privilege, the attorney work-product

9   doctrine and other applicable privileges.

10       Based on the foregoing, and without waiving the above general and specific

11   objections, Mattel states that, other than those documents that is has produced

12   pursuant to other requests, Mattel will not produce documents responsive to this

13   Request.

14       **<u>AMENDED RESPONSE TO REQUEST NO. 784:</u>**

15       In addition to the General Objections stated above which are incorporated

16   herein by reference, Mattel objects to this Request on the grounds that it seeks

17   documents that are not relevant to this action or likely to lead to the discovery of

18   admissible evidence.  Mattel further objects to this Request on the grounds that

19   it is overbroad, oppressive, unduly burdensome and intended to harass and annoy

20   Mattel, including in that it seeks documents on this subject regardless of whether

21   such documents relate to products or matters at issue in this case or time periods at

22   issue in this action.  Mattel further objects to this Request on the grounds that it is

23   an attempt to circumvent the Discovery Master's May 22, 2007 Order determining

24   that the requested documents are irrelevant and/or that such requests are improper.

25   Mattel further objects to this Request on the grounds that it is cumulative, duplicates

26   prior requests and is harassing.  Mattel further objects to this Request on the

27   grounds and to the extent it seeks documents equally or more available to, or

28   already in the possession, custody or control of defendants.  Mattel further objects to

1  the use of the term "and/or analogous proceeding" in this context as vague and

2  ambiguous.  Mattel further objects to this Request to the extent that it calls for the

3  disclosure of information subject to the attorney-client privilege, the attorney

4  work-product doctrine and other applicable privileges.

5    Based on the foregoing, and without waiving the above general and

6  specific objections, Mattel states that, other than those documents that is has

7  produced pursuant to other requests, Mattel will not produce documents

8  responsive to this Request.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
   **SHOULD BE COMPELLED**

11

12    Mattel refuses to produce documents in response to this request, resting on its

13  improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an

14  objection to part of a request must specify the part and permit inspection of the

15  rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

16  for an objection with specificity are routinely rejected in the Central District.  See

17  A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

18  ("general or boilerplate objections such as 'overly burdensome and harassing' are

19  improper – especially when a party fails to submit any evidentiary declarations

20  supporting such objections").  Accordingly, Mattel must be compelled either to

21  certify that it has produced all non-privileged responsive documents or to produce

22  all such documents by a date certain.

23    To the extent that Mattel is relying on its blanket objections, they are not

24  sustainable and do not justify Mattel's failure to produce documents.

25    As to overbreadth, Mattel provides no explanation, let alone the required

26  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

27  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

28  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

1   contrary, the request is narrowly tailored to seek documents concerning a specific

2   litigation involving the "My Scene" products that are the subject of Phase 2 claims

3   and defenses.

4        As to burden, Mattel has not attempted to demonstrate why responding to

5   this request and/or producing responsive documents presents any burden.  This

6   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8   request is unduly burdensome must allege specific facts which indicate the nature

9   and extent of the burden, usually by affidavit or other reliable evidence.")

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

12  has engaged in a broad variety of unfair trade practices, from serial copying of

13  MGA products, to threatening retailers and suppliers to cease doing business with

14  MGA, to intimidating employees and industry groups in order to prevent MGA

15  from fairly competing.   MGA is entitled to discovery on these claims.

16       This request does not seek documents protected by the attorney-client

17  privilege, the attorney work product doctrine, or other applicable privileges.  To the

18  extent that Mattel contends that it does, Mattel must provide a privilege log.

19       Mattel objects that the request contains confidential/proprietary/trade secret

20  information.  A Protective Order exists in this case, obviating any concern as to

21  protection of privacy rights and/or commercially sensitive information.

22       Mattel objects that the request is duplicative or subsumed within prior

23  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

24  agree to produce responsive non-privileged documents is not proper based on this

25  objection.

26       Mattel objects that the request is duplicative or subsumed within prior

27  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

28  agree to produce responsive non-privileged documents is not proper based on this

1    objection.

2        Mattel's assertion of intellectual property rights in products that are the

3    subject of Phase 2 against other parties is highly likely to lead to the discovery of

4    admissible evidence.  This request calls out litigation with a particular party that is

5    likely to have involved many similar issues.

6        None of Mattel's improper objections are valid and Mattel is obligated to

7    produce all non-privileged responsive documents in its possession, custody, or

8    control.

9

10   **REQUEST FOR PRODUCTION NO. 786:**

11       All DOCUMENTS REFERRING OR RELATING TO the Young and

12   Rubicam Brand Asset Valuator, or any other valuation of the BARBIE, MY

13   SCENE or BRATZ brand.

14       **RESPONSE TO REQUEST NO. 786:**

15       In addition to the General Objections stated above which are incorporated

16   herein by reference, Mattel objects to this Request on the grounds that it seeks

17   documents that are not relevant to this action or likely to lead to the discovery of

18   admissible evidence.  Mattel further objects to this Request on the grounds that it is

19   overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel,

20   including in that it seeks documents on this subject regardless of whether such

21   documents relate to products or matters at issue in this case or time periods at issue

22   in this action.  Mattel further objects to this Request on the grounds that it is

23   cumulative, duplicates prior requests and is harassing.  Mattel further objects to

24   this Request on the grounds that it seeks confidential, proprietary and trade secret

25   information, including such information that has no bearing on the claims or

26   defenses in this case.  Mattel further objects to this Request on the grounds that it is

27   an attempt to circumvent the Discovery Master's May 22, 2007 Order determining

28   that the requested documents are irrelevant and/or that such requests are improper.

1   Mattel further objects to the use of the term "Young and Rubicam Brand Asset

2   Valuator" in this context as vague and ambiguous.  Mattel further objects to this

3   Request on the grounds it is convoluted, compound and unintelligible.  Mattel

4   further objects to this Request to the extent that it calls for the disclosure of

5   information subject to the attorney-client privilege, the attorney work-product

6   doctrine and other applicable privileges.

7         Based on the foregoing, and without waiving the above general and specific

8   objections, Mattel states that, other than those documents that is has produced

9   pursuant to other requests, Mattel will not produce documents responsive to this

10  Request.

11         **AMENDED RESPONSE TO REQUEST NO. 786:**

12         In addition to the General Objections stated above which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it seeks

14  documents that are not relevant to this action or likely to lead to the discovery

15  of admissible evidence.  Mattel further objects to this Request on the grounds that

16  it is overbroad, oppressive, unduly burdensome and intended to harass and annoy

17  Mattel, including in that it seeks documents on this subject regardless of whether

18  such documents relate to products or matters at issue in this case or time periods at

19  issue in this action.  Mattel further objects to this Request on the grounds that it is

20  cumulative, duplicates prior requests and is harassing.  Mattel further objects to

21  this Request on the grounds that it seeks confidential, proprietary and trade

22  secret information, including such information that has no bearing on the claims

23  or defenses in this case.  Mattel further objects to this Request on the grounds that

24  it is an attempt to circumvent the Discovery Master's May 22, 2007 Order

25  determining that the requested documents are irrelevant and/or that such requests are

26  improper.  Mattel further objects to the use of the term "Young and Rubicam Brand

27  Asset Valuator" in this context as vague and ambiguous.  Mattel further objects

28  to this Request on the grounds it is convoluted, compound and unintelligible.

1   Mattel further objects to this Request to the extent that it calls for the disclosure

2   of information subject to the attorney-client privilege, the attorney work-product

3   doctrine and other applicable privileges.

4        Based on the foregoing, and without waiving the above general and

5   specific objections, Mattel states that, other than those documents that is has

6   produced pursuant to other requests, Mattel will not produce documents responsive

7   to this Request.

8

9   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

10   **SHOULD BE COMPELLED**

11        Mattel has not agreed to produce documents in response to this request,

12   subject to its improper boilerplate objections.  Mattel has refused to confirm

13   whether or not it has produced all non-privileged responsive documents or whether

14   it is withholding documents based on its objections in Phase 2.  Under the Federal

15   Rules of Civil Procedure, "an objection to part of a request must specify the part

16   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

17   that fail to explain the basis for an objection with specificity are routinely rejected

18   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

19   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

20   burdensome and harassing' are improper – especially when a party fails to submit

21   any evidentiary declarations supporting such objections").  Accordingly, Mattel

22   must be compelled either to certify that it has produced all non-privileged

23   responsive documents or to produce all such documents by a date certain.

24        To the extent that Mattel is relying on its blanket objections, they are not

25   sustainable and do not justify Mattel's failure to produce documents.

26        As to overbreadth, Mattel provides no explanation, let alone the required

27   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

28   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

1    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2    contrary, the request is narrowly tailored to seek documents concerning valuation of

3    Barbie, MY SCENE or BRATZ brands.

4        As to burden, Mattel has not attempted to demonstrate why responding to

5    this request and/or producing responsive documents presents any burden.  This

6    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8    request is unduly burdensome must allege specific facts which indicate the nature

9    and extent of the burden, usually by affidavit or other reliable evidence.")

10   Moreover, it is not unduly burdensome, as noted above, in that the request is

11   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

12   has engaged in a broad variety of unfair trade practices including serial copying of

13   MGA products, dilution, and unfair competition.  MGA is entitled to discovery on

14   these claims.

15       This request does not seek documents protected by the attorney-client

16   privilege, the attorney work product doctrine, or other applicable privileges.  To the

17   extent that Mattel contends that it does, Mattel must provide a privilege log.

18       Mattel objects that the request contains confidential, proprietary and trade

19   secret information.  A Protective Order exists in this case, obviating any concern as

20   to protection of privacy rights and/or commercially sensitive information.

21       Mattel objects that the request is duplicative or subsumed within prior

22   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

23   agree to produce responsive non-privileged documents is not proper based on this

24   objection.

25       Mattel's objection that this Request is an attempt to circumvent the

26   Discovery Master's May 22, 2007 order is unwarranted.  That order is inapposite to

27   this Request, which is much narrower than those considered irrelevant and/or

28   improper by the court.  This request is narrowly tailored to documents regarding

1   one specific topic, namely valuation of "MY SCENE," "Barbie," and BRATZ.

2          As for relevancy, Mattel has not attempted to demonstrate why the

3   information sought in response to this request is not discoverable in phase 2 . On

4   the contrary, MGA has an unfair competition claim based on Mattel's serial

5   copying of MGA products.  Mattel's "MY SCENE" is an example of one

6   such accused Mattel product line.  MGA has alleged that Mattel's acts were

7   intentional and willful.  Documents related to valuation of "MY SCENE,"

8   "Barbie," and BRATZ are highly relevant to MGA's claims and defenses, including

9   MGA's claims that when Mattel's products began to fail, it began to copy MGA's

10  successful products and are discoverable in Phase 2.

11          None of Mattel's improper objections are valid and Mattel is obligated to

12  produce all non-privileged responsive documents in its possession, custody, or

13  control.

14

15  **REQUEST FOR PRODUCTION NO. 787:**

16          All DOCUMENTS REFERRING OR RELATING to any survey, focus

17  group, consumer research or other market research (whether conducted by

18  MATTEL or any third party) concerning MY SCENE, BRATZ, or BARBIE,

19  including but not limited to the focus groups discussed on page 114 of the

20  deposition of Kumi Croom and the consumer research conducted by Mattel

21  Worldwide Consumer Research group (or any third party) discussed beginning on

22  page 132 of the deposition of Kumi Croom.

23          **RESPONSE TO REQUEST NO. 787:**

24          In addition to the General Objections stated above which are incorporated

25  herein by reference, Mattel objects to this Request on the grounds that it seeks

26  documents that are not relevant to this action or likely to lead to the discovery of

27  admissible evidence.  Mattel further objects to this Request on the grounds that it is

28  overbroad, oppressive, unduly burdensome and intended to harass and annoy

1  Mattel, including in that it seeks documents on this subject regardless of whether

2  such documents relate to products or matters at issue in this case or time periods at

3  issue in this action.  Mattel further objects to this Request on the grounds that it is

4  cumulative, duplicates prior requests and is harassing.  Mattel further objects to this

5  Request on the grounds that it seeks confidential, proprietary and trade secret

6  information, including such information that has no bearing on the claims or

7  defenses in this case.  Mattel further objects to this Request on the grounds that it is

8  an attempt to circumvent the Discovery Master's May 22, 2007 Order determining

9  that the requested documents are irrelevant and/or that such requests are improper.

10  Mattel further objects to the use of the term "survey, focus group, consumer

11  research or other market research" in this context as vague and ambiguous.  Mattel

12  further objects to this Request on the grounds it is convoluted, compound and

13  unintelligible.  Mattel further objects to this Request to the extent that it calls for

14  the disclosure of information subject to the attorney-client privilege, the

15  attorney work-product doctrine and other applicable privileges.

16      Based on the foregoing, and without waiving the above general and

17  specific objections, Mattel states that, other than those documents that is has

18  produced pursuant to other requests, Mattel will not produce documents

19  responsive to this Request.

20      **AMENDED RESPONSE TO REQUEST NO. 787:**

21      In addition to the General Objections stated above which are incorporated

22  herein by reference, Mattel objects to this Request on the grounds that it seeks

23  documents that are not relevant to this action or likely to lead to the discovery of

24  admissible evidence.  Mattel further objects to this Request on the grounds that it is

25  overbroad, oppressive, unduly burdensome and intended to harass and annoy

26  Mattel, including in that it seeks documents on this subject regardless of whether

27  such documents relate to products or matters at issue in this case or time periods at

28  issue in this action.  Mattel further objects to this Request on the grounds that it is

1  cumulative, duplicates prior requests and is harassing.  Mattel further objects to this

2  Request on the grounds that it seeks confidential, proprietary and trade secret

3  information, including such information that has no bearing on the claims or

4  defenses in this case.  Mattel further objects to this Request on the grounds that it is

5  an attempt to circumvent the Discovery Master's May 22, 2007 Order determining

6  that the requested documents are irrelevant and/or that such requests are improper.

7  Mattel further objects to the use of the term "survey, focus group, consumer

8  research or other market research" in this context as vague and ambiguous.  Mattel

9  further objects to this Request on the grounds it is convoluted, compound and

10  unintelligible.  Mattel further objects to this Request to the extent that it calls for the

11  disclosure of information subject to the attorney-client privilege, the attorney

12  work-product doctrine and other applicable privileges.

13     Based on the foregoing, and without waiving the above general and specific

14  objections, Mattel states that, other than those documents that is has produced

15  pursuant to other requests, Mattel will not produce documents responsive to this

16  Request.

17

18   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

19

20     Mattel has not agreed to produce documents in response to this request,

21  subject to its improper boilerplate objections.  Mattel has refused to confirm

22  whether or not it has produced all non-privileged responsive documents or whether

23  it is withholding documents based on its objections in Phase 2.  Under the Federal

24  Rules of Civil Procedure, "an objection to part of a request must specify the part

25  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

26  that fail to explain the basis for an objection with specificity are routinely rejected

27  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

28  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

1   burdensome and harassing' are improper – especially when a party fails to submit

2   any evidentiary declarations supporting such objections").  Accordingly, Mattel

3   must be compelled either to certify that it has produced all non-privileged

4   responsive documents or to produce all such documents by a date certain.

5        To the extent that Mattel is relying on its blanket objections, they are not

6   sustainable and do not justify Mattel's failure to produce documents.

7        As to overbreadth, Mattel provides no explanation, let alone the required

8   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

9   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

11  contrary, the request is narrowly tailored to seek documents regarding surveys,

12  focus groups, consumer research or other market research concerning My Scene,

13  Bratz or Barbie.

14       As to burden, Mattel has not attempted to demonstrate why responding to

15  this request and/or producing responsive documents presents any burden.  This

16  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

17  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.")

20  Moreover, it is not unduly burdensome, as noted above, in that the request is

21  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

22  has engaged in various unfair trade practices, from serial copying of MGA

23  products, to threatening retailers and suppliers to cease doing business with MGA,

24  to intimidating employees and industry groups in order to prevent MGA from fairly

25  competing, and Mattel's market research practices regarding Barbie and her

26  competitors, including Bratz, is directly relevant to these claims.  Mattel has also

27  accused MGA of copyright infringement, RICO violations, misappropriation of

28  trade secrets, intentional interference with contract, aiding and abetting breach of

fiduciary duty and duty of loyalty, conversion, and unfair competition, largely based on Mattel's theory that MGA induced former Mattel employees to steal confidential market research from Mattel.  Evidence of what market research Mattel possessed, and when it was obtained, is therefore directly relevant to these claims by Mattel.

Mattel objects that the request is duplicative or subsumed within prior requests but does not identify the allegedly duplicative requests.  Mattel's failure to agree to produce responsive non-privileged documents is not proper based on this objection.

Mattel objects that the request contains confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel cites to the May 22, 2007 order, but that order is inapposite to this request, which is much narrower than those considered irrelevant and/or improper by the court.  Specifically, the request is narrowly tailored to documents regarding surveys, focus groups, consumer research or other market research concerning three specific product lines, namely My Scene, Bratz and Barbie.

The terms "survey, focus group, consumer research or other market research" are well known and commonly used industry terms, and are in no way vague or ambiguous.  Mattel also fails to explain *how* these basic terms are vague or ambiguous. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  Similarly, Mattel's objection that this straight-forward and clearly worded request is "convoluted, compound and unintelligible" is unexplained, lacks any basis, and is improper.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

- 69 -

1    None of Mattel's improper objections are valid and Mattel is obligated to
2    produce all non-privileged responsive documents in its possession, custody, or
3    control.

4

5    **REQUEST FOR PRODUCTION NO. 788:**

6    All ad test reports (or other similar reports evaluating the efficacy of
7    advertising) regarding any MY SCENE or BRATZ product, including but not
8    limited to the ad test reports referenced on pages 118-129 of the deposition of
9    Kumi Croom.

10    **RESPONSE TO REQUEST NO. 788:**

11    In addition to the General Objections stated above which are incorporated
12    herein by reference, Mattel objects to this Request on the grounds that it seeks
13    documents that are not relevant to this action or likely to lead to the discovery
14    of admissible evidence.  Mattel further objects to this Request on the grounds
15    that it is overbroad, oppressive, unduly burdensome and intended to harass and
16    annoy Mattel, including in that it seeks documents on this subject regardless of
17    whether such documents relate to products or matters at issue in this case or
18    time periods at issue in this action.  Mattel further objects to this Request on the
19    grounds that it is cumulative, duplicates prior requests and is harassing.  Mattel
20    further objects to this Request on the grounds that it seeks confidential,
21    proprietary and trade secret information, including such information that has no
22    bearing on the claims or defenses in this case.  Mattel further objects to this
23    Request on the grounds that it is an attempt to circumvent the Discovery Master's
24    May 22, 2007 Order determining that the requested documents are irrelevant and/or
25    that such requests are improper.  Mattel further objects to the use of the term "ad
26    test reports (or other similar reports evaluating the efficacy of advertising)" in
27    this context as vague and ambiguous.  Mattel further objects to this Request on
28    the grounds it is convoluted, compound and unintelligible.  Mattel further

1   objects to this Request to the extent that it calls for the disclosure of

2   information subject to the attorney-client privilege, the attorney work-product

3   doctrine and other applicable privileges.

4       Based on the foregoing, and without waiving the above general and

5   specific objections, Mattel states that, other than those documents that is has

6   produced pursuant to other requests, Mattel will not produce documents

7   responsive to this Request.

8           **AMENDED RESPONSE TO REQUEST NO. 788:**

9       In addition to the General Objections stated above which are incorporated

10  herein by reference, Mattel objects to this Request on the grounds that it seeks

11  documents that are not relevant to this action or likely to lead to the discovery of

12  admissible evidence.  Mattel further objects to this Request on the grounds that it is

13  overbroad, oppressive, unduly burdensome and intended to harass and annoy

14  Mattel, including in that it seeks documents on this subject regardless of whether

15  such documents relate to products or matters at issue in this case or time periods at

16  issue in this action.  Mattel further objects to this Request on the grounds that it is

17  cumulative, duplicates prior requests and is harassing.  Mattel further objects to this

18  Request on the grounds that it seeks confidential, proprietary and trade secret

19  information, including such information that has no bearing on the claims or

20  defenses in this case.  Mattel further objects to this Request on the grounds that it is

21  an attempt to circumvent the Discovery Master's May 22, 2007 Order determining

22  that the requested documents are irrelevant and/or that such requests are improper.

23  Mattel further objects to the use of the term "ad test reports (or other similar reports

24  evaluating the efficacy of advertising)" in this context as vague and ambiguous.

25  Mattel further objects to this Request on the grounds it is convoluted, compound

26  and unintelligible.  Mattel further objects to this Request to the extent that it calls

27  for the disclosure of information subject to the attorney-client privilege, the

28  attorney work-product doctrine and other applicable privileges.

1     Based on the foregoing, and without waiving the above general and specific

2     objections, Mattel states that, other than those documents that is has produced

3     pursuant to other requests, Mattel will not produce documents responsive to this

4     Request.

5

6     **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
7     SHOULD BE COMPELLED**

8     Mattel has not agreed to produce documents in response to this request,

9     subject to its improper boilerplate objections.  Mattel has refused to confirm

10    whether or not it has produced all non-privileged responsive documents or whether

11    it is withholding documents based on its objections in Phase 2.  Under the Federal

12    Rules of Civil Procedure, "an objection to part of a request must specify the part

13    and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

14    that fail to explain the basis for an objection with specificity are routinely rejected

15    in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

16    188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

17    burdensome and harassing' are improper – especially when a party fails to submit

18    any evidentiary declarations supporting such objections").  Accordingly, Mattel

19    must be compelled either to certify that it has produced all non-privileged

20    responsive documents or to produce all such documents by a date certain.

21    To the extent that Mattel is relying on its blanket objections, they are not

22    sustainable and do not justify Mattel's failure to produce documents.

23    As to overbreadth, Mattel provides no explanation, let alone the required

24    particularity, as to **why** this request is supposedly overly broad, nor can it do so.

25    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

26    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

27    contrary, the request is narrowly tailored to seek ad test reports, or other similar

28    reports evaluating the efficacy of advertising, regarding any My Scene or Bratz

1  product.

2        As to burden, Mattel has not attempted to demonstrate why responding to

3  this request and/or producing responsive documents presents any burden.  This

4  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

5  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

6  request is unduly burdensome must allege specific facts which indicate the nature

7  and extent of the burden, usually by affidavit or other reliable evidence.")

8  Moreover, it is not unduly burdensome, as noted above, in that the request is

9  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

10  has engaged in various unfair trade practices, from serial copying of MGA

11  products, to threatening retailers and suppliers to cease doing business with MGA,

12  to intimidating employees and industry groups in order to prevent MGA from fairly

13  competing, and Mattel's ad test reports and other reports evaluating the efficacy of

14  Mattel's advertising regarding Mattel's infringing My Scene products and MGA's

15  Bratz is directly relevant to these claims.  Mattel has also accused MGA of

16  copyright infringement, RICO violations, misappropriation of trade secrets,

17  intentional interference with contract, aiding and abetting breach of fiduciary duty

18  and duty of loyalty, conversion, and unfair competition, largely based on Mattel's

19  theory that MGA induced former Mattel employees to steal confidential market

20  research from Mattel.  Evidence of what ad test reports and other such reports

21  Mattel possessed, and when it was obtained, is therefore directly relevant to these

22  claims by Mattel.

23        Mattel objects that the request is duplicative or subsumed within prior

24  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

25  agree to produce responsive non-privileged documents is not proper based on this

26  objection.

27        Mattel objects that the request contains confidential, proprietary and trade

28  secret information.  A Protective Order exists in this case, obviating any concern as

1   to protection of privacy rights and/or commercially sensitive information.

2          Mattel cites to the May 22, 2007 order, but that order is inapposite to this

3   request, which is much narrower than those considered irrelevant and/or improper

4   by the court.  Specifically, the request is narrowly tailored to seek ad test reports,

5   or other similar reports evaluating the efficacy of advertising, regarding My

6   Scene or Bratz products.

7          The term "ad test reports" is a well known and commonly used industry term,

8   and are in no way vague or ambiguous.  Similarly, the request for "other similar

9   reports evaluating the efficacy of advertising," is clear and straight forward, and is

10  in no way vague or ambiguous.  Mattel also fails to explain ***how*** these basic terms

11  are vague or ambiguous. This objection is therefore improper.  Order No. 17, dated

12  April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski

13  Decl. Ex. 58.  Similarly, Mattel's objection that this straight-forward and clearly

14  worded request is "convoluted, compound and unintelligible" is unexplained, lacks

15  any basis, and is improper.

16         This request does not seek documents protected by the attorney-client

17  privilege, the attorney work product doctrine, or other applicable privileges.  To the

18  extent that Mattel contends that it does, Mattel must provide a privilege log.

19         None of Mattel's improper objections are valid and Mattel is obligated to

20  produce all non-privileged responsive documents in its possession, custody, or

21  control.

22

23  **REQUEST FOR PRODUCTION NO. 789:**

24         All DOCUMENTS REFERRING OR RELATING TO any investigation

25  or surveillance of MGA, BRATZ, Carter Bryant, any member of Carter

26  Bryant's family, Isaac Larian, any member of Isaac Larian's family, Jeanne

27

28

1  Galvano, or Richard Irmen, including but not limited to all investigative files,

2  reports and summaries.

3    **RESPONSE TO REQUEST NO. 789:**

4    In addition to the General Objections stated above which are incorporated

5  herein by reference, Mattel objects to this Request on the grounds that it seeks

6  documents that are not relevant to this action or likely to lead to the discovery

7  of admissible evidence.  Mattel further objects to this Request on the grounds

8  that it is overbroad, oppressive, unduly burdensome and intended to harass and

9  annoy Mattel, including in that it seeks documents on this subject regardless of

10  whether such documents relate to matters at issue in this case or time periods at

11  issue in this action.  Mattel further objects to this Request on the grounds that it

12  is cumulative, duplicates prior requests and is harassing.  Mattel further objects

13  to this Request on the grounds that it seeks confidential, proprietary and trade

14  secret information, including such information that has no bearing on the claims or

15  defenses in this case.  Mattel further objects to this Request on the grounds that it is

16  an attempt to circumvent the Discovery Master's May 22, 2007 Order determining

17  that the requested documents are irrelevant and/or that such requests are improper.

18  Mattel further objects to the use of the terms "any investigation or surveillance of,"

19  "any member of Carter Bryan's family," and "any member of Isaac Larian's

20  family" in this context as vague and ambiguous.  Mattel further objects to this

21  Request on the grounds it is convoluted, compound and unintelligible.  Mattel

22  further objects to this Request to the extent that it calls for the disclosure of

23  information subject to the attorney-client privilege, the attorney work-product

24  doctrine and other applicable privileges.

25    Based on the foregoing, and without waiving the above general and specific

26  objections, Mattel states that, other than those documents that is has produced

27  pursuant to other requests Mattel will not produce documents responsive to this

28  Request.

**AMENDED RESPONSE TO REQUEST NO. 789:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to matters at issue in this case or time periods at issue in this action.  Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's May 22, 2007 Order determining that the requested documents are irrelevant and/or that such requests are improper.  Mattel further objects to the use of the terms "any investigation or surveillance of," "any member of Carter Bryan's family," and "any member of Isaac Larian's family" in this context as vague and ambiguous.  Mattel further objects to this Request on the grounds it is convoluted, compound and unintelligible.  Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based on the foregoing, and without waiving the above general and specific objections, Mattel states that, other than those documents that is has produced pursuant to other requests, Mattel will not produce documents responsive to this Request.

1

2

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

3   Mattel refuses to produce documents in response to this request, standing on

4   its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an

5   objection to part of a request must specify the part and permit inspection of the

6   rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

7   for an objection with specificity are routinely rejected in the Central District.  <u>See</u>

8   <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

9   ("general or boilerplate objections such as 'overly burdensome and harassing' are

10  improper – especially when a party fails to submit any evidentiary declarations

11  supporting such objections").  Accordingly, Mattel must be compelled either to

12  certify that it has produced all non-privileged responsive documents or to produce

13  all such documents by a date certain.

14  To the extent that Mattel is relying on its blanket objections, they are not

15  sustainable and do not justify Mattel's failure to produce documents.

16  This request does not seek documents protected by the attorney-client

17  privilege, the attorney work product doctrine, or other applicable privileges.  Rather

18  it seeks information regarding the factual basis of Mattel's knowledge of the claims

19  at issue.  To the extent that Mattel contends that it does seek privileged information,

20  Mattel must provide a privilege log.

21  Mattel objects that the request is duplicative or subsumed within prior

22  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

23  agree to produce responsive non-privileged documents is not proper based on this

24  objection.

25  This request seeks information concerning Mattel's first knowledge of the

26  claims at issue in Phase 2, and its efforts to investigate those claims.  The

27  information sought in response to this request is discoverable insofar as it relates to

28  MGA's defenses based on statute of limitations and laches.  It is also relevant to

1   mitigation of damages.  Moreover, MGA has alleged that Mattel has engaged in a

2   broad variety of unfair trade practices, from serial copying of MGA products, to

3   threatening retailers and suppliers to cease doing business with MGA, to

4   intimidating employees and industry groups in order to prevent MGA from fairly

5   competing.   MGA is entitled to discovery on these claims.

6          None of Mattel's improper objections are valid and Mattel is obligated to

7   produce all non-privileged responsive documents in its possession, custody, or

8   control.

9

10  **REQUEST FOR PRODUCTION NO. 790:**

11         All DOCUMENTS REFERRING OR RELATING TO any interpretation by

12  Mattel, or position taken by MATTEL regarding the meaning, of the EMPLOYEE

13  INVENTIONS AGREEMENT.

14         **RESPONSE TO REQUEST NO. 790:**

15         In addition to the General Objections stated above which are incorporated

16  herein by reference, Mattel objects to this Request on the grounds that it seeks

17  documents that are not relevant to this action or likely to lead to the discovery of

18  admissible evidence.  Mattel further objects to this Request on the grounds that it is

19  overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel,

20  including in that it seeks documents on this subject regardless of whether such

21  documents relate to products or matters at issue in this case or time periods at issue

22  in this action.  Mattel further objects to this Request on the grounds that it is

23  cumulative, duplicates prior requests and is harassing.  Mattel further objects to

24  this Request on the grounds that it seeks confidential, proprietary and trade secret

25  information, including such information that has no bearing on the claims or

26  defenses in this case.  Mattel further objects to this Request on the grounds that it is

27  an attempt to circumvent the Discovery Master's September 12, 2007 Order

28  determining that the requested documents are irrelevant and/or that such requests are

1   improper.  Mattel further objects to the Request on the grounds that Defendants have

2   withdrawn all defenses relating to the enforceability or unenforceability of Carter

3   Bryant's agreements with Mattel.  Mattel further objects to the use of the terms "any

4   interpretation by," "position taken by," "regarding the meaning, [sic] of" and

5   "EMPLOYEE INVENTIONS AGREEMENT" in this context as vague and

6   ambiguous.  Mattel further objects to this Request on the grounds it is convoluted,

7   compound and unintelligible.  Mattel further objects to this Request to the extent

8   that it calls for the disclosure of information subject to the attorney-client

9   privilege, the attorney work-product doctrine and other applicable privileges.

10         Based on the foregoing, and without waiving the above general and

11   specific objections, Mattel states that, other than those documents that is has

12   produced pursuant to other requests, Mattel will not produce documents

13   responsive to this Request.

14         **AMENDED RESPONSE TO REQUEST NO. 790:**

15         In addition to the General Objections stated above which are incorporated

16   herein by reference, Mattel objects to this Request on the grounds that it seeks

17   documents that are not relevant to this action or likely to lead to the discovery of

18   admissible evidence.  Mattel further objects to this Request on the grounds that it is

19   overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel,

20   including in that it seeks documents on this subject regardless of whether such

21   documents relate to products or matters at issue in this case or time periods at issue

22   in this action.  Mattel further objects to this Request on the grounds that it is

23   cumulative, duplicates prior requests and is harassing.  Mattel further objects to

24   this Request on the grounds that it seeks confidential, proprietary and trade secret

25   information, including such information that has no bearing on the claims or

26   defenses in this case.  Mattel further objects to this Request on the grounds that it is

27   an attempt to circumvent the Discovery Master's September 12, 2007 Order

28   determining that the requested documents are irrelevant and/or that such requests are

1    improper.  Mattel further objects to the Request on the grounds that Defendants have

2    withdrawn all defenses relating to the enforceability or unenforceability of Carter

3    Bryant's agreements with Mattel.  Mattel further objects to the use of the terms "any

4    interpretation by," "position taken by," "regarding the meaning, [sic] of" and

5    "EMPLOYEE INVENTIONS AGREEMENT" in this context as vague and

6    ambiguous.  Mattel further objects to this Request on the grounds it is convoluted,

7    compound and unintelligible.  Mattel further objects to this Request to the extent

8    that it calls for the disclosure of information subject to the attorney-client privilege,

9    the attorney work-product doctrine and other applicable privileges.

10       Based on the foregoing, and without waiving the above general and

11   specific objections, Mattel states that, other than those documents that is has

12   produced pursuant to other requests, Mattel will not produce documents responsive

13   to this Request.

14

15   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
16   SHOULD BE COMPELLED**

17       Mattel has not agreed to produce documents in response to this request,

18   subject to its improper boilerplate objections.  Mattel has refused to confirm

19   whether or not it has produced all non-privileged responsive documents or whether

20   it is withholding documents based on its objections in Phase 2.  Under the Federal

21   Rules of Civil Procedure, "an objection to part of a request must specify the part

22   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

23   that fail to explain the basis for an objection with specificity are routinely rejected

24   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

25   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

26   burdensome and harassing' are improper – especially when a party fails to submit

27   any evidentiary declarations supporting such objections").  Accordingly, Mattel

28   must be compelled either to certify that it has produced all non-privileged

1   responsive documents or to produce all such documents by a date certain.

2       To the extent that Mattel is relying on its blanket objections, they are not

3   sustainable and do not justify Mattel's failure to produce documents.

4       As to overbreadth, Mattel provides no explanation, let alone the required

5   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

6   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

7   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

8   contrary, the request is narrowly tailored to seek documents concerning Mattel's

9   interpretation of Mattel's Employee Inventions Agreement.

10      As to burden, Mattel has not attempted to demonstrate why responding to

11  this request and/or producing responsive documents presents any burden.  This

12  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

13  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14  request is unduly burdensome must allege specific facts which indicate the nature

15  and extent of the burden, usually by affidavit or other reliable evidence.")

16  Moreover, it is not unduly burdensome, as noted above, in that the request is

17  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

18  has engaged in a broad variety of unfair trade practices, including intimidating

19  employees through the use of oppressive employment agreements and releases, in

20  order to prevent MGA from fairly competing. Mattel has also accused MGA of

21  multiple claims based in whole or in part on alleged breaches of Mattel's Employee

22  Inventions Agreement by former Mattel employees, including Misappropriation of

23  Trade Secrets, Breach of Contract, Intentional Interference with Contract, Breach of

24  Fiduciary Duty, Aiding and Abetting Breach of Fiduciary Duty, Breach of Duty of

25  Loyalty, Aiding and Abetting Breach of Duty of Loyalty, and Conversion.  MGA is

26  entitled to discovery on these claims, including discovery relevant to Mattel's

27  interpretation of the Employee Inventions Agreement.

28      Mattel objects that the request is duplicative and harassing, but does

1   not identify the allegedly duplicative requests or any specific reason why these

2   requests are harassing.  Mattel's failure to agree to produce responsive non-

3   privileged documents is not proper based on this objection.

4   　　　　Mattel objects that the request contains confidential, proprietary and trade

5   secret information.  A Protective Order exists in this case, obviating any concern as

6   to protection of privacy rights and/or commercially sensitive information.

7   　　　　Mattel's objection that this Request is an attempt to circumvent the

8   Discovery Master's September 12, 2007 order is unwarranted, as this request seeks

9   documents related to Mattel's interpretation of a specific Mattel document.

10   　　　　The terms "any interpretation by," "position taken by," and "regarding the

11   meaning of" are straight forward and in no way vague or ambiguous, and Mattel

12   does not explain how the terms are in any way vague or ambiguous.

13   　　　　Litigation in this case has extensively involved Mattel's "Employee

14   Inventions Agreement."  There is nothing vague or ambiguous about this term, and

15   Mattel's objection to the contrary is disingenuous and grounds for sanctions.

16   　　　　This request does not seek documents protected by the attorney-client

17   privilege, the attorney work product doctrine, or other applicable privileges.  To the

18   extent that Mattel contends that it does, Mattel must provide a privilege log.

19   　　　　None of Mattel's improper objections are valid and Mattel is obligated to

20   produce all non-privileged responsive documents in its possession, custody, or

21   control.

22

23   **REQUEST FOR PRODUCTION NO. 791:**

24   　　　　All DOCUMENTS REFERRING OR RELATING TO any interpretation by

25   Mattel, or position taken by MATTEL regarding the meaning, of the CONFLICT

26   OF INTEREST QUESTIONNAIRE.

27

28

- 82 -

**RESPONSE TO REQUEST NO. 791:**

In addition to the General Objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is overbroad, oppressive, unduly burdensome and intended to harass and annoy Mattel, including in that it seeks documents on this subject regardless of whether such documents relate to products or matters at issue in this case or time periods at issue in this action. Mattel further objects to this Request on the grounds that it is cumulative, duplicates prior requests and is harassing. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it is an attempt to circumvent the Discovery Master's September 12, 2007 Order determining that the requested documents are irrelevant and/or that such requests are improper. Mattel further objects to the Request on the grounds that Defendants have withdrawn all defenses relating to the enforceability or unenforceability of Carter Bryant's agreements with Mattel. Mattel further objects to the use of the terms "any interpretation by," "position taken by," "regarding the meaning, [sic] of" and "CONFLICT OF INTEREST QUESTIONNAIRE" in this context as vague and ambiguous. Mattel further objects to this Request on the grounds it is convoluted, compound and unintelligible. Mattel further objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Based on the foregoing, and without waiving the above general and specific objections, Mattel states that, other than those documents that is has produced

1  pursuant to other requests, Mattel will not produce documents responsive to this

2  Request.

3  **AMENDED RESPONSE TO REQUEST NO. 791:**

4      In addition to the General Objections stated above which are incorporated

5  herein by reference, Mattel objects to this Request on the grounds that it seeks

6  documents that are not relevant to this action or likely to lead to the discovery

7  of admissible evidence.  Mattel further objects to this Request on the grounds

8  that it is overbroad, oppressive, unduly burdensome and intended to harass and

9  annoy Mattel, including in that it seeks documents on this subject regardless of

10  whether such documents relate to products or matters at issue in this case or time

11  periods at issue in this action.  Mattel further objects to this Request on the

12  grounds that it is cumulative, duplicates prior requests and is harassing.  Mattel

13  further objects to this Request on the grounds that it seeks confidential,

14  proprietary and trade secret information, including such information that has no

15  bearing on the claims or defenses in this case.  Mattel further objects to this

16  Request on the grounds that it is an attempt to circumvent the Discovery Master's

17  September 12, 2007 Order determining that the requested documents are irrelevant

18  and/or that such requests are improper.  Mattel further objects to the Request on the

19  grounds that Defendants have withdrawn all defenses relating to the enforceability

20  or unenforceability of Carter Bryant's agreements with Mattel.  Mattel further

21  objects to the use of the terms "any interpretation by," "position taken by,"

22  "regarding the meaning, [sic] of" and "CONFLICT OF INTEREST

23  QUESTIONNAIRE" in this context as vague and ambiguous.  Mattel further

24  objects to this Request on the grounds it is convoluted, compound and

25  unintelligible.  Mattel further objects to this Request to the extent that it calls for

26  the disclosure of information subject to the attorney-client privilege, the attorney

27  work-product doctrine and other applicable privileges.

28      Based on the foregoing, and without waiving the above general and

- 84 -

1   specific objections, Mattel states that, other than those documents that is has

2   produced pursuant to other requests, Mattel will not produce documents responsive

3   to this Request.

4

5   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

6

7   Mattel has not agreed to produce documents in response to this request,

8   subject to its improper boilerplate objections.  Mattel has refused to confirm

9   whether or not it has produced all non-privileged responsive documents or whether

10  it is withholding documents based on its objections in Phase 2.  Under the Federal

11  Rules of Civil Procedure, "an objection to part of a request must specify the part

12  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

13  that fail to explain the basis for an objection with specificity are routinely rejected

14  in the Central District.  See <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186,

15  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

16  burdensome and harassing' are improper – especially when a party fails to submit

17  any evidentiary declarations supporting such objections").  Accordingly, Mattel

18  must be compelled either to certify that it has produced all non-privileged

19  responsive documents or to produce all such documents by a date certain.

20  To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.

22  As to overbreadth, Mattel provides no explanation, let alone the required

23  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

24  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26  contrary, the request is narrowly tailored to seek documents concerning Mattel's

27  interpretation of Mattel's Conflict of Interest Questionnaire.

28  As to burden, Mattel has not attempted to demonstrate why responding to

- 85 -

1   this request and/or producing responsive documents presents any burden.  This

2   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

3   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

4   request is unduly burdensome must allege specific facts which indicate the nature

5   and extent of the burden, usually by affidavit or other reliable evidence.")

6   Moreover, it is not unduly burdensome, as noted above, in that the request is

7   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

8   has engaged in a broad variety of unfair trade practices, including intimidating

9   employees through the use of oppressive employment agreements and releases, in

10  order to prevent MGA from fairly competing. Mattel has also accused MGA of

11  multiple claims based in whole or in part on alleged breaches of Mattel's Conflict

12  of Interest Questionnaire by former Mattel employees, including Misappropriation

13  of Trade Secrets, Breach of Contract, Intentional Interference with Contract, Breach

14  of Fiduciary Duty, Aiding and Abetting Breach of Fiduciary Duty, Breach of Duty

15  of Loyalty, Aiding and Abetting Breach of Duty of Loyalty, and Conversion.  MGA

16  is entitled to discovery on these claims, including discovery relevant to Mattel's

17  interpretation of the Conflict of Interest Questionnaire.

18      Mattel objects that the request is duplicative and harassing, but does

19  not identify the allegedly duplicative requests or any specific reason why these

20  requests are harassing.  Mattel's failure to agree to produce responsive non-

21  privileged documents is not proper based on this objection.

22      Mattel objects that the request contains confidential, proprietary and trade

23  secret information.  A Protective Order exists in this case, obviating any concern as

24  to protection of privacy rights and/or commercially sensitive information.

25      Mattel's objection that this Request is an attempt to circumvent the

26  Discovery Master's September 12, 2007 order is unwarranted, as this request seeks

27  documents related to Mattel's interpretation of a specific Mattel document.

28      The terms "any interpretation by," "position taken by," and "regarding the

1  meaning of" are straight forward and in no way vague or ambiguous, and Mattel

2  does not explain how the terms are in any way vague or ambiguous.

3       Litigation in this case has extensively involved Mattel's " Conflict of Interest

4  Questionnaire."  There is nothing vague or ambiguous about this term, and Mattel's

5  objection to the contrary is disingenuous and grounds for sanctions.

6       This request does not seek documents protected by the attorney-client

7  privilege, the attorney work product doctrine, or other applicable privileges.  To the

8  extent that Mattel contends that it does, Mattel must provide a privilege log.

9       None of Mattel's improper objections are valid and Mattel is obligated to

10  produce all non-privileged responsive documents in its possession, custody, or

11  control.

12

13  **REQUEST FOR PRODUCTION NO. 792:**

14       All DOCUMENTS REFERRING OR RELATING TO any trademark search

15  or trademark clearance concerning products ultimately offered for sale under the

16  MY SCENE brand, including but not limited to any trademark search for "Bryant"

17  or "Carter" or "Carter Bryant."

18       **RESPONSE TO REQUEST NO. 792:**

19       In addition to the General Objections stated above which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it seeks

21  documents that are not relevant to this action or likely to lead to the discovery of

22  admissible evidence.  Mattel further objects to this Request on the grounds that it

23  is overbroad, oppressive, unduly burdensome and intended to harass and annoy

24  Mattel, including in that it seeks documents on this subject regardless of whether

25  such documents relate to products or matters at issue in this case or time periods at

26  issue in this action.  Mattel further objects to this Request on the grounds that it is

27  cumulative, duplicates prior requests and is harassing.  Mattel further objects to

28  this Request on the grounds that it seeks confidential, proprietary and trade secret

- 87 -

1   information, including such information that has no bearing on the claims or

2   defenses in this case.  Mattel further objects to this Request on the grounds that it is

3   an attempt to circumvent the Discovery Master's May 22, 2007 Order determining

4   that the requested documents are irrelevant and/or that such requests are improper.

5   Mattel further objects to the use of the term "concerning products ultimately

6   offered for sale" in this context as vague and ambiguous.  Mattel further objects to

7   this Request on the grounds it is convoluted, compound and unintelligible.  Mattel

8   further objects to this Request to the extent that it calls for the disclosure of

9   information subject to the attorney-client privilege, the attorney work-product

10  doctrine and other applicable privileges.

11      Based on the foregoing, and without waiving the above general and specific

12  objections, Mattel states that, other than those documents that is has produced

13  pursuant to other requests, Mattel will not produce documents responsive to this

14  Request.

15  **AMENDED RESPONSE TO REQUEST NO. 792:**

16      In addition to the General Objections stated above which are incorporated

17  herein by reference, Mattel objects to this Request on the grounds that it seeks

18  documents that are not relevant to this action or likely to lead to the discovery of

19  admissible evidence.  Mattel further objects to this Request on the grounds that it is

20  overbroad, oppressive, unduly burdensome and intended to harass and annoy

21  Mattel, including in that it seeks documents on this subject regardless of whether

22  such documents relate to products or matters at issue in this case or time periods at

23  issue in this action.  Mattel further objects to this Request on the grounds that it is

24  cumulative, duplicates prior requests and is harassing.  Mattel further objects to

25  this Request on the grounds that it seeks confidential, proprietary and trade secret

26  information, including such information that has no bearing on the claims or

27  defenses in this case.  Mattel further objects to this Request on the grounds that it is

28  an attempt to circumvent the Discovery Master's May 22, 2007 Order determining

1   that the requested documents are irrelevant and/or that such requests are improper.

2   Mattel further objects to the use of the term "concerning products ultimately

3   offered for sale" in this context as vague and ambiguous.  Mattel further objects to

4   this Request on the grounds it is convoluted, compound and unintelligible.  Mattel

5   further objects to this Request to the extent that it calls for the disclosure of

6   information subject to the attorney-client privilege, the attorney work-product

7   doctrine and other applicable privileges.

8        Based on the foregoing, and without waiving the above general and specific

9   objections, Mattel states that, other than those documents that is has produced

10  pursuant to other requests, Mattel will not produce documents responsive to this

11  Request.

12

13  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

14

15       Mattel has not agreed to produce documents in response to this request.

16  Mattel has refused to confirm whether or not it has produced all non-privileged

17  responsive documents or whether it is withholding documents based on its

18  objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to

19  part of a request must specify the part and permit inspection of the rest."  Fed. R.

20  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

21  with specificity are routinely rejected in the Central District.  See A. Farber and

22  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

23  boilerplate objections such as 'overly burdensome and harassing' are improper –

24  especially when a party fails to submit any evidentiary declarations supporting such

25  objections").  Accordingly, Mattel must be compelled either to certify that it has

26  produced all non-privileged responsive documents or to produce all such

27  documents by a date certain.

28       To the extent that Mattel is relying on its blanket objections, they are not

1    sustainable and do not justify Mattel's failure to produce documents.

2         As to overbreadth, Mattel provides no explanation, let alone the required

3    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

4    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

5    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

6    contrary, the request is narrowly tailored to seek documents concerning any

7    trademark search or trademark clearance concerning products ultimately offered for

8    sale under the My Scene brand.

9         As to burden, Mattel has not attempted to demonstrate why responding to

10   this request and/or producing responsive documents presents any burden.  This

11   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

12   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

13   request is unduly burdensome must allege specific facts which indicate the nature

14   and extent of the burden, usually by affidavit or other reliable evidence.")

15   Moreover, it is not unduly burdensome, as noted above, in that the request is

16   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

17   has engaged in a broad variety of unfair trade practices, including serial copying of

18   MGA products.   MGA is entitled to discovery on these claims.

19        This request does not seek documents protected by the attorney-client

20   privilege, the attorney work product doctrine, or other applicable privileges.  To the

21   extent that Mattel contends that it does, Mattel must provide a privilege log.

22        Mattel objects that the request contains confidential, proprietary and trade

23   secret information.  A Protective Order exists in this case, obviating any concern as

24   to protection of privacy rights and/or commercially sensitive information.

25        Mattel objects that the request is duplicative or subsumed within prior

26   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

27   agree to produce responsive non-privileged documents is not proper based on this

28   objection.

1   Mattel also objects to this request on relevance grounds.  MGA has alleged

2   claims of unfair competition based on Mattel's serial copying and imitation of

3   MGA's products.  As such, documents relating to any trademark search or

4   trademark clearance concerning products sold under the My Scene brand are highly

5   relevant and likely to lead to the discovery of admissible evidence.

6   None of Mattel's improper objections are valid and Mattel is obligated to

7   produce all non-privileged responsive documents in its possession, custody, or

8   control.

9

10   **REQUEST FOR PRODUCTION NO. 793:**

11   All DOCUMENTS REFERRING OR RELATING TO any patent,

12   trademark, or copyright application or registration concerning products ultimately

13   offered for sale under the MY SCENE brand.

14   **RESPONSE TO REQUEST NO. 793:**

15   In addition to the General Objections stated above which are incorporated

16   herein by reference, Mattel objects to this Request on the grounds that it seeks

17   documents that are not relevant to this action or likely to lead to the discovery of

18   admissible evidence.  Mattel further objects to this Request on the grounds that it is

19   overbroad, oppressive, unduly burdensome and intended to harass and annoy

20   Mattel, including in that it seeks documents on this subject regardless of whether

21   such documents relate to products or matters at issue in this case or time periods at

22   issue in this action.  Mattel further objects to this Request on the grounds that it is

23   cumulative, duplicates prior requests and is harassing.  Mattel further objects to this

24   Request on the grounds that it seeks confidential, proprietary and trade secret

25   information, including such information that has no bearing on the claims or

26   defenses in this case.  Mattel further objects to this Request on the grounds that it is

27   an attempt to circumvent the Discovery Master's May 22, 2007 Order determining

28   that the requested documents are irrelevant and/or that such requests are improper.

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9049, SET EIGHT;  CV 04-9049 SGL (RNBX)

1    Mattel further objects to the use of the term "concerning products ultimately offered

2    for sale" in this context as vague and ambiguous.  Mattel further objects to this

3    Request on the grounds it is convoluted, compound and unintelligible.  Mattel

4    further objects to this Request to the extent that it calls for the disclosure of

5    information subject to the attorney-client privilege, the attorney work-product

6    doctrine and other applicable privileges.

7        Based on the foregoing, and without waiving the above general and

8    specific objections, Mattel states that, other than those documents that is has

9    produced pursuant to other requests, Mattel will not produce documents

10   responsive to this Request.

11       **AMENDED RESPONSE TO REQUEST NO. 793:**

12       In addition to the General Objections stated above which are incorporated

13   herein by reference, Mattel objects to this Request on the grounds that it seeks

14   documents that are not relevant to this action or likely to lead to the discovery of

15   admissible evidence.  Mattel further objects to this Request on the grounds that it is

16   overbroad, oppressive, unduly burdensome and intended to harass and annoy

17   Mattel, including in that it seeks documents on this subject regardless of whether

18   such documents relate to products or matters at issue in this case or time periods at

19   issue in this action.  Mattel further objects to this Request on the grounds that it is

20   cumulative, duplicates prior requests and is harassing.  Mattel further objects to this

21   Request on the grounds that it seeks confidential, proprietary and trade secret

22   information, including such information that has no bearing on the claims or

23   defenses in this case.  Mattel further objects to this Request on the grounds that it is

24   an attempt to circumvent the Discovery Master's May 22, 2007 Order determining

25   that the requested documents are irrelevant and/or that such requests are improper.

26   Mattel further objects to the use of the term "concerning products ultimately offered

27   for sale" in this context as vague and ambiguous.  Mattel further objects to this

28   Request on the grounds it is convoluted, compound and unintelligible.  Mattel

1   further objects to this Request to the extent that it calls for the disclosure of

2   information subject to the attorney-client privilege, the attorney work-product

3   doctrine and other applicable privileges.

4          Based on the foregoing, and without waiving the above general and specific

5   objections, Mattel states that, other than those documents that is has produced

6   pursuant to other requests, Mattel will not produce documents responsive to this

7   Request.

8

9   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

10

11         Mattel refuses to produce documents in response to this request.  Under the

12  Federal Rules of Civil Procedure, "an objection to part of a request must specify the

13  part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

14  objections that fail to explain the basis for an objection with specificity are

15  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

16  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

17  such as 'overly burdensome and harassing' are improper – especially when a party

18  fails to submit any evidentiary declarations supporting such objections").

19  Accordingly, Mattel must be compelled either to certify that it has produced all

20  non-privileged responsive documents or to produce all such documents by a date

21  certain.

22         To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24         As to overbreadth, Mattel provides no explanation, let alone the required

25  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28  contrary, the request is narrowly tailored to seek documents concerning any

- 93 -

1  copyright, patent or trademark application or registration concerning products

2  ultimately offered for sale under the "My Scene" brand.

3       As to burden, Mattel has not attempted to demonstrate why responding to

4  this request and/or producing responsive documents presents any burden.  This

5  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

6  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7  request is unduly burdensome must allege specific facts which indicate the nature

8  and extent of the burden, usually by affidavit or other reliable evidence.")

9  Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11  has engaged in a broad variety of unfair trade practices, including serial copying of

12  MGA products.   MGA is entitled to discovery on these claims.

13       This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges.  To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16       Mattel objects that the request contains confidential, proprietary and trade

17  secret information.  A Protective Order exists in this case, obviating any concern as

18  to protection of privacy rights and/or commercially sensitive information.

19       Mattel objects that the request is duplicative or subsumed within prior

20  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

21  agree to produce responsive non-privileged documents is not proper based on this

22  objection.

23       Mattel also objects to this request on relevance grounds.  MGA has alleged

24  claims of unfair competition based on Mattel's serial copying and imitation of

25  MGA's products.  As such, documents relating to any copyright, trademark, or

26  patent application or registration concerning products sold under the "My Scene"

27  brand are highly relevant and likely to lead to the discovery of admissible evidence.

28       None of Mattel's improper objections are valid and Mattel is obligated to

1    produce all non-privileged responsive documents in its possession, custody, or

2    control.

3

4    **REQUEST FOR PRODUCTION NO. 794:**

5         All DOCUMENTS REFERRING OR RELATING TO any patent,

6    trademark or copyright application or registration concerning any BRATZ

7    product, including but not limited to the ALLEGED COPYRIGHTED

8    WORKS.

9         **RESPONSE TO REQUEST NO. 794:**

10        In addition to the General Objections stated above which are incorporated

11   herein by reference, Mattel objects to this Request on the grounds that it seeks

12   documents that are not relevant to this action or likely to lead to the discovery

13   of admissible evidence.  Mattel further objects to this Request on the grounds

14   that it is overbroad, oppressive, unduly burdensome and intended to harass and

15   annoy Mattel, including in that it seeks documents on this subject regardless of

16   whether such documents relate to products or matters at issue in this case or

17   time periods at issue in this action.  Mattel further objects to this Request on the

18   grounds that it is cumulative, duplicates prior requests and is harassing.  Mattel

19   further objects to this Request on the grounds that it seeks confidential,

20   proprietary and trade secret information, including such information that has no

21   bearing on the claims or defenses in this case.  Mattel further objects to this

22   Request on the grounds that it is an attempt to circumvent the Discovery

23   Master's May 22, 2007 Order determining that the requested documents are

24   irrelevant and/or that such requests are improper.  Mattel further objects to this

25   Request on the grounds it is convoluted, compound and unintelligible.  Mattel

26   further objects to this Request to the extent that it calls for the disclosure of

27   information subject to the attorney-client privilege, the attorney work-product

28   doctrine and other applicable privileges.

1    Based on the foregoing, and without waiving the above general and

2   specific objections, Mattel states that, other than those documents that is has

3   produced pursuant to other requests, Mattel will not produce documents

4   responsive to this Request.

5    **<u>AMENDED RESPONSE TO REQUEST NO. 794:</u>**

6    In addition to the General Objections stated above which are incorporated

7   herein by reference, Mattel objects to this Request on the grounds that it seeks

8   documents that are not relevant to this action or likely to lead to the discovery of

9   admissible evidence.  Mattel further objects to this Request on the grounds that it is

10  overbroad, oppressive, unduly burdensome and intended to harass and annoy

11  Mattel, including in that it seeks documents on this subject regardless of whether

12  such documents relate to products or matters at issue in this case or time periods at

13  issue in this action.  Mattel further objects to this Request on the grounds that it is

14  cumulative, duplicates prior requests and is harassing.  Mattel further objects to this

15  Request on the grounds that it seeks confidential, proprietary and trade secret

16  information, including such information that has no bearing on the claims or

17  defenses in this case.  Mattel further objects to this Request on the grounds that it is

18  an attempt to circumvent the Discovery Master's May 22, 2007 Order determining

19  that the requested documents are irrelevant and/or that such requests are improper.

20  Mattel further objects to this Request on the grounds it is convoluted, compound

21  and unintelligible.  Mattel further objects to this Request to the extent that it calls

22  for the disclosure of information subject to the attorney-client privilege, the

23  attorney work-product doctrine and other applicable privileges.

24    Based on the foregoing, and without waiving the above general and specific

25  objections, Mattel states that, other than those documents, that is has produced

26  pursuant to other requests, Mattel will not produce documents responsive to this

27  Request.

28

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel refuses to produce documents in response to this request, standing on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek information in Mattel's possession, custody, or control regarding Mattel's knowledge of Bratz packaging and advertising.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL 9049, SET EIGHT;  CV 04-9049 SGL (RNBx)

1   Moreover, it is not unduly burdensome, as noted above, in that the request is

2   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

3   has engaged in a broad variety of unfair trade practices, from trade dress

4   infringement to serial copying of MGA products and advertising.  Mattel asserts

5   trade secret rights in "Bratz."  Thus, any attempts by Mattel to apply for patent,

6   trademark or copyright protection are tailored to the parties' claims and defenses.

7        This request does not seek documents protected by the attorney-client

8   privilege, the attorney work product doctrine, or other applicable privileges.  To the

9   extent that Mattel contends that it does, Mattel must provide a privilege log.

10        Mattel objects that the request contains confidential/proprietary/trade secret

11   information.  A Protective Order exists in this case, obviating any concern as to

12   protection of privacy rights and/or commercially sensitive information.

13        Mattel objects that the request is duplicative or subsumed within prior

14   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

15   produce responsive non-privileged documents is not proper based on this objection.

16        Mattel's objection that the documents sought are not relevant is unfounded.

17   Documents that show Mattel did or did not seek patent, trademark or copyright

18   protection in Bratz is relevant to MGA's affirmative claims, Mattel's claim of

19   purported trade secrets in Bratz, and MGA's defenses.  The May 22, 2007 order is

20   inapposite because this request specifically seeks patent, trademark or copyright

21   application or registration relating to Bratz.

22        None of Mattel's improper objections are valid and Mattel is obligated to

23   produce all non-privileged responsive documents in its possession, custody or

24   control.

25   Dated: September 23, 2009          ORRICK HERRINGTON & SUTCLIFFE LLP

26                                     By: _____/s/ Diana M. Rutowski_____
                                              Diana M. Rutowski
27                                     Attorneys for MGA ENTERTAINMENT, INC.,
                                       MGA ENTERTAINMENT HK, LTD., MGA de
28                                     MEXICO, S.R.L. de C.V., and ISAAC LARIAN