1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA  94105-2669
6   Telephone:  +1-415-773-5700
    Facsimile:   +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
    Facsimile:   +1-213612-2499
11
    Attorneys for MGA Parties
12

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15                    EASTERN DIVISION

| | |
|---|---|
| 16  CARTER BRYANT, an individual, | Case No.  CV 04-9049-SGL (RNBx) |
| 17            Plaintiff, | Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727 |
| 18        v. | **DISCOVERY MATTER** |
| 19  MATTEL, INC., a Delaware corporation, | [To Be Heard by Discovery Master Robert O'Brien Pursuant to Order of January 6, 2009] |
| 20            Defendant. | **SEPARATE STATEMENT IN SUPPORT OF MGA PARTIES'** |
| 21 | **MOTION TO COMPEL FURTHER RESPONSES TO MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (9059, SET ONE)** |
| 22  AND CONSOLIDATED ACTIONS | |
| 23 | |
| 24 | Date:          TBD |
| 25 | Time:          TBD |
|  | Courtroom:  TBD |
| 26 | **Phase 2** |
| 27 | Discovery Cutoff:     December 11, 2009 |
|  | Pretrial Conference: March 1, 2010 |
| 28 | Trial Date:             March 23, 2010 |

OHS West:260723192

1    Plaintiffs and Counter-Defendants MGA Parties ("MGA") submit this

2    Separate Statement in Support of MGA Parties' Motion to Compel Further

3    Responses to MGA's Requests for Production of Documents (9059, Set One).  This

4    Separate Statement covers MGA's First Set of Requests in Case No. CV 04-9059-

5    SGL of the consolidated proceedings, served on January 31, 2005.  The requests

6    included in this Separate Statement are Request Nos. 1-43, 47, 49-81, 88, 91-95, 98,

7    100-167, 170-171, 175-179, 184-185, 191-223, 252-253, 255-257 and 272-279 (the

8    "Requests at Issue").  In addition to the reasons why further responses to each

9    request should be compelled set forth below, MGA incorporates the reasons set

10   forth in its Motion to Compel Further Responses to MGA's Requests for

11   Production of Documents.

12

13   **MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS AT**

14   **ISSUE AND RESPONSES - CASE NO. CV 04-9059 NM (RNBx)**

15

16   **REQUEST FOR PRODUCTION NO. 1:**

17   All DOCUMENTS mentioning, referring or relating to BRATZ

18   INTELLECTUAL PROPERTY.

19   **RESPONSE TO REQUEST NO. 1:**

20   In addition to the general objections stated above which are incorporated

21   herein by reference, Mattel objects to this Request as being overbroad, unduly

22   burdensome and oppressive on the grounds that it is not limited in time or

23   geographical scope, and seeks <u>all</u> documents in Mattel's possession, custody and

24   control mentioning, referring or relating to "Bratz Intellectual Property."  Mattel

25   further objects to this Request on the ground that the term "Bratz Intellectual

26   Property' is vague and ambiguous.  Mattel further objects to this Request on the

27   grounds that such discovery from Mattel is overbroad, unduly burdensome;

28   oppressive and not likely to the lead to the discovery of admissible evidence in that

1   Mattel's actions in relation to "Bratz" are not at issue in this action and are

2   irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of

3   defendants and third parties associated with defendants in connection with the

4   projects that defendant Bryant worked on with defendant MGA, which is

5   information known to and within the possession, custody and control of defendants

6   and their associated third parties.  Mattel further objects to this Request on the

7   grounds that it seeks documents that are publicly available documents and hence

8   are equally available to defendants.  Mattel farther objects to this Request on the

9   grounds that it calls for the disclosure of information subject to the attorney-client

10  privilege, the attorney work-product doctrine and other applicable privileges.

11  Mattel further objects to this Request on the grounds that it seeks Mattel's

12  confidential, proprietary and trade secret information, such as current and future

13  Mattel marketing and pricing plans and strategies, that could have no conceivable

14  bearing on the claims or defenses in this case.  Mattel further objects to this Request

15  on the grounds that it is duplicative of or subsumed within prior Requests already

16  responded to and seeks the re-production of information and documents already

17  produced in this action.  Such information and documents will not be re-produced.

18

19   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

20

21   Mattel has not agreed to produce documents in response to this request,

22  subject to its improper boilerplate objections.  Mattel has refused to confirm

23  whether or not it has produced all non-privileged responsive documents or whether

24  it is withholding documents based on its objections in Phase 2.  Under the Federal

25  Rules of Civil Procedure, "an objection to part of a request must specify the part

26  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

27  that fail to explain the basis for an objection with specificity are routinely rejected

28  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

1   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

2   burdensome and harassing' are improper – especially when a party fails to submit

3   any evidentiary declarations supporting such objections").  Accordingly, Mattel

4   must be compelled either to certify that it has produced all non-privileged

5   responsive documents or to produce all such documents by a date certain.

6        To the extent that Mattel is relying on its blanket objections, they are not

7   sustainable and do not justify Mattel's failure to produce documents.

8        As to overbreadth, Mattel provides no explanation, let alone the required

9   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

10  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

11  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

12  contrary, the request is narrowly tailored to seek documents concerning BRATZ

13  intellectual property.

14       As to burden, Mattel has not attempted to demonstrate why responding to

15  this request and/or producing responsive documents presents any burden.  This

16  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

17  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.")

20  Moreover, it is not unduly burdensome, as noted above, in that the request is

21  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

22  has engaged in a broad variety of unfair trade practices including serial copying of

23  MGA products.  MGA is entitled to discovery on these claims.

24       This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges.  To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27       Mattel objects that the request contains confidential, proprietary and trade

28  secret information.  A Protective Order exists in this case, obviating any concern as

1  to protection of privacy rights and/or commercially sensitive information.

2      Mattel objects that the request is duplicative or subsumed within prior

3  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

4  agree to produce responsive non-privileged documents is not proper based on this

5  objection.

6      Mattel objects that Mattel's actions in relation to the "Bratz" line of products

7  are not at issue in this action and are irrelevant to the claims and defenses in this

8  suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2 of

9  these consolidated proceedings.  Discovery relating to Bratz is likely to lead to

10  admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair

11  competition claim, Mattel's trade secret misappropriation claim, and both parties

12  damages claims.

13      As for relevancy, Mattel has not attempted to demonstrate why the

14  information sought in response to this request is not discoverable in Phase 2. On the

15  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

16  product lines, including its BRATZ product line, packaging, themes,

17  accessories, and advertising. Mattel's "MY SCENE" is an example of one

18  such accused Mattel product line.  Documents related to BRATZ intellectual

19  property that are in Mattel's possession, custody, or control are discoverable in

20  Phase 2 and  highly relevant to  MGA's claims, including its allegation of serial

21  copying by Mattel.

22      None of Mattel's improper objections are valid and Mattel is obligated to

23  produce all non-privileged responsive documents in its possession, custody, or

24  control.

25

26  **REQUEST FOR PRODUCTION NO. 2:**

27      All DOCUMENTS mentioning, referring or relating to the BRATZ

28  CONCEPT.

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9059, SET ONE; CV 04-9049 SGL (RNBx))

**RESPONSE TO REQUEST NO. 2:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the whether "images, drawings, pictures, sculpts, molds, prototypes and any other form of artwork" both predate the "First Bratz Dolls" and are "'Bratz-related" are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the ground that the term "Bratz Concept" is vague and ambiguous. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to "Bratz" are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

1

2

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

3       Mattel has not agreed to produce documents in response to this request,

4  subject to its improper boilerplate objections.  Mattel has refused to confirm

5  whether or not it has produced all non-privileged responsive documents or whether

6  it is withholding documents based on its objections in Phase 2.  Under the Federal

7  Rules of Civil Procedure, "an objection to part of a request must specify the part

8  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

9  that fail to explain the basis for an objection with specificity are routinely rejected

10  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

11  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

12  burdensome and harassing' are improper – especially when a party fails to submit

13  any evidentiary declarations supporting such objections").  Accordingly, Mattel

14  must be compelled either to certify that it has produced all non-privileged

15  responsive documents or to produce all such documents by a date certain.

16       To the extent that Mattel is relying on its blanket objections, they are not

17  sustainable and do not justify Mattel's failure to produce documents.

18       As to overbreadth, Mattel provides no explanation, let alone the required

19  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

20  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

21  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

22  contrary, the request is narrowly tailored to seek documents concerning the BRATZ

23  concept.

24       As to burden, Mattel has not attempted to demonstrate why responding to

25  this request and/or producing responsive documents presents any burden.  This

26  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

27  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

28  request is unduly burdensome must allege specific facts which indicate the nature

1   and extent of the burden, usually by affidavit or other reliable evidence.")

2   Moreover, it is not unduly burdensome, as noted above, in that the request is

3   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4   has engaged in a broad variety of unfair trade practices including serial copying of

5   MGA products, including the Bratz dolls.  MGA is entitled to discovery on these

6   claims.

7        This request does not seek documents protected by the attorney-client

8   privilege, the attorney work product doctrine, or other applicable privileges.  To the

9   extent that Mattel contends that it does, Mattel must provide a privilege log.

10       Mattel objects that the request contains confidential, proprietary and trade

11   secret information.  A Protective Order exists in this case, obviating any concern as

12   to protection of privacy rights and/or commercially sensitive information.

13       Mattel objects that Mattel's actions in relation to the "Bratz" line of products

14   are not at issue in this action and are irrelevant to the claims and defenses in this

15   suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2 of

16   these consolidated proceedings.  Discovery relating to Bratz is likely to lead to

17   admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair

18   competition claim, Mattel's trade secret misappropriation claim, and both parties

19   damages claims.

20       Mattel objects that the request is duplicative or subsumed within prior

21   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

22   agree to produce responsive non-privileged documents is not proper based on this

23   objection.

24       As for relevancy, Mattel has not attempted to demonstrate why the

25   information sought in response to this request is not discoverable in Phase 2. On the

26   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

27   product lines, including its BRATZ product line, packaging, themes,

28   accessories, and advertising.  Documents related to BRATZ, including any related

1   to its concept that are in Mattel's possession, custody, or control are discoverable in

2   Phase 2 and  highly relevant to  MGA's claims, including its allegation of serial

3   copying by Mattel.

4          None of Mattel's improper objections are valid and Mattel is obligated to

5   produce all non-privileged responsive documents in its possession, custody, or

6   control.

7

8   **REQUEST FOR PRODUCTION NO. 3:**

9          All DOCUMENTS mentioning, referring or relating to the FIRST BRATZ

10  DOLLS.

11          **RESPONSE TO REQUEST NO. 3:**

12         In addition to the general objections stated above which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it calls for

14  the disclosure of information subject to the attorney-client privilege, the attorney

15  work-product doctrine and other applicable privileges.  Mattel further objects to this

16  Request as overbroad, unduly burdensome and oppressive on the grounds that it is

17  not limited in time, and seeks all documents in Mattel's possession, custody and

18  control mentioning, referring or relating to the "First Bratz Dolls," including

19  publicly available documents that are equally available to defendants.  Mattel

20  further objects to this Request on the grounds that such discovery from Mattel is

21  overbroad, unduly burdensome, oppressive and not likely to the lead to the

22  discovery of admissible evidence in that Mattel's actions in relation to the "Bratz"

23  line of products are not at issue in this action and are irrelevant to the claims and

24  defenses in this suit.  Rather, at issue are the actions of defendants and third parties

25  associated with defendants in connection with the projects that defendant Bryant

26  worked on with defendant MGA, which is information known to and within the

27  possession, custody and control of defendants and their associated third parties, not

28  Mattel.  Mattel further objects to this Request on the ground that the term "First

1  Bratz Dolls" is vague and ambiguous.  Mattel further objects to this Request on the

2  grounds that it is duplicative of or subsumed within prior Requests already

3  responded to and seeks the re-production of information and documents already

4  produced in this action.  Such information and documents will not be re-produced.

5

6  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

7  **SHOULD BE COMPELLED**

8  Mattel has not agreed to produce documents in response to this request,

9  subject to its improper boilerplate objections.  Mattel has refused to confirm

10  whether or not it has produced all non-privileged responsive documents or whether

11  it is withholding documents based on its objections in Phase 2.  Under the Federal

12  Rules of Civil Procedure, "an objection to part of a request must specify the part

13  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

14  that fail to explain the basis for an objection with specificity are routinely rejected

15  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

16  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

17  burdensome and harassing' are improper – especially when a party fails to submit

18  any evidentiary declarations supporting such objections").  Accordingly, Mattel

19  must be compelled either to certify that it has produced all non-privileged

20  responsive documents or to produce all such documents by a date certain.

21  To the extent that Mattel is relying on its blanket objections, they are not

22  sustainable and do not justify Mattel's failure to produce documents.

23  As to overbreadth, Mattel provides no explanation, let alone the required

24  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

25  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

26  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

27  contrary, the request is narrowly tailored to seek documents concerning the first

28  BRATZ dolls.

- 9 -

1      As to burden, Mattel has not attempted to demonstrate why responding to

2   this request and/or producing responsive documents presents any burden.  This

3   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5   request is unduly burdensome must allege specific facts which indicate the nature

6   and extent of the burden, usually by affidavit or other reliable evidence.")

7   Moreover, it is not unduly burdensome, as noted above, in that the request is

8   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9   has engaged in a broad variety of unfair trade practices including serial copying of

10  MGA products, including the Bratz dolls.  MGA is entitled to discovery on these

11  claims, including its allegation of serial copying by Mattel.

12      This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges.  To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15      Mattel objects that the request contains confidential, proprietary and trade

16  secret information.  A Protective Order exists in this case, obviating any concern as

17  to protection of privacy rights and/or commercially sensitive information.

18      Mattel objects that Mattel's actions in relation to the "Bratz" line of products

19  are not at issue in this action and are irrelevant to the claims and defenses in this

20  suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2 of

21  these consolidated proceedings.  Discovery relating to Bratz is likely to lead to

22  admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair

23  competition claim, Mattel's trade secret misappropriation claim, and both parties'

24  damages claims.

25      Mattel objects that the request is duplicative or subsumed within prior

26  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

27  agree to produce responsive non-privileged documents is not proper based on this

28  objection.

1  Mattel objects that the term "FIRST BRATZ DOLLS" is vague and

2  ambiguous.  To the contrary, the term "FIRST BRATZ DOLLS" has been clearly

3  defined in definition number 3 as particular dolls identified by name and SKU.

4  As for relevancy, Mattel has not attempted to demonstrate why the

5  information sought in response to this request is not discoverable in Phase 2. On the

6  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

7  product lines, including its BRATZ dolls, packaging, themes, accessories, and

8  advertising.  Documents related to the first BRATZ dolls that are in Mattel's

9  possession, custody, or control are discoverable in Phase 2 and  highly relevant to

10  MGA's claims, including its allegation of serial copying by Mattel.

11  None of Mattel's improper objections are valid and Mattel is obligated to

12  produce all non-privileged responsive documents in its possession, custody, or

13  control.

14

15  **REQUEST FOR PRODUCTION. 4:**

16  All DOCUMENTS mentioning, referring or relating to the conception,

17  creation, design, development or reduction to practice of the FIRST BRATZ

18  DOLLS.

19  **RESPONSE TO REQUEST NO. 4:**

20  In addition to the general objections stated above which are incorporated

21  herein by reference, Mattel objects to this Request as overbroad, unduly

22  burdensome and oppressive on the grounds that it that it purports to require Mattel

23  to identify documents relating to matters that are currently known to and in the

24  possession, custody and control of Bryant, MGA and nonparties, including

25  nonparties associated with defendant.  Mattel further objects to this Request as

26  overbroad and unduly burdensome because it is not limited in time, and seeks <u>all</u>

27  documents mentioning, referring or relating to the conception, creation, design,

28  development or reduction to practice of the "First Bratz Dolls,' including publicly

1   available documents that are equally available to defendants.  Mattel further objects

2   to this Request on the grounds that it calls for the disclosure of information subject

3   to the attorney-client privilege, the attorney work-product doctrine and other

4   applicable privileges.  Mattel further objects to this Request on the grounds that it is

5   duplicative of or subsumed within prior Requests already responded to and seeks

6   the re-production of information and documents already produced in this action.

7   Such information and documents will not be re-produced.

8

9   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

10

11       Mattel has not agreed to produce documents in response to this request,

12   subject to its improper boilerplate objections.  Mattel has refused to confirm

13   whether or not it has produced all non-privileged responsive documents or whether

14   it is withholding documents based on its objections in Phase 2.  Under the Federal

15   Rules of Civil Procedure, "an objection to part of a request must specify the part

16   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

17   that fail to explain the basis for an objection with specificity are routinely rejected

18   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

19   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

20   burdensome and harassing' are improper – especially when a party fails to submit

21   any evidentiary declarations supporting such objections").  Accordingly, Mattel

22   must be compelled either to certify that it has produced all non-privileged

23   responsive documents or to produce all such documents by a date certain.

24       To the extent that Mattel is relying on its blanket objections, they are not

25   sustainable and do not justify Mattel's failure to produce documents.

26       As to overbreadth, Mattel provides no explanation, let alone the required

27   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

28   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

1    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2    contrary, the request is narrowly tailored to seek documents concerning the

3    conception, creation, design, development, or reduction to practice of the FIRST

4    BRATZ DOLLS.

5          As to burden, Mattel has not attempted to demonstrate why responding to

6    this request and/or producing responsive documents presents any burden.  This

7    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

8    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9    request is unduly burdensome must allege specific facts which indicate the nature

10   and extent of the burden, usually by affidavit or other reliable evidence.")

11   Moreover, it is not unduly burdensome, as noted above, in that the request is

12   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

13   has engaged in a broad variety of unfair trade practices including serial copying of

14   MGA products, including the Bratz dolls.  MGA is entitled to discovery on these

15   claims.

16         This request does not seek documents protected by the attorney-client

17   privilege, the attorney work product doctrine, or other applicable privileges.  To the

18   extent that Mattel contends that it does, Mattel must provide a privilege log.

19         Mattel objects that the request is duplicative or subsumed within prior

20   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

21   agree to produce responsive non-privileged documents is not proper based on this

22   objection.

23         As for relevancy, Mattel has not attempted to demonstrate why the

24   information sought in response to this request is not discoverable in Phase 2. On the

25   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

26   product lines, including its BRATZ dolls, packaging, themes, accessories, and

27   advertising.  Documents related to the conception, creation, design, development, or

28   reduction to practice of FIRST BRATZ DOLLS that are in Mattel's possession,

1   custody, or control are discoverable in Phase 2 and  highly relevant to MGA's

2   claims, including its allegation of serial copying by Mattel.

3       None of Mattel's improper objections are valid and Mattel is obligated to

4   produce all non-privileged responsive documents in its possession, custody, or

5   control.

6

7   **REQUEST FOR PRODUCTION NO. 5:**

8       All DOCUMENTS mentioning, referring or relating to BRATZ DOLLS, if

9   YOU seek in this case to enjoin the sale of BRATZ DOLLS, or seek, as any part of

10  YOUR recovery or damages in this case, any right or interest in, revenues or profits

11  from, or lost profits or other damages caused by BRATZ DOLLS.

12  **RESPONSE TO REQUEST NO. 5:**

13      In addition to the general objections stated above which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is

15  unreasonably burdensome and premature in that the facts necessary to determine

16  the full nature and extent of Mattel's relief and damages from defendant's acts or

17  omissions are known by defendants and third parties associated with defendants,

18  but are not known by Mattel at this juncture because of defendants' refusals to

19  produce basic discovery.  Mattel further objects to this Request on the grounds that

20  it is not limited in time or geographical scope, and seeks all documents mentioning,

21  referring or relating, to "Bratz Dolls," including publicly available documents that

22  are equally available to defendants.  Mattel further objects to this Request on the

23  grounds that such discovery from Mattel is overbroad, unduly burdensome,

24  oppressive and not likely to the lead to the discovery of admissible evidence in that

25  Mattel's actions in relation to the "Bratz" line of products are not at issue in this

26  action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are

27  the actions of defendants and third parties associated with defendants in connection

28  with the projects that defendant Bryant worked on with defendant MGA, which is

1   information known to and within the possession, custody and control of defendants

2   and their associated third parties, not Mattel.  Mattel further objects to this Request

3   on the grounds that it is improperly phrased as a legal contention.  Mattel further

4   objects to this Request on the grounds that it calls for the disclosure of information

5   subject to the attorney-client privilege, the attorney work-product doctrine and other

6   applicable privileges.  Mattel further objects to this Request on the grounds that it

7   seeks confidential, proprietary and trade secret information, such as current and

8   future Mattel marketing and pricing plans and strategies, that has no bearing on the

9   claims or defenses in this case.  Mattel further objects to this Request on the

10  grounds that it is duplicative of or subsumed within prior Requests already

11  responded to and seeks the re-production of information and documents already

12  produced in this action.  Such information and documents will not be re-produced.

13

14  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

15  **SHOULD BE COMPELLED**

16  Mattel has not agreed to produce documents in response to this request,

17  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

18  Procedure, "an objection to part of a request must specify the part and permit

19  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

20  explain the basis for an objection with specificity are routinely rejected in the

21  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

22  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

23  and harassing' are improper – especially when a party fails to submit any

24  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

25  compelled either to certify that it has produced all non-privileged responsive

26  documents or to produce all such documents by a date certain.

27  To the extent that Mattel is relying on its blanket objections, they are not

28  sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. This request is narrowly tailored to Mattel's intent to assert a particular damages claim or claim for injunctive relief. The category of documents requested is relevant to the damages claim and claim for injunctive relief, and it is clearly discoverable to the extent that Mattel is requesting such relief in Phase 2.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products. Mattel also has a claim of trade secret misappropriation against MGA in Phase 2. MGA is entitled to discovery on its claims and defenses.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential, proprietary and trade secret information. A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel's prayer for relief is extremely broad in Phase 2. MGA is entitled to all documents on the issue, and not just those that Mattel chooses to produce in support of its claims. Because Mattel's pleadings seek such broad relief, MGA is

1   entitled to extremely broad discovery to the extent that Mattel intends to assert

2   particular damages theories or to request injunctive relief.

3        None of Mattel's improper objections are valid and Mattel is obligated to

4   produce all non-privileged responsive documents in its possession, custody, or

5   control.

6

7   **<u>REQUEST FOR PRODUCTION NO. 6:</u>**

8        All DOCUMENTS mentioning, referring or relating to the conception,

9   creation, design; development or reduction to practice of BRATZ DOLLS, if YOU

10   seek in this case to enjoin the sale of BRATZ DOLLS, or seek, as any part of

11   YOUR recovery or damages in this case, any right or interest in, revenues or profits

12   from, or lost profits or other damages caused by BRATZ DOLLS.

13   **<u>RESPONSE TO REQUEST NO. 6:</u>**

14        In addition to the general objections stated above, which are incorporated

15   herein by reference, Mattel objects to this Request on the grounds that it is

16   unreasonably burdensome and premature in that the facts necessary to determine

17   the full nature and extent of Mattel's relief and damages from defendant's acts or

18   omissions are known by defendants and third parties associated with defendants,

19   but are not known by Mattel at this juncture because of defendants' refusals to

20   produce basic discovery.  Mattel further objects to this Request on the grounds that

21   it is not limited in time or geographical scope, and seeks all documents in Mattel's

22   possession, custody and control mentioning, referring or relating to "the

23   conception, creation, design, development or reduction to practice of 'Bratz Dolls,'

24   including publicly available documents that are equally available to defendants.

25   Mattel further objects to this Request on the grounds that such discovery from

26   Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to

27   the discovery of admissible evidence in that Mattel's actions in relation to the

28   "Bratz" line of products are not at issue in this action and are irrelevant to the

- 17 -

1  claims and defenses in this suit.  Rather, at issue are the actions of defendants and

2  third parties associated with defendants in connection with the projects that

3  defendant Bryant worked on with defendant MGA, which is information known to

4  and within the possession, custody and control of defendants and their associated

5  third parties, not Mattel.  Mattel further objects to this Request on the grounds that

6  it seeks confidential, proprietary and trade secret information, such as current and

7  future Mattel marketing and pricing plans and strategies, that has no bearing on the

8  claims or defenses in this case.  Mattel further objects to this Request on the

9  grounds that it calls for the disclosure of information subject to the attorney-client

10  privilege, the attorney work-product doctrine and other applicable privileges.

11  Mattel further objects to this Request on the grounds that it is improperly phrased as

12  a legal contention.  Mattel further objects to this Request on the grounds that it is

13  duplicative of or subsumed within prior Requests already responded to and seeks

14  the re-production of information and documents already produced in this action.

15  Such information and documents will not be re-produced.

16

17  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
18  SHOULD BE COMPELLED**

19      Mattel has not agreed to produce documents in response to this request,

20  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

21  Procedure, "an objection to part of a request must specify the part and permit

22  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

23  explain the basis for an objection with specificity are routinely rejected in the

24  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

25  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

26  and harassing' are improper – especially when a party fails to submit any

27  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

28

1   compelled either to certify that it has produced all non-privileged responsive

2   documents or to produce all such documents by a date certain.

3     To the extent that Mattel is relying on its blanket objections, they are not

4   sustainable and do not justify Mattel's failure to produce documents.

5     As to overbreadth, Mattel provides no explanation, let alone the required

6   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

9   request is narrowly tailored to Mattel's intent to assert a particular damages claim

10  or claim for injunctive relief.  The category of documents requested is relevant to

11  the damages claim and claim for injunctive relief, and it is clearly discoverable to

12  the extent that Mattel is requesting such relief in Phase 2.

13    As to burden, Mattel has not attempted to demonstrate why responding to

14  this request and/or producing responsive documents presents any burden.  This

15  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

16  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17  request is unduly burdensome must allege specific facts which indicate the nature

18  and extent of the burden, usually by affidavit or other reliable evidence.")

19  Moreover, it is not unduly burdensome, as noted above, in that the request is

20  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

21  has engaged in a broad variety of unfair trade practices including serial copying of

22  MGA products.  Mattel also has a claim of trade secret misappropriation against

23  MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

24    This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges.  To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27    Mattel objects that the request contains confidential, proprietary and trade

28  secret information.  A Protective Order exists in this case, obviating any concern as

1    to protection of privacy rights and/or commercially sensitive information.

2          Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

3    all documents on the issue, and not just those that Mattel chooses to produce in

4    support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

5    entitled to extremely broad discovery to the extent that Mattel intends to assert

6    particular damages theories or to request injunctive relief.

7          None of Mattel's improper objections are valid and Mattel is obligated to

8    produce all non-privileged responsive documents in its possession, custody, or

9    control.

10

11   **REQUEST FOR PRODUCTION NO. 7:**

12          All DOCUMENTS mentioning, referring or relating to the BRATZ PACK, if

13   YOU seek in this case to enjoin the sale of the BRATZ PACK, or seek, as any part

14   of YOUR recovery or damages in this case, any right or interest in, revenues or

15   profits from, or lost profits or other damages caused by the BRATZ PACK.

16          **RESPONSE TO REQUEST NO. 7:**

17          In addition to the general objections stated above, which are incorporated

18   herein by reference, Mattel objects to this Request on the grounds that it is

19   unreasonably burdensome and premature in that the facts necessary to determine

20   the full nature and extent of Mattel's relief and damages from defendant's acts or

21   omissions are known by defendants and third parties associated with defendants,

22   but are not known by Mattel at this juncture because of defendants' refusals to

23   produce basic discovery.  Mattel further objects to this Request on the grounds that

24   it is not limited in time or geographical scope, and seeks all documents in Mattel's

25   possession, custody and control mentioning, referring or relating to the "Bratz

26   Pack," including publicly available documents that are equally available to

27   defendants.  Mattel further objects to this Request on the grounds that such

28   discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely

to the lead to the discovery of admissible evidence in that Mattel's actions in

relation to the "Bratz" line of products are not at issue in this action and are

irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of

defendants and third parties associated with defendants in connection with the

projects that defendant Bryant worked on with defendant MGA, which is

information known to and within the possession, custody and control of defendants

and their associated third parties, not Mattel.  Mattel further objects to this Request

on the grounds that it seeks confidential, proprietary and trade secret information,

such as current and future Mattel marketing and pricing plans and strategies, that

has no bearing on the claims or defenses in this case.  Mattel further objects to this

Request on the grounds that it calls for the disclosure of information subject to the

attorney-client privilege, the attorney work-product doctrine and other applicable

privileges.  Mattel further objects to this Request on the grounds that it is

improperly phrased as a legal contention.  Mattel further objects to this Request on

the grounds that it is duplicative of or subsumed within prior Requests already

responded to and seeks the re-production of information and documents already

produced in this action.  Such information and documents will not be re-produced.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request,

resting on its improper boilerplate objections.  Under the Federal Rules of Civil

Procedure, "an objection to part of a request must specify the part and permit

inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

explain the basis for an objection with specificity are routinely rejected in the

Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

(C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

and harassing' are improper – especially when a party fails to submit any

- 21 -

1    evidentiary declarations supporting such objections").  Accordingly, Mattel must be

2    compelled either to certify that it has produced all non-privileged responsive

3    documents or to produce all such documents by a date certain.

4          To the extent that Mattel is relying on its blanket objections, they are not

5    sustainable and do not justify Mattel's failure to produce documents.

6          As to overbreadth, Mattel provides no explanation, let alone the required

7    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

10   request is narrowly tailored to Mattel's intent to assert a particular damages claim

11   or claim for injunctive relief.  The category of documents requested is relevant to

12   the damages claim and claim for injunctive relief, and it is clearly discoverable to

13   the extent that Mattel is requesting such relief in Phase 2.

14          As to burden, Mattel has not attempted to demonstrate why responding to

15   this request and/or producing responsive documents presents any burden.  This

16   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

17   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18   request is unduly burdensome must allege specific facts which indicate the nature

19   and extent of the burden, usually by affidavit or other reliable evidence.")

20   Moreover, it is not unduly burdensome, as noted above, in that the request is

21   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

22   has engaged in a broad variety of unfair trade practices including serial copying of

23   MGA products.  Mattel also has a claim of trade secret misappropriation against

24   MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

25          This request does not seek documents protected by the attorney-client

26   privilege, the attorney work product doctrine, or other applicable privileges.  To the

27   extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1   Mattel objects that the request contains confidential, proprietary and trade
2   secret information.  A Protective Order exists in this case, obviating any concern as
3   to protection of privacy rights and/or commercially sensitive information.

4   Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to
5   all documents on the issue, and not just those that Mattel chooses to produce in
6   support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is
7   entitled to extremely broad discovery to the extent that Mattel intends to assert
8   particular damages theories or to request injunctive relief.

9   None of Mattel's improper objections are valid and Mattel is obligated to
10  produce all non-privileged responsive documents in its possession, custody, or
11  control.

12

13  **REQUEST FOR PRODUCTION NO. 8:**

14  All DOCUMENTS mentioning, referring or relating to the conception,
15  creation, design, development or reduction to practice of the BRATZ PACK, if
16  YOU seek in this case to enjoin the sale of the BRATZ PACK, or seek, as any part
17  of YOUR recovery or damages in this case, any right or interest in, revenues or
18  profits from, or lost profits or other damages caused by the BRATZ PACK.

19  **RESPONSE TO REQUEST NO. 8:**

20  In addition to the general objections stated above, which are incorporated
21  herein by reference, Mattel objects to this Request on the grounds that it is vague
22  and ambiguous and is unreasonably burdensome and premature in that the facts
23  necessary to determine the full nature and extent of Mattel's relief and damages
24  from defendant's acts or omissions are known by defendants and third parties
25  associated with defendants, but are not known by Mattel at this juncture because of
26  defendants' refusals to produce basic discovery.  Mattel further objects to this
27  Request on the grounds that it is not limited in time or geographical scope, and
28  seeks all documents in Mattel's possession, custody and control mentioning,

- 23 -

1  referring or relating to "the conception, creation, design, development or reduction

2  to practice of the 'Bratz Pack,'" including publicly available documents that are

3  equally available to defendants.  Mattel further objects to this Request on the

4  grounds that such discovery from Mattel is overbroad, unduly burdensome,

5  oppressive and not likely to the lead to the discovery of admissible evidence in that

6  Mattel's actions in relation to the "Bratz" line of products are not at issue in this

7  action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are

8  the actions of defendants and third parties associated with defendants in connection

9  with the projects that defendant Bryant worked on with defendant MGA, which is

10  information known to and within the possession, custody and control of defendants

11  and their associated third parties, not Mattel.  Mattel further objects to this Request

12  on the grounds that it seeks confidential, proprietary and trade secret information,

13  such as current and future Mattel marketing and pricing plans and strategies, that

14  has no bearing on the claims or defenses in this case.  Mattel further objects to this

15  Request on the grounds that it calls for the disclosure of information subject to the

16  attorney-client privilege, the attorney work-product doctrine and other applicable

17  privileges.  Mattel further objects to this Request on the grounds that it is

18  improperly phrased as a legal contention.  Mattel further objects to this Request on

19  the grounds that it is duplicative of or subsumed within prior Requests already

20  responded to and seeks the re-production of information and documents already

21  produced in this action.  Such information and documents will not be re-produced.

22

23  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

24  **SHOULD BE COMPELLED**

25  Mattel has not agreed to produce documents in response to this request,

26  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

27  Procedure, "an objection to part of a request must specify the part and permit

28  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

1   explain the basis for an objection with specificity are routinely rejected in the

2   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

3   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

4   and harassing' are improper – especially when a party fails to submit any

5   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

6   compelled either to certify that it has produced all non-privileged responsive

7   documents or to produce all such documents by a date certain.

8          To the extent that Mattel is relying on its blanket objections, they are not

9   sustainable and do not justify Mattel's failure to produce documents.

10         As to overbreadth, Mattel provides no explanation, let alone the required

11  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

12  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

13  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

14  request is narrowly tailored to Mattel's intent to assert a particular damages claim

15  or claim for injunctive relief.  The category of documents requested is relevant to

16  the damages claim and claim for injunctive relief, and it is clearly discoverable to

17  the extent that Mattel is requesting such relief in Phase 2.

18          As to burden, Mattel has not attempted to demonstrate why responding to

19  this request and/or producing responsive documents presents any burden.  This

20  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

21  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22  request is unduly burdensome must allege specific facts which indicate the nature

23  and extent of the burden, usually by affidavit or other reliable evidence.")

24  Moreover, it is not unduly burdensome, as noted above, in that the request is

25  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

26  has engaged in a broad variety of unfair trade practices including serial copying of

27  MGA products.  Mattel also has a claim of trade secret misappropriation against

28  MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

1   This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4   Mattel objects that the request contains confidential, proprietary and trade

5   secret information.  A Protective Order exists in this case, obviating any concern as

6   to protection of privacy rights and/or commercially sensitive information.

7   Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

8   all documents on the issue, and not just those that Mattel chooses to produce in

9   support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

10   entitled to extremely broad discovery to the extent that Mattel intends to assert

11   particular damages theories or to request injunctive relief.

12   None of Mattel's improper objections are valid and Mattel is obligated to

13   produce all non-privileged responsive documents in its possession, custody, or

14   control.

15

16   **REQUEST FOR PRODUCTION NO. 9:**

17   All DOCUMENTS mentioning, referring or relating to LIL' BRATZ, if

18   YOU seek in this case to enjoin the sale of LIL' BRATZ, or seek, as any part of

19   YOUR recovery or damages in this case, any right or interest in, revenues or profits

20   from, or lost profits or other damages caused by LIL' BRATZ.

21   **RESPONSE TO REQUEST NO. 9:**

22   In addition to the general objections stated above, which are incorporated

23   herein by reference, Mattel objects to this Request on the grounds that it is

24   unreasonably burdensome and premature in that the facts necessary to determine

25   the full nature and extent of Mattel's relief and damages from defendant's acts or

26   omissions are known by defendants and third parties associated with defendants,

27   but are not known by Mattel at this juncture because of defendants' refusals to

28   produce basic discovery.  Mattel further objects to this Request on the grounds that

it is not limited in time or geographical scope, and seeks all documents in Mattel's possession, custody and control mentioning, referring or relating to "Lil' Bratz," including publicly available documents that are equally available to defendants. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and the grounds that it is improperly phrased as a legal contention.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, resting on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to **why** this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This request is narrowly tailored to Mattel's intent to assert a particular damages claim or claim for injunctive relief.  The category of documents requested is relevant to the damages claim and claim for injunctive relief, and it is clearly discoverable to the extent that Mattel is requesting such relief in Phase 2.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products.  Mattel also has a claim of trade secret misappropriation against MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

- 28 -

1   Mattel objects that the request contains confidential, proprietary and trade

2   secret information.  A Protective Order exists in this case, obviating any concern as

3   to protection of privacy rights and/or commercially sensitive information.

4   Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

5   all documents on the issue, and not just those that Mattel chooses to produce in

6   support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

7   entitled to extremely broad discovery to the extent that Mattel intends to assert

8   particular damages theories or to request injunctive relief.

9   None of Mattel's improper objections are valid and Mattel is obligated to

10   produce all non-privileged responsive documents in its possession, custody, or

11   control.

12

13   **REQUEST FOR PRODUCTION NO. 10:**

14   All DOCUMENTS mentioning, referring or relating to the conception,

15   creation, design, development or reduction to practice of LIL' BRATZ; if YOU

16   seek in this case to enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR

17   recovery or damages in this case, any right or interest in, revenues or profits from,

18   or lost profits or other damages caused by LIL' BRATZ.

19   **RESPONSE TO REQUEST NO. 10:**

20   In addition to the general objections stated above, which are incorporated

21   herein by reference, Mattel objects to this Request on the grounds that it is

22   unreasonably burdensome and premature in that the facts necessary to determine

23   the full nature and extent of Mattel's relief and damages from defendant's acts or

24   omissions are known by defendants and third parties associated with defendants,

25   but are not known by Mattel at this juncture because of defendants' refusals to

26   produce basic discovery.  Mattel further objects to this Request on the grounds that

27   it is not limited in time or geographical scope, and seeks all documents in Mattel's

28   possession, custody and control mentioning, referring or relating to the "the

OHS West:260723192

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9059, SET ONE; CV 04-9049 SGL (RNBx))

conception, creation, design, development or reduction to practice of 'Lil' Bratz,'" including publicly available documents that are equally available to defendants. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and strategies, that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, resting on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

1   explain the basis for an objection with specificity are routinely rejected in the

2   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

3   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

4   and harassing' are improper – especially when a party fails to submit any

5   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

6   compelled either to certify that it has produced all non-privileged responsive

7   documents or to produce all such documents by a date certain.

8       To the extent that Mattel is relying on its blanket objections, they are not

9   sustainable and do not justify Mattel's failure to produce documents.

10      As to overbreadth, Mattel provides no explanation, let alone the required

11  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

12  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

13  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

14  request is narrowly tailored to Mattel's intent to assert a particular damages claim

15  or claim for injunctive relief.  The category of documents requested is relevant to

16  the damages claim and claim for injunctive relief, and it is clearly discoverable to

17  the extent that Mattel is requesting such relief in Phase 2.

18       As to burden, Mattel has not attempted to demonstrate why responding to

19  this request and/or producing responsive documents presents any burden.  This

20  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

21  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22  request is unduly burdensome must allege specific facts which indicate the nature

23  and extent of the burden, usually by affidavit or other reliable evidence.")

24  Moreover, it is not unduly burdensome, as noted above, in that the request is

25  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

26  has engaged in a broad variety of unfair trade practices including serial copying of

27  MGA products.  Mattel also has a claim of trade secret misappropriation against

28  MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

1   This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4        Mattel objects that the request contains confidential, proprietary and trade

5   secret information.  A Protective Order exists in this case, obviating any concern as

6   to protection of privacy rights and/or commercially sensitive information.

7        Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

8   all documents on the issue, and not just those that Mattel chooses to produce in

9   support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

10  entitled to extremely broad discovery to the extent that Mattel intends to assert

11  particular damages theories or to request injunctive relief.

12       None of Mattel's improper objections are valid and Mattel is obligated to

13  produce all non-privileged responsive documents in its possession, custody, or

14  control.

15

16  **REQUEST FOR PRODUCTION NO. 11:**

17       All DOCUMENTS mentioning, referring or relating to BRATZ PETZ, if

18  YOU seek in this case to enjoin the sale of BRATZ PETZ, or seek, as any part of

19  YOUR recovery or damages in this case, any right or interest in, revenues or profits

20  from, or lost profits or other damages caused by BRATZ PETZ.

21  **RESPONSE TO REQUEST NO. 11:**

22       In addition to the general objections stated above, which are incorporated

23  herein by reference, Mattel objects to this Request on the grounds that it is

24  unreasonably burdensome and premature in that the facts necessary to determine

25  the full nature and extent of Mattel's relief and damages from defendant's acts or

26  omissions are known by defendants and third parties associated with defendants,

27  but are not known by Mattel at this juncture because of defendants' refusals to

28  produce basic discovery.  Mattel further objects to this Request on the grounds that

- 32 -

1   it is not limited in time or geographical scope, and seeks all documents in Mattel's

2   possession, custody and control mentioning, referring or relating to "Bratz Petz,"

3   including publicly available documents that are equally available to defendants.

4   Mattel further objects to this Request on the grounds that such discovery from

5   Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to

6   the discovery of admissible evidence in that Mattel's actions in relation to the

7   "Bratz" line of products are not at issue in this action and are irrelevant to the

8   claims and defenses in this suit.  Rather, at issue are the actions of defendants and

9   third parties associated with defendants in connection with the projects that

10  defendant Bryant worked on with defendant MGA, which is information known to

11  and within the possession, custody' and control of defendants and their associated

12  third parties, not Mattel.  Mattel further objects to this Request on the grounds that

13  it seeks confidential, proprietary and trade secret information, such as current and

14  future Mattel marketing and pricing plans and strategies, that has no bearing on the

15  claims or defenses in this case.  Mattel further objects to this Request on the

16  grounds that it calls for the disclosure of information subject to the attorney-client

17  privilege, the attorney work-product doctrine and other applicable privileges.

18  Mattel further objects to this Request on the grounds that it is improperly phrased as

19  a legal contention.  Mattel further objects to this Request on the grounds that it is

20  duplicative of or subsumed within prior Requests already responded to and seeks

21  the re-production of information and documents already produced in this action.

22  Such information and documents will not be re-produced.

23

24       **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
         SHOULD BE COMPELLED**

25

26       Mattel has not agreed to produce documents in response to this request,

27  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

28  Procedure, "an objection to part of a request must specify the part and permit

1    inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to

2    explain the basis for an objection with specificity are routinely rejected in the

3    Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

4    (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

5    and harassing' are improper – especially when a party fails to submit any

6    evidentiary declarations supporting such objections"). Accordingly, Mattel must be

7    compelled either to certify that it has produced all non-privileged responsive

8    documents or to produce all such documents by a date certain.

9         To the extent that Mattel is relying on its blanket objections, they are not

10   sustainable and do not justify Mattel's failure to produce documents.

11        As to overbreadth, Mattel provides no explanation, let alone the required

12   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

13   This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

14   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. This

15   request is narrowly tailored to Mattel's intent to assert a particular damages claim

16   or claim for injunctive relief. The category of documents requested is relevant to

17   the damages claim and claim for injunctive relief, and it is clearly discoverable to

18   the extent that Mattel is requesting such relief in Phase 2.

19        As to burden, Mattel has not attempted to demonstrate why responding to

20   this request and/or producing responsive documents presents any burden. This

21   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co.,

22   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23   request is unduly burdensome must allege specific facts which indicate the nature

24   and extent of the burden, usually by affidavit or other reliable evidence.")

25   Moreover, it is not unduly burdensome, as noted above, in that the request is

26   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

27   has engaged in a broad variety of unfair trade practices including serial copying of

28

1   MGA products.  Mattel also has a claim of trade secret misappropriation against

2   MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

3       This request does not seek documents protected by the attorney-client

4   privilege, the attorney work product doctrine, or other applicable privileges.  To the

5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6       Mattel objects that the request contains confidential, proprietary and trade

7   secret information.  A Protective Order exists in this case, obviating any concern as

8   to protection of privacy rights and/or commercially sensitive information.

9       Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

10  all documents on the issue, and not just those that Mattel chooses to produce in

11  support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

12  entitled to extremely broad discovery to the extent that Mattel intends to assert

13  particular damages theories or to request injunctive relief.

14      None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession, custody, or

16  control.

17

18  **REQUEST FOR PRODUCTION NO. 12:**

19      All DOCUMENTS mentioning, referring or relating to the conception,

20  creation, design, development or reduction to practice of BRATZ PETZ, if YOU

21  seek in this case to enjoin the sale of BRATZ PETZ, or seek, as any part of YOUR

22  recovery or damages in this case, any right or interest in, revenues or profits from,

23  or lost profits or other damages caused by BRATZ PETZ.

24      **RESPONSE TO REQUEST NO. 12:**

25      In addition to the general objections stated above, which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is

27  unreasonably burdensome and premature in that the facts necessary to determine

28  the full nature and extent of Mattel's relief and damages from defendant's acts or

1   omissions are known by defendants and third parties associated with defendants,

2   but are not known by Mattel at this juncture because of defendants' refusals to

3   produce basic discovery.  Mattel further objects to this Request on the grounds that

4   it is not limited in time or geographical scope, and seeks all documents in Mattel's

5   possession, custody and control mentioning, referring or relating to the conception,

6   creation, design, development or reduction to practice of 'Bratz Petz,"' including

7   publicly available documents that are equally available to defendants.  Mattel

8   further objects to this Request on the grounds that such discovery from Mattel is

9   overbroad, unduly burdensome, oppressive and not likely to the lead to the

10  discovery of admissible evidence in that Mattel's actions in relation to the "Bratz"

11  line of products are not at issue in this action and are irrelevant to the claims and

12  defenses in this suit.  Rather, at issue are the actions of defendants and third parties

13  associated with defendants in connection with the projects that defendant Bryant

14  worked on with defendant MGA, which is information known to and within the

15  possession, custody and control of defendants and their associated third parties, not

16  Mattel.  Mattel further objects to this Request on the grounds that it seeks

17  confidential, proprietary and trade secret information, such as current and future

18  Mattel marketing and pricing plans and strategies, that has no bearing on the claims

19  or defenses in this case.  Mattel further objects to this Request on the grounds that it

20  calls for the disclosure of information subject to the attorney-client privilege, the

21  attorney work-product doctrine and other applicable privileges.  Mattel further

22  objects to this Request on the grounds that it is improperly phrased as a legal

23  contention.  Mattel further objects to this Request on the grounds that it is

24  duplicative of or subsumed within prior Requests already responded to and seeks

25  the re-production of information and documents already produced in this action.

26  Such information and documents will not be re-produced.

27

28

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, resting on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to **why** this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This request is narrowly tailored to Mattel's intent to assert a particular damages claim or claim for injunctive relief.  The category of documents requested is relevant to the damages claim and claim for injunctive relief, and it is clearly discoverable to the extent that Mattel is requesting such relief in Phase 2.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

- 37 -

1   and extent of the burden, usually by affidavit or other reliable evidence.")

2   Moreover, it is not unduly burdensome, as noted above, in that the request is

3   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4   has engaged in a broad variety of unfair trade practices including serial copying of

5   MGA products.  Mattel also has a claim of trade secret misappropriation against

6   MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

7        This request does not seek documents protected by the attorney-client

8   privilege, the attorney work product doctrine, or other applicable privileges.  To the

9   extent that Mattel contends that it does, Mattel must provide a privilege log.

10       Mattel objects that the request contains confidential, proprietary and trade

11  secret information.  A Protective Order exists in this case, obviating any concern as

12  to protection of privacy rights and/or commercially sensitive information.

13       Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

14  all documents on the issue, and not just those that Mattel chooses to produce in

15  support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

16  entitled to extremely broad discovery to the extent that Mattel intends to assert

17  particular damages theories or to request injunctive relief.

18       None of Mattel's improper objections are valid and Mattel is obligated to

19  produce all non-privileged responsive documents in its possession, custody, or

20  control.

21

22  **REQUEST FOR PRODUCTION NO. 13:**

23       All DOCUMENTS mentioning, referring or relating to BRATZ BABYZ, if

24  YOU seek in this case to enjoin the sale of BRATZ BABYZ, or seek, as any part of

25  YOUR recovery or damages in this case, any right or interest in, revenues or profits

26  from, or lost profits or other damages caused by BRATZ BABYZ.

27

28

**RESPONSE TO REQUEST NO. 13:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery'.  Mattel further objects to this Request on the grounds that it is not limited in time or geographical scope, and seeks <u>all</u> documents in Mattel's possession, custody and control mentioning, referring or relating to "Bratz Babyz," including publicly available documents that are equally available to defendants. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and strategies, that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks

- 39 -

1   the re-production of information and documents already produced in this action.

2   Such information and documents will not be re-produced.

3

4   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

5

6   Mattel has not agreed to produce documents in response to this request,

7   resting on its improper boilerplate objections.  Under the Federal Rules of Civil

8   Procedure, "an objection to part of a request must specify the part and permit

9   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

10  explain the basis for an objection with specificity are routinely rejected in the

11  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

12  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

13  and harassing' are improper – especially when a party fails to submit any

14  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

15  compelled either to certify that it has produced all non-privileged responsive

16  documents or to produce all such documents by a date certain.

17  To the extent that Mattel is relying on its blanket objections, they are not

18  sustainable and do not justify Mattel's failure to produce documents.

19  As to overbreadth, Mattel provides no explanation, let alone the required

20  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

21  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

23  request is narrowly tailored to Mattel's intent to assert a particular damages claim

24  or claim for injunctive relief.  The category of documents requested is relevant to

25  the damages claim and claim for injunctive relief, and it is clearly discoverable to

26  the extent that Mattel is requesting such relief in Phase 2.

27  As to burden, Mattel has not attempted to demonstrate why responding to

28  this request and/or producing responsive documents presents any burden.  This

- 40 -

1   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

2   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3   request is unduly burdensome must allege specific facts which indicate the nature

4   and extent of the burden, usually by affidavit or other reliable evidence.")

5   Moreover, it is not unduly burdensome, as noted above, in that the request is

6   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7   has engaged in a broad variety of unfair trade practices including serial copying of

8   MGA products.  Mattel also has a claim of trade secret misappropriation against

9   MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

10        This request does not seek documents protected by the attorney-client

11   privilege, the attorney work product doctrine, or other applicable privileges.  To the

12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13        Mattel objects that the request contains confidential, proprietary and trade

14   secret information.  A Protective Order exists in this case, obviating any concern as

15   to protection of privacy rights and/or commercially sensitive information.

16        Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

17   all documents on the issue, and not just those that Mattel chooses to produce in

18   support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

19   entitled to extremely broad discovery to the extent that Mattel intends to assert

20   particular damages theories or to request injunctive relief.

21        None of Mattel's improper objections are valid and Mattel is obligated to

22   produce all non-privileged responsive documents in its possession, custody, or

23   control.

24

25   **REQUEST FOR PRODUCTION NO. 14:**

26        All DOCUMENTS mentioning, referring or relating to the conception,

27   creation, design, development or reduction to practice of the BRATZ BABYZ,

28   YOU seek in this case to enjoin the sale of BRATZ BABYZ, or seek, as any part of

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9059, SET ONE; CV 04-9049 SGL (RNBX))

1    YOUR recovery or damages in this case, any right or interest in, revenues or profits

2    from, or lost profits or other damages caused by BRATZ BABYZ.

3    **RESPONSE TO REQUEST NO. 14:**

4        In addition to the general objections stated above, which are incorporated

5    herein by reference, Mattel objects to this Request on the grounds that it is

6    unreasonably burdensome and premature in that the facts necessary to determine

7    the full nature and extent of Mattel's relief and damages from defendant's acts or

8    omissions are known by defendants and third parties associated with defendants,

9    but are not known by Mattel at this juncture because of defendants' refusals to

10   produce basic discovery.  Mattel further objects to this Request on the grounds that

11   it is not limited in time or geographical scope, and seeks all documents in Mattel's

12   possession, custody and control mentioning, referring or relating to "the

13   conception, creation, design, development or reduction to practice of 'Bratz

14   Babyz,'" including publicly available documents that are equally available to

15   defendants.  Mattel further objects to this Request on the grounds that such

16   discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely

17   to the lead to the discovery of admissible evidence in that Mattel's actions in

18   relation to the "Bratz" line of products are not at issue in this action and are

19   irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of

20   defendants and third parties associated with defendants in connection with the

21   projects that defendant Bryant worked on with defendant MGA, which is

22   information known to and within the possession, custody and control of defendants

23   and their associated third parties, not Mattel.  Mattel further objects to this Request

24   on the grounds that it seeks confidential, proprietary and trade secret information,

25   such as current and future Mattel marketing and pricing plans and strategies, that

26   has no bearing on the claims or defenses in this case.  Mattel further objects to this

27   Request on the grounds that it calls for the disclosure of information subject to the

28   attorney-client privilege, the attorney work-product doctrine and other applicable

1   privileges.  Mattel further objects to this Request on the grounds that it is

2   improperly phrased as a legal contention.  Mattel further objects to this Request on

3   the grounds that it is duplicative of or subsumed within prior Requests already

4   responded to and seeks the re-production of information and documents already

5   produced in this action.  Such information and documents will not be re-produced.

6

7   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

8

9       Mattel has not agreed to produce documents in response to this request,

10   resting on its improper boilerplate objections.  Under the Federal Rules of Civil

11   Procedure, "an objection to part of a request must specify the part and permit

12   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

13   explain the basis for an objection with specificity are routinely rejected in the

14   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

15   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

16   and harassing' are improper – especially when a party fails to submit any

17   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

18   compelled either to certify that it has produced all non-privileged responsive

19   documents or to produce all such documents by a date certain.

20       To the extent that Mattel is relying on its blanket objections, they are not

21   sustainable and do not justify Mattel's failure to produce documents.

22       As to overbreadth, Mattel provides no explanation, let alone the required

23   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

24   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

26   request is narrowly tailored to Mattel's intent to assert a particular damages claim

27   or claim for injunctive relief.  The category of documents requested is relevant to

28

the damages claim and claim for injunctive relief, and it is clearly discoverable to the extent that Mattel is requesting such relief in Phase 2.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products.  Mattel also has a claim of trade secret misappropriation against MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to all documents on the issue, and not just those that Mattel chooses to produce in support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad discovery to the extent that Mattel intends to assert particular damages theories or to request injunctive relief.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

1    **REQUEST FOR PRODUCTION NO. 15:**

2         All DOCUMENTS mentioning, referring or relating to BRATZ BOYZ, if

3    YOU seek in this case to enjoin the sale of BRATZ BOYZ, or seek, as any part of

4    YOUR recovery or damages in this case, any right or interest in, revenues or profits

5    from, or lost profits or other damages caused by BRATZ BOYZ.

6    **RESPONSE TO REQUEST NO. 15:**

7         In addition to the general objections stated above, which are incorporated

8    herein by reference, Mattel objects to this Request on the grounds that it is

9    unreasonably burdensome and premature in that the facts necessary to determine

10   the full nature and extent of Mattel's relief and damages from defendant's acts or

11   omissions are known by defendants and third parties associated with defendants,

12   but are not known by Mattel at this juncture because of defendants' refusals to

13   produce basic discovery.  Mattel further objects to this Request on the grounds that

14   it is not limited in time or geographical scope, and seeks <u>all</u> documents in Mattel's

15   possession, custody and control mentioning, referring or relating to the lead to the

16   discovery of admissible evidence in that Mattel's actions in relation to the "Bratz"

17   line of products are not at issue in this action and are irrelevant to the claims and

18   defenses in this suit.  Rather, at issue are the actions of defendants and third parties

19   associated with defendants in connection with the projects that defendant Bryant

20   worked on with defendant MGA, which is information known to and within the

21   possession, custody and control of defendants and their associated third parties, not

22   Mattel.  Mattel further objects to this Request on the grounds that it seeks

23   confidential, proprietary and trade secret information, such as current and future

24   Mattel marketing and pricing plans and strategies, that has no bearing on the claims

25   or defenses in this case.  Mattel further objects to this Request on the grounds that it

26   calls for the disclosure of information subject to the attorney-client privilege, the

27   attorney work-product doctrine and other applicable privileges.  Mattel further

28   objects to this Request on the grounds that it is improperly phrased as a legal

1  contention.  Mattel further objects to this Request on the grounds that it is

2  duplicative of or subsumed within prior Requests already responded to and seeks

3  the re-production of information and documents already produced in this action.

4  Such information and documents will not be re-produced.

5

6  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

7  **SHOULD BE COMPELLED**

8        Mattel has not agreed to produce documents in response to this request,

9  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

10  Procedure, "an objection to part of a request must specify the part and permit

11  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

12  explain the basis for an objection with specificity are routinely rejected in the

13  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

14  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

15  and harassing' are improper – especially when a party fails to submit any

16  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

17  compelled either to certify that it has produced all non-privileged responsive

18  documents or to produce all such documents by a date certain.

19        To the extent that Mattel is relying on its blanket objections, they are not

20  sustainable and do not justify Mattel's failure to produce documents.

21        As to overbreadth, Mattel provides no explanation, let alone the required

22  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

23  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

24  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

25  request is narrowly tailored to Mattel's intent to assert a particular damages claim

26  or claim for injunctive relief.  The category of documents requested is relevant to

27  the damages claim and claim for injunctive relief, and it is clearly discoverable to

28  the extent that Mattel is requesting such relief in Phase 2.

1        As to burden, Mattel has not attempted to demonstrate why responding to

2   this request and/or producing responsive documents presents any burden.  This

3   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5   request is unduly burdensome must allege specific facts which indicate the nature

6   and extent of the burden, usually by affidavit or other reliable evidence.")

7   Moreover, it is not unduly burdensome, as noted above, in that the request is

8   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9   has engaged in a broad variety of unfair trade practices including serial copying of

10  MGA products.  Mattel also has a claim of trade secret misappropriation against

11  MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

12       This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges.  To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15       Mattel objects that the request contains confidential, proprietary and trade

16  secret information.  A Protective Order exists in this case, obviating any concern as

17  to protection of privacy rights and/or commercially sensitive information.

18       Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

19  all documents on the issue, and not just those that Mattel chooses to produce in

20  support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

21  entitled to extremely broad discovery to the extent that Mattel intends to assert

22  particular damages theories or to request injunctive relief.

23       None of Mattel's improper objections are valid and Mattel is obligated to

24  produce all non-privileged responsive documents in its possession, custody, or

25  control.

26

27

28

1   **REQUEST FOR PRODUCTION NO. 16:**

2          All DOCUMENTS mentioning, referring or relating to the conception,

3   creation, design, development or reduction to practice of BRATZ BOYZ, if YOU

4   seek in this case to enjoin the sale of BRATZ BOYZ, or seek, as any part of YOUR

5   recovery or damages in this case, any right or interest in, revenues or profits from,

6   or lost profits or other damages caused by BRATZ BOYZ.

7          **RESPONSE TO REQUEST NO. 16:**

8          In addition to the general objections stated above, which are incorporated

9   herein by reference, Mattel objects to this Request on the grounds that it is

10  unreasonably burdensome and premature in that the facts necessary to determine

11  the full nature and extent of Mattel's relief and damages from defendant's acts or

12  omissions are known by defendants and third parties associated with defendants,

13  but are not known by Mattel at this juncture because of defendants' refusals to

14  produce basic discovery.  Mattel further objects to this Request on the grounds that

15  it is not limited in time or geographical scope, and seeks all documents in Mattel's

16  possession, custody and control mentioning, referring or relating to "the

17  conception, creation, design, development or reduction to practice of 'Bratz Boyz,'"

18  including publicly available documents that are equally available to defendants.

19  Mattel further objects to this Request on the grounds that such discover! from

20  Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to

21  the discovery of admissible evidence in that Mattel's actions in relation to the

22  "Bratz" line of products are not at issue in this action and are irrelevant to the

23  claims and defenses in this suit.  Rather, at issue are the actions of defendants and

24  third parties associated with defendants in connection with the projects that

25  defendant Bryant worked on with defendant MGA, which is information known to

26  and within the possession, custody and control of defendants and their associated

27  third parties, not Mattel.  Mattel further objects to this Request on the grounds that

28  it seeks confidential, proprietary and trade secret information, such as current and

1   future Mattel marketing and pricing plans and strategies, that has no bearing on the

2   claims or defenses in this case.  Mattel further objects to this Request on the

3   grounds that it calls for the disclosure of information subject to the attorney-client

4   privilege, the attorney work-product doctrine and other applicable privileges.

5   Mattel further objects to this Request on the grounds that it is improperly phrased as

6   a legal contention.  Mattel further objects to this Request on the grounds that it is

7   duplicative of or subsumed within prior Requests already responded to and seeks

8   the re-production of information and documents already produced in this action.

9   Such information and documents will not be re-produced.

10

11   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

12   **SHOULD BE COMPELLED**

13       Mattel has improperly limited its agreement to produce documents in

14   response to this request to "aspects of the Bratz products that MGA has alleged

15   were infringed," and agrees to produce only subject to its improper boilerplate

16   objections.  Mattel's unilateral limitation on its production is unjustified to the

17   extent Mattel is withholding documents on that basis.  Under the Federal Rules of

18   Civil Procedure, "an objection to part of a request must specify the part and permit

19   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

20   explain the basis for an objection with specificity are routinely rejected in the

21   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

22   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

23   and harassing' are improper – especially when a party fails to submit any

24   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

25   compelled either to certify that it has produced all non-privileged responsive

26   documents without limitation or to produce all such documents by a date certain.

27       To the extent that Mattel is relying on its blanket objections, they are not

28   sustainable and do not justify Mattel's failure to produce documents.

1    As to overbreadth, Mattel provides no explanation, let alone the required

2    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

5    request is narrowly tailored to Mattel's intent to assert a particular damages claim

6    or claim for injunctive relief.  The category of documents requested is relevant to

7    the damages claim and claim for injunctive relief, and it is clearly discoverable to

8    the extent that Mattel is requesting such relief in Phase 2.

9    As to burden, Mattel has not attempted to demonstrate why responding to

10   this request and/or producing responsive documents presents any burden.  This

11   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

12   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

13   request is unduly burdensome must allege specific facts which indicate the nature

14   and extent of the burden, usually by affidavit or other reliable evidence.")

15   Moreover, it is not unduly burdensome, as noted above, in that the request is

16   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

17   has engaged in a broad variety of unfair trade practices, from trade dress

18   infringement to serial copying of MGA products.   MGA is entitled to discovery on

19   these claims.

20   This request does not seek documents protected by the attorney-client

21   privilege, the attorney work product doctrine, or other applicable privileges.  To the

22   extent that Mattel contends that it does, Mattel must provide a privilege log.

23   Mattel objects that the request contains confidential/proprietary/trade secret

24   information.  A Protective Order exists in this case, obviating any concern as to

25   protection of privacy rights and/or commercially sensitive information.

26   Mattel's objection that the documents sought are not relevant is unfounded,

27   as copying of Bratz themes, and Mattel's knowledge of those themes before they

28   were advertised or made publicly available is highly relevant to MGA's claims and

- 50 -                SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
                                                                                     9059, SET ONE; CV 04-9049 SGL (RNBx))

1  defenses, including its claims for trade dress infringement and unfair competition

2  through Mattel's serial copying of MGA products.

3     Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

4  all documents on the issue, and not just those that Mattel chooses to produce in

5  support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

6  entitled to extremely broad discovery to the extent that Mattel intends to assert

7  particular damages theories or to request injunctive relief.

8     None of Mattel's improper objections are valid and Mattel is obligated to

9  produce all non-privileged responsive documents in its possession, custody or

10  control.

11

12  **REQUEST FOR PRODUCTION NO. 17:**

13     All DOCUMENTS referring or relating to BRATZ INTELLECTUAL

14  PROPERTY that YOU have given or shown to any person working on or involved

15  in product conception, creation, design or development at or for MATTEL.

16     **RESPONSE TO REQUEST NO. 17:**

17     In addition to the general objections stated above which are incorporated

18  herein by reference, Mattel objects to this Request as being overbroad, unduly

19  burdensome and oppressive on the Grounds that it is not limited in time or

20  geographical scope, and seeks all documents referring or relating to "Bratz

21  Intellectual Property" in Mattel's possession, custody and control given or shown

22  for any reason by anyone at "Mattel," as defined by MGA to include past

23  employees like Bryant, to any person working on or involved in the conception,

24  creation, design or development of any Mattel product, including former and

25  present employees and independent contractors working around the globe.  Mattel

26  further objects to this Request on the grounds that such discovery from Mattel is

27  overbroad, unduly burdensome, oppressive and not likely to the lead to the

28  discovery of admissible evidence in that Mattel's actions in relation to the "Bratz"

- 51 -

1   line of products are not at issue in this action and are irrelevant to the claims and

2   defenses in this suit.  Rather, at issue are the actions of defendants and third parties

3   associated with defendants in connection with the projects that defendant Bryant

4   worked on with defendant MGA, which is information known to and within the

5   possession, custody and control of defendants and their associated third parties, not

6   Mattel.  Mattel further objects to this Request on the ground that the ten-n "Bratz

7   Intellectual Property" is vague and ambiguous.  Mattel further objects to this

8   Request on the grounds that it calls for the disclosure of information subject to the

9   attorney-client privilege, the attorney work-product doctrine and other applicable

10  privileges.

11

12  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

13  **SHOULD BE COMPELLED**

14      Mattel has not agreed to produce documents in response to this request,

15  subject to its improper boilerplate objections.  Mattel has refused to confirm

16  whether or not it has produced all non-privileged responsive documents or whether

17  it is withholding documents based on its objections in Phase 2.  Under the Federal

18  Rules of Civil Procedure, "an objection to part of a request must specify the part

19  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

20  that fail to explain the basis for an objection with specificity are routinely rejected

21  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

22  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

23  burdensome and harassing' are improper – especially when a party fails to submit

24  any evidentiary declarations supporting such objections").  Accordingly, Mattel

25  must be compelled either to certify that it has produced all non-privileged

26  responsive documents or to produce all such documents by a date certain.

27      To the extent that Mattel is relying on its blanket objections, they are not

28  sustainable and do not justify Mattel's failure to produce documents.

1    As to overbreadth, Mattel provides no explanation, let alone the required

2    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5    contrary, the request is narrowly tailored to seek documents concerning BRATZ

6    intellectual property that Mattel has given or shown to anyone working or involved

7    in its products.

8    As to burden, Mattel has not attempted to demonstrate why responding to

9    this request and/or producing responsive documents presents any burden.  This

10   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

11   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12   request is unduly burdensome must allege specific facts which indicate the nature

13   and extent of the burden, usually by affidavit or other reliable evidence.")

14   Moreover, it is not unduly burdensome, as noted above, in that the request is

15   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16   has engaged in a broad variety of unfair trade practices including serial copying of

17   MGA products.  MGA is entitled to discovery on these claims.

18   This request does not seek documents protected by the attorney-client

19   privilege, the attorney work product doctrine, or other applicable privileges.  To the

20   extent that Mattel contends that it does, Mattel must provide a privilege log.

21   Mattel objects that the request is duplicative or subsumed within prior

22   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

23   agree to produce responsive non-privileged documents is not proper based on this

24   objection.

25   Mattel objects that Mattel's actions in relation to the "Bratz" line of products

26   are not at issue in this action and are irrelevant to the claims and defenses in this

27   suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2 of

28   these consolidated proceedings.  Discovery relating to Bratz is likely to lead to

1   admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair

2   competition claim, Mattel's trade secret misappropriation claim, and both parties

3   damages claims.

4        As for relevancy, Mattel has not attempted to demonstrate why the

5   information sought in response to this request is not discoverable in Phase 2. On the

6   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

7   product lines, including its BRATZ product line, packaging, themes,

8   accessories, and advertising. Documents related to BRATZ intellectual property

9   that Mattel has given or shown to anyone working on its products are highly

10   relevant to MGA's claims, including its allegation of serial copying by Mattel, and

11   are discoverable in Phase 2.

12        None of Mattel's improper objections are valid and Mattel is obligated to

13   produce all non-privileged responsive documents in its possession, custody, or

14   control.

15

16   **REQUEST FOR PRODUCTION NO. 18:**

17        All DOCUMENTS referring or relating to the BRATZ CONCEPT that YOU

18   have given or shown to any person working on or involved in product conception,

19   creation, design or development at or for MATTEL.

20        **RESPONSE TO REQUEST NO. 18:**

21        In addition to the general objections stated above, which are incorporated

22   herein by reference, Mattel objects to this Request as overbroad, unduly

23   burdensome and oppressive on the grounds that it is not limited in time, and seeks

24   all documents in Mattel's possession, custody and control referring or relating to

25   the "Bratz Concept" that was given or shown for any reason by anyone at "Mattel,"

26   as defined by MGA to include past employees like Bryant, to any person working

27   on or involved in the conception, creation, design or development of any Mattel

28   product, including former and present employees and independent contractors

1   working around the globe.  Mattel further objects to this Request on the grounds

2   that such discovery from Mattel is overbroad, unduly burdensome, oppressive and

3   not likely to the lead to the discovery of admissible evidence in that Mattel's

4   actions in relation to "Bratz" are not at issue in this action and are irrelevant to the

5   claims and defenses in this suit.  Rather, at issue are the actions of defendants and

6   third parties associated with defendants in connection with the projects that

7   defendant Bryant worked on with defendant MGA, which is information known to

8   and within the possession, custody and control of defendants and their associated

9   third parties, not Mattel.  Mattel further objects to this Request on the grounds that

10  it is unreasonably burdensome and premature in that the facts necessary to

11  determine the whether "images, drawings, pictures, sculpts, molds, prototypes and

12  any other form of artwork" both predate the "First Bratz Dolls" and are "'Bratz'-

13  related" are known by defendants and third parties associated with defendants, but

14  are not known by Mattel at this juncture.  Mattel further objects to this Request on

15  the ground that the term "Bratz Concept" is vague and ambiguous.  Mattel further

16  objects to this Request on the grounds that it calls for the disclosure of information

17  subject to the attorney-client privilege, the I0 attorney work-product doctrine and

18  other applicable privileges.

19

20  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

21  **SHOULD BE COMPELLED**

22  Mattel has not agreed to produce documents in response to this request,

23  subject to its improper boilerplate objections.  Mattel has refused to confirm

24  whether or not it has produced all non-privileged responsive documents or whether

25  it is withholding documents based on its objections in Phase 2.  Under the Federal

26  Rules of Civil Procedure, "an objection to part of a request must specify the part

27  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

28  that fail to explain the basis for an objection with specificity are routinely rejected

1   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

2   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

3   burdensome and harassing' are improper – especially when a party fails to submit

4   any evidentiary declarations supporting such objections").  Accordingly, Mattel

5   must be compelled either to certify that it has produced all non-privileged

6   responsive documents or to produce all such documents by a date certain.

7          To the extent that Mattel is relying on its blanket objections, they are not

8   sustainable and do not justify Mattel's failure to produce documents.

9          As to overbreadth, Mattel provides no explanation, let alone the required

10   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

11   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13   contrary, the request is narrowly tailored to seek documents concerning the BRATZ

14   concept that Mattel has given or shown to anyone working or involved in its

15   products.

16          As to burden, Mattel has not attempted to demonstrate why responding to

17   this request and/or producing responsive documents presents any burden.  This

18   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

19   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20   request is unduly burdensome must allege specific facts which indicate the nature

21   and extent of the burden, usually by affidavit or other reliable evidence.")

22   Moreover, it is not unduly burdensome, as noted above, in that the request is

23   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

24   has engaged in a broad variety of unfair trade practices including serial copying of

25   MGA products.  MGA is entitled to discovery on these claims.

26          This request does not seek documents protected by the attorney-client

27   privilege, the attorney work product doctrine, or other applicable privileges.  To the

28   extent that Mattel contends that it does, Mattel must provide a privilege log.

1    Mattel objects that Mattel's actions in relation to the "Bratz" line of products

2    are not at issue in this action and are irrelevant to the claims and defenses in this

3    suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2 of

4    these consolidated proceedings.  Discovery relating to Bratz is likely to lead to

5    admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair

6    competition claim, Mattel's trade secret misappropriation claim, and both parties

7    damages claims.

8    Mattel objects that the request is duplicative or subsumed within prior

9    requests but does not identify the allegedly duplicative requests.  Mattel's failure to

10   agree to produce responsive non-privileged documents is not proper based on this

11   objection.

12   As for relevancy, Mattel has not attempted to demonstrate why the

13   information sought in response to this request is not discoverable in Phase 2. On the

14   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

15   product lines, including its BRATZ product line, packaging, themes,

16   accessories, and advertising. Documents related to BRATZ concept that Mattel has

17   given or shown to anyone working on its products are highly relevant to MGA's

18   claims, including its allegation of serial copying by Mattel, and are discoverable in

19   Phase 2.

20   None of Mattel's improper objections are valid and Mattel is obligated to

21   produce all non-privileged responsive documents in its possession, custody, or

22   control.

23

24   **REQUEST FOR PRODUCTION NO. 19:**

25   All DOCUMENTS referring or relating to the FIRST BRATZ DOLLS that

26   YOU have given or shown to any person working on or involved in product

27   conception, creation, design or development at or for MATTEL.

28

- 57 -          SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
                                                9059, SET ONE; CV 04-9049 SGL (RNBX))

## RESPONSE TO REQUEST NO. 19:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as being overbroad, unduly burdensome and oppressive on the grounds that it is not limited in time or geographical scope, and seeks all documents in Mattel's possession, custody and control given or shown for any reason by anyone at "Mattel," as defined by MGA to include past employees like Bryant, to any person working on or involved in the conception, creation, design or development of any Mattel product, including former and present employees and independent contractors working around the globe, referring or relating to the "First Bratz Dolls."  Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel.  Mattel further objects to this Request on the ground that the term "First Bratz Dolls" is vague and ambiguous.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether

1   it is withholding documents based on its objections in Phase 2.  Under the Federal

2   Rules of Civil Procedure, "an objection to part of a request must specify the part

3   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

4   that fail to explain the basis for an objection with specificity are routinely rejected

5   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

6   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

7   burdensome and harassing' are improper – especially when a party fails to submit

8   any evidentiary declarations supporting such objections").  Accordingly, Mattel

9   must be compelled either to certify that it has produced all non-privileged

10  responsive documents or to produce all such documents by a date certain.

11         To the extent that Mattel is relying on its blanket objections, they are not

12  sustainable and do not justify Mattel's failure to produce documents.

13         As to overbreadth, Mattel provides no explanation, let alone the required

14  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

15  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

16  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

17  contrary, the request is narrowly tailored to seek documents concerning the FIRST

18  BRATZ DOLLS that Mattel has given or shown to anyone working or involved in

19  its products.

20         As to burden, Mattel has not attempted to demonstrate why responding to

21  this request and/or producing responsive documents presents any burden.  This

22  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

23  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24  request is unduly burdensome must allege specific facts which indicate the nature

25  and extent of the burden, usually by affidavit or other reliable evidence.")

26  Moreover, it is not unduly burdensome, as noted above, in that the request is

27  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

28  has engaged in a broad variety of unfair trade practices including serial copying of

1   MGA products, including its BRATZ dolls.  MGA is entitled to discovery on these

2   claims.

3     This request does not seek documents protected by the attorney-client

4   privilege, the attorney work product doctrine, or other applicable privileges.  To the

5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6     Mattel objects that Mattel's actions in relation to the "Bratz" line of products

7   are not at issue in this action and are irrelevant to the claims and defenses in this

8   suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2 of

9   these consolidated proceedings.  Discovery relating to Bratz is likely to lead to

10  admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair

11  competition claim, Mattel's trade secret misappropriation claim, and both parties

12  damages claims.

13    Mattel objects that the term "FIRST BRATZ DOLLS" is vague and

14  ambiguous.  To the contrary, the term "FIRST BRATZ DOLLS" has been clearly

15  defined in definition number 3 as particular dolls identified by name and SKU.

16    As for relevancy, Mattel has not attempted to demonstrate why the

17  information sought in response to this request is not discoverable in Phase 2. On the

18  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

19  product lines, including its BRATZ product line, packaging, themes,

20  accessories, and advertising. Documents related to the FIRST BRATZ DOLLS that

21  Mattel has given or shown to anyone working on its products are highly relevant to

22  MGA's claims, including its allegation of serial copying by Mattel, and are

23  discoverable in Phase 2.

24    None of Mattel's improper objections are valid and Mattel is obligated to

25  produce all non-privileged responsive documents in its possession, custody, or

26  control.

27

28

1    **REQUEST FOR PRODUCTION NO. 20:**

2           All DOCUMENTS referring or relating to the BRATZ PACK that YOU

3    have given or shown to any person working on or involved in product conception,

4    creation, design or development at or for MATTEL, if YOU seek in this case to

5    enjoin the sale of the BRATZ PACK, or seek, as any part of YOUR recovery or

6    damages in this case, any right or interest in, revenues or profits from, or lost profits

7    or other damages caused by the BRATZ PACK.

8           **RESPONSE TO REQUEST NO. 20:**

9           In addition to the general objections stated above, which are incorporated

10   herein by reference, Mattel objects to this Request as overbroad, unduly

11   burdensome and oppressive on the grounds that it is not limited in time, and seeks

12   all documents in Mattel's possession, custody and control given or shown for any

13   reason by anyone at "Mattel," as defined by MGA to include past employees like

14   Bryant, to any person working on or involved in the conception, creation, design or

15   development of any Mattel product, including former and present employees and

16   independent contractors working around the globe, referring or relating to the

17   "Bratz Pack."  Mattel further objects to this Request on the grounds that such

18   discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely

19   to the lead to the discovery of admissible evidence in that Mattel's actions in

20   relation to the "Bratz" line of products are not at issue in this action and are

21   irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of

22   defendants and third parties associated with defendants in connection with the

23   projects that defendant Bryant worked on with defendant MGA, which is

24   information known to and within the possession, custody and control of defendants

25   and their associated third parties, not Mattel.  Mattel further objects to the Request

26   on the grounds that it calls for the disclosure of information subject to the attorney-

27   client privilege, the attorney work-product doctrine and other applicable privileges.

28   Mattel further objects to this Request on the grounds that it is unreasonably

1   burdensome and premature in that the facts necessary to determine the full nature
2   and extent of Mattel's relief and damages from defendant's acts or omissions are
3   known by defendants and third parties associated with defendants, but are not
4   known by Mattel at this juncture because of defendants' refusals to produce basic
5   discovery.  Mattel further objects to this Request on the grounds that it is
6   improperly phrased as a legal contention.

7

8   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**
9

10   Mattel has not agreed to produce documents in response to this request,
11   resting on its improper boilerplate objections.  Under the Federal Rules of Civil
12   Procedure, "an objection to part of a request must specify the part and permit
13   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to
14   explain the basis for an objection with specificity are routinely rejected in the
15   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
16   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome
17   and harassing' are improper – especially when a party fails to submit any
18   evidentiary declarations supporting such objections").  Accordingly, Mattel must be
19   compelled either to certify that it has produced all non-privileged responsive
20   documents or to produce all such documents by a date certain.

21   To the extent that Mattel is relying on its blanket objections, they are not
22   sustainable and do not justify Mattel's failure to produce documents.

23   As to overbreadth, Mattel provides no explanation, let alone the required
24   particularity, as to **why** this request is supposedly overly broad, nor can it do so.
25   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
26   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This
27   request is narrowly tailored to Mattel's intent to assert a particular damages claim
28   or claim for injunctive relief.  The category of documents requested is relevant to

1    the damages claim and claim for injunctive relief, and it is clearly discoverable to

2    the extent that Mattel is requesting such relief in Phase 2.

3         As to burden, Mattel has not attempted to demonstrate why responding to

4    this request and/or producing responsive documents presents any burden.  This

5    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

6    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7    request is unduly burdensome must allege specific facts which indicate the nature

8    and extent of the burden, usually by affidavit or other reliable evidence.")

9    Moreover, it is not unduly burdensome, as noted above, in that the request is

10   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11   has engaged in a broad variety of unfair trade practices including serial copying of

12   MGA products.  Mattel also has a claim of trade secret misappropriation against

13   MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

14        This request does not seek documents protected by the attorney-client

15   privilege, the attorney work product doctrine, or other applicable privileges.  To the

16   extent that Mattel contends that it does, Mattel must provide a privilege log.

17        Mattel objects that the request is duplicative or subsumed within prior

18   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

19   agree to produce responsive non-privileged documents is not proper based on this

20   objection.

21        Mattel objects that the request contains confidential, proprietary and trade

22   secret information.  A Protective Order exists in this case, obviating any concern as

23   to protection of privacy rights and/or commercially sensitive information.

24        Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

25   all documents on the issue, and not just those that Mattel chooses to produce in

26   support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

27   entitled to extremely broad discovery to the extent that Mattel intends to assert

28   particular damages theories or to request injunctive relief.

1    None of Mattel's improper objections are valid and Mattel is obligated to

2    produce all non-privileged responsive documents in its possession, custody, or

3    control.

4

5    **REQUEST FOR PRODUCTION NO. 21:**

6    All DOCUMENTS referring or relating to BRATZ DOLLS that YOU have

7    given or shown to any person working on or involved in product conception,

8    creation, design or development at or for MATTEL, if YOU seek in this case to

9    enjoin the sale of BRATZ DOLLS, or seek, as any part of YOUR recovery or

10   damages in this case, any right or interest in, revenues or profits from, or lost profits

11   or other damages caused by BRATZ DOLLS.

12   **RESPONSE TO REQUEST NO. 21:**

13   In addition to the general objections stated above, which are incorporated

14   herein by reference, Mattel objects to this Request as overbroad, unduly

15   burdensome and oppressive on the grounds that it is not limited in time, and seeks

16   <u>all</u> documents in Mattel's possession, custody and control given or shown for <u>any</u>

17   reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees like

18   Bryant, to <u>any</u> person working on <u>or involved</u> in the conception, creation, design or

19   development of <u>any</u> Mattel product, including former and present employees and

20   independent contractors working around the globe, referring or relating to "Bratz

21   Dolls."  Mattel further objects to this Request on the grounds that such discovery

22   from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead

23   to the discovery of admissible evidence in that Mattel's actions in relation to the

24   "Bratz" line of products are not at issue in this action and are irrelevant to the

25   claims and defenses in this suit.  Rather, at issue are the actions of defendants and

26   third parties associated with defendants in connection with the projects that

27   defendant Bryant worked on with defendant MGA, which is information known to

28   and within the possession, custody and control of defendants and their associated

1   third parties, not Mattel.  Mattel further objects to the Request on the grounds that it

2   calls for the disclosure of information subject to the attorney-client privilege, the

3   attorney work-product doctrine and other applicable privileges.  Mattel further

4   objects to this Request on the grounds that it is unreasonably burdensome and

5   premature in that the facts necessary to deter mine the full nature and extent of

6   Mattel's relief and damages from defendant's acts or omissions are known by

7   defendants and third parties associated with defendants, but are not known by

8   Mattel at this juncture because of defendants' refusals to produce basic discovery.

9   Mattel further objects to this Request on the grounds that it is improperly phrased as

10  a legal contention.

11

12  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

13  SHOULD BE COMPELLED**

14          Mattel has not agreed to produce documents in response to this request,

15  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

16  Procedure, "an objection to part of a request must specify the part and permit

17  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

18  explain the basis for an objection with specificity are routinely rejected in the

19  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

20  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

21  and harassing' are improper – especially when a party fails to submit any

22  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

23  compelled either to certify that it has produced all non-privileged responsive

24  documents or to produce all such documents by a date certain.

25          To the extent that Mattel is relying on its blanket objections, they are not

26  sustainable and do not justify Mattel's failure to produce documents.

27          As to overbreadth, Mattel provides no explanation, let alone the required

28  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This request is narrowly tailored to Mattel's intent to assert a particular damages claim or claim for injunctive relief.  The category of documents requested is relevant to the damages claim and claim for injunctive relief, and it is clearly discoverable to the extent that Mattel is requesting such relief in Phase 2.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products.  Mattel also has a claim of trade secret misappropriation against MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request is duplicative or subsumed within prior requests but does not identify the allegedly duplicative requests.  Mattel's failure to agree to produce responsive non-privileged documents is not proper based on this objection.

Mattel objects that the request contains confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel's prayer for relief is extremely broad in Phase 2. MGA is entitled to all documents on the issue, and not just those that Mattel chooses to produce in support of its claims. Because Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad discovery to the extent that Mattel intends to assert particular damages theories or to request injunctive relief.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS referring or relating to LIL' BRATZ that YOU have given or shown to any person working on or involved in product conception, creation, design or development at or for MATTEL, if YOU seek in this case to enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by LIL' BRATZ.

**RESPONSE TO REQUEST NO. 22:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad, unduly burdensome and oppressive on the grounds that it is not limited in time, and seeks all documents in Mattel's possession, custody and control given or shown for any reason by anyone at "Mattel," as defined by MGA to include past employees like Bryant, to any person working on or involved in the conception, creation, design or development of any Mattel product, including former and present employees and independent contractors working around the globe, referring or relating to "Lil' Bratz." Mattel farther objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the

- 67 -

1  "Bratz" line of products are not at issue in this action and are irrelevant to the

2  claims and defenses in this suit.  Rather, at issue are the actions of defendants and

3  third parties associated with defendants in connection with the projects that

4  defendant Bryant worked on with defendant MGA, which is information known to

5  and within the possession, custody and control of defendants and their associated

6  third parties, not Mattel.  Mattel further objects to the Request on the grounds that it

7  calls for the disclosure of information subject to the attorney-client privilege, the

8  attorney work-product doctrine and other applicable privileges.  Mattel further

9  objects to this Request on the grounds that it is unreasonably burdensome and

10  premature in that the facts necessary to determine the full nature and extent of

11  Mattel's relief and damages from defendant's acts or omissions are known by

12  defendants and third parties associated with defendants, but are not known by

13  Mattel at this juncture because of defendants' refusals to produce basic discovery.

14  Mattel further objects to this Request on the grounds that it is improperly phrased as

15  a legal contention.

16

17  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
18  SHOULD BE COMPELLED**

19      Mattel has not agreed to produce documents in response to this request,

20  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

21  Procedure, "an objection to part of a request must specify the part and permit

22  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

23  explain the basis for an objection with specificity are routinely rejected in the

24  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

25  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

26  and harassing' are improper – especially when a party fails to submit any

27  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

28

1   compelled either to certify that it has produced all non-privileged responsive
2   documents or to produce all such documents by a date certain.

3       To the extent that Mattel is relying on its blanket objections, they are not
4   sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the required
6   particularity, as to *why* this request is supposedly overly broad, nor can it do so.
7   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
8   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This
9   request is narrowly tailored to Mattel's intent to assert a particular damages claim
10  or claim for injunctive relief.  The category of documents requested is relevant to
11  the damages claim and claim for injunctive relief, and it is clearly discoverable to
12  the extent that Mattel is requesting such relief in Phase 2.

13      As to burden, Mattel has not attempted to demonstrate why responding to
14  this request and/or producing responsive documents presents any burden.  This
15  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
16  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
17  request is unduly burdensome must allege specific facts which indicate the nature
18  and extent of the burden, usually by affidavit or other reliable evidence.")
19  Moreover, it is not unduly burdensome, as noted above, in that the request is
20  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
21  has engaged in a broad variety of unfair trade practices including serial copying of
22  MGA products.  Mattel also has a claim of trade secret misappropriation against
23  MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

24      This request does not seek documents protected by the attorney-client
25  privilege, the attorney work product doctrine, or other applicable privileges.  To the
26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27      Mattel objects that the request is duplicative or subsumed within prior
28  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

- 69 -

1   agree to produce responsive non-privileged documents is not proper based on this

2   objection.

3       Mattel objects that the request contains confidential, proprietary and trade

4   secret information.  A Protective Order exists in this case, obviating any concern as

5   to protection of privacy rights and/or commercially sensitive information.

6       Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

7   all documents on the issue, and not just those that Mattel chooses to produce in

8   support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

9   entitled to extremely broad discovery to the extent that Mattel intends to assert

10  particular damages theories or to request injunctive relief.

11      None of Mattel's improper objections are valid and Mattel is obligated to

12  produce all non-privileged responsive documents in its possession, custody, or

13  control.

14

15  **REQUEST FOR PRODUCTION NO. 23:**

16      All DOCUMENTS referring or relating to BRATZ PETZ that YOU have

17  given or shown to any person working on or involved in product conception,

18  creation, design or development at or for MATTEL, if YOU seek in this case to

19  enjoin the sale of BRATZ PETZ, or seek, as any part of YOUR recovery or

20  damages in this case, any right or interest in, revenues or profits from, or lost profits

21  or other damages caused by BRATZ PETZ.

22      **RESPONSE TO REQUEST NO. 23:**

23      In addition to the general objections stated above, which are incorporated

24  herein by reference, Mattel objects to this Request as overbroad, unduly

25  burdensome and oppressive on the grounds that it is not limited in time, and seeks

26  <u>all</u> documents in Matters possession, custody and control given or shown for <u>any</u>

27  reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees like

28  Bryant, to <u>any</u> person working on <u>or involved</u> in the conception, creation, design or

- 70 -

1   development of <u>any</u> Mattel product, including former and present employees and

2   independent contractors working around the globe, referring or relating to "Bratz

3   Petz."  Mattel further objects to this Request on the grounds that such discovery

4   from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead

5   to the discovery of admissible evidence in that Mattel's actions in relation to the

6   "Bratz" line of products are not at issue in this action and are irrelevant to the

7   claims and defenses in this suit.  Rather, at issue are the actions of defendants and

8   third parties associated with defendants in connection with the projects that

9   defendant Bryant worked on with defendant MGA, which is information known to

10  and within the possession, custody and control of defendants and their associated

11  third parties, not Mattel.  Mattel further objects to the Request on the grounds that it

12  calls for the disclosure of information subject to the attorney-client privilege, the

13  attorney work-product doctrine and other applicable privileges.  Mattel further

14  objects to this Request on the grounds that it is unreasonably burdensome and

15  premature in that the facts necessary to determine the full nature and extent of

16  Mattel's relief and damages from defendant's acts or omissions are known by

17  defendants and third parties associated with defendants, but are not known by

18  Mattel at this juncture because of defendants' refusals to produce basic discovery.

19  Mattel further objects to this Request on the grounds that it is improperly phrased as

20  a legal contention.

21

22          **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
23          **SHOULD BE COMPELLED**

24          Mattel has not agreed to produce documents in response to this request,

25  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

26  Procedure, "an objection to part of a request must specify the part and permit

27  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

28  explain the basis for an objection with specificity are routinely rejected in the

1    Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

2    (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

3    and harassing' are improper – especially when a party fails to submit any

4    evidentiary declarations supporting such objections").  Accordingly, Mattel must be

5    compelled either to certify that it has produced all non-privileged responsive

6    documents or to produce all such documents by a date certain.

7         To the extent that Mattel is relying on its blanket objections, they are not

8    sustainable and do not justify Mattel's failure to produce documents.

9         As to overbreadth, Mattel provides no explanation, let alone the required

10   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

11   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

13   request is narrowly tailored to Mattel's intent to assert a particular damages claim

14   or claim for injunctive relief.  The category of documents requested is relevant to

15   the damages claim and claim for injunctive relief, and it is clearly discoverable to

16   the extent that Mattel is requesting such relief in Phase 2.

17        As to burden, Mattel has not attempted to demonstrate why responding to

18   this request and/or producing responsive documents presents any burden.  This

19   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

20   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21   request is unduly burdensome must allege specific facts which indicate the nature

22   and extent of the burden, usually by affidavit or other reliable evidence.")

23   Moreover, it is not unduly burdensome, as noted above, in that the request is

24   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

25   has engaged in a broad variety of unfair trade practices including serial copying of

26   MGA products.  Mattel also has a claim of trade secret misappropriation against

27   MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

28

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    Mattel objects that the request is duplicative or subsumed within prior

5    requests but does not identify the allegedly duplicative requests.  Mattel's failure to

6    agree to produce responsive non-privileged documents is not proper based on this

7    objection.

8    Mattel objects that the request contains confidential, proprietary and trade

9    secret information.  A Protective Order exists in this case, obviating any concern as

10   to protection of privacy rights and/or commercially sensitive information.

11   Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

12   all documents on the issue, and not just those that Mattel chooses to produce in

13   support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

14   entitled to extremely broad discovery to the extent that Mattel intends to assert

15   particular damages theories or to request injunctive relief.

16   None of Mattel's improper objections are valid and Mattel is obligated to

17   produce all non-privileged responsive documents in its possession, custody, or

18   control.

19

20   **REQUEST FOR PRODUCTION NO. 24:**

21   All DOCUMENTS referring or relating to BRATZ BABYZ that YOU have

22   given or shown to any person working on or involved in product conception,

23   creation, design or development at or for MATTEL, if YOU seek in this case to

24   enjoin the sale of BRATZ BABYZ, or seek, as any part of YOUR recovery or

25   damages in this case, any right or interest in, revenues or profits from, or lost profits

26   or other damages caused by BRATZ BABYZ.

27

28

## RESPONSE TO REQUEST NO. 24:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad, unduly burdensome and oppressive on the grounds that it is not limited in time, and seeks all documents in Mattel's possession, custody and control given or shown for any reason by anyone at "Mattel," as defined by MGA to include past employees like Bryant, to any person working on or involved in the conception, creation, design or development of any Mattel product, including former and present employees and independent contractors working around the globe, referring or relating to "Bratz Babyz." Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel further objects to the Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, resting on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to **why** this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This request is narrowly tailored to Mattel's intent to assert a particular damages claim or claim for injunctive relief.  The category of documents requested is relevant to the damages claim and claim for injunctive relief, and it is clearly discoverable to the extent that Mattel is requesting such relief in Phase 2.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

- 75 -

1   and extent of the burden, usually by affidavit or other reliable evidence.")

2   Moreover, it is not unduly burdensome, as noted above, in that the request is

3   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4   has engaged in a broad variety of unfair trade practices including serial copying of

5   MGA products.  Mattel also has a claim of trade secret misappropriation against

6   MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

7       This request does not seek documents protected by the attorney-client

8   privilege, the attorney work product doctrine, or other applicable privileges.  To the

9   extent that Mattel contends that it does, Mattel must provide a privilege log.

10      Mattel objects that the request is duplicative or subsumed within prior

11  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

12  agree to produce responsive non-privileged documents is not proper based on this

13  objection.

14      Mattel objects that the request contains confidential, proprietary and trade

15  secret information.  A Protective Order exists in this case, obviating any concern as

16  to protection of privacy rights and/or commercially sensitive information.

17      Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

18  all documents on the issue, and not just those that Mattel chooses to produce in

19  support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

20  entitled to extremely broad discovery to the extent that Mattel intends to assert

21  particular damages theories or to request injunctive relief.

22      None of Mattel's improper objections are valid and Mattel is obligated to

23  produce all non-privileged responsive documents in its possession, custody, or

24  control.

25

26  **REQUEST FOR PRODUCTION NO. 25:**

27      All DOCUMENTS referring or relating to BRATZ BOYZ that YOU have

28  given or shown to any person working on or involved in product conception,

1   creation, design or development at or for MATTEL, if YOU seek in this case to

2   enjoin the sale of BRATZ BOYZ, or seek, as any part of YOUR recovery or

3   damages in this case, any right or interest in, revenues or profits from, or lost profits

4   or other damages caused by BRATZ BOYZ.

5   **RESPONSE TO REQUEST NO. 25:**

6       In addition to the general objections stated above, which are incorporated

7   herein by reference, Mattel objects to this Request as overbroad, unduly

8   burdensome and oppressive on the grounds that it is not limited in time, and seeks

9   all documents in Mattel's possession, custody and control given or shown for any

10  reason by anyone at "Mattel," as defined by MGA to include past employees like

11  Bryant, to any person working on or involved in the conception, creation, design or

12  development of any Mattel product, including former and present employees and

13  independent contractors working around the globe, referring or relating to "Bratz

14  Boy-z."  Mattel further objects to this Request on the grounds that such discovery

15  from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead

16  to the discovery of admissible evidence in that Mattel's actions in relation to the

17  "Bratz" line of products are not at issue in this action and are irrelevant to the

18  claims and defenses in this suit.  Rather, at issue are the actions of defendants and

19  third parties associated with defendants in connection with the projects that

20  defendant Bryant worked on with defendant MGA, which is information known to

21  and within the possession, custody and control of defendants and their associated

22  third parties, not Mattel.  Mattel further objects to the Request on the grounds that it

23  calls for the disclosure of information subject to the attorney-client privilege, the

24  attorney work-product doctrine and other applicable privileges.  Mattel further

25  objects to this Request on the grounds that it is unreasonably burdensome and

26  premature in that the facts necessary to determine the full nature and extent of

27  Mattel's relief and damages from defendant's acts or omissions are known by

28  defendants and third parties associated with defendants, but are not known by

1   Mattel at this juncture because of defendants' refusals to produce basic discovery.

2   Mattel further objects to this Request on the grounds that it is improperly phrased as

3   a legal contention.

4

5   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
   **SHOULD BE COMPELLED**

6

7       Mattel has not agreed to produce documents in response to this request,

8   resting on its improper boilerplate objections.  Under the Federal Rules of Civil

9   Procedure, "an objection to part of a request must specify the part and permit

10  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

11  explain the basis for an objection with specificity are routinely rejected in the

12  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

13  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

14  and harassing' are improper – especially when a party fails to submit any

15  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

16  compelled either to certify that it has produced all non-privileged responsive

17  documents or to produce all such documents by a date certain.

18      To the extent that Mattel is relying on its blanket objections, they are not

19  sustainable and do not justify Mattel's failure to produce documents.

20      As to overbreadth, Mattel provides no explanation, let alone the required

21  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

22  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

23  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

24  request is narrowly tailored to Mattel's intent to assert a particular damages claim

25  or claim for injunctive relief.  The category of documents requested is relevant to

26  the damages claim and claim for injunctive relief, and it is clearly discoverable to

27  the extent that Mattel is requesting such relief in Phase 2.

28

1          As to burden, Mattel has not attempted to demonstrate why responding to

2   this request and/or producing responsive documents presents any burden.  This

3   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5   request is unduly burdensome must allege specific facts which indicate the nature

6   and extent of the burden, usually by affidavit or other reliable evidence.")

7   Moreover, it is not unduly burdensome, as noted above, in that the request is

8   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9   has engaged in a broad variety of unfair trade practices including serial copying of

10  MGA products.  Mattel also has a claim of trade secret misappropriation against

11  MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

12         This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges.  To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15         Mattel objects that the request is duplicative or subsumed within prior

16  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

17  agree to produce responsive non-privileged documents is not proper based on this

18  objection.

19         Mattel objects that the request contains confidential, proprietary and trade

20  secret information.  A Protective Order exists in this case, obviating any concern as

21  to protection of privacy rights and/or commercially sensitive information.

22         Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

23  all documents on the issue, and not just those that Mattel chooses to produce in

24  support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

25  entitled to extremely broad discovery to the extent that Mattel intends to assert

26  particular damages theories or to request injunctive relief.

27

28

1    None of Mattel's improper objections are valid and Mattel is obligated to

2   produce all non-privileged responsive documents in its possession, custody, or

3   control.

4

5   **REQUEST FOR PRODUCTION NO. 26:**

6    All DOCUMENTS referring or relating to BRATZ INTELLECTUAL

7   PROPERTY that YOU have given or shown to any person working on or involved

8   in the conception, creation, design or development of any fashion doll, other than

9   "Barbie".

10    **RESPONSE TO REQUEST NO. 26:**

11    In addition to the general objections stated above, which are incorporated

12   herein by reference, Mattel objects to this Request as overbroad, unduly

13   burdensome and oppressive on the grounds that it is not limited in time, and seeks

14   all documents' in Mattel's possession, custody and control given or shown for any

15   reason by anyone at "Mattel," as defined by MGA to include past employees like

16   Bryant, to any person working on or involved in the conception, creation, design or

17   development of any "fashion doll," other than BARBIE dolls, including former and

18   present employees and independent contractors working around the globe, referring

19   or relating to "Bratz Intellectual Property."  Mattel further objects to this Request

20   on the grounds that such discovery from Matte! is overbroad, unduly burdensome,

21   oppressive and not likely to the lead to the discovery of admissible 2.3 evidence in

22   that Mattel's actions in relation to "Bratz" are not at issue in this action and are

23   irrelevant to the claims and defenses in this suit.  Rather, at issue 2.5 are the actions

24   of defendants and third parties associated with defendants in connection with the

25   projects that defendant Bryant worked on with defendant MGA, which is

26   information known to and within the possession, custody and control of defendants

27   and their associated third parties, not Mattel.  Mattel further objects to this Request

28   on the ground that the term "Bratz Intellectual Property" is vague and ambiguous.

1   Mattel further objects to the Request on the grounds that it calls for the disclosure

2   of information subject to the attorney-client privilege, the attorney work-product

3   doctrine and other applicable privileges.

4

5   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

6

7   Mattel has not agreed to produce documents in response to this request,

8   subject to its improper boilerplate objections.  Mattel has refused to confirm

9   whether or not it has produced all non-privileged responsive documents or whether

10  it is withholding documents based on its objections in Phase 2.  Under the Federal

11  Rules of Civil Procedure, "an objection to part of a request must specify the part

12  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

13  that fail to explain the basis for an objection with specificity are routinely rejected

14  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

15  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

16  burdensome and harassing' are improper – especially when a party fails to submit

17  any evidentiary declarations supporting such objections").  Accordingly, Mattel

18  must be compelled either to certify that it has produced all non-privileged

19  responsive documents or to produce all such documents by a date certain.

20  To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.

22  As to overbreadth, Mattel provides no explanation, let alone the required

23  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

24  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26  contrary, the request is narrowly tailored to seek documents concerning BRATZ

27  intellectual property that Mattel has given or shown to anyone working or involved

28  in its fashion dolls other than Barbie.

- 81 -

1       As to burden, Mattel has not attempted to demonstrate why responding to

2   this request and/or producing responsive documents presents any burden.  This

3   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5   request is unduly burdensome must allege specific facts which indicate the nature

6   and extent of the burden, usually by affidavit or other reliable evidence.")

7   Moreover, it is not unduly burdensome, as noted above, in that the request is

8   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9   has engaged in a broad variety of unfair trade practices including serial copying of

10  MGA products, including the BRATZ product line.  MGA is entitled to discovery

11  on these claims.

12      This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges.  To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15      Mattel objects that the request is duplicative or subsumed within prior

16  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

17  agree to produce responsive non-privileged documents is not proper based on this

18  objection.

19      Mattel objects that Mattel's actions in relation to the "Bratz" line of products

20  are not at issue in this action and are irrelevant to the claims and defenses in this

21  suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2 of

22  these consolidated proceedings.  Discovery relating to Bratz is likely to lead to

23  admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair

24  competition claim, Mattel's trade secret misappropriation claim, and both parties'

25  damages claims.

26      As for relevancy, Mattel has not attempted to demonstrate why the

27  information sought in response to this request is not discoverable in Phase 2. On the

28  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

1  product lines, including its BRATZ product line, packaging, themes,

2  accessories, and advertising. Documents related to BRATZ intellectual property

3  that Mattel has given or shown to anyone working on its fashion dolls are highly

4  relevant to MGA's claims, including its allegation of serial copying by Mattel, and

5  are discoverable in Phase 2.

6      None of Mattel's improper objections are valid and Mattel is obligated to

7  produce all non-privileged responsive documents in its possession, custody, or

8  control.

9

10 **REQUEST FOR PRODUCTION NO. 27:**

11     All DOCUMENTS referring or relating to the BRATZ CONCEPT that YOU

12 have given or shown to any person working on or involved in the conception,

13 creation, design or development of any fashion doll, other than "Barbie".

14     **RESPONSE TO REQUEST NO. 27:**

15     In addition to the general objections stated above, which are incorporated

16 herein by reference, Mattel objects to this Request as overbroad, unduly

17 burdensome and oppressive on the grounds that it is not limited in time, and seeks

18 all documents in Mattel's possession, custody and control given or shown for any

19 reason by anyone at "Mattel," as defined by MGA to include past employees like

20 Bryant, to any person working on or involved in the conception, creation, design or

21 development of any "fashion doll," other than BARBIE dolls, including former and

22 present employees and independent contractors working around the globe, referring

23 or relating to the "Bratz Concept."  Mattel further objects to this Request on the

24 grounds that such discovery from Mattel is overbroad, unduly burdensome,

25 oppressive and not likely to the lead to the discovery of admissible evidence in that

26 Mattel's actions in relation to "Bratz" are not at issue in this action and are

27 irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of

28 defendants and third parties associated with defendants in connection with the

1   projects that defendant Bryant worked on with defendant MGA, which is
2   information known to and within the possession, custody and control of defendants
3   and their associated third parties, not Mattel.  Mattel further objects to this Request
4   on the grounds that it is unreasonably burdensome and premature in that the facts
5   necessary to determine the whether "images, drawings, pictures, sculpts, molds,
6   prototypes and any other form of artwork" both predate the "First Bratz Dolls" and
7   are "'Bratz'-related" are known by defendants and third parties associated with
8   defendants, but are not known by Mattel at this juncture.  Mattel further objects to
9   this Request on the ground that the term "Bratz Concept" is vague and ambiguous.
10  Mattel further objects to the Request on the grounds that it calls for the disclosure
11  of information subject to the attorney-client privilege, the attorney work-product
12  doctrine and other applicable privileges.

13

14  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
15  **SHOULD BE COMPELLED**

16         Mattel has not agreed to produce documents in response to this request,
17  subject to its improper boilerplate objections.  Mattel has refused to confirm
18  whether or not it has produced all non-privileged responsive documents or whether
19  it is withholding documents based on its objections in Phase 2.  Under the Federal
20  Rules of Civil Procedure, "an objection to part of a request must specify the part
21  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections
22  that fail to explain the basis for an objection with specificity are routinely rejected
23  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,
24  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly
25  burdensome and harassing' are improper – especially when a party fails to submit
26  any evidentiary declarations supporting such objections").  Accordingly, Mattel
27  must be compelled either to certify that it has produced all non-privileged
28  responsive documents or to produce all such documents by a date certain.

1   To the extent that Mattel is relying on its blanket objections, they are not

2   sustainable and do not justify Mattel's failure to produce documents.

3   As to overbreadth, Mattel provides no explanation, let alone the required

4   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7   contrary, the request is narrowly tailored to seek documents concerning the BRATZ

8   concept that Mattel has given or shown to anyone working or involved in its

9   fashion dolls other than Barbie.

10   As to burden, Mattel has not attempted to demonstrate why responding to

11   this request and/or producing responsive documents presents any burden.  This

12   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

13   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14   request is unduly burdensome must allege specific facts which indicate the nature

15   and extent of the burden, usually by affidavit or other reliable evidence.")

16   Moreover, it is not unduly burdensome, as noted above, in that the request is

17   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

18   has engaged in a broad variety of unfair trade practices including serial copying of

19   MGA products, including its BRATZ product line.  MGA is entitled to discovery

20   on these claims.

21   This request does not seek documents protected by the attorney-client

22   privilege, the attorney work product doctrine, or other applicable privileges.  To the

23   extent that Mattel contends that it does, Mattel must provide a privilege log.

24   Mattel objects that Mattel's actions in relation to the "Bratz" line of products

25   are not at issue in this action and are irrelevant to the claims and defenses in this

26   suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2 of

27   these consolidated proceedings.  Discovery relating to Bratz is likely to lead to

28   admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair

1   competition claim, Mattel's trade secret misappropriation claim, and both parties

2   damages claims.

3          As for relevancy, Mattel has not attempted to demonstrate why the

4   information sought in response to this request is not discoverable in Phase 2. On the

5   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

6   product lines, including its BRATZ product line, packaging, themes,

7   accessories, and advertising. Documents related to BRATZ concept that Mattel has

8   given or shown to anyone working on its fashion dolls are highly relevant to

9   MGA's claims, including its allegation of serial copying by Mattel, and are

10  discoverable in Phase 2.

11         None of Mattel's improper objections are valid and Mattel is obligated to

12  produce all non-privileged responsive documents in its possession, custody, or

13  control.

14

15  **REQUEST FOR PRODUCTION NO. 28:**

16         All DOCUMENTS referring or relating to the FIRST BRATZ DOLLS that

17  YOU have given or shown to any person working on or involved in the conception,

18  creation, design or development of any fashion doll, other than "Barbie'".

19         **RESPONSE TO REQUEST NO. 28:**

20         In addition to the general objections stated above, which are incorporated

21  herein by reference, Mattel objects to this Request as overbroad, unduly

22  burdensome and oppressive on the grounds that it is not limited in time, and seeks

23  all documents in Mattel's possession, custody and control given or shown for any

24  reason by anyone at "Mattel," as defined by MGA to include past employees like

25  Bryant, to any person working on or involved in the conception, creation, design or

26  development of any "fashion doll," other than BARBIE dolls, including former and

27  present employees and independent contractors working around the globe, referring

28  or relating to the "First Bratz Dolls."  Mattel further objects to this Request on the

1  grounds that such discovery from Mattel is overbroad, unduly burdensome,

2  oppressive and not likely to the lead to the discovery of admissible evidence in that

3  Mattel's actions in relation to the "Bratz" line of products are not at issue in this

4  action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are

5  the actions of defendants and third parties associated with defendants in connection

6  with the projects that defendant Bryant worked on with defendant MGA, which is

7  information known to and within the possession, custody and control of defendants

8  and their associated third parties, not Mattel.  Mattel further objects to this Request

9  on the ground that the term "First Bratz Dolls" is vague and ambiguous.  Mattel

10 further objects to the Request on the grounds that it calls for the disclosure of

11 information subject to the attorney-client privilege, the attorney work-product

12 doctrine and other applicable privileges.

13

14 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
   **SHOULD BE COMPELLED**

15

16      Mattel has not agreed to produce documents in response to this request,

17 subject to its improper boilerplate objections.  Mattel has refused to confirm

18 whether or not it has produced all non-privileged responsive documents or whether

19 it is withholding documents based on its objections in Phase 2.  Under the Federal

20 Rules of Civil Procedure, "an objection to part of a request must specify the part

21 and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

22 that fail to explain the basis for an objection with specificity are routinely rejected

23 in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

24 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

25 burdensome and harassing' are improper – especially when a party fails to submit

26 any evidentiary declarations supporting such objections").  Accordingly, Mattel

27 must be compelled either to certify that it has produced all non-privileged

28 responsive documents or to produce all such documents by a date certain.

                                    - 87 -       SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
                                                 9059, SET ONE; CV 04-9049 SGL (RNBX))

1    To the extent that Mattel is relying on its blanket objections, they are not

2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required

4    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7    contrary, the request is narrowly tailored to seek documents concerning the FIRST

8    BRATZ DOLLS that Mattel has given or shown to anyone working or involved in

9    its fashion dolls other than Barbie.

10   As to burden, Mattel has not attempted to demonstrate why responding to

11   this request and/or producing responsive documents presents any burden.  This

12   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

13   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14   request is unduly burdensome must allege specific facts which indicate the nature

15   and extent of the burden, usually by affidavit or other reliable evidence.")

16   Moreover, it is not unduly burdensome, as noted above, in that the request is

17   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

18   has engaged in a broad variety of unfair trade practices including serial copying of

19   MGA products, including its BRATZ dolls.  MGA is entitled to discovery on these

20   claims.

21   This request does not seek documents protected by the attorney-client

22   privilege, the attorney work product doctrine, or other applicable privileges.  To the

23   extent that Mattel contends that it does, Mattel must provide a privilege log.

24   Mattel objects that Mattel's actions in relation to the "Bratz" line of products

25   are not at issue in this action and are irrelevant to the claims and defenses in this

26   suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2 of

27   these consolidated proceedings.  Discovery relating to Bratz is likely to lead to

28   admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair

1   competition claim, Mattel's trade secret misappropriation claim, and both parties

2   damages claims.

3       Mattel objects that the term "FIRST BRATZ DOLLS" is vague and

4   ambiguous.  To the contrary, the term "FIRST BRATZ DOLLS" has been clearly

5   defined in definition number 3 as particular dolls identified by name and SKU.

6       As for relevancy, Mattel has not attempted to demonstrate why the

7   information sought in response to this request is not discoverable in Phase 2. On the

8   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

9   product lines, including its BRATZ product line, packaging, themes,

10  accessories, and advertising. Documents related to the FIRST BRATZ DOLLS that

11  Mattel has given or shown to anyone working on its fashion dolls are highly

12  relevant to MGA's claims, including its allegation of serial copying by Mattel, and

13  are discoverable in Phase 2.

14      None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession, custody, or

16  control.

17

18  **REQUEST FOR PRODUCTION NO. 29:**

19      All DOCUMENTS referring or relating to the BRATZ PACK that YOU

20  have given or shown to any person working on or involved in the conception,

21  creation, design or development of any fashion doll, other than "Barbie," if YOU

22  seek in this case to enjoin the sale of the BRATZ PACK, or seek, as any part of

23  YOUR recovery or damages in this case, any right or interest in, revenues or profits

24  from, or lost profits or other damages caused by the BRATZ PACK.

25  **RESPONSE TO REQUEST NO. 29:**

26      In addition to the general objections stated above, which are incorporated

27  herein by reference, Mattel objects to this Request as overbroad, unduly

28  burdensome and oppressive on the grounds that it is not limited in time, and seeks

1    <u>all</u> documents in Mattel's possession, custody and control given or shown for <u>any</u>

2    reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees like

3    Bryant, to <u>any</u> person working on <u>or involved</u> in the conception, creation, design or

4    development of <u>any</u> "fashion doll," other than BARBIE dolls, including former and

5    present employees and independent contractors working around the globe, referring

6    or relating to the "Bratz Pack."  Mattel further objects to this Request on the

7    grounds that such discovery from Mattel is overbroad, unduly burdensome,

8    oppressive and not likely to the lead to the discovery of admissible evidence in that

9    Mattel's actions in relation to the "Bratz" line of products are not at issue in this

10   action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are

11   the actions of defendants and third parties associated with defendants in connection

12   with the projects that defendant Bryant worked on with defendant MGA, which is

13   information known to and within the possession, custody and control of defendants

14   and their associated third parties, not Mattel.  Mattel further objects to the Request

15   on the grounds that it calls for the disclosure of information subject to the attorney-

16   client privilege, the attorney work-product doctrine and other applicable privileges.

17   Mattel further objects to this Request on the grounds that it is unreasonably

18   burdensome and premature in that the facts necessary to determine the full nature

19   and extent of Mattel's relief and damages from defendant's acts or omissions are

20   known by defendants and third parties associated with defendants, but are not

21   known by Mattel at this juncture because of defendants' refusals to produce basic

22   discovery.  Mattel further objects to this Request on the grounds that it is

23   improperly phrased as a legal contention.

24

25          **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

26   **SHOULD BE COMPELLED**

27       Mattel has not agreed to produce documents in response to this request,

28   resting on its improper boilerplate objections.  Under the Federal Rules of Civil

1    Procedure, "an objection to part of a request must specify the part and permit

2    inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

3    explain the basis for an objection with specificity are routinely rejected in the

4    Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

5    (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

6    and harassing' are improper – especially when a party fails to submit any

7    evidentiary declarations supporting such objections").  Accordingly, Mattel must be

8    compelled either to certify that it has produced all non-privileged responsive

9    documents or to produce all such documents by a date certain.

10          To the extent that Mattel is relying on its blanket objections, they are not

11   sustainable and do not justify Mattel's failure to produce documents.

12          As to overbreadth, Mattel provides no explanation, let alone the required

13   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

14   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

15   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

16   request is narrowly tailored to Mattel's intent to assert a particular damages claim

17   or claim for injunctive relief.  The category of documents requested is relevant to

18   the damages claim and claim for injunctive relief, and it is clearly discoverable to

19   the extent that Mattel is requesting such relief in Phase 2.

20           As to burden, Mattel has not attempted to demonstrate why responding to

21   this request and/or producing responsive documents presents any burden.  This

22   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

23   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24   request is unduly burdensome must allege specific facts which indicate the nature

25   and extent of the burden, usually by affidavit or other reliable evidence.")

26   Moreover, it is not unduly burdensome, as noted above, in that the request is

27   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

28   has engaged in a broad variety of unfair trade practices including serial copying of

1  MGA products.  Mattel also has a claim of trade secret misappropriation against

2  MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

3      This request does not seek documents protected by the attorney-client

4  privilege, the attorney work product doctrine, or other applicable privileges.  To the

5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6      Mattel objects that the request is duplicative or subsumed within prior

7  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

8  agree to produce responsive non-privileged documents is not proper based on this

9  objection.

10      Mattel objects that the request contains confidential, proprietary and trade

11  secret information.  A Protective Order exists in this case, obviating any concern as

12  to protection of privacy rights and/or commercially sensitive information.

13      Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

14  all documents on the issue, and not just those that Mattel chooses to produce in

15  support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

16  entitled to extremely broad discovery to the extent that Mattel intends to assert

17  particular damages theories or to request injunctive relief.

18      None of Mattel's improper objections are valid and Mattel is obligated to

19  produce all non-privileged responsive documents in its possession, custody, or

20  control.

21

22  **REQUEST FOR PRODUCTION NO. 30:**

23      All DOCUMENTS referring or relating to BRATZ DOLLS that YOU have

24  given or shown to any person working on or involved in the conception, creation,

25  design or development of any fashion doll, other than "Barbie," if YOU seek in this

26  case to enjoin the sale of BRATZ DOLLS, or seek, as any part of YOUR recovery

27  or damages in this case, any right or interest in, revenues or profits from, or lost

28  profits or other damages caused by BRATZ DOLLS.

**RESPONSE TO REQUEST NO. 30:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad, unduly burdensome and oppressive on the grounds that it is not limited in time, and seeks <u>all</u> documents in Mattel's possession, custody and control given or shown for <u>any</u> reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees like Bryant, to <u>any</u> person working on <u>or involved</u> in the conception, creation, design or development of <u>any</u> "fashion doll," other than BARBIE dolls, including former and present employees and independent contractors working around the globe, referring or relating to "Bratz Dolls."  Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel.  Mattel further objects to the Request on the Grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery.  Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.

1

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

2

3    Mattel has not agreed to produce documents in response to this request,

4    resting on its improper boilerplate objections.  Under the Federal Rules of Civil

5    Procedure, "an objection to part of a request must specify the part and permit

6    inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

7    explain the basis for an objection with specificity are routinely rejected in the

8    Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

9    (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

10   and harassing' are improper – especially when a party fails to submit any

11   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

12   compelled either to certify that it has produced all non-privileged responsive

13   documents or to produce all such documents by a date certain.

14   To the extent that Mattel is relying on its blanket objections, they are not

15   sustainable and do not justify Mattel's failure to produce documents.

16   As to overbreadth, Mattel provides no explanation, let alone the required

17   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

18   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

19   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

20   request is narrowly tailored to Mattel's intent to assert a particular damages claim

21   or claim for injunctive relief.  The category of documents requested is relevant to

22   the damages claim and claim for injunctive relief, and it is clearly discoverable to

23   the extent that Mattel is requesting such relief in Phase 2.

24   As to burden, Mattel has not attempted to demonstrate why responding to

25   this request and/or producing responsive documents presents any burden.  This

26   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

27   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

28   request is unduly burdensome must allege specific facts which indicate the nature

1  and extent of the burden, usually by affidavit or other reliable evidence.")

2  Moreover, it is not unduly burdensome, as noted above, in that the request is

3  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4  has engaged in a broad variety of unfair trade practices including serial copying of

5  MGA products.  Mattel also has a claim of trade secret misappropriation against

6  MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

7       This request does not seek documents protected by the attorney-client

8  privilege, the attorney work product doctrine, or other applicable privileges.  To the

9  extent that Mattel contends that it does, Mattel must provide a privilege log.

10      Mattel objects that the request is duplicative or subsumed within prior

11  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

12  agree to produce responsive non-privileged documents is not proper based on this

13  objection.

14      Mattel objects that the request contains confidential, proprietary and trade

15  secret information.  A Protective Order exists in this case, obviating any concern as

16  to protection of privacy rights and/or commercially sensitive information.

17      Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

18  all documents on the issue, and not just those that Mattel chooses to produce in

19  support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

20  entitled to extremely broad discovery to the extent that Mattel intends to assert

21  particular damages theories or to request injunctive relief.

22      None of Mattel's improper objections are valid and Mattel is obligated to

23  produce all non-privileged responsive documents in its possession, custody, or

24  control.

25

26  **REQUEST FOR PRODUCTION NO. 31:**

27      All DOCUMENTS referring or relating to LIL' BRATZ that YOU have

28  given or shown to any person working on or involved in the conception, creation,

1   design or development of any fashion doll, other than "Barbie," if YOU seek in this

2   case to enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR recovery or

3   damages in this case, any right or interest in, revenues or profits from, or lost profits

4   or other damages caused by LIL' BRATZ.

5          **RESPONSE TO REQUEST NO. 31:**

6          In addition to the general objections stated above, which are incorporated

7   herein by reference, Mattel objects to this Request as overbroad, unduly

8   burdensome and oppressive on the grounds that it is not limited in time, and seeks

9   <u>all</u> documents in Mattel's possession, custody and control given or shown for <u>any</u>

10  reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees like

11  Bryant, to <u>any</u> person working on <u>or involved</u> in the conception, creation, design or

12  development of <u>any</u> "fashion doll," other than BARBIE dolls, including former and

13  present employees and independent contractors working around the globe, referring

14  or relating to "Lil' Bratz."  Mattel further objects to this Request on the grounds

15  that such discovery from Mattel is overbroad, unduly burdensome, oppressive and

16  not likely to the lead to the discovery of admissible evidence in that Mattel's

17  actions in relation to the "Bratz" line of products are not at issue in this action and

18  are irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions

19  of defendants and third parties associated with defendants in connection with the

20  projects that defendant Bryant worked on with defendant MGA, which is

21  information known to and within the possession, custody and control of defendants

22  and their associated third parties, not Mattel.  Mattel further objects to the Request

23  on the grounds that it calls for the disclosure of information subject to the attorney-

24  client privilege, the attorney work-product doctrine and other applicable privileges.

25  Mattel further objects to this Request on the grounds that it is unreasonably

26  burdensome and premature in that the facts necessary to determine the full nature

27  and extent of Mattel's relief and damages from defendant's acts or omissions are

28  known by defendants and third parties associated with defendants, but are not

1    known by Mattel at this juncture because of defendants' refusals to produce basic

2    discovery.  Mattel further objects to this Request on the grounds that it is

3    improperly phrased as a legal contention.

4

5    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
**SHOULD BE COMPELLED**

6

7        Mattel has not agreed to produce documents in response to this request,

8    resting on its improper boilerplate objections.  Under the Federal Rules of Civil

9    Procedure, "an objection to part of a request must specify the part and permit

10   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

11   explain the basis for an objection with specificity are routinely rejected in the

12   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

13   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

14   and harassing' are improper – especially when a party fails to submit any

15   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

16   compelled either to certify that it has produced all non-privileged responsive

17   documents or to produce all such documents by a date certain.

18       To the extent that Mattel is relying on its blanket objections, they are not

19   sustainable and do not justify Mattel's failure to produce documents.

20       As to overbreadth, Mattel provides no explanation, let alone the required

21   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

22   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

23   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

24   request is narrowly tailored to Mattel's intent to assert a particular damages claim

25   or claim for injunctive relief.  The category of documents requested is relevant to

26   the damages claim and claim for injunctive relief, and it is clearly discoverable to

27   the extent that Mattel is requesting such relief in Phase 2.

28

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products.  Mattel also has a claim of trade secret misappropriation against MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request is duplicative or subsumed within prior requests but does not identify the allegedly duplicative requests.  Mattel's failure to agree to produce responsive non-privileged documents is not proper based on this objection.

Mattel objects that the request contains confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to all documents on the issue, and not just those that Mattel chooses to produce in support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad discovery to the extent that Mattel intends to assert particular damages theories or to request injunctive relief.

1    None of Mattel's improper objections are valid and Mattel is obligated to

2    produce all non-privileged responsive documents in its possession, custody, or

3    control.

4

5    **REQUEST FOR PRODUCTION NO. 32:**

6    All DOCUMENTS referring or relating to BRATZ PETZ that YOU have

7    given or shown to any person working on or involved in the conception, creation,

8    design or development of any plush toy, if YOU seek in this case to enjoin the sale

9    of BRATZ PETZ, or seek, as any part of YOUR recovery or damages in this case,

10   any right or interest in, revenues or profits from, or lost profits or other damages

11   caused by BRATZ PETZ.

12   **RESPONSE TO REQUEST NO. 32:**

13   In addition to the general objections stated above, which are incorporated

14   herein by reference, Mattel objects to this Request as overbroad, unduly

15   burdensome and oppressive on the grounds that it is not limited in time, and seeks

16   <u>all</u> documents in Mattel's possession, custody and control given or shown for <u>any</u>

17   reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees like

18   Bryant, to <u>any</u> person working on <u>or involved</u> in the conception, creation, design or

19   development of <u>any</u> plush toy, including former and present employees and

20   independent contractors working around the globe, referring or relating to "Bratz

21   Petz."  Mattel further objects to this Request on the grounds that such discovery

22   from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead

23   to the discovery of admissible evidence in that Mattel's actions in relation to the

24   "Bratz" line of products are not at issue in this action and are irrelevant to the

25   claims and defenses in this suit.  Rather, at issue are the actions of defendants and

26   third parties associated with defendants in connection with the projects that

27   defendant Bryant worked on with defendant MGA, which is information known to

28   and within the possession, custody and control of defendants and their associated

1   third parties, not Mattel.  Mattel further objects to the Request on the grounds that it

2   calls for the disclosure of information subject to the attorney-client privilege, the

3   attorney work-product doctrine and other applicable privileges.  Mattel farther

4   objects to this Request on the grounds that it is unreasonably burdensome and

5   premature in that the facts necessary to determine the fall nature and extent of

6   Mattel's relief and damages from defendant's acts or omissions are known by

7   defendants and third parties associated with defendants, but are not known by

8   Mattel at this juncture because of defendants' refusals to produce basic discovery.

9   Mattel further objects to this Request on the grounds that it is improperly phrased as

10  a legal contention.

11

12  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

13

14         Mattel has not agreed to produce documents in response to this request,

15  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

16  Procedure, "an objection to part of a request must specify the part and permit

17  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

18  explain the basis for an objection with specificity are routinely rejected in the

19  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

20  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

21  and harassing' are improper – especially when a party fails to submit any

22  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

23  compelled either to certify that it has produced all non-privileged responsive

24  documents or to produce all such documents by a date certain.

25         To the extent that Mattel is relying on its blanket objections, they are not

26  sustainable and do not justify Mattel's failure to produce documents.

27         As to overbreadth, Mattel provides no explanation, let alone the required

28  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

- 100 -

1   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

2   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

3   request is narrowly tailored to Mattel's intent to assert a particular damages claim

4   or claim for injunctive relief.  The category of documents requested is relevant to

5   the damages claim and claim for injunctive relief, and it is clearly discoverable to

6   the extent that Mattel is requesting such relief in Phase 2.

7        As to burden, Mattel has not attempted to demonstrate why responding to

8   this request and/or producing responsive documents presents any burden.  This

9   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

10   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11   request is unduly burdensome must allege specific facts which indicate the nature

12   and extent of the burden, usually by affidavit or other reliable evidence.")

13   Moreover, it is not unduly burdensome, as noted above, in that the request is

14   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

15   has engaged in a broad variety of unfair trade practices including serial copying of

16   MGA products.  Mattel also has a claim of trade secret misappropriation against

17   MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

18        This request does not seek documents protected by the attorney-client

19   privilege, the attorney work product doctrine, or other applicable privileges.  To the

20   extent that Mattel contends that it does, Mattel must provide a privilege log.

21        Mattel objects that the request is duplicative or subsumed within prior

22   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

23   agree to produce responsive non-privileged documents is not proper based on this

24   objection.

25        Mattel objects that the request contains confidential, proprietary and trade

26   secret information.  A Protective Order exists in this case, obviating any concern as

27   to protection of privacy rights and/or commercially sensitive information.

28

Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to all documents on the issue, and not just those that Mattel chooses to produce in support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad discovery to the extent that Mattel intends to assert particular damages theories or to request injunctive relief.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS referring or relating to BRATZ BABYZ that YOU have given or shown to any person working on or involved in product conception, creation, design or development of any fashion doll, if YOU seek in this case to enjoin the sale of BRATZ BABYZ, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ BABYZ.

**RESPONSE TO REQUEST NO. 33:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad, unduly burdensome and oppressive on the grounds that it is not limited in time, and seeks all documents in Mattel's possession, custody and control given or shown for any reason by anyone at "Mattel," as defined by MGA to include past employees like Bryant, to any person working on or involved in the conception, creation, design or development of any "fashion doll," including former and present employees and independent contractors working around the globe, referring or relating to "Bratz Babyz."  Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the

"Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel.  Mattel further objects to the Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, resting on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be

1    compelled either to certify that it has produced all non-privileged responsive
2    documents or to produce all such documents by a date certain.

3          To the extent that Mattel is relying on its blanket objections, they are not
4    sustainable and do not justify Mattel's failure to produce documents.

5          As to overbreadth, Mattel provides no explanation, let alone the required
6    particularity, as to *why* this request is supposedly overly broad, nor can it do so.
7    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
8    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This
9    request is narrowly tailored to Mattel's intent to assert a particular damages claim
10   or claim for injunctive relief.  The category of documents requested is relevant to
11   the damages claim and claim for injunctive relief, and it is clearly discoverable to
12   the extent that Mattel is requesting such relief in Phase 2.

13          As to burden, Mattel has not attempted to demonstrate why responding to
14   this request and/or producing responsive documents presents any burden.  This
15   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
16   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
17   request is unduly burdensome must allege specific facts which indicate the nature
18   and extent of the burden, usually by affidavit or other reliable evidence.")
19   Moreover, it is not unduly burdensome, as noted above, in that the request is
20   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
21   has engaged in a broad variety of unfair trade practices including serial copying of
22   MGA products.  Mattel also has a claim of trade secret misappropriation against
23   MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

24          This request does not seek documents protected by the attorney-client
25   privilege, the attorney work product doctrine, or other applicable privileges.  To the
26   extent that Mattel contends that it does, Mattel must provide a privilege log.

27          Mattel objects that the request is duplicative or subsumed within prior
28   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

1   agree to produce responsive non-privileged documents is not proper based on this

2   objection.

3         Mattel objects that the request contains confidential, proprietary and trade

4   secret information.  A Protective Order exists in this case, obviating any concern as

5   to protection of privacy rights and/or commercially sensitive information.

6         Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

7   all documents on the issue, and not just those that Mattel chooses to produce in

8   support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

9   entitled to extremely broad discovery to the extent that Mattel intends to assert

10   particular damages theories or to request injunctive relief.

11         None of Mattel's improper objections are valid and Mattel is obligated to

12   produce all non-privileged responsive documents in its possession, custody, or

13   control.

14

15   **REQUEST FOR PRODUCTION NO. 34:**

16         All DOCUMENTS referring or relating to BRATZ BOYZ that YOU have

17   given or shown to any person working on or involved in product conception,

18   creation, design or development of any fashion doll, other than "Barbie," if YOU

19   seek in this case to enjoin the sale of BRATZ BOYZ, or seek, as any part of YOUR

20   recovery or damages in this case, any right or interest in, revenues or profits from,

21   or lost profits or other damages caused by BRATZ BOYZ.

22         **RESPONSE TO REQUEST NO. 34:**

23         In addition to the general objections stated above, which are incorporated

24   herein by reference, Mattel objects to this Request as overbroad, unduly

25   burdensome and oppressive on the grounds that it is not limited in time, and seeks

26   all documents in Mattel's possession, custody and control given or shown for any

27   reasons by anyone at "Mattel," as defined by MGA to include past employees like

28   Bryant, to any person working on or involved in the conception, creation, design or

OHS West:260723192

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9059, SET ONE; CV 04-9049 SGL (RNBX))

development of <u>any</u> "fashion doll," other than BARBIE dolls, including former and present employees and independent contractors working around the globe, referring or relating to "Bratz Boyz."  Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel.  Mattel further objects to the Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery.  Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, resting on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the

1   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

2   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

3   and harassing' are improper – especially when a party fails to submit any

4   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

5   compelled either to certify that it has produced all non-privileged responsive

6   documents or to produce all such documents by a date certain.

7        To the extent that Mattel is relying on its blanket objections, they are not

8   sustainable and do not justify Mattel's failure to produce documents.

9        As to overbreadth, Mattel provides no explanation, let alone the required

10  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

11  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

13  request is narrowly tailored to Mattel's intent to assert a particular damages claim

14  or claim for injunctive relief.  The category of documents requested is relevant to

15  the damages claim and claim for injunctive relief, and it is clearly discoverable to

16  the extent that Mattel is requesting such relief in Phase 2.

17        As to burden, Mattel has not attempted to demonstrate why responding to

18  this request and/or producing responsive documents presents any burden.  This

19  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

20  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21  request is unduly burdensome must allege specific facts which indicate the nature

22  and extent of the burden, usually by affidavit or other reliable evidence.")

23  Moreover, it is not unduly burdensome, as noted above, in that the request is

24  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

25  has engaged in a broad variety of unfair trade practices including serial copying of

26  MGA products.  Mattel also has a claim of trade secret misappropriation against

27  MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

28

1   This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4   Mattel objects that the request is duplicative or subsumed within prior

5   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

6   agree to produce responsive non-privileged documents is not proper based on this

7   objection.

8   Mattel objects that the request contains confidential, proprietary and trade

9   secret information.  A Protective Order exists in this case, obviating any concern as

10   to protection of privacy rights and/or commercially sensitive information.

11   Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

12   all documents on the issue, and not just those that Mattel chooses to produce in

13   support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

14   entitled to extremely broad discovery to the extent that Mattel intends to assert

15   particular damages theories or to request injunctive relief.

16   None of Mattel's improper objections are valid and Mattel is obligated to

17   produce all non-privileged responsive documents in its possession, custody, or

18   control.

19

20   **REQUEST FOR PRODUCTION NO. 35:**

21   All DOCUMENTS mentioning, referring or relating to the conception,

22   creation, design or development of BRATZ INTELLECTUAL PROPERTY that

23   YOU have given or shown to any third party.

24   **RESPONSE TO REQUEST NO. 35:**

25   In addition to the general objections stated above, which are incorporated

26   herein by reference, Mattel objects to this Request as overbroad, unduly

27   burdensome and oppressive on the grounds that it is not limited in time, and seeks

28   all documents in Mattel's possession, custody and control given or shown for any

1    reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees like
2    Bryant, to <u>any</u> third party in the world that mentions, refers or relates to "the
3    conception, creation, design or development of 'Bratz Intellectual Property.' Mattel
4    further objects to this Request on the grounds that such discovery from Mattel is
5    overbroad, unduly burdensome, oppressive and not likely to the lead to the
6    discovery of admissible evidence in that Mattel's actions in relation to "Bratz" are
7    not at issue in this action and are irrelevant to the claims and defenses in this suit.
8    Rather, at issue are the actions of defendants and third parties associated with
9    defendants in connection with the projects that defendant Bryant worked on with
10   defendant MGA, which is information known to and within the possession, custody
11   and control of defendants and their associated third parties, not Mattel.  Mattel
12   further objects to this Request on the ground that the term "Bratz Intellectual
13   Property" is vague and ambiguous.  Mattel further objects to the Request on the
14   grounds that it calls for the disclosure of information subject to the attorney-client
15   privilege, the attorney work-product doctrine and other applicable privileges.
16   Mattel further objects to this Request on the grounds that it is duplicative of or
17   subsumed within prior Requests already responded to and seeks the re-production
18   of information and documents already produced in this action.  Such information
19   and documents will not be re-produced.

20

21   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

22

23       Mattel has not agreed to produce documents in response to this request,

24   subject to its improper boilerplate objections.  Mattel has refused to confirm

25   whether or not it has produced all non-privileged responsive documents or whether

26   it is withholding documents based on its objections in Phase 2.  Under the Federal

27   Rules of Civil Procedure, "an objection to part of a request must specify the part

28   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

1   that fail to explain the basis for an objection with specificity are routinely rejected

2   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

3   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

4   burdensome and harassing' are improper – especially when a party fails to submit

5   any evidentiary declarations supporting such objections").  Accordingly, Mattel

6   must be compelled either to certify that it has produced all non-privileged

7   responsive documents or to produce all such documents by a date certain.

8        To the extent that Mattel is relying on its blanket objections, they are not

9   sustainable and do not justify Mattel's failure to produce documents.

10       As to overbreadth, Mattel provides no explanation, let alone the required

11  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

12  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

13  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14  contrary, the request is narrowly tailored to seek documents concerning BRATZ

15  intellectual property that Mattel has given or shown to any third party.

16       As to burden, Mattel has not attempted to demonstrate why responding to

17  this request and/or producing responsive documents presents any burden.  This

18  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

19  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20  request is unduly burdensome must allege specific facts which indicate the nature

21  and extent of the burden, usually by affidavit or other reliable evidence.")

22  Moreover, it is not unduly burdensome, as noted above, in that the request is

23  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

24  has engaged in a broad variety of unfair trade practices including serial copying of

25  MGA products, including the BRATZ product line.  MGA is entitled to discovery

26  on these claims.

27       This request does not seek documents protected by the attorney-client

28  privilege, the attorney work product doctrine, or other applicable privileges.  To the

1   extent that Mattel contends that it does, Mattel must provide a privilege log.

2        Mattel objects that the request is duplicative or subsumed within prior

3   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

4   agree to produce responsive non-privileged documents is not proper based on this

5   objection.

6        Mattel objects that Mattel's actions in relation to the "Bratz" line of products

7   are not at issue in this action and are irrelevant to the claims and defenses in this

8   suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2 of

9   these consolidated proceedings.  Discovery relating to Bratz is likely to lead to

10  admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair

11  competition claim, Mattel's trade secret misappropriation claim, and both parties

12  damages claims.

13       As for relevancy, Mattel has not attempted to demonstrate why the

14  information sought in response to this request is not discoverable in Phase 2. On the

15  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

16  product lines, including its BRATZ product line, packaging, themes,

17  accessories, and advertising. Documents related to BRATZ intellectual property

18  that Mattel has given or shown to any third party are highly relevant to MGA's

19  claims, including its allegation of serial copying by Mattel, and are discoverable in

20  Phase 2.

21       None of Mattel's improper objections are valid and Mattel is obligated to

22  produce all non-privileged responsive documents in its possession, custody, or

23  control.

24

25  **REQUEST FOR PRODUCTION NO. 36:**

26       All DOCUMENTS mentioning, referring or relating to the conception,

27  creation, design or development of the BRATZ CONCEPT that YOU have given or

28  shown to any third party.

## RESPONSE TO REQUEST NO. 36:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad, unduly burdensome and oppressive on the grounds that it is not limited in time, and seeks all documents in Mattel's possession, custody and control given or shown for any reason by anyone at "Mattel," as defined by MGA to include past employees like Bryant, to any third party in the world that mentions, refers or relates to "the conception, creation, design or development of the 'Bratz Concept.'" Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to "Bratz" are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel. Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the whether "images, drawings, pictures, sculpts, molds, prototypes and any other form of artwork" both predate the "First Bratz Dolls" and are "'Bratz'-related" are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture. Mattel further objects to this Request on the ground that the term "Bratz Concept" is vague and ambiguous. Mattel further objects to the Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will

1   not be re-produced.

2

3   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

4

5   Mattel has not agreed to produce documents in response to this request,

6   subject to its improper boilerplate objections.  Mattel has refused to confirm

7   whether or not it has produced all non-privileged responsive documents or whether

8   it is withholding documents based on its objections in Phase 2.  Under the Federal

9   Rules of Civil Procedure, "an objection to part of a request must specify the part

10  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

11  that fail to explain the basis for an objection with specificity are routinely rejected

12  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

13  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

14  burdensome and harassing' are improper – especially when a party fails to submit

15  any evidentiary declarations supporting such objections").  Accordingly, Mattel

16  must be compelled either to certify that it has produced all non-privileged

17  responsive documents or to produce all such documents by a date certain.

18  To the extent that Mattel is relying on its blanket objections, they are not

19  sustainable and do not justify Mattel's failure to produce documents.

20  As to overbreadth, Mattel provides no explanation, let alone the required

21  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

22  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

23  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

24  contrary, the request is narrowly tailored to seek documents concerning the BRATZ

25  concept that Mattel has given or shown to any third party.

26  As to burden, Mattel has not attempted to demonstrate why responding to

27  this request and/or producing responsive documents presents any burden.  This

28  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

1  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2  request is unduly burdensome must allege specific facts which indicate the nature

3  and extent of the burden, usually by affidavit or other reliable evidence.")

4  Moreover, it is not unduly burdensome, as noted above, in that the request is

5  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

6  has engaged in a broad variety of unfair trade practices including serial copying of

7  MGA products, including the BRATZ product line.  MGA is entitled to discovery

8  on these claims.

9       This request does not seek documents protected by the attorney-client

10  privilege, the attorney work product doctrine, or other applicable privileges.  To the

11  extent that Mattel contends that it does, Mattel must provide a privilege log.

12       Mattel objects that Mattel's actions in relation to the "Bratz" line of products

13  are not at issue in this action and are irrelevant to the claims and defenses in this

14  suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2 of

15  these consolidated proceedings.  Discovery relating to Bratz is likely to lead to

16  admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair

17  competition claim, Mattel's trade secret misappropriation claim, and both parties'

18  damages claims.

19       Mattel objects that the request is duplicative or subsumed within prior

20  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

21  agree to produce responsive non-privileged documents is not proper based on this

22  objection.

23       As for relevancy, Mattel has not attempted to demonstrate why the

24  information sought in response to this request is not discoverable in Phase 2. On the

25  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

26  product lines, including its BRATZ product line, packaging, themes,

27  accessories, and advertising. Documents related to the BRATZ concept that Mattel

28  has given or shown to any third party are highly relevant to MGA's claims,

- 114 -

1   including its allegation of serial copying by Mattel, and are discoverable in Phase 2.

2   None of Mattel's improper objections are valid and Mattel is obligated to

3   produce all non-privileged responsive documents in its possession, custody, or

4   control.

5

6   **REQUEST FOR PRODUCTION NO. 37:**

7   All DOCUMENTS mentioning, referring or relating to the conception,

8   creation, design or development of the FIRST BRATZ DOLLS that YOU have

9   given or shown to any third party.

10   **RESPONSE TO REQUEST NO. 37:**

11   In addition to the general objections stated above, which are incorporated

12   herein by reference, Mattel objects to this Request as overbroad, unduly

13   burdensome and oppressive on the grounds that it is not limited in time, and seeks

14   all documents in Mattel's possession, custody and control given or shown for any

15   reason by anyone at "Mattel," as defined by MGA to include past employees like

16   Bryant, to any third party in the world that mentions, refers or relates to "the

17   conception, creation, design or development of the 'First Bratz Dolls."  Mattel

18   further objects to this Request on the grounds that such discovery from Mattel is

19   overbroad, unduly burdensome, oppressive and not likely to the lead to the

20   discovery of admissible evidence in that Mattel's actions in relation to the "Bratz"

21   line of products are not at issue in this action and are irrelevant to the claims and

22   defenses in this suit.  Rather, at issue are the actions of defendants and third parties

23   associated with defendants in connection with the projects that defendant Bryant

24   worked on with defendant MGA, which is information known to and within the

25   possession, custody and control of defendants and their associated third parties, not

26   Mattel.  Mattel further objects to this Request on the ground that the term "First

27   Bratz Dolls" is vague and ambiguous.  Mattel further objects to the Request on the

28   grounds that it calls for the disclosure of information subject to the attorney-client

1 privilege, the attorney work-product doctrine and other applicable privileges.

2 Mattel further objects to this Request on the grounds that it is duplicative of or

3 subsumed within prior Requests already responded to and seeks the re-production

4 of information and documents already produced in this action.  Such information

5 and documents will not be re-produced.

6

7 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
**SHOULD BE COMPELLED**

8

9      Mattel has not agreed to produce documents in response to this request,

10 subject to its improper boilerplate objections.  Mattel has refused to confirm

11 whether or not it has produced all non-privileged responsive documents or whether

12 it is withholding documents based on its objections in Phase 2.  Under the Federal

13 Rules of Civil Procedure, "an objection to part of a request must specify the part

14 and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

15 that fail to explain the basis for an objection with specificity are routinely rejected

16 in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

17 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

18 burdensome and harassing' are improper – especially when a party fails to submit

19 any evidentiary declarations supporting such objections").  Accordingly, Mattel

20 must be compelled either to certify that it has produced all non-privileged

21 responsive documents or to produce all such documents by a date certain.

22      To the extent that Mattel is relying on its blanket objections, they are not

23 sustainable and do not justify Mattel's failure to produce documents.

24      As to overbreadth, Mattel provides no explanation, let alone the required

25 particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28 contrary, the request is narrowly tailored to seek documents concerning the

- 116 -

1   conception, design or development of the FIRST BRATZ DOLLS that Mattel has

2   given or shown to any third party.

3       As to burden, Mattel has not attempted to demonstrate why responding to

4   this request and/or producing responsive documents presents any burden.  This

5   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

6   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7   request is unduly burdensome must allege specific facts which indicate the nature

8   and extent of the burden, usually by affidavit or other reliable evidence.")

9   Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11  has engaged in a broad variety of unfair trade practices including serial copying of

12  MGA products, including its BRATZ dolls.  MGA is entitled to discovery on these

13  claims.

14      This request does not seek documents protected by the attorney-client

15  privilege, the attorney work product doctrine, or other applicable privileges.  To the

16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17      Mattel objects that Mattel's actions in relation to the "Bratz" line of products

18  are not at issue in this action and are irrelevant to the claims and defenses in this

19  suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2 of

20  these consolidated proceedings.  Discovery relating to Bratz is likely to lead to

21  admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair

22  competition claim, Mattel's trade secret misappropriation claim, and both parties

23  damages claims.

24      Mattel objects that the request is duplicative or subsumed within prior

25  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

26  agree to produce responsive non-privileged documents is not proper based on this

27  objection.

28

1    Mattel objects that the term "FIRST BRATZ DOLLS" is vague and

2    ambiguous.  To the contrary, the term "FIRST BRATZ DOLLS" has been clearly

3    defined in definition number 3 as particular dolls identified by name and SKU.

4    As for relevancy, Mattel has not attempted to demonstrate why the

5    information sought in response to this request is not discoverable in Phase 2. On the

6    contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

7    product lines, including its BRATZ product line, packaging, themes,

8    accessories, and advertising. Documents related to the conception, design or

9    development of the FIRST BRATZ DOLLS that Mattel has given or shown to any

10   third party are highly relevant to MGA's claims, including its allegation of serial

11   copying by Mattel, and are discoverable in Phase 2.

12   None of Mattel's improper objections are valid and Mattel is obligated to

13   produce all non-privileged responsive documents in its possession, custody, or

14   control.

15

16   **REQUEST FOR PRODUCTION NO. 38:**

17   All DOCUMENTS mentioning, referring or relating to the conception,

18   creation, design or development of BRATZ DOLLS that YOU have given or shown

19   to any third party, if YOU seek in this case to enjoin the sale of BRATZ DOLLS, or

20   seek, as any part of YOUR recovery or damages in this case, any right or interest in,

21   revenues or profits from, or lost profits or other damages caused by BRATZ

22   DOLLS.

23   **RESPONSE TO REQUEST NO. 38:**

24   In addition to the general objections stated above, which are incorporated

25   herein by reference, Mattel objects to this Request as overbroad, unduly

26   burdensome and oppressive on the grounds that it is not limited in time, and seeks

27   <u>all</u> documents in Mattel's possession, custody and control given or shown for <u>any</u>

28   reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees like

1   Bryant, to <u>any</u> third party in the world that mention, refer or relate to the

2   conception, creation, design or development of "Bratz Dolls."  Mattel further

3   objects to this Request on the grounds that such discovery from Mattel is

4   overbroad, unduly burdensome, oppressive and not likely to the lead to the

5   discovery of admissible evidence in that Mattel's actions in relation to the "Bratz"

6   line of products are not at issue in this action and are irrelevant to the claims and

7   defenses in this suit.  Rather, at issue are the actions of defendants and third parties

8   associated with defendants in connection with the projects that defendant Bryant

9   worked on with defendant MGA, which is information known to and within the

10  possession, custody and control of defendants and their associated third parties, not

11  Mattel.  Mattel further objects to the Request on the grounds that it calls for the

12  disclosure of info   ration subject to the attorney-client privilege, the attorney work-

13  product doctrine and other applicable privileges.  Mattel further objects to this

14  Request on the grounds that it is unreasonably burdensome and premature in that

15  the facts necessary to determine the full nature and extent of Mattel's relief and

16  damages from defendant's acts or omissions are known by defendants and third

17  parties associated with defendants, but are not known by Mattel at this juncture

18  because of defendants' refusals to produce basic discovery.  Mattel further objects

19  to this Request on the grounds that it is improperly phrased as a legal contention.

20  Mattel further objects to this Request on the grounds that it is duplicative of or

21  subsumed within prior Requests already responded to and seeks the re-production

22  of information and documents already produced in this action.  Such information

23  and documents will not be re-produced.

24

25  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

26

27      Mattel has not agreed to produce documents in response to this request,

28  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

1   Procedure, "an objection to part of a request must specify the part and permit

2   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

3   explain the basis for an objection with specificity are routinely rejected in the

4   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

5   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

6   and harassing' are improper – especially when a party fails to submit any

7   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

8   compelled either to certify that it has produced all non-privileged responsive

9   documents or to produce all such documents by a date certain.

10          To the extent that Mattel is relying on its blanket objections, they are not

11  sustainable and do not justify Mattel's failure to produce documents.

12          As to overbreadth, Mattel provides no explanation, let alone the required

13  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

14  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

15  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

16  request is narrowly tailored to Mattel's intent to assert a particular damages claim

17  or claim for injunctive relief.  The category of documents requested is relevant to

18  the damages claim and claim for injunctive relief, and it is clearly discoverable to

19  the extent that Mattel is requesting such relief in Phase 2.

20          As to burden, Mattel has not attempted to demonstrate why responding to

21  this request and/or producing responsive documents presents any burden.  This

22  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

23  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24  request is unduly burdensome must allege specific facts which indicate the nature

25  and extent of the burden, usually by affidavit or other reliable evidence.")

26  Moreover, it is not unduly burdensome, as noted above, in that the request is

27  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

28  has engaged in a broad variety of unfair trade practices including serial copying of

MGA products.  Mattel also has a claim of trade secret misappropriation against MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request is duplicative or subsumed within prior requests but does not identify the allegedly duplicative requests.  Mattel's failure to agree to produce responsive non-privileged documents is not proper based on this objection.

Mattel objects that the request contains confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to all documents on the issue, and not just those that Mattel chooses to produce in support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad discovery to the extent that Mattel intends to assert particular damages theories or to request injunctive relief.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS mentioning, referring or relating to the conception, creation, design or development of the BRATZ PACK that YOU have given or shown to any third party, if YOU seek in this case to enjoin the sale of the BRATZ PACK, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by the BRATZ PACK.

## RESPONSE TO REQUEST NO. 39:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad, unduly burdensome and oppressive on the grounds that it is not limited in time, and seeks all documents in Mattel's possession, custody and control given or shown for any reason by anyone at "Mattel," as defined by MGA to include past employees like Bryant, to any third party in the world that mention, refer or relate to the conception, creation, design or development of the "Bratz Pack."  Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to "Bratz" are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel.  Mattel further objects to the Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's relief and damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery.  Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of

1   information and documents already produced in this action.  Such information and

2   documents will not be re-produced.

3

4   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

5   **SHOULD BE COMPELLED**

6       Mattel has not agreed to produce documents in response to this request,

7   resting on its improper boilerplate objections.  Under the Federal Rules of Civil

8   Procedure, "an objection to part of a request must specify the part and permit

9   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

10  explain the basis for an objection with specificity are routinely rejected in the

11  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

12  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

13  and harassing' are improper – especially when a party fails to submit any

14  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

15  compelled either to certify that it has produced all non-privileged responsive

16  documents or to produce all such documents by a date certain.

17      To the extent that Mattel is relying on its blanket objections, they are not

18  sustainable and do not justify Mattel's failure to produce documents.

19      As to overbreadth, Mattel provides no explanation, let alone the required

20  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

21  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

23  request is narrowly tailored to Mattel's intent to assert a particular damages claim

24  or claim for injunctive relief.  The category of documents requested is relevant to

25  the damages claim and claim for injunctive relief, and it is clearly discoverable to

26  the extent that Mattel is requesting such relief in Phase 2.

27      As to burden, Mattel has not attempted to demonstrate why responding to

28  this request and/or producing responsive documents presents any burden.  This

1    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

2    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3    request is unduly burdensome must allege specific facts which indicate the nature

4    and extent of the burden, usually by affidavit or other reliable evidence.")

5    Moreover, it is not unduly burdensome, as noted above, in that the request is

6    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7    has engaged in a broad variety of unfair trade practices including serial copying of

8    MGA products.  Mattel also has a claim of trade secret misappropriation against

9    MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

10        This request does not seek documents protected by the attorney-client

11   privilege, the attorney work product doctrine, or other applicable privileges.  To the

12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13        Mattel objects that the request is duplicative or subsumed within prior

14   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

15   agree to produce responsive non-privileged documents is not proper based on this

16   objection.

17        Mattel objects that the request contains confidential, proprietary and trade

18   secret information.  A Protective Order exists in this case, obviating any concern as

19   to protection of privacy rights and/or commercially sensitive information.

20        Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

21   all documents on the issue, and not just those that Mattel chooses to produce in

22   support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

23   entitled to extremely broad discovery to the extent that Mattel intends to assert

24   particular damages theories or to request injunctive relief.

25        None of Mattel's improper objections are valid and Mattel is obligated to

26   produce all non-privileged responsive documents in its possession, custody, or

27   control.

28

1   **REQUEST FOR PRODUCTION NO. 40:**

2       All DOCUMENTS mentioning, referring or relating to the conception,

3   creation, design or development of LIL' BRATZ that YOU have given or shown to

4   any third party, if YOU seek in this case to enjoin the sale of LIL' BRATZ, or seek,

5   as any part of YOUR recovery or damages in this case, any right or interest in,

6   revenues or profits from, or lost profits or other damages caused by LIL' BRATZ.

7       **RESPONSE TO REQUEST NO. 40:**

8       In addition to the general objections stated above, which are incorporated

9   herein by reference, Mattel objects to this Request as overbroad, unduly

10   burdensome and oppressive on the grounds that it is not limited in time, and seeks

11   all documents in Mattel's possession, custody and control given or shown for any

12   reason by anyone at "Mattel," as defined by MGA to include past employees like

13   Bryant, to any third party in the world that mention, refer or relate to the

14   conception, creation, design or development of "Lil' Bratz."  Mattel further objects

15   to this Request on the grounds that such discovery from Mattel is overbroad, unduly

16   burdensome, oppressive and not likely to the lead to the discovery of admissible

17   evidence in that Mattel's actions in relation to the "Bratz" line of products are not at

18   issue in this action and are irrelevant to the claims and defenses in this suit.  Rather,

19   at issue are the actions of defendants and third parties associated with defendants in

20   connection with the projects that defendant Bryant worked on with defendant

21   MGA, which is information known to and within the possession, custody and

22   control of defendants and their associated third parties, not Mattel.  Mattel further

23   objects to the Request on the grounds that it calls for the disclosure of information

24   subject to the attorney-client privilege, the attorney work-product doctrine and other

25   applicable privileges.  Mattel further objects to this Request on the grounds that it is

26   unreasonably burdensome and premature in that the facts necessary to determine

27   the full nature and extent of Mattel's relief and damages from defendant's acts or

28   omissions are known by defendants and third parties associated with defendants,

1  but are not known by Mattel at this juncture because of defendants' refusals to

2  produce basic discovery.  Mattel further objects to this Request on the grounds that

3  it is improperly phrased as a legal contention.

4

5  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
   SHOULD BE COMPELLED**

6

7     Mattel has not agreed to produce documents in response to this request,

8  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

9  Procedure, "an objection to part of a request must specify the part and permit

10  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

11  explain the basis for an objection with specificity are routinely rejected in the

12  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

13  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

14  and harassing' are improper – especially when a party fails to submit any

15  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

16  compelled either to certify that it has produced all non-privileged responsive

17  documents or to produce all such documents by a date certain.

18     To the extent that Mattel is relying on its blanket objections, they are not

19  sustainable and do not justify Mattel's failure to produce documents.

20     As to overbreadth, Mattel provides no explanation, let alone the required

21  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

22  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

23  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

24  request is narrowly tailored to Mattel's intent to assert a particular damages claim

25  or claim for injunctive relief.  The category of documents requested is relevant to

26  the damages claim and claim for injunctive relief, and it is clearly discoverable to

27  the extent that Mattel is requesting such relief in Phase 2.

28

1    As to burden, Mattel has not attempted to demonstrate why responding to

2    this request and/or producing responsive documents presents any burden.  This

3    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5    request is unduly burdensome must allege specific facts which indicate the nature

6    and extent of the burden, usually by affidavit or other reliable evidence.")

7    Moreover, it is not unduly burdensome, as noted above, in that the request is

8    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9    has engaged in a broad variety of unfair trade practices including serial copying of

10   MGA products.  Mattel also has a claim of trade secret misappropriation against

11   MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

12   This request does not seek documents protected by the attorney-client

13   privilege, the attorney work product doctrine, or other applicable privileges.  To the

14   extent that Mattel contends that it does, Mattel must provide a privilege log.

15   Mattel objects that the request is duplicative or subsumed within prior

16   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

17   agree to produce responsive non-privileged documents is not proper based on this

18   objection.

19   Mattel objects that the request contains confidential, proprietary and trade

20   secret information.  A Protective Order exists in this case, obviating any concern as

21   to protection of privacy rights and/or commercially sensitive information.

22   Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

23   all documents on the issue, and not just those that Mattel chooses to produce in

24   support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

25   entitled to extremely broad discovery to the extent that Mattel intends to assert

26   particular damages theories or to request injunctive relief.

27

28

1    None of Mattel's improper objections are valid and Mattel is obligated to

2    produce all non-privileged responsive documents in its possession, custody, or

3    control.

4

5    **REQUEST FOR PRODUCTION NO. 41:**

6    All DOCUMENTS mentioning, referring or relating to the conception,

7    creation, design or development of BRATZ PETZ that YOU have given or shown

8    to any third party, if YOU seek in this case to enjoin the sale of BRATZ PETZ, or

9    seek, as any part of YOUR recovery or damages in this case, any right or interest in,

10   revenues or profits from, or lost profits or other damages caused by BRATZ PETZ.

11   **RESPONSE TO REQUEST NO. 41:**

12   In addition to the general objections stated above, which are incorporated

13   herein by reference, Mattel objects to this Request as overbroad, unduly

14   burdensome and oppressive on the grounds that it is not limited in time, and seeks

15   all documents in Mattel's possession, custody and control given or shown for any

16   reason by anyone at "Mattel," as defined by MGA to include past employees like

17   Bryant, to any third party in the world that mention, refer or relate to the

18   conception, creation, design or development of "Bratz Petz."  Mattel further objects

19   to this Request on the grounds that such discovery from Mattel is overbroad, unduly

20   burdensome, oppressive and not likely to the lead to the discovery of admissible

21   evidence in that Mattel's actions in relation to the "Bratz" line of products are not at

22   issue in this action and are irrelevant to the claims and defenses in this suit.  Rather,

23   at issue are the actions of defendants and third parties associated with defendants in

24   connection with the projects that defendant Bryant worked on with defendant

25   MGA, which is information known to and within the possession, custody and

26   control of defendants and their associated third parties, not Mattel.  Mattel further

27   objects to the Request on the grounds that it calls for the disclosure of information

28   subject to the attorney-client privilege, the attorney work-product doctrine and other

1   applicable privileges.  Mattel further objects to this Request on the grounds that it is

2   unreasonably burdensome and premature in that the facts necessary to determine

3   the full nature and extent of Mattel's relief and damages from defendant's acts or

4   omissions are known by defendants and third parties associated with defendants,

5   but are not known by Mattel at this juncture because of defendants' refusals to

6   produce basic discovery.  Mattel further objects to this Request on the grounds that

7   it is improperly phrased as a legal contention.

8

9   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
10  **SHOULD BE COMPELLED**

11      Mattel has not agreed to produce documents in response to this request,

12  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

13  Procedure, "an objection to part of a request must specify the part and permit

14  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

15  explain the basis for an objection with specificity are routinely rejected in the

16  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

17  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

18  and harassing' are improper – especially when a party fails to submit any

19  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

20  compelled either to certify that it has produced all non-privileged responsive

21  documents or to produce all such documents by a date certain.

22      To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24      As to overbreadth, Mattel provides no explanation, let alone the required

25  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

28  request is narrowly tailored to Mattel's intent to assert a particular damages claim

1   or claim for injunctive relief.  The category of documents requested is relevant to

2   the damages claim and claim for injunctive relief, and it is clearly discoverable to

3   the extent that Mattel is requesting such relief in Phase 2.

4        As to burden, Mattel has not attempted to demonstrate why responding to

5   this request and/or producing responsive documents presents any burden.  This

6   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8   request is unduly burdensome must allege specific facts which indicate the nature

9   and extent of the burden, usually by affidavit or other reliable evidence.")

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

12  has engaged in a broad variety of unfair trade practices including serial copying of

13  MGA products.  Mattel also has a claim of trade secret misappropriation against

14  MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

15       This request does not seek documents protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges.  To the

17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18       Mattel objects that the request is duplicative or subsumed within prior

19  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

20  agree to produce responsive non-privileged documents is not proper based on this

21  objection.

22       Mattel objects that the request contains confidential, proprietary and trade

23  secret information.  A Protective Order exists in this case, obviating any concern as

24  to protection of privacy rights and/or commercially sensitive information.

25       Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

26  all documents on the issue, and not just those that Mattel chooses to produce in

27  support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

28

1   entitled to extremely broad discovery to the extent that Mattel intends to assert

2   particular damages theories or to request injunctive relief.

3       None of Mattel's improper objections are valid and Mattel is obligated to

4   produce all non-privileged responsive documents in its possession, custody, or

5   control.

6

7   **REQUEST FOR PRODUCTION NO. 42:**

8       All DOCUMENTS mentioning, referring or relating to the conception,

9   creation, design or development of BRATZ BABYZ that YOU have given or

10  shown to any third party, if YOU seek in this case to enjoin the sale of BRATZ

11  BABYZ, or seek, as any part of YOUR recovery or damages in this case, any right

12  or interest in, revenues or profits from, or lost profits or other damages caused by

13  BRATZ BABYZ.

14      **RESPONSE TO REQUEST NO. 42:**

15      In addition to the general objections stated above, which are incorporated

16  herein by reference, Mattel objects to this Request as overbroad, unduly

17  burdensome and oppressive on the grounds that it is not limited in time, and seeks

18  <u>all</u> documents in Mattel's possession, custody and control given or shown for <u>any</u>

19  reason by <u>anyone</u> at "Mattel," as defined by MGA to include past employees like

20  Bryant, to <u>any</u> third party in the world that mention, refer or relate to the

21  conception, creation, design or development of "Bratz Babyz."  Mattel further

22  objects to this Request on the grounds that such discovery from Mattel is

23  overbroad, unduly burdensome, oppressive and not likely to the lead to the

24  discovery of admissible evidence in that Mattel's actions in relation to the "Bratz"

25  line of products are not at issue in this action and are irrelevant to the claims and

26  defenses in this suit.  Rather, at issue are the actions of defendants and third parties

27  associated with defendants in connection with the projects that defendant Bryant

28  worked on with defendant MGA, which is information known to and within the

1   possession, custody and control of defendants and their associated third parties, not

2   Mattel.  Mattel further objects to the Request on the grounds that it calls for the

3   disclosure of information subject to the attorney-client privilege, the attorney work-

4   product doctrine and other applicable privileges.  Mattel further objects to this

5   Request on the grounds that it is unreasonably burdensome and premature in that

6   the facts necessary to determine the full nature and extent of Mattel's relief and

7   damages from defendant's acts or omissions are known by defendants and third

8   parties associated with defendants, but are not known by Mattel at this juncture

9   because of defendants' refusals to produce basic discovery.  Mattel further objects

10  to this Request on the grounds that it is improperly phrased as a legal contention.

11

12  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

13

14      Mattel has not agreed to produce documents in response to this request,

15  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

16  Procedure, "an objection to part of a request must specify the part and permit

17  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

18  explain the basis for an objection with specificity are routinely rejected in the

19  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

20  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

21  and harassing' are improper – especially when a party fails to submit any

22  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

23  compelled either to certify that it has produced all non-privileged responsive

24  documents or to produce all such documents by a date certain.

25      To the extent that Mattel is relying on its blanket objections, they are not

26  sustainable and do not justify Mattel's failure to produce documents.

27      As to overbreadth, Mattel provides no explanation, let alone the required

28  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

1    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

2    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

3    request is narrowly tailored to Mattel's intent to assert a particular damages claim

4    or claim for injunctive relief.  The category of documents requested is relevant to

5    the damages claim and claim for injunctive relief, and it is clearly discoverable to

6    the extent that Mattel is requesting such relief in Phase 2.

7         As to burden, Mattel has not attempted to demonstrate why responding to

8    this request and/or producing responsive documents presents any burden.  This

9    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

10   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11   request is unduly burdensome must allege specific facts which indicate the nature

12   and extent of the burden, usually by affidavit or other reliable evidence.")

13   Moreover, it is not unduly burdensome, as noted above, in that the request is

14   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

15   has engaged in a broad variety of unfair trade practices including serial copying of

16   MGA products.  Mattel also has a claim of trade secret misappropriation against

17   MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

18        This request does not seek documents protected by the attorney-client

19   privilege, the attorney work product doctrine, or other applicable privileges.  To the

20   extent that Mattel contends that it does, Mattel must provide a privilege log.

21        Mattel objects that the request is duplicative or subsumed within prior

22   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

23   agree to produce responsive non-privileged documents is not proper based on this

24   objection.

25        Mattel objects that the request contains confidential, proprietary and trade

26   secret information.  A Protective Order exists in this case, obviating any concern as

27   to protection of privacy rights and/or commercially sensitive information.

28

1    Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

2    all documents on the issue, and not just those that Mattel chooses to produce in

3    support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

4    entitled to extremely broad discovery to the extent that Mattel intends to assert

5    particular damages theories or to request injunctive relief.

6    None of Mattel's improper objections are valid and Mattel is obligated to

7    produce all non-privileged responsive documents in its possession, custody, or

8    control.

9

10   **REQUEST FOR PRODUCTION NO. 43:**

11   All DOCUMENTS mentioning, referring or relating to the conception,

12   creation, design or development of BRATZ BOYZ that YOU have given or shown

13   to any third party, if YOU seek in this case to enjoin the sale of BRATZ BOYZ, or

14   seek, as any part of YOUR recovery or damages in this case, any right or interest in,

15   revenues or profits from, or lost profits or other damages caused by BRATZ

16   BOYZ.

17   **RESPONSE TO REQUEST NO. 43:**

18   In addition to the general objections stated above, which are incorporated

19   herein by reference, Mattel objects to this Request as overbroad, unduly

20   burdensome and oppressive on the grounds that it is not limited in time, and seeks

21   all documents in Mattel's possession, custody and control given or shown for any

22   reason by anyone at "Mattel," as defined by MGA to include past employees like

23   Bryant, to any third party in the world that mention, refer or relate to the

24   conception, creation, design or development of "Bratz Boyz."  Mattel further

25   objects to this Request on the grounds that such discovery from Mattel is

26   overbroad, unduly burdensome, oppressive and not likely to the lead to the

27   discovery of admissible evidence in that Mattel's actions in relation to the "Bratz"

28   line of products are not at issue in this action and are irrelevant to the claims and

1    defenses in this suit.  Rather, at issue are the actions of defendants and third parties

2    associated with defendants in connection with the projects that defendant Bryant

3    worked on with defendant MGA, which is information known to and within the

4    possession, custody and control of defendants and their associated third  parties, not

5    Mattel.  Mattel further objects to the Request on the grounds that it calls for the

6    disclosure of information subject to the attorney-client privilege, the attorney work-

7    product doctrine and other applicable privileges.  Mattel further objects to this

8    Request on the grounds that it is unreasonably burdensome and premature in that

9    the facts necessary to determine the full nature and extent of Mattel's relief and

10   damages from defendant's acts or omissions are known by defendants and third

11   parties associated with defendants, but are not known by Mattel at this juncture

12   because of defendants' refusals to produce basic discovery.  Mattel further objects

13   to this Request on the grounds that it is duplicative of or subsumed within prior

14   Requests already responded to and seeks the re-production of information and

15   documents already produced in this action.  Such information and documents will

16   not be re-produced.  Mattel further objects to this Request on the grounds that it is

17   improperly phrased as a legal contention.

18

19   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**

20

21       Mattel has not agreed to produce documents in response to this request,

22   resting on its improper boilerplate objections.  Under the Federal Rules of Civil

23   Procedure, "an objection to part of a request must specify the part and permit

24   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

25   explain the basis for an objection with specificity are routinely rejected in the

26   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

27   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

28   and harassing' are improper – especially when a party fails to submit any

1    evidentiary declarations supporting such objections").  Accordingly, Mattel must be

2    compelled either to certify that it has produced all non-privileged responsive

3    documents or to produce all such documents by a date certain.

4         To the extent that Mattel is relying on its blanket objections, they are not

5    sustainable and do not justify Mattel's failure to produce documents.

6         As to overbreadth, Mattel provides no explanation, let alone the required

7    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

10   request is narrowly tailored to Mattel's intent to assert a particular damages claim

11   or claim for injunctive relief.  The category of documents requested is relevant to

12   the damages claim and claim for injunctive relief, and it is clearly discoverable to

13   the extent that Mattel is requesting such relief in Phase 2.

14        As to burden, Mattel has not attempted to demonstrate why responding to

15   this request and/or producing responsive documents presents any burden.  This

16   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

17   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18   request is unduly burdensome must allege specific facts which indicate the nature

19   and extent of the burden, usually by affidavit or other reliable evidence.")

20   Moreover, it is not unduly burdensome, as noted above, in that the request is

21   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

22   has engaged in a broad variety of unfair trade practices including serial copying of

23   MGA products.  Mattel also has a claim of trade secret misappropriation against

24   MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

25        This request does not seek documents protected by the attorney-client

26   privilege, the attorney work product doctrine, or other applicable privileges.  To the

27   extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1    Mattel objects that the request is duplicative or subsumed within prior

2    requests but does not identify the allegedly duplicative requests.  Mattel's failure to

3    agree to produce responsive non-privileged documents is not proper based on this

4    objection.

5    Mattel objects that the request contains confidential, proprietary and trade

6    secret information.  A Protective Order exists in this case, obviating any concern as

7    to protection of privacy rights and/or commercially sensitive information.

8    Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

9    all documents on the issue, and not just those that Mattel chooses to produce in

10   support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

11   entitled to extremely broad discovery to the extent that Mattel intends to assert

12   particular damages theories or to request injunctive relief.

13   None of Mattel's improper objections are valid and Mattel is obligated to

14   produce all non-privileged responsive documents in its possession, custody, or

15   control.

16

17   **REQUEST FOR PRODUCTION NO. 47:**

18   All DOCUMENTS discussing or mentioning BRATZ, authored between

19   June 2000 and October 2001.

20   **RESPONSE TO REQUEST NO. 47:**

21   In addition to the general objections stated above which are incorporated

22   herein by reference, Mattel objects to this Request as overbroad and unduly

23   burdensome on the grounds that it seeks all documents in Mattel's possession,

24   custody and control authored by anyone over a 16-month period that discuss or

25   mention "Bratz," without further limitation as to subject matter and regardless of

26   whether the documents concern matters at issue in this case, including documents

27   that are publicly available and therefore equally available to MGA.  Mattel further

28   objects to this Request on the grounds that such discovery from Mattel is

overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to "Bratz" are not at issue in this action and are irrelevant to the claims and defenses in this suit. Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine whether documents in Mattel's possession, custody and control relate to "Bratz" in that time period are within the knowledge of defendants and third parties associated with defendants, and are not known to Mattel because of defendants' refusals to produce basic discovery.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal

OHS West:260723192

1    Rules of Civil Procedure, "an objection to part of a request must specify the part

2    and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

3    that fail to explain the basis for an objection with specificity are routinely rejected

4    in the Central District.  See <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186,

5    188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

6    burdensome and harassing' are improper – especially when a party fails to submit

7    any evidentiary declarations supporting such objections").  Accordingly, Mattel

8    must be compelled either to certify that it has produced all non-privileged

9    responsive documents or to produce all such documents by a date certain.

10         To the extent that Mattel is relying on its blanket objections, they are not

11   sustainable and do not justify Mattel's failure to produce documents.

12         As to overbreadth, Mattel provides no explanation, let alone the required

13   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

14   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

15   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

16   contrary, the request is narrowly tailored to seek documents concerning BRATZ

17   authored between June 2000 and October 2001.

18         As to burden, Mattel has not attempted to demonstrate why responding to

19   this request and/or producing responsive documents presents any burden.  This

20   objection must therefore be rejected.  See <u>Jackson v. Montgomery Ward & Co.,</u>

21   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22   request is unduly burdensome must allege specific facts which indicate the nature

23   and extent of the burden, usually by affidavit or other reliable evidence.")

24   Moreover, it is not unduly burdensome, as noted above, in that the request is

25   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

26   has engaged in a broad variety of unfair trade practices including serial copying of

27   MGA products.  MGA is entitled to discovery on these claims.

28

1   This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4   Mattel objects that the request contains confidential, proprietary and trade

5   secret information.  A Protective Order exists in this case, obviating any concern as

6   to protection of privacy rights and/or commercially sensitive information.

7   Mattel objects that the request is duplicative or subsumed within prior

8   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

9   agree to produce responsive non-privileged documents is not proper based on this

10  objection.

11  Mattel objects that Mattel's actions in relation to the "Bratz" line of products

12  are not at issue in this action and are irrelevant to the claims and defenses in this

13  suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2 of

14  these consolidated proceedings.  Discovery relating to Bratz is likely to lead to

15  admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair

16  competition claim, Mattel's trade secret misappropriation claim, and both parties

17  damages claims.

18  As for relevancy, Mattel has not attempted to demonstrate why the

19  information sought in response to this request is not discoverable in Phase 2. On the

20  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

21  product lines, including its BRATZ product line, packaging, themes,

22  accessories, and advertising. Mattel's "MY SCENE" is an example of one

23  such accused Mattel product line.  Documents related to BRATZ authored between

24  June 2000 and October 2001, the time period during in which the Bratz doll was

25  launched, that Mattel has in its possession, custody, or control, are discoverable in

26  Phase 2 and  highly relevant to  MGA's claims, including its allegations of serial

27  copying by Mattel.

28

1    None of Mattel's improper objections are valid and Mattel is obligated to

2    produce all non-privileged responsive documents in its possession, custody, or

3    control.

4

5    **REQUEST FOR PRODUCTION NO. 49:**

6    All DOCUMENTS discussing, mentioning, referring or relating to any

7    MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure,

8    harm or negatively impact Isaac Larian in any way, including, without limitation,

9    his reputation, income, revenue, business interests and relationships, which were

10   communicated to the public, retailers, the press, consumers, advertisers, media

11   buyer representatives, cable or broadcast television executives, the NPD Group, the

12   Toy Industry Association, any United States governmental unit or agency, any toy

13   industry organization whether foreign, domestic or international, any manufacturing

14   or children's safety compliance or watchdog organization, and any organization,

15   company, agency, entity or person involved in commercial or product safety

16   evaluation, ratings or awards.

17   **RESPONSE TO REQUEST NO. 49:**

18   In addition to the general objections stated above which are incorporated

19   herein by reference, Mattel objects to this Request as vague and ambiguous.  Mattel

20   further objects to this Request as overbroad and unduly burdensome in that it seeks

21   all documents in Mattel's possession, custody and control discussing, mentioning,

22   referring or relating to this topic, without meaningful limitation as to subject matter

23   and without limitation as to time, including documents that are publicly available

24   and therefore equally available to MGA, and documents that are not related to the

25   conduct at issue in this lawsuit.  Mattel further objects to this Request on the

26   grounds that it seeks documents that are not relevant to this action or likely to lead

27   to the discovery of admissible evidence.  Mattel further objects to this Request on

28   the grounds that it calls for the disclosure of information subject to the

1    attorney-client privilege, the attorney work-product doctrine and other applicable

2    privileges.

3

4    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**

5

6        Mattel refuses to produce documents responsive to this request, resting on its

7    improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an

8    objection to part of a request must specify the part and permit inspection of the

9    rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

10   for an objection with specificity are routinely rejected in the Central District.  See

11   A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

12   ("general or boilerplate objections such as 'overly burdensome and harassing' are

13   improper – especially when a party fails to submit any evidentiary declarations

14   supporting such objections").  Accordingly, Mattel must be compelled either to

15   certify that it has produced all non-privileged responsive documents or to produce

16   all such documents by a date certain.

17       To the extent that Mattel is relying on its blanket objections, they are not

18   sustainable and do not justify Mattel's failure to produce documents.

19       As to overbreadth, Mattel provides no explanation, let alone the required

20   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

21   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23   contrary, the request is narrowly tailored to seek documents concerning Mattel's

24   communications with third parties regarding Mattel's intent and efforts to interfere

25   with Larian's reputation and business, a central issue in this case.

26       As to burden, Mattel has not attempted to demonstrate why responding to

27   this request and/or producing responsive documents presents any burden.  This

28   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

1   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2   request is unduly burdensome must allege specific facts which indicate the nature

3   and extent of the burden, usually by affidavit or other reliable evidence.")

4   Moreover, it is not unduly burdensome, as noted above, in that the request is

5   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

6   has engaged in a broad variety of unfair trade practices, from serial copying of

7   MGA products, to threatening retailers and suppliers to cease doing business with

8   MGA, to intimidating employees and industry groups in order to prevent MGA

9   from fairly competing.  MGA is entitled to discovery on these claims.

10      This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13      Mattel objects that the request contains confidential/proprietary/trade secret

14  information.  A Protective Order exists in this case, obviating any concern as to

15  protection of privacy rights and/or commercially sensitive information.

16      None of Mattel's improper objections are valid and Mattel is obligated to

17  produce all non-privileged responsive documents in its possession, custody, or

18  control.

19

20  **REQUEST FOR PRODUCTION NO. 50:**

21      All DOCUMENTS discussing, mentioning, referring or relating to any

22  MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure,

23  harm or negatively impact MGA in any way, including, without limitation, its

24  reputation, income, revenue, business interests and relationships, which were

25  communicated to the public, retailers, the press, consumers, advertisers, media

26  buyer representatives, cable or broadcast television executives, the NPD Group, the

27  Toy Industry Association, any United States governmental unit or agency, any toy

28  industry organization whether foreign, domestic or international, any manufacturing

1  or children's safety compliance or watchdog organization, and any organization,

2  company, agency, entity or person involved in commercial or product safety

3  evaluation, ratings or awards,

4  **RESPONSE TO REQUEST NO. 50:**

5  In addition to the general objections stated above which are incorporated

6  herein by reference, Mattel objects to this Request as vague and ambiguous.  Mattel

7  further objects to this Request as overbroad and unduly burdensome in that it seeks

8  <u>all</u> documents in Mattel's possession, custody and control discussing, mentioning,

9  referring or relating to this topic, without limitation as to time and without

10  meaningful limitation as to subject matter, including documents that are publicly

11  available and therefore equally available to MGA, and documents that are not

12  related to the conduct at issue in this lawsuit.  Mattel further objects to this Request

13  on the grounds that it seeks documents that are not relevant to this action or likely

14  to lead to the discovery of admissible evidence.  Mattel further objects to this

15  Request on the grounds that it calls for the disclosure of information subject to the

16  attorney-client privilege, the attorney work-product doctrine and other applicable

17  privileges.

18

19  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
20  SHOULD BE COMPELLED**

21  Mattel refuses to produce documents responsive to this request, resting on its

22  improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an

23  objection to part of a request must specify the part and permit inspection of the

24  rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

25  for an objection with specificity are routinely rejected in the Central District.  <u>See</u>

26  <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

27  ("general or boilerplate objections such as 'overly burdensome and harassing' are

28  improper – especially when a party fails to submit any evidentiary declarations

OHS West:260723192

1   supporting such objections").  Accordingly, Mattel must be compelled either to

2   certify that it has produced all non-privileged responsive documents or to produce

3   all such documents by a date certain.

4       To the extent that Mattel is relying on its blanket objections, they are not

5   sustainable and do not justify Mattel's failure to produce documents.

6       As to overbreadth, Mattel provides no explanation, let alone the required

7   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10  contrary, the request is narrowly tailored to seek documents concerning Mattel's

11  communications with third parties regarding Mattel's intent and efforts to interfere

12  with MGA's reputation and business, a central issue in this case.

13      As to burden, Mattel has not attempted to demonstrate why responding to

14  this request and/or producing responsive documents presents any burden.  This

15  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

16  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17  request is unduly burdensome must allege specific facts which indicate the nature

18  and extent of the burden, usually by affidavit or other reliable evidence.")

19  Moreover, it is not unduly burdensome, as noted above, in that the request is

20  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

21  has engaged in a broad variety of unfair trade practices, from serial copying of

22  MGA products, to threatening retailers and suppliers to cease doing business with

23  MGA, to intimidating employees and industry groups in order to prevent MGA

24  from fairly competing.  MGA is entitled to discovery on these claims.

25      This request does not seek documents protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges.  To the

27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

Mattel objects that the request contains confidential/proprietary/trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 51:

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm or negatively impact the commercial success of BRATZ in any way, including, without limitation, the reputation, sales, popularity, price and availability of BRATZ, which were communicated to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards.

## RESPONSE TO REQUEST NO. 51:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as vague and ambiguous.  Mattel further objects to this Request as overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody and control discussing, mentioning, referring or relating to this topic, without limitation as to time and without meaningful limitation as to subject matter, including documents that are publicly available and therefore equally available to MGA, and documents that are not related to the conduct at issue in this lawsuit.  Mattel further objects to this Request

1    on the grounds that such discovery from Mattel is overbroad, unduly burdensome,

2    oppressive and not likely to the lead to the discovery of admissible evidence in that

3    Mattel's actions in relation to "Bratz" are not at issue in this action and are

4    irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of

5    defendants and third parties associated with defendants in connection with the

6    projects that defendant Bryant worked on with defendant MGA, which is

7    information known to and within the possession, custody and control of defendants

8    and their associated third parties, not Mattel.  Mattel further objects to this Request

9    on the grounds that the term "Bratz" is vague and ambiguous.  Mattel further

10   objects to this Request on the grounds that it calls for the disclosure of information

11   subject to the attorney-client privilege, the attorney work-product doctrine and other

12   applicable privileges.

13

14   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**

15

16       Mattel refuses to produce documents responsive to this request, resting on its

17   improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an

18   objection to part of a request must specify the part and permit inspection of the

19   rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

20   for an objection with specificity are routinely rejected in the Central District.  See

21   A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

22   ("general or boilerplate objections such as 'overly burdensome and harassing' are

23   improper – especially when a party fails to submit any evidentiary declarations

24   supporting such objections").  Accordingly, Mattel must be compelled either to

25   certify that it has produced all non-privileged responsive documents or to produce

26   all such documents by a date certain.

27       To the extent that Mattel is relying on its blanket objections, they are not

28   sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's communications with third parties regarding Mattel's intent and efforts to interfere with a specified product at issue in this case.  As such, this request is self-limited in time.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices, from serial copying of MGA products, to threatening retailers and suppliers to cease doing business with MGA, to intimidating employees and industry groups in order to prevent MGA from fairly competing.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential/proprietary/trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

1     None of Mattel's improper objections are valid and Mattel is obligated to

2  produce all non-privileged responsive documents in its possession, custody, or

3  control.

4

5  **REQUEST FOR PRODUCTION NO. 52:**

6     All DOCUMENTS discussing, mentioning, referring or relating to any

7  MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure,

8  harm or negatively impact the commercial success of the FIRST BRATZ DOLLS

9  in any way, including, without limitation, the reputation, sales, popularity, price and

10  availability of the FIRST BRATZ DOLLS which were communicated to the public,

11  retailers, the press, consumers, advertisers, media buyer representatives, cable or

12  broadcast television executives, the NPD Group, the Toy Industry Association, any

13  United States governmental unit or agency, any toy industry organization whether

14  foreign, domestic or international, any manufacturing or children's safety

15  compliance or watchdog organization, and any organization, company, agency,

16  entity or person involved in commercial or product safety evaluation, ratings or

17  awards.

18     **RESPONSE TO REQUEST NO. 52:**

19     In addition to the general objections stated above which are incorporated

20  herein by reference, Mattel objects to this Request as vague and ambiguous.  Mattel

21  further objects to this Request as overbroad and unduly burdensome in that it seeks

22  all documents in Mattel's possession, custody and control discussing, mentioning,

23  referring or relating to this topic, without limitation as to time and without

24  meaningful limitation as to subject matter, including documents that are publicly

25  available and therefore equally available to MGA, and documents that are not

26  related to the conduct at issue in this lawsuit.  Mattel further objects to the Request

27  on the ground that the term "First Bratz Dolls" is vague and ambiguous.  Mattel

28  further objects to this Request on the grounds that such discovery from Mattel is

1    overbroad, unduly burdensome, oppressive and not likely to the lead to the

2    discovery of admissible evidence in that Mattel's actions in relation to the "Bratz"

3    line of products are not at issue in this action and are irrelevant to the claims and

4    defenses in this suit.  Rather, at issue are the actions of defendants and third parties

5    associated with defendants in connection with the projects that defendant Bryant

6    worked on with defendant MGA, which is information known to and within the

7    possession, custody and control of defendants and their associated third parties, not

8    Mattel.  Mattel further objects to this Request on the grounds that it calls for the

9    disclosure of information subject to the attorney-client privilege, the attorney

10   work-product doctrine and other applicable privileges.

11

12   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

13

14        Mattel refuses to produce documents responsive to this request, resting on its

15   improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an

16   objection to part of a request must specify the part and permit inspection of the

17   rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

18   for an objection with specificity are routinely rejected in the Central District.  <u>See</u>

19   <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

20   ("general or boilerplate objections such as 'overly burdensome and harassing' are

21   improper – especially when a party fails to submit any evidentiary declarations

22   supporting such objections").  Accordingly, Mattel must be compelled either to

23   certify that it has produced all non-privileged responsive documents or to produce

24   all such documents by a date certain.

25        To the extent that Mattel is relying on its blanket objections, they are not

26   sustainable and do not justify Mattel's failure to produce documents.

27        As to overbreadth, Mattel provides no explanation, let alone the required

28   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

1   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
2   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
3   contrary, the request is narrowly tailored to seek documents concerning Mattel's
4   communications with third parties regarding Mattel's intent and efforts to interfere
5   with a specified product at issue in this case.  As such, this request is self-limited in
6   time.

7         As to burden, Mattel has not attempted to demonstrate why responding to
8   this request and/or producing responsive documents presents any burden.  This
9   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
10  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
11  request is unduly burdensome must allege specific facts which indicate the nature
12  and extent of the burden, usually by affidavit or other reliable evidence.")
13  Moreover, it is not unduly burdensome, as noted above, in that the request is
14  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
15  has engaged in a broad variety of unfair trade practices, from serial copying of
16  MGA products, to threatening retailers and suppliers to cease doing business with
17  MGA, to intimidating employees and industry groups in order to prevent MGA
18  from fairly competing.  MGA is entitled to discovery on these claims.

19        This request does not seek documents protected by the attorney-client
20  privilege, the attorney work product doctrine, or other applicable privileges.  To the
21  extent that Mattel contends that it does, Mattel must provide a privilege log.

22        Mattel objects that the request contains confidential/proprietary/trade secret
23  information.  A Protective Order exists in this case, obviating any concern as to
24  protection of privacy rights and/or commercially sensitive information.

25        None of Mattel's improper objections are valid and Mattel is obligated to
26  produce all non-privileged responsive documents in its possession, custody, or
27  control.

28

- 151 -

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm or negatively impact the commercial success of BRATZ DOLLS in any way, including, without limitation, the reputation, sales, popularity, price and availability of BRATZ DOLLS which were communicated to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards.

**RESPONSE TO REQUEST NO. 53:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as vague and ambiguous.  Mattel further objects to this Request as overbroad and unduly burdensome in that it seeks <u>all</u> documents in Mattel's possession, custody and control discussing, mentioning, referring or relating to this topic, without limitation as to time and without meaningful limitation as to subject matter, including documents that are publicly available and therefore equally available to MGA, and documents that are not related to the conduct at issue in this lawsuit.  Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants

1    and their associated third parties, not Mattel.  Mattel further objects to this Request

2    on the grounds that it calls for the disclosure of information subject to the

3    attorney-client privilege, the attorney work-product doctrine and other applicable

4    privileges.

5

6    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**

7

8           Mattel refuses to produce documents responsive to this request, resting on its

9    improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an

10   objection to part of a request must specify the part and permit inspection of the

11   rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

12   for an objection with specificity are routinely rejected in the Central District.  See

13   A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

14   ("general or boilerplate objections such as 'overly burdensome and harassing' are

15   improper – especially when a party fails to submit any evidentiary declarations

16   supporting such objections").  Accordingly, Mattel must be compelled either to

17   certify that it has produced all non-privileged responsive documents or to produce

18   all such documents by a date certain.

19          To the extent that Mattel is relying on its blanket objections, they are not

20   sustainable and do not justify Mattel's failure to produce documents.

21          As to overbreadth, Mattel provides no explanation, let alone the required

22   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

23   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

24   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

25   contrary, the request is narrowly tailored to seek documents concerning Mattel's

26   communications with third parties regarding Mattel's intent and efforts to interfere

27   with a specified product at issue in this case.  As such, this request is self-limited in

28   time.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices, from serial copying of MGA products, to threatening retailers and suppliers to cease doing business with MGA, to intimidating employees and industry groups in order to prevent MGA from fairly competing.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential/proprietary/trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 54:

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm or negatively impact the commercial success of the BRATZ PACK in any way, including, without limitation, the reputation, sales, popularity, price and availability of the BRATZ PACK, which were communicated to the public,

- 154 -

1   retailers, the press, consumers, advertisers, media buyer representatives, cable or

2   broadcast television executives, the NPD Group, the Toy Industry Association, any

3   United States governmental unit or agency, any toy industry organization whether

4   foreign, domestic or international, any manufacturing or children's safety

5   compliance or watchdog organization, and any organization, company, agency,

6   entity or person involved in commercial or product safety evaluation, ratings or

7   awards.

8       **RESPONSE TO REQUEST NO. 54:**

9       In addition to the general objections stated above which are incorporated

10  herein by reference, Mattel objects to this Request as vague and ambiguous.  Mattel

11  further objects to this Request as overbroad and unduly burdensome in that it seeks

12  all documents in Mattel's possession, custody and control discussing, mentioning,

13  referring or relating to this topic, without limitation as to time and without

14  meaningful limitation as to subject matter, including documents that are publicly

15  available and therefore equally available to MGA, and documents that are not

16  related to the conduct at issue in this lawsuit.  Mattel further objects to this Request

17  on the grounds that such discovery from Mattel is overbroad, unduly burdensome,

18  oppressive and not likely to the lead to the discovery of admissible evidence in that

19  Mattel's actions in relation to the "Bratz" line of products are not at issue in this

20  action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are

21  the actions of defendants and third parties associated with defendants in connection

22  with the projects that defendant Bryant worked on with defendant MGA, which is

23  information known to and within the possession, custody and control of defendants

24  and their associated third parties, not Mattel.  Mattel further objects to this Request

25  on the grounds that it calls for the disclosure of information subject to the

26  attorney-client privilege, the attorney work-product doctrine and other applicable

27  privileges.

28

1

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

2

3      Mattel refuses to produce documents responsive to this request, resting on its

4   improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an

5   objection to part of a request must specify the part and permit inspection of the

6   rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

7   for an objection with specificity are routinely rejected in the Central District.  See

8   A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

9   ("general or boilerplate objections such as 'overly burdensome and harassing' are

10  improper – especially when a party fails to submit any evidentiary declarations

11  supporting such objections").  Accordingly, Mattel must be compelled either to

12  certify that it has produced all non-privileged responsive documents or to produce

13  all such documents by a date certain.

14      To the extent that Mattel is relying on its blanket objections, they are not

15  sustainable and do not justify Mattel's failure to produce documents.

16      As to overbreadth, Mattel provides no explanation, let alone the required

17  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

18  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

19  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

20  contrary, the request is narrowly tailored to seek documents concerning Mattel's

21  communications with third parties regarding Mattel's intent and efforts to interfere

22  with a specified product at issue in this case.  As such, this request is self-limited in

23  time.

24      As to burden, Mattel has not attempted to demonstrate why responding to

25  this request and/or producing responsive documents presents any burden.  This

26  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

27  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

28  request is unduly burdensome must allege specific facts which indicate the nature

1   and extent of the burden, usually by affidavit or other reliable evidence.")

2   Moreover, it is not unduly burdensome, as noted above, in that the request is

3   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4   has engaged in a broad variety of unfair trade practices, from serial copying of

5   MGA products, to threatening retailers and suppliers to cease doing business with

6   MGA, to intimidating employees and industry groups in order to prevent MGA

7   from fairly competing.  MGA is entitled to discovery on these claims.

8        This request does not seek documents protected by the attorney-client

9   privilege, the attorney work product doctrine, or other applicable privileges.  To the

10  extent that Mattel contends that it does, Mattel must provide a privilege log.

11       Mattel objects that the request contains confidential/proprietary/trade secret

12  information.  A Protective Order exists in this case, obviating any concern as to

13  protection of privacy rights and/or commercially sensitive information.

14       None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession, custody, or

16  control.

17

18  **REQUEST FOR PRODUCTION NO. 55:**

19       All DOCUMENTS discussing, mentioning, referring or relating to any

20  MATTEL desire, plan, idea, decision, goal, or objective to injure, interfere with,

21  harm or negatively impact the commercial success of LIL' BRATZ in any way,

22  including, without limitation, the reputation, sales, popularity, price and availability

23  of LIL' BRATZ, which were communicated to the public, retailers, the press,

24  consumers, advertisers, media buyer representatives, cable or broadcast television

25  executives, the NPD Group, the Toy Industry Association, any United States

26  governmental unit or agency, any toy industry organization whether foreign,

27  domestic or international, any manufacturing or children's safety compliance or

28

1   watchdog organization, and any organization, company, agency, entity or person

2   involved in commercial or product safety evaluation, ratings or awards.

3      **RESPONSE TO REQUEST NO. 55:**

4         In addition to the general objections stated above which are incorporated

5   herein by reference, Mattel objects to this Request as vague and ambiguous.  Mattel

6   further objects to this Request as overbroad and unduly burdensome in that it seeks

7   <u>all</u> documents in Mattel's possession, custody and control discussing, mentioning,

8   referring or relating to this topic, without limitation as to time and without

9   meaningful limitation as to subject matter, including documents that are publicly

10  available and therefore equally available to MGA, and documents that are not

11  related to the conduct at issue in this lawsuit.  Mattel further objects to this Request

12  on the grounds that such discovery from Mattel is overbroad, unduly burdensome,

13  oppressive and not likely to the lead to the discovery of admissible evidence in that

14  Mattel's actions in relation to the "Bratz" line of products are not at issue in this

15  action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are

16  the actions of defendants and third parties associated with defendants in connection

17  with the projects that defendant Bryant worked on with defendant MGA, which is

18  information known to and within the possession, custody and control of defendants

19  and their associated third parties, not Mattel.  Mattel further objects to this Request

20  on the grounds that it calls for the disclosure of information subject to the

21  attorney-client privilege, the attorney work-product doctrine and other applicable

22  privileges.

23

24      **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
         SHOULD BE COMPELLED**

25

26         Mattel refuses to produce documents responsive to this request, resting on its

27  improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an

28  objection to part of a request must specify the part and permit inspection of the

1  rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis

2  for an objection with specificity are routinely rejected in the Central District. <u>See</u>

3  <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

4  ("general or boilerplate objections such as 'overly burdensome and harassing' are

5  improper – especially when a party fails to submit any evidentiary declarations

6  supporting such objections"). Accordingly, Mattel must be compelled either to

7  certify that it has produced all non-privileged responsive documents or to produce

8  all such documents by a date certain.

9      To the extent that Mattel is relying on its blanket objections, they are not

10  sustainable and do not justify Mattel's failure to produce documents.

11     As to overbreadth, Mattel provides no explanation, let alone the required

12  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

13  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

14  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

15  contrary, the request is narrowly tailored to seek documents concerning Mattel's

16  communications with third parties regarding Mattel's intent and efforts to interfere

17  with a specified product at issue in this case. As such, this request is self-limited in

18  time.

19     As to burden, Mattel has not attempted to demonstrate why responding to

20  this request and/or producing responsive documents presents any burden. This

21  objection must therefore be rejected. <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

22  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23  request is unduly burdensome must allege specific facts which indicate the nature

24  and extent of the burden, usually by affidavit or other reliable evidence.")

25  Moreover, it is not unduly burdensome, as noted above, in that the request is

26  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

27  has engaged in a broad variety of unfair trade practices, from serial copying of

28  MGA products, to threatening retailers and suppliers to cease doing business with

MGA, to intimidating employees and industry groups in order to prevent MGA from fairly competing.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential/proprietary/trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm or negatively impact the commercial success of BRATZ PETZ in any way, including, without limitation, the reputation, sales, popularity, price and availability of BRATZ PETZ, which were communicated to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards.

**RESPONSE TO REQUEST NO. 56:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as vague and ambiguous.  Mattel further objects to this Request as overbroad and unduly burdensome in that it seeks

1    all documents in Mattel's possession, custody and control discussing, mentioning,

2    referring or relating to this topic, without limitation as to time without meaningful

3    limitation as to subject matter, including documents that are publicly available and

4    therefore equally available to MGA, and documents that are not related to the

5    conduct at issue in this lawsuit.  Mattel further objects to this Request on the

6    grounds that such discovery from Mattel is overbroad, unduly burdensome,

7    oppressive and not likely to the lead to the discovery of admissible evidence in that

8    Mattel's actions in relation to the "Bratz" line of products are not at issue in this

9    action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are

10   the actions of defendants and third parties associated with defendants in connection

11   with the projects that defendant Bryant worked on with defendant MGA, which is

12   information known to and within the possession, custody and control of defendants

13   and their associated third parties, not Mattel.  Mattel further objects to this Request

14   on the grounds that it calls for the disclosure of information subject to the

15   attorney-client privilege, the attorney work-product doctrine and other applicable

16   privileges.

17

18   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**

19

20       Mattel refuses to produce documents responsive to this request, resting on its

21   improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an

22   objection to part of a request must specify the part and permit inspection of the

23   rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

24   for an objection with specificity are routinely rejected in the Central District.  See

25   A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

26   ("general or boilerplate objections such as 'overly burdensome and harassing' are

27   improper – especially when a party fails to submit any evidentiary declarations

28   supporting such objections").  Accordingly, Mattel must be compelled either to

1   certify that it has produced all non-privileged responsive documents or to produce

2   all such documents by a date certain.

3       To the extent that Mattel is relying on its blanket objections, they are not

4   sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the required

6   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

7   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9   contrary, the request is narrowly tailored to seek documents concerning Mattel's

10  communications with third parties regarding Mattel's intent and efforts to interfere

11  with a specified product at issue in this case.  As such, this request is self-limited in

12  time.

13      As to burden, Mattel has not attempted to demonstrate why responding to

14  this request and/or producing responsive documents presents any burden.  This

15  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

16  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17  request is unduly burdensome must allege specific facts which indicate the nature

18  and extent of the burden, usually by affidavit or other reliable evidence.")

19  Moreover, it is not unduly burdensome, as noted above, in that the request is

20  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

21  has engaged in a broad variety of unfair trade practices, from serial copying of

22  MGA products, to threatening retailers and suppliers to cease doing business with

23  MGA, to intimidating employees and industry groups in order to prevent MGA

24  from fairly competing.  MGA is entitled to discovery on these claims.

25      This request does not seek documents protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges.  To the

27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1       Mattel objects that the request contains confidential/proprietary/trade secret

2   information.  A Protective Order exists in this case, obviating any concern as to

3   protection of privacy rights and/or commercially sensitive information.

4       None of Mattel's improper objections are valid and Mattel is obligated to

5   produce all non-privileged responsive documents in its possession, custody, or

6   control.

7

8   **REQUEST FOR PRODUCTION NO. 57:**

9       All DOCUMENTS discussing, mentioning, referring or relating to any

10   MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure,

11   harm or negatively impact the commercial success of BRATZ BABYZ in any way,

12   including, without limitation, the reputation, sales, popularity, price and availability

13   of BRATZ BABYZ, which were communicated to the public, retailers, the press,

14   consumers, advertisers, media buyer representatives, cable or broadcast television

15   executives, the NPD Group, the Toy Industry Association, any United States

16   governmental unit or agency, any toy industry organization whether foreign,

17   domestic or international, any manufacturing or children's safety compliance or

18   watchdog organization, and any organization, company, agency, entity or person

19   involved in commercial or product safety evaluation, ratings or awards.

20   **RESPONSE TO REQUEST NO. 57:**

21       In addition to the general objections stated above which are incorporated

22   herein by reference, Mattel objects to this Request as vague and ambiguous.  Mattel

23   further objects to this Request as overbroad and unduly burdensome in that it seeks

24   all documents in Mattel's possession, custody and control discussing, mentioning,

25   referring or relating to this topic, without limitation as to time and without

26   meaningful limitation as to subject matter, including documents that are publicly

27   available and therefore equally available to MGA, and documents that are not

28   related to the conduct at issue in this lawsuit.  Mattel further objects to this Request

1  on the grounds that such discovery from Mattel is overbroad, unduly burdensome,

2  oppressive and not likely to the lead to the discovery of admissible evidence in that

3  Mattel's actions in relation to the "Bratz" line of products are not at issue in this

4  action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are

5  the actions of defendants and third parties associated with defendants in connection

6  with the projects that defendant Bryant worked on with defendant MGA, which is

7  information known to and within the possession, custody and control of defendants

8  and their associated third parties, not Mattel.  Mattel further objects to this Request

9  on the grounds that it calls for the disclosure of information subject to the

10  attorney-client privilege, the attorney work-product doctrine and other applicable

11  privileges.

12

13  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

14

15  Mattel refuses to produce documents responsive to this request, resting on its

16  improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an

17  objection to part of a request must specify the part and permit inspection of the

18  rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

19  for an objection with specificity are routinely rejected in the Central District.  See

20  A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

21  ("general or boilerplate objections such as 'overly burdensome and harassing' are

22  improper – especially when a party fails to submit any evidentiary declarations

23  supporting such objections").  Accordingly, Mattel must be compelled either to

24  certify that it has produced all non-privileged responsive documents or to produce

25  all such documents by a date certain.

26  To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's communications with third parties regarding Mattel's intent and efforts to interfere with a specified product at issue in this case.  As such, this request is self-limited in time.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices, from serial copying of MGA products, to threatening retailers and suppliers to cease doing business with MGA, to intimidating employees and industry groups in order to prevent MGA from fairly competing.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential/proprietary/trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 58:

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure, harm or negatively impact the commercial success of BRATZ BOYZ in any way, including, without limitation, the reputation, sales, popularity, price and availability of BRATZ BOYZ, which were communicated to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards.

## RESPONSE TO REQUEST NO. 58:

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as vague and ambiguous.  Mattel further objects to this Request as overbroad and unduly burdensome in that it seeks all documents discussing, mentioning, referring or relating to this topic, without limitation as to time and without meaningful limitation as to subject matter, including documents that are publicly available and therefore equally available to MGA, and documents that are not related to the conduct at issue in this lawsuit. Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the

1  claims and defenses in this suit.  Rather, at issue are the actions of defendants and

2  third parties associated with defendants in connection with the projects that

3  defendant Bryant worked on with defendant MGA, which is information known to

4  and within the possession, custody and control of defendants and their associated

5  third parties, not Mattel.  Mattel further objects to this Request on the grounds that

6  it calls for the disclosure of information subject to the attorney-client privilege, the

7  attorney work-product doctrine and other applicable privileges.

8

9  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
   **SHOULD BE COMPELLED**

10

11       Mattel refuses to produce documents responsive to this request, resting on its

12  improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an

13  objection to part of a request must specify the part and permit inspection of the

14  rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

15  for an objection with specificity are routinely rejected in the Central District.  <u>See</u>

16  <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

17  ("general or boilerplate objections such as 'overly burdensome and harassing' are

18  improper – especially when a party fails to submit any evidentiary declarations

19  supporting such objections").  Accordingly, Mattel must be compelled either to

20  certify that it has produced all non-privileged responsive documents or to produce

21  all such documents by a date certain.

22       To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24       As to overbreadth, Mattel provides no explanation, let alone the required

25  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28  contrary, the request is narrowly tailored to seek documents concerning Mattel's

1  communications with third parties regarding Mattel's intent and efforts to interfere

2  with a specified product at issue in this case.  As such, this request is self-limited in

3  time.

4      As to burden, Mattel has not attempted to demonstrate why responding to

5  this request and/or producing responsive documents presents any burden.  This

6  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8  request is unduly burdensome must allege specific facts which indicate the nature

9  and extent of the burden, usually by affidavit or other reliable evidence.")

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

12  has engaged in a broad variety of unfair trade practices, from serial copying of

13  MGA products, to threatening retailers and suppliers to cease doing business with

14  MGA, to intimidating employees and industry groups in order to prevent MGA

15  from fairly competing.  MGA is entitled to discovery on these claims.

16      This request does not seek documents protected by the attorney-client

17  privilege, the attorney work product doctrine, or other applicable privileges.  To the

18  extent that Mattel contends that it does, Mattel must provide a privilege log.

19      Mattel objects that the request contains confidential/proprietary/trade secret

20  information.  A Protective Order exists in this case, obviating any concern as to

21  protection of privacy rights and/or commercially sensitive information.

22      None of Mattel's improper objections are valid and Mattel is obligated to

23  produce all non-privileged responsive documents in its possession, custody, or

24  control.

25

26  **REQUEST FOR PRODUCTION NO. 59:**

27      All DOCUMENTS discussing, mentioning, referring or relating to any

28  MATTEL desire, plan, idea, decision, goal, or objective to interfere with, injure,

1   harm or negatively impact the commercial success of any MGA PRODUCT in any

2   way, including, without limitation, any such product's reputation, sales, popularity,

3   price and availability, which were communicated to the public, retailers, the press,

4   consumers, advertisers, media buyer representatives, cable or broadcast television

5   executives, the NPD Group, the Toy Industry Association, any United States

6   governmental unit or agency, any toy industry organization whether foreign,

7   domestic or international, any manufacturing or children's safety compliance or

8   watchdog organization, and any organization, company, agency, entity or person

9   involved in commercial or product safety evaluation, ratings or awards.

10   **RESPONSE TO REQUEST NO. 59:**

11   In addition to the general objections stated above which are incorporated

12   herein by reference, Mattel objects to this Request as vague and ambiguous.  Mattel

13   further objects to this Request as overbroad and unduly burdensome in that it seeks

14   <u>all</u> documents in Mattel's possession, custody and control discussing, mentioning,

15   referring or relating to this topic, without limitation as to time without meaningful

16   limitation as to subject matter, including documents that are publicly available and

17   therefore equally available to MGA, and documents that are not related to the

18   conduct at issue in this lawsuit.  Mattel further objects to the Request on the ground

19   that the term "MGA Product" is vague and ambiguous.  Mattel further objects to

20   this Request on the grounds that it seeks documents that are not relevant to this

21   action or likely to lead to the discovery of admissible evidence.  Mattel further

22   objects to this Request on the grounds that it calls for the disclosure of information

23   subject to the attorney-client privilege, the attorney work-product doctrine and other

24   applicable privileges.

25

26

27

28

1

2

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

3   Mattel refuses to produce documents responsive to this request, resting on its

4   improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an

5   objection to part of a request must specify the part and permit inspection of the

6   rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

7   for an objection with specificity are routinely rejected in the Central District.  <u>See</u>

8   <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

9   ("general or boilerplate objections such as 'overly burdensome and harassing' are

10   improper – especially when a party fails to submit any evidentiary declarations

11   supporting such objections").  Accordingly, Mattel must be compelled either to

12   certify that it has produced all non-privileged responsive documents or to produce

13   all such documents by a date certain.

14   To the extent that Mattel is relying on its blanket objections, they are not

15   sustainable and do not justify Mattel's failure to produce documents.

16   As to overbreadth, Mattel provides no explanation, let alone the required

17   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

18   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

19   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

20   contrary, the request is narrowly tailored to seek documents concerning Mattel's

21   communications with third parties regarding Mattel's intent and efforts to interfere

22   with the reputation and sales of MGA products, a central issue in this case.

23   As to burden, Mattel has not attempted to demonstrate why responding to

24   this request and/or producing responsive documents presents any burden.  This

25   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

26   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

27   request is unduly burdensome must allege specific facts which indicate the nature

28   and extent of the burden, usually by affidavit or other reliable evidence.")

1    Moreover, it is not unduly burdensome, as noted above, in that the request is

2    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

3    has engaged in a broad variety of unfair trade practices, from serial copying of

4    MGA products, to threatening retailers and suppliers to cease doing business with

5    MGA, to intimidating employees and industry groups in order to prevent MGA

6    from fairly competing.  MGA is entitled to discovery on these claims.

7          This request does not seek documents protected by the attorney-client

8    privilege, the attorney work product doctrine, or other applicable privileges.  To the

9    extent that Mattel contends that it does, Mattel must provide a privilege log.

10         Mattel objects that the request contains confidential/proprietary/trade secret

11   information.  A Protective Order exists in this case, obviating any concern as to

12   protection of privacy rights and/or commercially sensitive information.

13         None of Mattel's improper objections are valid and Mattel is obligated to

14   produce all non-privileged responsive documents in its possession, custody, or

15   control.

16

17   **REQUEST FOR PRODUCTION NO. 60:**

18         All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther,

19   Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary to

20   the public, retailers, the press, consumers, advertisers, media buyer representatives,

21   cable or broadcast television executives, the NPD Group, the Toy Industry

22   Association, any United States governmental unit or agency, any toy industry

23   organization whether foreign, domestic or international, any manufacturing or

24   children's safety compliance or watchdog organization, and any organization,

25   company, agency, entity or person involved in commercial or product safety

26   evaluation, ratings or awards.

27

28

1    **RESPONSE TO REQUEST NO. 60:**

2         In addition to the general objections stated above which are incorporated

3    herein by reference, Mattel objects to this Request as overbroad and unduly

4    burdensome in that it seeks <u>all</u> communications in Mattel's possession, custody and

5    control from eight different Mattel officers or employees and former officers and

6    employees to an indeterminate, and largely undefined, number of third parties,

7    without limitation as to time or subject matter, including documents that are

8    publicly available and therefore equally available to MGA, and regardless of

9    whether the communications relate to the conduct at issue in this lawsuit.  Mattel

10   further objects to this Request on the grounds that it seeks documents that are not

11   relevant to this action or likely to lead to the discovery of admissible evidence.

12

13   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**

14

15        Mattel refuses to produce documents in response to this request.  Under the

16   Federal Rules of Civil Procedure, "an objection to part of a request must specify the

17   part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

18   objections that fail to explain the basis for an objection with specificity are

19   routinely rejected in the Central District.  <u>See</u> <u>A. Farber and Partners, Inc. v.</u>

20   <u>Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

21   such as 'overly burdensome and harassing' are improper – especially when a party

22   fails to submit any evidentiary declarations supporting such objections").

23   Accordingly, Mattel must be compelled either to certify that it has produced all

24   non-privileged responsive documents or to produce all such documents by a date

25   certain.

26        To the extent that Mattel is relying on its blanket objections, they are not

27   sustainable and do not justify Mattel's failure to produce documents.

28

1    As to overbreadth, Mattel provides no explanation, let alone the required
2    particularity, as to *why* this request is supposedly overly broad, nor can it do so.
3    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
4    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
5    contrary, the request is narrowly tailored to seek documents concerning
6    communications from specified industry groups and the press.  For purposes of this
7    motion, MGA is willing to limit this request to include only communications that
8    mention Bryant or Bratz, which by its nature would cover only a discrete time
9    period.

10    As to burden, Mattel has not attempted to demonstrate why responding to
11    this request and/or producing responsive documents presents any burden.  This
12    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
13    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
14    request is unduly burdensome must allege specific facts which indicate the nature
15    and extent of the burden, usually by affidavit or other reliable evidence.")
16    Moreover, it is not unduly burdensome, as noted above, in that the request is
17    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
18    has engaged in a broad variety of unfair trade practices, from serial copying of
19    MGA products, to threatening retailers and suppliers to cease doing business with
20    MGA, to intimidating employees and industry groups in order to prevent MGA
21    from fairly competing, and this request is directly related to these claims.

22    This request does not seek documents protected by the attorney-client
23    privilege, the attorney work product doctrine, or other applicable privileges.  To the
24    extent that Mattel contends that it does, Mattel must provide a privilege log.

25    Mattel objects that the request contains confidential, proprietary and trade
26    secret information.  A Protective Order exists in this case, obviating any concern as
27    to protection of privacy rights and/or commercially sensitive information.

28

1  **REQUEST FOR PRODUCTION NO. 61:**

2         All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette , Sujata Luther,

3  Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary to

4  the public, retailers, the press, consumers, advertisers, media buyer representatives,

5  cable or broadcast television executives, the NPD Group, the Toy Industry

6  Association, any United States governmental unit or agency, any toy industry

7  organization whether foreign, domestic or international, any manufacturing or

8  children's safety compliance or watchdog organization, and any organization,

9  company, agency, entity or person involved in commercial or product safety

10 evaluation, ratings or awards mentioning, referring or relating to the BRATZ

11 CONCEPT.

12        **RESPONSE TO REQUEST NO. 61:**

13        In addition to the general objections stated above, which are incorporated

14 herein by reference, Mattel objects to this Request as overbroad and unduly

15 burdensome in that it seeks <u>all</u> communications in Mattel's possession, custody and

16 control from eight different Mattel officers and employees and former officers and

17 employees to a large number of third parties, without limitation as to time or

18 subject matter, including documents that are publicly available and therefore

19 equally available to MGA, and regardless of whether the communications relate to

20 the conduct at issue in this lawsuit.  Mattel further objects to this Request on the

21 grounds that such discovery from Mattel is overbroad, unduly burdensome,

22 oppressive and not likely to the lead to the discovery of admissible evidence in that

23 Mattel's actions in relation to "Bratz" are not at issue in this action and are

24 irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of

25 defendants and third parties associated with defendants in connection with the

26 projects that defendant Bryant worked on with defendant MGA, which is

27 information known to and within the possession, custody and control of defendants

28 and their associated third parties, not Mattel.  Mattel further objects to this Request

- 174 -

1   on the grounds that it is unreasonably burdensome and premature in that the facts

2   necessary to determine whether any "image, drawing, picture, sculpt, mold,

3   prototype and any other form of artwork" both predates the "First Bratz Dolls" and

4   is "'Bratz'-related" are known to MGA, Bryant and to third parties, but are not

5   known by Mattel at this juncture.  Mattel further objects to the Request on the

6   ground that the term "Bratz Concept" is vague and ambiguous.  Mattel further

7   objects to this Request on the grounds that it is duplicative of or subsumed within

8   prior Requests already responded to and seeks the re-production of information and

9   documents already produced in this action.  Such information and documents will

10  not be re-produced.

11

12  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

13

14      Mattel refuses documents in response to this request, resting on its improper

15  boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to

16  part of a request must specify the part and permit inspection of the rest."  Fed. R.

17  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

18  with specificity are routinely rejected in the Central District.  See A. Farber and

19  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

20  boilerplate objections such as 'overly burdensome and harassing' are improper –

21  especially when a party fails to submit any evidentiary declarations supporting such

22  objections").  Accordingly, Mattel must be compelled either to certify that it has

23  produced all non-privileged responsive documents or to produce all such

24  documents by a date certain.

25      To the extent that Mattel is relying on its blanket objections, they are not

26  sustainable and do not justify Mattel's failure to produce documents.

27      As to overbreadth, Mattel provides no explanation, let alone the required

28  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

1    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

2    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

3    contrary, the request is narrowly tailored to seek communications from specific

4    Mattel personnel relating to Bratz.

5         As to burden, Mattel has not attempted to demonstrate why responding to

6    this request and/or producing responsive documents presents any burden.  This

7    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

8    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9    request is unduly burdensome must allege specific facts which indicate the nature

10   and extent of the burden, usually by affidavit or other reliable evidence.")

11   Moreover, it is not unduly burdensome, as noted above, in that the request is

12   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

13   has engaged in a broad variety of unfair trade practices, from serial copying of

14   MGA products, to threatening retailers and suppliers to cease doing business with

15   MGA, to intimidating employees and industry groups in order to prevent MGA

16   from fairly competing.   MGA is entitled to discovery on these claims, and this

17   request seeks communications reasonably calculated to support or refute these

18   claims.

19        This request does not seek documents protected by the attorney-client

20   privilege, the attorney work product doctrine, or other applicable privileges.  To the

21   extent that Mattel contends that it does, Mattel must provide a privilege log.

22        Mattel objects that the request contains confidential/proprietary/trade secret

23   information.  A Protective Order exists in this case, obviating any concern as to

24   protection of privacy rights and/or commercially sensitive information.

25        Mattel objects that the request is duplicative or subsumed within prior

26   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

27   agree to produce responsive non-privileged documents is not proper based on this

28   objection.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 62:**

All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther, Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary to the public, retailers, the press, consumers, advertisers, media buyer representatives, cable or broadcast television executives, the NPD Group, the Toy Industry Association, any United States governmental unit or agency, any toy industry organization whether foreign, domestic or international, any manufacturing or children's safety compliance or watchdog organization, and any organization, company, agency, entity or person involved in commercial or product safety evaluation, ratings or awards mentioning, referring or relating to the FIRST BRATZ DOLLS.

**RESPONSE TO REQUEST NO. 62:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks <u>all</u> communications in Mattel's possession, custody and control from eight different Mattel officers and employees and former officers and employees to a large number of third parties, without limitation as to time or subject matter, including documents that are publicly available and therefore equally available to MGA, and regardless of whether the communications relate to the conduct at issue in this lawsuit.  Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are

1   the actions of defendants and third parties associated with defendants in connection

2   with the projects that defendant Bryant worked on with defendant MGA, which is

3   information known to and within the possession, custody and control of defendants

4   and their associated third parties, not Mattel.  Mattel further objects to the Request

5   on the ground that the term "First Bratz Dolls" is vague and ambiguous.  Mattel

6   further objects to this Request on the grounds that it is duplicative of or subsumed

7   within prior Requests already responded to and seeks the re-production of

8   information and documents already produced in this action.  Such information and

9   documents will not be re-produced.

10

11   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

12   **SHOULD BE COMPELLED**

13       Mattel refuses documents in response to this request, resting on its improper

14   boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to

15   part of a request must specify the part and permit inspection of the rest."  Fed. R.

16   Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

17   with specificity are routinely rejected in the Central District.  See A. Farber and

18   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

19   boilerplate objections such as 'overly burdensome and harassing' are improper –

20   especially when a party fails to submit any evidentiary declarations supporting such

21   objections").  Accordingly, Mattel must be compelled either to certify that it has

22   produced all non-privileged responsive documents or to produce all such

23   documents by a date certain.

24       To the extent that Mattel is relying on its blanket objections, they are not

25   sustainable and do not justify Mattel's failure to produce documents.

26       As to overbreadth, Mattel provides no explanation, let alone the required

27   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

28   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

1   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2   contrary, the request is narrowly tailored to seek communications from specific

3   Mattel personnel relating to Bratz.

4       As to burden, Mattel has not attempted to demonstrate why responding to

5   this request and/or producing responsive documents presents any burden.  This

6   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8   request is unduly burdensome must allege specific facts which indicate the nature

9   and extent of the burden, usually by affidavit or other reliable evidence.")

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

12  has engaged in a broad variety of unfair trade practices, from serial copying of

13  MGA products, to threatening retailers and suppliers to cease doing business with

14  MGA, to intimidating employees and industry groups in order to prevent MGA

15  from fairly competing.   MGA is entitled to discovery on these claims, and this

16  request seeks communications reasonably calculated to support or refute these

17  claims.

18      This request does not seek documents protected by the attorney-client

19  privilege, the attorney work product doctrine, or other applicable privileges.  To the

20  extent that Mattel contends that it does, Mattel must provide a privilege log.

21      Mattel objects that the request contains confidential/proprietary/trade secret

22  information.  A Protective Order exists in this case, obviating any concern as to

23  protection of privacy rights and/or commercially sensitive information.

24      Mattel objects that the request is duplicative or subsumed within prior

25  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

26  agree to produce responsive non-privileged documents is not proper based on this

27  objection.

28

1    None of Mattel's improper objections are valid and Mattel is obligated to

2    produce all non-privileged responsive documents in its possession, custody, or

3    control.

4

5    **REQUEST FOR PRODUCTION NO. 63:**

6    All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther,

7    Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary to

8    the public, retailers, the press, consumers, advertisers, media buyer representatives,

9    cable or broadcast television executives, the NPD Group, the Toy Industry

10   Association, any United States governmental unit or agency, any toy industry

11   organization whether foreign, domestic or international, any manufacturing or

12   children's safety compliance or watchdog organization, and any organization,

13   company, agency, entity or person involved in commercial or product safety

14   evaluation, ratings or awards mentioning, referring or relating to BRATZ DOLLS.

15   **RESPONSE TO REQUEST NO. 63:**

16   In addition to the general objections stated above which are incorporated

17   herein by reference, Mattel objects to this Request as overbroad and unduly

18   burdensome in that it seeks <u>all</u> communications in Mattel's possession, custody and

19   control from eight different Mattel officers and employees and former officers and

20   employees to a large number of third parties, without limitation as to time or

21   subject matter, including documents that are publicly available and therefore

22   equally available to MGA, and regardless of whether the communications relate to

23   the conduct at issue in this lawsuit.  Mattel further objects to this Request on the

24   grounds that such discovery from Mattel is overbroad, unduly burdensome,

25   oppressive and not likely to the lead to the discovery of admissible evidence in that

26   Mattel's actions in relation to the "Bratz" line of products are not at issue in this

27   action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are

28   the actions of defendants and third parties associated with defendants in connection

1  with the projects that defendant Bryant worked on with defendant MGA, which is

2  information known to and within the possession, custody and control of defendants

3  and their associated third parties, not Mattel.

4

5  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

6  **SHOULD BE COMPELLED**

7      Mattel refuses documents in response to this request, resting on its improper

8  boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to

9  part of a request must specify the part and permit inspection of the rest."  Fed. R.

10  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

11  with specificity are routinely rejected in the Central District.  See A. Farber and

12  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

13  boilerplate objections such as 'overly burdensome and harassing' are improper –

14  especially when a party fails to submit any evidentiary declarations supporting such

15  objections").  Accordingly, Mattel must be compelled either to certify that it has

16  produced all non-privileged responsive documents or to produce all such

17  documents by a date certain.

18      To the extent that Mattel is relying on its blanket objections, they are not

19  sustainable and do not justify Mattel's failure to produce documents.

20      As to overbreadth, Mattel provides no explanation, let alone the required

21  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

22  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

23  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

24  contrary, the request is narrowly tailored to seek communications from specific

25  Mattel personnel relating to Bratz.

26      As to burden, Mattel has not attempted to demonstrate why responding to

27  this request and/or producing responsive documents presents any burden.  This

28  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

1  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2  request is unduly burdensome must allege specific facts which indicate the nature

3  and extent of the burden, usually by affidavit or other reliable evidence.")

4  Moreover, it is not unduly burdensome, as noted above, in that the request is

5  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

6  has engaged in a broad variety of unfair trade practices, from serial copying of

7  MGA products, to threatening retailers and suppliers to cease doing business with

8  MGA, to intimidating employees and industry groups in order to prevent MGA

9  from fairly competing.   MGA is entitled to discovery on these claims, and this

10  request seeks communications reasonably calculated to support or refute these

11  claims.

12        This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges.  To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15        Mattel objects that the request contains confidential/proprietary/trade secret

16  information.  A Protective Order exists in this case, obviating any concern as to

17  protection of privacy rights and/or commercially sensitive information.

18        Mattel objects that the request is duplicative or subsumed within prior

19  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

20  agree to produce responsive non-privileged documents is not proper based on this

21  objection.

22        None of Mattel's improper objections are valid and Mattel is obligated to

23  produce all non-privileged responsive documents in its possession, custody, or

24  control.

25

26  **REQUEST FOR PRODUCTION NO. 64:**

27        All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther,

28  Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary to

1   the public, retailers, the press, consumers, advertisers, media buyer representatives,

2   cable or broadcast television executives, the NPD Group, the Toy Industry

3   Association, any United States governmental unit or agency, any toy industry

4   organization whether foreign, domestic or international, any manufacturing or

5   children's safety compliance or watchdog organization, and any organization,

6   company, agency, entity or person involved in commercial or product safety

7   evaluation, ratings or awards mentioning, referring or relating to the BRATZ

8   PACK.

9   <u>**RESPONSE TO REQUEST NO. 64:**</u>

10   In addition to the general objections stated above which are incorporated

11   herein by reference, Mattel objects to this Request as overbroad and unduly

12   burdensome in that it seeks <u>all</u> communications in Mattel's possession, custody and

13   control from eight different Mattel officers and employees and former officers and

14   employees to a large number of third parties, without limitation as to time or

15   subject matter, including documents that are publicly available and therefore

16   equally available to MGA, and regardless of whether the communications relate to

17   the conduct at issue in this lawsuit.  Mattel further objects to this Request on the

18   grounds that such discovery from Mattel is overbroad, unduly burdensome,

19   oppressive and not likely to the lead to the discovery of admissible evidence in that

20   Mattel's actions in relation to the "Bratz" line of products are not at issue in this

21   action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are

22   the actions of defendants and third parties associated with defendants in connection

23   with the projects that defendant Bryant worked on with defendant MGA, which is

24   information known to and within the possession, custody and control of defendants

25   and their associated third parties, not Mattel.

26

27

28

1

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

2

3    Mattel refuses documents in response to this request, resting on its improper

4  boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to

5  part of a request must specify the part and permit inspection of the rest."  Fed. R.

6  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

7  with specificity are routinely rejected in the Central District.  See A. Farber and

8  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

9  boilerplate objections such as 'overly burdensome and harassing' are improper –

10  especially when a party fails to submit any evidentiary declarations supporting such

11  objections").  Accordingly, Mattel must be compelled either to certify that it has

12  produced all non-privileged responsive documents or to produce all such

13  documents by a date certain.

14    To the extent that Mattel is relying on its blanket objections, they are not

15  sustainable and do not justify Mattel's failure to produce documents.

16    As to overbreadth, Mattel provides no explanation, let alone the required

17  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

18  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

19  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

20  contrary, the request is narrowly tailored to seek communications from specific

21  Mattel personnel relating to Bratz.

22    As to burden, Mattel has not attempted to demonstrate why responding to

23  this request and/or producing responsive documents presents any burden.  This

24  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

25  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

26  request is unduly burdensome must allege specific facts which indicate the nature

27  and extent of the burden, usually by affidavit or other reliable evidence.")

28  Moreover, it is not unduly burdensome, as noted above, in that the request is

1   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

2   has engaged in a broad variety of unfair trade practices, from serial copying of

3   MGA products, to threatening retailers and suppliers to cease doing business with

4   MGA, to intimidating employees and industry groups in order to prevent MGA

5   from fairly competing.   MGA is entitled to discovery on these claims, and this

6   request seeks communications reasonably calculated to support or refute these

7   claims.

8        This request does not seek documents protected by the attorney-client

9   privilege, the attorney work product doctrine, or other applicable privileges.  To the

10  extent that Mattel contends that it does, Mattel must provide a privilege log.

11       Mattel objects that the request contains confidential/proprietary/trade secret

12  information.  A Protective Order exists in this case, obviating any concern as to

13  protection of privacy rights and/or commercially sensitive information.

14       Mattel objects that the request is duplicative or subsumed within prior

15  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

16  agree to produce responsive non-privileged documents is not proper based on this

17  objection.

18       None of Mattel's improper objections are valid and Mattel is obligated to

19  produce all non-privileged responsive documents in its possession, custody, or

20  control.

21

22  **REQUEST FOR PRODUCTION NO. 65:**

23       All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther,

24  Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary to

25  the public, retailers, the press, consumers, advertisers, media buyer representatives,

26  cable or broadcast television executives, the NPD Group, the Toy Industry

27  Association, any United States governmental unit or agency, any toy industry

28  organization whether foreign, domestic or international, any manufacturing or

1   children's safety compliance or watchdog organization, and any organization,

2   company, agency, entity or person involved in commercial or product safety

3   evaluation, ratings or awards mentioning, referring or relating to LIL' BRATZ.

4   **RESPONSE TO REQUEST NO. 65:**

5   In addition to the general objections stated above which are incorporated

6   herein by reference, Mattel objects to this Request as overbroad and unduly

7   burdensome in that it seeks <u>all</u> communications in Mattel's possession, custody and

8   control from eight different Mattel officers and employees and former officers and

9   employees to a large number of third parties, without limitation as to time or

10   subject matter, including documents that are publicly available and therefore

11   equally available to MGA, and regardless of whether the communications relate to

12   the conduct at issue in this lawsuit.  Mattel further objects to this Request on the

13   grounds that such discovery from Mattel is overbroad, unduly burdensome,

14   oppressive and not likely to the lead to the discovery of admissible evidence in that

15   Mattel's actions in relation to the "Bratz" line of products are not at issue in this

16   action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are

17   the actions of defendants and third parties associated with defendants in connection

18   with the projects that defendant Bryant worked on with defendant MGA, which is

19   information known to and within the possession, custody and control of defendants

20   and their associated third parties, not Mattel.

21

22   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
23   **SHOULD BE COMPELLED**

24   Mattel refuses documents in response to this request, resting on its improper

25   boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to

26   part of a request must specify the part and permit inspection of the rest."  Fed. R.

27   Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

28   with specificity are routinely rejected in the Central District.  See <u>A. Farber and</u>

1   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

2   boilerplate objections such as 'overly burdensome and harassing' are improper –

3   especially when a party fails to submit any evidentiary declarations supporting such

4   objections").  Accordingly, Mattel must be compelled either to certify that it has

5   produced all non-privileged responsive documents or to produce all such

6   documents by a date certain.

7          To the extent that Mattel is relying on its blanket objections, they are not

8   sustainable and do not justify Mattel's failure to produce documents.

9          As to overbreadth, Mattel provides no explanation, let alone the required

10   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

11   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13   contrary, the request is narrowly tailored to seek communications from specific

14   Mattel personnel relating to Bratz.

15          As to burden, Mattel has not attempted to demonstrate why responding to

16   this request and/or producing responsive documents presents any burden.  This

17   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19   request is unduly burdensome must allege specific facts which indicate the nature

20   and extent of the burden, usually by affidavit or other reliable evidence.")

21   Moreover, it is not unduly burdensome, as noted above, in that the request is

22   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23   has engaged in a broad variety of unfair trade practices, from serial copying of

24   MGA products, to threatening retailers and suppliers to cease doing business with

25   MGA, to intimidating employees and industry groups in order to prevent MGA

26   from fairly competing.   MGA is entitled to discovery on these claims, and this

27   request seeks communications reasonably calculated to support or refute these

28   claims.

1   This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4   Mattel objects that the request contains confidential/proprietary/trade secret

5   information.  A Protective Order exists in this case, obviating any concern as to

6   protection of privacy rights and/or commercially sensitive information.

7   Mattel objects that the request is duplicative or subsumed within prior

8   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

9   agree to produce responsive non-privileged documents is not proper based on this

10   objection.

11   None of Mattel's improper objections are valid and Mattel is obligated to

12   produce all non-privileged responsive documents in its possession, custody, or

13   control.

14

15   **REQUEST FOR PRODUCTION NO. 66:**

16   All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther,

17   Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary to

18   the public, retailers, the press, consumers, advertisers, media buyer representatives,

19   cable or broadcast television executives, the NPD Group, the Toy Industry

20   Association, any United States governmental unit or agency, any toy industry

21   organization whether foreign, domestic or international, any manufacturing or

22   children's safety compliance or watchdog organization, and any organization,

23   company, agency, entity or person involved in commercial or product safety

24   evaluation, ratings or awards mentioning, referring or relating to BRATZ PETZ.

25   **RESPONSE TO REQUEST NO. 66:**

26   In addition to the general objections stated above which are incorporated

27   herein by reference, Mattel objects to this Request as overbroad and unduly

28   burdensome in that it seeks <u>all</u> communications in Mattel's possession, custody and

1   control from eight different Mattel officers and employees and former officers and

2   employees to a large number of third parties, without limitation as to time or

3   subject matter, including documents that are publicly available and therefore

4   equally available to MGA, and regardless of whether the communications relate to

5   the conduct at issue in this lawsuit.  Mattel further objects to this Request on the

6   grounds that such discovery from Mattel is overbroad, unduly burdensome,

7   oppressive and not likely to the lead to the discovery of admissible evidence in that

8   Mattel's actions in relation to the "Bratz" line of products are not at issue in this

9   action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are

10  the actions of defendants and third parties associated with defendants in connection

11  with the projects that defendant Bryant worked on with defendant MGA, which is

12  information known to and within the possession, custody and control of defendants

13  and their associated third parties, not Mattel.

14

15  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO

16  SHOULD BE COMPELLED**

17      Mattel refuses documents in response to this request, resting on its improper

18  boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to

19  part of a request must specify the part and permit inspection of the rest."  Fed. R.

20  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

21  with specificity are routinely rejected in the Central District.  See A. Farber and

22  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

23  boilerplate objections such as 'overly burdensome and harassing' are improper –

24  especially when a party fails to submit any evidentiary declarations supporting such

25  objections").  Accordingly, Mattel must be compelled either to certify that it has

26  produced all non-privileged responsive documents or to produce all such

27  documents by a date certain.

28

1   To the extent that Mattel is relying on its blanket objections, they are not

2   sustainable and do not justify Mattel's failure to produce documents.

3   As to overbreadth, Mattel provides no explanation, let alone the required

4   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7   contrary, the request is narrowly tailored to seek communications from specific

8   Mattel personnel relating to Bratz.

9   As to burden, Mattel has not attempted to demonstrate why responding to

10  this request and/or producing responsive documents presents any burden.  This

11  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

12  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

13  request is unduly burdensome must allege specific facts which indicate the nature

14  and extent of the burden, usually by affidavit or other reliable evidence.")

15  Moreover, it is not unduly burdensome, as noted above, in that the request is

16  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

17  has engaged in a broad variety of unfair trade practices, from serial copying of

18  MGA products, to threatening retailers and suppliers to cease doing business with

19  MGA, to intimidating employees and industry groups in order to prevent MGA

20  from fairly competing.   MGA is entitled to discovery on these claims, and this

21  request seeks communications reasonably calculated to support or refute these

22  claims.

23  This request does not seek documents protected by the attorney-client

24  privilege, the attorney work product doctrine, or other applicable privileges.  To the

25  extent that Mattel contends that it does, Mattel must provide a privilege log.

26  Mattel objects that the request contains confidential/proprietary/trade secret

27  information.  A Protective Order exists in this case, obviating any concern as to

28  protection of privacy rights and/or commercially sensitive information.

1    Mattel objects that the request is duplicative or subsumed within prior

2    requests but does not identify the allegedly duplicative requests.  Mattel's failure to

3    agree to produce responsive non-privileged documents is not proper based on this

4    objection.

5    None of Mattel's improper objections are valid and Mattel is obligated to

6    produce all non-privileged responsive documents in its possession, custody, or

7    control.

8

9    **REQUEST FOR PRODUCTION NO. 67:**

10    All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther,

11    Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or jerry Cleary to

12    the public, retailers, the press, consumers, advertisers, media buyer representatives,

13    cable or broadcast television executives, the NPD Group, the Toy Industry

14    Association, any United States governmental unit or agency, any toy industry

15    organization whether foreign, domestic or international, any manufacturing or

16    children's safety compliance or watchdog organization, and any organization,

17    company, agency, entity or person involved in commercial or product safety

18    evaluation, ratings or awards mentioning, referring or relating to BRATZ BABYZ.

19    **RESPONSE TO REQUEST NO. 67:**

20    In addition to the general objections stated above which are incorporated

21    herein by reference, Mattel objects to this Request as overbroad and unduly

22    burdensome in that it seeks <u>all</u> communications in Mattel's possession, custody and

23    control from eight different Mattel officers and employees and former officers and

24    employees to a large number of third parties, without limitation as to time or

25    subject matter, including documents that are publicly available and therefore

26    equally available to MGA, and regardless of whether the communications relate to

27    the conduct at issue in this lawsuit.  Mattel further objects to this Request on the

28    grounds that such discovery from Mattel is overbroad, unduly burdensome,

1  oppressive and not likely to the lead to the discovery of admissible evidence in that

2  Mattel's actions in relation to the "Bratz" line of products are not at issue in this

3  action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are

4  the actions of defendants and third parties associated with defendants in connection

5  with the projects that defendant Bryant worked on with defendant MGA, which is

6  information known to and within the possession, custody and control of defendants

7  and their associated third parties, not Mattel.

8

9  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

10  **SHOULD BE COMPELLED**

11      Mattel refuses documents in response to this request, resting on its improper

12  boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to

13  part of a request must specify the part and permit inspection of the rest."  Fed. R.

14  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

15  with specificity are routinely rejected in the Central District.  See A. Farber and

16  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

17  boilerplate objections such as 'overly burdensome and harassing' are improper –

18  especially when a party fails to submit any evidentiary declarations supporting such

19  objections").  Accordingly, Mattel must be compelled either to certify that it has

20  produced all non-privileged responsive documents or to produce all such

21  documents by a date certain.

22      To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24      As to overbreadth, Mattel provides no explanation, let alone the required

25  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28  contrary, the request is narrowly tailored to seek communications from specific

- 192 -

1    Mattel personnel relating to Bratz.

2          As to burden, Mattel has not attempted to demonstrate why responding to

3    this request and/or producing responsive documents presents any burden.  This

4    objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

5    <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

6    request is unduly burdensome must allege specific facts which indicate the nature

7    and extent of the burden, usually by affidavit or other reliable evidence.")

8    Moreover, it is not unduly burdensome, as noted above, in that the request is

9    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

10   has engaged in a broad variety of unfair trade practices, from serial copying of

11   MGA products, to threatening retailers and suppliers to cease doing business with

12   MGA, to intimidating employees and industry groups in order to prevent MGA

13   from fairly competing.   MGA is entitled to discovery on these claims, and this

14   request seeks communications reasonably calculated to support or refute these

15   claims.

16         This request does not seek documents protected by the attorney-client

17   privilege, the attorney work product doctrine, or other applicable privileges.  To the

18   extent that Mattel contends that it does, Mattel must provide a privilege log.

19         Mattel objects that the request contains confidential/proprietary/trade secret

20   information.  A Protective Order exists in this case, obviating any concern as to

21   protection of privacy rights and/or commercially sensitive information.

22         Mattel objects that the request is duplicative or subsumed within prior

23   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

24   agree to produce responsive non-privileged documents is not proper based on this

25   objection.

26         None of Mattel's improper objections are valid and Mattel is obligated to

27   produce all non-privileged responsive documents in its possession, custody, or

28   control.

- 193 -

1   **REQUEST FOR PRODUCTION NO. 68:**

2       All COMMUNICATIONS from Mr. Eckert, Mr. Bousquette, Sujata Luther,

3   Richard Dixon, Tim Kiplin, Adrienne Fontanella, Neil Freedman or Jerry Cleary to

4   the public, retailers, the press, consumers, advertisers, media buyer representatives,

5   cable or broadcast television executives, the NPD Group, the Toy Industry

6   Association, any United States governmental unit or agency, any toy industry

7   organization whether foreign, domestic or international, any manufacturing or

8   children's safety compliance or watchdog organization, and any organization,

9   company, agency, entity or person involved in commercial or product safety

10  evaluation, ratings or awards mentioning, referring or relating to BRATZ BOYZ.

11      **RESPONSE TO REQUEST NO. 68:**

12      In addition to the general objections stated above which are incorporated

13  herein by reference, Mattel objects to this Request as overbroad and unduly

14  burdensome in that it seeks <u>all</u> communications in Mattel's possession, custody and

15  control from eight different Mattel officers and employees and former officers and

16  employees to a large number of third parties, without limitation as to time or

17  subject matter, including documents that are publicly available and therefore

18  equally available to MGA, and regardless of whether the communications relate to

19  the conduct at issue in this lawsuit.  Mattel further objects to this Request on the

20  grounds that such discovery from Mattel is overbroad, unduly burdensome,

21  oppressive and not likely to the lead to the discovery of admissible evidence in that

22  Mattel's actions in relation to the "Bratz" line of products are not at issue in this

23  action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are

24  the actions of defendants and third parties associated with defendants in connection

25  with the projects that defendant Bryant worked on with defendant MGA, which is

26  information known to and within the possession, custody and control of defendants

27  and their associated third parties, not Mattel.

28

1  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

2

3      Mattel refuses documents in response to this request, resting on its improper

4  boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to

5  part of a request must specify the part and permit inspection of the rest."  Fed. R.

6  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

7  with specificity are routinely rejected in the Central District.  See A. Farber and

8  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

9  boilerplate objections such as 'overly burdensome and harassing' are improper –

10  especially when a party fails to submit any evidentiary declarations supporting such

11  objections").  Accordingly, Mattel must be compelled either to certify that it has

12  produced all non-privileged responsive documents or to produce all such

13  documents by a date certain.

14      To the extent that Mattel is relying on its blanket objections, they are not

15  sustainable and do not justify Mattel's failure to produce documents.

16      As to overbreadth, Mattel provides no explanation, let alone the required

17  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

18  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

19  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

20  contrary, the request is narrowly tailored to seek communications from specific

21  Mattel personnel relating to Bratz.

22      As to burden, Mattel has not attempted to demonstrate why responding to

23  this request and/or producing responsive documents presents any burden.  This

24  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

25  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

26  request is unduly burdensome must allege specific facts which indicate the nature

27  and extent of the burden, usually by affidavit or other reliable evidence.")

28  Moreover, it is not unduly burdensome, as noted above, in that the request is

1   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

2   has engaged in a broad variety of unfair trade practices, from serial copying of

3   MGA products, to threatening retailers and suppliers to cease doing business with

4   MGA, to intimidating employees and industry groups in order to prevent MGA

5   from fairly competing.   MGA is entitled to discovery on these claims, and this

6   request seeks communications reasonably calculated to support or refute these

7   claims.

8         This request does not seek documents protected by the attorney-client

9   privilege, the attorney work product doctrine, or other applicable privileges.  To the

10  extent that Mattel contends that it does, Mattel must provide a privilege log.

11        Mattel objects that the request contains confidential/proprietary/trade secret

12  information.  A Protective Order exists in this case, obviating any concern as to

13  protection of privacy rights and/or commercially sensitive information.

14        Mattel objects that the request is duplicative or subsumed within prior

15  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

16  agree to produce responsive non-privileged documents is not proper based on this

17  objection.

18        None of Mattel's improper objections are valid and Mattel is obligated to

19  produce all non-privileged responsive documents in its possession, custody, or

20  control.

21

22  **REQUEST FOR PRODUCTION NO. 69:**

23        All DOCUMENTS discussing, mentioning, referring or relating to any

24  MATTEL desire, plan, idea, decision, goal, or objective to copy, imitate, replicate,

25  emulate, duplicate or mimic BRATZ.

26        **RESPONSE TO REQUEST NO. 69:**

27        In addition to the general objections stated above which are incorporated

28  herein by reference, Mattel objects to this Request on the grounds that such

1   discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely
2   to the lead to the discovery of admissible evidence in that Mattel's actions in
3   relation to "Bratz" are not at issue in this action and are irrelevant to the claims and
4   defenses in this suit.  Rather, at issue are the actions of defendants and third parties
5   associated with defendants in connection with the projects that defendant Bryant
6   worked on with defendant MGA, which is information known to and within the
7   possession, custody and control of defendants and their associated third parties, not
8   Mattel.  Mattel further objects to this Request on the grounds that it calls for the
9   disclosure of information subject to the attorney-client privilege, the attorney
10  work-product doctrine and other applicable privileges.  Mattel further objects to this
11  Request as vague and ambiguous.

12

13  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**
14

15      Mattel refuses to produce documents responsive to this request, resting on its
16  improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an
17  objection to part of a request must specify the part and permit inspection of the
18  rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis
19  for an objection with specificity are routinely rejected in the Central District.  See
20  A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)
21  ("general or boilerplate objections such as 'overly burdensome and harassing' are
22  improper – especially when a party fails to submit any evidentiary declarations
23  supporting such objections").  Accordingly, Mattel must be compelled either to
24  certify that it has produced all non-privileged responsive documents or to produce
25  all such documents by a date certain.
26      To the extent that Mattel is relying on its blanket objections, they are not
27  sustainable and do not justify Mattel's failure to produce documents.

28

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's desire or plan to copy Bratz, which is at the heart of MGA's unfair competition allegations.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices, including serial copying of MGA products, including but not limited to Bratz.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 70:**

All DOCUMENTS discussing, mentioning, referring or relating to any MATTEL desire, plan, idea, decision, goal, or objective to copy, imitate, replicate,

1   emulate, duplicate or mimic any MGA PRODUCT with which BRYANT had any

2   involvement.

3       **RESPONSE TO REQUEST NO. 70:**

4       In addition to the general objections stated above which are incorporated

5   herein by reference, Mattel objects to this Request on the grounds that such

6   discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely

7   to the lead to the discovery of admissible evidence in that Mattel's actions in

8   relation to the "Bratz" line of products are not at issue in this action and are

9   irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of

10  defendants and third parties associated with defendants in connection with the

11  projects that defendant Bryant worked on with defendant MGA, which is

12  information known to and within the possession, custody and control of defendants

13  and their associated third parties, not Mattel.  Mattel further objects to this Request

14  on the grounds that it calls for the disclosure of information subject to the

15  attorney-client privilege, the attorney work-product doctrine and other applicable

16  privileges.  Mattel further objects to this Request as vague and ambiguous.

17

18      **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
        SHOULD BE COMPELLED**

19

20      Mattel refuses to produce documents responsive to this request, resting on its

21  improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an

22  objection to part of a request must specify the part and permit inspection of the

23  rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

24  for an objection with specificity are routinely rejected in the Central District.  <u>See</u>

25  <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

26  ("general or boilerplate objections such as 'overly burdensome and harassing' are

27  improper – especially when a party fails to submit any evidentiary declarations

28  supporting such objections").  Accordingly, Mattel must be compelled either to

1    certify that it has produced all non-privileged responsive documents or to produce

2    all such documents by a date certain.

3         To the extent that Mattel is relying on its blanket objections, they are not

4    sustainable and do not justify Mattel's failure to produce documents.

5         As to overbreadth, Mattel provides no explanation, let alone the required

6    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9    contrary, the request is narrowly tailored to seek documents concerning Mattel's

10   desire or plan to copy Bratz, which is at the heart of MGA's unfair competition

11   allegations.

12        As to burden, Mattel has not attempted to demonstrate why responding to

13   this request and/or producing responsive documents presents any burden.  This

14   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

15   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

16   request is unduly burdensome must allege specific facts which indicate the nature

17   and extent of the burden, usually by affidavit or other reliable evidence.")

18   Moreover, it is not unduly burdensome, as noted above, in that the request is

19   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

20   has engaged in a broad variety of unfair trade practices, including serial copying of

21   MGA products, including but not limited to Bratz.  MGA is entitled to discovery on

22   these claims.

23        This request does not seek documents protected by the attorney-client

24   privilege, the attorney work product doctrine, or other applicable privileges.  To the

25   extent that Mattel contends that it does, Mattel must provide a privilege log.

26        None of Mattel's improper objections are valid and Mattel is obligated to

27   produce all non-privileged responsive documents in its possession, custody, or

28   control.

1    **REQUEST FOR PRODUCTION NO. 71:**

2         All DOCUMENTS mentioning, discussing, referring or relating to any

3    BRATZ ITEM, which is dated or was authored or created before the date that the

4    BRATZ ITEM was first offered for sale in retail stores to the general public.

5         **RESPONSE TO REQUEST NO. 71:**

6         In addition to the general objections stated above which are incorporated

7    herein by reference, Mattel objects to this Request as vague and ambiguous,

8    including on the grounds that the term "Bratz Item" is not defined.  Mattel further

9    objects to this Request on the grounds that it is overbroad and unduly burdensome

10   in that it seeks all documents in Mattel's possession, custody and control

11   mentioning, discussing, referring or relating to any undefined "Bratz Item" that was

12   created during some undefined time period that is known to MGA, and not to

13   Mattel.  Mattel further objects to this Request on the grounds that it is incomplete in

14   that Mattel does not know the dates that undefined "Bratz Items" were "first offered

15   for sale."  Mattel further objects to this Request on the grounds that such discovery

16   from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead

17   to the discovery of admissible evidence in that Mattel's actions in relation to the

18   "Bratz" line of products are not at issue in this action and are irrelevant to the

19   claims and defenses in this suit.  Rather, at issue are the actions of defendants and

20   third parties associated with defendants in connection with the projects that

21   defendant Bryant worked on with defendant MGA, which is information known to

22   and within the possession, custody and control of defendants and their associated

23   third parties, not Mattel.  Mattel further objects to this Request on the grounds that

24   it calls for the disclosure of information subject to the attorney-client privilege, the

25   attorney work-product doctrine and other applicable privileges.

26

27

28

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning BRATZ ITEM dated or authored before the BRATZ ITEM was offered for sale to the public that Mattel has in its possession, custody or control.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1    request is unduly burdensome must allege specific facts which indicate the nature

2    and extent of the burden, usually by affidavit or other reliable evidence.")

3    Moreover, it is not unduly burdensome, as noted above, in that the request is

4    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

5    has engaged in a broad variety of unfair trade practices including serial copying of

6    MGA products.  MGA is entitled to discovery on these claims.

7        This request does not seek documents protected by the attorney-client

8    privilege, the attorney work product doctrine, or other applicable privileges.  To the

9    extent that Mattel contends that it does, Mattel must provide a privilege log.

10       Mattel objects that the request contains confidential, proprietary and trade

11   secret information.  A Protective Order exists in this case, obviating any concern as

12   to protection of privacy rights and/or commercially sensitive information.

13       Mattel objects that the request is duplicative or subsumed within prior

14   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

15   agree to produce responsive non-privileged documents is not proper based on this

16   objection.

17       Mattel objects that Mattel's actions in relation to the "Bratz" line of products

18   are not at issue in this action and are irrelevant to the claims and defenses in this

19   suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2 of

20   these consolidated proceedings.  Discovery relating to Bratz is likely to lead to

21   admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair

22   competition claim, Mattel's trade secret misappropriation claim, and both parties

23   damages claims.

24       As for relevancy, Mattel has not attempted to demonstrate why the

25   information sought in response to this request is not discoverable in Phase 2. On the

26   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

27   product lines, including its BRATZ product line, packaging, themes,

28   accessories, and advertising. Mattel's "MY SCENE" is an example of one

1   such accused Mattel product line.  Documents related to a BRATZ ITEM dated or

2   created before the BRATZ ITEM was offered for sale to the general public that are

3   in Mattel's possession, custody, or control are highly relevant to  MGA's claims,

4   including its including its allegations of serial copying by Mattel, and are

5   discoverable in Phase 2.

6       None of Mattel's improper objections are valid and Mattel is obligated to

7   produce all non-privileged responsive documents in its possession, custody, or

8   control.

9

10  **REQUEST FOR PRODUCTION NO. 72:**

11      All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

12  mentioning, referring to, or relating to the similarities or differences between the

13  BRATZ CONCEPT on the one hand and any idea, concept, creation, design, work,

14  or intellectual property owned by YOU on the other, which YOU contend served,

15  or may have served, as the idea, inspiration, source or origin for the BRATZ

16  CONCEPT.

17      **RESPONSE TO REQUEST NO. 72:**

18      In addition to the general objections stated above, which are incorporated

19  herein by reference, Mattel objects to this Request on the grounds that it calls for

20  the disclosure of information subject to the attorney-client privilege, the attorney

21  work-product doctrine, and other applicable privileges.  Mattel further objects to

22  this Request as overbroad and unduly burdensome on the ground that it seeks all

23  documents in Mattel's possession, custody and control related to this topic, created

24  by anyone at any time, and purports to require Mattel to identify, investigate and

25  search for documents including newspaper articles and other publicly available

26  materials which are equally available to MGA.  Mattel further objects to this

27  Request as vague and ambiguous, including but not limited to the term "Bratz

28  Concept."  Mattel further objects to this Request on the grounds that it is

- 204 -

1   unreasonably burdensome and premature in that the facts necessary to determine

2   the whether "images, drawings, pictures, sculpts, molds, prototypes and any other

3   form of artwork" both predate the "First Bratz Dolls" and are "'Bratz'-related" are

4   known by defendants and third parties associated with defendants, but are not

5   known by Mattel at this juncture.  Mattel further objects to this Request on the

6   grounds that it is improperly phrased as a legal contention.  Mattel further objects to

7   this Request on the grounds that it is duplicative of or subsumed within prior

8   Requests already responded to and seeks the re-production of information and

9   documents already produced in this action.  Such information and documents will

10  not be re-produced.

11

12  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
13  **SHOULD BE COMPELLED**

14         Mattel has not agreed to produce documents in response to this request,

15  subject to its improper boilerplate objections.  Mattel has refused to confirm

16  whether or not it has produced all non-privileged responsive documents or whether

17  it is withholding documents based on its objections in Phase 2.  Under the Federal

18  Rules of Civil Procedure, "an objection to part of a request must specify the part

19  and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

20  that fail to explain the basis for an objection with specificity are routinely rejected

21  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

22  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

23  burdensome and harassing' are improper – especially when a party fails to submit

24  any evidentiary declarations supporting such objections").  Accordingly, Mattel

25  must be compelled either to certify that it has produced all non-privileged

26  responsive documents or to produce all such documents by a date certain.

27         To the extent that Mattel is relying on its blanket objections, they are not

28  sustainable and do not justify Mattel's failure to produce documents.

- 205 -        SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
                                                                        9059, SET ONE; CV 04-9049 SGL (RNBx))

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning any similarities or differences between the BRATZ concept and any Mattel intellectual property that Mattel contends served as an idea, inspiration, source or origin for the BRATZ concept.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products, including its BRATZ dolls.  Mattel has also alleged a trade secret misappropriation claim against MGA.  MGA is entitled to discovery on its claims and defenses.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request is duplicative or subsumed within prior requests but does not identify the allegedly duplicative requests.  Mattel's failure to agree to produce responsive non-privileged documents is not proper based on this objection.

1    As for relevancy, Mattel has not attempted to demonstrate why the

2    information sought in response to this request is not discoverable in Phase 2. On the

3    contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

4    product lines, including its BRATZ product line, packaging, themes,

5    accessories, and advertising.  Mattel has also alleged a trade secret misappropriation

6    claim against MGA.  Documents concerning any similarities or differences between

7    the BRATZ concept and any Mattel intellectual property that Mattel contends

8    served as an idea, inspiration, source or origin for the BRATZ concept are highly

9    relevant to MGA's serial copying claims and its defense against Mattel's trade

10   secret misappropriation claim.

11       None of Mattel's improper objections are valid and Mattel is obligated to

12   produce all non-privileged responsive documents in its possession, custody, or

13   control.

14

15   **REQUEST FOR PRODUCTION NO. 73:**

16       All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

17   mentioning, referring to, or relating to the similarities or differences between the

18   FIRST BRATZ DOLLS on the one hand and any idea, concept, creation, design,

19   work, or intellectual property owned by YOU on the other, which YOU contend

20   served, or may have served, as the idea, inspiration, source or origin for the FIRST

21   BRATZ DOLLS.

22       **RESPONSE TO REQUEST NO. 73:**

23       In addition to the general objections stated above, which are incorporated

24   herein by reference, Mattel objects to this Request on the grounds that it calls for

25   the disclosure of information subject to the attorney-client privilege, the attorney

26   work-product doctrine and other applicable privileges.  Mattel further objects to this

27   Request as overbroad and unduly burdensome on the ground that it seeks <u>all</u>

28   documents in Mattel's possession, custody and control related to this topic, created

- 207 -

1   by <u>anyone at any time</u>, and purports to require Mattel to identify, investigate and

2   search for documents including newspaper articles and other publicly available

3   materials which are equally available to MGA.  Mattel further objects to this

4   Request as vague and ambiguous, including without limitation the term "First Bratz

5   Dolls."  Mattel further objects to this Request on the grounds that it is improperly

6   phrased as a legal contention.  Mattel further objects to this Request on the grounds

7   that it is duplicative of or subsumed within prior Requests already responded to and

8   seeks the re-production of information and documents already produced in this

9   action.  Such information and documents will not be re-produced.

10

11   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

12

13   Mattel has not agreed to produce documents in response to this request,

14   subject to its improper boilerplate objections.  Mattel has refused to confirm

15   whether or not it has produced all non-privileged responsive documents or whether

16   it is withholding documents based on its objections in Phase 2.  Under the Federal

17   Rules of Civil Procedure, "an objection to part of a request must specify the part

18   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

19   that fail to explain the basis for an objection with specificity are routinely rejected

20   in the Central District.  See <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186,

21   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

22   burdensome and harassing' are improper – especially when a party fails to submit

23   any evidentiary declarations supporting such objections").  Accordingly, Mattel

24   must be compelled either to certify that it has produced all non-privileged

25   responsive documents or to produce all such documents by a date certain.

26   To the extent that Mattel is relying on its blanket objections, they are not

27   sustainable and do not justify Mattel's failure to produce documents.

28

1    As to overbreadth, Mattel provides no explanation, let alone the required

2 particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5 contrary, the request is narrowly tailored to seek documents concerning any

6 similarities or differences between the FIRST BRATZ DOLLS and any Mattel

7 intellectual property that Mattel contends served as an idea, inspiration, source or

8 origin for the FIRST BRATZ DOLLS.

9    As to burden, Mattel has not attempted to demonstrate why responding to

10 this request and/or producing responsive documents presents any burden.  This

11 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

12 Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

13 request is unduly burdensome must allege specific facts which indicate the nature

14 and extent of the burden, usually by affidavit or other reliable evidence.")

15 Moreover, it is not unduly burdensome, as noted above, in that the request is

16 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

17 has engaged in a broad variety of unfair trade practices including serial copying of

18 MGA products, including its BRATZ dolls.  Mattel has also alleged a trade secret

19 misappropriation claim against MGA.  MGA is entitled to discovery on its claims

20 and defenses.

21    This request does not seek documents protected by the attorney-client

22 privilege, the attorney work product doctrine, or other applicable privileges.  To the

23 extent that Mattel contends that it does, Mattel must provide a privilege log.

24    Mattel objects that the request is duplicative or subsumed within prior

25 requests but does not identify the allegedly duplicative requests.  Mattel's failure to

26 agree to produce responsive non-privileged documents is not proper based on this

27 objection.

28

1    Mattel objects that the term "FIRST BRATZ DOLLS" is vague and

2    ambiguous.  To the contrary, the term "FIRST BRATZ DOLLS" has been clearly

3    defined in definition number 3 as particular dolls identified by name and SKU.

4    As for relevancy, Mattel has not attempted to demonstrate why the

5    information sought in response to this request is not discoverable in Phase 2. On the

6    contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

7    product lines, including its BRATZ product line, packaging, themes,

8    accessories, and advertising.  Mattel has also alleged a trade secret misappropriation

9    claim against MGA.  Documents concerning any similarities or differences between

10   the FIRST BRATZ DOLLS and any Mattel intellectual property that Mattel

11   contends served as an idea, inspiration, source or origin for the FIRST BRATZ

12   DOLLS are highly relevant to MGA's claims and defenses, including its serial

13   copying claims and its defense against Mattel's trade secret misappropriation claim

14   and are discoverable in Phase 2.

15   None of Mattel's improper objections are valid and Mattel is obligated to

16   produce all non-privileged responsive documents in its possession, custody, or

17   control.

18

19   **REQUEST FOR PRODUCTION NO. 74:**

20   All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

21   mentioning, referring to, or relating to the similarities or differences between

22   BRATZ DOLLS on the one hand and any idea, concept, creation, design, work, or

23   intellectual property owned by YOU on the other, which YOU contend served, or

24   may have served, as the idea, inspiration, source or origin for BRATZ DOLLS.

25   **RESPONSE TO REQUEST NO. 74:**

26   In addition to the general objections stated above, which are incorporated

27   herein by reference, Mattel objects to this Request on the grounds that it calls for

28   the disclosure of information subject to the attorney-client privilege, the attorney

1   work-product doctrine and other applicable privileges.  Mattel further objects to this

2   Request as overbroad and unduly burdensome on the ground that it seeks <u>all</u>

3   documents in Mattel's possession, custody and control related to this topic, created

4   by <u>anyone at any time</u>, and purports to require Mattel to identify-, investigate and

5   search for documents including newspaper articles and other publicly available

6   materials which are equally available to MGA.  Mattel further objects to this

7   Request as vague and ambiguous.  Mattel further objects to this Request on the

8   grounds that it is improperly phrased as a legal contention.  Mattel further objects to

9   this Request on the grounds that it is duplicative of or subsumed within prior

10  Requests already responded to and seeks the re-production of information and

11  documents already' produced in this action.  Such information and documents will

12  not be re-produced.

13

14  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

15

16      Mattel has not agreed to produce documents in response to this request,

17  subject to its improper boilerplate objections.  Mattel has refused to confirm

18  whether or not it has produced all non-privileged responsive documents or whether

19  it is withholding documents based on its objections in Phase 2.  Under the Federal

20  Rules of Civil Procedure, "an objection to part of a request must specify the part

21  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

22  that fail to explain the basis for an objection with specificity are routinely rejected

23  in the Central District.  See <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186,

24  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

25  burdensome and harassing' are improper – especially when a party fails to submit

26  any evidentiary declarations supporting such objections").  Accordingly, Mattel

27  must be compelled either to certify that it has produced all non-privileged

28  responsive documents or to produce all such documents by a date certain.

1    To the extent that Mattel is relying on its blanket objections, they are not

2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required

4    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7    contrary, the request is narrowly tailored to seek documents concerning any

8    similarities or differences between the BRATZ DOLLS and any Mattel intellectual

9    property that Mattel contends served as an idea, inspiration, source or origin for the

10   BRATZ DOLLS.

11   As to burden, Mattel has not attempted to demonstrate why responding to

12   this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

14   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.")

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19   has engaged in a broad variety of unfair trade practices including serial copying of

20   MGA products, including its BRATZ dolls.  Mattel has also alleged a trade secret

21   misappropriation claim against MGA.  MGA is entitled to discovery on its claims

22   and defenses.

23   This request does not seek documents protected by the attorney-client

24   privilege, the attorney work product doctrine, or other applicable privileges.  To the

25   extent that Mattel contends that it does, Mattel must provide a privilege log.

26   Mattel objects that the request is duplicative or subsumed within prior

27   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

28

1   agree to produce responsive non-privileged documents is not proper based on this

2   objection.

3        As for relevancy, Mattel has not attempted to demonstrate why the

4   information sought in response to this request is not discoverable in Phase 2. On the

5   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

6   product lines, including its BRATZ product line, packaging, themes,

7   accessories, and advertising.  Mattel has also alleged a trade secret misappropriation

8   claim against MGA.  Documents concerning any similarities or differences between

9   the BRATZ DOLLS and any Mattel intellectual property that Mattel contends

10  served as an idea, inspiration, source or origin for the BRATZ DOLLS are highly

11  relevant to MGA's claims and defenses, including its serial copying claims and its

12  defense of Mattel's trade secret misappropriation claim and are discoverable in

13  Phase 2.

14       None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession, custody, or

16  control.

17

18  **REQUEST FOR PRODUCTION NO. 75:**

19       All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

20  mentioning, referring to, or relating to the similarities or differences between the

21  BRATZ PACK on the one hand and any idea, concept, creation, design, work, or

22  intellectual property owned by YOU on the other, which YOU contend served, or

23  may have served, as the idea, inspiration, source or origin for the BRATZ PACK.

24       **RESPONSE TO REQUEST NO. 75:**

25       In addition to the general objections stated above, which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it calls for

27  the disclosure of information subject to the attorney-client privilege, the attorney

28  work-product doctrine and other applicable privileges.  Mattel further objects to this

1  Request as overbroad and unduly burdensome on the ground that it seeks <u>all</u>

2  documents in Mattel's possession, custody and control related to this topic, created

3  by <u>anyone at any time</u>, and purports to require Mattel to identify, investigate and

4  search for documents including newspaper articles and other publicly available

5  materials which are equally available to MGA.  Mattel further objects to this

6  Request as vague and ambiguous.  Mattel further objects to this Request on the

7  grounds that it is improperly phrased as a legal contention.  Mattel further objects to

8  this Request on the grounds that it is duplicative of or subsumed within prior

9  Requests already responded to and seeks the re-production of information and

10 documents already produced in this action.  Such information and documents will

11 not be re-produced.

12

13 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

14

15     Mattel has not agreed to produce documents in response to this request,

16 subject to its improper boilerplate objections.  Mattel has refused to confirm

17 whether or not it has produced all non-privileged responsive documents or whether

18 it is withholding documents based on its objections in Phase 2.  Under the Federal

19 Rules of Civil Procedure, "an objection to part of a request must specify the part

20 and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

21 that fail to explain the basis for an objection with specificity are routinely rejected

22 in the Central District.  See <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186,

23 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

24 burdensome and harassing' are improper – especially when a party fails to submit

25 any evidentiary declarations supporting such objections").  Accordingly, Mattel

26 must be compelled either to certify that it has produced all non-privileged

27 responsive documents or to produce all such documents by a date certain.

28

1   To the extent that Mattel is relying on its blanket objections, they are not

2   sustainable and do not justify Mattel's failure to produce documents.

3   As to overbreadth, Mattel provides no explanation, let alone the required

4   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7   contrary, the request is narrowly tailored to seek documents concerning any

8   similarities or differences between the BRATZ PACK and any Mattel intellectual

9   property that Mattel contends served as an idea, inspiration, source or origin for the

10  BRATZ PACK.

11  As to burden, Mattel has not attempted to demonstrate why responding to

12  this request and/or producing responsive documents presents any burden.  This

13  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

14  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15  request is unduly burdensome must allege specific facts which indicate the nature

16  and extent of the burden, usually by affidavit or other reliable evidence.")

17  Moreover, it is not unduly burdensome, as noted above, in that the request is

18  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19  has engaged in a broad variety of unfair trade practices including serial copying of

20  MGA products, including its BRATZ product line.  Mattel has also alleged a trade

21  secret misappropriation claim against MGA.  MGA is entitled to discovery on its

22  claims and defenses.

23  This request does not seek documents protected by the attorney-client

24  privilege, the attorney work product doctrine, or other applicable privileges.  To the

25  extent that Mattel contends that it does, Mattel must provide a privilege log.

26  Mattel objects that the request is duplicative or subsumed within prior

27  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

28

1   agree to produce responsive non-privileged documents is not proper based on this

2   objection.

3       As for relevancy, Mattel has not attempted to demonstrate why the

4   information sought in response to this request is not discoverable in Phase 2. On the

5   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

6   product lines, including its BRATZ product line, packaging, themes,

7   accessories, and advertising.  Mattel has also alleged a trade secret misappropriation

8   claim against MGA.  Documents concerning any similarities or differences between

9   the BRATZ PACK and any Mattel intellectual property that Mattel contends served

10  as an idea, inspiration, source or origin for the BRATZ PACK are highly relevant to

11  MGA's claims and defenses, including its serial copying claims and its defense

12  against Mattel's trade secret misappropriation claim and are discoverable in Phase

13  2.

14      None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession, custody, or

16  control.

17

18  **REQUEST FOR PRODUCTION NO. 76:**

19      All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

20  mentioning, referring to, or relating to the similarities or differences between LIL'

21  BRATZ on the one hand and any idea, concept, creation, design, work, or

22  intellectual property owned by YOU on the other, which YOU contend served, or

23  may have served, as the idea, inspiration, source or origin for LIL' BRATZ.

24      **RESPONSE TO REQUEST NO. 76:**

25      In addition to the general objections stated above, which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it calls for

27  the disclosure of information subject to the attorney-client privilege, the attorney

28  work-product doctrine and other applicable privileges.  Mattel further objects to this

1   Request as overbroad and unduly burdensome on the ground that it seeks <u>all</u>

2   documents in Mattel's possession, custody and control related to this topic, created

3   by <u>anyone at any time</u>, and purports to require Mattel to identify, investigate and

4   search for documents including newspaper articles and other publicly available

5   materials which are equally available to MGA.  Mattel further objects to this

6   Request as vague and ambiguous.  Mattel further objects to this Request on the

7   grounds that it is improperly phrased as a legal contention.  Mattel further objects to

8   this Request on the grounds that it is duplicative of or subsumed within prior

9   Requests already responded to and seeks the re-production of information and

10  documents already produced in this action.  Such information and documents will

11  not be re-produced.

12

13  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

14

15      Mattel has not agreed to produce documents in response to this request,

16  subject to its improper boilerplate objections.  Mattel has refused to confirm

17  whether or not it has produced all non-privileged responsive documents or whether

18  it is withholding documents based on its objections in Phase 2.  Under the Federal

19  Rules of Civil Procedure, "an objection to part of a request must specify the part

20  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

21  that fail to explain the basis for an objection with specificity are routinely rejected

22  in the Central District.  <u>See</u> <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186,

23  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

24  burdensome and harassing' are improper – especially when a party fails to submit

25  any evidentiary declarations supporting such objections").  Accordingly, Mattel

26  must be compelled either to certify that it has produced all non-privileged

27  responsive documents or to produce all such documents by a date certain.

28

1    To the extent that Mattel is relying on its blanket objections, they are not

2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required

4    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7    contrary, the request is narrowly tailored to seek documents concerning any

8    similarities or differences between the LI'L BRATZ and any Mattel intellectual

9    property that Mattel contends served as an idea, inspiration, source or origin for the

10   LI'L BRATZ.

11   As to burden, Mattel has not attempted to demonstrate why responding to

12   this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

14   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.")

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19   has engaged in a broad variety of unfair trade practices including serial copying of

20   MGA products, including its BRATZ product line.  Mattel has also alleged a trade

21   secret misappropriation claim against MGA.  MGA is entitled to discovery on its

22   claims and defenses.

23   This request does not seek documents protected by the attorney-client

24   privilege, the attorney work product doctrine, or other applicable privileges.  To the

25   extent that Mattel contends that it does, Mattel must provide a privilege log.

26   Mattel objects that the request is duplicative or subsumed within prior

27   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

28

1    agree to produce responsive non-privileged documents is not proper based on this
2    objection.
3         As for relevancy, Mattel has not attempted to demonstrate why the
4    information sought in response to this request is not discoverable in Phase 2. On the
5    contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's
6    product lines, including its BRATZ product line, packaging, themes,
7    accessories, and advertising.  Mattel has also alleged a trade secret misappropriation
8    claim against MGA.  Documents concerning any similarities or differences between
9    the LI'L BRATZ and any Mattel intellectual property that Mattel contends served
10   as an idea, inspiration, source or origin for the LI'L BRATZ are highly relevant to
11   MGA's claims and defenses, including its serial copying claims and its defense
12   against Mattel's trade secret misappropriation claim and are discoverable in Phase
13   2.
14        None of Mattel's improper objections are valid and Mattel is obligated to
15   produce all non-privileged responsive documents in its possession, custody, or
16   control.
17
18   **REQUEST FOR PRODUCTION NO. 77:**
19        All DOCUMENTS evidencing, detailing, discussing, describing, depicting,
20   mentioning, referring to, or relating to the similarities or differences between
21   BRATZ PETZ on the one hand and any idea, concept, creation, design, work, or
22   intellectual property owned by YOU on the other, which YOU contend served, or
23   may have served, as the idea, inspiration, source or origin for BRATZ PETZ.
24        **RESPONSE TO REQUEST NO. 77:**
25        In addition to the general objections stated above, which are incorporated
26   herein by reference, Mattel objects to this Request on the grounds that it calls for
27   the disclosure of information subject to the attorney-client privilege, the attorney
28   work-product doctrine and other applicable privileges.  Mattel further objects to this

1  Request as overbroad and unduly burdensome on the ground that it seeks <u>all</u>

2  documents in Mattel's possession, custody and control related to this topic, created

3  by <u>anyone at any time</u>, and purports to require Mattel to identify, investigate and

4  search for documents including newspaper articles and other publicly available

5  materials which are equally available to MGA.  Mattel further objects to this

6  Request as vague and ambiguous.  Mattel further objects to this Request on the

7  grounds that it is improperly phrased as a legal contention.  Mattel further objects to

8  this Request on the grounds that it is duplicative of or subsumed within prior

9  Requests already responded to and seeks the re-production of information and

10  documents already produced in this action.  Such information and documents will

11  not be re-produced.

12

13  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

14

15      Mattel has not agreed to produce documents in response to this request,

16  subject to its improper boilerplate objections.  Mattel has refused to confirm

17  whether or not it has produced all non-privileged responsive documents or whether

18  it is withholding documents based on its objections in Phase 2.  Under the Federal

19  Rules of Civil Procedure, "an objection to part of a request must specify the part

20  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

21  that fail to explain the basis for an objection with specificity are routinely rejected

22  in the Central District.  See <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186,

23  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

24  burdensome and harassing' are improper – especially when a party fails to submit

25  any evidentiary declarations supporting such objections").  Accordingly, Mattel

26  must be compelled either to certify that it has produced all non-privileged

27  responsive documents or to produce all such documents by a date certain.

28

1       To the extent that Mattel is relying on its blanket objections, they are not

2   sustainable and do not justify Mattel's failure to produce documents.

3       As to overbreadth, Mattel provides no explanation, let alone the required

4   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7   contrary, the request is narrowly tailored to seek documents concerning any

8   similarities or differences between the BRATZ PETZ and any Mattel intellectual

9   property that Mattel contends served as an idea, inspiration, source or origin for the

10  BRATZ PETZ.

11      As to burden, Mattel has not attempted to demonstrate why responding to

12  this request and/or producing responsive documents presents any burden.  This

13  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

14  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15  request is unduly burdensome must allege specific facts which indicate the nature

16  and extent of the burden, usually by affidavit or other reliable evidence.")

17  Moreover, it is not unduly burdensome, as noted above, in that the request is

18  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19  has engaged in a broad variety of unfair trade practices including serial copying of

20  MGA products, including its BRATZ product line.  Mattel has also alleged a trade

21  secret misappropriation claim against MGA.  MGA is entitled to discovery on its

22  claims and defenses.

23      This request does not seek documents protected by the attorney-client

24  privilege, the attorney work product doctrine, or other applicable privileges.  To the

25  extent that Mattel contends that it does, Mattel must provide a privilege log.

26      Mattel objects that the request is duplicative or subsumed within prior

27  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

28

1   agree to produce responsive non-privileged documents is not proper based on this

2   objection.

3          As for relevancy, Mattel has not attempted to demonstrate why the

4   information sought in response to this request is not discoverable in Phase 2. On the

5   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

6   product lines, including its BRATZ product line, packaging, themes,

7   accessories, and advertising.  Mattel has also alleged a trade secret misappropriation

8   claim against MGA.  Documents concerning any similarities or differences between

9   the BRATZ PETZ and any Mattel intellectual property that Mattel contends served

10  as an idea, inspiration, source or origin for the BRATZ PETZ are highly relevant to

11  MGA's claims and defenses, including its serial copying claims and its defense

12  against Mattel's trade secret misappropriation claim and are discoverable in Phase

13  2.

14         None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession, custody, or

16  control.

17

18  **REQUEST FOR PRODUCTION NO. 78:**

19         All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

20  mentioning, referring to, or relating to the similarities or differences between

21  BRATZ BABYZ on the one hand and any idea, concept, creation, design, work, or

22  intellectual property owned by YOU on the other, which YOU contend served, or

23  may have served, as the idea, inspiration, source or origin for BRATZ BABYZ.

24         **RESPONSE TO REQUEST NO. 78:**

25         In addition to the general objections stated above, which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it calls for

27  the disclosure of information subject to the attorney-client privilege, the attorney

28  work-product doctrine and other applicable privileges.  Mattel further objects to this

1  Request as overbroad and unduly burdensome on the ground that it seeks <u>all</u>

2  documents in Mattel's possession, custody' and control related to this topic, created

3  by <u>anyone at any time</u>, and purports to require Mattel to identify, investigate and

4  search for documents including newspaper articles and other publicly available

5  materials which are equally available to MGA.  Mattel further objects to this

6  Request as vague and ambiguous.  Mattel further objects to this Request on the

7  grounds that it is improperly phrased as a legal contention.  Mattel further objects to

8  this Request on the grounds that it is duplicative of or subsumed within prior

9  Requests already responded to and seeks the re-production of information and

10  documents already produced in this action.  Such information and documents will

11  not be re-produced.

12

13  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
14  SHOULD BE COMPELLED**

15    Mattel has not agreed to produce documents in response to this request,

16  subject to its improper boilerplate objections.  Mattel has refused to confirm

17  whether or not it has produced all non-privileged responsive documents or whether

18  it is withholding documents based on its objections in Phase 2.  Under the Federal

19  Rules of Civil Procedure, "an objection to part of a request must specify the part

20  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

21  that fail to explain the basis for an objection with specificity are routinely rejected

22  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

23  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

24  burdensome and harassing' are improper – especially when a party fails to submit

25  any evidentiary declarations supporting such objections").  Accordingly, Mattel

26  must be compelled either to certify that it has produced all non-privileged

27  responsive documents or to produce all such documents by a date certain.

28

1   To the extent that Mattel is relying on its blanket objections, they are not

2   sustainable and do not justify Mattel's failure to produce documents.

3   As to overbreadth, Mattel provides no explanation, let alone the required

4   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5   This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

6   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

7   contrary, the request is narrowly tailored to seek documents concerning any

8   similarities or differences between the BRATZ BABYZ and any Mattel intellectual

9   property that Mattel contends served as an idea, inspiration, source or origin for the

10  BRATZ BABYZ.

11  As to burden, Mattel has not attempted to demonstrate why responding to

12  this request and/or producing responsive documents presents any burden. This

13  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co.,

14  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15  request is unduly burdensome must allege specific facts which indicate the nature

16  and extent of the burden, usually by affidavit or other reliable evidence.")

17  Moreover, it is not unduly burdensome, as noted above, in that the request is

18  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

19  has engaged in a broad variety of unfair trade practices including serial copying of

20  MGA products, including its BRATZ product line. Mattel has also alleged a trade

21  secret misappropriation claim against MGA. MGA is entitled to discovery on its

22  claims and defenses.

23  This request does not seek documents protected by the attorney-client

24  privilege, the attorney work product doctrine, or other applicable privileges. To the

25  extent that Mattel contends that it does, Mattel must provide a privilege log.

26  Mattel objects that the request is duplicative or subsumed within prior

27  requests but does not identify the allegedly duplicative requests. Mattel's failure to

28

1    agree to produce responsive non-privileged documents is not proper based on this

2    objection.

3          As for relevancy, Mattel has not attempted to demonstrate why the

4    information sought in response to this request is not discoverable in Phase 2. On the

5    contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

6    product lines, including its BRATZ product line, packaging, themes,

7    accessories, and advertising.  Mattel has also alleged a trade secret misappropriation

8    claim against MGA.  Documents concerning any similarities or differences between

9    the BRATZ BABYZ and any Mattel intellectual property that Mattel contends

10   served as an idea, inspiration, source or origin for the BRATZ BABYZ are highly

11   relevant to MGA's claims and defenses, including its serial copying claims and its

12   defense against Mattel's trade secret misappropriation claim and are discoverable in

13   Phase 2.

14         None of Mattel's improper objections are valid and Mattel is obligated to

15   produce all non-privileged responsive documents in its possession, custody, or

16   control.

17

18   **<u>REQUEST FOR PRODUCTION NO. 79:</u>**

19         All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

20   mentioning, referring to, or relating to the similarities or differences between

21   BRATZ BOYZ on the one hand and any idea, concept, creation, design, work, or

22   intellectual property owned by YOU on the other, which YOU contend served, or

23   may have served, as the idea, inspiration, source or origin for BRATZ BOYZ.

24   **<u>RESPONSE TO REQUEST NO. 79:</u>**

25         In addition to the general objections stated above, which are incorporated

26   herein by reference, Mattel objects to this Request on the grounds that it calls for

27   the disclosure of information subject to the attorney-client privilege, the attorney

28   work-product doctrine and other applicable privileges.  Mattel further objects to this

1   Request as overbroad and unduly burdensome on the ground that it seeks <u>all</u>

2   documents in Mattel's possession, custody and control related to this topic, created

3   by <u>anyone at any time</u>, and purports to require Mattel to identify, investigate and

4   search for documents including newspaper articles and other publicly available

5   materials which are equally available to MGA.  Mattel further objects to this

6   Request as vague and ambiguous.  Mattel further objects to this Request on the

7   grounds that it is improperly phrased as a legal contention.  Mattel further objects to

8   the term "MGA Product."  Mattel further objects to this Request on the grounds

9   that it is improperly phrased as a legal contention.  Mattel further objects to this

10  Request on the grounds it is duplicative of or subsumed within prior requests

11  already responded to and seeks re-production of information and documents already

12  produced in this action.  Such information and documents will not be re-produced.

14  ### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

16  Mattel has not agreed to produce documents in response to this request,

17  subject to its improper boilerplate objections.  Mattel has refused to confirm

18  whether or not it has produced all non-privileged responsive documents or whether

19  it is withholding documents based on its objections in Phase 2.  Under the Federal

20  Rules of Civil Procedure, "an objection to part of a request must specify the part

21  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

22  that fail to explain the basis for an objection with specificity are routinely rejected

23  in the Central District.  See <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186,

24  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

25  burdensome and harassing' are improper – especially when a party fails to submit

26  any evidentiary declarations supporting such objections").  Accordingly, Mattel

27  must be compelled either to certify that it has produced all non-privileged

28  responsive documents or to produce all such documents by a date certain.

- 226 -

1    To the extent that Mattel is relying on its blanket objections, they are not

2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required

4    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7    contrary, the request is narrowly tailored to seek documents concerning any

8    similarities or differences between the BRATZ BOYZ and any Mattel intellectual

9    property that Mattel contends served as an idea, inspiration, source or origin for the

10   BRATZ BOYZ.

11   As to burden, Mattel has not attempted to demonstrate why responding to

12   this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

14   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.")

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19   has engaged in a broad variety of unfair trade practices including serial copying of

20   MGA products, including its BRATZ product line.  Mattel has also alleged a trade

21   secret misappropriation claim against MGA.  MGA is entitled to discovery on its

22   claims and defenses.

23   This request does not seek documents protected by the attorney-client

24   privilege, the attorney work product doctrine, or other applicable privileges.  To the

25   extent that Mattel contends that it does, Mattel must provide a privilege log.

26   Mattel objects that the request is duplicative or subsumed within prior

27   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

28

1   agree to produce responsive non-privileged documents is not proper based on this

2   objection.

3          As for relevancy, Mattel has not attempted to demonstrate why the

4   information sought in response to this request is not discoverable in Phase 2. On the

5   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

6   product lines, including its BRATZ product line, packaging, themes,

7   accessories, and advertising.  Mattel has also alleged a trade secret misappropriation

8   claim against MGA.  Documents concerning any similarities or differences between

9   the BRATZ BOYZ and any Mattel intellectual property that Mattel contends served

10  as an idea, inspiration, source or origin for the BRATZ BOYZ are highly relevant

11  to MGA's claims and defenses, including its serial copying claims and its defense

12  against Mattel's trade secret misappropriation claim and are discoverable in Phase

13  2.

14         None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession, custody, or

16  control.

17

18  **REQUEST FOR PRODUCTION NO. 80:**

19         All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

20  mentioning, referring to, or relating to the similarities or differences between any

21  MGA PRODUCT on the one hand and any idea, concept, creation, design, work, or

22  intellectual property owned by YOU on the other, which YOU contend served, or

23  may have served, as the idea, inspiration, source or origin for any MGA

24  PRODUCT.

25         **RESPONSE TO REQUEST NO. 80:**

26         In addition to the general objections stated above, which are incorporated

27  herein by reference, Mattel objects to this Request on the grounds that it calls for

28  the disclosure of information subject to the attorney-client privilege, the attorney

1   work-product doctrine and other applicable privileges.  Mattel further objects to this

2   Request as overbroad and unduly burdensome on the ground that it seeks <u>all</u>

3   documents in Mattel's possession, custody and control related to this topic, created

4   by <u>anyone at any time</u>, including as to <u>any</u> "MGA Product" created at any time, and

5   purports to require Mattel to identify, investigate and search for documents

6   including newspaper articles and other publicly available materials which are

7   equally available to MGA.  For the same reasons, Mattel further objects to this

8   Request on the grounds that it seeks documents that are not relevant to this action,

9   or reasonably calculated to lead to the discovery of admissible evidence.  Mattel

10  further objects to this Request as vague and ambiguous, including but not limited to

11  the term "MGA Product."  Mattel further objects to this Request on the grounds

12  that it is improperly phrased as a legal contention.

13

14  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

15

16       Mattel has not agreed to produce documents in response to this request,

17  subject to its improper boilerplate objections.  Mattel has refused to confirm

18  whether or not it has produced all non-privileged responsive documents or whether

19  it is withholding documents based on its objections in Phase 2.  Under the Federal

20  Rules of Civil Procedure, "an objection to part of a request must specify the part

21  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

22  that fail to explain the basis for an objection with specificity are routinely rejected

23  in the Central District.  See <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186,

24  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

25  burdensome and harassing' are improper – especially when a party fails to submit

26  any evidentiary declarations supporting such objections").  Accordingly, Mattel

27  must be compelled either to certify that it has produced all non-privileged

28  responsive documents or to produce all such documents by a date certain.

1    To the extent that Mattel is relying on its blanket objections, they are not

2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required

4    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7    contrary, the request is narrowly tailored to seek documents concerning any

8    similarities or differences between a MGA PRODUCT and any Mattel intellectual

9    property that Mattel contends served as an idea, inspiration, source or origin for the

10   MGA PRODUCT.

11   As to burden, Mattel has not attempted to demonstrate why responding to

12   this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

14   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.")

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19   has engaged in a broad variety of unfair trade practices including serial copying of

20   MGA products.  Mattel has also alleged a trade secret misappropriation claim

21   against MGA.  MGA is entitled to discovery on its claims and defenses.

22   This request does not seek documents protected by the attorney-client

23   privilege, the attorney work product doctrine, or other applicable privileges.  To the

24   extent that Mattel contends that it does, Mattel must provide a privilege log.

25   Mattel objects that the request is duplicative or subsumed within prior

26   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

27   agree to produce responsive non-privileged documents is not proper based on this

28   objection.

1     As for relevancy, Mattel has not attempted to demonstrate why the

2   information sought in response to this request is not discoverable in Phase 2. On the

3   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

4   product lines.  Mattel has also alleged a trade secret misappropriation claim against

5   MGA.  Documents concerning any similarities or differences between MGA

6   PRODUCT and any Mattel intellectual property that Mattel contends served as an

7   idea, inspiration, source or origin for the MGA PRODUCT are highly relevant to

8   MGA's claims and defenses, including its serial copying claims and its defense

9   against Mattel's trade secret misappropriation claim and are discoverable in Phase

10   2.

11     None of Mattel's improper objections are valid and Mattel is obligated to

12   produce all non-privileged responsive documents in its possession, custody, or

13   control.

14

15   **REQUEST FOR PRODUCTION NO. 81:**

16     All DOCUMENTS quantifying, calculating, estimating, referring to, or

17   relating to the damage or harm YOU have purportedly suffered as a result of

18   BRYANT's alleged conduct including, without limitation, all DOCUMENTS

19   evidencing the cause, nature, extent, and amount or value of any unjust enrichment,

20   lost revenues, lost profits, lost sales, price erosion, lost or converted property,

21   consequential and incidental damage, information or intellectual property provided

22   to any competitor, benefit obtained by any competitor, lost opportunity, lost

23   advantage, lost benefit, and any other form of alleged harm.

24   **RESPONSE TO REQUEST NO. 81:**

25     In addition to the general objections stated above, which are incorporated

26   herein by reference, Mattel objects to this Request on the grounds that it is

27   unreasonably burdensome and premature in that the facts necessary to determine

28   the full nature and extent of Mattel's relief and damages from defendant's acts or

1   omissions are known by defendants and third parties associated with defendants,

2   but are not known by Mattel at this juncture because of defendants' refusals to

3   produce basic discovery.  Mattel further objects to this Request on the grounds that

4   it calls for the disclosure of information subject to the attorney-client privilege, the

5   attorney work-product doctrine and other applicable privileges.  Mattel further

6   objects to this Request on the grounds that it-is duplicative of or subsumed within

7   prior Requests already responded to and seeks the re-production of information and

8   documents already produced in this action.  Such information and documents will

9   not be re-produced.  Mattel further objects to this Request as premature in that it

10  seeks expert discovery.  Such discovery will be disclosed only at the time, and in

11  the manner required by, the Rules and the Court's Orders.

12

13  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

14

15       Mattel has not agreed to produce documents in response to this request,

16  subject to its improper boilerplate objections. Mattel has refused to confirm whether

17  or not it has produced all non-privileged responsive documents or whether it is

18  withholding documents based on its objections in Phase 2. Under the Federal Rules

19  of Civil Procedure, "an objection to part of a request must specify the part and

20  permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

21  fail to explain the basis for an objection with specificity are routinely rejected in the

22  Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

23  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

24  and harassing' are improper – especially when a party fails to submit any

25  evidentiary declarations supporting such objections"). Accordingly, Mattel must be

26  compelled either to certify that it has produced all non-privileged responsive

27  documents or to produce all such documents by a date certain.

28

1    To the extent that Mattel is relying on its blanket objections, they are not

2    sustainable and do not justify Mattel's failure to produce documents.

3        As to overbreadth, Mattel provides no explanation, let alone the required

4    particularity, as to **why** this request is supposedly overly broad, nor can it do so.

5    This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

6    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. The

7    request is narrowly tailored to seek all documents quantifying, calculating,

8    estimating, or related to the damage or harm Mattel's contends to have purportedly

9    suffered as a result of BRYANT's alleged conduct. Such documents may include

10   documents evidencing the cause, nature, extent, and amount or value of any unjust

11   enrichment, lost revenues, lost profits, lost sales, price erosion, lost or converted

12   property, consequential and incidental damage, information or intellectual property

13   provided to any competitor, benefit obtained by any competitor, lost opportunity,

14   lost advantage, lost benefit, and any other form of alleged harm.

15       As to burden, Mattel has not attempted to demonstrate why responding to

16   this request and/or producing responsive documents presents any burden. This

17   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

18   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19   request is unduly burdensome must allege specific facts which indicate the nature

20   and extent of the burden, usually by affidavit or other reliable evidence.")

21   Moreover, it is not unduly burdensome, as noted above, in that the request is

22   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

23   has engaged in a broad variety of unfair trade practices including serial copying of

24   MGA products.

25       This request does not seek documents protected by the attorney-client

26   privilege, the attorney work product doctrine, or other applicable privileges. To the

27   extent that Mattel contends that it does, Mattel must provide a privilege log**.**

28

1   As to relevancy, Mattel has not attempted to make any objections. It

2   therefore concedes relevance. MGA is entitled to all documents on the issue, and

3   not just those that Mattel chooses to produce in support of its claims. Further,

4   Mattel's prayer for relief is extremely broad. Because Mattel's pleadings seek such

5   broad relief, MGA is entitled to extremely broad discovery on these issues. A

6   request that seeks all documents quantifying, calculating, estimating, or related to

7   the damage or harm Mattel's contends to have purportedly suffered as a result of

8   BRYANT's alleged conduct is relevant to this action and MGA's defense.

9   Mattel objects that the request contains confidential, proprietary, and trade

10  secret information. A Protective Order exists in this case, obviating any concern as

11  to protection of privacy rights and/or commercially sensitive information.

12  None of Mattel's improper objections are valid and Mattel is obligated to

13  produce all non-privileged responsive documents in its possession, custody, or

14  control.

15

16  **REQUEST FOR PRODUCTION NO. 88:**

17  All DOCUMENTS that name or are otherwise sufficient to identify the

18  individuals who worked on or were involved in any way in the plans for creating,

19  designing, developing and marketing "Toon Teens," including individuals who

20  worked on or were involved in any way in (1) deciding to create, design, develop or

21  market "Toon Teens" and (2) deciding to stop or abandon the design, development

22  or marketing of "Toon Teens".

23  **RESPONSE TO REQUEST NO. 88:**

24  In addition to the general objections stated above, which are incorporated

25  herein by reference, Mattel objects to this Request as overbroad and unduly

26  burdensome in that it seeks <u>all</u> documents in Mattel's possession, custody and

27  control created by <u>anyone at any time</u> that are related to this topic, regardless of

28  whether the documents relate to the conduct at issue in this lawsuit.  Mattel further

OHS West:260723192

1   objects to this Request on the grounds that it calls for the disclosure of information

2   subject to the attorney-client privilege, the attorney work-product doctrine and other

3   applicable privileges.  Mattel further objects to this Request on the grounds that it is

4   duplicative of or subsumed within prior Requests already responded to and seeks

5   the re-production of information and documents already produced in this action.

6   Such information and documents will not be re-produced.

7   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 88:**

8   In addition to the general objections stated above, which are incorporated

9   herein by reference, Mattel objects to this Request as overbroad and unduly

10   burdensome in that it seeks all documents in Mattel's possession, custody and

11   control created by anyone at any time that are related to this topic, regardless of

12   whether the documents relate to the conduct at issue in this lawsuit.  Mattel

13   further objects to the Request as misleading and erroneous in its use of the term

14   "abandon" and is otherwise assuming facts not in evidence.  Mattel further

15   objects to this Request on the grounds that it calls for the disclosure of

16   information subject to the attorney-client privilege, the attorney work-product

17   doctrine and other applicable privileges.  Mattel further objects to this Request

18   on the grounds that it is duplicative of or subsumed within other Requests

19   within this set of requests, duplicative of or subsumed within prior Requests

20   already responded to in this litigation, and seeks the re-production of

21   information and documents already produced in this action.  Such information

22   and documents will not be re-produced.  Subject to and without waiving the

23   foregoing general and specific objections, Mattel will produce responsive,

24   non-privileged documents sufficient to identify individuals who worked on "the

25   conception, creation, design and development" of the "Toon Teens," to the

26   extent such responsive, non-privileged documents are in its possession, custody

27   or control, can be located after a diligent search and reasonable inquiry, and

28   have not been previously produced.

**SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 88:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody and control created by anyone at any time that are related to this topic, regardless of whether the documents relate to the conduct at issue in this lawsuit. Mattel further objects to the Request as misleading and erroneous in its use of the term "abandon" and is otherwise assuming facts not in evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other Requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced. Subject to and without waiving the foregoing general and specific objections, Mattel will produce responsive, non-privileged documents sufficient to identify individuals who worked on "the conception, creation, design and development" of the "Toon Teens," to the extent such responsive, non-privileged documents are in its possession, custody or control, can be located after a diligent search and reasonable inquiry, and have not been previously produced.

**CORRECTED SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 88:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks all documents in Mattel's possession, custody and control created by anyone at any time that are related to this topic, regardless of whether the documents relate to the conduct at issue in this lawsuit. Mattel further

1   objects to the Request as misleading and erroneous in its use of the term "abandon"

2   and is otherwise assuming facts not in evidence.  Mattel further objects to this

3   Request on the grounds that it calls for the disclosure of information subject to the

4   attorney-client privilege, the attorney work-product doctrine and other applicable

5   privileges.  Mattel further objects to this Request on the grounds that it is

6   duplicative of or subsumed within other Requests within this set of requests,

7   duplicative of or subsumed within prior Requests already responded to in this

8   litigation, and seeks the re-production of information and documents already

9   produced in this action.  Such information and documents will not be re-produced.

10   Subject to and without waiving the foregoing general and specific objections,

11   Mattel will produce responsive, non-privileged documents sufficient to identify

12   individuals who worked on "the conception, creation, design and development" of

13   the "Toon Teens," to the extent such responsive, non-privileged documents are in

14   its possession, custody or control, can be located after a diligent search and

15   reasonable inquiry, and have not been previously produced.

16

17        **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

18

19       Even after serving supplemental responses, Mattel still improperly limits its

20   agreement to produce documents in response to this request.  Moreover, Mattel has

21   refused to confirm whether or not it has produced all non-privileged responsive

22   documents or whether it is withholding documents based on its objections in Phase

23   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

24   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

25   Generic objections that fail to explain the basis for an objection with specificity are

26   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

27   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

28   such as 'overly burdensome and harassing' are improper – especially when a party

1   fails to submit any evidentiary declarations supporting such objections").

2   Accordingly, Mattel must be compelled either to certify that it has produced all

3   non-privileged responsive documents or to produce all such documents by a date

4   certain.

5          To the extent that Mattel is relying on its blanket objections, they are not

6   sustainable and do not justify Mattel's failure to produce documents.

7          Mattel's agreement to produce responsive documents is improperly limited

8   insofar as it does not agree to produce documents relating to marketing of Toon

9   Teens or relating to Mattel's decision to stop selling or abandon Toon Teens to the

10  extent any such documents exist.  Mattel objects that "abandon" assumes facts not

11  in evidence.  If Mattel did not ever stop or abandon Toon Teens, Mattel need only

12  state that no non-privileged responsive documents exist.  Otherwise, MGA is

13  entitled to a complete production.

14         As to overbreadth, Mattel provides no explanation, let alone the required

15  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

16  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

17  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

18  contrary, the request is narrowly tailored to seek documents sufficient to identify

19  people working on a particular product.

20         As to burden, Mattel has not attempted to demonstrate why responding to

21  this request and/or producing responsive documents presents any burden.  This

22  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

23  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24  request is unduly burdensome must allege specific facts which indicate the nature

25  and extent of the burden, usually by affidavit or other reliable evidence.")

26  Moreover, it is not unduly burdensome, as noted above, in that the request is

27  narrowly tailored to seek only discoverable evidence.

28

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    Mattel objects that the request is duplicative or subsumed within prior

5    requests but does not identify the allegedly duplicative requests.  Mattel's failure to

6    agree to produce responsive non-privileged documents is not proper based on this

7    objection.

8    None of Mattel's improper objections are valid and Mattel is obligated to

9    produce all non-privileged responsive documents in its possession, custody, or

10   control.

11

12   **REQUEST FOR PRODUCTION NO. 91:**

13   All DOCUMENTS referring or relating to BRATZ INTELLECTUAL

14   PROPERTY that YOU have given or shown to any person who worked on or was

15   involved in the conception, creation, design or development of ''Toon Teens".

16   **RESPONSE TO REQUEST NO. 91:**

17   In addition to the general objections stated above, which are incorporated

18   herein by reference, Mattel objects to this Request as overbroad and unduly

19   burdensome on the grounds that it seeks <u>all</u> documents in Mattel's possession,

20   custody and control that refer or relate to "Bratz Intellectual Property" given or

21   shown <u>at any time</u> by "Mattel," as defined by MGA to include past employee like

22   Bryant, to <u>any</u> person who worked on or <u>was involved in</u> the conception, creation,

23   design or development of "Toon Teens," regardless of whether the documents are

24   related to the conduct at issue in this lawsuit.  Mattel further objects to the Request

25   on the ground that the term "Bratz Intellectual Property" is vague and ambiguous.

26   Mattel further objects to this Request on the grounds that it seeks confidential,

27   proprietary and trade secret information that has no bearing on the claims or

28   defenses in this case.  Mattel further objects to this Request on the grounds that it

1    calls for the disclosure of information subject to the attorney-client privilege, the

2    attorney work-product doctrine and other applicable privileges.  Mattel further

3    objects to this Request on the grounds that it is duplicative of or subsumed within

4    prior Requests already responded to and seeks the re-production of information and

5    documents already produced in this action.  Such information and documents will

6    not be re-produced.

7

8    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**

9

10   Mattel has refused to produce documents in response to this request in

11   particular, resting on its improper boilerplate objections.  Under the Federal Rules

12   of Civil Procedure, "an objection to part of a request must specify the part and

13   permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

14   fail to explain the basis for an objection with specificity are routinely rejected in the

15   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

16   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

17   and harassing' are improper – especially when a party fails to submit any

18   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

19   compelled either to certify that it has produced all non-privileged responsive

20   documents or to produce all such documents by a date certain.

21   To the extent that Mattel is relying on its blanket objections, they are not

22   sustainable and do not justify Mattel's failure to produce documents.

23   As to overbreadth, Mattel provides no explanation, let alone the required

24   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

25   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

26   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

27   contrary, the request is narrowly tailored to seek documents concerning Mattel's

28   "Toon Teens" product.

1          As to burden, Mattel has not attempted to demonstrate why responding to

2   this request and/or producing responsive documents presents any burden.  This

3   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5   request is unduly burdensome must allege specific facts which indicate the nature

6   and extent of the burden, usually by affidavit or other reliable evidence.")

7   Moreover, it is not unduly burdensome, as noted above, in that the request is

8   narrowly tailored to seek only discoverable evidence.

9          This request does not seek documents protected by the attorney-client

10   privilege, the attorney work product doctrine, or other applicable privileges.  To the

11   extent that Mattel contends that it does, Mattel must provide a privilege log.

12          Mattel objects that the request contains confidential/proprietary/trade secret

13   information.  A Protective Order exists in this case, obviating any concern as to

14   protection of privacy rights and/or commercially sensitive information.

15          Mattel objects that the request is duplicative or subsumed within prior

16   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

17   agree to produce responsive non-privileged documents is not proper based on this

18   objection.

19          Mattel alleges that Bryant copied or converted a Mattel product called "Toon

20   Teens."  Documents relating to this product are relevant to MGA's claims and

21   defenses, including MGA's statute of limitations defense and damages.

22          None of Mattel's improper objections are valid and Mattel is obligated to

23   produce all non-privileged responsive documents in its possession, custody, or

24   control.

25

26

27

28

1 **REQUEST FOR PRODUCTION NO. 92:**

2     All DOCUMENTS referring or relating to the BRATZ CONCEPT that YOU

3 have given or shown to any person who worked on or was involved in the

4 conception, creation, design or development of "Toon Teens".

5     **RESPONSE TO REQUEST NO. 92:**

6     In addition to the general objections stated above, which are incorporated

7 herein by reference, Mattel objects to this Request as overbroad and unduly

8 burdensome on the grounds that it seeks <u>all</u> documents in Mattel's possession,

9 custody and control that refer or relate to the "Bratz Concept" given or shown <u>at</u>

10 <u>any time</u> by "Mattel," as defined by MGA to include past employee like Bryant, to

11 <u>any</u> person who worked on or <u>was involved in</u> the conception, creation, design or

12 development of "Toon Teens," regardless of whether the documents are related to

13 the conduct at issue in this lawsuit.  Mattel farther objects to this Request on the

14 ground that the term "Bratz Concept" is vague and ambiguous.  Mattel further

15 objects to this Request on the grounds that it seeks confidential, proprietary and

16 trade secret information that has no bearing on the claims or defenses in this case.

17 Mattel further objects to this Request on the grounds that it calls for the disclosure

18 of information subject to the attorney-client privilege, the attorney work-product

19 doctrine and other applicable privileges.  Mattel further objects to this Request on

20 the grounds that it is duplicative of or subsumed within prior Requests already

21 responded to and seeks the re-production of information and documents already

22 produced in this action.  Such information and documents will not be re-produced.

23

24 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
25 **SHOULD BE COMPELLED**

26     Mattel has refused to produce documents in response to this request in

27 particular, resting on its improper boilerplate objections.  Under the Federal Rules

28 of Civil Procedure, "an objection to part of a request must specify the part and

1   permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that

2   fail to explain the basis for an objection with specificity are routinely rejected in the

3   Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

4   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

5   and harassing' are improper – especially when a party fails to submit any

6   evidentiary declarations supporting such objections"). Accordingly, Mattel must be

7   compelled either to certify that it has produced all non-privileged responsive

8   documents or to produce all such documents by a date certain.

9       To the extent that Mattel is relying on its blanket objections, they are not

10  sustainable and do not justify Mattel's failure to produce documents.

11      As to overbreadth, Mattel provides no explanation, let alone the required

12  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

13  This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

14  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

15  contrary, the request is narrowly tailored to seek documents concerning Mattel's

16  "Toon Teens" product.

17      As to burden, Mattel has not attempted to demonstrate why responding to

18  this request and/or producing responsive documents presents any burden. This

19  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co.,

20  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21  request is unduly burdensome must allege specific facts which indicate the nature

22  and extent of the burden, usually by affidavit or other reliable evidence.")

23  Moreover, it is not unduly burdensome, as noted above, in that the request is

24  narrowly tailored to seek only discoverable evidence.

25      This request does not seek documents protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges. To the

27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

- 243 -

1   Mattel objects that the request contains confidential/proprietary/trade secret

2   information.  A Protective Order exists in this case, obviating any concern as to

3   protection of privacy rights and/or commercially sensitive information.

4   Mattel objects that the request is duplicative or subsumed within prior

5   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

6   agree to produce responsive non-privileged documents is not proper based on this

7   objection.

8   Mattel alleges that Bryant copied or converted a Mattel product called "Toon

9   Teens."  Documents relating to this product are relevant to MGA's claims and

10   defenses, including MGA's statute of limitations defense and damages.

11   None of Mattel's improper objections are valid and Mattel is obligated to

12   produce all non-privileged responsive documents in its possession, custody, or

13   control.

14

15   **REQUEST FOR PRODUCTION NO. 93:**

16   All DOCUMENTS referring or relating to the FIRST BRATZ DOLLS that

17   YOU have given or shown to any person who worked on or was involved in the

18   conception, creation, design or development of "Toon Teens".

19   **RESPONSE TO REQUEST NO. 93:**

20   In addition to the general objections stated above, which are incorporated

21   herein by reference, Mattel objects to this Request as overbroad and unduly

22   burdensome on the grounds that it seeks <u>all</u> documents in Mattel's possession,

23   custody and control that refer or relate to the "First Bratz Dolls" given or shown <u>at</u>

24   <u>any time</u> by "Mattel," as defined by MGA to include past employees like Bryant, to

25   <u>any</u> person who worked on or <u>was involved in</u> the conception, creation, design or

26   development of "Toon Teens," regardless of whether the documents are related to

27   the conduct at issue in this lawsuit.  Mattel further objects to the Request on the

28   ground that the term "First Bratz Dolls" is vague and ambiguous.  Mattel further

1   objects to this Request on the grounds that it seeks confidential, proprietary and

2   trade secret information that has no bearing on the claims or defenses in this case.

3   Mattel further objects to this Request on the grounds that it calls for the disclosure

4   of information subject to the attorney-client privilege, the attorney work-product

5   doctrine and other applicable privileges.  Mattel further objects to this Request on

6   the grounds that it is duplicative of or subsumed within prior Requests already

7   responded to and seeks the re-production of information and documents already

8   produced in this action.  Such information and documents will not be re-produced.

9

10  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

11

12       Mattel has refused to produce documents in response to this request in

13  particular, resting on its improper boilerplate objections.  Under the Federal Rules

14  of Civil Procedure, "an objection to part of a request must specify the part and

15  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

16  fail to explain the basis for an objection with specificity are routinely rejected in the

17  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

18  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

19  and harassing' are improper – especially when a party fails to submit any

20  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

21  compelled either to certify that it has produced all non-privileged responsive

22  documents or to produce all such documents by a date certain.

23       To the extent that Mattel is relying on its blanket objections, they are not

24  sustainable and do not justify Mattel's failure to produce documents.

25       As to overbreadth, Mattel provides no explanation, let alone the required

26  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

27  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

28  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

1   contrary, the request is narrowly tailored to seek documents concerning Mattel's

2   "Toon Teens" product.

3        As to burden, Mattel has not attempted to demonstrate why responding to

4   this request and/or producing responsive documents presents any burden.  This

5   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

6   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7   request is unduly burdensome must allege specific facts which indicate the nature

8   and extent of the burden, usually by affidavit or other reliable evidence.")

9   Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence.

11       This request does not seek documents protected by the attorney-client

12  privilege, the attorney work product doctrine, or other applicable privileges.  To the

13  extent that Mattel contends that it does, Mattel must provide a privilege log.

14       Mattel objects that the request contains confidential/proprietary/trade secret

15  information.  A Protective Order exists in this case, obviating any concern as to

16  protection of privacy rights and/or commercially sensitive information.

17       Mattel objects that the request is duplicative or subsumed within prior

18  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

19  agree to produce responsive non-privileged documents is not proper based on this

20  objection.

21       Mattel alleges that Bryant copied or converted a Mattel product called "Toon

22  Teens."  Documents relating to this product are relevant to MGA's claims and

23  defenses, including MGA's statute of limitations defense and damages.

24       None of Mattel's improper objections are valid and Mattel is obligated to

25  produce all non-privileged responsive documents in its possession, custody, or

26  control.

27

28

1   **REQUEST FOR PRODUCTION NO. 94:**

2       All DOCUMENTS referring or relating to the BRATZ PACK that YOU

3   have given or shown to any person who worked on or was involved in the

4   conception, creation, design or development of "Toon Teens".

5       **RESPONSE TO REQUEST NO. 94:**

6       In addition to the general objections stated above, which are incorporated

7   herein by reference, Mattel objects to this Request as overbroad and unduly

8   burdensome on the grounds that it seeks <u>all</u> documents in Mattel's possession,

9   custody and control that refer or relate to the "Bratz Pack" given or shown <u>at any</u>

10  <u>time</u> by "Mattel," as defined by MGA to include past employees like Bryant, to <u>any</u>

11  person who worked on or <u>was involved in</u> the conception, creation, design or

12  development of "Toon Teens," regardless of whether the documents are related to

13  the conduct at issue in this lawsuit.  Mattel further objects to this Request on the

14  grounds that it seeks confidential, proprietary and trade secret information that has

15  no bearing on the claims or defenses in this case.  Mattel further objects to this

16  Request on the grounds that it calls for the disclosure of information subject to the

17  attorney-client privilege, the attorney work-product doctrine and other applicable

18  privileges.  Mattel further objects to this Request on the grounds that it is

19  duplicative of or subsumed within prior Requests already responded to and seeks

20  the re-production of information and documents already produced in this action.

21  Such information and documents will not be re-produced.

22

23      **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

24      **SHOULD BE COMPELLED**

25      Mattel has refused to produce documents in response to this request in

26  particular, resting on its improper boilerplate objections.  Under the Federal Rules

27  of Civil Procedure, "an objection to part of a request must specify the part and

28  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

1   fail to explain the basis for an objection with specificity are routinely rejected in the

2   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

3   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

4   and harassing' are improper – especially when a party fails to submit any

5   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

6   compelled either to certify that it has produced all non-privileged responsive

7   documents or to produce all such documents by a date certain.

8        To the extent that Mattel is relying on its blanket objections, they are not

9   sustainable and do not justify Mattel's failure to produce documents.

10       As to overbreadth, Mattel provides no explanation, let alone the required

11  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

12  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

13  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14  contrary, the request is narrowly tailored to seek documents concerning Mattel's

15  "Toon Teens" product.

16       As to burden, Mattel has not attempted to demonstrate why responding to

17  this request and/or producing responsive documents presents any burden.  This

18  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

19  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20  request is unduly burdensome must allege specific facts which indicate the nature

21  and extent of the burden, usually by affidavit or other reliable evidence.")

22  Moreover, it is not unduly burdensome, as noted above, in that the request is

23  narrowly tailored to seek only discoverable evidence.

24       This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges.  To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27

28

1    Mattel objects that the request contains confidential/proprietary/trade secret

2    information.  A Protective Order exists in this case, obviating any concern as to

3    protection of privacy rights and/or commercially sensitive information.

4    Mattel objects that the request is duplicative or subsumed within prior

5    requests but does not identify the allegedly duplicative requests.  Mattel's failure to

6    agree to produce responsive non-privileged documents is not proper based on this

7    objection.

8    Mattel alleges that Bryant copied or converted a Mattel product called "Toon

9    Teens."  Documents relating to this product are relevant to MGA's claims and

10   defenses, including MGA's statute of limitations defense and damages.

11   None of Mattel's improper objections are valid and Mattel is obligated to

12   produce all non-privileged responsive documents in its possession, custody, or

13   control.

14

15   **REQUEST FOR PRODUCTION NO. 95:**

16   All DOCUMENTS referring or relating to the BRATZ BOYZ that YOU

17   have given or shown to any person who worked on or was involved in the

18   conception, creation, design or development of "Toon Teens."

19   **RESPONSE TO REQUEST NO. 95:**

20   In addition to the general objections stated above, which are incorporated

21   herein by reference, Mattel objects to this Request as overbroad and unduly

22   burdensome on the grounds that it seeks <u>all</u> documents in Mattel's possession,

23   custody and control that refer or relate to the "Bratz Pack" given or shown <u>at any</u>

24   <u>time</u> by "Mattel," as defined by MGA to include past employees like Bryant, to <u>any</u>

25   person who worked on or <u>was involved in</u> the conception, creation, design or

26   development of "Toon Teens," regardless of whether the documents are related to

27   the conduct at issue in this lawsuit.  Mattel further objects to this Request on the

28   grounds that it seeks confidential, proprietary and trade secret information that has

no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has refused to produce documents in response to this request in particular, resting on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

1   contrary, the request is narrowly tailored to seek documents concerning Mattel's

2   "Toon Teens" product.

3       As to burden, Mattel has not attempted to demonstrate why responding to

4   this request and/or producing responsive documents presents any burden.  This

5   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

6   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7   request is unduly burdensome must allege specific facts which indicate the nature

8   and extent of the burden, usually by affidavit or other reliable evidence.")

9   Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence.

11      This request does not seek documents protected by the attorney-client

12  privilege, the attorney work product doctrine, or other applicable privileges.  To the

13  extent that Mattel contends that it does, Mattel must provide a privilege log.

14      Mattel objects that the request contains confidential/proprietary/trade secret

15  information.  A Protective Order exists in this case, obviating any concern as to

16  protection of privacy rights and/or commercially sensitive information.

17      Mattel objects that the request is duplicative or subsumed within prior

18  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

19  agree to produce responsive non-privileged documents is not proper based on this

20  objection.

21      Mattel alleges that Bryant copied or converted a Mattel product called "Toon

22  Teens."  Documents relating to this product are relevant to MGA's claims and

23  defenses, including MGA's statute of limitations defense and damages.

24      None of Mattel's improper objections are valid and Mattel is obligated to

25  produce all non-privileged responsive documents in its possession, custody, or

26  control.

27

28

1    **REQUEST FOR PRODUCTION NO. 98:**

2    All DOCUMENTS expressing, mentioning, discussing, referring or relating

3    to any actual, alleged or perceived connection between BRYANT, BRATZ,

4    BRATZ INTELLECTUAL PROPERTY or MGA on the one hand, and "Toon

5    Teen" on the other, including any actual, alleged or perceived similarities between

6    BRATZ, BRATZ INTELLECTUAL PROPERTY or any MGA PRODUCT and

7    "Toon Teens" and any actual, alleged or perceived, copying, conversion, theft of

8    ideas and theft of trade secrets by BRYANT.

9    **RESPONSE TO REQUEST NO. 98:**

10   In addition to the general objections stated above, which are incorporated

11   herein by reference, Mattel objects to this Request on the grounds that it calls for

12   the disclosure of information subject to the attorney-client privilege, the attorney

13   work-product doctrine and other applicable privileges.  Mattel further objects to this

14   Request on the grounds that the terms "Bratz," "Bratz Intellectual Property" and

15   "MGA Product" are vague and ambiguous.  Mattel further objects to this Request

16   as overbroad and unduly burdensome in that it seeks <u>all</u> documents in Mattel's

17   possession, custody and control expressing, mentioning, discussing, referring or

18   relating to this broad topic, without limitation as to time, including publicly

19   available documents that are equally available to defendants.  Mattel further objects

20   to this Request on the grounds that it is duplicative of or subsumed within prior

21   Requests already responded to and seeks the re-production of information and

22   documents already produced in this action.  Such information and documents will

23   not be re-produced.

24

25   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

26

27   Mattel has refused to produce documents in response to this request in

28   particular, resting on its improper boilerplate objections.  Under the Federal Rules

1   of Civil Procedure, "an objection to part of a request must specify the part and

2   permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

3   fail to explain the basis for an objection with specificity are routinely rejected in the

4   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

5   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

6   and harassing' are improper – especially when a party fails to submit any

7   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

8   compelled either to certify that it has produced all non-privileged responsive

9   documents or to produce all such documents by a date certain.

10       To the extent that Mattel is relying on its blanket objections, they are not

11   sustainable and do not justify Mattel's failure to produce documents.

12       As to overbreadth, Mattel provides no explanation, let alone the required

13   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

14   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

15   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

16   contrary, the request is narrowly tailored to seek documents concerning Mattel's

17   "Toon Teens" product.

18       As to burden, Mattel has not attempted to demonstrate why responding to

19   this request and/or producing responsive documents presents any burden.  This

20   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

21   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22   request is unduly burdensome must allege specific facts which indicate the nature

23   and extent of the burden, usually by affidavit or other reliable evidence.")

24   Moreover, it is not unduly burdensome, as noted above, in that the request is

25   narrowly tailored to seek only discoverable evidence.

26       This request does not seek documents protected by the attorney-client

27   privilege, the attorney work product doctrine, or other applicable privileges.  To the

28   extent that Mattel contends that it does, Mattel must provide a privilege log.

1    Mattel objects that the request contains confidential/proprietary/trade secret

2    information.  A Protective Order exists in this case, obviating any concern as to

3    protection of privacy rights and/or commercially sensitive information.

4    Mattel objects that the request is duplicative or subsumed within prior

5    requests but does not identify the allegedly duplicative requests.  Mattel's failure to

6    agree to produce responsive non-privileged documents is not proper based on this

7    objection.

8    Mattel alleges that Bryant copied or converted a Mattel product called "Toon

9    Teens."  Documents relating to this product are relevant to MGA's claims and

10    defenses, including MGA's statute of limitations defense and damages.

11    None of Mattel's improper objections are valid and Mattel is obligated to

12    produce all non-privileged responsive documents in its possession, custody, or

13    control.

14

15    **REQUEST FOR PRODUCTION NO. 100:**

16    All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

17    mentioning, referring to, or relating to the similarities or differences between the

18    BRATZ CONCEPT on the one hand and "Toon Teens" on the other.

19    **RESPONSE TO REQUEST NO. 100:**

20    In addition to the general objections stated above, which are incorporated

21    herein by reference, Mattel objects to this Request as overbroad and unduly

22    burdensome in that it seeks <u>all</u> documents in Mattel's possession, custody and

23    control on this topic, without limitation as to time, including publicly available

24    documents that are equally available to defendants.  Mattel further objects to this

25    Request on the grounds that it is unreasonably burdensome and premature in that

26    the facts necessary to determine the whether "images, drawings, pictures, sculpts,

27    molds, prototypes and any other form of artwork" both predate the "First Bratz

28    Dolls" and are "'Bratz'-related" are known by defendants and third parties

1   associated with defendants, but are not known by Mattel at this juncture.  Mattel
2   vague and ambiguous.  Mattel further objects to this Request on the grounds that it
3   calls for the disclosure of information subject to the attorney-client privilege, the
4   attorney work-product doctrine and other applicable privileges.  Mattel further
5   objects to this Request on the grounds that it is duplicative of or subsumed within
6   prior Requests already responded to and seeks the re-production of information and
7   documents already produced in this action.  Such information and documents will
8   not be re-produced.

9

10   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
11   SHOULD BE COMPELLED**

12       Mattel has refuses to produce documents in response to this request in
13   particular, resting on its improper boilerplate objections.  Under the Federal Rules
14   of Civil Procedure, "an objection to part of a request must specify the part and
15   permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
16   fail to explain the basis for an objection with specificity are routinely rejected in the
17   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
18   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome
19   and harassing' are improper – especially when a party fails to submit any
20   evidentiary declarations supporting such objections").  Accordingly, Mattel must be
21   compelled either to certify that it has produced all non-privileged responsive
22   documents or to produce all such documents by a date certain.

23       To the extent that Mattel is relying on its blanket objections, they are not
24   sustainable and do not justify Mattel's failure to produce documents.

25       As to overbreadth, Mattel provides no explanation, let alone the required
26   particularity, as to *why* this request is supposedly overly broad, nor can it do so.
27   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
28   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

1   contrary, the request is narrowly tailored to seek documents concerning Mattel's

2   "Toon Teens" product.

3        As to burden, Mattel has not attempted to demonstrate why responding to

4   this request and/or producing responsive documents presents any burden.  This

5   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

6   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7   request is unduly burdensome must allege specific facts which indicate the nature

8   and extent of the burden, usually by affidavit or other reliable evidence.")

9   Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence.

11       This request does not seek documents protected by the attorney-client

12  privilege, the attorney work product doctrine, or other applicable privileges.  To the

13  extent that Mattel contends that it does, Mattel must provide a privilege log.

14       Mattel objects that the request contains confidential/proprietary/trade secret

15  information.  A Protective Order exists in this case, obviating any concern as to

16  protection of privacy rights and/or commercially sensitive information.

17       Mattel objects that the request is duplicative or subsumed within prior

18  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

19  agree to produce responsive non-privileged documents is not proper based on this

20  objection.

21       Mattel alleges that Bryant copied or converted a Mattel product called "Toon

22  Teens."  Documents relating to this product are relevant to MGA's claims and

23  defenses, including MGA's statute of limitations defense and damages.

24       None of Mattel's improper objections are valid and Mattel is obligated to

25  produce all non-privileged responsive documents in its possession, custody, or

26  control.

27

28

1   **REQUEST FOR PRODUCTION NO. 101:**

2       All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

3   mentioning, referring to, or relating to the similarities or differences between the

4   FIRST BRATZ DOLLS on the one hand and "Toon Teens" on the other.

5       **RESPONSE TO REQUEST NO. 101:**

6       In addition to the general objections stated above, which are incorporated

7   herein by reference, Mattel objects to this Request on the grounds that it calls for

8   the disclosure of information subject to the attorney-client privilege, the attorney

9   work-product doctrine and other applicable privileges.  Mattel further objects to this

10  Request as overbroad and unduly burdensome in that it seeks <u>all</u> documents in

11  Mattel's possession, custody and control on this topic, without limitation as to time,

12  including publicly available documents that are equally available to defendants.

13  Mattel further objects to this Request on the ground that the term "First Bratz

14  Dolls" is vague and ambiguous.  Mattel further objects to this Request on the

15  grounds that it is duplicative of or subsumed within prior Requests already

16  responded to and seeks the re-production of information and documents already

17  produced in this action.  Such information and documents will not be re-produced.

18

19      **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

20

21      Mattel has refuses to produce documents in response to this request in

22  particular, resting on its improper boilerplate objections.  Under the Federal Rules

23  of Civil Procedure, "an objection to part of a request must specify the part and

24  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

25  fail to explain the basis for an objection with specificity are routinely rejected in the

26  Central District.  <u>See</u> <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188

27  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

28  and harassing' are improper – especially when a party fails to submit any

1   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

2   compelled either to certify that it has produced all non-privileged responsive

3   documents or to produce all such documents by a date certain.

4       To the extent that Mattel is relying on its blanket objections, they are not

5   sustainable and do not justify Mattel's failure to produce documents.

6       As to overbreadth, Mattel provides no explanation, let alone the required

7   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10  contrary, the request is narrowly tailored to seek documents concerning Mattel's

11  "Toon Teens" product.

12      As to burden, Mattel has not attempted to demonstrate why responding to

13  this request and/or producing responsive documents presents any burden.  This

14  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

15  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

16  request is unduly burdensome must allege specific facts which indicate the nature

17  and extent of the burden, usually by affidavit or other reliable evidence.")

18  Moreover, it is not unduly burdensome, as noted above, in that the request is

19  narrowly tailored to seek only discoverable evidence.

20      This request does not seek documents protected by the attorney-client

21  privilege, the attorney work product doctrine, or other applicable privileges.  To the

22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23      Mattel objects that the request contains confidential/proprietary/trade secret

24  information.  A Protective Order exists in this case, obviating any concern as to

25  protection of privacy rights and/or commercially sensitive information.

26      Mattel objects that the request is duplicative or subsumed within prior

27  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

28

1   agree to produce responsive non-privileged documents is not proper based on this

2   objection.

3       Mattel alleges that Bryant copied or converted a Mattel product called "Toon

4   Teens."  Documents relating to this product are relevant to MGA's claims and

5   defenses, including MGA's statute of limitations defense and damages.

6       None of Mattel's improper objections are valid and Mattel is obligated to

7   produce all non-privileged responsive documents in its possession, custody, or

8   control.

9

10  **REQUEST FOR PRODUCTION NO. 102:**

11      All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

12  mentioning, referring to, or relating to the similarities or differences between

13  BRATZ DOLLS on the one hand and "Toon Teens" on the other, if YOU seek in

14  this case to enjoin the sale of BRATZ DOLLS, or seek, as any part of YOUR

15  recovery or damages in this case, any right or interest in, revenues or profits from,

16  or lost profits or other damages caused by BRATZ DOLLS.

17      **RESPONSE TO REQUEST NO. 102:**

18      In addition to the general objections stated above, which are incorporated

19  herein by reference, Mattel objects to this Request as overbroad and unduly

20  burdensome in that it seeks all documents in Mattel's possession, custody and

21  control on this topic, without limitation as to time, including publicly available

22  documents that are equally available to defendants.  Mattel further objects to this

23  Request on the grounds that it is unreasonably burdensome and premature in that

24  the facts necessary to determine the full nature and extent of Mattel's relief and

25  damages from defendant's acts or omissions are known by defendants and third

26  parties associated with defendants, but are not known by Mattel at this juncture

27  because of defendants' refusals to produce basic discovery.  Mattel further objects

28  to this Request on the grounds that it calls for the disclosure of information subject

1  to the attorney-client privilege, the attorney work-product doctrine and other

2  applicable privileges.  Mattel further objects to this Request on the grounds that it is

3  improperly phrased as a legal contention.  Mattel further objects to this Request on

4  the grounds that it is duplicative of or subsumed within prior Requests already

5  responded to and seeks the re-production of information and documents already

6  produced in this action.  Such information and documents will not be re-produced.

7

8  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

9

10      Mattel has not agreed to produce documents in response to this request,

11  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

12  Procedure, "an objection to part of a request must specify the part and permit

13  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

14  explain the basis for an objection with specificity are routinely rejected in the

15  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

16  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

17  and harassing' are improper – especially when a party fails to submit any

18  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

19  compelled either to certify that it has produced all non-privileged responsive

20  documents or to produce all such documents by a date certain.

21      To the extent that Mattel is relying on its blanket objections, they are not

22  sustainable and do not justify Mattel's failure to produce documents.

23      As to overbreadth, Mattel provides no explanation, let alone the required

24  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

25  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

26  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

27  request is narrowly tailored to Mattel's intent to assert a particular damages claim.

28

1   The category of documents requested is relevant to the damages claim, and it is

2   clearly discoverable to the extent that Mattel is requesting relief in Phase 2.

3       As to burden, Mattel has not attempted to demonstrate why responding to

4   this request and/or producing responsive documents presents any burden.  This

5   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

6   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7   request is unduly burdensome must allege specific facts which indicate the nature

8   and extent of the burden, usually by affidavit or other reliable evidence.")

9   Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11  has engaged in a broad variety of unfair trade practices including serial copying of

12  MGA products.  Mattel also has a claim of trade secret misappropriation against

13  MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

14      This request does not seek documents protected by the attorney-client

15  privilege, the attorney work product doctrine, or other applicable privileges.  To the

16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17      Mattel objects that the request is duplicative or subsumed within prior

18  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

19  agree to produce responsive non-privileged documents is not proper based on this

20  objection.

21      Mattel objects that the request contains confidential, proprietary and trade

22  secret information.  A Protective Order exists in this case, obviating any concern as

23  to protection of privacy rights and/or commercially sensitive information.

24      Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

25  all documents on the issue, and not just those that Mattel chooses to produce in

26  support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

27  entitled to extremely broad discovery to the extent that Mattel intends to assert

28  particular damages theories.

1   None of Mattel's improper objections are valid and Mattel is obligated to

2   produce all non-privileged responsive documents in its possession, custody, or

3   control.

4

5   **REQUEST FOR PRODUCTION NO. 103:**

6   All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

7   mentioning, referring to, or relating to the similarities or differences between the

8   BRATZ PACK on the one hand and "Toon Teens" on the other, if YOU seek in

9   this case to enjoin the sale of the BRATZ PACK, or seek, as any part of YOUR

10   recovery or damages in this case, any right or interest in, revenues or profits from,

11   or lost profits or other damages caused by the BRATZ PACK.

12   **RESPONSE TO REQUEST NO. 103:**

13   In addition to the general objections stated above, which are incorporated

14   herein by reference, Mattel objects to this Request as overbroad and unduly

15   burdensome in that it seeks <u>all</u> documents in Mattel's possession, custody and

16   control on this topic, without limitation as to time, including publicly available

17   documents that are equally available to defendants.  Mattel further objects to this

18   Request on the grounds that it is unreasonably burdensome and premature in that

19   the facts necessary to determine the full nature and extent of Mattel's relief and

20   damages from defendant's acts or omissions are known by defendants and third

21   parties associated with defendants, but are not known by Mattel at this juncture

22   because of defendants' refusals to produce basic discovery.  Mattel further objects

23   to this Request on the grounds that it calls for the disclosure of information subject

24   to the attorney-client privilege, the attorney work-product doctrine and other

25   applicable privileges.  Mattel further objects to this Request on the grounds that it is

26   improperly phrased as a legal contention.  Mattel further objects to this Request on

27   the grounds that it is duplicative of or subsumed within prior Requests already

28

1   responded to and seeks the re-production of information and documents already

2   produced in this action.  Such information and documents will not be re-produced.

3

4   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

5

6       Mattel has not agreed to produce documents in response to this request,

7   resting on its improper boilerplate objections.  Under the Federal Rules of Civil

8   Procedure, "an objection to part of a request must specify the part and permit

9   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

10  explain the basis for an objection with specificity are routinely rejected in the

11  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

12  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

13  and harassing' are improper – especially when a party fails to submit any

14  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

15  compelled either to certify that it has produced all non-privileged responsive

16  documents or to produce all such documents by a date certain.

17      To the extent that Mattel is relying on its blanket objections, they are not

18  sustainable and do not justify Mattel's failure to produce documents.

19      As to overbreadth, Mattel provides no explanation, let alone the required

20  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

21  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

23  request is narrowly tailored to Mattel's intent to assert a particular damages claim.

24  The category of documents requested is relevant to the damages claim, and it is

25  clearly discoverable to the extent that Mattel is requesting relief in Phase 2.

26      As to burden, Mattel has not attempted to demonstrate why responding to

27  this request and/or producing responsive documents presents any burden.  This

28  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

1   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2   request is unduly burdensome must allege specific facts which indicate the nature

3   and extent of the burden, usually by affidavit or other reliable evidence.")

4   Moreover, it is not unduly burdensome, as noted above, in that the request is

5   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

6   has engaged in a broad variety of unfair trade practices including serial copying of

7   MGA products.  Mattel also has a claim of trade secret misappropriation against

8   MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

9       This request does not seek documents protected by the attorney-client

10  privilege, the attorney work product doctrine, or other applicable privileges.  To the

11  extent that Mattel contends that it does, Mattel must provide a privilege log.

12      Mattel objects that the request is duplicative or subsumed within prior

13  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

14  agree to produce responsive non-privileged documents is not proper based on this

15  objection.

16      Mattel objects that the request contains confidential, proprietary and trade

17  secret information.  A Protective Order exists in this case, obviating any concern as

18  to protection of privacy rights and/or commercially sensitive information.

19      Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

20  all documents on the issue, and not just those that Mattel chooses to produce in

21  support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

22  entitled to extremely broad discovery to the extent that Mattel intends to assert

23  particular damages theories.

24      None of Mattel's improper objections are valid and Mattel is obligated to

25  produce all non-privileged responsive documents in its possession, custody, or

26  control.

27

28

1    **REQUEST FOR PRODUCTION NO. 104:**

2        All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

3    mentioning, referring to, or relating to the similarities or differences between LIL'

4    BRATZ on the one hand and "Toon Teens" on the other, if YOU seek in this case

5    to enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR recovery or

6    MATTEL'S RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR

7    PRODUCTION damages in this case, any right or interest in, revenues or profits

8    from, or lost profits or other damages caused by LIL' BRATZ.

9    **RESPONSE TO REQUEST NO. 104:**

10        In addition to the general objections stated above, which are incorporated

11   herein by reference, Mattel objects to this Request as overbroad and unduly

12   burdensome in that it seeks <u>all</u> documents in Mattel's possession, custody and

13   control on this topic, without limitation as to time, including publicly available

14   documents that are equally available to defendants.  Mattel further objects to this

15   Request on the grounds that it is unreasonably burdensome and premature in that

16   the facts necessary to determine the full nature and extent of Mattel's relief and

17   damages from defendant's acts or omissions are known by defendants and third

18   parties associated with defendants, but are not known by Mattel at this juncture

19   because of defendants' refusals to produce basic discovery.  Mattel further objects

20   to this Request on the grounds that it calls for the disclosure of information subject

21   to the attorney-client privilege, the attorney work-product doctrine and other

22   applicable privileges.  Mattel further objects to this Request on the grounds that it is

23   improperly phrased as a legal contention.  Mattel further objects to this Request on

24   the grounds that it is duplicative of or subsumed within prior Requests already

25   responded to and seeks the re-production of information and documents already

26   produced in this action.  Such information and documents will not be re-produced.

27

28

1

2

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

3    Mattel has not agreed to produce documents in response to this request,

4    resting on its improper boilerplate objections.  Under the Federal Rules of Civil

5    Procedure, "an objection to part of a request must specify the part and permit

6    inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

7    explain the basis for an objection with specificity are routinely rejected in the

8    Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

9    (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

10   and harassing' are improper – especially when a party fails to submit any

11   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

12   compelled either to certify that it has produced all non-privileged responsive

13   documents or to produce all such documents by a date certain.

14   To the extent that Mattel is relying on its blanket objections, they are not

15   sustainable and do not justify Mattel's failure to produce documents.

16   As to overbreadth, Mattel provides no explanation, let alone the required

17   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

18   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

19   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

20   request is narrowly tailored to Mattel's intent to assert a particular damages claim.

21   The category of documents requested is relevant to the damages claim, and it is

22   clearly discoverable to the extent that Mattel is requesting relief in Phase 2.

23   As to burden, Mattel has not attempted to demonstrate why responding to

24   this request and/or producing responsive documents presents any burden.  This

25   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

26   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

27   request is unduly burdensome must allege specific facts which indicate the nature

28   and extent of the burden, usually by affidavit or other reliable evidence.")

1    Moreover, it is not unduly burdensome, as noted above, in that the request is

2    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

3    has engaged in a broad variety of unfair trade practices including serial copying of

4    MGA products.  Mattel also has a claim of trade secret misappropriation against

5    MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

6        This request does not seek documents protected by the attorney-client

7    privilege, the attorney work product doctrine, or other applicable privileges.  To the

8    extent that Mattel contends that it does, Mattel must provide a privilege log.

9        Mattel objects that the request is duplicative or subsumed within prior

10   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

11   agree to produce responsive non-privileged documents is not proper based on this

12   objection.

13       Mattel objects that the request contains confidential, proprietary and trade

14   secret information.  A Protective Order exists in this case, obviating any concern as

15   to protection of privacy rights and/or commercially sensitive information.

16       Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

17   all documents on the issue, and not just those that Mattel chooses to produce in

18   support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

19   entitled to extremely broad discovery to the extent that Mattel intends to assert

20   particular damages theories.

21       None of Mattel's improper objections are valid and Mattel is obligated to

22   produce all non-privileged responsive documents in its possession, custody, or

23   control.

24

25   **REQUEST FOR PRODUCTION NO. 105:**

26       All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

27   mentioning, referring to, or relating to the similarities or differences between

28   BRATZ PETZ on the one hand and "Toon Teens" on the other, if YOU seek in this

OHS West:260723192

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9059, SET ONE; CV 04-9049 SGL (RNBX))

1   case to enjoin the sale of BRATZ PETZ, or seek, as any part of YOUR recovery or

2   damages in this case, any right or interest in, revenues or profits from, or lost profits

3   or other damages caused by BRATZ PETZ.

4       **<u>RESPONSE TO REQUEST NO. 105:</u>**

5       In addition to the general objections stated above, which are incorporated

6   herein by reference, Mattel objects to this Request as overbroad and unduly

7   burdensome in that it seeks <u>all</u> documents in Mattel's possession, custody and

8   control on this topic, without limitation as to time, including publicly available

9   documents that are equally available to defendants.  Mattel further objects to this

10  Request on the grounds that it is unreasonably burdensome and premature in that

11  the facts necessary to determine the full nature and extent of Mattel's relief and

12  damages from defendant's acts or omissions are known by defendants and third

13  parties associated with defendants, but are not known by Mattel at this juncture

14  because of defendants' refusals to produce basic discovery.  Mattel further objects

15  to this Request on the grounds that it calls for the disclosure of information subject

16  to the attorney-client privilege, the attorney work-product doctrine and other

17  applicable privileges.  Mattel further objects to this Request on the grounds that it is

18  improperly phrased as a legal contention.  Mattel further objects to this Request on

19  the grounds that it is duplicative of or subsumed within prior Requests already

20  responded to and seeks the re-production of information and documents already

21  produced in this action.  Such information and documents will not be re-produced.

22

23      **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

24  **SHOULD BE COMPELLED**

25      Mattel has not agreed to produce documents in response to this request,

26  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

27  Procedure, "an objection to part of a request must specify the part and permit

28  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This request is narrowly tailored to Mattel's intent to assert a particular damages claim. The category of documents requested is relevant to the damages claim, and it is clearly discoverable to the extent that Mattel is requesting relief in Phase 2.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products.  Mattel also has a claim of trade secret misappropriation against MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

1     This request does not seek documents protected by the attorney-client

2     privilege, the attorney work product doctrine, or other applicable privileges.  To the

3     extent that Mattel contends that it does, Mattel must provide a privilege log.

4     Mattel objects that the request is duplicative or subsumed within prior

5     requests but does not identify the allegedly duplicative requests.  Mattel's failure to

6     agree to produce responsive non-privileged documents is not proper based on this

7     objection.

8     Mattel objects that the request contains confidential, proprietary and trade

9     secret information.  A Protective Order exists in this case, obviating any concern as

10    to protection of privacy rights and/or commercially sensitive information.

11    Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

12    all documents on the issue, and not just those that Mattel chooses to produce in

13    support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

14    entitled to extremely broad discovery to the extent that Mattel intends to assert

15    particular damages theories.

16    None of Mattel's improper objections are valid and Mattel is obligated to

17    produce all non-privileged responsive documents in its possession, custody, or

18    control.

19

20    **REQUEST FOR PRODUCTION NO. 106:**

21    All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

22    mentioning, referring to, or relating to the similarities or differences between

23    BRATZ BABYZ on the one hand and "Toon Teens" on the other, if YOU seek in

24    this case to enjoin the sale of BRATZ BABYZ, or seek, as any part of YOUR

25    recovery or damages in this case, any right or interest in, revenues or profits from,

26    or lost profits or other damages caused by BRATZ BABYZ.

27

28

1

**RESPONSE TO REQUEST NO. 106:**

2      In addition to the general objections stated above, which are incorporated

3   herein by reference, Mattel objects to this Request as overbroad and unduly

4   burdensome in that it seeks <u>all</u> documents in Mattel's possession, custody and

5   control on this topic, without limitation as to time, including publicly available

6   documents that are equally available to defendants.  Mattel further objects to this

7   Request on the grounds that it is unreasonably burdensome and premature in that

8   the facts necessary to determine the full nature and extent of Mattel's relief and

9   damages from defendant's acts or omissions are known by defendants and third

10   parties associated with defendants, but are not known by Mattel at this juncture

11   because of defendants' refusals to produce basic discovery.  Mattel further objects

12   to this Request on the grounds that it calls for the disclosure of information subject

13   to the attorney-client privilege, the attorney work-product doctrine and other

14   applicable privileges.  Mattel further objects to this Request on the grounds that it is

15   improperly phrased as a legal contention.  Mattel further objects to this Request on

16   the grounds that it is duplicative of or subsumed within prior Requests already

17   responded to and seeks the re-production of information and documents already

18   produced in this action.  Such information and documents will not be re-produced.

19

20   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

21

22      Mattel has not agreed to produce documents in response to this request,

23   resting on its improper boilerplate objections.  Under the Federal Rules of Civil

24   Procedure, "an objection to part of a request must specify the part and permit

25   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

26   explain the basis for an objection with specificity are routinely rejected in the

27   Central District.  <u>See</u> <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188

28   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

1   and harassing' are improper – especially when a party fails to submit any

2   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

3   compelled either to certify that it has produced all non-privileged responsive

4   documents or to produce all such documents by a date certain.

5        To the extent that Mattel is relying on its blanket objections, they are not

6   sustainable and do not justify Mattel's failure to produce documents.

7        As to overbreadth, Mattel provides no explanation, let alone the required

8   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

9   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

11  request is narrowly tailored to Mattel's intent to assert a particular damages claim

12  or claim for injunctive relief.  The category of documents requested is relevant to

13  the damages claim and claim for injunctive relief, and it is clearly discoverable to

14  the extent that Mattel is requesting such relief in Phase 2.

15       As to burden, Mattel has not attempted to demonstrate why responding to

16  this request and/or producing responsive documents presents any burden.  This

17  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.")

21  Moreover, it is not unduly burdensome, as noted above, in that the request is

22  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23  has engaged in a broad variety of unfair trade practices including serial copying of

24  MGA products.  Mattel also has a claim of trade secret misappropriation against

25  MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

26       This request does not seek documents protected by the attorney-client

27  privilege, the attorney work product doctrine, or other applicable privileges.  To the

28  extent that Mattel contends that it does, Mattel must provide a privilege log.

1    Mattel objects that the request is duplicative or subsumed within prior

2    requests but does not identify the allegedly duplicative requests.  Mattel's failure to

3    agree to produce responsive non-privileged documents is not proper based on this

4    objection.

5    Mattel objects that the request contains confidential, proprietary and trade

6    secret information.  A Protective Order exists in this case, obviating any concern as

7    to protection of privacy rights and/or commercially sensitive information.

8    Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

9    all documents on the issue, and not just those that Mattel chooses to produce in

10   support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

11   entitled to extremely broad discovery to the extent that Mattel intends to assert

12   particular damages theories or to request injunctive relief.

13   None of Mattel's improper objections are valid and Mattel is obligated to

14   produce all non-privileged responsive documents in its possession, custody, or

15   control.

16

17   **REQUEST FOR PRODUCTION NO. 107:**

18   All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

19   mentioning, referring to, or relating to the similarities or differences between

20   BRATZ BOYZ on the one hand and "Toon Teens" on the other, if YOU seek in

21   this case to enjoin the sale of BRATZ BOYZ, or seek, as any part of YOUR

22   recovery or damages in this case, any right or interest in, revenues or profits from,

23   or lost profits or other damages caused by BRATZ BOYZ.

24   **RESPONSE TO REQUEST NO. 107:**

25   In addition to the general objections stated above, which are incorporated

26   herein by reference, Mattel objects to this Request as overbroad and unduly

27   burdensome in that it seeks <u>all</u> documents in Mattel's possession, custody and

28   control on this topic, without limitation as to time, including publicly available

1   documents that are equally available to defendants.  Mattel further objects to this

2   Request on the grounds that it is unreasonably burdensome and premature in that

3   the facts necessary to determine the full nature and extent of Mattel's relief and

4   damages from defendant's acts or omissions are known by defendants and third

5   parties associated with defendants, but are not known by Mattel at this juncture

6   because of defendants' refusals to produce basic discovery.  Mattel further objects

7   to this Request on the grounds that it calls for the disclosure of information subject

8   to the attorney-client privilege, the attorney work-product doctrine and other

9   applicable privileges.  Mattel further objects to this Request on the grounds that it is

10  improperly phrased as a legal contention.  Mattel further objects to this Request on

11  the grounds that it is duplicative of or subsumed within prior Requests already

12  responded to and seeks the re-production of information and documents already

13  produced in this action.  Such information and documents will not be re-produced.

14

15  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
16  **SHOULD BE COMPELLED**

17      Mattel has not agreed to produce documents in response to this request,

18  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

19  Procedure, "an objection to part of a request must specify the part and permit

20  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

21  explain the basis for an objection with specificity are routinely rejected in the

22  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

23  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

24  and harassing' are improper – especially when a party fails to submit any

25  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

26  compelled either to certify that it has produced all non-privileged responsive

27  documents or to produce all such documents by a date certain.

28

1    To the extent that Mattel is relying on its blanket objections, they are not

2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required

4    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

7    request is narrowly tailored to Mattel's intent to assert a particular damages claim

8    or claim for injunctive relief.  The category of documents requested is relevant to

9    the damages claim and claim for injunctive relief, and it is clearly discoverable to

10   the extent that Mattel is requesting such relief in Phase 2.

11    As to burden, Mattel has not attempted to demonstrate why responding to

12   this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

14   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.")

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19   has engaged in a broad variety of unfair trade practices including serial copying of

20   MGA products.  Mattel also has a claim of trade secret misappropriation against

21   MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

22    This request does not seek documents protected by the attorney-client

23   privilege, the attorney work product doctrine, or other applicable privileges.  To the

24   extent that Mattel contends that it does, Mattel must provide a privilege log.

25    Mattel objects that the request is duplicative or subsumed within prior

26   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

27   agree to produce responsive non-privileged documents is not proper based on this

28   objection.

1   Mattel objects that the request contains confidential, proprietary and trade

2   secret information.  A Protective Order exists in this case, obviating any concern as

3   to protection of privacy rights and/or commercially sensitive information.

4   Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

5   all documents on the issue, and not just those that Mattel chooses to produce in

6   support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

7   entitled to extremely broad discovery to the extent that Mattel intends to assert

8   particular damages theories or to request injunctive relief.

9   None of Mattel's improper objections are valid and Mattel is obligated to

10  produce all non-privileged responsive documents in its possession, custody, or

11  control.

12

13  **REQUEST FOR PRODUCTION NO. 108:**

14  If YOU contend that BRATZ has impacted or affected YOUR design,

15  development, marketing, sales, profits or revenue from "Toon Teens," or anything

16  developed or derived from "Toon Teens," as part of YOUR damages in this case,

17  all DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring,

18  relating to or calculating that impact or affect.

19  **RESPONSE TO REQUEST NO. 108:**

20  In addition to the general objections stated above, which are incorporated

21  herein by reference, Mattel objects to this Request on the grounds that it calls for

22  the disclosure of information subject to the attorney-client privilege, the attorney

23  work-product doctrine and other applicable privileges.  Mattel further objects to this

24  Request on the grounds that it is unreasonably burdensome and premature in that

25  the facts necessary to determine the full nature and extent of Mattel's relief and

26  damages from defendant's acts or omissions are known by defendants and third

27  parties associated with defendants, but are not known by Mattel at this juncture

28  because of defendants' refusals to produce basic discovery.  Mattel further objects

1   to this Request on the grounds that it is improperly phrased as a legal contention.

2   Mattel further objects to this Request as premature in that it seeks expert discovery.

3   Such discovery will be disclosed Only at the time, and in the manner required by,

4   the Rules and the Court's Orders.

5

6   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

7   **SHOULD BE COMPELLED**

8   Mattel has not agreed to produce documents in response to this request,

9   resting on its improper boilerplate objections.  Under the Federal Rules of Civil

10  Procedure, "an objection to part of a request must specify the part and permit

11  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

12  explain the basis for an objection with specificity are routinely rejected in the

13  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

14  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

15  and harassing' are improper – especially when a party fails to submit any

16  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

17  compelled either to certify that it has produced all non-privileged responsive

18  documents or to produce all such documents by a date certain.

19  To the extent that Mattel is relying on its blanket objections, they are not

20  sustainable and do not justify Mattel's failure to produce documents.

21  As to overbreadth, Mattel provides no explanation, let alone the required

22  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

23  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

24  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

25  request is narrowly tailored to Mattel's intent to assert a particular damages claim.

26  The category of documents requested is relevant to the damages claim, and it is

27  clearly discoverable to the extent that Mattel is requesting relief in Phase 2.

28  As to burden, Mattel has not attempted to demonstrate why responding to

1    this request and/or producing responsive documents presents any burden.  This

2    objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

3    <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

4    request is unduly burdensome must allege specific facts which indicate the nature

5    and extent of the burden, usually by affidavit or other reliable evidence.")

6    Moreover, it is not unduly burdensome, as noted above, in that the request is

7    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

8    has engaged in a broad variety of unfair trade practices including serial copying of

9    MGA products.  Mattel also has a claim of trade secret misappropriation against

10   MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

11       This request does not seek documents protected by the attorney-client

12   privilege, the attorney work product doctrine, or other applicable privileges.  To the

13   extent that Mattel contends that it does, Mattel must provide a privilege log.

14       Mattel objects that the request is duplicative or subsumed within prior

15   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

16   agree to produce responsive non-privileged documents is not proper based on this

17   objection.

18       Mattel objects that the request contains confidential, proprietary and trade

19   secret information.  A Protective Order exists in this case, obviating any concern as

20   to protection of privacy rights and/or commercially sensitive information.

21       Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

22   all documents on the issue, and not just those that Mattel chooses to produce in

23   support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

24   entitled to extremely broad discovery to the extent that Mattel intends to assert

25   particular damages theories.

26       None of Mattel's improper objections are valid and Mattel is obligated to

27   produce all non-privileged responsive documents in its possession, custody, or

28   control.

1

**REQUEST FOR PRODUCTION NO. 109:**

2

If YOU contend that BRATZ has impacted or affected YOUR sales, profits

3

or revenue from, or development of, "Toon Teens" or any product developed or

4

derived from "Toon Teens" as part of YOUR damages in this case, all

5

DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring to or

6

relating to such product's creation, design, development, sales and marketing and

7

all MARKET RESEARCH and all sales and market analyses referring or relating to

8

any such product.

9

**RESPONSE TO REQUEST NO. 109:**

10

In addition to the general objections stated above, which are incorporated

11

herein by reference, Mattel objects to this Request on the grounds that it calls for

12

the disclosure of information subject to the attorney-client privilege, the attorney

13

work-product doctrine and other applicable privileges.  Mattel further objects to this

14

Request on the grounds that it is unreasonably burdensome and premature in that

15

the facts necessary to determine the full nature and extent of Mattel's relief and

16

damages from defendant's acts or omissions are known by defendants and third

17

parties associated with defendants, but are not known by Mattel at this juncture

18

because of defendants' refusals to produce basic discovery.  Mattel further objects

19

to this Request on the grounds that it is improperly phrased as a legal contention.

20

Mattel further objects to this Request as premature in that it seeks expert discovery.

21

Such discovery will be disclosed only at the time, and in the manner required by,

22

the Rules and the Court's Orders.

23

24

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

25

26

Mattel has not agreed to produce documents in response to this request,

27

resting on its improper boilerplate objections.  Under the Federal Rules of Civil

28

Procedure, "an objection to part of a request must specify the part and permit

1   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

2   explain the basis for an objection with specificity are routinely rejected in the

3   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

4   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

5   and harassing' are improper – especially when a party fails to submit any

6   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

7   compelled either to certify that it has produced all non-privileged responsive

8   documents or to produce all such documents by a date certain.

9       To the extent that Mattel is relying on its blanket objections, they are not

10  sustainable and do not justify Mattel's failure to produce documents.

11      As to overbreadth, Mattel provides no explanation, let alone the required

12  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

13  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

14  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

15  request is narrowly tailored to Mattel's intent to assert a particular damages claim.

16  The category of documents requested is relevant to the damages claim, and it is

17  clearly discoverable to the extent that Mattel is requesting relief in Phase 2.

18      As to burden, Mattel has not attempted to demonstrate why responding to

19  this request and/or producing responsive documents presents any burden.  This

20  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

21  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22  request is unduly burdensome must allege specific facts which indicate the nature

23  and extent of the burden, usually by affidavit or other reliable evidence.")

24  Moreover, it is not unduly burdensome, as noted above, in that the request is

25  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

26  has engaged in a broad variety of unfair trade practices including serial copying of

27  MGA products.  Mattel also has a claim of trade secret misappropriation against

28  MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

1   This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4   Mattel objects that the request is duplicative or subsumed within prior

5   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

6   agree to produce responsive non-privileged documents is not proper based on this

7   objection.

8   Mattel objects that the request contains confidential, proprietary and trade

9   secret information.  A Protective Order exists in this case, obviating any concern as

10   to protection of privacy rights and/or commercially sensitive information.

11   Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

12   all documents on the issue, and not just those that Mattel chooses to produce in

13   support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

14   entitled to extremely broad discovery to the extent that Mattel intends to assert

15   particular damages theories.

16   None of Mattel's improper objections are valid and Mattel is obligated to

17   produce all non-privileged responsive documents in its possession, custody, or

18   control.

19

20   **REQUEST FOR PRODUCTION NO. 110:**

21   All DOCUMENTS evidencing, referring to or relating to whether and how

22   "Toon Teens" was ever used or utilized in any way by BRYANT or MGA in the

23   creation, design, derivation or development of any doll, toy or product of any nature

24   or form that was ever marketed or sold including, without limitation, BRATZ.

25   **RESPONSE TO REQUEST NO. 110:**

26   In addition to the general objections stated above, which are incorporated

27   herein by reference, Mattel objects to this Request on the grounds that it seeks the

28   production of documents or information that are in the possession, custody and

1  control of independent parties over whom Mattel has no control, including without

2  limitation defendants and third parties associated with defendants, and seeks the

3  disclosure of documents or information that are in the possession, custody and

4  control of defendants or are publicly available and hence equally available to all

5  parties to this litigation.  Mattel further objects to this Request on the grounds that it

6  is unreasonably burdensome and premature in that the facts necessary to determine

7  whether documents in Mattel's possession, custody and control relate to "Bratz" in

8  that time period are within the knowledge of defendants and third parties associated

9  with defendants, and are not known to Mattel because of defendants' refusals to

10  produce basic discovery.  Mattel further objects to this Request on the grounds that

11  it calls for the disclosure of information subject to the attorney-client privilege, the

12  attorney work-product doctrine and other applicable privileges.  Mattel further

13  objects to this Request on the grounds that it is duplicative of or subsumed within

14  prior Requests already responded to and seeks the re-production of information and

15  documents already produced in this action.  Such information and documents will

16  not be re-produced.

17

18  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
   **SHOULD BE COMPELLED**

19

20       Mattel has refuses to produce documents in response to this request in

21  particular, resting on its improper boilerplate objections.  Under the Federal Rules

22  of Civil Procedure, "an objection to part of a request must specify the part and

23  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

24  fail to explain the basis for an objection with specificity are routinely rejected in the

25  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

26  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

27  and harassing' are improper – especially when a party fails to submit any

28  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

1   compelled either to certify that it has produced all non-privileged responsive

2   documents or to produce all such documents by a date certain.

3          To the extent that Mattel is relying on its blanket objections, they are not

4   sustainable and do not justify Mattel's failure to produce documents.

5          As to overbreadth, Mattel provides no explanation, let alone the required

6   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

7   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9   contrary, the request is narrowly tailored to seek documents concerning Mattel's

10  "Toon Teens" product.

11         As to burden, Mattel has not attempted to demonstrate why responding to

12  this request and/or producing responsive documents presents any burden.  This

13  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

14  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15  request is unduly burdensome must allege specific facts which indicate the nature

16  and extent of the burden, usually by affidavit or other reliable evidence.")

17  Moreover, it is not unduly burdensome, as noted above, in that the request is

18  narrowly tailored to seek only discoverable evidence.

19         This request does not seek documents protected by the attorney-client

20  privilege, the attorney work product doctrine, or other applicable privileges.  To the

21  extent that Mattel contends that it does, Mattel must provide a privilege log.

22         Mattel objects that the request contains confidential/proprietary/trade secret

23  information.  A Protective Order exists in this case, obviating any concern as to

24  protection of privacy rights and/or commercially sensitive information.

25         Mattel objects that the request is duplicative or subsumed within prior

26  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

27  agree to produce responsive non-privileged documents is not proper based on this

28  objection.

1    Mattel alleges that Bryant copied or converted a Mattel product called "Toon

2    Teens."  Documents relating to this product are relevant to MGA's claims and

3    defenses, including MGA's statute of limitations defense and damages.

4         None of Mattel's improper objections are valid and Mattel is obligated to

5    produce all non-privileged responsive documents in its possession, custody, or

6    control.

7

8    **REQUEST FOR PRODUCTION NO. 111:**

9         All DOCUMENTS evidencing, referring to or relating to whether and how

10   "Toon Teens" was ever used or utilized in any way by YOU in the creation, design,

11   derivation or development of any doll, toy or product of any nature or form that was

12   ever marketed or sold including, without limitation, ''My Scene''.

13   **RESPONSE TO REQUEST NO. 111:**

14        In addition to the general objections stated above, which are incorporated

15   herein by reference, Mattel objects to this Request on the grounds that it is vague

16   and ambiguous and calls for information that is not relevant to this action or likely

17   to lead to the discovery of admissible evidence.  Mattel further objects to this

18   Request on the grounds that it seeks confidential, proprietary and trade secret

19   information that has no bearing on the claims or defenses in this case.  Mattel

20   further objects to this Request on the grounds that it calls for the disclosure of

21   information subject to the attorney-client privilege, the attorney work-product

22   doctrine and other applicable privileges.

23

24   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

25   **SHOULD BE COMPELLED**

26        Mattel has refuses to produce documents in response to this request in

27   particular, resting on its improper boilerplate objections.  Under the Federal Rules

28   of Civil Procedure, "an objection to part of a request must specify the part and

- 284 -

1   permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

2   fail to explain the basis for an objection with specificity are routinely rejected in the

3   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

4   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

5   and harassing' are improper – especially when a party fails to submit any

6   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

7   compelled either to certify that it has produced all non-privileged responsive

8   documents or to produce all such documents by a date certain.

9        To the extent that Mattel is relying on its blanket objections, they are not

10  sustainable and do not justify Mattel's failure to produce documents.

11       This request does not seek documents protected by the attorney-client

12  privilege, the attorney work product doctrine, or other applicable privileges.  To the

13  extent that Mattel contends that it does, Mattel must provide a privilege log.

14       Mattel objects that the request contains confidential/proprietary/trade secret

15  information.  A Protective Order exists in this case, obviating any concern as to

16  protection of privacy rights and/or commercially sensitive information.

17       Mattel alleges that Bryant copied or converted a Mattel product called "Toon

18  Teens."  Documents relating to this product are relevant to MGA's claims and

19  defenses, including MGA's statute of limitations defense and damages.

20       None of Mattel's improper objections are valid and Mattel is obligated to

21  produce all non-privileged responsive documents in its possession, custody, or

22  control.

23

24  **<u>REQUEST FOR PRODUCTION NO. 112:</u>**

25       All DOCUMENTS evidencing, referring or relating to whether BRATZ or

26  BRATZ INTELLECTUAL PROPERTY was ever used or utilized in any way by

27  YOU in the creation, design or development of any doll, toy or product of any

28

1   nature or form that was ever marketed or sold including, without limitation, "My

2   Scene."

3   **RESPONSE TO REQUEST NO. 112:**

4   In addition to the general objections stated above, which are incorporated

5   herein by reference, Mattel objects to this Request on the grounds that such

6   discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely

7   to the lead to the discovery of admissible evidence in that Mattel's actions in

8   relation to "Bratz" are not at issue in this action and are irrelevant to the claims and

9   defenses in this suit.  Rather, at issue are the actions of defendants and third parties

10  associated with defendants in connection with the projects that defendant Bryant

11  worked on with defendant MGA, which is information known to and within the

12  possession, custody and control of defendants and their associated third parties, not

13  Mattel.  Mattel further objects to this Request as vague and ambiguous, including

14  without limitation the terms "Bratz" and "Bratz Intellectual Property."  Mattel

15  further objects to this Request on the grounds that it seeks confidential, proprietary

16  and trade secret information that has no bearing on the claims or defenses in this

17  case.  Mattel further objects to this Request on the grounds that it calls for the

18  disclosure of information subject to the attorney-client privilege, the attorney

19  work-product doctrine and other applicable privileges.

20

21  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

22  **SHOULD BE COMPELLED**

23  Mattel has not agreed to produce documents in response to this request,

24  subject to its improper boilerplate objections.  Mattel has refused to confirm

25  whether or not it has produced all non-privileged responsive documents or whether

26  it is withholding documents based on its objections in Phase 2.  Under the Federal

27  Rules of Civil Procedure, "an objection to part of a request must specify the part

28  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

1   that fail to explain the basis for an objection with specificity are routinely rejected

2   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

3   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

4   burdensome and harassing' are improper – especially when a party fails to submit

5   any evidentiary declarations supporting such objections").  Accordingly, Mattel

6   must be compelled either to certify that it has produced all non-privileged

7   responsive documents or to produce all such documents by a date certain.

8        To the extent that Mattel is relying on its blanket objections, they are not

9   sustainable and do not justify Mattel's failure to produce documents.

10       As to overbreadth, Mattel provides no explanation, let alone the required

11  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

12  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

13  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14  contrary, the request is narrowly tailored to seek documents concerning BRATZ or

15  BRATZ intellectual property that Mattel has ever used or utilized to create, design

16  or develop any Mattel product.

17       As to burden, Mattel has not attempted to demonstrate why responding to

18  this request and/or producing responsive documents presents any burden.  This

19  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

20  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21  request is unduly burdensome must allege specific facts which indicate the nature

22  and extent of the burden, usually by affidavit or other reliable evidence.")

23  Moreover, it is not unduly burdensome, as noted above, in that the request is

24  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

25  has engaged in a broad variety of unfair trade practices including serial copying of

26  MGA products.  MGA is entitled to discovery on these claims.

27       This request does not seek documents protected by the attorney-client

28  privilege, the attorney work product doctrine, or other applicable privileges.  To the

1   extent that Mattel contends that it does, Mattel must provide a privilege log.

2       Mattel objects that Mattel's actions in relation to the "Bratz" line of products

3   are not at issue in this action and are irrelevant to the claims and defenses in this

4   suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2 of

5   these consolidated proceedings.  Discovery relating to Bratz is likely to lead to

6   admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair

7   competition claim, Mattel's trade secret misappropriation claim, and both parties

8   damages claims.

9       As for relevancy, Mattel has not attempted to demonstrate why the

10  information sought in response to this request is not discoverable in Phase 2. On the

11  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

12  product lines, including its BRATZ product line, packaging, themes,

13  accessories, and advertising. Documents related to BRATZ or BRATZ intellectual

14  property that Mattel has used or utilized in any way in the creation, design, or

15  development of any Mattel product are highly relevant to MGA's claims, including

16  its including its allegations of serial copying by Mattel and are discoverable in

17  Phase 2.

18      None of Mattel's improper objections are valid and Mattel is obligated to

19  produce all non-privileged responsive documents in its possession, custody, or

20  control.

21

22  **REQUEST FOR PRODUCTION NO. 113:**

23      All DOCUMENTS that name or are otherwise sufficient to identify the

24  individuals who worked on or were involved in any way with the conception,

25  creation, design and development of the "My Scene" idea, concept or products.

26      **RESPONSE TO REQUEST NO. 113:**

27      In addition to the general objections stated above, which are incorporated

28  herein by reference, Mattel objects to this Request on the grounds that it calls for

1  information that is not relevant to this action or likely to lead to the discovery of

2  admissible evidence.  Mattel further objects to this Request as overbroad, unduly

3  burdensome and oppressive in that it seeks "all" documents in Mattel's possession,

4  custody and control on this broad subject.  Mattel further objects to this Request on

5  the grounds that it seeks confidential, proprietary and trade secret information that

6  has no bearing on the claims or defenses in this case.  Mattel further objects to this

7  Request on the grounds that it calls for the disclosure of information subject to the

8  attorney-client privilege, the attorney work-product doctrine and other applicable

9  privileges.

10

11  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

12  **SHOULD BE COMPELLED**

13      Mattel has not agreed to produce documents in response to this request,

14  subject to its improper boilerplate objections.  Mattel has refused to confirm

15  whether or not it has produced all non-privileged responsive documents or whether

16  it is withholding documents based on its objections in Phase 2.  Under the Federal

17  Rules of Civil Procedure, "an objection to part of a request must specify the part

18  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

19  that fail to explain the basis for an objection with specificity are routinely rejected

20  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

21  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

22  burdensome and harassing' are improper – especially when a party fails to submit

23  any evidentiary declarations supporting such objections").  Accordingly, Mattel

24  must be compelled either to certify that it has produced all non-privileged

25  responsive documents or to produce all such documents by a date certain.

26      To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

1    As to overbreadth, Mattel provides no explanation, let alone the required

2    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5    contrary, the request is narrowly tailored to seek documents sufficient to identify

6    the individuals who worked or were involved with Mattel's "My scene" product.

7    As to burden, Mattel has not attempted to demonstrate why responding to

8    this request and/or producing responsive documents presents any burden.  This

9    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

10   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11   request is unduly burdensome must allege specific facts which indicate the nature

12   and extent of the burden, usually by affidavit or other reliable evidence.")

13   Moreover, it is not unduly burdensome, as noted above, in that the request is

14   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

15   has engaged in a broad variety of unfair trade practices including serial copying of

16   MGA products.  MGA is entitled to discovery on these claims.

17   This request does not seek documents protected by the attorney-client

18   privilege, the attorney work product doctrine, or other applicable privileges.  To the

19   extent that Mattel contends that it does, Mattel must provide a privilege log.

20   Mattel objects that the request contains confidential, proprietary and trade

21   secret information.  A Protective Order exists in this case, obviating any concern as

22   to protection of privacy rights and/or commercially sensitive information.

23   As for relevancy, Mattel has not attempted to demonstrate why the

24   information sought in response to this request is not discoverable in Phase 2. On the

25   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

26   product lines, including it various dolls, packaging, themes, accessories, and

27   advertising. Mattel's "MY SCENE" is an example of one such accused Mattel

28   product line.  Documents sufficient to identify the individuals who worked or were

1   involved with Mattel's "My scene" product, are highly relevant to  MGA's claims,

2   including its including its allegations of serial copying by Mattel, and are

3   discoverable in Phase 2.

4        None of Mattel's improper objections are valid and Mattel is obligated to

5   produce all non-privileged responsive documents in its possession, custody, or

6   control.

7

8   **REQUEST FOR PRODUCTION NO. 114:**

9        All DOCUMENTS referring or relating to BRATZ or BRATZ

10  INTELLECTUAL PROPERTY that YOU have given or shown to any person

11  working on or involved in the conception, creation, design or development of "My

12  Scene."

13       **RESPONSE TO REQUEST NO. 114:**

14       In addition to the general objections stated above, which are incorporated

15  herein by reference, Mattel objects to this Request on the grounds that such

16  discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely

17  to the lead to the discovery of admissible evidence in that Mattel's actions in

18  relation to "Bratz" are not at issue in this action and are irrelevant to the claims and

19  defenses in this suit.  Rather, at issue are the actions of defendants and third parties

20  associated with defendants in connection with the projects that defendant Bryant

21  worked on with defendant MGA, which is information known to and within the

22  possession, custody and control of defendants and their associated third parties, not

23  Mattel.  Mattel further objects to this Request on the grounds that it seeks

24  confidential, proprietary and trade secret information that has no bearing on the

25  claims or defenses in this case.  Mattel further objects to this Request on the

26  grounds that it calls for the disclosure of information subject to the attorney-client

27  privilege, the attorney work-product doctrine and other applicable privileges.

28

Mattel further objects to this Request as vague and ambiguous, including without limitation the term "Bratz Intellectual Property."

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning BRATZ or BRATZ INTELLECTUAL PROPERTY that Mattel has given or shown to any person working on "My Scene."

1    As to burden, Mattel has not attempted to demonstrate why responding to

2   this request and/or producing responsive documents presents any burden.  This

3   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5   request is unduly burdensome must allege specific facts which indicate the nature

6   and extent of the burden, usually by affidavit or other reliable evidence.")

7   Moreover, it is not unduly burdensome, as noted above, in that the request is

8   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9   has engaged in a broad variety of unfair trade practices including serial copying of

10  MGA products.  "My Scene" is an example of on such accused Mattel product.

11  MGA is entitled to discovery on these claims.

12   This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges.  To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15   Mattel objects that the request contains confidential, proprietary and trade

16  secret information.  A Protective Order exists in this case, obviating any concern as

17  to protection of privacy rights and/or commercially sensitive information.

18   As for relevancy, Mattel has not attempted to demonstrate why the

19  information sought in response to this request is not discoverable in Phase 2. On the

20  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

21  product lines, including it various dolls, packaging, themes, accessories, and

22  advertising. Mattel's "MY SCENE" is an example of one such accused Mattel

23  product line.  Documents concerning BRATZ or BRATZ INTELLECTUAL

24  PROPERTY that Mattel has given or shown to any person working on "My Scene",

25  one of the accused products, are highly relevant to  MGA's claims, including its

26  allegations of serial copying by Mattel, and are discoverable in Phase 2.

27

28

1    None of Mattel's improper objections are valid and Mattel is obligated to

2  produce all non-privileged responsive documents in its possession, custody, or

3  control.

4

5  **REQUEST FOR PRODUCTION NO. 115:**

6    If YOU contend that BRATZ has impacted or affected YOUR sales, profits

7  or revenue from "My Scene" as part of YOUR damages in this case, all

8  DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring,

9  relating to or calculating that impact or affect.

10   **RESPONSE TO REQUEST NO. 115:**

11    In addition to the general objections stated above, which are incorporated

12  herein by reference, Mattel objects to this Request on the grounds that it is

13  unreasonably burdensome and premature in that the facts necessary to determine

14  the full nature and extent of Mattel's damages from defendant's acts or omissions

15  are known by defendants and third parties associated with defendants, but are not

16  known by Mattel at this juncture because of defendants' refusals to produce basic

17  discovery.  Mattel further objects to this Request on the grounds that it calls for the

18  disclosure of information subject to the attorney-client privilege, the attorney

19  work-product doctrine and other applicable privileges.  Mattel further objects to this

20  Request on the grounds that it is improperly phrased as a legal contention.

21

22    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

23    **SHOULD BE COMPELLED**

24    Mattel has not agreed to produce documents in response to this request,

25  subject to its improper boilerplate objections.  Mattel has refused to confirm

26  whether or not it has produced all non-privileged responsive documents or whether

27  it is withholding documents based on its objections in Phase 2.  Under the Federal

28  Rules of Civil Procedure, "an objection to part of a request must specify the part

1    and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

2    that fail to explain the basis for an objection with specificity are routinely rejected

3    in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

4    188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

5    burdensome and harassing' are improper – especially when a party fails to submit

6    any evidentiary declarations supporting such objections").  Accordingly, Mattel

7    must be compelled either to certify that it has produced all non-privileged

8    responsive documents or to produce all such documents by a date certain.

9        To the extent that Mattel is relying on its blanket objections, they are not

10   sustainable and do not justify Mattel's failure to produce documents.

11       As to burden, Mattel has not attempted to demonstrate why responding to

12   this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

14   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.")

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19   has engaged in a broad variety of unfair trade practices including serial copying of

20   MGA products.  In the event that Mattel contends that MGA's BRATZ impacted or

21   affected its sales, profits or revenue from its "My Scene" line as part of Mattel's

22   damage claims, the request is narrowly tailored to seek all documents related to or

23   calculating that impact or affect.

24       This request does not seek documents protected by the attorney-client

25   privilege, the attorney work product doctrine, or other applicable privileges.  To the

26   extent that Mattel contends that it does, Mattel must provide a privilege log.

27       As to relevancy, Mattel has not attempted to make any objections.  It

28   therefore concedes relevance.  MGA is entitled to all documents on the issue, and

- 295 -

1  not just those that Mattel chooses to produce in support of its claims.  Further,

2  Mattel's prayer for relief is extremely broad.  Because Mattel's pleadings seek such

3  broad relief, MGA is entitled to extremely broad discovery on these issues.

4        Mattel objects that the request contains confidential, proprietary, and trade

5  secret information.  A Protective Order exists in this case, obviating any concern as

6  to protection of privacy rights and/or commercially sensitive information.

7        None of Mattel's improper objections are valid and Mattel is obligated to

8  produce all non-privileged responsive documents in its possession, custody, or

9  control.

10

11  **REQUEST FOR PRODUCTION NO. 116:**

12        If YOU contend that BRATZ has impacted or affected YOUR sales, profits

13  or revenue from "My Scene" as part of YOUR damages in this case, all

14  DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring or

15  relating to "My Scene," including, without limitation, its creation, design,

16  development, sales and marketing and all MARKET RESEARCH and all sales and

17  market analyses referring or relating to "My Scene".

18        **RESPONSE TO REQUEST NO. 116:**

19        In addition to the general objections stated above, which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is

21  unreasonably burdensome and premature in that the facts necessary to determine

22  the full nature and extent of Mattel's damages from defendant's acts or omissions

23  are known by defendants and third parties associated with defendants, but are not

24  known by Mattel at this juncture because of defendants' refusals to produce basic

25  discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

26  and oppressive in that it seeks "all" documents in Mattel's possession, custody and

27  control on this broad subject.  Mattel further objects to this Request on the grounds

28  that it calls for the disclosure of information subject to the attorney-client privilege,

1   the attorney work-product doctrine and other applicable privileges.  Mattel further

2   objects to this Request on the grounds that it is improperly phrased as a legal

3   contention.  Mattel further objects to this Request on the grounds that it seeks

4   confidential, proprietary and trade secret information, such as current and future

5   Mattel marketing and pricing plans and strategies that has no bearing on the claims

6   or defenses in this case.

7

8       **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
        SHOULD BE COMPELLED**

9

10          Mattel has not agreed to produce documents in response to this request,

11  subject to its improper boilerplate objections.  Mattel has refused to confirm

12  whether or not it has produced all non-privileged responsive documents or whether

13  it is withholding documents based on its objections in Phase 2.  Under the Federal

14  Rules of Civil Procedure, "an objection to part of a request must specify the part

15  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

16  that fail to explain the basis for an objection with specificity are routinely rejected

17  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

18  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

19  burdensome and harassing' are improper – especially when a party fails to submit

20  any evidentiary declarations supporting such objections").  Accordingly, Mattel

21  must be compelled either to certify that it has produced all non-privileged

22  responsive documents or to produce all such documents by a date certain.

23          To the extent that Mattel is relying on its blanket objections, they are not

24  sustainable and do not justify Mattel's failure to produce documents.

25          As to overbreadth, Mattel provides no explanation, let alone the required

26  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

27  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

28  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

1   event that Mattel contends that MGA's BRATZ has an impact on its sales, profits,

2   or revenues from "My Scene" as part of its damages claims, the request is narrowly

3   tailored to seek documents concerning "My Scene."

4          As to burden, Mattel has not attempted to demonstrate why responding to

5   this request and/or producing responsive documents presents any burden.  This

6   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8   request is unduly burdensome must allege specific facts which indicate the nature

9   and extent of the burden, usually by affidavit or other reliable evidence.")

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

12  has engaged in a broad variety of unfair trade practices including serial copying of

13  MGA products.  Mattel has made a claim of trade secret misappropriation against

14  MGA.  In the event that Mattel contends that MGA's BRATZ has an impact on its

15  sales, profits, or revenues from "My Scene" as part of its damages claims, the

16  request is narrowly tailored to seek documents concerning "My Scene."  MGA is

17  entitled to discovery on its claims and defenses.

18         This request does not seek documents protected by the attorney-client

19  privilege, the attorney work product doctrine, or other applicable privileges.  To the

20  extent that Mattel contends that it does, Mattel must provide a privilege log.

21         Mattel objects that the request contains confidential, proprietary and trade

22  secret information.  A Protective Order exists in this case, obviating any concern as

23  to protection of privacy rights and/or commercially sensitive information.

24         As to relevancy, Mattel has not attempted to make any objections.  It

25  therefore concedes relevance.  In any event, If Mattel contends that BRATZ has

26  impacted its sales, profits or revenues from "My Scene" as part of its damages,

27  documents related to "My Scene" are highly relevant to MGA's claims, defenses,

28  and damages, including any damages Mattel may claim in its trade secret

1  misappropriation claim, and are discoverable in Phase 2.  MGA is entitled to all

2  documents on the issue, and not just those that Mattel chooses to produce in support

3  of its claims.  Further, Mattel's prayer for relief is extremely broad.  Because

4  Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad

5  discovery on these issues.

6       None of Mattel's improper objections are valid and Mattel is obligated to

7  produce all non-privileged responsive documents in its possession, custody, or

8  control.

9

10 **REQUEST FOR PRODUCTION NO. 117:**

11      If YOU contend that BRATZ has impacted or affected YOUR sales, profits

12 or revenue from "My Scene" as part of YOUR damages in this case, all

13 DOCUMENTS, including MARKET RESEARCH, referring or relating to, or

14 influencing Mattel's decision to create, design or develop "My Scene," including,

15 without limitation, the reasons for and factors influencing its decision.

16      **RESPONSE TO REQUEST NO. 117:**

17      In addition to the general objections stated above, which are incorporated

18 herein by reference, Mattel objects to this Request on the grounds that it is

19 unreasonably burdensome and premature in that the facts necessary to determine

20 the full nature and extent of Mattel's damages from defendant's acts or omissions

21 are known by defendants and third parties associated with defendants, but are not

22 known by Mattel at this juncture because of defendants' refusals to produce basic

23 discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

24 and oppressive in that it seeks "all" documents in Mattel's possession, custody and

25 control on this broad subject.  Mattel further objects to this Request on the grounds

26 that it calls for the disclosure of information subject to the attorney-client privilege,

27 the attorney work-product doctrine and other applicable privileges.  Mattel further

28 objects to this Request on the grounds that it is improperly phrased as a legal

1   contention.  Mattel further objects to this Request on the grounds that it seeks

2   confidential, proprietary and trade secret information, such as current and future

3   Mattel marketing and pricing plans and strategies, that has no bearing on the claims

4   or defenses in this case.

5

6   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

7   **SHOULD BE COMPELLED**

8        Mattel has not agreed to produce documents in response to this request,

9   subject to its improper boilerplate objections.  Mattel has refused to confirm

10   whether or not it has produced all non-privileged responsive documents or whether

11   it is withholding documents based on its objections in Phase 2.  Under the Federal

12   Rules of Civil Procedure, "an objection to part of a request must specify the part

13   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

14   that fail to explain the basis for an objection with specificity are routinely rejected

15   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

16   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

17   burdensome and harassing' are improper – especially when a party fails to submit

18   any evidentiary declarations supporting such objections").  Accordingly, Mattel

19   must be compelled either to certify that it has produced all non-privileged

20   responsive documents or to produce all such documents by a date certain.

21        This request does not seek documents protected by the attorney-client

22   privilege, the attorney work product doctrine, or other applicable privileges.  To the

23   extent that Mattel contends that it does, Mattel must provide a privilege log.

24        Mattel objects that the request contains confidential, proprietary and trade

25   secret information.  A Protective Order exists in this case, obviating any concern as

26   to protection of privacy rights and/or commercially sensitive information.

27        As to relevancy, Mattel has not attempted to make any objections.  It

28   therefore concedes relevance.  In any event, if Mattel contends that BRATZ has

1   impacted its sales, profits or revenues from "My Scene" as part of its damages,

2   documents related to or influencing Mattel' decision to create, design, or develop

3   My Scene" are highly relevant to MGA's claims, defenses, and damages, including

4   any damages Mattel may claim in its trade secret misappropriation claim, and are

5   discoverable in Phase 2.  MGA is entitled to all documents on the issue, and not just

6   those that Mattel chooses to produce in support of its claims.  Further, Mattel's

7   prayer for relief is extremely broad.  Because Mattel's pleadings seek such broad

8   relief, MGA is entitled to extremely broad discovery on these issues.

9        None of Mattel's improper objections are valid and Mattel is obligated to

10  produce all non-privileged responsive documents in its possession, custody, or

11  control.

12

13  **REQUEST FOR PRODUCTION NO. 118:**

14       If YOU contend that BRATZ has impacted or affected YOUR sales, profits

15  or revenue from "My Scene" as part of YOUR damages in this case, all NPD

16  DOCUMENTS relied on for press statements and quarterly reports regarding "My

17  Scene".

18       **RESPONSE TO REQUEST NO. 118:**

19       In addition to the general objections stated above, which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is

21  unreasonably burdensome and premature in that the facts necessary to determine

22  the full nature and extent of Mattel's damages from defendant's acts or omissions

23  are known by defendants and third parties associated with defendants, but are not

24  known by Mattel at this juncture because of defendants' refusals to produce basic

25  discovery.  Mattel further objects to this Request on the grounds that it calls for the

26  disclosure of information subject to the attorney-client privilege, the attorney

27  work-product doctrine and other applicable privileges.  Mattel further objects to this

28  Request on the grounds that it is improperly phrased as a legal contention.  Mattel

1   further objects to this Request on the grounds that it seeks NPD data that is equally

2   available to defendants.

3

4   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

5   **SHOULD BE COMPELLED**

6       Mattel has not agreed to produce documents in response to this request,

7   subject to its improper boilerplate objections.  Mattel has refused to confirm

8   whether or not it has produced all non-privileged responsive documents or whether

9   it is withholding documents based on its objections in Phase 2.  Under the Federal

10  Rules of Civil Procedure, "an objection to part of a request must specify the part

11  and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

12  that fail to explain the basis for an objection with specificity are routinely rejected

13  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

14  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

15  burdensome and harassing' are improper – especially when a party fails to submit

16  any evidentiary declarations supporting such objections").  Accordingly, Mattel

17  must be compelled either to certify that it has produced all non-privileged

18  responsive documents or to produce all such documents by a date certain.

19      To the extent that Mattel is relying on its blanket objections, they are not

20  sustainable and do not justify Mattel's failure to produce documents.

21      This request does not seek documents protected by the attorney-client

22  privilege, the attorney work product doctrine, or other applicable privileges.  To the

23  extent that Mattel contends that it does, Mattel must provide a privilege log.

24      Mattel objects that the request seeks NPD data that is equally available to

25  defendants.  The request seeks NPD data that Mattel relied upon for its press

26  statements and quarterly reports regarding "My Scene" and this information is not

27  known or available to the defendants.  In any event, it is improper for Mattel to

28

OHS West:260723192

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9059, SET ONE; CV 04-9049 SGL (RNBX))

1   withhold any responsive, non-privileged documents under the guise that they may

2   be available to defendants.

3        As to relevancy, Mattel has not attempted to make any objections.  It

4   therefore concedes relevance.  In any event,  if Mattel contends that BRATZ has

5   impacted its sales, profits or revenues from "My Scene" as part of its damages,

6   documents related to NPD documents relied on for press statements and quarterly

7   reports regarding "My Scene" are highly relevant to MGA's claims, defenses, and

8   damages, including any damages Mattel may claim in its trade secret

9   misappropriation claim, and are discoverable in Phase 2.  MGA is entitled to all

10  documents on the issue, and not just those that Mattel chooses to produce in support

11  of its claims.  Further, Mattel's prayer for relief is extremely broad.  Because

12  Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad

13  discovery on these issues.

14       None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession, custody, or

16  control.

17

18  **REQUEST FOR PRODUCTION NO. 119:**

19       If YOU contend that BRATZ has impacted or affected YOUR sales, profits

20  or revenue from "My Scene" as part of YOUR damages in this case, all

21  DOCUMENTS used or referred to in creating and designing "My Scene,"

22  including, without limitation, all DOCUMENTS that served as artistic inspiration

23  for any aspect, feature or element of any "My Scene" product.

24  **RESPONSE TO REQUEST NO. 119:**

25       In addition to the general objections stated above, which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is

27  unreasonably burdensome and premature in that the facts necessary to determine

28  the full nature and extent of Mattel's damages from defendant's acts or omissions

- 303 -

1  are known by defendants and third parties associated with defendants, but are not

2  known by Mattel at this juncture because of defendants' refusals to produce basic

3  discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

4  and oppressive in that it seeks "all" documents in Mattel's possession, custody and

5  control on this broad subject.  Mattel further objects to this Request on the grounds

6  that it calls for the disclosure of information subject to the attorney-client privilege,

7  the attorney work-product doctrine and other applicable privileges.  Mattel further

8  objects to this Request on the grounds that it is improperly phrased as a legal

9  contention.  Mattel further objects to this Request on the grounds that it seeks

10  confidential, proprietary and trade secret information that has no bearing on the

11  claims or defenses in this case.  Mattel further objects to this Request as vague and

12  ambiguous.

13

14  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

15  **SHOULD BE COMPELLED**

16      Mattel has not agreed to produce documents in response to this request,

17  subject to its improper boilerplate objections.  Mattel has refused to confirm

18  whether or not it has produced all non-privileged responsive documents or whether

19  it is withholding documents based on its objections in Phase 2.  Under the Federal

20  Rules of Civil Procedure, "an objection to part of a request must specify the part

21  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

22  that fail to explain the basis for an objection with specificity are routinely rejected

23  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

24  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

25  burdensome and harassing' are improper – especially when a party fails to submit

26  any evidentiary declarations supporting such objections").  Accordingly, Mattel

27  must be compelled either to certify that it has produced all non-privileged

28  responsive documents or to produce all such documents by a date certain.

1    To the extent that Mattel is relying on its blanket objections, they are not

2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required

4    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7    contrary, the request is narrowly tailored to seek documents concerning the

8    designing or creation of "My Scene" such as documents that served as artistic

9    inspiration for "My Scene."

10   As to burden, Mattel has not attempted to demonstrate why responding to

11   this request and/or producing responsive documents presents any burden.  This

12   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

13   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14   request is unduly burdensome must allege specific facts which indicate the nature

15   and extent of the burden, usually by affidavit or other reliable evidence.")

16   Moreover, it is not unduly burdensome, as noted above, in that the request is

17   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

18   has engaged in a broad variety of unfair trade practices including serial copying of

19   MGA products.  Mattel has made a claim of trade secret misappropriation against

20   MGA.  MGA is entitled to discovery on its claims, defenses, and damages.

21   This request does not seek documents protected by the attorney-client

22   privilege, the attorney work product doctrine, or other applicable privileges.  To the

23   extent that Mattel contends that it does, Mattel must provide a privilege log.

24   Mattel objects that the request contains confidential, proprietary, and trade

25   secret information.  A Protective Order exists in this case, obviating any concern as

26   to protection of privacy rights and/or commercially sensitive information.

27   As to relevancy, Mattel has not attempted to make any objections.  It

28   therefore concedes relevance.  In any event,  if Mattel contends that BRATZ has

- 305 -

1  impacted its sales, profits or revenues from "My Scene" as part of its damages,

2  documents related to creating and designing "My Scene" are highly relevant

3  to MGA's claims, defenses, and damages, including its defense against Mattel's

4  trade secret misappropriation claim and any damages Mattel may claim, and are

5  discoverable in Phase 2.  MGA is entitled to all documents on the issue, and not just

6  those that Mattel chooses to produce in support of its claims.  Further, Mattel's

7  prayer for relief is extremely broad.  Because Mattel's pleadings seek such broad

8  relief, MGA is entitled to extremely broad discovery on these issues.

9       None of Mattel's improper objections are valid and Mattel is obligated to

10  produce all non-privileged responsive documents in its possession, custody, or

11  control.

12

13  **REQUEST FOR PRODUCTION NO. 120:**

14       If YOU contend that BRATZ has impacted or affected YOUR sales, profits

15  or revenue from "My Scene" as part of YOUR damages in this case, all

16  DOCUMENTS, including MARKET RESEARCH, referring or relating to, or

17  influencing Mattel's decision to create, design or develop "My Scene," including,

18  without limitation, the reasons for and factors influencing its decision.

19       **RESPONSE TO REQUEST NO. 120:**

20       In addition to the general objections stated above, which are incorporated

21  herein by reference, Mattel objects to this Request on the grounds that it is

22  unreasonably burdensome and premature in that the facts necessary to determine

23  the full nature and extent of Mattel's damages from defendant's acts or omissions

24  are known by defendants and third parties associated with defendants, but are not

25  known by Mattel at this juncture because of defendants' refusals to produce basic

26  discovery.  Mattel further objects to this Request on the grounds that it calls for the

27  disclosure of information subject to the attorney-client privilege, the attorney

28  work-product doctrine and other applicable privileges.  Mattel further objects to this

1    Request as overbroad, unduly burdensome and oppressive in that it seeks "all"

2    documents in Mattel's possession, custody and control on this broad subject.

3    Mattel further objects to this Request on the grounds that it is improperly phrased as

4    a legal contention.  Mattel further objects to this Request on the grounds that it

5    seeks confidential, proprietary and trade secret information, such as current and

6    future Mattel marketing and pricing plans and strategies, that has no bearing on the

7    claims or defenses in this case.

8

9    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

10   **SHOULD BE COMPELLED**

11        Mattel has not agreed to produce documents in response to this request,

12   subject to its improper boilerplate objections.  Mattel has refused to confirm

13   whether or not it has produced all non-privileged responsive documents or whether

14   it is withholding documents based on its objections in Phase 2.  Under the Federal

15   Rules of Civil Procedure, "an objection to part of a request must specify the part

16   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

17   that fail to explain the basis for an objection with specificity are routinely rejected

18   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

19   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

20   burdensome and harassing' are improper – especially when a party fails to submit

21   any evidentiary declarations supporting such objections").  Accordingly, Mattel

22   must be compelled either to certify that it has produced all non-privileged

23   responsive documents or to produce all such documents by a date certain.

24        To the extent that Mattel is relying on its blanket objections, they are not

25   sustainable and do not justify Mattel's failure to produce documents.

26        As to overbreadth, Mattel provides no explanation, let alone the required

27   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

28   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

1   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2   contrary, the request is narrowly tailored to seek documents concerning Mattel's

3   decision to create or design "My Scene" such as any market research that

4   influenced this decision.

5       As to burden, Mattel has not attempted to demonstrate why responding to

6   this request and/or producing responsive documents presents any burden.  This

7   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

8   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9   request is unduly burdensome must allege specific facts which indicate the nature

10  and extent of the burden, usually by affidavit or other reliable evidence.")

11  Moreover, it is not unduly burdensome, as noted above, in that the request is

12  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

13  has engaged in a broad variety of unfair trade practices including serial copying of

14  MGA products.  Mattel has made a claim of trade secret misappropriation against

15  MGA.  MGA is entitled to discovery on its claims, defenses, and damages.

16      This request does not seek documents protected by the attorney-client

17  privilege, the attorney work product doctrine, or other applicable privileges.  To the

18  extent that Mattel contends that it does, Mattel must provide a privilege log.

19      Mattel objects that the request contains confidential, proprietary, and trade

20  secret information.  A Protective Order exists in this case, obviating any concern as

21  to protection of privacy rights and/or commercially sensitive information.

22      As to relevancy, Mattel has not attempted to make any objections.  It

23  therefore concedes relevance.  In any event,  if Mattel contends that BRATZ has

24  impacted its sales, profits or revenues from "My Scene" as part of its damages,

25  documents such as market research that relate to Mattel's decision to create or

26  design  "My Scene" are highly relevant to MGA's claims, defenses, and damages,

27  including its defense against Mattel's trade secret misappropriation claim and any

28  damages Mattel may claim, and are discoverable in Phase 2.  MGA is entitled to all

1   documents on the issue, and not just those that Mattel chooses to produce in support

2   of its claims.  Further, Mattel's prayer for relief is extremely broad.  Because

3   Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad

4   discovery on these issues.

5        None of Mattel's improper objections are valid and Mattel is obligated to

6   produce all non-privileged responsive documents in its possession, custody, or

7   control.

8

9   **REQUEST FOR PRODUCTION NO. 121:**

10        If YOU contend that BRATZ has impacted or affected YOUR sales, profits

11   or revenue from "My Scene" as part of YOUR damages in this case, all

12   DOCUMENTS evidencing, detailing, discussing, describing, depicting,

13   mentioning, referring to, or relating to the similarities or differences between

14   BRATZ on the one hand and "My Scene" on the other.

15        **RESPONSE TO REQUEST NO. 121:**

16        In addition to the general objections stated above, which are incorporated

17   herein by reference, Mattel objects to this Request on the grounds that it is

18   unreasonably burdensome and premature in that the facts necessary to determine

19   the full nature and extent of Mattel's damages from defendant's acts or omissions

20   are known by defendants and third parties associated with defendants, but are not

21   known by Mattel at this juncture because of defendants' refusals to produce basic

22   discovery.  Mattel further objects to this Request on the grounds that it calls for the

23   disclosure of information subject to the attorney-client privilege, the attorney

24   work-product doctrine and other applicable privileges.  Mattel further objects to this

25   Request as overbroad, unduly burdensome and oppressive in that it seeks "all"

26   documents in Mattel's possession, custody and control on this broad subject.

27   Mattel further objects to this Request on the grounds that it is improperly phrased as

28   a legal contention.  Mattel further objects to this Request on the grounds that it

1   seeks confidential, proprietary and trade secret information, such as current and

2   future Mattel marketing and pricing plans and strategies, that has no bearing on the

3   claims or defenses in this case.  Mattel further objects to this Request on the

4   grounds that it calls for information that is not relevant to this action or likely to

5   lead to the discovery of admissible evidence.

6

7   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
8   SHOULD BE COMPELLED**

9       Mattel has not agreed to produce documents in response to this request,

10  subject to its improper boilerplate objections.  Mattel has refused to confirm

11  whether or not it has produced all non-privileged responsive documents or whether

12  it is withholding documents based on its objections in Phase 2.  Under the Federal

13  Rules of Civil Procedure, "an objection to part of a request must specify the part

14  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

15  that fail to explain the basis for an objection with specificity are routinely rejected

16  in the Central District.  See <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186,

17  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

18  burdensome and harassing' are improper – especially when a party fails to submit

19  any evidentiary declarations supporting such objections").  Accordingly, Mattel

20  must be compelled either to certify that it has produced all non-privileged

21  responsive documents or to produce all such documents by a date certain.

22       To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24       As to overbreadth, Mattel provides no explanation, let alone the required

25  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28

1  contrary, the request is narrowly tailored to seek documents concerning similarities

2  or differences between BRATZ and "My Scene."

3      As to burden, Mattel has not attempted to demonstrate why responding to

4  this request and/or producing responsive documents presents any burden.  This

5  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

6  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7  request is unduly burdensome must allege specific facts which indicate the nature

8  and extent of the burden, usually by affidavit or other reliable evidence.")

9  Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11  has engaged in a broad variety of unfair trade practices including serial copying of

12  MGA products.  Mattel has made a claim of trade secret misappropriation against

13  MGA.  MGA is entitled to discovery on its claims, defenses, and damages.

14      This request does not seek documents protected by the attorney-client

15  privilege, the attorney work product doctrine, or other applicable privileges.  To the

16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17      Mattel objects that the request contains confidential, proprietary, and trade

18  secret information.  A Protective Order exists in this case, obviating any concern as

19  to protection of privacy rights and/or commercially sensitive information.

20      As for relevancy, Mattel has not attempted to demonstrate why the

21  information sought in response to this request is not discoverable in Phase 2.

22  Mattel has asserted a trade secret misappropriation claim against MGA.  If Mattel

23  contends that BRATZ has impacted its sales, profits or revenues from "My Scene"

24  as part of its damages, documents related to similarities or differences between

25  BRATZ and "My Scene" are highly relevant to MGA's claims, defenses, and

26  damages, including its defense against Mattel's trade secret misappropriation claim

27  and any damages Mattel may claim, and are discoverable in Phase 2.

28

1    None of Mattel's improper objections are valid and Mattel is obligated to

2    produce all non-privileged responsive documents in its possession, custody, or

3    control.

4

5    **REQUEST FOR PRODUCTION NO. 122:**

6    DOCUMENTS that name or are otherwise sufficient to identify the

7    individuals who worked on or were involved in any way with the conception,

8    creation, design and development of the "My Scene" styling head idea, concept or

9    products.

10    **RESPONSE TO REQUEST NO. 122:**

11    In addition to the general objections stated above, which are incorporated

12    herein by reference, Mattel objects to this Request on the grounds that it calls for

13    information that is not relevant to this action or likely to lead to the discovery of

14    admissible evidence.  Mattel further objects to this Request on the grounds that it

15    calls for the disclosure of information subject to the attorney-client privilege, the

16    attorney work-product doctrine and other applicable privileges.

17

18    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
      SHOULD BE COMPELLED**

19

20    Mattel has not agreed to produce documents in response to this request,

21    subject to its improper boilerplate objections.  Mattel has refused to confirm

22    whether or not it has produced all non-privileged responsive documents or whether

23    it is withholding documents based on its objections in Phase 2.  Under the Federal

24    Rules of Civil Procedure, "an objection to part of a request must specify the part

25    and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

26    that fail to explain the basis for an objection with specificity are routinely rejected

27    in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

28    188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

1   burdensome and harassing' are improper – especially when a party fails to submit

2   any evidentiary declarations supporting such objections").  Accordingly, Mattel

3   must be compelled either to certify that it has produced all non-privileged

4   responsive documents or to produce all such documents by a date certain.

5        To the extent that Mattel is relying on its blanket objections, they are not

6   sustainable and do not justify Mattel's failure to produce documents.

7        This request does not seek documents protected by the attorney-client

8   privilege, the attorney work product doctrine, or other applicable privileges.  To the

9   extent that Mattel contends that it does, Mattel must provide a privilege log.

10       As for relevancy, Mattel has not attempted to demonstrate why the

11   information sought in response to this request is not discoverable in Phase 2. On the

12   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

13   product lines, including it various dolls, packaging, themes, accessories, and

14   advertising. Mattel's "MY SCENE" is an example of one such accused Mattel

15   product line.  Documents related to the identification of individuals who worked on

16   or were involved with the conception, creation, design and development of "My

17   Scene" product are discoverable in Phase 2 and  highly relevant to MGA's claims,

18   including its allegation of serial copying by Mattel.

19       None of Mattel's improper objections are valid and Mattel is obligated to

20   produce all non-privileged responsive documents in its possession, custody, or

21   control.

22

23   **<u>REQUEST FOR PRODUCTION NO. 123:</u>**

24       All DOCUMENTS referring or relating to BRATZ or BRATZ

25   INTELLECTUAL PROPERTY that YOU have given or shown to any person

26   working on or involved in the conception, creation, design or development of the

27   "My Scene" styling head.

28

**RESPONSE TO REQUEST NO. 123:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request as vague and ambiguous, including without limitation the terms "Bratz" and "Bratz Intellectual Property."

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit

- 314 -

1    any evidentiary declarations supporting such objections").  Accordingly, Mattel

2    must be compelled either to certify that it has produced all non-privileged

3    responsive documents or to produce all such documents by a date certain.

4         To the extent that Mattel is relying on its blanket objections, they are not

5    sustainable and do not justify Mattel's failure to produce documents.

6         As to overbreadth, Mattel provides no explanation, let alone the required

7    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10   contrary, the request is narrowly tailored to seek documents concerning BRATZ

11   intellectual property that Mattel has given or shown to anyone working or involved

12   in the conception, design or development of "My Scene" styling head.

13        As to burden, Mattel has not attempted to demonstrate why responding to

14   this request and/or producing responsive documents presents any burden.  This

15   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

16   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17   request is unduly burdensome must allege specific facts which indicate the nature

18   and extent of the burden, usually by affidavit or other reliable evidence.")

19   Moreover, it is not unduly burdensome, as noted above, in that the request is

20   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

21   has engaged in a broad variety of unfair trade practices including serial copying of

22   MGA products.  MGA is entitled to discovery on these claims.

23        This request does not seek documents protected by the attorney-client

24   privilege, the attorney work product doctrine, or other applicable privileges.  To the

25   extent that Mattel contends that it does, Mattel must provide a privilege log.

26        Mattel objects that Mattel's actions in relation to the "Bratz" line of products

27   are not at issue in this action and are irrelevant to the claims and defenses in this

28   suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2 of

1   these consolidated proceedings.  Discovery relating to Bratz is likely to lead to

2   admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair

3   competition claim, Mattel's trade secret misappropriation claim, and both parties

4   damages claims.

5          As for relevancy, Mattel has not attempted to demonstrate why the

6   information sought in response to this request is not discoverable in Phase 2. On the

7   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

8   product lines, including its BRATZ product line, packaging, themes,

9   accessories, and advertising.  Mattel's "My Scene" is an example of one such

10   accused product.  Documents related to BRATZ intellectual property that Mattel

11   has given or shown to anyone working or involved in the conception, design or

12   development of "My Scene" styling head are highly relevant to MGA's claims,

13   including its allegation of serial copying by Mattel, and are discoverable in Phase 2.

14          None of Mattel's improper objections are valid and Mattel is obligated to

15   produce all non-privileged responsive documents in its possession, custody, or

16   control.

17

18   **REQUEST FOR PRODUCTION NO. 124:**

19          If YOU contend that BRATZ has impacted or affected YOUR sales, profits

20   or revenue from the "My Scene" styling head as part of YOUR damages in this

21   case, all DOCUMENTS, evidencing, demonstrating, discussing, mentioning,

22   referring, relating to or calculating that impact or affect.

23          **RESPONSE TO REQUEST NO. 124:**

24          In addition to the general objections stated above, which are incorporated

25   herein by reference, Mattel objects to this Request on the grounds that it is

26   unreasonably burdensome and premature in that the facts necessary to determine

27   the full nature and extent of Mattel's damages from defendant's acts or omissions

28   are known by defendants and third parties associated with defendants, but are not

1  known by Mattel at this juncture because of defendants' refusals to produce basic

2  discovery.  Mattel further objects to this Request on the grounds that it calls for the

3  disclosure of information subject to the attorney-client privilege, the attorney

4  work-product doctrine and other applicable privileges.  Mattel further objects to this

5  Request on the grounds that it is improperly phrased as a legal contention.

6

7  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
   **SHOULD BE COMPELLED**

8

9       Mattel has not agreed to produce documents in response to this request,

10  subject to its improper boilerplate objections.  Mattel has refused to confirm

11  whether or not it has produced all non-privileged responsive documents or whether

12  it is withholding documents based on its objections in Phase 2.  Under the Federal

13  Rules of Civil Procedure, "an objection to part of a request must specify the part

14  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

15  that fail to explain the basis for an objection with specificity are routinely rejected

16  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

17  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

18  burdensome and harassing' are improper – especially when a party fails to submit

19  any evidentiary declarations supporting such objections").  Accordingly, Mattel

20  must be compelled either to certify that it has produced all non-privileged

21  responsive documents or to produce all such documents by a date certain.

22       To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24       As to burden, Mattel has not attempted to demonstrate why responding to

25  this request and/or producing responsive documents presents any burden.  This

26  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

27  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

28  request is unduly burdensome must allege specific facts which indicate the nature

- 317 -

1   and extent of the burden, usually by affidavit or other reliable evidence.")

2   Moreover, it is not unduly burdensome, as noted above, in that the request is

3   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4   has engaged in a broad variety of unfair trade practices including serial copying of

5   MGA products.  In the event that Mattel contends that MGA's BRATZ impacted or

6   affected its sales, profits or revenue from its "My Scene" styling head as part of

7   Mattel's damage claims, the request is narrowly tailored to seek all documents

8   related to or calculating that impact or affect.

9       This request does not seek documents protected by the attorney-client

10  privilege, the attorney work product doctrine, or other applicable privileges.  To the

11  extent that Mattel contends that it does, Mattel must provide a privilege log.

12      As to relevancy, Mattel has not attempted to make any objections.  It

13  therefore concedes relevance.  MGA is entitled to all documents on the issue, and

14  not just those that Mattel chooses to produce in support of its claims.  Further,

15  Mattel's prayer for relief is extremely broad.  Because Mattel's pleadings seek such

16  broad relief, MGA is entitled to extremely broad discovery on these issues.

17      Mattel objects that the request contains confidential, proprietary, and trade

18  secret information.  A Protective Order exists in this case, obviating any concern as

19  to protection of privacy rights and/or commercially sensitive information.

20      None of Mattel's improper objections are valid and Mattel is obligated to

21  produce all non-privileged responsive documents in its possession, custody, or

22  control.

23

24  <u>**REQUEST FOR PRODUCTION NO. 125:**</u>

25      If YOU contend that BRATZ has impacted or affected YOUR sales, profits

26  or revenue from the "My Scene" styling head as part of YOUR damages in this

27  case, all DOCUMENTS evidencing, demonstrating, discussing, mentioning,

28  referring or relating to the "My Scene" styling head including, without limitation,

1   its creation, design, development, sales and marketing and all MARKET

2   RESEARCH and all sales and market analyses referring or relating to the "My

3   Scene" styling head.

4        **RESPONSE TO REQUEST NO. 125:**

5        In addition to the general objections stated above, which are incorporated

6   herein by reference, Mattel objects to this Request on the grounds that it is

7   unreasonably burdensome and premature in that the facts necessary to determine

8   the full nature and extent of Mattel's damages from defendant's acts or omissions

9   are known by defendants and third parties associated with defendants, but are not

10  known by Mattel at this juncture because of defendants' refusals to produce basic

11  discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

12  and oppressive in that it seeks "all" documents in Mattel's possession, custody and

13  control on this broad subject.  Mattel further objects to this Request on the grounds

14  that it calls for the disclosure of information subject to the attorney-client privilege,

15  the attorney work-product doctrine and other applicable privileges.  Mattel further

16  objects to this Request on the grounds that it is improperly phrased as a legal

17  contention.  Mattel further objects to this Request on the grounds that it seeks

18  confidential, proprietary and trade secret information, such as current and future

19  Mattel marketing and pricing plans and strategies, that has no bearing on the claims

20  or defenses in this case.

21

22        **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
          SHOULD BE COMPELLED**

23

24        Mattel has not agreed to produce documents in response to this request,

25  subject to its improper boilerplate objections.  Mattel has refused to confirm

26  whether or not it has produced all non-privileged responsive documents or whether

27  it is withholding documents based on its objections in Phase 2.  Under the Federal

28  Rules of Civil Procedure, "an objection to part of a request must specify the part

1    and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

2    that fail to explain the basis for an objection with specificity are routinely rejected

3    in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

4    188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

5    burdensome and harassing' are improper – especially when a party fails to submit

6    any evidentiary declarations supporting such objections").  Accordingly, Mattel

7    must be compelled either to certify that it has produced all non-privileged

8    responsive documents or to produce all such documents by a date certain.

9         To the extent that Mattel is relying on its blanket objections, they are not

10   sustainable and do not justify Mattel's failure to produce documents.

11        As to overbreadth, Mattel provides no explanation, let alone the required

12   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

13   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

14   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

15   contrary, the request is narrowly tailored to seek documents concerning "My

16   Scene" styling head .

17        As to burden, Mattel has not attempted to demonstrate why responding to

18   this request and/or producing responsive documents presents any burden.  This

19   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

20   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21   request is unduly burdensome must allege specific facts which indicate the nature

22   and extent of the burden, usually by affidavit or other reliable evidence.")

23   Moreover, it is not unduly burdensome, as noted above, in that the request is

24   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

25   has engaged in a broad variety of unfair trade practices including serial copying of

26   MGA products.  Mattel has made a claim of trade secret misappropriation against

27   MGA.  MGA is entitled to discovery on its claims, defenses and damages.

28

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4        Mattel objects that the request contains confidential, proprietary and trade

5    secret information.  A Protective Order exists in this case, obviating any concern as

6    to protection of privacy rights and/or commercially sensitive information.

7        As to relevancy, Mattel has not attempted to make any objections.  It

8    therefore concedes relevance.  In any event,  if Mattel contends that BRATZ has

9    impacted its sales, profits or revenues from "My Scene" styling head as part of its

10   damages, documents related to "My Scene" styling head are highly relevant

11   to MGA's defenses, and damages, including any damages Mattel may claim in its

12   trade secret misappropriation claim, and are discoverable in Phase 2.   MGA is

13   entitled to all documents on the issue, and not just those that Mattel chooses to

14   produce in support of its claims.  Further, Mattel's prayer for relief is extremely

15   broad.  Because Mattel's pleadings seek such broad relief, MGA is entitled to

16   extremely broad discovery on these issues.

17       None of Mattel's improper objections are valid and Mattel is obligated to

18   produce all non-privileged responsive documents in its possession, custody, or

19   control.

20

21   **REQUEST FOR PRODUCTION NO. 126:**

22       If YOU contend that BRATZ has impacted or affected YOUR sales, profits

23   or revenue from the "My Scene" styling head as part of YOUR damages in this

24   case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to,

25   or influencing Mattel's decision to create, design or develop the "My Scene" styling

26   head including, without limitation, the reasons for and factors influencing its

27   decision.

28

## RESPONSE TO REQUEST NO. 126:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery.  Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and strategies, that has no bearing on the claims or defenses in this case

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

   To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

   As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the event Mattel contends that BRATZ has impacted its sales, profits or revenues from the "My Scene" styling head as part of its damages, the request is narrowly tailored to seek documents concerning Mattel's decision to create, design or develop the "My  Scene" styling head.

   As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products.  Mattel has made a claim of trade secret misappropriation against MGA.  MGA is entitled to discovery on its claims, defenses and damages.  In the event Mattel contends that BRATZ has impacted its sales, profits or revenues from the "My Scene" styling head as part of its damages, the request is narrowly tailored

1    to seek documents concerning Mattel's decision to create, design or develop the

2    "My  Scene" styling head.

3        This request does not seek documents protected by the attorney-client

4    privilege, the attorney work product doctrine, or other applicable privileges.  To the

5    extent that Mattel contends that it does, Mattel must provide a privilege log.

6        Mattel objects that the request contains confidential, proprietary and trade

7    secret information.  A Protective Order exists in this case, obviating any concern as

8    to protection of privacy rights and/or commercially sensitive information.

9        As to relevancy, Mattel has not attempted to make any objections.  It

10   therefore concedes relevance.  In any event,  if Mattel contends that BRATZ has

11   impacted its sales, profits or revenues from the "My Scene" styling head as part of

12   its damages, documents concerning Mattel's decision to create, design or develop

13   the "My  Scene" styling head are highly relevant to MGA's defenses, and damages,

14   including any damages Mattel may claim in its trade secret misappropriation claim,

15   and are discoverable in Phase 2.   MGA is entitled to all documents on the issue,

16   and not just those that Mattel chooses to produce in support of its claims.  Further,

17   Mattel's prayer for relief is extremely broad.  Because Mattel's pleadings seek such

18   broad relief, MGA is entitled to extremely broad discovery on these issues.

19       None of Mattel's improper objections are valid and Mattel is obligated to

20   produce all non-privileged responsive documents in its possession, custody, or

21   control.

22

23   **<u>REQUEST FOR PRODUCTION NO. 127:</u>**

24       If YOU contend that BRATZ has impacted or affected YOUR sales, profits

25   or revenue from the "My Scene" styling head as part of YOUR damages in this

26   case, all NPD DOCUMENTS relied on for press statements and quarterly report

27   relating to the "My Scene" styling head.

28

1

**RESPONSE TO REQUEST NO. 127:**

2       In addition to the general objections stated above, which are incorporated

3   herein by reference, Mattel objects to this Request on the grounds that it is

4   unreasonably burdensome and premature in that the facts necessary to determine

5   the full nature and extent of Mattel's damages from defendant's acts or omissions

6   are known by defendants and third parties associated with defendants, but are not

7   known by Mattel at this juncture because of defendants' refusals to produce basic

8   discovery.  Mattel further objects to this Request on the grounds that it calls for the

9   disclosure of information subject to the attorney-client privilege, the attorney

10  work-product doctrine and other applicable privileges.  Mattel further objects to this

11  Request on the grounds that it is improperly phrased as a legal contention.  Mattel

12  further objects to this Request as overbroad and unduly burdensome in that it seeks

13  the disclosure of NPD data which is equally available to defendants in this action.

14

15  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

16

17      Mattel has not agreed to produce documents in response to this request,

18  subject to its improper boilerplate objections.  Mattel has refused to confirm

19  whether or not it has produced all non-privileged responsive documents or whether

20  it is withholding documents based on its objections in Phase 2.  Under the Federal

21  Rules of Civil Procedure, "an objection to part of a request must specify the part

22  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

23  that fail to explain the basis for an objection with specificity are routinely rejected

24  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

25  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

26  burdensome and harassing' are improper – especially when a party fails to submit

27  any evidentiary declarations supporting such objections").  Accordingly, Mattel

28

1   must be compelled either to certify that it has produced all non-privileged

2   responsive documents or to produce all such documents by a date certain.

3        To the extent that Mattel is relying on its blanket objections, they are not

4   sustainable and do not justify Mattel's failure to produce documents.

5        This request does not seek documents protected by the attorney-client

6   privilege, the attorney work product doctrine, or other applicable privileges.  To the

7   extent that Mattel contends that it does, Mattel must provide a privilege log.

8        Mattel objects that the request seeks NPD data that is equally available to

9   defendants.  The request seeks NPD data that Mattel relied upon for its press

10  statements and quarterly reports regarding "My Scene" styling head and this

11  information is not known or available to the defendants.  In any event, it is

12  improper for Mattel to withhold any responsive, non-privileged documents under

13  the guise that the documents may be equally available to defendants.

14       As to relevancy, Mattel has not attempted to make any objections.  It

15  therefore concedes relevance.  In any event,  if Mattel contends that BRATZ has

16  impacted its sales, profits or revenues from the "My Scene" styling head as part of

17  its damages, NPD documents that Mattel relied on for press statements and

18  quarterly report relating to the "My  Scene" styling head are highly relevant

19  to MGA's defenses and damages, including any damages Mattel may claim in its

20  trade secret misappropriation claim, and are discoverable in Phase 2.   MGA is

21  entitled to all documents on the issue, and not just those that Mattel chooses to

22  produce in support of its claims.  Further, Mattel's prayer for relief is extremely

23  broad.  Because Mattel's pleadings seek such broad relief, MGA is entitled to

24  extremely broad discovery on these issues.

25       None of Mattel's improper objections are valid and Mattel is obligated to

26  produce all non-privileged responsive documents in its possession, custody, or

27  control.

28

1  **REQUEST FOR PRODUCTION NO. 128:**

2      If YOU contend that BRATZ has impacted or affected YOUR sales, profits

3  or revenue from the "My Scene" styling head as part of YOUR damages in this

4  case, all DOCUMENTS used or referred to in creating and designing the "My

5  Scene" styling head including, without limitation, all DOCUMENTS that served as

6  artistic inspiration for any aspect, feature or element of the "My Scene" styling

7  head.

8      **RESPONSE TO REQUEST NO. 128:**

9      In addition to the general objections stated above, which are incorporated

10 herein by reference, Mattel objects to this Request on the grounds that it is

11 unreasonably burdensome and premature in that the facts necessary to determine

12 the full nature and extent of Mattel's damages from defendant's acts or omissions

13 are known by defendants and third parties associated with defendants, but are not

14 known by Mattel at this juncture because of defendants' refusals to produce basic

15 discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

16 and oppressive in that it seeks "all" documents in Mattel's possession, custody and

17 control on this broad subject.  Mattel further objects to this Request on the grounds

18 that it calls for the disclosure of information subject to the attorney-client privilege,

19 the attorney work-product doctrine and other applicable privileges.  Mattel further

20 objects to this Request on the grounds that it is improperly phrased as a legal

21 contention.  Mattel further objects to this Request on the grounds that it seeks

22 confidential, proprietary and trade secret information that has no bearing on the

23 claims or defenses in this case.  Mattel further objects to this Request as vague and

24 ambiguous.

25

26

27

28

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the event Mattel contends that BRATZ has impacted its sales, profits or revenues from the "My Scene" styling head as part of its damages, the request is narrowly tailored to seek documents concerning the creation or designing of "My Scene" styling head.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

1   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2   request is unduly burdensome must allege specific facts which indicate the nature

3   and extent of the burden, usually by affidavit or other reliable evidence.")

4   Moreover, it is not unduly burdensome, as noted above, in that the request is

5   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

6   has engaged in a broad variety of unfair trade practices including serial copying of

7   MGA products.  Mattel has made a claim of trade secret misappropriation against

8   MGA.  MGA is entitled to discovery on its claims, defenses and damages.  In the

9   event Mattel contends that BRATZ has impacted its sales, profits or revenues from

10  the "My Scene" styling head as part of its damages, the request is narrowly tailored

11  to seek documents concerning the creation or designing of "My Scene" styling

12  head.

13      This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges.  To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16      Mattel objects that the request contains confidential, proprietary and trade

17  secret information.  A Protective Order exists in this case, obviating any concern as

18  to protection of privacy rights and/or commercially sensitive information.

19      As to relevancy, Mattel has not attempted to make any objections.  It

20  therefore concedes relevance.  In any event,  if Mattel contends that BRATZ has

21  impacted its sales, profits or revenues from the "My Scene" styling head as part of

22  its damages, documents concerning the creation or designing of "My Scene" styling

23  head are highly relevant to MGA's defenses and damages, including any damages

24  Mattel may claim in its trade secret misappropriation claim, and are discoverable in

25  Phase 2.   MGA is entitled to all documents on the issue, and not just those that

26  Mattel chooses to produce in support of its claims.  Further, Mattel's prayer for

27  relief is extremely broad.  Because Mattel's pleadings seek such broad relief, MGA

28  is entitled to extremely broad discovery on these issues.

1    None of Mattel's improper objections are valid and Mattel is obligated to

2    produce all non-privileged responsive documents in its possession, custody, or

3    control.

4

5    **REQUEST FOR PRODUCTION NO. 129:**

6    If YOU contend that BRATZ has impacted or affected YOUR sales, profits

7    or revenue from the "My Scene" styling head as part of YOUR damages in this

8    case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to,

9    or influencing Mattel's decision to create, design, develop or abandon the "My

10   Scene" styling head including, without limitation, the reasons for and factors

11   influencing its decision.

12   **RESPONSE TO REQUEST NO. 129:**

13   In addition to the general objections stated above, which are incorporated

14   herein by reference, Mattel objects to this Request on the grounds that it is

15   unreasonably burdensome and premature in that the facts necessary to determine

16   the full nature and extent of Mattel's damages from defendant's acts or omissions

17   are known by defendants and third parties associated with defendants, but are not

18   known by Mattel at this juncture because of defendants' refusals to produce basic

19   discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

20   and oppressive in that it seeks "all" documents in Mattel's possession, custody and

21   control on this broad subject.  Mattel further objects to this Request on the grounds

22   that it calls for the disclosure of information subject to the attorney-client privilege,

23   the attorney work-product doctrine and other applicable privileges.  Mattel further

24   objects to this Request on the grounds that it is improperly phrased as a legal

25   contention.  Mattel further objects to this Request on the grounds that it seeks

26   confidential, proprietary and trade secret information, such as current and future

27   Mattel marketing and pricing plans and strategies, that has no bearing on the claims

28   or defenses in this case.

- 330 -

1     **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

2

3       Mattel has not agreed to produce documents in response to this request,

4 subject to its improper boilerplate objections.  Mattel has refused to confirm

5 whether or not it has produced all non-privileged responsive documents or whether

6 it is withholding documents based on its objections in Phase 2.  Under the Federal

7 Rules of Civil Procedure, "an objection to part of a request must specify the part

8 and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

9 that fail to explain the basis for an objection with specificity are routinely rejected

10 in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

11 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

12 burdensome and harassing' are improper – especially when a party fails to submit

13 any evidentiary declarations supporting such objections").  Accordingly, Mattel

14 must be compelled either to certify that it has produced all non-privileged

15 responsive documents or to produce all such documents by a date certain.

16       To the extent that Mattel is relying on its blanket objections, they are not

17 sustainable and do not justify Mattel's failure to produce documents.

18       As to overbreadth, Mattel provides no explanation, let alone the required

19 particularity, as to *why* this request is supposedly overly broad, nor can it do so.

20 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

21 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

22 event Mattel contends that BRATZ has impacted its sales, profits or revenues from

23 the "My Scene" styling head as part of its damages, the request is narrowly tailored

24 to seek documents concerning Mattel's decision to create, design, develop or

25 abandon the "My Scene" styling head.

26       As to burden, Mattel has not attempted to demonstrate why responding to

27 this request and/or producing responsive documents presents any burden.  This

28 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products.  Mattel has made a claim of trade secret misappropriation against MGA.  MGA is entitled to discovery on its claims, defenses and damages.  In the event Mattel contends that BRATZ has impacted its sales, profits or revenues from the "My Scene" styling head as part of its damages, the request is narrowly tailored to seek documents concerning Mattel's decision to create, design, develop or abandon the "My Scene" styling head.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

As to relevancy, Mattel has not attempted to make any objections.  It therefore concedes relevance.  In any event,  if Mattel contends that BRATZ has impacted its sales, profits or revenues from the "My Scene" styling head as part of its damages, documents concerning Mattel's decision to create, design, develop or abandon the "My  Scene" styling head are highly relevant to MGA's defenses, and damages, including any damages Mattel may claim in its trade secret misappropriation claim, and are discoverable in Phase 2.  MGA is entitled to all documents on the issue, and not just those that Mattel chooses to produce in support of its claims.  Further, Mattel's prayer for relief is extremely broad.  Because

1   Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad

2   discovery on these issues.

3         None of Mattel's improper objections are valid and Mattel is obligated to

4   produce all non-privileged responsive documents in its possession, custody, or

5   control.

6

7   **REQUEST FOR PRODUCTION NO. 130:**

8         If YOU contend that BRATZ has impacted or affected YOUR sales, profits

9   or revenue from the "My Scene" styling head as part of YOUR damages in this

10  case, all DOCUMENTS evidencing, detailing, discussing, describing, depicting,

11  mentioning, referring to, or relating to the similarities or differences between

12  BRATZ on the one hand and the "My Scene" styling head on the other.

13        **RESPONSE TO REQUEST NO. 130:**

14        In addition to the general objections stated above, which are incorporated

15  herein by reference, Mattel objects to this Request on the grounds that it is

16  unreasonably burdensome and premature in that the facts necessary to determine

17  the full nature and extent of Mattel's damages from defendant's acts or omissions

18  are known by defendants and third parties associated with defendants, but are not

19  known by Mattel at this juncture because of defendants' refusals to produce basic

20  discovery.  Mattel further objects to this Request on the grounds that it calls for the

21  disclosure of information subject to the attorney-client privilege, the attorney

22  work-product doctrine and other applicable privileges.  Mattel further objects to this

23  Request on the grounds that it is improperly phrased as a legal contention.  Mattel

24  further objects to this Request on the grounds that it seeks confidential, proprietary

25  and trade secret information that has no bearing on the claims or defenses in this

26  case.  Mattel further objects to this Request on the grounds that it calls for

27  information that is not relevant to this action or likely to lead to the discovery of

28  admissible evidence.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential, proprietary, and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

As to relevancy, Mattel has not attempted to make any objections.  It therefore concedes relevance.  In any event,  if Mattel contends that BRATZ has impacted its sales, profits or revenues from "My Scene" styling head as part of its damages, documents related to similarities or differences between BRATZ and "My Scene" styling head are highly relevant to MGA's claims, defenses, and damages,

1   including its defense against Mattel's trade secret misappropriation claim and any

2   damages Mattel may claim, and are discoverable in Phase 2.  MGA is entitled to all

3   documents on the issue, and not just those that Mattel chooses to produce in support

4   of its claims.  Further, Mattel's prayer for relief is extremely broad.  Because

5   Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad

6   discovery on these issues.

7        None of Mattel's improper objections are valid and Mattel is obligated to

8   produce all non-privileged responsive documents in its possession, custody, or

9   control.

10

11  **REQUEST FOR PRODUCTION NO. 131:**

12       If YOU contend that BRATZ has impacted or affected YOUR sales, profits

13  or revenue from, or development of, "Diva Starz" as part of YOUR damages in this

14  case, all DOCUMENTS that name or are otherwise sufficient to identify the

15  individuals who worked on or were involved in any way with the conception,

16  creation, design, development, sales and marketing of the "Diva Starz" idea,

17  concept or products.

18       **RESPONSE TO REQUEST NO. 131:**

19       In addition to the general objections stated above, which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it is

21  unreasonably burdensome and premature in that the facts necessary to determine

22  the full nature and extent of Mattel's damages from defendant's acts or omissions

23  are known by defendants and third parties associated with defendants, but are not

24  known by Mattel at this juncture because of defendants' refusals to produce basic

25  discovery.  Mattel further objects to this Request on the grounds that it calls for the

26  disclosure of information subject to the attorney-client privilege, the attorney work-

27  product doctrine and other applicable privileges.  Mattel further objects to this

28  Request on the grounds that it is improperly phrased as a legal contention.  Mattel

1  further objects to this Request on the grounds that it seeks confidential, proprietary

2  and trade secret information that has no bearing on the claims or defenses in this

3  case.

4

5  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
   **SHOULD BE COMPELLED**

6

7  Mattel has not agreed to produce documents in response to this request,

8  subject to its improper boilerplate objections.  Mattel has refused to confirm

9  whether or not it has produced all non-privileged responsive documents or whether

10  it is withholding documents based on its objections in Phase 2.  Under the Federal

11  Rules of Civil Procedure, "an objection to part of a request must specify the part

12  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

13  that fail to explain the basis for an objection with specificity are routinely rejected

14  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

15  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

16  burdensome and harassing' are improper – especially when a party fails to submit

17  any evidentiary declarations supporting such objections").  Accordingly, Mattel

18  must be compelled either to certify that it has produced all non-privileged

19  responsive documents or to produce all such documents by a date certain.

20  To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.

22  As to overbreadth, Mattel provides no explanation, let alone the required

23  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

24  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

26  event that Mattel contends that MGA's BRATZ impacted or affected its sales,

27  profits or revenue from its "Diva Starz" line as part of Mattel's damage claims, the

28  request is narrowly tailored to seek all documents that are sufficient to identify the

1   individuals who were involved in the conception, creation, design, development,

2   sales and marketing of the "Diva Starz" idea, concepts or products.

3       As to burden, Mattel has not attempted to demonstrate why responding to

4   this request and/or producing responsive documents presents any burden.  This

5   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

6   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7   request is unduly burdensome must allege specific facts which indicate the nature

8   and extent of the burden, usually by affidavit or other reliable evidence.")

9   Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11  has engaged in a broad variety of unfair trade practices including serial copying of

12  MGA products.

13      This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges.  To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16      As to relevancy, Mattel has not attempted to make any objections.  It

17  therefore concedes relevance. MGA is entitled to all documents on the issue, and

18  not just those that Mattel chooses to produce in support of its claims.

19      Mattel objects that the request contains confidential, proprietary, and trade

20  secret information.  A Protective Order exists in this case, obviating any concern as

21  to protection of privacy rights and/or commercially sensitive information.

22      None of Mattel's improper objections are valid and Mattel is obligated to

23  produce all non-privileged responsive documents in its possession, custody, or

24  control.

25

26  **REQUEST FOR PRODUCTION NO. 132:**

27      If YOU contend that BRATZ has impacted or affected YOUR sales, profits

28  or revenue from, or development of, "Diva Starz" as part of YOUR damages in this

case, all DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring, relating to or calculating that impact or affect.

**RESPONSE TO REQUEST NO. 132:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 132:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request as premature in that it seeks expert discovery. Such discovery will be disclosed only at the time, and in the manner required by, the Rules and the Court's Orders. Mattel further objects to this Request on the grounds that it is

1   duplicative of or subsumed within other Requests within this set of requests,

2   duplicative of or subsumed within prior Requests already responded to in this

3   litigation, and seeks the re-production of information and documents already

4   produced in this action.  Such information and documents will not be

5   re-produced.  Subject to and without waiving the foregoing general and specific

6   objections, if and to the extent Mattel so contends, Mattel will produce

7   responsive, non-privileged documents relating to the fact of damage in its

8   possession, custody or control, which it has been able to locate after a diligent

9   search and reasonable inquiry, to the extent not previously produced.

10  Furthermore, this topic may be the subject of expert testimony and disclosure,

11  which will be produced at the time and in the manner required by the <u>Rules</u> or

12  Court Order.

13          **<u>SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 132:</u>**

14          In addition to the general objections stated above, which are incorporated

15  herein by reference, Mattel objects to this Request on the grounds that it is

16  unreasonably burdensome and premature in that the facts necessary to determine

17  the full nature and extent of Mattel's damages from defendant's acts or omissions

18  are known by defendants and third parties associated with defendants, but are not

19  known by Mattel at this juncture because of defendants' refusals to produce basic

20  discovery.  Mattel further objects to this Request on the grounds that it calls for the

21  disclosure of information subject to the attorney-client privilege, the attorney

22  work-product doctrine and other applicable privileges.  Mattel further objects to this

23  Request on the grounds that it is improperly phrased as a legal contention.  Mattel

24  further objects to this Request as premature in that it seeks expert discovery.  Such

25  discovery will be disclosed only at the time, and in the manner required by, the

26  <u>Rules</u> and the Court's Orders.  Mattel further objects to this Request on the grounds

27  that it is duplicative of or subsumed within other Requests within this set of

28  requests, duplicative of or subsumed within prior Requests already responded to in

1   this litigation, and seeks the re-production of information and documents already

2   produced in this action.  Such information and documents will not be re-produced.

3   Subject to and without waiving the foregoing general and specific objections, if and

4   to the extent Mattel so contends, Mattel will produce responsive, non-privileged

5   documents relating to the fact of damage in its possession, custody or control,

6   which it has been able to locate after a diligent search and reasonable inquiry, to the

7   extent not previously produced.  Furthermore, this topic may be the subject of

8   expert testimony and disclosure, which will be produced at the time and in the

9   manner required by the <u>Rules</u> or Court Order.

10   **CORRECTED SECOND SUPPLEMENTAL RESPONSE TO**
11   **REQUEST NO. 132**:

12       In addition to the general objections stated above, which are incorporated

13   herein by reference, Mattel objects to this Request on the grounds that it is

14   unreasonably burdensome and premature in that the facts necessary to determine

15   the full nature and extent of Mattel's damages from defendant's acts or omissions

16   are known by defendants and third parties associated with defendants, but are not

17   known by Mattel at this juncture because of defendants' refusals to produce basic

18   discovery.  Mattel further objects to this Request on the grounds that it calls for the

19   disclosure of information subject to the attorney-client privilege, the attorney

20   work-product doctrine and other applicable privileges.  Mattel further objects to this

21   Request on the grounds that it is improperly phrased as a legal contention.  Mattel

22   further objects to this Request as premature in that it seeks expert discovery.  Such

23   discovery will be disclosed only at the time, and in the manner required by, the

24   <u>Rules</u> and the Court's Orders.  Mattel further objects to this Request on the grounds

25   that it is duplicative of or subsumed within other Requests within this set of

26   requests, duplicative of or subsumed within prior Requests already responded to in

27   this litigation, and seeks the re-production of information and documents already

28   produced in this action.  Such information and documents will not be re-produced.

- 340 -

1   Subject to and without waiving the foregoing general and specific objections, if and

2   to the extent Mattel so contends, Mattel will produce responsive, non-privileged

3   documents relating to the fact of damage in its possession, custody or control,

4   which it has been able to locate after a diligent search and reasonable inquiry, to the

5   extent not previously produced.  Furthermore, this topic may be the subject of

6   expert testimony and disclosure, which will be produced at the time and in the

7   manner required by the <u>Rules</u> or Court Order.

8

9   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

10

11   Mattel has not agreed to produce documents in response to this request,

12   subject to its improper boilerplate objections.  Mattel has refused to confirm

13   whether or not it has produced all non-privileged responsive documents or whether

14   it is withholding documents based on its objections in Phase 2.  Under the Federal

15   Rules of Civil Procedure, "an objection to part of a request must specify the part

16   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

17   that fail to explain the basis for an objection with specificity are routinely rejected

18   in the Central District.  <u>See</u> <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186,

19   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

20   burdensome and harassing' are improper – especially when a party fails to submit

21   any evidentiary declarations supporting such objections").  Accordingly, Mattel

22   must be compelled either to certify that it has produced all non-privileged

23   responsive documents or to produce all such documents by a date certain.

24   To the extent that Mattel is relying on its blanket objections, they are not

25   sustainable and do not justify Mattel's failure to produce documents.

26   As to overbreadth, Mattel provides no explanation, let alone the required

27   particularity, as to ***why*** this request is supposedly overly broad, nor can it do so.

28   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

1    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

2    event that Mattel contends that MGA's BRATZ impacted or affected its sales,

3    profits or revenue from its "Diva Starz" line as part of Mattel's damage claims, the

4    request is narrowly tailored to seek all documents related to or calculating that

5    impact or affect.

6        As to burden, Mattel has not attempted to demonstrate why responding to

7    this request and/or producing responsive documents presents any burden.  This

8    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

9    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

10   request is unduly burdensome must allege specific facts which indicate the nature

11   and extent of the burden, usually by affidavit or other reliable evidence.")

12   Moreover, it is not unduly burdensome, as noted above, in that the request is

13   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

14   has engaged in a broad variety of unfair trade practices including serial copying of

15   MGA products.

16       This request does not seek documents protected by the attorney-client

17   privilege, the attorney work product doctrine, or other applicable privileges.  To the

18   extent that Mattel contends that it does, Mattel must provide a privilege log.

19       As to relevancy, Mattel has not attempted to make any objections.  It

20   therefore concedes relevance. MGA is entitled to all documents on the issue, and

21   not just those that Mattel chooses to produce in support of its claims.

22       Mattel objects that the request is duplicative or subsumed within prior

23   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

24   agree to produce responsive non-privileged documents is not proper based on this

25   objection.

26       Mattel objects that the request contains confidential, proprietary, and trade

27   secret information.  A Protective Order exists in this case, obviating any concern as

28   to protection of privacy rights and/or commercially sensitive information.

1    None of Mattel's improper objections are valid and Mattel is obligated to

2  produce all non-privileged responsive documents in its possession, custody, or

3  control.

4

5  **REQUEST FOR PRODUCTION NO. 133:**

6    If YOU contend that BRATZ has impacted or affected YOUR sales, profits

7  or revenue from, or development of, "Diva Starz" as part of YOUR damages in this

8  case, all DOCUMENTS evidencing, demonstrating, discussing, mentioning,

9  referring or relating to "Diva Starz," including, without limitation, its creation,

10  design, development, sales and marketing and all MARKET RESEARCH and all

11  sales and market analyses referring or relating to "Diva Starz".

12  **RESPONSE TO REQUEST NO. 133:**

13    In addition to the general objections stated above, which are incorporated

14  herein by reference, Mattel objects to this Request on the grounds that it is

15  unreasonably burdensome and premature in that the facts necessary to determine

16  the full nature and extent of Mattel's damages from defendant's acts or omissions

17  are known by defendants and third parties associated with defendants, but are not

18  known by Mattel at this juncture because of defendants' refusals to produce basic

19  discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

20  and oppressive in that it seeks "all" documents in Mattel's possession, custody and

21  control on this broad subject.  Mattel further objects to this Request on the grounds

22  that it calls for the disclosure of information subject to the attorney-client privilege,

23  the attorney work-product doctrine and other applicable privileges.  Mattel further

24  objects to this Request on the grounds that it is improperly phrased as a legal

25  contention.  Mattel further objects to this Request on the grounds that it seeks

26  confidential, proprietary and trade secret information, such as current and future

27  Mattel marketing and pricing plans and strategies, that has no bearing on the claims

28  or defenses in this case.

1

2

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

3   Mattel has not agreed to produce documents in response to this request,

4   subject to its improper boilerplate objections.  Mattel has refused to confirm

5   whether or not it has produced all non-privileged responsive documents or whether

6   it is withholding documents based on its objections in Phase 2.  Under the Federal

7   Rules of Civil Procedure, "an objection to part of a request must specify the part

8   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

9   that fail to explain the basis for an objection with specificity are routinely rejected

10  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

11  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

12  burdensome and harassing' are improper – especially when a party fails to submit

13  any evidentiary declarations supporting such objections").  Accordingly, Mattel

14  must be compelled either to certify that it has produced all non-privileged

15  responsive documents or to produce all such documents by a date certain.

16  To the extent that Mattel is relying on its blanket objections, they are not

17  sustainable and do not justify Mattel's failure to produce documents.

18  As to overbreadth, Mattel provides no explanation, let alone the required

19  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

20  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

21  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

22  event that Mattel contends that MGA's BRATZ impacted or affected its sales,

23  profits or revenue from its "Diva Starz" line as part of Mattel's damage claims, the

24  request is narrowly tailored to seek all documents related to "Diva Starz" including,

25  without limitation, its creation, design, development, sales and marketing and all

26  market research and market analyses related to "Diva Starz."

27  As to burden, Mattel has not attempted to demonstrate why responding to

28  this request and/or producing responsive documents presents any burden.  This

- 344 -

1  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

2  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3  request is unduly burdensome must allege specific facts which indicate the nature

4  and extent of the burden, usually by affidavit or other reliable evidence.")

5  Moreover, it is not unduly burdensome, as noted above, in that the request is

6  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7  has engaged in a broad variety of unfair trade practices including serial copying of

8  MGA products.

9       This request does not seek documents protected by the attorney-client

10 privilege, the attorney work product doctrine, or other applicable privileges.  To the

11 extent that Mattel contends that it does, Mattel must provide a privilege log.

12      As to relevancy, Mattel has not attempted to make any objections.  It

13 therefore concedes relevance. MGA is entitled to all documents on the issue, and

14 not just those that Mattel chooses to produce in support of its claims.

15      Mattel objects that the request contains confidential, proprietary, and trade

16 secret information.  A Protective Order exists in this case, obviating any concern as

17 to protection of privacy rights and/or commercially sensitive information.

18      None of Mattel's improper objections are valid and Mattel is obligated to

19 produce all non-privileged responsive documents in its possession, custody, or

20 control.

21

22 **REQUEST FOR PRODUCTION NO. 134:**

23      If YOU contend that BRATZ has impacted or affected YOUR sales, profits

24 or revenue from, or development of, "Diva Starz" as part of YOUR damages in this

25 case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to,

26 or influencing Mattel's decision to create, design or develop "Diva Starz,"

27 including, without limitation, the reasons for and factors influencing its decision.

28

**RESPONSE TO REQUEST NO. 134:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and strategies, that has no bearing on the claims or defenses in this case.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 134:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject. Mattel further objects to this Request on the grounds that it calls for the disclosure of

1   information subject to the attorney-client privilege, the attorney work-product

2   doctrine and other applicable privileges.  Mattel further objects to this Request

3   on the grounds that it is improperly phrased as a legal contention.  Mattel

4   further objects to this Request on the grounds that it seeks confidential,

5   proprietary and trade secret information, such as current and future Mattel

6   marketing and pricing plans and strategies, that has no bearing on the claims or

7   defenses in this case.  Mattel further objects to this Request on the grounds that

8   it is duplicative of or subsumed within other Requests within this set of

9   requests, duplicative of or subsumed within prior Requests already responded to

10  in this litigation, and seeks the re-production of information and documents

11  already produced in this action.  Such information and documents will not be

12  re-produced.  Subject to and without waiving the foregoing general and specific

13  objections, if and to the extent Mattel so contends, Mattel will produce

14  responsive, non-privileged documents relating to the fact of damage in its

15  possession, custody or control, which it has been able to locate after a diligent

16  search and reasonable inquiry, to the extent not previously produced.

17  Furthermore, this topic may be the subject of expert testimony and disclosure,

18  which will be produced at the time and in the manner required by the <u>Rules</u> or

19  Court Order.

20       **<u>SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 134:</u>**

21       In addition to the general objections stated above, which are incorporated

22  herein by reference, Mattel objects to this Request on the grounds that it is

23  unreasonably burdensome and premature in that the facts necessary to determine

24  the full nature and extent of Mattel's damages from defendant's acts or omissions

25  are known by defendants and third parties associated with defendants, but are not

26  known by Mattel at this juncture because of defendants' refusals to produce basic

27  discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

28  and oppressive in that it seeks "all" documents in Mattel's possession, custody and

1    control on this broad subject.  Mattel further objects to this Request on the grounds

2    that it calls for the disclosure of information subject to the attorney-client privilege,

3    the attorney work-product doctrine and other applicable privileges.  Mattel further

4    objects to this Request on the grounds that it is improperly phrased as a legal

5    contention.  Mattel further objects to this Request on the grounds that it seeks

6    confidential, proprietary and trade secret information, such as current and future

7    Mattel marketing and pricing plans and strategies, that has no bearing on the claims

8    or defenses in this case.  Mattel further objects to this Request on the grounds that it

9    is duplicative of or subsumed within other Requests within this set of requests,

10   duplicative of or subsumed within prior Requests already responded to in this

11   litigation, and seeks the re-production of information and documents already

12   produced in this action.  Such information and documents will not be re-produced.

13   Subject to and without waiving the foregoing general and specific objections, if and

14   to the extent Mattel so contends, Mattel will produce responsive, non-privileged

15   documents relating to the fact of damage in its possession, custody or control,

16   which it has been able to locate after a diligent search and reasonable inquiry, to the

17   extent not previously produced.  Furthermore, this topic may be the subject of

18   expert testimony and disclosure, which will be produced at the time and in the

19   manner required by the <u>Rules</u> or Court Order.

20   **<u>CORRECTED SECOND SUPPLEMENTAL RESPONSE TO

21   REQUEST NO. 134:</u>**

22        In addition to the general objections stated above, which are incorporated

23   herein by reference, Mattel objects to this Request on the grounds that it is

24   unreasonably burdensome and premature in that the facts necessary to determine

25   the full nature and extent of Mattel's damages from defendant's acts or omissions

26   are known by defendants and third parties associated with defendants, but are not

27   known by Mattel at this juncture because of defendants' refusals to produce basic

28   discovery. Mattel further objects to this Request as overbroad, unduly burdensome

and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and strategies, that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other Requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced.  Subject to and without waiving the foregoing general and specific objections, if and to the extent Mattel so contends, Mattel will produce responsive, non-privileged documents relating to the fact of damage in its possession, custody or control, which it has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.  Furthermore, this topic may be the subject of expert testimony and disclosure, which will be produced at the time and in the manner required by the <u>Rules</u> or Court Order.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part

1    and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

2    that fail to explain the basis for an objection with specificity are routinely rejected

3    in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

4    188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

5    burdensome and harassing' are improper – especially when a party fails to submit

6    any evidentiary declarations supporting such objections").  Accordingly, Mattel

7    must be compelled either to certify that it has produced all non-privileged

8    responsive documents or to produce all such documents by a date certain.

9          To the extent that Mattel is relying on its blanket objections, they are not

10   sustainable and do not justify Mattel's failure to produce documents.

11         As to overbreadth, Mattel provides no explanation, let alone the required

12   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

13   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

14   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

15   event that Mattel contends that MGA's BRATZ impacted or affected its sales,

16   profits or revenue from its "Diva Starz" line as part of Mattel's damage claims, the

17   request is narrowly tailored to seek all documents (including market research) that

18   is related influencing Mattel's decision to create, design, or develop "Diva Starz"

19   including the reasons influencing its decision.

20         As to burden, Mattel has not attempted to demonstrate why responding to

21   this request and/or producing responsive documents presents any burden.  This

22   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

23   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24   request is undoubtedly burdensome must allege specific facts which indicate the nature

25   and extent of the burden, usually by affidavit or other reliable evidence.")

26   Moreover, it is not unduly burdensome, as noted above, in that the request is

27   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

28

1   has engaged in a broad variety of unfair trade practices including serial copying of

2   MGA products.

3         This request does not seek documents protected by the attorney-client

4   privilege, the attorney work product doctrine, or other applicable privileges.  To the

5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6         As to relevancy, Mattel has not attempted to make any objections.  It

7   therefore concedes relevance. MGA is entitled to all documents on the issue, and

8   not just those that Mattel chooses to produce in support of its claims.

9         Mattel objects that the request is duplicative or subsumed within prior

10  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

11  agree to produce responsive non-privileged documents is not proper based on this

12  objection.

13        Mattel objects that the request contains confidential, proprietary, and trade

14  secret information.  A Protective Order exists in this case, obviating any concern as

15  to protection of privacy rights and/or commercially sensitive information.

16        None of Mattel's improper objections are valid and Mattel is obligated to

17  produce all non-privileged responsive documents in its possession, custody, or

18  control.

19

20  **REQUEST FOR PRODUCTION NO. 135:**

21        If YOU contend that BRATZ has impacted or affected YOUR sales, profits

22  or revenue from, or development of, "Diva Starz" as part of YOUR damages in this

23  case, all NPD DOCUMENTS relied on for press statements and quarterly report

24  relating to "Diva Starz"

25        **RESPONSE TO REQUEST NO. 135:**

26        In addition to the general objections stated above, which are incorporated

27  herein by reference, Mattel objects to this Request on the grounds that it is

28  unreasonably burdensome and premature in that the facts necessary to determine

1   the full nature and extent of Mattel's damages from defendant's acts or omissions
2   are known by defendants and third parties associated with defendants, but are not
3   known by Mattel at this juncture because of defendants' refusals to produce basic
4   discovery.  Mattel further objects to this Request on the grounds that it calls for the
5   disclosure of information subject to the attorney-client privilege, the attorney work-
6   product doctrine and other applicable privileges.  Mattel further objects to this
7   Request on the grounds that it is improperly phrased as a legal contention.  Mattel
8   further objects to this Request as overbroad and unduly burdensome in that it seeks
9   the disclosure of NPD data which is equally available to defendants in this action.

10

11   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
12   **SHOULD BE COMPELLED**

13   Mattel has not agreed to produce documents in response to this request,
14   subject to its improper boilerplate objections.  Mattel has refused to confirm
15   whether or not it has produced all non-privileged responsive documents or whether
16   it is withholding documents based on its objections in Phase 2.  Under the Federal
17   Rules of Civil Procedure, "an objection to part of a request must specify the part
18   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections
19   that fail to explain the basis for an objection with specificity are routinely rejected
20   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,
21   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly
22   burdensome and harassing' are improper – especially when a party fails to submit
23   any evidentiary declarations supporting such objections").  Accordingly, Mattel
24   must be compelled either to certify that it has produced all non-privileged
25   responsive documents or to produce all such documents by a date certain.

26   To the extent that Mattel is relying on its blanket objections, they are not
27   sustainable and do not justify Mattel's failure to produce documents.

28

1   As to overbreadth, Mattel provides no explanation, let alone the required

2   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

5   event that Mattel contends that MGA's BRATZ impacted or affected its sales,

6   profits or revenue from its "Diva Starz" line as part of Mattel's damage claims, the

7   request is narrowly tailored to seek all NPD documents relied on for press

8   statements and quarterly reports relating to "Diva Starz."

9   As to burden, Mattel has not attempted to demonstrate why responding to

10   this request and/or producing responsive documents presents any burden.  This

11   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

12   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

13   request is unduly burdensome must allege specific facts which indicate the nature

14   and extent of the burden, usually by affidavit or other reliable evidence.")

15   Moreover, it is not unduly burdensome, as noted above, in that the request is

16   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

17   has engaged in a broad variety of unfair trade practices including serial copying of

18   MGA products.

19   This request does not seek documents protected by the attorney-client

20   privilege, the attorney work product doctrine, or other applicable privileges.  To the

21   extent that Mattel contends that it does, Mattel must provide a privilege log.

22   As to relevancy, Mattel has not attempted to make any objections.  It

23   therefore concedes relevance. MGA is entitled to all documents on the issue, and

24   not just those that Mattel chooses to produce in support of its claims.

25   Mattel objects that the request contains confidential, proprietary, and trade

26   secret information.  A Protective Order exists in this case, obviating any concern as

27   to protection of privacy rights and/or commercially sensitive information.

28

1     None of Mattel's improper objections are valid and Mattel is obligated to

2  produce all non-privileged responsive documents in its possession, custody, or

3  control.

4

5  **REQUEST FOR PRODUCTION NO. 136:**

6     If YOU contend that BRATZ has impacted or affected YOUR sales, profits

7  or revenue from "Diva Starz" as part of YOUR damages in this case, all

8  DOCUMENTS used or referred to in creating and designing "Diva Starz"

9  including, without limitation, all DOCUMENTS that served as artistic inspiration

10  for any aspect, feature or element of "Diva Starz".

11     **RESPONSE TO REQUEST NO. 136:**

12     In addition to the general objections stated above, which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it is

14  unreasonably burdensome and premature in that the facts necessary to determine

15  the full nature and extent of Mattel's damages from defendant's acts or omissions

16  are known by defendants and third parties associated with defendants, but are not

17  known by Mattel at this juncture because of defendants' refusals to produce basic

18  discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

19  and oppressive in that it seeks "all" documents in Mattel's possession, custody and

20  control on this broad subject.  Mattel further objects to this Request on the grounds

21  that it calls for the disclosure of information subject to the attorney-client privilege,

22  the attorney work-product doctrine and other applicable privileges.  Mattel further

23  objects to this Request on the grounds that it is improperly phrased as a legal

24  contention.  Mattel further objects to this Request on the grounds that it seeks

25  confidential, proprietary and trade secret information that has no bearing on the

26  claims or defenses in this case.  Mattel further objects to this Request on the

27  grounds that it calls for information that is not relevant to this action or likely to

28

1  lead to the discovery of admissible evidence.  Mattel further objects to this Request

2  as vague and ambiguous.

3  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 136:**

4  In addition to the general objections stated above, which are incorporated

5  herein by reference, Mattel objects to this Request on the grounds that it is

6  unreasonably burdensome and premature in that the facts necessary to

7  determine the full nature and extent of Mattel's damages from defendant's acts

8  or omissions are known by defendants and third parties associated with

9  defendants, but are not known by Mattel at this juncture because of defendants'

10  refusals to produce basic discovery.  Mattel further objects to this Request as

11  overbroad, unduly burdensome and oppressive in that it seeks "all" documents

12  in Mattel's possession, custody and control on this broad subject.  Mattel

13  further objects to this Request on the grounds that it calls for the disclosure of

14  information subject to the attorney-client privilege, the attorney work-product

15  doctrine and other applicable privileges.  Mattel further objects to this Request

16  on the grounds that it is improperly phrased as a legal contention.  Mattel

17  further objects to this Request on the grounds that it seeks confidential,

18  proprietary and trade secret information that has no bearing on the claims or

19  defenses in this case.  Mattel further objects to this Request on the grounds that

20  it calls for information that is not relevant to this action or likely to lead to the

21  discovery of admissible evidence.  Mattel further objects to this Request as

22  vague and ambiguous.  Mattel further objects to this Request on the grounds

23  that it is duplicative of or subsumed within other Requests within this set of

24  requests, duplicative of or subsumed within prior Requests already responded to

25  in this litigation, and seeks the re-production of information and documents

26  already produced in this action.  Such information and documents will not be

27  re-produced.  Subject to and without waiving the foregoing general and specific

28  objections, if and to the extent Mattel so contends, Mattel will produce

1  responsive, non-privileged documents in its possession, custody or control,

2  which it has been able to locate after a diligent search and reasonable inquiry

3  and which relate to those aspects, features or elements of "Diva Starz" at issue

4  in this lawsuit, to the extent not already produced.  Furthermore, this topic may

5  be the subject of expert testimony and disclosure, which will be produced at the

6  time and in the manner required by the <u>Rules</u> or Court Order.

7  **<u>SECOND SUPPLEMENTAL RESPONSE TO REQUEST NO. 136:</u>**

8  In addition to the general objections stated above, which are incorporated

9  herein by reference, Mattel objects to this Request on the grounds that it is

10  unreasonably burdensome and premature in that the facts necessary to determine

11  the full nature and extent of Mattel's damages from defendant's acts or omissions

12  are known by defendants and third parties associated with defendants, but are not

13  known by Mattel at this juncture because of defendants' refusals to produce basic

14  discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

15  and oppressive in that it seeks "all" documents in Mattel's possession, custody and

16  control on this broad subject.  Mattel further objects to this Request on the grounds

17  that it calls for the disclosure of information subject to the attorney-client privilege,

18  the attorney work-product doctrine and other applicable privileges.  Mattel further

19  objects to this Request on the grounds that it is improperly phrased as a legal

20  contention.  Mattel further objects to this Request on the grounds that it seeks

21  confidential, proprietary and trade secret information that has no bearing on the

22  claims or defenses in this case.  Mattel further objects to this Request on the

23  grounds that it calls for information that is not relevant to this action or likely to

24  lead to the discovery of admissible evidence.  Mattel further objects to this Request

25  as vague and ambiguous.  Mattel further objects to this Request on the grounds that

26  it is duplicative of or subsumed within other Requests within this set of requests,

27  duplicative of or subsumed within prior Requests already responded to in this

28  litigation, and seeks the re-production of information and documents already

1    produced in this action.  Such information and documents will not be re-produced.

2    Subject to and without waiving the foregoing general and specific objections, if and

3    to the extent Mattel so contends, Mattel will produce responsive, non-privileged

4    documents in its possession, custody or control, which it has been able to locate

5    after a diligent search and reasonable inquiry and which relate to those aspects,

6    features or elements of "Diva Starz" at issue in this lawsuit, to the extent not

7    already produced.  Furthermore, this topic may be the subject of expert testimony

8    and disclosure, which will be produced at the time and in the manner required by

9    the <u>Rules</u> or Court Order.

10   **<u>CORRECTED SECOND SUPPLEMENTAL RESPONSE TO
11   REQUEST NO. 136:</u>**

12       In addition to the general objections stated above, which are incorporated

13   herein by reference, Mattel objects to this Request on the grounds that it is

14   unreasonably burdensome and premature in that the facts necessary to determine

15   the full nature and extent of Mattel's damages from defendant's acts or omissions

16   are known by defendants and third parties associated with defendants, but are not

17   known by Mattel at this juncture because of defendants' refusals to produce basic

18   discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

19   and oppressive in that it seeks "all" documents in Mattel's possession, custody and

20   control on this broad subject.  Mattel further objects to this Request on the grounds

21   that it calls for the disclosure of information subject to the attorney-client privilege,

22   the attorney work-product doctrine and other applicable privileges.  Mattel further

23   objects to this Request on the grounds that it is improperly phrased as a legal

24   contention.  Mattel further objects to this Request on the grounds that it seeks

25   confidential, proprietary and trade secret information that has no bearing on the

26   claims or defenses in this case.  Mattel further objects to this Request on the

27   grounds that it calls for information that is not relevant to this action or likely to

28   lead to the discovery of admissible evidence.  Mattel further objects to this Request

as vague and ambiguous.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other Requests within this set of requests, duplicative of or subsumed within prior Requests already responded to in this litigation, and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced. Subject to and without waiving the foregoing general and specific objections, if and to the extent Mattel so contends, Mattel will produce responsive, non-privileged documents in its possession, custody or control, which it has been able to locate after a diligent search and reasonable inquiry and which relate to those aspects, features or elements of "Diva Starz" at issue in this lawsuit, to the extent not already produced.  Furthermore, this topic may be the subject of expert testimony and disclosure, which will be produced at the time and in the manner required by the Rules or Court Order.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel

1   must be compelled either to certify that it has produced all non-privileged

2   responsive documents or to produce all such documents by a date certain.

3       To the extent that Mattel is relying on its blanket objections, they are not

4   sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the required

6   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

9   event that Mattel contends that MGA's BRATZ impacted or affected its sales,

10  profits or revenue from its "Diva Starz" line as part of Mattel's damage claims, the

11  request is narrowly tailored to seek all documents used in creating and designing

12  "Diva Starz".  These may include documents that served as artistic inspiration for

13  any aspect, feature or element of "Diva Starz."

14      As to burden, Mattel has not attempted to demonstrate why responding to

15  this request and/or producing responsive documents presents any burden.  This

16  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

17  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.")

20  Moreover, it is not unduly burdensome, as noted above, in that the request is

21  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

22  has engaged in a broad variety of unfair trade practices including serial copying of

23  MGA products.

24      This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges.  To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27

28

1    As to relevancy, Mattel has not attempted to make any objections.  It

2  therefore concedes relevance. MGA is entitled to all documents on the issue, and

3  not just those that Mattel chooses to produce in support of its claims.

4    Mattel objects that the request is duplicative or subsumed within prior

5  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

6  agree to produce responsive non-privileged documents is not proper based on this

7  objection.

8    Mattel objects that the request contains confidential, proprietary, and trade

9  secret information.  A Protective Order exists in this case, obviating any concern as

10  to protection of privacy rights and/or commercially sensitive information.

11    None of Mattel's improper objections are valid and Mattel is obligated to

12  produce all non-privileged responsive documents in its possession, custody, or

13  control.

14

15  **REQUEST FOR PRODUCTION NO. 137:**

16    If YOU contend that BRATZ has impacted or affected YOUR sales, profits

17  or revenue from "Diva Starz" as part of YOUR damages in this case, all

18  DOCUMENTS, including MARKET RESEARCH, referring or relating to, or

19  influencing Mattel's decision to create, design, develop or abandon the "Diva

20  Starz" including, without limitation, the reasons for and factors influencing its

21  decision.

22  **RESPONSE TO REQUEST NO. 137:**

23    In addition to the general objections stated above, which are incorporated

24  herein by reference, Mattel objects to this Request on the grounds that it is

25  unreasonably burdensome and premature in that the facts necessary to determine

26  the full nature and extent of Mattel's damages from defendant's acts or omissions

27  are known by defendants and third parties associated with defendants, but are not

28  known by Mattel at this juncture because of defendants' refusals to produce basic

1  discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

2  and oppressive in that it seeks "all" documents in Mattel's possession, custody and

3  control on this broad subject.  Mattel further objects to this Request on the grounds

4  that it calls for the disclosure of information subject to the attorney-client privilege,

5  the attorney work-product doctrine and other applicable privileges.  Mattel further

6  objects to this Request on the grounds that it is improperly phrased as a legal

7  contention.  Mattel further objects to this Request on the grounds that it seeks

8  confidential, proprietary and trade secret information that has no bearing on the

9  claims or defenses in this case.

10

11  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

12

13  Mattel has not agreed to produce documents in response to this request,

14  subject to its improper boilerplate objections.  Mattel has refused to confirm

15  whether or not it has produced all non-privileged responsive documents or whether

16  it is withholding documents based on its objections in Phase 2.  Under the Federal

17  Rules of Civil Procedure, "an objection to part of a request must specify the part

18  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

19  that fail to explain the basis for an objection with specificity are routinely rejected

20  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

21  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

22  burdensome and harassing' are improper – especially when a party fails to submit

23  any evidentiary declarations supporting such objections").  Accordingly, Mattel

24  must be compelled either to certify that it has produced all non-privileged

25  responsive documents or to produce all such documents by a date certain.

26  To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

1    As to overbreadth, Mattel provides no explanation, let alone the required

2    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

5    event that Mattel contends that MGA's BRATZ impacted or affected its sales,

6    profits or revenue from its "Diva Starz" line as part of Mattel's damage claims, the

7    request is narrowly tailored to seek all documents (including market research)

8    relating to, or influencing Mattel's decision to create, design, develop or abandon

9    the "Diva Starz."  These may include reasons for and factors influencing that

10   decision.

11   As to burden, Mattel has not attempted to demonstrate why responding to

12   this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

14   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.")

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19   has engaged in a broad variety of unfair trade practices including serial copying of

20   MGA products.

21   This request does not seek documents protected by the attorney-client

22   privilege, the attorney work product doctrine, or other applicable privileges.  To the

23   extent that Mattel contends that it does, Mattel must provide a privilege log.

24   As to relevancy, Mattel has not attempted to make any objections.  It

25   therefore concedes relevance. MGA is entitled to all documents on the issue, and

26   not just those that Mattel chooses to produce in support of its claims.

27

28

1   Mattel objects that the request contains confidential, proprietary, and trade

2   secret information.  A Protective Order exists in this case, obviating any concern as

3   to protection of privacy rights and/or commercially sensitive information.

4   None of Mattel's improper objections are valid and Mattel is obligated to

5   produce all non-privileged responsive documents in its possession, custody, or

6   control.

7

8   **REQUEST FOR PRODUCTION NO. 138:**

9   If YOU contend that BRATZ has impacted or affected YOUR sales, profits

10   or revenue from "Diva Starz" as part of YOUR damages in this case, all

11   DOCUMENTS evidencing, detailing, discussing, describing, depicting,

12   mentioning, referring to, or relating to the similarities or differences between

13   BRATZ on the one hand and "Diva Starz" on the other.

14   **RESPONSE TO REQUEST NO. 138:**

15   In addition to the general objections stated above, which are incorporated

16   herein by reference, Mattel objects to this Request on the grounds that it is

17   unreasonably burdensome and premature in that the facts necessary to determine

18   the full nature and extent of Mattel's damages from defendant's acts or omissions

19   are known by defendants and third parties associated with defendants, but are not

20   known by Mattel at this juncture because of defendants' refusals to produce basic

21   discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

22   and oppressive in that it seeks "all" documents in Mattel's possession, custody and

23   control on this broad subject.  Mattel further objects to this Request on the grounds

24   that it calls for the disclosure of information subject to the attorney-client privilege,

25   the attorney work-product doctrine and other applicable privileges.  Mattel further

26   objects to this Request on the grounds that it is improperly phrased as a legal

27   contention.

28

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the event that Mattel contends that MGA's BRATZ impacted or affected its sales, profits or revenue from its "Diva Starz" line as part of Mattel's damage claims, the request is narrowly tailored to seek all documents relating to the similarities or differences between MGA's BRATZ and Mattel's "Diva Starz."

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

- 364 -

1   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2   request is unduly burdensome must allege specific facts which indicate the nature

3   and extent of the burden, usually by affidavit or other reliable evidence.")

4   Moreover, it is not unduly burdensome, as noted above, in that the request is

5   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

6   has engaged in a broad variety of unfair trade practices including serial copying of

7   MGA products.

8       This request does not seek documents protected by the attorney-client

9   privilege, the attorney work product doctrine, or other applicable privileges.  To the

10  extent that Mattel contends that it does, Mattel must provide a privilege log.

11      As to relevancy, Mattel has not attempted to make any objections.  It

12  therefore concedes relevance. MGA is entitled to all documents on the issue, and

13  not just those that Mattel chooses to produce in support of its claims.

14      Mattel objects that the request contains confidential, proprietary, and trade

15  secret information.  A Protective Order exists in this case, obviating any concern as

16  to protection of privacy rights and/or commercially sensitive information.

17      None of Mattel's improper objections are valid and Mattel is obligated to

18  produce all non-privileged responsive documents in its possession, custody, or

19  control.

20

21  **<u>REQUEST FOR PRODUCTION NO. 139:</u>**

22      If you contend that BRATZ or BRATZ INTELLECTUAL PROPERTY was

23  copied from, derived from or infringes "Diva Starz," all DOCUMENTS evidencing,

24  detailing, discussing, describing, depicting, mentioning, referring to, or relating to

25  the similarities or differences between BRATZ and BRATZ INTELLECTUAL

26  PROPERTY on the one hand and "Diva Starz" on the other.

27

28

**RESPONSE TO REQUEST NO. 139:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine whether documents in Mattel's possession, custody and control are responsive to this Request are within the knowledge of defendants and third parties associated with defendants, and are not known to Mattel because of defendants' refusals to produce basic discovery.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.  Mattel further objects to this Request on the grounds that the terms "Bratz" and "Bratz Intellectual Property" are vague and ambiguous.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel

1   must be compelled either to certify that it has produced all non-privileged

2   responsive documents or to produce all such documents by a date certain.

3       To the extent that Mattel is relying on its blanket objections, they are not

4   sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the required

6   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

9   event that Mattel contends that MGA's BRATZ or BRATZ Intellectual Property

10  was derived from or infringes Mattel's' "Diva Starz" line, the request is narrowly

11  tailored to seek all documents relating to the similarities or differences between

12  MGA's BRATZ Intellectual property and Mattel's "Diva Starz."

13      As to burden, Mattel has not attempted to demonstrate why responding to

14  this request and/or producing responsive documents presents any burden.  This

15  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

16  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17  request is unduly burdensome must allege specific facts which indicate the nature

18  and extent of the burden, usually by affidavit or other reliable evidence.")

19  Moreover, it is not unduly burdensome, as noted above, in that the request is

20  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

21  has engaged in a broad variety of unfair trade practices including serial copying of

22  MGA products.

23      This request does not seek documents protected by the attorney-client

24  privilege, the attorney work product doctrine, or other applicable privileges.  To the

25  extent that Mattel contends that it does, Mattel must provide a privilege log.

26      As to relevancy, Mattel has not attempted to make any objections.  It

27  therefore concedes relevance. MGA is entitled to all documents on the issue, and

28  not just those that Mattel chooses to produce in support of its claims.

Mattel objects that the request contains confidential, proprietary, and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 140:

All DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way with the conception, creation, design and development of the "Flavas" idea, concept or products.

### RESPONSE TO REQUEST NO. 140:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for information that is not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part

1   and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

2   that fail to explain the basis for an objection with specificity are routinely rejected

3   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

4   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

5   burdensome and harassing' are improper – especially when a party fails to submit

6   any evidentiary declarations supporting such objections").  Accordingly, Mattel

7   must be compelled either to certify that it has produced all non-privileged

8   responsive documents or to produce all such documents by a date certain.

9        To the extent that Mattel is relying on its blanket objections, they are not

10  sustainable and do not justify Mattel's failure to produce documents.

11       As to overbreadth, Mattel provides no explanation, let alone the required

12  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

13  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

14  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

15  contrary, the request is narrowly tailored to seek documents that sufficiently name

16  or identify individuals who were involved in any way with the conception, creation,

17  design and development of Mattel's "Flavas" idea, concept or products.

18       As to burden, Mattel has not attempted to demonstrate why responding to

19  this request and/or producing responsive documents presents any burden.  This

20  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

21  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22  request is unduly burdensome must allege specific facts which indicate the nature

23  and extent of the burden, usually by affidavit or other reliable evidence.")

24  Moreover, it is not unduly burdensome, as noted above, in that the request is

25  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

26  has engaged in a broad variety of unfair trade practices including serial copying of

27  MGA products.

28

1       This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4       As to relevancy, Mattel has not attempted to demonstrate why the responsive

5   documents are irrelevant to the current action.  On the contrary, MGA has alleged

6   that Mattel is engaged in copying of MGA products, packaging, themes and

7   advertising. "Flavas" is an example of one such product line.  A request to seek

8   documents that sufficiently name or identify individuals who were involved in any

9   way with the conception, creation, design and development of Mattel's "Flavas"

10  idea, concept or products is therefore relevant to this action and MGA's claim.

11  Further, "Flavas" alleged lack of success is also relevant to Mattel's decision of

12  copying other respects of the MGA's products.

13      Mattel objects that the request contains confidential, proprietary, and trade

14  secret information.  A Protective Order exists in this case, obviating any concern as

15  to protection of privacy rights and/or commercially sensitive information.

16      None of Mattel's improper objections are valid and Mattel is obligated to

17  produce all non-privileged responsive documents in its possession, custody, or

18  control.

19

20  **REQUEST FOR PRODUCTION NO. 141:**

21      All DOCUMENTS referring or relating to BRATZ or BRATZ

22  INTELLECTUAL PROPERTY that YOU have given or shown to any person

23  working on or involved in the conception, creation, design or development of

24  "Flavas".

25      **RESPONSE TO REQUEST NO. 141:**

26      In addition to the general objections stated above, which are incorporated

27  herein by reference, Mattel objects to this Request on the grounds that such

28  discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely

1   to the lead to the discovery of admissible evidence in that Mattel's actions in

2   relation to "Bratz" are not at issue in this action and are irrelevant to the claims and

3   defenses in this suit.  Rather, at issue are the actions of defendants and third parties

4   associated with defendants in connection with the projects that defendant Bryant

5   worked on with defendant MGA, which is information known to and within the

6   possession, custody and control of defendants and their associated third parties, not

7   Mattel.  Mattel further objects to this Request on the grounds that it calls for the

8   disclosure of information subject to the attorney-client privilege, the attorney

9   work-product doctrine and other applicable privileges.  Mattel further objects to this

10  Request as vague and ambiguous, including without limitation the terms "Bratz"

11  and "Bratz Intellectual Property."  Mattel further objects to this Request on the

12  grounds that it seeks confidential, proprietary and trade secret information that has

13  no bearing on the claims or defenses in this case.

14

15  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
16  **SHOULD BE COMPELLED**

17      Mattel has not agreed to produce documents in response to this request,

18  subject to its improper boilerplate objections.  Mattel has refused to confirm

19  whether or not it has produced all non-privileged responsive documents or whether

20  it is withholding documents based on its objections in Phase 2.  Under the Federal

21  Rules of Civil Procedure, "an objection to part of a request must specify the part

22  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

23  that fail to explain the basis for an objection with specificity are routinely rejected

24  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

25  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

26  burdensome and harassing' are improper – especially when a party fails to submit

27  any evidentiary declarations supporting such objections").  Accordingly, Mattel

28

1    must be compelled either to certify that it has produced all non-privileged

2    responsive documents or to produce all such documents by a date certain.

3        To the extent that Mattel is relying on its blanket objections, they are not

4    sustainable and do not justify Mattel's failure to produce documents.

5        As to overbreadth, Mattel provides no explanation, let alone the required

6    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9    contrary, the request is narrowly tailored to seek documents related to MGA's

10   BRATZ or BRATZ Intellectual Property that Mattel gave or showed to any person

11   involved in the conception, creation, design and development of Mattel's "Flavas"

12   line.

13       As to burden, Mattel has not attempted to demonstrate why responding to

14   this request and/or producing responsive documents presents any burden.  This

15   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

16   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17   request is unduly burdensome must allege specific facts which indicate the nature

18   and extent of the burden, usually by affidavit or other reliable evidence.")

19   Moreover, it is not unduly burdensome, as noted above, in that the request is

20   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

21   has engaged in a broad variety of unfair trade practices including serial copying of

22   MGA products.

23       This request does not seek documents protected by the attorney-client

24   privilege, the attorney work product doctrine, or other applicable privileges.  To the

25   extent that Mattel contends that it does, Mattel must provide a privilege log.

26       As to relevancy, Mattel has not attempted to demonstrate why the responsive

27   documents are irrelevant to the current action.  On the contrary, MGA has alleged

28   that Mattel is engaged in copying of MGA products, packaging, themes and

advertising.  "Flavas" is an example of one such product line.  A request to seek documents related to MGA's BRATZ or BRATZ Intellectual Property that Mattel gave or showed to any person involved in the conception, creation, design and development of Mattel's "Flavas" line is therefore relevant to this action and MGA's claim.  Further, "Flavas" alleged lack of success is also relevant to Mattel's decision of copying other respects of the MGA's products.

Mattel objects that the request contains confidential, proprietary, and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 142:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Flavas" as part of YOUR damages in this case, all DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring, relating to or calculating that impact or affect.

**RESPONSE TO REQUEST NO. 142:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney

1   work-product doctrine and other applicable privileges.  Mattel further objects to this

2   Request on the grounds that it is improperly phrased as a legal contention.

3

4   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

5

6   Mattel has not agreed to produce documents in response to this request,

7   subject to its improper boilerplate objections.  Mattel has refused to confirm

8   whether or not it has produced all non-privileged responsive documents or whether

9   it is withholding documents based on its objections in Phase 2.  Under the Federal

10  Rules of Civil Procedure, "an objection to part of a request must specify the part

11  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

12  that fail to explain the basis for an objection with specificity are routinely rejected

13  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

14  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

15  burdensome and harassing' are improper – especially when a party fails to submit

16  any evidentiary declarations supporting such objections").  Accordingly, Mattel

17  must be compelled either to certify that it has produced all non-privileged

18  responsive documents or to produce all such documents by a date certain.

19  To the extent that Mattel is relying on its blanket objections, they are not

20  sustainable and do not justify Mattel's failure to produce documents.

21  As to overbreadth, Mattel provides no explanation, let alone the required

22  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

23  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

24  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

25  event that Mattel contends that MGA's BRATZ impacted or affected its sales,

26  profits or revenue from its "Flavas" line as part of Mattel's damage claims, the

27  request is narrowly tailored to seek all documents related to or calculating that

28  impact or affect.

1    As to burden, Mattel has not attempted to demonstrate why responding to

2    this request and/or producing responsive documents presents any burden.  This

3    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5    request is unduly burdensome must allege specific facts which indicate the nature

6    and extent of the burden, usually by affidavit or other reliable evidence.")

7    Moreover, it is not unduly burdensome, as noted above, in that the request is

8    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9    has engaged in a broad variety of unfair trade practices including serial copying of

10   MGA products.

11       This request does not seek documents protected by the attorney-client

12   privilege, the attorney work product doctrine, or other applicable privileges.  To the

13   extent that Mattel contends that it does, Mattel must provide a privilege log.

14       As to relevancy, Mattel has not attempted to make any objections.  It

15   therefore concedes relevance. MGA is entitled to all documents on the issue, and

16   not just those that Mattel chooses to produce in support of its claims.

17       Mattel objects that the request contains confidential, proprietary, and trade

18   secret information.  A Protective Order exists in this case, obviating any concern as

19   to protection of privacy rights and/or commercially sensitive information.

20       None of Mattel's improper objections are valid and Mattel is obligated to

21   produce all non-privileged responsive documents in its possession, custody, or

22   control.

23

24   **<u>REQUEST FOR PRODUCTION NO. 143:</u>**

25       If YOU contend that BRATZ has impacted or affected YOUR sales, profits

26   or revenue from "Flavas" as part of YOUR damages in this case, all DOCUMENTS

27   evidencing, demonstrating, discussing, mentioning, referring or relating to "Flavas"

28   including, without limitation, its creation, design, development, sales and marketing

1   and all MARKET RESEARCH and all sales and market analyses referring or

2   relating to "Flavas".

3        **RESPONSE TO REQUEST NO. 143:**

4        In addition to the general objections stated above, which are incorporated

5   herein by reference, Mattel objects to this Request on the grounds that it is

6   unreasonably burdensome and premature in that the facts necessary to determine

7   the full nature and extent of Mattel's damages from defendant's acts or omissions

8   are known by defendants and third parties associated with defendants, but are not

9   known by Mattel at this juncture because of defendants' refusals to produce basic

10  discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

11  and oppressive in that it seeks "all" documents in Mattel's possession, custody and

12  control on this broad subject.  Mattel further objects to this Request on the grounds

13  that it calls for the disclosure of information subject to the attorney-client privilege,

14  the attorney work-product doctrine and other applicable privileges.  Mattel further

15  objects to this Request on the grounds that it is improperly phrased as a legal

16  contention.  Mattel further objects to this Request on the grounds that it seeks

17  confidential, proprietary and trade secret information, such as current and future

18  Mattel marketing and pricing plans and strategies, that has no bearing on the claims

19  or defenses in this case.

20

21        **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
22        **SHOULD BE COMPELLED**

23        Mattel has not agreed to produce documents in response to this request,

24  subject to its improper boilerplate objections.  Mattel has refused to confirm

25  whether or not it has produced all non-privileged responsive documents or whether

26  it is withholding documents based on its objections in Phase 2.  Under the Federal

27  Rules of Civil Procedure, "an objection to part of a request must specify the part

28  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

1   that fail to explain the basis for an objection with specificity are routinely rejected

2   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

3   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

4   burdensome and harassing' are improper – especially when a party fails to submit

5   any evidentiary declarations supporting such objections").  Accordingly, Mattel

6   must be compelled either to certify that it has produced all non-privileged

7   responsive documents or to produce all such documents by a date certain.

8        To the extent that Mattel is relying on its blanket objections, they are not

9   sustainable and do not justify Mattel's failure to produce documents.

10        As to overbreadth, Mattel provides no explanation, let alone the required

11   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

12   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

13   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

14   event that Mattel contends that MGA's BRATZ impacted or affected its sales,

15   profits or revenue from its "Flavas" line as part of Mattel's damage claims, the

16   request is narrowly tailored to seek all documents related to "Flavas" such as, its

17   creation, design, development, sales, market research, analyses etc.

18        As to burden, Mattel has not attempted to demonstrate why responding to

19   this request and/or producing responsive documents presents any burden.  This

20   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

21   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22   request is unduly burdensome must allege specific facts which indicate the nature

23   and extent of the burden, usually by affidavit or other reliable evidence.")

24   Moreover, it is not unduly burdensome, as noted above, in that the request is

25   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

26   has engaged in a broad variety of unfair trade practices including serial copying of

27   MGA products.

28

1       This request does not seek documents protected by the attorney-client

2  privilege, the attorney work product doctrine, or other applicable privileges.  To the

3  extent that Mattel contends that it does, Mattel must provide a privilege log.

4       As to relevancy, Mattel has not attempted to make any objections.  It

5  therefore concedes relevance. MGA is entitled to all documents on the issue, and

6  not just those that Mattel chooses to produce in support of its claims.

7       Mattel objects that the request contains confidential, proprietary, and trade

8  secret information.  A Protective Order exists in this case, obviating any concern as

9  to protection of privacy rights and/or commercially sensitive information.

10       None of Mattel's improper objections are valid and Mattel is obligated to

11  produce all non-privileged responsive documents in its possession, custody, or

12  control.

13

14  **REQUEST FOR PRODUCTION NO. 144:**

15       If YOU contend that BRATZ has impacted or affected YOUR sales, profits

16  or revenue from "Flavas" as part of YOUR damages in this case, all

17  DOCUMENTS, including MARKET RESEARCH, referring or relating to, or

18  influencing Mattel's decision to create, design or develop "Flavas" including,

19  without limitation, the reasons for and factors influencing its decision.

20      **RESPONSE TO REQUEST NO. 144:**

21       In addition to the general objections stated above, which are incorporated

22  herein by reference, Mattel objects to this Request on the grounds that it is

23  unreasonably burdensome and premature in that the facts necessary to determine

24  the full nature and extent of Mattel's damages from defendant's acts or omissions

25  are known by defendants and third parties associated with defendants, but are not

26  known by Mattel at this juncture because of defendants' refusals to produce basic

27  discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

28  and oppressive in that it seeks "all" documents in Mattel's possession, custody and

control on this broad subject.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and strategies, that has no bearing on the claims or defenses in this case.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.

1   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

2   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

3   event that Mattel contends that MGA's BRATZ impacted or affected its sales,

4   profits or revenue from its "Flavas" line as part of Mattel's damage claims, the

5   request is narrowly tailored to seek all documents related to Mattel's decision to

6   create, design or develop "Flavas" including, without limitation, the reasons for and

7   factors influencing that decision.

8          As to burden, Mattel has not attempted to demonstrate why responding to

9   this request and/or producing responsive documents presents any burden.  This

10  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

11  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12  request is unduly burdensome must allege specific facts which indicate the nature

13  and extent of the burden, usually by affidavit or other reliable evidence.")

14  Moreover, it is not unduly burdensome, as noted above, in that the request is

15  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16  has engaged in a broad variety of unfair trade practices including serial copying of

17  MGA products.

18         This request does not seek documents protected by the attorney-client

19  privilege, the attorney work product doctrine, or other applicable privileges.  To the

20  extent that Mattel contends that it does, Mattel must provide a privilege log.

21         As to relevancy, Mattel has not attempted to make any objections.  It

22  therefore concedes relevance. MGA is entitled to all documents on the issue, and

23  not just those that Mattel chooses to produce in support of its claims.

24         Mattel objects that the request contains confidential, proprietary, and trade

25  secret information.  A Protective Order exists in this case, obviating any concern as

26  to protection of privacy rights and/or commercially sensitive information.

27

28

1    None of Mattel's improper objections are valid and Mattel is obligated to

2  produce all non-privileged responsive documents in its possession, custody, or

3  control.

4

5  **REQUEST FOR PRODUCTION NO. 145:**

6    If YOU contend that BRATZ has impacted or affected YOUR sales, profits

7  or revenue from "Flavas" as part of YOUR damages in this case, all NPD

8  DOCUMENTS relied on for press statements and quarterly report relating to

9  "Flavas".

10    **RESPONSE TO REQUEST NO. 145:**

11    In addition to the general objections stated above, which are incorporated

12  herein by reference, Mattel objects to this Request on the grounds that it is

13  unreasonably burdensome and premature in that the facts necessary to determine

14  the full nature and extent of Mattel's damages from defendant's acts or omissions

15  are known by defendants and third parties associated with defendants, but are not

16  known by Mattel at this juncture because of defendants' refusals to produce basic

17  discovery.  Mattel further objects to this Request on the grounds that it calls for the

18  disclosure of information subject to the attorney-client privilege, the attorney

19  work-product doctrine and other applicable privileges.  Mattel further objects to this

20  Request on the grounds that it is improperly phrased as a legal contention.  Mattel

21  further objects to this Request as overbroad and unduly burdensome in that it seeks

22  the disclosure of documents that are equally available to defendants in this

23  litigation.

24

25    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

26  **SHOULD BE COMPELLED**

27    Mattel has not agreed to produce documents in response to this request,

28  subject to its improper boilerplate objections.  Mattel has refused to confirm

1   whether or not it has produced all non-privileged responsive documents or whether

2   it is withholding documents based on its objections in Phase 2.  Under the Federal

3   Rules of Civil Procedure, "an objection to part of a request must specify the part

4   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

5   that fail to explain the basis for an objection with specificity are routinely rejected

6   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

7   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

8   burdensome and harassing' are improper – especially when a party fails to submit

9   any evidentiary declarations supporting such objections").  Accordingly, Mattel

10  must be compelled either to certify that it has produced all non-privileged

11  responsive documents or to produce all such documents by a date certain.

12      To the extent that Mattel is relying on its blanket objections, they are not

13  sustainable and do not justify Mattel's failure to produce documents.

14      As to overbreadth, Mattel provides no explanation, let alone the required

15  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

16  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

17  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

18  event that Mattel contends that MGA's BRATZ impacted or affected its sales,

19  profits or revenue from its "Flavas" line as part of Mattel's damage claims, the

20  request is narrowly tailored to seek all NPD documents that Mattel relied on for

21  press statements and quarterly reports relating to the "Flavas" line.

22      As to burden, Mattel has not attempted to demonstrate why responding to

23  this request and/or producing responsive documents presents any burden.  This

24  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

25  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

26  request is unduly burdensome must allege specific facts which indicate the nature

27  and extent of the burden, usually by affidavit or other reliable evidence.")

28  Moreover, it is not unduly burdensome, as noted above, in that the request is

1   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

2   has engaged in a broad variety of unfair trade practices including serial copying of

3   MGA products.

4        This request does not seek documents protected by the attorney-client

5   privilege, the attorney work product doctrine, or other applicable privileges.  To the

6   extent that Mattel contends that it does, Mattel must provide a privilege log.

7        As to relevancy, Mattel has not attempted to make any objections.  It

8   therefore concedes relevance. MGA is entitled to all documents on the issue, and

9   not just those that Mattel chooses to produce in support of its claims.

10       Mattel objects that the request contains confidential, proprietary, and trade

11   secret information.  A Protective Order exists in this case, obviating any concern as

12   to protection of privacy rights and/or commercially sensitive information.

13       None of Mattel's improper objections are valid and Mattel is obligated to

14   produce all non-privileged responsive documents in its possession, custody, or

15   control.

16

17   **REQUEST FOR PRODUCTION NO. 146:**

18       If YOU contend that BRATZ has impacted or affected YOUR sales, profits

19   or revenue from "Flavas" as part of YOUR damages in this case, all DOCUMENTS

20   used or referred to in creating and designing "Flavas" including, without limitation,

21   all DOCUMENTS that served as artistic inspiration for any aspect, feature or

22   element of "Flavas".

23       **RESPONSE TO REQUEST NO. 146:**

24       In addition to the general objections stated above, which are incorporated

25   herein by reference, Mattel objects to this Request on the grounds that it is

26   unreasonably burdensome and premature in that the facts necessary to determine

27   the full nature and extent of Mattel's damages from defendant's acts or omissions

28   are known by defendants and third parties associated with defendants, but are not

known by Mattel at this juncture because of defendants' refusals to produce basic discovery.  Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for information that is not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request as vague and ambiguous.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel

1   must be compelled either to certify that it has produced all non-privileged

2   responsive documents or to produce all such documents by a date certain.

3       To the extent that Mattel is relying on its blanket objections, they are not

4   sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the required

6   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

7   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

9   event that Mattel contends that MGA's BRATZ impacted or affected its sales,

10  profits or revenue from its "Flavas" line as part of Mattel's damage claims, the

11  request is narrowly tailored to seek all documents used in creating and designing

12  "Flavas."  Such documents may include documents that served as artistic

13  inspiration for any aspect, feature or element of the "Flavas" line.

14      As to burden, Mattel has not attempted to demonstrate why responding to

15  this request and/or producing responsive documents presents any burden.  This

16  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

17  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.")

20  Moreover, it is not unduly burdensome, as noted above, in that the request is

21  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

22  has engaged in a broad variety of unfair trade practices including serial copying of

23  MGA products.

24      This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges.  To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27      As to relevancy, Mattel has not attempted to demonstrate why the responsive

28  documents are irrelevant to the current action.  On the contrary, MGA has alleged

OHS West:260723192

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9059, SET ONE; CV 04-9049 SGL (RNBx))

1   that Mattel is engaged in copying of MGA products, packaging, themes and

2   advertising.  "Flavas" is an example of one such product line.  However, in the

3   event that Mattel contends that MGA's BRATZ impacted or affected its sales,

4   profits or revenue from its "Flavas" line as part of Mattel's damage claims, a

5   request to seek all documents used in creating and designing "Flavas" is relevant in

6   this action.  Further, "Flavas" alleged lack of success is also relevant to Mattel's

7   decision of copying other respects of the MGA's products.

8          Mattel objects that the request contains confidential, proprietary, and trade

9   secret information.  A Protective Order exists in this case, obviating any concern as

10  to protection of privacy rights and/or commercially sensitive information.

11         None of Mattel's improper objections are valid and Mattel is obligated to

12  produce all non-privileged responsive documents in its possession, custody, or

13  control.

14

15  **REQUEST FOR PRODUCTION NO. 147:**

16         If YOU contend that BRATZ has impacted or affected YOUR sales, profits

17  or revenue from "Flavas" as part of YOUR damages in this case, all

18  DOCUMENTS, including MARKET RESEARCH, referring or relating to, or

19  influencing Mattel's decision to create, design, develop or abandon the "Flavas"

20  including, without limitation, the reasons for and factors influencing its decision.

21         **RESPONSE TO REQUEST NO. 147:**

22         In addition to the general objections stated above, which are incorporated

23  herein by reference, Mattel objects to this Request on the grounds that it is

24  unreasonably burdensome and premature in that the facts necessary to determine

25  the full nature and extent of Mattel's damages from defendant's acts or omissions

26  are known by defendants and third parties associated with defendants, but are not

27  known by Mattel at this juncture because of defendants' refusals to produce basic

28  discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.

- 387 -

1  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

2  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

3  event that Mattel contends that MGA's BRATZ impacted or affected its sales,

4  profits or revenue from its "Flavas" line as part of Mattel's damage claims, the

5  request is narrowly tailored to seek all documents (including market research)

6  related to Mattel's decision to create, design, develop or abandon the "Flavas" line.

7       As to burden, Mattel has not attempted to demonstrate why responding to

8  this request and/or producing responsive documents presents any burden.  This

9  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

10  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11  request is unduly burdensome must allege specific facts which indicate the nature

12  and extent of the burden, usually by affidavit or other reliable evidence.")

13  Moreover, it is not unduly burdensome, as noted above, in that the request is

14  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

15  has engaged in a broad variety of unfair trade practices including serial copying of

16  MGA products.

17       This request does not seek documents protected by the attorney-client

18  privilege, the attorney work product doctrine, or other applicable privileges.  To the

19  extent that Mattel contends that it does, Mattel must provide a privilege log.

20       As to relevancy, Mattel has not attempted to make any objections.  It

21  therefore concedes relevance. MGA is entitled to all documents on the issue, and

22  not just those that Mattel chooses to produce in support of its claims.

23       Mattel objects that the request contains confidential, proprietary, and trade

24  secret information.  A Protective Order exists in this case, obviating any concern as

25  to protection of privacy rights and/or commercially sensitive information.

26       None of Mattel's improper objections are valid and Mattel is obligated to

27  produce all non-privileged responsive documents in its possession, custody, or

28  control.

**REQUEST FOR PRODUCTION NO. 148:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from "Flavas" as part of YOUR damages in this case, all DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ on the one hand and "Flavas" on the other.

**RESPONSE TO REQUEST NO. 148:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that the term "Bratz" is vague and ambiguous.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal

1   Rules of Civil Procedure, "an objection to part of a request must specify the part

2   and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections

3   that fail to explain the basis for an objection with specificity are routinely rejected

4   in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

5   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

6   burdensome and harassing' are improper – especially when a party fails to submit

7   any evidentiary declarations supporting such objections"). Accordingly, Mattel

8   must be compelled either to certify that it has produced all non-privileged

9   responsive documents or to produce all such documents by a date certain.

10   To the extent that Mattel is relying on its blanket objections, they are not

11   sustainable and do not justify Mattel's failure to produce documents.

12   As to overbreadth, Mattel provides no explanation, let alone the required

13   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

14   This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20

15   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. In the

16   event that Mattel contends that MGA's BRATZ impacted or affected its sales,

17   profits or revenue from its "Flavas" line as part of Mattel's damage claims, the

18   request is narrowly tailored to seek all documents related to the similarities or

19   differences between BRATZ and "Flavas" line.

20   As to burden, Mattel has not attempted to demonstrate why responding to

21   this request and/or producing responsive documents presents any burden. This

22   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co.,

23   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24   request is unduly burdensome must allege specific facts which indicate the nature

25   and extent of the burden, usually by affidavit or other reliable evidence.")

26   Moreover, it is not unduly burdensome, as noted above, in that the request is

27   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

28

1  has engaged in a broad variety of unfair trade practices including serial copying of

2  MGA products.

3       This request does not seek documents protected by the attorney-client

4  privilege, the attorney work product doctrine, or other applicable privileges.  To the

5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6       As to relevancy, Mattel has not attempted to make any objections.  It

7  therefore concedes relevance. MGA is entitled to all documents on the issue, and

8  not just those that Mattel chooses to produce in support of its claims.

9       Mattel objects that the request contains confidential, proprietary, and trade

10  secret information.  A Protective Order exists in this case, obviating any concern as

11  to protection of privacy rights and/or commercially sensitive information.

12       None of Mattel's improper objections are valid and Mattel is obligated to

13  produce all non-privileged responsive documents in its possession, custody, or

14  control.

15

16  **REQUEST FOR PRODUCTION NO. 149:**

17       If YOU contend that BRATZ has impacted or affected YOUR sales, profits

18  or revenue from "Barbie" as part of YOUR damages in this case, all

19  DOCUMENTS that name or are otherwise sufficient to identify the individuals who

20  worked on or were involved in any way with the sales and marketing of "Barbie"

21  since the introduction of BRATZ.

22       **RESPONSE TO REQUEST NO. 149:**

23       In addition to the general objections stated above, which are incorporated

24  herein by reference, Mattel objects to this Request on the grounds that it is

25  unreasonably burdensome and premature in that the facts necessary to determine

26  the full nature and extent of Mattel's damages from defendant's acts or omissions

27  are known by defendants and third parties associated with defendants, but are not

28  known by Mattel at this juncture because of defendants' refusals to produce basic

1   discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

2   and oppressive in that it seeks "all" documents in Mattel's possession, custody and

3   control on this broad subject.  Mattel further objects to this Request on the grounds

4   that it calls for the disclosure of information subject to the attorney-client privilege,

5   the attorney work-product doctrine and other applicable privileges.  Mattel further

6   objects to this Request on the grounds that it is improperly phrased as a legal

7   contention.  Mattel further objects to this Request on the grounds that it seeks

8   confidential, proprietary and trade secret information that has no bearing on the

9   claims or defenses in this case.

10

11   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

12

13      Mattel has not agreed to produce documents in response to this request,

14   subject to its improper boilerplate objections.  Mattel has refused to confirm

15   whether or not it has produced all non-privileged responsive documents or whether

16   it is withholding documents based on its objections in Phase 2.  Under the Federal

17   Rules of Civil Procedure, "an objection to part of a request must specify the part

18   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

19   that fail to explain the basis for an objection with specificity are routinely rejected

20   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

21   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

22   burdensome and harassing' are improper – especially when a party fails to submit

23   any evidentiary declarations supporting such objections").  Accordingly, Mattel

24   must be compelled either to certify that it has produced all non-privileged

25   responsive documents or to produce all such documents by a date certain.

26      To the extent that Mattel is relying on its blanket objections, they are not

27   sustainable and do not justify Mattel's failure to produce documents.

28

- 392 -

1    As to overbreadth, Mattel provides no explanation, let alone the required

2 particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3 This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

5 event Mattel contends that BRATZ has impacted its sales, profits or revenues from

6 the Barbie as part of its damages, the request is narrowly tailored in both subject

7 matter and time, and seeks documents sufficient to identify the individuals who

8 worked or were involved with sales and marketing of Barbie since the introduction

9 of BRATZ.

10    As to burden, Mattel has not attempted to demonstrate why responding to

11 this request and/or producing responsive documents presents any burden.  This

12 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

13 Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14 request is unduly burdensome must allege specific facts which indicate the nature

15 and extent of the burden, usually by affidavit or other reliable evidence.")

16 Moreover, it is not unduly burdensome, as noted above, in that the request is

17 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

18 has engaged in a broad variety of unfair trade practices including serial copying of

19 MGA products.  Mattel has made a claim of trade secret misappropriation against

20 MGA.  MGA is entitled to discovery on its claims, defenses and damages. In the

21 event Mattel contends that BRATZ has impacted its sales, profits or revenues from

22 the Barbie as part of its damages, the request is narrowly tailored in both subject

23 matter and time, and seeks documents sufficient to identify the individuals who

24 worked or were involved with sales and marketing of Barbie since the introduction

25 of BRATZ.

26    This request does not seek documents protected by the attorney-client

27 privilege, the attorney work product doctrine, or other applicable privileges.  To the

28 extent that Mattel contends that it does, Mattel must provide a privilege log.

1  Mattel objects that the request contains confidential, proprietary and trade

2  secret information.  A Protective Order exists in this case, obviating any concern as

3  to protection of privacy rights and/or commercially sensitive information.

4  As to relevancy, Mattel has not attempted to make any objections.  It

5  therefore concedes relevance.  In any event,  if Mattel contends that BRATZ has

6  impacted its sales, profits or revenues from the Barbie as part of its damages,

7  documents sufficient to identify the individuals who worked or were involved with

8  sales and marketing of Barbie since the introduction of BRATZ are highly relevant

9  to MGA's defenses, and damages, including any damages Mattel may claim in its

10  trade secret misappropriation claim, and are discoverable in Phase 2.   MGA is

11  entitled to all documents on the issue, and not just those that Mattel chooses to

12  produce in support of its claims.  Further, Mattel's prayer for relief is extremely

13  broad.  Because Mattel's pleadings seek such broad relief, MGA is entitled to

14  extremely broad discovery on these issues.

15  None of Mattel's improper objections are valid and Mattel is obligated to

16  produce all non-privileged responsive documents in its possession, custody, or

17  control.

18

19  **REQUEST FOR PRODUCTION NO. 150:**

20  If YOU contend that BRATZ has impacted or affected YOUR sales, profits

21  or revenue from "Barbie" as part of YOUR damages in this case, all

22  DOCUMENTS, evidencing, demonstrating, discussing, mentioning, referring,

23  relating to or calculating that impact or affect.

24  **RESPONSE TO REQUEST NO. 150:**

25  In addition to the general objections stated above, which are incorporated

26  herein by reference, Mattel objects to this Request on the grounds that it is

27  unreasonably burdensome and premature in that the facts necessary to determine

28  the full nature and extent of Mattel's damages from defendant's acts or omissions

1   are known by defendants and third parties associated with defendants, but are not

2   known by Mattel at this juncture because of defendants' refusals to produce basic

3   discovery.  Mattel further objects to this Request on the grounds that it calls for the

4   disclosure of information subject to the attorney-client privilege, the attorney

5   work-product doctrine and other applicable privileges.  Mattel further objects to this

6   Request on the grounds that it is improperly phrased as a legal contention.

7

8   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

9

10      Mattel has not agreed to produce documents in response to this request,

11  subject to its improper boilerplate objections.  Mattel has refused to confirm

12  whether or not it has produced all non-privileged responsive documents or whether

13  it is withholding documents based on its objections in Phase 2.  Under the Federal

14  Rules of Civil Procedure, "an objection to part of a request must specify the part

15  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

16  that fail to explain the basis for an objection with specificity are routinely rejected

17  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

18  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

19  burdensome and harassing' are improper – especially when a party fails to submit

20  any evidentiary declarations supporting such objections").  Accordingly, Mattel

21  must be compelled either to certify that it has produced all non-privileged

22  responsive documents or to produce all such documents by a date certain.

23      To the extent that Mattel is relying on its blanket objections, they are not

24  sustainable and do not justify Mattel's failure to produce documents.

25      This request does not seek documents protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges.  To the

27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1   As to relevancy, Mattel has not attempted to make any objections.  It

2   therefore concedes relevance.  In any event,  if Mattel contends that BRATZ has

3   impacted its sales, profits or revenues from the Barbie as part of its damages,

4   documents related to this impact are highly relevant to MGA's defenses, and

5   damages, including any damages Mattel may claim in its trade secret

6   misappropriation claim, and are discoverable in Phase 2.   MGA is entitled to all

7   documents on the issue, and not just those that Mattel chooses to produce in support

8   of its claims.  Further, Mattel's prayer for relief is extremely broad.  Because

9   Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad

10  discovery on these issues.

11       None of Mattel's improper objections are valid and Mattel is obligated to

12  produce all non-privileged responsive documents in its possession, custody, or

13  control.

14

15  **REQUEST FOR PRODUCTION NO. 151:**

16       If YOU contend that BRATZ has impacted or affected YOUR sales, profits

17  or revenue from "Barbie" as part of YOUR damages in this case, all

18  DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring or

19  relating to "Barbie" sales trends and marketing including, without limitation, all

20  MARKET RESEARCH and all sales and market analyses referring or relating to

21  "Barbie".

22       **RESPONSE TO REQUEST NO. 151:**

23       In addition to the general objections stated above, which are incorporated

24  herein by reference, Mattel objects to this Request on the grounds that it is

25  unreasonably burdensome and premature in that the facts necessary to determine

26  the full nature and extent of Mattel's damages from defendant's acts or omissions

27  are known by defendants and third parties associated with defendants, but are not

28  known by Mattel at this juncture because of defendants' refusals to produce basic

1    discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

2    and oppressive in that it seeks "all" documents in Mattel's possession, custody and

3    control on this broad subject.  Mattel further objects to this Request on the grounds

4    that it calls for the disclosure of information subject to the attorney-client privilege,

5    the attorney work-product doctrine and other applicable privileges.  Mattel further

6    objects to this Request on the grounds that it is improperly phrased as a legal

7    contention.  Mattel further objects to this Request on the grounds that it seeks

8    confidential, proprietary and trade secret information, such as current and future

9    Mattel marketing and pricing plans and strategies, that has no bearing on the claims

10    or defenses in this case.

11

12    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

13

14        Mattel has not agreed to produce documents in response to this request,

15    subject to its improper boilerplate objections.  Mattel has refused to confirm

16    whether or not it has produced all non-privileged responsive documents or whether

17    it is withholding documents based on its objections in Phase 2.  Under the Federal

18    Rules of Civil Procedure, "an objection to part of a request must specify the part

19    and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

20    that fail to explain the basis for an objection with specificity are routinely rejected

21    in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

22    188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

23    burdensome and harassing' are improper – especially when a party fails to submit

24    any evidentiary declarations supporting such objections").  Accordingly, Mattel

25    must be compelled either to certify that it has produced all non-privileged

26    responsive documents or to produce all such documents by a date certain.

27        To the extent that Mattel is relying on its blanket objections, they are not

28    sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to **why** this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the event Mattel contends that BRATZ has impacted its sales, profits or revenues from the Barbie as part of its damages, the request is narrowly tailored to seek documents concerning Barbie sales trends and marketing.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products.  Mattel has made a claim of trade secret misappropriation against MGA.  MGA is entitled to discovery on its claims, defenses and damages. In the event Mattel contends that BRATZ has impacted its sales, profits or revenues from the Barbie as part of its damages, the request is narrowly tailored to seek documents concerning Barbie sales trends and marketing.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

1  As to relevancy, Mattel has not attempted to make any objections.  It

2  therefore concedes relevance.  In any event,  if Mattel contends that BRATZ has

3  impacted its sales, profits or revenues from the Barbie as part of its damages, the

4  documents concerning Barbie sales trends and marketing are highly relevant

5  to MGA's defenses, and damages, including any damages Mattel may claim in its

6  trade secret misappropriation claim, and are discoverable in Phase 2.   MGA is

7  entitled to all documents on the issue, and not just those that Mattel chooses to

8  produce in support of its claims.  Further, Mattel's prayer for relief is extremely

9  broad.  Because Mattel's pleadings seek such broad relief, MGA is entitled to

10  extremely broad discovery on these issues.

11  None of Mattel's improper objections are valid and Mattel is obligated to

12  produce all non-privileged responsive documents in its possession, custody, or

13  control.

14

15  **REQUEST FOR PRODUCTION NO. 152:**

16  If YOU contend that BRATZ has impacted or affected YOUR sales, profits

17  or revenue from any "Barbie" doll or toy as part of YOUR damages in this case, all

18  DOCUMENTS evidencing, demonstrating, discussing, mentioning, referring or

19  relating to such "Barbie" doll or toy including, without limitation, its creation,

20  design, development, sales and marketing and all MARKET RESEARCH and all

21  sales and market analyses referring or relating to such toy.

22  **RESPONSE TO REQUEST NO. 152:**

23  In addition to the general objections stated above, which are incorporated

24  herein by reference, Mattel objects to this Request on the grounds that it is

25  unreasonably burdensome and premature in that the facts necessary to determine

26  the full nature and extent of Mattel's damages from defendant's acts or omissions

27  are known by defendants and third parties associated with defendants, but are not

28  known by Mattel at this juncture because of defendants' refusals to produce basic

- 399 -

1  discovery.  Mattel further objects to this Request as overbroad, unduly burdensome
2  and oppressive in that it seeks "all" documents in Mattel's possession, custody and
3  control on this broad subject.  Mattel further objects to this Request on the grounds
4  that it calls for the disclosure of information subject to the attorney-client privilege,
5  the attorney work-product doctrine and other applicable privileges.  Mattel further
6  objects to this Request on the grounds that it is improperly phrased as a legal
7  contention.  Mattel further objects to this Request on the grounds that it seeks
8  confidential, proprietary and trade secret information, such as current and future
9  Mattel marketing and pricing plans and strategies, that has no bearing on the claims
10  or defenses in this case.

11

12  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
13  SHOULD BE COMPELLED**

14       Mattel has not agreed to produce documents in response to this request,
15  subject to its improper boilerplate objections.  Mattel has refused to confirm
16  whether or not it has produced all non-privileged responsive documents or whether
17  it is withholding documents based on its objections in Phase 2.  Under the Federal
18  Rules of Civil Procedure, "an objection to part of a request must specify the part
19  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections
20  that fail to explain the basis for an objection with specificity are routinely rejected
21  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,
22  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly
23  burdensome and harassing' are improper – especially when a party fails to submit
24  any evidentiary declarations supporting such objections").  Accordingly, Mattel
25  must be compelled either to certify that it has produced all non-privileged
26  responsive documents or to produce all such documents by a date certain.
27       To the extent that Mattel is relying on its blanket objections, they are not
28  sustainable and do not justify Mattel's failure to produce documents.

1    As to overbreadth, Mattel provides no explanation, let alone the required

2    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

5    event Mattel contends that BRATZ has impacted its sales, profits or revenues from

6    any Barbie doll or toy as part of its damages, the request is narrowly tailored to seek

7    documents concerning the particular Barbie doll or toy.

8    As to burden, Mattel has not attempted to demonstrate why responding to

9    this request and/or producing responsive documents presents any burden.  This

10   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

11   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12   request is unduly burdensome must allege specific facts which indicate the nature

13   and extent of the burden, usually by affidavit or other reliable evidence.")

14   Moreover, it is not unduly burdensome, as noted above, in that the request is

15   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16   has engaged in a broad variety of unfair trade practices including serial copying of

17   MGA products.  Mattel has made a claim of trade secret misappropriation against

18   MGA.  MGA is entitled to discovery on its claims, defenses and damages. In the

19   event Mattel contends that BRATZ has impacted its sales, profits or revenues from

20   any Barbie doll or toy as part of its damages, the request is narrowly tailored to seek

21   documents concerning the particular Barbie doll or toy.

22   This request does not seek documents protected by the attorney-client

23   privilege, the attorney work product doctrine, or other applicable privileges.  To the

24   extent that Mattel contends that it does, Mattel must provide a privilege log.

25   Mattel objects that the request contains confidential, proprietary and trade

26   secret information.  A Protective Order exists in this case, obviating any concern as

27   to protection of privacy rights and/or commercially sensitive information.

28

1     As to relevancy, Mattel has not attempted to make any objections.  It

2   therefore concedes relevance.  In any event,  if Mattel contends that BRATZ has

3   impacted its sales, profits or revenues from any Barbie doll or toy as part of its

4   damages, documents concerning the particular Barbie doll or toy are highly relevant

5   to MGA's defenses, and damages, including any damages Mattel may claim in its

6   trade secret misappropriation claim, and are discoverable in Phase 2.   MGA is

7   entitled to all documents on the issue, and not just those that Mattel chooses to

8   produce in support of its claims.  Further, Mattel's prayer for relief is extremely

9   broad.  Because Mattel's pleadings seek such broad relief, MGA is entitled to

10   extremely broad discovery on these issues.

11     None of Mattel's improper objections are valid and Mattel is obligated to

12   produce all non-privileged responsive documents in its possession, custody, or

13   control.

14

15   **REQUEST FOR PRODUCTION NO. 153:**

16     If YOU contend that BRATZ has impacted or affected YOUR sales, profits

17   or revenue from any "Barbie" doll or toy as part of YOUR damages in this case, all

18   DOCUMENTS, including MARKET RESEARCH, referring or relating to, or

19   influencing Mattel's decision to create, design, develop or modify such "Barbie"

20   doll or toy including, without limitation, the reasons for and factors influencing its

21   decision.

22     **RESPONSE TO REQUEST NO. 153:**

23     In addition to the general objections stated above, which are incorporated

24   herein by reference, Mattel objects to this Request on the grounds that it is

25   unreasonably burdensome and premature in that the facts necessary to determine

26   the full nature and extent of Mattel's damages from defendant's acts or omissions

27   are known by defendants and third parties associated with defendants, but are not

28   known by Mattel at this juncture because of defendants' refusals to produce basic

1    discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

2    and oppressive in that it seeks "all" documents in Mattel's possession, custody and

3    control on this broad subject.  Mattel further objects to this Request on the grounds

4    that it calls for the disclosure of information subject to the attorney-client privilege,

5    the attorney work-product doctrine and other applicable privileges.  Mattel further

6    objects to this Request on the grounds that it is improperly phrased as a legal

7    contention.  Mattel further objects to this Request on the grounds that it seeks

8    confidential, proprietary and trade secret information, such as current and future

9    Mattel marketing and pricing plans and strategies, that has no bearing on the claims

10   or defenses in this case.

11

12   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

13

14       Mattel has not agreed to produce documents in response to this request,

15   subject to its improper boilerplate objections.  Mattel has refused to confirm

16   whether or not it has produced all non-privileged responsive documents or whether

17   it is withholding documents based on its objections in Phase 2.  Under the Federal

18   Rules of Civil Procedure, "an objection to part of a request must specify the part

19   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

20   that fail to explain the basis for an objection with specificity are routinely rejected

21   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

22   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

23   burdensome and harassing' are improper – especially when a party fails to submit

24   any evidentiary declarations supporting such objections").  Accordingly, Mattel

25   must be compelled either to certify that it has produced all non-privileged

26   responsive documents or to produce all such documents by a date certain.

27       To the extent that Mattel is relying on its blanket objections, they are not

28   sustainable and do not justify Mattel's failure to produce documents.

1    As to overbreadth, Mattel provides no explanation, let alone the required

2  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

5  event Mattel contends that BRATZ has impacted its sales, profits or revenues from

6  any Barbie doll or toy as part of its damages, the request is narrowly tailored to seek

7  documents concerning Mattel's decision to create, design, develop or modify such

8  Barbie doll or toy.

9    As to burden, Mattel has not attempted to demonstrate why responding to

10  this request and/or producing responsive documents presents any burden.  This

11  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

12  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

13  request is unduly burdensome must allege specific facts which indicate the nature

14  and extent of the burden, usually by affidavit or other reliable evidence.")

15  Moreover, it is not unduly burdensome, as noted above, in that the request is

16  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

17  has engaged in a broad variety of unfair trade practices including serial copying of

18  MGA products.  Mattel has made a claim of trade secret misappropriation against

19  MGA.  MGA is entitled to discovery on its claims, defenses and damages. In the

20  event Mattel contends that BRATZ has impacted its sales, profits or revenues from

21  any Barbie doll or toy as part of its damages, the request is narrowly tailored to seek

22  documents concerning Mattel's decision to create, design, develop or modify such

23  Barbie doll or toy.

24    This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges.  To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27

28

1  Mattel objects that the request contains confidential, proprietary and trade

2  secret information.  A Protective Order exists in this case, obviating any concern as

3  to protection of privacy rights and/or commercially sensitive information.

4  As to relevancy, Mattel has not attempted to make any objections.  It

5  therefore concedes relevance.  In any event, if Mattel contends that BRATZ has

6  impacted its sales, profits or revenues from any Barbie doll or toy as part of its

7  damages, documents concerning Mattel's decision to create, design, develop or

8  modify such Barbie doll or toy are highly relevant to MGA's defenses, and

9  damages, including any damages Mattel may claim in its trade secret

10  misappropriation claim, and are discoverable in Phase 2.  MGA is entitled to all

11  documents on the issue, and not just those that Mattel chooses to produce in support

12  of its claims.  Further, Mattel's prayer for relief is extremely broad.  Because

13  Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad

14  discovery on these issues.

15  None of Mattel's improper objections are valid and Mattel is obligated to

16  produce all non-privileged responsive documents in its possession, custody, or

17  control.

18

19  **REQUEST FOR PRODUCTION NO. 154:**

20  If YOU contend that BRATZ has impacted or affected YOUR sales, profits

21  or revenue from any "Barbie" doll or toy as part of YOUR damages in this case, all

22  DOCUMENTS used or referred to in creating and designing such doll or toy

23  including, without limitation, all DOCUMENTS that served as artistic inspiration

24  for any aspect, feature or element of such doll or toy.

25  **RESPONSE TO REQUEST NO. 154:**

26  In addition to the general objections stated above, which are incorporated

27  herein by reference, Mattel objects to this Request on the grounds that it is

28  unreasonably burdensome and premature in that the facts necessary to determine

the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery.  Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for information that is not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request as vague and ambiguous, including without limitation the terms "used" and "referred to."

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

1    burdensome and harassing' are improper – especially when a party fails to submit

2    any evidentiary declarations supporting such objections").  Accordingly, Mattel

3    must be compelled either to certify that it has produced all non-privileged

4    responsive documents or to produce all such documents by a date certain.

5          To the extent that Mattel is relying on its blanket objections, they are not

6    sustainable and do not justify Mattel's failure to produce documents.

7          As to overbreadth, Mattel provides no explanation, let alone the required

8    particularity, as to **why** this request is supposedly overly broad, nor can it do so.

9    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

11   event Mattel contends that BRATZ has impacted its sales, profits or revenues from

12   any Barbie doll or toy as part of its damages, the request is narrowly tailored to seek

13   documents concerning the creation or design of such Barbie doll or toy.

14         As to burden, Mattel has not attempted to demonstrate why responding to

15   this request and/or producing responsive documents presents any burden.  This

16   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

17   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18   request is unduly burdensome must allege specific facts which indicate the nature

19   and extent of the burden, usually by affidavit or other reliable evidence.")

20   Moreover, it is not unduly burdensome, as noted above, in that the request is

21   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

22   has engaged in a broad variety of unfair trade practices including serial copying of

23   MGA products.  Mattel has made a claim of trade secret misappropriation against

24   MGA.  MGA is entitled to discovery on its claims, defenses and damages. In the

25   event Mattel contends that BRATZ has impacted its sales, profits or revenues from

26   any Barbie doll or toy as part of its damages, the request is narrowly tailored to seek

27   documents concerning the creation or design of such Barbie doll or toy.

28

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4        Mattel objects that the request contains confidential, proprietary and trade

5    secret information.  A Protective Order exists in this case, obviating any concern as

6    to protection of privacy rights and/or commercially sensitive information.

7        As for relevancy, Mattel has not attempted to demonstrate why the

8    information sought in response to this request is not discoverable in Phase 2. On the

9    contrary, if Mattel contends that BRATZ has impacted its sales, profits or revenues

10   from any Barbie doll or toy as part of its damages, documents related to the creation

11   and design of such doll or toy are highly relevant to MGA's defenses, and damages,

12   including any damages Mattel may claim in its trade secret misappropriation claim,

13   and are discoverable in Phase 2.  MGA is entitled to all documents on the issue, and

14   not just those that Mattel chooses to produce in support of its claims.  Further,

15   Mattel's prayer for relief is extremely broad.  Because Mattel's pleadings seek such

16   broad relief, MGA is entitled to extremely broad discovery on these issues.

17       None of Mattel's improper objections are valid and Mattel is obligated to

18   produce all non-privileged responsive documents in its possession, custody, or

19   control.

20

21   **REQUEST FOR PRODUCTION NO. 155:**

22       If YOU contend that BRATZ has impacted or affected YOUR sales, profits

23   or revenue from any "Barbie" doll or toy as part of YOUR damages in this case, all

24   DOCUMENTS, including MARKET RESEARCH, referring or relating to, or

25   influencing Mattel's decision to create, design, develop or abandon such doll or toy

26   including, without limitation, the reasons for and factors influencing its decision.

27

28

## RESPONSE TO REQUEST NO. 155:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery. Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

1   burdensome and harassing' are improper – especially when a party fails to submit

2   any evidentiary declarations supporting such objections").  Accordingly, Mattel

3   must be compelled either to certify that it has produced all non-privileged

4   responsive documents or to produce all such documents by a date certain.

5       To the extent that Mattel is relying on its blanket objections, they are not

6   sustainable and do not justify Mattel's failure to produce documents.

7       As to overbreadth, Mattel provides no explanation, let alone the required

8   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

9   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

11   event Mattel contends that BRATZ has impacted its sales, profits or revenues from

12   any Barbie doll or toy as part of its damages, the request is narrowly tailored to seek

13   documents concerning Mattel's decision to create, design, develop or abandon such

14   Barbie doll or toy.

15       As to burden, Mattel has not attempted to demonstrate why responding to

16   this request and/or producing responsive documents presents any burden.  This

17   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19   request is unduly burdensome must allege specific facts which indicate the nature

20   and extent of the burden, usually by affidavit or other reliable evidence.")

21   Moreover, it is not unduly burdensome, as noted above, in that the request is

22   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23   has engaged in a broad variety of unfair trade practices including serial copying of

24   MGA products.  Mattel has made a claim of trade secret misappropriation against

25   MGA.  MGA is entitled to discovery on its claims, defenses and damages. In the

26   event Mattel contends that BRATZ has impacted its sales, profits or revenues from

27   any Barbie doll or toy as part of its damages, the request is narrowly tailored to seek

28

1   documents concerning Mattel's decision to create, design, develop or abandon such

2   Barbie doll or toy.

3         This request does not seek documents protected by the attorney-client

4   privilege, the attorney work product doctrine, or other applicable privileges.  To the

5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6         Mattel objects that the request contains confidential, proprietary and trade

7   secret information.  A Protective Order exists in this case, obviating any concern as

8   to protection of privacy rights and/or commercially sensitive information.

9         As to relevancy, Mattel has not attempted to make any objections.  It

10  therefore concedes relevance.  In any event, if Mattel contends that BRATZ has

11  impacted its sales, profits or revenues from any Barbie doll or toy as part of its

12  damages, documents concerning Mattel's decision to create, design, develop or

13  abandon such Barbie doll or toy are highly relevant to MGA's defenses, and

14  damages, including any damages Mattel may claim in its trade secret

15  misappropriation claim, and are discoverable in Phase 2.  MGA is entitled to all

16  documents on the issue, and not just those that Mattel chooses to produce in support

17  of its claims.  Further, Mattel's prayer for relief is extremely broad.  Because

18  Mattel's pleadings seek such broad relief, MGA is entitled to extremely broad

19  discovery on these issues.

20        None of Mattel's improper objections are valid and Mattel is obligated to

21  produce all non-privileged responsive documents in its possession, custody, or

22  control.

23

24  **REQUEST FOR PRODUCTION NO. 156:**

25        If YOU contend that BRATZ has impacted or affected YOUR sales, profits

26  or revenue from any "Barbie" doll or toy as part of YOUR damages in this case, all

27  DOCUMENTS evidencing, detailing, discussing, describing, depicting,

28

1   mentioning, referring to, or relating to the similarities or differences between

2   BRATZ on the one hand and such doll or toy on the other.

3       **RESPONSE TO REQUEST NO. 156:**

4       In addition to the general objections stated above, which are incorporated

5   herein by reference, Mattel objects to this Request on the grounds that it is

6   unreasonably burdensome and premature in that the facts necessary to determine

7   the full nature and extent of Mattel's damages from defendant's acts or omissions

8   are known by defendants and third parties associated with defendants, but are not

9   known by Mattel at this juncture because of defendants' refusals to produce basic

10  discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

11  and oppressive in that it seeks "all" documents in Mattel's possession, custody and

12  control on this broad subject.  Mattel further objects to this Request on the grounds

13  that it calls for the disclosure of information subject to the attorney-client privilege,

14  the attorney work-product doctrine and other applicable privileges.  Mattel further

15  objects to this Request on the grounds that it is improperly phrased as a legal

16  contention.  Mattel further objects to this Request on the grounds that it seeks

17  confidential, proprietary and trade secret information that has no bearing on the

18  claims or defenses in this case.  Mattel further objects to this Request on the

19  grounds that it calls for information that is not relevant to this action or likely to

20  lead to the discovery of admissible evidence.

21

22      **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
        **SHOULD BE COMPELLED**

23

24      Mattel has not agreed to produce documents in response to this request,

25  subject to its improper boilerplate objections.  Mattel has refused to confirm

26  whether or not it has produced all non-privileged responsive documents or whether

27  it is withholding documents based on its objections in Phase 2.  Under the Federal

28  Rules of Civil Procedure, "an objection to part of a request must specify the part

1   and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

2   that fail to explain the basis for an objection with specificity are routinely rejected

3   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

4   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

5   burdensome and harassing' are improper – especially when a party fails to submit

6   any evidentiary declarations supporting such objections").  Accordingly, Mattel

7   must be compelled either to certify that it has produced all non-privileged

8   responsive documents or to produce all such documents by a date certain.

9        To the extent that Mattel is relying on its blanket objections, they are not

10  sustainable and do not justify Mattel's failure to produce documents.

11       As to overbreadth, Mattel provides no explanation, let alone the required

12  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

13  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

14  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

15  event Mattel contends that BRATZ has impacted its sales, profits or revenues from

16  any Barbie doll or toy as part of its damages, the request is narrowly tailored to seek

17  documents concerning similarities or differences between BRATZ and such doll or

18  toy.

19       As to burden, Mattel has not attempted to demonstrate why responding to

20  this request and/or producing responsive documents presents any burden.  This

21  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

22  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23  request is unduly burdensome must allege specific facts which indicate the nature

24  and extent of the burden, usually by affidavit or other reliable evidence.")

25  Moreover, it is not unduly burdensome, as noted above, in that the request is

26  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

27  has engaged in a broad variety of unfair trade practices including serial copying of

28  MGA products.  Mattel has made a claim of trade secret misappropriation against

1   MGA.  MGA is entitled to discovery on its claims, defenses and damages. In the

2   event Mattel contends that BRATZ has impacted its sales, profits or revenues from

3   any Barbie doll or toy as part of its damages, the request is narrowly tailored to seek

4   documents concerning similarities or differences between BRATZ and such doll or

5   toy.

6           This request does not seek documents protected by the attorney-client

7   privilege, the attorney work product doctrine, or other applicable privileges.  To the

8   extent that Mattel contends that it does, Mattel must provide a privilege log.

9           Mattel objects that the request contains confidential, proprietary, and trade

10  secret information.  A Protective Order exists in this case, obviating any concern as

11  to protection of privacy rights and/or commercially sensitive information.

12          As for relevancy, Mattel has not attempted to demonstrate why the

13  information sought in response to this request is not discoverable in Phase 2.  If

14  Mattel contends that BRATZ has impacted its sales, profits or revenues from any

15  Barbie doll or toy as part of its damages, documents related to similarities or

16  differences between BRATZ and such Barbie doll or toy are highly relevant

17  to MGA's claims, defenses, and damages, including its defense against Mattel's

18  trade secret misappropriation claim and any damages Mattel may claim, and are

19  discoverable in Phase 2.  MGA is entitled to all documents on the issue, and not just

20  those that Mattel chooses to produce in support of its claims.  Further, Mattel's

21  prayer for relief is extremely broad.  Because Mattel's pleadings seek such broad

22  relief, MGA is entitled to extremely broad discovery on these issues.

23          None of Mattel's improper objections are valid and Mattel is obligated to

24  produce all non-privileged responsive documents in its possession, custody, or

25  control.

26

27

28

1

**REQUEST FOR PRODUCTION NO. 157:**

2

  If YOU contend that BRATZ has impacted or affected YOUR sales, profits

3

or revenue from "Barbie" as part of YOUR damages in this case, all

4

DOCUMENTS evidencing, detailing, discussing, describing, depicting,

5

mentioning, referring to, or relating to the similarities or differences between

6

BRATZ on the one hand and "Barbie" on the other.

7

  **RESPONSE TO REQUEST NO. 157:**

8

  In addition to the general objections stated above, which are incorporated

9

herein by reference, Mattel objects to this Request on the grounds that it is

10

unreasonably burdensome and premature in that the facts necessary to determine

11

the full nature and extent of Mattel's damages from defendant's acts or omissions

12

are known by defendants and third parties associated with defendants, but are not

13

known by Mattel at this juncture because of defendants' refusals to produce basic

14

discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

15

and oppressive in that it seeks "all" documents in Mattel's possession, custody and

16

control on this broad subject.  Mattel further objects to this Request on the grounds

17

that it calls for the disclosure of information subject to the attorney-client privilege,

18

the attorney work-product doctrine and other applicable privileges.  Mattel further

19

objects to this Request on the grounds that it is improperly phrased as a legal

20

contention.  Mattel further objects to this Request on the grounds that it calls for

21

information that is not relevant to this action or likely to lead to the discovery of

22

admissible evidence.

23

24

  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

25

26

  Mattel has not agreed to produce documents in response to this request,

27

subject to its improper boilerplate objections.  Mattel has refused to confirm

28

whether or not it has produced all non-privileged responsive documents or whether

- 415 -

it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the event Mattel contends that BRATZ has impacted its sales, profits or revenues from "Barbie" as part of its damages, the request is narrowly tailored to seek  documents concerning similarities or differences between BRATZ and "Barbie."

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of

1   MGA products.  Mattel has made a claim of trade secret misappropriation against

2   MGA.  MGA is entitled to discovery on its claims, defenses and damages. In the

3   event Mattel contends that BRATZ has impacted its sales, profits or revenues from

4   "Barbie" as part of its damages, the request is narrowly tailored to seek  documents

5   concerning similarities or differences between BRATZ and "Barbie."

6        This request does not seek documents protected by the attorney-client

7   privilege, the attorney work product doctrine, or other applicable privileges.  To the

8   extent that Mattel contends that it does, Mattel must provide a privilege log.

9        Mattel objects that the request contains confidential, proprietary, and trade

10  secret information.  A Protective Order exists in this case, obviating any concern as

11  to protection of privacy rights and/or commercially sensitive information.

12       As for relevancy, Mattel has not attempted to demonstrate why the

13  information sought in response to this request is not discoverable in Phase 2.  If

14  Mattel contends that BRATZ has impacted its sales, profits or revenues from

15  "Barbie" as part of its damages, documents concerning similarities or differences

16  between BRATZ and "Barbie" are highly relevant to MGA's claims, defenses, and

17  damages, including its defense against Mattel's trade secret misappropriation claim

18  and any damages Mattel may claim, and are discoverable in Phase 2.  MGA is

19  entitled to all documents on the issue, and not just those that Mattel chooses to

20  produce in support of its claims.  Further, Mattel's prayer for relief is extremely

21  broad.  Because Mattel's pleadings seek such broad relief, MGA is entitled to

22  extremely broad discovery on these issues.

23       None of Mattel's improper objections are valid and Mattel is obligated to

24  produce all non-privileged responsive documents in its possession, custody, or

25  control.

26

27

28

1  **REQUEST FOR PRODUCTION NO. 158:**

2        If YOU contend that BRATZ has impacted or affected YOUR sales, profits

3  or revenue from any doll or toy, including any fashion doll other than "Barbie," as

4  part of YOUR damages in this case, all DOCUMENTS that name or are otherwise

5  sufficient to identify the individuals who worked on or were involved in any way

6  with the conception, creation, design, development, sales and marketing of any such

7  doll or toy.

8        **RESPONSE TO REQUEST NO. 158:**

9        In addition to the general objections stated above, which are incorporated

10  herein by reference, Mattel objects to this Request on the grounds that it is

11  unreasonably burdensome and premature in that the facts necessary to determine

12  the full nature and extent of Mattel's damages from defendant's acts or omissions

13  are known by defendants and third parties associated with defendants, but are not

14  known by Mattel at this juncture because of defendants' refusals to produce basic

15  discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

16  and oppressive in that it seeks "all" documents in Mattel's possession, custody and

17  control on this broad subject.  Mattel further objects to this Request on the grounds

18  that it calls for the disclosure of information subject to the attorney-client privilege,

19  the attorney work-product doctrine and other applicable privileges.  Mattel further

20  objects to this Request on the grounds that it is improperly phrased as a legal

21  contention.  Mattel further objects to this Request on the grounds that it seeks

22  confidential, proprietary and trade secret information that has no bearing on the

23  claims or defenses in this case.  Mattel further objects to this Request on the

24  grounds that it calls for information that is not relevant to this action or likely to

25  lead to the discovery of admissible evidence.

26

27

28

- 418 -

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. In the event that Mattel contends that MGA's BRATZ impacted or affected its sales, profits or revenue from any fashion doll other than "Barbie" as part of Mattel's damage claims, the request is narrowly tailored to seek all documents that are sufficient to identify the individuals that were involved in any way with the conception, creation, design, development, sales and marketing of any such doll or toy.

1        As to burden, Mattel has not attempted to demonstrate why responding to

2  this request and/or producing responsive documents presents any burden.  This

3  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.")

7  Moreover, it is not unduly burdensome, as noted above, in that the request is

8  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9  has engaged in a broad variety of unfair trade practices including serial copying of

10  MGA products.

11        This request does not seek documents protected by the attorney-client

12  privilege, the attorney work product doctrine, or other applicable privileges.  To the

13  extent that Mattel contends that it does, Mattel must provide a privilege log.

14        As to relevancy, Mattel has not attempted to make any objections.  Mattel's

15  prayer for relief is extremely broad.  Because Mattel's pleadings seek such broad

16  relief, MGA is entitled to extremely broad discovery on these issues.  A request that

17  seeks documents that are sufficient to identify the individuals that were involved in

18  any way with the conception, creation, design, development, sales and marketing of

19  any such doll or toy is relevant to this action and MGA's defense.

20        Mattel objects that the request contains confidential, proprietary, and trade

21  secret information.  A Protective Order exists in this case, obviating any concern as

22  to protection of privacy rights and/or commercially sensitive information.

23        None of Mattel's improper objections are valid and Mattel is obligated to

24  produce all non-privileged responsive documents in its possession, custody, or

25  control.

26

27

28

1   **REQUEST FOR PRODUCTION NO. 159:**

2       If YOU contend that BRATZ has impacted or affected YOUR sales, profits

3   or revenue from any doll or toy, including any fashion doll other than "Barbie," as

4   part of YOUR damages in this case, all DOCUMENTS, evidencing, demonstrating,

5   discussing, mentioning, referring, relating to or calculating that impact or affect.

6       **RESPONSE TO REQUEST NO. 159:**

7       In addition to the general objections stated above, which are incorporated

8   herein by reference, Mattel objects to this Request on the grounds that it is

9   unreasonably burdensome and premature in that the facts necessary to determine

10  the full nature and extent of Mattel's damages from defendant's acts or omissions

11  are known by defendants and third parties associated with defendants, but are not

12  known by Mattel at this juncture because of defendants' refusals to produce basic

13  discovery.  Mattel further objects to this Request on the grounds that it calls for the

14  disclosure of information subject to the attorney-client privilege, the attorney

15  work-product doctrine and other applicable privileges.  Mattel further objects to this

16  Request on the grounds that it is improperly phrased as a legal contention.

17

18  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

19

20      Mattel has not agreed to produce documents in response to this request,

21  subject to its improper boilerplate objections.  Mattel has refused to confirm

22  whether or not it has produced all non-privileged responsive documents or whether

23  it is withholding documents based on its objections in Phase 2.  Under the Federal

24  Rules of Civil Procedure, "an objection to part of a request must specify the part

25  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

26  that fail to explain the basis for an objection with specificity are routinely rejected

27  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

28  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

1   burdensome and harassing' are improper – especially when a party fails to submit

2   any evidentiary declarations supporting such objections").  Accordingly, Mattel

3   must be compelled either to certify that it has produced all non-privileged

4   responsive documents or to produce all such documents by a date certain.

5        To the extent that Mattel is relying on its blanket objections, they are not

6   sustainable and do not justify Mattel's failure to produce documents.

7        As to overbreadth, Mattel provides no explanation, let alone the required

8   particularity, as to **why** this request is supposedly overly broad, nor can it do so.

9   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

11  event that Mattel contends that MGA's BRATZ impacted or affected its sales,

12  profits or revenue from any fashion doll other than "Barbie" as part of Mattel's

13  damage claims, the request is narrowly tailored to seek all documents relating to or

14  calculating that impact or affect.

15       As to burden, Mattel has not attempted to demonstrate why responding to

16  this request and/or producing responsive documents presents any burden.  This

17  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.")

21  Moreover, it is not unduly burdensome, as noted above, in that the request is

22  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23  has engaged in a broad variety of unfair trade practices including serial copying of

24  MGA products.

25       This request does not seek documents protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges.  To the

27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1    As to relevancy, Mattel has not attempted to make any objections.  Mattel's

2    prayer for relief is extremely broad.  Because Mattel's pleadings seek such broad

3    relief, MGA is entitled to extremely broad discovery on these issues.  A request that

4    seeks all documents relating to or calculating that impact or affect is relevant to this

5    action and MGA's defense.

6    Mattel objects that the request contains confidential, proprietary, and trade

7    secret information.  A Protective Order exists in this case, obviating any concern as

8    to protection of privacy rights and/or commercially sensitive information.

9    None of Mattel's improper objections are valid and Mattel is obligated to

10   produce all non-privileged responsive documents in its possession, custody, or

11   control.

12

13   **REQUEST FOR PRODUCTION NO. 160:**

14   If YOU contend that BRATZ has impacted or affected YOUR sales, profits

15   or revenue from any doll or toy, including any fashion doll other than "Barbie," as

16   part of YOUR damages in this case, all DOCUMENTS evidencing, demonstrating,

17   discussing, mentioning, referring or relating to such doll or toy including, without

18   limitation, its creation, design, development, sales and marketing and all MARKET

19   RESEARCH and all sales and market analyses referring or relating to such toy.

20   **RESPONSE TO REQUEST NO. 160:**

21   In addition to the general objections stated above, which are incorporated

22   herein by reference, Mattel objects to this Request on the grounds that it is

23   unreasonably burdensome and premature in that the facts necessary to determine

24   the full nature and extent of Mattel's damages from defendant's acts or omissions

25   are known by defendants and third parties associated with defendants, but are not

26   known by Mattel at this juncture because of defendants' refusals to produce basic

27   discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

28   and oppressive in that it seeks "all" documents in Mattel's possession, custody and

control on this broad subject.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and strategies, that has no bearing on the claims or defenses in this case.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.

1   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

2   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

3   event that Mattel contends that MGA's BRATZ impacted or affected its sales,

4   profits or revenue from any fashion doll other than "Barbie" as part of Mattel's

5   damage claims, the request is narrowly tailored to seek all documents related to

6   such doll or toy (including, without limitation, its creation, design, development,

7   sales and marketing and all market research and analyses related to the such toy.

8        As to burden, Mattel has not attempted to demonstrate why responding to

9   this request and/or producing responsive documents presents any burden.  This

10  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

11  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12  request is unduly burdensome must allege specific facts which indicate the nature

13  and extent of the burden, usually by affidavit or other reliable evidence.")

14  Moreover, it is not unduly burdensome, as noted above, in that the request is

15  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16  has engaged in a broad variety of unfair trade practices including serial copying of

17  MGA products.

18       This request does not seek documents protected by the attorney-client

19  privilege, the attorney work product doctrine, or other applicable privileges.  To the

20  extent that Mattel contends that it does, Mattel must provide a privilege log.

21       As to relevancy, Mattel has not attempted to make any objections.  It

22  therefore concedes relevance. MGA is entitled to all documents on the issue, and

23  not just those that Mattel chooses to produce in support of its claims.  Further,

24  Mattel's prayer for relief is extremely broad.  Because Mattel's pleadings seek such

25  broad relief, MGA is entitled to extremely broad discovery on these issues.  A

26  request that seeks all documents related to any fashion doll other than "Barbie" doll

27  or toy, including, without limitation, its creation, design, development, sales and

28

marketing and all market research and analyses related to Mattel's claim is relevant to this action and MGA's defense.

Mattel objects that the request contains confidential, proprietary, and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 161:**

If YOU contend that BRATZ has impacted or affected YOUR sales, profits or revenue from any doll or toy, including any fashion doll other than "Barbie," as part of YOUR damages in this case, all DOCUMENTS, including MARKET RESEARCH, referring or relating to, or influencing Mattel's decision to create, design, develop or modify such doll or toy including, without limitation, the reasons for and factors influencing its decision.

**RESPONSE TO REQUEST NO. 161:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to produce basic discovery.  Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further

1   objects to this Request on the grounds that it is improperly phrased as a legal

2   contention.  Mattel further objects to this Request on the grounds that it seeks

3   confidential, proprietary and trade secret information, such as current and future

4   Mattel marketing and pricing plans and strategies, that has no bearing on the claims

5   or defenses in this case.

6

7   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

8

9       Mattel has not agreed to produce documents in response to this request,

10  subject to its improper boilerplate objections.  Mattel has refused to confirm

11  whether or not it has produced all non-privileged responsive documents or whether

12  it is withholding documents based on its objections in Phase 2.  Under the Federal

13  Rules of Civil Procedure, "an objection to part of a request must specify the part

14  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

15  that fail to explain the basis for an objection with specificity are routinely rejected

16  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

17  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

18  burdensome and harassing' are improper – especially when a party fails to submit

19  any evidentiary declarations supporting such objections").  Accordingly, Mattel

20  must be compelled either to certify that it has produced all non-privileged

21  responsive documents or to produce all such documents by a date certain.

22      To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24      As to overbreadth, Mattel provides no explanation, let alone the required

25  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

28  event that Mattel contends that MGA's BRATZ impacted or affected its sales,

OHS West:260723192

- 427 -

1    profits or revenue from any fashion doll other than "Barbie" as part of Mattel's

2    damage claims, the request is narrowly tailored to seek all documents (including

3    market research) related to Mattel's decision to create, design, develop or modify

4    such toy or doll, including the reasons for and factors influencing its decision.

5        As to burden, Mattel has not attempted to demonstrate why responding to

6    this request and/or producing responsive documents presents any burden.  This

7    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

8    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9    request is unduly burdensome must allege specific facts which indicate the nature

10   and extent of the burden, usually by affidavit or other reliable evidence.")

11   Moreover, it is not unduly burdensome, as noted above, in that the request is

12   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

13   has engaged in a broad variety of unfair trade practices including serial copying of

14   MGA products.

15       This request does not seek documents protected by the attorney-client

16   privilege, the attorney work product doctrine, or other applicable privileges.  To the

17   extent that Mattel contends that it does, Mattel must provide a privilege log.

18       As to relevancy, Mattel has not attempted to make any objections.  It

19   therefore concedes relevance. MGA is entitled to all documents on the issue, and

20   not just those that Mattel chooses to produce in support of its claims.  Further,

21   Mattel's prayer for relief is extremely broad.  Because Mattel's pleadings seek such

22   broad relief, MGA is entitled to extremely broad discovery on these issues.  A

23   request that seeks all documents (including market research) related to Mattel's

24   decision to create, design, develop or modify such toy or doll (other than "Barbie"),

25   including the reasons for and factors influencing its decision is relevant to this

26   action and MGA's defense.

27       Mattel objects that the request contains confidential, proprietary, and trade

28   secret information.  A Protective Order exists in this case, obviating any concern as

1    to protection of privacy rights and/or commercially sensitive information.

2            None of Mattel's improper objections are valid and Mattel is obligated to

3    produce all non-privileged responsive documents in its possession, custody, or

4    control.

5

6    **REQUEST FOR PRODUCTION NO. 162:**

7            If YOU contend that BRATZ has impacted or affected YOUR sales, profits

8    or revenue from any doll or toy, including any fashion doll other than "Barbie," as

9    part of YOUR damages in this case, all DOCUMENTS used or referred to in

10   creating and designing such doll or toy including, without limitation, all

11   DOCUMENTS that served as artistic inspiration for any aspect, feature or element

12   of such doll or toy.

13           **RESPONSE TO REQUEST NO. 162:**

14           In addition to the general objections stated above, which are incorporated

15   herein by reference, Mattel objects to this Request on the grounds that it is

16   unreasonably burdensome and premature in that the facts necessary to determine

17   the full nature and extent of Mattel's damages from defendant's acts or omissions

18   are known by defendants and third parties associated with defendants, but are not

19   known by Mattel at this juncture because of defendants' refusals to produce basic

20   discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

21   and oppressive in that it seeks "all" documents in Mattel's possession, custody and

22   control on this broad subject.  Mattel further objects to this Request on the grounds

23   that it calls for the disclosure of information subject to the attorney-client privilege,

24   the attorney work-product doctrine and other applicable privileges.  Mattel further

25   objects to this Request on the grounds that it is improperly phrased as a legal

26   contention.  Mattel further objects to this Request on the grounds that it seeks

27   confidential, proprietary and trade secret information that has no bearing on the

28   claims or defenses in this case.  Mattel further objects to this Request on the

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9059, SET ONE; CV 04-9049 SGL (RNBx))

1   grounds that it calls for information that is not relevant to this action or likely to

2   lead to the discovery of admissible evidence.  Mattel further objects to this Request

3   as vague and ambiguous.

4

5   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

6   **SHOULD BE COMPELLED**

7       Mattel has not agreed to produce documents in response to this request,

8   subject to its improper boilerplate objections.  Mattel has refused to confirm

9   whether or not it has produced all non-privileged responsive documents or whether

10  it is withholding documents based on its objections in Phase 2.  Under the Federal

11  Rules of Civil Procedure, "an objection to part of a request must specify the part

12  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

13  that fail to explain the basis for an objection with specificity are routinely rejected

14  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

15  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

16  burdensome and harassing' are improper – especially when a party fails to submit

17  any evidentiary declarations supporting such objections").  Accordingly, Mattel

18  must be compelled either to certify that it has produced all non-privileged

19  responsive documents or to produce all such documents by a date certain.

20      To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.

22      As to overbreadth, Mattel provides no explanation, let alone the required

23  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

24  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

26  event that Mattel contends that MGA's BRATZ impacted or affected its sales,

27  profits or revenue from any fashion doll other than "Barbie" as part of Mattel's

28  damage claims, the request is narrowly tailored to seek all documents used in

1   creating and designing such doll or toy.  Such documents may include documents

2   that served as artistic inspiration for any aspect, feature or element of such doll or

3   toy.

4   As to burden, Mattel has not attempted to demonstrate why responding to

5   this request and/or producing responsive documents presents any burden.  This

6   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

7   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8   request is unduly burdensome must allege specific facts which indicate the nature

9   and extent of the burden, usually by affidavit or other reliable evidence.")

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

12  has engaged in a broad variety of unfair trade practices including serial copying of

13  MGA products.

14  This request does not seek documents protected by the attorney-client

15  privilege, the attorney work product doctrine, or other applicable privileges.  To the

16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17  As for relevancy, Mattel has not attempted to demonstrate why responding to

18  this request and/or producing responsive documents is irrelevant to the present

19  action.  Further, Mattel's prayer for relief is extremely broad.  Because Mattel's

20  pleadings seek such broad relief, MGA is entitled to extremely broad discovery on

21  these issues.  A request that seeks all documents used in creating and designing

22  such doll or toy (other than "Barbie") is relevant to this action and MGA's defense.

23  Mattel objects that the request contains confidential, proprietary, and trade

24  secret information.  A Protective Order exists in this case, obviating any concern as

25  to protection of privacy rights and/or commercially sensitive information.

26  None of Mattel's improper objections are valid and Mattel is obligated to

27  produce all non-privileged responsive documents in its possession, custody, or

28  control.

1    **REQUEST FOR PRODUCTION NO. 163:**

2        If YOU contend that BRATZ has impacted or affected YOUR sales, profits

3    or revenue from any doll or toy, including any fashion doll other than "Barbie" as

4    part of YOUR damages in this case, all DOCUMENTS, including MARKET

5    RESEARCH, referring or relating to, or influencing Mattel's decision to create,

6    design, develop or abandon such doll or toy including, without limitation, the

7    reasons for and factors influencing its decision.

8        **RESPONSE TO REQUEST NO. 163:**

9        In addition to the general objections stated above, which are incorporated

10   herein by reference, Mattel objects to this Request on the grounds that it is

11   unreasonably burdensome and premature in that the facts necessary to determine

12   the full nature and extent of Mattel's damages from defendant's acts or omissions

13   are known by defendants and third parties associated with defendants, but are not

14   known by Mattel at this juncture because of defendants' refusals to produce basic

15   discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

16   and oppressive in that it seeks "all" documents in Mattel's possession, custody and

17   control on this broad subject.  Mattel further objects to this Request on the grounds

18   that it calls for the disclosure of information subject to the attorney-client privilege,

19   the attorney work-product doctrine and other applicable privileges.  Mattel further

20   objects to this Request on the grounds that it is improperly phrased as a legal

21   contention.  Mattel further objects to this Request on the grounds that it seeks

22   confidential, proprietary and trade secret information that has no bearing on the

23   claims or defenses in this case.

24

25   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**

26

27       Mattel has not agreed to produce documents in response to this request,

28   subject to its improper boilerplate objections.  Mattel has refused to confirm

1   whether or not it has produced all non-privileged responsive documents or whether

2   it is withholding documents based on its objections in Phase 2.  Under the Federal

3   Rules of Civil Procedure, "an objection to part of a request must specify the part

4   and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

5   that fail to explain the basis for an objection with specificity are routinely rejected

6   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

7   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

8   burdensome and harassing' are improper – especially when a party fails to submit

9   any evidentiary declarations supporting such objections").  Accordingly, Mattel

10   must be compelled either to certify that it has produced all non-privileged

11   responsive documents or to produce all such documents by a date certain.

12        To the extent that Mattel is relying on its blanket objections, they are not

13   sustainable and do not justify Mattel's failure to produce documents.

14        As to overbreadth, Mattel provides no explanation, let alone the required

15   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

16   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

17   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the

18   event that Mattel contends that MGA's BRATZ impacted or affected its sales,

19   profits or revenue from any fashion doll other than "Barbie" as part of Mattel's

20   damage claims, the request is narrowly tailored to seek all documents (including

21   market research) related to Mattel's decision to create, design, develop or abandon

22   such toy or doll, including the reasons for and factors influencing its decision.

23        As to burden, Mattel has not attempted to demonstrate why responding to

24   this request and/or producing responsive documents presents any burden.  This

25   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

26   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

27   request is unduly burdensome must allege specific facts which indicate the nature

28   and extent of the burden, usually by affidavit or other reliable evidence.")

1   Moreover, it is not unduly burdensome, as noted above, in that the request is

2   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

3   has engaged in a broad variety of unfair trade practices including serial copying of

4   MGA products.

5        This request does not seek documents protected by the attorney-client

6   privilege, the attorney work product doctrine, or other applicable privileges.  To the

7   extent that Mattel contends that it does, Mattel must provide a privilege log.

8        As to relevancy, Mattel has not attempted to make any objections.  It

9   therefore concedes relevance.  MGA is entitled to all documents on the issue, and

10  not just those that Mattel chooses to produce in support of its claims.  Further,

11  Mattel's prayer for relief is extremely broad.  Because Mattel's pleadings seek such

12  broad relief, MGA is entitled to extremely broad discovery on these issues.  A

13  request that seeks all documents (including market research) related to Mattel's

14  decision to create, design, develop or abandon such toy or doll (other than

15  "Barbie"), including the reasons for and factors influencing its decision is relevant

16  to this action and MGA's defense.

17       Mattel objects that the request contains confidential, proprietary, and trade

18  secret information.  A Protective Order exists in this case, obviating any concern as

19  to protection of privacy rights and/or commercially sensitive information.

20       None of Mattel's improper objections are valid and Mattel is obligated to

21  produce all non-privileged responsive documents in its possession, custody, or

22  control.

23

24  **<u>REQUEST FOR PRODUCTION NO. 164:</u>**

25       If YOU contend that BRATZ has impacted or affected YOUR sales, profits

26  or revenue from any doll or toy, including any fashion doll other than "Barbie" as

27  part of YOUR damages in this case, all DOCUMENTS evidencing, detailing,

28  discussing, describing, depicting, mentioning, referring to, or relating to the

1   similarities or differences between BRATZ on the one hand and such doll or toy on

2   the other.

3   **RESPONSE TO REQUEST NO. 164:**

4   In addition to the general objections stated above, which are incorporated

5   herein by reference, Mattel objects to this Request on the grounds that it is

6   unreasonably burdensome and premature in that the facts necessary to determine

7   the full nature and extent of Mattel's damages from defendant's acts or omissions

8   are known by defendants and third parties associated with defendants, but are not

9   known by Mattel at this juncture because of defendants' refusals to produce basic

10  discovery.  Mattel further objects to this Request as overbroad, unduly burdensome

11  and oppressive in that it seeks "all" documents in Mattel's possession, custody and

12  control on this broad subject.  Mattel further objects to this Request on the grounds

13  that it calls for the disclosure of information subject to the attorney-client privilege,

14  the attorney work-product doctrine and other applicable privileges.  Mattel further

15  objects to this Request on the grounds that it is improperly phrased as a legal

16  contention.  Mattel further objects to this Request on the grounds that it calls for

17  information that is not relevant to this action or likely to lead to the discovery of

18  admissible evidence.

19

20  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

21

22  Mattel has not agreed to produce documents in response to this request,

23  subject to its improper boilerplate objections.  Mattel has refused to confirm

24  whether or not it has produced all non-privileged responsive documents or whether

25  it is withholding documents based on its objections in Phase 2.  Under the Federal

26  Rules of Civil Procedure, "an objection to part of a request must specify the part

27  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

28  that fail to explain the basis for an objection with specificity are routinely rejected

in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  In the event that Mattel contends that MGA's BRATZ impacted or affected its sales, profits or revenue from any fashion doll other than "Barbie" as part of Mattel's damage claims, the request is narrowly tailored to seek all documents related to the similarities or differences between BRATZ and such doll or toy.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products.

1   This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4   As for relevancy, Mattel has not attempted to demonstrate why responding to

5   this request and/or producing responsive documents is irrelevant to the present

6   action.  Further, Mattel's prayer for relief is extremely broad.  Because Mattel's

7   pleadings seek such broad relief, MGA is entitled to extremely broad discovery on

8   these issues.  A request that seeks all documents related to the similarities or

9   differences between BRATZ and such doll or toy (other than "Barbie") is relevant

10   to this action and MGA's defense.

11   Mattel objects that the request contains confidential, proprietary, and trade

12   secret information.  A Protective Order exists in this case, obviating any concern as

13   to protection of privacy rights and/or commercially sensitive information.

14   None of Mattel's improper objections are valid and Mattel is obligated to

15   produce all non-privileged responsive documents in its possession, custody, or

16   control.

17

18   **REQUEST FOR PRODUCTION NO. 165:**

19   If you contend that BRATZ or BRATZ INTELLECTUAL PROPERTY was

20   copied from, derived from or infringes any intellectual property owned by

21   MATTEL, all DOCUMENTS evidencing, detailing, discussing, describing,

22   depicting, mentioning, referring to, or relating to the similarities or differences

23   between BRATZ and BRATZ INTELLECTUAL PROPERTY on the one hand and

24   such intellectual property on the other.

25   **RESPONSE TO REQUEST NO. 165:**

26   In addition to the general objections stated above, which are incorporated

27   herein by reference, Mattel objects to this Request on the grounds that it is

28   unreasonably burdensome and premature in that the facts necessary to determine

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9059, SET ONE; CV 04-9049 SGL (RNBX))

whether documents in Mattel's possession, custody and control are responsive to this request are within the knowledge of defendants and third parties associated with defendants, and are not known to Mattel because of defendants' refusals to produce basic discovery.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.  Mattel further objects to this Request on the grounds that the terms "Bratz" and "Bratz Intellectual Property" are vague and ambiguous.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel

1   must be compelled either to certify that it has produced all non-privileged

2   responsive documents or to produce all such documents by a date certain.

3        To the extent that Mattel is relying on its blanket objections, they are not

4   sustainable and do not justify Mattel's failure to produce documents.

5        As to overbreadth, Mattel provides no explanation, let alone the required

6   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9   contrary, the request is narrowly tailored to seek documents concerning any

10  similarities or differences between BRATZ and BRATZ INTELLECTUAL

11  PROPERTY that Mattel contends was derived from Mattel's intellectual property

12  on the one hand and Mattel intellectual property from which it was derived on the

13  other.

14       As to burden, Mattel has not attempted to demonstrate why responding to

15  this request and/or producing responsive documents presents any burden.  This

16  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

17  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.")

20  Moreover, it is not unduly burdensome, as noted above, in that the request is

21  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

22  has engaged in a broad variety of unfair trade practices including serial copying of

23  MGA products.  Mattel has also alleged a trade secret misappropriation claim

24  against MGA.  MGA is entitled to discovery on its claims and defenses.

25       This request does not seek documents protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges.  To the

27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

- 439 -

1   Mattel objects that the request is duplicative or subsumed within prior

2   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

3   agree to produce responsive non-privileged documents is not proper based on this

4   objection.

5   As for relevancy, Mattel has not attempted to demonstrate why the

6   information sought in response to this request is not discoverable in Phase 2. On the

7   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

8   product lines.  Mattel has also alleged a trade secret misappropriation claim against

9   MGA.  Documents concerning any similarities or differences between BRATZ and

10   BRATZ INTELLECTUAL PROPERTY that Mattel contends was derived from

11   Mattel's intellectual property on the one hand and Mattel intellectual property from

12   which it was derived on the other are highly relevant to MGA's claims and

13   defenses, including its serial copying claims and its defense against Mattel's trade

14   secret misappropriation claim and are discoverable in Phase 2.

15   None of Mattel's improper objections are valid and Mattel is obligated to

16   produce all non-privileged responsive documents in its possession, custody, or

17   control.

18

19   **REQUEST FOR PRODUCTION NO. 166:**

20   If you contend that BRATZ or BRATZ INTELLECTUAL PROPERTY was

21   copied from, derived from or infringes any idea, concept, design or product owned

22   by MATTEL, all DOCUMENTS evidencing, detailing, discussing, describing,

23   depicting, mentioning, referring to, or relating to such product and the similarities

24   or differences between BRATZ and BRATZ INTELLECTUAL PROPERTY on the

25   one hand and such product on the other.

26   **RESPONSE TO REQUEST NO. 166:**

27   In addition to the general objections stated above, which are incorporated

28   herein by reference, Mattel objects to this Request on the grounds that it is

1   unreasonably burdensome and premature in that the facts necessary to determine

2   whether documents in Mattel's possession, custody and control are responsive to

3   this request are within the knowledge of defendants and third parties associated

4   with defendants, and are not known to Mattel because of defendants' refusals to

5   produce basic discovery.  Mattel further objects to this Request on the grounds that

6   it calls for the disclosure of information subject to the attorney-client privilege, the

7   attorney work-product doctrine and other applicable privileges.  Mattel further

8   objects to this Request on the grounds that it is improperly phrased as a legal

9   contention.  Mattel further objects to this Request on the grounds that the terms

10  "Bratz" and "Bratz Intellectual Property" are vague and ambiguous.  Mattel further

11  objects to this Request on the grounds that it is duplicative of or subsumed within

12  prior Requests already responded to and seeks the re-production of information and

13  documents already produced in this action.  Such information and documents will

14  not be re-produced.

15

16  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

17

18      Mattel has not agreed to produce documents in response to this request,

19  subject to its improper boilerplate objections.  Mattel has refused to confirm

20  whether or not it has produced all non-privileged responsive documents or whether

21  it is withholding documents based on its objections in Phase 2.  Under the Federal

22  Rules of Civil Procedure, "an objection to part of a request must specify the part

23  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

24  that fail to explain the basis for an objection with specificity are routinely rejected

25  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

26  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

27  burdensome and harassing' are improper – especially when a party fails to submit

28  any evidentiary declarations supporting such objections").  Accordingly, Mattel

1    must be compelled either to certify that it has produced all non-privileged

2    responsive documents or to produce all such documents by a date certain.

3           To the extent that Mattel is relying on its blanket objections, they are not

4    sustainable and do not justify Mattel's failure to produce documents.

5           As to overbreadth, Mattel provides no explanation, let alone the required

6    particularity, as to **why** this request is supposedly overly broad, nor can it do so.

7    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9    contrary, the request is narrowly tailored to seek documents related to Mattel

10   products and similarities or differences between Mattel products and BRATZ and

11   BRATZ INTELLECTUAL PROPERTY that Mattel contends was copied or

12   derived from or infringes Mattel's ideas, concepts, designs or products.

13          As to burden, Mattel has not attempted to demonstrate why responding to

14   this request and/or producing responsive documents presents any burden.  This

15   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

16   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17   request is unduly burdensome must allege specific facts which indicate the nature

18   and extent of the burden, usually by affidavit or other reliable evidence.")

19   Moreover, it is not unduly burdensome, as noted above, in that the request is

20   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

21   has engaged in a broad variety of unfair trade practices including serial copying of

22   MGA products.  Mattel has also alleged a trade secret misappropriation claim

23   against MGA.  MGA is entitled to discovery on its claims and defenses.

24          This request does not seek documents protected by the attorney-client

25   privilege, the attorney work product doctrine, or other applicable privileges.  To the

26   extent that Mattel contends that it does, Mattel must provide a privilege log.

27          Mattel objects that the request is duplicative or subsumed within prior

28   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

1  agree to produce responsive non-privileged documents is not proper based on this

2  objection.

3      As for relevancy, Mattel has not attempted to demonstrate why the

4  information sought in response to this request is not discoverable in Phase 2. On the

5  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

6  product lines.  Mattel has also alleged a trade secret misappropriation claim against

7  MGA.  Documents related to Mattel products and similarities or differences

8  between Mattel products and BRATZ and BRATZ INTELLECTUAL PROPERTY

9  that Mattel contends was copied or derived from Mattel's ideas, concepts, designs

10  or products are highly relevant to MGA's claims and defenses, including its defense

11  against Mattel's trade secret misappropriation claim and are discoverable in Phase

12  2.

13      None of Mattel's improper objections are valid and Mattel is obligated to

14  produce all non-privileged responsive documents in its possession, custody, or

15  control.

16

17  **REQUEST FOR PRODUCTION NO. 167:**

18      All DOCUMENTS evidencing, detailing, discussing, describing, depicting,

19  mentioning, referring to, or relating to the similarities or differences between

20  BRATZ and BRATZ INTELLECTUAL PROPERTY on the one hand and "Funky

21  Tweenz" on the other.

22      **RESPONSE TO REQUEST NO. 167:**

23      In addition to the general objections stated above, which are incorporated

24  herein by reference, Mattel objects to this Request on the grounds that it calls for

25  information that is not relevant to this action or likely to lead to the discovery of

26  admissible evidence.  Mattel further objects to this Request on the grounds that it

27  calls for the disclosure of information subject to the attorney-client privilege, the

28  attorney work-product doctrine and other applicable privileges.  Mattel further

1    objects to this Request on the grounds that the terms "Bratz" and "Bratz Intellectual

2    Property" are vague and ambiguous.

3

4    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

5

6        Mattel refuses to produce documents in response to this request, standing on

7    its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an

8    objection to part of a request must specify the part and permit inspection of the

9    rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis

10    for an objection with specificity are routinely rejected in the Central District. <u>See</u>

11    <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

12    ("general or boilerplate objections such as 'overly burdensome and harassing' are

13    improper – especially when a party fails to submit any evidentiary declarations

14    supporting such objections"). Accordingly, Mattel must be compelled either to

15    certify that it has produced all non-privileged responsive documents or to produce

16    all such documents by a date certain.

17        To the extent that Mattel is relying on its blanket objections, they are not

18    sustainable and do not justify Mattel's failure to produce documents.

19        Funky Tweenz is the product at issue in the Hong Kong action between

20    MGA and Cityworld. Mattel had communications with Cityworld attorneys prior

21    to November 2003, more than three years before seeking to add its trade secret

22    misappropriation claim, which are directly relevant to MGA's statute of limitations

23    and laches defenses in Phase 2. Mattel's objection that this request seeks

24    documents that are not relevant is meritless.

25        Mattel's inexplicable objection that "Bratz" and "Bratz Intellectual Property"

26    are vague and ambiguous cannot justify its refusal to produce. These terms get to

27    the heart of the issues in this case.

28

- 444 -

1   None of Mattel's improper objections are valid and Mattel is obligated to

2   produce all non-privileged responsive documents in its possession, custody, or

3   control.

4

5   **REQUEST FOR PRODUCTION NO. 170:**

6   All DOCUMENTS discussing, mentioning, relating or referring to Mattel's

7   target market and marketing strategy for its lines of fashion doll before "BRATZ"

8   became commercially available in the summer of 2001, going back to 1995, and

9   Mattel's target market and marketing strategy for its lines of fashion dolls after

10  "BRATZ" became commercially available in the summer of 2001 to the present.

11  **RESPONSE TO REQUEST NO. 170:**

12  In addition to the general objections stated above, which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it calls for

14  information that is not relevant to this action or likely to lead to the discovery of

15  admissible evidence.  Mattel further objects to this Request as overbroad, unduly

16  burdensome and not reasonably calculated to lead to the discovery of admissible

17  evidence in that purports to seek documents covering more than a decade for vast,

18  undefined categories of information pertaining to numerous undefined "lines of

19  fashion dolls," including categories of information that have no bearing on "Bratz."

20  Mattel further objects to this Request on the grounds that such discovery from

21  Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to

22  the discovery of admissible evidence in that Mattel's actions in relation to the

23  "Bratz" line of products are not at issue in this action and are irrelevant to the

24  claims and defenses in this suit.  Rather, at issue are the actions of defendants and

25  third parties associated with defendants in connection with the projects that

26  defendant Bryant worked on with defendant MGA, which is information known to

27  and within the possession, custody and control of defendants and their associated

28  third parties, not Mattel.  Mattel further objects to this Request on the grounds that

1   it calls for the disclosure of information subject to the attorney-client privilege, the

2   attorney work-product doctrine and other applicable privileges.  Mattel further

3   objects to this Request on the grounds that it seeks confidential, proprietary and

4   trade secret information, such as current and future Mattel marketing and pricing

5   plans and strategies, that has no bearing on the claims or defenses in this case.

6

7   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

8   **SHOULD BE COMPELLED**

9        Mattel has not agreed to produce documents in response to this request,

10  subject to its improper boilerplate objections.  Mattel has refused to confirm

11  whether or not it has produced all non-privileged responsive documents or whether

12  it is withholding documents based on its objections in Phase 2.  Under the Federal

13  Rules of Civil Procedure, "an objection to part of a request must specify the part

14  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

15  that fail to explain the basis for an objection with specificity are routinely rejected

16  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

17  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

18  burdensome and harassing' are improper – especially when a party fails to submit

19  any evidentiary declarations supporting such objections").  Accordingly, Mattel

20  must be compelled either to certify that it has produced all non-privileged

21  responsive documents or to produce all such documents by a date certain.

22       To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24       As to overbreadth, Mattel provides no explanation, let alone the required

25  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

26  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28  contrary, the request is narrowly tailored to seek documents concerning target

1   market and marketing strategy relating to Mattel's fashion dolls before and after

2   "BRATZ" became commercially available.

3         As to burden, Mattel has not attempted to demonstrate why responding to

4   this request and/or producing responsive documents presents any burden.  This

5   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

6   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7   request is unduly burdensome must allege specific facts which indicate the nature

8   and extent of the burden, usually by affidavit or other reliable evidence.")

9   Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11  has engaged in a broad variety of unfair trade practices including serial copying of

12  MGA products, including MGA's BRATZ product line.  MGA is entitled to

13  discovery on these claims.

14        This request does not seek documents protected by the attorney-client

15  privilege, the attorney work product doctrine, or other applicable privileges.  To the

16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17        Mattel objects that the request contains confidential, proprietary and trade

18  secret information.  A Protective Order exists in this case, obviating any concern as

19  to protection of privacy rights and/or commercially sensitive information.

20        Mattel objects that Mattel's actions in relation to the "Bratz" line of products

21  are not at issue in this action and are irrelevant to the claims and defenses in this

22  suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2 of

23  these consolidated proceedings.  Discovery relating to Bratz is likely to lead to

24  admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair

25  competition claim, Mattel's trade secret misappropriation claim, and both parties

26  damages claims.

27        As for relevancy, Mattel has not attempted to demonstrate why the

28  information sought in response to this request is not discoverable in Phase 2.  On

1   the contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

2   product lines, including its BRATZ line, packaging, themes, accessories, and

3   advertising.  Documents related to target market and marketing strategy for

4   Mattel's line of fashion dolls before and after BRATZ became commercially

5   available, are highly relevant to MGA's claims and defenses, including MGA's

6   claims that when Mattel's products began to fail, it began to copy MGA's

7   successful products, and are discoverable in Phase 2.

8        None of Mattel's improper objections are valid and Mattel is obligated to

9   produce all non-privileged responsive documents in its possession, custody, or

10  control.

11

12  **REQUEST FOR PRODUCTION NO. 171:**

13       All DOCUMENTS discussing, mentioning, relating or referring to any

14  decision or resolution of Mattel's Board of Directors relating to Mattel's target

15  market and marketing strategy for its lines of fashion doll before "BRATZ" became

16  commercially available in the summer of 2001, going back to 1995, and Mattel's

17  target market and marketing strategy for its lines of fashion dolls after "BRATZ"

18  became commercially available in the summer of 2001 to the present.

19       **RESPONSE TO REQUEST NO. 171:**

20       In addition to the general objections stated above, which are incorporated

21  herein by reference, Mattel objects to this Request on the grounds that it calls for

22  information that is not relevant to this action or likely to lead to the discovery of

23  admissible evidence.  Mattel further objects to this Request on the grounds that

24  such discovery from Mattel is overbroad, unduly burdensome, oppressive and not

25  likely to the lead to the discovery of admissible evidence in that Mattel's actions in

26  relation to the "Bratz" line of products are not at issue in this action and are

27  irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of

28  defendants and third parties associated with defendants in connection with the

1   projects that defendant Bryant worked on with defendant MGA, which is

2   information known to and within the possession, custody and control of defendants

3   and their associated third parties, not Mattel.  Mattel further objects to this Request

4   as overbroad, unduly burdensome and not reasonably calculated to lead to the

5   discovery of admissible evidence in that purports to seek documents covering more

6   than a decade for vast, undefined categories of information pertaining to numerous

7   undefined "lines of fashion dolls," including categories of information that have no

8   bearing on "Bratz."  Mattel further objects to this Request on the grounds that it

9   calls for the disclosure of information subject to the attorney-client privilege, the

10  attorney work-product doctrine and other applicable privileges.  Mattel further

11  objects to this Request on the grounds that it seeks confidential, proprietary and

12  trade secret information, such as current and future Mattel marketing and pricing

13  plans and strategies, that has no bearing on the claims or defenses in this case.

14

15  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

16  **SHOULD BE COMPELLED**

17       Mattel refuses to produce in response to this request, resting on its improper

18  boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to

19  part of a request must specify the part and permit inspection of the rest."  Fed. R.

20  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

21  with specificity are routinely rejected in the Central District.  See A. Farber and

22  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

23  boilerplate objections such as 'overly burdensome and harassing' are improper –

24  especially when a party fails to submit any evidentiary declarations supporting such

25  objections").  Accordingly, Mattel must be compelled either to certify that it has

26  produced all non-privileged responsive documents or to produce all such

27  documents by a date certain.

28

1    To the extent that Mattel is relying on its blanket objections, they are not

2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required

4    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

5    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

6    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

7    contrary, the request is narrowly tailored to seek documents concerning Mattel's

8    Board of Director's decisions relating to Mattel's marketing strategy during a

9    discrete time period.

10   As to burden, Mattel has not attempted to demonstrate why responding to

11   this request and/or producing responsive documents presents any burden.  This

12   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

13   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

14   request is unduly burdensome must allege specific facts which indicate the nature

15   and extent of the burden, usually by affidavit or other reliable evidence.")

16   Moreover, it is not unduly burdensome, as noted above, in that the request is

17   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

18   has engaged in a broad variety of unfair trade practices, from serial copying of

19   MGA products, to threatening retailers and suppliers to cease doing business with

20   MGA, to intimidating employees and industry groups in order to prevent MGA

21   from fairly competing, and this request seeks information directly relevant to these

22   claims.

23   This request does not seek documents protected by the attorney-client

24   privilege, the attorney work product doctrine, or other applicable privileges.  To the

25   extent that Mattel contends that it does, Mattel must provide a privilege log.

26   Mattel objects that the request contains confidential, proprietary and trade

27   secret information.  A Protective Order exists in this case, obviating any concern as

28   to protection of privacy rights and/or commercially sensitive information.

1   **REQUEST FOR PRODUCTION NO. 175:**

2        All DOCUMENTS constituting, discussing, mentioning, relating or referring

3   to MARKET RESEARCH relating to "BRATZ".

4        **RESPONSE TO REQUEST NO. 175:**

5        In addition to the general objections stated above, which are incorporated

6   herein by reference, Mattel objects to this Request as unduly burdensome,

7   oppressive and not likely to lead to the discovery of admissible evidence in that it

8   seeks the disclosure of <u>all</u> documents in Mattel's possession, custody and control on

9   this overbroad topic, without limitation as to time, regardless of whether the

10  documents relate to the conduct at issue in this lawsuit.  Mattel further objects to

11  this Request on the grounds that such discovery from Mattel is overbroad, unduly

12  burdensome, oppressive and not likely to the lead to the discovery of admissible

13  evidence in that Mattel's actions in relation to the "Bratz" line of products are not at

14  issue in this action and are irrelevant to the claims and defenses in this suit.  Rather,

15  at issue are the actions of defendants and third parties associated with defendants in

16  connection with the projects that defendant Bryant worked on with defendant

17  MGA, which is information known to and within the possession, custody and

18  control of defendants and their associated third parties, not Mattel.  Mattel further

19  objects to this Request on the grounds that it calls for the disclosure of information

20  subject to the attorney-client privilege, the attorney work-product doctrine and other

21  applicable privileges.  Mattel further objects to this Request on the grounds that it

22  seeks confidential, proprietary and trade secret information that has no bearing on

23  the claims or defenses in this case.  Mattel further objects to this Request on the

24  grounds that it is duplicative of or subsumed within prior Requests already

25  responded to and seeks the re-production of information and documents already

26  produced in this action.  Such information and documents will not be re-produced.

27

28

1

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

2

3      Mattel has not agreed to produce documents in response to this request,

4  subject to its improper boilerplate objections.  Mattel has refused to confirm

5  whether or not it has produced all non-privileged responsive documents or whether

6  it is withholding documents based on its objections in Phase 2.  Under the Federal

7  Rules of Civil Procedure, "an objection to part of a request must specify the part

8  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

9  that fail to explain the basis for an objection with specificity are routinely rejected

10  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

11  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

12  burdensome and harassing' are improper – especially when a party fails to submit

13  any evidentiary declarations supporting such objections").  Accordingly, Mattel

14  must be compelled either to certify that it has produced all non-privileged

15  responsive documents or to produce all such documents by a date certain.

16      To the extent that Mattel is relying on its blanket objections, they are not

17  sustainable and do not justify Mattel's failure to produce documents.

18      As to overbreadth, Mattel provides no explanation, let alone the required

19  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

20  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

21  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

22  contrary, the request is narrowly tailored to seek documents concerning market

23  research relating to "BRATZ."

24      As to burden, Mattel has not attempted to demonstrate why responding to

25  this request and/or producing responsive documents presents any burden.  This

26  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

27  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

28  request is unduly burdensome must allege specific facts which indicate the nature

- 452 -

1  and extent of the burden, usually by affidavit or other reliable evidence.")

2  Moreover, it is not unduly burdensome, as noted above, in that the request is

3  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4  has engaged in a broad variety of unfair trade practices including serial copying of

5  MGA products, including MGA's BRATZ product line.  MGA is entitled to

6  discovery on these claims.

7      This request does not seek documents protected by the attorney-client

8  privilege, the attorney work product doctrine, or other applicable privileges.  To the

9  extent that Mattel contends that it does, Mattel must provide a privilege log.

10     Mattel objects that the request contains confidential, proprietary and trade

11 secret information.  A Protective Order exists in this case, obviating any concern as

12 to protection of privacy rights and/or commercially sensitive information.

13     Mattel objects that the request is duplicative or subsumed within prior

14 requests but does not identify the allegedly duplicative requests.  Mattel's failure to

15 agree to produce responsive non-privileged documents is not proper based on this

16 objection.

17     As for relevancy, Mattel has not attempted to demonstrate why the

18 information sought in response to this request is not discoverable in Phase 2.  On

19 the contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

20 product lines, including its BRATZ line, packaging, themes, accessories, and

21 advertising.  Documents related to market research of BRATZ  that Mattel has in its

22 possession, custody or control are therefore discoverable in Phase 2 and highly

23 relevant to MGA's claims.

24     Mattel objects that Mattel's actions in relation to the "Bratz" line of products

25 are not at issue in this action and are irrelevant to the claims and defenses in this

26 suit.  Mattel cannot legitimately contend that Bratz is not at issue in Phase 2 of

27 these consolidated proceedings.  Discovery relating to Bratz is likely to lead to

28 admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair

- 453 -

1    competition claim, Mattel's trade secret misappropriation claim, and both parties

2    damages claims.

3          None of Mattel's improper objections are valid and Mattel is obligated to

4    produce all non-privileged responsive documents in its possession, custody, or

5    control.

6

7    **REQUEST FOR PRODUCTION NO. 176:**

8          All DOCUMENTS sent to or received from the NPD Group discussing,

9    mentioning, relating or referring to "BRATZ", Isaac Larian, MGA or any MGA

10   past or present employee including, without limitation, Victoria O'Connor and

11   Paula Treantafellas.

12         **RESPONSE TO REQUEST NO. 176:**

13         In addition to the general objections stated above, which are incorporated

14   herein by reference, Mattel objects to this Request as overbroad and unduly

15   burdensome in that it seeks <u>all</u> documents in Mattel's possession, custody and

16   control sent to or received from the NPD Group that discuss, mention, relate or

17   refer to BRATZ, Isaac Larian, MGA or <u>any</u> MGA employee, <u>past or present</u>,

18   including Victoria O'Connor and Paula Treantafelles, without limitation as to time,

19   and regardless of whether the documents relate to the conduct at issue in this

20   lawsuit.  Mattel further objects to this request on the ground that it seeks documents

21   that are not relevant to this action and is not reasonably calculated to lead to the

22   discovery of admissible evidence.  Mattel further objects to this Request on the

23   grounds that such discovery from Mattel is overbroad, unduly burdensome,

24   oppressive and not likely to the lead to the discovery of admissible evidence in that

25   Mattel's actions in relation to the "Bratz" line of products are not at issue in this

26   action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are

27   the actions of defendants and third parties associated with defendants in connection

28   with the projects that defendant Bryant worked on with defendant MGA, which is

1   information known to and within the possession, custody and control of defendants

2   and their associated third parties, not Mattel.

3

4   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

5

6      Mattel has improperly limited its agreement to produce documents in

7   response to this request, subject to its improper boilerplate objections.  Mattel has

8   refused to confirm whether or not it has produced all non-privileged responsive

9   documents or whether it is withholding documents based on its objections in Phase

10  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

11  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

12  Generic objections that fail to explain the basis for an objection with specificity are

13  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

14  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

15  such as 'overly burdensome and harassing' are improper – especially when a party

16  fails to submit any evidentiary declarations supporting such objections").

17  Accordingly, Mattel must be compelled either to certify that it has produced all

18  non-privileged responsive documents or to produce all such documents by a date

19  certain.

20      To the extent that Mattel is relying on its blanket objections, they are not

21  sustainable and do not justify Mattel's failure to produce documents.

22      As to overbreadth, Mattel provides no explanation, let alone the required

23  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

24  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

25  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

26  contrary, the request is narrowly tailored to seek documents concerning how access

27  to Mattel's confidential information is controlled, which is directly relevant to

28  Mattel's claim for misappropriation of trade secrets.

1      As to burden, Mattel has not attempted to demonstrate why responding to

2  this request and/or producing responsive documents presents any burden.  This

3  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.")

7  Moreover, it is not unduly burdensome, as noted above, in that the request is

8  narrowly tailored to seek only discoverable evidence.  Mattel has alleged that MGA

9  has directly and indirectly engaged in various efforts to illegally obtain protected

10  trade information from Mattel, including that MGA misappropriated Mattel trade

11  secrets.

12      Mattel objects that the request contains confidential, proprietary and trade

13  secret information.  A Protective Order exists in this case, obviating any concern as

14  to protection of privacy rights and/or commercially sensitive information.

15      Mattel also does not identify what documents, if any, it is withholding on the

16  grounds that such documents are evidence in or pertain to criminal proceedings, and

17  that their disclosure might interfere with such proceedings, nor does it explain *how*

18  their disclosure might cause such interference. This objection is therefore improper.

19  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with

20  specificity), Rutowski Decl. Ex. 58.

21      This request does not seek documents protected by the attorney-client

22  privilege, the attorney work product doctrine, or other applicable privileges.  To the

23  extent that Mattel contends that it does, Mattel must provide a privilege log.

24      None of Mattel's improper objections are valid and Mattel is obligated to

25  produce all non-privileged responsive documents in its possession, custody, or

26  control.

27

28

1    **REQUEST FOR PRODUCTION NO. 177:**

2        All DOCUMENTS sent to or received from CARU discussing, mentioning,

3    relating or referring to "BRATZ", Isaac Larian or MGA.

4        **RESPONSE TO REQUEST NO. 177:**

5        In addition to the general objections stated above, which are incorporated

6    herein by reference, Mattel objects to this Request as overbroad and unduly

7    burdensome in that it seeks <u>all</u> documents in Mattel's possession, custody and

8    control sent to or received from CARU that discuss, mention, relate or refer to

9    BRATZ, Isaac Larian or MGA, without limitation as to time, and regardless of

10   whether the documents relate to the conduct at issue in this lawsuit.  Mattel further

11   objects to this request on the ground that it seeks documents that are not relevant to

12   this action and is not reasonably calculated to lead to the discovery of admissible

13   evidence.  Mattel further objects to this Request on the grounds that such discovery

14   from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead

15   to the discovery of admissible evidence in that Mattel's actions in relation to the

16   "Bratz" line of products are not at issue in this action and are irrelevant to the

17   claims and defenses in this suit.  Rather, at issue are the actions of defendants and

18   third parties associated with defendants in connection with the projects that

19   defendant Bryant worked on with defendant MGA, which is information known to

20   and within the possession, custody and control of defendants and their associated

21   third parties, not Mattel.

22

23       **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

24       **SHOULD BE COMPELLED**

25       Mattel has improperly limited its agreement to produce documents in

26   response to this request to the policies and procedures applied in the U.S., Mexico

27   and Canada, and subject to its improper boilerplate objections.  Mattel has refused

28   to confirm whether or not it has produced all non-privileged responsive documents

- 457 -

1   or whether it is withholding documents based on its objections in Phase 2.  Under

2   the Federal Rules of Civil Procedure, "an objection to part of a request must specify

3   the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

4   objections that fail to explain the basis for an objection with specificity are

5   routinely rejected in the Central District.  See <u>A. Farber and Partners, Inc. v.</u>

6   <u>Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

7   such as 'overly burdensome and harassing' are improper – especially when a party

8   fails to submit any evidentiary declarations supporting such objections").

9   Accordingly, Mattel must be compelled either to certify that it has produced all

10   non-privileged responsive documents or to produce all such documents by a date

11   certain.

12       To the extent that Mattel is relying on its blanket objections, they are not

13   sustainable and do not justify Mattel's failure to produce documents.

14       As to overbreadth, Mattel provides no explanation, let alone the required

15   particularity, as to ***why*** this request is supposedly overly broad, nor can it do so.

16   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

17   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

18   contrary, the request is narrowly tailored to seek documents concerning the steps

19   and procedures Mattel takes to protect its confidential information, which is directly

20   relevant to MGA's Unfair Competition claim based on Mattel's unlawful

21   constraints, intimidation, and coercion of MGA's current and potential employees

22   formerly or currently employed by Mattel, as well as to Mattel's claim for

23   misappropriation of trade secrets.

24       As to burden, Mattel has not attempted to demonstrate why responding to

25   this request and/or producing responsive documents presents any burden.  This

26   objection must therefore be rejected.  See <u>Jackson v. Montgomery Ward & Co.,</u>

27   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

28   request is unduly burdensome must allege specific facts which indicate the nature

1    and extent of the burden, usually by affidavit or other reliable evidence.")

2    Moreover, it is not unduly burdensome, as noted above, in that the request is

3    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4    has unlawfully constrained, intimidated and coerced its current and potential

5    employees, and Mattel has alleged that MGA has directly and indirectly engaged in

6    various efforts to illegally obtain protected trade information from Mattel, including

7    that MGA misappropriated Mattel trade secrets.  MGA is entitled to discovery on

8    these claims.

9          Mattel objects that the request contains confidential, proprietary and trade

10   secret information.  A Protective Order exists in this case, obviating any concern as

11   to protection of privacy rights and/or commercially sensitive information.

12         Mattel also does not identify what documents, if any, it is withholding on the

13   grounds that such documents are evidence in or pertain to criminal proceedings, and

14   that their disclosure might interfere with such proceedings, nor does it explain ***how***

15   such disclosure might cause such interference. This objection is therefore improper.

16   Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with

17   specificity), Rutowski Decl. Ex. 58.

18         This request does not seek documents protected by the attorney-client

19   privilege, the attorney work product doctrine, or other applicable privileges.  To the

20   extent that Mattel contends that it does, Mattel must provide a privilege log.

21         None of Mattel's improper objections are valid and Mattel is obligated to

22   produce all non-privileged responsive documents in its possession, custody, or

23   control.

24

25   **REQUEST FOR PRODUCTION NO. 178:**

26         All DOCUMENTS sent to or received from TIA discussing, mentioning,

27   relating or referring to "BRATZ", Isaac Larian or MGA.

28

1

**RESPONSE TO REQUEST NO. 178:**

2      In addition to the general objections stated above, which are incorporated

3   herein by reference, Mattel objects to this Request as overbroad and unduly

4   burdensome in that it seeks <u>all</u> documents in Mattel's possession, custody or control

5   sent to or received from the TIA that discuss, mention, relate or refer to BRATZ,

6   Isaac Larian or MGA, without limitation as to time, and regardless of whether the

7   documents relate to the conduct at issue in this lawsuit.  Mattel further objects to

8   this request on the ground that it seeks documents that are not relevant to this action

9   and is not reasonably calculated to lead to the discovery of admissible evidence.

10  Mattel further objects to this Request on the grounds that such discovery from

11  Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to

12  the discovery of admissible evidence in that Mattel's actions in relation to the

13  "Bratz" line of products are not at issue in this action and are irrelevant to the

14  claims and defenses in this suit.  Rather, at issue are the actions of defendants and

15  third parties associated with defendants in connection with the projects that

16  defendant Bryant worked on with defendant MGA, which is information known to

17  and within the possession, custody and control of defendants and their associated

18  third parties, not Mattel.

19

20  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

21

22      Mattel has not agreed to produce documents in response to this request,

23  subject to its improper boilerplate objections.  Mattel has refused to confirm

24  whether or not it has produced all non-privileged responsive documents or whether

25  it is withholding documents based on its objections in Phase 2.  Under the Federal

26  Rules of Civil Procedure, "an objection to part of a request must specify the part

27  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

28  that fail to explain the basis for an objection with specificity are routinely rejected

1   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

2   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

3   burdensome and harassing' are improper – especially when a party fails to submit

4   any evidentiary declarations supporting such objections").  Accordingly, Mattel

5   must be compelled either to certify that it has produced all non-privileged

6   responsive documents or to produce all such documents by a date certain.

7        To the extent that Mattel is relying on its blanket objections, they are not

8   sustainable and do not justify Mattel's failure to produce documents.

9        As to overbreadth, Mattel provides no explanation, let alone the required

10  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

11  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13  contrary, the request is narrowly tailored to seek documents concerning Mattel's

14  communications with TIA that relate to Bratz, MGA, or Larian.

15       As to burden, Mattel has not attempted to demonstrate why responding to

16  this request and/or producing responsive documents presents any burden.  This

17  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.")

21  Moreover, it is not unduly burdensome, as noted above, in that the request is

22  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23  has engaged in a broad variety of unfair trade practices, including orchestrating a

24  change in the manner in which TIA chooses the Toy of the Year Award**.**  MGA is

25  entitled to discovery on these claims.

26       Mattel's relevance objection attempts characterize the case as only involving

27  Mattel's affirmative claims and wholly ignores MGA's affirmative claims.  MGA's

28  unfair competition claim is based in part on allegations that Mattel orchestrated a

1   change in the way that TIA selected the Toy of the Year Award.  Communications

2   between Mattel and TIA relating to MGA, Larian, or Bratz are relevant to this

3   issue, as MGA won Toy of the Year in 2001 and 2002, the two years prior to when

4   the selection process was changed.

5          None of Mattel's improper objections are valid and Mattel is obligated to

6   produce all non-privileged responsive documents in its possession, custody, or

7   control.

8

9   **REQUEST FOR PRODUCTION NO. 179:**

10         All DOCUMENTS sent to or received from Warner Brothers discussing,

11  mentioning, relating or referring to "BRATZ", Isaac Larian, MGA or any MGA

12  past or present employee including, without limitation, Victoria O'Connor and

13  Paula Treantafellas.

14         **RESPONSE TO REQUEST NO. 179:**

15         In addition to the general objections stated above, which are incorporated

16  herein by reference, Mattel objects to this Request as overbroad and unduly

17  burdensome in that it seeks <u>all</u> documents in Mattel's possession, custody and

18  control sent to or received from Warner Brothers that discuss, mention, relate or

19  refer to BRATZ, Isaac Larian, MGA or <u>any</u> MGA employee, <u>past or present</u>,

20  including Victoria O'Connor and Paula Treantafelles, without limitation as to time,

21  and regardless of whether the documents relate to the conduct at issue in this

22  lawsuit.  Mattel further objects to this request on the ground that it seeks documents

23  that are not relevant to this action and is not reasonably calculated to lead to the

24  discovery of admissible evidence.  Mattel further objects to this Request on the

25  grounds that such discovery from Mattel is overbroad, unduly burdensome,

26  oppressive and not likely to the lead to the discovery of admissible evidence in that

27  Mattel's actions in relation to the "Bratz" line of products are not at issue in this

28  action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are

the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning Mattel's communications with Warner Brothers regarding MGA.

- 463 -

1     As to burden, Mattel has not attempted to demonstrate why responding to

2 this request and/or producing responsive documents presents any burden.  This

3 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4 Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5 request is unduly burdensome must allege specific facts which indicate the nature

6 and extent of the burden, usually by affidavit or other reliable evidence.")

7 Moreover, it is not unduly burdensome, as noted above, in that the request is

8 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9 has engaged in a broad variety of unfair trade practices and acts constituting

10 unclean hands, including improper attempts to gather confidential or proprietary

11 information about MGA.  MGA is entitled to discovery on these claims.

12     Mattel's relevance objection attempts characterize the case as only involving

13 Mattel's affirmative claims and wholly ignores MGA's affirmative claims.  MGA's

14 unfair competition claim is based in part on allegations that Mattel made improper

15 attempts to gather confidential or proprietary information about MGA.  Mattel's

16 communications with Warner Brothers regarding MGA will provide information

17 relating to these claims.

18     None of Mattel's improper objections are valid and Mattel is obligated to

19 produce all non-privileged responsive documents in its possession, custody, or

20 control.

21

22 **REQUEST FOR PRODUCTION NO. 184:**

23     All DOCUMENTS evidencing, showing, demonstrating, depicting,

24 describing, constituting, mentioning, referring to, or relating to any good sold,

25 marketed, or distributed by MGA, or any image, slogan, logo, brand, trademark,

26 trade dress, service mark or other matter used by MGA, which YOU believe is the

27 same as or similar to any idea, concept, creation, design or other work or property

28 owned by YOU.

1

**RESPONSE TO REQUEST NO. 184:**

2      In addition to the general objections stated above, which are incorporated

3   herein by reference, Mattel objects to this Request as overbroad and unduly

4   burdensome in that it seeks <u>all</u> documents in Mattel's possession, custody and

5   control created by <u>anyone at any time</u> evidencing, showing, demonstrating,

6   depicting, describing, constituting, mentioning, referring to, or relating to <u>any</u> good

7   of <u>any</u> kind sold, marketed, or distributed by MGA at <u>any</u> time, or <u>any</u> image,

8   slogan, logo, brand, trademark, trade dress, service mark or other matter used by

9   MGA, which "Mattel," as defined by MGA to include past employees like Bryant,

10   "believes" is "the same as" or "similar" to <u>any</u> idea, concept, creation, design or

11   other work or property owned by "Mattel," regardless of whether the documents

12   relate to conduct at issue in this action.  Mattel further objects to this Request as

13   overbroad, unduly burdensome and oppressive in that it seeks "all" documents in

14   Mattel's possession, custody and control on this broad subject.  Mattel further

15   objects to this Request on the grounds that it seeks documents that are not relevant

16   to this action, and is not reasonably calculated to lead to the discovery of admissible

17   evidence.  Mattel further objects to this Request on the grounds that it calls for the

18   disclosure of information subject to the attorney-client privilege, the attorney

19   work-product doctrine and other applicable privileges.  Mattel further objects to this

20   Request on the grounds that it is duplicative of or subsumed within prior Requests

21   already responded to and seeks the re-production of information and documents

22   already produced in this action.  Such information and documents will not be

23   re-produced.

24

25   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

26

27      Mattel refuses to produce documents in response to this request, subject to its

28   improper boilerplate objections.  Mattel has refused to confirm whether or not it has

1   produced all non-privileged responsive documents or whether it is withholding

2   documents based on its objections in Phase 2.  Under the Federal Rules of Civil

3   Procedure, "an objection to part of a request must specify the part and permit

4   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

5   explain the basis for an objection with specificity are routinely rejected in the

6   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

7   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

8   and harassing' are improper – especially when a party fails to submit any

9   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

10  compelled either to certify that it has produced all non-privileged responsive

11  documents or to produce all such documents by a date certain.

12      To the extent that Mattel is relying on its blanket objections, they are not

13  sustainable and do not justify Mattel's failure to produce documents.

14      As to overbreadth, Mattel provides no explanation, let alone the required

15  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

16  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

17  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

18  contrary, the request is narrowly tailored to Mattel's belief that there are similarities

19  between Mattel and MGA property.

20      As to burden, Mattel has not attempted to demonstrate why responding to

21  this request and/or producing responsive documents presents any burden.  This

22  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

23  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24  request is unduly burdensome must allege specific facts which indicate the nature

25  and extent of the burden, usually by affidavit or other reliable evidence.")

26  Moreover, it is not unduly burdensome, as noted above, in that the request is

27  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

28  has engaged in a broad variety of unfair trade practices, from serial copying of

1  MGA products, to threatening retailers and suppliers to cease doing business with

2  MGA, to intimidating employees and industry groups in order to prevent MGA

3  from fairly competing.   MGA is entitled to discovery on these claims.   Moreover,

4  Mattel alleges broad trade secrets rights in "Bratz."  The requested documents

5  regarding alleged similarities between Mattel and MGA products, as perceived by

6  Mattel, is directly discoverable in connection with MGA's claims and defenses.

7        This request does not seek documents protected by the attorney-client

8  privilege, the attorney work product doctrine, or other applicable privileges.  To the

9  extent that Mattel contends that it does, Mattel must provide a privilege log.

10        Mattel objects that the request is duplicative or subsumed within prior

11  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

12  agree to produce responsive non-privileged documents is not proper based on this

13  objection.

14        None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession, custody, or

16  control.

17

18  **REQUEST FOR PRODUCTION NO. 185:**

19        All DOCUMENTS constituting, mentioning, referring to, or relating to

20  YOUR discovery of, and any efforts made by YOU to discover, the source, author,

21  designer, creator, and owner of any good sold marketed, or distributed by MGA, or

22  any image, slogan, logo, brand, trademark, trade dress, service mark or other

23  matter, which YOU believe is the same as or similar to any idea, concept, creation,

24  design or other work or property owned by YOU, including that date of any such

25  discovery and discovery efforts.

26        **RESPONSE TO REQUEST NO. 185:**

27        In addition to the general objections stated above, which are incorporated

28  herein by reference, Mattel objects to this Request as overbroad and unduly

burdensome in that it seeks <u>all</u> documents in Mattel's possession, custody and control created by <u>anyone at any time</u> constituting, mentioning, referring to, or relating to Mattel's discovery of, and any efforts made by Mattel to discover, the source, author, designer, creator, and owner of <u>any</u> good of <u>any</u> kind sold, marketed, or distributed by MGA at <u>any</u> time, or <u>any</u> image, slogan, logo, brand, trademark, trade dress, service mark or other matter, which "Mattel," as defined by MGA to include past employees like Bryant, "believes" is "the same as" or "similar" to <u>any</u> idea, concept, creation, design or other work or property owned by "Mattel," regardless of whether the documents relate to conduct at issue in this action.  Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it seeks documents that are not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel refuses to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

1   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome
2   and harassing' are improper – especially when a party fails to submit any
3   evidentiary declarations supporting such objections").  Accordingly, Mattel must be
4   compelled either to certify that it has produced all non-privileged responsive
5   documents or to produce all such documents by a date certain.

6        To the extent that Mattel is relying on its blanket objections, they are not
7   sustainable and do not justify Mattel's failure to produce documents.

8        As to overbreadth, Mattel provides no explanation, let alone the required
9   particularity, as to *why* this request is supposedly overly broad, nor can it do so.
10  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
11  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
12  contrary, the request is narrowly tailored to Mattel's belief that there are similarities
13  between Mattel and MGA property.

14       As to burden, Mattel has not attempted to demonstrate why responding to
15  this request and/or producing responsive documents presents any burden.  This
16  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
17  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
18  request is unduly burdensome must allege specific facts which indicate the nature
19  and extent of the burden, usually by affidavit or other reliable evidence.")
20  Moreover, it is not unduly burdensome, as noted above, in that the request is
21  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
22  has engaged in a broad variety of unfair trade practices, from serial copying of
23  MGA products, to threatening retailers and suppliers to cease doing business with
24  MGA, to intimidating employees and industry groups in order to prevent MGA
25  from fairly competing.   MGA is entitled to discovery on these claims.   Moreover,
26  Mattel alleges broad trade secrets rights in "Bratz."  The requested documents
27  regarding alleged similarities between Mattel and MGA products, as perceived by
28  Mattel, is directly discoverable in connection with MGA's claims and defenses.

1   This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4   Mattel objects that the request is duplicative or subsumed within prior

5   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

6   agree to produce responsive non-privileged documents is not proper based on this

7   objection.

8   None of Mattel's improper objections are valid and Mattel is obligated to

9   produce all non-privileged responsive documents in its possession, custody, or

10  control.

11

12  **REQUEST FOR PRODUCTION NO. 191:**

13  All DOCUMENTS evidencing, mentioning, referring to, or relating to the

14  date and manner in which YOU first learned of BRYANT's involvement with,

15  work on, and connection to the conception, design, creation or development of

16  BRATZ or BRATZ INTELLECTUAL PROPERTY.

17  **RESPONSE TO REQUEST NO. 191:**

18  In addition to the general objections stated above, which are incorporated

19  herein by reference, Mattel objects to this Request on the grounds that it calls for

20  the disclosure of information subject to the attorney-client privilege, the attorney

21  work-product doctrine and other applicable privileges.  Mattel further objects to this

22  Request on the grounds that the terms "Bratz" and "Bratz Intellectual Property" are

23  vague and ambiguous.  Mattel further objects to this Request on the grounds that it

24  seeks all documents in Mattel's possession, custody and control that relate to this

25  topic, including copies of newspaper articles and documents that are otherwise

26  publicly available, and therefore equally available to MGA.  Mattel further objects

27  to this Request on the grounds that it seeks documents that are not relevant to this

28  action, and it is not reasonably calculated to lead to the discovery of admissible

evidence.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel refuses to produce documents in response to this request, standing on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  Rather it seeks information regarding the factual basis of Mattel's knowledge of the claims at issue.  To the extent that Mattel contends that it does seek privileged information, Mattel must provide a privilege log.

Mattel objects that the request is duplicative or subsumed within prior requests but does not identify the allegedly duplicative requests.  Mattel's failure to

- 471 -

1   agree to produce responsive non-privileged documents is not proper based on this

2   objection.

3       Mattel's objection that the request calls for information equally available to

4   MGA does not relieve it of its obligation to produce documents within its

5   possession, custody or control.

6       This request is narrowly tailored to Mattel's first knowledge of the claims at

7   issue in this case.  The information sought in response to this request is

8   discoverable insofar as it relates to MGA's defenses based on statute of limitations

9   and laches.  It is also relevant to mitigation of damages.

10      None of Mattel's improper objections are valid and Mattel is obligated to

11  produce all non-privileged responsive documents in its possession, custody, or

12  control.

13

14  **REQUEST FOR PRODUCTION NO. 192:**

15      All DOCUMENTS evidencing, mentioning, referring to, or relating to the

16  date and manner in which YOU first learned of BRYANT's involvement with,

17  contract with, and work with or for MGA.

18      **RESPONSE TO REQUEST NO. 192:**

19      In addition to the general objections stated above, which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that it calls for

21  the disclosure of information subject to the attorney-client privilege, the attorney

22  work-product doctrine and other applicable privileges.  Mattel further objects to this

23  Request on the grounds that it seeks <u>all</u> documents in Mattel's possession, custody

24  and control that relate to this topic, including copies of newspaper articles and

25  documents that are otherwise publicly available, and therefore equally available to

26  MGA.  Mattel further objects to this Request on the grounds that it is duplicative of

27  or subsumed within prior Requests already responded to and seeks the

28

- 472 -

1    re-production of information and documents already produced in this action.  Such

2    information and documents will not be re-produced.

3

4    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

5

6         Mattel refuses to produce documents in response to this request, standing on

7    its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an

8    objection to part of a request must specify the part and permit inspection of the

9    rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

10   for an objection with specificity are routinely rejected in the Central District.  See

11   A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

12   ("general or boilerplate objections such as 'overly burdensome and harassing' are

13   improper – especially when a party fails to submit any evidentiary declarations

14   supporting such objections").  Accordingly, Mattel must be compelled either to

15   certify that it has produced all non-privileged responsive documents or to produce

16   all such documents by a date certain.

17        To the extent that Mattel is relying on its blanket objections, they are not

18   sustainable and do not justify Mattel's failure to produce documents.

19        This request does not seek documents protected by the attorney-client

20   privilege, the attorney work product doctrine, or other applicable privileges.  Rather

21   it seeks information regarding the factual basis of Mattel's knowledge of the claims

22   at issue.  To the extent that Mattel contends that it does seek privileged information,

23   Mattel must provide a privilege log.

24        Mattel objects that the request is duplicative or subsumed within prior

25   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

26   agree to produce responsive non-privileged documents is not proper based on this

27   objection.

28

1   Mattel's objection that the request calls for information equally available to

2   MGA does not relieve it of its obligation to produce documents within its

3   possession, custody or control.

4   This request is narrowly tailored to Mattel's first knowledge of the claims at

5   issue in this case.  The information sought in response to this request is

6   discoverable insofar as it relates to MGA's defenses based on statute of limitations

7   and laches.  It is also relevant to mitigation of damages.  It may also lead to the

8   discovery of evidence relevant to MGA's unfair competition claims against Mattel,

9   which range from serial copying of MGA products to intimidation of MGA

10   employees and former employees.

11   None of Mattel's improper objections are valid and Mattel is obligated to

12   produce all non-privileged responsive documents in its possession, custody, or

13   control.

14

15   **REQUEST FOR PRODUCTION NO. 193:**

16   All DOCUMENTS evidencing, supporting, documenting or relating to the

17   reasons why YOU did not file a lawsuit against BRYANT sooner than the date of

18   YOUR original complaint including, without limitation, DOCUMENTS evidencing

19   or reflecting YOUR efforts to investigate BRYANT's involvement with, contract

20   with, and work with or for MGA.

21   **RESPONSE TO REQUEST NO. 193:**

22   In addition to the general objections stated above, which are incorporated

23   herein by reference, Mattel objects to this Request on the grounds that it calls for

24   the disclosure of information subject to the attorney-client privilege, the attorney

25   work-product doctrine and other applicable privileges.  Mattel further objects to this

26   Request as vague and ambiguous.  Mattel further objects to this Request on the

27   grounds that it seeks documents that are not relevant to this action, and is not

28   reasonably calculated to lead to the discovery of admissible evidence.

1

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

2

3      Mattel refuses to produce documents in response to this request, standing on

4   its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an

5   objection to part of a request must specify the part and permit inspection of the

6   rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

7   for an objection with specificity are routinely rejected in the Central District.  <u>See</u>

8   <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

9   ("general or boilerplate objections such as 'overly burdensome and harassing' are

10   improper – especially when a party fails to submit any evidentiary declarations

11   supporting such objections").  Accordingly, Mattel must be compelled either to

12   certify that it has produced all non-privileged responsive documents or to produce

13   all such documents by a date certain.

14      To the extent that Mattel is relying on its blanket objections, they are not

15   sustainable and do not justify Mattel's failure to produce documents.

16      This request does not seek documents protected by the attorney-client

17   privilege, the attorney work product doctrine, or other applicable privileges.  Rather

18   it seeks information regarding the factual basis of Mattel's knowledge of the claims

19   at issue.  To the extent that Mattel contends that the request does seek privileged

20   information, Mattel must provide a privilege log.

21      Mattel's objection that the request is vague and ambiguous is unfounded.

22   Mattel makes no effort to explain what is purportedly vague and ambiguous, and

23   Mattel cannot stand on this objection.

24      This request is narrowly tailored to Mattel's decision to sue Carter Bryant.

25   The information sought in response to this request is discoverable insofar as it

26   relates to MGA's defenses based on statute of limitations and laches with respect to

27   Mattel's claims against MGA in Phase 2.  It is also relevant to mitigation of

28   damages.  It may also lead to the discovery of evidence relevant to MGA's unfair

1  competition claims against Mattel, which range from serial copying of MGA
2  products to intimidation of MGA employees and former employees.

3      None of Mattel's improper objections are valid and Mattel is obligated to
4  produce all non-privileged responsive documents in its possession, custody, or
5  control.

6

7  **REQUEST FOR PRODUCTION NO. 194:**

8      All DOCUMENTS evidencing, supporting, documenting or relating to the
9  reasons why YOU did not file a lawsuit against BRYANT sooner than the date of
10  YOUR original complaint including, without limitation, DOCUMENTS evidencing
11  or reflecting YOUR efforts to investigate the nature and scope of BRYANT's
12  involvement with, work on, or connection to the conception, design, creation or
13  development of BRATZ.

14      **RESPONSE TO REQUEST NO. 194:**

15      In addition to the general objections stated above, which are incorporated
16  herein by reference, Mattel objects to this Request on the grounds that it calls for
17  the disclosure of information subject to the attorney-client privilege, the attorney
18  work-product doctrine and other applicable privileges.  Mattel further objects to this
19  Request as vague and ambiguous.  Mattel further objects to this Request on the
20  grounds that it seeks documents that are not relevant to this action, and is not
21  reasonably calculated to lead to the discovery of admissible evidence.

22

23  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
24  **SHOULD BE COMPELLED**

25      Mattel refuses to produce documents in response to this request, standing on
26  its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an
27  objection to part of a request must specify the part and permit inspection of the
28  rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

1    for an objection with specificity are routinely rejected in the Central District.  <u>See</u>

2    <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

3    ("general or boilerplate objections such as 'overly burdensome and harassing' are

4    improper – especially when a party fails to submit any evidentiary declarations

5    supporting such objections").  Accordingly, Mattel must be compelled either to

6    certify that it has produced all non-privileged responsive documents or to produce

7    all such documents by a date certain.

8         To the extent that Mattel is relying on its blanket objections, they are not

9    sustainable and do not justify Mattel's failure to produce documents.

10        This request does not seek documents protected by the attorney-client

11   privilege, the attorney work product doctrine, or other applicable privileges.  Rather

12   it seeks information regarding the factual basis of Mattel's knowledge of the claims

13   at issue.  To the extent that Mattel contends that the request does seek privileged

14   information, Mattel must provide a privilege log.

15        Mattel's objection that the request is vague and ambiguous is unfounded.

16   Mattel makes no effort to explain what is purportedly vague and ambiguous, and

17   Mattel cannot stand on this objection.

18        This request is narrowly tailored to Mattel's decision to sue Carter Bryant.

19   The information sought in response to this request is discoverable insofar as it

20   relates to MGA's defenses based on statute of limitations and laches with respect to

21   Mattel's claims against MGA in Phase 2.  It is also relevant to mitigation of

22   damages.  It may also lead to the discovery of evidence relevant to MGA's unfair

23   competition claims against Mattel, which range from serial copying of MGA

24   products to intimidation of MGA employees and former employees.

25        None of Mattel's improper objections are valid and Mattel is obligated to

26   produce all non-privileged responsive documents in its possession, custody, or

27   control.

28

- 477 -

1  **REQUEST FOR PRODUCTION NO. 195:**

2      All DOCUMENTS evidencing, supporting, documenting or relating to the

3  reasons why YOU did not file a lawsuit against BRYANT sooner than the date of

4  YOUR original complaint including, without limitation, all non-privileged

5  DOCUMENTS evidencing or reflecting YOUR efforts to investigate the nature and

6  scope of BRYANT's involvement with, work on, or connection to the conception,

7  design, creation or development of BRATZ INTELLECTUAL PROPERTY.

8      **RESPONSE TO REQUEST NO. 195:**

9      In addition to the general objections stated above, which are incorporated

10  herein by reference, Mattel objects to this Request on the grounds that it calls for

11  the disclosure of information subject to the attorney-client privilege, the attorney

12  work-product doctrine and other applicable privileges.  Mattel further objects to this

13  Request as vague and ambiguous.  Mattel further objects to this Request on the

14  grounds that it seeks documents that are not relevant to this action, and is not

15  reasonably calculated to lead to the discovery of admissible evidence.

16

17  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
   **SHOULD BE COMPELLED**

18

19      Mattel refuses to produce documents in response to this request, standing on

20  its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an

21  objection to part of a request must specify the part and permit inspection of the

22  rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

23  for an objection with specificity are routinely rejected in the Central District.  See

24  A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

25  ("general or boilerplate objections such as 'overly burdensome and harassing' are

26  improper – especially when a party fails to submit any evidentiary declarations

27  supporting such objections").  Accordingly, Mattel must be compelled either to

28

OHS West:260723192

- 478 -

1  certify that it has produced all non-privileged responsive documents or to produce

2  all such documents by a date certain.

3      To the extent that Mattel is relying on its blanket objections, they are not

4  sustainable and do not justify Mattel's failure to produce documents.

5      This request does not seek documents protected by the attorney-client

6  privilege, the attorney work product doctrine, or other applicable privileges.  Rather

7  it seeks information regarding the factual basis of Mattel's knowledge of the claims

8  at issue.  To the extent that Mattel contends that the request does seek privileged

9  information, Mattel must provide a privilege log.

10     Mattel's objection that the request is vague and ambiguous is unfounded.

11  Mattel makes no effort to explain what is purportedly vague and ambiguous, and

12  Mattel cannot stand on this objection.

13     This request is narrowly tailored to Mattel's decision to sue Carter Bryant.

14  The information sought in response to this request is discoverable insofar as it

15  relates to MGA's defenses based on statute of limitations and laches with respect to

16  Mattel's claims against MGA in Phase 2.  It is also relevant to mitigation of

17  damages.  It may also lead to the discovery of evidence relevant to MGA's unfair

18  competition claims against Mattel, which range from serial copying of MGA

19  products to intimidation of MGA employees and former employees.

20     None of Mattel's improper objections are valid and Mattel is obligated to

21  produce all non-privileged responsive documents in its possession, custody, or

22  control.

23

24  **<u>REQUEST FOR PRODUCTION NO. 196:</u>**

25     All DOCUMENTS mentioning, referring to, or relating to this lawsuit

26  including, without limitation, COMMUNICATIONS with third parties and the

27  press about this lawsuit or that mention, refer to, or relate to this lawsuit.

28

**RESPONSE TO REQUEST NO. 196:**

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it seeks all documents in Mattel's possession, custody and control that relate to this topic, including copies of newspaper articles and documents that are otherwise publicly available, and therefore equally available to MGA.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has refused to produce  documents in response to this request, based on its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be

1   compelled either to certify that it has produced all non-privileged responsive

2   documents or to produce all such documents by a date certain.

3        To the extent that Mattel is relying on its blanket objections, they are not

4   sustainable and do not justify Mattel's failure to produce documents.

5        Mattel's objection that the request seeks information not relevant to this

6   action is incorrect.  MGA's unclean hands affirmative defense includes the

7   allegation that Mattel has brought and is maintaining this lawsuit as a mechanism to

8   drive MGA out of business.  Documents memorializing communications that

9   Mattel has had with third parties are therefore highly relevant.  Any such document

10  could contain an admission that Mattel is using the litigation as a tool to prevent

11  competition in the marketplace.  Further, any such communications might evidence

12  Mattel's intent to assist others in litigation against MGA.  Finally, Mattel's

13  possession  (or lack of possession) of documents is relevant to MGA's allegation

14  that Mattel attempted to conceal it's bad acts by willfully not retaining documents.

15       This request does not seek documents protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges.  To the

17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18       Mattel objects that the request is duplicative or subsumed within prior

19  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

20  agree to produce responsive non-privileged documents is not proper based on this

21  objection.

22       None of Mattel's improper objections are valid and Mattel is obligated to

23  produce all non-privileged responsive documents in its possession, custody, or

24  control.

25

26  **REQUEST FOR PRODUCTION NO. 197:**

27       All COMMUNICATIONS between YOU and MGA.

28

## RESPONSE TO REQUEST NO. 197:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome in that it seeks <u>all</u> communications of any kind between <u>anyone</u> at Mattel, including past employees like Bryant, and <u>anyone</u> at MGA, without limitation as to time or subject matter, and regardless of whether the communications relate to the conduct at issue in this lawsuit.  For the same reasons, Mattel further objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it purports to require Mattel to identify and produce communications that are currently known to and in the possession, custody and control of MGA, and are necessarily equally available to MGA.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has refused to produce documents in response to this request, based on its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

1  explain the basis for an objection with specificity are routinely rejected in the

2  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

3  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

4  and harassing' are improper – especially when a party fails to submit any

5  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

6  compelled either to certify that it has produced all non-privileged responsive

7  documents or to produce all such documents by a date certain.

8        To the extent that Mattel is relying on its blanket objections, they are not

9  sustainable and do not justify Mattel's failure to produce documents.

10       As to overbreadth, Mattel provides no real explanation, let alone the required

11  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

12  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

13  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14  contrary, the request is narrowly tailored to seek communications between Mattel

15  and MGA.

16       As to burden, Mattel has not attempted to demonstrate why responding to

17  this request and/or producing responsive documents presents any burden.  This

18  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

19  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20  request is unduly burdensome must allege specific facts which indicate the nature

21  and extent of the burden, usually by affidavit or other reliable evidence.")

22  Moreover, it is not unduly burdensome, as noted above, in that the request is

23  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

24  has engaged in a broad variety of unfair trade practices and has asserted various

25  affirmative defenses, including unclean hands and statute of limitations.

26  Communications between MGA and Mattel will directly relate to these issues.

27  MGA is entitled to discovery on these claims.

28

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4        Mattel objects that the request is duplicative or subsumed within prior

5    requests but does not identify the allegedly duplicative requests.  Mattel's failure to

6    agree to produce responsive non-privileged documents is not proper based on this

7    objection.

8        Mattel's relevance objection is unsupported.  Communications between

9    Mattel and MGA are directly relevant to a number of claims asserted by MGA,

10   including its unfair competition claims, unclean hands affirmative defense, as well

11   as the statute of limitations.  Further, Mattel's possession  (or lack of possession) of

12   documents is relevant to MGA's allegation that Mattel attempted to conceal it's bad

13   acts by willfully not retaining documents.

14       None of Mattel's improper objections are valid and Mattel is obligated to

15   produce all non-privileged responsive documents in its possession, custody, or

16   control.

17

18   **<u>REQUEST FOR PRODUCTION NO. 198:</u>**

19       All COMMUNICATIONS between YOU and Isaac Larian.

20       **<u>RESPONSE TO REQUEST NO. 198:</u>**

21       In addition to the general objections stated above, which are incorporated

22   herein by reference, Mattel objects to this Request as overbroad and unduly

23   burdensome in that it seeks <u>all</u> communications of any kind between <u>anyone</u> at

24   Mattel, including past employees like Bryant, and <u>anyone</u> at MGA, without

25   limitation as to time or subject matter, and regardless of whether the

26   communications relate to the conduct at issue in this lawsuit.  For the same reasons,

27   Mattel further objects to this Request on the grounds that it seeks documents that

28   are not relevant to this action or likely to lead to the discovery of admissible

1    evidence.  Mattel further objects to this Request on the grounds that it purports to

2    require Mattel to identify and produce communications that are currently known to

3    and in the possession, custody and control of MGA, and are necessarily equally

4    available to MGA.  Mattel further objects to this Request on the grounds that it calls

5    for the disclosure of information subject to the attorney-client privilege, the

6    attorney work-product doctrine and other applicable privileges.  Mattel further

7    objects to this Request on the grounds that it is duplicative of or subsumed within

8    prior Requests already responded to and seeks the re-production of information and

9    documents already produced in this action.  Such information and documents will

10   not be re-produced.

11

12   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

13

14        Mattel has refused to produce documents in response to this request, based on

15   its improper boilerplate objections.  Mattel has refused to confirm whether or not it

16   has produced all non-privileged responsive documents or whether it is withholding

17   documents based on its objections in Phase 2.  Under the Federal Rules of Civil

18   Procedure, "an objection to part of a request must specify the part and permit

19   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

20   explain the basis for an objection with specificity are routinely rejected in the

21   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

22   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

23   and harassing' are improper – especially when a party fails to submit any

24   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

25   compelled either to certify that it has produced all non-privileged responsive

26   documents or to produce all such documents by a date certain.

27        To the extent that Mattel is relying on its blanket objections, they are not

28   sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no real explanation, let alone the required particularity, as to **why** this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek communications between Mattel and Larian.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices and has asserted various affirmative defenses, including unclean hands and statute of limitations.  Communications between Mattel and Larian will directly relate to these issues.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request is duplicative or subsumed within prior requests but does not identify the allegedly duplicative requests.  Mattel's failure to agree to produce responsive non-privileged documents is not proper based on this objection.

Mattel's relevance objection is unsupported.  Communications between Mattel and Larian are directly relevant to a number of claims asserted by MGA, including its unfair competition claims, unclean hands affirmative defense, as well

1  as the statute of limitations.  Further, Mattel's possession  (or lack of possession) of

2  documents is relevant to MGA's allegation that Mattel attempted to conceal it's bad

3  acts by willfully not retaining documents.

4       None of Mattel's improper objections are valid and Mattel is obligated to

5  produce all non-privileged responsive documents in its possession, custody, or

6  control.

7

8  **REQUEST FOR PRODUCTION NO. 199:**

9       All COMMUNICATIONS between YOU and BRYANT.

10  **RESPONSE TO REQUEST NO. 199:**

11       In addition to the general objections stated above, which are incorporated

12  herein by reference, Mattel objects to this Request as overbroad and unduly

13  burdensome in that it seeks <u>all</u> communications of any kind between <u>anyone</u> at

14  "Mattel," including past and present employees all over the world, and Bryant,

15  without limitation as to time or subject matter, and regardless of whether the

16  communications relate to the conduct at issue in this lawsuit.  For the same reasons,

17  Mattel further objects to this Request on the grounds that it seeks documents that

18  are not relevant to this action or likely to lead to the discovery of admissible

19  evidence.  Mattel further objects to this Request on the grounds that it calls for the

20  disclosure of information subject to the attorney-client privilege, the attorney

21  work-product doctrine and other applicable privileges.  Mattel further objects to this

22  Request on the grounds that it purports to require Mattel to identify and produce

23  communications that are currently known to and in the possession, custody and

24  control of Bryant, MGA's co-defendant, with whom MGA has a co-operative

25  relationship.  Mattel further objects to this Request on the grounds that it is

26  duplicative of or subsumed within prior Requests already responded to and seeks

27  the re-production of information and documents already produced in this action.

28  Such information and documents will not be re-produced.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has refused to produce documents in response to this request, based on its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no real explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek communications between Mattel and Bryant.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

- 488 -

1  and extent of the burden, usually by affidavit or other reliable evidence.")

2  Moreover, it is not unduly burdensome, as noted above, in that the request is

3  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4  has engaged in a broad variety of acts constituting unclean hands, including the

5  allegation that Mattel had knowledge of actions taken by Bryant, but waited an

6  unduly long period to bring any claims.  Communications between Mattel and

7  Bryant relate directly to this issues, as well as issues about trade secrets raised by

8  Mattel.  MGA is entitled to discovery on these issues.

9         This request does not seek documents protected by the attorney-client

10  privilege, the attorney work product doctrine, or other applicable privileges.  To the

11  extent that Mattel contends that it does, Mattel must provide a privilege log.

12         Mattel objects that the request is duplicative or subsumed within prior

13  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

14  agree to produce responsive non-privileged documents is not proper based on this

15  objection.

16         Mattel's relevance objection is unsupported.  Communications between

17  Mattel and Larian are directly relevant to a number of claims by either party,

18  including its MGA's unfair competition claims, MGA's unclean hands affirmative

19  defense, MGA's statute of limitations, and Mattel's trade secrets claim.  Further,

20  Mattel's possession  (or lack of possession) of documents is relevant to MGA's

21  allegation that Mattel attempted to conceal it's bad acts by willfully not retaining

22  documents.

23         None of Mattel's improper objections are valid and Mattel is obligated to

24  produce all non-privileged responsive documents in its possession, custody, or

25  control.

26

27

28

1  **REQUEST FOR PRODUCTION NO. 200:**

2      All COMMUNICATIONS between YOU and any third party mentioning,

3  referring or relating to BRYANT.

4      **RESPONSE TO REQUEST NO. 200:**

5      In addition to the general objections stated above, which are incorporated

6  herein by reference, Mattel objects to this Request as overbroad and unduly

7  burdensome in that it seeks <u>all</u> communications of any kind between <u>anyone</u> at

8  Mattel and <u>any</u> third party referring or relating to Bryant <u>at any time</u>, without

9  further limitation as to subject matter, and regardless of whether the

10  communications relate to the conduct at issue in this lawsuit.  For the same reasons,

11  Mattel further objects to this Request on the grounds that it seeks documents that

12  are not relevant to this action or likely to lead to the discovery of admissible

13  evidence.  Mattel further objects to this Request on the grounds that it is duplicative

14  of or subsumed within prior Requests already responded to and seeks the

15  re-production of information and documents already produced in this action.  Such

16  information and documents will not be re-produced.

17

18  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

19

20      Mattel has refused to produce documents in response to this request, based on

21  its improper boilerplate objections.  Mattel has refused to confirm whether or not it

22  has produced all non-privileged responsive documents or whether it is withholding

23  documents based on its objections in Phase 2.  Under the Federal Rules of Civil

24  Procedure, "an objection to part of a request must specify the part and permit

25  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

26  explain the basis for an objection with specificity are routinely rejected in the

27  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

28  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

1   and harassing' are improper – especially when a party fails to submit any

2   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

3   compelled either to certify that it has produced all non-privileged responsive

4   documents or to produce all such documents by a date certain.

5        To the extent that Mattel is relying on its blanket objections, they are not

6   sustainable and do not justify Mattel's failure to produce documents.

7        As to overbreadth, Mattel provides little explanation, and certainly not the

8   required particularity, as to **why** this request is supposedly overly broad, nor can it

9   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

10  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To

11  the contrary, the request is narrowly tailored to seek documents concerning

12  communications with third parties about a specific employee, Bryant.

13       As to burden, Mattel has not attempted to demonstrate why responding to

14  this request and/or producing responsive documents presents any burden.  This

15  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

16  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17  request is unduly burdensome must allege specific facts which indicate the nature

18  and extent of the burden, usually by affidavit or other reliable evidence.")

19  Moreover, it is not unduly burdensome, as noted above, in that the request is

20  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

21  has engaged in a broad variety of acts constituting unclean hands, including

22  delaying suit against Bryant until after he provided testimony in an unrelated case

23  for Mattel.  Mattel's communications with third parties could also be relevant to

24  issues surrounding the statute of limitations for Mattel's affirmative claims.  MGA

25  is entitled to discovery on these issues.

26       Mattel objects that the request is duplicative or subsumed within prior

27  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

28

- 491 -

1  agree to produce responsive non-privileged documents is not proper based on this

2  objection.

3      None of Mattel's improper objections are valid and Mattel is obligated to

4  produce all non-privileged responsive documents in its possession, custody, or

5  control.

6

7  **REQUEST FOR PRODUCTION NO. 201:**

8      All COMMUNICATIONS between YOU and any third party mentioning,

9  referring or relating to BRATZ INTELLECTUAL PROPERTY.

10      **RESPONSE TO REQUEST NO. 201:**

11      In addition to the general objections stated above, which are incorporated

12  herein by reference, Mattel objects to this Request as overbroad and unduly

13  burdensome in that it seeks <u>all</u> communications of any kind between <u>anyone</u> at

14  "Mattel," as defined by MGA to include past employees like Bryant, and <u>any</u> third

15  party referring or relating to "Bratz Intellectual Property" <u>at any time</u>, without

16  further limitation as to subject matter, and regardless of whether the

17  communications relate to the conduct at issue in this lawsuit. Mattel further objects

18  to this Request on the grounds that such discovery from Mattel is overbroad, unduly

19  burdensome, oppressive and not likely to the lead to the discovery of admissible

20  evidence in that Mattel's actions in relation to "Bratz" are not at issue in this action

21  and are irrelevant to the claims and defenses in this suit. Rather, at issue are the

22  actions of defendants and third parties associated with defendants in connection

23  with the projects that defendant Bryant worked on with defendant MGA, which is

24  information known to and within the possession, custody and control of defendants

25  and their associated third parties, not Mattel. Mattel further objects to this Request

26  on the grounds that it calls for the disclosure of information subject to the

27  attorney-client privilege, the attorney work-product doctrine and other applicable

28  privileges. Mattel further objects to this Request on the ground that the term "Bratz

OHS West:260723192                          - 492 -          <span style="font-variant:small-caps">Separate Statement ISO MGA's Motion to Compel</span>
                                                            9059, Set One; CV 04-9049 SGL (RNBx))

1   Intellectual Property" is vague and ambiguous.  Mattel further objects to this

2   Request on the grounds that it is duplicative of or subsumed within prior Requests

3   already responded to and seeks the re-production of information and documents

4   already produced in this action.  Such information and documents will not be

5   re-produced.

6

7   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

8   **SHOULD BE COMPELLED**

9       Mattel has refused to produce documents in response to this request, based on

10  its improper boilerplate objections.  Mattel has refused to confirm whether or not it

11  has produced all non-privileged responsive documents or whether it is withholding

12  documents based on its objections in Phase 2.  Under the Federal Rules of Civil

13  Procedure, "an objection to part of a request must specify the part and permit

14  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

15  explain the basis for an objection with specificity are routinely rejected in the

16  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

17  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

18  and harassing' are improper – especially when a party fails to submit any

19  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

20  compelled either to certify that it has produced all non-privileged responsive

21  documents or to produce all such documents by a date certain.

22      To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24      As to overbreadth, Mattel provides little explanation, and certainly not the

25  required particularity, as to **why** this request is supposedly overly broad, nor can it

26  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

27  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To

28

1    the contrary, the request is narrowly tailored to seek documents concerning

2    communications with third parties about Bratz.

3        As to burden, Mattel has not attempted to demonstrate why responding to

4    this request and/or producing responsive documents presents any burden.  This

5    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

6    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7    request is unduly burdensome must allege specific facts which indicate the nature

8    and extent of the burden, usually by affidavit or other reliable evidence.")

9    Moreover, it is not unduly burdensome, as noted above, in that the request is

10   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11   has engaged in a broad variety of unfair trade practices, including serial copying of

12   MGA's products, including but not limited to Bratz.  MGA is entitled to discovery

13   on these issues.

14       Mattel's objection that "Bratz Intellectual Property" is vague and ambiguous

15   should be disregarded.  In the context of this suit, where MGA is alleging that

16   Mattel is copying MGA's trade dress, the term "Bratz Intellectual Property" is not

17   vague and ambiguous.

18       This request does not seek documents protected by the attorney-client

19   privilege, the attorney work product doctrine, or other applicable privileges.  To the

20   extent that Mattel contends that it does, Mattel must provide a privilege log.

21       Mattel objects that the request is duplicative or subsumed within prior

22   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

23   agree to produce responsive non-privileged documents is not proper based on this

24   objection.

25       None of Mattel's improper objections are valid and Mattel is obligated to

26   produce all non-privileged responsive documents in its possession, custody, or

27   control.

28

1    **REQUEST FOR PRODUCTION NO. 202:**

2        All COMMUNICATIONS between YOU and any third party mentioning,

3    referring or relating to the BRATZ CONCEPT.

4        **RESPONSE TO REQUEST NO. 202:**

5        In addition to the general objections stated above, which are incorporated

6    herein by reference, Mattel objects to this Request as overbroad and unduly

7    burdensome in that it seeks <u>all</u> communications of any kind between <u>anyone</u> at

8    "Mattel," as defined by MGA to include past employees like Bryant, and <u>any</u> third

9    party referring or relating to the "Bratz Concept" <u>at any time</u>, without further

10   limitation as to subject matter, and regardless of whether the communications relate

11   to the conduct at issue in this lawsuit.  Mattel further objects to this Request on the

12   grounds that such discovery from Mattel is overbroad, unduly burdensome,

13   oppressive and not likely to the lead to the discovery of admissible evidence in that

14   Mattel's actions in relation to "Bratz" are not at issue in this action and are

15   irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of

16   defendants and third parties associated with defendants in connection with the

17   projects that defendant Bryant worked on with defendant MGA, which is

18   information known to and within the possession, custody and control of defendants

19   and their associated third parties, not Mattel.  Mattel further objects to this Request

20   on the grounds that it is unreasonably burdensome and premature in that the facts

21   necessary to determine the whether "images, drawings, pictures, sculpts, molds,

22   prototypes and any other form of artwork" both predate the "First Bratz Dolls" and

23   are "'Bratz'-related" are known by Bryant as well as MGA and third parties, but are

24   not known by Mattel at this juncture.  Mattel further objects to this Request on the

25   ground that the term "Bratz Concept" is vague and ambiguous.  Mattel further

26   objects to this Request on the grounds that it is duplicative of or subsumed within

27   prior Requests already responded to and seeks the re-production of information and

28

1  documents already produced in this action.  Such information and documents will

2  not be re-produced.

3

4  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

5  **SHOULD BE COMPELLED**

6  Mattel has refused to produce documents in response to this request, based on

7  its improper boilerplate objections.  Mattel has refused to confirm whether or not it

8  has produced all non-privileged responsive documents or whether it is withholding

9  documents based on its objections in Phase 2.  Under the Federal Rules of Civil

10  Procedure, "an objection to part of a request must specify the part and permit

11  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

12  explain the basis for an objection with specificity are routinely rejected in the

13  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

14  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

15  and harassing' are improper – especially when a party fails to submit any

16  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

17  compelled either to certify that it has produced all non-privileged responsive

18  documents or to produce all such documents by a date certain.

19  To the extent that Mattel is relying on its blanket objections, they are not

20  sustainable and do not justify Mattel's failure to produce documents.

21  As to overbreadth, Mattel provides little explanation, and certainly not the

22  required particularity, as to *why* this request is supposedly overly broad, nor can it

23  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

24  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To

25  the contrary, the request is narrowly tailored to seek documents concerning

26  communications with third parties about Bratz.

27  As to burden, Mattel has not attempted to demonstrate why responding to

28  this request and/or producing responsive documents presents any burden.  This

- 496 -

1   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

2   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3   request is unduly burdensome must allege specific facts which indicate the nature

4   and extent of the burden, usually by affidavit or other reliable evidence.")

5   Moreover, it is not unduly burdensome, as noted above, in that the request is

6   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7   has engaged in a broad variety of unfair trade practices, including serial copying of

8   MGA's products, including but not limited to Bratz.  MGA is entitled to discovery

9   on these issues.

10       Mattel's objection that "Bratz Concept" is vague and ambiguous should be

11  disregarded.  In the context of this suit, where MGA is alleging that Mattel is

12  copying MGA's trade dress, the term "Bratz Concept" is not vague and ambiguous.

13       Mattel objects that the request is duplicative or subsumed within prior

14  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

15  agree to produce responsive non-privileged documents is not proper based on this

16  objection.

17       None of Mattel's improper objections are valid and Mattel is obligated to

18  produce all non-privileged responsive documents in its possession, custody, or

19  control.

20

21  **REQUEST FOR PRODUCTION NO. 203:**

22       All COMMUNICATIONS between YOU and any third party mentioning,

23  referring or relating to the FIRST BRATZ DOLLS.

24       **RESPONSE TO REQUEST NO. 203:**

25       In addition to the general objections stated above, which are incorporated

26  herein by reference, Mattel objects to this Request as overbroad and unduly

27  burdensome in that it seeks all communications of any kind between anyone at

28  "Mattel," as defined by MGA to include past employees like Bryant, and any third

1    party referring or relating to the "First Bratz Dolls" <u>at any time</u>, without further

2    limitation as to subject matter, and regardless of whether the communications relate

3    to the conduct at issue in this lawsuit.  Mattel further objects to this Request on the

4    grounds that such discovery from Mattel is overbroad, unduly burdensome,

5    oppressive and not likely to the lead to the discovery of admissible evidence in that

6    Mattel's actions in relation to the "Bratz" line of products are not at issue in this

7    action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are

8    the actions of defendants and third parties associated with defendants in connection

9    with the projects that defendant Bryant worked on with defendant MGA, which is

10   information known to and within the possession, custody and control of defendants

11   and their associated third parties, not Mattel.  Mattel further objects to this Request

12   on the ground that the term "First Bratz Dolls" is vague and ambiguous.  Mattel

13   further objects to this Request on the grounds that it is duplicative of or subsumed

14   within prior Requests already responded to and seeks the re-production of

15   information and documents already produced in this action.  Such information and

16   documents will not be re-produced.

17

18   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**
19

20        Mattel has refused to produce documents in response to this request, based on

21   its improper boilerplate objections.  Mattel has refused to confirm whether or not it

22   has produced all non-privileged responsive documents or whether it is withholding

23   documents based on its objections in Phase 2.  Under the Federal Rules of Civil

24   Procedure, "an objection to part of a request must specify the part and permit

25   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

26   explain the basis for an objection with specificity are routinely rejected in the

27   Central District.  <u>See</u> <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188

28   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

1   and harassing' are improper – especially when a party fails to submit any

2   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

3   compelled either to certify that it has produced all non-privileged responsive

4   documents or to produce all such documents by a date certain.

5        To the extent that Mattel is relying on its blanket objections, they are not

6   sustainable and do not justify Mattel's failure to produce documents.

7        As to overbreadth, Mattel provides little explanation, and certainly not the

8   required particularity, as to *why* this request is supposedly overly broad, nor can it

9   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

10   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To

11   the contrary, the request is narrowly tailored to seek documents concerning

12   communications with third parties about Bratz.

13        As to burden, Mattel has not attempted to demonstrate why responding to

14   this request and/or producing responsive documents presents any burden.  This

15   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

16   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17   request is unduly burdensome must allege specific facts which indicate the nature

18   and extent of the burden, usually by affidavit or other reliable evidence.")

19   Moreover, it is not unduly burdensome, as noted above, in that the request is

20   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

21   has engaged in a broad variety of unfair trade practices, including serial copying of

22   MGA's products, including but not limited to Bratz.  MGA is entitled to discovery

23   on these issues.

24        Mattel's objection that "FIRST BRATZ DOLLS" is vague and ambiguous

25   should be disregarded.  In the context of this suit, where MGA is alleging that

26   Mattel is copying MGA's trade dress, the term "FIRST BRATZ DOLLS" is not

27   vague and ambiguous.  Further, MGA specifically defined "FIRST BRATZ

28

1   DOLLS" in this set of discovery to eliminate any confusion about what the phrase
2   could mean.

3       Mattel objects that the request is duplicative or subsumed within prior
4   requests but does not identify the allegedly duplicative requests.  Mattel's failure to
5   agree to produce responsive non-privileged documents is not proper based on this
6   objection.

7       None of Mattel's improper objections are valid and Mattel is obligated to
8   produce all non-privileged responsive documents in its possession, custody, or
9   control.

10

11  **REQUEST FOR PRODUCTION NO. 204:**

12      All COMMUNICATIONS between YOU and any third party mentioning,
13  referring or relating to BRATZ DOLLS, if YOU seek in this case to enjoin the sale
14  of BRATZ DOLLS, or seek, as any part of YOUR recovery or damages in this
15  case, any right or interest in, revenues or profits from, or lost profits or other
16  damages caused by BRATZ DOLLS.

17      **RESPONSE TO REQUEST NO. 204:**

18      In addition to the general objections stated above, which are incorporated
19  herein by reference, Mattel objects to this Request on the grounds that it calls for
20  the disclosure of information subject to the attorney-client privilege, the attorney
21  work-product doctrine and other applicable privileges.  Mattel further objects to this
22  Request as overbroad and unduly burdensome in that it seeks <u>all</u> communications of
23  any kind between <u>anyone</u> at "Mattel," as defined by MGA to include past
24  employees like Bryant, and <u>any</u> third party referring or relating to "Bratz Dolls" <u>at</u>
25  <u>any time</u>, without further limitation as to subject matter, and regardless of whether
26  the communications relate to the conduct at issue in this lawsuit.  Mattel further
27  objects to this Request on the grounds that such discovery from Mattel is
28  overbroad, unduly burdensome, oppressive and not likely to the lead to the

1   discovery of admissible evidence in that Mattel's actions in relation to the "Bratz"

2   line of products are not at issue in this action and are irrelevant to the claims and

3   defenses in this suit.  Rather, at issue are the actions of defendants and third parties

4   associated with defendants in connection with the projects that defendant Bryant

5   worked on with defendant MGA, which is information known to and within the

6   possession, custody and control of defendants and their associated third parties, not

7   Mattel.  Mattel further objects to this Request on the grounds that it is unreasonably

8   burdensome and premature in that the facts necessary to determine the full nature

9   and extent of Mattel's relief and damages from defendant's acts or omissions are

10  known by defendants and third parties associated with defendants, but are not

11  known by Mattel at this juncture because of defendants' refusals to produce basic

12  discovery.  Mattel further objects to this Request on the grounds that it is

13  improperly phrased as a legal contention.  Mattel further objects to this Request on

14  the grounds that it is duplicative of or subsumed within prior Requests already

15  responded to and seeks the re-production of information and documents already

16  produced in this action.  Such information and documents will not be re-produced.

17

18  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

19

20      Mattel has not agreed to produce documents in response to this request,

21  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

22  Procedure, "an objection to part of a request must specify the part and permit

23  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

24  explain the basis for an objection with specificity are routinely rejected in the

25  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

26  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

27  and harassing' are improper – especially when a party fails to submit any

28  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

1   compelled either to certify that it has produced all non-privileged responsive
2   documents or to produce all such documents by a date certain.

3       To the extent that Mattel is relying on its blanket objections, they are not
4   sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the required
6   particularity, as to *why* this request is supposedly overly broad, nor can it do so.
7   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
8   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This
9   request is narrowly tailored to Mattel's intent to assert a particular damages claim
10  or claim for injunctive relief.  The category of documents requested is relevant to
11  the damages claim and claim for injunctive relief, and it is clearly discoverable to
12  the extent that Mattel is requesting such relief in Phase 2.

13      As to burden, Mattel has not attempted to demonstrate why responding to
14  this request and/or producing responsive documents presents any burden.  This
15  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
16  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
17  request is unduly burdensome must allege specific facts which indicate the nature
18  and extent of the burden, usually by affidavit or other reliable evidence.")
19  Moreover, it is not unduly burdensome, as noted above, in that the request is
20  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
21  has engaged in a broad variety of unfair trade practices including serial copying of
22  MGA products.  Mattel also has a claim of trade secret misappropriation against
23  MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

24      This request does not seek documents protected by the attorney-client
25  privilege, the attorney work product doctrine, or other applicable privileges.  To the
26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27      Mattel objects that the request is duplicative or subsumed within prior
28  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

1   agree to produce responsive non-privileged documents is not proper based on this

2   objection.

3       Mattel objects that the request contains confidential, proprietary and trade

4   secret information.  A Protective Order exists in this case, obviating any concern as

5   to protection of privacy rights and/or commercially sensitive information.

6       Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

7   all documents on the issue, and not just those that Mattel chooses to produce in

8   support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

9   entitled to extremely broad discovery to the extent that Mattel intends to assert

10  particular damages theories or to request injunctive relief.

11      None of Mattel's improper objections are valid and Mattel is obligated to

12  produce all non-privileged responsive documents in its possession, custody, or

13  control.

14

15  **REQUEST FOR PRODUCTION NO. 205:**

16      All COMMUNICATIONS between YOU and any third party mentioning,

17  referring or relating to the BRATZ PACK, if YOU seek in this case to enjoin the

18  sale of the BRATZ PACK, or seek, as any part of YOUR recovery or damages in

19  this case, any right or interest in, revenues or profits from, or lost profits or other

20  damages caused by the BRATZ PACK.

21  **RESPONSE TO REQUEST NO. 205:**

22      In addition to the general objections stated above, which are incorporated

23  herein by reference, Mattel objects to this Request as overbroad and unduly

24  burdensome in that it seeks <u>all</u> communications of any kind between <u>anyone</u> at

25  "Mattel," as defined by MGA to include past employees like Bryant, and <u>any</u> third

26  party referring or relating to the "Bratz Pack" <u>at any time</u>, without further limitation

27  as to subject matter, and regardless of whether the communications relate to the

28  conduct at issue in this lawsuit.  Mattel further objects to this Request on the

grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel.  Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the full nature and extent of Mattel's damages from defendant's acts or omissions are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture because of defendants' refusals to provide basic discovery.  Mattel further objects to this Request on the grounds that it is improperly phrased as a legal contention.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, resting on its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

- 504 -

1    and harassing' are improper – especially when a party fails to submit any

2    evidentiary declarations supporting such objections").  Accordingly, Mattel must be

3    compelled either to certify that it has produced all non-privileged responsive

4    documents or to produce all such documents by a date certain.

5        To the extent that Mattel is relying on its blanket objections, they are not

6    sustainable and do not justify Mattel's failure to produce documents.

7        As to overbreadth, Mattel provides no explanation, let alone the required

8    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

9    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

11   request is narrowly tailored to Mattel's intent to assert a particular damages claim

12   or claim for injunctive relief.  The category of documents requested is relevant to

13   the damages claim and claim for injunctive relief, and it is clearly discoverable to

14   the extent that Mattel is requesting such relief in Phase 2.

15        As to burden, Mattel has not attempted to demonstrate why responding to

16   this request and/or producing responsive documents presents any burden.  This

17   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19   request is unduly burdensome must allege specific facts which indicate the nature

20   and extent of the burden, usually by affidavit or other reliable evidence.")

21   Moreover, it is not unduly burdensome, as noted above, in that the request is

22   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23   has engaged in a broad variety of unfair trade practices including serial copying of

24   MGA products.  Mattel also has a claim of trade secret misappropriation against

25   MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

26        This request does not seek documents protected by the attorney-client

27   privilege, the attorney work product doctrine, or other applicable privileges.  To the

28   extent that Mattel contends that it does, Mattel must provide a privilege log.

1   Mattel objects that the request is duplicative or subsumed within prior

2   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

3   agree to produce responsive non-privileged documents is not proper based on this

4   objection.

5   Mattel objects that the request contains confidential, proprietary and trade

6   secret information.  A Protective Order exists in this case, obviating any concern as

7   to protection of privacy rights and/or commercially sensitive information.

8   Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

9   all documents on the issue, and not just those that Mattel chooses to produce in

10  support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

11  entitled to extremely broad discovery to the extent that Mattel intends to assert

12  particular damages theories or to request injunctive relief.

13  None of Mattel's improper objections are valid and Mattel is obligated to

14  produce all non-privileged responsive documents in its possession, custody, or

15  control.

16

17  **REQUEST FOR PRODUCTION NO. 206:**

18  All COMMUNICATIONS between YOU and any third party mentioning,

19  referring or relating to LIL' BRATZ, if YOU seek in this case to enjoin the sale of

20  LIL' BRATZ, or seek, as any part of YOUR recovery or damages in this case, any

21  right or interest in, revenues or profits from, or lost profits or other damages caused

22  by LIL' BRATZ.

23  **RESPONSE TO REQUEST NO. 206:**

24  In addition to the general objections stated above, which are incorporated

25  herein by reference, Mattel objects to this Request as overbroad and unduly

26  burdensome in that it seeks <u>all</u> communications of any kind between <u>anyone</u> at

27  "Mattel," as defined by MGA to include past employees like Bryant, and <u>any</u> third

28  party referring or relating to "Lil' Bratz" <u>at any time</u>, without further limitation as

1  to subject matter, and regardless of whether the communications relate to the

2  conduct at issue in this lawsuit.  Mattel further objects to this Request on the

3  grounds that such discovery from Mattel is overbroad, unduly burdensome,

4  oppressive and not likely to the lead to the discovery of admissible evidence in that

5  Mattel's actions in relation to the "Bratz" line of products are not at issue in this

6  action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are

7  the actions of defendants and third parties associated with defendants in connection

8  with the projects that defendant Bryant worked on with defendant MGA, which is

9  information known to and within the possession, custody and control of defendants

10  and their associated third parties, not Mattel.  Mattel further objects to this Request

11  on the grounds that it is unreasonably burdensome and premature in that the facts

12  necessary to determine the full nature and extent of Mattel's damages from

13  defendant's acts or omissions are known by defendants and third parties associated

14  with defendants, but are not known by Mattel at this juncture because of

15  defendants' refusals to provide basic discovery.  Mattel further objects to this

16  Request on the grounds that it is improperly phrased as a legal contention.  Mattel

17  further objects to this request on the grounds that it is duplicative of or subsumed

18  within prior Requests already responded to and seeks the re-production of

19  information and documents already produced in this action.  Such information and

20  documents will not be re-produced.

21

22  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

23

24       Mattel has not agreed to produce documents in response to this request,

25  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

26  Procedure, "an objection to part of a request must specify the part and permit

27  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

28  explain the basis for an objection with specificity are routinely rejected in the

1    Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

2    (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

3    and harassing' are improper – especially when a party fails to submit any

4    evidentiary declarations supporting such objections").  Accordingly, Mattel must be

5    compelled either to certify that it has produced all non-privileged responsive

6    documents or to produce all such documents by a date certain.

7         To the extent that Mattel is relying on its blanket objections, they are not

8    sustainable and do not justify Mattel's failure to produce documents.

9         As to overbreadth, Mattel provides no explanation, let alone the required

10   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

11   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

13   request is narrowly tailored to Mattel's intent to assert a particular damages claim

14   or claim for injunctive relief.  The category of documents requested is relevant to

15   the damages claim and claim for injunctive relief, and it is clearly discoverable to

16   the extent that Mattel is requesting such relief in Phase 2.

17         As to burden, Mattel has not attempted to demonstrate why responding to

18   this request and/or producing responsive documents presents any burden.  This

19   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

20   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21   request is unduly burdensome must allege specific facts which indicate the nature

22   and extent of the burden, usually by affidavit or other reliable evidence.")

23   Moreover, it is not unduly burdensome, as noted above, in that the request is

24   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

25   has engaged in a broad variety of unfair trade practices including serial copying of

26   MGA products.  Mattel also has a claim of trade secret misappropriation against

27   MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

28

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    Mattel objects that the request is duplicative or subsumed within prior

5    requests but does not identify the allegedly duplicative requests.  Mattel's failure to

6    agree to produce responsive non-privileged documents is not proper based on this

7    objection.

8    Mattel objects that the request contains confidential, proprietary and trade

9    secret information.  A Protective Order exists in this case, obviating any concern as

10   to protection of privacy rights and/or commercially sensitive information.

11   Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

12   all documents on the issue, and not just those that Mattel chooses to produce in

13   support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

14   entitled to extremely broad discovery to the extent that Mattel intends to assert

15   particular damages theories or to request injunctive relief.

16   None of Mattel's improper objections are valid and Mattel is obligated to

17   produce all non-privileged responsive documents in its possession, custody, or

18   control.

19

20   **REQUEST FOR PRODUCTION NO. 207:**

21   All COMMUNICATIONS between YOU and any third party mentioning,

22   referring or relating to BRATZ PETZ, if YOU seek in this case to enjoin the sale of

23   BRATZ PETZ, or seek, as any part of YOUR recovery or damages in this case, any

24   right or interest in, revenues or profits from, or lost profits or other damages caused

25   by BRATZ PETZ.

26   **RESPONSE TO REQUEST NO. 207:**

27   In addition to the general objections stated above, which are incorporated

28   herein by reference, Mattel objects to this Request as overbroad and unduly

1   burdensome in that it seeks <u>all</u> communications of any kind between <u>anyone</u> at

2   "Mattel," as defined by MGA to include past employees like Bryant, and <u>any</u> third

3   party referring or relating to "Bratz Petz" <u>at any time</u>, without further limitation as

4   to subject matter, and regardless of whether the communications relate to the

5   conduct at issue in this lawsuit.  Mattel further objects to this Request on the

6   grounds that such discovery from Mattel is overbroad, unduly burdensome,

7   oppressive and not likely to the lead to the discovery of admissible evidence in that

8   Mattel's actions in relation to the "Bratz" line of products are not at issue in this

9   action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are

10  the actions of defendants and third parties associated with defendants in connection

11  with the projects that defendant Bryant worked on with defendant MGA, which is

12  information known to and within the possession, custody and control of defendants

13  and their associated third parties, not Mattel.  Mattel further objects to this Request

14  on the grounds that it is unreasonably burdensome and premature in that the facts

15  necessary to determine the full nature and extent of Mattel's damages from

16  defendant's acts or omissions are known by defendants and third parties associated

17  with defendants, but are not known by Mattel at this juncture because of

18  defendants' refusals to provide basic discovery.  Mattel further objects to this

19  Request on the grounds that it is improperly phrased as a legal contention.

20

21  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**
22

23      Mattel has not agreed to produce documents in response to this request,

24  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

25  Procedure, "an objection to part of a request must specify the part and permit

26  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

27  explain the basis for an objection with specificity are routinely rejected in the

28  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

1   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome
2   and harassing' are improper – especially when a party fails to submit any
3   evidentiary declarations supporting such objections").  Accordingly, Mattel must be
4   compelled either to certify that it has produced all non-privileged responsive
5   documents or to produce all such documents by a date certain.

6       To the extent that Mattel is relying on its blanket objections, they are not
7   sustainable and do not justify Mattel's failure to produce documents.

8       As to overbreadth, Mattel provides no explanation, let alone the required
9   particularity, as to *why* this request is supposedly overly broad, nor can it do so.
10  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
11  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This
12  request is narrowly tailored to Mattel's intent to assert a particular damages claim
13  or claim for injunctive relief.  The category of documents requested is relevant to
14  the damages claim and claim for injunctive relief, and it is clearly discoverable to
15  the extent that Mattel is requesting such relief in Phase 2.

16       As to burden, Mattel has not attempted to demonstrate why responding to
17  this request and/or producing responsive documents presents any burden.  This
18  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
19  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
20  request is unduly burdensome must allege specific facts which indicate the nature
21  and extent of the burden, usually by affidavit or other reliable evidence.")
22  Moreover, it is not unduly burdensome, as noted above, in that the request is
23  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
24  has engaged in a broad variety of unfair trade practices including serial copying of
25  MGA products.  Mattel also has a claim of trade secret misappropriation against
26  MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

27       This request does not seek documents protected by the attorney-client
28  privilege, the attorney work product doctrine, or other applicable privileges.  To the

1   extent that Mattel contends that it does, Mattel must provide a privilege log.

2       Mattel objects that the request is duplicative or subsumed within prior

3   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

4   agree to produce responsive non-privileged documents is not proper based on this

5   objection.

6       Mattel objects that the request contains confidential, proprietary and trade

7   secret information.  A Protective Order exists in this case, obviating any concern as

8   to protection of privacy rights and/or commercially sensitive information.

9       Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

10  all documents on the issue, and not just those that Mattel chooses to produce in

11  support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

12  entitled to extremely broad discovery to the extent that Mattel intends to assert

13  particular damages theories or to request injunctive relief.

14      None of Mattel's improper objections are valid and Mattel is obligated to

15  produce all non-privileged responsive documents in its possession, custody, or

16  control.

17

18  **REQUEST FOR PRODUCTION NO. 208:**

19      All COMMUNICATIONS between YOU and any third party mentioning,

20  referring or relating to BRATZ BABYZ, if YOU seek in this case to enjoin the sale

21  of BRATZ BABYZ, or seek, as any part of YOUR recovery or damages in this

22  case, any right or interest in, revenues or profits from, or lost profits or other

23  damages caused by BRATZ BABYZ.

24      **RESPONSE TO REQUEST NO. 208:**

25      In addition to the general objections stated above, which are incorporated

26  herein by reference, Mattel objects to this Request as overbroad and unduly

27  burdensome in that it seeks <u>all</u> communications of any kind between <u>anyone</u> at

28  "Mattel," as defined by MGA to include past employees like Bryant, and <u>any</u> third

1   party referring or relating to "Bratz Babyz" <u>at any time</u>, without further limitation

2   as to subject matter, and regardless of whether the communications relate to the

3   conduct at issue in this lawsuit.  Mattel further objects to this Request on the

4   grounds that such discovery from Mattel is overbroad, unduly burdensome,

5   oppressive and not likely to the lead to the discovery of admissible evidence in that

6   Mattel's actions in relation to the "Bratz" line of products are not at issue in this

7   action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are

8   the actions of defendants and third parties associated with defendants in connection

9   with the projects that defendant Bryant worked on with defendant MGA, which is

10  information known to and within the possession, custody and control of defendants

11  and their associated third parties, not Mattel.  Mattel further objects to this Request

12  on the grounds that it is unreasonably burdensome and premature in that the facts

13  necessary to determine the full nature and extent of Mattel's damages from

14  defendant's acts or omissions are known by defendants and third parties associated

15  with defendants, but are not known by Mattel at this juncture because of

16  defendants' refusals to provide basic discovery.  Mattel further objects to this

17  Request on the grounds that it is improperly phrased as a legal contention.

18

19  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

20

21       Mattel has not agreed to produce documents in response to this request,

22  resting on its improper boilerplate objections.  Under the Federal Rules of Civil

23  Procedure, "an objection to part of a request must specify the part and permit

24  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

25  explain the basis for an objection with specificity are routinely rejected in the

26  Central District.  <u>See</u> <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188

27  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

28  and harassing' are improper – especially when a party fails to submit any

- 513 -

1    evidentiary declarations supporting such objections").  Accordingly, Mattel must be

2    compelled either to certify that it has produced all non-privileged responsive

3    documents or to produce all such documents by a date certain.

4        To the extent that Mattel is relying on its blanket objections, they are not

5    sustainable and do not justify Mattel's failure to produce documents.

6        As to overbreadth, Mattel provides no explanation, let alone the required

7    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

10   request is narrowly tailored to Mattel's intent to assert a particular damages claim

11   or claim for injunctive relief.  The category of documents requested is relevant to

12   the damages claim and claim for injunctive relief, and it is clearly discoverable to

13   the extent that Mattel is requesting such relief in Phase 2.

14       As to burden, Mattel has not attempted to demonstrate why responding to

15   this request and/or producing responsive documents presents any burden.  This

16   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

17   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18   request is unduly burdensome must allege specific facts which indicate the nature

19   and extent of the burden, usually by affidavit or other reliable evidence.")

20   Moreover, it is not unduly burdensome, as noted above, in that the request is

21   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

22   has engaged in a broad variety of unfair trade practices including serial copying of

23   MGA products.  Mattel also has a claim of trade secret misappropriation against

24   MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

25       This request does not seek documents protected by the attorney-client

26   privilege, the attorney work product doctrine, or other applicable privileges.  To the

27   extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1     Mattel objects that the request is duplicative or subsumed within prior

2 requests but does not identify the allegedly duplicative requests.  Mattel's failure to

3 agree to produce responsive non-privileged documents is not proper based on this

4 objection.

5     Mattel objects that the request contains confidential, proprietary and trade

6 secret information.  A Protective Order exists in this case, obviating any concern as

7 to protection of privacy rights and/or commercially sensitive information.

8     Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

9 all documents on the issue, and not just those that Mattel chooses to produce in

10 support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

11 entitled to extremely broad discovery to the extent that Mattel intends to assert

12 particular damages theories or to request injunctive relief.

13     None of Mattel's improper objections are valid and Mattel is obligated to

14 produce all non-privileged responsive documents in its possession, custody, or

15 control.

16

17 **REQUEST FOR PRODUCTION NO. 209:**

18     All COMMUNICATIONS between YOU and any third party mentioning,

19 referring or relating to BRATZ BOYZ, if YOU seek in this case to enjoin the sale

20 of BRATZ BOYZ, or seek, as any part of YOUR recovery or damages in this case,

21 any right or interest in, revenues or profits from, or lost profits or other damages

22 caused by BRATZ BOYZ.

23     **RESPONSE TO REQUEST NO. 209:**

24     In addition to the general objections stated above, which are incorporated

25 herein by reference, Mattel objects to this Request as overbroad and unduly

26 burdensome in that it seeks <u>all</u> communications of any kind between <u>anyone</u> at

27 "Mattel," as defined by MGA to include past employees like Bryant, and <u>any</u> third

28 party referring or relating to "Bratz Boyz" <u>at any time</u>, without further limitation as

1   to subject matter, and regardless of whether the communications relate to the

2   conduct at issue in this lawsuit.  Mattel further objects to this Request on the

3   grounds that such discovery from Mattel is overbroad, unduly burdensome,

4   oppressive and not likely to the lead to the discovery of admissible evidence in that

5   Mattel's actions in relation to the "Bratz" line of products are not at issue in this

6   action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are

7   the actions of defendants and third parties associated with defendants in connection

8   with the projects that defendant Bryant worked on with defendant MGA, which is

9   information known to and within the possession, custody and control of defendants

10   and their associated third parties, not Mattel.  Mattel further objects to this Request

11   on the grounds that it is unreasonably burdensome and premature in that the facts

12   necessary to determine the full nature and extent of Mattel's damages from

13   defendant's acts or omissions are known by defendants and third parties associated

14   with defendants, but are not known by Mattel at this juncture because of

15   defendants' refusals to provide basic discovery.  Mattel further objects to this

16   Request on the grounds that it is improperly phrased as a legal contention.  Mattel

17   further objects to this Request on the grounds that it is duplicative of or subsumed

18   within prior Requests already responded to and seeks the re-production of

19   information and documents already produced in this action.  Such information and

20   documents will not be re-produced.

21

22      **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
        **SHOULD BE COMPELLED**
23

24      Mattel has not agreed to produce documents in response to this request,

25   resting on its improper boilerplate objections.  Under the Federal Rules of Civil

26   Procedure, "an objection to part of a request must specify the part and permit

27   inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

28   explain the basis for an objection with specificity are routinely rejected in the

1   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

2   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

3   and harassing' are improper – especially when a party fails to submit any

4   evidentiary declarations supporting such objections").  Accordingly, Mattel must be

5   compelled either to certify that it has produced all non-privileged responsive

6   documents or to produce all such documents by a date certain.

7        To the extent that Mattel is relying on its blanket objections, they are not

8   sustainable and do not justify Mattel's failure to produce documents.

9        As to overbreadth, Mattel provides no explanation, let alone the required

10   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

11   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  This

13   request is narrowly tailored to Mattel's intent to assert a particular damages claim

14   or claim for injunctive relief.  The category of documents requested is relevant to

15   the damages claim and claim for injunctive relief, and it is clearly discoverable to

16   the extent that Mattel is requesting such relief in Phase 2.

17        As to burden, Mattel has not attempted to demonstrate why responding to

18   this request and/or producing responsive documents presents any burden.  This

19   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

20   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21   request is unduly burdensome must allege specific facts which indicate the nature

22   and extent of the burden, usually by affidavit or other reliable evidence.")

23   Moreover, it is not unduly burdensome, as noted above, in that the request is

24   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

25   has engaged in a broad variety of unfair trade practices including serial copying of

26   MGA products.  Mattel also has a claim of trade secret misappropriation against

27   MGA in Phase 2.  MGA is entitled to discovery on its claims and defenses.

28

1   This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4   Mattel objects that the request is duplicative or subsumed within prior

5   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

6   agree to produce responsive non-privileged documents is not proper based on this

7   objection.

8   Mattel objects that the request contains confidential, proprietary and trade

9   secret information.  A Protective Order exists in this case, obviating any concern as

10   to protection of privacy rights and/or commercially sensitive information.

11   Mattel's prayer for relief is extremely broad in Phase 2.  MGA is entitled to

12   all documents on the issue, and not just those that Mattel chooses to produce in

13   support of its claims.  Because Mattel's pleadings seek such broad relief, MGA is

14   entitled to extremely broad discovery to the extent that Mattel intends to assert

15   particular damages theories or to request injunctive relief.

16   None of Mattel's improper objections are valid and Mattel is obligated to

17   produce all non-privileged responsive documents in its possession, custody, or

18   control.

19

20   **REQUEST FOR PRODUCTION NO. 210:**

21   All COMMUNICATIONS between YOU and any third party mentioning,

22   referring or relating to "Funky Tweenz".

23   **RESPONSE TO REQUEST NO. 210:**

24   In addition to the general objections stated above, which are incorporated

25   herein by reference, Mattel objects to this Request as overbroad and unduly

26   burdensome in that it seeks <u>all</u> communications of any kind on this topic between

27   <u>anyone</u> at "Mattel," as defined by MGA to include past employee like Bryant, and

28   <u>any</u> third party created <u>at any time</u>, without further limitation as to subject matter,

1   and regardless of whether the communications relate to the conduct at issue in this

2   lawsuit.  For the same reasons, Mattel further objects to this Request on the grounds

3   that it seeks documents that are not relevant to this action or likely to lead to the

4   discovery of admissible evidence.

5

6   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

7

8         Mattel refuses to produce documents in response to this request, standing on

9   its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an

10  objection to part of a request must specify the part and permit inspection of the

11  rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

12  for an objection with specificity are routinely rejected in the Central District.  <u>See</u>

13  <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

14  ("general or boilerplate objections such as 'overly burdensome and harassing' are

15  improper – especially when a party fails to submit any evidentiary declarations

16  supporting such objections").  Accordingly, Mattel must be compelled either to

17  certify that it has produced all non-privileged responsive documents or to produce

18  all such documents by a date certain.

19        To the extent that Mattel is relying on its blanket objections, they are not

20  sustainable and do not justify Mattel's failure to produce documents.

21        As to overbreadth, Mattel provides no explanation, let alone the required

22  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

23  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

24  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

25  contrary, the request is narrowly tailored to seek documents concerning a particular

26  product, that is not a Mattel product, so the documents that Mattel has on this issue

27  should be discrete.

28

1     As to burden, Mattel has not attempted to demonstrate why responding to

2  this request and/or producing responsive documents presents any burden.  This

3  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.")

7  Moreover, it is not unduly burdensome, as noted above, in that the request is

8  narrowly tailored to seek only discoverable evidence.

9     Funky Tweenz is the product at issue in the Hong Kong action between

10  MGA and Cityworld.  Mattel had communications with Cityworld attorneys prior

11  to November 2003, more than three years before seeking to add its trade secret

12  misappropriation claim, which are directly relevant to MGA's statute of limitations

13  and laches defenses in Phase 2.  Mattel's objection that this request seeks

14  documents that are not relevant is meritless.

15     None of Mattel's improper objections are valid and Mattel is obligated to

16  produce all non-privileged responsive documents in its possession, custody, or

17  control.

18

19  **REQUEST FOR PRODUCTION NO. 211:**

20     All DOCUMENTS, including pleadings, deposition transcripts, declarations

21  and other matter generated in the course of any non-MATTEL lawsuit, litigation,

22  arbitration or other legal proceeding to which MGA is or was a party.

23     **RESPONSE TO REQUEST NO. 211:**

24     In addition to the general objections stated above, which are incorporated

25  herein by reference, Mattel objects to this Request as overbroad and unduly

26  burdensome on the grounds that this information is available to MGA, as MGA

27  necessarily possesses superior firsthand knowledge of the documents generated in

28  the course of any lawsuit, litigation, arbitration or other legal proceeding to which

MGA is or was a party.  Mattel further objects to this Request on the ground that the term "non-Mattel lawsuit, litigation, arbitration or other legal proceeding" is vague and ambiguous.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it seeks documents that are not relevant to this action, or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel refuses to produce documents in response to this request.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

1      As to overbreadth, Mattel provides no explanation, let alone the required

2   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

3   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

4   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

6   custody or control concerning lawsuits in which Mattel was not a party, but MGA

7   was.

8      As to burden, Mattel has not attempted to demonstrate why responding to

9   this request and/or producing responsive documents presents any burden.  This

10   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

11   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12   request is unduly burdensome must allege specific facts which indicate the nature

13   and extent of the burden, usually by affidavit or other reliable evidence.")

14   Moreover, it is not unduly burdensome, as noted above, in that the request is

15   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16   has engaged in a broad variety of unfair trade practices, from serial copying of

17   MGA products, to threatening retailers and suppliers to cease doing business with

18   MGA, to seeking to obtain non-public information about MGA through improper

19   means.  MGA is entitled to discovery on these claims.

20      To the extent that Mattel has information about MGA's involvement in

21   lawsuits, to which Mattel was not a party, this information would be highly relevant

22   to the claims and defenses at issue in Phase 2.

23      This request does not seek documents protected by the attorney-client

24   privilege, the attorney work product doctrine, or other applicable privileges.  To the

25   extent that Mattel contends that it does, Mattel must provide a privilege log.

26      Mattel objects that the request is duplicative or subsumed within prior

27   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

28

1  agree to produce responsive non-privileged documents is not proper based on this

2  objection.

3      None of Mattel's improper objections are valid and Mattel is obligated to

4  produce all non-privileged responsive documents in its possession, custody, or

5  control.

6

7  **REQUEST FOR PRODUCTION NO. 212:**

8      All COMMUNICATIONS mentioning, referring to, or relating to any non-

9  MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is

10  or was a party.

11      **RESPONSE TO REQUEST NO. 212:**

12      In addition to the general objections stated above, which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it calls for

14  the disclosure of information subject to the attorney-client privilege, the attorney

15  work-product doctrine and other applicable privileges.  Mattel further objects to this

16  Request as overbroad and unduly burdensome in that it seeks <u>all</u> communications

17  created by <u>anyone at any time</u> that mention, refer or relate to <u>any</u> "non-Mattel

18  lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was a

19  party, regardless of whether the communications relate to the conduct at issue in

20  this lawsuit.  For the same reasons, Mattel further objects to this Request on the

21  grounds that it seeks documents that are not relevant to this action, or likely to lead

22  to the discovery of admissible evidence.  Mattel further objects to this Request on

23  the ground that the term "non-Mattel lawsuit, litigation, arbitration or other legal

24  proceeding" is vague and ambiguous.  Mattel further objects to this Request on the

25  grounds that it is duplicative of or subsumed within prior Requests already

26  responded to and seeks the re-production of information and documents already

27  produced in this action.  Such information and documents will not be re-produced.

28

1

2

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

3   Mattel refuses to produce documents in response to this request.  Under the

4   Federal Rules of Civil Procedure, "an objection to part of a request must specify the

5   part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

6   objections that fail to explain the basis for an objection with specificity are

7   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

8   Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

9   such as 'overly burdensome and harassing' are improper – especially when a party

10   fails to submit any evidentiary declarations supporting such objections").

11   Accordingly, Mattel must be compelled either to certify that it has produced all

12   non-privileged responsive documents or to produce all such documents by a date

13   certain.

14   To the extent that Mattel is relying on its blanket objections, they are not

15   sustainable and do not justify Mattel's failure to produce documents.

16   As to overbreadth, Mattel provides no explanation, let alone the required

17   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

18   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

19   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

20   contrary, the request is narrowly tailored to seek documents in Mattel's possession,

21   custody or control concerning lawsuits in which Mattel was not a party, but MGA

22   was.

23   As to burden, Mattel has not attempted to demonstrate why responding to

24   this request and/or producing responsive documents presents any burden.  This

25   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

26   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

27   request is unduly burdensome must allege specific facts which indicate the nature

28   and extent of the burden, usually by affidavit or other reliable evidence.")

- 524 -

1   Moreover, it is not unduly burdensome, as noted above, in that the request is

2   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

3   has engaged in a broad variety of unfair trade practices, from serial copying of

4   MGA products, to threatening retailers and suppliers to cease doing business with

5   MGA, to seeking to obtain non-public information about MGA through improper

6   means.  MGA is entitled to discovery on these claims.

7        To the extent that Mattel has information about MGA's involvement in

8   lawsuits, to which Mattel was not a party, this information would be highly relevant

9   to the claims and defenses at issue in Phase 2.

10       This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13       Mattel objects that the request is duplicative or subsumed within prior

14  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

15  agree to produce responsive non-privileged documents is not proper based on this

16  objection.

17       None of Mattel's improper objections are valid and Mattel is obligated to

18  produce all non-privileged responsive documents in its possession, custody, or

19  control.

20

21  **REQUEST FOR PRODUCTION NO. 213:**

22       All COMMUNICATIONS between YOU, including YOUR inside and

23  outside counsel, on the one hand and Danny K. H. Yu, Paul K. C. Chan or any

24  person at, employed by, working for or under the direction of the law firms of

25  Danny K. H. Yu & Co. and Simon C. W. Yung & Co. on the other, referring or

26  relating to MGA, BRYANT, this lawsuit, BRATZ, BRATZ INTELLECTUAL

27  PROPERTY, "Funky Tweenz," "Toon Teens," or any non-MATTEL lawsuit,

28  litigation, arbitration or other legal proceeding o which MGA is or was a party.

1    **RESPONSE TO REQUEST NO. 213:**

2    In addition to the general objections stated above, which are incorporated

3    herein by reference, Mattel objects to this Request as overbroad and unduly

4    burdensome in that it seeks <u>all</u> communications between <u>anyone</u> at Mattel and <u>any</u>

5    person "at," employed by, working for or under the direction of the law firms of

6    Danny K.H. Yu & Co. and Simon C.W. Yung & Co. at <u>any time</u> that refer or relate

7    to MGA, Bryant, "Bratz," "Bratz Intellectual Property," "Funky Tweens," "Toon

8    Teens," or <u>any</u> "non-Mattel lawsuit litigation, arbitration or other legal proceeding"

9    to which MGA is or was a party, regardless of whether the communications relate

10   to the conduct at issue in this lawsuit.  For the same reasons, Mattel further objects

11   to this Request on the grounds that it seeks documents that are not relevant to this

12   action, or likely to lead to the discovery of admissible evidence.  Mattel further

13   objects to this Request on the grounds that such discovery from Mattel is

14   overbroad, unduly burdensome, oppressive and not likely to the lead to the

15   discovery of admissible evidence in that Mattel's actions in relation to the "Bratz"

16   line of products are not at issue in this action and are irrelevant to the claims and

17   defenses in this suit.  Rather, at issue are the actions of defendants and third parties

18   associated with defendants in connection with the projects that defendant Bryant

19   worked on with defendant MGA, which is information known to and within the

20   possession, custody and control of defendants and their associated third parties, not

21   Mattel.  Mattel further objects to this Request on the grounds that the terms "Bratz,"

22   "Bratz Intellectual Property" and "non-Mattel lawsuit, litigation, arbitration or other

23   legal proceeding" are vague and ambiguous.  Mattel further objects to this Request

24   on the grounds that it calls for the disclosure of information subject to the

25   attorney-client privilege, the attorney work-product doctrine and other applicable

26   privileges.  Mattel further objects to this Request on the grounds that it is

27   duplicative of or subsumed within prior Requests already responded to and seeks

28

1   the re-production of information and documents already produced in this action.

2   Such information and documents will not be re-produced.

3

4   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

5

6   Mattel refuses to produce documents in response to this request, standing on

7   its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an

8   objection to part of a request must specify the part and permit inspection of the

9   rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

10   for an objection with specificity are routinely rejected in the Central District.  <u>See</u>

11   <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

12   ("general or boilerplate objections such as 'overly burdensome and harassing' are

13   improper – especially when a party fails to submit any evidentiary declarations

14   supporting such objections").  Accordingly, Mattel must be compelled either to

15   certify that it has produced all non-privileged responsive documents or to produce

16   all such documents by a date certain.

17   To the extent that Mattel is relying on its blanket objections, they are not

18   sustainable and do not justify Mattel's failure to produce documents.

19   As to overbreadth, Mattel provides no explanation, let alone the required

20   particularity, as to ***why*** this request is supposedly overly broad, nor can it do so.

21   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

22   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23   contrary, the request is narrowly tailored to seek documents regarding

24   communications with the attorneys for Cityworld.

25   As to burden, Mattel has not attempted to demonstrate why responding to

26   this request and/or producing responsive documents presents any burden.  This

27   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

28   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1    request is unduly burdensome must allege specific facts which indicate the nature

2    and extent of the burden, usually by affidavit or other reliable evidence.")

3    Moreover, it is not unduly burdensome, as noted above, in that the request is

4    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

5    has engaged in a broad variety of unfair trade practices, from serial copying of

6    MGA products, to threatening retailers and suppliers to cease doing business with

7    MGA, to seeking to obtain non-public information about MGA through improper

8    means.  MGA is entitled to discovery on these claims.

9        To the extent that Mattel has information about MGA's involvement in

10   lawsuits, to which Mattel was not a party, this information would be highly relevant

11   to the claims and defenses at issue in Phase 2.

12       This request does not seek documents protected by the attorney-client

13   privilege, the attorney work product doctrine, or other applicable privileges.  To the

14   extent that Mattel contends that it does, Mattel must provide a privilege log.

15       Mattel objects that the request is duplicative or subsumed within prior

16   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

17   agree to produce responsive non-privileged documents is not proper based on this

18   objection.

19       Mattel had communications with the Cityworld solicitors identified in this

20   request prior to November 2003, more than three years before seeking to add its

21   trade secret misappropriation claim, which are directly relevant to MGA's statute of

22   limitations and laches defenses in Phase 2.  Mattel's objection that this request

23   seeks documents that are not relevant is meritless.

24       None of Mattel's improper objections are valid and Mattel is obligated to

25   produce all non-privileged responsive documents in its possession, custody, or

26   control.

27

28

1   **REQUEST FOR PRODUCTION NO. 214:**

2        All COMMUNICATIONS between YOU, including YOUR inside and

3   outside counsel, on the one hand and Toys & Trends (Hong Kong) Limited,

4   Cityworld Limited, or Jurg Willi Kesselring on the other, or any person acting on

5   their behalf or at their direction, referring or relating to MGA, BRYANT, this

6   lawsuit, BRATZ, BRATZ INTELLECTUAL PROPERTY, "Funky Tweenz,"

7   "Toon Teens," or any non-MATTEL lawsuit, litigation, arbitration or other legal

8   proceeding to which MGA is or was a party.

9       **RESPONSE TO REQUEST NO. 214:**

10       In addition to the general objections stated above, which are incorporated

11  herein by reference, Mattel objects to this Request as overbroad and unduly

12  burdensome in that it seeks <u>all</u> communications between <u>anyone</u> at Mattel and

13  certain third parties, or <u>anyone</u> acting on the behalf of or at the direction of those

14  third parties, at <u>any time</u> that refer or relate to MGA, Bryant, "Bratz," "Bratz

15  Intellectual Property," "Funky Tweens," "Toon Teens," or <u>any</u> "non-Mattel lawsuit

16  litigation, arbitration or other legal proceeding" to which MGA is or was a party,

17  regardless of whether the communications relate to the conduct at issue in this

18  lawsuit.  For the same reasons, Mattel further objects to this Request on the grounds

19  that it seeks documents that are not relevant to this action, or likely to lead to the

20  discovery of admissible evidence.  Mattel further objects to this Request on the

21  grounds that such discovery from Mattel is overbroad, unduly burdensome,

22  oppressive and not likely to the lead to the discovery of admissible evidence in that

23  Mattel's actions in relation to "Bratz" are not at issue in this action and are

24  irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of

25  defendants and third parties associated with defendants in connection with the

26  projects that defendant Bryant worked on with defendant MGA, which is

27  information known to and within the possession, custody and control of defendants

28  and their associated third parties, not Mattel.  Mattel further objects to this Request

1   on the grounds that the terms "Bratz," "Bratz Intellectual Property" and

2   "non-Mattel lawsuit, litigation, arbitration or other legal proceeding" are vague and

3   ambiguous.  Mattel further objects to this Request on the grounds that it is

4   duplicative of or subsumed within prior Requests already responded to and seeks

5   the re-production of information and documents already produced in this action.

6   Such information and documents will not be re-produced.

7

8   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

9

10   Mattel refuses to produce documents in response to this request, standing on

11   its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an

12   objection to part of a request must specify the part and permit inspection of the

13   rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

14   for an objection with specificity are routinely rejected in the Central District.  See

15   A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

16   ("general or boilerplate objections such as 'overly burdensome and harassing' are

17   improper – especially when a party fails to submit any evidentiary declarations

18   supporting such objections").  Accordingly, Mattel must be compelled either to

19   certify that it has produced all non-privileged responsive documents or to produce

20   all such documents by a date certain.

21   To the extent that Mattel is relying on its blanket objections, they are not

22   sustainable and do not justify Mattel's failure to produce documents.

23   As to overbreadth, Mattel provides no explanation, let alone the required

24   particularity, as to ***why*** this request is supposedly overly broad, nor can it do so.

25   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

26   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

27   contrary, the request is narrowly tailored to seek documents regarding

28   communications with the attorneys for Cityworld.

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
                                                                          9059, SET ONE; CV 04-9049 SGL (RNBx))

1     As to burden, Mattel has not attempted to demonstrate why responding to

2  this request and/or producing responsive documents presents any burden.  This

3  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.")

7  Moreover, it is not unduly burdensome, as noted above, in that the request is

8  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9  has engaged in a broad variety of unfair trade practices, from serial copying of

10  MGA products, to threatening retailers and suppliers to cease doing business with

11  MGA, to seeking to obtain non-public information about MGA through improper

12  means.  MGA is entitled to discovery on these claims.

13     To the extent that Mattel has information about MGA's involvement in

14  lawsuits, to which Mattel was not a party, this information would be highly relevant

15  to the claims and defenses at issue in Phase 2.

16     This request does not seek documents protected by the attorney-client

17  privilege, the attorney work product doctrine, or other applicable privileges.  To the

18  extent that Mattel contends that it does, Mattel must provide a privilege log.

19     Mattel objects that the request is duplicative or subsumed within prior

20  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

21  agree to produce responsive non-privileged documents is not proper based on this

22  objection.

23     Mattel had communications with the Cityworld solicitors identified in this

24  request prior to November 2003, more than three years before seeking to add its

25  trade secret misappropriation claim, which are directly relevant to MGA's statute of

26  limitations and laches defenses in Phase 2.  Mattel's objection that this request

27  seeks documents that are not relevant is meritless.

28

1    None of Mattel's improper objections are valid and Mattel is obligated to
2    produce all non-privileged responsive documents in its possession, custody, or
3    control.

4

5    **REQUEST FOR PRODUCTION NO. 215:**

6    All COMMUNICATIONS between YOU, including YOUR inside and
7    outside counsel, on the one hand and any person or entity adverse to MGA,
8    including any person at, employed by, working for or under the direction of the law
9    firms representing clients adverse to MGA, referring or relating to MGA,
10   BRYANT, this lawsuit, BRATZ, BRATZ INTELLECTUAL PROPERTY, or any
11   non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which
12   MGA is or was a party.

13   **RESPONSE TO REQUEST NO. 215:**

14   In addition to the general objections stated above, which are incorporated
15   herein by reference, Mattel objects to this Request as overbroad and unduly
16   burdensome in that it seeks <u>all</u> communications between <u>anyone</u> at "Mattel," as
17   defined by MGA to include past employee like Bryant, and <u>any</u> person or entity
18   "adverse to" MGA, including such persons or entities who are unknown to Mattel
19   to be "adverse" to MGA, <u>at any time</u> that refer or relate to MGA, Bryant, Bratz,
20   "Bratz Intellectual Property," "Funky Tweens," "Toon Teens," or <u>any</u> "non-Mattel
21   lawsuit litigation, arbitration or other legal proceeding" to which MGA is or was a
22   party, regardless of whether the communications relate to the conduct at issue in
23   this lawsuit.  For the same reasons, Mattel further objects to this Request on the
24   grounds that it seeks documents that are not relevant to this action, or likely to lead
25   to the discovery of admissible evidence.  Mattel further objects to this Request on
26   the grounds that such discovery from Mattel is overbroad, unduly burdensome,
27   oppressive and not likely to the lead to the discovery of admissible evidence in that
28   Mattel's actions in relation to "Bratz" are not at issue in this action and are

1   irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of

2   defendants and third parties associated with defendants in connection with the

3   projects that defendant Bryant worked on with defendant MGA, which is

4   information known to and within the possession, custody and control of defendants

5   and their associated third parties, not Mattel.  Mattel further objects to this Request

6   as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in

7   Mattel's possession, custody and control on this broad subject.  Mattel further

8   objects to this Request on the grounds that the terms "adverse to," "Bratz," "Bratz

9   Intellectual Property" and "non-Mattel lawsuit, litigation, arbitration or other legal

10  proceeding" are vague and ambiguous.  Mattel further objects to this Request on the

11  grounds that it is duplicative of or subsumed within prior Requests already

12  responded to and seeks the re-production of information and documents already

13  produced in this action.  Such information and documents will not be re-produced.

14

15  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

16  **SHOULD BE COMPELLED**

17      Mattel refuses to produce documents in response to this request.  Under the

18  Federal Rules of Civil Procedure, "an objection to part of a request must specify the

19  part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

20  objections that fail to explain the basis for an objection with specificity are

21  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

22  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

23  such as 'overly burdensome and harassing' are improper – especially when a party

24  fails to submit any evidentiary declarations supporting such objections").

25  Accordingly, Mattel must be compelled either to certify that it has produced all

26  non-privileged responsive documents or to produce all such documents by a date

27  certain.

28

1    To the extent that Mattel is relying on its blanket objections, they are not
2    sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the required
4    particularity, as to *why* this request is supposedly overly broad, nor can it do so.
5    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
6    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
7    contrary, the request is narrowly tailored to seek documents in Mattel's possession,
8    custody or control concerning lawsuits in which Mattel was not a party, but MGA
9    was.

10   As to burden, Mattel has not attempted to demonstrate why responding to
11   this request and/or producing responsive documents presents any burden.  This
12   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
13   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
14   request is unduly burdensome must allege specific facts which indicate the nature
15   and extent of the burden, usually by affidavit or other reliable evidence.")
16   Moreover, it is not unduly burdensome, as noted above, in that the request is
17   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
18   has engaged in a broad variety of unfair trade practices, from serial copying of
19   MGA products, to threatening retailers and suppliers to cease doing business with
20   MGA, to seeking to obtain non-public information about MGA through improper
21   means.  MGA is entitled to discovery on these claims.

22   To the extent that Mattel has information about MGA's involvement in
23   lawsuits, to which Mattel was not a party, this information would be highly relevant
24   to the claims and defenses at issue in Phase 2.

25   This request does not seek documents protected by the attorney-client
26   privilege, the attorney work product doctrine, or other applicable privileges.  To the
27   extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1  Mattel objects that the request is duplicative or subsumed within prior

2  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

3  agree to produce responsive non-privileged documents is not proper based on this

4  objection.

5  None of Mattel's improper objections are valid and Mattel is obligated to

6  produce all non-privileged responsive documents in its possession, custody, or

7  control.

8

9  **REQUEST FOR PRODUCTION NO. 216:**

10  All COMMUNICATIONS between YOU, including YOUR inside and

11  outside counsel, on the one hand and any principal of any entities or persons

12  adverse to MGA on the other, or any person acting on their behalf or at their

13  direction, referring or relating to MGA, BRYANT, this lawsuit, BRATZ, BRATZ

14  INTELLECTUAL PROPERTY, or any non-MATTEL lawsuit, litigation,

15  arbitration or other legal proceeding to which MGA is or was a party.

16  **RESPONSE TO REQUEST NO. 216:**

17  In addition to the general objections stated above, which are incorporated

18  herein by reference, Mattel objects to this Request as overbroad and unduly

19  burdensome in that it seeks <u>all</u> communications between <u>anyone</u> at "Mattel," as

20  defined by MGA to include past employees like Bryant, and <u>any</u> principal of <u>any</u>

21  person or entity "adverse to" MGA, including such persons or entities who are

22  unknown to Mattel to be "adverse" to MGA, at <u>any time</u> that refer or relate to

23  MGA, Bryant, Bratz, "Bratz Intellectual Property," "Funky Tweens," "Toon

24  Teens," or <u>any</u> "non-Mattel lawsuit litigation, arbitration or other legal proceeding"

25  to which MGA is or was a party, regardless of whether the communications relate

26  to the conduct at issue in this lawsuit.  For the same reasons, Mattel further objects

27  to this Request on the grounds that it seeks documents that are not relevant to this

28  action, or likely to lead to the discovery of admissible evidence.  Mattel further

- 535 -

objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel.  Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject.  Mattel further objects to this Request on the grounds that the terms "adverse to," "Bratz," "Bratz Intellectual Property" and "non-Mattel lawsuit, litigation, arbitration or other legal proceeding" are vague and ambiguous.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel refuses to produce documents in response to this request.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").

1   Accordingly, Mattel must be compelled either to certify that it has produced all

2   non-privileged responsive documents or to produce all such documents by a date

3   certain.

4        To the extent that Mattel is relying on its blanket objections, they are not

5   sustainable and do not justify Mattel's failure to produce documents.

6        As to overbreadth, Mattel provides no explanation, let alone the required

7   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

11  custody or control concerning lawsuits in which Mattel was not a party, but MGA

12  was.

13       As to burden, Mattel has not attempted to demonstrate why responding to

14  this request and/or producing responsive documents presents any burden.  This

15  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

16  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17  request is unduly burdensome must allege specific facts which indicate the nature

18  and extent of the burden, usually by affidavit or other reliable evidence.")

19  Moreover, it is not unduly burdensome, as noted above, in that the request is

20  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

21  has engaged in a broad variety of unfair trade practices, from serial copying of

22  MGA products, to threatening retailers and suppliers to cease doing business with

23  MGA, to seeking to obtain non-public information about MGA through improper

24  means.  MGA is entitled to discovery on these claims.

25       To the extent that Mattel has information about MGA's involvement in

26  lawsuits, to which Mattel was not a party, this information would be highly relevant

27  to the claims and defenses at issue in Phase 2.

28

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    Mattel objects that the request is duplicative or subsumed within prior

5    requests but does not identify the allegedly duplicative requests.  Mattel's failure to

6    agree to produce responsive non-privileged documents is not proper based on this

7    objection.

8    None of Mattel's improper objections are valid and Mattel is obligated to

9    produce all non-privileged responsive documents in its possession, custody, or

10   control.

11

12   **REQUEST FOR PRODUCTION NO. 217:**

13   All COMMUNICATIONS between YOU, including YOUR inside and

14   outside counsel, on the one hand and any third-party on the other, referring or

15   relating to this lawsuit, or any non-MATTEL lawsuit, litigation, arbitration or other

16   legal proceeding to which MGA is or was a party.

17   **RESPONSE TO REQUEST NO. 217:**

18   In addition to the general objections stated above, which are incorporated

19   herein by reference, Mattel objects to this Request as overbroad and unduly

20   burdensome in that it seeks <u>all</u> communications between <u>anyone</u> at "Mattel," as

21   defined by MGA to include past employees like Bryant, and <u>any</u> third-party at <u>any</u>

22   <u>time</u> that refer or relate to this lawsuit or <u>any</u> "non-Mattel lawsuit litigation,

23   arbitration or other legal proceeding" to which MGA is or was a party.  Mattel

24   further objects to this Request on the grounds that it seeks documents that are not

25   relevant to this action, or likely to lead to the discovery of admissible evidence.

26   Mattel further objects to this Request as overbroad, unduly burdensome and

27   oppressive in that it seeks "all" documents in Mattel's possession, custody and

28   control on this broad subject.  Mattel further objects to this Request on the grounds

OHS West:260723192

1   that the term "non-Mattel lawsuit, litigation, arbitration or other legal proceeding"

2   is vague and ambiguous.  Mattel further objects to this Request on the grounds that

3   it is duplicative of or subsumed within prior Requests already responded to and

4   seeks the re-production of information and documents already produced in this

5   action such information and documents will not be re-produced.

6

7   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

8

9       Mattel has refused to produce documents in response to this request, based on

10  its improper boilerplate objections.  Mattel has refused to confirm whether or not it

11  has produced all non-privileged responsive documents or whether it is withholding

12  documents based on its objections in Phase 2.  Under the Federal Rules of Civil

13  Procedure, "an objection to part of a request must specify the part and permit

14  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

15  explain the basis for an objection with specificity are routinely rejected in the

16  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

17  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome

18  and harassing' are improper – especially when a party fails to submit any

19  evidentiary declarations supporting such objections").  Accordingly, Mattel must be

20  compelled either to certify that it has produced all non-privileged responsive

21  documents or to produce all such documents by a date certain.

22      To the extent that Mattel is relying on its blanket objections, they are not

23  sustainable and do not justify Mattel's failure to produce documents.

24      As to overbreadth, Mattel provides no explanation, let alone the required

25  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

26  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

27  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

28

1    contrary, the request is narrowly tailored to seek documents concerning Mattel's

2    counsel's communications with third parties regarding litigation involving MGA.

3         As to burden, Mattel has not attempted to demonstrate why responding to

4    this request and/or producing responsive documents presents any burden.  This

5    objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

6    <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7    request is unduly burdensome must allege specific facts which indicate the nature

8    and extent of the burden, usually by affidavit or other reliable evidence.")

9    Moreover, it is not unduly burdensome, as noted above, in that the request is

10   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11   has engaged in a broad variety of acts constituting unclean hands.  MGA is entitled

12   to discovery on these claims.

13        This request does not seek documents protected by the attorney-client

14   privilege, the attorney work product doctrine, or other applicable privileges.  To the

15   extent that Mattel contends that it does, Mattel must provide a privilege log.

16        Mattel also claims that "non-Mattel lawsuit, litigation, arbitration or other

17   legal proceeding" is vague and ambiguous.  Those terms are not vague and

18   ambiguous, but rather terms that lawyers use frequently to explain the range of

19   legal proceedings available in this country.  Mattel should not be allowed to feign

20   ignorance about these legal terms.

21        Mattel objects that the request is duplicative or subsumed within prior

22   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

23   agree to produce responsive non-privileged documents is not proper based on this

24   objection.

25        Mattel's relevance objection should be disregarded.  Communications

26   relating to other lawsuits pending against MGA relate to MGA's allegations that

27   Mattel is using this litigation as a weapon in an attempt to put Bratz, Barbie's

28   biggest competitor, out of business.

1   None of Mattel's improper objections are valid and Mattel is obligated to

2   produce all non-privileged responsive documents in its possession, custody, or

3   control.

4

5   **REQUEST FOR PRODUCTION NO. 218:**

6   All COMMUNICATIONS sent to or received from any party to any non-

7   MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is

8   or was party, or any agent or representative of such party, including such party's

9   attorney.

10   **RESPONSE TO REQUEST NO. 218:**

11   In addition to the general objections stated above, which are incorporated

12   herein by reference, Mattel objects to this Request as overbroad and unduly

13   burdensome in that it seeks <u>all</u> communications sent to or received from <u>any</u> party

14   or agent or representative of <u>any</u> party to <u>any</u> "non-Mattel lawsuit litigation,

15   arbitration or other legal proceeding" to which MGA is or was a party, without

16   limitation as to time or subject matter, and regardless of whether the

17   communications relate to the conduct at issue in this lawsuit.  For the same reasons,

18   Mattel further objects to this Request on the grounds that it seeks documents that

19   are not relevant to this action, or likely to lead to the discovery of admissible

20   evidence.  Mattel further objects to this Request as overbroad, unduly burdensome

21   and oppressive in that it seeks "all" documents in Mattel's possession, custody and

22   control on this broad subject.  Mattel further objects to this Request on the ground

23   that the term "non-Mattel lawsuit, litigation, arbitration or other legal proceeding"

24   is vague and ambiguous.  Mattel further objects to this Request on the grounds that

25   it is duplicative of or subsumed within prior Requests already responded to and

26   seeks the re-production of information and documents already produced in this

27   action.  Such information and documents will not be re-produced.

28

- 541 -

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel refuses to produce documents in response to this request.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody or control concerning lawsuits in which Mattel was not a party, but MGA was.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")

1    Moreover, it is not unduly burdensome, as noted above, in that the request is

2    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

3    has engaged in a broad variety of unfair trade practices, from serial copying of

4    MGA products, to threatening retailers and suppliers to cease doing business with

5    MGA, to seeking to obtain non-public information about MGA through improper

6    means.  MGA is entitled to discovery on these claims.

7         To the extent that Mattel has information about MGA's involvement in

8    lawsuits, to which Mattel was not a party, this information would be highly relevant

9    to the claims and defenses at issue in Phase 2.

10        This request does not seek documents protected by the attorney-client

11   privilege, the attorney work product doctrine, or other applicable privileges.  To the

12   extent that Mattel contends that it does, Mattel must provide a privilege log.

13        Mattel objects that the request is duplicative or subsumed within prior

14   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

15   agree to produce responsive non-privileged documents is not proper based on this

16   objection.

17        None of Mattel's improper objections are valid and Mattel is obligated to

18   produce all non-privileged responsive documents in its possession, custody, or

19   control.

20

21   **<u>REQUEST FOR PRODUCTION NO. 219:</u>**

22        All COMMUNICATIONS, and all DOCUMENTS mentioning, referring to,

23   or relating to any COMMUNICATION, between YOU on the one hand, and any

24   person consulted or interviewed regarding any fact or issue relating to this lawsuit,

25   including, without limitation, any experts, investigators, or witnesses.

26        **<u>RESPONSE TO REQUEST NO. 219:</u>**

27        In addition to the general objections stated above, which are incorporated

28   herein by reference, Mattel objects to this Request on the grounds that it calls for

- 543 -

1   the disclosure of information subject to the attorney-client privilege, the attorney

2   work-product doctrine and other applicable privileges, including without limitation

3   privileges applicable to consulting experts.  Mattel further objects to this Request

4   on the grounds that it is duplicative of or subsumed within prior Requests already

5   responded to and seeks the re-production of information and documents already

6   produced in this action.  Such information and documents will not be re-produced.

7

8   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

9

10       Mattel refuses to produce documents in response to this request, standing on

11   its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an

12   objection to part of a request must specify the part and permit inspection of the

13   rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

14   for an objection with specificity are routinely rejected in the Central District.  See

15   A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

16   ("general or boilerplate objections such as 'overly burdensome and harassing' are

17   improper – especially when a party fails to submit any evidentiary declarations

18   supporting such objections").  Accordingly, Mattel must be compelled either to

19   certify that it has produced all non-privileged responsive documents or to produce

20   all such documents by a date certain.

21       To the extent that Mattel is relying on its blanket objections, they are not

22   sustainable and do not justify Mattel's failure to produce documents.

23       This request does not seek documents protected by the attorney-client

24   privilege, the attorney work product doctrine, or other applicable privileges.  Rather

25   it seeks information regarding the factual basis of Mattel's knowledge of the claims

26   at issue.  To the extent that Mattel contends that the request does seek privileged

27   information, Mattel must provide a privilege log.

28

1  Mattel objects that the request is duplicative or subsumed within prior

2  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

3  agree to produce responsive non-privileged documents is not proper based on this

4  objection.

5  None of Mattel's improper objections are valid and Mattel is obligated to

6  produce all non-privileged responsive documents in its possession, custody, or

7  control.

8

9  **REQUEST FOR PRODUCTION NO. 220:**

10  All DOCUMENTS and COMMUNICATIONS received by YOU from any

11  source expressing, suggesting or implying that BRYANT copied or used any idea,

12  design or intellectual property owned by MATTEL in connection with the

13  conception, design or development of BRATZ or BRATZ INTELLECTUAL

14  PROPERTY.

15  **RESPONSE TO REQUEST NO. 220:**

16  In addition to the general objections stated above, which are incorporated

17  herein by reference, Mattel objects to this Request as overbroad, unduly

18  burdensome and not reasonably calculated to lead to the discovery of admissible

19  evidence, including in that it seeks publicly available documents, including copies

20  of newspaper articles, that are therefore equally available to MGA Mattel further

21  objects to this Request on the grounds that it calls for the disclosure of information

22  subject to the attorney-client privilege, the attorney work-product doctrine and other

23  applicable privileges.  Mattel further objects to this Request on the grounds that the

24  terms "implying," "suggesting," "Bratz" and "Bratz Intellectual Property" are

25  vague and ambiguous.  Mattel further objects to this Request on the grounds that it

26  is duplicative of or subsumed within prior Requests already responded to and seeks

27  the re-production of information and documents already produced in this action.

28  Such information and documents will not be re-produced.

- 545 -

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel refuses to produce documents in response to this request, standing on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents concerning communications received by Mattel suggesting that Bryant copied any intellectual property owned by Mattel.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")

- 546 -

1    Moreover, it is not unduly burdensome, as noted above, in that the request is

2    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

3    has engaged in a broad variety of unfair trade practices, from serial copying of

4    MGA products, to intimidating employees and industry groups in order to prevent

5    MGA from fairly competing.  MGA is entitled to discovery on these claims and on

6    Mattel's defenses

7         Mattel objects that the request is duplicative or subsumed within prior

8    requests but does not identify the allegedly duplicative requests.  Mattel's failure to

9    agree to produce responsive non-privileged documents is not proper based on this

10   objection.

11        Mattel's objection that the requested materials are equally available to MGA

12   cannot circumvent Mattel's obligation to produce all non-privileged responsive

13   materials in its possession, custody or control.

14        This request does not seek documents protected by the attorney-client

15   privilege, the attorney work product doctrine, or other applicable privileges.  Rather

16   it seeks information regarding the factual basis of Mattel's knowledge of the claims

17   at issue.  To the extent that Mattel contends that the request does seek privileged

18   information, Mattel must provide a privilege log.  Mattel's objection that

19   "implying" and "suggesting" are vague and ambiguous is untenable as these are

20   commonly understood English words.

21        None of Mattel's improper objections are valid and Mattel is obligated to

22   produce all non-privileged responsive documents in its possession, custody, or

23   control.

24

25   **REQUEST FOR PRODUCTION NO. 221:**

26        All DOCUMENTS and COMMUNICATIONS received by YOU from any

27   source expressing, suggesting or implying that MGA copied or used any idea,

28   design or intellectual property owned by MATTEL in connection with the

SEPARATE STATEMENT ISO MGA'S MOTION TO COMPEL
9059, SET ONE; CV 04-9049 SGL (RNBX))

1  conception, design or development of BRATZ or BRATZ INTELLECTUAL

2  PROPERTY.

3      **RESPONSE TO REQUEST NO. 221:**

4      In addition to the general objections stated above, which are incorporated

5  herein by reference, Mattel objects to this Request as overbroad and unduly

6  burdensome, including in that it seeks <u>all</u> documents and communications received

7  by "Mattel," as defined by MGA to include former employees like Bryant, from

8  <u>any</u> source at <u>any time</u> related to this topic, regardless of whether the documents

9  and communications relate to the conduct at issue in this lawsuit.  Mattel further

10  objects to this Request on the grounds that it calls for the disclosure of information

11  subject to the attorney-client privilege, the attorney work-product doctrine and other

12  applicable privileges.  Mattel further objects to this Request on the ground that the

13  terms "implying," "suggesting," "Bratz" and "Bratz Intellectual Property" are

14  vague and ambiguous.  Mattel further objects to this Request on the grounds that it

15  is duplicative of or subsumed within prior Requests already responded to and seeks

16  the re-production of information and documents already produced in this action.

17  Such information and documents will not be re-produced.

18

19      **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

20

21      Mattel refuses to produce documents in response to this request, standing on

22  its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an

23  objection to part of a request must specify the part and permit inspection of the

24  rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

25  for an objection with specificity are routinely rejected in the Central District.  <u>See</u>

26  <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

27  ("general or boilerplate objections such as 'overly burdensome and harassing' are

28  improper – especially when a party fails to submit any evidentiary declarations

1    supporting such objections").  Accordingly, Mattel must be compelled either to

2    certify that it has produced all non-privileged responsive documents or to produce

3    all such documents by a date certain.

4          To the extent that Mattel is relying on its blanket objections, they are not

5    sustainable and do not justify Mattel's failure to produce documents.

6          As to overbreadth, Mattel provides no explanation, let alone the required

7    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10   contrary, the request is narrowly tailored to seek documents concerning

11   communications received by Mattel suggesting that Bryant copied any intellectual

12   property owned by Mattel.

13         As to burden, Mattel has not attempted to demonstrate why responding to

14   this request and/or producing responsive documents presents any burden.  This

15   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

16   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17   request is unduly burdensome must allege specific facts which indicate the nature

18   and extent of the burden, usually by affidavit or other reliable evidence.")

19   Moreover, it is not unduly burdensome, as noted above, in that the request is

20   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

21   has engaged in a broad variety of unfair trade practices, from serial copying of

22   MGA products, to intimidating employees and industry groups in order to prevent

23   MGA from fairly competing.  MGA is entitled to discovery on these claims and on

24   Mattel's defenses

25         Mattel objects that the request is duplicative or subsumed within prior

26   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

27   agree to produce responsive non-privileged documents is not proper based on this

28   objection.

1      Mattel's objection that the requested materials are equally available to MGA

2  cannot circumvent Mattel's obligation to produce all non-privileged responsive

3  materials in its possession, custody or control.

4      This request does not seek documents protected by the attorney-client

5  privilege, the attorney work product doctrine, or other applicable privileges.  Rather

6  it seeks information regarding the factual basis of Mattel's knowledge of the claims

7  at issue.  To the extent that Mattel contends that the request does seek privileged

8  information, Mattel must provide a privilege log.  Mattel's objection that

9  "implying" and "suggesting" are vague and ambiguous is untenable as these are

10  commonly understood English words.

11      None of Mattel's improper objections are valid and Mattel is obligated to

12  produce all non-privileged responsive documents in its possession, custody, or

13  control.

14

15  **<u>REQUEST FOR PRODUCTION NO. 222:</u>**

16      All COMMUNICATIONS, and all DOCUMENTS mentioning, describing,

17  discussing, referring or relating to any investigation performed by YOU in response

18  to any COMMUNICATION YOU may have received from any source expressing,

19  suggesting or implying that BRYANT copied or used any idea, design or

20  intellectual property owned by MATTEL in connection with the conception, design

21  or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

22      **<u>RESPONSE TO REQUEST NO. 222:</u>**

23      In addition to the general objections stated above, which are incorporated

24  herein by reference, Mattel objects to this Request as overbroad and unduly

25  burdensome in that it seeks <u>all</u> communications and documents in Mattel's

26  possession, custody and control that mention, describe, discuss, refer or relate to

27  <u>any</u> undefined "investigation" performed by "Mattel," as defined by MGA to

28  include past employees like Bryant, in response to <u>any</u> communication received by

1   "Mattel" from any source related to this topic.  Mattel further objects to this

2   Request on the grounds that the terms "implying," "suggesting," "Bratz" and "Bratz

3   Intellectual Property" are vague and ambiguous.  Mattel further objects to this

4   Request on the grounds that it calls for the disclosure of information subject to the

5   attorney-client privilege, the attorney work-product doctrine and other applicable

6   privileges.  Mattel further objects to this Request on the grounds that it seeks

7   documents that are not relevant to this action, and is not reasonably calculated to

8   lead to the discovery of admissible evidence.  Mattel further objects to this Request

9   on the grounds that it is duplicative of or subsumed within prior Requests already

10  responded to and seeks the re-production of information and documents already

11  produced in this action.  Such information and documents wilt not be re-produced.

12

13  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
    SHOULD BE COMPELLED**

14

15      Mattel refuses to produce documents in response to this request, standing on

16  its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an

17  objection to part of a request must specify the part and permit inspection of the

18  rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

19  for an objection with specificity are routinely rejected in the Central District.  <u>See</u>

20  <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

21  ("general or boilerplate objections such as 'overly burdensome and harassing' are

22  improper – especially when a party fails to submit any evidentiary declarations

23  supporting such objections").  Accordingly, Mattel must be compelled either to

24  certify that it has produced all non-privileged responsive documents or to produce

25  all such documents by a date certain.

26      To the extent that Mattel is relying on its blanket objections, they are not

27  sustainable and do not justify Mattel's failure to produce documents.

28

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning communications received by Mattel suggesting that Bryant copied any intellectual property owned by Mattel.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices, from serial copying of MGA products, to intimidating employees and industry groups in order to prevent MGA from fairly competing.  MGA is entitled to discovery on these claims and on Mattel's defenses

Mattel objects that the request is duplicative or subsumed within prior requests but does not identify the allegedly duplicative requests.  Mattel's failure to agree to produce responsive non-privileged documents is not proper based on this objection.

Mattel's objection that the requested materials are equally available to MGA cannot circumvent Mattel's obligation to produce all non-privileged responsive materials in its possession, custody or control.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  Rather

1   it seeks information regarding the factual basis of Mattel's knowledge of the claims

2   at issue.  To the extent that Mattel contends that the request does seek privileged

3   information, Mattel must provide a privilege log.  Mattel's objection that

4   "implying" and "suggesting" are vague and ambiguous is untenable as these are

5   commonly understood English words.

6        None of Mattel's improper objections are valid and Mattel is obligated to

7   produce all non-privileged responsive documents in its possession, custody, or

8   control.

9

10  **REQUEST FOR PRODUCTION NO. 223:**

11       All COMMUNICATIONS, and all DOCUMENTS mentioning, describing,

12  discussing, referring to or relating to any investigation performed by YOU in

13  response to any COMMUNICATION YOU may have received from any source

14  expressing, suggesting or implying that MGA copied or used any idea, design or

15  intellectual property owned by MATTEL in connection with the conception, design

16  or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

17       **RESPONSE TO REQUEST NO. 223:**

18       In addition to the general objections stated above, which are incorporated

19  herein by reference, Mattel objects to this Request as overbroad and unduly

20  burdensome in that it seeks all communications and documents in Mattel's

21  possession, custody and control that mention, describe, discuss, refer or relate to

22  any undefined "investigation" performed by "Mattel," as defined by MGA to

23  include past employees like Bryant, in response to any communication received by

24  "Mattel" from any source related to this topic.  Mattel further objects to this

25  Request on the grounds that the terms "implying," "suggesting," "Bratz" and "Bratz

26  Intellectual Property" are vague and ambiguous.  Mattel further objects to this

27  Request on the grounds that it calls for the disclosure of information subject to the

28  attorney-client privilege, the attorney work-product doctrine and other applicable

privileges.  Mattel further objects to this Request on the grounds that it seeks documents that are not relevant to this action, and is not reasonably calculated to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel refuses to produce documents in response to this request, standing on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to **why** this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning

1   communications received by Mattel suggesting that Bryant copied any intellectual

2   property owned by Mattel.

3        As to burden, Mattel has not attempted to demonstrate why responding to

4   this request and/or producing responsive documents presents any burden.  This

5   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,

6   Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7   request is unduly burdensome must allege specific facts which indicate the nature

8   and extent of the burden, usually by affidavit or other reliable evidence.")

9   Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11  has engaged in a broad variety of unfair trade practices, from serial copying of

12  MGA products, to intimidating employees and industry groups in order to prevent

13  MGA from fairly competing.  MGA is entitled to discovery on these claims and on

14  Mattel's defenses.

15       Mattel objects that the request is duplicative or subsumed within prior

16  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

17  agree to produce responsive non-privileged documents is not proper based on this

18  objection.

19       Mattel's objection that the requested materials are equally available to MGA

20  cannot circumvent Mattel's obligation to produce all non-privileged responsive

21  materials in its possession, custody or control.

22       This request does not seek documents protected by the attorney-client

23  privilege, the attorney work product doctrine, or other applicable privileges.  Rather

24  it seeks information regarding the factual basis of Mattel's knowledge of the claims

25  at issue.  To the extent that Mattel contends that the request does seek privileged

26  information, Mattel must provide a privilege log.  Mattel's objection that

27  "implying" and "suggesting" are vague and ambiguous is untenable as these are

28  commonly understood English words.

1    None of Mattel's improper objections are valid and Mattel is obligated to

2    produce all non-privileged responsive documents in its possession, custody, or

3    control.

4

5    **REQUEST FOR PRODUCTION NO. 252:**

6    All DOCUMENTS and COMMUNICATIONS constituting, discussing,

7    mentioning, describing, referring or relating to the August 5, 2002 anonymous letter

8    sent to Robert Eckert produced in this litigation by MATTEL bearing Bates serial

9    number M 13841

10    **RESPONSE TO REQUEST NO. 252:**

11    In addition to the general objections stated above, which are incorporated

12    herein by reference, Mattel objects to this Request on the grounds that it calls for

13    the disclosure of information subject to the attorney-client privilege, the attorney

14    work-product doctrine and other applicable privileges.  Mattel further objects to this

15    Request on the grounds that it seeks documents that are not relevant to this action,

16    and is not reasonably calculated to lead to the discovery of admissible evidence.

17    Mattel further objects to this Request on the grounds that it is duplicative of or

18    subsumed within prior Requests already responded to and seeks the re-production

19    of information and documents already produced in this action.  Such information

20    and documents will not be re-produced.

21

22    **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

23    **SHOULD BE COMPELLED**

24    On January 30 2007, Judge Infante issued an order compelling Mattel to

25    produce all non-privileged documents relating to any investigation that occurred as

26    a result of the receipt of the August 2002 "Anonymous Letter" to Mattel CEO

27    Robert Eckert, and provide a privilege log identifying all documents withheld under

28    the attorney client privilege or attorney work product doctrine in response to

- 556 -

1   discovery requests served by Carter Bryant.  Any objections raised by Mattel in

2   response to such a request were stricken by Judge Infante, including general

3   objections as to discoverability.  To the extent that Mattel has complied with this

4   Order and this request is, in fact, duplicative or subsumed within prior requests,

5   Mattel need only supplement its response to state that it has produce all non-

6   privileged responsive documents.  As it stands, Mattel's wholesale failure to

7   represent that it will produce any non-privileged documents responsive to this

8   request is improper.  Mattel must be compelled to produce.

9

10  **REQUEST FOR PRODUCTION NO. 253:**

11      All DOCUMENTS and COMMUNICATIONS constituting, discussing,

12  mentioning, describing, referring or relating to any investigation of or follow-up

13  regarding the August 5, 2002 anonymous letter sent to Robert Eckert produced in

14  this litigation by MATTEL bearing Bates serial number M 13841.

15      **RESPONSE TO REQUEST NO. 253:**

16      In addition to the general objections stated above, which are incorporated

17  herein by reference, Mattel objects to this Request on the grounds that it calls for

18  the disclosure of information subject to the attorney-client privilege, the attorney

19  work-product doctrine and other applicable privileges.  Mattel further objects to this

20  Request on the grounds that it seeks documents that are not relevant to this action,

21  and is not reasonably calculated to lead to the discovery of admissible evidence.

22  Mattel further objects to this Request as vague and ambiguous.  Mattel further

23  objects to this Request on the grounds that it is duplicative of or subsumed within

24  prior Requests already responded to and seeks the re-production of information and

25  documents already produced in this action.  Such information and documents will

26  not be re-produced.

27

28

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

On January 30 2007, Judge Infante issued an order compelling Mattel to produce all non-privileged documents relating to any investigation that occurred as a result of the receipt of the August 2002 "Anonymous Letter" to Mattel CEO Robert Eckert, and provide a privilege log identifying all documents withheld under the attorney client privilege or attorney work product doctrine in response to discovery requests served by Carter Bryant.  Any objections raised by Mattel in response to such a request were stricken by Judge Infante, including general objections as to discoverability.  To the extent that Mattel has complied with this Order and this request is, in fact, duplicative or subsumed within prior requests, Mattel need only supplement its response to state that it has produce all non-privileged responsive documents.  As it stands, Mattel's wholesale failure to represent that it will produce any non-privileged documents responsive to this request is improper.  Mattel must be compelled to produce.

## REQUEST FOR PRODUCTION NO. 255:

All DOCUMENTS, such as organizational charts, describing, depicting, or relating to BRYANT's place in the corporate structure, chain-of-command, and reporting structure of MATTEL since 1997.

## RESPONSE TO REQUEST NO. 255:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request as vague and ambiguous.  Mattel further objects to this request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already

responded to and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

Mattel baldly states that the request is "vague and ambiguous" but does not specify in what way it is so.  In any event, the terms of the requests are not vague and ambiguous.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

1   None of Mattel's improper objections are valid and Mattel is obligated to

2   produce all non-privileged responsive documents in its possession, custody, or

3   control.

4

5   **REQUEST FOR PRODUCTION NO. 256:**

6   DOCUMENTS sufficient to show BRYANT's immediate supervisors and all

7   co-workers in BRYANT's department during the periods of BRYANT's

8   employment with MATTEL.

9   **RESPONSE TO REQUEST NO. 256:**

10   In addition to the general objections stated above, which are incorporated

11   herein by reference, Mattel objects to this Request as overbroad and vague and

12   ambiguous as to "all co-workers" in Bryant's "department."  Mattel further objects

13   to this Request on the grounds that it is duplicative of or subsumed within prior

14   Requests already responded to and seeks the re-production of information and

15   documents already produced in this action.  Such information and documents will

16   not be re-produced.

17

18   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
    **SHOULD BE COMPELLED**

19

20   Mattel has not agreed to produce documents in response to this request,

21   subject to its improper boilerplate objections.  Mattel has refused to confirm

22   whether or not it has produced all non-privileged responsive documents or whether

23   it is withholding documents based on its objections in Phase 2.  Under the Federal

24   Rules of Civil Procedure, "an objection to part of a request must specify the part

25   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

26   that fail to explain the basis for an objection with specificity are routinely rejected

27   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

28   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

1  burdensome and harassing' are improper – especially when a party fails to submit

2  any evidentiary declarations supporting such objections").  Accordingly, Mattel

3  must be compelled either to certify that it has produced all non-privileged

4  responsive documents or to produce all such documents by a date certain.

5       To the extent that Mattel is relying on its blanket objections, they are not

6  sustainable and do not justify Mattel's failure to produce documents.

7       As to overbreadth, Mattel provides no explanation, let alone the required

8  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

9  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

11  contrary, the request is narrowly tailored to seek documents concerning Bryant's

12  co-workers and supervisor's at Mattel.

13       Mattel baldly states that the request is "vague and ambiguous" but then

14  identifies common place terms, including "co-worker" and "department" as

15  ambiguous.  Mattel does not specify in what way these commonplace employment

16  terms are vague and ambiguous.

17       None of Mattel's improper objections are valid and Mattel is obligated to

18  produce all non-privileged responsive documents in its possession, custody, or

19  control.

20

21  **REQUEST FOR PRODUCTION NO. 257:**

22       All DOCUMENTS including, without limitation, YOUR corporate

23  resolutions, and minutes of all meetings of YOUR directors or shareholders in

24  which this lawsuit, BRATZ INTELLECTUAL PROPERTY, the BRATZ

25  CONCEPT, or BRYANT was discussed.

26       **RESPONSE TO REQUEST NO. 257:**

27       In addition to the general objections stated above, which are incorporated

28  herein by reference, Mattel objects to this Request as overbroad and unduly

burdensome in that it seeks <u>all</u> documents created by <u>anyone at anytime</u> in which "Bratz Intellectual Property," the "Bratz Concept," or Bryant were discussed, without limitation as to time or subject matter, and regardless of whether the documents relate to the conduct at issue in this lawsuit.  Mattel further objects to this Request on the grounds that such discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead to the discovery of admissible evidence in that Mattel's actions in relation to the "Bratz" line of products are not at issue in this action and are irrelevant to the claims and defenses in this suit.  Rather, at issue are the actions of defendants and third parties associated with defendants in connection with the projects that defendant Bryant worked on with defendant MGA, which is information known to and within the possession, custody and control of defendants and their associated third parties, not Mattel.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Mattel further objects to this Request on the grounds that it is unreasonably burdensome and premature in that the facts necessary to determine the whether "images, drawings, pictures, sculpts, molds, prototypes and any other form of artwork" both predate the "First Bratz Dolls and are "'Bratz'-related" are known by defendants and third parties associated with defendants, but are not known by Mattel at this juncture.  Mattel further objects to this Request on the grounds that the terms "Bratz Concept" and "Bratz Intellectual Property" are vague and ambiguous.  Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced.

1

2

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

3

4

5

6

7

8

9

10

11

12

13

Mattel refuses to produce in response to this request, resting on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

14

15

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

16

17

18

19

20

21

22

23

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents concerning Mattel's directors and shareholder decisions relating to this lawsuit, BRATZ INTELLECTUAL PROPERTY, the BRATZ CONCEPT, or BRYANT during a discrete time period.

24

25

26

27

28

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature

- 563 -

1   and extent of the burden, usually by affidavit or other reliable evidence.")

2   Moreover, it is not unduly burdensome, as noted above, in that the request is

3   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

4   has engaged in a broad variety of unfair trade practices, from serial copying of

5   MGA products, to threatening retailers and suppliers to cease doing business with

6   MGA, to intimidating employees and industry groups in order to prevent MGA

7   from fairly competing, and this request seeks information directly relevant to these

8   claims.

9       This request does not seek documents protected by the attorney-client

10  privilege, the attorney work product doctrine, or other applicable privileges.  To the

11  extent that Mattel contends that it does, Mattel must provide a privilege log.

12      Mattel objects that the request contains confidential, proprietary and trade

13  secret information.  A Protective Order exists in this case, obviating any concern as

14  to protection of privacy rights and/or commercially sensitive information.

15

16  **REQUEST FOR PRODUCTION NO. 272:**

17      All non-privileged DOCUMENTS and COMMUNICATIONS mentioning,

18  discussing, referring or relating to the "product licensing" and "Licensor Approval

19  Form" that is [sic] described at entries numbers 8, 9, 10 and 11 on Mattel's

20  privilege log including, without limitation, the Licensor Approval Form.

21      **RESPONSE TO REQUEST NO. 272:**

22      In addition to the general objections stated above, which are incorporated

23  herein by reference, Mattel objects to this Request on the grounds that it is

24  overbroad and unduly burdensome and seeks documents that are not relevant to this

25  action, and is not reasonably calculated to lead to the discovery of admissible

26  evidence.  Mattel further objects to this Request on the grounds that it is duplicative

27  of or subsumed within prior Requests already responded to and seeks the re-

28

1  production of information and documents already produced in this action.  Such

2  information and documents will not be re-produced.

3

4  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
   SHOULD BE COMPELLED**

5

6  Mattel refuses to produce documents in response to this request.  Under the

7  Federal Rules of Civil Procedure, "an objection to part of a request must specify the

8  part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

9  objections that fail to explain the basis for an objection with specificity are

10  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

11  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

12  such as 'overly burdensome and harassing' are improper – especially when a party

13  fails to submit any evidentiary declarations supporting such objections").

14  Accordingly, Mattel must be compelled either to certify that it has produced all

15  non-privileged responsive documents or to produce all such documents by a date

16  certain.

17  To the extent that Mattel is relying on its blanket objections, they are not

18  sustainable and do not justify Mattel's failure to produce documents.

19  Mattel objects that the request is duplicative or subsumed within prior

20  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

21  agree to produce responsive non-privileged documents is not proper based on this

22  objection.

23  Mattel's only other objection is that this request seeks documents that are not

24  relevant.  This objection is meritless as the request is narrowly tailored to a form

25  described in Mattel's own privileged log in this proceeding.  MGA has alleged that

26  Mattel has engaged in a broad variety of unfair trade practices, from serial copying

27  of MGA products, to intimidating employees and industry groups in order to

28

1  prevent MGA from fairly competing.  MGA is entitled to discovery on these claims

2  and on Mattel's defenses.

3       None of Mattel's improper objections are valid and Mattel is obligated to

4  produce all non-privileged responsive documents in its possession, custody, or

5  control.

6

7  **REQUEST FOR PRODUCTION NO. 273:**

8       All non-privileged DOCUMENTS and COMMUNICATIONS constituting,

9  mentioning, discussing, referring or relating to the "packaging" described at entries

10  numbers 20 and 21 on Mattel's privilege log.

11       **RESPONSE TO REQUEST NO. 273:**

12       In addition to the general objections stated above, which are incorporated

13  herein by reference, Mattel objects to this Request on the grounds that it seeks

14  documents that are not relevant to this action, and is not reasonably calculated to

15  lead to the discovery of admissible evidence.  Mattel further objects to this Request

16  on the grounds that it is duplicative of or subsumed within prior Requests already

17  responded to and seeks the re-production of information and documents already

18  produced in this action.  Such information and documents will not be re-produced.

19

20       **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
**SHOULD BE COMPELLED**

21

22       Mattel refuses to produce documents in response to this request.  Under the

23  Federal Rules of Civil Procedure, "an objection to part of a request must specify the

24  part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

25  objections that fail to explain the basis for an objection with specificity are

26  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

27  Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

28  such as 'overly burdensome and harassing' are improper – especially when a party

1  fails to submit any evidentiary declarations supporting such objections").

2  Accordingly, Mattel must be compelled either to certify that it has produced all

3  non-privileged responsive documents or to produce all such documents by a date

4  certain.

5       To the extent that Mattel is relying on its blanket objections, they are not

6  sustainable and do not justify Mattel's failure to produce documents.

7       Mattel objects that the request is duplicative or subsumed within prior

8  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

9  agree to produce responsive non-privileged documents is not proper based on this

10  objection.

11      Mattel's only other objection is that this request seeks documents that are not

12  relevant.  This objection is meritless as the request is narrowly tailored to

13  "packaging" described in Mattel's own privileged log in this proceeding.  As MGA

14  has asserted an unfair competition claim based on Mattel's serial copying of

15  MGA's products and packaging, this request is clearly discoverable in connection

16  with Phase 2 issues.

17      None of Mattel's improper objections are valid and Mattel is obligated to

18  produce all non-privileged responsive documents in its possession, custody, or

19  control.

20

21  **REQUEST FOR PRODUCTION NO. 274:**

22      All DOCUMENTS referring or relating to the creation, design, development,

23  actual sale, proposed sale, actual marketing, proposed marketing, patent, trademark,

24  trade dress, copyright or other intellectual property rights in, to or of the feet, shoes

25  or skates of the "Barbie" on roller skates or roller-blades that is disclosed in the

26  documents that MATTEL produced in this action.

27

28

- 567 -

## RESPONSE TO REQUEST NO. 274:

In addition to the general objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request as overbroad, unduly burdensome and oppressive in that it seeks "all" documents in Mattel's possession, custody and control on this broad subject. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action. Such information and documents will not be re-produced.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel

1   must be compelled either to certify that it has produced all non-privileged

2   responsive documents or to produce all such documents by a date certain.

3      To the extent that Mattel is relying on its blanket objections, they are not

4   sustainable and do not justify Mattel's failure to produce documents.

5      As to overbreadth, Mattel provides no explanation, let alone the required

6   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9   contrary, the request is narrowly tailored to seek documents referring to the

10  creation, design, development, actual sale, proposed sale, actual marketing,

11  proposed marketing, patent, trademark, trade dress, copyright or other intellectual

12  property rights in, to or of the feet, shoes or skates of the "Barbie" on roller skates

13  or roller-blades that is disclosed in the documents that Mattel itself has produced in

14  this action.  MGA is entitled to a full production of these documents because they

15  may bear on Bryant's creation or conception of BRATZ, which is highly relevant to

16  MGA's claims and defenses in this case.

17      As to burden, Mattel has not attempted to demonstrate why responding to

18  this request and/or producing responsive documents presents any burden.  This

19  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

20  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21  request is unduly burdensome must allege specific facts which indicate the nature

22  and extent of the burden, usually by affidavit or other reliable evidence.")

23  Moreover, it is not unduly burdensome, as noted above, in that the request is

24  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

25  has engaged in a broad variety of unfair trade practices including serial copying of

26  MGA products.

27

28

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4        As to relevancy, Mattel has not attempted to demonstrate why the responsive

5    documents are irrelevant to the current action.  On the contrary, MGA has alleged

6    that Mattel is engaged in copying of MGA products, packaging, themes and

7    advertising.  "Barbie" on roller skates or roller-blades is an example of one such

8    product line.  A request for documents that relate to creation, design, development,

9    actual sale, proposed sale, actual marketing, proposed marketing, patent, trademark,

10   trade dress, copyright or other intellectual property rights in, to or of the feet, shoes

11   or skates of the "Barbie" on roller skates or roller-blades that is disclosed in the

12   documents that Mattel produced in this action is therefore relevant to this action and

13   MGA's claim.

14       Mattel objects that the request is duplicative or subsumed within prior

15   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

16   agree to produce responsive non-privileged documents is not proper based on this

17   objection.

18       Mattel objects that the request contains confidential, proprietary, and trade

19   secret information.  A Protective Order exists in this case, obviating any concern as

20   to protection of privacy rights and/or commercially sensitive information.

21       None of Mattel's improper objections are valid and Mattel is obligated to

22   produce all non-privileged responsive documents in its possession, custody, or

23   control.

24

25   **REQUEST FOR PRODUCTION NO. 275:**

26       All DOCUMENTS evidencing whether and how BRYANT had access to,

27   knew of, saw, or worked on the creation, design or development of the feet, shoes

28

1  or skates of the "Barbie" on roller skates or roller blades that is disclosed in the

2  documents that MATTEL produced in this action.

3  **RESPONSE TO REQUEST NO. 275:**

4  In addition to the general objections stated above, which are incorporated

5  herein by reference, Mattel objects to this Request on the grounds that it calls for

6  the disclosure of information subject to the attorney-client privilege, the attorney

7  work-product doctrine and other applicable privileges.  Mattel further objects to this

8  Request as overbroad, unduly burdensome and oppressive in that it seeks "all" f

9  documents in Mattel's possession, custody and control on this broad subject.

10  Mattel further objects to this Request on the grounds that it is duplicative of or

11  subsumed within prior Requests already responded to and seeks the re-production

12  of information and documents already produced in this action.  Such information

13  and documents will not be re-produced.

14

15  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
16  **SHOULD BE COMPELLED**

17  Mattel has not agreed to produce documents in response to this request,

18  subject to its improper boilerplate objections.  Mattel has refused to confirm

19  whether or not it has produced all non-privileged responsive documents or whether

20  it is withholding documents based on its objections in Phase 2.  Under the Federal

21  Rules of Civil Procedure, "an objection to part of a request must specify the part

22  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

23  that fail to explain the basis for an objection with specificity are routinely rejected

24  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

25  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

26  burdensome and harassing' are improper – especially when a party fails to submit

27  any evidentiary declarations supporting such objections").  Accordingly, Mattel

28

1   must be compelled either to certify that it has produced all non-privileged

2   responsive documents or to produce all such documents by a date certain.

3       To the extent that Mattel is relying on its blanket objections, they are not

4   sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the required

6   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9   contrary, the request is narrowly tailored to seek documents evidencing whether

10  and how BRYANT had access to, knew of, or worked on the creation, design, or

11  development of the feet, shoes or skates of the "Barbie" on roller skates or roller-

12  blades that is disclosed in the documents that Mattel itself has produced in this

13  action.  MGA is entitled to a full production of these documents because they may

14  bear on Bryant's creation or conception of BRATZ, which is highly relevant to

15  MGA's claims and defenses in this case.

16       As to burden, Mattel has not attempted to demonstrate why responding to

17  this request and/or producing responsive documents presents any burden.  This

18  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

19  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20  request is unduly burdensome must allege specific facts which indicate the nature

21  and extent of the burden, usually by affidavit or other reliable evidence.")

22  Moreover, it is not unduly burdensome, as noted above, in that the request is

23  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

24  has engaged in a broad variety of unfair trade practices including serial copying of

25  MGA products.

26       This request does not seek documents protected by the attorney-client

27  privilege, the attorney work product doctrine, or other applicable privileges.  To the

28  extent that Mattel contends that it does, Mattel must provide a privilege log.

1    As to relevancy, Mattel has not attempted to make any objections.  It

2  therefore concedes relevance. MGA is entitled to all documents on the issue, and

3  not just those that Mattel chooses to produce in support of its claims.

4    Mattel objects that the request contains confidential, proprietary, and trade

5  secret information.  A Protective Order exists in this case, obviating any concern as

6  to protection of privacy rights and/or commercially sensitive information.

7    None of Mattel's improper objections are valid and Mattel is obligated to

8  produce all non-privileged responsive documents in its possession, custody, or

9  control.

10

11  **REQUEST FOR PRODUCTION NO. 276:**

12    All DOCUMENTS evidencing whether the "Barbie" on roller skates or roller

13  blades that is disclosed in the documents that MATTEL produced in this action was

14  ever marketed or sold.

15    **RESPONSE TO REQUEST NO. 276:**

16    In addition to the general objections stated above, which are incorporated

17  herein by reference, Mattel objects to this Request on the grounds that it seeks

18  documents that are not relevant to this action or likely to lead to the discovery of

19  admissible evidence.  Mattel further objects to this Request as overbroad, unduly

20  burdensome and oppressive in that it seeks "all" documents in Mattel's possession,

21  custody and control on this broad subject.  Mattel further objects to this Request on

22  the grounds that it calls for the disclosure of information subject to the attorney-

23  client privilege, the attorney work-product doctrine and other applicable privileges.

24  Mattel further objects to this Request on the grounds that it is duplicative of or

25  subsumed within prior Requests already responded to and seeks the re-production

26  of information and documents already produced in this action.  Such information

27  and documents will not be re-produced.

28

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents evidencing whether the "Barbie" on roller skates or roller-blades that is disclosed in the documents that Mattel itself has produced in this action.  MGA is entitled to a full production of these documents because they may bear on Bryant's creation or conception of BRATZ, which is highly relevant to MGA's claims and defenses in this case.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This

1   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

2   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3   request is unduly burdensome must allege specific facts which indicate the nature

4   and extent of the burden, usually by affidavit or other reliable evidence.")

5   Moreover, it is not unduly burdensome, as noted above, in that the request is

6   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7   has engaged in a broad variety of unfair trade practices including serial copying of

8   MGA products.

9        This request does not seek documents protected by the attorney-client

10   privilege, the attorney work product doctrine, or other applicable privileges.  To the

11   extent that Mattel contends that it does, Mattel must provide a privilege log.

12        As to relevancy, Mattel has not attempted to demonstrate why the responsive

13   documents are irrelevant to the current action.  On the contrary, MGA has alleged

14   that Mattel is engaged in copying of MGA products, packaging, themes and

15   advertising.  "Barbie" on roller skates or roller-blades is an example of one such

16   product line.  A request for documents evidencing whether the "Barbie" on roller

17   skates or roller-blades that is disclosed in the documents that Mattel produced in

18   this action was ever marketed or sold is therefore relevant to this action and MGA's

19   claim.

20        Mattel objects that the request contains confidential, proprietary, and trade

21   secret information.  A Protective Order exists in this case, obviating any concern as

22   to protection of privacy rights and/or commercially sensitive information.

23        None of Mattel's improper objections are valid and Mattel is obligated to

24   produce all non-privileged responsive documents in its possession, custody, or

25   control.

26

27

28

1    **REQUEST FOR PRODUCTION NO. 277:**

2        All DOCUMENTS mentioning, discussing, referring or relating to the July

3    18, 2003 Wall Street Journal article in which MATTEL employees and ex-

4    employees are said to be quoted or paraphrased.

5        **RESPONSE TO REQUEST NO. 277:**

6        In addition to the general objections stated above, which are incorporated

7    herein by reference, Mattel objects to this Request on the grounds that it calls for

8    the disclosure of information subject to the attorney-client privilege, the attorney

9    work-product doctrine and other applicable privileges.  Mattel further objects to this

10   Request on the grounds that it seeks documents that not relevant to this action or

11   likely to lead to the discovery of admissible evidence.  Mattel further objects to this

12   Request as overboard, unduly burdensome and oppressive, including in that it

13   purports to require Mattel to search for, locate and produce every copy of the article

14   among the files of its thousands of employees and every communication among its

15   thousands of employees mentioning the article.

16

17   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
     SHOULD BE COMPELLED**

18

19       Mattel refuses to produce documents in response to this request, standing on

20   its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an

21   objection to part of a request must specify the part and permit inspection of the

22   rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

23   for an objection with specificity are routinely rejected in the Central District.  <u>See</u>

24   <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

25   ("general or boilerplate objections such as 'overly burdensome and harassing' are

26   improper – especially when a party fails to submit any evidentiary declarations

27   supporting such objections").  Accordingly, Mattel must be compelled either to

28

1   certify that it has produced all non-privileged responsive documents or to produce

2   all such documents by a date certain.

3       To the extent that Mattel is relying on its blanket objections, they are not

4   sustainable and do not justify Mattel's failure to produce documents.

5       As to overbreadth, Mattel provides no explanation, let alone the required

6   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9   contrary, the request is narrowly tailored to seek documents concerning a particular

10  newspaper article..

11      As to burden, Mattel has not attempted to demonstrate why responding to

12  this request and/or producing responsive documents presents any burden.  This

13  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

14  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15  request is unduly burdensome must allege specific facts which indicate the nature

16  and extent of the burden, usually by affidavit or other reliable evidence.")

17  Moreover, it is not unduly burdensome, as noted above, in that the request is

18  narrowly tailored to seek only discoverable evidence.

19      This request does not seek documents protected by the attorney-client

20  privilege, the attorney work product doctrine, or other applicable privileges.  Rather

21  it seeks information regarding the factual basis of Mattel's knowledge of the claims

22  at issue.  To the extent that Mattel contends that responsive materials are privileged,

23  Mattel must provide a privilege log.

24      This article, which discusses Mattel sources who allegedly accused Bryant of

25  copying Mattel's intellectual property, is central to MGA's affirmative defense that

26  Mattel's counterclaims in Phase 2 are barred by the statute of limitation and/or

27  laches, among other things.  Thus, the documents sought in response to this request

28  are discoverable in connection with Phase 2 claims and defenses.

1  None of Mattel's improper objections are valid and Mattel is obligated to

2  produce all non-privileged responsive documents in its possession, custody, or

3  control.

4

5  **REQUEST FOR PRODUCTION NO. 278:**

6  All DOCUMENTS naming or otherwise identifying the persons interviewed

7  for the July 18, 2003 Wall Street Journal article in which MATTEL employees and

8  ex-employees are said to be quoted or paraphrased.

9  **RESPONSE TO REQUEST NO. 278:**

10  In addition to the general objections stated above, which are incorporated

11  herein by reference, Mattel objects to this Request on the grounds that it calls for

12  the disclosure of information subject to the attorney-client privilege, the attorney

13  work-product doctrine and other applicable privileges.  Mattel further objects to this

14  Request on the grounds that it seeks documents that are not relevant to this action

15  or likely to lead to the discovery of admissible evidence.  Mattel further objects to

16  this Request as unduly burdensome in that it purports to require Mattel to search

17  for, identify and produce all documents relating to matters that are currently known

18  to and in the possession, custody and control of third-parties, and not Mattel.

19

20  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
21  SHOULD BE COMPELLED**

22  Mattel refuses to produce documents in response to this request, standing on

23  its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an

24  objection to part of a request must specify the part and permit inspection of the

25  rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

26  for an objection with specificity are routinely rejected in the Central District.  See

27  A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

28  ("general or boilerplate objections such as 'overly burdensome and harassing' are

1   improper – especially when a party fails to submit any evidentiary declarations

2   supporting such objections").  Accordingly, Mattel must be compelled either to

3   certify that it has produced all non-privileged responsive documents or to produce

4   all such documents by a date certain.

5        To the extent that Mattel is relying on its blanket objections, they are not

6   sustainable and do not justify Mattel's failure to produce documents.

7        As to overbreadth, Mattel provides no explanation, let alone the required

8   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

9   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

10  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

11  contrary, the request is narrowly tailored to seek documents concerning a particular

12  newspaper article..

13       As to burden, Mattel has not attempted to demonstrate why responding to

14  this request and/or producing responsive documents presents any burden.  This

15  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

16  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17  request is unduly burdensome must allege specific facts which indicate the nature

18  and extent of the burden, usually by affidavit or other reliable evidence.")

19  Moreover, it is not unduly burdensome, as noted above, in that the request is

20  narrowly tailored to seek only discoverable evidence.

21       This request does not seek documents protected by the attorney-client

22  privilege, the attorney work product doctrine, or other applicable privileges.  Rather

23  it seeks information regarding the factual basis of Mattel's knowledge of the claims

24  at issue.  To the extent that Mattel contends that responsive materials are privileged,

25  Mattel must provide a privilege log.

26       This article, which discusses Mattel sources who allegedly accused Bryant of

27  copying Mattel's intellectual property, is central to MGA's affirmative defense that

28  Mattel's counterclaims in Phase 2 are barred by the statute of limitation and/or

laches, among other things.  Thus, the documents sought in response to this request are discoverable in connection with Phase 2 claims and defenses.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 279:**

All DOCUMENTS received from any third-party in response to any subpoena in this case including, without limitation, Empire Bank, the Mattel Federal Credit Union, Alaska Momma, LA Focus and any SBC entity.

**RESPONSE TO REQUEST NO. 279:**

Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within prior Requests already responded to and seeks the re-production of information and documents already produced in this action.  Such information and documents will not be re-produced.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel refuses to produce documents in response to this request, standing on its improper boilerplate objection. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to

1   certify that it has produced all non-privileged responsive documents or to produce

2   all such documents by a date certain.

3        To the extent that Mattel is relying on its blanket objection, it is not

4   sustainable and does not justify Mattel's failure to produce documents.

5        Mattel objects that the request is duplicative or subsumed within prior

6   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

7   agree to produce responsive non-privileged documents is not proper based on this

8   objection.

9        Mattel's improper objection is not valid and Mattel is obligated to produce all

10  non-privileged responsive documents in its possession.

11

12  Dated:  September 23, 2009          ORRICK, HERRINGTON & SUTCLIFFE LLP

13

14                                      By:  _____/s/ Diana M. Rutowski_____
                                             Diana M. Rutowski
15                                      Attorneys for MGA ENTERTAINMENT, INC.,
                                        MGA ENTERTAINMENT HK, LTD., MGA de
16                                      MEXICO, S.R.L. de C.V., and ISAAC LARIAN

17

18

19

20

21

22

23

24

25

26

27

28

OHS West:260723192          - 581 -