1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA  94105-2669
6   Telephone:  +1-415-773-5700
    Facsimile:   +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
    Facsimile:   +1-213612-2499
11
    Attorneys for MGA Parties
12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                    EASTERN DIVISION

| | |
|---|---|
| 16  CARTER BRYANT, an individual, | Case No.  CV 04-9049-SGL (RNBx) |
| 17              Plaintiff, | Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727 |
| 18          v. | **DISCOVERY MATTER** |
| 19  MATTEL, INC., a Delaware corporation, | [To Be Heard by Discovery Master Robert O'Brien Pursuant to Order of January 6, 2009] |
| 20              Defendant. | |
| 21  | **SEPARATE STATEMENT IN SUPPORT OF MGA PARTIES' MOTION TO COMPEL FURTHER RESPONSES TO MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (9059, SET TWO)** |
| 22  AND CONSOLIDATED ACTIONS | |
| 23 | |
| 24 | Date:         TBD |
| 25 | Time:         TBD |
| | Courtroom:  TBD |
| 26 | **Phase 2** |
| 27 | Discovery Cutoff:     December 11, 2009 |
| 28 | Pretrial Conference: March 1, 2010 |
| | Trial Date:              March 23, 2010 |

OHS West:260723197

Plaintiffs and Counter-Defendants MGA Parties ("MGA") submit this Separate Statement in Support of MGA Parties' Motion to Compel Further Responses to MGA's Requests for Production of Documents (9059, Set Two). This Separate Statement covers MGA's Second Set of Requests in Case No. CV 04-9059-SGL of the consolidated proceedings, served on April 13, 2005. The requests included in this Separate Statement are Request Nos. 333-337 and 343-347 (the "Requests at Issue"). In addition to the reasons why further responses to each request should be compelled set forth below, MGA incorporates the reasons set forth in its Motion to Compel Further Responses to MGA's Requests for Production of Documents.

**MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS AT ISSUE AND RESPONSES - CASE NO. CV 04-9059 NM (RNBx)**

**REQUEST FOR PRODUCTION NO. 333:**

All DOCUMENTS mentioning, referring or relating to the development or release by MGA of PRAYER ANGELS.

**RESPONSE TO REQUEST NO. 333:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome on the grounds that it seeks all documents in Mattel's possession, custody and control authored by <u>anyone at any time</u> that mention, refer or relate to MGA's "development" or "release" of "Prayer Angels," without further limitation as to subject matter, regardless of whether such documents are publicly available and regardless of whether the documents concern matters at issue in this case, and for those same reasons further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it is

unreasonably burdensome and premature in that the facts necessary to determine whether documents in Mattel's possession, custody and control relate to the development or release by MGA of "Prayer Angels" dolls are within the knowledge of defendants and third parties associated with defendants, and are not known to Mattel because of defendants' refusals to produce basic discovery.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel will produce responsive, non-privileged documents, if any, within its possession, custody or control located after a reasonable search that relate to MGA's development or initial launch of dolls that MGA has publicly called "Prayer Angels."

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request to "dolls that MGA has publicly called 'Prayer Angels.'" Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections and improper limitation in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be

1  compelled either to certify that it has produced all non-privileged responsive

2  documents or to produce all such documents by a date certain.

3      To the extent that Mattel is relying on its blanket objections, they are not

4  sustainable and do not justify Mattel's failure to produce documents.

5      As to overbreadth, Mattel provides no explanation, let alone the required

6  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

7  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

8  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

9  contrary, the request is narrowly tailored to seek documents concerning

10  development or release by MGA of PRAYER ANGELS.

11     As to burden, Mattel has not attempted to demonstrate why responding to

12  this request and/or producing responsive documents presents any burden.  This

13  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

14  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15  request is unduly burdensome must allege specific facts which indicate the nature

16  and extent of the burden, usually by affidavit or other reliable evidence.")

17  Moreover, it is not unduly burdensome, as noted above, in that the request is

18  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19  has engaged in a broad variety of unfair trade practices including serial copying of

20  MGA products.  Mattel has also alleged a trade secret misappropriation claim

21  against MGA.  MGA is entitled to discovery on its claims and defenses.

22     This request does not seek documents protected by the attorney-client

23  privilege, the attorney work product doctrine, or other applicable privileges.  To the

24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25     As for relevancy, Mattel has not attempted to demonstrate why the

26  information sought in response to this request is not discoverable in Phase 2. On the

27  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

28  product lines.  Mattel has also alleged a trade secret misappropriation claim against

MGA.  Documents concerning development or release by MGA of PRAYER ANGELS that are in possession, custody, or control of Mattel are highly relevant to MGA's claims and defenses, including its claim of serial copying and its defense against Mattel's trade secret misappropriation claim and are discoverable in Phase 2.

Mattel limits its response to documents that "relate to MGA's development or initial launch of dolls that MGA has publicly called "Prayer Angels.'"  Such a limitation is unjustified.  MGA is entitled to discovery on all documents in Mattel's possession, custody, or control related to development or release of MGA's PRAYER ANGELS and not just documents related to its initial launch of products that were publicly called PRAYER ANGELS.  To the extent Mattel has in its possession, custody or control, any document related to the development or release (not just the initial launch) of any MGA product referred to as PRAYER ANGELS (not just publicly called), MGA is entitled to its production.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.


**REQUEST FOR PRODUCTION NO. 334:**

All DOCUMENTS mentioning, referring or relating to any dolls developed or produced by MGA and called or referred to therein as "Angel" or "Angels."

**RESPONSE TO REQUEST NO. 334:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome on the grounds that it seeks <u>all</u> documents in Mattel's possession, custody and control authored by <u>anyone at any time</u> that mention, refer or relate to <u>any</u> dolls developed or produced by MGA called or referred to by anyone as "Angel" or "Angels," without further limitation as to subject matter, regardless of

1   whether such documents are publicly available and regardless of whether the

2   documents concern matters at issue in this case, and for those reasons further

3   objects to the Request on the grounds that it seeks documents that are not relevant

4   to this action or likely to lead to the discovery of admissible evidence. Mattel

5   further objects to this Request in that the terms "Angel" and "Angels" are vague

6   and ambiguous in this context.  At least one witness has testified that "Angel" was a

7   code name for "Bratz" used by defendants, whereas MGA has claimed that "Angel"

8   or "Angels" refers to the dolls that MGA publicly has called "Prayer Angels."  In

9   the event that "Angel" or "Angels" as used in this Request refers to "Bratz," Mattel

10  further objects to this Request on the grounds that it is overbroad, unduly

11  burdensome and oppressive and is duplicative with prior discovery requests to

12  which Mattel has previously responded.  Mattel will produce such documents only

13  to the extent it has so stated in its prior discovery responses.  In the event that

14  "Angel" or "Angels" as used in this Request refers to "Prayer Angels," Mattel

15  further objects to this Request on the grounds that it is duplicative with Request No.

16  333 above.  Mattel further objects to this Request on the grounds that it purports to

17  require Mattel to identify information relating to matters that are currently known to

18  and in the possession, custody and control of defendants and third parties, including

19  third parties associated with defendants.  Mattel further objects to this Request on

20  the grounds that it seeks confidential, proprietary and trade secret information that

21  has no bearing on the claims or defenses in this case.  Mattel further objects to this

22  Request on the grounds that it calls for the disclosure of information subject to the

23  attorney-client privilege, the attorney work-product doctrine and other applicable

24  privileges.

25       Subject to and without waiving the foregoing objections, Mattel will produce

26  responsive, non-privileged documents, if any, within its possession, custody or

27  control located after a reasonable search that relate to MGA's development or

28  initial launch of dolls that MGA has publicly called "Prayer Angels."

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in
response to this request, subject to its improper boilerplate objections.  Mattel has
refused to confirm whether or not it has produced all non-privileged responsive
documents or whether it is withholding documents based on its objections in Phase
2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).
Generic objections that fail to explain the basis for an objection with specificity are
routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.
Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections
such as 'overly burdensome and harassing' are improper – especially when a party
fails to submit any evidentiary declarations supporting such objections").
Accordingly, Mattel must be compelled either to certify that it has produced all
non-privileged responsive documents or to produce all such documents by a date
certain.

To the extent that Mattel is relying on its blanket objections, they are not
sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required
particularity, as to *why* this request is supposedly overly broad, nor can it do so.
This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
(overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
contrary, the request is narrowly tailored to seek documents concerning dolls
developed or produced by MGA and called or referred as "Angel" or "Angels."

As to burden, Mattel has not attempted to demonstrate why responding to
this request and/or producing responsive documents presents any burden.  This
objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,
Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1    request is unduly burdensome must allege specific facts which indicate the nature

2    and extent of the burden, usually by affidavit or other reliable evidence.")

3    Moreover, it is not unduly burdensome, as noted above, in that the request is

4    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

5    has engaged in a broad variety of unfair trade practices including serial copying of

6    MGA products.  Mattel has also alleged a trade secret misappropriation claim

7    against MGA.  MGA is entitled to discovery on its claims and defenses.

8         This request does not seek documents protected by the attorney-client

9    privilege, the attorney work product doctrine, or other applicable privileges.  To the

10   extent that Mattel contends that it does, Mattel must provide a privilege log.

11        As for relevancy, Mattel has not attempted to demonstrate why the

12   information sought in response to this request is not discoverable in Phase 2. On the

13   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

14   product lines.  Mattel has also alleged a trade secret misappropriation claim against

15   MGA.  Documents concerning dolls developed or produced by MGA called or

16   referred as "Angel" or "Angels" that are in possession, custody, or control of Mattel

17   are highly relevant to MGA's claims and defenses, including its claim of serial

18   copying and its defense against Mattel's trade secret misappropriation claim.

19        Mattel limits its response to documents that "relate to MGA's development

20   or initial launch of dolls that MGA has publicly called "Prayer Angels."  Such a

21   limitation is unjustified.  Mattel objects that the term "Angel" or "Angels" may

22   refer to "Bratz," or to "Prayer Angels" and improperly limits itself to documents

23   publicly called "Prayer Angels."   MGA is entitled to discovery on documents

24   related to development or release of its products referred to as "Angels" not based

25   on Mattel's unilateral understanding of the term.  MGA has alleged that Mattel has

26   engaged in a broad variety of unfair trade practices including serial copying of

27   MGA products.  To the extent Mattel has in its possession, custody or control, any

28   document related to the development or release (not just the initial launch) of any

1  MGA product referred to as "Angels" (not just publicly called), MGA is entitled to

2  its production because it is directly relevant to its claim and defenses.

3       None of Mattel's improper objections are valid and Mattel is obligated to

4  produce all non-privileged responsive documents in its possession, custody, or

5  control.

6

7  **REQUEST FOR PRODUCTION NO. 335:**

8       All DOCUMENTS mentioning, referring or relating to work Anna Rhee

9  performed for MGA including but not limited to any contracts between MGA and

10 Anna Rhee, the performance of any contracts between MGA and Anna Rhee, any

11 invoices pertaining to work done by Anna Rhee for MGA, any purchase orders

12 pertaining to work done by Anna Rhee for MGA, any descriptions of projects for

13 MGA pertaining to work done by Anna Rhee for MGA, any photographs, sketches,

14 drawings, copies or other replicas or tangible things of any work Anna Rhee

15 performed for MGA, any payments Anna Rhee received from MGA and the timing

16 of any work Anna Rhee performed for MGA, to the extent that such documents

17 have not already been produced in this litigation.

18     **RESPONSE TO REQUEST NO. 335:**

19      In addition to the general objections stated above which are incorporated

20 herein by reference, Mattel objects to this Request as overbroad and unduly

21 burdensome on the grounds that it seeks <u>all</u> documents in Mattel's possession,

22 custody and control authored by <u>anyone at any time</u> mention, refer or relate a vast

23 array of topics relating to Anna Rhee's work for MGA, without further limitation as

24 to subject matter and regardless of whether the documents concern work, services

25 or other matters at issue in this case. Mattel further objects to this Request on the

26 grounds that is overbroad, unduly burdensome and oppressive in that it purports to

27 require Mattel to identify the numerous projects, products and other matters as to

28 which Ms. Rhee apparently has provided work or services to, for or on behalf of

MGA and then search for documents that relate to such projects, products or other matters.  Mattel will not search for, or produce, documents that "relate" to such projects or products but that do not refer to Ms. Rhee by name.  Mattel further objects to this Request on the grounds that it purports to require Mattel to identify and produce communications that are currently known to and in the possession, custody and control of MGA, and are necessarily equally available to MGA.  Mattel further objects to this Request on the grounds that it purports to require Mattel to identify information relating to matters that are currently known to and in the possession, custody and control of third parties, including third parties associated with defendants.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel will produce responsive, non-privileged documents, if any, within its possession, custody or control located after a reasonable search that expressly refer to Ms. Rhee's work or services performed with, for or on behalf of MGA on "Bratz" and/or "Prayer Angels" and that have not already been produced in this case.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v.

1   <u>Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections

2   such as 'overly burdensome and harassing' are improper – especially when a party

3   fails to submit any evidentiary declarations supporting such objections").

4   Accordingly, Mattel must be compelled either to certify that it has produced all

5   non-privileged responsive documents or to produce all such documents by a date

6   certain.

7       To the extent that Mattel is relying on its blanket objections, they are not

8   sustainable and do not justify Mattel's failure to produce documents.

9       As to overbreadth, Mattel provides no explanation, let alone the required

10  particularity, as to **why** this request is supposedly overly broad, nor can it do so.

11  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

12  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13  contrary, the request is narrowly tailored to seek documents concerning one specific

14  subject matter and one individual, namely work Anna Rhee performed for MGA.

15  Anna Rhee has been identified as having knowledge of facts relevant to MGA's

16  affirmative defenses.  *See* MGA's Response to Mattel Inc.'s Amended

17  Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, August

18  31, 2009, Rutowski Decl., Ex. 59.

19      As to burden, Mattel has not attempted to demonstrate why responding to

20  this request and/or producing responsive documents presents any burden.  This

21  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

22  <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

23  request is unduly burdensome must allege specific facts which indicate the nature

24  and extent of the burden, usually by affidavit or other reliable evidence.")

25  Moreover, it is not unduly burdensome, as noted above, in that the request is

26  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

27  has engaged in a broad variety of unfair trade practices including serial copying of

28  MGA products.  Mattel has also alleged a trade secret misappropriation claim

against MGA.  MGA is entitled to discovery on its claims and defenses.  The request is narrowly tailored to seek documents concerning one specific subject matter and one individual, namely work Anna Rhee performed for MGA.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

As for relevancy, Mattel has not attempted to demonstrate why the information sought in response to this request is not discoverable in Phase 2. On the contrary, Mattel identified Anna Rhee in its Initial Disclosures as a person knowledgeable about the development and ownership of intellectual property at issue and the design and development of "Bratz," among other things.  Mattel's Initial Disclosures, Rutowski Decl. Ex. 64.  MGA has alleged that Mattel has engaged in serial copying of MGA's product lines.  Mattel has also alleged a trade secret misappropriation claim against MGA.  Documents concerning the work that Anna Rhee performed for MGA that are in Mattel's possession, custody or control are highly relevant to MGA's claims and defenses, including its allegation of serial copying by Mattel and its defense against Mattel's trade secret misappropriation claim.

Mattel improperly limits is response to documents "that expressly refer to Ms. Rhee's work or services performed with, for or on behalf of MGA on 'Bratz' and/or 'Prayer Angels.'"  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products and seeking to obtain MGA confidential information through improper means.  If Mattel has in its possession, custody or control documents relating to Ms. Rhee's work on MGA products other than "Bratz" and "Prayer Angels," that information is discoverable.  Mattel also improperly limits its response to documents "that expressly refer to Ms. Rhee's work."  Mattel's limitation is too narrow because in addition to documents that expressly refer to Ms. Rhee's work, any photographs,

- 11 -

1   sketches, or other documents that embody her work for MGA or any documents

2   that expressly or indirectly discuss Ms. Rhee's role in connection with MGA, are

3   relevant to MGA's claims and defenses.

4       None of Mattel's improper objections are valid and Mattel is obligated to

5   produce all non-privileged responsive documents in its possession, custody, or

6   control.

7

8   **REQUEST FOR PRODUCTION NO. 336:**

9       All DOCUMENTS mentioning, referring or relating to work Anna Rhee

10  performed for YOU including but not limited to any contracts between YOU and

11  Anna Rhee, the performance of any contracts between YOU and Anna Rhee, any

12  invoices pertaining to work done by Anna Rhee for YOU, any purchase orders

13  pertaining to work done by Anna Rhee for YOU, any descriptions of projects for

14  YOU pertaining to work done by Anna Rhee for YOU, any photographs, sketches,

15  drawings, copies or other replicas or tangible things of any work Anna Rhee

16  performed for YOU, any payments Anna Rhee received from YOU and the timing

17  of any work Anna Rhee performed for YOU.

18  **RESPONSE TO REQUEST NO. 336:**

19      In addition to the general objections stated above which are incorporated

20  herein by reference, Mattel objects to this Request on the grounds that such

21  discovery from Mattel is overbroad, unduly burdensome, oppressive and not likely

22  to the lead to the discovery of admissible evidence in that Anna Rhee's work for

23  Mattel is not at issue in this action and is irrelevant to the claims and defenses in

24  this suit.  Rather, at issue are the actions of defendants and third parties associated

25  with defendants in connection with the projects that defendant Bryant worked on

26  with defendant MGA, which is information known to and within the possession,

27  custody and control of defendants and their associated third parties, not Mattel.

28  Mattel further objects to this Request as overbroad and unduly burdensome on the

grounds that it seeks <u>all</u> documents in Mattel's possession, custody and control authored by <u>anyone at any time</u> that mention, refer or relate to work Anna Rhee performed for "Mattel," which MGA has defined to include former Mattel employees like Carter Bryant, and regardless of whether the documents concern matters at issue in this case.  Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel will produce responsive, non-privileged documents within its possession, custody or control located after a reasonable search sufficient to show the total amount of payments Mattel has made to Anna Rhee for her work or services since January 1, 2000.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  <u>See</u> <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").

- 13 -

1    Accordingly, Mattel must be compelled either to certify that it has produced all

2    non-privileged responsive documents or to produce all such documents by a date

3    certain.

4            To the extent that Mattel is relying on its blanket objections, they are not

5    sustainable and do not justify Mattel's failure to produce documents.

6            As to overbreadth, Mattel provides no explanation, let alone the required

7    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

8    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

9    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10   contrary, the request is narrowly tailored to seek documents concerning one specific

11   subject matter and one individual, namely work Anna Rhee performed for Mattel.

12   Anna Rhee has been identified as having knowledge of facts relevant to MGA's

13   affirmative defenses.  *See* MGA's Response to Mattel Inc.'s Amended

14   Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, August

15   31, 2009, Rutowski Decl. Ex. 59.

16           As to burden, Mattel has not attempted to demonstrate why responding to

17   this request and/or producing responsive documents presents any burden.  This

18   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

19   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20   request is unduly burdensome must allege specific facts which indicate the nature

21   and extent of the burden, usually by affidavit or other reliable evidence.")

22   Moreover, it is not unduly burdensome, as noted above, in that the request is

23   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

24   has engaged in a broad variety of unfair trade practices including serial copying of

25   MGA products.  Mattel has also alleged a trade secret misappropriation claim

26   against MGA.  MGA is entitled to discovery on its claims and defenses.

27           Mattel objects that the request contains confidential, proprietary, trade secret

28   information.  A Protective Order exists in this case, obviating any concern as to

1    protection of privacy rights and/or commercially sensitive information.

2         This request does not seek documents protected by the attorney-client

3    privilege, the attorney work product doctrine, or other applicable privileges.  To the

4    extent that Mattel contends that it does, Mattel must provide a privilege log.

5         As for relevancy, Mattel has not attempted to demonstrate why the

6    information sought in response to this request is not discoverable in Phase 2. On the

7    contrary, Mattel identified Anna Rhee in its Initial Disclosures as a person

8    knowledgeable about the development and ownership of intellectual property at

9    issue and the design and development of "Bratz," among other things.  Mattel's

10   Initial Disclosures, Rutowski Decl. Ex. 64.  MGA has alleged that Mattel has

11   engaged in serial copying of MGA's product lines.  Mattel has also alleged a trade

12   secret misappropriation claim against MGA.  Documents concerning the work that

13   Anna Rhee performed for MGA that are in Mattel's possession, custody or control

14   are highly relevant to MGA's claims and defenses, including its allegation of serial

15   copying by Mattel and its defense against Mattel's trade secret misappropriation

16   claim.

17        Mattel improperly limits its response to documents "sufficient to show the

18   total amount of payments Mattel has made to Anna Rhee for her work or services

19   since January 1, 2000."  Mattel's limitation is too narrow because in addition to

20   documents that show payments made to Anna Rhee, Anna Rhee's work for Mattel,

21   including photographs, drawings, tangible things, and other documents, are directly

22   relevant to MGA's claims and defenses.

23        None of Mattel's improper objections are valid and Mattel is obligated to

24   produce all non-privileged responsive documents in its possession, custody, or

25   control.

26

27

28

**REQUEST FOR PRODUCTION NO. 337:**

All DOCUMENTS sufficient to show the name of any project Anna Rhee has worked on in the past and the amount paid to her per month since January 1, 2000.

**RESPONSE TO REQUEST NO. 337:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request vague, ambiguous and unintelligible. Mattel further objects to this Request as overbroad and unduly burdensome on the grounds that it seeks <u>all</u> documents in Mattel's possession, custody and control authored by <u>anyone at any time</u> sufficient to show the name of <u>any</u> project Anna Rhee has <u>ever</u> worked on and the amount paid to her by <u>anyone</u> per month since January 1, 2000, without further limitation as to subject matter and regardless of whether the documents concern matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it purports to require Mattel to identify information relating to matters that are currently known to and in the possession, custody and control of defendants and third parties, including third parties associated with defendants. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel will produce responsive, non-privileged documents within its possession, custody or control located after a reasonable search sufficient to show the total amount of payments Mattel has made to Anna Rhee for her work or services since January 1, 2000.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning one specific subject matter and one individual, namely the names of projects that Anna Rhee worked on.  Anna Rhee has been identified as having knowledge of facts relevant to MGA's affirmative defenses.  *See* MGA's Response to Mattel Inc.'s Amended Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, August 31, 2009, Rutowski Decl. Ex. 59.

OHS West:260723197

1   As to burden, Mattel has not attempted to demonstrate why responding to

2   this request and/or producing responsive documents presents any burden.  This

3   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

4   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5   request is unduly burdensome must allege specific facts which indicate the nature

6   and extent of the burden, usually by affidavit or other reliable evidence.")

7   Moreover, it is not unduly burdensome, as noted above, in that the request is

8   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9   has engaged in a broad variety of unfair trade practices including serial copying of

10   MGA products.  Mattel has also alleged a trade secret misappropriation claim

11   against MGA.  MGA is entitled to discovery on its claims and defenses.

12   This request does not seek documents protected by the attorney-client

13   privilege, the attorney work product doctrine, or other applicable privileges.  To the

14   extent that Mattel contends that it does, Mattel must provide a privilege log.

15   Mattel objects that the request is duplicative or subsumed within prior

16   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

17   agree to produce responsive non-privileged documents is not proper based on this

18   objection.

19   As for relevancy, Mattel has not attempted to demonstrate why the

20   information sought in response to this request is not discoverable in Phase 2. On the

21   contrary, Mattel identified Anna Rhee in its Initial Disclosures as a person

22   knowledgeable about the development and ownership of intellectual property at

23   issue and the design and development of "Bratz," among other things.  Mattel's

24   Initial Disclosures, Rutowski Decl. Ex. 64.  MGA has alleged that Mattel has

25   engaged in serial copying of MGA's product lines.  Mattel has also alleged a trade

26   secret misappropriation claim against MGA.  Documents concerning the work that

27   Anna Rhee performed for MGA that are in Mattel's possession, custody or control

28   are highly relevant to MGA's claims and defenses, including its allegation of serial

copying by Mattel and its defense against Mattel's trade secret misappropriation claim.

Mattel's response to the request makes no sense.  The requests seeks names of projects that Anna Rhee worked on.  Mattel responds that it will provide documents "sufficient to show the total amount of payments Mattel has made to Anna Rhee for her work or services since January 1, 2000."  This is not responsive.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 343:**

All COMMUNICATIONS between YOU, including YOUR inside and outside counsel, on the one hand and counsel for Anna Rhee on the other, and all DOCUMENTS constituting, mentioning, describing, discussing, referring or relating to such COMMUNICATIONS.

**RESPONSE TO REQUEST NO. 343:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request as overbroad and unduly burdensome on the grounds that it seeks <u>all</u> communications <u>at any time</u> between "Mattel," as defined by MGA to include former Mattel employees like Carter Bryant, and "counsel for Anna Rhee," <u>and all</u> documents that constitute, mention, describe, discuss, refer or relate to such communications, without further limitation as to subject matter or time, and regardless of whether the documents concern matters at issue in this case. Mattel further objects to the Request on the ground that it seeks documents in the possession, custody and control of the requesting party. Mattel further objects to the Request on the grounds that it seeks documents that are neither relevant to the claims or defenses in this action nor likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the

1   grounds that it calls for the disclosure of information subject to the attorney-client

2   privilege, the attorney work-product doctrine and other applicable privileges.

3       Subject to and without waiving the foregoing objections, the only responsive,

4   non-privileged documents of which Mattel is aware relating to this litigation that

5   are responsive to this Request and are within its possession, custody or control are:

6   (i) correspondence and pleadings between and among counsel to the parties in this

7   action and counsel for Ms. Rhee regarding the subpoena to Ms. Rhee, her

8   deposition and documents requested of Ms. Rhee; and (ii) transcripts of hearings,

9   meetings of counsel and Ms. Rhee's deposition in this suit.  The foregoing

10  documents will not be produced.

11

12  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
13  **SHOULD BE COMPELLED**

14      In response to this request, Mattel acknowledges that there are responsive,

15  non-privileged documents but then states that the documents will not be produced.

16  This is improper, as Mattel is obliged to produce all responsive, non-privileged

17  documents within its possession, custody or control. This obligation is independent

18  of whether or not MGA can obtain the documents by other means. Moreover,

19  Mattel acknowledges that there is correspondence between counsel for Mattel and

20  counsel Ms. Rhee regarding her subpoena. This correspondence may or may not

21  already be in MGA's possession, as it is possible that counsel for Mattel had

22  correspondence with Ms. Rhee without including MGA or its counsel. Nor can

23  Mattel's general and boilerplate objections justify nonproduction. See A. Farber

24  and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

25  boilerplate objections such as 'overly burdensome and harassing' are improper –

26  especially when a party fails to submit any evidentiary declarations supporting such

27  objections"). Accordingly, Mattel must be compelled either to certify that it has

28  produced all non-privileged responsive documents or to produce all such

1   documents by a date certain.

2

3   **REQUEST FOR PRODUCTION NO. 344:**

4       All DOCUMENTS mentioning, referring or relating to any agreement  or

5   contract between YOU, including YOUR inside and outside counsel, and Anna

6   Rhee, including any drafts thereof.

7       **RESPONSE TO REQUEST NO. 344:**

8       In addition to the general objections stated above which are incorporated

9   herein by reference, Mattel objects to this Request as overbroad and unduly

10  burdensome on the grounds that it seeks <u>all</u> documents mentioning, referring or

11  relating to any agreement or contract between "Mattel," as defined by MGA to

12  include former Mattel employees like Carter Bryant, and Anna Rhee created at any

13  time, without further limitation as to subject matter and regardless of whether the

14  documents concern matters at issue in this case, and therefore would include

15  employee agreements, benefits and other matters. Mattel further objects to this

16  Request on the grounds that such discovery from Mattel is overbroad, unduly

17  burdensome, oppressive and not likely to the lead to the discovery of admissible

18  evidence in that Anna Rhee's agreements and contracts with Mattel are not at issue

19  in this action and are irrelevant to the claims and defenses in this suit.  Rather, at

20  issue are the actions of defendants and third parties associated with defendants in

21  connection with the projects that defendant Bryant worked on with defendant

22  MGA, which is information known to and within the possession, custody and

23  control of defendants and their associated third parties, not Mattel.  Mattel further

24  objects to the Request on the grounds that it seeks documents that are neither

25  relevant to the claims or defenses in this action nor likely to lead to the discovery of

26  admissible evidence.  Mattel further objects to this Request on the grounds that it

27  seeks confidential, proprietary and trade secret information that has no bearing on

28  the claims or defenses in this case.  Mattel further objects to this Request on the

1   grounds that it calls for the disclosure of information subject to the attorney-client

2   privilege, the attorney work-product doctrine and other applicable privileges.

3   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

4

5   Mattel has not agreed to produce documents in response to this request,

6   subject to its improper boilerplate objections.  Mattel has refused to confirm

7   whether or not it has produced all non-privileged responsive documents or whether

8   it is withholding documents based on its objections in Phase 2.  Under the Federal

9   Rules of Civil Procedure, "an objection to part of a request must specify the part

10   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

11   that fail to explain the basis for an objection with specificity are routinely rejected

12   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

13   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

14   burdensome and harassing' are improper – especially when a party fails to submit

15   any evidentiary declarations supporting such objections").  Accordingly, Mattel

16   must be compelled either to certify that it has produced all non-privileged

17   responsive documents or to produce all such documents by a date certain.

18   To the extent that Mattel is relying on its blanket objections, they are not

19   sustainable and do not justify Mattel's failure to produce documents.

20   As to overbreadth, Mattel provides no explanation, let alone the required

21   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

22   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

23   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

24   contrary, the request is narrowly tailored to seek documents related to one subject

25   matter and to one individual, namely any agreements or contracts between Mattel,

26   including Mattel's inside or outside counsel, and Anna Rhee.  Anna Rhee has been

27   identified as having knowledge of facts relevant to MGA's affirmative defenses.

28   *See* MGA's Response to Mattel Inc.'s Amended Supplemental Interrogatory

1    Regarding Defendants' Affirmative Defenses, August 31, 2009, Rutowski Decl. Ex.

2    59.

3         As to burden, Mattel has not attempted to demonstrate why responding to

4    this request and/or producing responsive documents presents any burden.  This

5    objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

6    <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7    request is unduly burdensome must allege specific facts which indicate the nature

8    and extent of the burden, usually by affidavit or other reliable evidence.")

9    Moreover, it is not unduly burdensome, as noted above, in that the request is

10   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11   has engaged in a broad variety of unfair trade practices including serial copying of

12   MGA products.  Mattel has also alleged a trade secret misappropriation claim

13   against MGA.  MGA is entitled to discovery on its claims and defenses.

14        This request does not seek documents protected by the attorney-client

15   privilege, the attorney work product doctrine, or other applicable privileges.  To the

16   extent that Mattel contends that it does, Mattel must provide a privilege log.

17        Mattel objects that the request contains confidential, proprietary, and trade

18   secret information.  A Protective Order exists in this case, obviating any concern as

19   to protection of privacy rights and/or commercially sensitive information.

20        Mattel objects that Anna Rhee's agreements and contracts with Mattel are

21   not at issue in this action and are irrelevant to the claims and defenses in this suit.

22   Discovery relating to Anna Rhee's agreements or contracts with Mattel is likely to

23   lead to admissible evidence supporting or refuting MGA's trade dress claim,

24   MGA's unfair competition claim, and Mattel's trade secret misappropriation claim.

25        As for relevancy, Mattel has not attempted to demonstrate why the

26   information sought in response to this request is not discoverable in Phase 2. On the

27   contrary, Mattel identified Anna Rhee in its Initial Disclosures as a person

28   knowledgeable about the development and ownership of intellectual property at

1   issue and the design and development of "Bratz," among other things.  Mattel's

2   Initial Disclosures, Rutowski Decl. Ex. 64.  MGA has alleged that Mattel has

3   engaged in serial copying of MGA's product lines.  Mattel has also alleged a trade

4   secret misappropriation claim against MGA.  Documents concerning any

5   agreements or contracts between Mattel and Ms. Rhee are highly relevant to

6   MGA's claims and defenses, including its allegation of serial copying by Mattel

7   and its defense against Mattel's trade secret misappropriation claim.

8          None of Mattel's improper objections are valid and Mattel is obligated to

9   produce all non-privileged responsive documents in its possession, custody, or

10  control.

11

12  **REQUEST FOR PRODUCTION NO. 345:**

13         All DOCUMENTS mentioning, referring or relating to any agreement or

14  contract between YOU, including YOUR inside and outside counsel, and counsel

15  for Anna Rhee, including any drafts thereof.

16         **RESPONSE TO REQUEST NO. 345:**

17         In addition to the general objections stated above which are incorporated

18  herein by reference, Mattel objects to this Request as overbroad and unduly

19  burdensome on the grounds that it seeks <u>all</u> documents created at <u>any time</u>

20  mentioning, referring or relating to any agreement or contract between "Mattel," as

21  defined by MGA to include former Mattel employees like Carter Bryant, and

22  "counsel for Anna Rhee," without further limitation as to subject matter or time,

23  and regardless of whether the documents concern matters at issue in this case, and

24  therefore would include employee agreements, benefits and other such matters. For

25  the same reasons, Mattel further objects to the Request on the grounds that it seeks

26  documents that are neither relevant to the claims or defenses in this action nor

27  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

28  Request on the grounds that it calls for the disclosure of information subject to the

1   attorney-client privilege, the attorney work-product doctrine and other applicable

2   privileges.

3   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

4

5   Mattel has not agreed to produce documents in response to this request,

6   subject to its improper boilerplate objections.  Mattel has refused to confirm

7   whether or not it has produced all non-privileged responsive documents or whether

8   it is withholding documents based on its objections in Phase 2.  Under the Federal

9   Rules of Civil Procedure, "an objection to part of a request must specify the part

10  and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

11  that fail to explain the basis for an objection with specificity are routinely rejected

12  in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

13  188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

14  burdensome and harassing' are improper – especially when a party fails to submit

15  any evidentiary declarations supporting such objections").  Accordingly, Mattel

16  must be compelled either to certify that it has produced all non-privileged

17  responsive documents or to produce all such documents by a date certain.

18  To the extent that Mattel is relying on its blanket objections, they are not

19  sustainable and do not justify Mattel's failure to produce documents.

20  As to overbreadth, Mattel provides no explanation, let alone the required

21  particularity, as to *why* this request is supposedly overly broad, nor can it do so.

22  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

23  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

24  contrary, the request is narrowly tailored to seek documents concerning any

25  agreements or contracts between Mattel, including Mattel's inside or outside

26  counsel, and Anna Rhee's counsel.  Anna Rhee has been identified as having

27  knowledge of facts relevant to MGA's affirmative defenses.  *See* MGA's Response

28  to Mattel Inc.'s Amended Supplemental Interrogatory Regarding Defendants'

1    Affirmative Defenses, August 31, 2009.

2

3        As to burden, Mattel has not attempted to demonstrate why responding to

4    this request and/or producing responsive documents presents any burden.  This

5    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

6    Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7    request is unduly burdensome must allege specific facts which indicate the nature

8    and extent of the burden, usually by affidavit or other reliable evidence.")

9    Moreover, it is not unduly burdensome, as noted above, in that the request is

10    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11    has engaged in a broad variety of unfair trade practices including serial copying of

12    MGA products.  Mattel has also alleged a trade secret misappropriation claim

13    against MGA.  MGA is entitled to discovery on its claims and defenses.

14        This request does not seek documents protected by the attorney-client

15    privilege, the attorney work product doctrine, or other applicable privileges.  To the

16    extent that Mattel contends that it does, Mattel must provide a privilege log.

17        Mattel objects that Anna Rhee's agreements and contracts with Mattel are

18    not at issue in this action and are irrelevant to the claims and defenses in this suit.

19    To the contrary, Anna Rhee has been identified as having knowledge of facts

20    relevant to MGA's affirmative defenses and discovery concerning any agreements

21    or contracts between Mattel, including Mattel's inside or outside counsel, and Anna

22    Rhee's counsel will likely lead to admissible evidence.  See MGA's Response to

23    Mattel Inc.'s Amended Supplemental Interrogatory Regarding Defendants'

24    Affirmative Defenses, August 31, 2009, Rutowski Decl. Ex. 59.

25        As for relevancy, Mattel has not attempted to demonstrate why the

26    information sought in response to this request is not discoverable in Phase 2. On the

27    contrary, Mattel identified Anna Rhee in its Initial Disclosures as a person

28    knowledgeable about the development and ownership of intellectual property at

1  issue and the design and development of "Bratz," among other things.  Mattel's

2  Initial Disclosures, Rutowski Decl. Ex. 64.  MGA has alleged that Mattel has

3  engaged in serial copying of MGA's product lines.  Mattel has also alleged a trade

4  secret misappropriation claim against MGA.  Documents concerning any

5  agreements or contracts between Mattel and Ms. Rhee are highly relevant to

6  MGA's claims and defenses, including its allegation of serial copying by Mattel

7  and its defense against Mattel's trade secret misappropriation claim.

8        None of Mattel's improper objections are valid and Mattel is obligated to

9  produce all non-privileged responsive documents in its possession, custody, or

10  control.

11

12  **REQUEST FOR PRODUCTION NO. 346:**

13        All DOCUMENTS constituting, mentioning, describing or referring to

14  COMMUNICATIONS between YOU, including YOUR inside and outside counsel,

15  on the one hand and counsel for Anna Rhee on the other mentioning, referring or

16  relating to any agreement or contract between YOU, including YOUR inside and

17  outside counsel, and Anna Rhee.

18        **RESPONSE TO REQUEST NO. 346:**

19        In addition to the general objections stated above which are incorporated

20  herein by reference, Mattel objects to this Request as vague, ambiguous and

21  unintelligible.  Mattel further objects to this Request as overbroad and unduly

22  burdensome on the grounds that it seeks <u>all</u> documents created by anyone at any

23  time, without meaningful limitation as to subject matter, and regardless of whether

24  the documents concern matters at issue in this case.  Mattel further objects to the

25  Request on the grounds that it seeks documents that are neither relevant to the

26  claims or defenses in this action nor likely to lead to the discovery of admissible

27  evidence.  Mattel further objects to this Request on the grounds that such discovery

28  from Mattel is overbroad, unduly burdensome, oppressive and not likely to the lead

1    to the discovery of admissible evidence in that Anna Rhee's agreements and

2    contracts with Mattel are not at issue in this action and are irrelevant to the claims

3    and defenses in this suit.  Rather, at issue are the actions of defendants and third

4    parties associated with defendants in connection with the projects that defendant

5    Bryant worked on with defendant MGA, which is information known to and within

6    the possession, custody and control of defendants and their associated third parties,

7    not Mattel.  Mattel further objects to this Request on the grounds that it calls for the

8    disclosure of information subject to the attorney-client privilege, the attorney

9    work-product doctrine and other applicable privileges.

10

11   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
     **SHOULD BE COMPELLED**
12

13       Mattel has not agreed to produce documents in response to this request,

14   subject to its improper boilerplate objections.  Mattel has refused to confirm

15   whether or not it has produced all non-privileged responsive documents or whether

16   it is withholding documents based on its objections in Phase 2.  Under the Federal

17   Rules of Civil Procedure, "an objection to part of a request must specify the part

18   and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections

19   that fail to explain the basis for an objection with specificity are routinely rejected

20   in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186,

21   188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

22   burdensome and harassing' are improper – especially when a party fails to submit

23   any evidentiary declarations supporting such objections").  Accordingly, Mattel

24   must be compelled either to certify that it has produced all non-privileged

25   responsive documents or to produce all such documents by a date certain.

26       To the extent that Mattel is relying on its blanket objections, they are not

27   sustainable and do not justify Mattel's failure to produce documents.

28       As to overbreadth, Mattel provides no explanation, let alone the required

1    particularity, as to *why* this request is supposedly overly broad, nor can it do so.

2    This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

3    (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

4    contrary, the request is narrowly tailored to seek documents concerning

5    communications between Mattel, including its inside or outside counsel, and

6    counsel for Anna Rhee related to any agreement or contract between Mattel and

7    Anna Rhee.  Anna Rhee has been identified as having knowledge of facts relevant

8    to MGA's affirmative defenses.  *See* MGA's Response to Mattel Inc.'s Amended

9    Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, August

10   31, 2009, Rutowski Decl. Ex. 59.

11         As to burden, Mattel has not attempted to demonstrate why responding to

12   this request and/or producing responsive documents presents any burden.  This

13   objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co.,</u>

14   <u>Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

15   request is unduly burdensome must allege specific facts which indicate the nature

16   and extent of the burden, usually by affidavit or other reliable evidence.")

17   Moreover, it is not unduly burdensome, as noted above, in that the request is

18   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

19   has engaged in a broad variety of unfair trade practices including serial copying of

20   MGA products.  Mattel has also alleged a trade secret misappropriation claim

21   against MGA.  MGA is entitled to discovery on its claims and defenses.

22         This request does not seek documents protected by the attorney-client

23   privilege, the attorney work product doctrine, or other applicable privileges.  To the

24   extent that Mattel contends that it does, Mattel must provide a privilege log.

25         Mattel objects that Anna Rhee's agreements and contracts with Mattel are

26   not at issue in this action and are irrelevant to the claims and defenses in this suit.

27   To the contrary, Anna Rhee has been identified as having knowledge of facts

28   relevant to MGA's affirmative defenses and discovery relating to Anna Rhee's

1   agreements with Mattel will likely lead to admissible evidence.

2         As for relevancy, Mattel has not attempted to demonstrate why the

3   information sought in response to this request is not discoverable in Phase 2. On the

4   contrary, Mattel identified Anna Rhee in its Initial Disclosures as a person

5   knowledgeable about the development and ownership of intellectual property at

6   issue and the design and development of "Bratz," among other things.  Mattel's

7   Initial Disclosures, Rutowski Decl. Ex. 64.  MGA has alleged that Mattel has

8   engaged in serial copying of MGA's product lines.  Mattel has also alleged a trade

9   secret misappropriation claim against MGA.  Documents concerning any

10  communications between Mattel and Ms. Rhee are highly relevant to MGA's

11  claims and defenses, including its allegation of serial copying by Mattel and its

12  defense against Mattel's trade secret misappropriation claim.

13        None of Mattel's improper objections are valid and Mattel is obligated to

14  produce all non-privileged responsive documents in its possession, custody, or

15  control.

16

17  **REQUEST FOR PRODUCTION NO. 347:**

18        All DOCUMENTS constituting, mentioning, describing or referring to

19  COMMUNICATIONS between YOU, including YOUR inside and outside counsel,

20  on the one hand and counsel for Anna Rhee on the other mentioning, referring or

21  relating to any agreement or contract between YOU, including YOUR inside and

22  outside counsel, and counsel for Anna Rhee.

23        **RESPONSE TO REQUEST NO. 347:**

24        In addition to the general objections stated above which are incorporated

25  herein by reference, Mattel objects to this Request as vague, ambiguous and

26  unintelligible.  Mattel further objects to this Request as overbroad and unduly

27  burdensome on the grounds that it seeks <u>all</u> communications at any time between

28  "Mattel," as defined by MGA to include former Mattel employees like Carter

Bryant, and "counsel for Anna Rhee" that mention, refer or relate to any agreement or contract between "Mattel," and "counsel for Anna Rhee" at any time and for any purpose, without further limitation as to subject matter, and regardless of whether the documents concern matters at issue in this case. For example, the Request demands production any document that mentions any contract or agreement between any former Mattel employee or officer and Anna Rhee's counsel at any time for the provision of legal services.  For the same reasons, Mattel further objects to the Request on the grounds that it seeks documents that are neither relevant to the claims or defenses in this action nor likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

### FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel has not agreed to produce documents in response to this request, subject to its improper boilerplate objections.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

1

2          To the extent that Mattel is relying on its blanket objections, they are not

3   sustainable and do not justify Mattel's failure to produce documents.

4          As to overbreadth, Mattel provides no explanation, let alone the required

5   particularity, as to *why* this request is supposedly overly broad, nor can it do so.

6   This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20

7   (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

8   contrary, the request is narrowly tailored to seek documents concerning

9   communications between Mattel, including its inside or outside counsel, and

10  counsel for Anna Rhee, related to any agreement of contract between Anna Rhee's

11  counsel and Mattel.  Anna Rhee has been identified as having knowledge of facts

12  relevant to MGA's affirmative defenses.  *See* MGA's Response to Mattel Inc.'s

13  Amended Supplemental Interrogatory Regarding Defendants' Affirmative

14  Defenses, August 31, 2009, Rutowski Decl. Ex. 59.

15         As to burden, Mattel has not attempted to demonstrate why responding to

16  this request and/or producing responsive documents presents any burden.  This

17  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

18  Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.")

21  Moreover, it is not unduly burdensome, as noted above, in that the request is

22  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23  has engaged in a broad variety of unfair trade practices including serial copying of

24  MGA products.  Mattel has also alleged a trade secret misappropriation claim

25  against MGA.  MGA is entitled to discovery on its claims and defenses.

26         This request does not seek documents protected by the attorney-client

27  privilege, the attorney work product doctrine, or other applicable privileges.  To the

28  extent that Mattel contends that it does, Mattel must provide a privilege log.

1

2          A As for relevancy, Mattel has not attempted to demonstrate why the

3   information sought in response to this request is not discoverable in Phase 2. On the

4   contrary, Mattel identified Anna Rhee in its Initial Disclosures as a person

5   knowledgeable about the development and ownership of intellectual property at

6   issue and the design and development of "Bratz," among other things.  Mattel's

7   Initial Disclosures, Rutowski Decl. Ex. 64.  MGA has alleged that Mattel has

8   engaged in serial copying of MGA's product lines.  Mattel has also alleged a trade

9   secret misappropriation claim against MGA.  Documents related to

10  communications between Mattel or Mattel's counsel and Anna Rhee's counsel

11  regarding Anna Rhee's agreements or contracts with Mattel are highly relevant to

12  MGA's claims and defenses, including its allegation of serial copying by Mattel

13  and its defense against Mattel's trade secret misappropriation claim and are

14  discoverable in Phase 2.

15          None of Mattel's improper objections are valid and Mattel is obligated to

16  produce all non-privileged responsive documents in its possession, custody, or

17  control.

18

19

20  Dated:  September 23, 2009          ORRICK, HERRINGTON & SUTCLIFFE LLP

21

22                                      By:      /s/ Diana M. Rutowski
                                                Diana M. Rutowski
23                                      Attorneys for MGA ENTERTAINMENT, INC.,
                                        MGA ENTERTAINMENT HK, LTD., MGA de
24                                      MEXICO, S.R.L. de C.V., and ISAAC LARIAN

25

26

27

28