QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

FILED
CLERK, U.S. DISTRICT COURT
SEP 15 2009
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

RECEIVED BUT NOT FILED
CLERK, U.S. DISTRICT COURT
SEP 15 2009
CENTRAL DIVISION CALIFORNIA
EASTERN DIVISION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                    Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>[DISCOVERY MATTER]<br>To be heard by Discovery Master<br>Robert C. O'Brien<br><br>MATTEL, INC.'S *EX PARTE* APPLICATION FOR AN ORDER SHORTENING TIME FOR MGA AND LARIAN TO RESPOND TO REQUESTS FOR ADMISSION AND FOR PRODUCTION OF PRIVILEGE LOG<br><br>[Declaration of Scott L. Watson and Separate Statement filed concurrently herewith]<br><br>Hearing Date:  TBD<br>Time:          TBD<br>Place:         TBD<br><br>**Phase 2**<br>Discovery Cut-off:  December 11, 2009<br>Pre-trial Conference:  March 1, 2010<br>Trial Date:  March 23, 2010 |

ORIGINAL

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Local Rule 7-19, Mattel, Inc. ("Mattel") respectfully submits this *ex parte* application for an order requiring the MGA Parties to respond without objection, on or before noon September 18, 2009, to Mattel's Requests For Admission To MGA Re: The Court's Order To Show Cause Dated August 31, 2009 and Mattel's Requests For Admission To Isaac Larian Re: The Court's Order To Show Cause Dated August 31, 2009.

In addition, MGA should be ordered to identify on a privilege log all purportedly privileged communications, including all post-April 27, 2004 communications, responsive to Mattel's previously-ordered First Set of Requests for Production of Documents to MGA dated March 14, 2005, Request No. 33 and Mattel's previously-ordered First Set of Requests for Documents to Larian dated June 13, 2007, Requests Nos. 2,3, 15-17, and which also relate to the Larian-O'Connor email that is the subject of the Court's August 31, 2009 Order to Show Cause. Mattel makes this application on the grounds that this discovery is related to the September 22, 2009 hearing set by the Court and Mattel requires responses to this information in order to prepare its brief due September 18, 2009, and to prepare for this hearing.

Pursuant to Local Rule 7-19, Mattel gave notice of this *ex parte* application to counsel for the MGA parties, Annette Hurst, Orrick, Herrington & Sutcliffe LLP (telephone: 415-773-5700; address: The Orrick Building, 405 Howard Street, San Francisco, CA 94104). The MGA parties informed Mattel that they oppose this application.

1    This Application is based on this Application, the accompanying

2  memorandum of points and authorities, the accompanying Declaration of Scott L.

3  Watson, the accompanying Separate Statement and all other matters of which the

4  Court may take judicial notice.

5  DATED:  September 14, 2009          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES. LLP
6

7                                      By /s/ Michael T. Zeller

8                                         Michael T. Zeller
                                          Attorneys for Mattel, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF CONTENTS</u>

2
<u>Page</u>

3

4 MEMORANDUM OF POINTS AND AUTHORITIES............................................. 1

5 PRELIMINARY STATEMENT ................................................................. 1

6 BACKGROUND ................................................................................. 2

7 ARGUMENT...................................................................................... 6

8 I.     THE RFAS ARE DIRECTLY RELEVANT TO THE SEPTEMBER 22
       HEARING ................................................................................ 6

9 II.    MGA SHOULD ALSO BE REQUIRED TO LOG ALL WITHHELD
10     PRIVILEGED COMMUNICATIONS RELEVANT TO THE
       LARIAN-O'CONNOR EMAIL........................................................... 8

11 CONCLUSION.................................................................................. 11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

## Cases

AMCO Ins. Co. v. Madera Quality Nut LLC,
2006 WL 931437 (E.D. Cal. Apr. 11, 2006).............................................................6

B.F.G. of Illinois, Inc. v. Ameritech Corp.,
2001 WL 1414468 (N.D. Ill. Nov. 13, 2001).............................................................6

Griffith v. Davis,
161 F.R.D. 687 (C.D. Cal. 1995)...............................................................................7

United States v. Lench,
806 F.2d 1443 (9th Cir. 1986)....................................................................................9

Williams v. Sprint/United Management Co.,
2006 WL 266599 (D. Kan. Feb. 1, 2006)..................................................................7

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Mattel requests an order compelling the MGA Parties to respond without objection by noon on September 18, 2009 to Requests for Admission that are directly relevant to the September 22, 2009 hearing on the Order to Show Cause (the "OSC") issued by Judge Larson. The RFAs seek salient, non-privileged facts and information about MGA's withholding of the Larian-O'Connor email at issue in the OSC. MGA sought and obtained expedited discovery relevant to the upcoming hearing; Mattel is entitled to the same. Indeed, the relief Mattel seeks is less burdensome to provide than that compelled by Order No. 62 and far more critical. As MGA also has submitted many of its papers relevant to the OSC *in camera,* Mattel requires these responses for its brief to Judge Larson due on September 18 and to prepare for the hearing.

MGA should also be required to log all withheld, privileged documents and communications, including post-filing communications, relating to the Larian-O'Connor email at issue. Although the parties have generally agreed that post-lawsuit communications need not be logged, an exception is amply justified here. As Judge Larson has found, MGA was required by Court Order, but failed, to produce the highly relevant Larian-O'Connor email prior to Phase 1 trial, and its withholding implicates the integrity of these proceedings. Whether and to what extent MGA and its lawyers consciously withheld the email is clearly at issue, and a privilege log would provide evidence of the timing and extent of communications on that subject. Equally importantly, it would show who were the participants in such communications -- a highly critical fact given that some of MGA's counsel have now filed declarations disavowing any involvement in the withholding of the email. Mattel is entitled to test the veracity of those denials, and to ensure that all counsel who participated in the communications have in fact been disclosed by the declarations as Judge Larson required in the OSC.

1    In addition, the withholding of this email was a further act of obstruction of
2  justice by MGA, at issue in Mattel's RICO claims.  MGA's internal communications
3  on the subject may not be privileged at all even if between lawyers, including
4  because the withholding furthered ongoing crimes and frauds, yet privilege claims
5  as  to  the  communications  cannot  be  effectively  challenged  unless  the
6  communications are logged first.  Moreover, even the log itself would be highly
7  probative, revealing what may very well be repeated predicate acts of obstruction of
8  justice (*viz.*, communications furthering the concealing of critical evidence).  Post-
9  lawsuit communications generally need not be logged, but here the communications
10  themselves are directly at issue as not just evidence but, literally, as acts of liability.
11  A complete log, without date restrictions, therefore should be ordered produced.

12                                  **Background**

13    In June 2004, before MGA became a party to this action, Mattel served MGA
14  with a document request subpoena.[1]  In March 2005, after MGA had become a
15  party, Mattel updated this request by serving MGA with its first set of RFPs.[2]  In
16  May 2007, the prior Discovery Master granted Mattel's motion to compel
17  production of documents pursuant to these RFP's.[3]  MGA failed to comply with the
18  May 2007 Order, and in December 2007 Mattel moved to enforce the Order, which
19  the prior Discovery Master granted and imposed sanctions on MGA.[4]  The Order

20

21
22    [1]  See document request subpoena, dated June 15, 2004, Exhibit 21 to the Declaration of Scott L. Watson ("Watson Decl.") filed concurrently herewith.
23    [2]  See Mattel's First Set of Requests For Production Of Documents And Tangible Things To MGA, dated March 14, 2005, Watson Decl. Exh. 23.
24    [3]  See Order Granting Mattel's Motion to Compel Production of Documents and
25  Interrogatory Responses by MGA, dated May 15, 2007, Watson Decl. Exh. 22.
      [4]  See Order Regarding Mattel, Inc.'s Motion to Enforce the Court's Order of May 15,
26  2007, to (I) Compel MGA to Produce Compelled Documents (Including Fee And/Or
    Indemnity Agreements Between MGA and Bryant), (II) Order That Any Privilege
27  Objections Have Been Waived, And (III) Impose Sanctions, dated December 19, 2007,
28  Watson Decl. Exh. 24.

1 | granting Mattel's motion to enforce also required MGA to submit a privilege log
2 | identifying "any and all documents withheld from its production."[5]  In January 2008,
3 | MGA submitted a privilege log, which included the Larian-O'Connor email
4 | currently at issue.[6]

5 |     Mattel challenged the withholding of this document (among others) on
6 | privilege grounds prior to the Phase 1 trial, but its motion to compel as to MGA's
7 | logs was denied after MGA's counsel certified and represented to Judge Larson that
8 | they had reviewed each logged document and that each was, in fact, privileged in its
9 | entirety (i.e., contained no non-privileged information).[7]  The Court denied Mattel's
10 | motion expressly based on these representations.[8]  Since an incomplete version of
11 | this non-privileged email -- which omitted the incriminating exchange between
12 | Larian and O'Connor -- was the only version that MGA had disclosed to Mattel at
13 | the time, it was the only version introduced at the Phase 1 trial.[9]

14 |     Once Phase 2 discovery resumed, Mattel moved to compel *in camera* review
15 | of, among other things, certain communications listed on the MGA Parties'
16 | privilege logs for which MGA had failed to substantiate its claims of privilege.
17 | Again, MGA's counsel touted the representations that all these communications had
18 | been reviewed and were all privileged.[10]  Indeed, MGA urged that the Discovery
19 | Master deny Mattel's motion out of hand and allow MGA to continue withholding

---

[5] Id.
[6] See, e.g., Report and Declaration of Annette L. Hurst On Behalf Of Orrick, Herrington & Sutcliffe In Response To Court's August 31, 2009 Order To Show Cause, dated September 14, 2009, at 1, ¶ 3, Watson Decl. Exh. 17 (confirming the email was listed on the privilege log).
[7] See June 2, 2008 Trial Transcript at 27:19-29:1, Watson Decl. Exh. 12.
[8] See id. at 35:23-36:6.
[9] See Trial Exhibit 11907, Watson Decl. Exh. 11.
[10] See Order No. 33, dated May 18, 2009, at 50-52, Watson Decl. Exh. 4 (explaining the arguments made in MGA's Opposition).

MATTEL. INC.'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO RESPOND TO RFAS

1  these documents based solely on that representation.[11]   However, the Discovery
2  Master rejected this argument and ordered the MGA Parties to submit
3  approximately 520 documents for *in camera* review.[12]   On August 21, 2009, instead
4  of submitting all these long-withheld documents to the Discovery Master *in camera*,
5  the MGA Parties produced approximately 95 of them directly to Mattel,[13] conceding
6  that they were not in fact privileged at all, contrary to MGA's prior representations
7  to the Court and the Discovery Master.[14]   One of the documents produced was the
8  October 2002 email chain between Isaac Larian and Victoria O'Connor.[15]   Even
9  though there are no lawyers included in this email, the MGA Parties had long
10  withheld this email on privilege grounds and repeatedly certified that it was
11  privileged in its entirety.

12      The now fully produced email chain reflects a conversation between Mr.
13  Larian and Ms. O'Connor that bears directly on the issue of willfulness, among
14  other things, since it shows defendants' guilty knowledge that Bryant had created
15  Bratz while a Mattel employee and their deliberate intent to cover it up.[16]   In the
16  email, Mr. Larian forwards Ms. O'Connor an email exchange that he had with a
17  reporter in which he stated that Bratz was "born on September 2000."[17]   Ms.
18  O'Connor responded to Mr. Larian: "[D]on't you think we should say Bratz was
19
20
21
22

23  [11]  Id.
    [12]  Id.
24  [13]  See letter from C. Locke to D. Proctor, dated August 21, 2009, Watson Decl. Exh.
25  3.
    [14]  See letter from A. Hurst to Discovery Matter, dated August 3, 2009, Watson Decl.
26  Exh. 6.
27  [15]  See email between I. Larian and V. O'Connor, Watson Decl. Exh. 5.
    [16]  Id.
28  [17]  Id.

1   born in October when a certain person was no longer with their company?"[18]  Mr.
2   Larian responded, "[G]ood point. Thanks."[19]

3   On August 31, 2009, after Mattel brought the foregoing events and the
4   production of the Larian-O'Connor email to the Court's attention, the Court issued
5   an Order to Show Cause. The OSC requires counsel for the MGA Parties to appear
6   at a hearing regarding the improper withholding of this email and their
7   representations that it was privileged.[20]  The Court subsequently continued the
8   hearing date to September 22, 2009.[21] Recognizing the serious issues raised by the
9   MGA Parties' withholding of an "unprivileged, relevant document," the Court has
10  ordered the MGA Parties to submit briefing and declarations regarding the
11  withholding of this email.[22] Key MGA submissions on this issue have been made *in*
12  *camera*.[23] Mattel is to submit responsive briefing by September 18, 2009.[24]

13  On September 11, 2009, Mattel served on MGA and Larian Requests for
14  Admission directed at the Larian-O'Connor email, its status as a privileged or non-
15  privileged document, and the materiality of the MGA parties' refusal to produce it
16  prior to the Phase 1 trial.[25]  On the same day, Mattel sent a letter to MGA informing
17  them of its intention to seek expedited responses to these RFAs and inviting them to
18  meet and confer on this application.[26]   MGA responded in the afternoon on
19
20  _____

21  [18]  Id.
22  [19]  Id.
    [20]  See August 31, 2009 Order at 2-4, Watson Decl. Exh. 7.
23  [21]  See September 11, 2009 Order, Watson Decl. Exh. 8.
    [22]  August 31, 2009 Order at 4, Watson Decl. Exh. 7.
24  [23]  See Skadden, Arps' Notice of In Camera Submission In Response To The Court's
25  Order To Show Cause Regarding Document No. MGA2 0070266-0070270, Watson Decl.
    Exh. 14.
26  [24]  August 31, 2009 Order at 4, Watson Decl. Exh. 7.
    [25]  Watson Decl. Exhs. 1 (RFAs to MGA) and 2 (RFAs to Larian).
27  [26]  See letter from S. Watson To A. Hurst and B. Molinski, dated September 11, 2009,
28  Watson Decl. Exh. 15.

1  September 14, 2009 stating that they opposed this application.[27]  On September 12,

2  2009, Mattel additionally informed MGA that it intended to seek an *ex parte* order

3  compelling MGA to log all communications regarding the Larian-O'Connor email.[28]

4  MGA did not respond.[29]

## ARGUMENT

### I.   THE RFAS ARE DIRECTLY RELEVANT TO THE SEPTEMBER 22 HEARING

8  Each of the RFAs is relevant to the September 22 hearing and necessary for

9  Mattel to submit briefing to the Court on September 18.  They are limited to the

10  issue of the MGA Parties' withholding of the Larian-O'Connor email.[30]  The RFAs

11  seek admissions regarding the effect of the MGA Parties' failure to produce the

12  email, and other salient, non-privileged facts about the withholding.[31]  A few of the

13  RFA's address entries that appear identical and request that MGA and Larian admit

14  or deny that such entries are (or are not) duplicates of the Larian-O'Connor email.[32]

15  MGA provided some (but not all) information in that regard in a declaration filed

16  today, confirming how easy it is to answer these RFA's, and how little burden is

17  involved in doing so.[33]

18  Mattel's RFAs do not invade any purported privilege claim.  At most, they

19  seek to establish facts regarding the existence (or non-existence) of the privilege,

20  which is not privileged information.  B.F.G. of Illinois, Inc. v. Ameritech Corp.,

---

22  [27]  See email from A. Hurst to S. Watson, dated September 14, 2009, Watson Decl. Exh. 16.

23  [28]  Watson Decl. ¶ 28.

24  [29]  Id.
   [30]  See generally RFAs, Watson Decl. Exhs. 1, 2.

25  [31]  RFAs to MGA Nos. 1-8, 39-42 and RFAs to Larian Nos. 2-4, 6-7, 42-45, Watson Decl. Exhs. 1 and 2.

26  [32]  See RFA's to MGA Nos. 27-30 and RFAs to Larian Nos. 30-33.

27  [33]  See Report and Declaration of Annette L. Hurst On Behalf Of Orrick, Herrington & Sutcliffe In Response To Court's August 31, 2009 Order To Show Cause, dated September

28  14, 2009, at 1, ¶ 3, Watson Decl. Exh. 17.

2001 WL 1414468, at *4  (N.D. Ill. Nov. 13, 2001) ("[T]he facts necessary to establish the attorney-client privilege are not themselves privileged."); AMCO Ins. Co. v. Madera Quality Nut LLC, 2006 WL 931437, at *18 (E.D. Cal. Apr. 11, 2006) ("it is only the communications that are subject to attorney-client privilege, and not the foundational facts concerning the communication, or the underlying, independent facts").  The RFA's do not seek disclosure of the substance of legal advice that has been kept confidential.[34]

The Discovery Master recently held that the MGA Parties were entitled to expedited discovery regarding certain MGA Requests for Production regarding law enforcement contacts because they "bear directly" on the September 22 hearing.[35] In the Order, the Discovery Master ruled that Mattel can also seek expedited discovery related to the September 22 hearing.[36]  As the Discovery Master recently confirmed in Order No. 60, Mattel is entitled to an even playing field.[37]  That is what Mattel seeks now.  Indeed, Mattel's need for this discovery on an expedited basis is even more compelling than the document responses successfully sought by MGA on an expedited basis for the September 22 hearing.  The August 31 Order

---

[34]  "Under federal common law, the essential elements of the attorney-client privilege are: (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived." Williams v. Sprint/United Management Co., 2006 WL 266599, at *1-2 (D. Kan. Feb. 1, 2006) (deciding the "*extent* to which legal counsel *must* be involved in a communication in order to establish the elements required to invoke the attorney-client privilege") (emphasis added); see also Griffith v. Davis, 161 F.R.D. 687, 694 (C.D. Cal. 1995) ("The attorney-client privilege applies when (1) legal advice is sought (2) from a professional legal advisor in his capacity as such, and (3) the communications relating to that purpose (4) are made in confidence (5) by the client.") (citing Admiral Ins. v. U.S. Dist. Court, 881 F.2d 1486, 1492 (9th Cir. 1989)).

[35]  Order No. 62, dated September 11, 2009, at 4, Watson Decl. Exh. 9.

[36]  Id. at 2 n.4.

[37]  Order No. 60, dated September 9, 2009, at 8, Watson Decl. Exh. 10 (". . . I have found that what the parties are entitled to is an even playing field").

1  allows the MGA Parties to submit papers in response to the OSC *in camera*, and
2  they have done so.[38]  Mattel needs these RFAs to determine the MGA Parties'
3  positions and to properly brief the matter before the upcoming OSC hearing.

4        Moreover, the discovery Mattel seeks on an expedited basis consists of
5  responses to less than 50 RFAs, many of which are dyads, such that the admission
6  or denial of one will dictate the answers to others.[39]  The burden in responding to
7  RFAs is minimal compared to the burden imposed on Mattel by Order No. 62,
8  which required Mattel to search for documents in multiple countries in only a few
9  days.[40]

10 **II.    MGA SHOULD ALSO BE REQUIRED TO LOG ALL WITHHELD**
11 **PRIVILEGED COMMUNICATIONS RELEVANT TO THE LARIAN-**
12 **O'CONNOR EMAIL**

13        Mattel further requests that the Discovery Master order the MGA
14 Parties to log all privileged communications, without date restriction, regarding the
15 Larian-O'Connor email and/or the decision to withhold it, as such documents have
16 been clearly compelled,[41] a point the Court also noted in the OSC.  As the Court has

17 ―――――――――――――

18 [38]  See Skadden, Arps' Notice of In Camera Submission In Response To The Court's
19 Order To Show Cause Regarding Document No. MGA2 0070266-0070270, Watson Decl.
   Exh. 14.
      [39]  See generally RFAs, Watson Decl. Exhs. 1, 2.
20 [40]  See Order No. 62, at 4-5, Watson Decl. Exh. 9 (requiring Mattel to produce
21 documents responsive to RFP's "on or before September 14, 2009").
      [41]  Such communications are encompassed within multiple compelled requests for
22 production. See, e.g., Mattel, Inc.'s First Set of Requests for Production of Documents and
   Tangible Things to MGA Entertainment, Inc., dated March 14, 2005, Watson Decl. Exh.
23 23 at Document Request No. 33 ("All DOCUMENTS that REFER OR RELATE TO
24 BRATZ that REFER OR RELATE TO any time prior to January 1, 2001 (regardless of
   when such document was prepared, written, transmitted or received, whether in whole or
25 in part"); Order Granting Mattel's Motion to Compel Production of Documents and
26 Interrogatory Responses by MGA, dated May 15, 2007, Watson Decl. Exh. 22, at 8:7-21;
   Order Regarding Mattel, Inc.'s Motion to Enforce the Court's Order of May 15, 2007, to
27 (I) Compel MGA to Produce Compelled Documents (Including Fee And/Or Indemnity
28 Agreements Between MGA and Bryant), (II) Order That Any Privilege Objections Have
        (footnote continued)

-8-

1  found, the Larian-O'Connor email "has clear relevance to the claims and defenses at
2  issue in the Phase 1 trial," and the decision to withhold the email implicates the
3  "integrity of the adversarial process."[42]  As such, whether and to what extent the
4  MGA Parties and its lawyers consciously withheld the email is clearly at issue on
5  the OSC, and a privilege log would provide evidence of the timing and extent of
6  communications on that subject.  Equally importantly, it would show the identity of
7  the participants in such communications -- a highly critical fact given that some of
8  MGA's counsel have now filed declarations disavowing any involvement in the
9  withholding of the email.[43]  Mattel is entitled to test the veracity of those denials,
10 and to ensure that all counsel who participated in the communications have in fact
11 been disclosed by the declarations, as Judge Larson explicitly required in the OSC.

12        The log itself is likely to be highly probative under the circumstances.
13 As noted, it will be relevant to issues identified in the OSC.  It is also through the
14 service of a privilege log that Mattel can identify withheld communications and
15 make appropriate challenges to MGA's privilege claims.  Equally fundamentally,
16 the log itself could reveal evidence of ongoing obstruction of justice, a pleaded

17

18
19 Been Waived, And (III) Impose Sanctions, dated December 19, 2007, Watson Decl. Exh.
   24 (imposing sanctions of $3,500); Order Re Mattel, Inc.'s Motion to Enforce the Court's
20 Order of May 15, 2007 to Compel MGA to Produce Compelled Documents in Unredacted
   Form and For Sanctions, dated December 19, 2007, Watson Decl. Exh. 25 (imposing
21 sanctions of $3,500); Order Re Mattel, Inc.'s Motion To Compel Production of Documents
   Withheld As Privileged, dated December 19, 2007, Watson Decl. Exh. 26 (denying
22 Mattel's request for waiver, despite finding that MGA "violated the May 15 Order");
23 Mattel, Inc.'s First Set of Requests For Documents And Things To Isaac Larian, dated June
   13, 2007, at RFP's Nos. 2, 3, 15-17, Watson Decl. Exh. 19; Order Granting In Part and
24 Denying In Part Mattel's Motion To Compel Production of Documents By Isaac Larian,
25 dated December 31, 2007, Watson Decl. Exh. 20.
      [42]   August 31 Order at 3, Watson Decl. Exh. 7.
26    [43]   See, e.g., Declaration of Joel N. Klevens, dated September 14, 2009, Watson Decl.
27 Exh. 27.  This denial is especially puzzling since the Glaser firm expressly reiterated to the
   Discovery Master the representation that the logged communications which Mattel sought
28 review of were privileged.

1   RICO predicate act.[44]   MGA's decision to withhold critical evidence smacks of

2   obstruction of justice, at issue in Phase 2.  See United States v. Lench, 806 F.2d

3   1443, 1445 (9th Cir. 1986) (that defendant "failed to provide the information

4   requested and lied" about it "is all that is necessary to obstruct justice").   The

5   decision to withhold this email is thus also separately, and directly, relevant to

6   Mattel's allegations in the TAAC that the MGA Parties have made false

7   representations under oath and obstructed justice to the detriment of Mattel.[45]   As

8   the Court noted, the jury found in Phase 1 that the MGA Parties did not willfully

9   infringe Mattel's copyrights,[46] but this email correspondence shows that Isaac

10  Larian and MGA personnel were aware of the significance of the timing of the

11  creation of Bratz -- the central issue of Phase 1 – years before this litigation

12  commenced and discussed efforts to consciously misrepresent that Bratz was created

13  after Bryant left Mattel.[47]  This is all part and parcel of MGA's and its conspirators'

14  ongoing obstruction of justice.[48]   Accordingly, the log itself is likely to reveal

15  communications which are not only evidence, but are predicate acts.  Furthermore, a

16  privilege log is needed to determine whether communications concerning the 2002

17  Larian-O'Connor email are a continuation of the 2000 and 2001 emails which are

18  the subject of Mattel's crime-fraud and waiver motions.

19          These communications clearly differ from the ordinary post-lawsuit

20  communications which the parties have agreed need not be logged, and there is

21  ample good cause for departing from the agreement here.  The Discovery Master has

22  ordered Mattel to serve a log of withheld litigation communications to permit MGA

23

24

25     [44]  See TAAC at ¶141(d), Watson Decl. Exh. 18.
26     [45]  See TAAC at ¶¶ 104, 141, Watson Decl. Exh. 18.
       [46]  August 31 Order at 2, Watson Decl. Exh. 7.
27     [47]  See email between I. Larian and V. O'Connor, Watson Decl. Exh. 5.
28     [48]  See TAAC at ¶141(d), Watson Decl. Exh. 18.

to "adequately prepare for the September 21 hearing."[49]  While Mattel believes that the scope of that Order should be reconsidered because the communications that would be logged are not relevant to any issue in the case and would be unduly burdensome, here there is a clear need for just such a log.  The Court has ordered counsel for the MGA Parties to appear on September 22 and show cause why sanctions should not be imposed for the MGA Parties' failure to produce the Larian-O'Connor email earlier.  In order for Mattel to adequately prepare for this hearing, Mattel needs the privilege log beforehand to assess whether the MGA Parties and its counsel made a deliberate decision to withhold this email, when they did so, and whether Larian and others at MGA were involved in it, among other issues.  And it ultimately needs the log to test the withholding of other communications related to or discussing the improperly concealed Larian-O'Connor email, both for purposes of its substantive RICO claims and its crime-fraud and waiver motions.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the MGA Parties be ordered to respond without objection to the RFAs by noon on September 18, 2009.  MGA should be ordered to log all communications related to the Larian-O'Connor email and/or the decision to withhold it by September 21, 2009.

DATED:  September 14, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP

                                    By /s/ Michael T. Zeller
                                       Michael T. Zeller
                                       Attorneys for Mattel. Inc.

---

[49]  See Phase 2 Order No. 62, dated September 11, 2009, at 2, Watson Decl. Exh. 9.