UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.     CV 04-09049 SGL(RNBx)                                              Date: September 22, 2009
Title:           MATTEL, INC. V. MGA ENTERTAINMENT, INC., et al.
================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, U.S. DISTRICT JUDGE

              Cindy Sasse                                                             None Present
              Courtroom Deputy                                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:            ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                                                   None Present


**PROCEEDINGS:  ORDER AFTER HEARING**

      Pursuant to the Court's September 3, 2009, Order, the Court heard the testimony of Richard De Anda regarding an email communication between him (as Mattel's head of security) and Canadian law enforcement officials, which references a package sent to those officials.  Although the Court finds, based on the evidence currently before the Court, in the context of this case, that it was inadvisable for Mr. De Anda to send to Canadian law enforcement officials a package containing approximately six miniature toy cars, the Court does not find anything improper regarding his actions as they were not subjectively intended as an attempt to influence, nor were they even marginally likely to influence, an ongoing investigation.  Rather, the Court finds that the toys were token gifts given, in keeping with social conventions, in response to his receipt of certain token gifts, namely a coffee mug, a tie tack, and a pen, by the Canadian law enforcement officials.

      The Court conducted sealed proceedings regarding the August 31, 2009, Order to Show Cause ("OSC").  On the basis of counsel's representations of the subjective thought processes by which the document at issue came to appear on the privilege log of the MGA parties, the Court finds that the OSC is **SATISFIED** as it relates to counsel herein and **DISCHARGES** the OSC.  Consideration of any evidentiary or other case-related sanctions or implications regarding prior findings by the Court and/or jury in this matter must await adjudication of the issue of whether the crime/fraud exception applies to various other documents placed on MGA's privilege logs, as well as completion of the Discovery Master's *in camera* review of numerous other documents listed on

MINUTES FORM 90                                                                Initials of Deputy Clerk __cls_____
CIVIL -- GEN                                                1                         Time: 02/59

MGA's privilege logs and resolution of certain discovery motions related thereto.

In light of the anticipated transfer of these consolidated cases to the docket of the Honorable David O. Carter, the Court **VACATES** the pending pretrial conference date and trial date for Phase 2.

The Court **EXTENDS** the discovery cutoff date to June 1, 2010.

As the judicial officer most familiar with this case, Judge Larson has consented to assist the parties' and the Settlement Officers' attempt at a global resolution to these consolidated cases. Accordingly, counsel for Mattel is directed to provide its proffered settlement proposals to the Court (*in camera* to chambers) and to the MGA parties within ten days of the entry of this Order.

The hearing dates as to Mattel's Motion for Leave to File Fourth Amended Answer and Counterclaims (docket #6311) and Motion of the MGA parties re Discovery Master Order No. 46 (docket #6476) are **VACATED** pending re-setting by the newly assigned judicial officer.

Mattel's Ex Parte Application re service of responses to the August 31, 2009, OSC (docket #6708) is **DENIED AS MOOT.**

The Ex Parte Application of the MGA parties to compel Mr. DeAnda's deposition in advance of the September 21, 2009, hearing date (docket #6767) is **DENIED AS MOOT**.

Two Proposed Stipulations and Orders by the parties (#6687 (to continue October 1, 2009, hearing date) and #6706 (re extension of expert discovery dates)) are also **DENIED AS MOOT.**

The oral request of the MGA parties for a stay pending settlement discussions is **DENIED.** In general, stays of ***discovery*** in these consolidated cases have, in the past, proven to be counter-productive. As for the more specific request to stay the ***recall order***, the Court notes that counsel for the MGA parties is mistaken in her contention that "the whole point of that recall order was so that it would clear the market for Mattel to come in with its vision of Bratz."[1] Instead, as set forth in the Court's December 3, 2008, Omnibus Order, the Court imposed the recall order in light of the scope of infringement found by the Court (which was broad) and in light of the fact that the Bratz dolls compete directly with existing Mattel products. Id. at 14. Thus, the rationale underlying the recall Order remains firmly intact. For that reason, the request is **DENIED**.

**IT IS SO ORDERED.**

---

[1] Mattel also denies the MGA parties' factual assumption that it will not be able to market its own dolls under the name "Bratz." Resolution of the factual issue is unnecessary at this time, and the Court does not consider it.