QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert O'Brien]**<br><br>[PUBLIC REDACTED] MATTEL'S OPPOSITION TO MGA ENTERTAINMENT, INC.'S EX PARTE APPLICATION FOR LEAVE TO FILE DECLARATION OF CESAR PRIETO IN OPPOSITION TO MATTEL'S MOTION TO AMEND PROTECTIVE ORDER<br><br>Hearing Date: September 25, 2009<br>Time: 8:30 a.m.<br>Place: Arent Fox LLP<br>  555 West Fifth St.<br>  48th Floor<br>  Los Angeles, CA 90013<br><br>Phase 2<br>Discovery Cut-off: June 1, 2010<br>Pre-trial Conference:<br>Trial Date: |

00505.07975/3121003.1

**PRELIMINARY STATEMENT**

MGA has filed an *ex parte* application seeking leave to file the proposed Prieto Declaration regarding Mexican law and procedure less than 24 hours before the 8:30 a.m. hearing tomorrow. Worse, the proposed Declaration purports to rebut an expert Declaration served on MGA *over two months ago*. MGA makes no attempt to explain or otherwise justify its egregious delay. The parties have fully briefed the issues, and the Discovery Master has admonished the parties not to file belated, 'emergency' briefs without a proper showing of good cause for delay. MGA's attempt to end run the schedule with a last-minute sur-reply should be rejected, and the Prieto Declaration should not be considered.

**I.   MGA MAKES NO "GOOD CAUSE" SHOWING**

MGA makes no attempt to show "good cause" for its belated *ex parte* application. This directly contravenes the Discovery Master's instructions -- and MGA's own protestations -- against the use of *ex parte* applications for supplemental briefing. MGA's failure to make a "good cause" showing is grounds alone to deny its application.

As the Discovery Master has recently reiterated, "a party applying for *ex parte* relief must show that 'good cause' exists for hearing any dispute 'on shortened time' and that it will 'be prejudiced absent prompt resolution' of the issue."[1] The "good cause" requirement is "an affirmative obligation" and cannot be ignored.[2] Where an *ex parte* application "contains no argument, authority, or citation to evidence supporting these grounds," it must be denied.[3] For its part, MGA has gone so far as to state that

[REDACTED]

"[4] and that "[REDACTED]

---

[1] Discovery Matter Order No. 17 at p. 26, Docket No. 5190.
[2] Discovery Matter Order No. 8 at p. 3, Docket No. 5030.
[3] Id. at p. 4.
[4] MGA Parties' Omnibus Opposition to Mattel's Ex Parte Applications, dated May 26, 2008, Exhibit 1 to the Declaration of James Webster ("Webster Dec."), attached hereto (footnote continued)

-1-
MATTEL'S OPPOSITION TO MGA'S EX PARTE APPLICATION TO FILE PRIETO DECLARATION

███████████████████████████████████

██████████"[5]

In its one-page application, MGA nowhere explains the emergency, prejudice or other grounds that support its eleventh hour *ex parte* application. Instead it merely asserts that "Mattel will not be prejudiced" since MGA is "simply responding" to the Tiburcio Declaration.[6] This is false and insupportable. The parties fully briefed the issues in accordance with the briefing schedule. Mattel will suffer prejudice from this last minute filing because it is denied the opportunity adequately prepare arguments in rebuttal to MGA's declaration. This harm is exacerbated by the need to rely on the advice of expert foreign counsel, which clearly cannot be obtained on such short notice and undoubtedly explains why MGA waited until the afternoon before the hearing to submit it.

Moreover, it is insufficient for MGA to simply argue that Mattel is not prejudiced by its late filing; in order for the Discovery Master even to consider MGA's *ex parte*, MGA must affirmatively show "good cause."[7] MGA's failure to even address the "good cause" standard alone is fatal to its application.

## II. MGA MAKES NO ATTEMPT TO EXPLAIN ITS DELAY

MGA does not even try to explain the tardiness of its application other than to state that "Mr. Prieto was unable to provide a signed declaration until just this week."[8] That is plainly insufficient. "A party's last-minute desire to supplement its Motion . . . is not sufficient to justify *ex parte* relief, particularly in absence of any 'crisis' necessitating 'bypassing regular motion procedures.'" Samsung SDI Co. v. Matsushita Electric Indus. Co., 2006 WL 5097404 at *1 (C.D. Cal. June 15 2006).

---

(quoting Wilson v. Airborne, Inc., 2007 U.S. Dist. LEXIS 96870 (C.D. Cal. Oct. 22, 2007)).
[5] Id. (citing Mission Power Eng'g Co. v. Cont'l Case. Co., 883 F. Supp. 488, 489 (C.D. Cal. 1995)).
[6] MGA's Ex Parte Application ("Ex Parte") at p. 1.
[7] Discovery Matter Order No. 8 at p. 3, Docket No. 5030.
[8] Id.

Thus, MGA must show *why* it was unable to procure the declaration until less than 24 hours before the scheduled hearing, not merely *that* it was unable to do so. See id. (denying an *ex parte* application where "[t]here is nothing in Defendants' Application, which essentially seeks leave to file additional briefing after the deadline has passed, that justifies the relief sought"). MGA's rote, unexplained statement that it was unable to procure the Declaration until it did so articulates no "crisis" and plainly fails to justify the relief sought.[9]

This is particularly so in light of the fact that the Prieto Declaration purports to rebut the Tiburcio Declaration. MGA received the Tiburcio Declaration over two months ago. During these two months, MGA has had ample opportunity to develop its response to Tiburcio's averments. Indeed, as the Prieto Declaration reflects, Mr. Prieto is MGA's own counsel -- and thus has been freely available to MGA all along. In these circumstances, MGA's delay is, and remains, inexcusable.

Because MGA fails to articulate any good cause for its *ex parte* and fails to justify its delay, the Discovery Master should not consider MGA's application.

## III. ALTERNATIVELY, MATTEL SHOULD BE GIVEN LEAVE TO FULLY BRIEF ITS OPPOSITION TO THE PRIETO DECLARATION

Should the Discovery Master consider the Prieto Declaration despite the foregoing, Mattel respectfully requests in the alternative that it be allowed time to respond to the substance of the Prieto Declaration and prepare objections. Where, as here, a party has shifted gears and belatedly introduced new facts or different legal arguments, the Court should afford the opposing party a reasonable opportunity to

---

[9] As recently as the August 27, 2009 hearing, the Discovery Master stated, "it's better to get the declaration in with the moving papers, just out of fairness to the other side". See August 27, 2009 Hearing Transcript at 7:16-8:18. Ironically, those comments were the result of MGA's complaints about the submission of an MGA email as evidence that *MGA* itself had withheld from Mattel in violation of Court Orders and that Mattel therefore could not have presented with the briefing. Here, of course, the situation is far worse: the Prieto Declaration has been submitted with even less time before the hearing, its contents have been in MGA's control all along and Mattel in way was responsible for its earlier unavailability.

respond before relying on any such new matter. See Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1164 (10th Cir. 1998); Cia. Petrolera Caribe, Inc. v. Aerco Caribbean, Inc., 754 F.2d 404, 410 (1st Cir. 1985).[10] Given the amount of time that MGA has had to respond to the Tiburcio Declaration, Mattel submits that it should be permitted at least a week -- rather than a handful of hours as MGA apparently would have it -- to respond to MGA's specious rebuttal in the event that the Discovery Master considers the Prieto Declaration.

## CONCLUSION

Mattel respectfully requests that the Discovery Master deny MGA's *ex parte* Application.

DATED: September 24, 2009       QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP

By /s/ James J. Webster
James J. Webster
Attorneys for Mattel. Inc.

---

[10] See also Giovanazzi v. Schuette, 2009 WL 649187, at *2 n.6 (C.D. Cal. 2009) (striking improper sur-reply because plaintiff had not sought leave); Hooker v. Adams, 2008 WL 2788404, at *1 (E.D. Cal. 2008) ("Plaintiff did not seek and was not granted permission to file a sur-reply and the sur-reply shall not be considered."); Sullivan v. Kelly Servs., 2008 WL 618928, at *1 (N.D. Cal. 2008) (granting motion to strike sur-reply where "defendant did not seek leave to file the sur reply").