QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br><br>**DISCOVERY MATTER**<br>**[To Be Heard By Discovery Master Robert O'Brien]**<br><br>**[PUBLIC REDACTED]**<br>**MATTEL, INC.'S *EX PARTE* APPLICATION FOR PRODUCTION OF COMPLETE COPIES OF WITHHELD DOCUMENTS IN ADVANCE OF HEARING ON MGA PARTIES' APPLICATION FOR ISSUANCE OF LETTER OF REQUEST FOR JUDICIAL ASSISTANCE RE: DANNY K.H. YU AND BIRD & BIRD; AND**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declaration of Michael T. Zeller filed concurrently herewith]<br><br>Date:  TBD<br>Time:  TBD<br>Place:  TBD<br><br>**Phase 2**<br>Discovery Cut-off: December 11, 2009<br>Pre-trial Conference:  March 1, 2010<br>Trial Date:  March 23, 2010 |

1  Mattel, Inc. ("Mattel") hereby respectfully applies *ex parte*, pursuant to Local Rule 7-19, for an order compelling MGA to produce (1) a complete copy of Cityworld's Appointment To Tax, dated July 15, 2008, excerpts of which were attached as Exhibit K to the Declaration of Diana M. Rutowski In Support Of MGA Parties' Notice and Application For Issuance Of Request For Judicial Assistance Re: Danny K.H. Yu and Bird & Bird ("Rutowski Declaration"); (2) a complete copy of the transcript of proceedings, dated October 29, 2008, in the High Court of the Hong Kong Special Administrative Region, excerpts of which were attached as Exhibit L to the Rutowski Declaration; and (3) any and all other documents from the Cityworld litigation that refer or reflect alleged Mattel communications.

Mattel makes this Application on the grounds that, pursuant to prior Orders of the Court and the Discovery Master, MGA was obligated to disclose and produce to Mattel all documents setting forth facts supporting its ostensible affirmative defenses, including its statute of limitations and laches defenses. While MGA asserts that it is relying on the documents at issue here in support of those defenses, MGA failed to produce these documents to Mattel, even though it has had possession of them for a year or more. Even now, MGA has provided only partial snippets of these long-withheld document as declaration exhibits.

Good cause exists to seek this relief on an *ex parte* basis given that MGA purports to rely on evidence in these documents in support of its Letter of Request application but has failed to produce them in complete form to Mattel, despite Mattel's requests and despite prior Orders compelling their production. Mattel is entitled to the full and complete documents, and not just the portions cherry-picked by MGA, prior to the hearing on MGA's application so that it may adequately defend itself and to ensure that the Discovery Master's consideration of MGA's application is based on a full record.

Counsel for Mattel sought to resolve the issues set forth herein and additionally gave notice of this Application to counsel for MGA, William A.

1  Molinski and Annette L. Hurst, both of Orrick, Herrington & Sutcliffe LLP.  To
2  date, MGA's counsel has not responded to Mattel's email, and thus, Mattel does not
3  know MGA's position regarding this Application.
4         This Application is based on this Notice of Application, the
5  accompanying Memorandum of Points and Authorities, the Declaration of Michael
6  T. Zeller (and accompanying exhibits) filed concurrently herewith, the records and
7  files of the Court, and all other matters of which the Discovery Master may take
8  judicial notice.

10 DATED: September 24, 2009    QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP

13                         By /s/ Michael T. Zeller
                          Michael T. Zeller
14                           Attorneys for Mattel. Inc.


# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

The Court previously granted Mattel summary judgment on MGA's statute of limitations defense and rejected its claims of laches on the merits after trial. In particular, in ruling against MGA on these issues, the Court found that the undisputed evidence showed that "Mattel had no reason to know of its claims against Bryant until November 23, 2003" when it had received certain documents from Cityworld and that, furthermore, because Mattel did not receive copies of the Bratz drawings prior to that date, "Mattel's copyright claim did not accrue prior to November 23, 2003" and therefore its "copyright claim was timely in its own right."[1]

MGA nevertheless has sought discovery into these same conclusively resolved issues through the issuance of Letters of Request to Mattel's litigation counsel, Bird & Bird in Hong Kong, and the litigation counsel of Cityworld, Danny Yu in Hong Kong. MGA's application to the Discovery Master not only flouts the Court's prior Orders rejecting its defenses on the merits, but indeed, without even properly disclosing the Court's prior dispositive rulings, rehashes almost verbatim the same arguments the Court considered and rejected, including MGA's baseless charges that a fax transmission was tampered with.[2] Unable to muster any reason

---

[1] Order Finding In Favor Of Mattel As To The MGA Parties' Affirmative Defenses, et al., dated December 3, 2008, at 3-4 (citation omitted), Declaration of Michael T. Zeller ("Zeller Dec.") filed concurrently herewith, Ex. 1; Further And Final Order Re Statute Of Limitations Defense, dated June 2, 2008, at 4, Zeller Dec., Ex. 2.

[2] In his May 27, 2008 Order, Judge Larson rebuked the same speculative arguments MGA makes in its Letters of Request application to the Discovery Master:

> More disturbingly, however, counsel for MGA next lobbed unsubstantiated assaults on [Mattel's in-house attorney's] truthfulness. Counsel states that the [Bird & Bird fax] documents "appear to have
> (footnote continued)

1 why it should be allowed to relitigate issues that were the subject of full discovery
2 and that it conclusively lost in this case, MGA belatedly now claims, for the first
3 time in a reply brief, that it has "new" evidence.  Thus, MGA argues in its recently-
4 filed reply brief that "new evidence from the taxation of costs proceedings in Hong
5 Kong demonstrat[es] that Mattel concealed its earlier communications with
6 Cityworld's counsel." (Reply at 3.)  It further has represented that this supposed
7 "new" evidence of Bill of Costs documents from that proceeding reflects previously
8 undisclosed communications with Cityworld "possibly at least as early as August
9 *2003*."  (Application at 4-5, emphasis added.)

10 These contentions misrepresent even the sanitized documents that
11 MGA provided on its application.  The earliest communication involving Mattel
12 reflected in the Bill of Costs documents took place in September 2003 (see Ex. K to
13 Rukowski Dec., p. 354) -- a fact consistent with the actual evidence and with Judge
14 Larson's rulings on statutes of limitations and laches.  Nothing in those documents
15 show communications from August *2003* as MGA falsely claims.  To the contrary,
16 the only *August* dated entries in those documents reflecting communications with
17 Mattel are in August *2004*--months after this litigation began and well after the
18 operative 2003 time period.  Also contrary to MGA's further misstatements, there

---

been doctored or manipulated in some fashion."  Counsel does so because the fax itself has an anomalous pagination in the fax header line wherein the first ten pages are numbered "01, 02 . . . 10," and the numbers thereafter are numbered "11//46, 12/46 . . . 46/46."  [¶]  This Court has indicated on a number of occasions . . . that it will not countenance unsubstantiated dispersions cast upon opposing counsel.  Where there is *evidence* of unethical behavior, the Court expects to be made aware of that evidence; where, however, there is mere *speculation* of such behavior, no legitimate purpose is served by its airing.

Order Re Statute Of Limitations Defense, dated May 27, 2008, at 3, Zeller Dec., Ex. 3 (emphasis in original).

were no such communications before that date which were not disclosed by Mattel or not considered and ruled upon by Judge Larson.³

Certainly, MGA's misstatements about both the content and the timing of the partial documents it submitted to the Discovery Master and its material omissions about the Court's prior rulings will be addressed at the hearing now set on the Letters of Request.  But there is another issue that warrants a more immediate and different remedy.  MGA was compelled by prior Order to disclose and produce the documents that MGA purports to rely upon, but it never previously disclosed or produced them to Mattel.  Even now, the documents have been provided by MGA only as declaration attachments in an incomplete, cherry-picked fashion, even though they have been available to MGA for nearly a year (and even before the Court's decision rejecting MGA's laches defense on the merits).

Mattel has asked that MGA produce *complete* copies of the Bill of Cost documents that MGA relies on but has long withheld in violation of its discovery obligations.⁴  Compounding its defiance of those discovery Orders, however, MGA has ignored Mattel's request.⁵  Mattel is entitled to present to the Discovery Master any additional facts reflected in these improperly withheld documents that MGA, even now, has never produced in complete fashion for the hearing on the Letters of Request application so as to further refute MGA's misrepresentations about those documents.  Accordingly, Mattel respectfully requests that the Discovery Master

---

   ³  For example, Mattel prepared and produced a chronology of its contacts with Cityworld, marked as Exhibit 4434 to the deposition of a Mattel Rule 30(b)(6) witness, noting a letter from Cityworld's counsel Danny Yu to Mattel on September 4, 2003 and subsequent communications between Mr. Yu and Robert Normile on September 25, 2003—evidence in the record prior to Judge Larson's rulings rejecting MGA's statute of limitations defense and later MGA's laches defense.  Zeller Dec., Ex.4.
   ⁴  Zeller Dec., Ex. 5.
   ⁵  Zeller Dec., ¶ 6.

order MGA to produce complete copies of those documents, as well as any related compelled documents, immediately.

### Background

**The Documents At Issue**.  In seeking the issuance of the Letters of Request, MGA submitted to the Discovery Master only selected portions of the withheld documents as Exhibits K and L to the Declaration of Diana M. Rukowski. Exhibit K consists of incomplete excerpts from Cityworld's Appointment To Tax, dated July 15, 2008, reflecting line items of costs it sought to recover from MGA in the Hong Kong proceeding that MGA lost against Cityworld.  Exhibit L consists of incomplete excerpts from the transcript of the court hearing, dated October 29, 2008, on Cityworld's request to tax costs.  As the 2008 dates on them suggest, MGA, as a litigant to those proceedings, necessarily has had these documents in its possession, custody and control for nearly a year or more.

**MGA's Withholding Of These Documents Is In Violation of Prior Discovery Orders.**  Although it purports to rely on these documents as part of its statute of limitations and laches defenses, MGA never disclosed them in any form -- partial or otherwise -- prior to the Letters of Request application.[6]  Nor to this day has MGA ever produced to Mattel complete copies of these documents.[7]

MGA's failures to do so violate MGA's discovery obligations under prior Orders compelling their production and conflict with its own responses promising production.  In particular, on March 14, 2005, Mattel served its First Set Of Requests For Production of Documents to MGA.[8]  The requests sought, among other things:

---

[6] Zeller Dec., ¶ 7.
[7] Id.
[8] Zeller Dec., Ex. 6.

> [RFP No. 95]  All DOCUMENTS that support, refute or otherwise REFER OR RELATE TO any facts underlying YOUR Affirmative Defenses in this action.
>
> [RFP No. 100]  All doll heads, sculpts, prototypes, models, samples and tangible items that support, refute or otherwise REFER OR RELATE TO any facts underlying YOUR Affirmative Defenses in this action.

In response to each of these requests, MGA acknowledged its obligation to produce the requested documents.[9]

Yet, because MGA's responses also included improper caveats that would potentially allow it to unilaterally withhold responsive discovery as it saw fit (including through its claims that it would produce "relevant and non-objectionable" documents), Mattel moved on February 2, 2007 to compel and challenged MGA's repeated qualification that it would produce only "relevant and non-objectionable" documents. In an Order dated May 15, 2007, the Discovery Master granted Mattel's motion to compel and expressly ruled that MGA's restriction to "relevant and responsive non-objectionable documents" was improper:

> As a threshold matter, MGA's responses are inadequate to the extent MGA has restricted its production to "relevant and responsive non-objectionable documents" or documents "sufficient" to show when events relating to Bratz occurred.  These restrictions suggest that MGA

---

[9] See MGA Entertainment, Inc.'s Responses To Mattel, Inc.'s First Set Of Requests For Production Of Documents And Tangible Things, dated April 13, 2007, Zeller Dec., Ex. 7, at 84 and 87-88 ("MGA will produce all relevant and responsive non-objectionable documents in its possession, custody or control, if any, that support its affirmative defenses, that it is able to locate following a reasonably diligent search.").

> might be excluding documents that are responsive to the request based upon its unilateral determination of what is "relevant" or "sufficient"  [MGA] shall provide the responses to document requests ordered herein ***without these restrictions***.[10]

Only after the Discovery Master issued this Order did MGA finally agree to withdraw its improper restriction to "relevant and non-objectionable documents" in its responses to the Request For Production that was the subject of this motion to compel and agree to serve supplemental responses.[11]

Nor was this MGA's only Court-ordered obligation to disclose documents it purports to rely upon for its affirmative defenses. On December 3, 2007, the Court granted Mattel leave to serve on MGA the following interrogatory and ordered MGA to answer it without objection:

> State the facts upon which YOU intend to rely at trial to support YOUR affirmative defenses, and IDENTIFY all PERSONS with knowledge of those facts and ***all DOCUMENTS that REFER OR RELATE TO those facts***.[12]

On January 7, 2008, MGA responded to this interrogatory setting forth information allegedly supporting its affirmative defenses, including statute of limitations.

---

[10] Order Granting Mattel's Motion To Compel Production Of Documents And Interrogatory Responses By MGA, dated May 15, 2007, at 8 (emphasis added), Zeller Dec., Ex. 8.

[11] See MGA Entertainment, Inc.'s Supplemental Response to Mattel, Inc.'s First Set of Requests For Documents And Things Re Claims Of Unfair Competition, dated May 31, 2007, Zeller Dec., Ex. 9.

[12] Order Granting Motion For Leave To Serve A Supplemental Interrogatory; Order Denying Motion To Strike (Or Alternatively, For Summary Judgment As To)
    (footnote continued)

As MGA's own Letter of Request application necessarily admits, MGA seeks to rely on Exhibits K and L in support of its ostensible statute of limitations defense against Mattel's misappropriation of trade secrets claims relating to the theft of Bratz information. Thus, MGA's long-standing failure to identify or produce these documents is in direct violation of, among other things, its own discovery responses acknowledging its obligation to produce, the Discovery Master's May 15, 2007 Order and the December 3, 2007 Order compelling the identification without objection of all documents relating to the facts supporting its affirmative defenses. Instead, MGA withheld these documents for nearly a year or more until it provided the Discovery Master with cherry-picked excerpts as part of a declaration to support its application seeking assistance with foreign discovery and used them to make groundless allegations that it has "new" evidence in an effort to make an end run around the Court's Orders rejecting MGA's affirmative defenses of statute of limitations and laches.

## Argument

███████████████████████████████████████
███████████████████████████████████████
████████████████.[13]  Here, the Discovery Master has set hearing on MGA's Letters of Request application for October 16, 2009. Nor can there be any legitimate dispute that *complete* copies of the sanitized documents MGA relies on for its application are directly relevant to that hearing, especially given that they constitute -- in cherry-picked, incomplete form -- the only evidence MGA cites for its allegations that it has "new" evidence of supposedly concealed communications

---

Affirmative Defenses, dated December 3, 2007, Zeller Dec., Ex. 10 (emphasis added).

[13] ████████████████████████████████████████████████████████████████ Zeller Dec. Ex. 11.

with Cityworld from August 2003. Plainly, information contained in the complete copies of these documents is reasonably likely to contain facts relating to MGA's representations. Furthermore, MGA has long been under an obligation to disclose and produce all such documents to Mattel under at least two Orders but nevertheless long failed to produce them and, even now, has failed to provide them in complete form.

Mattel's entitlement to complete copies of these documents is especially plain given the seriousness of MGA's charges of evidence concealment (which is ironic in itself given that MGA has long concealed the Bill of Cost documents in violation of Court Orders). Indeed, each of MGA's past, repeated accusations of this type have, once exposed to scrutiny, been found to be groundless. To cite one of many examples, MGA previously made almost identical allegations against Mattel in 2007 -- claiming the destruction of evidence and attempts to cover it up by Mattel and its counsel. Judge Larson's rebuke was unmistakable. After an evidentiary hearing, the Court found MGA's assertions of evidence destruction to be "nothing more than rhetoric laced with hyperbole" and "sheer speculation, unsupported by evidence."[14] In a later Order ruling on yet more MGA accusations of evidence tampering -- accusations that MGA has recently rehashed in its Letters of Request application to the Discovery Master without proof and without disclosing that the Court had previously rejected them[15] -- Judge Larson again admonished MGA for its continued "unsubstantiated dispersions."[16] And, as recently as Monday, the Court rejected MGA's unsupported accusations of bribery and corruption that it has made repeatedly to the Discovery Master and in the press. As

---

[14] August 27, 2007 Order at 4, Zeller Dec., Ex. 12.
[15] MGA Parties' Notice And Application For Issuance Of Letter Of Request For Judicial Assistance Re: Danny K.H. Yu And Bird & Bird, dated September 4, 2009, at 4:1-16.
[16] May 27, 2008 Order, Zeller Dec., Ex. 3, at 3.

the Court found after an evidentiary hearing, there was no evidence to substantiate MGA's claim and indeed concluded that it was "much about nothing or very little."[17] The list of MGA's now routine smears against the Court, Court officers and Mattel that have been found to be meritless goes on.[18]

Mattel is entitled to fully defend itself against MGA's latest false accusations and respectfully requests that MGA be ordered to immediately produce complete copies of Exhibits K and L to the Rutowski Declaration along with any and all other documents from the Cityworld litigation that refer or reflect alleged Mattel communications.

DATED: September 24, 2009         QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP

                                  By  /s/ Michael T. Zeller
                                      Michael T. Zeller
                                      Attorneys for Mattel. Inc.

---

[17] Transcript of Proceedings, dated September 21, 2009 at 82-83, Zeller Dec., Ex. 13.

[18] See, e.g., June 17, 2008, Trial Tr. at 2725:13-2726:10, Zeller Dec., Ex. 14 (Court having to issue corrective instruction to jury due to Larian's false testimony that a court had found Mattel to have engaged in anti-competitive conduct); Order of July 9, 2009, at 7-14, Zeller Dec. Ex. 15 (Court rebuking MGA and Omni Parties for baseless personal attacks, including false allegations of racism, against Court-appointed forensic auditor and Mattel); Baba-Buba article, Zeller Dec. Ex. 16 (Larian interview analogizing Court to Hitler apologist).