# EXHIBIT 5

EXHIBIT ____5____
PAGE ____41____

**Casey McGannon**

| | |
|---|---|
| **From:** | Michael T Zeller |
| **Sent:** | Tuesday, September 22, 2009 8:58 PM |
| **To:** | 'Annette Hurst (ahurst@orrick.com)'; 'Molinski, William' |
| **Cc:** | Casey McGannon; Dylan Proctor; 'Villar, Peter N.' |
| **Subject:** | Mattel v. MGA Entertainment |

In MGA's recently-filed reply brief in support of its request for foreign discovery, MGA argues that "new evidence from the taxation of costs proceedings in Hong Kong demonstrate[e] that Mattel concealed its earlier communications with Cityworld's counsel." (Reply at 3.)

This statement is demonstrably false and a misrepresentation of the evidence. The earliest communication involving Mattel reflected in the Bill of Costs documents took place in September 2003 (see Ex. K to Rukowski Dec., p. 354), a fact entirely consistent with the actual evidence and Judge Larson's rulings on statutes of limitations and laches (see, e.g., Exhibit 4434). Indeed, contrary to MGA's misstatement of the evidence, nothing in the Bill of Costs documents indicate communications "possibly at least as early as August 2003." While there are entries reflecting communications in August **2004**—well after this litigation began--contrary to MGA's insinuation there is nothing to indicate any communications earlier than September 2003. MGA's reply misstates the facts in order to re-litigate the merits of its statute of limitations affirmative defense which was rejected by the Court based on all relevant evidence, including Mattel's September 2003 communications with Cityworld that MGA falsely seeks to represent as "new evidence" now and that MGA misrepresents as being from August 2003.

Equally troubling, these false assertions are based on documents that were never previously disclosed to Mattel, in violation of prior Court Orders and in violation of MGA's own responses promising production, and that, even now, have been provided only as declaration attachments in a cherry-picked fashion, even though they have been in MGA's possession for over a year. MGA's failure to identify or produce these documents is in direct violation of, among other things, its continuing duties under the Court's December 3, 2007 Order compelling it to reply without objection to a Mattel interrogatory calling for MGA to state all facts supporting it's affirmative defenses, identify all persons with knowledge of those facts, and identify all <u>documents</u> that refer or relate to those facts, as well as MGA's own responses to RFP No. 95 where it conceded it must produce such documents.

Please produce to Mattel, by the close of business tomorrow, complete copies of the Bill of Costs and transcript documents that MGA has provided to the Discovery Master. If we do not receive them by that time, Mattel will bring an ex parte motion before Discovery Master to apprise him of MGA's violations and to compel complete copies of these long-withheld documents. Furthermore, please let me know when MGA is available to meet and confer in advance of a contemplated motion to enforce and for sanctions for MGA's now demonstrable withholding of documents relating to MGA's purported affirmative defenses.

I look forward to hearing from you.

Michael T. Zeller

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3180
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: michaelzeller@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

1

EXHIBIT ___5___
PAGE ___42___

# EXHIBIT 6

EXHIBIT __6__

PAGE __43__



1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 90378)
2   Michael T. Zeller (Bar No. 196417)
    Shane H. McKenzie (Bar No. 228978)
3  865 South Figueroa Street, 10th Floor
   Los Angeles, California  90017-2543
4  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
5
   Attorneys for Plaintiff and Counter-Defendant
6  Mattel, Inc.

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11

12  MATTEL, INC., a Delaware corporation,  )  Case No. CV 04-09059 NM (RNBx)

13                 Plaintiff,              )
                                           )  MATTEL, INC.'S FIRST SET OF
14        v.                               )  REQUESTS FOR PRODUCTION
                                           )  OF DOCUMENTS AND
15  CARTER BRYANT, an individual           )  TANGIBLE THINGS TO MGA
                                           )  ENTERTAINMENT INC.
16                 Defendant.              )

17  _____       )

18  CARTER BRYANT, on behalf of himself,   )
    all present and former employees of    )
19  Mattel, Inc., and the general public,  )
                                           )
20                 Counterclaimant,        )
                                           )
21        v.                               )
                                           )
22  MATTEL, INC., a Delaware corporation,  )
                                           )
23                 Counter-defendant.      )

24

25

26

27                                    EXHIBIT ___6___
28                                    PAGE ____44____

                                                      3/14

1  Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u>, Plaintiff

2  and Counter-Defendant Mattel, Inc. hereby requests that MGA Entertainment Inc.

3  make available for inspection and copying the following documents and things

4  within thirty days of the service of these Requests, at the offices of Quinn Emanuel

5  Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th Floor, Los

6  Angeles, California 90036.

7  These Requests shall be deemed to be continuing, and MGA

8  Entertainment Inc. shall be obligated to supplement its responses to these requests

9  at such times and to the extent required by <u>Rule</u> 26(e) of the <u>Federal Rules of Civil</u>

10  <u>Procedure</u>.

11

12  <u>DEFINITIONS</u>

13

14  For purposes of this Request for Production of Documents:

15  A.  "YOU" or "YOUR" means MGA Entertainment Inc. and any of

16  its current or former employees, officers, directors, agents, representatives,

17  attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and

18  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

19  authority or subject to its control.

20  B.  "MATTEL" means Mattel, Inc. and any of its current or former

21  employees, officers, directors, agents, representatives, attorneys, subsidiaries,

22  divisions, affiliates, predecessors-in-interest and successors-in-interest, and any

23  other PERSON acting on its behalf, pursuant to its authority or subject to its

24  control.

25  C.  "DOCUMENT" or "DOCUMENTS" means all "writings" and

26  "recordings" as those terms are defined in <u>Rule</u> 34 of the <u>Federal Rules of Civil</u>

27  <u>Procedure</u> and <u>Rule</u> 1001 of the <u>Federal Rules of Evidence</u>, including, but not

28  limited to, all writings and records of every type and description including, but not

07209/642197.1

-2-

EXHIBIT _____ 6

PAGE _____ 75

FIRST REQUEST FOR PRODUCTION TO MGA

1   limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,

2   electronic mail ("e-mail"), records of telephone conversations, handwritten and

3   typewritten notes of any kind, statements, reports, minutes, recordings, transcripts

4   and summaries of meetings, voice recordings, pictures, photographs, drawings,

5   computer cards, tapes, discs, printouts and records of all types, studies, instruction

6   manuals, policy manuals and statements, books, pamphlets, invoices, canceled

7   checks and every other device or medium by which or through which information

8   of any type is transmitted, recorded or preserved.  Without any limitation on the

9   foregoing, the term "DOCUMENT" shall include all copies that differ in any

10   respect from the original or other versions of the DOCUMENT, including, but not

11   limited to, all drafts and all copies of such drafts or originals containing initials,

12   comments, notations, insertions, corrections, marginal notes, amendments or any

13   other variation of any kind.

14          D.      "REFER OR RELATE TO" means constituting, embodying,

15   containing, referring to, commenting on, evidencing, regarding, discussing,

16   describing, mentioning, reflecting, expressing, pertaining to, concerning,

17   supporting, contradicting, negating, revoking or otherwise relating to in any

18   manner.

19          E.      "PERSON" or "PERSONS" means all natural persons,

20   partnerships, corporations, joint ventures and any kind of business, legal or public

21   entity or organization, as well as its, its or her agents, representatives, employees,

22   officers and directors and any one else acting on its, its or her behalf, pursuant to

23   its, its or her authority or subject to its, its or her control.

24          F.      "BRYANT" means Carter Bryant, any of his current or former

25   agents, representatives, attorneys, employees, partners, joint venturers,

26   predecessors-in-interest and successors-in-interest, and any other PERSON acting

27   on his behalf, pursuant to his authority or subject to his control.

28

EXHIBIT ___6___
PAGE ___46___

FIRST REQUEST FOR PRODUCTION TO MGA

1    G.    "BRATZ" means any project ever known by that name
2  (whether in whole or in part and regardless of what such project is or has been
3  also, previously or subsequently called) and any doll or any portion thereof that is
4  now or has ever been known as, or sold or marketed under, the name or term
5  "Bratz" (whether in whole or in part and regardless of what such doll is or has
6  been also, previously or subsequently called) or that is now or has ever been sold
7  or marketed as part of the "Bratz" line, and all prototypes, models, samples and
8  versions of such doll or any portion thereof.

9    H.    "ANGEL" means any project that is the subject of
10  MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20,
11  MGA000724-28 and MGA000734, and any doll (sometimes purportedly called
12  "Angel," "Angel Faces" and/or "Prayer Angels") or any portion thereof that is the
13  subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20,
14  MGA000724-28 and MGA000734, including all prototypes, models, samples and
15  versions of such doll(s) or any portion thereof.  Without limiting the generality of
16  the foregoing, "ANGEL" means any project or any doll or any portion thereof that
17  is the subject of MGA000706-08, MGA000710-12, MGA000714-16,
18  MGA000718-20, MGA000724-28 and MGA000734, regardless of what any such
19  project or doll has in fact been called, and regardless of what any such project or
20  doll is or has been also, previously or subsequently called.

21    I.    "DESIGNS" means any and all works, designs, artwork,
22  sketches, drawings, illustrations, representations, depictions, blueprints,
23  schematics, diagrams, descriptions, sculptures, prototypes, models, samples,
24  reductions to practice, developments, know-how, ideas, concepts, inventions
25  and/or improvements, as well as all other items, things and DOCUMENTS in
26  which any of the foregoing are or have been expressed, embodied, contained,
27  fixed or reflected in any manner, whether in whole or in part.

28

EXHIBIT _____ 6
PAGE _____ 47

07209/642197.1                    -4-

1   J.   "COMMUNICATION" or "COMMUNICATIONS" means and
2   includes any disclosure, transfer or exchange of information between two or more
3   PERSONS, whether orally or in writing, including, without limitation, any
4   conversation or discussion by means of meeting, letter, telephone, note,
5   memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic
6   or other medium, including without limitation in written, audio or video form.

7   K.   The singular form of a noun or pronoun includes within its
8   meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of
9   the masculine form of a pronoun also includes within its meaning the feminine
10  form of the pronoun so used, and *vice versa*; the use of any tense of any verb
11  includes also within its meaning all other tenses of the verb so used, whenever
12  such construction results in a broader request for information; and "and" includes
13  "or" and *vice versa*, whenever such construction results in a broader disclosure of
14  documents or information.

15

16  <u>INSTRUCTIONS</u>

17

18  A.   Unless otherwise specified, these requests call for
19  DOCUMENTS prepared on or after January 1, 1995 through the present.
20  Documents shall be produced in their original file folders, or in lieu thereof, any
21  writing on the file folder from which each such document is taken shall be copied
22  and appended to such document and the person for whom or department, division,
23  or office for which the document or the file folder is maintained shall be
24  identified.

25  B.   YOU are to produce all DOCUMENTS requested hereby that
26  are in YOUR possession, custody and control.

27  C.   In the event that any document called for by these requests is to
28  be withheld on the basis of a claim of privilege or immunity from discovery, that

07209/642197.1

-5-

EXHIBIT _____ 6
PAGE _____ 48

FIRST REQUEST FOR PRODUCTION TO MGA

1  document is to be identified by stating (i) any addressor and addressee; (ii) any
2  indicated or blind copy; (iii) the document's date, subject matter, number of pages,
3  and attachments or appendices; (iv) all persons to whom the document was
4  distributed, shown, or explained; (v) its present custodian; and (vi) the nature of
5  the privilege or immunity asserted.

6          D.    In the event that any document called for by these requests has
7  been destroyed or discarded, that document is to be identified by stating: (i) any
8  addressor and addressee; (ii) any indicated or blind copies; (iii) the document's
9  date, subject matter, number of pages, and attachments or appendices; (iv) all
10 persons to whom the document was distributed, shown, or explained; (v) the date
11 of destruction or discard, manner of destruction or discard, and reason for
12 destruction or discard; (vi) the persons who were authorized to carry out such
13 destruction or discard; and (vii) whether any copies of the document presently
14 exist and, if so, the name of the custodian of each copy.

15

16                    <u>REQUESTS FOR PRODUCTION</u>

17

18 <u>REQUEST FOR PRODUCTION NO. 1</u>:

19         All DOCUMENTS that REFER OR RELATE TO any agreement or
20 contract between YOU and BRYANT, including without limitation all drafts
21 thereof and all actual or proposed amendments, modifications and revisions
22 thereto.

23

24 <u>REQUEST FOR PRODUCTION NO. 2</u>:

25         All DOCUMENTS that REFER OR RELATE TO the performance of
26 any agreement or contract between YOU and BRYANT.

27

28                                EXHIBIT _____ 13
                                 PAGE _____ 49

07209/642197.1

-6-

FIRST REQUEST FOR PRODUCTION TO MGA

1  REQUEST FOR PRODUCTION NO. 93:

2          An electronic copy of each DOCUMENT that YOU have produced in

3  this action, or that is responsive to these Requests, that is or was created, prepared,

4  generated, maintained or transmitted in digital form.

5

6  REQUEST FOR PRODUCTION NO. 94:

7          The metadata for each DOCUMENT that YOU have produced in this

8  action, or that is responsive to these Requests, that is or was created, prepared,

9  generated, maintained or transmitted in digital form.

10

11  REQUEST FOR PRODUCTION NO. 95:

12          All DOCUMENTS that support, refute or otherwise REFER OR

13  RELATE TO any facts underlying YOUR Affirmative Defenses in this action.

14

15  REQUEST FOR PRODUCTION NO. 96:

16          All doll heads, sculpts, prototypes, models, samples and tangible

17  items that were created, prepared or made, whether in whole or in part, prior to

18  January 1, 2001 that REFER OR RELATE TO BRATZ.

19

20  REQUEST FOR PRODUCTION NO. 97:

21          All doll heads, sculpts, prototypes, models, samples and tangible

22  items that were created, prepared or made, whether in whole or in part, prior to

23  January 1, 2001 that REFER OR RELATE TO ANGEL.

24

25  REQUEST FOR PRODUCTION NO. 98:

26          All doll heads, sculpts, prototypes, models, samples and tangible

27  items that Anna Rhee painted, whether in whole or in part, for or with YOU or on

28  YOUR behalf or for or on behalf of BRYANT prior to January 1, 2001.

07209/642197.1

-25-

EXHIBIT      6
PAGE      50

FIRST REQUEST FOR PRODUCTION TO MGA

REQUEST FOR PRODUCTION NO. 99:

All doll heads, sculpts, prototypes, models, samples and tangible items that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that BRYANT produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to January 1, 2001.

REQUEST FOR PRODUCTION NO. 100:

All doll heads, sculpts, prototypes, models, samples and tangible items that support, refute or otherwise REFER OR RELATE TO any facts underlying YOUR Affirmative Defenses in this action.

DATED:  March 14, 2005

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _Shane McKenzie_
Shane Heather McKenzie
Attorneys for Plaintiff/Counter-defendant Mattel, Inc.

EXHIBIT _____6_____
PAGE _____51_____

FIRST REQUEST FOR PRODUCTION TO MGA

1

## PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

2   **STATE OF CALIFORNIA**           )
3   **COUNTY OF LOS ANGELES**    ) SS
                                               )

4       I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor,
5   Los Angeles, California 90017.

6       On March 14, 2005, I served the foregoing document described as **Mattel, Inc.'s First Set of Requests For Production of Documents And Tangible Things to MGA Entertainment Inc.**
7   on all interested parties in this action.

8                     **Robert F. Millman, Esq.**
                      **Douglas A. Wickham, Esq.**
9                          **Littler Mendelson**
                      **A Professional Corporation**
10                   2049 Century Park East, 5th Floor
                    Los Angeles, California 90067-3107
11                       **FAX: 310-553-5583**

12  [    ]   By placing [ ] the original [ ] true copies thereof enclosed in sealed envelopes addressed as follows:

13  [ X ]   **BY MAIL:**   I deposited such envelope in the mail at Los Angeles, California. The
14          envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that
15          practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that
16          on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

17  [ X ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s)
18          set forth above on this date.

19  Executed on March 14, 2005, at Los Angeles, California.

20  [    ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21  [ X ]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

22

23

24  Rebecca A. Ramos
    Print Name                              Signature

25

26

27

28

EXHIBIT ____6____
PAGE ____52____

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA     )
                        } SS

COUNTY OF LOS ANGELES    )

I am employed in the county of Los Angeles  State of California.  I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, California  90017.

On March 14, 2005, I served the foregoing document described as **Mattel, Inc.'s First Set of Requests For Production of Documents And Tangible Things to MGA Entertainment Inc.** on all interested parties in this action.

**Paula E. Ambrosini, Esq.**
**O'Melveny & Meyers**
400 So. Hope Street
Los Angeles, CA  90071
(213) 430-6407

[   ]   By placing [ ] the original [ ] true copies thereof enclosed in sealed envelopes addressed as follows:

[   ]   **BY MAIL:**   I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ **X** ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ **X** ]   **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the addressee.

Executed on March 14, 2005, at Los Angeles, California.

[   ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ **X** ]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Rebecca A. Ramos
Print Name

Signature

EXHIBIT _____ 6
PAGE _____ 53

# EXHIBIT 7

EXHIBIT _____ 6

PAGE _____ 59

1   DIANA M. TORRES (S.B. #162284)
   PAULA E. AMBROSINI (S.B. #193126)
2   O'MELVENY & MYERS LLP
   400 South Hope Street
3   Los Angeles, CA  90071-2899
   Telephone:  (213) 430-6000
4   Facsimile:   (213) 430-6407

5   DALE M. CENDALI *(admitted pro hac vice)*
   O'MELVENY & MYERS, LLP
6   Times Square Tower
   7 Times Square
7   New York, New York 10036
   Telephone:  (212) 326-2000
8   Facsimile:   (212) 326-2061

9   Attorneys for Defendant-in-Intervention
   MGA Entertainment, Inc.

**RECEIVED**

APR 1 4 2005

10

11

12          **UNITED STATES DISTRICT COURT**

13          **CENTRAL DISTRICT OF CALIFORNIA**

14

15

16 | MATTEL, INC., | Case No.  CV 04-09059 NM (RNBx) |

17 | Plaintiff, | **MGA ENTERTAINMENT, INC.'S** |

18 | v. | **RESPONSES TO MATTEL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND** |

19 | CARTER BRYANT and MGA ENTERTAINMENT, INC., | **TANGIBLE THINGS** |

20

21 | Defendant and Defendant-in-Intervention. |

22

23 | AND RELATED CROSS-CLAIMS |

24

25

26    EXHIBIT   7

27    PAGE   55

28

LA2:756234.3

MGA'S  RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

4-13

## PRELIMINARY STATEMENT

Defendant MGA Entertainment, Inc. ("MGA") has not yet completed its investigation relating to the facts of this action and has not completed preparation for trial.  MGA makes its response to these document requests ("requests," or individually, "request") based upon the information presently available to it and without prejudice to its right to amend or supplement its responses and to present evidence which may hereafter be discovered or become available.

MGA will respond to each request as it understands and interprets each request.  If Mattel, Inc. ("Mattel") subsequently asserts any interpretation of any request that differs from that of MGA, MGA reserves the right to supplement its objections and responses.

By making these responses, MGA does not concede that any of the information sought by these requests is relevant or discoverable.  MGA makes these responses and objections without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve:  (a) the right to object on any grounds to the use or introduction into evidence of the documents or information provided in response to these requests; (b) the right to object to the use of the documents or information provided in response to the requests in any subsequent proceeding in, or the arbitration of this or any other action; and (c) the right to object on any ground at any time to other requests or further discovery into any of the subject matters addressed in these requests or the responses thereto.

MGA shall not provide any privileged or protected information, including without limitation, information protected by the attorney-client privilege or the attorney work product doctrine, and nothing herein may be construed as a waiver of any applicable privilege or protection.  Any inadvertent production of privileged or protected documents or information shall not be construed as a waiver of any privilege or protection attaching thereto and MGA reserves the right to correct the record with regard

LA2:756234.3

1

EXHIBIT 7
PAGE 56

MGA'S RESPONSE TO 1ST SET OF REQUEST FOR PRODUCTION OF ~~DOCUMENTS~~

1  to any such information and to supplement or amend these responses, which

2  supplemental or amended response shall become the operative response.

3  **GENERAL OBJECTIONS**

4  1.   MGA objects to each and every request on the ground that production

5  at the date and time demanded will subject MGA to unwarranted oppression and undue

6  burden and expenses. The time set for compliance is unduly burdensome, especially in

7  light of the number of document requests, and the scope and volume of the material being

8  sought. MGA intends to proceed expeditiously to collect the documents for production, if

9  any, and will produce them at a date and time, and in such a manner, as may be mutually

10  agreed by counsel for the parties.

11  2.   MGA objects to each request to the extent that it seeks information

12  protected from discovery by the attorney-client privilege, work-product doctrine, right to

13  privacy, or any other applicable privilege.

14  3.   MGA objects to each request to the extent that it seeks the disclosure

15  of confidential, proprietary or trade-secret information. Should such documents be

16  otherwise responsive and non-objectionable, MGA will produce such documents subject

17  to the terms and conditions of the protective order governing this case.

18  4.   MGA objects to each request to the extent that it seeks documents in

19  Mattel's own possession, custody or control or that are accessible to Mattel from public

20  sources or from third parties.

21  5.   MGA objects to each request to the extent that it asks for documents

22  that are not relevant to claims or defenses in this case.

23  6.   MGA objects to each and every request to the extent it purports to

24  require MGA to search all documents and things within its possession, custody or control

25  or within the possession, custody or control of any of MGA's current or former

26  employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries,

27  divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other

28  person acting on its behalf, pursuant to its authority or subject to its control, on the

LA2:756234.3                                   2                  MGA'S RESPONSE TO 1ST SET OF
                                                                  REQUEST FOR PRODUCTION OF
                                                                  DOCUMENTS

EXHIBIT  7

PAGE  57

1    grounds that such request is unreasonable, overbroad, unduly burdensome and oppressive,

2    violates the right of privacy, and purports to require MGA to search for documents not

3    within its possession, custody or control.  MGA will make a reasonably diligent search for

4    responsive documents within its possession, custody or control.

5           7.      MGA objects to each and every request to the extent its seeks "all

6    documents" responsive to a certain category on the grounds that such request is overbroad

7    and unduly burdensome and oppressive.  MGA will produce otherwise unobjectionable

8    documents sufficient to provide Mattel with the information sought, following a

9    reasonably diligent search.  On grounds of oppression and undue burden, MGA will not

10   respond to duplicative or cumulative requests and will not re-produce documents it has

11   already produced or produce documents that it has received from Mattel or others in the

12   course of discovery in this matter.

13          8.      MGA objects to each request to the extent it seeks documents not

14   within MGA's possession, custody, or control.

15          9.      MGA objects to each request to the extent it seeks information

16   relating to activities or conduct in foreign countries.  In each instance in which MGA has

17   agreed to produce documents, such production is hereby expressly limited to documents

18   relating to domestic activities or conduct only.

19          10.     MGA objects to the defined terms "You," "Your," "Mattel," and

20   "Bryant" on the grounds that these terms, as defined, are overbroad, are vague and

21   ambiguous, and call for legal conclusions.

22          11.     MGA objects to the defined terms "Bratz" and "Angel" on the

23   grounds that these terms, as defined, are overbroad, are vague and ambiguous, and call for

24   legal conclusions.

25

26

27

28

LA2:756234.3                              3                   MGA'S RESPONSE TO 1ST SET OF
                                                             REQUEST FOR PRODUCTION OF
                                                                        DOCUMENTS
EXHIBIT 7
PAGE 58

1           **SPECIFIC OBJECTIONS AND RESPONSES**

2   **REQUEST FOR PRODUCTION NO. 1:**

3          All DOCUMENTS that REFER OR RELATE TO any agreement or contract

4   between YOU and BRYANT, including without limitation all drafts thereof and all actual

5   or proposed amendments, modifications and revisions thereto.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

7          MGA incorporates by reference the above-stated general objections as if fully set

8   forth herein.  MGA also objects to this request to the extent that it seeks information not

9   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

10   discovery of admissible evidence.  MGA also objects to this request on the grounds that it

11   is overbroad, unduly burdensome, and oppressive in seeking all documents that refer or

12   relate to any agreement or contract between MGA and Bryant.  MGA also objects to this

13   request on the grounds that it seeks confidential, proprietary or commercially sensitive

14   information, the disclosure of which would be inimical to the business interests of MGA.

15   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

16   privileged information or information protected from disclosure by the work-product

17   doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

18   to this request to the extent it seeks information the disclosure of which would implicate

19   the rights of third parties to protect private, confidential, proprietary or trade secret

20   information.  MGA also objects to this request to the extent that it seeks documents not in

21   MGA's possession, custody or control.

22          Subject to the foregoing, MGA will produce all relevant and responsive non-

23   objectionable documents in its possession, custody or control, if any, that it is able to

24   locate following a reasonably diligent search.

25   **REQUEST FOR PRODUCTION NO. 2:**

26          All DOCUMENTS that REFER OR RELATE TO the performance of any

27   agreement or contract between YOU and BRYANT.

28

LA2:756234.3

4

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 7 8
PAGE 59

1   maintained or transmitted in digital form.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

3       MGA incorporates by reference the above-stated general objections as if fully set

4   forth herein.  MGA also specifically objects to this request on the grounds that is it unduly

5   burdensome and oppressive, particularly as to the expense associated with producing to

6   Mattel in electronic form documents that MGA has already produced, or will produce in

7   response to these requests, in another form.

8       Subject to the foregoing, MGA will not produce documents in response to this

9   request.

10  **REQUEST FOR PRODUCTION NO. 94:**

11      The metadata for each DOCUMENT that YOU have produced in this action, or

12  that is responsive to these Requests, that is or was created, prepared, generated,

13  maintained or transmitted in digital form.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

15      MGA incorporates by reference the above-stated general objections as if fully set

16  forth herein.  MGA also specifically objects to this request on the grounds that is it unduly

17  burdensome and oppressive, particularly as to the expense associated with producing

18  metadata to Mattel for each digital document that MGA has already produced, or will

19  produce in response to these requests, if any.  MGA also objects to this request to the

20  extent it calls for the disclosure of attorney-client privileged information or information

21  protected from disclosure by the work-product doctrine, joint defense or common interest

22  privilege, or other privilege.

23      Subject to the foregoing, MGA will not produce documents in response to this

24  request.

25  **REQUEST FOR PRODUCTION NO. 95:**

26      All DOCUMENTS that support, refute or otherwise REFER OR RELATE TO any

27  facts underlying YOUR Affirmative Defenses in this action.

28

LA2:756234.3

83

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT  7 8

PAGE  60

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

2       MGA incorporates by reference the above-stated general objections as if fully set

3   forth herein.  MGA also specifically objects to this request on the grounds that it is

4   overbroad and unduly burdensome in that it calls for all documents that support, refute or

5   otherwise refer or relate to any facts underlying MGA's affirmative defenses.  MGA also

6   objects to this request on the grounds that it calls for legal conclusions.  MGA also objects

7   to this request on the grounds that it seeks information in Mattel's possession and/or in the

8   public record, and/or equally available to Mattel.  MGA also objects to this request to the

9   extent it calls for the disclosure of attorney-client privileged information or information

10  protected from disclosure by the work-product doctrine, joint defense or common interest

11  privilege, or other privilege.

12      Subject to the foregoing, MGA will produce all relevant and responsive non-

13  objectionable documents in its possession, custody or control, if any, that support its

14  affirmative defenses, that it is able to locate following a reasonably diligent search.

15  **REQUEST FOR PRODUCTION NO. 96:**

16      All doll heads, sculpts, prototypes, models, samples and tangible items that were

17  created, prepared or made, whether in whole or in part, prior to January 1, 2001 that

18  REFER OR RELATE TO BRATZ.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

20      MGA incorporates by reference the above-stated general objections as if fully set

21  forth herein.  MGA specifically objects to this request to the extent that it seeks tangible

22  items not within MGA's possession, custody or control.  MGA also objects to this request

23  to the extent it seeks information the disclosure of which would implicate the rights of

24  third parties to protect private, confidential, proprietary or trade secret information.  MGA

25  also specifically objects to this request on the grounds that it seeks confidential,

26  proprietary, or commercially sensitive information, the disclosure of which would be

27  inimical to the business interests of MGA.  MGA also objects to this request to the extent

28  it calls for the disclosure of attorney-client privileged information or information

EXHIBIT 7

PAGE 60

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

2       MGA incorporates by reference the above-stated general objections as if fully set

3   forth herein. MGA specifically objects to this request on the grounds that it seeks

4   information not relevant to the subject matter of this lawsuit or reasonably calculated to

5   lead to the discovery of admissible evidence and is, thus, overbroad including, without

6   limitation, in that it seeks tangible items relating to DESIGNS for dolls, doll accessories

7   or toys that are not at issue in this lawsuit, and in that it reaches back into time indefinitely

8   and, thus, for example, calls for documents referring or relating to DESIGNS Bryant

9   might have conceived of in his childhood and that have nothing whatsoever to do with this

10  action. MGA also objects to this request on the grounds that it seeks tangible items not

11  within MGA's possession, custody or control. MGA also objects to this request to the

12  extent it seeks information the disclosure of which would implicate the rights of third

13  parties to protect private, confidential, proprietary or trade secret information. MGA also

14  specifically objects to this request on the grounds that it seeks confidential, proprietary, or

15  commercially sensitive information, the disclosure of which would be inimical to the

16  business interests of MGA. MGA also objects to this request to the extent it calls for the

17  disclosure of attorney-client privileged information or information protected from

18  disclosure by the work product doctrine, joint defense or common interest privilege, or

19  other privilege.

20      Subject to the foregoing, MGA will produce all relevant and responsive non-

21  objectionable tangible items in its possession, custody or control, if any, that it is able to

22  locate following a reasonably diligent search.

23  **REQUEST FOR PRODUCTION NO. 100:**

24      All doll heads, sculpts, prototypes, models, samples and tangible items that

25  support, refute or otherwise REFER OR RELATE TO any facts underlying YOUR

26  Affirmative Defenses in this action.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

28      MGA incorporates by reference the above-stated general objections as if fully set

EXHIBIT _____7_____
PAGE _____6 (_____

1   forth herein.  MGA also specifically objects to this request on the grounds that it is

2   overbroad and unduly burdensome in that it calls for all tangible items that support, refute

3   or otherwise refer or relate to any facts underlying MGA's affirmative defenses.  MGA

4   also objects to this request on the grounds that it calls for legal conclusions.  MGA also

5   objects to this request to the extent it calls for the disclosure of attorney-client privileged

6   information or information protected from disclosure by the work-product doctrine, joint

7   defense or common interest privilege, or other privilege.

8        Subject to the foregoing, MGA will produce all relevant and responsive non-

9   objectionable documents in its possession, custody or control, if any, that support its

10  affirmative defenses, that it is able to locate following a reasonably diligent search.

11

12

13        AS TO OBJECTIONS ONLY:

14  Dated: April 13, 2005

15

16        DIANA M. TORRES
        PAULA E. AMBROSINI

17        O'MELVENY & MYERS LLP

18

19   By: _Paula Ambrosini_ /m/ JK

20        Paula E. Ambrosini

21        Attorneys for Defendant-in-Intervention
        MGA Entertainment, Inc.

22

23

24

25

26

27

28

MGA'S RESPONSE TO 1ST SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT ___7___
PAGE ___62___

## PROOF OF SERVICE

I, Jennifer R. Szoke, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On April 13, 2005, I served the within document:

**MGA ENTERTAINMENT, INC.'S RESPONSES TO MATTEL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS**

[X]  by transmitting via facsimile machine the document(s) listed above to the fax number(s) set forth below on this date. The outgoing facsimile machine telephone number in this office is (213) 430-6407.

[X]  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Keith Jacoby (by mail only)
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
Tel: (310) 553-0308
Fax: (310) 553-5583

Michael T. Zeller (by fax and mail)
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Tel: (213) 443-3000
Fax: (213) 443-3100

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on April 13, 2005, at Los Angeles, California.

_____
Jennifer R. Szoke

LA2:758376.1

EXHIBIT ___7___
PAGE ___63___