# EXHIBIT 8

EXHIBIT ___8___
PAGE ____64____



CONFORMED COPY
LODGED                    FILED

2007 MAY 16  PM 1:59  2007 MAY 16  PM 2:00

CLERK U.S. DISTRICT COURT  CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.    CENTRAL DIST. OF CALIF.
     RIVERSIDE                  RIVERSIDE
BY_____     BY_____

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:   (415) 774-2611
4  Facsimile:   (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                         EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                            JAMS Reference No. 1100049530
12          Plaintiff,
                                            Consolidated with
13      v.                                  Case No. CV 04-09059
                                            Case No. CV 05-2727
14  MATTEL, INC., a Delaware corporation,
                                            ORDER GRANTING MATTEL'S
15          Defendant.                      MOTION TO COMPEL PRODUCTION
                                            OF DOCUMENTS AND
16                                          INTERROGATORY RESPONSES BY
                                            MGA
17  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
18  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
19

20

21                         I.  INTRODUCTION

22      On February 2, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production

23  of Documents and Interrogatory Answers by MGA Entertainment, Inc. ("MGA"). On February

24  20, 2007, MGA submitted its opposition brief, and on February 26, 2007, Mattel submitted a

25  reply brief. The matter was heard on March 5, 2007. Thereafter the motion was taken under

26  submission pending the parties' submission of a proposed protective order, which was received

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                          1

EXHIBIT 8
PAGE 65

1  on April 23, 2007.  Having considered the motion papers and comments of counsel at the hearing,

2  Mattel's motion to compel is granted.

3  II.  BACKGROUND

4      A.  Requests for Documents

5        In June of 2004, two months after Mattel filed suit against Bryant, and before MGA

6  became a party to the action, Mattel served MGA with an eight-page subpoena for twenty-one

7  categories of documents, to be produced in ten days.  MGA filed a motion to quash, which the

8  court granted because of the short amount of time provided for compliance with the subpoena.

9  The parties met and conferred in July of 2004, and reached an agreement to limit the scope of

10  some of Mattel's requests.  In particular, the parties agreed to limit production to the "first

11  generation" Bratz dolls.  On August 12, 2004, MGA produced documents.

12        In 2005, the parties stipulated to supplementing their document productions on May 16,

13  2005.  Mattel agreed to continue limiting its discovery requests to "first generation" Bratz dolls.

14        In September of 2006, MGA made a supplemental production of documents.  On February

15  5, 2007, MGA produced about 2,300 pages of documents to replace earlier produced documents

16  with legibility problems.  On February 20, 2007, MGA produced an additional 224 pages of

17  documents to replace earlier produced documents with legibility problems.

18        Mattel now moves to compel MGA to produce documents responsive to its requests.  As a

19  preliminary matter, Mattel contends that MGA's production is deficient because it contains

20  redactions and cut-off text.  Further, Mattel contends that MGA's production is incomplete with

21  respect to essentially five categories of documents.  First, Mattel contends that MGA is

22  withholding documents relating to the origins of Bratz and Bryant's work for MGA.  Mattel

23  believes that MGA's production is incomplete based upon its review of documents that have been

24  produced by third party Steven Linker.  According to Mattel, Linker's documents from October

25  of 2000 show that Bratz was much farther along before Bryant left Mattel than MGA or Bryant

26  previously represented.  Mattel also contends that MGA's responses to the document requests

27

28

EXHIBIT _8_
PAGE _66_

1   contain inappropriate limitations, such as MGA's statement that it will produce "relevant and

2   responsive non-objectionable documents" or only that it will produce documents "sufficient" to

3   show when certain dates relating to Bratz occurred. Mattel contends that these "carve outs

4   purport to allow MGA to cherry-pick what it will and will not produce to Mattel." Mattel's

5   Separate Statement at 17:11-13. Mattel also contends that the carve-outs fail to provide notice of

6   what is or is not being withheld. Mattel also contends that MGA's objections based upon its

7   confidentiality concerns or the privacy rights of third parties are unwarranted in light of the

8   protective order in place. In addition, Mattel contends that MGA's objection to producing

9   documents relating to activities or conduct in foreign countries is wholly improper because those

10   documents may contain information relevant to Mattel's claims.

11         Second, Mattel seeks documents relating to the origins of Bratz, regardless of whether

12   such documents relate to the "first generation" Bratz dolls. Mattel argues that whether the work

13   ultimately resulted in Bratz dolls that were released at a particular time does not matter for

14   discovery purposes. Mattel contends that the works created by Bryant during his Mattel

15   employment are highly relevant because Mattel owns them, regardless of whether they resulted in

16   a Bratz doll released at a particular time.[1]

17         Mattel next contends that MGA is improperly withholding documents about designs

18   Bryant created on Bratz dolls that were released after June 2001, even though such designs may

19   be derivative of work he did when employed by Mattel. Mattel contends that it is entitled to

20   explore whether such works and the profits from Bratz dolls other than the "first generation"

21   Bratz dolls were derived from works owned by Mattel both for purposes of establishing liability

22   and damages. Furthermore, Mattel asserts that the "first generation" limitation on discovery is

23   improper in light of Bryant's continuing duty not to use Mattel's confidential and proprietary

24   information as well as MGA's unfair competition claims.

25   ――――――――――――――

26     [1] Mattel also reiterates many of the arguments it made previously in connection with its earlier filed motion to compel Bryant to produce documents.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

1    Mattel also asserts that MGA is improperly withholding documents relating to products,

2    services and matters other than those relating to "dolls." According to Mattel, it has evidence that

3    Bryant conceived of marketing and advertising ideas for the Bratz line while he was employed by

4    Mattel. Mattel contends that any such ideas or contributions may belong to it pursuant to the

5    Inventions Agreement.

6        Third, Mattel seeks documents relating to all of MGA's payments to Bryant, and not just

7    payments for the "first generation" Bratz dolls. Mattel asserts that such information is relevant

8    because (1) Mattel seeks all benefits Bryant received as a result of violating his duties to Mattel;

9    (2) under the Copyright Act, Mattel is entitled to all profits from infringement as well as actual

10   damages; and (3) payments may show when and what trade secret information Bryant and other

11   defendants allegedly misappropriated from Mattel.

12       Fourth, Mattel seeks documents relating to MGA's agreements with Bryant. Mattel

13   contends that all agreements between Bryant and MGA are relevant, not just the original

14   September 18, 2000 agreement. In particular, Mattel contends that it is entitled to discover all

15   documents relating to MGA and Bryant's alleged joint defense agreement because such

16   information would be relevant to demonstrate bias and lack of credibility.

17       Fifth, Mattel seeks production of all declarations, affidavits and other sworn written

18   statements from other cases that refer or relate to Bratz or Angel. Mattel contends that such

19   information may reveal relevant information about the date of creation of Bryant's Bratz

20   drawings.

21       In response, MGA denies withholding responsive documents and asserts that it has

22   produced volumes of documents responsive to Mattel's requests. In particular, MGA represents

23   that it has produced all responsive and relevant documents that it was able to locate in response to

24   request nos. 6, 7, 9, 26, 27, 32, 33, 34, 35, 36, 55, 69, and 70. Further, MGA asserts that even

25   before the motion was filed, it had agreed to address the vast majority of the issues raised in this

26   motion. In particular, MGA represents that it is diligently working to produce documents related

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT     8
PAGE     68

1    to Bratz other than "first generation" Bratz in response to request nos. 1, 2, 8, 10, 11, 43, 45, 46,

2    49, 50, 51, 53, 57, 59, 61, 63, 64, 66, 96, 97, 98, 99 and 100.  MGA represents that it informed

3    Mattel that it would produce documents pertaining to subsequent generations of Bratz dolls that

4    have been released on the market.  In addition, MGA represents that it has agreed to produce

5    documents relevant to Bratz or Prayer Angels that it received from Union Bank.  More

6    specifically, MGA represents that it agreed to review and produce documents provided to it by

7    Union Bank for the years 1999 – 2001 concerning payments that it could identify as being for

8    Bratz or Prayer Angels.  MGA also represents that it has agreed to produce royalty statements.

9    Therefore, MGA views the motion as unnecessary.

10          MGA next contends that Mattel's motion should be denied for the following additional

11   reasons.  First, MGA contends that Mattel is not entitled to MGA's product design documents for

12   unreleased products.  MGA asserts that its product design documents for its unreleased toy

13   concepts are among its most highly valuable trade secrets.  Furthermore, MGA contends that

14   designs and drawings for products currently under development, over six years after Bryant first

15   created his original Bratz drawings, have no relevance to any of Mattel's claims.  In the event that

16   documents relating to unreleased products are ordered produced, MGA requests a protective order

17   under Rule 26(c), Fed.R.Civ.P., that limits the dissemination of its documents more drastically

18   than the current protective order provides.  In the alternative, MGA requests that any order

19   compelling production of documents relating to unreleased products should essentially be stayed

20   until after MGA's products are publicly released.

21          Second, MGA contends that Mattel is not entitled to information concerning Bryant's

22   attorneys' fees because the information is privileged.  Furthermore, MGA contends that the

23   information is not relevant to demonstrate bias because "there is no dispute that Bryant's interests

24

25

26

27

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

                                                                                            5

EXHIBIT ___8___
PAGE ___69___

1    in this case are aligned with those of MGA, and that Bryant is 'biased' in that sense." MGA's

2    Opposition at 24:9-12.[2]

3         Third, MGA asserts that Mattel is not entitled to review all non-public witness statements

4    and litigation documents concerning Bratz for a variety of reasons, including because Mattel has

5    refused to produce similar types of documents.  More significantly, MGA contends that Mattel's

6    requests for non-public witness statements are "a blatant attempt to avoid the discovery

7    limitations imposed by both the Federal Rules of Civil Procedure and those additional limitations

8    imposed by this Court."  MGA's Opposition at 25:6-7.  MGA explains its position as follows.

9    MGA is involved in litigation against a number of counterfeiters and infringers in Asia.  In 2003,

10   Mattel allegedly began feeding documents concerning "Toon Teens" to those defendants in an

11   attempt to prove that Bryant created Bratz while working at Mattel, even though Mattel

12   abandoned its claims based upon "Toon Teens" in this court.  Thereafter, those defendants took

13   the position that MGA did not own, and therefore could not enforce, the rights to Bratz.  MGA

14   was thus forced to litigate the issue of ownership.  MGA contends that "[i]n effect, by prompting

15   foreign counterfeiters to espouse a theory that Mattel now admits has no merit, Mattel has created

16   a situation in which MGA has been forced to give testimony and provide evidence related to

17   issues in this case that Mattel now seeks to obtain wholesale."  MGA's Opposition at 25:5-24.

18        Fourth, MGA contends that Mattel is not entitled to documents concerning a family

19   dispute between MGA's chief executive officer and his brother because such documents are in no

20   way relevant to this lawsuit.  MGA explains that the brothers were involved in an arbitration

21   proceeding relating to MGA's CEO's purchase of his brother's interest in MGA.  Moreover,

22   MGA contends that the brothers were bound by a protective order prohibiting the use of any

23   documents or testimony for any purpose other than the arbitration.

24

25   ────────────────

26        [2]  Nevertheless, MGA represents that it has produced the only non-privileged document responsive to the request.

27

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                                    6

EXHIBIT ___8___
PAGE ___70___

1    Fifth, MGA contends that Mattel is not entitled to its chief executive officer's personnel
2    files because they contain confidential information and are not relevant to the lawsuit.  Sixth,
3    MGA contends that Mattel is not entitled to obtain documents from MGA that belong to, and are
4    in the possession, custody and control of, its indirect foreign subsidiary, MGA HK Ltd.  Lastly,
5    MGA objects to producing documents relating to any testing performed to determine the date that
6    Bratz documents were created.  MGA contends that such discovery is premature and should not
7    proceed until experts are designated.

8         B. Interrogatories

9    On April 28, 2005, Mattel served its Second Set of Interrogatories.  On May 20, 2005,
10   however, the district court stayed the action.  On May 17, 2006, the district court lifted the stay.
11   On May 30, 2006, MGA responded to the interrogatories.

12        Mattel contends that MGA's responses to the interrogatories were untimely.  Further,
13   Mattel contends that the interrogatory responses to numbers five through eleven are deficient
14   because they lack substantive information and consist almost entirely of objections.  MGA
15   responds that the motion is moot because it is prepared to provide supplemental responses to its
16   interrogatories.  MGA does not otherwise assert any additional grounds for opposing Mattel's
17   motion to compel responses to interrogatories.

18                                    III. DISCUSSION

19        A. Rule 26 of the Federal Rules of Civil Procedure

20        Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain
21   discovery regarding any matter, not privileged, that is relevant to the claim or defense of any
22   party."  Fed.R.Civ.P. 26(b)(1).  "Relevant information need not be admissible at trial if the
23   discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.
24   Discovery shall, however, be limited by the court if it determines that: "(i) the discovery sought is
25   unreasonably cumulative or duplicative, or is obtainable from some other source that is more
26   convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

27

28

EXHIBIT ____8____
PAGE ____71____

1    opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

2    expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

3    the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

4    the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

5    26(b)(2).

6        B.  Document Requests

7            1.  Requests re Origins of Bratz and Bryant's Work for MGA (Nos. 6, 26, 27, 32, 33,

8                34, 35, 51, 53, 55, 64, 69, 96, 97, 98, 99, 100

9        The requests above seek discoverable information regarding the origins of Bratz and

10   Bryant's work for MGA.  MGA represents that it has produced all responsive documents in

11   response to request nos. 6, 26, 27, 32, 33, 34, 35, 55,and  69 (MGA's Opposition at 13:4-5), and is

12   "diligently working to produce documents in response to" request nos. 51, 53, 64, 96, 97, 98, 99,

13   and 100, including documents related to Bratz other than "first generation" (MGA's Opposition at

14   14:1-4 and note 39).  MGA does, however, object to producing design documents for unreleased

15   products and documents from MGA Hong Kong.

16       As a threshold matter, MGA's responses are inadequate to the extent MGA has restricted

17   its production to "relevant and responsive non-objectionable documents" or documents

18   "sufficient" to show when events relating to Bratz occurred.  These restrictions suggest that MGA

19   might be excluding documents that are responsive to the request based upon its unilateral

20   determination of what is "relevant" or "sufficient."  Mattel shall provide the responses to

21   document requests ordered herein without these restrictions.

22                        Design Documents for Unreleased Products

23       MGA's design documents for unreleased products are relevant to Mattel's claims and

24   defenses and must be produced.  See Order Modifying Protective Order.  On April 23, 2007, the

25   parties submitted a stipulation to modify the existing protective order to limit the disclosure of

26   design documents for unreleased products that constitute trade secret information.  See Stipulation

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

                                                                                        8

EXHIBIT ___8___
PAGE ___72___

1    to Modify Protective Order; And Proposed Order Thereon ("stipulation").  The parties' stipulation

2    has been approved and entered as an order of the court.  MGA is ordered to produce design

3    documents for unreleased products that are responsive to Mattel's document requests in

4    accordance with the terms of the stipulation and order.

5                            <u>Documents from MGA Hong Kong</u>

6             Documents relating to activities or conduct in foreign countries are relevant and

7    discoverable because Mattel has evidence indicating that MGA Hong Kong was involved with

8    Bratz.  Nevertheless, MGA objects to producing documents from Hong Kong unless Mattel

9    provides reciprocal discovery from its subsidiaries.

10            Whether MGA is entitled to discovery from Mattel's subsidiaries has not been briefed in

11   the context of this motion, and therefore is not addressed herein.  MGA is ordered to produce

12   documents from MGA Hong Kong.

13            Mattel's motion is granted with respect to request nos. 6, 26, 27, 32, 33, 34, 35, 51, 53, 55,

14   64, 69, 96, 97, 98, 99, 100.

15            2. <u>Additional Requests re Origins of Bratz (Nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57, 59,</u>

16               <u>61, 63, 66, 67, 70, 88, 90, 91</u>

17            Mattel contends that MGA is improperly limiting its document production to the "first

18   generation" Bratz dolls.  MGA represents, however, that it has agreed to produce subsequent

19   generations of Bratz products (MGA's Opposition at 9:20-25, 13:6-14:1), except design

20   documents for yet unreleased products.

21            As stated previously, design documents for yet unreleased products are relevant and

22   discoverable.  <u>See</u> Order Modifying Protective Order.  Accordingly, MGA is ordered to produce

23   all non-privileged documents that are responsive to request nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57,

24   59, 61, 63, 66, 67, 70, 88, 90, and 91.

25            //

26            //

27

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                                        9

EXHIBIT    8

PAGE    73

3. <u>MGA's Payments to Bryant (Nos.43, 45)</u>

MGA represents that it has already agreed to produce documents related to Bratz, without limiting its production to "first generation" Bratz. MGA's motion at 13:7-14:3. Nevertheless, Mattel is entitled to an order compelling production of such documents by a date certain. Mattel's motion is granted with respect to request nos. 43 and 45.

4. <u>MGA's Agreements with Bryant (Nos. 1, 2, 49, 50)</u>

MGA represents that it has already agreed to produce non-privileged documents responsive to request nos. 1, 2, 49, and 50, even though it believes that such documents are not relevant (MGA's motion at 13:7-14:3). These requests seek documents relating to fee or indemnity agreements between MGA and Bryant .

Fee or indemnity agreements are relevant to demonstrate bias and lack of credibility. Accordingly, Mattel's motion is granted with respect to request nos. 1, 2, 49, and 50. Any responsive documents withheld on the basis of a privilege must be properly identified in a privilege log.

5. <u>Declarations, Affidavits & Other Sworn Written Statements (Nos. 37, 38, 39, 40, 41.</u>

In request nos. 37, 38, 390, 40, and 41, Mattel seeks production of declarations, affidavits, and other sworn written statements from cases that refer or relate to Bratz or Angel. Mattel anticipates that these documents could provide evidence relating to the conception date for Bratz.

Request nos. 37, 38, 39, 40, and 41 seek relevant information regarding the conception date for Bratz. MGA admits in its opposition brief that this issue was litigated in its suits against alleged counterfeiters and infringers.[3]  The issue also appears to have been raised in the arbitration proceedings between MGA's chief executive officer, Isaac Larian, and his brother Farhad Larian.  In those proceedings, Farhad Larian alleged that Isaac Larian concealed from him

---

[3]  Although MGA questions the propriety of Mattel providing assistance to the alleged counterfeiters and infringers in raising ownership of Bratz as a defense against MGA's claims, MGA has not cited to any legal authority that prohibits Mattel's conduct.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

10

EXHIBIT ___8___
PAGE ___74___

1   that MGA was developing Bratz by early 2000.  Nevertheless, MGA objects to producing

2   documents from the Larians' arbitration on the grounds that the arbitration was governed by a

3   protective order that prohibits the use of any documents or testimony for any purpose other than

4   the arbitration.  MGA, however, has not provided any evidence of the protective order.

5   Accordingly, Mattel's motion to compel is granted as to request nos. 37, 38, 39, 40 and 41.[4]

6           6. Documents Regarding Date-Testing (Request No. 92)

7           Mattel's request no. 92 seeks documents that refer or relate to "any testing of or sampling

8   from any documents that refer or relate to Bratz or Bryant, including without limitation any such

9   testing or sampling in connection with ink, paper or chemical analysis to date any such documents

10  and including without limitation all results and reports relating thereto."  MGA contends that the

11  request is premature, and should proceed in the course of expert discovery.

12          The request calls for relevant discovery and there is no basis for delaying production of

13  responsive documents, other than expert reports.  The timing of expert reports is governed by

14  Rule 26(a)(2)(C), Fed.R.Civ.P.  Accordingly, Mattel's motion is granted as to request no. 92.

15          C. Interrogatories

16          Mattel contends that MGA's responses to interrogatories were untimely, and therefore

17  MGA has waived its objections to the interrogatories.  Pursuant to Rule 33(b)(3), Fed.R.Civ.P.,

18  responses to interrogatories are due thirty days after service.  In this case, Mattel served its

19  interrogatories on April 28, 2005, and responses were initially due May 31, 2005.  The district

20  court, however, issued a stay on May 20, 2005, twenty-two days after the interrogatories were

21  served.  The district court lifted the stay on May 17, 2006.

22

23

24

25          [4]  In its discussion of the arbitration proceedings, MGA raises an objection to producing Isaac Larian's

26  personnel file based upon privacy grounds.  The personnel file may have documents relevant to Bratz, and therefore should be produced.  The protective order is sufficient to alleviate Mr. Isaac Larian's privacy concerns.

27

28

EXHIBIT ___8___
PAGE ___75___

1    Neither party has cited to any caselaw governing the calculation of the 30-day period

2    when there is an intervening stay in discovery.  In the absence of any caselaw, MGA's responses

3    will be treated as timely in order to preserve any valid objections MGA may have asserted.

4    Interrogatory No. 5 seeks the identity of each and every person who was involved in the

5    conception, origin, creation, design, development, sculpting, engineering, reduction to practice,

6    tooling or painting of, or who otherwise produced or contributed to any embodiment of Bratz

7    before December 31, 2001, including a description of each person's role and the start and end

8    dates of each person's involvement.  In response, MGA asserted numerous objections, but did

9    provide the names of five individuals.

10    The interrogatory clearly seeks information relevant to the claims at issue.  MGA's

11    objections are without merit.  The interrogatory is not vague, ambiguous, compound or overbroad.

12    Nor has MGA carried its burden of establishing that the interrogatory is unduly burdensome, calls

13    for confidential, proprietary or commercially sensitive information, or seeks information

14    protected by the attorney-client privilege.  Furthermore, MGA's response is incomplete insofar as

15    it fails to provide the description of each person's role and the start and end dates of each person's

16    involvement.  Accordingly, MGA is ordered to provide a complete response to Interrogatory No.

17    5 and identify documents in compliance with Rule 33(d), Fed.R.Civ.P.

18    Interrogatory No. 6 seeks the same information as Interrogatory No. 5 with respect to any

19    embodiment of Angel.  MGA is ordered to provide a complete response to Interrogatory No. 6 for

20    the reasons previously discussed in connection with Interrogatory No. 5.

21    Interrogatory No. 7 asks MGA to identify each and every embodiment of Bratz prior to

22    December 31, 2001.  In response, MGA asserted numerous objections and did not provide any

23    substantive information.

24    MGA's objections are without merit.  The interrogatory clearly seeks information relevant

25    to establishing when Bryant first conceived Bratz.  The interrogatory is not vague, ambiguous,

26    compound or overbroad.  Nor has MGA carried its burden of establishing that the interrogatory is

27

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

12

EXHIBIT    8
PAGE    76

1  unduly burdensome, calls for confidential, proprietary or commercially sensitive information, or

2  seeks information protected by the attorney-client privilege.  Accordingly, MG is ordered to

3  provide a complete response to Interrogatory No. 7.

4      Interrogatory No.8 asks MGA to identify each and every embodiment of Angel.  MGA is

5  ordered to provide a complete response to Interrogatory No. 8 for the reasons previously

6  discussed in connection with Interrogatory No. 7.

7      Interrogatory No. 9 requires MGA to identify each and every sworn statement that refers

8  or relates to the conception, origin, creation, design, development, sculpting, engineering, tooling

9  or painting of Bratz.  In response, MGA asserted numerous objections and did not provide any

10  substantive information.

11      The interrogatory seeks information relevant to establishing when Bryant first conceived

12  Bratz.  Furthermore, MGA's boiler-plate objections are unsubstantiated.  Accordingly, MGA is

13  ordered to provide a complete response to Interrogatory No. 9.

14      Interrogatory No. 10 requires MGA to identify each and every instance in which Bratz

15  was shown, displayed, or exhibited prior to June 1, 2001, including by stating the date(s) on

16  which each such instance occurred, the location of each show or exhibit, and the identity of

17  persons with knowledge of the shows or exhibits.  In response, MGA asserted numerous

18  objections and provided the following information:  Hong Kong Toy Fair in Hong Kong in or

19  about January 2001 and New York Toy Fair, New York, in or about February 2001.

20      Once again, MGA's boiler-plate objections are unsubstantiated.  The information is

21  potentially relevant to establish when Bryant conceived Bratz.  Further, the response is

22  incomplete insofar as it fails to identify any persons with knowledge.  Therefore, MGA is ordered

23  to provide a complete response to Interrogatory No. 10.

24      Interrogatory No. 11 requires MGA to state the "number for each and every telephone,

25  including without limitation each office, home and cell phone number, in the name of, for the

26  benefit of or for the account of Isaac Larian and any other telephone that Isaac Larian used from

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

13

EXHIBIT ___8___
PAGE ___77___

1    January 1, 1998 through the present, and IDENTIFY each and every carrier (including without

2    limitation any long-distance carrier) for each such number.  In response, MGA asserted numerous

3    boiler-plate objections.

4           Once again, MGA has failed to substantiate any of its objections with supporting

5    declarations or legal authorities.  Accordingly, all objections are overruled and MGA is ordered to

6    provide a full response to Interrogatory No. 11.

7                                          IV. CONCLUSION

8           For the reasons set forth above, Mattel's motion to compel production of documents is

9    granted.  MGA shall produce all non-privileged documents that are responsive to the requests

10   identified in this Order.  Further, MGA shall produce all documents in un-redacted form, except

11   for redactions that are justified by the attorney-client privilege or work product doctrine.  Mattel's

12   motion to compel interrogatory answers is also granted.  MGA shall produce documents and

13   provide responses to interrogatories consistent with this Order, and produce a privilege log in

14   compliance with Rule 26(b)(5), Fed.R.Civ.P., no later than May 31, 2007.  Mattel's request for

15   sanctions is denied.

16          Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

17   Master, Mattel shall file this Order with the Clerk of Court forthwith.

18

19

20

21   Dated: May 15, 2007

22                                              HON. EDWARD A. INFANTE (Ret.)
                                                        Discovery Master
23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

                                                                                        14

EXHIBIT _____ 5 _____
PAGE _____ 78 _____

# EXHIBIT 9

EXHIBIT ___8___
PAGE ___80___

RECEIVED

MAY 31 2007

1    DIANA M. TORRES (S.B. #162284)
     JAMES P. JENAL (S.B. # 180190)
2    O'MELVENY & MYERS LLP
     400 South Hope Street
3    Los Angeles, CA 90071-2899
     Telephone: (213) 430-6000
4    Facsimile: (213) 430-6407
     Email:    jjenal@omm.com
5
     DALE M. CENDALI (admitted pro hac vice)
6    O'MELVENY & MYERS LLP
     Times Square Tower, 7 Times Square
7    New York, New York 10036
     Telephone: (212) 326-2000
8    Facsimile: (212) 326-2061
9    PATRICIA GLASER (S.B. #55668)
     CHRISTENSEN, GLASER, FINK,
10   JACOBS, WEIL & SHAPIRO, LLP
     10250 Constellation Boulevard, 19th Floor
11   Los Angeles, CA 90067
     Telephone: (310) 553-3000
12   Facsimile: (310) 557-9815

13   Attorneys for MGA Entertainment, Inc.

14

15              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
16                    EASTERN DIVISION

17

18   CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                          (consolidated with CV 04-9059 & 05-2727)
19              Plaintiff,
                                          MGA ENTERTAINMENT INC.'s
20        v.                              SUPPLEMENTAL RESPONSE TO
     MATTEL, INC., a Delaware             MATTEL INC.'S FIRST SET OF
21   Corporation,                         REQUESTS FOR DOCUMENTS AND
                                          THINGS RE CLAIMS OF UNFAIR
                Defendant.                COMPETITION
22
23   CONSOLIDATED WITH                    Judge: Hon. Stephen G. Larson
     MATTEL, INC. v. BRYANT and
24   MGA ENTERTAINMENT, INC. v.           Discovery Cut-Off: T.B.D.
     MATTEL, INC.
25

26

27

28                                                    05/31/07

                                          MGA'S RESPONSE TO MATTEL'S FIRST SET
                                          OF REQUESTS FOR DOCMS AND THINGS
                                                  CV 04-09049 SGL (RNBX)

EXHIBIT 9
PAGE 81

## PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS

MGA Entertainment, Inc. ("MGA") has not yet completed its investigation relating to the facts of this action and has not completed preparation for trial.  MGA makes its response to these document requests ("requests," or individually, "request") based upon the information presently available to it and without prejudice to its right to amend or supplement its responses and to present evidence which may hereafter be discovered or become available.

MGA will respond to each request as it understands and interprets each request.  If Mattel, Inc. ("Mattel") subsequently asserts any interpretation of any request that differs from that of MGA, MGA reserves the right to supplement its objections and responses.

By providing these responses, MGA does not concede that any of the information sought by these requests is relevant or discoverable.  MGA makes these responses and objections without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve:  (a) the right to object on any grounds to the use or introduction into evidence of the documents or information provided in response to these requests; (b) the right to object to the use of the documents or information provided in response to the requests in any subsequent proceeding in, or the arbitration of this or any other action; and (c) the right to object on any ground at any time to other requests or further discovery into any of the subject matters addressed in these requests or the responses thereto.  MGA's production of documents is conditioned on the terms of the stipulated Protective Order that is in place in this action.

MGA shall not provide any privileged or protected information, including without limitation, information protected by the attorney-client privilege or the attorney work product doctrine, and nothing herein may be construed as a waiver of any applicable privilege or protection.  Any inadvertent production of privileged or protected documents or information shall not be construed as a waiver

- 2 -

1    of any privilege or protection attaching thereto and MGA reserves the right, as set
2    forth in the stipulated Protective Order in place in this action, to correct the record
3    with regard to any such information and to supplement or amend these responses,
4    which supplemental or amended response shall become the operative response.
5
6    **GENERAL OBJECTIONS**
7        1.      MGA objects to each and every request on the ground that
8    production at the date and time demanded will subject MGA to unwarranted
9    oppression and undue burden and expenses. The time set for compliance is unduly
10    burdensome, especially in light of the number of document requests, and the scope
11    and volume of the material being sought. MGA intends to proceed expeditiously to
12    collect the documents for production, and if any are identified, will produce them at
13    a date and time, and in such a manner, as may be mutually agreed by counsel for
14    the parties.
15        2.      MGA objects to each request to the extent that it seeks
16    information protected from discovery by the attorney-client privilege, work-product
17    doctrine, right to privacy, or any other applicable legal, statutory or constitutional
18    privilege.
19        3.      MGA objects to each request to the extent that it seeks the
20    disclosure of confidential, proprietary or trade secret information. Should such
21    documents be otherwise responsive and non-objectionable, MGA will produce such
22    documents subject to the terms and conditions of the Protective Order governing
23    this case.
24        4.      MGA objects to each request to the extent that it seeks
25    documents in Mattel's own possession, custody or control or that are equally
26    accessible to Mattel from public sources or from third parties.
27        5.      MGA objects to each request to the extent that it asks for
28    documents that are not relevant to claims or defenses in this case.

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT ___9___
PAGE ___83___

1           6.      MGA objects to each and every request to the extent it purports

2   to require MGA to search all documents and things within its possession, custody

3   or control or within the possession, custody or control of any of MGA's current or

4   former employees, officers, directors, agents, representatives, attorneys, parents,

5   subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest,

6   and any other person acting on its behalf, pursuant to its authority or subject to its

7   control, on the grounds that such request is unreasonable, overbroad, unduly

8   burdensome and oppressive, violates the right of privacy, and purports to require

9   MGA to search for documents not within its possession, custody or control.  MGA

10  will make a reasonably diligent search for responsive documents within its

11  possession, custody or control.

12          7.      MGA objects to each and every request to the extent its seeks

13  "all documents" responsive to a certain category on the grounds that such request is

14  overbroad, unduly burdensome and oppressive.  MGA will produce otherwise

15  unobjectionable documents sufficient to provide Mattel with the information

16  sought, following a reasonably diligent search.  On grounds of oppression and

17  undue burden, MGA will not respond to duplicative or cumulative requests and will

18  not re-produce documents it has already produced or produce documents that it has

19  received from Mattel or others in the course of discovery in this matter.

20          8.      MGA objects to each request to the extent it seeks documents

21  not within MGA's possession, custody, or control.

22          9.      MGA objects to each request to the extent it seeks information

23  relating to activities or conduct of other entities or non-parties.  In each instance in

24  which MGA has agreed to produce documents, such production is hereby expressly

25  limited to documents relating to its own activities or conduct only.

26         10.    MGA objects to the defined terms "You," "Your," and "Mattel,"

27  on the grounds that these terms, as defined, are overbroad, are vague and

28  ambiguous, and call for legal conclusions.

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT   9
PAGE     84

1        11.     MGA objects to the defined terms "Contested MGA Products,"

2  "Contested Bratz Doll Products," "Contested Bratz Petz Products," "Contested

3  Bratz Funky Fashion Makeover," "Contested 4-Ever Best Friends Products,"

4  "Contested Mommy's Little Doll Products," "Contested AlienRacerS Products,"

5  "Contested Mattel Products," "Contested Mattel My Scene Dolls and Products,"

6  "Contested Mattel My Scene Pets Products," "Contested Mattel My Scene Styling

7  Head," "Contested Mattel Wee-3 Products," "Contested Mattel Little Mommy

8  Doll" and "Contested Mattel AcceleRacerS Products" on the grounds that these

9  terms, as defined, are overbroad, are vague and ambiguous, and call for legal

10  conclusions.

11        12.     MGA objects to the defined term "Embodiment" on the ground

12  that this term, as defined, is overbroad, vague and ambiguous and calls for a legal

13  conclusion.  MGA further objects to the definition of this term in that it calls for the

14  production of trade secret and proprietary information that is unrelated to any claim

15  or defense in this litigation and is not reasonably calculated to lead to the discovery

16  of admissible evidence.

17

18              **SPECIFIC OBJECTIONS AND RESPONSES**

19  **REQUEST FOR PRODUCTION NO. 1:**

20        A sample of each of the CONTESTED MGA PRODUCTS, together with

21  each such product's packaging and all instructions, promotional literature, coupons,

22  bounce-back cards and any other materials inserted in or associated with such

23  packaging.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

25        MGA incorporates by reference the above-stated general objections as if

26  fully set forth herein.  MGA also specifically objects to this request to the extent

27  that it seeks information not relevant to the subject matter of this lawsuit or

28  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT ___9___
PAGE ___85___

1   objects to this request on the grounds that it is overbroad, unduly burdensome, and

2   oppressive in seeking all packaging and instructions, promotional literature,

3   coupons, bounce-back cards and any other materials inserted in or associated with

4   the packaging of MGA's products at issue in this litigation.

5          Subject to the foregoing, MGA will produce responsive, non-privileged

6   documents that are visible to the consuming public at the point-of-purchase, if any,

7   that it is able to locate following a reasonably diligent search.

8   **REQUEST FOR PRODUCTION NO. 2:**

9          A sample of each display, including but not limited to each point-of-purchase

10  or in-store display, prepared, produced, printed, manufactured or used in connection

11  with the CONTESTED MGA PRODUCTS.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

13         MGA incorporates by reference the above-stated general objections as if

14  fully set forth herein.  MGA also specifically objects to this request to the extent

15  that it seeks information not relevant to the subject matter of this lawsuit or

16  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

17  objects to this request on the grounds that it is overbroad, unduly burdensome, and

18  oppressive in seeking a "sample of each display, including but not limited to each

19  point-of-purchase or in-store display, prepared, produced, printed, manufactured or

20  used in connection with" MGA's products at issue in this litigation.

21         Subject to the foregoing, MGA will produce responsive, non-privileged

22  documents in its possession, custody or control, if any, responsive to this request

23  that it is able to locate following a reasonably diligent search.

24  **REQUEST FOR PRODUCTION NO. 3:**

25         A complete copy of each advertisement or promotional statement prepared,

26  produced, printed, broadcast, made available to anyone in any manner via the

27  Internet, or otherwise used or disseminated in any way in connection with the

28  CONTESTED MGA PRODUCTS.

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 9
PAGE 86

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking "a complete copy of each advertisement or promotional statement prepared, produced, printed, broadcast, made available to anyone in any manner via the Internet, or otherwise used or disseminated in any way in connection with" MGA's products at issue in this litigation.

Subject to the foregoing, MGA will produce responsive, non-privileged documents in its possession, custody or control, if any, responsive to this request that were made available to the consuming public, that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 4:**

A complete copy of each COMMUNICATION, advertisement, promotional statement that provides a basis for any claim by YOU against MATTEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking a "complete copy of each COMMUNICATION, advertisement, promotional statement" that provides a basis for any claim by MGA against MATTEL.

Subject to the foregoing, MGA will produce responsive, non-privileged documents in its possession, custody or control, if any, responsive to this request that were made available to the public, that it is able to locate following a reasonably diligent search.

- 7 -

EXHIBIT 9
PAGE 87

1  **REQUEST FOR PRODUCTION NO. 5:**

2    All DOCUMENTS RELATING TO the invention, creation, origin,

3  conception, authorship, and ownership of the CONTESTED MGA PRODUCTS.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

5    MGA incorporates by reference the above-stated general objections as if

6  fully set forth herein.  MGA also specifically objects to this request to the extent

7  that it seeks information not relevant to the subject matter of this lawsuit or

8  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

9  objects to this request on the grounds that it is overbroad, unduly burdensome, and

10  oppressive in seeking all documents relating to the invention, creation, origin,

11  conception, authorship, and ownership of MGA's products.  MGA also objects to

12  this request to the extent it seeks information the disclosure of which would

13  implicate the rights of third parties to protect private, confidential, proprietary or

14  trade secret information.  MGA also objects to this request on the grounds that it

15  seeks confidential, proprietary or commercially sensitive information, the

16  disclosure of which would be inimical to the business interests of MGA.  MGA also

17  objects to this request to the extent it calls for the disclosure of attorney-client

18  privileged information or information protected from disclosure by the work-

19  product doctrine, joint defense or common interest privilege, or other privilege.

20  MGA also objects to this request to the extent that it seeks documents not in

21  MGA's possession, custody or control.

22  **REQUEST FOR PRODUCTION NO. 6:**

23    All DOCUMENTS RELATING TO the invention, creation, origin,

24  conception, authorship, and ownership of any product packaging that provides a

25  basis for any claim by YOU against MATTEL.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

27    MGA incorporates by reference the above-stated general objections as if

28  fully set forth herein.  MGA also specifically objects to this request to the extent

- 8 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT ___9___
PAGE ___88___

1   that it seeks information not relevant to the subject matter of this lawsuit or

2   reasonably calculated to lead to the discovery of admissible evidence. MGA also

3   objects to this request on the grounds that it is overbroad, unduly burdensome, and

4   oppressive in seeking all documents relating to the invention, creation, origin,

5   conception, authorship, and ownership of any product packaging that provides a

6   basis for any claim by MGA against MATTEL. MGA also objects to this request

7   to the extent it seeks information the disclosure of which would implicate the rights

8   of third parties to protect private, confidential, proprietary or trade secret

9   information. MGA also objects to this request on the grounds that it seeks

10  confidential, proprietary or commercially sensitive information, the disclosure of

11  which would be inimical to the business interests of MGA. MGA also objects to

12  this request to the extent it calls for the disclosure of attorney-client privileged

13  information or information protected from disclosure by the work-product doctrine,

14  joint defense or common interest privilege, or other privilege. MGA also objects to

15  this request to the extent that it seeks documents not in MGA's possession, custody

16  or control.

17  **REQUEST FOR PRODUCTION NO. 7:**

18      All DOCUMENTS RELATING TO COMMUNICATIONS with any

19  PERSON regarding the invention, creation, origin, conception, authorship, and

20  ownership of the CONTESTED MGA PRODUCTS.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

22      MGA incorporates by reference the above-stated general objections as if

23  fully set forth herein. MGA also specifically objects to this request to the extent

24  that it seeks information not relevant to the subject matter of this lawsuit or

25  reasonably calculated to lead to the discovery of admissible evidence. MGA also

26  objects to this request on the grounds that it is overbroad, unduly burdensome, and

27  oppressive in seeking *all* documents relating to communications with *any* person

28  regarding the invention, creation, origin, conception, authorship, and ownership of

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT   9
PAGE      89

1   MGA products at issue in this litigation.  MGA also objects to this request to the

2   extent it seeks information the disclosure of which would implicate the rights of

3   third parties to protect private, confidential, proprietary or trade secret information.

4   MGA also objects to this request on the grounds that it seeks confidential,

5   proprietary or commercially sensitive information, the disclosure of which would

6   be inimical to the business interests of MGA.  MGA also objects to this request to

7   the extent it calls for the disclosure of attorney-client privileged information or

8   information protected from disclosure by the work-product doctrine, joint defense

9   or common interest privilege, or other privilege.  MGA also objects to this request

10  to the extent that it seeks documents not in MGA's possession, custody or control.

11  **REQUEST FOR PRODUCTION NO. 8:**

12        All DOCUMENTS RELATING TO COMMUNICATIONS with any

13  PERSON regarding the invention, creation, origin, conception, authorship, and

14  ownership of all product packaging that provides a basis for any claim by YOU

15  against MATTEL.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

17        MGA incorporates by reference the above-stated general objections as if

18  fully set forth herein.  MGA also specifically objects to this request to the extent

19  that it seeks information not relevant to the subject matter of this lawsuit or

20  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

21  objects to this request on the grounds that it is overbroad, unduly burdensome, and

22  oppressive in seeking *all* documents relating to communications with *any* person

23  regarding the invention, creation, origin, conception, authorship, and ownership of

24  all product packaging that provides a basis for any claim by MGA against

25  MATTEL.  MGA also objects to this request to the extent it seeks information the

26  disclosure of which would implicate the rights of third parties to protect private,

27  confidential, proprietary or trade secret information.  MGA also objects to this

28  request on the grounds that it seeks confidential, proprietary or commercially

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT   9
PAGE      90

1  sensitive information, the disclosure of which would be inimical to the business

2  interests of MGA.  MGA also objects to this request to the extent it calls for the

3  disclosure of attorney-client privileged information or information protected from

4  disclosure by the work-product doctrine, joint defense or common interest

5  privilege, or other privilege.  MGA also objects to this request to the extent that it

6  seeks documents not in MGA's possession, custody or control.

7  **REQUEST FOR PRODUCTION NO. 9:**

8        All DOCUMENTS RELATING TO the invention, creation, origin,

9  conception, authorship, design, development, production, engineering, manufacture,

10  distribution, sale, and ownership of products and packaging that YOU contend

11  provide a basis for any claim against MATTEL, whether or not such claim is made

12  in the COMPLAINT.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

14        MGA incorporates by reference the above-stated general objections as if

15  fully set forth herein.  MGA also specifically objects to this request to the extent

16  that it seeks information not relevant to the subject matter of this lawsuit or

17  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

18  objects to this request on the grounds that it is overbroad, unduly burdensome, and

19  oppressive in seeking *all* documents relating to the "invention, creation, origin,

20  conception, authorship, design, development, production, engineering, manufacture,

21  distribution, sale and ownership of products and packaging" that MGA contends

22  provides a basis for MGA's claims against MATTEL, including whether or not

23  such claim is made in the Complaint.  MGA also objects to this request to the

24  extent it seeks information the disclosure of which would implicate the rights of

25  third parties to protect private, confidential, proprietary or trade secret information.

26  MGA also objects to this request on the grounds that it seeks confidential,

27  proprietary or commercially sensitive information, the disclosure of which would

28  be inimical to the business interests of MGA.  MGA also objects to this request to

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT  9

PAGE  91

1 the extent it calls for the disclosure of attorney-client privileged information or
2 information protected from disclosure by the work-product doctrine, joint defense
3 or common interest privilege, or other privilege.  MGA also objects to this request
4 to the extent that it seeks documents not in MGA's possession, custody or control.
5 **REQUEST FOR PRODUCTION NO. 10:**
6     All DOCUMENTS RELATING TO the invention, creation, origin,
7 conception, authorship, design, development, production, engineering, manufacture,
8 distribution, sale, and ownership of all products and packaging that YOU contend
9 MATTEL copied or infringed.
10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**
11     MGA incorporates by reference the above-stated general objections as if
12 fully set forth herein.  MGA also specifically objects to this request to the extent
13 that it seeks information not relevant to the subject matter of this lawsuit or
14 reasonably calculated to lead to the discovery of admissible evidence.  MGA also
15 objects to this request on the grounds that it is overbroad, unduly burdensome, and
16 oppressive in seeking *all* documents relating to the "invention, creation, origin,
17 conception, authorship, design, development, production, engineering, manufacture,
18 distribution, sale, and ownership of all products and packaging" that MGA
19 contends MATTEL copied or infringed.  MGA also objects to this request to the
20 extent it seeks information the disclosure of which would implicate the rights of
21 third parties to protect private, confidential, proprietary or trade secret information.
22 MGA also objects to this request on the grounds that it seeks confidential,
23 proprietary or commercially sensitive information, the disclosure of which would
24 be inimical to the business interests of MGA.  MGA also objects to this request to
25 the extent it calls for the disclosure of attorney-client privileged information or
26 information protected from disclosure by the work-product doctrine, joint defense
27 or common interest privilege, or other privilege.  MGA also objects to this request
28 to the extent that it seeks documents not in MGA's possession, custody or control.

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 1
PAGE 72

1  objects to this request on the grounds that it is overbroad, unduly burdensome, and

2  oppressive.  MGA further objects that this request is duplicative and redundant.

3

4

5      Dated:      May 31, 2007          O'MELVENY & MYERS LLP

6

7                                    By: _Alicia C Meyer_____

8                                         Alicia C. Meyer
                                         Attorneys for MGA Entertainment, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 91 -

EXHIBIT __9__
PAGE ____93____

1

## PROOF OF SERVICE

2          I, Jan Wallis, declare:

3          I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles,
4  California 90071-2899.  On May 31, 2007, I served the within document(s):

5          **MGA ENTERTAINMENT INC.'S SUPPLEMENTAL**
           **RESPONSE TO MATTEL INC.'S FIRST SET OF**
6          **REQUESTS FOR DOCUMENTS AND THINGS RE CLAIMS**
           **OF UNFAIR COMPETITION**

7

8     ☒    by causing to be personally served the document(s) listed above to the person(s) listed below.

9          Scott B. Kidman, Esq.
           Quinn Emanuel Urquhart Oliver & Hedges, LLP
10         865 South Figueroa Street, 10th Floor
           Los Angeles, CA 90017

11

12    ☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set
13         forth below.  I am readily familiar with the firm's practice of collecting and processing correspondence for mailing.  Under that practice it would be deposited
           with the U.S. Postal Service on that same day with postage thereon fully prepaid in
14         the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is
15         more than one day after date of deposit for mailing in affidavit.

16

17         Patricia Glaser, Esq.                    Michael H. Page, Esq.
           Christensen, Glaser, Fink, Jacobs,       Keker & Van Nest LLP
18         Weil & Shapiro, LLP                      710 Sansome Street
           10250 Constellation Blvd.,               San Francisco, CA 94111
19         19th Floor
           Los Angeles, CA 90067

20

21         I declare under penalty of perjury under the laws of the United States that the above is true and correct.
22

23         Executed on May 31, 2007, at Los Angeles, California.

24

25                                        _Jan Wallis_
                                          Jan Wallis
26

27

28

LA2:817525.1

EXHIBIT ___9___
PAGE ___9.4___

# EXHIBIT 10

EXHIBIT _10_
PAGE _95_

RightFAX                    1?/4/2007 9:22   PAGE 003/004   Fax Server

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    CV 04-09049 SGL(RNBx)              Date: December 3, 2007
Title:      CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS
==========================================================================

PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            Jim Holmes                          Theresa Lanza
            Courtroom Deputy Clerk              Court Reporter

ATTORNEYS PRESENT FOR CARTER            ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

Matthew M. Werdegar                     Michael T. Zeller
                                        B. Dylan Proctor
                                        Jon D. Corey


ATTORNEYS PRESENT FOR MGA:              ATTORNEY PRESENT FOR CARLOS
                                        GUSTAVO MACHADO GOMEZ:

Thomas J. Nolan                         Alexander H. Cote
Carl A. Roth
Ryan Weinstein

PROCEEDINGS:   ORDER GRANTING MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL
               INTERROGATORY; ORDER DENYING MOTION TO STRIKE (OR
               ALTERNATIVELY, FOR SUMMARY JUDGMENT AS TO) AFFIRMATIVE
               DEFENSES

        The Court heard argument on these motions on December 3, 2007.  For reasons discussed
on the record, the Court GRANTS the motion for leave to serve a supplemental interrogatory.
Mattel may serve on all opposing parties, and all parties served shall answer without objection
thereto, the following interrogatory:

        State the facts upon which YOU intend to rely at trial to support YOUR
        affirmative defenses, and IDENTIFY all PERSONS with knowledge of those facts and

MINUTES FORM 90                                Initials of Deputy Clerk __jh_____
CIVIL -- GEN                    1              Time: 00/45

EXHIBIT    _10_
PAGE       _96_

all DOCUMENTS that REFER OR RELATE TO those facts.

In light of the Court's granting of the motion for leave to file a supplemental interrogatory, the motion to strike (or alternatively, for summary judgment as to) MGA's affirmative defenses is DENIED WITHOUT PREJUDICE pending completion of discovery in this action.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN                              2

Initials of Deputy Clerk __jh_____
Time: 00/45

EXHIBIT _10_
PAGE ___97___

# EXHIBIT 11

EXHIBIT 
PAGE

# REDACTED

# SUBJECT TO

# PROTECTIVE

# ORDER

# EXHIBIT 12

EXHIBIT __12__
PAGE __105__

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
Priority ___    Send ✓
Entered ✓    Closed ___
JS-5/JS-6 ___    JS-2/JS-3 ___
Scan Only ___    Docketed on CM ✓
___THIS CONSTITUTES NOTICE OF
ENTRY AS REQUIRED BY FRCP 77(d)
82907
EASTERN DIVISION
BY ___ DEPUTY

# PRIORITY SEND
## & ENTERED

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
## CIVIL MINUTES – GENERAL

Case No.    CV 04-09049 SGL (RNBx)                    Date: August 27, 2007

Title:    CARTER BRYANT -v- MATTEL, INC.
          AND CONSOLIDATED ACTIONS

==========================================================================

PRESENT:    HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Gina L. Guzman                          Theresa Lanza
Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR CARTER            ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

John W. Keker, Esq.                     John B. Quinn, Esq.
(morning session only)                  Michael T. Zeller, Esq.
                                        Jon D. Corey, Esq.

ATTORNEYS PRESENT FOR MGA:

Patricia Glaser, Esq.
Diana M. Torres, Esq.

PROCEEDINGS:    ORDER DENYING MOTION FOR TERMINATING SANCTIONS;
                ORDER DENYING REQUEST FOR INTERLOCUTORY
                APPEAL; ORDER REQUIRING FILING OF AFFIDAVITS RE
                EVIDENCE PRESERVATION

This matter is before the Court on MGA's and Carter Bryant's Motion for Terminating
Sanctions, filed on July 24, 2007 (docket #689). This matter was heard on August 27, 2007, at
which time it was taken under submission. The Court has considered the moving, opposition, and
reply briefs, as well as the many declarations and other evidence presented by the parties. The

MINUTES FORM 90                                    Initials of Deputy Clerk _glg_
CIVIL – GEN                                        Time: 02/52
                          1                        Docket No. 895

EXHIBIT ___12___
PAGE ___106___

Case 2:04-cv-09049-DOC-RNB Document 6857-4 Filed 09/25/09 Page 38 of 41 Page ID
#:228141
Case 2:04-cv-09049-SGL-RNB Document 895 Filed 08/27/2007 Page 2 of 5

Court has also considered the arguments presented at the August 27 hearing and the sworn
testimony given by Michael C. Moore, in-house counsel for Mattel. Although at the hearing the
Court indicated it would defer ruling on the present motion pending further filings by all parties
regarding their efforts to preserve evidence, upon further reflection the Court sees no reason to
delay ruling on the current motion.[1] As set forth below, the Court **DENIES** the motion.

Based on their inherent power to sanction for "abusive litigation practices," district courts
may impose sanctions against a party who destroys evidence, including the ultimate sanction of
dismissal. Leon v. IDX Systems Corp., 464 F.3d 951, 958 (9th Cir. 2006). Dismissal is a harsh
sanction, which may nonetheless be imposed upon those parties who have "engaged deliberately
in deceptive practices that undermine the integrity of judicial proceedings." Anheuser-Busch, Inc.
v. Natural Beverage Distributors, 69 F.3d 337, 348 (9th Cir. 1995). However, before imposing the
ultimate sanction of dismissal, district courts should consider five factors:  "(1) the public's interest
in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of
prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their
merits; and (5) the availability of less drastic sanctions." Id. Nevertheless, district courts need not
make explicit findings regarding each of these factors and, in any event, "a finding of willfulness,
fault, or bad faith is required for dismissal to be proper." Leon, 464 F.3d 951, 958 (9th Cir. 2006)
(internal quotation marks and citation omitted).

"A party's destruction of evidence qualifies as willful spoliation if the party has 'some notice
that the documents were potentially relevant to the litigation before they were destroyed.'" Id. at
959 (quoting United States v. Kitsap Physicians Serv., 314 F.3d 995, 1001 (9th Cir. 2002) (finding
no willful spoliation where documents were destroyed in the routine course of business)). Neither
Leon nor Kitsap elaborate on when a party has the "notice" necessary to trigger the duty to
preserve evidence. However, in In re Napster, Inc. Copyright Litigation, 462 F.Supp.2d 1060,
1068 (N.D. Cal. 2006), the district court presented a persuasive discussion of the standard, first
rejecting an argument that the duty to preserve evidence arises only when litigation is "imminent,"
and then setting forth a lesser standard. Specifically, the Napster court noted that the duty arose
"when a party should have known that the evidence may be relevant to future litigation," and that
any such "future litigation" must be "probable," and not merely "possibl[e]." (internal quotation
marks and citation omitted).

Keeping in mind these standards, the Court turns to the categories of evidence MGA and
Bryant allege that Mattel has despoiled. As articulated by the Court at the hearing on this matter,
those categories are (1) Mattel employees' emails, (2) documents maintained on the Zeus
document storage system, (3) the delay in producing certain Rule 30(b)(6) witnesses, (4) Carter

---

[1]  By the same token, upon further reflection, the Court sees no reason to delay ruling on
MGA's request for interlocutory appeal of the present order.  See 28 U.S.C. § 1292(b) (stating that
certifications for interlocutory appeal should be set forth in the order to be appealed).  The Court's
ruling on that matter appears infra.

Initials of Deputy Clerk ___glg_____
Time: 02/52
Docket No. 895

EXHIBIT ___12____
PAGE _____107_____

Bryant's missing phone records, and (5) *Carter Bryant's missing time records.*

In considering the arguments of the parties regarding when Mattel's duty to begin to preserve evidence arose, the Court determines that November 24, 2003, marks the date when litigation between Mattel and Bryant became more than merely speculative and in fact became probable. On this date, in-house counsel for Mattel received in discovery in an unrelated action a copy of a contract between MGA and Bryant that pre-dated Bryant's resignation from Mattel. This contract appeared to Mattel to violate certain employment agreements executed by Bryant and Mattel, thus giving rise to one of the current consolidated actions. Although prior to this date an internal investigation may have raised a <u>suspicion</u> on Mattel's part that litigation might arise, there was no evidence presented to the Court that Mattel should have known it had a viable claim against Bryant before November 2003. <u>Cf.</u> Fed. R. Civ. P. 11(b)(3) ("By presenting to the court . . . a pleading . . . , an attorney
. . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .").

The Court heard testimony from Michael C. Moore, in-house counsel for Mattel, regarding the efforts to preserve email communications and other evidence. Counsel for MGA and Bryant cross-examined Mr. Moore at the hearing on this matter. The Court credits his testimony. The efforts Mr. Moore described regarding the preservation of emails is reasonable, and certainly does not amount to spoliation. Moore described communications with specific individuals identified by Mattel as those most likely to have information relevant to the litigation and efforts made to preserve any evidence those individuals had in their custody or control. Emails not otherwise archived from the relevant time period – mostly September and October, 2000 – had already been deleted from Mattel's email servers in accordance with its email retention policies. Mattel cannot be faulted for deleting these emails in the regular course of business before it had notice of its claims against Bryant.

In April, 2005, the current litigation took a dramatic turn, when MGA filed suit against Mattel. At that time, <u>all</u> Mattel employees were instructed to maintain any evidence potentially relevant to the litigation. When that suit was filed, Mattel took action to preserve all of its emails, capturing emails that date back to December, 2004. They retain these backup tapes to this day. MGA and Bryant make much of Mattel's failure to suspend its 90-day auto-delete policy regarding emails, but fail to address two key points: First, Mattel altered only the storage mechanism for its emails, it did not actually delete any emails; and second, Mattel, a number of years ago, informed MGA that it was not planning on suspending its 90-day auto-delete policy, and MGA did not at that time object.

As for the Zeus tapes, there is simply no evidence of spoliation. First and foremost, as the system has been described to the Court, the system is a cumulative file system that continues to accumulate. The system is still in operation, does not have an auto-delete function, and

EXHIBIT _____12_____
PAGE _____108_____

information dating back to all relevant time period in this case may be accessed from it. Additionally, Mattel's in-house counsel testified as to the existence of several backup tapes that it can make available to MGA and Bryant. Finally, outside of pure speculation, there is no evidence that anyone has deleted anything from the Zeus system. Although production issues may still remain with respect to these data, preservation of this data, in the Court's view, is simply not an issue based on the record before the Court.

The delay in producing certain Rule 30(b)(6) witnesses is not a proper basis for terminating sanctions in this case. No motions to compel were brought to compel these witnesses's depositions at earlier times, and MGA and Bryant's accusations that the delay in producing them for deposition is part of a cover-up of the destruction of evidence is mere unfounded speculation. Moreover, the Court is mindful that MGA has been found by the discovery master to be guilty of the very same unexcused delay of which it accuses Mattel. See August 14, 2007, J. Infante Order, at 8 and 9 (attached to the Supplemental Proctor Decl. as Ex. 1).

Although Mattel is at a loss to explain the missing phone records from the critical month of October, 2000, there is no evidence that the records were destroyed. Moreover, other evidence presented by Mattel, especially phone records produced by Bryant that show he was in contact with MGA during that time period, suggest that the missing records would not assist Bryant.

The "missing" time records were either never created or were deleted. There is no evidence that the latter occurred. In fact, the only evidence on this point, from Mattel's Rule 30(b)(6) witness, is that although deletion of time records is possible, he was unaware of any instances of that occurring. Artavia Depo. 116, 170-71.

In sum, MGA and Bryant have failed to present any evidence regarding the "willfulness, fault, or bad faith" required to justify the imposition of terminating sanctions. Leon, 464 F.3d at 958. Many of MGA and Bryant's allegations, especially those raised in connection with Mattel's failure to suspend its auto-delete policy (portrayed as a wholesale failure to preserve emails less than 90-days old) and the availability of data from the Zeus system, are nothing more than rhetoric laced with hyperbole. Other allegations, such as Mattel's motive for delaying certain Rule 30(b)(6) depositions, and the destruction of Bryant's October, 2000, phone records and time records, are nothing more than sheer speculation, unsupported by evidence. Although counsel impressed upon the Court MGA's conviction of the righteousness of its cause, such overzealous conviction as witnessed by the Court at the hearing is no substitute for proof.

Accordingly, the Court DENIES MGA's and Bryant's Motion for Terminating Sanctions.

At the hearing, counsel for MGA and Bryant requested the Court certify the present order for interlocutory appeal. That request is DENIED. Permissive interlocutory appeals are governed by 28 U.S.C. § 1292(b):

When a district judge, in making in a civil action an order not otherwise

MINUTES FORM 90
CIVIL -- GEN

4

Initials of Deputy Clerk ___gjg_____
Time: 02/52
Docket No. 895

EXHIBIT ___12___
PAGE ___109___

Case 2:04-cv-09049-DOC-RNB    Document 6857-4    Filed 09/25/09    Page 41 of 41   Page ID
#:228144
Case 2:04-cv-09049-SGL-RNB    Document 895    Filed 08/27/2007    Page 5 of 5

appealable under this section, shall be of the opinion that such order involves a
controlling question of law as to which there is substantial ground for difference of
opinion and that an immediate appeal from the order may materially advance the
ultimate termination of the litigation, he shall so state in writing in such order.

Id. Here, there is no "controlling question of law" in controversy. The law is quite settled.
Accordingly, certification for interlocutory appeal of the present order is unwarranted.

As stated at the hearing, the Court **ORDERS** all parties to set forth, in affidavit form, their
preservation efforts and policies with respect to the present litigation on or before September 10,
2007.

**IT IS SO ORDERED.**

Initials of Deputy Clerk __glg_____
Time: 02/52
**Docket No. 895**

EXHIBIT _____ 12
PAGE _____ 110