1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA 94105
6   Telephone:  +1-415-773-5700
    Facsimile:   +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
    Facsimile:   +1-213-612-2499
11
    Attorneys for MGA Parties
12

13                  UNITED STATES DISTRICT COURT

14                 CENTRAL DISTRICT OF CALIFORNIA

15                        SOUTHERN DIVISION

16  CARTER BRYANT, an individual      Case No. CV 04-9049 DOC (RNBx)

17              Plaintiff,            Consolidated with:
                                      CV 04-9059
18  v.                                CV 05-2727

19  MATTEL, INC., a Delaware          **DISCOVERY MATTER**
    Corporation
20                                    **[To Be Heard By Discovery Master**
                Defendant.            **Robert C. O'Brien]**
21
                                      **MGA PARTIES' OPPOSITION TO**
22                                    **MATTEL'S *EX PARTE***
    AND CONSOLIDATED ACTIONS          **APPLICATION FOR PRODUCTION**
23                                    **OF COMPLETE COPIES OF**
                                      **WITHHELD DOCUMENTS IN**
24                                    **ADVANCE OF HEARING FOR**
                                      **ISSUANCE OF LETTERS OF**
25                                    **REQUEST FOR JUDICIAL**
                                      **ASSISTANCE RE: DANNY K.H. YU**
26                                    **AND BIRD & BIRD; DECL. OF**
                                      **ANNETTE L. HURST; EXHIBITS**
27

28

**INTRODUCTION**

MGA has provided to Mattel full copies of the documents excerpted in Exhibits K and L to MGA's Application for Letters of Request for Judicial Assistance Re: Danny K.H. Yu and Bird & Bird ("Application for Letters of Request").  Had Mattel called MGA counsel and not sent an e-mail at 8:58 p.m. on the day that MGA counsel were traveling back from a hearing before the District Court, MGA would have agreed immediately.  However, Mattel filed an *ex parte* instead.  There is no reason to address the production of Exhibits K and L.

Nor is there any reason to address the remainder of Mattel's *ex parte* application, which is procedurally improper.  First, Mattel's statement of good cause relates to Exhibits K and L, which are the documents on which "MGA purports to rely on … in support of its Letter of Request application."  Because those documents have been produced, there is no longer reason to consider this *ex parte* application.

Second, to the extent that Mattel requests "other documents," the *ex parte* is failed to giving notice with respect to anything other than Exhibits K and L.  It did not provide notice that Mattel would seek "all other documents from the Cityworld litigation that refer or reflect alleged Mattel communications."  In fact, all that Mattel asks for with respect to these "other documents" is a meet and confer.  Zeller Decl. Ex. 5.

Further, the *ex parte* is procedurally improper because Mattel does not attempt to explain why it is seeking the extraordinary relief of an *ex parte* order.  Mattel opposed MGA's Application for Letters of Request without so much as uttering a single word that its opposition would be hampered without such documents.  Although long on rhetoric, Mattel's *ex parte* still does not offer any reason why it requires documents immediately, because no such reason exists.  After all, Mattel is seeking information concerning *its* communications, information that it must have.  Instead, it appears that Mattel is concerned about what MGA

knows about those communications, which Mattel has failed to disclose.  Moreover, as already noted by MGA, an Application for Letters of Request is not the mechanism for arguing the merits of what discovery will be revealed.

Finally, MGA has not improperly withheld documents.  MGA relies upon recently obtained Exhibits K and L to impeach the trial testimony of Mr. Moore, as argued in MGA's Reply, and to show that there is additional discoverable information that will support MGA's affirmative defenses.  MGA had no obligation to produce full copies of these documents prior to attaching them as exhibits.

In the end, Mattel's *ex parte* application is part of its broader strategy to stonewall discovery, and then to argue that MGA does not have evidence to support its claims and defenses.  The Application for Letters of Request is an attempt by MGA to stop this cycle.

## STATEMENT OF FACTS

### A.   Exhibits K and L Were Recently Obtained And Support MGA's Request for Additional Discovery

Exhibit K is a Bill of Costs prepared and filed by Cityworld, the opposing party in  a lawsuit that MGA initiated in Hong Kong.  Declaration of Diana Rutowski in Support of MGA Parties' Application for Letters of Request ("Rutowski Decl.") Ex. K.  Exhibit L is a transcript of the hearing on Cityworld's Bill of Costs that concluded in April 2009.  *Id*. Ex. L at 387.  During that hearing the parties and the court addressed and explained Exhibit K, the Bill of Costs.  *Id*. Ex. K & L.

MGA's counsel in the United States first received excerpts of what is now Exhibits K and L on July 9, 2009.  Declaration of Annette L. Hurst ("Hurst Decl.") ¶ 5.  After reviewing and analyzing the materials with respect to this litigation and determining that the Exhibits K and L in excerpted form might provide a basis for seeking additional discovery on issues pertaining to MGA's defenses, MGA's

counsel in this proceeding requested full copies of these documents from counsel in Hong Kong.

On August 17, 2009, counsel received a full transcript, which is marked as Exhibit L.  Hurst Decl. ¶ 6.  On September 1, 2009, MGA's counsel obtained the entirety of what is now marked as Exhibit K.  *Id.*  MGA filed its Application for Letters of Request three days later on September 4, 2009.  *See* App. for Letters of Request.[1]

Exhibits K and L are relied upon in support of MGA's Application for Letters of request to prove that evidence relevant to MGA's affirmative defenses exists and to impeach the contrary testimony of Mattel's witnesses.  *See* App. Letters of Request; Reply in Support of MGA's Application for Letters of Request.[2] As MGA noted above and in its Application for Issuance of Letter of Request, Exhibits K and L only recently came to light.  They point to information that Mattel did not disclose.  They are evidence that Mattel omitted facts from the chronology it prepared and submitted to MGA during Phase 1 of this case.  *See* Reply to Letter of Request at 7-8.  Moreover, as noted, they tend to impeach the trial testimony of Mattel's in-house counsel that he spoke to Cityworld's counsel only for the purpose of planning the trip to Hong Kong in November 2003.  Supplemental Declaration of Diana Rutowski in Support of Letters of Request ("Supp. Rutowski Decl.") Ex. 1. In light of Mattel's representations, MGA's counsel conducted further investigation and found Exhibits K and L in support of its pending Application for Issuance of Letter of Request.

**B.   Exhibits K and L Have Been Provided to Mattel, And Mattel Did Not Request Any Other Documents In Its *Ex Parte* Notice.**

This *ex parte* application came about because on Tuesday, September 22, 2009 at 8:58 p.m., Mattel sent an e-mail demanding that MGA provide to it the full

---

[1] Docket Document No. 6589.
[2] Docket Document No. 6714.

1   documents excerpted as Exhibits K and L.  Declaration of Michael T. Zeller Ex. 5.

2   On September 22, 2009, there was a hearing before the District Court.  Counsel for

3   MGA were traveling from the District Court on that evening.  Hurst Decl. ¶ 3.

4        Mattel did not contact MGA further on its request, and Mattel did not obtain

5   MGA's position.  Had it done so, Mattel would have learned that MGA did not

6   object to the production of the full documents excerpted as Exhibits K and L.

7   Those documents have since been produced to Mattel.  Hurst Decl. ¶ 2, Ex. 1.

8        With respect to the "other documents" Mattel did not provide proper notice

9   of its *ex parte* application.  Zeller Decl. Ex. 5.  The e-mail from Mattel's counsel

10  seeks only "complete copies of the Bill of Costs and transcript documents that

11  MGA has provided to the Discovery Master."  *Id.*  Mattel did not mention that it

12  would seek *ex parte* relief as to any other documents.  It only asked to meet and

13  confer on "other documents."   *Id.*

14                          **ARGUMENT**

15  **I.    MATTEL'S *EX PARTE*  APPLICATION IS MOOT.**

16

17       As discussed above above, upon being made aware of Mattel's request for

18  complete copies of the documents attached as Exhibits K and L to the Rutowski

19  Declaration, MGA produced them.  Hurst Decl. ¶¶ 2 & 3.  Mattel's Application is

20  moot.  In its statement of good cause relates only to the documents on which "MGA

21  purports to rely on … in support of its Letter of Request application."  There is

22  therefore no good cause to consider anything more.

23  **II.   MATTEL HAS NOT SHOWN GOOD CAUSE FOR *EX PARTE***

24  **RELIEF REGARDING "OTHER DOCUMENTS"**

25       With respect to Mattel's request that MGA produce "any and all other

26  documents from the Cityworld litigation that refer or reflect alleged Mattel

27  communications," there is no basis for this relief.  Procedurally, this *ex parte* is

28  defective for lack of notice.  It is also simply not the vehicle to require MGA to

1   produce documents.  This is so for a variety of reasons—all set forth below.  First,

2   these "other documents" are not relevant to MGA's Application for Letters of

3   Request, and Mattel did not state otherwise in its opposition brief.[3]  As already

4   noted in MGA's papers filed in support of its Letters of Request, Mattel seeks to

5   turn the Letters of Request briefing into a litigation on the merits of MGA's

6   defenses, which is neither proper nor warranted.  Second, Mattel has not shown

7   how Exhibits K and L or any other document not produced by MGA is a document

8   that MGA has improperly withheld and failed to produce.  Indeed, as noted above,

9   Exhibits K and L in their entirety were available to MGA counsel in this proceeding

10  in August and September 2009.  Finally, what cannot be overlooked is that Mattel

11  is seeking evidence about *its* communications, something it appears Mattel has not

12  fully revealed.  This is an instance of the pot calling the kettle black.

### A.    This *Ex Parte* Is Procedurally Improper.

14      As discussed above, Mattel did not meet and confer with respect to the

15  requested "other documents" or provide notice that it would be seeking an *ex parte*

16  application concerning these "other documents."  The e-mail from Mattel's counsel

17  seeks only "complete copies of the Bill of Costs and transcript documents that

18  MGA has provided to the Discovery Master."  Zeller Decl. Ex. 5.

19      This warrants denial without further consideration.  It violates Judge Larson's

20  Standing Order which states clearly that "[a]pplications which fail to conform with

21  Local Rules 7-19 and 7-19.1 . . . will not be considered."  *See* J. Larson's Standing

22  Order, ¶ 6.  Local Rule 7-19 requires notice of the substance of the *ex parte*.  Here,

23  notice was lacking.

24      Furthermore, Mattel nowhere states how this meets the standard for *ex parte*

25  relief.  In his Standing Order, Judge Larson cautions counsels that "*ex parte*

26  applications are solely for extraordinary relief."  *See* J. Larson's Standing Order, ¶ 6

27

28  _____
[3] Mattel's Opposition to MGA Parties' Application for Letters of Request, Docket Document No. 6680.

1  (citing *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D.

2  Cal. 1995)).  While long on rhetoric and vituperation, what Mattel's *ex parte* lacks

3  is any analysis of why it must have the documents it seeks before the hearing on

4  October 16, 2009 and why it believes that MGA has withheld documents that

5  Mattel has requested.  Exhibits K and L are not proof of the withholding of

6  documents.  They were recently obtained.  Their existence was disclosed.

7       Mattel does not make any such argument because it cannot.  These "other

8  documents" are not pertinent to MGA's pending Application for Letters of Request,

9  or to the October 16, 2009 hearing on this matter.  This is made clear by the fact

10  that Mattel did not claim that these documents were relevant or necessary to its

11  Opposition.

12       Moreover, the October 16, 2009 hearing is not a hearing on the merits of

13  MGA's affirmative defenses, it is a hearing on MGA's application to take

14  additional discovery.  As detailed in MGA's Reply in Support of its Application for

15  Letters of Request, the simple fact is that MGA's statute of limitations and laches

16  defenses are pending, and MGA is entitled to discovery on those defenses.  Reply at

17  2-7.  And as Mattel acknowledges in its *ex parte* application, the Phase 1 orders

18  relate to Mattel's Phase 1 copyright claim, and that the accrual date was dependent

19  on Mattel's *receipt* of the "Bratz" drawings.  App. 2; Reply at 6-7.  Thus, there is

20  no justification for extraordinary relief with respect to "any and all other documents

21  from the Cityworld litigation that refer or reflect alleged Mattel communications."

22       Finally, extraordinary relief is also improper and unwarranted with respect to

23  "other documents" because the "other documents" that Mattel seeks are documents

24  that reflect alleged "*Mattel* communications."  By definition, any such

25  communications would have either originated from or been sent to *Mattel*, and are

26  already in *Mattel's* possession.  Mattel's request can only be read as an attempt to

27

28

find out what MGA knows about Mattel's communications with Cityworld; it is not a legitimate attempt to seek information about *its own* communications.[4]

Mattel's *ex parte* application should be denied in its entirety.

**B.    MGA Had No Obligation To Produce The Allegedly "Withheld" Documents.**

MGA had no obligation to produce full copies of Exhibits K and L at an earlier date and has no obligation to produce the "other documents" sought through Mattel's *ex parte* application.  MGA relies upon Exhibits K and L to show the existence of discoverable evidence that will support its affirmative defenses, and to impeach the prior testimony of Mattel's in-house counsel, Michael Moore.  Reply 7-8.  Accordingly, MGA had no obligation to produce these documents in response to the requests identified by Mattel at an earlier date, nor does MGA have an obligation to produce any "other documents" to the extent that they are not responsive to Mattel's requests.

**C.    Whether Cityworld's and Mattel's Counsel Communicated First In July, August, or September 2003 or on Some Other Date Is Exactly The Information MGA Seeks.**

Mattel's last attempt at litigating the merits is to point to some perceived flaw in the chronology of events.  App. 2.  However, the hearing transcripts indicate that Cityworld attempted to exchange information with Mattel after Cityworld discovered a July 2003 article in the Wall Street Journal.  Rutowski Decl. Ex. L at 362.  The Bill of Costs, which MGA submitted with its Application for Letters of Request, reflects negotiations with Mattel's counsel on unspecified dates at least *as early as September 2003*.  *Id.* Ex. K at 254.  Whether Cityworld's counsel first sought to contact Mattel in September 2003, August 2003, July 2003, or on any date prior, it would be more than three years before Mattel first sought to amend its

---

[4] The inference could be drawn that Mattel is concerned about MGA's knowledge of communications between Mattel and Cityworld that *Mattel has withheld*.  Mattel appears to fear MGA's discovery of communications with Cityworld, pulling out all the stops to avoid issuance of MGA's proposed Letters of Request.

1   pleadings to add a trade secret misappropriation claim on November 20, 2006—

2   pleadings that were not ultimately amended until January 2007.[5]  The date on which

3   those communications occurred and the content of those communications is exactly

4   the information MGA seeks through the proposed Letters of Request.

5          Mattel's false allegations against MGA and claims of smearing are not a

6   basis to grant the *ex parte* relief nor does Mattel cite any authority otherwise.

7   MGA is seeking discovery and has shown that there is discovery to be obtained

8   from third parties.  Mattel's argument should be seen for what it is—another

9   attempt to preclude MGA from obtaining information relevant to its defenses.

10                          **CONCLUSION**

11          For the reasons above, Mattel's *Ex Parte* Application for Production of

12   Complete Copies should be denied in its entirety.

13

14

    Dated:  September 28, 2009              Respectfully submitted,
15
                                             ANNETTE L. HURST
16                                           Orrick, Herrington & Sutcliffe LLP

17

18                                          By: */s/* Annette L. Hurst
                                                ANNETTE L. HURST
19                                              Attorneys for MGA Parties

20

21

22

23

24

25

26

27

28  ───────────────────
    [5] MGA does not hereby concede that Mattel's claims were properly pled as of
    January 2007, but uses this date by way of example.

MGA PARTIES' OPP. TO MATTEL'S *EX PARTE* APP. FOR
PROD. OF COMPLETE DOCS RE LETTERS OF REQUEST
CV-04-0049 DOC (RNBx)

## DECLARATION OF ANNETTE L. HURST

I, Annette L. Hurst, declare as follows:

1.      I am a member of the Bar of the State of California and admitted to practice before this Court, and a partner with the law firm of Orrick, Herrington & Sutcliffe LLP, lead counsel for Phase 2 to MGA Entertainment, Inc. ("MGAE"), MGA Entertainment HK, Ltd. ("MGA HK"), MGAE De Mexico, S.R.L. De C.V. ("MGAE Mexico"), and Isaac Larian (collectively, the "MGA Parties"). I have personal knowledge of the facts set forth in this declaration.  If called as a witness, I could and would testify competently to such facts under oath.

2.      Attached hereto as **Exhibit 1** is a true and correct copy of a letter from Diana Rutowski to Michael T. Zeller dated September 25, 2009, which accompanied the production of the complete documents that were excerpted in Exhibits K and L to the Rutowski Declaration, on which I was copied.

3.      On Tuesday, September 22, 2009, at approximately 8:58 p.m., Mr. Zeller sent an e-mail requesting complete copies of Exhibits K and L to me and my colleague William Molinski.  Despite my repeated prior requests that Quinn Emanuel direct its correspondence to the attorneys at Orrick who are handling various matters, Mr. Zeller did not include Ms. Rutowski—the Orrick attorney who signed both the Application for Letters of Request as well as the Declarations of Diana Rutowski in support thereof attaching Exhibits K and L.  This is yet another example of the chronic problem of Mattel flooding my e-mail inbox and not contacting the attorney with primary responsibility for a particular issue, even when that responsibility is clear from the papers filed.  As I was traveling back to San Francisco from a hearing in front of Judge Larson in Los Angeles, I did not review Mr. Zeller's e-mail.  The next morning I immediately commenced preparation for the six motions to be heard on Friday morning, and I did not review all of my unread e-mail from the night before.  In fact, I did not have a chance to review Mr. Zeller's e-mail until after the *ex parte* was served.  Mr. Zeller never mentioned

1   Mattel's intended *ex parte* application to me at any time prior to its filing nor did he
2   make any other attempt to inform MGA of the relief Mattel now seeks.  Had Mr.
3   Zeller bothered to pick up the phone, Mattel could have had the entirety of the
4   documents excerpted as Exhibits K and L shortly thereafter.

5          4.      Attached hereto as **Exhibit 2** is a true and correct copy of an e-mail
6   from William Molinski to Michael T. Zeller dated September 23, 2009.

7          5.      I first received excerpts from the Bill of Costs and Appointment to Tax
8   hearing on July 9, 2009.  We requested full copies of these documents, and we
9   ultimately obtained from Hong Kong counsel the full document excerpted in
10  Exhibit L on August 17, 2009, and the full document excerpted in Exhibit K on
11  September 1, 2009.

12         6.      The Hong Kong taxation proceedings revealed, amongst other things,
13  important impeachment evidence.  Rule 26 permits parties to withhold evidence
14  that is to be used for impeachment purposes.

15         I declare under penalty of perjury that the foregoing is true and correct
16  and that this Declaration was executed this 28th day of September, 2009, at San
17  Francisco, California.

18
19                                         _____/s/ Annette L. Hurst_____
                                                    Annette L. Hurst
20
21
22
23
24
25
26
27
28

DECLARATION OF ANNETTE HURST
                                            CV-04-0049 DOC (RNBx)

# EXHIBIT 1



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

tel +1-650-614-7400
fax +1-650-614-7401

WWW.ORRICK.COM

September 25, 2009

Diana M. Rutowski
(650) 614-7685
drutowski@orrick.com

*VIA MESSENGER*

Michael T. Zeller, Esq.
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 Figueroa Street 10th Floor
Los Angeles, CA 90017

Re:     Carter Bryant v. Mattel and consolidated actions

Dear Michael:

Enclosed please find a CD containing MGA's production Bates numbered MGA2 0539285 - MGA2 0539678.

Very truly yours,

Diana M. Rutowski

DMR/dxg
Enclosure

cc:     Annette Hurst

Exhibit 1 - Page 3

# EXHIBIT 2

**From:** Molinski, William
**Sent:** Wednesday, September 23, 2009 4:44 PM
**To:** 'Michael T Zeller'; Valerie Lozano; Hurst, Annette
**Cc:** 'jrussell@skadden.com'; 'acote@obsklaw.com'; 'todd.gordinier@bingham.com'; Jon Corey; Parker, Warrington
**Subject:** RE: Mattel adv. MGA

Mike:

This is in further response to your letter dated September 4, 2009. With respect to your request that we identify the names of individuals at various entities identified in MGA's Responses to Mattel's Amended Supplemental Interrogatory regarding Affirmative Defenses, we are currently looking into your request to determine if we have additional information that might be responsive. To the extent we identify such information, we will supplement this response within 10 days. If you would like to meet on this issue, either before or after that time, please let me know and we would be happy to do so.
Responding to Jon Corey's letter of today's date, to the extent that the amended response served on August 31, 2009 references new documents not referenced  previously, MGA will determine whether those documents have been produced. Otherwise, it is incumbent on Mattel to inform MGA of those documents it claims it does not have.

Bill



**ORRICK**

**BILL A. MOLINSKI**

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855

*tel* 213-612-2256
*fax* 213-612-2499
*mobile* 310-502-7580
wmolinski@orrick.com

www.orrick.com

---

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Tuesday, September 22, 2009 9:32 AM
**To:** Molinski, William; Valerie Lozano; Hurst, Annette
**Cc:** 'jrussell@skadden.com'; 'acote@obsklaw.com'; 'todd.gordinier@bingham.com'; Jon Corey
**Subject:** Re: Mattel adv. MGA

Bill, there is no basis for yet more delay before MGA provides any kind of response on this issue. We sent our original meet and confer letter on September 4. MGA's deadline for MGA to meet and comfer under the Discovery Master Stipulation expired long ago. Instead, it ignored that obligation until we had to send a second letter. Even now, MGA does not say it will make itself available for a meet and confer but only announces after all this time that it will respond in some unspecified way. If MGA is interested in resolving this matter, please let us know when tomorrow it is available to discuss it.

---

**From**: Molinski, William <wmolinski@orrick.com>
**To:** Valerie Lozano; Hurst, Annette <ahurst@orrick.com>
**Cc:** jrussell@skadden.com <jrussell@skadden.com>; acote@obsklaw.com <acote@obsklaw.com>; todd.gordinier@bingham.com <todd.gordinier@bingham.com>; Michael T Zeller; Jon Corey
**Sent**: Tue Sep 22 07:53:11 2009
**Subject**: RE: Mattel adv. MGA

Exhibit 2 - Page 4

Counsel:

We are reviewing the issues you addressed in your September 4 letter and expect to have a response shortly, but no later than the end of this week.



**ORRICK**

**BILL A. MOLINSKI**

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855

*tel* 213-612-2256
*fax* 213-612-2499
*mobile* 310-502-7580
wmolinski@orrick.com

www.orrick.com

---

**From:** Valerie Lozano [mailto:valerielozano@quinnemanuel.com]
**Sent:** Monday, September 21, 2009 4:13 PM
**To:** Hurst, Annette; Molinski, William
**Cc:** jrussell@skadden.com; acote@obsklaw.com; todd.gordinier@bingham.com; Michael T Zeller; Jon Corey
**Subject:** Mattel adv. MGA

Counsel:  attached please find correspondence from Jon Corey.


Best Regards,


**Valerie Lozano**
*Associate,*
**Quinn Emanuel Urquhart Oliver & Hedges LLP.**

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3280 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
valerielozano@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

```
"EMF <orrick.com>" made the following annotations.
--------------------------------------------------------------------------
============================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
```

Exhibit 2 - Page 5

we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.


===========================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit
http://www.orrick.com/
===========================================================
=============================================================================

Exhibit 2 - Page 6