1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3  michaelzeller@quinnemanuel.com
   Jon D. Corey (Bar No. 185066)
4  joncorey@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:   (213) 443-3000
6  Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9              UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11                 SOUTHERN DIVISION

| | |
|---|---|
| 12 MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx) |
| 13        Plaintiff, | Consolidated with<br>Case No. CV 04-09059 |
| 14        vs. | Case No. CV 05-02727 |
| 15 MGA ENTERTAINMENT, INC., et al., | **[BEFORE THE MONITOR PER COURT ORDER]** |
| 16        Defendants. | |
| 17 AND CONSOLIDATED ACTIONS | **MATTEL INC.'S SUBMISSION TO THE MONITOR REGARDING THE SCOPE OF THE COURT-ORDERED RECALL** |
| 18 | |

19 **PUBLIC REDACTED VERSION**

20

21                                            [Declarations of Michael T. Zeller and
                                              Timothy Kilpin submitted concurrently]

22                                            Discovery Cut-off:    June 1, 2010
                                              Pre-trial Conference: TBD
23                                            Trial Date:           TBD

24

25

26

27

28

## Preliminary Statement

Mattel respectfully submits this brief concerning the recall of Bratz products ordered by the District Court's December 3, 2008 Injunction and Constructive Trust Orders. MGA has taken the position that the recall should include only the core Bratz female fashion dolls, leaving in stores other Bratz-branded products, such as Bratz Petz, Bratz Boyz, and others. MGA's position is inconsistent with the plain terms of the Court's Orders in multiple respects. The Court's Injunction Order itself makes clear that all products and packaging that make any use of the "Jade, Cloe, Yasmin and Sasha Bratz characters" or which "incorporate[] or use[] in any manner" the Bratz artwork are infringing and subject to recall. As the Court recognized in that Order, this includes virtually all MGA's Bratz-branded products and packaging. The products and packaging that MGA now belatedly claims should be immune from recall fall within the scope of the Injunction Order.

Furthermore, and independently, the Court's May 21, 2009 Order provides: "The Monitor is ordered and directed to obtain from MGA . . . such of the Bratz Assets . . . as are necessary to enable Mattel to begin preparation of its own Bratz line for the Spring, 2010 sales season." The Court also charged the Monitor with responsibility and authority to take "any and all action" necessary to monitor and oversee the exploitation of Bratz Assets." The Bratz Assets are broadly defined in that Order to include any and all products, packaging and other items that are "Bratz-branded" or "that bea[r] the 'Bratz' trademark." In that regard, the Court explicitly stated that this definition "is expressly not limited to the Bratz female fahsion dolls, and includes such products as the Bratz boy dolls, Baby Bratz, and Bratz Kidz."

One of the purposes of the recall is to stop MGA's continued sale of infringing products "that directly compete with Mattel's products." Another purpose, as MGA has conceded and as the evidence shows, is to prevent consumer and retailer confusion concerning the source of the Bratz products in the marketplace, and allow Mattel to launch Bratz in 2010. █████████████████████████████

1 ███████████████████████████████████████████████████████

2 ███████████████████████████████████████████████████████

3 ██████████████████████. Thus, consistent with the terms and purposes of the

4 Court's Orders, and consistent with the Monitor's authority and responsibility to

5 preserve the value of the Bratz brand for Mattel, MGA must recall all Bratz-branded

6 products from the market beginning in January 2010. Alternatively, if the Monitor has

7 concerns about the scope of his authority or otherwise concludes that the existing

8 Orders do not authorize a full recall, he should recommend to the Court that MGA be

9 ordered to recall all additional Bratz-branded products.

## Argument

**I.  THE COURT'S INJUNCTION REQUIRES THE RECALL OF ALL PRODUCTS AND PACKAGING USING THE BRATZ ARTWORK AND CHARACTERS**

Contrary to MGA's contentions, the Court's Injunction Order requires more than just a recall of the core female fashion dolls and reaches beyond those products and packaging in multiple, independent respects.

First, the Injunction Order compels the recall of any and all products or packaging that "incorporate[] or use[] in any manner, any of the Jade, Cloe, Yasmin and Sasha Bratz characters," including without limitation the embodiments in the packaging and artwork in Exhibits 3, 5 and 11 to the Court's Injunction Order.[1] Second, and independently, the Injunction Order requires the recall of products, packaging and other items that "incorporate[] or use[] in any manner, the artwork" on the packaging in Exhibit 7 of the Court's Order.[2]

---

[1] Order Granting Mattel, Inc's Motion for Permanent Injunction, dated December 3, 2008 ("Injunction Order"), at 3-4, ¶¶ 1(e), 1(i), Declaration of Michael T. Zeller, filed concurrently ("Zeller Decl."), Exh. 1.

[2] Order Granting Mattel, Inc's Motion for Permanent Injunction, dated December 3, 2008 ("Injunction Order"), at 3-4, ¶ 1(f), Zeller Decl., Exh. 1.

1    Virtually all of MGA's "extension" Bratz products (including Bratz Boyz,

2  Bratz Petz, Bratz Babyz, Bratz Kidz, and others) incorporate the female fashion doll

3  characters and use the enjoined artwork that are subject to recall under Paragraph 4 of

4  the Injunction Order. Indeed, MGA provided Mattel example products that it believes

5  should be exempt from the recall, yet they fall within the plain terms of the Court's

6  Injunction Order and therefore within the scope of the recall. For example, as to "Bratz

7  Boyz" (which are independently subject to recall for further reasons discussed below),

8  MGA provided the following product to Mattel as an example of what it believes

9  should be excluded:[3]

  

18  This "Bratz Boyz" product clearly "incorporates and uses" the Yasmin character and

19  artwork on the packaging that is subject to Paragraphs 1(f) and 1(i) of the Injunction

20  Order and therefore subject to recall under Paragraph 4. By way of comparison, the

21  Court's Injunction Order specifically attached the following images of Yasmin as an

22  example of an embodiment that is subject to recall:

23        [4]                                                                    [5]

24

25

26  _____

27  [3]  See Zeller Decl., Exh. 25.
    [4]  Injunction Order, Exhibit 3, page 82 (emphasis circle added), Zeller Decl., Exh. 1.
28  [5]  Id. at Exhibit 3, page 131 (emphasis circle added).



The above representations of the Yasmin character from the Court's Injunction Order are virtually identical to the Yasmin image used on MGA's Bratz Boyz product:



Similarly, MGA claims that its "Bratz Petz" products are exempt from recall, but those products also clearly contain Bratz artwork and character embodiments that are explicitly subject to recall under the Injunction Order. For example, MGA provided the following Bratz Petz product as an example of a product it does not intend to recall:[6]

---

[6] Zeller Decl., Exh. 24.



The product prominently incorporates the Sasha character and artwork on the packaging. This embodiment of Sasha is substantially similar to numerous images of Sasha expressly made subject to recall in the Court's Injunction Order. Compare:

[7]



with



Bratz Petz (Zeller Decl., Exh. 24)

(Injunction Order, Exh. 3, p.83)

There are many additional examples of Bratz "extension" product lines making use of characters and artwork that are expressly subject to the injunction and recall requirements. See Zeller Decl., Exh. 27 (image of MGA's "Bratz Kidz" product making use of Sasha character and artwork); Exh. 28 (image of MGA's "Lil' Bratz" product making use character and artwork of Cloe, Jade, Sasha, and Yasmin). That the

---

[7]  Injunction Order, Exhibit 3, page 83 (emphasis circle added), Zeller Decl., Exh. 1.
[8]  Zeller Decl., Exh. 24.

1  embodiments of these characters are "younger" is of no moment – the recall Order

2  applies to "*any* of the Jade, Cloe, Yasmin and Sasha *Bratz characters*."[9]

3        Further and independently, MGA is mistaken is its claim that "Bratz

4  Boyz" dolls are not subject to recall.  Paragraph 1(d) of the Court's Injunction Order

5  specifically enjoins dolls depicted in Exhibit 5, and Exhibit 5 in turns includes "Bratz

6  Boyz" products as an example of infringing material.[10]  Under Paragraph 4 of the

7  Injunction Order, these products must be recalled.

8        In addition, products and packaging making use of the stylized "Bratz" and

9  related artwork, whether dolls or not, must be recalled pursuant to Paragraphs 1(e) and

10  4 of the Court's Injunction Order, which applies to all artwork on the packaging in

11  Exhibit 7 of the Order.  MGA uses this enjoined artwork across all of MGA's Bratz-

12  branded products, as seen by the below comparisons between the Bratz artwork which

13  is repeatedly depicted in Exhibit 7 of the Injunction Order,[11] and the logos used on

14  Bratz Petz[12] and Bratz Kidz[13] products:

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24

---

25    [9] Injunction Order at 4, Zeller Decl., Exh. 1.

26    [10] <u>See</u> Injunction Order at Exhibit 5, p. 521-522, Zeller Decl., Exh. 1.

  [11] Injunction Order, Exhibit 7, Page 572E, Zeller Decl., Exh. 1.

27    [12] Image attached as Exhibit 24 to the Zeller Declaration.

28    [13] Image attached as Exhibit 26 to the Zeller Declaration.





This use of the enjoined "Bratz" artwork across all Bratz-related products and packaging is not surprising. ██████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████[14] MGA admitted at trial that these images are "based upon and derived from" the infringing Bratz dolls.[15] And MGA has registered copyrights for many of its style guides as derivatives of

_____

[14] Trial Exhibits 1709A, 13239, and 660, Zeller Decl., Exh. 2-4.
[15] Trial Tr. 6654:4-7, 6655:3-13, Zeller Decl., Exh. 28.

1  "preexisting artwork" that includes the infringing Bratz characters.[16]  Thus, these

2  products are directly subject to the Court's recall Order.

3

4  II.  **INDEPENDENTLY, THE COURT'S MAY 21, 2009 ORDER**

5  **AUTHORIZES THE MONITOR TO ORDER THE RECALL OF ALL**

6  **BRATZ-RELATED PRODUCT AND PACKAGING, WHICH IS**

7  **NECESSARY AND APPROPRIATE TO PROTECT THE BRATZ**

8  **BRAND AND PERMIT MATTEL'S 2010 LAUNCH OF BRATZ**

9          Furthermore, and independently, the Court's May 21, 2009 Order

10  provides for the recall of all Bratz-related products and packaging, including Bratz

11  Boyz, Bratz Petz, Bratz Kidz, Bratz Babyz and all other products and packaging using

12  the term "Bratz."  That Order expressly states: "The Monitor is order and directed to

13  obtain from MGA . . . such of the Bratz Assets. . . as are necessary to enable Mattel to

14  begin preparation of its own Bratz line for the Spring, 2010 sales season."[17]  The Court

15  also charged the Monitor with responsibility and authority to take "any and all action"

16  necessary to monitor and oversee the exploitation of Bratz Assets.[18]  The Bratz Assets

17  are broadly defined in that Order to include any and all products, packaging and other

18  items that are "Bratz-branded" or "that bea[r] the 'Bratz' trademark."[19]  In that regard,

19  the Court explicitly stated that this definition "is expressly not limited to the Bratz

20  female fashion dolls, and includes such products as the Bratz boy dolls, Baby Bratz,

21  and Bratz Kidz."[20]  There is thus no question that all Bratz products, packaging and

22  other items and materials are subject to the May 21 Order.

23

24  _____

25  [16]  Trial Exhibits 567, 568, 569, 570, 571, 572, 573, 574, and 505-513, Zeller Decl., Exhs. 5-21.

26  [17]  May 21, 2009 Order, at p. 11, ¶ 1(h), Zeller Dec., Exh. 22.

27  [18]  Id., at p. 10, ¶ 1(b).
   [19]  Id., at pp. 9-10 n. 6, and subparagraph (h).

28  [20]  Id.

-8-

1    Allowing MGA's Bratz-branded products and packaging to remain on the

2    shelf after January 2010 would be contrary to these express mandates. ▮▮▮▮

3    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4    ▮▮▮▮▮▮▮▮▮▮▮[21]▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7    ▮▮▮▮[22] Indeed, direct competition such as this is one of the primary reasons for

8    a recall, as the Court has explained.[23] See, e.g., CyberMedia, Inc. v. Symantec Corp.,

9    19 F. Supp. 2d 1070, 1078-79 (N.D. Cal. 1998) ("In the absence of a recall order,

10   [defendants'] products will continue to be sold in direct competition with [plaintiffs'

11   products], depriving [plaintiff] of customers it might otherwise have acquired . . . .")

12   (citing Perfect Fit Indus. v. Acme Quilting Co., 646 F.2d 800, 807 (2d Cir. 1981) (recall

13   necessary because defendants' trade dress infringement was likely to divert customers

14   from plaintiff's products to defendant's)).

15   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[24] Throughout the 2009

18   season, MGA's remaining Bratz products have been severely marked down in price by

19   many retailers.[25] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

20   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[21] Declaration of Timothy Kilpin, dated January 25, 2009, ¶ 4. As the Monitor is aware, on October 1, 2009 Mattel also will be providing Byron Moldo with detailed information concerning its 2010 Bratz launch, and stands ready to provide additional information to the Monitor *in camera*.

[22] Kilpin Dec., ¶ 5.

[23] September 22, 2009 Order, at 2, Zeller Decl., Exh. 23.

[24] Kilpin Decl., ¶ 6.

[25] Id.

MATTEL'S SUBMISSION TO THE MONITOR RE SCOPE OF COURT-ORDERED RECALL

00505.07975/3123819.3

1 ██████████████████████████████████████████████████

2 ██████████████████████████████████████████████████.

3          Counsel for MGA also recently acknowledged that a reason for the recall

4 order is to "clear the market for Mattel to come in with its vision of Bratz."[27]  Of

5 course, if MGA's Bratz products remain on the shelves, the market will not be cleared

6 for Mattel's vision, which the recall was intended to prevent.  Moreover, as the Court

7 recently made clear, the recall Order is intended not only to clear the market for Mattel,

8 but it was imposed "in light of the scope of infringement found by the Court (which

9 was broad) and in light of the fact that the Bratz dolls compete directly with existing

10 Mattel products."[28]  The broad scope of infringement, as the Court's Injunction and

11 May 21 Orders state, extends far beyond the "core" female fashion dolls.  Those

12 products are to be recalled as well, in part to draw an end to MGA's years of massive

13 copyright infringement, and also to bring an end to the ongoing and wrongful diversion

14 of customers from Mattel to MGA.

### Conclusion

16          For the foregoing reasons, the Monitor should order MGA to recall all

17 Bratz-branded products as part of the Court-ordered recall.  Alternatively, to the extent

18 there is any ambiguity in the language of the Court's Order, the Monitor should make a

19 recommendation to the District Court that MGA be required to recall all Bratz-branded

20 products.

21                                          QUINN EMANUEL URQUHART OLIVER &
                                            HEDGES, LLP
22 DATED:  September 28, 2009

23

24                                          By /s/ Michael T. Zeller
                                               Michael T. Zeller
25                                             Attorneys for Mattel, Inc.

26 _____
   [26] Id.
27 [27] Id. (quoting counsel for MGA).
   [28] Order, dated September 22, 2009, at 2, Zeller Decl., Exh. 23.
28