QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> vs. <br><br> MGA ENTERTAINMENT, INC., a California corporation, et al. <br><br> Defendant. <br><br> AND CONSOLIDATED ACTIONS <br><br><br> **CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO COURT ORDER** | CASE NO. CV 04-9049 DOC (RNBx) <br><br> Consolidated with <br> Case No. CV 04-09059 <br> Case No. CV 05-02727 <br><br> **DISCOVERY MATTER** <br><br> **[To Be Heard By Discovery Master Robert C. O'Brien]** <br><br> **[PUBLIC REDACTED] MATTEL, INC.'S REPLY IN SUPPORT OF ITS EX PARTE APPLICATION FOR PRODUCTION OF COMPLETE COPIES OF WITHHELD DOCUMENTS IN ADVANCE OF HEARING ON MGA PARTIES' APPLICATION FOR ISSUANCE OF LETTER OF REQUEST FOR JUDICIAL ASSISTANCE RE: DANNY K.H. YU AND BIRD & BIRD** <br><br> **Phase 2** <br> Discovery Cut-off:  June 1, 2009 <br> Pre-trial Conference:  Not set <br> Trial Date:  Not set |

**Preliminary Statement**

MGA's opposition to the *ex parte* confirms that it has withheld documents that the Court and the Discovery Master ordered MGA to produce. MGA does not deny that these documents contain facts which MGA purports to rely on in support of its statute of limitations and laches affirmative defenses. Nor does it plausibly contest that it was compelled to produce such documents by prior Orders of the Court and the Discovery Master.

Only after it had ignored Mattel's request and forced Mattel to file this *ex parte*, MGA belatedly produced complete copies of the Cityworld Bill of Cost documents that it had submitted on its Letters of Request Application but had withheld from Mattel for a year or more in violation of Court Orders. MGA does not deny the existence of additional documents relevant to its statute of limitations and laches defenses that were compelled but that MGA nevertheless has not produced. Its only justification for not producing them is a spurious argument that the present *ex parte* is "procedurally improper." ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[1] MGA also disregards that it already is in demonstrable violation of existing Court Orders. MGA has an independent obligation to abide by those Orders, so its mistaken quibbling over procedure is unavailing. Indeed, there is no basis, procedural or otherwise, for allowing MGA to continue to withhold from Mattel documents it already was ordered to produce. Mattel simply requests that the Discovery Master ensure MGA's compliance with its Court-ordered obligations to provide Mattel with other relevant documents that unquestionably relate to MGA's previously adjudicated statute of limitations and laches defenses MGA is seeking to relitigate on the basis of alleged "new" evidence in connection with the Letters of

---

[1] See ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

Request Application. Such documents are plainly relevant to the hearing on MGA's Application and should be ordered to be produced before then.

## Argument

### I. MGA CONFIRMS IT POSSESSED AND WITHHELD DOCUMENTS.

MGA acknowledges that its counsel in this action possessed the documents as early as July 2009, but failed to produce complete copies of these items to Mattel until after Mattel was forced to bring this *ex parte*. As such, the opposition is independent confirmation of MGA's additional violations of prior Orders compelling their disclosure and production to Mattel.[2] MGA attempts to avoid this obvious conclusion and downplay the seriousness of its conduct by stating that (1) it only obtained the documents recently and that (2) as soon as it was made aware that Mattel sought complete copies of the documents at issue MGA provided them to Mattel. Both arguments are without merit. They also ignore that MGA has not confirmed that even now it has made a complete production as previously ordered.

### A. MGA Had Possession, Custody And Control Over The Documents At Issue Here Nearly A Year Ago Or More But Failed To Produce Them To Mattel In Violation Of Multiple Orders To Do So.

MGA argues that its counsel *in the present action* obtained the documents at issue only "recently," but in fact by MGA's own admission here, its counsel in this case had them for some three months and failed to produce them until after Mattel brought this *ex parte*. And, of course, MGA has had them for a year even before that. Exhibits K and L are from litigation *to which MGA was a party*. The Bill of Costs document (excerpts of which constitute Exhibit K) was served on MGA in the Cityworld action in July 2008 and the hearing transcript

---

[2] See *Ex Parte* Application at 4-7.

(excerpts of which constitute Exhibit L) is from October 2008. Not only do these dates belie MGA's belated claims that this evidence is "new," but this information was long in MGA's possession, custody and control and should have promptly been produced to Mattel given MGA's professed reliance on the facts set forth in that document to support its statute of limitations and laches defenses.

Under Fed. R. Civ. P. 34(a), a party is obliged to produce documents or other items which are in its "possession, custody or control." It is well-established in the Ninth Circuit that "control is defined as the legal right to obtain documents upon demand." In re Citric Acid Litig., 191 F.3d 1090, 1107 (9th Cir. 1999) (citing United States v. International Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989)). It is also well-settled that MGA is obligated to produce documents that were (at a minimum) in MGA's counsel's possession as a result of the Cityworld litigation. "[T]he clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control.'" Johnson v. Askin Capital Management, L.P., 202 F.R.D. 112, 114 (S.D.N.Y. 2001) (quoting MTB Bank v. Federal Armored Exp., Inc., 1998 WL 43125, at *4 (S.D.N.Y. Feb 2, 1998), appeal dismissed, 175 F.3d 283, 287 (2d Cir. 1999) (emphasis deleted)): see also Ashman v. Solectron Corp., 2009 WL 1684725, at *5 (N.D. Cal 2009) (same); Bifferato v. States Marine Corp. of Del., 11 F.R.D. 44 (S.D.N.Y. 1951) ("Possession by an attorney or a third party of the document or matter required to be produced cannot be used as a means of avoiding compliance with a direction for its production."); William W. Schwarzer, A. Wallace Tashima, and James M. Wagstaffe, Rutter Group Practice Guide: Federal Civil Procedure Before Trial ¶ 11:1935 ("A party must produce documents in the possession of its present *or former* counsel.") (emphasis in original). Put simply, because MGA's counsel had them, these documents—which MGA relies on to support its purported statute of limitations and laches affirmative defenses—were in MGA's possession, custody and control nearly a year ago or more.

MGA's opposition to the *ex parte* offers no justification why they were not produced to Mattel as required since (at least) the commencement of discovery in January 2009, some nine months ago. While MGA further acknowledges that even its counsel in the present action had possession of the documents it later provided in partial form with its Letters of Request Application as Exhibits K and L as early as July 9, 2009, MGA fails to explain why it continued to withhold production from Mattel for months more.[3] Nor is this a case where miscellaneous documents of unknown content happened to be in counsel's possession and were inadvertently withheld. MGA admits that it obtained the documents and looked at them for purported evidence for its statute of limitations and laches defenses. Upon reviewing the documents, MGA's counsel concluded that it supported these asserted defenses but even then—despite being subject to existing Orders to produce such materials to Mattel promptly—chose to withhold them from Mattel. Instead, they only came to light, in piecemeal fashion, months later when MGA sought discovery relating to the Cityworld matter. MGA's knowing failure to produce the documents constituted a clear violation of its discovery obligations and the prior Orders compelling their production.

Even more troubling, MGA denies without explanation that it was ever required to produce these documents. Multiple Orders compelling their production provided otherwise. MGA ignores the fact—extensively briefed in the Mattel's *ex parte* but ignored by MGA's opposition—that MGA was obligated to disclose and produce to Mattel all documents setting forth facts supporting its ostensible

---

[3] See Opposition at 2, and Declaration of Annette Hurst ("Hurst Dec."), attached thereto, at ¶ 5. According to Ms. Hurst, she received excerpts of what became Exhibits K and L on July 9, 2009. Excerpts or not, the opposition makes clear that upon review of these documents MGA decided they offered support to its statute of limitations and laches defenses. See Opposition at 2-3. As such, they should have been produced to Mattel immediately.

affirmative defenses, including its statute of limitations and laches defenses. As Mattel explained, MGA's failure to disclose and produce the documents violated the Discovery Master's May 15, 2007 Order and the Court's December 3, 2007 Orders compelling their disclosure and production.[4] MGA makes no serious effort to refute this showing or explain why the documents were not timely disclosed or produced in compliance with existing discovery Orders.

### B. MGA Did Not Cooperate With Mattel's Request That Complete Copies Of The Documents Be Produced.

Nor did MGA's violations end there. Even after MGA's withholding of the documents came to light and even after Mattel requested them, MGA still did not produce them. MGA tries to downplay its continued withholding of the documents even after Mattel requested them by asserting that it cooperated in producing them as soon as it became aware of Mattel's request. Indeed, MGA goes so far as to blame Mattel for "only" asking for them once and for not *repeatedly* asking for them.

By purporting to argue that *Mattel* was required to do more to ensure that MGA comply with MGA's own Court-ordered obligations, MGA's version of events is at odds with the facts and with its duty to obey Court Orders and disclose compelled documents. MGA suggests that once it was "made aware" that Mattel had requested complete copies of the documents—having disclosed them for the first time in excerpted fashion with its Letter of Request Application—it readily produced them. That is not correct. As MGA does not deny, MGA received Mattel's request for the documents at issue on Tuesday, September 22. That request also expressly advised that Mattel would file an *ex parte* for their production if MGA continued to withhold them. MGA fails to mention, let alone defend, that it

---

[4] See *Ex Parte* Application at 4-7.

ignored Mattel's request for the following two days until Mattel, as it said it would, was forced to bring the present *ex parte* application. MGA also fails to mention that it was only after Mattel had served its *ex parte* and even after MGA's opposition was already due that MGA got around to actually producing to Mattel complete copies of Exhibits K and L.[5]

MGA makes no effort to explain why it ignored Mattel's request for two days or why it did not provide them. MGA labors to portray itself as the victim of an overly-aggressive Mattel and seeks to blame Mattel for ostensibly "not trying hard enough" to rouse MGA to comply with its Court-ordered obligations because Mattel did not make *repeated* requests for the documents.[6] Mattel was scarcely required to do more than it did. To the contrary, it was and remains MGA's sole obligation to obey Court Orders and produce compelled documents, regardless of how many "reminders" MGA would prefer to have before deciding to comply. MGA's cavalier approach to its obligations to heed Court Orders should be rejected.

## II. MGA CONTINUES TO MISREPRESENT THE CONTENT OF THE DOCUMENTS AT ISSUE AND MATTEL'S INTENTIONS HERE.

As it has done in connection with its Letters Of Request Application, MGA misrepresents the contents of even the sanitized versions of Exhibits K and L it had provided and proclaims—without any supporting evidence—that Mattel concealed communications it had with Cityworld's counsel in 2003. As Mattel has explained in detail, nothing in those cherry picked documents support MGA's claim that Mattel had communications with Cityworld in August 2003. In fact, on their face, they affirmatively refute MGA's baseless charge. The only August dated

---

[5] MGA has still refused to produce any and all other documents in its possession reflecting communications between Cityworld and Mattel, the existence of which it does not deny. See Section III herein.

[6] See Opposition at 4.

entries in MGA's incomplete documents show only Mattel communications with Cityworld in August *2004*—some nine months after the relevant November 2003 time period.  MGA makes no attempt to contradict this plain reading of the documents, but merely continues to repeat its accusations in conclusory, unsupported fashion.

Lacking evidence, MGA claims the fact that Mattel has moved here to enforce prior Court Orders compelling disclosure of documents concerning MGA's affirmative defenses as purported proof that Mattel is withholding Cityworld communications.  This rhetorical flourish on MGA's part, too, is unsupported by evidence.  And for good reason.  Mattel long ago disclosed its 2003 communications with Cityworld,[7] and Judge Larson long ago rejected as baseless MGA's earlier charges of concealment of evidence[8] -- accusations MGA continues to repeat more than a year later without basis and indeed without having disclosed the Court's earlier rulings. As noted, even the partial Bill of Cost documents relied upon by MGA support Mattel, and contradict MGA's contentions, since they show that the earliest communications between Mattel and Cityworld were in September 2003 and that, contrary to MGA's contention, there were none in August 2003.  Mattel thus seeks the remainder of MGA's compelled documents not only because the Court has already ruled that Mattel is entitled to them.  Mattel also seeks those remaining documents because they, like the cherry picked Bill of Cost documents, will provide more evidence that corroborate Mattel's chronology and refute MGA's spurious claims of earlier, undisclosed communications.  MGA should be compelled to produce them before the hearing.[9]

---

[7]  See *Ex Parte* Application at 2-3.
[8]  Id. at 1 n. 2.
[9]  MGA similarly falsely portrays this *ex parte* as an effort by Mattel to "pull out all the stops" to avoid discovery.  The present *ex parte* and MGA's Letters of
   (footnote continued)

## III. MATTEL IS ENTITLED TO OTHER WITHHELD DOCUMENTS AND MGA HAS FAILED TO SHOW OTHERWISE.

Once Mattel brought to the Discovery Master's attention the Court's Orders rejecting MGA's statute of limitations and laches defenses on the merits and the Court's specific rejection of MGA's baseless claims of concealed communications, MGA belatedly began arguing that its efforts to rehash its statute of limitations and laches defenses rest upon alleged "new" evidence of communications by Mattel from the Cityworld litigation. MGA nevertheless simultaneously attempts to dispute that it is under any obligation to produce documents in its possession reflecting any such purported communications. MGA does not deny that such additional documents exist, however, and it offers no substantive basis for its refusal to provide this Court-ordered information.

Instead, MGA asserts that it cannot be compelled to produce additional documents because the *ex parte* is "procedurally improper." ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[10] MGA also ignores that it is already subject to multiple Orders compelling production of the precise documents Mattel is seeking here. Indeed, MGA should have produced these documents at the time they came into MGA's possession, without forcing Mattel to jump through now multiple

---

Request Application raise distinct questions, and MGA's attempts to conflate them and engage in invective about Mattel's intent fail. The issue here is simple and straightforward: MGA has shown itself to be in violation of repeated Court Orders requiring it to produce documents supporting its affirmative defenses. MGA should be compelled to make a complete production of previously ordered documents relevant to MGA's statute of limitations and laches defenses and relevant to the issues MGA itself has raised on its Letters of Request Application. This is an Order the Discovery Master can and should issue.

[10] See ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

hoops to obtain them.[11] Mattel simply asks the Discovery Master to order MGA to comply with prior Orders requiring production of these documents. Here, documents reflecting communications between Cityworld and Mattel in MGA's possession are necessarily likely to contain facts relating to MGA's affirmative defenses and thus its claims of entitlement to the requested discovery, and they should be ordered produced prior to the October 16, 2009 hearing on MGA's Application For Letters Of Request.

## Conclusion

For the foregoing reasons, Mattel asks that this application be granted and that MGA be compelled to produce the documents indicated in the Notice of this application.

DATED: September 29, 2009      QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel. Inc.

---

[11] Contrary to MGA's claim that Mattel only sought the Bill of Cost documents in its email to MGA, Mattel's counsel made clear that far more was at issue and asked that MGA meet and confer about "MGA's now demonstrable withholding of documents relating to MGA's purported affirmative defenses." Zeller Dec., Ex. 5. Like the rest of Mattel's counsel's email, MGA ignored it.