# Exhibit 1

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CMANKEY@GLASERWEIL.COM

March 25, 2009

MERITAS LAW FIRMS WORLDWIDE

VIA E-MAIL & FACSIMILE

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

Re: *Mattel, Inc. v. MGA Entertainment, Inc., et al.*

Dear Counsel:

I am writing to request a meet and confer pursuant to paragraph 5 of the Discovery Master Order and Local Rule 37-1 in connection with Mattel's responses to the following written discovery:

### MGA Entertainment, Inc.'s Second Set of Requests for Production of Documents and Things in Case No. 05-2727:

Request for Production No. 137
  DOCUMENTS sufficient to identify by name and title PERSONS WITH knowledge of alleged copying, taking, accessing or modification of proprietary MATTEL DOCUMENTS by MACHADO, TRUEBA AND VARGAS.

Request for Production No. 146
  All DOCUMENTS REFERRING OR RELATING TO the events described in paragraph 53 of YOUR COUNTERCLAIMS regarding MATTEL's notification of Mexican authorities about the alleged theft of MATTEL's trade secret and confidential information, including but not limited to affidavits, declarations, complaints, and evidence filed with the Mexican authorities.

671042

**Exhibit 1**
**Page 5**

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 2

Request for Production No. 148
All DOCUMENTS REFERRING OR RELATING TO MATTEL's involvement in the seizure of materials at the facilities of MGAE de Mexico, S.R.L. de C.V. in Mexico City by Mexican authorities.

Request for Production No. 153
All DOCUMENTS REFERRING OR RELATING TO whether the 2004 Sales Plan referred to in paragraph 62 of YOUR COUNTERCLAIMS was public information or contained public information.

Request for Production No. 154
All DOCUMENTS REFERRING OR RELATING TO PERSONS who had access to the 2004 Sales Plan referred to in paragraph 62 of YOUR COUNTERCLAIMS.

Request for Production No. 157
DOCUMENTS sufficient to identify by name, title and telephone number MATTEL employees whom BRAWER allegedly contacted after his resignation from MATTEL, as alleged in paragraph 69 of YOUR COUNTERCLAIMS.

Request for Production No. 158
All DOCUMENTS REFERRING OR RELATING TO BRISBOIS' MATTEL exit interview, including but not limited to reports, memoranda, notes, and recording of or RELATING TO the exit interview.

Request for Production No. 160
All DOCUMENTS REFERRING OR RELATING TO the events alleged in paragraph 75 of YOUR COUNTERCLAIMS regarding MATTEL's notification of Canadian law enforcement authorities about BRISBOIS' alleged theft of MATTEL's trade secret and confidential information, including but not limited to affidavits, declarations, complaints, and evidence filed with the Canadian law enforcement authorities.

Request for Production No. 162
All DOCUMENTS REFERRING OR RELATING TO MATTEL's involvement in the seizure by Canadian law enforcement authorities of a thumb drive from BRISBOIS referenced in paragraph 75 of YOUR COUNTERCLAIMS.

Request for Production No. 174
All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 90 of YOUR COUNTERCLAIMS regarding MGA's alleged racketeering activity for the purpose of

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 3

executing and attempting to execute a scheme to improperly defraud MATTEL and steal
MATTEL's trade secret.

Request for Production No. 175
All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 90
of YOUR COUNTERCLAIMS regarding MGA's alleged willful conduct for the purpose of
executing and attempting to execute a scheme to improperly defraud MATTEL and steal its trade
secret.

Request for Production No. 176
All DOCUMENTS REFERRING OR RELATING TO how access to MATTEL's
confidential information is controlled, including but not limited to DOCUMENTS
CONTAINING MATTEL's policy with respect to confidential information, sign-in and sign-out
sheets for access to confidential information, logs of PERSONS who access confidential
information, and procedures for accessing confidential information.

Request for Production No. 177
All DOCUMENTS REFERRING OR RELATING TO the steps and procedures that
MATTEL takes to keep MATTEL's confidential information confidential.

Request for Production No. 178
All DOCUMENTS REFERRING OR RELATING TO any investigation, surveillance,
inspection, inquiry, survey or analysis into the activities, including but not limited to electronic
and computer related activities, alleged in YOUR COUNTERCLAIMS.

### MGA's Fifth Set of Requests for Production of Documents and Things in Case No. 05-2727:

Request for Production No. 486
All DOCUMENTS REFERRING OR RELATING TO YOUR or YOUR attorney's or
agent's knowledge of or participation in the investigation or search of MGAE de Mexico, S.R.L.
de C.V. in Mexico City.

Request for Production No. 488
All DOCUMENTS REFERRING OR RELATING TO YOUR knowledge that any of the
items seized by Mexican authorities from MGAE de Mexico, S.R.L. de C.V. in Mexico City
were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA
subsidiary.

671042

Exhibit 1
Page 7

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 4

Request for Production No. 489
All DOCUMENTS REFERRING OR RELATED TO YOUR or YOUR attorney's or agent's knowledge of or participation in the seizure of Brisbois' thumb drive by Canadian law enforcement.

Request for Production No. 491
All DOCUMENTS REFERRING OR RELATED TO YOUR knowledge that any of the items seized by Canadian authorities from Brisbois' thumb drive were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary.

### MGA's Seventh Set of Requests for the Production of Documents and Things in Case No. 05-2727:

Request for Production No. 759
All DOCUMENTS REFERRING OR RELATING TO the departure of Jorge Castilla from MATTEL, including but not limited to any MATTEL exit interview forms, surveys, questionnaires, agreements, or other documents Castilla completed on or near the date of his departure from MATTEL.

Request for Production No. 760
All DOCUMENTS REFERRING OR RELATING TO MGA's recruitment or hiring of Jorge Castilla, including but not limited to all employment agreements and any agreements relating to confidentiality or non-disclosure of MATTEL information.

Request for Production No. 761
All DOCUMENTS REFERRING OR RELATING TO any taking of confidential or proprietary MATTEL information by Jorge Castilla, including bit not limited to forensic reports, Guidance software reports, or computer imaging reports.

### MGA's Second Set of Interrogatories to Mattel, Inc.:

Interrogatory No. 20
IDENTIFY with specificity each ALLEGED TRADE SECRET, including the IDENTITY of each DOCUMENT that embodies or REFERS OR RELATES to each ALLEGED TRADE SECRET.

Interrogatory No. 21
IDENTIFY each PERSON who has had access to each ALLEGED TRADE SECRET, including (a) the ALLEGED TRADE SECRET each PERSON had access to; and (b) the date or dates each PERSON had this access.

671042

Exhibit 1
Page 8

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 5


Interrogatory No. 22
STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that MGA misappropriated any ALLEGED TRADE SECRET.

Interrogatory No. 23
STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that the ALLEGED TRADE SECRETS are protectable.

Interrogatory No. 28
Describe in detail the complete factual basis for YOUR COUNTERCLAIMS, including, without limitation all facts, DOCUMENTS, and witnesses that REFER OR RELATE TO YOUR COUNTERCLAIMS.

Interrogatory No. 29
Describe in detail any estimate or calculation of damage, loss, injury, or unjust enrichment, by reason of any act or omission alleged in YOUR COUNTERCLAIMS, that YOU have made or that has been made on YOUR behalf or at YOUR request, including all facts, DOCUMENTS or witnesses RELATING TO each estimate or calculation.

With respect to all of the above referenced requests for production, Mattel has only objected and has not agreed to produce any responsive documents. With respect to Interrogatory Nos. 20-23 and 28, Mattel has asserted objections only and has not provided any substantive responses. In response to Interrogatory No. 29, Mattel responded on March 5, 2008, that "[a]s to Mattel's Phase II counterclaims, Mattel has not yet computed its damages.... Mattel reserves the right to supplement this response once Phase II discovery resumes and Mattel receives the necessary information...."

Documents and information responsive to each of the above requests are directly and clearly relevant to the issues to be litigated in Phase II. Moreover, based on the finding in Discovery Master O'Brien's Order No. 6 that "MGA has made a prima facie case that the Requests seeking the documents Mattel provided to law enforcement officials, as well as Mattel's communications with those officials, are reasonably calculated to lead to the discovery of admissible evidence regarding the claims to be adjudicated in Phase 2" and that such documents "are not protected from disclosure under any of the privileges or doctrines cited by Mattel," Mattel's objections to discovery requests pertaining to any law enforcement investigation of Mattel's claims of trade secret theft, such as Requests for Production Nos. 146, 160, 162, 486 and 488, are without merit.

Please let us know if Mattel is willing to supplement its responses to any of these discovery requests and/or when you are available to meet and confer regarding these requests.

671042

Exhibit 1
Page 9

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 6

Should we fail to reach agreement on the nature and scope of supplemental responses to be provided by Mattel, we anticipate promptly filing a motion to compel the production of documents and substantive responses.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS
& SHAPIRO, LLP

cc: Patricia Benson, Esq.
Jean Nogues, Esq.
Russell Frackman, Esq.
Joel Klevens, Esq.
Amman Khan, Esq.

671042

Exhibit 1
Page 10

# Exhibit 2

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

April 16, 2009

VIA ELECTRONIC MAIL AND FAX

Caroline H. Mankey, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Re:   Mattel v. MGA Entertainment, Inc., et al.

Dear Caroline:

I write to memorialize our telephone call of this afternoon regarding certain MGA Requests for Production and Interrogatories. As I described to you over the phone, we have agreed:

- For Request for Production Nos. 146, 160, 174, and 175 (Second Set), and 488 and 491 (Fifth Set), Mattel will produce non-privileged documents responsive to these requests, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

- For Request for Production Nos. 148 and 162 (Second Set), and 486 and 489 (Fifth Set), Mattel will produce responsive, non-privileged documents regarding Mattel's communications with law enforcement personnel that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

- For Request for Production No. 153 (Second Set), Mattel will produce responsive, non-privileged documents relating to the trade secret/confidential nature of the 2004 Sales Plan, including any documents relating to it being or containing purportedly public information, that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, Illinois 60606-6301 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 Japan | TEL +81 3 5561-1711 FAX +81 3

Exhibit 2
Page 11

Caroline Mankey, Esq.
April 16, 2009

- For Request for Production Nos. 176 and 177 (Second Set), Mattel will produce responsive, non-privileged documents that relate to the trade secrets and confidential information at issue in this case and to the policies and procedures applied in the U.S., Mexico and Canada with respect to those trade secrets and confidential information, that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

- For Request for Production No. 178 (Second Set), Mattel will produce responsive, non-privileged documents relating to the discovery of MGA's thefts of trade secret and other confidential Mattel information that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

Also, as we discussed, with respect to Request for Production Nos. 759, 760, 761 (Fifth Set) and 158 (Second Set), Mattel already agreed to produce documents in prior responses and in response to the question you posed today about Request No. 158, we do not know of any responsive documents that have not been produced but we will supplement our production in the event that any additional documents are located.

With respect to Requests for Production Nos. 137 and 157 (Second Set), I explained that Mattel's previously produced documents, interrogatory responses and Initial Disclosures already reflect the universe of people with non-privileged information sought in these requests. Further, we had previously discussed whether No. 137 could be construed as incorporating documents reflecting that the persons had the knowledge of alleged copying, taking, accessing or modification of proprietary Mattel documents by Machado, Trueba, and Vargas, and whether No. 157 could be construed as reflecting the contacts that Brawer with the persons after his resignation from Mattel, and you had said MGA would be willing to narrow the requests to just seek those documents. Mattel has considered that suggestion, and while we disagree as to whether these particular requests necessarily encompass such documents, we believe all such documents have been produced anyway. As a result, I believe these requests are resolved. I suggested that you look at the information already provided and let me know what, if anything, you believe you still need to resolve these two requests. Please confirm that we have agreement on that approach.

With respect to Request for Production No. 154, concerning documents referring or relating to those who had access to the 2004 Sales Plan, we discussed whether MGA means by "access" those who actually accessed the Sales Plan, or those who have access in some more technical, theoretical way. Your understanding was that the requests seeks to identify all the people who actually accessed the document, but you told me you would find out from your team whether that was the case. Also, I raised the issue that the number of people with access can change over time, and that the content of the document itself can change over time. As to the latter, Mattel understands the Request to refer to the version(s) of the document that were actually taken.

Exhibit 2
Page 12

Caroline Mankey, Esq.
April 16, 2009

Mattel is also wondering what MGA has in mind in terms of temporal scope. We do not agree that all post-theft access to the document is relevant in all cases to a trade secret misappropriation claim, but we understand your position that some post-theft access may be relevant and are willing to consider producing items within a reasonable post-theft time period. Please forward any authority that would help us determine what is the proper time period to apply. Also, I noted that Request No. 154 as drafted would include access by lawyers, investigators, court personnel and government personnel as a result of MGA's theft. It did not sound from what you had told me that this is the information MGA seeks. With respect to these issues, you told me that you would get back to me so that we can work out a way to get MGA the information it needs.

With respect to Interrogatories 20 and 22, we discussed MGA's view that the information contemplated by these interrogatories is difficult to recognize in the responses to Interrogatory Nos. 1 and 2. While we don't necessarily agree with MGA on the point, we nevertheless will supplement both of these interrogatories in an effort to resolve this. Mattel will also supplement its responses to Interrogatory Nos. 21, 23, 28, and 29.

This covers all of the Requests for Production and Interrogatories identified in your original meet and confer letter of March 25, 2009. We plan to make all these supplementations and any supplementary production by May 14, which was the date that you proposed.

Sincerely,

/s/

Diane C. Hutnyan

cc: Jason Russell, Esq.

07975/2890452.1

3

Exhibit 2
Page 13