# Exhibit 3

Patricia L. Glaser, State Bar No. 055668
Pglaser@glaserweil.com
Joel N. Klevens, State Bar No. 045446
Jklevens@glaserweil.com
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: 310-553-3000
Facsimile: 310-556-2920

Russell J. Frackman, State Bar No. 049087
rjf@msk.com
MITCHELL, SILBERBERG & KNUPP, LLP
11377 West Olympic Boulevard
Los Angeles, California 90064
Telephone: 310-312-2000
Facsimile: 310-312-3100

Attorneys for the MGA Parties For Phase Two

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

CARTER BRYANT, an individual

Plaintiff,

v.

MATTEL, INC., a Delaware Corporation

Defendant.

AND CONSOLIDATED ACTIONS

Case No. CV 04-9049 SGL (RNBx)
Consolidated with: Case No. CV 04-9059; Case No. CV 05-2727

**DISCOVERY MATTER**
**[To Be Heard by Discovery Master Robert C. O'Brien Pursuant to Order of January 6, 2009]**

**MGA ENTERTAINMENT, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS FROM MGA'S SECOND AND FIFTH SETS OF REQUESTS FOR PRODUCTION AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES TO MATTEL, INC.**

Date: TBD
Time: TBD
Place: TBD

[Honorable Stephen G. Larson]
**Phase 2**
Discovery Cut-off: December 11, 2009
Pre-Trial Conference: March 1, 2010
Trial Date: March 23, 2010

LAW OFFICES GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that at a hearing before the Discovery Master Robert O'Brien, occurring at a date and time to be set by the Discovery Master, MGA Entertainment, Inc. ("MGA") will, and hereby does, move to compel Mattel, Inc. ("Mattel") to: (1) produce all documents and things responsive to Request Nos. 153, 154, 158, 174, 175, 176 177 and 178 of MGA's Second Set of Requests for Documents and Things and Request Nos. 486, 488 and 489 of its Fifth Set of Requests for Documents and Things; and (2) respond to interrogatories 20, 21, 22, 23, 28 and 29 of its Second Set of Interrogatories.

This Motion is made pursuant to Federal Rules of Civil Procedure 33, 34, and 37 and pursuant to the Court's January 6, 2009 Order Appointing Discovery Master.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Caroline H. Mankey filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

**Statement of Rule 37-1 Compliance**

The parties met and conferred regarding the issues in this Motion on March 25, 2009, March 31, 2009, April 13, 2009, April 16, 2009, April 17, 2009 and dates thereafter.

Dated: April 20, 2009

Patricia L. Glaser
Joel N. Klevens
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

Russell J. Frackman
MITCHELL, SILBERBERG & KNUPP, LLP

By: /s/ Joel N. Klevens
Joel N. Klevens
Attorneys for the MGA Parties for Phase Two

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ..... 1
II. PROCEDURAL HISTORY ..... 1
III. STATEMENT OF RELEVANT FACTS ..... 2
A. Requests for Production of Documents and Things ..... 2
B. Interrogatories ..... 2
IV. ARGUMENT ..... 3
A. Mattel Must Produce *All* Responsive Documents ..... 3
1. Request for Production Nos. 148, 162, 486 and 489 ..... 4
2. Request for Production No. 154 ..... 5
3. Request for Production No. 178 ..... 6
B. Mattel Should Be Compelled to Comply with Its Obligations To the Extent It Has Not Done So Before the Hearing on This Motion ..... 6
C. Mattel's Response to Interrogatory No. 1 Is Not An Adequate Response to Interrogatory Nos. 20, 21, 22, 23 or 28 ..... 7
D. MGA Is Entitled to a Full and Complete Response to Interrogatory No. 29 ..... 10
C. Mattel's Boilerplate Objections Should Be Rejected ..... 12
V. CONCLUSION ..... 15

Exhibit 3
Page 16

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

# TABLE OF AUTHORITIES

## FEDERAL CASES

*A. Farber and Partners, Inc. v. Garber*,
234 F.R.D. 186 (C.D. Cal 2006)....12

*Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc.*,
175 F.R.D. 646 (C.D. Cal. 1997)....13

*City and County of San Francisco v. Tutor-Saliba Corp.*,
218 F.R.D. 219 (N.D. Cal. 2003)....11

*Jackson v. Montgomery Ward & Co.*,
173 F.R.D. 524 (D. Nev. 1997)....12

*Keith H. v. Long Beach Unified School District*,
228 F.R.D. 652 (C.D. Cal. 2005)....14

*O'Connor v. Boeing North American, Inc.*,
185 F.R.D. 272 (C.D. Cal. 1999)....13

*Putnam v. Eli Lilly and Co.*,
508 F. Supp. 2d 812 (C.D. Cal. 2007)....14

*Swackhammer v. Sprint Corp PCS*,
225 F.R.D. 658 (D. Kan. 2004)....13

*Walker v. Lakewood Condominium Owners Ass'n*,
186 F.R.D. 584 (C.D. Cal. 1999)....12

## STATE CASES

*Bathija v. Panoff Pub., Inc.*,
2005 WL 2323298 (D. Alaska September 21, 2005)....11

[continued on next page]

## FEDERAL STATUTES

Fed. R. Civ. P. 33(a)(2) .......... 9, 13

Fed. R. Civ. P. 33(b)(4) .......... 12

Federal Rule of Civil Procedure 11 .......... 11

Federal Rules of Civil Procedure 33, 34 .......... 1

## STATE STATUTES

Cal. Civ. Code § 3426.1(d) .......... 8, 9

Cal. Civ. Code § 3426.1(d)(2) .......... 5,10

## MISCELLANEOUS

Miller & Marcus, Fed. Prac. and Proc.: Civil § 2167 at 247 (2d ed.1994) .......... 13

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

## I. PRELIMINARY STATEMENT

By this motion to compel (the "Motion"), MGA Entertainment, Inc. ("MGA") seeks documents and interrogatory responses that are directly relevant to the claims and defenses as alleged in Mattel's Second Amended Answer and Counterclaims (the "SAAC"). The parties have met and conferred at length about these discovery requests. Although Mattel has agreed to provide further written responses and documents, MGA has a number of concerns which Mattel has not yet addressed. Accordingly, MGA brings this Motion in order to preserve its rights and ensure that Mattel complies with its representation that it will supplement its interrogatory responses, produce the documents at issue, and provide written confirmation that all responsive documents in Mattel's possession have been produced.

To the extent Mattel does not comply with its representations to provide further responses and documents by the time the Discovery Master hears this motion, MGA seeks an order compelling production within twenty-four hours of the Discovery Master's ruling.[1]

## II. PROCEDURAL HISTORY

This Motion concerns requests for production and interrogatories propounded by MGA upon Mattel between one-and-a-half and two years ago:

- MGA Entertainment, Inc.'s Second Set of Requests for Production of Documents and Things in Case No. 05-2727, dated March 27, 2007;
- MGA's Fifth Set of Requests for Production of Documents and Things in Case No. 05-2727, dated August 3, 2007; and
- MGA's Second Set of Interrogatories to Mattel, Inc., dated December 4, 2007.

(Declaration of Caroline H. Mankey ("Mankey Decl."), ¶ 2.) These requests that are the subject of this Motion all relate to MGA's defense of Mattel's Phase 2

1 The parties are still working to resolve these issues informally. Mattel has represented that it will provide supplementary responses and documents by May 14, 2009 in response to the subject requests for production and interrogatories. As a result, MGA shall withdraw all or portions of its Motion in the event the parties are able to reach an agreement as to the discovery at issue.

counterclaims. Although Mattel initially refused to respond to these discovery requests and elected to make baseless objections instead, MGA was precluded from seeking enforcement by the Court due to the February 4, 2008 Order placing a stay on all Phase 2 discovery. (*Id.*) After the stay was lifted, MGA's Phase 2 counsel initiated the meet and confer process as required by Rule 37-1. Because Mattel has not committed to providing full and complete responses to MGA's discovery requests in a timely manner, MGA seeks the Discovery Master's assistance by bringing this Motion.

## III. STATEMENT OF RELEVANT FACTS

### A. Requests for Production of Documents and Things

Requests for Production 146, 148, 153, 154, 158, 160, 162, 174, 175, 176, 177, 178, 486, 488, 489 and 491 from MGA's Second and Fifth Sets of Requests for Production go to the heart of Mattel's counterclaims. Indeed, Mattel did not challenge any of these requests on the basis of relevance, but agreed to produce documents responsive to them and asserted that documents responsive to the others had either been produced already or do not exist in Mattel's possession, custody or control. (Mankey Decl., ¶¶ 8, 9, Exhs. F, G.)

During the meet and confer process, Mattel indicated that it would either produce non-privileged, responsive documents in its possession, custody or control or provide written confirmation that it is not in possession, custody, or control of responsive documents. (*Id.*) However, Mattel did not expressly state whether it will produce ***all*** such responsive documents or whether it intends to withhold any documents on the basis of any privilege or any purported objection. (Mankey Decl., ¶ 11, Exh. I.)

### B. Interrogatories

The interrogatories at issue also go to the heart of Mattel's counterclaims – most notably, its trade secret claims. Interrogatory No. 20 asks Mattel to identify each alleged trade secret that Mattel claims has been misappropriated by the MGA

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

Parties. (Mankey Decl., ¶ 4, Exh. B, Mattel's Responses to MGA's Second Set of Interrogatories, p. 13.) Interrogatory No. 21 seeks the identity of the people who had access to each alleged trade secret and the dates that these people had the access. (*Id.* at p. 14) Interrogatory Nos. 22 and 23 ask Mattel to state all facts that support Mattel's contentions: (1) that MGA misappropriated any alleged trade secret; and (2) that these alleged trade secrets are protectable. (*Id.* at pp. 15-16.) Interrogatory No. 28 seeks the complete factual basis for Mattel's counterclaims, including all facts, documents, and witnesses that refer or relate to those counterclaims. (*Id.* at p. 20) Finally, Interrogatory No. 29 asks Mattel to describe in detail any estimate or calculation of damage, loss, etc., as a result of the MGA Parties' purported wrongdoing, as alleged in Mattel's Counterclaims. (*Id.* at p. 21.)

Although Mattel has agreed to supplement its responses to these interrogatories, Mattel has not yet done so and has not withdrawn its objections. (*See* Mankey Decl., ¶¶ 10, 11, Exhs. H, I.) Thus, MGA seeks an order compelling a full and complete response to these interrogatories and an order overruling Mattel's objections.

## IV. ARGUMENT

### A. Mattel Must Produce *All* Responsive Documents

During the parties' meet and confer, Mattel sought clarification of the term "Mattel" because each set of requests for production defined the term slightly differently. In response, by letter dated April 14, 2009, MGA indicated that it will agree to apply one definition of "MATTEL" to all of MGA's requests for production currently at issue. (Mankey Decl., ¶ 9, Exh. G.) Specifically, MGA agreed to define "MATTEL" as follows:

> "MATTEL," "YOU" or "YOUR" means the party Mattel, Inc. and any of its past or present officers, directors, employees, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, and joint venture partners.

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

(*Id.*) Mattel has not indicated whether it agrees to this definition or whether it intends to withhold any documents from its production as a result of any objection to this definition.

In fact, although Mattel has indicated that it will produce documents responsive to Request for Production Nos. 146, 148, 153, 160, 162, 174, 175, 176, 178, 486, 488, 489 and 491, Mattel did not expressly state that it would produce ***all*** such responsive documents or whether it intends to withhold any documents on the basis of any privilege or objection (including to the definition of Mattel). (Mankey Decl., ¶¶ 10, 11, Exhs. H, I.) To the extent Mattel does not intend to produce all documents, MGA seeks an Order compelling Mattel to produce ***all*** non-privileged documents responsive to the subject requests for production.[2]

**1. Request for Production Nos. 148, 162, 486 and 489**

As to certain specific requests, Mattel has indicated that it will produce documents, but is vague as to the scope of documents it intends to produce in response to those requests. With respect to Request for Production Nos. 148, 162, 486 and 489, Mattel has indicated that it "will produce responsive, non-privileged documents regarding Mattel's ***communications with law enforcement personnel*** that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced." (Emphasis added.) (Mankey Decl., ¶ 10, Exh. H.) However, the scope of these requests is broader than just communications with law enforcement personnel. Request Nos. 148 and 486 seek all documents relating to Mattel's involvement and Mattel's agent's knowledge of or participation in the seizure, investigation or search of materials at MGA Mexico. (Mankey Decl., ¶ 11, Exh. I.) Request Nos. 162 and 489 seek all documents relating to Mattel's involvement and Mattel's agent's knowledge of or participation in the seizure by Canadian law enforcement authorities

---

2 To the extent Mattel withholds any documents on the basis of privilege, it must provide a privilege log identifying those documents with sufficient detail.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

of a thumb drive from Brisbois. (Mankey Decl., ¶¶ 8, 11, Exhs. F, I.) Thus, MGA seeks all documents responsive to these Requests, and not just the narrowed scope of documents Mattel indicates it will produce and that the Discovery Master already ordered Mattel to produce in his Order No. 6:

> Given Mattel's allegations regarding the theft of its trade secrets, its communications with law enforcement officials, and the overlap between the civil and criminal claims Mattel is pursuing, the Discovery Master concludes that, as a threshold matter, MGA has made a prima facie case that the Requests seeking the documents Mattel provided to law enforcement officials, as well as Mattel's communications with those officials, are reasonably calculated to lead to the discovery of admissible evidence regarding the claims to be adjudicated in Phase 2.

(Mankey Decl., ¶ 6, Exh. D, Phase 2 Discovery Matter Order No. 6, p. 11.)

**2. Request for Production No. 154**

It is unclear which documents Mattel will produce in response to Request for Production No. 154, which seeks all documents relating to persons "who had access to the 2004 Sales Plan referred to in paragraph 62" alleged in Mattel's counterclaims. (Mankey Decl., ¶ 8, Exh. F.) This Request is directly relevant to Mattel's claims that its 2004 Sales Plan, which Mattel contends was misappropriated by MGA, contains protectable trade secrets. *See* Cal. Civ. Code § 3426.1(d)(2) (requiring efforts to maintain the "secrecy" of purported trade secrets).

During meet and confer discussions, Mattel requested that MGA limit the temporal scope and definition of the term "access." (Mankey Decl., ¶ 10, Exh. H.) In response, MGA agreed to narrow the request temporally to apply only to documents predating the filing of Mattel's SAAC on July 12, 2007, so long as Mattel confirms that it has no claims relating to the 2004 Sales Plan after this date. (Mankey Decl., ¶ 11, Exh. I.) MGA also clarified that it seeks documents reflecting all persons to whom Mattel gave the ability or permission to access the 2004 Sales Plan, but does not seek information regarding persons who might have had access to the document while it was in the possession of a person or entity other than Mattel, such as government or court personnel, unless that access was given to them by Mattel. (*Id.*)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

Documents reflecting the time period before Mattel filed its counterclaims and the people who had access to the 2004 Sales Plan are not only relevant, but critical to MGA's defense because they may show, for example, that Mattel did not maintain the 2004 Sales Plan as confidential and, thus, that it does not contain protectable trade secrets. Thus, Mattel should produce all non-privileged documents responsive to Request No. 154 as narrowed by MGA.

**3. Request for Production No. 178**

With respect to Request for Production No. 178, Mattel has indicated that it will produce non-privileged, responsive documents "relating to the discovery of MGA's thefts of trade secret and other confidential Mattel information . . . ." (Mankey Decl., ¶ 10, Exh. H.) However, the scope of this Request is much broader than that. Request for Production No. 178 seeks documents relating to "any investigation, surveillance, inspection, inquiry, survey or analysis into the activities, including but not limited to electronic and computer related activities," alleged in Mattel's counterclaims. (Mankey Decl., ¶ 11, Exh. I.) Mattel has offered no basis to limit its production, thus, MGA seeks an order compelling Mattel to produce ***all*** documents responsive to this Request.

**B. Mattel Should Be Compelled to Comply with Its Obligations To the Extent It Has Not Done So Before the Hearing on This Motion**

Mattel has agreed to produce non-privileged responsive documents in response to most of MGA's requests for production and/or supplement its responses in writing to confirm that it does not have any additional responsive documents in its possession, custody, or control that have not been produced. (Mankey Decl., ¶ 10, Exh. H.) To the extent Mattel fails to produce these documents and/or provide a written supplemental response confirming that it has produced all documents by the time the Discovery Master rules on the instant Motion, MGA seeks an order compelling Mattel to comply with its obligations within twenty-four hours of the Discovery Master's Order.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

LAW OFFICES GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

Mattel will not be prejudiced by such an order given its agreement to provide these documents and responses. Moreover, Mattel has had more than adequate notice of MGA's demands for these documents and written responses to be able to produce these responses and documents immediately. Not only were the requests for production served during Phase 1, but MGA's initial meet and confer letter was sent to Mattel on March 25, 2009. (Mankey Decl., ¶ 8, Exh. F.) Telephonic conferences were then held on March 31, April 13, and April 16, 2009, this motion is being filed on April 20, 2009, and this motion will not be heard until well after that, all of which gives Mattel plenty of time to assemble and produce the relevant documents and written responses that it has agreed to provide. (Mankey Decl., ¶ 12.)

Absent such an order, MGA would be highly prejudiced in the event of Mattel's failure to produce the agreed upon documents and written responses in a timely fashion because MGA would then have to file an entirely new motion to compel, months after having initiated the meet and confer process regarding these requests in March 2009. Indeed, such a failure by Mattel to produce documents and written responses after agreeing to do so would only encourage Mattel to employ such tactics in the future to avoid or delay its discovery obligations at MGA's expense and to MGA's detriment in connection with its ongoing discovery and preparation for trial.

**C. <u>Mattel's Response to Interrogatory No. 1 Is Not An Adequate Response to Interrogatory Nos. 20, 21, 22, 23 or 28</u>**

During the meet and confer process, Mattel contended that its response to Interrogatory No. 1 was a complete answer to Interrogatory Nos. 20, 22, 23 and 28, which seek detailed information supporting each of Mattel's counterclaims. (Mankey Decl., ¶¶ 3, 9, Exhs. A, G.) Mattel also objected to these latter Requests on the basis that they are duplicative. (Mankey Decl., ¶ 5, Exh. C.) Although Mattel appears to have abandoned these objections by agreeing to provide further responses to these

interrogatories, MGA nonetheless seeks an order that the objections are overruled because Mattel has not expressly withdrawn them.

Interrogatory No. 1 asked Mattel to state all facts and identify all documents that support its contention that Mattel has suffered harm as a result of any act or omission of MGA. (Mankey Decl., ¶ 3, Exh. A.) As discussed below, Mattel's response to Interrogatory No. 1 is not responsive to Nos. 20, 22, 23 or 28.

The California Uniform Trade Secret Act ("CUTSA") defines a "trade secret" as follows:

> "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that:
>
> (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and
>
> (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Cal. Civ. Code § 3426.1(d). The disputed Interrogatories all seek to vet Mattel's trade secret claims by requesting the type of information described by the statute.

Interrogatory No. 20 asks Mattel to identify "with specificity" each alleged trade secret referred to in the SAAC as well as any related documents. (Mankey Decl., ¶ 4, Exh. B.) Likewise, Interrogatory No. 23 seeks the complete factual basis for Mattel's contention that the trade secrets that MGA purportedly stole are protectable. (*Id.*) Finally, Interrogatory Nos. 22 and 28 request the factual bases for Mattel's contention that MGA misappropriated any alleged trade secret and for its counterclaims generally. (*Id.*)

Information responsive to these interrogatories would include, for example, the following types of facts: (1) each type of information that Mattel contends constitutes a trade secret; (2) the independent economic value that Mattel purportedly derives from keeping each of the alleged trade secrets from being generally known to the public; (3) any steps Mattel has taken to ensure the secrecy of the alleged trade

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

secrets; and (4) individuals who had access to these purported trade secrets and whether they were obligated or could be trusted to keep this information confidential. Additionally, because MGA's Second Set of Interrogatories defines the term "factual basis" to include identification of documents and witnesses with relevant information, complete responses would provide this information as well. (Mankey Decl., ¶ 4, Exh. B.)

Mattel's response to Interrogatory No. 1 does not adequately respond to these interrogatories. As an initial matter, Mattel's response does not identify all documents or witnesses related to each of its contentions. (Mankey Decl., ¶3, Exh. A.) Moreover, the CUTSA statute is clear that the term "trade secret" refers to specific information, not simply the documents which might contain that information. *See* Cal. Civ. Code § 3426.1(d). Notwithstanding the fact that Mattel has provided a 20-page list of documents, MGA is not in a position to presume what trade secrets those documents purportedly contain. (Mankey Decl., ¶ 3, Exh. A.) Finally, as the Discovery Master has already ruled in relation to prior discovery disputes, if an interrogatory is truly duplicative of a prior request, the responding party "should be able to respond to the latest interrogatories by cutting and pasting its responses to the prior interrogatories." (Mankey Decl., ¶ 7, Exh. E, Phase 2 Discovery Matter Order No. 17, p. 22 n.10.)

Mattel also objects to Interrogatory No. 22, which asks for the complete factual basis underlying its contention that MGA misappropriated any alleged trade secret, on the basis that it seeks "facts that are known to or in the possession, custody or control" of MGA. (Mankey Decl., ¶ 5, Exh. C.) It is Mattel's burden to identify and establish trade-secret protection over the information that MGA purportedly misappropriated and it is Mattel's obligation to disclose such information in response to MGA's interrogatory. As discussed in further detail below, contention interrogatories are expressly authorized by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 33(a)(2). Mattel may not limit its discovery obligations by dictating what

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

information MGA is entitled to receive or by asserting that the facts are already known to MGA.

For the same reasons that MGA is entitled to the information sought by Interrogatories 20, 22, 23 and 28, MGA is also entitled to information regarding each person who has had access to each of Mattel's trade secrets and the dates upon which they had such access, as sought by Interrogatory No. 21. Such information is clearly relevant under the CUTSA statute, which requires efforts to maintain the "secrecy" of purported trade secrets. *See* Cal. Civ. Code § 3426.1(d)(2). A detailed list of individuals who had access (and when they had such access) to Mattel's alleged trade secrets is highly relevant to MGA's defense of Mattel's misappropriation claims as they may demonstrate that Mattel did not take efforts to maintain the secrecy of its purported trade secrets. This information is not provided in Mattel's supplemental response to Interrogatory No. 1 and should be disclosed to MGA. (Mankey Decl., ¶ 3, Exh. A.) Thus, Mattel's response to Interrogatory No. 1 does not fully respond to Interrogatories Nos. 20, 21, 22, 23 and 28.

### D. MGA Is Entitled to a Full and Complete Response to Interrogatory No. 29

Interrogatory No. 29 asks Mattel to describe in detail any estimate or calculation of damages, loss, etc., it purports to have sustained in connection with its counterclaims. (Mankey Decl., ¶ 4, Exh. B.) Even though Mattel has agreed to supplement its response, MGA seeks an order to ensure that Mattel fully and completely responds to this interrogatory.

Mattel initially refused to provide a responsive answer to this request because it claimed that it has not yet completed its calculation of damages and because it seeks information that is the subject of expert analysis and fact discovery from MGA that has not yet been conducted. (Mankey Decl., ¶ 9, Exh. G.) None of these objections absolves Mattel of its duty to provide responsive, non-privileged information that is currently known. The Discovery Master recently ruled that a party "cannot… assert

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

that the objection [based on expert testimony] permits it to withhold information that is now available to it." (Mankey Decl., ¶ 7, Exh. E, Phase 2 Discovery Matter Order No. 17, p. 21.)

Notwithstanding its ability to supplement its response later, Mattel must still comply with its current discovery obligations to provide the full extent of information relating to its damages estimates and calculations that is currently in its possession, custody or control. *City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003) (holding that plaintiff should provide its assessment of damages in light of the information currently available to it in sufficient detail); *Bathija v. Panoff Pub., Inc.*, 2005 WL 2323298, at *1-2 (D. Alaska September 21, 2005) (granting defendant's motion to compel because plaintiff must provide the specific facts on which it currently possesses and relies upon to support its allegations, even if plaintiff supplements its response at a later date).

Certainly, Mattel has made *some* kind of estimate of damages it contends that it has suffered as a result of the alleged acts of MGA and has *some* evidence to support that estimate. Federal Rule of Civil Procedure 11 requires Mattel to have had some basis for filing a counterclaim alleging damages purportedly caused by MGA. Mattel asserted its counterclaims in 2006 – more than two years ago – and has had ample time to assess its claim for damages. Certain of the information supporting Mattel's damages analysis is necessarily in Mattel's possession, and not MGA's, such as information regarding Mattel's purported lost profits, lost sales, decreased market share, and various other sales, marketing and financial data that may support any other alleged theory of damages. Mattel cannot withhold such evidence and information from MGA simply because Mattel has not completed its own discovery from MGA. MGA is entitled to all such information and evidence currently in Mattel's possession, custody or control, even if it is not final or complete. Thus, Mattel's supplemental response must provide a full and complete response to this interrogatory.

LAW OFFICES GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**C. Mattel's Boilerplate Objections Should Be Rejected**

In its written objections to Interrogatory Nos. 20, 21, 22, 23, 28 and 29, Mattel also makes a number of improper boilerplate objections (set forth below), none of which is substantiated with any level of detail. Because boilerplate objections are equivalent to "not making any objection at all" and because Mattel abandoned these objections by failing to raise them during the meet and confer process, such objections should be rejected and overruled by the Discovery Master.

Under the Federal Rules of Civil Procedure, "the grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. The courts have specifically held that "general or boilerplate objections such as 'overly burdensome and harassing' are improper -- especially when a party fails to submit any evidentiary declarations supporting such objections." *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal 2006). Stated another way, "boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999). This constitutes waiver.

In fact, the Discovery Master has previously ruled that the failure to provide supporting evidence is fatal to an objection based on a claim of undue burden. (Mankey Decl., ¶ 7, Exh. E, Phase 2 Discovery Master Order No. 17, p. 23 (citing *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 528-9 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.").) The Discovery Master has further ruled that a party cannot complain that interrogatories are unduly burdensome when the request simply seeks information regarding the extent and details of the responding party's claims." (*See id.*)

Furthermore, interrogatories that require a responding party to substantiate its contentions are not objectionable on that basis alone. Fed. R. Civ. P. 33(a)(2) ("an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact...."); *see O'Connor v. Boeing North American, Inc.*, 185 F.R.D. 272, 280-281 (C.D. Cal. 1999) (interrogatory asking responding party to describe each injury "which you contend was caused by defendant's conduct" was proper). In fact, the courts have expressly held that under Rule 33, "there is no... automatic rule that an interrogatory must be disallowed merely because it calls for an opinion or contentions." *Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997) (citing Wright, Miller & Marcus, Fed. Prac. and Proc.: Civil § 2167 at 247 (2d ed.1994)). Because such interrogatories seek information related to the responding parties own factual and legal contentions, "the burden [is] on the party opposing discovery rather than... the proponent of the contention interrogatories to justify their propoundment." *Id.* at 652. This policy is "consistent with Rule 11 of the Federal Rules of Civil Procedure, [which requires that] plaintiffs must have some factual basis for the allegations in their complaint...." *Id.*

In response to Interrogatory Nos. 20, 21, 22, 23 28 and 29, Mattel has made various boilerplate objections:

- "unreasonably burdensome, [and] overbroad"
- "duplicative of other discovery requests propounded in this action"
- "compound"[3]

[3] Mattel's "compound" objection is restricted to Interrogatory Nos. 28 and 29. As with prior discovery disputes, the Discovery Master should reject these objections on the ground that such interrogatories "refer to one common theme and a common group, ...count as a single interrogatory," and are therefore proper. (Mankey Decl., ¶ 7, Exh. E, Phase 2 Discovery Matter Order No. 17, p. 21-22 (citing *Swackhammer v. Sprint Corp PCS*, 225 F.R.D. 658, 644 (D. Kan. 2004) ("[a]n interrogatory containing subparts directed at eliciting details concerning a 'common theme' should generally be considered a single question")).)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

- "calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges"
- "calls for the disclosure of confidential and/or proprietary information"
- "purports to require Mattel to summarize all facts on" one or more subjects

(Mankey Decl., ¶ 5, Exh. C.) In doing so, Mattel fails to:

- explain how a particular interrogatory is burdensome or overbroad;
- identify other discovery requests previously propounded by MGA that purportedly seek the same information;
- explain how a request is compound and, if true, why that is improper;
- describe how the attorney-client privilege or work-product doctrines are implicated by the interrogatory;
- articulate what Mattel means by "other applicable privileges;" or
- express how the interrogatory calls for the production of confidential or proprietary information.

Mattel's objection based on confidential and proprietary information is particularly frivolous because Mattel acknowledges in its objections that the parties have stipulated to, and the Court has entered, a Protective Order sufficient to protect these interests. (Mankey Decl., ¶ 5, Exh. C.) The applicable case law is clear that such protective orders alleviate any plausible concerns Mattel may have with respect to confidentiality. *See, e.g.*, *Putnam v. Eli Lilly and Co.*, 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) (a protective order "can strike the appropriate balance between the need for the information and the privacy concerns" of a party opposing discovery); *Keith H. v. Long Beach Unified School District*, 228 F.R.D. 652, 658 (C.D. Cal. 2005) (compelling production of records in light of redactions and "a protective order to minimize any invasion of the students' privacy rights"). Accordingly, the parties to this action have already produced volumes of documents containing "confidential and/or proprietary information" under the designations "Confidential" and

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

"Confidential – Attorneys' Eyes Only" as provided in the Protective Order. The interrogatories at issue here are no different.

## V. CONCLUSION

For the foregoing reasons, MGA respectfully requests that the Discovery Master grant this motion in its entirety and order Mattel to: (1) produce documents and things responsive to MGA's Second Set of Requests for Documents and Things and Fifth Set of Requests for Documents and Things, and/or provide written confirmation that Mattel has no additional documents in its possession, custody, or control responsive to these requests, which have not been produced; and (2) provide full and complete supplemental responses to MGA's Second Set of Interrogatories.

Dated: April 20, 2009

Patricia L. Glaser
Joel N. Klevens
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP

Russell J. Frackman
MITCHELL, SILBERBERG & KNUPP, LLP

By: /s/ Joel N. Klevens
Joel N. Klevens
Attorneys for the MGA Parties for Phase Two

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

On April 20, 2009, I served the foregoing document described as:

**MGA ENTERTAINMENT, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS FROM MGA'S SECOND AND FIFTH SETS OF REQUESTS FOR PRODUCTION AND RESPONSES TO MGA'S SECOND SET OF INTERROGATORIES TO MATTEL, INC.**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☐ (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☒ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above named addressee.

☒ **(BY EMAIL)** I caused such documents to be delivered via email to the addressee(s).

☐ (BY FACSIMILE) I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed this 20rd day of April, 2009, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

ADIL M. KHAN

LAW OFFICES
GLASER, WEIL, FINK, JACOBS, HOWARD & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

## SERVICE LIST

Robert C. O'Brien
Discovery Master
Arent Fox LLP
555 West 5th St., Suite 4800
Los Angeles, CA 90013
**[By Personal Service on April 21, 2009]**

John Quinn, Esq.
(johnquinn@quinnemanuel.com)
Jon D. Corey, Esq.
(joncorey@quinnemanuel.com)
Michael T. Zeller, Esq.
(michaelzeller@quinnemanuel.com)
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
**[By Email Service]**

Russell J. Frackman, Esq.
(rjf@msk.com)
Patricia H. Benson, Esq.
(phb@msk.com)
Mitchell, Silberberg & Knupp, LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90067
(310) 312-2000
**[By Email Service]**

Thomas J. Nolan, Esq.
(tnolan@skadden.com)
Raoul D. Kennedy, Esq.
(rkennedy@skadden.com)
Jason D. Russell, Esq.
(Jason.russell@skadden.com)
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
(213) 687-5000
**[By Email Service]**

Mark E. Overland, Esq.
moverland@obsklaw.com
Alexander H. Cote, Esq.
acote@obsklaw.com
Overland Borenstein Scheper & Kim LLP
601 W. 5th Street, 12th Floor
Los Angeles, CA 90017

**[By Email Service]**

**Tiffany Garcia**

**From:** cacd_ecfmail@cacd.uscourts.gov

**Sent:** Monday, April 20, 2009 6:02 PM

**To:** ecfnef@cacd.uscourts.gov

**Subject:** Activity in Case 2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc Motion to Compel

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

## Notice of Electronic Filing

The following transaction was entered by Khan, Adil on 4/20/2009 at 6:02 PM PDT and filed on 4/20/2009

**Case Name:** Carter Bryant v. Mattel Inc
**Case Number:** 2:04-cv-9049
**Filer:** MGA ENTERTAINMENT INC., INTERVENOR RE: CV04-09059
**Document Number:** 5216

**Docket Text:**
**NOTICE OF MOTION AND MOTION to Compel PRODUCTION OF DOCUMENTS AND THINGS FROM MGAS SECOND AND FIFTH SETS OF REQUESTS FOR PRODUCTION AND RESPONSES TO MGAS SECOND SET OF INTERROGATORIES TO MATTEL, INC. filed by Counter-Defendant MGA ENTERTAINMENT INC., INTERVENOR RE: CV04-09059. (Khan, Adil)**

**2:04-cv-9049 Notice has been electronically mailed to:**

Adil M Khan amkhan@glaserweil.com

Alexander H Cote acote@obsklaw.com, feseroma@obsklaw.com

Alisa Morgenthaler Lever amorgenthaler@chrisglase.com

Amman A Khan akhan@glaserweil.com

Brett Dylan Proctor dylanproctor@quinnemanuel.com, westonreid@quinnemanuel.com

Caroline H Mankey cmankey@glaserweil.com

Christian C Dowell cdowell@kmwlaw.com

Cyrus S Naim cyrusnaim@quinnemanuel.com

David C Scheper dscheper@obsklaw.com, feseroma@obsklaw.com

David W Foster david.foster@skadden.com

David W Hansen dhansen@skadden.com

Diane C Hutnyan dianehutnyan@quinnemanuel.com, andreahoeven@quinnemanuel.com

Douglas Andrew Winthrop dwinthrop@howardrice.com

Emil W Herich eherich@kmwlaw.com

Ilan Wisnia iwisnia@valleassociates.com

Jason D Russell jrussell@skadden.com, allison.velkes@skadden.com

Jean P Nogues jpn@msk.com

Jeffrey B Valle jvalle@valleassociates.com

Jennifer A Lopez jennifer.lopez@bingham.com

Jerome B Falk , Jr jfalk@howardrice.com

Joel N Klevens jklevens@glaserweil.com

John B Quinn johnquinn@quinnemanuel.com

Jon D Corey joncorey@quinnemanuel.com

Kenneth A Plevan kenneth.plevan@skadden.com, drogosa@skadden.com, sumclaug@skadden.com

Larry W McFarland lmcfarland@kmwlaw.com

Leah Chava Gershon leah@spertuslaw.com

Linda M Burrow burrow@caldwell-leslie.com, popescu@caldwell-leslie.com, wilson@caldwell-leslie.com

Marina Vladimir Bogorad marina.bogorad@skadden.com

Mark E Overland moverland@obsklaw.com

Matthew C Bousquette caldwell@caldwell-leslie.com

Michael P Kelly mikelly@skadden.com

Michael T Zeller michaelzeller@quinnemanuel.com

Nicole S Pelletier npelletier@glaserweil.com

Oleg Stolyar ostolyar@bwgfirm.com

Patricia H Benson phb@msk.com, mxb@msk.com

Patricia L Glaser pglaser@glaserweil.com

Peter N Villar peter.villar@bingham.com, paul.mcconnell@bingham.com

Randa A F Osman randaosman@quinnemanuel.com

Raoul D Kennedy rkennedy@skadden.com

Richard Giles Stoll , III rstoll@glaserweil.com

Robert C O'Brien obrien.robert@arentfox.com

Robyn Aronson robynaronson@dwt.com, frankromero@dwt.com

Russell J Frackman rjf@msk.com, jpn@msk.com, krs@msk.com, mem@msk.com, phb@msk.com, rbs@msk.com

Sandra L Tholen tholen@caldwell-leslie.com, mejia@caldwell-leslie.com, wilson@caldwell-leslie.com

Sanford I Weisburst sandyweisburst@quinnemanuel.com

Scott E Gizer sgizer@glaserweil.com

Sophia S Lau slau@glaserweil.com

Stan Karas stankaras@quinnemanuel.com, gayleduran@quinnemanuel.com, westonreid@quinnemanuel.com

Thomas J Nolan tnolan@skadden.com, carl.roth@skadden.com, marcus.mumford@skadden.com

Todd E Gordinier todd.gordinier@bingham.com, craig.taggart@bingham.com, julie.valenzuela@bingham.com, karina.ward@bingham.com, lan.ly@bingham.com, michael.mortenson@bingham.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Amy R Sabrin
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue NW
Washington, DC 20005-2111

Cheryl Plambeck

Davis & Gilbert LLP
1740 Broadway
New York, NY 10019

Kien C Tiet
Stern and Goldberg
6345 Balboa Boulevard, Suite 200
Encino, CA 91316

Peter H Bonis
Peter H. Bonis Law Offices
1990 N. California Blvd, 8th Floor
Walnut Creek, CA 94596

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\amkhan\Desktop\MGA - 4-20-09 filing\service copies\Motion to compel.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=4/20/2009] [FileNumber=7647464-0] [239c2d79fdb456f7c2593ad7632bf40a2049d1bae5070c7a28122e31de1699bd569d 644f19d316fd70476b91920a5400f34ef4c8cca911b7a78656c5abc79499]]

# Exhibit 4

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**