# Exhibit 20

1   KEKER & VAN NEST, LLP
    JOHN W. KEKER - #49092
2   jkeker@kvn.com
    MICHAEL H. PAGE - #154913
3   mpage@kvn.com
    CHRISTA M. ANDERSON - #184325
4   canderson@kvn.com
    710 Sansome Street
5   San Francisco, CA  94111-1704
    Telephone:  (415) 391-5400
6   Facsimile:  (415) 397-7188

7   Attorneys for Plaintiff
    CARTER BRYANT

8

9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12                          EASTERN DIVISION

13

14   CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                          (consolidated with CV 04-9059 & 05-
15                      Plaintiff,        2727

16         v.                            CARTER BRYANT AND MGA
                                         DEFENDANTS' JOINT
17   MATTEL, INC. a Delaware             OPPOSITION TO MATTEL, INC.'S
     Corporation,                        MOTION FOR LEAVE TO SERVE
18                                       A SUPPLEMENTAL
                        Defendant.       INTERROGATORY REGARDING
19                                       DEFENDANTS' AFFIRMATIVE
                                         DEFENSES
20   CONSOLIDATED WITH MATTEL,
     INC., v. BRYANT and MGA             Date:     December 3, 2007
21   ENTERTAINMENT, INC. v.              Time:     10:00 a.m.
     MATTEL, INC.                        Dept:     Courtroom 1
22                                       Judge:    Hon. Stephen G. Larson

23                                       Date Comp. Filed:  April 13, 2005

24                                       Discovery Cut-Off:  Jan. 28, 2008
                                         Pre-Trial Conference:  May 5, 2008
25                                       Trial Date:  May 27, 2008

26

27

28

---

406656.01

Exhibit 20
Page 1007

## I.   INTRODUCTION

Mattel seeks leave to file at least 37 additional interrogatories—masquerading as one, but seeking a full account of all details supporting each and every affirmative defense raised—and to do so without counting them among the 50 interrogatories that the Court has already authorized per side in this litigation, and that Mattel has exhausted.  Such a vast expansion of Mattel's (and no other party's) interrogatories would be unduly burdensome and unfair to Bryant and the MGA defendants, and is neither necessary nor reasonable.  Nor would it satisfy Mattel's insatiable appetite for more discovery, through which Mattel seeks to make this relatively straightforward case as complex and burdensome as possible.  Mattel's motion should be denied.

## II.   ARGUMENT

Mattel seeks a vast and unreasonable expansion of the interrogatories the Court has authorized in this case, offering no real justification beyond Mattel's own failure to plan strategically.  The Court should not reward Mattel's lack of foresight or encourage its insatiable desire for discovery by imposing unreasonable burdens on Bryant and MGA, and should deny Mattel's motion.

**A.   Mattel must make a particularized showing of good cause to justify additional interrogatories.**

Like any other form of discovery authorized under the Federal Rules, excess interrogatories may be permitted only where they are consistent with the general principles set forth in Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. P. 33(a) ("Leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2).").  Under Rule 26, the Court "shall" limit discovery (i) if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive, (ii) " if "the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought," *or* (iii) if

1

CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES
CASE NO. CV 04-09049 SGL (RNBx)

406656.01

Exhibit 20
Page 1008

1   "the burden or expense of the proposed discovery outweighs its likely benefit,"

2   taking into account the needs of the case and other factors. Fed. R. Civ. P.

3   26(b)(2)(C). Accordingly, a "particularized showing" of need under the Rule 26

4   principles is required to support a request for additional interrogatories under Rule

5   33(a). *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 586-

6   87 (D. Minn. 1999); *see also Duncan v. Paragon Pub., Inc.*, 204 F.R.D. 127, 128

7   (S.D. Ind. 2001) ("The party seeking leave must set forth a 'particularized

8   showing' to exceed the limit of twenty-five interrogatories."); *Whittingham v.*

9   *Amherst College*, 163 F.R.D. 170, 171 (D. Mass. 1995) (Federal Rules require

10  party to make specific showing of necessity, and to first exhaust available

11  discovery before seeking leave of Court for supplemental discovery).

12      Mattel points to the Court's statements at the February 12, 2007 scheduling

13  conference that more interrogatories would be authorized "if there's a need for it,"

14  rather than evaluating its request under the rules outlined above. Bryant and the

15  MGA defendants appreciate that the Court is willing to provide additional

16  discovery, if needed, but Mattel must still demonstrate a particularized need under

17  the principles set forth in the Federal Rules. Mattel has not done so here, nor can

18  it.

19  **B.    The additional interrogatories Mattel seeks should be denied because**
        **they are not consistent with the principles of Rule 26.**

20

21      First, a clarification. Mattel repeatedly states that it seeks leave to serve "a

22  single interrogatory." *E.g.*, Motion at 1. However, its own analysis (applying

23  Judge Infante's ruling on exactly this point) indicates that the "single"

24  interrogatory is not in fact one, but the compound equivalent of at least 37 separate

25  interrogatories. *See* Motion at 3, 7; Proctor Decl. Exh. 15 (September 5, 2007

26  Discovery Order) at 7-8. The Court should disregard Mattel's attempt to minimize

27  the impact of the additional interrogatories it seeks, and should evaluate (and deny)

28  Mattel's request based on its true, extensive scope. By Mattel's own count, its

2

CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR
LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE
DEFENSES
CASE NO. CV 04-09049 SGL (RNBx)

406656.01

Exhibit 20
Page 1009

1   current request would increase the 50 interrogatories the Court has already

2   authorized by more than two-thirds, and would bring the total number of

3   interrogatories Mattel will have propounded to at least 87, more than three times

4   the presumptive limit of 25 authorized under Rule 33. *See* Fed. R. Civ. P. 33(a).

5       Aside from this attempt to downplay the scope of what it seeks, Mattel's

6   principal justification for seeking more interrogatories is that it has used the 50

7   interrogatories the Court already authorized, on other matters, and does not have

8   enough left to ask all the questions it wants. *See* Motion at 8 ("Because [Mattel's

9   additional interrogatories] cannot be asked and answered within the limits

10  previously set by the Court, the Court should grant Mattel leave to propound this

11  interrogatory as a stand-alone, supplemental interrogatory that does not count

12  towards the fifty interrogatory limit."). In other words, Mattel claims it should get

13  more interrogatories because it wants them. This is plainly insufficient under Rule

14  26(b), which sets standards precisely to impose a measure of judicial restraint on

15  litigants' desire for vast and burdensome discovery. *See* Fed. R. Civ. P.

16  26(b)(2)(C). Although the Court may increase the allowed interrogatories in the

17  face of a particularized showing of need, interrogatories are not intended to be

18  unlimited either under the current Rules or this Court's prior rulings. *See id.*; 8A

19  Wright & Miller, Fed. Prac. & Proc. § 2168.1 (explaining that the current

20  numerical limits were adopted in 1993 in part because other mandatory discovery

21  disclosures reduce the need to rely on interrogatories).

22      Mattel also argues that it is entitled to additional interrogatories because they

23  would seek "relevant information Mattel is entitled to discover." Motion at 8. But

24  while additional interrogatories might indeed help Mattel to obtain relevant

25  information, that too is not the standard for more discovery under Rule 26. *See*

26  Fed. R. Civ. P. 26(b)(2)(C). The fact that the information sought is relevant is

27  certainly a necessary precondition for additional interrogatories—they would be

28

3

CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR
LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE
DEFENSES
CASE NO. CV 04-09049 SGL (RNBx)

406656.01

Exhibit 20
Page 1010

1  entirely inappropriate otherwise—but it is far from a sufficient one. Mattel must

2  also demonstrate that it could not obtain the information through already-

3  authorized discovery means. Mattel's claim that contention interrogatories are the

4  preferred form of discovery for obtaining the information it is seeking, regardless

5  of the burden such interrogatories place on Bryant and the MGA defendants, *see*

6  Motion at 9, does not satisfy its burden under Rule 26.

7      In sum, Mattel has failed to make a particularized showing of need to take

8  additional discovery through the means of contention interrogatories with respect

9  to any of the defendants' asserted affirmative defenses.

10  **C.  Mattel already has had ample opportunity through interrogatories and
        other discovery means to obtain the information it is seeking, and it**

11      **should not be rewarded for the strategic decision to use its
        interrogatories to obtain information on other topics.**

12

13      Mattel already has been granted 50 interrogatories against each defendant in

14  this case. In February 2007, the Court granted each side 50 interrogatories.

15  Proctor Decl. Exh. 8; *id.* Exh. 9. The Discovery Master has since ruled that Mattel

16  may serve an identical interrogatory on all six defendants, using only one of its 50

17  interrogatories, making the actual count greatly lopsided in Mattel's favor. *See*

18  Proctor Decl. Exh. 15 (September 5, 2007 Discovery Order), at 4 ("Although the

19  district court's order does not speak directly to this issue, the most reasonable

20  approach is to count one identical interrogatory served on all six of the Defendants

21  as one interrogatory."). Thus, even without the supplemental interrogatories it

22  seeks here, Mattel already has been granted the right to serve 50 interrogatories on

23  each of the defendants in this case. And Mattel has now used all of these 50

24  interrogatories. Indeed, while the present motion was pending—and thus without

25  knowing or, apparently, caring whether it would obtain leave to serve additional

26  interrogatories relating to the defendants' affirmative defenses that it claims are so

27  important—Mattel elected to serve four additional sets of interrogatories (its

28  Fourth through Seventh), more than exhausting its last nine interrogatories. *See*

4

CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR
LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE
DEFENSES
CASE NO. CV 04-09049 SGL (RNBx)

406656.01

Exhibit 20
Page 1011

1   Declaration of Audrey Walton-Hadlock ("Walton-Hadlock Decl.") Exhs. A–D;

2   Proctor Decl. Exh. 15 (September 5, 2007 Discovery Order).

3        Taken together with all of the other discovery Mattel has taken in this

4   litigation, those 50 interrogatories are more than adequate.  In addition to the 50

5   interrogatories it has now served on each defendant, Mattel has issued thousands of

6   requests for admission, many of which are disguised interrogatories that

7   improperly seek discovery, not admissions.  *See, e.g.*, Walton-Hadlock Decl. ¶ 3

8   (Mattel's Sixth Set of Requests for Admission to Bryant contains 782 RFAs); *id.*

9   Exh. E (Mattel's Fourth Set of Requests for Admission to Bryant (157 RFAs)); *cf.*

10  8A Wright & Miller, Fed. Prac. & Proc. Civ. 2d § 2168.1 (explaining that requests

11  for admission should not be used to substitute for other forms of discovery).

12  Mattel also has taken nearly twenty depositions to date, including three full days of

13  testimony from Carter Bryant.  And Mattel has issued hundreds of requests for

14  production, which have resulted in the production of more than three million pages

15  of documents by the defendants in this case.  In short, Mattel has had every

16  opportunity to explore and test Bryant and the MGA defendants' affirmative

17  defenses in this litigation, but it instead chose to focus its discovery on other

18  topics.

19       Despite Mattel's claims to the contrary, Mattel has known for a long time

20  that most of the affirmative defenses defendants have raised were at issue in the

21  case.  As stated in Mattel's Motion, Bryant raised nineteen affirmative defenses in

22  his May 14, 2004 answer to Mattel's original claims against him.  Motion at 1;

23  Proctor Decl. Exh. 1.  Most of the fourteen affirmative defenses in Bryant's most

24  recent pleading are identical to the defenses he raised more than three years ago in

25  that original answer to Mattel's original (and largely overlapping) claims against

26  him, although many now provide more factual detail.  *See* Walton-Hadlock Decl.

27  Exh. F (Bryant's Second Amended Reply to Counterclaims).  Similarly, many of

28

5

CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR
LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE
DEFENSES
CASE NO. CV 04-09049 SGL (RNBx)

406656.01

Exhibit 20
Page 1012

1   the claims raised in MGA's own complaint against Mattel plainly overlap with

2   MGA's affirmative defenses to Mattel's claims.  *See* Walton-Hadlock Decl. Exh.

3   G (MGA's Complaint); Walton-Hadlock Decl. Exh. H (MGA's Amended

4   Answer); Motion at 3 (listing defenses).  Thus, Mattel was on notice of many of

5   defendants' affirmative defenses well before the most recent pleadings reflecting

6   them, and before Mattel had expended its allotment of interrogatories.

7        Mattel could have chosen to reserve some of its 50 interrogatories to

8   investigate defendants' inevitable affirmative defenses, to the extent any defenses

9   might raise novel or surprising issues.  It chose not to, squandered its wealth of

10  interrogatories, and now asks the Court simply to ignore that choice.  The Court

11  should not reward Mattel for its own conscious strategic choices, especially when

12  Mattel has already had ample opportunity to obtain discovery in this litigation

13  through interrogatories and other means, and additional discovery would

14  unreasonably burden defendants.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Rather, the

15  Court should consider Mattel's request for additional interrogatories in the broader

16  context of other discovery in this case, including Mattel's established pattern of

17  seeking ever-increasing discovery.  That context, as well as the sweeping nature of

18  Mattel's request at issue, makes clear that judicial control—not additional

19  interrogatories—is called for here.

20        Mattel has made clear by its actions that whatever discovery the parties

21  agree to or the Court authorizes, Mattel will always want more.  Indeed, separate

22  and apart from the additional interrogatories it is requesting in the present motion,

23  Mattel has stated in meet and confer correspondence with the defendants that it

24  intends to request leave to serve 10-15 more interrogatories on other topics.  Mattel

25  also has indicated that it intends to seek leave to take dozens more depositions, for

26  a total number of depositions far beyond the limit of 24 imposed by the Court in

27  February 2007.  Walton-Hadlock Decl. Exh. I (October 26, 2007 Letter from Zeller

28

CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR
LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE
DEFENSES
CASE NO. CV 04-09049 SGL (RNBx)

406656.01

**Exhibit 20**
**Page 1013**

1   to Nolan et al.); *id.* Exh. J (Order dated February 12, 2007).  In light of Mattel's

2   past discovery conduct, and its stated intention to seek leave to serve still more

3   interrogatories, it is apparent that Mattel is either unwilling or unable to adhere to

4   reasonable discovery limits.  Consequently, the Court must now step in and keep

5   the discovery in this case within reasonable bounds.  The additional interrogatories

6   Mattel seeks here would impose further burdens, out of all proportion to the benefit

7   Mattel could conceivably obtain, by requiring each of the defendants to set out for

8   Mattel every detail supporting every element of every claimed affirmative defense.

9   Mattel's motion should be denied in its entirety.

10   **D.     Even if some expansion of interrogatories were warranted (which it is not), the Court should not grant Mattel's sweeping and one-sided request, but should instead grant each side a narrowly-drawn and equal number of additional interrogatories based on a careful review of actual need.**

13         Even if some additional interrogatories were warranted—which, as

14   explained above, they are not—Mattel should not be permitted the sweeping and

15   one-sided expansion of discovery it seeks, but should be required to identify more

16   carefully any areas it believes require further discovery.

17         In addition to the more basic problems with Mattel's request for

18   supplemental interrogatories spelled out above, Mattel's request is not at all

19   narrowly tailored to any purported need, and should not be granted in the form

20   sought.  Mattel does not identify which of its 37 interrogatories it expects to gain

21   useful information by serving, among the many that will simply serve to harass

22   Bryant and MGA by forcing them to respond to pointless and duplicative

23   discovery.  Instead, it bases its sweeping request on claims that "many" of the

24   asserted defenses "interject wholly new issues into this already complex litigation,"

25   and gives a few examples of defenses asserted by defendant Machado that

26   purportedly fall in this category.  Motion at 8.  But even if Mattel's claims were

27   accurate as to some affirmative defenses (which they are not), the discovery Mattel

28

7

CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR
LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE
DEFENSES
CASE NO. CV 04-09049 SGL (RNBx)

406656.01

**Exhibit 20
Page 1014**

1    requests would affect many other defenses for which they are demonstrably false.

2    For example, Mattel's summary of the defendants' affirmative defenses reveals

3    that some of those affirmative defenses (though plead as such to avoid any possible

4    waiver) merely negate elements of Mattel's own claims, and plainly inject no new

5    issues into the case, so they could not justify increasing discovery at this late date.

6    *See* Motion at 3 (listing, for example, "Information Readily Ascertainable," "Lack

7    of Causation" and "Lack of Ownership").

8            Moreover, Mattel's proposed interrogatory, which seeks to require the

9    defendants to "state *all* facts" and "IDENTIFY *all* PERSONS … and *all*

10   DOCUMENTS that REFER OR RELATE to such facts", supporting each of their

11   affirmative defense is exactly the type of "blunderbuss" interrogatory that

12   numerous courts have held to be inappropriate and abusive. *Lawrence v. First*

13   *Kansas Bank & Trust, Co.*. 169 F.R.D. 657, 663-64 (D. Kan. 1996); *see also*

14   *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007) ("Contention

15   interrogatories should not require a party to provide the equivalent of a narrative

16   account of its case, including every evidentiary fact, details of testimony of

17   supporting witnesses, and the contents of supporting documents."); *Grynberg v.*

18   *Total S.A.*, No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, *6, (D. Colo. May 3,

19   2006) (ruling that interrogatory that asks defendant to "plead and prove its entire

20   case, and to marshal all evidence, in response to one written interrogatory" is

21   overbroad and "constitutes an abuse of the discovery process").  This is

22   particularly true with respect to the defendant's negatively-framed affirmative

23   defenses, such as "Lack of Causation" and "Lack of ownership", because the

24   universe of potentially responsive information to prove a negative is "almost

25   endless." *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998)

26   (rejecting discovery requests seeking "all facts, documents, and witnesses that

27   support the denial of a statement or allegation of fact").

28

8

CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR
LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE
DEFENSES
CASE NO. CV 04-09049 SGL (RNBx)

406656.01

Exhibit 20
Page 1015

1    In short, like many of Mattel's discovery requests, in this and other

2  litigation, the interrogatories it seeks leave to serve are thus "abusively drawn" in

3  that they make "no attempt . . . to tailor the information request to the immediate

4  needs of the case." *See Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792,

5  813 (9th Cir. 2003) (affirming district court's quashing of Mattel's abusive

6  subpoena).  Accordingly, even if the Court were to find that some more narrowly-

7  drawn additional interrogatories might be appropriate (which it should not), that

8  Mattel's sweeping request should be denied.

9    Mattel also seeks special treatment for its extra interrogatories, asking that

10  the Court not count them against any authorized number of interrogatories, but

11  instead allow them simply as unnumbered "supplemental" interrogatories.  Motion

12  at 1.  Such one-sided treatment in discovery would be absolutely unfair to

13  defendants, and should not be permitted.  Even if the Court were to find that the

14  issues in this case required more extensive discovery (and it should not), that

15  discovery would still need to be fair, reasonable, and even-handed.  *See* Fed. R.

16  Civ. P. 26.  Any expansion of the interrogatories authorized in this litigation should

17  be equal for both sides, and every additional interrogatory should be counted and

18  considered.  Defendants have adhered to the discovery limits previously imposed

19  by the Court and have planned their discovery accordingly.  Given the Federal

20  Rules' basic goal of ensuring fairness in litigation, Mattel should not be allowed to

21  pretend that the interrogatories at issue in this motion do not "count" as part of the

22  oppressive and burdensome weight of discovery it has already imposed on

23  defendants, and will continue to increase until prevented by this Court.

## III.   CONCLUSION

25    For all the foregoing reasons, Mattel's motion for leave to file supplemental

26  interrogatories regarding defendants' affirmative defenses should be denied.

27                     Respectfully submitted,

28

9

CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES

406656.01

CASE NO. CV 04-09049 SGL (RNBx)

Exhibit 20
Page 1016

1    Dated: November 19, 2007                    KEKER & VAN NEST, LLP

2

3

4                                                By: _____
                                                     MICHAEL H. PAGE
5                                                    Attorneys for Plaintiff
                                                     CARTER BRYANT
6

7    Dated: November 19, 2007                    SKADDEN, ARPS, SLATE,
                                                 MEAGHER & FLOM LLP
8

9

10                                               By: _____
                                                     THOMAS J. NOLAN
11                                                   Attorneys for Defendants
                                                     MGA DEFENDANTS
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          10
_____
     CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR
     LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE
                                       DEFENSES
                           CASE NO. CV 04-09049 SGL (RNBx)

# Exhibit 21

1

1           UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3             EASTERN DIVISION

4               - - -

5    HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6               - - -

7  CARTER BRYANT, ET. AL.,     )

8             PLAINTIFFS,  )

9        VS.          )  NO. ED CV 04-09049

                        )  (LEAD LOW NUMBER)

10  MATTEL, INC., ET. AL.,     )

11           DEFENDANTS.  )  MOTIONS

12  AND CONSOLIDATED ACTIONS,   )

13

14

15      REPORTER'S TRANSCRIPT OF PROCEEDINGS

16         RIVERSIDE, CALIFORNIA

17       MONDAY, DECEMBER 3, 2007

18           10:06 A.M.

19

20

21

22

23       THERESA A. LANZA, RPR, CSR

         FEDERAL OFFICIAL COURT REPORTER

24      3470 12TH STREET, RM. 134

         RIVERSIDE, CALIFORNIA  92501

25         951-274-0844

         CSR11457@SBCGLOBAL.NET

CERTIFIED COPY

```
 1 │ APPEARANCES:
   │
 2 │ ON BEHALF OF CARTER BRYANT:
   │
 3 │                       KEKER & VAN NEST
   │                       BY:  MATTHEW M. WERDEGAR
 4 │                       710 SANSOME STREET
   │                       SAN FRANCISCO, CALIFORNIA  94111-1704
 5 │                       415-391-5400
   │
 6 │
   │ ON BEHALF OF MATTEL:
 7 │
   │                       QUINN EMANUEL
 8 │                       BY:   JON COREY
   │                       BY:   MICHAEL T. ZELLER
 9 │                       BY:   B. DYLAN PROCTOR
   │                       865 S. FIGUEROA STREET,
10 │                       10TH FLOOR
   │                       LOS ANGELES, CALIFORNIA  90017
11 │                       213-624-7707
   │
12 │
   │ ON BEHALF OF MGA ENTERTAINMENT (INCOMING):
13 │
   │                       SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
14 │                       BY:   THOMAS J. NOLAN
   │                       BY:   CRAIG HOLDEN (IN-HOUSE)
15 │                       300 SOUTH GRAND AVENUE
   │                       LOS ANGELES, CALIFORNIA  90071-3144
16 │                       213-687-5000
   │
17 │
   │ ON BEHALF OF GUSTAVO MACHADO:
18 │
   │                       OVERLAND BORENSTEIN COTE & KIM
19 │                       BY:   ALEXANDER H. COTE
   │                       300 SOUTH GRAND AVENUE
20 │                       SUITE 2750
   │                       LOS ANGELES, CALIFORNIA  90071
21 │                       213-613-4660
   │
22 │
   │
23 │
   │
24 │
   │
25 │
```

3

I N D E X

                                                                PAGE

MOTION.......................................        4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

DECEMBER 3. 2007                         BRYANT V MATTEL

Exhibit 21
Page 1020

4

 1        RIVERSIDE, CALIFORNIA; MONDAY, DECEMBER 3, 2007; 10:06 A.M.

 2                            -oOo-

 3             **THE CLERK:**  CALLING CALENDAR ITEM TWO, CASE NUMBER

 4    CV 04-9049-SGL, CARTER BRYANT VERSUS MATTEL, INC.

 5             COUNSEL, PLEASE STATE YOUR APPEARANCES.

 6             **MR. WERDEGAR:**  MATTHEW WERDEGAR ON BEHALF OF

 7    CARTER BRYANT.

 8             **MR. ROTH:**  CARL ROTH ON BEHALF OF THE MGA DEFENDANTS.

 9             **MR. NOLAN:**  TOM NOLAN ON BEHALF OF THE MGA

10    DEFENDANTS.

11             **MR. ZELLER:**  MIKE ZELLER ON BEHALF OF MATTEL; AND

12    WITH ME IS JON COREY AND DYLAN PROCTOR.

13             **MR. WEINSTEIN:**  RYAN WEINSTEIN ON BEHALF OF THE MGA

14    DEFENDANTS.

15             **MR. COTE:**  ALEXANDER COTE FOR CARLOS MACHADO.

16             **THE COURT:**  WE'RE ON CALENDAR THIS MORNING BASED ON

17    TWO MOTIONS THAT HAVE BEEN BROUGHT BY MATTEL; ONE IS A MOTION

18    TO SERVE AN ADDITIONAL INTERROGATORY, AND THE SECOND IS A

19    MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES BROUGHT BY

20    VARIOUS OF THE DEFENDANTS.

21             LET ME BEGIN BY GIVING YOU MY ROUGH SENSE OF HOW THIS

22    SHOULD PLAY OUT.

23             I GUESS AT THE END OF THE DAY, AFTER GOING THROUGH A

24    REMARKABLE QUANTITY OF PAPER, THE COURT IS NOT CONVINCED THAT

25    IT WOULD BE UNDULY BURDENSOME TO PERMIT MATTEL TO SERVE ITS

1    THE COURT TO CONSIDER THAT AND YOU WANT TO PRESENT THAT TO THE

2    JURY TRIAL, YOU BETTER MAKE CLEAR THE FACTUAL ALLEGATIONS THAT

3    IT'S BASED ON.  I'M CERTAINLY NOT SAYING ANYTHING REVOLUTIONARY

4    HERE.

5            MR. WERDEGAR:  ONE LAST POINT, YOUR HONOR, WHICH I

6    HOPE WILL FORESTALL, PERHAPS, A MOTION TO COMPEL RELATED TO THE

7    SUPPLEMENTAL INTERROGATORY DOWN THE ROAD, IF IT IS GRANTED.

8            THE WAY THEIR REQUESTED INTERROGATORY IS DRAFTED,

9    THEY'RE ASKING FOR ALL FACTS SUPPORTING EACH AFFIRMATIVE

10   DEFENSE.  AND IN OUR PLEADINGS, WE CITE A NUMBER OF CASES THAT

11   HAVE POINTED OUT THAT ANY TIME YOU REQUEST, QUOTE, UNQUOTE,

12   "ALL FACTS," THAT REALLY IS A PROBLEMATIC SORT OF REQUEST.  AND

13   A NUMBER OF DISTRICT COURTS -- AND WE CITE THREE IN OUR

14   PLEADINGS -- HAVE SAID THAT HOW THAT SHOULD PROPERLY BE

15   INTERPRETED IS LAYING FORTH YOUR PRINCIPAL FACTS, LAYING FORTH

16   THE PRINCIPAL BASIS FOR A DEFENSE.

17           THE COURT:  LET'S LAY FORTH SOME FACTS, COUNSEL.

18   LET'S START WITH THAT.  HOW'S THAT?

19           MR. WERDEGAR:  ALL RIGHT, YOUR HONOR.

20           THE COURT:  ALL RIGHT.

21           MR. WERDEGAR:  THANK YOU VERY MUCH.

22           THE COURT:  THANK YOU.

23           MR. NOLAN:  YOUR HONOR, THE PROPOSAL THAT WE CAN

24   MAYBE ENTER INTO IS THAT WE HAVE A MEET-AND-CONFER MAYBE BY THE

25   END OF THIS WEEK ON THE AFFIRMATIVE DEFENSE ISSUE AND THE

1   INTERROGATORY.  AND PICKING UP ON THE LAST COMMENT THAT WAS

2   MADE BY COUNSEL ABOUT THE SCOPE OF THE INTERROGATORY AND HOW WE

3   RESPOND, TRY TO HAVE A MEET-AND-CONFER ON THAT AND TRY TO WORK

4   OUT AN ARRANGEMENT HERE SO WE CAN GIVE THEM THE INFORMATION

5   THEY WANT.  THEN WE CAN RESPOND TO THIS ONE INTERROGATORY AND

6   TRY TO MOVE ON WITH THIS ISSUE.

7          **THE COURT:**  WELL, AGAIN, TRYING TO KEEP HORSES BEFORE

8   CARTS, I ALWAYS LIKE TO SEE THESE MEET-AND-CONFERS HAPPEN

9   BEFORE WE ALL COME IN HERE --

10         **MR. NOLAN:**  YOUR HONOR, YOU'RE NOT THE ONLY ONE.

11         **THE COURT:**  YOU'RE NEVER GOING TO HEAR THIS COURT

12  OBJECT TO A MEET-AND-CONFER, COUNSEL.

13         **MR. NOLAN:**  THAT'S WHAT I WOULD INVITE.  WE WOULD TRY

14  IN GOOD FAITH TO TRY TO WORK THIS OUT AND THEN RESPOND AND GIVE

15  THEM THE INFORMATION THAT THEY WANT.

16         **THE COURT:**  ALL RIGHT.  LET ME HEAR FROM MATTEL.

17         **MR. ZELLER:**  YOUR HONOR, IF I CAN RESPOND BRIEFLY AS

18  TO THE LAST POINT ON THE MEET-AND-CONFER.

19         WE, OF COURSE, DID MEET AND CONFER ON THIS BEFORE

20  FILING.  WE REQUESTED TO DISCUSS THIS.  WE REQUESTED WHETHER IT

21  WOULD GO BOTH WAYS IN TERMS OF THE DEFENSES OF ALL PARTIES.

22  THEY TOLD US TO (UNINTELLIGIBLE).

23         **THE COURT:**  AND I TRUST YOU HAVE NO OBJECTION TO IT

24  GOING BOTH WAYS.

25         **MR. ZELLER:**  NO.  THAT IS ACCEPTABLE.  WE'RE HAPPY TO

DECEMBER 3, 2007                    BRYANT V MATTEL        **Exhibit 21**
                                                          **Page 1023**

```
 1   ARTICULATE THE BASIS OF OUR DEFENSES AS WELL.

 2           THE COURT:  GOOD.

 3           MR. ZELLER:  BUT IF I MAY ADD TO THAT, YOUR HONOR.

 4           WE, OF COURSE, HAD TO BRING A MOTION IN ORDER TO DO

 5   THIS, WHICH IS VERY FRUSTRATING.

 6           THE COURT:  AND THE COURT WILL RULE ON YOUR MOTION.

 7           MR. ZELLER:  AND, OF COURSE, AFTER FORCING US TO GO

 8   THROUGH THE BURDEN, THEY WANT IT BOTH WAYS, WHICH IS NOT

 9   FORCING -- THEY DON'T MAKE THE JUSTIFICATION THAT WE WERE

10   FORCED TO MAKE IN ORDER TO GET THAT ADDITIONAL INTERROGATORY.

11           THE COURT:  DO YOU WANT ME TO ASK THE SAME QUESTIONS

12   OF YOU THAT I JUST ASKED OF MR. NOLAN CONCERNING YOUR

13   AFFIRMATIVE DEFENSES, COUNSEL?

14           MR. ZELLER:  I WILL SAY NO, YOUR HONOR.

15           THE COURT:  SPEAKING OF UNCLEAN HANDS.

16           MR. ZELLER:  SURE.

17           AND I JUST MAKE THE POINT, YOUR HONOR, BECAUSE WE'VE,

18   OF COURSE, BEEN DELAYED MANY WEEKS IN GETTING THIS INFORMATION

19   THAT WE THINK WE WERE LEGITIMATELY ENTITLED TO, HAVING TO GO

20   THROUGH THE MEET-AND-CONFER.

21           THE COURT:  YOU'RE BOTH ENTITLED TO THIS INFORMATION.

22   IF NOTHING IS CLEAR AFTER TODAY, I HOPE THAT IS.  YOU'RE BOTH

23   ENTITLED TO THIS INFORMATION.

24           SPEAK TO ME FOR A MOMENT ABOUT THIS DEPOSITION.

25           WAS THERE A DEPOSITION CANCELLED THIS WEEK?
```

1   HEARING, PARTICULARLY IN THE CONTEXT OF PHASE ONE, WHICH IS A

2   SLIGHTLY DIFFERENT STANDARD WITH RESPECT TO, AT LEAST, THE

3   UNCLEAN HANDS DEFENSE IN PHASE ONE.  BUT I'LL TAKE A LOOK AT

4   THAT, AND I'LL ISSUE SOMETHING IN WRITING SOON.

5          I DON'T WANT TO HOLD UP THE DISCOVERY PROCESS AT ALL,

6   SO LET'S GO AHEAD AND GET THIS INTERROGATORY SERVED.  LET'S

7   MEET AND CONFER ABOUT FURTHER INTERROGATORIES THAT MGA MIGHT

8   NEED, THAT CARTER BRYANT MIGHT NEED, WITH RESPECT TO THESE

9   AFFIRMATIVE DEFENSES, AND LET'S START SHOWING WHAT WE HAVE AND

10  MOVE THIS THING ALONG.  AS MR. NOLAN HAS REMINDED US ALL, WE

11  HAVE 57 DAYS UNTIL DISCOVERY ENDS.

12         THANK YOU, COUNSEL.

13

14

15

16

17

18                          CERTIFICATE

19

20  I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
    STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
21  THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
    ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
22  CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
    THE UNITED STATES.

23

24                                              12-10-07
    ─────────────────────────                  ─────────
    THERESA A. LANZA, CSR, RPR                    DATE
25  FEDERAL OFFICIAL COURT REPORTER

# Exhibit 22

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**