1    As noted above, all of Mattel's objections are unfounded. In granting this

2  Motion to Compel, the Discovery Master should overrule all of Mattel's objections

3  and order that the Interrogatories be answered without objection.

4  **IV. BECAUSE MATTEL'S ARGUMENTS REGARDING THE**

5  **INTERROGATORIES ARE INVALID, MATTEL MUST ANSWER**

6  **THE CORRESPONDING REQUESTS FOR PRODUCTION**

7    Mattel has refused to respond to the Requests at Issue on the ground that they

8  are "inextricably intertwined" with the Interrogatories. See Mattel Motion for

9  Protective Order, at 15:10-16, Spitser Decl., Ex. 19. For example, Requests for

10  Production Nos. 69-72 ask Mattel to produce documents that are referenced in their

11  response to Phase 2 Interrogatory Nos. 1-4. See Separate Statement at 62-75. For

12  all the reasons discussed above (as to why the Interrogatories are proper), Mattel

13  must also respond to the Requests at Issue and provide all non-privileged

14  documents responsive thereto. In any event, Mattel has waived this "inextricably

15  intertwined" objection by failing to raise it in its Objections to Requests for

16  Production Nos. 69, 70, 71, and 72. Failure to timely object on this ground waives

17  all such objections. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d

18  1468, 1473 (9th Cir. 1992).

19    Mattel has also raised a number of other unfounded objections in its

20  Responses to the Requests for Production at issue, but Mattel has waived these

21  objections by failing to rely on them either in the meet and confer between counsel

22  or in its Motion for Protective Order regarding the Requests at Issue. See Eureka

23  Financial Corp. v. Hartford Acc. and Indem. Co., 136 F.R.D. 179, 185 (E.D. Cal.

24  1991) (objections not properly raised during meet and confer were waived);

25  Carmichael Lodge No. 2103, Benevolent and Protective Order of Elks of the United

26  States of America, 2009 WL 1118896, at *5 (E.D. Cal. Apr. 23, 2009) (accord).

27  Accordingly, these other objections to the Requests At Issue should be rejected as

28  well, and Mattel should be ordered to produce document.

EXHIBIT 9
PAGE 94

1   **V.**   **MATTEL SHOULD BE SANCTIONED**

2        On July 8, 2009, the Discovery Master rejected the very basis asserted by

3   Mattel for refusing to answer the Interrogatories and Requests At Issue.  Yet Mattel

4   continues to fail and refuses to provide proper discovery responses.  Mattel should

5   be sanctioned in the amount of MGA's fees required to bring this motion.

6   **VI.**   **CONCLUSION**

7        For all of the foregoing reasons, MGA respectfully requests that the

8   Discovery Master grant MGA's Motion to Compel in its entirety as requested

9   herein.

10

11

12   Dated:  July 24, 2009          ORRICK, HERRINGTON & SUTCLIFFE LLP

13

14                   By: _____/s/ William A. Molinski_____

15                        William A. Molinski

Attorneys for MGA ENTERTAINMENT, INC.,
MGA ENTERTAINMENT HK, LTD., MGA de

16               MEXICO, S.R.L. de C.V., and ISAAC LARIAN

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 9
PAGE 95

1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA 94105
6  Telephone:  +1-415-773-5700
   Facsimile:  +1-415-773-5759
7
   WILLIAM A. MOLINSKI (State Bar No. 145186)
8  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017
10 Telephone:  +1-213-629-2020
   Facsimile:  +1-213-612-2499
11
   Attorneys for MGA ENTERTAINMENT, INC., MGA
12 ENTERTAINMENT HK, LTD.,
   MGAE de MEXICO, S.R.L. de C.V., and ISAAC
13 LARIAN
14
15              UNITED STATES DISTRICT COURT
16             CENTRAL DISTRICT OF CALIFORNIA
17                    EASTERN DIVISION

| 18 | CARTER BRYANT, an individual | Case No. CV 04-9049 SGL (RNBx) |
|---|---|---|
| 19 | Plaintiff, | Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727 |
| 20 | v. | **DISCOVERY MATTER** |
| 21 | MATTEL, INC., a Delaware | [To Be Heard by Discovery Master Robert O'Brien Pursuant to Order of January 6, |
| 22 | Corporation | 2009] |
| 23 | Defendant. | **CERTIFICATE OF SERVICE** |
| 24 | AND CONSOLIDATED ACTIONS | Date:        TBD |
| 25 | | Time:        TBD<br>Courtroom:  TBD |
| 26 | | **Phase 2** |
| 27 | | Discovery Cutoff:     December 11, 2009<br>Pretrial Conference: March 1, 2010 |
| 28 | | Trial Date:  March 23, 2010 |

OHS West:260699974.1

EXHIBIT  9
PAGE  96

1      **CERTIFICATE OF SERVICE**

2              I, Maria Mercado-Navarro, declare:

3              I am more than eighteen years old and not a party to this action.  My

4      business address is Orrick, Herrington & Sutcliffe LLP, 405 Howard Street, San

5      Francisco, California 94105.

6              I hereby certify that on July 24, 2009, I electronically filed the

7      following documents with the Clerk of the Court using the CM/ECF system which

8      will send notification of such filing to the parties listed below:

9      **1.**    **MGA ENTERTAINMENT, INC.'S MOTION TO COMPEL**
              **FURTHER RESPONSES TO MGA'S FIRST SET OF PHASE 2**
10             **INTERROGATORIES AND SECOND SET OF PHASE 2**
              **REQUESTS FOR PRODUCTION;**
11

12     **2.**    **SEPARATE STATEMENT IN SUPPORT OF MGA**
              **ENTERTAINMENT, INC.'S MOTION TO COMPEL FURTHER**
              **RESPONSES TO MGA'S FIRST SET OF PHASE 2**
13             **INTERROGATORIES AND SECOND SET OF PHASE 2**
              **REQUESTS FOR PRODUCTION;**
14

15     **3.**    **DECLARATION OF ANDREW C. SPITSER IN SUPPORT OF**
              **MGA ENTERTAINMENT, INC.'S MOTION TO COMPEL**
              **FURTHER RESPONSES TO MGA'S FIRST SET OF PHASE 2**
16             **INTERROGATORIES AND SECOND SET OF PHASE 2**
              **REQUESTS FOR PRODUCTION;**
17

18     **4.**    **DECLARATION OF CAROLINE H. MANKEY IN SUPPORT**
              **OF MGA ENTERTAINMENT, INC.'S MOTION TO COMPEL**
              **FURTHER RESPONSES TO MGA'S FIRST SET OF PHASE 2**
19             **INTERROGATORIES AND SECOND SET OF PHASE 2**
              **REQUESTS FOR PRODUCTION;**
20

21     **5.**    **DECLARATION OF ROBERT J. HERRINGTON IN SUPPORT**
              **OF MGA ENTERTAINMENT, INC.'S MOTION TO COMPEL**
22             **FURTHER RESPONSES TO MGA'S FIRST SET OF PHASE 2**
              **INTERROGATORIES AND SECOND SET OF PHASE 2**
              **REQUESTS FOR PRODUCTION;**
23

24     **6.**    **DECLARATION OF FRANK D. RORIE IN SUPPORT OF MGA**
              **ENTERTAINMENT, INC.'S MOTION TO COMPEL FURTHER**
              **RESPONSES TO MGA'S FIRST SET OF PHASE 2**
25             **INTERROGATORIES AND SECOND SET OF PHASE 2**
              **REQUESTS FOR PRODUCTION; AND**
26

27     **7.**    **CERTIFICATE OF SERVICE.**

28             **SEE ATTACHED SERVICE LIST**

OHS West:260699974.1                          - 1 -                          CERTIFICATE OF SERVICE
                                                                            CV 04-9049 SGL (RNBx)

EXHIBIT 9
PAGE 97



1          I declare under penalty of perjury that the foregoing is true and correct
and that I am employed in the office of a member of the bar of this court at whose
2    direction the service was made.

3          Executed on July 24, 2009, at Los Angeles, California.

4

5                                              /s/ Maria Mercado-Navarro
6                                              Maria Mercado-Navarro

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OHS West:260699974.1                          - 2 -

EXHIBIT 9
PAGE 98

1                  **PHASE 2 SERVICE LIST**

2   Counsel for Mattel, Inc.

3   John B. Quinn, Esq.
johnquinn@quinnemanuel.com

4   Michael T. Zeller, Esq.
michaelzeller@quinnemanuel.com

5   Jon D. Corey, Esq.
Joncorey@quinnemanuel.com

6   Brett D. Proctor
dylanproctor@quinnemanuel.com

7   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor

8   Los Angeles, CA 90017-2543
Telephone: (213) 443-3000

9   Facsimile: (213) 443-3100

10   Counsel for Carlos Gustavo Machado Gomez
Mark E. Overland, Esq.

11   moverland@scheperkim.com
Alexander H. Cote, Esq.

12   acote@scheperkim.com
SCHEPER KIM & OVERLAND LLP

13   601 W. 5th Street, 12th Floor
Los Angeles, CA 90017

14   Telephone: (213) 613-4655
Facsimile: (213) 613-4656

15   Leah Chava Gershon, Esq.

16   leah@spertuslaw.com
JAMES W. SPERTUS LAW OFFICES

17   1990 S. Bundy Drive, Suite 705
Los Angeles, CA 90025

18   Telephone: (310) 584-7671
Facsimile: (310) 826-4711

19

20

21

22

23

24

25

26

27

28

EXHIBIT 9
PAGE 99

1    <u>Counsel for Limited Intervenor, Omni 808 Investors LLC</u>
     Todd E. Gordinier, Esq.
2    todd.gordinier@bingham.com
     BINGHAM MCCUTCHEN LLP
3    600 Anton Blvd., 18th Floor
     Costa Mesa, CA 92626
4    Telephone:   (714) 830-0600
     Facsimile:    (714) 830-0700
5
     <u>Additional Counsel:</u>
6
     Thomas J. Nolan, Esq.
7    thomas.nolan@skadden.com
     Raoul D. Kennedy, Esq.
8    raoul.kennedy@skadden.com
     Jason D. Russell, Esq.
9    jason.russell@skadden.com
     SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
10   300 South Grand Avenue
     Suite 3400
11   Los Angeles, CA 90071-3144
     Telephone: (213) 687-5000
12   Facsimile:  (213) 687-5600

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 9
PAGE 100

EXHIBIT 10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

CARTER BRYANT, an individual,

       Plaintiff,

    vs.

MATTEL, INC., a Delaware
corporation,

       Defendants.

No. CV 04-9049 SGL (RNBx)
Consolidated with
Nos. CV 04-9405 and
05-2727

**CERTIFIED COPY**

AND CONSOLIDATED ACTIONS.

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Los Angeles, California

Thursday, August 6, 2009

Reported by:
CHERYL R. KAMALSKI
CSR No. 7113

Job No. 116947

EXHIBIT 10
PAGE 101

```
1                    UNITED STATES DISTRICT COURT
                     CENTRAL DISTRICT OF CALIFORNIA
2                         EASTERN DIVISION

3

4    CARTER BRYANT, an individual,

5           Plaintiff,

6        vs.                        No. CV 04-9049 SGL (RNBx)
                                    Consolidated with
7    MATTEL, INC., a Delaware       Nos. CV 04-9405 and
     corporation,                   05-2727

8
            Defendants.
9

10

11   _____
     AND CONSOLIDATED ACTIONS.
12   _____

13

14

15

16       REPORTER'S TRANSCRIPT OF PROCEEDINGS, taken at

17   555 West Fifth Street, Suite 4800, Los Angeles,

18   California, beginning at 10:10 a.m. and ending at

19   11:30 a.m. on Thursday, August 6, 2009, before CHERYL R.

20   KAMALSKI, Certified Shorthand Reporter No. 7113.

21

22

23

24

25
```

2

EXHIBIT _10_
PAGE _102_

```
 1    APPEARANCES:
 2
 3    Discovery Master:
 4         ROBERT C. O'BRIEN
           Attorney at Law
 5         555 West Fifth Street, Suite 4800
           Los Angeles, California 90013-1065
 6         (213) 629-7400
 7    For Defendant Mattel, Inc.:
 8         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
           BY:  MICHAEL T. ZELLER
 9         BY:  JOHN B. QUINN
           BY:  B. DYLAN PROCTOR
10         BY:  SUSAN ESTRICH
           Attorneys at Law
11         865 South Figueroa Street, 10th Floor
           Los Angeles, California 90017
12         (213) 624-7707
13         MATTEL, INC.
           BY:  MICHAEL MOORE
14         Expert Counsel, Intellectual Property
           333 Continental Boulevard
15         El Segundo, California 90245-5012
           (310) 252-2000
16
      For Defendants MGA and Isaac Larian:
17
           ORRICK, HERRINGTON & SUTCLIFFE LLP
18         BY:  ANNETTE L. HURST
           BY:  WILLIAM A. MOLINSKI
19         Attorneys at Law
           405 Howard Street
20         San Francisco, California 94105
           (415) 773-4585
21
           ORRICK, HERRINGTON & SUTCLIFFE LLP
22         BY:  TOM McCONVILLE
           Attorney at Law
23         4 Park Place, 16th Floor
           Irvine, California 92614
24
25
```

EXHIBIT 10
PAGE 103

```
 1   APPEARANCES (Continued):

 2   For 808 Investors, LLC, Vision Capital, LLC, and OmniNet
     Capital, LLC:
 3
            BINGHAM McCUTCHEN LLP
 4          BY:   PETER VILLAR
            Attorney at Law
 5          600 Anton Boulevard, 18th Floor
            Costa Mesa, California 92626-1924
 6          (714) 830-0622

 7   Also Present:

 8          CRAIG HOLDEN
            DREW HANSEN
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

EXHIBIT  1D
PAGE  104

```
 1          Los Angeles, California, Thursday, August 6, 2009

 2                   10:10 a.m. - 11:30 a.m.

 3

 4          MR. O'BRIEN:  Let's go on the record and ask

 5    counsel to state their appearances, starting with MGA, or

 6    the MGA parties, at least.

 7          MS. HURST:  Good morning.  Annette Hurst for the

 8    MGA parties.

 9          MR. McCONVILLE:  Tom McConville.

10          MR. HOLDEN:  Craig Holden, MGA.

11          MR. MOLINSKI:  Bill Molinski for MGA.

12          MR. VILLAR:  Good morning.  Peter Villar on

13    behalf of Fred Mashian.

14          MR. QUINN:  John Quinn on behalf of Mattel.

15          MR. ZELLER:  Mike Zeller on behalf of Mattel.

16          MR. PROCTOR:  Dylan Proctor for Mattel.

17          MR. MOORE:  Michael Moore for Mattel.

18          MS. ESTRICH:  Susan Estrich for Mattel.

19          MR. O'BRIEN:  Great.  Well, welcome, Counsel.  I

20    hope everyone's having a good summer.

21          We have three motions on calendar today, at least

22    I think so, if I'm wrong, let me know.  Mattel's Motion

23    for Reconsideration of Phase 2 Discovery Matter Order

24    No. 33, that relates to Mr. Mashian's deposition.  And,

25    Mr. Villar, will you be arguing that?
```

5

EXHIBIT _10_
PAGE _105_

1           MR. VILLAR:  Yes, I will.

2           MR. O'BRIEN:  Okay.  We have Mattel's Motion For

3     Protective Order Regarding MGA's First Set of Phase 2

4     Interrogatories and Request For Production, and then we

5     have Mattel's Motion to Compel Responses to First Set of

6     Phase 2 Interrogatories Propounded on Isaac Larian, and I

7     believe those relate to primarily to the trust

8     interrogatories.

9           Before we get started, I wanted to let everyone

10    know I did receive the declarations from Mr. Proctor and I

11    received Ms. Hurst's objection to the declaration.  I've

12    reviewed them both.  I want to address this issue of the

13    number of interrogatories per side, briefly, because I

14    don't think it's necessarily relevant to the motion that

15    we're considering today.

16          There is an issue and that is -- I understand

17    that there was a limit on interrogatories per side in

18    phase 1 and that's an argument, perhaps, that flows over

19    to phase 2.  But Judge Larson also made it pretty clear in

20    his order that phase 2 discovery starts from a clean slate

21    and that the federal rules apply.  I'm not saying at this

22    point that there is a limit per side for interrogatories,

23    but if Mattel or MGA believes that there should be a limit

24    per side for interrogatories, it's something that I think

25    we need to have briefed so I can get a better

6

EXHIBIT 10
PAGE 106

```
 1    understanding.  And if -- Judge Larson -- ultimately I
 2    work for Judge Larson.  If he wants the limit to be
 3    75 interrogatories for both phases or he said that or made
 4    that clear, then, we're going to stick with what the Judge
 5    ordered.  But it also appears that that may not be the
 6    case for phase 2 because he did say the federal rules
 7    apply, and under Rule 33 it would be 25 per party.  If
 8    someone wants to bring a protective order on that issue,
 9    I'm not going to decide it based on Mr. Proctor's
10    declaration or Ms. Hurst's opposition to the declaration
11    or objections to it.  I think it needs to be filed as a
12    motion, and let's tee it up, and make a decision once
13    we've got the full record, but I'm not going to decide
14    that specific issue as part of deciding the first
15    motion -- excuse me, the second motion on the phase 2
16    interrogatories because I'm not sure it needs to be
17    decided as part of that specific motion.
18              So having said that, why don't we do 10 minutes,
19    10 minutes and 5 minutes for reply, and since the first
20    motion is Mattel's Motion For Reconsideration with respect
21    to Mr. Mashian, let's hear from Mattel.  I've reviewed the
22    papers.  Certainly if you want to highlight the issues
23    that are in the papers, that's fine, and if there's
24    anything new that you want to bring up in argument, you
25    know, to focus me, please do.
```

7

EXHIBIT 10
PAGE 107

1          I assume it will be Mr. Zeller.

2          MR. ZELLER:  Yes.

3          MR. O'BRIEN:  All right.  Thank you, Mr. Zeller.

4          MR. ZELLER:  Thank you.

5          I largely just submit on the papers and, of

6    course, to respond to anything that Mr. Mashian's attorney

7    has further.  But perhaps the one thing I would add,

8    because I'm not sure that we emphasized this in the

9    papers, is that Mr. Mashian's declaration in this case

10   makes quite clear he was a -- he was the one who prepared

11   the loan documents in the loan between Lexington and

12   Vision Capital that is squarely at issue in this case.

13   That would be the declaration he submitted to the

14   Discovery Master, it looks like it was dated March 8th,

15   2009, and particularly paragraph 6.  So he says quite

16   clearly that he is somebody who had direct involvement in

17   the preparation of those loan documents, as well as some

18   other matters, as well, but just focusing on that

19   particular issue.  Also, as the Discovery Master is aware,

20   we have not received any such documents, nothing like that

21   has been produced, any loan documents or anything else

22   relating to the loan between Lexington and Vision which is

23   part of this source of funds, ultimately, to Omni 808 as

24   part of the Wachovia debt acquisition.  So I would submit

25   that that is, in itself, too, something that makes quite

EXHIBIT _10_
PAGE _108_

1   clear that he is an appropriate witness to be questioned.

2          MR. O'BRIEN:   Okay.  Well, let me ask you a

3   question, I'm going to ask Mr. Villar to address it as

4   well, you're not suggesting in this motion that if his

5   deposition is ordered that he waives the attorney-client

6   privilege or anything of that nature, his counsel would

7   still be able to assert privilege objections and that sort

8   of thing in the deposition, and then we could deal with

9   those at a future date, if there is an issue with respect

10  to the privilege, you just want him to sit for his

11  deposition, or Mattel wants him to sit for his deposition;

12  is that correct?

13         MR. ZELLER:   That's absolutely correct.   We

14  think, in fact, that kind of issue is -- really can't be

15  determined on this record at this juncture.   It will

16  depend on what the particular questions are, what the

17  assertion of privilege is for, and, you know, I think

18  there's certainly precedent in this particular case, as

19  well as in other cases, where courts have said that that

20  kind of determination really needs to be made on a

21  question-by-question basis.   So your statement is

22  absolutely correct, and that has been our position on this

23  is that any privilege issues really can't be dealt with on

24  a blanket basis, but need to be very particularized, and

25  to the extent that there is any dispute over that in the

9

EXHIBIT 10
PAGE 109

1          I, the undersigned, a Certified Shorthand

2   Reporter of the State of California, do hereby certify:

3         That the foregoing proceedings were taken

4   before me at the time and place herein set forth; that

5   any witnesses in the foregoing proceedings, prior to

6   testifying, were duly sworn; that a record of the

7   proceedings was made by me using machine shorthand

8   which was thereafter transcribed under my direction;

9   that the foregoing transcript is a true record of the

10   testimony given.

11        Further, that if the foregoing pertains to

12   the original transcript of a deposition in a Federal

13   Case, before completion of the proceedings, review of

14   the transcript [  ] was [  ] was not requested.

15        I further certify I am neither financially

16   interested in the action nor a relative or employee

17   of any attorney or party to this action.

18        IN WITNESS WHEREOF, I have this date

19   subscribed my name.

20

21   Dated:   AUG 0 7 2009

22

23                _Cheryl R. Kamalski_

24               CHERYL R. KAMALSKI
                    CSR No. 7113

25

EXHIBIT 10
PAGE 110

EXHIBIT 11

1

1                    UNITED STATES DISTRICT COURT

2                   CENTRAL DISTRICT OF CALIFORNIA

3                          EASTERN DIVISION

4                            - - -

5           HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                            - - -

7   MATTEL, INC.,
                                    )
8                      Plaintiff,   )
                                    )
9            vs.                    )   No. CV 04-09049
                                    )
10  MGA ENTERTAINMENT, INC., ET. AL.,  )
                                    )
11                     Defendants.  )
                                    )   Motions
12  AND CONSOLIDATED ACTIONS,       )
                                    )
13  _____ )

14

15              REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                      Riverside, California

17                  Wednesday, February 11, 2009

18                         10:03 A.M.

19

20

21

22

23                  THERESA A. LANZA, RPR, CSR
                   Federal Official Court Reporter
24                   3470 12th Street, Rm. 134
                    Riverside, California  92501
25                         951-274-0844
                        WWW.THERESALANZA.COM

2

```
 1    APPEARANCES:

 2    ON BEHALF OF MATTEL, INC.:

 3                        QUINN EMANUEL
                          By:  JOHN QUINN
 4                             DYLAN PROCTOR
                               MICHAEL T. ZELLER
 5                        865 S. FIGUEROA STREET,
                          10TH FLOOR
 6                        LOS ANGELES, California  90017
                          213-624-7707
 7

 8    ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
      (Outgoing)
 9                        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                          BY:  THOMAS J. NOLAN
10                             JASON RUSSELL
                          300 SOUTH GRAND AVENUE
11                        LOS ANGELES, CALIFORNIA  90071-3144
                          213-687-5000
12

13    ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
      (Incoming)
14                        GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
                          BY:  JOEL KLEVENS
15                        10250 Constellation Boulevard
                          Los Angeles, California  90067
16                        310-553-3000

17                        MITCHELL, SILBERBERG & KNUPP LLP
                          BY:  RUSSELL J. FRACKMAN
18                        11377 West Olympic Boulevard,
                          Los Angeles, California  90064-1683
19                        310-312-2000

20
      ON BEHALF OF DEFENDANT GUSTAVO MACHADO:
21
                          OVERLAND BORENSTEIN SCHEPER & KIM LLP
22                        BY:  ALEXANDER H. COTE
                          601 West Fifth Street,
23                        12th Floor
                          Los Angeles, California  90071
24                        213-613-4660

25    /  /  /
```

EXHIBIT 11
PAGE 112

3

1                    I N D E X (Continued)

2

3   APPEARANCES (continued):

4

5   On behalf of OMNI 808:

6                     BINGHAM McCUTCHEN LLP
                      BY:  Todd E. Gordinier
7                     600 Anton Boulevard
                      Costa Mesa, CA  92626-1924
8                     714-830-0622

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT 11
PAGE 113

```
 1   move forward.

 2              MR. ZELLER:  Thank you, Your Honor.

 3              THE COURT:  Thank you, counsel.

 4              MR. FRACKMAN:  I'm last, and I think I'll be the

 5   shortest.  On the issue of streamlining discovery, I've read    02:43

 6   the Court's prior orders concerning the number of depositions,

 7   for example, and I confess, I'm a bit confused.

 8              We would request from the Court that there be a

 9   reasonable limit placed on Phase 2 depositions.  I don't know

10   whether that comes to Your Honor or whether that goes to the    02:44

11   discover referee.

12              THE COURT:  In the first instance, that would go to

13   the discovery referee.  The limits that were placed were limits

14   that were placed on the earlier discovery phase.

15              To be clear again, I have placed no limits, no       02:44

16   restrictions, other than what is set forth in the rules of

17   civil procedure and in local rule 37 on discovery from this

18   point until March 23rd.

19              If the parties wish to stipulate, they may.  If the

20   parties think that the Court needs to be involved in this in    02:44

21   the first instance, that needs to go to the Discovery Master.

22              MR. FRACKMAN:  I think we're prepared to follow the

23   federal rules, Your Honor.  Thank you.

24              THE COURT:  Very good.

25              MR. ZELLER:  I feel like I'm being more difficult at 02:44
```

EXHIBIT 11
PAGE 114

1    the end than I should be.

2           Just so it's clear, because as I understood it,

3    there, of course, are the limits under the Federal Rules of ten

4    depositions.  We, of course, have -- and I thought that the

5    parties --                                                        02:45

6           THE COURT:  You did more than ten depositions.

7           MR. ZELLER:  Correct.  And I think both sides have.

8           THE COURT:  Yes.

9           MR. ZELLER:  Or then there were limits the Court did

10   put on the case, as we understood it; I want to say the number   02:45

11   was 24, but I could be off slightly, that the Court did modify

12   the limits already.

13          THE COURT:  I allowed for additional depositions.

14   But those were all in the context of the first phase.  We now

15   have new counsel coming in.  I'm certainly not going to suggest   02:45

16   you're all done with discovery.

17          MR. ZELLER:  Absolutely.

18          THE COURT:  Maybe I should.  Maybe I should say the

19   limits have all been filled in spades and we're done and let's

20   go to trial.                                                      02:45

21          MR. ZELLER:  That's what I'm trying to understand is

22   is the Court's view on this, because the Court had

23   previously -- and I don't recall the mechanics of how we got

24   there, but the Court essentially increased the limit to, I

25   think, 24.                                                        02:45

dnesday, February 11, 2009                    Mattel vs. MGA Entertainmen

EXHIBIT 11
PAGE 115

1    THE COURT:  Whatever limits I imposed, if I did not

2    use the precise language that I should have, let me make it

3    clear now:  That was applied to the discovery phase.  That's

4    now water under the bridge.  It is over.

5    We are starting with a clean slate, a new discovery    02:46

6    master, new counsel for MGA, and we are going to build this up

7    and we'll go from here.  If there's a discovery dispute, please

8    take it to the Discovery Master.

9    MR. ZELLER:  That helps clarify it quite a bit, Your

10   Honor.                                                   02:46

11   The other component is that at least with respect to

12   Phase 1, when we asked the question of where should we take a

13   request for leave to take additional depositions or serve

14   additional interrogatories and the like, the Court previously

15   directed that the motions be made to Your Honor.  And the Court  02:46

16   may recall that, in fact, in the first phase, Mattel did make

17   such a motion that was granted.

18   THE COURT:  Regarding what, again?

19   MR. ZELLER:  Increasing the limits.

20   THE COURT:  That is something which I am going to     02:46

21   change for this.  I think in the first instance that should be

22   directed to the Discovery Master.  You both have full right to

23   appeal any decision from that, but I think it's best that the

24   Discovery Master function essentially as the Magistrate Judge

25   in this case and handle all of those from the get-go.  And    02:47

EXHIBIT  11
PAGE 116

1  we'll go from there.

2          **MR. ZELLER:**  Thank you.

3          **THE COURT:**  Anything further?

4          Thank you.  Good day.

5

6

7

8

9

10                    CERTIFICATE

11

12  I hereby certify that pursuant to section 753, title 28, United
    States Code, the foregoing is a true and correct transcript of
13  the stenographically recorded proceedings held in the above-
    entitled matter and that the transcript page format is in
14  conformance with the regulations of the Judicial Conference of
    the United States.

15

16  _Theresa A. Lanza_                    2-13-09
    THERESA A. LANZA, CSR, RPR                    Date
17  Federal Official Court Reporter

18

19

20

21

22

23

24

25

EXHIBIT 12

GLASER WEIL          Fax:310-556-2408          Mar 25 2009 12:08pm P002/007

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD

NINETEENTH FLOOR

LOS ANGELES, CALIFORNIA 90067

(310) 553-3000

FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7874
EMAIL: CMANKEY@GLASERWEIL.COM

March 25, 2009

Ⅲ MERITAS LAW FIRMS WORLDWIDE

VIA E-MAIL & FACSIMILE

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

Re:     *Mattel, Inc.v. MGA Entertainment, Inc., et al.*

Dear Counsel:

I am writing to request a meet and confer pursuant to paragraph 5 of the Discovery Master Order and Local Rule 37-1 in connection with Mattel's responses to the following written discovery:

### MGA Entertainment, Inc.'s Second Set of Requests for Production of Documents and Things in Case No. 05-2727:

Request for Production No. 137
DOCUMENTS sufficient to identify by name and title PERSONS WITH knowledge of alleged copying, taking, accessing or modification of proprietary MATTEL DOCUMENTS by MACHADO, TRUEBA AND VARGAS.

Request for Production No. 146
All DOCUMENTS REFERRING OR RELATING TO the events described in paragraph 53 of YOUR COUNTERCLAIMS regarding MATTEL's notification of Mexican authorities about the alleged theft of MATTEL's trade secret and confidential information, including but not limited to affidavits, declarations, complaints, and evidence filed with the Mexican authorities.

671042

EXHIBIT E
PAGE 118

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 2

Request for Production No. 148
       All DOCUMENTS REFERRING OR RELATING TO MATTEL's involvement in the
seizure of materials at the facilities of MGAE de Mexico, S.R.L. de C.V. in Mexico City by
Mexican authorities.

Request for Production No. 153
       All DOCUMENTS REFERRING OR RELATING TO whether the 2004 Sales Plan
referred to in paragraph 62 of YOUR COUNTERCLAIMS was public information or contained
public information.

Request for Production No. 154
       All DOCUMENTS REFERRING OR RELATING TO PERSONS who had access to the
2004 Sales Plan referred to in paragraph 62 of YOUR COUNTERCLAIMS.

Request for Production No. 157
       DOCUMENTS sufficient to identify by name, title and telephone number MATTEL
employees whom BRAWER allegedly contacted after his resignation from MATTEL, as alleged
in paragraph 69 of YOUR COUNTERCLAIMS.

Request for Production No. 158
       All DOCUMENTS REFERRING OR RELATING TO BRISBOIS' MATTEL exit
interview, including but not limited to reports, memoranda, notes, and recording of or
RELATING TO the exit interview.

Request for Production No. 160
       All DOCUMENTS REFERRING OR RELATING TO the events alleged in paragraph 75
of YOUR COUNTERCLAIMS regarding MATTEL's notification of Canadian law enforcement
authorities about BRISBOIS' alleged theft of MATTEL's trade secret and confidential
information, including but not limited to affidavits, declarations, complaints, and evidence filed
with the Canadian law enforcement authorities.

Request for Production No. 162
       All DOCUMENTS REFERRING OR RELATING TO MATTEL's involvement in the
seizure by Canadian law enforcement authorities of a thumb drive from BRISBOIS referenced in
paragraph 75 of YOUR COUNTERCLAIMS.

Request for Production No. 174
       All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 90
of YOUR COUNTERCLAIMS regarding MGA's alleged racketeering activity for the purpose of

EXHIBIT 12
PAGE 119

GLASER WEIL    Fax:310-556-2406    Mar 25 2009 12:08pm P004/007

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 3

executing and attempting to execute a scheme to improperly defraud MATTEL and steal MATTEL's trade secret.

Request for Production No. 175
    All DOCUMENTS REFERRING OR RELATING TO YOUR assertion in paragraph 90 of YOUR COUNTERCLAIMS regarding MGA's alleged willful conduct for the purpose of executing and attempting to execute a scheme to improperly defraud MATTEL and steal its trade secret.

Request for Production No. 176
    All DOCUMENTS REFERRING OR RELATING TO how access to MATTEL's confidential information is controlled, including but not limited to DOCUMENTS CONTAINING MATTEL's policy with respect to confidential information, sign-in and sign-out sheets for access to confidential information, logs of PERSONS who access confidential information ,and procedures for accessing confidential information.

Request for Production No. 177
    All DOCUMENTS REFERRING OR RELATING TO the steps and procedures that MATTEL takes to keep MATTEL's confidential information confidential.

Request for Production No. 178
    All DOCUMENTS REFERRING OR RELATING TO any investigation, surveillance, inspection, inquiry, survey or analysis into the activities, including but not limited to electronic and computer related activities, alleged in YOUR COUNTERCLAIMS.

### MGA's Fifth Set of Requests for Production of Documents and Things in Case No. 05-2727:

Request for Production No. 486
    All DOCUMENTS REFERRING OR RELATING TO YOUR or YOUR attorney's or agent's knowledge of or participation in the investigation or search of MGAE de Mexico, S.R.L. de C.V. in Mexico City.

Request for Production No. 488
    All DOCUMENTS REFERRING OR RELATING TO YOUR knowledge that any of the items seized by Mexican authorities from MGAE de Mexico, S.R.L. de C.V. in Mexico City were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary.

671042

EXHIBIT 12
PAGE 120

GLASER WEIL     Fax:310-556-2406     Mar 25 2009 12:09pm P005/007

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 4

Request for Production No. 489
All DOCUMENTS REFERRING OR RELATED TO YOUR or YOUR attorney's or agent's knowledge of or participation in the seizure of Brisbois' thumb drive by Canadian law enforcement.

Request for Production No. 491
All DOCUMENTS REFERRING OR RELATED TO YOUR knowledge that any of the items seized by Canadian authorities from Brisbois' thumb drive were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary.

## MGA's Seventh Set of Requests for the Production of Documents and Things in Case No. 05-2727:

Request for Production No. 759
All DOCUMENTS REFERRING OR RELATING TO the departure of Jorge Castilla from MATTEL, including but not limited to any MATTEL exit interview forms, surveys, questionnaires, agreements, or other documents Castilla completed on or near the date of his departure from MATTEL.

Request for Production No. 760
All DOCUMENTS REFERRING OR RELATING TO MGA's recruitment or hiring of Jorge Castilla, including but not limited to all employment agreements and any agreements relating to confidentiality or non-disclosure of MATTEL information.

Request for Production No. 761
All DOCUMENTS REFERRING OR RELATING TO any taking of confidential or proprietary MATTEL information by Jorge Castilla, including but not limited to forensic reports, Guidance software reports, or computer imaging reports.

## MGA's Second Set of Interrogatories to Mattel, Inc.:

Interrogatory No. 20
IDENTIFY with specificity each ALLEGED TRADE SECRET, including the IDENTITY of each DOCUMENT that embodies or REFERS OR RELATES to each ALLEGED TRADE SECRET.

Interrogatory No. 21
IDENTIFY each PERSON who has had access to each ALLEGED TRADE SECRET, including (a) the ALLEGED TRADE SECRET each PERSON had access to; and (b) the date or dates each PERSON had this access.

671042

EXHIBIT 12
PAGE 121

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 5

Interrogatory No. 22
STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that MGA misappropriated any ALLEGED TRADE SECRET.

Interrogatory No. 23
STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that the ALLEGED TRADE SECRETS are protectable.

Interrogatory No. 28
Describe in detail the complete factual basis for YOUR COUNTERCLAIMS, including, without limitation all facts, DOCUMENTS, and witnesses that REFER OR RELATE TO YOUR COUNTERCLAIMS.

Interrogatory No. 29
Describe in detail any estimate or calculation of damage, loss, injury, or unjust enrichment, by reason of any act or omission alleged in YOUR COUNTERCLAIMS, that YOU have made or that has been made on YOUR behalf or at YOUR request, including all facts, DOCUMENTS or witnesses RELATING TO each estimate or calculation.

With respect to all of the above referenced requests for production, Mattel has only objected and has not agreed to produce any responsive documents. With respect to Interrogatory Nos. 20-23 and 28, Mattel has asserted objections only and has not provided any substantive responses. In response to Interrogatory No. 29, Mattel responded on March 5, 2008, that "[a]s to Mattel's Phase II counterclaims, Mattel has not yet computed its damages... Mattel reserves the right to supplement this response once Phase II discovery resumes and Mattel receives the necessary information..."

Documents and information responsive to each of the above requests are directly and clearly relevant to the issues to be litigated in Phase II. Moreover, based on the finding in Discovery Master O'Brien's Order No. 6 that "MGA has made a prima facie case that the Requests seeking the documents Mattel provided to law enforcement officials, as well as Mattel's communications with those officials, are reasonably calculated to lead to the discovery of admissible evidence regarding the claims to be adjudicated in Phase 2" and that such documents "are not protected from disclosure under any of the privileges or doctrines cited by Mattel," Mattel's objections to discovery requests pertaining to any law enforcement investigation of Mattel's claims of trade secret theft, such as Requests for Production Nos. 146, 160, 162, 486 and 488, are without merit.

Please let us know if Mattel is willing to supplement its responses to any of these discovery requests and/or when you are available to meet and confer regarding these requests.

EXHIBIT 12
PAGE 122

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
March 25, 2009
Page 6

Should we fail to reach agreement on the nature and scope of supplemental responses to be provided by Mattel, we anticipate promptly filing a motion to compel the production of documents and substantive responses.

Very truly yours,

Caroline H. Mankey
of GLASER, WEIL, FINK, JACOBS
& SHAPIRO, LLP

cc:   Patricia Benson, Esq.
      Jean Nogues, Esq.
      Russell Frackman, Esq.
      Joel Klevens, Esq.
      Amman Khan, Esq.

671042

EXHIBIT 12
PAGE 123

GLASER WEIL      Fax:310-556-2406      Mar 25 2009 12:08pm  P001/007

| LAW OFFICES | FAX TRANSMISSION |
|---|---|
| **GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP** | |
| 10250 CONSTELLATION BOULEVARD | |
| NINETEENTH FLOOR | |
| LOS ANGELES, CALIFORNIA 90067 | |

TIT MERITAS LAW FIRMS WORLDWIDE

| | TELEPHONE NO.: 310-553-3000 |
|---|---|
| | FACSIMILE NO.:   310-556-2920 |

FROM:  Caroline H. Mankey

Number of Pages:
(Including this page)

DATE:  March 25, 2009

Client Reference No.:    03460-023

| TO: | FAX NO.: | CONFIRMATION NO.: |
|---|---|---|
| Jon D. Corey, Esq. | 213-443-3100 | 213-443-3000 |
| Michael T. Zeller, Esq. | | |

**Sender's Comments:**

**If you have received this Transmission in error, please call: 310-553-3000 and mail it to the above address. Thank you.**

NOTE:  THE INFORMATION CONTAINED IN THIS FAX MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE.   THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION AND, AS SUCH, IS PRIVILEGED AND CONFIDENTIAL.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE BY MAIL.  THANK YOU.

684049 v1

EXHIBIT  12
PAGE 124

EXHIBIT 13

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL: (213) 443-3000 FAX: (213) 443-3100

April 16, 2009

<u>VIA ELECTRONIC MAIL AND FAX</u>

Caroline H. Mankey, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Re:     <u>Mattel v. MGA Entertainment, Inc., et al.</u>

Dear Caroline:

I write to memorialize our telephone call of this afternoon regarding certain MGA Requests for Production and Interrogatories.  As I described to you over the phone, we have agreed:

- For Request for Production Nos. 146, 160, 174, and 175 (Second Set), and 488 and 491 (Fifth Set), Mattel will produce non-privileged documents responsive to these requests, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

- For Request for Production Nos. 148 and 162 (Second Set), and 486 and 489 (Fifth Set), Mattel will produce responsive, non-privileged documents regarding Mattel's communications with law enforcement personnel that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

- For Request for Production No. 153 (Second Set), Mattel will produce responsive, non-privileged documents relating to the trade secret/confidential nature of the 2004 Sales Plan, including any documents relating to it being or containing purportedly public information, that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, Illinois 60606-6301 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG , United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

EXHIBIT 13
PAGE 125

Caroline Mankey, Esq.
April 16, 2009.

- For Request for Production Nos. 176 and 177 (Second Set), Mattel will produce responsive, non-privileged documents that relate to the trade secrets and confidential information at issue in this case and to the policies and procedures applied in the U.S., Mexico and Canada with respect to those trade secrets and confidential information, that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

- For Request for Production No. 178 (Second Set), Mattel will produce responsive, non-privileged documents relating to the discovery of MGA's thefts of trade secret and other confidential Mattel information that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

Also, as we discussed, with respect to Request for Production Nos. 759, 760, 761 (Fifth Set) and 158 (Second Set), Mattel already agreed to produce documents in prior responses and in response to the question you posed today about Request No. 158, we do not know of any responsive documents that have not been produced but we will supplement our production in the event that any additional documents are located.

With respect to Requests for Production Nos. 137 and 157 (Second Set), I explained that Mattel's previously produced documents, interrogatory responses and Initial Disclosures already reflect the universe of people with non-privileged information sought in these requests. Further, we had previously discussed whether No. 137 could be construed as incorporating documents reflecting that the persons had the knowledge of alleged copying, taking, accessing or modification of proprietary Mattel documents by Machado, Trueba, and Vargas, and whether No. 157 could be construed as reflecting the contacts that Brawer with the persons after his resignation from Mattel, and you had said MGA would be willing to narrow the requests to just seek those documents. Mattel has considered that suggestion, and while we disagree as to whether these particular requests necessarily encompass such documents, we believe all such documents have been produced anyway. As a result, I believe these requests are resolved. I suggested that you look at the information already provided and let me know what, if anything, you believe you still need to resolve these two requests. Please confirm that we have agreement on that approach.

With respect to Request for Production No. 154, concerning documents referring or relating to those who had access to the 2004 Sales Plan, we discussed whether MGA means by "access" those who actually accessed the Sales Plan, or those who have access in some more technical, theoretical way. Your understanding was that the requests seeks to identify all the people who actually accessed the document, but you told me you would find out from your team whether that was the case. Also, I raised the issue that the number of people with access can change over time, and that the content of the document itself can change over time. As to the latter, Mattel understands the Request to refer to the version(s) of the document that were actually taken.

2

EXHIBIT 13
PAGE 126

Caroline Mankey, Esq.
April 16, 2009.

Mattel is also wondering what MGA has in mind in terms of temporal scope. We do not agree
that all post-theft access to the document is relevant in all cases to a trade secret misappropriation
claim, but we understand your position that some post-theft access may be relevant and are
willing to consider producing items within a reasonable post-theft time period. Please forward
any authority that would help us determine what is the proper time period to apply. Also, I noted
that Request No. 154 as drafted would include access by lawyers, investigators, court personnel
and government personnel as a result of MGA's theft. It did not sound from what you had told
me that this is the information MGA seeks. With respect to these issues, you told me that you
would get back to me so that we can work out a way to get MGA the information it needs.

With respect to Interrogatories 20 and 22, we discussed MGA's view that the information
contemplated by these interrogatories is difficult to recognize in the responses to Interrogatory
Nos. 1 and 2. While we don't necessarily agree with MGA on the point, we nevertheless will
supplement both of these interrogatories in an effort to resolve this. Mattel will also supplement
its responses to Interrogatory Nos. 21, 23, 28, and 29.

This covers all of the Requests for Production and Interrogatories identified in your original meet
and confer letter of March 25, 2009. We plan to make all these supplementations and any
supplementary production by May 14, which was the date that you proposed.

Sincerely,

/s/

Diane C. Hutnyan

cc: Jason Russell, Esq.
07975/2890452.1

3

EXHIBIT 13
PAGE 127

**Tiffany Garcia**

| | |
|---|---|
| **From:** | Diane Hutnyan |
| **Sent:** | Thursday, April 16, 2009 11:52 PM |
| **To:** | MGA / Bryant Team |
| **Subject:** | FW: MGA/Mattel Correspondence |
| **Attachments:** | 2890452_Mankey letter – RFP and Rog Production (2).pdf |

---

**From:** Diane Hutnyan
**Sent:** Thursday, April 16, 2009 6:52 PM
**To:** 'cmankey@glaserweil.com'; 'Jason D. Russell (jason.russell@skadden.com)'
**Subject:** MGA/Mattel Correspondence

Dear Caroline:

Please see attached letter, which will also be transmitted by fax.

4/17/2009

EXHIBIT 13
PAGE 128

EXHIBIT 14

CALENDARED

RECEIVED

APR 1 5 2009

1   PATRICIA L. GLASER (Bar No. 055668)
    pglaser@glaserweil.com
2   GLASER WEIL FINK JACOBS & SHAPIRO
    10250 Constellation Blvd., 19th Floor
3   Los Angeles, California 90067
    Telephone: (310) 553-3000
4   Facsimile: (310) 557-9815

5   RUSSELL J. FRACKMAN (Bar No. 49087)
    rjf@msk.com
6   PATRICIA H. BENSON (Bar No. 60565)
    phb@msk.com
7   JEAN P. NOGUES (Bar No. 84445)
    jpn@msk.com
8   MITCHELL SILBERBERG & KNUPP LLP
    11377 West Olympic Boulevard
9   Los Angeles, California 90064-1683
    Telephone: (310) 312-2000
10  Facsimile: (310) 312-3100

11  Attorneys for Plaintiffs
    MGA Entertainment, Inc., MGA Entertainment HK,
12  Ltd., MGAE De Mexico S.R.L. De C.V and Isaac
    Larian

13

14

15                      UNITED STATES DISTRICT COURT

16                     CENTRAL DISTRICT OF CALIFORNIA

17                            EASTERN DIVISION

18  CARTER BRYANT, an individual,,          CASE NO.   CV 04-9049 SGL (RNBx)

19              Plaintiff,                   Consolidated with
                                             Case No. CV 04-09059
20       v.                                  Case No. CV 05-02727

21  MATTEL, INC., a Delaware corporation,,  **MGA ENTERTAINMENT, INC.'S
                                             FIRST SET OF PHASE 2**
22              Defendant.                   **INTERROGATORIES TO MATTEL,
                                             INC.**

23  AND CONSOLIDATED CASES

24

25

26  PROPOUNDING PARTY:  MGA Entertainment, Inc.

27  RESPONDING PARTY:   Mattel, Inc.

28  SET NO.             One (Phase Two) [Nos. 1-14]

Mitchell
Silberberg &
Knupp LLP
2189397.1

                              4-14
    MGA'S FIRST SET OF INTERROGATORIES (PHASE 2)

EXHIBIT 14
PAGE 129

1    Pursuant to Federal Rule of Civil Procedure 33 and Local Rule 33-1, *et seq.*,

2    plaintiff MGA Entertainment, Inc. hereby requests that defendant Mattel, Inc.

3    individually answer the following Interrogatories separately and fully, in writing and under

4    oath, within 30 days after service hereof.  Mattel, Inc. shall be obligated to supplement its

5    responses to the Interrogatories at such times and to the extent required by the Federal

6    Rules of Civil Procedure.

7

8                              **DEFINITIONS**

9

10          1.    "AFFILIATES" means any and all corporations, proprietorships,

11   d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

12   indirectly, in whole or in part, own or control, are under common ownership or control with,

13   or are owned or controlled by a PERSON, party or entity, including without limitation

14   each parent, subsidiary and joint venture of such PERSON, party or entity.

15          2.    "ANY" as used in these interrogatories includes the word "all," and

16   the word "all" as used in these interrogatories includes the word "any."

17          3.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

18   "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

19   Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to,

20   all writings and records of every type and description including, but not limited to,

21   contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail

22   ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any

23   kind, statements, reports, minutes, recordings, transcripts and summaries of meetings,

24   voice recordings, pictures, photographs, drawings, electronically stored information,

25   computer cards, tapes, discs, printouts and records of all types, studies, instruction

26   manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks

27   and every other device or medium by which or through which information of any type is

28   transmitted, recorded or preserved. Without any limitation on the foregoing, the term

Mitchell
Silberberg &
Knupp LLP
2189397.1

2

MGA'S FIRST SET OF INTERROGATORIES (PHASE 2)

EXHIBIT 14
PAGE 130

1   "DOCUMENT" shall include all copies that differ in any respect from the original or
2   other versions of the DOCUMENT, including, but not limited to, all drafts and all copies
3   of such drafts or originals containing initials, comments, notations, insertions,
4   corrections, marginal notes, amendments or any other variation of any kind.

5       4.   "MATTEL DOCUMENTS" means the DOCUMENTS identified by
6   Bates Number in Definition No. 25, at 7:3-9:9, of Mattel, Inc.'s Supplemental
7   Interrogatories served on MGA on or about January 9, 2008, a copy of which is attached
8   hereto as Exhibit 1, and ANY other DOCUMENT MATTEL alleges that MGA stole,
9   wrongfully obtained or took, or otherwise obtained by IMPROPER MEANS from
10  MATTEL, regardless of whether MATTEL contends ANY such DOCUMENT
11  constitutes or contains a TRADE SECRET.

12      5.   "IDENTIFY" means the following:
13      (a)   with reference to an individual or individuals, means to state,
14  fully and separately as to each, such individual's full name, any known business title,
15  current or last known business affiliation, current or last known residential address,
16  current or last known business address, current or last known relationship to MATTEL,
17  and current or last known telephone number.

18      (b)   with reference to an entity or entities, means to state, fully
19  and separately as to each, such entity's full name, state (or country) of incorporation or
20  organization, present or last known address, and present or last known telephone number.

21      (c)   with reference to any alleged TRADE SECRET, means to
22  describe and state, in detail and fully and separately as to each, the information, formula,
23  pattern, compilation, program, device, method, technique, or process claimed by
24  MATTEL to be a TRADE SECRET, and with sufficient specificity to differentiate each
25  such TRADE SECRET from public and/or non-proprietary information.

26      (d)   with reference to any other DOCUMENT or DOCUMENTS,
27  means to describe each DOCUMENT by Bates number.  In the event that a
28  DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each

Mitchell
Silberberg &
Knupp LLP
2189397.1

3
MGA'S FIRST SET OF INTERROGATORIES (PHASE 2)

EXHIBIT 14
PAGE 131

1  such DOCUMENT, to provide a complete description of it such that it may be the subject

2  of a request for the production of documents, including by stating the date, identity of the

3  author, addressee(s), signatories, parties, or other PERSONS identified therein, its present

4  location or custodian and a description of its contents.

5          (e)     with reference to any MATTEL PRODUCT, means to

6  IDENTIFY the specific MATTEL PRODUCT by name, model or product number, and

7  SKU number if different from the model or product number, and

8          (f)     with reference to any alleged damage, state the amount of

9  such damage and describe completely and in detail how YOU calculate the amount of

10 damage YOU contend YOU have suffered; and

11         (g)     with reference to any alleged act or omission, state: (a) the act

12 or omission; (b) the PERSONS who committed or were involved with the act or omission

13 as a principal; (c) the PERSONS who committed or were involved with the act or

14 omission as an aider or abettor; (d) the date of the act or omission; (e) the place of the act

15 or omission; (f) the PERSONS harmed by the act or omission; (g) PERSONS who have

16 knowledge of the act or omission; (h) the federal statute listed in 18 U.S.C. § 1961(1)

17 which YOU allege was violated by the act or omission; and (i) the nature of the harm that

18 resulted from the act or omission..

19     6.    "IMPROPER MEANS" shall have the definition given such term in

20 California Civil Code §3426.1(a), as follows: "'Improper means' includes theft, bribery,

21 misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or

22 espionage through electronic or other means.  Reverse engineering or independent

23 derivation alone shall not be considered improper means."

24     7.    "MATTEL," "YOU," or "YOUR" means defendant Mattel, Inc. and

25 ANY of its past or present officers, directors, employees, parents, subsidiaries, divisions,

26 AFFILIATES, predecessors-in-interest, successors-in-interest, and joint venture partners.

27     8.    "MATTEL PRODUCTS" means any toys, dolls, games, or other

28 products sold, marketed, or distributed by MATTEL from January 1, to the present.

Mitchell
Silberberg &
Knupp LLP
2189397.1

4

MGA'S FIRST SET OF INTERROGATORIES (PHASE 2)

EXHIBIT 14
PAGE 132

1        9.    "MGA" means plaintiff MGA Entertainment, Inc. and ANY of its

2  past or present officers, directors, employees, parents, subsidiaries, divisions,

3  AFFILIATES, predecessors-in-interest, successors-in-interest, and joint venture partners.

4  Without limiting the foregoing, "MGA" includes MGA Entertainment (HK) Limited,

5  MGAE de Mexico, S.R.L. de C.V., and Isaac Larian.

6        10.   "MISAPPROPRIATION" or "MISAPPROPRIATED" shall have

7  the definition given the term "Misappropriation" in California Civil Code §3426.1(b), as

8  follows: "'Misappropriation' means:

9        (1)   Acquisition of a TRADE SECRET of another by a person who

10  knows or has reason to know that the TRADE SECRET was acquired by IMPROPER

11  MEANS; or

12        (2)   Disclosure or use of a TRADE SECRET of another without express

13  or implied consent by a person who:

14           (A)   Used IMPROPER MEANS to acquire knowledge of the

15  TRADE SECRET; or

16           (B)   At the time of disclosure or use, knew or had reason to know

17  that his or her knowledge of the TRADE SECRET was:

18              (i)   Derived from or through a person who had utilized

19  IMPROPER MEANS to acquire it;

20              (ii)   Acquired under circumstances giving rise to a duty to

21  maintain its secrecy or limit its use; or

22              (iii)   Derived from or through a person who owed a duty to

23  the person seeking relief to maintain its secrecy or limit its use; or

24           (C)   Before a material change of his or her position, knew or had

25  reason to know that it was a TRADE SECRET and that knowledge of it had been

26  acquired by accident or mistake."

27        11.   "PERSON" or "PERSONS" means all natural persons, partnerships,

28  corporations, joint ventures and any kind of business, legal or public entity or

Mitchell
Silberberg &
Knupp LLP

2189397.1

5

MGA'S FIRST SET OF INTERROGATORIES (PHASE 2)

EXHIBIT 14
PAGE 133

1   organization, as well as its, his or her agents, representatives, employees, officers and

2   directors and any one else acting on its, his or her behalf, pursuant to its, his or her

3   authority or subject to its, his or her control.

4       12.    "REFER OR RELATE TO" a given subject matter means relate to,

5   refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify, state,

6   deal with, comment on, respond to, describe, analyze, support, refute, contradict, or in

7   any way pertain to that subject matter, either directly or indirectly.

8       13.    "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-

9   9059 SGL (RNBx), filed by MATTEL on April 27, 2004, and the cases consolidated

10  therewith.

11      14.    "TRADE SECRET" or "TRADE SECRETS" shall have the

12  definition given such term in California Civil Code Section 3426.1(d), as follows:

13  "'Trade Secret' means information, including a formula, pattern, compilation, program,

14  device, method, technique, or process, that:

15      (1)    Derives independent economic value, actual or potential, from not

16  being generally known to the public or to other persons who can obtain economic value

17  from its disclosure or use; and

18      (2)    Is the subject of efforts that are reasonable under the circumstances

19  to maintain its secrecy."

20      15.    "RFA" means the specific request for admission identified from

21  among those requests being served concurrently with these Interrogatories, and entitled

22  *MGA's First Set of Phase 2 Requests for Admission to Mattel*.

23      16.    "OPERATIVE COUNTERCLAIMS" means the pleading entitled

24  *Mattel's Second Amended Answer in Case No. 05-2727 and Counterclaims For (1)*

25  *Copyright Infringement; (2) Violation of The Racketeer Influenced and Corrupt*

26  *Organizations Act; (3) Conspiracy to Violate The Racketeer Influenced and Corrupt*

27  *Organizations Act; (4) Misappropriation of Trade Secrets; (5) Breach of Contract; (6)*

28  *Intentional Interference With Contract; (7) Breach of Fiduciary Duty; (8) Aiding and*

Mitchell
Silberberg &
Knupp LLP
2189397.1

6
MGA'S FIRST SET OF INTERROGATORIES (PHASE 2)

EXHIBIT 14
PAGE 134

1  *Abetting Breach of Fiduciary Duty; (9) Breach of Duty of Loyalty; (10) Aiding and*

2  *Abetting Breach of Duty of Loyalty; (11) Conversion; (12) Unfair Competition; and (13)*

3  *Declaratory Relief,* unless that pleading has been superseded as of the time YOU respond

4  to these Interrogatories, in which event OPERATIVE COUNTERCLAIMS shall mean

5  the pleading that has superseded the Second Amended Answer and Counterclaims.

6        17.   The singular form of a noun or pronoun includes within its meaning

7  the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form

8  of a pronoun also includes within its meaning the feminine form of the pronoun so used,

9  and vice versa; the use of any tense of any verb includes also within its meaning all other

10  tenses of the verb so used, whenever such construction results in a broader request for

11  information; and "and" includes "or" and vice versa, whenever such construction results

12  in a broader disclosure of documents or information.

13

14                  **INSTRUCTIONS**

15

16      A.   When an interrogatory requests disclosure of a COMMUNICATION or

17  other information as to which YOU claim any privilege or protection as a ground for

18  nondisclosure, identify each PERSON who participated in or had knowledge of the

19  COMMUNICATION or other information and provide the following:

20          (i)   the privilege or protection that YOU claim precludes disclosure;

21          (ii)   the subject matter of the COMMUNICATION or information

22  (without revealing the content as to which the privilege is claimed); and

23          (iii)   any additional facts or grounds on which YOU base YOUR claim of

24  privilege or protection.

25      B.   When an interrogatory requests that YOU provide information, YOU are

26  required to supply all information known by or available to YOU or YOUR employees,

27  officers, directors, agents, representatives, attorneys and experts.  If YOU cannot

28  completely answer the interrogatory after making diligent efforts to do so, please so state.

Mitchell
Silberberg &
Knupp LLP
2189397.1

7

MGA'S FIRST SET OF INTERROGATORIES (PHASE 2)

EXHIBIT 14
PAGE 135

1   Then describe in detail all efforts made to answer the interrogatory; identify every

2   PERSON involved in such efforts; and state the additional information YOU need, if any,

3   to respond completely to the interrogatory.

4

5   **INTERROGATORIES**

6

7   **INTERROGATORY NO. 1**

8       If your response to RFA No. 1 is anything other than an unqualified admission,

9   state for each MATTEL DOCUMENT that is a basis for such response ANY facts that

10  SUPPORT your response to RFA No. 1, IDENTIFY ANY PERSONS with knowledge of

11  such facts, and ANY DOCUMENTS that REFER OR RELATE to such facts.

12

13  **INTERROGATORY NO. 2**

14      If YOUR answer to RFA No. 2 is anything other than an unqualified admission,

15  state for each MATTEL DOCUMENT that is a basis for such response ANY facts that

16  SUPPORT your response to RFA No. 2, IDENTIFY ANY PERSONS with knowledge of

17  such facts, and IDENTIFY ANY DOCUMENTS that REFER OR RELATE to such facts.

18

19  **INTERROGATORY NO. 3**

20      If your answer to RFA No. 3 is anything other than an unqualified admission, state

21  for each MATTEL DOCUMENT that is a basis for such response ANY facts that

22  SUPPORT your response to RFA No. 3, IDENTIFY ANY PERSONS with knowledge of

23  such facts, and ANY DOCUMENTS that REFER OR RELATE to such facts.

24

25  **INTERROGATORY NO. 4**

26      If your answer to RFA No. 4 is anything other than an unqualified admission, state

27  all facts that SUPPORT your response to RFA No. 4 and IDENTIFY all PERSONS with

28  knowledge of such facts and all DOCUMENTS that REFER OR RELATE to such facts.

Mitchell
Silberberg &
Knupp LLP
2189397.1

8

EXHIBIT __14__
PAGE _136_

**INTERROGATORY NO. 5**

IDENTIFY ANY damages YOU contend YOU have suffered as a result of the violation of the Racketeer Influenced and Corrupt Organization Act alleged by YOU in the Second Counterclaim of YOUR OPERATIVE COUNTERCLAIMS in THIS ACTION.

**INTERROGATORY NO. 6**

IDENTIFY ANY damages YOU contend YOU have suffered as a result of the alleged MISAPPROPRIATION of trade secrets alleged by YOU in the Fourth Counterclaim of YOUR OPERATIVE COUNTERCLAIMS in THIS ACTION.

**INTERROGATORY NO. 7**

IDENTIFY every MATTEL PRODUCT whose sales YOU contend were harmed by MGA's sale of the Bratz line of dolls and products.

**INTERROGATORY NO. 8**

IDENTIFY every MATTEL PRODUCT whose sales YOU contend were harmed by ANY act or omission of MGA alleged in YOU OPERATIVE COUNTERCLAIMS.

**INTERROGATORY NO. 9**

IDENTIFY ANY evidence that YOU contend was destroyed or otherwise spoliated by or on behalf of MGA.

**INTERROGATORY NO. 10**

For each specific piece of evidence that YOU INDENTIFIED in response to Interrogatory No. 9, IDENTIFY the PERSON(S) that YOU contend destroyed or spoiled such specific piece of evidence.

Mitchell Silberberg & Knupp LLP
2189397.1

9

MGA'S FIRST SET OF INTERROGATORIES (PHASE 2)

EXHIBIT 14
PAGE 137

**INTERROGATORY NO. 11**

For each piece of evidence YOU IDENTIFIED in response to Interrogatory No. 9, state ANY facts that support YOUR contention and IDENTIFY ANY PERSONS with knowledge of such facts and ANY DOCUMENTS that REFER OR RELATE to such facts.

**INTERROGATORY NO. 12**

IDENTIFY each act or omission by Isaac Larian that YOU contend constitutes "racketeering activity" as defined by 18 U.S.C. § 1961(1), IDENTIFY ANY PERSONS with knowledge of each alleged act or omission, and IDENTIFY ANY DOCUMENTS that REFER OR RELATE to each alleged act or omission.

**INTERROGATORY NO. 13**

IDENTIFY each act or omission by MGA that YOU contend constitutes "racketeering activity" as defined by 18 U.S.C. § 1961 (1) state ANY facts that support YOUR contention and IDENTIFY ANY PERSONS with knowledge of each alleged act or omission and ANY DOCUMENTS that REFER OR RELATE to each alleged act or omission.

**INTERROGATORY NO. 14**

For each act or omission by MGA that YOU contend constitutes "racketeering activity" as defined by 18 U.S.C. § 1961(1), state ANY facts which support YOUR contention, if YOU so contend, that Isaac Larian participated in or directed ANY such acts.

Mitchell
Silberberg &
Knapp LLP
21 89397.1

EXHIBIT 14
PAGE 138

1  DATED: April 14, 2009

RUSSELL J. FRACKMAN
2                                                PATRICIA H. BENSON
JEAN PIERRE NOGUES
3                                                RICHARD B. SHELDON
MITCHELL SILBERBERG & KNUPP LLP
4

5  By: _____
Richard B. Sheldon
6

7  Attorneys for Defendants
MGA Entertainment, Inc., MGA
8  Entertainment HK, Ltd., MGAE De Mexico
S.R.L. De C.V, and Isaac Larian

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

2189397.1

11

MGA'S FIRST SET OF INTERROGATORIES (PHASE 2)

EXHIBIT 14
PAGE 139

**EXHIBIT 1**

EXHIBIT  14
PAGE  140

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2  johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
    Timothy L. Alger (Bar No. 160303)
5  (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9             UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

12  CARTER BRYANT, an individual,       CASE NO. CV 04-09049 SGL (RNBx)

13           Plaintiff,                 Consolidated with Case Nos. CV 04-
                                        9059 and CV 05-2727
14       vs.
                                        MATTEL, INC.'S SUPPLEMENTAL
15  MATTEL, INC., a Delaware            INTERROGATORIES
    corporation,
16
             Defendant.
17

18  AND CONSOLIDATED ACTIONS

19

20

21

22  PROPOUNDING PARTY:     Mattel, Inc.

23  RESPONDING PARTIES:    MGA Entertainment, Inc., Isaac Larian, Carter

24                         Bryant, MGA Entertainment (HK) Limited, MGAE

25                         de Mexico S.R.L. de C.V., and Carlos Gustavo

26                         Machado Gomez

27  SET NO.:               SUPPLEMENTAL

28

07209/2239571.2

MATTEL'S SUPPLEMENTAL INTERROGATORIES

EXHIBIT 14
PAGE 141

1  Pursuant to Federal Rule of Civil Procedure 33, plaintiff Mattel, Inc.
2  ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter
3  Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and
4  Carlos Gustavo Machado Gomez (collectively, "the Responding Parties")
5  individually answer the following Interrogatories separately and fully, in writing and
6  under oath, within 30 days after service hereof.  The Responding Parties shall be
7  obligated to supplement their responses to the Interrogatories at such times and to
8  the extent required by the Federal Rules of Civil Procedure.
9
10  **Definitions**
11      1.   "YOU" and "YOUR" mean each of the Responding Parties.
12      2.   "MGA" means MGA Entertainment, Inc., any of its current or
13  former employees, officers, directors, agents, representatives, attorneys, experts,
14  divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any
15  other PERSON acting on its behalf, pursuant to its authority or subject to its control.
16  Without limiting the foregoing, "MGA" includes the entities known as ABC
17  International Traders or ABC International Traders, Inc.  For purposes of the these
18  Interrogatories, "MGA" does not include BRYANT.
19      3.   "MATTEL" means Mattel, Inc., its current employees, officers,
20  directors, agents, representatives, attorneys, parents, subsidiaries, divisions,
21  AFFILIATES, predecessors-in-interest and successors-in-interest, and any other
22  PERSON acting on its behalf, pursuant to its authority or subject to its control.
23      4.   "AFFILIATES" means any and all corporations, proprietorships,
24  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or
25  indirectly, in whole or in part, own or control, are under common ownership or control
26  with, or are owned or controlled by a PERSON, party or entity, including without
27  limitation each parent, subsidiary and joint venture of such PERSON, party or entity.
28

-2-
MATTEL'S SUPPLEMENTAL INTERROGATORIES

EXHIBIT 14
PAGE 142

5.      "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

6.      "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

7.      "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof. As used herein, "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith. Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Interrogatories.

EXHIBIT 14
PAGE 143

8.   "SOLD," "SELL" or "SALE" means to distribute, market, license, sell, offer to sell, or convey or transfer in any way for compensation.

9.   "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

10.   "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

11.   "MACHADO" means Carlos Gustavo Machado Gomez, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-

-4-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

EXHIBIT 14
PAGE 144

1 | in-interest, and any other PERSON acting on his behalf, pursuant to his authority or
2 | subject to his control.

3 |      12.   "TRUEBA" means Mariana Trueba Almada, and all of her current
4 | or former employees, agents, representatives, attorneys, accountants, vendors,
5 | consultants, independent contractors, predecessors-in-interest and successors-in-
6 | interest, and any other PERSON acting on her behalf, pursuant to her authority or
7 | subject to her control.

8 |      13.   "VARGAS" means Pablo Vargas San Jose, and all of his current or
9 | former employees, agents, representatives, attorneys, accountants, vendors, consultants,
10 | independent contractors, predecessors-in-interest and successors-in-interest, and any
11 | other PERSON acting on his behalf, pursuant to his authority or subject to his control.

12 |      14.   "BRAWER" means Ron Brawer, and all of his current or former
13 | employees, agents, representatives, attorneys, accountants, vendors, consultants,
14 | independent contractors, predecessors-in-interest and successors-in-interest, and any
15 | other PERSON acting on his behalf, pursuant to his authority or subject to his control.

16 |      15.   "CASTILLA" means Jorge Castilla, and all of his current or former
17 | employees, agents, representatives, attorneys, accountants, vendors, consultants,
18 | independent contractors, predecessors-in-interest and successors-in-interest, and any
19 | other PERSON acting on his behalf, pursuant to his authority or subject to his control.

20 |      16.   "COONEY" means Dan Cooney, and all of his current or former
21 | employees, agents, representatives, attorneys, accountants, vendors, consultants,
22 | independent contractors, predecessors-in-interest and successors-in-interest, and any
23 | other PERSON acting on his behalf, pursuant to his authority or subject to his control.

24 |      17.   "BRISBOIS" means Janine Brisbois, and all of her current or former
25 | employees, agents, representatives, attorneys, accountants, vendors, consultants,
26 | independent contractors, predecessors-in-interest and successors-in-interest, and any
27 | other PERSON acting on her behalf, pursuant to her authority or subject to her control.

28 |

EXHIBIT 14
PAGE 145

1    18.   "RAE" means Ron Rae, and all of his current or former employees,

2  agents, representatives, attorneys, accountants, vendors, consultants, independent

3  contractors, predecessors-in-interest and successors-in-interest, and any other PERSON

4  acting on her behalf, pursuant to her authority or subject to his control.

5    19.   "CONTRERAS" means Nick Contreras, and all of his current or

6  former employees, agents, representatives, attorneys, accountants, vendors, consultants,

7  independent contractors, predecessors-in-interest and successors-in-interest, and any

8  other PERSON acting on her behalf, pursuant to her authority or subject to his control.

9    20.   "ABUNDIS" means Ricardo Abundis, and all of his current or

10  former employees, agents, representatives, attorneys, accountants, vendors, consultants,

11  independent contractors, predecessors-in-interest and successors-in-interest, and any

12  other PERSON acting on her behalf, pursuant to her authority or subject to his control.

13    21.   The "FORMER MATTEL EMPLOYEES" means MACHADO,

14  TRUEBA, VARGAS, BRAWER, CASTILLA, COONEY, BRISBOIS, CONTRERAS,

15  RAE, ABUNDIS, and any other former Mattel employee or contractor who

16  misappropriated Mattel trade secrets or violated his or her obligations to maintain the

17  confidentiality of Mattel's trade secrets.

18    22.   "REFER OR RELATE TO" a given subject matter means relate to,

19  refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify,

20  state, deal with, comment on, respond to, describe, analyze, support, refute, contradict,

21  or in any way pertain to that subject matter, either directly or indirectly.

22    23.   "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-

23  9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated

24  therewith.

25    24.   "SLEEKCRAFT FACTORS" means those factors enumerated in

26  AMF Inc. v. Sleekcraft Boats, 599 F.2d 341 (9th Cir. 1979), and includes specifically:

27  (1) strength of the mark; (2) similarity of the marks; (3) relatedness of the goods; (4)

28  marketing channels; (5) type of goods and purchaser's likely degree of care; (6)

07209/2239571.2

-6-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

EXHIBIT 14
PAGE 146

1  evidence of actual confusion; (7) likelihood of expansion of the product lines; and (8)

2  defendant's intent in selecting the mark.

3      25.   "MATTEL DOCUMENTS" means any and all DOCUMENTS

4  stolen, obtained or taken from MATTEL by any PERSON, including but not limited to

5  the DOCUMENTS identified as Bates Numbers M 0019162-M 0019365, M 0019375-

6  M 0019491, M 0019492-M 0019586, M 0030576, M 0019587-M 0022008, M

7  0022009-M 0026076, M 0026077-M 0029024, M 0029025-M 0029042, M 0029043-M

8  0029044, M 0029045-M 0029050, M 0029051-M 0029053, M 0031471-M 0031473, M

9  0029054-M 0029255, M 0031474-M 0031485, M 0029226-M 0030163, M 0030164-M

10  0030173, M 0030174-M 0030183, M0030261-M 0030268, M 0030269-M 0030278, M

11  0030440-M 0030441, M 0030505-M 0030575, M 0030577-M 0030608, M 0019366-M

12  0019374, M 0030184-M 0030240, M 0030254-M 0030260, M 0030279-M 0030439, M

13  0030442-M 0030470, M 0030471-M 0030501, M 0030609, M 0030610-M 0030625, M

14  0030626-M 0030674, M 0030241-M 0030253, M 0030502-M 0030504, M 0030675-M

15  0030754, M 0030755-M 0030756, M 0030770-M 0030782, M 0030757-M 0030769, M

16  0030783-M 0030788, M 0030789-M 0030799, M 0030800-M 0030834, M 0030835, M

17  0030836-M 0030838, M 0030839-M 0030841, M 0030842-M 0030845, M 0030846-M

18  0030850, M 0030851-M 0030959, M 0030960-M 0030972, M 0030973-M 0031141,

19  M 0031142-M 0031153, M 0031154-M 0031162, M 0031163-M 0031172, M 0031173,

20  M 0031174-M 0031206, M 0031207-M 0031223, M 0031224-M 0031229, M

21  0031230-M 0031247, M 0031248-M 0031258, M 0031259-M 0031262, M 0031263-M

22  0031264, M 0031265, M 0031266, M 0031267, M 0031268, M 0031269, M 0031270-

23  M 0031278, M 0031279-M 0031280, M 0031281-M 0031282, M 0031283-M 0031291,

24  M 0031292-M 0031470, M 0032318, M 0031486-M 0031503, M 0031504-M 0031612,

25  M 0031613-M 0031860, M 0031863-M 0031864, M 0031865-M 0031919, M

26  0031861-M 0031862, M 0031925-M 0032000, M 0031920-M 0031924, M 0032001-M

27  0032009, M 0032010-M 0032057, M 0032058, M 0032059-M 0032070, M 0032071-M

28  0032288, M 0032289, M 0032290-M 0032317, M 0059836-M 0059837, M 0075253-M

07209/2239571.2

-7-

EXHIBIT  14
PAGE 147

1  0075260, M 0075261-M 0075277, M 0075278-M 0075289, M 0075290-M 0075307, M
2  0075308-M 0075309, M 0075310-M 0075315, M 0075316-M 0075317, M 0075318-M
3  0075322, M 0075323-M 0075324, M 0075325, M 0075326-M 0075328, M 0075329-M
4  0075333, M 0075334-M 0075375, M 0075376-M 0075378, M 0075379-M 0075380, M
5  0075381-M 0075384, M 0075385, M 0075386-M 0075388, M 0075389, M 0075390,
6  M 0075391, M 0075392-M 0075398, M 0075399-M 0075400, M 0075401-M 0075407,
7  M 0075408, M 0075409-M 0075416, M 0075417-M 0075420, M 0075421, M
8  0075422-M 0075469, M 0075470-M 0075490, M 0075491-M 0075494, M 0075495-M
9  0075515, M 0075516-M 0075531, M 0075532-M 0075552, M 0075553-M 0075572, M
10 0075573, M 0075574-M 0075594, M 0075595-M 0075616, M 0075617, M 0075618-M
11 0075619, M 0075620-M 0075635, M 0075636-M 0075654, M 0075655-M 0075661, M
12 0075662-M 0075699, M 0075700-M 0075709, M 0075710-M 0075713, M 0075714-M
13 0075775, M 0075776-M 0075780, M 0075781-M 0075798, M 0075799-M 0075842, M
14 0075843-M 0075906, M 0075907-M 0075949, M 0075950-M 0076018, M 0076019, M
15 0076020-M 0076132, M 0076133-M 0076143, M 0076144-M 0076145, M 0076146-M
16 0076148, M 0076149-M 0076155, M 0076156-M 0076169, M 0076170-M 0076171, M
17 0076172-M 0076196, M 0076197-M 0076215, M 0076216-M 0076250, M 0076251-M
18 0076264, M 0076265-M 0076279, M 0076280, M 0076281-M 0076311, M 0076312-M
19 0076362, M 0076363-M 0076370, M 0076371, M 0076372-M 0076425, M 0076426-M
20 0076427, M 0076428-M 0076431, M 0076432- M 0076442, M 0076443-M 0076446,
21 M 0100646-M 0100653, M 0098687-M 0098688, M 0098689-M 0098697, M
22 0098698-M 0098723, M 0098724-M 0098771, M 0098772-M 0098832, M 0098833-M
23 0098846, M 0098847-M 0098865, M 0098866-M 0098879, M 0098880-M 0098883, M
24 0098884-M 0098933, M 0098934-M 0098936, M 0098937-M 0098971, M 0098972-M
25 0099436, M 0099437-M 0099439, M 0099440-M 0099448, M 0099449-M 0099461, M
26 0099462-M 0099471, M 0099472-M 0099476, M 0099477-M 0099493, M 0099494-M
27 0099529, M 0099530-M 0099594, M 0099595-M 0099597, M 0099598-M 0099601, M
28 0099602-M 0099618, M 0099619-M 0099628, M 0099629-M 0099656, M 0099657-M

07209/2239571.2

-8-

EXHIBIT 14
PAGE 148

1  0099665, M 0099666-M 0099725, M 0099726-M 0100622, M 0100623-M 0100645, M
2  0100646-M 0100653, M 0100654-M 0100695, M 0100696-M 0100698, M 0100699-M
3  0100700, M 0100701-M 0100735, M 0100736-M 0100741, M 0100742-M 0100774, M
4  0100775-M 0100778, M 0100779-M 0100780, M 0100781, M 0100782, M 0100783-M
5  0100789, M 0100790-M 0100795, M 0100796-M 0100858, M 0100859-M 0100868, M
6  0100869-M 0100878, M 0100879-M 0100891, M 0100892-M 0100905, M 0100906-M
7  0100918, M 0100919-M 0100932, M 0100933-M 0100941, M 0100942-M 0100952, M
8  0100953, M 0100954-M 0100955, M 0100956-M 0100983, M 0100984-M 0101013, M
9  0101014-M 0101064, M 0101065 and M 0101069-M 0101128.

10       26.   "DIGITAL INFORMATION" means any information created or
11  stored digitally, including but not limited to electronically, magnetically or optically.

12       27.   "STORAGE DEVICE" means any computer hard drive, memory,
13  USB device, tape, storage array or any other device or medium that allows a user,
14  whether permanently, temporarily or otherwise, to create, generate, transmit, copy,
15  retain, store or maintain DIGITAL INFORMATION.

16       28.   "SOURCE OF INFORMATION" means any medium containing
17  DOCUMENTS or other information, whether in paper, electronic or other form,
18  including but not limited to any STORAGE DEVICE, file, file cabinet or other any
19  other source of information or DOCUMENTS.

20       29.   "COLLECT," "COLLECTED" or "COLLECTION," with reference
21  to DOCUMENTS, means to collect, review, produce, request, seek, look for, search for,
22  analyze or in any other way collect or review or attempt to collect or review such
23  DOCUMENTS in connection with YOUR search for, review of and/or production of
24  DOCUMENTS in this ACTION.

25       30.   "IDENTIFY" or "IDENTITY" means the following:
26       (a)   with reference to an individual or individuals, means to state,
27  fully and separately as to each, such individual's full name, any known business title,
28  current or last known business affiliation, current or last known residential address,

-9-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

EXHIBIT 14
PAGE 149

1  current or last known business address, current or last known relationship to MGA, and

2  current or last known telephone number.

3          (b)    with reference to an entity or entities, means to state, fully and

4  separately as to each, such entity's full name, state (or country) of incorporation or

5  organization, present or last known address, and present or last known telephone

6  number.

7          (c)    with reference to a SOURCE OF INFORMATION, means

8  to describe and state, fully and separately as to each, the SOURCE OF

9  INFORMATION so as to distinctly identify each such SOURCE OF INFORMATION

10 and differentiate each such SOURCE OF INFORMATION from all other SOURCES

11 OF INFORMATION, including without limitation by stating its nature (e.g., USB

12 drive, computer hard drive, file cabinet, etc.), and any unique identifier information

13 (such as hard drive serial number); the physical location(s), including full address

14 information and full identifying computer network drive information if applicable, of

15 each such SOURCE OF INFORMATION (as of the time of YOUR COLLECTION of

16 DOCUMENTS from the SOURCE OF INFORMATION, regardless of whether such

17 DOCUMENTS were thereafter moved elsewhere for the purpose of YOUR review); the

18 IDENTITY of each natural person or individual who is, was or has been associated

19 with each such SOURCE OF INFORMATION; the date(s) on which YOU

20 COLLECTED DOCUMENTS from each such SOURCE OF INFORMATION in

21 connection with this ACTION; and the IDENTITY of any DOCUMENTS, by Bates

22 number, that YOU have produced from each such SOURCE OF INFORMATION to

23 Mattel in this ACTION.

24          (d)    with reference to any other DOCUMENT or DOCUMENTS,

25 means to describe each DOCUMENT by Bates number.  In the event that a

26 DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each

27 such DOCUMENT, to provide a complete description of it such that it may be the

28 subject of a request for the production of documents, including by stating the date,

EXHIBIT 14
PAGE 150

1    identity of the author, addressee(s), signatories, parties, or other PERSONS identified

2    therein, its present location or custodian and a description of its contents.

3          (e)    with reference to the payment of money or other item of

4    value, or any promise, agreement, proposal or offer to pay money or any item of value,

5    means to state the amount of the payment or the value of the item, the IDENTITY of

6    the payor, the IDENTITY of the payee, the IDENTITY of the PERSON on whose

7    behalf it is being made, the IDENTITY of the PERSON on whose behalf it is being

8    received, the date(s) on which such payment or item of value was paid, promised,

9    agreed to be paid, proposed or offered, the nature of the method of payment (e.g., cash,

10    check) and any identifying information accompanying such payment (e.g., check

11    number), and the IDENTITY of each bank or financial institution involved therein.

12       31.    "Any" as used in these interrogatories includes the word "all," and

13    the word "all" as used in these interrogatories includes the word "any."

14       32.    The singular form of a noun or pronoun includes within its meaning

15    the plural form of the noun or pronoun so used, and vice versa; the use of the masculine

16    form of a pronoun also includes within its meaning the feminine form of the pronoun so

17    used, and vice versa; the use of any tense of any verb includes also within its meaning

18    all other tenses of the verb so used, whenever such construction results in a broader

19    request for information; and "and" includes "or" and vice versa, whenever such

20    construction results in a broader disclosure of documents or information.

21

22                            **Instructions**

23       A.    When    an    interrogatory    requests    disclosure    of    a

24    COMMUNICATION or other information as to which YOU claim any privilege or

25    protection as a ground for nondisclosure, identify each PERSON who participated in or

26    had knowledge of the COMMUNICATION or other information and provide the

27    following:

28          (i)    the privilege or protection that YOU claim precludes disclosure;

1      (ii)    the subject matter of the COMMUNICATION or information

2            (without revealing the content as to which the privilege is claimed);

3            and

4      (iii)   any additional facts or grounds on which YOU base YOUR claim

5            of privilege or protection.

6      B.    When an interrogatory requests that YOU provide information,

7 YOU are required to supply all information known by or available to YOU or YOUR

8 employees, officers, directors, agents, representatives, attorneys and experts. If YOU

9 cannot completely answer the interrogatory after making diligent efforts to do so,

10 please so state. Then describe in detail all efforts made to answer the interrogatory;

11 identify every PERSON involved in such efforts; and state the additional information

12 YOU need, if any, to respond completely to the interrogatory.

13

14 **Interrogatories**

15

16 INTERROGATORY NO. 51:

17      For each concept, design, product, product packaging or other matter that

18 YOU contend MATTEL has copied, infringed or diluted, including but not limited to

19 those identified in MGA's Responses to Mattel, Inc.'s First Set of Interrogatories Re

20 Claims of Unfair Competition, Response to Interrogatory No. 2 (and any Supplemental

21 Responses to such Interrogatory), describe, fully and separately, each and every

22 concept, design, product, product packaging or other matter of or by MATTEL that

23 YOU contend is a copy of, infringes or dilutes YOUR alleged concept(s), design(s),

24 product(s), product packaging or other matter. Your answer should describe the Mattel

25 concept, design, product, product packaging or other matter with specificity and in

26 detail (including without limitation by product name, product number, SKU, or bar

27 code number), and specify those elements or attributes of YOUR claimed concept,

28

-12-

EXHIBIT 14
PAGE 152

1 | design, product, product packaging or other matter that YOU contend were copied,
2 | infringed or diluted by MATTEL.

3

4 | INTERROGATORY NO. 52:

5 |       For each trade dress that YOU contend MATTEL copied, infringed or
6 | diluted, separately IDENTIFY each product sold by YOU or YOUR licensees that
7 | incorporates such trade dress and, for each such product, separately state (a) the number
8 | of units, by year, of each such product sold by YOU or YOUR licensees; (b) revenue
9 | received by YOU from such SALES of each such product; (c) all costs YOU have
10 | incurred in connection with each product, including but not limited to YOUR cost of
11 | good sold, and (d) YOUR gross and net profits from each such product.

12

13 | INTERROGATORY NO. 53:

14 |       For each MATTEL concept, design, product, product packaging or other
15 | matter that YOU contend is likely to cause confusion, to cause mistake, or to deceive as
16 | to affiliation, connection, or association, or as to origin, sponsorship, or approval,
17 | separately state all facts that support YOUR contention of such, including but not
18 | limited to all facts that support YOUR contention, if YOU so contend, that any of the
19 | SLEEKCRAFT FACTORS weighs against MATTEL, and IDENTIFY all PERSONS
20 | with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO
21 | such facts.

22

23 | INTERROGATORY NO. 54:

24 |       For each concept, design, product, product packaging or other matter that
25 | YOU contend MATTEL copied, infringed or diluted, state all facts that support
26 | contention, if YOU so contend, that such copying or infringement was intentional or
27 | willful, and IDENTIFY all PERSONS with knowledge of such facts and all
28 | DOCUMENTS that REFER OR RELATE TO such facts.

EXHIBIT 14
PAGE 153

**INTERROGATORY NO. 55:**

State all facts which support the allegation in Paragraph 120 of YOUR COMPLAINT that MATTEL has "caused and continues to cause blurring and dilution of the distinctive look of MGA's products and trade dress," and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**INTERROGATORY NO. 56:**

IDENTIFY all MATTEL DOCUMENTS that MGA has obtained, received, reviewed, copied, reproduced, transmitted, requested or used at any time since January 1, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such MATTEL DOCUMENTS.

**INTERROGATORY NO. 57:**

IDENTIFY all DOCUMENTS that REFER OR RELATE TO any MATTEL product or plan that any of the FORMER MATTEL EMPLOYEES provided, transmitted or disclosed to, shared with or used on behalf of MGA at any time since January 1, 1999, and IDENTIFY all PERSONS with knowledge of such facts.

**INTERROGATORY NO. 58:**

State all facts which support YOUR contention, if YOU so contend, that YOU and/or MGA did not obtain any MATTEL DOCUMENTS through improper means, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

07209/2239311.2

-14-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

EXHIBIT 14
PAGE 154

1  <u>INTERROGATORY NO. 59</u>:

2           State all facts which support YOUR contention, if YOU so contend, that
3  any information in the MATTEL DOCUMENTS does not and/or did not derive
4  independent economic value from not being generally known to the public or other
5  PERSONS who can obtain economic value from its disclosure or use, and IDENTIFY
6  all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR
7  RELATE TO such facts.

8

9  <u>INTERROGATORY NO. 60</u>:

10          State all facts which support YOUR contention, if YOU so contend, that
11  any information in the MATTEL DOCUMENTS was known to the public or to
12  PERSONS who can obtain economic value from its disclosure or use, and IDENTIFY
13  all PERSONS with knowledge of the foregoing and all DOCUMENTS that REFER OR
14  RELATE TO the foregoing.

15

16  <u>INTERROGATORY NO. 61</u>:

17          State all facts which support YOUR contention, if YOU so contend, that
18  YOU and/or MGA independently developed, or did not otherwise use or disclose, any
19  information in the MATTEL DOCUMENTS, and IDENTIFY all PERSONS with
20  knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such
21  facts.

22

23  <u>INTERROGATORY NO. 62</u>:

24          State all facts which support YOUR contention that YOUR use or
25  disclosure of information in the MATTEL DOCUMENTS neither benefited YOU nor
26  MGA nor harmed MATTEL, and IDENTIFY all PERSONS with knowledge of such
27  facts and all DOCUMENTS that REFER OR RELATE TO such facts.

28

07209/2239571.2

-15-

EXHIBIT 14
PAGE 155

1  INTERROGATORY NO. 63:

2          State all facts which support YOUR contention, if YOU so contend, that

3  YOU and/or MGA had, has or have any right to copy, possess, use or disclose any

4  MATTEL DOCUMENT, and IDENTIFY all PERSONS with knowledge of such facts

5  and all DOCUMENTS that REFER OR RELATE TO such facts.

6

7  INTERROGATORY NO. 64:

8          To the extent YOU have not previously disclosed such information in a

9  prior interrogatory response YOU provided to Mattel, state all facts which support

10  YOUR claims against Mattel in THIS ACTION, and IDENTIFY all PERSONS with

11  knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

12  facts.

13

14  INTERROGATORY NO. 65:

15          Describe in detail each and every action YOU have taken, or directed be

16  taken, to locate, maintain or preserve evidence which is, might be or could be relevant

17  or potentially relevant to THIS ACTION.

18

19  INTERROGATORY NO. 66:

20          IDENTIFY each and every SOURCE OF INFORMATION from which

21  YOU have COLLECTED DOCUMENTS for responsiveness and potential production

22  in THIS ACTION.

23

24  INTERROGATORY NO. 67:

25          IDENTIFY fully and separately each and every payment of money or

26  other item of value that YOU have made or given, or any promise, agreement, proposal

27  or offer by YOU to pay money or give any item of value, to or on behalf of any

28  PERSON identified in any of the parties' initial disclosures in this ACTION at any time

07209/2239571.2                    -16-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

EXHIBIT 14
PAGE 156

1  when such PERSON was not an employee of MGA, including without limitation with
2  respect to legal fees incurred by or on behalf of such PERSON.

3

4  INTERROGATORY NO. 68:

5          To the extent not disclosed in response to prior Interrogatories, IDENTIFY
6  fully and separately each and every payment of money or other item of value that MGA
7  has made, or any promise, agreement, proposal or offer by MGA to pay money or give
8  any item of value, to or on behalf of any of the FORMER MATTEL EMPLOYEES,
9  including without limitation with respect to legal fees incurred by or on behalf of any of
10 the FORMER MATTEL EMPLOYEES.

11

12 INTERROGATORY NO. 69:

13         To the extent not disclosed in response to prior Interrogatories, IDENTIFY fully
14 and separately each and every payment of money or other item of value that YOU have
15 made, or any promise, agreement, proposal or offer by YOU to pay money or give any
16 item of value, since January 1, 1998 to or on behalf of any PERSON who has been
17 employed by MATTEL (excluding ordinary salary and benefits paid to such PERSON
18 while an MGA employee), including without limitation with respect to legal fees
19 incurred by or on behalf of such PERSON and bonuses paid to such PERSON.

20

21

22 DATED: January 7, 2008        QUINN EMANUEL URQUHART OLIVER &
23                               HEDGES, LLP

24                              By_____
25                                 Michael T. Zeller
                                   Attorneys for Mattel, Inc.
26

27

28

07209/2239571.2

-17-

EXHIBIT 14
PAGE 157

1                              **PROOF OF SERVICE**

2         I am employed in the County of Los Angeles, State of California. I am over

3 the age of eighteen years and not a party to the within action; my business address is

4 NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles,

5 California 90026.

6         On January 9, 2008, I served true copies of the following documents

7 described as:

8         **MATTEL, INC.'S SUPPLEMENTAL INTERROGATORIES**

9 on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>  Thomas J. Nolan, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br>Telephone: 213.687.5000<br>Facsimile: 213.687.5600 | **Attorneys for *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian and MGAE de Mexico, S.R.L. de C.V.*** |
| Overland Borenstein Scheper & Kim, LLP<br>  Mark E. Overland, Esq.<br>  David C. Scheper, Esq.<br>  Alexander H. Cote, Esq.<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071<br>Telephone: 213.613.4655<br>Facsimile: 213.613.4656 | **Attorneys for *Carlos Gustavo Machado Gomez*** |
| Keker & Van Nest, LLP<br>  John W. Keker, Esq.<br>  Michael H. Page, Esq.<br>  Christa M. Anderson, Esq.<br>710 Sansome Street<br>San Francisco, CA 94111<br>Telephone: 415.391.5400<br>Facsimile: 415.397.7188 | **Attorneys for *Carter Bryant*** |

24     [√]   **[PERSONAL]** by personally delivering the document listed above to

25 the person(s) at the address(es) set forth above.

26

27

28

07209/2347614.1

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

EXHIBIT 14
PAGE 158

1       I declare that I am employed in the office of a member of the bar of this court

2   at whose direction the service was made

3       Executed on January 9, 2008, at Los Angeles, California.

4

5

6   David Quintana

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2347614.1

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

EXHIBIT 14
PAGE 159

CALENDARED

APR 1 6 2009

1   PATRICIA L. GLASER (Bar No. 055668)
    pglaser@glaserweil.com
2   GLASER WEIL FINK JACOBS & SHAPIRO
    10250 Constellation Blvd., 19th Floor
3   Los Angeles, California  90067
    Telephone:  (310) 553-3000
4   Facsimile:  (310) 557-9815

5   RUSSELL J. FRACKMAN (Bar No. 49087)
    rjf@msk.com
6   PATRICIA H. BENSON (Bar No. 60565)
    phb@msk.com
7   JEAN P. NOGUES (Bar No. 84445)
    jpn@msk.com
8   MITCHELL SILBERBERG & KNUPP LLP
    11377 West Olympic Boulevard
9   Los Angeles, California 90064-1683
    Telephone: (310) 312-2000
10  Facsimile: (310) 312-3100

11  Attorneys for Plaintiffs
    MGA Entertainment, Inc., MGA Entertainment HK,
12  Ltd., MGAE De Mexico S.R.L. De C.V and Isaac
    Larian

13

14                    UNITED STATES DISTRICT COURT

15                   CENTRAL DISTRICT OF CALIFORNIA

16                          EASTERN DIVISION

17

18  CARTER BRYANT, an individual,,        CASE NO.   CV 04-9049 SGL (RNBx)

19          Plaintiff,                    Consolidated with
                                          Case No.  CV 04-09059
            v.                            Case No.  CV 05-02727
20
    MATTEL, INC., a Delaware corporation,,  PROOF OF SERVICE
21
            Defendant.
22

23  AND CONSOLIDATED CASES

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

                         PROOF OF SERVICE                    EXHIBIT 14
                                                             PAGE 160

1

## PROOF OF SERVICE

2 STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3      I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Mitchell
4 Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, California 90064-1683.

5 On April 14, 2009, I served a copy of the foregoing document(s) described as

6

7 **1.    MGA ENTERTAINMENT, INC.'S SECOND SET OF PHASE 2 REQUESTS**

8      **FOR PRODUCTION OF DOCUMENTS AND OTHER TANGIBLE THINGS**

9      **TO MATTEL**

10 **2.    MGA ENTERTAINMENT, INC.'S FIRST SET OF PHASE 2 REQUESTS**

11      **FOR ADMISSION TO MATTEL**

12 **3.    MGA ENTERTAINMENT, INC.'S FIRST SET OF PHASE 2**

13      **INTERROGATORIES TO MATTEL**

14 on the interested parties in this action at their last known address as set forth below by taking the action described below:

15      **SEE ATTACHED SERVICE LIST**

16

17 ☒ **BY PLACING FOR COLLECTION AND MAILING:**  I placed the above-
18 mentioned document(s) in sealed envelope(s) addressed as set forth above, and placed the envelope(s) for collection and mailing following ordinary business
19 practices.  I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.
20 Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 11377 West Olympic Boulevard,
21 Los Angeles, California 90064-1683 in the ordinary course of business.I declare under penalty of perjury under the laws of the State of California that the above is
22 true and correct.

23      Executed on April 14, 2009, at Los Angeles, California.

24

25                                                            _____
                                                                     Anita Abd
26

27

28

Mitchell
Silberberg &
Knupp LLP

197139.1

1

EXHIBIT 14
PAGE 161

## SERVICE LIST

1

2  John Quinn, Esq.                                Thomas J. Nolan, Esq.
3  Jon D. Corey, Esq.                              Raoul D. Kennedy, Esq.
   Michael T. Zeller, Esq.                         Jason D. Russell, Esq.
4  Quinn Emanuel Urquhart Oliver &                 Skadden, Arps, Slate, Meagher &
5  Hedges, LLP                                     Flom LLP
   865 Figueroa Street                             300 South Grand Avenue
6  10th Floor                                      Suite 3400
7  Los Angeles, CA 90017-2543                      Los Angeles, CA 90071-3144
   *[VIA U.S. MAIL]*                               *[VIA U.S. MAIL]*
8

9  Mark E. Overland, Esq.                          Patricia L. Glaser, Esq.
   Overland Borenstein Scheper & Kim               Joel N. Klevens, Esq.
10 LLP                                             Glaser, Weil, Fink, Jacobs &
11 One Bunker Hill                                 Shapiro, LLP
   601 W. 5th Street                               10250 Constellation Boulevard
12 12th Floor                                      19th Floor
13 Los Angeles, CA  90071                          Los Angeles, CA 90067
   *[VIA U.S. MAIL]*                               *[VIA EMAIL ONLY]*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP
197139.1

2

EXHIBIT 14
PAGE 162

EXHIBIT 15

CALENDAR

RECEIVED

APR 1 5 2009

1   PATRICIA L. GLASER (Bar No. 055668)
    pglaser@glaserweil.com
2   GLASER WEIL FINK JACOBS & SHAPIRO
    10250 Constellation Blvd., 19th Floor
3   Los Angeles, California 90067
    Telephone: (310) 553-3000
4   Facsimile: (310) 557-9815

5   RUSSELL J. FRACKMAN (Bar No. 49087)
    rjf@msk.com
6   PATRICIA H. BENSON (Bar No. 60565)
    phb@msk.com
7   JEAN P. NOGUES (Bar No. 84445)
    jpn@msk.com
8   MITCHELL SILBERBERG & KNUPP LLP
    11377 West Olympic Boulevard
9   Los Angeles, California 90064-1683
    Telephone: (310) 312-2000
10  Facsimile: (310) 312-3100

11  Attorneys for Plaintiffs
    MGA Entertainment, Inc., MGA Entertainment HK,
12  Ltd., MGAE De Mexico S.R.L. De C.V and Isaac
    Larian

13

14

15                  UNITED STATES DISTRICT COURT

16                 CENTRAL DISTRICT OF CALIFORNIA

17                        EASTERN DIVISION

18  CARTER BRYANT, an individual,,          CASE NO.   CV 04-9049 SGL (RNBx)

19             Plaintiff,                    Consolidated with
                                             Case No.  CV 04-09059
20        v.                                 Case No.  CV 05-02727

21  MATTEL, INC., a Delaware corporation,,  MGA ENTERTAINMENT, INC.'S
                                             SECOND SET OF PHASE 2
22             Defendant.                    REQUESTS FOR PRODUCTION OF
                                             DOCUMENTS AND OTHER
23  AND CONSOLIDATED CASES                   TANGIBLE THINGS TO MATTEL,
                                             INC.

24

25

26  PROPOUNDING PARTY:  MGA Entertainment, Inc.

27  RESPONDING PARTY:   Mattel, Inc.

28  SET NO.             Two (Phase Two) [Nos. 69-111]

Mitchell
Silberberg &
Knupp LLP
2190837.3

                              4-14
        MGA'S FIRST SET OF REQUESTS FOR PRODUCTION (PHASE 2)

EXHIBIT   15
PAGE  163

1    Pursuant to Federal Rule of Civil Procedure 34 and Local Rule 34-1, *et seq.*,

2    plaintiff MGA Entertainment, Inc. hereby requests that defendant Mattel, Inc. produce,

3    within 30 days of service hereof, the following documents for inspection and copying at

4    the offices of Mitchell, Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los

5    Angeles, California 90064-1683.  Mattel, Inc. shall be obligated to supplement its

6    responses to the Document Requests and its production of documents at such times and to

7    the extent required by the Federal Rules of Civil Procedure.

8

9                    **DEFINITIONS AND INSTRUCTIONS**

10

11           1.    "AFFILIATES" means any and all corporations, proprietorships,

12   d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

13   indirectly, in whole or in part, own or control, are under common ownership or control with,

14   or are owned or controlled by a PERSON, party or entity, including without limitation

15   each parent, subsidiary and joint venture of such PERSON, party or entity.

16           2.    "ANY" as used in these interrogatories includes the word "all," and

17   the word "ALL" as used in these interrogatories includes the word "any."

18           3.    "COMMUNICATION" means any correspondence, contact, gesture,

19   discussion, or electronic connection or exchange between any two or more persons,

20   including, but not limited to, documents, e-mails, telephone conversations, voice mails,

21   other electronic communications, face-to-face conversations, meetings and conferences.

22           4.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

23   "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

24   Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to,

25   all writings and records of every type and description including, but not limited to,

26   contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail

27   ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any

28   kind, statements, reports, minutes, recordings, transcripts and summaries of meetings,

Mitchell
Silberberg &
Knupp LLP
2190837.3

EXHIBIT 15
PAGE 164

1  voice recordings, pictures, photographs, drawings, electronically stored information,

2  computer cards, tapes, discs, printouts and records of all types, studies, instruction

3  manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks

4  and every other device or medium by which or through which information of any type is

5  transmitted, recorded or preserved. Without any limitation on the foregoing, the term

6  "DOCUMENT" shall include all copies that differ in any respect from the original or

7  other versions of the DOCUMENT, including, but not limited to, all drafts and all copies

8  of such drafts or originals containing initials, comments, notations, insertions,

9  corrections, marginal notes, amendments or any other variation of any kind.

10       5.      "MATTEL DOCUMENTS" means the DOCUMENTS identified by

11  Bates Number in Definition No. 25, at 7:3-9:9, of MATTEL'S Supplemental

12  Interrogatories served on MGA on or about January 9, 2008, a copy of which is attached

13  hereto as Exhibit 1 and incorporated herein by reference, and ANY other DOCUMENT

14  MATTEL alleges that MGA stole, wrongfully obtained or took, or otherwise obtained by

15  IMPROPER MEANS from MATTEL, regardless of whether MATTEL contends ANY

16  such DOCUMENT constitutes or contains a TRADE SECRET.

17       6.      "IMPROPER MEANS" shall have the definition given such term in

18  California Civil Code §3426.1(a), as follow: "'Improper means' includes theft, bribery,

19  misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or

20  espionage through electronic or other means.  Reverse engineering or independent

21  derivation alone shall not be considered improper means."

22       7.      "INTERROGATORY" means the specific interrogatory request

23  identified from those interrogatories being served concurrently with these Requests for

24  Production, and entitled *MGA Entertainment, Inc.'s First Set of Phase 2 Interrogatory*

25  *Requests, Nos. 1-14.*

26       8.      "MATTEL," "YOU," or "YOUR" means defendant Mattel, Inc. and

27  ANY of its past or present officers, directors, employees, parents, subsidiaries, divisions,

28  AFFILIATES, predecessors-in-interest, successors-in-interest, and joint venture partners.

Mitchell
Silberberg &
Knupp LLP
2190837.3

3

MGA'S FIRST SET OF REQUESTS FOR PRODUCTION (PHASE 2)

EXHIBIT 15
PAGE 165

9.    "MATTEL HARMED PRODUCTS" means those products identified by YOU in response to INTERROGATORY No. 7 and INTERROGATORY No. 8, served concurrently herewith.

10.   "MATTEL PRODUCTS" means any toys, dolls, games, or other products sold, marketed, or distributed by MATTEL from January 1, 1996 to the present.

11.   "MGA" means plaintiff MGA Entertainment, Inc. and ANY of its past or present officers, directors, employees, parents, subsidiaries, divisions, AFFIILIATES, predecessors-in-interest, successors-in-interest, and joint venture partners.  Without limiting the foregoing, "MGA" includes MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian.

12.   "MISAPPROPRIATION" or "MISAPPROPRIATED" shall have the definition given the term "Misappropriation" in California Civil Code §3426.1(b), as follows: "'Misappropriation' means:

(1)    Acquisition of a TRADE SECRET of another by a person who knows or has reason to know that the TRADE SECRET was acquired by IMPROPER MEANS; or

(2)    Disclosure or use of a TRADE SECRET of another without express or implied consent by a person who:

(A)    Used IMPROPER MEANS to acquire knowledge of the TRADE SECRET; or

(B)    At the time of disclosure or use, knew or had reason to know that his or her knowledge of the TRADE SECRET was:

(i)    Derived from or through a person who had utilized IMPROPER MEANS to acquire it;

(ii)    Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or

(iii)    Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or

Mitchell
Silberberg &
Knupp LLP

2190837.3

4

MGA'S FIRST SET OF REQUESTS FOR PRODUCTION (PHASE 2)

EXHIBIT  15
PAGE  166

1          (C)     Before a material change of his or her position, knew

2    or had reason to know that it was a TRADE SECRET and that knowledge of it had been

3    acquired by accident or mistake."

4          13.     "PERSON" or "PERSONS" means all natural persons, partnerships,

5    corporations, joint ventures and any kind of business, legal or public entity or

6    organization, as well as its, his or her agents, representatives, employees, officers and

7    directors and any one else acting on its, his or her behalf, pursuant to its, his or her

8    authority or subject to its, his or her control.

9          14.     "REFER OR RELATE TO" a given subject matter means relate to,

10   refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify, state,

11   deal with, comment on, respond to, describe, analyze, support, refute, contradict, or in

12   any way pertain to that subject matter, either directly or indirectly.

13         15.     "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-

14   9059 SGL (RNBx), filed by MATTEL on April 27, 2004, and the cases consolidated

15   therewith.

16         16.     "TRADE SECRET" or "TRADE SECRETS" shall have the

17   definition given such term in California Civil Code Section 3426.1(d), as follows:

18   "'Trade Secret' means information, including a formula, pattern, compilation, program,

19   device, method, technique, or process, that:

20             (1)     Derives independent economic value, actual or potential,

21   from not being generally known to the public or to other persons who can obtain

22   economic value from its disclosure or use; and

23             (2)     Is the subject of efforts that are reasonable under the

24   circumstances to maintain its secrecy."

25         17.     "2007 TOY RECALL" refers to any recall of any and all MATTEL

26   PRODUCTS because of the alleged presence of lead paint.

27         18.     The singular form of a noun or pronoun includes within its meaning

28   the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form

EXHIBIT 15
PAGE 167

1  of a pronoun also includes within its meaning the feminine form of the pronoun so used,

2  and vice versa; the use of any tense of any verb includes also within its meaning all other

3  tenses of the verb so used, whenever such construction results in a broader request for

4  admission; and "and" includes "or" and vice versa, whenever such construction results in

5  a broader request for admission.

6      19.   "OPERATIVE COUNTERCLAIMS" means the pleading entitled

7  *Mattel's Second Amended Answer in Case No. 05-2727 and Counterclaims For (1)*

8  *Copyright Infringement; (2) Violation of The Racketeer Influenced and Corrupt*

9  *Organizations Act; (3) Conspiracy to Violate The Racketeer Influenced and Corrupt*

10  *Organizations Act; (4) Misappropriation of Trade Secrets; (5) Breach of Contract; (6)*

11  *Intentional Interference With Contract; (7) Breach of Fiduciary Duty; (8) Aiding and*

12  *Abetting Breach of Fiduciary Duty; (9) Breach of Duty of Loyalty; (10) Aiding and*

13  *Abetting Breach of Duty of Loyalty; (11) Conversion; (12) Unfair Competition; and (13)*

14  *Declaratory Relief,* unless that pleading has been superseded as of the time YOU respond

15  to these Interrogatories, in which event OPERATIVE COUNTERCLAIMS shall mean

16  the pleading that has superseded the Second Amended Answer and Counterclaims.

17      20.   Each document produced in response to the following requests

18  should be referenced by the number of the specific request to which it is responsive.

19      21.   If, in answering these requests, the responding party seeks to rely

20  upon any privilege, the work product doctrine, or any claim of confidentiality or privacy,

21  in refusing to produce any requested documents, then the responding party must identify

22  such documents and set forth the specific grounds upon which it refuses to produce such

23  documents. For each such document withheld, the responding party shall provide the

24  following:  (i) the date of the document; (ii) the author of the document; (iii) the title or

25  general description of the content of the document; (iv) each person who transmitted or

26  received the document or any copy thereof; and (v) all facts upon which respondent relies

27  in asserting the privilege or confidentiality objection.

28      22.   These requests are in no way intended to be duplicative, harassing,

Mitchell
Silberberg &
Knupp LLP
2190837.3

MGA'S FIRST SET OF REQUESTS FOR PRODUCTION (PHASE 2)

EXHIBIT 15
PAGE 168

1   or unduly burdensome, and YOU are expressly not requested to re-produce any of the

2   documents YOU have already produced in this action.

3

4   ## REQUESTS FOR PRODUCTION

5

6   **REQUEST FOR PRODUCTION NO. 69**

7   All DOCUMENTS identified, described or referenced in YOUR response to

8   INTERROGATORY NO. 1 or containing information that YOU used or to which YOU

9   referred in formulating the response.

10  **REQUEST FOR PRODUCTION NO. 70**

11  All DOCUMENTS identified, described or referenced in YOUR response to

12  INTERROGATORY NO. 2 or containing information that YOU used or to which YOU

13  referred in formulating the response.

14  **REQUEST FOR PRODUCTION NO. 71**

15  All DOCUMENTS identified, described or referenced in YOUR response to

16  INTERROGATORY NO. 3 or containing information that YOU used or to which YOU

17  referred in formulating the response.

18  **REQUEST FOR PRODUCTION NO. 72**

19  All DOCUMENTS identified, described or referenced in YOUR response to

20  INTERROGATORY NO. 4 or containing information that YOU used or to which YOU

21  referred in formulating the response.

22  **REQUEST FOR PRODUCTION NO. 73**

23  For each MATTEL HARMED PRODUCT sold by YOU or YOUR licensees

24  anywhere in the world, produce DOCUMENTS sufficient to show, for each year from

25  January 1, 1998 to the present: (a) the number of units of such MATTEL HARMED

26  PRODUCT sold; (b) revenue received by YOU from such sales of each such product; (c)

27  all costs YOU incurred in connection with each such product, including but not limited to

28  YOUR cost of goods sold; and (d) YOUR gross and net profits from each such product.

EXHIBIT 15
PAGE 169

1    **REQUEST FOR PRODUCTION NO. 74**

2       For each MATTEL HARMED PRODUCT sold by YOU or YOUR licensees in

3 the United States, produce DOCUMENTS sufficient to show, for each year from January

4 1, 1998 to the present, and with respect to sales in or from the United States, only: (a) the

5 number of units of such MATTEL HARMED PRODUCT sold; (b) revenue received by

6 YOU from such sales of each such product, (c) all costs YOU incurred in connection with

7 each such product, including but not limited to YOUR cost of goods sold; and (d) YOUR

8 gross and net profits from each such product sold in the United States.

9    **REQUEST FOR PRODUCTION NO. 75**

10       For each MATTEL HARMED PRODUCT sold by YOU or YOUR licensees in

11 Canada, produce DOCUMENTS sufficient to show, for each year from January 1, 1998

12 to the present, and with respect to sales in or from Canada, only: (a) the number of units

13 of each such MATTEL HARMED PRODUCT sold; (b) revenue received by YOU from

14 such sales of each such product; (c) all costs YOU have incurred in connection with each

15 such product, including but not limited to YOUR cost of goods sold; and (d) YOUR gross

16 and net profits from each such product.

17    **REQUEST FOR PRODUCTION NO. 76**

18       For each MATTEL HARMED PRODUCT sold by YOU or YOUR licensees in

19 Mexico, produce DOCUMENTS sufficient to show, for each year from January 1, 1998

20 to the present, and with respect to sales in or from Mexico, only: (a) the number of units,

21 by year, of each MATTEL HARMED PRODUCT sold; (b) revenue received by YOU

22 from such sales of each such product; (c) all costs YOU have incurred in connection with

23 each such product, including but not limited to YOUR cost of goods sold; and (d) YOUR

24 gross and net profits from each such product.

25    **REQUEST FOR PRODUCTION NO. 77**

26       All DOCUMENTS that REFER OR RELATE to ANY potential, perceived,

27 anticipated, or actual effect that the 2007 TOY RECALL had on the sales of MATTEL

28 PRODUCTS.

8

MGA'S FIRST SET OF REQUESTS FOR PRODUCTION (PHASE 2)

**EXHIBIT** 15

**PAGE** 170

**REQUEST FOR PRODUCTION NO. 78**

ALL non-privileged COMMUNICATIONS between MATTEL and ANY PERSON that REFER OR RELATE to who was at fault for the 2007 TOY RECALL.

**REQUEST FOR PRODUCTION NO. 79**

ALL non-privileged COMMUNICATIONS between MATTEL and ANY PERSON that REFER OR RELATE to ANY lobbying efforts by or on behalf of MATTEL concerning proposed legislation before the U.S. Congress to ban ANY chemicals or other substances found in MATTEL PRODUCTS.

**REQUEST FOR PRODUCTION NO. 80**

ALL DOCUMENTS that REFER OR RELATE to the recall of ANY MATTEL HARMED PRODUCTS from January 1, 2000 to the present.

**REQUEST FOR PRODUCTION NO. 81**

ALL CORRESPONDENCE between MATTEL and the Consumer Product Safety Commission that REFER OR RELATE to the 2007 TOY RECALL.

**REQUEST FOR PRODUCTION NO. 82**

A copy of every complaint filed against MATTEL that REFERS OR RELATES to the recall of ANY MATTEL HARMED PRODUCTS from January 1, 2001 to the present.

**REQUEST FOR PRODUCTION NO. 83**

ALL DOCUMENTS that REFER OR RELATE to ANY studies, reports, analyses, focus groups, polling, or ANY other research concerning whether the 2007 TOY RECALL impacted sales of the MATTEL PRODUCTS.

**REQUEST FOR PRODUCTION NO. 84**

ALL DOCUMENTS that REFER OR RELATE to ANY studies, reports, analyses, focus groups, polling, or ANY other research concerning whether the recall of ANY MATTEL PRODUCT impacted sales of the MATTEL HARMED PRODUCTS.

Mitchell Silberberg & Knupp LLP
2190837.3

9

MGA'S FIRST SET OF REQUESTS FOR PRODUCTION (PHASE 2)

EXHIBIT 15
PAGE 17

1 **REQUEST FOR PRODUCTION NO. 85**

2     ALL DOCUMENTS that REFER OR RELATE to ANY studies, reports, analyses,

3 focus groups, polling, or ANY other research concerning ANY decline in the sales of the

4 MATTEL HARMED PRODUCTS.

5 **REQUEST FOR PRODUCTION NO. 86**

6     All DOCUMENTS that REFER OR RELATE to ANY studies, reports, analyses,

7 focus groups, polling, or ANY other research generated from January 1, 2000 to the

8 present that discuss, refer to or concern the sales or popularity of the Barbie line of dolls

9 and products.

10 **REQUEST FOR PRODUCTION NO. 87**

11     All DOCUMENTS that REFER OR RELATE to ANY studies, reports, analyses,

12 focus groups, polling, or ANY other research generated from January 1, 2000 to the

13 present concerning the sale and popularity of the Bratz line of dolls and products.

14 **REQUEST FOR PRODUCTION NO. 88**

15     All DOCUMENTS that REFER OR RELATE to ANY alleged destruction or

16 spoliation of evidence by or on behalf of MGA, as alleged in YOUR OPERATIVE

17 COUNTERCLAIMS in THIS ACTION.

18 **REQUEST FOR PRODUCTION NO. 89**

19     All DOCUMENTS that REFER OR RELATE to the DOCUMENTS to which

20 Farhad Larian allegedly gave YOU access and which YOU allegedly viewed or inspected

21 before Farhad Larian allegedly destroyed or spoiled the same, including but not limited to

22 ANY lists of such DOCUMENTS to which YOU actually were given access and/or YOU

23 actually viewed or inspected.

24 **REQUEST FOR PRODUCTION NO. 90**

25     ALL DOCUMENTS that REFER OR RELATE to ANY studies, reports, analyses,

26 focus groups, polling, or ANY other research concerning the sale of the MATTEL

27 HARMED PRODUCTS from January 1, 2000 to the present.

Mitchell
Silberberg & 28
Knupp LLP
2190837.3

EXHIBIT 15
PAGE 172

**REQUEST FOR PRODUCTION NO. 91**

ALL DOCUMENTS that REFER OR RELATE to ANY studies, reports, analyses, focus groups, polling, or ANY other research concerning the sale of the Barbie line of dolls and products from January 1, 2000 to the present.

**REQUEST FOR PRODUCTION NO. 92**

ALL DOCUMENTS that REFER OR RELATE to ANY studies, reports, analyses, focus groups, polling, or ANY other research concerning the sale of the Bratz line of dolls and products from January 1, 2001 to the present.

**REQUEST FOR PRODUCTION NO. 93**

ALL DOCUMENTS THAT REFER OR RELATE to ANY studies, reports, analyses, focus groups, polling, or ANY other research concerning future sales of the MATTEL HARMED PRODUCTS. (As used in this Request, "future sales" means sales in or after June, 2009).

**REQUEST FOR PRODUCTION NO. 94**

ALL DOCUMENTS that REFER OR RELATE to ANY studies, reports, analyses, focus groups, polling, or ANY other research concerning future sales of the Barbie line of dolls and products. (As used in this Request, "future sales" means sales in or after June, 2009).

**REQUEST FOR PRODUCTION NO. 95**

ALL DOCUMENTS that REFER OR RELATE to ANY studies, reports, analyses, focus groups, polling, or ANY other research concerning future sales of the Bratz line of dolls and products. (As used in this Request, "future sales" means sales in or after June, 2009).

**REQUEST FOR PRODUCTION NO. 96**

All DOCUMENTS identified, described, or referenced in YOUR response to INTERROGATORY NO. 11 or containing information that YOU used or to which YOU referred in formulating the response.

EXHIBIT 15
PAGE 173

**REQUEST FOR PRODUCTION NO. 97**

All DOCUMENTS that REFER OR RELATE to ANY plans or intent by YOU to market, produce, or sell all or ANY part of the Bratz line of dolls and products, or ANY products based upon the Bratz line of dolls and products.

**REQUEST FOR PRODUCTION NO. 98**

All DOCUMENTS identified, described, or referenced in YOUR response to INTERROGATORY NO. 12 or containing information that YOU used or to which YOU referred in formulating the response, that YOU have not already produced in this ACTION.

**REQUEST FOR PRODUCTION NO. 99**

ALL DOCUMENTS that constitute or REFER OR RELATE to any analysis of Janine Brisbois' "thumb" drive referred to in YOUR OPERATIVE COUNTERCLAIMS, including but not limited to any analysis by or on behalf of KPMG.

**REQUEST FOR PRODUCTION NO. 100**

YOUR entire personnel file (except health care specific information, social security numbers, tax identification numbers, dates of birth, bank account numbers, and checking account numbers) for Carlos Gustavo Machado Gomez ("Machado"), including but not limited to ANY employment agreements between YOU and Machado, all confidentiality or non-disclosure agreements signed by Machado, and ANY other DOCUMENTS signed by Machado that concern the use, confidentiality, and disclosure of MATTEL's TRADE SECRETS.

**REQUEST FOR PRODUCTION NO. 101**

YOUR entire personnel file (except health care specific information, social security numbers, tax identification numbers, dates of birth, bank account numbers, and checking account numbers) for Mariana Trueba Almada ("Trueba"), including but not limited to ANY employment agreements between YOU and Trueba, ANY confidentiality or non-disclosure agreements signed by Trueba, and ANY other DOCUMENTS signed

Mitchell
Silberberg &
Knupp LLP
2190837.3

12

MGA'S FIRST SET OF REQUESTS FOR PRODUCTION (PHASE 2)

EXHIBIT 15
PAGE 174

1    by Trueba that concern the use, confidentiality, and disclosure of MATTEL's TRADE

2    SECRETS.

3    **REQUEST FOR PRODUCTION NO. 102**

4        YOUR entire personnel file (except health care specific information, social

5    security numbers, tax identification numbers, dates of birth, bank account numbers, and

6    checking account numbers) for Pablo Vargas San Jose ("Vargas"), including but not

7    limited to ANY employment agreements between YOU and Vargas, ANY confidentiality

8    or non-disclosure agreements signed by Vargas, and ANY other DOCUMENTS signed

9    by Vargas that concern the use, confidentiality, and disclosure of MATTEL's TRADE

10    SECRETS.

11    **REQUEST FOR PRODUCTION NO. 103**

12        YOUR entire personnel file (except health care specific information, social

13    security numbers, tax identification numbers, dates of birth, bank account numbers, and

14    checking account numbers) for Ron Brawer ("Brawer"), including but not limited to

15    ANY employment agreements between YOU and Brawer, ANY confidentiality or non-

16    disclosure agreements signed by Brawer, and ANY other DOCUMENTS signed by

17    Brawer that concern the use, confidentiality, and disclosure of MATTEL's TRADE

18    SECRETS.

19    **REQUEST FOR PRODUCTION NO. 104**

20        YOUR entire personnel file (except health care specific information, social

21    security numbers, tax identification numbers, dates of birth, bank account numbers, and

22    checking account numbers) for Janine Brisbois ("Brisbois"), including but not limited to

23    ANY employment agreements between YOU and Brisbois, ANY confidentiality or non-

24    disclosure agreements signed by Brisbois, and ANY other DOCUMENTS signed by

25    Brisbois that concern the use, confidentiality, and disclosure of MATTEL's TRADE

26    SECRETS.

27

28

Mitchell
Silberberg &
Knupp LLP
2190837.3

EXHIBIT 15
PAGE 175


1    **REQUEST FOR PRODUCTION NO. 105**

2        YOUR entire personnel files (except health care specific information, social

3    security numbers, tax identification numbers, dates of birth, bank account numbers, and

4    checking account numbers) for ANY past or present employees or contractors hired since

5    January 1, 1998, who were working for MGA when YOU hired them or worked for

6    MGA preceding being hired by YOU.

7    **REQUEST FOR PRODUCTION NO. 106**

8        YOUR entire personnel files (except health care specific information, social

9    security numbers, tax identification numbers, dates of birth, bank account numbers, and

10   checking account numbers) for ANY past or present employees or contractors hired since

11   January 1, 1998, who were working for ANY PERSON who is or was regularly engaged

12   in the business, in whole or in part, of designing, manufacturing, producing, or selling

13   dolls when YOU hired them or worked for such a PERSON preceding being hired by

14   YOU.

15   **REQUEST FOR PRODUCTION NO. 107**

16       All DOCUMENTS identified, described, or referenced in YOUR response to

17   INTERROGATORY NO. 13 or containing information that YOU used or to which YOU

18   referred in formulating the response and that YOU have not already produced in this

19   ACTION.

20   **REQUEST FOR PRODUCTION NO. 108**

21       All DOCUMENTS identified, described, or referenced in YOUR response to

22   INTERROGATORY NO. 14 served by MGA or containing information that YOU used

23   or to which YOU referred in formulating the response and that YOU have not already

24   produced in this ACTION.

25   **REQUEST FOR PRODUCTION NO. 109**

26       DOCUMENTS sufficient to identify the make and model of YOUR hardware

27   based backup system referred to in the letter sent by Jon Corey to the Skadden firm on

28   January 9, 2009.

Mitchell
Silberberg &
Knupp LLP
2190837.3

MGA'S FIRST SET OF REQUESTS FOR PRODUCTION (PHASE 2)

EXHIBIT 15
PAGE 176

1   **REQUEST FOR PRODUCTION NO. 110**

2   DOCUMENTS sufficient to describe ANY modifications of YOUR e-mail

3   preservation system caused by the implementation of the hardware based backup system

4   referred to in the letter sent by Jon Corey to the Skadden firm on January 9, 2009.

5   **REQUEST FOR PRODUCTION NO. 111**

6   All DOCUMENTS that refer or relate to ANY contacts allegedly made by Ron

7   Brawer after his resignation from MATTEL to past or present MATTEL employees, as

8   alleged in paragraph 60 of YOUR OPERATIVE COUNTERCLAIMS.

9

10   DATED: April 14, 2009            RUSSELL J. FRACKMAN
                                      PATRICIA H. BENSON
11                                    JEAN PIERRE NOGUES
                                      RICHARD B. SHELDON
12                                    MITCHELL SILBERBERG & KNUPP LLP

13

14                                    By: _____

15                                        Richard B. Sheldon

16                                    Attorneys for Plaintiffs
                                      MGA Entertainment, Inc., MGA
17                                    Entertainment HK, Ltd., MGAE De Mexico
                                      S.R.L. De C.V, and Isaac Larian

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

2190837.3

MGA'S FIRST SET OF REQUESTS FOR PRODUCTION (PHASE 2)

EXHIBIT __15__
PAGE __171__

**EXHIBIT 1**

EXHIBIT 15
PAGE 178

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
7   Facsimile:   (213) 443-3100

8   Attorneys for Mattel, Inc.

9                 UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                     EASTERN DIVISION

12   CARTER BRYANT, an individual,        CASE NO. CV 04-09049 SGL (RNBx)

13           Plaintiff,                   Consolidated with Case Nos. CV 04-
                                          9059 and CV 05-2727
14       vs.
                                          MATTEL, INC.'S SUPPLEMENTAL
15   MATTEL, INC., a Delaware             INTERROGATORIES
     corporation,
16
             Defendant.
17
18   AND CONSOLIDATED ACTIONS
19
20
21
22   PROPOUNDING PARTY:      Mattel, Inc.

23   RESPONDING PARTIES:     MGA Entertainment, Inc., Isaac Larian, Carter

24                           Bryant, MGA Entertainment (HK) Limited, MGAE

25                           de Mexico S.R.L. de C.V., and Carlos Gustavo

26                           Machado Gomez

27   SET NO.:                SUPPLEMENTAL

28

07209/2239571.2

                              MATTEL'S SUPPLEMENTAL INTERROGATORIES

EXHIBIT 15
PAGE 179

1            Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.

2  ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter

3  Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and

4  Carlos Gustavo Machado Gomez (collectively, "the Responding Parties")

5  individually answer the following Interrogatories separately and fully, in writing and

6  under oath, within 30 days after service hereof. The Responding Parties shall be

7  obligated to supplement their responses to the Interrogatories at such times and to

8  the extent required by the <u>Federal Rules of Civil Procedure</u>.

9

10                      **Definitions**

11        1.    "YOU" and "YOUR" mean each of the Responding Parties.

12        2.    "MGA" means MGA Entertainment, Inc., any of its current or

13  former employees, officers, directors, agents, representatives, attorneys, experts,

14  divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any

15  other PERSON acting on its behalf, pursuant to its authority or subject to its control.

16  Without limiting the foregoing, "MGA" includes the entities known as ABC

17  International Traders or ABC International Traders, Inc. For purposes of the these

18  Interrogatories, "MGA" does not include BRYANT.

19        3.    "MATTEL" means Mattel, Inc., its current employees, officers,

20  directors, agents, representatives, attorneys, parents, subsidiaries, divisions,

21  AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

22  PERSON acting on its behalf, pursuant to its authority or subject to its control.

23        4.    "AFFILIATES" means any and all corporations, proprietorships,

24  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

25  indirectly, in whole or in part, own or control, are under common ownership or control

26  with, or are owned or controlled by a PERSON, party or entity, including without

27  limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

28

-2-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

EXHIBIT 15
PAGE 186

1    5.    "PERSON" or "PERSONS" means all natural persons, partnerships,

2  corporations, joint ventures and any kind of business, legal or public entity or

3  organization, as well as its, his or her agents, representatives, employees, officers and

4  directors and any one else acting on its, his or her behalf, pursuant to its, his or her

5  authority or subject to its, his or her control.

6    6.    "DESIGN" or "DESIGNS" means any and all representations,

7  whether two-dimensional or three-dimensional, and whether in tangible, digital,

8  electronic or other form, including but not limited to all works, designs, artwork,

9  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

10  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

11  practice, developments, inventions and/or improvements, as well as all other items,

12  things and DOCUMENTS in which any of the foregoing are or have been expressed,

13  embodied, contained, fixed or reflected in any manner, whether in whole or in part.

14    7.    "BRATZ" means any project, product, doll or DESIGN ever known

15  by that name (whether in whole or in part and regardless of what such project, product

16  or doll is or has been also, previously or subsequently called) and any product, doll or

17  DESIGN or any portion thereof that is now or has ever been known as, or sold or

18  marketed under, the name or term "Bratz" (whether in whole or in part and regardless

19  of what such product, doll or DESIGN or portion thereof is or has been also, previously

20  or subsequently called) or that is now or has ever been sold or marketed as part of the

21  "Bratz" line, and each version or iteration of such product, doll or DESIGN or any

22  portion thereof. As used herein, "product, doll or DESIGN or any portion thereof" also

23  includes without limitation any names, fashions, accessories, artwork, packaging or any

24  other works, materials, matters or items included or associated therewith.  Without

25  limiting the generality of the foregoing, the term "BRATZ" does not and shall not

26  require that there be a doll existing at the time of the event, incident or occurrence that

27  is the subject of, or otherwise relevant or responsive to, the Interrogatories.

28

07209/2239571.2

-3-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

EXHIBIT 15
PAGE 181