1       8.   "SOLD," "SELL" or "SALE" means to distribute, market, license,

2   sell, offer to sell, or convey or transfer in any way for compensation.

3       9.   "DOCUMENT" or "DOCUMENTS" means all "writings" and

4   "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

5   Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited

6   to, all writings and records of every type and description including, but not limited to,

7   contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail

8   ("e-mail"), records of telephone conversations, handwritten and typewritten notes of

9   any kind, statements, reports, minutes, recordings, transcripts and summaries of

10   meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes,

11   discs, printouts and records of all types, studies, instruction manuals, policy manuals

12   and statements, books, pamphlets, invoices, canceled checks and every other device or

13   medium by which or through which information of any type is transmitted, recorded or

14   preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall

15   include all copies that differ in any respect from the original or other versions of the

16   DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or

17   originals containing initials, comments, notations, insertions, corrections, marginal

18   notes, amendments or any other variation of any kind.

19       10.   "COMMUNICATION" or "COMMUNICATIONS" means and

20   includes any disclosure, transfer or exchange of information between two or more

21   PERSONS, whether orally or in writing, including without limitation, any conversation

22   or discussion by means of meeting, letter, telephone, note, memorandum, telegraph,

23   telex, telecopier, electronic mail, or any other electronic or other medium, including

24   without limitation in written, audio or video form.

25       11.   "MACHADO" means Carlos Gustavo Machado Gomez, and all of

26   his current or former employees, agents, representatives, attorneys, accountants,

27   vendors, consultants, independent contractors, predecessors-in-interest and successors-

28

07209/2239571.2

-4-

EXHIBIT 15
PAGE 182

1  in-interest, and any other PERSON acting on his behalf, pursuant to his authority or
2  subject to his control.

3    12.   "TRUEBA" means Mariana Trueba Almada, and all of her current
4  or former employees, agents, representatives, attorneys, accountants, vendors,
5  consultants, independent contractors, predecessors-in-interest and successors-in-
6  interest, and any other PERSON acting on her behalf, pursuant to her authority or
7  subject to her control.

8    13.   "VARGAS" means Pablo Vargas San Jose, and all of his current or
9  former employees, agents, representatives, attorneys, accountants, vendors, consultants,
10 independent contractors, predecessors-in-interest and successors-in-interest, and any
11 other PERSON acting on his behalf, pursuant to his authority or subject to his control.

12    14.   "BRAWER" means Ron Brawer, and all of his current or former
13 employees, agents, representatives, attorneys, accountants, vendors, consultants,
14 independent contractors, predecessors-in-interest and successors-in-interest, and any
15 other PERSON acting on his behalf, pursuant to his authority or subject to his control.

16    15.   "CASTILLA" means Jorge Castilla, and all of his current or former
17 employees, agents, representatives, attorneys, accountants, vendors, consultants,
18 independent contractors, predecessors-in-interest and successors-in-interest, and any
19 other PERSON acting on his behalf, pursuant to his authority or subject to his control.

20    16.   "COONEY" means Dan Cooney, and all of his current or former
21 employees, agents, representatives, attorneys, accountants, vendors, consultants,
22 independent contractors, predecessors-in-interest and successors-in-interest, and any
23 other PERSON acting on his behalf, pursuant to his authority or subject to his control.

24    17.   "BRISBOIS" means Janine Brisbois, and all of her current or former
25 employees, agents, representatives, attorneys, accountants, vendors, consultants,
26 independent contractors, predecessors-in-interest and successors-in-interest, and any
27 other PERSON acting on her behalf, pursuant to her authority or subject to her control.
28

EXHIBIT 15
PAGE 183

18.   "RAE" means Ron Rae, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority or subject to his control.

19.   "CONTRERAS" means Nick Contreras, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority or subject to his control.

20.   "ABUNDIS" means Ricardo Abundis, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority or subject to his control.

21.   The "FORMER MATTEL EMPLOYEES" means MACHADO, TRUEBA, VARGAS, BRAWER, CASTILLA, COONEY, BRISBOIS, CONTRERAS, RAE, ABUNDIS, and any other former Mattel employee or contractor who misappropriated Mattel trade secrets or violated his or her obligations to maintain the confidentiality of Mattel's trade secrets.

22.   "REFER OR RELATE TO" a given subject matter means relate to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify, state, deal with, comment on, respond to, describe, analyze, support, refute, contradict, or in any way pertain to that subject matter, either directly or indirectly.

23.   "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated therewith.

24.   "SLEEKCRAFT FACTORS" means those factors enumerated in AMF Inc. v. Sleekcraft Boats, 599 F.2d 341 (9th Cir. 1979), and includes specifically: (1) strength of the mark; (2) similarity of the marks; (3) relatedness of the goods; (4) marketing channels; (5) type of goods and purchaser's likely degree of care; (6)

EXHIBIT 15
PAGE 194

1 | evidence of actual confusion; (7) likelihood of expansion of the product lines; and (8)

2 | defendant's intent in selecting the mark.

3 |         25.     "MATTEL DOCUMENTS" means any and all DOCUMENTS

4 | stolen, obtained or taken from MATTEL by any PERSON, including but not limited to

5 | the DOCUMENTS identified as Bates Numbers M 0019162-M 0019365, M 0019375-

6 | M 0019491, M 0019492-M 0019586, M 0030576, M 0019587-M 0022008, M

7 | 0022009-M 0026076, M 0026077-M 0029024, M 0029025-M 0029042, M 0029043-M

8 | 0029044, M 0029045-M 0029050, M 0029051-M 0029053, M 0031471-M 0031473, M

9 | 0029054-M 0029255, M 0031474-M 0031485, M 0029226-M 0030163, M 0030164-M

10 | 0030173, M 0030174-M 0030183, M0030261-M 0030268, M 0030269-M 0030278, M

11 | 0030440-M 0030441, M 0030505-M 0030575, M 0030577-M 0030608, M 0019366-M

12 | 0019374, M 0030184-M 0030240, M 0030254-M 0030260, M 0030279-M 0030439, M

13 | 0030442-M 0030470, M 0030471-M 0030501, M 0030609, M 0030610-M 0030625, M

14 | 0030626-M 0030674, M 0030241-M 0030253, M 0030502-M 0030504, M 0030675-M

15 | 0030754, M 0030755-M 0030756, M 0030770-M 0030782, M 0030757-M 0030769, M

16 | 0030783-M 0030788, M 0030789-M 0030799, M 0030800-M 0030834, M 0030835, M

17 | 0030836-M 0030838, M 0030839-M 0030841, M 0030842-M 0030845, M 0030846-M

18 | 0030850, M 0030851- M 0030959, M 0030960-M 0030972, M 0030973-M 0031141,

19 | M 0031142-M 0031153, M 0031154-M 0031162, M 0031163-M 0031172, M 0031173,

20 | M 0031174-M 0031206, M 0031207-M 0031223, M 0031224-M 0031229, M

21 | 0031230-M 0031247, M 0031248-M 0031258, M 0031259-M 0031262, M 0031263-M

22 | 0031264, M 0031265, M 0031266, M 0031267, M 0031268, M 0031269, M 0031270-

23 | M 0031278, M 0031279-M 0031280, M 0031281-M 0031282, M 0031283-M 0031291,

24 | M 0031292-M 0031470, M 0032318, M 0031486-M 0031503, M 0031504-M 0031612,

25 | M 0031613-M 0031860, M 0031863-M 0031864, M 0031865-M 0031919, M

26 | 0031861-M 0031862, M 0031925-M 0032000, M 0031920-M 0031924, M 0032001-M

27 | 0032009, M 0032010-M 0032057, M 0032058, M 0032059-M 0032070, M 0032071-M

28 | 0032288, M 0032289, M 0032290-M 0032317, M 0059836-M 0059837, M 0075253-M

-7-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

EXHIBIT 15
PAGE 145

1  0075260, M 0075261-M 0075277, M 0075278-M 0075289, M 0075290-M 0075307, M
2  0075308-M 0075309, M 0075310-M 0075315, M 0075316-M 0075317, M 0075318-M
3  0075322, M 0075323-M 0075324, M 0075325, M 0075326-M 0075328, M 0075329-M
4  0075333, M 0075334-M 0075375, M 0075376-M 0075378, M 0075379-M 0075380, M
5  0075381-M 0075384, M 0075385, M 0075386-M 0075388, M 0075389, M 0075390,
6  M 0075391, M 0075392-M 0075398, M 0075399-M 0075400, M 0075401-M 0075407,
7  M 0075408, M 0075409-M 0075416, M 0075417-M 0075420, M 0075421, M
8  0075422-M 0075469, M 0075470-M 0075490, M 0075491-M 0075494, M 0075495-M
9  0075515, M 0075516-M 0075531, M 0075532-M 0075552, M 0075553-M 0075572, M
10  0075573, M 0075574-M 0075594, M 0075595-M 0075616, M 0075617, M 0075618-M
11  0075619, M 0075620-M 0075635, M 0075636-M 0075654, M 0075655-M 0075661, M
12  0075662-M 0075699, M 0075700-M 0075709, M 0075710-M 0075713, M 0075714-M
13  0075775, M 0075776-M 0075780, M 0075781-M 0075798, M 0075799-M 0075842, M
14  0075843-M 0075906, M 0075907-M 0075949, M 0075950-M 0076018, M 0076019, M
15  0076020-M 0076132, M 0076133-M 0076143, M 0076144-M 0076145, M 0076146-M
16  0076148, M 0076149-M 0076155, M 0076156-M 0076169, M 0076170-M 0076171, M
17  0076172-M 0076196, M 0076197-M 0076215, M 0076216-M 0076250, M 0076251-M
18  0076264, M 0076265-M 0076279, M 0076280, M 0076281-M 0076311, M 0076312-M
19  0076362, M 0076363-M 0076370, M 0076371, M 0076372-M 0076425, M 0076426-M
20  0076427, M 0076428-M 0076431, M 0076432- M 0076442, M 0076443-M 0076446,
21  M 0100646-M 0100653, M 0098687-M 0098688, M 0098689-M 0098697, M
22  0098698-M 0098723, M 0098724-M 0098771, M 0098772-M 0098832, M 0098833-M
23  0098846, M 0098847-M 0098865, M 0098866-M 0098879, M 0098880-M 0098883, M
24  0098884-M 0098933, M 0098934-M 0098936, M 0098937-M 0098971, M 0098972-M
25  0099436, M 0099437-M 0099439, M 0099440-M 0099448, M 0099449-M 0099461, M
26  0099462-M 0099471, M 0099472-M 0099476, M 0099477-M 0099493, M 0099494-M
27  0099529, M 0099530-M 0099594, M 0099595-M 0099597, M 0099598-M 0099601, M
28  0099602-M 0099618, M 0099619-M 0099628, M 0099629-M 0099656, M 0099657-M

-8-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

EXHIBIT 15
PAGE 186

1  0099665, M 0099666-M 0099725, M 0099726-M 0100622, M 0100623-M 0100645, M
2  0100646-M 0100653, M 0100654-M 0100695, M 0100696-M 0100698, M 0100699-M
3  0100700, M 0100701-M 0100735, M 0100736-M 0100741, M 0100742-M 0100774, M
4  0100775-M 0100778, M 0100779-M 0100780, M 0100781, M 0100782, M 0100783-M
5  0100789, M 0100790-M 0100795, M 0100796-M 0100858, M 0100859-M 0100868, M
6  0100869-M 0100878, M 0100879-M 0100891, M 0100892-M 0100905, M 0100906-M
7  0100918, M 0100919-M 0100932, M 0100933-M 0100941, M 0100942-M 0100952, M
8  0100953, M 0100954-M 0100955, M 0100956-M 0100983, M 0100984-M 0101013, M
9  0101014-M 0101064, M 0101065 and M 0101069-M 0101128.

10      26.   "DIGITAL INFORMATION" means any information created or
11  stored digitally, including but not limited to electronically, magnetically or optically.

12      27.   "STORAGE DEVICE" means any computer hard drive, memory,
13  USB device, tape, storage array or any other device or medium that allows a user,
14  whether permanently, temporarily or otherwise, to create, generate, transmit, copy,
15  retain, store or maintain DIGITAL INFORMATION.

16      28.   "SOURCE OF INFORMATION" means any medium containing
17  DOCUMENTS or other information, whether in paper, electronic or other form,
18  including but not limited to any STORAGE DEVICE, file, file cabinet or other any
19  other source of information or DOCUMENTS.

20      29.   "COLLECT," "COLLECTED" or "COLLECTION," with reference
21  to DOCUMENTS, means to collect, review, produce, request, seek, look for, search for,
22  analyze or in any other way collect or review or attempt to collect or review such
23  DOCUMENTS in connection with YOUR search for, review of and/or production of
24  DOCUMENTS in this ACTION.

25      30.   "IDENTIFY" or "IDENTITY" means the following:
26          (a)   with reference to an individual or individuals, means to state,
27  fully and separately as to each, such individual's full name, any known business title,
28  current or last known business affiliation, current or last known residential address,

-9-

EXHIBIT 15
PAGE 187

1   current or last known business address, current or last known relationship to MGA, and
2   current or last known telephone number.

3          (b)    with reference to an entity or entities, means to state, fully and
4   separately as to each, such entity's full name, state (or country) of incorporation or
5   organization, present or last known address, and present or last known telephone
6   number.

7          (c)    with reference to a SOURCE OF INFORMATION, means
8   to describe and state, fully and separately as to each, the SOURCE OF
9   INFORMATION so as to distinctly identify each such SOURCE OF INFORMATION
10  and differentiate each such SOURCE OF INFORMATION from all other SOURCES
11  OF INFORMATION, including without limitation by stating its nature (e.g., USB
12  drive, computer hard drive, file cabinet, etc.), and any unique identifier information
13  (such as hard drive serial number); the physical location(s), including full address
14  information and full identifying computer network drive information if applicable, of
15  each such SOURCE OF INFORMATION (as of the time of YOUR COLLECTION of
16  DOCUMENTS from the SOURCE OF INFORMATION, regardless of whether such
17  DOCUMENTS were thereafter moved elsewhere for the purpose of YOUR review); the
18  IDENTITY of each natural person or individual who is, was or has been associated
19  with each such SOURCE OF INFORMATION; the date(s) on which YOU
20  COLLECTED DOCUMENTS from each such SOURCE OF INFORMATION in
21  connection with this ACTION; and the IDENTITY of any DOCUMENTS, by Bates
22  number, that YOU have produced from each such SOURCE OF INFORMATION to
23  Mattel in this ACTION.

24         (d)    with reference to any other DOCUMENT or DOCUMENTS,
25  means to describe each DOCUMENT by Bates number.   In the event that a
26  DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each
27  such DOCUMENT, to provide a complete description of it such that it may be the
28  subject of a request for the production of documents, including by stating the date,

07209/2239.571.2

-10-

EXHIBIT 15
PAGE 188

1 identity of the author, addressee(s), signatories, parties, or other PERSONS identified
2 therein, its present location or custodian and a description of its contents.

3          (e)    with reference to the payment of money or other item of
4 value, or any promise, agreement, proposal or offer to pay money or any item of value,
5 means to state the amount of the payment or the value of the item, the IDENTITY of
6 the payor, the IDENTITY of the payee, the IDENTITY of the PERSON on whose
7 behalf it is being made, the IDENTITY of the PERSON on whose behalf it is being
8 received, the date(s) on which such payment or item of value was paid, promised,
9 agreed to be paid, proposed or offered, the nature of the method of payment (e.g., cash,
10 check) and any identifying information accompanying such payment (e.g., check
11 number), and the IDENTITY of each bank or financial institution involved therein.

12        31.    "Any" as used in these interrogatories includes the word "all," and
13 the word "all" as used in these interrogatories includes the word "any."

14        32.    The singular form of a noun or pronoun includes within its meaning
15 the plural form of the noun or pronoun so used, and vice versa; the use of the masculine
16 form of a pronoun also includes within its meaning the feminine form of the pronoun so
17 used, and vice versa; the use of any tense of any verb includes also within its meaning
18 all other tenses of the verb so used, whenever such construction results in a broader
19 request for information; and "and" includes "or" and vice versa, whenever such
20 construction results in a broader disclosure of documents or information.

21

22                 **Instructions**

23       A.   When   an   interrogatory   requests   disclosure   of   a
24 COMMUNICATION or other information as to which YOU claim any privilege or
25 protection as a ground for nondisclosure, identify each PERSON who participated in or
26 had knowledge of the COMMUNICATION or other information and provide the
27 following:

28          (i)    the privilege or protection that YOU claim precludes disclosure;

07209/2239571.2

-11-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

EXHIBIT  15
PAGE 184

1       (ii)   the subject matter of the COMMUNICATION or information

2              (without revealing the content as to which the privilege is claimed);

3              and

4       (iii)   any additional facts or grounds on which YOU base YOUR claim

5              of privilege or protection.

6       B.     When an interrogatory requests that YOU provide information,

7 YOU are required to supply all information known by or available to YOU or YOUR

8 employees, officers, directors, agents, representatives, attorneys and experts. If YOU

9 cannot completely answer the interrogatory after making diligent efforts to do so,

10 please so state.  Then describe in detail all efforts made to answer the interrogatory;

11 identify every PERSON involved in such efforts; and state the additional information

12 YOU need, if any, to respond completely to the interrogatory.

13

14                        **Interrogatories**

15

16 INTERROGATORY NO. 51:

17       For each concept, design, product, product packaging or other matter that

18 YOU contend MATTEL has copied, infringed or diluted, including but not limited to

19 those identified in MGA's Responses to Mattel, Inc.'s First Set of Interrogatories Re

20 Claims of Unfair Competition, Response to Interrogatory No. 2 (and any Supplemental

21 Responses to such Interrogatory), describe, fully and separately, each and every

22 concept, design, product, product packaging or other matter of or by MATTEL that

23 YOU contend is a copy of, infringes or dilutes YOUR alleged concept(s), design(s),

24 product(s), product packaging or other matter.  Your answer should describe the Mattel

25 concept, design, product, product packaging or other matter with specificity and in

26 detail (including without limitation by product name, product number, SKU, or bar

27 code number), and specify those elements or attributes of YOUR claimed concept,

28

EXHIBIT 15
PAGE 190

1  design, product, product packaging or other matter that YOU contend were copied,
2  infringed or diluted by MATTEL.

3

4  INTERROGATORY NO. 52:

5          For each trade dress that YOU contend MATTEL copied, infringed or
6  diluted, separately IDENTIFY each product sold by YOU or YOUR licensees that
7  incorporates such trade dress and, for each such product, separately state (a) the number
8  of units, by year, of each such product sold by YOU or YOUR licensees; (b) revenue
9  received by YOU from such SALES of each such product; (c) all costs YOU have
10  incurred in connection with each product, including but not limited to YOUR cost of
11  good sold, and (d) YOUR gross and net profits from each such product.

12

13  INTERROGATORY NO. 53:

14          For each MATTEL concept, design, product, product packaging or other
15  matter that YOU contend is likely to cause confusion, to cause mistake, or to deceive as
16  to affiliation, connection, or association, or as to origin, sponsorship, or approval,
17  separately state all facts that support YOUR contention of such, including but not
18  limited to all facts that support YOUR contention, if YOU so contend, that any of the
19  SLEEKCRAFT FACTORS weighs against MATTEL, and IDENTIFY all PERSONS
20  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO
21  such facts.

22

23  INTERROGATORY NO. 54:

24          For each concept, design, product, product packaging or other matter that
25  YOU contend MATTEL copied, infringed or diluted, state all facts that support
26  contention, if YOU so contend, that such copying or infringement was intentional or
27  willful, and IDENTIFY all PERSONS with knowledge of such facts and all
28  DOCUMENTS that REFER OR RELATE TO such facts.

MATTEL'S SUPPLEMENTAL INTERROGATORIES

EXHIBIT  15
PAGE  19

INTERROGATORY NO. 55:

State all facts which support the allegation in Paragraph 120 of YOUR COMPLAINT that MATTEL has "caused and continues to cause blurring and dilution of the distinctive look of MGA's products and trade dress," and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

INTERROGATORY NO. 56:

IDENTIFY all MATTEL DOCUMENTS that MGA has obtained, received, reviewed, copied, reproduced, transmitted, requested or used at any time since January 1, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such MATTEL DOCUMENTS.

INTERROGATORY NO. 57:

IDENTIFY all DOCUMENTS that REFER OR RELATE TO any MATTEL product or plan that any of the FORMER MATTEL EMPLOYEES provided, transmitted or disclosed to, shared with or used on behalf of MGA at any time since January 1, 1999, and IDENTIFY all PERSONS with knowledge of such facts.

INTERROGATORY NO. 58:

State all facts which support YOUR contention, if YOU so contend, that YOU and/or MGA did not obtain any MATTEL DOCUMENTS through improper means, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

0720972239511.2

-14-

EXHIBIT 15
PAGE 192

1 | INTERROGATORY NO. 59:

2           State all facts which support YOUR contention, if YOU so contend, that

3 | any information in the MATTEL DOCUMENTS does not and/or did not derive

4 | independent economic value from not being generally known to the public or other

5 | PERSONS who can obtain economic value from its disclosure or use, and IDENTIFY

6 | all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

7 | RELATE TO such facts.

8

9 | INTERROGATORY NO. 60:

10           State all facts which support YOUR contention, if YOU so contend, that

11 | any information in the MATTEL DOCUMENTS was known to the public or to

12 | PERSONS who can obtain economic value from its disclosure or use, and IDENTIFY

13 | all PERSONS with knowledge of the foregoing and all DOCUMENTS that REFER OR

14 | RELATE TO the foregoing.

15

16 | INTERROGATORY NO. 61:

17           State all facts which support YOUR contention, if YOU so contend, that

18 | YOU and/or MGA independently developed, or did not otherwise use or disclose, any

19 | information in the MATTEL DOCUMENTS, and IDENTIFY all PERSONS with

20 | knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

21 | facts.

22

23 | INTERROGATORY NO. 62:

24           State all facts which support YOUR contention that YOUR use or

25 | disclosure of information in the MATTEL DOCUMENTS neither benefited YOU nor

26 | MGA nor harmed MATTEL, and IDENTIFY all PERSONS with knowledge of such

27 | facts and all DOCUMENTS that REFER OR RELATE TO such facts.

28

07209/2239571.2

-15-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

EXHIBIT 15
PAGE 193

1 INTERROGATORY NO. 63:

2      State all facts which support YOUR contention, if YOU so contend, that

3 YOU and/or MGA had, has or have any right to copy, possess, use or disclose any

4 MATTEL DOCUMENT, and IDENTIFY all PERSONS with knowledge of such facts

5 and all DOCUMENTS that REFER OR RELATE TO such facts.

6

7 INTERROGATORY NO. 64:

8      To the extent YOU have not previously disclosed such information in a

9 prior interrogatory response YOU provided to Mattel, state all facts which support

10 YOUR claims against Mattel in THIS ACTION, and IDENTIFY all PERSONS with

11 knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

12 facts.

13

14 INTERROGATORY NO. 65:

15      Describe in detail each and every action YOU have taken, or directed be

16 taken, to locate, maintain or preserve evidence which is, might be or could be relevant

17 or potentially relevant to THIS ACTION.

18

19 INTERROGATORY NO. 66:

20      IDENTIFY each and every SOURCE OF INFORMATION from which

21 YOU have COLLECTED DOCUMENTS for responsiveness and potential production

22 in THIS ACTION.

23

24 INTERROGATORY NO. 67:

25      IDENTIFY fully and separately each and every payment of money or

26 other item of value that YOU have made or given, or any promise, agreement, proposal

27 or offer by YOU to pay money or give any item of value, to or on behalf of any

28 PERSON identified in any of the parties' initial disclosures in this ACTION at any time

-16-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

EXHIBIT 15
PAGE 194

1 | when such PERSON was not an employee of MGA, including without limitation with
2 | respect to legal fees incurred by or on behalf of such PERSON.

3 |

4 | <u>INTERROGATORY NO. 68:</u>

5 |      To the extent not disclosed in response to prior Interrogatories, IDENTIFY

6 | fully and separately each and every payment of money or other item of value that MGA

7 | has made, or any promise, agreement, proposal or offer by MGA to pay money or give

8 | any item of value, to or on behalf of any of the FORMER MATTEL EMPLOYEES,

9 | including without limitation with respect to legal fees incurred by or on behalf of any of

10 | the FORMER MATTEL EMPLOYEES.

11 |

12 | <u>INTERROGATORY NO. 69:</u>

13 |      To the extent not disclosed in response to prior Interrogatories, IDENTIFY fully

14 | and separately each and every payment of money or other item of value that YOU have

15 | made, or any promise, agreement, proposal or offer by YOU to pay money or give any

16 | item of value, since January 1, 1998 to or on behalf of any PERSON who has been

17 | employed by MATTEL (excluding ordinary salary and benefits paid to such PERSON

18 | while an MGA employee), including without limitation with respect to legal fees

19 | incurred by or on behalf of such PERSON and bonuses paid to such PERSON.

20 |

21 |

22 | DATED: January 9, 2008      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

23 |

24 |

25 |      By _____
        Michael T. Zeller
        Attorneys for Mattel, Inc.

26 |

27 |

28 |

07209/2239571.2

-17-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

EXHIBIT 15
PAGE 195

1                         **PROOF OF SERVICE**

2         I am employed in the County of Los Angeles, State of California. I am over

3 the age of eighteen years and not a party to the within action; my business address is

4 NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles,

5 California 90026.

6         On January 9, 2008, I served true copies of the following documents

7 described as:

8       **MATTEL, INC.'S SUPPLEMENTAL INTERROGATORIES**

9 on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>   Thomas J. Nolan, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br>Telephone: 213.687.5000<br>Facsimile: 213.687.5600 | *Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian and MGAE de Mexico, S.R.L. de C.V.* |
| Overland Borenstein Scheper & Kim, LLP<br>   Mark E. Overland, Esq.<br>   David C. Scheper, Esq.<br>   Alexander H. Cote, Esq.<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071<br>Telephone: 213.613.4655<br>Facsimile: 213.613.4656 | *Attorneys for Carlos Gustavo Machado Gomez* |
| Keker & Van Nest, LLP<br>   John W. Keker, Esq.<br>   Michael H. Page, Esq.<br>   Christa M. Anderson, Esq.<br>710 Sansome Street<br>San Francisco, CA 94111<br>Telephone: 415.391.5400<br>Facsimile: 415.397.7188 | *Attorneys for Carter Bryant* |

24     [√ ]   **[PERSONAL]** by personally delivering the document listed above to

25 the person(s) at the address(es) set forth above.

07209/2347661v.1

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

EXHIBIT 15
PAGE 196

1      I declare that I am employed in the office of a member of the bar of this court

2 at whose direction the service was made

3      Executed on January 9, 2008, at Los Angeles, California.

4

5                             _David Quintana_

6                            David Quintana

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2347614.1

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

EXHIBIT 15
PAGE 197

EXHIBIT 16

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

11  CARTER BRYANT, an individual,      CASE NO. CV 04-9049 SGL (RNBx)
                                       Consolidated with
12           Plaintiff,                Case Nos. CV 04-09059 & CV 05-2727

13       vs.

14  MATTEL, INC., a Delaware           RESPONSES OF MATTEL, INC. TO MGA
    corporation,                       ENTERTAINMENT, INC.'S FIRST SET
15                                      OF PHASE 2 INTERROGATORIES

16           Defendant.
                                       **Phase 2:**
17  AND CONSOLIDATED ACTIONS           Discovery Cut-off:     Dec. 11, 2009
                                       Pre-trial Conference:  Mar. 1, 2010
18                                      Trial Date:            Mar. 23, 2010

19

20

21

22  PROPOUNDING PARTY:    MGA ENTERTAINMENT, INC.

23  RESPONDING PARTY:     MATTEL, INC.

24  SET NO.:   ONE (PHASE TWO) [NOS. 1-14]

25

26

27

28

07975/2936304.1

### Preliminary Statement

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Defendants have also failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered, disclosed or produced. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents. Mattel's response to any of MGA Entertainment, Inc.'s ("MGA") First Set of (Phase 2) Interrogatories (the "Interrogatories") is not to be construed as a waiver of any of its objections or its right to object to any other request.

### General Objections

Mattel generally objects to each of the Interrogatories on each and every one of the following grounds, which are incorporated into and made a part of the response to each and every individual request:

1.      Mattel objects to the Interrogatories on the grounds that the defendants have exceeded the limit on the number of Interrogatories they may properly serve on Mattel without leave of the Court, which defendants have neither sought nor obtained.

2.      Mattel objects to the Interrogatories on the grounds that they seek to impose obligations upon Mattel beyond those imposed by the Federal Rules of Civil Procedure. In particular, MGA's Instructions purport to require that if Mattel cannot completely answer the interrogatory after making diligent efforts to

07975/2936304.1

EXHIBIT $\llap{\phantom{X}}$
PAGE 199

1    do so, Mattel must "describe in detail all efforts made to answer the interrogatory;

2    identify every PERSON involved in such efforts; and state the additional

3    information YOU need, if any, to respond completely to the interrogatory."   The

4    Federal Rules of Civil Procedure impose no such requirements.

5            3.    Mattel objects to the Requests on the grounds and to the extent

6    that they are unduly burdensome, premature and vague and ambiguous in that the

7    full scope of material and other trade secrets MGA stole and the other facts

8    necessary to answer the Requests are uniquely known by defendants and by third

9    parties within defendants' control, but are not known by Mattel at this juncture

10   because defendants refuse to disclose information to Mattel, including by refusing to

11   produce information that is the subject of prior Court Orders and pending Mattel

12   motions to enforce and/or compel and by refusing to appear for deposition.   Mattel

13   further anticipates that defendants and/or additional persons associated with

14   defendants, but who have not yet been deposed or who have not yet been identified,

15   have knowledge pertinent to the topics that are the subject of the Requests.

16           4.    Mattel objects to the Interrogatories on the grounds that they call

17   for the disclosure of information subject to the attorney-client privilege, the attorney

18   work-product doctrine, or any other applicable privilege, including the privilege

19   against disclosure of the identities and work product of consulting experts.   Such

20   information and documents will not be produced.

21           5.    Mattel objects to the Interrogatories on the grounds that they call

22   for production or disclosure of confidential, proprietary and/or private information.

23   Such information and documents will not be disclosed or produced except pursuant

24   to and in reliance upon the operative protective order.

25           6.    Mattel objects to the Interrogatories on the grounds that they

26   seek the disclosure of information or documents that are in the possession, custody

27   and control of independent parties over whom Mattel has no control, and seek the

28   disclosure of information or documents that are in the possession, custody and

1  control of defendant MGA or are publicly available and hence equally available to
2  all parties to this litigation.

3          7.    Mattel objects to the Interrogatories on the grounds that they call
4  for information that is neither relevant to the claims or defenses in the pending
5  action nor reasonably calculated to lead to the discovery of admissible evidence.

6          8.    Mattel objects to the Interrogatories on the grounds that they are
7  unduly burdensome and oppressive.

8          9.    Mattel further objects to the Interrogatories on the grounds that
9  they purport to circumvent the expert disclosure provisions of the Federal and Local
10  Rules. Such disclosures will be made in accordance with the requirements of, and at
11  the times specified by, the Court's Orders and the Rules.

12          10.   Mattel objects to the Interrogatories on the grounds that they
13  seek the disclosure of information or documents in violation of the terms of
14  agreements or protective orders entered into with third parties, or in violation of the
15  privacy, contractual, or other rights of third parties.

16          11.   Mattel objects to the Interrogatories on the grounds that the
17  definitions of "MATTEL PRODUCTS" are overbroad, vague and ambiguous and
18  unduly burdensome, including in that it refers to products "sold, marketed or
19  distributed by MATTEL from January 1, to the present" without specifying which
20  January 1 of which year.

21          12.   Mattel objects to the definition of "MATTEL DOCUMENTS" as
22  vague and ambiguous including in that the full scope of documents, material and
23  trade secrets MGA stole and the other facts necessary to determine all of the
24  documents, material and trade secrets stolen by MGA are uniquely known by
25  defendants and by third parties within defendants' control, but are not known by
26  Mattel at this juncture because defendants refuse to disclose information to Mattel,
27  including by refusing to produce information that is the subject of prior Court
28  Orders and pending Mattel motions to enforce and/or compel and by refusing to

1   appear for deposition. Mattel further anticipates that defendants and/or additional
2   persons associated with defendants, but who have not yet been deposed or who have
3   not yet been identified, have knowledge pertinent to determining all of the
4   documents, materials and trade secrets stolen by MGA.

5

6   ### Specific and General Responses

7          Each of the following objections and responses to the Interrogatories is
8   expressly made subject to the above Preliminary Statement and General Objections,
9   all of which are incorporated in each of the following objections and responses to
10  specific Interrogatories.

11

12  ### RESPONSES TO INTERROGATORIES

13

14  ### INTERROGATORY NO. 1:

15         If your response to RFA No. 1 is anything other than an unqualified
16  admission, state for each MATTEL DOCUMENT that is a basis for such response
17  ANY facts that SUPPORT your response to RFA No. 1, IDENTIFY ANY
18  PERSONS with knowledge of such facts, and ANY DOCUMENTS that REFER
19  OR RELATE to such facts.

20  ### RESPONSE TO INTERROGATORY NO. 1:

21         In addition to the general objections stated above, Mattel specifically
22  objects to this Interrogatory on the grounds that the defendants have exceeded the
23  limit on the number of Interrogatories they may properly serve on Mattel without
24  leave of the Court, which defendants have neither sought nor obtained. Mattel
25  further objects to this Interrogatory on the grounds that it is overly broad, unduly
26  burdensome and seeks information that is neither relevant nor likely to lead to the
27  discovery of admissible evidence. Mattel further objects to this Interrogatory on
28  each and every one of the grounds on which Mattel objects to RFA No. 1. In

07975/2936304.1

-4-

EXHIBIT 16
PAGE 202

1   particular, Mattel objects to this Interrogatory because it is premature because it
2   seeks information that will be the subject of expert discovery.  This Interrogatory is
3   also premature because defendants have not complied with their discovery
4   obligations.   They have failed to produce witnesses for deposition and are
5   withholding information and documents requested in violation of orders of the
6   Discovery Master and the Court.  Mattel further objects to this Interrogatory on the
7   grounds that the term "MATTEL DOCUMENTS" is vague and ambiguous
8   including in that the full scope of documents, material and trade secrets MGA stole
9   and the other facts necessary to determine all of the documents, material and trade
10  secrets stolen by MGA are uniquely known by defendants and by third parties
11  within defendants' control, but are not known by Mattel at this juncture because
12  defendants refuse to disclose information to Mattel, including by refusing to produce
13  information that is the subject of prior Court Orders and pending Mattel motions to
14  enforce and/or compel and by refusing to appear for deposition.  Mattel further
15  objects to this Interrogatory to the extent that it calls for the disclosure of
16  information subject to the attorney-client privilege, the attorney work-product
17  doctrine and other applicable privileges.

18

19  **INTERROGATORY NO. 2:**

20         If YOUR answer to RFA No. 2 is anything other than an unqualified
21  admission, state for each MATTEL DOCUMENT that is a basis for such response
22  ANY facts that SUPPORT your response to RFA No. 2, IDENTIFY ANY
23  PERSONS with knowledge of such facts, and IDENTIFY ANY DOCUMENTS that
24  REFER OR RELATE to such facts.

25  **RESPONSE TO INTERROGATORY NO. 2:**

26         In addition to the general objections stated above, Mattel specifically
27  objects to this Interrogatory on the grounds that the defendants have exceeded the
28  limit on the number of Interrogatories they may properly serve on Mattel without

07975/2936304.1

-5-

1  leave of the Court, which defendants have neither sought nor obtained.  Mattel
2  further objects to this Interrogatory on the grounds that it is overly broad, unduly
3  burdensome and seeks information that is neither relevant nor likely to lead to the
4  discovery of admissible evidence.  Mattel further objects to this Interrogatory on
5  each and every one of the grounds on which Mattel objects to RFA No. 2.   In
6  particular, Mattel objects to this Interrogatory because it is premature because it
7  seeks information that will be the subject of expert discovery.  This Interrogatory is
8  also premature because defendants have not complied with their discovery
9  obligations.   They have failed to produce witnesses for deposition and are
10 withholding information and documents requested in violation of orders of the
11 Discovery Master and the Court.  Mattel further objects to this Interrogatory on the
12 grounds that the term "MATTEL DOCUMENTS" is vague and ambiguous
13 including in that the full scope of documents, material and trade secrets MGA stole
14 and the other facts necessary to determine all of the documents, material and trade
15 secrets stolen by MGA are uniquely known by defendants and by third parties
16 within defendants' control, but are not known by Mattel at this juncture because
17 defendants refuse to disclose information to Mattel, including by refusing to produce
18 information that is the subject of prior Court Orders and pending Mattel motions to
19 enforce and/or compel and by refusing to appear for deposition.  Mattel further
20 objects to this Interrogatory to the extent that it calls for the disclosure of
21 information subject to the attorney-client privilege, the attorney work-product
22 doctrine and other applicable privileges.

23

24 **INTERROGATORY NO. 3:**

25         If your answer to RFA No. 3 is anything other than an unqualified
26 admission, state for each MATTEL DOCUMENT that is a basis for such response
27 ANY facts that SUPPORT your response to RFA No. 3, IDENTIFY ANY

28

07975/2936304.1

1   PERSONS with knowledge of such facts, and ANY DOCUMENTS that REFER
2   OR RELATE to such facts.

3   **RESPONSE TO INTERROGATORY NO. 3:**

4         In addition to the general objections stated above, Mattel specifically
5   objects to this Interrogatory on the grounds that the defendants have exceeded the
6   limit on the number of Interrogatories they may properly serve on Mattel without
7   leave of the Court, which defendants have neither sought nor obtained.   Mattel
8   further objects to this Interrogatory on the grounds that it is overly broad, unduly
9   burdensome and seeks information that is neither relevant nor likely to lead to the
10  discovery of admissible evidence.   Mattel further objects to this Interrogatory on
11  each and every one of the grounds on which Mattel objects to RFA No. 3.   In
12  particular, Mattel objects to this Interrogatory because it is premature because it
13  seeks information that will be the subject of expert discovery. This Interrogatory is
14  also premature because defendants have not complied with their discovery
15  obligations.   They have failed to produce witnesses for deposition and are
16  withholding information and documents requested in violation of orders of the
17  Discovery Master and the Court. Mattel further objects to this Interrogatory on the
18  grounds that the term "MATTEL DOCUMENTS" is vague and ambiguous
19  including in that the full scope of documents, material and trade secrets MGA stole
20  and the other facts necessary to determine all of the documents, material and trade
21  secrets stolen by MGA are uniquely known by defendants and by third parties
22  within defendants' control, but are not known by Mattel at this juncture because
23  defendants refuse to disclose information to Mattel, including by refusing to produce
24  information that is the subject of prior Court Orders and pending Mattel motions to
25  enforce and/or compel and by refusing to appear for deposition.   Mattel further
26  objects to this Interrogatory to the extent that it calls for the disclosure of
27  information subject to the attorney-client privilege, the attorney work-product
28  doctrine and other applicable privileges.

07975/2936304.1

**INTERROGATORY NO. 4:**

If your answer to RFA No. 4 is anything other than an unqualified admission, state all facts that SUPPORT your response to RFA No. 4 and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE to such facts.

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that the defendants have exceeded the limit on the number of Interrogatories they may properly serve on Mattel without leave of the Court, which defendants have neither sought nor obtained. Mattel further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Mattel further objects to this Interrogatory on each and every one of the grounds on which Mattel objects to RFA No. 4. In particular, Mattel objects to this Interrogatory because it is vague, ambiguous, overly-broad and unduly burdensome, including in RFA No. 4's use of the word "never" and with regard to the time frame to which RFA No. 4 is directed. Mattel further objects to this Interrogatory because it is premature because it seeks information that will be the subject of expert discovery. This Interrogatory is also premature because defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel further objects to this Interrogatory on the grounds that the term "MATTEL DOCUMENTS" is vague and ambiguous including in that the full scope of documents, material and trade secrets MGA stole and the other facts necessary to determine all of the documents, material and trade secrets stolen by MGA are uniquely known by defendants and by third parties within defendants' control, but are not known by Mattel at this juncture because defendants refuse to

07975/2936304.1

**EXHIBIT** 1\

**PAGE** 206

1  disclose information to Mattel, including by refusing to produce information that is

2  the subject of prior Court Orders and pending Mattel motions to enforce and/or

3  compel and by refusing to appear for deposition.  Mattel further objects to this

4  Interrogatory to the extent that it calls for the disclosure of information subject to the

5  attorney-client privilege, the attorney work-product doctrine and other applicable

6  privileges.

7

8  **INTERROGATORY NO. 5:**

9          IDENTIFY ANY damages YOU contend YOU have suffered as a

10  result of the violation of the Racketeer Influenced and Corrupt Organization Act

11  alleged by YOU in the Second Counterclaim of YOUR OPERATIVE

12  COUNTERCLAIMS in THIS ACTION.

13  **RESPONSE TO INTERROGATORY NO. 5:**

14          In addition to the general objections stated above, Mattel specifically

15  objects to this Interrogatory on the grounds that the defendants have exceeded the

16  limit on the number of Interrogatories they may properly serve on Mattel without

17  leave of the Court, which defendants have neither sought nor obtained.  Mattel

18  further objects to this Interrogatory on the grounds that it is overly broad, unduly

19  burdensome and seeks information that is neither relevant nor likely to lead to the

20  discovery of admissible evidence.  Mattel further objects to this Interrogatory on the

21  grounds that it is vague and ambiguous in its use of the term "OPERATIVE

22  COUNTERCLAIMS."  Mattel objects to this Interrogatory because it is premature

23  because it seeks information that will be the subject of expert discovery.  This

24  Interrogatory is also premature because defendants have not complied with their

25  discovery obligations.  They have failed to produce witnesses for deposition and are

26  withholding information and documents requested in violation of orders of the

27  Discovery Master and the Court.  Mattel further objects to this Interrogatory on the

28  grounds that it is vague and ambiguous including in that the full scope of

07975/2936304.1

-9-

1  documents, material and trade secrets MGA stole and the other facts necessary to
2  determine all of the documents, material and trade secrets stolen by MGA are
3  uniquely known by defendants and by third parties within defendants' control, but
4  are not known by Mattel at this juncture because defendants refuse to disclose
5  information to Mattel, including by refusing to produce information that is the
6  subject of prior Court Orders and pending Mattel motions to enforce and/or compel
7  and by refusing to appear for deposition.  Mattel objects to this Interrogatory on the
8  grounds that it is also premature in that facts needed to determine the type and
9  amount damages that Mattel has suffered as a result of defendant's violations of the
10  Racketeer Influenced and Corrupt Organization Act and the other facts necessary to
11  answer this Interrogatory are uniquely known by defendants and by third parties
12  within defendants' control, but are not known by Mattel at this juncture because
13  defendants refuse to disclose information to Mattel, including by refusing to produce
14  information that is the subject of prior Court Orders and pending Mattel motions to
15  enforce and/or compel and by refusing to appear for deposition.  Mattel further
16  objects to this Interrogatory to the extent that it calls for the disclosure of
17  information subject to the attorney-client privilege, the attorney work-product
18  doctrine and other applicable privileges.
19
20  **INTERROGATORY NO. 6:**
21        IDENTIFY ANY damages YOU contend YOU have suffered as a
22  result of the alleged MISAPPROPRIATION of trade secrets alleged by YOU in the
23  Fourth Counterclaim of YOUR OPERATIVE COUNTERCLAIMS in THIS
24  ACTION.
25  **RESPONSE TO INTERROGATORY NO. 6:**
26        In addition to the general objections stated above, Mattel specifically
27  objects to this Interrogatory on the grounds that the defendants have exceeded the
28  limit on the number of Interrogatories they may properly serve on Mattel without

EXHIBIT  10

PAGE 203

1  leave of the Court, which defendants have neither sought nor obtained.  Mattel
2  further objects to this Interrogatory on the grounds that it is overly broad, unduly
3  burdensome and seeks information that is neither relevant nor likely to lead to the
4  discovery of admissible evidence.  Mattel further objects to this Interrogatory on the
5  grounds that it is vague and ambiguous in its use of the term "OPERATIVE
6  COUNTERCLAIMS."  Mattel objects to this Interrogatory because it is premature
7  because it seeks information that will be the subject of expert discovery.  This
8  Interrogatory is also premature because defendants have not complied with their
9  discovery obligations.  They have failed to produce witnesses for deposition and are
10 withholding information and documents requested in violation of orders of the
11 Discovery Master and the Court.  Mattel further objects to this Interrogatory on the
12 grounds that it is vague and ambiguous including in that the full scope of
13 documents, material and trade secrets MGA stole and the other facts necessary to
14 determine all of the documents, material and trade secrets stolen by MGA are
15 uniquely known by defendants and by third parties within defendants' control, but
16 are not known by Mattel at this juncture because defendants refuse to disclose
17 information to Mattel, including by refusing to produce information that is the
18 subject of prior Court Orders and pending Mattel motions to enforce and/or compel
19 and by refusing to appear for deposition.  Mattel objects to this Interrogatory on the
20 grounds that it is also premature in that facts needed to determine the type and
21 amount damages that Mattel has suffered as a result of defendant's thefts and the
22 other facts necessary to answer this Interrogatory are uniquely known by defendants
23 and by third parties within defendants' control, but are not known by Mattel at this
24 juncture because defendants refuse to disclose information to Mattel, including by
25 refusing to produce information that is the subject of prior Court Orders and pending
26 Mattel motions to enforce and/or compel and by refusing to appear for deposition.
27 Mattel further objects to this Interrogatory to the extent that it calls for the disclosure
28

07975/2936304.1

1 | of information subject to the attorney-client privilege, the attorney work-product
2 | doctrine and other applicable privileges.

3

4 | **INTERROGATORY NO. 7:**

5 | IDENTIFY every MATTEL PRODUCT whose sales YOU contend
6 | were harmed by MGA's sale of the Bratz line of dolls and products.

7 | **RESPONSE TO INTERROGATORY NO. 7:**

8 | In addition to the general objections stated above, Mattel specifically
9 | objects to this Interrogatory on the grounds that the defendants have exceeded the
10 | limit on the number of Interrogatories they may properly serve on Mattel without
11 | leave of the Court, which defendants have neither sought nor obtained.  Mattel
12 | further objects to this Interrogatory on the grounds that it is overly broad, unduly
13 | burdensome and seeks information that is neither relevant nor likely to lead to the
14 | discovery of admissible evidence.  This Interrogatory is also premature because
15 | defendants have not complied with their discovery obligations.  They have failed to
16 | produce witnesses for deposition and are withholding information and documents
17 | requested in violation of orders of the Discovery Master and the Court.  Mattel
18 | further objects to this Interrogatory on the grounds that it is vague and ambiguous
19 | including in that the facts needed to answer this Interrogatory are uniquely known
20 | by defendants and by third parties within defendants' control, but are not known by
21 | Mattel at this juncture because defendants refuse to disclose information to Mattel,
22 | including by refusing to produce information that is the subject of prior Court
23 | Orders and pending Mattel motions to enforce and/or compel and by refusing to
24 | appear for deposition. Mattel further objects to this Interrogatory to the extent that it
25 | calls for the disclosure of information subject to the attorney-client privilege, the
26 | attorney work-product doctrine and other applicable privileges.

27

28

07975/2936304.1

-12-

RESPONSES TO MGA'S FIRST SET OF PHASE 2 INTERROGATORIES

EXHIBIT 16
PAGE 210

**INTERROGATORY NO. 8:**

IDENTIFY every MATTEL PRODUCT whose sales YOU contend were harmed by ANY act or omission of MGA alleged in YOUR OPERATIVE COUNTERCLAIMS.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that the defendants have exceeded the limit on the number of Interrogatories they may properly serve on Mattel without leave of the Court, which defendants have neither sought nor obtained. Mattel further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Mattel further objects to this Interrogatory on the grounds that it is vague and ambiguous in its use of the term "OPERATIVE COUNTERCLAIMS." Mattel objects to this Interrogatory because it is premature because it seeks information that will be the subject of expert discovery. This Interrogatory is also premature because defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel further objects to this Interrogatory on the grounds that it is vague and ambiguous including in that the facts needed to answer this Interrogatory are uniquely known by defendants and by third parties within defendants' control, but are not known by Mattel at this juncture because defendants refuse to disclose information to Mattel, including by refusing to produce information that is the subject of prior Court Orders and pending Mattel motions to enforce and/or compel and by refusing to appear for deposition. Mattel further objects to this Interrogatory to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**INTERROGATORY NO. 9:**

IDENTIFY ANY evidence that YOU contend was destroyed or otherwise spoiliated by or on behalf of MGA.

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that the defendants have exceeded the limit on the number of Interrogatories they may properly serve on Mattel without leave of the Court, which defendants have neither sought nor obtained. Mattel further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Mattel objects to this Interrogatory because it is premature because it seeks information that will be the subject of expert discovery. This Interrogatory is also premature because defendants have not complied with their discovery obligations. They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court. Mattel further objects to this Interrogatory on the grounds that it is vague and ambiguous including in that the facts needed to answer this Interrogatory are uniquely known by defendants and by third parties within defendants' control, but are not known by Mattel at this juncture because defendants refuse to disclose information to Mattel, including by refusing to produce information that is the subject of prior Court Orders and pending Mattel motions to enforce and/or compel and by refusing to appear for deposition. Mattel further objects to this Interrogatory to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

1  **INTERROGATORY NO. 10:**

2       For each specific piece of evidence that YOU INDENTIFIED in

3  response to Interrogatory No. 9, IDENTIFY the PERSON(S) that YOU contend

4  destroyed or spoiled such specific piece of evidence.

5  **RESPONSE TO INTERROGATORY NO. 10:**

6       In addition to the general objections stated above, Mattel specifically

7  objects to this Interrogatory on the grounds that the defendants have exceeded the

8  limit on the number of Interrogatories they may properly serve on Mattel without

9  leave of the Court, which defendants have neither sought nor obtained.  Mattel

10 further objects to this Interrogatory on the grounds that it is overly broad, unduly

11 burdensome and seeks information that is neither relevant nor likely to lead to the

12 discovery of admissible evidence.  Mattel objects to this Interrogatory because it is

13 premature because it seeks information that will be the subject of expert discovery.

14 This Interrogatory is also premature because defendants have not complied with

15 their discovery obligations.  They have failed to produce witnesses for deposition

16 and are withholding information and documents requested in violation of orders of

17 the Discovery Master and the Court.  Mattel further objects to this Interrogatory on

18 the grounds that it is vague and ambiguous including in that the facts needed to

19 answer this Interrogatory are uniquely known by defendants and by third parties

20 within defendants' control, but are not known by Mattel at this juncture because

21 defendants refuse to disclose information to Mattel, including by refusing to produce

22 information that is the subject of prior Court Orders and pending Mattel motions to

23 enforce and/or compel and by refusing to appear for deposition.  Mattel further

24 objects to this Interrogatory to the extent that it calls for the disclosure of

25 information subject to the attorney-client privilege, the attorney work-product

26 doctrine and other applicable privileges.

27

28

07975/2936304.1

1    **INTERROGATORY NO. 11:**

2              For each piece of evidence YOU IDENTIFIED in response to

3    Interrogatory No. 9, state ANY facts that support YOUR contention and IDENTIFY

4    ANY PERSONS with knowledge of such facts and ANY DOCUMENTS that

5    REFER OR RELATE to such facts.

6    **RESPONSE TO INTERROGATORY NO. 11:**

7              In addition to the general objections stated above, Mattel specifically

8    objects to this Interrogatory on the grounds that the defendants have exceeded the

9    limit on the number of Interrogatories they may properly serve on Mattel without

10   leave of the Court, which defendants have neither sought nor obtained.  Mattel

11   further objects to this Interrogatory on the grounds that it is overly broad, unduly

12   burdensome and seeks information that is neither relevant nor likely to lead to the

13   discovery of admissible evidence.  This Interrogatory is also premature because

14   defendants have not complied with their discovery obligations.  They have failed to

15   produce witnesses for deposition and are withholding information and documents

16   requested in violation of orders of the Discovery Master and the Court.  Mattel

17   further objects to this Interrogatory on the grounds that it is vague and ambiguous

18   including in that the facts necessary to answer this Interrogatory are uniquely known

19   by defendants and by third parties within defendants' control, but are not known by

20   Mattel at this juncture because defendants refuse to disclose information to Mattel,

21   including by refusing to produce information that is the subject of prior Court

22   Orders and pending Mattel motions to enforce and/or compel and by refusing to

23   appear for deposition. Mattel further objects to this Interrogatory to the extent that it

24   calls for the disclosure of information subject to the attorney-client privilege, the

25   attorney work-product doctrine and other applicable privileges.

26

27

28

07975/2936304.1

1 | **INTERROGATORY NO. 12:**

2         IDENTIFY each act or omission by Isaac Larian that YOU contend

3 constitutes "racketeering activity" as defined by 18 U.S.C. § 1961(1), IDENTIFY

4 ANY PERSONS with knowledge of each alleged act or omission, and IDENTIFY

5 ANY DOCUMENTS that REFER OR RELATE to each alleged act or omission.

6 | **RESPONSE TO INTERROGATORY NO. 12:**

7         In addition to the general objections stated above, Mattel specifically

8 objects to this Interrogatory on the grounds that the defendants have exceeded the

9 limit on the number of Interrogatories they may properly serve on Mattel without

10 leave of the Court, which defendants have neither sought nor obtained.  Mattel

11 further objects to this Interrogatory on the grounds that it is overly broad, unduly

12 burdensome and seeks information that is neither relevant nor likely to lead to the

13 discovery of admissible evidence.  Mattel objects to this Interrogatory because it is

14 premature because it seeks information that will be the subject of expert discovery.

15 This Interrogatory is also premature because defendants have not complied with

16 their discovery obligations.  They have failed to produce witnesses for deposition

17 and are withholding information and documents requested in violation of orders of

18 the Discovery Master and the Court.  Mattel objects to this Interrogatory on the

19 grounds that it is also premature, vague and ambiguous including in that facts

20 needed to determine Larian's violations of the Racketeer Influenced and Corrupt

21 Organization Act and the other facts necessary to answer this Interrogatory are

22 uniquely known by defendants and by third parties within defendants' control, but

23 are not known by Mattel at this juncture because defendants refuse to disclose

24 information to Mattel, including by refusing to produce information that is the

25 subject of prior Court Orders and pending Mattel motions to enforce and/or compel

26 and by refusing to appear for deposition.  Mattel further objects to this Interrogatory

27 to the extent that it calls for the disclosure of information subject to the attorney-

28 client privilege, the attorney work-product doctrine and other applicable privileges.

**INTERROGATORY NO. 13:**

IDENTIFY each act or omission by MGA that YOU contend constitutes "racketeering activity" as defined by 18 U.S.C. § 1961 (1) state ANY facts that support YOUR contention and IDENTIFY ANY PERSONS with knowledge of each alleged act or omission and ANY DOCUMENTS that REFER OR RELATE to each alleged act or omission.

**RESPONSE TO INTERROGATORY NO. 13:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that the defendants have exceeded the limit on the number of Interrogatories they may properly serve on Mattel without leave of the Court, which defendants have neither sought nor obtained.  Mattel further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  Mattel objects to this Interrogatory because it is premature because it seeks information that will be the subject of expert discovery. This Interrogatory is also premature because defendants have not complied with their discovery obligations.  They have failed to produce witnesses for deposition and are withholding information and documents requested in violation of orders of the Discovery Master and the Court.  Mattel objects to this Interrogatory on the grounds that it is also premature, vague and ambiguous including in that facts needed to determine MGA's violations of the Racketeer Influenced and Corrupt Organization Act and the other facts necessary to answer this Interrogatory are uniquely known by defendants and by third parties within defendants' control, but are not known by Mattel at this juncture because defendants refuse to disclose information to Mattel, including by refusing to produce information that is the subject of prior Court Orders and pending Mattel motions to enforce and/or compel and by refusing to appear for deposition.  Mattel further objects to this Interrogatory

07975/2936304.1

1   to the extent that it calls for the disclosure of information subject to the attorney-
2   client privilege, the attorney work-product doctrine and other applicable privileges.
3
4   **INTERROGATORY NO. 14:**
5           For each act or omission by MGA that YOU contend constitutes
6   "racketeering activity" as defined by 18 U.S.C. § 1961(4) state ANY facts which
7   support YOUR contention, if YOU so contend, that Isaac Larian participated in or
8   directed ANY such acts.
9   **RESPONSE TO INTERROGATORY NO. 14:**
10          In addition to the general objections stated above, Mattel specifically
11  objects to this Interrogatory on the grounds that the defendants have exceeded the
12  limit on the number of Interrogatories they may properly serve on Mattel without
13  leave of the Court, which defendants have neither sought nor obtained.  Mattel
14  further objects to this Interrogatory on the grounds that it is overly broad, unduly
15  burdensome and seeks information that is neither relevant nor likely to lead to the
16  discovery of admissible evidence.  Mattel objects to this Interrogatory because it is
17  premature because it seeks information that will be the subject of expert discovery.
18  This Interrogatory is also premature because defendants have not complied with
19  their discovery obligations.  They have failed to produce witnesses for deposition
20  and are withholding information and documents requested in violation of orders of
21  the Discovery Master and the Court.  Mattel objects to this Interrogatory on the
22  grounds that it is also premature, vague and ambiguous including in that facts
23  needed to determine MGA's violations of the Racketeer Influenced and Corrupt
24  Organization Act and the other facts necessary to answer this Interrogatory are
25  uniquely known by defendants and by third parties within defendants' control, but
26  are not known by Mattel at this juncture because defendants refuse to disclose
27  information to Mattel, including by refusing to produce information that is the
28  subject of prior Court Orders and pending Mattel motions to enforce and/or compel

07975/2936304.1

1  and by refusing to appear for deposition.  Mattel further objects to this Interrogatory
2  to the extent that it calls for the disclosure of information subject to the attorney-
3  client privilege, the attorney work-product doctrine and other applicable privileges.
4
5  DATED:  May 18, 2009              QUINN EMANUEL URQUHART OLIVER &
6                                    HEDGES, LLP
7
                                     By /s/ Marshall M. Searcy III
8                                        Marshall M. Searcy III
                                         Attorneys for Mattel, Inc.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

07975/2936304.1

-20-
RESPONSES TO MGA'S FIRST SET OF PHASE 2 INTERROGATORIES

EXHIBIT 16
PAGE 218

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3   Street, 10th Floor, Los Angeles, California 90017-2543.

4      On May 18, 2009, I served true copies of the following document(s) described as RESPONSES OF MATTEL, INC. TO MGA ENTERTAINMENT, INC.'S FIRST SET OF

5   PHASE 2 REQUESTS FOR ADMISSION; MATTEL, INC.'S OBJECTIONS TO MGA ENTERTAINMENT, INC.'S SECOND SET OF PHASE 2 REQUESTS FOR PRODUCTION OF

6   DOCUMENTS AND OTHER TANGIBLE THINGS; AND RESPONSES OF MATTEL, INC. TO MGA ENTERTAINMENT, INC.'S FIRST SET OF PHASE 2 INTERROGATORIES on the

7   parties in this action as follows:

8      Skadden, Arps, Slate, Meagher &            Glaser, Weil, Fink, Jacobs, & Shapiro,
       Flom LLP                                    LLP
9        Thomas J. Nolan, Esq.                       Patricia L. Glaser, Esq.
         Jason Russell, Esq.                       10250 Constellation Blvd 19th Floor
10     300 South Grand Ave., Suite 3400            Los Angeles, CA 90067
       Los Angeles, CA  90071                        pglaser@glaserweil.com
11       tnolan@skadden.com                        **Attorneys for** *the MGA Parties*
         jrussell@skadden.com
12     **Attorneys for** *the MGA Parties*

13     Mitchell, Silberberg, & Knupp, LLP         Overland Borenstein Scheper & Kim LLP
         Russell J. Frackman, Esq.                  Mark E. Overland, Esq.
14     11377 W. Olympic Blvd.                       Alexander H. Cote, Esq.
       Los Angeles, CA 90064                      601 W. 5th Street, 12th Floor
15       rjf@msk.com                              Los Angeles, CA 90017
       **Attorneys for** *the MGA Parties*          moverland@obsklaw.com
16                                                **Attorneys for** *Carlos Gustavo Machado*
                                                 *Gomez*
17

18

19   **BY MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with

20   postage thereon fully prepaid.

21   **BY ELECTRONIC MAIL TRANSMISSION:**  By electronic mail transmission from yalondadekle@quinnemanuel.com on May 18, 2009, by transmitting a PDF format copy of such

22   document(s) to each such person at the e-mail address listed below their address(es).  The document(s) was/were transmitted by electronic transmission and such transmission was reported

23   as complete and without error.

24      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

25      Executed on May 18, 2009, at Los Angeles, California.

26

27   _____

28   Tenaya Rodewald

07975/2936641.1

EXHIBIT 17

1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA 94105
6   Telephone:  +1-415-773-5700
    Facsimile:  +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
    Facsimile:  +1-213-612-2499
11
12  Attorneys for MGA Parties

13                    UNITED STATES DISTRICT COURT

14                   CENTRAL DISTRICT OF CALIFORNIA

15                          EASTERN DIVISION

| | |
|---|---|
| 16  CARTER BRYANT, an individual, | Case No. CV 04-9049 SGL (RNBx) |
| 17                  Plaintiff, | Consolidated with: Case No. CV 04-9059 and Case No. CV 05-2727 |
| 18  v. | |
| 19  MATTEL, INC., a Delaware | **DISCOVERY MATTER** **[To Be Heard By Discovery Master Robert C. O'Brien]** |
| 20  Corporation, | |
| 21                  Defendant. | **MGA PARTIES' OPPOSITION TO MOTION TO COMPEL MGA MEXICO TO PRODUCE** |
| 22 | **DOCUMENTS AND THINGS IN RESPONSE TO MATTEL'S FIRST,** |
| 23 | **SECOND, AND THIRD SETS OF REQUESTS FOR PRODUCTION TO** |
| 24  AND CONSOLIDATED ACTIONS | **MGA MEXICO** |
| 25 | Date:      TBD |
| 26 | Time:      TBD<br>Place:     Arent Fox LLP<br>**Phase 2:** |
| 27 | Disc. Cut-off:   Dec. 11, 2009<br>Pre-trial Con.:  Mar. 1, 2010 |
| 28 | Trial Date:  Mar. 23, 2010 |

EXHIBIT __17__
PAGE __220__

# TABLE OF CONTENTS

Page

I.    INTRODUCTION .................................................................................... 1
II.   STATEMENT OF FACTS ......................................................................2
III.  MATTEL'S MOTION SHOULD BE DENIED IN ITS ENTIRETY ...........4
      A.    Mattel's Motion to Compel is Unreasonable and Improper .................4
      B.    Mattel's Motion Is Procedurally Defective.............................................7
      C.    Mattel's Requests Are Improper.............................................................8
            1.    Mattel's Defined Terms Are Objectionable ...............................9
            2.    Mattel's Requests Seek Irrelevant Information ......................12
            3.    Mattel's Requests Are Overbroad and Unduly
                  Burdensome ..............................................................................14
      D.    MGA Mexico's Objections To The Requests Are Proper .................16
IV.   MATTEL SHOULD BE SANCTIONED....................................................17
V.    CONCLUSION .........................................................................................19

OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
BY MGA MEXICO (SETS ONE – THREE)
CV-04-0049 SGL (RNBx)

EXHIBIT 17
PAGE 221

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Davis v. Kissinger,*
  2009 U.S. Dist. LEXIS 2828 (E.D. Cal. Jan. 8, 2009) ........................................14

*Epstein v. MCA, Inc.,*
  54 F.3d 1422 (9th Cir. 1995) ...........................................................................12

*Equal Rights Ctr. v. Archstone-Smith Trust,*
  251 F.R.D. 168 (D. Md. 2008) ...........................................................................5

*Estate of Young v. Holmes,*
  134 F.R.D. 291 (D. Nev. 1991) .........................................................................16

*Haensel v. Chrysler Corp.,*
  1997 U.S. Dist. LEXIS 13160 (E.D. La. Aug. 22, 1997)....................................17

*Kilgore v. Mandeville,*
  2009 U.S. Dist. LEXIS 29203 (E.D. Cal. Mar. 26, 2009)....................................8

*O'Brien v. Maui County,*
  2002 U.S. App. LEXIS 10835 (9th Cir. May 6, 2002) ......................................14

*United States v. International Union of Petroleum & Indus. Workers,*
  870 F.2d 1450 (9th Cir. 1989) ...........................................................................9

*Westhemeco, Ltd. v. New Hampshire Ins. Co.,*
  82 F.R.D. 702 (S.D.N.Y. 1979).........................................................................14

## RULES

Fed. R. Civ. P.
  26 .....................................................................................................................8
  26(b)(1) ............................................................................................................8
  26(b)(2)(C)(i).....................................................................................................5
  34 .....................................................................................................................8
  34(a) .................................................................................................................8

EXHIBIT 17
PAGE 222

Case 2:04-cv-09049-DOC-RNB   Document 6901-4   Filed 10/01/09   Page 44 of 79   Page ID
#:229492
Case 2:04-cv-09049-SGL-RNB      Document 5997      Filed 07/22/2009      Page 4 of 25

1    Plaintiff and Counter-Defendant MGA Entertainment, Inc. and

2    Counter-Defendants MGA Entertainment HK, Ltd., MGAE de Mexico S.R.L. de

3    C.V., and Isaac Larian ("MGA Parties") respectfully submit this Opposition to

4    Defendant Mattel, Inc.'s ("Mattel") Motion to Compel the Production of

5    Documents and Things responsive to Mattel's First, Second and Third Sets of

6    Requests for Production.

7    **I.    INTRODUCTION**

8    Mattel is currently seeking to compel production of documents by

9    MGAE de Mexico, S.R.L. de C.V. ("MGA Mexico") in response to more than

10   650 document requests,[1] including nearly 600 separate document requests in this

11   motion alone.

12   More than 4.2 million pages of documents have already been produced

13   by the MGA Parties. With this amount of production, it is hard to imagine how

14   each and every one of the almost 600 requests at issue in this motion is not

15   duplicative of earlier discovery. Moreover, by not eliminating even one single

16   request or agreeing to any limitation of the language therein, Mattel apparently

17   believes it has written almost 600 requests that are relevant, narrowly tailored and

18   not unnecessarily burdensome.

19   Moreover, Mattel cannot make any such showing of relevance by

20   simply asserting that hundreds of requests are relevant to broad issues in the case.

21   Mattel has made no effort to justify the relevance of any particular requests, as the

22   law requires. Instead, Mattel hopes that if the Court finds its requests overbroad,

23   the court will rewrite Mattel's requests so that the requests require the production

24   _____

25   [1] On July 15, 2009, Mattel filed two separate motions to compel production by
     MGA Mexico. Docket Document Nos. 5791 and 5792. The instant motion to
     compel seeks production of documents in response to each and every document

26   request included in its First, Second and Third sets of requests for production, for a
     total of 574 requests. The second motion to compel seeks production of documents

27   in response to each and every document request included in Mattel's First Set of
     "Phase Two" requests for production, including 83 requests. Together, the motions

28   seek to compel production in response to 657 separate requests.

OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
BY MGA MEXICO (SETS ONE – THREE)
CV-04-0049 SGL (RNBx)

**EXHIBIT 17**
**PAGE 223**

1   only of relevant information.  The Court should not do Mattel's work, and, instead

2   should deny this Motion.  At this juncture, Mattel should be required to examine its

3   requests and the documents already available to it (either publicly or through the

4   MGA Parties' numerous productions) and identify which of its requests are relevant

5   to the remaining claims and defenses in this case and have not already received a

6   response.  Alternatively, Mattel should be required to re-propound more narrowed

7   requests that seek only discoverable information.  To force MGA Mexico to

8   produce documents in response to each of the almost 600 requests at issue here

9   would· be unfair and wasteful, and would require MGA Mexico to expend

10  innumerable hours to reproduce documents that have already been produced and are

11  available to Mattel.

12  **II.   STATEMENT OF FACTS**

13          Discovery in this case has been ongoing for years.  Mattel has

14  propounded nearly 3,000 requests for production to the MGA Parties.  In response,

15  the MGA Parties have produced more than 4.2 million documents.  However,

16  Mattel wants to use the reopening of Phase 2 discovery as an opportunity to badger

17  MGA Mexico into reproducing thousands of documents already produced in this

18  action, either by MGA Mexico or by another MGA party.

19          Specifically, Mattel seeks to compel the production of documents by

20  MGA Mexico for each and every request for production included in its First,

21  Second and Third Requests for Production of Documents.  Mattel's First Set of

22  Requests includes 148 documents.  Mattel's Second Set of Requests includes

23  420 separate requests.  Mattel's Third Set of Requests includes six requests.  Each

24  of the document requests included in the Second and Third Set of Requests was

25  also served on MGA Entertainment.[2]  MGA Mexico served timely and detailed

26  ─────────────────────
    [2] *Compare* Mattel, Inc.'s Second Set of Requests for Documents and Things to
27  MGAE de Mexico, S.R.L. de C.V., Declaration of Marshall M. Searcy III in
    Support of Mattel, Inc.'s Motion to Compel MGA Mexico to Produce Documents
28  and Things Responsive to Mattel's First, Second and Third Sets of Requests for
    Production to MGA Mexico ("Searcy Dec."), Ex. 3, *and* Mattel, Inc.'s Third Set of

OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
BY MGA MEXICO (SETS ONE – THREE)
CV-04-0049 SGL (RNBx)

**EXHIBIT 17**
**PAGE 224**

1   objections to each of these sets of requests.  MGA Mexico also agreed to produce

2   documents in response to 309 separate requests.

3           In April 2, 2009, Mattel sent a letter to MGA Mexico demanding the

4   production of all documents responsive to each of the 574 document requests

5   included in the three sets.[3]  Mattel's letter asserted that not a single one of MGA

6   Mexico's objections was well-received.  Moreover, Mattel asserted that MGA

7   Mexico had not yet produced a single document in this case.

8           During the meet-and-confer process, MGA Mexico explained that

9   Mattel was incorrect.[4]  First, MGA Mexico explained that it had agreed to produce

10  documents in response to 309 of the requests at issue.  Moreover, MGA Mexico

11  explained that documents from MGA Mexico had, in fact, been previously

12  produced in the action and were available to Mattel.  Still not satisfied, Mattel

13  insisted that MGA Mexico identify each and every document within the more than

14  4 million pages of MGA's production that MGA Mexico had individually

15  produced.[5]

16          Moreover, with respect to the remaining 165 requests, where MGA

17  Mexico had previously refused to produce documents, MGA Mexico indicated that

18  it would consider a compromise with Mattel.[6]  MGA Mexico asked Mattel to

19

20  Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V., Searcy
    Dec., Ex. 5, *with* Mattel, Inc.'s Sixth Set of Request for Documents and Things to

21  MGA Entertainment, Inc., Declaration of William A. Molinski in Support of MGA
    Parties' Opposition to Mattel, Inc.'s Motion to Compel MGA Mexico to Produce

22  Documents and Things Responsive to Mattel's First, Second and Third Sets of
    Requests for Production to MGA Mexico ("Molinski Dec."), Ex. A *and* Mattel,

23  Inc.'s Seventh Set of Request for Documents and Things to MGA Entertainment,
    Inc., Molinski Dec., Ex. B.

24  [3] Letter from Marshall Searcy to Amman Khan, dated April 2, 2009, Searcy Dec.,
    Ex. 7.

25  [4] Letter from Amman Khan to Marshall Searcy, dated April 9, 2009, Searcy Dec.,
    Ex. 8.

26  [5] Letter from Marshall Searcy to Amman Khan, dated April 10, 2009, Searcy Dec.,
    Ex. 9; letter from Marshall Searcy to Amman Khan, dated April 23, 2009, Searcy

27  Dec., Ex. 11.

28  [6] Letter from Marshall Searcy to Amman Khan, dated April 23, 2009, Searcy Dec.,
    Ex. 11.

OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
BY MGA MEXICO (SETS ONE – THREE)
CV-04-0049 SGL (RNBX)

EXHIBIT ___17
PAGE __225

1   identify which of those remaining requests Mattel still considered to be relevant and

2   not within the documents produced by the MGA Parties.  Rather than make any

3   similar gesture of compromise, Mattel simply demanded production in response to

4   each and every one of the 165 remaining requests.[7]  Mattel's motion also illustrates

5   its unwillingness to compromise, as it includes not only the 165 remaining requests,

6   but also the 309 requests to which MGM Mexico had previously agreed.

7   **III.   MATTEL'S MOTION SHOULD BE DENIED IN ITS ENTIRETY**.

8          **A.   Mattel's Motion to Compel is Unreasonable and Improper**.

9                 The fact that Mattel is seeking to compel production with respect to

10  almost 600 document requests in this single motion demonstrates the burden that

11  Mattel is attempting to place on MGA Mexico.  Add to this the fact that Mattel has

12  refused to narrow or limit even a single one of these requests, and the bravado of

13  Mattel's motion becomes too much.

14                First, MGA Mexico has served more than 1,000 pages of detailed

15  objections to the 574 requests.[8]  However, Mattel's meet-and-confer efforts and its

16  motion wholly disregard them.  Rather than respond to any of MGA Mexico's

17  objections in context, Mattel argues that each and every objection asserted by MGA

18  Mexico is improper.  Not only is this unpersuasive where the text of the request

19  itself is absent, it is remarkable that Mattel believes that each and every one of its

20  574 requests at issue is wholly unobjectionable.

21                Second, there has been significant disclosure already made with

22  respect to the requests at issue.  Importantly, MGA Mexico has agreed to produce

23  documents in response to more than 300 of the requests at issue.[9]  Additionally,

24  ─────────────────

    [7] *Id.*

25  [8] MGA Mexico's Objections and Responses to Mattel Inc.'s First Set of Requests
    for Documents and Things, Searcy Dec., Ex. 2; MGA Mexico's Response to

26  Mattel, Inc.'s Second Set of Requests for Documents and Things, Searcy Dec.,
    Ex. 4; MGA Mexico's Response to Mattel, Inc.'s Third Set of Requests for

27  Documents and Things, Searcy Dec., Ex. 6.

    [9] Accordingly, the motion is moot with respect to those 309 requests (Mattel, Inc.'s

28  Second Set of Requests for Documents and Things to MGAE de Mexico. S.R.L. de

OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
BY MGA MEXICO (SETS ONE – THREE)
CV-04-0049 SGL (RNBx)

EXHIBIT 17
PAGE 226

1   many of the discovery requests at issue are duplicative of those served on other

2   MGA Parties.[10]  The MGA Parties have produced more than 4.2 million pages of

3   documents in response to these and other requests for production propounded by

4   Mattel.[11]  However, Mattel wants to wholly disregard this production, including the

5   documents it knows have already been produced, and require MGA Mexico to

6   reproduce the documents.[12]  For example, Mattel insists that MGA Mexico has not

7   produced any documents in this action, even though Mattel has previously

8   acknowledged that it has received a "CD contain[ing] the documents seized by

9   Mexican authorities from MGA's office in Mexico."[13]  This admission is even more

10  significant given the fact that Mattel is seeking to compel production of documents

11  "seized by Mexican authorities from [MGA Mexico's] office."[14]  Additionally,

12  Mattel has refused to conduct simple searches in the documents already produced,

13  which would demonstrate that MGA Mexico documents have been produced.[15]

14  Accordingly, Mattel's insistence on duplicative production by MGA Mexico should

15  be denied because "the discovery sought is unreasonably cumulative or

16  duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i); *Equal Rights Ctr. v. Archstone-Smith*

17

18  C.V. ("Second Set of Requests"), Nos. 1-8, 13-22, 25, 42-25, 54-58, 61, 71-85, 89-
    96, 101-104, 106, 117-147, 151-167, 174-175, 177-179, 181-192, 195-199, 201-

19  219, 221-222, 227-248, 253-267, 277-299, 302-316, 329-343, 345-385, 387-398,
    400-410, 412-418). The only requests properly at issue are Mattel, Inc.'s First Set

20  of Requests for Documents and Things to MGAE de Mexico. S.R.L. de C.V. ("First
    Set of Requests"), Nos. 1-148; Second Set of Requests, Nos. 9-12, 23-24, 26-41,

21  46-53, 59-60, 62-70, 86-88, 97-100, 105, 107-116, 148-150, 168-173, 176, 180,
    193-94, 200, 220, 223-226, 249-252, 268-276, 300-301, 317-328, 344, 386, 399,

22  411, 419-420, and Mattel, Inc.'s Third Set of Requests for Documents and Things
    to MGAE de Mexico. S.R.L. de C.V. ("Third Set of Requests"), Nos. 1-6.

23  [10] *See* footnote 2, *supra.*
    [11] Letter from Amman Khan to Marshall Searcy, dated April 9, 2009, Searcy Dec.,

24  Ex. 8.
    [12] Letter from Marshall Searcy to Amman Khan, dated April 2, 2009, Searcy Dec.,

25  Ex. 7.
    [13] Letter from Jon Corey to Andrew Temkin, dated February 4, 2008, Molinski

26  Dec., Ex. C.
    [14] First Set of Requests, No. 6.

27  [15] Letter from Marshall Searcy to Amman Khan, dated April 23, 2009, Searcy Dec.,

28  Ex. 11.

OHS West:260697810.3                                - 5 -

EXHIBIT __17__
PAGE __221__

1   *Trust*, 251 F.R.D. 168, 172 (D. Md. 2008) (denying motion to compel because

2   burden was unjustified where the requesting party already had information or it

3   could be obtained through a less burdensome and expensive method).

4           Despite this background, Mattel insists that MGA Mexico's production

5   of documents in response to the 574 requests is necessary and neither unreasonably

6   duplicative nor unduly burdensome. Given the volume of documents already

7   produced, it is clear that Mattel has not given any consideration to whether the

8   specific requests at issue are still relevant or necessary. At best, Mattel seeks to

9   justify relevance of the general topic or subject matter of the request.[16] However,

10  the propriety of a request is not judged by whether the request relates to a relevant

11  topic, but whether the request, as worded, seeks only relevant information. Mattel

12  should not be allowed to continue to badger all of the MGA Parties to produce

13  documents that have already been produced in this action.

14          Mattel's argument that MGA Mexico's possession of documents holds

15  specific importance is insufficient to support each one of the almost 600 requests.

16  In almost every instance, it is irrelevant if an MGA-created document is in the

17  possession of MGA Mexico. Additionally, MGA Mexico's possession of non-

18  MGA created documents does not have significance for all claims in this action.

19  For example, Mattel's motion argues that 420 requests relate to the MGA Parties'

20  affirmative defense of unclean hands. This defense relates to actions taken by

21  Mattel, not MGA, and thus, the possession of any documents relating to Mattel's

22  impermissible actions is of no importance. Whether MGA Mexico or MGA

23  Enterprises is in possession of the evidence relating to Mattel's impermissible

24  conduct is immaterial; the important fact is Mattel's action. Given the limited

25  relevance of possession, it is an insufficient basis for Mattel's argument that MGA

26

---

27  [16] *See* Memorandum of Points and Authorities in Support of Mattel Inc.'s Motion to
    Compel MGA Mexico to Produce Documents and Things in Response to Mattel's
    First, Second, and Third Sets of Requests for Production to MGA Mexico

28  ("Mattel's Motion to Compel"), pp. 18-31.

OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
BY MGA MEXICO (SETS ONE – THREE)
CV-04-0049 SGL (RNBx)

EXHIBIT 17
PAGE 228

1    Mexico must reproduce documents in response to all 574 document requests at

2    issue here.

3              Moreover, it is clear from the face of many documents produced

4    whether it was in the possession of MGA Mexico.[17]  Not only is it clear that the

5    document belongs to MGA Mexico if it is written in Spanish, other documents,

6    such as e-mails and memoranda, which list the authors and recipients, provide

7    information sufficient for Mattel to determine whether the documents were in MGA

8    Mexico's possession.  Alternatively, Mattel may serve other discovery requests,

9    such as interrogatories, to verify whether MGA Mexico had possession of any

10   particular document.

11             Mattel's representation that more than 400 requests are relevant to the

12   issue of unclean hands is also demonstrative of the absurdity of its position.  If

13   Mattel is to be believed that more than 400 requests are properly aimed at this

14   specific affirmative defense, it would be reasonable to extrapolate from that

15   representation that Mattel believes it should be permitted to propound more than

16   14,000 requests for production in relation to the 35 affirmative defenses asserted by

17   the MGA Parties alone, to say nothing of the affirmative claims of any party.

18   (Moreover, according to Mattel's motion, it should be permitted to serve all of the

19   14,000 requests on each of the MGA Parties individually and require separate

20   productions by each MGA party.)  Such posturing should make it clear that

21   Mattel's requests and this motion to compel are wholly unreasonable and amount to

22   an attempt to harass MGA Mexico.

23   **B.   Mattel's Motion Is Procedurally Defective.**

24             Mattel's motion should be denied because it has not provided the

25   necessary information for each of the 574 requests.  It is Mattel's "burden to

26   inform[] the court which discovery requests are the subject of [its] motion to

27   ───────────────

28   [17] Letter from Marshall Searcy to Amman Khan, dated April 23, 2009, Searcy Dec., Ex. 11.

EXHIBIT  17
PAGE 229

1   compel, which of defendants' responses are disputed, why [it] believes defendants'
2   responses are deficient, why defendants' objections are not justified, and why the
3   information [it] seeks through discovery is relevant to the prosecution of this
4   action." *Kilgore v. Mandeville*, 2009 U.S. Dist. LEXIS 29203, at *5-*6 (E.D. Cal.
5   Mar. 26, 2009). It simply is not enough for Mattel to broadly categorize its requests
6   and summarily dismiss each of MGA Mexico's detailed objections and responses to
7   the requests. Moreover, Mattel has not presented any information to demonstrate
8   the insufficiency of documents produced in response to its demands. At this stage
9   in the case, with more than 4.2 million pages of documents at its disposal, Mattel
10  should be required to specifically justify each of the 574 requests at issue.

11          The lack of information provided by Mattel and the burden imposed by
12  Mattel's motion is demonstrated by Mattel's lack of a separate statement. Mattel
13  buries in a footnote the fact that it has intentionally opted not to prepare a separate
14  statement.[18] The fact that Mattel declined to present a separate statement speaks
15  volumes about the unreasonableness of its position that production in response to
16  each of the requests is not unduly burdensome. If it is too burdensome for Mattel to
17  even type each of the requests (and MGA Mexico's detailed objections), Mattel
18  cannot argue in good faith that the production that it is requesting is not unduly
19  burdensome.

20   **C.    Mattel's Requests Are Improper.**

21          Mattel argues that it is the master of its demands; however, its
22  demands are limited by the bounds of Federal Rules of Civil Procedure, including
23  Rules 26 and 34. Under these rules, Mattel may only ask for relevant, non-
24  privileged documents. Fed. R. Civ. P. 26(b)(1). Additionally, Mattel may only ask
25  MGA Mexico to produce documents that are within MGA Mexico's "possession,
26  custody, or control." Fed. R. Civ. P. 34(a). Courts have interpreted this to mean

27
28  ───────────────
    [18] Mattel's Motion to Compel, fn. 14.

OHS West:260697810.3                                          - 8 -

EXHIBIT 17
PAGE 230

Case 2:04-cv-09049-DOC-RNB   Document 6901-4   Filed 10/01/09   Page 52 of 79   Page ID
#:229500
Case 2:04-cv-09049-SGL-RNB     Document 5997      Filed 07/22/2009     Page 12 of 25

1    that the responding party must have "legal authority" over the requested documents.

2    *United States v. International Union of Petroleum & Indus. Workers*, 870 F.2d

3    1450, 1452 (9th Cir. 1989).  The burden is on Mattel to demonstrate that its requests

4    are, in fact, so limited.  *Id.* (explaining that "the party seeking production of the

5    documents has the burden of proving that the opposing party has such control").

6    Where Mattel's requests go beyond these bounds, MGA Mexico has the right to

7    object to the requests and has done so.[19]

8               **1.    Mattel's Defined Terms Are Objectionable**.

9               Mattel may not use defined terms to expand beyond the discovery

10   limitations imposed by the Federal Rules of Civil Procedure.  Because Mattel's

11   defined terms do just that, MGA Mexico has properly objected to them.

12               The definitions of "MACHADO", "TRUEBA" and "VARGAS" are

13   impermissibly overbroad.[20]  The definitions of "MACHADO", "TRUEBA" and

14   "VARGAS" include "all of [his/her] current and former employees, agents,

15   representatives, attorneys, accountants, vendors, consultants, independent

16   contractors, predecessors-in-interest and successors-in-interest, and any other

17   PERSON acting on their behalf, pursuant to their authority, or subject to their

18   control."  Even assuming that MGA Mexico does have the power to require

19   production by these individuals, it does not have the legal authority to demand

20   production from the individuals "acting on their behalf, pursuant to their authority,

21   or subject to their control."  To obtain such documents, Mattel must direct their

22   requests to Machado, Trueba and Vargas themselves, who would have the legal

23   authority to request production from persons "acting on their benefit, pursuant to

24   their authority, or subject to their control."

25

26   [19] Nothing in this opposition should be deemed a waiver of any of MGA Mexico's
     objections included in it's objections and responses to the production requests at
27   issue.  The requests identified herein are meant to be examples only and not
     exhaustive lists of objectionable requests.
28   [20] First Set of Requests, Searcy Dec., Ex. 1 at p. 7.

OHS West:260697810.3                          - 9 -        OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
                                                                   BY MGA MEXICO (SETS ONE – THREE)
                                                                       CV-04-0049 SGL (RNBx)

EXHIBIT 17
PAGE 231

1        Mattel's proposed definitions of "YOU", "YOUR" and "MGA" are

2  similarly impermissible.[21]  Mattel's definition of these terms includes, without

3  limitation, "current or former directors, officers, employees, agents, contractors,

4  attorneys, accountants, or representatives of [MGA Mexico] and any corporation,

5  partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-

6  interest and successor-in-interest, and any other PERSON acting on its behalf."

7  Not only does this definition make it difficult for MGA Mexico to determine the

8  limits of its obligation, it goes beyond the permissible scope of requests.  Absent an

9  objection, this definition would require that MGA Mexico produce documents in

10  the possession and control of MGA Entertainment or MGA Entertainment (HK)

11  Limited.  Considering that both of these entities are parties to this action, and there

12  is no justification for requiring MGA Mexico to produce documents held by any

13  related company (and Mattel has also propounded hundreds of document requests

14  on those entities), it is unreasonable to define MGA Mexico so as to require

15  production of documents outside of MGA Mexico's specific control.  Mattel has no

16  justification for making the requests so arduous, especially where Mattel has the

17  ability to request production by each MGA entity relevant to the dispute (and, in

18  fact, has done so).  Additionally, the definition would lead to some absurd results as

19  used.  For example, Mattel is demanding production of "YOUR phone records from

20  January 1, 2002 through the present."[22]  If Mattel's request is granted, with Mattel's

21  definition of "YOUR" still controlling, then MGA Mexico will arguably be

22  required to provide the personal telephone records of its "current or former

23  directors, officers, employees, agents, contractors, attorneys, accountants, or

24  representatives . . . and any corporation, partnership, association, trust, parent,

25  subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest, and

26

27  [21] First Set of Requests, Searcy Dec., Ex. 1 at p. 5; Second Set of Requests, Searcy
Dec., Ex. 3 at p. 273; Third Set of Requests, Searcy Dec., Ex. 5 at p. 1066.

28  [22] First Set of Requests, No. 35, Searcy Dec., Ex. 1.

OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
BY MGA MEXICO (SETS ONE – THREE)
CV-04-0049 SGL (RNBx)

EXHIBIT 17
PAGE 233

1    any other PERSON acting on its behalf" from 2002 to the present.[23]

2            Mattel's definition of "BRATZ" is impermissible.[24] The definition is

3    almost fifteen lines long and includes such broad language as "includes without

4    limitation any names, fashions, accessories, artwork, packaging, or any other

5    works, materials, matters, or items included or associated therewith." By trying to

6    include every possible related issue, Mattel has caused the defined word to lose any

7    defined boundary.

8            Mattel's definition of "FORMER MATTEL EMPLOYEE" includes

9    any Mattel employee who left Mattel to "join" MGA Mexico. Mattel does not

10   define the term "join" as used in this request. MGA Mexico's objections define

11   this term to prevent argument over who in fact is within the scope of the requests.

12           The definition of "MATTEL DOCUMENTS" includes any document

13   "taken from MATTEL" without any requirement that the document be authored by

14   Mattel. Accordingly, this definition includes any document, even if a publicly

15   available document with no relation to Mattel (such as a newspaper or magazine

16   that had been at Mattel). Absent an identifiable limitation, "MATTEL

17   DOCUMENTS" includes numerous irrelevant documents.

18           Mattel's definition of "REFER OR RELATE TO" is impermissibly

19   broad. Not only does the definition include "refer to, discuss, constitute, evidence,

20   pertain to, mention, support, undermine, disprove, refute, contradict, negate, bear

21   on, touch on, contain, embody, reflect, identify, state, deal with, concern, comment

22   on, summarize, respond to, relate to, or describe", it also includes any *synonyms* of

23   those terms.[25] As a result, Mattel's definition would require the production of

24

25   [23] Even if MGA Mexico's proposed definition of "YOU/YOUR" is accepted, this
     request is still overbroad as it would arguably require the production of telephone
26   records of any current or previous employee.
     [24] First Set of Requests, Searcy Dec., Ex. 1 at pp. 5-6; Second Set of Requests,
27   Searcy Dec., Ex. 3 at p. 275.
     [25] First Set of Requests, Searcy Dec., Ex. 1 at p. 11; Second Set of Requests, Searcy
28   Dec., Ex. 3 at p. 277; Third Set of Requests, Searcy Dec., Ex. 5 at p. 1067.

EXHIBIT 17
PAGE 234

1    documents that have no material relation whatsoever to the specific request for

2    production itself, not to mention the issues and claims remaining in this action.

3              **2.    Mattel's Requests Seek Irrelevant Information.**

4         Mattel may only seek information relevant to the Phase Two claims or

5    defenses. *See Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423-24 (9th Cir. 1995)

6    (reversing grant of motion to compel where document requests sought information

7    not relevant to any claims). Mattel's motion to compel states that it is has complied

8    with this requirement for each of the 574 requests at issue by generally grouping its

9    requests into categories. However, with the volume of discovery already available,

10   it is not sufficient for Mattel to make broad unsupported statements speculating

11   how hundreds of its requests "relate to" general issues in this case.

12        For example,[26] Mattel states that all of the 420 requests in its third set of

13   document requests "relate to" its unclean hands defense. As explained above, the

14   claim that Mattel needs more than 420 requests to explore the unclean hands

15   defense is striking. Moreover, many of the requests are overbroad or do not in fact

16   "relate" to MGA Mexico's affirmative defense of unclean hands.[27] For example,

17   Mattel asks for documents relating to communications between MGA Mexico (or

18   its affiliates) and "any regulatory body or agency, including but not limited to,

19   government regulators, with responsibility or oversight authority for the acquisition

20   of or investment in ZAPF."[28] This request is not limited in time or subject matter.

21   Accordingly, any communication had with the "regulatory body or agency"

---

22   [26] Given the breadth of Mattel's motion to compel, MGA Mexico will not list each
23   request that asks for irrelevant information. MGA Mexico's relevance objections
     are included in its objections and responses to the First, Second, and Third Set of
24   Requests. *See* MGA Mexico's Objections and Responses to Mattel Inc.'s First Set
     of Requests for Documents and Things, Searcy Dec., Ex. 2; MGA Mexico's
25   Response to Mattel, Inc.'s Second Set of Requests for Documents and Things,
     Searcy Dec., Ex. 4; MGA Mexico's Response to Mattel, Inc.'s Third Set of
26   Requests for Documents and Things, Searcy Dec., Ex. 6.
     [27] *See, e.g.*, Requests 9-12, 23-24, 26-41, 46-53, 59-60, 62-70, 86-88, 97-100, 105,
27   107-116, 148-150, 168-173, 176, 180, 193-94, 200, 220, 223-226, 249-252,
     268 276, 300-301, 317-328, 344, 386, 399, 411, 419-420.
28   [28] Third Set of Requests, No. 52.

EXHIBIT 17
PAGE 235

Case 2:04-cv-09049-DOC-RNB    Document 6901-4    Filed 10/01/09    Page 56 of 79    Page ID
#:229504
Case 2:04-cv-09049-SGL-RNB    Document 5997    Filed 07/22/2009    Page 16 of 25

1    referenced would be responsive.  Such information is not relevant to MGA

2    Mexico's affirmative defense that Mattel engaged in impermissible conduct.

3                Additionally, each of the requests relating to MGA Mexico's storage

4    facilities are not relevant to the affirmative claims and defenses in Phase 2.[29]  The

5    requests relate to "any OFFSITE STORAGE FACILITIES",[30] used by MGA

6    Mexico or its "AFFILIATES",[31] and seek information relating to "all tangible

7    things".[32]  No documents responsive to these requests, from documents identifying

8    off-site storage to documents recording tangible things that have been sent or

9    received from such sites, are relevant to any of the claims or issues in Phase 2.

10    Mattel's assertion that these requests are proper because they could relate to MGA

11    Mexico's document production procedures is simply a red herring.  To investigate

12    MGA Mexico's document production, to the extent any such investigation is

13    permitted, Mattel may ask interrogatories regarding MGA Mexico's document

14    procedures or ask for documents relating to the document collection itself.  Mattel's

15    assertion that such documents are relevant to its Phase 2 allegations rings hollow

16    when the date range of the requests is examined.[33]  The requests seek information

17    relating to off-site storage beginning in 1995.  However, Mattel alleges in its

18    counterclaims that MGA decided to establish in "late 2003 or early 2004".[34]  Given

19    this inconsistency, it is apparent that Mattel has not crafted appropriate requests

20    with respect to storage issues, and MGA Mexico should not be compelled to

21    respond.

22

23    [29] Id., Nos. 1-6.
     [30] Id., Nos. 1, 3, 5.
24    [31] Id., Nos. 2, 4, 6.
     [32] Id., Nos. 3-6.
25    [33] Most of Mattel's requests have no time limitation.  For those that do have a time
26    limitation, many ask for documents well beyond the "late 2003 or early 2004" time
     frame.  See, e.g., First Set of Requests, Nos. 35, 76, 118, 124, 127-130, 132-133,
27    136-139.
     [34] Mattel, Inc.'s Third Amended Answer in Case No. 05-2727 and Counterclaims,
28    Searcy Dec., Ex. 16, p. 1238.

EXHIBIT  17
PAGE 236

Case 2:04-cv-09049-DOC-RNB   Document 6901-4   Filed 10/01/09   Page 57 of 79   Page ID
#:229505
Case 2:04-cv-09049-SGL-RNB   Document 5997   Filed 07/22/2009   Page 17 of 25

1        **3.    Mattel's Requests Are Overbroad and Unduly Burdensome**.

2            Mattel's requests are also overly broad and unduly burdensome.

3  *O'Brien v. Maui County*, 2002 U.S. App. LEXIS 10835, at *9 (9th Cir. May 6,

4  2002) (upholding denial of motion to compel where requests were "irrelevant,

5  overbroad, and unduly burdensome"); *Davis v. Kissinger*, 2009 U.S. Dist. LEXIS

6  2828, at *10 (E.D. Cal. Jan. 8, 2009) (denying motion to compel because the

7  requests were overbroad, burdensome and not reasonably calculated to lead to the

8  discovery of admissible evidence).  Especially considering "the wealth of material

9  already made available in this case", Mattel should not be allowed to compel

10 responses where the requests are overly broad and unduly burdensome.

11 *Westhemeco, Ltd. v. New Hampshire Ins. Co.*, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

12           For example, close to half of Mattel's requests ask for all documents

13 that "REFER OR RELATE TO" the subject matter of the request.[35]  With the

14 "REFER OR RELATE TO" extrapolation included, the requests quickly become

15 overbroad.  For example, Mattel asks for all DOCUMENTS that REFER OR

16 RELATE TO the electronic messaging SYSTEMS used by YOUR employees

17 within the scope of their employment . . . including but not limited to electronic

18 mail, instant messenger, telephone or voicemail . . . ."[36]  All messages sent via these

19 systems arguably "relate to" the systems themselves.  Accordingly, such a request

20 goes beyond those issues remaining for Phase 2 of this litigation.

21           Other requests encompass all documents ever provided by MGA to a

22 "FORMER MATTEL EMPLOYEE" or vice versa.[37]  For example, Mattel asks for

23

---

24 [35] First Set of Requests, Nos. 5, 7-10, 12, 16-34, 36-46, 48, 50-52, 62, 68, 72-78,
    84, 93, 101, 111, 122, 125, 127-130, 132-135, 137, 139-140, 144-148; Second Set
25  of Requests, Nos. 1, 3, 9-13, 22-25, 31, 35-42, 46, 49-50, 62-71, 86-88, 91, 96, 99,
    104, 108-117, 136-160, 165-167, 169, 172-173, 175, 179, 181, 192-193, 197-199,
26  201, 208, 220-222, 224-227, 243, 245, 247-248, 250, 252-253, 260, 269-275, 277,
    285-287, 298-299, 317-329, 337, 345, 356, 359, 361, 365, 369, 387, 400, 404,
27  408-410, 418-420.
    [36] First Set of Requests, No. 139.
28 [37] *See, e.g., id.*, Nos. 3, 13, 14, 15, 18, 21, 26, 27, 28, 29, 30, 146, 147.

OHS West:260697810.3                          - 14 -             OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
                                                                 BY MGA MEXICO (SETS ONE – THREE)
                                                                 CV-04-0049 SGL (RNBx)

                                                           EXHIBIT    17
                                                           PAGE 237

1   "[a]ll DOCUMENTS given, sent, or transmitted from or shared by YOU to any

2   FORMER MATTEL EMPLOYEE prior to April 20, 2004"[38] and for "[a]ll

3   DOCUMENTS given, sent or transmitted to or shared with YOU from or by

4   whether directly or indirectly, any of the FORMER MATTEL EMPLOYEES prior

5   to April 20, 2004."[39] These requests include each and every document exchanged

6   between MGA Mexico and any of the FORMER MATTEL EMPLOYEES.

7   However, Mattel's counterclaims are not so broad as to include aspects of MGA

8   Mexico's business that are unrelated to Mattel. If Mattel's motion to compel is

9   granted with respect to this category, MGA Mexico will be required to produce all

10  documents and correspondence, regardless of subject matter, in response—*even*

11  *birthday cards*. Mattel is not entitled to such broad discovery. Another example is

12  "All DOCUMENTS which YOU contend were prepared by any FORMER

13  MATTEL EMPLOYEE for the benefit of YOU at any time prior to April 20,

14  2004"[40] would include any and all documents created by a former Mattel employee

15  during his or her employment at MGA Mexico, including each and every e-mail

16  that person ever sent. Even an e-mail notifying someone at the company of an issue

17  as trivial as a lightbulb that needed to be changed would be a document that was

18  "prepared" "for the benefit of" MGA Mexico.

19         Some requests go even farther afield. Mattel asks for "[a]ll

20  DOCUMENTS that REFER OR RELATE TO YOUR product or product line

21  offerings, or contemplated or proposed product or product line offerings . . . and all

22  DOCUMENTS that REFER OR RELATE TO changes or amendments or

23  contemplated or proposed changes or amendments thereto" for the years 2004

24  through 2007.[41] Arguably almost any MGA Mexico document could in some

25  manner "relate to" the "contemplated", "proposed" or actual "product line

---

26  [38] *Id.*, No. 13.

27  [39] *Id.*, No. 14.

28  [40] *Id.*, No. 3.

    [41] *Id.*, Nos. 72-75.

EXHIBIT __17__
PAGE __238__

Case 2:04-cv-09049-DOC-RNB   Document 6901-4   Filed 10/01/09   Page 59 of 79   Page ID
#:229507
Case 2:04-cv-09049-SGL-RNB   Document 5997   Filed 07/22/2009   Page 19 of 25

1  offerings".

2          Moreover, Mattel's motion impermissibly demands that MGA Mexico

3  produce documents that are readily accessible to Mattel through public sources.

4  *See Estate of Young v. Holmes*, 134 F.R.D. 291, 294 (D. Nev. 1991) (finding that a

5  party was not required to produce documents that the requesting party had equal

6  ability to obtain through public sources). For example, Mattel seeks "all

7  DOCUMENTS served, transmitted, received or filed in any lawsuit that MATTEL

8  allegedly assisted in against MGA . . . ."[42] Each document request that seeks

9  production of documents that are readily accessible to Mattel through public

10  sources is unreasonable given the volume of production and the number of requests

11  issued in this action.

12      **D.    MGA Mexico's Objections To The Requests Are Proper.**

13          MGA Mexico's objections to Mattel's discovery requests are proper.

14  MGA Mexico's objections to Mattel's requests for production are not "boilerplate"

15  objections and have been specifically tailored to each request. For example, MGA

16  Mexico lists each of the defined terms that it contends makes the request improper.

17  Additionally, MGA Mexico specifies, where possible, the portion of the request

18  that it contends makes it overbroad and unduly burdensome, including, but not

19  limited to, italicizing the portion of the request that MGA Mexico contends is

20  objectionable In essence, MGA Mexico's objections provide Mattel helpful

21  information about what MGA Mexico thinks is wrong with the request. Such

22  detailed information is not properly labeled "boilerplate."

23          Mattel's argument that MGA's objections are boilerplate appears to be

24  based on the fact that MGA's objections are thorough. However, thorough

25  objections are not boilerplate. First, as discussed above, Mattel's requests

26  themselves are vague and overbroad. Without objections, MGA Mexico would be

27

28  ───────────────
    [42] Second Set of Requests, No. 199.

OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
BY MGA MEXICO (SETS ONE – THREE)
CV-04-0049 SGL (RNBx)

EXHIBIT  17
PAGE 239

1    required to produce thousands (if not millions) of pages of unnecessary documents

2    in response to the requests. Second, given the parties' competition in the toy

3    industry, MGA Mexico is entitled to object to requests that necessarily relate to its

4    business in such a manner as to protect its interest in its business to the extent

5    permissible under the discovery rules. Finally, and perhaps most importantly, given

6    Mattel's broad interpretation of its right to discovery and its repeated refusal to

7    accept any limitation of discovery requests based upon the responding party's

8    arguments of what is reasonable, it is wholly reasonable for MGA Mexico to have

9    included all possible objections to each and every request for production

10   propounded by Mattel. In fact, Mattel's motion itself, which seeks production of

11   "all responsive, non-privileged documents" responsive to each and every one of the

12   574 requests included in its first, second and third sets of requests without any

13   limitation whatsoever, serves to illustrate why MGA Mexico's thorough and

14   detailed objections are not only reasonable but necessary.

15          Given that Mattel's requests are improper and MGA Mexico has

16   properly objected to them, the Discovery Master should deny Mattel's motion in its

17   entirety. The Discovery Master should not rewrite Mattel's irrelevant and

18   overbroad requests, so that they are narrowly tailored and proper. *See, e.g.,*

19   *Haensel v. Chrysler Corp.*, 1997 U.S. Dist. LEXIS 13160, *6 (E.D. La. Aug. 22,

20   1997) (refusing to "rewrite these requests for the plaintiffs in order to transform

21   them into narrow, specific inquiries"). That burden is properly placed on Mattel.

22   **IV.   MATTEL SHOULD BE SANCTIONED**.

23          Not only should Mattel's motion for sanctions against MGA Mexico

24   be denied, Mattel itself should be sanctioned for its use of an omnibus motion to

25   compel. Mattel's motion is particularly egregious for several reasons.

26          First, Mattel has moved to compel production for more than

27   300 documents requests to which MGA Mexico has agreed to provide documents in

28   response. Mattel then baldly asserts that MGA Mexico "appears not to have

- 17 -

EXHIBIT 17
PAGE 240

1    produced a single page of documents in this litigation."[43]  However, Mattel knows

2    that this statement is false.  This is contrary to Mattel's understanding of the MGA

3    Parties document production, as reflected in its meet-and-confer correspondence,

4    where Mattel suggested that MGA Mexico should identify each of the documents it

5    had produced in the MGA Parties' production.[44]  Additionally, Mattel has

6    previously acknowledged its receipt of MGA Mexico documents, including a "CD

7    contain[ing] the documents seized by Mexican authorities from MGA's office in

8    Mexico."[45]  In essence, Mattel refuses to review the documents previously provided

9    by the MGA Parties and instead has impermissibly attempted to shift the burden to

10   MGA Mexico to reproduce all documents previously produced by itself (or other

11   MGA Parties).  MGA Mattel's opposition to such a request is reasonable.

12          Second, Mattel's motion includes each and every request in its First,

13   Second and Third set of requests for production issued to MGA Mexico with no

14   limitations whatsoever.  At no point in the meet-and-confer process did Mattel offer

15   to eliminate or even narrow any of the 657 requests now at issue.  This is blatantly

16   apparent in Mattel's response to MGA Mexico's offer to compromise regarding the

17   165 requests where the MGA Mexico had previously not agreed to produce

18   documents.  Mattel did nothing more than relist all 165 requests in response to

19   MGA Mexico's good-faith offer to compromise.  Again, where MGA Mexico has

20   attempted to discuss legitimate limitations to the requests that would allow

21   production, Mattel should not be awarded sanctions for refusing to meaningfully

22   engage in the meet-and-confer process.

23          In fact, it is Mattel's hard-line position that has resulted in unnecessary

24   motion practice.  It is Mattel's behavior, if anything, that should be sanctioned.

25

26   [43] Motion to Compel, p. 11.
     [44] Letter from Marshall Searcy to Amman Khan, dated April 23, 2009, Searcy Dec.,
27   Ex. 11.
     [45] Letter from Jon Corey to Andrew Temkin, dated February 4, 2008, Molinski
28   Dec., Ex. C.

EXHIBIT ___17___
PAGE ___24___

Case 2:04-cv-09049-DOC-RNB   Document 6901-4   Filed 10/01/09   Page 62 of 79   Page ID
#:229510
Case 2:04-cv-09049-SGL-RNB   Document 5997   Filed 07/22/2009   Page 22 of 25

1  **V.    CONCLUSION**

2          The MGA Parties request that Mattel's motion be denied in its entirety

3  and that the MGA Parties be awarded sanctions against Mattel for its omnibus

4  motion to compel.

5  Dated:    July 22, 2009              ORRICK, HERRINGTON & SUTCLIFFE LLP

6

7                                        By: _____/s/ William A. Molinski_____

8                                              William A. Molinski
                                          Attorneys for MGA ENTERTAINMENT, INC.,
9                                          MGA ENTERTAINMENT HK, LTD., MGA de
                                          MEXICO, S.R.L. de C.V., and ISAAC LARIAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
BY MGA MEXICO (SETS ONE – THREE)
CV-04-0049 SGL (RNBx)

EXHIBIT  17
PAGE 242

1

## CERTIFICATE OF SERVICE

2          I, Maria Mercado-Navarro, declare:

3          I am more than eighteen years old and not a party to this action.  My

4   business address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street,

5   Suite 3200, Los Angeles, California 90017-5855.

6          I hereby certify that on July 22, 2009, I electronically filed the

7   following documents with the Clerk of the Court using the CM/ECF system which

8   will send notification of such filing to the parties listed below:

9          **MGA PARTIES' OPPOSITION TO MOTION TO COMPEL MGA
           MEXICO TO PRODUCE DOCUMENTS AND THINGS IN**
10         **RESPONSE TO MATTEL'S FIRST, SECOND, AND THIRD SETS OF
           REQUESTS FOR PRODUCTION TO MGA MEXICO**

11

12              **SEE ATTACHED SERVICE LIST**

13         I declare under penalty of perjury that the foregoing is true and correct
       and that I am employed in the office of a member of the bar of this court at whose
14     direction the service was made.

15         Executed on July 22, 2009, at Los Angeles, California.

16

17

18                              /s/
                        Maria Mercado-Navarro

19

20

21

22

23

24

25

26

27

28

OHS West:260698887.1                      - 1 -

EXHIBIT 17
PAGE 243

1

# PHASE 2 SERVICE LIST

2

<u>Counsel for Mattel. Inc.</u>

3

John B. Quinn, Esq.
johnquinn@quinnemanuel.com

4

Michael T. Zeller, Esq.

5

michaelzeller@quinnemanuel.com
Jon D. Corey, Esq.

6

Joncorey@quinnemanuel.com

7

Brett D. Proctor
dylanproctor@quinnemanuel.com

8

QUINN EMANUÉL URQUHART OLIVER & HEDGES, LLP

9

865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

10

Telephone: (213) 443-3000

11

Facsimile: (213) 443-3100

12

<u>Counsel for Carlos Gustavo Machado Gomez</u>

13

Mark E. Overland, Esq.
moverland@ scheperkim.com

14

Alexander H. Cote, Esq.

15

acote@ scheperkim.com
SCHEPER KIM & OVERLAND LLP

16

601 W. 5th Street, 12th Floor

17

Los Angeles, CA 90017
Telephone: (213) 613-4655

18

Facsimile: (213) 613-4656

19

20

Leah Chava Gershon, Esq.
leah@spertuslaw.com

21

JAMES W. SPERTUS LAW OFFICES

22

1990 S. Bundy Drive, Suite 705
Los Angeles, CA 90025

23

Telephone: (310) 584-7671
Facsimile: (310) 826-4711

24

25

26

27

28

EXHIBIT 17
PAGE 244

1    Counsel for Limited Intervenor, Omni 808 Investors LLC
2    Todd E. Gordinier, Esq.
     todd.gordinier@bingham.com
3    BINGHAM MCCUTCHEN LLP
4    600 Anton Blvd., 18th Floor
     Costa Mesa, CA  92626
5    Telephone:  (714) 830-0600
6    Facsimile:  (714) 830-0700

7    Additional Counsel:

8    Thomas J. Nolan, Esq.
     thomas.nolan@skadden.com
9    Raoul D. Kennedy, Esq.
     raoul.kennedy@skadden.com
10   Jason D. Russell, Esq.
     jason.russell@skadden.com
11   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
     300 South Grand Avenue
12   Suite 3400
     Los Angeles, CA 90071-3144
13   Telephone:  (213) 687-5000
     Facsimile:  (213) 687-5600
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OHS West:260698887.1                           - 2 -

EXHIBIT  17
PAGE 245

EXHIBIT 18

1

<pre>
 1                  UNITED STATES DISTRICT COURT

 2                 CENTRAL DISTRICT OF CALIFORNIA

 3                      EASTERN DIVISION

 4                        - - -

 5        HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

 6                        - - -

 7  CARTER BRYANT,                  )
                                    )
 8                  PLAINTIFF,      )
                                    )
 9          VS.                     )   NO. ED CV 04-09049
                                    )   (LEAD LOW NUMBER)
10  MATTEL, INC.,                   )
                                    )
11                  DEFENDANTS.     )   STATUS/SCHEDULING
                                    )       CONFERENCE
12  AND RELATED ACTIONS,           )
                                    )
13

14

15          REPORTER'S TRANSCRIPT OF PROCEEDINGS

16              RIVERSIDE, CALIFORNIA

17            MONDAY, FEBRUARY 12, 2007

18                  1:49 P.M.

19                              CERTIFIED
20                                COPY
21

22

23            THERESA A. LANZA, RPR, CSR
           FEDERAL OFFICIAL COURT REPORTER
24             3470 12TH STREET, RM. 134
            RIVERSIDE, CALIFORNIA  92501
25                (951) 274-0844
            CSR11457@SBCGLOBAL.NET
</pre>

EXHIBIT 18
PAGE 246

2

```
1    APPEARANCES:

2

3    ON BEHALF OF PLAINTIFF/COUNTER DEFENDANT MATTEL, INC.:

4
                         QUINN EMANUEL
5                        BY:  JOHN B. QUINN
                         865 S. FIGUEROA STREET,
6                        10TH FLOOR
                         LOS ANGELES, CALIFORNIA  90017
7                        (213) 624-7707

8

9    ON BEHALF OF PLAINTIFF/COUNTER COMPLAINANT/DEFENDANT,
     CARTER BRYANT:
10
                         LITTLER MENDELSON
11                       BY:  KEITH A. JACOBY
                         2049 CENTURY PARK EAST,
12                       FIFTH FLOOR
                         LOS ANGELES, CALIFORNIA  90067
13                       (310) 553-0308

14

15   ON BEHALF OF MGA ENTERTAINMENT:

16                       O'MELVENY & MYERS LLP
                         BY:  DIANA M. TORRES
17                       400 SOUTH HOPE STREET
                         LOS ANGELES, CA  90071-2899
18                       (213) 430-6556

19

20

21

22

23

24

25
```

2-12-07                    CV 04-09049

EXHIBIT 18
PAGE 247

3

1     RIVERSIDE, CALIFORNIA; MONDAY, FEBRUARY 12, 2007; 1:49 P.M.

2                              -oOo-

3          THE CLERK:  CALLING CALENDAR ITEM 13, CARTER BRYANT

4     VERSUS MATTEL, INC., CV 04-09049.

5          MAY WE HAVE COUNSEL PLEASE COME FORWARD AND STATE          01:49

6     YOUR APPEARANCES FOR THE RECORD.

7          MR. QUINN:  JOHN QUINN, MIKE ZELLER FOR MATTEL.

8          MR. ZELLER:  GOOD AFTERNOON.

9          MS. TORRES:  DIANA TORRES FOR MGA.

10         MR. JACOBY:  KEITH JACOBY FOR CARTER BRYANT.               01:50

11         THE COURT:  GOOD AFTERNOON.  WE'RE ON CALENDAR FOR A

12    STATUS/SCHEDULING CONFERENCE TODAY.  I'VE RECEIVED THE REPORTS

13    SUBMITTED BY COUNSEL REGARDING THE CASES.

14         I'VE ALSO, JUST AS A SIDE NOTE, RECEIVED A

15    STIPULATION AND ORDER REGARDING THE REQUEST TO EXTEND THE       01:50

16    DEADLINE WITHIN WHICH TO FILE A MOTION FOR REVIEW OF THE

17    DISCOVERY SPECIAL MASTER'S ORDER, WHICH I WILL SIGN.

18         I'VE SEEN, FROM ALL OF THE VARIOUS UNDER-SEAL

19    MATTERS, THAT YOU HAVE CERTAINLY NOT BEEN SHY ABOUT USING THE

20    SPECIAL MASTER.                                                 01:50

21         I'D LIKE TO HEAR YOUR FINAL THOUGHTS ON THIS BEFORE I

22    MAKE A FINAL DECISION, BUT I'M EVEN MORE CONVINCED TODAY THAN I

23    WAS WHEN I FIRST SUGGESTED IT THAT, IN MY VIEW, THE

24    9059-CASE -- THE CASE THAT, FROM MY ASSESSMENT OF IT, WILL

25    HOPEFULLY ANSWER THE QUESTION AS TO WHO OWNS BRATZ BETWEEN      01:51

EXHIBIT 18
PAGE 248

4

```
 1   MATTEL AND CARTER BRYANT -- IS THE CASE THAT SHOULD GO FIRST.
 2   IN MY VIEW, IT'S THE DOG THAT KIND OF WAGS THE TAIL HERE, THE
 3   TAIL BEING THE 2727-CASE.  NOT TO SUGGEST THAT ONE CASE IS ANY
 4   MORE OR ANY LESS IMPORTANT THAN THE OTHER.  I JUST THINK IT
 5   MAKES MORE SENSE, IN TERMS OF THE SEQUENCE, THAT IF WE CAN        01:51
 6   RESOLVE WHO OWNS THE DOLL IN QUESTION, THAT MANY OF THE ISSUES
 7   IN THE OTHER CASE MAY BE RESOLVED, AND IT'S JUST A CLEANER WAY
 8   OF PROCEEDING.  THAT'S WHAT I'M INCLINED TO DO.
 9           AND I APPRECIATE COUNSEL PUTTING ALTERNATIVE DATES
10   OUT, BUT BEFORE I MAKE THAT FINAL, I THOUGHT YOU MIGHT HAVE       01:52
11   SOME ADDITIONAL THOUGHTS AS YOU PREPARED FOR THE STATUS
12   CONFERENCE.
13           MR. QUINN?
14           MR. QUINN:  THANK YOU, YOUR HONOR.
15           WHEN WE WERE LAST HERE BEFORE YOUR HONOR, THE COURT       01:52
16   RAISED THE ISSUE ABOUT 'WOULD IT MAKE SENSE TO TRY THE ISSUE OF
17   BRATZ' OWNERSHIP FIRST.'  AND WHAT THE COURT JUST SAID, I
18   HEARD, TO DESCRIBE SOMETHING A LITTLE BIT DIFFERENT; THE COURT
19   REFERRED TO THE FIRST-FILED COMPLAINT, WHICH IS SOMEWHAT
20   BROADER.                                                          01:52
21           THE COURT:  SOMEWHAT, YES.
22           MR. QUINN:  BECAUSE THAT DOES ANSWER SOME OF OUR
23   CONCERNS ABOUT THAT, BECAUSE THE BREACH OF FIDUCIARY DUTIES,
24   INTERFERENCE CLAIMS AND OTHERS, ALL KIND OF AROSE FROM THE SAME
25   FACTS.                                                            01:52
```

EXHIBIT 18
PAGE 249

5

```
 1              THE COURT:  YES.

 2              MR. QUINN:  I GUESS THERE ARE STILL -- I THINK THERE

 3   ARE SOME ISSUES, YOUR HONOR, WITH TRYING TO BIFURCATE TRIAL

 4   THAT WAY, OR AT LEAST TO TRY TO MAKE THAT DECISION NOW.

 5              FOR EXAMPLE, IN THAT FIRST COMPLAINT, THERE ARE NO       01:53

 6   CLAIMS ASSERTED AGAINST MGA.  THESE CASES EVOLVED AS ADDITIONAL

 7   FACTS CAME TO LIGHT.  MGA INTERVENED IN THAT FIRST CASE BEFORE

 8   THERE WAS AN AMENDMENT TO OUR PLEADING; SO IF WE WERE JUST TO

 9   TRY THAT CASE, I GUESS WE HAVE MGA THERE AS AN

10   INTERVENOR-DEFENDANT, NEITHER ASSERTING ANY CLAIMS, NOR ON THE     01:53

11   RECEIVING END OF ANY CLAIMS.  IN EFFECT, WE HAVE TWO SETS OF

12   LAWYERS AT EVERY STAGE SPEAKING FOR THE DEFENDANTS.

13              THE COURT:  BUT DO WE EVER REALLY GET AWAY FROM THAT?

14              MR. QUINN:  WELL, I THINK WE DO GET AWAY FROM THAT IF

15   WE INCLUDE THE CLAIMS AGAINST MGA THAT NATURALLY GROW OUT OF       01:53

16   THAT FIRST COMPLAINT.

17              FOR EXAMPLE, THERE ARE CLAIMS FOR -- AND THESE ARE

18   NOW IN THE AMENDED PLEADING WHICH IS PRESENTLY FRAMED AS A

19   COUNTERCLAIM --

20              THE COURT:  RIGHT.                                      01:54

21              MR. QUINN -- CLAIMS FOR TORTIOUS INTERFERENCE; CLAIMS

22   FOR CONSPIRACY TO BREACH EMPLOYMENT OBLIGATIONS.  THOSE CLAIMS

23   MADE AGAINST MGA THAT ARISE OUT OF THOSE SAME SET OF FACTS,

24   YOUR HONOR, IT SEEMS TO ME QUITE LOGICALLY OUGHT TO BE TRIED

25   WITH THOSE OTHER CLAIMS AGAINST CARTER BRYANT.                     01:54
```

EXHIBIT 18
PAGE 250

1    THERE'S NO DISPUTE, BECAUSE MR. BRYANT HAS TESTIFIED

2    TO IT, THAT HE WAS, IN FACT, WORKING FOR MGA; THAT HE WAS PAID

3    BY MGA; THAT HE DID ASSIGNMENTS FOR MGA; ALL WHILE HE WAS STILL

4    EMPLOYED BY MATTEL.  SO TO SORT OF PRETEND THOSE CLAIMS AREN'T

5    THERE AND ALLOW MGA TO PARTICIPATE WITH A SECOND SET OF LAWYERS    01:54

6    THERE ON THE DEFENSE SIDE WITHOUT INCLUDING THOSE CLAIMS SEEMS

7    BOTH IN EFFICIENT AND PARTICULARLY UNFAIR BECAUSE THOSE CLAIMS

8    ARE ALL THERE.

9    WHATEVER HAPPENS IN THAT FIRST TRIAL, YOU WOULD STILL

10   HAVE -- I MEAN, IF THE ISSUE IS BRATZ OWNERSHIP, THAT'S NOT       01:55

11   GOING TO RESOLVE THE QUESTION OF DID HE BREACH HIS FIDUCIARY

12   DUTIES.  AND EVEN IF HE DIDN'T CREATE SOMETHING THAT MATTEL NOW

13   OWNS, AND THE JURY FINDS MATTEL DOESN'T OWN IT, FOR WHATEVER

14   REASON, THAT DOESN'T DISPOSE OF THE REASON OF WAS IT RIGHT FOR

15   HIM TO RECEIVE MONEY FROM MGA AND DO WORK FOR MGA WHETHER OR       01:55

16   NOT HE CREATED SOMETHING THAT WE OWN?  THOSE CLAIMS ARE ALL NOT

17   GOING TO BE DISPOSED OF IN ANY EVENT.

18   SO IF WE'RE GOING TO FOCUS ON THOSE FIRST SET OF

19   ISSUES ABOUT BRYANT AND WHAT HE DID WHEN HE WAS EMPLOYED BY

20   MATTEL UNNECESSARILY, I THINK WE'RE GOING TO HAVE TO ADDRESS       01:55

21   MGA'S INVOLVEMENT, AND IT DOESN'T MAKE A WHOLE LOT OF SENSE, IT

22   SEEMS, TO SORT OF KEEP THOSE OUT FOR A SECOND TRIAL.

23   THE OTHER THING I WOULD SAY, YOUR HONOR, AND REALLY

24   WITH RESPECT TO THE RICO CLAIM, I WOULD SUBMIT, YOUR HONOR,

25   THAT IT'S FAIR AND APPROPRIATE THAT MATTEL SHOULD BE PERMITTED     01:56

EXHIBIT 18
PAGE 251

1    TO PRESENT TO THE JURY ALL THE RACKETEERING ACTS AT ONCE.

2              FOR EXAMPLE, IF THIS WERE A CASE THAT INVOLVED SIX

3    BROKEN WINDOWS OR SIX ACTS OF THEFT, IT WOULD BE APPROPRIATE

4    THAT THE PLAINTIFF BE ABLE TO BE PERMITTED TO PRESENT TO THE

5    JURY ALL SIX ACTS AT ONCE.  THE JURY IS ENTITLED TO -- I'M SURE          01:56

6    WE'RE GOING TO HEAR A DEFENSE OF 'WE DIDN'T DO ANYTHING

7    INTENTIONALLY; WE ACTED IN GOOD FAITH.'

8              THE COURT:  COUNSEL, IF YOU'RE CORRECT, THOUGH, THAT

9    MATTEL OWNS BRATZ, YOU'LL STILL BE ABLE TO PRESENT THAT AT THE

10   SECOND TRIAL.                                                            01:56

11             MR. QUINN:  THEN WHAT WILL WE HAVE?  A JURY

12   INSTRUCTION ON THE ISSUE?  OR ARE WE GOING TO PRESENT THE SAME

13   EVIDENCE AGAIN?  OR EXACTLY HOW WILL THAT PROCEED?

14             THE COURT:  IT WILL HAVE BEEN DECIDED, I PRESUME, BY

15   THAT POINT.  OR NOT.                                                     01:57

16             MR. QUINN:  I THINK THE JURY IS ENTITLED -- MATTEL

17   SHOULD BE PERMITTED TO PRESENT TO THE JURY THE FACTS AND

18   CIRCUMSTANCES CONCERNING THAT THEFT.  UNLESS THE JURY IS SIMPLY

19   GOING TO BE INSTRUCTED THAT IT HAS ALREADY BEEN DETERMINED THAT

20   THIS WAS STOLEN.                                                         01:57

21             THE COURT:  OR, ALTERNATIVELY, IF IT'S ALREADY BEEN

22   DETERMINED THAT IT WAS NOT STOLEN.

23             MR. QUINN:  PRESUMABLY THEN IT WON'T BE AN ISSUE AT

24   ALL.

25             THE COURT:  THAT'S THE EFFICIENCY, BUT THAT'S JUST            01:57

8

1   HARD TO SOLVE AT THIS POINT.

2          MR. QUINN:  BECAUSE THE OTHER ACTS OF THEFT REALLY --

3   THE RACKETEERING ACTS, THE PATTERN -- ALL RELATE TO THEFT OF

4   TRADE SECRETS THAT DON'T FALL ONE WAY OR ANOTHER ON THE ISSUE

5   OF WHO OWNS BRATZ.                                              01:58

6          THAT WOULD BE MY PITCH, YOUR HONOR, TO THE EXTENT THE

7   COURT IS INCLINED TO MAKE A DECISION NOW.

8          AND AS WE INDICATED IN OUR PAPERS, WE REALLY THINK

9   IT'S KIND OF PREMATURE AT THIS STAGE TO TRY TO STRUCTURE THE

10  TRIAL; THAT THERE ISN'T A REASON TO TRY TO DECIDE THAT RIGHT    01:58

11  NOW.  BOTH SIDES HAVE SUBMITTED PROPOSALS THAT DISCOVERY ON

12  BOTH CASES GO FORWARD FOR THE TIME BEING.

13         THE DEFENDANTS HAVE A DIFFERENT VIEW ON WHEN

14  DISCOVERY OUGHT TO CUT OFF AS TO THE FIRST STAGE, BUT BOTH

15  SIDES HAVE PRESENTED PROPOSALS THAT DISCOVERY SHOULD GO FORWARD 01:58

16  ON BOTH CASES AT THE SAME TIME.  AND WE WOULD SUGGEST, YOUR

17  HONOR, THAT THERE REALLY ISN'T A GOOD REASON RIGHT NOW TO TRY

18  TO BIFURCATE THE TRIAL.

19         THE COURT:  SPEAKING OF DISCOVERY -- AND THIS IS PART

20  OF WHAT GIVES THE COURT SO MUCH PAUSE IN TERMS OF CONTINUING TO 01:58

21  LET THIS CASE GO ON WITHOUT SOME KIND OF PARAMETERS -- THAT IS

22  THE MUTUAL REQUEST FOR NO LIMIT ON THE NUMBER OF EXPERT

23  DEPOSITIONS.  YOU'RE ASKING FOR 40 NONEXPERT DEPOSITIONS WITH

24  NO LIMIT ON THE NUMBER OF RULE 30(B) WITNESSES.

25         THAT IS DISCONCERTING.                                   01:59

EXHIBIT 18
PAGE 253

```
 1            MR. QUINN:  I UNDERSTAND WHY THAT WOULD BE
 2   DISCONCERTING TO THE COURT, YOUR HONOR.
 3            THE COURT:  WE'VE GOT A SPECIAL MASTER NOW.  I HAVE
 4   THESE VISIONS OF THIS CASE, AND HAVING SEEN WHAT'S GONE THROUGH
 5   TO THE SPECIAL MASTER, I --                              01:59
 6            MR. QUINN:  THINGS ARE MOVING NOW.
 7            JUDGE INFANTE, ALTHOUGH HE'S VERY MUCH IN DEMAND AND
 8   HE HAS A BUSY CALENDAR, WE CAN GET ON HIS CALENDAR AND HE MAKES
 9   DECISIONS; SO WE'RE OPTIMISTIC NOW THAT WE ARE AT LAST GOING TO
10   BE ABLE TO MOVE FORWARD IN DISCOVERY.                    01:59
11            BUT THIS IS A CASE THAT, IF WE'RE LOOKING AT ALL OF
12   THE PLEADINGS AND ALL OF THE CLAIMS, COVER A VERY, VERY BROAD
13   SCOPE OF ACTIVITY.  I DON'T THINK EITHER SIDE IS GRATUITOUSLY
14   REQUESTING --
15            THE COURT:  AND I'M NOT SUGGESTING THAT, COUNSEL, BUT  02:00
16   I AM GOING TO PUT A LIMIT ON THEM, AND I DON'T LIKE TO JUST
17   COME UP WITH A NUMBER.  I'D RATHER ONE BE SUGGESTED.
18            AT THIS POINT, YOU CERTAINLY HAVE TO HAVE SOME SENSE
19   OF GENERAL AREAS WHERE YOU'RE GOING TO HAVE EXPERT WITNESSES.
20   AN OUTER LIMIT OF THAT WOULD BE WHAT?                    02:00
21            INFINITY JUST DOESN'T WORK.
22            MR. QUINN:  YOUR HONOR, I'M SURE WE COULD COME UP
23   WITH AN OUTER LIMIT.  WE HAVE EVERYTHING FROM VARIOUS TYPES OF
24   MARKETING EXPERTS, TRADE SECRET EXPERTS, TO VALUING OF TRADE
25   SECRET INFORMATION; SEVERAL DIFFERENT CATEGORIES OF       02:00
```

EXHIBIT 18
PAGE 254

1   INFORMATION.  AS THE COURT KNOWS, WE HAVE INK-QUESTIONED

2   DOCUMENT-ANALYSIS-TYPE EXPERTS.  I THINK THERE ARE GOOD REASONS

3   TO THINK THAT THERE MIGHT BE, ON BOTH SIDES, SOME

4   SIGNIFICANT -- WHAT THE NUMBER IS, FIVE TO TEN?  SOMEWHERE IN

5   THERE.                                                          02:01

6          THE COURT:  MY LAW CLERK AND I DURING THE LUNCH HOUR

7   WERE ABLE TO COME UP WITH A NUMBER IN THE HIGH TEENS, BUT IT'S

8   STILL NOT AN INFINITE NUMBER.

9          MR. QUINN:  I'M SURE WE COULD COME UP WITH A

10  NOT-TO-EXCEED NUMBER, IF THAT WOULD BE HELPFUL AT THIS POINT.   02:01

11  BUT THIS IS A CASE WHERE, IN A RECENT INTERROGATORY ANSWER

12  ABOUT PERSONS KNOWLEDGEABLE, THERE WERE SOME 70 PERSONS

13  IDENTIFIED IN AN ANSWER TO AN INTERROGATORY.

14         THIS IS REALLY NOT A CASE WHERE --

15         THE COURT:  I PRESUME THOSE WERE THE PERSONS            02:01

16  KNOWLEDGEABLE AND NOT NECESSARILY THE PERSONS MOST

17  KNOWLEDGEABLE.

18         MR. QUINN:  NOT NECESSARILY PERSONS MOST

19  KNOWLEDGEABLE, BUT FACT WITNESSES; PERSONS HAVING KNOWLEDGE OF

20  CERTAIN KINDS OF FACTS.                                        02:01

21         PART OF THE PROBLEM IN THIS CASE, YOUR HONOR -- AND I

22  KNOW THIS IS THE LAST THING THE COURT WANTS TO HEAR OR GET INTO

23  AT THIS POINT, AND IT'S NOT SOMETHING I TAKE ANY PLEASURE IN

24  BRINGING UP, BUT I'LL JUST SAY THAT IT HAS BEEN VERY, VERY

25  DIFFICULT TO GET DISCOVERY GOING IN THIS CASE.                 02:01

1        THE DEFENDANTS SO FAR HAVE PRODUCED THREE WITNESSES

2   FOR DEPOSITION.  TWO OF THEM, MR. BRYANT AND MR. LARIAN, IT

3   REQUIRED TWO COURT ORDERS TO GET THEM TO APPEAR.  MR. BRYANT

4   WAS INSTRUCTED NOT TO ANSWER QUESTIONS ALMOST ONE HUNDRED

5   TIMES.  WE'VE MOVED ON 67 OF THOSE AND THAT'S GOING TO BE          02:02

6   BEFORE JUDGE INFANTE.  THE ONE WITNESS THEY VOLUNTARILY

7   PRODUCED BY THE NAME OF BRODEY THAT MGA PRODUCED, WE HAD TO

8   TERMINATE THE DEPOSITION WITHIN ONE HOUR BECAUSE THE WITNESS

9   WAS INSTRUCTED NOT TO ANSWER QUESTIONS REGARDING E-MAILS THAT

10  THIS WITNESS WROTE.  IT WASN'T A CLAIM OF PRIVILEGE.  THEY JUST    02:02

11  SAID IT'S IRRELEVANT.  SO WE TERMINATED THAT, AND THAT'S NOW

12  TEED UP BEFORE JUDGE INFANTE.

13        THE COURT KNOWS THERE'S AN ISSUE ABOUT EXAMINATION

14  AND TESTING OF ORIGINAL QUESTIONED DOCUMENTS.  YOUR HONOR, WE

15  STILL DON'T HAVE ALL THOSE DOCUMENTS, NOTWITHSTANDING THE FACT     02:02

16  THAT THERE WAS -- THE REPRESENTATION WAS MADE IN JUDGE BLOCK'S

17  COURTROOM THAT THOSE WOULD BE PRODUCED WITHIN 15 DAYS, MANY

18  MANY MONTHS AGO.  THAT DIDN'T HAPPEN.  THAT'S NOW GOING TO BE

19  DECIDED TOMORROW BEFORE JUDGE INFANTE.

20        THERE WERE VOLUMINOUS DOCUMENTS, MANY DIFFERENT             02:03

21  DOCUMENTS, THAT WE WERE SEEKING AND HAVE SOUGHT FOR A LONG

22  TIME.  JUDGE INFANTE, WE FINALLY GOT THAT BEFORE HIM.  HE

23  GRANTED OUR MOTION ALMOST IN ITS ENTIRETY.  I THINK THINGS ARE

24  GOING TO CHANGE NOW.  I'M OPTIMISTIC THAT THINGS WILL CHANGE

25  NOW.                                                              02:03

EXHIBIT 18
PAGE 256

12

1    BUT THE IMPORTANT POINT IS, THAT I WOULD HOPE THE

2  COURT WOULD APPRECIATE, IS THAT NOTWITHSTANDING THE AMOUNT OF

3  TIME THAT'S GONE BY SINCE THIS CASE WAS FILED, DISCOVERY IS

4  NOWHERE NEAR AS FAR ALONG AS ONE MIGHT EXPECT.  IN PART, IT'S

5  BECAUSE OF THE STAY.  BUT IT'S, IN PART, BECAUSE OF JUST THE          02:03

6  INABILITY TO GET ANYWHERE.  AND I DO THINK THAT'S GOING TO

7  CHANGE NOW.

8    WE HAVE NO INTEREST IN TAKING DISCOVERY GRATUITOUSLY

9  OR JUST TO TAKE DISCOVERY, BUT THERE ARE A LOT OF DIFFERENT

10 SUBJECTS THAT NEED TO BE COVERED AND WE'RE STILL AT A PRETTY         02:04

11 EARLY STAGE IN THAT REGARD.

12    THE COURT:  LET ME HEAR FROM MS. TORRES FROM MGA.

13    MS. TORRES:  THANK YOU, YOUR HONOR.

14    AT A CERTAIN POINT, THE LITIGATION DOES HAVE TO GO

15 FORWARD.  AND I WILL SUBMIT TO YOU THAT MATTEL NEVER REALLY          02:04

16 SOUGHT TO MAKE IT GO FORWARD UNTIL JANUARY WHEN THIS COURT SAID

17 'I WANT A SCHEDULE.'

18    MR. QUINN JUST WENT THROUGH A LAUNDRY LIST OF

19 HORRIBLES ABOUT WHAT TYPE OF DISCOVERY-OBSTRUCTIONIST TACTICS

20 WE'VE ENGAGED IN, AND THE FACT OF THE MATTER IS HIS INFORMATION      02:04

21 IS INCOMPLETE, SUFFICE IT TO SAY; THINGS LIKE THE MOTION TO

22 COMPEL CARTER BRYANT FOR DEPOSITION.

23    YES, THEY MOVED TO COMPEL CARTER BRYANT FOR

24 DEPOSITION, AND THEY WERE ABLE TO COMPEL HIM.  BUT NOT UNTIL

25 AFTER WE GOT A PROTECTIVE ORDER REQUIRING THEM TO PRODUCE            02:05

EXHIBIT 18
PAGE 257

13

```
 1   DOCUMENTS.

 2           THERE HAS BEEN A DELAY FOR A START-UP TIME IN GETTING

 3   DISCOVERY GOING, BUT FRANKLY IT HAS BEEN MORE BECAUSE WHAT THEY

 4   WANT IN DISCOVERY IS SCORCHED-EARTH DISCOVERY TO BE ABLE TO

 5   FIND THEIR THEORIES.                                            02:05

 6           THE COURT:  THE COURT HAS TAKEN A LOOK, A GANDER, A

 7   PERUSAL, OF SOME OF THE DOCUMENTS THAT HAVE BEEN GOING UP TO

 8   JUDGE INFANTE.  ADMITTEDLY, I HAVE BEEN CONCERNED AT SOME OF

 9   THE THINGS THAT I HAVE OBSERVED THE FIGHT GOING ON OVER.  AND

10   JUST SINCE YOU'RE THE ONE THAT HAS THE LECTERN RIGHT NOW, A     02:05

11   RECENT EXAMPLE, THE COURT SAW THAT THERE WERE DRAWINGS THAT

12   MR. BRYANT DID OF BRATZ DOLLS THAT WERE NOT TURNED OVER, AND

13   SOME OF THIS STUFF JUST SEEMS LIKE IT WOULD BE PRETTY OBVIOUS

14   THAT THIS WOULD BE THE TYPE OF THING THAT WOULD BE RELEVANT

15   THAT WOULD HAVE TO BE TURNED OVER UP FRONT.                     02:06

16           MS. TORRES:  THE ISSUE OF THE BRATZ DRAWINGS IS

17   WHETHER OR NOT THEY WERE FIRST-GENERATION BRATZ OR SUBSEQUENT-

18   GENERATION BRATZ.  AND WHEN THE CASE WAS SIMPLY THE MATTEL V.

19   BRYANT CASE, WE -- AND EARLY IN THIS CASE IT WAS MR. BRYANT,

20   BUT ALSO MGA -- AGREED TO PRODUCE FIRST-GENERATION BRATZ        02:06

21   DOCUMENTS, AND WE DID.

22           WHAT THEY MOVED TO COMPEL ON WERE POST-FIRST-

23   GENERATION BRATZ DOCUMENTS, AND THE REASON JUDGE INFANTE

24   GRANTED THAT WAS BECAUSE NOW SUBSEQUENT-GENERATION BRATZ ARE AT

25   ISSUE.  BUT THEY WEREN'T AT ISSUE IN THE ORIGINAL CASE THAT WAS 02:06
```

EXHIBIT 18
PAGE 258