C.     DOCUMENTS shall be produced in their original file folders, or other native format. If the DOCUMENTS are in their original file folders, in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

D.     The DOCUMENTS should be produced in their complete and unaltered form. Attachments to DOCUMENTS should not be removed. The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance. If emails are produced that had attachments, the attachments shall be attached when produced.

E.     DOCUMENTS in electronic form shall be produced in that form.

F.     In the event that any DOCUMENT called for by these requests has been destroyed or discarded, that DOCUMENT is to be identified by stating:

1.     the date and type of the DOCUMENT, the author(s) and all recipients;

2.     the DOCUMENT's date, subject matter, number of pages, and attachments or appendices;

3.     the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard;

4.     the PERSONS who were authorized to carry out such destruction or discard;

5.     the PERSONS who have knowledge of the content, origins, distribution and destruction of the DOCUMENT; and

6.     whether any copies of the DOCUMENT exist and, if so, the name of the custodian of each copy.

EXHIBIT 34
PAGE 544

## III.   REQUESTS FOR DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 1:

All YOUR audited and unaudited monthly, quarterly and annual financial statements covering or RELATING TO any period on or after January 1, 2007, including without limitation balance sheets, income statements, profit and loss statements, consolidated statements of operations, cash flow statements and statements of retained earnings.

REQUEST FOR PRODUCTION NO. 2:

All agreements and contracts with any lenders to or creditors of MGA covering, RELATING TO, in effect, dated or entered into on or after January 1, 2007, including without limitation loan agreements, credit agreements, financing agreements, lines of credit and promissory notes, and any amendments or modifications thereto, and any notices of default and COMMUNICATIONS REFERRING OR RELATING TO any such agreements and contracts.

REQUEST FOR PRODUCTION NO. 3:

To the extent not produced in response to any other Request, DOCUMENTS sufficient to IDENTIFY each other PERSON from whom YOU sought, solicited, requested, obtained, received or were denied credit, financing or funding on or after January 1, 2007 and sufficient to show the amount(s) and terms involved.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS REFERRING OR RELATING TO YOUR solvency or insolvency, or whether YOUR liabilities exceed YOUR assets, for any period on or after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this action).

1   REQUEST FOR PRODUCTION NO. 5:

2          All DOCUMENTS REFERRING OR RELATING TO any

3   representation or statement made by YOU about YOUR solvency or insolvency, or

4   whether YOUR liabilities exceed YOUR assets, for any period on or after January 1,

5   2007 (excluding pleadings served by YOU on MATTEL in this action).

6

7   REQUEST FOR PRODUCTION NO. 6:

8          All DOCUMENTS REFERRING OR RELATING TO YOUR net

9   worth for any period on or after January 1, 2007 (excluding pleadings served by

10   YOU on MATTEL in this action).

11

12   REQUEST FOR PRODUCTION NO. 7:

13          All DOCUMENTS REFERRING OR RELATING TO ISAAC

14   LARIAN's net worth for any period on or after January 1, 2007 (excluding

15   pleadings served by YOU on MATTEL in this action).

16

17   REQUEST FOR PRODUCTION NO. 8:

18          All DOCUMENTS REFERRING OR RELATING TO orders,

19   including without limitation cancelled or held orders, for BRATZ products for

20   Spring 2009, and all COMMUNICATIONS with retailers and other prospective

21   purchasers REFERRING OR RELATING TO any such orders.

22

23   REQUEST FOR PRODUCTION NO. 9:

24          All DOCUMENTS REFERRING OR RELATING TO orders,

25   including without limitation cancelled or held orders, for BRATZ products for Fall

26   2009, and all COMMUNICATIONS with retailers and other prospective purchasers

27   REFERRING OR RELATING TO any such orders.

28

EXHIBIT 37
PAGE 546

REQUEST FOR PRODUCTION NO. 10:

All DOCUMENTS REFERRING OR RELATING TO the transfer of any ITEM OF VALUE by MGA to, or for the benefit of, ISAAC LARIAN, any member of ISAAC LARIAN's family or any entity controlled by ISAAC LARIAN or any member of ISAAC LARIAN's family, since January 1, 2007.

REQUEST FOR PRODUCTION NO. 11:

All COMMUNICATIONS between YOU and any third-party, including without limitation any retailer or distributor but excluding MATTEL and any Court, REFERRING OR RELATING TO YOUR *ex parte* application for stay pending appeal, filed December 11, 2008, including without limitation any declaration, whether final, draft, proposed or requested, in connection therewith and copies of all draft declarations in connection therewith.

REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS REFERRING OR RELATING TO capital contributions to MGA since January 1, 2007.

REQUEST FOR PRODUCTION NO. 13:

All DOCUMENTS showing MGA's projected revenue, costs, profits or financial performance for any period since January 1, 2007.

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS REFERRING OR RELATING TO any transfer of any ITEM OF VALUE or other transaction between (i) MGA, and (ii) ISAAC LARIAN, any ISAAC LARIAN family member, any PERSON controlled, directly or indirectly by ISAAC LARIAN, or any PERSON controlled, directly or indirectly, by any ISAAC LARIAN family member since January 1, 2007.

REQUEST FOR PRODUCTION NO. 15:

All W-2s REFERRING OR RELATING TO any ISAAC LARIAN family member since January 1, 2007.

REQUEST FOR PRODUCTION NO. 16:

All DOCUMENTS REFERRING OR RELATING TO any sale, distribution or transfer by MGA of BRATZ products having a retail value greater than $50,000 other than to retailers in the ordinary course of business since January 1, 2007.

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS REFERRING OR RELATING TO agreements, transactions, sales, shipments or the transfer of any ITEM OF VALUE between MGA and IGWT Group, LLC.

REQUEST FOR PRODUCTION NO. 18:

All DOCUMENTS REFERRING OR RELATING TO the alleged transfer of product from MGA to IGWT Group, LLC pursuant to the Inventory Purchase Agreement dated July 7, 2008, including without limitation all audits or other valuations performed in connection with such product, any opinions RELATING TO the fairness or unfairness of such transfer, all MGA corporate or director resolutions or approvals of such transfer, all bids received or solicited in connection with the purported sale or offering for sale of such product, the terms of such bids and any other and all COMMUNICATIONS relating to any of the foregoing.

EXHIBIT 39
PAGE 548

1  REQUEST FOR PRODUCTION NO. 19:

2          All DOCUMENTS REFERRING OR RELATING TO the revenue

3  generated by IGWT Group, LLC's sales, licensing, distribution or other transfer of

4  BRATZ products and the transfer or disposition of such revenue.

5

6  REQUEST FOR PRODUCTION NO. 20:

7          All DOCUMENTS REFERRING OR RELATING TO agreements,

8  contracts, transactions, sales, shipments or transfers of any ITEM OF VALUE

9  between MGA and IGWT 826 Investments, LLC.

10

11  REQUEST FOR PRODUCTION NO. 21:

12          All DOCUMENTS REFERRING OR RELATING TO the revenue

13  generated by IGWT 826 Investments, LLC's sales, licensing, distribution or other

14  transfer of BRATZ products and the transfer or disposition of such revenue.

15

16  REQUEST FOR PRODUCTION NO. 22:

17          All agreements, contracts and written COMMUNICATIONS between

18  MGA and Wachovia since January 1, 2007.

19

20  REQUEST FOR PRODUCTION NO. 23:

21          All agreements and contracts REFERRING OR RELATING TO any

22  indebtedness owed to Wachovia or any credit extended by Wachovia since January

23  1, 2007, and any amendments or modifications thereto, and any

24  COMMUNICATIONS RELATED TO any such agreements or contracts.

25

26  REQUEST FOR PRODUCTION NO. 24:

27          All DOCUMENTS REFERRING OR RELATING TO agreements,

28  contracts or transactions between MGA and OMNI 808 INVESTORS, LLC, and

07209/2753498.1

-13-
MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO ISAAC LARIAN (Phase 2)

EXHIBIT __39
PAGE 549

1  any amendments or modifications thereto, and any COMMUNICATIONS

2  REFERRING OR RELATING TO any such agreements, contracts or transactions.

3

4  REQUEST FOR PRODUCTION NO. 25:

5        All DOCUMENTS containing financial information, including but not

6  limited to YOUR historical and prospective financial performance, provided by

7  YOU to OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC or LEXINGTON

8  FINANCIAL, LLC since January 1, 2008.

9

10  REQUEST FOR PRODUCTION NO. 26:

11        All DOCUMENTS REFERRING OR RELATING TO agreements,

12  contracts or transactions between LEXINGTON FINANCIAL, LLC and MGA or

13  any other PERSON, and any amendments or modifications thereto, and any

14  COMMUNICATIONS REFERRING OR RELATING TO any such agreements,

15  contracts or transactions.

16

17  REQUEST FOR PRODUCTION NO. 27:

18        All DOCUMENTS REFERRING OR RELATING TO agreements,

19  contracts or transactions between VISION CAPITAL, LLC and MGA or any other

20  PERSON, and any amendments or modifications thereto, and any

21  COMMUNICATIONS REFERRING OR RELATING TO any such agreements,

22  contracts or transactions.

23

24  REQUEST FOR PRODUCTION NO. 28:

25        DOCUMENTS sufficient to IDENTIFY each member, managing

26  member, holder of any ownership interest in, shareholder, officer and director of

27  IGWT Group, LLC.

28

1  REQUEST FOR PRODUCTION NO. 29:

2          DOCUMENTS sufficient to IDENTIFY each member, managing

3  member, holder of any ownership interest in, shareholder, officer and director of

4  IGWT 826 Investments, LLC.

5

6  REQUEST FOR PRODUCTION NO. 30:

7          DOCUMENTS sufficient to IDENTIFY each member, managing

8  member, holder of any ownership interest in, shareholder, officer and director  of

9  OMNI 808 INVESTORS, LLC.

10

11  REQUEST FOR PRODUCTION NO. 31:

12          DOCUMENTS sufficient to IDENTIFY each member, managing

13  member, holder of any ownership interest in, shareholder, officer and director of

14  VISION CAPITAL, LLC.

15

16  REQUEST FOR PRODUCTION NO. 32:

17          DOCUMENTS sufficient to IDENTIFY each member, managing

18  member, holder of any ownership interest in, shareholder, officer and director of

19  LEXINGTON FINANCIAL, LLC.

20

21  REQUEST FOR PRODUCTION NO. 33:

22          All DOCUMENTS RELATING TO any transfer of any funds, monies

23  or any ITEM OF VALUE from, or any extension of credit or funding by,

24  LEXINGTON FINANCIAL, LLC to YOU or LARIAN.

25

26

27

28

EXHIBIT 39
PAGE 551

1   REQUEST FOR PRODUCTION NO. 34:

2          All DOCUMENTS RELATING TO any transfer of any funds, monies

3   or any ITEM OF VALUE to or from, or any extension of credit or funding by or to,

4   LEXINGTON FINANCIAL, LLC, whether directly or indirectly.

5

6   REQUEST FOR PRODUCTION NO. 35:

7          DOCUMENTS sufficient to IDENTIFY each member, managing

8   member, holder of any ownership interest in, shareholder, officer and director of

9   IGWT Group, LLC.

10

11  REQUEST FOR PRODUCTION NO. 36:

12         DOCUMENTS sufficient to IDENTIFY each member, managing

13  member, holder of any ownership interest in, shareholder, officer and director of

14  IGWT 826 Investments, LLC.

15

16  REQUEST FOR PRODUCTION NO. 37:

17         DOCUMENTS sufficient to IDENTIFY each of YOUR bank accounts

18  since January 1, 2007.

19

20  REQUEST FOR PRODUCTION NO. 38:

21         DOCUMENTS sufficient to IDENTIFY each bank account to or from

22  which Isaac Larian has transferred or has had transferred any ITEM OF VALUE

23  since January 1, 2007.

24

25  REQUEST FOR PRODUCTION NO. 39:

26         DOCUMENTS sufficient to IDENTIFY each bank account to or from

27  which OMNI 808 INVESTORS, LLC has transferred or has had transferred any

28  ITEM OF VALUE since January 1, 2007.

EXHIBIT 39
PAGE 552

REQUEST FOR PRODUCTION NO. 40:

DOCUMENTS sufficient to IDENTIFY each bank account to or from which IGWT Group, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

REQUEST FOR PRODUCTION NO. 41:

DOCUMENTS sufficient to IDENTIFY each bank account to or from which IGWT 826 Investments, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

REQUEST FOR PRODUCTION NO. 42:

All COMMUNICATIONS between or among YOU, IGWT 826 Investments, LLC and/or IGWT Group, LLC REFERRING OR RELATING TO MATTEL and/or BRATZ.

REQUEST FOR PRODUCTION NO. 43:

All COMMUNICATIONS between or among YOU, OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC and/or LEXINGTON FINANCIAL, LLC REFERRING OR RELATING TO MATTEL, MGA, LARIAN and/or BRATZ.

REQUEST FOR PRODUCTION NO. 44:

All COMMUNICATIONS between YOU and MASHIAN REFERRING OR RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

1  REQUEST FOR PRODUCTION NO. 45:

2  　　　　All COMMUNICATIONS between YOU and Neil Kadisha

3  REFERRING OR RELATING TO OMNI 808 INVESTORS, LLC, VISION

4  CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN

5  and/or BRATZ.

6

7  REQUEST FOR PRODUCTION NO. 46:

8  　　　　All COMMUNICATIONS between YOU and OMNI 808

9  INVESTORS, LLC REFERRING OR RELATING TO VISION CAPITAL, LLC,

10  LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

11

12  REQUEST FOR PRODUCTION NO. 47:

13  　　　　All COMMUNICATIONS REFERRING OR RELATING TO VISION

14  CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808

15  INVESTORS, LLC.

16

17  REQUEST FOR PRODUCTION NO. 48:

18  　　　　DOCUMENTS sufficient to IDENTIFY each bank account to or from

19  which VISION CAPITAL, LLC has transferred or has had transferred any ITEM

20  OF VALUE since January 1, 2007.

21

22  REQUEST FOR PRODUCTION NO. 49:

23  　　　　DOCUMENTS sufficient to IDENTIFY each bank account to or from

24  which LEXINGTON FINANCIAL, LLC has transferred or has had transferred any

25  ITEM OF VALUE since January 1, 2007.

26

27

28

-18-

EXHIBIT 39

PAGE 554

1  REQUEST FOR PRODUCTION NO. 50:

2          DOCUMENTS sufficient to IDENTIFY each licensee of any BRATZ

3  product since January 1, 2007.

4

5  REQUEST FOR PRODUCTION NO. 51:

6          DOCUMENTS sufficient to show the amount of payments made to

7  YOU by each licensee of any BRATZ product since January 1, 2007.

8

9  REQUEST FOR PRODUCTION NO. 52:

10         A sample of each BRATZ product manufactured, sold, offered for sale,

11  marketed or distributed by YOU since January 1, 2008.

12

13  REQUEST FOR PRODUCTION NO. 53:

14         To the extent not produced in response to any other Request, a sample

15  of each core BRATZ female fashion doll manufactured, sold, offered for sale,

16  marketed or distributed by YOU since January 1, 2008.

17

18  REQUEST FOR PRODUCTION NO. 54:

19         All registrations, and applications for registration, for any trademark or

20  service mark that constitutes, includes or incorporates in any manner the term

21  "BRATZ."

22

23  REQUEST FOR PRODUCTION NO. 55:

24         All registrations, and applications for registration, for any trademark or

25  service mark that constitutes, includes or incorporates in any manner the term

26  "Jade."

27

28

EXHIBIT 39

PAGE 556

1   **REQUEST FOR PRODUCTION NO. 56:**

2         All COMMUNICATIONS with any Trademark Office or governmental

3   entity REFERRING OR RELATING TO any registration, or application for

4   registration, for any trademark or service mark that constitutes, includes or

5   incorporates in any manner the term "BRATZ."

6

7   **REQUEST FOR PRODUCTION NO. 57:**

8         All COMMUNICATIONS with any Trademark Office or governmental

9   entity REFERRING OR RELATING TO any registration, or application for

10   registration, for any trademark or service mark that constitutes, includes or

11   incorporates in any manner the term "Jade."

12

13

14   DATED:  January 7, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

15

16                        By _Jon D Corey_

17                          Jon D. Corey
                       Attorneys for Mattel, Inc.

18

19

20

21

22

23

24

25

26

27

28

-20-

MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO ISAAC LARIAN  (Phase 2)

EXHIBIT 39
PAGE 557

EXHIBIT 40

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 |    John B. Quinn (Bar No. 090378)
   johnquinn@quinnemanuel.com
3 |    Michael T. Zeller (Bar No. 196417)
   (michaelzeller@quinnemanuel.com)
4 |    Jon D. Corey (Bar No. 185066)
   (joncorey@quinnemanuel.com)
5 | 865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
6 | Telephone: (213) 443-3000
Facsimile: (213) 443-3100

7 | Attorneys for Mattel, Inc.

8

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

12 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx)

13 |       Plaintiff, | Consolidated with
Case No. CV 04-09059
14 |    vs. | Case No. CV 05-02727

15 | MATTEL, INC., a Delaware | MATTEL, INC.'S FIRST SET OF
corporation, | REQUESTS FOR DOCUMENTS AND
16 | | THINGS TO MGA
      Defendant. | ENTERTAINMENT, INC. (PHASE 2)
17 |

18 | AND CONSOLIDATED CASES

19

20

21 | PROPOUNDING PARTY: MATTEL, INC.

22 | RESPONDING PARTY:    MGA ENTERTAINMENT, INC.

23 | SET NO.:            FIRST (PHASE 2)

24

25

26

27

28

*01-08-09*

1    Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure,</u>

2 Mattel, Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to

3 these document requests ("Requests") and make available for inspection and

4 copying originals of the following documents within 30 days of service at the

5 offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa

6 Street, 10th floor, Los Angeles, CA 90017.  MGA shall be obligated to supplement

7 responses to these requests at such times and to the extent required by <u>Rule</u> 26(e) of

8 the <u>Federal Rules of Civil Procedure.</u>

9

10 **I.**  **DEFINITIONS**

11    A. "YOU," "YOUR" and "MGA" mean MGA Entertainment, Inc.

12 and any PERSON acting directly or indirectly by, through, under or on behalf of

13 MGA Entertainment, Inc., including but not limited to, current or former directors,

14 officers, agents, attorneys, employees, partners, joint venturers, contractors,

15 accountants, or representatives of MGA Entertainment, Inc., and any current or

16 former corporation, partnership, association, trust, parent, subsidiary, division,

17 AFFILIATE, predecessor-in-interest and successor-in-interest of MGA

18 Entertainment, Inc., and any other PERSON acting on its behalf.

19    B. "ISAAC LARIAN" or "LARIAN" means Isaac Larian and any

20 individual or entity acting directly or indirectly by, through, under or on behalf of

21 Isaac Larian, including but not limited to current or former directors, officers,

22 agents, attorneys, employees, partners, joint venturers, contractors, accountants, or

23 representatives of Isaac Larian or any entity under the control or direction of Isaac

24 Larian (including but not limited to MGA), and any corporation, partnership,

25 association, limited liability company, trust, predecessor-in-interest and successor-

26 in-interest, and any other PERSON acting on behalf of Isaac Larian or pursuant to

27 his authority or subject to his control.

28

EXHIBIT 40
PAGE 559

1    C.    "MATTEL" means Mattel, Inc. and all current or former

2    directors, officers, employees, agents, contractors, attorneys, accountants,

3    representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and

4    successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

5    authority or subject to its control.

6    D.    "MASHIAN" means Fred Mashian and any individual or entity

7    acting directly or indirectly by, through, under or on behalf of Fred Mashian,

8    including but not limited to current or former directors, officers, agents, attorneys,

9    employees, partners, joint venturers, contractors, accountants, or representatives of

10   Fred Mashian or any entity under the control or direction of Fred Mashian, and any

11   corporation, partnership, association, limited liability company, trust, predecessor-

12   in-interest and successor-in-interest, and any other PERSON acting on behalf of

13   Fred Mashian or pursuant to his authority or subject to his control.

14   E.    "BRATZ" means any project, product, doll or DESIGN ever

15   known by that name (whether in whole or in part and regardless of what such

16   project, product or doll is or has been also, previously or subsequently called) and

17   any product, doll or DESIGN or any portion thereof that is now or has ever been

18   known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

19   in part and regardless of what such product, doll or DESIGN or portion thereof is or

20   has been also, previously or subsequently called) or that is now or has ever been

21   sold or marketed as part of the "Bratz" line, and each version or iteration of such

22   product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or

23   DESIGNS or any portion thereof" also includes without limitation any names,

24   fashions, accessories, artwork, packaging or any other works, materials, matters or

25   items included or associated therewith.  Without limiting the generality of the

26   foregoing, the term "BRATZ" does not and shall not require that there be a doll,

27   product or three-dimensional embodiment existing at the time of the event, incident

28

1    or occurrence that is the subject of, or otherwise relevant or responsive to, the

2    Requests herein.

3           F.      "DESIGN" or "DESIGNS" means any and all representations,

4    whether two-dimensional or three-dimensional, and whether in tangible, digital,

5    electronic or other form, including but not limited to all works, designs, artwork,

6    sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

7    diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

8    practice, developments, inventions and/or improvements, as well as all other items,

9    things and DOCUMENTS in which any of the foregoing are or have been

10   expressed, embodied, contained, fixed or reflected in any manner, whether in whole

11   or in part.

12          G.      "DOCUMENT" or "DOCUMENTS" means all "writings" and

13   "recordings" as those terms are defined in <u>Rule</u> 1001 of the <u>Federal Rules of</u>

14   <u>Evidence</u> and <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u> and shall include all

15   writings, including but not limited to, handwriting, typewriting, printing, image,

16   photograph, photocopy, digital file of any kind, transmittal by (or as an attachment

17   to) electronic mail (including instant messages and text messages) or facsimile,

18   video and audio recordings, and every other means of recording upon any tangible

19   thing, any form of COMMUNICATION or representation, and any record thereby

20   created, regardless of the manner in which the record has been stored, and all non-

21   identical copies of such DOCUMENTS, in the possession, custody, or control of

22   YOU, YOUR counsel, or any other PERSON acting on YOUR behalf.

23          H.      "AFFILIATES" means any and all corporations, limited liability

24   companies, associations, proprietorships, d/b/a's, partnerships, joint ventures and

25   business entities of any kind that, directly or indirectly, in whole or in part, own or

26   control, are under common ownership or control with, or are owned or controlled by

27   a PERSON, party or entity, including without limitation, each parent, subsidiary and

28   joint venture of such PERSON, party or entity.

EXHIBIT 40
PAGE 561

1    I.    "REFERRING OR RELATING TO," "REFER OR RELATE
2    TO," "RELATING," "RELATING TO" or "REFERS TO" means any and all of the
3    following terms and their synonyms:  refer to, discuss, constitute, evidence, pertain
4    to, mention, support, undermine, disprove, refute, contradict, negate, bear on,
5    amend, revise, modify, touch on, contain, embody, reflect, identify, state, deal with,
6    concern, comment on, summarize, respond to, relate to, or describe.

7    J.    "PERSON," in the plural as well as the singular, means any
8    natural person, association, partnership, corporation, joint venture, government
9    entity, organization, limited liability company, trust, institution, proprietorship, or
10   any other entity recognized as having an existence under the laws in the United
11   States or any other nation.

12   K.    "ITEM OF VALUE," in the plural as well as the singular, means
13   any and all articles, units, goods, commodities, property, products, services,
14   assistance, shares, stocks, bonds, financial instruments, indebtedness, credit, capital,
15   and currency, in any form, or any other tangible or intangible matter that have
16   current, past or future material worth, monetary worth or use, of any type and in any
17   amount.  Gifts of individual units of manufactured MGA products that are not
18   intended for re-transfer, that were not and have not been re-transferred and that do
19   not exceed $500 in retail value in total may be excluded from this Definition.

20   L.    "IDENTIFY," "IDENTIFYING" OR "IDENTITY" means the
21   following:

22   (a)    With reference to an individual, means such individual's name,
23   current or last known business title, current or last known business affiliation,
24   current or last known relationship to YOU, current or last known residential and
25   business address, and current or last known telephone number.

26   (b)    With reference to an entity or entities, such entity's full name,
27   state (or country) of incorporation or organization, present or last known address,
28   and present or last known telephone number.

1         (c)    With reference to any other DOCUMENT or DOCUMENTS,

2  means the date, identity of the author, addressee(s), signatories, parties, or other

3  PERSONS identified therein, its present location or custodian and a description of

4  its contents.

5         (d)    With reference to an account with a bank or financial institution,

6  means the name and address of the bank or financial institution, the account

7  number(s) for or otherwise associated with such account and the name of each

8  holder, including without limitation, each beneficial holder, of each such account.

9         M.    "OMNI 808 INVESTORS, LLC" means OMNI 808

10  INVESTORS, LLC and all current or former directors, officers, employees, agents,

11  contractors, attorneys, accountants, representatives, subsidiaries, divisions,

12  AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

13  PERSON acting on its behalf, pursuant to its authority or subject to its control.

14         N.    "VISION CAPITAL, LLC" means VISION CAPITAL, LLC and

15  all current or former directors, officers, employees, agents, contractors, attorneys,

16  accountants, representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-

17  interest and successors-in-interest, and any other PERSON acting on its behalf,

18  pursuant to its authority or subject to its control.

19         O.    "LEXINGTON INVESTORS, LLC" means LEXINGTON

20  INVESTORS, LLC and all current or former directors, officers, employees, agents,

21  contractors, attorneys, accountants, representatives, subsidiaries, divisions,

22  AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

23  PERSON acting on its behalf, pursuant to its authority or subject to its control.

24         P.    "COMMUNICATION," in the plural as well as the singular,

25  means any transmittal and/or receipt of information, whether such was oral or

26  written, and whether such was by chance, prearranged, formal or informal, and

27  specifically includes, but is not limited to, conversations in person, telephone

28  conversations, electronic mail (including instant messages and text messages),

EXHIBIT 4D
PAGE 563

1  voicemail, letters, memoranda, statements, media releases, magazine and newspaper

2  articles, and video and audio transmissions.

3     Q. The singular form of a noun or pronoun includes within its

4  meaning the plural form of the noun or pronoun so used, and vice versa; the use of

5  the masculine form of a pronoun also includes within its meaning the feminine form

6  of the pronoun so used, and vice versa; the use of any tense of any verb includes

7  also within its meaning all other tenses of the verb so used, whenever such

8  construction results in a broader request for information; and "and" includes "or"

9  and vice versa, whenever such construction results in a broader disclosure of

10  documents or information.

11

12  **II. INSTRUCTIONS**

13     A. YOU are to produce all requested DOCUMENTS in YOUR

14  possession, custody or control.

15     B. If YOU contend that YOU are not required to produce certain

16  DOCUMENTS called for by these Requests on the grounds of a privilege or

17  protection that YOU are not prepared to waive, IDENTIFY each such DOCUMENT

18  and provide the following information:

19      1. the date and type of the DOCUMENT, the author(s) and all

20       recipients;

21      2. the privilege or protection that YOU claim permits YOU to

22       withhold the DOCUMENT;

23      3. the title and subject matter of the DOCUMENT;

24      4. any additional facts on which YOU base YOUR claim of

25       privilege or protection; and

26      5. the IDENTITY of the current custodian of the original of the

27       DOCUMENT.

28

1    C.    DOCUMENTS shall be produced in their original file folders, or

2  other native format.  If the DOCUMENTS are in their original file folders, in lieu

3  thereof, any writing on the file folder from which each such DOCUMENT is taken

4  shall be copied and appended to such DOCUMENT and the PERSON for whom or

5  department, division or office for which the DOCUMENT or the file folder is

6  maintained shall be identified.

7    D.    The DOCUMENTS should be produced in their complete and

8  unaltered form.  Attachments to DOCUMENTS should not be removed.  The

9  DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

10  any reason, including alleged nonrelevance.  If emails are produced that had

11  attachments, the attachments shall be attached when produced.

12    E.    DOCUMENTS in electronic form shall be produced in that form.

13    F.    In the event that any DOCUMENT called for by these requests

14  has been destroyed or discarded, that DOCUMENT is to be identified by stating:

15    1.    the date and type of the DOCUMENT, the author(s) and all

16      recipients;

17    2.    the DOCUMENT's date, subject matter, number of pages, and

18      attachments or appendices;

19    3.    the date of destruction or discard, manner of destruction or

20      discard, and reason for destruction or discard;

21    4.    the PERSONS who were authorized to carry out such destruction

22      or discard;

23    5.    the PERSONS who have knowledge of the content, origins,

24      distribution and destruction of the DOCUMENT; and

25    6.    whether any copies of the DOCUMENT exist and, if so, the

26      name of the custodian of each copy.

27

28

27752004 1

MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT (Phase 2)

EXHIBIT 40
PAGE 565

## III.   REQUESTS FOR DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 1:

All YOUR audited and unaudited monthly, quarterly and annual financial statements covering or RELATING TO any period on or after January 1, 2007, including without limitation balance sheets, income statements, profit and loss statements, consolidated statements of operations, cash flow statements and statements of retained earnings.

REQUEST FOR PRODUCTION NO. 2:

All agreements and contracts with any lenders to or creditors of MGA covering, RELATING TO, in effect, dated or entered into on or after January 1, 2007, including without limitation loan agreements, credit agreements, financing agreements, lines of credit and promissory notes, and any amendments or modifications thereto, and any notices of default and COMMUNICATIONS REFERRING OR RELATING TO any such agreements and contracts.

REQUEST FOR PRODUCTION NO. 3:

To the extent not produced in response to any other Request, DOCUMENTS sufficient to IDENTIFY each other PERSON from whom YOU sought, solicited, requested, obtained, received or were denied credit, financing or funding on or after January 1, 2007 and sufficient to show the amount(s) and terms involved.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS REFERRING OR RELATING TO YOUR solvency or insolvency, or whether YOUR liabilities exceed YOUR assets, for any period on or after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this action).

2752004.1

EXHIBIT 4D
PAGE 566

1  REQUEST FOR PRODUCTION NO. 5:

2          All DOCUMENTS REFERRING OR RELATING TO any

3  representation or statement made by YOU about YOUR solvency or insolvency, or

4  whether YOUR liabilities exceed YOUR assets, for any period on or after January 1,

5  2007 (excluding pleadings served by YOU on MATTEL in this action).

6

7  REQUEST FOR PRODUCTION NO. 6:

8          All DOCUMENTS REFERRING OR RELATING TO YOUR net

9  worth for any period on or after January 1, 2007 (excluding pleadings served by

10  YOU on MATTEL in this action).

11

12  REQUEST FOR PRODUCTION NO. 7:

13          All DOCUMENTS REFERRING OR RELATING TO ISAAC

14  LARIAN's net worth for any period on or after January 1, 2007 (excluding

15  pleadings served by YOU on MATTEL in this action).

16

17  REQUEST FOR PRODUCTION NO. 8:

18          All DOCUMENTS REFERRING OR RELATING TO orders,

19  including without limitation cancelled or held orders, for BRATZ products for

20  Spring 2009, and all COMMUNICATIONS with retailers and other prospective

21  purchasers REFERRING OR RELATING TO any such orders.

22

23  REQUEST FOR PRODUCTION NO. 9:

24          All DOCUMENTS REFERRING OR RELATING TO orders,

25  including without limitation cancelled or held orders, for BRATZ products for Fall

26  2009, and all COMMUNICATIONS with retailers and other prospective purchasers

27  REFERRING OR RELATING TO any such orders.

28

REQUEST FOR PRODUCTION NO. 10:

All DOCUMENTS REFERRING OR RELATING TO the transfer of any ITEM OF VALUE by MGA to, or for the benefit of, ISAAC LARIAN, any member of ISAAC LARIAN's family or any entity controlled by ISAAC LARIAN or any member of ISAAC LARIAN's family, since January 1, 2007.

REQUEST FOR PRODUCTION NO. 11:

All COMMUNICATIONS between YOU and any third-party, including without limitation any retailer or distributor but excluding MATTEL and any Court, REFERRING OR RELATING TO YOUR *ex parte* application for stay pending appeal, filed December 11, 2008, including without limitation any declaration, whether final, draft, proposed or requested, in connection therewith and copies of all draft declarations in connection therewith.

REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS REFERRING OR RELATING TO capital contributions to MGA since January 1, 2007.

REQUEST FOR PRODUCTION NO. 13:

All DOCUMENTS showing MGA's projected revenue, costs, profits or financial performance for any period since January 1, 2007.

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS REFERRING OR RELATING TO any transfer of any ITEM OF VALUE or other transaction between (i) MGA, and (ii) ISAAC LARIAN, any ISAAC LARIAN family member, any PERSON controlled, directly or indirectly by ISAAC LARIAN, or any PERSON controlled, directly or indirectly, by any ISAAC LARIAN family member since January 1, 2007.

1  REQUEST FOR PRODUCTION NO. 15:

2       All W-2s REFERRING OR RELATING TO any ISAAC LARIAN

3  family member since January 1, 2007.

4

5  REQUEST FOR PRODUCTION NO. 16:

6       All DOCUMENTS REFERRING OR RELATING TO any sale,

7  distribution or transfer by MGA of BRATZ products having a retail value greater

8  than $50,000 other than to retailers in the ordinary course of business since

9  January 1, 2007.

10

11  REQUEST FOR PRODUCTION NO. 17:

12       All DOCUMENTS REFERRING OR RELATING TO agreements,

13  transactions, sales, shipments or the transfer of any ITEM OF VALUE between

14  MGA and IGWT Group, LLC.

15

16  REQUEST FOR PRODUCTION NO. 18:

17       All DOCUMENTS REFERRING OR RELATING TO the alleged

18  transfer of product from MGA to IGWT Group, LLC pursuant to the Inventory

19  Purchase Agreement dated July 7, 2008, including without limitation all audits or

20  other valuations performed in connection with such product, any opinions

21  RELATING TO the fairness or unfairness of such transfer, all MGA corporate or

22  director resolutions or approvals of such transfer, all bids received or solicited in

23  connection with the purported sale or offering for sale of such product, the terms of

24  such bids and any other and all COMMUNICATIONS relating to any of the

25  foregoing.

26

27

28

2752004.1

-12-

EXHIBIT 40
PAGE 569

1  REQUEST FOR PRODUCTION NO. 19:

2        All DOCUMENTS REFERRING OR RELATING TO the revenue

3  generated by IGWT Group, LLC's sales, licensing, distribution or other transfer of

4  BRATZ products and the transfer or disposition of such revenue.

5

6  REQUEST FOR PRODUCTION NO. 20:

7        All DOCUMENTS REFERRING OR RELATING TO agreements,

8  contracts, transactions, sales, shipments or transfers of any ITEM OF VALUE

9  between MGA and IGWT 826 Investments, LLC.

10

11  REQUEST FOR PRODUCTION NO. 21:

12        All DOCUMENTS REFERRING OR RELATING TO the revenue

13  generated by IGWT 826 Investments, LLC's sales, licensing, distribution or other

14  transfer of BRATZ products and the transfer or disposition of such revenue.

15

16  REQUEST FOR PRODUCTION NO. 22:

17        All agreements, contracts and written COMMUNICATIONS between

18  MGA and Wachovia since January 1, 2007.

19

20  REQUEST FOR PRODUCTION NO. 23:

21        All agreements and contracts REFERRING OR RELATING TO any

22  indebtedness owed to Wachovia or any credit extended by Wachovia since January

23  1, 2007, and any amendments or modifications thereto, and any

24  COMMUNICATIONS RELATED TO any such agreements or contracts.

25

26  REQUEST FOR PRODUCTION NO. 24:

27        All DOCUMENTS REFERRING OR RELATING TO agreements,

28  contracts or transactions between MGA and OMNI 808 INVESTORS, LLC, and

1  any amendments or modifications thereto, and any COMMUNICATIONS

2  REFERRING OR RELATING TO any such agreements, contracts or transactions.

3

4  REQUEST FOR PRODUCTION NO. 25:

5        All DOCUMENTS containing financial information, including but not

6  limited to YOUR historical and prospective financial performance, provided by

7  YOU to OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC or LEXINGTON

8  FINANCIAL, LLC since January 1, 2008.

9

10  REQUEST FOR PRODUCTION NO. 26:

11        All DOCUMENTS REFERRING OR RELATING TO agreements,

12  contracts or transactions between LEXINGTON FINANCIAL, LLC and MGA or

13  any other PERSON, and any amendments or modifications thereto, and any

14  COMMUNICATIONS REFERRING OR RELATING TO any such agreements,

15  contracts or transactions.

16

17  REQUEST FOR PRODUCTION NO. 27:

18        All DOCUMENTS REFERRING OR RELATING TO agreements,

19  contracts or transactions between VISION CAPITAL, LLC and MGA or any other

20  PERSON, and any amendments or modifications thereto, and any

21  COMMUNICATIONS REFERRING OR RELATING TO any such agreements,

22  contracts or transactions.

23

24  REQUEST FOR PRODUCTION NO. 28:

25        DOCUMENTS sufficient to IDENTIFY each member, managing

26  member, holder of any ownership interest in, shareholder, officer and director of

27  IGWT Group, LLC.

28

2752004.1

MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT (Phase 2)

EXHIBIT 40

PAGE 57

1 | REQUEST FOR PRODUCTION NO. 29:

2         DOCUMENTS sufficient to IDENTIFY each member, managing

3 | member, holder of any ownership interest in, shareholder, officer and director of

4 | IGWT 826 Investments, LLC.

5

6 | REQUEST FOR PRODUCTION NO. 30:

7         DOCUMENTS sufficient to IDENTIFY each member, managing

8 | member, holder of any ownership interest in, shareholder, officer and director of

9 | OMNI 808 INVESTORS, LLC.

10

11 | REQUEST FOR PRODUCTION NO. 31:

12         DOCUMENTS sufficient to IDENTIFY each member, managing

13 | member, holder of any ownership interest in, shareholder, officer and director of

14 | VISION CAPITAL, LLC.

15

16 | REQUEST FOR PRODUCTION NO. 32:

17         DOCUMENTS sufficient to IDENTIFY each member, managing

18 | member, holder of any ownership interest in, shareholder, officer and director of

19 | LEXINGTON FINANCIAL, LLC.

20

21 | REQUEST FOR PRODUCTION NO. 33:

22         All DOCUMENTS RELATING TO any transfer of any funds, monies

23 | or any ITEM OF VALUE from, or any extension of credit or funding by,

24 | LEXINGTON FINANCIAL, LLC to YOU or LARIAN.

25

26

27

28

2752004.1

EXHIBIT 40
PAGE 572

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF VALUE to or from, or any extension of credit or funding by or to, LEXINGTON FINANCIAL, LLC, whether directly or indirectly.

**REQUEST FOR PRODUCTION NO. 35:**

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT Group, LLC.

**REQUEST FOR PRODUCTION NO. 36:**

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT 826 Investments, LLC.

**REQUEST FOR PRODUCTION NO. 37:**

DOCUMENTS sufficient to IDENTIFY each of YOUR bank accounts since January 1, 2007.

**REQUEST FOR PRODUCTION NO. 38:**

DOCUMENTS sufficient to IDENTIFY each bank account to or from which Isaac Larian has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

**REQUEST FOR PRODUCTION NO. 39:**

DOCUMENTS sufficient to IDENTIFY each bank account to or from which OMNI 808 INVESTORS, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

2752004.1

EXHIBIT 45
PAGE 573

1  REQUEST FOR PRODUCTION NO. 40:

2      DOCUMENTS sufficient to IDENTIFY each bank account to or from

3  which IGWT Group, LLC has transferred or has had transferred any ITEM OF

4  VALUE since January 1, 2007.

5

6  REQUEST FOR PRODUCTION NO. 41:

7      DOCUMENTS sufficient to IDENTIFY each bank account to or from

8  which IGWT 826 Investments, LLC has transferred or has had transferred any

9  ITEM OF VALUE since January 1, 2007.

10

11  REQUEST FOR PRODUCTION NO. 42:

12      All COMMUNICATIONS between or among YOU, IGWT 826

13  Investments, LLC and/or IGWT Group, LLC REFERRING OR RELATING TO

14  MATTEL and/or BRATZ.

15

16  REQUEST FOR PRODUCTION NO. 43:

17      All COMMUNICATIONS between or among YOU, OMNI 808

18  INVESTORS, LLC, VISION CAPITAL, LLC and/or LEXINGTON FINANCIAL,

19  LLC REFERRING OR RELATING TO MATTEL, MGA, LARIAN and/or

20  BRATZ.

21

22  REQUEST FOR PRODUCTION NO. 44:

23      All COMMUNICATIONS between YOU and MASHIAN

24  REFERRING OR RELATING TO OMNI 808 INVESTORS, LLC, VISION

25  CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN

26  and/or BRATZ.

27

28

EXHIBIT 40
PAGE 514

1  REQUEST FOR PRODUCTION NO. 45:

2          All COMMUNICATIONS between YOU and Neil Kadisha

3  REFERRING OR RELATING TO OMNI 808 INVESTORS, LLC, VISION

4  CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN

5  and/or BRATZ.

6

7  REQUEST FOR PRODUCTION NO. 46:

8          All COMMUNICATIONS between YOU and OMNI 808

9  INVESTORS, LLC REFERRING OR RELATING TO VISION CAPITAL, LLC,

10  LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

11

12  REQUEST FOR PRODUCTION NO. 47:

13          All COMMUNICATIONS REFERRING OR RELATING TO VISION

14  CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808

15  INVESTORS, LLC.

16

17  REQUEST FOR PRODUCTION NO. 48:

18          DOCUMENTS sufficient to IDENTIFY each bank account to or from

19  which VISION CAPITAL, LLC has transferred or has had transferred any ITEM

20  OF VALUE since January 1, 2007.

21

22  REQUEST FOR PRODUCTION NO. 49:

23          DOCUMENTS sufficient to IDENTIFY each bank account to or from

24  which LEXINGTON FINANCIAL, LLC has transferred or has had transferred any

25  ITEM OF VALUE since January 1, 2007.

26

27

28

2752004.1

-18-

EXHIBIT 40

PAGE 575

1  REQUEST FOR PRODUCTION NO. 50:

2       DOCUMENTS sufficient to IDENTIFY each licensee of any BRATZ

3  product since January 1, 2007.

4

5  REQUEST FOR PRODUCTION NO. 51:

6       DOCUMENTS sufficient to show the amount of payments made to

7  YOU by each licensee of any BRATZ product since January 1, 2007.

8

9  REQUEST FOR PRODUCTION NO. 52:

10      A sample of each BRATZ product manufactured, sold, offered for sale,

11 marketed or distributed by YOU since January 1, 2008.

12

13 REQUEST FOR PRODUCTION NO. 53:

14      To the extent not produced in response to any other Request, a sample

15 of each core BRATZ female fashion doll manufactured, sold, offered for sale,

16 marketed or distributed by YOU since January 1, 2008.

17

18 REQUEST FOR PRODUCTION NO. 54:

19      All registrations, and applications for registration, for any trademark or

20 service mark that constitutes, includes or incorporates in any manner the term

21 "BRATZ."

22

23 REQUEST FOR PRODUCTION NO. 55:

24      All registrations, and applications for registration, for any trademark or

25 service mark that constitutes, includes or incorporates in any manner the term

26 "Jade."

27

28

EXHIBIT 40
PAGE 576

1  REQUEST FOR PRODUCTION NO. 56:

2           All COMMUNICATIONS with any Trademark Office or governmental

3  entity REFERRING OR RELATING TO any registration, or application for

4  registration, for any trademark or service mark that constitutes, includes or

5  incorporates in any manner the term "BRATZ."

6

7  REQUEST FOR PRODUCTION NO. 57:

8           All COMMUNICATIONS with any Trademark Office or governmental

9  entity REFERRING OR RELATING TO any registration, or application for

10  registration, for any trademark or service mark that constitutes, includes or

11  incorporates in any manner the term "Jade."

12

13

14  DATED:  January 7, 2009          QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
15

16                                   By_____
17                                      Jon D. Corey
                                        Attorneys for Mattel, Inc.
18

19

20

21

22

23

24

25

26

27

28

2752004.1

-20-
MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT (Phase 2)

EXHIBIT 40
PAGE 577

EXHIBIT 41

RECEIVED

1  Patricia L. Glaser, State Bar No. 055668
   Pglaser@glaserweil.com
2  Joel N. Klevens, State Bar No. 045446
   Jklevens@ glaserweil.com
3  GLASER, WEIL, FINK, JACOBS
     & SHAPIRO, LLP
4  10250 Constellation Boulevard, 19th Floor
5  Los Angeles, California 90067
   Telephone:  310-553-3000
6  Facsimile:   310-556-2920

7  Russell J. Frackman, State Bar No. 049087
   rjf@msk.com
8  MITCHELL, SILBERBERG & KNUPP, LLP
   11377 West Olympic Boulevard
9  Los Angeles, California 90064
   Telephone:  310-312-2000
10 Facsimile:   310-312-3100

11 Attorneys for the MGA Parties For Phase Two

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14                     EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual | Case No. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. 04-09059<br>Case No. 05-02727 |
| v. | |
| MATTEL, INC., a Delaware<br>Corporation | **RESPONSES TO REQUESTS FOR<br>DOCUMENTS AND THINGS TO<br>MGA ENTERTAINMENT, INC.<br>(PHASE 2)** |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |

665960v2

2-6-09

EXHIBIT 41
PAGE 578

1      The General Response set forth herein applies to all responses that MGA is

2 providing in response to these requests for production (the "Requests") or may in the

3 future provide in response to any discovery request in this action. The Response is

4 made without waiving, or intending to waive but, on the contrary, expressly

5 reserving: (a) the right to object, on the grounds of competency, privilege, relevancy

6 or materiality, or any other proper grounds, to the use of the Response, for any

7 purpose in whole or in part, in any subsequent step or proceeding in this action or any

8 other action; (b) the right to object on any and all grounds, at any time, to other

9 requests for production or other discovery procedures; and (c) the right at any time to

10 revise, correct, add to, or clarify any of the responses propounded herein.

11      The Response reflects only the present state of MGA's discovery regarding the

12 information that Mattel seeks. Discovery for Phase Two and other investigation or

13 research concerning this litigation are continuing. It is anticipated that further

14 discovery, independent investigation, and legal research and analysis will supply

15 additional facts and meaning to the known facts, as well as establish entirely new

16 factual conclusions, all of which may lead MGA to discover other information

17 responsive to these Requests. MGA therefore reserves the right to amend or

18 supplement this Response at any time in light of future investigation, research or

19 analysis, and also expressly reserves the right to rely on, at any time, including trial,

20 subsequently discovered information omitted from this Response as a result of

21 mistake, error, oversight or inadvertence. MGA does not hereby admit, adopt or

22 acquiesce in any factual or legal contention, assertion or characterization contained in

23 the Requests or any particular request therein, even where MGA has not otherwise

24 objected to a particular request, or has agreed to provide information responsive to a

25 particular request.

26      No incidental or implied admissions are intended by this Response. These

27 responses should not be taken as an admission that MGA accepts or admits the

28 existence of any facts set forth or assumed by any instruction, definition or request.

665960v2

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000



## GENERAL OBJECTIONS

MGA responds to these Requests subject to the following general objections and limitations, each of which is incorporated into each and every response as though fully set forth therein:

1.      MGA objects to these Requests to the extent they seek information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.

2.      MGA objects to these Requests to the extent they seek information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence.

3.      MGA objects to these Requests to the extent they seek information which by reason of public filing or otherwise is already in Mattel's possession or is readily accessible to Mattel.

4.      MGA objects to these Requests to the extent they seek the disclosure of information (1) not currently within its possession, custody or control; (2) that MGA cannot locate after a reasonably diligent search; or (3) that refer to persons, entities, or events not known to MGA.

5.      MGA objects to these Requests to the extent they are overbroad and unduly burdensome.

6.      MGA objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific requests on the ground that such enlargement, expansion, or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome or uncertain.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

665960v2

1       7.      MGA objects to the following definitions in these Requests:

2               (a)     MGA objects to the definition of the term "BRATZ"

3   (Definitions ¶ E) as vague, ambiguous, overly broad and unduly burdensome, and

4   designed to mislead and confuse the trier of fact.  The definition includes "any

5   project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole

6   or in part and regardless of what such project, product or doll is or has been also,

7   previously or subsequently called) and any product, doll or DESIGN or any portion

8   thereof that is now or has ever been known as, or sold or marketed under, the name or

9   term 'Bratz' (whether in whole or in part and regardless of what such product, doll or

10  DESIGN or portion thereof is or has been also, previously or subsequently called) or

11  that is now or has ever been marketed as part of the 'Bratz' line, and each version or

12  iteration of such product, doll or DESIGN or any portion thereof," and it goes on.  By

13  incorporating the definition of DESIGN, the overly broad definition of BRATZ

14  includes two-dimensional and three-dimensional representations, including "works,

15  designs, artwork, sketches, drawings, illustrations, representations, depictions,

16  blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,

17  rotocasts, reductions to practice, developments, inventions and/or improvements . . .

18  ." (Definitions, ¶ E, F.)  These convoluted and multi-part definitions combine to

19  render the requests vague, ambiguous and overly broad, and to include within the

20  term BRATZ things that do not fairly represent the Bratz line of dolls, accessories and

21  related products that are the subject of this case.  In responding to these requests,

22  MGA will interpret the term BRATZ to mean the line of dolls introduced by MGA to

23  the market for sale in May or June of 2001 and subsequent dolls, accessories and

24  other products known as Bratz or associated by MGA with the Bratz line of dolls.

25              (b)     MGA objects to the terms "any" and "REFER OR RELATE

26  TO" (Definitions ¶ I) on the grounds and to the extent that they are overbroad, unduly

27  burdensome or are vague and ambiguous in the context of the requests as written and

28  as those requests would be plainly understood absent Mattel's definitions.

665960v2

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1          (c)     MGA objects to the terms "IDENTIFY" or "IDENTITY"

2    (Definitions ¶ L) as overbroad, unduly burdensome, vague, ambiguous, and

3    oppressive.  Mattel's definition of these terms inherently call for answers to multiple

4    discrete questions or subparts to questions.  For example, when those terms are used

5    to reference any individual, the use of those terms requests at least 7 different and

6    distinct facts: (a) such individual's name; (b) such individual's current or last known

7    business title; (c) such individual's current or last known business affiliation; (d) such

8    individual's current or last known relationship to MGA; (e) such individual's current

9    or last known residential address; (f) such individual's current or last known business

10   address; (g) such individual's current or last known telephone number.  When those

11   terms are used to reference any business entity, the use of those terms requests at least

12   4 different and distinct facts: (a) such entity's full name; (b) state (or country) of

13   incorporation or organization; (c) such entity's present or last known address; (d) such

14   entity's present or last known telephone number.   Therefore, any request that

15   includes or incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily

16   compound and should be posed as separate requests.

17          8.     MGA objects to these request to the extent that they may unfairly

18   seek to restrict the facts on which MGA may rely at trial.  Discovery has not been

19   completed and MGA is not yet necessarily in possession of all the facts and

20   documents upon which MGA intends to rely.  All of the responses submitted herewith

21   are tendered to Mattel with the reservation that the responses are submitted without

22   limiting the evidence on which MGA may rely to support the contentions and

23   defenses that MGA may assert at the trial of this action and to rebut or impeach the

24   contentions, assertions and evidence that Mattel may present.  MGA reserves the right

25   to supplement or amend these responses at a future date.

26          9.     MGA objects to each request to the extent that it seeks

27   information that will be the subject of expert witness testimony and that is therefore

28   premature.

665960v2

1    10.    MGA objects to each request to the extent that it seeks the

2 disclosure of confidential, proprietary, or trade-secret information.

3    11.    MGA objects to each request to the extent that it calls for a legal

4 conclusion.

5    12.    MGA reserves the right to object on any ground at any time to

6 such other and supplemental discovery requests as Mattel may propound involving or

7 relating to the same subject matter of these request.

8    13.    The responses below shall not be construed as an admission as to

9 the relevance or admissibility of any statement or characterization contained in any

10 request. MGA reserves all objections, including without limitation objections as to

11 competency, relevance, materiality, privilege, authenticity, or admissibility.

12    14.    In responding to these Requests, MGA has not and will not

13 comply with any instructions or definitions that seek to impose requirements in

14 addition to those imposed by the Federal Rules of Civil Procedure and any applicable

15 local rule.

16    ## SPECIFIC OBJECTIONS AND RESPONSES

17 **REQUEST FOR PRODUCTION NO. 1**

18    All YOUR audited and unaudited monthly, quarterly and annual financial

19 statements covering or RELATING TO any period on or after January 1, 2007,

20 including without limitation balance sheets, income statements, profit and loss

21 statements, consolidated statements of operations, cash flow statements and

22 statements of retained earnings.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

24    MGA incorporates by reference its General Objections as though fully set forth

25 herein. MGA further objects on the grounds that this request calls for the production

26 of documents that are not limited to the subject matter of this action and not relevant

27 to any claim or defense in the pending litigation or reasonably calculated to lead to

28 the discovery of admissible evidence. The request appears designed to circumvent

665960v2

1   the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

2   the auditor's costs in the first instance.  <u>See</u> January 7, 2009 Larson Order Appointing

3   Forensic Auditor.

4          MGA further objects to this request on the grounds that it is compound.  MGA

5   further objects to the request to the extent it violates the privacy rights of third parties

6   to their private, confidential, proprietary or trade secret information.

7          MGA also objects to this request on the grounds that it is overbroad, including,

8   without limitation, in that it would extend to any MGA financial statement relating to

9   any period on or after January 1, 2007, without regard to whether such documents are

10   at all relevant to any claim or defense at issue herein.  MGA further objects to this

11   request on the grounds that it is vague and ambiguous in its use of the term "financial

12   statements."  Mattel has not demonstrated how *all* MGA's audited and unaudited

13   monthly, quarterly and annual financial statements could be relevant to the claims and

14   defenses in this action, let alone established that the relevancy of these documents

15   outweighs the individual's fundamental right of privacy.  MGA further objects to this

16   request on the ground that the term RELATING TO renders the request vague,

17   ambiguous, overly broad and unduly burdensome.  MGA further objects to the

18   request to the extent that it seeks documents that by reason of public filing, public

19   distribution or otherwise are already in Mattel's possession or are readily accessible to

20   Mattel.  MGA further objects to this request to the extent that it seeks documents not

21   in MGA's possession, custody or control.  MGA also objects to this request on the

22   grounds that it seeks confidential, proprietary or commercially sensitive information,

23   the disclosure of which would be inimical to the business interests of MGA.  MGA

24   also objects to this request to the extent it calls for the disclosure of attorney-client

25   privileged information or information protected from disclosure by the work-product

26   doctrine, joint defense or common interest privilege, or other privilege.

27

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000



1   MGA further objects to this request as cumulative and duplicative to the extent

2   that it seeks documents previously requested by Mattel or produced by MGA in

3   response to Mattel's document requests.

4   **REQUEST FOR PRODUCTION NO. 2**

5      All agreements and contracts with any lenders to or creditors of MGA covering,

6   RELATING TO, in effect, dated or entered into on or after January 1, 2007, including

7   without limitation loan agreements, credit agreements, financing agreements, lines of

8   credit and promissory notes, and any amendments or modifications thereto, and any

9   notices of default and COMMUNICATIONS REFERRING OR RELATING TO any

10  such agreements and contracts.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

12     MGA incorporates by reference its General Objections as though fully set forth

13  herein. MGA further objects on the grounds that this request calls for the production

14  of documents and communications that are not limited to the subject matter of this

15  action and not relevant to any claim or defense in the pending litigation or reasonably

16  calculated to lead to the discovery of admissible evidence.

17     MGA further objects to this request on the grounds that it is compound. MGA

18  further objects to the request to the extent it violates the privacy rights of third parties

19  to their private, confidential, proprietary or trade secret information.

20     MGA also objects to this request on the grounds that it is overbroad, including,

21  without limitation, that it would extend to *any* agreements and contracts with *any*

22  lenders to or creditors of MGA and *any* communications referring or relating thereto,

23  without regard to whether such communications are at all relevant to any claim or

24  defense at issue herein. MGA further objects to this request on the grounds that it is

25  vague and ambiguous in its use of the terms "lenders," "creditors," "agreements," and

26  "contracts." Mattel has not demonstrated how *all* agreements and contracts with any

27  lenders to or creditors of MGA covering, RELATING TO, in effect, dated or entered

28  into on or after January 1, 2007, and *any* notices of default and COMMUNICATIONS

665960v2

1  REFERRING OR RELATING TO any such agreements and contracts could be

2  relevant to the claims and defenses in this action, let alone established that the

3  relevancy of these documents and communications outweighs the individual's

4  fundamental right of privacy.  MGA further objects to this request on the ground that

5  the terms COMMUNICATIONS, REFERRING OR RELATING TO render the

6  request vague, ambiguous, overly broad and unduly burdensome.  MGA further

7  objects to the request to the extent that it seeks documents that by reason of public

8  filing, public distribution or otherwise are already in Mattel's possession or are

9  readily accessible to Mattel.  MGA further objects to this request to the extent that it

10  seeks documents not in MGA's possession, custody or control.  MGA also objects to

11  this request on the grounds that it seeks confidential, proprietary or commercially

12  sensitive information, the disclosure of which would be inimical to the business

13  interests of MGA.  MGA also objects to this request to the extent it calls for the

14  disclosure of attorney-client privileged information or information protected from

15  disclosure by the work-product doctrine, joint defense or common interest privilege,

16  or other privilege.

17      MGA further objects to this request as cumulative and duplicative to the extent

18  that it seeks documents previously requested by Mattel or produced by MGA in

19  response to Mattel's document requests.

20  **REQUEST FOR PRODUCTION NO. 3**

21      To the extent not produced in response to any other Request, DOCUMENTS

22  sufficient to IDENTIFY each other PERSON from whom YOU sought, solicited,

23  requested, obtained, received or were denied credit, financing or funding on or after

24  January 1, 2007 and sufficient to show the amount(s) and terms involved.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

26      MGA incorporates by reference its General Objections as though fully set forth

27  herein.  MGA further objects on the grounds that this request calls for the production

28  of documents that are not limited to the subject matter of this action and not relevant

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000



1   to any claim or defense in the pending litigation or reasonably calculated to lead to

2   the discovery of admissible evidence.  The request appears designed to circumvent

3   the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

4   the auditor's costs in the first instance.  <u>See</u> January 7, 2009 Larson Order Appointing

5   Forensic Auditor.

6        MGA further objects to this request on the grounds that it is compound.  MGA

7   further objects to the request to the extent it violates the privacy rights of third parties

8   to their private, confidential, proprietary or trade secret information.

9        MGA also objects to this request on the grounds that it is overbroad, including,

10  without limitation, that it would require production of any documents sufficient to

11  identify any person or entity from whom MGA sought, solicited, requested, obtained,

12  received or were denied credit, financing or funding, without regard to whether such

13  documents are at all relevant to any claim or defense at issue herein.  MGA further

14  objects to this request on the grounds that it is vague and ambiguous in its use of the

15  terms "sought," "solicited," "requested," "obtained," "received," "denied," "credit,"

16  "financing," and "funding."  Mattel has not demonstrated how DOCUMENTS

17  sufficient to IDENTIFY *each* other PERSON from whom MGA sought, solicited,

18  requested, obtained, received or were denied credit, financing or funding on or after

19  January 1, 2007 and sufficient to show the amount(s) and terms involved could be

20  relevant to the claims and defenses in this action, let alone established that the

21  relevancy of these documents outweighs the individual's fundamental right of

22  privacy.  MGA further objects to this request on the ground that the terms

23  DOCUMENTS, IDENTIFY, and PERSON render the request vague, ambiguous,

24  overly broad and unduly burdensome.  MGA further objects to the request to the

25  extent that it seeks documents that by reason of public filing, public distribution or

26  otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA

27  further objects to this request to the extent that it seeks documents not in MGA's

28  possession, custody or control.  MGA also objects to this request on the grounds that

665960v2

1  it seeks confidential, proprietary or commercially sensitive information, the disclosure

2  of which would be inimical to the business interests of MGA.  MGA also objects to

3  this request to the extent it calls for the disclosure of attorney-client privileged

4  information or information protected from disclosure by the work-product doctrine,

5  joint defense or common interest privilege, or other privilege.

6      MGA further objects to this request as cumulative and duplicative to the extent

7  that it seeks documents previously requested by Mattel or produced by MGA in

8  response to Mattel's document requests.

9  **REQUEST FOR PRODUCTION NO. 4**

10      All DOCUMENTS REFERRING OR RELATING TO YOUR solvency or

11  insolvency, or whether YOUR liabilities exceed YOUR assets, for any period on or

12  after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this

13  action).

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

15      MGA incorporates by reference its General Objections as though fully set forth

16  herein.  MGA further objects to this request on the grounds that the Discovery Master

17  already has ruled on similarly phrased requests, including in an Order dated May 7,

18  2008, concluding that requests using phrases like "all documents," and "referring to

19  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

20  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

21  that this request calls for the production of documents that are not limited to the

22  subject matter of this action and not relevant to any claim or defense in the pending

23  litigation or reasonably calculated to lead to the discovery of admissible evidence.

24  The request appears designed to circumvent the Court's January 7 Order appointing a

25  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

26  See January 7, 2009 Larson Order Appointing Forensic Auditor.

27

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1    MGA further objects to this request on the grounds that it is compound.  MGA

2   further objects to the request to the extent it violates the privacy rights of third parties

3   to their private, confidential, proprietary or trade secret information.

4    MGA also objects to this request on the grounds that it is overbroad, including,

5   without limitation, in that it would extend to any document referring or relating in any

6   way to a wide variety of matter that could potentially be construed as "relating" to

7   MGA's solvency or insolvency, without regard to whether such documents are at all

8   relevant to any claim or defense at issue herein.  MGA further objects to this request

9   on the grounds that it is vague and ambiguous in its use of the terms "solvency" and

10   "insolvency."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

11   RELATING TO MGA's solvency or insolvency, or whether MGA's liabilities exceed

12   its assets could be relevant to the claims and defenses in this action, let alone

13   established that the relevancy of these documents outweighs fundamental privacy

14   rights.  MGA further objects to this request on the ground that the terms

15   DOCUMENTS and REFERRING OR RELATING TO render the request vague,

16   ambiguous, overly broad and unduly burdensome.  MGA further objects to the

17   request to the extent that it seeks documents that by reason of public filing, public

18   distribution or otherwise are already in Mattel's possession or are readily accessible to

19   Mattel.  MGA also objects to this request on the grounds that it seeks confidential,

20   proprietary or commercially sensitive information, the disclosure of which would be

21   inimical to the business interests of MGA.  MGA also objects to this request to the

22   extent it calls for the disclosure of attorney-client privileged information or

23   information protected from disclosure by the work-product doctrine, joint defense or

24   common interest privilege, or other privilege.

25    MGA further objects to this request as cumulative and duplicative to the extent

26   that it seeks documents previously requested by Mattel or produced by MGA in

27   response to Mattel's document requests.

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   **REQUEST FOR PRODUCTION NO. 5**

2   All DOCUMENTS REFERRING OR RELATING TO any representation or

3   statement made by YOU about YOUR solvency or insolvency, or whether YOUR

4   liabilities exceed YOUR assets, for any period on or after January 1, 2007 (excluding

5   pleadings served by YOU on MATTEL in this action).

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

7   MGA incorporates by reference its General Objections as though fully set forth

8   herein.  MGA further objects to this request on the grounds that the Discovery Master

9   already has ruled on similarly phrased requests, including in an Order dated May 7,

10  2008, concluding that requests using phrases like "all documents," and "referring to

11  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

12  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

13  that this request calls for the production of documents that are not limited to the

14  subject matter of this action and not relevant to any claim or defense in the pending

15  litigation or reasonably calculated to lead to the discovery of admissible evidence.

16  MGA further objects to this request on the grounds that it is compound.  MGA

17  further objects to the request to the extent it violates the privacy rights of third parties

18  to their private, confidential, proprietary or trade secret information.

19  MGA also objects to this request on the grounds that it is overbroad, including,

20  without limitation, that it would extend to *any* statement or representation made by

21  anyone at MGA referring or relating in any way to a wide variety of matter that could

22  potentially be construed as "relating" to this MGA's solvency, insolvency, liabilities,

23  or assets without regard to whether such statements or representations are at all

24  relevant to any claim or defense at issue herein.  MGA also objects to this request on

25  the grounds that it is overbroad, unduly burdensome and oppressive in that it purports

26  to require MGA diligently to identify *every* statement or representation that any of its

27  hundreds of employees may have made to any other person referring or relating to

28  MGA's solvency, insolvency, liabilities, or assets.  MGA further objects to this

665960v2

12

1   request on the grounds that it is vague and ambiguous in its use of the terms

2   "representation," "statement," "solvency," and "insolvency."   Mattel has not

3   demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO any

4   representation or statement made by MGA about MGA's solvency or insolvency, or

5   whether MGA's liabilities exceed its assets could be relevant to the claims and

6   defenses in this action, let alone established that the relevancy of these documents

7   outweighs fundamental privacy rights.  MGA further objects to this request on the

8   ground that the terms DOCUMENTS and REFERRING OR RELATING TO render

9   the request vague, ambiguous, overly broad and unduly burdensome.  MGA further

10  objects to the request to the extent that it seeks documents that by reason of public

11  filing, public distribution or otherwise are already in Mattel's possession or are

12  readily accessible to Mattel.  MGA further objects to this request to the extent that it

13  seeks documents not in MGA's possession, custody or control.  MGA also objects to

14  this request on the grounds that it seeks confidential, proprietary or commercially

15  sensitive information, the disclosure of which would be inimical to the business

16  interests of MGA.  MGA also objects to this request to the extent it calls for the

17  disclosure of attorney-client privileged information or information protected from

18  disclosure by the work-product doctrine, joint defense or common interest privilege,

19  or other privilege.

20        MGA further objects to this request as cumulative and duplicative to the extent

21  that it seeks documents previously requested by Mattel or produced by MGA in

22  response to Mattel's document requests.

23  **REQUEST FOR PRODUCTION NO. 6**

24        All DOCUMENTS REFERRING OR RELATING TO YOUR net worth for

25  any period on or after January 1, 2007 (excluding pleadings served by YOU on

26  MATTEL in this action).

27

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, in that it would extend to any document referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to MGA's net worth, without regard to whether such documents are at all relevant to any claim or defense at issue herein. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the term "net worth." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO MGA's net worth could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs fundamental privacy rights. MGA further objects to this request on the ground that the terms DOCUMENTS and REFERRING OR RELATING TO render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   documents that by reason of public filing, public distribution or otherwise are already

2   in Mattel's possession or are readily accessible to Mattel.  MGA also objects to this

3   request on the grounds that it seeks confidential, proprietary or commercially

4   sensitive information, the disclosure of which would be inimical to the business

5   interests of MGA.  MGA also objects to this request to the extent it calls for the

6   disclosure of attorney-client privileged information or information protected from

7   disclosure by the work-product doctrine, joint defense or common interest privilege,

8   or other privilege.

9       MGA further objects to this request as cumulative and duplicative to the extent

10  that it seeks documents previously requested by Mattel or produced by MGA in

11  response to Mattel's document requests.

12  **REQUEST FOR PRODUCTION NO. 7**

13      All DOCUMENTS REFERRING OR RELATING TO ISAAC LARIAN's net

14  worth for any period on or after January 1, 2007 (excluding pleadings served by YOU

15  on MATTEL in this action).

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

17      MGA incorporates by reference its General Objections as though fully set forth

18  herein.  MGA further objects to this request on the grounds that the Discovery Master

19  already has ruled on similarly phrased requests, including in an Order dated May 7,

20  2008, concluding that requests using phrases like "all documents," and "referring to

21  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

22  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

23  that this request calls for the production of documents that are not limited to the

24  subject matter of this action and not relevant to any claim or defense in the pending

25  litigation or reasonably calculated to lead to the discovery of admissible evidence.

26  The request appears designed to circumvent the Court's January 7 Order appointing a

27  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

28  See January 7, 2009 Larson Order Appointing Forensic Auditor.

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (SET 2)

1   MGA further objects to this request on the grounds that it is compound.  MGA

2   further objects to the request to the extent it violates the privacy rights of third parties

3   to their private, confidential, proprietary or trade secret information.

4   MGA also objects to this request on the grounds that it is overbroad, including,

5   without limitation, in that it would extend to any document referring or relating in any

6   way to a wide variety of matter that could potentially be construed as "relating" to

7   Isaac Larian's net worth, without regard to whether such documents are at all relevant

8   to any claim or defense at issue herein.  MGA further objects to this request on the

9   grounds that it is vague and ambiguous in its use of the term "net worth."  Mattel has

10  not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO Isaac

11  Larian's net worth could be relevant to the claims and defenses in this action, let

12  alone established that the relevancy of these documents outweighs the individual's

13  fundamental right of privacy.  MGA further objects to this request on the ground that

14  the terms DOCUMENTS and REFERRING OR RELATING TO render the request

15  vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the

16  request to the extent that it seeks documents that by reason of public filing, public

17  distribution or otherwise are already in Mattel's possession or are readily accessible to

18  Mattel.  MGA also objects to this request on the grounds that it seeks confidential,

19  proprietary or commercially sensitive information, the disclosure of which would be

20  inimical to the business interests of MGA.  MGA also objects to this request to the

21  extent it calls for the disclosure of attorney-client privileged information or

22  information protected from disclosure by the work-product doctrine, joint defense or

23  common interest privilege, or other privilege.

24  MGA further objects to this request as cumulative and duplicative to the extent

25  that it seeks documents previously requested by Mattel or produced by MGA in

26  response to Mattel's document requests.

27

28

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 41

PAGE 594

**REQUEST FOR PRODUCTION NO. 8**

All DOCUMENTS REFERRING OR RELATING TO orders, including without limitation cancelled or held orders, for BRATZ products for Spring 2009, and all COMMUNICATIONS with retailers and other prospective purchasers REFERRING OR RELATING TO any such orders.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents or communications with retailers and other prospective purchasers referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to orders for BRATZ products for Spring 2009, without regard to whether such documents or communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every and communication that any of its hundreds of employees may have had with any retailers and other prospective purchasers referring or relating to orders for BRATZ products

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 41
PAGE 595

1  for Spring 2009.  MGA further objects to this request on the grounds that it is vague

2  and ambiguous in its use of the terms "orders," "cancelled or held orders," and

3  "retailers and other prospective purchasers."  Mattel has not demonstrated how *all*

4  DOCUMENTS REFERRING OR RELATING TO orders, including without

5  limitation cancelled or held orders, for BRATZ products for Spring 2009, and all

6  COMMUNICATIONS with retailers and other prospective purchasers REFERRING

7  OR RELATING TO any such orders could be relevant to the claims and defenses in

8  this action, let alone established that the relevancy of these documents outweighs the

9  fundamental privacy rights.  MGA further objects to this request on the ground that

10  the terms DOCUMENTS, REFERRING OR RELATING TO, and

11  COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly

12  burdensome.  MGA further objects to the request to the extent that it seeks documents

13  that by reason of public filing, public distribution or otherwise are already in Mattel's

14  possession or are readily accessible to Mattel.  MGA further objects to this request to

15  the extent that it seeks documents not in MGA's possession, custody or control.

16  MGA also objects to this request on the grounds that it seeks confidential, proprietary

17  or commercially sensitive information, the disclosure of which would be inimical to

18  the business interests of MGA.  MGA also objects to this request to the extent it calls

19  for the disclosure of attorney-client privileged information or information protected

20  from disclosure by the work-product doctrine, joint defense or common interest

21  privilege, or other privilege.

22          MGA further objects to this request as cumulative and duplicative to the extent

23  that it seeks documents previously requested by Mattel or produced by MGA in

24  response to Mattel's document requests.

25

26  \ \ \

27  \ \ \

28  \ \ \

665960v2

EXHIBIT 41
PAGE 596

1  **REQUEST FOR PRODUCTION NO. 9**

2         All DOCUMENTS REFERRING OR RELATING TO orders, including

3  without limitation cancelled or held orders, for BRATZ products for Fall 2009, and all

4  COMMUNICATIONS with retailers and other prospective purchasers REFERRING

5  OR RELATING TO any such orders.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

7         MGA incorporates by reference its General Objections as though fully set forth

8  herein.  MGA further objects to this request on the grounds that the Discovery Master

9  already has ruled on similarly phrased requests, including in an Order dated May 7,

10  2008, concluding that requests using phrases like "all documents," and "referring to

11  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

12  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

13  that this request calls for the production of documents and communications that are

14  not limited to the subject matter of this action and not relevant to any claim or defense

15  in the pending litigation or reasonably calculated to lead to the discovery of

16  admissible evidence.

17         MGA further objects to this request on the grounds that it is compound.  MGA

18  further objects to the request to the extent it violates the privacy rights of third parties

19  to their private, confidential, proprietary or trade secret information.

20         MGA also objects to this request on the grounds that it is overbroad, including,

21  without limitation, that it would extend to any documents or communications with

22  retailers and other prospective purchasers referring or relating in any way to a wide

23  variety of matter that could potentially be construed as "relating" to orders for

24  BRATZ products for Fall 2009, without regard to whether such communications are

25  at all relevant to any claim or defense at issue herein.  MGA also objects to this

26  request on the grounds that it is overbroad, unduly burdensome and oppressive in that

27  it purports to require MGA diligently to identify every and communication that any of

28  its hundreds of employees may have had with any retailers and other prospective

665960v2

EXHIBIT 41
PAGE 597

1   purchasers referring or relating to orders for BRATZ products for Fall 2009.  MGA

2   further objects to this request on the grounds that it is vague and ambiguous in its use

3   of the terms "orders," "cancelled or held orders," and "retailers and other prospective

4   purchasers."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

5   RELATING TO orders, including without limitation cancelled or held orders, for

6   BRATZ products for Fall 2009, and all COMMUNICATIONS with retailers and other

7   prospective purchasers REFERRING OR RELATING TO any such orders could be

8   relevant to the claims and defenses in this action, let alone established that the

9   relevancy of these documents outweighs fundamental privacy rights.  MGA further

10  objects to this request on the ground that the terms DOCUMENTS, REFERRING OR

11  RELATING TO, and COMMUNICATIONS render the request vague, ambiguous,

12  overly broad and unduly burdensome.  MGA further objects to the request to the

13  extent that it seeks documents that by reason of public filing, public distribution or

14  otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA

15  further objects to this request to the extent that it seeks documents not in MGA's

16  possession, custody or control.  MGA also objects to this request on the grounds that

17  it seeks confidential, proprietary or commercially sensitive information, the disclosure

18  of which would be inimical to the business interests of MGA.  MGA also objects to

19  this request to the extent it calls for the disclosure of attorney-client privileged

20  information or information protected from disclosure by the work-product doctrine,

21  joint defense or common interest privilege, or other privilege.

22      MGA further objects to this request as being overly broad and unduly

23  burdensome on the grounds that it is not limited in time.  MGA further objects to this

24  request as cumulative and duplicative to the extent that it seeks documents previously

25  requested by Mattel or produced by MGA in response to Mattel's document requests.

26

27  \ \ \

28  \ \ \

665960v2

1  **REQUEST FOR PRODUCTION NO. 10**

2      All DOCUMENTS REFERRING OR RELATING TO the transfer of any

3  ITEM OF VALUE by MGA to, or for the benefit of, ISAAC LARIAN, any member

4  of ISAAC LARIAN's family or any entity controlled by ISAAC LARIAN or any

5  member of ISAAC LARIAN's family, since January 1, 2007.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

7      MGA incorporates by reference its General Objections as though fully set forth

8  herein. MGA further objects to this request on the grounds that the Discovery Master

9  already has ruled on similarly phrased requests, including in an Order dated May 7,

10  2008, concluding that requests using phrases like "all documents," and "referring to

11  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

12  information. See May 7, 2008 Infante Order. MGA further objects on the grounds

13  that this request calls for the production of documents that are not limited to the

14  subject matter of this action and not relevant to any claim or defense in the pending

15  litigation or reasonably calculated to lead to the discovery of admissible evidence.

16  The request appears designed to circumvent the Court's January 7 Order appointing a

17  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

18  See January 7, 2009 Larson Order Appointing Forensic Auditor.

19      MGA further objects to this request on the grounds that it is compound. MGA

20  further objects to the request to the extent it violates the privacy rights of third parties

21  to their private, confidential, proprietary or trade secret information.

22      MGA also objects to this request on the grounds that it is overbroad, including,

23  without limitation, that it would extend to any documents referring or relating in any

24  way to a wide variety of matter that could potentially be construed as "relating" to the

25  transfer of any item of value between MGA and Isaac Larian or any member of Isaac

26  Larian's family, or any entity controlled by Isaac Larian or Isaac Larian's family,

27  without regard to whether such documents are at all relevant to any claim or defense

28  at issue herein. Mattel has not demonstrated how *all* DOCUMENTS REFERRING

665960\2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000



1    OR RELATING TO the transfer of any ITEM OF VALUE by MGA to, or for the

2    benefit of, ISAAC LARIAN, any member of ISAAC LARIAN's family or any entity

3    controlled by ISAAC LARIAN or any member of ISAAC LARIAN's family could be

4    relevant to the claims and defenses in this action, let alone established that the

5    relevancy of these documents outweighs the individual's fundamental right of

6    privacy. MGA further objects to this request on the ground that the terms

7    DOCUMENTS, REFERRING OR RELATING TO, and ITEM OF VALUE render the

8    request vague, ambiguous, overly broad and unduly burdensome. MGA further

9    objects to the request to the extent that it seeks documents that by reason of public

10   filing, public distribution or otherwise are already in Mattel's possession or are

11   readily accessible to Mattel. MGA further objects to this request to the extent that it

12   seeks documents not in MGA's possession, custody or control. MGA also objects to

13   this request on the grounds that it seeks confidential, proprietary or commercially

14   sensitive information, the disclosure of which would be inimical to the business

15   interests of MGA. MGA also objects to this request to the extent it calls for the

16   disclosure of attorney-client privileged information or information protected from

17   disclosure by the work-product doctrine, joint defense or common interest privilege,

18   or other privilege.

19       MGA further objects to this request as cumulative and duplicative to the extent

20   that it seeks documents previously requested by Mattel or produced by MGA in

21   response to Mattel's document requests.

22   **REQUEST FOR PRODUCTION NO. 11**

23       All COMMUNICATIONS between YOU and any third-party, including

24   without limitation any retailer or distributor but excluding MATTEL and any Court,

25   REFERRING OR RELATING TO YOUR ex parte application for stay pending

26   appeal, filed December 11, 2008, including without limitation any declaration,

27   whether final, draft, proposed or requested, in connection therewith and copies of all

28   draft declarations in connection therewith.

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any communication between MGA and any third-party referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to MGA's ex parte application for stay pending appeal, without regard to whether such communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every communication that any of its hundreds of employees may have had with any third-party referring or relating to this action. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons involved in the communications. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "third-party," "retailer or distributor," and "ex parte application for stay pending appeal." Mattel has not demonstrated how *all* COMMUNICATIONS between MGA and any third-party REFERRING OR RELATING TO MGA's ex parte application for stay pending appeal could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the terms COMMUNICATIONS and REFERRING OR RELATING TO render the request vague, ambiguous, overly broad

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1    and unduly burdensome.  MGA further objects to the request to the extent that it seeks

2    documents that by reason of public filing, public distribution or otherwise are already

3    in Mattel's possession or are readily accessible to Mattel.  MGA further objects to this

4    request to the extent that it seeks documents not in MGA's possession, custody or

5    control.  MGA also objects to this request on the grounds that it seeks confidential,

6    proprietary or commercially sensitive information, the disclosure of which would be

7    inimical to the business interests of MGA.  MGA also objects to this request to the

8    extent it calls for the disclosure of attorney-client privileged information or

9    information protected from disclosure by the work-product doctrine, joint defense or

10   common interest privilege, or other privilege.

11         MGA further objects to this request as cumulative and duplicative to the extent

12   that it seeks documents previously requested by Mattel or produced by MGA in

13   response to Mattel's document requests.

14   **REQUEST FOR PRODUCTION NO. 12**

15         All DOCUMENTS REFERRING OR RELATING TO capital contributions to

16   MGA since January 1, 2007.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

18         MGA incorporates by reference its General Objections as though fully set forth

19   herein.  MGA further objects to this request on the grounds that the Discovery Master

20   already has ruled on similarly phrased requests, including in an Order dated May 7,

21   2008, concluding that requests using phrases like "all documents," and "referring to

22   or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

23   information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

24   that this request calls for the production of documents that are not limited to the

25   subject matter of this action and not relevant to any claim or defense in the pending

26   litigation or reasonably calculated to lead to the discovery of admissible evidence.

27   The request appears designed to circumvent the Court's January 7 Order appointing a

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1 │ forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

2 │ See January 7, 2009 Larson Order Appointing Forensic Auditor.

3 │     MGA further objects to this request on the grounds that it is compound. MGA

4 │ further objects to the request to the extent it violates the privacy rights of third parties

5 │ to their private, confidential, proprietary or trade secret information.

6 │     MGA also objects to this request on the grounds that it is overbroad, including,

7 │ without limitation, that it would extend to any documents referring or relating in any

8 │ way to a wide variety of matter that could potentially be construed as "relating" to

9 │ capital contributions to MGA, without regard for whether such documents are at all

10 │ relevant to any claim or defense at issue herein. MGA further objects to this request

11 │ on the grounds that it is vague and ambiguous in its use of the term "capital

12 │ contributions." Mattel has not demonstrated how *all* DOCUMENTS REFERRING

13 │ OR RELATING TO capital contributions to MGA could be relevant to the claims and

14 │ defenses in this action, let alone established that the relevancy of these documents

15 │ outweighs the individual's fundamental right of privacy. MGA further objects to this

16 │ request on the ground that the terms DOCUMENTS and REFERRING OR

17 │ RELATING TO render the request vague, ambiguous, overly broad and unduly

18 │ burdensome. MGA further objects to the request to the extent that it seeks documents

19 │ that by reason of public filing, public distribution or otherwise are already in Mattel's

20 │ possession or are readily accessible to Mattel. MGA further objects to this request to

21 │ the extent that it seeks documents not in MGA's possession, custody or control.

22 │ MGA also objects to this request on the grounds that it seeks confidential, proprietary

23 │ or commercially sensitive information, the disclosure of which would be inimical to

24 │ the business interests of MGA. MGA also objects to this request to the extent it calls

25 │ for the disclosure of attorney-client privileged information or information protected

26 │ from disclosure by the work-product doctrine, joint defense or common interest

27 │ privilege, or other privilege.

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 41
PAGE 603

1   MGA further objects to this request as cumulative and duplicative to the extent
2   that it seeks documents previously requested by Mattel or produced by MGA in
3   response to Mattel's document requests.

4   **REQUEST FOR PRODUCTION NO. 13**

5   All DOCUMENTS showing MGA's projected revenue, costs, profits or
6   financial performance for any period since January 1, 2007.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

8   MGA incorporates by reference its General Objections as though fully set forth
9   herein. MGA further objects on the grounds that this request calls for the production
10  of documents that are not limited to the subject matter of this action and not relevant
11  to any claim or defense in the pending litigation or reasonably calculated to lead to
12  the discovery of admissible evidence. The request appears designed to circumvent
13  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay
14  the auditor's costs in the first instance. <u>See</u> January 7, 2009 Larson Order Appointing
15  Forensic Auditor.

16  MGA further objects to this request on the grounds that it is compound. MGA
17  further objects to the request to the extent it violates the privacy rights of third parties
18  to their private, confidential, proprietary or trade secret information.

19  MGA also objects to this request on the grounds that it is overbroad, including,
20  without limitation, that it would extend to any documents referring or relating in any
21  way to a wide variety of matter that could potentially be construed as "showing"
22  MGA's projected revenue, costs, profits or financial performance, without regard for
23  whether such documents are at all relevant to any claim or defense at issue herein.
24  MGA further objects to this request on the grounds that it is vague and ambiguous in
25  its use of the terms "projected revenue," "costs," "profits," and "financial
26  performance." Mattel has not demonstrated how *all* DOCUMENTS showing MGA's
27  projected revenue, costs, profits or financial performance could be relevant to the
28  claims and defenses in this action, let alone established that the relevancy of these

665960v2

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000



EXHIBIT 41
PAGE 604

1   documents outweighs fundamental privacy rights.  MGA further objects to this

2   request on the ground that the term DOCUMENTS renders the request vague,

3   ambiguous, overly broad and unduly burdensome.  MGA further objects to the

4   request to the extent that it seeks documents that by reason of public filing, public

5   distribution or otherwise are already in Mattel's possession or are readily accessible to

6   Mattel.  MGA further objects to this request to the extent that it seeks documents not

7   in MGA's possession, custody or control.  MGA also objects to this request on the

8   grounds that it seeks confidential, proprietary or commercially sensitive information,

9   the disclosure of which would be inimical to the business interests of MGA.  MGA

10  also objects to this request to the extent it calls for the disclosure of attorney-client

11  privileged information or information protected from disclosure by the work-product

12  doctrine, joint defense or common interest privilege, or other privilege.

13      MGA further objects to this request as cumulative and duplicative to the extent

14  that it seeks documents previously requested by Mattel or produced by MGA in

15  response to Mattel's document requests.

16  **REQUEST FOR PRODUCTION NO. 14**

17      All DOCUMENTS REFERRING OR RELATING TO any transfer of any

18  ITEM OF VALUE or other transaction between (i) MGA, and (ii) ISAAC LARIAN,

19  any ISAAC LARIAN family member, any PERSON controlled, directly or indirectly

20  by ISAAC LARIAN, or any PERSON controlled, directly or indirectly, by any

21  ISAAC LARIAN family member since January. 1, 2007.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

23      MGA incorporates by reference its General Objections as though fully set forth

24  herein.  MGA further objects to this request on the grounds that the Discovery Master

25  already has ruled on similarly phrased requests, including in an Order dated May 7,

26  2008, concluding that requests using phrases like "all documents," and "referring to

27  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

28  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

665960v2

EXHIBIT 41
PAGE 605

1    that this request calls for the production of documents that are not limited to the

2    subject matter of this action and not relevant to any claim or defense in the pending

3    litigation or reasonably calculated to lead to the discovery of admissible evidence.

4    The request appears designed to circumvent the Court's January 7 Order appointing a

5    forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

6    See January 7, 2009 Larson Order Appointing Forensic Auditor.

7          MGA further objects to this request on the grounds that it is compound.  MGA

8    further objects to the request to the extent it violates the privacy rights of third parties

9    to their private, confidential, proprietary or trade secret information.

10         MGA also objects to this request on the grounds that it is overbroad, including,

11   without limitation, that it would extend to any document referring or relating in any

12   way to a wide variety of matter that could potentially be construed as "relating" to

13   this any transfer of any item of value between MGA, Isaac Larian, any Isaac Larian

14   family member, and any person controlled directly or indirectly by Isaac Larian or

15   Isaac Larian's family, without regard to whether such documents are at all relevant to

16   any claim or defense at issue herein.  MGA further objects to this request on the

17   grounds that it is vague and ambiguous in its use of the terms "transfer" and

18   "controlled, directly or indirectly."  Mattel has not demonstrated how *all*

19   DOCUMENTS REFERRING OR RELATING TO any transfer of any ITEM OF

20   VALUE or other transaction between (i) MGA, and (ii) ISAAC LARIAN, any ISAAC

21   LARIAN family member, any PERSON controlled, directly or indirectly by ISAAC

22   LARIAN, or any PERSON controlled, directly or indirectly, by any ISAAC LARIAN

23   family member could be relevant to the claims and defenses in this action, let alone

24   established that the relevancy of these documents outweighs the individual's

25   fundamental right of privacy.  MGA further objects to this request on the ground that

26   the terms DOCUMENTS, REFERRING OR RELATING TO, ITEM OF VALUE, and

27   PERSON render the request vague, ambiguous, overly broad and unduly burdensome.

28   MGA further objects to the request to the extent that it seeks documents that by

665960v2

EXHIBIT 41
PAGE 606

1   reason of public filing, public distribution or otherwise are already in Mattel's

2   possession or are readily accessible to Mattel.  MGA further objects to this request to

3   the extent that it seeks documents not in MGA's possession, custody or control.

4   MGA also objects to this request on the grounds that it seeks confidential, proprietary

5   or commercially sensitive information, the disclosure of which would be inimical to

6   the business interests of MGA.  MGA also objects to this request to the extent it calls

7   for the disclosure of attorney-client privileged information or information protected

8   from disclosure by the work-product doctrine, joint defense or common interest

9   privilege, or other privilege.

10       MGA further objects to this request as cumulative and duplicative to the extent

11  that it seeks documents previously requested by Mattel or produced by MGA in

12  response to Mattel's document requests.

13  **REQUEST FOR PRODUCTION NO. 15**

14       All W-2s REFERRING OR RELATING TO any ISAAC LARIAN family

15  member since January 1, 2007.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

17       MGA incorporates by reference its General Objections as though fully set forth

18  herein.  MGA further objects on the grounds that this request calls for the production

19  of documents that are not limited to the subject matter of this action and not relevant

20  to any claim or defense in the pending litigation or reasonably calculated to lead to

21  the discovery of admissible evidence.  The request appears designed to circumvent

22  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

23  the auditor's costs in the first instance.  See January 7, 2009 Larson Order Appointing

24  Forensic Auditor.

25       MGA further objects to this request on the grounds that it is compound.  MGA

26  further objects to the request to the extent it violates the privacy rights of third parties

27  to their private, confidential, proprietary or trade secret information.

28

665960v2

EXHIBIT 44
PAGE 607

1  MGA further objects to this request on the grounds that it is vague and

2  ambiguous in its use of the terms "W-2" and "family member."  Mattel has not

3  demonstrated how *all* W-2s REFERRING OR RELATING TO any ISAAC LARIAN

4  family member could be relevant to the claims and defenses in this action, let alone

5  established that the relevancy of these documents outweighs the individual's

6  fundamental right of privacy.  MGA further objects to this request on the ground that

7  the term REFERRING OR RELATING TO renders the request vague, ambiguous,

8  overly broad and unduly burdensome.  MGA further objects to the request to the

9  extent that it seeks documents that by reason of public filing, public distribution or

10  otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA

11  further objects to this request to the extent that it seeks documents not in MGA's

12  possession, custody or control.  MGA also objects to this request on the grounds that

13  it seeks confidential, proprietary or commercially sensitive information, the disclosure

14  of which would be inimical to the business interests of MGA.  MGA also objects to

15  this request to the extent it calls for the disclosure of attorney-client privileged

16  information or information protected from disclosure by the work-product doctrine,

17  joint defense or common interest privilege, or other privilege.

18  MGA further objects to this request as cumulative and duplicative to the extent

19  that it seeks documents previously requested by Mattel or produced by MGA in

20  response to Mattel's document requests.

21  **REQUEST FOR PRODUCTION NO. 16**

22  All DOCUMENTS REFERRING OR RELATING TO any sale, distribution or

23  transfer by MGA of BRATZ products having a retail value greater than $50,000 other

24  than to retailers in the ordinary course of business since January 1, 2007.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

26  MGA incorporates by reference its General Objections as though fully set forth

27  herein.  MGA further objects to this request on the grounds that the Discovery Master

28  already has ruled on similarly phrased requests, including in an Order dated May 7,

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT  44
PAGE  606



1   2008, concluding that requests using phrases like "all documents," and "referring to

2   or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

3   information. <u>See</u> May 7, 2008 Infante Order. MGA further objects on the grounds

4   that this request calls for the production of documents that are not limited to the

5   subject matter of this action and not relevant to any claim or defense in the pending

6   litigation or reasonably calculated to lead to the discovery of admissible evidence.

7   The request appears designed to circumvent the Court's January 7 Order appointing a

8   forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

9   <u>See</u> January 7, 2009 Larson Order Appointing Forensic Auditor.

10         MGA further objects to this request on the grounds that it is compound. MGA

11   further objects to the request to the extent it violates the privacy rights of third parties

12   to their private, confidential, proprietary or trade secret information.

13         MGA also objects to this request on the grounds that it is overbroad, including,

14   without limitation, that it would extend to any document referring or relating in any

15   way to a wide variety of matter that could potentially be construed as "relating" to

16   any sale, distribution or transfer by MGA of BRATZ products having a retail value

17   greater than $50,000 other than to retailers in the ordinary course of business, without

18   regard to whether such documents are at all relevant to any claim or defense at issue

19   herein. MGA also objects to this request on the grounds that it is overbroad, unduly

20   burdensome and oppressive in that it is not in any way limited as to the persons

21   involved in the sales, distributions, or transfers. MGA further objects to this request

22   on the grounds that it is vague and ambiguous in its use of the terms "sale,"

23   "distribution," "transfer," "retail value," "retailers," and "ordinary course of

24   business." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

25   RELATING TO any sale, distribution or transfer by MGA of BRATZ products having

26   a retail value greater than $50,000 other than to retailers in the ordinary course of

27   business could be relevant to the claims and defenses in this action, let alone

28   established that the relevancy of these documents outweighs fundamental privacy

665960v2

1  rights.  MGA further objects to this request on the ground that the terms

2  DOCUMENTS and REFERRING OR RELATING TO render the request vague,

3  ambiguous, overly broad and unduly burdensome.  MGA further objects to the

4  request to the extent that it seeks documents that by reason of public filing, public

5  distribution or otherwise are already in Mattel's possession or are readily accessible to

6  Mattel.  MGA further objects to this request to the extent that it seeks documents not

7  in MGA's possession, custody or control.  MGA also objects to this request on the

8  grounds that it seeks confidential, proprietary or commercially sensitive information,

9  the disclosure of which would be inimical to the business interests of MGA.  MGA

10  also objects to this request to the extent it calls for the disclosure of attorney-client

11  privileged information or information protected from disclosure by the work-product

12  doctrine, joint defense or common interest privilege, or other privilege.

13      MGA further objects to this request as cumulative and duplicative to the extent

14  that it seeks documents previously requested by Mattel or produced by MGA in

15  response to Mattel's document requests.

16  **REQUEST FOR PRODUCTION NO. 17**

17      All DOCUMENTS REFERRING OR RELATING TO agreements,

18  transactions, sales, shipments or the transfer of any ITEM OF VALUE between MGA

19  and IGWT Group, LLC.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

21      MGA incorporates by reference its General Objections as though fully set forth

22  herein.  MGA further objects to this request on the grounds that the Discovery Master

23  already has ruled on similarly phrased requests, including in an Order dated May 7,

24  2008, concluding that requests using phrases like "all documents," and "referring to

25  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

26  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

27  that this request calls for the production of documents that are not limited to the

28  subject matter of this action and not relevant to any claim or defense in the pending

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT
PAGE 616

1   litigation or reasonably calculated to lead to the discovery of admissible evidence.

2   The request appears designed to circumvent the Court's January 7 Order appointing a

3   forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

4   See January 7, 2009 Larson Order Appointing Forensic Auditor.

5          MGA further objects to this request on the grounds that it is compound.  MGA

6   further objects to the request to the extent it violates the privacy rights of third parties

7   to their private, confidential, proprietary or trade secret information.  MGA further

8   objects to this request on the grounds that it is overbroad as to subject matter and

9   time; in particular, MGA objects that the phrases "all documents" and "referring or

10  relating to" are unbounded by any date limitation and are not tied in any way to any

11  claim, defense or other issues involved in Phase 2 of this litigation.

12         MGA also objects to this request on the grounds that it is overbroad, including,

13  without limitation, that it would extend to any document referring or relating in any

14  way to a wide variety of matter that could potentially be construed as "relating" to

15  any agreements, transactions, sales, shipments or the transfer of any ITEM OF

16  VALUE between MGA and IGWT Group, LLC, without regard to whether such

17  documents are at all relevant to any claim or defense at issue herein.  MGA also

18  objects to this request on the grounds that it is overbroad, unduly burdensome and

19  oppressive in that it is not in any way limited as to the persons involved in the

20  communications or as to time.  MGA further objects to this request on the grounds

21  that it is vague and ambiguous in its use of the terms "agreements," "transactions,"

22  "sales," "shipments," and "transfer."  Mattel has not demonstrated how *all*

23  DOCUMENTS REFERRING OR RELATING TO agreements, transactions, sales,

24  shipments or the transfer of any ITEM OF VALUE between MGA and IGWT Group,

25  LLC could be relevant to the claims and defenses in this action, let alone established

26  that the relevancy of these documents outweighs the individual's fundamental right of

27  privacy.  MGA further objects to this request on the ground that the terms

28  DOCUMENTS, REFERRING OR RELATING TO, and  ITEM OF VALUE render

665960v2

1  the request vague, ambiguous, overly broad and unduly burdensome.  MGA further

2  objects to the request to the extent that it seeks documents that by reason of public

3  filing, public distribution or otherwise are already in Mattel's possession or are

4  readily accessible to Mattel.  MGA further objects to this request to the extent that it

5  seeks documents not in MGA's possession, custody or control.  MGA also objects to

6  this request on the grounds that it seeks confidential, proprietary or commercially

7  sensitive information, the disclosure of which would be inimical to the business

8  interests of MGA.  MGA also objects to this request to the extent it calls for the

9  disclosure of attorney-client privileged information or information protected from

10  disclosure by the work-product doctrine, joint defense or common interest privilege,

11  or other privilege.

12       MGA further objects to this request as being overly broad and unduly

13  burdensome on the grounds that it is not limited in time.  MGA further objects to this

14  request as cumulative and duplicative to the extent that it seeks documents previously

15  requested by Mattel or produced by MGA in response to Mattel's document requests.

16  **REQUEST FOR PRODUCTION NO. 18**

17       All DOCUMENTS REFERRING OR RELATING TO the alleged transfer of

18  product from MGA to IGWT Group, LLC pursuant to the Inventory Purchase

19  Agreement dated July 7, 2008, including without limitation all audits or other

20  valuations performed in connection with such product, any opinions RELATING TO

21  the fairness or unfairness of such transfer, all MGA corporate or director resolutions

22  or approvals of such transfer, all bids received or solicited in connection with the

23  purported sale or offering for sale of such product, the terms of such bids and any

24  other and all COMMUNICATIONS relating to any of the foregoing.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

26       MGA incorporates by reference its General Objections as though fully set forth

27  herein.  MGA further objects to this request on the grounds that the Discovery Master

28  already has ruled on similarly phrased requests, including in an Order dated May 7,

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000



1  2008, concluding that requests using phrases like "all documents," and "referring to

2  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

3  information. See May 7, 2008 Infante Order.  MGA further objects on the grounds

4  that this request calls for the production of documents that are not limited to the

5  subject matter of this action and not relevant to any claim or defense in the pending

6  litigation or reasonably calculated to lead to the discovery of admissible evidence.

7  The request appears designed to circumvent the Court's January 7 Order appointing a

8  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

9  See January 7, 2009 Larson Order Appointing Forensic Auditor.

10      MGA further objects to this request on the grounds that it is compound.  MGA

11  further objects to the request to the extent it violates the privacy rights of third parties

12  to their private, confidential, proprietary or trade secret information.

13      MGA also objects to this request on the grounds that it is overbroad, including,

14  without limitation, that it would extend to any documents and communications

15  between anyone at MGA and any other person referring or relating in any way to a

16  wide variety of matter that could potentially be construed as "relating" to the alleged

17  transfer of product from MGA to IGWT Group, LLC pursuant to the Inventory

18  Purchase Agreement dated July 7, 2008, without regard to whether such documents

19  and communications are at all relevant to any claim or defense at issue herein.  MGA

20  also objects to this request on the grounds that it is overbroad, unduly burdensome

21  and oppressive in that it purports to require MGA diligently to identify every

22  communication that any of its hundreds of employees may have had with any other

23  person referring or relating to the alleged transfer of product from MGA to IGWT

24  Group, LLC pursuant to the Inventory Purchase Agreement dated July 7, 2008.  MGA

25  also objects to this request on the grounds that it is overbroad, unduly burdensome

26  and oppressive in that it is not in any way limited as to the persons involved in the

27  communications.  MGA further objects to this request on the grounds that it is vague

28  and ambiguous in its use of the terms "transfer of product," "corporate or director

665960v2



1 | resolutions or approvals," "bids received or solicited," and "purported sale or offering
2 | for sale." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR
3 | RELATING TO the alleged transfer of product from MGA to IGWT Group, LLC
4 | pursuant to the Inventory Purchase Agreement dated July 7, 2008, *any* opinions
5 | RELATING TO the fairness or unfairness of such transfer, *all* MGA corporate or
6 | director resolutions or approvals of such transfer, *all* bids received or solicited in
7 | connection with the purported sale or offering for sale of such product, the terms of
8 | such bids and *any other and all* COMMUNICATIONS relating to any of the
9 | foregoing could be relevant to the claims and defenses in this action, let alone
10 | established that the relevancy of these documents outweighs the individual's
11 | fundamental right of privacy. MGA further objects to this request on the ground that
12 | the terms DOCUMENTS, REFERRING OR RELATING TO, and
13 | COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly
14 | burdensome. MGA further objects to the request to the extent that it seeks documents
15 | that by reason of public filing, public distribution or otherwise are already in Mattel's
16 | possession or are readily accessible to Mattel. MGA further objects to this request to
17 | the extent that it seeks documents not in MGA's possession, custody or control.
18 | MGA also objects to this request on the grounds that it seeks confidential, proprietary
19 | or commercially sensitive information, the disclosure of which would be inimical to
20 | the business interests of MGA. MGA also objects to this request to the extent it calls
21 | for the disclosure of attorney-client privileged information or information protected
22 | from disclosure by the work-product doctrine, joint defense or common interest
23 | privilege, or other privilege.

24 |     MGA further objects to this request as cumulative and duplicative to the extent
25 | that it seeks documents previously requested by Mattel or produced by MGA in
26 | response to Mattel's document requests.

27

28

665960v2

1    **REQUEST FOR PRODUCTION NO. 19**

2         All DOCUMENTS REFERRING OR RELATING TO the revenue generated

3    by IGWT Group, LLC's sales, licensing, distribution or other transfer of BRATZ

4    products and the transfer or disposition of such revenue.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

6         MGA incorporates by reference its General Objections as though fully set forth

7    herein. MGA further objects to this request on the grounds that the Discovery Master

8    already has ruled on similarly phrased requests, including in an Order dated May 7,

9    2008, concluding that requests using phrases like "all documents," and "referring to

10   or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

11   information. See May 7, 2008 Infante Order. MGA further objects on the grounds

12   that this request calls for the production of documents that are not limited to the

13   subject matter of this action and not relevant to any claim or defense in the pending

14   litigation or reasonably calculated to lead to the discovery of admissible evidence.

15   The request appears designed to circumvent the Court's January 7 Order appointing a

16   forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

17   See January 7, 2009 Larson Order Appointing Forensic Auditor.

18        MGA further objects to this request on the grounds that it is compound. MGA

19   further objects to the request to the extent it violates the privacy rights of third parties

20   to their private, confidential, proprietary or trade secret information. MGA further

21   objects to this request on the grounds that it is overbroad as to subject matter and

22   time; in particular, MGA objects that the phrases "all documents" and "referring or

23   relating to" are unbounded by any date limitation and are not tied in any way to any

24   claim, defense or other issues involved in Phase 2 of this litigation.

25        MGA also objects to this request on the grounds that it is overbroad, including,

26   without limitation, that it would extend to any documents referring or relating in any

27   way to a wide variety of matter that could potentially be construed as "relating" to the

28   revenue generated by IGWT Group, LLC's sales, licensing, distribution or other

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. PHASE 2

EXHIBIT 11
PAGE 615