LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310.553.3000

1  transfer of BRATZ products and the transfer or disposition of such revenue, without

2  regard to whether such documents are at all relevant to any claim or defense at issue

3  herein.  MGA also objects to this request on the grounds that it is overbroad, unduly

4  burdensome and oppressive in that it is not in any way limited as to the persons

5  involved in the communications or as to time.  MGA further objects to this request on

6  the grounds that it is vague and ambiguous in its use of the terms "revenue

7  generated," "sales," "licensing," "distribution," "other transfer," "BRATZ products,"

8  and "transfer or disposition of such revenue."  Mattel has not demonstrated how *all*

9  DOCUMENTS REFERRING OR RELATING TO the revenue generated by IGWT

10  Group, LLC's sales, licensing, distribution or other transfer of BRATZ products and

11  the transfer or disposition of such revenue could be relevant to the claims and

12  defenses in this action, let alone established that the relevancy of these documents

13  outweighs the individual's fundamental right of privacy.  MGA further objects to this

14  request on the ground that the terms DOCUMENTS and REFERRING OR

15  RELATING TO render the request vague, ambiguous, overly broad and unduly

16  burdensome.  MGA further objects to the request to the extent that it seeks documents

17  that by reason of public filing, public distribution or otherwise are already in Mattel's

18  possession or are readily accessible to Mattel.  MGA further objects to this request to

19  the extent that it seeks documents not in MGA's possession, custody or control.

20  MGA also objects to this request on the grounds that it seeks confidential, proprietary

21  or commercially sensitive information, the disclosure of which would be inimical to

22  the business interests of MGA.  MGA also objects to this request to the extent it calls

23  for the disclosure of attorney-client privileged information or information protected

24  from disclosure by the work-product doctrine, joint defense or common interest

25  privilege, or other privilege.

26      MGA further objects to this request as being overly broad and unduly

27  burdensome on the grounds that it is not limited in time.  MGA further objects to this

28

665960v2

EXHIBIT 44
PAGE 616

1  request as cumulative and duplicative to the extent that it seeks documents previously

2  requested by Mattel or produced by MGA in response to Mattel's document requests.

3  **REQUEST FOR PRODUCTION NO. 20**

4      All DOCUMENTS REFERRING OR RELATING TO agreements, contracts,

5  transactions, sales, shipments or transfers of any ITEM OF VALUE between MGA

6  and IGWT 826 Investments, LLC.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

8      MGA incorporates by reference its General Objections as though fully set forth

9  herein. MGA further objects to this request on the grounds that the Discovery Master

10  already has ruled on similarly phrased requests, including in an Order dated May 7,

11  2008, concluding that requests using phrases like "all documents," and "referring to

12  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

13  information. See May 7, 2008 Infante Order. MGA further objects on the grounds

14  that this request calls for the production of documents that are not limited to the

15  subject matter of this action and not relevant to any claim or defense in the pending

16  litigation or reasonably calculated to lead to the discovery of admissible evidence.

17  The request appears designed to circumvent the Court's January 7 Order appointing a

18  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

19  See January 7, 2009 Larson Order Appointing Forensic Auditor.

20      MGA further objects to this request on the grounds that it is compound. MGA

21  further objects to the request to the extent it violates the privacy rights of third parties

22  to their private, confidential, proprietary or trade secret information. MGA further

23  objects to this request on the grounds that it is overbroad as to subject matter and

24  time; in particular, MGA objects that the phrases "all documents" and "referring or

25  relating to" are unbounded by any date limitation and are not tied in any way to any

26  claim, defense or other issues involved in Phase 2 of this litigation.

27      MGA also objects to this request on the grounds that it is overbroad, including,

28  without limitation, that it would extend to any documents referring or relating in any

665960v2

EXHIBIT 41
PAGE 617

1  way to a wide variety of matter that could potentially be construed as "relating" to

2  agreements, contracts, transactions, sales, shipments or transfers of any ITEM OF

3  VALUE between MGA and IGWT 826 Investments, LLC, without regard to whether

4  such documents are at all relevant to any claim or defense at issue herein. MGA

5  further objects to this request on the grounds that it is vague and ambiguous in its use

6  of the terms "agreements," "contracts," "transactions," "sales," "shipments," and

7  "transfers." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

8  RELATING TO agreements, contracts, transactions, sales, shipments or transfers of

9  any ITEM OF VALUE between MGA and IGWT 826 Investments, LLC could be

10  relevant to the claims and defenses in this action, let alone established that the

11  relevancy of these documents outweighs fundamental privacy rights. MGA further

12  objects to this request on the ground that the terms DOCUMENTS, REFERRING OR

13  RELATING TO, and ITEM OF VALUE render the request vague, ambiguous, overly

14  broad and unduly burdensome. MGA further objects to the request to the extent that

15  it seeks documents that by reason of public filing, public distribution or otherwise are

16  already in Mattel's possession or are readily accessible to Mattel. MGA further

17  objects to this request to the extent that it seeks documents not in MGA's possession,

18  custody or control. MGA also objects to this request on the grounds that it seeks

19  confidential, proprietary or commercially sensitive information, the disclosure of

20  which would be inimical to the business interests of MGA. MGA also objects to this

21  request to the extent it calls for the disclosure of attorney-client privileged

22  information or information protected from disclosure by the work-product doctrine,

23  joint defense or common interest privilege, or other privilege.

24      MGA further objects to this request as being overly broad and unduly

25  burdensome on the grounds that it is not limited in time. MGA further objects to this

26  request as cumulative and duplicative to the extent that it seeks documents previously

27  requested by Mattel or produced by MGA in response to Mattel's document requests.

28

665960v2

**REQUEST FOR PRODUCTION NO. 21**

All DOCUMENTS REFERRING OR RELATING TO the revenue generated by IGWT 826 Investments, LLC's sales, licensing, distribution or other transfer of BRATZ products and the transfer or disposition of such revenue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to the revenue generated by IGWT 826 Investments, LLC's sales, licensing, distribution or

665960v2

EXHIBIT 41
PAGE 619

1  other transfer of BRATZ products and the transfer or disposition of such revenue,

2  without regard to whether such communications are at all relevant to any claim or

3  defense at issue herein.  MGA further objects to this request on the grounds that it is

4  vague and ambiguous in its use of the terms "sales, licensing, distribution or other

5  transfer" and "transfer or disposition of such revenue."  Mattel has not demonstrated

6  how *all* DOCUMENTS REFERRING OR RELATING TO the revenue generated by

7  IGWT 826 Investments, LLC's sales, licensing, distribution or other transfer of

8  BRATZ products and the transfer or disposition of such revenue could be relevant to

9  the claims and defenses in this action, let alone established that the relevancy of these

10  documents outweighs fundamental privacy rights.  MGA further objects to this

11  request on the ground that the terms DOCUMENTS and REFERRING OR

12  RELATING TO render the request vague, ambiguous, overly broad and unduly

13  burdensome.  MGA further objects to the request to the extent that it seeks documents

14  that by reason of public filing, public distribution or otherwise are already in Mattel's

15  possession or are readily accessible to Mattel.  MGA further objects to this request to

16  the extent that it seeks documents not in MGA's possession, custody or control.

17  MGA also objects to this request on the grounds that it seeks confidential, proprietary

18  or commercially sensitive information, the disclosure of which would be inimical to

19  the business interests of MGA.  MGA also objects to this request to the extent it calls

20  for the disclosure of attorney-client privileged information or information protected

21  from disclosure by the work-product doctrine, joint defense or common interest

22  privilege, or other privilege.

23  　　　MGA further objects to this request as being overly broad and unduly

24  burdensome on the grounds that it is not limited in time.  MGA further objects to this

25  request as cumulative and duplicative to the extent that it seeks documents previously

26  requested by Mattel or produced by MGA in response to Mattel's document requests.

27

28

665960v2

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

EXHIBIT 41
PAGE 620

**REQUEST FOR PRODUCTION NO. 22**

All agreements, contracts and written COMMUNICATIONS between MGA and Wachovia since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to agreements, contracts and written COMMUNICATIONS between anyone at MGA and anyone at Wachovia, without regard to whether such communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every communication that any of its hundreds of employees may have had with any employee of Wachovia since January 1, 2007. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "agreements" and "contracts." Mattel has not demonstrated how *all* agreements, contracts and written COMMUNICATIONS between MGA and Wachovia could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs fundamental privacy rights. MGA further objects to this request on the ground that the term COMMUNICATIONS renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public

665960v2

EXHIBIT 41
PAGE 621

1  filing, public distribution or otherwise are already in Mattel's possession or are

2  readily accessible to Mattel.  MGA further objects to this request to the extent that it

3  seeks documents not in MGA's possession, custody or control.  MGA also objects to

4  this request on the grounds that it seeks confidential, proprietary or commercially

5  sensitive information, the disclosure of which would be inimical to the business

6  interests of MGA.  MGA also objects to this request to the extent it calls for the

7  disclosure of attorney-client privileged information or information protected from

8  disclosure by the work-product doctrine, joint defense or common interest privilege,

9  or other privilege.

10       MGA further objects to this request as cumulative and duplicative to the extent

11  that it seeks documents previously requested by Mattel or produced by MGA in

12  response to Mattel's document requests.

13  **REQUEST FOR PRODUCTION NO. 23**

14       All agreements and contracts REFERRING OR RELATING TO any

15  indebtedness owed to Wachovia or any credit extended by Wachovia since January 1,

16  2007, and any amendments or modifications thereto, and any COMMUNICATIONS

17  RELATED TO any such agreements or contracts.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

19       MGA incorporates by reference its General Objections as though fully set forth

20  herein.  MGA further objects on the grounds that this request calls for the production

21  of documents that are not limited to the subject matter of this action and not relevant

22  to any claim or defense in the pending litigation or reasonably calculated to lead to

23  the discovery of admissible evidence.

24       MGA further objects to this request on the grounds that it is compound.  MGA

25  further objects to the request to the extent it violates the privacy rights of third parties

26  to their private, confidential, proprietary or trade secret information.

27       MGA also objects to this request on the grounds that it is overbroad, including,

28  without limitation, that it would extend to any documents and communications

665960v2

44
RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

**EXHIBIT** 41
**PAGE** 622

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   between anyone at MGA and anyone at Wachovia referring or relating in any way to

2   a wide variety of matter that could potentially be construed as "relating" to any

3   indebtedness owed to Wachovia or any credit extended by Wachovia, without regard

4   to whether such documents and communications are at all relevant to any claim or

5   defense at issue herein.  MGA also objects to this request on the grounds that it is

6   overbroad, unduly burdensome and oppressive in that it purports to require MGA

7   diligently to identify every document and communication that any of its hundreds of

8   employees may have had with anyone at Wachovia referring or relating to any

9   indebtedness owed to Wachovia or any credit extended by Wachovia.  MGA further

10  objects to this request on the grounds that it is vague and ambiguous in its use of the

11  terms "indebtedness" and "credit extended."  Mattel has not demonstrated how *all*

12  agreements and contracts REFERRING OR RELATING TO any indebtedness owed

13  to Wachovia or any credit extended by Wachovia since January 1, 2007, and any

14  amendments or modifications thereto, and any COMMUNICATIONS RELATED TO

15  any such agreements or contracts could be relevant to the claims and defenses in this

16  action, let alone established that the relevancy of these documents outweighs the

17  individual's fundamental right of privacy.  MGA further objects to this request on the

18  ground that the terms REFERRING OR RELATING TO and COMMUNICATIONS

19  render the request vague, ambiguous, overly broad and unduly burdensome.  MGA

20  further objects to the request to the extent that it seeks documents that by reason of

21  public filing, public distribution or otherwise are already in Mattel's possession or are

22  readily accessible to Mattel.  MGA further objects to this request to the extent that it

23  seeks documents not in MGA's possession, custody or control.  MGA also objects to

24  this request on the grounds that it seeks confidential, proprietary or commercially

25  sensitive information, the disclosure of which would be inimical to the business

26  interests of MGA.  MGA also objects to this request to the extent it calls for the

27  disclosure of attorney-client privileged information or information protected from

28

665960v2

1  disclosure by the work-product doctrine, joint defense or common interest privilege,

2  or other privilege.

3      MGA further objects to this request as cumulative and duplicative to the extent

4  that it seeks documents previously requested by Mattel or produced by MGA in

5  response to Mattel's document requests.

6  **REQUEST FOR PRODUCTION NO. 24**

7      All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or

8  transactions between MGA and OMNI 808 INVESTORS, LLC, and any amendments

9  or modifications thereto, and any COMMUNICATIONS REFERRING OR

10  RELATING TO any such agreements, contracts or transactions.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

12      MGA incorporates by reference its General Objections as though fully set forth

13  herein. MGA further objects to this request on the grounds that the Discovery Master

14  already has ruled on similarly phrased requests, including in an Order dated May 7,

15  2008, concluding that requests using phrases like "all documents," and "referring to

16  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

17  information. See May 7, 2008 Infante Order. MGA further objects on the grounds

18  that this request calls for the production of documents that are not limited to the

19  subject matter of this action and not relevant to any claim or defense in the pending

20  litigation or reasonably calculated to lead to the discovery of admissible evidence.

21  The request appears designed to circumvent the Court's January 7 Order appointing a

22  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

23  See January 7, 2009 Larson Order Appointing Forensic Auditor.

24      MGA further objects to this request on the grounds that it is compound. MGA

25  further objects to the request to the extent it violates the privacy rights of third parties

26  to their private, confidential, proprietary or trade secret information. MGA further

27  objects to this request on the grounds that it is overbroad as to subject matter and

28  time; in particular, MGA objects that the phrases "all documents" and "referring or

665960v2

1   relating to" are unbounded by any date limitation and are not tied in any way to any

2   claim, defense or other issues involved in Phase 2 of this litigation.

3         MGA also objects to this request on the grounds that it is overbroad, including,

4   without limitation, that it would extend to any documents and communication

5   between anyone at MGA and anyone at OMNI 808 INVESTORS, LLC referring or

6   relating in any way to a wide variety of matter that could potentially be construed as

7   "relating" to agreements, contracts or transactions between MGA and OMNI 808

8   INVESTORS, LLC, and any amendments or modifications thereto, without regard to

9   whether such documents and communications are at all relevant to any claim or

10  defense at issue herein.  MGA also objects to this request on the grounds that it is

11  overbroad, unduly burdensome and oppressive in that it purports to require MGA

12  diligently to identify every communication that any of its hundreds of employees may

13  have had with anyone at OMNI 808 INVESTORS, LLC referring or relating to

14  agreements, contracts or transactions between MGA and OMNI 808 INVESTORS,

15  LLC, and any amendments or modifications thereto.  MGA further objects to this

16  request on the grounds that it is vague and ambiguous in its use of the terms

17  "agreements, contracts or transactions" and "amendments or modifications."  Mattel

18  has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO

19  agreements, contracts or transactions between MGA and OMNI 808 INVESTORS,

20  LLC, and any amendments or modifications thereto, and any COMMUNICATIONS

21  REFERRING OR RELATING TO any such agreements, contracts or transactions

22  could be relevant to the claims and defenses in this action, let alone established that

23  the relevancy of these documents outweighs the individual's fundamental right of

24  privacy.  MGA further objects to this request on the ground that the terms

25  DOCUMENTS, REFERRING OR RELATING TO, and COMMUNICATIONS

26  render the request vague, ambiguous, overly broad and unduly burdensome.  MGA

27  further objects to the request to the extent that it seeks documents that by reason of

28  public filing, public distribution or otherwise are already in Mattel's possession or are

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 41

PAGE 1625

1  readily accessible to Mattel. MGA further objects to this request to the extent that it

2  seeks documents not in MGA's possession, custody or control. MGA also objects to

3  this request on the grounds that it seeks confidential, proprietary or commercially

4  sensitive information, the disclosure of which would be inimical to the business

5  interests of MGA. MGA also objects to this request to the extent it calls for the

6  disclosure of attorney-client privileged information or information protected from

7  disclosure by the work-product doctrine, joint defense or common interest privilege,

8  or other privilege.

9      MGA further objects to this request as being overly broad and unduly

10 burdensome on the grounds that it is not limited in time. MGA further objects to this

11 request as cumulative and duplicative to the extent that it seeks documents previously

12 requested by Mattel or produced by MGA in response to Mattel's document requests.

13 **REQUEST FOR PRODUCTION NO. 25**

14     All DOCUMENTS containing financial information, including but not limited

15 to YOUR historical and prospective financial performance, provided by YOU to

16 OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC or LEXINGTON

17 FINANCIAL, LLC since January 1, 2008.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

19     MGA incorporates by reference its General Objections as though fully set forth

20 herein. MGA further objects on the grounds that this request calls for the production

21 of documents that are not limited to the subject matter of this action and not relevant

22 to any claim or defense in the pending litigation or reasonably calculated to lead to

23 the discovery of admissible evidence.

24     MGA further objects to this request on the grounds that it is compound. MGA

25 further objects to the request to the extent it violates the privacy rights of third parties

26 to their private, confidential, proprietary or trade secret information.

27     MGA also objects to this request on the grounds that it is overbroad, including,

28 without limitation, that it would extend to *all* documents provided to anyone at MGA

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

665960v2

EXHIBIT 41
PAGE 626

1   by any other person at OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC or

2   LEXINGTON FINANCIAL, LLC since January 1, 2008, without regard to whether

3   such documents are at all relevant to any claim or defense at issue herein.  MGA

4   further objects to this request on the grounds that it is vague and ambiguous in its use

5   of the terms "financial information" and "historical and prospective financial

6   performance."  Mattel has not demonstrated how *all* DOCUMENTS containing

7   financial information, including but not limited to MGA's historical and prospective

8   financial performance, provided by MGA to OMNI 808 INVESTORS, LLC, VISION

9   CAPITAL, LLC or LEXINGTON FINANCIAL, LLC could be relevant to the claims

10  and defenses in this action, let alone established that the relevancy of these documents

11  outweighs the individual's fundamental right of privacy.  MGA further objects to this

12  request on the ground that the term DOCUMENTS renders the request vague,

13  ambiguous, overly broad and unduly burdensome.  MGA further objects to the

14  request to the extent that it seeks documents that by reason of public filing, public

15  distribution or otherwise are already in Mattel's possession or are readily accessible to

16  Mattel.  MGA further objects to this request to the extent that it seeks documents not

17  in MGA's possession, custody or control.  MGA also objects to this request on the

18  grounds that it seeks confidential, proprietary or commercially sensitive information,

19  the disclosure of which would be inimical to the business interests of MGA.  MGA

20  also objects to this request to the extent it calls for the disclosure of attorney-client

21  privileged information or information protected from disclosure by the work-product

22  doctrine, joint defense or common interest privilege, or other privilege.

23       MGA further objects to this request as cumulative and duplicative to the extent

24  that it seeks documents previously requested by Mattel or produced by MGA in

25  response to Mattel's document requests.

26

27  \ \ \

28  \ \ \

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
310-553-3000

**REQUEST FOR PRODUCTION NO. 26**

All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or transactions between LEXINGTON FINANCIAL, LLC and MGA or any other PERSON, and any amendments or modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING TO any such agreements, contracts or transactions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents and communication between anyone at MGA and anyone at LEXINGTON FINANCIAL, LLC referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to agreements, contracts or transactions between MGA and

GLASER, WEIL, FINK, JACOB & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310)553-3000

665960v2

EXHIBIT 41
PAGE 628

1  LEXINGTON FINANCIAL, LLC, and any amendments or modifications thereto,

2  without regard to whether such documents and communications are at all relevant to

3  any claim or defense at issue herein.  MGA also objects to this request on the grounds

4  that it is overbroad, unduly burdensome and oppressive in that it purports to require

5  MGA diligently to identify every communication that any of its hundreds of

6  employees may have had with anyone at LEXINGTON FINANCIAL, LLC or any

7  other person referring or relating to agreements, contracts or transactions between

8  LEXINGTON FINANCIAL, LLC and MGA or any other person, and any

9  amendments or modifications thereto.  MGA further objects to this request on the

10  grounds that it is vague and ambiguous in its use of the terms "agreements, contracts

11  or transactions" and "amendments or modifications."  Mattel has not demonstrated

12  how *all* DOCUMENTS REFERRING OR RELATING TO agreements, contracts or

13  transactions between LEXINGTON FINANCIAL, LLC and MGA or any other

14  PERSON, and any amendments or modifications thereto, and any

15  COMMUNICATIONS REFERRING OR RELATING TO any such agreements,

16  contracts or transactions could be relevant to the claims and defenses in this action, let

17  alone established that the relevancy of these documents outweighs the individual's

18  fundamental right of privacy.  MGA further objects to this request on the ground that

19  the terms DOCUMENTS, REFERRING OR RELATING TO, and

20  COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly

21  burdensome.  MGA further objects to the request to the extent that it seeks documents

22  that by reason of public filing, public distribution or otherwise are already in Mattel's

23  possession or are readily accessible to Mattel.  MGA further objects to this request to

24  the extent that it seeks documents not in MGA's possession, custody or control.

25  MGA also objects to this request on the grounds that it seeks confidential, proprietary

26  or commercially sensitive information, the disclosure of which would be inimical to

27  the business interests of MGA.  MGA also objects to this request to the extent it calls

28  for the disclosure of attorney-client privileged information or information protected

665960v2

EXHIBIT 41
PAGE 629

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  from disclosure by the work-product doctrine, joint defense or common interest

2  privilege, or other privilege.

3      MGA further objects to this request as being overly broad and unduly

4  burdensome on the grounds that it is not limited in time.  MGA further objects to this

5  request as cumulative and duplicative to the extent that it seeks documents previously

6  requested by Mattel or produced by MGA in response to Mattel's document requests.

7  **REQUEST FOR PRODUCTION NO. 27**

8      All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or

9  transactions between VISION CAPITAL, LLC and MGA or any other PERSON, and

10  any amendments or modifications thereto, and any COMMUNICATIONS

11  REFERRING OR RELATING TO any such agreements, contracts or transactions.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

13      MGA incorporates by reference its General Objections as though fully set forth

14  herein.  MGA further objects to this request on the grounds that the Discovery Master

15  already has ruled on similarly phrased requests, including in an Order dated May 7,

16  2008, concluding that requests using phrases like "all documents," and "referring to

17  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

18  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

19  that this request calls for the production of documents that are not limited to the

20  subject matter of this action and not relevant to any claim or defense in the pending

21  litigation or reasonably calculated to lead to the discovery of admissible evidence.

22      MGA further objects to this request on the grounds that it is compound.  MGA

23  further objects to the request to the extent it violates the privacy rights of third parties

24  to their private, confidential, proprietary or trade secret information.  MGA further

25  objects to this request on the grounds that it is overbroad as to subject matter and

26  time; in particular, MGA objects that the phrases "all documents" and "referring or

27  relating to" are unbounded by any date limitation and are not tied in any way to any

28  claim, defense or other issues involved in Phase 2 of this litigation.

665960v2

EXHIBIT 41
PAGE 630

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents and communication between anyone at MGA and anyone at VISION CAPITAL, LLC referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to agreements, contracts or transactions between MGA and VISION CAPITAL, LLC, and any amendments or modifications thereto, without regard to whether such documents and communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every communication that any of its hundreds of employees may have had with anyone at VISION CAPITAL, LLC or any other person referring or relating to agreements, contracts or transactions between VISION CAPITAL, LLC and MGA or any other person, and any amendments or modifications thereto. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "agreements, contracts or transactions" and "amendments or modifications." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO agreements, contracts or transactions between VISION CAPITAL, LLC and MGA or any other PERSON, and any amendments or modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING TO any such agreements, contracts or transactions could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the terms DOCUMENTS, REFERRING OR RELATING TO, and COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310)553-3000

EXHIBIT 41
PAGE 631

1  control.  MGA also objects to this request on the grounds that it seeks confidential,

2  proprietary or commercially sensitive information, the disclosure of which would be

3  inimical to the business interests of MGA.  MGA also objects to this request to the

4  extent it calls for the disclosure of attorney-client privileged information or

5  information protected from disclosure by the work-product doctrine, joint defense or

6  common interest privilege, or other privilege.

7      MGA further objects to this request as being overly broad and unduly

8  burdensome on the grounds that it is not limited in time.  MGA further objects to this

9  request as cumulative and duplicative to the extent that it seeks documents previously

10 requested by Mattel or produced by MGA in response to Mattel's document requests.

11 **REQUEST FOR PRODUCTION NO. 28**

12      DOCUMENTS sufficient to IDENTIFY each member, managing member,

13 holder of any ownership interest in, shareholder, officer and director of IGWT Group,

14 LLC.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

16      MGA incorporates by reference its General Objections as though fully set forth

17 herein.  MGA further objects on the grounds that this request calls for the production

18 of documents that are not limited to the subject matter of this action and not relevant

19 to any claim or defense in the pending litigation or reasonably calculated to lead to

20 the discovery of admissible evidence.

21      MGA further objects to this request on the grounds that it is compound.  MGA

22 further objects to the request to the extent it violates the privacy rights of third parties

23 to their private, confidential, proprietary or trade secret information.  MGA further

24 objects to this request on the grounds that it is overbroad as to subject matter and

25 time; in particular, MGA objects that the phrase "each member, managing member,

26 holder of any ownership interest in, shareholder, officer and director" is unbounded

27 by any date limitation and is not tied in any way to any claim, defense or other issues

28 involved in Phase 2 of this litigation.

665960v2

1    MGA also objects to this request on the grounds that it is overbroad, unduly

2 burdensome and oppressive in that it is not in any way limited as to the persons

3 mentioned or as to time.  MGA further objects to this request on the grounds that it is

4 vague and ambiguous in its use of the terms "member," "managing member," "holder

5 of any ownership interest," "shareholder," "officer," "director."  Mattel has not

6 demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

7 member, holder of any ownership interest in, shareholder, officer and director of

8 IGWT Group, LLC could be relevant to the claims and defenses in this action, let

9 alone established that the relevancy of these documents outweighs the individual's

10 fundamental right of privacy.  MGA further objects to the request to the extent that it

11 seeks documents that by reason of public filing, public distribution or otherwise are

12 already in Mattel's possession or are readily accessible to Mattel.  MGA further

13 objects to this request to the extent that it seeks documents not in MGA's possession,

14 custody or control.  MGA also objects to this request to the extent it calls for the

15 disclosure of attorney-client privileged information or information protected from

16 disclosure by the work-product doctrine, joint defense or common interest privilege,

17 or other privilege.

18    MGA further objects to this request as cumulative and duplicative to the extent

19 that it seeks documents previously requested by Mattel or produced by MGA in

20 response to Mattel's document requests.

21 **REQUEST FOR PRODUCTION NO. 29**

22    DOCUMENTS sufficient to IDENTIFY each member, managing member,

23 holder of any ownership interest in, shareholder, officer and director of IGWT 826

24 Investments, LLC.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

26    MGA incorporates by reference its General Objections as though fully set forth

27 herein.  MGA further objects on the grounds that this request calls for the production

28 of documents that are not limited to the subject matter of this action and not relevant

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC.

EXHIBIT 41
PAGE 653

1    to any claim or defense in the pending litigation or reasonably calculated to lead to

2    the discovery of admissible evidence.

3           MGA further objects to this request on the grounds that it is compound.  MGA

4    further objects to the request to the extent it violates the privacy rights of third parties

5    to their private, confidential, proprietary or trade secret information.  MGA further

6    objects to this request on the grounds that it is overbroad as to subject matter and

7    time; in particular, MGA objects that the phrase "each member, managing member,

8    holder of any ownership interest in, shareholder, officer and director" is unbounded

9    by any date limitation and is not tied in any way to any claim, defense or other issues

10   involved in Phase 2 of this litigation.

11          MGA also objects to this request on the grounds that it is overbroad, unduly

12   burdensome and oppressive in that it is not in any way limited as to the persons

13   mentioned or as to time.  MGA further objects to this request on the grounds that it is

14   vague and ambiguous in its use of the terms "member," "managing member," "holder

15   of any ownership interest," "shareholder," "officer," "director."  Mattel has not

16   demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

17   member, holder of any ownership interest in, shareholder, officer and director of

18   IGWT 826 Investments, LLC could be relevant to the claims and defenses in this

19   action, let alone established that the relevancy of these documents outweighs the

20   individual's fundamental right of privacy.  MGA further objects to the request to the

21   extent that it seeks documents that by reason of public filing, public distribution or

22   otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA

23   further objects to this request to the extent that it seeks documents not in MGA's

24   possession, custody or control.  MGA also objects to this request to the extent it calls

25   for the disclosure of attorney-client privileged information or information protected

26   from disclosure by the work-product doctrine, joint defense or common interest

27   privilege, or other privilege.

28

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 44
PAGE 634

1  MGA further objects to this request as cumulative and duplicative to the extent

2  that it seeks documents previously requested by Mattel or produced by MGA in

3  response to Mattel's document requests.

4  **REQUEST FOR PRODUCTION NO. 30**

5  DOCUMENTS sufficient to IDENTIFY each member, managing member,

6  holder of any ownership interest in, shareholder, officer and director of OMNI 808

7  INVESTORS, LLC.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

9  MGA incorporates by reference its General Objections as though fully set forth

10  herein. MGA further objects on the grounds that this request calls for the production

11  of documents that are not limited to the subject matter of this action and not relevant

12  to any claim or defense in the pending litigation or reasonably calculated to lead to

13  the discovery of admissible evidence.

14  MGA further objects to this request on the grounds that it is compound. MGA

15  further objects to the request to the extent it violates the privacy rights of third parties

16  to their private, confidential, proprietary or trade secret information. MGA further

17  objects to this request on the grounds that it is overbroad as to subject matter and

18  time; in particular, MGA objects that the phrase "each member, managing member,

19  holder of any ownership interest in, shareholder, officer and director" is unbounded

20  by any date limitation and is not tied in any way to any claim, defense or other issues

21  involved in Phase 2 of this litigation.

22  MGA also objects to this request on the grounds that it is overbroad, unduly

23  burdensome and oppressive in that it is not in any way limited as to the persons

24  mentioned or as to time. MGA further objects to this request on the grounds that it is

25  vague and ambiguous in its use of the terms "member," "managing member," "holder

26  of any ownership interest," "shareholder," "officer," "director." Mattel has not

27  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

28  member, holder of any ownership interest in, shareholder, officer and director of

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _41_

PAGE _635_

1  OMNI 808 INVESTORS, LLC could be relevant to the claims and defenses in this

2  action, let alone established that the relevancy of these documents outweighs the

3  individual's fundamental right of privacy.  MGA further objects to the request to the

4  extent that it seeks documents that by reason of public filing, public distribution or

5  otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA

6  further objects to this request to the extent that it seeks documents not in MGA's

7  possession, custody or control.  MGA also objects to this request to the extent it calls

8  for the disclosure of attorney-client privileged information or information protected

9  from disclosure by the work-product doctrine, joint defense or common interest

10 privilege, or other privilege.

11     MGA further objects to this request as cumulative and duplicative to the extent

12 that it seeks documents previously requested by Mattel or produced by MGA in

13 response to Mattel's document requests.

14 **REQUEST FOR PRODUCTION NO. 31**

15     DOCUMENTS sufficient to IDENTIFY each member, managing member,

16 holder of any ownership interest in, shareholder, officer and director of VISION

17 CAPITAL, LLC.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

19     MGA incorporates by reference its General Objections as though fully set forth

20 herein.  MGA further objects on the grounds that this request calls for the production

21 of documents that are not limited to the subject matter of this action and not relevant

22 to any claim or defense in the pending litigation or reasonably calculated to lead to

23 the discovery of admissible evidence.

24     MGA further objects to this request on the grounds that it is compound.  MGA

25 further objects to the request to the extent it violates the privacy rights of third parties

26 to their private, confidential, proprietary or trade secret information.  MGA further

27 objects to this request on the grounds that it is overbroad as to subject matter and

28 time; in particular, MGA objects that the phrase "each member, managing member,

665960v2

1   holder of any ownership interest in, shareholder, officer and director" is unbounded

2   by any date limitation and is not tied in any way to any claim, defense or other issues

3   involved in Phase 2 of this litigation.

4       MGA also objects to this request on the grounds that it is overbroad, unduly

5   burdensome and oppressive in that it is not in any way limited as to the persons

6   mentioned or as to time. MGA further objects to this request on the grounds that it is

7   vague and ambiguous in its use of the terms "member," "managing member," "holder

8   of any ownership interest," "shareholder," "officer," "director." Mattel has not

9   demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

10  member, holder of any ownership interest in, shareholder, officer and director of

11  VISION CAPITAL, LLC could be relevant to the claims and defenses in this action,

12  let alone established that the relevancy of these documents outweighs the individual's

13  fundamental right of privacy. MGA further objects to the request to the extent that it

14  seeks documents that by reason of public filing, public distribution or otherwise are

15  already in Mattel's possession or are readily accessible to Mattel. MGA further

16  objects to this request to the extent that it seeks documents not in MGA's possession,

17  custody or control. MGA also objects to this request to the extent it calls for the

18  disclosure of attorney-client privileged information or information protected from

19  disclosure by the work-product doctrine, joint defense or common interest privilege,

20  or other privilege.

21      MGA further objects to this request as cumulative and duplicative to the extent

22  that it seeks documents previously requested by Mattel or produced by MGA in

23  response to Mattel's document requests.

24  **REQUEST FOR PRODUCTION NO. 32**

25      DOCUMENTS sufficient to IDENTIFY each member, managing member,

26  holder of any ownership interest in, shareholder, officer and director of LEXINGTON

27  FINANCIAL, LLC.

28

665960v2

EXHIBIT _LL_
PAGE _637_

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrase "each member, managing member, holder of any ownership interest in, shareholder, officer and director" is unbounded by any date limitation and is not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons mentioned or as to time. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "member," "managing member," "holder of any ownership interest," "shareholder," "officer," "director." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing member, holder of any ownership interest in, shareholder, officer and director of LEXINGTON FINANCIAL, LLC could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request to the extent it calls

665960v2

1  for the disclosure of attorney-client privileged information or information protected

2  from disclosure by the work-product doctrine, joint defense or common interest

3  privilege, or other privilege.

4  MGA further objects to this request as cumulative and duplicative to the extent

5  that it seeks documents previously requested by Mattel or produced by MGA in

6  response to Mattel's document requests.

7  **REQUEST FOR PRODUCTION NO. 33**

8  All DOCUMENTS RELATING TO any transfer of any funds, monies or any

9  ITEM OF VALUE from, or any extension of credit or funding by, LEXINGTON

10  FINANCIAL, LLC to YOU or LARIAN.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

12  MGA incorporates by reference its General Objections as though fully set forth

13  herein.  MGA further objects to this request on the grounds that the Discovery Master

14  already has ruled on similarly phrased requests, including in an Order dated May 7,

15  2008, concluding that requests using phrases like "all documents," and "or relating

16  to" are overly broad, vague, unduly burdensome, and seek irrelevant information.  See

17  May 7, 2008 Infante Order.  MGA further objects on the grounds that this request

18  calls for the production of documents that are not limited to the subject matter of this

19  action and not relevant to any claim or defense in the pending litigation or reasonably

20  calculated to lead to the discovery of admissible evidence.  The request appears

21  designed to circumvent the Court's January 7 Order appointing a forensic auditor and

22  requiring Mattel to pay the auditor's costs in the first instance.  See January 7, 2009

23  Larson Order Appointing Forensic Auditor.

24  MGA further objects to this request on the grounds that it is compound.  MGA

25  further objects to the request to the extent it violates the privacy rights of third parties

26  to their private, confidential, proprietary or trade secret information.  MGA further

27  objects to this request on the grounds that it is overbroad as to subject matter and

28  time; in particular, MGA objects that the phrases "all documents" and "relating to"

665960v2

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   are unbounded by any date limitation and are not tied in any way to any claim,

2   defense or other issues involved in Phase 2 of this litigation.

3        MGA also objects to this request on the grounds that it is overbroad, including,

4   without limitation, that it would extend to any documents referring or relating in any

5   way to a wide variety of matter that could potentially be construed as "relating" to

6   any transfer of any funds, monies or any ITEM OF VALUE from, or any extension of

7   credit or funding by, LEXINGTON FINANCIAL, LLC to MGA or LARIAN, without

8   regard to whether such documents are at all relevant to any claim or defense at issue

9   herein.  MGA further objects to this request on the grounds that it is vague and

10  ambiguous in its use of the terms "transfer of any funds, monies or any ITEM OF

11  VALUE" and "extension of credit or funding."  Mattel has not demonstrated how *all*

12  DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF

13  VALUE from, or any extension of credit or funding by, LEXINGTON FINANCIAL,

14  LLC to MGA or LARIAN could be relevant to the claims and defenses in this action,

15  let alone established that the relevancy of these documents outweighs the individual's

16  fundamental right of privacy.  MGA further objects to this request on the ground that

17  the terms DOCUMENTS, RELATING TO and ITEM OF VALUE render the request

18  vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the

19  request to the extent that it seeks documents that by reason of public filing, public

20  distribution or otherwise are already in Mattel's possession or are readily accessible to

21  Mattel.  MGA further objects to this request to the extent that it seeks documents not

22  in MGA's possession, custody or control.  MGA also objects to this request on the

23  grounds that it seeks confidential, proprietary or commercially sensitive information,

24  the disclosure of which would be inimical to the business interests of MGA.  MGA

25  also objects to this request to the extent it calls for the disclosure of attorney-client

26  privileged information or information protected from disclosure by the work-product

27  doctrine, joint defense or common interest privilege, or other privilege.

28

665960v2

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT ___
PAGE ___

1  MGA further objects to this request as being overly broad and unduly

2  burdensome on the grounds that it is not limited in time.  MGA further objects to this

3  request as cumulative and duplicative to the extent that it seeks documents previously

4  requested by Mattel or produced by MGA in response to Mattel's document requests.

5  **REQUEST FOR PRODUCTION NO. 34**

6  All DOCUMENTS RELATING TO any transfer of any funds, monies or any

7  ITEM OF VALUE to or from, or any extension of credit or funding by or to,

8  LEXINGTON FINANCIAL, LLC, whether directly or indirectly.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

10  MGA incorporates by reference its General Objections as though fully set forth

11  herein.  MGA further objects to this request on the grounds that the Discovery Master

12  already has ruled on similarly phrased requests, including in an Order dated May 7,

13  2008, concluding that requests using phrases like "all documents," and "relating to"

14  are overly broad, vague, unduly burdensome, and seek irrelevant information.  See

15  May 7, 2008 Infante Order.  MGA further objects on the grounds that this request

16  calls for the production of documents that are not limited to the subject matter of this

17  action and not relevant to any claim or defense in the pending litigation or reasonably

18  calculated to lead to the discovery of admissible evidence.  The request appears

19  designed to circumvent the Court's January 7 Order appointing a forensic auditor and

20  requiring Mattel to pay the auditor's costs in the first instance.  See January 7, 2009

21  Larson Order Appointing Forensic Auditor.

22  MGA further objects to this request on the grounds that it is compound.  MGA

23  further objects to the request to the extent it violates the privacy rights of third parties

24  to their private, confidential, proprietary or trade secret information.  MGA further

25  objects to this request on the grounds that it is overbroad as to subject matter and

26  time; in particular, MGA objects that the phrases "all documents" and "relating to"

27  are unbounded by any date limitation and are not tied in any way to any claim,

28  defense or other issues involved in Phase 2 of this litigation.

665960v2

EXHIBIT 41
RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)
PAGE 641

1    MGA also objects to this request on the grounds that it is overbroad, including,

2    without limitation, that it would extend to any documents referring or relating in any

3    way to a wide variety of matter that could potentially be construed as "relating" to

4    any transfer of any funds, monies or any ITEM OF VALUE to or from, or any

5    extension of credit or funding by or to, LEXINGTON FINANCIAL, LLC, without

6    regard to whether such documents are at all relevant to any claim or defense at issue

7    herein. MGA further objects to this request on the grounds that it is vague and

8    ambiguous in its use of the terms "transfer of any funds, monies or any ITEM OF

9    VALUE" and "extension of credit or funding." Mattel has not demonstrated how *all*

10   DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF

11   VALUE to or from, or any extension of credit or funding by or to, LEXINGTON

12   FINANCIAL, LLC could be relevant to the claims and defenses in this action, let

13   alone established that the relevancy of these documents outweighs fundamental

14   privacy rights. MGA further objects to this request on the ground that the terms

15   DOCUMENTS, RELATING TO and ITEM OF VALUE render the request vague,

16   ambiguous, overly broad and unduly burdensome. MGA further objects to the

17   request to the extent that it seeks documents that by reason of public filing, public

18   distribution or otherwise are already in Mattel's possession or are readily accessible to

19   Mattel. MGA further objects to this request to the extent that it seeks documents not

20   in MGA's possession, custody or control. MGA also objects to this request on the

21   grounds that it seeks confidential, proprietary or commercially sensitive information,

22   the disclosure of which would be inimical to the business interests of MGA. MGA

23   also objects to this request to the extent it calls for the disclosure of attorney-client

24   privileged information or information protected from disclosure by the work-product

25   doctrine, joint defense or common interest privilege, or other privilege.

26        MGA further objects to this request as being overly broad and unduly

27   burdensome on the grounds that it is not limited in time. MGA further objects to this

28

665960v2

1    request as cumulative and duplicative to the extent that it seeks documents previously

2    requested by Mattel or produced by MGA in response to Mattel's document requests.

3    **REQUEST FOR PRODUCTION NO. 35**

4        DOCUMENTS sufficient to IDENTIFY each member, managing member,

5    holder of any ownership interest in, shareholder, officer and director of IGWT Group,

6    LLC.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

8        MGA incorporates by reference its General Objections as though fully set forth

9    herein. MGA further objects on the ground that this request is cumulative and

10   duplicative to the extent that is the same request as Request for Production No. 28.

11   MGA further objects on the grounds that this request calls for the production of

12   documents that are not limited to the subject matter of this action and not relevant to

13   any claim or defense in the pending litigation or reasonably calculated to lead to the

14   discovery of admissible evidence.

15       MGA further objects to this request on the grounds that it is compound. MGA

16   further objects to the request to the extent it violates the privacy rights of third parties

17   to their private, confidential, proprietary or trade secret information. MGA further

18   objects to this request on the grounds that it is overbroad as to subject matter and

19   time; in particular, MGA objects that the phrase "each member, managing member,

20   holder of any ownership interest in, shareholder, officer and director" is unbounded

21   by any date limitation and is not tied in any way to any claim, defense or other issues

22   involved in Phase 2 of this litigation.

23       MGA also objects to this request on the grounds that it is overbroad, unduly

24   burdensome and oppressive in that it is not in any way limited as to the persons

25   mentioned or as to time. MGA further objects to this request on the grounds that it is

26   vague and ambiguous in its use of the terms "member," "managing member," "holder

27   of any ownership interest," "shareholder," "officer," "director." Mattel has not

28   demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 41
PAGE 643

1  member, holder of any ownership interest in, shareholder, officer and director of

2  IGWT Group, LLC could be relevant to the claims and defenses in this action, let

3  alone established that the relevancy of these documents outweighs the individual's

4  fundamental right of privacy.  MGA further objects to the request to the extent that it

5  seeks documents that by reason of public filing, public distribution or otherwise are

6  already in Mattel's possession or are readily accessible to Mattel.  MGA further

7  objects to this request to the extent that it seeks documents not in MGA's possession,

8  custody or control.  MGA also objects to this request to the extent it calls for the

9  disclosure of attorney-client privileged information or information protected from

10  disclosure by the work-product doctrine, joint defense or common interest privilege,

11  or other privilege.

12       MGA further objects to this request as cumulative and duplicative to the extent

13  that it seeks documents previously requested by Mattel or produced by MGA in

14  response to Mattel's document requests.

15  **REQUEST FOR PRODUCTION NO. 36**

16       DOCUMENTS sufficient to IDENTIFY each member, managing member,

17  holder of any ownership interest in, shareholder, officer and director of IGWT 826

18  Investments, LLC.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

20       MGA incorporates by reference its General Objections as though fully set forth

21  herein.  MGA further objects on the ground that this request is cumulative and

22  duplicative to the extent that is the same request as Request for Production No. 29.

23  MGA further objects on the grounds that this request calls for the production of

24  documents that are not limited to the subject matter of this action and not relevant to

25  any claim or defense in the pending litigation or reasonably calculated to lead to the

26  discovery of admissible evidence.

27       MGA further objects to this request on the grounds that it is compound.  MGA

28  further objects to the request to the extent it violates the privacy rights of third parties

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
LOS ANGELES, CALIFORNIA 90067
310/553-3000

665960v2

EXHIBIT 41
PAGE 644

1    to their private, confidential, proprietary or trade secret information.  MGA further

2    objects to this request on the grounds that it is overbroad as to subject matter and

3    time; in particular, MGA objects that the phrase "each member, managing member,

4    holder of any ownership interest in, shareholder, officer and director" is unbounded

5    by any date limitation and is not tied in any way to any claim, defense or other issues

6    involved in Phase 2 of this litigation.

7         MGA also objects to this request on the grounds that it is overbroad, unduly

8    burdensome and oppressive in that it is not in any way limited as to the persons

9    mentioned or as to time.  MGA further objects to this request on the grounds that it is

10   vague and ambiguous in its use of the terms "member," "managing member," "holder

11   of any ownership interest," "shareholder," "officer," "director."  Mattel has not

12   demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

13   member, holder of any ownership interest in, shareholder, officer and director of

14   IGWT 826 Investments, LLC could be relevant to the claims and defenses in this

15   action, let alone established that the relevancy of these documents outweighs the

16   individual's fundamental right of privacy.  MGA further objects to the request to the

17   extent that it seeks documents that by reason of public filing, public distribution or

18   otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA

19   further objects to this request to the extent that it seeks documents not in MGA's

20   possession, custody or control.  MGA also objects to this request to the extent it calls

21   for the disclosure of attorney-client privileged information or information protected

22   from disclosure by the work-product doctrine, joint defense or common interest

23   privilege, or other privilege.

24        MGA further objects to this request as cumulative and duplicative to the extent

25   that it seeks documents previously requested by Mattel or produced by MGA in

26   response to Mattel's document requests.

27

28

665960v2

**REQUEST FOR PRODUCTION NO. 37**

DOCUMENTS sufficient to IDENTIFY each of YOUR bank accounts since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. <u>See</u> January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the term "bank accounts." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY each of MGA's bank accounts could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the terms DOCUMENTS and IDENTIFY render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be

665960v2

EXHIBIT 41
PAGE 646

1  inimical to the business interests of MGA. MGA also objects to this request to the

2  extent it calls for the disclosure of attorney-client privileged information or

3  information protected from disclosure by the work-product doctrine, joint defense or

4  common interest privilege, or other privilege.

5       MGA further objects to this request as cumulative and duplicative to the extent

6  that it seeks documents previously requested by Mattel or produced by MGA in

7  response to Mattel's document requests.

8  **REQUEST FOR PRODUCTION NO. 38**

9       DOCUMENTS sufficient to IDENTIFY each bank account to or from which

10  Isaac Larian has transferred or has had transferred any ITEM OF VALUE since

11  January 1, 2007.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38**

13       MGA incorporates by reference its General Objections as though fully set forth

14  herein. MGA further objects on the grounds that this request calls for the production

15  of documents that are not limited to the subject matter of this action and not relevant

16  to any claim or defense in the pending litigation or reasonably calculated to lead to

17  the discovery of admissible evidence. The request appears designed to circumvent

18  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

19  the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing

20  Forensic Auditor.

21       MGA further objects to this request on the grounds that it is compound. MGA

22  further objects to the request to the extent it violates the privacy rights of third parties

23  to their private, confidential, proprietary or trade secret information.

24       MGA further objects to this request on the grounds that it is vague and

25  ambiguous in its use of the terms "bank account," "transferred," and "has had

26  transferred." Mattel has not demonstrated how DOCUMENTS sufficient to

27  IDENTIFY *each* bank account to or from which Isaac Larian has transferred or has

28  had transferred any ITEM OF VALUE could be relevant to the claims and defenses in

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  this action, let alone established that the relevancy of these documents outweighs the

2  individual's fundamental right of privacy. MGA further objects to this request on the

3  ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF VALUE render the

4  request vague, ambiguous, overly broad and unduly burdensome. MGA further

5  objects to the request to the extent that it seeks documents that by reason of public

6  filing, public distribution or otherwise are already in Mattel's possession or are

7  readily accessible to Mattel. MGA further objects to this request to the extent that it

8  seeks documents not in MGA's possession, custody or control. MGA also objects to

9  this request on the grounds that it seeks confidential, proprietary or commercially

10  sensitive information, the disclosure of which would be inimical to the business

11  interests of MGA. MGA also objects to this request to the extent it calls for the

12  disclosure of attorney-client privileged information or information protected from

13  disclosure by the work-product doctrine, joint defense or common interest privilege,

14  or other privilege.

15      MGA further objects to this request as cumulative and duplicative to the extent

16  that it seeks documents previously requested by Mattel or produced by MGA in

17  response to Mattel's document requests.

18  **REQUEST FOR PRODUCTION NO. 39**

19      DOCUMENTS sufficient to IDENTIFY each bank account to or from which

20  OMNI 808 INVESTORS, LLC has transferred or has had transferred any ITEM OF

21  VALUE since January 1, 2007.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

23      MGA incorporates by reference its General Objections as though fully set forth

24  herein. MGA further objects on the grounds that this request calls for the production

25  of documents that are not limited to the subject matter of this action and not relevant

26  to any claim or defense in the pending litigation or reasonably calculated to lead to

27  the discovery of admissible evidence. The request appears designed to circumvent

28  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   the auditor's costs in the first instance.  See January 7, 2009 Larson Order Appointing

2   Forensic Auditor.

3       MGA further objects to this request on the grounds that it is compound.  MGA

4   further objects to the request to the extent it violates the privacy rights of third parties

5   to their private, confidential, proprietary or trade secret information.

6       MGA further objects to this request on the grounds that it is vague and

7   ambiguous in its use of the terms "bank account," "transferred," and "has had

8   transferred."  Mattel has not demonstrated how DOCUMENTS sufficient to

9   IDENTIFY *each* bank account to or from which OMNI 808 INVESTORS, LLC has

10  transferred or has had transferred any ITEM OF VALUE could be relevant to the

11  claims and defenses in this action, let alone established that the relevancy of these

12  documents outweighs fundamental privacy rights.  MGA further objects to this

13  request on the ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF

14  VALUE render the request vague, ambiguous, overly broad and unduly burdensome.

15  MGA further objects to the request to the extent that it seeks documents that by

16  reason of public filing, public distribution or otherwise are already in Mattel's

17  possession or are readily accessible to Mattel.  MGA further objects to this request to

18  the extent that it seeks documents not in MGA's possession, custody or control.

19  MGA also objects to this request on the grounds that it seeks confidential, proprietary

20  or commercially sensitive information, the disclosure of which would be inimical to

21  the business interests of MGA.  MGA also objects to this request to the extent it calls

22  for the disclosure of attorney-client privileged information or information protected

23  from disclosure by the work-product doctrine, joint defense or common interest

24  privilege, or other privilege.

25      MGA further objects to this request as cumulative and duplicative to the extent

26  that it seeks documents previously requested by Mattel or produced by MGA in

27  response to Mattel's document requests.

28

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___
PAGE ___

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**REQUEST FOR PRODUCTION NO. 40**

DOCUMENTS sufficient to IDENTIFY each bank account to or from which IGWT Group, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "bank account," "transferred," and "has had transferred." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* bank account to or from which IGWT Group, LLC has transferred or has had transferred any ITEM OF VALUE could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs fundamental privacy rights. MGA further objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

665960v2

EXHIBIT 41
PAGE 650

1   seeks documents not in MGA's possession, custody or control. MGA also objects to

2   this request on the grounds that it seeks confidential, proprietary or commercially

3   sensitive information, the disclosure of which would be inimical to the business

4   interests of MGA. MGA also objects to this request to the extent it calls for the

5   disclosure of attorney-client privileged information or information protected from

6   disclosure by the work-product doctrine, joint defense or common interest privilege,

7   or other privilege.

8       MGA further objects to this request as cumulative and duplicative to the extent

9   that it seeks documents previously requested by Mattel or produced by MGA in

10  response to Mattel's document requests.

11  **REQUEST FOR PRODUCTION NO. 41**

12      DOCUMENTS sufficient to IDENTIFY each bank account to or from which

13  IGWT 826 Investments, LLC has transferred or has had transferred any ITEM OF

14  VALUE since January 1, 2007.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41**

16      MGA incorporates by reference its General Objections as though fully set forth

17  herein. MGA further objects on the grounds that this request calls for the production

18  of documents that are not limited to the subject matter of this action and not relevant

19  to any claim or defense in the pending litigation or reasonably calculated to lead to

20  the discovery of admissible evidence. The request appears designed to circumvent

21  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

22  the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing

23  Forensic Auditor.

24      MGA further objects to this request on the grounds that it is compound. MGA

25  further objects to the request to the extent it violates the privacy rights of third parties

26  to their private, confidential, proprietary or trade secret information.

27      MGA further objects to this request on the grounds that it is vague and

28  ambiguous in its use of the terms "bank account," "transferred," and "has had

665960v2

1  transferred." Mattel has not demonstrated how DOCUMENTS sufficient to

2  IDENTIFY *each* bank account to or from which IGWT 826 Investments, LLC has

3  transferred or has had transferred any ITEM OF VALUE could be relevant to the

4  claims and defenses in this action, let alone established that the relevancy of these

5  documents outweighs fundamental privacy rights.  MGA further objects to this

6  request on the ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF

7  VALUE render the request vague, ambiguous, overly broad and unduly burdensome.

8  MGA further objects to the request to the extent that it seeks documents that by

9  reason of public filing, public distribution or otherwise are already in Mattel's

10 possession or are readily accessible to Mattel.  MGA further objects to this request to

11 the extent that it seeks documents not in MGA's possession, custody or control.

12 MGA also objects to this request on the grounds that it seeks confidential, proprietary

13 or commercially sensitive information, the disclosure of which would be inimical to

14 the business interests of MGA.  MGA also objects to this request to the extent it calls

15 for the disclosure of attorney-client privileged information or information protected

16 from disclosure by the work-product doctrine, joint defense or common interest

17 privilege, or other privilege.

18      MGA further objects to this request as cumulative and duplicative to the extent

19 that it seeks documents previously requested by Mattel or produced by MGA in

20 response to Mattel's document requests.

21 **REQUEST FOR PRODUCTION NO. 42**

22      All COMMUNICATIONS between or among YOU, IGWT 826 Investments,

23 LLC and/or IGWT Group, LLC REFERRING OR RELATING TO MATTEL and/or

24 BRATZ.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

26      MGA incorporates by reference its General Objections as though fully set forth

27 herein.  MGA further objects on the grounds that this request calls for the production

28 of communications that are not limited to the subject matter of this action and not

665960v2

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   relevant to any claim or defense in the pending litigation or reasonably calculated to

2   lead to the discovery of admissible evidence.

3        MGA further objects to this request on the grounds that it is compound.  MGA

4   further objects to the request to the extent it violates the privacy rights of third parties

5   to their private, confidential, proprietary or trade secret information.  MGA further

6   objects to this request on the grounds that it is overbroad as to subject matter and

7   time; in particular, MGA objects that the phrases "all communications" and "referring

8   or relating to" are unbounded by any date limitation and are not tied in any way to

9   any claim, defense or other issues involved in Phase 2 of this litigation.

10       MGA also objects to this request on the grounds that it is overbroad, including,

11  without limitation, that it would extend to any communication between or among

12  anyone at MGA, IGWT 826 Investments, LLC and/or IGWT Group, LLC referring or

13  relating in any way to a wide variety of matter that could potentially be construed as

14  "relating" to Mattel and/or Bratz, without regard to whether such communications are

15  at all relevant to any claim or defense at issue herein.  MGA also objects to this

16  request on the grounds that it is overbroad, unduly burdensome and oppressive in that

17  it purports to require MGA diligently to identify every communication between

18  anyone at MGA, IGWT 826 Investments, LLC and/or IGWT Group, LLC referring or

19  relating in any way to a wide variety of matter that could potentially be construed as

20  "relating" to Mattel and/or Bratz.  MGA also objects to this request on the grounds

21  that it is overbroad, unduly burdensome and oppressive in that it is not in any way

22  limited as to the persons involved in the communications or as to time.  Mattel has not

23  demonstrated how *all* COMMUNICATIONS between or among MGA, IGWT 826

24  Investments, LLC and/or IGWT Group, LLC REFERRING OR RELATING TO

25  MATTEL and/or BRATZ could be relevant to the claims and defenses in this action,

26  let alone established that the relevancy of these documents outweighs the individual's

27  fundamental right of privacy.  MGA further objects to this request on the ground that

28  the terms COMMUNICATIONS and REFERRING OR RELATING TO render the

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 41
PAGE 653

1 request vague, ambiguous, overly broad and unduly burdensome. MGA further

2 objects to the request to the extent that it seeks documents that by reason of public

3 filing, public distribution or otherwise are already in Mattel's possession or are

4 readily accessible to Mattel. MGA further objects to this request to the extent that it

5 seeks documents not in MGA's possession, custody or control. MGA also objects to

6 this request on the grounds that it seeks confidential, proprietary or commercially

7 sensitive information, the disclosure of which would be inimical to the business

8 interests of MGA. MGA also objects to this request to the extent it calls for the

9 disclosure of attorney-client privileged information or information protected from

10 disclosure by the work-product doctrine, joint defense or common interest privilege,

11 or other privilege.

12     MGA further objects to this request as being overly broad and unduly

13 burdensome on the grounds that it is not limited in time. MGA further objects to this

14 request as cumulative and duplicative to the extent that it seeks documents previously

15 requested by Mattel or produced by MGA in response to Mattel's document requests.

16 **REQUEST FOR PRODUCTION NO. 43**

17     All COMMUNICATIONS between or among YOU, OMNI 808 INVESTORS,

18 LLC, VISION CAPITAL, LLC and/or LEXINGTON FINANCIAL, LLC

19 REFERRING OR RELATING TO MATTEL, MGA, LARIAN and/or BRATZ.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

21     MGA incorporates by reference its General Objections as though fully set forth

22 herein. MGA further objects on the grounds that this request calls for the production

23 of communications that are not limited to the subject matter of this action and not

24 relevant to any claim or defense in the pending litigation or reasonably calculated to

25 lead to the discovery of admissible evidence.

26     MGA further objects to this request on the grounds that it is compound. MGA

27 further objects to the request to the extent it violates the privacy rights of third parties

28 to their private, confidential, proprietary or trade secret information. MGA further

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 41
PAGE 654

1  objects to this request on the grounds that it is overbroad as to subject matter and

2  time; in particular, MGA objects that the phrases "all communications" and "referring

3  or relating to" are unbounded by any date limitation and are not tied in any way to

4  any claim, defense or other issues involved in Phase 2 of this litigation.

5       MGA also objects to this request on the grounds that it is overbroad, including,

6  without limitation, that it would extend to any communication between or among

7  anyone at MGA, OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC and/or

8  LEXINGTON FINANCIAL, LLC referring or relating in any way to a wide variety

9  of matter that could potentially be construed as "relating" to MATTEL, MGA,

10  LARIAN and/or BRATZ, without regard to whether such communications are at all

11  relevant to any claim or defense at issue herein. MGA also objects to this request on

12  the grounds that it is overbroad, unduly burdensome and oppressive in that it purports

13  to require MGA diligently to identify every communication between anyone and

14  among at MGA, IGWT 826 Investments, LLC and/or IGWT Group, LLC referring or

15  relating in any way to a wide variety of matter that could potentially be construed as

16  "relating" to Mattel and/or Bratz. MGA also objects to this request on the grounds

17  that it is overbroad, unduly burdensome and oppressive in that it is not in any way

18  limited as to the persons involved in the communications or as to time. Mattel has not

19  demonstrated how *all* COMMUNICATIONS between or among MGA, OMNI 808

20  INVESTORS, LLC, VISION CAPITAL, LLC and/or LEXINGTON FINANCIAL,

21  LLC REFERRING OR RELATING TO MATTEL, MGA, LARIAN and/or BRATZ

22  could be relevant to the claims and defenses in this action, let alone established that

23  the relevancy of these documents outweighs the individual's fundamental right of

24  privacy. MGA further objects to this request on the ground that the terms

25  COMMUNICATIONS and REFERRING OR RELATING TO render the request

26  vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the

27  request to the extent that it seeks documents that by reason of public filing, public

28  distribution or otherwise are already in Mattel's possession or are readily accessible to

665960v2

EXHIBIT 44
PAGE 655

1  Mattel.  MGA further objects to this request to the extent that it seeks documents not
2  in MGA's possession, custody or control.  MGA also objects to this request on the
3  grounds that it seeks confidential, proprietary or commercially sensitive information,
4  the disclosure of which would be inimical to the business interests of MGA.  MGA
5  also objects to this request to the extent it calls for the disclosure of attorney-client
6  privileged information or information protected from disclosure by the work-product
7  doctrine, joint defense or common interest privilege, or other privilege.

8      MGA further objects to this request as being overly broad and unduly
9  burdensome on the grounds that it is not limited in time.  MGA further objects to this
10  request as cumulative and duplicative to the extent that it seeks documents previously
11  requested by Mattel or produced by MGA in response to Mattel's document requests.

12  **REQUEST FOR PRODUCTION NO. 44**

13      All COMMUNICATIONS between YOU and MASHIAN REFERRING OR
14  RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC,
15  LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44**

17      MGA incorporates by reference its General Objections as though fully set forth
18  herein.  MGA further objects on the grounds that this request calls for the production
19  of communications that are not limited to the subject matter of this action and not
20  relevant to any claim or defense in the pending litigation or reasonably calculated to
21  lead to the discovery of admissible evidence.

22      MGA further objects to this request on the grounds that it is compound.  MGA
23  further objects to the request to the extent it violates the privacy rights of third parties
24  to their private, confidential, proprietary or trade secret information.  MGA further
25  objects to this request on the grounds that it is overbroad as to subject matter and
26  time; in particular, MGA objects that the phrases "all communications" and "referring
27  or relating to" are unbounded by any date limitation and are not tied in any way to
28  any claim, defense or other issues involved in Phase 2 of this litigation.

665960v2

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 41
PAGE 656

1   MGA also objects to this request on the grounds that it is overbroad, including,

2   without limitation, that it would extend to any communication between anyone at

3   MGA and MASHIAN referring or relating in any way to a wide variety of matter that

4   could potentially be construed as "relating" to OMNI 808 INVESTORS, LLC,

5   VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA,

6   LARIAN and/or BRATZ, without regard to whether such communications are at all

7   relevant to any claim or defense at issue herein.  MGA also objects to this request on

8   the grounds that it is overbroad, unduly burdensome and oppressive in that it purports

9   to require MGA diligently to identify every communication between anyone and

10   among at MGA and MASHIAN REFERRING OR RELATING TO OMNI 808

11   INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC,

12   MATTEL, MGA, LARIAN and/or BRATZ.  Mattel has not demonstrated how *all*

13   COMMUNICATIONS between MGA and MASHIAN REFERRING OR RELATING

14   TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON

15   FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ could be relevant to

16   the claims and defenses in this action, let alone established that the relevancy of these

17   documents outweighs the individual's fundamental right of privacy.  MGA further

18   objects to this request on the ground that the terms COMMUNICATIONS and

19   REFERRING OR RELATING TO render the request vague, ambiguous, overly broad

20   and unduly burdensome.  MGA further objects to the request to the extent that it seeks

21   documents that by reason of public filing, public distribution or otherwise are already

22   in Mattel's possession or are readily accessible to Mattel.  MGA further objects to this

23   request to the extent that it seeks documents not in MGA's possession, custody or

24   control.  MGA also objects to this request on the grounds that it seeks confidential,

25   proprietary or commercially sensitive information, the disclosure of which would be

26   inimical to the business interests of MGA.  MGA also objects to this request to the

27   extent it calls for the disclosure of attorney-client privileged information or

28

665960v2

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310.553.3000

EXHIBIT 41
PAGE 657

1  information protected from disclosure by the work-product doctrine, joint defense or

2  common interest privilege, or other privilege.

3      MGA further objects to this request as being overly broad and unduly

4  burdensome on the grounds that it is not limited in time.  MGA further objects to this

5  request as cumulative and duplicative to the extent that it seeks documents previously

6  requested by Mattel or produced by MGA in response to Mattel's document requests.

7  **REQUEST FOR PRODUCTION NO. 45**

8      All COMMUNICATIONS between YOU and Neil Kadisha REFERRING OR

9  RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC,

10 LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 45**

12     MGA incorporates by reference its General Objections as though fully set forth

13 herein.  MGA further objects on the grounds that this request calls for the production

14 of communications that are not limited to the subject matter of this action and not

15 relevant to any claim or defense in the pending litigation or reasonably calculated to

16 lead to the discovery of admissible evidence.

17     MGA further objects to this request on the grounds that it is compound.  MGA

18 further objects to the request to the extent it violates the privacy rights of third parties

19 to their private, confidential, proprietary or trade secret information.  MGA further

20 objects to this request on the grounds that it is overbroad as to subject matter and

21 time; in particular, MGA objects that the phrases "all communications" and "referring

22 or relating to" are unbounded by any date limitation and are not tied in any way to

23 any claim, defense or other issues involved in Phase 2 of this litigation.

24     MGA also objects to this request on the grounds that it is overbroad, including,

25 without limitation, that it would extend to any communication between anyone at

26 MGA and Neil Kadisha referring or relating in any way to a wide variety of matter

27 that could potentially be construed as "relating" to OMNI 808 INVESTORS, LLC,

28 VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA,

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

665960v2

EXHIBIT 41
PAGE 658



1  LARIAN and/or BRATZ, without regard to whether such communications are at all

2  relevant to any claim or defense at issue herein.  MGA also objects to this request on

3  the grounds that it is overbroad, unduly burdensome and oppressive in that it purports

4  to require MGA diligently to identify every communication between anyone and

5  among at MGA and MASHIAN REFERRING OR RELATING TO OMNI 808

6  INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC,

7  MATTEL, MGA, LARIAN and/or BRATZ.  Mattel has not demonstrated how *all*

8  COMMUNICATIONS between MGA and Neil Kadisha REFERRING OR

9  RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC,

10  LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ could

11  be relevant to the claims and defenses in this action, let alone established that the

12  relevancy of these documents outweighs the individual's fundamental right of

13  privacy.  MGA further objects to this request on the ground that the terms

14  COMMUNICATIONS and REFERRING OR RELATING TO render the request

15  vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the

16  request to the extent that it seeks documents that by reason of public filing, public

17  distribution or otherwise are already in Mattel's possession or are readily accessible to

18  Mattel.  MGA further objects to this request to the extent that it seeks documents not

19  in MGA's possession, custody or control.  MGA also objects to this request on the

20  grounds that it seeks confidential, proprietary or commercially sensitive information,

21  the disclosure of which would be inimical to the business interests of MGA.  MGA

22  also objects to this request to the extent it calls for the disclosure of attorney-client

23  privileged information or information protected from disclosure by the work-product

24  doctrine, joint defense or common interest privilege, or other privilege.

25      MGA further objects to this request as being overly broad and unduly

26  burdensome on the grounds that it is not limited in time.  MGA further objects to this

27  request as cumulative and duplicative to the extent that it seeks documents previously

28  requested by Mattel or produced by MGA in response to Mattel's document requests.

665960v2

**REQUEST FOR PRODUCTION NO. 46**

All COMMUNICATIONS between YOU and OMNI 808 INVESTORS, LLC REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

**RESPONSE TO REQUEST FOR REQUEST FOR PRODUCTION NO. 46**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of communications that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all communications" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any communication between anyone at MGA and OMNI 808 INVESTORS, LLC referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ, without regard to whether such communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every communication between anyone and among at MGA and OMNI 808 INVESTORS, LLC REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA,

665960v2

1  LARIAN and/or BRATZ.  Mattel has not demonstrated how *all*

2  COMMUNICATIONS between MGA and OMNI 808 INVESTORS, LLC

3  REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON

4  FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ could be relevant to

5  the claims and defenses in this action, let alone established that the relevancy of these

6  documents outweighs the individual's fundamental right of privacy.  MGA further

7  objects to this request on the ground that the terms COMMUNICATIONS and

8  REFERRING OR RELATING TO render the request vague, ambiguous, overly broad

9  and unduly burdensome.  MGA further objects to the request to the extent that it seeks

10  documents that by reason of public filing, public distribution or otherwise are already

11  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to this

12  request to the extent that it seeks documents not in MGA's possession, custody or

13  control.  MGA also objects to this request on the grounds that it seeks confidential,

14  proprietary or commercially sensitive information, the disclosure of which would be

15  inimical to the business interests of MGA.  MGA also objects to this request to the

16  extent it calls for the disclosure of attorney-client privileged information or

17  information protected from disclosure by the work-product doctrine, joint defense or

18  common interest privilege, or other privilege.

19       MGA further objects to this request as being overly broad and unduly

20  burdensome on the grounds that it is not limited in time.  MGA further objects to this

21  request as cumulative and duplicative to the extent that it seeks documents previously

22  requested by Mattel or produced by MGA in response to Mattel's document requests.

23  **REQUEST FOR PRODUCTION NO. 47**

24       All COMMUNICATIONS REFERRING OR RELATING TO VISION

25  CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS,

26  LLC.

27

28

665960v2

EXHIBIT 41
PAGE 201

### RESPONSE TO REQUEST FOR PRODUCTION NO. 47

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of communications that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all communications" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to *any* communications between *anyone* referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS, LLC, without regard to whether such communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify *every* communication between *anyone* REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS, LLC. Mattel has not demonstrated how *all* COMMUNICATIONS REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS, LLC could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. PHASE 2

EXHIBIT ___
PAGE ___

1  privacy.  MGA further objects to this request on the ground that the terms

2  COMMUNICATIONS and REFERRING OR RELATING TO render the request

3  vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the

4  request to the extent that it seeks documents that by reason of public filing, public

5  distribution or otherwise are already in Mattel's possession or are readily accessible to

6  Mattel.  MGA further objects to this request to the extent that it seeks documents not

7  in MGA's possession, custody or control.  MGA also objects to this request on the

8  grounds that it seeks confidential, proprietary or commercially sensitive information,

9  the disclosure of which would be inimical to the business interests of MGA.  MGA

10  also objects to this request to the extent it calls for the disclosure of attorney-client

11  privileged information or information protected from disclosure by the work-product

12  doctrine, joint defense or common interest privilege, or other privilege.

13      MGA further objects to this request as being overly broad and unduly

14  burdensome on the grounds that it is not limited in time.  MGA further objects to this

15  request as cumulative and duplicative to the extent that it seeks documents previously

16  requested by Mattel or produced by MGA in response to Mattel's document requests.

17  **REQUEST FOR PRODUCTION NO. 48**

18      DOCUMENTS sufficient to IDENTIFY each bank account to or from which

19  VISION CAPITAL, LLC has transferred or has had transferred any ITEM OF

20  VALUE since January 1, 2007.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

22      MGA incorporates by reference its General Objections as though fully set forth

23  herein.  MGA further objects on the grounds that this request calls for the production

24  of documents that are not limited to the subject matter of this action and not relevant

25  to any claim or defense in the pending litigation or reasonably calculated to lead to

26  the discovery of admissible evidence.  The request appears designed to circumvent

27  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

28

665960v2

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 41
PAGE 603

1  the auditor's costs in the first instance.  See January 7, 2009 Larson Order Appointing

2  Forensic Auditor.

3       MGA further objects to this request on the grounds that it is compound.  MGA

4  further objects to the request to the extent it violates the privacy rights of third parties

5  to their private, confidential, proprietary or trade secret information.

6       MGA further objects to this request on the grounds that it is vague and

7  ambiguous in its use of the terms "bank account," "transferred," and "has had

8  transferred."  Mattel has not demonstrated how DOCUMENTS sufficient to

9  IDENTIFY *each* bank account to or from which VISION CAPITAL, LLC has

10  transferred or has had transferred any ITEM OF VALUE could be relevant to the

11  claims and defenses in this action, let alone established that the relevancy of these

12  documents outweighs the individual's fundamental right of privacy.  MGA further

13  objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and

14  ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly

15  burdensome.  MGA further objects to the request to the extent that it seeks documents

16  that by reason of public filing, public distribution or otherwise are already in Mattel's

17  possession or are readily accessible to Mattel.  MGA further objects to this request to

18  the extent that it seeks documents not in MGA's possession, custody or control.

19  MGA also objects to this request on the grounds that it seeks confidential, proprietary

20  or commercially sensitive information, the disclosure of which would be inimical to

21  the business interests of MGA.  MGA also objects to this request to the extent it calls

22  for the disclosure of attorney-client privileged information or information protected

23  from disclosure by the work-product doctrine, joint defense or common interest

24  privilege, or other privilege.

25       MGA further objects to this request as cumulative and duplicative to the extent

26  that it seeks documents previously requested by Mattel or produced by MGA in

27  response to Mattel's document requests.

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  **REQUEST FOR PRODUCTION NO. 49**

2      DOCUMENTS sufficient to IDENTIFY each bank account to or from which

3  LEXINGTON FINANCIAL, LLC has transferred or has had transferred any ITEM

4  OF VALUE since January 1, 2007.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49**

6      MGA incorporates by reference its General Objections as though fully set forth

7  herein. MGA further objects on the grounds that this request calls for the production

8  of documents that are not limited to the subject matter of this action and not relevant

9  to any claim or defense in the pending litigation or reasonably calculated to lead to

10  the discovery of admissible evidence. The request appears designed to circumvent

11  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

12  the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing

13  Forensic Auditor.

14      MGA further objects to this request on the grounds that it is compound. MGA

15  further objects to the request to the extent it violates the privacy rights of third parties

16  to their private, confidential, proprietary or trade secret information.

17      MGA further objects to this request on the grounds that it is vague and

18  ambiguous in its use of the terms "bank account," "transferred," and "has had

19  transferred." Mattel has not demonstrated how DOCUMENTS sufficient to

20  IDENTIFY *each* bank account to or from which LEXINGTON FINANCIAL, LLC

21  has transferred or has had transferred any ITEM OF VALUE could be relevant to the

22  claims and defenses in this action, let alone established that the relevancy of these

23  documents outweighs the individual's fundamental right of privacy. MGA further

24  objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and

25  ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly

26  burdensome. MGA further objects to the request to the extent that it seeks documents

27  that by reason of public filing, public distribution or otherwise are already in Mattel's

28  possession or are readily accessible to Mattel. MGA further objects to this request to

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 41
PAGE 605

1  the extent that it seeks documents not in MGA's possession, custody or control.

2  MGA also objects to this request on the grounds that it seeks confidential, proprietary

3  or commercially sensitive information, the disclosure of which would be inimical to

4  the business interests of MGA.  MGA also objects to this request to the extent it calls

5  for the disclosure of attorney-client privileged information or information protected

6  from disclosure by the work-product doctrine, joint defense or common interest

7  privilege, or other privilege.

8       MGA further objects to this request as cumulative and duplicative to the extent

9  that it seeks documents previously requested by Mattel or produced by MGA in

10  response to Mattel's document requests.

11  **REQUEST FOR PRODUCTION NO. 50**

12       DOCUMENTS sufficient to IDENTIFY each licensee of any BRATZ product

13  since January 1, 2007.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50**

15       MGA incorporates by reference its General Objections as though fully set forth

16  herein.  MGA further objects on the grounds that this request calls for the production

17  of documents that are not limited to the subject matter of this action and not relevant

18  to any claim or defense in the pending litigation or reasonably calculated to lead to

19  the discovery of admissible evidence.     MGA further objects to this request on

20  the grounds that it is compound.  MGA further objects to the request to the extent it

21  violates the privacy rights of third parties to their private, confidential, proprietary or

22  trade secret information.

23       MGA further objects to this request on the grounds that it is vague and

24  ambiguous in its use of the term "licensee."  Mattel has not demonstrated how

25  DOCUMENTS sufficient to IDENTIFY *each* licensee of any BRATZ product since

26  January 1, 2007 could be relevant to the claims and defenses in this action, let alone

27  established that the relevancy of these documents outweighs the individual's

28  fundamental right of privacy.  MGA further objects to this request on the ground that

665960v2

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT ____
PAGE 606

1  the terms DOCUMENTS and IDENTIFY render the request vague, ambiguous,

2  overly broad and unduly burdensome. MGA further objects to the request to the

3  extent that it seeks documents that by reason of public filing, public distribution or

4  otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA

5  further objects to this request to the extent that it seeks documents not in MGA's

6  possession, custody or control. MGA also objects to this request on the grounds that

7  it seeks confidential, proprietary or commercially sensitive information, the disclosure

8  of which would be inimical to the business interests of MGA. MGA also objects to

9  this request to the extent it calls for the disclosure of attorney-client privileged

10  information or information protected from disclosure by the work-product doctrine,

11  joint defense or common interest privilege, or other privilege.

12      MGA further objects to this request as cumulative and duplicative to the extent

13  that it seeks documents previously requested by Mattel or produced by MGA in

14  response to Mattel's document requests.

15  **REQUEST FOR PRODUCTION NO. 51**

16      DOCUMENTS sufficient to show the amount of payments made to YOU by

17  each licensee of any BRATZ product since January 1, 2007.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51**

19      MGA incorporates by reference its General Objections as though fully set forth

20  herein. MGA further objects on the grounds that this request calls for the production

21  of documents that are not limited to the subject matter of this action and not relevant

22  to any claim or defense in the pending litigation or reasonably calculated to lead to

23  the discovery of admissible evidence. The request appears designed to circumvent

24  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

25  the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing

26  Forensic Auditor.

27

28

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 41
PAGE 607

1    MGA further objects to this request on the grounds that it is compound. MGA

2  further objects to the request to the extent it violates the privacy rights of third parties

3  to their private, confidential, proprietary or trade secret information.

4    MGA further objects to this request on the grounds that it is vague and

5  ambiguous in its use of the terms "amount of payments" and "licensee." Mattel has

6  not demonstrated how DOCUMENTS sufficient to show the amount of payments

7  made to MGA by each licensee of any BRATZ product since January 1, 2007 could

8  be relevant to the claims and defenses in this action, let alone established that the

9  relevancy of these documents outweighs the individual's fundamental right of

10  privacy. MGA further objects to this request on the ground that the term

11  DOCUMENTS renders the request vague, ambiguous, overly broad and unduly

12  burdensome. MGA further objects to the request to the extent that it seeks documents

13  that by reason of public filing, public distribution or otherwise are already in Mattel's

14  possession or are readily accessible to Mattel. MGA further objects to this request to

15  the extent that it seeks documents not in MGA's possession, custody or control.

16  MGA also objects to this request on the grounds that it seeks confidential, proprietary

17  or commercially sensitive information, the disclosure of which would be inimical to

18  the business interests of MGA. MGA also objects to this request to the extent it calls

19  for the disclosure of attorney-client privileged information or information protected

20  from disclosure by the work-product doctrine, joint defense or common interest

21  privilege, or other privilege.

22    MGA further objects to this request as cumulative and duplicative to the extent

23  that it seeks documents previously requested by Mattel or produced by MGA in

24  response to Mattel's document requests.

25  **REQUEST FOR PRODUCTION NO. 52**

26    A sample of each BRATZ product manufactured, sold, offered for sale,

27  marketed or distributed by YOU since January 1, 2008.

28

665960v2

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52**

MGA incorporates by reference its General Objections as though fully set forth herein.  MGA further objects on the grounds that this request calls for the production of tangible items that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound.  MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "sample" and "manufactured, sold, offered for sale, marketed or distributed."  Mattel has not demonstrated how a sample of *each* BRATZ product manufactured, sold, offered for sale, marketed or distributed by MGA since January 1, 2008 could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy.  MGA further objects to the request to the extent that it seeks tangible items that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA further objects to this request to the extent that it seeks tangible items not in MGA's possession, custody or control.  MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as cumulative and duplicative to the extent that it seeks tangible items previously requested by Mattel or produced by MGA in response to Mattel's document requests.

665960v2



EXHIBIT 44
PAGE 609

**REQUEST FOR PRODUCTION NO. 53**

To the extent not produced in response to any other Request, a sample of each core BRATZ female fashion doll manufactured, sold, offered for sale, marketed or distributed by YOU since January 1, 2008.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of tangible items that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "sample" and "manufactured, sold, offered for sale, marketed or distributed." Mattel has not demonstrated how a sample of *each* core BRATZ female fashion doll manufactured, sold, offered for sale, marketed or distributed by MGA since January 1, 2008 could be relevant to the claims and defenses in this action. MGA further objects to the request to the extent that it seeks tangible items that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks tangible items not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to

665960v2

EXHIBIT 44
PAGE 610

1   this request to the extent it calls for the disclosure of attorney-client privileged

2   information or information protected from disclosure by the work-product doctrine,

3   joint defense or common interest privilege, or other privilege.

4         MGA further objects to this request as cumulative and duplicative to the extent

5   that it seeks tangible items previously requested by Mattel or produced by MGA in

6   response to Mattel's document requests.

7   **REQUEST FOR PRODUCTION NO. 54**

8         All registrations, and applications for registration, for any trademark or service

9   mark that constitutes, includes or incorporates in any manner the term "BRATZ."

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54**

11        MGA incorporates by reference its General Objections as though fully set forth

12  herein. MGA further objects on the grounds that this request calls for the production

13  of documents that are not limited to the subject matter of this action and not relevant

14  to any claim or defense in the pending litigation or reasonably calculated to lead to

15  the discovery of admissible evidence.

16        MGA further objects to this request on the grounds that it is compound. MGA

17  further objects to the request to the extent it violates the privacy rights of third parties

18  to their private, confidential, proprietary or trade secret information.

19        MGA further objects to this request on the grounds that it is vague and

20  ambiguous in its use of the terms "registrations," "applications for registration," and

21  "constitutes, includes or incorporates." Mattel has not demonstrated how *all*

22  registrations, and applications for registration, for any trademark or service mark that

23  constitutes, includes or incorporates in any manner the term "BRATZ" could be

24  relevant to the claims and defenses in this action, let alone established that the

25  relevancy of these documents outweighs the individual's fundamental right of

26  privacy. MGA further objects to the request to the extent that it seeks documents that

27  by reason of public filing, public distribution or otherwise are already in Mattel's

28  possession or are readily accessible to Mattel. MGA further objects to this request to

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ____
PAGE 611

1  the extent that it seeks documents not in MGA's possession, custody or control.

2  MGA also objects to this request on the grounds that it seeks confidential, proprietary

3  or commercially sensitive information, the disclosure of which would be inimical to

4  the business interests of MGA. MGA also objects to this request to the extent it calls

5  for the disclosure of attorney-client privileged information or information protected

6  from disclosure by the work-product doctrine, joint defense or common interest

7  privilege, or other privilege.

8      MGA further objects to this request as being overly broad and unduly

9  burdensome on the grounds that it is not limited in time. MGA further objects to this

10  request as cumulative and duplicative to the extent that it seeks documents previously

11  requested by Mattel or produced by MGA in response to Mattel's document requests.

12  **REQUEST FOR PRODUCTION NO. 55**

13      All registrations, and applications for registration, for any trademark or service

14  mark that constitutes, includes or incorporates in any manner the term "Jade."

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55**

16      MGA incorporates by reference its General Objections as though fully set forth

17  herein. MGA further objects on the grounds that this request calls for the production

18  of documents that are not limited to the subject matter of this action and not relevant

19  to any claim or defense in the pending litigation or reasonably calculated to lead to

20  the discovery of admissible evidence.

21      MGA further objects to this request on the grounds that it is compound. MGA

22  further objects to the request to the extent it violates the privacy rights of third parties

23  to their private, confidential, proprietary or trade secret information.

24      MGA further objects to this request on the grounds that it is vague and

25  ambiguous in its use of the terms "registrations," "applications for registration," and

26  "constitutes, includes or incorporates." Mattel has not demonstrated how *all*

27  registrations, and applications for registration, for any trademark or service mark that

28  constitutes, includes or incorporates in any manner the term "Jade" could be relevant

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310.553.3000

EXHIBIT 41
PAGE 612

1   to the claims and defenses in this action, let alone established that the relevancy of

2   these documents outweighs the individual's fundamental right of privacy.  MGA

3   further objects to the request to the extent that it seeks documents that by reason of

4   public filing, public distribution or otherwise are already in Mattel's possession or are

5   readily accessible to Mattel.  MGA further objects to this request to the extent that it

6   seeks documents not in MGA's possession, custody or control.  MGA also objects to

7   this request on the grounds that it seeks confidential, proprietary or commercially

8   sensitive information, the disclosure of which would be inimical to the business

9   interests of MGA.  MGA also objects to this request to the extent it calls for the

10  disclosure of attorney-client privileged information or information protected from

11  disclosure by the work-product doctrine, joint defense or common interest privilege,

12  or other privilege.

13       MGA further objects to this request as being overly broad and unduly

14  burdensome on the grounds that it is not limited in time.  MGA further objects to this

15  request as cumulative and duplicative to the extent that it seeks documents previously

16  requested by Mattel or produced by MGA in response to Mattel's document requests.

17  **REQUEST FOR PRODUCTION NO. 56**

18       All COMMUNICATIONS with any Trademark Office or governmental entity

19  REFERRING OR RELATING TO any registration, or application for registration, for

20  any trademark or service mark that constitutes, includes or incorporates in any

21  manner the term "BRATZ."

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56**

23       MGA incorporates by reference its General Objections as though fully set forth

24  herein.  MGA further objects on the grounds that this request calls for the production

25  of communications that are not limited to the subject matter of this action and not

26  relevant to any claim or defense in the pending litigation or reasonably calculated to

27  lead to the discovery of admissible evidence.

28

665960v2

1    MGA further objects to this request on the grounds that it is compound.  MGA

2 further objects to the request to the extent it violates the privacy rights of third parties

3 to their private, confidential, proprietary or trade secret information.

4    MGA also objects to this request on the grounds that it is overbroad, including,

5 without limitation, that it would extend to any communication between *anyone* and

6 *any* Trademark Office or governmental entity referring or relating in any way to a

7 wide variety of matter that could potentially be construed as "relating" to any

8 registration, or application for registration, for any trademark or service mark that

9 constitutes, includes or incorporates in any manner the term "BRATZ.", without

10 regard to whether such communications are at all relevant to any claim or defense at

11 issue herein.  MGA also objects to this request on the grounds that it is overbroad,

12 unduly burdensome and oppressive in that it is not in any way limited as to the

13 persons involved in the communications or as to time.  MGA further objects to this

14 request on the grounds that it is vague and ambiguous in its use of the terms

15 "registrations," "applications for registration," and "constitutes, includes or

16 incorporates."  Mattel has not demonstrated how *all* COMMUNICATIONS with any

17 Trademark Office or governmental entity REFERRING OR RELATING TO any

18 registration, or application for registration, for any trademark or service mark that

19 constitutes, includes or incorporates in any manner the term "BRATZ" could be

20 relevant to the claims and defenses in this action, let alone established that the

21 relevancy of these communications outweighs fundamental privacy rights.  MGA

22 further objects to this request on the ground that the terms COMMUNICATIONS and

23 REFERRING OR RELATING TO render the request vague, ambiguous, overly broad

24 and unduly burdensome.  MGA further objects to the request to the extent that it seeks

25 communications that by reason of public filing, public distribution or otherwise are

26 already in Mattel's possession or are readily accessible to Mattel.  MGA further

27 objects to this request to the extent that it seeks documents not in MGA's possession,

28 custody or control.  MGA also objects to this request on the grounds that it seeks

665960v2

EXHIBIT 41
PAGE 614

1  confidential, proprietary or commercially sensitive information, the disclosure of

2  which would be inimical to the business interests of MGA.  MGA also objects to this

3  request to the extent it calls for the disclosure of attorney-client privileged

4  information or information protected from disclosure by the work-product doctrine,

5  joint defense or common interest privilege, or other privilege.

6      MGA further objects to this request as being overly broad and unduly

7  burdensome on the grounds that it is not limited in time.  MGA further objects to this

8  request as cumulative and duplicative to the extent that it seeks documents previously

9  requested by Mattel or produced by MGA in response to Mattel's document requests.

10 **REQUEST FOR PRODUCTION NO. 57**

11     All COMMUNICATIONS with any Trademark Office or governmental entity

12 REFERRING OR RELATING TO any registration, or application for registration, for

13 any trademark or service mark that constitutes, includes or incorporates in any

14 manner the term "Jade."

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 57**

16     MGA incorporates by reference its General Objections as though fully set forth

17 herein.  MGA further objects on the grounds that this request calls for the production

18 of communications that are not limited to the subject matter of this action and not

19 relevant to any claim or defense in the pending litigation or reasonably calculated to

20 lead to the discovery of admissible evidence.

21     MGA further objects to this request on the grounds that it is compound.  MGA

22 further objects to the request to the extent it violates the privacy rights of third parties

23 to their private, confidential, proprietary or trade secret information.

24     MGA also objects to this request on the grounds that it is overbroad, including,

25 without limitation, that it would extend to any communication between *anyone* and

26 *any* Trademark Office or governmental entity referring or relating in any way to a

27 wide variety of matter that could potentially be construed as "relating" to any

28 registration, or application for registration, for any trademark or service mark that

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PART 2)

EXHIBIT 41
PAGE 615

1  constitutes, includes or incorporates in any manner the term "Jade," without regard to

2  whether such communications are at all relevant to any claim or defense at issue

3  herein. MGA also objects to this request on the grounds that it is overbroad, unduly

4  burdensome and oppressive in that it is not in any way limited as to the persons

5  involved in the communications or as to time. MGA further objects to this request on

6  the grounds that it is vague and ambiguous in its use of the terms "registrations,"

7  "applications for registration," and "constitutes, includes or incorporates." Mattel has

8  not demonstrated how *all* COMMUNICATIONS with any Trademark Office or

9  governmental entity REFERRING OR RELATING TO any registration, or

10  application for registration, for any trademark or service mark that constitutes,

11  includes or incorporates in any manner the term "Jade" could be relevant to the claims

12  and defenses in this action, let alone established that the relevancy of these

13  communications outweighs fundamental privacy rights. MGA further objects to this

14  request on the ground that the terms COMMUNICATIONS and REFERRING OR

15  RELATING TO render the request vague, ambiguous, overly broad and unduly

16  burdensome. MGA further objects to the request to the extent that it seeks

17  communications that by reason of public filing, public distribution or otherwise are

18  already in Mattel's possession or are readily accessible to Mattel. MGA further

19  objects to this request to the extent that it seeks documents not in MGA's possession,

20  custody or control. MGA also objects to this request on the grounds that it seeks

21  confidential, proprietary or commercially sensitive information, the disclosure of

22  which would be inimical to the business interests of MGA. MGA also objects to this

23  request to the extent it calls for the disclosure of attorney-client privileged

24  information or information protected from disclosure by the work-product doctrine,

25  joint defense or common interest privilege, or other privilege.

26

27  \ \ \

28  \ \ \

665960v2

1    MGA further objects to this request as being overly broad and unduly

2    burdensome on the grounds that it is not limited in time.  MGA further objects to this

3    request as cumulative and duplicative to the extent that it seeks documents previously

4    requested by Mattel or produced by MGA in response to Mattel's document requests.

5

6

7    Dated: _____, 2009

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Patricia L. Glaser
Joel N. Klevens
GLASER, WEIL, FINK, JACOBS
 & SHAPIRO, LLP

Russell J. Frackman
MITCHELL, SILBERBERG & KNUPP, LLP

By: _____
      Amman Khan
      Attorneys for the MGA Parties
      for Phase Two

665960v2

99

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 41
PAGE 617

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

    On January 28, 2009, I served the foregoing document described as:

**RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☐    (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐    (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☒    (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above named addressee.

☐    (BY EMAIL) I caused such documents to be delivered via email to the addressee(s).

☐    (BY FACSIMILE) I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed this 6th day of February, 2009, at Los Angeles, California.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Yumi Chung*
YUMI CHUNG

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

665411 v1

**EXHIBIT 44**
**PAGE 618**

1

### SERVICE LIST

2

3    Jon D. Corey, Esq.
     Michael T. Zeller, Esq.
4    John Quinn, Esq.
     Quinn Emanuel Urquhart Oliver & Hedges, LLP
5    865 South Figueroa Street, 10th Floor
     Los Angeles, CA 90017-2543
6
     Russel J. Frackman, Esq.
7    Patricia H. Benson, Esq.
     Mitchell, Silberberg & Knupp, LLP
8    11377 W. Olympic Blvd.
     Los Angeles, CA 90067
9    (310) 312-2000

10   Thomas J. Nolan, Esq.
     Raoul D. Kennedy, Esq.
11   Jason D. Russell, Esq.
     Skadden, Arps, Slate, Meagher & Flom LLP
12   300 South Grand Avenue, Suite 3400
     Los Angeles, CA 90071-3144
13   (213) 687-5000

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

666411 v1

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 42