QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>         Plaintiff,<br><br>   vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.<br><br>        Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059 and<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br>**[To Be Heard by Discovery Master Robert C. O'Brien]**<br><br>[PUBLIC REDACTED] MATTEL, INC.'S RESPONSE TO MGA'S STATEMENT IN SUPPORT OF MGAE DE MEXICO'S AND MGA ENTERTAINMENT (HK) LTD.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES<br><br>Date:    TBD<br>Time:    TBD<br>Place:   Arent Fox LLP<br>         555 West Fifth St.<br>         48th Floor<br>         Los Angeles, CA<br>         90013<br><br>Discovery Cut-off:  June 11, 2010<br>Pre-trial Conference:  TBD<br>Trial Date:  TBD |

07975/3132917.1

1    Defendant Mattel, Inc. responds as follows to MGA'S Statement in

2   Support of Motion to Compel Further Responses to MGA Entertainment (HK)

3   Limited's Interrogatory Nos. 1-25 and MGAE de Mexico's Interrogatory Nos. 1-11.

4   **MGA ENTERTAINMENT (HK) LIMITED'S INTERROGATORY NOS. 1-25**

5   **RESPONSES TO INTERROGATORIES**

6   **INTERROGATORY NO. 1:**

7    As to each occasion on which Mattel contends a RICO predicate was

8   committed as alleged in the Second and Third Counterclaims of the TAAC:

9    (a)   IDENTIFY the RICO predicate act (by statute) and state all facts

10   regarding the acts and omissions establishing that RICO predicate act.  (If you

11   contend the same acts and omissions established the commission of more than one

12   RICO predicate act, IDENTIFY all of those RICO predicate acts.);

13    (b)   IDENTIFY which PERSONS employed by or associated with

14   which RICO enterprise(s) committed that RICO predicate act;

15    (c)   state all facts which you contend demonstrate that Isaac Larian

16   knew of, participated in, or directed the commission of that RICO predicate act;

17    (d)   state all facts regarding how that RICO predicate act proximately

18   caused injury(s) to Mattel's business or property;

19    (e)   state all facts regarding how Mattel has calculated or estimated

20   the monetary damages for each type of injury to its business or property proximately

21   caused by that RICO predicate act (and if it has not, why not); and

22    (f)   IDENTIFY all PERSONS Mattel believes have knowledge of the

23   information requested in this Interrogatory.

24   **RESPONSE TO INTERROGATORY NO. 1:**

25    In addition to the general objections stated above, Mattel specifically

26   objects to this Interrogatory on the grounds that it is unreasonably burdensome,

27   overbroad, including in that it purports to require Mattel to summarize all facts on

28   these subjects, despite defendants' own refusals to answer interrogatories with the

07975/3132917.1

same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all facts on these subjects. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order. Mattel further objects to this Interrogatory as compound and seeks to require Mattel to provide separate discrete responses as "to each occasion on which Mattel contends a RICO predicate was committed." As such, the interrogatory is impermissibly compound and causes the total number of interrogatories served by this party in Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure and the Court. Mattel further objects to subsection (c) of the interrogatory as an impermissible attempt to circumvent the limits on interrogatories that may be served in Phase 2 discovery.

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO INTERROGATORY NO. 1 SHOULD BE COMPELLED:

Mattel has refused to provide answers in response to this Interrogatory, subject to its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "the grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all"). To the extent that

1 | Mattel is relying on its blanket objections, they are not sustainable and do not justify
2 | Mattel's failure to respond.

3 | Mattel also bases its refusal to respond on two equally unavailing
4 | arguments with respect to the counting of interrogatories in an effort to avoid
5 | responding to this and the other Interrogatories at Issue[1]. First, Mattel asserts a non-
6 | existent discovery limitation applies such that each *side* in the litigation may only
7 | serve 25 interrogatories. This is the same argument that Mattel has made
8 | unsuccessfully in the past. See Declaration of William A. Molinski ("Molinski
9 | Decl."), Ex. 13 at 522-29 (Mattel's Motion for Protective Order dated June 29,
10 | 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's Opposition to MGA's Motion
11 | to Compel Further Responses dated August 5, 2009). While Mattel continues to
12 | assert this meritless objection rather than responding to this interrogatory, Mattel
13 | cannot identify a single factual or legal basis to support it. To the contrary, Judge
14 | Larson has made clear that there is a "clean slate" with respect to the Phase 2
15 | discovery. Specifically, Judge Larson noted that he has not placed any restrictions
16 | on discovery in Phase 2 other than those set by the Rules of Civil Procedure. See
17 | Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of February 11, 2009 Hearing).
18 | Indeed, Discovery Master O'Brien has ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
19 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21 | Molinski Decl., Ex. 8 at 168:23-35 (Order No. 46 dated August 14, 2009). Indeed
22 | in that same order, Discovery Master O'Brien noted that ▮▮▮▮▮▮▮▮▮▮
23 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
24 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Molinski Decl., Ex. 8 at
25 | 170:9-11 (Order No. 46 dated August 14, 2009). The ruling is unsurprising as case
26 |
27 | [1]  For the purposes of this motion, MGA Mexico and MGAE HK's cumulative 36
28 | interrogatories are the "Interrogatories at Issue."

1 | law also supports this interpretation.  <u>See, e.g., St. Paul Fire and Marine Ins. Co. v.</u>

2 | <u>Birch, Stewart, Kolasch & Birch, LLP,</u> 217 F.R.D. 288, 289 (D. Mass. 2003)

3 | (permitting 25 interrogatories for each of three defendants and striking down a local

4 | rule that allotted interrogatories on a "per side" basis); <u>Missouri Republican Party v.</u>

5 | <u>Lamb,</u> 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court established a scheduling

6 | plan that maintained a distinction between interrogatory limitations by "party" and

7 | deposition limitations by "side.").  Since this interrogatory was propounded by

8 | MGA Entertainment (HK) and they have not propounded more than 25

9 | interrogatories, Mattel's objection should be overruled and Mattel must be ordered

10 | to provide a substantive response.

11 | To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit

12 | is only entitled to propound 25 interrogatories, would produce a ludicrous result.

13 | For example, under Mattel's reasoning all counsel, in a multi-defendant case where

14 | each defendant is represented by their own counsel, all defendants' counsel would be

15 | forced to agree on a single set of 25 interrogatories to propound on plaintiff.  Such

16 | an irrational result is not the intent of Rule 33, nor the federal discovery statutes.  As

17 | noted by Discovery Master O'Brien, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

18 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

19 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Molinski Decl., Ex. 8 at

20 | 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is the right of

21 | each party in a litigation to serve written discovery.  That the MGA parties happen

22 | to be represented by the same counsel does not alter the analysis.  Each party must

23 | be allowed to serve 25 interrogatories and Mattel must be compelled to answer

24 | them.

25 | Mattel's second counting argument is that this interrogatory is

26 | impermissibly compound. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

27 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

28 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1  ████████████████████████████████ See Molinski Decl., Ex. 13 at 529

2  (Mattel's Motion for Protective Order dated June 29, 2009). ████████

3  ████████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████

5  ████████████████████████████████████ See Molinski Decl., Ex. 8 at

6  171:23-26 (Order No. 46 dated August 14, 2009). Even when an interrogatory

7  contains subparts, it is still considered a single interrogatory when it relates to a

8  common theme. See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

9  Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

10  concerning a 'common theme' should generally be considered a single question.");

11  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL

12  318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question

13  regarding a common group of people" not compound (citing 8A Wright et al., Fed.

14  Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113

15  F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single

16  question ... even though it may call for an answer containing several separate bits of

17  information, if there is a direct relationship between the various bits of information

18  called for.").

19          This interrogatory seeks a narrative concerning the facts Mattel claims

20  support their RICO claims. The request is structured to aid Mattel in responding to

21  the interrogatory and seeks only information that a responding party would

22  reasonably expect to receive in response, even if the level of request detail were not

23  included. Indeed, the basis of the entire interrogatory is to seek information that will

24  ultimately allow MGA to defend against Mattel's RICO allegations and is crucial to

25  that defense. As such, this interrogatory should be counted as a single interrogatory

26  and Mattel should be ordered to respond.

27          In addition, Mattel's bare assertion that MGA has "purports to require

28  Mattel to summarize all facts on these subjects, despite defendants' own refusals to

1   answer interrogatories with the same or comparable language" is not only

2   unsupported and false, but immaterial – if this were true (and it is not), Mattel's

3   obligation to fully respond to the Interrogatories would be unaffected.

4         As to overbreadth, Mattel provides no explanation, let alone the

5   required particularity, as to why this interrogatory is supposedly overly broad, nor

6   can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 1 18

7   (Order No. 17, dated April 14, 2009 (overruling objections not stated with

8   specificity)). To the contrary, the Interrogatory is narrowly tailored to seek

9   responses concerning Mattel's claim for RICO predicate acts committed as alleged

10   in the Second and Third Counterclaims of the TAAC.

11         As to burden, Mattel has not attempted to demonstrate why responding

12   to this Interrogatory presents any burden. This objection must therefore be rejected.

13   See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

14   1997) ("The party claiming that a discovery request is unduly burdensome must

15   allege specific facts which indicate the nature and extent of the burden, usually by

16   affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as

17   noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

18   evidence.

19         This Interrogatory does not seek responses protected by the attorney-

20   client privilege, the attorney work product doctrine, or other applicable privileges.

21   To the extent that Mattel contends that it does, it does not excuse Mattel from

22   responding with any non-privileged information. Additionally, to the extent that

23   such privileged material exists, Mattel must provide a privilege log.

24         Mattel objects that the Interrogatory contains confidential and/or

25   proprietary information. A Protective Order exists in this case, obviating any

26   concern as to protection of privacy rights and/or commercially sensitive

27   information. Also, this Interrogatory does not seek information violative of any

28   third party's rights of privacy. The facts, persons, and documents responsive to this

1  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,
2  and as Mattel itself previously has argued, any privacy issues are fully addressed by
3  the Protective Order.

4        In short, Mattel's objections are uniformly without merit and frivolous.
5  The Discovery Master should order Mattel to provide a substantive response to
6  Interrogatory No. 1 without objection.

7  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
8  **INTERROGATORY NO. 1 IS NOT WARRANTED**

9      Defendants have exceeded their Phase 2 Interrogatory limit. Mattel hereby
10  incorporates by reference Argument § I of its Opposition. For the reasons set forth
11  more fully in Argument § I of its Opposition, the Discovery Master should set the
12  interrogatory limit per side, as opposed to per party, consistent with the Court's
13  previous rulings in this case, applicable case law and basic fairness.[2] Moreover, even if
14  a "per party" rule were to apply, MGA Hong Kong clearly has exceeded its limit of 25
15  interrogatories because it has served 25 separately-numbered interrogatories, many of
16  which are compound and address discrete issues. See Argument §§ I.B and I.C of
17  Opposition. If even one of its interrogatories is properly counted as more than one --
18  and virtually all count as far more than one in Mattel's view -- MGA Hong Kong has
19  exceeded any putative 25 interrogatory limit that applies to it.

20      Interrogatory No. 1 is compound. Mattel hereby incorporates by reference
21  Argument §§ I.B and I.C of its Opposition. Interrogatory No. 1 addresses hundreds of
22  individual predicate acts and purports to require Mattel to address multiple themes
23  regarding each, including by providing detailed information regarding each individual
24  act, Larian's knowledge of each, Mattel's damages from each specific act and how
25  Mattel calculated any damages from each, all on a predicate act by predicate act basis.
26  Accordingly, Interrogatory No. 1 alone constitutes at least hundreds of interrogatories.

27
28

[2]  See Opposition at Argument § I.

-7-
RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES

1    Interrogatory No. 1 is unduly burdensome because it requires Mattel to identify

2    "all" facts, persons and documents. Mattel hereby incorporates by reference Argument

3    § II of its Opposition.  Consistent with the Discovery Master's prior rulings and

4    applicable case law, Interrogatory No. 1 is unduly burdensome to the extent it requires

5    Mattel to identify "all" facts, persons and documents.[3]  It also is unduly burdensome

6    because of the detailed litany of information it purports to require.

7    MGA has previously blocked Mattel's discovery relating to "every RICO

8    predicate act."  Mattel hereby incorporates by reference Argument § II.A.   This

9    interrogatory seeks information relating to "every RICO predicate act" in spite of the

10   fact that MGA has successfully argued in the past that producing evidence relating to

11   every RICO predicate is unduly burdensome.  Based on such efforts by MGA, Mattel

12   has been unable to obtain information relating to "every RICO predicate act" and

13   should not have to produce such information.

14   Interrogatory No. 1 is unduly burdensome because it is cumulative of other

15   interrogatories served on Mattel. Mattel hereby incorporates by reference Argument §

16   II.B. This interrogatory is simply an attempt to force Mattel to restate information that

17   it has already provided to Defendants.  For example, the interrogatory is cumulative of

18   the following interrogatories:

19   **Interrogatory No. 1, MGA's First Set of Interrogatories:** State all

20   facts, with particularity, and IDENTIFY all DOCUMENTS that support

21   YOUR contention, if YOU so contend, that YOU have suffered harm as a

22   result of any act or omission of MGA.[4]

23   **Interrogatory No. 2, MGA's First Set of Interrogatories:** IDENTIFY

24   all PERSONS with knowledge of each fact" "stated in response to

25   Interrogatory No. 1.[5]

26   _____

   [3]  See Opposition at Argument § II.A.1.

27  [4]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 1.

28  [5]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 2.

**Interrogatory No. 3, MGA's First Set of Interrogatories:** State, with particularity, the nature, amount, cause and calculation of every item of YOUR alleged damages, including, without limitation, general, actual and statutory damages, restitution, disgorgement of unlawful profits, lost profits, lost payments, lost revenues, lost monies, lost royalties or license fees, reputational harm, lost relationships, lost business opportunities, interest, attorneys' fees, costs, expenses, and any other form of injury or damage of quantifiable remedy that YOU seek to recover in this lawsuit.[6]

**Interrogatory No. 4, MGA's First Set of Interrogatories:** State all facts, with particularity, and IDENTIFY all DOCUMENTS that support YOUR contention, if YOU so contend, that YOU are entitled to exemplary damages, attorneys' fees and costs.[7]

**Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe in detail the complete factual basis for YOUR COUNTERCLAIMS including, without limitation all facts, DOCUMENTS, and witnesses that REFER OR RELATE TO YOUR COUNTERCLAIMS.[8]

**Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe in detail any estimate or calculation of damage, loss, injury, or unjust enrichment, by reason of any act or omission alleged in YOUR COUNTERCLAIMS, that YOU have made or that has been made on YOUR behalf or at YOUR request, including all facts, DOCUMENTS or witnesses RELATING TO each estimate or calculation.[9]

---

[6]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 3.
[7]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 4.
[8]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 28.
[9]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 29.

RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES

1       **Interrogatory No. 5, MGA's First Set of Phase 2 Interrogatories:**

2       IDENTIFY ANY damages YOU contend YOU have suffered as a result

3       of the violation of the Racketeer Influenced and Corrupt Organization Act

4       alleged by YOU in the Second Counterclaim of YOUR OPERATIVE

5       COUNTERCLAIMS in THIS ACTION. [10]

6       **Interrogatory No. 7, MGA's First Set of Phase 2 Interrogatories:**

7       IDENTIFY every MATTEL PRODUCT whose sales YOU contend were

8       harmed by MGA's sale of the Bratz line of dolls and products. [11]

9       **Interrogatory No. 8, MGA's First Set of Phase 2 Interrogatories:**

10       IDENTIFY every MATTEL PRODUCT whose sales YOU contend were

11       harmed by ANY act or omission of MGA alleged in YOU [sic]

12       OPERATIVE COUNTERCLAIMS. [12]

13       <u>Interrogatory No. 1 is of limited benefit to MGA Hong Kong.</u> Mattel hereby

14 incorporates by reference Argument § II.C. This interrogatory is of limited value to

15 MGA Hong Kong in that it seeks information far broader than information relating to

16 MGA Hong Kong and the claims and defenses related to MGA Hong Kong. First of

17 all, the Interrogatory relates generally to MGA, not specifically to MGA Hong Kong.

18 To the extent it seeks information not related to MGA Hong Kong, MGA Hong Kong

19 cannot realize any benefit from the discovery. In addition, as shown above and in the

20 Opposition, the Interrogatory seeks information beyond what Mattel will need to prove

21 at either summary judgment or trial regarding its RICO claims.

22       <u>Interrogatory No. 1 is overbroad in that it requires Mattel to "state all facts</u>

23 <u>regarding how that RICO predicate act proximately caused injury(s) to Mattel's</u>

24

---

25 [10]   <u>See</u> MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at
Interrogatory No. 5.

26 [11]   <u>See</u> MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at
Interrogatory No. 7.

27 [12]   <u>See</u> MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at

28 Interrogatory No. 8.

business or property." Mattel hereby incorporates by reference Argument § II.C of its Opposition. The interrogatory requires Mattel to identify injury proximately caused from a specific predicate act;[13] however, this showing is not required under the law.

Mattel properly reserved its right to supplement its response based on facts learned in the future and expert discovery. Mattel hereby incorporates by reference Argument § III of its Opposition. To the extent the Interrogatory seeks information that Mattel has not yet learned because of Defendants' obstructionism and information that is the subject of expert discovery, Mattel properly reserved its right to supplement its response based on any newly learned information and in accordance with the Rules and Court Orders governing expert disclosures.[14]

Mattel properly reserved its privilege objection. Mattel hereby incorporates by reference Argument § IV of its Opposition. To the extent the Interrogatory seeks information protected by the attorney client privilege, Mattel timely objected to the interrogatory and preserved its objection.[15]

**INTERROGATORY NO. 2:**

State all facts regarding Isaac Larian's conducting or participating, directly or indirectly, in the conduct of the affairs of a RICO enterprise through a pattern of racketeering activity (as alleged in the Counterclaims of the TAAC).

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on this subject, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February

---

[13] See, e.g., MGA Hong Kong's Interrogatory No. 1, Molinski Dec., Exh. 1 (requesting that Mattel "state all facts regarding how that RICO predicate act proximately caused injury(s) to Mattel's business or property").

[14] See Opposition at Argument § III.

[15] See Opposition at Argument § IV.

1    15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

2    facts on this subject.  Mattel further objects to this Interrogatory on the grounds that

3    it calls for the disclosure of information subject to the attorney-client privilege, the

4    attorney work-product doctrine and other applicable privileges.  Mattel further

5    objects to this Interrogatory on the grounds that it calls for the disclosure of

6    confidential and/or proprietary information, which Mattel will disclose only subject

7    to and in reliance upon the operative protective order.  Mattel further objects to this

8    Interrogatory as it is an impermissible attempt to circumvent the limits on

9    interrogatories that may be served during Phase 2 discovery.

10   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

11   **INTERROGATORY NO. 2 SHOULD BE COMPELLED:**

12          Mattel has refused to provide answers in response to this Interrogatory,

13   subject to its improper boilerplate objections.  Under the Federal Rules of Civil

14   Procedure, "the grounds for objecting to an interrogatory must be stated with

15   specificity."  Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

16   basis for an objection with specificity are routinely rejected in the Central District.

17   See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

18   ("general or boilerplate objections such as 'overly burdensome and harassing' are

19   improper – especially when a party fails to submit any evidentiary declarations

20   supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

21   186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

22   inadequate and tantamount to not making any objection at all").  To the extent that

23   Mattel is relying on its blanket objections, they are not sustainable and do not justify

24   Mattel's failure to respond.

25          Mattel also bases its refusal to respond on two equally unavailing

26   arguments with respect to the counting of interrogatories in an effort to avoid

27   responding to this and the other Interrogatories at Issue.  First, Mattel asserts a non-

28   existent discovery limitation applies such that each *side* in the litigation may only

1 serve 25 interrogatories. This is the same argument that Mattel has made

2 unsuccessfully in the past. See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion

3 for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47

4 (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August

5 5, 2009). While Mattel continues to assert this meritless objection rather than

6 responding to this interrogatory, Mattel cannot identify a single factual or legal basis

7 to support it. To the contrary, Judge Larson has made clear that there is a "clean

8 slate" with respect to the Phase 2 discovery. Specifically, Judge Larson noted that

9 he has not placed any restrictions on discovery in Phase 2 other than those set by the

10 Rules of Civil Procedure. See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of

11 February 11, 2009 Hearing). Indeed, Discovery Master O'Brien has

12

13

14 Molinski Decl., Ex. 8 at 168:23-35 (Order No. 46 dated

15 August 14, 2009). Indeed in that same order, Discovery Master O'Brien noted that

16

17 Molinski

18 Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009). The ruling is

19 unsurprising as case law also supports this interpretation. See, e.g., St. Paul Fire and

20 Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.

21 Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking

22 down a local rule that allotted interrogatories on a "per side" basis); Missouri

23 Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

24 established a scheduling plan that maintained a distinction between interrogatory

25 limitations by "party" and deposition limitations by "side."). Since this interrogatory

26 was propounded by MGA Entertainment (HK) and they have not propounded more

27 than 25 interrogatories, Mattel's objection should be overruled and Mattel must be

28 ordered to provide a substantive response.

1    To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit
2  is only entitled to propound 25 interrogatories, would produce a ludicrous result.
3  For example, under Mattel's reasoning all counsel, in a multi-defendant case where
4  each defendant is represented by their own counsel, all defendants' counsel would be
5  forced to agree on a single set of 25 interrogatories to propound on plaintiff.  Such
6  an irrational result is not the intent of Rule 33, nor the federal discovery statutes.  As
7  noted by Discovery Master O'Brien, ███████████████████████
8  ████████████████████████████████████████████
9  ███████████████████████████████ Molinski Decl., Ex. 8 at
10 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is the right of
11 each party in a litigation to serve written discovery.  That the MGA parties happen
12 to be represented by the same counsel does not alter the analysis.  Each party must
13 be allowed to serve 25 interrogatories and Mattel must be compelled to answer
14 them.
15    Mattel's second counting argument is that this interrogatory is
16 impermissibly compound.  █████████████████████████
17 ████████████████████████████████████████████
18 ████████████████████████████████████████
19 ██████████████████████████ See Molinski Decl., Ex. 13 at 529
20 (Mattel's Motion for Protective Order dated June 29, 2009).  ████████████
21 ████████████████████████████████████████████
22 ████████████████████████████████████████████
23 ███████████████████████████ See Molinski Decl., Ex. 8 at
24 171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory
25 contains subparts, it is still considered a single interrogatory when it relates to a
26 common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.
27 Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details
28 concerning a 'common theme' should generally be considered a single question.");

1  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL
2  318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question
3  regarding a common group of people" not compound (citing 8A Wright et al., Fed.
4  Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113
5  F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single
6  question ... even though it may call for an answer containing several separate bits of
7  information, if there is a direct relationship between the various bits of information
8  called for.").

9        This interrogatory seeks a narrative concerning the facts Mattel claims
10 support their assertion that Isaac Larian participated in purported RICO activity.
11 The request is structured to aid Mattel in responding to the interrogatory and seeks
12 only information that a responding party would reasonably expect to receive in
13 response, even if the level of request detail were not included. Indeed, the basis of
14 the entire interrogatory is to seek information that will ultimately allow MGA to
15 defend against Mattel's RICO allegations and is crucial to that defense. As such,
16 this interrogatory should be counted as a single interrogatory and Mattel should be
17 ordered to respond.

18        In addition, Mattel's bare assertion that MGA has "purports to require
19 Mattel to summarize all facts on these subjects, despite defendants' own refusals to
20 answer interrogatories with the same or comparable language" is not only
21 unsupported and false, but immaterial – if this were true (and it is not), Mattel's
22 obligation to fully respond to the Interrogatories would be unaffected.

23        As to overbreadth, Mattel provides no explanation, let alone the
24 required particularity, as to why this interrogatory is supposedly overly broad, nor
25 can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118
26 (Order No. 17, dated April 14, 2009 (overruling objections not stated with
27 specificity)). To the contrary, the Interrogatory is narrowly tailored to seek
28

1 | responses concerning facts regarding Isaac Larian's participation in the conduct of
2 | the affairs of a RICO enterprise (as alleged in the Counterclaims of the TAAC).

3 | As to burden, Mattel has not attempted to demonstrate why responding
4 | to this Interrogatory presents any burden. This objection must therefore be rejected.
5 | See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.
6 | 1997) ("The party claiming that a discovery request is unduly burdensome must
7 | allege specific facts which indicate the nature and extent of the burden, usually by
8 | affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as
9 | noted above, in that the Interrogatory is narrowly tailored to seek only discoverable
10 | evidence.

11 | This Interrogatory does not seek responses protected by the attorney-
12 | client privilege, the attorney work product doctrine, or other applicable privileges.
13 | To the extent that Mattel contends that it does, it does not excuse Mattel from
14 | responding with any non-privileged information. Additionally, to the extent that
15 | such privileged material exists, Mattel must provide a privilege log.

16 | Mattel objects that the Interrogatory contains confidential and/or
17 | proprietary information. A Protective Order exists in this case, obviating any
18 | concern as to protection of privacy rights and/or commercially sensitive
19 | information. Also, this Interrogatory does not seek information violative of any
20 | third party's rights of privacy. The facts, persons, and documents responsive to this
21 | Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,
22 | and as Mattel itself previously has argued, any privacy issues are fully addressed by
23 | the Protective Order.

24 | In short, Mattel's objections are uniformly without merit and frivolous.
25 | The Discovery Master should order Mattel to provide a substantive response to
26 | Interrogatory No. 2 without objection.

27 | **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
28 | **INTERROGATORY NO. 2 IS NOT WARRANTED**

1    <u>Defendants have exceeded their Phase 2 Interrogatory limit.</u>  Mattel hereby
2    incorporates by reference Argument § I of its Opposition.  For the reasons set forth
3    more fully in Argument § I of its Opposition, the Discovery Master should set the
4    interrogatory limit per side, as opposed to per party, consistent with the Court's
5    previous rulings in this case, applicable case law and basic fairness.[16]  Mattel properly
6    objected that this Interrogatory exceeded Defendants' allotted interrogatories based on
7    the fact that the MGA Parties collectively have served 55 numbered interrogatories in
8    Phase 2 to date despite the fact that the MGA Parties are only allotted half that
9    number.[17]  Of those 55, MGA subsequently withdrew five,[18] but that still leaves 50
10   interrogatories to which the MGA Parties contend Mattel should respond and up to 75
11   more which Defendants claim they are entitled to serve on Mattel.  Meanwhile,
12   Defendants contend that Mattel should be limited to serving 25 interrogatories total on
13   all five Defendants.  Such a rule would be fundamentally unfair, contrary to case law
14   and contrary to prior rulings in this case.[19]

15        <u>Interrogatory No. 2 is unduly burdensome because it requires Mattel to identify</u>
16   <u>"all" facts, persons and documents.</u>  Mattel hereby incorporates by reference Argument
17   § II of its Opposition.  Consistent with the Discovery Master's prior rulings and
18   applicable case law, Interrogatory No. 2 is unduly burdensome to the extent it requires
19   Mattel to identify "all" facts, persons and documents.[20]  It also is unduly burdensome
20   because of the detailed litany of information it purports to require.

21        <u>Interrogatory No. 2 is unduly burdensome because it is cumulative of other</u>
22   <u>interrogatories served on Mattel.</u>  Mattel hereby incorporates by reference Argument §

23

24   [16]  <u>See</u> Opposition at Argument § I.
     [17]  <u>See</u> MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14; MGA
25   Hong Kong's Interrogatory Nos. 1-25, MGA Mexico's Interrogatory Nos. 1-11,
     Monlinski Dec., Exhs. 1-2.
26   [18]  <u>See</u> Order No. 56, Searcy Dec., Exh. 2.
27   [19]  <u>See</u> Opposition at Argument § I.
     [20]  <u>See</u> Opposition at Argument § II.A.1.
28

II.B.  This interrogatory is simply an attempt to force Mattel to restate information that it has already provided to Defendants.  For example, the interrogatory is cumulative of the following interrogatories:

> **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe in detail the complete factual basis for YOUR COUNTERCLAIMS including, without limitation all facts, DOCUMENTS, and witnesses that REFER OR RELATE TO YOUR COUNTERCLAIMS. [21]

> **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe in detail any estimate or calculation of damage, loss, injury, or unjust enrichment, by reason of any act or omission alleged in YOUR COUNTERCLAIMS, that YOU have made or that has been made on YOUR behalf or at YOUR request, including all facts, DOCUMENTS or witnesses RELATING TO each estimate or calculation. [22]

> **Interrogatory No. 5, MGA's First Set of Phase 2 Interrogatories:** IDENTIFY ANY damages YOU contend YOU have suffered as a result of the violation of the Racketeer Influenced and Corrupt Organization Act alleged by YOU in the Second Counterclaim of YOUR OPERATIVE COUNTERCLAIMS in THIS ACTION. [23]

> **Interrogatory No. 7, MGA's First Set of Phase 2 Interrogatories:** IDENTIFY every MATTEL PRODUCT whose sales YOU contend were harmed by MGA's sale of the Bratz line of dolls and products. [24]

---

[21] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 28.
[22] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 29.
[23] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 5.
[24] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 7.

1     **Interrogatory No. 8, MGA's First Set of Phase 2 Interrogatories:**

2     IDENTIFY every MATTEL PRODUCT whose sales YOU contend were

3     harmed by ANY act or omission of MGA alleged in YOU [sic]

4     OPERATIVE COUNTERCLAIMS. [25]

5     **Interrogatory No. 1, MGA's First Set of Interrogatories:** State all

6     facts, with particularity, and IDENTIFY all DOCUMENTS that support

7     YOUR contention, if YOU so contend, that YOU have suffered harm as a

8     result of any act or omission of MGA.[26]

9     **Interrogatory No. 2, MGA's First Set of Interrogatories:** IDENTIFY

10     all PERSONS with knowledge of each fact" "stated in response to

11     Interrogatory No. 1.[27]

12     **Interrogatory No. 3, MGA's First Set of Interrogatories:** State, with

13     particularity, the nature, amount, cause and calculation of every item of

14     YOUR alleged damages, including, without limitation, general, actual and

15     statutory damages, restitution, disgorgement of unlawful profits, lost

16     profits, lost payments, lost revenues, lost monies, lost royalties or license

17     fees, reputational harm, lost relationships, lost business opportunities,

18     interest, attorneys' fees, costs, expenses, and any other form of injury or

19     damage of quantifiable remedy that YOU seek to recover in this lawsuit.[28]

20     **Interrogatory No. 4, MGA's First Set of Interrogatories:** State all

21     facts, with particularity, and IDENTIFY all DOCUMENTS that support

22     YOUR contention, if YOU so contend, that YOU are entitled to

23     exemplary damages, attorneys' fees and costs.[29]

24

---

[25]   See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at
Interrogatory No. 8.
[26]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 1.
[27]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 2.
[28]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 3.
[29]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 4.

25
26
27
28

1       <u>Interrogatory No. 2 is of limited benefit to MGA Hong Kong.</u>  Mattel hereby

2 incorporates by reference Argument § II.C.  This interrogatory is of limited value to

3 MGA Hong Kong in that it seeks information far broader than information relating to

4 MGA Hong Kong and the claims and defenses related to MGA Hong Kong.  In fact,

5 the Interrogatory relates specifically to Isaac Larian, not MGA Hong Kong.  To the

6 extent it seeks information not related to MGA Hong Kong, MGA Hong Kong cannot

7 realize any benefit from the discovery.

8       <u>Mattel properly reserved its right to supplement its response based on facts</u>

9 <u>learned in the future and expert discovery.</u>  Mattel hereby incorporates by reference

10 Argument § III of its Opposition.  To the extent the Interrogatory seeks information that

11 Mattel has not yet learned because of Defendants' obstructionism and information that

12 is the subject of expert discovery, Mattel properly reserved its right to supplement its

13 response based on any newly learned information and in accordance with the Rules and

14 Court Orders governing expert disclosures.[30]

15       <u>Mattel properly reserved its privilege objection.</u>  Mattel hereby incorporates by

16 reference Argument § IV of its Opposition.  To the extent the Interrogatory seeks

17 information protected by the attorney client privilege, Mattel timely objected to the

18 interrogatory and preserved its objection.[31]

19 **INTERROGATORY NO. 3:**

20       State all facts regarding MGA Entertainment (HK) Limited's

21 conducting or participating, directly or indirectly, in the conduct of the affairs of a

22 RICO enterprise through a pattern of racketeering activity (as alleged in the

23 Counterclaims of the TAAC).

24

25

26

---

27 [30] <u>See</u> Opposition at Argument § III.

28 [31] <u>See</u> Opposition at Argument § IV.

1  **RESPONSE TO INTERROGATORY NO. 3:**

2      In addition to the general objections stated above, Mattel specifically

3  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

4  overbroad, including in that it purports to require Mattel to summarize all facts on

5  this subject, despite defendants' own refusals to answer interrogatories with the

6  same or comparable language and in conflict with the Court's Orders of February

7  15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

8  facts on this subject. Mattel further objects to this interrogatory as vague and

9  ambiguous, including as to time. Mattel further objects to this Interrogatory on the

10  grounds that it calls for the disclosure of information subject to the attorney-client

11  privilege, the attorney work-product doctrine and other applicable privileges. Mattel

12  further objects to this Interrogatory on the grounds that it calls for the disclosure of

13  confidential and/or proprietary information, which Mattel will disclose only subject

14  to and in reliance upon the operative protective order. Mattel further objects to this

15  Interrogatory as the interrogatory, combined with the compound interrogatories

16  propounded together with it, causes the total number of interrogatories served during

17  Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure

18  and the Court.

19  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

20  **INTERROGATORY NO. 3 SHOULD BE COMPELLED:**

21      Mattel has refused to provide answers in response to this Interrogatory,

22  subject to its improper boilerplate objections. Under the Federal Rules of Civil

23  Procedure, "the grounds for objecting to an interrogatory must be stated with

24  specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the

25  basis for an objection with specificity are routinely rejected in the Central District.

26  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

27  ("general or boilerplate objections such as 'overly burdensome and harassing' are

28  improper – especially when a party fails to submit any evidentiary declarations

1  supporting such objections"); <u>Walker v. Lakewood Condominium Owners Ass'n,</u>
2  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are
3  inadequate and tantamount to not making any objection at all").  To the extent that
4  Mattel is relying on its blanket objections, they are not sustainable and do not justify
5  Mattel's failure to respond.

6        Mattel also bases its refusal to respond on two equally unavailing
7  arguments with respect to the counting of interrogatories in an effort to avoid
8  responding to this and the other Interrogatories at Issue.  First, Mattel asserts a non-
9  existent discovery limitation applies such that each *side* in the litigation may only
10 serve 25 interrogatories.  This is the same argument that Mattel has made
11 unsuccessfully in the past.  <u>See</u> Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion
12 for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47
13 (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August
14 5, 2009).  While Mattel continues to assert this meritless objection rather than
15 responding to this interrogatory, Mattel cannot identify a single factual or legal basis
16 to support it.  To the contrary, Judge Larson has made clear that there is a "clean
17 slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson noted that
18 he has not placed any restrictions on discovery in Phase 2 other than those set by the
19 Rules of Civil Procedure.  <u>See</u> Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of
20 February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has ▮▮▮▮▮
21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
23 ▮▮▮▮▮▮▮▮▮▮▮▮  Molinski Decl., Ex. 8 at 168:23-35 (Order No. 46 dated
24 August 14, 2009).  Indeed in that same order, Discovery Master O'Brien noted that
25 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
26 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Molinski
27 Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009).  The ruling is
28 unsurprising as case law also supports this interpretation.  <u>See, e.g.,</u> St. Paul Fire and

1   Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.

2   Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking

3   down a local rule that allotted interrogatories on a "per side" basis); Missouri

4   Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

5   established a scheduling plan that maintained a distinction between interrogatory

6   limitations by "party" and deposition limitations by "side.").  Since this interrogatory

7   was propounded by MGA Entertainment (HK) and they have not propounded more

8   than 25 interrogatories, Mattel's objection should be overruled and Mattel must be

9   ordered to provide a substantive response.

10          To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit

11  is only entitled to propound 25 interrogatories, would produce a ludicrous result.

12  For example, under Mattel's reasoning all counsel, in a multi-defendant case where

13  each defendant is represented by their own counsel, all defendants' counsel would be

14  forced to agree on a single set of 25 interrogatories to propound on plaintiff.  Such

15  an irrational result is not the intent of Rule 33, nor the federal discovery statutes.  As

16  noted by Discovery Master O'Brien, ███████████████████████

17  ██████████████████████████████████████████

18  ███████████████████████████████  Molinski Decl., Ex. 8 at

19  171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is the right of

20  each party in a litigation to serve written discovery.  That the MGA parties happen

21  to be represented by the same counsel does not alter the analysis.  Each party must

22  be allowed to serve 25 interrogatories and Mattel must be compelled to answer

23  them.

24          Mattel's second counting argument is that this interrogatory is

25  impermissibly compound.  ███████████████████████

26  ██████████████████████████████████████████

27  ███████████████████████████████████████

28  █████████████████████████████  See Molinski Decl., Ex. 13 at 529

1    (Mattel's Motion for Protective Order dated June 29, 2009). ▮▮▮▮▮▮▮

2    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <u>See</u> Molinski Decl., Ex. 8 at

5    171:23-26 (Order No. 46 dated August 14, 2009). Even when an interrogatory

6    contains subparts, it is still considered a single interrogatory when it relates to a

7    common theme. <u>See</u> <u>Swackhammer v. Sprint Corp. PCS</u>, 225 F.R.D. 658, 664 (D.

8    Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

9    concerning a 'common theme' should generally be considered a single question.");

10    <u>see also</u> <u>Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh</u>, 2005 WL

11    318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question

12    regarding a common group of people" not compound (citing 8A Wright et al., Fed.

13    Prac. & Proc.: Civ. 2d § 2168.1, at 261)); <u>Clark v. Burlington Northern R.R.</u>, 113

14    F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single

15    question ... even though it may call for an answer containing several separate bits of

16    information, if there is a direct relationship between the various bits of information

17    called for.").

18         This interrogatory seeks a narrative concerning the facts Mattel claims

19    support their RICO claims against MGA Entertainment (HK). The request is

20    structured to aid Mattel in responding to the interrogatory and seeks only

21    information that a responding party would reasonably expect to receive in response,

22    even if the level of request detail were not included. Indeed, the basis of the entire

23    interrogatory is to seek information that will ultimately allow MGA to defend

24    against Mattel's RICO allegations and is crucial to that defense. As such, this

25    interrogatory should be counted as a single interrogatory and Mattel should be

26    ordered to respond.

27         In addition, Mattel's bare assertion that MGA has "purports to require

28    Mattel to summarize all facts on these subjects, despite defendants' own refusals to

07975/3132917.1

-24-

1  answer interrogatories with the same or comparable language" is not only

2  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

3  obligation to fully respond to the Interrogatories would be unaffected.

4          As to overbreadth, Mattel provides no explanation, let alone the

5  required particularity, as to why this interrogatory is supposedly overly broad, nor

6  can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118

7  (Order No. 17, dated April 14, 2009 (overruling objections not stated with

8  specificity)). To the contrary, the Interrogatory is narrowly tailored to seek

9  responses concerning facts regarding MGA Entertainment (HK) Limited's

10  participation in the conduct of the affairs of a RICO enterprise (as alleged in the

11  Counterclaims of the TAAC).

12          As to burden, Mattel has not attempted to demonstrate why responding

13  to this Interrogatory presents any burden. This objection must therefore be rejected.

14  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

15  1997) ("The party claiming that a discovery request is unduly burdensome must

16  allege specific facts which indicate the nature and extent of the burden, usually by

17  affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as

18  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

19  evidence.

20          This Interrogatory does not seek responses protected by the attorney-

21  client privilege, the attorney work product doctrine, or other applicable privileges.

22  To the extent that Mattel contends that it does, it does not excuse Mattel from

23  responding with any non-privileged information. Additionally, to the extent that

24  such privileged material exists, Mattel must provide a privilege log.

25          Mattel objects that the Interrogatory contains confidential and/or

26  proprietary information. A Protective Order exists in this case, obviating any

27  concern as to protection of privacy rights and/or commercially sensitive

28  information. Also, this Interrogatory does not seek information violative of any

07975/3132917.1

1  third party's rights of privacy.  The facts, persons, and documents responsive to this

2  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,

3  and as Mattel itself previously has argued, any privacy issues are fully addressed by

4  the Protective Order.

5            Further, the Interrogatory is entirely clear as to time – it refers to the

6  time frame as defined by Mattel's allegation and claim of RICO violation.  It seeks

7  any information on which Mattel plans to rely to prove those claims.  Mattel's

8  objection that this definition is vague and ambiguous as to time should therefore be

9  rejected.

10           In short, Mattel's objections are uniformly without merit and frivolous.

11  The Discovery Master should order Mattel to provide a substantive response to

12  Interrogatory No. 3 without objection.

13  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

14  **INTERROGATORY NO. 3 IS NOT WARRANTED**

15  <u>Defendants have exceeded their Phase 2 Interrogatory limit.</u>  Mattel hereby

16  incorporates by reference Argument § I of its Opposition.  For the reasons set forth

17  more fully in Argument § I of its Opposition, the Discovery Master should set the

18  interrogatory limit per side, as opposed to per party, consistent with the Court's

19  previous rulings in this case, applicable case law and basic fairness.[32]  Moreover, even

20  if a "per party" rule were to apply, MGA Hong Kong clearly has exceeded its limit of

21  25 interrogatories because it has served 25 separately-numbered interrogatories, many

22  of which are compound and address discrete issues.  <u>See</u> Argument §§ I.B and I.C of

23  Opposition.  If even one of its interrogatories is properly counted as more than one --

24  and virtually all count as far more than one in Mattel's view -- MGA Hong Kong has

25  exceeded any putative 25 interrogatory limit that applies to it.[33]

26  _____

27  [32]  <u>See</u> Opposition at Argument § I.

28  [33]  <u>See</u> Opposition at Argument § I.

1    **Interrogatory No. 3 is unduly burdensome because it requires Mattel to identify**

2    **"all" facts, persons and documents.** Mattel hereby incorporates by reference Argument

3    § II of its Opposition.  Consistent with the Discovery Master's prior rulings and

4    applicable case law, Interrogatory No. 3 is unduly burdensome to the extent it requires

5    Mattel to identify "all" facts, persons and documents.[34]  It also is unduly burdensome

6    because of the detailed litany of information it purports to require.

7    **Interrogatory No. 3 is unduly burdensome because it is cumulative of other**

8    **interrogatories served on Mattel.** Mattel hereby incorporates by reference Argument §

9    II.B. This interrogatory is simply an attempt to force Mattel to restate information that

10   it has already provided to Defendants.  For example, the interrogatory is cumulative of

11   the following interrogatories:

12   **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe

13   in detail the complete factual basis for YOUR COUNTERCLAIMS

14   including, without limitation all facts, DOCUMENTS, and witnesses that

15   REFER OR RELATE TO YOUR COUNTERCLAIMS.[35]

16   **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe

17   in detail any estimate or calculation of damage, loss, injury, or unjust

18   enrichment, by reason of any act or omission alleged in YOUR

19   COUNTERCLAIMS, that YOU have made or that has been made on

20   YOUR behalf or at YOUR request, including all facts, DOCUMENTS or

21   witnesses RELATING TO each estimate or calculation.[36]

22   **Interrogatory No. 5, MGA's First Set of Phase 2 Interrogatories:**

23   IDENTIFY ANY damages YOU contend YOU have suffered as a result

24   of the violation of the Racketeer Influenced and Corrupt Organization Act

25   ───────────────
     [34]   See Opposition at Argument § II.A.1.

26   [35]   See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory
     No. 28.

27   [36]   See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory

28   No. 29.

1     alleged by YOU in the Second Counterclaim of YOUR OPERATIVE

2     COUNTERCLAIMS in THIS ACTION.[37]

3     **Interrogatory No. 7, MGA's First Set of Phase 2 Interrogatories:**

4     IDENTIFY every MATTEL PRODUCT whose sales YOU contend were

5     harmed by MGA's sale of the Bratz line of dolls and products.[38]

6     **Interrogatory No. 8, MGA's First Set of Phase 2 Interrogatories:**

7     IDENTIFY every MATTEL PRODUCT whose sales YOU contend were

8     harmed by ANY act or omission of MGA alleged in YOU [sic]

9     OPERATIVE COUNTERCLAIMS.[39]

10     **Interrogatory No. 1, MGA's First Set of Interrogatories:** State all

11     facts, with particularity, and IDENTIFY all DOCUMENTS that support

12     YOUR contention, if YOU so contend, that YOU have suffered harm as a

13     result of any act or omission of MGA.[40]

14     **Interrogatory No. 2, MGA's First Set of Interrogatories:** IDENTIFY

15     all PERSONS with knowledge of each fact" "stated in response to

16     Interrogatory No. 1.[41]

17     **Interrogatory No. 3, MGA's First Set of Interrogatories:** State, with

18     particularity, the nature, amount, cause and calculation of every item of

19     YOUR alleged damages, including, without limitation, general, actual and

20     statutory damages, restitution, disgorgement of unlawful profits, lost

21     profits, lost payments, lost revenues, lost monies, lost royalties or license

22     fees, reputational harm, lost relationships, lost business opportunities,

---

[37]   See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 5.

[38]   See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 7.

[39]   See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 8.

[40]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 1.

[41]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 2.

1    interest, attorneys' fees, costs, expenses, and any other form of injury or

2    damage of quantifiable remedy that YOU seek to recover in this lawsuit.[42]

3    **Interrogatory No. 4, MGA's First Set of Interrogatories:** State all

4    facts, with particularity, and IDENTIFY all DOCUMENTS that support

5    YOUR contention, if YOU so contend, that YOU are entitled to

6    exemplary damages, attorneys' fees and costs.[43]

7    Interrogatory No. 3 is of limited benefit to MGA Hong Kong. Mattel hereby

8    incorporates by reference Argument § II.C. This interrogatory is of limited value to

9    MGA Hong Kong in that it is simply cumulative of other discovery, in particular

10   MGA's Interrogatory No. 28.

11   Mattel properly reserved its right to supplement its response based on facts

12   learned in the future and expert discovery. Mattel hereby incorporates by reference

13   Argument § III of its Opposition. To the extent the Interrogatory seeks information that

14   Mattel has not yet learned because of Defendants' obstructionism and information that

15   is the subject of expert discovery, Mattel properly reserved its right to supplement its

16   response based on any newly learned information and in accordance with the Rules and

17   Court Orders governing expert disclosures.[44]

18   Mattel properly reserved its privilege objection. Mattel hereby incorporates by

19   reference Argument § IV of its Opposition. To the extent the Interrogatory seeks

20   information protected by the attorney client privilege, Mattel timely objected to the

21   interrogatory and preserved its objection.[45]

22

23

24

25

26   [42] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 3.
     [43] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 4.
27   [44] See Opposition at Argument § III.
     [45] See Opposition at Argument § IV.
28

1 **INTERROGATORY NO. 4:**

2      As to each injury to its business or property which MATTEL claims
3 was proximately caused by the actions and/or omissions alleged in the Second and
4 Third Counterclaims of the TAAC:

5           (a)    state all facts regarding the precise nature and type of that injury;

6           (b)    state all facts regarding the RICO predicate act(s) and/or pattern
7 of racketeering that proximately caused that injury;

8           (c)    IDENTIFY which PERSONS employed by or associated with
9 which RICO enterprises committed the RICO predicate act(s) and/or pattern of
10 racketeering that proximately caused that injury;

11          (d)    state all facts regarding how MATTEL has calculated or
12 estimated the monetary damages for that injury (and if it has not, why not); and

13          (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of
14 the information requested in this Interrogatory.

15 **RESPONSE TO INTERROGATORY NO. 4:**

16      In addition to the general objections stated above, Mattel specifically
17 objects to this Interrogatory on the grounds that it is unreasonably burdensome,
18 overbroad, including in that it purports to require Mattel to summarize all facts on
19 these subjects, despite defendants' own refusals to answer interrogatories with the
20 same or comparable language and in conflict with the Court's Orders of February
21 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all
22 facts on these subjects. Mattel further objects to this Interrogatory on the grounds
23 that it calls for the disclosure of information subject to the attorney-client privilege,
24 the attorney work-product doctrine and other applicable privileges. Mattel further
25 objects to this Interrogatory on the grounds that it calls for the disclosure of
26 confidential and/or proprietary information, which Mattel will disclose only subject
27 to and in reliance upon the operative protective order. Mattel further objects to this
28 Interrogatory as compound and seeks to require Mattel to provide separate discrete

1  responses as "to each injury to its business or property which MATTEL claims was

2  proximately caused by the actions and/or omissions alleged in the Second and Third

3  Counterclaims of the TAAC." As such, the interrogatory is impermissibly

4  compound and causes the total number of interrogatories served during Phase 2

5  discovery to exceed the limits set by the Federal Rules of Civil Procedure and the

6  Court.

7  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

8  **INTERROGATORY NO. 4 SHOULD BE COMPELLED:**

9  Mattel has refused to provide answers in response to this Interrogatory,

10  subject to its improper boilerplate objections. Under the Federal Rules of Civil

11  Procedure, "the grounds for objecting to an interrogatory must be stated with

12  specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the

13  basis for an objection with specificity are routinely rejected in the Central District.

14  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

15  ("general or boilerplate objections such as 'overly burdensome and harassing' are

16  improper – especially when a party fails to submit any evidentiary declarations

17  supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

18  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

19  inadequate and tantamount to not making any objection at all"). To the extent that

20  Mattel is relying on its blanket objections, they are not sustainable and do not justify

21  Mattel's failure to respond.

22  Mattel also bases its refusal to respond on two equally unavailing

23  arguments with respect to the counting of interrogatories in an effort to avoid

24  responding to this and the other Interrogatories at Issue. First, Mattel asserts a non-

25  existent discovery limitation applies such that each **side** in the litigation may only

26  serve 25 interrogatories. This is the same argument that Mattel has made

27  unsuccessfully in the past. See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion

28  for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47

07975/3132917.1

1   (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August

2   5, 2009).  While Mattel continues to assert this meritless objection rather than

3   responding to this interrogatory, Mattel cannot identify a single factual or legal basis

4   to support it.  To the contrary, Judge Larson has made clear that there is a "clean

5   slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson noted that

6   he has not placed any restrictions on discovery in Phase 2 other than those set by the

7   Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of

8   February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien ███████████

9   ███████████████████████████████████████████████████████

10  ███████████████████████████████████████████████████████

11  ██████████████  Molinski Decl., Ex. 8 at 168:23-35 (Order No. 46 dated

12  August 14, 2009).  Indeed in that same order, Discovery Master O'Brien noted that

13  ███████████████████████████████████████████████████████

14  ███████████████████████████████████████████████  Molinski

15  Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009).  The ruling is

16  unsurprising as case law also supports this interpretation.  See, e.g., St. Paul Fire and

17  Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.

18  Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking

19  down a local rule that allotted interrogatories on a "per side" basis); Missouri

20  Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

21  established a scheduling plan that maintained a distinction between interrogatory

22  limitations by "party" and deposition limitations by "side.").  Since this interrogatory

23  was propounded by MGA Entertainment (HK) and they have not propounded more

24  than 25 interrogatories, Mattel's objection should be overruled and Mattel must be

25  ordered to provide a substantive response.

26        To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit

27  is only entitled to propound 25 interrogatories, would produce a ludicrous result.

28  For example, under Mattel's reasoning all counsel, in a multi-defendant case where

1  each defendant is represented by their own counsel, all defendants' counsel would be
2  forced to agree on a single set of 25 interrogatories to propound on plaintiff.  Such
3  an irrational result is not the intent of Rule 33, nor the federal discovery statutes.  As
4  noted by Discovery Master O'Brien, ███████████████████████████
5  ██████████████████████████████████████████████
6  ███████████████████████████████████  Molinski Decl., Ex. 8 at
7  171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is the right of
8  each party in a litigation to serve written discovery.  That the MGA parties happen
9  to be represented by the same counsel does not alter the analysis.  Each party must
10 be allowed to serve 25 interrogatories and Mattel must be compelled to answer
11 them.
12         Mattel's second counting argument is that this interrogatory is
13 impermissibly compound.  ███████████████████████████████
14 ██████████████████████████████████████████████
15 ██████████████████████████████████████████
16 ███████████████████████████  See Molinski Decl., Ex. 13 at 529
17 (Mattel's Motion for Protective Order dated June 29, 2009).  ███████████
18 ██████████████████████████████████████████████
19 ██████████████████████████████████████████
20 ████████████████████████████  See Molinski Decl., Ex. 8 at
21 171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory
22 contains subparts, it is still considered a single interrogatory when it relates to a
23 common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.
24 Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details
25 concerning a 'common theme' should generally be considered a single question.");
26 see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL
27 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question
28 regarding a common group of people" not compound (citing 8A Wright et al., Fed.

1  Prac. & Proc.: Civ. 2d § 2168.1, at 261)); <u>Clark v. Burlington Northern R.R.</u>, 113
2  F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single
3  question ... even though it may call for an answer containing several separate bits of
4  information, if there is a direct relationship between the various bits of information
5  called for.").

6           This interrogatory seeks a narrative concerning the facts supporting
7  damages, including the causation of those damages based on Mattel's allegations of
8  RICO violations.  The request is structured to aid Mattel in responding to the
9  interrogatory and seeks only information that a responding party would reasonably
10  expect to receive in response, even if the level of request detail were not included.
11  Indeed, the basis of the entire interrogatory is to seek information that will
12  ultimately allow MGA to defend against Mattel's RICO allegations and is crucial to
13  that defense.  As such, this interrogatory should be counted as a single interrogatory
14  and Mattel should be ordered to respond.

15           In addition, Mattel's bare assertion that MGA has "purports to require
16  Mattel to summarize all facts on these subjects, despite defendants' own refusals to
17  answer interrogatories with the same or comparable language" is not only
18  unsupported and false, but immaterial – if this were true (and it is not), Mattel's
19  obligation to fully respond to the Interrogatories would be unaffected.

20           As to overbreadth, Mattel provides no explanation, let alone the
21  required particularity, as to why this interrogatory is supposedly overly broad, nor
22  can it do so.  This objection is therefore improper.  <u>See</u> Molinski Decl., Ex. 5 at 118
23  (Order No. 17, dated April 14, 2009 (overruling objections not stated with
24  specificity)).  To the contrary, the Interrogatory is narrowly tailored to seek
25  responses concerning injury to its business or property which Mattel claims was
26  proximately caused by the actions and/or omissions alleged in the Second and Third
27  Counterclaims of the TAAC.

28

1    As to burden, Mattel has not attempted to demonstrate why responding

2  to this Interrogatory presents any burden. This objection must therefore be rejected.

3  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

4  1997) ("The party claiming that a discovery request is unduly burdensome must

5  allege specific facts which indicate the nature and extent of the burden, usually by

6  affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as

7  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

8  evidence.

9    This Interrogatory does not seek responses protected by the attorney-

10  client privilege, the attorney work product doctrine, or other applicable privileges.

11  To the extent that Mattel contends that it does, it does not excuse Mattel from

12  responding with any non-privileged information. Additionally, to the extent that

13  such privileged material exists, Mattel must provide a privilege log.

14    Mattel objects that the Interrogatory contains confidential and/or

15  proprietary information. A Protective Order exists in this case, obviating any

16  concern as to protection of privacy rights and/or commercially sensitive

17  information. Also, this Interrogatory does not seek information violative of any

18  third party's rights of privacy. The facts, persons, and documents responsive to this

19  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,

20  and as Mattel itself previously has argued, any privacy issues are fully addressed by

21  the Protective Order.

22    In short, Mattel's objections are uniformly without merit and frivolous.

23  The Discovery Master should order Mattel to provide a substantive response to

24  Interrogatory No. 4 without objection.

25  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

26  **INTERROGATORY NO. 4 IS NOT WARRANTED**

27    Defendants have exceeded their Phase 2 Interrogatory limit. Mattel hereby

28  incorporates by reference Argument § I of its Opposition. For the reasons set forth

1    more fully in Argument § I of its Opposition, the Discovery Master should set the
2    interrogatory limit per side, as opposed to per party, consistent with the Court's
3    previous rulings in this case, applicable case law and basic fairness.[46] Moreover, even
4    if a "per party" rule were to apply, MGA Hong Kong clearly has exceeded its limit of
5    25 interrogatories because it has served 25 separately-numbered interrogatories, many
6    of which are compound and address discrete issues. See Argument §§ I.B and I.C of
7    Opposition.  If even one of its interrogatories is properly counted as more than one --
8    and virtually all count as far more than one in Mattel's view -- MGA Hong Kong has
9    exceeded any putative 25 interrogatory limit that applies to it.[47]

10        Interrogatory No. 4 is compound.  Mattel hereby incorporates by reference
11   Argument §§ I.B and I.C of its Opposition.  Interrogatory No. 4 purports to require
12   Mattel to provide a particularized response regarding each injury resulting from each of
13   its 14 counterclaims.  For each such injury, of which there are many (as Mattel has
14   disclosed in other interrogatory responses), Interrogatory No. 4 requires Mattel to
15   address multiple subparts, including by providing "all facts" regarding the "precise
16   nature and type" of injury, "all facts" regarding the RICO predicate act or pattern of
17   racketeering that proximately caused each injury; identifying all persons who
18   committed the act or participated in the patter that proximately caused each injury, and
19   "all facts' as to how or why not Mattel has calculated damages from each injury.
20   Interrogatory No. 4 constitutes at least dozens of interrogatories.

21        Interrogatory No. 4 is unduly burdensome because it requires Mattel to identify
22   "all" facts, persons and documents.  Mattel hereby incorporates by reference Argument
23   § II of its Opposition.  Consistent with the Discovery Master's prior rulings and
24   applicable case law, Interrogatory No. 4 is unduly burdensome to the extent it requires
25
26
27   [46] See Opposition at Argument § I.
     [47] See Opposition at Argument § I.
28

07975/3132917.1

-36-

RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES

1   Mattel to identify "all" facts, persons and documents.[48]  It also is unduly burdensome

2   because of the detailed litany of information it purports to require.

3       MGA has previously blocked Mattel's discovery relating to "every RICO

4   predicate act."  Mattel hereby incorporates by reference Argument § II.A.  This

5   interrogatory seeks information relating to "every RICO predicate act" in spite of the

6   fact that MGA has successfully argued in the past that producing evidence relating to

7   every RICO predicate is unduly burdensome.  Based on such efforts by MGA, Mattel

8   has been unable to obtain information relating to "every RICO predicate act" and

9   should not have to produce such information.

10      Interrogatory No. 4 is unduly burdensome because it is cumulative of other

11  interrogatories served on Mattel.  Mattel hereby incorporates by reference Argument §

12  II.B.  This interrogatory is simply an attempt to force Mattel to restate information that

13  it has already provided to Defendants.  For example, the interrogatory is cumulative of

14  the following interrogatories:

15          **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe

16          in detail the complete factual basis for YOUR COUNTERCLAIMS

17          including, without limitation all facts, DOCUMENTS, and witnesses that

18          REFER OR RELATE TO YOUR COUNTERCLAIMS.[49]

19          **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe

20          in detail any estimate or calculation of damage, loss, injury, or unjust

21          enrichment, by reason of any act or omission alleged in YOUR

22          COUNTERCLAIMS, that YOU have made or that has been made on

23          YOUR behalf or at YOUR request, including all facts, DOCUMENTS or

24          witnesses RELATING TO each estimate or calculation.[50]

---

25  [48]  See Opposition at Argument § II.A.1.

26  [49]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory
        No. 28.

27  [50]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory
28      No. 29.

1    **Interrogatory No. 5, MGA's First Set of Phase 2 Interrogatories:**
2    IDENTIFY ANY damages YOU contend YOU have suffered as a result
3    of the violation of the Racketeer Influenced and Corrupt Organization Act
4    alleged by YOU in the Second Counterclaim of YOUR OPERATIVE
5    COUNTERCLAIMS in THIS ACTION. [51]

6    **Interrogatory No. 7, MGA's First Set of Phase 2 Interrogatories:**
7    IDENTIFY every MATTEL PRODUCT whose sales YOU contend were
8    harmed by MGA's sale of the Bratz line of dolls and products. [52]

9    **Interrogatory No. 8, MGA's First Set of Phase 2 Interrogatories:**
10   IDENTIFY every MATTEL PRODUCT whose sales YOU contend were
11   harmed by ANY act or omission of MGA alleged in YOU [sic]
12   OPERATIVE COUNTERCLAIMS. [53]

13   **Interrogatory No. 1, MGA's First Set of Interrogatories:** State all
14   facts, with particularity, and IDENTIFY all DOCUMENTS that support
15   YOUR contention, if YOU so contend, that YOU have suffered harm as a
16   result of any act or omission of MGA. [54]

17   **Interrogatory No. 2, MGA's First Set of Interrogatories:** IDENTIFY
18   all PERSONS with knowledge of each fact" "stated in response to
19   Interrogatory No. 1. [55]

20   **Interrogatory No. 3, MGA's First Set of Interrogatories:** State, with
21   particularity, the nature, amount, cause and calculation of every item of
22   YOUR alleged damages, including, without limitation, general, actual and

---

[51] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 5.
[52] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 7.
[53] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 8.
[54] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 1.
[55] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 2.

1    statutory damages, restitution, disgorgement of unlawful profits, lost

2    profits, lost payments, lost revenues, lost monies, lost royalties or license

3    fees, reputational harm, lost relationships, lost business opportunities,

4    interest, attorneys' fees, costs, expenses, and any other form of injury or

5    damage of quantifiable remedy that YOU seek to recover in this lawsuit.[56]

6    **Interrogatory No. 4, MGA's First Set of Interrogatories:** State all

7    facts, with particularity, and IDENTIFY all DOCUMENTS that support

8    YOUR contention, if YOU so contend, that YOU are entitled to

9    exemplary damages, attorneys' fees and costs.[57]

10   Interrogatory No. 4 is of limited benefit to MGA Hong Kong. Mattel hereby

11   incorporates by reference Argument § II.C. This interrogatory is of limited value to

12   MGA Hong Kong in that it seeks information far broader than information relating to

13   MGA Hong Kong and the claims and defenses related to MGA Hong Kong. First of

14   all, the Interrogatory seeks "all facts" relating to "each injury" Mattel claims was

15   proximately caused by any acts or omissions alleged in the Second and Third

16   Counterclaims of the TAAC. To the extent it seeks information well beyond any facts

17   related to MGA Hong Kong, MGA Hong Kong cannot realize any benefit from the

18   discovery. In addition, as shown above and in the Opposition, the Interrogatory seeks

19   information beyond what Mattel will need to prove at either summary judgment or trial

20   regarding its RICO claims.

21   Interrogatory 4 is overbroad in that it requires Mattel to "state all facts regarding

22   the RICO predicate acts. . . .that proximately caused that injury." Mattel hereby

23   incorporates by reference Argument § II.C of its Opposition. The interrogatory requires

24

25

26

---

27   [56]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 3.
28   [57]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 4.

1  Mattel to identify injury proximately caused from a specific predicate act;[58] however,

2  this showing is not required under the law.

3       Mattel properly reserved its right to supplement its response based on facts

4  learned in the future and expert discovery. Mattel hereby incorporates by reference

5  Argument § III of its Opposition. To the extent the Interrogatory seeks information that

6  Mattel has not yet learned because of Defendants' obstructionism and information that

7  is the subject of expert discovery, Mattel properly reserved its right to supplement its

8  response based on any newly learned information and in accordance with the Rules and

9  Court Orders governing expert disclosures.[59]

10      Mattel properly reserved its privilege objection. Mattel hereby incorporates by

11  reference Argument § IV of its Opposition. To the extent the Interrogatory seeks

12  information protected by the attorney client privilege, Mattel timely objected to the

13  interrogatory and preserved its objection.[60]

14  **INTERROGATORY NO. 5:**

15       As to each separate scheme or artifice to defraud underlying the Second

16  Counterclaim's allegations of mail and/or wire fraud (see, e.g., TR 137-39,

17  141(a),(b)), state all facts regarding:

18           (a)   the duration and goals of the scheme or artifice to defraud;

19           (b)   which PERSONS employed by or associated with which RICO

20  enterprises committed the mail and/or wire fraud;

21           (c)   to whom the scheme or artifice to defraud was directed;

22           (d)   the uses of the mails and/or wires that furthered the fraud;

23           (e)   the injuries to Mattel's business or property proximately caused

24  by the scheme or artifice to defraud;

---

25  [58]  See, e.g., MGA Hong Kong's Interrogatory No. 1, Molinski Dec., Exh. 1

26  (requesting that Mattel "state all facts regarding how that RICO predicate act proximately caused injury(s) to Mattel's business or property").

27  [59]  See Opposition at Argument § III.

28  [60]  See Opposition at Argument § IV.

1        (f)     how MATTEL has calculated or estimated the dollar value of

2 those injuries to Mattel's business or property (and if it has not, why not); and

3        (g)     IDENTIFY all PERSONS MATTEL believes have knowledge of

4 the information requested in this Interrogatory.

5 **RESPONSE TO INTERROGATORY NO. 5:**

6        In addition to the general objections stated above, Mattel specifically

7 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

8 overbroad, including in that it purports to require Mattel to summarize all facts on

9 these subjects, despite defendants' own refusals to answer interrogatories with the

10 same or comparable language and in conflict with the Court's Orders of February

11 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

12 facts on these subjects. Mattel further objects to this Interrogatory on the grounds

13 that it calls for the disclosure of information subject to the attorney-client privilege,

14 the attorney work-product doctrine and other applicable privileges. Mattel further

15 objects to this Interrogatory on the grounds that it calls for the disclosure of

16 confidential and/or proprietary information, which Mattel will disclose only subject

17 to and in reliance upon the operative protective order. Mattel further objects to this

18 Interrogatory as compound and seeks to require Mattel to provide separate discrete

19 responses as "to each separate scheme or artifice to defraud underlying the Second

20 Counterclaim's allegations of mail and/or wire fraud." As such, the interrogatory is

21 impermissibly compound and causes the total number of interrogatories served

22 during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil

23 Procedure and the Court.

24 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

25 **INTERROGATORY NO. 5 SHOULD BE COMPELLED:**

26        Mattel has refused to provide answers in response to this Interrogatory,

27 subject to its improper boilerplate objections. Under the Federal Rules of Civil

28 Procedure, "the grounds for objecting to an interrogatory must be stated with

1   specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

2   basis for an objection with specificity are routinely rejected in the Central District.

3   See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

4   ("general or boilerplate objections such as 'overly burdensome and harassing' are

5   improper – especially when a party fails to submit any evidentiary declarations

6   supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

7   186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

8   inadequate and tantamount to not making any objection at all").  To the extent that

9   Mattel is relying on its blanket objections, they are not sustainable and do not justify

10   Mattel's failure to respond.

11         Mattel also bases its refusal to respond on two equally unavailing

12   arguments with respect to the counting of interrogatories in an effort to avoid

13   responding to this and the other Interrogatories at Issue.  First, Mattel asserts a non-

14   existent discovery limitation applies such that each *side* in the litigation may only

15   serve 25 interrogatories.  This is the same argument that Mattel has made

16   unsuccessfully in the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion

17   for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47

18   (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August

19   5, 2009).  While Mattel continues to assert this meritless objection rather than

20   responding to this interrogatory, Mattel cannot identify a single factual or legal basis

21   to support it.  To the contrary, Judge Larson has made clear that there is a "clean

22   slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson noted that

23   he has not placed any restrictions on discovery in Phase 2 other than those set by the

24   Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of

25   February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has ███████

26   ████████████████████████████████████████████████

27   ████████████████████████████████████████████████

28   ████████████████    Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated

1 | August 14, 2009). Indeed in that same order, Discovery Master O'Brien noted that

2 | ███████████████████████████████████████████████████████

3 | █████████████████████████████████████████████ Molinski

4 | Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009). The ruling is

5 | unsurprising as case law also supports this interpretation. See, e.g., St. Paul Fire and

6 | Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.

7 | Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking

8 | down a local rule that allotted interrogatories on a "per side" basis); Missouri

9 | Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

10 | established a scheduling plan that maintained a distinction between interrogatory

11 | limitations by "party" and deposition limitations by "side."). Since this interrogatory

12 | was propounded by MGA Entertainment (HK) and they have not propounded more

13 | than 25 interrogatories, Mattel's objection should be overruled and Mattel must be

14 | ordered to provide a substantive response.

15 | To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit

16 | is only entitled to propound 25 interrogatories, would produce a ludicrous result.

17 | For example, under Mattel's reasoning all counsel, in a multi-defendant case where

18 | each defendant is represented by their own counsel, all defendants' counsel would be

19 | forced to agree on a single set of 25 interrogatories to propound on plaintiff. Such

20 | an irrational result is not the intent of Rule 33, nor the federal discovery statutes. As

21 | noted by Discovery Master O'Brien, ███████████████████████████

22 | ███████████████████████████████████████████████████████

23 | █████████████████████████████████████ Molinski Decl., Ex. 8 at

24 | 171:7-9 (Order No. 46 dated August 14, 2009). Within this policy is the right of

25 | each party in a litigation to serve written discovery. That the MGA parties happen

26 | to be represented by the same counsel does not alter the analysis. Each party must

27 | be allowed to serve 25 interrogatories and Mattel must be compelled to answer

28 | them.

1    Mattel's second counting argument is that this interrogatory is

2   impermissibly compound. ███████████████████████████████

3   ████████████████████████████████████████████████████████

4   ██████████████████████████████████████████████

5   ██████████████████████████████████   See Molinski Decl., Ex. 13 at 529

6   (Mattel's Motion for Protective Order dated June 29, 2009). ████████████

7   ████████████████████████████████████████████████████████

8   ████████████████████████████████████████████████████

9   ██████████████████████████████████████   See Molinski Decl., Ex. 8 at

10  171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

11  contains subparts, it is still considered a single interrogatory when it relates to a

12  common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

13  Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

14  concerning a 'common theme' should generally be considered a single question.");

15  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL

16  318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question

17  regarding a common group of people" not compound (citing 8A Wright et al., Fed.

18  Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113

19  F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single

20  question ... even though it may call for an answer containing several separate bits of

21  information, if there is a direct relationship between the various bits of information

22  called for.").

23    This interrogatory seeks a narrative concerning a common theme.  That

24  is, it seeks information concerning Mattel's allegations of mail and wire fraud as a

25  predicate act for Mattel's RICO claims.  The request is structured to aid Mattel in

26  responding to the interrogatory and seeks only information that a responding party

27  would reasonably expect to receive in response, even if the level of request detail

28  were not included.  Indeed, the basis of the entire interrogatory is to seek

1 | information that will ultimately allow MGA to defend against Mattel's RICO

2 | allegations and is crucial to that defense. As such, this interrogatory should be

3 | counted as a single interrogatory and Mattel should be ordered to respond.

4 | In addition, Mattel's bare assertion that MGA has "purports to require

5 | Mattel to summarize all facts on these subjects, despite defendants' own refusals to

6 | answer interrogatories with the same or comparable language" is not only

7 | unsupported and false, but immaterial – if this were true (and it is not), Mattel's

8 | obligation to fully respond to the Interrogatories would be unaffected.

9 | As to overbreadth, Mattel provides no explanation, let alone the

10 | required particularity, as to why this interrogatory is supposedly overly broad, nor

11 | can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118

12 | (Order No. 17, dated April 14, 2009 (overruling objections not stated with

13 | specificity)). To the contrary, the Interrogatory is narrowly tailored to seek

14 | responses concerning schemes and artifices to defraud that underlie Mattel's

15 | allegations of mail and/or wire fraud.

16 | As to burden, Mattel has not attempted to demonstrate why responding

17 | to this Interrogatory presents any burden. This objection must therefore be rejected.

18 | See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

19 | 1997) ("The party claiming that a discovery request is unduly burdensome must

20 | allege specific facts which indicate the nature and extent of the burden, usually by

21 | affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as

22 | noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

23 | evidence.

24 | This Interrogatory does not seek responses protected by the attorney-

25 | client privilege, the attorney work product doctrine, or other applicable privileges.

26 | To the extent that Mattel contends that it does, it does not excuse Mattel from

27 | responding with any non-privileged information. Additionally, to the extent that

28 | such privileged material exists, Mattel must provide a privilege log.

1  Mattel objects that the Interrogatory contains confidential and/or
2  proprietary information. A Protective Order exists in this case, obviating any
3  concern as to protection of privacy rights and/or commercially sensitive
4  information. Also, this Interrogatory does not seek information violative of any
5  third party's rights of privacy. The facts, persons, and documents responsive to this
6  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,
7  and as Mattel itself previously has argued, any privacy issues are fully addressed by
8  the Protective Order.

9  In short, Mattel's objections are uniformly without merit and frivolous.
10 The Discovery Master should order Mattel to provide a substantive response to
11 Interrogatory No. 5 without objection.

12 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
13 **INTERROGATORY NO. 5 IS NOT WARRANTED**

14 Defendants have exceeded their Phase 2 Interrogatory limit. Mattel hereby
15 incorporates by reference Argument § I of its Opposition. For the reasons set forth
16 more fully in Argument § I of its Opposition, the Discovery Master should set the
17 interrogatory limit per side, as opposed to per party, consistent with the Court's
18 previous rulings in this case, applicable case law and basic fairness.[61] Moreover, even
19 if a "per party" rule were to apply, MGA Hong Kong clearly has exceeded its limit of
20 25 interrogatories because it has served 25 separately-numbered interrogatories, many
21 of which are compound and address discrete issues. See Argument §§ I.B and I.C of
22 Opposition. If even one of its interrogatories is properly counted as more than one --
23 and virtually all count as far more than one in Mattel's view -- MGA Hong Kong has
24 exceeded any putative 25 interrogatory limit that applies to it.[62]

25
26
27 [61] See Opposition at Argument § I.
   [62] See Opposition at Argument § I.
28

RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES