1    **Interrogatory No. 5 is compound.**  Mattel hereby incorporates by reference

2    Argument §§ I.B and I.C. of its Opposition.  Interrogatory No. 5 addresses several

3    different factual matters -- the several schemes to defraud Mattel alleged in Mattel's

4    pleading[63] -- and both mail and wire fraud. Interrogatory No. 5 further requires Mattel

5    to state with respect to each scheme and both types of fraud "all facts" regarding six

6    different subparts: the duration and goals of each scheme; which persons employed by

7    the RICO enterprise committed the fraud; "to whom" each scheme was directed; how

8    the use of the mails or wires furthered the fraud; injuries proximately caused by the

9    scheme; and how Mattel calculated damages.   Accordingly, Interrogatory No. 5

10   constitutes easily more than 15 interrogatories.

11   **Interrogatory No. 5 is unduly burdensome because it requires Mattel to identify**

12   **"all" facts, persons and documents.**  Mattel hereby incorporates by reference Argument

13   § II of its Opposition.   Consistent with the Discovery Master's prior rulings and

14   applicable case law, Interrogatory No. 5 is unduly burdensome to the extent it requires

15   Mattel to identify "all" facts, persons and documents.[64]  It also is unduly burdensome

16   because of the detailed litany of information it purports to require.

17   **Interrogatory No. 5 is unduly burdensome because it is cumulative of other**

18   **interrogatories served on Mattel.**  Mattel hereby incorporates by reference Argument §

19   II.B. This interrogatory is simply an attempt to force Mattel to restate information that

20   it has already provided to Defendants.  For example, the interrogatory is cumulative of

21   the following interrogatories:

22       **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe

23       in detail the complete factual basis for YOUR COUNTERCLAIMS

24

25

26

---

27   [63] See TAAC ¶ 137-139.

28   [64] See Opposition at Argument § II.A.1.

1   including, without limitation all facts, DOCUMENTS, and witnesses that

2   REFER OR RELATE TO YOUR COUNTERCLAIMS. [65]

3   **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe

4   in detail any estimate or calculation of damage, loss, injury, or unjust

5   enrichment, by reason of any act or omission alleged in YOUR

6   COUNTERCLAIMS, that YOU have made or that has been made on

7   YOUR behalf or at YOUR request, including all facts, DOCUMENTS or

8   witnesses RELATING TO each estimate or calculation. [66]

9   **Interrogatory No. 5, MGA's First Set of Phase 2 Interrogatories:**

10  IDENTIFY ANY damages YOU contend YOU have suffered as a result

11  of the violation of the Racketeer Influenced and Corrupt Organization Act

12  alleged by YOU in the Second Counterclaim of YOUR OPERATIVE

13  COUNTERCLAIMS in THIS ACTION. [67]

14  **Interrogatory No. 7, MGA's First Set of Phase 2 Interrogatories:**

15  IDENTIFY every MATTEL PRODUCT whose sales YOU contend were

16  harmed by MGA's sale of the Bratz line of dolls and products. [68]

17  **Interrogatory No. 8, MGA's First Set of Phase 2 Interrogatories:**

18  IDENTIFY every MATTEL PRODUCT whose sales YOU contend were

19  harmed by ANY act or omission of MGA alleged in YOU [sic]

20  OPERATIVE COUNTERCLAIMS. [69]

21

22  [65] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory

23  No. 28.

24  [66] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 29.

25  [67] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 5.

26  [68] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 7.

27  [69] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 8.

28

1     **Interrogatory No. 1, MGA's First Set of Interrogatories:** State all

2     facts, with particularity, and IDENTIFY all DOCUMENTS that support

3     YOUR contention, if YOU so contend, that YOU have suffered harm as a

4     result of any act or omission of MGA.[70]

5     **Interrogatory No. 2, MGA's First Set of Interrogatories:** IDENTIFY

6     all PERSONS with knowledge of each fact" "stated in response to

7     Interrogatory No. 1.[71]

8     **Interrogatory No. 3, MGA's First Set of Interrogatories:** State, with

9     particularity, the nature, amount, cause and calculation of every item of

10     YOUR alleged damages, including, without limitation, general, actual and

11     statutory damages, restitution, disgorgement of unlawful profits, lost

12     profits, lost payments, lost revenues, lost monies, lost royalties or license

13     fees, reputational harm, lost relationships, lost business opportunities,

14     interest, attorneys' fees, costs, expenses, and any other form of injury or

15     damage of quantifiable remedy that YOU seek to recover in this lawsuit.[72]

16     **Interrogatory No. 4, MGA's First Set of Interrogatories:** State all

17     facts, with particularity, and IDENTIFY all DOCUMENTS that support

18     YOUR contention, if YOU so contend, that YOU are entitled to

19     exemplary damages, attorneys' fees and costs.[73]

20     <u>Interrogatory No. 5 is of limited benefit to MGA Hong Kong.</u> Mattel hereby

21 incorporates by reference Argument § II.C. This interrogatory is of limited value to

22 MGA Hong Kong in that it seeks information far broader than information relating to

23 MGA Hong Kong and the claims and defenses related to MGA Hong Kong. First of

24 all, the Interrogatory seeks a litany of information regarding "each separate scheme or

---

25 [70]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 1.

26 [71]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 2.

27 [72]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 3.

28 [73]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 4.

1 artifice to defraud underlying the Second Counterclaims' allegations of mail and/or

2 wire fraud." To the extent it seeks information well beyond any facts related to MGA

3 Hong Kong, MGA Hong Kong cannot realize any benefit from the discovery.

4     Mattel properly reserved its right to supplement its response based on facts

5 learned in the future and expert discovery. Mattel hereby incorporates by reference

6 Argument § III of its Opposition. To the extent the Interrogatory seeks information that

7 Mattel has not yet learned because of Defendants' obstructionism and information that

8 is the subject of expert discovery, Mattel properly reserved its right to supplement its

9 response based on any newly learned information and in accordance with the Rules and

10 Court Orders governing expert disclosures.[74]

11     Mattel properly reserved its privilege objection. Mattel hereby incorporates by

12 reference Argument § IV of its Opposition. To the extent the Interrogatory seeks

13 information protected by the attorney client privilege, Mattel timely objected to the

14 interrogatory and preserved its objection.[75]

15 **INTERROGATORY NO. 6:**

16     As to each misrepresentation or concealment underlying the Second

17 Counterclaim's allegations of mail and/or wire fraud (see, e.g., TT 137-39,

18 141(a),(b)), state all facts regarding:

19     (a)   the duration and goals of the mail and/or wire fraud based on that

20 misrepresentation or concealment;

21     (b)   which PERSONS employed by or associated with which RICO

22 enterprises committed that mail and/or wire fraud;

23     (c)   what facts or information were misrepresented or concealed;

24     (d)   when the facts or information were misrepresented or concealed;

25     (e)   who misrepresented or concealed the facts or information;

26

27 [74] See Opposition at Argument § III.
   [75] See Opposition at Argument § IV.

28

1    (f)    the factual and legal basis of the duties, if any, to disclose the

2  facts or information;

3    (g)    to whom the misrepresentation or concealment was directed;

4    (h)    who, if anyone, relied upon the misrepresentation or

5  concealment;

6    (i)    the uses of the mails and/or wires that furthered the mail and/or

7  wire fraud based on that misrepresentation or concealment;

8    (j)    the injuries to Mattel's business or property proximately caused

9  by the misrepresentation or concealment and/or the mail and/or wire fraud based on

10  that misrepresentation or concealment;

11    (k)    how MATTEL has calculated or estimated the dollar value of

12  those injuries to Mattel's business or property (and if it has not, why not); and

13    (l)    IDENTIFY all PERSONS MATTEL believes have knowledge of

14  the information requested in this Interrogatory.

15  **RESPONSE TO INTERROGATORY NO. 6:**

16    In addition to the general objections stated above, Mattel specifically

17  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

18  overbroad, including in that it purports to require Mattel to summarize all facts on

19  these subjects, despite defendants' own refusals to answer interrogatories with the

20  same or comparable language and in conflict with the Court's Orders of February

21  15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

22  facts on these subjects. Mattel further objects to this Interrogatory on the grounds

23  that it calls for the disclosure of information subject to the attorney-client privilege,

24  the attorney work-product doctrine and other applicable privileges. Mattel further

25  objects to this Interrogatory on the grounds that it calls for the disclosure of

26  confidential and/or proprietary information, which Mattel will disclose only subject

27  to and in reliance upon the operative protective order. Mattel further objects to this

28  Interrogatory as compound and seeks to require Mattel to provide separate discrete

1 responses as "to each misrepresentation or concealment underlying the Second

2 Counterclaim's allegations of mail and/or wire fraud." As such, the interrogatory is

3 impermissibly compound and causes the total number of interrogatories served

4 during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil

5 Procedure and the Court.

6 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

7 **INTERROGATORY NO. 6 SHOULD BE COMPELLED:**

8 Mattel has refused to provide answers in response to this Interrogatory,

9 subject to its improper boilerplate objections. Under the Federal Rules of Civil

10 Procedure, "the grounds for objecting to an interrogatory must be stated with

11 specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the

12 basis for an objection with specificity are routinely rejected in the Central District.

13 See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

14 ("general or boilerplate objections such as 'overly burdensome and harassing' are

15 improper – especially when a party fails to submit any evidentiary declarations

16 supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

17 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

18 inadequate and tantamount to not making any objection at all"). To the extent that

19 Mattel is relying on its blanket objections, they are not sustainable and do not justify

20 Mattel's failure to respond.

21 Mattel also bases its refusal to respond on two equally unavailing

22 arguments with respect to the counting of interrogatories in an effort to avoid

23 responding to this and the other Interrogatories at Issue. First, Mattel asserts a non-

24 existent discovery limitation applies such that each *side* in the litigation may only

25 serve 25 interrogatories. This is the same argument that Mattel has made

26 unsuccessfully in the past. See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion

27 for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47

28 (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August

1  5, 2009).  While Mattel continues to assert this meritless objection rather than

2  responding to this interrogatory, Mattel cannot identify a single factual or legal basis

3  to support it.  To the contrary, Judge Larson has made clear that there is a "clean

4  slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson noted that

5  he has not placed any restrictions on discovery in Phase 2 other than those set by the

6  Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of

7  February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has ██████████

8  ████████████████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████████████

10  ████████████████████  Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated

11  August 14, 2009).  Indeed in that same order, Discovery Master O'Brien noted that

12  ████████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████  Molinski

14  Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009).  The ruling is

15  unsurprising as case law also supports this interpretation.  See, e.g., St. Paul Fire and

16  Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.

17  Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking

18  down a local rule that allotted interrogatories on a "per side" basis); Missouri

19  Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

20  established a scheduling plan that maintained a distinction between interrogatory

21  limitations by "party" and deposition limitations by "side.").  Since this interrogatory

22  was propounded by MGA Entertainment (HK) and they have not propounded more

23  than 25 interrogatories, Mattel's objection should be overruled and Mattel must be

24  ordered to provide a substantive response.

25            To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit

26  is only entitled to propound 25 interrogatories, would produce a ludicrous result.

27  For example, under Mattel's reasoning all counsel, in a multi-defendant case where

28  each defendant is represented by their own counsel, all defendants' counsel would be

1 | forced to agree on a single set of 25 interrogatories to propound on plaintiff. Such

2 | an irrational result is not the intent of Rule 33, nor the federal discovery statutes. As

3 | noted by Discovery Master O'Brien, ████████████████████████████████

4 | ████████████████████████████████████████████████████████

5 | ████████████████████████████████ Molinsk Decl., Ex. 8 at

6 | 171:7-9 (Order No. 46 dated August 14, 2009). Within this policy the right of each

7 | party in a litigation to serve written discovery. That the MGA parties happen to be

8 | represented by the same counsel does not alter the analysis. Each party must be

9 | allowed to serve 25 interrogatories and Mattel must be compelled to answer them.

10 |        Mattel's second counting argument is that this interrogatory is

11 | impermissibly compound. ████████████████████████████████████

12 | ████████████████████████████████████████████████████████

13 | ████████████████████████████████████████████

14 | ████████████████████████████ See Molinski Decl., Ex. 13 at 5

15 | (Mattel's Motion for Protective Order dated June 29, 2009). ████████████████

16 | ████████████████████████████████████████████████████

17 | ████████████████████████████████████████████

18 | ████████████████████████████████ See Molinski Decl., Ex. 8 a

19 | 171:23-26 (Order No. 46 dated August 14, 2009). Even when an interrogatory

20 | contains subparts, it is still considered a single interrogatory when it relates to a

21 | common theme. See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D

22 | Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

23 | concerning a 'common theme' should generally be considered a single question."

24 | See also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL

25 | 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question

26 | regarding a common group of people" not compound (citing 8A Wright et al., Fed.

27 | Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113

28 | F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single

1  question ... even though it may call for an answer containing several separate bits of

2  information, if there is a direct relationship between the various bits of information

3  called for.").

4        This interrogatory seeks a narrative concerning a common theme. That

5  is, it seeks information concerning Mattel's allegations of mail and wire fraud as a

6  predicate act for Mattel's RICO claims. The request is structured to aid Mattel in

7  responding to the interrogatory and seeks only information that a responding party

8  would reasonably expect to receive in response, even if the level of request detail

9  were not included. Indeed, the basis of the entire interrogatory is to seek

10  information that will ultimately allow MGA to defend against Mattel's RICO

11  allegations and is crucial to that defense. As such, this interrogatory should be

12  counted as a single interrogatory and Mattel should be ordered to respond.

13        This interrogatory seeks a narrative concerning a common theme. That

14  is information concerning Mattel's allegations of a misrepresentation or concealment

15  as a predicate act for Mattel's RICO claims. Indeed, the entire interrogatory seeks

16  information that will ultimately allow MGA to defend against the claim and is

17  crucial to that defense. As such, this interrogatory should be counted as a single

18  interrogatory and Mattel should be ordered to respond.

19        In addition, Mattel's bare assertion that MGA has "purports to require

20  Mattel to summarize all facts on these subjects, despite defendants' own refusals to

21  answer interrogatories with the same or comparable language" is not only

22  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

23  obligation to fully respond to the Interrogatories would be unaffected.

24        As to overbreadth, Mattel provides no explanation, let alone the

25  required particularity, as to why this interrogatory is supposedly overly broad, nor

26  can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118

27  (Order No. 17, dated April 14, 2009 (overruling objections not stated with

28  specificity)). To the contrary, the Interrogatory is narrowly tailored to seek

1 responses concerning misrepresentations or concealment that underlie Mattel's
2 allegations of mail and/or wire fraud.

3      As to burden, Mattel has not attempted to demonstrate why responding
4 to this Interrogatory presents any burden. This objection must therefore be rejected.
5 See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.
6 1997) ("The party claiming that a discovery request is unduly burdensome must
7 allege specific facts which indicate the nature and extent of the burden, usually by
8 affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as
9 noted above, in that the Interrogatory is narrowly tailored to seek only discoverable
10 evidence.

11      This Interrogatory does not seek responses protected by the attorney-
12 client privilege, the attorney work product doctrine, or other applicable privileges.
13 To the extent that Mattel contends that it does, it does not excuse Mattel from
14 responding with any non-privileged information. Additionally, to the extent that
15 such privileged material exists, Mattel must provide a privilege log.

16      Mattel objects that the Interrogatory contains confidential and/or
17 proprietary information. A Protective Order exists in this case, obviating any
18 concern as to protection of privacy rights and/or commercially sensitive
19 information. Also, this Interrogatory does not seek information violative of any
20 third party's rights of privacy. The facts, persons, and documents responsive to this
21 Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,
22 and as Mattel itself previously has argued, any privacy issues are fully addressed by
23 the Protective Order.

24      In short, Mattel's objections are uniformly without merit and frivolous.
25 The Discovery Master should order Mattel to provide a substantive response to
26 Interrogatory No. 6 without objection.

27 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
28 **INTERROGATORY NO. 6 IS NOT WARRANTED**

1    <u>Defendants have exceeded their Phase 2 Interrogatory limit.</u>  Mattel hereby
2    incorporates by reference Argument § I of its Opposition.  For the reasons set forth
3    more fully in Argument § I of its Opposition, the Discovery Master should set the
4    interrogatory limit per side, as opposed to per party, consistent with the Court's
5    previous rulings in this case, applicable case law and basic fairness.[76]  Moreover, even
6    if a "per party" rule were to apply, MGA Hong Kong clearly has exceeded its limit of
7    25 interrogatories because it has served 25 separately-numbered interrogatories, many
8    of which are compound and address discrete issues.  <u>See</u> Argument §§ I.B and I.C of
9    Opposition.  If even one of its interrogatories is properly counted as more than one --
10   and virtually all count as far more than one in Mattel's view -- MGA Hong Kong has
11   exceeded any putative 25 interrogatory limit that applies to it.[77]

12   <u>Interrogatory No. 6 is compound.</u>  Mattel hereby incorporates by reference
13   Argument §§ I.B and I.C of its Opposition.  Interrogatory No. 6 addresses at least 10
14   distinct themes, two types of wrongful conduct (misrepresentations and concealments)
15   and multiple specific instances of misconduct.  Accordingly, Interrogatory No. 6
16   represents at least dozens of interrogatories.

17   <u>Interrogatory No. 6 is unduly burdensome because it requires Mattel to identify</u>
18   <u>"all" facts, persons and documents.</u>  Mattel hereby incorporates by reference Argument
19   § II of its Opposition.  Consistent with the Discovery Master's prior rulings and
20   applicable case law, Interrogatory No. 6 is unduly burdensome to the extent it requires
21   Mattel to identify "all" facts, persons and documents.[78]  It also is unduly burdensome
22   because of the detailed litany of information it purports to require.

23   <u>Interrogatory No. 6 is unduly burdensome because it is cumulative of other</u>
24   <u>interrogatories served on Mattel.</u>  Mattel hereby incorporates by reference Argument §
25   II.B.  This interrogatory is simply an attempt to force Mattel to restate information that

26   ─────────────
     [76] <u>See</u> Opposition at Argument § I.
27   [77] <u>See</u> Opposition at Argument § I.
28   [78] <u>See</u> Opposition at Argument § II.A.1.

1  it has already provided to Defendants.  For example, the interrogatory is cumulative of

2  the following interrogatories:

3      **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe

4      in detail the complete factual basis for YOUR COUNTERCLAIMS

5      including, without limitation all facts, DOCUMENTS, and witnesses that

6      REFER OR RELATE TO YOUR COUNTERCLAIMS. [79]

7      **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe

8      in detail any estimate or calculation of damage, loss, injury, or unjust

9      enrichment, by reason of any act or omission alleged in YOUR

10     COUNTERCLAIMS, that YOU have made or that has been made on

11     YOUR behalf or at YOUR request, including all facts, DOCUMENTS or

12     witnesses RELATING TO each estimate or calculation. [80]

13     **Interrogatory No. 5, MGA's First Set of Phase 2 Interrogatories:**

14     IDENTIFY ANY damages YOU contend YOU have suffered as a result

15     of the violation of the Racketeer Influenced and Corrupt Organization Act

16     alleged by YOU in the Second Counterclaim of YOUR OPERATIVE

17     COUNTERCLAIMS in THIS ACTION. [81]

18     **Interrogatory No. 1, MGA's First Set of Interrogatories:** State all

19     facts, with particularity, and IDENTIFY all DOCUMENTS that support

20     YOUR contention, if YOU so contend, that YOU have suffered harm as a

21     result of any act or omission of MGA.[82]

22

23

---

24  [79] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 28.

25  [80] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 29.

26  [81] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 5.

27  [82] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 1.

28

1  **Interrogatory No. 2, MGA's First Set of Interrogatories:** IDENTIFY
2  all PERSONS with knowledge of each fact" "stated in response to
3  Interrogatory No. 1.[83]

4  **Interrogatory No. 3, MGA's First Set of Interrogatories:** State, with
5  particularity, the nature, amount, cause and calculation of every item of
6  YOUR alleged damages, including, without limitation, general, actual and
7  statutory damages, restitution, disgorgement of unlawful profits, lost
8  profits, lost payments, lost revenues, lost monies, lost royalties or license
9  fees, reputational harm, lost relationships, lost business opportunities,
10  interest, attorneys' fees, costs, expenses, and any other form of injury or
11  damage of quantifiable remedy that YOU seek to recover in this lawsuit.[84]

12  **Interrogatory No. 4, MGA's First Set of Interrogatories:** State all
13  facts, with particularity, and IDENTIFY all DOCUMENTS that support
14  YOUR contention, if YOU so contend, that YOU are entitled to
15  exemplary damages, attorneys' fees and costs.[85]

16  <u>Interrogatory No. 6 is of limited benefit to MGA Hong Kong.</u>  Mattel hereby
17  incorporates by reference Argument § II.C. This interrogatory is of limited value to
18  MGA Hong Kong in that it seeks information far broader than information relating to
19  MGA Hong Kong and the claims and defenses related to MGA Hong Kong.  The
20  Interrogatory does not relate specifically to MGA Hong Kong, but rather relates
21  generally to allegations of mail and wire fraud.  To the extent it seeks information not
22  related to MGA Hong Kong, MGA Hong Kong cannot realize any benefit from the
23  discovery.

24  <u>Interrogatory 6 is overbroad in that it requires Mattel to "state all facts regarding</u>
25  <u>the injuries to Mattel's business or property proximately caused by [misrepresentations,</u>

---

26  [83]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 2.
27  [84]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 3.
28  [85]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 4.

1  concealments and acts of wire and mail fraud]." Mattel hereby incorporates by
2  reference Argument § II.C of its Opposition. The interrogatory requires Mattel to
3  identify injury proximately caused from a specific predicate act;[86] however, this
4  showing is not required under the law.

5      Mattel properly reserved its right to supplement its response based on facts
6  learned in the future and expert discovery. Mattel hereby incorporates by reference
7  Argument § III of its Opposition. To the extent the Interrogatory seeks information that
8  Mattel has not yet learned because of Defendants' obstructionism and information that
9  is the subject of expert discovery, Mattel properly reserved its right to supplement its
10 response based on any newly learned information and in accordance with the Rules and
11 Court Orders governing expert disclosures.[87]

12     Mattel properly reserved its privilege objection. Mattel hereby incorporates by
13 reference Argument § IV of its Opposition. To the extent the Interrogatory seeks
14 information protected by the attorney client privilege, Mattel timely objected to the
15 interrogatory and preserved its objection.[88]

16 **INTERROGATORY NO. 7:**

17     As to each RICO enterprise alleged in the Counterclaims of the TAAC,
18 state all facts regarding:

19     (a)   the purposes and goals of the enterprise;

20     (b)   the RICO predicate acts committed by the enterprise;

21     (c)   the duration of the enterprise; and

22     (d)   IDENTIFY all PERSONS MATTEL believes have knowledge of
23 the information requested in this Interrogatory.

24

---

25 [86] See, e.g., MGA Hong Kong's Interrogatory No. 1, Molinski Dec., Exh. 1
26 (requesting that Mattel "state all facts regarding how that RICO predicate act
   proximately caused injury(s) to Mattel's business or property").
27 [87] See Opposition at Argument § III.
   [88] See Opposition at Argument § IV.
28

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all facts on these subjects. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order. Mattel further objects to this Interrogatory as compound and seeks to require Mattel to provide separate discrete responses as "to each RICO enterprise alleged in the Counterclaims of the TAAC." As such, the interrogatory is impermissibly compound and causes the total number of interrogatories served during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure and the Court.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO INTERROGATORY NO. 7 SHOULD BE COMPELLED:**

Mattel has refused to provide answers in response to this Interrogatory, subject to its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "the grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ( "general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations

1  supporting such objections"); <u>Walker v. Lakewood Condominium Owners Ass'n,</u>
2  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are
3  inadequate and tantamount to not making any objection at all").  To the extent that
4  Mattel is relying on its blanket objections, they are not sustainable and do not justify
5  Mattel's failure to respond.

6          Mattel also bases its refusal to respond on two equally unavailing
7  arguments with respect to the counting of interrogatories in an effort to avoid
8  responding to this and the other Interrogatories at Issue.  First, Mattel asserts a non-
9  existent discovery limitation applies such that each ***side*** in the litigation may only
10 serve 25 interrogatories.  This is the same argument that Mattel has made
11 unsuccessfully in the past.  <u>See</u> Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion
12 for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47
13 (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August
14 5, 2009).  While Mattel continues to assert this meritless objection rather than
15 responding to this interrogatory, Mattel cannot identify a single factual or legal basis
16 to support it.  To the contrary, Judge Larson has made clear that there is a "clean
17 slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson noted that
18 he has not placed any restrictions on discovery in Phase 2 other than those set by the
19 Rules of Civil Procedure.  <u>See</u> Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of
20 February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has ███████
21 ████████████████████████████████████████████████████████
22 ████████████████████████████████████████████████████
23 ███████████████████████  Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated
24 August 14, 2009).  Indeed in that same order, Discovery Master O'Brien noted that
25 ████████████████████████████████████████████████████████
26 ██████████████████████████████████████████████████  Molinski
27 Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009).  The ruling is
28 unsurprising as case law also supports this interpretation.  <u>See, e.g.,</u> <u>St. Paul Fire and</u>

1 | <u>Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP</u>, 217 F.R.D. 288, 289 (D.
2 | Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking
3 | down a local rule that allotted interrogatories on a "per side" basis); <u>Missouri</u>
4 | <u>Republican Party v. Lamb</u>, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court
5 | established a scheduling plan that maintained a distinction between interrogatory
6 | limitations by "party" and deposition limitations by "side."). Since this interrogatory
7 | was propounded by MGA Entertainment (HK) and they have not propounded more
8 | than 25 interrogatories, Mattel's objection should be overruled and Mattel must be
9 | ordered to provide a substantive response.

10 |      To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit
11 | is only entitled to propound 25 interrogatories, would produce a ludicrous result.
12 | For example, under Mattel's reasoning all counsel, in a multi-defendant case where
13 | each defendant is represented by their own counsel, all defendants' counsel would be
14 | forced to agree on a single set of 25 interrogatories to propound on plaintiff. Such
15 | an irrational result is not the intent of Rule 33, nor the federal discovery statutes. As
16 | noted by Discovery Master O'Brien, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
17 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
18 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Molinski Decl., Ex. 8 at
19 | 171:7-9 (Order No. 46 dated August 14, 2009). Within this policy is the right of
20 | each party in a litigation to serve written discovery. That the MGA parties happen
21 | to be represented by the same counsel does not alter the analysis. Each party must
22 | be allowed to serve 25 interrogatories and Mattel must be compelled to answer
23 | them.

24 |      Mattel's second counting argument is that this interrogatory is
25 | impermissibly compound. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
26 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
27 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
28 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <u>See</u> Molinski Decl., Ex. 13 at 529

1  (Mattel's Motion for Protective Order dated June 29, 2009). ██████████████

2  ████████████████████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████████████████████

4  ██████████████████████████████████████ See Molinski Decl., Ex. 8 at

5  171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

6  contains subparts, it is still considered a single interrogatory when it relates to a

7  common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

8  Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

9  concerning a 'common theme' should generally be considered a single question.");

10  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL

11  318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question

12  regarding a common group of people" not compound (citing 8A Wright et al., Fed.

13  Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113

14  F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single

15  question ... even though it may call for an answer containing several separate bits of

16  information, if there is a direct relationship between the various bits of information

17  called for.").

18        This interrogatory seeks a narrative concerning a common theme.  That

19  is, it seeks information concerning Mattel's allegations of a RICO enterprise.  The

20  request is structured to aid Mattel in responding to the interrogatory and seeks only

21  information that a responding party would reasonably expect to receive in response,

22  even if the level of request detail were not included.  Indeed, the basis of the entire

23  interrogatory is to seek information that will ultimately allow MGA to defend

24  against Mattel's RICO allegations and is crucial to that defense.  As such, this

25  interrogatory should be counted as a single interrogatory and Mattel should be

26  ordered to respond.

27        In addition, Mattel's bare assertion that MGA has "purports to require

28  Mattel to summarize all facts on these subjects, despite defendants' own refusals to

-64-

1 answer interrogatories with the same or comparable language" is not only
2 unsupported and false, but immaterial – if this were true (and it is not), Mattel's
3 obligation to fully respond to the Interrogatories would be unaffected.

4        As to overbreadth, Mattel provides no explanation, let alone the
5 required particularity, as to why this interrogatory is supposedly overly broad, nor
6 can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118
7 (Order No. 17, dated April 14, 2009 (overruling objections not stated with
8 specificity)). To the contrary, the Interrogatory is narrowly tailored to seek
9 responses concerning Mattel's claim of RICO violation alleged in the Counterclaims
10 of the TAAC.

11        As to burden, Mattel has not attempted to demonstrate why responding
12 to this Interrogatory presents any burden. This objection must therefore be rejected.
13 See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.
14 1997) ("The party claiming that a discovery request is unduly burdensome must
15 allege specific facts which indicate the nature and extent of the burden, usually by
16 affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as
17 noted above, in that the Interrogatory is narrowly tailored to seek only discoverable
18 evidence.

19        This Interrogatory does not seek responses protected by the attorney-
20 client privilege, the attorney work product doctrine, or other applicable privileges.
21 To the extent that Mattel contends that it does, it does not excuse Mattel from
22 responding with any non-privileged information. Additionally, to the extent that
23 such privileged material exists, Mattel must provide a privilege log.

24        Mattel objects that the Interrogatory contains confidential and/or
25 proprietary information. A Protective Order exists in this case, obviating any
26 concern as to protection of privacy rights and/or commercially sensitive
27 information. Also, this Interrogatory does not seek information violative of any
28 third party's rights of privacy. The facts, persons, and documents responsive to this

1  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,

2  and as Mattel itself previously has argued, any privacy issues are fully addressed by

3  the Protective Order.

4          In short, Mattel's objections are uniformly without merit and frivolous.

5  The Discovery Master should order Mattel to provide a substantive response to

6  Interrogatory No. 7 without objection.

7  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

8  **INTERROGATORY NO. 7 IS NOT WARRANTED**

9      Defendants have exceeded their Phase 2 Interrogatory limit. Mattel hereby

10  incorporates by reference Argument § I of its Opposition. For the reasons set forth

11  more fully in Argument § I of its Opposition, the Discovery Master should set the

12  interrogatory limit per side, as opposed to per party, consistent with the Court's

13  previous rulings in this case, applicable case law and basic fairness.[89] Moreover, even

14  if a "per party" rule were to apply, MGA Hong Kong clearly has exceeded its limit of

15  25 interrogatories because it has served 25 separately-numbered interrogatories, many

16  of which are compound and address discrete issues. See Argument §§ I.B and I.C of

17  Opposition. If even one of its interrogatories is properly counted as more than one --

18  and virtually all count as far more than one in Mattel's view -- MGA Hong Kong has

19  exceeded any putative 25 interrogatory limit that applies to it.[90]

20      Interrogatory No. 7 is compound. Mattel hereby incorporates by reference

21  Argument §§ I.B and I.C of its Opposition. Interrogatory No. 7 addresses "each RICO

22  enterprise" alleged in the TAAC. The TAAC alleges three separate RICO enterprises.

23  Accordingly, Interrogatory No. 7 represents three interrogatories.

24      Interrogatory No. 7 is unduly burdensome because it requires Mattel to identify

25  "all" facts, persons and documents. Mattel hereby incorporates by reference Argument

26

27  [89] See Opposition at Argument § I.
28  [90] See Opposition at Argument § I.

RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES

1 § II of its Opposition.  Consistent with the Discovery Master's prior rulings and
2 applicable case law, Interrogatory No. 7 is unduly burdensome to the extent it requires
3 Mattel to identify "all" facts, persons and documents.[91]  It also is unduly burdensome
4 because of the detailed litany of information it purports to require.

5     Interrogatory No. 7 is unduly burdensome because it is cumulative of other
6 interrogatories served on Mattel.  Mattel hereby incorporates by reference Argument §
7 II.B. This interrogatory is simply an attempt to force Mattel to restate information that
8 it has already provided to Defendants.  For example, the interrogatory is cumulative of
9 the following interrogatories:

10     **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe
11     in detail the complete factual basis for YOUR COUNTERCLAIMS
12     including, without limitation all facts, DOCUMENTS, and witnesses that
13     REFER OR RELATE TO YOUR COUNTERCLAIMS.[92]

14     **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe
15     in detail any estimate or calculation of damage, loss, injury, or unjust
16     enrichment, by reason of any act or omission alleged in YOUR
17     COUNTERCLAIMS, that YOU have made or that has been made on
18     YOUR behalf or at YOUR request, including all facts, DOCUMENTS or
19     witnesses RELATING TO each estimate or calculation.[93]

20     **Interrogatory No. 5, MGA's First Set of Phase 2 Interrogatories:**
21     IDENTIFY ANY damages YOU contend YOU have suffered as a result
22     of the violation of the Racketeer Influenced and Corrupt Organization Act

---

[91]  See Opposition at Argument § II.A.1.
[92]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 28.
[93]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 29.

alleged by YOU in the Second Counterclaim of YOUR OPERATIVE COUNTERCLAIMS in THIS ACTION. [94]

**Interrogatory No. 1, MGA's First Set of Interrogatories:** State all facts, with particularity, and IDENTIFY all DOCUMENTS that support YOUR contention, if YOU so contend, that YOU have suffered harm as a result of any act or omission of MGA.[95]

**Interrogatory No. 2, MGA's First Set of Interrogatories:** IDENTIFY all PERSONS with knowledge of each fact" "stated in response to Interrogatory No. 1.[96]

**Interrogatory No. 3, MGA's First Set of Interrogatories:** State, with particularity, the nature, amount, cause and calculation of every item of YOUR alleged damages, including, without limitation, general, actual and statutory damages, restitution, disgorgement of unlawful profits, lost profits, lost payments, lost revenues, lost monies, lost royalties or license fees, reputational harm, lost relationships, lost business opportunities, interest, attorneys' fees, costs, expenses, and any other form of injury or damage of quantifiable remedy that YOU seek to recover in this lawsuit.[97]

**Interrogatory No. 4, MGA's First Set of Interrogatories:** State all facts, with particularity, and IDENTIFY all DOCUMENTS that support YOUR contention, if YOU so contend, that YOU are entitled to exemplary damages, attorneys' fees and costs.[98]

<u>Interrogatory No. 7 is of limited benefit to MGA Hong Kong.</u> Mattel hereby incorporates by reference Argument § II.C. This interrogatory is of limited value to

---

[94] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 5.
[95] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 1.
[96] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 2.
[97] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 3.
[98] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 4.

1 | MGA Hong Kong in that it seeks information far broader than information relating to
2 | MGA Hong Kong and the claims and defenses related to MGA Hong Kong.   The
3 | Interrogatory relates generally to "each RICO enterprise" alleged in the TAAC and is
4 | not limited to those enterprises in which MGA Hong Kong participated. To the extent
5 | it seeks information not related to MGA Hong Kong, MGA Hong Kong cannot realize
6 | any benefit from the discovery.

7 |      <u>Mattel properly reserved its right to supplement its response based on facts</u>
8 | <u>learned in the future and expert discovery.</u> Mattel hereby incorporates by reference
9 | Argument § III of its Opposition. To the extent the Interrogatory seeks information that
10 | Mattel has not yet learned because of Defendants' obstructionism and information that
11 | is the subject of expert discovery, Mattel properly reserved its right to supplement its
12 | response based on any newly learned information and in accordance with the Rules and
13 | Court Orders governing expert disclosures.[99]

14 |      <u>Mattel properly reserved its privilege objection.</u> Mattel hereby incorporates by
15 | reference Argument § IV of its Opposition.  To the extent the Interrogatory seeks
16 | information protected by the attorney client privilege, Mattel timely objected to the
17 | interrogatory and preserved its objection.[100]

18 | **INTERROGATORY NO. 8:**

19 |      As to each RICO conspiracy alleged in the Third Counterclaim of the
20 | TAAC, state all facts regarding:

21 |      (a)   the co-conspirators of the conspiracy;

22 |      (b)   the purposes and goals of the conspiracy;

23 |      (c)   the overt acts committed in furtherance of the conspiracy;

24 |      (d)   when and how the co-conspirators demonstrated their agreement
25 | to join the conspiracy; and

26

27 | [99] <u>See</u> Opposition at Argument § III.
   | [100] <u>See</u> Opposition at Argument § IV.
28

1         (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

2  the information requested in this Interrogatory.

3  **RESPONSE TO INTERROGATORY NO. 8:**

4         In addition to the general objections stated above, Mattel specifically

5  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

6  overbroad, including in that it purports to require Mattel to summarize all facts on

7  these subjects, despite defendants' own refusals to answer interrogatories with the

8  same or comparable language and in conflict with the Court's Orders of February

9  15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

10 facts on these subjects. Mattel further objects to this Interrogatory on the grounds

11 that it calls for the disclosure of information subject to the attorney-client privilege,

12 the attorney work-product doctrine and other applicable privileges. Mattel further

13 objects to this Interrogatory on the grounds that it calls for the disclosure of

14 confidential and/or proprietary information, which Mattel will disclose only subject

15 to and in reliance upon the operative protective order. Mattel further objects to this

16 Interrogatory as compound and seeks to require Mattel to provide separate discrete

17 responses as "to each RICO conspiracy alleged in the Third Counterclaim of the

18 TAAC." As such, the interrogatory is impermissibly compound and causes the total

19 number of interrogatories served during Phase 2 discovery to exceed the limits set

20 by the Federal Rules of Civil Procedure and the Court.

21 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

22 **INTERROGATORY NO. 8 SHOULD BE COMPELLED:**

23        Mattel has refused to provide answers in response to this Interrogatory,

24 subject to its improper boilerplate objections. Under the Federal Rules of Civil

25 Procedure, "the grounds for objecting to an interrogatory must be stated with

26 specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the

27 basis for an objection with specificity are routinely rejected in the Central District.

28 See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

1  ("general or boilerplate objections such as 'overly burdensome and harassing' are

2  improper – especially when a party fails to submit any evidentiary declarations

3  supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

4  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

5  inadequate and tantamount to not making any objection at all").  To the extent that

6  Mattel is relying on its blanket objections, they are not sustainable and do not justify

7  Mattel's failure to respond.

8           Mattel also bases its refusal to respond on two equally unavailing

9  arguments with respect to the counting of interrogatories in an effort to avoid

10 responding to this and the other Interrogatories at Issue.  First, Mattel asserts a non-

11 existent discovery limitation applies such that each *side* in the litigation may only

12 serve 25 interrogatories.  This is the same argument that Mattel has made

13 unsuccessfully in the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion

14 for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47

15 (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August

16 5, 2009).  While Mattel continues to assert this meritless objection rather than

17 responding to this interrogatory, Mattel cannot identify a single factual or legal basis

18 to support it.  To the contrary, Judge Larson has made clear that there is a "clean

19 slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson noted that

20 he has not placed any restrictions on discovery in Phase 2 other than those set by the

21 Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of

22 February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has ██████████

23 ████████████████████████████████████████████████████

24 ████████████████████████████████████████████████████

25 ██████████████  Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated

26 August 14, 2009).  Indeed in that same order, Discovery Master O'Brien noted that

27 ████████████████████████████████████████████████████

28 ████████████████████████████████████████████  Molinski

07975/3132917.1

-71-

1  Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009).  The ruling is

2  unsurprising as case law also supports this interpretation.  See, e.g., St. Paul Fire and

3  Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.

4  Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking

5  down a local rule that allotted interrogatories on a "per side" basis); Missouri

6  Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

7  established a scheduling plan that maintained a distinction between interrogatory

8  limitations by "party" and deposition limitations by "side.").  Since this interrogatory

9  was propounded by MGA Entertainment (HK) and they have not propounded more

10  than 25 interrogatories, Mattel's objection should be overruled and Mattel must be

11  ordered to provide a substantive response.

12          To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit

13  is only entitled to propound 25 interrogatories, would produce a ludicrous result.

14  For example, under Mattel's reasoning all counsel, in a multi-defendant case where

15  each defendant is represented by their own counsel, all defendants' counsel would be

16  forced to agree on a single set of 25 interrogatories to propound on plaintiff.  Such

17  an irrational result is not the intent of Rule 33, nor the federal discovery statutes.  As

18  noted by Discovery Master O'Brien, ███████████████████████████

19  ████████████████████████████████████████████████████

20  █████████████████████████████████  Molinski Decl., Ex. 8 at

21  171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is the right of

22  each party in a litigation to serve written discovery.  That the MGA parties happen

23  to be represented by the same counsel does not alter the analysis.  Each party must

24  be allowed to serve 25 interrogatories and Mattel must be compelled to answer

25  them.

26          Mattel's second counting argument is that this interrogatory is

27  impermissibly compound. ███████████████████████████████

28  ████████████████████████████████████████████████████

1 ████████████████████████████████████████████████████

2 ██████████████████████████████ <u>See</u> Molinski Decl., Ex. 13 at 529

3 (Mattel's Motion for Protective Order dated June 29, 2009). ████████████

4 █████████████████████████████████████████████████████

5 █████████████████████████████████████████████████████

6 ████████████████████████████████████ <u>See</u> Molinski Decl., Ex. 8 at

7 171:23-26 (Order No. 46 dated August 14, 2009). Even when an interrogatory

8 contains subparts, it is still considered a single interrogatory when it relates to a

9 common theme. <u>See</u> <u>Swackhammer v. Sprint Corp. PCS</u>, 225 F.R.D. 658, 664 (D.

10 Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

11 concerning a 'common theme' should generally be considered a single question.");

12 <u>see also</u> <u>Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh,</u> 2005 WL

13 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question

14 regarding a common group of people" not compound (citing 8A Wright et al., Fed.

15 Prac. & Proc.: Civ. 2d § 2168.1, at 261)); <u>Clark v. Burlington Northern R.R.</u>, 113

16 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single

17 question ... even though it may call for an answer containing several separate bits of

18 information, if there is a direct relationship between the various bits of information

19 called for.").

20           This interrogatory seeks a narrative concerning a common theme. That

21 is, it seeks information concerning Mattel's allegations of a conspiracy to commit

22 RICO violations. The request is structured to aid Mattel in responding to the

23 interrogatory and seeks only information that a responding party would reasonably

24 expect to receive in response, even if the level of request detail were not included.

25 Indeed, the basis of the entire interrogatory is to seek information that will

26 ultimately allow MGA to defend against Mattel's RICO allegations and is crucial to

27 that defense. As such, this interrogatory should be counted as a single interrogatory

28 and Mattel should be ordered to respond.

1    In addition, Mattel's bare assertion that MGA has "purports to require

2  Mattel to summarize all facts on these subjects, despite defendants' own refusals to

3  answer interrogatories with the same or comparable language" is not only

4  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

5  obligation to fully respond to the Interrogatories would be unaffected.

6    As to overbreadth, Mattel provides no explanation, let alone the

7  required particularity, as to why this interrogatory is supposedly overly broad, nor

8  can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118

9  (Order No. 17, dated April 14, 2009 (overruling objections not stated with

10  specificity)). To the contrary, the Interrogatory is narrowly tailored to seek

11  responses concerning Mattel's claim of RICO conspiracy as alleged in the Third

12  Counterclaim of the TAAC.

13    As to burden, Mattel has not attempted to demonstrate why responding

14  to this Interrogatory presents any burden. This objection must therefore be rejected.

15  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

16  1997) ("The party claiming that a discovery request is unduly burdensome must

17  allege specific facts which indicate the nature and extent of the burden, usually by

18  affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as

19  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

20  evidence.

21    This Interrogatory does not seek responses protected by the attorney-

22  client privilege, the attorney work product doctrine, or other applicable privileges.

23  To the extent that Mattel contends that it does, it does not excuse Mattel from

24  responding with any non-privileged information. Additionally, to the extent that

25  such privileged material exists, Mattel must provide a privilege log.

26    Mattel objects that the Interrogatory contains confidential and/or

27  proprietary information. A Protective Order exists in this case, obviating any

28  concern as to protection of privacy rights and/or commercially sensitive

1 information.  Also, this Interrogatory does not seek information violative of any
2 third party's rights of privacy.  The facts, persons, and documents responsive to this
3 Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,
4 and as Mattel itself previously has argued, any privacy issues are fully addressed by
5 the Protective Order.

6       In short, Mattel's objections are uniformly without merit and frivolous.
7 The Discovery Master should order Mattel to provide a substantive response to
8 Interrogatory No. 8 without objection.

9 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
10 **INTERROGATORY NO. 8 IS NOT WARRANTED**

11       Defendants have exceeded their Phase 2 Interrogatory limit.  Mattel hereby
12 incorporates by reference Argument § I of its Opposition.  For the reasons set forth
13 more fully in Argument § I of its Opposition, the Discovery Master should set the
14 interrogatory limit per side, as opposed to per party, consistent with the Court's
15 previous rulings in this case, applicable case law and basic fairness.[101]  Moreover, even
16 if a "per party" rule were to apply, MGA Hong Kong clearly has exceeded its limit of
17 25 interrogatories because it has served 25 separately-numbered interrogatories, many
18 of which are compound and address discrete issues.  See Argument §§ I.B and I.C of
19 Opposition.  If even one of its interrogatories is properly counted as more than one --
20 and virtually all count as far more than one in Mattel's view -- MGA Hong Kong has
21 exceeded any putative 25 interrogatory limit that applies to it.[102]

22       Interrogatory No. 8 is compound.  Mattel hereby incorporates by reference
23 Argument §§ I.B and I.C of its Opposition.  Interrogatory No. 8 addresses "each RICO
24 conspiracy" alleged in the TAAC, of which there are several, and purports to require

25
26

27 [101]  See Opposition at Argument § I.
   [102]  See Opposition at Argument § I.
28

1    Mattel to address discrete issues as to each.   Accordingly, Interrogatory No. 8
2    represents multiple interrogatories.

3        Interrogatory No. 8 is unduly burdensome because it requires Mattel to identify
4    "all" facts, persons and documents. Mattel hereby incorporates by reference Argument
5    § II of its Opposition.   Consistent with the Discovery Master's prior rulings and
6    applicable case law, Interrogatory No. 8 is unduly burdensome to the extent it requires
7    Mattel to identify "all" facts, persons and documents.[103]   It also is unduly burdensome
8    because of the detailed litany of information it purports to require.

9        Interrogatory No. 8 is unduly burdensome because it is cumulative of other
10   interrogatories served on Mattel. Mattel hereby incorporates by reference Argument §
11   II.B. This interrogatory is simply an attempt to force Mattel to restate information that
12   it has already provided to Defendants. For example, the interrogatory is cumulative of
13   the following interrogatories:

14           **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe
15               in detail the complete factual basis for YOUR COUNTERCLAIMS
16               including, without limitation all facts, DOCUMENTS, and witnesses that
17               REFER OR RELATE TO YOUR COUNTERCLAIMS.[104]

18       Mattel has devoted hundreds of hours to preparing answers and supplemental
19   answers to the interrogatories above[105] and served more than a thousand pages of
20   interrogatory responses to date.[106]   However, the MGA Parties would have Mattel
21   prepare and serve answers to interrogatories, including Interrogatory No. 8, that are
22   cumulative of those already answered. Rewriting responses to interrogatories is not a
23   simple task: it will require Mattel attorneys to go through prior responses and pick

24   ─────────────────────
[103]   See Opposition at Argument § II.A.1.
25   [104]   See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory
26   No. 28.
     [105]   Searcy Dec. ¶ 3.
27   [106]   See Mattel's Responses and Supplemental Responses, Searcy Dec., Exhs. 16-
28   21, 14.

1  which information is responsive to the interrogatory, as well as looking through
2  documents and other materials, even though this material has already been provided to
3  MGA.[107]  Providing this same information will require thousands of hours of attorney
4  time.[108]  If anyone is to repackage all of this prior information, however, it is MGA, not
5  Mattel. Mattel should not be forced to consolidate prior materials just because MGA's
6  latest attorneys do not wish to do so.

7       Interrogatory No. 8 is of limited benefit to MGA Hong Kong.  Mattel hereby
8  incorporates by reference Argument § II.C. This interrogatory is of limited value to
9  MGA Hong Kong in that it seeks information far broader than information relating to
10  MGA Hong Kong and the claims and defenses related to MGA Hong Kong.   The
11  Interrogatory relates generally to "each RICO enterprise" alleged in the TAAC and is
12  not limited to those enterprises in which MGA Hong Kong participated.  To the extent
13  it seeks information not related to MGA Hong Kong, MGA Hong Kong cannot realize
14  any benefit from the discovery.

15       Mattel properly reserved its right to supplement its response based on facts
16  learned in the future and expert discovery.  Mattel hereby incorporates by reference
17  Argument § III of its Opposition. To the extent the Interrogatory seeks information that
18  Mattel has not yet learned because of Defendants' obstructionism and information that
19  is the subject of expert discovery, Mattel properly reserved its right to supplement its
20  response based on any newly learned information and in accordance with the Rules and
21  Court Orders governing expert disclosures.[109]

22       Mattel properly reserved its privilege objection.  Mattel hereby incorporates by
23  reference Argument § IV of its Opposition.  To the extent the Interrogatory seeks
24
25
26  [107]  Searcy Dec. ¶ 3.
27  [108]  Searcy Dec. ¶ 3.
   [109]  See Opposition at Argument § III.
28

1  information protected by the attorney client privilege, Mattel timely objected to the

2  interrogatory and preserved its objection.[110]

3  **INTERROGATORY NO. 9:**

4            IDENTIFY each PERSON that aided and abetted a predicate act

5  committed against MATTEL (as alleged in the Counterclaims of the TAAC, e.g.,

6  141, 151), and IDENTIFY:

7            (a)    the predicate act that person aided and abetted;

8            (b)    the perpetrators whom that person aided and abetted;

9            (c)    the acts or omissions that constituted the aiding and abetting by

10  that person; and

11            (d)    IDENTIFY all PERSONS MATTEL believes have knowledge of

12  the information requested in this Interrogatory.

13  **RESPONSE TO INTERROGATORY NO. 9:**

14            In addition to the general objections stated above, Mattel specifically

15  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

16  overbroad, including in that it purports to require Mattel to summarize all facts on

17  these subjects, despite defendants' own refusals to answer interrogatories with the

18  same or comparable language and in conflict with the Court's Orders of February

19  15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

20  facts on these subjects. Mattel further objects to this Interrogatory on the grounds

21  that it calls for the disclosure of information subject to the attorney-client privilege,

22  the attorney work-product doctrine and other applicable privileges. Mattel further

23  objects to this Interrogatory on the grounds that it calls for the disclosure of

24  confidential and/or proprietary information, which Mattel will disclose only subject

25  to and in reliance upon the operative protective order. Mattel further objects to this

26  Interrogatory as compound and seeks to require Mattel to provide separate discrete

27                                     
[110] <u>See</u> Opposition at Argument § IV.

28

1  responses as to "each PERSON that aided and abetted a predicate act

2  committedagainst MATTEL (as alleged in the Counterclaims of the TAAC." As

3  such, the interrogatory is impermissibly compound and causes the total number of

4  interrogatories served during Phase 2 discovery to exceed the limits set by the

5  Federal Rules of Civil Procedure and the Court.

6  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

7  **INTERROGATORY NO. 9 SHOULD BE COMPELLED:**

8          Mattel has refused to provide answers in response to this Interrogatory,

9  subject to its improper boilerplate objections.  Under the Federal Rules of Civil

10  Procedure, "the grounds for objecting to an interrogatory must be stated with

11  specificity."  Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

12  basis for an objection with specificity are routinely rejected in the Central District.

13  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

14  ("general or boilerplate objections such as 'overly burdensome and harassing' are

15  improper – especially when a party fails to submit any evidentiary declarations

16  supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

17  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

18  inadequate and tantamount to not making any objection at all").  To the extent that

19  Mattel is relying on its blanket objections, they are not sustainable and do not justify

20  Mattel's failure to respond.

21          Mattel also bases its refusal to respond on two equally unavailing

22  arguments with respect to the counting of interrogatories in an effort to avoid

23  responding to this and the other Interrogatories at Issue.  First, Mattel asserts a non-

24  existent discovery limitation applies such that each *side* in the litigation may only

25  serve 25 interrogatories.  This is the same argument that Mattel has made

26  unsuccessfully in the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion

27  for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47

28  (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August

1 | 5, 2009). While Mattel continues to assert this meritless objection rather than
2 | responding to this interrogatory, Mattel cannot identify a single factual or legal basis
3 | to support it. To the contrary, Judge Larson has made clear that there is a "clean
4 | slate" with respect to the Phase 2 discovery. Specifically, Judge Larson noted that
5 | he has not placed any restrictions on discovery in Phase 2 other than those set by the
6 | Rules of Civil Procedure. <u>See</u> Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of
7 | February 11, 2009 Hearing). Indeed, Discovery Master O'Brien has ████████

8 | ████████████████████████████████████████████████

9 | ████████████████████████████████████████████████

10 | ████████████████████ Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated
11 | August 14, 2009). Indeed in that same order, Discovery Master O'Brien noted that

12 | ████████████████████████████████████████████████

13 | ████████████████████████████████████████ Molinski

14 | Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009). The ruling is
15 | unsurprising as case law also supports this interpretation. <u>See, e.g., St. Paul Fire and
16 | Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP</u>, 217 F.R.D. 288, 289 (D.
17 | Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking
18 | down a local rule that allotted interrogatories on a "per side" basis); <u>Missouri
19 | Republican Party v. Lamb,</u> 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court
20 | established a scheduling plan that maintained a distinction between interrogatory
21 | limitations by "party" and deposition limitations by "side."). Since this interrogatory
22 | was propounded by MGA Entertainment (HK) and they have not propounded more
23 | than 25 interrogatories, Mattel's objection should be overruled and Mattel must be
24 | ordered to provide a substantive response.

25 | To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit
26 | is only entitled to propound 25 interrogatories, would produce a ludicrous result.
27 | For example, under Mattel's reasoning all counsel, in a multi-defendant case where
28 | each defendant is represented by their own counsel, all defendants' counsel would be

1  forced to agree on a single set of 25 interrogatories to propound on plaintiff.  Such

2  an irrational result is not the intent of Rule 33, nor the federal discovery statutes.  As

3  noted by Discovery Master O'Brien, ███████████████████████████████████

4  ████████████████████████████████████████████████████████████████████████

5  ███████████████████████████████████████████ Molinsk Decl., Ex. 8 at

6  171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy the right of each

7  party in a litigation to serve written discovery.  That the MGA parties happen to be

8  represented by the same counsel does not alter the analysis.  Each party must be

9  allowed to serve 25 interrogatories and Mattel must be compelled to answer them.

10          Mattel's second counting argument is that this interrogatory is

11  impermissibly compound.  ███████████████████████████████████████████

12  ████████████████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████████

14  ██████████████████████████████████████ See Molinski Decl., Ex. 13 at 5

15  (Mattel's Motion for Protective Order dated June 29, 2009).  ███████████████

16  ███████████████████████████████████████████████████████████████

17  ███████████████████████████████████████████████████████████

18  ██████████████████████████████████████████ See Molinski Decl., Ex. 8 at

19  171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

20  contains subparts, it is still considered a single interrogatory when it relates to a

21  common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D

22  Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

23  concerning a 'common theme' should generally be considered a single question."

24  See also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL

25  318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question

26  regarding a common group of people" not compound (citing 8A Wright et al., Fed.

27  Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113

28  F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single

1  question ... even though it may call for an answer containing several separate bits of
2  information, if there is a direct relationship between the various bits of information
3  called for.").

4          This interrogatory seeks a narrative concerning a common theme. That
5  is, it seeks information concerning Mattel's allegations of aiding and abetting the
6  predicate act alleged to be part of the RICO violations. The request is structured to
7  aid Mattel in responding to the interrogatory and seeks only information that a
8  responding party would reasonably expect to receive in response, even if the level of
9  request detail were not included. Indeed, the basis of the entire interrogatory is to
10  seek information that will ultimately allow MGA to defend against Mattel's RICO
11  allegations and is crucial to that defense. As such, this interrogatory should be
12  counted as a single interrogatory and Mattel should be ordered to respond.

13          In addition, Mattel's bare assertion that MGA has "purports to require
14  Mattel to summarize all facts on these subjects, despite defendants' own refusals to
15  answer interrogatories with the same or comparable language" is not only
16  unsupported and false, but immaterial – if this were true (and it is not), Mattel's
17  obligation to fully respond to the Interrogatories would be unaffected.

18          As to overbreadth, Mattel provides no explanation, let alone the
19  required particularity, as to why this interrogatory is supposedly overly broad, nor
20  can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118
21  (Order No. 17, dated April 14, 2009 (overruling objections not stated with
22  specificity)). To the contrary, the Interrogatory is narrowly tailored to seek
23  responses concerning persons that Mattel allege aided and abetted a predicate act
24  committed against Mattel.

25          As to burden, Mattel has not attempted to demonstrate why responding
26  to this Interrogatory presents any burden. This objection must therefore be rejected.
27  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.
28  1997) ("The party claiming that a discovery request is unduly burdensome must

1  allege specific facts which indicate the nature and extent of the burden, usually by

2  affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as

3  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

4  evidence.

5  This Interrogatory does not seek responses protected by the attorney-

6  client privilege, the attorney work product doctrine, or other applicable privileges.

7  To the extent that Mattel contends that it does, it does not excuse Mattel from

8  responding with any non-privileged information. Additionally, to the extent that

9  such privileged material exists, Mattel must provide a privilege log.

10  Mattel objects that the Interrogatory contains confidential and/or

11  proprietary information. A Protective Order exists in this case, obviating any

12  concern as to protection of privacy rights and/or commercially sensitive

13  information. Also, this Interrogatory does not seek information violative of any

14  third party's rights of privacy. The facts, persons, and documents responsive to this

15  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,

16  and as Mattel itself previously has argued, any privacy issues are fully addressed by

17  the Protective Order.

18  In short, Mattel's objections are uniformly without merit and frivolous.

19  The Discovery Master should order Mattel to provide a substantive response to

20  Interrogatory No. 9 without objection.

21  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

22  **INTERROGATORY NO. 9 IS NOT WARRANTED**

23  Defendants have exceeded their Phase 2 Interrogatory limit. Mattel hereby

24  incorporates by reference Argument § I of its Opposition. For the reasons set forth

25  more fully in Argument § I of its Opposition, the Discovery Master should set the

26  interrogatory limit per side, as opposed to per party, consistent with the Court's

27

28

1  previous rulings in this case, applicable case law and basic fairness.[111]  Moreover,

2  even if a "per party" rule were to apply, MGA Hong Kong clearly has exceeded its

3  limit of 25 interrogatories because it has served 25 separately-numbered

4  interrogatories, many of which are compound and address discrete issues.  See

5  Argument §§ I.B and I.C of Opposition.  If even one of its interrogatories is properly

6  counted as more than one -- and virtually all count as far more than one in Mattel's

7  view -- MGA Hong Kong has exceeded any putative 25 interrogatory limit that

8  applies to it.[112]

9      Interrogatory No. 9 is compound.  Mattel hereby incorporates by reference

10  Argument §§ I.B and I.C of its Opposition.  Interrogatory No. 9 seeks both the

11  identity of all persons that aided and abetted RICO predicate acts and a series of

12  information about each of those persons.  Even assuming each of the subparts is so

13  related to one another that they are not discrete, this interrogatory counts as at least

14  two -- one requiring the identification that is sought of persons, and other requiring

15  the disclosure of various facts about those persons. In reality the interrogatory

16  counts as even more than that in light of the varied subparts to which it demands

17  answers.

18      Interrogatory No. 9 is unduly burdensome because it is cumulative of other

19  interrogatories served on Mattel.  Mattel hereby incorporates by reference Argument

20  § III.B. This interrogatory is simply an attempt to force Mattel to restate

21  information that it has already provided to Defendants.  For example, the

22  interrogatory is cumulative of the following interrogatories:

23      **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe in

24  detail the complete factual basis for YOUR COUNTERCLAIMS including, without

25

26

_____

27  [111]  See Opposition at Argument § I.

28  [112]  See Opposition at Argument § I.

1  limitation all facts, DOCUMENTS, and witnesses that REFER OR RELATE TO
2  YOUR COUNTERCLAIMS.[113]

3       <u>Interrogatory No. 9 is of limited benefit to MGA Hong Kong.</u> Mattel hereby
4  incorporates by reference Argument § II.C. This interrogatory is of limited value to
5  MGA Hong Kong in that it seeks information far broader than information relating
6  to MGA Hong Kong and the claims and defenses related to MGA Hong Kong. First
7  of all, the Interrogatory relates generally to Mattel's RICO claims, not specifically to
8  MGA Hong Kong. To the extent it seeks information not related to MGA Hong
9  Kong, MGA Hong Kong cannot realize any benefit from the discovery. In addition,
10 as shown above and in the Opposition, the Interrogatory seeks information beyond
11 what Mattel will need to prove at either summary judgment or trial regarding its
12 RICO claims.

13      <u>Mattel properly reserved its right to supplement its response based on facts</u>
14 <u>learned in the future and expert discovery.</u> Mattel hereby incorporates by reference
15 Argument § III of its Opposition. To the extent the Interrogatory seeks information
16 that Mattel has not yet learned because of Defendants' obstructionism and
17 information that is the subject of expert discovery, Mattel properly reserved its right
18 to supplement its response based on any newly learned information and in
19 accordance with the Rules and Court Orders governing expert disclosures.[114]

20      <u>Mattel properly reserved its privilege objection.</u> Mattel hereby incorporates by
21 reference Argument § IV of its Opposition. To the extent the Interrogatory seeks
22 information protected by the attorney client privilege, Mattel timely objected to the
23 interrogatory and preserved its objection.[115]

24

25

---

[113] <u>See</u> MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory
No. 28.
[114] <u>See</u> Opposition at Argument § III.
[115] <u>See</u> Opposition at Argument § IV.

1 **INTERROGATORY NO. 10:**

2 With respect to the allegation in paragraphs 28 - 43 of the

3 Counterclaims of the TAAC, that the defendants stole a new line of fashion dolls

4 from MATTEL,

5 state all facts regarding:

6 (a) every RICO predicate act committed through that conduct;

7 (b) which PERSONS employed by or associated with which RICO

8 enterprises committed those predicate acts;

9 (c) the injuries to Mattel's business or property proximately caused

10 by those predicate acts;

11 (d) how MATTEL has calculated or estimated the dollar value of

12 those injuries (and if it has not, why not); and

13 (e) IDENTIFY all PERSONS MATTEL believes have knowledge of

14 the information requested in this Interrogatory.

15 **RESPONSE TO INTERROGATORY NO. 10:**

16 In addition to the general objections stated above, Mattel specifically

17 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

18 overbroad, including in that it purports to require Mattel to summarize all facts on

19 these subjects, despite defendants' own refusals to answer interrogatories with the

20 same or comparable language and in conflict with the Court's Orders of February

21 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

22 facts on these subjects. Mattel further objects to this Interrogatory on the grounds

23 that it calls for the disclosure of information subject to the attorney-client privilege,

24 the attorney work-product doctrine and other applicable privileges. Mattel further

25 objects to this Interrogatory on the grounds that it calls for the disclosure of

26 confidential and/or proprietary information, which Mattel will disclose only subject

27 to and in reliance upon the operative protective order. Mattel further objects to this

28 Interrogatory as compound and seeks to require Mattel to provide separate discrete

1  responses as to "every RICO predicate act committed through that conduct." As

2  such, the interrogatory is impermissibly compound and causes the total number of

3  interrogatories served during Phase 2 discovery to exceed the limits set by the

4  Federal Rules of Civil Procedure and the Court.

5  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

6  **INTERROGATORY NO. 10 SHOULD BE COMPELLED:**

7  　　　　Mattel has refused to provide answers in response to this Interrogatory,

8  subject to its improper boilerplate objections. Under the Federal Rules of Civil

9  Procedure, "the grounds for objecting to an interrogatory must be stated with

10  specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the

11  basis for an objection with specificity are routinely rejected in the Central District.

12  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (

13  "general or boilerplate objections such as 'overly burdensome and harassing' are

14  improper – especially when a party fails to submit any evidentiary declarations

15  supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

16  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

17  inadequate and tantamount to not making any objection at all"). To the extent that

18  Mattel is relying on its blanket objections, they are not sustainable and do not justify

19  Mattel's failure to respond.

20  　　　　Mattel also bases its refusal to respond on two equally unavailing

21  arguments with respect to the counting of interrogatories in an effort to avoid

22  responding to this and the other Interrogatories at Issue. First, Mattel asserts a non-

23  existent discovery limitation applies such that each *side* in the litigation may only

24  serve 25 interrogatories. This is the same argument that Mattel has made

25  unsuccessfully in the past. See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion

26  for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47

27  (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August

28  5, 2009). While Mattel continues to assert this meritless objection rather than

1   responding to this interrogatory, Mattel cannot identify a single factual or legal basis

2   to support it. To the contrary, Judge Larson has made clear that there is a "clean

3   slate" with respect to the Phase 2 discovery. Specifically, Judge Larson noted that

4   he has not placed any restrictions on discovery in Phase 2 other than those set by the

5   Rules of Civil Procedure. See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of

6   February 11, 2009 Hearing). Indeed, Discovery Master O'Brien has ███████████

7   ████████████████████████████████████████████████████████████████████

8   ████████████████████████████████████████████████████████████████████

9   ████████████████████ Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated

10  August 14, 2009). Indeed in that same order, Discovery Master O'Brien noted that

11  ████████████████████████████████████████████████████████████████████

12  ███████████████████████████████████████████████████████████ Molinski

13  Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009). The ruling is

14  unsurprising as case law also supports this interpretation. See, e.g., St. Paul Fire and

15  Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.

16  Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking

17  down a local rule that allotted interrogatories on a "per side" basis); Missouri

18  Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

19  established a scheduling plan that maintained a distinction between interrogatory

20  limitations by "party" and deposition limitations by "side."). Since this interrogatory

21  was propounded by MGA Entertainment (HK) and they have not propounded more

22  than 25 interrogatories, Mattel's objection should be overruled and Mattel must be

23  ordered to provide a substantive response.

24          To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit

25  is only entitled to propound 25 interrogatories, would produce a ludicrous result.

26  For example, under Mattel's reasoning all counsel, in a multi-defendant case where

27  each defendant is represented by their own counsel, all defendants' counsel would be

28  forced to agree on a single set of 25 interrogatories to propound on plaintiff. Such

07975/3132917.1

1   an irrational result is not the intent of Rule 33, nor the federal discovery statutes.  As

2   noted by Discovery Master O'Brien, ████████████████████████████

3   ████████████████████████████████████████████████████████████

4   ████████████████████████████████████  Molinski Decl., Ex. 8 at

5   171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is the right of

6   each party in a litigation to serve written discovery.  That the MGA parties happen

7   to be represented by the same counsel does not alter the analysis.  Each party must

8   be allowed to serve 25 interrogatories and Mattel must be compelled to answer

9   them.

10          Mattel's second counting argument is that this interrogatory is

11  impermissibly compound.  ████████████████████████████████

12  ████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████

14  ████████████████████████████████  See Molinski Decl., Ex. 13 at 529

15  (Mattel's Motion for Protective Order dated June 29, 2009).  ██████████████

16  ████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████

18  ████████████████████████████  See Molinski Decl., Ex. 8 at

19  171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

20  contains subparts, it is still considered a single interrogatory when it relates to a

21  common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

22  Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

23  concerning a 'common theme' should generally be considered a single question.");

24  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL

25  318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question

26  regarding a common group of people" not compound (citing 8A Wright et al., Fed.

27  Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113

28  F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single

1 question ... even though it may call for an answer containing several separate bits of
2 information, if there is a direct relationship between the various bits of information
3 called for.").

4       This interrogatory seeks a narrative concerning a common theme. That
5 is, it seeks information concerning Mattel's allegations that the purported theft of a
6 new line of dolls constitutes a predict act for purposes of the RICO claims. The
7 request is structured to aid Mattel in responding to the interrogatory and seeks only
8 information that a responding party would reasonably expect to receive in response,
9 even if the level of request detail were not included. Indeed, the basis of the entire
10 interrogatory is to seek information that will ultimately allow MGA to defend
11 against Mattel's RICO allegations and is crucial to that defense. As such, this
12 interrogatory should be counted as a single interrogatory and Mattel should be
13 ordered to respond.

14       In addition, Mattel's bare assertion that MGA has "purports to require
15 Mattel to summarize all facts on these subjects, despite defendants' own refusals to
16 answer interrogatories with the same or comparable language" is not only
17 unsupported and false, but immaterial -- if this were true (and it is not), Mattel's
18 obligation to fully respond to the Interrogatories would be unaffected.

19       As to overbreadth, Mattel provides no explanation, let alone the
20 required particularity, as to why this interrogatory is supposedly overly broad, nor
21 can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118
22 (Order No. 17, dated April 14, 2009 (overruling objections not stated with
23 specificity)). To the contrary, the Interrogatory is narrowly tailored to seek
24 responses concerning Mattel's allegation that defendants stole a new line of fashion
25 dolls from Mattel, as alleged in the Counterclaims of the TAAC.

26       As to burden, Mattel has not attempted to demonstrate why responding
27 to this Interrogatory presents any burden. This objection must therefore be rejected.
28 See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

1  1997) ("The party claiming that a discovery request is unduly burdensome must
2  allege specific facts which indicate the nature and extent of the burden, usually by
3  affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as
4  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable
5  evidence.

6       This Interrogatory does not seek responses protected by the attorney-
7  client privilege, the attorney work product doctrine, or other applicable privileges.
8  To the extent that Mattel contends that it does, it does not excuse Mattel from
9  responding with any non-privileged information. Additionally, to the extent that
10  such privileged material exists, Mattel must provide a privilege log.

11       Mattel objects that the Interrogatory contains confidential and/or
12  proprietary information. A Protective Order exists in this case, obviating any
13  concern as to protection of privacy rights and/or commercially sensitive
14  information. Also, this Interrogatory does not seek information violative of any
15  third party's rights of privacy. The facts, persons, and documents responsive to this
16  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,
17  and as Mattel itself previously has argued, any privacy issues are fully addressed by
18  the Protective Order.

19       In short, Mattel's objections are uniformly without merit and frivolous.
20  The Discovery Master should order Mattel to provide a substantive response to
21  Interrogatory No. 10 without objection.

22  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
23  **INTERROGATORY NO. 10 IS NOT WARRANTED**

24  <u>Defendants have exceeded their Phase 2 Interrogatory limit.</u>  Mattel hereby
25  incorporates by reference Argument § I of its Opposition. For the reasons set forth
26  more fully in Argument § I of its Opposition, the Discovery Master should set the
27  interrogatory limit per side, as opposed to per party, consistent with the Court's
28

1  previous rulings in this case, applicable case law and basic fairness.[116] Moreover, even
2  if a "per party" rule were to apply, MGA Hong Kong clearly has exceeded its limit of
3  25 interrogatories because it has served 25 separately-numbered interrogatories, many
4  of which are compound and address discrete issues. See Argument §§ I.B and I.C of
5  Opposition. If even one of its interrogatories is properly counted as more than one --
6  and virtually all count as far more than one in Mattel's view -- MGA Hong Kong has
7  exceeded any putative 25 interrogatory limit that applies to it.[117]

8       Interrogatory No. 10 is compound. Mattel hereby incorporates by reference
9  Argument §§ I.B and I.C of its Opposition. Interrogatory No. 10 seeks "all facts" about
10 "every RICO predicate act," of which there are hundreds. Additionally, Interrogatory
11 No. 10 poses five different questions about each of the predicate acts. Accordingly,
12 Interrogatory No. 10 represents hundreds of interrogatories.

13      Interrogatory No. 10 is unduly burdensome because it requires Mattel to identify
14 "all" facts, persons and documents. Mattel hereby incorporates by reference Argument
15 § II of its Opposition. Consistent with the Discovery Master's prior rulings and
16 applicable case law, Interrogatory No. 10 is unduly burdensome to the extent it requires
17 Mattel to identify "all" facts, persons and documents.[118] It also is unduly burdensome
18 because of the detailed litany of information it purports to require.

19      MGA has previously blocked Mattel's discovery relating to "every RICO
20 predicate act." Mattel hereby incorporates by reference Argument § II.A. This
21 interrogatory seeks information relating to "every RICO predicate act" in spite of the
22 fact that MGA has successfully argued in the past that producing evidence relating to
23 every RICO predicate is unduly burdensome. Based on such efforts by MGA, Mattel
24 has been unable to obtain information relating to "every RICO predicate act" and
25 should not have to produce such information.

26 _____
   [116] See Opposition at Argument § I.
27    [117] See Opposition at Argument § I.
28    [118] See Opposition at Argument § II.A.1.

1     Interrogatory No. 10 is unduly burdensome because it is cumulative of other

2 interrogatories served on Mattel. Mattel hereby incorporates by reference Argument §

3 II.B. This interrogatory is simply an attempt to force Mattel to restate information that

4 it has already provided to Defendants. For example, the interrogatory is cumulative of

5 the following interrogatories:

6        **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe

7        in detail the complete factual basis for YOUR COUNTERCLAIMS

8        including, without limitation all facts, DOCUMENTS, and witnesses that

9        REFER OR RELATE TO YOUR COUNTERCLAIMS. [119]

10       **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe

11       in detail any estimate or calculation of damage, loss, injury, or unjust

12       enrichment, by reason of any act or omission alleged in YOUR

13       COUNTERCLAIMS, that YOU have made or that has been made on

14       YOUR behalf or at YOUR request, including all facts, DOCUMENTS or

15       witnesses RELATING TO each estimate or calculation. [120]

16       **Interrogatory No. 5, MGA's First Set of Phase 2 Interrogatories:**

17       IDENTIFY ANY damages YOU contend YOU have suffered as a result

18       of the violation of the Racketeer Influenced and Corrupt Organization Act

19       alleged by YOU in the Second Counterclaim of YOUR OPERATIVE

20       COUNTERCLAIMS in THIS ACTION. [121]

21       **Interrogatory No. 1, MGA's First Set of Interrogatories:** State all

22       facts, with particularity, and IDENTIFY all DOCUMENTS that support

23

24

---

25  [119]   See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 28.

26  [120]   See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 29.

27  [121]   See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 5.

28