1    YOUR contention, if YOU so contend, that YOU have suffered harm as a

2    result of any act or omission of MGA.[122]

3    **Interrogatory No. 2, MGA's First Set of Interrogatories:** IDENTIFY

4    all PERSONS with knowledge of each fact" "stated in response to

5    Interrogatory No. 1.[123]

6    **Interrogatory No. 3, MGA's First Set of Interrogatories:** State, with

7    particularity, the nature, amount, cause and calculation of every item of

8    YOUR alleged damages, including, without limitation, general, actual and

9    statutory damages, restitution, disgorgement of unlawful profits, lost

10   profits, lost payments, lost revenues, lost monies, lost royalties or license

11   fees, reputational harm, lost relationships, lost business opportunities,

12   interest, attorneys' fees, costs, expenses, and any other form of injury or

13   damage of quantifiable remedy that YOU seek to recover in this

14   lawsuit.[124]

15   **Interrogatory No. 4, MGA's First Set of Interrogatories:** State all

16   facts, with particularity, and IDENTIFY all DOCUMENTS that support

17   YOUR contention, if YOU so contend, that YOU are entitled to

18   exemplary damages, attorneys' fees and costs.[125]

19   <u>Interrogatory No. 10 is of limited benefit to MGA Hong Kong.</u>  Mattel hereby

20   incorporates by reference Argument § II.C.  This interrogatory is of limited value to

21   MGA Hong Kong in that it seeks information far broader than information relating to

22   MGA Hong Kong and the claims and defenses related to MGA Hong Kong.  The

23   Interrogatory relates generally to "defendants," not specifically to MGA Hong Kong.

24   To the extent it seeks information not related to MGA Hong Kong, MGA Hong Kong

25

---

[122]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 1.

26   [123]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 2.

[124]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 3.

27   [125]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 4.

28

1 | cannot realize any benefit from the discovery.  In addition, as shown above and in the
2 | Opposition, the Interrogatory seeks information beyond what Mattel will need to prove
3 | at either summary judgment or trial regarding its RICO claims.

4 | Interrogatory 10 is overbroad in that it requires Mattel to "state all facts regarding
5 | the injuries to Mattel's business or property proximately caused by [defendants']
6 | predicate acts."  Mattel hereby incorporates by reference Argument § II.C of its
7 | Opposition.  The interrogatory requires Mattel to identify injury proximately caused
8 | from a specific predicate act;[126] however, this showing is not required under the law.

9 | Mattel properly reserved its right to supplement its response based on facts
10 | learned in the future and expert discovery.  Mattel hereby incorporates by reference
11 | Argument § III of its Opposition.  To the extent the Interrogatory seeks information that
12 | Mattel has not yet learned because of Defendants' obstructionism and information that
13 | is the subject of expert discovery, Mattel properly reserved its right to supplement its
14 | response based on any newly learned information and in accordance with the Rules and
15 | Court Orders governing expert disclosures.[127]

16 | Mattel properly reserved its privilege objection.  Mattel hereby incorporates by
17 | reference Argument § IV of its Opposition.  To the extent the Interrogatory seeks
18 | information protected by the attorney client privilege, Mattel timely objected to the
19 | interrogatory and preserved its objection.[128]

20 | **INTERROGATORY NO. 11:**

21 | With respect to the allegation in paragraphs 44- 61 of the
22 | Counterclaims of the TAAC, that the defendants stole MATTEL trade secrets in
23 | Mexico, state all facts regarding:

24 | (a)   every RICO predicate act committed through that conduct;

25 | ───
[126]   See, e.g., MGA Hong Kong's Interrogatory No. 1, Molinski Dec., Exh. 1
26 | (requesting that Mattel "state all facts regarding how that RICO predicate act
proximately caused injury(s) to Mattel's business or property").
27 | [127]   See Opposition at Argument § III.
[128]   See Opposition at Argument § IV.
28 |

1           (b)     which PERSONS employed by or associated with which RICO

2 enterprises committed those predicate acts;

3           (c)     the injuries to Mattel's business or property proximately caused

4 by those predicate acts;

5           (d)     how MATTEL has calculated or estimated the dollar value of

6 those injuries (and if it has not, why not); and

7           (e)     IDENTIFY all PERSONS MATTEL believes have knowledge of

8 the information requested in this Interrogatory.

9 **RESPONSE TO INTERROGATORY NO. 11:**

10         In addition to the general objections stated above, Mattel specifically

11 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

12 overbroad, including in that it purports to require Mattel to summarize all facts on

13 these subjects, despite defendants' own refusals to answer interrogatories with the

14 same or comparable language and in conflict with the Court's Orders of February

15 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

16 facts on these subjects. Mattel further objects to this Interrogatory on the grounds

17 that it calls for the disclosure of information subject to the attorney-client privilege,

18 the attorney work-product doctrine and other applicable privileges. Mattel further

19 objects to this Interrogatory on the grounds that it calls for the disclosure of

20 confidential and/or proprietary information, which Mattel will disclose only subject

21 to and in reliance upon the operative protective order. Mattel further objects to this

22 Interrogatory as compound and seeks to require Mattel to provide separate discrete

23 responses as to "every RICO predicate act committed through that conduct." As

24 such, the interrogatory is impermissibly compound and causes the total number of

25 interrogatories served during Phase 2 discovery to exceed the limits set by the

26 Federal Rules of Civil Procedure and the Court.

27

28

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO
INTERROGATORY NO. 11 SHOULD BE COMPELLED:**

Mattel has refused to provide answers in response to this Interrogatory, subject to its improper boilerplate objections.  Under the Federal Rules of Civil Procedure, "the grounds for objecting to an interrogatory must be stated with specificity."  Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all").  To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to respond.

Mattel also bases its refusal to respond on two equally unavailing arguments with respect to the counting of interrogatories in an effort to avoid responding to this and the other Interrogatories at Issue.  First, Mattel asserts a non-existent discovery limitation applies such that each *side* in the litigation may only serve 25 interrogatories.  This is the same argument that Mattel has made unsuccessfully in the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August 5, 2009).  While Mattel continues to assert this meritless objection rather than responding to this interrogatory, Mattel cannot identify a single factual or legal basis to support it.  To the contrary, Judge Larson has made clear that there is a "clean slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson noted that he has not placed any restrictions on discovery in Phase 2 other than those set by the

1   Rules of Civil Procedure. See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of

2   February 11, 2009 Hearing)).  Indeed, Discovery Master O'Brien has █████████

3   █████████████████████████████████████████████████████████████████

4   █████████████████████████████████████████████████████████████████

5   ███████████████████████  Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated

6   August 14, 2009).  Indeed in that same order, Discovery Master O'Brien noted that

7   █████████████████████████████████████████████████████████████████

8   ████████████████████████████████████████████████████████  Molinski

9   Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009).  The ruling is

10  unsurprising as case law also supports this interpretation.  See, e.g., St. Paul Fire and

11  Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.

12  Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking

13  down a local rule that allotted interrogatories on a "per side" basis); Missouri

14  Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

15  established a scheduling plan that maintained a distinction between interrogatory

16  limitations by "party" and deposition limitations by "side.").  Since this interrogatory

17  was propounded by MGA Entertainment (HK) and they have not propounded more

18  than 25 interrogatories, Mattel's objection should be overruled and Mattel must be

19  ordered to provide a substantive response.

20         To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit

21  is only entitled to propound 25 interrogatories, would produce a ludicrous result.

22  For example, under Mattel's reasoning all counsel, in a multi-defendant case where

23  each defendant is represented by their own counsel, all defendants' counsel would be

24  forced to agree on a single set of 25 interrogatories to propound on plaintiff.  Such

25  an irrational result is not the intent of Rule 33, nor the federal discovery statutes.  As

26  noted by Discovery Master O'Brien, █████████████████████████████

27  █████████████████████████████████████████████████████████████████

28  ███████████████████████████████████  Molinski Decl., Ex. 8 at

-98-

1   171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is the right of

2   each party in a litigation to serve written discovery.  That the MGA parties happen

3   to be represented by the same counsel does not alter the analysis.  Each party must

4   be allowed to serve 25 interrogatories and Mattel must be compelled to answer

5   them.

6            Mattel's second counting argument is that this interrogatory is

7   impermissibly compound.  ███████████████████████████████████████

8   ████████████████████████████████████████████████████████████████

9   ████████████████████████████████████████████████████

10  ████████████████████████████████████  See Molinski Decl., Ex. 13 at 529

11  (Mattel's Motion for Protective Order dated June 29, 2009).  ████████████████

12  ████████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████████████

14  ████████████████████████████████████  See Molinski Decl., Ex. 8 at

15  171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

16  contains subparts, it is still considered a single interrogatory when it relates to a

17  common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

18  Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

19  concerning a 'common theme' should generally be considered a single question.");

20  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL

21  318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question

22  regarding a common group of people" not compound (citing 8A Wright et al., Fed.

23  Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113

24  F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single

25  question ... even though it may call for an answer containing several separate bits of

26  information, if there is a direct relationship between the various bits of information

27  called for.").

28

1    This interrogatory seeks a narrative concerning a common theme. That
2  is, it seeks information concerning Mattel's allegations that its Mexico trade secrets
3  were stolen and that that act constitutes a RICO violation. The request is structured
4  to aid Mattel in responding to the interrogatory and seeks only information that a
5  responding party would reasonably expect to receive in response, even if the level of
6  request detail were not included. Indeed, the basis of the entire interrogatory is to
7  seek information that will ultimately allow MGA to defend against Mattel's RICO
8  allegations and is crucial to that defense. As such, this interrogatory should be
9  counted as a single interrogatory and Mattel should be ordered to respond.

10    In addition, Mattel's bare assertion that MGA has "purports to require
11  Mattel to summarize all facts on these subjects, despite defendants' own refusals to
12  answer interrogatories with the same or comparable language" is not only
13  unsupported and false, but immaterial – if this were true (and it is not), Mattel's
14  obligation to fully respond to the Interrogatories would be unaffected.

15    As to overbreadth, Mattel provides no explanation, let alone the
16  required particularity, as to why this interrogatory is supposedly overly broad, nor
17  can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118
18  (Order No. 17, dated April 14, 2009 (overruling objections not stated with
19  specificity)). To the contrary, the Interrogatory is narrowly tailored to seek
20  responses concerning Mattel's allegation of trade secret theft in Mexico as alleged in
21  the Counterclaims of the TAAC.

22    As to burden, Mattel has not attempted to demonstrate why responding
23  to this Interrogatory presents any burden. This objection must therefore be rejected.
24  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.
25  1997) ("The party claiming that a discovery request is unduly burdensome must
26  allege specific facts which indicate the nature and extent of the burden, usually by
27  affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as
28

1 | noted above, in that the Interrogatory is narrowly tailored to seek only discoverable
2 | evidence.

3 |       This Interrogatory does not seek responses protected by the attorney-
4 | client privilege, the attorney work product doctrine, or other applicable privileges.
5 | To the extent that Mattel contends that it does, it does not excuse Mattel from
6 | responding with any non-privileged information.  Additionally, to the extent that
7 | such privileged material exists, Mattel must provide a privilege log.

8 |       Mattel objects that the Interrogatory contains confidential and/or
9 | proprietary information.  A Protective Order exists in this case, obviating any
10 | concern as to protection of privacy rights and/or commercially sensitive
11 | information.  Also, this Interrogatory does not seek information violative of any
12 | third party's rights of privacy.  The facts, persons, and documents responsive to this
13 | Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,
14 | and as Mattel itself previously has argued, any privacy issues are fully addressed by
15 | the Protective Order.

16 |       In short, Mattel's objections are uniformly without merit and frivolous.
17 | The Discovery Master should order Mattel to provide a substantive response to
18 | Interrogatory No. 1 1 without objection.

19 | **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
20 | **INTERROGATORY NO. 11 IS NOT WARRANTED**

21 | <u>Defendants have exceeded their Phase 2 Interrogatory limit.</u>  Mattel hereby
22 | incorporates by reference Argument § I of its Opposition.  For the reasons set forth
23 | more fully in Argument § I of its Opposition, the Discovery Master should set the
24 | interrogatory limit per side, as opposed to per party, consistent with the Court's
25 | previous rulings in this case, applicable case law and basic fairness.[129]  Moreover, even
26 | if a "per party" rule were to apply, MGA Hong Kong clearly has exceeded its limit of
27 |
28 |

---

[129]  <u>See</u> Opposition at Argument § I.

1   25 interrogatories because it has served 25 separately-numbered interrogatories, many
2   of which are compound and address discrete issues.  See Argument §§ I.B and I.C of
3   Opposition. If even one of its interrogatories is properly counted as more than one --
4   and virtually all count as far more than one in Mattel's view -- MGA Hong Kong has
5   exceeded any putative 25 interrogatory limit that applies to it.[130]

6       Interrogatory No. 11 is compound.  Mattel hereby incorporates by reference
7   Argument §§ I.B and I.C of its Opposition. Interrogatory No. 11 seeks "all facts" about
8   "every RICO predicate act," of which there are many. Additionally, Interrogatory No.
9   10 poses five different questions about each of the predicate acts.  Accordingly,
10  Interrogatory No. 10 represents at least dozens of interrogatories.

11      Interrogatory No. 11 is unduly burdensome because it requires Mattel to identify
12  "all" facts, persons and documents.  Mattel hereby incorporates by reference Argument
13  § II of its Opposition.  Consistent with the Discovery Master's prior rulings and
14  applicable case law, Interrogatory No. 11 is unduly burdensome to the extent it requires
15  Mattel to identify "all" facts, persons and documents.[131]  It also is unduly burdensome
16  because of the detailed litany of information it purports to require.

17      MGA has previously blocked Mattel's discovery relating to "every RICO
18  predicate act."  Mattel hereby incorporates by reference Argument § II.A.  This
19  interrogatory seeks information relating to "every RICO predicate act" in spite of the
20  fact that MGA has successfully argued in the past that producing evidence relating to
21  every RICO predicate is unduly burdensome.  Based on such efforts by MGA, Mattel
22  has been unable to obtain information relating to "every RICO predicate act" and
23  should not have to produce such information.

24      Interrogatory No. 11 is unduly burdensome because it is cumulative of other
25  interrogatories served on Mattel. Mattel hereby incorporates by reference Argument §

26  
27  [130]  See Opposition at Argument § I.
28  [131]  See Opposition at Argument § II.A.1.

1  III.B. This interrogatory is simply an attempt to force Mattel to restate information that

2  it has already provided to Defendants.[132] For example, the interrogatory is cumulative

3  of the following interrogatories:

4  **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe

5  in detail the complete factual basis for YOUR COUNTERCLAIMS

6  including, without limitation all facts, DOCUMENTS, and witnesses that

7  REFER OR RELATE TO YOUR COUNTERCLAIMS.[133]

8  **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe

9  in detail any estimate or calculation of damage, loss, injury, or unjust

10  enrichment, by reason of any act or omission alleged in YOUR

11  COUNTERCLAIMS, that YOU have made or that has been made on

12  YOUR behalf or at YOUR request, including all facts, DOCUMENTS or

13  witnesses RELATING TO each estimate or calculation.[134]

14  **Interrogatory No. 5, MGA's First Set of Phase 2 Interrogatories:**

15  IDENTIFY ANY damages YOU contend YOU have suffered as a result

16  of the violation of the Racketeer Influenced and Corrupt Organization Act

17  alleged by YOU in the Second Counterclaim of YOUR OPERATIVE

18  COUNTERCLAIMS in THIS ACTION.[135]

19  **Interrogatory No. 1, MGA's First Set of Interrogatories:** State all

20  facts, with particularity, and IDENTIFY all DOCUMENTS that support

21

22  [132]  In addition, MGA Hong Kong's Interrogatory No. 11 and MGA Mexico's

23  Interrogatory No. 10 are exact duplicates. Compare MGA Hong Kong's Interrogatory No. 11, Molinski Dec., Exh. 1, with MGA Mexico's Interrogatory No.

24  10, Molinski Dec., Exh. 2.

25  [133]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 28.

26  [134]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 29.

27  [135]  See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 5.

28

1    YOUR contention, if YOU so contend, that YOU have suffered harm as a
2    result of any act or omission of MGA.[136]

3    **Interrogatory No. 2, MGA's First Set of Interrogatories:** IDENTIFY
4    all PERSONS with knowledge of each fact" "stated in response to
5    Interrogatory No. 1.[137]

6    **Interrogatory No. 3, MGA's First Set of Interrogatories:** State, with
7    particularity, the nature, amount, cause and calculation of every item of
8    YOUR alleged damages, including, without limitation, general, actual and
9    statutory damages, restitution, disgorgement of unlawful profits, lost
10   profits, lost payments, lost revenues, lost monies, lost royalties or license
11   fees, reputational harm, lost relationships, lost business opportunities,
12   interest, attorneys' fees, costs, expenses, and any other form of injury or
13   damage of quantifiable remedy that YOU seek to recover in this
14   lawsuit.[138]

15   **Interrogatory No. 4, MGA's First Set of Interrogatories:** State all
16   facts, with particularity, and IDENTIFY all DOCUMENTS that support
17   YOUR contention, if YOU so contend, that YOU are entitled to
18   exemplary damages, attorneys' fees and costs.[139]

19        Interrogatory No. 11 is of limited benefit to MGA Hong Kong. Mattel hereby
20   incorporates by reference Argument § II.C. This interrogatory is of limited value to
21   MGA Hong Kong in that it seeks information far broader than information relating to
22   MGA Hong Kong and the claims and defenses related to MGA Hong Kong.  The
23   Interrogatory relates generally to "defendants," not specifically to MGA Hong Kong.
24   To the extent it seeks information not related to MGA Hong Kong, MGA Hong Kong

25   ────────────────
26   [136] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 1.
     [137] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 2.
27   [138] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 3.
     [139] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 4.
28

1  cannot realize any benefit from the discovery. In addition, as shown above and in the
2  Opposition, the Interrogatory seeks information beyond what Mattel will need to prove
3  at either summary judgment or trial regarding its RICO claims.

4       Interrogatory 11 is overbroad in that it requires Mattel to "state all facts regarding
5  the injuries to Mattel's business or property proximately caused by [defendants']
6  predicate acts." Mattel hereby incorporates by reference Argument § II.C of its
7  Opposition. The interrogatory requires Mattel to identify injury proximately caused
8  from a specific predicate act;[140] however, this showing is not required under the law.

9       Mattel properly reserved its right to supplement its response based on facts
10  learned in the future and expert discovery. Mattel hereby incorporates by reference
11  Argument § III of its Opposition. To the extent the Interrogatory seeks information that
12  Mattel has not yet learned because of Defendants' obstructionism and information that
13  is the subject of expert discovery, Mattel properly reserved its right to supplement its
14  response based on any newly learned information and in accordance with the Rules and
15  Court Orders governing expert disclosures.[141]

16       Mattel properly reserved its privilege objection. Mattel hereby incorporates by
17  reference Argument § IV of its Opposition. To the extent the Interrogatory seeks
18  information protected by the attorney client privilege, Mattel timely objected to the
19  interrogatory and preserved its objection.[142]

20  **INTERROGATORY NO. 12:**

21       With respect to the allegation in paragraphs 62 — 76 of the
22  Counterclaims of the TAAC, that the defendants hired Ron Brawer to facilitate the
23  theft and use of MATTEL business methods and practices, state all facts regarding:

24       (a)   every RICO predicate act committed through that conduct;

25  [140]  See, e.g., MGA Hong Kong's Interrogatory No. 1, Molinski Dec., Exh. 1
26  (requesting that Mattel "state all facts regarding how that RICO predicate act
   proximately caused injury(s) to Mattel's business or property").
27  [141]  See Opposition at Argument § III.
28  [142]  See Opposition at Argument § IV.

-105-

1           (b)    which PERSONS employed by or associated with which RICO

2    enterprises committed those predicate acts;

3           (c)    the injuries to Mattel's business or property proximately caused

4    by those predicate acts;

5           (d)    how MATTEL has calculated or estimated the dollar value of

6    those injuries (and if it has not, why not); and

7           (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

8    the information requested in this Interrogatory.

9    **RESPONSE TO INTERROGATORY NO. 12:**

10          In addition to the general objections stated above, Mattel specifically

11   objects to this Interrogatory on the grounds that it is unreasonably burdensome,

12   overbroad, including in that it purports to require Mattel to summarize all facts on

13   these subjects, despite defendants' own refusals to answer interrogatories with the

14   same or comparable language and in conflict with the Court's Orders of February

15   15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

16   facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

17   that it calls for the disclosure of information subject to the attorney-client privilege,

18   the attorney work-product doctrine and other applicable privileges.  Mattel further

19   objects to this Interrogatory on the grounds that it calls for the disclosure of

20   confidential and/or proprietary information, which Mattel will disclose only subject

21   to and in reliance upon the operative protective order.  Mattel further objects to this

22   Interrogatory as compound and seeks to require Mattel to provide separate discrete

23   responses as to "every RICO predicate act committed through that conduct."  As

24   such, the interrogatory is impermissibly compound and causes the total number of

25   interrogatories served during Phase 2 discovery to exceed the limits set by the

26   Federal Rules of Civil Procedure and the Court.

27

28

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO INTERROGATORY NO. 12 SHOULD BE COMPELLED:**

Mattel has refused to provide answers in response to this Interrogatory, subject to its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "the grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all"). To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to respond.

Mattel also bases its refusal to respond on two equally unavailing arguments with respect to the counting of interrogatories in an effort to avoid responding to this and the other Interrogatories at Issue. First, Mattel asserts a non-existent discovery limitation applies such that each *side* in the litigation may only serve 25 interrogatories. This is the same argument that Mattel has made unsuccessfully in the past. See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August 5, 2009). While Mattel continues to assert this meritless objection rather than responding to this interrogatory, Mattel cannot identify a single factual or legal basis to support it. To the contrary, Judge Larson has made clear that there is a "clean slate" with respect to the Phase 2 discovery. Specifically, Judge Larson noted that he has not placed any restrictions on discovery in Phase 2 other than those set by the

1 | Rules of Civil Procedure. <u>See</u> Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of
2 | February 11, 2009 Hearing). Indeed, Discovery Master O'Brien has █████████
3 | ████████████████████████████████████████████████████
4 | ████████████████████████████████████████████████████
5 | ████████████████     Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated
6 | August 14, 2009). Indeed in that same order, Discovery Master O'Brien noted that
7 | ████████████████████████████████████████████████████
8 | ███████████████████████████████████████ Molinski
9 | Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009). The ruling is
10 | unsurprising as case law also supports this interpretation. <u>See, e.g., St. Paul Fire and</u>
11 | <u>Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP</u>, 217 F.R.D. 288, 289 (D.
12 | Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking
13 | down a local rule that allotted interrogatories on a "per side" basis); <u>Missouri</u>
14 | <u>Republican Party v. Lamb,</u> 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court
15 | established a scheduling plan that maintained a distinction between interrogatory
16 | limitations by "party" and deposition limitations by "side."). Since this interrogatory
17 | was propounded by MGA Entertainment (HK) and they have not propounded more
18 | than 25 interrogatories, Mattel's objection should be overruled and Mattel must be
19 | ordered to provide a substantive response.
20 |      To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit
21 | is only entitled to propound 25 interrogatories, would produce a ludicrous result.
22 | For example, under Mattel's reasoning all counsel, in a multi-defendant case where
23 | each defendant is represented by their own counsel, all defendants' counsel would be
24 | forced to agree on a single set of 25 interrogatories to propound on plaintiff. Such
25 | an irrational result is not the intent of Rule 33, nor the federal discovery statutes. As
26 | noted by Discovery Master O'Brien, █████████████████████████████
27 | ████████████████████████████████████████████████████
28 | ███████████████████████████████████████ Molinski Decl., Ex. 8 at



1  171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is the right of
2  each party in a litigation to serve written discovery.  That the MGA parties happen
3  to be represented by the same counsel does not alter the analysis.  Each party must
4  be allowed to serve 25 interrogatories and Mattel must be compelled to answer
5  them.

6        Mattel's second counting argument is that this interrogatory is
7  impermissibly compound.  ████████████████████████████████████████
8  ████████████████████████████████████████████████████████████████
9  ██████████████████████████████████████████████████████
10 ████████████████████████████████████  See Molinski Decl., Ex. 13 at 529
11 (Mattel's Motion for Protective Order dated June 29, 2009).  ████████████████
12 ████████████████████████████████████████████████████████████████
13 ███████████████████████████████████████████████████████████████
14 ████████████████████████████████████  See Molinski Decl., Ex. 8 at
15 171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory
16 contains subparts, it is still considered a single interrogatory when it relates to a
17 common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.
18 Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details
19 concerning a 'common theme' should generally be considered a single question.");
20 see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL
21 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question
22 regarding a common group of people" not compound (citing 8A Wright et al., Fed.
23 Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113
24 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single
25 question ...  even though it may call for an answer containing several separate bits of
26 information, if there is a direct relationship between the various bits of information
27 called for.").

28

1          This interrogatory seeks a narrative concerning a common theme.  That

2 is, it seeks information concerning Mattel's claim that the hiring of Ron Brawer

3 constitutes a predicate act for its claims of RICO violations.  The request is

4 structured to aid Mattel in responding to the interrogatory and seeks only

5 information that a responding party would reasonably expect to receive in response,

6 even if the level of request detail were not included.  Indeed, the basis of the entire

7 interrogatory is to seek information that will ultimately allow MGA to defend

8 against Mattel's RICO allegations and is crucial to that defense.  As such, this

9 interrogatory should be counted as a single interrogatory and Mattel should be

10 ordered to respond.

11          In addition, Mattel's bare assertion that MGA has "purports to require

12 Mattel to summarize all facts on these subjects, despite defendants' own refusals to

13 answer interrogatories with the same or comparable language" is not only

14 unsupported and false, but immaterial – if this were true (and it is not), Mattel's

15 obligation to fully respond to the Interrogatories would be unaffected.

16          As to overbreadth, Mattel provides no explanation, let alone the

17 required particularity, as to why this interrogatory is supposedly overly broad, nor

18 can it do so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118

19 (Order No. 17, dated April 14, 2009 (overruling objections not stated with

20 specificity)).  To the contrary, the Interrogatory is narrowly tailored to seek

21 responses concerning Mattel's allegation that defendants hired Ron Brawer to

22 facilitate the theft and use of Mattel business methods and practices, as alleged in

23 the Counterclaims of the TAAC.

24          As to burden, Mattel has not attempted to demonstrate why responding

25 to this Interrogatory presents any burden.  This objection must therefore be rejected.

26 See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

27 1997) ("The party claiming that a discovery request is unduly burdensome must

28 allege specific facts which indicate the nature and extent of the burden, usually by

-110-

1 affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as
2 noted above, in that the Interrogatory is narrowly tailored to seek only discoverable
3 evidence.

4          This Interrogatory does not seek responses protected by the attorney-
5 client privilege, the attorney work product doctrine, or other applicable privileges.
6 To the extent that Mattel contends that it does, it does not excuse Mattel from
7 responding with any non-privileged information. Additionally, to the extent that
8 such privileged material exists, Mattel must provide a privilege log.

9          Mattel objects that the Interrogatory contains confidential and/or
10 proprietary information. A Protective Order exists in this case, obviating any
11 concern as to protection of privacy rights and/or commercially sensitive
12 information. Also, this Interrogatory does not seek information violative of any
13 third party's rights of privacy. The facts, persons, and documents responsive to this
14 Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,
15 and as Mattel itself previously has argued, any privacy issues are fully addressed by
16 the Protective Order.

17          In short, Mattel's objections are uniformly without merit and frivolous.
18 The Discovery Master should order Mattel to provide a substantive response to
19 Interrogatory No. 12 without objection.

20 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
21 **INTERROGATORY NO. 12 IS NOT WARRANTED**

22          Defendants have exceeded their Phase 2 Interrogatory limit. Mattel hereby
23 incorporates by reference Argument § I of its Opposition. For the reasons set forth
24 more fully in Argument § I of its Opposition, the Discovery Master should set the
25 interrogatory limit per side, as opposed to per party, consistent with the Court's
26 previous rulings in this case, applicable case law and basic fairness.[143] Moreover, even

27
28
_____
[143]  See Opposition at Argument § I.

1  if a "per party" rule were to apply, MGA Hong Kong clearly has exceeded its limit of
2  25 interrogatories because it has served 25 separately-numbered interrogatories, many
3  of which are compound and address discrete issues. See Argument §§ I.B and I.C of
4  Opposition. If even one of its interrogatories is properly counted as more than one --
5  and virtually all count as far more than one in Mattel's view -- MGA Hong Kong has
6  exceeded any putative 25 interrogatory limit that applies to it.[144]

7        Interrogatory No. 12 is compound. Mattel hereby incorporates by reference
8  Argument §§ I.B and I.C of its Opposition. Interrogatory No. 12 seeks "all facts" about
9  "every RICO predicate act," of which there are many. Additionally, Interrogatory No.
10  12 poses five different questions about each of the predicate acts. Accordingly,
11  Interrogatory No. 12 represents at least dozens of interrogatories.

12        Interrogatory No. 12 is unduly burdensome because it requires Mattel to identify
13  "all" facts, persons and documents. Mattel hereby incorporates by reference Argument
14  § II of its Opposition. Consistent with the Discovery Master's prior rulings and
15  applicable case law, Interrogatory No. 12 is unduly burdensome to the extent it requires
16  Mattel to identify "all" facts, persons and documents.[145] It also is unduly burdensome
17  because of the detailed litany of information it purports to require.

18        MGA has previously blocked Mattel's discovery relating to "every RICO
19  predicate act." Mattel hereby incorporates by reference Argument § II.A. This
20  interrogatory seeks information relating to "every RICO predicate act" in spite of the
21  fact that MGA has successfully argued in the past that producing evidence relating to
22  every RICO predicate is unduly burdensome. Based on such efforts by MGA, Mattel
23  has been unable to obtain information relating to "every RICO predicate act" and
24  should not have to produce such information.

25
26
---
27  [144]  See Opposition at Argument § I.
28  [145]  See Opposition at Argument § II.A.1.

-112-

1     <u>Interrogatory No. 12 is unduly burdensome because it is cumulative of other</u>

2 <u>interrogatories served on Mattel.</u>  Mattel hereby incorporates by reference Argument §

3 II.B.  This interrogatory is simply an attempt to force Mattel to restate information that

4 it has already provided to Defendants.  For example, the interrogatory is cumulative of

5 the following interrogatories:

6           **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe

7           in detail the complete factual basis for YOUR COUNTERCLAIMS

8           including, without limitation all facts, DOCUMENTS, and witnesses that

9           REFER OR RELATE TO YOUR COUNTERCLAIMS. [146]

10           **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe

11           in detail any estimate or calculation of damage, loss, injury, or unjust

12           enrichment, by reason of any act or omission alleged in YOUR

13           COUNTERCLAIMS, that YOU have made or that has been made on

14           YOUR behalf or at YOUR request, including all facts, DOCUMENTS or

15           witnesses RELATING TO each estimate or calculation. [147]

16           **Interrogatory No. 5, MGA's First Set of Phase 2 Interrogatories:**

17           IDENTIFY ANY damages YOU contend YOU have suffered as a result

18           of the violation of the Racketeer Influenced and Corrupt Organization Act

19           alleged by YOU in the Second Counterclaim of YOUR OPERATIVE

20           COUNTERCLAIMS in THIS ACTION. [148]

21           **Interrogatory No. 1, MGA's First Set of Interrogatories:** State all

22           facts, with particularity, and IDENTIFY all DOCUMENTS that support

23

24

---

25 [146]   <u>See</u> MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 28.

26 [147]   <u>See</u> MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 29.

27 [148]   <u>See</u> MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at

28   Interrogatory No. 5.

1   YOUR contention, if YOU so contend, that YOU have suffered harm as a
2   result of any act or omission of MGA.[149]

3   **Interrogatory No. 2, MGA's First Set of Interrogatories:** IDENTIFY
4   all PERSONS with knowledge of each fact" "stated in response to
5   Interrogatory No. 1.[150]

6   **Interrogatory No. 3, MGA's First Set of Interrogatories:** State, with
7   particularity, the nature, amount, cause and calculation of every item of
8   YOUR alleged damages, including, without limitation, general, actual and
9   statutory damages, restitution, disgorgement of unlawful profits, lost
10  profits, lost payments, lost revenues, lost monies, lost royalties or license
11  fees, reputational harm, lost relationships, lost business opportunities,
12  interest, attorneys' fees, costs, expenses, and any other form of injury or
13  damage of quantifiable remedy that YOU seek to recover in this
14  lawsuit.[151]

15  **Interrogatory No. 4, MGA's First Set of Interrogatories:**  State all
16  facts, with particularity, and IDENTIFY all DOCUMENTS that support
17  YOUR contention, if YOU so contend, that YOU are entitled to
18  exemplary damages, attorneys' fees and costs.[152]

19      Interrogatory No. 12 is of limited benefit to MGA Hong Kong.  Mattel hereby
20  incorporates by reference Argument § II.C. This interrogatory is of limited value to
21  MGA Hong Kong in that it seeks information far broader than information relating to
22  MGA Hong Kong and the claims and defenses related to MGA Hong Kong.  First of
23  all, the Interrogatory relates generally to "defendants," not specifically to MGA Hong
24  Kong.  To the extent it seeks information not related to MGA Hong Kong, MGA Hong

---

[149]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 1.
[150]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 2.
[151]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 3.
[152]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 4.

1  Kong cannot realize any benefit from the discovery.  In addition, as shown above and in

2  the Opposition, the Interrogatory seeks information beyond what Mattel will need to

3  prove at either summary judgment or trial regarding its RICO claims.

4  Interrogatory 12 is overbroad in that it requires Mattel to "state all facts regarding

5  the injuries to Mattel's business or property proximately caused by [defendants'] acts."

6  Mattel hereby incorporates by reference Argument § II.C of its Opposition.  The

7  interrogatory requires Mattel to identify injury proximately caused from a specific

8  predicate act;[153] however, this showing is not required under the law.

9  Mattel properly reserved its right to supplement its response based on facts

10  learned in the future and expert discovery.  Mattel hereby incorporates by reference

11  Argument § III of its Opposition.  To the extent the Interrogatory seeks information that

12  Mattel has not yet learned because of Defendants' obstructionism and information that

13  is the subject of expert discovery, Mattel properly reserved its right to supplement its

14  response based on any newly learned information and in accordance with the Rules and

15  Court Orders governing expert disclosures.[154]

16  Mattel properly reserved its privilege objection.  Mattel hereby incorporates by

17  reference Argument § IV of its Opposition.  To the extent the Interrogatory seeks

18  information protected by the attorney client privilege, Mattel timely objected to the

19  interrogatory and preserved its objection.[155]

20  **INTERROGATORY NO. 13:**

21  With respect to the allegation in paragraphs 77 — 87 of the

22  Counterclaims of the TAAC, that the defendants hired Jorge Castilla to obtain trade

23  secret and highly confidential information about Mattel's forecasting and inventory

24  management systems, state all facts regarding:

25  ---
[153]  See, e.g., MGA Hong Kong's Interrogatory No. 1, Molinski Dec., Exh. 1

26  (requesting that Mattel "state all facts regarding how that RICO predicate act proximately caused injury(s) to Mattel's business or property").

27  [154]  See Opposition at Argument § III.

28  [155]  See Opposition at Argument § IV.

1          (a)     every RICO predicate act(s) committed through that conduct;

2          (b)     which PERSONS employed by or associated with which RICO

3   enterprises committed those predicate acts;

4          (c)     the injuries to Mattel's business or property proximately caused

5   by those predicate acts;

6          (d)     how MATTEL has calculated or estimated the dollar value of

7   those injuries (and if it has not, why not); and

8          (e)     IDENTIFY all PERSONS MATTEL believes have knowledge of

9   the information requested in this Interrogatory.

10  **RESPONSE TO INTERROGATORY NO. 13:**

11          In addition to the general objections stated above, Mattel specifically

12  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

13  overbroad, including in that it purports to require Mattel to summarize all facts on

14  these subjects, despite defendants' own refusals to answer interrogatories with the

15  same or comparable language and in conflict with the Court's Orders of February

16  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

17  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

18  that it calls for the disclosure of information subject to the attorney-client privilege,

19  the attorney work-product doctrine and other applicable privileges.  Mattel further

20  objects to this Interrogatory on the grounds that it calls for the disclosure of

21  confidential and/or proprietary information, which Mattel will disclose only subject

22  to and in reliance upon the operative protective order.  Mattel further objects to this

23  Interrogatory as compound and seeks to require Mattel to provide separate discrete

24  responses as to "every RICO predicate act committed through that conduct."  As

25  such, the interrogatory is impermissibly compound and causes the total number of

26  interrogatories served during Phase 2 discovery to exceed the limits set by the

27  Federal Rules of Civil Procedure and the Court.

28

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO INTERROGATORY NO. 13 SHOULD BE COMPELLED:**

Mattel has refused to provide answers in response to this Interrogatory, subject to its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "the grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all"). To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to respond.

Mattel also bases its refusal to respond on two equally unavailing arguments with respect to the counting of interrogatories in an effort to avoid responding to this and the other Interrogatories at Issue. First, Mattel asserts a non-existent discovery limitation applies such that each *side* in the litigation may only serve 25 interrogatories. This is the same argument that Mattel has made unsuccessfully in the past. See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August 5, 2009). While Mattel continues to assert this meritless objection rather than responding to this interrogatory, Mattel cannot identify a single factual or legal basis to support it. To the contrary, Judge Larson has made clear that there is a "clean slate" with respect to the Phase 2 discovery. Specifically, Judge Larson noted that he has not placed any restrictions on discovery in Phase 2 other than those set by the

07975/3132917.1

1  Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of

2  February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has ██████████

3  ████████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████

5  ████████████████  Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated

6  August 14, 2009).  Indeed in that same order, Discovery Master O'Brien noted that

7  ████████████████████████████████████████████████████████

8  ██████████████████████████████████████████████  Molinski

9  Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009).  The ruling is

10  unsurprising as case law also supports this interpretation.  See, e.g., St. Paul Fire and

11  Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.

12  Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking

13  down a local rule that allotted interrogatories on a "per side" basis); Missouri

14  Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

15  established a scheduling plan that maintained a distinction between interrogatory

16  limitations by "party" and deposition limitations by "side.").  Since this interrogatory

17  was propounded by MGA Entertainment (HK) and they have not propounded more

18  than 25 interrogatories, Mattel's objection should be overruled and Mattel must be

19  ordered to provide a substantive response.

20  　　　　To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit

21  is only entitled to propound 25 interrogatories, would produce a ludicrous result.

22  For example, under Mattel's reasoning all counsel, in a multi-defendant case where

23  each defendant is represented by their own counsel, all defendants' counsel would be

24  forced to agree on a single set of 25 interrogatories to propound on plaintiff.  Such

25  an irrational result is not the intent of Rule 33, nor the federal discovery statutes.  As

26  noted by Discovery Master O'Brien, ██████████████████████

27  ████████████████████████████████████████████████████████

28  ██████████████████████████████  Molinski Decl., Ex. 8 at

171:7-9 (Order No. 46 dated August 14, 2009). Within this policy is the right of each party in a litigation to serve written discovery. That the MGA parties happen to be represented by the same counsel does not alter the analysis. Each party must be allowed to serve 25 interrogatories and Mattel must be compelled to answer them.

Mattel's second counting argument is that this interrogatory is impermissibly compound. ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████ See Molinski Decl., Ex. 13 at 529 (Mattel's Motion for Protective Order dated June 29, 2009). ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████ See Molinski Decl., Ex. 8 at 171:23-26 (Order No. 46 dated August 14, 2009). Even when an interrogatory contains subparts, it is still considered a single interrogatory when it relates to a common theme. See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D. Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details concerning a 'common theme' should generally be considered a single question."); see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question regarding a common group of people" not compound (citing 8A Wright et al., Fed. Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single question ... even though it may call for an answer containing several separate bits of information, if there is a direct relationship between the various bits of information called for.").

1    This interrogatory seeks a narrative concerning a common theme. That

2 is, it seeks information concerning Mattel's claim that the hiring of Jorge Castilla

3 constitutes a predicate act for its claims of RICO violations. The request is

4 structured to aid Mattel in responding to the interrogatory and seeks only

5 information that a responding party would reasonably expect to receive in response,

6 even if the level of request detail were not included. Indeed, the basis of the entire

7 interrogatory is to seek information that will ultimately allow MGA to defend

8 against Mattel's RICO allegations and is crucial to that defense. As such, this

9 interrogatory should be counted as a single interrogatory and Mattel should be

10 ordered to respond.

11    In addition, Mattel's bare assertion that MGA has "purports to require

12 Mattel to summarize all facts on these subjects, despite defendants' own refusals to

13 answer interrogatories with the same or comparable language" is not only

14 unsupported and false, but immaterial – if this were true (and it is not), Mattel's

15 obligation to fully respond to the Interrogatories would be unaffected.

16    As to overbreadth, Mattel provides no explanation, let alone the

17 required particularity, as to why this interrogatory is supposedly overly broad, nor

18 can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118

19 (Order No. 17, dated April 14, 2009 (overruling objections not stated with

20 specificity)). To the contrary, the Interrogatory is narrowly tailored to seek

21 responses concerning Mattel's allegation that the defendants hired Jorge Castilla to

22 obtain trade secret and highly confidential information about Mattel's forecasting

23 and inventory management systems.

24    As to burden, Mattel has not attempted to demonstrate why responding

25 to this Interrogatory presents any burden. This objection must therefore be rejected.

26 See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

27 1997) ("The party claiming that a discovery request is unduly burdensome must

28 allege specific facts which indicate the nature and extent of the burden, usually by

07975/3132917.1

1  affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as
2  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable
3  evidence.

4  This Interrogatory does not seek responses protected by the attorney-
5  client privilege, the attorney work product doctrine, or other applicable privileges.
6  To the extent that Mattel contends that it does, it does not excuse Mattel from
7  responding with any non-privileged information.  Additionally, to the extent that
8  such privileged material exists, Mattel must provide a privilege log.

9  Mattel objects that the Interrogatory contains confidential and/or
10  proprietary information.  A Protective Order exists in this case, obviating any
11  concern as to protection of privacy rights and/or commercially sensitive
12  information.  Also, this Interrogatory does not seek information violative of any
13  third party's rights of privacy.  The facts, persons, and documents responsive to this
14  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,
15  and as Mattel itself previously has argued, any privacy issues are fully addressed by
16  the Protective Order.

17  In short, Mattel's objections are uniformly without merit and frivolous.
18  The Discovery Master should order Mattel to provide a substantive response to
19  Interrogatory No. 13 without objection.

20  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
21  **INTERROGATORY NO. 13 IS NOT WARRANTED**

22  Defendants have exceeded their Phase 2 Interrogatory limit.  Mattel hereby
23  incorporates by reference Argument § I of its Opposition.  For the reasons set forth
24  more fully in Argument § I of its Opposition, the Discovery Master should set the
25  interrogatory limit per side, as opposed to per party, consistent with the Court's
26  previous rulings in this case, applicable case law and basic fairness.[156]  Moreover, even

27  ───────────────
[156]  See Opposition at Argument § I.
28

1  if a "per party" rule were to apply, MGA Hong Kong clearly has exceeded its limit of
2  25 interrogatories because it has served 25 separately-numbered interrogatories, many
3  of which are compound and address discrete issues. See Argument §§ I.B and I.C of
4  Opposition. If even one of its interrogatories is properly counted as more than one --
5  and virtually all count as far more than one in Mattel's view -- MGA Hong Kong has
6  exceeded any putative 25 interrogatory limit that applies to it.[157]

7      Interrogatory No. 13 is compound. Mattel hereby incorporates by reference
8  Argument §§ I.B and I.C of its Opposition. Interrogatory No. 13 seeks "all facts" about
9  "every RICO predicate act," of which there are many. Additionally, Interrogatory No.
10  13 poses five different questions about each of the predicate acts.  Accordingly,
11  Interrogatory No. 13 represents at least dozens of interrogatories.

12      Interrogatory No. 13 is unduly burdensome because it requires Mattel to identify
13  "all" facts, persons and documents. Mattel hereby incorporates by reference Argument
14  § II of its Opposition.  Consistent with the Discovery Master's prior rulings and
15  applicable case law, Interrogatory No. 13 is unduly burdensome to the extent it requires
16  Mattel to identify "all" facts, persons and documents.[158]  It also is unduly burdensome
17  because of the detailed litany of information it purports to require.

18      MGA has previously blocked Mattel's discovery relating to "every RICO
19  predicate act."  Mattel hereby incorporates by reference Argument § II.A.  This
20  interrogatory seeks information relating to "every RICO predicate act" in spite of the
21  fact that MGA has successfully argued in the past that producing evidence relating to
22  every RICO predicate is unduly burdensome. Based on such efforts by MGA, Mattel
23  has been unable to obtain information relating to "every RICO predicate act" and
24  should not have to produce such information.

25

26

---

27  [157]  See Opposition at Argument § I.
28  [158]  See Opposition at Argument § II.A.1.

1   Interrogatory No. 13 is unduly burdensome because it is cumulative of other
2   interrogatories served on Mattel. Mattel hereby incorporates by reference Argument §
3   II.B. This interrogatory is simply an attempt to force Mattel to restate information that
4   it has already provided to Defendants. For example, the interrogatory is cumulative of
5   the following interrogatories:

6   **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe
7   in detail the complete factual basis for YOUR COUNTERCLAIMS
8   including, without limitation all facts, DOCUMENTS, and witnesses that
9   REFER OR RELATE TO YOUR COUNTERCLAIMS. [159]

10   **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe
11   in detail any estimate or calculation of damage, loss, injury, or unjust
12   enrichment, by reason of any act or omission alleged in YOUR
13   COUNTERCLAIMS, that YOU have made or that has been made on
14   YOUR behalf or at YOUR request, including all facts, DOCUMENTS or
15   witnesses RELATING TO each estimate or calculation. [160]

16   **Interrogatory No. 5, MGA's First Set of Phase 2 Interrogatories:**
17   IDENTIFY ANY damages YOU contend YOU have suffered as a result
18   of the violation of the Racketeer Influenced and Corrupt Organization Act
19   alleged by YOU in the Second Counterclaim of YOUR OPERATIVE
20   COUNTERCLAIMS in THIS ACTION. [161]

21   **Interrogatory No. 1, MGA's First Set of Interrogatories:** State all
22   facts, with particularity, and IDENTIFY all DOCUMENTS that support

23
24
_____

25   [159]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 28.
26   [160]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 29.
27   [161]  See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 5.
28

1   YOUR contention, if YOU so contend, that YOU have suffered harm as a
2   result of any act or omission of MGA.[162]

3   **Interrogatory No. 2, MGA's First Set of Interrogatories:** IDENTIFY
4   all PERSONS with knowledge of each fact" "stated in response to
5   Interrogatory No. 1.[163]

6   **Interrogatory No. 3, MGA's First Set of Interrogatories:** State, with
7   particularity, the nature, amount, cause and calculation of every item of
8   YOUR alleged damages, including, without limitation, general, actual and
9   statutory damages, restitution, disgorgement of unlawful profits, lost
10  profits, lost payments, lost revenues, lost monies, lost royalties or license
11  fees, reputational harm, lost relationships, lost business opportunities,
12  interest, attorneys' fees, costs, expenses, and any other form of injury or
13  damage of quantifiable remedy that YOU seek to recover in this
14  lawsuit.[164]

15  **Interrogatory No. 4, MGA's First Set of Interrogatories:**  State all
16  facts, with particularity, and IDENTIFY all DOCUMENTS that support
17  YOUR contention, if YOU so contend, that YOU are entitled to
18  exemplary damages, attorneys' fees and costs.[165]

19      Interrogatory No. 13 is of limited benefit to MGA Hong Kong. Mattel hereby
20  incorporates by reference Argument § II.C.  This interrogatory is of limited value to
21  MGA Hong Kong in that it seeks information far broader than information relating to
22  MGA Hong Kong and the claims and defenses related to MGA Hong Kong.  First of
23  all, the Interrogatory relates generally to "defendants," not specifically to MGA Hong
24  Kong.  To the extent it seeks information not related to MGA Hong Kong, MGA Hong

---

[162]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 1.
[163]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 2.
[164]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 3.
[165]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 4.

1  Kong cannot realize any benefit from the discovery. In addition, as shown above and in

2  the Opposition, the Interrogatory seeks information beyond what Mattel will need to

3  prove at either summary judgment or trial regarding its RICO claims.

4      Interrogatory 13 is overbroad in that it requires Mattel to "state all facts regarding

5  the injuries to Mattel's business or property proximately caused by [defendants'] acts."

6  Mattel hereby incorporates by reference Argument § II.C of its Opposition. The

7  interrogatory requires Mattel to identify injury proximately caused from a specific

8  predicate act;[166] however, this showing is not required under the law.

9      Mattel properly reserved its right to supplement its response based on facts

10 learned in the future and expert discovery. Mattel hereby incorporates by reference

11 Argument § III of its Opposition. To the extent the Interrogatory seeks information that

12 Mattel has not yet learned because of Defendants' obstructionism and information that

13 is the subject of expert discovery, Mattel properly reserved its right to supplement its

14 response based on any newly learned information and in accordance with the Rules and

15 Court Orders governing expert disclosures.[167]

16     Mattel properly reserved its privilege objection. Mattel hereby incorporates by

17 reference Argument § IV of its Opposition. To the extent the Interrogatory seeks

18 information protected by the attorney client privilege, Mattel timely objected to the

19 interrogatory and preserved its objection.[168]

20 **INTERROGATORY NO. 14:**

21     With respect to the allegation in paragraphs 88 — 94 of the

22 Counterclaims of the TAAC, that the defendants hired Janine Brisbois and stole

23 trade secrets of MATTEL in Canada, state all facts regarding:

24         (a)    every RICO predicate act committed through that conduct;

25 ─────────────
   [166] See, e.g., MGA Hong Kong's Interrogatory No. 1, Molinski Dec., Exh. 1
26 (requesting that Mattel "state all facts regarding how that RICO predicate act
   proximately caused injury(s) to Mattel's business or property").
27 [167] See Opposition at Argument § III.
   [168] See Opposition at Argument § IV.
28

07975/3132917.1

1        (b)    which PERSONS employed by or associated with which RICO

2    enterprises committed those predicate acts;

3        (c)    the injuries to Mattel's business or property proximately caused

4    by those predicate acts;

5        (d)    how MATTEL has calculated or estimated the dollar value of

6    those injuries (and if it has not, why not); and

7        (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

8    the information requested in this Interrogatory.

9    **RESPONSE TO INTERROGATORY NO. 14:**

10       In addition to the general objections stated above, Mattel specifically

11   objects to this Interrogatory on the grounds that it is unreasonably burdensome,

12   overbroad, including in that it purports to require Mattel to summarize all facts on

13   these subjects, despite defendants' own refusals to answer interrogatories with the

14   same or comparable language and in conflict with the Court's Orders of February

15   15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

16   facts on these subjects. Mattel further objects to this Interrogatory on the grounds

17   that it calls for the disclosure of information subject to the attorney-client privilege,

18   the attorney work-product doctrine and other applicable privileges. Mattel further

19   objects to this Interrogatory on the grounds that it calls for the disclosure of

20   confidential and/or proprietary information, which Mattel will disclose only subject

21   to and in reliance upon the operative protective order. Mattel further objects to this

22   Interrogatory as compound and seeks to require Mattel to provide separate discrete

23   responses as to "every RICO predicate act committed through that conduct." As

24   such, the interrogatory is impermissibly compound and causes the total number of

25   interrogatories served during Phase 2 discovery to exceed the limits set by the

26   Federal Rules of Civil Procedure and the Court.

27

28

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
**INTERROGATORY NO. 14 SHOULD BE COMPELLED:**

Mattel has refused to provide answers in response to this Interrogatory, subject to its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "the grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all"). To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to respond.

Mattel also bases its refusal to respond on two equally unavailing arguments with respect to the counting of interrogatories in an effort to avoid responding to this and the other Interrogatories at Issue. First, Mattel asserts a non-existent discovery limitation applies such that each *side* in the litigation may only serve 25 interrogatories. This is the same argument that Mattel has made unsuccessfully in the past. See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August 5, 2009). While Mattel continues to assert this meritless objection rather than responding to this interrogatory, Mattel cannot identify a single factual or legal basis to support it. To the contrary, Judge Larson has made clear that there is a "clean slate" with respect to the Phase 2 discovery. Specifically, Judge Larson noted that he has not placed any restrictions on discovery in Phase 2 other than those set by the

-127-

1 Rules of Civil Procedure. <u>See</u> Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of
2 February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has ███████

3 ████████████████████████████████████████████████████████

4 ████████████████████████████████████████████████████████

5 ███████████████  Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated
6 August 14, 2009).  Indeed in that same order, Discovery Master O'Brien noted that

7 ████████████████████████████████████████████████████

8 ████████████████████████████████████████████  Molinski
9 Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009).  The ruling is
10 unsurprising as case law also supports this interpretation. <u>See, e.g.,</u> <u>St. Paul Fire and</u>
11 <u>Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP</u>, 217 F.R.D. 288, 289 (D.
12 Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking
13 down a local rule that allotted interrogatories on a "per side" basis); <u>Missouri</u>
14 <u>Republican Party v. Lamb,</u> 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court
15 established a scheduling plan that maintained a distinction between interrogatory
16 limitations by "party" and deposition limitations by "side.").  Since this interrogatory
17 was propounded by MGA Entertainment (HK) and they have not propounded more
18 than 25 interrogatories, Mattel's objection should be overruled and Mattel must be
19 ordered to provide a substantive response.
20 To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit
21 is only entitled to propound 25 interrogatories, would produce a ludicrous result.
22 For example, under Mattel's reasoning all counsel, in a multi-defendant case where
23 each defendant is represented by their own counsel, all defendants' counsel would be
24 forced to agree on a single set of 25 interrogatories to propound on plaintiff.  Such
25 an irrational result is not the intent of Rule 33, nor the federal discovery statutes.  As
26 noted by Discovery Master O'Brien, ████████████████████████

27 ████████████████████████████████████████████████████

28 ████████████████████████████████  Molinski Decl., Ex. 8 at

RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES

1 | 171:7-9 (Order No. 46 dated August 14, 2009). Within this policy is the right of
2 | each party in a litigation to serve written discovery. That the MGA parties happen
3 | to be represented by the same counsel does not alter the analysis. Each party must
4 | be allowed to serve 25 interrogatories and Mattel must be compelled to answer
5 | them.

6 |          Mattel's second counting argument is that this interrogatory is
7 | impermissibly compound. ███████████████████████████
8 | ████████████████████████████████████████████
9 | ██████████████████████████████████████
10 | ████████████████████████ See Molinski Decl., Ex. 13 at 529
11 | (Mattel's Motion for Protective Order dated June 29, 2009). ████████████
12 | ████████████████████████████████████████████
13 | ████████████████████████████████████████
14 | ████████████████████████ See Molinski Decl., Ex. 8 at
15 | 171:23-26 (Order No. 46 dated August 14, 2009). Even when an interrogatory
16 | contains subparts, it is still considered a single interrogatory when it relates to a
17 | common theme. See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.
18 | Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details
19 | concerning a 'common theme' should generally be considered a single question.");
20 | see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL
21 | 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question
22 | regarding a common group of people" not compound (citing 8A Wright et al., Fed.
23 | Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113
24 | F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single
25 | question ... even though it may call for an answer containing several separate bits of
26 | information, if there is a direct relationship between the various bits of information
27 | called for.").
28 |

1    This interrogatory seeks a narrative concerning a common theme. That
2  is, it seeks information concerning Mattel's claim that the hiring of Janine Brisbois
3  constitutes a predicate act for its claims of RICO violations. The request is
4  structured to aid Mattel in responding to the interrogatory and seeks only
5  information that a responding party would reasonably expect to receive in response,
6  even if the level of request detail were not included. Indeed, the basis of the entire
7  interrogatory is to seek information that will ultimately allow MGA to defend
8  against Mattel's RICO allegations and is crucial to that defense. As such, this
9  interrogatory should be counted as a single interrogatory and Mattel should be
10  ordered to respond.

11    In addition, Mattel's bare assertion that MGA has "purports to require
12  Mattel to summarize all facts on these subjects, despite defendants' own refusals to
13  answer interrogatories with the same or comparable language" is not only
14  unsupported and false, but immaterial – if this were true (and it is not), Mattel's
15  obligation to fully respond to the Interrogatories would be unaffected.

16    As to overbreadth, Mattel provides no explanation, let alone the
17  required particularity, as to why this interrogatory is supposedly overly broad, nor
18  can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118
19  (Order No. 17, dated April 14, 2009 (overruling objections not stated with
20  specificity)). To the contrary, the Interrogatory is narrowly tailored to seek
21  responses concerning Mattel's allegation that the defendants hired Janine Brisbois
22  and stole Mattel trade secrets in Canada.

23    As to burden, Mattel has not attempted to demonstrate why responding
24  to this Interrogatory presents any burden. This objection must therefore be rejected.
25  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.
26  1997) ("The party claiming that a discovery request is unduly burdensome must
27  allege specific facts which indicate the nature and extent of the burden, usually by
28  affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as

1  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable
2  evidence.

3         This Interrogatory does not seek responses protected by the attorney-
4  client privilege, the attorney work product doctrine, or other applicable privileges.
5  To the extent that Mattel contends that it does, it does not excuse Mattel from
6  responding with any non-privileged information. Additionally, to the extent that
7  such privileged material exists, Mattel must provide a privilege log.

8         Mattel objects that the Interrogatory contains confidential and/or
9  proprietary information. A Protective Order exists in this case, obviating any
10  concern as to protection of privacy rights and/or commercially sensitive
11  information. Also, this Interrogatory does not seek information violative of any
12  third party's rights of privacy. The facts, persons, and documents responsive to this
13  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,
14  and as Mattel itself previously has argued, any privacy issues are fully addressed by
15  the Protective Order.

16         In short, Mattel's objections are uniformly without merit and frivolous.
17  The Discovery Master should order Mattel to provide a substantive response to
18  Interrogatory No. 14 without objection.

19  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
20  **INTERROGATORY NO. 14 IS NOT WARRANTED**

21      <u>Defendants have exceeded their Phase 2 Interrogatory limit.</u> Mattel hereby
22  incorporates by reference Argument § I of its Opposition. For the reasons set forth
23  more fully in Argument § I of its Opposition, the Discovery Master should set the
24  interrogatory limit per side, as opposed to per party, consistent with the Court's
25  previous rulings in this case, applicable case law and basic fairness.[169] Moreover, even
26  if a "per party" rule were to apply, MGA Hong Kong clearly has exceeded its limit of

27  _____

[169]  <u>See</u> Opposition at Argument § I.

28

1  25 interrogatories because it has served 25 separately-numbered interrogatories, many
2  of which are compound and address discrete issues. See Argument §§ I.B and I.C of
3  Opposition. If even one of its interrogatories is properly counted as more than one --
4  and virtually all count as far more than one in Mattel's view -- MGA Hong Kong has
5  exceeded any putative 25 interrogatory limit that applies to it.[170]

6      Interrogatory No. 14 is compound. Mattel hereby incorporates by reference
7  Argument §§ I.B and I.C of its Opposition. Interrogatory No. 14 seeks "all facts" about
8  "every RICO predicate act," of which there are many. Additionally, Interrogatory No.
9  14 poses five different questions about each of the predicate acts. Accordingly,
10  Interrogatory No. 14 represents at least dozens of interrogatories.

11      Interrogatory No. 14 is unduly burdensome because it requires Mattel to identify
12  "all" facts, persons and documents. Mattel hereby incorporates by reference Argument
13  § II of its Opposition. Consistent with the Discovery Master's prior rulings and
14  applicable case law, Interrogatory No. 14 is unduly burdensome to the extent it requires
15  Mattel to identify "all" facts, persons and documents.[171] It also is unduly burdensome
16  because of the detailed litany of information it purports to require.

17      MGA has previously blocked Mattel's discovery relating to "every RICO
18  predicate act." Mattel hereby incorporates by reference Argument § II.A. This
19  interrogatory seeks information relating to "every RICO predicate act" in spite of the
20  fact that MGA has successfully argued in the past that producing evidence relating to
21  every RICO predicate is unduly burdensome. Based on such efforts by MGA, Mattel
22  has been unable to obtain information relating to "every RICO predicate act" and
23  should not have to produce such information.

24      Interrogatory No. 14 is unduly burdensome because it is cumulative of other
25  interrogatories served on Mattel. Mattel hereby incorporates by reference Argument §
26

27  [170] See Opposition at Argument § I.
28  [171] See Opposition at Argument § II.A.1.

II.B. This interrogatory is simply an attempt to force Mattel to restate information that it has already provided to Defendants. For example, the interrogatory is cumulative of the following interrogatories:

> **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe in detail the complete factual basis for YOUR COUNTERCLAIMS including, without limitation all facts, DOCUMENTS, and witnesses that REFER OR RELATE TO YOUR COUNTERCLAIMS. [172]

> **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe in detail any estimate or calculation of damage, loss, injury, or unjust enrichment, by reason of any act or omission alleged in YOUR COUNTERCLAIMS, that YOU have made or that has been made on YOUR behalf or at YOUR request, including all facts, DOCUMENTS or witnesses RELATING TO each estimate or calculation. [173]

> **Interrogatory No. 5, MGA's First Set of Phase 2 Interrogatories:** IDENTIFY ANY damages YOU contend YOU have suffered as a result of the violation of the Racketeer Influenced and Corrupt Organization Act alleged by YOU in the Second Counterclaim of YOUR OPERATIVE COUNTERCLAIMS in THIS ACTION. [174]

> **Interrogatory No. 1, MGA's First Set of Interrogatories:** State all facts, with particularity, and IDENTIFY all DOCUMENTS that support YOUR contention, if YOU so contend, that YOU have suffered harm as a result of any act or omission of MGA. [175]

---

[172] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 28.
[173] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 29.
[174] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 5.
[175] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 1.

RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES

1    **Interrogatory No. 2, MGA's First Set of Interrogatories:** IDENTIFY
2    all PERSONS with knowledge of each fact" "stated in response to
3    Interrogatory No. 1.[176]

4    **Interrogatory No. 3, MGA's First Set of Interrogatories:** State, with
5    particularity, the nature, amount, cause and calculation of every item of
6    YOUR alleged damages, including, without limitation, general, actual and
7    statutory damages, restitution, disgorgement of unlawful profits, lost
8    profits, lost payments, lost revenues, lost monies, lost royalties or license
9    fees, reputational harm, lost relationships, lost business opportunities,
10   interest, attorneys' fees, costs, expenses, and any other form of injury or
11   damage of quantifiable remedy that YOU seek to recover in this
12   lawsuit.[177]

13   **Interrogatory No. 4, MGA's First Set of Interrogatories:** State all
14   facts, with particularity, and IDENTIFY all DOCUMENTS that support
15   YOUR contention, if YOU so contend, that YOU are entitled to
16   exemplary damages, attorneys' fees and costs.[178]

17   Interrogatory No. 14 is of limited benefit to MGA Hong Kong. Mattel hereby
18   incorporates by reference Argument § II.C.  This interrogatory is of limited value to
19   MGA Hong Kong in that it seeks information far broader than information relating to
20   MGA Hong Kong and the claims and defenses related to MGA Hong Kong.  First of
21   all, the Interrogatory relates generally to "defendants," not specifically to MGA Hong
22   Kong.  To the extent it seeks information not related to MGA Hong Kong, MGA Hong
23   Kong cannot realize any benefit from the discovery.  In addition, as shown above and in
24   the Opposition, the Interrogatory seeks information beyond what Mattel will need to
25   prove at either summary judgment or trial regarding its RICO claims.

26   [176]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 2.
27   [177]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 3.
28   [178]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 4.

1    Interrogatory 14 is overbroad in that it requires Mattel to "state all facts regarding
2    the injuries to Mattel's business or property proximately caused by [defendants'] acts."
3    Mattel hereby incorporates by reference Argument § II.C of its Opposition. The
4    interrogatory requires Mattel to identify injury proximately caused from a specific
5    predicate act;[179] however, this showing is not required under the law.

6    Mattel properly reserved its right to supplement its response based on facts
7    learned in the future and expert discovery. Mattel hereby incorporates by reference
8    Argument § III of its Opposition. To the extent the Interrogatory seeks information that
9    Mattel has not yet learned because of Defendants' obstructionism and information that
10   is the subject of expert discovery, Mattel properly reserved its right to supplement its
11   response based on any newly learned information and in accordance with the Rules and
12   Court Orders governing expert disclosures.[180]

13   Mattel properly reserved its privilege objection. Mattel hereby incorporates by
14   reference Argument § IV of its Opposition. To the extent the Interrogatory seeks
15   information protected by the attorney client privilege, Mattel timely objected to the
16   interrogatory and preserved its objection.[181]

17   **INTERROGATORY NO. 15:**

18          With respect to the allegation in paragraphs 95 — 96 of the
19   Counterclaims of the TAAC, that MATTEL employees other than Carter Bryant
20   secretly worked on Bratz, state all facts regarding:

21          (a)    every RICO predicate act committed through that conduct;

22          (b)    which PERSONS employed by or associated with which RICO
23   enterprises committed those predicate acts;

24

25   [179]   See, e.g., MGA Hong Kong's Interrogatory No. 1, Molinski Dec., Exh. 1
26   (requesting that Mattel "state all facts regarding how that RICO predicate act
     proximately caused injury(s) to Mattel's business or property").
27   [180]   See Opposition at Argument § III.
     [181]   See Opposition at Argument § IV.
28

                                    -135-

1           (c)    the injuries to Mattel's business or property proximately caused

2  by those predicate acts;

3           (d)    how MATTEL has calculated or estimated the dollar value of

4  those injuries (and if it has not, why not);

5           (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

6  the information requested in this Interrogatory.

7  **RESPONSE TO INTERROGATORY NO. 15:**

8           In addition to the general objections stated above, Mattel specifically

9  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

10  overbroad, including in that it purports to require Mattel to summarize all facts on

11  these subjects, despite defendants' own refusals to answer interrogatories with the

12  same or comparable language and in conflict with the Court's Orders of February

13  15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

14  facts on these subjects. Mattel further objects to this Interrogatory on the grounds

15  that it calls for the disclosure of information subject to the attorney-client privilege,

16  the attorney work-product doctrine and other applicable privileges. Mattel further

17  objects to this Interrogatory on the grounds that it calls for the disclosure of

18  confidential and/or proprietary information, which Mattel will disclose only subject

19  to and in reliance upon the operative protective order. Mattel further objects to this

20  Interrogatory as compound and seeks to require Mattel to provide separate discrete

21  responses as to "every RICO predicate act committed through that conduct." As

22  such, the interrogatory is impermissibly compound and causes the total number of

23  interrogatories served during Phase 2 discovery to exceed the limits set by the

24  Federal Rules of Civil Procedure and the Court.

25  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

26  **INTERROGATORY NO. 15 SHOULD BE COMPELLED:**

27           Mattel has refused to provide answers in response to this Interrogatory,

28  subject to its improper boilerplate objections. Under the Federal Rules of Civil

1 Procedure, "the grounds for objecting to an interrogatory must be stated with

2 specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the

3 basis for an objection with specificity are routinely rejected in the Central District.

4 See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

5 ("general or boilerplate objections such as 'overly burdensome and harassing' are

6 improper – especially when a party fails to submit any evidentiary declarations

7 supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

8 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

9 inadequate and tantamount to not making any objection at all"). To the extent that

10 Mattel is relying on its blanket objections, they are not sustainable and do not justify

11 Mattel's failure to respond.

12      Mattel also bases its refusal to respond on two equally unavailing

13 arguments with respect to the counting of interrogatories in an effort to avoid

14 responding to this and the other Interrogatories at Issue. First, Mattel asserts a non-

15 existent discovery limitation applies such that each *side* in the litigation may only

16 serve 25 interrogatories. This is the same argument that Mattel has made

17 unsuccessfully in the past. See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion

18 for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47

19 (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August

20 5, 2009). While Mattel continues to assert this meritless objection rather than

21 responding to this interrogatory, Mattel cannot identify a single factual or legal basis

22 to support it. To the contrary, Judge Larson has made clear that there is a "clean

23 slate" with respect to the Phase 2 discovery. Specifically, Judge Larson noted that

24 he has not placed any restrictions on discovery in Phase 2 other than those set by the

25 Rules of Civil Procedure. See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of

26 February 11, 2009 Hearing). Indeed, Discovery Master O'Brien ███████████

27 ████████████████████████████████████████████████████████

28 ████████████████████████████████████████████████████████

1 ███████████████ Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated

2 August 14, 2009). Indeed in that same order, Discovery Master O'Brien noted that

3 ████████████████████████████████████████████████████

4 ██████████████████████████████████████████████ Molinski

5 Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009). The ruling is

6 unsurprising as case law also supports this interpretation. See, e.g., St. Paul Fire and

7 Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.

8 Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking

9 down a local rule that allotted interrogatories on a "per side" basis); Missouri

10 Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

11 established a scheduling plan that maintained a distinction between interrogatory

12 limitations by "party" and deposition limitations by "side."). Since this interrogatory

13 was propounded by MGA Entertainment (HK) and they have not propounded more

14 than 25 interrogatories, Mattel's objection should be overruled and Mattel must be

15 ordered to provide a substantive response.

16 To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit

17 is only entitled to propound 25 interrogatories, would produce a ludicrous result.

18 For example, under Mattel's reasoning all counsel, in a multi-defendant case where

19 each defendant is represented by their own counsel, all defendants' counsel would be

20 forced to agree on a single set of 25 interrogatories to propound on plaintiff. Such

21 an irrational result is not the intent of Rule 33, nor the federal discovery statutes. As

22 noted by Discovery Master O'Brien, ████████████████████

23 ████████████████████████████████████████████████████

24 █████████████████████████████████ Molinski Decl., Ex. 8 at

25 171:7-9 (Order No. 46 dated August 14, 2009). Within this policy is the right of

26 each party in a litigation to serve written discovery. That the MGA parties happen

27 to be represented by the same counsel does not alter the analysis. Each party must

28

07975/3132917.1

-138-

1   be allowed to serve 25 interrogatories and Mattel must be compelled to answer

2   them.

3            Mattel's second counting argument is that this interrogatory is

4   impermissibly compound. ███████████████████████████████████

5   ███████████████████████████████████████████████████

6   ████████████████████████████████████████████

7   ███████████████████████████ See Molinski Decl., Ex. 13 at 529

8   (Mattel's Motion for Protective Order dated June 29, 2009). ████████████

9   ████████████████████████████████████████████████;

10  ████████████████████████████████████████████████

11  ████████████████████████████ See Molinski Decl., Ex. 8 at

12  171:23-26 (Order No. 46 dated August 14, 2009). Even when an interrogatory

13  contains subparts, it is still considered a single interrogatory when it relates to a

14  common theme. See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

15  Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

16  concerning a 'common theme' should generally be considered a single question.");

17  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL

18  318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question

19  regarding a common group of people" not compound (citing 8A Wright et al., Fed.

20  Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113

21  F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single

22  question ...  even though it may call for an answer containing several separate bits of

23  information, if there is a direct relationship between the various bits of information

24  called for.").

25            This interrogatory seeks a narrative concerning a common theme.  That

26  is, it seeks information concerning Mattel's claim that the hiring of Carter Bryant

27  constitutes a predicate act for its claims of RICO violations.  The request is

28  structured to aid Mattel in responding to the interrogatory and seeks only