1 information that a responding party would reasonably expect to receive in response,
2 even if the level of request detail were not included. Indeed, the basis of the entire
3 interrogatory is to seek information that will ultimately allow MGA to defend
4 against Mattel's RICO allegations and is crucial to that defense. As such, this
5 interrogatory should be counted as a single interrogatory and Mattel should be
6 ordered to respond.

7 In addition, Mattel's bare assertion that MGA has "purports to require
8 Mattel to summarize all facts on these subjects, despite defendants' own refusals to
9 answer interrogatories with the same or comparable language" is not only
10 unsupported and false, but immaterial – if this were true (and it is not), Mattel's
11 obligation to fully respond to the Interrogatories would be unaffected.

12 As to overbreadth, Mattel provides no explanation, let alone the
13 required particularity, as to why this interrogatory is supposedly overly broad, nor
14 can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118
15 (Order No. 17, dated April 14, 2009 (overruling objections not stated with
16 specificity)). To the contrary, the Interrogatory is narrowly tailored to seek
17 responses concerning Mattel's allegation that Mattel employees (other than Carter
18 Bryant) secretly worked on Bratz.

19 As to burden, Mattel has not attempted to demonstrate why responding
20 to this Interrogatory presents any burden. This objection must therefore be rejected.
21 See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.
22 1997) ("The party claiming that a discovery request is unduly burdensome must
23 allege specific facts which indicate the nature and extent of the burden, usually by
24 affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as
25 noted above, in that the Interrogatory is narrowly tailored to seek only discoverable
26 evidence.

27 This Interrogatory does not seek responses protected by the attorney-
28 client privilege, the attorney work product doctrine, or other applicable privileges.

1  To the extent that Mattel contends that it does, it does not excuse Mattel from
2  responding with any non-privileged information. Additionally, to the extent that
3  such privileged material exists, Mattel must provide a privilege log.

4       Mattel objects that the Interrogatory contains confidential and/or
5  proprietary information. A Protective Order exists in this case, obviating any
6  concern as to protection of privacy rights and/or commercially sensitive
7  information. Also, this Interrogatory does not seek information violative of any
8  third party's rights of privacy. The facts, persons, and documents responsive to this
9  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,
10  and as Mattel itself previously has argued, any privacy issues are fully addressed by
11  the Protective Order.

12       In short, Mattel's objections are uniformly without merit and frivolous.
13  The Discovery Master should order Mattel to provide a substantive response to
14  Interrogatory No. 15 without objection.

15  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
16  **INTERROGATORY NO. 15 IS NOT WARRANTED**

17       Defendants have exceeded their Phase 2 Interrogatory limit. Mattel hereby
18  incorporates by reference Argument § I of its Opposition. For the reasons set forth
19  more fully in Argument § I of its Opposition, the Discovery Master should set the
20  interrogatory limit per side, as opposed to per party, consistent with the Court's
21  previous rulings in this case, applicable case law and basic fairness.[182] Moreover, even
22  if a "per party" rule were to apply, MGA Hong Kong clearly has exceeded its limit of
23  25 interrogatories because it has served 25 separately-numbered interrogatories, many
24  of which are compound and address discrete issues. See Argument §§ I.B and I.C of
25  Opposition. If even one of its interrogatories is properly counted as more than one --
26
27  _____
   [182]  See Opposition at Argument § I.
28

1　and virtually all count as far more than one in Mattel's view -- MGA Hong Kong has
2　exceeded any putative 25 interrogatory limit that applies to it.[183]

3　　　Interrogatory No. 15 is compound. Mattel hereby incorporates by reference
4　Argument §§ I.B and I.C of its Opposition. Interrogatory No. 15 seeks "all facts" about
5　"every RICO predicate act," of which there are many. Additionally, Interrogatory No.
6　15 poses five different questions about each of the predicate acts. Accordingly,
7　Interrogatory No. 15 represents at least dozens of interrogatories.

8　　　Interrogatory No. 15 is unduly burdensome because it requires Mattel to identify
9　"all" facts, persons and documents. Mattel hereby incorporates by reference Argument
10　§ II of its Opposition. Consistent with the Discovery Master's prior rulings and
11　applicable case law, Interrogatory No. 15 is unduly burdensome to the extent it requires
12　Mattel to identify "all" facts, persons and documents.[184] It also is unduly burdensome
13　because of the detailed litany of information it purports to require.

14　　　MGA has previously blocked Mattel's discovery relating to "every RICO
15　predicate act." Mattel hereby incorporates by reference Argument § II.A. This
16　interrogatory seeks information relating to "every RICO predicate act" in spite of the
17　fact that MGA has successfully argued in the past that producing evidence relating to
18　every RICO predicate is unduly burdensome. Based on such efforts by MGA, Mattel
19　has been unable to obtain information relating to "every RICO predicate act" and
20　should not have to produce such information.

21　　　Interrogatory No. 15 is unduly burdensome because it is cumulative of other
22　interrogatories served on Mattel. Mattel hereby incorporates by reference Argument §
23　II.B. This interrogatory is simply an attempt to force Mattel to restate information that
24　it has already provided to Defendants. For example, the interrogatory is cumulative of
25　the following interrogatories:

26

27　[183] See Opposition at Argument § I.
28　[184] See Opposition at Argument § II.A.1.

**Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe in detail the complete factual basis for YOUR COUNTERCLAIMS including, without limitation all facts, DOCUMENTS, and witnesses that REFER OR RELATE TO YOUR COUNTERCLAIMS. [185]

**Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe in detail any estimate or calculation of damage, loss, injury, or unjust enrichment, by reason of any act or omission alleged in YOUR COUNTERCLAIMS, that YOU have made or that has been made on YOUR behalf or at YOUR request, including all facts, DOCUMENTS or witnesses RELATING TO each estimate or calculation. [186]

**Interrogatory No. 5, MGA's First Set of Phase 2 Interrogatories:** IDENTIFY ANY damages YOU contend YOU have suffered as a result of the violation of the Racketeer Influenced and Corrupt Organization Act alleged by YOU in the Second Counterclaim of YOUR OPERATIVE COUNTERCLAIMS in THIS ACTION. [187]

**Interrogatory No. 1, MGA's First Set of Interrogatories:** State all facts, with particularity, and IDENTIFY all DOCUMENTS that support YOUR contention, if YOU so contend, that YOU have suffered harm as a result of any act or omission of MGA. [188]

**Interrogatory No. 2, MGA's First Set of Interrogatories:** IDENTIFY all PERSONS with knowledge of each fact" "stated in response to Interrogatory No. 1. [189]

---

[185] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 28.

[186] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 29.

[187] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 5.

[188] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 1.

[189] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 2.

RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES

1    **Interrogatory No. 3, MGA's First Set of Interrogatories:** State, with
2    particularity, the nature, amount, cause and calculation of every item of
3    YOUR alleged damages, including, without limitation, general, actual and
4    statutory damages, restitution, disgorgement of unlawful profits, lost
5    profits, lost payments, lost revenues, lost monies, lost royalties or license
6    fees, reputational harm, lost relationships, lost business opportunities,
7    interest, attorneys' fees, costs, expenses, and any other form of injury or
8    damage of quantifiable remedy that YOU seek to recover in this
9    lawsuit.[190]

10   **Interrogatory No. 4, MGA's First Set of Interrogatories:**   State all
11   facts, with particularity, and IDENTIFY all DOCUMENTS that support
12   YOUR contention, if YOU so contend, that YOU are entitled to
13   exemplary damages, attorneys' fees and costs.[191]

14   Interrogatory No. 15 is of limited benefit to MGA Hong Kong.   Mattel hereby
15   incorporates by reference Argument § II.C.  This interrogatory is of limited value to
16   MGA Hong Kong in that it seeks information far broader than information relating to
17   MGA Hong Kong and the claims and defenses related to MGA Hong Kong.  First of
18   all, the Interrogatory relates generally to MGA, not specifically to MGA Hong Kong.
19   To the extent it seeks information not related to MGA Hong Kong, MGA Hong Kong
20   cannot realize any benefit from the discovery.  In addition, as shown above and in the
21   Opposition, the Interrogatory seeks information beyond what Mattel will need to prove
22   at either summary judgment or trial regarding its RICO claims.

23   Interrogatory 15 is overbroad in that it requires Mattel to "state all facts regarding
24   the injuries to Mattel's business or property proximately caused by [defendants'] acts."
25   Mattel hereby incorporates by reference Argument § II.C of its Opposition.   The

26   _____

27   [190]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 3.
     [191]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 4.
28

1 | interrogatory requires Mattel to identify injury proximately caused from a specific

2 | predicate act;[192] however, this showing is not required under the law.

3 |     <u>Mattel properly reserved its right to supplement its response based on facts</u>

4 | <u>learned in the future and expert discovery.</u>  Mattel hereby incorporates by reference

5 | Argument § III of its Opposition.  To the extent the Interrogatory seeks information that

6 | Mattel has not yet learned because of Defendants' obstructionism and information that

7 | is the subject of expert discovery, Mattel properly reserved its right to supplement its

8 | response based on any newly learned information and in accordance with the Rules and

9 | Court Orders governing expert disclosures.[193]

10 |     <u>Mattel properly reserved its privilege objection.</u>  Mattel hereby incorporates by

11 | reference Argument § IV of its Opposition.  To the extent the Interrogatory seeks

12 | information protected by the attorney client privilege, Mattel timely objected to the

13 | interrogatory and preserved its objection.[194]

14 | **INTERROGATORY NO. 16:**

15 |     With respect to the allegation in paragraph 97 of the Counterclaims of

16 | the TAAC, that MATTEL employees were paid in cash, using false names and false

17 | social security numbers while working for MGA, state all facts regarding:

18 |     (a)    every RICO predicate act committed through that conduct;

19 |     (b)    which PERSONS employed by or associated with which RICO

20 | enterprises committed those predicate acts;

21 |     (c)    the injuries to Mattel's business or property proximately caused

22 | by those predicate acts;

23 |

24 |

25 | [192]  See, e.g., MGA Hong Kong's Interrogatory No. 1, Molinski Dec., Exh. 1

26 | (requesting that Mattel "state all facts regarding how that RICO predicate act proximately caused injury(s) to Mattel's business or property").

27 | [193]  See Opposition at Argument § III.

28 | [194]  See Opposition at Argument § IV.

1    (d)    how MATTEL has calculated or estimated the dollar value of

2  every direct, concrete injury to Mattel's business or property which was proximately

3  caused by those predicate acts (and if it has not, why not); and

4    (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

5  the information requested in this Interrogatory.

6  **RESPONSE TO INTERROGATORY NO. 16:**

7    In addition to the general objections stated above, Mattel specifically

8  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

9  overbroad, including in that it purports to require Mattel to summarize all facts on

10  these subjects, despite defendants' own refusals to answer interrogatories with the

11  same or comparable language and in conflict with the Court's Orders of February

12  15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

13  facts on these subjects. Mattel further objects to this Interrogatory on the grounds

14  that it calls for the disclosure of information subject to the attorney-client privilege,

15  the attorney work-product doctrine and other applicable privileges. Mattel further

16  objects to this Interrogatory on the grounds that it calls for the disclosure of

17  confidential and/or proprietary information, which Mattel will disclose only subject

18  to and in reliance upon the operative protective order. Mattel further objects to this

19  Interrogatory as compound and seeks to require Mattel to provide separate discrete

20  responses as to "every RICO predicate act committed through that conduct." As

21  such, the interrogatory is impermissibly compound and causes the total number of

22  interrogatories served during Phase 2 discovery to exceed the limits set by the

23  Federal Rules of Civil Procedure and the Court.

24  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

25  **INTERROGATORY NO. 16 SHOULD BE COMPELLED:**

26    Mattel has refused to provide answers in response to this Interrogatory,

27  subject to its improper boilerplate objections. Under the Federal Rules of Civil

28  Procedure, "the grounds for objecting to an interrogatory must be stated with

1  specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

2  basis for an objection with specificity are routinely rejected in the Central District.

3  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

4  ("general or boilerplate objections such as 'overly burdensome and harassing' are

5  improper – especially when a party fails to submit any evidentiary declarations

6  supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

7  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

8  inadequate and tantamount to not making any objection at all").  To the extent that

9  Mattel is relying on its blanket objections, they are not sustainable and do not justify

10  Mattel's failure to respond.

11         Mattel also bases its refusal to respond on two equally unavailing

12  arguments with respect to the counting of interrogatories in an effort to avoid

13  responding to this and the other Interrogatories at Issue.  First, Mattel asserts a non-

14  existent discovery limitation applies such that each *side* in the litigation may only

15  serve 25 interrogatories.  This is the same argument that Mattel has made

16  unsuccessfully in the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion

17  for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47

18  (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August

19  5, 2009).  While Mattel continues to assert this meritless objection rather than

20  responding to this interrogatory, Mattel cannot identify a single factual or legal basis

21  to support it.  To the contrary, Judge Larson has made clear that there is a "clean

22  slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson noted that

23  he has not placed any restrictions on discovery in Phase 2 other than those set by the

24  Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of

25  February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has ███████

26  ████████████████████████████████████████████████

27  ████████████████████████████████████████████████

28  ████████████████████  Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated

1  August 14, 2009).  Indeed in that same order, Discovery Master O'Brien noted that

2  ████████████████████████████████████████████████████████████████

3  ████████████████████████████████████████████ Molinski

4  Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009).  The ruling is

5  unsurprising as case law also supports this interpretation.  <u>See, e.g.</u>, <u>St. Paul Fire and</u>

6  <u>Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP</u>, 217 F.R.D. 288, 289 (D.

7  Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking

8  down a local rule that allotted interrogatories on a "per side" basis); <u>Missouri</u>

9  <u>Republican Party v. Lamb</u>, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

10  established a scheduling plan that maintained a distinction between interrogatory

11  limitations by "party" and deposition limitations by "side.").  Since this interrogatory

12  was propounded by MGA Entertainment (HK) and they have not propounded more

13  than 25 interrogatories, Mattel's objection should be overruled and Mattel must be

14  ordered to provide a substantive response.

15          To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit

16  is only entitled to propound 25 interrogatories, would produce a ludicrous result.

17  For example, under Mattel's reasoning all counsel, in a multi-defendant case where

18  each defendant is represented by their own counsel, all defendants' counsel would be

19  forced to agree on a single set of 25 interrogatories to propound on plaintiff.  Such

20  an irrational result is not the intent of Rule 33, nor the federal discovery statutes.  As

21  noted by Discovery Master O'Brien, ████████████████████████████

22  ████████████████████████████████████████████████████████████████

23  ██████████████████████████████████ Molinski Decl., Ex. 8 at

24  171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is the right of

25  each party in a litigation to serve written discovery.  That the MGA parties happen

26  to be represented by the same counsel does not alter the analysis.  Each party must

27  be allowed to serve 25 interrogatories and Mattel must be compelled to answer

28  them.

1    Mattel's second counting argument is that this interrogatory is

2    impermissibly compound. █████████████████████████████████

3    █████████████████████████████████████████████████████████

4    █████████████████████████████████████████████

5    ███████████████████████████████ See Molinski Decl., Ex. 13 at 529

6    (Mattel's Motion for Protective Order dated June 29, 2009). █████████████

7    █████████████████████████████████████████████████████████

8    █████████████████████████████████████████████████████████

9    █████████████████████████████████████████ See Molinski Decl., Ex. 8 at

10   171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

11   contains subparts, it is still considered a single interrogatory when it relates to a

12   common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

13   Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

14   concerning a 'common theme' should generally be considered a single question.");

15   see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL

16   318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question

17   regarding a common group of people" not compound (citing 8A Wright et al., Fed.

18   Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113

19   F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single

20   question ...  even though it may call for an answer containing several separate bits of

21   information, if there is a direct relationship between the various bits of information

22   called for.").

23          This interrogatory seeks a narrative concerning a common theme.  That

24   is, it seeks information concerning Mattel's claim that Mattel employees were paid

25   in cash while working at MGA and how that, if true, constitutes a RICO violation.

26   The request is structured to aid Mattel in responding to the interrogatory and seeks

27   only information that a responding party would reasonably expect to receive in

28   response, even if the level of request detail were not included.  Indeed, the basis of

1  the entire interrogatory is to seek information that will ultimately allow MGA to

2  defend against Mattel's RICO allegations and is crucial to that defense. As such,

3  this interrogatory should be counted as a single interrogatory and Mattel should be

4  ordered to respond.

5          In addition, Mattel's bare assertion that MGA has "purports to require

6  Mattel to summarize all facts on these subjects, despite defendants' own refusals to

7  answer interrogatories with the same or comparable language" is not only

8  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

9  obligation to fully respond to the Interrogatories would be unaffected.

10         As to overbreadth, Mattel provides no explanation, let alone the

11  required particularity, as to why this interrogatory is supposedly overly broad, nor

12  can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118

13  (Order No. 17, dated April 14, 2009 (overruling objections not stated with

14  specificity)). To the contrary, the Interrogatory is narrowly tailored to seek

15  responses concerning Mattel's allegation that Mattel employees were paid in cash,

16  using false names and false social security numbers while working for MGA.

17         As to burden, Mattel has not attempted to demonstrate why responding

18  to this Interrogatory presents any burden. This objection must therefore be rejected.

19  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

20  1997) ("The party claiming that a discovery request is unduly burdensome must

21  allege specific facts which indicate the nature and extent of the burden, usually by

22  affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as

23  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

24  evidence.

25         This Interrogatory does not seek responses protected by the attorney-

26  client privilege, the attorney work product doctrine, or other applicable privileges.

27  To the extent that Mattel contends that it does, it does not excuse Mattel from

28

1  responding with any non-privileged information.  Additionally, to the extent that

2  such privileged material exists, Mattel must provide a privilege log.

3  Mattel objects that the Interrogatory contains confidential and/or

4  proprietary information.  A Protective Order exists in this case, obviating any

5  concern as to protection of privacy rights and/or commercially sensitive

6  information.  Also, this Interrogatory does not seek information violative of any

7  third party's rights of privacy.  The facts, persons, and documents responsive to this

8  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,

9  and as Mattel itself previously has argued, any privacy issues are fully addressed by

10 the Protective Order.

11 In short, Mattel's objections are uniformly without merit and frivolous.

12 The Discovery Master should order Mattel to provide a substantive response to

13 Interrogatory No. 16 without objection.

14 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

15 **INTERROGATORY NO. 16 IS NOT WARRANTED**

16 Defendants have exceeded their Phase 2 Interrogatory limit.  Mattel hereby

17 incorporates by reference Argument § I of its Opposition.  For the reasons set forth

18 more fully in Argument § I of its Opposition, the Discovery Master should set the

19 interrogatory limit per side, as opposed to per party, consistent with the Court's

20 previous rulings in this case, applicable case law and basic fairness.[195]  Moreover, even

21 if a "per party" rule were to apply, MGA Hong Kong clearly has exceeded its limit of

22 25 interrogatories because it has served 25 separately-numbered interrogatories, many

23 of which are compound and address discrete issues.  See Argument §§ I.B and I.C of

24 Opposition.  If even one of its interrogatories is properly counted as more than one --

25

26

27

---

[195]  See Opposition at Argument § I.

28

1    and virtually all count as far more than one in Mattel's view -- MGA Hong Kong has

2    exceeded any putative 25 interrogatory limit that applies to it.[196]

3          Interrogatory No. 16 is compound.  Mattel hereby incorporates by reference

4    Argument §§ I.B and I.C of its Opposition. Interrogatory No. 16 seeks "all facts" about

5    "every RICO predicate act," of which there are many. Additionally, Interrogatory No.

6    16 poses five different questions about each of the predicate acts.  Accordingly,

7    Interrogatory No. 16 represents at least dozens of interrogatories.

8          Interrogatory No. 16 is unduly burdensome because it requires Mattel to identify

9    "all" facts, persons and documents.  Mattel hereby incorporates by reference Argument

10   § II of its Opposition.  Consistent with the Discovery Master's prior rulings and

11   applicable case law, Interrogatory No. 16 is unduly burdensome to the extent it requires

12   Mattel to identify "all" facts, persons and documents.[197]  It also is unduly burdensome

13   because of the detailed litany of information it purports to require.

14         MGA has previously blocked Mattel's discovery relating to "every RICO

15   predicate act."  Mattel hereby incorporates by reference Argument § II.A.  This

16   interrogatory seeks information relating to "every RICO predicate act" in spite of the

17   fact that MGA has successfully argued in the past that producing evidence relating to

18   every RICO predicate is unduly burdensome. Based on such efforts by MGA, Mattel

19   has been unable to obtain information relating to "every RICO predicate act" and

20   should not have to produce such information.

21         Interrogatory No. 16 is unduly burdensome because it is cumulative of other

22   interrogatories served on Mattel.  Mattel hereby incorporates by reference Argument §

23   II.B. This interrogatory is simply an attempt to force Mattel to restate information that

24   it has already provided to Defendants. For example, the interrogatory is cumulative of

25   the following interrogatories:

26   _____

27   [196]  See Opposition at Argument § I.
     [197]  See Opposition at Argument § II.A.1.
28

1    **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe
2    in detail the complete factual basis for YOUR COUNTERCLAIMS
3    including, without limitation all facts, DOCUMENTS, and witnesses that
4    REFER OR RELATE TO YOUR COUNTERCLAIMS. [198]

5    **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe
6    in detail any estimate or calculation of damage, loss, injury, or unjust
7    enrichment, by reason of any act or omission alleged in YOUR
8    COUNTERCLAIMS, that YOU have made or that has been made on
9    YOUR behalf or at YOUR request, including all facts, DOCUMENTS or
10   witnesses RELATING TO each estimate or calculation. [199]

11   **Interrogatory No. 5, MGA's First Set of Phase 2 Interrogatories:**
12   IDENTIFY ANY damages YOU contend YOU have suffered as a result
13   of the violation of the Racketeer Influenced and Corrupt Organization Act
14   alleged by YOU in the Second Counterclaim of YOUR OPERATIVE
15   COUNTERCLAIMS in THIS ACTION. [200]

16   **Interrogatory No. 1, MGA's First Set of Interrogatories:** State all
17   facts, with particularity, and IDENTIFY all DOCUMENTS that support
18   YOUR contention, if YOU so contend, that YOU have suffered harm as a
19   result of any act or omission of MGA.[201]

20   **Interrogatory No. 2, MGA's First Set of Interrogatories:** IDENTIFY
21   all PERSONS with knowledge of each fact" "stated in response to
22   Interrogatory No. 1.[202]

---

[198] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 28.
[199] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 29.
[200] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 5.
[201] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 1.
[202] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 2.

1         **Interrogatory No. 3, MGA's First Set of Interrogatories:** State, with

2         particularity, the nature, amount, cause and calculation of every item of

3         YOUR alleged damages, including, without limitation, general, actual and

4         statutory damages, restitution, disgorgement of unlawful profits, lost

5         profits, lost payments, lost revenues, lost monies, lost royalties or license

6         fees, reputational harm, lost relationships, lost business opportunities,

7         interest, attorneys' fees, costs, expenses, and any other form of injury or

8         damage of quantifiable remedy that YOU seek to recover in this

9         lawsuit.[203]

10        **Interrogatory No. 4, MGA's First Set of Interrogatories:** State all

11         facts, with particularity, and IDENTIFY all DOCUMENTS that support

12         YOUR contention, if YOU so contend, that YOU are entitled to

13         exemplary damages, attorneys' fees and costs.[204]

14     <u>Interrogatory No. 16 is of limited benefit to MGA Hong Kong.</u>  Mattel hereby

15 incorporates by reference Argument § II.C.  This interrogatory is of limited value to

16 MGA Hong Kong in that it seeks information far broader than information relating to

17 MGA Hong Kong and the claims and defenses related to MGA Hong Kong.  First of

18 all, the Interrogatory relates generally to MGA, not specifically to MGA Hong Kong.

19 To the extent it seeks information not related to MGA Hong Kong, MGA Hong Kong

20 cannot realize any benefit from the discovery.  In addition, as shown above and in the

21 Opposition, the Interrogatory seeks information beyond what Mattel will need to prove

22 at either summary judgment or trial regarding its RICO claims.

23     <u>Interrogatory 16 is overbroad in that it requires Mattel to "state all facts regarding</u>

24 <u>the injuries to Mattel's business or property proximately caused by [defendants'] acts."</u>

25 Mattel hereby incorporates by reference Argument § II.C of its Opposition.  The

26

---

27 [203]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 3.

     [204]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 4.

28

1  interrogatory requires Mattel to identify injury proximately caused from a specific

2  predicate act;[205] however, this showing is not required under the law.

3      <u>Mattel properly reserved its right to supplement its response based on facts</u>

4  <u>learned in the future and expert discovery.</u>  Mattel hereby incorporates by reference

5  Argument § III of its Opposition.  To the extent the Interrogatory seeks information that

6  Mattel has not yet learned because of Defendants' obstructionism and information that

7  is the subject of expert discovery, Mattel properly reserved its right to supplement its

8  response based on any newly learned information and in accordance with the Rules and

9  Court Orders governing expert disclosures.[206]

10      <u>Mattel properly reserved its privilege objection.</u>  Mattel hereby incorporates by

11  reference Argument § IV of its Opposition.  To the extent the Interrogatory seeks

12  information protected by the attorney client privilege, Mattel timely objected to the

13  interrogatory and preserved its objection.[207]

14  **<u>INTERROGATORY NO. 17:</u>**

15      With respect to the allegation in paragraph 98 of the Counterclaims of

16  the TAAC, that MGA has hired other MATTEL employees or induced them to

17  secretly work for MGA while they were employed by MATTEL, and persuaded

18  them to misappropriate MATTEL trade secrets, state all facts regarding:

19      (a)   IDENTIFY those other MATTEL employees;

20      (b)   the dates each ended employment at MATTEL, the date each

21  began employment at MGA, and the period during which each secretly worked for

22  MGA while still employed by MATTEL;

23      (c)   every RICO predicate act committed through that conduct;

24

25  [205]  <u>See, e.g.</u>, MGA Hong Kong's Interrogatory No. 1, Molinski Dec., Exh. 1

26  (requesting that Mattel "state all facts regarding how that RICO predicate act
proximately caused injury(s) to Mattel's business or property").

27  [206]  <u>See</u> Opposition at Argument § III.

[207]  <u>See</u> Opposition at Argument § IV.

28

1    (d)    which PERSONS employed by or associated with which RICO
2 enterprises committed those predicate acts;

3    (e)    the injuries to Mattel's business or property proximately caused
4 by those predicate acts;

5    (f)    how MATTEL has calculated or estimated the dollar value of
6 those injuries (and if it has not, why not); and

7    (g)    IDENTIFY all PERSONS MATTEL believes have knowledge of
8 the information requested in this Interrogatory.

9 **RESPONSE TO INTERROGATORY NO. 17:**

10    In addition to the general objections stated above, Mattel specifically
11 objects to this Interrogatory on the grounds that it is unreasonably burdensome,
12 overbroad, including in that it purports to require Mattel to summarize all facts on
13 these subjects, despite defendants' own refusals to answer interrogatories with the
14 same or comparable language and in conflict with the Court's Orders of February
15 15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all
16 facts on these subjects.  Mattel further objects to this Interrogatory on the grounds
17 that it calls for the disclosure of information subject to the attorney-client privilege,
18 the attorney work-product doctrine and other applicable privileges.  Mattel further
19 objects to this Interrogatory on the grounds that it calls for the disclosure of
20 confidential and/or proprietary information, which Mattel will disclose only subject
21 to and in reliance upon the operative protective order.  Mattel further objects to this
22 Interrogatory as compound and seeks to require Mattel to provide separate discrete
23 responses as to "every RICO predicate act committed through that conduct."  As
24 such, the interrogatory is impermissibly compound and causes the total number of
25 interrogatories served during Phase 2 discovery to exceed the limits set by the
26 Federal Rules of Civil Procedure and the Court.

27

28

1 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
2 **INTERROGATORY NO. 17 SHOULD BE COMPELLED:**

3         Mattel has refused to provide answers in response to this Interrogatory,
4 subject to its improper boilerplate objections. Under the Federal Rules of Civil
5 Procedure, "the grounds for objecting to an interrogatory must be stated with
6 specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the
7 basis for an objection with specificity are routinely rejected in the Central District.
8 See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)
9 ("general or boilerplate objections such as 'overly burdensome and harassing' are
10 improper – especially when a party fails to submit any evidentiary declarations
11 supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,
12 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are
13 inadequate and tantamount to not making any objection at all"). To the extent that
14 Mattel is relying on its blanket objections, they are not sustainable and do not justify
15 Mattel's failure to respond.

16         Mattel also bases its refusal to respond on two equally unavailing
17 arguments with respect to the counting of interrogatories in an effort to avoid
18 responding to this and the other Interrogatories at Issue. First, Mattel asserts a non-
19 existent discovery limitation applies such that each *side* in the litigation may only
20 serve 25 interrogatories. This is the same argument that Mattel has made
21 unsuccessfully in the past. See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion
22 for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47
23 (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August
24 5, 2009). While Mattel continues to assert this meritless objection rather than
25 responding to this interrogatory, Mattel cannot identify a single factual or legal basis
26 to support it. To the contrary, Judge Larson has made clear that there is a "clean
27 slate" with respect to the Phase 2 discovery. Specifically, Judge Larson noted that
28 he has not placed any restrictions on discovery in Phase 2 other than those set by the

1 | Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of
2 | February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has ███████████
3 | ████████████████████████████████████████████████████████████████████████
4 | ████████████████████████████████████████████████████████████████████████
5 | ████████████████████  Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated
6 | August 14, 2009).  Indeed in that same order, Discovery Master O'Brien noted that
7 | ████████████████████████████████████████████████████████████████████████
8 | ███████████████████████████████████████████████████  Molinski
9 | Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009).  The ruling is
10 | unsurprising as case law also supports this interpretation.  See, e.g., St. Paul Fire and
11 | Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.
12 | Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking
13 | down a local rule that allotted interrogatories on a "per side" basis); Missouri
14 | Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court
15 | established a scheduling plan that maintained a distinction between interrogatory
16 | limitations by "party" and deposition limitations by "side.").  Since this interrogatory
17 | was propounded by MGA Entertainment (HK) and they have not propounded more
18 | than 25 interrogatories, Mattel's objection should be overruled and Mattel must be
19 | ordered to provide a substantive response.
20 | To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit
21 | is only entitled to propound 25 interrogatories, would produce a ludicrous result.
22 | For example, under Mattel's reasoning all counsel, in a multi-defendant case where
23 | each defendant is represented by their own counsel, all defendants' counsel would be
24 | forced to agree on a single set of 25 interrogatories to propound on plaintiff.  Such
25 | an irrational result is not the intent of Rule 33, nor the federal discovery statutes.  As
26 | noted by Discovery Master O'Brien, ████████████████████████████████
27 | ████████████████████████████████████████████████████████████████████████
28 | ███████████████████████████████████████  Molinski Decl., Ex. 8 at

1  171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is the right of

2  each party in a litigation to serve written discovery.  That the MGA parties happen

3  to be represented by the same counsel does not alter the analysis.  Each party must

4  be allowed to serve 25 interrogatories and Mattel must be compelled to answer

5  them.

6        Mattel's second counting argument is that this interrogatory is

7  impermissibly compound.  ███████████████████████████

8  █████████████████████████████████████████

9  █████████████████████████████████████

10  ████████████████████████  See Molinski Decl., Ex. 13 at 529

11  (Mattel's Motion for Protective Order dated June 29, 2009).  ████████████

12  ██████████████████████████████████████

13  █████████████████████████████████████

14  ██████████████████████████  See Molinski Decl., Ex. 8 at

15  171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

16  contains subparts, it is still considered a single interrogatory when it relates to a

17  common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

18  Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

19  concerning a 'common theme' should generally be considered a single question.");

20  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL

21  318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question

22  regarding a common group of people" not compound (citing 8A Wright et al., Fed.

23  Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113

24  F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single

25  question ... even though it may call for an answer containing several separate bits of

26  information, if there is a direct relationship between the various bits of information

27  called for.").

28

1    This interrogatory seeks a narrative concerning a common theme. That
2  is, it seeks information concerning Mattel's claim that MGA hired Mattel employees
3  or induced them to secretly work for MGA while they were employed by Mattel, or
4  persuaded them to misappropriate Mattel trade secrets and how that, if true, that
5  constitutes a RICO violation. The request is structured to aid Mattel in responding
6  to the interrogatory and seeks only information that a responding party would
7  reasonably expect to receive in response, even if the level of request detail were not
8  included. Indeed, the basis of the entire interrogatory is to seek information that will
9  ultimately allow MGA to defend against Mattel's RICO allegations and is crucial to
10  that defense. As such, this interrogatory should be counted as a single interrogatory
11  and Mattel should be ordered to respond.

12    In addition, Mattel's bare assertion that MGA has "purports to require
13  Mattel to summarize all facts on these subjects, despite defendants' own refusals to
14  answer interrogatories with the same or comparable language" is not only
15  unsupported and false, but immaterial – if this were true (and it is not), Mattel's
16  obligation to fully respond to the Interrogatories would be unaffected.

17    As to overbreadth, Mattel provides no explanation, let alone the
18  required particularity, as to why this interrogatory is supposedly overly broad, nor
19  can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118
20  (Order No. 17, dated April 14, 2009 (overruling objections not stated with
21  specificity)). To the contrary, the Interrogatory is narrowly tailored to seek
22  responses concerning Mattel's allegation that MGA hired Mattel employees or
23  induced them to secretly work for MGA while employed by Mattel and persuaded
24  them to misappropriate Mattel trade secrets.

25    As to burden, Mattel has not attempted to demonstrate why responding
26  to this Interrogatory presents any burden. This objection must therefore be rejected.
27  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.
28  1997) ("The party claiming that a discovery request is unduly burdensome must

1    allege specific facts which indicate the nature and extent of the burden, usually by

2    affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as

3    noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

4    evidence.

5         This Interrogatory does not seek responses protected by the attorney-

6    client privilege, the attorney work product doctrine, or other applicable privileges.

7    To the extent that Mattel contends that it does, it does not excuse Mattel from

8    responding with any non-privileged information. Additionally, to the extent that

9    such privileged material exists, Mattel must provide a privilege log.

10        Mattel objects that the Interrogatory contains confidential and/or

11   proprietary information. A Protective Order exists in this case, obviating any

12   concern as to protection of privacy rights and/or commercially sensitive

13   information. Also, this Interrogatory does not seek information violative of any

14   third party's rights of privacy. The facts, persons, and documents responsive to this

15   Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,

16   and as Mattel itself previously has argued, any privacy issues are fully addressed by

17   the Protective Order.

18        In short, Mattel's objections are uniformly without merit and frivolous.

19   The Discovery Master should order Mattel to provide a substantive response to

20   Interrogatory No. 17 without objection.

21   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

22   **INTERROGATORY NO. 17 IS NOT WARRANTED**

23      <u>Defendants have exceeded their Phase 2 Interrogatory limit.</u> Mattel hereby

24   incorporates by reference Argument § I of its Opposition. For the reasons set forth

25   more fully in Argument § I of its Opposition, the Discovery Master should set the

26   interrogatory limit per side, as opposed to per party, consistent with the Court's

27

28

07975/3132917.1

1   previous rulings in this case, applicable case law and basic fairness.[208]  Moreover, even

2   if a "per party" rule were to apply, MGA Hong Kong clearly has exceeded its limit of

3   25 interrogatories because it has served 25 separately-numbered interrogatories, many

4   of which are compound and address discrete issues.  See Argument §§ I.B and I.C of

5   Opposition.  If even one of its interrogatories is properly counted as more than one --

6   and virtually all count as far more than one in Mattel's view -- MGA Hong Kong has

7   exceeded any putative 25 interrogatory limit that applies to it.[209]

8       Interrogatory No. 17 is compound.  Mattel hereby incorporates by reference

9   Argument §§ I.B and I.C of its Opposition. Interrogatory No. 17 seeks "all facts" about

10  "every RICO predicate act," of which there are many.  Additionally, Interrogatory No.

11  17 poses five different questions about each of the predicate acts.   Accordingly,

12  Interrogatory No. 17 represents at least dozens of interrogatories.

13      Interrogatory No. 17 is unduly burdensome because it requires Mattel to identify

14  "all" facts, persons and documents.  Mattel hereby incorporates by reference Argument

15  § II of its Opposition.   Consistent with the Discovery Master's prior rulings and

16  applicable case law, Interrogatory No. 17 is unduly burdensome to the extent it requires

17  Mattel to identify "all" facts, persons and documents.[210]  It also is unduly burdensome

18  because of the detailed litany of information it purports to require.

19      MGA has previously blocked Mattel's discovery relating to "every RICO

20  predicate act."   Mattel hereby incorporates by reference Argument § II.A.   This

21  interrogatory seeks information relating to "every RICO predicate act" in spite of the

22  fact that MGA has successfully argued in the past that producing evidence relating to

23  every RICO predicate is unduly burdensome.  Based on such efforts by MGA, Mattel

24  has been unable to obtain information relating to "every RICO predicate act" and

25  should not have to produce such information.

---

26  [208]  See Opposition at Argument § I.

27  [209]  See Opposition at Argument § I.

28  [210]  See Opposition at Argument § II.A.1.

-162-

1    Interrogatory No. 17 is unduly burdensome because it is cumulative of other
2    interrogatories served on Mattel. Mattel hereby incorporates by reference Argument §
3    II.B. This interrogatory is simply an attempt to force Mattel to restate information that
4    it has already provided to Defendants. For example, the interrogatory is cumulative of
5    the following interrogatories:

6    **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe
7    in detail the complete factual basis for YOUR COUNTERCLAIMS
8    including, without limitation all facts, DOCUMENTS, and witnesses that
9    REFER OR RELATE TO YOUR COUNTERCLAIMS.[211]

10   **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe
11   in detail any estimate or calculation of damage, loss, injury, or unjust
12   enrichment, by reason of any act or omission alleged in YOUR
13   COUNTERCLAIMS, that YOU have made or that has been made on
14   YOUR behalf or at YOUR request, including all facts, DOCUMENTS or
15   witnesses RELATING TO each estimate or calculation.[212]

16   **Interrogatory No. 5, MGA's First Set of Phase 2 Interrogatories:**
17   IDENTIFY ANY damages YOU contend YOU have suffered as a result
18   of the violation of the Racketeer Influenced and Corrupt Organization Act
19   alleged by YOU in the Second Counterclaim of YOUR OPERATIVE
20   COUNTERCLAIMS in THIS ACTION.[213]

21   **Interrogatory No. 6, MGA's First Set of Phase 2 Interrogatories:**
22   IDENTIFY ANY damages YOU contend YOU have suffered as a result
23   of the alleged MISAPPROPRIATION of trade secrets alleged by YOU in

24

25   [211]   See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory
     No. 28.
26   [212]   See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory
     No. 29.
27   [213]   See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at
     Interrogatory No. 5.
28

1    the Fourth Counterclaim of YOUR OPERATIVE COUNTERCLAIMS in

2    THIS ACTION.[214]

3    **Interrogatory No. 1, MGA's First Set of Interrogatories:** State all

4    facts, with particularity, and IDENTIFY all DOCUMENTS that support

5    YOUR contention, if YOU so contend, that YOU have suffered harm as a

6    result of any act or omission of MGA.[215]

7    **Interrogatory No. 2, MGA's First Set of Interrogatories:** IDENTIFY

8    all PERSONS with knowledge of each fact" "stated in response to

9    Interrogatory No. 1.[216]

10    **Interrogatory No. 3, MGA's First Set of Interrogatories:** State, with

11    particularity, the nature, amount, cause and calculation of every item of

12    YOUR alleged damages, including, without limitation, general, actual and

13    statutory damages, restitution, disgorgement of unlawful profits, lost

14    profits, lost payments, lost revenues, lost monies, lost royalties or license

15    fees, reputational harm, lost relationships, lost business opportunities,

16    interest, attorneys' fees, costs, expenses, and any other form of injury or

17    damage of quantifiable remedy that YOU seek to recover in this

18    lawsuit.[217]

19    **Interrogatory No. 4, MGA's First Set of Interrogatories:** State all

20    facts, with particularity, and IDENTIFY all DOCUMENTS that support

21    YOUR contention, if YOU so contend, that YOU are entitled to

22    exemplary damages, attorneys' fees and costs.[218]

23

24    [214] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at

25    Interrogatory No. 6
   [215] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 1.

26    [216] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 2.

27    [217] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 3.
   [218] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 4.

28

1    <u>Interrogatory No. 17 is of limited benefit to MGA Hong Kong.</u>  Mattel hereby
2    incorporates by reference Argument § II.C.  This interrogatory is of limited value to
3    MGA Hong Kong in that it seeks information far broader than information relating to
4    MGA Hong Kong and the claims and defenses related to MGA Hong Kong.  First of
5    all, the Interrogatory relates generally to MGA, not specifically to MGA Hong Kong.
6    To the extent it seeks information not related to MGA Hong Kong, MGA Hong Kong
7    cannot realize any benefit from the discovery.  In addition, as shown above and in the
8    Opposition, the Interrogatory seeks information beyond what Mattel will need to prove
9    at either summary judgment or trial regarding its RICO claims.

10    <u>Interrogatory 17 is overbroad in that it requires Mattel to "state all facts regarding</u>
11    <u>the injuries to Mattel's business or property proximately caused by [defendants'] acts."</u>
12    Mattel hereby incorporates by reference Argument § II.C of its Opposition.  The
13    interrogatory requires Mattel to identify injury proximately caused from a specific
14    predicate act;[219] however, this showing is not required under the law.

15    <u>Mattel properly reserved its right to supplement its response based on facts</u>
16    <u>learned in the future and expert discovery.</u>  Mattel hereby incorporates by reference
17    Argument § III of its Opposition.  To the extent the Interrogatory seeks information that
18    Mattel has not yet learned because of Defendants' obstructionism and information that
19    is the subject of expert discovery, Mattel properly reserved its right to supplement its
20    response based on any newly learned information and in accordance with the Rules and
21    Court Orders governing expert disclosures.[220]

22    <u>Mattel properly reserved its privilege objection.</u>  Mattel hereby incorporates by
23    reference Argument § IV of its Opposition.  To the extent the Interrogatory seeks
24
25
_____
26    [219]  <u>See, e.g.,</u> MGA Hong Kong's Interrogatory No. 1, Molinski Dec., Exh. 1 (requesting that Mattel "state all facts regarding how that RICO predicate act
27    proximately caused injury(s) to Mattel's business or property").
     [220]  <u>See</u> Opposition at Argument § III.
28

1   information protected by the attorney client privilege, Mattel timely objected to the

2   interrogatory and preserved its objection.[221]

3   **INTERROGATORY NO. 18:**

4            With respect to the allegation in paragraphs 99 — 102 of the

5   Counterclaims of the TAAC, that Isaac Larian made misrepresentations to retailers

6   and in press releases and in the market place, state all facts regarding:

7            (a)   every RICO predicate act committed through that conduct;

8            (b)   the RICO enterprises that Mr. Larian was employed by or

9   associated with when he committed those predicate acts;

10           (c)   the injuries to Mattel's business or property proximately caused

11   by those predicate acts;

12           (d)   how MATTEL has calculated or estimated the dollar value of

13   those injuries (and if it has not, why not); and

14           (e)   IDENTIFY all PERSONS MATTEL believes have knowledge of

15   the information requested in this Interrogatory.

16   **RESPONSE TO INTERROGATORY NO. 18:**

17           In addition to the general objections stated above, Mattel specifically

18   objects to this Interrogatory on the grounds that it is unreasonably burdensome,

19   overbroad, including in that it purports to require Mattel to summarize all facts on

20   these subjects, despite defendants' own refusals to answer interrogatories with the

21   same or comparable language and in conflict with the Court's Orders of February

22   15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

23   facts on these subjects. Mattel further objects to this Interrogatory on the grounds

24   that it calls for the disclosure of information subject to the attorney-client privilege,

25   the attorney work-product doctrine and other applicable privileges. Mattel further

26   objects to this Interrogatory on the grounds that it calls for the disclosure of

27   ─────────────

28   [221]   See Opposition at Argument § IV.

1   confidential and/or proprietary information, which Mattel will disclose only subject

2   to and in reliance upon the operative protective order. Mattel further objects to this

3   Interrogatory as compound and seeks to require Mattel to provide separate discrete

4   responses as to "every RICO predicate act committed through that conduct." As

5   such, the interrogatory is impermissibly compound and causes the total number of

6   interrogatories served during Phase 2 discovery to exceed the limits set by the

7   Federal Rules of Civil Procedure and the Court.

8   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

9   **INTERROGATORY NO. 18 SHOULD BE COMPELLED:**

10          Mattel has refused to provide answers in response to this Interrogatory,

11   subject to its improper boilerplate objections. Under the Federal Rules of Civil

12   Procedure, "the grounds for objecting to an interrogatory must be stated with

13   specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the

14   basis for an objection with specificity are routinely rejected in the Central District.

15   See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

16   ("general or boilerplate objections such as 'overly burdensome and harassing' are

17   improper – especially when a party fails to submit any evidentiary declarations

18   supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

19   186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

20   inadequate and tantamount to not making any objection at all"). To the extent that

21   Mattel is relying on its blanket objections, they are not sustainable and do not justify

22   Mattel's failure to respond.

23          Mattel also bases its refusal to respond on two equally unavailing

24   arguments with respect to the counting of interrogatories in an effort to avoid

25   responding to this and the other Interrogatories at Issue. First, Mattel asserts a non-

26   existent discovery limitation applies such that each *side* in the litigation may only

27   serve 25 interrogatories. This is the same argument that Mattel has made

28   unsuccessfully in the past. See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion

07975/3132917.1

-167-

1  for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47

2  (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August

3  5, 2009).  While Mattel continues to assert this meritless objection rather than

4  responding to this interrogatory, Mattel cannot identify a single factual or legal basis

5  to support it.  To the contrary, Judge Larson has made clear that there is a "clean

6  slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson noted that

7  he has not placed any restrictions on discovery in Phase 2 other than those set by the

8  Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of

9  February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has ███████

10 ███████████████████████████████████████████████████████

11 ███████████████████████████████████████████████████████

12 ████████████████████  Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated

13 August 14, 2009).  Indeed in that same order, Discovery Master O'Brien noted that

14 ███████████████████████████████████████████████████████

15 ███████████████████████████████████████  Molinski

16 Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009).  The ruling is

17 unsurprising as case law also supports this interpretation.  See, e.g., St. Paul Fire and

18 Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.

19 Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking

20 down a local rule that allotted interrogatories on a "per side" basis; Missouri

21 Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

22 established a scheduling plan that maintained a distinction between interrogatory

23 limitations by "party" and deposition limitations by "side.").  Since this interrogatory

24 was propounded by MGA Entertainment (HK) and they have not propounded more

25 than 25 interrogatories, Mattel's objection should be overruled and Mattel must be

26 ordered to provide a substantive response.

27         To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit

28 is only entitled to propound 25 interrogatories, would produce a ludicrous result.

1  For example, under Mattel's reasoning all counsel, in a multi-defendant case where

2  each defendant is represented by their own counsel, all defendants' counsel would be

3  forced to agree on a single set of 25 interrogatories to propound on plaintiff.  Such

4  an irrational result is not the intent of Rule 33, nor the federal discovery statutes.  As

5  noted by Discovery Master O'Brien, ████████████████████████████

6  ████████████████████████████████████████████████████

7  ████████████████████████████████  Molinski Decl., Ex. 8 at

8  171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is the right of

9  each party in a litigation to serve written discovery.  That the MGA parties happen

10  to be represented by the same counsel does not alter the analysis.  Each party must

11  be allowed to serve 25 interrogatories and Mattel must be compelled to answer

12  them.

13          Mattel's second counting argument is that this interrogatory is

14  impermissibly compound.  ████████████████████████████████

15  ████████████████████████████████████████████████

16  ████████████████████████████████████████████

17  ████████████████████████████████  See Molinski Decl., Ex. 13 at 529

18  (Mattel's Motion for Protective Order dated June 29, 2009).  ████████████████

19  ████████████████████████████████████████████████

20  ████████████████████████████████████████████████

21  ████████████████████████████████  See Molinski Decl., Ex. 8 at

22  171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

23  contains subparts, it is still considered a single interrogatory when it relates to a

24  common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

25  Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

26  concerning a 'common theme' should generally be considered a single question.");

27  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL

28  318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question

1  regarding a common group of people" not compound (citing 8A Wright et al., Fed.

2  Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113

3  F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single

4  question ... even though it may call for an answer containing several separate bits of

5  information, if there is a direct relationship between the various bits of information

6  called for.").

7        This interrogatory seeks a narrative concerning a common theme.  That

8  is, it seeks information concerning Mattel's claim that Larian made false statements

9  or representations to the press and how, if true, that constitutes a RICO violation.

10  The request is structured to aid Mattel in responding to the interrogatory and seeks

11  only information that a responding party would reasonably expect to receive in

12  response, even if the level of request detail were not included.  Indeed, the basis of

13  the entire interrogatory is to seek information that will ultimately allow MGA to

14  defend against Mattel's RICO allegations and is crucial to that defense.  As such,

15  this interrogatory should be counted as a single interrogatory and Mattel should be

16  ordered to respond.

17        In addition, Mattel's bare assertion that MGA has "purports to require

18  Mattel to summarize all facts on these subjects, despite defendants' own refusals to

19  answer interrogatories with the same or comparable language" is not only

20  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

21  obligation to fully respond to the Interrogatories would be unaffected.

22        As to overbreadth, Mattel provides no explanation, let alone the

23  required particularity, as to why this interrogatory is supposedly overly broad, nor

24  can it do so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118

25  (Order No. 17, dated April 14, 2009 (overruling objections not stated with

26  specificity)).  To the contrary, the Interrogatory is narrowly tailored to seek

27  responses concerning Mattel's allegation that Isaac Larian made misrepresentations

28  to retailers and in press releases and in the market place.

1          As to burden, Mattel has not attempted to demonstrate why responding

2  to this Interrogatory presents any burden. This objection must therefore be rejected.

3  <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.</u>, 173 F.R.D. 524, 528-29 (D. Nev.

4  1997) ("The party claiming that a discovery request is unduly burdensome must

5  allege specific facts which indicate the nature and extent of the burden, usually by

6  affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as

7  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

8  evidence.

9          This Interrogatory does not seek responses protected by the attorney-

10  client privilege, the attorney work product doctrine, or other applicable privileges.

11  To the extent that Mattel contends that it does, it does not excuse Mattel from

12  responding with any non-privileged information. Additionally, to the extent that

13  such privileged material exists, Mattel must provide a privilege log.

14          Mattel objects that the Interrogatory contains confidential and/or

15  proprietary information. A Protective Order exists in this case, obviating any

16  concern as to protection of privacy rights and/or commercially sensitive

17  information. Also, this Interrogatory does not seek information violative of any

18  third party's rights of privacy. The facts, persons, and documents responsive to this

19  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,

20  and as Mattel itself previously has argued, any privacy issues are fully addressed by

21  the Protective Order.

22          In short, Mattel's objections are uniformly without merit and frivolous.

23  The Discovery Master should order Mattel to provide a substantive response to

24  Interrogatory No. 18 without objection.

25  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

26  **INTERROGATORY NO. 18 IS NOT WARRANTED**

27  <u>Defendants have exceeded their Phase 2 Interrogatory limit.</u> Mattel hereby

28  incorporates by reference Argument § I of its Opposition. For the reasons set forth

1  more fully in Argument § I of its Opposition, the Discovery Master should set the
2  interrogatory limit per side, as opposed to per party, consistent with the Court's
3  previous rulings in this case, applicable case law and basic fairness.[222] Moreover, even
4  if a "per party" rule were to apply, MGA Hong Kong clearly has exceeded its limit of
5  25 interrogatories because it has served 25 separately-numbered interrogatories, many
6  of which are compound and address discrete issues. See Argument §§ I.B and I.C of
7  Opposition. If even one of its interrogatories is properly counted as more than one --
8  and virtually all count as far more than one in Mattel's view -- MGA Hong Kong has
9  exceeded any putative 25 interrogatory limit that applies to it.[223]

10      Interrogatory No. 18 is compound. Mattel hereby incorporates by reference
11 Argument §§ I.B and I.C of its Opposition. Interrogatory No. 18 seeks "all facts" about
12 "every RICO predicate act," of which there are many. Additionally, Interrogatory No.
13 18 poses five different questions about each of the predicate acts. Accordingly,
14 Interrogatory No. 18 represents at least dozens of interrogatories.

15      Interrogatory No. 18 is unduly burdensome because it requires Mattel to identify
16 "all" facts, persons and documents. Mattel hereby incorporates by reference Argument
17 § II of its Opposition. Consistent with the Discovery Master's prior rulings and
18 applicable case law, Interrogatory No. 18 is unduly burdensome to the extent it requires
19 Mattel to identify "all" facts, persons and documents.[224] It also is unduly burdensome
20 because of the detailed litany of information it purports to require.

21      MGA has previously blocked Mattel's discovery relating to "every RICO
22 predicate act." Mattel hereby incorporates by reference Argument § II.A. This
23 interrogatory seeks information relating to "every RICO predicate act" in spite of the
24 fact that MGA has successfully argued in the past that producing evidence relating to
25 every RICO predicate is unduly burdensome. Based on such efforts by MGA, Mattel

---

26 [222] See Opposition at Argument § I.
27 [223] See Opposition at Argument § I.
28 [224] See Opposition at Argument § II.A.1.

1  has been unable to obtain information relating to "every RICO predicate act" and
2  should not have to produce such information.

3      Interrogatory No. 18 is unduly burdensome because it is cumulative of other
4  interrogatories served on Mattel. Mattel hereby incorporates by reference Argument §
5  II.B. This interrogatory is simply an attempt to force Mattel to restate information that
6  it has already provided to Defendants. For example, the interrogatory is cumulative of
7  the following interrogatories:

8        **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe
9        in detail the complete factual basis for YOUR COUNTERCLAIMS
10       including, without limitation all facts, DOCUMENTS, and witnesses that
11       REFER OR RELATE TO YOUR COUNTERCLAIMS. [225]

12       **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe
13       in detail any estimate or calculation of damage, loss, injury, or unjust
14       enrichment, by reason of any act or omission alleged in YOUR
15       COUNTERCLAIMS, that YOU have made or that has been made on
16       YOUR behalf or at YOUR request, including all facts, DOCUMENTS or
17       witnesses RELATING TO each estimate or calculation. [226]

18       **Interrogatory No. 5, MGA's First Set of Phase 2 Interrogatories:**
19       IDENTIFY ANY damages YOU contend YOU have suffered as a result
20       of the violation of the Racketeer Influenced and Corrupt Organization Act
21       alleged by YOU in the Second Counterclaim of YOUR OPERATIVE
22       COUNTERCLAIMS in THIS ACTION. [227]

---

[225] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 28.
[226] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 29.
[227] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 5.

**Interrogatory No. 1, MGA's First Set of Interrogatories:** State all facts, with particularity, and IDENTIFY all DOCUMENTS that support YOUR contention, if YOU so contend, that YOU have suffered harm as a result of any act or omission of MGA.[228]

**Interrogatory No. 2, MGA's First Set of Interrogatories:** IDENTIFY all PERSONS with knowledge of each fact" "stated in response to Interrogatory No. 1.[229]

**Interrogatory No. 3, MGA's First Set of Interrogatories:** State, with particularity, the nature, amount, cause and calculation of every item of YOUR alleged damages, including, without limitation, general, actual and statutory damages, restitution, disgorgement of unlawful profits, lost profits, lost payments, lost revenues, lost monies, lost royalties or license fees, reputational harm, lost relationships, lost business opportunities, interest, attorneys' fees, costs, expenses, and any other form of injury or damage of quantifiable remedy that YOU seek to recover in this lawsuit.[230]

**Interrogatory No. 4, MGA's First Set of Interrogatories:** State all facts, with particularity, and IDENTIFY all DOCUMENTS that support YOUR contention, if YOU so contend, that YOU are entitled to exemplary damages, attorneys' fees and costs.[231]

Interrogatory No. 18 is of limited benefit to MGA Hong Kong. Mattel hereby incorporates by reference Argument § II.C. This interrogatory is of limited value to MGA Hong Kong in that it seeks information far broader than information relating to MGA Hong Kong and the claims and defenses related to MGA Hong Kong. First of

---

[228] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 1.
[229] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 2.
[230] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 3.
[231] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 4.

1   all, the Interrogatory relates to Isaac Larian and not to MGA Hong Kong. To the extent
2   it seeks information not related to MGA Hong Kong, MGA Hong Kong cannot realize
3   any benefit from the discovery. In addition, as shown above and in the Opposition, the
4   Interrogatory seeks information beyond what Mattel will need to prove at either
5   summary judgment or trial regarding its RICO claims.

6       Interrogatory No. 18 is overbroad in that it requires Mattel to "state all facts
7   regarding the injuries to Mattel's business or property proximately caused by
8   [defendants'] acts." Mattel hereby incorporates by reference Argument § II.C of its
9   Opposition. The interrogatory requires Mattel to identify injury proximately caused
10  from a specific predicate act;[232] however, this showing is not required under the law.

11      Mattel properly reserved its right to supplement its response based on facts
12  learned in the future and expert discovery. Mattel hereby incorporates by reference
13  Argument § III of its Opposition. To the extent the Interrogatory seeks information that
14  Mattel has not yet learned because of Defendants' obstructionism and information that
15  is the subject of expert discovery, Mattel properly reserved its right to supplement its
16  response based on any newly learned information and in accordance with the Rules and
17  Court Orders governing expert disclosures.[233]

18      Mattel properly reserved its privilege objection. Mattel hereby incorporates by
19  reference Argument § IV of its Opposition. To the extent the Interrogatory seeks
20  information protected by the attorney client privilege, Mattel timely objected to the
21  interrogatory and preserved its objection.[234]

22
23
24

25  [232]  See, e.g., MGA Hong Kong's Interrogatory No. 1, Molinski Dec., Exh. 1
26  (requesting that Mattel "state all facts regarding how that RICO predicate act
    proximately caused injury(s) to Mattel's business or property").
27  [233]  See Opposition at Argument § III.
    [234]  See Opposition at Argument § IV.
28

1 **INTERROGATORY NO. 19:**

2            With respect to the allegation in paragraphs 103 — 104 of the

3 Counterclaims of the TAAC, regarding destruction of documents, perjury,

4 conspiracy to commit perjury, and obstruction of justice, state all facts regarding:

5            (a)     every RICO predicate act committed through that conduct;

6            (b)     which PERSONS employed by or associated with which RICO

7 enterprises committed those predicate acts;

8            (c)     the injuries to Mattel's business or property proximately caused

9 by those predicate acts;

10            (d)     how MATTEL has calculated or estimated the dollar value of

11 those injuries (and if it has not, why not); and

12            (e)     IDENTIFY all PERSONS MATTEL believes have knowledge of

13 the information requested in this Interrogatory.

14 **RESPONSE TO INTERROGATORY NO. 19:**

15            In addition to the general objections stated above, Mattel specifically

16 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

17 overbroad, including in that it purports to require Mattel to summarize all facts on

18 these subjects, despite defendants' own refusals to answer interrogatories with the

19 same or comparable language and in conflict with the Court's Orders of February

20 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

21 facts on these subjects. Mattel further objects to this Interrogatory on the grounds

22 that it calls for the disclosure of information subject to the attorney-client privilege,

23 the attorney work-product doctrine and other applicable privileges. Mattel further

24 objects to this Interrogatory on the grounds that it calls for the disclosure of

25 confidential and/or proprietary information, which Mattel will disclose only subject

26 to and in reliance upon the operative protective order. Mattel further objects to this

27 Interrogatory as compound and seeks to require Mattel to provide separate discrete

28 responses as to "every RICO predicate act committed through that conduct." As

-176-

1 such, the interrogatory is impermissibly compound and causes the total number of

2 interrogatories served during Phase 2 discovery to exceed the limits set by the

3 Federal Rules of Civil Procedure and the Court.

4 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

5 **INTERROGATORY NO. 19 SHOULD BE COMPELLED:**

6        Mattel has refused to provide answers in response to this Interrogatory,

7 subject to its improper boilerplate objections. Under the Federal Rules of Civil

8 Procedure, "the grounds for objecting to an interrogatory must be stated with

9 specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the

10 basis for an objection with specificity are routinely rejected in the Central District.

11 See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

12 ("general or boilerplate objections such as 'overly burdensome and harassing' are

13 improper – especially when a party fails to submit any evidentiary declarations

14 supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

15 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

16 inadequate and tantamount to not making any objection at all"). To the extent that

17 Mattel is relying on its blanket objections, they are not sustainable and do not justify

18 Mattel's failure to respond.

19       Mattel also bases its refusal to respond on two equally unavailing

20 arguments with respect to the counting of interrogatories in an effort to avoid

21 responding to this and the other Interrogatories at Issue. First, Mattel asserts a non-

22 existent discovery limitation applies such that each *side* in the litigation may only

23 serve 25 interrogatories. This is the same argument that Mattel has made

24 unsuccessfully in the past. See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion

25 for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47

26 (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August

27 5, 2009). While Mattel continues to assert this meritless objection rather than

28 responding to this interrogatory, Mattel cannot identify a single factual or legal basis

1  to support it.  To the contrary, Judge Larson has made clear that there is a "clean

2  slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson noted that

3  he has not placed any restrictions on discovery in Phase 2 other than those set by the

4  Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of

5  February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has ▓▓▓▓▓

6  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

7  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

8  ▓▓▓▓▓▓▓▓▓▓▓▓▓  Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated

9  August 14, 2009).  Indeed in that same order, Discovery Master O'Brien noted that

10  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

11  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  Molinski

12  Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009).  The ruling is

13  unsurprising as case law also supports this interpretation.  See, e.g., St. Paul Fire and

14  Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.

15  Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking

16  down a local rule that allotted interrogatories on a "per side" basis); Missouri

17  Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

18  established a scheduling plan that maintained a distinction between interrogatory

19  limitations by "party" and deposition limitations by "side.").  Since this interrogatory

20  was propounded by MGA Entertainment (HK) and they have not propounded more

21  than 25 interrogatories, Mattel's objection should be overruled and Mattel must be

22  ordered to provide a substantive response.

23          To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit

24  is only entitled to propound 25 interrogatories, would produce a ludicrous result.

25  For example, under Mattel's reasoning all counsel, in a multi-defendant case where

26  each defendant is represented by their own counsel, all defendants' counsel would be

27  forced to agree on a single set of 25 interrogatories to propound on plaintiff.  Such

28  an irrational result is not the intent of Rule 33, nor the federal discovery statutes.  As

1   noted by Discovery Master O'Brien, █████████████████████████

2   ███████████████████████████████████████████████

3   ██████████████████████████████ Molinski Decl., Ex. 8 at

4   171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is the right of

5   each party in a litigation to serve written discovery.  That the MGA parties happen

6   to be represented by the same counsel does not alter the analysis.  Each party must

7   be allowed to serve 25 interrogatories and Mattel must be compelled to answer

8   them.

9          Mattel's second counting argument is that this interrogatory is

10  impermissibly compound. ████████████████████████████

11  ██████████████████████████████████████████████

12  █████████████████████████████████████

13  █████████████████████████ See Molinski Decl., Ex. 13 at 529

14  (Mattel's Motion for Protective Order dated June 29, 2009).  ██████████████

15  ███████████████████████████████████████████████

16  ███████████████████████████████████████████████

17  ██████████████████████████ See Molinski Decl., Ex. 8 at

18  171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

19  contains subparts, it is still considered a single interrogatory when it relates to a

20  common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

21  Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

22  concerning a 'common theme' should generally be considered a single question.");

23  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL

24  318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question

25  regarding a common group of people" not compound (citing 8A Wright et al., Fed.

26  Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113

27  F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single

28  question ... even though it may call for an answer containing several separate bits of

-179-

1  information, if there is a direct relationship between the various bits of information
2  called for.").

3          This interrogatory seeks a narrative concerning a common theme.  That
4  is, it seeks information concerning specific allegations in Mattel's TAAC and how,
5  if true, those allegations constitute a RICO violation.  The request is structured to
6  aid Mattel in responding to the interrogatory and seeks only information that a
7  responding party would reasonably expect to receive in response, even if the level of
8  request detail were not included.  Indeed, the basis of the entire interrogatory is to
9  seek information that will ultimately allow MGA to defend against Mattel's RICO
10  allegations and is crucial to that defense.  As such, this interrogatory should be
11  counted as a single interrogatory and Mattel should be ordered to respond.

12          In addition, Mattel's bare assertion that MGA has "purports to require
13  Mattel to summarize all facts on these subjects, despite defendants' own refusals to
14  answer interrogatories with the same or comparable language" is not only
15  unsupported and false, but immaterial – if this were true (and it is not), Mattel's
16  obligation to fully respond to the Interrogatories would be unaffected.

17          As to overbreadth, Mattel provides no explanation, let alone the
18  required particularity, as to why this interrogatory is supposedly overly broad, nor
19  can it do so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118
20  (Order No. 17, dated April 14, 2009 (overruling objections not stated with
21  specificity)).  To the contrary, the Interrogatory is narrowly tailored to seek
22  responses concerning Mattel's allegation set forth in the Counterclaims of the TAAC
23  pertaining to its obstruction of justice claim.

24          As to burden, Mattel has not attempted to demonstrate why responding
25  to this Interrogatory presents any burden.  This objection must therefore be rejected.
26  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.
27  1997) ("The party claiming that a discovery request is unduly burdensome must
28  allege specific facts which indicate the nature and extent of the burden, usually by

1 affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as
2 noted above, in that the Interrogatory is narrowly tailored to seek only discoverable
3 evidence.

4        This Interrogatory does not seek responses protected by the attorney-
5 client privilege, the attorney work product doctrine, or other applicable privileges.
6 To the extent that Mattel contends that it does, it does not excuse Mattel from
7 responding with any non-privileged information. Additionally, to the extent that
8 such privileged material exists, Mattel must provide a privilege log.

9        Mattel objects that the Interrogatory contains confidential and/or
10 proprietary information. A Protective Order exists in this case, obviating any
11 concern as to protection of privacy rights and/or commercially sensitive
12 information. Also, this Interrogatory does not seek information violative of any
13 third party's rights of privacy. The facts, persons, and documents responsive to this
14 Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,
15 and as Mattel itself previously has argued, any privacy issues are fully addressed by
16 the Protective Order.

17        In short, Mattel's objections are uniformly without merit and frivolous.
18 The Discovery Master should order Mattel to provide a substantive response to
19 Interrogatory No. 19 without objection.

20 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
21 **INTERROGATORY NO. 19 IS NOT WARRANTED**

22   <u>Defendants have exceeded their Phase 2 Interrogatory limit.</u> Mattel hereby
23 incorporates by reference Argument § I of its Opposition. For the reasons set forth
24 more fully in Argument § I of its Opposition, the Discovery Master should set the
25 interrogatory limit per side, as opposed to per party, consistent with the Court's
26 previous rulings in this case, applicable case law and basic fairness.[235] Moreover, even

27

28 ---

[235]  <u>See</u> Opposition at Argument § I.

1  if a "per party" rule were to apply, MGA Hong Kong clearly has exceeded its limit of

2  25 interrogatories because it has served 25 separately-numbered interrogatories, many

3  of which are compound and address discrete issues. See Argument §§ I.B and I.C of

4  Opposition. If even one of its interrogatories is properly counted as more than one --

5  and virtually all count as far more than one in Mattel's view -- MGA Hong Kong has

6  exceeded any putative 25 interrogatory limit that applies to it.[236]

7      Interrogatory No. 19 is compound. Mattel hereby incorporates by reference

8  Argument §§ I.B and I.C of its Opposition. Interrogatory No. 19 seeks "all facts" about

9  "every RICO predicate act," of which there are many. Additionally, Interrogatory No.

10  19 poses five different questions about each of the predicate acts. Accordingly,

11  Interrogatory No. 19 represents at least dozens of interrogatories.

12      Interrogatory No. 19 is unduly burdensome because it requires Mattel to identify

13  "all" facts, persons and documents. Mattel hereby incorporates by reference Argument

14  § II of its Opposition. Consistent with the Discovery Master's prior rulings and

15  applicable case law, Interrogatory No. 19 is unduly burdensome to the extent it requires

16  Mattel to identify "all" facts, persons and documents.[237] It also is unduly burdensome

17  because of the detailed litany of information it purports to require.

18      MGA has previously blocked Mattel's discovery relating to "every RICO

19  predicate act." Mattel hereby incorporates by reference Argument § II.A. This

20  interrogatory seeks information relating to "every RICO predicate act" in spite of the

21  fact that MGA has successfully argued in the past that producing evidence relating to

22  every RICO predicate is unduly burdensome. Based on such efforts by MGA, Mattel

23  has been unable to obtain information relating to "every RICO predicate act" and

24  should not have to produce such information.

25

26

---

27  [236]  See Opposition at Argument § I.

28  [237]  See Opposition at Argument § II.A.1.

1    Interrogatory No. 19 is unduly burdensome because it is cumulative of other
2    interrogatories served on Mattel. Mattel hereby incorporates by reference Argument §
3    II.B. This interrogatory is simply an attempt to force Mattel to restate information that
4    it has already provided to Defendants. For example, the interrogatory is cumulative of
5    the following interrogatories:

6    **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe
7    in detail the complete factual basis for YOUR COUNTERCLAIMS
8    including, without limitation all facts, DOCUMENTS, and witnesses that
9    REFER OR RELATE TO YOUR COUNTERCLAIMS.[238]

10   **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe
11   in detail any estimate or calculation of damage, loss, injury, or unjust
12   enrichment, by reason of any act or omission alleged in YOUR
13   COUNTERCLAIMS, that YOU have made or that has been made on
14   YOUR behalf or at YOUR request, including all facts, DOCUMENTS or
15   witnesses RELATING TO each estimate or calculation.[239]

16   **Interrogatory No. 5, MGA's First Set of Phase 2 Interrogatories:**
17   IDENTIFY ANY damages YOU contend YOU have suffered as a result
18   of the violation of the Racketeer Influenced and Corrupt Organization Act
19   alleged by YOU in the Second Counterclaim of YOUR OPERATIVE
20   COUNTERCLAIMS in THIS ACTION.[240]

21   **Interrogatory No. 1, MGA's First Set of Interrogatories:** State all
22   facts, with particularity, and IDENTIFY all DOCUMENTS that support

23

24

25   [238]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 28.
26   [239]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 29.
27   [240]  See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 5.
28

1  YOUR contention, if YOU so contend, that YOU have suffered harm as a
2  result of any act or omission of MGA.[241]

3  **Interrogatory No. 2, MGA's First Set of Interrogatories:** IDENTIFY
4  all PERSONS with knowledge of each fact" "stated in response to
5  Interrogatory No. 1.[242]

6  **Interrogatory No. 3, MGA's First Set of Interrogatories:** State, with
7  particularity, the nature, amount, cause and calculation of every item of
8  YOUR alleged damages, including, without limitation, general, actual and
9  statutory damages, restitution, disgorgement of unlawful profits, lost
10  profits, lost payments, lost revenues, lost monies, lost royalties or license
11  fees, reputational harm, lost relationships, lost business opportunities,
12  interest, attorneys' fees, costs, expenses, and any other form of injury or
13  damage of quantifiable remedy that YOU seek to recover in this
14  lawsuit.[243]

15  **Interrogatory No. 4, MGA's First Set of Interrogatories:**  State all
16  facts, with particularity, and IDENTIFY all DOCUMENTS that support
17  YOUR contention, if YOU so contend, that YOU are entitled to
18  exemplary damages, attorneys' fees and costs.[244]

19  <u>Interrogatory No. 19 is of limited benefit to MGA Hong Kong.</u>  Mattel hereby
20  incorporates by reference Argument § II.C.  This interrogatory is of limited value to
21  MGA Hong Kong in that it seeks information far broader than information relating to
22  MGA Hong Kong and the claims and defenses related to MGA Hong Kong.  First of
23  all, the Interrogatory relates generally to defendants, not specifically to MGA Hong
24  Kong.  To the extent it seeks information not related to MGA Hong Kong, MGA Hong

---

[241]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 1.
[242]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 2.
[243]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 3.
[244]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 4.

07975/3132917.1

1  Kong cannot realize any benefit from the discovery. In addition, as shown above and in
2  the Opposition, the Interrogatory seeks information beyond what Mattel will need to
3  prove at either summary judgment or trial regarding its RICO claims.

4        Interrogatory No. 19 is overbroad in that it requires Mattel to "state all facts
5  regarding the injuries to Mattel's business or property proximately caused by
6  [defendants'] acts." Mattel hereby incorporates by reference Argument § II.C of its
7  Opposition. The interrogatory requires Mattel to identify injury proximately caused
8  from a specific predicate act;[245] however, this showing is not required under the law.

9        Mattel properly reserved its right to supplement its response based on facts
10 learned in the future and expert discovery. Mattel hereby incorporates by reference
11 Argument § III of its Opposition. To the extent the Interrogatory seeks information that
12 Mattel has not yet learned because of Defendants' obstructionism and information that
13 is the subject of expert discovery, Mattel properly reserved its right to supplement its
14 response based on any newly learned information and in accordance with the Rules and
15 Court Orders governing expert disclosures.[246]

16       Mattel properly reserved its privilege objection. Mattel hereby incorporates by
17 reference Argument § IV of its Opposition. To the extent the Interrogatory seeks
18 information protected by the attorney client privilege, Mattel timely objected to the
19 interrogatory and preserved its objection.[247]

20 **INTERROGATORY NO. 20:**

21       With respect to the allegation in paragraphs 108 — 112 and 120 of the
22 Counterclaims of the TAAC, that Isaac Larian and MGA created various shell and
23 off-shore entities to either transfer or assist in the transfer of proceeds generated by
24 unlawful conduct and criminal enterprises, state all facts regarding:

---

[245] See, e.g., MGA Hong Kong's Interrogatory No. 1, Molinski Dec., Exh. 1
(requesting that Mattel "state all facts regarding how that RICO predicate act
proximately caused injury(s) to Mattel's business or property").
[246] See Opposition at Argument § III.
[247] See Opposition at Argument § IV.