1          (a)    every RICO predicate act committed through that conduct;

2          (b)    which PERSONS employed by or associated with which RICO

3  enterprises committed those predicate acts;

4          (c)    the injuries to Mattel's business or property proximately caused

5  by those predicate acts;

6          (d)    how MATTEL has calculated or estimated the dollar value of

7  those injuries (and if it has not, why not); and

8          (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

9  the information requested in this Interrogatory.

10  **RESPONSE TO INTERROGATORY NO. 20:**

11          In addition to the general objections stated above, Mattel specifically

12  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

13  overbroad, including in that it purports to require Mattel to summarize all facts on

14  these subjects, despite defendants' own refusals to answer interrogatories with the

15  same or comparable language and in conflict with the Court's Orders of February

16  15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

17  facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

18  that it calls for the disclosure of information subject to the attorney-client privilege,

19  the attorney work-product doctrine and other applicable privileges.  Mattel further

20  objects to this Interrogatory on the grounds that it calls for the disclosure of

21  confidential and/or proprietary information, which Mattel will disclose only subject

22  to and in reliance upon the operative protective order.  Mattel further objects to this

23  Interrogatory as compound and seeks to require Mattel to provide separate discrete

24  responses as to "every RICO predicate act committed through that conduct."  As

25  such, the interrogatory is impermissibly compound and causes the total number of

26  interrogatories served during Phase 2 discovery to exceed the limits set by the

27  Federal Rules of Civil Procedure and the Court.

28

## FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO INTERROGATORY NO. 20 SHOULD BE COMPELLED:

Mattel has refused to provide answers in response to this Interrogatory, subject to its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "the grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all"). To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to respond.

Mattel also bases its refusal to respond on two equally unavailing arguments with respect to the counting of interrogatories in an effort to avoid responding to this and the other Interrogatories at Issue. First, Mattel asserts a non-existent discovery limitation applies such that each *side* in the litigation may only serve 25 interrogatories. This is the same argument that Mattel has made unsuccessfully in the past. See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August 5, 2009). While Mattel continues to assert this meritless objection rather than responding to this interrogatory, Mattel cannot identify a single factual or legal basis to support it. To the contrary, Judge Larson has made clear that there is a "clean slate" with respect to the Phase 2 discovery. Specifically, Judge Larson noted that he has not placed any restrictions on discovery in Phase 2 other than those set by the

1 | Rules of Civil Procedure. See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of
2 | February 11, 2009 Hearing). Indeed, Discovery Master O'Brien has ██████████
3 | ████████████████████████████████████████████████████████████
4 | ████████████████████████████████████████████████████████████
5 | █████████████████████ Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated
6 | August 14, 2009). Indeed in that same order, Discovery Master O'Brien noted that
7 | ████████████████████████████████████████████████████████████
8 | ███████████████████████████████████████████████ Molinski
9 | Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009). The ruling is
10 | unsurprising as case law also supports this interpretation. See, e.g., St. Paul Fire and
11 | Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.
12 | Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking
13 | down a local rule that allotted interrogatories on a "per side" basis); Missouri
14 | Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court
15 | established a scheduling plan that maintained a distinction between interrogatory
16 | limitations by "party" and deposition limitations by "side."). Since this interrogatory
17 | was propounded by MGA Entertainment (HK) and they have not propounded more
18 | than 25 interrogatories, Mattel's objection should be overruled and Mattel must be
19 | ordered to provide a substantive response.
20 |       To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit
21 | is only entitled to propound 25 interrogatories, would produce a ludicrous result.
22 | For example, under Mattel's reasoning all counsel, in a multi-defendant case where
23 | each defendant is represented by their own counsel, all defendants' counsel would be
24 | forced to agree on a single set of 25 interrogatories to propound on plaintiff. Such
25 | an irrational result is not the intent of Rule 33, nor the federal discovery statutes. As
26 | noted by Discovery Master O'Brien, ████████████████████████
27 | ████████████████████████████████████████████████████████████
28 | ███████████████████████████████████████████ Molinski Decl., Ex. 8 at

07975/3132917.1

RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES

1 | 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is the right of
2 | each party in a litigation to serve written discovery.  That the MGA parties happen
3 | to be represented by the same counsel does not alter the analysis.  Each party must
4 | be allowed to serve 25 interrogatories and Mattel must be compelled to answer
5 | them.
6 |         Mattel's second counting argument is that this interrogatory is
7 | impermissibly compound.  ███████████████████████████
8 | ████████████████████████████████████████
9 | ████████████████████████████████
10 | ████████████████████████  See Molinski Decl., Ex. 13 at 529
11 | (Mattel's Motion for Protective Order dated June 29, 2009).  ████████
12 | ████████████████████████████████████
13 | ████████████████████████████████████
14 | ██████████████████████  See Molinski Decl., Ex. 8 at
15 | 171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory
16 | contains subparts, it is still considered a single interrogatory when it relates to a
17 | common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.
18 | Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details
19 | concerning a 'common theme' should generally be considered a single question.");
20 | see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL
21 | 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question
22 | regarding a common group of people" not compound (citing 8A Wright et al., Fed.
23 | Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113
24 | F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single
25 | question ... even though it may call for an answer containing several separate bits of
26 | information, if there is a direct relationship between the various bits of information
27 | called for.").
28 |

1    This interrogatory seeks a narrative concerning a common theme. That
2    is, it seeks information concerning specific allegations in Mattel's TAAC and how,
3    if true, those allegations constitute a RICO violation. The request is structured to
4    aid Mattel in responding to the interrogatory and seeks only information that a
5    responding party would reasonably expect to receive in response, even if the level of
6    request detail were not included. Indeed, the basis of the entire interrogatory is to
7    seek information that will ultimately allow MGA to defend against Mattel's RICO
8    allegations and is crucial to that defense. As such, this interrogatory should be
9    counted as a single interrogatory and Mattel should be ordered to respond.

10    In addition, Mattel's bare assertion that MGA has "purports to require
11   Mattel to summarize all facts on these subjects, despite defendants' own refusals to
12   answer interrogatories with the same or comparable language" is not only
13   unsupported and false, but immaterial – if this were true (and it is not), Mattel's
14   obligation to fully respond to the Interrogatories would be unaffected.

15    As to overbreadth, Mattel provides no explanation, let alone the
16   required particularity, as to why this interrogatory is supposedly overly broad, nor
17   can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118
18   (Order No. 17, dated April 14, 2009 (overruling objections not stated with
19   specificity)). To the contrary, the Interrogatory is narrowly tailored to seek
20   responses concerning Mattel's allegation that Isaac Larian and MGA created shell
21   and off-shore entities to transfer proceeds generated by unlawful conduct and
22   criminal enterprises.

23    As to burden, Mattel has not attempted to demonstrate why responding
24   to this Interrogatory presents any burden. This objection must therefore be rejected.
25   See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.
26   1997) ("The party claiming that a discovery request is unduly burdensome must
27   allege specific facts which indicate the nature and extent of the burden, usually by
28   affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as

1  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable
2  evidence.

3  This Interrogatory does not seek responses protected by the attorney-
4  client privilege, the attorney work product doctrine, or other applicable privileges.
5  To the extent that Mattel contends that it does, it does not excuse Mattel from
6  responding with any non-privileged information.  Additionally, to the extent that
7  such privileged material exists, Mattel must provide a privilege log.

8  Mattel objects that the Interrogatory contains confidential and/or
9  proprietary information.  A Protective Order exists in this case, obviating any
10  concern as to protection of privacy rights and/or commercially sensitive
11  information.  Also, this Interrogatory does not seek information violative of any
12  third party's rights of privacy.  The facts, persons, and documents responsive to this
13  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,
14  and as Mattel itself previously has argued, any privacy issues are fully addressed by
15  the Protective Order.

16  In short, Mattel's objections are uniformly without merit and frivolous.
17  The Discovery Master should order Mattel to provide a substantive response to
18  Interrogatory No. 20 without objection.

19  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
20  **INTERROGATORY NO. 20 IS NOT WARRANTED**

21  <u>Defendants have exceeded their Phase 2 Interrogatory limit.</u>  Mattel hereby
22  incorporates by reference Argument § I of its Opposition.  For the reasons set forth
23  more fully in Argument § I of its Opposition, the Discovery Master should set the
24  interrogatory limit per side, as opposed to per party, consistent with the Court's
25  previous rulings in this case, applicable case law and basic fairness.[248]  Moreover, even
26  if a "per party" rule were to apply, MGA Hong Kong clearly has exceeded its limit of

27
28

[248]  <u>See</u> Opposition at Argument § I.

1 | 25 interrogatories because it has served 25 separately-numbered interrogatories, many
2 | of which are compound and address discrete issues. See Argument §§ I.B and I.C of
3 | Opposition. If even one of its interrogatories is properly counted as more than one --
4 | and virtually all count as far more than one in Mattel's view -- MGA Hong Kong has
5 | exceeded any putative 25 interrogatory limit that applies to it.[249]

6 |      Interrogatory No. 20 is compound. Mattel hereby incorporates by reference
7 | Argument §§ I.B and I.C of its Opposition. Interrogatory No. 20 seeks "all facts" about
8 | "every RICO predicate act," of which there are many. Additionally, Interrogatory No.
9 | 20 poses five different questions about each of the predicate acts. Accordingly,
10 | Interrogatory No. 20 represents at least dozens of interrogatories.

11 |      Interrogatory No. 20 is unduly burdensome because it requires Mattel to identify
12 | "all" facts, persons and documents. Mattel hereby incorporates by reference Argument
13 | § II of its Opposition. Consistent with the Discovery Master's prior rulings and
14 | applicable case law, Interrogatory No. 20 is unduly burdensome to the extent it requires
15 | Mattel to identify "all" facts, persons and documents.[250] It also is unduly burdensome
16 | because of the detailed litany of information it purports to require.

17 |      MGA has previously blocked Mattel's discovery relating to "every RICO
18 | predicate act." Mattel hereby incorporates by reference Argument § II.A. This
19 | interrogatory seeks information relating to "every RICO predicate act" in spite of the
20 | fact that MGA has successfully argued in the past that producing evidence relating to
21 | every RICO predicate is unduly burdensome. Based on such efforts by MGA, Mattel
22 | has been unable to obtain information relating to "every RICO predicate act" and
23 | should not have to produce such information.

24 |      Interrogatory No. 20 is unduly burdensome because it is cumulative of other
25 | interrogatories served on Mattel. Mattel hereby incorporates by reference Argument §
26 |
27 | [249] See Opposition at Argument § I.
28 | [250] See Opposition at Argument § II.A.1.

II.B.  This interrogatory is simply an attempt to force Mattel to restate information that it has already provided to Defendants.  For example, the interrogatory is cumulative of the following interrogatories:

**Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe in detail the complete factual basis for YOUR COUNTERCLAIMS including, without limitation all facts, DOCUMENTS, and witnesses that REFER OR RELATE TO YOUR COUNTERCLAIMS. [251]

**Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe in detail any estimate or calculation of damage, loss, injury, or unjust enrichment, by reason of any act or omission alleged in YOUR COUNTERCLAIMS, that YOU have made or that has been made on YOUR behalf or at YOUR request, including all facts, DOCUMENTS or witnesses RELATING TO each estimate or calculation. [252]

**Interrogatory No. 5, MGA's First Set of Phase 2 Interrogatories:** IDENTIFY ANY damages YOU contend YOU have suffered as a result of the violation of the Racketeer Influenced and Corrupt Organization Act alleged by YOU in the Second Counterclaim of YOUR OPERATIVE COUNTERCLAIMS in THIS ACTION. [253]

**Interrogatory No. 1, MGA's First Set of Interrogatories:** State all facts, with particularity, and IDENTIFY all DOCUMENTS that support YOUR contention, if YOU so contend, that YOU have suffered harm as a result of any act or omission of MGA.[254]

---

[251]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 28.
[252]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 29.
[253]  See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 5.
[254]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 1.

1       **Interrogatory No. 2, MGA's First Set of Interrogatories:** IDENTIFY
2       all PERSONS with knowledge of each fact" "stated in response to
3       Interrogatory No. 1.[255]
4       **Interrogatory No. 3, MGA's First Set of Interrogatories:** State, with
5       particularity, the nature, amount, cause and calculation of every item of
6       YOUR alleged damages, including, without limitation, general, actual and
7       statutory damages, restitution, disgorgement of unlawful profits, lost
8       profits, lost payments, lost revenues, lost monies, lost royalties or license
9       fees, reputational harm, lost relationships, lost business opportunities,
10       interest, attorneys' fees, costs, expenses, and any other form of injury or
11       damage of quantifiable remedy that YOU seek to recover in this
12       lawsuit.[256]
13       **Interrogatory No. 4, MGA's First Set of Interrogatories:** State all
14       facts, with particularity, and IDENTIFY all DOCUMENTS that support
15       YOUR contention, if YOU so contend, that YOU are entitled to
16       exemplary damages, attorneys' fees and costs.[257]

17       <u>Interrogatory No. 20 is of limited benefit to MGA Hong Kong.</u>  Mattel hereby
18 incorporates by reference Argument § II.C. This interrogatory is of limited value to
19 MGA Hong Kong in that it seeks information far broader than information relating to
20 MGA Hong Kong and the claims and defenses related to MGA Hong Kong.  First of
21 all, the Interrogatory relates to Isaac Larian and MGA and not to MGA Hong Kong.  To
22 the extent it seeks information not related to MGA Hong Kong, MGA Hong Kong
23 cannot realize any benefit from the discovery.  In addition, as shown above and in the
24 Opposition, the Interrogatory seeks information beyond what Mattel will need to prove
25 at either summary judgment or trial regarding its RICO claims.

26
27
28

---

[255]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 2.
[256]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 3.
[257]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 4.

1    Interrogatory No. 20 is overbroad in that it requires Mattel to "state all facts
2    regarding the injuries to Mattel's business or property proximately caused by
3    [defendants'] acts." Mattel hereby incorporates by reference Argument § II.C of its
4    Opposition. The interrogatory requires Mattel to identify injury proximately caused
5    from a specific predicate act;[258] however, this showing is not required under the law.
6    Mattel properly reserved its right to supplement its response based on facts
7    learned in the future and expert discovery. Mattel hereby incorporates by reference
8    Argument § III of its Opposition. To the extent the Interrogatory seeks information that
9    Mattel has not yet learned because of Defendants' obstructionism and information that
10   is the subject of expert discovery, Mattel properly reserved its right to supplement its
11   response based on any newly learned information and in accordance with the Rules and
12   Court Orders governing expert disclosures.[259]
13   Mattel properly reserved its privilege objection. Mattel hereby incorporates by
14   reference Argument § IV of its Opposition. To the extent the Interrogatory seeks
15   information protected by the attorney client privilege, Mattel timely objected to the
16   interrogatory and preserved its objection.[260]
17   **INTERROGATORY NO. 21:**
18   With respect to the allegation in paragraphs 113 — 120 of the
19   Counterclaims of the TAAC, that Isaac Larian and MGA wrongfully acquired $313
20   million of debt that MGA owed Wachovia, state all facts regarding:
21        (a)    every RICO predicate act committed through that conduct;
22        (b)    which PERSONS employed by or associated with which RICO
23   enterprises committed those predicate acts;
24
25   ───────────────
     [258]  See, e.g., MGA Hong Kong's Interrogatory No. 1, Molinski Dec., Exh. 1
26   (requesting that Mattel "state all facts regarding how that RICO predicate act
     proximately caused injury(s) to Mattel's business or property").
27   [259]  See Opposition at Argument § III.
     [260]  See Opposition at Argument § IV.
28

07975/3132917.1

RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES

1        (c)    the injuries to Mattel's business or property proximately caused

2 by those predicate acts;

3        (d)    how MATTEL has calculated or estimated the dollar value of

4 those injuries (and if it has not, why not); and

5        (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

6 the information requested in this Interrogatory.

7 **RESPONSE TO INTERROGATORY NO. 21:**

8        In addition to the general objections stated above, Mattel specifically

9 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

10 overbroad, including in that it purports to require Mattel to summarize all facts on

11 these subjects, despite defendants' own refusals to answer interrogatories with the

12 same or comparable language and in conflict with the Court's Orders of February

13 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

14 facts on these subjects. Mattel further objects to this Interrogatory on the grounds

15 that it calls for the disclosure of information subject to the attorney-client privilege,

16 the attorney work-product doctrine and other applicable privileges. Mattel further

17 objects to this Interrogatory on the grounds that it calls for the disclosure of

18 confidential and/or proprietary information, which Mattel will disclose only subject

19 to and in reliance upon the operative protective order. Mattel further objects to this

20 Interrogatory as compound and seeks to require Mattel to provide separate discrete

21 responses as to "every RICO predicate act committed through that conduct." As

22 such, the interrogatory is impermissibly compound and causes the total number of

23 interrogatories served during Phase 2 discovery to exceed the limits set by the

24 Federal Rules of Civil Procedure and the Court.

25 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

26 **INTERROGATORY NO. 21 SHOULD BE COMPELLED:**

27        Mattel has refused to provide answers in response to this Interrogatory,

28 subject to its improper boilerplate objections. Under the Federal Rules of Civil

07975/3132917.1

-196-

1  Procedure, "the grounds for objecting to an interrogatory must be stated with
2  specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the
3  basis for an objection with specificity are routinely rejected in the Central District.
4  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)
5  ("general or boilerplate objections such as 'overly burdensome and harassing' are
6  improper – especially when a party fails to submit any evidentiary declarations
7  supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,
8  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are
9  inadequate and tantamount to not making any objection at all"). To the extent that
10 Mattel is relying on its blanket objections, they are not sustainable and do not justify
11 Mattel's failure to respond.

12        Mattel also bases its refusal to respond on two equally unavailing
13 arguments with respect to the counting of interrogatories in an effort to avoid
14 responding to this and the other Interrogatories at Issue. First, Mattel asserts a non-
15 existent discovery limitation applies such that each *side* in the litigation may only
16 serve 25 interrogatories. This is the same argument that Mattel has made
17 unsuccessfully in the past. See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion
18 for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47
19 (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August
20 5, 2009). While Mattel continues to assert this meritless objection rather than
21 responding to this interrogatory, Mattel cannot identify a single factual or legal basis
22 to support it. To the contrary, Judge Larson has made clear that there is a "clean
23 slate" with respect to the Phase 2 discovery. Specifically, Judge Larson noted that
24 he has not placed any restrictions on discovery in Phase 2 other than those set by the
25 Rules of Civil Procedure. See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of
26 February 11, 2009 Hearing). Indeed, Discovery Master O'Brien has ███████

27 █████████████████████████████████████████████████

28 █████████████████████████████████████████████████

RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES

1 ████████████ Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated

2 August 14, 2009). Indeed in that same order, Discovery Master O'Brien noted that

3 ████████████████████████████████████████████████

4 ███████████████████████████████████████ Molinski

5 Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009). The ruling is

6 unsurprising as case law also supports this interpretation. See, e.g., St. Paul Fire and

7 Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.

8 Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking

9 down a local rule that allotted interrogatories on a "per side" basis); Missouri

10 Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

11 established a scheduling plan that maintained a distinction between interrogatory

12 limitations by "party" and deposition limitations by "side."). Since this interrogatory

13 was propounded by MGA Entertainment (HK) and they have not propounded more

14 than 25 interrogatories, Mattel's objection should be overruled and Mattel must be

15 ordered to provide a substantive response.

16 To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit

17 is only entitled to propound 25 interrogatories, would produce a ludicrous result.

18 For example, under Mattel's reasoning all counsel, in a multi-defendant case where

19 each defendant is represented by their own counsel, all defendants' counsel would be

20 forced to agree on a single set of 25 interrogatories to propound on plaintiff. Such

21 an irrational result is not the intent of Rule 33, nor the federal discovery statutes. As

22 noted by Discovery Master O'Brien, █████████████████████

23 ████████████████████████████████████████████████

24 ███████████████████████████████████ Molinski Decl., Ex. 8 at

25 171:7-9 (Order No. 46 dated August 14, 2009). Within this policy is the right of

26 each party in a litigation to serve written discovery. That the MGA parties happen

27 to be represented by the same counsel does not alter the analysis. Each party must

28

1 | be allowed to serve 25 interrogatories and Mattel must be compelled to answer
2 | them.
3 | Mattel's second counting argument is that this interrogatory is
4 | impermissibly compound. ███████████████████████████████
5 | ███████████████████████████████████████████████████████
6 | ███████████████████████████████████████████
7 | ███████████████████████████████ See Molinski Decl., Ex. 13 at 529
8 | (Mattel's Motion for Protective Order dated June 29, 2009). ███████████████
9 | ███████████████████████████████████████████████████
10 | ██████████████████████████████████████████████████████
11 | ███████████████████████████████ See Molinski Decl., Ex. 8 at
12 | 171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory
13 | contains subparts, it is still considered a single interrogatory when it relates to a
14 | common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.
15 | Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details
16 | concerning a 'common theme' should generally be considered a single question.");
17 | see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL
18 | 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question
19 | regarding a common group of people" not compound (citing 8A Wright et al., Fed.
20 | Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113
21 | F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single
22 | question ... even though it may call for an answer containing several separate bits of
23 | information, if there is a direct relationship between the various bits of information
24 | called for.").
25 | This interrogatory seeks a narrative concerning a common theme.  That
26 | is, it seeks information concerning specific allegations in Mattel's TAAC and how,
27 | if true, those allegations constitute a RICO violation.  The request is structured to
28 | aid Mattel in responding to the interrogatory and seeks only information that a

1  responding party would reasonably expect to receive in response, even if the level of

2  request detail were not included. Indeed, the basis of the entire interrogatory is to

3  seek information that will ultimately allow MGA to defend against Mattel's RICO

4  allegations and is crucial to that defense. As such, this interrogatory should be

5  counted as a single interrogatory and Mattel should be ordered to respond.

6      In addition, Mattel's bare assertion that MGA has "purports to require

7  Mattel to summarize all facts on these subjects, despite defendants' own refusals to

8  answer interrogatories with the same or comparable language" is not only

9  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

10  obligation to fully respond to the Interrogatories would be unaffected.

11      As to overbreadth, Mattel provides no explanation, let alone the

12  required particularity, as to why this interrogatory is supposedly overly broad, nor

13  can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118

14  (Order No. 17, dated April 14, 2009 (overruling objections not stated with

15  specificity)). To the contrary, the Interrogatory is narrowly tailored to seek

16  responses concerning Mattel's allegation that Isaac Larian and MGA wrongfully

17  acquired $313 million of debt that MGA owed Wachovia.

18      As to burden, Mattel has not attempted to demonstrate why responding

19  to this Interrogatory presents any burden. This objection must therefore be rejected.

20  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

21  1997) ("The party claiming that a discovery request is unduly burdensome must

22  allege specific facts which indicate the nature and extent of the burden, usually by

23  affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as

24  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

25  evidence.

26      This Interrogatory does not seek responses protected by the attorney-

27  client privilege, the attorney work product doctrine, or other applicable privileges.

28  To the extent that Mattel contends that it does, it does not excuse Mattel from

1  responding with any non-privileged information.  Additionally, to the extent that
2  such privileged material exists, Mattel must provide a privilege log.

3         Mattel objects that the Interrogatory contains confidential and/or
4  proprietary information.  A Protective Order exists in this case, obviating any
5  concern as to protection of privacy rights and/or commercially sensitive
6  information.  Also, this Interrogatory does not seek information violative of any
7  third party's rights of privacy.  The facts, persons, and documents responsive to this
8  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,
9  and as Mattel itself previously has argued, any privacy issues are fully addressed by
10 the Protective Order.

11        In short, Mattel's objections are uniformly without merit and frivolous.
12 The Discovery Master should order Mattel to provide a substantive response to
13 Interrogatory No. 21 without objection.

14 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
15 **INTERROGATORY NO. 21 IS NOT WARRANTED**

16        Defendants have exceeded their Phase 2 Interrogatory limit.  Mattel hereby
17 incorporates by reference Argument § I of its Opposition.  For the reasons set forth
18 more fully in Argument § I of its Opposition, the Discovery Master should set the
19 interrogatory limit per side, as opposed to per party, consistent with the Court's
20 previous rulings in this case, applicable case law and basic fairness.[261]  Moreover, even
21 if a "per party" rule were to apply, MGA Hong Kong clearly has exceeded its limit of
22 25 interrogatories because it has served 25 separately-numbered interrogatories, many
23 of which are compound and address discrete issues.  See Argument §§ I.B and I.C of
24 Opposition.  If even one of its interrogatories is properly counted as more than one --
25
26
27 ───────────────
   [261]  See Opposition at Argument § I.
28

1   and virtually all count as far more than one in Mattel's view -- MGA Hong Kong has
2   exceeded any putative 25 interrogatory limit that applies to it.[262]

3       Interrogatory No. 21 is compound. Mattel hereby incorporates by reference
4   Argument §§ I.B and I.C of its Opposition. Interrogatory No. 21 seeks "all facts" about
5   "every RICO predicate act," of which there are many. Additionally, Interrogatory No.
6   21 poses five different questions about each of the predicate acts.   Accordingly,
7   Interrogatory No. 21 represents at least dozens of interrogatories.

8       Interrogatory No. 21 is unduly burdensome because it requires Mattel to identify
9   "all" facts, persons and documents. Mattel hereby incorporates by reference Argument
10  § II of its Opposition.  Consistent with the Discovery Master's prior rulings and
11  applicable case law, Interrogatory No. 21 is unduly burdensome to the extent it requires
12  Mattel to identify "all" facts, persons and documents.[263] It also is unduly burdensome
13  because of the detailed litany of information it purports to require.

14      MGA has previously blocked Mattel's discovery relating to "every RICO
15  predicate act."  Mattel hereby incorporates by reference Argument § II.A.   This
16  interrogatory seeks information relating to "every RICO predicate act" in spite of the
17  fact that MGA has successfully argued in the past that producing evidence relating to
18  every RICO predicate is unduly burdensome. Based on such efforts by MGA, Mattel
19  has been unable to obtain information relating to "every RICO predicate act" and
20  should not have to produce such information.

21      Interrogatory No. 21 is unduly burdensome because it is cumulative of other
22  interrogatories served on Mattel. Mattel hereby incorporates by reference Argument §
23  II.B. This interrogatory is simply an attempt to force Mattel to restate information that
24  it has already provided to Defendants. For example, the interrogatory is cumulative of
25  the following interrogatories:

26

27  [262]  See Opposition at Argument § I.
28  [263]  See Opposition at Argument § II.A.1.

1  **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe
2  in detail the complete factual basis for YOUR COUNTERCLAIMS
3  including, without limitation all facts, DOCUMENTS, and witnesses that
4  REFER OR RELATE TO YOUR COUNTERCLAIMS. [264]

5  **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe
6  in detail any estimate or calculation of damage, loss, injury, or unjust
7  enrichment, by reason of any act or omission alleged in YOUR
8  COUNTERCLAIMS, that YOU have made or that has been made on
9  YOUR behalf or at YOUR request, including all facts, DOCUMENTS or
10 witnesses RELATING TO each estimate or calculation. [265]

11 **Interrogatory No. 5, MGA's First Set of Phase 2 Interrogatories:**
12 IDENTIFY ANY damages YOU contend YOU have suffered as a result
13 of the violation of the Racketeer Influenced and Corrupt Organization Act
14 alleged by YOU in the Second Counterclaim of YOUR OPERATIVE
15 COUNTERCLAIMS in THIS ACTION. [266]

16 **Interrogatory No. 1, MGA's First Set of Interrogatories:** State all
17 facts, with particularity, and IDENTIFY all DOCUMENTS that support
18 YOUR contention, if YOU so contend, that YOU have suffered harm as a
19 result of any act or omission of MGA.[267]

20 **Interrogatory No. 2, MGA's First Set of Interrogatories:** IDENTIFY
21 all PERSONS with knowledge of each fact" "stated in response to
22 Interrogatory No. 1.[268]

---

[264] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 28.
[265] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 29.
[266] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 5.
[267] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 1.
[268] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 2.

**Interrogatory No. 3, MGA's First Set of Interrogatories:** State, with
particularity, the nature, amount, cause and calculation of every item of
YOUR alleged damages, including, without limitation, general, actual and
statutory damages, restitution, disgorgement of unlawful profits, lost
profits, lost payments, lost revenues, lost monies, lost royalties or license
fees, reputational harm, lost relationships, lost business opportunities,
interest, attorneys' fees, costs, expenses, and any other form of injury or
damage of quantifiable remedy that YOU seek to recover in this
lawsuit.[269]

**Interrogatory No. 4, MGA's First Set of Interrogatories:** State all
facts, with particularity, and IDENTIFY all DOCUMENTS that support
YOUR contention, if YOU so contend, that YOU are entitled to
exemplary damages, attorneys' fees and costs.[270]

Interrogatory No. 21 is of limited benefit to MGA Hong Kong. Mattel hereby
incorporates by reference Argument § II.C. This interrogatory is of limited value to
MGA Hong Kong in that it seeks information far broader than information relating to
MGA Hong Kong and the claims and defenses related to MGA Hong Kong. First of
all, the Interrogatory relates to Isaac Larian and MGA, and not to MGA Hong Kong.
To the extent it seeks information not related to MGA Hong Kong, MGA Hong Kong
cannot realize any benefit from the discovery. In addition, as shown above and in the
Opposition, the Interrogatory seeks information beyond what Mattel will need to prove
at either summary judgment or trial regarding its RICO claims.

Interrogatory No. 21 is overbroad in that it requires Mattel to "state all facts
regarding the injuries to Mattel's business or property proximately caused by
[defendants'] acts." Mattel hereby incorporates by reference Argument § II.C of its

---

[269] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 3.
[270] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 4.

1 Opposition. The interrogatory requires Mattel to identify injury proximately caused

2 from a specific predicate act;[271] however, this showing is not required under the law.

3     <u>Mattel properly reserved its right to supplement its response based on facts</u>

4 <u>learned in the future and expert discovery.</u> Mattel hereby incorporates by reference

5 Argument § III of its Opposition. To the extent the Interrogatory seeks information that

6 Mattel has not yet learned because of Defendants' obstructionism and information that

7 is the subject of expert discovery, Mattel properly reserved its right to supplement its

8 response based on any newly learned information and in accordance with the Rules and

9 Court Orders governing expert disclosures.[272]

10     <u>Mattel properly reserved its privilege objection.</u> Mattel hereby incorporates by

11 reference Argument § IV of its Opposition. To the extent the Interrogatory seeks

12 information protected by the attorney client privilege, Mattel timely objected to the

13 interrogatory and preserved its objection.[273]

14 **INTERROGATORY NO. 22:**

15     With respect to the allegation in paragraph 121 of the Counterclaims of

16 the TAAC, regarding various loans to MGA and MGA Entertainment (HK), state all

17 facts regarding:

18     (a) every RICO predicate act committed through that conduct;

19     (b) which PERSONS employed by or associated with which RICO

20 enterprises committed those predicate acts;

21     (c) the injuries to Mattel's business or property proximately caused

22 by those predicate acts;

23     (d) how MATTEL has calculated or estimated the dollar value of

24 those injuries (and if it has not, why not; and

25 [271] See, e.g., MGA Hong Kong's Interrogatory No. 1, Molinski Dec., Exh. 1
26 (requesting that Mattel "state all facts regarding how that RICO predicate act
proximately caused injury(s) to Mattel's business or property").
27 [272] See Opposition at Argument § III.
28 [273] See Opposition at Argument § IV.

1    (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of
2    the information requested in this Interrogatory.

3    **RESPONSE TO INTERROGATORY NO. 22:**

4    In addition to the general objections stated above, Mattel specifically
5    objects to this Interrogatory on the grounds that it is unreasonably burdensome,
6    overbroad, including in that it purports to require Mattel to summarize all facts on
7    these subjects, despite defendants' own refusals to answer interrogatories with the
8    same or comparable language and in conflict with the Court's Orders of February
9    15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all
10   facts on these subjects. Mattel further objects to this Interrogatory on the grounds
11   that it calls for the disclosure of information subject to the attorney-client privilege,
12   the attorney work-product doctrine and other applicable privileges. Mattel further
13   objects to this Interrogatory on the grounds that it calls for the disclosure of
14   confidential and/or proprietary information, which Mattel will disclose only subject
15   to and in reliance upon the operative protective order. Mattel further objects to this
16   Interrogatory as compound and seeks to require Mattel to provide separate discrete
17   responses as to "every RICO predicate act committed through that conduct." As
18   such, the interrogatory is impermissibly compound and causes the total number of
19   interrogatories served during Phase 2 discovery to exceed the limits set by the
20   Federal Rules of Civil Procedure and the Court.

21   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
22   **INTERROGATORY NO. 22 SHOULD BE COMPELLED:**

23   Mattel has refused to provide answers in response to this Interrogatory,
24   subject to its improper boilerplate objections. Under the Federal Rules of Civil
25   Procedure, "the grounds for objecting to an interrogatory must be stated with
26   specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the
27   basis for an objection with specificity are routinely rejected in the Central District.
28   See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

07975/3132917.1

-206-

1  ("general or boilerplate objections such as 'overly burdensome and harassing' are

2  improper – especially when a party fails to submit any evidentiary declarations

3  supporting such objections"); <u>Walker v. Lakewood Condominium Owners Ass'n,</u>

4  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

5  inadequate and tantamount to not making any objection at all").  To the extent that

6  Mattel is relying on its blanket objections, they are not sustainable and do not justify

7  Mattel's failure to respond.

8          Mattel also bases its refusal to respond on two equally unavailing

9  arguments with respect to the counting of interrogatories in an effort to avoid

10 responding to this and the other Interrogatories at Issue.  First, Mattel asserts a non-

11 existent discovery limitation applies such that each *side* in the litigation may only

12 serve 25 interrogatories.  This is the same argument that Mattel has made

13 unsuccessfully in the past.  <u>See</u> Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion

14 for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47

15 (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August

16 5, 2009).  While Mattel continues to assert this meritless objection rather than

17 responding to this interrogatory, Mattel cannot identify a single factual or legal basis

18 to support it.  To the contrary, Judge Larson has made clear that there is a "clean

19 slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson noted that

20 he has not placed any restrictions on discovery in Phase 2 other than those set by the

21 Rules of Civil Procedure.  <u>See</u> Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of

22 February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has ▮▮▮▮▮

23 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

25 ▮▮▮▮▮▮▮▮▮▮▮  Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated

26 August 14, 2009).  Indeed in that same order, Discovery Master O'Brien noted that

27 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

28 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Molinski

1  Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009). The ruling is
2  unsurprising as case law also supports this interpretation. See, e.g., St. Paul Fire and
3  Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.
4  Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking
5  down a local rule that allotted interrogatories on a "per side" basis); Missouri
6  Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court
7  established a scheduling plan that maintained a distinction between interrogatory
8  limitations by "party" and deposition limitations by "side."). Since this interrogatory
9  was propounded by MGA Entertainment (HK) and they have not propounded more
10  than 25 interrogatories, Mattel's objection should be overruled and Mattel must be
11  ordered to provide a substantive response.

12  To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit
13  is only entitled to propound 25 interrogatories, would produce a ludicrous result.
14  For example, under Mattel's reasoning all counsel, in a multi-defendant case where
15  each defendant is represented by their own counsel, all defendants' counsel would be
16  forced to agree on a single set of 25 interrogatories to propound on plaintiff. Such
17  an irrational result is not the intent of Rule 33, nor the federal discovery statutes. As
18  noted by Discovery Master O'Brien, ███████████████████████
19  ████████████████████████████████████████████████████
20  ████████████████████████████████ Molinski Decl., Ex. 8 at
21  171:7-9 (Order No. 46 dated August 14, 2009). Within this policy is the right of
22  each party in a litigation to serve written discovery. That the MGA parties happen
23  to be represented by the same counsel does not alter the analysis. Each party must
24  be allowed to serve 25 interrogatories and Mattel must be compelled to answer
25  them.

26  Mattel's second counting argument is that this interrogatory is
27  impermissibly compound. ████████████████████████████████
28  ████████████████████████████████████████████████████

-208-

1 ███████████████████████████████████████████

2 ██████████████████████████████ See Molinski Decl., Ex. 13 at 529

3 (Mattel's Motion for Protective Order dated June 29, 2009). █████████████

4 ███████████████████████████████████████████

5 ███████████████████████████████████████████

6 █████████████████████████████ See Molinski Decl., Ex. 8 at

7 171:23-26 (Order No. 46 dated August 14, 2009). Even when an interrogatory

8 contains subparts, it is still considered a single interrogatory when it relates to a

9 common theme. See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

10 Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

11 concerning a 'common theme' should generally be considered a single question.");

12 see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL

13 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question

14 regarding a common group of people" not compound (citing 8A Wright et al., Fed.

15 Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113

16 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single

17 question ... even though it may call for an answer containing several separate bits of

18 information, if there is a direct relationship between the various bits of information

19 called for.").

20        This interrogatory seeks a narrative concerning a common theme. That

21 is, it seeks information concerning specific allegations in Mattel's TAAC and how,

22 if true, those allegations constitute a RICO violation. The request is structured to

23 aid Mattel in responding to the interrogatory and seeks only information that a

24 responding party would reasonably expect to receive in response, even if the level of

25 request detail were not included. Indeed, the basis of the entire interrogatory is to

26 seek information that will ultimately allow MGA to defend against Mattel's RICO

27 allegations and is crucial to that defense. As such, this interrogatory should be

28 counted as a single interrogatory and Mattel should be ordered to respond.

1    In addition, Mattel's bare assertion that MGA has "purports to require
2  Mattel to summarize all facts on these subjects, despite defendants' own refusals to
3  answer interrogatories with the same or comparable language" is not only
4  unsupported and false, but immaterial – if this were true (and it is not), Mattel's
5  obligation to fully respond to the Interrogatories would be unaffected.

6    As to overbreadth, Mattel provides no explanation, let alone the
7  required particularity, as to why this interrogatory is supposedly overly broad, nor
8  can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118
9  (Order No. 17, dated April 14, 2009 (overruling objections not stated with
10  specificity)). To the contrary, the Interrogatory is narrowly tailored to seek
11  responses concerning Mattel's allegation regarding various loans to MGA and
12  MGAE (HK), as set forth in Counterclaims of the TAAC.

13    As to burden, Mattel has not attempted to demonstrate why responding
14  to this Interrogatory presents any burden. This objection must therefore be rejected.
15  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.
16  1997) ("The party claiming that a discovery request is unduly burdensome must
17  allege specific facts which indicate the nature and extent of the burden, usually by
18  affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as
19  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable
20  evidence.

21    This Interrogatory does not seek responses protected by the attorney-
22  client privilege, the attorney work product doctrine, or other applicable privileges.
23  To the extent that Mattel contends that it does, it does not excuse Mattel from
24  responding with any non-privileged information. Additionally, to the extent that
25  such privileged material exists, Mattel must provide a privilege log.

26    Mattel objects that the Interrogatory contains confidential and/or
27  proprietary information. A Protective Order exists in this case, obviating any
28  concern as to protection of privacy rights and/or commercially sensitive

1   information.  Also, this Interrogatory does not seek information violative of any
2   third party's rights of privacy.  The facts, persons, and documents responsive to this
3   Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,
4   and as Mattel itself previously has argued, any privacy issues are fully addressed by
5   the Protective Order.

6          In short, Mattel's objections are uniformly without merit and frivolous.
7   The Discovery Master should order Mattel to provide a substantive response to
8   Interrogatory No. 22 without objection.

9   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
10  **INTERROGATORY NO. 22 IS NOT WARRANTED**

11  <u>Defendants have exceeded their Phase 2 Interrogatory limit.</u>  Mattel hereby
12  incorporates by reference Argument § I of its Opposition.  For the reasons set forth
13  more fully in Argument § I of its Opposition, the Discovery Master should set the
14  interrogatory limit per side, as opposed to per party, consistent with the Court's
15  previous rulings in this case, applicable case law and basic fairness.[274]  Moreover, even
16  if a "per party" rule were to apply, MGA Hong Kong clearly has exceeded its limit of
17  25 interrogatories because it has served 25 separately-numbered interrogatories, many
18  of which are compound and address discrete issues.  <u>See</u> Argument §§ I.B and I.C of
19  Opposition.  If even one of its interrogatories is properly counted as more than one --
20  and virtually all count as far more than one in Mattel's view -- MGA Hong Kong has
21  exceeded any putative 25 interrogatory limit that applies to it.[275]

22  <u>Interrogatory No. 22 is compound.</u>  Mattel hereby incorporates by reference
23  Argument §§ I.B and I.C of its Opposition.  Interrogatory No. 22 seeks "all facts" about
24  "every RICO predicate act," of which there are many.  Additionally, Interrogatory No.
25
26
27  [274]  <u>See</u> Opposition at Argument § I.
28  [275]  <u>See</u> Opposition at Argument § I.

-211-
RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES

1    22 poses five different questions about each of the predicate acts.  Accordingly,
2    Interrogatory No. 22 represents at least dozens of interrogatories.

3           Interrogatory No. 22 is unduly burdensome because it requires Mattel to identify
4    "all" facts, persons and documents. Mattel hereby incorporates by reference Argument
5    § II of its Opposition.  Consistent with the Discovery Master's prior rulings and
6    applicable case law, Interrogatory No. 22 is unduly burdensome to the extent it requires
7    Mattel to identify "all" facts, persons and documents.[276]  It also is unduly burdensome
8    because of the detailed litany of information it purports to require.

9           MGA has previously blocked Mattel's discovery relating to "every RICO
10   predicate act."  Mattel hereby incorporates by reference Argument § II.A.  This
11   interrogatory seeks information relating to "every RICO predicate act" in spite of the
12   fact that MGA has successfully argued in the past that producing evidence relating to
13   every RICO predicate is unduly burdensome.  Based on such efforts by MGA, Mattel
14   has been unable to obtain information relating to "every RICO predicate act" and
15   should not have to produce such information.

16          Interrogatory No. 22 is unduly burdensome because it is cumulative of other
17   interrogatories served on Mattel. Mattel hereby incorporates by reference Argument §
18   II.B. This interrogatory is simply an attempt to force Mattel to restate information that
19   it has already provided to Defendants.  For example, the interrogatory is cumulative of
20   the following interrogatories:

21          **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe
22          in detail the complete factual basis for YOUR COUNTERCLAIMS
23          including, without limitation all facts, DOCUMENTS, and witnesses that
24          REFER OR RELATE TO YOUR COUNTERCLAIMS.[277]

25

26   [276]  See Opposition at Argument § II.A.1.
27   [277]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory
     No. 28.
28

07975/3132917.1

RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES

1    **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe
2    in detail any estimate or calculation of damage, loss, injury, or unjust
3    enrichment, by reason of any act or omission alleged in YOUR
4    COUNTERCLAIMS, that YOU have made or that has been made on
5    YOUR behalf or at YOUR request, including all facts, DOCUMENTS or
6    witnesses RELATING TO each estimate or calculation. [278]

7    **Interrogatory No. 5, MGA's First Set of Phase 2 Interrogatories:**
8    IDENTIFY ANY damages YOU contend YOU have suffered as a result
9    of the violation of the Racketeer Influenced and Corrupt Organization Act
10   alleged by YOU in the Second Counterclaim of YOUR OPERATIVE
11   COUNTERCLAIMS in THIS ACTION. [279]

12   **Interrogatory No. 1, MGA's First Set of Interrogatories:** State all
13   facts, with particularity, and IDENTIFY all DOCUMENTS that support
14   YOUR contention, if YOU so contend, that YOU have suffered harm as a
15   result of any act or omission of MGA.[280]

16   **Interrogatory No. 2, MGA's First Set of Interrogatories:** IDENTIFY
17   all PERSONS with knowledge of each fact" "stated in response to
18   Interrogatory No. 1.[281]

19   **Interrogatory No. 3, MGA's First Set of Interrogatories:** State, with
20   particularity, the nature, amount, cause and calculation of every item of
21   YOUR alleged damages, including, without limitation, general, actual and
22   statutory damages, restitution, disgorgement of unlawful profits, lost
23   profits, lost payments, lost revenues, lost monies, lost royalties or license

---

[278] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 29.
[279] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 5.
[280] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 1.
[281] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 2.

1    fees, reputational harm, lost relationships, lost business opportunities,
2    interest, attorneys' fees, costs, expenses, and any other form of injury or
3    damage of quantifiable remedy that YOU seek to recover in this
4    lawsuit.[282]

5    **Interrogatory No. 4, MGA's First Set of Interrogatories:** State all
6    facts, with particularity, and IDENTIFY all DOCUMENTS that support
7    YOUR contention, if YOU so contend, that YOU are entitled to
8    exemplary damages, attorneys' fees and costs.[283]

9    Interrogatory No. 22 is of limited benefit to MGA Hong Kong. Mattel hereby
10   incorporates by reference Argument § II.C. This interrogatory is of limited value to
11   MGA Hong Kong in that it seeks information far broader than information relating to
12   MGA Hong Kong and the claims and defenses related to MGA Hong Kong. First of
13   all, the Interrogatory relates MGA, and not just to MGA Hong Kong. To the extent it
14   seeks information not related to MGA Hong Kong, MGA Hong Kong cannot realize
15   any benefit from the discovery. In addition, as shown above and in the Opposition, the
16   Interrogatory seeks information beyond what Mattel will need to prove at either
17   summary judgment or trial regarding its RICO claims.

18   Interrogatory No. 22 is overbroad in that it requires Mattel to "state all facts
19   regarding the injuries to Mattel's business or property proximately caused by
20   [defendants'] acts." Mattel hereby incorporates by reference Argument § II.C of its
21   Opposition. The interrogatory requires Mattel to identify injury proximately caused
22   from a specific predicate act;[284] however, this showing is not required under the law.

23   Mattel properly reserved its right to supplement its response based on facts
24   learned in the future and expert discovery. Mattel hereby incorporates by reference

25   ───────────────
[282]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 3.
26   [283]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 4.
27   [284]  See, e.g., MGA Hong Kong's Interrogatory No. 1, Molinski Dec., Exh. 1
     (requesting that Mattel "state all facts regarding how that RICO predicate act
28   proximately caused injury(s) to Mattel's business or property").

1   Argument § III of its Opposition.  To the extent the Interrogatory seeks information that
2   Mattel has not yet learned because of Defendants' obstructionism and information that
3   is the subject of expert discovery, Mattel properly reserved its right to supplement its
4   response based on any newly learned information and in accordance with the Rules and
5   Court Orders governing expert disclosures.[285]

6       <u>Mattel properly reserved its privilege objection.</u>  Mattel hereby incorporates by
7   reference Argument § IV of its Opposition.  To the extent the Interrogatory seeks
8   information protected by the attorney client privilege, Mattel timely objected to the
9   interrogatory and preserved its objection.[286]

10  **INTERROGATORY NO. 23:**

11      With respect to the allegation in paragraphs 122 — 126 of the
12  Counterclaims of the TAAC, that Isaac Larian sold MGA inventory to himself at
13  fire sale prices, state all facts regarding:

14      (a)    every RICO predicate act committed through that conduct;

15      (b)    which PERSONS employed by or associated with which RICO
16  enterprises committed those predicate acts;

17      (c)    the injuries to Mattel's business or property proximately caused
18  by those predicate acts;

19      (d)    how MATTEL has calculated or estimated the dollar value of
20  those injuries (and if it has not, why not); and

21      (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of
22  the information requested in this Interrogatory.

23  **RESPONSE TO INTERROGATORY NO. 23:**

24      In addition to the general objections stated above, Mattel specifically
25  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

26  _____

27  [285]  <u>See</u> Opposition at Argument § III.
    [286]  <u>See</u> Opposition at Argument § IV.
28

1 | overbroad, including in that it purports to require Mattel to summarize all facts on
2 | these subjects, despite defendants' own refusals to answer interrogatories with the
3 | same or comparable language and in conflict with the Court's Orders of February
4 | 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all
5 | facts on these subjects. Mattel further objects to this Interrogatory on the grounds
6 | that it calls for the disclosure of information subject to the attorney-client privilege,
7 | the attorney work-product doctrine and other applicable privileges. Mattel further
8 | objects to this Interrogatory on the grounds that it calls for the disclosure of
9 | confidential and/or proprietary information, which Mattel will disclose only subject
10 | to and in reliance upon the operative protective order. Mattel further objects to this
11 | Interrogatory as compound and seeks to require Mattel to provide separate discrete
12 | responses as to "every RICO predicate act committed through that conduct." As
13 | such, the interrogatory is impermissibly compound and causes the total number of
14 | interrogatories served during Phase 2 discovery to exceed the limits set by the
15 | Federal Rules of Civil Procedure and the Court.

16 | **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
17 | **INTERROGATORY NO. 23 SHOULD BE COMPELLED:**

18 |        Mattel has refused to provide answers in response to this Interrogatory,
19 | subject to its improper boilerplate objections. Under the Federal Rules of Civil
20 | Procedure, "the grounds for objecting to an interrogatory must be stated with
21 | specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the
22 | basis for an objection with specificity are routinely rejected in the Central District.
23 | See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (
24 | "general or boilerplate objections such as 'overly burdensome and harassing' are
25 | improper – especially when a party fails to submit any evidentiary declarations
26 | supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,
27 | 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are
28 | inadequate and tantamount to not making any objection at all"). To the extent that

1 | Mattel is relying on its blanket objections, they are not sustainable and do not justify
2 | Mattel's failure to respond.

3 |       Mattel also bases its refusal to respond on two equally unavailing
4 | argument with respect to the counting of interrogatories in an effort to avoid
5 | responding to this and the other Interrogatories at Issue. First, Mattel asserts a non-
6 | existent discovery limitation applies such that each *side* in the litigation may only
7 | serve 25 interrogatories. This is the same argument that Mattel has made
8 | unsuccessfully in the past. <u>See</u> Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion
9 | for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47
10 | (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August
11 | 5, 2009). While Mattel continues to assert this meritless objection rather than
12 | responding to this interrogatory, Mattel cannot identify a single factual or legal basis
13 | to support it. To the contrary, Judge Larson has made clear that there is a "clean
14 | slate" with respect to the Phase 2 discovery. Specifically, Judge Larson noted that
15 | he has not placed any restrictions on discovery in Phase 2 other than those set by the
16 | Rules of Civil Procedure. <u>See</u> Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of
17 | February 11, 2009 Hearing). Indeed, Discovery Master O'Brien has ▮▮▮▮▮
18 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
19 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20 | ▮▮▮▮▮▮▮▮ Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated
21 | August 14, 2009). Indeed in that same order, Discovery Master O'Brien noted that
22 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
23 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Molinski
24 | Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009). The ruling is
25 | unsurprising as case law also supports this interpretation. <u>See, e.g.</u>, <u>St. Paul Fire and</u>
26 | <u>Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP</u>, 217 F.R.D. 288, 289 (D.
27 | Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking
28 | down a local rule that allotted interrogatories on a "per side" basis); <u>Missouri</u>

1   Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

2   established a scheduling plan that maintained a distinction between interrogatory

3   limitations by "party" and deposition limitations by "side.").  Since this interrogatory

4   was propounded by MGA Entertainment (HK) and they have not propounded more

5   than 25 interrogatories, Mattel's objection should be overruled and Mattel must be

6   ordered to provide a substantive response.

7        To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit

8   is only entitled to propound 25 interrogatories, would produce a ludicrous result.

9   For example, under Mattel's reasoning all counsel, in a multi-defendant case where

10  each defendant is represented by their own counsel, all defendants' counsel would be

11  forced to agree on a single set of 25 interrogatories to propound on plaintiff.  Such

12  an irrational result is not the intent of Rule 33, nor the federal discovery statutes.  As

13  noted by Discovery Master O'Brien, ███████████████████████████

14  ██████████████████████████████████████████████

15  ████████████████████████████████  Molinski Decl., Ex. 8 at

16  171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is the right of

17  each party in a litigation to serve written discovery.  That the MGA parties happen

18  to be represented by the same counsel does not alter the analysis.  Each party must

19  be allowed to serve 25 interrogatories and Mattel must be compelled to answer

20  them.

21        Mattel's second counting argument is that this interrogatory is

22  impermissibly compound.  █████████████████████████████████

23  ██████████████████████████████████████████████

24  ██████████████████████████████████████████████

25  ████████████████████████████████  See Molinski Decl., Ex. 13 at 529

26  (Mattel's Motion for Protective Order dated June 29, 2009).  █████████████

27  ██████████████████████████████████████████████

28  ██████████████████████████████████████████████

RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES

07975/3132917.1

1   ███████████████████████████████████   See Molinski Decl., Ex. 8 at

2   171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

3   contains subparts, it is still considered a single interrogatory when it relates to a

4   common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

5   Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

6   concerning a 'common theme' should generally be considered a single question.");

7   see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL

8   318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question

9   regarding a common group of people" not compound (citing 8A Wright et al., Fed.

10  Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113

11  F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single

12  question ...  even though it may call for an answer containing several separate bits of

13  information, if there is a direct relationship between the various bits of information

14  called for.").

15          This interrogatory seeks a narrative concerning a common theme.  That

16  is, it seeks information concerning specific allegations in Mattel's TAAC and how,

17  if true, those allegations constitute a RICO violation.  The request is structured to

18  aid Mattel in responding to the interrogatory and seeks only information that a

19  responding party would reasonably expect to receive in response, even if the level of

20  request detail were not included.  Indeed, the basis of the entire interrogatory is to

21  seek information that will ultimately allow MGA to defend against Mattel's RICO

22  allegations and is crucial to that defense.  As such, this interrogatory should be

23  counted as a single interrogatory and Mattel should be ordered to respond.

24          In addition, Mattel's bare assertion that MGA has "purports to require

25  Mattel to summarize all facts on these subjects, despite defendants' own refusals to

26  answer interrogatories with the same or comparable language" is not only

27  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

28  obligation to fully respond to the Interrogatories would be unaffected.

1    As to overbreadth, Mattel provides no explanation, let alone the

2 required particularity, as to why this interrogatory is supposedly overly broad, nor

3 can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118

4 (Order No. 17, dated April 14, 2009 (overruling objections not stated with

5 specificity)). To the contrary, the Interrogatory is narrowly tailored to seek

6 responses concerning Mattel's allegation that Isaac Larian sold MGA inventory to

7 himself at fire sale prices.

8    As to burden, Mattel has not attempted to demonstrate why responding

9 to this Interrogatory presents any burden. This objection must therefore be rejected.

10 See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

11 1997) ("The party claiming that a discovery request is unduly burdensome must

12 allege specific facts which indicate the nature and extent of the burden, usually by

13 affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as

14 noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

15 evidence.

16    This Interrogatory does not seek responses protected by the attorney-

17 client privilege, the attorney work product doctrine, or other applicable privileges.

18 To the extent that Mattel contends that it does, it does not excuse Mattel from

19 responding with any non-privileged information. Additionally, to the extent that

20 such privileged material exists, Mattel must provide a privilege log.

21    Mattel objects that the Interrogatory contains confidential and/or

22 proprietary information. A Protective Order exists in this case, obviating any

23 concern as to protection of privacy rights and/or commercially sensitive

24 information. Also, this Interrogatory does not seek information violative of any

25 third party's rights of privacy. The facts, persons, and documents responsive to this

26 Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,

27 and as Mattel itself previously has argued, any privacy issues are fully addressed by

28 the Protective Order.

1    In short, Mattel's objections are uniformly without merit and frivolous.
2  The Discovery Master should order Mattel to provide a substantive response to
3  Interrogatory No. 23 without objection.

4  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
5  **INTERROGATORY NO. 23 IS NOT WARRANTED**

6    Defendants have exceeded their Phase 2 Interrogatory limit. Mattel hereby
7  incorporates by reference Argument § I of its Opposition. For the reasons set forth
8  more fully in Argument § I of its Opposition, the Discovery Master should set the
9  interrogatory limit per side, as opposed to per party, consistent with the Court's
10  previous rulings in this case, applicable case law and basic fairness.[287] Moreover, even
11  if a "per party" rule were to apply, MGA Hong Kong clearly has exceeded its limit of
12  25 interrogatories because it has served 25 separately-numbered interrogatories, many
13  of which are compound and address discrete issues. See Argument §§ I.B and I.C of
14  Opposition. If even one of its interrogatories is properly counted as more than one --
15  and virtually all count as far more than one in Mattel's view -- MGA Hong Kong has
16  exceeded any putative 25 interrogatory limit that applies to it.[288]

17    Interrogatory No. 23 is compound. Mattel hereby incorporates by reference
18  Argument §§ I.B and I.C of its Opposition. Interrogatory No. 23 seeks "all facts" about
19  "every RICO predicate act," of which there are many. Additionally, Interrogatory No.
20  23 poses five different questions about each of the predicate acts. Accordingly,
21  Interrogatory No. 23 represents at least dozens of interrogatories.

22    Interrogatory No. 23 is unduly burdensome because it requires Mattel to identify
23  "all" facts, persons and documents. Mattel hereby incorporates by reference Argument
24  § II of its Opposition. Consistent with the Discovery Master's prior rulings and
25  applicable case law, Interrogatory No. 23 is unduly burdensome to the extent it requires

26  _____
27  [287]  See Opposition at Argument § I.
    [288]  See Opposition at Argument § I.
28

1  Mattel to identify "all" facts, persons and documents.[289]  It also is unduly burdensome
2  because of the detailed litany of information it purports to require.

3      MGA has previously blocked Mattel's discovery relating to "every RICO
4  predicate act."  Mattel hereby incorporates by reference Argument § II.A.  This
5  interrogatory seeks information relating to "every RICO predicate act" in spite of the
6  fact that MGA has successfully argued in the past that producing evidence relating to
7  every RICO predicate is unduly burdensome.  Based on such efforts by MGA, Mattel
8  has been unable to obtain information relating to "every RICO predicate act" and
9  should not have to produce such information.

10      Interrogatory No. 23 is unduly burdensome because it is cumulative of other
11  interrogatories served on Mattel.  Mattel hereby incorporates by reference Argument §
12  II.B.  This interrogatory is simply an attempt to force Mattel to restate information that
13  it has already provided to Defendants.  For example, the interrogatory is cumulative of
14  the following interrogatories:

15          **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe
16          in detail the complete factual basis for YOUR COUNTERCLAIMS
17          including, without limitation all facts, DOCUMENTS, and witnesses that
18          REFER OR RELATE TO YOUR COUNTERCLAIMS. [290]

19          **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe
20          in detail any estimate or calculation of damage, loss, injury, or unjust
21          enrichment, by reason of any act or omission alleged in YOUR
22          COUNTERCLAIMS, that YOU have made or that has been made on
23          YOUR behalf or at YOUR request, including all facts, DOCUMENTS or
24          witnesses RELATING TO each estimate or calculation. [291]

---

25  [289]  See Opposition at Argument § II.A.1.
26  [290]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory
    No. 28.
27  [291]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory
28  No. 29.

-222-

1    **Interrogatory No. 5, MGA's First Set of Phase 2 Interrogatories:**
2    IDENTIFY ANY damages YOU contend YOU have suffered as a result
3    of the violation of the Racketeer Influenced and Corrupt Organization Act
4    alleged by YOU in the Second Counterclaim of YOUR OPERATIVE
5    COUNTERCLAIMS in THIS ACTION. [292]

6    **Interrogatory No. 1, MGA's First Set of Interrogatories:** State all
7    facts, with particularity, and IDENTIFY all DOCUMENTS that support
8    YOUR contention, if YOU so contend, that YOU have suffered harm as a
9    result of any act or omission of MGA.[293]

10   **Interrogatory No. 2, MGA's First Set of Interrogatories:** IDENTIFY
11   all PERSONS with knowledge of each fact" "stated in response to
12   Interrogatory No. 1.[294]

13   **Interrogatory No. 3, MGA's First Set of Interrogatories:** State, with
14   particularity, the nature, amount, cause and calculation of every item of
15   YOUR alleged damages, including, without limitation, general, actual and
16   statutory damages, restitution, disgorgement of unlawful profits, lost
17   profits, lost payments, lost revenues, lost monies, lost royalties or license
18   fees, reputational harm, lost relationships, lost business opportunities,
19   interest, attorneys' fees, costs, expenses, and any other form of injury or
20   damage of quantifiable remedy that YOU seek to recover in this
21   lawsuit.[295]

22   **Interrogatory No. 4, MGA's First Set of Interrogatories:** State all
23   facts, with particularity, and IDENTIFY all DOCUMENTS that support

24

25   [292] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at
     Interrogatory No. 5.
26   [293] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 1.
27   [294] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 2.
     [295] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 3.
28

1    YOUR contention, if YOU so contend, that YOU are entitled to
2    exemplary damages, attorneys' fees and costs.[296]

3    Interrogatory No. 23 is of limited benefit to MGA Hong Kong. Mattel hereby
4    incorporates by reference Argument § II.C. This interrogatory is of limited value to
5    MGA Hong Kong in that it seeks information far broader than information relating to
6    MGA Hong Kong and the claims and defenses related to MGA Hong Kong. First of
7    all, the Interrogatory relates to Isaac Larian, not to MGA Hong Kong. To the extent it
8    seeks information not related to MGA Hong Kong, MGA Hong Kong cannot realize
9    any benefit from the discovery. In addition, as shown above and in the Opposition, the
10   Interrogatory seeks information beyond what Mattel will need to prove at either
11   summary judgment or trial regarding its RICO claims.

12   Interrogatory No. 23 is overbroad in that it requires Mattel to "state all facts
13   regarding the injuries to Mattel's business or property proximately caused by
14   [defendants'] acts." Mattel hereby incorporates by reference Argument § II.C of its
15   Opposition. The interrogatory requires Mattel to identify injury proximately caused
16   from a specific predicate act;[297] however, this showing is not required under the law.

17   Mattel properly reserved its right to supplement its response based on facts
18   learned in the future and expert discovery. Mattel hereby incorporates by reference
19   Argument § III of its Opposition. To the extent the Interrogatory seeks information that
20   Mattel has not yet learned because of Defendants' obstructionism and information that
21   is the subject of expert discovery, Mattel properly reserved its right to supplement its
22   response based on any newly learned information and in accordance with the Rules and
23   Court Orders governing expert disclosures.[298]

24

25   [296] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 4.
26   [297] See, e.g., MGA Hong Kong's Interrogatory No. 1, Molinski Dec., Exh. 1 (requesting that Mattel "state all facts regarding how that RICO predicate act
27   proximately caused injury(s) to Mattel's business or property").
     [298] See Opposition at Argument § III.
28

1    Mattel properly reserved its privilege objection. Mattel hereby incorporates by

2  reference Argument § IV of its Opposition.   To the extent the Interrogatory seeks

3  information protected by the attorney client privilege, Mattel timely objected to the

4  interrogatory and preserved its objection.[299]

5  **INTERROGATORY NO. 24:**

6    If MATTEL claims that the predicate acts and/or pattern of

7  racketeering as alleged in the Counterclaims of the TAAC caused it to lose sales of

8  Barbie products, state all facts regarding:

9    (a)    the number of sales of each product lost each year, and how

10  MATTEL calculated or estimated that figure;

11    (b)    the gross revenue lost each year from those lost sales, and how

12  MATTEL calculated or estimated that figure;

13    (c)    the net profit lost each year from those lost sales, and how

14  MATTEL calculated or estimated that figure;

15    (d)    how the RICO predicate act(s) and/or pattern of racketeering

16  alleged in

17    the Counterclaims (as opposed to other factors) proximately caused the

18  sales lost each year;

19    (e)    which PERSONS employed by or associated with which RICO

20  enterprises committed those predicate acts and/or pattern of racketeering; and

21    (f)    IDENTIFY all PERSONS MATTEL believes have knowledge of

22  the information requested in this Interrogatory.

23  **RESPONSE TO INTERROGATORY NO. 24:**

24    In addition to the general objections stated above, Mattel specifically

25  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

26  overbroad, including in that it purports to require Mattel to summarize all facts on

27  _____

[299]    See Opposition at Argument § IV.

28

1 | this subject, despite defendants' own refusals to answer interrogatories with the
2 | same or comparable language and in conflict with the Court's Orders of February
3 | 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all
4 | facts on this subject. Mattel further objects to this interrogatory as vague and
5 | ambiguous, including as to time. Mattel further objects to this Interrogatory on the
6 | grounds that it calls for the disclosure of information subject to the attorney-client
7 | privilege, the attorney work-product doctrine and other applicable privileges. Mattel
8 | further objects to this Interrogatory on the grounds that it calls for the disclosure of
9 | confidential and/or proprietary information, which Mattel will disclose only subject
10 | to and in reliance upon the operative protective order. Mattel further objects to this
11 | Interrogatory as the interrogatory, combined with the compound interrogatories
12 | propounded together with it, causes the total number of interrogatories served during
13 | Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure
14 | and the Court.

15 | **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
16 | **INTERROGATORY NO. 24 SHOULD BE COMPELLED:**

17 | Mattel has refused to provide answers in response to this Interrogatory,
18 | subject to its improper boilerplate objections. Under the Federal Rules of Civil
19 | Procedure, "the grounds for objecting to an interrogatory must be stated with
20 | specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the
21 | basis for an objection with specificity are routinely rejected in the Central District.
22 | See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)
23 | ("general or boilerplate objections such as 'overly burdensome and harassing' are
24 | improper – especially when a party fails to submit any evidentiary declarations
25 | supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,
26 | 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are
27 | inadequate and tantamount to not making any objection at all"). To the extent that
28 |

1 || Mattel is relying on its blanket objections, they are not sustainable and do not justify
2 || Mattel's failure to respond.

3 ||         Mattel also bases its refusal to respond on two equally unavailing
4 || arguments with respect to the counting of interrogatories in an effort to avoid
5 || responding to this and the other Interrogatories at Issue. First, Mattel asserts a non-
6 || existent discovery limitation applies such that each *side* in the litigation may only
7 || serve 25 interrogatories. This is the same argument that Mattel has made
8 || unsuccessfully in the past. See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion
9 || for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47
10 || (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August
11 || 5, 2009). While Mattel continues to assert this meritless objection rather than
12 || responding to this interrogatory, Mattel cannot identify a single factual or legal basis
13 || to support it. To the contrary, Judge Larson has made clear that there is a "clean
14 || slate" with respect to the Phase 2 discovery. Specifically, Judge Larson noted that
15 || he has not placed any restrictions on discovery in Phase 2 other than those set by the
16 || Rules of Civil Procedure. See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of
17 || February 11, 2009 Hearing). Indeed, Discovery Master O'Brien has ██████████
18 || ████████████████████████████████████████████████████████
19 || ████████████████████████████████████
20 || ██████████████████████ Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated
21 || August 14, 2009). Indeed in that same order, Discovery Master O'Brien noted that
22 || ████████████████████████████████████████████████████████
23 || ████████████████████████████████████████████████ Molinski
24 || Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009). The ruling is
25 || unsurprising as case law also supports this interpretation. See, e.g., St. Paul Fire and
26 || Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.
27 || Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking
28 || down a local rule that allotted interrogatories on a "per side" basis); Missouri

1 | Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court
2 | established a scheduling plan that maintained a distinction between interrogatory
3 | limitations by "party" and deposition limitations by "side."). Since this interrogatory
4 | was propounded by MGA Entertainment (HK) and they have not propounded more
5 | than 25 interrogatories, Mattel's objection should be overruled and Mattel must be
6 | ordered to provide a substantive response.

7 | To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit
8 | is only entitled to propound 25 interrogatories, would produce a ludicrous result.
9 | For example, under Mattel's reasoning all counsel, in a multi-defendant case where
10 | each defendant is represented by their own counsel, all defendants' counsel would be
11 | forced to agree on a single set of 25 interrogatories to propound on plaintiff. Such
12 | an irrational result is not the intent of Rule 33, nor the federal discovery statutes. As
13 | noted by Discovery Master O'Brien, ████████████████████████████
14 | ████████████████████████████████████████████████████
15 | ██████████████████████████████████████ Molinski Decl., Ex. 8 at
16 | 171:7-9 (Order No. 46 dated August 14, 2009). Within this policy is the right of
17 | each party in a litigation to serve written discovery. That the MGA parties happen
18 | to be represented by the same counsel does not alter the analysis. Each party must
19 | be allowed to serve 25 interrogatories and Mattel must be compelled to answer
20 | them.

21 | Mattel's second counting argument is that this interrogatory is
22 | impermissibly compound. ████████████████████████████████
23 | ████████████████████████████████████████████████████
24 | ████████████████████████████████████████████
25 | ██████████████████████████████ See Molinski Decl., Ex. 13 at 529
26 | (Mattel's Motion for Protective Order dated June 29, 2009). ████████████
27 | ████████████████████████████████████████████████████
28 | ████████████████████████████████████████████████████

1  ████████████████████████████████████  See Molinski Decl., Ex. 8 at

2  171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

3  contains subparts, it is still considered a single interrogatory when it relates to a

4  common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

5  Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

6  concerning a 'common theme' should generally be considered a single question.");

7  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL

8  318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question

9  regarding a common group of people" not compound (citing 8A Wright et al., Fed.

10  Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113

11  F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single

12  question ... even though it may call for an answer containing several separate bits of

13  information, if there is a direct relationship between the various bits of information

14  called for.").

15          This interrogatory seeks a narrative concerning a common theme.  That

16  is, it seeks information concerning whether Mattel is alleging that the claimed RICO

17  violation caused Mattel to suffer lost sales.  The request is structured to aid Mattel in

18  responding to the interrogatory and seeks only information that a responding party

19  would reasonably expect to receive in response, even if the level of request detail

20  were not included.  Indeed, the basis of the entire interrogatory is to seek

21  information that will ultimately allow MGA to defend against Mattel's RICO

22  allegations and is crucial to that defense.  As such, this interrogatory should be

23  counted as a single interrogatory and Mattel should be ordered to respond.

24          In addition, Mattel's bare assertion that MGA has "purports to require

25  Mattel to summarize all facts on these subjects, despite defendants' own refusals to

26  answer interrogatories with the same or comparable language" is not only

27  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

28  obligation to fully respond to the Interrogatories would be unaffected.

1  As to overbreadth, Mattel provides no explanation, let alone the
2  required particularity, as to why this interrogatory is supposedly overly broad, nor
3  can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118
4  (Order No. 17, dated April 14, 2009 (overruling objections not stated with
5  specificity)). To the contrary, the Interrogatory is narrowly tailored to seek
6  responses concerning Mattel's allegation of predicate acts/and or pattern of
7  racketeering causing it lose sales of Barbie products.

8  As to burden, Mattel has not attempted to demonstrate why responding
9  to this Interrogatory presents any burden. This objection must therefore be rejected.
10 See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.
11 1997) ("The party claiming that a discovery request is unduly burdensome must
12 allege specific facts which indicate the nature and extent of the burden, usually by
13 affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as
14 noted above, in that the Interrogatory is narrowly tailored to seek only discoverable
15 evidence.

16 This Interrogatory does not seek responses protected by the attorney-
17 client privilege, the attorney work product doctrine, or other applicable privileges.
18 To the extent that Mattel contends that it does, it does not excuse Mattel from
19 responding with any non-privileged information. Additionally to the extent that
20 such privileged material exists, Mattel must provide a privilege log.

21 Mattel objects that the Interrogatory contains confidential and/or
22 proprietary information. A Protective Order exists in this case, obviating any
23 concern as to protection of privacy rights and/or commercially sensitive
24 information. Also, this Interrogatory does not seek information violative of any
25 third party's rights of privacy. The facts, persons, and documents responsive to this
26 Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,
27 and as Mattel itself previously has argued, any privacy issues are fully addressed by
28 the Protective Order.

1    Further, the Interrogatory is entirely clear as to time – it refers to the
2   time frame as defined by Mattel's allegation and claim of RICO violation that
3   caused it to lose sales of Barbie products. It seeks any information on which Mattel
4   plans to rely to prove those claims. Mattel's objection that this definition is vague
5   and ambiguous should therefore be rejected.

6    In short, Mattel's objections are uniformly without merit and frivolous.
7   The Discovery Master should order Mattel to provide a substantive response to
8   Interrogatory No. 24 without objection.

9   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
10  **INTERROGATORY NO. 24 IS NOT WARRANTED**

11   Defendants have exceeded their Phase 2 Interrogatory limit. Mattel hereby
12  incorporates by reference Argument § I of its Opposition. For the reasons set forth
13  more fully in Argument § I of its Opposition, the Discovery Master should set the
14  interrogatory limit per side, as opposed to per party, consistent with the Court's
15  previous rulings in this case, applicable case law and basic fairness.[300] Moreover, even
16  if a "per party" rule were to apply, MGA Hong Kong clearly has exceeded its limit of
17  25 interrogatories because it has served 25 separately-numbered interrogatories, many
18  of which are compound and address discrete issues. See Argument §§ I.B and I.C of
19  Opposition. If even one of its interrogatories is properly counted as more than one --
20  and virtually all count as far more than one in Mattel's view -- MGA Hong Kong has
21  exceeded any putative 25 interrogatory limit that applies to it.[301]

22   Interrogatory No. 24 is compound. Mattel hereby incorporates by reference
23  Argument §§ I.B and I.C of its Opposition. Interrogatory No. 24 seeks "all facts"
24  regarding a litany of specific, discrete issues, including how the predicate acts caused
25
26

27  [300]  See Opposition at Argument § I.
28  [301]  See Opposition at Argument § I.