1  each year's lost sales and other detailed, discrete issues.  This interrogatory counts as at
2  least several.

3      Interrogatory No. 24 is unduly burdensome because it requires Mattel to identify
4  "all" facts, persons and documents.  Mattel hereby incorporates by reference Argument
5  § II of its Opposition.  Consistent with the Discovery Master's prior rulings and
6  applicable case law, Interrogatory No. 24 is unduly burdensome to the extent it requires
7  Mattel to identify "all" facts, persons and documents.[302] It also is unduly burdensome
8  because of the detailed litany of information it purports to require.

9      Interrogatory No. 24 is unduly burdensome because it is cumulative of other
10 interrogatories served on Mattel.  Mattel hereby incorporates by reference Argument §
11 II.B. This interrogatory is simply an attempt to force Mattel to restate information that
12 it has already provided to Defendants.  For example, the interrogatory is cumulative of
13 the following interrogatories:

14      **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe
15          in detail the complete factual basis for YOUR COUNTERCLAIMS
16          including, without limitation all facts, DOCUMENTS, and witnesses that
17          REFER OR RELATE TO YOUR COUNTERCLAIMS.[303]

18      **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe
19          in detail any estimate or calculation of damage, loss, injury, or unjust
20          enrichment, by reason of any act or omission alleged in YOUR
21          COUNTERCLAIMS, that YOU have made or that has been made on
22          YOUR behalf or at YOUR request, including all facts, DOCUMENTS or
23          witnesses RELATING TO each estimate or calculation.[304]

24

---

25 [302]  See Opposition at Argument § II.A.1.
26 [303]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 28.
27 [304]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 29.
28

1        **Interrogatory No. 5, MGA's First Set of Phase 2 Interrogatories:**

2        IDENTIFY ANY damages YOU contend YOU have suffered as a result

3        of the violation of the Racketeer Influenced and Corrupt Organization Act

4        alleged by YOU in the Second Counterclaim of YOUR OPERATIVE

5        COUNTERCLAIMS in THIS ACTION. [305]

6        **Interrogatory No. 7, MGA's First Set of Phase 2 Interrogatories:**

7        IDENTIFY every MATTEL PRODUCT whose sales YOU contend were

8        harmed by MGA's sale of the Bratz line of dolls and products. [306]

9        **Interrogatory No. 8, MGA's First Set of Phase 2 Interrogatories:**

10       IDENTIFY every MATTEL PRODUCT whose sales YOU contend were

11       harmed by ANY act or omission of MGA alleged in YOU [sic]

12       OPERATIVE COUNTERCLAIMS. [307]

13       **Interrogatory No. 1, MGA's First Set of Interrogatories:** State all

14       facts, with particularity, and IDENTIFY all DOCUMENTS that support

15       YOUR contention, if YOU so contend, that YOU have suffered harm as a

16       result of any act or omission of MGA.[308]

17       **Interrogatory No. 2, MGA's First Set of Interrogatories:** IDENTIFY

18       all PERSONS with knowledge of each fact" "stated in response to

19       Interrogatory No. 1.[309]

20       **Interrogatory No. 3, MGA's First Set of Interrogatories:** State, with

21       particularity, the nature, amount, cause and calculation of every item of

22       YOUR alleged damages, including, without limitation, general, actual and

---

23   [305]  <u>See</u> MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at

24   Interrogatory No. 5.
     [306]  <u>See</u> MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at

25   Interrogatory No. 7.
     [307]  <u>See</u> MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at

26   Interrogatory No. 8.
     [308]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 1.

27   [309]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 2.

28

RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES

07975/3132917.1

1    statutory damages, restitution, disgorgement of unlawful profits, lost

2    profits, lost payments, lost revenues, lost monies, lost royalties or license

3    fees, reputational harm, lost relationships, lost business opportunities,

4    interest, attorneys' fees, costs, expenses, and any other form of injury or

5    damage of quantifiable remedy that YOU seek to recover in this

6    lawsuit.[310]

7    **Interrogatory No. 4, MGA's First Set of Interrogatories:** State all

8    facts, with particularity, and IDENTIFY all DOCUMENTS that support

9    YOUR contention, if YOU so contend, that YOU are entitled to

10   exemplary damages, attorneys' fees and costs.[311]

11   <u>Interrogatory No. 24 is of limited benefit to MGA Hong Kong.</u> Mattel hereby

12   incorporates by reference Argument § II.C. This interrogatory is of limited value to

13   MGA Hong Kong in that it seeks information far broader than information relating to

14   MGA Hong Kong and the claims and defenses related to MGA Hong Kong. First of

15   all, the Interrogatory relates RICO predicates generally causing loss of Barbie sales, and

16   do not specifically relate to MGA Hong Kong. To the extent it seeks information not

17   related to MGA Hong Kong, MGA Hong Kong cannot realize any benefit from the

18   discovery. In addition, as shown above and in the Opposition, the Interrogatory seeks

19   information beyond what Mattel will need to prove at either summary judgment or trial

20   regarding its RICO claims.

21   <u>Mattel properly reserved its right to supplement its response based on facts</u>

22   <u>learned in the future and expert discovery.</u> Mattel hereby incorporates by reference

23   Argument § III of its Opposition. To the extent the Interrogatory seeks information that

24   Mattel has not yet learned because of Defendants' obstructionism and information that

25   is the subject of expert discovery, Mattel properly reserved its right to supplement its

26

27   [310] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 3.
     [311] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 4.

28

1  response based on any newly learned information and in accordance with the Rules and

2  Court Orders governing expert disclosures.[312]

3      <u>Mattel properly reserved its privilege objection.</u>  Mattel hereby incorporates by

4  reference Argument § IV of its Opposition.  To the extent the Interrogatory seeks

5  information protected by the attorney client privilege, Mattel timely objected to the

6  interrogatory and preserved its objection.[313]

7  **INTERROGATORY NO. 25:**

8      With respect to the allegations in paragraph 140 of the Counterclaims

9  of the TAAC, that the MGA, Bratz, and IGWT Criminal Enterprises are continuing

10  operations and threaten to continue their wrongful conduct:

11      (a)    state all facts regarding those continuing operations and/or the

12  threat of continued wrongful conduct;

13      (b)    IDENTIFY each predicate acts and/or patterns of racketeering

14  which MATTEL believes are continuing or threatened;

15      (c)    IDENTIFY which PERSONS employed by or associated with

16  which RICO enterprise(s) are committing or threatening to commit each RICO

17  predicate act;

18      (d)    state all facts regarding the injuries to its business or property

19  that MATTEL believes will be proximately caused by those predicate acts and/or

20  patterns of racketeering;

21      (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

22  the information requested in this Interrogatory.

23  **RESPONSE TO INTERROGATORY NO. 25:**

24      In addition to the general objections stated above, Mattel specifically

25  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

26

27  [312]  See Opposition at Argument § III.
    [313]  See Opposition at Argument § IV.

28

overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all facts on these subjects. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order. Mattel further objects to this Interrogatory as compound and seeks to require Mattel to provide separate discrete responses as to "each predicate acts and/or patterns of racketeering which MATTEL believes are continuing or threatened." As such, the interrogatory is impermissibly compound and causes the total number of interrogatories served during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure and the Court.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO INTERROGATORY NO. 25 SHOULD BE COMPELLED:**

Mattel has refused to provide answers in response to this Interrogatory, subject to its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "the grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

1    inadequate and tantamount to not making any objection at all"). To the extent that
2    Mattel is relying on its blanket objections, they are not sustainable and do not justify
3    Mattel's failure to respond.

4    Mattel also bases its refusal to respond on two equally unavailing
5    arguments with respect to the counting of interrogatories in an effort to avoid
6    responding to this and the other Interrogatories at Issue. First, Mattel asserts a non-
7    existent discovery limitation applies such that each *side* in the litigation may only
8    serve 25 interrogatories. This is the same argument that Mattel has made
9    unsuccessfully in the past. See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion
10   for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47
11   (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August
12   5, 2009). While Mattel continues to assert this meritless objection rather than
13   responding to this interrogatory, Mattel cannot identify a single factual or legal basis
14   to support it. To the contrary, Judge Larson has made clear that there is a "clean
15   slate" with respect to the Phase 2 discovery. Specifically, Judge Larson noted that
16   he has not placed any restrictions on discovery in Phase 2 other than those set by the
17   Rules of Civil Procedure. See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of
18   February 11, 2009 Hearing). Indeed, Discovery Master O'Brien has

19
20
21   Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated
22   August 14, 2009). Indeed in that same order, Discovery Master O'Brien noted that
23
24   Molinski
25   Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009). The ruling is
26   unsurprising as case law also supports this interpretation. See, e.g., St. Paul Fire and
27   Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.
28   Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking

1  down a local rule that allotted interrogatories on a "per side" basis); Missouri

2  Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

3  established a scheduling plan that maintained a distinction between interrogatory

4  limitations by "party" and deposition limitations by "side."). Since this interrogatory

5  was propounded by MGA Entertainment (HK) and they have not propounded more

6  than 25 interrogatories, Mattel's objection should be overruled and Mattel must be

7  ordered to provide a substantive response.

8         To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit

9  is only entitled to propound 25 interrogatories, would produce a ludicrous result.

10 For example, under Mattel's reasoning all counsel, in a multi-defendant case where

11 each defendant is represented by their own counsel, all defendants' counsel would be

12 forced to agree on a single set of 25 interrogatories to propound on plaintiff. Such

13 an irrational result is not the intent of Rule 33, nor the federal discovery statutes. As

14 noted by Discovery Master O'Brien,

15

16                                                      Molinski Decl., Ex. 8 at

17 171:7-9 (Order No. 46 dated August 14, 2009). Within this policy is the right of

18 each party in a litigation to serve written discovery. That the MGA parties happen

19 to be represented by the same counsel does not alter the analysis. Each party must

20 be allowed to serve 25 interrogatories and Mattel must be compelled to answer

21 them.

22         Mattel's second counting argument is that this interrogatory is

23 impermissibly compound.

24

25

26                                                      See Molinski Decl., Ex. 13 at 529

27 (Mattel's Motion for Protective Order dated June 29, 2009).

28

1 ████████████████████████████████████████████████

2 ████████████████████████████████   See Molinski Decl., Ex. 8 at

3 171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

4 contains subparts, it is still considered a single interrogatory when it relates to a

5 common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

6 Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

7 concerning a 'common theme' should generally be considered a single question.");

8 see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL

9 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question

10 regarding a common group of people" not compound (citing 8A Wright et al., Fed.

11 Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113

12 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single

13 question ... even though it may call for an answer containing several separate bits of

14 information, if there is a direct relationship between the various bits of information

15 called for.").

16          This interrogatory seeks a narrative concerning a common theme.  That

17 is, it seeks information concerning specific allegations in Mattel's TAAC and how,

18 if true, those allegations constitute a RICO violation.  The request is structured to

19 aid Mattel in responding to the interrogatory and seeks only information that a

20 responding party would reasonably expect to receive in response, even if the level of

21 request detail were not included.  Indeed, the basis of the entire interrogatory is to

22 seek information that will ultimately allow MGA to defend against Mattel's RICO

23 allegations and is crucial to that defense.  As such, this interrogatory should be

24 counted as a single interrogatory and Mattel should be ordered to respond.

25          In addition, Mattel's bare assertion that MGA has "purports to require

26 Mattel to summarize all facts on these subjects, despite defendants' own refusals to

27 answer interrogatories with the same or comparable language" is not only

28

1  unsupported and false, but immaterial – if this were true (and it is not), Mattel's
2  obligation to fully respond to the Interrogatories would be unaffected.

3  As to overbreadth, Mattel provides no explanation, let alone the
4  required particularity, as to why this interrogatory is supposedly overly broad, nor
5  can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118
6  (Order No. 17, dated April 14, 2009 (overruling objections not stated with
7  specificity)). To the contrary, the Interrogatory is narrowly tailored to seek
8  responses concerning Mattel's allegation that MGA, Bratz and IGWT Criminal
9  Enterprises are continuing operations and threaten to continue their wrong conduct
10  against Mattel.

11  As to burden, Mattel has not attempted to demonstrate why responding
12  to this Interrogatory presents any burden. This objection must therefore be rejected.
13  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.
14  1997) ("The party claiming that a discovery request is unduly burdensome must
15  allege specific facts which indicate the nature and extent of the burden, usually by
16  affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as
17  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable
18  evidence.

19  This Interrogatory does not seek responses protected by the attorney-
20  client privilege, the attorney work product doctrine, or other applicable privileges.
21  To the extent that Mattel contends that it does, it does not excuse Mattel from
22  responding with any non-privileged information. Additionally, to the extent that
23  such privileged material exists, Mattel must provide a privilege log.

24  Mattel objects that the Interrogatory contains confidential and/or
25  proprietary information. A Protective Order exists in this case, obviating any
26  concern as to protection of privacy rights and/or commercially sensitive
27  information. Also, this Interrogatory does not seek information violative of any
28  third party's rights of privacy. The facts, persons, and documents responsive to this

1  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,
2  and as Mattel itself previously has argued, any privacy issues are fully addressed by
3  the Protective Order.

4          In short, Mattel's objections are uniformly without merit and frivolous.
5  The Discovery Master should order Mattel to provide a substantive response to
6  Interrogatory No. 25 without objection.

7  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
8  **INTERROGATORY NO. 25 IS NOT WARRANTED**

9          Defendants have exceeded their Phase 2 Interrogatory limit. Mattel hereby
10  incorporates by reference Argument § I of its Opposition. For the reasons set forth
11  more fully in Argument § I of its Opposition, the Discovery Master should set the
12  interrogatory limit per side, as opposed to per party, consistent with the Court's
13  previous rulings in this case, applicable case law and basic fairness.[314] Moreover, even
14  if a "per party" rule were to apply, MGA Hong Kong clearly has exceeded its limit of
15  25 interrogatories because it has served 25 separately-numbered interrogatories, many
16  of which are compound and address discrete issues. See Argument §§ I.B and I.C of
17  Opposition. If even one of its interrogatories is properly counted as more than one --
18  and virtually all count as far more than one in Mattel's view -- MGA Hong Kong has
19  exceeded any putative 25 interrogatory limit that applies to it.[315]

20          Interrogatory No. 25 is compound. Mattel hereby incorporates by reference
21  Argument §§ I.B and I.C of its Opposition. Interrogatory No. 25 seeks "all facts" about
22  the continuing nature of three separate RICO enterprises. Moreover, with respect to
23  each RICO enterprise, the Interrogatory seeks four discrete categories of information.
24  Accordingly, Interrogatory No. 25 represents at least 12 interrogatories.

25

26

---

27  [314] See Opposition at Argument § I.
     [315] See Opposition at Argument § I.
28

1        <u>Interrogatory No. 25 is unduly burdensome because it requires Mattel to identify</u>

2  <u>"all" facts, persons and documents.</u>  Mattel hereby incorporates by reference Argument

3  § II of its Opposition.   Consistent with the Discovery Master's prior rulings and

4  applicable case law, Interrogatory No. 25 is unduly burdensome to the extent it requires

5  Mattel to identify "all" facts, persons and documents.[316]  It also is unduly burdensome

6  because of the detailed litany of information it purports to require.

7        <u>Interrogatory No. 25 is unduly burdensome because it is cumulative of other</u>

8  <u>interrogatories served on Mattel.</u>  Mattel hereby incorporates by reference Argument §

9  II.B. This interrogatory is simply an attempt to force Mattel to restate information that

10  it has already provided to Defendants.  For example, the interrogatory is cumulative of

11  the following interrogatories:

12        **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe

13        in detail the complete factual basis for YOUR COUNTERCLAIMS

14        including, without limitation all facts, DOCUMENTS, and witnesses that

15        REFER OR RELATE TO YOUR COUNTERCLAIMS.[317]

16        **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe

17        in detail any estimate or calculation of damage, loss, injury, or unjust

18        enrichment, by reason of any act or omission alleged in YOUR

19        COUNTERCLAIMS, that YOU have made or that has been made on

20        YOUR behalf or at YOUR request, including all facts, DOCUMENTS or

21        witnesses RELATING TO each estimate or calculation.[318]

22        **Interrogatory No. 5, MGA's First Set of Phase 2 Interrogatories:**

23        IDENTIFY ANY damages YOU contend YOU have suffered as a result

24        of the violation of the Racketeer Influenced and Corrupt Organization Act

25  
[316]  <u>See</u> Opposition at Argument § II.A.1.

26  [317]  <u>See</u> MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory
No. 28.

27  [318]  <u>See</u> MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory

28  No. 29.

alleged by YOU in the Second Counterclaim of YOUR OPERATIVE COUNTERCLAIMS in THIS ACTION.[319]

**Interrogatory No. 1, MGA's First Set of Interrogatories:** State all facts, with particularity, and IDENTIFY all DOCUMENTS that support YOUR contention, if YOU so contend, that YOU have suffered harm as a result of any act or omission of MGA.[320]

**Interrogatory No. 2, MGA's First Set of Interrogatories:** IDENTIFY all PERSONS with knowledge of each fact" "stated in response to Interrogatory No. 1.[321]

**Interrogatory No. 3, MGA's First Set of Interrogatories:** State, with particularity, the nature, amount, cause and calculation of every item of YOUR alleged damages, including, without limitation, general, actual and statutory damages, restitution, disgorgement of unlawful profits, lost profits, lost payments, lost revenues, lost monies, lost royalties or license fees, reputational harm, lost relationships, lost business opportunities, interest, attorneys' fees, costs, expenses, and any other form of injury or damage of quantifiable remedy that YOU seek to recover in this lawsuit.[322]

**Interrogatory No. 4, MGA's First Set of Interrogatories:** State all facts, with particularity, and IDENTIFY all DOCUMENTS that support YOUR contention, if YOU so contend, that YOU are entitled to exemplary damages, attorneys' fees and costs.[323]

---

[319] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 5.
[320] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 1.
[321] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 2.
[322] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 3.
[323] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 4.

1    **Interrogatory No. 25 is of limited benefit to MGA Hong Kong.** Mattel hereby

2    incorporates by reference Argument § II.C. This interrogatory is of limited value to

3    MGA Hong Kong in that it seeks information far broader than information relating to

4    MGA Hong Kong and the claims and defenses related to MGA Hong Kong. First of

5    all, the Interrogatory relates to all three RICO enterprises alleged in Mattel's complaint,

6    including those in which MGA Hong Kong is not alleged to have participated. To the

7    extent it seeks information not related to MGA Hong Kong, MGA Hong Kong cannot

8    realize any benefit from the discovery. In addition, as shown above and in the

9    Opposition, the Interrogatory seeks information beyond what Mattel will need to prove

10   at either summary judgment or trial regarding its RICO claims.

11   **Interrogatory No. 25 is overbroad in that it requires Mattel to "state all facts**

12   **regarding the injuries to its business or property MATTEL believes will be proximately**

13   **caused by [defendants] predicate acts."** Mattel hereby incorporates by reference

14   Argument § II.C of its Opposition. The interrogatory requires Mattel to identify injury

15   proximately caused from a specific predicate act;[324] however, this showing is not

16   required under the law.

17   **Mattel properly reserved its right to supplement its response based on facts**

18   **learned in the future and expert discovery.** Mattel hereby incorporates by reference

19   Argument § III of its Opposition. To the extent the Interrogatory seeks information that

20   Mattel has not yet learned because of Defendants' obstructionism and information that

21   is the subject of expert discovery, Mattel properly reserved its right to supplement its

22   response based on any newly learned information and in accordance with the Rules and

23   Court Orders governing expert disclosures.[325]

24

25

26   [324]  See, e.g., MGA Hong Kong's Interrogatory No. 1, Molinski Dec., Exh. 1
     (requesting that Mattel "state all facts regarding how that RICO predicate act
27   proximately caused injury(s) to Mattel's business or property").
     [325]  See Opposition at Argument § III.
28

1        <u>Mattel properly reserved its privilege objection.</u>  Mattel hereby incorporates by

2    reference Argument § IV of its Opposition.  To the extent the Interrogatory seeks

3    information protected by the attorney client privilege, Mattel timely objected to the

4    interrogatory and preserved its objection.[326]

5                      **MGAE DE MEXICO'S INTERROGATORY NOS.  1-11**

6                             **RESPONSES TO INTERROGATORIES**

7    **INTERROGATORY NO. 1:**

8           IDENTIFY by bates number all DOCUMENTS that contain the trade

9    secrets YOU claim were misappropriated by MGA and IDENTIFY with

10   particularity on a document-by-document basis the information contained within

11   each such DOCUMENT that YOU claim constitutes the trade secrets that were

12   misappropriated by MGA.

13   **RESPONSE TO INTERROGATORY NO. 1:**

14          In addition to the general objections stated above, Mattel specifically

15   objects to this Interrogatory on the grounds that it is unreasonably burdensome,

16   overbroad, including in that it purports to require Mattel to summarize all facts on

17   these subjects, despite defendants' own refusals to answer interrogatories with the

18   same or comparable language and in conflict with the Court's Orders of February

19   15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

20   facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

21   that it calls for the disclosure of information subject to the attorney-client privilege,

22   the attorney work-product doctrine and other applicable privileges.  Mattel further

23   objects to this Interrogatory on the grounds that it calls for the disclosure of

24   confidential and/or proprietary information, which Mattel will disclose only subject

25   to and in reliance upon the operative protective order.  Mattel further objects to this

26   Interrogatory as compound and seeks to require Mattel to separately and discretely

27   _____

[326]   <u>See</u> Opposition at Argument § IV.

28

1  "IDENTIFY with particularity *on a document-by-document basis* the information

2  contained within each such DOCUMENT that YOU claim constitutes the trade

3  secrets that were misappropriated by MGA." As such, the interrogatory is

4  impermissibly compound and causes the total number of interrogatories served

5  during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil

6  Procedure and the Court. In addition, Mattel objects that this interrogatory is unduly

7  burdensome and oppressive in that it is an impermissible attempt to exceed the

8  number of interrogatories propounded on behalf of Defendant MGA.

9  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

10 **INTERROGATORY NO. 1 SHOULD BE COMPELLED:**

11         Mattel has refused to provide answers in response to this Interrogatory,

12 subject to its improper boilerplate objections. Under the Federal Rules of Civil

13 Procedure, "the grounds for objecting to an interrogatory must be stated with

14 specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the

15 basis for an objection with specificity are routinely rejected in the Central District.

16 See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

17 ("general or boilerplate objections such as 'overly burdensome and harassing' are

18 improper – especially when a party fails to submit any evidentiary declarations

19 supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

20 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

21 inadequate and tantamount to not making any objection at all"). To the extent that

22 Mattel is relying on its blanket objections, they are not sustainable and do not justify

23 Mattel's failure to respond.

24         Mattel also bases its refusal to respond on two equally unavailing

25 arguments with respect to the counting of interrogatories in an effort to avoid

26 responding to this and the other Interrogatories at Issue. First, Mattel asserts a non-

27 existent discovery limitation applies such that each *side* in the litigation may only

28 serve 25 interrogatories. This is the same argument that Mattel has made

1    unsuccessfully in the past. <u>See</u> Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion

2    for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47

3    (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August

4    5, 2009). While Mattel continues to assert this meritless objection rather than

5    responding to this interrogatory, Mattel cannot identify a single factual or legal basis

6    to support it. To the contrary, Judge Larson has made clear that there is a "clean

7    slate" with respect to the Phase 2 discovery. Specifically, Judge Larson noted that

8    he has not placed any restrictions on discovery in Phase 2 other than those set by the

9    Rules of Civil Procedure. <u>See</u> Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of

10   February 11, 2009 Hearing). Indeed, Discovery Master O'Brien has ▮▮▮▮▮▮▮

11   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13   ▮▮▮▮▮▮▮▮▮▮▮▮ Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated

14   August 14, 2009). Indeed in that same order, Discovery Master O'Brien noted that

15   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Molinski

17   Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009). The ruling is

18   unsurprising as case law also supports this interpretation. <u>See, e.g.</u>, <u>St. Paul Fire and</u>

19   <u>Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP</u>, 217 F.R.D. 288, 289 (D.

20   Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking

21   down a local rule that allotted interrogatories on a "per side" basis); <u>Missouri</u>

22   <u>Republican Party v. Lamb,</u> 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

23   established a scheduling plan that maintained a distinction between interrogatory

24   limitations by "party" and deposition limitations by "side."). Since this interrogatory

25   was propounded by MGA Entertainment (HK) and they have not propounded more

26   than 25 interrogatories, Mattel's objection should be overruled and Mattel must be

27   ordered to provide a substantive response.

28

1           To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit

2    is only entitled to propound 25 interrogatories, would produce a ludicrous result.

3    For example, under Mattel's reasoning all counsel, in a multi-defendant case where

4    each defendant is represented by their own counsel, all defendants' counsel would be

5    forced to agree on a single set of 25 interrogatories to propound on plaintiff.  Such

6    an irrational result is not the intent of Rule 33, nor the federal discovery statutes.  As

7    noted by Discovery Master O'Brien, ███████████████████████████████

8    ████████████████████████████████████████████████████████

9    ████████████████████████████████████  Molinski Decl., Ex. 8 at

10   171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is the right of

11   each party in a litigation to serve written discovery.  That the MGA parties happen

12   to be represented by the same counsel does not alter the analysis.  Each party must

13   be allowed to serve 25 interrogatories and Mattel must be compelled to answer

14   them.

15          Mattel's second counting argument is that this interrogatory is

16   impermissibly compound.  ██████████████████████████████████████

17   ████████████████████████████████████████████████████████

18   ██████████████████████████████████████████████████████████

19   █████████████████████████████████  See Molinski Decl., Ex. 13 at 529

20   (Mattel's Motion for Protective Order dated June 29, 2009).  █████████████████

21   ████████████████████████████████████████████████████████████

22   ██████████████████████████████████████████████████████████

23   ███████████████████████████████████  See Molinski Decl., Ex. 8 at

24   171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

25   contains subparts, it is still considered a single interrogatory when it relates to a

26   common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

27   Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

28   concerning a 'common theme' should generally be considered a single question.");

1  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL

2  318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question

3  regarding a common group of people" not compound (citing 8A Wright et al., Fed.

4  Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113

5  F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single

6  question ... even though it may call for an answer containing several separate bits of

7  information, if there is a direct relationship between the various bits of information

8  called for.").

9          This interrogatory seeks a narrative concerning a common theme. That

10  is, it seeks information concerning the specific trade secrets that Mattel alleges were

11  misappropriated. This is the exact information that Mattel is required to provide

12  under California law. See California Code of Civil Procedure § 2019.210

13  (mandating that a party alleging the misappropriation identify each trade secret with

14  reasonable particularity). Indeed, the basis of the entire interrogatory is to seek

15  information that will ultimately allow MGA to defend against Mattel's trade secret

16  misappropriation claims and is crucial to that defense. It is virtually impossible to

17  determine the nature of Mattel's claims without a proper identification of what

18  Mattel's claims its trade secrets to be. As such, this interrogatory should be counted

19  as a single interrogatory and Mattel should be ordered to respond.

20          In addition, Mattel's bare assertion that MGA has "purports to require

21  Mattel to summarize all facts on these subjects, despite defendants' own refusals to

22  answer interrogatories with the same or comparable language" is not only

23  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

24  obligation to fully respond to the Interrogatories would be unaffected.

25          As to overbreadth, Mattel provides no explanation, let alone the

26  required particularity, as to why this interrogatory is supposedly overly broad, nor

27  can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118

28  (Order No. 17, dated April 14, 2009 (overruling objections not stated with

1 specificity)). To the contrary, the Interrogatory is narrowly tailored to seek
2 responses concerning documents that contain trade secret Mattel claims were
3 misappropriated by MGA.

4 As to burden, Mattel has not attempted to demonstrate why responding
5 to this Interrogatory presents any burden. This objection must therefore be rejected.
6 See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.
7 1997) ("The party claiming that a discovery request is unduly burdensome must
8 allege specific facts which indicate the nature and extent of the burden, usually by
9 affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as
10 noted above, in that the Interrogatory is narrowly tailored to seek only discoverable
11 evidence.

12 This Interrogatory does not seek responses protected by the attorney-
13 client privilege, the attorney work product doctrine, or other applicable privileges.
14 To th extent that Mattel contends that it does, it does not excuse Mattel from
15 responding with any non-privileged information. Additionally, to the extent that
16 such privileged material exists, Mattel must provide a privilege log.

17 Mattel objects that the Interrogatory contains confidential and/or
18 proprietary information. A Protective Order exists in this case, obviating any
19 concern as to protection of privacy rights and/or commercially sensitive
20 information. Also, this Interrogatory does not seek information violative of any
21 third party's rights of privacy. The facts, persons, and documents responsive to this
22 Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,
23 and as Mattel itself previously has argued, any privacy issues are fully addressed by
24 the Protective Order.

25 In short, Mattel's objections are uniformly without merit and frivolous.
26 The Discovery Master should order Mattel to provide a substantive response to
27 Interrogatory No. 1 without objection.

28

1 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
2 **INTERROGATORY NO. 1 IS NOT WARRANTED**

3    <u>Defendants have exceeded their Phase 2 Interrogatory limit.</u>  Mattel hereby
4 incorporates by reference Argument § I of its Opposition.  For the reasons set forth
5 more fully in Argument § I of its Opposition, the Discovery Master should set the
6 interrogatory limit per side, as opposed to per party, consistent with the Court's
7 previous rulings in this case, applicable case law and basic fairness.[327]

8    Moreover, even if a "per party" rule were to apply, MGA Mexico clearly has
9 exceeded its limit of 25 interrogatories because it has served 11 separately-numbered
10 interrogatories, several of which are compound and address discrete issues.  <u>See</u>
11 Opposition at Argument § 1.B.  For example, MGA Mexico Interrogatory No. 11
12 counts as dozens of interrogatories under the law.  Likewise, Interrogatory No. 10
13 counts as at least dozen of interrogatories under the law.  Because its interrogatories are
14 compound, MGA Mexico has exceeded any putative 25 interrogatory limit that applies
15 to it.

16    <u>Interrogatory No. 1 is compound.</u>  Mattel hereby incorporates by reference
17 Argument § 1.B-C of its Opposition.  Interrogatory No. 1 includes at least two discrete
18 demands -- that Mattel identify all specified documents and identify other information
19 as to each.  Moreover, because the interrogatory purports to require a particularized
20 response "on a document-by-document" basis and there are many hundreds of such
21 documents at issue, it is severely compound.

22    <u>Interrogatory No. 1 is unduly burdensome because it requires Mattel to identify</u>
23 <u>"all" facts, persons and documents.</u>  Mattel hereby incorporates by reference Argument
24 § II of its Opposition.  Consistent with the Discovery Master's prior rulings and
25 applicable case law, Interrogatory No. 1 is unduly burdensome to the extent it requires
26
27 ――――――――――――
28 [327]  <u>See</u> Opposition at Argument § I.

1  Mattel to identify "all" facts, persons and documents.[328]  It is also unduly burdensome

2  to the extent it will require Mattel to identify "with particularity on a document-by-

3  document basis the information contained within each such DOCUMENT" that Mattel

4  claims constitutes the misappropriated trade secrets.  Complying with the request as

5  written will be unduly burdensome.[329]  The Discovery Master has found that "[f]aced

6  with overbroad and unduly burdensome interrogatories," a party properly may limit its

7  response to "facts supporting the contentions identified in the interrogatories,

8  identif[ying] persons with knowledge of the those facts, and identif[ying] the principal

9  documents or categories of documents that support each contention."[330]

10      Interrogatory No. 1 is unduly burdensome because it is cumulative of other

11  interrogatories served on Mattel.  Mattel hereby incorporates by reference Argument §

12  II.B. This interrogatory is simply an attempt to force Mattel to repackage information

13  that it has already provided again and again to Defendants.  For example, the

14  interrogatory is cumulative of the following interrogatories:

15          **Interrogatory No. 20, MGA's Second Set of Interrogatories:**

16          IDENTIFY with specificity each ALLEGED TRADE SECRET, including

17          the IDENTITY of each DOCUMENT that embodies or REFERS OR

18          RELATES to each ALLEGED TRADE SECRET.[331]

19          **Interrogatory No. 21, MGA's Second Set of Interrogatories:**

20          IDENTIFY each PERSON who has had access to each ALLEGED

21          TRADE SECRET, including (a) the ALLEGED TRADE SECRET each

22

---

[328]  See Opposition at Argument § II.

[329]  Searcy Dec., ¶ 3.

[330]  See Order Denying Mattel's Motion To Compel Responses to Interrogatory Nos. 27-33, 36-40, 42, 45 and 47 by Carter Bryant, Hauler Dec., Exh. 28 at 4:11-14 (citing Moses v. Halstead, 236 F.R.D. 667, 674 (D. Kan. 2006); see also Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 45-60 By the MGA Parties, Hauler Dec., Exh. 43, at 9:4-8.

[331]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 20.

1  PERSON had access to; and (b) the date or dates each PERSON had this
2  access. [332]

3  **Interrogatory No. 22, MGA's Second Set of Interrogatories:** STATE
4  THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that
5  MGA misappropriated any ALLEGED TRADE SECRET. [333]

6  **Interrogatory No. 23, MGA's Second Set of Interrogatories:** STATE
7  THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that
8  the ALLEGED TRADE SECRETS are protectable. [334]

9  **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe
10  in detail the complete factual basis for YOUR COUNTERCLAIMS
11  including, without limitation all facts, DOCUMENTS, and witnesses that
12  REFER OR RELATE TO YOUR COUNTERCLAIMS. [335]

13  **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe
14  in detail any estimate or calculation of damage, loss, injury, or unjust
15  enrichment, by reason of any act or omission alleged in YOUR
16  COUNTERCLAIMS, that YOU have made or that has been made on
17  YOUR behalf or at YOUR request, including all facts, DOCUMENTS or
18  witnesses RELATING TO each estimate or calculation. [336]

19  **Interrogatory No. 3, MGA's First Set of Phase 2 Interrogatories:** If
20  your response to RFA No. 3 is anything other than an unqualified
21  admission, state for each MATTEL DOCUMENT that is a basis for such

---

[332] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 21.
[333] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 22.
[334] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 23.
[335] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 28.
[336] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory No. 29.

response ANY facts that SUPPORT your response to RFA No. 3, IDENTIFY ANY PERSONS with knowledge of such facts, and ANY DOCUMENTS that REFER or RELATE to such facts. [337]

**Interrogatory No. 6, MGA's First Set of Phase 2 Interrogatories:** IDENTIFY ANY damages YOU contend YOU have suffered as a result of the alleged MISAPPROPRIATION of trade secrets alleged by YOU in the Fourth Counterclaim of YOUR OPERATIVE COUNTERCLAIMS in THIS ACTION. [338]

**Interrogatory No. 7, MGA's First Set of Phase 2 Interrogatories:** IDENTIFY every MATTEL PRODUCT whose sales YOU contend were harmed by MGA's sale of the Bratz line of dolls and products. [339]

**Interrogatory No. 8, MGA's First Set of Phase 2 Interrogatories:** IDENTIFY every MATTEL PRODUCT whose sales YOU contend were harmed by ANY act or omission of MGA alleged in YOU [sic] OPERATIVE COUNTERCLAIMS. [340]

Interrogatory No. 1 is of limited benefit to MGA Mexico.  Mattel hereby incorporates by reference Argument § II.C. This interrogatory is of limited value to MGA Mexico in that it seeks information far broader than information relating to MGA Mexico and the claims and defenses related to MGA Mexico. The Interrogatory relates generally to MGA, not specifically to MGA Mexico. To the extent it seeks information not related to MGA Mexico, MGA Mexico cannot realize any benefit from the discovery.

---

[337] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 3.
[338] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 6.
[339] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 7.
[340] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 8.

1    Mattel properly reserved its right to supplement its response based on facts
2    learned in the future and expert discovery. Mattel hereby incorporates by reference
3    Argument § III of its Opposition. To the extent the Interrogatory seeks information that
4    Mattel has not yet learned because of Defendants' obstructionism and information that
5    is the subject of expert discovery, Mattel properly reserved its right to supplement its
6    response based on any newly learned information and in accordance with the Federal
7    Rules and the Court's Orders governing expert disclosures.[341]

8    Mattel properly reserved its privilege objection. Mattel hereby incorporates by
9    reference Argument § IV of its Opposition. To the extent the Interrogatory seeks
10   information protected by the attorney client privilege, Mattel timely objected to the
11   Interrogatory and preserved its objection.[342]

12   **INTERROGATORY NO. 2:**

13   State all facts, on a document-by-document basis by bates number,
14   which support your contention that MGA obtained through improper means any
15   MATTE DOCUMENT containing MATTEL trade secrets identified in response to
16   Request No. 1, above, and IDENTIFY all PERSONS with knowledge of such facts
17   and all DOCUMENTS that REFER OR RELATE to such facts.

18   **RESPONSE TO INTERROGATORY NO. 2:**

19   In addition to the general objections stated above, Mattel specifically
20   objects to this Interrogatory on the grounds that it is unreasonably burdensome,
21   overbroad, including in that it purports to require Mattel to summarize all facts on
22   these subjects, despite defendants' own refusals to answer interrogatories with the
23   same or comparable language and in conflict with the Court's Orders of February
24   15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all
25   facts on these subjects. Mattel further objects to this Interrogatory on the grounds

26
27   [341] See Opposition at Argument § III.
     [342] See Opposition at Argument § IV.
28

1  that it calls for the disclosure of information subject to the attorney-client privilege,

2  the attorney work-product doctrine and other applicable privileges. Mattel further

3  objects to this Interrogatory on the grounds that it calls for the disclosure of

4  confidential and/or proprietary information, which Mattel will disclose only subject

5  to and in reliance upon the operative protective order. Mattel further objects to this

6  Interrogatory as compound and seeks to require Mattel to separately and discretely

7  "state all facts on a document-by-document basis by bates number, which support

8  your contention that MGA obtained through improper means any MATTEL

9  DOCUMENT containing MATTEL trade secrets identified in response to Request

10 No. 1, above." As such, the interrogatory is impermissibly compound and causes

11 the total number of interrogatories served during Phase 2 discovery to exceed the

12 limits set by the Federal Rules of Civil Procedure and the Court. In addition, Mattel

13 objects that this interrogatory is unduly burdensome and oppressive in that it is an

14 impermissible attempt to exceed the number of interrogatories propounded on behalf

15 of Defendant MGA.

16 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

17 **INTERROGATORY NO. 2 SHOULD BE COMPELLED:**

18          Mattel has refused to provide answers in response to this Interrogatory,

19 subject to its improper boilerplate objections. Under the Federal Rules of Civil

20 Procedure, "the grounds for objecting to an interrogatory must be stated with

21 specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the

22 basis for an objection with specificity are routinely rejected in the Central District.

23 See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

24 ("general or boilerplate objections such as 'overly burdensome and harassing' are

25 improper – especially when a party fails to submit any evidentiary declarations

26 supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

27 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

28 inadequate and tantamount to not making any objection at all"). To the extent that

1  Mattel is relying on its blanket objections, they are not sustainable and do not justify
2  Mattel's failure to respond.

3        Mattel also bases its refusal to respond on two equally unavailing
4  arguments with respect to the counting of interrogatories in an effort to avoid
5  responding to this and the other Interrogatories at Issue. First, Mattel asserts a non-
6  existent discovery limitation applies such that each *side* in the litigation may only
7  serve 25 interrogatories. This is the same argument that Mattel has made
8  unsuccessfully in the past. See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion
9  for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47
10 (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August
11 5, 2009). While Mattel continues to assert this meritless objection rather than
12 responding to this interrogatory, Mattel cannot identify a single factual or legal basis
13 to support it. To the contrary, Judge Larson has made clear that there is a "clean
14 slate" with respect to the Phase 2 discovery. Specifically, Judge Larson noted that
15 he has not placed any restrictions on discovery in Phase 2 other than those set by the
16 Rules of Civil Procedure. See Molinski Decl., Ex. 7 at 147:4-149- (Transcript of
17 February 11, 2009 Hearing). Indeed, Discovery Master O'Brien has ████████
18 █████████████████████████████████████████████████████████
19 █████████████████████████████████████████████████████████
20 ████████████████████ Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated
21 August 14, 2009). Indeed in that same order, Discovery Master O'Brien noted that
22 █████████████████████████████████████████████████████████
23 ████████████████████████████████████████████████████ Molinski
24 Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009). The ruling is
25 unsurprising as case law also supports this interpretation. See, e.g., St. Paul Fire and
26 Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.
27 Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking
28 down a local rule that allotted interrogatories on a "per side" basis); Missouri

1   Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

2   established a scheduling plan that maintained a distinction between interrogatory

3   limitations by "party" and deposition limitations by "side.").  Since this interrogatory

4   was propounded by MGA Entertainment (HK) and they have not propounded more

5   than 25 interrogatories, Mattel's objection should be overruled and Mattel must be

6   ordered to provide a substantive response.

7         To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit

8   is only entitled to propound 25 interrogatories, would produce a ludicrous result.

9   For example, under Mattel's reasoning all counsel, in a multi-defendant case where

10   each defendant is represented by their own counsel, all defendants' counsel would be

11   forced to agree on a single set of 25 interrogatories to propound on plaintiff.  Such

12   an irrational result is not the intent of Rule 33, nor the federal discovery statutes.  As

13   noted by Discovery Master O'Brien, ███████████████████████

14   ████████████████████████████████████████████

15   ███████████████████████████  Molinski Decl., Ex. 8 at

16   171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is the right of

17   each party in a litigation to serve written discovery.  That the MGA parties happen

18   to be represented by the same counsel does not alter the analysis.  Each party must

19   be allowed to serve 25 interrogatories and Mattel must be compelled to answer

20   them.

21         Mattel's second counting argument is that this interrogatory is

22   impermissibly compound. ████████████████████████████

23   ████████████████████████████████████████████

24   ████████████████████████████████████████

25   ████████████████████████████  See Molinski Decl., Ex. 13 at 529

26   (Mattel's Motion for Protective Order dated June 29, 2009). ██████████

27   ████████████████████████████████████████████

28   ████████████████████████████████████████████

1     ████████████████████████████████ See Molinski Decl., Ex. 8 at

2 171:23-26 (Order No. 46 dated August 14, 2009). Even when an interrogatory

3 contains subparts, it is still considered a single interrogatory when it relates to a

4 common theme. See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

5 Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

6 concerning a 'common theme' should generally be considered a single question.");

7 see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL

8 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question

9 regarding a common group of people" not compound (citing 8A Wright et al., Fed.

10 Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113

11 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single

12 question ... even though it may call for an answer containing several separate bits of

13 information, if there is a direct relationship between the various bits of information

14 called for.").

15           This interrogatory seeks a narrative concerning a common theme. That

16 is, it seeks information concerning the specific trade secrets and Mattel's contention

17 that they were acquired by improper means – a key requirement for a claim under

18 the Uniform Trade Secrets Act. See California Civil Code § 3426. 1 (a) & (b)(1).

19 This is also the exact information that Mattel is required to provide under California

20 law. See California Code of Civil Procedure § 2019.210 (mandating that a party

21 alleging the misappropriation identify each trade secret with reasonable

22 particularity). Indeed, the basis of the entire interrogatory is to seek information that

23 will ultimately allow MGA to defend against Mattel's trade secret misappropriation

24 claims and is crucial to that defense. It is virtually impossible to determine the

25 nature of Mattel's claims without a proper identification of what Mattel's claims its

26 trade secrets to be. As such, this interrogatory should be counted as a single

27 interrogatory and Mattel should be ordered to respond.

28

1    In addition, Mattel's bare assertion that MGA has "purports to require
2    Mattel to summarize all facts on these subjects, despite defendants' own refusals to
3    answer interrogatories with the same or comparable language" is not only
4    unsupported and false, but immaterial – if this were true (and it is not), Mattel's
5    obligation to fully respond to the Interrogatories would be unaffected.

6    As to overbreadth, Mattel provides no explanation, let alone the
7    required particularity, as to why this interrogatory is supposedly overly broad, nor
8    can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118
9    (Order No. 17, dated April 14, 2009 (overruling objections not stated with
10   specificity)). To the contrary, the Interrogatory is narrowly tailored to seek
11   responses concerning facts which support Mattel's contention that MGA obtained
12   through improper means any Mattel documents containing its trade secrets.

13   As to burden, Mattel has not attempted to demonstrate why responding
14   to this Interrogatory presents any burden. This objection must therefore be rejected.
15   See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.
16   1997) ("The party claiming that a discovery request is unduly burdensome must
17   allege specific facts which indicate the nature and extent of the burden, usually by
18   affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as
19   noted above, in that the Interrogatory is narrowly tailored to seek only discoverable
20   evidence.

21   This Interrogatory does not seek responses protected by the attorney-
22   client privilege, the attorney work product doctrine, or other applicable privileges.
23   To the extent that Mattel contends that it does, it does not excuse Mattel from
24   responding with any non-privileged information. Additionally, to the extent that
25   such privileged material exists, Mattel must provide a privilege log.

26   Mattel objects that the Interrogatory contains confidential and/or
27   proprietary information. A Protective Order exists in this case, obviating any
28   concern as to protection of privacy rights and/or commercially sensitive

1  information.  Also, this Interrogatory does not seek information violative of any
2  third party's rights of privacy.  The facts, persons, and documents responsive to this
3  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,
4  and as Mattel itself previously has argued, any privacy issues are fully addressed by
5  the Protective Order.

6         In short, Mattel's objections are uniformly without merit and frivolous.
7  The Discovery Master should order Mattel to provide a substantive response to
8  Interrogatory No. 2 without objection.

9  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
10 **INTERROGATORY NO. 2 IS NOT WARRANTED**

11     <u>Defendants have exceeded their Phase 2 Interrogatory limit.</u>  Mattel hereby
12 incorporates by reference Argument § I of its Opposition.  For the reasons set forth
13 more fully in Argument § I of its Opposition, the Discovery Master should set the
14 interrogatory limit per side, as opposed to per party, consistent with the Court's
15 previous rulings in this case, applicable case law and basic fairness.[343]

16     Moreover, even if a "per party" rule were to apply, MGA Mexico clearly has
17 exceeded its limit of 25 interrogatories because it has served 11 separately-numbered
18 interrogatories, several of which are compound and address discrete issues.  <u>See</u>
19 Opposition at Argument § 1.B.  For example, MGA Mexico Interrogatory No. 11
20 counts as dozens of interrogatories under the law.  Likewise, Interrogatory No. 10
21 counts as at least dozen of interrogatories under the law.  Because its interrogatories are
22 compound, MGA Mexico has exceeded any putative 25 interrogatory limit that applies
23 to it.

24     <u>Interrogatory No. 2 is compound.</u>  Mattel hereby incorporates by reference
25 Argument § I.B-C of its Opposition.  Interrogatory No. 2 purports to require a
26 particularized response "on a document-by-document" basis, and there are many

27 ---

[343]  <u>See</u> Opposition at Argument § I.

28

1    hundreds of such documents at issue. Therefore, this interrogatory is severely
2    compound.

3        Interrogatory No. 2 is unduly burdensome because it requires Mattel to identify
4    "all" facts, persons and documents. Mattel hereby incorporates by reference Argument
5    § II of its Opposition. Consistent with the Discovery Master's prior rulings and
6    applicable case law, Interrogatory No. 2 is unduly burdensome to the extent it requires
7    Mattel to identify "all" facts, persons and documents.[344] It is also unduly burdensome
8    to the extent it will require Mattel to state "all facts, on a document-by-document basis
9    by bates number." Complying with the request as written will be unduly
10   burdensome.[345] The Discovery Master has found that "[f]aced with overbroad and
11   unduly burdensome interrogatories," a party properly may limit its response to "facts
12   supporting the contentions identified in the interrogatories, identif[ying] persons with
13   knowledge of the those facts, and identif[ying] the principal documents or categories of
14   documents that support each contention."[346]

15       Interrogatory No. 2 is unduly burdensome because it is cumulative of other
16   interrogatories served on Mattel. Mattel hereby incorporates by reference Argument §
17   II.B. This interrogatory is simply an attempt to force Mattel to repackage information
18   that it has already provided again and again to Defendants. For example, the
19   interrogatory is cumulative of the following interrogatories:

20           **Interrogatory No. 20, MGA's Second Set of Interrogatories:**
21           IDENTIFY with specificity each ALLEGED TRADE SECRET, including
22
23
----
24   [344]  See Opposition at Argument § II.A.
     [345]  Searcy Dec., ¶ 3.
25   [346]  See Order Denying Mattel's Motion To Compel Responses to Interrogatory
     Nos. 27-33, 36-40, 42, 45 and 47 by Carter Bryant, Hauler Dec., Exh. 28 at 4:11-14
26   (citing Moses v. Halstead, 236 F.R.D. 667, 674 (D. Kan. 2006); see also Order
     Granting in Part and Denying in Part Mattel's Motion to Compel Responses to
27   Interrogatory Nos. 27-44 and 45-60 By the MGA Parties, Hauler Dec., Exh. 43, at
     9:4-8.
28

1   the IDENTITY of each DOCUMENT that embodies or REFERS OR
2   RELATES to each ALLEGED TRADE SECRET.[347]

3   **Interrogatory No. 21, MGA's Second Set of Interrogatories:**
4   IDENTIFY each PERSON who has had access to each ALLEGED
5   TRADE SECRET, including (a) the ALLEGED TRADE SECRET each
6   PERSON had access to; and (b) the date or dates each PERSON had this
7   access.[348]

8   **Interrogatory No. 22, MGA's Second Set of Interrogatories:** STATE
9   THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that
10   MGA misappropriated any ALLEGED TRADE SECRET.[349]

11   **Interrogatory No. 23, MGA's Second Set of Interrogatories:** STATE
12   THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that
13   the ALLEGED TRADE SECRETS are protectable.[350]

14   **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe
15   in detail the complete factual basis for YOUR COUNTERCLAIMS
16   including, without limitation all facts, DOCUMENTS, and witnesses that
17   REFER OR RELATE TO YOUR COUNTERCLAIMS.[351]

18   **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe
19   in detail any estimate or calculation of damage, loss, injury, or unjust
20   enrichment, by reason of any act or omission alleged in YOUR
21   COUNTERCLAIMS, that YOU have made or that has been made on

---

[347] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 20.
[348] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 21.
[349] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 22.
[350] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 23.
[351] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 28.

1    YOUR behalf or at YOUR request, including all facts, DOCUMENTS or

2    witnesses RELATING TO each estimate or calculation. [352]

3    **Interrogatory No. 3, MGA's First Set of Phase 2 Interrogatories:** If

4    your response to RFA No. 3 is anything other than an unqualified

5    admission, state for each MATTEL DOCUMENT that is a basis for such

6    response ANY facts that SUPPORT your response to RFA No. 3,

7    IDENTIFY ANY PERSONS with knowledge of such facts, and ANY

8    DOCUMENTS that REFER or RELATE to such facts. [353]

9    **Interrogatory No. 6, MGA's First Set of Phase 2 Interrogatories:**

10   IDENTIFY ANY damages YOU contend YOU have suffered as a result

11   of the alleged MISAPPROPRIATION of trade secrets alleged by YOU in

12   the Fourth Counterclaim of YOUR OPERATIVE COUNTERCLAIMS in

13   THIS ACTION. [354]

14   **Interrogatory No. 7, MGA's First Set of Phase 2 Interrogatories:**

15   IDENTIFY every MATTEL PRODUCT whose sales YOU contend were

16   harmed by MGA's sale of the Bratz line of dolls and products. [355]

17   **Interrogatory No. 8, MGA's First Set of Phase 2 Interrogatories:**

18   IDENTIFY every MATTEL PRODUCT whose sales YOU contend were

19   harmed by ANY act or omission of MGA alleged in YOU [sic]

20   OPERATIVE COUNTERCLAIMS. [356]

21

22   ---

[352] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory
23   No. 29.
[353] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at
24   Interrogatory No. 3.
[354] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at
25   Interrogatory No. 6.
[355] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at
26   Interrogatory No. 7.
[356] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at
27   Interrogatory No. 8.

28

1        <u>Interrogatory No. 2 is of limited benefit to MGA Mexico.</u>   Mattel hereby

2    incorporates by reference Argument § II.C.  This interrogatory is of limited value to

3    MGA Mexico in that it seeks information far broader than information relating to MGA

4    Mexico and the claims and defenses related to MGA Mexico.  The Interrogatory relates

5    generally to MGA, not specifically to MGA Mexico.  To the extent it seeks information

6    not related to MGA Mexico, MGA Mexico cannot realize any benefit from the

7    discovery.

8        <u>Mattel properly reserved its right to supplement its response based on facts</u>

9    <u>learned in the future and expert discovery.</u>  Mattel hereby incorporates by reference

10   Argument § III of its Opposition.  To the extent the Interrogatory seeks information that

11   Mattel has not yet learned because of Defendants' obstructionism and information that

12   is the subject of expert discovery, Mattel properly reserved its right to supplement its

13   response based on any newly learned information and in accordance with the Federal

14   Rules and the Court's Orders governing expert disclosures.[357]

15       <u>Mattel properly reserved its privilege objection.</u>  Mattel hereby incorporates by

16   reference Argument § IV of its Opposition.  To the extent the Interrogatory seeks

17   information protected by the attorney client privilege, Mattel timely objected to the

18   Interrogatory and preserved its objection.[358]

19   **INTERROGATORY NO. 3:**

20       State all facts, on a document-by-document basis by bates number,

21   which support YOUR contention that MGA used or disclosed without the consent of

22   MATTEL any of the MATTEL trade secrets identified in response to Request No. 1,

23   above, and IDENTIFY all PERSONS with knowledge of such facts and all

24   DOCUMENTS that REFER OR RELATE to such facts.

25

26

---

27   [357]   <u>See</u> Opposition at Argument § III.

28   [358]   <u>See</u> Opposition at Argument § IV.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the general objections stated above, Mattel specifically objects to this Interrogatory on the grounds that it is unreasonably burdensome, overbroad, including in that it purports to require Mattel to summarize all facts on these subjects, despite defendants' own refusals to answer interrogatories with the same or comparable language and in conflict with the Court's Orders of February 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all facts on these subjects. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential and/or proprietary information, which Mattel will disclose only subject to and in reliance upon the operative protective order. Mattel further objects to this Interrogatory as compound and seeks to require Mattel to separately and discretely "state all facts *on a document-by-document basis* by bates number, which support YOUR contention that MGA used or disclosed without the consent of MATTEL any of the MATTEL trade secrets identified in response to Request No. 1, above." As such, the interrogatory is impermissibly compound and causes the total number of interrogatories served during Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure and the Court. In addition, Mattel objects that this interrogatory is unduly burdensome and oppressive in that it is an impermissible attempt to exceed the number of interrogatories propounded on behalf of Defendant MGA.

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO INTERROGATORY NO. 3 SHOULD BE COMPELLED:**

Mattel has refused to provide answers in response to this Interrogatory, subject to its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "the grounds for objecting to an interrogatory must be stated with

1  specificity." Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

2  basis for an objection with specificity are routinely rejected in the Central District.

3  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

4  ("general or boilerplate objections such as 'overly burdensome and harassing' are

5  improper – especially when a party fails to submit any evidentiary declarations

6  supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,,

7  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

8  inadequate and tantamount to not making any objection at all").  To the extent that

9  Mattel is relying on its blanket objections, they are not sustainable and do not justify

10  Mattel's failure to respond.

11        Mattel also bases its refusal to respond on two equally unavailing

12  arguments with respect to the counting of interrogatories in an effort to avoid

13  responding to this and the other Interrogatories at Issue.  First, Mattel asserts a non-

14  existent discovery limitation applies such that each *side* in the litigation may only

15  serve 25 interrogatories.  This is the same argument that Mattel has made

16  unsuccessfully in the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion

17  for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47

18  (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August

19  5, 2009).  While Mattel continues to assert this meritless objection rather than

20  responding to this interrogatory, Mattel cannot identify a single factual or legal basis

21  to support it.  To the contrary, Judge Larson has made clear that there is a "clean

22  slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson noted that

23  he has not placed any restrictions on discovery in Phase 2 other than those set by the

24  Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of

25  February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has ███████████

26  ████████████████████████████████████████████████████████████████

27  ████████████████████████████████████████████████████████████████

28  ████████████████████  Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated

1 │ August 14, 2009). Indeed in that same order, Discovery Master O'Brien noted that

2 │ ███████████████████████████████████████████████████████████████████████████

3 │ ████████████████████████████████████████████████████████████ Molinski

4 │ Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009). The ruling is

5 │ unsurprising as case law also supports this interpretation. See, e.g., St. Paul Fire and

6 │ Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.

7 │ Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking

8 │ down a local rule that allotted interrogatories on a "per side" basis); Missouri

9 │ Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

10 │ established a scheduling plan that maintained a distinction between interrogatory

11 │ limitations by "party" and deposition limitations by "side."). Since this interrogatory

12 │ was propounded by MGA Entertainment (HK) and they have not propounded more

13 │ than 25 interrogatories, Mattel's objection should be overruled and Mattel must be

14 │ ordered to provide a substantive response.

15 │      To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit

16 │ is only entitled to propound 25 interrogatories, would produce a ludicrous result.

17 │ For example, under Mattel's reasoning all counsel, in a multi-defendant case where

18 │ each defendant is represented by their own counsel, all defendants' counsel would be

19 │ forced to agree on a single set of 25 interrogatories to propound on plaintiff. Such

20 │ an irrational result is not the intent of Rule 33, nor the federal discovery statutes. As

21 │ noted by Discovery Master O'Brien, ███████████████████████████████████

22 │ ███████████████████████████████████████████████████████████████████████████

23 │ ████████████████████████████████████████████ Molinski Decl., Ex. 8 at

24 │ 171:7-9 (Order No. 46 dated August 14, 2009). Within this policy is the right of

25 │ each party in a litigation to serve written discovery. That the MGA parties happen

26 │ to be represented by the same counsel does not alter the analysis. Each party must

27 │ be allowed to serve 25 interrogatories and Mattel must be compelled to answer

28 │ them.

1   Mattel's second counting argument is that this interrogatory is

2   impermissibly compound. █████████████████████████████████

3   ████████████████████████████████████████████████████████

4   ████████████████████████████████████████████████

5   ████████████████████████████████ See Molinski Decl., Ex. 13 at 529

6   (Mattel's Motion for Protective Order dated June 29 2009). █████████

7   ████████████████████████████████████████████████

8   ████████████████████████████████████████████████████████

9   ██████████████████████████████████ See Molinski Decl., Ex. 8 at

10  171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

11  contains subparts, it is still considered a single interrogatory when it relates to a

12  common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

13  Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

14  concerning a 'common theme' should generally be considered a single question.");

15  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL

16  318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question

17  regarding a common group of people" not compound (citing 8A Wright et al., Fed.

18  Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113

19  F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single

20  question ... even though it may call for an answer containing several separate bits of

21  information, if there is a direct relationship between the various bits of information

22  called for.").

23      This interrogatory seeks a narrative concerning a common theme.  That

24  is, it seeks information concerning the disclosure of the specific trade secrets that

25  Mattel alleges were misappropriated – a key requirement for a claim under the

26  Uniform Trade Secrets Act.  See California Civil Code § 3426. 1 (a).  This is also

27  the exact information that Mattel is required to provide under California law.  See

28  California Code of Civil Procedure § 2019.2 10 (mandating that a party alleging the

RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES

1   misappropriation identify each trade secret with reasonable particularity).  Indeed,
2   the basis of the entire interrogatory is to seek information that will ultimately allow
3   MGA to defend against Mattel's trade secret misappropriation claims and is crucial
4   to that defense.  It is virtually impossible to determine the nature of Mattel's claims
5   without a proper identification of what Mattel's claims its trade secrets to be.  As
6   such, this interrogatory should be counted as a single interrogatory and Mattel
7   should be ordered to respond.

8          In addition, Mattel's bare assertion that MGA has "purports to require
9   Mattel to summarize all facts on these subjects, despite defendants' own refusals to
10  answer interrogatories with the same or comparable language" is not only
11  unsupported and false, but immaterial – if this were true (and it is not), Mattel's
12  obligation to fully respond to the Interrogatories would be unaffected.

13         As to overbreadth, Mattel provides no explanation, let alone the
14  required particularity, as to why this interrogatory is supposedly overly broad, nor
15  can it do so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118
16  (Order No. 17, dated April 14, 2009 (overruling objections not stated with
17  specificity)).  To the contrary, the Interrogatory is narrowly tailored to seek
18  responses concerning facts which support Mattel's contention that MGA used or
19  disclosed without the consent of Mattel any of its trade secrets.

20         As to burden, Mattel has not attempted to demonstrate why responding
21  to this Interrogatory presents any burden.  This objection must therefore be rejected.
22  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.
23  1997) ("The party claiming that a discovery request is unduly burdensome must
24  allege specific facts which indicate the nature and extent of the burden, usually by
25  affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as
26  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable
27  evidence.

28

1   This Interrogatory does not seek responses protected by the attorney-

2   client privilege, the attorney work product doctrine, or other applicable privileges.

3   To the extent that Mattel contends that it does, it does not excuse Mattel from

4   responding with any non-privileged information. Additionally, to the extent that

5   such privileged material exists, Mattel must provide a privilege log.

6   Mattel objects that the Interrogatory contains confidential and/or

7   proprietary information. A Protective Order exists in this case, obviating any

8   concern as to protection of privacy rights and/or commercially sensitive

9   information. Also, this Interrogatory does not seek information violative of any

10  third party's rights of privacy. The facts, persons, and documents responsive to this

11  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,

12  and as Mattel itself previously has argued, any privacy issues are fully addressed by

13  the Protective Order.

14  In short, Mattel's objections are uniformly without merit and frivolous.

15  The Discovery Master should order Mattel to provide a substantive response to

16  Interrogatory No. 3 without objection.

17  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

18  **INTERROGATORY NO. 3 IS NOT WARRANTED**

19  Defendants have exceeded their Phase 2 Interrogatory limit. Mattel hereby

20  incorporates by reference Argument § I of its Opposition. For the reasons set forth

21  more fully in Argument § I of its Opposition, the Discovery Master should set the

22  interrogatory limit per side, as opposed to per party, consistent with the Court's

23  previous rulings in this case, applicable case law and basic fairness.[359]

24  Moreover, even if a "per party" rule were to apply, MGA Mexico clearly has

25  exceeded its limit of 25 interrogatories because it has served 11 separately-numbered

26  interrogatories, several of which are compound and address discrete issues. See

27  _____

28  [359] See Opposition at Argument § I.

1  Opposition at Argument § 1.B.  For example, MGA Mexico Interrogatory No. 11
2  counts as dozens of interrogatories under the law.  Likewise, Interrogatory No. 10
3  counts as at least dozen of interrogatories under the law.  Because its interrogatories are
4  compound, MGA Mexico has exceeded any putative 25 interrogatory limit that applies
5  to it.

6      Interrogatory No. 3 is compound.  Mattel hereby incorporates by reference
7  Argument § I.B-C of its Opposition.  Interrogatory No. 3 purports to require a
8  particularized response "on a document-by-document" basis, and there are many
9  hundreds of such documents at issue.  Therefore, this interrogatory is severely
10  compound.

11      Interrogatory No. 3 is unduly burdensome because it requires Mattel to identify
12  "all" facts, persons and documents.  Mattel hereby incorporates by reference Argument
13  § II of its Opposition.  Consistent with the Discovery Master's prior rulings and
14  applicable case law, Interrogatory No. 3 is unduly burdensome to the extent it requires
15  Mattel to identify "all" facts, persons and documents.[360]  It is also unduly burdensome
16  to the extent it will require Mattel to state "all facts, on a document-by-document basis
17  by bates number."   Complying with the request as written will be unduly
18  burdensome.[361]  The Discovery Master has found that "[f]aced with overbroad and
19  unduly burdensome interrogatories," a party properly may limit its response to "facts
20  supporting the contentions identified in the interrogatories, identif[ying] persons with
21  knowledge of the those facts, and identif[ying] the principal documents or categories of
22  documents that support each contention."[362]

23

---

24  [360]   See Opposition at Argument § II.A.
    [361]   Searcy Dec., ¶ 3.
25  [362]   See Order Denying Mattel's Motion To Compel Responses to Interrogatory
    Nos. 27-33, 36-40, 42, 45 and 47 by Carter Bryant, Hauler Dec., Exh. 28 at 4:11-14
26  (citing Moses v. Halstead, 236 F.R.D. 667, 674 (D. Kan. 2006); see also Order
    Granting in Part and Denying in Part Mattel's Motion to Compel Responses to
27  Interrogatory Nos. 27-44 and 45-60 By the MGA Parties, Hauler Dec., Exh. 43, at
    9:4-8.

28

Interrogatory No. 3 is unduly burdensome because it is cumulative of other interrogatories served on Mattel. Mattel hereby incorporates by reference Argument § II.B. This interrogatory is simply an attempt to force Mattel to repackage information that it has already provided again and again to Defendants. For example, the interrogatory is cumulative of the following interrogatories:

> **Interrogatory No. 20, MGA's Second Set of Interrogatories:** IDENTIFY with specificity each ALLEGED TRADE SECRET, including the IDENTITY of each DOCUMENT that embodies or REFERS OR RELATES to each ALLEGED TRADE SECRET.[363]

> **Interrogatory No. 21, MGA's Second Set of Interrogatories:** IDENTIFY each PERSON who has had access to each ALLEGED TRADE SECRET, including (a) the ALLEGED TRADE SECRET each PERSON had access to; and (b) the date or dates each PERSON had this access.[364]

> **Interrogatory No. 22, MGA's Second Set of Interrogatories:** STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that MGA misappropriated any ALLEGED TRADE SECRET.[365]

> **Interrogatory No. 23, MGA's Second Set of Interrogatories:** STATE THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that the ALLEGED TRADE SECRETS are protectable.[366]

> **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe in detail the complete factual basis for YOUR COUNTERCLAIMS

---

[363] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 20.
[364] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 21.
[365] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 22.
[366] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 23.

1    including, without limitation all facts, DOCUMENTS, and witnesses that
2    REFER OR RELATE TO YOUR COUNTERCLAIMS. [367]

3    **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe
4    in detail any estimate or calculation of damage, loss, injury, or unjust
5    enrichment, by reason of any act or omission alleged in YOUR
6    COUNTERCLAIMS, that YOU have made or that has been made on
7    YOUR behalf or at YOUR request, including all facts, DOCUMENTS or
8    witnesses RELATING TO each estimate or calculation. [368]

9    **Interrogatory No. 3, MGA's First Set of Phase 2 Interrogatories:** If
10    your response to RFA No. 3 is anything other than an unqualified
11    admission, state for each MATTEL DOCUMENT that is a basis for such
12    response ANY facts that SUPPORT your response to RFA No. 3,
13    IDENTIFY ANY PERSONS with knowledge of such facts, and ANY
14    DOCUMENTS that REFER or RELATE to such facts. [369]

15    **Interrogatory No. 6, MGA's First Set of Phase 2 Interrogatories:**
16    IDENTIFY ANY damages YOU contend YOU have suffered as a result
17    of the alleged MISAPPROPRIATION of trade secrets alleged by YOU in
18    the Fourth Counterclaim of YOUR OPERATIVE COUNTERCLAIMS in
19    THIS ACTION. [370]

---

[367]   See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 28.

[368]   See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 29.

[369]   See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 3.

[370]   See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 6.

RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES

1  **Interrogatory No. 7, MGA's First Set of Phase 2 Interrogatories:**

2  IDENTIFY every MATTEL PRODUCT whose sales YOU contend were

3  harmed by MGA's sale of the Bratz line of dolls and products.[371]

4  **Interrogatory No. 8, MGA's First Set of Phase 2 Interrogatories:**

5  IDENTIFY every MATTEL PRODUCT whose sales YOU contend were

6  harmed by ANY act or omission of MGA alleged in YOU [sic]

7  OPERATIVE COUNTERCLAIMS.[372]

8  <u>Interrogatory No. 3 is of limited benefit to MGA Mexico.</u>  Mattel hereby

9  incorporates by reference Argument § II.C. This interrogatory is of limited value to

10  MGA Mexico in that it seeks information far broader than information relating to MGA

11  Mexico and the claims and defenses related to MGA Mexico. The Interrogatory relates

12  generally to MGA, not specifically to MGA Mexico. To the extent it seeks information

13  not related to MGA Mexico, MGA Mexico cannot realize any benefit from the

14  discovery.

15  <u>Mattel properly reserved its right to supplement its response based on facts</u>

16  <u>learned in the future and expert discovery.</u>  Mattel hereby incorporates by reference

17  Argument § III of its Opposition. To the extent the Interrogatory seeks information that

18  Mattel has not yet learned because of Defendants' obstructionism and information that

19  is the subject of expert discovery, Mattel properly reserved its right to supplement its

20  response based on any newly learned information and in accordance with the Federal

21  Rules and the Court's Orders governing expert disclosures.[373]

22  <u>Mattel properly reserved its privilege objection.</u>  Mattel hereby incorporates by

23  reference Argument § IV of its Opposition.  To the extent the Interrogatory seeks

24

---

25  [371]  <u>See</u> MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at

26  Interrogatory No. 7.
   [372]  <u>See</u> MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at

27  Interrogatory No. 8.
   [373]  <u>See</u> Opposition at Argument § III.

28

1  information protected by the attorney client privilege, Mattel timely objected to the

2  Interrogatory and preserved its objection.[374]

3  **INTERROGATORY NO. 4:**

4  State all facts, on a document-by-document basis by bates number,

5  which support YOUR contention that MGA acquired any of the MATTEL trade

6  secrets identified in response to Request No. 1 above, from a person that MGA

7  knew or had reason to know that the trade secret was acquired by improper means,

8  and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS

9  that REFER OR RELATE to such facts.

10  **RESPONSE TO INTERROGATORY NO. 4:**

11  In addition to the general objections stated above, Mattel specifically

12  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

13  overbroad, including in that it purports to require Mattel to summarize all facts on

14  these subjects, despite defendants' own refusals to answer interrogatories with the

15  same or comparable language and in conflict with the Court's Orders of February

16  15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

17  facts on these subjects. Mattel further objects to this Interrogatory on the grounds

18  that it calls for the disclosure of information subject to the attorney-client privilege,

19  the attorney work-product doctrine and other applicable privileges. Mattel further

20  objects to this Interrogatory on the grounds that it calls for the disclosure of

21  confidential and/or proprietary information, which Mattel will disclose only subject

22  to and in reliance upon the operative protective order. Mattel further objects to this

23  Interrogatory as compound and seeks to require Mattel to separately and discretely

24  "state all facts *on a document-by-document basis* by bates number, which support

25  your contention that MGA acquired any of the MATTEL trade secrets identified in

26  response to Request No. 1 above, from a person that MGA knew or had reason to

27  

28  

---

[374]  See Opposition at Argument § IV.

-276-

1 know that the trade secret was acquired by improper means." As such, the

2 interrogatory is impermissibly compound and causes the total number of

3 interrogatories served during Phase 2 discovery to exceed the limits set by the

4 Federal Rules of Civil Procedure and the Court. In addition, Mattel objects that this

5 interrogatory is unduly burdensome and oppressive in that it is an impermissible

6 attempt to exceed the number of interrogatories propounded on behalf of Defendant

7 MGA.

8 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

9 **INTERROGATORY NO. 4 SHOULD BE COMPELLED:**

10    Mattel has refused to provide answers in response to this Interrogatory,

11 subject to its improper boilerplate objections. Under the Federal Rules of Civil

12 Procedure, "the grounds for objecting to an interrogatory must be stated with

13 specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the

14 basis for an objection with specificity are routinely rejected in the Central District.

15 See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

16 ("general or boilerplate objections such as 'overly burdensome and harassing' are

17 improper – especially when a party fails to submit any evidentiary declarations

18 supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

19 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

20 inadequate and tantamount to not making any objection at all"). To the extent that

21 Mattel is relying on its blanket objections, they are not sustainable and do not justify

22 Mattel's failure to respond.

23    Mattel also bases its refusal to respond on two equally unavailing

24 arguments with respect to the counting of interrogatories in an effort to avoid

25 responding to this and the other Interrogatories at Issue. First, Mattel asserts a non-

26 existent discovery limitation applies such that each *side* in the litigation may only

27 serve 25 interrogatories. This is the same argument that Mattel has made

28 unsuccessfully in the past. See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion

07975/3132917.1

-277-

RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES