1  for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47

2  (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August

3  5, 2009).  While Mattel continues to assert this meritless objection rather than

4  responding to this interrogatory, Mattel cannot identify a single factual or legal basis

5  to support it.  To the contrary, Judge Larson has made clear that there is a "clean

6  slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson noted that

7  he has not placed any restrictions on discovery in Phase 2 other than those set by the

8  Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of

9  February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has ▉▉▉▉▉▉▉

10 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

11 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

12 ▉▉▉▉▉▉▉▉▉▉▉▉▉  Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated

13 August 14, 2009).  Indeed in that same order, Discovery Master O'Brien noted that

14 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

15 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉  Molinski

16 Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009).  The ruling is

17 unsurprising as case law also supports this interpretation.  See, e.g., St. Paul Fire and

18 Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.

19 Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking

20 down a local rule that allotted interrogatories on a "per side" basis); Missouri

21 Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

22 established a scheduling plan that maintained a distinction between interrogatory

23 limitations by "party" and deposition limitations by "side.").  Since this interrogatory

24 was propounded by MGA Entertainment (HK) and they have not propounded more

25 than 25 interrogatories, Mattel's objection should be overruled and Mattel must be

26 ordered to provide a substantive response.

27      To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit

28 is only entitled to propound 25 interrogatories, would produce a ludicrous result.

1  For example, under Mattel's reasoning all counsel, in a multi-defendant case where
2  each defendant is represented by their own counsel, all defendants' counsel would be
3  forced to agree on a single set of 25 interrogatories to propound on plaintiff.  Such
4  an irrational result is not the intent of Rule 33, nor the federal discovery statutes.  As
5  noted by Discovery Master O'Brien, ████████████████████████████
6  ████████████████████████████████████████████████████
7  ████████████████████████████  Molinski Decl., Ex. 8 at
8  171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is the right of
9  each party in a litigation to serve written discovery.  That the MGA parties happen
10 to be represented by the same counsel does not alter the analysis.  Each party must
11 be allowed to serve 25 interrogatories and Mattel must be compelled to answer
12 them.
13       Mattel's second counting argument is that this interrogatory is
14 impermissibly compound.  ████████████████████████████
15 ████████████████████████████████████████████████████
16 ████████████████████████████████████████████
17 ████████████████████████  See Molinski Decl., Ex. 13 at 529
18 (Mattel's Motion for Protective Order dated June 29, 2009).  ████████████████
19 ████████████████████████████████████████████████████
20 ████████████████████████████████████████████████████
21 ████████████████████████████  See Molinski Decl., Ex. 8 at
22 171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory
23 contains subparts, it is still considered a single interrogatory when it relates to a
24 common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.
25 Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details
26 concerning a 'common theme' should generally be considered a single question.");
27 see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL
28 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question

1 | regarding a common group of people" not compound (citing 8A Wright et al., Fed.
2 | Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113
3 | F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single
4 | question ... even though it may call for an answer containing several separate bits of
5 | information, if there is a direct relationship between the various bits of information
6 | called for.").

7 |      This interrogatory seeks a narrative concerning a common theme. That
8 | is, it seeks information concerning the disclosure of the specific trade secrets that
9 | Mattel alleges were misappropriated – a key requirement for a claim under the
10 | Uniform Trade Secrets Act. See California Civil Code § 3426. 1 (a)(1). This is the
11 | exact information that Mattel is required to provide under California law. See
12 | California Code of Civil Procedure § 2019.2 10 (mandating that a party alleging the
13 | misappropriation identify each trade secret with reasonable particularity). Indeed,
14 | the basis of the entire interrogatory is to seek information that will ultimately allow
15 | MGA to defend against Mattel's trade secret misappropriation claims and is crucial
16 | to that defense. It is virtually impossible to determine the nature of Mattel's claims
17 | without a proper identification of what Mattel's claims its trade secrets to be. As
18 | such, this interrogatory should be counted as a single interrogatory and Mattel
19 | should be ordered to respond.

20 |      In addition, Mattel's bare assertion that MGA has "purports to require
21 | Mattel to summarize all facts on these subjects, despite defendants' own refusals to
22 | answer interrogatories with the same or comparable language" is not only
23 | unsupported and false, but immaterial – if this were true (and it is not), Mattel's
24 | obligation to fully respond to the Interrogatories would be unaffected.

25 |      As to overbreadth, Mattel provides no explanation, let alone the
26 | required particularity, as to why this interrogatory is supposedly overly broad, nor
27 | can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118
28 | (Order No. 17, dated April 14, 2009 (overruling objections not stated with

1   specificity)).  To the contrary, the Interrogatory is narrowly tailored to seek

2   responses concerning facts which support Mattel's contention that MGA acquired

3   any of the Mattel trade secrets.

4          As to burden, Mattel has not attempted to demonstrate why responding

5   to this Interrogatory presents any burden.  This objection must therefore be rejected.

6   See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

7   1997) ("The party claiming that a discovery request is unduly burdensome must

8   allege specific facts which indicate the nature and extent of the burden, usually by

9   affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as

10  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

11  evidence.

12          This Interrogatory does not seek responses protected by the attorney-

13  client privilege, the attorney work product doctrine, or other applicable privileges.

14  To the extent that Mattel contends that it does, it does not excuse Mattel from

15  responding with any non-privileged information.  Additionally, to the extent that

16  such privileged material exists, Mattel must provide a privilege log.

17          Mattel objects that the Interrogatory contains confidential and/or

18  proprietary information.  A Protective Order exists in this case, obviating any

19  concern as to protection of privacy rights and/or commercially sensitive

20  information.  Also, this Interrogatory does not seek information violative of any

21  third party's rights of privacy.  The facts, persons, and documents responsive to this

22  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,

23  and as Mattel itself previously has argued, any privacy issues are fully addressed by

24  the Protective Order.

25          In short, Mattel's objections are uniformly without merit and frivolous.

26  The Discovery Master should order Mattel to provide a substantive response to

27  Interrogatory No. 4 without objection.

28

1 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
2 **INTERROGATORY NO. 4 IS NOT WARRANTED**

3    Defendants have exceeded their Phase 2 Interrogatory limit. Mattel hereby
4 incorporates by reference Argument § I of its Opposition. For the reasons set forth
5 more fully in Argument § I of its Opposition, the Discovery Master should set the
6 interrogatory limit per side, as opposed to per party, consistent with the Court's
7 previous rulings in this case, applicable case law and basic fairness.[375]

8    Moreover, even if a "per party" rule were to apply, MGA Mexico clearly has
9 exceeded its limit of 25 interrogatories because it has served 11 separately-numbered
10 interrogatories, several of which are compound and address discrete issues. See
11 Opposition at Argument § 1.B. For example, MGA Mexico Interrogatory No. 11
12 counts as dozens of interrogatories under the law. Likewise, Interrogatory No. 10
13 counts as at least dozen of interrogatories under the law. Because its interrogatories are
14 compound, MGA Mexico has exceeded any putative 25 interrogatory limit that applies
15 to it.

16    Interrogatory No. 4 is compound. Mattel hereby incorporates by reference
17 Argument § I.B-C of its Opposition. Interrogatory No. 4 purports to require a
18 particularized response "on a document-by-document" basis, and there are many
19 hundreds of such documents at issue. Therefore, this interrogatory is severely
20 compound.

21    Interrogatory No. 4 is unduly burdensome because it requires Mattel to identify
22 "all" facts, persons and documents. Mattel hereby incorporates by reference Argument
23 § II of its Opposition. Consistent with the Discovery Master's prior rulings and
24 applicable case law, Interrogatory No. 4 is unduly burdensome to the extent it requires
25 Mattel to identify "all" facts, persons and documents.[376] It is also unduly burdensome

26 ────────────────

27 [375] See Opposition at Argument § I.
[376] See Opposition at Argument § II.A.
28

1   to the extent it will require Mattel to state "all facts, on a document-by-document basis

2   by bates number." Complying with the request as written will be unduly

3   burdensome.[377] The Discovery Master has found that "[f]aced with overbroad and

4   unduly burdensome interrogatories," a party properly may limit its response to "facts

5   supporting the contentions identified in the interrogatories, identif[ying] persons with

6   knowledge of the those facts, and identif[ying] the principal documents or categories of

7   documents that support each contention."[378]

8       Interrogatory No. 4 is unduly burdensome because it is cumulative of other

9   interrogatories served on Mattel. Mattel hereby incorporates by reference Argument §

10   II.B. This interrogatory is simply an attempt to force Mattel to repackage information

11   that it has already provided again and again to Defendants. For example, the

12   interrogatory is cumulative of the following interrogatories:

13       **Interrogatory No. 20, MGA's Second Set of Interrogatories:**

14       IDENTIFY with specificity each ALLEGED TRADE SECRET, including

15       the IDENTITY of each DOCUMENT that embodies or REFERS OR

16       RELATES to each ALLEGED TRADE SECRET.[379]

17       **Interrogatory No. 21, MGA's Second Set of Interrogatories:**

18       IDENTIFY each PERSON who has had access to each ALLEGED

19       TRADE SECRET, including (a) the ALLEGED TRADE SECRET each

20

21

22

23 [377] Searcy Dec., ¶ 3.

24 [378] See Order Denying Mattel's Motion To Compel Responses to Interrogatory Nos. 27-33, 36-40, 42, 45 and 47 by Carter Bryant, Hauler Dec., Exh. 28 at 4:11-14

25 (citing Moses v. Halstead, 236 F.R.D. 667, 674 (D. Kan. 2006); see also Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to

26 Interrogatory Nos. 27-44 and 45-60 By the MGA Parties, Hauler Dec., Exh. 43, at 9:4-8.

27 [379] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 20.

28

1  PERSON had access to; and (b) the date or dates each PERSON had this
2  access.[380]

3  **Interrogatory No. 22, MGA's Second Set of Interrogatories:** STATE
4  THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that
5  MGA misappropriated any ALLEGED TRADE SECRET.[381]

6  **Interrogatory No. 23, MGA's Second Set of Interrogatories:** STATE
7  THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that
8  the ALLEGED TRADE SECRETS are protectable.[382]

9  **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe
10  in detail the complete factual basis for YOUR COUNTERCLAIMS
11  including, without limitation all facts, DOCUMENTS, and witnesses that
12  REFER OR RELATE TO YOUR COUNTERCLAIMS.[383]

13  **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe
14  in detail any estimate or calculation of damage, loss, injury, or unjust
15  enrichment, by reason of any act or omission alleged in YOUR
16  COUNTERCLAIMS, that YOU have made or that has been made on
17  YOUR behalf or at YOUR request, including all facts, DOCUMENTS or
18  witnesses RELATING TO each estimate or calculation.[384]

19  **Interrogatory No. 3, MGA's First Set of Phase 2 Interrogatories:** If
20  your response to RFA No. 3 is anything other than an unqualified
21  admission, state for each MATTEL DOCUMENT that is a basis for such

---

[380] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 21.
[381] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 22.
[382] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 23.
[383] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 28.
[384] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 29.

RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES

1      response ANY facts that SUPPORT your response to RFA No. 3,

2      IDENTIFY ANY PERSONS with knowledge of such facts, and ANY

3      DOCUMENTS that REFER or RELATE to such facts. [385]

4      **Interrogatory No. 6, MGA's First Set of Phase 2 Interrogatories:**

5      IDENTIFY ANY damages YOU contend YOU have suffered as a result

6      of the alleged MISAPPROPRIATION of trade secrets alleged by YOU in

7      the Fourth Counterclaim of YOUR OPERATIVE COUNTERCLAIMS in

8      THIS ACTION. [386]

9      **Interrogatory No. 7, MGA's First Set of Phase 2 Interrogatories:**

10      IDENTIFY every MATTEL PRODUCT whose sales YOU contend were

11      harmed by MGA's sale of the Bratz line of dolls and products. [387]

12      **Interrogatory No. 8, MGA's First Set of Phase 2 Interrogatories:**

13      IDENTIFY every MATTEL PRODUCT whose sales YOU contend were

14      harmed by ANY act or omission of MGA alleged in YOU [sic]

15      OPERATIVE COUNTERCLAIMS. [388]

16      <u>Interrogatory No. 4 is of limited benefit to MGA Mexico.</u>  Mattel hereby

17 incorporates by reference Argument § II.C. This interrogatory is of limited value to

18 MGA Mexico in that it seeks information far broader than information relating to MGA

19 Mexico and the claims and defenses related to MGA Mexico. The Interrogatory relates

20 generally to MGA, not specifically to MGA Mexico. To the extent it seeks information

21 not related to MGA Mexico, MGA Mexico cannot realize any benefit from the

22 discovery.

23

24 [385]    See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 3.

25 [386]    See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 6.

26 [387]    See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 7.

27 [388]    See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 8.

28

1    Mattel properly reserved its right to supplement its response based on facts
2  learned in the future and expert discovery.  Mattel hereby incorporates by reference
3  Argument § III of its Opposition. To the extent the Interrogatory seeks information that
4  Mattel has not yet learned because of Defendants' obstructionism and information that
5  is the subject of expert discovery, Mattel properly reserved its right to supplement its
6  response based on any newly learned information and in accordance with the Federal
7  Rules and the Court's Orders governing expert disclosures.[389]

8    Mattel properly reserved its privilege objection. Mattel hereby incorporates by
9  reference Argument § IV of its Opposition.  To the extent the Interrogatory seeks
10  information protected by the attorney client privilege, Mattel timely objected to the
11  Interrogatory and preserved its objection.[390]

12  **INTERROGATORY NO. 5:**

13    State all facts, on a document-by-document basis by bates number,
14  which support YOUR contention that the trade secrets identified in response to
15  Request No. 1, above, derived independent economic value from not being generally
16  known to the public or other persons who can obtain economic value from its
17  disclosure or use, and IDENTIFY all PERSONS with knowledge of such facts and
18  all DOCUMENTS that REFER OR RELATE to such facts.

19  **RESPONSE TO INTERROGATORY NO. 5:**

20    In addition to the general objections stated above, Mattel specifically
21  objects to this Interrogatory on the grounds that it is unreasonably burdensome,
22  overbroad, including in that it purports to require Mattel to summarize all facts on
23  these subjects, despite defendants' own refusals to answer interrogatories with the
24  same or comparable language and in conflict with the Court's Orders of February
25  15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

26  

[389] See Opposition at Argument § III.
27  [390] See Opposition at Argument § IV.
28

1  facts on these subjects. Mattel further objects to this Interrogatory on the grounds
2  that it calls for the disclosure of information subject to the attorney-client privilege,
3  the attorney work-product doctrine and other applicable privileges. Mattel further
4  objects to this Interrogatory on the grounds that it calls for the disclosure of
5  confidential and/or proprietary information, which Mattel will disclose only subject
6  to and in reliance upon the operative protective order. Mattel further objects to this
7  Interrogatory as compound and seeks to require Mattel to separately and discretely
8  "state all facts *on a document-by-document basis* by bates number, which support
9  your contention that the trade secrets identified in response to Request No. 1, above,
10 derived independent economic value from not being generally known to the public
11 or other persons who can obtain economic value from its disclosure or use." As
12 such, the interrogatory is impermissibly compound and causes the total number of
13 interrogatories served during Phase 2 discovery to exceed the limits set by the
14 Federal Rules of Civil Procedure and the Court. In addition, Mattel objects that this
15 interrogatory is unduly burdensome and oppressive in that it is an impermissible
16 attempt to exceed the number of interrogatories propounded on behalf of Defendant
17 MGA.

18 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
19 **INTERROGATORY NO. 5 SHOULD BE COMPELLED:**

20        Mattel has refused to provide answers in response to this Interrogatory,
21 subject to its improper boilerplate objections. Under the Federal Rules of Civil
22 Procedure, "the grounds for objecting to an interrogatory must be stated with
23 specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the
24 basis for an objection with specificity are routinely rejected in the Central District.
25 See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)
26 ("general or boilerplate objections such as 'overly burdensome and harassing' are
27 improper – especially when a party fails to submit any evidentiary declarations
28 supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

1  186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

2  inadequate and tantamount to not making any objection at all"). To the extent that

3  Mattel is relying on its blanket objections, they are not sustainable and do not justify

4  Mattel's failure to respond.

5         Mattel also bases its refusal to respond on two equally unavailing

6  arguments with respect to the counting of interrogatories in an effort to avoid

7  responding to this and the other Interrogatories at Issue. First, Mattel asserts a non-

8  existent discovery limitation applies such that each *side* in the litigation may only

9  serve 25 interrogatories. This is the same argument that Mattel has made

10  unsuccessfully in the past. See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion

11  for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47

12  (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August

13  5, 2009). While Mattel continues to assert this meritless objection rather than

14  responding to this interrogatory, Mattel cannot identify a single factual or legal basis

15  to support it. To the contrary, Judge Larson has made clear that there is a "clean

16  slate" with respect to the Phase 2 discovery. Specifically, Judge Larson noted that

17  he has not placed any restrictions on discovery in Phase 2 other than those set by the

18  Rules of Civil Procedure. See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of

19  February 11, 2009 Hearing). Indeed, Discovery Master O'Brien has ████████

20  ███████████████████████████████████████████████████████████

21  ██████████████████████████████████████████████

22  ████████████████████  Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated

23  August 14, 2009). Indeed in that same order, Discovery Master O'Brien noted that

24  ███████████████████████████████████████████████████████████

25  █████████████████████████████████████████████████ Molinski

26  Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009). The ruling is

27  unsurprising as case law also supports this interpretation. See, e.g., St. Paul Fire and

28  Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.

1 │ Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking

2 │ down a local rule that allotted interrogatories on a "per side" basis); <u>Missouri</u>

3 │ <u>Republican Party v. Lamb</u>, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

4 │ established a scheduling plan that maintained a distinction between interrogatory

5 │ limitations by "party" and deposition limitations by "side."). Since this interrogatory

6 │ was propounded by MGA Entertainment (HK) and they have not propounded more

7 │ than 25 interrogatories, Mattel's objection should be overruled and Mattel must be

8 │ ordered to provide a substantive response.

9 │        To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit

10 │ is only entitled to propound 25 interrogatories, would produce a ludicrous result.

11 │ For example, under Mattel's reasoning all counsel, in a multi-defendant case where

12 │ each defendant is represented by their own counsel, all defendants' counsel would be

13 │ forced to agree on a single set of 25 interrogatories to propound on plaintiff. Such

14 │ an irrational result is not the intent of Rule 33, nor the federal discovery statutes. As

15 │ noted by Discovery Master O'Brien, ███████████████████████████

16 │ ████████████████████████████████████████████████

17 │ █████████████████████████████████████ Molinski Decl., Ex. 8 at

18 │ 171:7-9 (Order No. 46 dated August 14, 2009). Within this policy is the right of

19 │ each party in a litigation to serve written discovery. That the MGA parties happen

20 │ to be represented by the same counsel does not alter the analysis. Each party must

21 │ be allowed to serve 25 interrogatories and Mattel must be compelled to answer

22 │ them.

23 │        Mattel's second counting argument is that this interrogatory is

24 │ impermissibly compound. ████████████████████████████████

25 │ ████████████████████████████████████████████████

26 │ ████████████████████████████████████████████

27 │ ████████████████████████████ <u>See</u> Molinski Decl., Ex. 13 at 529

28 │ (Mattel's Motion for Protective Order dated June 29, 2009). ████████████

RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES

1 ████████████████████████████████████████████████

2 ████████████████████████████████████████████████

3 ████████████████████████████████████ See Molinski Decl., Ex. 8 at

4 171:23-26 (Order No. 46 dated August 14, 2009). Even when an interrogatory

5 contains subparts, it is still considered a single interrogatory when it relates to a

6 common theme. See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

7 Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

8 concerning a 'common theme' should generally be considered a single question.");

9 see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL

10 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question

11 regarding a common group of people" not compound (citing 8A Wright et al., Fed.

12 Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113

13 F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single

14 question ... even though it may call for an answer containing several separate bits of

15 information, if there is a direct relationship between the various bits of information

16 called for.").

17        This interrogatory seeks a narrative concerning a common theme. That

18 is, it seeks information concerning the alleged independent economic value of the

19 specific trade secrets that Mattel alleges were misappropriated – a key requirement

20 for a claim under the Uniform Trade Secrets Act. See California Civil Code § 3426.

21 1 (d)(1). This is also the exact information that Mattel is required to provide under

22 California law. See California Code of Civil Procedure § 2019.210 (mandating that

23 a party alleging the misappropriation identify each trade secret with reasonable

24 particularity). Indeed, the basis of the entire interrogatory is to seek information that

25 will ultimately allow MGA to defend against Mattel's trade secret misappropriation

26 claims and is crucial to that defense. It is virtually impossible to determine the

27 nature of Mattel's claims without a proper identification of what Mattel's claims its

28

1 | trade secrets to be.  As such, this interrogatory should be counted as a single
2 | interrogatory and Mattel should be ordered to respond.

3 | In addition, Mattel's bare assertion that MGA has "purports to require
4 | Mattel to summarize all facts on these subjects, despite defendants' own refusals to
5 | answer interrogatories with the same or comparable language" is not only
6 | unsupported and false, but immaterial – if this were true (and it is not), Mattel's
7 | obligation to fully respond to the Interrogatories would be unaffected.

8 | As to overbreadth, Mattel provides no explanation, let alone the
9 | required particularity, as to why this interrogatory is supposedly overly broad, nor
10 | can it do so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118
11 | (Order No. 17, dated April 14, 2009 (overruling objections not stated with
12 | specificity)).  To the contrary, the Interrogatory is narrowly tailored to seek
13 | responses concerning facts which support Mattel's contention that the trade secrets
14 | identified in response to Request No. 1 above, derived independent economic value
15 | from not being generally known.

16 | As to burden, Mattel has not attempted to demonstrate why responding
17 | to this Interrogatory presents any burden.  This objection must therefore be rejected.
18 | See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.
19 | 1997) ("The party claiming that a discovery request is unduly burdensome must
20 | allege specific facts which indicate the nature and extent of the burden, usually by
21 | affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as
22 | noted above, in that the Interrogatory is narrowly tailored to seek only discoverable
23 | evidence.

24 | This Interrogatory does not seek responses protected by the attorney-
25 | client privilege, the attorney work product doctrine, or other applicable privileges.
26 | To the extent that Mattel contends that it does, it does not excuse Mattel from
27 | responding with any non-privileged information.  Additionally, to the extent that
28 | such privileged material exists, Mattel must provide a privilege log.

1       Mattel objects that the Interrogatory contains confidential and/or

2 proprietary information. A Protective Order exists in this case, obviating any

3 concern as to protection of privacy rights and/or commercially sensitive

4 information. Also, this Interrogatory does not seek information violative of any

5 third party's rights of privacy. The facts, persons, and documents responsive to this

6 Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,

7 and as Mattel itself previously has argued, any privacy issues are fully addressed by

8 the Protective Order.

9       In short, Mattel's objections are uniformly without merit and frivolous.

10 The Discovery Master should order Mattel to provide a substantive response to

11 Interrogatory No. 5 without objection.

12 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

13 **INTERROGATORY NO. 5 IS NOT WARRANTED**

14     <u>Defendants have exceeded their Phase 2 Interrogatory limit.</u> Mattel hereby

15 incorporates by reference Argument § I of its Opposition. For the reasons set forth

16 more fully in Argument § I of its Opposition, the Discovery Master should set the

17 interrogatory limit per side, as opposed to per party, consistent with the Court's

18 previous rulings in this case, applicable case law and basic fairness.[391]

19     Moreover, even if a "per party" rule were to apply, MGA Mexico clearly has

20 exceeded its limit of 25 interrogatories because it has served 11 separately-numbered

21 interrogatories, several of which are compound and address discrete issues. <u>See</u>

22 Opposition at Argument § 1.B. For example, MGA Mexico Interrogatory No. 11

23 counts as dozens of interrogatories under the law. Likewise, Interrogatory No. 10

24 counts as at least dozen of interrogatories under the law. Because its interrogatories are

25 compound, MGA Mexico has exceeded any putative 25 interrogatory limit that applies

26 to it.

27

---

[391]   <u>See</u> Opposition at Argument § I.

28

1  Interrogatory No. 5 is compound. Mattel hereby incorporates by reference

2  Argument § I.B-C of its Opposition. Interrogatory No. 5 purports to require a

3  particularized response "on a document-by-document" basis, and there are many

4  hundreds of such documents at issue. Therefore, this interrogatory is severely

5  compound.

6  Interrogatory No. 5 is unduly burdensome because it requires Mattel to identify

7  "all" facts, persons and documents. Mattel hereby incorporates by reference Argument

8  § II of its Opposition. Consistent with the Discovery Master's prior rulings and

9  applicable case law, Interrogatory No. 5 is unduly burdensome to the extent it requires

10  Mattel to identify "all" facts, persons and documents.[392] It is also unduly burdensome

11  to the extent it will require Mattel to state "all facts, on a document-by-document basis

12  by bates number." Complying with the request as written will be unduly

13  burdensome.[393] The Discovery Master has found that "[f]aced with overbroad and

14  unduly burdensome interrogatories," a party properly may limit its response to "facts

15  supporting the contentions identified in the interrogatories, identif[ying] persons with

16  knowledge of the those facts, and identif[ying] the principal documents or categories of

17  documents that support each contention."[394]

18  Interrogatory No. 5 is unduly burdensome because it is cumulative of other

19  interrogatories served on Mattel. Mattel hereby incorporates by reference Argument §

20  II.B. This interrogatory is simply an attempt to force Mattel to repackage information

21  that it has already provided again and again to Defendants. For example, the

22  interrogatory is cumulative of the following interrogatories:

23  _____

24  [392]  See Opposition at Argument § II.A.
   [393]  Searcy Dec., ¶ 3.

25  [394]  See Order Denying Mattel's Motion To Compel Responses to Interrogatory
   Nos. 27-33, 36-40, 42, 45 and 47 by Carter Bryant, Hauler Dec., Exh. 28 at 4:11-14
26  (citing Moses v. Halstead, 236 F.R.D. 667, 674 (D. Kan. 2006); see also Order
   Granting in Part and Denying in Part Mattel's Motion to Compel Responses to
27  Interrogatory Nos. 27-44 and 45-60 By the MGA Parties, Hauler Dec., Exh. 43, at
   9:4-8.

28

1      **Interrogatory No. 20, MGA's Second Set of Interrogatories:**

2      IDENTIFY with specificity each ALLEGED TRADE SECRET, including

3      the IDENTITY of each DOCUMENT that embodies or REFERS OR

4      RELATES to each ALLEGED TRADE SECRET.[395]

5      **Interrogatory No. 21, MGA's Second Set of Interrogatories:**

6      IDENTIFY each PERSON who has had access to each ALLEGED

7      TRADE SECRET, including (a) the ALLEGED TRADE SECRET each

8      PERSON had access to; and (b) the date or dates each PERSON had this

9      access.[396]

10      **Interrogatory No. 22, MGA's Second Set of Interrogatories:** STATE

11      THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that

12      MGA misappropriated any ALLEGED TRADE SECRET.[397]

13      **Interrogatory No. 23, MGA's Second Set of Interrogatories:** STATE

14      THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that

15      the ALLEGED TRADE SECRETS are protectable.[398]

16      **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe

17      in detail the complete factual basis for YOUR COUNTERCLAIMS

18      including, without limitation all facts, DOCUMENTS, and witnesses that

19      REFER OR RELATE TO YOUR COUNTERCLAIMS.[399]

20      **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe

21      in detail any estimate or calculation of damage, loss, injury, or unjust

---

[395] _See_ MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 20.

[396] _See_ MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 21.

[397] _See_ MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 22.

[398] _See_ MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 23.

[399] _See_ MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 28.

enrichment, by reason of any act or omission alleged in YOUR COUNTERCLAIMS, that YOU have made or that has been made on YOUR behalf or at YOUR request, including all facts, DOCUMENTS or witnesses RELATING TO each estimate or calculation. [400]

**Interrogatory No. 3, MGA's First Set of Phase 2 Interrogatories:** If your response to RFA No. 3 is anything other than an unqualified admission, state for each MATTEL DOCUMENT that is a basis for such response ANY facts that SUPPORT your response to RFA No. 3, IDENTIFY ANY PERSONS with knowledge of such facts, and ANY DOCUMENTS that REFER or RELATE to such facts. [401]

**Interrogatory No. 6, MGA's First Set of Phase 2 Interrogatories:** IDENTIFY ANY damages YOU contend YOU have suffered as a result of the alleged MISAPPROPRIATION of trade secrets alleged by YOU in the Fourth Counterclaim of YOUR OPERATIVE COUNTERCLAIMS in THIS ACTION. [402]

**Interrogatory No. 7, MGA's First Set of Phase 2 Interrogatories:** IDENTIFY every MATTEL PRODUCT whose sales YOU contend were harmed by MGA's sale of the Bratz line of dolls and products. [403]

**Interrogatory No. 8, MGA's First Set of Phase 2 Interrogatories:** IDENTIFY every MATTEL PRODUCT whose sales YOU contend were

---

[400] _See_ MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 29.
[401] _See_ MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 3.
[402] _See_ MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 6.
[403] _See_ MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 7.

1             harmed by ANY act or omission of MGA alleged in YOU [sic]

2             OPERATIVE COUNTERCLAIMS.[404]

3       <u>Interrogatory No. 5 is of limited benefit to MGA Mexico.</u>  Mattel hereby

4 incorporates by reference Argument § II.C. This interrogatory is of limited value to

5 MGA Mexico in that it seeks information far broader than information relating to MGA

6 Mexico and the claims and defenses related to MGA Mexico. The Interrogatory relates

7 generally to MGA, not specifically to MGA Mexico. To the extent it seeks information

8 not related to MGA Mexico, MGA Mexico cannot realize any benefit from the

9 discovery.

10       <u>Mattel properly reserved its right to supplement its response based on facts</u>

11 <u>learned in the future and expert discovery.</u>  Mattel hereby incorporates by reference

12 Argument § III of its Opposition. To the extent the Interrogatory seeks information that

13 Mattel has not yet learned because of Defendants' obstructionism and information that

14 is the subject of expert discovery, Mattel properly reserved its right to supplement its

15 response based on any newly learned information and in accordance with the Federal

16 Rules and the Court's Orders governing expert disclosures.[405]

17       <u>Mattel properly reserved its privilege objection.</u>  Mattel hereby incorporates by

18 reference Argument § IV of its Opposition. To the extent the Interrogatory seeks

19 information protected by the attorney client privilege, Mattel timely objected to the

20 Interrogatory and preserved its objection.[406]

21 **INTERROGATORY NO. 6:**

22       State all facts on a document-by-document basis by bates number,

23 which support YOUR contention that the trade secrets identified in responses to

24 Request No. 1, above, was not known to the public or to PERSONS who can obtain

25

26 [404]   <u>See</u> MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at
Interrogatory No. 8.

27 [405]   <u>See</u> Opposition at Argument § III.
[406]   <u>See</u> Opposition at Argument § IV.

28

1  economic value from its disclosure or use, and IDENTIFY all PERSONS with

2  knowledge of such facts and all DOCUMENTS that REFER OR RELATE to such

3  facts.

4  **RESPONSE TO INTERROGATORY NO. 6:**

5       In addition to the general objections stated above, Mattel specifically

6  objects to this Interrogatory on the grounds that it is unreasonably burdensome,

7  overbroad, including in that it purports to require Mattel to summarize all facts on

8  these subjects, despite defendants' own refusals to answer interrogatories with the

9  same or comparable language and in conflict with the Court's Orders of February

10  15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all

11  facts on these subjects. Mattel further objects to this Interrogatory on the grounds

12  that it calls for the disclosure of information subject to the attorney-client privilege,

13  the attorney work-product doctrine and other applicable privileges. Mattel further

14  objects to this Interrogatory on the grounds that it calls for the disclosure of

15  confidential and/or proprietary information, which Mattel will disclose only subject

16  to and in reliance upon the operative protective order. Mattel further objects to this

17  Interrogatory as compound and seeks to require Mattel to separately and discretely

18  "state all facts *on a document-by-document basis* by bates number, which support

19  your contention that the trade secrets identified in responses to Request No. 1,

20  above, was not known to the public or to PERSONS who can obtain economic value

21  from its disclosure or use." As such, the interrogatory is impermissibly compound

22  and causes the total number of interrogatories served during Phase 2 discovery to

23  exceed the limits set by the Federal Rules of Civil Procedure and the Court. In

24  addition, Mattel objects that this interrogatory is unduly burdensome and oppressive

25  in that it is an impermissible attempt to exceed the number of interrogatories

26  propounded on behalf of Defendant MGA.

27

28

07975/3132917.1

RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES

1 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
2 **INTERROGATORY NO. 6 SHOULD BE COMPELLED:**

3         Mattel has refused to provide answers in response to this Interrogatory,
4 subject to its improper boilerplate objections. Under the Federal Rules of Civil
5 Procedure, "the grounds for objecting to an interrogatory must be stated with
6 specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the
7 basis for an objection with specificity are routinely rejected in the Central District.
8 See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)
9 ("general or boilerplate objections such as 'overly burdensome and harassing' are
10 improper – especially when a party fails to submit any evidentiary declarations
11 supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,
12 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are
13 inadequate and tantamount to not making any objection at all"). To the extent that
14 Mattel is relying on its blanket objections, they are not sustainable and do not justify
15 Mattel's failure to respond.

16         Mattel also bases its refusal to respond on two equally unavailing
17 arguments with respect to the counting of interrogatories in an effort to avoid
18 responding to this and the other Interrogatories at Issue. First, Mattel asserts a non-
19 existent discovery limitation applies such that each *side* in the litigation may only
20 serve 25 interrogatories. This is the same argument that Mattel has made
21 unsuccessfully in the past. See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion
22 for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47
23 (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August
24 5, 2009). While Mattel continues to assert this meritless objection rather than
25 responding to this interrogatory, Mattel cannot identify a single factual or legal basis
26 to support it. To the contrary, Judge Larson has made clear that there is a "clean
27 slate" with respect to the Phase 2 discovery. Specifically, Judge Larson noted that
28 he has not placed any restrictions on discovery in Phase 2 other than those set by the

1   Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of

2   February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has ▌▌▌▌▌▌▌

3   ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

4   ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

5   ▌▌▌▌▌▌▌▌▌▌▌▌▌  Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated

6   August 14, 2009).  Indeed in that same order, Discovery Master O'Brien noted that

7   ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

8   ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌  Molinski

9   Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009).  The ruling is

10  unsurprising as case law also supports this interpretation.  See, e.g., St. Paul Fire and

11  Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.

12  Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking

13  down a local rule that allotted interrogatories on a "per side" basis); Missouri

14  Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

15  established a scheduling plan that maintained a distinction between interrogatory

16  limitations by "party" and deposition limitations by "side.").  Since this interrogatory

17  was propounded by MGA Entertainment (HK) and they have not propounded more

18  than 25 interrogatories, Mattel's objection should be overruled and Mattel must be

19  ordered to provide a substantive response.

20          To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit

21  is only entitled to propound 25 interrogatories, would produce a ludicrous result.

22  For example, under Mattel's reasoning all counsel, in a multi-defendant case where

23  each defendant is represented by their own counsel, all defendants' counsel would be

24  forced to agree on a single set of 25 interrogatories to propound on plaintiff.  Such

25  an irrational result is not the intent of Rule 33, nor the federal discovery statutes.  As

26  noted by Discovery Master O'Brien, ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

27  ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

28  ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌  Molinski Decl., Ex. 8 at

1 | 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is the right of
2 | each party in a litigation to serve written discovery.  That the MGA parties happen
3 | to be represented by the same counsel does not alter the analysis.  Each party must
4 | be allowed to serve 25 interrogatories and Mattel must be compelled to answer
5 | them.

6 |        Mattel's second counting argument is that this interrogatory is
7 | impermissibly compound. ███████████████████████████
8 | ████████████████████████████████████████████████
9 | ████████████████████████████████████████████████
10 | ███████████████████████████████ See Molinski Decl., Ex. 13 at 529
11 | (Mattel's Motion for Protective Order dated June 29, 2009). ████████
12 | ████████████████████████████████████████████████
13 | ████████████████████████████████████████████████
14 | ████████████████████████████████ See Molinski Decl., Ex. 8 at
15 | 171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory
16 | contains subparts, it is still considered a single interrogatory when it relates to a
17 | common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.
18 | Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details
19 | concerning a 'common theme' should generally be considered a single question.");
20 | see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL
21 | 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question
22 | regarding a common group of people" not compound (citing 8A Wright et al., Fed.
23 | Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113
24 | F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single
25 | question ...  even though it may call for an answer containing several separate bits of
26 | information, if there is a direct relationship between the various bits of information
27 | called for.").
28 |

1    This interrogatory seeks a narrative concerning a common theme. That
2 is, it seeks information concerning the disclosure of the specific trade secrets that
3 Mattel alleges were misappropriated – a key requirement for a claim under the
4 Uniform Trade Secrets Act. See California Civil Code § 3426. 1. This is the exact
5 information that Mattel is required to provide under California law. See California
6 Code of Civil Procedure § 2019.2 10 (mandating that a party alleging the
7 misappropriation identify each trade secret with reasonable particularity). Indeed,
8 the basis of the entire interrogatory is to seek information that will ultimately allow
9 MGA to defend against Mattel's trade secret misappropriation claims and is crucial
10 to that defense. It is virtually impossible to determine the nature of Mattel's claims
11 without a proper identification of what Mattel's claims its trade secrets to be. As
12 such, this interrogatory should be counted as a single interrogatory and Mattel
13 should be ordered to respond.

14    In addition, Mattel's bare assertion that MGA has "purports to require
15 Mattel to summarize all facts on these subjects, despite defendants' own refusals to
16 answer interrogatories with the same or comparable language" is not only
17 unsupported and false, but immaterial – if this were true (and it is not), Mattel's
18 obligation to fully respond to the Interrogatories would be unaffected.

19    As to overbreadth, Mattel provides no explanation, let alone the
20 required particularity, as to why this interrogatory is supposedly overly broad, nor
21 can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118
22 (Order No. 17, dated April 14, 2009 (overruling objections not stated with
23 specificity)). To the contrary, the Interrogatory is narrowly tailored to seek
24 responses concerning facts which support Mattel's contention that the trade secrets
25 identified in responses to Request No. 1, above, was not known to the public or to
26 persons who can obtain economic value from its disclosure.

27    As to burden, Mattel has not attempted to demonstrate why responding
28 to this Interrogatory presents any burden. This objection must therefore be rejected.

1  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

2  1997) ("The party claiming that a discovery request is unduly burdensome must

3  allege specific facts which indicate the nature and extent of the burden, usually by

4  affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as

5  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable

6  evidence.

7  This Interrogatory does not seek responses protected by the attorney-

8  client privilege, the attorney work product doctrine, or other applicable privileges.

9  To the extent that Mattel contends that it does, it does not excuse Mattel from

10  responding with any non-privileged information. Additionally, to the extent that

11  such privileged material exists, Mattel must provide a privilege log.

12  Mattel objects that the Interrogatory contains confidential and/or

13  proprietary information. A Protective Order exists in this case, obviating any

14  concern as to protection of privacy rights and/or commercially sensitive

15  information. Also, this Interrogatory does not seek information violative of any

16  third party's rights of privacy. The facts, persons, and documents responsive to this

17  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,

18  and as Mattel itself previously has argued, any privacy issues are fully addressed by

19  the Protective Order.

20  In short, Mattel's objections are uniformly without merit and frivolous.

21  The Discovery Master should order Mattel to provide a substantive response to

22  Interrogatory No. 6 without objection.

23  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

24  **INTERROGATORY NO. 6 IS NOT WARRANTED**

25  Defendants have exceeded their Phase 2 Interrogatory limit. Mattel hereby

26  incorporates by reference Argument § I of its Opposition. For the reasons set forth

27  more fully in Argument § I of its Opposition, the Discovery Master should set the

28

07975/3132917.1

RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES

1  interrogatory limit per side, as opposed to per party, consistent with the Court's

2  previous rulings in this case, applicable case law and basic fairness.[407]

3  Moreover, even if a "per party" rule were to apply, MGA Mexico clearly has

4  exceeded its limit of 25 interrogatories because it has served 11 separately-numbered

5  interrogatories, several of which are compound and address discrete issues. See

6  Opposition at Argument § 1.B. For example, MGA Mexico Interrogatory No. 11

7  counts as dozens of interrogatories under the law. Likewise, Interrogatory No. 10

8  counts as at least dozen of interrogatories under the law. Because its interrogatories are

9  compound, MGA Mexico has exceeded any putative 25 interrogatory limit that applies

10  to it.

11  Interrogatory No. 6 is compound. Mattel hereby incorporates by reference

12  Argument § I.B-C of its Opposition. Interrogatory No. 6 purports to require a

13  particularized response "on a document-by-document" basis, and there are many

14  hundreds of such documents at issue. Therefore, this interrogatory is severely

15  compound.

16  Interrogatory No. 6 is unduly burdensome because it requires Mattel to identify

17  "all" facts, persons and documents. Mattel hereby incorporates by reference Argument

18  § II of its Opposition. Consistent with the Discovery Master's prior rulings and

19  applicable case law, Interrogatory No. 6 is unduly burdensome to the extent it requires

20  Mattel to identify "all" facts, persons and documents.[408] It is also unduly burdensome

21  to the extent it will require Mattel to state "all facts, on a document-by-document basis

22  by bates number." Complying with the request as written will be unduly

23  burdensome.[409] The Discovery Master has found that "[f]aced with overbroad and

24  unduly burdensome interrogatories," a party properly may limit its response to "facts

25  supporting the contentions identified in the interrogatories, identif[ying] persons with

26  _____
   [407] See Opposition at Argument § I.

27  [408] See Opposition at Argument § II.A.

28  [409] Searcy Dec., ¶ 3.

1 | knowledge of the those facts, and identif[ying] the principal documents or categories of
2 | documents that support each contention."[410]

3 |   Interrogatory No. 6 is unduly burdensome because it is cumulative of other
4 | interrogatories served on Mattel. Mattel hereby incorporates by reference Argument §
5 | II.B. This interrogatory is simply an attempt to force Mattel to repackage information
6 | that it has already provided again and again to Defendants. For example, the
7 | interrogatory is cumulative of the following interrogatories:

8 |     **Interrogatory No. 20, MGA's Second Set of Interrogatories:**
9 |     IDENTIFY with specificity each ALLEGED TRADE SECRET, including
10 |     the IDENTITY of each DOCUMENT that embodies or REFERS OR
11 |     RELATES to each ALLEGED TRADE SECRET.[411]

12 |     **Interrogatory No. 21, MGA's Second Set of Interrogatories:**
13 |     IDENTIFY each PERSON who has had access to each ALLEGED
14 |     TRADE SECRET, including (a) the ALLEGED TRADE SECRET each
15 |     PERSON had access to; and (b) the date or dates each PERSON had this
16 |     access.[412]

17 |     **Interrogatory No. 22, MGA's Second Set of Interrogatories:** STATE
18 |     THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that
19 |     MGA misappropriated any ALLEGED TRADE SECRET.[413]

20 |

21 |

---

[410]  See Order Denying Mattel's Motion To Compel Responses to Interrogatory Nos. 27-33, 36-40, 42, 45 and 47 by Carter Bryant, Hauler Dec., Exh. 28 at 4:11-14 (citing Moses v. Halstead, 236 F.R.D. 667, 674 (D. Kan. 2006); see also Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 45-60 By the MGA Parties, Hauler Dec., Exh. 43, at 9:4-8.

[411]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 20.

[412]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 21.

[413]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 22.

1         **Interrogatory No. 23, MGA's Second Set of Interrogatories:** STATE

2         THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that

3         the ALLEGED TRADE SECRETS are protectable. [414]

4         **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe

5         in detail the complete factual basis for YOUR COUNTERCLAIMS

6         including, without limitation all facts, DOCUMENTS, and witnesses that

7         REFER OR RELATE TO YOUR COUNTERCLAIMS. [415]

8         **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe

9         in detail any estimate or calculation of damage, loss, injury, or unjust

10        enrichment, by reason of any act or omission alleged in YOUR

11        COUNTERCLAIMS, that YOU have made or that has been made on

12        YOUR behalf or at YOUR request, including all facts, DOCUMENTS or

13        witnesses RELATING TO each estimate or calculation. [416]

14        **Interrogatory No. 3, MGA's First Set of Phase 2 Interrogatories:** If

15        your response to RFA No. 3 is anything other than an unqualified

16        admission, state for each MATTEL DOCUMENT that is a basis for such

17        response ANY facts that SUPPORT your response to RFA No. 3,

18        IDENTIFY ANY PERSONS with knowledge of such facts, and ANY

19        DOCUMENTS that REFER or RELATE to such facts. [417]

20        **Interrogatory No. 6, MGA's First Set of Phase 2 Interrogatories:**

21        IDENTIFY ANY damages YOU contend YOU have suffered as a result

22        of the alleged MISAPPROPRIATION of trade secrets alleged by YOU in

23

24   [414]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 23.

25   [415]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 28.

26   [416]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 29.

27   [417]  See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at

28   Interrogatory No. 3.

1    the Fourth Counterclaim of YOUR OPERATIVE COUNTERCLAIMS in

2    THIS ACTION. [418]

3    **Interrogatory No. 7, MGA's First Set of Phase 2 Interrogatories:**

4    IDENTIFY every MATTEL PRODUCT whose sales YOU contend were

5    harmed by MGA's sale of the Bratz line of dolls and products. [419]

6    **Interrogatory No. 8, MGA's First Set of Phase 2 Interrogatories:**

7    IDENTIFY every MATTEL PRODUCT whose sales YOU contend were

8    harmed by ANY act or omission of MGA alleged in YOU [sic]

9    OPERATIVE COUNTERCLAIMS. [420]

10    <u>Interrogatory No. 6 is of limited benefit to MGA Mexico.</u>   Mattel hereby

11    incorporates by reference Argument § II.C. This interrogatory is of limited value to

12    MGA Mexico in that it seeks information far broader than information relating to MGA

13    Mexico and the claims and defenses related to MGA Mexico. The Interrogatory relates

14    generally to MGA, not specifically to MGA Mexico. To the extent it seeks information

15    not related to MGA Mexico, MGA Mexico cannot realize any benefit from the

16    discovery.

17    <u>Mattel properly reserved its right to supplement its response based on facts</u>

18    <u>learned in the future and expert discovery.</u>  Mattel hereby incorporates by reference

19    Argument § III of its Opposition. To the extent the Interrogatory seeks information that

20    Mattel has not yet learned because of Defendants' obstructionism and information that

21    is the subject of expert discovery, Mattel properly reserved its right to supplement its

22

23

24

---

25    [418] <u>See</u> MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 6.

26    [419] <u>See</u> MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 7.

27    [420] <u>See</u> MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 8.

28

1 | response based on any newly learned information and in accordance with the Federal
2 | Rules and the Court's Orders governing expert disclosures.[421]

3 |      <u>Mattel properly reserved its privilege objection.</u> Mattel hereby incorporates by
4 | reference Argument § IV of its Opposition. To the extent the Interrogatory seeks
5 | information protected by the attorney client privilege, Mattel timely objected to the
6 | Interrogatory and preserved its objection.[422]

7 | **INTERROGATORY NO. 7:**

8 |      State all facts, on a document-by-document basis by bates number, that
9 | support YOUR contention that the trade secrets identified in response to Request
10 | No. 1, above, were the subject of efforts that are reasonable under the circumstances
11 | to maintain its secrecy, and IDENTIFY all PERSONS with knowledge of such facts
12 | and all DOCUMENTS that REFER OR RELATE to such facts.

13 | **RESPONSE TO INTERROGATORY NO. 7:**

14 |      In addition to the general objections stated above, Mattel specifically
15 | objects to this Interrogatory on the grounds that it is unreasonably burdensome,
16 | overbroad, including in that it purports to require Mattel to summarize all facts on
17 | these subjects, despite defendants' own refusals to answer interrogatories with the
18 | same or comparable language and in conflict with the Court's Orders of February
19 | 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all
20 | facts on these subjects. Mattel further objects to this Interrogatory on the grounds
21 | that it calls for the disclosure of information subject to the attorney-client privilege,
22 | the attorney work-product doctrine and other applicable privileges. Mattel further
23 | objects to this Interrogatory on the grounds that it calls for the disclosure of
24 | confidential and/or proprietary information, which Mattel will disclose only subject
25 | to and in reliance upon the operative protective order. Mattel further objects to this

26 |

27 | [421] <u>See</u> Opposition at Argument § III.
   [422] <u>See</u> Opposition at Argument § IV.

28 |

07975/3132917.1

-307-
RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES

1 Interrogatory as compound and seeks to require Mattel to separately and discretely

2 "state all facts *on a document-by-document basis* by bates number, which support

3 your contention that the trade secrets identified in responses to Request No. 1,

4 above, were the subject of efforts that are reasonable under the circumstances to

5 maintain its secrecy." As such, the interrogatory is impermissibly compound and

6 causes the total number of interrogatories served during Phase 2 discovery to exceed

7 the limits set by the Federal Rules of Civil Procedure and the Court. In addition,

8 Mattel objects that this interrogatory is unduly burdensome and oppressive in that it

9 is an impermissible attempt to exceed the number of interrogatories propounded on

10 behalf of Defendant MGA.

11 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

12 **INTERROGATORY NO. 7 SHOULD BE COMPELLED:**

13       Mattel has refused to provide answers in response to this Interrogatory,

14 subject to its improper boilerplate objections. Under the Federal Rules of Civil

15 Procedure, "the grounds for objecting to an interrogatory must be stated with

16 specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the

17 basis for an objection with specificity are routinely rejected in the Central District.

18 See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (

19 "general or boilerplate objections such as 'overly burdensome and harassing' are

20 improper – especially when a party fails to submit any evidentiary declarations

21 supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

22 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

23 inadequate and tantamount to not making any objection at all"). To the extent that

24 Mattel is relying on its blanket objections, they are not sustainable and do not justify

25 Mattel's failure to respond.

26       Mattel also bases its refusal to respond on two equally unavailing

27 arguments with respect to the counting of interrogatories in an effort to avoid

28 responding to this and the other Interrogatories at Issue. First, Mattel asserts a non-

-308-

RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES

1   existent discovery limitation applies such that each **side** in the litigation may only

2   serve 25 interrogatories.  This is the same argument that Mattel has made

3   unsuccessfully in the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion

4   for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47

5   (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August

6   5, 2009).  While Mattel continues to assert this meritless objection rather than

7   responding to this interrogatory, Mattel cannot identify a single factual or legal basis

8   to support it.  To the contrary, Judge Larson has made clear that there is a "clean

9   slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson noted that

10  he has not placed any restrictions on discovery in Phase 2 other than those set by the

11  Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of

12  February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has ▮▮▮▮▮▮▮

13  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

15  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated

16  August 14, 2009).  Indeed in that same order, Discovery Master O'Brien noted that

17  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

18  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Molinski

19  Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009).  The ruling is

20  unsurprising as case law also supports this interpretation.  See, e.g., St. Paul Fire and

21  Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.

22  Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking

23  down a local rule that allotted interrogatories on a "per side" basis); Missouri

24  Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

25  established a scheduling plan that maintained a distinction between interrogatory

26  limitations by "party" and deposition limitations by "side.").  Since this interrogatory

27  was propounded by MGA Entertainment (HK) and they have not propounded more

28

1 | than 25 interrogatories, Mattel's objection should be overruled and Mattel must be
2 | ordered to provide a substantive response.

3 | To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit
4 | is only entitled to propound 25 interrogatories, would produce a ludicrous result.
5 | For example, under Mattel's reasoning all counsel, in a multi-defendant case where
6 | each defendant is represented by their own counsel, all defendants' counsel would be
7 | forced to agree on a single set of 25 interrogatories to propound on plaintiff. Such
8 | an irrational result is not the intent of Rule 33, nor the federal discovery statutes. As
9 | noted by Discovery Master O'Brien, ███████████████████████
10 | ████████████████████████████████████████
11 | ██████████████████████████████ Molinski Decl., Ex. 8 at
12 | 171:7-9 (Order No. 46 dated August 14, 2009). Within this policy is the right of
13 | each party in a litigation to serve written discovery. That the MGA parties happen
14 | to be represented by the same counsel does not alter the analysis. Each party must
15 | be allowed to serve 25 interrogatories and Mattel must be compelled to answer
16 | them.

17 | Mattel's second counting argument is that this interrogatory is
18 | impermissibly compound. ██████████████████████
19 | ████████████████████████████████████████
20 | ███████████████████████████████████
21 | ████████████████████████ See Molinski Decl., Ex. 13 at 529
22 | (Mattel's Motion for Protective Order dated June 29, 2009). ████████████
23 | ████████████████████████████████████████
24 | ███████████████████████████████████
25 | ██████████████████████████ See Molinski Decl., Ex. 8 at
26 | 171:23-26 (Order No. 46 dated August 14, 2009). Even when an interrogatory
27 | contains subparts, it is still considered a single interrogatory when it relates to a
28 | common theme. See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

1   Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details
2   concerning a 'common theme' should generally be considered a single question.");
3   see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL
4   318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question
5   regarding a common group of people" not compound (citing 8A Wright et al., Fed.
6   Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113
7   F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single
8   question ... even though it may call for an answer containing several separate bits of
9   information, if there is a direct relationship between the various bits of information
10   called for.").

11          This interrogatory seeks a narrative concerning a common theme.  That
12   is, it seeks information concerning whether the purported trade secrets were, in fact,
13   kept secret – a key requirement for a claim under the Uniform Trade Secrets Act.
14   See California Civil Code § 3426. 1.  This is the exact information that Mattel is
15   required to provide under California law.  See California Code of Civil Procedure §
16   2019.210 (mandating that a party alleging the misappropriation identify each trade
17   secret with reasonable particularity).  Indeed, the basis of the entire interrogatory is
18   to seek information that will ultimately allow MGA to defend against Mattel's trade
19   secret misappropriation claims and is crucial to that defense.  It is virtually
20   impossible to determine the nature of Mattel's claims without a proper identification
21   of what Mattel's claims its trade secrets to be.  As such, this interrogatory should be
22   counted as a single interrogatory and Mattel should be ordered to respond.

23          In addition, Mattel's bare assertion that MGA has "purports to require
24   Mattel to summarize all facts on these subjects, despite defendants' own refusals to
25   answer interrogatories with the same or comparable language" is not only
26   unsupported and false, but immaterial – if this were true (and it is not), Mattel's
27   obligation to fully respond to the Interrogatories would be unaffected.

28

1  As to overbreadth, Mattel provides no explanation, let alone the
2  required particularity, as to why this interrogatory is supposedly overly broad, nor
3  can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118
4  (Order No. 17, dated April 14, 2009 (overruling objections not stated with
5  specificity)). To the contrary, the Interrogatory is narrowly tailored to seek
6  responses concerning facts that support Mattel's contention that the trade secrets
7  identified in response to Request No. 1, above, were the subject of efforts that are
8  reasonable under the circumstances to maintain its secrecy.

9  As to burden, Mattel has not attempted to demonstrate why responding
10 to this Interrogatory presents any burden. This objection must therefore be rejected.
11 See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.
12 1997) ("The party claiming that a discovery request is unduly burdensome must
13 allege specific facts which indicate the nature and extent of the burden, usually by
14 affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as
15 noted above, in that the Interrogatory is narrowly tailored to seek only discoverable
16 evidence.

17 This Interrogatory does not seek responses protected by the attorney-
18 client privilege, the attorney work product doctrine, or other applicable privileges.
19 To the extent that Mattel contends that it does, it does not excuse Mattel from
20 responding with any non-privileged information. Additionally, to the extent that
21 such privileged material exists, Mattel must provide a privilege log.

22 Mattel objects that the Interrogatory contains confidential and/or
23 proprietary information. A Protective Order exists in this case, obviating any
24 concern as to protection of privacy rights and/or commercially sensitive
25 information. Also, this Interrogatory does not seek information violative of any
26 third party's rights of privacy. The facts, persons, and documents responsive to this
27 Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,
28

1 | and as Mattel itself previously has argued, any privacy issues are fully addressed by
2 | the Protective Order.

3 |    In short, Mattel's objections are uniformly without merit and frivolous.
4 | The Discovery Master should order Mattel to provide a substantive response to
5 | Interrogatory No. 7 without objection.

6 | **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
7 | **INTERROGATORY NO. 7 IS NOT WARRANTED**

8 |    <u>Defendants have exceeded their Phase 2 Interrogatory limit.</u>  Mattel hereby
9 | incorporates by reference Argument § I of its Opposition.  For the reasons set forth
10 | more fully in Argument § I of its Opposition, the Discovery Master should set the
11 | interrogatory limit per side, as opposed to per party, consistent with the Court's
12 | previous rulings in this case, applicable case law and basic fairness.[423]

13 |    Moreover, even if a "per party" rule were to apply, MGA Mexico clearly has
14 | exceeded its limit of 25 interrogatories because it has served 11 separately-numbered
15 | interrogatories, several of which are compound and address discrete issues.  <u>See</u>
16 | Opposition at Argument § 1.B.  For example, MGA Mexico Interrogatory No. 11
17 | counts as dozens of interrogatories under the law.  Likewise, Interrogatory No. 10
18 | counts as at least dozen of interrogatories under the law.  Because its interrogatories are
19 | compound, MGA Mexico has exceeded any putative 25 interrogatory limit that applies
20 | to it.

21 |    <u>Interrogatory No. 7 is compound.</u>  Mattel hereby incorporates by reference
22 | Argument § I.B-C of its Opposition.  Interrogatory No. 7 purports to require a
23 | particularized response "on a document-by-document" basis, and there are many
24 | hundreds of such documents at issue.  Therefore, this interrogatory is severely
25 | compound.

26 |
27 | ──────────
[423] <u>See</u> Opposition at Argument § I.
28 |

-313-

1  Interrogatory No. 7 is unduly burdensome because it requires Mattel to identify

2  "all" facts, persons and documents. Mattel hereby incorporates by reference Argument

3  § II of its Opposition. Consistent with the Discovery Master's prior rulings and

4  applicable case law, Interrogatory No. 7 is unduly burdensome to the extent it requires

5  Mattel to identify "all" facts, persons and documents.[424] It is also unduly burdensome

6  to the extent it will require Mattel to state "all facts, on a document-by-document basis

7  by bates number." Complying with the request as written will be unduly

8  burdensome.[425] The Discovery Master has found that "[f]aced with overbroad and

9  unduly burdensome interrogatories," a party properly may limit its response to "facts

10 supporting the contentions identified in the interrogatories, identif[ying] persons with

11 knowledge of the those facts, and identif[ying] the principal documents or categories of

12 documents that support each contention."[426]

13  Interrogatory No. 7 is unduly burdensome because it is cumulative of other

14 interrogatories served on Mattel. Mattel hereby incorporates by reference Argument §

15 II.B. This interrogatory is simply an attempt to force Mattel to repackage information

16 that it has already provided again and again to Defendants. For example, the

17 interrogatory is cumulative of the following interrogatories:

18  **Interrogatory No. 20, MGA's Second Set of Interrogatories:**

19  IDENTIFY with specificity each ALLEGED TRADE SECRET, including

20  the IDENTITY of each DOCUMENT that embodies or REFERS OR

21  RELATES to each ALLEGED TRADE SECRET.[427]

22  ───────────────
    [424] See Opposition at Argument § II.A.
23  [425] Searcy Dec., ¶ 3.
24  [426] See Order Denying Mattel's Motion To Compel Responses to Interrogatory
    Nos. 27-33, 36-40, 42, 45 and 47 by Carter Bryant, Hauler Dec., Exh. 28 at 4:11-14
25  (citing Moses v. Halstead, 236 F.R.D. 667, 674 (D. Kan. 2006); see also Order
    Granting in Part and Denying in Part Mattel's Motion to Compel Responses to
26  Interrogatory Nos. 27-44 and 45-60 By the MGA Parties, Hauler Dec., Exh. 43, at
    9:4-8.
27  [427] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory
    No. 20.
28

1      **Interrogatory No. 21, MGA's Second Set of Interrogatories:**
2      IDENTIFY each PERSON who has had access to each ALLEGED
3      TRADE SECRET, including (a) the ALLEGED TRADE SECRET each
4      PERSON had access to; and (b) the date or dates each PERSON had this
5      access. [428]

6      **Interrogatory No. 22, MGA's Second Set of Interrogatories:** STATE
7      THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that
8      MGA misappropriated any ALLEGED TRADE SECRET. [429]

9      **Interrogatory No. 23, MGA's Second Set of Interrogatories:** STATE
10     THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that
11     the ALLEGED TRADE SECRETS are protectable. [430]

12     **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe
13     in detail the complete factual basis for YOUR COUNTERCLAIMS
14     including, without limitation all facts, DOCUMENTS, and witnesses that
15     REFER OR RELATE TO YOUR COUNTERCLAIMS. [431]

16     **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe
17     in detail any estimate or calculation of damage, loss, injury, or unjust
18     enrichment, by reason of any act or omission alleged in YOUR
19     COUNTERCLAIMS, that YOU have made or that has been made on
20     YOUR behalf or at YOUR request, including all facts, DOCUMENTS or
21     witnesses RELATING TO each estimate or calculation. [432]

---

[428] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 21.
[429] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 22.
[430] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 23.
[431] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 28.
[432] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 29.

1    **Interrogatory No. 3, MGA's First Set of Phase 2 Interrogatories:** If
2    your response to RFA No. 3 is anything other than an unqualified
3    admission, state for each MATTEL DOCUMENT that is a basis for such
4    response ANY facts that SUPPORT your response to RFA No. 3,
5    IDENTIFY ANY PERSONS with knowledge of such facts, and ANY
6    DOCUMENTS that REFER or RELATE to such facts. [433]

7    **Interrogatory No. 6, MGA's First Set of Phase 2 Interrogatories:**
8    IDENTIFY ANY damages YOU contend YOU have suffered as a result
9    of the alleged MISAPPROPRIATION of trade secrets alleged by YOU in
10   the Fourth Counterclaim of YOUR OPERATIVE COUNTERCLAIMS in
11   THIS ACTION. [434]

12   **Interrogatory No. 7, MGA's First Set of Phase 2 Interrogatories:**
13   IDENTIFY every MATTEL PRODUCT whose sales YOU contend were
14   harmed by MGA's sale of the Bratz line of dolls and products. [435]

15   **Interrogatory No. 8, MGA's First Set of Phase 2 Interrogatories:**
16   IDENTIFY every MATTEL PRODUCT whose sales YOU contend were
17   harmed by ANY act or omission of MGA alleged in YOU [sic]
18   OPERATIVE COUNTERCLAIMS. [436]

19   <u>Interrogatory No. 7 is of limited benefit to MGA Mexico.</u>   Mattel hereby
20   incorporates by reference Argument § II.C.  This interrogatory is of limited value to
21   MGA Mexico in that it seeks information far broader than information relating to MGA
22   Mexico and the claims and defenses related to MGA Mexico.  The Interrogatory relates

23   _____
     [433]   <u>See</u> MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at
24   Interrogatory No. 3.
     [434]   <u>See</u> MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at
25   Interrogatory No. 6.
     [435]   <u>See</u> MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at
26   Interrogatory No. 7.
     [436]   <u>See</u> MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at
27   Interrogatory No. 8.
28

1  generally to MGA, not specifically to MGA Mexico. To the extent it seeks information
2  not related to MGA Mexico, MGA Mexico cannot realize any benefit from the
3  discovery.

4        Mattel properly reserved its right to supplement its response based on facts
5  learned in the future and expert discovery. Mattel hereby incorporates by reference
6  Argument § III of its Opposition. To the extent the Interrogatory seeks information that
7  Mattel has not yet learned because of Defendants' obstructionism and information that
8  is the subject of expert discovery, Mattel properly reserved its right to supplement its
9  response based on any newly learned information and in accordance with the Federal
10 Rules and the Court's Orders governing expert disclosures.[437]

11       Mattel properly reserved its privilege objection. Mattel hereby incorporates by
12 reference Argument § IV of its Opposition. To the extent the Interrogatory seeks
13 information protected by the attorney client privilege, Mattel timely objected to the
14 Interrogatory and preserved its objection.[438]

15 **INTERROGATORY NO. 8:**

16       State all facts regarding MGAE de Mexico, S.R.L. de C.V.'s
17 conducting or participating, directly or indirectly, in the conduct of the affairs of a
18 RICO enterprise through a pattern of racketeering activity (as alleged in the
19 Counterclaims of the TAAC).

20 **RESPONSE TO INTERROGATORY NO. 8:**

21       In addition to the general objections stated above, Mattel specifically
22 objects to this Interrogatory on the grounds that it is unreasonably burdensome,
23 overbroad, including in that it purports to require Mattel to summarize all facts on
24 this subject, despite defendants' own refusals to answer interrogatories with the
25 same or comparable language and in conflict with the Court's Orders of February

26

27 [437] See Opposition at Argument § III.
28 [438] See Opposition at Argument § IV.

1  | 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all
2  | facts on this subject. Mattel further objects to this interrogatory as vague and
3  | ambiguous, including as to time. Mattel further objects to this Interrogatory on the
4  | grounds that it calls for the disclosure of information subject to the attorney-client
5  | privilege, the attorney work-product doctrine and other applicable privileges. Mattel
6  | further objects to this Interrogatory on the grounds that it calls for the disclosure of
7  | confidential and/or proprietary information, which Mattel will disclose only subject
8  | to and in reliance upon the operative protective order. Mattel further objects to this
9  | Interrogatory as the interrogatory, combined with the compound interrogatories
10 | propounded together with it, causes the total number of interrogatories served during
11 | Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure
12 | and the Court.

13 | **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
14 | **INTERROGATORY NO. 8 SHOULD BE COMPELLED:**

15 | Mattel has refused to provide answers in response to this Interrogatory,
16 | subject to its improper boilerplate objections. Under the Federal Rules of Civil
17 | Procedure, "the grounds for objecting to an interrogatory must be stated with
18 | specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the
19 | basis for an objection with specificity are routinely rejected in the Central District.
20 | See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)
21 | ("general or boilerplate objections such as 'overly burdensome and harassing' are
22 | improper – especially when a party fails to submit any evidentiary declarations
23 | supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,
24 | 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are
25 | inadequate and tantamount to not making any objection at all"). To the extent that
26 | Mattel is relying on its blanket objections, they are not sustainable and do not justify
27 | Mattel's failure to respond.

28 |

1          Mattel also bases its refusal to respond on two equally unavailing

2    arguments with respect to the counting of interrogatories in an effort to avoid

3    responding to this and the other Interrogatories at Issue.  First, Mattel asserts a non-

4    existent discovery limitation applies such that each *side* in the litigation may only

5    serve 25 interrogatories.  This is the same argument that Mattel has made

6    unsuccessfully in the past.  See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion

7    for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47

8    (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August

9    5, 2009).  While Mattel continues to assert this meritless objection rather than

10   responding to this interrogatory, Mattel cannot identify a single factual or legal basis

11   to support it.  To the contrary, Judge Larson has made clear that there is a "clean

12   slate" with respect to the Phase 2 discovery.  Specifically, Judge Larson noted that

13   he has not placed any restrictions on discovery in Phase 2 other than those set by the

14   Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of

15   February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has ▮▮▮▮▮▮▮▮

16   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

18   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated

19   August 14, 2009).  Indeed in that same order, Discovery Master O'Brien noted that

20   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

21   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Molinski

22   Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009).  The ruling is

23   unsurprising as case law also supports this interpretation.  See, e.g., St. Paul Fire and

24   Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.

25   Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking

26   down a local rule that allotted interrogatories on a "per side" basis); Missouri

27   Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

28   established a scheduling plan that maintained a distinction between interrogatory

1   limitations by "party" and deposition limitations by "side."). Since this interrogatory
2   was propounded by MGA Entertainment (HK) and they have not propounded more
3   than 25 interrogatories, Mattel's objection should be overruled and Mattel must be
4   ordered to provide a substantive response.

5          To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit
6   is only entitled to propound 25 interrogatories, would produce a ludicrous result.
7   For example, under Mattel's reasoning all counsel, in a multi-defendant case where
8   each defendant is represented by their own counsel, all defendants' counsel would be
9   forced to agree on a single set of 25 interrogatories to propound on plaintiff. Such
10  an irrational result is not the intent of Rule 33, nor the federal discovery statutes. As
11  noted by Discovery Master O'Brien, ██████████████████████████████
12  ████████████████████████████████████████████████
13  ████████████████████████████████ Molinski Decl., Ex. 8 at
14  171:7-9 (Order No. 46 dated August 14, 2009). Within this policy is the right of
15  each party in a litigation to serve written discovery. That the MGA parties happen
16  to be represented by the same counsel does not alter the analysis. Each party must
17  be allowed to serve 25 interrogatories and Mattel must be compelled to answer
18  them.

19         Mattel's second counting argument is that this interrogatory is
20  impermissibly compound. ██████████████████████████████
21  ████████████████████████████████████████████████
22  ██████████████████████████████████████████
23  ███████████████████████████████ See Molinski Decl., Ex. 13 at 529
24  (Mattel's Motion for Protective Order dated June 29, 2009). ██████████████
25  ████████████████████████████████████████████████
26  ████████████████████████████████████████████████
27  █████████████████████████████ See Molinski Decl., Ex. 8 at
28  171:23-26 (Order No. 46 dated August 14, 2009). Even when an interrogatory

1  contains subparts, it is still considered a single interrogatory when it relates to a

2  common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

3  Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

4  concerning a 'common theme' should generally be considered a single question.");

5  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL

6  318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question

7  regarding a common group of people" not compound (citing 8A Wright et al., Fed.

8  Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113

9  F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single

10  question ... even though it may call for an answer containing several separate bits of

11  information, if there is a direct relationship between the various bits of information

12  called for.").

13         This interrogatory seeks a narrative concerning a common theme.  That

14  is, it seeks information concerning Mattel's claim that MGAE de Mexico, S.R.L. de

15  C.V.'s conducted or participated in conduct of the affairs of a RICO enterprise

16  through a pattern of racketeering activity.  Indeed, the basis of the entire

17  interrogatory is to seek information that will ultimately allow MGA to defend

18  against Mattel's RICO allegations and is crucial to that defense.  As such, this

19  interrogatory should be counted as a single interrogatory and Mattel should be

20  ordered to respond.

21         In addition, Mattel's bare assertion that MGA has "purports to require

22  Mattel to summarize all facts on these subjects, despite defendants' own refusals to

23  answer interrogatories with the same or comparable language" is not only

24  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

25  obligation to fully respond to the Interrogatories would be unaffected.

26         As to overbreadth, Mattel provides no explanation, let alone the

27  required particularity, as to why this interrogatory is supposedly overly broad, nor

28  can it do so.  This objection is therefore improper.  See Molinski Decl., Ex. 5 at 118

07975/3132917.1

-321-

RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES

1  (Order No. 17, dated April 14, 2009 (overruling objections not stated with
2  specificity)). To the contrary, the Interrogatory is narrowly tailored to seek
3  responses concerning facts regarding MGAE de Mexico, S.R.L. de C.V.'s
4  participation in the affairs of a RICO enterprise through a pattern of racketeering
5  activity.

6        As to burden, Mattel has not attempted to demonstrate why responding
7  to this Interrogatory presents any burden. This objection must therefore be rejected.
8  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.
9  1997) ("The party claiming that a discovery request is unduly burdensome must
10 allege specific facts which indicate the nature and extent of the burden, usually by
11 affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as
12 noted above, in that the Interrogatory is narrowly tailored to seek only discoverable
13 evidence.

14       This Interrogatory does not seek responses protected by the attorney-
15 client privilege, the attorney work product doctrine, or other applicable privileges.
16 To the extent that Mattel contends that it does, it does not excuse Mattel from
17 responding with any non-privileged information. Additionally, to the extent that
18 such privileged material exists, Mattel must provide a privilege log.

19       Mattel objects that the Interrogatory contains confidential and/or
20 proprietary information. A Protective Order exists in this case, obviating any
21 concern as to protection of privacy rights and/or commercially sensitive
22 information. Also, this Interrogatory does not seek information violative of any
23 third party's rights of privacy. The facts, persons, and documents responsive to this
24 Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,
25 and as Mattel itself previously has argued, any privacy issues are fully addressed by
26 the Protective Order.

27       Further, the Interrogatory is entirely clear as to time – it refers to the
28 time period as defined by Mattel's allegation and claim of RICO violation. It seeks

1 | information on which Mattel plans to rely to prove its claims. Mattel's objection
2 | that this definition is vague and ambiguous as to time should therefore be rejected.

3 |      In short, Mattel's objections are uniformly without merit and frivolous.
4 | The Discovery Master should order Mattel to provide a substantive response to
5 | Interrogatory No. 8 without objection.

6 | **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
7 | **INTERROGATORY NO. 8 IS NOT WARRANTED**

8 |     Defendants have exceeded their Phase 2 Interrogatory limit.  Mattel hereby
9 | incorporates by reference Argument § I of its Opposition. For the reasons set forth
10 | more fully in Argument § I of its Opposition, the Discovery Master should set the
11 | interrogatory limit per side, as opposed to per party, consistent with the Court's
12 | previous rulings in this case, applicable case law and basic fairness.[439]

13 |     Moreover, even if a "per party" rule were to apply, MGA Mexico clearly has
14 | exceeded its limit of 25 interrogatories because it has served 11 separately-numbered
15 | interrogatories, several of which are compound and address discrete issues.  See
16 | Opposition at Argument § 1.B. For example, MGA Mexico Interrogatory No. 11
17 | counts as dozens of interrogatories under the law. Likewise, Interrogatory No. 10
18 | counts as at least dozen of interrogatories under the law. Because its interrogatories are
19 | compound, MGA Mexico has exceeded any putative 25 interrogatory limit that applies
20 | to it.

21 |     Interrogatory No. 8 is unduly burdensome because it requires Mattel to identify
22 | "all" facts, persons and documents.  Mattel hereby incorporates by reference Argument
23 | § II of its Opposition. Consistent with the Discovery Master's prior rulings and
24 | applicable case law, Interrogatory No. 8 is unduly burdensome to the extent it requires

25 |
26 |
27 | _____
   [439]   See Opposition at Argument § I.
28 |

1  Mattel to identify "all" facts, persons and documents.[440] It also is unduly burdensome
2  because of the detailed litany of information it purports to require.

3      Interrogatory No. 8 is unduly burdensome because it is cumulative of other
4  interrogatories served on Mattel. Mattel hereby incorporates by reference Argument §
5  II.B. This interrogatory is simply an attempt to force Mattel to repackage information
6  that it has already provided again and again to Defendants. For example, the
7  interrogatory is cumulative of the following interrogatories:

8          **Interrogatory No. 20, MGA's Second Set of Interrogatories:**
9          IDENTIFY with specificity each ALLEGED TRADE SECRET, including
10         the IDENTITY of each DOCUMENT that embodies or REFERS OR
11         RELATES to each ALLEGED TRADE SECRET.[441]

12         **Interrogatory No. 21, MGA's Second Set of Interrogatories:**
13         IDENTIFY each PERSON who has had access to each ALLEGED
14         TRADE SECRET, including (a) the ALLEGED TRADE SECRET each
15         PERSON had access to; and (b) the date or dates each PERSON had this
16         access.[442]

17         **Interrogatory No. 22, MGA's Second Set of Interrogatories:** STATE
18         THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that
19         MGA misappropriated any ALLEGED TRADE SECRET.[443]

20         **Interrogatory No. 23, MGA's Second Set of Interrogatories:** STATE
21         THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that
22         the ALLEGED TRADE SECRETS are protectable.[444]

23

---

24  [440] See Opposition at Argument § II.A.
25  [441] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 20.
26  [442] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 21.
27  [443] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 22.
28