1  **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe
2  in detail the complete factual basis for YOUR COUNTERCLAIMS
3  including, without limitation all facts, DOCUMENTS, and witnesses that
4  REFER OR RELATE TO YOUR COUNTERCLAIMS. [445]

5  **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe
6  in detail any estimate or calculation of damage, loss, injury, or unjust
7  enrichment, by reason of any act or omission alleged in YOUR
8  COUNTERCLAIMS, that YOU have made or that has been made on
9  YOUR behalf or at YOUR request, including all facts, DOCUMENTS or
10  witnesses RELATING TO each estimate or calculation. [446]

11  **Interrogatory No. 3, MGA's First Set of Phase 2 Interrogatories:** If
12  your response to RFA No. 3 is anything other than an unqualified
13  admission, state for each MATTEL DOCUMENT that is a basis for such
14  response ANY facts that SUPPORT your response to RFA No. 3,
15  IDENTIFY ANY PERSONS with knowledge of such facts, and ANY
16  DOCUMENTS that REFER or RELATE to such facts. [447]

17  **Interrogatory No. 6, MGA's First Set of Phase 2 Interrogatories:**
18  IDENTIFY ANY damages YOU contend YOU have suffered as a result
19  of the alleged MISAPPROPRIATION of trade secrets alleged by YOU in
20  the Fourth Counterclaim of YOUR OPERATIVE COUNTERCLAIMS in
21  THIS ACTION. [448]

---

22  [444] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory
23  No. 23.
     [445] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory
24  No. 28.
     [446] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory
25  No. 29.
     [447] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at
26  Interrogatory No. 3.
     [448] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at
27  Interrogatory No. 6.
28

1          **Interrogatory No. 7, MGA's First Set of Phase 2 Interrogatories:**

2          IDENTIFY every MATTEL PRODUCT whose sales YOU contend were

3          harmed by MGA's sale of the Bratz line of dolls and products. [449]

4          **Interrogatory No. 8, MGA's First Set of Phase 2 Interrogatories:**

5          IDENTIFY every MATTEL PRODUCT whose sales YOU contend were

6          harmed by ANY act or omission of MGA alleged in YOU [sic]

7          OPERATIVE COUNTERCLAIMS. [450]

8      <u>Interrogatory No. 8 is of limited benefit to MGA Mexico.</u>  Mattel hereby

9  incorporates by reference Argument § II.C. This interrogatory is of limited value to

10  MGA Mexico in that it is cumulative of other interrogatories, in particular MGA's

11  Interrogatory No. 28.

12      <u>Mattel properly reserved its right to supplement its response based on facts</u>

13  <u>learned in the future and expert discovery.</u>  Mattel hereby incorporates by reference

14  Argument § III of its Opposition. To the extent the Interrogatory seeks information that

15  Mattel has not yet learned because of Defendants' obstructionism and information that

16  is the subject of expert discovery, Mattel properly reserved its right to supplement its

17  response based on any newly learned information and in accordance with the Federal

18  Rules and the Court's Orders governing expert disclosures.[451]

19      <u>Mattel properly reserved its privilege objection.</u>  Mattel hereby incorporates by

20  reference Argument § IV of its Opposition. To the extent the Interrogatory seeks

21  information protected by the attorney client privilege, Mattel timely objected to the

22  Interrogatory and preserved its objection.[452]

---

[449]  <u>See</u> MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 7.

[450]  <u>See</u> MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 8.

[451]  <u>See</u> Opposition at Argument § III.

[452]  <u>See</u> Opposition at Argument § IV.

1 **INTERROGATORY NO. 9:**

2 IDENTIFY all communications since January 1, 2001, between
3 MATTEL and government entities (federal, state or local, domestic or foreign)
4 regarding alleged misconduct by MGA (or its subsidiaries, affiliates, agents, or
5 employees), and/or alleged misconduct by former MATTEL employees who worked
6 for MGA, including but not limited to the predicate acts and patterns of racketeering
7 alleged in the Second and Third Counterclaims of the TAAC.

8 **RESPONSE TO INTERROGATORY NO. 9:**

9 In addition to the general objections stated above, Mattel specifically
10 objects to this Interrogatory on the grounds that it is unreasonably burdensome,
11 overbroad, including in that it purports to require Mattel to summarize all facts on
12 this subject, despite defendants' own refusals to answer interrogatories with the
13 same or comparable language and in conflict with the Court's Orders of February
14 15, 2008 and February 20, 2008. Mattel will not attempt to state or summarize all
15 facts on this subject. Mattel further objects to this interrogatory as vague and
16 ambiguous, including as to time. Mattel further objects to this Interrogatory on the
17 grounds that it calls for the disclosure of information subject to the attorney-client
18 privilege, the attorney work-product doctrine and other applicable privileges. Mattel
19 further objects to this Interrogatory on the grounds that it calls for the disclosure of
20 confidential and/or proprietary information, which Mattel will disclose only subject
21 to and in reliance upon the operative protective order. Mattel further objects to this
22 Interrogatory as the interrogatory, combined with the compound interrogatories
23 propounded together with it, causes the total number of interrogatories served during
24 Phase 2 discovery to exceed the limits set by the Federal Rules of Civil Procedure
25 and the Court. In addition, Mattel objects that this interrogatory is unduly
26 burdensome and oppressive in that it is an impermissible attempt to exceed the
27 number of interrogatories propounded on behalf of Defendant MGA.

28

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO INTERROGATORY NO. 9 SHOULD BE COMPELLED:**

Mattel has refused to provide answers in response to this Interrogatory, subject to its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "the grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all"). To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to respond.

Mattel also bases its refusal to respond on two equally unavailing arguments with respect to the counting of interrogatories in an effort to avoid responding to this and the other Interrogatories at Issue. First, Mattel asserts a non-existent discovery limitation applies such that each *side* in the litigation may only serve 25 interrogatories. This is the same argument that Mattel has made unsuccessfully in the past. See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August 5, 2009). While Mattel continues to assert this meritless objection rather than responding to this interrogatory, Mattel cannot identify a single factual or legal basis to support it. To the contrary, Judge Larson has made clear that there is a "clean slate" with respect to the Phase 2 discovery. Specifically, Judge Larson noted that he has not placed any restrictions on discovery in Phase 2 other than those set by the



1   Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of

2   February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has ███████████

3   ████████████████████████████████████████████████████████████████

4   ████████████████████████████████████████████████████████████████

5   ████████████████████   Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated

6   August 14, 2009).  Indeed in that same order, Discovery Master O'Brien noted that

7   ████████████████████████████████████████████████████████████████

8   ██████████████████████████████████████████████████████   Molinski

9   Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009).  The ruling is

10  unsurprising as case law also supports this interpretation.  See, e.g., St. Paul Fire and

11  Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.

12  Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking

13  down a local rule that allotted interrogatories on a "per side" basis); Missouri

14  Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

15  established a scheduling plan that maintained a distinction between interrogatory

16  limitations by "party" and deposition limitations by "side.").  Since this interrogatory

17  was propounded by MGA Entertainment (HK) and they have not propounded more

18  than 25 interrogatories, Mattel's objection should be overruled and Mattel must be

19  ordered to provide a substantive response.

20          To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit

21  is only entitled to propound 25 interrogatories, would produce a ludicrous result.

22  For example, under Mattel's reasoning all counsel, in a multi-defendant case where

23  each defendant is represented by their own counsel, all defendants' counsel would be

24  forced to agree on a single set of 25 interrogatories to propound on plaintiff.  Such

25  an irrational result is not the intent of Rule 33, nor the federal discovery statutes.  As

26  noted by Discovery Master O'Brien, ████████████████████████████

27  ████████████████████████████████████████████████████████████████

28  ██████████████████████████████████████████████   Molinski Decl., Ex. 8 at

07975/3132917.1

RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES

1 | 171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is the right of

2 | each party in a litigation to serve written discovery.  That the MGA parties happen

3 | to be represented by the same counsel does not alter the analysis.  Each party must

4 | be allowed to serve 25 interrogatories and Mattel must be compelled to answer

5 | them.

6 |      Mattel's second counting argument is that this interrogatory is

7 | impermissibly compound.  ████████████████████

8 | ████████████████████████████████

9 | ████████████████████████████████

10 | ███████████████████  See Molinski Decl., Ex. 13 at 529

11 | (Mattel's Motion for Protective Order dated June 29, 2009).  ████████

12 | ████████████████████████████████

13 | ████████████████████████████████

14 | ███████████████████  See Molinski Decl., Ex. 8 at

15 | 171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

16 | contains subparts, it is still considered a single interrogatory when it relates to a

17 | common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

18 | Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

19 | concerning a 'common theme' should generally be considered a single question.");

20 | see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL

21 | 318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question

22 | regarding a common group of people" not compound (citing 8A Wright et al., Fed.

23 | Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113

24 | F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single

25 | question ...  even though it may call for an answer containing several separate bits of

26 | information, if there is a direct relationship between the various bits of information

27 | called for.").

28 |

1    This interrogatory seeks a narrative concerning a common theme. That

2  is, it seeks information concerning specific allegations in Mattel's Second and Third

3  Counterclaims of the TAAC and how, if true, those allegations constitute a RICO

4  violation. Indeed, the basis of the entire interrogatory is to seek information that

5  will ultimately allow MGA to defend against Mattel's RICO allegations and is

6  crucial to that defense. As such, this interrogatory should be counted as a single

7  interrogatory and Mattel should be ordered to respond.

8    In addition, Mattel's bare assertion that MGA has "purports to require

9  Mattel to summarize all facts on these subjects, despite defendants' own refusals to

10  answer interrogatories with the same or comparable language" is not only

11  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

12  obligation to fully respond to the Interrogatories would be unaffected.

13    As to overbreadth, Mattel provides no explanation, let alone the

14  required particularity, as to why this interrogatory is supposedly overly broad, nor

15  can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118

16  (Order No. 17, dated April 14, 2009 (overruling objections not stated with

17  specificity)). To the contrary, the Interrogatory is narrowly tailored to seek

18  responses concerning communications since January 1, 2001 between Mattel and

19  government entities regarding alleged misconduct by MGA (or its subsidiaries,

20  affiliates, agents, or employees), and/or alleged misconduct by former MATTEL

21  employees who worked for MGA.

22    As to burden, Mattel has not attempted to demonstrate why responding

23  to this Interrogatory presents any burden. This objection must therefore be rejected.

24  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

25  1997) ("The party claiming that a discovery request is unduly burdensome must

26  allege specific facts which indicate the nature and extent of the burden, usually by

27  affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as

28

1 | noted above, in that the Interrogatory is narrowly tailored to seek only discoverable
2 | evidence.

3 | This Interrogatory does not seek responses protected by the attorney-
4 | client privilege, the attorney work product doctrine, or other applicable privileges.
5 | To the extent that Mattel contends that it does, it does not excuse Mattel from
6 | responding with any non-privileged information. Additionally, to the extent that
7 | such privileged material exists, Mattel must provide a privilege log.

8 | Mattel objects that the Interrogatory contains confidential and/or
9 | proprietary information. A Protective Order exists in this case, obviating any
10 | concern as to protection of privacy rights and/or commercially sensitive
11 | information. Also, this Interrogatory does not seek information violative of any
12 | third party's rights of privacy. The facts, persons, and documents responsive to this
13 | Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,
14 | and as Mattel itself previously has argued, any privacy issues are fully addressed by
15 | the Protective Order.

16 | Further, the Interrogatory is entirely clear as to time – it refers to
17 | communications since January 1, 2001. It seeks communications of Mattel's attempt
18 | to use its influence to affect the outcome of investigations. Moreover Judge Larson
19 | recently ordered that one of the Mattel employees appear to address his gifting of
20 | Mattel toys to address the allegations. (September 3, 2009, Court Order). These
21 | interrogatory is intended to discover similar information. Mattel's objection that this
22 | definition is vague and ambiguous should therefore be rejected.

23 | In short, Mattel's objections are uniformly without merit and frivolous.
24 | The Discovery Master should order Mattel to provide a substantive response to
25 | Interrogatory No. 9 without objection.

26 | **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
27 | **INTERROGATORY NO. 9 IS NOT WARRANTED**

28 |

07975/3132917.1

1       Defendants have exceeded their Phase 2 Interrogatory limit. Mattel hereby

2   incorporates by reference Argument § I of its Opposition.  For the reasons set forth

3   more fully in Argument § I of its Opposition, the Discovery Master should set the

4   interrogatory limit per side, as opposed to per party, consistent with the Court's

5   previous rulings in this case, applicable case law and basic fairness.[453]

6       Moreover, even if a "per party" rule were to apply, MGA Mexico clearly has

7   exceeded its limit of 25 interrogatories because it has served 11 separately-numbered

8   interrogatories, several of which are compound and address discrete issues.  See

9   Opposition at Argument § 1.B.  For example, MGA Mexico Interrogatory No. 11

10  counts as dozens of interrogatories under the law.  Likewise, Interrogatory No. 10

11  counts as at least dozen of interrogatories under the law. Because its interrogatories are

12  compound, MGA Mexico has exceeded any putative 25 interrogatory limit that applies

13  to it.

14      Interrogatory No. 9 is fatally overbroad. Mattel hereby incorporates by reference

15  Argument § II of its Opposition.  The burdens of compiling this information are

16  tremendous, if doing so were even possible. ██████████████████████████

17  ██████████████████████████████████████████████████████████████

18  ██[454]██████████████████████████████████████████████████████

19  ██████████████████████████████████████[455]  This would require Mattel to

20  identify all communications with the Federal District Court in the present case, all

21  communications with the Court in the criminal action in Mexico, and so on.

22  Documenting communications from this case is nonsensical, and Mattel has already

23

24

25

26  [453]  See Opposition at Argument § I.
    [454]  See Declaration of Michael T. Zeller, dated September 29, 2009 and filed

27  concurrently herewith, at ¶ 2.
    [455]  Id.

28

1  produced all the pleadings and written communications with respect to the action in
2  Mexico.[456]

3      Further, the overbroad interrogatory does not even seek useful information: to the
4  extent it targets communications with law enforcement, it is duplicative of other
5  discovery with which Mattel has already complied.   The Discovery Master has
6  compelled Mattel to produce communications with law enforcement and documents
7  provided to law enforcement.[457]   Mattel has produced all such documents, which
8  provides more information than an interrogatory response listing "communications"
9  with "government entities."   See Fed.R.Civ.P. 26(b)(2)(C) (a court should limit the
10  extent of discovery if it determines that the discovery sought is unreasonably
11  cumulative or duplicative, or is obtainable from some other source that is more
12  convenient, less burdensome, or less expensive; or the party seeking discovery has had
13  ample opportunity by discovery in the action to obtain the information sought.); see
14  also Discovery Master's Order Denying Mattel's Motion to compel Responses to
15  Interrogatory Nos. 27-33, 36-40, 42, 45 and 47 by Carter Bryant, dated February 20,
16  2008, Hauler Dec., Exh. 28, at 5:17-23 (denying motion to compel further response to
17  interrogatory where to the extent the interrogatory sought "relevant information, that
18  information is readily available through alternative less intrusive sources", including
19  produced documents).

20      Interrogatory No. 9 is also overbroad because it is not even tied to the allegations
21  in the TAAC. See Fed. R. Civ. P. 26(b)(1) (discovery available as to matters "relevant
22  to the claim or defense of any party."); see also Phase 2 Discovery Order No. 3, dated
23  March 10, 2009, Hauler Dec., Exh. 26, at 17:17-18:1 (discovery denied where Mattel
24  "failed to demonstrate a relationship" between Mattel's operative pleadings and the
25  discovery sought).  Interrogatory No. 9 seeks communications regarding misconduct

26  _____
    [456]  See Searcy Dec. ¶ 2.
27  [457]  See Phase 2 Discovery Master Order No. 6, dated March 13, 2009, Hauler Dec.,
    Exh. 22, at 18-19.
28

1  "including **but not limited to** the predicate acts and patterns of racketeering alleged in
2  the Second and Third Counterclaims of the TAAC."[458]  Thus, by the very text of the
3  Interrogatory, it seeks discovery beyond matters "relevant to the claim or defense of
4  any party."  The interrogatory is apparently designed to assist MGA in a fishing
5  expedition for new claims.  As the Discovery Master has held, a party may not
6  propound document requests as part of a fishing expedition to discover new claims.[459]
7  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not
8  condone the use of discovery to engage in 'fishing expeditions.'").   And the
9  interrogatory is also overbroad as to time.  It seeks communications from January 1,
10  2001 to present, but MGA Mexico makes no showing as to how communications over
11  this eight-year period are material.

12          Over the past months, MGA has been engaged in what could only be described
13  as a witch hunt, accusing Mattel of corrupting foreign officials based on a handful of
14  toy cars.[460]  Recently, MGA even tried to assert that the toy cars constituted evidence
15  that Mattel had violated the Foreign Corrupt Practices Act.[461]  After MGA's counsel
16  cross-examined Mr. De Anda for more than an hour about the incident, the Court found
17  nothing "improper regarding [Mr. De Anda's] actions as they were not subjectively
18  intended as an attempt to influence, nor were they even marginally likely to influence,
19  an ongoing investigation."[462]  Indeed, the Court stated that MGA's accusations of

20
21
22

---

[458]  MGAE de Mexico Interrogatory Nos. 1-11, Molinski Dec., Exh. 2, at Interrogatory No. 9 (emphasis added).
[459]  Discovery Master Order Granting in Part and Denying in Part Mattel's Motion for Protective Order Regarding Polly Pocket Documents, dated April 19, 2007, Hauler Dec., Exh. 23 at 5:10-18.
[460]  Mattel, Inc.'s *Ex Parte* Application for Limited Reconsideration of Order No. 62, dated September 14, 2009, Searcy Dec., Exh. 8.
[461]  Id.
[462]  Court's Order, dated September 22, 2009, Hauler Dec., Exh. 24, at 1.

07975/3132917.1

1   bribery were "much about nothing."[463] MGA should not be permitted to waste more of

2   Mattel's resources on a non-event.

3        Interrogatory No. 9 is unduly burdensome because it requires Mattel to identify

4   "all communications." Mattel hereby incorporates by reference Argument § II.A.

5   Consistent with the Discovery Master's prior rulings and applicable case law,

6   Interrogatory No. 9 is unduly burdensome to the extent it requires Mattel to identify

7   "all" communications, facts, persons or documents.[464]

8        Interrogatory No. 9 is of limited benefit to MGA Mexico. Mattel hereby

9   incorporates by reference Argument § II.C-D. This interrogatory is of limited value to

10  MGA Mexico in that it seeks information far broader than any relating to MGA Mexico

11  and the claims in this case. First of all, the Interrogatory relates generally to MGA, not

12  specifically to MGA Mexico. To the extent it seeks information not related to MGA

13  Mexico, MGA Mexico cannot realize any benefit from the discovery.[465] In addition, as

14  shown above, the Interrogatory seeks information of limited evidentiary value and

15  beyond any claims or defenses in the case.[466]

16       Mattel properly reserved its right to supplement its response based on facts

17  learned in the future and expert discovery. Mattel hereby incorporates by reference

18  Argument § III of its Opposition. To the extent the Interrogatory seeks information that

19  Mattel has not yet learned because of Defendants' obstructionism and information that

20  is the subject of expert discovery, Mattel properly reserved its right to supplement its

21  response based on any newly learned information and in accordance with the Federal

22  Rules and the Court's Orders governing expert disclosures.[467]

23

24  _____

[463] Hearing Transcript, dated September 22, 2009, Hauler Dec., Exh. 46, at 82:25-

25  83:1.

[464] See Opposition at Argument § II.A.

26  [465] See Opposition at Argument § II.E.

[466] See Opposition at Argument § II.D.

27  [467] See Opposition at Argument § III.

28

1    <u>Mattel properly reserved its privilege objection.</u>  Mattel hereby incorporates by

2    reference Argument § IV of its Opposition.  To the extent the Interrogatory seeks

3    information protected by the attorney client privilege, Mattel timely objected to the

4    Interrogatory and preserved its objection.[468]

5    **INTERROGATORY NO. 10:**

6         With respect to the allegation in paragraphs 44 — 61 of the

7    Counterclaims o the TAAC, that the defendants stole MATTEL trade secrets in

8    Mexico, state all facts regarding:

9              (a)    every RICO predicate act committed through that conduct;

10             (b)    which PERSONS employed by or associated with which RICO

11   enterprises committed those predicate acts;

12             (c)    the injuries to Mattel's business or property proximately caused

13   by those predicate acts;

14             (d)    how MATTEL has calculated or estimated the dollar value of

15   those injuries (and if it has not, why not); and

16             (e)    IDENTIFY all PERSONS MATTEL believes have knowledge of

17   the information requested in this Interrogatory.

18   **RESPONSE TO INTERROGATORY NO. 10:**

19             In addition to the general objections stated above, Mattel specifically

20   object to this Interrogatory on the grounds that it is unreasonably burdensome,

21   overbroad including in that it purports to require Mattel to summarize all facts on

22   these subjects, despite defendants' own refusals to answer interrogatories with the

23   same or comparable language and in conflict with the Court's Orders of February

24   15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

25   fact on these subjects.  Mattel further objects to this Interrogatory on the grounds

26   that it calls for the disclosure of information subject to the attorney-client privilege,

27

28   ――――――――――――
     [468]  <u>See</u> Opposition at Argument § IV.

1    the attorney work-product doctrine and other applicable privileges.  Mattel further

2    objects to this Interrogatory on the grounds that it calls for the disclosure of

3    confidential and/or proprietary information, which Mattel will disclose only subject

4    to and in reliance upon the operative protective order.  Mattel further objects to this

5    Interrogatory as compound and seeks to require Mattel to provide separate discrete

6    responses as to "every RICO predicate act committed through that conduct."  As

7    such, the interrogatory is impermissibly compound and causes the total number of

8    interrogatories served during Phase 2 discovery to exceed the limits set by the

9    Federal Rules of Civil Procedure and the Court.

10   **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**

11   **INTERROGATORY NO. 10 SHOULD BE COMPELLED:**

12            Mattel has refused to provide answers in response to this Interrogatory,

13   subject to its improper boilerplate objections.  Under the Federal Rules of Civil

14   Procedure, "the grounds for objecting to an interrogatory must be stated with

15   specificity."  Fed. R. Civ. P. 33(b)(4).  Generic objections that fail to explain the

16   basis for an objection with specificity are routinely rejected in the Central District.

17   See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006)

18   ("general or boilerplate objections such as 'overly burdensome and harassing' are

19   improper – especially when a party fails to submit any evidentiary declarations

20   supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n,

21   186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are

22   inadequate and tantamount to not making any objection at all").  To the extent that

23   Mattel is relying on its blanket objections, they are not sustainable and do not justify

24   Mattel's failure to respond.

25            Mattel also bases its refusal to respond on two equally unavailing

26   arguments with respect to the counting of interrogatories in an effort to avoid

27   responding to this and the other Interrogatories at Issue.  First, Mattel asserts a non-

28   existent discovery limitation applies such that each **side** in the litigation may only

1  serve 25 interrogatories. This is the same argument that Mattel has made

2  unsuccessfully in the past. See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion

3  for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47

4  (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August

5  5, 2009). While Mattel continues to assert this meritless objection rather than

6  responding to this interrogatory, Mattel cannot identify a single factual or legal basis

7  to support it. To the contrary, Judge Larson has made clear that there is a "clean

8  slate" with respect to the Phase 2 discovery. Specifically, Judge Larson noted that

9  he has not placed any restrictions on discovery in Phase 2 other than those set by the

10  Rules of Civil Procedure. See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of

11  February 11, 2009 Hearing). Indeed, Discovery Master O'Brien has ▮▮▮▮▮

12  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

13  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14  ▮▮▮▮▮▮▮▮▮▮▮ Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated

15  August 14, 2009). Indeed in that same order, Discovery Master O'Brien noted that

16  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Molinski

18  Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009). The ruling is

19  unsurprising as case law also supports this interpretation. See, e.g., St. Paul Fire and

20  Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.

21  Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking

22  down a local rule that allotted interrogatories on a "per side" basis); Missouri

23  Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

24  established a scheduling plan that maintained a distinction between interrogatory

25  limitations by "party" and deposition limitations by "side."). Since this interrogatory

26  was propounded by MGA Entertainment (HK) and they have not propounded more

27  than 25 interrogatories, Mattel's objection should be overruled and Mattel must be

28  ordered to provide a substantive response.

1    To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit

2    is only entitled to propound 25 interrogatories, would produce a ludicrous result.

3    For example, under Mattel's reasoning all counsel, in a multi-defendant case where

4    each defendant is represented by their own counsel, all defendants' counsel would be

5    forced to agree on a single set of 25 interrogatories to propound on plaintiff.  Such

6    an irrational result is not the intent of Rule 33, nor the federal discovery statutes.  As

7    noted by Discovery Master O'Brien, ███████████████████████

8    ████████████████████████████████████████████

9    ████████████████████████████   Molinski Decl., Ex. 8 at

10   171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is the right of

11   each party in a litigation to serve written discovery.  That the MGA parties happen

12   to be represented by the same counsel does not alter the analysis.  Each party must

13   be allowed to serve 25 interrogatories and Mattel must be compelled to answer

14   them.

15   Mattel's second counting argument is that this interrogatory is

16   impermissibly compound. ████████████████████████████

17   ████████████████████████████████████████████

18   ████████████████████████████████████

19   ████████████████████   See Molinski Decl., Ex. 13 at 529

20   (Mattel's Motion for Protective Order dated June 29, 2009). ████████████

21   ████████████████████████████████████████████

22   ████████████████████████████████████████

23   ████████████████████████████   See Molinski Decl., Ex. 8 at

24   171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

25   contains subparts, it is still considered a single interrogatory when it relates to a

26   common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

27   Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

28   concerning a 'common theme' should generally be considered a single question.");

1  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL
2  318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question
3  regarding a common group of people" not compound (citing 8A Wright et al., Fed.
4  Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113
5  F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single
6  question ... even though it may call for an answer containing several separate bits of
7  information, if there is a direct relationship between the various bits of information
8  called for.").

9       This interrogatory seeks a narrative concerning a common theme. That
10  is, it seeks information concerning specific allegations in Mattel's TAAC and how,
11  if true, those allegations constitute a RICO violation. The request is structured to
12  aid Mattel in responding to the interrogatory and seeks only information that a
13  responding party would reasonably expect to receive in response, even if the level of
14  request detail were not included. Indeed, the basis of the entire interrogatory is to
15  seek information that will ultimately allow MGA to defend against Mattel's RICO
16  allegations and is crucial to that defense. As such, this interrogatory should be
17  counted as a single interrogatory and Mattel should be ordered to respond.

18       In addition, Mattel's bare assertion that MGA has "purports to require
19  Mattel to summarize all facts on these subjects, despite defendants' own refusals to
20  answer interrogatories with the same or comparable language" is not only
21  unsupported and false, but immaterial – if this were true (and it is not), Mattel's
22  obligation to fully respond to the Interrogatories would be unaffected.

23       As to overbreadth, Mattel provides no explanation, let alone the
24  required particularity, as to why this interrogatory is supposedly overly broad, nor
25  can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118
26  (Order No. 17, dated April 14, 2009 (overruling objections not stated with
27  specificity)). To the contrary, the Interrogatory is narrowly tailored to seek
28

-341-

1  responses concerning Mattel's allegation in paragraphs 44-61 of the Counterclaims
2  of the TAAC that the defendants stole Mattel trade secrets in Mexico.

3          As to burden, Mattel has not attempted to demonstrate why responding
4  to this Interrogatory presents any burden. This objection must therefore be rejected.
5  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.
6  1997) ("The party claiming that a discovery request is unduly burdensome must
7  allege specific facts which indicate the nature and extent of the burden, usually by
8  affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as
9  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable
10 evidence.

11         This Interrogatory does not seek responses protected by the attorney-
12 client privilege, the attorney work product doctrine, or other applicable privileges.
13 To the extent that Mattel contends that it does, it does not excuse Mattel from
14 responding with any non-privileged information. Additionally, to the extent that
15 such privileged material exists, Mattel must provide a privilege log.

16         Mattel objects that the Interrogatory contains confidential and/or
17 proprietary information. A Protective Order exists in this case, obviating any
18 concern as to protection of privacy rights and/or commercially sensitive
19 information. Also, this Interrogatory does not seek information violative of any
20 third party's rights of privacy. The facts, persons, and documents responsive to this
21 Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,
22 and as Mattel itself previously has argued, any privacy issues are fully addressed by
23 the Protective Order.

24         In short, Mattel's objections are uniformly without merit and frivolous.
25 The Discovery Master should order Mattel to provide a substantive response to
26 Interrogatory No. 10 without objection.

27 **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
28 **INTERROGATORY NO. 10 IS NOT WARRANTED**

1    <u>Defendants have exceeded their Phase 2 Interrogatory limit.</u>  Mattel hereby
2    incorporates by reference Argument § I of its Opposition.  For the reasons set forth
3    more fully in Argument § I of its Opposition, the Discovery Master should set the
4    interrogatory limit per side, as opposed to per party, consistent with the Court's
5    previous rulings in this case, applicable case law and basic fairness.[469]  Moreover, even
6    if a "per party" rule were to apply, MGA Mexico clearly has exceeded its limit of 25
7    interrogatories because it has served 11 separately-numbered interrogatories, several of
8    which are compound and address discrete issues.  <u>See</u> Opposition at Argument § 1.B.
9    For example, MGA Mexico Interrogatory No. 11 counts as dozens of interrogatories
10   under the law.   Likewise, Interrogatory No. 10 counts as at least dozen of
11   interrogatories under the law.  Because its interrogatories are compound, MGA Mexico
12   has exceeded any putative 25 interrogatory limit that applies to it.

13   <u>Interrogatory No. 10 is compound.</u>  Mattel hereby incorporates by reference
14   Argument §§ I.B and I.C of its Opposition.  Interrogatory No. 10 seeks "all facts" about
15   "every RICO predicate act," of which there are many.  Additionally, Interrogatory No.
16   10 poses five different questions about each of the predicate acts.   Accordingly,
17   Interrogatory No. 10 represents at least dozens of interrogatories.

18   <u>Interrogatory No. 10 is unduly burdensome because it requires Mattel to identify</u>
19   <u>"all" facts, persons and documents.</u>  Mattel hereby incorporates by reference Argument
20   § II of its Opposition.   Consistent with the Discovery Master's prior rulings and
21   applicable case law, Interrogatory No. 10 is unduly burdensome to the extent it requires
22   Mattel to identify "all" facts, persons and documents.[470]  It also is unduly burdensome
23   because of the detailed litany of information it purports to require.

24   <u>MGA has previously blocked Mattel's discovery relating to "every RICO</u>
25   <u>predicate act."</u>   Mattel hereby incorporates by reference Argument § II.A.   This

26
27   [469]  <u>See</u> Opposition at Argument § I.
     [470]  <u>See</u> Opposition at Argument § II.A.1.
28

1  interrogatory seeks information relating to "every RICO predicate act" in spite of the
2  fact that MGA has successfully argued in the past that producing evidence relating to
3  every RICO predicate is unduly burdensome.  Based on such efforts by MGA, Mattel
4  has been unable to obtain information relating to "every RICO predicate act" and
5  should not have to produce such information.

6       _Interrogatory No. 10 is unduly burdensome because it is cumulative of other_
7  _interrogatories served on Mattel._  Mattel hereby incorporates by reference Argument §
8  II.B.  This interrogatory is simply an attempt to force Mattel to restate information that
9  it has already provided to Defendants.[471]  For example, the interrogatory is cumulative
10  of the following interrogatories:

11       **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe
12       in detail the complete factual basis for YOUR COUNTERCLAIMS
13       including, without limitation all facts, DOCUMENTS, and witnesses that
14       REFER OR RELATE TO YOUR COUNTERCLAIMS.[472]

15       **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe
16       in detail any estimate or calculation of damage, loss, injury, or unjust
17       enrichment, by reason of any act or omission alleged in YOUR
18       COUNTERCLAIMS, that YOU have made or that has been made on
19       YOUR behalf or at YOUR request, including all facts, DOCUMENTS or
20       witnesses RELATING TO each estimate or calculation.[473]

21       **Interrogatory No. 5, MGA's First Set of Phase 2 Interrogatories:**
22       IDENTIFY ANY damages YOU contend YOU have suffered as a result

23

---

[471]  In addition, MGA Hong Kong's Interrogatory No. 11 and MGA Mexico's
Interrogatory No. 10 are exact duplicates.  Compare MGA Hong Kong's
Interrogatory No. 11, Molinski Dec., Exh. 1, with MGA Mexico's Interrogatory No.
10, Molinski Dec., Exh. 2.

[472]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory
No. 28.

[473]  See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6, at Interrogatory
No. 29.

1    of the violation of the Racketeer Influenced and Corrupt Organization Act

2    alleged by YOU in the Second Counterclaim of YOUR OPERATIVE

3    COUNTERCLAIMS in THIS ACTION.[474]

4    **Interrogatory No. 1, MGA's First Set of Interrogatories:** State all

5    facts, with particularity, and IDENTIFY all DOCUMENTS that support

6    YOUR contention, if YOU so contend, that YOU have suffered harm as a

7    result of any act or omission of MGA.[475]

8    **Interrogatory No. 2, MGA's First Set of Interrogatories:** IDENTIFY

9    all PERSONS with knowledge of each fact" "stated in response to

10   Interrogatory No. 1.[476]

11   **Interrogatory No. 3, MGA's First Set of Interrogatories:** State, with

12   particularity, the nature, amount, cause and calculation of every item of

13   YOUR alleged damages, including, without limitation, general, actual and

14   statutory damages, restitution, disgorgement of unlawful profits, lost

15   profits, lost payments, lost revenues, lost monies, lost royalties or license

16   fees, reputational harm, lost relationships, lost business opportunities,

17   interest, attorneys' fees, costs, expenses, and any other form of injury or

18   damage of quantifiable remedy that YOU seek to recover in this

19   lawsuit.[477]

20   **Interrogatory No. 4, MGA's First Set of Interrogatories:** State all

21   facts, with particularity, and IDENTIFY all DOCUMENTS that support

22   YOUR contention, if YOU so contend, that YOU are entitled to

23   exemplary damages, attorneys' fees and costs.[478]

24
---

[474]   See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at

25   Interrogatory No. 5.

[475]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 1.

26   [476]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 2.

[477]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 3.

27   [478]   MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 4.

28

1    Interrogatory No. 10 is of limited benefit to MGA Hong Kong. Mattel hereby

2  incorporates by reference Argument § II.C. This interrogatory is of limited value to

3  MGA Mexico in that it is cumulative of other interrogatories, including MGA's

4  Interrogatory No. 28.   In addition, as shown above and in the Opposition, the

5  Interrogatory seeks information beyond what Mattel will need to prove at either

6  summary judgment or trial regarding its RICO claims and.

7    Interrogatory 10 is overbroad in that it requires Mattel to "state all facts regarding

8  the injuries to Mattel's business or property proximately caused by [defendants']

9  predicate acts." Mattel hereby incorporates by reference Argument § II.C of its

10  Opposition. The interrogatory requires Mattel to identify injury proximately caused

11  from a specific predicate act;[479] however, this showing is not required under the law.

12    Mattel properly reserved its right to supplement its response based on facts

13  learned in the future and expert discovery. Mattel hereby incorporates by reference

14  Argument § III of its Opposition. To the extent the Interrogatory seeks information that

15  Mattel has not yet learned because of Defendants' obstructionism and information that

16  is the subject of expert discovery, Mattel properly reserved its right to supplement its

17  response based on any newly learned information and in accordance with the Rules and

18  Court Orders governing expert disclosures.[480]

19    Mattel properly reserved its privilege objection. Mattel hereby incorporates by

20  reference Argument § IV of its Opposition.  To the extent the Interrogatory seeks

21  information protected by the attorney client privilege, Mattel timely objected to the

22  interrogatory and preserved its objection.[481]

23

24

---

25  [479] See, e.g., MGA Hong Kong's Interrogatory No. 1, Molinski Dec., Exh. 1
26  (requesting that Mattel "state all facts regarding how that RICO predicate act
    proximately caused injury(s) to Mattel's business or property").
    [480] See Opposition at Argument § III.
27  [481] See Opposition at Argument § IV.
28

1 **INTERROGATORY NO. 11:**

2        As to each allegation upon information and belief as alleged in the

3 Counterclaims of the TAAC, state all facts regarding the sources of the information

4 alleged, when the information was acquired from each source, and all inferences or

5 conclusions you have drawn that support the stated belief.

6 **RESPONSE TO INTERROGATORY NO. 11:**

7        In addition to the general objections stated above, Mattel specifically

8 objects to this Interrogatory on the grounds that it is unreasonably burdensome,

9 overbroad, including in that it purports to require Mattel to summarize all facts on

10 these subjects, despite defendants' own refusals to answer interrogatories with the

11 same or comparable language and in conflict with the Court's Orders of February

12 15, 2008 and February 20, 2008.  Mattel will not attempt to state or summarize all

13 facts on these subjects.  Mattel further objects to this Interrogatory on the grounds

14 that it calls for the disclosure of information subject to the attorney-client privilege,

15 the attorney work-product doctrine and other applicable privileges.  Mattel further

16 objects to this Interrogatory on the grounds that it calls for the disclosure of

17 confidential and/or proprietary information, which Mattel will disclose only subject

18 to and in reliance upon the operative protective order.  Mattel further objects to this

19 Interrogatory as compound and seeks to require Mattel to provide separate discrete

20 responses as to "each allegation upon information and belief as alleged in the

21 Counterclaims of the TAAC."  As such, the interrogatory is impermissibly

22 compound and causes the total number of interrogatories served during Phase 2

23 discovery to exceed the limits set by the Federal Rules of Civil Procedure and the

24 Court.  In addition, Mattel objects that this interrogatory is unduly burdensome and

25 oppressive in that it is an impermissible attempt to exceed the number of

26 interrogatories propounded on behalf of Defendants other than MGAE.

27

28

**FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO INTERROGATORY NO. 11 SHOULD BE COMPELLED:**

Mattel has refused to provide answers in response to this Interrogatory, subject to its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "the grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("boilerplate, generalized objections are inadequate and tantamount to not making any objection at all"). To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to respond.

Mattel also bases its refusal to respond on two equally unavailing arguments with respect to the counting of interrogatories in an effort to avoid responding to this and the other Interrogatories at Issue. First, Mattel asserts a non-existent discovery limitation applies such that each *side* in the litigation may only serve 25 interrogatories. This is the same argument that Mattel has made unsuccessfully in the past. See Molinski Decl., Ex. 13 at 522-29 (Mattel's Motion for Protective Order dated June 29, 2009); and Molinski Decl., Ex. 14 at 544-47 (Mattel's Opposition to MGA's Motion to Compel Further Responses dated August 5, 2009). While Mattel continues to assert this meritless objection rather than responding to this interrogatory, Mattel cannot identify a single factual or legal basis to support it. To the contrary, Judge Larson has made clear that there is a "clean slate" with respect to the Phase 2 discovery. Specifically, Judge Larson noted that he has not placed any restrictions on discovery in Phase 2 other than those set by the



1  Rules of Civil Procedure.  See Molinski Decl., Ex. 7 at 147:4-149-8 (Transcript of

2  February 11, 2009 Hearing).  Indeed, Discovery Master O'Brien has ▮▮▮▮▮

3  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5  ▮▮▮▮▮▮▮▮▮▮▮▮▮  Molinski Decl., Ex. 8 at 168:23-25 (Order No. 46 dated

6  August 14, 2009).  Indeed in that same order, Discovery Master O'Brien noted that

7  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Molinski

9  Decl., Ex. 8 at 170:9-11 (Order No. 46 dated August 14, 2009).  The ruling is

10  unsurprising as case law also supports this interpretation.  See, e.g., St. Paul Fire and

11  Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 289 (D.

12  Mass. 2003) (permitting 25 interrogatories for each of three defendants and striking

13  down a local rule that allotted interrogatories on a "per side" basis); Missouri

14  Republican Party v. Lamb, 87 F Supp 2d 912, 919 (E.D. Mo. 2000) (the court

15  established a scheduling plan that maintained a distinction between interrogatory

16  limitations by "party" and deposition limitations by "side.").  Since this interrogatory

17  was propounded by MGA Entertainment (HK) and they have not propounded more

18  than 25 interrogatories, Mattel's objection should be overruled and Mattel must be

19  ordered to provide a substantive response.

20          To interpret the Rule 33 as Mattel suggests, that each side to a lawsuit

21  is only entitled to propound 25 interrogatories, would produce a ludicrous result.

22  For example, under Mattel's reasoning all counsel, in a multi-defendant case where

23  each defendant is represented by their own counsel, all defendants' counsel would be

24  forced to agree on a single set of 25 interrogatories to propound on plaintiff.  Such

25  an irrational result is not the intent of Rule 33, nor the federal discovery statutes.  As

26  noted by Discovery Master O'Brien, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

27  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

28  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Molinski Decl., Ex. 8 at

07975/3132917.1

-349-

1   171:7-9 (Order No. 46 dated August 14, 2009).  Within this policy is the right of

2   each party in a litigation to serve written discovery.  That the MGA parties happen

3   to be represented by the same counsel does not alter the analysis.  Each party must

4   be allowed to serve 25 interrogatories and Mattel must be compelled to answer

5   them.

6           Mattel's second counting argument is that this interrogatory is

7   impermissibly compound.  ████████████████████████████████████████████

8   ██████████████████████████████████████████████████████████████████████

9   ████████████████████████████████████████████████████████████

10  ████████████████████████████████████████  See Molinski Decl., Ex. 13 at 529

11  (Mattel's Motion for Protective Order dated June 29, 2009).  ████████████████

12  ██████████████████████████████████████████████████████████████████████

13  ██████████████████████████████████████████████████████████████████████

14  ████████████████████████████████████████████  See Molinski Decl., Ex. 8 at

15  171:23-26 (Order No. 46 dated August 14, 2009).  Even when an interrogatory

16  contains subparts, it is still considered a single interrogatory when it relates to a

17  common theme.  See Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D.

18  Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details

19  concerning a 'common theme' should generally be considered a single question.");

20  see also Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL

21  318811, at *7 (N.D. Cal. Jan. 5, 2005) (interrogatory that asked the "same question

22  regarding a common group of people" not compound (citing 8A Wright et al., Fed.

23  Prac. & Proc.: Civ. 2d § 2168.1, at 261)); Clark v. Burlington Northern R.R., 113

24  F.R.D. 117, 118 (N.D. Miss. 1986) ("an interrogatory is to be counted as but a single

25  question ... even though it may call for an answer containing several separate bits of

26  information, if there is a direct relationship between the various bits of information

27  called for.").

28

1    This interrogatory seeks a narrative concerning a common theme. That

2  is, it seeks information concerning the basis for Mattel asserting claims on

3  information and belief and the source of that information and belief. The request is

4  structured to aid Mattel in responding to the interrogatory and seeks only

5  information that a responding party would reasonably expect to receive in response,

6  even if the level of request detail were not included. Indeed, the basis of the entire

7  interrogatory is to seek additional information concerning what is mere conjecture in

8  Mattel's TAAC. This information that will ultimately allow MGA to defend against

9  Mattel's claims and is crucial to that defense. As such, this interrogatory should be

10  counted as a single interrogatory and Mattel should be ordered to respond.

11    In addition, Mattel's bare assertion that MGA has "purports to require

12  Mattel to summarize all facts on these subjects, despite defendants' own refusals to

13  answer interrogatories with the same or comparable language" is not only

14  unsupported and false, but immaterial – if this were true (and it is not), Mattel's

15  obligation to fully respond to the Interrogatories would be unaffected.

16    As to overbreadth, Mattel provides no explanation, let alone the

17  required particularity, as to why this interrogatory is supposedly overly broad, nor

18  can it do so. This objection is therefore improper. See Molinski Decl., Ex. 5 at 118

19  (Order No. 17, dated April 14, 2009 (overruling objections not stated with

20  specificity)). To the contrary, the Interrogatory is narrowly tailored to seek

21  responses concerning allegations that Mattel alleged in its Counterclaims of the

22  TAAC.

23    As to burden, Mattel has not attempted to demonstrate why responding

24  to this Interrogatory presents any burden. This objection must therefore be rejected.

25  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev.

26  1997) ("The party claiming that a discovery request is unduly burdensome must

27  allege specific facts which indicate the nature and extent of the burden, usually by

28  affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as

1  noted above, in that the Interrogatory is narrowly tailored to seek only discoverable
2  evidence.

3       This Interrogatory does not seek responses protected by the attorney-
4  client privilege, the attorney work product doctrine, or other applicable privileges.
5  To the extent that Mattel contends that it does, it does not excuse Mattel from
6  responding with any non-privileged information.  Additionally, to the extent that
7  such privileged material exists, Mattel must provide a privilege log.

8       Mattel objects that the Interrogatory contains confidential and/or
9  proprietary information.  A Protective Order exists in this case, obviating any
10  concern as to protection of privacy rights and/or commercially sensitive
11  information.  Also, this Interrogatory does not seek information violative of any
12  third party's rights of privacy.  The facts, persons, and documents responsive to this
13  Interrogatory are in the possession, custody, control, or knowledge of Mattel itself,
14  and as Mattel itself previously has argued, any privacy issues are fully addressed by
15  the Protective Order.

16       In short, Mattel's objections are uniformly without merit and frivolous.
17  The Discovery Master should order Mattel to provide a substantive response to
18  Interrogatory No. 11 without objection.

19  **FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO**
20  **INTERROGATORY NO. 11 IS NOT WARRANTED**

21      <u>Defendants have exceeded their Phase 2 Interrogatory limit.</u>  Mattel hereby
22  incorporates by reference Argument § I of its Opposition.  For the reasons set forth
23  more fully in Argument § I of its Opposition, the Discovery Master should set the
24  interrogatory limit per side, as opposed to per party, consistent with the Court's
25  previous rulings in this case, applicable case law and basic fairness.[482]

26
27  —————————
   [482]  <u>See</u> Opposition at Argument § I.
28

1   Moreover, even if a "per party" rule were to apply, MGA Mexico clearly has
2   exceeded its limit of 25 interrogatories because it has served 11 separately-numbered
3   interrogatories, several of which are compound and address discrete issues.   See
4   Opposition at Argument § 1.B.   For example, MGA Mexico Interrogatory No. 11
5   counts as dozens of interrogatories under the law.   Likewise, Interrogatory No. 10
6   counts as at least dozen of interrogatories under the law.   Because its interrogatories are
7   compound, MGA Mexico has exceeded any putative 25 interrogatory limit that applies
8   to it.

9   Interrogatory No. 11 is compound.   Mattel hereby incorporates by reference
10  Argument § I.B-C of its Opposition.   Interrogatory No. 11 addresses dozens of
11  allegations made on information and belief in the TAAC and then requires Mattel to
12  answer distinct inquiries about each allegation, including to (1) provide when each
13  piece of information was acquired from each source and (2) provide "all inferences or
14  conclusions" Mattel has drawn that support "the stated belief."   Accordingly,
15  Interrogatory No. 11 represents at least many dozens of interrogatories.

16  Interrogatory No. 11 is unduly burdensome because it requires Mattel to identify
17  "all" facts, persons and documents.   Mattel hereby incorporates by reference Argument
18  § II of its Opposition.   Consistent with the Discovery Master's prior rulings and
19  applicable case law, Interrogatory No. 11 is unduly burdensome to the extent it requires
20  Mattel to identify "all" facts, persons and documents.[483]   Requiring Mattel to state "all
21  facts" including those based simply upon "'information and belief, adds a significant
22  and unreasonable burden to the task of the answering party.'"   See Safeco of America
23  v. Rawstron, 181 F.R.D. 441, 447 (C.D. Cal. 1998) (quoting Lawrence v. First Kansas
24  Bank & Trust Co., 169 F.R.D. 657, 663 (D.Kan. 1996)).   Here, MGA Mexico's
25  Interrogatory No. 11 not only seeks "all facts" including those based upon "information
26
27

[483]   See Opposition at Argument § III.A.2.

28

07975/3132917.1

1  and belief" but, in fact, specifically targets facts based upon information and belief,
2  rendering this Interrogatory particularly onerous.[484]

3      Interrogatory No. 11 is unduly burdensome because it is cumulative of other
4  interrogatories served on Mattel. Mattel hereby incorporates by reference Argument §
5  II.B. This interrogatory is simply an attempt to force Mattel to repackage information
6  that it has already provided again and again to Defendants.  For example, the
7  interrogatory is cumulative of the following interrogatories:

8          **Interrogatory No. 20, MGA's Second Set of Interrogatories:**
9          IDENTIFY with specificity each ALLEGED TRADE SECRET, including
10         the IDENTITY of each DOCUMENT that embodies or REFERS OR
11         RELATES to each ALLEGED TRADE SECRET.[485]

12         **Interrogatory No. 21, MGA's Second Set of Interrogatories:**
13         IDENTIFY each PERSON who has had access to each ALLEGED
14         TRADE SECRET, including (a) the ALLEGED TRADE SECRET each
15         PERSON had access to; and (b) the date or dates each PERSON had this
16         access.[486]

17         **Interrogatory No. 22, MGA's Second Set of Interrogatories:** STATE
18         THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that
19         MGA misappropriated any ALLEGED TRADE SECRET.[487]

20         **Interrogatory No. 23, MGA's Second Set of Interrogatories:** STATE
21         THE COMPLETE FACTUAL BASIS FOR YOUR CONTENTION that
22         the ALLEGED TRADE SECRETS are protectable.[488]

23

24 [484] See MGA Mexico's Interrogatory No. 11, Molinski Dec., Exh. 2.
25 [485] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 20.
26 [486] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 21.
27 [487] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory No. 22.
28

1  **Interrogatory No. 28, MGA's Second Set of Interrogatories:** Describe
2  in detail the complete factual basis for YOUR COUNTERCLAIMS
3  including, without limitation all facts, DOCUMENTS, and witnesses that
4  REFER OR RELATE TO YOUR COUNTERCLAIMS. [489]

5  **Interrogatory No. 29, MGA's Second Set of Interrogatories:** Describe
6  in detail any estimate or calculation of damage, loss, injury, or unjust
7  enrichment, by reason of any act or omission alleged in YOUR
8  COUNTERCLAIMS, that YOU have made or that has been made on
9  YOUR behalf or at YOUR request, including all facts, DOCUMENTS or
10  witnesses RELATING TO each estimate or calculation. [490]

11  **Interrogatory No. 3, MGA's First Set of Phase 2 Interrogatories:** If
12  your response to RFA No. 3 is anything other than an unqualified
13  admission, state for each MATTEL DOCUMENT that is a basis for such
14  response ANY facts that SUPPORT your response to RFA No. 3,
15  IDENTIFY ANY PERSONS with knowledge of such facts, and ANY
16  DOCUMENTS that REFER or RELATE to such facts. [491]

17  **Interrogatory No. 5, MGA's First Set of Phase 2 Interrogatories:**
18  IDENTIFY ANY damages YOU contend YOU have suffered as a result
19  of the violation of the Racketeer Influenced and Corrupt Organization Act
20  alleged by YOU in the Second Counterclaim of YOUR OPERATIVE
21  COUNTERCLAIMS in THIS ACTION. [492]

22  ---
[488] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory
23  No. 23.
[489] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory
24  No. 28.
[490] See MGA's Second Set of Interrogatories, Hauler Dec., Exh. 6., at Interrogatory
25  No. 29.
[491] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at
26  Interrogatory No. 3.
[492] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at
27  Interrogatory No. 5.
28

1       **Interrogatory No. 6, MGA's First Set of Phase 2 Interrogatories:**

2       IDENTIFY ANY damages YOU contend YOU have suffered as a result

3       of the alleged MISAPPROPRIATION of trade secrets alleged by YOU in

4       the Fourth Counterclaim of YOUR OPERATIVE COUNTERCLAIMS in

5       THIS ACTION.[493]

6       **Interrogatory No. 7, MGA's First Set of Phase 2 Interrogatories:**

7       IDENTIFY every MATTEL PRODUCT whose sales YOU contend were

8       harmed by MGA's sale of the Bratz line of dolls and products.[494]

9       **Interrogatory No. 8, MGA's First Set of Phase 2 Interrogatories:**

10       IDENTIFY every MATTEL PRODUCT whose sales YOU contend were

11       harmed by ANY act or omission of MGA alleged in YOU [sic]

12       OPERATIVE COUNTERCLAIMS.[495]

13       **Interrogatory No. 1, MGA's First Set of Interrogatories:** State all

14       facts, with particularity, and IDENTIFY all DOCUMENTS that support

15       YOUR contention, if YOU so contend, that YOU have suffered harm as a

16       result of any act or omission of MGA.[496]

17       **Interrogatory No. 2, MGA's First Set of Interrogatories:** IDENTIFY

18       all PERSONS with knowledge of each fact" "stated in response to

19       Interrogatory No. 1.[497]

20       **Interrogatory No. 3, MGA's First Set of Interrogatories:** State, with

21       particularity, the nature, amount, cause and calculation of every item of

22       YOUR alleged damages, including, without limitation, general, actual and

23

24

25

26

27

28

---

[493] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 6.

[494] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 7.

[495] See MGA's First Set of Phase 2 Interrogatories, Hauler Dec., Exh. 14, at Interrogatory No. 8.

[496] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 1.

[497] MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 2.

-356-

RESPONSE OF MATTEL TO MGA'S STATEMENT ISO MOTION TO COMPEL FURTHER RESPONSES

1    statutory damages, restitution, disgorgement of unlawful profits, lost
2    profits, lost payments, lost revenues, lost monies, lost royalties or license
3    fees, reputational harm, lost relationships, lost business opportunities,
4    interest, attorneys' fees, costs, expenses, and any other form of injury or
5    damage of quantifiable remedy that YOU seek to recover in this
6    lawsuit.[498]

7    **Interrogatory No. 4, MGA's First Set of Interrogatories:** State all
8    facts, with particularity, and IDENTIFY all DOCUMENTS that support
9    YOUR contention, if YOU so contend, that YOU are entitled to
10   exemplary damages, attorneys' fees and costs.[499]

11   <u>Interrogatory No. 11 is of limited benefit to MGA Mexico.</u>   Mattel hereby
12   incorporates by reference Argument § II.C. This interrogatory is of limited value to
13   MGA Mexico in that it seeks information far broader than information relating to MGA
14   Mexico and the claims and defenses related to MGA Mexico. The Interrogatory relates
15   generally to all allegations based "upon information and belief" in the entire TAAC, not
16   allegations specific to MGA Mexico. To the extent it seeks information not related to
17   MGA Mexico, MGA Mexico cannot realize any benefit from the discovery.

18   <u>Mattel properly reserved its right to supplement its response based on facts</u>
19   <u>learned in the future and expert discovery.</u>  Mattel hereby incorporates by reference
20   Argument § III of its Opposition. To the extent the Interrogatory seeks information that
21   Mattel has not yet learned because of Defendants' obstructionism and information that
22   is the subject of expert discovery, Mattel properly reserved its right to supplement its
23   response based on any newly learned information and in accordance with the Federal
24   Rules and the Court's Orders governing expert disclosures.[500]

25

26   _____
     [498]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 3.
27   [499]  MGA's First Set of Interrogatories, Hauler Dec., Exh. 5, at Interrogatory No. 4.
     [500]  <u>See</u> Opposition at Argument § III.
28

1       <u>Mattel properly reserved its privilege objection.</u> Mattel hereby incorporates by

2   reference Argument § IV of its Opposition.  To the extent the Interrogatory seeks

3   information protected by the attorney client privilege, Mattel timely objected to the

4   Interrogatory and preserved its objection.[501]

5

6   DATED:  October 1, 2009            QUINN EMANUEL URQUHART OLIVER &

7                                          HEDGES, LLP

8

9                                   By <u>/s/ Marshall M. Searcy III</u>

10                                    Marshall M. Searcy III
                                  Attorneys for Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   ───────────────

   [501]  <u>See</u> Opposition at Argument § IV.

28