QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.<br><br>    Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br>**[To Be Heard By Discovery Master Robert O'Brien]**<br><br>[PUBLIC REDACTED] DECLARATION OF MARSHALL M. SEARCY IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO MGAE DE MEXICO'S AND MGA ENTERTAINMENT (HK) LTD.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES<br><br>Date:  TBD<br>Time:  TBD<br>Place: Arent Fox LLP<br>       555 West Fifth St.<br>       48th Floor<br>       Los Angeles, CA<br>       90013<br><br>Discovery Cut-off: June 11, 2010<br>Pre-trial Conference: TBD<br>Trial Date: TBD |

# DECLARATION OF MARSHALL M. SEARCY III

I, Marshall M. Searcy, III, declare as follows:

1. I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. Mattel has already invested many hundreds of attorney hours to answering and supplementing interrogatory responses in Phase 2 of this case alone. My best estimate is that preparing answers to MGAE de Mexico's ("MGA Mexico") Interrogatory Nos. 1-11 and MGA Entertainment (HK) Ltd.'s ("MGA Hong Kong") Interrogatory Nos. 1-25 as drafted would require thousands of additional hours of attorney time. Indeed, much of this time would be spent re-packaging materials and information that has already been provided to defendants. For example, to provide the detailed information and analysis requested in the interrogatories as to each of the hundreds of predicate acts alone – which is a mere sampling of the detailed information the interrogatories demand – would require at least many hundreds, and likely thousands, of attorney hours. In addition, substantial time would need to be expended merely going through Mattel's previous interrogatory responses and selecting responsive information, in addition to looking through documents and other materials that have already been provided to the MGA Parties (and many of which were originally produced by the MGA Parties). All of this is likely to be of limited benefit because Mattel's pleadings and previous interrogatory responses already provide details and documentation of its RICO and other claims. [REDACTED]

3. [REDACTED]

00505.07975/3133083.1

DECLARATION OF MARSHALL M. SEARCY

1  ████████████████████████████████████████████████████
2  ████████████████████████████████████████████████████
3  ████████████████████████████████████████████████████
4  ████████████████████████████████████████████████████
5  ████████████████████████████████████████████████████
6  ████████████████████████████████████████████████████
7  ████████████████████████████████████████████████████
8  ████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████
11 ████████████████████████████████████████████████████
12 ████████████████████████████████████████████████████
13 ████

14       4.     In response to previous document requests, Mattel has already produced all written communications with law enforcement in its possession, custody or control regarding the criminal action against Machado, Trueba and Vargas.

18       5.     Curran Walker and I met and conferred in person with Bill Molinksi and Anthony De Corso on September 3, 2009 regarding MGA Hong Kong's Interrogatory Nos. 1-25 and MGA Mexico's Interrogatory Nos. 1-11. I explained that interrogatories had been allotted "per side" in Phase 1, and that simple fairness dictated that the same rule apply in Phase 2. Mr. Molinski stated that the MGA Parties believed that a "per party" rule should apply in Phase 2 because the Court stated that the Parties had a "clean slate" in Phase 2. Additionally, Mr. De Corso stated that the detailed subparts of the interrogatories are necessary because some of the RICO predicates in Mattel's Counterclaims are a "square peg in a round hole." I suggested that, if the MGA Parties would clarify which predicates they were referring to in a letter, Mattel would consider this

1  position. Mr. De Corso did not clarify which predicates he was referring to during
2  the meet and confer, and the MGA Parties did not provide any subsequent
3  clarification of this position.

4        6.    Attached hereto as Exhibit 1 is a true and correct copy of
5  Mattel's First Supplemental Objections and Responses to Interrogatory Nos. 20-23
6  and 28 in MGA Entertainment, Inc.'s ("MGA's") Second Set of Interrogatories,
7  dated July 31, 2009.

8        7.    Attached hereto as Exhibit 2 is a true and correct copy of Phase 2
9  Discovery Master Order No. 56, dated September 3, 2009.

10        8.    Attached hereto as Exhibit 3 is a true and correct copy of
11  excerpts of the Deposition Transcript of Leon Neman, dated August 14, 2009.

12        9.    Attached hereto as Exhibit 4 is a true and correct copy of MGA's
13  Third Supplemental Responses to Mattel's Amended Fourth Set of Interrogatories,
14  dated January 28, 2008.

15        10.    Attached hereto as Exhibit 5 is a true and correct copy of MGA
16  Hong Kong's Third Supplemental Responses to Mattel's Amended Fourth Set of
17  Interrogatories, dated January 28, 2008.

18        11.    Attached hereto as Exhibit 6 is a true and correct copy of Isaac
19  Larian's Third Supplemental Responses to Mattel's Amended Fourth Set of
20  Interrogatories, dated January 28, 2008.

21        12.    Attached hereto as Exhibit 7 is a true and correct copy of
22  excerpts of the Deposition Transcript of Carlos Gustavo Machado Gomez, dated
23  October 14, 2008.

24        13.    Attached hereto as Exhibit 8 is a true and correct copy of Mattel's
25  *Ex Parte* Application for Limited Reconsideration of Order No. 62, dated September
26  14, 2009.

27
28

14.  Attached hereto as Exhibit 9 is a true and correct copy of Mattel's Reply In Support Of *Ex Parte* Application for Limited Reconsideration of Order No. 62, dated September 16, 2009.

15.  Attached hereto as Exhibit 10 is a true and correct copy of Mattel's Notice of Motion and Motion to Compel Production of Documents and Things in Response to Mattel's First Set of Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V., dated July 15, 2009.

16.  Attached hereto as Exhibit 11 is a true and correct copy of excerpts from the Deposition Transcript of Jorge Castilla, dated October 22, 2008.

17.  Attached hereto as Exhibit 12 is a true and correct copy of Phase 2 Discovery Master Order No. 63, dated September 11, 2009.

18.  Attached hereto as Exhibit 13 is a true and correct copy of Mattel's Third Amended Answer and Counterclaims ("TAAC"), dated May 22, 2009.

19.  Attached hereto as Exhibit 14 is a true and correct copy of Mattel's Second Supplemental Reponses to Interrogatories 20-23 and 28, dated September 14, 2009.

20.  Attached hereto as Exhibit 15 is a true and correct copy of Carter Bryant's Second Supplemental Responses to Mattel's Revised Third Set of Interrogatories, dated January 28, 2008.

21.  Attached hereto as Exhibit 16 is a true and correct copy of Mattel's Second Supplemental Responses to MGA's First Set of Interrogatories to Mattel, dated May 23, 2008.

22.  Attached hereto as Exhibit 17 is a true and correct copy of Mattel's Supplemental Objections and Responses to MGA's Second Set of Interrogatories, dated March 5, 2008.

23. Attached hereto as Exhibit 18 is a true and correct copy of Mattel's Objections and Response to MGA's Amended Supplemental Interrogatory Regarding Affirmative Defenses, dated January 7, 2008.

24. Attached hereto as Exhibit 19 is a true and correct copy of Mattel's Objections and Second Supplemental Responses to Defendant's First Set of Interrogatories, Numbers 1-14, dated December 13, 2007.

25. Attached hereto as Exhibit 20 is a true and correct copy of Mattel's Supplemental Responses to Second Set of Interrogatories Propounded by Carter Bryant, dated March 4, 2008.

26. Attached hereto as Exhibit 21 is a true and correct copy of Mattel's Second Supplemental Response to Interrogatory No. 29 of MGA's Second Set of Interrogatories, dated July 7, 2009.

27. Attached hereto as Exhibit 22 is a true and correct copy of excerpts of MGA's Second Supplemental Responses to Mattel's Third Revised Set of Interrogatories, dated January 7, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 1st day of October 2009, at Los Angeles, California.

_____
Marshall M. Searcy III