Robert C. O'Brien (SBN 154372)
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:  213.629.7400
Facsimile:   213.629.7401
obrien.robert@arentfox.com

Discovery Master

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant. | Case No.  CV 04-09049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**PHASE 2 DISCOVERY MATTER**<br><br>**ORDER NO. 53, REGARDING:**<br><br>**DISCOVERY MASTER'S RECOMMENDATION THAT THE COURT EXECUTE A LETTER OF REQUEST ON BEHALF OF MATTEL** |
| CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v.<br>MATTEL, INC. | |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

1    Having reviewed Mattel, Inc.'s Motion for Issuance of a Letter of Request,

2    concerning Pablo Vargas San Jose and Mariana Trueba Almada and all other papers

3    submitted in support of an in opposition thereto, the Discovery Master finds that

4    good cause exists to **RECOMMEND** that the Court execute the Letter of Request

5    attached hereto as Exhibit A.

6

7    Dated:        August 26, 2009

8

9                                              By:        /s/ Robert C. O'Brien
                                                          ROBERT C. O'BRIEN
10                                                        Discovery Master

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                          CENTRAL DISTRICT OF CALIFORNIA

10                                 EASTERN DIVISION

11

| | |
|---|---|
| 12   CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13          Plaintiff, | Consolidated with<br>Case No. CV 04-09059 |
| 14          vs. | Case No. CV 05-02727 |
| 15   MATTEL, INC., a Delaware<br>corporation,, | [~~PROPOSED~~] REQUEST FOR<br>JUDICIAL ASSISTANCE (LETTER |
| 16          Defendant. | OF REQUEST) BY THE UNITED<br>STATES DISTRICT COURT FOR |
| 17   | THE CENTRAL DISTRICT OF<br>CALIFORNIA |
| 18   AND CONSOLIDATED ACTIONS | |

19

20

21

22

23

24

25

26

27

28

07975/2866400.2

Case 2:04-cv-09049-SGL-RNB   Document 6484-86   Filed 08/26/2009   Page 5 of 20

# TABLE OF CONTENTS

**Page**

LETTER OF REQUEST ....................................................................................... 2

I.    NATURE OF PROCEEDINGS ................................................................... 3

      A.    Names and Addresses of the Parties and Their Representatives
            (Article 3(b)) ................................................................................... 3

      B.    Nature and Purpose of the Proceedings and Summary of the
            Alleged Facts (Article 3(c)) ............................................................ 3

            1.    Nature of the Proceedings....................................................... 3

            2.    Procedural Background ........................................................... 4

            3.    Knowledge Of Persons To Be Examined ............................... 7

II.   EVIDENCE SOUGHT (ARTICLE 3(D))...................................................... 9

      A.    Pablo Vargas San Jose .................................................................... 9

      B.    Mariana Trueba Almada ................................................................ 10

      C.    Subject Matter About Which The Deponents Are To Be
            Examined (Article 3(f))................................................................. 10

      D.    Requirement That The Evidence Be Given on Oath or
            Affirmation and Specific Form to Be Used (Article 3(h)) .................. 11

      E.    Special Methods or Procedures to be Followed (Article 3(i) and
            9) .................................................................................................. 11

      F.    Fees and Costs............................................................................... 12

      G.    Notification of Court and Parties (Article 7) ................................. 12

      H.    Conclusion..................................................................................... 12

III.  REQUEST FOR JUDICIAL ASSISTANCE ................................................ 13

IV.   RECIPROCITY ........................................................................................ 14

V.    CONCLUSION ......................................................................................... 15

SCHEDULE A ................................................................................................ 16

SCHEDULE B ................................................................................................ 17

SCHEDULE C ................................................................................................ 18

07975/2866400.2

-i-

**TO THE SUPERIOR COURT OF JUSTICE FOR THE FEDERAL DISTRICT:**

The United States District Court for the Central District of California presents its compliments to the Superior Court of Justice for the Federal District, and requests international judicial assistance to obtain the following: (1) the examination, under oath, of Pablo Vargas San Jose, as set forth in Schedule B; and (2) the examination, under oath, of Mariana Trueba Almada, as set forth in Schedule C. The testimony of these witnesses is intended for use at trial, and will be relevant to numerous claims and defenses in the case. A trial on this matter is scheduled for March 23, 2010 in Riverside, California, United States of America.

This request is made pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, as adopted and implemented at 28 U.S.C. § 1781 and the Executive Order published in the Federal Official Gazette dated February 12, 1990.  This Court, the United States District Court for the Central District of California, Eastern Division, is a competent court of law and equity which properly has jurisdiction over this proceeding, has the power to compel the attendance of witnesses within its jurisdiction, and has the authority to seek the assistance of foreign governments in compelling the attendance of witnesses outside its jurisdiction.

This request is made with the understanding that it will in no way require the person described below to commit any offense, nor will it require the person described below to undergo a broader form of inquiry than they would if the litigation were conducted in Mexico.

Case 2:04-cv-09049-DOC-RNB   Document 6903   Filed 09/30/09   Page 7 of 23   Page ID
#:229235
Case 2:04-cv-09049-SGL-RNB   Document 5948   Filed 07/22/2009   Page 7 of 120

<u>**Letter of Request**</u>

**1.     Sender/Requesting Authority (Article 3(a))**

Hon. Stephen G. Larson
United States District Judge
United States District Court for the Central District of California
Room 260
3470 Twelfth Street
Riverside, CA 92501
Tel: (951) 328-4464

**2.     Authority of the Requested State (Article 3(a))**

Superior Court of Justice for the Federal District
Niños Heroes No. 132, Planta Baja, Colonia Doctores,
Delegación Cuauthemoc,,Código Postal 06720
Mexico City, Mexico
Tel:   51 34 11 00

**3.     Person to whom the executed request is to be returned**

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Tel: (213) 443-3000

**4.     Persons designated to act in connection with the Letter of Request**

The parties and their representatives listed in Schedule A attached hereto

**5.     Persons designated to carry out  formalities on behalf of the requesting party:**

Jointly or individually: Hector Geronimo Calatayud - Izquierdo, Ricardo Luis
Hernandez - Garfias, Victor Manuel Rivero - Montiel, Hector Leonel Rivera -
Muñoz, Enrique Valdespino - Pastrana and/or Arturo Aguirre -Arias,

Paseo de los Tamarindos No. 400 "A", Colonia Bosques de las Lomas,
Delegación Cuajimalpa, Código Postal 05120,
Mexico City, Mexico

**6.     Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

As soon as reasonably practicable consistent with the Court's calendar.

REQUEST FOR JUDICIAL ASSISTANCE

Case 2:04-cv-09049-DOC-RNB   Document 6903   Filed 09/30/09   Page 8 of 23   Page ID
#:229236
Case 2:04-cv-09049-SGL-RNB   Document 5486   Filed 08/26/2009   Page 8 of 23

**7.    Identity and address of those to be examined (Article 3(e))**

Pablo Vargas San Jose
135 Loma de Guadalupe
Alvaro Obregon
Mexico D.F. 1720

Mariana Trueba Almada
Paseo del Pedregal 1110 Casa 10
Jardines Del Pedregal
Alvaro Obregon
Mexico, D.F. 01900

**I.    NATURE OF PROCEEDINGS**

    **A.    Names and Addresses of the Parties and Their Representatives (Article 3(b))**

The evidence requested relates to the action entitled <u>Bryant v. Mattel, Inc.</u>, Case No. CV 04-9049 SGL (RNBx), which consists of three actions that have been consolidated before the requesting judicial authority:  <u>Mattel, Inc. v. Bryant</u>, Case No. CV 04-9049 SGL (RNBx) (the "Bryant Case"); <u>Bryant v. Mattel, Inc.</u>, Case No. CV 04-9049 SGL (RNBx) (the "Declaratory Relief Case"), and <u>MGA Entertainment, Inc. v. Mattel, Inc.</u>, Case No. CV05-2727 SGL (RNBx) (the "Unfair Competition Case").  The parties and their representatives are listed in Schedule A attached hereto.  The applicant for this letter of request is defendant and cross-plaintiff Mattel, Inc.  ("Mattel").

    **B.    Nature and Purpose of the Proceedings and Summary of the Alleged Facts (Article 3(c))**

        **1.    Nature of the Proceedings**

This proceeding is a civil lawsuit alleging copyright infringement, misappropriation of trade secrets, violation and conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, breach of contract, intentional interference with contract, breach and aiding and abetting breach of fiduciary duty, breach and aiding and abetting breach of duty of loyalty, conversion, unfair

1   competition, avoidance of intentional and constructive fraudulent transfers under the

2   Uniform Fraudulent Transfer Act, and declaratory relief.

3                    **2.   Procedural Background**

4        Mattel's Original Complaint.  Mattel learned in November 2003 that Carter

5   Bryant, a former Mattel doll designer, had contracted to provide and provided

6   services to MGA Entertainment, Inc. while he was a Mattel employee.  Mattel

7   originally filed suit against Bryant for breach of contract, breach of fiduciary duty,

8   breach of the duty of loyalty, unjust enrichment and conversion in April 2004.  In its

9   Complaint, Mattel alleged its claim to ownership of all inventions and works created

10  by Bryant during his Mattel employment and seeks to recover all benefits obtained

11  as a result of his breach of duties.  As of January 2005, Bryant claimed he had

12  earned more than $10 million from his relationship with MGA.  MGA intervened in

13  Mattel's case against Bryant in December 2004 to defend the rights it claims in the

14  Bratz properties, which Bryant created while, Mattel alleges, he was a Mattel doll

15  designer.

16       Bryant's Counterclaims.  Bryant initially challenged the assignment

17  provisions in the Inventions Agreement between he and Mattel in four

18  Counterclaims, alleging unconscionability, mistake, duress, fraud, Labor Code

19  violations, Business and Professions Code violations, unfair competition and other

20  claims.  Bryant sought rescission of the Inventions Agreement and a declaration that

21  the Inventions Agreement is unenforceable.  The Court dismissed all of Bryant's

22  Counterclaims in an 18-page Order.  The Court rejected Bryant's arguments that the

23  Inventions Agreement is not enforceable, holding that, even construing Bryant's

24  allegations in the light most favorable to him, "Bryant cannot prove any set of facts

25  in support of the claims that would entitle him to relief."

26       In addition to his Counterclaims, Bryant sued Mattel in November 2004 for a

27  declaratory judgment that he had not infringed the copyrights in a Mattel project

28

-4-

1  known as "Toon Teens."  Like his Counterclaims, the Court dismissed Bryant's
2  declaratory judgment complaint on the pleadings.

3       <u>Consolidation</u>.  After the Court lifted a discovery stay imposed while the
4  Ninth Circuit Court of Appeal resolved an appeal regarding subject matter
5  jurisdiction issues, the Court consolidated Mattel's case against Bryant, Bryant's
6  declaratory relief case and a case that MGA had filed against Mattel alleging trade
7  dress infringement, delusion and unfair competition, among others, for all purposes.

8       <u>Mattel's Second Amended Counterclaims</u>.  Mattel filed its Second Amended
9  Answer and Counterclaims on July 12, 2007, asserting thirteen counterclaims
10  against six named defendants, MGA Entertainment, Inc., Isaac Larian, MGA
11  Entertainment (HK) Ltd., MGA's Hong Kong subsidiary, MGAE de Mexico S.R.L.
12  de C.V., MGA's Mexican subsidiary, Carlos Gustavo Machado Gomez, and Carter
13  Bryant.  Mattel's counterclaims included claims for copyright infringement,
14  misappropriation of trade secrets, violation of and conspiracy to violate the
15  Racketeer Influenced and Corrupt Organizations ("RICO") Act, breach of contract,
16  intentional interference with contract, breach of fiduciary duty, aiding and abetting
17  breach of fiduciary duty, breach of duty of loyalty, aiding and abetting breach of
18  duty of loyalty, conversion, unfair competition, and declaratory relief.

19       In its Second Amended Counterclaims, Mattel alleged that MGA and other
20  defendants, including MGA's Mexican subsidiary, MGAE de Mexico, Isaac Larian,
21  MGA Entertainment, Inc.'s CEO, and former CEO of MGAE de Mexico, and Carlos
22  Gustavo Machado Gomez (collectively the "MGA Defendants"), have engaged in
23  the systematic theft of Mattel's trade secrets, which the MGA Defendants used to
24  unfairly compete against Mattel.[1]  It is alleged that the MGA Defendants hired
25  directly from Mattel numerous employees, including at least three in Mexico, and
26
27      [1]   <u>See</u> Mattel's Second Amended Counterclaims dated July 12, 2007 at ¶ 37.
28

-5-

1   including the two that Mattel seeks to examine.[2]  Mattel further alleged that the

2   MGA Defendants specifically targeted and recruited many of these employees based

3   on the Mattel confidential and proprietary information the Mattel employees could

4   access and bring to MGA.[3]  Mr. Vargas and Ms. Trueba were two of these Mattel

5   employees.

6          On February 21, 2007, this Court bifurcated these consolidated cases into two

7   phases.  Phase 1 focused on ownership of the works Carter Bryant created while he

8   was a Mattel employee, including Bratz, Mattel's claims of copyright infringement

9   stemming from that ownership and Bryant's work with MGA while he was a Mattel

10  employee, including the illegal payments MGA made or offered to him while he

11  was a Mattel employee.

12         During the summer of 2008, the parties tried the Phase 1 issues, resulting in

13  jury verdicts in Mattel's favor.  The jury found that Bryant had created or conceived

14  of the Bratz characters, the Bratz name and virtually all of the Bratz drawings,

15  sculpts and prototypes at issue during the time he was a Mattel employee.   Such

16  Bratz-related inventions therefore were owned by Mattel, and not Bryant or MGA,

17  under Bryant's Inventions Agreement with Mattel.   The jury also found MGA, its

18  Hong Kong affiliate and its CEO, Isaac Larian, liable on Mattel's claims for

19  copyright infringement and for several intentional torts and awarded $100 million in

20  damages against these defendants.

21         Mattel's Third Amended Counterclaims.  On May 22, 2009, Mattel, Inc. filed

22  its Third Amended Answer and Counterclaims.  These counterclaims included the

23  claims of the Second Amended Answer and Counterclaims identified above, and

24  added an additional claim for avoidance of intentional and constructive fraudulent

25  transfers under the Uniform Fraudulent Transfer Act.  Mattel alleges that, after

26  _____

27  [2]  Id. at ¶ 77.
    [3]  Id.

28

07975/2866400.2

-6-

REQUEST FOR JUDICIAL ASSISTANCE

Case 2:04-cv-09049-DOC-RNB   Document 6903   Filed 09/30/09   Page 12 of 23   Page ID
#:229240
Case 2:04-cv-09049-SGL-RNB   Document 5934-6   Filed 08/26/2009   Page 2 of 23

1  Phase 1 trial, MGA and Larian created several shell corporations and used them to

2  divert MGA profits to Isaac Larian and his friends and family, and did so to defraud

3  Mattel.  Mattel also alleged thefts of Mattel trade secrets by additional employees,

4  and additional predicate acts to its RICO claims, including the conduct noted above,

5  perjury and obstruction of justice by Isaac Larian, destruction of evidence, and

6  commercial bribery as a result of the hiring of three additional Mattel employees to

7  work for MGA while still employed by Mattel.

8                      **3.   Knowledge Of Persons To Be Examined**

9          Mattel has alleged that Mr. Vargas and Ms. Trueba are two principal actors in

10  the MGA Defendants' scheme to steal and profit from Mattel's trade secrets and

11  confidential and proprietary information.[4]  Ms. Trueba was the Senior Marketing

12  Manager, Girls Division, for Mattel Mexico.[5]  Mr. Vargas was a Senior Trade

13  Marketing Manager with Mattel Mexico.[6]  Mattel alleges that the MGA Defendants

14  recruited Mr. Vargas and Ms. Trueba, along with a third Mattel employee, Carlos

15  Gustavo Machado Gomez, beginning in late 2003 or early 2004.  Mattel alleges that

16  in connection with that plan to join MGA, and with the encouragement of MGA's

17  CEO, Isaac Larian, and other MGA officers operating in the United States, they

18  began accessing, copying and collecting Mattel trade secrets and confidential and

19  proprietary information.  On April 19, 2004, Mr. Machado, Ms. Trueba and Mr.

20  Vargas each resigned their positions with Mattel, effective immediately.[7]

21          Mattel alleges that, starting on April 12, 2004, Mr. Vargas copied a host of

22  trade secrets, confidential and proprietary materials to a portable USB storage

23

24  _____

25          [4] The allegations set forth in this section are from Mattel's Third Amended
    Counterclaims, dated May 22, 2009.

26          [5]  Id. at ¶ 46.

27          [6]  Id. at ¶ 47.
            [7]  Id. at ¶ 48.

28

Case 2:04-cv-09049-DOC-RNB   Document 6903   Filed 09/30/09   Page 13 of 23   Page ID
#:229241
Case 2:04-cv-09049-SGL-RNB   Document 5446   Filed 08/28/2009   Page 13 of 20

1   device, including sales plans, sales projections and customer profiles.[8]  On April 16,

2   2004, Ms. Trueba also copied Mattel trade secrets, confidential and proprietary

3   information to a portable USB storage device connected to her Mattel computer.[9]  In

4   total, Mattel alleges the three employees stole virtually every type of document a

5   competitor would need to enter the Mexican market and to unlawfully compete with

6   Mattel in Mexico, in the United States, and elsewhere.  Mattel alleged that they stole

7   global internal future line lists that detailed anticipated future products, production

8   and shipping costs for Mattel products; daily sales data for Mattel products;

9   customer data; sales estimates and projections; marketing projections; documents

10  analyzing changes in sales performance from 2003 to 2004; budgets for advertising

11  and promotional expenses; strategic research reflecting consumer responses to

12  products in development; media plans; consumer comments regarding existing

13  Mattel products customer discounts and terms of sale; customer inventory level

14  data; assessments of promotional campaign success; market size historical data and

15  projections; marketing plans and strategies; merchandising plans; retail pricing and

16  marketing strategies; and other similar materials.[10]

17         Mattel notified Mexican authorities about the theft of its trade secret and

18  confidential information.  On October 27, 2005, the Mexican Attorney General

19  Office obtained a search warrant from the Mexican Federal Criminal Courts for the

20  offices and facilities of MGAE de Mexico in Mexico City.  In that search, the

21  Mexican authorities found and seized from the offices of MGAE de Mexico both

22  electronic and paper copies of hundreds of documents containing Mattel trade

23  secrets, including those that Mattel alleges it discovered through its forensic

24

25

---

26  [8]   Id. at ¶ 52.
27  [9]   Id. at ¶ 53.
    [10]   Id. at ¶ 55.
28

Case 2:04-cv-09049-DOC-RNB   Document 6903   Filed 09/30/09   Page 14 of 23   Page ID
#:229242
Case 2:04-cv-09049-SGL-RNB   Document 5486   Filed 08/28/2009   Page 14 of 230

1    investigations, plus many others that Mattel had not known had been stolen.[11]  On

2    September 2006, Mr. Vargas and Ms. Trueba were prosecuted by the Federal

3    Attorney General Office, and now they are subject to a criminal trial (cause

4    130/2006) with the 10th District Court in Federal Criminal Process for the Federal

5    District, for the crime of misappropriation of trade secrets.

6          Mattel has previously sought to depose Mr. Vargas and Ms. Trueba.  Mattel

7    noticed their deposition, but MGA refused to produce Mr. Vargas and Ms. Trueba

8    for deposition in the United States or in Mexico.

9    **II.    EVIDENCE SOUGHT (ARTICLE 3(D))**

10         The evidence to be obtained consists of testimony for use in the Phase 2 trial

11   of the consolidated actions that have been captioned <u>Bryant v. Mattel, Inc.</u>, Case

12   No. 04-9049 SGL (RNBx) (Consolidated with Case No. 04-9059 and Case No. 05-

13   2727).  It is requested that a Mexican judicial authority compel Pablo Vargas San

14   Jose to appear and to be examined, under oath, as to his knowledge of the topics set

15   forth in Schedule B.  It is further requested that a Mexican judicial authority compel

16   Mariana Trueba Almada to appear and to be examined, under oath, as to his

17   knowledge of the topics set forth in Schedule C.

18         **A.    Pablo Vargas San Jose**

19         Mr. Vargas is a Mexican national and resides in your jurisdiction at 135 Loma

20   de Guadalupe, Alvaro Obregon, Mexico D.F. 1720.  As detailed above, it is alleged

21   by Mattel that Mr. Vargas was one of the principal actors engaged in the MGA

22   Defendants' scheme of wrongdoing underlying Mattel's Counterclaims in that he

23   stole and subsequently assisted the MGA Defendants in profiting from Mattel's trade

24   secrets, or otherwise confidential or proprietary information.

25

26

27   [11]   <u>Id.</u> at ¶ 60.

28

REQUEST FOR JUDICIAL ASSISTANCE

**B.    Mariana Trueba Almada**

Ms. Trueba is a Mexican national and resides in your jurisdiction at Paseo del Pedregal 1110 Casa 10, Jardines Del Pedregal, Alvaro Obregon, Mexico, D.F. 01900.  As detailed above, it is alleged by Mattel that Ms. Trueba was one of the principal actors engaged in the MGA Defendants' scheme of wrongdoing underlying Mattel's Counterclaims in that she stole and subsequently assisted the MGA Defendants in profiting from Mattel's trade secrets, or otherwise confidential or proprietary information.

These allegations, and others, underlie Mattel's claims for misappropriation of trade secrets and RICO violations.[12]  These allegations are also relevant to Mattel's claims in that they will bear on and Mattel believes will evidence these individuals' and the MGA Defendants' theft and use of Mattel's trade secrets.  Moreover, they are relevant to Mattel's defense against MGA's unfair competition claims because such information will prove that it was MGA that had prior access to Mattel's business plans and strategies and that MGA was the one copying Mattel's intellectual property and ideas—not the other way around as MGA alleges.

Because Mr. Vargas and Ms. Trueba have unique and personal knowledge of the matters at issue in the consolidated litigation proceedings, it will further the interests of justice if they are examined, under oath, as to their knowledge of the facts which are relevant to the claims and defenses of these consolidated cases.

**C.    Subject Matter About Which The Deponents Are To Be Examined (Article 3(f))**

The subject matter about which Mr. Vargas is to be examined is set forth in Schedule B.  The subject matter about which Ms. Trueba is to be examined is set forth in Schedule C.

---

[12]  Id. at ¶¶ 146-165.

07975/2866400.2

REQUEST FOR JUDICIAL ASSISTANCE

Case 2:04-cv-09049-SGL-RNB   Document 5946   Filed 07/22/2009   Page 16 of 20

**D.**   <u>**Requirement That The Evidence Be Given on Oath or Affirmation**</u>
<u>**and Specific Form to Be Used (Article 3(h))**</u>

The examinations of Mr. Vargas and Ms. Trueba shall be taken under oath before the appropriate Mexican judicial authority and empowered to administer oaths and take testimony.

This Court further requests that you require that the testimony given during the examinations be given under the following oath: "I [name of deponent] swear that the testimony that I am about to give is the truth, the whole truth and nothing but the truth, so help me God."

In the event that the Law of the United Mexican States does not permit the swearing of an oath by a particular witness, the duly appointed officer shall make inquiry of such witness to ensure that he/she understands the gravity of the procedure and affirms that his/her statement will be true and correct in all respects.

**E.**   <u>**Special Methods or Procedures to be Followed (Article 3(i) and 9)**</u>

The examinations shall be taken under the Federal Rules of Civil Procedure of the United States of America, except to the extent such procedure is incompatible with the internal laws of Mexico.

Considering that the parties' representatives are not fluent in Spanish, the examination and cross-examination shall be taken in English, and therefore, a duly authorized expert translator will be timely appointed by the requesting party ("Mattel").

The examinations shall be taken before a commercial stenographer and a verbatim transcript shall be produced.  The examinations shall also be videotaped.

The equipment needed to obtain the verbatim transcript and the videotape, as well as the persons needed to operate such equipment, will be provided by the requesting party ("Mattel").

Case 2:04-cv-09049-DOC-RNB   Document 6903   Filed 09/30/09   Page 17 of 23   Page ID
#:229245
Case 2:04-cv-09049-SGL-RNB   Document 5548   Filed 07/22/2009   Page 17 of 20

**F.     Fees and Costs**

Any fees and costs incurred by Mr. Vargas and Ms. Trueba in conjunction with their respective examinations will be paid by Defendant Mattel, Inc, through its counsel of record:  Michael T. Zeller, Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, CA  90017.  Mattel's payment of any such fees and costs is without prejudice to its making a subsequent request to be reimbursed for these costs by other parties in these consolidated actions.

**G.     Notification of Court and Parties (Article 7)**

Pursuant to Article 7 of the Hague Convention on the Taking of Evidence Abroad, the Court requests that counsel for the parties in this action, listed in Schedule A, be informed of the time when, and the place where, the proceedings will take place, in order that they may be present.

**H.     Conclusion**

Based on the foregoing and the Court's review of the pleadings, this Court has concluded that Mr. Vargas and Ms. Trueba have information about the claims and defenses that are the subject of the civil action against the MGA Defendants and Carter Bryant, including but not limited to their knowledge of the alleged theft of Mattel's trade secrets; the subsequent distribution and use of those trade secrets to harm Mattel, and their knowledge of communications with MGA, or anyone acting on MGA's behalf, on or before April 19, 2004, regarding their resignation from Mattel; compensation, money or anything of value paid by the MGA Defendants to Mr. Vargas and Ms. Trueba.

Accordingly, in the interests of justice and to assure a complete record, it is necessary for: (1) Mr. Vargas to be examined under oath on the topics set forth in Schedule B; and (2) Ms. Trueba to be examined under oath on the topics set forth in Schedule C.

07975/2866400.2

-12-

1    **III.    REQUEST FOR JUDICIAL ASSISTANCE**

2          The evidence sought cannot be obtained other than from Mr. Vargas and Ms.

3    Trueba through examination, and such evidence will be useful to this Court in

4    determining the validity of the claims and defenses in this case.  The evidence

5    sought is necessary for trial in this matter and will be adduced at trial, if admissible

6    and appropriate.

7          Therefore, after having thoroughly reviewed the pleadings in this matter, this

8    Court requests the following as to Mr. Vargas and Ms. Trueba:

9          (1)    You cause, by your proper and usual process, Mr. Vargas and Ms.

10   Trueba to be summoned, at their addresses set forth herein, or at any other domiciles

11   which are provided to you by the individuals authorized by the requesting party, to

12   appear before you or some competent official authorized by you, on a date mutually

13   agreed upon by the deponent and the parties or at a time and/or place to be

14   determined by you, to give testimony under oath by questions and answers upon oral

15   examination, such examination to continue day to day until completion and

16   conducted in accordance with the <u>Federal Rules of Civil Procedure</u> or as permitted

17   by you.  Mr. Vargas and Ms. Trueba shall be summoned under official warning to

18   apply against them the most effective enforcement measures allowed by law, to

19   achieve their appearance at the hearing scheduled for them to give their testimony.

20   In the event that the Law of the United Mexican States does not permit the swearing

21   of an oath by a particular witness, the duly appointed officer shall make inquiry of

22   such witness to ensure that he/she understands the gravity of the procedure and

23   affirms that his/her statement will be true and correct in all respects.

24         (2)    You permit Mr. Vargas and Ms. Trueba to be examined under oath by

25   counsel for all parties in this matter, allowing full examination and cross-

26   examination on the subject matter of this case, including the topics delineated in

27   Schedules B and C to this Letter of Request.

28

07975/2866400.2

-13-

REQUEST FOR JUDICIAL ASSISTANCE

1   (3) You cause a verbatim transcript of the testimony of the witnesses to be

2 taken and reduced to writing.  The examinations shall also be videotaped.

3   (4) You order that the oral evidence produced pursuant to your

4 enforcement of this Letter of Request shall not be used by anyone in any manner or

5 proceeding other than in this matter, <u>Bryant v. Mattel, Inc.</u>, Case No. 04-9049 SGL

6 (RNBx) (Consolidated with Case No. 04-9059 and Case No. 05-2727), pending in

7 the United States District Court for the Central District of California.  A Protective

8 Order was entered in this action on January 4, 2005 (Attachment 1 hereto).

9   (5) You notify counsel for the parties in this action, listed in Schedule A, of

10 the time when, and the place where, the proceedings will take place, in order that

11 they may be present.

12 **IV. RECIPROCITY**

13   This Court expresses its sincere willingness to provide similar assistance to

14 the Central Authority of the United Mexican States if future circumstances should

15 require.

16 //

17 //

18 //

19 //

20 //

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28 //

-14-

REQUEST FOR JUDICIAL ASSISTANCE

Case 2:04-cv-09049-DOC-RNB    Document 6903    Filed 09/30/09    Page 20 of 23    Page ID
#:229248
Case 2:04-cv-09049-SGL-RNB    Document 5448    Filed 08/28/2009    Page 20 of 20

## V.     CONCLUSION

In the spirit of comity and reciprocity, this Court hereby requests international judicial assistance in the form of this Letter of Request to compel: (1) Mr. Vargas to be examined under oath on the topics set forth in Schedule B; and (2) Ms. Trueba to be examined under oath on the topics set forth in Schedule C.

DATED: _____9-8_____, 2009

By_____
THE HONORABLE STEPHEN G. LARSON
United States District Judge

Authentication of Signature by Clerk of the Court:

TERRY NAFISI, Clerk of the Court

By_____
Deputy Clerk _____

Court's Authentication that the Clerk of Court is the Clerk of Court:

By_____
THE HONORABLE STEPHEN G. LARSON
United States District Judge

Authentication of Signature by Clerk of the Court:

TERRY NAFISI, Clerk of the Court

By_____
Deputy Clerk _____

07975/2866400.2

REQUEST FOR JUDICIAL ASSISTANCE

Case 2:04-cv-09049-DOC-RNB   Document 6903   Filed 09/30/09   Page 21 of 23   Page ID
#:229249
Case 2:04-cv-09049-SGL-RNB   Document 5548-6   Filed 08/22/2009   Page 18 of 20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SCHEDULE A

### NAMES AND ADDRESSES OF THE PARTIES

### AND THEIR REPRESENTATIVES

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Jon D. Corey, Esq.
**QUINN EMANUEL
URQUHART
OLIVER & HEDGES, LLP**
865 South Figueroa Street, 10th
Floor
Los Angeles, CA 90017

*Attorneys for Mattel, Inc.*

Melinda Haag, Esq.
Annette L. Hurst, Esq.
Warrington S. Parker III, Esq.
**ORRICK, HERRINGTON &
SUTCLIFFE LLP**
The Orrick Building,
405 Howard Street
San Francisco, CA 94104

William A. Molinski, Esq.
**ORRICK, HERRINGTON &
SUTCLIFFE LLP**
777 South Figueroa Street, Suite
3200
Los Angeles, CA 90017

Thomas J. Nolan, Esq.
Jason Russell, Esq.
**SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP**
300 South Grand Ave., Suite 3400
Los Angeles, CA 90071

*Attorneys for MGA
Entertainment, Inc.; MGAE de
Mexico, S.R.L. de C.V.; MGA
Entertainment (HK) Limited; and
Isaac Larian*

Mark E. Overland, Esq.
David C. Scheper, Esq.
Alexander H. Cote, Esq.
**OVERLAND, BORENSTEIN,
SCHEPER & KIM, LLP**
300 S. Grand Avenue, Suite 2750
Los Angeles, CA 90071

*Attorneys for Carlos Gustavo
Machado Gomez*

Todd E. Gordinier, Esq.
Peter N. Villar, Esq.
Craig A. Taggart, Esq.
**BINGHAM MCCUTCHEN LLP**
600 Anton Blvd., 18th Floor
Costa Mesa, CA 92626

**Attorneys for *Omni 808 Investors,
LLC***

07975/2866400.2

REQUEST FOR JUDICIAL ASSISTANCE

Case 2:04-cv-09049-DOC-RNB   Document 6903   Filed 09/30/09   Page 22 of 23   Page ID
#:229250
Case 2:04-cv-09049-SGL-RNB   Document 5544   Filed 08/22/2009   Page 22 of 20

## SCHEDULE B

### SUBJECT MATTER ABOUT WHICH MR. VARGAS IS TO BE EXAMINED

1. Theft of documents that contain proprietary and trade secret information, physical or electronic, from Mattel, Inc., Mattel de Mexico, S.A. de C.V. or Mattel Servicios, S.A. de C.V., by anyone, including Mr. Vargas.

2. Mr. Vargas' communications with the MGA Defendants, or anyone acting on the MGA Defendants' behalf, on or before April 19, 2004, including but not limited to communications regarding Mr. Vargas' resignation from Mattel.

3. Compensation, money or anything of value paid by the MGA Defendants to Mr. Vargas, including bonuses.

4. Mr. Vargas' receipt, access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any documents, data and/or information, that were prepared, made, created, generated, assembled or compiled by or for Mattel and that the MGA Defendants received, directly or indirectly from Mr. Vargas.

5. Mr. Vargas' access, use, dissemination or disclosure of Mattel's trade secrets, or otherwise confidential or proprietary information, while employed by the MGA Defendants.

6. Mr. Vargas' communications with MGA, including but not limited to Isaac Larian, Thomas Park or Susanna Kuemmerle, relating to his decision to join MGAE de Mexico and other matters at issue in this Action.

7. Mr. Vargas' role in establishing MGAE de Mexico, including communications related thereto.

8. Mr. Vargas' title(s), role(s), and responsibilities at MGAE de Mexico.

07975/2866400.2

-17-

REQUEST FOR JUDICIAL ASSISTANCE

## SCHEDULE C

### SUBJECT MATTER ABOUT WHICH MS. TRUEBA IS TO BE EXAMINED

1.  Theft of documents that contain proprietary and trade secret information, physical or electronic, from Mattel, Inc., Mattel de Mexico, S.A. de C.V. or Mattel Servicios, S.A. de C.V., by anyone, including Ms. Trueba.

2.  Ms. Trueba's communications with the MGA Defendants, or anyone acting on the MGA Defendants' behalf, on or before April 19, 2004, including but not limited to communications regarding Ms. Trueba's resignation from Mattel.

3.  Compensation, money or anything of value paid by the MGA Defendants to Ms. Trueba, including bonuses.

4.  Ms. Trueba's receipt, access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any documents, data and/or information, that were prepared, made, created, generated, assembled or compiled by or for Mattel and that the MGA Defendants received, directly or indirectly from Ms. Trueba.

5.  Ms. Trueba's access, use, dissemination or disclosure of Mattel's trade secrets, or otherwise confidential or proprietary information, while employed by the MGA Defendants.

6.  Ms. Trueba's communications with MGA, including but not limited to Isaac Larian, Thomas Park or Susanna Kuemmerle, relating to her decision to join MGAE de Mexico and other matters at issue in this Action.

7.  Ms. Trueba's role in establishing MGAE de Mexico, including communications related thereto.

8.  Ms. Trueba's title(s), role(s), and responsibilities at MGAE de Mexico.

-18-

REQUEST FOR JUDICIAL ASSISTANCE