# EXHIBIT 2

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S THIRD SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. (PHASE 2) |
| Defendant. | |
| AND CONSOLIDATED CASES | |

PROPOUNDING PARTY:        MATTEL, INC.

RESPONDING PARTY:         MGA ENTERTAINMENT, INC.

SET NO.:        THREE (PHASE 2)

**EXHIBIT 2  Page 264**

MATTEL, INC.'S THIRD SET OF REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT (PHASE 2)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Mattel, Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to these document requests ("Requests") and make available for inspection and copying originals of the following documents within 30 days of service at the offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th floor, Los Angeles, CA 90017.  MGA shall be obligated to supplement responses to these requests at such times and to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

## I.   DEFINITIONS

A.   "YOU," "YOUR" and "MGA" mean MGA Entertainment, Inc. and any PERSON acting directly or indirectly by, through, under or on behalf of MGA Entertainment, Inc., including but not limited to, current or former directors, officers, agents, attorneys, employees, partners, joint venturers, contractors, accountants, or representatives of MGA Entertainment, Inc., and any current or former corporation, partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest of MGA Entertainment, Inc., and any other PERSON acting on its behalf.

B.   "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all writings, including but not limited to, handwriting, typewriting, printing, image, photograph, photocopy, digital file of any kind, transmittal by (or as an attachment to) electronic mail (including instant messages and text messages) or facsimile, video and audio recordings, and every other means of recording upon any tangible thing, any form of COMMUNICATION or representation, and any record thereby created, regardless of the manner in which the record has been stored, and all non-

**EXHIBIT 2  Page 265**

1  identical copies of such DOCUMENTS, in the possession, custody, or control of

2  YOU, YOUR counsel, or any other PERSON acting on YOUR behalf.

3        C.      "REFERRING OR RELATING TO," "REFER OR RELATE

4  TO," "RELATING," "RELATING TO" or "REFERS TO" means any and all of the

5  following terms and their synonyms:  refer to, discuss, constitute, evidence, pertain

6  to, mention, support, undermine, disprove, refute, contradict, negate, bear on,

7  amend, revise, modify, touch on, contain, embody, reflect, identify, state, deal with,

8  concern, comment on, summarize, respond to, relate to, or describe.

9        D.      "PERSON," in the plural as well as the singular, means any

10  natural person, association, partnership, corporation, joint venture, government

11  entity, organization, limited liability company, trust, institution, proprietorship, or

12  any other entity recognized as having an existence under the laws in the United

13  States or any other nation.

14        E.      "IDENTIFY," "IDENTIFYING" OR "IDENTITY" means the

15  following:

16        (a)      With reference to an individual, means such individual's name,

17  current or last known business title, current or last known business affiliation,

18  current or last known relationship to YOU, current or last known residential and

19  business address, and current or last known telephone number.

20        (b)      With reference to an entity or entities, such entity's full name,

21  state (or country) of incorporation or organization, present or last known address,

22  and present or last known telephone number.

23        (c)      With reference to any other DOCUMENT or DOCUMENTS,

24  means the date, identity of the author, addressee(s), signatories, parties, or other

25  PERSONS identified therein, its present location or custodian and a description of

26  its contents.

27        (d)      With reference to an account with a bank or financial institution,

28  means the name and address of the bank or financial institution, the account

**EXHIBIT 2  Page 266**

1  number(s) for or otherwise associated with such account and the name of each

2  holder, including without limitation, each beneficial holder, of each such account.

3         F.     "COUNTERCLAIMS" means the claims and allegations set

4  forth in MATTEL's Mattel's Third Amended Answer and Counterclaims dated May

5  22, 2009, and any amendments or supplementations thereto and/or in MATTEL's

6  answers to any Interrogatories propounded by YOU, and any amendments or

7  supplementations thereto.

8         G.     "COMMUNICATION," in the plural as well as the singular,

9  means any transmittal and/or receipt of information, whether such was oral or

10  written, and whether such was by chance, prearranged, formal or informal, and

11  specifically includes, but is not limited to, conversations in person, telephone

12  conversations, electronic mail (including instant messages and text messages),

13  voicemail, letters, memoranda, statements, media releases, magazine and newspaper

14  articles, and video and audio transmissions.

15         H.     "FORECASTING SYSTEM" shall mean the method or manner

16  of collecting, receiving and processing information in order to predict, project or

17  forecast demand for or sales and/or distribution of products, including but not

18  limited to the systems, applications, programs, models, metrics and software used in

19  connection therewith.

20         I.     "INVENTORY SYSTEM" shall mean the method or manner of

21  collecting, receiving and processing information, including without limitation

22  information regarding the actual or forecasted demand for or ordering,

23  manufacturing, distribution, shipping, delivery and/or sales of products, in order to

24  monitor, track or determine actual, projected or desired levels of finished product

25  inventory, including but not limited to the systems, applications, programs, models,

26  metrics and software used in connection therewith.

27         J.     "INVENTORY OBSOLESCENCE EXPENSE" shall mean

28  expense associated with excess inventory, including but not limited to inventory

**EXHIBIT 2  Page 267**

07975/3077993.2

1  provisions, lower of cost or market adjustments, inventory re-valuations or any other

2  write down or write-off of inventory.

3             K.      The singular form of a noun or pronoun includes within its

4  meaning the plural form of the noun or pronoun so used, and vice versa; the use of

5  the masculine form of a pronoun also includes within its meaning the feminine form

6  of the pronoun so used, and vice versa; the use of any tense of any verb includes

7  also within its meaning all other tenses of the verb so used, whenever such

8  construction results in a broader request for information; and "and" includes "or"

9  and vice versa, whenever such construction results in a broader disclosure of

10  documents or information.

11

12  **II.**    <u>**INSTRUCTIONS**</u>

13             A.      YOU are to produce all requested DOCUMENTS in YOUR

14  possession, custody or control.

15             B.      If YOU contend that YOU are not required to produce certain

16  DOCUMENTS called for by these Requests on the grounds of a privilege or

17  protection that YOU are not prepared to waive, IDENTIFY each such DOCUMENT

18  and provide the following information:

19             1.      the date and type of the DOCUMENT, the author(s) and all

20                  recipients;

21             2.      the privilege or protection that YOU claim permits YOU to

22                  withhold the DOCUMENT;

23             3.      the title and subject matter of the DOCUMENT;

24             4.      any additional facts on which YOU base YOUR claim of

25                  privilege or protection; and

26             5.      the IDENTITY of the current custodian of the original of the

27                  DOCUMENT.

28

**EXHIBIT 2  Page 268**

C.    DOCUMENTS shall be produced in their original file folders, or other native format. If the DOCUMENTS are in their original file folders, in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

D.    The DOCUMENTS should be produced in their complete and unaltered form. Attachments to DOCUMENTS should not be removed. The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance. If emails are produced that had attachments, the attachments shall be attached when produced.

E.    DOCUMENTS in electronic form shall be produced in that form.

F.    In the event that any DOCUMENT called for by these requests has been destroyed or discarded, that DOCUMENT is to be identified by stating:

1.    the date and type of the DOCUMENT, the author(s) and all recipients;

2.    the DOCUMENT's date, subject matter, number of pages, and attachments or appendices;

3.    the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard;

4.    the PERSONS who were authorized to carry out such destruction or discard;

5.    the PERSONS who have knowledge of the content, origins, distribution and destruction of the DOCUMENT; and

6.    whether any copies of the DOCUMENT exist and, if so, the name of the custodian of each copy.

**EXHIBIT 2  Page 269**

## III.  **REQUESTS FOR DOCUMENTS AND THINGS**

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS REFERRING OR RELATING TO any INVENTORY SYSTEM used by MATTEL from January 1, 1999 to the present.

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS REFERRING OR RELATING TO any FORECASTING SYSTEM used by MATTEL from January 1, 1999 to the present.

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS REFERRING OR RELATING TO any data warehouse or system for storing data used by MATTEL from January 1, 1999 to the present.

REQUEST FOR PRODUCTION NO. 4:

DOCUMENTS sufficient to identify the name of any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 5:

DOCUMENTS sufficient to IDENTIFY any PERSON from whom YOU purchased, acquired or licensed any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS REFERRING OR RELATING TO the creation, design, development or implementation of any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

**EXHIBIT 2  Page 270**

REQUEST FOR PRODUCTION NO. 7:

DOCUMENTS sufficient to IDENTIFY any PERSON who participated in the creation, design, development or implementation of any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 8:

For each INVENTORY SYSTEM used by YOU from January 1, 2001 to the present, DOCUMENTS sufficient to show the time period during which YOU used each such INVENTORY SYSTEM, including but not limited to when YOU first began using and when YOU ceased using each such INVENTORY SYSTEM.

REQUEST FOR PRODUCTION NO. 9:

For any INVENTORY SYSTEM YOU began using any time between January 1, 2001 and the present, all DOCUMENTS REFERRING OR RELATING TO the reasons YOU adopted or implemented each such INVENTORY SYSTEM.

REQUEST FOR PRODUCTION NO. 10:

For any INVENTORY SYSTEM YOU ceased using any time between January 1, 2001 and the present, all DOCUMENTS REFERRING OR RELATING TO the reasons YOU ceased using each such INVENTORY SYSTEM.

REQUEST FOR PRODUCTION NO. 11:

For any INVENTORY SYSTEM YOU considered using any time from January 1, 2001 to the present, all DOCUMENTS REFERRING OR RELATING TO the reasons YOU did not adopt or implement each such INVENTORY SYSTEM.

**EXHIBIT 2  Page 271**

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS REFERRING OR RELATING TO the estimated, projected, anticipated or actual length of time necessary to create, design, develop or implement any INVENTORY SYSTEM used or considered by YOU from January 1, 2001 to the present.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS REFERRING OR RELATING TO the estimated, projected, anticipated or actual cost to create, design, develop or implement any INVENTORY SYSTEM used or considered by YOU from January 1, 2001 to the present.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS REFERRING OR RELATING TO the estimated, projected, anticipated or actual cost to purchase, acquire or license any INVENTORY SYSTEM used or considered by YOU from January 1, 2001 to the present.

**REQUEST FOR PRODUCTION NO. 15:**

All handbooks, guidebooks, instruction books, manuals, presentations, reports, memoranda or other DOCUMENTS that explain, describe or demonstrate the function, manner or method of operation of, or how to use, any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

**REQUEST FOR PRODUCTION NO. 16:**

DOCUMENTS sufficient to show the function, manner or method of operation of, and types of data stored in, any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

**EXHIBIT 2  Page 272**

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS REFERRING OR RELATING TO any estimated, projected, anticipated or actual benefits, including but not limited to return on investment, lower inventory costs, lower obsolescence costs, increased profits and increased profit margins, from any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS REFERRING OR RELATING TO any bonus, salary increase or other compensation paid to, or to be paid to, any individual based, in whole or in part, on any benefits, including but not limited to lower inventory costs, lower obsolescence costs, increased profits and increased profit margins, from any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS REFERRING OR RELATING TO any review, analysis, assessment or evaluation of any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present or any comparison of any such INVENTORY SYSTEM used by YOU to any other potential, proposed or actual INVENTORY SYSTEM.

**REQUEST FOR PRODUCTION NO. 20:**

DOCUMENTS sufficient to IDENTIFY any PERSON who performed or participated in any review, analysis, assessment or evaluation of any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present or any comparison of any such INVENTORY SYSTEM to any other potential, proposed or actual INVENTORY SYSTEM.

1  REQUEST FOR PRODUCTION NO. 21:

2          All DOCUMENTS REFERRING OR RELATING TO the creation,

3  design, development or implementation of any modification, revision, upgrade or

4  improvement to any INVENTORY SYSTEM used by YOU from January 1, 2001 to

5  the present.

6

7  REQUEST FOR PRODUCTION NO. 22:

8          DOCUMENTS sufficient to IDENTIFY any PERSON who

9  participated in the creation, design, development or implementation of any

10  modification, revision, upgrade or improvement to any INVENTORY SYSTEM

11  used by YOU from January 1, 2001 to the present.

12

13  REQUEST FOR PRODUCTION NO. 23:

14          For any INVENTORY SYSTEM that YOU modified, revised,

15  upgraded or improved any time between January 1, 2001 and the present,

16  DOCUMENTS sufficient to show the time period during which YOU used each

17  such modification, revision, upgrade or improvement, including but not limited to

18  when YOU first began using each such modification, revision, upgrade or

19  improvement.

20

21  REQUEST FOR PRODUCTION NO. 24:

22          For any INVENTORY SYSTEM YOU modified, revised, upgraded or

23  improved any time between January 1, 2001 and the present, all DOCUMENTS

24  REFERRING OR RELATING TO the reasons YOU adopted or implemented each

25  such modification, revision, upgrade or improvement.

26

27

28

**EXHIBIT 2  Page 274**

REQUEST FOR PRODUCTION NO. 25:

All DOCUMENTS REFERRING OR RELATING TO the estimated, projected, anticipated or actual length of time necessary to create, design, develop or implement any modification, revision, upgrade or improvement that YOU made or considered making to any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 26:

All DOCUMENTS REFERRING OR RELATING TO the estimated, projected, anticipated or actual cost to create, design, develop or implement any modification, revision, upgrade or improvement that YOU made or considered making to any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 27:

All DOCUMENTS REFERRING OR RELATING TO the estimated, projected, anticipated or actual cost to purchase, acquire or license any modification, revision, upgrade or improvement that YOU made or considered making to any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 28:

All handbooks, guidebooks, instruction books, manuals, presentations, reports, memoranda or other DOCUMENTS that explain, describe or demonstrate the function, manner or method of operation of, or how to use, any modification, revision, upgrade or improvement to any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 29:

For any INVENTORY SYSTEM modified, revised, upgraded or improved by YOU any time between January 1, 2001 and the present, DOCUMENTS sufficient to show the function, manner or method of operation of, and types of data stored in, each such INVENTORY SYSTEM as modified, revised, upgraded or improved.

REQUEST FOR PRODUCTION NO. 30:

All DOCUMENTS REFERRING OR RELATING TO any estimated, projected, anticipated or actual benefits, including but not limited to return on investment, lower inventory costs, lower obsolescence costs, increased profits and increased profit margins, from any modification, revision, upgrade or improvement to any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 31:

All DOCUMENTS REFERRING OR RELATING TO any bonus, salary increase or other compensation paid to, or to be paid to, any individual based, in whole or in part, on any benefits, including but not limited to lower inventory costs, lower obsolescence costs, increased profits and increased profit margins, from any modification, revision, upgrade or improvement to any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 32:

DOCUMENTS sufficient to identify the name of any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 33:

DOCUMENTS sufficient to IDENTIFY any PERSON from whom YOU purchased, acquired or licensed any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 34:

All DOCUMENTS REFERRING OR RELATING TO the creation, design, development or implementation of any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 35:

DOCUMENTS sufficient to IDENTIFY any PERSON who participated in the creation, design, development or implementation of any FORECASTING SYSTEM used YOU by from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 36:

DOCUMENTS sufficient to show the time period during which YOU used any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present, including but not limited to when YOU first began using and when YOU ceased using each such FORECASTING SYSTEM.

REQUEST FOR PRODUCTION NO. 37:

For any FORECASTING SYSTEM YOU began using any time between January 1, 2001 and the present, all DOCUMENTS REFERRING OR RELATING TO the reasons YOU adopted or implemented each such FORECASTING SYSTEM.

**EXHIBIT 2  Page 277**

1  REQUEST FOR PRODUCTION NO. 38:

2      For any FORECASTING SYSTEM YOU ceased using any time

3  between January 1, 2001 and the present, all DOCUMENTS REFERRING OR

4  RELATING TO the reasons YOU ceased using each such FORECASTING

5  SYSTEM.

6

7  REQUEST FOR PRODUCTION NO. 39:

8      For any FORECASTING SYSTEM YOU considered using any time

9  from January 1, 2001 to the present, all DOCUMENTS REFERRING OR

10  RELATING TO the reasons YOU did not adopt or implement each such

11  FORECASTING SYSTEM.

12

13  REQUEST FOR PRODUCTION NO. 40:

14      All DOCUMENTS REFERRING OR RELATING TO the estimated,

15  projected, anticipated or actual length of time necessary to create, design, develop or

16  implement any FORECASTING SYSTEM used or considered by YOU from

17  January 1, 2001 to the present.

18

19  REQUEST FOR PRODUCTION NO. 41:

20      All DOCUMENTS REFERRING OR RELATING TO the estimated,

21  projected, anticipated or actual cost to create, design, develop or implement any

22  FORECASTING SYSTEM used or considered by YOU from January 1, 2001 to the

23  present.

24

25  REQUEST FOR PRODUCTION NO. 42:

26      All DOCUMENTS REFERRING OR RELATING TO the estimated,

27  projected, anticipated or actual cost to purchase, acquire or license any

28

1 FORECASTING SYSTEM used or considered by YOU from January 1, 2001 to the

2 present.

3

4 REQUEST FOR PRODUCTION NO. 43:

5          All handbooks, guidebooks, instruction books, manuals, presentations,

6 reports, memoranda or other DOCUMENTS that explain, describe or demonstrate

7 the function, manner or method of operation of, or how to use, any FORECASTING

8 SYSTEM used by YOU from January 1, 2001 to the present.

9

10 REQUEST FOR PRODUCTION NO. 44:

11          DOCUMENTS sufficient to show the function, manner or method of

12 operation of, and types of data stored in, any FORECASTING SYSTEM used by

13 YOU from January 1, 2001 to the present.

14

15 REQUEST FOR PRODUCTION NO. 45:

16          All DOCUMENTS REFERRING OR RELATING TO any estimated,

17 projected, anticipated or actual benefits, including but not limited to return on

18 investment, lower inventory costs, lower obsolescence costs, increased profits and

19 increased profit margins, from any FORECASTING SYSTEM used by YOU from

20 January 1, 2001 to the present.

21

22 REQUEST FOR PRODUCTION NO. 46:

23          All DOCUMENTS REFERRING OR RELATING TO any bonus,

24 salary increase or other compensation paid to, or to be paid to, any individual based,

25 in whole or in part, on any benefits, including but not limited to lower inventory

26 costs, lower obsolescence costs, increased profits and increased profit margins, from

27 any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

28

**EXHIBIT 2  Page 279**

1   REQUEST FOR PRODUCTION NO. 47:

2          All DOCUMENTS REFERRING OR RELATING TO any review,

3   analysis, assessment or evaluation of any FORECASTING SYSTEM used by YOU

4   from January 1, 2001 to the present or any comparison of any such FORECASTING

5   SYSTEM used by YOU to any other potential, proposed or actual FORECASTING

6   SYSTEM.

7

8   REQUEST FOR PRODUCTION NO. 48:

9          DOCUMENTS sufficient to IDENTIFY any PERSON who performed

10   or participated in any review, analysis, assessment or evaluation of any

11   FORECASTING SYSTEM used by YOU from January 1, 2001 to the present or

12   any comparison of any such FORECASTING SYSTEM to any other potential,

13   proposed or actual FORECASTING SYSTEM.

14

15   REQUEST FOR PRODUCTION NO. 49:

16          All DOCUMENTS REFERRING OR RELATING TO the creation,

17   design, development or implementation of any modification, revision, upgrade or

18   improvement to any FORECASTING SYSTEM used by YOU from January 1, 2001

19   to the present.

20

21   REQUEST FOR PRODUCTION NO. 50:

22          DOCUMENTS sufficient to IDENTIFY any PERSON who

23   participated in the creation, design, development or implementation of any

24   modification, revision, upgrade or improvement to any FORECASTING SYSTEM

25   used by YOU from January 1, 2001 to the present.

26

27

28

**EXHIBIT 2  Page 280**

1   REQUEST FOR PRODUCTION NO. 51:

2          For any FORECASTING SYSTEM that YOU modified, revised,

3   upgraded or improved any time between January 1, 2001 and the present,

4   DOCUMENTS sufficient to show the time period during which YOU used each

5   such modification, revision, upgrade or improvement, including but not limited to

6   when YOU first began using each such modification, revision, upgrade or

7   improvement.

8

9   REQUEST FOR PRODUCTION NO. 52:

10          For any FORECASTING SYSTEM YOU modified, revised, upgraded

11   or improved any time between January 1, 2001 and the present, all DOCUMENTS

12   REFERRING OR RELATING TO the reasons YOU adopted or implemented each

13   such modification, revision, upgrade or improvement.

14

15   REQUEST FOR PRODUCTION NO. 53:

16          All DOCUMENTS REFERRING OR RELATING TO the estimated,

17   projected, anticipated or actual length of time necessary to create, design, develop or

18   implement any modification, revision, upgrade or improvement that YOU made or

19   considered making to any FORECASTING SYSTEM used by YOU from January 1,

20   2001 to the present.

21

22   REQUEST FOR PRODUCTION NO. 54:

23          All DOCUMENTS REFERRING OR RELATING TO the estimated,

24   projected, anticipated or actual cost to create, design, develop or implement any

25   modification, revision, upgrade or improvement that YOU made or considered

26   making to any FORECASTING SYSTEM used by YOU from January 1, 2001 to

27   the present.

28

REQUEST FOR PRODUCTION NO. 55:

All DOCUMENTS REFERRING OR RELATING TO the estimated, projected, anticipated or actual cost to purchase, acquire or license any modification, revision, upgrade or improvement that YOU made or considered making to any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 56:

All handbooks, guidebooks, instruction books, manuals, presentations, reports, memoranda or other DOCUMENTS that explain, describe or demonstrate the function, manner or method of operation of, or how to use, any modification, revision, upgrade or improvement to any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 57:

For any FORECASTING SYSTEM modified, revised, upgraded or improved by YOU any time between January 1, 2001 and the present, DOCUMENTS sufficient to show the function, manner or method of operation of, and types of data stored in, each such FORECASTING SYSTEM as modified, revised, upgraded or improved.

REQUEST FOR PRODUCTION NO. 58:

All DOCUMENTS REFERRING OR RELATING TO any estimated, projected, anticipated or actual benefits, including but not limited to return on investment, lower inventory costs, lower obsolescence costs, increased profits and increased profit margins, from any modification, revision, upgrade or improvement to any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

**EXHIBIT 2  Page 282**

-19-

07975/3077993.2

MATTEL, INC.'S THIRD SET OF REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT (PHASE 2)

REQUEST FOR PRODUCTION NO. 59:

All DOCUMENTS REFERRING OR RELATING TO any bonus, salary increase or other compensation paid to, or to be paid to, any individual based, in whole or in part, on any benefits, including but not limited to lower inventory costs, lower obsolescence costs, increased profits and increased profit margins, from any modification, revision, upgrade or improvement to any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 60:

DOCUMENTS sufficient to show the manner in which inventory has been valued and accounted for on YOUR financial statements (audited and unaudited) and interim reports from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 61:

DOCUMENTS sufficient to show, by SKU, YOUR inventory of finished products, in units and at cost, each month from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 62:

DOCUMENTS sufficient to show, by product line or product category, YOUR inventory of finished products, in units and at cost, each month from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 63:

DOCUMENTS sufficient to show, by SKU, YOUR INVENTORY OBSOLESCENCE EXPENSE each month from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 64:

DOCUMENTS sufficient to show, by product line or product category, YOUR INVENTORY OBSOLESCENCE EXPENSE each month from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 65:

All DOCUMENTS REFERRING OR RELATING TO any appraisal of YOUR inventory from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 66:

DOCUMENTS sufficient to show, by SKU, the amount of all inventory, in units and at cost, sold by YOU to IGWT Group, LLC and IGWT 826 Investments, LLC.

REQUEST FOR PRODUCTION NO. 67:

DOCUMENTS sufficient to show, by SKU, the sales price per unit of all inventory sold by YOU to IGWT Group, LLC and IGWT 826 Investments, LLC.

REQUEST FOR PRODUCTION NO. 68:

All COMMUNICATIONS to, from or with Jorge Castilla REFERRING OR RELATING the creation, design, development or implementation of any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 69:

All DOCUMENTS REFERRING OR RELATING TO ANY COMMUNICATIONS to, from or with Jorge Castilla REFERRING OR RELATING TO the creation, design, development or implementation of any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 70:

All COMMUNICATIONS to, from or with Jorge Castilla REFERRING OR RELATING TO any modification, change, alteration, upgrade, revision or improvement to any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 71:

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS to, from or with Jorge Castilla REFERRING OR RELATING TO any modification, change, alteration, upgrade, revision or improvement to any INVENTORY SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 72:

All COMMUNICATIONS to, from or with Jorge Castilla REFERRING OR RELATING the creation, design, development or implementation of any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 73:

All DOCUMENTS REFERRING OR RELATING TO ANY COMMUNICATIONS to, from or with Jorge Castilla REFERRING OR RELATING TO the creation, design, development or implementation of any FORECASTING SYSTEM used by YOU from January 1, 2001 to the present.

REQUEST FOR PRODUCTION NO. 74:

All COMMUNICATIONS to, from or with Jorge Castilla REFERRING OR RELATING TO any modification, change, alteration, upgrade,

1  revision or improvement to any FORECASTING SYSTEM used by YOU from

2  January 1, 2001 to the present.

3

4  REQUEST FOR PRODUCTION NO. 75:

5           All DOCUMENTS REFERRING OR RELATING TO any

6  COMMUNICATIONS to, from or with Jorge Castilla REFERRING OR

7  RELATING TO any modification, change, alteration, upgrade, revision or

8  improvement to any FORECASTING SYSTEM used by YOU from January 1, 2001

9  to the present.

10

11  REQUEST FOR PRODUCTION NO. 76:

12           All DOCUMENTS that constitute COMMUNICATIONS between

13  YOU (including YOUR agents and attorneys) and law enforcement authorities in

14  Mexico, Canada or the United States, including but not limited to the United States

15  Attorney's Office, the Department of Justice and any national, regional, state or local

16  authorities, that REFER OR RELATE to any of the allegations in MATTEL's

17  COUNTERCLAIMS or any other alleged taking of MATTEL confidential or trade

18  secret information by MGA or persons currently or formerly employed by MGA.

19

20  REQUEST FOR PRODUCTION NO. 77:

21           All DOCUMENTS that REFER OR RELATE TO

22  COMMUNICATIONS between YOU (including YOUR agents and attorneys) and

23  law enforcement authorities in Mexico, Canada or the United States, including but

24  not limited to the United States Attorney's Office, the Department of Justice and any

25  national, regional, state or local authorities, that REFER OR RELATE to any of the

26  allegations in MATTEL's COUNTERCLAIMS or any other alleged taking of

27  MATTEL confidential or trade secret information by MGA or persons currently or

28  formerly employed by MGA.

**EXHIBIT 2  Page 286**

MATTEL, INC.'S THIRD SET OF REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT (PHASE 2)

REQUEST FOR PRODUCTION NO. 78:

All DOCUMENTS that YOU (including YOUR agents and attorneys) provided to law enforcement authorities in Mexico, Canada, or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any national, regional, state or local authorities, that REFER OR RELATE to any of the allegations in MATTEL'S COUNTERCLAIMS or any other alleged taking of MATTEL confidential or trade secret information by MGA or persons currently or formerly employed by MGA.

REQUEST FOR PRODUCTION NO. 79:

All DOCUMENTS that constitute COMMUNICATIONS between YOU (including YOUR agents and attorneys) and law enforcement authorities in Mexico, Canada or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any national, regional, state or local authorities, that REFER OR RELATE to Gustavo Machado.

REQUEST FOR PRODUCTION NO. 80:

All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS between YOU (including YOUR agents and attorneys) and law enforcement authorities in Mexico, Canada or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any national, regional, state or local authorities, that REFER OR RELATE to Gustavo Machado.

REQUEST FOR PRODUCTION NO. 81:

All DOCUMENTS that constitute COMMUNICATIONS between YOU (including YOUR agents and attorneys) and law enforcement authorities in Mexico, Canada or the United States, including but not limited to the United States

**EXHIBIT 2  Page 287**

07975/3077993.2

1   Attorney's Office, the Department of Justice and any national, regional, state or local

2   authorities, that REFER OR RELATE to Jorge Castilla.

3

4   REQUEST FOR PRODUCTION NO. 82:

5           All DOCUMENTS that REFER OR RELATE TO

6   COMMUNICATIONS between YOU (including YOUR agents and attorneys) and

7   law enforcement authorities in Mexico, Canada or the United States, including but

8   not limited to the United States Attorney's Office, the Department of Justice and any

9   national, regional, state or local authorities, that REFER OR RELATE to Jorge

10  Castilla.

11

12  REQUEST FOR PRODUCTION NO. 83:

13          All DOCUMENTS that constitute COMMUNICATIONS between

14  YOU (including YOUR agents and attorneys) and law enforcement authorities in

15  Mexico, Canada or the United States, including but not limited to the United States

16  Attorney's Office, the Department of Justice and any national, regional, state or local

17  authorities, that REFER OR RELATE to Janine Brisbois.

18

19  REQUEST FOR PRODUCTION NO. 84:

20          All DOCUMENTS that REFER OR RELATE TO

21  COMMUNICATIONS between YOU (including YOUR agents and attorneys) and

22  law enforcement authorities in Mexico, Canada or the United States, including but

23  not limited to the United States Attorney's Office, the Department of Justice and any

24  national, regional, state or local authorities, that REFER OR RELATE to Janine

25  Brisbois.

26

27

28

**EXHIBIT 2  Page 288**

**REQUEST FOR PRODUCTION NO. 85:**

All DOCUMENTS that constitute COMMUNICATIONS between YOU (including YOUR agents and attorneys) and law enforcement authorities in Mexico, Canada or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any national, regional, state or local authorities, that REFER OR RELATE to Ron Brawer.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS between YOU (including YOUR agents and attorneys) and law enforcement authorities in Mexico, Canada or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any national, regional, state or local authorities, that REFER OR RELATE to Ron Brawer.

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS that constitute COMMUNICATIONS between YOU (including YOUR agents and attorneys) and law enforcement authorities in Mexico, Canada or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any national, regional, state or local authorities, that REFER OR RELATE to Daniel Cooney.

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS between YOU (including YOUR agents and attorneys) and law enforcement authorities in Mexico, Canada or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any

EXHIBIT 2  Page 289

07975/3077993.2

MATTEL, INC.'S THIRD SET OF REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT (PHASE 2)

1  national, regional, state or local authorities, that REFER OR RELATE to Daniel

2  Cooney.

3

4  REQUEST FOR PRODUCTION NO. 89:

5          All DOCUMENTS that constitute COMMUNICATIONS between

6  YOU (including YOUR agents and attorneys) and law enforcement authorities in

7  Mexico, Canada or the United States, including but not limited to the United States

8  Attorney's Office, the Department of Justice and any national, regional, state or local

9  authorities, that REFER OR RELATE to Nick Contreras.

10

11  REQUEST FOR PRODUCTION NO. 90:

12          All DOCUMENTS that REFER OR RELATE TO

13  COMMUNICATIONS between YOU (including YOUR agents and attorneys) and

14  law enforcement authorities in Mexico, Canada or the United States, including but

15  not limited to the United States Attorney's Office, the Department of Justice and any

16  national, regional, state or local authorities, that REFER OR RELATE to Nick

17  Contreras.

18

19  REQUEST FOR PRODUCTION NO. 91:

20          All DOCUMENTS that constitute COMMUNICATIONS between

21  YOU (including YOUR agents and attorneys) and law enforcement authorities in

22  Mexico, Canada or the United States, including but not limited to the United States

23  Attorney's Office, the Department of Justice and any national, regional, state or local

24  authorities, that REFER OR RELATE to Isaac Larian from January 1, 2001 to the

25  present.

26

27

28

**EXHIBIT 2  Page 290**

1 | REQUEST FOR PRODUCTION NO. 92:

2 |       All DOCUMENTS that REFER OR RELATE TO

3 | COMMUNICATIONS between YOU (including YOUR agents and attorneys) and

4 | law enforcement authorities in Mexico, Canada or the United States, including but

5 | not limited to the United States Attorney's Office, the Department of Justice and any

6 | national, regional, state or local authorities, that REFER OR RELATE to Isaac

7 | Larian from January 1, 2001 to the present.

8 |

9 | REQUEST FOR PRODUCTION NO. 93:

10 |       All DOCUMENTS that constitute COMMUNICATIONS between

11 | YOU (including YOUR agents and attorneys) and law enforcement authorities in

12 | Mexico, Canada or the United States, including but not limited to the United States

13 | Attorney's Office, the Department of Justice and any national, regional, state or local

14 | authorities, that REFER OR RELATE to MGA from January 1, 2001 to the present.

15 |

16 | REQUEST FOR PRODUCTION NO. 94:

17 |       All DOCUMENTS that REFER OR RELATE TO

18 | COMMUNICATIONS between YOU (including YOUR agents and attorneys) and

19 | law enforcement authorities in Mexico, Canada or the United States, including but

20 | not limited to the United States Attorney's Office, the Department of Justice and any

21 | national, regional, state or local authorities, that REFER OR RELATE to MGA

22 | from January 1, 2001 to the present.

23 |

24 | DATED:  September 16, 2009      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

25 |

26 |        By ⟨signature⟩

27 |        Scott B. Kidman
       Attorneys for Mattel, Inc.

28 |

07975/3077993.2

**EXHIBIT 2  Page 291**

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1301 W. 2nd Street, #101, Los Angeles, California 90026.

On September 16, 2009, I served true copies of the following document(s) described as on the parties in this action as follows: **MATTEL, INC.'S THIRD SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. (PHASE 2)**

on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>   Thomas J. Nolan, Esq.<br>   Jason Russell, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA  90071<br>   tnolan@skadden.com<br>   jrussell@skadden.com | **Attorneys for** *the MGA Parties* |
| Orrick, Herrington & Sutcliffe, LLP<br>   William A. Molinski, Esq.<br>777 South Figueroa Street, Suite 3200<br>Los Angeles, CA 90017<br>   wmolinski@orrick.com | **Attorneys for** *the MGA Parties* |

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 16, 2009, at Los Angeles, California.

By _____
Dave Quintana
NOW Legal Services

**EXHIBIT 2  Page 292**

# **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1301 W. 2nd Street, #101, Los Angeles, California 90026.

On September 16, 2009, I served true copies of the following document(s) described as on the parties in this action as follows: **MATTEL, INC.'S THIRD SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. (PHASE 2)**

| | |
|---|---|
| Bingham McCutchen LLP<br> Todd E. Gordinier, Esq.<br> Peter N. Villar, Esq.<br>600 Anton Boulevard, 18th Floor<br>Costa Mesa, CA 92626-1924<br> todd.gordinier@bingham.com<br> peter.villar@bingham.com | **Attorneys for** *the Omni 808 Investors, LLC* |
| Orrick, Herrington & Sutcliffe, LLP<br> Melinda Haag, Esq.<br> Annette L. Hurst, Esq.<br> Warrington S. Parker III, Esq.<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105<br> mhaag@orrick.com<br> ahurst@orrick.com<br> wparker@orrick.com | **Attorneys for** *the MGA Parties* |
| Scheper, Kim & Overland, LLP<br> Mark E. Overland, Esq.<br> Alexander H. Cote, Esq.<br>601 West Fifth Street, 12th Floor<br>Los Angeles, CA 90071<br> moverland@obsklaw.com<br> acote@obsklaw.com | **Attorneys for** *Carlos Gustavo Machado Gomez* |

975/3077993.2

**EXHIBIT 2  Page 293**

MATTEL, INC.'S THIRD SET OF REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT (PHASE 2)

1    **BY ELECTRONIC MAIL TRANSMISSION:**  By electronic mail
2    transmission from candyliao@quinnemanuel.com on September 16, 2009, by
3    transmitting a PDF format copy of such document(s) to each such person at the
     e-mail address listed below their address(es).  The document(s) was/were
4    transmitted by electronic transmission and such transmission was reported as
     complete and without error.
5

6        I declare under penalty of perjury under the laws of the State of California
7    that the foregoing is true and correct.

8        Executed on September 16, 2009, at Los Angeles, California.

9

10   _____
11   Candy Liao
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 2  Page 294**

-31-