# EXHIBIT 4

Case 2:04-cv-09049-DOC-RNB   Document 6918-4   Filed 10/09/09   Page 2 of 9   Page ID #:233242
Case 2:04-cv-09049-SGL-RNB   Document 5994-5   Filed 07/22/2009   Page 6 of 32
Case 2:04-cv-09049-SGL-RNB   Document 5588   Filed 05/21/2009   Page 1 of 27

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>[~~PROPOSED~~] REQUEST FOR JUDICIAL ASSISTANCE (LETTER OF REQUEST) BY THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |

07975/2938972.1

Case 2:04-cv-09049-DOC-RNB   Document 6918-4   Filed 10/09/09   Page 3 of 9   Page ID #:233243
Case 2:04-cv-09049-SGL-RNB   Document 5994-5   Filed 07/22/2009   Page 7 of 32
Case 2:04-cv-09049-SGL-RNB   Document 5588   Filed 05/21/2009   Page 2 of 27

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | NATURE OF PROCEEDINGS | 2 |
| | A. Names and Addresses of the Parties and Their Representatives | 2 |
| | B. Nature and Purpose of the Proceedings and Summary of the Alleged Facts | 2 |
| |    1. Procedural Background | 2 |
| |    2. Knowledge of Person to be Examined | 4 |
| |       (a) Janine Brisbois | 4 |
| |       (b) MGA Entertainment Canada | 6 |
| II. | CANADIAN EVIDENCE SOUGHT | 6 |
| | A. Janine Brisbois | 7 |
| | B. MGA Entertainment Canada's Person Most Knowledgeable | 9 |
| |    1. Subject Matter About Which The Deponents Are To Be Examined | 10 |
| |    2. Special Methods or Procedures to be Followed | 10 |
| |    3. Fees and Costs | 10 |
| |    4. Conclusion | 10 |
| III. | REQUEST FOR JUDICIAL ASSISTANCE | 11 |
| IV. | RECIPROCITY | 14 |
| V. | CONCLUSION | 14 |
| SCHEDULE A | | 15 |
| SCHEDULE B | | 16 |
| SCHEDULE C | | 20 |
| SCHEDULE D | | 21 |
| SCHEDULE E | | 25 |

Case 2:04-cv-09049-DOC-RNB   Document 6918-4   Filed 10/09/09   Page 4 of 9   Page ID #:233244
Case 2:04-cv-09049-SGL-RNB   Document 5994-5   Filed 07/22/2009   Page 8 of 32
Case 2:04-cv-09049-SGL-RNB   Document 5588   Filed 05/21/2009   Page 3 of 27

1 | TO THE ONTARIO SUPERIOR COURT OF JUSTICE:

2   The United States District Court for the Central District of California presents its compliments to the Ontario Superior Court of Justice, and requests international judicial assistance to obtain the following: (1) the production of documents and oral examination, under oath, from Janine Brisbois, as set forth in Schedule B and C, respectively; (2) the production of documents from MGA Entertainment Canada, as set forth in Schedule D; and (3) the oral examination, under oath, from MGA Entertainment Canada on the topics set forth in Schedule E.

  This request is made pursuant to 28 U.S.C. § 1781 and the Canada Evidence Act, Revised Statutes of Canada, 1970, c. E-10. This Court, the United States District Court for the Central District of California, Eastern Division, is a competent court of law and equity which properly has jurisdiction over this proceeding, and has the power to compel the attendance of witnesses and production of documents both within and outside its jurisdiction. On information and belief, Ms. Brisbois resides in Canada. The testimony of Ms. Brisbois and the production of documents by her is intended for use at trial. Further, on information and belief, the person most knowledgeable on the topics set forth in Schedule E is employed by MGA Entertainment Canada and resides in Ontario, Canada. The testimony of this witness and the production of documents by MGA Canada is intended for use at trial.

  This request is made with the understanding that it will in no way require the person described below to commit any offense, nor will it require the person described below to undergo a broader form of inquiry than they would if the litigation were conducted in Canada. In the proper exercise of its authority, this Court has determined that the testimony of Janine Brisbois on the topics set forth in Schedule C and the documents described in Schedule B can not be secured except by the intervention of the Ontario Superior Court of Justice. This Court has further determined that the testimony of the person most knowledgeable on the topics set

Case 2:04-cv-09049-DOC-RNB Document 6918-4 Filed 10/09/09 Page 5 of 9 Page ID #:233245
Case 2:04-cv-09049-SGL-RNB Document 5994-5 Filed 07/22/2009 Page 9 of 32
Case 2:04-cv-09049-SGL-RNB Document 5588 Filed 05/21/2009 Page 4 of 27

1 forth in Schedule E and the documents described in Schedule D can not be secured
2 except by intervention of the Ontario Superior Court of Justice.
3 I. **NATURE OF PROCEEDINGS**
4     A. **Names and Addresses of the Parties and Their Representatives**
5         The evidence requested relates to the action entitled <u>Bryant v. Mattel, Inc.</u>,
6 Case No. CV 04-9049 SGL (RNBx), which consists of three actions that have been
7 consolidated before the requesting judicial authority: <u>Mattel, Inc. v. Bryant</u>, Case
8 No. CV 04-9049 SGL (RNBx) (the "Bryant Case"); <u>Bryant v. Mattel, Inc.</u>, Case
9 No. CV 04-9049 SGL (RNBx) (the "Declaratory Relief Case"), and <u>MGA v.</u>
10 <u>Mattel, Inc.</u>, Case No. CV05-2727 SGL (RNBx) (the "Unfair Competition Case").
11 The parties and their representatives are listed in Schedule A attached hereto. The
12 applicant for this letter of request is defendant and cross-plaintiff Mattel, Inc.
13 ("Mattel").
14     B. **Nature and Purpose of the Proceedings and Summary of the**
15         **Alleged Facts**
16         1. **Procedural Background**
17         <u>Mattel's Original Complaint</u>. Mattel learned in November 2003 that Carter
18 Bryant, a former Mattel doll designer, had contracted to provide and provided
19 services to MGA Entertainment, Inc. while he was a Mattel employee. Mattel
20 originally filed suit against Bryant for breach of contract, breach of fiduciary duty,
21 breach of the duty of loyalty, unjust enrichment and conversion in April 2004. In its
22 Complaint, Mattel alleged its claim to ownership of all inventions and works created
23 by Bryant during his Mattel employment and seeks to recover all benefits obtained
24 as a result of his breach of duties. As of January 2005, Bryant claimed he had
25 earned more than $10 million from his relationship with MGA. MGA intervened in
26 Mattel's case against Bryant in December 2004 to defend the rights it claims in the
27 Bratz properties, which Bryant created while, Mattel alleges, he was a Mattel doll
28 designer.

Case 2:04-cv-09049-DOC-RNB   Document 6918-4   Filed 10/09/09   Page 6 of 9   Page ID #:233246
Case 2:04-cv-09049-SGL-RNB   Document 5994-5   Filed 07/22/2009   Page 10 of 32
Case 2:04-cv-09049-SGL-RNB   Document 5588   Filed 05/21/2009   Page 5 of 27

1      <u>Bryant's Counterclaims</u>. Bryant initially challenged the assignment
2  provisions in the Inventions Agreement between he and Mattel in four
3  Counterclaims, alleging unconscionability, mistake, duress, fraud, Labor Code
4  violations, Business and Professions Code violations, unfair competition and other
5  claims. Bryant sought rescission of the Inventions Agreement and a declaration that
6  the Inventions Agreement is unenforceable. The Court dismissed all of Bryant's
7  Counterclaims in an 18-page Order. The Court rejected Bryant's arguments that the
8  Inventions Agreement is not enforceable, holding that, even construing Bryant's
9  allegations in the light most favorable to him, "Bryant cannot prove any set of facts
10 in support of the claims that would entitle him to relief."
11     In addition to his Counterclaims, Bryant sued Mattel in November 2004 for a
12 declaratory judgment that he had not infringed the copyrights in a Mattel project
13 known as "Toon Teens." Like his Counterclaims, the Court dismissed Bryant's
14 declaratory judgment complaint on the pleadings.
15     <u>Consolidation</u>. After the Court lifted a discovery stay imposed while the
16 Ninth Circuit Court of Appeal resolved an appeal regarding subject matter
17 jurisdiction issues, the Court consolidated Mattel's case against Bryant, Bryant's
18 declaratory relief case and a case that MGA had filed against Mattel alleging trade
19 dress infringement, delusion and unfair competition, among others, for all purposes.
20     <u>Mattel's Second Amended Counterclaims</u>. Mattel filed its Second Amended
21 Answer and Counterclaims on July 12, 2007, asserting thirteen counterclaims
22 against six named defendants, MGA Entertainment, Inc., Isaac Larian, MGA
23 Entertainment (HK) Ltd., MGAE de Mexico S.R.L. de C.V., Carlos Gustavo
24 Machado Gomez, and Carter Bryant. Mattel's counterclaims included claims for
25 copyright infringement, misappropriation of trade secrets, violation of and
26 conspiracy to violate the Racketeer Influenced and Corrupt Organizations ("RICO")
27 Act, breach of contract, intentional interference with contract, breach of fiduciary
28 duty, aiding and abetting breach of fiduciary duty, breach of duty of loyalty, aiding

Case 2:04-cv-09049-DOC-RNB   Document 6918-4   Filed 10/09/09   Page 7 of 9   Page ID #:233247
Case 2:04-cv-09049-SGL-RNB   Document 5994-5   Filed 07/22/2009   Page 11 of 32
Case 2:04-cv-09049-SGL-RNB   Document 5588   Filed 05/21/2009   Page 6 of 27

1  and abetting breach of duty of loyalty, conversion, unfair competition, and
2  declaratory relief.
3      In its Second Amended Counterclaims, Mattel alleges that MGA and other
4  defendants have engaged in the systematic theft of Mattel's trade secrets, which
5  MGA used to unfairly compete against Mattel.[1] It is alleged that MGA hired
6  directly from Mattel at least 25 employees, ranging from the Senior Vice-President
7  level to lower level employees.[2] Mattel further alleged that MGA specifically
8  targeted and recruited many of these employees based on the Mattel confidential and
9  proprietary information the Mattel employees could access and bring to MGA.[3]
10 Janine Brisbois was one of these Mattel employees.

   2.   **Knowledge of Person to be Examined**
        (a)  **Janine Brisbois**

13     Mattel has alleged that Janine Brisbois was one of the principal actors in
14 MGA's scheme to steal and profit from Mattel's trade secrets and confidential and
15 proprietary information. MGA recruited Janine Brisbois in 2005. In 2005,
16 Ms. Brisbois was a Director of Sales for Mattel's Girls Division in Canada and
17 responsible for Mattel's accounts with Toys 'R Us and Wal-Mart.[4] When
18 Ms. Brisbois joined MGA Entertainment Canada, MGA gave her responsibility for
19 those same accounts.[5]
20     Mattel alleges that Ms. Brisbois spoke with Isaac Larian, the President and
21 CEO of MGA, prior to her departure from Mattel, and four days before she
22 resigned, copied approximately 45 Mattel documents containing Mattel proprietary

---

[1] The allegations set forth in this section are from Mattel's Second Amended Counterclaims dated July 12, 2007. Id. at ¶ 37.
[2] Id. at ¶ 77.
[3] Id.
[4] Id. at ¶ 71.
[5] Id. at ¶ 73.

Case 2:04-cv-09049-DOC-RNB   Document 6918-4   Filed 10/09/09   Page 8 of 9   Page ID #:233248
Case 2:04-cv-09049-SGL-RNB   Document 5994-5   Filed 07/22/2009   Page 12 of 32
Case 2:04-cv-09049-SGL-RNB   Document 5588   Filed 05/21/2009   Page 7 of 27

1   advertising, project, sales, customer and strategy information (for both Canada and
2   the United States) onto a USB drive.[6] While Ms. Brisbois was working as a Vice
3   President of Sales at MGA Entertainment Canada, Brisbois accessed and used a
4   number of these Mattel documents.[7] Mattel further alleges that Ms. Brisbois and
5   MGA subsequently used these stolen trade secrets to improperly benefit MGA
6   Entertainment, Inc., including its management of MGA's Toys 'R Us and Wal-Mart
7   accounts.[8] Ms. Brisbois' testimony regarding her participation in this alleged
8   scheme with MGA and anyone acting on MGA's behalf is, therefore, both relevant
9   to and essential for Mattel's prosecution of its Counterclaims.[9]

10   Mattel's document requests also seek highly relevant documents. Mattel
11   requests documents containing communications between Ms. Brisbois and MGA
12   prior to her resignation from Mattel. Such documents will prove that Ms. Brisbois,
13   acting in concert with MGA, planned and subsequently stole Mattel's trade secret, or
14   otherwise confidential and propriety information. These documents are also
15   relevant and necessary to support Mattel's Counterclaims for misappropriation of
16   trade secrets, among others.[10] Similarly, documents regarding Mattel's proprietary
17   information received by MGA from Ms. Brisbois (either directly or indirectly) will
18   show the same and such documents are necessary in order for Mattel to adequately
19   prosecute its Counterclaims.

20   Mattel has previously sought to depose Ms. Brisbois. Mattel noticed her
21   deposition and requested, through MGA's counsel, that she voluntarily appear for

---

[6] Id. at ¶ 74.
[7] Id. at ¶¶ 70-76.
[8] Id. at ¶ 97.
[9] Id. at ¶¶ 88-97; 98-105, 106-115.
[10] Id. at ¶¶ 88-97; 98-105, 106-115.

Case 2:04-cv-09049-DOC-RNB   Document 6918-4   Filed 10/09/09   Page 9 of 9   Page ID #:233249
Case 2:04-cv-09049-SGL-RNB   Document 5994-5   Filed 07/22/2009   Page 13 of 32
Case 2:04-cv-09049-SGL-RNB   Document 5588   Filed 05/21/2009   Page 8 of 27

1  deposition and produce the requested documents. MGA's counsel, on behalf of
2  Ms. Brisbois, refused.[11]

### (b)  MGA Entertainment Canada

Through this Letter of Request, Mattel seeks discovery in the form of deposition testimony and documents regarding how MGA Entertainment Canada used Mattel's trade secrets, confidential and proprietary information to the benefit of MGA Entertainment in the United States. This discoverable information requires that Mattel understand the manner in which MGA Entertainment Canada accesses, stores, reproduces, disseminates, and/or reviews the documents and information stolen by Ms. Brisbois from Mattel. Accordingly, Mattel seeks the deposition of MGA Entertainment Canada's person most knowledgeable on the topics set forth in Schedule E.

## II.  CANADIAN EVIDENCE SOUGHT

The evidence to be obtained consists of testimony for use in the trial of the actions that have been consolidated as part of <u>Bryant v. Mattel, Inc.</u>, Case No. 04-9049 SGL (RNBx) (Consolidated with Case No. 04-9059 and Case No. 05-2727). It is requested that a Canadian judicial authority compel Janine Brisbois to appear and to be deposed, under oath, as to her knowledge of the topics set forth in Schedule C. Additionally, Mattel requests the production of documents, as set forth in Schedule B. It is further requested that a Canadian judicial authority compel MGA Entertainment Canada to identify a designee and to appear and to be deposed, under oath, as to his or her knowledge of the topics set forth in Schedule E, and compel MGA Entertainment Canada to produce the documents described in Schedule D.

---

[11] See generally Declaration of Jon D. Corey dated January 28, 2008 and Exhibits A-O attached thereto.