Case 2:04-cv-09049-DOC-RNB   Document 6918-5   Filed 10/09/09   Page 1 of 19   Page ID #:233250
Case 2:04-cv-09049-SGL-RNB   Document 5994-5   Filed 07/22/2009   Page 14 of 32
Case 2:04-cv-09049-SGL-RNB   Document 5588   Filed 05/21/2009   Page 9 of 27

### A. Janine Brisbois

Ms. Brisbois resides in your jurisdiction at 3130 Cole Road, RR # 2, Queensville, Ontario, Canada L0GR0. As detailed in section I.B.2, *supra*, it is alleged that Ms. Brisbois was one of the principal actors engaged in MGA's scheme of wrongdoing underlying Mattel's Counterclaims in that she stole and subsequently assisted MGA in profiting from Mattel's trade secrets, or otherwise confidential or proprietary information. Mattel has alleged:

> In 2005, MGA needed help in Canada. So MGA, again operating from its Southern California headquarters, hired Janine Brisbois from Mattel. At that time, Ms. Brisbois was responsible for Mattel's account with Toys 'R Us ("TRU") and Wal-Mart. MGA gave her responsibility for those same accounts, and she took from Mattel documents containing proprietary advertising, project, sales, customer and strategy information for not only Canada, but for the United States. Eliminating any doubt that MGA then proceeded to use those stolen materials, Brisbois subsequently accessed and modified certain of those Mattel documents while employed by MGA.[12]
>
> \* \* \*
>
> Mattel subsequently learned that on the same day that she spoke with Mr. Larian and four days before she resigned, Brisbois copied approximately 45 Mattel documents on to a USB or "thumb" drive with the volume label "BACKPACK." On information and belief, Brisbois

Case 2:04-cv-09049-DOC-RNB   Document 6918-5   Filed 10/09/09   Page 2 of 19   Page ID #:233251
Case 2:04-cv-09049-SGL-RNB   Document 5994-5   Filed 07/22/2009   Page 15 of 32
Case 2:04-cv-09049-SGL-RNB   Document 5588   Filed 05/21/2009   Page 10 of 27

1  removed the thumb drive from Mattel Canada's office by
2  concealing it in her backpack or gym bag the last time
3  that she left that office. These documents contained
4  Mattel trade secret and proprietary information, and
5  included:
6  • a document containing the price, cost, sales plan
7  and quantity of every Mattel product ordered by every
8  Mattel customer in 2005 and 2006;
9  • the BARBIE television advertising strategy and
10 information concerning sales increases generated by
11 television advertisements;
12 • competitive analysis of Mattel vis-à-vis its
13 competitors in Canada;
14 • an analysis of Mattel's girls business sales
15 beginning in 2003 and forecasts through 2006;
16 • profit and loss reviews for Mattel's products being
17 sold in Wal-Mart, including margins and profit in not
18 only Canada, but in the United States and Mexico; and a
19 document containing the product launch dates and related
20 advertising for all Mattel new products between Fall
21 2005 and Spring 2006.[13]
22                  *   *   *
23 After Mattel discovered that Brisbois had copied these
24 sensitive documents to a thumb drive, Mattel notified
25 Canadian law enforcement authorities. Canadian law

---

[12] Id. at ¶ 4.
[13] Id. at ¶ 74.

Case 2:04-cv-09049-DOC-RNB   Document 6918-5   Filed 10/09/09   Page 3 of 19   Page ID #:233252
Case 2:04-cv-09049-SGL-RNB   Document 5994-5   Filed 07/22/2009   Page 16 of 32
Case 2:04-cv-09049-SGL-RNB   Document 5588   Filed 05/21/2009   Page 11 of 27

enforcement authorities recovered from Brisbois a thumb drive with the volume label "BACKPACK" containing the documents that Brisbois had copied from Mattel's computer system. Mattel later learned that while she was working as a Vice President of Sales at MGA, Brisbois accessed and modified documents on that thumb drive.[14]

These allegations, and others, underlie Mattel's claims for misappropriation of trade secrets and RICO violations.[15] These allegations are also relevant to Mattel's claims in that they will bear on and Mattel believes will evidence MGA's theft and use of Mattel's trade secrets. Moreover, they are relevant to MGA's unfair competition claims because such information will prove that it was MGA that had prior access to Mattel's business plans and strategies and that MGA was the one copying Mattel—not the other way around as MGA alleges.

Because Ms. Brisbois has unique and personal knowledge of the matters at issue in the consolidated litigation proceedings, it will further the interests of justice if she is deposed, under oath, as to her knowledge of the facts which are relevant to the issues of these cases and produce the documents set forth in Schedule B.

### B.  MGA Entertainment Canada's Person Most Knowledgeable

MGA Entertainment Canada resides in your jurisdiction at 7100 Woodbine Avenue, Suite #202, Markham, Ontario, Canada, L3R 5J2. MGA Entertainment Canada's designee on the topics set forth in Schedule E has unique and personal knowledge regarding the manner in which MGA Entertainment Canada accessed, used, reproduced, disseminated and/or transferred Mattel's trade secrets, confidential and proprietary information stolen by Ms. Brisbois. Therefore, it will further the interests of justice if MGA Entertainment Canada designee is deposed, under oath,

---

[14] Id. at ¶ 75.
[15] Id. at ¶¶ 88-115.

Case 2:04-cv-09049-DOC-RNB   Document 6918-5   Filed 10/09/09   Page 4 of 19   Page ID #:233253
Case 2:04-cv-09049-SGL-RNB   Document 5994-5   Filed 07/22/2009   Page 17 of 32
Case 2:04-cv-09049-SGL-RNB   Document 5588   Filed 05/21/2009   Page 12 of 27

1 | as to his or her knowledge of the facts which are relevant to the issues of these cases
2 | and produce the documents set forth in Schedule D.

### 1. Subject Matter About Which The Deponents Are To Be Examined

The subject matter about which Ms Brisbois is to be examined is set forth in Schedule C. The subject matter about which MGA Entertainment Canada designee is to be examined is set forth in Schedule E.

### 2. Special Methods or Procedures to be Followed

The examinations shall be taken under the Federal Rules of Civil Procedure of the United States of America, except to the extent such procedure is incompatible with the internal laws of Canada.

The examination shall be taken before a commercial stenographer and a verbatim transcript shall be produced. The deposition shall also be videotaped.

### 3. Fees and Costs

Any fees and costs incurred by Ms. Brisbois or MGA Entertainment Canada in conjunction with their respective depositions and production of documents will be paid by Defendant Mattel, Inc, through its counsel of record: Jon D. Corey, Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017. Mattel's payment of any such fees and costs is without prejudice to its making a subsequent request to be reimbursed for these costs by other parties in this consolidated proceeding.

### 4. Conclusion

Based on the foregoing and the Court's review of the pleadings, the Declaration of Jon D. Corey filed concurrently with the Letter of Request, this Court has concluded that Janine Brisbois has information, including both personal knowledge and documents, about the transactions that are the subject of the civil action against MGA and Carter Bryant, including but not limited to her knowledge of the alleged theft of Mattel's propriety advertising, project, sales, customer and

Case 2:04-cv-09049-DOC-RNB   Document 6918-5   Filed 10/09/09   Page 5 of 19   Page ID #:233254
Case 2:04-cv-09049-SGL-RNB   Document 5994-5   Filed 07/22/2009   Page 18 of 32
Case 2:04-cv-09049-SGL-RNB   Document 5588   Filed 05/21/2009   Page 13 of 27

strategy information and her knowledge of communications with MGA, or anyone acting on MGA's behalf, on or before September 27, 2005, regarding her resignation from Mattel; compensation, money or anything of value paid by MGA to Ms. Brisbois.

Further, this Court has concluded that MGA Entertainment Canada has information, including both personal information and documents, about the transactions which are the subject of the civil action against MGA and Carter Bryant, including but not limited to the manner in which MGA Entertainment Canada accessed, used, reproduced, disseminated and/or transferred Mattel's trade secrets, confidential and proprietary information stolen by Ms. Brisbois.

Accordingly, in the interests of justice and to assure a complete record, it is necessary for: (1) Janine Brisbois to produce the documents set forth in Schedule B; (2) Janine Brisbois to be examined under oath on the topics set forth in Schedule C; (3) MGA Entertainment Canada to produce the documents set forth in Schedule D; and (4) MGA Entertainment Canada to produce a designee knowledgeable about the topics set forth in Schedule E to be examined under oath.

### III. REQUEST FOR JUDICIAL ASSISTANCE

The evidence sought cannot be obtained other than from Janine Brisbois or MGA Entertainment Canada, through deposition and document production, and such evidence will be useful to this Court in determining the validity of the claims and defenses in this case. The evidence sought is necessary for trial in this matter and will be adduced at trial, if admissible and appropriate.

Therefore, after having thoroughly reviewed the pleadings in this matter and the exhibits attached to the concurrently filed Declaration of Jon D. Corey, this Court requests the following as to Janine Brisbois:

(1) You cause, by your proper and usual process, Janine Brisbois to be summoned to appear before you or some competent office authorized by you, on a date mutually agreed upon by the deponent and the parties or at a time and/or place

Case 2:04-cv-09049-DOC-RNB   Document 6918-5   Filed 10/09/09   Page 6 of 19   Page ID #:233255
Case 2:04-cv-09049-SGL-RNB   Document 5994-5   Filed 07/22/2009   Page 19 of 32
Case 2:04-cv-09049-SGL-RNB   Document 5588   Filed 05/21/2009   Page 14 of 27

1  to be determined by you, to give testimony under oath by questions and answers
2  upon oral deposition, such deposition to continue day to day until completion and
3  conducted in accordance with the Federal Rules of Civil Procedure or as permitted
4  by you. In the event that the Law of Canada does not permit the swearing of an oath
5  by a particular witness, the duly appointed officer shall make inquiry of such
6  witness to ensure that he/she understands the gravity of the procedure and affirms
7  that his/her statement will be true and correct in all respects.

8     (2)  You permit Janine Brisbois to be examined under oath by counsel for
9  all parties in this matter, allowing full examination and cross-examination on the
10 subject matter of this case, including the topics delineated in Schedule C to this
11 Letter of Request.

12    (3)  You order Janine Brisbois to produce documents at the offices of
13 Heenan Blaikie LLP, Attn: George Karayannides, Suite 2600, 200 Bay Street, Royal
14 Bank Plaza, South Tower, Toronto, Ontario M5J 2J4 in accordance with Schedule B
15 to this Letter of Request and not later than 5 court days prior to the date of
16 Ms. Brisbois' deposition.

17    (4)  You order Janine Brisbois to produce, at or immediately after the oral
18 examination, specific documents relevant to the subject matter of this case, the
19 existence of which becomes known during the course of the examination and which
20 are requested by counsel.

21    (5)  You cause a verbatim transcript of the testimony of the witness to be
22 taken and reduced to writing. The deposition shall also be videotaped.

23    (6)  You order, pursuant to Ontario Rule of Civil Procedure 30.1, that the
24 oral and documentary evidence produced pursuant to your enforcement of this
25 Letter of Request shall not be used by anyone in any manner or proceeding other
26 than in this matter, Bryant v. Mattel, Inc., Case No. 04-9049 SGL (RNBx)
27 (Consolidated with Case No. 04-9059 and Case No. 05-2727), pending in the United
28

07975/2938972.1

12

REQUEST FOR JUDICIAL ASSISTANCE

Exhibit 5
Page 203
EXHIBIT 4  Page 350

Case 2:04-cv-09049-DOC-RNB   Document 6918-5   Filed 10/09/09   Page 7 of 19   Page ID #:233256
Case 2:04-cv-09049-SGL-RNB   Document 5994-5   Filed 07/22/2009   Page 20 of 32
Case 2:04-cv-09049-SGL-RNB   Document 5588   Filed 05/21/2009   Page 15 of 27

1  States District Court for the Central District of California. A Protective Order was
2  entered in this action on January 4, 2005 (Attachment A hereto).
3     This Court further requests the following as to MGA Entertainment Canada:
4     (1) You cause, by your proper and usual process, MGA Entertainment
5  Canada to produce a designee with knowledge of the topics set forth in Schedule E
6  to be summoned to appear before you or some competent office authorized by you,
7  on a date mutually agreed upon by the deponent and the parties or at a time and/or
8  place to be determined by you, to give testimony under oath by questions and
9  answers upon oral deposition, such deposition to continue day to day until
10 completion and conducted in accordance with the Federal Rules of Civil Procedure
11 or as permitted by you. In the event that the Law of Canada does not permit the
12 swearing of an oath by a particular witness, the duly appointed officer shall make
13 inquiry of such witness to ensure that he/she understands the gravity of the
14 procedure and affirms that his/her statement will be true and correct in all respects.
15    (2) You permit MGA Entertainment Canada's knowledgeable designee to
16 be examined under oath by counsel for all parties in this matter, allowing full
17 examination and cross-examination on the subject matter of this case, including the
18 topics delineated in Schedule E to this Letter of Request.
19    (3) You order MGA Entertainment Canada to produce documents at the
20 offices of Heenan Blaikie LLP, Attn: George Karayannides, Suite 2600, 200 Bay
21 Street, Royal Bank Plaza, South Tower, Toronto, Ontario M5J 2J4 in accordance
22 with Schedule D to this Letter of Request and not later than 5 court days prior to the
23 date of MGA Entertainment Canada's person most knowledgeable deposition.
24    (4) You order MGA Entertainment Canada to produce, at or immediately
25 after the oral examination, specific documents relevant to the subject matter of this
26 case, the existence of which becomes known during the course of the examination
27 and which are requested by counsel.
28

Case 2:04-cv-09049-DOC-RNB   Document 6918-5   Filed 10/09/09   Page 8 of 19   Page ID #:233257
Case 2:04-cv-09049-SGL-RNB   Document 5994-5   Filed 07/22/2009   Page 21 of 32
Case 2:04-cv-09049-SGL-RNB   Document 5588   Filed 05/21/2009   Page 16 of 27

1  (5) You cause a verbatim transcript of the testimony of the witness to be
2  taken and reduced to writing. The deposition shall also be videotaped.
3  (6) You order, pursuant to Ontario Rule of Civil Procedure 30.1, that the
4  oral and documentary evidence produced pursuant to your enforcement of this
5  Letter of Request shall not be used by anyone in any manner or proceeding other
6  than in this matter, Bryant v. Mattel, Inc., Case No. 04-9049 SGL (RNBx)
7  (Consolidated with Case No. 04-9059 and Case No. 05-2727), pending in the United
8  States District Court for the Central District of California. A Protective Order was
9  entered in this action on January 4, 2005 (Attachment 1 hereto).

## IV.   RECIPROCITY

This Court expresses its sincere willingness to provide similar assistance to the Ontario Superior Court of Justice if future circumstances should require.

## V.   CONCLUSION

In the spirit of comity and reciprocity, this Court hereby requests international judicial assistance in the form of this Letter of Request to compel: (1) Janine Brisbois to produce the documents set forth in Schedule B; (2) Janine Brisbois to be examined under oath on the topics set forth in Schedule C; (3) MGA Entertainment Canada to produce the documents set forth in Schedule D; and (4) MGA Entertainment Canada to produce a knowledgeable designee on the topics set forth in Schedule E to be examined under oath.

DATED: 5/21, 2009

By _____
THE HONORABLE STEPHEN G. LARSON
United States District Judge

SHERRI R. CARTER, Clerk of the Court
Terry Nafisi,

By _____
Deputy Clerk

Case 2:04-cv-09049-DOC-RNB   Document 6918-5   Filed 10/09/09   Page 9 of 19   Page ID #:233258
Case 2:04-cv-09049-SGL-RNB   Document 5994-5   Filed 07/22/2009   Page 22 of 32
Case 2:04-cv-09049-SGL-RNB   Document 5588   Filed 05/21/2009   Page 17 of 27

## SCHEDULE A [REVISED]

## NAMES AND ADDRESSES OF THE PARTIES

## AND THEIR REPRESENTATIVES

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>Thomas J. Nolan, Esq.<br>Jason Russell, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br>tnolan@skadden.com<br>jrussell@skadden.com | Attorneys for *the MGA Parties* |
| Glaser, Weil, Fink, Jacobs, & Shapiro, LLP<br>Patricia L. Glaser, Esq.<br>10250 Constellation Blvd 19th Floor<br>Los Angeles, CA 90067<br>pglaser@glaserweil.com | Attorneys for *the MGA Parties* |
| Mitchell, Silberberg, & Knupp, LLP<br>Russell J. Frackman, Esq.<br>11377 W. Olympic Blvd.<br>Los Angeles, CA 90064<br>rjf@msk.com | Attorneys for *the MGA Parties* |
| Overland Borenstein Scheper & Kim, LLP<br>Mark E. Overland, Esq.<br>Alexander H. Cote, Esq.<br>601 West Fifth Street, 12th Floor<br>Los Angeles, CA 90071<br>moverland@obsklaw.com<br>acote@obsklaw.com | Attorneys for *Carlos Gustavo Machado Gomez* |
| Peter H. Bonis Law Offices<br>Peter Bonis<br>1990 N. California Blvd.<br>8th Floor<br>Walnut Creek, CA 94596<br>peter@bonislaw.com | Attorney for *Carter Bryant* |

Case 2:04-cv-09049-DOC-RNB   Document 6918-5   Filed 10/09/09   Page 10 of 19   Page ID #:233259
Case 2:04-cv-09049-SGL-RNB   Document 5994-5   Filed 07/22/2009   Page 23 of 32
Case 2:04-cv-09049-SGL-RNB   Document 5588   Filed 05/21/2009   Page 18 of 27

## SCHEDULE B

For purpose of construing the below-listed Requested Documents, the following definitions and instructions apply:

### I. DEFINITIONS

For purposes of these Requests, the following definitions apply:

A. The terms "YOU" and "YOUR" shall mean Janine Brisbois, her attorneys, accountants, agents, and all persons acting under her, or by her direction or control, or on her behalf.

B. "MGA" means MGA Entertainment, Inc. and any individual or entity acting directly or indirectly by, through, under or on behalf of MGA Entertainment, Inc., including but not limited to current or former directors, officers, employees, agents, contractors, attorneys, accountants, or representatives of MGA Entertainment, Inc. and any corporation, partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest, and any other PERSON acting on its behalf.

C. The term "MATTEL" means Mattel, Inc. and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

D. "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all writings, including but not limited to handwriting, typewriting, printing, image, photograph, photocopy, digital file of any kind, transmittal by (or as an attachment to) electronic mail (including instant messages and text messages) or facsimile, video and audio recordings, and every other means of recording upon any tangible thing, any form of communication or representation, and any record thereby created,

Case 2:04-cv-09049-DOC-RNB   Document 6918-5   Filed 10/09/09   Page 11 of 19   Page ID #:233260
Case 2:04-cv-09049-SGL-RNB   Document 5994-5   Filed 07/22/2009   Page 24 of 32
Case 2:04-cv-09049-SGL-RNB   Document 5588   Filed 05/21/2009   Page 19 of 27

1 regardless of the manner in which the record has been stored, and all non-identical
2 copies of such DOCUMENTS, in the possession, custody, or control of YOU,
3 YOUR counsel, or any other PERSON acting on YOUR behalf.
4   E.   The term "COMMUNICATION," in the plural as well as the singular,
5 means any transmittal and/or receipt of information, whether such was oral or
6 written, and whether such was by chance, prearranged, formal or informal, and
7 specifically includes, but is not limited to, conversations in person, telephone
8 conversations, electronic mail (including instant messages and text messages),
9 voicemail, letters, memoranda, statements, media releases, magazine and newspaper
10 articles, and video and audio transmissions.
11   F.   "BRATZ PRODUCT" means any product, whether two-dimensional or
12 three-dimensional, and whether in tangible, digital, electronic or other form: (i) that
13 is or has ever been distributed, marketed or sold under the name "Bratz" or as part of
14 the "Bratz" line; (ii) that depicts, incorporates, embodies, consists of or REFERS
15 OR RELATES TO BRATZ; and/or (iii) that is or has ever been distributed,
16 marketed or sold in any packaging that includes the name "Bratz" or depicts,
17 incorporates, embodies, consists of or REFERS OR RELATES TO BRATZ.
18   G.   The term "PERSON," in the plural as well as the singular, means any
19 natural person, association, partnership, corporation, joint venture, government
20 entity, organization, trust, institution, proprietorship, or any other entity recognized
21 as having an existence under the laws in United States or any other nation.
22   H.   The terms "RELATE TO" and "RELATING TO" means any and all of
23 the following terms and their synonyms: refer to, discuss, constitute, evidence,
24 pertain to, mention, support, contradict, negate, bear on, touch on, contain, embody,
25 reflect, identify, state, deal with, concern, comment on, respond to, relevant to, or
26 describe.

Case 2:04-cv-09049-DOC-RNB   Document 6918-5   Filed 10/09/09   Page 12 of 19   Page ID #:233261
Case 2:04-cv-09049-SGL-RNB   Document 5994-5   Filed 07/22/2009   Page 25 of 32
Case 2:04-cv-09049-SGL-RNB   Document 5588   Filed 05/21/2009   Page 20 of 27

## II. REQUESTS FOR DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS between MGA, Isaac Larian and Ron Brawer, on the one hand, and Janine Brisbois, on the other, ("Brisbois") prior to September 27, 2005.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO COMMUNICATIONS between MGA, Isaac Larian and Ron Brawer, on the one hand, and Brisbois, on the other, prior to September 27, 2005, including but not limited to all calendar entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO Brisbois' resignation from Mattel.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO compensation, money or any other item of value paid to Brisbois, whether directly or indirectly, by MGA between January 2005 and the present.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS received by MGA, directly or indirectly, from Brisbois RELATING TO any MATTEL product or plan.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATING TO MGA's receipt, access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, that were prepared, made, created, generated, assembled or compiled by or for MATTEL and that MGA received, directly or indirectly from Brisbois.

Case 2:04-cv-09049-DOC-RNB   Document 6918-5   Filed 10/09/09   Page 13 of 19   Page ID #:233262
Case 2:04-cv-09049-SGL-RNB   Document 5994-5   Filed 07/22/2009   Page 26 of 32
Case 2:04-cv-09049-SGL-RNB   Document 5588   Filed 05/21/2009   Page 21 of 27

**REQUEST FOR PRODUCTION NO. 7:**

A copy of each personnel file maintained or created by MGA RELATING TO Brisbois, excluding any portions solely related to medical or health care information, and excluding social security numbers, tax identification numbers, dates of birth, indications of sexual orientation, bank account numbers and checking account numbers.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS taken by Brisbois from Mattel Canada, Inc., including but not limited to the 45 Mattel documents contained on a USB or "thumb" drive with the volume label "BACKPACK" from Mattel's Canada, Inc.'s office.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS RELATING TO COMMUNICATIONS between Brisbois, on the one hand, and Toys 'R Us or Wal-Mart on the other, or anyone acting on behalf of Toys 'R Us or Wal-Mart, between September 27, 2005, and January 1, 2007, including but not limited to her COMMUNICATIONS with Toys 'R Us or Wal-Mart about promotions of MGA products.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, created by Brisbois while employed by MGA RELATED TO MGA's marketing of products that compete with Mattel's products, recruiting or attempting to recruit Mattel's employees, or the theft of Mattel trade secrets, confidential or proprietary information.

Case 2:04-cv-09049-DOC-RNB   Document 6918-5   Filed 10/09/09   Page 14 of 19   Page ID #:233263
Case 2:04-cv-09049-SGL-RNB   Document 5994-5   Filed 07/22/2009   Page 27 of 32
Case 2:04-cv-09049-SGL-RNB   Document 5588   Filed 05/21/2009   Page 22 of 27

## SCHEDULE C

### SUBJECT MATTER ABOUT WHICH MS. BRISBOIS IS TO BE EXAMINED

1. Theft of Mattel documents containing proprietary advertising, project, sales, customer and strategy information by anyone, including Ms. Brisbois.

2. Theft by Ms. Brisbois of approximately 45 Mattel documents contained on a USB or "thumb" drive with the volume label "BACKPACK" from Mattel's Canada office.

3. Ms. Brisbois' communications with MGA, or anyone acting on MGA's behalf, on or before September 27, 2005, including but not limited to communications regarding Ms. Brisbois' resignation from Mattel; compensation, money or anything of value paid by MGA to Ms. Brisbois.

4. Ms. Brisbois' receipt, access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any documents, data and/or information, that were prepared, made, created, generated, assembled or compiled by or for MATTEL and that MGA received, directly or indirectly from Brisbois.

5. Ms. Brisbois' access, use, dissemination or disclosure of Mattel's trade secrets, or otherwise confidential or proprietary information, while employed by MGA, including but not limited to Mattel's information regarding advertising strategy and in-store promotions at retailers.

6. Ms. Brisbois' communications with MGA, including but not limited to Isaac Larian or Ron Brawer, relating to her decision to join MGA and other matters at issue in this Action.

Case 2:04-cv-09049-DOC-RNB   Document 6918-5   Filed 10/09/09   Page 15 of 19   Page ID #:233264
Case 2:04-cv-09049-SGL-RNB   Document 5994-5   Filed 07/22/2009   Page 28 of 32
Case 2:04-cv-09049-SGL-RNB   Document 5588   Filed 05/21/2009   Page 23 of 27

## SCHEDULE D

For purpose of construing the below-listed Requested Documents, the following definitions and instructions apply:

### I. DEFINITIONS

For purposes of these Requests, the following definitions apply:

I. The terms "YOU" and "YOUR" shall mean MGA Entertainment Canada, its attorneys, accountants, agents, and all persons acting under its direction or control, or on its behalf.

J. "MGA" means MGA Entertainment, Inc. and any individual or entity acting directly or indirectly by, through, under or on behalf of MGA Entertainment, Inc., including but not limited to current or former directors, officers, employees, agents, contractors, attorneys, accountants, or representatives of MGA Entertainment, Inc. and any corporation, partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest, and any other PERSON acting on its behalf.

K. The term "MATTEL" means Mattel, Inc. and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

L. "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all writings, including but not limited to handwriting, typewriting, printing, image, photograph, photocopy, digital file of any kind, transmittal by (or as an attachment to) electronic mail (including instant messages and text messages) or facsimile, video and audio recordings, and every other means of recording upon any tangible thing, any form of communication or representation, and any record thereby created,

Case 2:04-cv-09049-DOC-RNB   Document 6918-5   Filed 10/09/09   Page 16 of 19   Page ID #:233265
Case 2:04-cv-09049-SGL-RNB   Document 5994-5   Filed 07/22/2009   Page 29 of 32
Case 2:04-cv-09049-SGL-RNB   Document 5588   Filed 05/21/2009   Page 24 of 27

1  regardless of the manner in which the record has been stored, and all non-identical
2  copies of such DOCUMENTS, in the possession, custody, or control of YOU,
3  YOUR counsel, or any other PERSON acting on YOUR behalf.
4      M.   The term "COMMUNICATION," in the plural as well as the singular,
5  means any transmittal and/or receipt of information, whether such was oral or
6  written, and whether such was by chance, prearranged, formal or informal, and
7  specifically includes, but is not limited to, conversations in person, telephone
8  conversations, electronic mail (including instant messages and text messages),
9  voicemail, letters, memoranda, statements, media releases, magazine and newspaper
10 articles, and video and audio transmissions.
11     N.   "BRATZ PRODUCT" means any product, whether two-dimensional or
12 three-dimensional, and whether in tangible, digital, electronic or other form: (i) that
13 is or has ever been distributed, marketed or sold under the name "Bratz" or as part of
14 the "Bratz" line; (ii) that depicts, incorporates, embodies, consists of or REFERS
15 OR RELATES TO BRATZ; and/or (iii) that is or has ever been distributed,
16 marketed or sold in any packaging that includes the name "Bratz" or depicts,
17 incorporates, embodies, consists of or REFERS OR RELATES TO BRATZ.
18     O.   The term "PERSON," in the plural as well as the singular, means any
19 natural person, association, partnership, corporation, joint venture, government
20 entity, organization, trust, institution, proprietorship, or any other entity recognized
21 as having an existence under the laws in United States or any other nation.
22     P.   The terms "RELATE TO" and "RELATING TO" means any and all of
23 the following terms and their synonyms: refer to, discuss, constitute, evidence,
24 pertain to, mention, support, contradict, negate, bear on, touch on, contain, embody,
25 reflect, identify, state, deal with, concern, comment on, respond to, relevant to, or
26 describe.

Case 2:04-cv-09049-DOC-RNB   Document 6918-5   Filed 10/09/09   Page 17 of 19   Page ID #:233266
Case 2:04-cv-09049-SGL-RNB   Document 5994-5   Filed 07/22/2009   Page 30 of 32
Case 2:04-cv-09049-SGL-RNB   Document 5588   Filed 05/21/2009   Page 25 of 27

## II. REQUESTS FOR DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS between YOU and Janine Brisbois ("Brisbois") prior to September 27, 2005.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and Brisbois prior to September 27, 2005, including but not limited to all calendar entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO Brisbois' resignation from Mattel.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO compensation, money or any other item of value paid to Brisbois, whether directly or indirectly, by MGA between January 2005 and the present.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS received by YOU, directly or indirectly, from Brisbois RELATING TO any MATTEL product or plan.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATING TO YOUR receipt, access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, that were prepared, made, created, generated, assembled or compiled by or for MATTEL and that MGA received, directly or indirectly from Brisbois.

Case 2:04-cv-09049-DOC-RNB   Document 6918-5   Filed 10/09/09   Page 18 of 19   Page ID #:233267
Case 2:04-cv-09049-SGL-RNB   Document 5994-5   Filed 07/22/2009   Page 31 of 32
Case 2:04-cv-09049-SGL-RNB   Document 5588   Filed 05/21/2009   Page 26 of 27

**REQUEST FOR PRODUCTION NO. 7:**

A copy of each personnel file maintained or created by YOU RELATING TO Brisbois, excluding any portions solely related to medical or health care information, and excluding social security numbers, tax identification numbers, dates of birth, indications of sexual orientation, bank account numbers and checking account numbers.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS taken by Brisbois from Mattel Canada, Inc., including but not limited to the 45 Mattel documents contained on a USB or "thumb" drive with the volume label "BACKPACK" from Mattel's Canada, Inc.'s office.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU, on the one hand, and Toys 'R Us or Wal-Mart on the other, or anyone acting on behalf of Toys 'R Us or Wal-Mart, between September 27, 2005 and January 1, 2007, regarding Ms. Brisbois or Ms. Brisbois' responsibility for the Toys 'R Us and Wal-Mart accounts with MGA, and COMMUNICATIONS with Toys 'R Us or Wal-Mart about promotions or advertising for MGA products.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, created by Brisbois while employed by MGA RELATED TO MGA's marketing of products that compete with Mattel's products, recruitment or attempted recruitment of Mattel's employees, or the theft of Mattel trade secrets or confidential or proprietary information.

Case 2:04-cv-09049-DOC-RNB   Document 6918-5   Filed 10/09/09   Page 19 of 19   Page ID #:233268
Case 2:04-cv-09049-SGL-RNB   Document 5994-5   Filed 07/22/2009   Page 32 of 32
Case 2:04-cv-09049-SGL-RNB   Document 5588   Filed 05/21/2009   Page 27 of 27

## SCHEDULE E

### SUBJECT MATTER ABOUT WHICH PERSON MOST KNOWLEDGEABLE IS TO BE EXAMINED

1. Knowledge of MGA Entertainment Canada's methods and procedures regarding the access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any documents, data and/or information, that were prepared, made, created, generated, assembled or compiled by or for MATTEL and that MGA received, directly or indirectly from Janine Brisbois.

2. Knowledge of MGA Entertainment Canada's methods and procedures regarding the access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any documents, data and/or information regarding MGA Entertainment Canada's advertising, project, sales, customer and strategy information related to any Bratz Product, regardless of whether such information was received directly or indirectly from Janine Brisbois.