# EXHIBIT 5

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9                 UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                      EASTERN DIVISION

12  CARTER BRYANT, an individual,        CASE NO. CV 04-09049 SGL (RNBx)

13           Plaintiff,                   Consolidated with Case Nos. CV 04-
                                          9059 and CV 05-2727
14       vs.
                                          MATTEL, INC.'S SUPPLEMENTAL
15  MATTEL, INC., a Delaware              INTERROGATORIES
    corporation,
16
             Defendant.
17

18  AND CONSOLIDATED ACTIONS

19

20

21

22  PROPOUNDING PARTY:        Mattel, Inc.

23  RESPONDING PARTIES:       MGA Entertainment, Inc., Isaac Larian, Carter

24                            Bryant, MGA Entertainment (HK) Limited, MGAE

25                            de Mexico S.R.L. de C.V., and Carlos Gustavo

26                            Machado Gomez

27  SET NO.:                  SUPPLEMENTAL

28

07209/2239571.2

EXHIBIT 5  Page 364

MATTEL'S SUPPLEMENTAL INTERROGATORIES

Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc. ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Carlos Gustavo Machado Gomez (collectively, "the Responding Parties") individually answer the following Interrogatories separately and fully, in writing and under oath, within 30 days after service hereof.  The Responding Parties shall be obligated to supplement their responses to the Interrogatories at such times and to the extent required by the <u>Federal Rules of Civil Procedure</u>.

## **Definitions**

1.     "YOU" and "YOUR" mean each of the Responding Parties.

2.     "MGA" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, experts, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control. Without limiting the foregoing, "MGA" includes the entities known as ABC International Traders or ABC International Traders, Inc.  For purposes of the these Interrogatories, "MGA" does not include BRYANT.

3.     "MATTEL" means Mattel, Inc., its current employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

4.     "AFFILIATES" means any and all corporations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including without limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

**EXHIBIT 5  Page 365**

-2-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

5.   "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

6.   "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

7.   "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.  Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Interrogatories.

8.     "SOLD," "SELL" or "SALE" means to distribute, market, license, sell, offer to sell, or convey or transfer in any way for compensation.

9.     "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

10.     "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

11.     "MACHADO" means Carlos Gustavo Machado Gomez, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-

J7209/2239571.2

**EXHIBIT 5  Page 367**

MATTEL'S SUPPLEMENTAL INTERROGATORIES

1  in-interest, and any other PERSON acting on his behalf, pursuant to his authority or

2  subject to his control.

3       12.   "TRUEBA" means Mariana Trueba Almada, and all of her current

4  or former employees, agents, representatives, attorneys, accountants, vendors,

5  consultants, independent contractors, predecessors-in-interest and successors-in-

6  interest, and any other PERSON acting on her behalf, pursuant to her authority or

7  subject to her control.

8       13.   "VARGAS" means Pablo Vargas San Jose, and all of his current or

9  former employees, agents, representatives, attorneys, accountants, vendors, consultants,

10  independent contractors, predecessors-in-interest and successors-in-interest, and any

11  other PERSON acting on his behalf, pursuant to his authority or subject to his control.

12       14.   "BRAWER" means Ron Brawer, and all of his current or former

13  employees, agents, representatives, attorneys, accountants, vendors, consultants,

14  independent contractors, predecessors-in-interest and successors-in-interest, and any

15  other PERSON acting on his behalf, pursuant to his authority or subject to his control.

16       15.   "CASTILLA" means Jorge Castilla, and all of his current or former

17  employees, agents, representatives, attorneys, accountants, vendors, consultants,

18  independent contractors, predecessors-in-interest and successors-in-interest, and any

19  other PERSON acting on his behalf, pursuant to his authority or subject to his control.

20       16.   "COONEY" means Dan Cooney, and all of his current or former

21  employees, agents, representatives, attorneys, accountants, vendors, consultants,

22  independent contractors, predecessors-in-interest and successors-in-interest, and any

23  other PERSON acting on his behalf, pursuant to his authority or subject to his control.

24       17.   "BRISBOIS" means Janine Brisbois, and all of her current or former

25  employees, agents, representatives, attorneys, accountants, vendors, consultants,

26  independent contractors, predecessors-in-interest and successors-in-interest, and any

27  other PERSON acting on her behalf, pursuant to her authority or subject to her control.

28

**EXHIBIT 5  Page 368**

MATTEL'S SUPPLEMENTAL INTERROGATORIES

18.   "RAE" means Ron Rae, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority or subject to his control.

19.   "CONTRERAS" means Nick Contreras, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority or subject to his control.

20.   "ABUNDIS" means Ricardo Abundis, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority or subject to his control.

21.   The "FORMER MATTEL EMPLOYEES" means MACHADO, TRUEBA, VARGAS, BRAWER, CASTILLA, COONEY, BRISBOIS, CONTRERAS, RAE, ABUNDIS, and any other former Mattel employee or contractor who misappropriated Mattel trade secrets or violated his or her obligations to maintain the confidentiality of Mattel's trade secrets.

22.   "REFER OR RELATE TO" a given subject matter means relate to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify, state, deal with, comment on, respond to, describe, analyze, support, refute, contradict, or in any way pertain to that subject matter, either directly or indirectly.

23.   "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated therewith.

24.   "SLEEKCRAFT FACTORS" means those factors enumerated in AMF Inc. v. Sleekcraft Boats, 599 F.2d 341 (9th Cir. 1979), and includes specifically: (1) strength of the mark; (2) similarity of the marks; (3) relatedness of the goods; (4) marketing channels; (5) type of goods and purchaser's likely degree of care; (6)

1  evidence of actual confusion; (7) likelihood of expansion of the product lines; and (8)

2  defendant's intent in selecting the mark.

3       25.   "MATTEL DOCUMENTS" means any and all DOCUMENTS

4  stolen, obtained or taken from MATTEL by any PERSON, including but not limited to

5  the DOCUMENTS identified as Bates Numbers M 0019162-M 0019365, M 0019375-

6  M 0019491, M 0019492-M 0019586, M 0030576, M 0019587-M 0022008, M

7  0022009-M 0026076, M 0026077-M 0029024, M 0029025-M 0029042, M 0029043-M

8  0029044, M 0029045-M 0029050, M 0029051-M 0029053, M 0031471-M 0031473, M

9  0029054-M 0029255, M 0031474-M 0031485, M 0029226-M 0030163, M 0030164-M

10  0030173, M 0030174-M 0030183, M0030261-M 0030268, M 0030269-M 0030278, M

11  0030440-M 0030441, M 0030505-M 0030575, M 0030577-M 0030608, M 0019366-M

12  0019374, M 0030184-M 0030240, M 0030254-M 0030260, M 0030279-M 0030439, M

13  0030442-M 0030470, M 0030471-M 0030501, M 0030609, M 0030610-M 0030625, M

14  0030626-M 0030674, M 0030241-M 0030253, M 0030502-M 0030504, M 0030675-M

15  0030754, M 0030755-M 0030756, M 0030770-M 0030782, M 0030757-M 0030769, M

16  0030783-M 0030788, M 0030789-M 0030799, M 0030800-M 0030834, M 0030835, M

17  0030836-M 0030838, M 0030839-M 0030841, M 0030842-M 0030845, M 0030846-M

18  0030850, M 0030851- M 0030959, M 0030960-M 0030972, M 0030973-M 0031141,

19  M 0031142-M 0031153, M 0031154-M 0031162, M 0031163-M 0031172, M 0031173,

20  M 0031174-M 0031206, M 0031207-M 0031223, M 0031224-M 0031229, M

21  0031230-M 0031247, M 0031248-M 0031258, M 0031259-M 0031262, M 0031263-M

22  0031264, M 0031265, M 0031266, M 0031267, M 0031268, M 0031269, M 0031270-

23  M 0031278, M 0031279-M 0031280, M 0031281-M 0031282, M 0031283-M 0031291,

24  M 0031292-M 0031470, M 0032318, M 0031486-M 0031503, M 0031504-M 0031612,

25  M 0031613-M 0031860, M 0031863-M 0031864, M 0031865-M 0031919, M

26  0031861-M 0031862, M 0031925-M 0032000, M 0031920-M 0031924, M 0032001-M

27  0032009, M 0032010-M 0032057, M 0032058, M 0032059-M 0032070, M 0032071-M

28  0032288, M 0032289, M 0032290-M 0032317, M 0059836-M 0059837, M 0075253-M

**EXHIBIT 5 Page 370**

-7-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

1  0075260, M 0075261-M 0075277, M 0075278-M 0075289, M 0075290-M 0075307, M

2  0075308-M 0075309, M 0075310-M 0075315, M 0075316-M 0075317, M 0075318-M

3  0075322, M 0075323-M 0075324, M 0075325, M 0075326-M 0075328, M 0075329-M

4  0075333, M 0075334-M 0075375, M 0075376-M 0075378, M 0075379-M 0075380, M

5  0075381-M 0075384, M 0075385, M 0075386-M 0075388, M 0075389, M 0075390,

6  M 0075391, M 0075392-M 0075398, M 0075399-M 0075400, M 0075401-M 0075407,

7  M 0075408, M 0075409-M 0075416, M 0075417-M 0075420, M 0075421, M

8  0075422-M 0075469, M 0075470-M 0075490, M 0075491-M 0075494, M 0075495-M

9  0075515, M 0075516-M 0075531, M 0075532-M 0075552, M 0075553-M 0075572, M

10  0075573, M 0075574-M 0075594, M 0075595-M 0075616, M 0075617, M 0075618-M

11  0075619, M 0075620-M 0075635, M 0075636-M 0075654, M 0075655-M 0075661, M

12  0075662-M 0075699, M 0075700-M 0075709, M 0075710-M 0075713, M 0075714-M

13  0075775, M 0075776-M 0075780, M 0075781-M 0075798, M 0075799-M 0075842, M

14  0075843-M 0075906, M 0075907-M 0075949, M 0075950-M 0076018, M 0076019, M

15  0076020-M 0076132, M 0076133-M 0076143, M 0076144-M 0076145, M 0076146-M

16  0076148, M 0076149-M 0076155, M 0076156-M 0076169, M 0076170-M 0076171, M

17  0076172-M 0076196, M 0076197-M 0076215, M 0076216-M 0076250, M 0076251-M

18  0076264, M 0076265-M 0076279, M 0076280, M 0076281-M 0076311, M 0076312-M

19  0076362, M 0076363-M 0076370, M 0076371, M 0076372-M 0076425, M 0076426-M

20  0076427, M 0076428-M 0076431, M 0076432- M 0076442, M 0076443-M 0076446,

21  M 0100646-M 0100653, M 0098687-M 0098688, M 0098689-M 0098697, M

22  0098698-M 0098723, M 0098724-M 0098771, M 0098772-M 0098832, M 0098833-M

23  0098846, M 0098847-M 0098865, M 0098866-M 0098879, M 0098880-M 0098883, M

24  0098884-M 0098933, M 0098934-M 0098936, M 0098937-M 0098971, M 0098972-M

25  0099436, M 0099437-M 0099439, M 0099440-M 0099448, M 0099449-M 0099461, M

26  0099462-M 0099471, M 0099472-M 0099476, M 0099477-M 0099493, M 0099494-M

27  0099529, M 0099530-M 0099594, M 0099595-M 0099597, M 0099598-M 0099601, M

28  0099602-M 0099618, M 0099619-M 0099628, M 0099629-M 0099656, M 0099657-M

1  0099665, M 0099666-M 0099725, M 0099726-M 0100622, M 0100623-M 0100645, M

2  0100646-M 0100653, M 0100654-M 0100695, M 0100696-M 0100698, M 0100699-M

3  0100700, M 0100701-M 0100735, M 0100736-M 0100741, M 0100742-M 0100774, M

4  0100775-M 0100778, M 0100779-M 0100780, M 0100781, M 0100782, M 0100783-M

5  0100789, M 0100790-M 0100795, M 0100796-M 0100858, M 0100859-M 0100868, M

6  0100869-M 0100878, M 0100879-M 0100891, M 0100892-M 0100905, M 0100906-M

7  0100918, M 0100919-M 0100932, M 0100933-M 0100941, M 0100942-M 0100952, M

8  0100953, M 0100954-M 0100955, M 0100956-M 0100983, M 0100984-M 0101013, M

9  0101014-M 0101064, M 0101065 and M 0101069-M 0101128.

10      26.   "DIGITAL INFORMATION" means any information created or

11  stored digitally, including but not limited to electronically, magnetically or optically.

12      27.   "STORAGE DEVICE" means any computer hard drive, memory,

13  USB device, tape, storage array or any other device or medium that allows a user,

14  whether permanently, temporarily or otherwise, to create, generate, transmit, copy,

15  retain, store or maintain DIGITAL INFORMATION.

16      28.   "SOURCE OF INFORMATION" means any medium containing

17  DOCUMENTS or other information, whether in paper, electronic or other form,

18  including but not limited to any STORAGE DEVICE, file, file cabinet or other any

19  other source of information or DOCUMENTS.

20      29.   "COLLECT," "COLLECTED" or "COLLECTION," with reference

21  to DOCUMENTS, means to collect, review, produce, request, seek, look for, search for,

22  analyze or in any other way collect or review or attempt to collect or review such

23  DOCUMENTS in connection with YOUR search for, review of and/or production of

24  DOCUMENTS in this ACTION.

25      30.   "IDENTIFY" or "IDENTITY" means the following:

26      (a)   with reference to an individual or individuals, means to state,

27  fully and separately as to each, such individual's full name, any known business title,

28  current or last known business affiliation, current or last known residential address,

1  current or last known business address, current or last known relationship to MGA, and
2  current or last known telephone number.

3           (b)      with reference to an entity or entities, means to state, fully and
4  separately as to each, such entity's full name, state (or country) of incorporation or
5  organization, present or last known address, and present or last known telephone
6  number.

7           (c)      with reference to a SOURCE OF INFORMATION, means
8  to describe and state, fully and separately as to each, the SOURCE OF
9  INFORMATION so as to distinctly identify each such SOURCE OF INFORMATION
10 and differentiate each such SOURCE OF INFORMATION from all other SOURCES
11 OF INFORMATION, including without limitation by stating its nature (e.g., USB
12 drive, computer hard drive, file cabinet, etc.), and any unique identifier information
13 (such as hard drive serial number); the physical location(s), including full address
14 information and full identifying computer network drive information if applicable, of
15 each such SOURCE OF INFORMATION (as of the time of YOUR COLLECTION of
16 DOCUMENTS from the SOURCE OF INFORMATION, regardless of whether such
17 DOCUMENTS were thereafter moved elsewhere for the purpose of YOUR review); the
18 IDENTITY of each natural person or individual who is, was or has been associated
19 with each such SOURCE OF INFORMATION; the date(s) on which YOU
20 COLLECTED DOCUMENTS from each such SOURCE OF INFORMATION in
21 connection with this ACTION; and the IDENTITY of any DOCUMENTS, by Bates
22 number, that YOU have produced from each such SOURCE OF INFORMATION to
23 Mattel in this ACTION.

24          (d)      with reference to any other DOCUMENT or DOCUMENTS,
25 means to describe each DOCUMENT by Bates number.   In the event that a
26 DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each
27 such DOCUMENT, to provide a complete description of it such that it may be the
28 subject of a request for the production of documents, including by stating the date,

**EXHIBIT 5  Page 373**

-10-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

1  identity of the author, addressee(s), signatories, parties, or other PERSONS identified

2  therein, its present location or custodian and a description of its contents.

3          (e)   with reference to the payment of money or other item of

4  value, or any promise, agreement, proposal or offer to pay money or any item of value,

5  means to state the amount of the payment or the value of the item, the IDENTITY of

6  the payor, the IDENTITY of the payee, the IDENTITY of the PERSON on whose

7  behalf it is being made, the IDENTITY of the PERSON on whose behalf it is being

8  received, the date(s) on which such payment or item of value was paid, promised,

9  agreed to be paid, proposed or offered, the nature of the method of payment (e.g., cash,

10  check) and any identifying information accompanying such payment (e.g., check

11  number), and the IDENTITY of each bank or financial institution involved therein.

12       31.   "Any" as used in these interrogatories includes the word "all," and

13  the word "all" as used in these interrogatories includes the word "any."

14       32.   The singular form of a noun or pronoun includes within its meaning

15  the plural form of the noun or pronoun so used, and vice versa; the use of the masculine

16  form of a pronoun also includes within its meaning the feminine form of the pronoun so

17  used, and vice versa; the use of any tense of any verb includes also within its meaning

18  all other tenses of the verb so used, whenever such construction results in a broader

19  request for information; and "and" includes "or" and vice versa, whenever such

20  construction results in a broader disclosure of documents or information.

21

22                      **Instructions**

23       A.   When   an   interrogatory   requests   disclosure   of   a

24  COMMUNICATION or other information as to which YOU claim any privilege or

25  protection as a ground for nondisclosure, identify each PERSON who participated in or

26  had knowledge of the COMMUNICATION or other information and provide the

27  following:

28          (i)   the privilege or protection that YOU claim precludes disclosure;

**EXHIBIT 5  Page 374**

-11-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

1             (ii)     the subject matter of the COMMUNICATION or information

2                      (without revealing the content as to which the privilege is claimed);

3                      and

4             (iii)    any additional facts or grounds on which YOU base YOUR claim

5                      of privilege or protection.

6         B.       When an interrogatory requests that YOU provide information,

7 YOU are required to supply all information known by or available to YOU or YOUR

8 employees, officers, directors, agents, representatives, attorneys and experts. If YOU

9 cannot completely answer the interrogatory after making diligent efforts to do so,

10 please so state. Then describe in detail all efforts made to answer the interrogatory;

11 identify every PERSON involved in such efforts; and state the additional information

12 YOU need, if any, to respond completely to the interrogatory.

13

14                            **Interrogatories**

15

16 INTERROGATORY NO. 51:

17           For each concept, design, product, product packaging or other matter that

18 YOU contend MATTEL has copied, infringed or diluted, including but not limited to

19 those identified in MGA's Responses to Mattel, Inc.'s First Set of Interrogatories Re

20 Claims of Unfair Competition, Response to Interrogatory No. 2 (and any Supplemental

21 Responses to such Interrogatory), describe, fully and separately, each and every

22 concept, design, product, product packaging or other matter of or by MATTEL that

23 YOU contend is a copy of, infringes or dilutes YOUR alleged concept(s), design(s),

24 product(s), product packaging or other matter. Your answer should describe the Mattel

25 concept, design, product, product packaging or other matter with specificity and in

26 detail (including without limitation by product name, product number, SKU, or bar

27 code number), and specify those elements or attributes of YOUR claimed concept,

28

**EXHIBIT 5  Page 375**

-12-

1  design, product, product packaging or other matter that YOU contend were copied,
2  infringed or diluted by MATTEL.

3

4  INTERROGATORY NO. 52:

5        For each trade dress that YOU contend MATTEL copied, infringed or
6  diluted, separately IDENTIFY each product sold by YOU or YOUR licensees that
7  incorporates such trade dress and, for each such product, separately state (a) the number
8  of units, by year, of each such product sold by YOU or YOUR licensees; (b) revenue
9  received by YOU from such SALES of each such product; (c) all costs YOU have
10  incurred in connection with each product, including but not limited to YOUR cost of
11  good sold, and (d) YOUR gross and net profits from each such product.

12

13  INTERROGATORY NO. 53:

14        For each MATTEL concept, design, product, product packaging or other
15  matter that YOU contend is likely to cause confusion, to cause mistake, or to deceive as
16  to affiliation, connection, or association, or as to origin, sponsorship, or approval,
17  separately state all facts that support YOUR contention of such, including but not
18  limited to all facts that support YOUR contention, if YOU so contend, that any of the
19  SLEEKCRAFT FACTORS weighs against MATTEL, and IDENTIFY all PERSONS
20  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO
21  such facts.

22

23  INTERROGATORY NO. 54:

24        For each concept, design, product, product packaging or other matter that
25  YOU contend MATTEL copied, infringed or diluted, state all facts that support
26  contention, if YOU so contend, that such copying or infringement was intentional or
27  willful, and IDENTIFY all PERSONS with knowledge of such facts and all
28  DOCUMENTS that REFER OR RELATE TO such facts.

**EXHIBIT 5  Page 376**

-13-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

INTERROGATORY NO. 55:

State all facts which support the allegation in Paragraph 120 of YOUR COMPLAINT that MATTEL has "caused and continues to cause blurring and dilution of the distinctive look of MGA's products and trade dress," and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

INTERROGATORY NO. 56:

IDENTIFY all MATTEL DOCUMENTS that MGA has obtained, received, reviewed, copied, reproduced, transmitted, requested or used at any time since January 1, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such MATTEL DOCUMENTS.

INTERROGATORY NO. 57:

IDENTIFY all DOCUMENTS that REFER OR RELATE TO any MATTEL product or plan that any of the FORMER MATTEL EMPLOYEES provided, transmitted or disclosed to, shared with or used on behalf of MGA at any time since January 1, 1999, and IDENTIFY all PERSONS with knowledge of such facts.

INTERROGATORY NO. 58:

State all facts which support YOUR contention, if YOU so contend, that YOU and/or MGA did not obtain any MATTEL DOCUMENTS through improper means, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

INTERROGATORY NO. 59:

State all facts which support YOUR contention, if YOU so contend, that any information in the MATTEL DOCUMENTS does not and/or did not derive independent economic value from not being generally known to the public or other PERSONS who can obtain economic value from its disclosure or use, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

INTERROGATORY NO. 60:

State all facts which support YOUR contention, if YOU so contend, that any information in the MATTEL DOCUMENTS was known to the public or to PERSONS who can obtain economic value from its disclosure or use, and IDENTIFY all PERSONS with knowledge of the foregoing and all DOCUMENTS that REFER OR RELATE TO the foregoing.

INTERROGATORY NO. 61:

State all facts which support YOUR contention, if YOU so contend, that YOU and/or MGA independently developed, or did not otherwise use or disclose, any information in the MATTEL DOCUMENTS, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

INTERROGATORY NO. 62:

State all facts which support YOUR contention that YOUR use or disclosure of information in the MATTEL DOCUMENTS neither benefited YOU nor MGA nor harmed MATTEL, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

1 INTERROGATORY NO. 63:

2          State all facts which support YOUR contention, if YOU so contend, that

3 YOU and/or MGA had, has or have any right to copy, possess, use or disclose any

4 MATTEL DOCUMENT, and IDENTIFY all PERSONS with knowledge of such facts

5 and all DOCUMENTS that REFER OR RELATE TO such facts.

6

7 INTERROGATORY NO. 64:

8          To the extent YOU have not previously disclosed such information in a

9 prior interrogatory response YOU provided to Mattel, state all facts which support

10 YOUR claims against Mattel in THIS ACTION, and IDENTIFY all PERSONS with

11 knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

12 facts.

13

14 INTERROGATORY NO. 65:

15          Describe in detail each and every action YOU have taken, or directed be

16 taken, to locate, maintain or preserve evidence which is, might be or could be relevant

17 or potentially relevant to THIS ACTION.

18

19 INTERROGATORY NO. 66:

20          IDENTIFY each and every SOURCE OF INFORMATION from which

21 YOU have COLLECTED DOCUMENTS for responsiveness and potential production

22 in THIS ACTION.

23

24 INTERROGATORY NO. 67:

25          IDENTIFY fully and separately each and every payment of money or

26 other item of value that YOU have made or given, or any promise, agreement, proposal

27 or offer by YOU to pay money or give any item of value, to or on behalf of any

28 PERSON identified in any of the parties' initial disclosures in this ACTION at any time

1    when such PERSON was not an employee of MGA, including without limitation with

2    respect to legal fees incurred by or on behalf of such PERSON.

3

4    INTERROGATORY NO. 68:

5             To the extent not disclosed in response to prior Interrogatories, IDENTIFY

6    fully and separately each and every payment of money or other item of value that MGA

7    has made, or any promise, agreement, proposal or offer by MGA to pay money or give

8    any item of value, to or on behalf of any of the FORMER MATTEL EMPLOYEES,

9    including without limitation with respect to legal fees incurred by or on behalf of any of

10   the FORMER MATTEL EMPLOYEES.

11

12   INTERROGATORY NO. 69:

13            To the extent not disclosed in response to prior Interrogatories, IDENTIFY fully

14   and separately each and every payment of money or other item of value that YOU have

15   made, or any promise, agreement, proposal or offer by YOU to pay money or give any

16   item of value, since January 1, 1998 to or on behalf of any PERSON who has been

17   employed by MATTEL (excluding ordinary salary and benefits paid to such PERSON

18   while an MGA employee), including without limitation with respect to legal fees

19   incurred by or on behalf of such PERSON and bonuses paid to such PERSON.

20

21

22   DATED: January 9, 2008          QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
23

24                                   By_____

25                                      Michael T. Zeller
                                        Attorneys for Mattel, Inc.
26

27

28

                                                        **EXHIBIT 5  Page 380**

**PROOF OF SERVICE**

1

2    I am employed in the County of Los Angeles, State of California.  I am over

3    the age of eighteen years and not a party to the within action; my business address is

4    NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles,

5    California 90026.

6    On January 9, 2008, I served true copies of the following documents

7    described as:

8    **MATTEL, INC.'S SUPPLEMENTAL INTERROGATORIES**

9    on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>   Thomas J. Nolan, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA  90071<br>Telephone:  213.687.5000<br>Facsimile:  213.687.5600 | **Attorneys for *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian and MGAE de Mexico, S.R.L. de C.V.*** |
| Overland Borenstein Scheper & Kim, LLP<br>   Mark E. Overland, Esq.<br>   David C. Scheper, Esq.<br>   Alexander H. Cote, Esq.<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071<br>Telephone:  213.613.4655<br>Facsimile:  213.613.4656 | **Attorneys for *Carlos Gustavo Machado Gomez*** |
| Keker & Van Nest, LLP<br>   John W. Keker, Esq.<br>   Michael H. Page, Esq.<br>   Christa M. Anderson, Esq.<br>710 Sansome Street<br>San Francisco, CA 94111<br>Telephone:  415.391.5400<br>Facsimile:  415.397.7188 | **Attorneys for *Carter Bryant*** |

23

24    [√ ]    **[PERSONAL]** by personally delivering the document listed above to

25    the person(s) at the address(es) set forth above.

26

27

28

**EXHIBIT 5  Page 381**
Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

1    I declare that I am employed in the office of a member of the bar of this court

2  at whose direction the service was made

3    Executed on January 9, 2008, at Los Angeles, California.

4

5

6    David Quintana

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

)7209/2347614.1

**EXHIBIT 5  Page 382**
Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE