```
 1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
 2    johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
 3    (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
 4    (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
 5  Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
 6  Facsimile:  (213) 443-3100

 7  Attorneys for Mattel, Inc.

 8

 9              UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                    SOUTHERN DIVISION
```

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS<br><br>**[PUBLIC REDACTED]** | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard By Discovery Master Robert O'Brien Pursuant To Order Of January 6, 2009]<br><br>DECLARATION OF ZACHARY D. KRUG IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL *IN CAMERA* REVIEW OF IMPROPERLY WITHHELD NON-LEGAL LARIAN COMMUNICATIONS<br><br>Date:  TBD<br>Time:  TBD<br>Place:  Arent Fox LLP<br><br>**Phase 2:**<br>Discovery Cut-off:     June 1, 2010<br>Pre-trial Conference:  TBD<br>Trial Date:            TBD |

## DECLARATION OF ZACHARY D. KRUG

I, Zachary D. Krug, declare as follows:

1. I am a member of the bars of the States of California and New York and an associate at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. In February 2009, Mattel initiated a meet and confer process with MGA regarding various deficiencies in its logs, including hundreds of entries for unattributed handwritten notes. MGA agreed to revise its logs. Its prior counsel identified the sender or recipient for some of the entries. As to others, however, MGA simply described the notes as "non-substantive." Later, MGA's new counsel provided further revised descriptions of these notes, asserting that many of them were not actually "non-substantive" but rather protected legal advice. Those notes remain subject to an ongoing meet and confer.

3. A review of the concurrently filed Appendix A, which contains the relevant information from the identified entries on MGA's privilege logs, shows that approximately 180 of the identified entries are communications with Paula Garcia (Treantafelles), MGA's Bratz product manager, while approximately 45 of the entries are described as being related to "employment" matters.

4. Attached hereto as Exhibit 1 is a true and correct copy of relevant excerpts from MGA's Supplemental Privilege Log – August 14, 2007, revised March 20, 2008 and April 17, 2009.

5. Attached hereto as Exhibit 2 is a true and correct copy of relevant excerpts from MGA's Supplemental Privilege Log – September 5, 2007, revised March 20, 2008 and May 5, 2009.

6. Attached hereto as Exhibit 3 is a true and correct copy of relevant excerpts from MGA's Privilege Log for MGA's October 17, 2009 and October 19, 2007 Document Productions, dated November 16, 2008.

7. Attached hereto as Exhibit 4 is a true and correct copy of relevant excerpts from Isaac Larian's Privilege Log, dated January 15, 2008.

8. Attached hereto as Exhibit 5 is a true and correct copy of relevant excerpts from MGA's Supplemental Privilege Log for MGA's October 2007 Document Production, dated January 22, 2008.

9. Attached hereto as Exhibit 6 is a true and correct copy of relevant excerpts from MGA's Privilege Log – January 23, 2008, revised January 25, 2008 and April 9, 2009.

10. Attached hereto as Exhibit 7 is a true and correct copy of relevant excerpts from MGA's Privilege Log – January 28, 2008, revised February 8, 2008.

11. Attached hereto as Exhibit 8 is a true and correct copy of relevant excerpts from Isaac Larian's Privilege Log – January 30, 2008, revised April 9, 2009.

12. Attached hereto as Exhibit 9 is a true and correct copy of Mattel's Motion to Compel *In Camera* Review and Production of Non-Attorney or Non-Legal Communications Listed on MGA's Privilege Logs, dated March 27, 2009.

13. Attached hereto as Exhibit 10 is a true and correct copy of MGA's Opposition to Mattel's Motion to Compel Production of Previously Withheld Documents Only Portions of Which Are Allegedly Privileged, dated February 7, 2008.

14. Attached hereto as Exhibit 11 is a true and correct copy of relevant excerpts from the June 2, 2008 Hearing Transcript.

15. Attached hereto as Exhibit 12 is a true and correct copy of MGA's Opposition to Mattel's Motion to Compel *In Camera* Review and Production of Non-Attorney and Non-Legal Communications Listed on MGA's Privilege Logs, dated April 3, 2009.

|   |   |
|---|---|
| 1 | 16. Attached hereto as Exhibit 13 is a true and correct copy of the Phase 2 Discovery Matter Order No. 33, dated May 18, 2009. |

16. Attached hereto as Exhibit 13 is a true and correct copy of the Phase 2 Discovery Matter Order No. 33, dated May 18, 2009.

17. Attached hereto as Exhibit 14 is a true and correct copy of a letter from Annette Hurst, MGA's counsel, to Robert O'Brien, the Discovery Master, dated August 3, 2009.

18. Attached hereto as Exhibit 15 is a true and correct copy of a letter from Cynthia Lock, MGA's counsel, to B. Dylan Proctor, my colleague, dated August 21, 2009.

19. Attached hereto as Exhibit 16 is a true and correct copy of an email communication produced by MGA and Bates-stamped MGA2 0070266-270. This document is no longer designated under the Protective Order.

20. Attached hereto as Exhibit 17 is a true and correct copy of the Court's Order to Show Cause, dated August 31, 2009.

21. Attached hereto as Exhibit 18 is a true and correct copy of relevant excerpts from the September 22, 2009 Hearing Transcript.

22. Attached hereto as Exhibit 19 is a true and correct copy of an email communication produced by MGA and Bates-stamped MGA2 0070581-582.

23. Attached hereto as Exhibit 20 is a true and correct copy of Mattel's Supplemental Notice of Motion in Support of Motion to Compel Production of Previously Withheld Documents Only Portions of Which are Allegedly Privileged, dated February 5, 2008. This document is no longer designated under the Protective Order.

24. Attached hereto as Exhibit 21 is a true and correct copy of an email communication produced by MGA and Bates-stamped MGA2 0070568-569.

25. Attached hereto as Exhibit 22 is a true and correct copy of an email communication produced by MGA and Bates-stamped MGA2 0070551-553.

26. Attached hereto as Exhibit 23 is a true and correct copy of a letter from B. Dylan Proctor to Annette Hurst, dated September 9, 2009.

27. Attached hereto as Exhibit 24 is a true and correct copy of a letter from Cynthia Lock to B. Dylan Proctor, dated September 16, 2009.

28. Attached hereto as Exhibit 25 is a true and correct copy of MGA's Opposition to Mattel's Supplemental Notice of Motions to Compel, dated February 29, 2008.

29. Attached hereto as Exhibit 26 is a true and correct copy of a letter from Annette Hurst to Robert O'Brien, dated September 28, 2009.

30. Attached hereto as Exhibit 27 is a true and correct copy of a letter from B. Dylan Proctor to Annette Hurst, dated October 9, 2009.

31. Attached hereto as Exhibit 28 is a true and correct copy of an email communication produced by MGA and Bates-stamped MGA2 0070289-291.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 13, 2009, at Los Angeles, California.

Zachary D. Krug