**EXHIBIT 10**

THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, Suite 3800
San Francisco, CA 94111-5974
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
Email: rkennedy@skadden.com

Attorneys for MGA Entertainment, Inc.,
MGA Entertainment (HK) Limited,
MGAE de Mexico S.R.L. de C.V.,
and Isaac Larian

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

CARTER BRYANT, an individual

    Plaintiff,

v.

MATTEL, INC., a Delaware corporation

    Defendant.

Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC.

CASE NO. CV 04-9049 SGL (RNBx)

Consolidated with Case No. 04-9059 and Case No. 05-2727

**DISCOVERY MATTER**

[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]

**MGA ENTERTAINMENT, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF PREVIOUSLY WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE ALLEGEDLY PRIVILEGED**

Hearing Date: TBD
Time: TBD
Place: TBD

2-7-08

MGA'S MEMO OF POINTS AND AUTHORITIES IN OPP. TO MATTEL, INC.'S MOTION TO COMPEL PRODUCTION PREVIOUSLY WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE PRIVILEGED

EXHIBIT 10
PAGE 468

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 1

    I.    PRELIMINARY STATEMENT ................................................................ 1

    II.    STATEMENT OF FACTS ......................................................................... 2

        A.    The August 15 and September 5, 2007 Privilege Logs .............. 2

        B.    The November 15, 2007 Privilege Log ....................................... 4

        C.    The January 15, 2008 Privilege Log ............................................ 5

    III.    ARGUMENT ............................................................................................... 6

        A.    Mattel's Motion to Compel MGA to Produce Documents in Redacted Form Should Be Denied ............................................... 6

        B.    The Documents Withheld by MGA Are Privileged .................... 7

        C.    Mattel Has Failed to Engage in a Proper Meet and Confer With Regard to the November 2007 and January 2008 Privilege Logs ................................................................................ 9

        D.    MGA Has Adequately Described the Documents on Its Logs .................................................................................................. 10

    IV.    CONCLUSION ......................................................................................... 11

-i-

EXHIBIT 10
PAGE 469

## TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

Connor Peripherals, Inc. v. W. Digital Corp.,
  No. C 93-20117 RMW/EAI 1993, U.S. Dist. LEXIS 20149
  (N.D. Cal. June 8, 1993) .................................................................................. 8, 9

In re Grand Jury Investigation,
  974 F.2d 1068 (9th Cir. 1992) ............................................................................. 10

Upjohn Co. v. United States,
  449 U.S. 383 (1981) ......................................................................................... 7, 8

Wrench LLC v. Taco Bell Corp.,
  212 F.R.D. 514 (W.D. Mich. 2002) ........................................................................ 8

MGA'S MEMO OF POINTS AND AUTHORITIES IN OPP. TO MATTEL, INC.'S MOTION TO COMPEL PRODUCTION PREVIOUSLY WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE PRIVILEGED

EXHIBIT 10
PAGE 470

## MEMORANDUM OF POINTS AND AUTHORITIES

Counter-defendant MGA Entertainment, Inc. ("MGA") respectfully submits this opposition to Mattel, Inc.'s Motion to Compel Production of Previously Withheld Documents Only Portions of Which Are Allegedly Privileged, filed on January 22, 2008.

### I. PRELIMINARY STATEMENT

By order dated December 19, 2007, the Discovery Master denied Mattel's Motion to Compel Production of Documents Withheld as Privileged in privilege logs prepared by MGA's prior counsel on August 14, September 5 and November 15, 2007. Undaunted by this adverse ruling, Mattel has launched a new attack on the August and September privilege logs. This time around Mattel complains that the logs are deficient because MGA has allegedly withheld from production entire documents which contain any privileged material instead of producing such documents in redacted form. Mattel also asserts that MGA has failed to adequately describe in the logs the documents it withheld from production.

Mattel's motion should be denied. First, as Mattel itself admits, during the meet and confer process MGA agreed to review the August and September logs and to produce in redacted form any documents it determined could be feasibly redacted. In light of this voluntary commitment, Mattel's motion to compel is wholly unnecessary and wasteful of judicial resources.

Second, Mattel has failed to meet and confer with respect to privilege logs produced by MGA in November 2007 and January 2008. Therefore, its attempt to bypass the meet and confer process is improper.

Third, Mattel's complaints about the adequacy of the descriptions of documents included on the privilege log are without merit. The descriptions adequately identify the documents withheld from production and the basis for the claim of privilege. Nothing more is required. In addition, the descriptions are strikingly similar to the descriptions Mattel used in its own privilege logs. If Mattel

-1-

MGA'S MEMO OF POINTS AND AUTHORITIES IN OPP. TO MATTEL, INC.'S MOTION TO COMPEL PRODUCTION PREVIOUSLY WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE PRIVILEGE

EXHIBIT 10
PAGE 47

believes that descriptions in its own logs are adequate then similar descriptions by MGA also should suffice.

## II. STATEMENT OF FACTS

### A. The August 15 and September 5, 2007 Privilege Logs

On August 14 and September 5, 2007, MGA's prior counsel prepared and produced privilege logs listing documents that had been withheld from production on the grounds of privilege. (Proctor Declaration in Support of Mattel's Motion to Compel Production of Previously Withheld Documents Only Portions of Which are Allegedly Privileged ("Proctor Decl.") ¶¶ 24, 25, Exs. 14, 15.) Mattel subsequently moved to compel production of the documents listed on the August and September logs on the ground that MGA's production of those logs was untimely. Mattel also sought a ruling that MGA's alleged tardy production of the August and September logs had resulted in a wholesale waiver of the attorney-client privilege as to all documents listed in those logs. By order dated December 19, 2007, the Discovery Master denied Mattel's motion to compel and its request for a finding of a wholesale waiver of the attorney-client privilege. (Declaration of José R. Allen in Support of MGA's Memoranda of Points and Authorities in Opposition to Mattel's Motions to Compel (1) Previously Withheld Documents, (2) Documents Protected by the Common Interest Privilege and (3) Documents Containing Trademark and Other "Factual" Data ("Allen Decl.") ¶ 2, Ex. 1.)

On December 7, 2007, counsel for Mattel asked to meet and confer with new counsel for MGA to discuss the August and September privilege logs. (Proctor Decl. ¶ 11, Ex. 1.) In its meet and confer letter, which came almost four months after receiving the August log and three months after receiving the September log, Mattel raised a host of alleged deficiencies with regard to both privilege logs. (See id.) First, Mattel's counsel asserted that it had been informed by MGA's prior counsel that attachments to privileged documents had not been separately logged; rather, if the initial document was privileged, all attachments to that document were

-2-

MGA'S MEMO OF POINTS AND AUTHORITIES IN OPP. TO MATTEL, INC.'S MOTION TO COMPEL PRODUCTION PREVIOUSLY WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE PRIVILEGE

EXHIBIT 10
PAGE 42

treated as privileged and were not separately listed on the logs. Second, Mattel's counsel claimed that MGA's prior counsel had taken the position that if only a portion of a document was privileged, the entirety of the document had been withheld as privileged even if it was possible to produce the document in redacted form. Third, Mattel's counsel complained that many of the documents listed on the log did not appear to involve communications with counsel.

On December 17, 2007, MGA's new counsel engaged in the first of several meet and confer conferences with Mattel's counsel to discuss Mattel's objections to the August and September privilege logs. Because MGA's new counsel had not been involved in the preparation of those logs and were not privy to any prior discussions between Mattel's counsel and MGA's prior counsel regarding the manner in which the logs had been prepared, MGA's new counsel were not able to confirm the accuracy of the statements that had been attributed to MGA's prior counsel by Mattel's counsel. However, rather than spending time attempting to assay the veracity of Mattel's assertions, and in the interest of avoiding needless motion practice, MGA's new counsel informed Mattel on December 24, 2007, that MGA would review all the entries on the August and September logs and prepare revised logs. (Proctor Decl. ¶ 14, Ex. 4.) MGA also stated that it would produce in redacted form any documents that were capable of being redacted without revealing privileged information and that it would provide revised descriptions of document withheld from production where doing so would not result in divulging privileged information or compromise any privilege. (See id.) Finally, MGA's new counsel asked Mattel to confirm that Mattel had treated documents on its privilege log in the same fashion as MGA had agreed to treat documents on its revised logs. (See id.)

MGA's agreement to prepared revised logs was a massive undertaking because the number of documents listed on the August and September logs exceeded 4,000 documents. In light of the burdensomeness of the task, on January 7, 2008 MGA informed Mattel that it would take considerably longer than its initial estimate

-3-

MGA'S MEMO OF POINTS AND AUTHORITIES IN OPP. TO MATTEL, INC.'S MOTION TO COMPEL PRODUCTION PREVIOUSLY WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE PRIVILEGE

EXHIBIT 10
PAGE 473

of three weeks to complete the revised privilege logs. (Proctor Decl. ¶ 17, Ex. 7.) In order to expedite the review process, MGA used contract attorneys and retained an outside vendor to assist in reviewing the logs and preparing revised logs. Because of Mattel's delay until December 2007 in raising any issue with regard to either the August or September logs and the considerable burden that MGA had voluntarily agreed to shoulder, MGA declined Mattel's request to stipulate that Mattel could bring a motion to compel with respect to the revised privilege logs after the Phase 1 discovery cutoff deadline. In declining Mattel's' request MGA's new counsel noted that Mattel had had ample time to raise any concerns about the logs and it was now time for the parties to shift their focus from discovery motion practice to preparing for trial. Furthermore, in response to questions Mattel raised during the meet and confer process about specific documents listed on the August and September logs, MGA re-examined every document questioned by Mattel and either re-affirmed the claim of privilege or withdrew the privilege claim and agreed that it would provide the document in full or redacted form when the revised privilege logs were completed. (Allen Decl. ¶ 3.)

**B.  The November 15, 2007 Privilege Log**

On November 15, 2007, MGA prepared another privilege log in connection with documents that had been produced to Mattel in October 2007. This log listed various documents that MGA had determined should be withheld in their entirety. During a meet and confer on November 16, 2007, MGA's new counsel informed Mattel that MGA would provide at a later date a separate redactions log listing documents that would be produced in redacted form. (Allen Decl. ¶ 4, Ex. 2.) On January 11, 2008, almost two months after the initial November log had been produced, and in the midst of discussions regarding the August and September logs, Mattel raised for the first time concerns about the documents listed on the November log. (Proctor Decl. ¶ 18, Ex. 8.) Among other things, Mattel asserted that some of the entries listed on the November log did not appear to reflect confidential

-4-

MGA'S MEMO OF POINTS AND AUTHORITIES IN OPP. TO MATTEL, INC.'S MOTION TO COMPEL
PRODUCTION PREVIOUSLY WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE PRIVILEGE

EXHIBIT 10
PAGE 474

1 communications or legal advice and that it appeared that MGA had withheld
2 documents listed in the October logs in their entirety rather than producing them in
3 redacted form. (Id.)
4     On January 18 the parties conducted a meet and confer with regard to
5 the August and September logs. During the course of that conference MGA
6 reminded Mattel that the parties had previously agreed that MGA would produce two
7 logs for the October document production – one for documents withheld in their
8 entirety (the November log) and one for documents that would be produced in
9 redacted form. (Allen Decl. ¶ 5.) Therefore, Mattel's claim that MGA confirmed its
10 plan to produce the logs in two installments for the "first time" on January 18 is
11 untrue.
12     C.    **The January 15, 2008 Privilege Log**
13     On January 15 and 23, 2008, Isaac Larian produced privilege logs
14 listing documents withheld from production in connection with document requests
15 that Mattel had served on Mr. Larian. (Allen Decl. ¶¶ 6, 7, Exs. 3, 4.) The day after
16 Mattel received the January 15 log it sent yet another letter complaining about the
17 entries on this log. (Allen Decl. ¶ 8, Ex. 5.) Among other things, Mattel complained
18 that many of the entries on the log did not appear to involve counsel and that it
19 appeared that Mr. Larian was withholding documents in their entirety instead of
20 producing documents in redacted form.
21     On January 24 MGA responded to Mattel's complaints about the
22 January privilege logs, noting that the communications questioned by Mattel were
23 subject to the common interest privilege and that Mr. Larian would produce
24 documents in redacted form where it was appropriate to do. (Allen Decl. ¶ 9, Ex. 6.)
25 Mr. Larian's counsel also offered to meet and confer with Mattel regarding the logs
26 covering the documents produced by Mr. Larian. However, Mattel did not take
27 counsel up on this offer before filing its motion to compel. (Allen Decl. ¶ 9.)
28 Therefore, the parties have never met and conferred about the January log.

-5-
MGA'S MEMO OF POINTS AND AUTHORITIES IN OPP. TO MATTEL, INC.'S MOTION TO COMPEL PRODUCTION PREVIOUSLY WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE PRIVILEGE

EXHIBIT 10
PAGE 475

## III. ARGUMENT

MGA's new counsel has taken extraordinary steps to address the concerns raised by Mattel with respect to MGA's privilege logs. It is evident, however, that Mattel is simply engaged in a game of raising serial complaints about the logs in an effort to protract the discovery process. Mattel's desire to engage in endless discovery and motion practice is tellingly revealed by its request to be allowed to "engage in follow-up motion practice" after MGA produces any documents previously withheld under a claim of privilege and prepares amended privilege logs. (Motion at 9:7-8.) Mattel's assault on MGA's privilege logs has already consumed the limited resources of this Court and the parties. At some point the discovery process must come to an end and the focus must shift to the trial. Judge Larson's recent order makes clear that we have arrived at the end of the Phase I discovery process. (Allen Decl. ¶ 10, Ex. 7.) Accordingly, Mattel's attempt to prolong the process should be rejected and its motion to compel should be denied.

### A. Mattel's Motion to Compel MGA to Produce Documents in Redacted Form Should Be Denied

Mattel's assertion that MGA intends to withhold documents in their entirety is false. Mattel fails to disclose that four days before it filed its motion to compel, MGA produced a redactions log and redacted documents covering the documents produced by MGA in October 2007. (Allen Decl. ¶ 11, Ex. 8.) Mattel also fails to disclose that pursuant to a stipulation of the parties relating to documents to be produced by Isaac Larian, MGA agreed to produce a redactions log and redacted documents on January 23, 2008. (Allen Decl. ¶ 12, Ex. 9.) MGA produced the log and redacted documents on that day, as promised. (Allen Decl. ¶ 7, Ex. 4.)

Furthermore, almost a month before Mattel filed its motion, MGA already had committed to revise the August and September 2007 privilege logs and to produce documents in redacted form where it is appropriate to do so. (Proctor Decl. ¶ 14, Ex. 4.) The sheer magnitude of this undertaking has been extraordinarily

-6-

MGA'S MEMO OF POINTS AND AUTHORITIES IN OPP. TO MATTEL, INC.'S MOTION TO COMPEL PRODUCTION PREVIOUSLY WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE PRIVILEGE

EXHIBIT 10
PAGE 476

1  burdensome to MGA. In order to expedite the review process MGA has utilized
2  contract attorneys and retained third-party vendors to assist in the review. In all
3  likelihood, the revised logs would have been completed by now if MGA did not have
4  to divert its attention to drafting oppositions to Mattel's serial attacks on the privilege
5  logs. In any event, based upon the estimates provided by its vendor, MGA
6  anticipates that the revised August and September logs should be completed by the
7  end of February.
8       In light of the steps MGA already has undertaken to produce documents
9  in redacted form and to prepare revised privilege logs, Mattel's motion to compel
10 MGA to do what it has already done is wholly unnecessary and wasteful of judicial
11 resources. Therefore, Mattel's motion should be denied.
12     **B.**   **The Documents Withheld by MGA Are Privileged**
13      Mattel speculates that certain documents listed on the privilege logs are
14 "unlikely" to be privileged because the persons identified in "to/from" fields in the
15 privilege log are not attorneys. (Motion at 7:7.) Mattel points to entry 1058 on the
16 August log as support for its position. Although Mattel admits that this and similar
17 e-mails may contain privileged information, it argues that MGA must produce such
18 documents because no attorney appears to be involved in the chain of
19 communications.
20      Mattel is incorrect. Just because an e-mail is addressed to non-lawyers
21 does not mean that it is not a privileged communication. See Upjohn Co. v. United
22 States, 449 U.S. 383, 390 (1981) ("privilege exists to protect not only the giving of
23 professional advice to those who can act on it but also the giving of information to
24 the lawyer to enable them to give sound and informed advice" and includes
25 communications between managers and officers at the corporation or others who
26 possess the information the attorney needs to provide legal advice or who will act on
27 the attorney's advice); see also Wrench LLC v. Taco Bell Corp., 212 F.R.D. 514,
28 517-18 (W.D. Mich. 2002) (employees may share information received from counsel

-7-

MGA'S MEMO OF POINTS AND AUTHORITIES IN OPP. TO MATTEL, INC.'S MOTION TO COMPEL
PRODUCTION PREVIOUSLY WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE PRIVILEGE

EXHIBIT 10
PAGE 477

with other employees with a "need to know"). A communication between employees discussing advice provided by their attorney is entirely privileged. See Upjohn, 449 U.S. at 390.

A review of the documents cited by Mattel confirms their privilege status. Entry number 1058 on the August log clearly reflects a communication in which Kerri Legg, an MGA employee, reports to Isaac Larian and Paula Treantafella's on advice that had been conveyed to her by MGA's counsel on the registration of a trademark.[1] Entry number 914 similarly reflects communications among company employees regarding consultations with legal counsel about pursuing copyright infringement claims against another company.[2]

Mattel also complains that MGA has refused to divulge the "potential US trademark" to which certain communications refer, and that the subject of those communications – the mark at issue – is not privileged. Mattel cites two documents, August log entries 2857 and 434, as support for its position. (Motion at 7:11-8:10.) As Mattel acknowledges, entry number 2857 on the August log reflects attorney-client communications between MGA and its counsel regarding a trademark search and legal advice as to the next steps MGA should take in response to the information obtained as a result of the search. These communications are plainly privileged. See Connor Peripherals, Inc. v. W. Digital Corp., No. C 93-20117 RMW/EAI, 1993 U.S. Dist. LEXIS 20149, at *5 (N.D. Cal. June 8, 1993) (citation omitted). Mattel does not appear to argue to the contrary. (Motion at 7:17-19.)[3]

---

[1] If the Court requests, MGA is prepared to submit this document and any others that Mattel has put at issue for *in camera* review.

[2] Mattel cites several other documents (August Log Nos. 914, 916 and 931) in footnote 25 of its brief as examples of other instances in which no attorney appears to be involved in the communication. As discussed in the text, these documents were properly withheld as privileged attorney-client communications because they reflect legal advice that was conveyed by an attorney. However, MGA does not assert a claim of privilege with respect to entry number 916, which is an email communication between Dennis Medici and Isaac Larian.

[3] MGA does not assert a privilege with regard to the attachments to the emails, which consist of the results of trademark search results from public databases. Therefore, MGA will produce this document in redacted form.

-8-
MGA'S MEMO OF POINTS AND AUTHORITIES IN OPP. TO MATTEL, INC.'S MOTION TO COMPEL PRODUCTION PREVIOUSLY WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE PRIVILEGE

EXHIBIT 10
PAGE 476

Similarly, August log entry 434 is a letter from one of MGA's trademark counsel discussing their findings regarding a certain trademark and asking for information to assist the attorney in completing the application. This document is clearly a privileged communication between attorney and client. Connor Peripherals, 1993 U.S. Dist. LEXIS, at *5.[4]

### C. Mattel Has Failed to Engage in a Proper Meet and Confer With Regard to the November 2007 and January 2008 Privilege Logs

Pursuant to paragraph 5 of the Court's Order Appointing a Discovery Master, prior to bringing a discovery motion "[t]he moving party shall first identify each dispute, the relief sought, and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail." From December 7, 2007 through January 10, 2008, the parties' entire meet and confer process centered on issues Mattel had raised in regard to MGA's August and September logs. In the midst of the meet and confer regarding those logs, Mattel casually tossed in complaints about the November privilege log. (Proctor Decl. ¶ 18, Ex. 8.) The off-hand references to the alleged deficiencies in the November log stand in sharp contrast to Mattel's detailed, 5-page letter of December 7, 2007 in which it outlined its concerns with the August and September 2007 privilege logs. (Proctor Decl. ¶ 11, Ex. 1.) More importantly, the parties have never engaged in a document-by-document meet and confer with regard to the November log. Although MGA offered to discuss each document individually, Mattel never followed up on the offer to meet before it filed its motion. (Allen Decl. ¶¶ 15-17, Exs. 12-14.)

Mattel has similarly ignored its meet and confer obligations with regard to the January privilege logs. The parties have only exchanged correspondence

---

[4] MGA does not assert a privilege, however, with regard to the attachment to the letter which consists of a communication provided by the Patent and Trademark Office. Therefore, MGA will produce this document in redacted form.

-9-

MGA'S MEMO OF POINTS AND AUTHORITIES IN OPP. TO MATTEL, INC.'S MOTION TO COMPEL PRODUCTION PREVIOUSLY WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE PRIVILEGE

EXHIBIT 10
PAGE 479

## IV. CONCLUSION

Mattel has burdened the Court with yet another unnecessary motion. MGA already has agreed to provide revised privilege logs and produce documents in redacted form where it is appropriate to do so. In addition, Mattel has failed to engage in a proper meet and confer regarding MGA's November and January privilege logs before filing this motion. Finally, MGA has adequately described the documents on its logs. Therefore, Mattel's motion to compel should be denied.

DATED: February 7, 2008

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

_____
Raoul D. Kennedy
Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LTD., and MGAE de MEXICO S.R.L. de C.V.

-11-

MGA'S MEMO OF POINTS AND AUTHORITIES IN OPP. TO MATTEL, INC.'S MOTION TO COMPEL PRODUCTION PREVIOUSLY WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE PRIVILEGE

EXHIBIT 10
PAGE 480