# EXHIBIT 11

```
                UNITED STATES DISTRICT COURT

                CENTRAL DISTRICT OF CALIFORNIA

                       EASTERN DIVISION

                            - - -

         HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

                            - - -

MATTEL, INC.,                    )
                                 )
                      PLAINTIFF, )
                                 )
           VS.                   )   NO. ED CV 04-09049
                                 )   (LEAD LOW NUMBER)
MGA ENTERTAINMENT, INC., ET. AL.,)
                                 )
                     DEFENDANTS. )   MOTION HEARING
                                 )
AND CONSOLIDATED ACTIONS,        )
                                 )
```

**CERTIFIED COPY**

REPORTER'S TRANSCRIPT OF PROCEEDINGS

RIVERSIDE, CALIFORNIA

MONDAY , JUNE 2 , 2008

1:33 P.M.

THERESA A. LANZA, RPR, CSR
FEDERAL OFFICIAL COURT REPORTER
3470 12TH STREET, RM. 134
RIVERSIDE, CALIFORNIA  92501
951-274-0844
WWW.THERESALANZA.COM

```
 1   APPEARANCES:

 2

 3
     ON BEHALF OF MATTEL:
 4
                         QUINN EMANUEL
 5                       BY:  HARRY A. OLIVAR
                         BY:  JON COREY
 6                       BY:  DYLAN PROCTOR
                         865 S. FIGUEROA STREET,
 7                       10TH FLOOR
                         LOS ANGELES, CALIFORNIA  90017
 8                       213-624-7707

 9

10   ON BEHALF OF MGA ENTERTAINMENT:

11                       SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                         BY:  JASON RUSSELL
12                       BY:  JOSE ALLAN
                         300 SOUTH GRAND AVENUE
13                       LOS ANGELES, CALIFORNIA  90071-3144
                         213-687-5000
14

15

16

17

18

19

20

21

22

23

24

25
```

MONDAY, JUNE 2, 2008                              MOTIONS HEARING

EXHIBIT 11
PAGE 482

3

```
               I N D E X

                                              PAGE

MOTIONS .....................................   4
```

MONDAY, JUNE 2, 2008                    MOTIONS HEARING

EXHIBIT 11
PAGE 483

|    |    |    |
|----|----|----|
| 1  | RIVERSIDE, CALIFORNIA; MONDAY, JUNE 2, 2008; 1:33 P.M. | |
| 2  | -OOO- | |
| 3  | **THE CLERK:** CALLING CALENDAR ITEM NINE, MATTEL INC. | |
| 4  | VERSUS MGA ENTERTAINMENT INC., AND RELATED ACTIONS, CV 04-9059. | |
| 5  | MAY WE HAVE COUNSEL PLEASE COME FORWARD AND STATE | 01:33 |
| 6  | YOUR APPEARANCES FOR THE RECORD. | |
| 7  | **MR. COREY:** JON COREY, HARRY OLIVAR, AND | |
| 8  | DYLAN PROCTOR FOR MATTEL. | |
| 9  | **MR. RUSSELL:** JASON RUSSELL AND JOSE ALLAN FOR MGA. | |
| 10 | **THE COURT:** GOOD AFTERNOON TO YOU ALL. | 01:36 |
| 11 | WE'RE ON CALENDAR FOR A SERIES OF MOTIONS THAT HAD | |
| 12 | NOT BEEN ADDRESSED BY THE DISCOVERY MASTER BUT ARE RELATED TO | |
| 13 | PHASE ONE OR SUBMITTED TO THE COURT AS BEING RELATED TO PHASE | |
| 14 | ONE, WHICH I WANTED TO RULE ON BEFORE THE TRIAL WENT ANY | |
| 15 | FURTHER. | 01:37 |
| 16 | THE COURT HAS RECEIVED AND REVIEWED THE DOCUMENTS | |
| 17 | SUBMITTED IN SUPPORT AND OPPOSITION TO THESE MOTIONS AND IS | |
| 18 | PREPARED TO HEAR FURTHER ARGUMENT AT THIS TIME AND MAKE RULINGS | |
| 19 | ON EACH OF THEM. | |
| 20 | THE FIRST MOTION I HAVE BEFORE ME -- AND I'LL GO | 01:37 |
| 21 | THROUGH THEM IN THE ORDER THAT THEY WERE PRESENTED, | |
| 22 | UNLESS THERE IS -- | |
| 23 | **MR. RUSSELL:** I APOLOGIZE, BUT WE HAVE COUNSEL FOR | |
| 24 | THIRD PARTY, MS. ANNE WONG'S COUNSEL IS HERE; THAT'S MOTION | |
| 25 | SIX; I THOUGHT, JUST AS A COURTESY TO HER, WE COULD LET HER -- | 01:37 |

```
 1  MET.
 2          THE COURT: WHAT KIND OF EVIDENCE ARE YOU LOOKING
 3  FOR? THAT'S SOMETHING ELSE YOU SAY AS WELL, BUT I AM NOT SURE
 4  WHAT YOU ARE LOOKING FOR.
 5          MR. OLIVAR: SOME TESTIMONY FROM A PERCIPIENT WITNESS           02:0€
 6  THAT BANDAI AND ACCLAIM GAMES HAVE AN IDENTICAL LEGAL ISSUE; IT
 7  PUTS IT CLOSE TO IDENTICAL WITH MGA IN DEFENDING AGAINST THE
 8  CLAIMS OF THIS LAWSUIT.
 9          THE COURT: SO YOU'RE LOOKING FOR A DECLARATION OR
10  SOMETHING TO THAT EFFECT.                                             02:0€
11          MR. OLIVAR: WE HAVE THAT, BUT IT REALLY SAYS NOTHING
12  AT ALL. IT SAYS WE WORK WITH BANDAI CLOSELY, THEY HAVE VARIOUS
13  ROLES, THEY HAVE INTERESTS IN THE SALE OF BRATZ. WE ACCEPT
14  THEY HAVE ECONOMIC INTERESTS AS A LICENSEE. BUT THE CASE LAW
15  IS CLEAR THAT JUST BECAUSE SOMEONE IS INTERESTED IN THE SALES         02:0€
16  OF BRATZ CONTINUING IN A COMMERCIAL SENSE, THAT DOES NOT COUNT
17  AS AN IDENTICAL OR MERELY AN IDENTICAL LEGAL INTEREST.
18          THERE'S NO EVIDENCE THAT BANDAI HAS BEEN WORKING WITH
19  MGA ON A COORDINATED LEGAL STRATEGY OR THAT ANY OF THESE
20  DOCUMENTS IN ANY WAY FIT INTO THAT STRATEGY. THEY JUST HAVE           02:0٩
21  DOCUMENTS INVOLVING PRODUCT SALES OR INVOICES OR TRADEMARKS AND
22  THEY SAY PURSUANT TO COMMON INTEREST, AND THERE'S NO EVIDENCE
23  TO SATISFY ANY OF THE LEGAL TESTS AS TO THESE DOCUMENTS.
24          THE ONE DECLARATION THEY PUT IN, MR. KHARI, SAYS
25  NOTHING THAT WOULD SATISFY THE LEGAL TESTS.                           02:0٩
```

MONDAY, JUNE 2, 2008                                MOTIONS HEARING

EXHIBIT 11
PAGE 485

```
1         SO THAT ONE I THINK IS SUSCEPTIBLE TO A CLEAR RULING.
2  WE HIT A STONE WALL DURING MEET AND CONFER TRYING TO GET
3  PRODUCTION OF THOSE DOCUMENTS.
4         THE COURT:  VERY GOOD.
5         MR. ALLAN, LET ME HEAR FROM YOU ON THIS.                02:09
6         MR. ALLAN:  GOOD AFTERNOON, YOUR HONOR.
7         JOSE ALLAN.  I'M FROM THE SKADDEN ARPS OFFICE IN SAN
8  FRANCISCO.
9         THE COURT:  WELCOME, COUNSEL.
10        MR. ALLAN:  I'VE SPENT QUITE A BIT OF TIME FOCUSED      02:10
11 JUST ON THESE PRIVILEGED LOG ISSUES, YOUR HONOR, AND THEY DO
12 BREAK DOWN INTO THREE GENERAL CATEGORIES; THOSE THAT THE CLAIM
13 IS MADE THAT THIS JUST REFLECTS COMMUNICATIONS AMONG IN-HOUSE
14 PERSONNEL AND NO LAWYER IS INVOLVED; THE SO-CALLED TRADEMARK
15 SEARCH RESULTS; AND THEN THE THIRD-PARTY COMMUNICATIONS.       02:10
16        LET'S DEAL WITH THE FIRST CATEGORY FIRST, BECAUSE I
17 HAVE HAD QUITE EXTENSIVE COMMUNICATIONS WITH THE QUINN FIRM
18 CONCERNING THE NATURE OF THE DOCUMENTS.
19        WHEN THIS ISSUE FIRST CAME UP, WE WENT BACK THROUGH
20 THE PRIVILEGED LOGS AND IDENTIFIED THE DOCUMENTS WHICH WE      02:10
21 BELIEVED COULD BE REDACTED AND PRODUCED IN PART WHERE THERE WAS
22 NONPRIVILEGED COMMUNICATIONS INVOLVED.  THE DOCUMENTS THAT
23 REMAINED ON THE LOG WERE DOCUMENTS IN WHICH INTERNAL MGA
24 PERSONNEL WERE DISCUSSING ADVICE RECEIVED FROM COUNSEL
25 CONCERNING A BROAD ARRAY OF MATTERS.  THOSE ARE THE DOCUMENTS  02:11
```

MONDAY, JUNE 2, 2008                          MOTIONS HEARING

EXHIBIT M
PAGE 480

```
 1   THAT WE'VE TOLD THEM WE HAVE DECIDED SHOULD NOT BE PRODUCED.
 2   THEY WERE NOT SUSCEPTIBLE OF BEING PRODUCED IN REDACTED FORM.
 3   BUT WE COMMITTED AND WE DID GO THROUGH AND REVIEW EVERY
 4   DOCUMENT THAT THEY IDENTIFIED IN THEIR LETTER THAT THEY HAD
 5   RAISED A QUESTION ABOUT, AND WE ASSURED OURSELVES THAT THE ONES      02:11
 6   THAT WERE NOT BEING PRODUCED IN REDACTED FORM WERE
 7   APPROPRIATELY WITHHELD ON THE GROUNDS OF PRIVILEGED LOGS.
 8             THE COURT:  LET ME STOP YOU THERE.
 9             CAN YOU REPRESENT THEN TO THE COURT YOU'VE DONE THAT
10   FOR NOT ONLY THE ONES THEY HAVE RAISED PERHAPS IN A LETTER OR        02:11
11   YOUR COMMUNICATIONS, BUT ALL OF THE ONES IDENTIFIED IN THIS
12   FIRST MOTION?
13             MR. ALLAN:  YES.
14             ONE OF THE PROBLEMS IS WE'VE HAD A MOVING TARGET
15   HERE.  I SAID, 'LOOK, I'M GOING TO GIVE YOU A REVISED LOG WHICH      02:11
16   IDENTIFIES DOCUMENTS WHICH HAVE BEEN PRODUCED IN REDACTED FORM
17   AND DOCUMENTS WHICH HAVE BEEN WITHHELD IN PART.'
18             THE COURT:  VERY WELL.
19             MR. ALLAN:  WE GAVE THEM THOSE LOGS.  AND I SAID,
20   'LOOK, ONCE YOU GET THOSE LOGS, I'D LIKE YOU TO GO THROUGH           02:12
21   THOSE NEW REVISED LOGS AND TELL ME WHICH DOCUMENTS YOU STILL
22   HAVE A PROBLEM WITH, THAT YOU'VE GOT SOME CONCERNS ABOUT.'
23             I GOT THAT LETTER.  I WENT BACK AND WENT THROUGH
24   THOSE DOCUMENTS AND WE IDENTIFIED THE ONES THAT WE BELIEVED ARE
25   APPROPRIATELY WITHHELD IN WHOLE; SO WE'VE BEEN THROUGH THAT          02:12
```

MONDAY, JUNE 2, 2008                           MOTIONS HEARING

EXHIBIT 11
PAGE 467

```
 1   EXERCISE.
 2         THE COURT: WHAT ABOUT THE TRADEMARK SEARCH RESULTS
 3   AND REQUESTS?
 4         MR. ALLAN: YOUR HONOR, YOU HIT THE NAIL RIGHT ON THE
 5   HEAD WITH REGARD TO THE TRADEMARK SEARCH RESULTS. WE HAVE NOT       02:12
 6   WITHHELD FROM PRODUCTION DOCUMENTS WHERE SOMEBODY DID A
 7   TRADEMARK SEARCH RESULT AND GOT A PRINTOUT BACK IDENTIFYING
 8   WHAT OTHER MARKS WERE OUT THERE.
 9         WHAT WE HAVE WITHHELD ARE DOCUMENTS IN WHICH COUNSEL
10   FOR MGA HAS SAID, 'LOOK, I'VE CONDUCTED A TRADEMARK SEARCH          02:13
11   RESULT AND THIS IS WHAT I DISCOVERED AND HERE'S MY ADVICE TO
12   YOU AS TO WHAT YOUR NEXT STEPS OUGHT TO BE.'
13         NOW, MR. OLIVAR HAS AGREED THAT THOSE TYPES OF
14   COMMUNICATIONS WOULD BE PRIVILEGED AND THAT THEY ARE NOT
15   SEEKING PRODUCTION OF THAT TYPE OF COMMUNICATIONS.                  02:13
16         THE COURT: LET ME STOP YOU THERE.
17         I DON'T KNOW WHETHER HE DOES OR NOT. I DON'T KNOW IF
18   I AGREE.
19         THE FIRST SENTENCE THAT YOU SAID THERE, IN YOUR
20   HYPOTHETICAL LETTER, 'I HAVE CONDUCTED A TRADEMARK SEARCH AND       02:13
21   THIS IS MY ADVICE TO YOU,' I AGREE THAT EVERYTHING AFTER 'THIS
22   IS MY ADVICE TO YOU...' IS REDACTED AND PROTECTED BY PRIVILEGE.
23   BUT THE FACT HE CONDUCTED OR SHE CONDUCTED A TRADEMARK SEARCH
24   RESULT, THAT FIRST PORTION, THAT IS NOT PROTECTED, UNDER MY
25   READING OF THE LAW.                                                 02:13
```

MONDAY, JUNE 2, 2008                              MOTIONS HEARING

EXHIBIT 11
PAGE 468

|     |     |
| --- | --- |
| 1   | MR. ALLAN: I UNDERSTAND THAT, YOUR HONOR. |
| 2   | BUT WE HAVE THE PRIVILEGED LOG THAT IDENTIFIES THE |
| 3   | SENDER OF THE LETTER, THE RECIPIENT OF THE LETTER, AND THAT IT |
| 4   | RELATES TO A TRADEMARK SEARCH OR COPYRIGHT MATTER. |
| 5   | THE COURT: BUT COUNSEL POINTS IN HIS BRIEF THAT YOU    02:14 |
| 6   | DON'T SPECIFY WHICH TRADEMARK SEARCH RESULTS YOU'RE REFERRING |
| 7   | TO. |
| 8   | IS THAT CORRECT? |
| 9   | MR. ALLAN: THAT'S CORRECT. WE DO NOT, IN ALL |
| 10  | INSTANCES, SPECIFY WHAT TRADEMARKS -- BECAUSE, YOUR HONOR, IT'S   02:14 |
| 11  | A COMMUNICATION THAT'S PRIVILEGED. WHAT WE WOULD END UP WITH |
| 12  | IS A LETTER THAT HAS AN ADDRESSEE ON IT, A DATE, AND A RE: |
| 13  | LINE, AND THEN THE ENTIRETY OF THE DOCUMENT IS REDACTED FROM |
| 14  | THERE ON OUT. |
| 15  | OUR SUBMISSION HAS BEEN, GIVEN THE DEMANDS OF THIS    02:14 |
| 16  | CASE -- WE JUST DON'T SEE HOW THAT INFORMATION PROVIDES |
| 17  | ANYTHING OF BENEFIT TO MATTEL. AND WE NOTE THAT MATTEL |
| 18  | CERTAINLY HAS NOT DONE THAT WITH RESPECT TO THE DOCUMENTS THEY |
| 19  | HAVE GIVEN US. AND WE'RE NOT AWARE OF ANY CASE LAW THAT SAYS |
| 20  | THAT'S THE WAY YOU PARSE THROUGH THE REDACTIONS WHERE IT'S THE    02:15 |
| 21  | DATE OF THE RECIPIENT, WHICH IS ALREADY ON THE PRIVILEGED LOGS, |
| 22  | THE RE: LINE, AND THEN REMAINDER OF THE DOCUMENT IS THEN |
| 23  | REDACTED. |
| 24  | THE COURT: THE CONCERN I THINK IS IN PART THAT |
| 25  | MATTEL DOES NOT HAVE A FULL ACCOUNTING FOR ALL OF THE TRADEMARK   02:15 |

MONDAY, JUNE 2, 2008                                MOTIONS HEARING

EXHIBIT 11
PAGE 489

```
 1  ASKING THE COURT TO ENTERTAIN A MOTION TO ALLOW THAT EXPERT TO
 2  TESTIFY AND TO HAVE MGA CONSIDER THAT REPORT.
 3          MR. RUSSELL:  YOUR HONOR, I RECEIVED NOTICE OF THIS
 4  FROM MR. COREY APPROXIMATELY AN HOUR BEFORE I SHOWED UP IN
 5  COURT.  IT'S DIFFICULT TO, WITH ANY CERTAINTY, RESPOND TO IT.      02:53
 6          I GUESS WHAT I'D ASK IS I CAN TELL YOU NOW, MGA IS
 7  GOING TO OBJECT, BECAUSE WE BELIEVE THEY HAVE HAD THE
 8  OPPORTUNITY TO HAVE THIS REPORT LONG BEFORE THE EXPERT PROCESS
 9  COMMENCED; SO IF IT'S THEIR INTENT TO USE THIS REPORT, I'D ASK
10  THEY BE GIVEN A DATE TO FILE THIS MOTION, LET'S SET UP A           02:54
11  BRIEFING SCHEDULE.  BECAUSE, IN OUR VIEW, THIS IS CLEARLY
12  UNTIMELY, INAPPROPRIATE, AND WE STRONGLY OBJECT.
13          THE COURT:  SINCE YOU'VE ONLY HAD AN HOUR TO THINK
14  ABOUT THIS, LET'S TALK ABOUT IT TOMORROW MORNING, AND WE'LL SEE
15  IF BRIEFING IS APPROPRIATE.                                        02:54
16          MR. RUSSELL:  THANK YOU, YOUR HONOR.
17          MR. COREY:  THANK YOU, JUDGE.
18                        CERTIFICATE
19
20  I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
    STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
21  THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE
    ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
22  CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
    THE UNITED STATES.
23
24                                              6-3-08
25  THERESA A. LANZA, RPR, CSR                  DATE
    FEDERAL OFFICIAL COURT REPORTER
```

MONDAY, JUNE 2, 2008                               MOTIONS HEARING

EXHIBIT 11
PAGE 490

# EXHIBIT 12

# CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER