**EXHIBIT 17**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES - GENERAL

Case No.    CV 04-09049-SGL(RNBx)                     Date: August 31, 2009

Title:    CARTER BRYANT -v- MATTEL, INC.
========================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Cindy Sasse                            Theresa Lanza
Courtroom Deputy Clerk                 Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:

John Quinn                             Annette L. Hurst
Michael T. Zeller                      Warrington S. Parker, III
B. Dylan Proctor                       William A. Molinski


PROCEEDINGS:   MOTIONS HEARING

        1.    Mattel Inc.'s Motion for Order for Preclusive Relief or, in the
              Alternative, Access to Active Files on the Larian Hard Drives, No.
              5760, 5769;

        2.    Mattel, Inc.'s Motion for Clarification of 6/18/09 Order,
              No. 5783;

        3.    Mattel Inc.'s Motion to Modify Scheduling Order,
              No. 6050

        4.    Order to Show Cause

        The Court addressed the issue the filings of sur-replies; all counsel are directed to follow
Local Rule 7-10 regarding the filing of replies. The Court further heard oral argument and makes
the following rulings:

        First, in light of the parties' stipulation, as set forth on the record, the Court **DENIES AS**

MINUTES FORM 90                                        Initials of Deputy Clerk: cls
CIVIL -- GEN                    Page 1                  Time: 00/41

EXHIBIT 17
PAGE 582

**MOOT** Mattel Inc.'s Motion for Order for Preclusive Relief or, in the Alternative, Access to Active
Files on the Larian Hard Drives.

Second, the Court **GRANTS** Mattel, Inc.'s Motion for Clarification. The Court's June 18,
2009, Order is **CLARIFIED** in the following manner: The Court's June 18, 2009, Order, including
its discussion of willfulness, was intended to be and is limited to the equitable issue of the scope of
an appropriate accounting, and shall not be construed to apply to any circumstances beyond the
scope of an appropriate accounting.

Third, the Court **DENIES WITHOUT PREJUDICE** Mattel, Inc.'s Motion to Amend the
Scheduling Order as premature. The Court will re-visit the issue of the case scheduling order
when it takes up Mattel, Inc.'s motion for leave to file a Fourth Amended Answer and
Counterclaims on October 1, 2009. In addition, the Court sets a status conference at which all
lead counsel of record shall appear on September 21, 2009, at 1:30 p.m. On or before September
18, 2009, the parties are **ORDERED** to file with the Court a report, not to exceed 10 pages, of the
status of discovery for Phase 2 – what has been completed and what must still be completed prior
to trial. Counsel shall also advise the Court of the parties' positions with respect to (1) any further
bifurcation of Phase 2 trial and (2) a stay of the trial of Phase 2 pending the Ninth Circuit's ruling on
the appeal of Phase 1.

Finally, the Court addresses an issue of concern that arose in the papers submitted in
advance of this hearing. Specifically, Exhibit 2 to the Second Supplemental Declaration of Dylan
Proctor in support of Mattel's Motion for Clarification, dated August 26, 2009, appears relevant to
the issue of whether certain acts of copyright infringement were willful acts of infringement. Upon
consideration of the evidence in Phase 1, the jury found that the infringement was not willful.
However, this document, Bates Nos. MGA2 0070266-0070270, was not offered as evidence in
Phase 1, as it was withheld by counsel for the MGA parties on a claim of attorney client privilege.
It was finally produced in its current, more complete form on August 21, 2009, well after the
conclusion of Phase 1 of the trial, and only upon the eve of an impending *in camera* review of the
document by the Discovery Master pursuant to his Order.[1]

The more complete version shows MGA employee Victoria O'Connor was concerned with
Mr. Larian's representations to a media source regarding the timing of the creation of Bratz, the
central issue tried in Phase 1. Ms. O'Connor stated: "[D]on't you think we should say Bratz was
born in October when a certain person was no longer with their company?" Mr. Larian responded:
"[G]ood point. Thanks."

---

[1] The document was produced earlier to Mattel in an incomplete form, but the produced version eliminates the
communications most relevant to the issue of willfulness. The document takes the form of an email string, a printed
version of electronic communications now familiar to most individuals (and certainly to all litigation attorneys), with the
most recent communication appearing first. The incomplete document ends with Isaac Larian forwarding the
communication, on Wednesday, October 23, 2002, at 1:35 a.m., to other individuals as an "FYI." The more complete
version continues with a response from Victoria O'Connor, at 8:38 a.m., and Mr. Larian's reply one minute later.

MINUTES FORM 90                                                    Initials of Deputy Clerk: cls
CIVIL -- GEN                          Page 2                        Time: 00/41

EXHIBIT *17*
PAGE *543*

Case 2:04-cv-09049-SGL-RNB     Document 6544     Filed 08/o1/2009     Page 3 of 4

This document has clear relevance to the claims and defenses at issue in the Phase 1 trial. The withholding of this document under a claim of privilege concerns the Court, as it implicates the duty of the Court to oversee the conduct of the lawyers who appear before it, and who are largely responsible for maintaining the integrity of the adversarial process.

Toward that end, the Court **ORDERS** counsel for the MGA parties to **APPEAR AND SHOW CAUSE** on September 21, 2009, at 1:30 p.m., why sanctions should not be imposed for their repeated failure to produce this document at an earlier date.

With respect to the email communications referenced in this Order, the Court **ORDERS** counsel for the MGA parties to file a report with the Court (served on all parties and Court-Appointed Officers) that, at a minimum, provides to and/or reports to the Court:

(1)    Copies of all versions of all privilege logs, whether or not provided to Mattel, the Discovery Master, the Court-Appointed Forensic Auditor, the Temporary Receiver, or the Monitor, upon which the document referred to above appears, including any version of this email exchange among the senders and recipients (including those "cc'd" or "bcc'd") that contains communications not set forth in the incomplete version of the document that was produced in discovery.

(2)    A description of the process whereby the document referred to above (or any version of it) came to appear on any privilege log. That description shall include, with respect to the document that bears Bates Nos. MGA2 0070266-0070270, the identity of any attorney responsible for the designation of the document as privileged, the identity of any attorney responsible for reviewing that designation, and the identity of any attorney who, upon discovery of the non-privileged nature of the document, continued to withhold the document from production.[2] Each of those attorneys,[2] whether or not current or past counsel of record, shall file a declaration regarding what actions he or she took (or refrained from taking) with respect to this document.

(3)    Any other information known to any current or past counsel of record relevant to a determination of why this unprivileged, relevant document was withheld pursuant to a claim of privilege.

(4)    If any of the information referenced in (1)-(3) above is itself subject to a claim of either attorney-client or work-product privilege, that information may not be withheld from the Court, but need not be served on any party or Court-Appointed Officer (unless the Court orders otherwise) and shall instead be delivered to the Courtroom

---

[2] Each current and past counsel of record is **ORDERED** to disseminate a copy of this Order to every attorney (whether or not currently associated with any law firm that is or was counsel of record) whom is known to have been, or who is not known to have been but who is likely to have been, involved in the designation of maintenance of this document as privileged.

MINUTES FORM 90                                                    Initials of Deputy Clerk: cls
CIVIL -- GEN                          Page 3                       Time: 00/41


EXHIBIT 17
PAGE 84

Deputy Clerk, Cindy Sasse, in a separate, *in camera* filing.

Counsel for the MGA parties shall file their written report(s) no later than September 14, 2009. Any party may respond no later than September 18, 2009.

The Court recognizes that the Court's current inquiry may overlap to a certain extent with Orders or issues or proceedings before the Discovery Master. The focus of the Court's inquiry is on attorney conduct; the focus of the Discovery Master is on discovery of evidence. Therefore, the Court's actions here should not be construed to impact in any way upon the Discovery Master's proceedings and Orders. More specifically, but not exclusively, this OSC shall not be construed to limit the Discovery Master's ability to continue to hear and resolve discovery disputes on the schedule he sees fit to set, nor shall it be construed to extend any deadline or briefing schedule set by the Discovery Master, and nor shall it be construed to effectuate any delay on the Discovery Master's anticipated *in camera* inspection of certain documents identified as privileged, which may proceed (or be delayed) as the Discovery Master deems appropriate.

**IT IS SO ORDERED.**

Initials of Deputy Clerk: cls
Time: 00/41



EXHIBIT 17
PAGE 585

# EXHIBIT 18

# CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 19

# CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 20

**CONFORMED**

2008 FEB -6 PM 4: 28
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5  (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13  Plaintiff, | Consolidated with |
| 14  vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| 16  Defendant. | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order of December 6, 2006]** |
| 17 | |
| 18  AND CONSOLIDATED ACTIONS | SUPPLEMENTAL NOTICE OF MOTION AND MEMORANDUM IN |
| 19 | SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL |
| 20 | PRODUCTION OF PREVIOUSLY WITHHELD DOCUMENTS ONLY |
| 21 | PORTIONS OF WHICH ARE ALLEGEDLY PRIVILEGED |
| 22  **CONFIDENTIAL:** | |
| 23  **FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER** | [Supplemental Declaration of B. Dylan Proctor filed concurrently herewith] |
| 24 | |
| 25 | Date:  TBA<br>Time:  TBA<br>Place:  TBA |
| 26 | |
| 27 | **Phase I**<br>Discovery Cut-off: January 28, 2008 |
| 28 | Pre-trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

07209/2376581.1

2-5-08

SUPPLEMENTAL MEMORANDUM ISO MATTEL'S MOTION TO COMPEL PRODUCTION OF PREVIOUSLY
WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE ALLEGEDLY PRIVILEGED

EXHIBIT 20
PAGE 166

1 QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2   johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3   (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5   (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6 Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7 Facsimile:  (213) 443-3100

8 Attorneys for Mattel, Inc.

9               UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

| | |
|---|---|
| 12 CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13 Plaintiff, | Consolidated with<br>Case No. CV 04-09059 |
| 14 vs. | Case No. CV 05-02727 |
| 15 MATTEL, INC., a Delaware<br>corporation, | **DISCOVERY MATTER** |
| 16 Defendant. | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order of December 6, 2006]** |
| 17 | |
| 18 AND CONSOLIDATED ACTIONS | SUPPLEMENTAL NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF PREVIOUSLY WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE ALLEGEDLY PRIVILEGED |
| 19 | |
| 20 | |
| 21 | |
| 22 **CONFIDENTIAL:** | [Supplemental Declaration of B. Dylan Proctor filed concurrently herewith] |
| 23 **FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER** | |
| 24 | Date:  TBA |
| 25 | Time:  TBA<br>Place: TBA |
| 26 | |
| 27 | **Phase I**<br>Discovery Cut-off: January 28, 2008<br>Pre-trial Conference: May 5, 2008 |
| 28 | Trial Date: May 27, 2008 |

07209/2376581.1

SUPPLEMENTAL MEMORANDUM ISO MATTEL'S MOTION TO COMPEL PRODUCTION OF PREVIOUSLY WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE ALLEGEDLY PRIVILEGED

EXHIBIT 20
PAGE 201

1  TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that Mattel, Inc. hereby supplements its
3  Notice of Motion and Motion to Compel Production of Previously Withheld
4  Documents Only Portions of Which are Allegedly Privileged ("Motion to Compel"),
5  filed on January 22, 2008,

6        As set out in Mattel's Motion to Compel, MGA initially took the position
7  in this case that it could withhold entire documents because portions contained
8  privileged communications.  After an extensive meet and confer, MGA's counsel
9  agreed to "produce in redacted form any documents which we determine are capable
10  of being redacted without revealing privileged information" and also to prepare
11  revised privilege logs.[1]  Further, MGA's new counsel explained that, unlike MGA's
12  prior counsel, they recognized the obligation to produce non-privileged portions of
13  documents and have done so in the productions and logs they have provided.[2]  As set
14  forth in Mattel's motion, that assertion appeared to be incorrect because MGA's new
15  counsel had not followed its stated practice.

16        Moreover, following the submission of Mattel's Motion to Compel,
17  MGA and Isaac Larian have produced three privilege logs—on January 25, January
18  28, and Janaury 30, 3008—each of which continues to exhibit the same inappropriate
19  approach of withholding documents in their entirety rather than producing them in
20  redacted form.[3]  Of the more than two thousand entries on the January 25, 2008 log, a

21

22

23  [1]  Letter from Jose Allen to B.D. Proctor, dated December 24, 2007, attached as
24  Exhibit 4 to previously filed Declaration of B. Dylan Proctor in Support of Mattel's
    Motion to Compel Documents Only Portions of Which are Allegedly Privileged, filed
25  January 22, 2008 ("Portions Proctor Decl.").
    [2]  See id., Portions Proctor Decl., Exh. 4.
26  [3]  MGA produced privilege logs January 25, January 28, and January 30, 2008.
27  The logs are attached as Exhibits 1, 2, and 3, respectively, to the concurrently filed
    Supplemental Declaration of B. Dylan Proctor ("Supp. Proctor Decl.").
28

-1-

EXHIBIT 20
PAGE 602

1    great many are communications between non-lawyers.[4]  The same pattern is borne

2    out in the other logs recently produced.  On both the January 28, 2008 and January

3    30, 2008 privilege logs, nearly twenty percent of the entries on each log are

4    communications between non-lawyers which appear to have been withheld in their

5    entirety.[5]  As before, these communications likely contain substantial portions which

6    are not privileged and should be produced at least in redacted form.  For example,

7    Entry No. 31 on the January 25th log is a May 21, 2003 email from Isaac Larian to

8    Mel Woods, neither of whom is an attorney, described as an "[e]mail chain discussing

9

---

10    [4]  See, e.g., Jan. 25, 2008 Privilege Log Nos. 3, 8, 20, 31, 32, 52, 57, 58, 59, 68,

11    70, 79, 96, 97, 103, 104, 106, 107, 108, 110, 111, 114, 115, 129, 133, 150, 151, 152,

     153, 154, 155, 156, 157, 158, 182, 205, 209, 232, 233, 245, 253, 255, 262, 267, 287,

12    296, 371, 372, 376, 381, 536, 544-548, 551, 557, 577, 584, 585, 588, 589, 591-599,

13    609-612, 614, 655, 656, 672, 683, 684, 693, 749, 759, 762, 764, 765, 767, 769, 771,

     773, 1083, 1172, 1173, 1178, 1179, 1254, 1262, 1275, 1277, 1281, 1285, 1287, 1292,

14    1301, 1302, 1306, 1309, 1318, 1322, 1324, 1356, 1360, 1364, 1365, 1366, 1367,

15    1374, 1399, 1413, 1418, 1420, 1424, 1435, 1437, 1438, 1439, 1440, 1460, 1463,

     1465, 1468, 1471, 1473, 1474, 1475, 1476, 1509, 1525, 1529, 1536, 1587, 1603,

16    1609, 1622-1625, 1627, 1635, 1641, 1646, 1655, 1662, 1701, 1702, 1703, 704, 1705,

17    1706, 1708, 1709, 1710, 1711, 1712, 1713, 1716, 1718, 1719, 1720, 1721, 1722,

     1724, 1727, 1728, 1729, 1730, 1731, 1732, 1734, 1735, 1736, 1737, 1767, 1773,

18    1774, 1775, 1779, 1783, 1788, 1821, 1824, 1890, 1896, 1898, 1899, 1903, 1904,

19    1917, 1919, 1920, 1968-1970, 1977, 1986, 1998, 2011, 2025, 2039, 2042, 2043,

     2064, 2071, 2080, 2082, 2144, 2149, Supp Proctor Decl., Exh. 1.

20    [5]  See, e.g., Jan. 28, 2008 Privilege Log Nos. 3, 5, 8, 11, 15, 17, 27, 28, 30, 35, 36,

21    37, 41, 42, 43, 49, 50, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 64, 65, 66, 68-72, 74, 76,

     77, 78, 79, 80, 81, 83, 84, 85, 93, 104, 107, 112, 115, 117, 119, 120, 123, 124, 139,

22    140, 143, 145, 149, 150, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 166, 167,

23    172, 173, 174, 175, 176, 182, 183, 185, 186, 187, 188, 189, 228, 239, 240, 244, 245,

     247, 250, 254, 264, 268, 270, 276, 295, 296, 301, 302, 303, 314, 317, 318, 332, 357,

24    365, 367, 370, 371, 382, 382, 402, 479, 500, 501, 502, 503, 504, 505, 506, 523, 559,

25    578, 604, 605, 606, 607, 610, 611, 619, 622, 630, 636, 638, 639, 668-670, 705, 706,

     725, 726, 728, 729, 730, 734, Supp. Proctor Decl., Exh. 2; Jan. 30, 2008 Privilege

26    Log Nos. 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24,

27    25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 36, 37, 38, 39, 40, 42, 49, 50, 66, 122, 124, 225,

28    226, 252, 257, 294, 295, 296, 297, 298, 299, 300, Supp. Proctor Decl., Exh. 3.

1  manufacturing issues," and withheld under a claim of attorney-client privilege.[6]
2  While some communications between non-lawyers may contain some privileged
3  information, the sheer number of entries withheld, coupled with MGA's practice of
4  withholding the communications in their entirety, is troubling.  MGA should not be
5  permitted to convert every communication that purportedly contains some privileged
6  information into an entirely privileged communication simply by listing it in its
7  privilege logs.

8          Accordingly, for the reasons set forth in Mattel's Motion to Compel, the
9  Court should order MGA and Larian to (1) produce all documents they have
10 improperly withheld under a claim of privilege, either in their entirety or in redacted
11 form, and (2) provide amended privilege logs for any documents or portions of
12 documents they continue to withhold on a claim of privilege to enable Mattel to
13 assess their privilege claims and, if necessary, engage in follow-up motion practice to
14 obtain compliance, including as to the new privilege logs served by MGA and Larian
15 after Mattel's Motion to Compel was filed.

16
17 DATED:  February 5, 2008          QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
18
19                                  By_B Dylan Proctor PDK
20                                    B. Dylan Proctor
                                      Attorneys for Mattel, Inc.
21
22
23
24
25
26
27
28
_____
[6]  Jan. 25, 2008 Privilege Log No. 30, at 3, Supp. Proctor Decl., Exh. 1.

07209/2376581.1

-3-

CONFORMED

quinn emanuel

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5    Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
6    Facsimile: (213) 443-3100

7  Attorneys for Plaintiff and Counter-Defendant
     Mattel, Inc.
8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

12  CARTER BRYANT, an individual,          | Case No. CV 04-09049 SGL (RNBx)
                                             Consolidated with
13                                           Case No. CV 04-09059
                     Counter-Claimant,       Case No. CV 05-02727
14
                                             Discovery Matter
15        v.
                                             [To Be Heard By Discovery Master
16  MATTEL, INC., a Delaware                 Hon. Edward Infante (Ret.) Pursuant to
     Corporation,                            the Court's Order of December 6, 2006
17
                     Counter-Defendant.      **PROOF OF SERVICE**
18
                                             Date:   TBD
19                                           Time:   TBD
                                             Place:  TBA
20
                                             Phase 1
21
                                             Discovery Cut-Off:      Jan. 28, 2008
22                                           Pre-Trial Conference:   May 5, 2008
                                             Trial Date:             May 27, 2008
23
24
25
26
27
28

21554/2377384.1

2-5-08
PROOF OF SERVICE

EXHIBIT 20
PAGE 605

1       **PROOF OF SERVICE**

2           I am employed in the County of Los Angeles, State of California. I am over the age of
eighteen years and not a party to the within action; my business address is Now Legal Service,
3   1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4   On February 5, 2008, I served true copies of the following document(s) described as

5   1. SUPPLEMENTAL NOTICE OF MOTION AND MEMORANDUM IN
    SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF
6   PREVIOUSLY WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE
    ALLEGEDLY PRIVILEGED
7
    2. SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR IN SUPPORT
8   OF MATTEL'S MOTIONS TO COMPEL:
    (A) PRODUCTION OF PREVIOUSLY WITHHELD DOCUMENTS ONLY
9   PORTIONS OF WHICH ARE ALLEGEDLY PRIVILEGED;

10  (B) PRODUCTION OF THIRD PART COMMUNICATIONS IMPROPERLY
    WITHHELD UNDER A CLAIM OF 'COMMON INTEREST" PRIVILEGE;
11  (C) PRODUCTION OF WITHHELD MGA: (1) TRADEMARK SEARCH
    RESULTS, (2) DATE OF FIRST USE INFORMATION, AND (3) FACTUAL
12  DATA COMMUNICATED FOR THE PURPOSE OF FILING TRADEMARK OR
    OTHER INTELLECTUAL PROPERTY APPLICATIONS
13

14
    on the parties in this action as follows:
15
            Thomas J. Nolan, Esq.
16          Carl Roth, Esq.
            **SKADDEN, ARPS, SLATE, MEAGHER**
17          **& FLOM LLP**
            300 S. Grand Ave., STE 3400
18          Los Angeles, CA 90071

19

20  **[X]  BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the
    person(s) being served.
21
        I declare that I am employed in the office of a member of the bar of this Court at whose
22  direction the service was made.

23      Executed on February 5, 2008, at Los Angeles, California.

24

25                                          _____
                                            Dave Quintana
26

27

28

215S4/2377384.1                    PROOF OF SERVICE—

quinn emanuel

EXHIBIT 20
PAGE 606

**PROOF OF SERVICE**

1

2      I am employed in the County of Los Angeles, State of California. I am over the age of
eighteen years and not a party to the within action; my business address is 865 South Figueroa
3 Street, 10th Floor, Los Angeles, California 90017-2543.

4

On February 5, 2008, I served true copies of the following document(s) described as
5

1. SUPPLEMENTAL NOTICE OF MOTION AND MEMORANDUM IN
6 SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF
PREVIOUSLY WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE
7 ALLEGEDLY PRIVILEGED

8 2. SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR IN SUPPORT
OF MATTEL'S MOTIONS TO COMPEL:
9 (A) PRODUCTION OF PREVIOUSLY WITHHELD DOCUMENTS ONLY
PORTIONS OF WHICH ARE ALLEGEDLY PRIVILEGED;
10 (B) PRODUCTION OF THIRD PART COMMUNICATIONS IMPROPERLY
11 WITHHELD UNDER A CLAIM OF 'COMMON INTEREST" PRIVILEGE;
(C) PRODUCTION OF WITHHELD MGA: (1) TRADEMARK SEARCH
12 RESULTS, (2) DATE OF FIRST USE INFORMATION, AND (3) FACTUAL
13 DATA COMMUNICATED FOR THE PURPOSE OF FILING TRADEMARK OR
OTHER INTELLECTUAL PROPERTY APPLICATIONS
14

15

16
        Michael Page, Esq.                        Judge Edward Infante
17      John E. Trinidad, Esq.                     JAMS
        **Keker & Van Nest**                        c/o Sandra Chan
18      710 Sansome Street                         Two Embarcadero Center
        San Francisco, CA 94111                    Suite 1500
19                                                 San Francisco, CA 94111

20

21 [X]  **BY FEDEX:** I deposited such document(s) in a box or other facility regularly maintained by
FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive
22 documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or
provided for, addressed to the person(s) being served.
23

24      I declare that I am employed in the office of a member of the bar of this Court at whose
direction the service was made.

25      Executed on February 5, 2008, at Los Angeles, California.

26

27

28                                    Shawna Allison

21554/2377384.1                          PROOF OF SERVICE

EXHIBIT 20
PAGE 207

1

### PROOF OF SERVICE

2    I am employed in the County of Los Angeles, State of California. I am over the age of
eighteen years and not a party to the within action; my business address is 865 South Figueroa
3    Street, 10th Floor, Los Angeles, California 90017-2543.

4    On February 5, 2008, I served true copies of the following document(s) described as

5    1. SUPPLEMENTAL NOTICE OF MOTION AND MEMORANDUM IN
SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF
6    PREVIOUSLY WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE
ALLEGEDLY PRIVILEGED
7
2. SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR IN SUPPORT
8    OF MATTEL'S MOTIONS TO COMPEL:
(A) PRODUCTION OF PREVIOUSLY WITHHELD DOCUMENTS ONLY
9    PORTIONS OF WHICH ARE ALLEGEDLY PRIVILEGED;
10   (B) PRODUCTION OF THIRD PART COMMUNICATIONS IMPROPERLY
WITHHELD UNDER A CLAIM OF 'COMMON INTEREST" PRIVILEGE;
11   (C) PRODUCTION OF WITHHELD MGA: (1) TRADEMARK SEARCH
12   RESULTS, (2) DATE OF FIRST USE INFORMATION, AND (3) FACTUAL
DATA COMMUNICATED FOR THE PURPOSE OF FILING TRADEMARK OR
13   OTHER INTELLECTUAL PROPERTY APPLICATIONS
14   on the parties in this action as follows:

15       Michael Page, Esq.                      Alexander H. Cote, Esq.
         John E. Trinidad, Esq.                  **Overland Borenstein, Scheper & Kim,**
16       **Keker & Van Nest**                    **LLP**
         710 Sansome Street                      300 South Grand Avenue, Suite 2750
17       San Francisco, CA 94111                 Los Angeles, CA 90071

18

19   **[X] BY MAIL:** I am "readily familiar" with the practices of Quinn Emanuel Urquhart Oliver &
Hedges for collecting and processing correspondence for mailing with the United States Postal
20   Service. Under that practice, it would be deposited with the United States Postal Service that
same day in the ordinary course of business. I enclosed the foregoing in sealed envelope(s)
21   addressed as shown above, and such envelope(s) were placed for collection and mailing with
postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary
22   business practices.

23       I declare that I am employed in the office of a member of the bar of this Court at whose
direction the service was made.
24

25       Executed on February 5, 2008, at Los Angeles, California.

26

27                                          Shawna Allison

28

215554/2377384.1                    PROOF OF SERVICE--

EXHIBIT 20
PAGE 208

# EXHIBIT 21

# CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER