# EXHIBIT 22

# CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 23

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

September 9, 2009

**VIA ELECTRONIC MAIL AND FACSIMILE**

Annette L. Hurst, Esq.
Orrick Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Fax: (415) 773-4585

Re:   Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Ms. Hurst:

I write pursuant to Section 5 of the Discovery Master Stipulation to request a meet and confer regarding MGA's and Isaac Larian's improper withholding of non-privileged documents on their privilege logs.

Recent documents produced by MGA reveal that Isaac Larian has repeatedly marked non-privileged communications as "attorney-client privileged" communications and routed non-legal communications through MGA's in-house attorneys in order to shield them. See, e.g., MGA2 0070568-569. This is improper and amounts to an attempt to abuse the protections of the attorney-client privilege. U.S. Postal Service v. Phelps Dodge Refining Corp., 852 F. Supp. 156, 163-164 (E.D.N.Y. 1994) ("A corporation cannot be permitted to insulate its files from discovery simply by sending a "cc" to in-house counsel.")

Because these recently produced documents raise substantial questions regarding the validity of MGA's withholding of Mr. Larian's communications with in-house counsel, Mattel requests that MGA review its privilege claims as to all such communications to determine whether they are

**quinn emanuel urquhart oliver & hedges, llp**

07209/3091048.1

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT **23**
PAGE **414**

properly withheld communications whose predominate purpose is to request legal advice or are, in fact, merely business communications routed through in-house counsel.

The in-house communications that Mattel has identified, at this time, include the following:

- MGA's Supplemental Privilege Log – August 14, 2007, revised March 20, 2008 and April 17, 2009 ("Rev. Aug. Log") Entry Nos. 299, 420, 554, 556, 569.2, 582, 588, 589, 590, 591, 592, 598.8, 599.9, 599.10, 599.11, 599.12, 599.13, 599.14, 599.16, 603.2, 604, 618r, 636r, 673, 674, 687, 694, 695, 699r, 707, 708, 710, 711r, 713, 714r, 722, 724, 726, 727, 728, 730, 731, 732, 739, 744, 748, 759, 761, 768, 769, 770, 771, 772, 778, 780, 783, 784, 785, 786, 787, 788, 789, 793, 794, 798, 801, 805r, 814, 823, 825, 827, 828, 829, 831, 833, 834, 838, 839, 840, 842, 843, 845, 847, 848, 849, 850, 851, 858, 859, 860, 868, 869r, 876, 879, 884, 886, 887, 889r, 891, 892, 893, 895, 897, 899, 901, 903, 904, 905, 906, 908, 910, 917, 919, 920, 922, 925, 929, 930, 936, 936r, 938, 939, 941, 942, 944, 948, 949, 950, 952, 958r, 979, 963, 994, 996, 998, 1003, 1020, 1024, 1032, 1033, 1035, 1050, 1052, 1065, 1069, 1078, 1085, 1119, 1120, 1131;

- MGA's Supplemental Privilege Log – September 5, 2007, revised March 20, 2008 and May 5, 2009 ("Rev. Sept. Log") Entry Nos. 16, 110, 111, 116, 164.25, 167, 260, 745, 882, 884, 887, 889, 916, 925.2, 1397, 1426, 1690, 1917, 1918, 1920, 1927, 1930, 1966, 2073, 2074, 2194, 2276, 2286, 2409, 2410, 2411, 2412, 2413.1, 2414, 2416.1, 2416.3, 2449, 2463, 2802.1;

- MGA's Privilege Log for MGA's October 17 and October 19, 2007 Document Production, dated November 16, 2008 ("Oct. Log") Entry Nos. 1, 2, 4, 5, 6, 11, 14, 16, 17, 19, 21, 32, 33, 38, 47, 48, 49, 59, 60, 61, 62, 64, 65, 69, 73, 76, 81, 83, 90, 95, 99, 102, 114, 116, 117, 121, 127, 128, 130, 131, 132, 144, 145, 150, 152, 153, 154, 157, 158, 168, 170, 171, 172, 180, 194, 195, 196, 203, 206, 207, 208, 209, 211, 212, 213, 214, 215, 216, 218, 222, 224, 225, 226, 228, 235, 236, 238, 258, 259, 260, 264, 265, 266, 269, 271, 284, 287, 364, 367, 368, 371, 372, 375, 379, 380, 397, 399, 408, 409, 410, 411, 432, 433, 451, 454, 456, 463, 474, 475, 477, 479, 480, 481, 482, 494, 495, 496, 497, 502, 506, 509, 510, 525, 528, 532, 533, 601, 682, 683, 686, 690, 691, 709, 758, 761, 763, 770, 781, 782, 783, 784, 785, 786, 787, 788, 800, 801, 802, 804, 807, 808, 809, 810, 811, 817, 829, 833, 836, 842, 851, 854, 859, 860, 867, 869, 870, 871, 872, 873, 874, 875, 876, 877, 878, 879, 880, 886, 895, 901, 912, 913, 914, 915, 920, 925, 934, 935, 936, 937, 946, 950, 953, 954, 955, 956, 957, 958, 959, 960, 961, 963, 968, 971, 972, 973, 974, 975, 977, 978, 981, 984, 986, 987, 988, 992, 993, 996, 997, 998, 1000, 1001, 1002, 1003, 1004, 1005, 1008, 1009, 1013, 1014, 1016, 1017, 1020, 1021, 1022, 1023, 1025, 1027, 1031, 1032, 1033, 1034, 1035, 1037, 1039, 1043, 1044, 1045, 1048, 1049, 1050, 1051, 1052, 1054, 1057, 1058, 1061, 1062, 1063, 1065, 1067, 1074, 1075, 1076, 1077, 1085, 1089, 1105, 1107, 1108, 1109, 1113, 1117, 1119, 1120, 1132, 1135, 1136, 1137, 1139, 1143, 1147, 1149, 1152, 1153, 1154, 1155, 1156, 1157, 1161, 1162, 1163, 1164, 1666, 1167, 1168, 1169, 1172, 1174, 1175,

2

EXHIBIT 23
PAGE 115

1177, 1182, 1192, 1201, 1202, 1204, 1205, 1207, 1209, 1218, 1240, 1243, 1252, 1253, 1299, 1304, 1305, 1307, 1311, 1312, 1314, 1317, 1318, 1320, 1329, 1333, 1334, 1335, 1336, 1338, 1339, 1345, 1346, 1348, 1357, 1366, 1367, 1368, 1382, 1403, 1405, 1408, 1409, 1410, 1411, 1427, 1457, 1458, 1472, 1473, 1474, 1480, 1481, 1482, 1483, 1484, 1488, 1489, 1490, 1492, 1493, 1494, 1495, 1500, 1501, 1505, 1509, 1511, 1512, 1514, 1516, 1528, 1532, 1548, 1550, 1551, 1552, 1557, 1560, 1561, 1562, 1564, 1567, 1568, 1569, 1570, 1572, 1576, 1577, 1576, 1578, 1592, 1594, 1605, 1630, 1639, 1640, 1645, 1650, 1651, 1653, 1657, 1658, 1660, 1663, 1664, 1666, 1669, 1678, 1680, 1681, 1682, 1683, 1684, 1686, 1687, 1693, 1694, 1696, 1703, 1707, 1716, 1717, 1718, 1719, 1753, 1755, 1756, 1757, 1758, 1759, 1762, 1763, 1764, 1765, 1766, 1768, 1769, 1771, 1779, 1780, 1787, 1788, 1789, 1790, 1792, 1803, 1804, 1806, 1807, 1810, 1811, 1815, 1819, 1820, 1822, 1826, 1827, 1828, 1829, 1830, 1831, 1832, 1833, 1834, 1835, 1836, 1837, 1838, 1839, 1840, 1841, 1842, 1843, 1846, 1854, 1857, 1858, 1863, 1867, 1868, 1869, 1870, 1880, 1881, 1883, 1885, 1886, 1890, 1891, 1893, 1894, 1911, 1915, 1920, 1921, 1922, 1926, 1927, 1928, 1929, 1937, 1938, 1944, 1945, 1946, 1948, 1949, 1950, 1951, 1952, 1953, 1954, 1969, 1971, 2003, 2017, 2027, 2042, 2053, 2057, 2064, 2068, 2069, 2070, 2071, 2078, 2079, 2094, 2103, 2106, 2111, 2113, 2120, 2124, 2129, 2130, 2131, 2132, 2138, 2139, 2170, 2215, 2231, 2242, 2246, 2252, 2253, 2256, 2277, 2278, 2293, 2294, 2295, 2296, 2308, 2313, 2314, 2315, 2316, 2317, 2318, 2323, 2325, 2330, 2339, 2340, 2341, 2342, 2343, 2345, 2346, 2359, 2366, 2368, 2384, 2407, 2472, 2477, 2532, 2552, 2580, 2676, 2678, 2680, 2684, 2697, 2710, 2712, 2713, 2714, 2715, 2720, 2723, 2279, 2756, 2758, 2759, 2763, 2772, 2773, 2774, 2777, 2782, 2785, 2791, 2792, 2803, 2811, 2813, 2822, 2868, 2870, 2875, 2894, 2901, 2903, 2917, 2932, 2942, 2943, 2948, 3003, 3024, 3105, 3214, 3245, 3248, 3251, 3257, 3263, 3269, 3270, 3271, 3272, 3273, 3274, 3275, 3276, 3279, 3280, 3285, 3286, 3295, 3369, 3327, 3379, 3380, 3382, 3383, 3384, 3389;

- Isaac Larian's Privilege Log, dated January 15, 2008 ("Jan. 15 Log") Entry Nos. 36, 175, 176, 177, 178, 179, 180, 185, 186, 187, 189, 190, 191, 192, 193, 194, 195, 196, 198, 199, 207, 208;

- MGA's Supplemental Privilege Log for MGA's October 2007 Document Production, dated January 22, 2008 ("Supp. Oct. Log") Entry Nos. 1, 5, 6, 37, 52, 54, 89, 90, 98, 99, 128, 129, 130, 131, 134, 135;

- MGA's Privilege Log – January 23, 2008, revised February 5, 2008 and April 9, 2009 ("Rev. Jan. 23 Log") Entry Nos. 1, 11, 15, 16, 18, 19, 21, 22, 23, 26, 27, 33, 34, 35, 38, 43, 44, 56, 60, 72, 73, 75, 76, 78, 80, 84, 90, 94, 98, 113, 116, 117, 119, 120, 121, 122, 123, 124, 125, 128, 130, 142, 166, 167, 172, 173, 174, 175, 176, 177, 178, 179, 193, 194, 195, 199, 200, 201, 202, 203, 204, 207, 208, 211, 212, 213, 214, 217, 218, 220, 221, 222, 223, 224, 225, 226, 228, 229, 230, 231, 236, 237, 240, 241, 242, 243, 246, 247, 249, 251, 254, 257, 259, 264, 268, 272, 273, 278, 280, 285, 292, 307, 313, 328, 329, 378, 380, 383, 385, 388, 397, 399, 401, 406, 407, 408, 411, 413, 415, 416, 418, 419, 423, 425, 429, 430, 431, 432,

3

EXHIBIT 23
PAGE 212

433, 434, 435, 436, 437, 438, 439, 443, 445, 447, 448, 449, 453, 458, 460, 461, 462, 463, 464, 465, 469, 475, 477, 480, 481, 482, 484, 486, 487, 489, 490, 495, 496, 497, 501, 502, 503, 504, 505, 506, 507, 508, 509, 510, 511, 516, 521, 522, 523, 524, 528, 532, 533, 534, 535, 541, 554, 556, 558, 562, 570, 572, 574, 754, 755, 756, 757, 758, 777, 785, 841, 842, 1090, 1091, 1098, 1105, 1108, 1160, 1161, 1162, 1163, 1164, 1165, 1167, 1169, 1171, 1176, 177, 1181, 1182, 1183, 1184, 1186, 1189, 1190, 1191, 1192, 1193, 1195, 1197, 1206, 1207, 1210, 1212, 1222, 1223, 1234, 1250, 1251, 1268, 1271, 1284, 1298, 1304, 1305, 1307, 1308, 1310, 1312, 1325, 1339, 1343, 1350, 1354, 1355, 1359, 1373, 1386, 1396, 1398, 1400, 1405, 1408, 1416, 1417, 1419, 1422, 1423, 1425, 1427, 1428, 1435, 1445, 1446, 1447, 1448, 1449, 1451, 1453, 1458, 1459, 1469, 1470, 1472, 1477, 1478, 1481, 1484, 1485, 1492, 1496, 1499, 1501, 1502, 1503, 1507, 1517, 1518, 1520, 1524, 1526, 1528, 1534, 1535, 1544, 1545, 1547, 1559, 1560, 1564, 1566, 1577, 1579, 1589, 1590, 1600, 1601, 1602, 1605, 1607, 1608, 1609, 1611, 1613, 1614, 1619, 1634, 1636, 1637, 1642, 1645, 1651, 1652, 1653, 1656, 1665, 1695, 1696, 1698, 1738, 1740, 1741, 1743, 1744, 1745, 1746, 1747, 1748, 1749, 1750, 1752, 1754, 1755, 1789, 1793, 1795, 1796, 1796, 1800, 1802, 1804, 1805, 1807, 1813, 1825, 1826, 1827, 1828, 1830, 1832, 1833, 1834, 1835, 1836, 1846, 1850, 1872, 1878, 1883, 1887, 1888, 1902, 1918, 1967, 1972, 1976, 1985, 1987, 1989, 1990, 1991, 1992, 1993, 1994, 1995, 1999, 2000, 2001, 2002, 2003, 2006, 2013, 2016, 2017, 2018, 2019, 2021, 2022, 2023, 2024, 2025, 2027, 2028, 2032, 2033, 2035, 2037, 2038, 2040, 2055, 2056, 2057, 2062, 2069, 2072, 2076, 2083, 2103, 2104, 2109, 2110, 2115, 2116, 2118;

- MGA's Privilege Log – January 28, 2008, revised February 8, 2008 ("Rev. Jan. 28 Log") Entry Nos. 210, 213, 374, 375, 376, 390, 391, 393, 413, 439, 440;

- Isaac Larian's Privilege Log – January 30, 2008, revised April 9, 2009 ("Rev. Jan. 30 Log") Entry Nos. 41, 45, 108.

Absent a resolution of this matter, Mattel intends to seek *in camera* review by the Discovery Master and/or production of the foregoing.

I look forward to hearing from you.

Very truly yours,

B. Dylan Proctor/2DK

B. Dylan Proctor

4

EXHIBIT 23
PAGE 167

# EXHIBIT 24

September 16, 2009

Cynthia A. Lock
(949) 852-7753
clock@orrick.com

*BY U.S. MAIL AND EMAIL DYLANPROCTOR@QUINNEMANUEL.COM*

B. Dylan Proctor
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:     MGA Entertainment, Inc. v. Mattel

Dear Dylan:

This letter responds to your letter to Annette L. Hurst dated September 9, 2009.

MGA and Isaac Larian strongly dispute your groundless contention that Mr. Larian deliberately
routed documents through MGA's in-house attorneys in order to shield them from disclosure.
There simply is no evidence to support any contention Mr. Larian deliberately copied MGA's in-
house attorneys on emails that were created years ago in an attempt to shield them from disclosure
now.

For the last several months, MGA and Mr. Larian have engaged in a good faith attempt to address
Mattel's concerns related to the privilege logs produced by them. At no point has MGA or Mr.
Larian attempted to obstruct this process. The evidence demonstrates that MGA and Mr. Larian
have gone out of their way to provide Mattel with complete responses to the issues raised by Mattel
in every attempt to respond fully and completely to Mattel. Indeed, MGA has spent considerable
resources and time ensuring that this process has been executed in a thorough and above-board
manner.

With regard to your latest request to again re-review privilege logs, Mattel has requested that MGA
again re-review numerous documents that have already been the subject of prior extensive review
and correspondence.   This was also a problem with your July 17 letter, where many of the
documents identified had already been ordered to be submitted as part of the *in camera* inspection.

It is highly inappropriate for Mattel to keep sending lists of the same documents to MGA over and
over again, in an apparent effort to cause MGA burdensome and unnecessary make-work.   The
Discovery Master has recently admonished Mattel repeatedly to figure out what it already has before
seeking more.  This is clearly one of those instances.

EXHIBIT 24
PAGE 418

B. Dylan Proctor
September 16, 2009
Page 2

Accordingly, MGA will respond to your correspondence only after Mattel revises it to eliminate requests that have already been addressed. Once that task has been completed, MGA will evaluate Mattel's request and provide Mattel with a date certain as to when a substantive response is possible. At that time, MGA would also be happy to confer with Mattel if necessary.

MGA remains committed to working with Mattel on these matters. However, Mattel must also act in good faith and not duplicate requests for review when it has already received detailed responses to prior requests for review.

Very truly yours,

Cynthia A. Lock

cc:     Annette L. Hurst (*by email*)
        Jason D. Russell (*by email*)

EXHIBIT **24**
PAGE **614**

# EXHIBIT 25

CALENDARED
RECEIVED

FEB 2 9 2008

1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone: (213) 687-5000 / Facsimile: (213) 687-5600
   E-mail:    tnolan@skadden.com
4
   RAOUL D. KENNEDY (Bar No. 40892)
5  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   Four Embarcadero Center, 38th Floor
6  San Francisco, California 94111-5974
   Telephone: (415) 984-6400 / Facsimile: (415) 984-2698
7  E-mail:    rkennedy@skadden.com

8  Attorneys for Cross-Defendants
   MGA Entertainment, Inc., MGA
9  Entertainment (HK) Limited,
   MGAE De Mexico, S.R.L. De C.V.,
10 and ISAAC LARIAN

11             UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13                    EASTERN DIVISION

14 CARTER BRYANT, an          ) CASE NO. CV 04-9049 SGL (RNBx)
   individual                 )
15                            ) Consolidated with Case No. 04-9059
                Plaintiff,     ) and Case No. 05-2727
16                            )
      v.                      ) **DISCOVERY MATTER**
17                            )
   MATTEL, INC., a Delaware   ) **[To be heard by Discovery Master Hon.**
18 corporation                ) **Edward A. Infante (Ret.)]**
                              )
19            Defendant.      ) **MGA ENTERTAINMENT, INC.'S**
   _____) **MEMORANDUM OF POINTS AND**
20 Consolidated with MATTEL,  ) **AUTHORITIES IN OPPOSITION TO**
   INC. v. BRYANT and MGA     ) **MATTEL, INC.'S SUPPLEMENTAL**
21 ENTERTAINMENT, INC. v.     ) **MOTIONS TO COMPEL (1) PRODUCTION**
   MATTEL, INC.               ) **OF PREVIOUSLY WITHHELD**
22                            ) **DOCUMENTS ONLY PORTIONS OF**
                              ) **WHICH ARE ALLEGEDLY PRIVILEGED,**
23                            ) **(2) PRODUCTION OF DOCUMENTS**
                              ) **REFLECTING TRADEMARK SEARCH**
24                            ) **RESULTS AND OTHER FACTUAL**
                              ) **INFORMATION AND (3) PRODUCTION**
25                            ) **OF DOCUMENTS WITHHELD UNDER A**
                              ) **CLAIM OF "COMMON INTEREST"**
26                            ) **EXCEPTION**

27                            Hearing Date: March 10, 2008
                              Time:        8:30 a.m.
28                            Place:       Telephonic

                          2-29-08
   _____
   MGA'S MEMO OF POINTS & AUTHORITIES IN OPP. TO MATTEL, INC.'S SUPP. MOTIONS TO COMPEL

EXHIBIT 25
PAGE 420

# TABLE OF CONTENTS

PAGE

MEMORANDUM OF POINTS AND AUTHORITIES ......................................... 1

I.    PRELIMINARY STATEMENT .................................................. 1

II.   STATEMENT OF FACTS ...................................................... 4

III.  ARGUMENT .................................................................... 7

      A.   Mattel's Categorical Objections to MGA's Privilege Logs Are
           Improper ........................................................................ 7

      B.   Mattel's Supplemental Motion to Compel Previously Withheld
           Documents Should Be Denied............................................ 8

      C.   Mattel's Supplemental Motion for Order Compelling Production
           of Trademark Search Results, Date of First Use Information and
           Other "Factual" Data Is Without Merit ............................... 9

      D.   Mattel's Supplemental Motion to Compel Production of Third
           Party Communications Withheld Under a Claim of Common
           Interest Should Be Denied............................................... 12

      E.   Mattel's Supplemental Motions to Compel Should Be Denied
           Because Mattel Failed to Engage in a Proper Meet and Confer
           Before Filing the Motions............................................... 13

IV.   CONCLUSION.................................................................. 14

-i-

EXHIBIT 25
PAGE 621

1         **MEMORANDUM OF POINTS AND AUTHORITIES**

2         Counter-defendant MGA Entertainment, Inc. ("MGA") respectfully submits

3 this opposition to the following "supplemental" motions filed by Mattel:

4 (A) Supplemental Notice of Motion and Memorandum in Support of Mattel, Inc.'s

5 Motion to Compel Production of Previously Withheld Documents Only Portions of

6 Which Are Allegedly Privileged ("Supp. Motion Re Previously Withheld

7 Documents"); (B) Supplemental Notice of Motion and Memorandum in Support of

8 Mattel, Inc.'s Motion for Order Compelling Production of Withheld MGA

9 (1) Trademark Search Results, (2) Date of First Use Information, and (3) Factual

10 Data Communicated for the Purpose of Filing Trademark or Other Intellectual

11 Property Applications ("Supp. Motion Re Trademark Search Results"); and

12 (C) Supplemental Notice of Motion and Memorandum in Support of Mattel, Inc.'s

13 Motion Compelling Production of Third Party Communications Improperly

14 Withheld Under a Claim of "Common Interest" Privilege ("Supp. Motion Re Third

15 Party Communications") (collectively, "supplemental motions"), each filed on

16 February 5, 2008.

17 **I.**     **PRELIMINARY STATEMENT**

18         Nearly two weeks after filing its initial Motions to Compel regarding privilege

19 logs that were produced by MGA in August and September 2007, and one week after

20 the Phase I fact discovery cut-off, Mattel purported to file three new "supplemental

21 motions" raising for the first time issues regarding hundreds of new documents on

22 privilege logs produced by MGA on January 25, 28 and 30, 2008 (the "January

23 privilege logs"). Mattel complains that these logs have the "same deficiencies" as

24 the logs previously produced by MGA and that MGA should be ordered to produce

25 various categories of documents listed on the logs. Mattel apparently believes that

26 its supplemental motions "relate back" to its previously filed motions to compel and

27

28

-1-

EXHIBIT 25
PAGE 22

1 || therefore are not governed by the January 28, 2008 Phase I discovery cutoff

2 || deadline.[1]

3 |||     Mattel's motions should be denied for three reasons.

4 |||     First, as is the case with Mattel's pending motions to compel, Mattel

5 || improperly seeks a generic ruling that whole categories of documents are not

6 || privileged.[2] However, the Discovery Master has previously noted that privilege

7 || claims cannot be resolved in the abstract but must take into account all the

8 || surrounding facts and circumstances. (Declaration of José R. Allen in Support of

9 || MGA's Memoranda of Points and Authorities in Opposition to Mattel's Motions to

10 || Compel (1) Previously Withheld Documents, (2) Documents Protected by the

11 || Common Interest Privilege and (3) Documents Containing Trademark and Other

12 || "Factual" Data ("Allen Decl.") ¶ 20, Ex. 16 (Tr. of Jan. 3, 2008 Hearing at 53:17-

13 || 54:2).) This evaluation requires a particularized review of each of the documents at

14 || issue and cannot be performed on a generic basis as Mattel has attempted to do.

15 || Therefore, Mattel's attempt to obtain an abstract ruling on MGA's privilege claims

16 || should be rejected.

17 |||     Second, Mattel's complaints about the January privilege logs are without merit.

18 || With regard to Mattel's assertion that MGA has improperly withheld documents in

19 || their entirety that should have been produced in redacted form, the fact is that MGA

20 ||

21 || [1]     The Local Rules of the Central District of California have no provision for the
         filing of "supplemental" motions and therefore it is questionable whether Mattel's
22 || motions are properly before the Court. In addition, as discussed below, Mattel did
         not meet and confer with MGA before filing its supplemental motions, in violation
23 || of Local Rule 37-7 and the Stipulation for Appointment of a Discovery Master and
         Order. In light of the Discovery Master's order that the parties meet and confer over
24 || all pending motions, and in the hope that some of the disputes between the parties
         might be resolved or narrowed as a result of the meet and confer, MGA decided it
25 || made sense to wait until the conclusion of the Court-ordered conference to file its
         opposition to the supplemental motions. Unfortunately, the parties were unable to
26 || resolve their differences at the meet and confer conference and MGA has therefore
         filed this opposition.

27 || [2]     Both Mattel's original and supplemental motions briefly discuss cherry-picked
         examples of the documents at issue and then merely refer to hundreds of additional
28 || documents with "similar deficiencies" in footnotes without any further discussion.

-2-

EXHIBIT 25
PAGE 23

1 | has produced two separate logs for its October productions – one listing documents
2 | that have been withheld in their entirety and the second listing documents produced
3 | in redacted form. MGA has also produced, and continues to produce, documents in
4 | whole or redacted form from its January 2008 privilege logs. In connection with
5 | MGA's document productions in October 2007 alone, MGA produced almost 1,200
6 | documents to Mattel in redacted form. That is in addition to approximately fifty
7 | documents produced in redacted form in February 2008. In fact, more than one
8 | hundred of the documents Mattel alleges in its supplemental motions that MGA
9 | withheld in their entirety have already been produced to Mattel in redacted form or
10 | will be produced in redacted form, while others will be produced in their entirety.
11 | Therefore, Mattel's claim that MGA has indiscriminately withheld documents in their
12 | entirety is false.

13 |     Mattel's complaint that MGA has improperly withheld documents that pertain
14 | to trademark search results and requests, date of first use information and factual
15 | data communicated to counsel for the purpose of trademark applications is also
16 | misplaced. As explained in MGA's opposition to Mattel's original motion to compel,
17 | the fact that certain information embodied within those communications may later be
18 | disclosed to others does not destroy the privilege. (MGA's Opposition to Motion of
19 | Mattel, Inc. for Order Compelling Production of Withheld MGA: (1) Trademark
20 | Search Results; (2) Date of First Use Information; and (3) Factual Data
21 | Communicated for the Purpose of Filing Trademark or Other Intellectual Property
22 | Applications ("MGA's Opp. to Motion Re Trademark Search Results") at 1:25-2:2,
23 | 5:19-6:10.) The entries on the January privilege logs all involve documents
24 | reflecting confidential communications between MGA and its attorneys regarding
25 | legal advice concerning trademark and other intellectual property matters. As such,
26 | those documents are privileged attorney-client communications and MGA properly
27 | withheld them from production.

28 |

EXHIBIT 25
PAGE 24

1    With regard to Mattel's argument that MGA waived any applicable privileges
2 by disclosing privileged communications to third parties, the law is clear that no such
3 waiver occurs when the communication is disclosed to a third party with whom the
4 disclosing party shares a common interest. The documents listed on the January
5 privilege logs, which reflect communications with third parties, all fall under the
6 common interest exception to the waiver doctrine. Therefore, MGA properly
7 withheld them from production.

8    Third, Mattel's supplemental motions should be denied because Mattel failed
9 to meet and confer with MGA before seeking relief from this Court. Mattel made no
10 attempt to meet and confer with respect to the contents of the January privilege logs
11 *before* filing its motions. Although the parties did meet and confer *after* Mattel filed
12 its motions, as ordered by the Discovery Master, that meeting did not cure Mattel's
13 initial failure to meet and confer because the specific documents on the January
14 privilege logs that are at issue were not discussed at the conference. Rather, Mattel's
15 counsel merely reiterated its view that the January privilege logs suffered from the
16 same deficiencies as the earlier logs that were prepared by MGA. If Mattel had
17 engaged in a proper meet and confer with MGA before filing its motion, Mattel
18 would have realized that many of the issues raised in its latest motions could have
19 been narrowed or eliminated from dispute.

20    One final point merits comment. Mattel nowhere explains in its original
21 motions to compel or its most recent supplemental motions precisely what
22 information Mattel expects to glean from the 1,300-plus documents it seeks to
23 compel. In the absence of any showing that the information sought is truly essential
24 to Mattel's preparation for the Phase I trial, one can justifiably conclude that this
25 entire endeavor is just a "make work" exercise.

26 **II.    STATEMENT OF FACTS**

27    As discussed in MGA's previously-filed oppositions to Mattel's motions to
28 compel, Mattel and MGA met and conferred regarding MGA's August and

-4-

EXHIBIT 25
PAGE 625

1    September privilege logs beginning on December 7, 2007. (Proctor Declaration in

2    Support of Mattel's Motion to Compel Production of Previously Withheld

3    Documents Only Portions of Which are Allegedly Privileged ("Proctor Decl.") ¶ 11,

4    Ex. 1.) On December 24, 2007, MGA agreed to undertake a massive effort to review

5    all 4,000 entries on the August and September 2007 logs that had been prepared by

6    MGA's prior counsel. MGA also agreed to produce revised logs that would indicate

7    which documents were being produced in redacted form and which were being

8    withheld in their entirety. (Proctor Decl. ¶ 14, Ex. 4.)

9         On November 15, 2007 and January 15, 23, 25 and 28, 2008, MGA's new

10   counsel prepared additional logs covering documents that had been produced to

11   Mattel in October 2007 and January 2008. With regard to the October productions,

12   MGA's new counsel produced two separate sets of logs, one for documents that had

13   been withheld in their entirety and another for documents that had been produced in

14   redacted form. Documents from the January 2008 production were also produced in

15   redacted form where appropriate. [3]

16        On January 11, 2008, almost two months after the initial November log had

17   been produced, and in the midst of discussions regarding the August and September

18   logs, Mattel raised for the first time concerns about the documents listed on the

19   November log. (Proctor Decl. ¶ 18, Ex. 8.) On January 16, 2008 Mattel sent yet

20   another letter complaining about the entries on the January 15 log. (Allen Decl. ¶ 8,

21   Ex. 5.) On Saturday January 19, 2008, Mattel sent a further letter requesting that

22   MGA confirm that it had produced all privilege logs and requested to meet and

23   confer regarding that issue. (Declaration of Richard J. Zuromski, Jr. in Support of

24   MGA's Opposition to Mattel's Supplemental Motions to Compel (1) Previously

25   Withheld Documents, (2) Documents Containing Trademark and Other "Factual"

26   _____

27   [3]      MGA produced an additional privilege log on January 30, 2008, covering
     documents that had been withheld from a production by Kaye, Scholer, Isaac
28   Larian's prior counsel. Where appropriate, Kaye, Scholer produced documents to
     Mattel in their entirety or in redacted form.

MGA'S MEMO OF POINTS & AUTHORITIES IN OPP. TO MATTEL, INC.'S SUPP. MOTIONS TO COMPEL

EXHIBIT 25
PAGE 626

1 Data, and (3) Documents Protected by the Common Interest Privilege ("Zuromski
2 Decl.") ¶ 2, Ex. 1.) On January 24 MGA responded to Mattel's complaints about the
3 January 15 privilege log and offered to meet and confer regarding that log. However,
4 Mattel did not take MGA's counsel up on this offer before filing its motion to compel.
5 (Allen Decl. ¶ 9.) MGA also responded to Mattel's January 19 letter on January 25,
6 2008 and again sought to meet and confer with Mattel. MGA's letter again elicited
7 no response from Mattel.

8     On February 5, 2008, Mattel filed its supplemental motions raising for the first
9 time concerns about the privilege logs produced by MGA on January 25,[4] 28 and 30,
10 2008. Mattel's supplemental motions identify approximately one thousand entries on
11 the January privilege logs that it has called into question.[5] In fact, the number of
12 entries questioned by Mattel in its supplemental motions more than *triples* the
13 number challenged in its original motions.

14     Mattel did not meet and confer with MGA with regard to these newly-
15 identified documents *before* filing its supplemental motions. Instead, late in the
16 evening of February 6 – the day *after* Mattel filed its supplemental motions – Mattel
17 sent a letter to MGA regarding the January privilege logs attempting to meet and
18 confer regarding those logs. (Zuromski Decl. ¶ 3, Ex. 2.) MGA replied to Mattel's
19 request on February 13, but again received no response from Mattel regarding
20 MGA's request to meet and confer. (Zuromski Decl. ¶ 4, Ex. 3.)

21     On February 20, 2008, the parties met and conferred regarding the
22 supplemental motions pursuant to the Discovery Master's February 11, 2008 order.
23 (Zuromski Decl. ¶ 6.) At the conference Mattel's counsel reiterated their position
24 that entries on the January privilege logs suffered from the same deficiencies as those
25 on the August, September and November logs. (Zuromski Decl. ¶¶ 7-9.) Because

26 _____
[4]     The January 25 log is an update of the January 23 log. Thus, all numbering on
27 the January 25 log supersedes the document numbers on the January 23 log.
[5]     This is, of course, *in addition to* the 300-plus entries Mattel complains of in its
28 original motions to compel.

EXHIBIT 25
PAGE 621

1  Mattel refused to consider any position other than the extreme stance taken in their
2  original motions to compel (as clearly evidenced in their reply briefing), the parties
3  have not had meaningful discussions about the entries to date. (Zuromski Decl. ¶ 12.)
4  This stands in sharp contrast to the extensive discussions the parties engaged in with
5  regard to the August and September logs, which, among other things, resulted in
6  MGA's agreement to create revised logs, withdraw its claim for privilege as to
7  specific documents, and produce documents in whole or redacted form.

8  **III.   ARGUMENT**

9       **A.   Mattel's Categorical Objections to MGA's Privilege Logs Are**
10           **Improper**

11       In each of its three supplemental motions, Mattel mounts a categorical attack
12  on the entries on MGA's January privilege logs. After singling out a handful of
13  "exemplar" entries on the logs, Mattel launches into abstract and speculative
14  arguments regarding MGA's privilege claims and at the conclusion of its arguments
15  Mattel broadly asks the Court to order MGA to produce entire categories of
16  documents.

17       For example, in Mattel's Supplemental Motion to Compel Production of
18  Previously Withheld Documents Only Portions of Which Are Privileged, Mattel asks
19  the Court to compel MGA to "produce all documents they have improperly withheld
20  under a claim of privilege, either in their entirety or in redacted form . . . " (Supp.
21  Motion Re Withheld Documents at 3:9-11.) Similarly, in its Motion to Compel
22  Production of (1) Trademark Search Results, (2) Date of First Use Information, and
23  (3) Factual Data Communicated for the Purpose of Filing Trademark or Other
24  Intellectual Property Applications, Mattel asks the Court to compel all withheld
25  documents falling within each of the foregoing categories. (Supp. Motion Re
26  Trademark Search Results at 4:14-17, 5:1-2.) Mattel's Supplemental Motion to
27  Compel Production of Third Party Communications Withheld Under the "Common
28  Interest" Privilege is in the same vein. It, too, requests the Court to find that "MGA

-7-

EXHIBIT 25
PAGE 628

1 has waived the attorney-client privilege through the affirmative disclosure of the

2 communications to outside parties, and order all such communications which have

3 been improperly withheld, including but not limited to the examples cited herein and

4 in Mattel's Motion to Compel, to be produced in their entirety." (Supp. Motion Re

5 Third Party Communications at 2:6-10.)

6       Instead of engaging in a particularized analysis of the bases for MGA's

7 privilege claims, Mattel merely speculates about the contents of various documents

8 listed on the January privilege logs and argues that they are not privileged.[6] This is

9 improper. As the Discovery Master has previously noted, it is important to "go back

10 to fundamentals and examine each and every element of the attorney/client

11 privilege . . . " (Tr. of Jan. 3, 2008 Hearing at 53:19.) *See also Conner Peripherals,*

12 *Inc. v Western Digital Corp.*, No. C 93-20117 RMW/EAI, 1993 U.S. Dist. LEXIS

13 20149, at *5 (N.D. Cal. June 8, 1993). Mattel has failed to demonstrate in any

14 particularized fashion that MGA's privilege claims are not well taken. Therefore,

15 Mattel's scattershot attack on the logs must fail.

16     **B.**    **Mattel's Supplemental Motion to Compel Previously Withheld Documents Should Be Denied**

17

18       Mattel persists in its complaint that MGA's present counsel "continues . . . the

19 same inappropriate approach of withholding documents in their entirety rather than

20 producing them in redacted form." (Supp. Motion Re Previously Withheld

21 Documents at 1:18-20.) In support of this allegation, Mattel singles out entry

22 number 31 on the January 25 log as a prime example of a document that MGA

23 improperly withheld in its entirety. Mattel goes on to list in footnotes over four

24

25 [6]    *See, e.g.*, Supp. Motion Re Previously Withheld Documents at 2:5-6 ("these

communications likely contain substantial portions which are not privileged")

26 (emphasis added); Supp. Motion Re Trademark Search Results at 4:6-11 ("Such data

is likely found in the withheld documents described as attorney spreadsheets

27 regarding trademark applications . . . . Such data is also likely found in the withheld

documents described as communications to or from the Patent and Trademark Office

28 regarding MGA's trademarks") (emphasis added).

-8-

EXHIBIT 25
PAGE 629

1 | hundred additional documents that it speculates have been improperly withheld in
2 | their entirety.

3 | Mattel's allegations are without merit. The one example Mattel provides in the
4 | text of its supplemental motion proves MGA's point. Although the top e-mail in the
5 | chain of entry 31 on the January 25 log is between non-lawyers (MGA's CEO and
6 | then COO), the chain forwards legal advice provided by MGA's intellectual property
7 | counsel for discussion by various MGA employees. This communication is
8 | privileged regardless of whether or not, as Mattel claims, "the sheer number of
9 | entries withheld, coupled with MGA's practice of withholding the communications
10 | in their entirety, is troubling" to Mattel. (Supp. Motion Re Previously Withheld
11 | Documents at 3:3-4.) The fact is that the entries must be looked at individually and
12 | not in the abstract as Mattel seeks. Based on its re-review of the almost four hundred
13 | entries listed in footnotes 4 and 5 of Mattel's supplemental motion, MGA has
14 | determined that several of the documents were produced or will be produced to
15 | Mattel in redacted form.[7]

16 | **C.   Mattel's Supplemental Motion for Order Compelling Production of**
17 | **Trademark Search Results, Date of First Use Information and
Other "Factual" Data Is Without Merit**

18 | Mattel argues that MGA should be compelled to produce documents that
19 | contain non-privileged "facts," such as trademark search results and requests, date of
20 | first use information, or other factual data communicated to MGA's counsel for the
21 | purpose of filing trademark and other intellectual property applications. (Supp.
22 | Motion Re Trademark Search Results at 1-4.) After pointing to a few entries on the
23 | January privilege logs that Mattel holds up as examples of documents that contain
24 | non-privileged information, Mattel proceeds to speculate that several hundred

25 |

26 | [7]   MGA has reviewed the almost four hundred entries in Mattel's footnotes to
27 | this supplemental motion. Approximately one hundred have been or will be
produced in redacted form, another fifteen will be produced in their entirety, and
28 | MGA is currently re-evaluating its privilege claims on an additional eighty
documents.

MGA'S MEMO OF POINTS & AUTHORITIES IN OPP. TO MATTEL, INC.'S SUPP. MOTIONS TO COMPEL

EXHIBIT 25
PAGE 130

1 additional entries on the logs (which it relegates to footnotes) "likely" contain
2 trademark search results or date of first use information. (*Id.* at 3 & nn.2-12.) In
3 Mattel's view, because such information eventually may be disclosed to the Patent
4 and Trademark Office, any communications with counsel regarding these matters
5 prior to disclosure is not privileged.

6      As MGA pointed out in its opposition to Mattel's original motion, Mattel has
7 misstated the governing law. (MGA's Opp. Motion Re Trademark Search Results at
8 1:25-2:2, 5:19-6:10.) The touchstone for the attorney-client privilege is whether
9 there is a confidential communication between a lawyer and his client for the
10 purpose of rendering legal advice. The fact that some aspect of the communication
11 may later be disclosed to others does not destroy the privilege. (*Id.*)

12      MGA properly withheld from production documents that reflected
13 communications between the company and its counsel for the purpose of rendering
14 legal advice to MGA with regard to trademark and other intellectual property matters.
15 As set forth in the declaration of Samir Khare, prior to the actual filing of a final
16 application with the Patent and Trademark Office or similar organizations in other
17 countries, MGA treats all communications with counsel regarding such matters
18 confidentially. (Declaration Of Samir Khare in Support of MGA Entertainment,
19 Inc.'s Memoranda of Points and Authorities in Opposition to Mattel, Inc.'s Motions
20 to Compel (1) Documents Protected by the Common Interest Privilege and (2)
21 Documents Containing Trademark and Other "Factual" Data ¶¶ 9-12.) Therefore,
22 these communications are protected by the attorney-client privilege.

23      The documents cited in Mattel's supplemental motion do nothing to advance
24 its position. Entry number 141 on MGA's January 28, 2008 privilege log most
25 directly addresses the problem with Mattel's interpretation of the law. This entry is
26 properly described as an "[e]mail chain requesting and rendering advice regarding
27 trademark searches" because it is a communication from MGA's trademark counsel
28 rendering her advice regarding the searches she performed, not a mere recitation of

-10-

EXHIBIT 25
PAGE 131

1  the searches themselves. According to Mattel's interpretation, this document would

2  have to be produced in redacted form whenever (regardless of the location) the

3  communication stated "the trademark search resulted in X," even if that same

4  sentence went on to provide legal advice regarding that specific result. (Zuromski

5  Decl. ¶ 8.) If Mattel's interpretation is correct, Mattel will be receiving hundreds of

6  documents showing one un-redacted sentence "the trademark search resulted in X"

7  surrounded by redacted material. Nothing in the case law supports such a senseless

8  result.

9      Mattel's supplemental brief poses several other examples of the documents it

10  seeks that are similarly off-point.[8] Specifically, entry number 187 on the January 28,

11  2008 log was produced in redacted form on February 8, 2008. Further, entry number

12  238 on the January 30, 2008 privilege log was properly withheld as an internal report

13  regarding MGA's trademark infringement issues and is protected by the attorney

14  work product doctrine.

15      Mattel also argues that certain entries on MGA's privilege logs are "likely" to

16  contain non-privileged information. (Supp. Motion Re Trademark Search Results at

17  3:7.) As MGA demonstrated in its opposition to Mattel's motion, draft trademark

18  applications are properly withheld as privileged. Mattel also assumes that certain

19  documents on MGA's privilege logs are "clearly not privileged" because they were

20  created by or submitted to the patent and trademark office. Mattel's statements could

21  not be further from the truth. The entries Mattel lists as "exemplars" do not contain

22  the information Mattel assumes may be contained in those documents. For example,

23  entries 159-163, 996, 998, 1000, 1002, 1004, 1014, 1016, and 1906-1915 on MGA's

24  January 25, 2008 privilege log are exactly as described: preliminary draft

25  applications that are still under consideration by the parties. These documents are

26

27  [8]   After further review of the documents identified by Mattel, MGA will produce
       entry numbers 90-91, 290-291 and 301 on the January 30, 2008 privilege log and
28  entry number 789 on the January 25, 2008 privilege log in whole or redacted form.

-11-

EXHIBIT 25
PAGE 232

1 not public and were never intended to be public. Indeed, such applications are
2 subject to change until they are final and filed with the Patent and Trademark
3 Office.[9]

### D. Mattel's Supplemental Motion to Compel Production of Third Party Communications Withheld Under a Claim of Common Interest Should Be Denied

6     Mattel continues to speculate that so-called "third party communications" are
7 not privileged per se or do not fall within the common interest exception to the
8 waiver doctrine. (Supp. Motion Re Third Party Communications at 1-2.) At the
9 parties' February 20, 2008 meet and confer, Mattel reiterated its view that regardless
10 of the context of the communication between MGA and a third party such as Bandai,
11 any disclosure of the communication to the third party waives any applicable
12 privilege. (Zuromski Decl. ¶ 9.) Mattel is wrong. As MGA explained in its
13 opposition to Mattel's original motions, third parties such as Bandai have had a
14 number of different relationships with MGA. Just because Bandai may have acted in
15 the capacity as a distributor of MGA's products does not prevent Bandai from having
16 other relationships with MGA to which the common interest exception would apply.
17 Mattel's attempt to pigeonhole Bandai into one relationship with MGA therefore
18 should be rejected.[10]

19     Further, of the sixty-plus documents Mattel lists in the footnotes of its
20 supplemental brief, some do not even involve third parties. (*See* January 30 log
21 entries 41, 130, 217 and 221.) In fact, some involve communications with local
22 counsel in foreign countries. (*See* January 30 log entries 223, 227, 230, 281, 285 and

23 _____
[9]     Mattel takes issue with an additional five hundred documents in its
24 supplemental motion that it claims are "vaguely described" as communications
relating to trademark registration issues. MGA's descriptions are right on point and
25 reflect the continuing battles MGA faces world-wide to protect its marks. Of the
documents Mattel identifies, MGA is re-evaluating its claim of privilege for
26 approximately one hundred entries on its January privilege logs. Approximately
twenty of the documents Mattel lists have already been or will be produced in
27 redacted form.
[10]     The one example Mattel provides in the text of its supplemental motion (entry
28 number 630 on the January 25, 2008 privilege log) will be produced in redacted form.

-12-

EXHIBIT 25
PAGE 633

1  287.) Nevertheless, MGA is re-evaluating its privilege claims for approximately

2  thirty of the documents identified by Mattel.

3      **E.**    **Mattel's Supplemental Motions to Compel Should Be Denied Because Mattel Failed to Engage in a Proper Meet and Confer**

4           **Before Filing the Motions**

5        Mattel's supplemental motions illustrate the consequences of failing to meet

6  and confer before burdening the Court with motions to compel. If Mattel had taken

7  the time to engage in a proper meet and confer, it would have realized that many of

8  the documents that it claims MGA had withheld in their entirety had, in fact, been

9  produced to Mattel in redacted form or that MGA intended to produce in the near

10  future. In addition, if Mattel had identified the specific entries on the January logs

11  about which it had concerns before filing its motions, MGA would have been able to

12  review the documents in question and determine whether to stand by its claim of

13  privilege. This would have narrowed the disputes between the parties.

14        Instead, Mattel rushed to file its motions to compel, leaving to this Court the

15  burden of potentially wading through nearly a thousand documents in order to

16  meaningfully evaluate the merits of Mattel's challenges to MGA's privilege claims.

17  This was precisely the sort of burden that Local Rule 37-1 was designed to reduce.

18  Mattel's failure to comply with Local Rule 37-1 and paragraph 5 of the Stipulation

19  for Appointment of a Discovery Master is sufficient by itself to justify denial of

20  Mattel's motions.

21

22

23

24

25

26

27

28

-13-

EXHIBIT 25
PAGE 234

## IV.   CONCLUSION

Mattel has burdened the Court with three more unnecessary supplemental motions. Given the serial nature of the complaints that Mattel has raised with regard to each of MGA's privilege logs, it appears that Mattel is more interested in forcing MGA to divert resources to skirmishing over privilege logs rather than in discovering evidence that is essential to the claims to be tried during Phase I of the trial. Therefore, the Court should deny the supplemental motions to compel.

DATED: February 29, 2008

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____
RAOUL D. KENNEDY

Attorneys for Counter-Defendants
MGA ENTERTAINMENT, INC., MGA
ENTERTAINMENT (HK) LIMITED,
MGAE DE MEXICO, S.R.L. De C.V.,
and ISAAC LARIAN

-14-

MGA'S MEMO OF POINTS & AUTHORITIES IN OPP. TO MATTEL, INC.'S SUPP. MOTIONS TO COMPEL

EXHIBIT 25
PAGE 135

# EXHIBIT 26



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

tel +1-415-773-5700
fax +1-415-773-5759

WWW.ORRICK.COM

September 28, 2009

*VIA EMAIL*

Annette L. Hurst
(415) 773-4585
ahurst@orrick.com

Robert C. O'Brien, Esq.
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065

Re:     Carter Bryant v. Mattel and consolidated actions

Dear Discovery Master O'Brien:

In its correspondence dated September 15, 2009, Mattel apparently makes two procedurally
improper motions to compel: (1) it has asked that MGA be ordered to produce its *in camera*
submission made in response to Discovery Matter Order No. 50; and (2) it has objected to
withholding of communications with Beth Cahill. *See* September 15, 2009 Letter from B. Proctor to
R. O'Brien. Each is addressed below.

## *In Camera* Response to Order No. 50

First, this letter request is a procedurally improper motion to compel. Mattel has not identified any
outstanding document request that calls for the list it now demands, met and conferred on the basis
of such request, or filed a motion. The Letter Request is therefore a procedurally defective means
of seeking production of documents.

MGA will nonetheless briefly address the issues raised by Mattel in its letter. Should Mattel bring a
motion to compel on this issue, however, MGA will respond with additional evidence, declarations,
and arguments as necessary at that time.

The submission was made solely for purposes of the Discovery Master's use in connection with the
*in camera* inspection. It was compiled from numerous sources of work product and privileged
information, and the "role" descriptions were generally tailored to the particular communications
and documents that you have before you in connection with that inspection.

Mattel contends that it needs the list to properly assess MGA's privilege assertions. MGA has
supplied Mattel in the past with a list of counsel. MGA's privilege log contains other factual
information. Where Mattel has identified specific documents with which it has issues, MGA has
provided additional information upon request. MGA has spent the last several months responding
to Mattel's frequent and voluminous requests for information and requests that MGA re-review its
privilege logs.

EXHIBIT 24
PAGE 631


ORRICK

Discovery Master Robert C. O'Brien
September 28, 2009
Page 2

In this letter, however, Mattel has not identified any specific document for which it needs
information that MGA has not supplied (or agreed to supply). Accordingly, it is apparent that this is
just an attempt to get a valuable piece of work product compiled by counsel for use by the Court in
connection with a proceeding to which Mattel has no right of access. That is simply unfair. Were
we to serve a document request on Mattel for all of its witness lists and identifying role information
compiled for purposes of creating privilege logs (or otherwise), Mattel would properly object on the
grounds of work product and attorney-client privilege. MGA is entitled to even-handed application
of such legal principles.

Further, as pointed out in our letter of September 11, the list that Mattel demands was compiled by
MGA in-house and outside attorneys and MGA employees and reflects a significant number of
hours of attorney and client effort. The list is a reflection of work product and implicates the
attorney-client privilege. Mattel never hesitates to claim a waiver of work product or the attorney-
client privilege. MGA is not obligated to turn over this list and risk any such waiver. This is
particularly true where Mattel can request specific information if needed based on particular log
entries.

As to Mattel's contention that MGA's privilege log identifies positions inconsistently, as noted in our
letter of September 11, MGA is a small company and many of the people worked at MGA for years
and their particular titles and roles varied substantially with time. Also, these individuals were called
upon for a variety of purposes at any given time because everyone was expected to do what was
asked of them irrespective of their technical title.

Communications with Beth Cahill

In its September 15 letter, Mattel also questioned the withholding of documents related to Beth
Cahill because she was listed as a "paralegal." Again, a letter is a procedurally improper vehicle for
seeking to overrule a claim of privilege. If Mattel wishes to file a motion to compel, it should go
through the required steps of identifying the log entries, explaining its concerns, and allowing MGA
to respond. Then, if necessary, it should file a noticed motion.

To address the substance of this objection, moreover, it is well established that the attorney-client
and work product privilege extends to communications with non-attorneys such as the attorney's
staff and other agents or representatives employed in rendering legal services. Cal. Evid. Code §952;
*see Jordan v. United States Department of Justice*, 2009 WL 2913223, *22 (D. Colo. September 8, 2009)
(work product privilege includes information prepared by non-attorneys supervised by attorneys or
prepared at the request of attorneys, therefore, the memorandums prepared by the paralegals at the
direction of counsel was protected by work product privilege); *Owens v. First Family Fin. Servs.*, 379
F.Supp.2d 840, 847-48 (D.Miss. 2005) (work of paralegal covered by the attorney-client privilege);

EXHIBIT 24
PAGE 237



**ORRICK**

Discovery Master Robert C. O'Brien
September 28, 2009
Page 3

*Coltec Industries Inc. v. American Motorists Insurance Co.*, 197 F. R. D. 368, 376 (N. D. Ill. 2000)
(document authored by a paralegal protected by the attorney-client privilege). Additionally, a non-lawyer may qualify as a lawyer for purposes of the privilege, if the client reasonably believed that the person was authorized to practice law. Sup. Ct. Standard 503(a)(2).

Ms. Cahill was a paralegal at MGA from October 15, 2001 until April 11, 2003. MGA employed at least two in-house counsel who supervised Ms. Cahill's overall employment duties during her tenure, including Julie Mote and Mitchell Kamarck. Ms. Cahill also was deeply involved in coordinating the efforts of MGA's outside counsel, particularly David Rosenbaum and Alan Rose, and took direction from them in connection with the performance of her duties to coordinate legal affairs on behalf of MGA. MGA's legal department was small and its paralegals were entrusted with a great deal of authority. Ms. Cahill had many years of experience and MGA reasonably considered her qualified to perform legal tasks, especially but not exclusively pursuant to the supervision of inside and outside counsel.

Mattel's letter request to the Discovery Master procedurally improper and lacks merit. Accordingly, MGA respectfully requests that the Discovery Master ignore or deny Mattel's request.

Very truly yours,

Annette L. Hurst

Annette L. Hurst

cc:     Jason D. Russell (*by email*)
        B. Dylan Proctor (*by email*)

EXHIBIT 24
PAGE 38

# EXHIBIT 27

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

October 9, 2009

**Via E-Mail**

Annette Hurst, Esq.
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105

Re:    Mattel, Inc. v. MGA Entertainment, et al.

Dear Annette:

Pursuant to Section 5 of the Discovery Master Stipulation, I write to request a meet and confer regarding MGA's assertions of privilege with regard to paralegal communications.

In recent correspondence with the Discovery Master, MGA has advanced the position that paralegal communications may be properly withheld regardless of whether the communication reflected an attorney's legal advice or was otherwise entered into pursuant to an attorney's supervision. For example, with regard to Ms. Cahill, you stated that because of her "many years of experience," MGA "reasonably considered her qualified to perform legal tasks," which were "not exclusively pursuant to the supervision of inside and outside counsel." September 28, 2009 Letter to from A. Hurst to R. O'Brien.

Similarly, this position has been reflected in MGA's attempts to justify its withholding of certain handwritten notes that do not otherwise appear to be privileged. For example, in MGA's August 24, 2009, the handwritten notes on Revised August Log Entry No. 623.1 are described as "handwritten notations by Beth Cahill providing legal analysis," while No. 483

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, Illinois 60606-6301 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th Fl., 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

EXHIBIT 27
PAGE 239

is described as "[Bryan] Armstrong's legal analysis." August 24, 2009 Letter from C. Lock to B. Proctor. Courts have held that a paralegal cannot independently dispense privileged legal advice. HPD Laboratories, Inc. v. Clorox Co., 202 F.R.D. 410, 415 (D.N.J. 2001).

Accordingly, Mattel requests that MGA review its withholding of paralegal communications and produce any non-privileged ones. Mattel has identified the following communications from MGA's privilege logs which, on their face, do not appear to involve MGA counsel.

- MGA's Supplemental Privilege Log – August 14, 2007, revised March 20, 2008 and April 17, 2009 ("Rev. Aug. Log"): 133, 135, 299, 306, 333.1, 386, 400.1, 420, 457, 483, 563.1r, 554, 556, 561.1, 561.2, 563r, 591, 594, 595, 596.1, 603.2, 604, 605.1, 606, 612, 616.2, 618.1r, 618.2, 619, 620, 623.1, 624, 625r, 626.1, 626.2, 626.3, 627, 628, 629, 632.2r, 633, 634, 637r, 638, 639r, 640r, 644, 692, 707, 712, 713, 719, 724, 726, 727, 728, 730, 732, 736, 739, 744, 767, 847, 848, 849, 850, 851, 858, 859, 869r, 884, 889r, 904, 922, 925, 936, 936r, 938, 939, 941, 944, 948, 949, 950, 951, 952, 958r, 977, 979, 989, 991, 992, 993, 994, 995, 996, 997, 998, 999, 1000, 1002, 1003, 1016r, 1020, 1023, 1024, 1032, 1033, 1035, 1050, 1052, 1060r, 1061, 1063, 1064, 1065, 1067, 1068, 1069, 1071, 1072, 1074, 1075, 1076, 1077, 1079, 1083r, 1084r, 1085, 1086, 1087, 1103, 1106, 1108, 1109, 1110r, 1126, 1127, 1128, 1129, 1130, 1132r;

- MGA's Supplemental Privilege Log – September 5, 2007, revised March 20, 2008 and May 5, 2009 ("Rev. Sept. Log"): 16, 85r, 86r, 89, 90, 91, 100, 108, 109, 111, 113, 116, 164.25, 168, 179, 181, 182, 187, 188, 190, 195, 743, 744, 849, 882, 888, 889, 892.2, 902, 903, 914.2, 930.1, 1166, 1258, 1266, 1267.1, 1267.2, 1421.1, 1426, 1455, 1521, 1552, 1553, 1554, 1555, 1556, 1716, 1717, 1846, 1921, 1927, 1935, 1936, 1940.1, 2078, 2369.13, 2370.1, 2370.2, 2409, 2410, 2411, 2412, 2413.1, 2414, 2416.1, 2416.3, 2437.2, 2437.3;

- MGA's Privilege Log for MGA's October 17 and October 19, 2007 Document Production, dated November 16, 2009 ("Oct. Log"): 32, 60, 61, 69, 95, 102, 114, 116, 118, 121, 132, 141, 144, 145, 148, 150, 153, 154, 158, 168, 226, 264, 265, 269, 432, 433, 497, 506, 829, 830, 833, 841, 851, 859, 860, 867, 869, 870, 873, 874, 875, 879, 880, 901, 912, 914, 915, 934, 935, 936, 937, 1032, 1035, 1039, 1052, 1074, 1075, 1076, 1077, 1113, 1143, 1147, 1149, 1163, 1168, 1173, 1177, 1382, 1408, 1409, 1423, 1424, 1427, 1442,1456, 1457, 1458, 1482, 1483, 1484, 1488, 1493, 1494, 1496, 1499, 1500, 1520, 1785, 1815, 1819, 1822, 1826, 1827, 1830, 1831, 1832, 1835, 1839, 1841, 1842, 1843, 1846, 1854, 1857, 1858, 1860, 1865, 1867, 1871,1879, 1881, 1883, 1886, 1887, 1890, 1894, 1969, 2257, 2262, 2266, 2268, 2270, 2281, 2285, 2298, 2318, 2341, 2346, 2676, 2685, 2686, 2691, 2692, 2693, 2695, 2715, 3249, 3377, 3380, 3381, 3383, 3391, 3392;

2

EXHIBIT 27
PAGE 440

- MGA's Privilege Log – January 23, 2008, revised February 5, 2008 and April 9, 2009 ("Rev. Jan. 23 Log"): 15, 23, 43, 63, 72, 73, 75, 76, 80, 84, 112, 113, 116, 117, 119, 122, 123, 124, 229, 257, 259, 272, 307, 407, 475, 658, 659, 804, 1400, 1405, 1435, 1444, 1518, 1524, 1528, 1534, 1535;

- Isaac Larian's Privilege Log – January 30, 2008, revised April 9, 2009 ("Rev. Jan. 30 Log"): 41, 43, 44, 45, 85, 86, 87, 88, 90, 108, 121, 123, 126, 169, 170, 183, 184, 185, 187, 188, 192, 193, 194, 196, 197, 199, 236, 239, 240, 241, 242, 248, 249, 250, 253, 254, 255, 256.

In the event we are unable to resolve the issue, Mattel anticipates bringing a motion to compel *in camera* review and/or production to Mattel of the underlying documents.

I look forward to hearing from you within the next five days as required by the Discovery Master Stipulation.

Best regards,

/s/ B. Dylan Proctor

B. Dylan Proctor

3

EXHIBIT 27
PAGE 141

# EXHIBIT 28

# CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER