1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:    (213) 443-3100

7  Attorneys for Mattel, Inc.

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                     SOUTHERN DIVISION

| 11  MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx) |
|---|---|
| 12                Plaintiff, | Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
| 13          vs. | |
| 14  MGA ENTERTAINMENT, INC., a California corporation, et al. | **DISCOVERY MATTER** **[To Be Heard By Discovery Master Robert O'Brien]** |
| 15 | |
| 16                Defendants. | [PUBLIC REDACTED] MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO ENFORCE, TO COMPEL AND FOR SANCTIONS RE: THE MGA DEFENDANTS' AFFIRMATIVE DEFENSES; AND |
| 17 | |
| 18  AND CONSOLIDATED ACTIONS | |
| 19 | MEMORANDUM OF POINTS AND AUTHORITIES |
| 20 | [Declaration of Jon Corey filed concurrently herewith] |
| 21 | |
| 22 | Date:   TBD Time:   TBD Place:  Arent Fox LLP |
| 23 | 555 West Fifth St., 48th Floor Los Angeles, CA  90013 |
| 24 | |
| 25 | Discovery Cut-off: June 1, 2010 Pre-trial Conference:  TBD Trial Date:  TBD |
| 26 | |

27

28

MOTION FOR AN ORDER ENFORCING COMPLIANCE WITH PRIOR ORDERS AND FOR SANCTIONS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at time and place of hearing to be set by Discovery Master Robert O'Brien, Mattel, Inc. ("Mattel") will, and hereby does, move the Discovery Master for an order:

(1) enforcing the prior Discovery Master's August 13, 2007 Order compelling defendants MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian (collectively, "the MGA Defendants") to produce all documents upon which they intend to rely in this action and the prior Discovery Master's May 15, 2007 Order compelling the MGA Defendants to produce evidence related to their affirmative defenses;

(2) enforcing the Court's December 3, 2007 Order compelling the MGA Defendants to provide full and complete responses to Mattel's Supplemental Interrogatory Regarding the MGA Defendants' Affirmative Defenses, without objection;

(3) enforcing the March 31, 2008 Order requiring the MGA Defendants to identify documents by Bates numbers in interrogatory responses;

(4) imposing sanctions in the amount of $ 4,350; and

(5) issuing a report and recommendation that the Court impose preclusion sanctions.

This Motion is made pursuant to Federal Rules of Civil Procedure 33 and 37, 28 U.S.C. § 1927 and the authority of the Discovery Master as set forth in the December 6, 2006 Stipulation For Appointment Of A Discovery Master And Order, on the grounds that the Court and prior Discovery Master have compelled the MGA Defendants to provide complete responses to contention interrogatories regarding their affirmative defenses, to identify supporting documents and witnesses with sufficient specificity to allow Mattel to identify them, and to produce those identified documents. The MGA Defendants have repeatedly failed and refused to comply with those Orders.

1    This Motion is based on this Notice of Motion and Motion, the accompanying

2 Memorandum of Points and Authorities, the Declaration of Jon Corey, the records

3 and files of this Court, and all other matters of which the Discovery Master may take

4 judicial notice.

5                          **Statement of Rule 37-1 Compliance**

6    Mattel requested a meet and confer on these issues on September 4, 2009.

7 MGA did not respond substantively during the allotted time.  Nonetheless, Mattel

8 attempted to further meet and confer throughout the month of September and up

9 through October 5, 2009; however, MGA still did not substantively respond.

10

11 DATED:  October 16, 2009          QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES. LLP
12

13                                   By /s/ Jon Corey
14                                      Jon Corey
                                        Attorneys for Mattel. Inc.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ....................................................................................... 2

ARGUMENT ............................................................................................................ 8

I.   THE MGA DEFENDANTS HAVE FAILED TO PROVIDE
     FULL AND COMPLETE INTERROGATORY RESPONSES ..................... 8

     A.   The MGA Defendants Refuse To Identify Supporting Witnesses ......... 8

          1.   The December 3 Order And The Law Require The MGA
               Defendants To Identify Witnesses By Name............................ 8

          2.   The MGA Defendants' Supplemental Response Fails To
               Identify Witnesses By Name, As Required By The
               December 3 Court Order And The Applicable Law................... 9

          3.   Such Deficient Responses Prejudice Mattel And Violate
               The Court's December 3 Order And Have Been
               Repeatedly Rejected................................................................ 12

     B.   The MGA Defendants' Supplemental Response Regarding
          Certain Affirmative Defenses Contains No Supporting Facts.............. 14

     C.   Several Of The MGA Defendants' Responses Are Facially
          Incomplete ......................................................................................... 15

     D.   The MGA Defendants Refuse To Identify Supporting
          Documents With Specificity And Bates Numbers................................. 16

          1.   Two Court Orders And The Applicable Law Require
               Identification Of Documents By Bates Numbers..................... 16

          2.   The MGA Defendants' Supplemental Response Fails To
               Comply With The March 31 Court Order And The
               Applicable Law....................................................................... 18

II.  THE MGA DEFENDANTS REFUSE TO PRODUCE COMPELLED
     DOCUMENTS ........................................................................................... 20

     A.   The Prior Discovery Master Has Compelled The MGA
          Defendants To Produce All Documents Referenced In Its
          Supplemental Response ...................................................................... 20

     B.   The MGA Defendants Have Failed And Refused To Comply
          With Prior Orders............................................................................... 22

MOTION FOR AN ORDER ENFORCING COMPLIANCE WITH PRIOR ORDERS AND FOR SANCTIONS

1         1.    The Supplemental Response References Documents Relevant To The MGA Defendants' Affirmative Defenses Never Produced.................................................................22

         2.    The MGA Defendants' Own Letter Of Request Application Evidences Further Withholding Of Documents Relevant To Their Affirmative Defenses ...............23

III.    THE DISCOVERY MASTER SHOULD IMPOSE MONETARY SANCTIONS AND PRECLUSION SANCTIONS ON THE MGA DEFENDANTS ..........................................................................25

    A.    The Discovery Master Should Recommend That Preclusion Sanctions Be Imposed .........................................................25

    B.    Monetary Sanctions Should Be Imposed On The MGA Defendants For Their Willful Violations Of The Orders......................27

CONCLUSION....................................................................................29

MOTION FOR AN ORDER ENFORCING COMPLIANCE WITH PRIOR ORDERS AND FOR SANCTIONS

## TABLE OF AUTHORITIES

**Page**

### Cases

Biggars v. Romans,
    2006 WL 1313395 (D. Kan. May 11, 2006) ..............................13

Braley v. Campbell,
    832 F.2d 1504 (10th Cir. 1987) ..............................28

Bretana v. Int'l Collection Corp.,
    2008 WL 4334710 (N.D. Cal. Sept. 22, 2008) ..............................19

C&W Construction Co. v. Brotherhood of Carpenters & Joiners
    of Am., Local 745, ALF-CIO,
    108 F.R.D. 389 (D. Haw. 1985) ..............................26

Campbell Indus. v. M/V Gemini,
    619 F.2d 24 (9th Cir. 1980) ..............................26

Chodkowski v. Cuno Inc.,
    2006 WL 1062115 (D. Conn. Mar. 30, 2006) ..............................12

DCA Inc. v. Resorts Int'l Inc. of New Jersey,
    1989 WL 138846 (E.D. Pa. Nov. 15, 1989) ..............................19

Dellums v. Powell,
    566 F.2d 231 (D.C. Cir. 1977) ..............................25

Guidance Endodontics, LLC v. Dentsply Int'l, Inc.,
    2009 WL 2460756 (D.N.M. July 31, 2009) ..............................17

Hoffman v. Allentown State Hosp.,
    1989 WL 126284 (E.D. Pa. Oct. 16, 1989) ..............................26

Hyde & Drath v. Baker,
    24 F.3d 1162 (9th Cir. 1994) ..............................28

Johnson v. Kraft Foods N. Am., Inc.,
    236 F.R.D. 535 (D. Kan. 2006) ..............................17

Kalantar v. Lufthansa German Airlines,
    2007 WL 1098708 (D.D.C. Apr. 11, 2007) ..............................12

Koury v. Derzhavin,
    2005 WL 2372840 (E.D.N.Y. Apr. 25, 2005) ..............................25

Nat'l Hockey League v. Metropolitan Hockey Club, Inc.,
    427 U.S. 639 (1976) ..............................26

00505.07975/3158226.1

In re Pabst Licensing GmbH Patent Litig.,
    2001 WL 797315 (E.D. La. July 12, 2001) ...................................................... 13

Pearce v. E.F. Hutton Group, Inc.,
    117 F.R.D. 480 (D.D.C. 1987) ........................................................................ 9

Penk v. Oregon State Bd. of Higher Education,
    816 F.2d 458 (9th Cir. 1987) .......................................................................... 26

Phillips v. Dale,
    1987 WL 9650, 4 E.D. Pa. Apr. 16, 1987) ..................................................... 13

Pound v. Hull & Co., Inc.,
    1994 WL 1890926 (N.D. Miss. Oct. 27, 1994) ............................................... 9

Resolution Trust Corp. v. Dabney,
    73 F.3d 262 (10th Cir. 1995) .......................................................................... 28

Satchell v. Fedex Express,
    2006 WL 2884318 (N.D. Cal. Oct. 10, 2006) ................................................. 28

U.S. v. Sumitomo Marine & Fire Ins. Co., Ltd.,
    617 F.2d 1365 (9th Cir. 1980) .................................................................. 26, 28

White v. Am. Water Works Serv. Co., Inc.,
    2007 WL 2746613 (S.D. Ill. Sept. 18, 2007) ................................................. 20

Williams v. Sprint/United Management Co.,
    235 F.R.D. 494 (D. Kan. 2006) ................................................................ 12, 17

**Rules/Statutes**

28 U.S.C. § 1927 .................................................................................................. 28

Fed. R. Civ. P. 37(a)(5)(A) ............................................................................ 27, 28

Fed. R. Civ. P. 37(b)(2)(A) .................................................................................. 25

Fed. R. Civ. P. 37(b)(2)(B) .................................................................................. 26

Fed. R. Civ. P. 37(b)(2)(C) ............................................................................ 25, 28

Fed. R. Civ. P. 26(e) ............................................................................... 3, 14, 26

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Mattel has long pursued complete responses to its contention interrogatory that seeks disclosure of the bases for the MGA Defendants' affirmative defenses, including the identity of witnesses and documents ostensibly supporting those defenses. The Court ordered the MGA Defendants to provide such responses over two years ago. The MGA Defendants have flouted that Order by providing supplemental responses that even now list no facts, witnesses or documents for some of their 30 plus defenses, that provide for others only vague and overbroad descriptions of documents (e.g., ███████████████████████ ███████████████████████████████████████████████████████ ██████████████████████████████████), and that describe witnesses in a similarly unhelpful manner (e.g., ██████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ In short, the MGA Defendants' Supplemental Response fails to identify facts, supporting witnesses and documents in a manner that would enable Mattel, the Court or the Discovery Master to discern which witnesses and what documents the MGA Defendants will rely on to prove its purported affirmative defenses, in violation of prior Court Orders.

Further, over two years ago, the prior Discovery Master ordered the MGA Defendants to produce the documents that they would rely upon. To the extent that it can tell what documents the MGA Defendants are referring to in the Supplemental Response, Mattel has not received many of them. The MGA Defendants refuse to confirm that all have been produced. Instead, they demanded that Mattel identify any and all deficiencies, even though such contentions have been rejected by the Discovery Master, even though the MGA Defendants are obligated to ensure they abide by Court Orders and even though the MGA Defendants are in possession of

the facts necessary to identify what the MGA Defendants are withholding. The MGA Defendants' invitation to play guessing games as to what they are withholding is not compliance with Court Orders. In any event, Mattel did provide examples of documents that did not appear to have been produced. The MGA Defendants ignored them.

The MGA Defendants should be sanctioned for their repeated discovery abuses and violations of Court Orders, both monetarily and in the form of preclusive sanctions. Mattel attempted to meet and confer with the MGA Defendants regarding the numerous deficiencies in their Supplemental Response for over a month, but they stonewalled, first ignoring Mattel's requests and then later offering false promises of supplementation on dates that have since passed. The MGA Defendants should not be allowed to present any facts, documents or witnesses at trial or in motion practice in support of their affirmative defenses that are not specifically disclosed or produced in response to a further order compelling their production.

## Statement of Facts

Mattel's Supplemental Interrogatory Regarding the MGA Defendants' Affirmative Defenses.   On December 3, 2007, over the MGA Defendants' opposition, the Court granted Mattel leave to serve a Supplemental Interrogatory seeking the MGA Defendants' contentions regarding their affirmative defenses.[1] The December 3 Order compelled the MGA Defendants to "answer without objection" the following interrogatory:

---

[1]   December 3, 2007 Order ("December 3 Order"), Exhibit 1 to the Declaration of Jon D. Corey ("Corey Decl.") filed concurrently herewith. Carter Bryant and the MGA Defendants jointly opposed Mattel's motion for leave to serve the Supplemental Interrogatory, but Mattel's Motion was granted over their written and oral objections. See Carter Bryant and MGA Defendants' Joint Opposition Mattel, Inc.'s Motion For Leave to Serve A Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, dated November 19, 2007, Corey Decl. Ex. 3; see also December 3, 2007 Hearing Tr., Corey Decl. Ex. 4.

State the facts upon which YOU intend to rely at trial to support YOUR affirmative defenses, and IDENTIFY all PERSONS with knowledge of those facts and all DOCUMENTS that REFER OR RELATE TO those facts.[2]

The MGA Defendants initially responded to the Supplemental Interrogatory on January 8, 2008.[3]

After the Phase 1 trial, Mattel sought and was granted leave to file its Third Amended Answer and Counterclaims on May 21, 2009.  In response to Mattel's Third Amended Answer and Counterclaims, the MGA Defendants filed an amended Answer that added thirteen new affirmative defenses.[4]  Mattel asked the MGA Defendants to supplement their responses to the Supplemental Interrogatory to substantiate their defenses.[5]  After being reminded of their obligations under Rule 26(e), the MGA Defendants served, several weeks later on August 31, 2009, supplemental responses to Mattel's Amended Supplemental Interrogatory (the "Supplemental Response").[6]  The MGA Defendants' Supplemental Response is deficient in several ways, including its failure to properly identify witnesses and documents.

<u>The MGA Defendants' Letter Of Request Application Demonstrates Further Withholding of Documents Relevant to Their Affirmative Defenses.</u>  Just three days

---

[2]    Mattel's Supplemental Interrogatory Regarding Defendants' Affirmative Defenses ("Supplemental Interrogatory"), dated December 3, 2007, Corey Decl. Ex. 2.

[3]    See MGA's Response To Mattel, Inc.'s Amended Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, dated January 8, 2008, Corey Decl. Ex. 5.  Because the MGA Defendants relied on few defenses in Phase 1, as set forth in the Pretrial Order, responses were left to be dealt with after Phase 1.

[4]    See MGA Parties' Answer & Affirmative Defenses to Mattel, Inc.'s Third Amended Answer & Counterclaims, dated June 29, 2009, at 20-33, Corey Decl. Ex. 6.

[5]    See Letter from J. Corey to W. Parker, dated July 24, 2009, Corey Decl. Ex. 7.

[6]    See MGA's Response To Mattel, Inc.'s Amended Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, dated August 31, 2009, Corey Decl. Ex. 8.

after the MGA Defendants served their Supplemental Response, the MGA Defendants filed an Application For Issuance Of Letter Of Request For Judicial Assistance.[7]  Attached as exhibits in support of this application were two documents relating to the <u>Cityworld</u> Litigation – litigation in Hong Kong in which MGA was a party.  Neither of these documents had ever been disclosed or produced to Mattel, despite the MGA Defendants' statements in their Letter Of Request Application that they purportedly support their statute of limitations and laches affirmative defenses[8] and even though the documents showed on their face that the MGA Defendants had been in possession of them for a year or more.[9]

On September 22, 2009, counsel for Mattel sent counsel for the MGA Defendants an e-mail message asking them to produce complete copies of the excerpted documents attached as exhibits to the Letter Of Request Application.[10] The e-mail message also requested a meet and confer regarding the MGA Defendants' violation of prior Orders by withholding documents relevant to the MGA Defendants' statute of limitations and laches affirmative defenses.[11]  The MGA Defendants did not respond; thus, Mattel was forced to seek *ex parte* relief to

---

[7]   <u>See</u> MGA Parties' Notice And Application For Issuance Of Letter Of Request For Judicial Assistance Re: Danny K.H. Yu And Bird & Bird, dated September 4, 2009, Corey Decl. Ex. 30.

<u>See</u> MGA Parties' Reply In Support Of Application For Issuance Of Letter Of Request For Judicial Assistance Re: Danny K.H. Yu And Bird & Bird, dated September 17, 2009, at 2-3, Corey Decl. Ex. 31.

<u>See</u> Exhibits K, L to the Rutowski Declaration In Support Of MGA Parties' Notice And Application For Issuance Of Letter Of Request For Judicial Assistance RE: Danny K.H. Yu And Bird & Bird, dated September 4, 2009, Corey Decl. Exs. 32, 33 (████████████████████████████████████████████████).

[10]   <u>See</u> e-mail from M. Zeller to A. Hurst, et al, dated September 22, 2009, Corey Decl. Ex. 17.

[11]   <u>Id.</u>

-4-

MOTION FOR AN ORDER ENFORCING COMPLIANCE WITH PRIOR ORDERS AND FOR SANCTIONS

1   obtain production of these documents.[12]   *After* Mattel served its *ex parte* application,

2   the MGA Defendants finally produced complete copies of the withheld documents.[13]

3   <u>Mattel Repeatedly Attempts To Meet And Confer And The MGA Defendants</u>

4   <u>Make Empty Promises</u>.  On September 4, 2009, counsel for Mattel sent counsel for

5   the MGA Defendants two meet and confer letters identifying deficiencies in the

6   Supplemental Response.   The first one asked for the identity of supporting

7   witnesses.[14]  The other related to the deficiencies in the identification and production

8   of documents referenced in the Supplemental Response.[15]

9       With regard to the unidentified witnesses, counsel for the MGA Defendants

10   never responded to Mattel's September 4 letter.   On September 21, long after the

11   meet and confer period had expired, Mattel sent a courtesy follow-up letter

12   reminding the MGA Defendants' counsel that it had never responded and thus

13   Mattel intended to file a motion unless it heard back.[16]  Mr. Molinski responded on

14   September 22, stating only that they were "reviewing the issues" addressed in

15   Mattel's letter and that they "expect[ed]" to have an answer by the end of the

16

17

18

---

19   [12]   See Mattel's *Ex Parte* Application For Production of Complete Copies Of
    Withheld Documents In Advance of Hearing On MGA Parties' Application For

20   Issuance Of Letter Of Request For Judicial Assistance Re: Danny K.U. Yu And Bird
    & Bird, dated September 24, 2009, Corey Decl. Ex. 34.

21   [13]   In ruling on Mattel's request for *ex parte* relief, the Discovery Master agreed
    with Mattel that it was entitled to production of the complete versions of the

22   <u>Cityworld</u> documents attached to MGA's Letters of Request Application.  See Phase
    2 Discovery Matter Order No. 68, dated October 3, 2009, at 3, Corey Decl. Ex. 35.

23   He declined to rule on the merits of Mattel's request for an order compelling MGA
    to produce all other withheld documents relevant to the MGA Defendants' statute of

24   limitations and laches affirmative defenses on the ground that such an order was not
    appropriate on an *ex parte* basis, but made clear that the denial "in no way prevents

25   Mattel from raising this issue by regularly noticed motion." *Id.* at 5.
    [14]   See letter from D. Proctor to A. Hurst, dated September 4, 2009, Corey Decl.

26   Ex. 9.
    [15]   See letter from J. Corey to A. Hurst, dated September 4, 2009, Corey Decl.

27   Ex. 10.
    [16]   See letter from J. Corey to A. Hurst, dated September 21, 2009, Corey Decl.

28   Ex. 11.

week.[17]  Counsel for Mattel responded, informing Mr. Molinski that considering the meet and confer period expired long ago and that his e-mail message was the first response Mattel had received (and only after it had sent a second letter), Mr. Molinski should provide available times to meet and confer on September 23.[18] Again, ignoring Mattel's counsel's request to meet and confer, Mr. Molinski replied via e-mail message the next day stating that the MGA Defendants were "currently looking into" Mattel's request to "identify the names of individuals at various entities identified in MGA's Responses . . . to determine if we have additional information that might be responsive" and "[t]o the extent we identify such information, we will supplement this response in 10 days [by October 2]."[19] Although this deadline came and went, Mattel received no such supplement nor any further correspondence explaining the actions taken by the MGA Defendants and if and why no "additional information" was identified.

With respect to the inadequately identified and unproduced documents referenced in the Supplemental Response, counsel for the MGA Defendants responded to Mattel's September 4 letter on September 10.[20]  Counsel wrote that he "believe[d] the documents referenced in the Supplemental Response have been produced or are available to Mattel" and "[i]f there is a specific document that you believe has not been produced or that Mattel does not have for any reason, please identify the specific document."[21]  Mattel responded on September 23, explaining that the MGA Defendants' assertion that all of the documents referenced had been

---

[17]   See e-mail from W. Molinski to V. Lozano, et. al, dated September 22, 2009, Corey Decl. Ex. 12.
[18]   See e-mail from M. Zeller to W. Molinski, et al, dated September 22, 2009, Corey Decl. Ex. 13.
[19]   See e-mail from W. Molinski to M. Zeller, et al, dated September 23, 2009, Corey Decl. Ex. 14.
[20]   See letter from W. Parker to J. Corey, dated September 10, 2009, Corey Decl. Ex. 15.
[21]   Id.

1    produced was incorrect and providing examples (even though such is not Mattel's
2    responsibility), as well as explaining the deficiencies in the MGA Defendants'
3    identification of many documents.[22]   Mr. Molinski responded via e-mail message
4    that same day, ignoring the examples provided and stating: "to the extent that the
5    amended response served on August 31, 2009 references new documents not
6    referenced previously, MGA will determine whether those documents have been
7    produced.  Otherwise, it is incumbent on Mattel to inform MGA of those documents
8    it claims it does not have."[23]   Mattel never received any follow up information from
9    the MGA Defendants' counsel regarding the results of their promised
10   determinations.

11        As mentioned above, Mattel's September 22 e-mail message to counsel for
12   the MGA Defendants regarding its Application For A Letter of Request and the
13   documents referenced in support of their statute of limitations and laches affirmative
14   defenses requested a meet and confer regarding the MGA Defendants' failure to
15   produce all documents relevant to the MGA Defendants' defenses, as had been
16   evidenced by its own Letter of Request Application.[24]   Because the MGA
17   Defendants never responded to this meet and confer request, in an effort to avoid
18   further motion practice, counsel for Mattel sent a follow-up email message on
19   October 3 after Mattel's *ex parte* application was ruled on, noting the MGA
20   Defendants' failure to respond in the allotted time and once again seeking a meet
21   and confer on the issue.[25]   This time, counsel for the MGA Defendants did respond;
22   however, the response merely stated their alleged confusion regarding Mattel's

23   _____

24   [22]  See letter from J. Corey to W. Parker, dated September 23, 2009, Corey Decl. Ex. 16.
25   [23]  See e-mail from W. Molinski to M. Zeller, et al, dated September 23, 2009, Corey Decl. Ex. 14.
26   [24]  See e-mail from M. Zeller to A. Hurst, et al, dated September 22, 2009, Corey Decl. Ex. 17.
27   [25]  See e-mail from M. Zeller to A. Hurst, et al, dated October 3, 2009, Corey Decl. Ex. 18.
28

MOTION FOR AN ORDER ENFORCING COMPLIANCE WITH PRIOR ORDERS AND FOR SANCTIONS

1   simple request.[26]   Counsel for Mattel replied, once again repeating Mattel's simple
2   request: "[h]as MGA produced all [documents] relating to its affirmative defenses?
3   This includes any and all documents purportedly supporting its statute of limitations
4   and laches defenses."[27]   Ms. Hurst responded that there was an ongoing meet and
5   confer between other attorneys on each side and that it was "completely
6   inappropriate for [Mr. Zeller] to demand a meet and confer and threaten motion
7   practice," but provided no substantive answer.[28]   Mr. Zeller responded and informed
8   Ms. Hurst that the meet and confer was not ongoing; that Mattel had not received
9   substantive responses nor any of the promised supplementation to its Supplemental
10  Response; and that if the MGA Defendants intended to comply with their
11  obligations to meet and confer (even though the time had long expired to have
12  timely complied), to please let Mattel know.[29]   The MGA Defendants did not
13  respond.

14                                      **Argument**

15  I.      **THE MGA DEFENDANTS HAVE FAILED TO PROVIDE FULL AND**
16          **COMPLETE INTERROGATORY RESPONSES**

17          A.      **The MGA Defendants Refuse To Identify Supporting Witnesses**

18                  1.      **The December 3 Order And The Law Require The MGA**
19                          **Defendants To Identify Witnesses By Name**

20          The MGA Defendants are in violation of the Court's December 3 Order
21  compelling them to respond to Mattel's Supplemental Interrogatory.[30]   The Order

22  _____

23  [26]   See e-mail from A. Hurst to M. Zeller, et al dated October 5, Corey Decl. Ex.
24  19. [27]   See e-mail from M. Zeller to A. Hurst, et al, dated October 5, 2009, Corey
25  Decl. Ex. 20.
        [28]   See e-mail from A. Hurst to M. Zeller et al, dated October 5, 2009, Corey
26  Decl. Ex. 21.

27  [29]   See e-mail from M. Zeller to A. Hurst, et al, dated October 5, 2009, Corey
    Decl. Ex. 22.
28          [30]   December 3, 2007 Order, Corey Decl. Ex. 1.

00505.07975/3158226.1

-8-

stated that the MGA Defendants "shall answer without objection" Mattel's Supplemental Interrogatory.[31]   The Supplemental Interrogatory defines "IDENTIFY" with respect to "an individual or individuals" to mean:

> [T]o state, fully and separately as to each, such individual's name, any known business title, current of last known business affiliation, current or last known residential address, current or last known business address, current or last known relationship to MGA, and current or last known telephone number.[32]

"The purpose of requiring a listing of persons with knowledge, even early on during the discovery phase in response to interrogatories, is to allow the opposing party to interview or depose them, if desired, or to conduct other investigation, and to learn the facts before discovery closes." Pound v. Hull & Co., Inc., 1994 WL 1890926, at *2 (N.D. Miss. Oct. 27, 1994) (citing Pearce v. E.F. Hutton Group, Inc., 117 F.R.D. 480, 481 (D.D.C. 1987) (precluding the trial testimony of sixteen witnesses on the ground of the plaintiff's vague and general interrogatory responses and noting that the purpose of discovery "was completely frustrated" by plaintiffs "completely unwarranted and unjustified lack of diligence in supplying the names of persons plaintiff knew had knowledge about facts within the scope of the interrogatories at issue")).

### 2. The MGA Defendants' Supplemental Response Fails To Identify Witnesses By Name, As Required By The December 3 Court Order And The Applicable Law

With respect to the MGA Defendants' purported affirmative defenses of Unclean Hands, Acts or Omissions of Others, Competition Privilege/Justification, Employee Right of Mobility, Bad Faith Claim of Misappropriation, Lack of

---

[31]  Id.
[32]  Supplemental Interrogatory, at 3, Corey Decl. Ex. 2.

1  Authority, and Illegal Conduct/Fraud, the Supplemental Response does not even

2  attempt to identify knowledgeable persons adequately.[33]   In the sections of the

3  Supplemental Response regarding the Unclean Hands, Competition

4  Privilege/Justification, Bad Faith Claim of Misappropriation and Illegal

5  Conduct/Fraud affirmative defenses, the MGA Defendants ███████████

6  ████████████████████████████████████████████████

7  ██████████████████████████████     For example, the Supplemental

8  Response states:

9  ██████████████████████████████████████████████

10  █████████████████████████████████████████████

11  █████████████████████████████████████████████

12  █████████████████████████████████████████████

13  █████████████████████████████████████████████

14  █████████████████████████████████████████████

15  █████████████████████████████████████████████

16  █████████████████████████████████████████████

17  ██████████

18  This language, used repeatedly throughout, is ambiguous as to whether the

19  person(s) identified by name are the only people with knowledge at those entities, or

20  are just a sampling of some sort.  Such responses make obvious that the MGA

21  Defendants have not fully disclosed the identity of witnesses to Mattel.

22       Even more problematic, in several places and with regard to the MGA

23  Defendants' Unclean Hands, Competition Privilege/Justification, Bad Faith Claim

24  of Misappropriation and Illegal Conduct/Fraud affirmative defenses, the MGA

25  _____

26  [33]   See Supplemental Response at 29-30, 50, 215-127, 134, 157-159, 164, 193-

27  195, Corey Decl. Ex. 8.
   [34]   Id. at 29-30, 125-127, 157-159. 193-195.

28  [35]   Id.

1  Defendants merely reference entire companies, without any identification of the

2  relevant persons or indeed even complete company names:



14  To support these affirmative defenses, the MGA Defendants do not identify a single

15  witness by name, ███████████████████ Likewise, with respect to

16  the MGA Defendants' Acts or Omissions of Others affirmative defense, the

17  Supplemental Response identifies supporting witnesses as follows:

36  Id. at 29-30, 125-127, 157-159, 193-195.
37  Id.
38  Id. at 50.

**3.**     **Such Deficient Responses Prejudice Mattel And Violate The Court's December 3 Order And Have Been Repeatedly Rejected**

The MGA Defendants' Supplemental Response violates the December 3 Order in multiple respects.   Rather than identify persons with knowledge as required, the MGA Defendants reference entire companies without individual witness names and, even where individuals are identified, none of the identifying information required by the Court Order is provided.   Responses like the MGA Defendants' are also regularly held insufficient under the law.   For example, in Williams v. Sprint/United Management Co., 235 F.R.D. 494 (D. Kan. 2006), the court found insufficient interrogatory responses stating "that numerous officers and directors or managers of Sprint directed, endorsed or engaged in the repeated, routine, and/or generalized policies, practices and procedures" and ordered the responding party to serve supplemental responses "which identify by name and job title each executive, officer, director, board member, or manager who engaged in or directed an employee to engage in a pattern and practice of age discrimination, along with the name and job title of each employee who was directed." Id. at 505. Likewise, in Kalantar v. Lufthansa German Airlines, 2007 WL 1098708 (D.D.C. Apr. 11, 2007), in response to an interrogatory seeking "the identities, names and addresses of all persons who have personal knowledge . . .[,]" the responding party "identified several people by name but also listed 'FAA (Federal Aviation Administration) officers.'"   Id. at *1.   Because of the inadequacy of the response, the court ordered the responding party "to answer the question completely and specifically by identifying, *by name*, the FAA officials."   Id. (emphasis provided); see also Chodkowski v. Cuno Inc., 2006 WL 1062115, at *3, 5 (D. Conn. Mar. 30, 2006) (granting motion to compel sufficient responses and finding that the response "'and other employees of the defendant' is insufficient, as Plaintiff must identify those individuals and provide of a summary of the knowledge that each possesses");

Biggars v. Romans, 2006 WL 1313395, at *3 (D. Kan. May 11, 2006) (granting motion to compel answers to interrogatories "in full, identifying any and all responsive individuals by name, last known address and telephone number").[39]

When the MGA Defendants' Supplemental Response actually provides the names of individuals, it provides nothing more, with the exception ████████ ████████████████████████████████ (although many times even this limited information is inexplicably incorrect or so elliptical as to be meaningless).[40] Not only do these responses fail to meet the definition of "identify" in Mattel's Supplemental Interrogatory as the Court's December 3 Order required, such responses have also been held insufficient by courts. Thus, in In re Pabst Licensing GmbH Patent Litig., 2001 WL 797315 (E.D. La. July 12, 2001), the court was faced with interrogatory responses that listed "names only" in response to interrogatory asking for "all persons with knowledge." Id. at *5. The court found that the "current listing of names only is largely useless and does not respond to the question." Id. Thus, the court ordered the responding party to amend their answer "to provide each person's last known address and telephone number (either home or business where the person may be served with a subpoena, if necessary); job title and employer; and a brief description of the subject matter of his or her knowledge." Id. (emphasis omitted); see also Phillips v. Dale, 1987 WL 9650, at *4 E.D. Pa. Apr. 16, 1987) (ordering "full and complete answers" to interrogatories defining "identify" as "'name, present address and telephone number, present or last known

---

[39] See also Phase 2 Discovery Matter Order No. 22, dated April 28, 2009, at 53-54, Corey Decl. Ex. 23 (noting that MGA's identification of knowledgeable witnesses in interrogatory response was inadequate).

[40] For example, ████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████

MOTION FOR AN ORDER ENFORCING COMPLIANCE WITH PRIOR ORDERS AND FOR SANCTIONS

1  place of employment and each office, title or position, if any held'" where

2  responding party merely provided names).

**B.**   **The MGA Defendants' Supplemental Response Regarding Certain**

**Affirmative Defenses Contains No Supporting Facts**

5  For several of the MGA Defendants' purported affirmative defenses, the

6  Supplemental Response provides no supporting facts.  In fact, it is so devoid of any

7  substance with respect to several of the affirmative defenses that it is equivalent to

8  no response.  For example, the MGA Defendants' entire response regarding their

9  purported affirmative defense of Lack of Authority is as follows:



18  This is deficient on its face, particularly given that the MGA Defendants are the

19  parties solely in possession of any facts that would support this claimed affirmative

20  defense.

21  Likewise, the Supplemental Response regarding the MGA Defendants'

22  purported affirmative defense of No Injury Sustained by Alleged Creditor provides

23  no more than a few conclusory sentences:

---

[41] Id. at 164.

1 ███████████████████████████████████

2 ███████████████████████████████████

3 ████████████████████████████████

4 █████████████████████████████████████████

5 █████████████████ it merely lists their names and provides no information about

6 *what* knowledge they do possess.[43]   This type of response is hardly the full and

7 complete response that the Court ordered.[44]

8    **C.**    **Several Of The MGA Defendants' Responses Are Facially**

9          **Incomplete**

10    The Supplemental Response is facially incomplete.  For example, the MGA

11 Defendants' discussion of their affirmative defense of Employee Right of Mobility

12 seems to be missing multiple paragraphs.[45] █████████████████

13 ███████████████████████████████████

14 ███████████████████████████████████

15 ███████████████████████████████████

16 █████████  Whether inadvertent or not, the MGA Defendants' Supplemental

17 Response is incomplete.   The Discovery Master should compel the MGA

18 Defendants to comply with the December 3 Order and provide a complete response

19 within 10 days.

20

21

22

23 ───────────────────

24    [42]  Id. at 170.
        [43]  Id.
25    [44]  See, e.g., December 3, 2007 Hearing Tr., at 38:18-22 ("The Court is going to
       grant the motion to serve the additional interrogatory . . . [t]hese affirmative
26 defenses need to get spelled out."), Corey Decl. Ex. 4.
        [45]  Supplemental Response, at 134, Corey Decl. Ex. 8.
27    [46]  Id. (emphasis added).
        [47] █████████████████████████████████████

28 ████████████████████████████

**D.**  **The MGA Defendants Refuse To Identify Supporting Documents With Specificity And Bates Numbers**

  **1.**  **Two Court Orders And The Applicable Law Require Identification Of Documents By Bates Numbers**

Because the Court compelled the MGA Defendants to answer the Supplemental Interrogatory "without objection[,]" it required the MGA Defendants to identify documents in its response by Bates number.   The Supplemental Interrogatory defines "IDENTIFY" with respect to documents to mean:

> [T]o describe each DOCUMENT by Bates number.  In the event that a DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each such DOCUMENT, to provide a complete description of it such that it may be the subject of a request for the production of documents, including by stating the date, identity of the author, addressee(s), signatories, parties, or other PERSONS identified therein, its present location or custodian and a description of its contents.[48]

Furthermore, in March 2008, the Court granted a motion by Mattel requesting that "MGA be required to identify documents by Bates number" in response to interrogatories.[49]   The Court expressly noted that "identification by Bates number the documents in response to any party's contention interrogatory is imperative to narrowing the potential for dispute between the parties at trial as to whether a particular document falls into those 'identified' in response to a given contention interrogatory."[50]  This Supplemental Interrogatory is a contention interrogatory and Bates numbers are crucial; without them, the information provided is of limited value, at best.

---

[48] Supplemental Interrogatory, at 3-4, Corey Decl. Ex. 2.
[49] March 31, 2008 Order, at 3, Corey Decl. Ex. 25.
[50] Id.

1    Courts also routinely require identification of supporting documents with

2 sufficient detail, which usually requires reference to Bates numbers.  <u>See, e.g.,</u>

3 <u>Guidance Endodontics, LLC v. Dentsply Int'l, Inc.</u>, 2009 WL 2460756, at *9

4 (D.N.M. July 31, 2009) (requiring defendants to amend interrogatory answer to

5 "describe their damages contentions in greater detail[,]" n oting such "increased

6 detail will include identification by Bates number any documents upon which the

7 Defendants relied"); <u>Johnson v. Kraft Foods N. Am., Inc.</u>, 236 F.R.D. 535, 545 (D.

8 Kan. 2006) (ordering plaintiff to serve amended interrogatory responses which must

9 "identify by bates stamp number which documents are responsive to which

10 interrogatories").  In fact, courts even require sufficiently detailed identification of

11 documents on which the responding party plans to rely on to support its contentions,

12 even when those documents are ones produced by the propounding party

13 themselves.  In <u>Williams v. Sprint/United Management Co.</u>, 235 F.R.D. 494 (D.

14 Kan. 2006), the court rejected plaintiff's objection to an interrogatory that

15 "require[d] them to identify documents produced by Defendant during the course of

16 this litigation" because "they have no obligation under the discovery rules to

17 identify, by Bates number or otherwise, documents produced by Defendant which

18 they believe support their contentions."  <u>Id.</u> at 506.  The court noted that the

19 interrogatories stated that "'[i]dentification by Bates number of documents,

20 including documents produced by Sprint during the course of this litigation, will

21 satisfy this interrogatory'" and that even though the propounding party presumably

22 "knows what documents it has previously produced during this litigation, it is

23 entitled to know what specific documents Plaintiffs are referencing, even those

24 produced by Defendant during the course of this litigation, in their supplemental

25 disclosures."  <u>Id.</u>

26

27

28

1
2
3

**2.**     <u>The MGA Defendants' Supplemental Response Fails To Comply With The March 31 Court Order And The Applicable Law</u>

Contrary to the Court's prior Orders and the law, the MGA Defendants' Supplemental Response is riddled with references to vague categories of documents without identifying any of them by Bates number (or even any other description sufficient to identify them as also required by the definition of "IDENTIFY" in Mattel's Supplemental Interrogatory).[51]  For example, the following response is given with respect to the MGA Defendants' affirmative defenses of Unclean Hands, Competition Privilege/Justification, Bad Faith Claim of Misappropriation and Illegal Conduct/Fraud:



[51]   <u>See, e.g.</u>, Supplemental Response, at 30-31, 36, 40, 41-43 45-47, 51, 56, 61, 66, 71, 75-76, 79-80, 86, 91, 96-97, 102, 127-128, 159, 162-164, 167-168, 170, 195-196, Corey Decl. Ex. 8.

1 ████████████████████████████████████████████████████████

2 ██████████████████████

3    Furthermore, the Supplemental Response lists ██████████████████

4 ████████████████████████████████████████████████████████████████

5 █████████████████████ documents relevant to its Bona Fide Purchaser of Value

6 affirmative defense.[53]   Not a single one of these "categories" of documents has a

7 corresponding Bates number.  Even to the extent Bates numbers do not exist for

8 some of these documents (and there should be none since the documents also have

9 been compelled as discussed below), the MGA Defendants' answers such as the

10 above are  improper; more detail must be provided in order to determine *what*

11 documents are being referenced.

12    The Supplemental Response also includes improper references to entire

13 document productions.  For example, ██████████████████████████████████

14 ████████████████ supporting its purported affirmative defense of No Injury

15 Sustained by Alleged Creditor states: ██████████████████████████████████

16 ████████████████████████████████████████████████████████████████

17 ████████████████████████████

18    Such vague, generic and overbroad descriptions are improper and indeed the

19 equivalent to no response.  See <u>Bretana v. Int'l Collection Corp.</u>, 2008 WL 4334710,

20 at *3-4 (N.D. Cal. Sept. 22, 2008) (compelling more detailed response to

21 interrogatory "legitimately seek[ing] identification of documents" to be used "to

22 support his affirmative defense" and agreeing with movant that one response was

23 "so devoid of information as to be no response at all"); <u>see also</u> <u>DCA Inc. v. Resorts</u>

24 <u>Int'l Inc. of New Jersey</u>, 1989 WL 138846, at *7 (E.D. Pa. Nov. 15, 1989) (ordering

25

26   [52] Supplemental Response, at 31, 127, 159, 195 Corey Decl. Ex. 8.
   [53] Id. at 42.
27   [54] ████████████████████████████████████████████████████████████

28 ████████████████████████████████████████████████████████████

1  plaintiff to "specifically identify the documents which are responsive" to
2  interrogatory asking for documents related to bases for its claim, noting that the
3  response "pertinent documents concerning DCA's line-of-credit with its Bank" was
4  "not sufficient").

5      Not only do the prior Court Orders require the MGA Defendants to identify
6  the documents by Bates number, but courts hold that generally referring to
7  "documents produced in response to interrogatories and other requests for
8  production" is insufficient.  White v. Am. Water Works Serv. Co., Inc., 2007 WL
9  2746613, at *1 (S.D. Ill. Sept. 18, 2007) (noting that responding party's "vague
10 reference to other discovery responses and documents only creates confusion" and
11 compelling responding party to serve revised answers "clarifying the supporting
12 documentation that is responsive to both discovery requests").  If referencing
13 documents with the express statement that such documents have already been
14 produced is insufficient, the MGA Defendants' responses are necessarily
15 inadequate; Mattel cannot even discern what documents the MGA Defendants are
16 referencing in many sections of the Supplemental Response, much less if those
17 documents have been produced.

18 **II.**  **THE MGA DEFENDANTS REFUSE TO PRODUCE COMPELLED**
19         **DOCUMENTS**
20    **A.**  **The Prior Discovery Master Has Compelled The MGA Defendants**
21            **To Produce All Documents Referenced In Its Supplemental**
22            **Response**
23    On December 18, 2006, Mattel served requests for production, one of which
24 that sought "all DOCUMENTS and tangible things upon which YOU intend to rely

1   upon in this action."[55]   Mattel was forced to bring a motion to compel regarding this

2   Request, among others, and on August 13, 2007, the prior Discovery Master

3   compelled the MGA Defendants to produce documents responsive to this Request.[56]

4   The Supplemental Interrogatory at issue here also asks the MGA Defendants to

5   identify the documents that refer or relate to the facts supporting their affirmative

6   defenses.[57]   Thus, the interrogatory is no broader than the document request

7   previously compelled, and every such document is necessarily directly responsive to

8   the request for production quoted above -- a request which the MGA Defendants

9   have been under an obligation to comply with since August 2007.[58]

10

11

12

13

14

15

16

17

18

19   [55]   Mattel's First Set Of Requests For Documents And Things, Re Claims Of
20   Unfair Competition To MGA, dated December 18, 2006, at RFP. No. 166, Corey
     Decl. Ex. 26.
21       [56]   Order Granting In Part And Denying In Part Mattel's Motion To Compel
     Production Of Documents By MGA, dated August 13, 2007, at 14, Corey Decl.
22   Ex. 27 (granting motion to compel as to RFP No. 166).
         [57]   Supplemental Interrogatory, at 5, Corey Decl. Ex. 2.
23       [58]   See Order Granting In Part And Denying In Part Mattel's Motion To Compel
     Production Of Documents By MGA, dated August 13, 2007, at 14, Corey Decl.
24   Ex. 27.   The prior Discovery Master also issued an order in May 2007 compelling
     the MGA Defendants to produce all documents responsive to several requests for
25   production, including requests related to the MGA Defendants' affirmative
     defenses.   See Order Granting Mattel's Motion To Compel Production Of
26   Documents And Interrogatory Responses By MGA, dated May 15, 2007 Order, at 8,
     Corey Decl. Ex. 28 (compelling MGA to produce documents responsive to RFP No.
27   100, which stated "All doll heads, sculpts, prototypes, models, samples and tangible
     items that support, refute or otherwise REFER OR RELATE TO any facts
28   underlying YOUR Affirmative Defenses in this action").

B.    **The MGA Defendants Have Failed And Refused To Comply With Prior Orders**

     1.    **The Supplemental Response References Documents Relevant To The MGA Defendants' Affirmative Defenses Never Produced**

Bates-numbered documents referenced in the Supplemental Response have not been produced.[59] Nor, as far as Mattel can ascertain, have the MGA Defendants produced documents within the categories vaguely described, without Bates numbers, in the Supplemental Response. For many of the categories of documents referenced in the Supplemental Response, searches run on Mattel's counsel's production database using the terms provided by the MGA Defendants in the Supplemental Response produced zero results. For example, the MGA Defendants state " ███████████████████████ as one of the categories of documents that support more than one of their affirmative defenses.[60] Mattel has not been able to locate any such documents.[61]

In any event, as the Discovery Master has ruled previously, determining whether the MGA Defendants have complied with an Order and produced all responsive documents is not Mattel's responsibility.[62] And even when Mattel goes beyond its obligations and repeatedly points the MGA Defendants to examples of noncompliance and requests that they bring themselves in compliance and/or provide Mattel with confirmation that they have fully complied with the Order and

---

[59]   For example, Mattel has never received documents ████████████████████

[60]   See, e.g., Supplemental Response, at 30, Corey Decl. Ex. 8.
[61]   See ████████████████.
[62]   See Phase 2 Discovery Matter Order No. 60, dated September 9, 2009, at 22, Corey Decl. Ex. 29 (██████████████████████████

(footnote continued)

1  produced all responsive documents, the MGA Defendants refuse to provide a

2  straight forward answer.[63]   The most they would say was they would "determine

3  whether those documents have been produced."[64]   But Mattel never received any

4  follow up to this promise or any additional documents.

5        **2.**    **The MGA Defendants' Own Letter Of Request Application**

6            **Evidences Further Withholding Of Documents Relevant To**

7            **Their Affirmative Defenses**

8        Indeed, there is evidence that the MGA Defendants have deliberately flouted

9  the Order compelling them to produce documents supporting their affirmative

10  defenses.   On September 4, 2009, the MGA Defendants submitted excerpted

11  portions of documents purportedly related to their statute of limitations and laches

12  affirmative defenses in connection with their Application for a Letter of Request.[65]

13  These documents had never been produced, despite the fact that at least two prior

14  Orders have compelled their production[66] and even though the documents show on

15  their face that they were in the MGA Defendants' possession for a year or more.[67]

16  The MGA Defendants produced complete copies of these documents only *after*

17  

18  ███████  Mattel has done precisely this here as well.  See September 23, 2009 letter
19  from J. Corey to W. Parker, Corey Decl. Ex. 16.
[64] See, e.g., September 10 letter from W. Parker to J. Corey, Corey Decl. Ex. 15
20  ("We believe the documents referenced in the Response have been produced").
[65] See e-mail from W. Molinski to M. Zeller, et al, dated September 23, 2009,
21  Corey Decl. Ex. 14.
[66] See MGA Parties' Notice And Application For Issuance Of Letter Of Request
22  For Judicial Assistance RE: Danny K.H. Yu And Bird & Bird, dated September 4,
2009, Corey Decl. Ex. 30.
23  [67] See Order Granting In Part And Denying In Part Mattel's Motion To Compel
Production Of Documents By MGA, dated August 13, 2007, at 14, Corey Decl.
24  Ex. 27; see also Order Granting Mattel's Motion To Compel Production Of
Documents And Interrogatory Responses By MGA, dated May 15, 2007, at 8, Corey
25  Decl. Ex. 28.
[67] See Exhibits K, L to the Rutowski Declaration In Support Of MGA Parties'
26  Notice And Application For Issuance Of Letter Of Request For Judicial Assistance
RE: Danny K.H. Yu And Bird & Bird, dated September 4, 2009, Corey Decl. Exs.
27  32, 33 ████████████████████

28  ████████████████████

1    Mattel was forced to file an *ex parte* application.[68]  Even more troubling, in their

2    opposition to Mattel's *ex parte* application, the MGA Defendants claimed – without

3    explanation -- they were under no obligation to produce full copies of these

4    documents.[69]  Nor, despite Mattel's requests, have the MGA Defendants answered

5    the simple question of whether they are withholding yet more documents relating to

6    their affirmative defenses.[70]

7        The MGA Defendants have violated prior Orders compelling the MGA

8    Defendants to produce documents for their affirmative defenses -- Orders entered

9    over two years ago.[71]  The MGA Defendants have provided no justification, because

10   there is none, for their long-standing failure to comply.   Rather, their actions

11   continue to evidence their flagrant noncompliance and intent to continue on this

12   same path.   The Discovery Master should enforce these Orders and once again

13   compel the MGA Defendants to produce all responsive documents.

14

15

16

17

18

19

20
_____

21   [68]   See Mattel's *Ex Parte* Application For Production Of Complete Copies Of
22   Withheld Documents In Advance Of Hearing On MGA Parties' Application For
     Issuance Of Letter Of Request For Judicial Assistance Re: Danny K.U. Yu and Bird
23   & Bird, dated September 24, 2009, Corey Decl. Ex. 34.
     [69]   MGA Parties' Opposition To Mattel's *Ex Parte* Application For Production
     Of Complete Copies Of Withheld Documents In Advance Of Hearing For Issuance
24   Of Letters Of Request, dated September 28, 2009, at 7, Corey Decl. Ex. 36.
     [70]   See e-mails between M. Zeller and A. Hurst, et al, dated October 5, 2009,
25   Corey Decl. Exs. 20-22.
     [71]   See Order Granting In Part And Denying In Part Mattel's Motion To Compel
26   Production Of Documents By MGA, dated August 13, 2007, at 14, Corey Decl.
     Ex. 27; see also Order Granting Mattel's Motion To Compel Production Of
27   Documents And Interrogatory Responses By MGA, dated May 15, 2007, at 8, Corey
     Decl. Ex. 28.
28

III.    **THE DISCOVERY MASTER SHOULD IMPOSE MONETARY SANCTIONS AND PRECLUSION SANCTIONS ON THE MGA DEFENDANTS**

   A.    **The Discovery Master Should Recommend That Preclusion Sanctions Be Imposed**

As noted, the MGA Defendants should be ordered to make a complete production and fully answer the Supplemental Interrogatory. The Discovery Master also should issue a report and recommendation that the MGA Defendants be precluded from relying on any documents not produced as required by that order. The MGA Defendants also should be precluded from presenting any evidence in support of any of their affirmative defenses that is not identified in their further compelled responses in the manner required by the Court's prior Orders.[72]

Rule 37(b)(2)(A) provides that if a party fails to comply with a court order, a court may issue an order barring the disobedient party from supporting or opposing designated claims or defenses. The preclusion sanction is designed to keep a party from profiting from its defiance of court orders as well as to function as a deterrent. Dellums v. Powell, 566 F.2d 231, 235 (D.C. Cir. 1977) ("[H]owever innocent a failure to provide discovery may be, it is fundamental that a party that does not provide discovery cannot profit from its own failure. Thus Rule 37(b)(2)(C) recognizes that parties failing to comply with discovery requests may be estopped from 'support(ing) or oppos(ing)' designated claims or defenses.'"); see also Koury v. Derzhavin, 2005 WL 2372840, at *1 (E.D.N.Y. Apr. 25, 2005) (granting motion for preclusive sanctions and noting that one of the purposes of such

---

[72]    Indeed, when granting Mattel's motion for leave to serve the Supplemental Interrogatory, the Court noted that "if you're going to move forward on an affirmative defense and you want the Court to consider that and you want to present that to the jury trial, you better make clear the factual allegations that it's based on. I'm certainly not saying anything revolutionary here." December 3, 2007 Hearing Tr., at 30:24-31:4, Corey Decl. Ex. 4.

1  sanctions is to "ensure that a party will not benefit from its own failure to comply");
2  Nat'l Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976)
3  (noting that preclusion sanctions "must be available to the district court in
4  appropriate cases, not merely to penalize those whose conduct may be deemed to
5  warrant such a sanction, but to deter those who might be tempted to such conduct in
6  the absence of such a deterrent").

7      Preclusion sanctions are properly issued based on a party's failure to comply
8  with the discovery requirements and court orders.  See, e.g., U.S. v. Sumitomo
9  Marine & Fire Ins. Co., Ltd., 617 F.2d 1365, 1369-70 (9th Cir. 1980) (upholding
10 order precluding party from introducing evidence of damages where party failed to
11 provide discovery responses for eighteen months); Campbell Indus. v. M/V Gemini,
12 619 F.2d 24, 27 (9th Cir. 1980) (noting "court's inherent power to discipline
13 breaches of Rule 26(e), even in the absence of a court order" and affirming district
14 court's issuance of preclusion sanctions); C&W Construction Co. v. Brotherhood of
15 Carpenters & Joiners of Am., Local 745, ALF-CIO, 108 F.R.D. 389, 393 (D. Haw.
16 1985) (imposing sanctions precluding party from introducing evidence at trial
17 regarding subjects covered by interrogatories where party delayed responding to
18 interrogatories, never fully responded to them, and appointed a "person most
19 knowledgeable" for deposition who had no knowledge of the facts); Hoffman v.
20 Allentown State Hosp., 1989 WL 126284, at *2-3 (E.D. Pa. Oct. 16, 1989) (finding
21 that plaintiff's repeated abuses of the discovery process and federal rules "warrant a
22 preclusion order pursuant to Fed. R. Civ. P. 37(b)(2)(B)" noting that plaintiff's
23 interrogatory answers were "manifestly and patently inappropriate responses" and
24 thus plaintiff was "absolutely barred from using information and exhibits covered"
25 by those interrogatories).  Moreover, preclusion sanctions may be ordered whenever
26 a party violates a court order; willfulness is not required.  Penk v. Oregon State Bd.
27 of Higher Education, 816 F.2d 458, 466 (9th Cir. 1987).

28

00505.07975/3158226.1

Accordingly, Mattel requests that the Discovery Master recommend that the Court impose preclusive sanctions, namely, that the MGA Defendants not be allowed to present evidence in support of any affirmative defenses that has not been sufficiently identified in their further compelled responses or rely on any documents not produced in response to the further order compelling their production. The MGA Defendants have violated four prior Orders, all of which were entered at least over a year ago (and some over two years ago). They have had months and years to comply with these Orders but continue to withhold information. In fact, they served a ▮▮▮page Supplemental Response that flouted their obligations − providing no identifying information for witnesses and documents purportedly in support of their affirmative defenses and referencing documents that have never been produced. And it does not stop there. The MGA Defendants' violations have extended to attempts to *use* compelled, yet withheld documents in support of motions and even then refused to produce the documents in complete form to Mattel. This is the precise situation that warrants preclusion sanctions. The Discovery Master has the authority to recommend such sanctions pursuant to the Stipulation For Appointment Of A Discovery Master And Order, which empowers the Discovery Master to "issue orders awarding non-contempt sanctions, including, without limitation, the award of attorney's fees, as provided by Rules 37 and 45."[73]

**B.     Monetary Sanctions Should Be Imposed On The MGA Defendants For Their Willful Violations Of The Orders**

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that a party forced to bring a motion to compel is entitled to the "reasonable expenses incurred in making the motion, including attorney's fees," unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without

---

[73]     Stipulation for Appointment of a Discovery Master and Order, dated December 6, 2006, at 4, ¶ 4, Corey Decl. Ex. 37.

court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).  Likewise, fees may be awarded for a party's violation of a Court Order. Fed. R. Civ. P. 37(b)(2)(C); see also U.S. v. Sumitomo Marine & Fire Ins. Co., Ltd., 617 F.2d 1365, 1369-71 (9th Cir. 1980) (upholding monetary and preclusion sanctions for failure to comply with court-ordered discovery); Satchell v. Fedex Express, 2006 WL 2884318, at *6, 9 (N.D. Cal. Oct. 10, 2006) (granting motion for sanctions on grounds that defendants failed "to comply with the Court's previous orders" and ordering defendant to pay "plaintiffs' reasonable attorneys' fees and costs associated with the instant motion to compel"). The burden of establishing substantial justification is on the party being sanctioned. Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994).

Independently, sanctions may be imposed under 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Sanctions under this section are appropriate "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Resolution Trust Corp. v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995) (citing Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987)).  Here, the Discovery Master should impose sanctions on the MGA Defendants in the amount of $4,350 for their failure to comply with Orders of the Court and the previous Discovery Master.[74]

---

[74]  See Corey Decl. ¶ 40.

MOTION FOR AN ORDER ENFORCING COMPLIANCE WITH PRIOR ORDERS AND FOR SANCTIONS

00505.07975/3158226.1

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Discovery Master grant its Motion in its entirety.

DATED:  October 16, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Jon Corey
   Jon Corey
   Attorneys for Mattel, Inc.