# EXHIBIT 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    CV 04-09049 SGL(RNBx)                    Date: December 3, 2007
Title:      CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS
=========================================================================

PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Jim Holmes                           Theresa Lanza
        Courtroom Deputy Clerk               Court Reporter

ATTORNEYS PRESENT FOR CARTER            ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

Matthew M. Werdegar                     Michael T. Zeller
                                        B. Dylan Proctor
                                        Jon D. Corey

ATTORNEYS PRESENT FOR MGA:              ATTORNEY PRESENT FOR CARLOS
                                        GUSTAVO MACHADO GOMEZ:

Thomas J. Nolan                         Alexander H. Cote
Carl A. Roth
Ryan Weinstein

PROCEEDINGS:    ORDER GRANTING MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL
                INTERROGATORY; ORDER DENYING MOTION TO STRIKE (OR
                ALTERNATIVELY, FOR SUMMARY JUDGMENT AS TO) AFFIRMATIVE
                DEFENSES

        The Court heard argument on these motions on December 3, 2007.  For reasons discussed
on the record, the Court GRANTS the motion for leave to serve a supplemental interrogatory.
Mattel may serve on all opposing parties, and all parties served shall answer without objection
thereto, the following interrogatory:

        State the facts upon which YOU intend to rely at trial to support YOUR
        affirmative defenses, and IDENTIFY all PERSONS with knowledge of those facts and

MINUTES FORM 90                                     Initials of Deputy Clerk __jh_____
CIVIL -- GEN                        1               Time: 00/45

EXHIBIT ____1____ PAGE __6__

all DOCUMENTS that REFER OR RELATE TO those facts.

In light of the Court's granting of the motion for leave to file a supplemental interrogatory, the motion to strike (or alternatively, for summary judgment as to) MGA's affirmative defenses is DENIED WITHOUT PREJUDICE pending completion of discovery in this action.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN                        2            Initials of Deputy Clerk __jh_____
                                                 Time: 00/45

EXHIBIT __1__ PAGE __7__

# EXHIBIT 2

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5  (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Plaintiff Mattel, Inc.

9          UNITED STATES DISTRICT COURT

10        CENTRAL DISTRICT OF CALIFORNIA

11              EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| 13      Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| 14      vs. | MATTEL, INC.'S SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES |
| 15  MATTEL, INC., a Delaware corporation, | |
| 16      Defendant. | |
| 17 | |
| 18  AND CONSOLIDATED ACTIONS | |

19

20

21

22  PROPOUNDING PARTY:     Mattel, Inc.

23  RESPONDING PARTIES:    MGA Entertainment, Inc., Isaac Larian, Carter

24                         Bryant, MGA Entertainment (HK) Limited, MGAE

25                         de Mexico S.R.L. de C.V., and Carlos Gustavo

26                         Machado Gomez

27  SET NO.:               SUPPLEMENTAL

28

*12-3*

MATTEL'S SUPPLEMENTAL INTERROGATORY RE DEFENDANTS' AFFIRMATIVE DEFENSES

EXHIBIT _2_ PAGE _8_

1     Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.
2  ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter
3  Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and
4  Carlos Gustavo Machado Gomez (collectively, "the Responding Parties")
5  individually answer the following Interrogatory separately and fully, in writing and
6  under oath, within 30 days after service hereof.  The Responding Parties shall be
7  obligated to supplement their responses to the Interrogatories at such times and to
8  the extent required by the <u>Federal Rules of Civil Procedure</u>.
9
10                            **<u>Definitions</u>**
11     1.    "YOU" and "YOUR" mean each of the Responding Parties.
12     2.    "PERSON" or "PERSONS" means all natural persons,
13  partnerships, corporations, joint ventures and any kind of business, legal or public
14  entity or organization, as well as its, his or her agents, representatives, employees,
15  officers and directors and any one else acting on its, his or her behalf, pursuant to
16  its, his or her authority or subject to its, his or her control.
17     3.    "DOCUMENT" or "DOCUMENTS" means all "writings" and
18  "recordings" as those terms are defined in <u>Rule</u> 34 of the <u>Federal Rules of Civil</u>
19  <u>Procedure</u> and <u>Rule</u> 1001 of the <u>Federal Rules of Evidence</u>, including, but not
20  limited to, all writings and records of every type and description including, but not
21  limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,
22  electronic mail ("e-mail"), COMMUNICATIONS, records of telephone
23  conversations, handwritten and typewritten notes of any kind, statements, reports,
24  minutes, recordings, transcripts and summaries of meetings, voice recordings,
25  pictures, photographs, drawings, computer cards, tapes, discs, printouts and records
26  of all types, studies, instruction manuals, policy manuals and statements, books,
27  pamphlets, invoices, canceled checks and every other device or medium by which or
28  through which information of any type is transmitted, recorded or preserved.

-2-
MATTEL'S SUPPLEMENTAL INTERROGATORY RE DEFENDANTS' AFFIRMATIVE DEFENSES

EXHIBIT __2__ PAGE __9__

Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

4.      "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

5.      "REFER OR RELATE TO" a given subject matter means relate to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify, state, deal with, comment on, respond to, describe, analyze, support, refute, contradict, or in any way pertain to that subject matter, either directly or indirectly.

6.      "IDENTIFY" or "IDENTITY" means the following:

(a)     with reference to an individual or individuals, means to state, fully and separately as to each, such individual's full name, any known business title, current or last known business affiliation, current or last known residential address, current or last known business address, current or last known relationship to MGA, and current or last known telephone number.

(b)     with reference to an entity or entities, means to state, fully and separately as to each, such entity's full name, state (or country) of incorporation or organization, present or last known address, and present or last known telephone number.

(C)     with reference to any DOCUMENT or DOCUMENTS, means to describe each DOCUMENT by Bates number.  In the event that a DOCUMENT does not have a Bates number, IDENTIFY means, with respect to

EXHIBIT __2__ PAGE _10_

1  each such DOCUMENT, to provide a complete description of it such that it may be
2  the subject of a request for the production of documents, including by stating the
3  date, identity of the author, addressee(s), signatories, parties, or other PERSONS
4  identified therein, its present location or custodian and a description of its contents.

5        7.    "Any" as used in these interrogatories includes the word "all,"
6  and the word "all" as used in these interrogatories includes the word "any."

7        8.    The singular form of a noun or pronoun includes within its
8  meaning the plural form of the noun or pronoun so used, and vice versa; the use of
9  the masculine form of a pronoun also includes within its meaning the feminine form
10 of the pronoun so used, and vice versa; the use of any tense of any verb includes
11 also within its meaning all other tenses of the verb so used, whenever such
12 construction results in a broader request for information; and "and" includes "or"
13 and vice versa, whenever such construction results in a broader disclosure of
14 documents or information.

15       **Instructions**

16       A.    When an interrogatory requests disclosure of a
17 COMMUNICATION or other information as to which YOU claim any privilege or
18 protection as a ground for nondisclosure, identify each PERSON who participated in
19 or had knowledge of the COMMUNICATION or other information and provide the
20 following:

21       (i)    the privilege or protection that YOU claim precludes disclosure;
22       (ii)    the subject matter of the COMMUNICATION or information
23       (without revealing the content as to which the privilege is claimed);
24       and
25       (iii)    any additional facts or grounds on which YOU base YOUR
26       claim of privilege or protection.
27       B.    When an interrogatory requests that YOU provide information,
28 YOU are required to supply all information known by or available to YOU or

EXHIBIT _2_ PAGE _11_

1  YOUR employees, officers, directors, agents, representatives, attorneys and experts.

2  If YOU cannot completely answer the interrogatory in whole or in part after making

3  diligent efforts to do so, please so state.  Then describe in detail all efforts made to

4  answer the interrogatory or portion thereof; identify every PERSON involved in

5  such efforts; and state the additional information YOU need, if any, to respond

6  completely to the interrogatory.

7                                         **Interrogatory**

8  SUPPLEMENTAL INTERROGATORY:

9           .   State all facts which support YOUR affirmative defenses, and

10  IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that

11  REFER OR RELATE to such facts.

12  DATED:  December 3, 2007          QUINN EMANUEL URQUHART OLIVER &
13                                                    HEDGES, LLP

14

15                                          By
16                                              B. Dylan Proctor
                                              Attorneys for Plaintiff
17                                              Mattel, Inc.

18

19

20

21

22

23

24

25

26

27

28

07209/2227746.2

-5-
MATTEL'S SUPPLEMENTAL INTERROGATORY RE DEFENDANTS' AFFIRMATIVE DEFENSES

EXHIBIT __2__ PAGE __12__

# EXHIBIT 3

1   KEKER & VAN NEST, LLP
    JOHN W. KEKER - #49092
2   jkeker@kvn.com
    MICHAEL H. PAGE - #154913
3   mpage@kvn.com
    CHRISTA M. ANDERSON - #184325
4   canderson@kvn.com
    710 Sansome Street
5   San Francisco, CA  94111-1704
    Telephone:  (415) 391-5400
6   Facsimile:  (415) 397-7188

7   Attorneys for Plaintiff
    CARTER BRYANT

8

9

10                  UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12                        EASTERN DIVISION

13

| | |
|---|---|
| CARTER BRYANT, an individual, | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727 |
| Plaintiff, | |
| v. | **CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES** |
| MATTEL, INC. a Delaware Corporation, | |
| Defendant. | |
| CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Date:         December 3, 2007<br>Time:        10:00 a.m.<br>Dept:        Courtroom 1<br>Judge:      Hon. Stephen G. Larson<br><br>Date Comp. Filed:  April 13, 2005<br><br>Discovery Cut-Off:  Jan. 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date:  May 27, 2008 |

CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR
LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE
DEFENSES
CASE NO. CV 04-09049 SGL (RNBx)

406656.01

EXHIBIT 3  PAGE 13

## I.    INTRODUCTION

Mattel seeks leave to file at least 37 additional interrogatories—masquerading as one, but seeking a full account of all details supporting each and every affirmative defense raised—and to do so without counting them among the 50 interrogatories that the Court has already authorized per side in this litigation, and that Mattel has exhausted.  Such a vast expansion of Mattel's (and no other party's) interrogatories would be unduly burdensome and unfair to Bryant and the MGA defendants, and is neither necessary nor reasonable.  Nor would it satisfy Mattel's insatiable appetite for more discovery, through which Mattel seeks to make this relatively straightforward case as complex and burdensome as possible. Mattel's motion should be denied.

## II.    ARGUMENT

Mattel seeks a vast and unreasonable expansion of the interrogatories the Court has authorized in this case, offering no real justification beyond Mattel's own failure to plan strategically.  The Court should not reward Mattel's lack of foresight or encourage its insatiable desire for discovery by imposing unreasonable burdens on Bryant and MGA, and should deny Mattel's motion.

A.    **Mattel must make a particularized showing of good cause to justify additional interrogatories.**

Like any other form of discovery authorized under the Federal Rules, excess interrogatories may be permitted only where they are consistent with the general principles set forth in Federal Rule of Civil Procedure 26.  *See* Fed. R. Civ. P. 33(a) ("Leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2).").  Under Rule 26, the Court "shall" limit discovery (i) if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive, (ii) " if "the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought," *or* (iii) if

1

CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR
LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE
DEFENSES
CASE NO. CV 04-09049 SGL (RNBx)

406656.01

**EXHIBIT  3   PAGE  14**

1  "the burden or expense of the proposed discovery outweighs its likely benefit,"

2  taking into account the needs of the case and other factors.  Fed. R. Civ. P.

3  26(b)(2)(C).  Accordingly, a "particularized showing" of need under the Rule 26

4  principles is required to support a request for additional interrogatories under Rule

5  33(a).  *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 586-

6  87 (D. Minn. 1999); *see also Duncan v. Paragon Pub., Inc.*, 204 F.R.D. 127, 128

7  (S.D. Ind. 2001) ("The party seeking leave must set forth a 'particularized

8  showing' to exceed the limit of twenty-five interrogatories."); *Whittingham v.*

9  *Amherst College*, 163 F.R.D. 170, 171 (D. Mass. 1995) (Federal Rules require

10  party to make specific showing of necessity, and to first exhaust available

11  discovery before seeking leave of Court for supplemental discovery).

12      Mattel points to the Court's statements at the February 12, 2007 scheduling

13  conference that more interrogatories would be authorized "if there's a need for it,"

14  rather than evaluating its request under the rules outlined above.  Bryant and the

15  MGA defendants appreciate that the Court is willing to provide additional

16  discovery, if needed, but Mattel must still demonstrate a particularized need under

17  the principles set forth in the Federal Rules.  Mattel has not done so here, nor can

18  it.

19  **B.**   **The additional interrogatories Mattel seeks should be denied because they are not consistent with the principles of Rule 26.**

20

21      First, a clarification.  Mattel repeatedly states that it seeks leave to serve "a

22  single interrogatory."  *E.g.*, Motion at 1.  However, its own analysis (applying

23  Judge Infante's ruling on exactly this point) indicates that the "single"

24  interrogatory is not in fact one, but the compound equivalent of at least 37 separate

25  interrogatories.  *See* Motion at 3, 7; Proctor Decl. Exh. 15 (September 5, 2007

26  Discovery Order) at 7-8.  The Court should disregard Mattel's attempt to minimize

27  the impact of the additional interrogatories it seeks, and should evaluate (and deny)

28  Mattel's request based on its true, extensive scope.  By Mattel's own count, its

2

· CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR
LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE
DEFENSES
CASE NO. CV 04-09049 SGL (RNBx)

406656.01

EXHIBIT __3__ PAGE __15__

1   current request would increase the 50 interrogatories the Court has already
2   authorized by more than two-thirds, and would bring the total number of
3   interrogatories Mattel will have propounded to at least 87, more than three times
4   the presumptive limit of 25 authorized under Rule 33. *See* Fed. R. Civ. P. 33(a).
5         Aside from this attempt to downplay the scope of what it seeks, Mattel's
6   principal justification for seeking more interrogatories is that it has used the 50
7   interrogatories the Court already authorized, on other matters, and does not have
8   enough left to ask all the questions it wants. *See* Motion at 8 ("Because [Mattel's
9   additional interrogatories] cannot be asked and answered within the limits
10   previously set by the Court, the Court should grant Mattel leave to propound this
11   interrogatory as a stand-alone, supplemental interrogatory that does not count
12   towards the fifty interrogatory limit."). In other words, Mattel claims it should get
13   more interrogatories because it wants them. This is plainly insufficient under Rule
14   26(b), which sets standards precisely to impose a measure of judicial restraint on
15   litigants' desire for vast and burdensome discovery. *See* Fed. R. Civ. P.
16   26(b)(2)(C). Although the Court may increase the allowed interrogatories in the
17   face of a particularized showing of need, interrogatories are not intended to be
18   unlimited either under the current Rules or this Court's prior rulings. *See id.*; 8A
19   Wright & Miller, Fed. Prac. & Proc. § 2168.1 (explaining that the current
20   numerical limits were adopted in 1993 in part because other mandatory discovery
21   disclosures reduce the need to rely on interrogatories).
22         Mattel also argues that it is entitled to additional interrogatories because they
23   would seek "relevant information Mattel is entitled to discover." Motion at 8. But
24   while additional interrogatories might indeed help Mattel to obtain relevant
25   information, that too is not the standard for more discovery under Rule 26. *See*
26   Fed. R. Civ. P. 26(b)(2)(C). The fact that the information sought is relevant is
27   certainly a necessary precondition for additional interrogatories—they would be
28

3

CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR
LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE
DEFENSES
CASE NO. CV 04-09049 SGL (RNBx)

406656.01

EXHIBIT __3__ PAGE __16__

1   entirely inappropriate otherwise—but it is far from a sufficient one.  Mattel must

2   also demonstrate that it could not obtain the information through already-

3   authorized discovery means.  Mattel's claim that contention interrogatories are the

4   preferred form of discovery for obtaining the information it is seeking, regardless

5   of the burden such interrogatories place on Bryant and the MGA defendants, *see*

6   Motion at 9, does not satisfy its burden under Rule 26.

7          In sum, Mattel has failed to make a particularized showing of need to take

8   additional discovery through the means of contention interrogatories with respect

9   to any of the defendants' asserted affirmative defenses.

10  **C.   Mattel already has had ample opportunity through interrogatories and
        other discovery means to obtain the information it is seeking, and it**

11      **should not be rewarded for the strategic decision to use its
        interrogatories to obtain information on other topics.**

12

13         Mattel already has been granted 50 interrogatories against each defendant in

14  this case.  In February 2007, the Court granted each side 50 interrogatories.

15  Proctor Decl. Exh. 8; *id.* Exh. 9.  The Discovery Master has since ruled that Mattel

16  may serve an identical interrogatory on all six defendants, using only one of its 50

17  interrogatories, making the actual count greatly lopsided in Mattel's favor.  *See*

18  Proctor Decl. Exh. 15 (September 5, 2007 Discovery Order), at 4 ("Although the

19  district court's order does not speak directly to this issue, the most reasonable

20  approach is to count one identical interrogatory served on all six of the Defendants

21  as one interrogatory.").  Thus, even without the supplemental interrogatories it

22  seeks here, Mattel already has been granted the right to serve 50 interrogatories on

23  each of the defendants in this case.  And Mattel has now used all of these 50

24  interrogatories.  Indeed, while the present motion was pending—and thus without

25  knowing or, apparently, caring whether it would obtain leave to serve additional

26  interrogatories relating to the defendants' affirmative defenses that it claims are so

27  important—Mattel elected to serve four additional sets of interrogatories (its

28  Fourth through Seventh), more than exhausting its last nine interrogatories.  *See*

4

EXHIBIT 3 PAGE 11

1   Declaration of Audrey Walton-Hadlock ("Walton-Hadlock Decl.") Exhs. A–D;

2   Proctor Decl. Exh. 15 (September 5, 2007 Discovery Order).

3         Taken together with all of the other discovery Mattel has taken in this

4   litigation, those 50 interrogatories are more than adequate. In addition to the 50

5   interrogatories it has now served on each defendant, Mattel has issued thousands of

6   requests for admission, many of which are disguised interrogatories that

7   improperly seek discovery, not admissions. *See, e.g.*, Walton-Hadlock Decl. ¶ 3

8   (Mattel's Sixth Set of Requests for Admission to Bryant contains 782 RFAs); *id.*

9   Exh. E (Mattel's Fourth Set of Requests for Admission to Bryant (157 RFAs)); *cf.*

10  8A Wright & Miller, Fed. Prac. & Proc. Civ. 2d § 2168.1 (explaining that requests

11  for admission should not be used to substitute for other forms of discovery).

12  Mattel also has taken nearly twenty depositions to date, including three full days of

13  testimony from Carter Bryant. And Mattel has issued hundreds of requests for

14  production, which have resulted in the production of more than three million pages

15  of documents by the defendants in this case. In short, Mattel has had every

16  opportunity to explore and test Bryant and the MGA defendants' affirmative

17  defenses in this litigation, but it instead chose to focus its discovery on other

18  topics.

19        Despite Mattel's claims to the contrary, Mattel has known for a long time

20  that most of the affirmative defenses defendants have raised were at issue in the

21  case. As stated in Mattel's Motion, Bryant raised nineteen affirmative defenses in

22  his May 14, 2004 answer to Mattel's original claims against him. Motion at 1;

23  Proctor Decl. Exh. 1. Most of the fourteen affirmative defenses in Bryant's most

24  recent pleading are identical to the defenses he raised more than three years ago in

25  that original answer to Mattel's original (and largely overlapping) claims against

26  him, although many now provide more factual detail. *See* Walton-Hadlock Decl.

27  Exh. F (Bryant's Second Amended Reply to Counterclaims). Similarly, many of

28

CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR
LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE
DEFENSES
CASE NO. CV 04-09049 SGL (RNBx)

406856.01

EXHIBIT 3   PAGE 18

1   the claims raised in MGA's own complaint against Mattel plainly overlap with

2   MGA's affirmative defenses to Mattel's claims. *See* Walton-Hadlock Decl. Exh.

3   G (MGA's Complaint); Walton-Hadlock Decl. Exh. H (MGA's Amended

4   Answer); Motion at 3 (listing defenses). Thus, Mattel was on notice of many of

5   defendants' affirmative defenses well before the most recent pleadings reflecting

6   them, and before Mattel had expended its allotment of interrogatories.

7       Mattel could have chosen to reserve some of its 50 interrogatories to

8   investigate defendants' inevitable affirmative defenses, to the extent any defenses

9   might raise novel or surprising issues. It chose not to, squandered its wealth of

10   interrogatories, and now asks the Court simply to ignore that choice. The Court

11   should not reward Mattel for its own conscious strategic choices, especially when

12   Mattel has already had ample opportunity to obtain discovery in this litigation

13   through interrogatories and other means, and additional discovery would

14   unreasonably burden defendants. *See* Fed. R. Civ. P. 26(b)(2)(C). Rather, the

15   Court should consider Mattel's request for additional interrogatories in the broader

16   context of other discovery in this case, including Mattel's established pattern of

17   seeking ever-increasing discovery. That context, as well as the sweeping nature of

18   Mattel's request at issue, makes clear that judicial control—not additional

19   interrogatories—is called for here.

20       Mattel has made clear by its actions that whatever discovery the parties

21   agree to or the Court authorizes, Mattel will always want more. Indeed, separate

22   and apart from the additional interrogatories it is requesting in the present motion,

23   Mattel has stated in meet and confer correspondence with the defendants that it

24   intends to request leave to serve 10-15 more interrogatories on other topics. Mattel

25   also has indicated that it intends to seek leave to take dozens more depositions, for

26   a total number of depositions far beyond the limit of 24 imposed by the Court in

27   February 2007. Walton-Hadlock Decl. Exh. I (October 26, 2007 Letter from Zeller

28

6

CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR
LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE
DEFENSES
CASE NO. CV 04-09049 SGL (RNBx)

406656.01

EXHIBIT 3 PAGE 19

1  to Nolan et al.); *id.* Exh. J (Order dated February 12, 2007).  In light of Mattel's

2  past discovery conduct, and its stated intention to seek leave to serve still more

3  interrogatories, it is apparent that Mattel is either unwilling or unable to adhere to

4  reasonable discovery limits.  Consequently, the Court must now step in and keep

5  the discovery in this case within reasonable bounds.  The additional interrogatories

6  Mattel seeks here would impose further burdens, out of all proportion to the benefit

7  Mattel could conceivably obtain, by requiring each of the defendants to set out for

8  Mattel every detail supporting every element of every claimed affirmative defense.

9  Mattel's motion should be denied in its entirety.

10  **D.     Even if some expansion of interrogatories were warranted (which it is not), the Court should not grant Mattel's sweeping and one-sided**

11  **request, but should instead grant each side a narrowly-drawn and equal number of additional interrogatories based on a careful review of actual**

12  **need.**

13       Even if some additional interrogatories were warranted—which, as

14  explained above, they are not—Mattel should not be permitted the sweeping and

15  one-sided expansion of discovery it seeks, but should be required to identify more

16  carefully any areas it believes require further discovery.

17       In addition to the more basic problems with Mattel's request for

18  supplemental interrogatories spelled out above, Mattel's request is not at all

19  narrowly tailored to any purported need, and should not be granted in the form

20  sought.  Mattel does not identify which of its 37 interrogatories it expects to gain

21  useful information by serving, among the many that will simply serve to harass

22  Bryant and MGA by forcing them to respond to pointless and duplicative

23  discovery.  Instead, it bases its sweeping request on claims that "many" of the

24  asserted defenses "interject wholly new issues into this already complex litigation,"

25  and gives a few examples of defenses asserted by defendant Machado that

26  purportedly fall in this category.  Motion at 8.  But even if Mattel's claims were

27  accurate as to some affirmative defenses (which they are not), the discovery Mattel

28

7

CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR
LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE
DEFENSES
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 3 PAGE 20

1   requests would affect many other defenses for which they are demonstrably false.

2   For example, Mattel's summary of the defendants' affirmative defenses reveals

3   that some of those affirmative defenses (though plead as such to avoid any possible

4   waiver) merely negate elements of Mattel's own claims, and plainly inject no new

5   issues into the case, so they could not justify increasing discovery at this late date.

6   *See* Motion at 3 (listing, for example, "Information Readily Ascertainable," "Lack

7   of Causation" and "Lack of Ownership").

8          Moreover, Mattel's proposed interrogatory, which seeks to require the

9   defendants to "state *all* facts" and "IDENTIFY *all* PERSONS … and *all*

10   DOCUMENTS that REFER OR RELATE to such facts", supporting each of their

11   affirmative defense is exactly the type of "blunderbuss" interrogatory that

12   numerous courts have held to be inappropriate and abusive. *Lawrence v. First*

13   *Kansas Bank & Trust, Co..* 169 F.R.D. 657, 663-64 (D. Kan. 1996); *see also*

14   *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007) ("Contention

15   interrogatories should not require a party to provide the equivalent of a narrative

16   account of its case, including every evidentiary fact, details of testimony of

17   supporting witnesses, and the contents of supporting documents."); *Grynberg v.*

18   *Total S.A.,* No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, *6, (D. Colo. May 3,

19   2006) (ruling that interrogatory that asks defendant to "plead and prove its entire

20   case, and to marshal all evidence, in response to one written interrogatory" is

21   overbroad and "constitutes an abuse of the discovery process"). This is

22   particularly true with respect to the defendant's negatively-framed affirmative

23   defenses, such as "Lack of Causation" and "Lack of ownership", because the

24   universe of potentially responsive information to prove a negative is "almost

25   endless." *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998)

26   (rejecting discovery requests seeking "all facts, documents, and witnesses that

27   support the denial of a statement or allegation of fact").

28

8
CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR
LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE
DEFENSES
CASE NO. CV 04-09049 SGL (RNBx)

406656.01

EXHIBIT __3__ PAGE __21__

1    In short, like many of Mattel's discovery requests, in this and other

2    litigation, the interrogatories it seeks leave to serve are thus "abusively drawn" in

3    that they make "no attempt . . . to tailor the information request to the immediate

4    needs of the case." *See Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792,

5    813 (9th Cir. 2003) (affirming district court's quashing of Mattel's abusive

6    subpoena). Accordingly, even if the Court were to find that some more narrowly-

7    drawn additional interrogatories might be appropriate (which it should not),

8    Mattel's sweeping request should be denied.

9        Mattel also seeks special treatment for its extra interrogatories, asking that

10   the Court not count them against any authorized number of interrogatories, but

11   instead allow them simply as unnumbered "supplemental" interrogatories. Motion

12   at 1. Such one-sided treatment in discovery would be absolutely unfair to

13   defendants, and should not be permitted. Even if the Court were to find that the

14   issues in this case required more extensive discovery (and it should not), that

15   discovery would still need to be fair, reasonable, and even-handed. *See* Fed. R.

16   Civ. P. 26. Any expansion of the interrogatories authorized in this litigation should

17   be equal for both sides, and every additional interrogatory should be counted and

18   considered. Defendants have adhered to the discovery limits previously imposed

19   by the Court and have planned their discovery accordingly. Given the Federal

20   Rules' basic goal of ensuring fairness in litigation, Mattel should not be allowed to

21   pretend that the interrogatories at issue in this motion do not "count" as part of the

22   oppressive and burdensome weight of discovery it has already imposed on

23   defendants, and will continue to increase until prevented by this Court.

### III.   CONCLUSION

25       For all the foregoing reasons, Mattel's motion for leave to file supplemental

26   interrogatories regarding defendants' affirmative defenses should be denied.

                                        Respectfully submitted,

28

9

406658.01

EXHIBIT __3__ PAGE __22__

Dated:  November 19, 2007                          KEKER & VAN NEST, LLP


                                          By:  _Michael H. Page /AWH_____
                                              MICHAEL H. PAGE
                                              Attorneys for Plaintiff
                                              CARTER BRYANT


Dated:  November 19, 2007                          SKADDEN, ARPS, SLATE,
                                              MEAGHER & FLOM LLP


                                          By:  _Thomas Nolan /AWH_____
                                              THOMAS J. NOLAN
                                              Attorneys for Defendants
                                              MGA DEFENDANTS

---

10

CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR
LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE
DEFENSES
CASE NO. CV-04-09049 SGL (RNBx)

EXHIBIT 3  PAGE 23

# EXHIBIT 4

1

1      UNITED STATES DISTRICT COURT

2      CENTRAL DISTRICT OF CALIFORNIA

3      EASTERN DIVISION

4      - - -

5      HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6      - - -

7   CARTER BRYANT, ET. AL.,            )
                                       )           CERTIFIED
8                   PLAINTIFFS,        )           COPY
                                       )
9        VS.                           )   NO. ED CV 04-09049
                                       )   (LEAD LOW NUMBER)
10   MATTEL, INC., ET. AL.,            )
                                       )
11                  DEFENDANTS.        )   MOTIONS
                                       )
12   AND CONSOLIDATED ACTIONS,         )
                                       )

13

14

15      REPORTER'S TRANSCRIPT OF PROCEEDINGS

16      RIVERSIDE, CALIFORNIA

17      MONDAY, DECEMBER 3, 2007

18      10:06 A.M.

19

20

21

22

23      THERESA A. LANZA, RPR, CSR
        FEDERAL OFFICIAL COURT REPORTER
24      3470 12TH STREET, RM. 134
        RIVERSIDE, CALIFORNIA  92501
25      951-274-0844
        CSR11457@SBCGLOBAL.NET

DECEMBER 3, 2007                    BRYANT V MATTEL

EXHIBIT 4
PAGE 24

2

```
 1    APPEARANCES:

 2    ON BEHALF OF CARTER BRYANT:

 3                          KEKER & VAN NEST
                           BY:  MATTHEW M. WERDEGAR
 4                          710 SANSOME STREET
                           SAN FRANCISCO, CALIFORNIA  94111-1704
 5                          415-391-5400.

 6
      ON BEHALF OF MATTEL:
 7
                           QUINN EMANUEL
 8                          BY:   JON COREY
                           BY:  MICHAEL T. ZELLER
 9                          BY:   B. DYLAN PROCTOR
                           865 S. FIGUEROA STREET,
10                          10TH FLOOR
                           LOS ANGELES, CALIFORNIA  90017
11                          213-624-7707

12
      ON BEHALF OF MGA ENTERTAINMENT (INCOMING):
13
                           SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
14                          BY:  THOMAS J. NOLAN
                           BY:   CRAIG HOLDEN (IN-HOUSE)
15                          300 SOUTH GRAND AVENUE
                           LOS ANGELES, CALIFORNIA  90071-3144
16                          213-687-5000

17
      ON BEHALF OF GUSTAVO MACHADO:
18
                           OVERLAND BORENSTEIN COTE & KIM
19                          BY:  ALEXANDER H. COTE
                           300 SOUTH GRAND AVENUE
20                          SUITE 2750
                           LOS ANGELES, CALIFORNIA  90071
21                          213-613-4660

22

23

24

25
```

DECEMBER 3. 2007                              BRYANT V MATTEL

EXHIBIT 4
PAGE 25

3



1                          I N D E X

2                                              PAGE

3     MOTION.............................................     4

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DECEMBER 3. 2007                    BRYANT V MATTEL

EXHIBIT 4
PAGE 26

4

```
 1    RIVERSIDE, CALIFORNIA; MONDAY, DECEMBER 3, 2007; 10:06 A.M.
 2                            -oOo-
 3            THE CLERK:  CALLING CALENDAR ITEM TWO, CASE NUMBER
 4    CV 04-9049-SGL, CARTER BRYANT VERSUS MATTEL, INC.
 5            COUNSEL, PLEASE STATE YOUR APPEARANCES.
 6            MR. WERDEGAR:  MATTHEW WERDEGAR ON BEHALF OF
 7    CARTER BRYANT.
 8            MR. ROTH:  CARL ROTH ON BEHALF OF THE MGA DEFENDANTS.
 9            MR. NOLAN:  TOM NOLAN ON BEHALF OF THE MGA
10    DEFENDANTS.
11            MR. ZELLER:  MIKE ZELLER ON BEHALF OF MATTEL; AND
12    WITH ME IS JON COREY AND DYLAN PROCTOR.
13            MR. WEINSTEIN:  RYAN WEINSTEIN ON BEHALF OF THE MGA
14    DEFENDANTS.
15            MR. COTE:  ALEXANDER COTE FOR CARLOS MACHADO.
16            THE COURT:  WE'RE ON CALENDAR THIS MORNING BASED ON
17    TWO MOTIONS THAT HAVE BEEN BROUGHT BY MATTEL; ONE IS A MOTION
18    TO SERVE AN ADDITIONAL INTERROGATORY, AND THE SECOND IS A
19    MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES BROUGHT BY
20    VARIOUS OF THE DEFENDANTS.
21            LET ME BEGIN BY GIVING YOU MY ROUGH SENSE OF HOW THIS
22    SHOULD PLAY OUT.
23            I GUESS AT THE END OF THE DAY, AFTER GOING THROUGH A
24    REMARKABLE QUANTITY OF PAPER, THE COURT IS NOT CONVINCED THAT
25    IT WOULD BE UNDULY BURDENSOME TO PERMIT MATTEL TO SERVE ITS
```

DECEMBER 3. 2007                              BRYANT V MATTEL

**EXHIBIT 4**
**PAGE** 27

5

1    REQUESTED ADDITIONAL INTERROGATORY DIRECTED TOWARDS THE

2    AFFIRMATIVE DEFENSES.  BUT IT'S PRECISELY THAT PROCESS OF

3    FURTHER DISCOVERY WITH RESPECT TO THE AFFIRMATIVE DEFENSES

4    WHICH SEEMS, TO THE COURT ANYWAY, TO MAKE THE NOTION OF

5    STRIKING THE AFFIRMATIVE DEFENSES AS PREMATURE, BECAUSE IT'S

6    PRECISELY IN RESPONSE TO THAT INTERROGATORY THAT THE

7    INFORMATION THAT MATTEL CLAIMS IS LACKING MIGHT BECOME APPARENT

8    AND PERHAPS THEN WE COULD ADDRESS THAT.

9            I SUPPOSE THAT'S BOLSTERED BY THE NOTION THAT, AT

10   LEAST FROM MY READING, THESE AFFIRMATIVE DEFENSES LARGELY

11   RELATE TO THE SECOND PHASE, NOT TO THE FIRST PHASE, NOT THE

12   INITIAL TRIAL THAT WE'RE GOING TO DO; AND THAT FURTHERS MY

13   SENSE THAT THIS JUST MAY BE PREMATURE.  I DON'T WANT TO TAKE

14   THE EASY WAY OUT HERE, BUT I JUST KIND OF THINK THAT THIS MIGHT

15   NOT BE THE TIME FOR US TO BE ADDRESSING THESE AFFIRMATIVE

16   DEFENSES.

17           WITH THOSE THOUGHTS IN MIND, LET ME HEAR FROM

18   COUNSEL.  AND SINCE MATTEL IS MOVING PARTY, I'LL PERMIT YOU TO

19   PROCEED FIRST.

20           **MR. COREY:**  THANK YOU, YOUR HONOR.  I APPRECIATE

21   THAT.

22           IT'S INTERESTING THAT YOU POINT OUT THAT YOUR

23   PERCEPTION OF THE UNCLEAN HANDS DEFENSE SPECIFICALLY AS THE

24   ALLEGATIONS RELATE TO PHASE TWO, BECAUSE I CAN REPRESENT TO THE

25   COURT THAT AS RECENTLY AS LAST FRIDAY, ONE OF MY PARTNERS,

DECEMBER 3. 2007                        BRYANT V MATTEL

EXHIBIT 4
PAGE 28

6

1    SCOTT KIDMAN, WAS INFORMED BY COUNSEL FOR MGA THAT MGA HAS

2    TAKEN THE POSITION THAT THE ENTIRETY OF THE UNCLEAN HANDS

3    DEFENSE WILL BE TRIED IN PHASE ONE AND THAT'S ONE OF THE

4    JUSTIFICATIONS FOR THEM PURSUING SOME OF THE DISCOVERY THAT

5    THEY'RE PURSUING NOW.

6            THE COURT:  WELL, I'LL HAVE TO HEAR HOW THAT'S GOING

7    TO WORK.  I'LL BE CURIOUS TO HEAR HOW THE ENTIRETY OF THAT

8    DEFENSE COMES INTO PHASE ONE.  I GUESS I DON'T UNDERSTAND THAT,

9    BUT I'M SURE IT WILL BE EXPLAINED TO ME.

10           MR. COREY:  I DON'T UNDERSTAND IT EITHER, GIVEN THAT

11   IT SEEMS TO ME TO BE IN DIRECT CONTRAVENTION TO THE COURT'S

12   PHASING ORDER, BECAUSE PART OF THE UNCLEAN HANDS DEFENSE, AT

13   LEAST AS IT'S CURRENTLY BEEN PLED, INCLUDES THE UNFAIR

14   COMPETITION CLAIMS THAT MGA IS ASSERTING.

15           THAT BEING SAID, I DON'T THINK THAT IT'S PREMATURE

16   FOR THE COURT TO LOOK AT THE DEFENSE AS ALLEGED AND --

17   ACTUALLY, TO TAKE A HARD LOOK AT THE DEFENSE AND --

18           THE COURT:  I'VE TAKEN A HARD LOOK AT THE DEFENSE.

19   MY QUESTION IS, YOU'RE ASKING FOR MORE DISCOVERY ON THE

20   DEFENSES; CORRECT?

21           MR. COREY:  WE'RE ASKING FOR MORE DISCOVERY ON ALL OF

22   THE DEFENSES.  BUT I THINK WITH RESPECT TO THE UNCLEAN HANDS

23   DEFENSE AND TO THE WAIVER, ESTOPPEL, AND ACQUIESCENCE DEFENSES

24   IN PARTICULAR, I THINK THE COURT CAN LOOK AT THOSE AS THEY'VE

25   BEEN ALLEGED AND FIND THAT THEY'RE DEFECTIVE.  FRANKLY, THEY

DECEMBER 3. 2007                    BRYANT V MATTEL

EXHIBIT 4,
PAGE 29

1    HAVE NOT BEEN ADEQUATELY ALLEGED.

2          AND I THINK, SPECIFICALLY WITH RESPECT TO THE UNCLEAN

3    HANDS DEFENSE, THE COURT CAN MAKE A RULING, AND I WOULD

4    ENCOURAGE THE COURT TO MAKE A RULING THAT JUST BECAUSE SIMILAR

5    CONDUCT CAN BE ALLEGED DOESN'T STATE AN UNCLEAN HANDS DEFENSE.

6          WE'VE PUT SOME OF THIS AUTHORITY IN FRONT OF THE

7    COURT, AND I THINK THE MAGNA SYSTEM'S COURT SAID IT BEST; THEY

8    SAID JUST BECAUSE YOU'RE GOING TO ALLEGE SIMILAR CONDUCT --

9          **THE COURT:** BUT LET ME STOP YOU, THOUGH.

10         I MEAN, THIS IS KIND OF A PLEADING DEFENSE THAT

11    YOU'RE MAKING AT THIS POINT IN TIME. WE'RE NEARING THE END OF

12    DISCOVERY; AT LEAST I HOPE WE'RE NEARING THE END OF DISCOVERY.

13         ISN'T THIS MORE OF A DISCOVERY ISSUE AT THIS POINT IN

14    TIME? IF YOU HAVE SOME UNCERTAINTY AS TO WHAT IS INVOLVED IN

15    THE DEFENSE OR THE WAY IT IS PLED OR SOME PROBLEM WITH THE WAY

16    IT'S PLED, ISN'T THAT SOMETHING THAT YOU CAN USE YOUR

17    INTERROGATORIES, BEFORE A COURT GRANTS IT TO YOU, TO CLARIFY?

18         **MR. COREY:** BUT IT'S NOT AN UNCERTAINTY DEFENSE.

19    IT'S A -- FACIALLY, THE ALLEGATIONS IN THE UNCLEAN HANDS

20    DEFENSE BEAR NO RELATIONSHIP TO THE CLAIMS THAT MATTEL HAS

21    ASSERTED. FOR EXAMPLE, WE'LL TAKE PHASE ONE. TAKE THE CLAIM

22    THAT MGA INTENTIONALLY INTERFERED WITH BRYANT'S CONTRACT. IT'S

23    NOT A DEFENSE TO THAT TO SAY -- READING FROM LINES 10 AND 11 --

24    "MATTEL CREATED NEGATIVE PUBLICITY OR PRESS ABOUT MGA."

25         IT JUST DOESN'T MAKE ANY SENSE.

DECEMBER 3. 2007

BRYANT V MATTEL

EXHIBIT 4
PAGE _30_

8

1      THEN WHEN YOU TAKE THE NEXT STEP AND YOU SAY -- SO

2  THERE'S NO REASON THAT WE SHOULD BE ENGAGING IN DISCOVERY ON

3  THOSE KINDS OF ALLEGATIONS.  I THINK THE BEST EXAMPLE -- AND WE

4  POINTED THIS OUT IN OUR PAPERS -- IS THEIR ALLEGATIONS IN HERE

5  THAT MATTEL INTERFERED WITH MGA'S CONTRACTUAL RELATIONS WITH

6  SMOBEY GROUP AND INTERFERED WITH THE ACQUISITION OF OR

7  INVESTMENT OF ZAPF CREATIONS.  THESE ARE COMPANIES THAT EXIST

8  IN EUROPE, AND THEY'RE ACQUIRED BY ENTITIES THAT AREN'T EVEN

9  PARTIES TO THIS LAWSUIT.  THEY ARE IN A $100 MILLION

10 TRANSACTION.  THERE'S NO REASON WE SHOULD BE ENGAGING IN

11 DISCOVERY ON THOSE KINDS OF ALLEGATIONS.

12     IF, IN FACT, MGA HAS A PROPER CLAIM FOR INTERFERENCE,

13 THEY CAN COMPLY WITH RULE 15 AND THEY CAN TRY TO BRING IT

14 BEFORE THIS COURT, BUT WHAT THEY SHOULDN'T BE DOING IS USING

15 THIS UNCLEAN HANDS DEFENSE TO BACKDOOR INTO THIS CASE CLAIMS

16 THAT HAVE NO PLACE HERE WITHOUT GOING THROUGH THE PROPER

17 PROCESS.

18     **THE COURT:**  AND IT'S YOUR POSITION THAT'S THE CASE

19 WITH RESPECT TO BOTH PHASES?

20     **MR. COREY:**  IT IS; IT IS THE CASE WITH RESPECT TO

21 BOTH PHASES.

22     **THE COURT:**  CERTAINLY, YOUR CLAIMS IN THE SECOND

23 PHASE ARE MUCH BROADER THAN IN THE FIRST PHASE.

24     **MR. COREY:**  THAT'S ABSOLUTELY TRUE, THE CLAIMS IN THE

25 SECOND PHASE ARE MUCH BROADER THAN THE CLAIMS IN THE FIRST

DECEMBER 3. 2007

BRYANT V MATTEL

EXHIBIT 4
PAGE 31

9

1    PHASE.

2           THE COURT:  SO THE LIKELIHOOD OF THESE ALLEGATIONS

3    BEARING THAT KIND OF RELATIONSHIP YOU'RE TALKING ABOUT ARE

4    GREATER IN THE SECOND PHASE THAN IN THE FIRST.

5           MR. COREY:  THAT'S ABSOLUTELY TRUE, BUT THEY DON'T

6    CONSTITUTE AN UNCLEAN HANDS DEFENSE.  I MEAN, EACH SIDE

7    POTENTIALLY HAS CLAIMS AGAINST THE OTHER SIDE.

8           THE COURT:  IT APPEARS.

9           MR. COREY:  BUT THE PENDENCY OF EACH CLAIM DOESN'T

10   JUSTIFY NON RECOVERY ON THE OTHER SIDE'S CLAIMS.  THAT'S KIND

11   OF THE POINT.  IF THEY HAVE A PROPER CLAIM, THEY CAN BRING IT,

12   BUT IT'S NOT AN UNCLEAN HANDS DEFENSE.

13          FOR EXAMPLE, THEY'VE ALLEGED HERE THAT MATTEL HAS

14   STOLEN MGA TRADE SECRETS.  IF THEY HAVE THAT CLAIM, THEY CAN

15   BRING THAT CLAIM, BUT IT'S NOT A JUSTIFICATION FOR DENYING

16   MATTEL'S RECOVERY ON MATTEL'S THEFT OF TRADE SECRET CLAIMS.

17          THE COURT:  I UNDERSTAND YOUR ARGUMENT, COUNSEL.

18          DO YOU WISH TO BE HEARD ON ANY OF THE OTHER

19   AFFIRMATIVE DEFENSES BESIDES THE UNCLEAN HANDS?

20          MR. COREY:  I DO.  I DO WISH TO BE HEARD ON THE

21   WAIVER, ACQUIESCENCE, AND ESTOPPEL DEFENSES.  THESE REALLY ARE

22   RETREADS OF THE LACHES DEFENSE, WHICH MATTEL HAS NOT

23   CHALLENGED.  THERE ARE ADDITIONAL REQUIREMENTS FOR EACH OF

24   THOSE DEFENSES WHICH MUST BE ALLEGED, AND THEY HAVEN'T DONE

25   THAT.

DECEMBER 3. 2007                      BRYANT V MATTEL

EXHIBIT 4
PAGE 32

1    IN EACH OF THOSE INSTANCES, WHAT NEEDS TO BE ALLEGED

2   IS KNOWLEDGE OF THE WRONG HERE, OR SOMETHING THAT WE GIVE

3   NOTICE OF THE WRONG, WHICH IS MATTEL'S KNOWLEDGE THAT BRYANT

4   WORKED ON BRATZ, CREATED BRATZ, WHILE HE WAS A MATTEL EMPLOYEE,

5   AND THEN ASSIGNED THAT TO MGA.  THAT'S THE IMPROPRIETY HERE.

6   AND FOR WAIVER, ESTOPPEL, OR A CONSENT TO APPLY, THERE HAS TO

7   BE SOME COMMUNICATION BETWEEN MGA AND MATTEL SHOWING THAT MGA

8   RELIED ON THAT REPRESENTATION; SHOWING THAT MATTEL SOMEHOW

9   ACTED INCONSISTENTLY WITH THAT RIGHT.

10       THE COURT:  ISN'T THAT WHAT WE HAVE THE TRIAL TO

11   DETERMINE?

12       MR. COREY:  WELL, IT IS, BUT THE FIRST STEP IS, THEY

13   HAVE TO BE ABLE TO ARTICULATE IT; THEY HAVE TO HAVE A GOOD

14   FAITH BASIS FOR ARTICULATING THAT, AND THEY CAN'T.

15       THEY HAVEN'T MADE AN EFFORT TO DO SO.  THEY'RE JUST

16   RETREADING THE LACHES DEFENSE.

17       IF THEY CAN GET PAST THE PLEADINGS STAGE, THEN, YES,

18   ABSOLUTELY, WE'LL HAVE A TRIAL ON IT AND WE'LL SEE WHAT THE

19   JURY SAYS.

20       THE COURT:  AGAIN, WE JUST KIND OF SEEM TO BE -- IT

21   STRIKES THE COURT AS A LITTLE BIT LATE TO BE ATTACKING THE

22   PLEADING OF THIS AFFIRMATIVE DEFENSE.

23       MR. COREY:  THE PLEADING IS TWO MONTHS OLD.

24       I'M NOT SURE THAT I UNDERSTAND.

25       THE COURT:  WE'RE WRAPPING UP OUR DISCOVERY IN THE

EXHIBIT 4
PAGE 33

11

1    NEXT MONTH.

2          **MR. COREY:**  WE ARE WRAPPING UP OUR DISCOVERY IN THE

3    NEXT MONTH, AND I DO THINK IT WOULD BE HELPFUL TO HAVE THE

4    PLEADINGS SET BEFORE THEN.

5          **THE COURT:**  VERY GOOD. .

6          WITH RESPECT TO THE INTERROGATORY, ANYTHING FURTHER

7    ON THAT?

8          **MR. COREY:**  MY COLLEAGUE, MR. PROCTOR, WILL BE

9    ADDRESSING THAT.

10          **THE COURT:**  ALL RIGHT.

11          **MR. PROCTOR:**  IN LIGHT OF YOUR TENTATIVE, I'LL TRY TO

12    KEEP THIS BRIEF.

13          THIS MAY PUT IT STARKLY, BUT I THINK IT'S ACCURATE:

14    THE QUESTION ON THIS MOTION, THE INTERROGATORY MOTION, IS

15    WHETHER DEFENDANTS SHOULD BE PERMITTED TO SANDBAG US AT TRIAL;

16    THAT IS THE QUESTION THAT'S BEFORE THE COURT ON THIS MOTION.

17          THE DISCOVERY WE ARE SEEKING IS SIMPLY DISCLOSURE OF

18    THE FACTS DEFENDANTS CONTEND SUPPORT THEIR DEFENSES.  THIS IS

19    SOMETHING THAT WE'RE CLEARLY ENTITLED TO.  AND THE MOST NOTABLE

20    THING THAT I DID NOT SEE IN DEFENDANTS' OPPOSITION IS ANY

21    ASSERTION THAT WE ALREADY POSSESSED THOSE FACTS; ANY ASSERTION

22    THAT THEY'VE DISCLOSED THOSE FACTS TO US IN SOME OTHER FASHION;

23    ANY ASSERTION THAT THE DOCUMENTS THEY PRODUCED REVEAL ALL OF

24    THE BASES OF THEIR DEFENSES.

25          THEY HAVEN'T SAID ANY OF THOSE THINGS, AND THEY

DECEMBER 3. 2007                    BRYANT V MATTEL

EXHIBIT 4
PAGE 34

12

1    HAVEN'T TOLD US WHAT FACTS THEY THINK SUPPORT THEIR DEFENSES.

2    AND WE OBVIOUSLY NEED TO KNOW THIS, BOTH TO PREPARE FOR TRIAL

3    AND, AS THE COURT ADVERTED TO, FOR OTHER POTENTIAL PRETRIAL

4    MOTIONS, LIKE A SUMMARY JUDGMENT MOTION ON THEIR AFFIRMATIVE

5    DEFENSES.  THE ONLY WAY WE CAN GET THAT IS THROUGH THE

6    CONTENTION INTERROGATORIES THAT WE'RE SEEKING LEAVE ON.

7         I'M HAPPY TO RUN THROUGH THE FACTORS, IF THE COURT

8    WOULD LIKE, THE 26(B)(2) FACTORS.

9         THE COURT:  IT'S NOT NECESSARY.

10        MR. PROCTOR:  THE ONE OTHER POINT THAT I DID WANT TO

11   ADDRESS IS DEFENDANTS' PERSISTENT ACCUSATIONS ABOUT MATTEL'S

12   DISCOVERY AND DEFENDANTS' ASSERTIONS THAT MATTEL HAS AN

13   INSATIABLE APPETITE FOR DISCOVERY.

14        ON FRIDAY WE GOT ANOTHER 200 REQUESTS FOR PRODUCTION

15   FROM MGA, BRINGING THE TOTAL NUMBER OF REQUESTS FOR PRODUCTION

16   THEY SERVED TO SOMETHING LIKE 1,250.

17        THE COURT:  THE COURT UNDERSTANDS THAT BOTH SIDES

18   HAVE REQUESTED A LOT OF DISCOVERY.

19        MR. PROCTOR:  VERY WELL.

20        THE COURT:  THANK YOU, COUNSEL.

21        MR. ROTH:  CARL ROTH ON BEHALF OF THE MGA DEFENDANTS.

22   I'M GOING TO ADDRESS THE MOTION TO STRIKE THE AFFIRMATIVE

23   DEFENSE; MR. WERDEGAR IS GOING TO ADDRESS THE MOTION TO SERVE

24   AN ADDITIONAL INTERROGATORY.  GIVEN YOUR TENTATIVE, I WILL KEEP

25   MY COMMENTS RELATIVELY CONCISE.

DECEMBER 3. 2007                    BRYANT V MATTEL

EXHIBIT 4
PAGE 35

13

1      FIRST, I THINK THE COURT IS ADDRESSING THE MOTION TO

2 STRIKE THE AFFIRMATIVE DEFENSE FROM THE RIGHT FRAMEWORK; THAT

3 IS TO SAY, GIVEN THAT THE MOTION IS ADDRESSED AT THE PLEADINGS

4 STAGE, CAN YOU, LOOKING AT THE MOTION, DISCERN FOR CERTAIN THAT

5 THERE IS NO PLAUSIBLE RELATIONSHIP BETWEEN THE ALLEGATIONS THAT

6 SUPPORT THE UNCLEAN HANDS DEFENSE AND THE SUBJECT MATTER OF THE

7 CASE?

8      THE QUESTION IS, WHAT IS THE SUBJECT MATTER OF THE

9 CASE?

10     IN THAT REGARD, I WANT TO FOCUS --

11     **THE COURT:**  CLARIFY THIS FIRST ISSUE.  MAYBE I'M

12 CONFUSED NOW.  DESCRIBE HOW YOU PLAN ON USING THE UNCLEAN HANDS

13 DEFENSE, COUNSEL.

14     **MR. ROTH:**  YOUR HONOR, I WASN'T A PARTY TO

15 COMMUNICATIONS THAT MAY HAVE HAPPENED WITH --

16     **THE COURT:**  IF YOU'RE GOING TO SPEAK ON BEHALF OF

17 YOUR CLIENT, THOUGH, YOU'RE RESPONSIBLE FOR IT.

18     **MR. ROTH:**  I CAN TELL YOU THAT FROM OUR PERSPECTIVE,

19 MOST OF THE UNCLEAN HANDS ALLEGATIONS ARE LIKELY GOING TO

20 RESULT IN EVIDENCE THAT IS RELEVANT TO PHASE TWO OF THE CASE,

21 WHERE BOTH SIDES HAVE UNFAIR TRADE PRACTICE CLAIMS.  IT MAY BE

22 THAT A SUBSTANTIAL PORTION OF IT IS RELEVANT TO 1-A.

23     AS YOUR HONOR HAS INDICATED IN THE PAST --

24     **THE COURT:**  THIS IS THE KIND OF VAGARIES THAT I CAN

25 UNDERSTAND CONFUSE AND COMPLICATE MATTERS FOR THE PLAINTIFF.

DECEMBER 3. 2007                    BRYANT V MATTEL

EXHIBIT 4
PAGE 36

14

1  CAN ANYONE SPEAK TO THIS CONVERSATION THAT SUPPOSEDLY

2  TOOK PLACE?

3  MR. NOLAN: YOUR HONOR, I CANNOT, BUT IF I COULD JUST

4  INQUIRE WITH COUNSEL WHO MADE THE STATEMENT FROM MY TEAM.

5  THE COURT: THAT'S REASONABLE.

6  (SOTTO VOCE DISCUSSION BETWEEN COUNSEL.)

7  MR. ROTH: YOUR HONOR, AS I INDICATED, OUR VIEW IS

8  THAT FOR THE MOST PART, THE UNCLEAN HANDS DEFENSE RELATES TO

9  PHASE TWO OF THE CASE.

10  THE COURT: SO ARE YOU WILLING TO SAY THAT YOU ARE

11  NOT GOING TO BE BRINGING AN UNCLEAN HANDS DEFENSE IN PHASE ONE?

12  MR. ROTH: NO, WE'RE NOT WILLING TO --

13  THE COURT: OKAY. THEN YOU'RE GOING TO NEED TO

14  EXPLAIN THE EXTENT TO WHICH THE UNCLEAN HANDS DEFENSE IS GOING

15  TO BE RAISED IN PHASE ONE.

16  MR. ROTH: OKAY.

17  THE UNCLEAN HANDS DEFENSE RELATES TO THE BRATZ

18  INTELLECTUAL PROPERTY.

19  THE COURT: OKAY. THAT'S PRETTY BROAD.

20  IN WHAT WAY, COUNSEL?

21  MR. ROTH: IN THE SENSE THAT WE ALLEGE, IN CONNECTION

22  WITH THE COPYRIGHT CLAIMS, INFRINGEMENT AND UNFAIR PRACTICE AS

23  IT RELATES TO MR. CARTER [SIC] AND THE BRATZ INTELLECTUAL

24  PROPERTY. THAT IS THE SUBJECT MATTER PHASE.

25  THE COURT: WHAT SPECIFICALLY HAPPENED HERE THAT WAS

DECEMBER 3. 2007                    BRYANT V MATTEL

EXHIBIT 4
PAGE 37

15

1    UNCLEAN BY MATTEL?

2          MR. ROTH:   OUR ALLEGATIONS ARE THAT MATTEL MADE

3    DISPARAGING REMARKS REGARDING MR. BRYANT, MGA, AND THE BRATZ

4    PRODUCTS FOLLOWING THE COMMERCIAL EXPLOITATION OF THAT

5    INTELLECTUAL PROPERTY BY MGA.

6          NOW, THAT, WE THINK, IS RELEVANT TO PHASE ONE OF THE

7    CASE.   IT'S PRIMARILY RELEVANT, WE ACKNOWLEDGE, TO PHASE TWO OF

8    THE CASE.

9          IN ADDITION, WITH RESPECT TO PHASE 1-A AND THE

10   INFRINGEMENT ISSUES THAT ARISE IN CONNECTION WITH PHASE 1-A,

11   THIS COURT MAY BE ASKED, IF LIABILITY IS DETERMINED AT SOME

12   POINT, TO ISSUE AN INJUNCTION IN THIS CASE.   IN THE CONTEXT OF

13   A PROCEEDING BEFORE THIS COURT REGARDING WHETHER OR NOT AN

14   INJUNCTION SHOULD BE ISSUED, ALL OF THE ALLEGATIONS REGARDING

15   INEQUITABLE CONDUCT WILL BE RELEVANT TO THIS COURT.

16         THE COURT:   GO BACK TO THESE NEGATIVE COMMENTS.

17         ARE THESE -- AND I DON'T MEAN TO MAKE TOO FINE A

18   POINT ON THIS -- ARE THESE NEGATIVE STATEMENTS ABOUT BRATZ, OR

19   ARE THESE ABSOLUTELY FALSE DISPARAGING COMMENTS?

20         WHAT IS YOUR ALLEGATION?

21         MR. ROTH:   THEY ARE FALSE DISPARAGING COMMENTS

22   REGARDING BRATZ AND MGA.

23         THE COURT:   DIRECTED TO CARTER BRYANT, OR DIRECTED TO

24   MGA?

25         MR. ROTH:   DIRECTED TO MGA.

DECEMBER 3. 2007                    BRYANT V MATTEL

EXHIBIT 4
PAGE 38

16

1          THE COURT:  SUCH AS?

2          MR. ROTH:  COMMENTS REGARDING THE CHARACTERISTICS OF

3    THE PRODUCTS AND SO FORTH.

4          THE COURT:  BUT GIVE ME AN EXAMPLE OF A COMMENT THAT

5    WAS MADE.

6          MR. ROTH:  YOUR HONOR, I CAN'T GO --

7          THE COURT:  YOU CAN'T GIVE ME ONE EXAMPLE?

8          MR. ROTH:  NO, I CAN'T.

9          THE COURT:  CAN ANYBODY FROM MGA GIVE ME ONE EXAMPLE

10   OF ONE DISPARAGING FALSE STATEMENT MADE BY MATTEL TOWARDS MGA?

11         MR. NOLAN:  YOUR HONOR, I THINK IT GOES --

12         IF I COULD.

13         THE CONTENTION WILL BE THAT MATTEL ENGAGED IN A

14   SERIES OF FALSE STATEMENTS TO THE PRESS WITH RESPECT TO THE

15   NATURE OF THE BUSINESS PRACTICES OF MGA, AND, IN PARTICULAR,

16   HOW IT RELATES TO THE MARKETING OF BRATZ.  THERE'S A CONTENTION

17   THAT BRATZ -- MGA WAS MISSTATING IN THE MARKETPLACE THE BREADTH

18   OF ITS SUCCESS, THE ORIGINALITY OF ITS DESIGN, THE SCOPE OF THE

19   MARKET SHARE THAT IT ENJOYED, AND ITS MARKET POSITION RELATING

20   TO MATTEL AT VARIOUS POINTS; ALL OF WHICH, WE BELIEVE, WERE

21   FALSE AND WERE INTENDED TO INJURE THE BRATZ LINE.

22         AND NOW YOU'RE GOING TO ASK, 'WELL, WHAT RELEVANCE

23   DOES THAT HAVE TO POSSIBLY' --

24         THE COURT:  THAT'S NOT GOING TO BE MY QUESTION.  MY

25   QUESTION GOES BACK TO -- YOU REFER TO A SERIES OF STATEMENTS,

DECEMBER 3. 2007                    BRYANT V MATTEL

EXHIBIT 4
PAGE 39

17

1  AND I'M ASKING FOR ONE EXAMPLE OF ONE STATEMENT.

2         I SENSE, AND I'M GETTING AN APPRECIATION FOR, THE

3  FRUSTRATION THAT THE PLAINTIFF HAS IN ADDRESSING THIS

4  AFFIRMATIVE DEFENSE WITHOUT, AT THIS LATE DATE, HAVING

5  SPECIFICS.  FOR THE COURT TO BE ABLE TO DETERMINE WHETHER OR

6  NOT THIS IS LEGALLY A SUFFICIENT BASIS TO BRING THE UNCLEAN

7  HANDS DEFENSE, SPECIFICALLY IN THIS FIRST PHASE WHERE IT'S MORE

8  LIMITED AND THE NEXUS NEEDS TO BE MUCH MORE TIGHTER IN THE

9  CONTEXT OF THIS COPYRIGHT CLAIM FOR IT TO BE A COLORABLE

10 DEFENSE, IT WOULD BE EXTRAORDINARY HELPFUL TO KNOW EXACTLY WHAT

11 STATEMENTS WE'RE TALKING ABOUT.

12        MR. NOLAN:  I CAN APPRECIATE THAT, YOUR HONOR, AND I

13 APOLOGIZE FOR NOT BEING ABLE TO GIVE YOU THE DATE AND THE

14 SPECIFIC COMMENTS.  I CAN ONLY TALK ABOUT GENERALITIES.  BUT,

15 FRANKLY, THE POSITION THAT WE UNDERSTOOD --

16        THE COURT:  WHEN ARE WE GOING TO MOVE ON FROM THE

17 POINT WHERE WE CAN ONLY SPEAK ABOUT GENERALITIES?

18        MR. NOLAN:  YOUR HONOR, I THINK PART OF IT IS GOING

19 TO BE TRYING TO RESOLVE THE ISSUE OF THE INTERROGATORY RESPONSE

20 AND OUR COMING FORWARD AND GIVING EXAMPLES AS TO WHAT EVIDENCE

21 WE WILL BE RELYING ON, YOUR HONOR.

22        THE COURT:  BUT I TRUST YOU HAD THE EVIDENCE THAT

23 YOU'RE GOING TO RELY ON BEFORE YOU MADE THE DEFENSE.  YOU DON'T

24 MAKE THE DEFENSE AND THEN COME UP WITH THE EVIDENCE YOU'RE

25 GOING TO RELY ON.

DECEMBER 3. 2007                    BRYANT V MATTEL

EXHIBIT 4
PAGE 40

18

1    **MR. NOLAN:**  OF COURSE, YOUR HONOR, AND I APOLOGIZE.
2    WE ARE IN THE CASE, WE'VE DONE AN AWFUL LOT OF WORK.  THE FACT
3    THAT I CAN'T GO FROM 'A' TO 'Z' ON SPECIFIC --
4         **THE COURT:**  I'M JUST ASKING FOR 'A,' COUNSEL; NOT 'A'
5    THROUGH 'Z.'
6         **MR. NOLAN:**  WELL, YOUR HONOR, I TALKED ABOUT THE
7    COMMENTS THAT WERE EMANATING FROM MATTEL IN THE MARKETPLACE
8    ABOUT MGA'S MISSTATEMENTS WITH RESPECT TO THE ORIGIN OF THE
9    BRATZ DOLL; FALSE STATEMENTS WITH RESPECT TO WHAT WE WERE DOING
10   IN CONNECTION WITH STEALING MATERIALS FROM MATTEL, TRADE
11   SECRETS; STATEMENTS WITH RESPECT TO -- OVER STATEMENTS BY MGA
12   WITH RESPECT TO THE SUCCESS IN THE MARKETPLACE; ALL OF WHICH
13   WAS DESIGNED TO CALL INTO QUESTION THE INTEGRITY OF THE BRATZ
14   MARKETING SCHEME.  NOT IN AN EFFORT, FRANKLY, TO COMPETE FAIRLY
15   WITH MGA, BUT, FRANKLY, TO PUT INTO THE MARKETPLACE, AND WITH
16   OTHER VENDORS, THE SUGGESTION THAT MGA WAS NOT PLAYING STRAIGHT
17   AND THAT VENDORS SHOULD NOT BE DEALING WITH MGA.
18        WE CAN LAY ALL OF THAT OUT.  IT WILL BE IN THE FORM
19   OF DISCOVERY.  WE HAVE PROVIDED A SUBSTANTIAL AMOUNT OF
20   INFORMATION ALREADY TO THEM IN TERMS OF RESPONDING TO
21   INTERROGATORIES, PRODUCTION OF DOCUMENTS, RFA'S.
22        **THE COURT:**  YOU COULD HAVE DONE THIS IN THE STATEMENT
23   OF GENUINE ISSUES IN RESPONSE TO THE MOTION FOR SUMMARY
24   JUDGMENT.  I LOOKED FOR THAT IN VAIN.  AN ALTERNATIVE MOTION
25   WAS BROUGHT SEEKING SUMMARY JUDGMENT ON THESE DEFENSES, AND I

19

1  COULDN'T FIND ANYWHERE YOUR STATEMENT OF GENUINE ISSUES.  I

2  TRUST YOU DISPUTE THESE FACTS, AND I GET GENERALIZED STATEMENTS

3  THROUGHOUT YOUR OPPOSITION DISPUTING THOSE FACTS.  BUT I WAS

4  HOPING, AT LEAST AT THIS HEARING, THAT I WOULD GET SOMETHING A

5  LITTLE BIT MORE CONCRETE, COUNSEL.

6          **MR. NOLAN:**  YOUR HONOR, TO BE HONEST WITH YOU, I

7  DIDN'T -- ALTHOUGH IT WAS FRAMED IN THE ALTERNATIVE FOR A

8  SUMMARY JUDGMENT, I FRANKLY DID NOT SEE THE MOVING PARTIES

9  COMPLY WITH THE REQUIREMENTS FOR SETTING THIS UP AS A SUMMARY

10  JUDGMENT MOTION.

11          WE THOUGHT THAT THIS WAS NOT AN ATTACK ON THE

12  PLEADINGS AS SUCH.  WE THOUGHT IT WAS AN ODD STATE TO BE

13  RAISING IT AT THIS POINT IN TIME.  I THOUGHT IT WOULD HAVE BEEN

14  IN THE FORM OF BOTH SIDES COMING TOGETHER, SUBMITTING

15  CONTENTIONS OF FACTS.  BUT THEY DIDN'T DO IT, EITHER, IN THE

16  MOVING PAPERS, YOUR HONOR.

17          MY POINT ONLY IS THAT WE WILL BE PREPARED -- AND WE

18  CAN, YOUR HONOR, IN VERY SHORT ORDER -- TO ARTICULATE THOSE

19  WITH PRECISION, IF THE COURT REQUESTS THAT.  RIGHT NOW, THIS

20  MORNING, I CONFESS THAT I DON'T HAVE -- I MEAN, I HAVE A LOT OF

21  INFORMATION WITH ME, BUT I DON'T HAVE THE EXACT DOCUMENTS THAT

22  WE WOULD RELATE IT TO.

23          THERE ARE ALSO ISSUES, YOUR HONOR, WITH RESPECT TO

24  THE DISCOVERY THAT SHOULD BE ALLOWED INTO SOME OF THESE

25  ALLEGATIONS THAT WE'VE MADE.

DECEMBER 3. 2007                    BRYANT V MATTEL

EXHIBIT 4
PAGE 42

1           THIS IS BASED ON THIRD-PARTY INFORMATION THAT WE'VE

2   RECEIVED SO FAR IN TERMS OF THE INVESTIGATION.  AS WE GO

3   FORWARD AND TRY TO TAKE DISCOVERY, AS MR. ROTH SAID, IT MAY BE

4   THAT GIVEN THE TIME PRESSURES OF THE DISCOVERY CUTOFF, WE'RE

5   NOT GOING TO CONTEND THAT ALL OF THE UNCLEAN HANDS IS RELATED

6   TO PHASE 1-A OR PHASE B.  I'M NOT A FOOL IN THAT REGARD.  WE

7   HAVE 57 DAYS LEFT FOR DISCOVERY CUTOFF.

8           BUT FOR US RIGHT NOW, YOUR HONOR, TO SAY WITH

9   PRECISION THAT NONE OF THOSE ISSUES WILL EVER COME INTO PHASE

10  1-A, WE'RE NOT IN A POSITION TO.

11          FOR INSTANCE, YOUR HONOR, THEY CONTEND THAT THE

12  DRAWINGS WERE THEIRS; THAT WE STOLE THEM; THAT WE EXPLOITED THE

13  INTELLECTUAL PROPERTY RIGHTS.  OUR CONTENTION, OF COURSE, IS

14  THAT THAT'S NOT THE CASE; THAT WE WERE FREE TO DEVELOP BRATZ

15  AND WE DID DO THAT.

16          WE THINK THAT SOME OF THE CONDUCT IN THE MARKETPLACE,

17  WHERE WE THINK THAT THEY WENT OUT AND TRIED TO KILL BRATZ, THE

18  DESIGN AND THE BRAND ITSELF, WAS MORE PROTECTIVE OF BARBIE,

19  WHICH, FOR THE TRIER OF FACT, REALLY PUTS INTO QUESTION THE

20  SINCERITY OF MATTEL COMING IN AND MAKING ALL OF THESE

21  SELF-SERVING STATEMENTS THAT 'WE SHOULD HAVE OWNED BRATZ, WE

22  WOULD HAVE DEVELOPED IT, WE WOULD HAVE DONE THIS, WE WOULD HAVE

23  DONE THAT.'

24          I DON'T WANT TO BE IN A POSITION OF HAVING TO STAND

25  BEFORE YOU AND ARTICULATE, YOU KNOW, RIGHT NOW, TODAY, I

DECEMBER 3. 2007                     BRYANT V MATTEL

EXHIBIT 4
PAGE 43

21

1   BELIEVE THAT THIS IS GOING TO BE IN BUCKET 1-A.

2          **THE COURT:**  BUT YOU DO RECOGNIZE THAT IT'S A FAIR AND

3   REASONABLE SOURCE OF INQUIRY FROM THE PLAINTIFFS TO KNOW THE

4   ANSWERS TO THESE QUESTIONS?

5          **MR. NOLAN:**  OF COURSE, YOUR HONOR.  AND WE'RE ENGAGED

6   IN TRYING TO CATCH UP WITH DISCOVERY.  WE HAVE RESPONDED TO A

7   NUMBER OF THINGS.  WE CONTINUE TO DO SO.  AND WE'LL DEAL WITH

8   THIS ISSUE WITH RESPECT TO THAT.  AND I PROMISE YOU, I

9   REPRESENT, YOUR HONOR, THAT WE WILL BE AS SPECIFIC AS WE CAN.

10  AND IF AFTER MAKING THOSE DISCLOSURES, IT SEEMS TO BE

11  INSUFFICIENT, THEY HAVE ALL OF THEIR PROCEDURAL RIGHTS.

12         I THINK THE WAY THE COURT FRAMED THE ISSUE IN THE

13  BEGINNING IS ACTUALLY THE RIGHT WAY TO LOOK AT THIS RIGHT NOW.

14  I THINK THE TWO ARE CONNECTED.

15         I DO HAVE ISSUES, BUT MATT WILL DEAL WITH THE

16  QUESTION OF THE INTERROGATORY ITSELF.  THERE'S A WAY TO GET

17  THIS INFORMATION TO MATTEL.  WE'RE TRYING TO GET THIS

18  INFORMATION TO MATTEL.

19         I'LL GIVE YOU ONE EXAMPLE OF THE LEVEL OF FRUSTRATION

20  AS TO WHY WE CAN'T PROVIDE SOME OF THIS INFORMATION.  EXACTLY

21  ON THIS POINT OF WHAT WAS INTENDED BY MATTEL AND WHAT WAS SAID

22  IN THE MARKETPLACE, OKAY, TO SUPPORT, MAYBE, AN UNCLEAN HANDS.

23         WE, NOT SURPRISINGLY, WANT TO TAKE THIRD-PARTY

24  DISCOVERY.  NOT SHOCKING.  WE HAD BEEN IN HERE TEN DAYS AGO ON

25  AN EX-PARTE APPLICATION FILED BY MATTEL TO TAKE THIRD-PARTY

DECEMBER 3. 2007                    BRYANT V MATTEL

EXHIBIT 4
PAGE 44

1    DISCOVERY FROM US.  WE HAD A WHOLE HOOPLA; WE WERE SUPPOSED TO

2    BE IN A CONSPIRACY; AND THE COURT RESOLVED THAT.

3         SURPRISINGLY TO US, YOUR HONOR, TWO WEEKS AGO, WE SET

4    UP THE DEPOSITION OF YOUNG & RUBICAM, THEIR OUTSIDE P.R. FIRM,

5    THIRD PARTY, REPRESENTED BY OTHER COUNSEL; HANDLED BY MY

6    NEW YORK COUNSEL; HAD A COMMISSION ISSUED IN NEW YORK FOR THE

7    SUBPOENA.  FOR ARRANGEMENT PURPOSES, COUNSEL SAID, 'CAN WE DO

8    IT IN IRVINE?  WE'RE ABSOLUTELY CERTAIN THE PERSON WILL BE

9    AVAILABLE IN IRVINE ON A GIVEN DAY.'  WE SAID FINE.  WE SET UP

10   THE DATE.  MATTEL UNILATERALLY CALLED AND CANCELLED; CANCELLED

11   THE DEPOSITION.

12        WE THEN SAID, 'WELL, GIVE ME AN ALTERNATIVE DATE.'

13   COULDN'T GIVE IT TO US ANY TIME THIS WEEK, WHICH WAS THE WEEK

14   THAT THE TEAM WAS COMING OUT TO TAKE DEPOSITIONS.  WE THEN HAD

15   A MEET-AND-CONFER.  THEY DIDN'T GIVE US A DATE AT THE

16   MEET-AND-CONFER.

17        ONE OF THE LAWYERS SAID AT QUINN EMANUEL THEY WERE

18   UNAVAILABLE.  THE THOUGHT THAT QUINN EMANUEL, WITH THE NUMBER

19   OF LAWYERS THAT ARE WORKING ON THIS CASE, DOESN'T HAVE A LAWYER

20   THAT CAN ATTEND A THIRD-PARTY DEPOSITION, IN LIGHT OF WHAT WE

21   WERE HEARING TEN DAYS AGO?

22        SO THAT'S WHY, YOUR HONOR, I THINK THAT THIS PROCESS

23   HAS GOT TO BE STRAIGHTENED OUT A LITTLE BIT.  IF WE HAVE TO

24   BURDEN YOU WITH EX-PARTE APPLICATIONS, IF THAT'S REALLY HOW

25   THIS IS GOING TO BE PLAYED IN THE NEXT 57 DAYS, WE'RE CAPABLE

DECEMBER 3. 2007                          BRYANT V MATTEL

EXHIBIT 4
PAGE 45

1  OF DOING THAT.  I MEAN, I CAN PROMISE YOU THAT SKADDEN CAN

2  PRODUCE AS MUCH PAPERWORK AS QUINN EMANUEL.

3          THE COURT:  I'M SURE YOU CAN.

4          MR. NOLAN:  I DON'T THINK THAT'S WHAT YOU WANT IN

5  THIS CASE.

6          THE COURT:  NO, IT'S NOT, AND I HOPE THAT THE MESSAGE

7  THAT WAS RECEIVED FROM THE LAST EX-PARTE GO-AROUND WAS NOT

8  THAT, WELL, LET'S SUBMIT MORE EX-PARTES.  I HOPE THE MESSAGE

9  THAT WAS RECEIVED IS, LET'S JUST SIT DOWN AND WORK THESE DATES

10  OUT THAT WE ALL CAN AGREE ON AND NOT BOTHER THE COURT WITH

11  THINGS THAT, REALLY, COUNSEL OF THIS CALIBER SHOULD BE ABLE TO

12  WORK OUT.

13          MR. NOLAN:  YOUR HONOR, I'M THE NEW GUY ON THE BLOCK.

14  I THOUGHT THE SAME.  I WOULD NEVER HAVE DREAMT THAT A

15  UNILATERAL CANCELLATION WOULD OCCUR AFTER THAT LAST HEARING.

16          YOUR HONOR, WE HAVE FIVE DEPOSITION DATES WE'VE ASKED

17  COUNSEL FOR; SOME ARE EMPLOYEES OF MATTEL.  YOUR HONOR, I

18  SUBMIT TO YOU, WE DO NOT HAVE ONE DATE FOR A DEPOSITION IN

19  DECEMBER; THE EARLIEST IS SOME TIME IN JANUARY; VERY IMPORTANT

20  WITNESSES, JANUARY 12TH AND JANUARY 17TH.

21          SO, YOUR HONOR, WE'RE SITTING HERE IN A MOTION BEING

22  CRITICIZED FOR NOT BEING ABLE TO SPECIFY EXACTLY WHAT UNCLEAN

23  HANDS ARE, AND YET, WE CAN'T INITIATE AFFIRMATIVE DISCOVERY

24  BECAUSE THEY EITHER CANCEL IT OR THEY WON'T GIVE DATES.  ALL

25  I'M ASKING, AT SOME POINT IN THIS HEARING, YOUR HONOR, IF YOU

EXHIBIT 4
PAGE 40

24

1   WOULD GIVE -- GIVE ME A STRONG MESSAGE.  I'LL HEAR IT.  BUT I'M

2   HOPING THAT MAYBE, BY A CAROM SHOT, QUINN EMANUEL WILL REALIZE

3   THAT THE GAME IS OVER.

4          57 DAYS LEFT.  WE HAVE TO TAKE A DEPOSITION.

5   OTHERWISE, THE TRANSITION IS GOING TO BE A LOT EASIER THAN I

6   THOUGHT IT WAS GOING TO BE.

7          **THE COURT:**  THANK YOU, COUNSEL.

8          **MR. NOLAN:**  THANK YOU FOR LISTENING.

9          **THE COURT:**  THANK YOU, MR. NOLAN.

10         I'M CERTAINLY GOING TO GIVE QUINN EMANUEL AN

11  OPPORTUNITY TO RESPOND TO ALL OF THIS, BUT LET ME GET FROM THE

12  DEFENSE YOUR THOUGHTS ON THE INTERROGATORY.

13         **MR. WERDEGAR:**  THANK YOU, YOUR HONOR.

14         MATT WERDEGAR ON BEHALF OF CARTER BRYANT, BUT I'M

15  ALSO SPEAKING ON BEHALF OF MGA AS TO THE SUPPLEMENTAL

16  INTERROGATORY MOTION.

17         I UNDERSTAND, CERTAINLY, YOUR HONOR, THE TENSION THAT

18  WE'VE BEEN DISCUSSING THIS MORNING REGARDING THE MOTION TO

19  STRIKE VERSUS THE NEED FOR DISCOVERY AND WHETHER IT'S

20  APPROPRIATE TO ADDRESS THE AFFIRMATIVE DEFENSES ON A MOTION TO

21  STRIKE OR WHETHER IT SHOULD BE SOMETHING THAT SHOULD BE DONE

22  AFTER DISCOVERY.

23         THE ALLEGATION WAS MADE THAT THIS OPPOSITION TO THE

24  SUPPLEMENTAL INTERROGATORY IS ABOUT SANDBAGGING.  AND THAT'S

25  ABSOLUTELY NOT TRUE, YOUR HONOR.

DECEMBER 3. 2007                    BRYANT V MATTEL

EXHIBIT 4
PAGE 47

25

1       WHAT'S AT ISSUE HERE IS --

2       **THE COURT:**  GIVEN WHAT YOU'VE HEARD SO FAR, AND GIVEN

3 THE POSITION THAT MR. NOLAN PRESSES ON THE COURT TO HOLD OFF,

4 BASICALLY, ON STRIKING ANYTHING OR TREATING THIS AS MATTEL IS

5 ASKING, AS A MOTION FOR SUMMARY JUDGMENT AT THIS STAGE,

6 CERTAINLY, YOU'RE NOT OPPOSING THE IDEA OF AN INTERROGATORY?

7       **MR. WERDEGAR:**  YOUR HONOR, WHAT I'D LIKE TO DO IS

8 MAKE THREE POINTS ABOUT THAT.

9       THE IDEA IS THAT MATTEL HAS USED UP ALL 15

10 INTERROGATORIES THAT THE COURT ALLOCATED TO EACH SIDE, AND MGA

11 AND BRYANT HAS WORKED VERY HARD TO WORK WITHIN THOSE LIMITS.

12 THE SAME IS TRUE WITH THE DEPOSITIONS.  WE'VE ALSO TRIED TO

13 WORK VERY HARD WITHIN THOSE LIMITS.

14       THEY USED UP THEIR 15 INTERROGATORIES.  NOW THEY'RE

15 BACK ASKING FOR 37 MORE.  AND I'LL CERTAINLY ACKNOWLEDGE THAT

16 THE INFORMATION THEY'RE ASKING FOR IS SOMETHING THAT'S

17 RELEVANT.  I THINK THAT CERTAINLY DISCOVERY INTO THE FACTUAL

18 BASIS OF AN AFFIRMATIVE DEFENSE IS APPROPRIATE DISCOVERY.  BUT

19 THERE IS THE QUESTION OF THE BOUNDARIES THAT SHOULD BE IMPOSED

20 IN DISCOVERY OVERALL.

21       THE POINT I REALLY WANT TO MAKE, YOUR HONOR, IS THAT

22 THIS MOTION SHOULDN'T BE LOOKED AT IN ISOLATION.  AS I THINK

23 YOU'RE AWARE, ON NOVEMBER 9TH MATTEL FILED A BLOCKBUSTER MOTION

24 SEEKING ADDITIONAL DISCOVERY, INCLUDING LITERALLY DOZENS OF

25 DEPOSITIONS.

DECEMBER 3. 2007              BRYANT V MATTEL

EXHIBIT 4
PAGE 48

26

1    THE COURT:  I WOULD BE, I GUESS, MORE RECEPTIVE TO

2  THE NOTION OF 'LET'S NOT GO THROUGH A FORMAL INTERROGATORY' IF

3  I COULD AT LEAST EVEN HEAR TODAY WHAT THE AFFIRMATIVE DEFENSE

4  IS ALL ABOUT.  BUT I GUESS I'M CONVINCED OF THE NEED FOR AN

5  INTERROGATORY, GIVEN WHAT I'VE HEARD SO FAR THIS MORNING.

6    MR. WERDEGAR:  YOUR HONOR, IT'S MGA'S AFFIRMATIVE

7  DEFENSES THAT ARE AT ISSUE IN THE MOTION TO STRIKE, NOT CARTER

8  BRYANT'S; SO I CAN'T DIRECTLY SPEAK TO THAT.

9    THE COURT:  I TRUST YOU'LL BE JOINING IN THOSE

10  AFFIRMATIVE DEFENSES.

11    MR. WERDEGAR:  WELL, WE HAVE A SEPARATE MOTION TO

12  STRIKE THAT YOUR HONOR WILL BE HEARING DIRECTLY ON CARTER

13  BRYANT'S AFFIRMATIVE DEFENSES; I THINK IT'S CALENDARED FOR

14  LATER THIS MONTH, YOUR HONOR, AND OUR OPPOSITION WILL BE FILED

15  IN THAT TODAY.

16    BUT I GUESS THE TWO POINTS I WANT TO MAKE, YOUR

17  HONOR, IS THAT IF YOU'RE INCLINED TO GRANT THE SUPPLEMENTAL

18  INTERROGATORY -- AND I CERTAINLY UNDERSTAND THE REASONS THAT

19  YOU'RE ARTICULATING BACK TO US WHY YOU WOULD BE SO INCLINED --

20  I JUST WANT TO REQUEST THAT THE COURT LOOK AT THAT AND LOOK AT

21  ITS WILLINGNESS TO GRANT THE SUPPLEMENTAL INTERROGATORY IN THE

22  CONTEXT OF THE OVERALL DISCOVERY THEY'RE ASKING FOR.  IT

23  SHOULDN'T BE THAT THIS IS JUST ONE SPECIAL INTERROGATORY ON TOP

24  OF THE LIMITS THAT HAVE BEEN GIVEN SO FAR AND I'LL GRANT THIS

25  ONE.  THEY'RE ASKING FOR 37 HERE -- BECAUSE THERE ARE 37

DECEMBER 3. 2007

BRYANT V MATTEL

EXHIBIT 4
PAGE ___ 49

27

1   INDIVIDUALIZED AFFIRMATIVE DEFENSES -- BUT THEY'RE ALSO ASKING

2   FOR ANOTHER 14 INTERROGATORIES IN THEIR SUPPLEMENTAL MOTION, AS

3   WELL AS ALL THE DEPOSITIONS.  THEY'RE SEEKING, REALLY, TO BLOW

4   WIDE OPEN THE LIMITS THAT WERE IMPOSED LAST FEBRUARY, BETWEEN

5   THIS MOTION AND THE OTHER ONE.

6           THE COURT:  THE 37, THAT NUMBER, THAT'S BEING DRIVEN

7   BY THE NUMBER OF AFFIRMATIVE DEFENSES THAT YOU HAVE.  IF YOU'RE

8   WILLING TO WITHDRAW OR ABANDON ANY NUMBER OF THOSE AFFIRMATIVE

9   DEFENSES, YOU COULD LARGELY NARROW THE SCOPE OF THIS

10  INTERROGATORY.

11          MR. WERDEGAR:  AND THROUGH THE MEET-AND-CONFER

12  PROCESS, YOUR HONOR, CARTER BRYANT HAS PARED DOWN HIS

13  AFFIRMATIVE DEFENSES FROM 22 TO 14; SO WE'VE MADE AN EFFORT TO

14  DO THAT.  WE'VE MADE AN EFFORT JUST TO STICK WITH THE ONES THAT

15  WE BELIEVE ARE MERITORIOUS; AND PERHAPS THEY WILL GET PARED

16  DOWN A BIT FURTHER.

17          THE FACT OF THE MATTER IS, I JUST WANT TO MAKE SURE

18  THAT THE COURT APPRECIATES THE OVERALL CONTEXT THIS REQUEST IS

19  COMING IN.

20          THE COURT:  I DO.  AND I WAS TAKEN BY THE PHRASE, I

21  THINK IN THE OPPOSITION, SOMEONE REFERRED TO THE WEALTH OF

22  INTERROGATORIES OR THE WEALTH OF --

23          MR. WERDEGAR:  THEY SQUANDERED THEIR WEALTH.

24          THE COURT:  -- THEY SQUANDERED THE WEALTH OF

25  INTERROGATORIES.

DECEMBER 3. 2007                    BRYANT V MATTEL

EXHIBIT 4
PAGE 50

28

1        AND I DON'T KNOW WHY THAT STRUCK ME AS FUNNY, BUT IT

2   JUST -- NOT NECESSARILY TO ANYONE'S DETRIMENT.  I JUST THOUGHT

3   IT WAS AN INTERESTING PHRASE, TO BE TALKING ABOUT SQUANDERING

4   THE WEALTH OF INTERROGATORIES.  WE SQUANDER WEALTH, BUT, WOW,

5   WHAT A THING TO SQUANDER INTERROGATORIES.

6        BUT ANYWAY, GETTING BACK TO THE ISSUE, I JUST THINK

7   AT THE END OF THE DAY THAT CERTAINLY AN OPPOSING PARTY -- I

8   MEAN, IF YOU WANT TO PRESS FORWARD ON YOUR AFFIRMATIVE

9   DEFENSES, I THINK THE PARTY HAS A RIGHT TO KNOW EXACTLY WHAT IT

10  IS THAT YOU'RE ALLEGING IN THOSE AFFIRMATIVE DEFENSES, AND NOT

11  JUST IN THE NOTICE REQUIREMENTS OF BRINGING THEM TO BEGIN WITH,

12  BUT SPECIFICALLY WHAT FACTUAL ALLEGATIONS THAT YOU'RE MAKING.

13       AND WHETHER WE DO THAT THROUGH INTERROGATORIES,

14  WHETHER WE DO THAT THROUGH SOME OTHER PROCESS -- I'M NOT HOOKED

15  UP ON THE PROCESS.  I AM MORE CONCERNED ABOUT MAKING SURE THAT

16  WE HAVE A BASIS FOR THEM THEN TO, IF APPROPRIATE, BRING A

17  MOTION TO THE COURT TO ADDRESS THESE SUBSTANTIVELY.

18       IF THE INTERROGATORY IS THE ONLY WAY IT'S GOING TO

19  GET DONE, THEN LET'S DO IT THROUGH AN INTERROGATORY.  I THINK

20  THEY HAVE A RIGHT TO GET THIS INFORMATION.

21       MR. WERDEGAR:  YOUR HONOR, IF I CAN MAKE THREE BRIEF

22  POINTS TO THAT, AND THEN I'LL YIELD.

23       THE COURT:  FAIR ENOUGH.

24       MR. WERDEGAR:  I DON'T DISPUTE ANYTHING YOU JUST SAID

25  WITH REGARD TO THE FACTUAL BASIS FOR AFFIRMATIVE DEFENSES.

DECEMBER 3. 2007                    BRYANT V MATTEL

EXHIBIT 4
PAGE 51

1  IT'S A LEGITIMATE SOURCE OF DISCOVERY.  BUT WHAT I DO -- AND I
2  DON'T WANT TO BEAT A DEAD HORSE -- THEY COULD HAVE TAKEN THIS
3  DISCOVERY WITH THE ALLOCATION OF INTERROGATORIES THAT WERE
4  ORIGINALLY GRANTED.  THESE AFFIRMATIVE DEFENSES WERE NOT A
5  SURPRISE TO THEM.  THE VAST MAJORITY OF THEM WERE ASSERTED IN
6  CARTER BRYANT'S ORIGINAL ANSWER TO THE ORIGINAL COMPLAINT, AS
7  WELL AS MGA'S.  THEY CHOSE TO TAKE DISCOVERY ON OTHER ISSUES
8  AND TO LEAVE THIS TO THE VERY END, WHEN THEIR INTERROGATORIES
9  WERE EXHAUSTED.  THEY ACTUALLY SERVED THEIR LAST NINE
10 INTERROGATORIES WHILE THIS MOTION WAS PENDING.
11          SO, AGAIN, I THINK THE OVERALL POINT HERE IS, THERE
12 IS A BURDEN OVERALL IN THE DISCOVERY THAT'S GOING ON HERE ON AN
13 INDIVIDUAL LIKE CARTER BRYANT, AND THERE NEEDS TO BE SOME
14 LIMITS.  THIS MOTION IS JUST ONE PART OF THE OVERALL REQUEST
15 THAT MATTEL IS NOW MAKING FOR A VAST INCREASE IN THE DISCOVERY,
16 WHICH, FRANKLY, IS SURPRISING AT THIS LATE DATE THAT THEY
17 SHOULD BE ASKING FOR AS MANY ADDITIONAL INTERROGATORIES AND
18 DEPOSITIONS THAT THEY ARE.
19          THE SECOND POINT, YOUR HONOR, IS THAT THE REQUEST
20 THEY'RE MAKING, OF COURSE, IS THAT MATTEL SHOULD GET TO FILE
21 THIS SUPPLEMENTAL INTERROGATORY, AND MATTEL ALONE.  I WOULD
22 SUBMIT, TO THE EXTENT THE COURT IS PREPARED TO GRANT MATTEL'S
23 REQUEST, IT SHOULD BE MUTUAL.  MATTEL ALSO HAS, I BELIEVE, 15
24 AFFIRMATIVE DEFENSES ASSERTED IN THIS CASE, AND IT SHOULD BE A
25 TWO-WAY STREET THAT THE PARTIES GET TO DISCOVER THIS.

DECEMBER 3. 2007                    BRYANT V MATTEL

EXHIBIT 4
PAGE 52

30

1    THE COURT: ARE YOU EQUALLY IN THE DARK ON THE NATURE

2    OF THE FACTUAL ALLEGATIONS BEHIND THOSE AFFIRMATIVE DEFENSES?

3    MR. WERDEGAR: YOUR HONOR, WE TALKED ABOUT THE

4    PLEADINGS IN THE CONTEXT OF A MOTION TO STRIKE.  THEIR

5    AFFIRMATIVE DEFENSES, IN THEIR SECOND AMENDED ANSWER AND

6    COUNTERCLAIM, ARE PLED IN THE MOST BOILERPLATE FASHION

7    POSSIBLE.

8    THE COURT: AND I TAKE IT YOU HAVE SQUANDERED YOUR

9    WEALTH OF INTERROGATORIES WITHOUT ASKING ABOUT THOSE FACTUAL

10   ALLEGATIONS.

11   MR. WERDEGAR: WELL, YOUR HONOR, THERE'S A LIMIT ON

12   THE INTERROGATORIES, AND THERE SHOULD BE, AND THERE'S CHOICES

13   THAT NEED TO BE MADE.  WE COULD USE SOME OF OUR REMAINING ONES

14   TO SEARCH THERE, BUT WE WOULD BE FORCED TO THEN NOT TAKE

15   DISCOVERY IN ANOTHER AREA THAT IS ALSO RELEVANT.  WE'VE TRIED

16   TO MAKE THOSE CHOICES.  BUT I THINK THAT IF MATTEL IS NOT GOING

17   TO BE COMPELLED TO MAKE THOSE KINDS OF CHOICES, THAT SHOULD BE

18   MUTUAL.

19   THE COURT: IF NOTHING ELSE, I CERTAINLY WANT TO BE

20   FAIR.

21   THE RATIONALE -- I SHOULDN'T NEED ANOTHER MOTION, BUT

22   THE RATIONALE THAT I APPLIED TO MATTEL IS NOT UNIQUE TO MATTEL,

23   AS IT IS TO ANY OTHER PARTY.  I THINK BOTH SIDES SHOULD BE ABLE

24   TO HAVE THE FACTUAL ALLEGATIONS UPON WHICH THESE -- IF YOU'RE

25   GOING TO MOVE FORWARD ON AN AFFIRMATIVE DEFENSE AND YOU WANT

DECEMBER 3. 2007                          BRYANT V MATTEL

EXHIBIT 4
PAGE 53

1   THE COURT TO CONSIDER THAT AND YOU WANT TO PRESENT THAT TO THE

2   JURY TRIAL, YOU BETTER MAKE CLEAR THE FACTUAL ALLEGATIONS THAT

3   IT'S BASED ON.  I'M CERTAINLY NOT SAYING ANYTHING REVOLUTIONARY

4   HERE.

5          MR. WERDEGAR:  ONE LAST POINT, YOUR HONOR, WHICH I

6   HOPE WILL FORESTALL, PERHAPS, A MOTION TO COMPEL RELATED TO THE

7   SUPPLEMENTAL INTERROGATORY DOWN THE ROAD, IF IT IS GRANTED.

8          THE WAY THEIR REQUESTED INTERROGATORY IS DRAFTED,

9   THEY'RE ASKING FOR ALL FACTS SUPPORTING EACH AFFIRMATIVE

10  DEFENSE.  AND IN OUR PLEADINGS, WE CITE A NUMBER OF CASES THAT

11  HAVE POINTED OUT THAT ANY TIME YOU REQUEST, QUOTE, UNQUOTE,

12  "ALL FACTS," THAT REALLY IS A PROBLEMATIC SORT OF REQUEST.  AND

13  A NUMBER OF DISTRICT COURTS -- AND WE CITE THREE IN OUR

14  PLEADINGS -- HAVE SAID THAT HOW THAT SHOULD PROPERLY BE

15  INTERPRETED IS LAYING FORTH YOUR PRINCIPAL FACTS, LAYING FORTH

16  THE PRINCIPAL BASIS FOR A DEFENSE.

17         THE COURT:  LET'S LAY FORTH SOME FACTS, COUNSEL.

18  LET'S START WITH THAT.  HOW'S THAT?

19         MR. WERDEGAR:  ALL RIGHT, YOUR HONOR.

20         THE COURT:  ALL RIGHT.

21         MR. WERDEGAR:  THANK YOU VERY MUCH.

22         THE COURT:  THANK YOU.

23         MR. NOLAN:  YOUR HONOR, THE PROPOSAL THAT WE CAN

24  MAYBE ENTER INTO IS THAT WE HAVE A MEET-AND-CONFER MAYBE BY THE

25  END OF THIS WEEK ON THE AFFIRMATIVE DEFENSE ISSUE AND THE

DECEMBER 3. 2007

BRYANT V MATTEL

EXHIBIT 4
PAGE 54

1    INTERROGATORY.  AND PICKING UP ON THE LAST COMMENT THAT WAS

2    MADE BY COUNSEL ABOUT THE SCOPE OF THE INTERROGATORY AND HOW WE

3    RESPOND, TRY TO HAVE A MEET-AND-CONFER ON THAT AND TRY TO WORK

4    OUT AN ARRANGEMENT HERE SO WE CAN GIVE THEM THE INFORMATION

5    THEY WANT.  THEN WE CAN RESPOND TO THIS ONE INTERROGATORY AND

6    TRY TO MOVE ON WITH THIS ISSUE.

7          THE COURT:  WELL, AGAIN, TRYING TO KEEP HORSES BEFORE

8    CARTS, I ALWAYS LIKE TO SEE THESE MEET-AND-CONFERS HAPPEN

9    BEFORE WE ALL COME IN HERE --

10          MR. NOLAN:  YOUR HONOR, YOU'RE NOT THE ONLY ONE.

11          THE COURT:  YOU'RE NEVER GOING TO HEAR THIS COURT

12    OBJECT TO A MEET-AND-CONFER, COUNSEL.

13          MR. NOLAN:  THAT'S WHAT I WOULD INVITE.  WE WOULD TRY

14    IN GOOD FAITH TO TRY TO WORK THIS OUT AND THEN RESPOND AND GIVE

15    THEM THE INFORMATION THAT THEY WANT.

16          THE COURT:  ALL RIGHT.  LET ME HEAR FROM MATTEL.

17          MR. ZELLER:  YOUR HONOR, IF I CAN RESPOND BRIEFLY AS

18    TO THE LAST POINT ON THE MEET-AND-CONFER.

19          WE, OF COURSE, DID MEET AND CONFER ON THIS BEFORE

20    FILING.  WE REQUESTED TO DISCUSS THIS.  WE REQUESTED WHETHER IT

21    WOULD GO BOTH WAYS IN TERMS OF THE DEFENSES OF ALL PARTIES.

22    THEY TOLD US TO (UNINTELLIGIBLE).

23          THE COURT:  AND I TRUST YOU HAVE NO OBJECTION TO IT

24    GOING BOTH WAYS.

25          MR. ZELLER:  NO.  THAT IS ACCEPTABLE.  WE'RE HAPPY TO

DECEMBER 3. 2007                    BRYANT V MATTEL

EXHIBIT 4
PAGE 55

33

1   ARTICULATE THE BASIS OF OUR DEFENSES AS WELL.

2          THE COURT:  GOOD.

3          MR. ZELLER:  BUT IF I MAY ADD TO THAT, YOUR HONOR.

4          WE, OF COURSE, HAD TO BRING A MOTION IN ORDER TO DO

5   THIS, WHICH IS VERY FRUSTRATING.

6          THE COURT:  AND THE COURT WILL RULE ON YOUR MOTION.

7          MR. ZELLER:  AND, OF COURSE, AFTER FORCING US TO GO

8   THROUGH THE BURDEN, THEY WANT IT BOTH WAYS, WHICH IS NOT

9   FORCING -- THEY DON'T MAKE THE JUSTIFICATION THAT WE WERE

10  FORCED TO MAKE IN ORDER TO GET THAT ADDITIONAL INTERROGATORY.

11         THE COURT:  DO YOU WANT ME TO ASK THE SAME QUESTIONS

12  OF YOU THAT I JUST ASKED OF MR. NOLAN CONCERNING YOUR

13  AFFIRMATIVE DEFENSES, COUNSEL?

14         MR. ZELLER:  I WILL SAY NO, YOUR HONOR.

15         THE COURT:  SPEAKING OF UNCLEAN HANDS.

16         MR. ZELLER:  SURE.

17         AND I JUST MAKE THE POINT, YOUR HONOR, BECAUSE WE'VE,

18  OF COURSE, BEEN DELAYED MANY WEEKS IN GETTING THIS INFORMATION

19  THAT WE THINK WE WERE LEGITIMATELY ENTITLED TO, HAVING TO GO

20  THROUGH THE MEET-AND-CONFER.

21         THE COURT:  YOU'RE BOTH ENTITLED TO THIS INFORMATION.

22  IF NOTHING IS CLEAR AFTER TODAY, I HOPE THAT IS.  YOU'RE BOTH

23  ENTITLED TO THIS INFORMATION.

24         SPEAK TO ME FOR A MOMENT ABOUT THIS DEPOSITION.

25         WAS THERE A DEPOSITION CANCELLED THIS WEEK?

DECEMBER 3. 2007                    BRYANT V MATTEL

EXHIBIT 4
PAGE 56

1          MR. ZELLER:  YES.

2          THE COURT:  PLEASE TELL ME THAT MR. NOLAN

3  MISUNDERSTOOD AND THAT YOU DIDN'T CANCEL IT OUTRIGHT, BUT THAT

4.  IT'S GOING TO BE RESCHEDULED IN THE NOT-SO-DISTANCE FUTURE.

5          MR. ZELLER:  THERE ARE MORE ISSUES GOING ON THAN

6  MR. NOLAN MENTIONED.  THIS IS A DEPOSITION OF A THIRD PARTY,

7  YOUNG & RUBICAM.  MGA PURPORTED TO REQUIRE TO GO FORWARD ON

8  THREE BUSINESS DAYS' NOTICE, WHICH WAS NOT ENOUGH TIME.  AND,

9  IN PARTICULAR, PREVIOUSLY, YOUR HONOR, WHEN MATTEL HAD

10  PREVIOUSLY NOTICED DEPOSITIONS ON A WEEK'S NOTICE -- ACTUALLY,

11  THEY HAD AN ISSUE IN FRONT OF JUDGE INFANTE ON IT, AND IT WAS

12  RULED THAT WAS INSUFFICIENT NOTICE.  SO WE WERE VERY SURPRISED

13  THAT THIS WAS UNILATERALLY ANNOUNCED.  IT WASN'T SCHEDULED,

14  WITH US ANYWAY.

15          IN ADDITION, IT WAS MGA THAT DELAYED IN THE

16  MEET-AND-CONFER.  THE DAY THAT THEY SENT THE SUBPOENA, WE SENT

17  A MEET-AND-CONFER LETTER TO THEM ASKING TO HAVE DISCUSSIONS TO

18  GET THIS RESOLVED.

19          THE COURT:  WHEN IS THE DEPOSITION GOING TO GO

20  FORWARD, THEN?

21          MR. ZELLER:  I UNDERSTAND THAT THERE'S GOING TO BE

22  MORE CONVERSATIONS BETWEEN Y&R'S LAWYER, QUINN EMANUEL, AND

23  MGA'S LAWYER TODAY TO TRY AND SCHEDULE THAT.

24          THE COURT:  I TRUST IT WILL BE SCHEDULED SOME TIME IN

25  THE NEXT TWO TO THREE WEEKS, COUNSEL.

DECEMBER 3. 2007               BRYANT V MATTEL

EXHIBIT 4
PAGE 57

1        MR. ZELLER:  THAT WOULD BE MY ASSUMPTION, YOUR HONOR.

2   I BELIEVE THAT IS WHAT WE'RE ATTEMPTING TO DO.  BUT WE WERE

3   GIVEN, LITERALLY, NO NOTICE OF THIS.

4        THE COURT:  YOU'VE NOW BEEN GIVEN NOTICE OF IT.  I

5   DON'T WANT TO HEAR, IN TWO TO THREE WEEKS' TIME, THAT THAT

6   DEPOSITION HAS NOT BEEN COMPLETED.

7        MR. ZELLER:  YES.  FAIR ENOUGH.

8        AND ALSO TO PUT A FURTHER POINT ON THE DEPOSITION,

9   NOT BECAUSE OF THE DISCOVERY DISPUTE ASPECT OF IT, BUT THIS IS

10  WHERE WE FIRST HEARD THIS ANNOUNCEMENT, ESSENTIALLY, BY MGA

11  THAT IT BELIEVED THAT THIS WHOLE 'KILL BRATZ' THEME THAT THEY

12  NOW WANT TO ESPOUSE WAS GOING TO BE PART OF PHASE 1-A.  AND

13  THAT, OF COURSE, ALSO RAISED SOME RED FLAGS AND SOME ISSUES

14  WITH US IN TERMS OF TALKING WITH THEM ABOUT WHAT THE SCOPE OF

15  THIS 30(B)(6) DEPOSITION WAS GOING TO BE OF Y&R, BECAUSE

16  OBVIOUSLY, WE HAVE CERTAIN ISSUES AS TO -- AND MR. COREY WILL

17  ADDRESS MORE OF THE SUBSTANCE, I THINK, OF OUR MOTION.

18        BUT AS THE COURT KNOWS, WE DO HAVE SERIOUS PROBLEMS

19  AS TO WHY WE -- YOU KNOW, WE DON'T THINK THAT THAT'S A

20  LEGITIMATE DEFENSE, PARTICULARLY TO PHASE 1-A.

21        THE COURT:  THANK YOU, COUNSEL.

22        MR. ZELLER:  THANK YOU.

23        THE COURT:  MR. COREY?

24        MR. COREY:  THANK YOU, YOUR HONOR.

25        I WILL BE BRIEF.

EXHIBIT 4
PAGE 58

1    I THINK THE DISCUSSION THE COURT HAD WITH COUNSEL FOR

2    MGA WAS VERY INFORMATIVE.  I DO THINK THE COURT HAS CORRECTLY

3    POINTED OUT THAT WE HAVE MOVED IN THE ALTERNATIVE FOR A MOTION

4    FOR SUMMARY JUDGMENT.  AND UNDER THE CELOTEX CASE, ALL WE HAVE

5    TO DO IS POINT OUT THE LACK OF APPARENT EVIDENCE IN THE RECORD;

6    AND WE DID THAT.  AND THEY HAVE THE BURDEN, THEY HAVE THE

7    OBLIGATION, TO COME BACK WITH FACTS, EVIDENCE, TO SUPPORT THEIR

8    CLAIMS.

9        THE COURT:  SINCE DISCOVERY IS NOT COMPLETED AND

10   YOU'RE STILL IN THE PROCESS OF ELICITING THIS, DO YOU REALLY

11   THINK THIS IS THE APPROPRIATE TIME FOR THE COURT TO BE RULING

12   ON THIS MOTION?

13       MR. COREY:  I DO.

14       THE COURT:  WHY IS THAT?

15       MR. COREY:  FOR TWO REASONS.

16       AS MR. NOLAN POINTED OUT, WE'RE 57 DAYS AWAY.  WE

17   SHOULD HAVE A RULING ON WHAT ASPECT OF THE UNCLEAN HANDS

18   DEFENSE IS GOING TO GO FORWARD IN PHASE ONE OR NOT.  I MEAN,

19   THERE'S NOT A BETTER TIME TO MAKE THAT DECISION.

20       BUT THE MORE SIGNIFICANT REASON IS, THEY CLAIM TO

21   HAVE THE EVIDENCE, WHATEVER IT IS.  THEY COULDN'T ARTICULATE IT

22   FOR YOU HERE TODAY, BUT THIS IS WHAT THEY WROTE IN THEIR

23   OPPOSITION ON PAGE 10 OF FOOTNOTE 3:  THEY SAID, QUOTE, "IT

24   WILL NOT COME AS A SURPRISE TO THE COURT TO LEARN THAT MUCH OF

25   THE DISCOVERY NECESSARY TO SUPPORT MGA'S UNCLEAN HANDS DEFENSE

DECEMBER 3. 2007                         BRYANT V MATTEL

EXHIBIT 4
PAGE 59

37

1    ALLEGATION HAS, IN FACT, BEEN TAKEN."

2        THAT'S PAGE 10, NOTE 3.

3        THEY ELECTED NOT TO PUT THAT IN FRONT OF THE COURT.

4    THEY'VE NEVER AT ANY POINT PUT THAT IN FRONT OF MATTEL.  AND

5    THAT SHIP, I THINK, FRANKLY, MAY HAVE SAILED.

6        NOW, SEPARATELY, THEY COULDN'T ARTICULATE FOR YOU

7    WHAT SPECIFIC ASPECTS OF THE UNCLEAN HANDS DEFENSE BELONGS IN

8    PHASE ONE.  THE ONLY EXAMPLE THAT THEY GAVE YOU WERE SOME FALSE

9    AND DISPARAGING REMARKS BY MATTEL REGARDING MGA, BRYANT, AND

10   BRATZ.

11       THERE ARE A COUPLE OF PROBLEMS WITH THAT, NOT THE

12   LEAST OF WHICH IS IT'S NOT BEEN PLED -- NOTHING HAS BEEN PLED

13   AS FALSE; IT'S JUST BEEN PLED AS DISPARAGING.  AND THAT'S NOT

14   ACTUAL AND IT DOESN'T GIVE RISE TO AN UNCLEAN HANDS DEFENSE.

15   BUT I THINK THE MORE SIGNIFICANT POINT IS, THE COURT HAS

16   ALREADY MADE THAT DECISION, AND THAT'S THE REASON FOR THE

17   PHASING MOTION.

18       IF MATTEL, IN FACT, OWNS BRATZ, THERE'S NO CLAIM,

19   MUCH LESS A DEFENSE, THAT ARISES OUT OF DISPARAGING COMMENTS

20   THAT MAY HAVE BEEN MADE.  THAT'S THE ENTIRE JUSTIFICATION FOR

21   WHY THE TRIAL IS GOING TO BE BIFURCATED.  AND THEN SEPARATELY,

22   DISPARAGING REMARKS ARE NOT A DEFENSE TO A COPYRIGHT

23   INFRINGEMENT CLAIM.  IT JUST DOESN'T GO TO THAT.

24       THAT'S ALL, UNLESS THE COURT HAS ANYTHING ELSE.

25       **THE COURT:**  NO.  VERY GOOD.

DECEMBER 3. 2007                    BRYANT V MATTEL

EXHIBIT 4
PAGE 60

38

1          LET ME HEAR FROM MR. NOLAN.  THEN I'LL TRY TO WRAP
2   THIS UP.
3          THANK YOU, MR. COREY.
4          **MR. NOLAN:**  YOUR HONOR, I'M NOT EVEN GOING TO SAY I'M
5   GOING TO BE BRIEF, BECAUSE WHEN LAWYERS SAY THAT, THEY'RE NEVER
6   BRIEF.
7          I'M NOT GOING TO ADDRESS ALL OF THE THINGS THAT
8   MR. ZELLER SAID ABOUT THE YOUNG & RUBICAM DEPOSITION.  WE
9   CLEARLY DISAGREE.  COUNSEL FOR THE THIRD PARTY WAS AVAILABLE.
10  THE WITNESS WAS AVAILABLE; THEY WANTED TO GET IT OVER WITH
11  BEFORE THE HOLIDAYS; WE HAD TICKETS; WE'RE READY TO GO; THE
12  DEPOSITION WAS NOTICED.  A PHONE CALL -- NOT EVEN A PHONE CALL.
13  AN E-MAIL:  CANCELLED; UNAVAILABLE.  THAT'S IT.
14         ALL I WANT FOR CHRISTMAS, YOUR HONOR, IS A
15  DEPOSITION.
16         **THE COURT:**  OKAY.  WELL, I TRUST YOU'RE GOING TO GET
17  THAT IN THE NEXT COUPLE OF WEEKS, COUNSEL.
18         THE COURT IS GOING TO GRANT THE MOTION TO SERVE THE
19  ADDITIONAL INTERROGATORY, AND THEN I WILL ALSO DIRECT COUNSEL
20  TO MEET AND CONFER ON ANY ADDITIONAL INTERROGATORY THAT MGA OR
21  CARTER BRYANT MIGHT NEED ALONG THE SAME LINES.  THESE
22  AFFIRMATIVE DEFENSES NEED TO GET SPELLED OUT.
23         I AM GOING TO TAKE THE MOTION TO STRIKE THE
24  AFFIRMATIVE DEFENSES UNDER SUBMISSION.  I'M GOING TO TAKE
25  ANOTHER LOOK AT IT IN LIGHT OF WHAT WAS BROUGHT OUT IN THIS

DECEMBER 3. 2007                    BRYANT V MATTEL

EXHIBIT 4
PAGE 61

39

1    HEARING, PARTICULARLY IN THE CONTEXT OF PHASE ONE, WHICH IS A

2    SLIGHTLY DIFFERENT STANDARD WITH RESPECT TO, AT LEAST, THE

3    UNCLEAN HANDS DEFENSE IN PHASE ONE.  BUT I'LL TAKE A LOOK AT

4    THAT, AND I'LL ISSUE SOMETHING IN WRITING SOON.

5              I DON'T WANT TO HOLD UP THE DISCOVERY PROCESS AT ALL,

6    SO LET'S GO AHEAD AND GET THIS INTERROGATORY SERVED.  LET'S

7    MEET AND CONFER ABOUT FURTHER INTERROGATORIES THAT MGA MIGHT

8    NEED, THAT CARTER BRYANT MIGHT NEED, WITH RESPECT TO THESE

9    AFFIRMATIVE DEFENSES, AND LET'S START SHOWING WHAT WE HAVE AND

10   MOVE THIS THING ALONG.  AS MR. NOLAN HAS REMINDED US ALL, WE

11   HAVE 57 DAYS UNTIL DISCOVERY ENDS.

12             THANK YOU, COUNSEL.

13

14

15

16

17

18                        CERTIFICATE

19

20   I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
     STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
21   THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
     ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
22   CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
     THE UNITED STATES.
23

24   _____          _____
     THERESA A. LANZA, CSR, RPR                    DATE
25   FEDERAL OFFICIAL COURT REPORTER

DECEMBER 3. 2007                        BRYANT V MATTEL

EXHIBIT 4,
PAGE 62