# EXHIBIT 30

1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA 94105
6   Telephone:  +1-415-773-5700
    Facsimile:   +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
    Facsimile:   +1-213-612-2499
11
    Attorneys for MGA Parties
12

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15                   EASTERN DIVISION

16  | CARTER BRYANT, an individual | Case No. CV 04-9049 SGL (RNBx) |
17  | Plaintiff, | Consolidated with:
    | | CV 04-9059
18  | v. | CV 05-2727 |
19  | MATTEL, INC., a Delaware Corporation | **DISCOVERY MATTER** |
20  | | **[To Be Heard By Discovery Master Robert C. O'Brien]** |
    | Defendant. | |
21  | | MGA PARTIES' NOTICE AND APPLICATION FOR ISSUANCE OF LETTER OF REQUEST FOR JUDICIAL ASSISTANCE RE: DANNY K.H. YU AND BIRD & BIRD |
22  | AND CONSOLIDATED ACTIONS | |
23  | | |
24  | | MEMORANDUM OF POINTS AND AUTHORITIES |
25  | | |
26  | | [Declaration of Diana Rutowski and [Proposed] Letters of Request for Judicial Assistance filed concurrently herewith] |
27
28

OHS West:260705838.2

MGA PARTIES' MOTION FOR ISSUANCE
OF LETTERS OF REQUEST
CV-04-0049 SGL (RNBx)



EXHIBIT   30
PAGE   509

1     TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that at a hearing before the Discovery Master

3     Robert O'Brien, occurring at a date and time to be set by the Discovery Master,

4     MGA Parties ("MGA") will, and hereby does, apply pursuant to Federal Rule of

5     Civil Procedure 28 for a report and recommendation in support of issuance of two

6     Letters of Request for International Judicial Assistance ("Letters of Request") to the

7     High Court of the Hong Kong Special Administrative Region Court of First

8     Instance.  A form of the two proposed Letters of Request are attached hereto as

9     Exhibits 1 and 2.

10          The first Letter of Request (Exhibit 1) seeks discovery of the following

11    evidence, as detailed in the Schedules to the Letter of Request:

12          (1) the oral deposition under oath of Danny K. H. Yu in Hong Kong., as set

13    forth in Schedule A;

14          (2) the inspection of documents from Danny K. H. Yu, as set forth in

15    Schedule B; and

16          (3) the inspection of documents from Danny K. H. Yu & Co.; Paul K. C.

17    Chan, Danny K. H. Yu & Co.; and Simon C. W. Yung & Co., as set forth in

18    Schedule C.

19          The second Letter of Request (Exhibit 2) seeks discovery of the following

20    evidence, as detailed in the Schedule to the Letter of Request: the inspection of

21    documents from Bird & Bird, as set forth in Schedule A.

22          MGA makes this application pursuant to Federal Rule of Civil Procedure 28

23    on the grounds that the above entities have evidence in the form of documents and

24    relevant testimony critical to the subject matter of these consolidated cases and

25    specifically to MGA's claims and defenses.  Accordingly, MGA respectfully

26    requests that the Discovery Master recommend the issuance of the accompanying

27    Letter of Request for International Judicial Assistance to obtain the requested

28    evidence.


EXHIBIT 30
PAGE 570

1       This application is based on this Notice, the accompanying Memorandum of

2   Points and Authorities, the concurrently filed Declaration of Diana Rutowski, the

3   concurrently filed proposed Letters of Request for Judicial Assistance, all other

4   pleadings and papers on file in this action, any matters of which the Discovery

5   Master may take judicial notice, and such further evidence and argument as may be

6   presented at or before the hearing on this matter.

7                         **CERTIFICATE OF COMPLIANCE**

8       MGA has notified the other parties of the issues raised in this motion by letter

9   on August 24, 2009, and counsel for the parties met and conferred by telephone on

10   September 1, 2009.

11

12   Dated: September 4, 2009           Respectfully submitted,

13                              DIANA M. RUTOWSKI
                           Orrick, Herrington & Sutcliffe LLP

14

15                             By: /s/Diana M. Rutowski

16                               DIANA M. RUTOWSKI
                           Attorneys for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT _30_
PAGE _571_

**INTRODUCTION**

1
2        The evidence sought through this Letter of Request for International Judicial
3   Assistance ("Letter of Request") is likely to show that Mattel, Inc. ("Mattel") was
4   on notice of its Phase 2 counterclaims against MGA before the statute of limitations
5   period, rendering the claims barred by the statute of limitations and/or laches.
6   Specifically, these entities are believed to have information concerning
7   communications with Mattel in 2003 (and possibly as early as 2002) about a Writ
8   of Summons issued by MGA Entertainment against Toys & Trends (Hong Kong)
9   Limited ("Toys & Trends"), Cityworld Limited ("Cityworld"), and Jurg Willi
10  Kesselring on June 5, 2002 in Hong Kong High Court ("Hong Kong Action").  In
11  connection with this dispute, representatives of Cityworld reached out to Mattel and
12  exchanged information and documents about Carter Bryant and his work on
13  "Bratz".  Moreover, Mattel's counsel, Quinn Emanuel Urquhart Oliver & Hedges,
14  LLP ("Quinn"), purportedly received at least one facsimile transmission from Bird
15  & Bird in September 2003, attaching the Writ of Summons.  If these
16  communications provided or should have provided notice to Mattel of its
17  counterclaims against MGA sufficiently before it first asserted the claims on
18  November 20, 2006, then Mattel's claims are time-barred.
19        Accordingly, MGA Parties ("MGA") respectfully request that the Discovery
20  Master recommend the issuance of the accompanying Letters of Request to the
21  Hong Kong Central Authority.  The first Letter of Request (Exhibit 1) seeks the
22  oral examination under oath of Danny K. H. Yu in Hong Kong as well as
23  documents exchanged with Mattel regarding the Hong Kong Action from Danny K.
24  H. Yu and the firms at which he was a principal or employed.  The second Letter of
25  Request (Exhibit 2) seeks inspection of the facsimile transmission from Bird & Bird
26  to Quinn in September 2003.
27        The requested discovery in the Letter of Request is narrowly tailored to
28  evidence of Mattel's first knowledge of its claims against MGA in connection with

EXHIBIT 30
PAGE 572

1   the Cityworld statement of claim in Hong Kong.  It does not seek information

2   covered by any privilege, as communications with Mr. Yu and the alleged facsimile

3   from Bird & Bird have already been produced and disclosed in this litigation.  This

4   focused discovery, which may be otherwise unavailable to MGA, is essential for

5   MGA to prosecute its defenses against Mattel and to assure a full record in this

6   proceeding.

### STATEMENT OF FACTS

A.   **When Mattel Discovered The Alleged Misappropriation of "Bratz" Trade Secrets Is At Issue In This Litigation[1]**

10   On November 20, 2006, Mattel moved to assert counterclaims in this

11   litigation against MGA and Larian for, among other things, misappropriation of

12   trade secrets.  Declaration of Diana Rutowski ("Rutowski Decl.") Ex. B.  Mattel's

13   claim for misappropriation of trade secrets is now a counterclaim at issue in Phase

14   2.  On July 31, 2009, Mattel identified each alleged trade secret that it contends is at

15   issue in its First Supplemental Objections and Responses to Interrogatory Nos. 20-

16   23 and 28 in MGA Entertainment, Inc.'s Second Set of Interrogatories.  See Id. Ex.

17   C.  Among the alleged trade secrets identified by Mattel are purported trade secrets

18   relating to "Bratz."  See, e.g., id., p. (16).  The exact nature of the trade secrets

19   relating to "Bratz" is unspecified in the interrogatory response.  Id.

20   An action for misappropriation of trade secrets in California "must be

21   brought within three years after the misappropriation is discovered or by the

22   exercise of reasonable diligence should have been discovered."  Cal. Civ. Code §

23   3426.6.  Whether or not Mattel discovered or, by the exercise of reasonable

24   diligence, should have discovered the alleged misappropriation of purported trade

25   secrets in "Bratz" more than three years before putting them at issue in this

26

27   [1] While MGA believes that the information sought through the Letters of Request may render additional Phase 2 counterclaims by Mattel barred by the statute of limitations, for purposes of this Motion, MGA focuses on Mattel's counterclaim for misappropriation of purported trade secrets in BRATZ.

28

OHS West:260705838.2                             - 2 -

MGA PARTIES' MOTION FOR ISSUANCE
OF LETTERS OF REQUEST
CV-04-0049 SGL (RNBx)

EXHIBIT 30
PAGE 573

1   litigation, is directly at issue in connection with MGA's statute of limitations

2   defense to the trade secret misappropriation counterclaim.  When Mattel became

3   aware of the alleged misappropriation of trade secrets, and whether it was before

4   November 20, 2003, is information essential to MGA's defense in this litigation,

5   specifically whether Mattel is time-barred from asserting particular claims.

6   Rutowski Decl. Ex. D (MGA's Response to Mattel's Amended Supplemental

7   Interrogatory Regarding Defendants' Affirmative Defenses).

8       **B.**    **The Entities Subject to the Letter of Request Have Evidence**

9              **Regarding When Mattel Was First On Notice of Its Counterclaims**

10        MGA issued a Writ of Summons against Toys & Trends, Cityworld, and Mr.

11   Kesselring on June 5, 2002 in Hong Kong High Court Action No. 2152 of 2002

12   ("Hong Kong Action") regarding fashion dolls designed by Carter Bryant, and

13   specifically the "Bratz" dolls at issue in this case.  Rutowski Decl. Ex. E (Writ of

14   Summons).  On July 5, 2002 MGA filed a statement of claim in the Hong Kong

15   Action.  Id. Ex. F.  Toys & Trends, Cityworld and Mr. Kesselring were represented

16   by Hong Kong solicitor, Mr. Yu and the firms at which he had been a principal or

17   employed, including Danny K. H. Yu & Co.; Paul K. C. Chan, Danny K. H. Yu &

18   Co.; and Simon C. W. Yung & Co. Id. Exs. H, I, and K.  In connection with this

19   Statement of Claim, in September 2003, Mattel received a letter from Danny K.H.

20   Yu stating that his client Cityworld was engaged in a lawsuit against MGA "and

21   one of the points of contention is whether MGA owns the copyright of the design of

22   the Bratz dolls." Id., Ex. H.  Mr. Yu further explained that he was writing to Mattel

23   because he understood that drawings for the "Bratz" dolls were made by "one

24   Carter Bryant." Id.  This letter led to a series of communications, both written and

25   oral, between Mattel and Mr. Yu, his firm and people working on his behalf, which

26   occurred more than three years before Mattel asserted its misappropriation of trade

27   secrets claim in this litigation.[2] Id.

28     [2] Mattel filed its claim of misappropriation of trade secrets on November 20, 2006,

MGA PARTIES' MOTION FOR ISSUANCE
OF LETTERS OF REQUEST
CV-04-0049 SGL (RNBx)

EXHIBIT 30
PAGE 574

1       Also in September 2003, Mattel received one or more facsimile(s) from Bird

2   & Bird, allegedly attaching the claim against Cityworld Limited by MGA. See,

3   Rutowski Decl. Ex. J (Docket Document No. 3730-2, 3730-3). There are several

4   discrepancies associated with the facsimile(s) that lead MGA to believe that it may

5   not have the complete document(s) transmitted from Bird & Bird: (1) the header on

6   the facsimile changes between pages ten and eleven indicating that there may have

7   been two different facsimile transmissions from two different machines (the

8   numbering convention changes from "01, 02, 03…" to "11/46, 12/46, 13/46…");

9   (2) also between pages ten and eleven, there is a 18 minute time gap, from 14:37 to

10  14:55; (3) the cover page to the fax indicates that it is 44 pages (including this

11  page), while the header on pages eleven to forty-six indicates that a forty-six page

12  fax was sent. MGA requests inspection of the original facsimile(s). Id. Pages from

13  the facsimile(s) have been produced in this litigation, waiving any privilege that

14  arguably may have been asserted in connection with the requested communications,

15  though of course the transmission of pre-existing documents would not take on a

16  privileged character simply because sent by an attorney to a client. See Id.

17      In July 2008, while the trial in Phase 1 was ongoing, the defendants in the

18  lawsuit between MGA and Cityworld in Hong Kong filed a Appointment to Tax.

19  Rutowski Decl. Ex. K. A Bill of Costs was prepared in connection with the

20  Appointment to Tax and submitted on July 15, 2008. Id. The Bill of Costs covers

21  work done by the defendants' solicitors in connection with Mattel in that

22  proceeding. On November 21, 2008, after the Phase 1 proceedings were concluded,

23  documents were produced and testimony was heard in connection with the Hong

24  Kong taxation proceedings that reflect written and oral negotiations and discussions

25

26  but did not identify its alleged trade secrets until after that time. Nevertheless, for
    the purpose of this application and the proposed Letter of Request, MGA will

27  assume that Mattel asserted its claim on November 20, 2006. However, MGA
    expressly reserves its right to later assert that Mattel's claim for misappropriation of

28  trade secrets relating to "Bratz" was not actually adequately pled and/or asserted by
    November 20, 2006.

MGA PARTIES' MOTION FOR ISSUANCE
OF LETTERS OF REQUEST
CV-04-0049 SGL (RNBx)



EXHIBIT __30__

PAGE __525__

1  between Mr. Yu and Mattel prior to November 24, 2003, and possibly at least as

2  early as August 2003. Id. ¶¶ 13 and 14, Exs. K and L.  MGA has reason to believe

3  that communications between August 2003 and November 2003 will reveal highly

4  relevant evidence in this litigation, and specifically evidence that may show

5  Mattel's trade secret counterclaim based on "Bratz" (and any other state law tort

6  claims based on "Bratz") is time-barred.  As these communications were disclosed

7  and discussed in detail in connection with the Appointment to Tax proceedings, no

8  privilege applies. Id.

9        MGA has narrowly tailored its Letters of Request to the communications

10  between Mr. Yu and Mattel, and the facsimile(s) between Bird & Bird and Quinn.

<strong>ARGUMENT</strong>

12 **I.    <u>THIS COURT HAS AUTHORITY TO ISSUE THE LETTER OF**
13        **REQUEST.</u>**

14        This Court has authority to issue the Letters of Request under Federal Rule of

15  Civil Procedure 28(b), as adopted and implemented by 28 U.S.C. § 1781.  Rule

16  28(b)(1) provides that a deposition may be taken in a foreign country "under an

17  applicable treaty or convention" or "under a letter of request, whether or not

18  captioned a 'letter rogatory'."  Rule 28(b)(2) provides that "[a] letter of request …

19  may be issued … on appropriate terms after an application and notice of it."

20  Further, the Hague Convention on Taking of Evidence Abroad in Civil or

21  Commercial Matters ("Hague Convention") is in effect for both the United States

22  and Hong Kong (a Special Administrative Region (SAR) of the People's Republic

23  of China).[3]  The Hague Convention provides for letters of request to obtain

24  evidence from signatory states in the form of both examination of persons (Article

25  3(e)) and inspection of documents or other property (Article 3(g)).[4]  Thus, this

---

26 [3] See http://www.hcch.net/index_en.php?act=states (listing members of the Hague
27  Convention); see also http://travel.state.gov/law/info/judicial/judicial_650.html (the
    U.S. Department of State website regarding Hong Kong Judicial Assistance).
28 [4] See http://hcch.e-vision.nl/index_en.php?act=conventions.text&cid=82 (full text
    of the Hague Convention).

MGA PARTIES' MOTION FOR ISSUANCE
OF LETTERS OF REQUEST
CV-04-0049 SGL (RNBx)



EXHIBIT _30_
PAGE _576_

1    Court has authority to issue the proposed Letters of Request.

2    **II.    THE TOPICS OF TESTIMONY AND DOCUMENTS REQUESTED
      ARE RELEVANT AND NECESSARY TO MGA'S STATUTE OF
3          LIMITATIONS DEFENSES**

4
5          Mattel has alleged in an interrogatory response that MGA misappropriated

6    trade secrets pertaining to "Bratz". Mattel's claim of misappropriation of trade

7    secrets is time-barred if it discovered or, by the exercise of reasonable diligence,

8    should have discovered the alleged misappropriation more than three years before it

9    asserted the claim. Mattel filed its motion to add its claim of misappropriation of

10   trade secrets on November 20, 2006. Evidence that Mattel had discovered or

11   should have discovered the alleged misappropriation of trade secrets relating to

12   "Bratz" prior to November 20, 2003 would be highly relevant to prove that Mattel's

13   claim exceeds the relevant statute of limitations and is time-barred. Cal. Civ. Code

14   § 3426.6. See, e.g., Memry Corp. v. Kentucky Oil Technology, N.V., 2007 WL

15   2746736, *7 ("When there is reason to suspect that a trade secret has been

16   misappropriated, and a reasonable investigation would produce facts sufficient to

17   confirm this suspicion (and justify bringing suit), the limitations period begins,

18   even though the plaintiff has not conducted such an investigation") (quoting Alamar

19   Biosciences Inc. v. Difco Laboratories Inc., 40 U.S.P.Q.2d 1437, 1439-1440 (E.D.

20   Cal. 1996) (citing Jolly v. Eli Lilly & Co., 44 Cal.3d 1103, 1110-11 (1988) ("a

21   suspicion of wrongdoing, coupled with a knowledge of the harm and its cause, will

22   commence the limitations period")).

23          The evidence sought through the proposed Letters of Request is specifically

24   directed toward communications between entities involved in the Hong Kong

25   Action and Mattel more than three years before Mattel filed its motion to add its

26   trade secrets claim on November 20, 2006. Mr. Yu was in communication with

27   Mattel at least as early as September 4, 2003, and possibly earlier, regarding the

28   design and conception of the "Bratz" dolls by Carter Bryant. Bird & Bird also had

OHS West:260705838.2                         - 6 -                    MGA PARTIES' MOTION FOR ISSUANCE
                                                                         OF LETTERS OF REQUEST
                                                                         CV-04-0049 SGL (RNBx)

EXHIBIT ___30___
PAGE ___577___

1  communication with counsel for Mattel regarding the Hong Kong Action in

2  September 2003.  MGA's proposed Letter of Request seeks the nature and content

3  of those communications, as well as any agreements or fee arrangements entered

4  into between Mr. Yu's client, Cityworld, and Mattel.  MGA expects that the

5  evidence sought will show that the communications were sufficient to put Mattel on

6  notice of the trade secret misappropriation and other state law counterclaims that it

7  did not raise against MGA until more than three years later in November 2006,

8  rendering the Mattel's claims time-barred under the applicable statute of

9  limitations.  Accordingly, the evidence sought is necessary and relevant to MGA's

10  defenses.

11                              **CONCLUSION**

12          The evidence that MGA seeks through the proposed Letters of Request is

13  narrowly tailored, relevant, and necessary for MGA to present its claims and

14  defenses in this case.  Accordingly, MGA respectfully requests that the Discovery

15  Master recommend and that the Court issue the Letters of Request for Judicial

16  Assistance to the Hong Kong Central Authority.

17

18  Dated:  September 4, 2009              Respectfully submitted,

19                                         DIANA M. RUTOWSKI
                                           Orrick, Herrington & Sutcliffe LLP

20

21                                         By: /s/Diana M. Rutowski

22                                              DIANA M. RUTOWSKI
                                                Attorneys for Plaintiff

23

24

25

26

27

28

OHS West:260705838.2              - 7 -           MGA PARTIES' MOTION FOR ISSUANCE
                                                  OF LETTERS OF REQUEST
                                                  CV-04-0049 SGL (RNBx)

EXHIBIT _30_
PAGE _578_

# EXHIBIT 31

1  MELINDA HAAG (State Bar No. 132612)
   mhaag@orrick.com
2  ANNETTE L. HURST (State Bar No. 148738)
   ahurst@orrick.com
3  WARRINGTON S. PARKER III (State Bar No. 148003)
   wparker@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
5  405 Howard Street
   San Francisco, CA 94105
6  Telephone:  +1-415-773-5700
   Facsimile:  +1-415-773-5759
7
   WILLIAM A. MOLINSKI (State Bar No. 145186)
8  wmolinski@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017
10 Telephone:  +1-213-629-2020
   Facsimile:  +1-213-612-2499
11
12 Attorneys for MGA Parties

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15                    EASTERN DIVISION

16 | CARTER BRYANT, an individual | Case No. CV 04-9049 SGL (RNBx)
17 |          Plaintiff,          | Consolidated with:
                                    CV 04-9059
18 | v.                           | CV 05-2727
19 | MATTEL, INC., a Delaware     | **DISCOVERY MATTER**
     Corporation                  
20 |          Defendant.          | **[To Be Heard By Discovery Master
                                      Robert C. O'Brien]**
21 |                              | MGA PARTIES' REPLY IN SUPPORT
22 | AND CONSOLIDATED ACTIONS     | OF NOTICE AND APPLICATION FOR
                                    ISSUANCE OF LETTER OF REQUEST
23 |                              | FOR JUDICIAL ASSISTANCE RE:
                                    DANNY K.H. YU AND BIRD & BIRD
24 |                              
                                    [Supplemental Declaration of Diana
25                                  Rutowski and [CORRECTED][Proposed]
                                    Letters of Request for Judicial Assistance
26                                  filed concurrently herewith]
27
28

OHS West:260727755.1

EXHIBIT  31
PAGE  579

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................ 1

ARGUMENT ..................................................................................................... 2

I.   MGA PARTIES' STATUTE OF LIMITATIONS AND LACHES
     DEFENSES IN PHASE 2 ARE PENDING .................................................. 2

II.  NONE OF THE PHASE 1 ORDERS RELIED UPON BY MATTEL
     ADDRESS PHASE 2 COUNTERCLAIMS OR DEFENSES ....................... 3

     A.   Relation Back of Phase 2 Counterclaims Has Not Been Decided ........ 3

     B.   Phase 2 Counterclaims Implicate Different Facts And Different
          Accrual Dates Not Yet Decided ....................................................... 6

III. MGA RECENTLY LEARNED OF NEW FACTS ...................................... 7

IV.  MGA'S PROPOSED LETTERS OF REQUEST, AS CORRECTED,
     ARE NOT OBJECTIONABLE ................................................................ 9

CONCLUSION ................................................................................................ 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OHS West:260727755.1

-i-

EXHIBIT 31
PAGE 580

MGA PARTIES' REPLY ISO APPLICATION
OF LETTERS OF REQUEST
CV-04-0049 SGL (RNBx)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

## FEDERAL CASES

**Page**

*Hydranautics v. Filmtec Corp.*,
204 F.3d 880 (9th Cir. 2000) ............................................................ 2

*Lamps Plus, Inc.* v. *Seattle Lighting Fixture Co.*,
345 F.3d 1140 (9th Cir. 2003) ........................................................ 6

## STATE CASES

*Fox* v. *Ethicon Endo-Surgery, Inc.*,
35 Cal. 4th 797 (Cal. 2005) ............................................................ 6

## FEDERAL STATUTES

Fed. R. Civ. P. 26 ............................................................................ 8

Fed. R. Civ. P. 56(f) ........................................................................ 1

## STATE STATUTES

Cal Civ. Code § 3426.1(d) .............................................................. 6

OHS West:260727755.1

-ii-

MGA PARTIES' REPLY ISO APPLICATION
OF LETTERS OF REQUEST
CV-04-0049 SGL (RNBx)

EXHIBIT  31
PAGE  581

**INTRODUCTION**

1
2 Mattel seeks to turn MGA's application for issuance of Letters of Request
3 into a summary judgment motion on collateral estoppel, arguing that various orders
4 regarding Phase 1 claims and defenses render the discovery sought through the
5 proposed Letters of Request irrelevant.  In Phase 2 Mattel is asserting currently
6 *pending* and *different* claims against MGA Parties, and the MGA Parties are
7 asserting statute of limitations and laches defenses to those claims.  So long as
8 Mattel's Phase 2 counterclaims and MGA Parties' statute of limitations and laches
9 defenses thereto are pending, the evidence sought through the proposed Letters of
10 Request is plainly relevant and discoverable.

11 This discovery motion is not an appropriate forum for the Discovery Master
12 to decide the merits of Mattel's argument that MGA Parties should be collaterally
13 estopped from asserting statute of limitations and laches defenses in Phase 2—such
14 an argument would require full briefing and consideration in and of itself.  Indeed,
15 such a motion plainly would be improper in light of the discovery sought in
16 connection with the Letters of Request.  *See* Fed. R. Civ. P. 56(f).  Moreover, the
17 Phase 1 orders cited by Mattel in its disguised summary judgment motion do not
18 have any direct applicability to MGA Parties' Phase 2 defenses for at least three
19 reasons: (1) the prior orders cited by Mattel relate only to Phase 1 claims; (2) the
20 claims at issue in Phase 2 are different from those that were at issue in Phase 1, so
21 the relevant facts are necessarily different; and (3) newly discovered evidence in
22 connection with the Hong Kong Bill of Costs in the Cityworld action points to the
23 existence of facts not previously considered by the Court.  For these reasons, MGA
24 Parties respectfully submit that the Discovery Master should recommend issuance
25 of MGA's proposed Letters of Request, which are narrowly tailored to seek
26 discovery relevant to its currently pending defenses in Phase 2.

27
28

OHS West:260727755.1

EXHIBIT   **31**
PAGE   **582**

**ARGUMENT**

I.  **MGA PARTIES' STATUTE OF LIMITATIONS AND LACHES DEFENSES IN PHASE 2 ARE PENDING.**

The simple undisputed fact is that MGA Parties' defenses to Mattel's Phase 2 claims (including statute of limitations and laches) are currently pending and yet to be decided in Phase 2.  See Declaration of Diana Rutowski In Support Of Application for Letters of Request ("Rutowski Decl."), Exs. B, C & D; see also, Docket Document No. 5798 (MGA Parties' Answer and Affirmative Defenses to Mattel, Inc.'s Third Amended Answer and Counterclaims).  Mattel itself acknowledges that these defenses are pending in its opposition brief, stating that: "Mattel *intends* to bring a motion before Judge Larson shortly to confirm the direct applicability of [prior] rulings to Mattel's misappropriation of trade secrets claim. A ruling in Mattel's favor *would* plainly render this application moot."  Mattel, Inc.'s Opposition to MGA Parties' Application for Issuance of Letter of Request for Judicial Assistance Re: Danny K. H. Yu and Bird & Bird ("Opp.") at 1 (emphasis added).  It follows that MGA's application *is not currently moot.*

Moreover, to "confirm the direct applicability of [prior] rulings" through collateral estoppel, Mattel would have to establish that "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding."  Hydranautics v. Filmtec Corp., 204 F.3d 880 (9th Cir. 2000).  Mattel cannot make such a showing, and it certainly has not done so here in opposition to MGA's discovery motion.  The MGA Parties strongly contest that Phase 1 orders have any preclusive effect with respect to the MGA Parties' statute of limitations and laches defenses in Phase 2 and will present arguments to that effect if and when Mattel brings its hypothetical motion before Judge Larson.  Indeed, such a motion would be wholly improper at this stage of the

-2-



EXHIBIT ___31___
PAGE 583

1   proceedings in light of the discovery sought by these Letters of Request and the

2   new evidence from the taxations of costs proceedings in Hong Kong demonstrating

3   that Mattel concealed its earlier communications with Cityworld's counsel. The

4   requested discovery is relevant to MGA's defenses in Phase 2, and the proposed

5   Letters of Request should issue.

6   **II.   NONE OF THE PHASE 1 ORDERS RELIED UPON BY MATTEL
        ADDRESS PHASE 2 COUNTERCLAIMS OR DEFENSES.**

7

8          Mattel's attempt to circumvent merits briefing on collateral estoppel through

9   its opposition to this discovery motion should not be allowed. While this is not the

10  appropriate forum for merits briefing, MGA Parties do point out below that the

11  orders upon which Mattel seeks to rely relate only to Phase 1 issues, and they did

12  not result in dismissal of MGA Parties' defenses to counterclaims pending in Phase

13  2.[1]

14         **A.   Relation Back of Phase 2 Counterclaims Has Not Been Decided.**

15         Mattel misrepresents several orders in support of its argument that its Phase 2

16  counterclaims relate back to the filing of its earlier complaint on April 27, 2004;

17  however, none of these orders are final judgments as to MGA Parties' defenses to

18  Mattel's Phase 2 counterclaims.

19         January 12, 2007: First, Mattel cites to the January 12, 2007 order granting

20  Mattel leave to file its proposed amended complaint as counterclaims. Declaration

21  of Michael T. Zeller ISO Mattel's Opp. ("Zeller Decl.") Ex. 1. The order

22  referenced MGA's argument that Mattel's *copyright* and *intentional interference*

23  claims were barred by the statute of limitations; however, the Court did not finally

24  decide the issue. Id. at 13-14. The order is inapposite both because (1) it does not

25  relate to Mattel's Phase 2 counterclaims, including misappropriation of trade

26  secrets, and (2) it was not a final determination of MGA's statute of limitations or

27

28  ───────────────────────────
    [1] MGA expressly reserves its right to present any and all arguments on this issue if
    and when it is ripe and Mattel brings an appropriate motion.

EXHIBIT   31
PAGE   584

1    laches defenses with respect to any claims – the Court merely allowed Mattel to

2    amend to assert counterclaims. Id. at 15.

3      <u>April 25 and May 21, 2008:</u> On April 25, 2008 and May 21, 2008, Mattel

4    correctly notes that Judge Larson deferred ruling on MGA's affirmative defenses to

5    Mattel's Phase 1 claims, including statute of limitations and laches. Zeller Decl.

6    Exs. 3 & 4. These rulings are notable only because they demonstrate that even

7    MGA's Phase 1 statute of limitations and laches defenses were still in play and not

8    finally decided by the January 12, 2007 order. They do not otherwise bear any

9    relevance to Phase 2 counterclaims and defenses.

10      <u>May 27, 2008:</u> Next, Mattel cites to Judge Larson's May 27, 2008 order,

11    arguing that it "affirmed its earlier ruling that the claims asserted by Mattel in its

12    November 6, 2006 first amended answer and counterclaim—including its trade

13    secrets misappropriation claim—related back to the filing of Mattel's original

14    complaint on April 27, 2004." Opp. at 4. Mattel then purports to cite from the

15    order. However, Mattel apparently seeks to mislead the court by *omitting* the first

16    clause, which states explicitly: "*the Phase 1 claims against MGA* sought to be

17    asserted by Mattel on November 20, 2006, which arise out of the same factual

18    allegations as do the claims asserted by Mattel against Carter Bryant on April 27,

19    2004, relate back to the date that complaint was filed." Zeller Decl. Ex. 8 at 8

20    (emphasis added). Thus, the May 27, 2008 order explicitly applied only to (1)

21    Phase 1 claims, and (2) only to the extent that those claims arise out of the same

22    factual allegations as do the claims asserted by Mattel against Carter Bryant on

23    April 27, 2004. With respect to the first point, the Phase 1 claims are not the same

24    as the Phase 2 claims (otherwise there would not be two Phases), and the May 27,

25    2008 order does not apply for that reason alone. With respect to the second point,

26    Mattel has not shown, nor can it show, that its Phase 2 claims against MGA Parties

27    arise out of the same factual allegations as do the claims it asserted earlier against

28    Carter Bryant—an issue that is in all events well beyond the scope of this discovery

1  matter.  The May 27, 2008 order did not decide or dismiss MGA Parties' defenses

2  in Phase 2.

3       June 2, 2008:  As Mattel notes, after the May 27, 2008 order, the issue was

4  still not finally decided even as to Phase 1 claims and further briefing and argument

5  was allowed.  Opp. at 5, n. 18.  In its briefing, MGA presented additional

6  arguments regarding the application of the relation-back doctrine to the copyright

7  claim.  Zeller Decl. Ex. 9 at 3.  Judge Larson then issued a Further and Final Order

8  Re Statute of Limitations Defense on June 2, 2008.  Opp. at 5, n.18; Zeller Decl.

9  Ex. 9.  What Mattel fails to point out in its opposition is that with respect to the

10  copyright claim, Judge Larson explicitly stated that he "*need not resolve MGA's*

11  *two arguments regarding relation back* and the rolling statute of limitations."

12  Zeller Decl. Ex. 9 at 4 (emphasis added).[2]

13       The remaining orders and jury verdict form cited by Mattel also relate only to

14  Phase 1 issues—they did not decide Phase 2 counterclaims or defenses, as they

15  were issued specifically in connection with the Phase 1 trial.[3]  Mattel's attempt to

16  muddle the issues cannot avoid the plain fact that the merits of MGA Parties'

17  statute of limitations and laches defenses in Phase 2 have never been addressed, let

18  alone decided.  The defenses remain pending.

19

---

20  [2] Notably, even with respect to Mattel's Phase 1 copyright counterclaim, *whether or not it related back to Mattel's April 27, 2004 claims was never finally decided*.

21  [3] June 7, 2008:  The June 7, 2008 order is the "Court's Final Pre-Trial

22  Conference Order for Phase 1 Trial."  Zeller Decl. Ex. 10 at 1.  The Court clarifies that: "The claims and counterclaims to be tried in Phase 1 trial are set forth herein.

23  The claims remaining for trial in Phase 2 are set forth on pages 8-9 in Mattel's Memorandum of Trial Structure, filed June 20, 2007, as adopted in the July 2, 2007 Order."  Id. at 18.  Thus, it is clear that any statements in this order apply only to

24  Phase 1 claims and defenses.
        August 26, 2008:  Mattel cites to the jury verdict form for Phase 1B.  Opp. at

25  5; Zeller Decl. Ex. 11.  The jury heard only issues pertaining to Phase 1B, and its verdict form has no bearing on Phase 2 issues.

26       December 3, 2008:  Finally, Mattel relies on a December 3, 2008 order in an effort to claim laches is no longer at issue.  Opp. at 5-6; Zeller Decl. Ex. 12.  Again,

27  this order relates only to equitable issues relating to those claims tried in Phase 1, which the Court refers to as Phase 1C issues.  Zeller Decl. Ex. 12 at 2.

28  Accordingly, the Court's order applies only to those claims and affirmative defenses tried in Phase 1.  Id. at 3.

EXHIBIT  31
PAGE  586

**B.   Phase 2 Counterclaims Implicate Different Facts And Different Accrual Dates Not Yet Decided.**

Judge Larson quoted the California Supreme Court for the statement that "[g]enerally speaking, a cause of action accrues at the time when the cause of action *is complete with all of its elements.*" Zeller Decl. Ex. 8 at 4 (quoting Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 807 (Cal. 2005)). Each cause of action requires different elements. Accordingly, and consistent with the prior orders cited by Mattel, each cause of action and its requisite elements must be separately considered. For example, the elements required to show copyright infringement differ from those required to show misappropriation of trade secrets.[4]

In its opposition, Mattel erroneously seeks to conflate accrual of Mattel's Phase 1 claims with its Phase 2 counterclaims. For example, Mattel argues that Judge Larson already found that Mattel had no basis to know of its claims against Carter Bryant until November 23, 2003 and against MGA until November 4, 2004. Opp. at 8. This finding, however, relates only to Mattel's Phase 1 claims. As cited by Mattel in its opposition, Judge Larson found that "[w]ithout the drawings, Mattel could not assess the substantial similarity factor to determine whether it could assert a claim that the Bratz dolls infringed Mattel's rights to them." Opp. at 5; Zeller Decl. Ex. 9. He considered the elements required to establish only those claims at issue in Phase 1, and made his determination as to accrual based on those elements. In contrast, Mattel's Phase 2 counterclaims, such as misappropriation of trade secrets, do not require a showing of "substantial similarity." Unlike the copyright

---

[4] Copyright infringement requires a showing of (1) ownership of a valid copyright, (2) the defendant's access to the original, and (3) substantial similarity between the copyrighted work and the allegedly infringing work. Zeller Decl. Ex. 9 at 4 (citing Lamps Plus, Inc. v. Seattle Lighting Fixture Co., 345 F.3d 1140, 1144 (9th Cir. 2003)). Misappropriation of trade secrets, in contrast, requires a showing of misappropriation of trade secret information, including "a formula, pattern, compilation, program, device, method, technique or process that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.'" Cal Civ. Code § 3426.1(d).

MGA PARTIES' REPLY ISO APPLICATION OF LETTERS OF REQUEST CV-04-0049 SGL (RNBx)



EXHIBIT _31_
PAGE _587_

1   claims, receipt of the "Bratz" drawings will not be necessary before Mattel's Phase

2   2 counterclaims could accrue.  Phase 2 counterclaims may have accrued at an

3   earlier date based on the exchange of different information.  Moreover, as set forth

4   below, the new evidence strongly suggests that even the earlier conclusion by the

5   District Court as to the copyright claims was based on an incomplete record

6   regarding what actually happened in Hong Kong.

7         The evidence sought by MGA's proposed Letters of Request remains

8   discoverable and relevant in connection with its Phase 2 defenses.

9   **III.    MGA RECENTLY LEARNED OF NEW FACTS.**

10        Moreover, newly discovered communications between Mattel and Hong

11   Kong attorneys have come to light that warrant additional discovery.  For example,

12   the Bill of Costs reflects several lengthy phone calls between Mattel and Danny Yu:

13   (1) a 20 minute call on October 13, 2003; (2) a 15 minute call on November 10,

14   2003; (3) a 15 minute call on November 18, 2003; and (4) a *40 minute* call on

15   November 19, 2003.  Rutowski Decl. Ex. K at 84.[5]  All of these conversations,

16   lasting an hour and a half total, occurred more than three years before Mattel sought

17   to assert its counterclaims on November 20, 2003.  The contents and information

18   shared by Danny Yu and Mattel—never before disclosed by Mattel despite

19   substantial litigation of these issues—will lead to the discovery of admissible and

20   highly relevant evidence regarding MGA's defenses.  As further detailed in MGA's

21   Motion, the extent of communications between Danny Yu's firm and Mattel only

22   recently came to light after the Phase 1 trial was concluded in connection with the

23   Hong Kong taxation proceedings.  Id. ¶¶ 13 and 14, Exs. K and L.  Mattel does not

24   explain why it failed to disclose the extent of these communications when its

25   30(b)(6) witness and testified in discovery and it produced a timeline of Cityworld-

26

27   [5] See Rutowski Decl. Ex. K at 80-84 and Rutowski Decl. Ex. L at 170 for context
     showing that the Bill of Cost entries beginning with 1011, and continuing through
28   the phone entries listed from 1053 through 1062, relate to communications between
     Mr. Danny Yu's firm and Mattel.

OHS West:260727755.1                                    -7-                    MGA PARTIES' REPLY ISO APPLICATION
                                                                                   OF LETTERS OF REQUEST
                                                                                CV-04-0049 SGL (RNBx)

EXHIBIT __31__
PAGE __588__

1   related events in connection with that deposition. Zeller Decl. Ex. 5 at 94-95.

2   Notably, at least the lengthy October 13 and November 10 calls noted above were

3   missing from that timeline. Compare i.d. with Rutowski Decl. Ex. K at 84 (Bill of

4   Cost entries reflecting telephone calls between Danny Yu and Mattel). Moreover,

5   when Mattel's counsel Michael Moore testified on this subject at trial, he repeatedly

6   said the phone calls were merely "to arrange the meeting in Hong Kong," which

7   seems patently incredible in light of the total length of the calls—especially the

8   forty minute call on November 19. Supplemental Declaration of Diana Rutowski

9   In Support Of Application for Letters of Request, Ex. A at 6616:20-22, 6618:20-22.

10       Rather than address its apparent concealment of relevant evidence, Mattel

11  cites to Judge Larson's May 27, 2008 Order, arguing that the relevance of certain

12  documents from the Hong Kong proceedings has been considered. Opp. at 9. In

13  the portion of the order quoted by Mattel, Judge Larson states that "[w]here there is

14  *evidence* of unethical behavior, the Court expects to be made aware of that

15  evidence." Opp. at 9; Zeller Decl. Ex. 8 at 3. The proposed Letters of Request seek

16  the very evidence contemplated by Judge Larson in his order through the proper

17  discovery means. To refuse the discovery because such evidence has not yet been

18  adduced is to place the MGA Parties in precisely the catch-22 situation that Federal

19  Rule of Civil Procedure 26 prohibits. As Mattel has been fond of arguing to the

20  discovery master in prior motions, the pleadings frame the relevance, and this

21  evidence is plainly relevant. The fact that the issues are contested make discovery

22  all the more necessary. The discovery is permissible because it is likely to lead to

23  the discovery of admissible evidence directly relevant to the MGA Parties

24  affirmative defenses of statute of limitations and laches.

25       The proposed Letters of Request are narrowly tailored to the discovery of

26  *new* evidence that was not previously discovered or considered in Phase 1. They

27  are based on documents that became available to MGA only after the conclusion of

28  the Phase 1 trial. The discovery is plainly warranted.

-8-

EXHIBIT __31__
PAGE __589__

**IV.   MGA'S PROPOSED LETTERS OF REQUEST, AS CORRECTED, ARE NOT OBJECTIONABLE**

Mattel argues that aspects of the Letters of Request are objectionable for two reasons.  First, it points out language in the proposed Letters, which was inadvertently included as a typographical error in section 12, "Fees and Costs":

> This Court respectfully requests its willingness to reimburse the High Court of the Hong Kong Special Administrative Region Court of First Instance for costs incurred in executing the Letter of Request.

As noted by the U.S. Department of State, there are generally no costs incurred in connection with service through Hong Kong under the Convention.[6]  Nevertheless, this language should be deleted from section 12, "Fees and Costs." Accordingly, MGA attaches corrected proposed Letters of Request as Exhibits 1A and 2A hereto. In the corrected proposed Letter of Request regarding Danny K. H. Yu and his firms (Exhibit 1A), section 12 now contains only the following language:

> Any fees and costs incurred as a result of the special procedures set forth in section 9 above will be paid by MGA through its counsel of record:  Annette Hurst, Orrick Herrington & Sutcliffe LLP, 405 Howard Street, San Francisco, CA 94105. MGA's payment of any such fees and costs is without prejudice to its making a subsequent request to be reimbursed for these costs by other parties in these consolidated actions.

In the corrected proposed Letter of Request regarding Bird & Bird (Exhibit 2A), section 12 has been deleted in its entirety.

Second, Mattel objects based on its allegation that the proposed Letters of Request contradict the prior relation back and accrual rulings of the Court.   For the reasons stated above, Mattel's second objection lacks merit.

---

[6] See http://travel.state.gov/law/info/judicial/judicial_650.html (the U.S. Department of State website regarding Hong Kong Judicial Assistance). This language is included pursuant to Articles 14 and 9 of the Hague Convention, which provide for reimbursement of expenses incurred due to special methods or procedures such as the transcription and videotaping of Mr. Yu's examination. See http://hcch.e-vision.nl/index_en.php?act=conventions.text&cid=82 (full text of the Hague Convention).

MGA PARTIES' REPLY ISO APPLICATION OF LETTERS OF REQUEST CV-04-0049 SGL (RNBx)



EXHIBIT 31
PAGE 590

**CONCLUSION**

1   For the reasons above and the reasons stated in MGA's opening papers,

2

3   MGA's Application for Issuance of Letters of Request for Judicial Assistance to the

4   Hong Kong Central Authority should be granted.

5

6

    Dated:  September 17, 2009                 Respectfully submitted,

7
                                               DIANA M. RUTOWSKI
8                                              Orrick, Herrington & Sutcliffe LLP

9

10                                             By: /s/ Diana M. Rutowski
                                                   DIANA M. RUTOWSKI
11                                                 Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT _31_
PAGE _591_

# EXHIBIT 32

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 33

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 34

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 35

1   Robert C. O'Brien (SBN 154372)
    ARENT FOX LLP
2   555 West Fifth Street, 48th Floor
    Los Angeles, CA 90013-1065
3   Telephone: 213.629.7400
    Facsimile: 213.629.7401
4   obrien.robert@arentfox.com

5   Discovery Master

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)

13              Plaintiff,
                                         Consolidated with
14         v.                            Case No. CV 04-09059
                                         Case No. CV 05-2727
15  MATTEL, INC., a Delaware
    corporation,                         **PHASE 2 DISCOVERY MATTER**
16
                Defendant.               **ORDER NO. 68, REGARDING:**
17
                                         *EX PARTE* **APPLICATION OF**
18                                       **MATTEL, INC. FOR**
                                         **PRODUCTION OF COMPLETE**
19                                       **COPIES OF WITHHELD**
                                         **DOCUMENTS IN ADVANCE OF**
20                                       **HEARING ON MGA PARTIES'**
                                         **APPLICATION FOR ISSUANCE**
21                                       **OF LETTER OF REQUEST FOR**
                                         **JUDICIAL ASSISTANCE RE:**
22                                       **DANNY K.H. YU AND BIRD &**
                                         **BIRD**
23  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
24  MGA ENTERTAINMENT, INC. v.
    MATTEL, INC.
25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES
                                                      ORDER NO. 68
                                         [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT  35
PAGE  1147

1      This Order sets forth the Discovery Master's ruling on the *Ex Parte*

2   Application for Production of Complete Copies of Withheld Documents in

3   Advance of Hearing on MGA Parties' Application for Issuance of Letter of Request

4   for Judicial Assistance Re: Danny K.H. Yu and Bird & Bird (the "Application")

5   filed by Mattel, Inc. ("Mattel").  The Discovery Master, having considered the

6   Application, the Opposition to the Application filed by the MGA Parties, and the

7   Reply in Support of the Application, rules as set forth below:

8   **I.     RELIEF SOUGHT BY MATTEL**

9      In its Application, Mattel requests three forms of relief.  First, Mattel seeks

10   "a complete copy of Cityworld's Appointment to Tax, dated July 15, 2008, excerpts

11   of which were attached as Exhibit K to the Declaration of Diana M. Rutowski In

12   Support of MGA Parties' Notice and Application for Issuance Of Request For

13   Judicial Assistance Re: Danny K.H. Yu and Bird & Bird ('Rutowski Declaration')."

14   (Application, p. 1 of the notice section).  Second, Mattel seeks "a complete copy of

15   the transcript of proceedings, dated October 29, 2008, excerpts of which were

16   attached as Exhibit L to the Rutowski Declaration."  (*Id.*).  Finally, Mattel seeks

17   "any and all other documents from the Cityworld litigation that refer or reflect

18   alleged Mattel communications."  (*Id.*).

19      Mattel argues that the expedited document production is warranted because

20   (1) the documents should have been produced pursuant to prior Court orders,

21   (2) the MGA Parties have had them "for a year or more," and (3) the MGA Parties

22   purport to rely on them in their letter of request application regarding Danny K.H.

23   Yu and Bird & Bird.  (*Id.*).

24   **II.    THE MGA PARTIES' OPPOSITION**

25      The MGA Parties respond that the most of the relief requested by Mattel is

26   moot, since they recently provided "full copies of the documents excerpted in

27   Exhibits K and L" to Mattel.  (Opposition to Application, pp. 1, 3 and 4).  The

28   MGA Parties further argue that there is no reason to address the remainder of

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT 35
PAGE 648

- 1 -

ORDER NO. 68
[Case No. CV 04-09049 SGL (RNBx)]

1   Mattel's Application because (1) Mattel did not comply with the notice

2   requirements of Local Rule 7-19 or the Court's Standing Order, (*id.*, pp. 1, 5 and 6),

3   (2) Mattel has not explained why it requires these documents immediately or how

4   its opposition to the letter of request application regarding Danny K.H. Yu and Bird

5   & Bird "would be hampered without such documents," (*id.*, pp. 1 and 4 – 7), and

6   (3) the MGA Parties have not improperly withheld any documents, (*id.*, pp. 2 and

7   7).

8   **III.   ANALYSIS**

9       **A.    The *Ex Parte* Application Is Partially Moot**

10      Having considered all of the parties' arguments, I find, as an initial matter,

11  that Mattel's request for complete copies of Exhibits K and L to the Rutowski

12  Declaration is moot.  Mattel received complete copies of both documents from the

13  MGA Parties shortly after it filed its Application.  (*Id.*, p. 1).  Therefore, it is

14  unnecessary to address Mattel's request that the MGA Parties be ordered to

15  "immediately produce complete copies of Exhibits K and L to the Rutowski

16  Declaration." (Application, p. 9).

17      **B.    Mattel Has Not Demonstrated Good Cause For Hearing The**

18          **Remaining Issues On Shortened Notice**

19      As for Mattel's request that the MGA Parties be ordered to produce "all other

20  documents from the Cityworld litigation that refer or reflect alleged Mattel

21  communications," (*id.*), the MGA Parties argue that Mattel did not provide notice

22  that it would be seeking *ex parte* relief concerning these "other documents" as

23  required by Local Rule 7-19 and the Court's Standing Order, but instead indicated

24  that it wished to meet and confer with the MGA Parties about the production of

25  these materials, (Opposition to the Application, p. 1; *see also* Declaration of

26  Michael Zeller in Support of Application ("Zeller Decl."), Ex. 5).  However, Local

27  Rule 7-19 and the Court's Standing Order do not apply to discovery disputes in this

28  case.  As I concluded in Order No. 8," the applicable procedure is the one adopted

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT 35
PAGE 699

- 2 -

ORDER NO. 68
[Case No. CV 04-09049 SGL (RNBx)]



1   by the Court in its order appointing a discovery master dated December 6, 2006

2   ('Discovery Master Order').[1]" (Order No. 8, p. 3).  Accordingly, its procedures

3   replace those set forth for *ex parte* applications in Local Rule 7-19 and the Court's

4   Standing Order.[2]  (Discovery Master Order, pp. 4 and 5).

5        Nevertheless, under the Discovery Master Order, Mattel had an affirmative

6   obligation to demonstrate that "good cause" exists for hearing the pending matter

7   "on shortened time" and that it will "be prejudiced absent prompt resolution" of the

8   issue.  (*Id.*).  No such showing has been made here.

9        In the introductory section of its Application preceding the Memorandum of

10  Points and Authorities, Mattel argues that emergency relief is necessary "given that

11  MGA purports to rely on evidence in these documents in support of its Letter of

12  Request application [regarding Danny K.H. Yu and Bird & Bird] but has failed to

13  produce them in complete form to Mattel, despite Mattel's requests and despite

14  prior orders compelling their production." (Application, p. 1 of the notice section).

15  To the extent the MGA Parties are relying on specific documents with respect to

16  their letter of request motion, I agree that Mattel is entitled to have complete copies

17  of them and may request them on an expedited basis.  However, Mattel fails to

18  explain how any other document (besides Exhibits K and L discussed above) relates

19  to the MGA Parties' pending letter of request motion regarding Danny K.H. Yu and

20  Bird & Bird.

21       Rather than establishing a link between these "other documents" and the

22  MGA Parties' pending motion for letters of request, Mattel's initial brief (i.e., the

23  Application) focuses exclusively on the reasons why Exhibits K and L relate to the

24  October 16, 2009 hearing.  (*See, e.g.*, Application, p. 7 ["As MGA's own Letter of

---

25  [1] The Discovery Master Order is incorporated by reference into the Court's January 6, 2009 Order appointing a
26  discovery master for Phase 2 of this litigation.  (*See* Court's Order dated January 6, 2009, p. 2 ["The Discovery Master will serve under the terms and conditions of the Stipulation and Order dated December 6, 2006"]).

27  [2] I reach this conclusion even though Mattel also apparently believes that Local Rule 7-19 applies to discovery
28  disputes.  (Application, p. 1 of the notice section [stating that Mattel "respectfully applies *ex parte*, pursuant to Local Rule 7-19, for an order . . ."]).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

ORDER NO. 68
[Case No. CV 04-09049 SGL (RNBx)]



EXHIBIT   35
PAGE   650

1   Request application necessarily admits, MGA seeks to rely on Exhibits K and L in

2   support of its ostensible statute of limitations defense against Mattel's

3   misappropriation of trade secret claims relating to the theft of Bratz information."]).

4   Moreover, like Judge Larson,[3] I am not inclined to grant relief based on new

5   arguments raised for the first time at the reply stage.  Accordingly, Mattel's reply

6   arguments are procedurally barred.  (*See, e.g., United States v. Boyce*, 148

7   F.Supp.2d 1069, 1085 (S.D.Cal.2001); *Stewart v. Wachowski*, 2004 WL 2980783,

8   at *11 (C.D.Cal. Sept. 28, 2004); *Hamilton v. Willms*, 2007 WL 2558615, *11

9   (E.D.Cal.2007); *see also United States v. Cox*, 7 F.3d 1458, 1463 (9th Cir.1993);

10   *United States v. Wright*, 215 F.3d 1020, 1030 n. 3 (9th Cir.2000)).

11         Furthermore, even if I were to consider the arguments made in the Reply,

12   they lack merit.  The Reply merely states that "other relevant documents . . .

13   unquestionably relate to MGA's previously adjudicated statute of limitations and

14   laches defenses . . . . [a]nd . . . are plainly relevant to the hearing on MGA's"

15   pending motion for issuance of letters of request. (Reply in Support of Application,

16   pp. 1 and 2).  But this assertion neither explains how the MGA Parties have relied

17   on these "other documents" as support for their letter of request motion nor how

18   Mattel intends to use the documents to demonstrate the letter of request motion

19   should be denied.[4]  In fact, Mattel does not even know what these unspecified other

20   documents actually say (to the extent they exist) and thus concedes that, at best,

21   they are "*necessarily likely* to contain facts relating to MGA's affirmative defenses

22   and . . . its claims of entitlement to the requested discovery." (*Id.*, p. 9).  Therefore,

23

24   ---
   [3] In *Bryant v. Mattel, Inc.*, 573 F.Supp.2d 1254, 1273 n.7 (C.D. Cal. 2007), the Court noted that it "ordinarily would

25   not consider" arguments made for the first time on reply but did so only "because [undertaking the analysis did] not change [its] ultimate conclusion."

26   [4] Mattel makes other allegations elsewhere in its Reply that also fail to sufficiently explain how the "other
   documents" relate to MGA's pending letter of request motion.  For example, on pages 7 and 8, the Reply states that

27   "Mattel also seeks . . . remaining documents because they . . . will provide more evidence that corroborate Mattel's
   chronology and refute MGA's spurious claims of earlier, undisclosed communications." (Reply in Support of

28   Application, pp. 7 and 8).  The Reply later states in footnote 8 that "MGA should be compelled to make a complete
   production of previously ordered documents relevant to MGA's statute of limitations defense and laches defense and
   relevant to the issues MGA itself has raised on its Letters of Request Application." (*Id.*, p. 8 fn.8.)


EXHIBIT 35
PAGE 105

1   the relevance of "all other documents" sought by Mattel to the October 16, 2009

2   hearing is speculative.  Accordingly, I find that Mattel has not established good

3   cause for obtaining them on an expedited basis.

4         This conclusion is supported by the meet and confer letter Mattel's counsel

5   sent to MGA's counsel prior to filing its Application.  Rather than demonstrating

6   any exigency that makes it imperative for Mattel to obtain the "other documents"

7   on an expedited basis, the September 22, 2009 e-mail sent by Michael Zeller to

8   Annette Hurst simply asked MGA to let Mattel know "when MGA is available to

9   meet and confer in advance of a contemplated motion to enforce and for sanctions

10  for MGA's now demonstrable withholding of documents relating to MGA's

11  purported defenses." (Zeller Decl., Ex. 5).  In light of this statement, Mattel has

12  essentially conceded that the issue of whether the MGA Parties were already

13  ordered to produce "all other documents from the Cityworld litigation that refer or

14  reflect Mattel alleged communications" should be the subject of a regularly noticed

15  motion.

16        Notwithstanding the foregoing, this Order in no way prevents Mattel from

17  raising this issue by a regularly noticed motion.  Without prejudging the merits of

18  such a discovery dispute, Mattel is entitled to argue that the "other documents"

19  should have already been produced pursuant to a prior to a court order.  Of course,

20  the MGA Parties are entitled to defend any against any such motion by raising all

21  applicable arguments.  Therefore, to the extent Mattel's Application seeks the

22  immediate production of "all other documents from the Cityworld litigation that

23  refer or reflect Mattel alleged communications," it is denied without prejudice.

24  **IV.**   **DISPOSITION**

25        Accordingly, the Discovery Master **ORDERS** as follows:

26        1.     Mattel's Application is **GRANTED** in part and **DENIED** in part.

27        2.     With respect to the relief requested concerning Exhibits K and L to the

28  Rutowski Declaration, the Application is granted.  However, the MGA Parties have

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES


EXHIBIT __35__
PAGE __052__

-5-

1    already produced complete copies of these documents to Mattel.  Therefore, the

2    relief sought is no longer necessary.

3         3.    Mattel's request for "all other documents from the Cityworld litigation

4    that refer or reflect alleged Mattel communications" is denied without prejudice.

5

6    Dated:  October 3, 2009

7

8                                    By:        /s/ Robert C. O'Brien

9                                               ROBERT C. O'BRIEN
                                               Discovery Master

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT  35
PAGE  153

- 6 -                         ORDER NO. 68
                             [Case No. CV 04-09049 SGL (RNBx)]

# EXHIBIT 36

**RECEIVED**

SEP 28 2009

1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA 94105
6   Telephone:  +1-415-773-5700
    Facsimile:   +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA  90017
10  Telephone:  +1-213-629-2020
    Facsimile:   +1-213-612-2499
11
    Attorneys for MGA Parties
12

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15                  SOUTHERN DIVISION

16  CARTER BRYANT, an individual        Case No. CV 04-9049 DOC (RNBx)

17              Plaintiff,              Consolidated with:
                                        CV 04-9059
18  v.                                  CV 05-2727

19  MATTEL, INC., a Delaware            **DISCOVERY MATTER**
    Corporation
20                                      [To Be Heard By Discovery Master
                Defendant.              Robert C. O'Brien]
21
                                        **MGA PARTIES' OPPOSITION TO**
22                                      **MATTEL'S** *EX PARTE*
    AND CONSOLIDATED ACTIONS            **APPLICATION FOR PRODUCTION**
23                                      **OF COMPLETE COPIES OF**
                                        **WITHHELD DOCUMENTS IN**
24                                      **ADVANCE OF HEARING FOR**
                                        **ISSUANCE OF LETTERS OF**
25                                      **REQUEST FOR JUDICIAL**
                                        **ASSISTANCE RE: DANNY K.H. YU**
26                                      **AND BIRD & BIRD; DECL. OF**
                                        **ANNETTE L. HURST; EXHIBITS**
27

28

EXHIBIT  36
PAGE  154

MGA PARTIES' OPP. TO MATTEL'S *EX PARTE* APP. FOR
PROD. OF COMPLETE DOCS RE LETTERS OF REQUEST
CV-04-0049 DOC (RNBx)

**INTRODUCTION**

1        MGA has provided to Mattel full copies of the documents excerpted in

2 Exhibits K and L to MGA's Application for Letters of Request for Judicial

3 Assistance Re: Danny K.H. Yu and Bird & Bird ("Application for Letters of

4 Request"). Had Mattel called MGA counsel and not sent an e-mail at 8:58 p.m. on

5 the day that MGA counsel were traveling back from a hearing before the District

6 Court, MGA would have agreed immediately. However, Mattel filed an *ex parte*

7 instead. There is no reason to address the production of Exhibits K and L.

8        Nor is there any reason to address the remainder of Mattel's *ex parte*

9 application, which is procedurally improper. First, Mattel's statement of good

10 cause relates to Exhibits K and L, which are the documents on which "MGA

11 purports to rely on ... in support of its Letter of Request application." Because

12 those documents have been produced, there is no longer reason to consider this *ex*

13 *parte* application.

14        Second, to the extent that Mattel requests "other documents," the *ex parte* is

15 failed to giving notice with respect to anything other than Exhibits K and L. It did

16 not provide notice that Mattel would seek "all other documents from the Cityworld

17 litigation that refer or reflect alleged Mattel communications." In fact, all that

18 Mattel asks for with respect to these "other documents" is a meet and confer. Zeller

19 Decl. Ex. 5.

20        Further, the *ex parte* is procedurally improper because Mattel does not

21 attempt to explain why it is seeking the extraordinary relief of an *ex parte* order.

22 Mattel opposed MGA's Application for Letters of Request without so much as

23 uttering a single word that its opposition would be hampered without such

24 documents. Although long on rhetoric, Mattel's *ex parte* still does not offer any

25 reason why it requires documents immediately, because no such reason exists.

26 After all, Mattel is seeking information concerning *its* communications, information

27 that it must have. Instead, it appears that Mattel is concerned about what MGA


EXHIBIT 86
PAGE 155

-1-

1   knows about those communications, which Mattel has failed to disclose. Moreover,

2   as already noted by MGA, an Application for Letters of Request is not the

3   mechanism for arguing the merits of what discovery will be revealed.

4       Finally, MGA has not improperly withheld documents. MGA relies upon

5   recently obtained Exhibits K and L to impeach the trial testimony of Mr. Moore, as

6   argued in MGA's Reply, and to show that there is additional discoverable

7   information that will support MGA's affirmative defenses. MGA had no obligation

8   to produce full copies of these documents prior to attaching them as exhibits.

9       In the end, Mattel's *ex parte* application is part of its broader strategy to

10   stonewall discovery, and then to argue that MGA does not have evidence to support

11   its claims and defenses. The Application for Letters of Request is an attempt by

12   MGA to stop this cycle.

### STATEMENT OF FACTS

13   

14   **A.    Exhibits K and L Were Recently Obtained And Support MGA's Request for Additional Discovery**

15   

16       Exhibit K is a Bill of Costs prepared and filed by Cityworld, the opposing

17   party in a lawsuit that MGA initiated in Hong Kong. Declaration of Diana

18   Rutowski in Support of MGA Parties' Application for Letters of Request

19   ("Rutowski Decl.") Ex. K. Exhibit L is a transcript of the hearing on Cityworld's

20   Bill of Costs that concluded in April 2009. *Id.* Ex. L at 387. During that hearing

21   the parties and the court addressed and explained Exhibit K, the Bill of Costs. *Id.*

22   Ex. K & L.

23       MGA's counsel in the United States first received excerpts of what is now

24   Exhibits K and L on July 9, 2009. Declaration of Annette L. Hurst ("Hurst Decl.")

25   ¶ 5. After reviewing and analyzing the materials with respect to this litigation and

26   determining that the Exhibits K and L in excerpted form might provide a basis for

27   seeking additional discovery on issues pertaining to MGA's defenses, MGA's

28   


EXHIBIT 36
PAGE 456

-2-

1  counsel in this proceeding requested full copies of these documents from counsel in

2  Hong Kong.

3       On August 17, 2009, counsel received a full transcript, which is marked as

4  Exhibit L.  Hurst Decl. ¶ 6.  On September 1, 2009, MGA's counsel obtained the

5  entirety of what is now marked as Exhibit K.  *Id.*  MGA filed its Application for

6  Letters of Request three days later on September 4, 2009.  *See* App. for Letters of

7  Request.[1]

8       Exhibits K and L are relied upon in support of MGA's Application for

9  Letters of request to prove that evidence relevant to MGA's affirmative defenses

10  exists and to impeach the contrary testimony of Mattel's witnesses.  *See* App.

11  Letters of Request; Reply in Support of MGA's Application for Letters of Request.[2]

12  As MGA noted above and in its Application for Issuance of Letter of Request,

13  Exhibits K and L only recently came to light.  They point to information that Mattel

14  did not disclose.  They are evidence that Mattel omitted facts from the chronology it

15  prepared and submitted to MGA during Phase 1 of this case.  *See* Reply to Letter of

16  Request at 7-8.  Moreover, as noted, they tend to impeach the trial testimony of

17  Mattel's in-house counsel that he spoke to Cityworld's counsel only for the purpose

18  of planning the trip to Hong Kong in November 2003.  Supplemental Declaration of

19  Diana Rutowski in Support of Letters of Request ("Supp. Rutowski Decl.") Ex. 1.

20  In light of Mattel's representations, MGA's counsel conducted further investigation

21  and found Exhibits K and L in support of its pending Application for Issuance of

22  Letter of Request.

23      **B.**    **Exhibits K and L Have Been Provided to Mattel, And Mattel Did**
24            **Not Request Any Other Documents In Its *Ex Parte* Notice.**

25      This *ex parte* application came about because on Tuesday, September 22,

26  2009 at 8:58 p.m., Mattel sent an e-mail demanding that MGA provide to it the full

27

28  [1] Docket Document No. 6589.
   [2] Docket Document No. 6714.


EXHIBIT 36
PAGE 157

MGA PARTIES' OPP. TO MATTEL'S *EX PARTE* APP. FOR
PROD. OF COMPLETE DOCS RE LETTERS OF REQUEST
CV-04-0049 DOC (RNBx)

1   documents excerpted as Exhibits K and L.  Declaration of Michael T. Zeller Ex. 5.

2   On September 22, 2009, there was a hearing before the District Court.  Counsel for

3   MGA were traveling from the District Court on that evening.  Hurst Decl. ¶ 3.

4        Mattel did not contact MGA further on its request, and Mattel did not obtain

5   MGA's position.  Had it done so, Mattel would have learned that MGA did not

6   object to the production of the full documents excerpted as Exhibits K and L.

7   Those documents have since been produced to Mattel.  Hurst Decl. ¶ 2, Ex. 1.

8        With respect to the "other documents" Mattel did not provide proper notice

9   of its *ex parte* application.  Zeller Decl. Ex. 5.  The e-mail from Mattel's counsel

10  seeks only "complete copies of the Bill of Costs and transcript documents that

11  MGA has provided to the Discovery Master."  *Id.*  Mattel did not mention that it

12  would seek *ex parte* relief as to any other documents.  It only asked to meet and

13  confer on "other documents."  *Id.*

## ARGUMENT

### I.   MATTEL'S *EX PARTE* APPLICATION IS MOOT.

17       As discussed above above, upon being made aware of Mattel's request for

18  complete copies of the documents attached as Exhibits K and L to the Rutowski

19  Declaration, MGA produced them.  Hurst Decl. ¶¶ 2 & 3.  Mattel's Application is

20  moot.  In its statement of good cause relates only to the documents on which "MGA

21  purports to rely on ... in support of its Letter of Request application."  There is

22  therefore no good cause to consider anything more.

### II.  MATTEL HAS NOT SHOWN GOOD CAUSE FOR *EX PARTE* RELIEF REGARDING "OTHER DOCUMENTS"

25       With respect to Mattel's request that MGA produce "any and all other

26  documents from the Cityworld litigation that refer or reflect alleged Mattel

27  communications," there is no basis for this relief.  Procedurally, this *ex parte* is

28  defective for lack of notice.  It is also simply not the vehicle to require MGA to


EXHIBIT 36
PAGE 458

-4-

1  produce documents.  This is so for a variety of reasons—all set forth below.  First,

2  these "other documents" are not relevant to MGA's Application for Letters of

3  Request, and Mattel did not state otherwise in its opposition brief.[3]  As already

4  noted in MGA's papers filed in support of its Letters of Request, Mattel seeks to

5  turn the Letters of Request briefing into a litigation on the merits of MGA's

6  defenses, which is neither proper nor warranted.  Second, Mattel has not shown

7  how Exhibits K and L or any other document not produced by MGA is a document

8  that MGA has improperly withheld and failed to produce.  Indeed, as noted above,

9  Exhibits K and L in their entirety were available to MGA counsel in this proceeding

10  in August and September 2009.  Finally, what cannot be overlooked is that Mattel

11  is seeking evidence about *its* communications, something it appears Mattel has not

12  fully revealed.  This is an instance of the pot calling the kettle black.

13      **A.**    **This *Ex Parte* Is Procedurally Improper.**

14      As discussed above, Mattel did not meet and confer with respect to the

15  requested "other documents" or provide notice that it would be seeking an *ex parte*

16  application concerning these "other documents."  The e-mail from Mattel's counsel

17  seeks only "complete copies of the Bill of Costs and transcript documents that

18  MGA has provided to the Discovery Master."  Zeller Decl. Ex. 5.

19      This warrants denial without further consideration.  It violates Judge Larson's

20  Standing Order which states clearly that "[a]pplications which fail to conform with

21  Local Rules 7-19 and 7-19.1 . . . will not be considered."  *See* J. Larson's Standing

22  Order, ¶ 6.  Local Rule 7-19 requires notice of the substance of the *ex parte*.  Here,

23  notice was lacking.

24      Furthermore, Mattel nowhere states how this meets the standard for *ex parte*

25  relief.  In his Standing Order, Judge Larson cautions counsels that "*ex parte*

26  applications are solely for extraordinary relief."  *See* J. Larson's Standing Order, ¶ 6

27

---

28  [3] Mattel's Opposition to MGA Parties' Application for Letters of Request, Docket Document No. 6680.


EXHIBIT **36**
PAGE **1059**

-5-

1   (citing *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D.

2   Cal. 1995)). While long on rhetoric and vituperation, what Mattel's *ex parte* lacks

3   is any analysis of why it must have the documents it seeks before the hearing on

4   October 16, 2009 and why it believes that MGA has withheld documents that

5   Mattel has requested. Exhibits K and L are not proof of the withholding of

6   documents. They were recently obtained. Their existence was disclosed.

7       Mattel does not make any such argument because it cannot. These "other

8   documents" are not pertinent to MGA's pending Application for Letters of Request,

9   or to the October 16, 2009 hearing on this matter. This is made clear by the fact

10  that Mattel did not claim that these documents were relevant or necessary to its

11  Opposition.

12      Moreover, the October 16, 2009 hearing is not a hearing on the merits of

13  MGA's affirmative defenses, it is a hearing on MGA's application to take

14  additional discovery. As detailed in MGA's Reply in Support of its Application for

15  Letters of Request, the simple fact is that MGA's statute of limitations and laches

16  defenses are pending, and MGA is entitled to discovery on those defenses. Reply at

17  2-7. And as Mattel acknowledges in its *ex parte* application, the Phase 1 orders

18  relate to Mattel's Phase 1 copyright claim, and that the accrual date was dependent

19  on Mattel's *receipt* of the "Bratz" drawings. App. 2; Reply at 6-7. Thus, there is

20  no justification for extraordinary relief with respect to "any and all other documents

21  from the Cityworld litigation that refer or reflect alleged Mattel communications."

22      Finally, extraordinary relief is also improper and unwarranted with respect to

23  "other documents" because the "other documents" that Mattel seeks are documents

24  that reflect alleged "*Mattel* communications." By definition, any such

25  communications would have either originated from or been sent to *Mattel*, and are

26  already in *Mattel's* possession. Mattel's request can only be read as an attempt to

27

28


EXHIBIT 36
PAGE 660

-6-

1    find out what MGA knows about Mattel's communications with Cityworld; it is not

2    a legitimate attempt to seek information about *its own* communications.[4]

3          Mattel's *ex parte* application should be denied in its entirety.

4    **B.    MGA Had No Obligation To Produce The Allegedly "Withheld"**
     **Documents.**
5

6          MGA had no obligation to produce full copies of Exhibits K and L at an

7    earlier date and has no obligation to produce the "other documents" sought through

8    Mattel's *ex parte* application. MGA relies upon Exhibits K and L to show the

9    existence of discoverable evidence that will support its affirmative defenses, and to

10   impeach the prior testimony of Mattel's in-house counsel, Michael Moore. Reply

11   7-8. Accordingly, MGA had no obligation to produce these documents in response

12   to the requests identified by Mattel at an earlier date, nor does MGA have an

13   obligation to produce any "other documents" to the extent that they are not

14   responsive to Mattel's requests.

15   **C.    Whether Cityworld's and Mattel's Counsel Communicated First**
     **In July, August, or September 2003 or on Some Other Date Is**
16   **Exactly The Information MGA Seeks.**

17         Mattel's last attempt at litigating the merits is to point to some perceived flaw

18   in the chronology of events. App. 2. However, the hearing transcripts indicate that

19   Cityworld attempted to exchange information with Mattel after Cityworld

20   discovered a July 2003 article in the Wall Street Journal. Rutowski Decl. Ex. L at

21   362. The Bill of Costs, which MGA submitted with its Application for Letters of

22   Request, reflects negotiations with Mattel's counsel on unspecified dates at least *as*

23   *early as September 2003. Id.* Ex. K at 254. Whether Cityworld's counsel first

24   sought to contact Mattel in September 2003, August 2003, July 2003, or on any

25   date prior, it would be more than three years before Mattel first sought to amend its

26

27   ───────────────────
     [4] The inference could be drawn that Mattel is concerned about MGA's knowledge
     of communications between Mattel and Cityworld that *Mattel has withheld*. Mattel
28   appears to fear MGA's discovery of communications with Cityworld, pulling out
     all the stops to avoid issuance of MGA's proposed Letters of Request.


EXHIBIT   36
PAGE   1161

-7-

1   pleadings to add a trade secret misappropriation claim on November 20, 2006—

2   pleadings that were not ultimately amended until January 2007.[5]  The date on which

3   those communications occurred and the content of those communications is exactly

4   the information MGA seeks through the proposed Letters of Request.

5        Mattel's false allegations against MGA and claims of smearing are not a

6   basis to grant the *ex parte* relief nor does Mattel cite any authority otherwise.

7   MGA is seeking discovery and has shown that there is discovery to be obtained

8   from third parties.  Mattel's argument should be seen for what it is—another

9   attempt to preclude MGA from obtaining information relevant to its defenses.

10                              **CONCLUSION**

11        For the reasons above, Mattel's *Ex Parte* Application for Production of

12   Complete Copies should be denied in its entirety.

13

14

15   Dated:  September 28, 2009           Respectfully submitted,

16                                        ANNETTE L. HURST
                                          Orrick, Herrington & Sutcliffe LLP
17

18                                        By: /s/ Annette L. Hurst

19                                            ANNETTE L. HURST
                                              Attorneys for MGA Parties
20

21

22

23

24

25

26

27

28   _____
     [5] MGA does not hereby concede that Mattel's claims were properly pled as of
     January 2007, but uses this date by way of example.

EXHIBIT  36
PAGE  642

                              -8-          MGA PARTIES' OPP. TO MATTEL'S *EX PARTE* APP. FOR
                                           PROD. OF COMPLETE DOCS RE LETTERS OF REQUEST
                                           CV-04-0049 DOC (RNBx)

### DECLARATION OF ANNETTE L. HURST

I, Annette L. Hurst, declare as follows:

1.    I am a member of the Bar of the State of California and admitted to practice before this Court, and a partner with the law firm of Orrick, Herrington & Sutcliffe LLP, lead counsel for Phase 2 to MGA Entertainment, Inc. ("MGAE"), MGA Entertainment HK, Ltd. ("MGA HK"), MGAE De Mexico, S.R.L. De C.V. ("MGAE Mexico"), and Isaac Larian (collectively, the "MGA Parties"). I have personal knowledge of the facts set forth in this declaration. If called as a witness, I could and would testify competently to such facts under oath.

2.    Attached hereto as **Exhibit 1** is a true and correct copy of a letter from Diana Rutowski to Michael T. Zeller dated September 25, 2009, which accompanied the production of the complete documents that were excerpted in Exhibits K and L to the Rutowski Declaration, on which I was copied.

3.    On Tuesday, September 22, 2009, at approximately 8:58 p.m., Mr. Zeller sent an e-mail requesting complete copies of Exhibits K and L to me and my colleague William Molinski. Despite my repeated prior requests that Quinn Emanuel direct its correspondence to the attorneys at Orrick who are handling various matters, Mr. Zeller did not include Ms. Rutowski—the Orrick attorney who signed both the Application for Letters of Request as well as the Declarations of Diana Rutowski in support thereof attaching Exhibits K and L. This is yet another example of the chronic problem of Mattel flooding my e-mail inbox and not contacting the attorney with primary responsibility for a particular issue, even when that responsibility is clear from the papers filed. As I was traveling back to San Francisco from a hearing in front of Judge Larson in Los Angeles, I did not review Mr. Zeller's e-mail. The next morning I immediately commenced preparation for the six motions to be heard on Friday morning, and I did not review all of my unread e-mail from the night before. In fact, I did not have a chance to review Mr. Zeller's e-mail until after the *ex parte* was served. Mr. Zeller never mentioned


EXHIBIT 36
PAGE 143

DECLARATION OF ANNETTE HURST
CV-04-0049 DOC (RNBx)

1    Mattel's intended *ex parte* application to me at any time prior to its filing nor did he

2    make any other attempt to inform MGA of the relief Mattel now seeks. Had Mr.

3    Zeller bothered to pick up the phone, Mattel could have had the entirety of the

4    documents excerpted as Exhibits K and L shortly thereafter.

5          4.    Attached hereto as **Exhibit 2** is a true and correct copy of an e-mail

6    from William Molinski to Michael T. Zeller dated September 23, 2009.

7          5.    I first received excerpts from the Bill of Costs and Appointment to Tax

8    hearing on July 9, 2009. We requested full copies of these documents, and we

9    ultimately obtained from Hong Kong counsel the full document excerpted in

10   Exhibit L on August 17, 2009, and the full document excerpted in Exhibit K on

11   September 1, 2009.

12         6.    The Hong Kong taxation proceedings revealed, amongst other things,

13   important impeachment evidence. Rule 26 permits parties to withhold evidence

14   that is to be used for impeachment purposes.

15               I declare under penalty of perjury that the foregoing is true and correct

16   and that this Declaration was executed this 28th day of September, 2009, at San

17   Francisco, California.

18

19                              _/s/ Annette L. Hurst_
                                Annette L. Hurst

20

21

22

23

24

25

26

27

28



EXHIBIT  **36**
PAGE  **164**

-2-

DECLARATION OF ANNETTE HURST
CV-04-0049 DOC (RNBx)

# EXHIBIT 1

EXHIBIT _36_

PAGE _005_




# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

tel +1-650-614-7400
fax +1-650-614-7401

WWW.ORRICK.COM

September 25, 2009

Diana M. Rutowski
(650) 614-7685
drutowski@orrick.com

*VIA MESSENGER*

Michael T. Zeller, Esq.
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 Figueroa Street 10th Floor
Los Angeles, CA 90017

Re:     Carter Bryant v. Mattel and consolidated actions

Dear Michael:

Enclosed please find a CD containing MGA's production Bates numbered MGA2 0539285 – MGA2 0539678.

Very truly yours,

Diana M. Rutowski

DMR/dxg
Enclosure

cc:     Annette Hurst

EXHIBIT  36
PAGE  144

# EXHIBIT 2

EXHIBIT _36_
PAGE _667_

**From:** Molinski, William
**Sent:** Wednesday, September 23, 2009 4:44 PM
**To:** 'Michael T Zeller'; Valerie Lozano; Hurst, Annette
**Cc:** 'jrussell@skadden.com'; 'acote@obsklaw.com'; 'todd.gordinier@bingham.com'; Jon Corey; Parker, Warrington
**Subject:** RE: Mattel adv. MGA

Mike:

This is in further response to your letter dated September 4, 2009. With respect to your request that we identify the names of individuals at various entities identified in MGA's Responses to Mattel's Amended Supplemental Interrogatory regarding Affirmative Defenses, we are currently looking into your request to determine if we have additional information that might be responsive. To the extent we identify such information, we will supplement this response within 10 days. If you would like to meet on this issue, either before or after that time, please let me know and we would be happy to do so.
Responding to Jon Corey's letter of today's date, to the extent that the amended response served on August 31, 2009 references new documents not referenced previously, MGA will determine whether those documents have been produced. Otherwise, it is incumbent on Mattel to inform MGA of those documents it claims it does not have.

Bill



O R R I C K

**BILL A. MOLINSKI**
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855
*tel* 213-612-2256
*fax* 213-612-2499
*mobile* 310-502-7580
wmolinski@orrick.com
www.orrick.com

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Tuesday, September 22, 2009 9:32 AM
**To:** Molinski, William; Valerie Lozano; Hurst, Annette
**Cc:** 'jrussell@skadden.com'; 'acote@obsklaw.com'; 'todd.gordinier@bingham.com'; Jon Corey
**Subject:** Re: Mattel adv. MGA

Bill, there is no basis for yet more delay before MGA provides any kind of response on this issue. We sent our original meet and confer letter on September 4. MGA's deadline for MGA to meet and comfer under the Discovery Master Stipulation expired long ago. Instead, it ignored that obligation until we had to send a second letter. Even now, MGA does not say it will make itself available for a meet and confer but only announces after all this time that it will respond in some unspecified way. If MGA is interested in resolving this matter, please let us know when tomorrow it is available to discuss it.

**From:** Molinski, William <wmolinski@orrick.com>
**To:** Valerie Lozano; Hurst, Annette <ahurst@orrick.com>
**Cc:** jrussell@skadden.com <jrussell@skadden.com>; acote@obsklaw.com <acote@obsklaw.com>; todd.gordinier@bingham.com <todd.gordinier@bingham.com>; Michael T Zeller; Jon Corey
**Sent:** Tue Sep 22 07:53:11 2009
**Subject:** RE: Mattel adv. MGA

EXHIBIT    36
PAGE    468

Exhibit 2 - Page 4

Counsel:

We are reviewing the issues you addressed in your September 4 letter and expect to have a response shortly, but no later than the end of this week.



O R R I C K

**BILL A. MOLINSKI**
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855

*tel* 213-612-2256
*fax* 213-612-2499
*mobile* 310-502-7580
wmolinski@orrick.com

www.orrick.com

---

**From:** Valerie Lozano [mailto:valerielozano@quinnemanuel.com]
**Sent:** Monday, September 21, 2009 4:13 PM
**To:** Hurst, Annette; Molinski, William
**Cc:** jrussell@skadden.com; acote@obsklaw.com; todd.gordinier@bingham.com; Michael T Zeller; Jon Corey
**Subject:** Mattel adv. MGA

Counsel:  attached please find correspondence from Jon Corey.


Best Regards,


**Valerie Lozano**
*Associate,*
**Quinn Emanuel Urquhart Oliver & Hedges LLP.**

865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
213-443-3280 Direct
213.443.3000 Main Office Number
213.443.3100 FAX
valerielozano@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

"EMF <orrick.com>" made the following annotations.
--------------------------------------------------------

=========================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,

EXHIBIT 36
PAGE 149

Exhibit 2 - Page 5

we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

===============================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

For more information about Orrick, please visit http://www.orrick.com/
===============================================================
===============================================================

EXHIBIT __36__
PAGE __670__

Exhibit 2 - Page 6

# EXHIBIT 37

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2     John B. Quinn (Bar No. 090378)
      (johnquinn@quinnemanuel.com)
3     Michael T. Zeller (Bar No. 196417)
      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
6   Facsimile:  (213) 443-3100

7   Attorneys for Mattel, Inc.

8   [Additional counsel listed on following page]

9

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12  CARTER BRYANT, an individual,        )  Case No. CV 04-09049 SGL (RNBx)
                                          )
13                   Plaintiff,           )
                                          )  Consolidated with
14        v.                              )  Case No. CV 04-09059
                                          )  Case No. CV 05-02727
15  MATTEL, INC., a Delaware              )
    corporation,                          )  STIPULATION FOR APPOINTMENT
16                                        )  OF A DISCOVERY MASTER; AND
                     Defendant.           )
17                                        )  [PROPOSED] ORDER
                                          )
18                                        )  Discovery Cutoff Date: Not Set
                                          )  Trial Date:  Not Set
19
20
21
22
23
24
25
26
27                                        EXHIBIT 31
28                                        PAGE 101

1  LITTLER MENDELSON
   Robert F. Millman (Bar No. 062152)
2  Douglas A. Wickham (Bar No. 127268)
   Keith A. Jacoby (Bar No. 150233)
3  2049 Century Park East, 5th Floor
   Los Angeles, California 90067-3107
4  Telephone: (310) 553-0308
   Facsimile: (310) 553-5583
5
   Attorneys for Carter Bryant
6
   O'MELVENY & MYERS LLP
7  Diana M. Torres (Bar No. 162284)
   400 S. Hope Street
8  Los Angeles, California 90017
   Telephone: (213) 430-6000
9  Facsimile: (213) 430-6407

10 O'MELVENY & MYERS LLP
   Dale Cendali
11 Times Square Tower
   7 Times Square
12 New York, NY 10036

13 CHRISTENSEN, GLASER, FINK, JACOBS WEIL & SHAPIRO, LLP
   Patricia Glaser (Bar No. 55668)
14 10250 Constellation Boulevard - 19th Floor
   Los Angeles, CA 90067
15 Telephone: (310) 553-3000
   Facsimile: (310) 556-2920
16
   Attorneys for MGA Entertainment, Inc.
17

18

19

20

21

22

23

24

25

26

27  EXHIBIT 37

28  PAGE 672

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

1        WHEREAS, the parties are in agreement that a discovery master should be

2    appointed in this matter to resolve any discovery disputes and to minimize the

3    burden on the Court; and

4        WHEREAS, the parties have agreed upon a nominee, Hon. Edward A. Infante

5    (Ret.), and he has agreed to serve as a discovery master in this matter;

6        NOW, THEREFORE, to facilitate the fair and efficient completion of pre-

7    trial discovery, the parties Mattel, Inc. and Carter Bryant and MGA Entertainment,

8    Inc., by and through their respective counsel of record, hereby stipulate and agree as

9    follows:

10        1.    The Discovery Master shall be appointed to assure and provide cost-

11    effective discovery and to minimize the burden of discovery disputes upon the

12    Court.  Any and all discovery motions and other discovery disputes in the above

13    captioned action shall be decided by a master ("Discovery Master") pursuant to

14    Federal Rule of Civil Procedure 53.  Any motions currently pending before

15    Magistrate Judge Block shall be transferred to the Discovery Master.  The moving

16    party shall provide to the Discovery Master all papers associated with each pending

17    motion.

18        2.    The Discovery Master shall be Hon. Edward A. Infante (Ret.).  His

19    business address is: Two Embarcadero Center, Suite 1500, San Francisco, CA

20    94111.

21        3.    Judge Infante shall serve as the Discovery Master until all issues herein

22    have been finally disposed of or determined, or until he shall withdraw in

23    accordance with applicable law.  If at any time he becomes unable to serve as the

24    Discovery Master, the parties shall confer to present an alternative agreed-upon

25    designee to the Court.  In the event that the parties cannot agree to an alternate

26    designee, then the Court shall appoint a Discovery Master.

27        4.    The Discovery Master shall have the authority to set the date, time, and

28    place for all hearings determined by the Discovery Master to be necessary; to


EXHIBIT 37
PAGE 673

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

1   preside over hearings (whether telephonic or in-person); to take evidence in
2   connection with discovery disputes; to issue orders resolving discovery motions
3   submitted to the Discovery Master; to conduct telephonic conferences to resolve
4   discovery disputes arising during depositions; to issue orders awarding non-
5   contempt sanctions, including, without limitation, the award of attorney's fees, as
6   provided by Rules 37 and 45; and to prepare, file and serve other orders, reports and
7   recommendations, as appropriate.

8          5.     All discovery disputes shall be resolved by motion (except those arising
9   during a deposition which the Discovery Master determines can be resolved by
10  telephonic conference during the deposition).  The moving party shall first identify
11  each dispute, state the relief sought, and identify the authority supporting the
12  requested relief in a meet and confer letter that shall be served on all parties by
13  facsimile or electronic mail.  The parties shall have five court days from the date of
14  service of that letter to conduct an in-person conference to attempt to resolve the
15  dispute.  If the dispute has not been resolved within five court days after such
16  service, the moving party may seek relief from the Discovery Master by formal
17  motion or letter brief, at the moving party's option.  The opposing party shall have
18  five court days from the date of service of the motion or letter brief to submit a
19  formal opposition or response.  Any reply brief or letter brief shall be served within
20  three court days from the date of service of a formal opposition or response.  The
21  hearing on the motion shall take place within five court days of the service of any
22  reply brief or letter unless (a) the parties agree to another hearing date or agree that
23  no hearing is necessary; (b) the Discovery Master determines that no hearing is
24  necessary; or (c) the Discovery Master is not available, in which case the hearing
25  shall take place on the Discovery Master's first available date.  The foregoing shall
26  not prohibit (i) the parties from agreeing to alternate procedures, or (ii) a party from
27  seeking the Discovery Master's immediate resolution of a dispute or resolution of a
28  dispute upon shortened time upon a showing of good cause why a party would be

EXHIBIT  37
PAGE 614

- 4 -

1   prejudiced absent prompt resolution. Service of any document by fax or electronic

2   mail prior to 6:00 p.m. shall constitute service on that day.

3        6.     The Discovery Master's orders resolving discovery disputes, reports, or

4   recommendations pursuant to Rule 53(e) or (f) shall be treated as rulings made by a

5   Magistrate Judge of the United States District Court. The Discovery Master shall

6   file each order, report, or recommendation pursuant to Rule 53(e) or (f) and serve

7   the parties within five court days of his/her decision on a matter.

8        7.     A court reporter shall transcribe any hearing or other proceeding before

9   the Discovery Master.

10        8.     The cost of any proceeding before the Discovery Master, including the

11   fees of the Discovery Master, the fees of court reporters who transcribe hearings or

12   other proceedings before the Discovery Master, and the fees of any other person

13   necessary to the efficient administration of the proceeding before the Discovery

14   Master, shall be paid one-half by Mattel, Inc., and one-half by MGA Entertainment,

15   Inc. and Carter Bryant unless, consistent with the Federal Rules of Civil Procedure,

16   the Discovery Master Orders otherwise. By agreeing to share costs among the

17   parties, no party waives its right to seek recovery or reimbursement for such costs

18   from any other party.

19        9.     The Discovery Master shall be compensated according to his regular

20   hourly rate of $750.

21       10.    Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Discovery

22   Master shall proceed with all reasonable diligence.

23       11.    Based on an affidavit filed by Hon. Edward A. Infante pursuant to

24   28 U.S.C. § 455 and Federal Rule of Civil Procedure 53(b)(3), the parties are not

25   aware that he has a relationship to the parties, to counsel, to the action, or to the

26   Court that would require disqualification of a judge under 28 U.S.C. § 455, and

27   based thereon the parties expressly waive any ground for disqualification disclosed

28   therein of Hon. Edward A. Infante to serve as master in these proceedings.


EXHIBIT 37
PAGE 075

STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER AND [PROPOSED] ORDER

12.    The Discovery Master shall not have ex parte communications with ~~the Court~~, a party or counsel.

13.    The Discovery Master shall preserve and maintain all documents and materials submitted by the parties as well as all orders, reports, and recommendations issued by the Discovery Master.  These documents, materials, orders, reports and recommendations shall be the record of the Discovery Master's activities, and shall be maintained in chronological order until the Discovery Master is informed by the parties that all issues herein have been finally disposed of and determined.

14.    The Discovery Master is hereby authorized to receive and consider information and documents designated "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS EYES ONLY" pursuant to the January 4, 2005 Stipulated Protective Order.  The Discovery Master agrees to be bound by the January 4, 2005 Order.

15.    All third parties subject to discovery requests or deposition in this litigation shall be bound by the terms of this Stipulation and Order.

Dated: November 22, 2006                    O'MELVENY & MYERS LLP

                                            By: _____
                                                Diana Torres
                                                Attorneys for MGA Entertainment, Inc.

Dated:  November 22, 2006                   LITTLER MENDELSON

                                            By: _____
                                                Douglas A. Wickham
                                                Attorneys for Carter Bryant

- 6 -

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

EXHIBIT 37
PAGE 676

1    Dated: ~~November~~ December 4, 2006          QUINN EMANUEL URQUHART
2                                                   OLIVER & HEDGES, LLP

3                                                 By: _Jon D Corey_____
4                                                   Jon D. Corey
5                                                   Attorneys for Mattel, Inc.

6                                          **ORDER**

7         The foregoing Stipulation for Appointment of a Discovery Master is SO

8    ORDERED *as modified.*

9

10   Dated: _12-6-06_.                           _S G Larson_____
11                                               Hon. Stephen G. Larson
12                                               United States District Court Judge

13

14                            **CONSENT OF DISCOVERY MASTER**

15        If appointed by the Court, I, the undersigned, consent to serve as Discovery

16   Master in the above referenced proceeding consistent with this Order.

17

18   Dated: _12-5-06_.                           _Edward A Infante_____
19                                               Hon. Edward A. Infante (Ret.)

20

21

22

23

24

25

26

27

28

EXHIBIT **37**
PAGE **677**                        -7-        STIPULATION FOR APPOINTMENT OF A DISCOVERY
                                               MASTER AND [PROPOSED] ORDER

**PROOF OF SERVICE**
1013A(3) CCP Revised 5/1/88

1  STATE OF CALIFORNIA )
2  COUNTY OF LOS ANGELES )

3     I am employed in the county of Los Angeles  State of California.  I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

4

5     On December 5, 2006, I served the foregoing document described as **STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER; AND [PROPOSED ORDER** on  all interested parties in this action.

6

7  **Keith A. Jacoby, Esq.**                          **Diana M. Torres, Esq.**
   **Douglas Wickham, Esq.**                        **O'Melveney & Meyers**
   **Littler Mendelson**                            400 S. Hope Street
8  **A Professional Corporation**                   Los Angeles, CA 90071
   2049 Century Park East, 5th Floor               Phone: 213-430-6000
9  Los Angeles, California 90067-3107              Fax: 213-430-6407
   Phone: 310-553-0308
10 **Fax: 310-553-5583**

11

12 [ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed
13       as follows:

   [X]   **BY MAIL**
14
15 [ ]   I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

16 [ ]   As follows:  I am "readily familiar" with the firm's practice of collection and processing
17       correspondence for mailing.  Under that practice it would be deposited with U.S. postal
         service on that same day with postage thereon fully prepaid at Los Angeles, California in the
18       ordinary course of business.  I am aware that on motion of the party served, service is
         presumed invalid if postal cancellation date or postage meter date is more than one day after
19       date of deposit for mailing in affidavit.

20 [ ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

21 [ ]   **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

22 Executed on December 5, 2006, at Los Angeles, California.

23 [ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24 [X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

25

26   Cheri Hatch
27   Print Name                              Signature

28

EXHIBIT _37_
PAGE _678_