MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS<br><br>[**PUBLIC VERSION**] | Case No. 2:04-CV-09049-DOC-RNBx<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**DECLARATION OF ANNETTE L. HURST IN SUPPORT OF MOTIONS TO VACATE RECALL PROVISIONS OF INJUNCTION, OR, IN THE ALTERNATIVE TO CLARIFY AND/OR MODIFY SUCH RECALL PROVISIONS; MOTION TO CLARIFY AND/OR LIMIT MONITOR'S AUTHORITY AS AN ADJUDICATIVE OFFICER OF THE COURT; EXHIBITS**<br><br>Date: November 9, 2009<br>Time: 8:30 a.m.<br>Courtroom: 9D (Hon. David O. Carter) |

I, Annette L. Hurst, declare as follows:

1. I am a member of the Bar of the State of California and admitted to practice before this Court, and a partner with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel to MGA Entertainment, Inc., MGA Entertainment HK, Ltd., MGAE De Mexico, S.R.L. De C.V., and Isaac Larian (collectively, the "MGA Defendants"). I make this declaration in support of the MGA Defendants' Motions to Vacate Recall Provisions of Injunction, or, in the Alternative to Clarify and/or Modify Such Recall Provisions; Motion to Clarify and/or Limit Monitor's Authority as an Adjudicative Officer of the Court. I make this declaration of my own personal knowledge and, if called as a witness unless indicated as to information and believe, I could and would testify competently to the truth of the matters set forth herein.

2. Attached hereto as **Exhibit 1** is a true and correct copy of excerpts of the Transcript of Proceedings dated June 4, 2008.

3. Attached hereto as **Exhibit 2** is a true and correct copy of excerpts of the Transcript of Proceedings (Afternoon Session) dated June 11, 2008.

4. Attached hereto as **Exhibit 3** is a true and correct copy of excerpts of the Transcript of Proceedings (Afternoon Session) dated June 18, 2008.

5. Attached hereto as **Exhibit 4** is a true and correct copy of excerpts of the Transcript of Proceedings (Morning Session) dated June 18, 2008.

6. Attached hereto as **Exhibit 5** is a true and correct copy of excerpts of the Transcript of Proceedings dated June 4, 2008.

7. Attached hereto as **Exhibit 6** is a true and correct copy of excerpts of the Transcript of Proceedings dated June 12, 2008.

8. Attached hereto as **Exhibit 7** is a true and correct copy of excerpts of the Transcript of Proceedings dated June 17, 2008.

9. Attached hereto as **Exhibit 8** is a true and correct copy of excerpts of the Transcript of Proceedings (Morning Session) dated June 6, 2008.

1  10.  Attached hereto as **Exhibit 9** is a true and correct copy of Trial Exhibit
2  15.

3  11.  Attached hereto as **Exhibit 10** is a true and correct copy of excerpts of
4  the Transcript of Proceedings (Afternoon Session) dated June 6, 2008.

5  12.  Attached hereto as **Exhibit 11** is a true and correct copy of excerpts of
6  the Transcript of Proceedings dated June 10, 2008.

7  13.  Attached hereto as **Exhibit 12** is a true and correct copy of excerpts of
8  the Transcript of Proceedings dated July 2, 2008.

9  14.  Attached hereto as **Exhibit 13** is a true and correct copy of excerpts of
10 the Transcript of Proceedings dated August 5, 2008.

11 15.  Attached hereto as **Exhibit 14** is a true and correct copy of excerpts of
12 the Transcript of Proceedings dated August 6, 2008.

13 16.  Attached hereto as **Exhibit 15** is a true and correct copy of excerpts of
14 the Transcript of Proceedings (Morning Session) dated August 7, 2008.

15 17.  Attached hereto as **Exhibit 16** is a true and correct copy of excerpts of
16 the Transcript of Proceedings dated August 8, 2008.

17 18.  Attached hereto as **Exhibit 17** is a true and correct copy of excerpts of
18 the Transcript of Proceedings (Morning Session) dated August 12, 2008.

19 19.  Attached hereto as **Exhibit 18** is a true and correct copy of excerpts of
20 the Transcript of Proceedings (Afternoon Session) dated August 12, 2008.

21 20.  Attached hereto as **Exhibit 19** is a true and correct copy of excerpts of
22 the Transcript of Proceedings (Morning Session) dated June 11, 2008.

23 21.  Attached hereto as **Exhibit 20** is a true and correct copy of Trial
24 Exhibit 13931-1.

25 22.  Attached hereto as **Exhibit 21** is a true and correct copy of excerpts of
26 the Transcript of Proceedings (Morning Session) dated August 13, 2008.

27 23.  Attached hereto as **Exhibit 22** is a true and correct copy of Trial
28 Exhibit 18196.

1  24. Attached hereto as **Exhibit 23** is a true and correct copy of excerpts of the Transcript of Proceedings (Afternoon Session) dated May 27, 2008.

25. Attached hereto as **Exhibit 24** is a true and correct copy of Trial Exhibits 1-1 to 1-11.

26. Attached hereto as **Exhibit 25** is a true and correct copy of Trial Exhibits 2-1 to 2-10.

27. Attached hereto as **Exhibit 26** is a true and correct copy of Trial Exhibits 3-1 to 3-13.

28. Attached hereto as **Exhibit 27** is a true and correct copy of Trial Exhibits 5-14, 5-18, 5-19, 5-26, 5-27, 5-28, 5-30, 5-34 to 43, 5-46, 5-49 to 5-89, 5-95, 5-96, 5-99, 5-101 to 108, 5-111 to 5-114, 5-136.

29. Attached hereto as **Exhibit 28** is a true and correct copy of Trial Exhibits 10-2, 10-3.

30. Attached hereto as **Exhibit 29** is a true and correct copy of Trial Exhibits 35-1 to 35-3.

31. Attached hereto as **Exhibit 30** is a true and correct copy of Trial Exhibits 62-1 to 62-15.

32. Attached hereto as **Exhibit 31** is a true and correct copy of Trial Exhibit 63-1.

33. Attached hereto as **Exhibit 32** is a true and correct copy of Trial Exhibits 323-18, 323-19, 323-26, 323-32, 323-33.

34. Attached hereto as **Exhibit 33** is a true and correct copy of Trial Exhibit 523.

35. Attached hereto as **Exhibit 34** is a true and correct copy of Trial Exhibit 620.

36. Attached hereto as **Exhibit 35** is a true and correct copy of Trial Exhibit 621.

///

37. Attached hereto as **Exhibit 36** is a true and correct copy of Trial Exhibit 623.

38. Attached hereto as **Exhibit 37** is a true and correct copy of Trial Exhibit 624.

39. Attached hereto as **Exhibit 38** is a true and correct copy of Trial Exhibit 701.

40. Attached hereto as **Exhibit 39** is a true and correct copy of Trial Exhibit 702.

41. Attached hereto as **Exhibit 40** is a true and correct copy of Trial Exhibit 703.

42. Attached hereto as **Exhibit 41** is a true and correct copy of Trial Exhibit 704.

43. Attached hereto as **Exhibit 42** is a true and correct copy of Trial Exhibit 705.

44. Attached hereto as **Exhibit 43** is a true and correct copy of Trial Exhibit 706.

45. Attached hereto as **Exhibit 44** is a true and correct copy of Trial Exhibit 707.

46. Attached hereto as **Exhibit 45** is a true and correct copy of Trial Exhibit 708.

47. Attached hereto as **Exhibit 46** is a true and correct copy of Trial Exhibit 709.

48. Attached hereto as **Exhibit 47** is a true and correct copy of Trial Exhibit 710.

49. Attached hereto as **Exhibit 48** is a true and correct copy of Trial Exhibit 711.

50. Attached hereto as **Exhibit 49** is a true and correct copy of Trial Exhibit 712.

1  51.  Attached hereto as **Exhibit 50** is a true and correct copy of excerpts of the Transcript of Proceedings dated July 10, 2008.

3  52.  Attached hereto as **Exhibit 51** is a true and correct copy of excerpts of the Transcript of Proceedings dated November 11, 2008.

5  53.  Attached hereto as **Exhibit 52** is a true and correct copy of excerpts of the Transcript of Proceedings dated August 20, 2008.

7  54.  Attached hereto as **Exhibit 53** is a true and correct copy of excerpts of the Transcript of Proceedings dated August 22, 2008.

9  55.  Attached hereto as **Exhibit 54** is a true and correct copy of a redline version of the December 3, 2008 Copyright Injunction that compares the injunction order sought by Mattel, Dkt. # 4316, with the Copyright Injunction issued by the Court, Dkt. # 4443.

13  56.  Attached hereto as **Exhibit 55** is a true and correct copy of the Ninth Circuit Order dated June 10, 2009.

15  57.  Attached hereto as **Exhibit 56** is a true and correct copy of Mattel, Inc.'s Objections and Responses to Third Set of Phase 2 Requests for Production of Documents. **[Filed Under Seal].**

18  58.  Attached hereto as **Exhibit 57** is a true and correct copy of excerpts of the Transcript of Proceedings (Afternoon Session) dated August 7, 2008.

20  59.  Attached hereto as **Exhibit 58** is a true and correct copy of excerpts of the August 2009 Accounting submitted to the Monitor September 17, 2009. **[Filed Under Seal].**

23  60.  Attached hereto as **Exhibit 59** is a true and correct copy of a letter from David Seror of Ervin Cohen & Jessup, LLP to Annette Hurst dated September 21, 2009.  **[Filed Under Seal].**

26  61.  Attached hereto as **Exhibit 60** is a true and correct copy of an email string reflecting correspondence between David Rosenbaum and Victoria O'Connor dated September 28, 2000.

1  62. Attached hereto as **Exhibit 61** is a true and correct copy of Trial
2  Exhibit 25.

3  63. Attached hereto as **Exhibit 62** is a true and correct copy of a letter
4  from Annette Hurst to Patrick Fraioli and David Seror of Ervin Cohen & Jessup,
5  LLP dated September 18, 2009. **[Filed Under Seal].**

6  64. On October 19, 2009 I met and conferred telephonically with Mike
7  Zeller, Dylan Proctor and Scott Watson of the Quinn Emanuel firm, counsel for
8  Mattel. I explained each of the motions to be filed, the principal authorities upon
9  which each motion rested, and described all of the proposed changes to the Court's
10 recall order set forth in the [Proposed] Order. I explained that MGA's detailed
11 recall plan would be filed as part of the motion papers. I also informed them that
12 MGA would file with the Motions an ex parte application requesting relief from the
13 twenty-day notice for meet and confer required under the Local Rules. In
14 connection with that ex parte application, I offered to alter the briefing schedule on
15 the Motions so that Mattel would have an extra couple of days to file an opposition,
16 but emphasized that it was critical that the Motions be heard as soon as possible in
17 light of the pending deadlines for execution of the recall plan. On October 19,
18 2009, my colleague, Warrington S. Parker, informed me that he received a call from
19 Scott Watson who informed him that Mattel would not oppose the ex parte
20 application.

21 I declare under penalty of perjury that the foregoing is true and correct and
22 that this Declaration was hereby executed this 19th day of October 2009, at San
23 Francisco, California.

/s/ *Annette L. Hurst*
Annette L. Hurst