MELINDA HAAG (State Bar No. 132612)
mhaag@orrick.com
ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-5700/Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel. (213) 629-2020/Fax: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br>Honorable David O. Carter<br><br>**MGA PARTIES' *EX PARTE* APPLICATION FOR RELIEF FROM THE TWENTY-DAY REQUIREMENT OF LOCAL RULE 7-3** |

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Counter-Defendants MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and Isaac Larian (collectively, the "MGA Parties"), respectfully submit this *ex parte* application seeking relief from the 20-day requirement of Local Rule 7-3 on their concurrently filed Motions To Vacate Recall Provisions Of Injunction, Or, In The Alternative To Clarify And/Or Modify Such Recall Provisions; Motion To Clarify And/Or Limit Monitor's Authority As An Adjudicative Officer Of The Court ("Motion").

The MGA Parties seek relief from Local Rule 7-3's 20-day requirement in order to have this motion fully briefed and heard in November of 2009. The recall ordered by the December 3, 2008 Order Granting Mattel's Motion for Permanent Injunction (Dkt # 4443) and subsequent stays thereof require the MGA Parties to notify retailers soon of the need to recall enjoined products by January 21, 2010. At least two of the issues requiring relief have arisen as a result of communications with the Monitor in the last couple of weeks. As such, the MGA Parties need resolution of recall issues in November in order to proceed with an orderly recall if this Court deems that a recall is appropriate.

### Statement of Compliance with Local Rule 7-19

Counsel for Mattel, Inc. include Michael Zeller, Jon Corey, and B. Dylan Proctor of Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP (telephone: 213-443-3000; address: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017).

Pursuant to Local Rule 7-19.1, counsel for the MGA Parties gave notice of this Application to counsel for Mattel on October 19, 2009. Counsel for Mattel indicated that Mattel would not oppose the Application.

Dated: October 19, 2009                ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ Annette L. Hurst
Annette L. Hurst
Attorneys for MGA Parties

## MEMORANDUM OF POINTS AND AUTHORITIES

As discussed at length in the Motion and declarations submitted therewith, the facts that have given rise to this Motion have developed over just the last few weeks.

First, on September 28, 2009, in a declaration submitted to the Monitor in conjunction with briefing on the issue of which Bratz products are subject to recall, the MGA Parties became aware for the first time that Mattel did not plan ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ Dkt # 6935 (Decl. of Timothy Kilpin ISO Mattel Submission on Scope of Recall dated September 28, 2009) ¶ 4 ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ (emphasis added). Prior to this declaration, the MGA Parties understood that ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ Dkt # 5496 (Decl. of Timothy Kilpin ISO Mattel, Inc.'s Opp'n to MGA's Ex Parte Appl. & Mot. for Stay Pending Appeal dated May 13, 2009) ¶ 5 ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ (emphasis added)).

Second, irreconcilable inconsistencies between the Court-Appointed Monitor's interpretation of the December 3, 2008 Order Granting Mattel's Motion for Permanent Injunction (Dkt # 4443) ("Copyright Injunction Order") and the MGA Parties' interpretation of that Order became apparent in early October. For example, on October 9, 2009, the MGA Parties became aware for the first time that

1 ▓▓▓
2 ▓▓▓
3 ▓▓▓
4 ▓▓▓ Declaration of Jason D.
5 Russell dated October 19, 2009 ¶¶ 2-3. ▓▓▓
6 ▓▓▓
7 ▓▓▓
8 ▓▓▓ *Id.* ¶ 4.

In light of the fact that the recall ordered under the Copyright Injunction Order is scheduled to go into effect on January 21, 2010 (Dkt # 5565 (May 21, 2009 Order Appointing Monitor) at 7 ("The MGA parties and others in the distribution chain may sell all 2009 Bratz products up through and including January 21, 2010.")), ▓▓▓ *See generally* Declarations of Ninette Pembleton & Larry Falcon, dated October 19, 2009, filed concurrently. ▓▓▓ *See* Declaration of Ninette Pembleton. As a result, although the MGA Parties believe there is adequate time for a normal briefing schedule and do not request an expedited hearing, the MGA Parties could not afford an additional twenty-day delay of this motion to permit expiration of the meet and confer period required by Local Rule 7-3. Moreover, given the relief requested and the history of the litigation over these issues, it seems unlikely that a meet-and-confer on these issues would have been productive or resolved them. Nonetheless, as set forth in the accompany Declaration of Annette Hurst, MGA did contact counsel for Mattel prior to filing and provide a full explanation of the relief requested in the motion and the grounds therefore.

      For these reasons, the MGA Parties respectfully request relief from Local-Rule 7-3's twenty-day requirement.

Dated: October 19, 2009      ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
      Annette L. Hurst
      Attorneys for MGA Parties