1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2  John B. Quinn (Bar No. 090378)
   (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9                  UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                       SOUTHERN DIVISION

12  MATTEL, INC., a Delaware            CASE NO. CV 04-9049 DOC (RNBx)
    corporation,                        Consolidated with
13                                      Case No. CV 04-09059
                 Plaintiff,            Case No. CV 05-02727
14
         vs.                           **DISCOVERY MATTER**
15
    MGA ENTERTAINMENT, INC., a          **[To Be Heard By Discovery Master**
16  California corporation, et al.,     **Robert O'Brien]**

17               Defendant.            MATTEL, INC.'S OPPOSITION TO
                                       MGA ENTERTAINMENT, INC.'S
18  _____    MOTION TO COMPEL FURTHER
                                       RESPONSES TO MGA'S REQUESTS
    AND CONSOLIDATED ACTIONS            FOR PRODUCTION OF
19                                      DOCUMENTS

20                                      [Declarations of James J. Webster,
21                                      Robert J. Dart, and Jan Hodges filed
    **PUBLIC REDACTED VERSION**         concurrently]
22
                                       Hearing Date:  TBD
23                                      Time:          TBD
                                       Place:         Arent Fox LLP
24                                                     555 West Fifth St.
                                                       48th Floor
25                                                     Los Angeles, CA  90013

26                                      **Phase 2**
                                       Discovery Cut-off:      June 1, 2010
27                                      Pre-trial Conference:   TBD
                                       Trial Date:             TBD
28

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

FACTUAL BACKGROUND ................................................................................... 2

ARGUMENT ........................................................................................................... 6

I.   MGA'S MOTION IS PROCEDURALLY IMPROPER ................................. 6

    A.   MGA Refused To Properly Meet And Confer Before Filing This Massive Motion .................................................................................. 6

    B.   The Motion Should Be Denied As To The 116 Requests For Which MGA Fails To Provide A Separate Statement ............................ 7

II.  MGA IMPROPERLY SEEKS TO COMPEL REQUESTS TO WHICH MATTEL HAS ALREADY FULLY RESPONDED ..................................... 10

III. THE DISCOVERY MASTER HAS PREVIOUSLY REJECTED REQUESTS VIRTUALLY IDENTICAL TO THOSE MGA NOW ATTEMPTS TO COMPEL ............................................................................. 15

    A.   The Discovery Master Has Sustained Mattel's Overbreadth Objections To Requests Seeking All Information Related to "Bratz, Larian, or MGA" or MGA's Business Relationships .............. 16

    B.   The Discovery Master Has Sustained Mattel's Overbreadth Objections To Requests Seeking Information Related To All Current or Former Mattel Employees ................................................ 18

    C.   The Discovery Master Has Already Ruled That Requests Seeking All Documents Related To This Litigation Are Overbroad ......................................................................................... 19

    D.   The Discovery Master Previously Rejected MGA's Irrelevant and Overbroad "Polly Pocket" Requests ........................................... 19

IV.  AS TO THE REMAINING REQUESTS, MGA FAILS ENTIRELY TO MEET ITS BURDEN TO DEMONSTRATE RELEVANCE ................ 21

    A.   The Statute of Limitations and Document Retention Issues Were Definitively Resolved in Phase 1 ............................................. 22

    B.   MGA Has Not Established Relevance as to Requests in Other Categories ......................................................................................... 23

V.   MATTEL'S OBJECTIONS SHOULD BE SUSTAINED .......................... 25

    A.   Mattel Has Properly Stated Its Overbreadth Objections ................... 25

1      B.     Mattel Has Properly Stated Its Burden Objections ................................27

2      C.     Mattel Properly Reserved Its Right to Supplement Its Responses .......30

3   CONCLUSION........................................................................................................31

00505.07975/3148203.2

# TABLE OF AUTHORITIES

**Page**

## Cases

Bryant v. Ochoa,
2009 WL 1390794 (S.D. Cal. May 14, 2009) ......................................................21

Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc.,
339 F.3d 180 (3d Cir. 2003) ...................................................................................7

New Hampshire v. Maine,
532 U.S. 742 (2001)..............................................................................................26

New Haven Temple SDA Church v. Consolidated Edison Corp.,
1995 WL 358788 (S.D.N.Y. June 13, 1995) ........................................................30

Robinson v. Potter,
453 F.3d 990 (8th Cir. 2006) ..................................................................................7

Schlafly v. Caro-Kann Corp.,
155 F.3d 565 (Fed. Cir. 1998) ..............................................................................26

United States v. Comprehensive Drug Testing, Inc.,
513 F.3d 1085 (9th Cir. 2008) ..............................................................................15

Ziemack v. Centel Corp.,
1995 WL 729295 (N.D. Ill. Dec. 7, 1995) ...........................................................30

## Statutes

Fed. R. Civ. P. 37(a) ...................................................................................................6

## Miscellaneous

Local Rule 7.18...........................................................................................................15

1

## **Preliminary Statement**

2        In this massive, ill-conceived motion to compel 921 of its Phase 1
3 Requests for Production, MGA has combined hundreds of Requests which Mattel
4 has produced documents in response to or pledged to produce documents in
5 response to, with hundreds more that are virtually identical to ones that the prior
6 Discovery Master specifically denied or held to be overbroad. Some 116 of the
7 Requests are not even listed in the Separate Statements – an omission that MGA
8 previously has argued, and the Discovery Master previously has held, alone
9 warrants denial of a motion to compel. The Discovery Master should not be forced
10 to sort through these voluminous requests, which should have been narrowed to
11 reflect the agreements that had been previously reached by the parties, the
12 productions that were agreed to or completed, and the Orders of the prior Discovery
13 Master addressing many of the issues posed here.

14        The moving papers themselves reflect these fatal flaws. MGA does not
15 distinguish between Requests which Mattel has agreed to respond to, and those to
16 which it objects. MGA attacks Mattel search methods that were specifically upheld
17 by the prior Discovery Master, and ignores agreements as to the scope of these
18 Requests reached by prior counsel. MGA is effectively seeking reconsideration of
19 the prior rulings of the Court and the Discovery Master without even purporting to
20 meet the applicable standards, which it cannot do. MGA also does not even try to
21 legitimate its Requests on relevance grounds, relying instead on generic cut-and-
22 paste assertions that its requests are relevant to general topics such as "Bratz
23 products" and "unfair competition," and catch-alls that include issues finally
24 resolved in Phase 1, such as the interpretation of the Inventions Agreement. The
25 Discovery Master's Orders require MGA to identify "each dispute" and explain the
26 basis for the asserted relevance of its requests. MGA has failed to do so, and its
27 blunderbuss motion should be denied.

28

1

**Factual Background**

2      Phase 2 Discovery Between 2005 and 2008.  Because Phase 1 and

3   Phase 2 discovery was not bifurcated, from January 2005 until the Court stayed

4   Phase 2 discovery in February 2008,[1] the parties engaged in discovery relating to

5   Phase 2 claims.  Mattel produced nearly one million pages of documents, the parties

6   met and conferred (including on hundreds of the Requests at issue here), and the

7   Discovery Master ruled on dozens of MGA's Phase 2-related Requests.

8      During the course of the meet and confer sessions, the parties agreed

9   that Mattel had fully complied with requests upon which MGA now moves to

10  compel.[2]  During the course of extensive motion practice, the prior Discovery

11  Master Judge Infante conclusively addressed many of the issues raised here, but his

12  decisions are not reflected in MGA's motion.   Judge Infante rejected MGA's

13  attempts to discover information related to Mattel's "Polly Pocket" line (with the

14  exception of a sole television commercial)[3] because they were "untethered to a

15  claim or defense" at issue in the case.[4]  Those requests, still untethered, are repeated

16

17  _____

18    [1]  Order dated Feb. 4, 2008 at 3, Declaration of Robert J. Dart, filed concurrently
19  ("Dart Decl."), Exh.19.
      [2]  See, e.g., June 26, 2007 Letter from Michael Keats to Tim Alger at 5
20  (confirming as to Request No. 113 that Mattel has stated there are no responsive
    documents beyond what has already been produced.), Dart Decl., Exh. 30; March
21  15, 2007 Letter from Jennifer Glad to Tim Alger at 4 (confirming temporal
    limitation as to Request Nos. 37-38), Declaration of James J. Webster, filed
22  concurrently ("Webster Decl."), Exh. 16; January 23, 2007 Letter from Robert
23  Herrington to Tim Alger (confirming Mattel's representations that it has produced
    all documents responsive to Request Nos. 468, 540-542, 544, 557, 561, 562, and
24  678-691), Webster Decl., Exh. 17.
25    [3]  Order Granting in Part and Denying in Part Mattel's Motion for protective
26  Order Regarding "Polly Pocket" Documents, dated April 19, 2007, Dart Decl., Exh.
27  1.
      [4]  Id. at 6-7.
28

00505.07975/3148203.2

1   here.[5]  In response to MGA's motion to compel responses to its 9049 First Set of

2   Requests,[6] the Discovery Master found many of the Requests "grossly overbroad,"

3   because they required "production of documents referring or relating to MGA's

4   business dealings, without specifying any products or other subject matter

5   limitations."[7]  He also denied "production of documents that merely mention MGA,

6   Larian, Bratz or other MGA products, regardless of whether or not they have

7   anything to do with the claims and defenses in this case,"[8] and requests calling for

8   production of all communications between Mattel and a third party "referring or

9   relating to MGA, Larian, Bratz, or MGA products" as overbroad and not limited to

10   any "subject that is at issue in the case."[9]  Yet MGA repeats these discredited

11   formulas in its Requests here.

12         The prior Discovery Master also ruled that Requests related to Mattel's

13   employees be limited in scope.  In denying many of MGA's Requests in its Motion

14   to Compel concerning its 9059 Requests,[10] the Discovery Master emphasized that

15   the challenged Requests would require Mattel to search for "documents relating to

16   all of its many thousands of current and former employees,"[11] and were not "limited

17   to a reasonable number of Mattel employees."[12]  Yet MGA, in the Requests at issue

18   here, ignores any such limitations, again repeating the rejected approach.  At

19   MGA's own urging, the Discovery Master also denied certain of Mattel's Requests

20

21     [5] See 9049 Request Nos. 512-515, 611-618, 620-625, 627-641, and 656.

      [6] MGA Entertainment, Inc.'s Motion to Compel, dated April 13, 2007, Dart

22   Decl., Exh. 20.

      [7] May 22, 2007 Order at 19, Dart Decl., Exh. 5 (sustaining Mattel's objections

23   to Request Nos. 56-58).

24     [8] Id. at 17.

      [9] Id. at 15.

25     [10] Order Granting in Part and Denying in Part MGA's Motion to Compel, dated

26   September 12, 2007, Dart Decl., Exh. 9.

      [11] Id. at 15.

27     [12] Id. at 19-20.

28

1   for Production as overbroad, including specifically a request for all communications
2   "that REFER or RELATE to this action,"[13] a formula MGA uses repeatedly in these
3   Requests.

4        The prior Discovery Master ruled explicitly on the adequacy of
5   Mattel's searches.   In January 2008, MGA moved to compel "certification" of
6   electronic searches or, alternatively, additional responses to *every* Request now at
7   issue in the instant Motion.[14]   The Discovery Master denied the motion, noting that
8   Mattel's searches for responsive materials have been "adequate to discharge its
9   obligation under Rule 34."[15]   Indeed, the prior Discovery Master ruled that MGA's
10  demand that Mattel "certify" the completeness of its production was unsupported by
11  and improper under the Federal Rules.[16]   Yet, without mentioning this decision,
12  MGA again challenges Mattel's search methods and demands certification for
13  hundreds of requests.[17]

14       The Post-Stay Meet and Confer Process.   On July 28, 2009, MGA sent
15  Mattel a letter requesting a meet and confer on approximately 450 Requests for
16  Production, all of which were served by MGA during Phase 1.[18]   During a
17  conference call on August 11, 2009, Mattel informed MGA's current counsel that

18

19  [13]   Order Granting in Part Mattel's Motion to Compel MGA to Produce
20  Communications Regarding This Action, dated April 14, 2008 at 4, Dart Decl., Exh.
21  21.
    [14]   Order Denying MGA's Motion to Compel Mattel to Produce Email and Other
22  Electronic Documents; Denying Request for Sanctions, dated April 24, 2008 at 1,
23  Dart Decl., Exh. 22.
    [15]   Id. at 5.
24  [16]   Hearing Tr., dated May 11, 2007 at 21:7-11 ("You don't have to address
25  [certification]. As far as I'm concerned, there is not good cause or basis or
    authorized in the Federal Rules of Civil Procedure that support such an order, so I'm
26  going to deny that aspect of the motion."), Dart Decl., Exh. 25.
    [17]   Motion at 13.
27  [18]   Webster Decl., Exh. 1.

28

1 numerous requests in MGA's July 28, 2009 letter had been addressed by prior Phase
2 1 Orders, including many Requests which were denied, and other Requests that
3 were, under the clear language of Phase 1 Orders, overbroad and irrelevant.[19]
4 Mattel also requested that MGA explain the basis for its claims of relevance for the
5 Requests in writing,[20] as required by paragraph 5 of the Discovery Master
6 Stipulation and the Court's July 9, 2009 Order.[21] MGA did not provide any
7 showing of relevance for the approximately 450 Requests cited in meet and confer
8 correspondence, or during the August 11, 2009 call, or afterwards.[22]

9 On August 19, 2009, the parties had a further conference call.[23] Mattel
10 specifically confirmed that as to previously-compelled requests, it had produced the
11 responsive, non-privileged documents that it located after a reasonable, good faith
12 search, and was not withholding such documents on any basis other than privilege or
13 work product, except to the extent that Mattel's objections were not overruled by the
14 Discovery Master.[24] MGA refused to identify the Requests it believed Mattel had
15 not adequately responded to as required by the Court's Orders.[25]

16 As to the relevance of the first few of the 450 Requests then at issue,
17 MGA merely stated that they were relevant to "Bratz" or "My Scene" without
18 meaningful elaboration, and offered no explanation at all for the remainder of its
19 Requests.[26] On August 20, 2009, Mattel wrote requesting again that MGA provide a

20

21    [19] See Webster Decl., ¶ 5.
22    [20] Webster Decl., ¶ 6.
23    [21] Id., ¶ 7; Discovery Master Stipulation and Order, dated December 6, 2006,
Dart Decl., Exh. 23; July 9, 2009 Order, at 4 (stating that moving parties "must bear
24 the burden of establishing the discovery relevancy standard"), Dart Decl., Exh. 4.
25    [22] Webster Decl., ¶ 8.
   [23] Id., ¶ 9.
26    [24] Id., ¶ 10.
   [25] Id.
27    [26] Id., ¶¶ 11-14.

28

1 written showing of Phase 2 relevance before the meet and confer process, as
2 required by the Discovery Master Stipulation.[27]

3        MGA's August 20, 2009 response did not provide any showing of
4 relevance.  Instead, MGA raised approximately 500 *additional* Phase 1 Requests
5 that it sought to put at issue[28] and demanded that Mattel withdraw all objections,
6 including those that had been sustained by Judge Infante.[29]  Mattel responded on
7 August 24, 2009, requesting that MGA explain the Phase 2 relevance, if any, of
8 what was now over 900 requests.[30]  MGA again did not provide such a showing.[31]
9 On August 25, 2009, MGA wrote another letter listing 63 more Requests, without a
10 showing of Phase 2 relevance as to these or the earlier 900.[32]

11        On September 23, 2009, MGA filed the instant motion seeking to
12 compel responses to 921 Phase 1 Requests for Production.

13 **Argument**

14 **I.**     **MGA'S MOTION IS PROCEDURALLY IMPROPER**

15     **A.**    **MGA Refused To Properly Meet And Confer Before Filing This**
16            **Massive Motion**

17        Under Fed. R. Civ. P. 37(a), MGA was required to meet and confer
18 with Mattel in "good faith" regarding these Requests prior to filing a motion to
19 compel. Likewise, the December 6, 2006 Discovery Master Order requires that,
20 before filing a motion to compel, a "party shall first identify *each dispute*, state the
21 relief sought, and identify the authority supporting the requested relief in a meet and
22
23

24   [27]  Id., ¶ 15.
25   [28]  Id., ¶ 16.
  [29]  Id., ¶¶ 16-17.
26   [30]  Id., ¶ 18.
27   [31]  Id., ¶ 19.
  [32]  Id., ¶ 20.
28

1 | confer letter...."[33]  As discussed above, MGA did not satisfy any of these
2 | requirements before filing its Motion: it failed to identify "each dispute[d]" Request,
3 | failed to state the basis for relevance to Phase 2 issues, and failed to articulate why it
4 | believed Mattel's responses (including its production of nearly one million pages of
5 | responsive documents) were deficient.[34]

6 |        This mammoth motion can and should have been narrowed by the
7 | parties in the meet and confer process.  This is one of those occasions where the
8 | failure of that process cannot be excused.  The Discovery Master should not be
9 | required to do MGA's work for it, nor is it proper for MGA to insist otherwise.  <u>See,</u>
10 | <u>e.g.,</u> <u>Robinson v. Potter</u>, 453 F.3d 990, 995 (8th Cir. 2006) (affirming denial of
11 | motion to compel where movant failed to show the parties met and conferred in
12 | good faith); <u>Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc.</u>, 339 F.3d 180,
13 | 186-87 (3d Cir. 2003) (motion to compel was properly denied where movant's
14 | counsel "failed to make a good faith effort to resolve discovery disputes prior to
15 | invoking court intervention.").  Indeed, that is particularly true where, as here, there
16 | is an enormous record of prior Orders, briefing, correspondence, and discussions
17 | that MGA's current motion is in conflict with but has not properly discussed.
18 | Meaningful meet and confer sessions, working from specific and relevant Requests,
19 | would have substantially narrowed if not eliminated the need for this motion.

20 |      **B.**    <u>**The Motion Should Be Denied As To The 116 Requests For Which**</u>
21 |            <u>**MGA Fails To Provide A Separate Statement**</u>

22 |        Agreeing with arguments that MGA itself has made, the Discovery
23 | Master has made it abundantly clear that motions seeking to compel large numbers
24 | of Requests should be accompanied by a separate statement.  <u>See</u> Discovery Master

25 | 

26 |   [33]  Stipulation and Order dated December 6, 2006 ("Discovery Master Order"),
27 | Dart Decl., Exh. 23.
  [34]  <u>See</u> Webster Decl., ¶¶ 7-20.
28 |

1 | Order No. 59, at 4-5 ███████████████████████████████

2 | ███████████████████████████████████████████████████

3 | █████████).[35]    MGA has submitted no separate statement for 116 Requests.

4 | Specifically, the following Requests are listed in MGA's Notice of Motion, but do

5 | not appear in any Separate Statement:

6 | _9049 Requests In Motion But Not in Separate Statements_: 17, 42, 46,

7 | 68, 75, 89, 92, 105, 114, 115, 116, 117, 123, 124, 126, 128, 129, 131, 132, 133, 172,

8 | 173, 385, 386, 387, 395, 398, 419, 475, 481, 483, 485, 502, 541, 542, 544, 547, 561,

9 | 562, 586, 605-610, 653, 654, 655, 676, 700-703, 716-719, 726-728 732, 733, 757,

10 | and 785.

11 | _9059 Requests In Motion But Not in Separate Statements_: 82-87, 89,

12 | 90, 189, 280, 283, 286-295, 298, 301, 308, 310, 312, 314, 316, 318-319, 321, 322,

13 | 338-342, 348, 349, and 351-361.

14 | In Discovery Master Order No. 59, the Discovery Master affirmed that

15 | ███████████████████████████████████████████████

16 | ███████████████████████████████████████████████

17 | ████████████████████████████████████████" Id. at 5.

18 | MGA notes in a footnote that it chose not to file separate statements as to these 116

19 | Requests because Discovery Master Order No. 52 compelled MGA Mexico to

20 | produce documents without a separate statement.  Motion at 8, n.14.  But MGA

21 | Mexico had not produced a single document in this case, despite its agreement to do

22 | so, and Order No. 52 simply compelled MGA Mexico to live up to its discovery

23 | obligations on that basis.[36]  As MGA argued in opposing Mattel's motion to compel

24 |

25 |

26 |

27 | [35] Dart Decl., Exh. 24.

28 | [36] Order No. 52, at 8-9, Webster Decl., Exh. __.

1  MGA Mexico, a party's failure to present a separate statement "speaks volumes
2  about the unreasonableness of its position."[37]

3              Furthermore, Order No. 52, upon which MGA relies, was followed by
4  Discovery Master Order No. 59, in which the Discovery Master clearly stated that
5  separate statements should be filed where significant numbers of specific requests
6  are at issue. Discovery Master Order No. 59, at 4-5.  Order No. 59 thus denied 114
7  Requests – two fewer than MGA seeks to compel here without a Separate
8  Statement. The Discovery Master has also made clear that failure to articulate an
9  argument as to each issue before the Discovery Master will result in denial of the
10 motion as to that issue. See Discovery Master Order No. 63, dated September 11,
11 2009, at 12 (denying Mattel's motion to overrule instructions not to answer
12 "[b]ecause Mattel has not provided any specific analysis with respect to the precise
13 language of these other questions.").  The motion to compel these 116 Requests
14 should be denied under the authority of both of these Orders.

15             Even apart from its failure to provide a separate statement, it is MGA's
16 burden to establish relevance. See July 9, 2009 Order at 4-5.[38]  To the extent MGA
17 seeks to compel responses to these 116 Requests beyond that which Mattel has
18 already provided, MGA must establish relevance, and its failure even to discuss
19 these requests undercuts any claim that MGA has met its burden, and requires denial
20 of the Motion as to those requests for this independent reason as well.

21
22

---

23 [37] MGA Parties' Opposition to Motion to Compel MGA Mexico to Produce
24 Documents and Things in Response to Mattel's First, Second, and Third Sets of
25 Requests for Production to MGA Mexico, dated July 22, 2009, at 8, Webster Decl.,
   Exh. __.  Indeed, MGA argued in that opposition that Mattel should be sanctioned
26 for bringing an "omnibus" motion to compel and for refusing to "eliminate or even
27 narrow any of the 657 requests now at issue." Id. at 17-18.
   [38] Dart Decl., Exh. 4.
28

1 **II. MGA IMPROPERLY SEEKS TO COMPEL REQUESTS TO WHICH**
2 **MATTEL HAS ALREADY FULLY RESPONDED**

3      Mattel has already fully produced documents responsive to many of the
4 requests here in a broader form. For example, the Discovery Master in 2007
5 compelled 9059 Request No. 180, which seeks "all DOCUMENTS mentioning,
6 referring or relating to BRYANT."[39] MGA now seeks to compel numerous requests
7 that are completely subsumed within Request No. 180. Specifically, 9049 Request
8 Nos. 125, 127, 130, and 202 seek documents related to Bryant, and Mattel already
9 has produced the non-privileged Bryant documents that it located after reasonable,
10 good faith searches. MGA's Motion as to those requests must therefore be denied.
11 Similarly, the Discovery Master compelled 9059 Request Nos. 259 and 260, which
12 sought documents related to the similarity of any artwork created by any Mattel
13 employee, and Bratz or the Bratz intellectual property.[40] Although Mattel long ago
14 complied with this Order, MGA attempts to compel here 9059 Request Nos. 72-75
15 (seeking all documents related to similarities between Bratz and any intellectual
16 property owned by Mattel), which are completely contained within the information
17 sought by Request Nos. 259 and 260.

18      MGA complains that Mattel has limited its responses to over 200
19 Requests (9049 Nos. 182-383) regarding individuals in Mattel's Initial Disclosures
20 to information "as alleged in Mattel's initial disclosures." Motion at 11:22-23.
21 Mattel has produced the information as to these individuals that is relevant or
22 pertinent to this litigation. There is nothing to compel.

23
24
25
26
27   [39] September 12, 2007 Order at 7-9, Dart Decl., Exh. 9.
     [40] Id. at 16.
28

1        All told, Mattel has fully complied with at least 289 of MGA's

2 Requests at issue here,[41] based on search techniques specifically upheld by the

3 Discovery Master, as discussed below, and subject only to claims of privilege and

4 work product protection:

5        9049 Request Nos.: 9, 42, 68, 75, 89, 105, 114, 115, 116, 117, 123,

6 124, 126, 128, 129, 131, 132, 133, 172, 173, 182, 183, 184, 185, 186, 187, 188, 189,

7 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206,

8 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223,

9 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240,

10 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257,

11 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 273, 274, 275,

12 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292,

13 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309,

14 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326,

15 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343,

16 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 360,

17 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377,

18 378, 379, 380, 381, 382, 383, 385, 395, 398, 399, 419, 475, 481, 483, 485, 502, 653,

19 654, 655, 657, 676, 699, 700, 701, 702, 703, 716, 717, 718, 719, 726, 727, 728, 732,

20 733, 757, 758, and 785.

21        9059 Request Nos.: 82, 83, 84, 85, 86, 89, 90, 280, 283, 286, 287, 288,

22 289, 290, 291, 292, 293, 294, 295, 298, 301, 308, 310, 312, 314, 316, 318, 319, 321,

23 322, 333, 348, 349, and 361.

24

25 ———————————————

26    [41]   Mattel has also produced all non-privileged documents responsive to

27 Requests that were previously compelled and that were located after a reasonable, good faith search, subject only to the limitations sustained by the Discovery Master.

28

-11-

1    As to an additional 136 of the Requests, Mattel has or will fully
2  produce subject only to limitations based on privilege and work product, or on prior
3  rulings of the Discovery Master as to overbreadth and relevance.  These requests
4  are:

5    9049 Request Nos.: 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 18,
6  19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 36, 40, 41, 44, 45, 69, 70, 71, 72,
7  73, 74, 76, 79, 80, 81, 83, 84, 85, 86, 87, 88, 90, 91, 93, 94, 106. 107, 108, 109, 110,
8  111, 112, 168, 171, 176, 384, 388, 389, 390, 391, 392, 393, 394, 396, 397, 400, 401,
9  402, 403, 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418,
10  420, 421, 422, 430, 431, 432, 452, 453, 454, 456, 457, 458, 459, 460, 461, 462, 463,
11  466, 516, 517, 518, 525, 550, 564, 583, 642, and 643.

12    9059 Request Nos.: 334, 335, 336, 337, 351, 352, 353, 354, 355, 356,
13  357, 358, 359, and 360.

14    Without disclosing that it is doing so, MGA attempts to relitigate
15  arguments it lost previously by asserting that Mattel "seeks unilaterally to impose
16  limits on the electronic discovery sources that it must search and from which it must
17  collect documents."  Motion at 29:21-23.  In January 2008, MGA moved for a
18  "certification" that Mattel had fully responded to *all* of MGA's and Bryant's
19  document requests.[42]  Because that Motion pre-dated the stay of Phase 2 discovery,
20  it was *expressly applicable* to *every* Request in the instant Motion.  After briefing by
21  the parties, the Discovery Master rejected MGA's arguments, emphasizing the
22  exhaustive search methods Mattel had undertaken for electronic documents and
23  specifically upholding their adequacy:

24    Mattel represents that it has searched electronic data compilations
25    including, but not limited to: (a) over 130 hard drives used or

26
27  [42]  See Order Denying MGA's Motion to Compel Mattel to Produce Email and
    Other Electronic Documents, dated April 24, 2008, at 1, Dart Decl., Exh. 22.
28

potentially used at Mattel's El Segundo headquarters and at Mattel's Design Center during the relevant period . . .; (b) the archived e-mail . . . of 38 Mattel employees who may have sent e-mail message to Carter Bryant or other messages related to this litigation . . .; (c) the hard drives and mailboxes of many former and current Mattel employees whose names have appeared in this litigation, including Lily Martinez, Sharon Zuckerman, April Walker, Ronnie Ruggeri, Juan Rodriguez, Cassidy Beal-Park, Jill Nordquist, Bill Martinez, Rita Liu, Erica Kane, Katiana Jimenez, Hoi Hoffman, Kitti Hammons, Ei Fong, Ann Driskill, Patricia Chan, Robert Best, Kelley Matheney, Vived Gonzalez, Carman Monteagudo, Megan Sepanik, Elizabeth Arriola, Ariana Sarinana, Tina Tomiyana, Michael Hebden, Desiree Rouquillo, Ivy Palijo, James Mills-Winkler, Mine Mirkazemi, V. Karpio, J. Homes, and Daniel Heahy; (d) the e-mail messages received by Mattel employees from specific locations relevant to this litigation on the Internet, including "mgae.com"; (e) more than 184 gigabytes of e-mail messages and attachments gathered by Mattel's automated security tool that monitored e -mail messages coming into and going out of Mattel for certain keywords relating to Bratz, MGA and related issues; (f) the mailboxes and hard drives of many employees who left Mattel after May 2, 2005; and (g) the information on the SYMM used by Mattel for network storage in El Segundo prior to 2003.

1  Order Denying MGA' Motion to Compel, at 5-6.[43]  The Discovery Master also
2  concluded specifically that "certification" was not provided for by the <u>Federal</u>
3  <u>Rules</u>, and denied MGA's alternative request that Mattel be ordered to conduct
4  additional searches, holding that "[t]he searches Mattel has conducted to date for
5  electronic information are adequate to discharge its obligation under Rule 34."[44]

6        MGA ignores these prior rulings entirely, and demands again that
7  Mattel search *all* data sources in its possession, custody or control for responsive
8  information in connection with its requests for production.[45]  It also ignores the
9  recent ruling of the current Discovery Master that MGA's requests calling for
10  documents that could be found anywhere on Mattel's thousands of servers or
11  individual employee computers worldwide are unduly burdensome. See Phase 2
12  Discovery Matter Order No. 56, dated September 3, 2009 at 35 (Where "responsive
13  documents can be found in Mattel offices and on Mattel databases and stand-alone
14  computers throughout the world, based on the declarations provided Mattel has
15  established that compliance with [the document requests] will simply cost too much
16  and take too much time)."[46]  Mattel has fully responded or agreed that it would fully
17  respond to 485 Requests, and further, redundant searches should not be ordered.[47]

18  
19      [43]  Dart Decl., Exh. 22.
20      [44]  <u>Id.</u>
21      [45]  Motion at 29-30.
    [46]  Dart Decl., Exh. 49.
22      [47]  The moving papers also argue that language from the background section of a
23  Mattel brief suggests that searches have been inadequate, citing  Mattel's Brief in
Opposition to MGA's Motion to Compel Further Responses to MGA's First Set of
24  Phase 2 Interrogatories and Second Set of Phase 2 Requests for Production. Motion
25  at 29. But there is no language from the background section or from any other
portion of Mattel's brief remotely to that effect.  The cited background section
26  merely describes Mattel's expansive electronic data and the extent of its prior
27  productions.  MGA's purported concerns are baseless, and in any event have been
rejected by the Discovery Master already, in rulings MGA does not challenge
28  

-14-

1  Indeed, MGA's motion on this score is not only baseless, but an improper motion

2  for reconsideration that nowhere meets the standards required for reconsideration.[48]

3

4  **III.   THE DISCOVERY MASTER HAS PREVIOUSLY REJECTED**

5  **REQUESTS VIRTUALLY IDENTICAL TO THOSE MGA NOW**

6  **ATTEMPTS TO COMPEL**

7  Many of the requests MGA now attempts to compel are virtually

8  identical to those that MGA previously attempted to compel and lost, or to requests

9  that Mattel sought to compel and lost.  Indeed, many of Mattel's original objections

10  to these Requests were based on their transparent similarity to Requests rejected by

11  the Discovery Master.  See, e.g., 9049 Request Nos. 543, 545, 546, 548, 558-560,

12  770-773, 790, 791.[49]  Specifically, the Discovery Master's Orders of May 22, 2007,

13  August 14, 2007, September 12, 2007, April 14, 2008, and April 24, 2008 dispose of

14  at least 136 of the Requests at issue here.  Here too, MGA has not even attempted to

15  make the showing required for reconsideration of these Orders.  MGA cannot justify

16  reconsideration of these Orders, which alone requires denial of its motion as to these

17  Requests.

18  ―――――――――――――

19  [48]  See, e.g., United States v. Comprehensive Drug Testing, Inc., 513 F.3d 1085, 1097 (9th Cir. 2008) ("A motion for reconsideration of the decision on any motion

20  may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable

21  diligence could not have been known to the party moving for reconsideration at the

22  time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to

23  consider material facts presented to the Court before such decision.") (quoting Local

24  Rule 7-18).

25  [49]  As to many of these requests, MGA accuses Mattel of stating that "it simply will not produce" responsive documents.  See Motion at 16.  This is plainly false.

26  Mattel properly set forth its objections to each request, and is not obligated to

27  respond to requests MGA essentially re-propounded after they were rejected by the Discovery Master.

28

A.   **The Discovery Master Has Sustained Mattel's Overbreadth Objections To Requests Seeking All Information Related to "Bratz, Larian, or MGA" or MGA's Business Relationships**

In his May 22, 2007 Order denying in part MGA's motion to compel, the prior Discovery Master rejected multiple requests on the ground that they sought "production of documents that merely mention MGA, Larian, Bratz or other MGA products, regardless of whether or not they have anything to do with the claims and defenses in this case."[50]   In the same Order, the Discovery Master rejected as overbroad requests seeking "documents referring or relating to MGA's business dealings, without specifying any product or other subject matter limitations," as well as requests for documents referring to "business deals involving MGA's Bratz or other products." [51]   Yet MGA is moving here on numerous requests that repeat this overbroad formulation verbatim, beginning with the very first requests in MGA's 9059 Requests, seeking all documents mentioning, referring or relating to the "BRATZ INTELLECTUAL PROPERTY,"[52] the "BRATZ CONCEPT,"[53] the "FIRST BRATZ DOLLS,"[54] and the "BRATZ DOLLS."[55]

MGA also moves to compel 9049 Request No. 36, which requests "[a]ll COMMUNICATIONS between YOU and NPD Funworld REFERRING OR RELATING TO MGA, LARIAN, 'BRATZ,' or MGA PRODUCTS, including but not limited to COMMUNICATIONS as alleged in paragraphs 85 and 86 of the COMPLAINT."   This request is essentially identical to Request No. 38: "All COMMUNICATIONS between YOU and the Children's Advertising Review Unit

---

[50]   May 22, 2007 Order at 17, Dart Decl., Exh. 5.
[51]   Id.
[52]   9059 Request No. 1.
[53]   9059 Request No. 2.
[54]   9059 Request No. 3.
[55]   9059 Request No. 5.

1  REFERRING OR RELATING TO MGA, LARIAN, 'BRATZ,' or MGA
2  PRODUCTS, including but not limited to COMMUNICATIONS as alleged in
3  paragraphs 89, 90, and 91 of the COMPLAINT."   The prior Discovery Master
4  specifically rejected Request No. 38 in his May 22, 2007 Order, stating that it was
5  overbroad because it seeks information "referring or relating to MGA, Larian Bratz,
6  or MGA products," without any limitation to "any other subject that is at issue in the
7  case."[56]   At MGA's urging, the Discovery Master also rejected a prior Mattel
8  request which sought "all DOCUMENTS RELATING TO any
9  COMMUNICATIONS by MGA with any news organization regarding the
10  CONTESTED MATTEL PRODUCTS."[57]

11         Similarly, 9049 Request No. 98, which MGA moves to compel here,
12  calls for communications between Mattel and "any employee, officer, director,
13  agent, representative, or counsel for any competitor of MGA REFERRING OR
14  RELATING TO MGA, 'Bratz,' or this lawsuit, or other litigation involving the
15  parties hereto or their employees."   This Request incorporates the very same
16  approach rejected by the Discovery Master in the May 22 Order, overbroadly
17  seeking information related to MGA or Bratz, regardless of whether it has any
18  connection with this litigation.

19         Even broader is 9049 Request No. 433, seeking "all DOCUMENTS
20  REFERRING OR RELATING TO any effort, attempt, campaign or
21  COMMUNICATION intended to create any press, publicity or public relations
22  about MGA, 'BRATZ' or any other MGA product known to YOU, LARIAN,
23  BRYANT, TREANTAFEELES, or any other person known to YOU to work for or
24  with, or to have worked for or with, MGA."   MGA's efforts to relitigate such

25
26
27  [56]  May 22, 2007 Order at 14, 23-26, Dart Decl., Exh. 5.
     [57]  August 14, 2007 Order at 12-13, Dart Decl., Exh. 28.
28

1  requests, without even disclosing that it is doing so, let alone attempting to justify it,
2  is improper to say the least.

3          Many of MGA's other requests suffer from these same defects,
4  seeking information concerning MGA, Larian, or Bratz, regardless of any
5  connection to the issues in this case, in clear violation of the Discovery Master's
6  overbreadth rulings, including at least 9049 Request Nos. 36, 77, 78, 88, 90, 91, 94,
7  95, 98, 168, 170, 424, 425, 426, 428, 434, 435, 445, 447, 455, 458, 459, 460, 461,
8  462, 463, 464, 465, 466, 480, 519, 521-524, 557, 574, 575, 576, 577, 578, 579, 580,
9  583, 584, 585, 594, 595, 596, 600, 603, 648, 649, 650, 677, 678, 776, 787, and 9059
10 Request Nos. 1, 2, 3, 5, 7, 9, 11, 13, 15, 46, 94, 98, 170, 196, 203, 204, 333, 334,
11 424, 428, 429, 433, and 434.

12     **B.     The Discovery Master Has Sustained Mattel's Overbreadth**
13             **Objections To Requests Seeking Information Related To All**
14             **Current or Former Mattel Employees**

15          In his September 12, 2007 Order, the Discovery Master ruled that
16 MGA's 9059 Request Nos. 262 and 263 were overbroad and unduly burdensome
17 because they would require Mattel to "review documents relating to all its many
18 thousands of current and former employees in order to find evidence that an
19 employee conceived, created, designed or developed any intellectual property or
20 doll or toy for [sic] at the request of any company or person other than Mattel."[58]

21          Here, MGA attempts to compel numerous requests suffering from the
22 same defect. MGA moves to compel 9049 Request No. 559, which seeks, "[a]ll
23 DOCUMENTS relating to each COMMUNICATION, whether written or oral,
24 made to MATTEL by a MATTEL employee or independent contractor of
25 'inventions . . . conceived or reduced to practice by [an employee or independent

26

27     [58]   September 12, 2007 Order at 15, Dart Decl., Exh. 9.

28

1   contractor]' at any time while employed by Mattel." This Request, like the requests
2   rejected by the Discovery Master, would require Mattel to search through all
3   documents related to all its current and former employees, and therefore should be
4   denied as overbroad and unduly burdensome. Additional requests which should be
5   denied on the same grounds include at least 9049 Request Nos. 456, 457, 543, 545,
6   546, 548, 558, and 560, and 9059 Request Nos. 17, 18, 333, 334, and 352.

7         **C.    The Discovery Master Has Already Ruled That Requests Seeking**
8               **All Documents Related To This Litigation Are Overbroad**

9         In his April 14, 2008 Order denying in part Mattel's motion to compel,
10  the Discovery Master held at MGA's own urging that Mattel's request seeking
11  communications "that REFER or RELATE to this action" was overbroad.[59]
12  Ignoring this Order, MGA seeks to compel many requests here that seek all
13  information and documents related to this litigation including 9049 Request No. 97,
14  which seeks "all DOCUMENTS REFERRING OR RELATING TO any
15  COMMUNICATION between MATTEL and any person consulted regarding any
16  fact or issue relating to this lawsuit." The requests that would improperly require
17  review of information related to all of Mattel's many thousands of current and
18  former employees include 9049 Request Nos. 96, 98, 598, 599, 694, and 9059
19  Request Nos. 211, 212, and 218.

20        **D.    The Discovery Master Previously Rejected MGA's Irrelevant and**
21              **Overbroad "Polly Pocket" Requests**

22        In granting Mattel's motion for protective order on April 19, 2007, the
23  Discovery Master explicitly held that MGA could only seek "Polly Pocket"

24
25
26
27  _____

[59]   April 14, 2008 Order at 4, Dart Decl., Exh. 21.
28

1   documents as related to a single commercial.[60]   The Discovery Master noted that
2   neither MGA nor Bryant had included "Polly Pocket" in their complaints, and
3   rejected MGA's attempt to use document requests to "fish for new claims" that are
4   "untethered to a claim or defense."[61]   Accordingly, the Discovery Master rejected
5   MGA's broad "Polly Pocket" document requests, limiting them "to Polly Pocket
6   documents relating to the single Polly Pocket television commercial identified in
7   MGA's interrogatory response."[62]

8          Ignoring this ruling, MGA moves here on dozens of Polly Pocket
9   requests even broader than those the Discovery Master rejected in the April 19, 2007
10   Order.   MGA seeks to compel 9049 Request No. 619, which seeks "[a]ll
11   DOCUMENTS and COMMUNICATIONS REFERRING TO OR RELATING TO
12   any MARKET RESEARCH, projections  or plans pertaining to the release of
13   POLLY POCKET to the market,"  even though the Discovery Master rejected
14   MGA's request seeking "all 'market research' referring or relating to Polly Pocket
15   *and which also relate to Bratz, MGA, or Alien Racers*," as "clearly overbroad,
16   extending far beyond the single Polly Pocket commercial that MGA has contended
17   is actionable."[63]   In addition to 9049 Request No. 619, many other Requests in
18   MGA's Motion seek overbroad information related to Polly Pocket, including at
19   least the following 34 Requests: 9049 Request Nos. 512-515, 611-618, 620-625,
20   627-641, and 656.

21
22
23

---

24   [60]   See April 19, 2007 Order Granting in Part and Denying in Part Mattel's
25   Motion for Protective Order Regarding "Polly Pocket" Documents at 6-7, dated
     April 19, 2007, Dart Decl., Exh. 1.
26   [61]   Id. at 7.
27   [62]   Id.
     [63]   Id.
28

## IV.   AS TO THE REMAINING REQUESTS, MGA FAILS ENTIRELY TO MEET ITS BURDEN TO DEMONSTRATE RELEVANCE

In its Motion, MGA claims that its Phase 1 Requests fall into eight general categories: 1) "Bratz" and "My Scene" products, 2) Copying of Non-Bratz Products, 3) Interference with MGA's Business Relationships, 4) Restraints on Employee Mobility, 5) Statute of Limitations, 6) Document Retention, 7) Damages, and 8) Custodians Identified in Mattel's Initial Disclosures.

MGA fails to demonstrate the relevance of many of these Requests to Phase 2 claims.  "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." Bryant v. Ochoa, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009).  Rather than even attempt to show the relevance of each request, MGA simply relies on boilerplate generalizations. MGA's separate statements contain the exact same cut-and-paste "relevance showings" over and over again.   Generalized claims of relevance to "trade dress," "unfair trade practices" and "unfair competition" claims are insufficient, as the prior Discovery Master explicitly held.   See May 22, 2007 Order at 17 (denying MGA's motion to compel for lack of relevance where "MGA make a very generalized argument that the requests seek information relevant to its allegation that Mattel interfered with MGA's business dealings with third parties").[64]

---

[64]   MGA falsely claims that Mattel has refused to articulate the relevance of its own requests in the past, attaching selected portions of email correspondence to its Motion. Motion at 4-5. But MGA selectively omits a declaration filed by Mattel which set forth the relevance for each request at issue in the email correspondence. See Webster Decl., ¶¶ 21-23.

-21-

**A.    The Statute of Limitations and Document Retention Issues Were Definitively Resolved in Phase 1**

Two of MGA's general categories are no longer even at issue in Phase 2.    The statute of limitations and document retention issues were definitively decided in Phase 1, and MGA provides no basis for re-litigating those issues in Phase 2.    Mattel produced its documents relevant to the statute of limitations in Phase 1, and the Court issued orders on the subject no less than four times, including an order specifically titled "*Further and Final* Order Re Statute of Limitations Defense."    See May 27, 2008 Order at 8-9; Court's Final Pre-Trial Conference Order For Phase 1 Trial, dated June 7, 2008, at 6; Further And Final Order Re Statute Of Limitations Defense, dated June 2, 2008; Order Finding In Favor Of Mattel As To The MGA Parties' Affirmative Defenses, et al., dated December 3, 2008, at 3-4.[65]

MGA fares no better in arguing that the document destruction issues long ago resolved in Phase 1 are somehow relevant to Phase 2.    MGA claims the information about Mattel's storage and destruction processes is relevant to "MGA's claim of serial copying by Mattel of MGA products" and "the issue of spoliation of evidence."    But these allegations have already been the subject of an evidentiary hearing and a Court ruling that found no evidence of any document destruction by Mattel in this litigation.[66]    Specifically, Judge Larson found MGA's assertions of evidence destruction to be "nothing more than rhetoric laced with hyperbole" and "sheer speculation, unsupported by evidence."[67]    MGA's assertion that information responsive to the Request "would be relevant to its statute of limitations and laches

---

[65]    Dart Decl., Exhs. 26-29.

[66]    See August 27, 2007 Order Denying Motion for Terminating Sanctions, at 4, Dart Decl., Exh. 15.

[67]    Id.

1    defenses in Phase 2" is doubly wrong, relying on pure speculation as a basis to fish

2    for evidence as to issues that have already been resolved.[68]  Nor, in any event, has

3    MGA made any showing how its document destruction requests to Mattel are

4    related to the claims and defenses in Phase 2.

**B.    MGA Has Not Established Relevance as to Requests in Other Categories**

7            Mattel addresses the relevance issues as to each MGA Request in its

8    Oppositions to MGA's Separate Statements.  A great many are clearly not relevant

9    to any Phase 2 issue.

10           For example, the following requests are among those MGA claims are

11   relevant to "Bratz and My Scene products" -- but in fact, are not nearly so limited or

12   focused: 9049 Request No. 549 (requesting "Each 'brand brief' . . . or other similar

13   DOCUMENT concerning the advertising strategy for MATTEL's 'BARBIE'

14   products"); 9049 Request No. 555 (requesting "each report of consumer or customer

15   research relating to the market for fashion dolls and/or any specific fashion doll,

16   whether marketed by MATTEL or otherwise"); 9049 Request No. 567 (requesting

17   "all DOCUMENTS REFERRING OR RELATING TO market research and

18   competitive studies and analyses prepared or conducted by YOU with respect to the

19   fashion doll market."); 9049 Request No. 693 ("All DOCUMENTS that REFER OR

20   RELATE TO any claims . . . or other legal proceeding that any current or former

21   employee, freelancer or contractor has asserted against MATTEL regarding the use

22   or infringement of any design, idea, doll, toy or artwork . . .").

---

[68]   Indeed, at a recent hearing, counsel for MGA resisted discovery from Mattel precisely because it related to Phase 1 issues.  See Hearing Tr. dated August 27, 2009, at 16:3-7 (Ms. Hurst: "We're not reopening Phase 1 here.  If they want to ask for a new trial, that's one thing.  But that hasn't happened.  So what they're trying to do is plow old ground over and over again."), Dart Decl., Exh. 26.

-23-

OPPOSITION TO MOTION TO COMPEL FURTHER RESPONSES

1   MGA also seeks to compel numerous requests related to Carter

2   Bryant's employment at Mattel – issues that were exhaustively litigated in Phase 1

3   and as to which Mattel has long ago produced all responsive, non-privileged

4   documents it could locate after a good faith, reasonable search. For example,

5   MGA's Request No. 186 (9059) demands "all documents evidencing, mentioning,

6   referring to, or relating to Bryant's involvement with, work on, or connection to the

7   conception, design, creation or development of Bratz or Bratz Intellectual Property."

8   MGA's Request No. 187 (9059) demands "all documents evidencing, mentioning,

9   referring to, or relating to Bryant's involvement with, contract with, and work with

10   or for MGA." MGA also seeks to compel 9049 Request No. 130, which seeks

11   "DOCUMENTS sufficient to identify by name and title the members of

12   management and employees to whom BRYANT allegedly made misrepresentations

13   while employed at MATTEL." ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

14   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[69] There is nothing more to

15   compel.

16   Similarly, under the rubric of "unfair competition," MGA purports to

17   compel numerous requests dealing with Bryant's Inventions Agreement with Mattel.

18   For example, 9049 Request No. 790 requests: "All DOCUMENTS REFERRING

19   OR RELATING TO any interpretation by Mattel, or position taken by MATTEL

20   regarding the meaning, of the EMPLOYEE INVENTIONS AGREEMENT." But

21   MGA (unlike Bryant, who is no longer a party) has never asserted defenses related

22   to the enforceability of this agreement, and thus cannot make any showing of

23   relevance as to Phase 2 issues.

24

25   _____

26   [69]   Mattel, Inc.'s Opposition to MGA's Motion to Overrule Mattel's Relevance

27   Objection and Compel Discovery Relevant to Statute of Limitations and Laches
Defenses, dated January 31, 2008 at 6, Dart Decl., Exh. 27.

28

1      Because MGA has not met its burden of proving the relevancy of each
2   request to the claims in Phase 2, its Motion should be denied.

3

4   **V.    MATTEL'S OBJECTIONS SHOULD BE SUSTAINED**

5         **A.    Mattel Has Properly Stated Its Overbreadth Objections**

6      As detailed in Mattel's responses to the Separate Statements, many of
7   MGA's Requests, even if not directly at odds with a prior Order of the Discovery
8   Master, are plainly and egregiously overbroad and unduly burdensome under any
9   standard. Request No. 89, for example, demands "[a]ll DOCUMENTS
10  REFERRING OR RELATING TO COMMUNICATIONS with or among third
11  parties concerning this litigation, the allegations in the COMPLAINT, Mattel's
12  responses to or views on the allegations in the COMPLAINT or any alleged
13  improper conduct by MATTEL." This request plainly calls for *all* documents
14  related to communications with third parties concerning *any alleged improper*
15  *conduct* by Mattel having nothing whatsoever to do with this case. MGA cannot
16  possibly justify such a request, nor does it attempt to. Even worse is 9049 Request
17  No. 566, which requests "all DOCUMENTS REFERRING OR RELATING TO
18  business plans, forecasts, budgets and projects prepared by YOU in connection with
19  each of YOUR products, including but not limited to BARBIE and MY SCENE."
20  This request essentially asks for every document related to every one of the many
21  thousands of products ever released by Mattel.

22      At least 99 of MGA's Requests are duplicative of other Requests
23  among the more than 900 it seeks to compel.[70] MGA makes no attempt to defend
24  the duplication, but simply states that it has not deigned to undertake the task of
25  "assessing whether the requests are in fact duplicative." Motion at 13:15-16.  In

26
───────────────────
27  [70]  9059 RFPs: 1-16, 35-39, 47-48, 61-62, 72-79, 91-95, 98, 100-107, 110, 165-
    166, 184-185, 191-192, 196-206, 209, 211-223, 255-257, 272-276, 279, 343.
28

1   fact, they are.  For example, 9049 Request No. 92 requests "All DOCUMENT
2   REFERRING OR RELATING TO any COMMUNICATION between MATTEL
3   and any participant in any MARKET RESEARCH REFERRING OR RELATING
4   TO 'MY SCENE,' MGA or 'BRATZ.'"  Seven hundred requests later, in 9049
5   Request No. 787, MGA asks for exactly the same information: "All DOCUMENT
6   REFERRING OR RELATING TO any survey, focus group, consumer research or
7   other market research (whether conducted by MATTEL or any third party)
8   concerning MY SCENE, BRATZ, or BARBIE . . . ."  It is the propounding party's
9   "burden . . . not to make unreasonably cumulative or duplicative requests." Schlafly
10  v. Caro-Kann Corp., 155 F.3d 565 (Fed. Cir. 1998) (table) (upholding magistrate's
11  denial of arguably relevant requests for production because propounding party failed
12  to limit cumulative and duplicative requests).  MGA has not even tried to meet its
13  burden.

14          MGA also argues that Mattel should be compelled to produce
15  documents that are equally available to MGA.[71]  But MGA itself successfully
16  objected to Mattel's discovery requests on precisely this basis and is estopped from
17  now changing its position to suit its interests.  See New Hampshire v. Maine, 532
18  U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a legal
19  proceeding, and succeeds in maintaining that position, he may not thereafter, simply
20  because his interests have changed, assume a contrary position, especially if it be to
21  the prejudice of the party who has acquiesced in the position formerly taken by
22  him.").  In denying a Mattel motion to compel, the Discovery Master held that "the
23
24
25
26
_____

27  [71]   Motion at 15.
28

1 | request is objectionable to the extent it seeks documents that are equally available to

2 | Mattel."[72]  The same rule should apply to MGA.

3 |        Finally, MGA takes issue with Mattel imposing any temporal

4 | limitations on its production based on the filing of MGA's complaint.  Yet it was

5 | MGA itself that successfully enforced precisely such limits in responding to

6 | Mattel's Requests, insisting that evidence that post-dated Mattel's then-operative

7 | complaint could not be relevant to the claims in that complaint.  <u>See</u> Discovery

8 | Matter Order No. 3, dated March 10, 2009, at 18.  MGA offers no reason, nor could

9 | it consistent with judicial estoppel, why documents post-dating the filing of its own

10 | claims are relevant to those claims.

11 | **B.**    <u>**Mattel Has Properly Stated Its Burden Objections**</u>

12 |        In boilerplate fashion, MGA responds to every one of Mattel's burden

13 | objections by claiming that "Mattel has not attempted to demonstrate why

14 | responding to this request and/or producing responsive documents presents any

15 | burden."  This is simply incorrect.  As shown in Mattel's separate statements (and

16 | indeed, in Mattel's original objections to the Requests),[73] Mattel has specifically

17 | shown the burdens imposed by MGA's Requests.

18 |

19 |

---

20 | [72]  Order Granting in Part and Denying in Part Mattel's Motion to Compel

21 | Production of Documents by MGA, dated August 14, 2007, at 12, Dart Decl., Exh. 28.

22 | [73]  <u>See, e.g.</u>, 9049 Request Nos. 1, 2, 3, 95 (explaining that the requests are

23 | unduly burdensome because they seek "all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or

24 | matters at issue in this case"); 9059 Request Nos. 333 (explaining that the requests

25 | are unduly burdensome because they seek all documents "authored by anyone at any time . . . without further limitation subject matter, regardless of whether such

26 | documents are publicly available and regardless of whether the documents concern

27 | matters at issue in this case"); <u>see also</u> Declaration of Michael Moore, dated September 10, 2007, Dart Decl., Exh. 34 ("Moore Decl.").

28 |

-27-

1    The burden of many of MGA's requests would be overwhelming.  By

2 way of example, 9059 Request No. 1 seeks "[a]ll DOCUMENTS mentioning,

3 referring or relating to BRATZ INTELLECTUAL PROPERTY."  Almost <u>any</u>

4 employee at Mattel might have documents "relate" to Bratz.  To locate all such

5 documents would take years, cost millions of dollars, and seriously interfere with

6 the operation of Mattel's business.[74]

---

74  Moore Decl., ¶ 11.
75  <u>Id.</u>, ¶ 9.
76  <u>Id.</u>, ¶ 10.
77  <u>Id.</u>

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   [78]   See Declaration of Lori Pantel, dated August 6, 2009 at ¶ 7, Dart Decl., Exh.

25   31 ("Pantel Decl.").

  [79]   Id.

26     [80]   Pantel Decl., ¶ 10.

  [81]   Moore Decl., ¶ 5.

27     [82]   Id.

28

-29-



14                      . MGA should not be

15 permitted to circumvent prior Orders by seeking to overrule Mattel's objections

16 here. Indeed, MGA's motion again amounts to nothing more than an improper

17 motion for reconsideration – and one that fails on the merits to boot.

18         **C.**     **Mattel Properly Reserved Its Right to Supplement Its Responses**

19             Mattel has properly reserved its right to supplement its responses based

20 on expert discovery and continuing investigation of the facts of this case. New

21 Haven Temple SDA Church v. Consolidated Edison Corp., 1995 WL 358788, at *5

22 (S.D.N.Y. June 13, 1995) (sustaining objections to interrogatory because "[t]o the

23 extent that the theories of damages applicable to these claims may be related to the

24 damages sought by plaintiff's fourth claim, the interrogatory is premature");

25 Ziemack v. Centel Corp., 1995 WL 729295, at *2-3 (N.D. Ill. Dec. 7, 1995)

---

83  Id., ¶ 12; Moore Decl., ¶ 7.

84  Id., ¶ 12; Moore Decl., ¶ 7.

1   (granting motion to compel interrogatory responses but noting that "this Court does

2   not expect Plaintiffs to address the issues that will be more appropriately dealt with

3   by experts, at a later date" and "since experts have not been either retained or

4   deposed, much of the remaining discovery is also premature."). Indeed, the

5   Discovery Master so ruled previously in connection with virtually identical

6   objections asserted by MGA itself.[85]

7         Essentially, MGA is demanding that Mattel complete its production of

8   all documents in the case *right now*, even though the discovery cut-off is more than

9   six months away. Yet MGA offers no reason to circumvent the discovery deadlines

10  established by the Court and foreclose further production.    Because expert reports

11  are not yet due and investigation is continuing, Mattel has properly reserved its right

12  to supplement its responses.

### Conclusion

14        For the reasons set forth above, and in Mattel's Oppositions to MGA's

15  Separate Statements, MGA's Motion should be denied.

16
    DATED: October 19, 2009          QUINN EMANUEL URQUHART OLIVER &
17                                    HEDGES, LLP

18

19

20                                    By /s/ James J. Webster
                                      _____
21                                    James J. Webster
                                      Attorneys for Mattel, Inc.

22

23

24  _____

25  [85] See Order Granting in Part and Denying in Part Mattel's Motion to Compel
    Responses To Interrogatory Nos. 27-44 and 46-50 By The MGA Parties, dated
26  February 15, 2008 at 13:8-9 ("That the interrogatory responses include a reservation
    of rights to supplement during expert discovery does not render the responses
27  inherently improper or inadequate."), Dart Decl., Exh. 15.

28