1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2  johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10             SOUTHERN DIVISION

| | |
|---|---|
| 11  MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx) |
| 12              Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| 13        vs. | **DISCOVERY MATTER** |
| 14  MGA ENTERTAINMENT, INC., a California corporation, et al., | **[To Be Heard By Discovery Master Robert O'Brien]** |
| 15 | |
| 16              Defendant. | DECLARATION OF JAMES J. WEBSTER IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO MGA PARTIES' MOTION TO COMPEL FURTHER RESPONSES TO MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS |
| 17  AND CONSOLIDATED ACTIONS | |
| 18 | |
| 19 | |
| 20 | Hearing Date:        TBD |
|    | Time:                    TBD |
| 21  **PUBLIC REDACTED VERSION** | Place:                   TBD |
| 22 | **Phase 2** |
|    | Discovery Cut-off:    June 1, 2010 |
| 23 | Pre-trial Conference: |
|    | Trial Date: |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

1    I, James J. Webster, declare as follows:

2    1.    I am a member of the bar of the State of California and a partner
3    at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc.
4    ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called
5    and sworn as a witness, I could and would testify competently thereto.

6    2.    On July 28, 2009, my colleague, Jon D. Corey, Esq., received a
7    letter from Diana M. Rutowski, Esq., requesting a meet and confer conference on
8    approximately 450 Requests for Production served by MGA during Phase 1. A true
9    and correct copy of the July 28, 2009 letter from Ms. Rutowski to Mr. Corey is
10   attached hereto as Exhibit 1. The letter provided no additional information and did
11   not set forth the relevance to Phase 2 issues of any of the MGA Requests for
12   Production enumerated in that letter.

13   3.    On August 4, 2009, I sent Ms. Rutowski an email asking to meet
14   and confer with her about the Requests. A true and correct copy of my August 4,
15   2009 email to Ms. Rutowski is attached hereto as Exhibit 2.

16   4.    Due to an internal miscommunication, I believed that an earlier
17   letter written to Ms. Rutowski proposing that a meet and confer conference take
18   place on August 4, 2009 had been sent. That letter had not, in fact, been sent.

19   5.    The parties spoke on this issue on August 11, 2009. During this
20   conference, my colleague Robert J. Dart, Esq., and I informed Ms. Rutowski and her
21   colleague, Cynthia Locke, Esq., that the July 28, 2009 letter included many
22   Requests upon which MGA had previously moved to compel, and that other
23   Requests were, under the clear language of Phase 1 Orders, overbroad and
24   irrelevant. Ms. Rutowski and Ms. Locke expressed surprise and asked for a list of
25   the orders, which Mattel provided on August 13, 2009, via email. A true and correct
26   copy of the August 13, 2009 email is attached hereto as Exhibit 3.

27   6.    During the August 11, 2009 telephone call, I also requested that
28   MGA set forth, in writing, the relevance of the Requests for Production. I explained

1    that this was a meet and confer requirement under paragraph 5 of the Discovery
2    Master Stipulation, a true and correct copy of which is attached hereto as Exhibit 4.

3            7.      In addition, the Court's directive in its July 9, 2009 Order, that
4    moving parties "must bear the burden of establishing the discovery relevancy
5    standard – that the materials sought are 'reasonably calculated to lead to the
6    discovery of admissible evidence' – is met," clearly required MGA to do more than
7    provide a list of Requests.  A true and correct copy of the July 9, 2009 Order is
8    attached hereto as Exhibit 5.

9            8.      MGA did not, however, articulate a relevance basis for the
10   approximately 450 Requests during that August 11, 2009 call or afterwards.

11           9.      On August 19, 2009, the parties spoke on this issue a second
12   time.  During this conference call, I requested that MGA confirm that it would not
13   pursue Requests that had already been determined to be overbroad and irrelevant in
14   this case.  MGA refused to do so.  Instead, MGA chose to reveal during this call –
15   approximately three weeks after initially providing its list of Requests – that the
16   Requests it had identified in its correspondence prior to this call had been
17   inadvertently mis-numbered.  The consequence of MGA's error was that Mattel had
18   been forced to undertake an unnecessary review and that numerous Requests would
19   have to be addressed anew.

20           10.     MGA also insisted that I state whether Mattel had produced or
21   would produce documents that it had previously been ordered to produce.  I stated
22   that Mattel had conducted reasonable, good faith searches for all documents ordered
23   produced and was not withholding such documents on any basis other than privilege
24   or work product, except to the extent that Mattel's objections were not overruled by
25   the Discovery Master.  I asked that MGA should please identify the Requests to
26   which it was referring in a written list.  MGA declined to do so.

27           11.     MGA then articulated extremely broad and vague assertions as to
28   the purported relevance for three or four of the approximately 450 Requests, such

1  as "it relates to Bratz," and "it relates to My Scene." MGA then demanded that
2  Mattel state, for each such Request – which MGA had only fully and correctly
3  identified for the first time earlier in this call – whether or not Mattel was
4  withholding documents based on its objections and limitations. I responded that
5  Mattel would provide the requested information in writing after MGA provided to
6  Mattel a relevance basis for each of the Requests. This MGA refused to do, and at
7  that juncture the call was concluded.

8      12.    Later that same day, I received an email from William Molinksi,
9  Esq., mischaracterizing the August 19, 2009 telephone call, a true and correct copy
10  of which is attached hereto as Exhibit 6.

11      13.    That email stated, for example: ". . . in an effort to move this
12  process forward, we relented and began explaining to you, on a request by request
13  basis, why each request was relevant and what claim that request related to.
14  However, it became apparent after the first few requests that you had no interest in
15  discussing these issues in good faith."

16      14.    That is simply untrue. MGA stated, in very broad terms, that a
17  handful of Requests were relevant due to their relationship with Bratz and My
18  Scene. I stated that I did not concede to relevance based on those descriptions,
19  which were too vague and broad. MGA did not provide further descriptions or
20  expound on its relevance argument. I promised to provide, in writing, a statement of
21  whether or not Mattel continued to withhold documents as to each Requests in one
22  day's time, if MGA would state the relevance basis of those Requests. Mr. Molinski
23  ended the call.

24      15.    On August 20, 2009, I responded to Mr. Molinski's email via
25  letter, a true and correct copy of which is attached hereto as Exhibit 7. In that letter
26  I described the meet and confer conference as set forth above and reminded Mr.
27  Molinksi that the Discovery Master's standing Order required any party to provide a
28

1 | basis for Phase 2 relevance in writing before the meet and confer process could be
2 | initiated as to Phase 1 discovery.

3 |      16.    Instead of responding to the concerns listed in my August 20,
4 | 2009 letter – or indeed ever setting forth the Phase 2 relevance of any of the
5 | Requests – MGA sent a further email to me on August 20, 2009, identifying
6 | *approximately 500 additional* Phase 1 Requests that MGA sought to put at issue. A
7 | true and correct copy of this letter from Diana M. Rutowski, is attached hereto as
8 | Exhibit 8. Once again, MGA listed the Requests for Production, and failed to
9 | articulate the purported relevance of any of the Requests to Phase 2 issues.

10 |      17.    Upon reviewing Exhibit 8, Mattel determined that MGA had
11 | listed numerous Requests that had already been the subject of prior motions to
12 | compel, which had been denied. For many of these additional Requests, Mattel had
13 | specifically stated in its prior discovery responses that it had provided all relevant,
14 | non-privileged documents.

15 |      18.    On August 24, 2009, I sent Ms. Rutowski another letter setting
16 | forth the deficiencies as described above and requesting, once again, that MGA set
17 | forth the purported relevance of the Requests for Production to issues in Phase 2. A
18 | true and correct copy of my August 24, 2009 letter to Ms. Rutowski is attached
19 | hereto as Exhibit 9. I did not receive a response from Ms. Rutowski to that request.

20 |      19.    Instead, on August 25, 2009, Ms. Rutowski wrote yet another
21 | letter listing, for the third time, a vast set of Phase 1 Requests upon which MGA
22 | sought to meet and confer. Again, MGA failed to articulate the purported relevance
23 | of any of the Requests. A true and correct copy of the August 25, 2009 letter from
24 | Ms. Rutowski to myself is attached hereto as Exhibit 10.

25 |      20.    On September 23, 2009, MGA filed the instant motion, which
26 | appears to address some combination of the MGA Requests for Production
27 | identified in Ms. Rutowski's July 28, 2009 and August 20, 2009 letters. MGA had,
28 | for the past month, increased and modified its list several times. Because MGA

1  failed to articulate the purported relevance of the Requests to Phase 2 issues, MGA
2  has not satisfied the meet and confer requirements clearly set forth by the Discovery
3  Master.

4       21.    Attached to Ms. Rutowski's Declaration in Support of MGA's
5  Motion to Compel is email correspondence in which MGA asserted that Mattel's
6  alleged failure to state the relevance of other contested discovery it had propounded
7  excused MGA's failure to comply with paragraph 5 of the Discovery Master
8  Stipulation.

9       22.    Ms. Rutowski fails to note that, in response to a Declaration filed
10 by Mr. Molinski, Mattel provided MGA and the Discovery Master with an
11 explanation of the relevance of the discovery Mattel was seeking. This information
12 was provided in a Supplemental Declaration of Marshall Searcy, dated August 21,
13 2009. A true and correct copy of this Declaration is attached hereto as Exhibit 11.

14      23.    In my August 24, 2009 letter to Ms. Rutowski, I specifically
15 referred to the Supplemental Declaration of Marshall Searcy in order to demonstrate
16 that paragraph 5 of the Discovery Master Stipulation was mandatory. Ms. Rutowski
17 did not respond to the content of that letter.

18      24.    Mattel has produced approximately 370,000 pages regarding MY
19 SCENE, without limitation by theme or doll, including documents related to its
20 design and development, packaging, advertising, marketing, testing, themes, sales
21 planning, manufacturing and production, among others.

22      25.    Similarly, Mattel has produced approximately 69,000 pages
23 regarding ACCELERACERS, including documents related to its design and
24 development, packaging, advertising, marketing, sales planning, manufacturing and
25 production, among others.

26      26.    Mattel has produced detailed profit and loss information for
27 every girls and boys product sold by Mattel from 1998 to 2008, including each of
28 the products subject to MGA's unfair competition claims and every product Mattel

1  alleges was harmed by any act or omission alleged by Mattel in this lawsuit, every
2  BARBIE and MY SCENE product, as well as MY SCENE licensing revenues and
3  profits.

4      27.    As is apparent from the responses themselves, which identify
5  documents by Bates number, Mattel has produced all documents identified in its
6  responses to MGA's Second Set of Interrogatories.

7      28.    Attached hereto as Exhibit 12 is a true and correct copy of Phase
8  2 Discovery Matter Order No. 60, dated September 9, 2009.

9      29.    Attached hereto as Exhibit 13 is a true and correct copy of MGA
10 Parties' Opposition to Motion to Compel MGA Mexico to Produce Documents and
11 Things in Response to Mattel's First, Second, and Third Sets of Requests for
12 Production to MGA Mexico, dated July 22, 2009

13     30.    Attached hereto as Exhibit 14 is a true and correct copy of
14 excerpts from the deposition of Lissa Freed, dated May 3, 2007.

15     31.    Attached hereto as Exhibit 15 is a true and correct copy of
16 excerpts from the Trial Transcript, dated July 2, 2008.

17     32.    Attached hereto as Exhibit 16 is a true and correct copy of a
18 letter dated March 15, 2007, from Jennifer Glad to Timothy Alger.

19     33.    Attached hereto as Exhibit 17 is a true and correct copy of a
20 letter dated January 23, 2007, from Robert Herrington to Timothy Alger.

21     34.    Attached hereto as Exhibit 18 is a true and correct copy of
22 Discovery Matter Order No. 52.

23         I declare under penalty of perjury under the laws of the United States of
24 America that the foregoing is true and correct.

25         Executed this 19th day of October 2009, at Los Angeles, California.

26

27

28                        James E. Webster