# EXHIBIT 6

**From:** Molinski, William [mailto:wmolinski@orrick.com]
**Sent:** Wednesday, August 19, 2009 3:56 PM
**To:** James Webster
**Cc:** Rutowski, Diana; Hurst, Annette
**Subject:** Meet and Confer

James:

This will confirm that we just completed a meet and confer on the document requests. This will confirm what was discussed:

First, you agreed that you would go back and confirm that Mattel is not withholding any documents that it was compelled by order to produce that are the subject of this meet and confer, on any basis other than privilege. We agreed to provide you with a list of the document requests that were subject to court order and you agreed to then confirm the above as to those requests.

Next, we then sought to engage you on the remaining requests that were the subject of our letter. You refused to discuss any of those requests until we first explained the relevance of the request. As I indicated, this position is directly contrary to the position Mattel has taken, e.g. in Marshall Searcy's letter dated April 2, where he wrote:
   **Mattel does not have an obligation to preemptively demonstrate the relevance of its requests. If MGA Mexico believes certain requests**
   **are irrelevant, it should articulate why each purportedly irrelevant request is, in fact, irrelevant**.
Just yesterday, your partner Mike Zeller confirmed in an email to me that this was still Mattel's position as to how the meet and confer process should occur (Specifically, he said that Mattel was not abandoning that position). Nonetheless, when I asked if you would identify any requests that were not relevant, as Mr.. Searcy's letter says you should do, you refused to do so. You also confirmed that you did not believe you had the obligation to do what Mr.. Searcy, and apparently Mr. Zeller, said Mattel would have an obligation to do. Mattel's constant reversal of its position on this issue is truly dizzying. I indicated to you that we were perfectly willing to identify the relevance of each request if you would let us know what requests Mattel believed was not relevant. You refused, saying that if we identified the relevance of a request, you would "get back to us."

Even where I sought simply to get further clarification on objections made to obviously relevant requests, you said you would not discuss or clarify those objections until we first explained the relevance of the request. Then, when I accommodated your request and explained why the request was relevant, you still would not clarify or even discuss the objections, except to say you would "get back to us."

Even though Mattel has taken the position that we need not identify the relevance of any request until Mattel first says whether a request is not relevant, and in an effort to move this process forward, we relented and began explaining to you, on a request by request basis, why each request was relevant and what claim that request related to. However, it became apparent after the first few requests that you had no interest in discussing these issues in good faith. After explaining the relevance of a request, you refused to say whether you agreed that it was relevant or whether you believed it was not relevant. You simply said you would "get back to me." You would not even commit to a time to get back to us except to say that you would tell us by tomorrow when you would get back to us.

James, we were prepared to discuss the relevance of each request, and would have done so if you were simply willing to discuss these issues or even tell us in response if you agreed or disagreed, as is contemplated by the meet and confer

1

EXHIBIT _____ 6

PAGE _____ 32

requirements. Instead, you treated the conversation as simply a one-way flow of information, with no obligation on Mattel's part to actually confer on any particular request. I can't say I am surprised, since even since our recent arrival into this case it has become clear to us that Mattel does not view the meet and confer process as a way of reaching resolution, but as a way to extract concessions when it is not willing to do the same, and to get information for motions that it has no interest in avoiding.

I am sorry our meet and confer could not be more productive.

Regards,
Bill



ORRICK

**BILL A. MOLINSKI**

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CA 90017-5855

*tel* 213-612-2256
*fax* 213-612-2499
*mobile* 310-502-7580
wmolinski@orrick.com

www.orrick.com

```
"EMF <orrick.com>" made the following annotations.
----------------------------------------------------------------------------
============================================================

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS,
we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not
intended or written to be used, and cannot be used, for
the purpose of (i) avoiding tax-related penalties under
the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any tax-related matter(s)
addressed herein.


============================================================

NOTICE TO RECIPIENT:  THIS E-MAIL IS  MEANT FOR ONLY THE
INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A
COMMUNICATION PRIVILEGED BY LAW.  IF YOU RECEIVED THIS E-
MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY
PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY
RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR
SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
```

EXHIBIT _____ 6
PAGE _____ 33

For more information about Orrick, please visit
http://www.orrick.com/
================================================================
==================================================================

EXHIBIT _____ 6 _____
PAGE _____ 34 _____

# EXHIBIT 7

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3132

WRITER'S INTERNET ADDRESS
jameswebster@quinnemanuel.com

August 20, 2009

VIA E-MAIL AND U.S. MAIL

William A. Molinski, Esq.
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
wmolinski@orrick.com

Re:     Mattel, Inc. v. MGA Entertainment, Inc., et. al.

Dear Mr. Molinksi:

I am writing in response to your email of August 19, 2009.

We respectfully disagree with your characterization of yesterday's call. In the end, you
terminated the call because I told you that I would need to consider your showings as to the
relevance of the Phase 1 Requests for Production before joining issue with them. We were ready
to continue with a discussion of the approximately 450 Requests, but you chose not to do so.

You also informed Mattel that you had misidentified and omitted at least four Requests for
Production from your initial letter – sent over three weeks ago, on July 28, 2009 – yet had failed
to inform Mattel of these inaccuracies until the call yesterday. Given the timing of this
disclosure, we had no opportunity to review those Requests before the call. We ask again that
you please confirm that each of the Requests you previously identified are in fact the Requests
that you wish to meet and confer on.

You also insisted that I state whether we have or will produce responsive documents that we
were previously ordered to produce. I stated that Mattel had conducted reasonable, good faith
searches for all documents ordered produced and was not withholding such documents on any

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, Illinois 60606-6303 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th Fl., 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 1074052, Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

EXHIBIT     7

PAGE     35

basis other than privilege and work product or except to the extent Mattel's objections were not overruled by the Discovery Master. I also asked that, to the extent you wanted further specifics, you identify the Requests to which you were referring in a list so that we could appropriately follow-up. This is a courtesy I extended to you when I provided you a list of Orders that you were apparently not aware of denying motions to compel on the very Requests you now seek to meet and confer on. Yet, you informed me that you would not do so.

You also raised for the first time during the call whether Mattel was withholding documents based on objections asserted during Phase 1. I explained to you that this could only be meaningfully discussed if MGA identified which Requests it was raising in this regard. Indeed, some objections in Phase 1 were sustained or otherwise never challenged by MGA. It was not clear from our call whether MGA now intends to specify which Requests it was inquiring about.

We asked during the call if MGA was prepared to explain how it believed the Requests that MGA is seeking to discuss were relevant. My understanding was that this was a purpose of yesterday's call, given that MGA has refused to articulate any showing of relevance in writing. You nevertheless were unwilling or unable during our call to discuss the alleged relevance of the vast majority of the Requests listed in your July 28, 2009 letter. Instead, you mentioned only eight Requests for which you sought clarification of Mattel's objections. You also stated that you were prepared to discuss relevance only as to these eight Requests. However, in articulating the alleged relevance of these few Requests, you only asserted in conclusory fashion that they "relate to MY SCENE" or "relate to Bratz." You declined to elaborate further, even though I pointed out that such vague explanations were not sufficient, particularly in light of the fact that the prior Discovery Master had rejected earlier MGA demands that Mattel produce all documents on such vague, overbroad topics as "Bratz."

As we have said, not only does common courtesy dictate that MGA explain why it believes the Requests it wishes to discuss are relevant -- it will have to do so on a motion in any event -- but paragraph 5 of the Discovery Master Stipulation requires it. I had reluctantly agreed to have the call with you despite your refusals to provide the required information in writing, in the expectation that MGA would articulate the bases for the demanded discovery during our call. Unfortunately, you declined to do so, either at all as to virtually all of the Requests or in any meaningful fashion as to a few of the Requests.

In sum, Mattel should not be forced to do the work that MGA is apparently unwilling to do, especially since many of the Requests were the subject of extensive motion practice during Phase 1 and MGA's generalized attempt to rehash the same issues is not appropriate. At a minimum, perhaps we would have a more productive discussion if MGA would disclose to us which of the Requests it now concedes are no longer at issue based upon your review of the prior Discovery Master Orders that we identified for you.

I look forward to hearing from you.

2

EXHIBIT _____ 7

PAGE _____ 36

Best regards,

/s/ James J. Webster

James J. Webster

JJW
07975/3062915.1

3

EXHIBIT _____ 7
PAGE _____ 37

# EXHIBIT 8

R E C E I V E D   CALENDAR

AUG 2 4 2009



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

*tel* +1-415-773-5700
*fax* +1-415-773-5759

WWW.ORRICK.COM

August 20, 2009

Diana M. Rutowski
(650) 614-7685
drutowski@orrick.com

*VIA EMAIL & U.S. MAIL*

James J. Webster
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

Re:   *Carter Bryant v. Mattel, Inc. and consolidated actions*

Dear Mr. Webster:

The meet and confer teleconference that we had yesterday to satisfy our obligations with respect to the Requests for Production identified in my July 28, 2009 letter left us seriously concerned about Mattel's commitment to search for, collect, and produce documents relevant to Phase 2 issues. Specifically, you said you would only consider investigating whether all responsive documents had been produced if we first identified the specific request, explained the relevance of the request (even for requests where you did not object on relevance grounds) and, even then, you said you would simply consider our request, with no commitment to confirm anything. Accordingly, we identify the following additional RFPs seeking information discoverable in Phase 2 and request a meet and confer teleconference within five days:

MGA's RFPs in *MGA Entertainment, Inc. v. Mattel, Inc.*, Case No. CV 04-9049 SGL (RNBx):

   68, 105-107, 116-117, 123-130, 132-133, 168, 171-173, 176-177, 182-383, 435-444, 446-451, 456-457, 464-467, 470-472, 477-478, 494-525, 541-548, 554, 558-563, 569, 572-573, 587, 589-590, 597-599, 605-610, 642-644, 646, 648-650, 675-695, 697, 741, 746-747, 757-758, 770-774, 781-784, 789-791

MGA's RFPs in *Mattel, Inc. v. Carter Bryant and MGA Entertainment, Inc.*, CV 04-9059 NM (RNBx):

   1-43, 72-98, 100-111, 131-139, 165-167, 210, 220-223, 252-253, 255-257, 272-280, 283, 286-295, 298, 301, 308, 310, 312, 314, 316, 318-319, 321-322, 331-337, 341, 343-349, 351-361

As we requested with respect to the prior batch of RFPs identified in our earlier meet and confer letter, we ask that Mattel confirm for each RFP that (1) it has diligently searched for, collected and produced all non-privileged documents responsive to the request, and (2) that it has not narrowed the scope of its investigation, collection or production based on its objections or rephrasing of the RFP language in connection with its agreement to produce. For those RFPs that Mattel confirms

OHS West:260709128.1

EXHIBIT ____9____

PAGE ____38____



**ORRICK**

James J. Webster
August 20, 2009
Page 2

this information, we ask that Mattel immediately withdraw its objections and provide amended
responses confirming production. If Mattel is withholding or has failed to investigate, collect, or
produce documents based on its objections, we ask that Mattel state the basis for its objection and
identify with particularity the documents it is withholding. We refer you to Federal Rule of Civil
Procedure 34(b)(2)(C), which requires that "[a]n objection to part of a request must specify the part
and permit inspection of the rest."

Please let us know when you are available to meet and confer regarding the RFPs identified in this
letter. We hope to engage in a productive dialogue regarding what, if anything, Mattel is withholding
and why, so that we can address any objections as necessary and appropriate. However, if, like
yesterday, you will not engage us in this process, please let us know so that we can seek appropriate
relief.

In addition, as I clarified on the phone yesterday, some of the RFPs in my letter of July 28, 2009
were off by two digits. Specifically, RFPs 783-786 from the 04-9049 requests should refer to 785-
788 and RFPs 790-792 should refer to 792-794.

Very truly yours,

Diana M. Rutowski

DMR/ek

EXHIBIT ___ 8

PAGE ___ 39

# EXHIBIT 9

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3132

WRITER'S INTERNET ADDRESS
jameswebster@quinnemanuel.com

August 24, 2009

VIA E-MAIL AND U.S. MAIL

Diana M. Rutowski, Esq.
Orrick Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:    Mattel, Inc. v. MGA Entertainment, Inc., et. al.

Dear Ms. Rutowski:

I am writing in response to your letter of August 20, 2009.

MGA has ignored my letter of August 20, 2009, regarding the approximately 450 Phase 1 Requests for Production that you have sought to put at issue in Phase 2. Rather than addressing that letter, you have proposed to meet and confer on an additional 500 Requests. However, in doing so, MGA merely continues to list RFP numbers, without any explanation -- categorical or otherwise -- as to how they are relevant to Phase 2.

MGA's tact is inappropriate. First, as you know from the Orders we identified for you previously, the Discovery Master has already ruled on many of the Requests you have identified, denying MGA's motions to compel. If MGA believes that there are reasons why those Requests are now proper, it needs to explain them. To date, it has not. Second, the Court's July 9, 2009 Order make clear that the proponent of discovery "must bear the burden of establishing the discovery relevancy standard – that the materials sought are 'reasonably calculated to lead to the discovery of admissible evidence." To put this in perspective, MGA is currently attempting to put at issue Mattel's Responses to almost a thousand Phase 1 RFPs - yet makes no attempt set forth in writing the relevance to Phase 2 of individual or reasonably identified groups of RFPs. That is a violation of paragraph 5 of the Discovery Master Stipulation. There also is no practical

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, Illinois 60606-6301 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom  TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th Fl., 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

EXHIBIT ____9____

PAGE ____40____

reason why MGA continues to refuse to address the relevance of the RFPs in any manner. If it moves to compel, it will have to explain relevance for these RFPs in any event, especially since a many of them were previously rejected by the Discovery Master.

In order for Mattel and MGA to engage in a meaningful meet and confer on the thousand RFPs MGA now wishes to meet and confer on, please provide us with a description of MGA's bases for asserting that RFPs (other than those where Mattel already agreed to produce or was compelled) seek information relevant for Phase 2. We expect this to be in writing and, if MGA prefers, it can be made as to reasonable groupings of similar RFPs. Otherwise, we cannot prepare for the meet and confer.

I look forward to hearing from you and to discussing the RFPs once we have received the requested information.

Best regards,

/s/ James J. Webster

James J. Webster

JJW

07209/3069717.2

EXHIBIT _____ 9

PAGE _____ 41

# EXHIBIT 10



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025
tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

August 25, 2009

Diana M. Rutowski
(650) 614-7685
drutowski@orrick.com

*VIA E-MAIL AND U.S. MAIL*

James J. Webster
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

Re:     *Carter Bryant v. Mattel, Inc.,* and consolidated cases

Dear Mr. Webster:

During our meet and confer telephone call on August 19, 2009, we asked that you confirm compliance with prior court orders on motions to compel production in response to document requests served in Phase 1 seeking information discoverable in Phase 2. As you were unable provide confirmation during our call, you agreed to do so if we provided a list of the document requests at issue. Accordingly, we identify the following orders and document requests:

## 5/22/07 (RFPs served in 04-9049)

>   Granted as to: 32 (as modified), 33 (as modified), 37, 39, 47 (as modified), 59-60, 61 (as modified), 62-67, 102

## 9/12/07 (RFPs served in 04-9059)

>   Granted as to: 44-46 (as narrowed), 172-174, 180, 188, 190, 224-249, 258-261, 264-267 (as narrowed), 269-270, 281-282 (as narrowed), 284-285 (as narrowed), 296

EXHIBIT _____ 10

PAGE _____ 42



**ORRICK**

James J. Webster
August 25, 2009
Page 2

We look forward to your prompt confirmation, in no more than five court days, that Mattel has complied fully with these orders and that no documents are being withheld in response to the requests (as modified by the court, if applicable) that are the subject to these orders, except on the grounds of attorney client privilege or work product.

Very truly yours,

/s/ Diana M. Rutowski

Diana M. Rutowski

DMR/ek

OHS West:260715490.1

EXHIBIT ___10___

PAGE ___43___

# EXHIBIT 11

Case 2:04-cv-09049-SGL-RNB     Document 6369     Filed 08/21/2009     Page 1 of 4

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
      Telephone:  (213) 443-3000
6   Facsimile:   (213) 443-3100

7   Attorneys for Mattel. Inc.

8

9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11                       EASTERN DIVISION

12  | CARTER BRYANT, an individual,      | CASE NO. CV 04-9049 SGL (RNBx)

13  |              Plaintiff,             | Consolidated with
                                          Case No. CV 04-09039
14  | vs.                                | Case No. CV 05-02727

15  | MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER**

16  |              Defendant.             | **[To Be Heard By Discovery Master
                                          Robert O'Brien]**

17  |
    | AND CONSOLIDATED ACTIONS           | SUPPLEMENTAL DECLARATION
18  |                                    | OF MARSHALL M. SEARCY III IN
                                          SUPPORT OF MATTEL, INC.'S
19                                        MOTION TO COMPEL MGA
                                          MEXICO TO PRODUCE
20                                        DOCUMENTS AND THINGS IN
                                          RESPONSE TO MATTEL'S FIRST,
21                                        SECOND AND THIRD SETS OF
                                          REQUEST FOR PRODUCTION TO
22                                        MGA MEXICO

23                                        Date:   TBD
                                          Time:   TBD
24                                        Place:  Arent Fox LLP
                                                    555 West Fifth St.
25                                                  48th Floor
                                                    Los Angeles, CA
26                                                  90013

                                          **Phase 2:**
27                                        Discovery Cut-off:      Dec. 11, 2009
                                          Pre-trial Conf.:        Mar. 1, 2010
28                                        Trial Date:             Mar. 23, 2010

NEWMMS/3065149.1

                                          DECLARATION OF MARSHALL M. SEARCY

EXHIBIT ___11___

PAGE ___44___

1          I, Marshall M. Searcy, III, declare as follows:

2          1.      I am a member of the bar of the State of California and a partner

3    at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc.

4    ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called

5    and sworn as a witness, I could and would testify competently thereto.

6          2.      I submit this declaration in response to the Supplemental

7    Declaration of William Molinski dated August 20, 2009 In Opposition to Mattel's

8    Motion To Compel MGA Mexico To Produce Documents And Things In Response

9    To Mattel's First, Second And Third Sets Of Request For Production To MGA

10   Mexico (the "Declaration"). Mattel regrets having to burden the Discovery Master

11   with a response, but because MGA already creates considerable expense with its

12   quarrels about meet and confer issues on all or virtually all motions, Mattel believes

13   it is necessary to correct the erroneous record that the Declaration attempts to create.

14         3.      Mattel's position on the relative burdens of proof in discovery

15   disputes has been a consistent one and is the one that Mattel suggested and that the

16   Discovery Court articulated in its July 9 Order:  the party that propounded the

17   discovery bears the burden of proving its relevance, and the party resisting

18   discovery thereafter bears the burden of proving the discovery should not be had.

19         4.      The Declaration nevertheless cites to my letter dated April 2,

20   2009 to erroneously claim that Mattel "sought to shift the burden to MGA to explain

21   why requests were not relevant." The Declaration mischaracterizes the letter and

22   distorts the record because it fails to disclose that not only did Mattel establish the

23   relevance of the Requests, but that relevance of the vast bulk of the Requests at issue

24   on the motions had already been conceded since MGA Mexico had previously

25   agreed to produce the documents but failed to do so or because MGA Mexico had

26   admitted to the Discovery Master that the information sought was relevant.

27         5.      In particular, as may be seen from the text of Mattel's April 2

28   letter, it discusses over the course of more than 11 single-spaced pages each of the

NEWMMS/3065149.1

EXHIBIT ____11____

PAGE ____45____

DECLARATION OF MARSHALL M. SEARCY

1   boilerplate objections made by MGA in its Responses to Mattel's Requests, and why
2   those objections were deficient. (The April 2 letter is attached as Exhibit 7 to my
3   July 15, 2009 Declaration In Support Of Mattel Inc.'s Motion To Compel MGA
4   Mexico To Produce Documents And Things In Response To Mattel's First, Second
5   And Third Sets Of Request For Production To MGA Mexico.) In the portion of the
6   April 2 letter that is partially quoted by the Declaration out-of-context, I stated that
7   MGA's relevance *objections* were deficient on their face because they did not
8   provide any reasoning behind them; rather, MGA's objections stated only that
9   Mattel's Requests were not relevant to the present case. Thus, my letter was
10  discussing deficiencies in MGA's *objections*, not the issue of who bore the burden of
11  proving what.

12          6.      Furthermore, as may be seen in the subsequent letters between
13  the parties that the Declaration omits discussion of, relevance was not an issue
14  during the parties' discussions. (The subsequent letters are attached as Exhibits 8-11
15  to my July 15, 2009 Declaration). To the contrary, MGA Mexico conceded the
16  relevance of the majority of the Requests by agreeing that MGA Mexico would
17  eventually produce documents in response to other Mattel requests (see April 14,
18  2009 letter from Amman Khan, at 1, attached as Exhibit 10 to my July 15, 2009
19  Declaration) or by asserting that other parties might have produced documents
20  originating from MGA Mexico (see April 9, 2009 letter from Amman Khan, at 1,
21  attached as Exhibit 8 to my July 15, 2009 Declaration). However, because MGA
22  Mexico could not identify any document that it had actually produced in the
23  litigation, nor did it ever produce any documents, Mattel moved to compel.
24  Likewise, MGA Mexico conceded the relevance of the Requests pertaining to
25  Trueba, Vargas and law enforcement communications because the MGA Parties
26  themselves had argued and won on those subjects. So, again, relevance was not the
27  issue on the majority of the Requests involved.

28

-2-

DECLARATION OF MARSHALL M. SEARCY

EXHIBIT _____ 11

PAGE      46

1         7.    In contrast, many of the document requests at issue in the

2 correspondence listed as Exhibits A and B to the Declaration involve MGA

3 document requests from Phase 1 where relevance is an issue -- and indeed where

4 MGA previously had moved to compel and had its motions denied. Attached as

5 Exhibit A hereto is a letter to Mr. Molinski from James Webster of our firm, which

6 the Declaration fails to disclose to the Discovery Master. In that letter, Mr. Webster

7 confirmed that he had provided a list of orders denying MGA motions on the

8 requests from Phase 1 that MGA was again attempting to raise and that Mr.

9 Molinski was not aware of these orders or how they impacted the Requests listed in

10 Mr. Molinski's prior letters. During his call with Mr. Webster, and despite Mattel's

11 requests, Mr. Molinski refused to explain--other than for 8 document requests--why

12 he believed the hundreds of documents requests merely listed by number in his letter

13 were relevant or proper or why MGA believed that Mattel might have additional

14 documents responsive to these Phase 1 Requests. Accordingly, this series of

15 discussions bears no resemblance to the meet and confers on the MGA Mexico

16 requests because relevance is very much an issue (especially given the prior Orders

17 denying MGA the discovery it again seeks), whereas relevance on the majority of

18 requests to MGA Mexico was conceded by MGA Mexico itself.

19        I declare under penalty of perjury under the laws of the United States of

20 America that the foregoing is true and correct.

21        Executed this 21st day of August 2009, at Los Angeles, California.

22

23                 /s/ Marshall M. Searcy III

24                 Marshall M. Searcy III

25

26

27

28

-3-

DECLARATION OF MARSHALL M. SEARCY

EXHIBIT _____ 11

PAGE _____ 47

# Exhibit A

EXHIBIT _____ 11

PAGE _____ 48

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3132

WRITER'S INTERNET ADDRESS
jameswebster@quinnemanuel.com

August 20, 2009

VIA E-MAIL AND U.S. MAIL

William A. Molinski, Esq.
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
wmolinski@orrick.com

Re:    Mattel, Inc. v. MGA Entertainment, Inc., et. al.

Dear Mr. Molinksi:

I am writing in response to your email of August 19, 2009.

We respectfully disagree with your characterization of yesterday's call. In the end, you
terminated the call because I told you that I would need to consider your showings as to the
relevance of the Phase 1 Requests for Production before joining issue with them. We were ready
to continue with a discussion of the approximately 450 Requests, but you chose not to do so.

You also informed Mattel that you had misidentified and omitted at least four Requests for
Production from your initial letter – sent over three weeks ago, on July 28, 2009 – yet had failed
to inform Mattel of these inaccuracies until the call yesterday. Given the timing of this
disclosure, we had no opportunity to review those Requests before the call. We ask again that
you please confirm that each of the Requests you previously identified are in fact the Requests
that you wish to meet and confer on.

You also insisted that I state whether we have or will produce responsive documents that we
were previously ordered to produce. I stated that Mattel had conducted reasonable, good faith
searches for all documents ordered produced and was not withholding such documents on any

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, Illinois 60606-5901 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 0 20 7653 2000 FAX +44 0 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th Fl., 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

Exhibit A
Page 4

EXHIBIT ___11___

PAGE ___49___

basis other than privilege and work product or except to the extent Mattel's objections were not overruled by the Discovery Master. I also asked that, to the extent you wanted further specifics, you identify the Requests to which you were referring in a list so that we could appropriately follow-up. This is a courtesy I extended to you when I provided you a list of Orders that you were apparently not aware of denying motions to compel on the very Requests you now seek to meet and confer on. Yet, you informed me that you would not do so.

You also raised for the first time during the call whether Mattel was withholding documents based on objections asserted during Phase 1. I explained to you that this could only be meaningfully discussed if MGA identified which Requests it was raising in this regard. Indeed, some objections in Phase 1 were sustained or otherwise never challenged by MGA. It was not clear from our call whether MGA now intends to specify which Requests it was inquiring about.

We asked during the call if MGA was prepared to explain how it believed the Requests that MGA is seeking to discuss were relevant. My understanding was that this was a purpose of yesterday's call, given that MGA has refused to articulate any showing of relevance in writing. You nevertheless were unwilling or unable during our call to discuss the alleged relevance of the vast majority of the Requests listed in your July 28, 2009 letter. Instead, you mentioned only eight Requests for which you sought clarification of Mattel's objections. You also stated that you were prepared to discuss relevance only as to these eight Requests. However, in articulating the alleged relevance of these few Requests, you only asserted in conclusory fashion that they "relate to MY SCENE" or "relate to Bratz." You declined to elaborate further, even though I pointed out that such vague explanations were not sufficient, particularly in light of the fact that the prior Discovery Master had rejected earlier MGA demands that Mattel produce all documents on such vague, overbroad topics as "Bratz."

As we have said, not only does common courtesy dictate that MGA explain why it believes the Requests it wishes to discuss are relevant -- it will have to do so on a motion in any event -- but paragraph 5 of the Discovery Master Stipulation requires it. I had reluctantly agreed to have the call with you despite your refusals to provide the required information in writing, in the expectation that MGA would articulate the bases for the demanded discovery during our call. Unfortunately, you declined to do so, either at all as to virtually all of the Requests or in any meaningful fashion as to a few of the Requests.

In sum, Mattel should not be forced to do the work that MGA is apparently unwilling to do, especially since many of the Requests were the subject of extensive motion practice during Phase 1 and MGA's generalized attempt to rehash the same issues is not appropriate. At a minimum, perhaps we would have a more productive discussion if MGA would disclose to us which of the Requests it now concedes are no longer at issue based upon your review of the prior Discovery Master Orders that we identified for you.

I look forward to hearing from you.

2

Exhibit A
Page 5

EXHIBIT _____ 11

PAGE _____ 50

Best regards,

/s/ James J. Webster

James J. Webster

JJW
07975/3062915.1

3

EXHIBIT _____ 11

PAGE _____ 51