# EXHIBIT 12

# EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**EXHIBIT 13**

1   MELINDA HAAG (State Bar No. 132612)
    mhaag@orrick.com
2   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
3   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA 94105
6   Telephone: +1-415-773-5700
    Facsimile: +1-415-773-5759
7
    WILLIAM A. MOLINSKI (State Bar No. 145186)
8   wmolinski@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
9   777 South Figueroa Street, Suite 3200
    Los Angeles, CA 90017
10  Telephone: +1-213-629-2020
    Facsimile: +1-213-612-2499
11
    Attorneys for MGA Parties
12

13                UNITED STATES DISTRICT COURT

14               CENTRAL DISTRICT OF CALIFORNIA

15                      EASTERN DIVISION

16   CARTER BRYANT, an individual,        | Case No. CV 04-9049 SGL (RNBx)

17          Plaintiff,                     | Consolidated with: Case No. CV 04-9059
                                           | and Case No. CV 05-2727
18   v.
                                           | **DISCOVERY MATTER**
19   MATTEL, INC., a Delaware              | [To Be Heard By Discovery Master
     Corporation,                          | Robert C. O'Brien]
20
                                           | **MGA PARTIES' OPPOSITION TO
21          Defendant.                     | MOTION TO COMPEL MGA
                                           | MEXICO TO PRODUCE
22                                         | DOCUMENTS AND THINGS IN
                                           | RESPONSE TO MATTEL'S FIRST,
23   _____           | SECOND, AND THIRD SETS OF
                                           | REQUESTS FOR PRODUCTION TO
24   AND CONSOLIDATED ACTIONS              | MGA MEXICO**

25                                         | Date:    TBD
                                           | Time:    TBD
26                                         | Place:   Arent Fox LLP
                                           | **Phase 2:**
27                                         | Disc. Cut-off:   Dec. 11, 2009
                                           | Pre-trial Con.:  Mar. 1, 2010
28                                         | Trial Date:  Mar. 23, 2010

OHS West:260697810.3

OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
BY MGA MEXICO (SETS ONE – THREE)
CV-04-0049 SGL (RNBx)

EXHIBIT __13__
PAGE __82__

1

## TABLE OF CONTENTS

Page

I.     INTRODUCTION .......................................................................................... 1
II.    STATEMENT OF FACTS............................................................................. 2
III.   MATTEL'S MOTION SHOULD BE DENIED IN ITS ENTIRETY ............ 4
       A.   Mattel's Motion to Compel is Unreasonable and Improper ................. 4
       B.   Mattel's Motion Is Procedurally Defective........................................... 7
       C.   Mattel's Requests Are Improper ........................................................... 8
            1.   Mattel's Defined Terms Are Objectionable ............................... 9
            2.   Mattel's Requests Seek Irrelevant Information ......................... 12
            3.   Mattel's Requests Are Overbroad and Unduly
                 Burdensome ............................................................................... 14
       D.   MGA Mexico's Objections To The Requests Are Proper .................. 16
IV.    MATTEL SHOULD BE SANCTIONED ...................................................... 17
V.     CONCLUSION ........................................................................................... 19

OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
BY MGA MEXICO (SETS ONE – THREE)
CV-04-0049 SGL (RNBx)

EXHIBIT  13
PAGE  83

1
# TABLE OF AUTHORITIES
2

3  ## CASES
Page(s)

4  *Davis v. Kissinger,*
    2009 U.S. Dist. LEXIS 2828 (E.D. Cal. Jan. 8, 2009) .......................................14
5

6  *Epstein v. MCA, Inc.,*
    54 F.3d 1422 (9th Cir. 1995) ...........................................................................12

7  *Equal Rights Ctr. v. Archstone-Smith Trust,*
    251 F.R.D. 168 (D. Md. 2008) ...........................................................................5
8

9  *Estate of Young v. Holmes,*
    134 F.R.D. 291 (D. Nev. 1991) ........................................................................16

10 *Haensel v. Chrysler Corp.,*
    1997 U.S. Dist. LEXIS 13160 (E.D. La. Aug. 22, 1997)....................................17
11

12 *Kilgore v. Mandeville,*
    2009 U.S. Dist. LEXIS 29203 (E.D. Cal. Mar. 26, 2009)....................................8

13 *O'Brien v. Maui County,*
    2002 U.S. App. LEXIS 10835 (9th Cir. May 6, 2002) .......................................14
14

15 *United States v. International Union of Petroleum & Indus. Workers,*
    870 F.2d 1450 (9th Cir. 1989).............................................................................9

16 *Westhemeco, Ltd. v. New Hampshire Ins. Co.,*
    82 F.R.D. 702 (S.D.N.Y. 1979).........................................................................14
17

18 ## RULES

19 Fed. R. Civ. P.
20   26 ..........................................................................................................................8
     26(b)(1).................................................................................................................8
21   26(b)(2)(C)(i).......................................................................................................5
     34 ..........................................................................................................................8
     34(a) ......................................................................................................................8

22

23

24

25

26

27

28

- ii -

EXHIBIT ＿13＿
PAGE ＿84＿

1    Plaintiff and Counter-Defendant MGA Entertainment, Inc. and

2    Counter-Defendants MGA Entertainment HK, Ltd., MGAE de Mexico S.R.L. de

3    C.V., and Isaac Larian ("MGA Parties") respectfully submit this Opposition to

4    Defendant Mattel, Inc.'s ("Mattel") Motion to Compel the Production of

5    Documents and Things responsive to Mattel's First, Second and Third Sets of

6    Requests for Production.

7    **I.    INTRODUCTION**

8    Mattel is currently seeking to compel production of documents by

9    MGAE de Mexico, S.R.L. de C.V. ("MGA Mexico") in response to more than

10   650 document requests,[1] including nearly 600 separate document requests in this

11   motion alone.

12   More than 4.2 million pages of documents have already been produced

13   by the MGA Parties. With this amount of production, it is hard to imagine how

14   each and every one of the almost 600 requests at issue in this motion is not

15   duplicative of earlier discovery. Moreover, by not eliminating even one single

16   request or agreeing to any limitation of the language therein, Mattel apparently

17   believes it has written almost 600 requests that are relevant, narrowly tailored and

18   not unnecessarily burdensome.

19   Moreover, Mattel cannot make any such showing of relevance by

20   simply asserting that hundreds of requests are relevant to broad issues in the case.

21   Mattel has made no effort to justify the relevance of any particular requests, as the

22   law requires. Instead, Mattel hopes that if the Court finds its requests overbroad,

23   the court will rewrite Mattel's requests so that the requests require the production

24

---

25   [1] On July 15, 2009, Mattel filed two separate motions to compel production by
     MGA Mexico. Docket Document Nos. 5791 and 5792. The instant motion to
26   compel seeks production of documents in response to each and every document
     request included in its First, Second and Third sets of requests for production, for a
27   total of 574 requests. The second motion to compel seeks production of documents
     in response to each and every document request included in Mattel's First Set of
28   "Phase Two" requests for production, including 83 requests. Together, the motions
     seek to compel production in response to 657 separate requests.

EXHIBIT  13
PAGE  85

1   only of relevant information. The Court should not do Mattel's work, and, instead

2   should deny this Motion. At this juncture, Mattel should be required to examine its

3   requests and the documents already available to it (either publicly or through the

4   MGA Parties' numerous productions) and identify which of its requests are relevant

5   to the remaining claims and defenses in this case and have not already received a

6   response. Alternatively, Mattel should be required to re-propound more narrowed

7   requests that seek only discoverable information. To force MGA Mexico to

8   produce documents in response to each of the almost 600 requests at issue here

9   would be unfair and wasteful, and would require MGA Mexico to expend

10   innumerable hours to reproduce documents that have already been produced and are

11   available to Mattel.

12   **II.   STATEMENT OF FACTS**

13   Discovery in this case has been ongoing for years. Mattel has

14   propounded nearly 3,000 requests for production to the MGA Parties. In response,

15   the MGA Parties have produced more than 4.2 million documents. However,

16   Mattel wants to use the reopening of Phase 2 discovery as an opportunity to badger

17   MGA Mexico into reproducing thousands of documents already produced in this

18   action, either by MGA Mexico or by another MGA party.

19   Specifically, Mattel seeks to compel the production of documents by

20   MGA Mexico for each and every request for production included in its First,

21   Second and Third Requests for Production of Documents. Mattel's First Set of

22   Requests includes 148 documents. Mattel's Second Set of Requests includes

23   420 separate requests. Mattel's Third Set of Requests includes six requests. Each

24   of the document requests included in the Second and Third Set of Requests was

25   also served on MGA Entertainment.[2]  MGA Mexico served timely and detailed

26   ――――――――――
   [2] *Compare* Mattel, Inc.'s Second Set of Requests for Documents and Things to
27   MGAE de Mexico, S.R.L. de C.V., Declaration of Marshall M. Searcy III in
   Support of Mattel, Inc.'s Motion to Compel MGA Mexico to Produce Documents
28   and Things Responsive to Mattel's First, Second and Third Sets of Requests for
   Production to MGA Mexico ("Searcy Dec."), Ex. 3, *and* Mattel, Inc.'s Third Set of

EXHIBIT   13
PAGE   86

1    objections to each of these sets of requests. MGA Mexico also agreed to produce

2    documents in response to 309 separate requests.

3                    In April 2, 2009, Mattel sent a letter to MGA Mexico demanding the

4    production of all documents responsive to each of the 574 document requests

5    included in the three sets.[3]  Mattel's letter asserted that not a single one of MGA

6    Mexico's objections was well-received. Moreover, Mattel asserted that MGA

7    Mexico had not yet produced a single document in this case.

8                    During the meet-and-confer process, MGA Mexico explained that

9    Mattel was incorrect.[4]  First, MGA Mexico explained that it had agreed to produce

10   documents in response to 309 of the requests at issue. Moreover, MGA Mexico

11   explained that documents from MGA Mexico had, in fact, been previously

12   produced in the action and were available to Mattel. Still not satisfied, Mattel

13   insisted that MGA Mexico identify each and every document within the more than

14   4 million pages of MGA's production that MGA Mexico had individually

15   produced.[5]

16                   Moreover, with respect to the remaining 165 requests, where MGA

17   Mexico had previously refused to produce documents, MGA Mexico indicated that

18   it would consider a compromise with Mattel.[6]  MGA Mexico asked Mattel to

19

20   Requests for Documents and Things to MGAE de Mexico, S.R.L. de C.V., Searcy
     Dec., Ex. 5, *with* Mattel, Inc.'s Sixth Set of Request for Documents and Things to
     MGA Entertainment, Inc., Declaration of William A. Molinski in Support of MGA
21   Parties' Opposition to Mattel, Inc.'s Motion to Compel MGA Mexico to Produce
     Documents and Things Responsive to Mattel's First, Second and Third Sets of
22   Requests for Production to MGA Mexico ("Molinski Dec."), Ex. A *and* Mattel,
     Inc.'s Seventh Set of Request for Documents and Things to MGA Entertainment,
23   Inc., Molinski Dec., Ex. B.
     [3] Letter from Marshall Searcy to Amman Khan, dated April 2, 2009, Searcy Dec.,
24   Ex. 7.
     [4] Letter from Amman Khan to Marshall Searcy, dated April 9, 2009, Searcy Dec.,
25   Ex. 8.
     [5] Letter from Marshall Searcy to Amman Khan, dated April 10, 2009, Searcy Dec.,
26   Ex. 9; letter from Marshall Searcy to Amman Khan, dated April 23, 2009, Searcy
     Dec., Ex. 11.
27   [6] Letter from Marshall Searcy to Amman Khan, dated April 23, 2009, Searcy Dec.,
28   Ex. 11.

OHS West:260697810.3                                - 3 -

EXHIBIT ___13___

PAGE ___87___

1   identify which of those remaining requests Mattel still considered to be relevant and

2   not within the documents produced by the MGA Parties. Rather than make any

3   similar gesture of compromise, Mattel simply demanded production in response to

4   each and every one of the 165 remaining requests.[7] Mattel's motion also illustrates

5   its unwillingness to compromise, as it includes not only the 165 remaining requests,

6   but also the 309 requests to which MGM Mexico had previously agreed.

7   **III.    MATTEL'S MOTION SHOULD BE DENIED IN ITS ENTIRETY.**

8       **A.    Mattel's Motion to Compel is Unreasonable and Improper.**

9          The fact that Mattel is seeking to compel production with respect to

10  almost 600 document requests in this single motion demonstrates the burden that

11  Mattel is attempting to place on MGA Mexico. Add to this the fact that Mattel has

12  refused to narrow or limit even a single one of these requests, and the bravado of

13  Mattel's motion becomes too much.

14        First, MGA Mexico has served more than 1,000 pages of detailed

15  objections to the 574 requests.[8] However, Mattel's meet-and-confer efforts and its

16  motion wholly disregard them. Rather than respond to any of MGA Mexico's

17  objections in context, Mattel argues that each and every objection asserted by MGA

18  Mexico is improper. Not only is this unpersuasive where the text of the request

19  itself is absent, it is remarkable that Mattel believes that each and every one of its

20  574 requests at issue is wholly unobjectionable.

21        Second, there has been significant disclosure already made with

22  respect to the requests at issue. Importantly, MGA Mexico has agreed to produce

23  documents in response to more than 300 of the requests at issue.[9] Additionally,

24

---

25  [7] *Id.*

[8] MGA Mexico's Objections and Responses to Mattel Inc.'s First Set of Requests
26  for Documents and Things, Searcy Dec., Ex. 2; MGA Mexico's Response to
     Mattel, Inc.'s Second Set of Requests for Documents and Things, Searcy Dec.,
27  Ex. 4; MGA Mexico's Response to Mattel, Inc.'s Third Set of Requests for
     Documents and Things, Searcy Dec., Ex. 6.

28  [9] Accordingly, the motion is moot with respect to those 309 requests (Mattel, Inc.'s
     Second Set of Requests for Documents and Things to MGAE de Mexico. S.R.L. de

OHS West:260697810.3           - 4 -      OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
                                            BY MGA MEXICO (SETS ONE – THREE)
                                            CV-04-0049 SGL (RNBx)

EXHIBIT 13
PAGE 88

1   many of the discovery requests at issue are duplicative of those served on other

2   MGA Parties.[10]  The MGA Parties have produced more than 4.2 million pages of

3   documents in response to these and other requests for production propounded by

4   Mattel.[11]  However, Mattel wants to wholly disregard this production, including the

5   documents it knows have already been produced, and require MGA Mexico to

6   reproduce the documents.[12]  For example, Mattel insists that MGA Mexico has not

7   produced any documents in this action, even though Mattel has previously

8   acknowledged that it has received a "CD contain[ing] the documents seized by

9   Mexican authorities from MGA's office in Mexico."[13]  This admission is even more

10  significant given the fact that Mattel is seeking to compel production of documents

11  "seized by Mexican authorities from [MGA Mexico's] office."[14]  Additionally,

12  Mattel has refused to conduct simple searches in the documents already produced,

13  which would demonstrate that MGA Mexico documents have been produced.[15]

14  Accordingly, Mattel's insistence on duplicative production by MGA Mexico should

15  be denied because "the discovery sought is unreasonably cumulative or

16  duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i); *Equal Rights Ctr. v. Archstone-Smith*

17

18  C.V. ("Second Set of Requests"), Nos. 1-8, 13-22, 25, 42-25, 54-58, 61, 71-85, 89-
    96, 101-104, 106, 117-147, 151-167, 174-175, 177-179, 181-192, 195-199, 201-
19  219, 221-222, 227-248, 253-267, 277-299, 302-316, 329-343, 345-385, 387-398,
    400-410, 412-418).  The only requests properly at issue are Mattel, Inc.'s First Set
20  of Requests for Documents and Things to MGAE de Mexico. S.R.L. de C.V. ("First
    Set of Requests"), Nos. 1-148; Second Set of Requests, Nos. 9-12, 23-24, 26-41,
21  46-53, 59-60, 62-70, 86-88, 97-100, 105, 107-116, 148-150, 168-173, 176, 180,
    193-94, 200, 220, 223-226, 249-252, 268-276, 300-301, 317-328, 344, 386, 399,
22  411, 419-420, and Mattel, Inc.'s Third Set of Requests for Documents and Things
    to MGAE de Mexico. S.R.L. de C.V. ("Third Set of Requests"), Nos. 1-6.
23  [10] *See* footnote 2, *supra*.
    [11] Letter from Amman Khan to Marshall Searcy, dated April 9, 2009, Searcy Dec.,
24  Ex. 8.
    [12] Letter from Marshall Searcy to Amman Khan, dated April 2, 2009, Searcy Dec.,
25  Ex. 7.
    [13] Letter from Jon Corey to Andrew Temkin, dated February 4, 2008, Molinski
26  Dec., Ex. C.
    [14] First Set of Requests, No. 6.
27  [15] Letter from Marshall Searcy to Amman Khan, dated April 23, 2009, Searcy Dec.,
28  Ex. 11.

OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
BY MGA MEXICO (SETS ONE – THREE)
CV-04-0049 SGL (RNBX)

EXHIBIT  13
PAGE  89

1 *Trust*, 251 F.R.D. 168, 172 (D. Md. 2008) (denying motion to compel because
2 burden was unjustified where the requesting party already had information or it
3 could be obtained through a less burdensome and expensive method).

4       Despite this background, Mattel insists that MGA Mexico's production
5 of documents in response to the 574 requests is necessary and neither unreasonably
6 duplicative nor unduly burdensome. Given the volume of documents already
7 produced, it is clear that Mattel has not given any consideration to whether the
8 specific requests at issue are still relevant or necessary. At best, Mattel seeks to
9 justify relevance of the general topic or subject matter of the request.[16] However,
10 the propriety of a request is not judged by whether the request relates to a relevant
11 topic, but whether the request, as worded, seeks only relevant information. Mattel
12 should not be allowed to continue to badger all of the MGA Parties to produce
13 documents that have already been produced in this action.

14       Mattel's argument that MGA Mexico's possession of documents holds
15 specific importance is insufficient to support each one of the almost 600 requests.
16 In almost every instance, it is irrelevant if an MGA-created document is in the
17 possession of MGA Mexico. Additionally, MGA Mexico's possession of non-
18 MGA created documents does not have significance for all claims in this action.
19 For example, Mattel's motion argues that 420 requests relate to the MGA Parties'
20 affirmative defense of unclean hands. This defense relates to actions taken by
21 Mattel, not MGA, and thus, the possession of any documents relating to Mattel's
22 impermissible actions is of no importance. Whether MGA Mexico or MGA
23 Enterprises is in possession of the evidence relating to Mattel's impermissible
24 conduct is immaterial; the important fact is Mattel's action. Given the limited
25 relevance of possession, it is an insufficient basis for Mattel's argument that MGA

26
27 [16] *See* Memorandum of Points and Authorities in Support of Mattel Inc.'s Motion to
Compel MGA Mexico to Produce Documents and Things in Response to Mattel's
28 First, Second, and Third Sets of Requests for Production to MGA Mexico
("Mattel's Motion to Compel"), pp. 18-31.

OHS West:260697810.3        - 6 -        OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION BY MGA MEXICO (SETS ONE – THREE) CV-04-0049 SGL (RNBx)

EXHIBIT 13
PAGE 90

1   Mexico must reproduce documents in response to all 574 document requests at
2   issue here.

3              Moreover, it is clear from the face of many documents produced
4   whether it was in the possession of MGA Mexico.[17] Not only is it clear that the
5   document belongs to MGA Mexico if it is written in Spanish, other documents,
6   such as e-mails and memoranda, which list the authors and recipients, provide
7   information sufficient for Mattel to determine whether the documents were in MGA
8   Mexico's possession. Alternatively, Mattel may serve other discovery requests,
9   such as interrogatories, to verify whether MGA Mexico had possession of any
10  particular document.

11             Mattel's representation that more than 400 requests are relevant to the
12  issue of unclean hands is also demonstrative of the absurdity of its position. If
13  Mattel is to be believed that more than 400 requests are properly aimed at this
14  specific affirmative defense, it would be reasonable to extrapolate from that
15  representation that Mattel believes it should be permitted to propound more than
16  14,000 requests for production in relation to the 35 affirmative defenses asserted by
17  the MGA Parties alone, to say nothing of the affirmative claims of any party.
18  (Moreover, according to Mattel's motion, it should be permitted to serve all of the
19  14,000 requests on each of the MGA Parties individually and require separate
20  productions by each MGA party.) Such posturing should make it clear that
21  Mattel's requests and this motion to compel are wholly unreasonable and amount to
22  an attempt to harass MGA Mexico.

23      **B.    Mattel's Motion Is Procedurally Defective.**

24             Mattel's motion should be denied because it has not provided the
25  necessary information for each of the 574 requests. It is Mattel's "burden to
26  inform[] the court which discovery requests are the subject of [its] motion to

27
28  ---
    [17] Letter from Marshall Searcy to Amman Khan, dated April 23, 2009, Searcy Dec.,
    Ex. 11.

OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
BY MGA MEXICO (SETS ONE – THREE)
CV-04-0049 SGL (RNBx)

EXHIBIT  13
PAGE  91

1   compel, which of defendants' responses are disputed, why [it] believes defendants'
2   responses are deficient, why defendants' objections are not justified, and why the
3   information [it] seeks through discovery is relevant to the prosecution of this
4   action." *Kilgore v. Mandeville*, 2009 U.S. Dist. LEXIS 29203, at \*5-\*6 (E.D. Cal.
5   Mar. 26, 2009). It simply is not enough for Mattel to broadly categorize its requests
6   and summarily dismiss each of MGA Mexico's detailed objections and responses to
7   the requests. Moreover, Mattel has not presented any information to demonstrate
8   the insufficiency of documents produced in response to its demands. At this stage
9   in the case, with more than 4.2 million pages of documents at its disposal, Mattel
10  should be required to specifically justify each of the 574 requests at issue.

11          The lack of information provided by Mattel and the burden imposed by
12  Mattel's motion is demonstrated by Mattel's lack of a separate statement. Mattel
13  buries in a footnote the fact that it has intentionally opted not to prepare a separate
14  statement.[18] The fact that Mattel declined to present a separate statement speaks
15  volumes about the unreasonableness of its position that production in response to
16  each of the requests is not unduly burdensome. If it is too burdensome for Mattel to
17  even type each of the requests (and MGA Mexico's detailed objections), Mattel
18  cannot argue in good faith that the production that it is requesting is not unduly
19  burdensome.

20          C.    **Mattel's Requests Are Improper.**

21          Mattel argues that it is the master of its demands; however, its
22  demands are limited by the bounds of Federal Rules of Civil Procedure, including
23  Rules 26 and 34. Under these rules, Mattel may only ask for relevant, non-
24  privileged documents. Fed. R. Civ. P. 26(b)(1). Additionally, Mattel may only ask
25  MGA Mexico to produce documents that are within MGA Mexico's "possession,
26  custody, or control." Fed. R. Civ. P. 34(a). Courts have interpreted this to mean
27

28  [18] Mattel's Motion to Compel, fn. 14.

OHS West:260697810.3                          - 8 -                OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
                                                                  BY MGA MEXICO (SETS ONE – THREE)
                                                                  CV-04-0049 SGL (RNBX)

EXHIBIT 13

PAGE 92

1   that the responding party must have "legal authority" over the requested documents.

2   *United States v. International Union of Petroleum & Indus. Workers*, 870 F.2d

3   1450, 1452 (9th Cir. 1989). The burden is on Mattel to demonstrate that its requests

4   are, in fact, so limited. *Id.* (explaining that "the party seeking production of the

5   documents has the burden of proving that the opposing party has such control").

6   Where Mattel's requests go beyond these bounds, MGA Mexico has the right to

7   object to the requests and has done so.[19]

8             **1.    Mattel's Defined Terms Are Objectionable**.

9             Mattel may not use defined terms to expand beyond the discovery

10   limitations imposed by the Federal Rules of Civil Procedure. Because Mattel's

11   defined terms do just that, MGA Mexico has properly objected to them.

12             The definitions of "MACHADO", "TRUEBA" and "VARGAS" are

13   impermissibly overbroad.[20] The definitions of "MACHADO", "TRUEBA" and

14   "VARGAS" include "all of [his/her] current and former employees, agents,

15   representatives, attorneys, accountants, vendors, consultants, independent

16   contractors, predecessors-in-interest and successors-in-interest, and any other

17   PERSON acting on their behalf, pursuant to their authority, or subject to their

18   control." Even assuming that MGA Mexico does have the power to require

19   production by these individuals, it does not have the legal authority to demand

20   production from the individuals "acting on their behalf, pursuant to their authority,

21   or subject to their control." To obtain such documents, Mattel must direct their

22   requests to Machado, Trueba and Vargas themselves, who would have the legal

23   authority to request production from persons "acting on their benefit, pursuant to

24   their authority, or subject to their control."

25

26   _____
     [19] Nothing in this opposition should be deemed a waiver of any of MGA Mexico's
     objections included in it's objections and responses to the production requests at
27   issue. The requests identified herein are meant to be examples only and not
     exhaustive lists of objectionable requests.
28   [20] First Set of Requests, Searcy Dec., Ex. 1 at p. 7.

OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
BY MGA MEXICO (SETS ONE – THREE)
CV-04-0049 SGL (RNBx)

EXHIBIT __13__

PAGE __93__

1    Mattel's proposed definitions of "YOU", "YOUR" and "MGA" are

2   similarly impermissible.[21]  Mattel's definition of these terms includes, without

3   limitation, "current or former directors, officers, employees, agents, contractors,

4   attorneys, accountants, or representatives of [MGA Mexico] and any corporation,

5   partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-

6   interest and successor-in-interest, and any other PERSON acting on its behalf."

7   Not only does this definition make it difficult for MGA Mexico to determine the

8   limits of its obligation, it goes beyond the permissible scope of requests.  Absent an

9   objection, this definition would require that MGA Mexico produce documents in

10   the possession and control of MGA Entertainment or MGA Entertainment (HK)

11   Limited.  Considering that both of these entities are parties to this action, and there

12   is no justification for requiring MGA Mexico to produce documents held by any

13   related company (and Mattel has also propounded hundreds of document requests

14   on those entities), it is unreasonable to define MGA Mexico so as to require

15   production of documents outside of MGA Mexico's specific control.  Mattel has no

16   justification for making the requests so arduous, especially where Mattel has the

17   ability to request production by each MGA entity relevant to the dispute (and, in

18   fact, has done so).  Additionally, the definition would lead to some absurd results as

19   used.  For example, Mattel is demanding production of "YOUR phone records from

20   January 1, 2002 through the present."[22]  If Mattel's request is granted, with Mattel's

21   definition of "YOUR" still controlling, then MGA Mexico will arguably be

22   required to provide the personal telephone records of its "current or former

23   directors, officers, employees, agents, contractors, attorneys, accountants, or

24   representatives . . . and any corporation, partnership, association, trust, parent,

25   subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest, and

26

27   [21] First Set of Requests, Searcy Dec., Ex. 1 at p. 5; Second Set of Requests, Searcy
     Dec., Ex. 3 at p. 273; Third Set of Requests, Searcy Dec., Ex. 5 at p. 1066.
28   [22] First Set of Requests, No. 35, Searcy Dec., Ex. 1.

OHS West:260697810.3                                    - 10 -                    OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
                                                                                       BY MGA MEXICO (SETS ONE  THREE)
                                                                                          CV-04-0049 SGL (RNBX)

EXHIBIT  13

PAGE  94

1    any other PERSON acting on its behalf" from 2002 to the present.[23]

2         Mattel's definition of "BRATZ" is impermissible.[24]  The definition is
3    almost fifteen lines long and includes such broad language as "includes without
4    limitation any names, fashions, accessories, artwork, packaging, or any other
5    works, materials, matters, or items included or associated therewith."  By trying to
6    include every possible related issue, Mattel has caused the defined word to lose any
7    defined boundary.

8         Mattel's definition of "FORMER MATTEL EMPLOYEE" includes
9    any Mattel employee who left Mattel to "join" MGA Mexico.  Mattel does not
10   define the term "join" as used in this request.  MGA Mexico's objections define
11   this term to prevent argument over who in fact is within the scope of the requests.

12        The definition of "MATTEL DOCUMENTS" includes any document
13   "taken from MATTEL" without any requirement that the document be authored by
14   Mattel.  Accordingly, this definition includes any document, even if a publicly
15   available document with no relation to Mattel (such as a newspaper or magazine
16   that had been at Mattel).  Absent an identifiable limitation, "MATTEL
17   DOCUMENTS" includes numerous irrelevant documents.

18        Mattel's definition of "REFER OR RELATE TO" is impermissibly
19   broad.  Not only does the definition include "refer to, discuss, constitute, evidence,
20   pertain to, mention, support, undermine, disprove, refute, contradict, negate, bear
21   on, touch on, contain, embody, reflect, identify, state, deal with, concern, comment
22   on, summarize, respond to, relate to, or describe", it also includes any *synonyms* of
23   those terms.[25]  As a result, Mattel's definition would require the production of

24

25   [23] Even if MGA Mexico's proposed definition of "YOU/YOUR" is accepted, this
     request is still overbroad as it would arguably require the production of telephone
26   records of any current or previous employee.
     [24] First Set of Requests, Searcy Dec., Ex. 1 at pp. 5-6; Second Set of Requests,
27   Searcy Dec., Ex. 3 at p. 275.
     [25] First Set of Requests, Searcy Dec., Ex. 1 at p. 11; Second Set of Requests, Searcy
28   Dec., Ex. 3 at p. 277; Third Set of Requests, Searcy Dec., Ex. 5 at p. 1067.

OHS West:260697810.3          - 11 -          OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
BY MGA MEXICO (SETS ONE – THREE)
CV-04-0049 SGL (RNBX)

EXHIBIT 13
PAGE 95

1   documents that have no material relation whatsoever to the specific request for
2   production itself, not to mention the issues and claims remaining in this action.

3         **2.    Mattel's Requests Seek Irrelevant Information.**
4         Mattel may only seek information relevant to the Phase Two claims or
5   defenses. *See Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423-24 (9th Cir. 1995)
6   (reversing grant of motion to compel where document requests sought information
7   not relevant to any claims). Mattel's motion to compel states that it is has complied
8   with this requirement for each of the 574 requests at issue by generally grouping its
9   requests into categories. However, with the volume of discovery already available,
10  it is not sufficient for Mattel to make broad unsupported statements speculating
11  how hundreds of its requests "relate to" general issues in this case.

12        For example,[26] Mattel states that all of the 420 requests in its third set of
13  document requests "relate to" its unclean hands defense. As explained above, the
14  claim that Mattel needs more than 420 requests to explore the unclean hands
15  defense is striking. Moreover, many of the requests are overbroad or do not in fact
16  "relate" to MGA Mexico's affirmative defense of unclean hands.[27] For example,
17  Mattel asks for documents relating to communications between MGA Mexico (or
18  its affiliates) and "any regulatory body or agency, including but not limited to,
19  government regulators, with responsibility or oversight authority for the acquisition
20  of or investment in ZAPF."[28] This request is not limited in time or subject matter.
21  Accordingly, any communication had with the "regulatory body or agency"

22  [26] Given the breadth of Mattel's motion to compel, MGA Mexico will not list each
23  request that asks for irrelevant information. MGA Mexico's relevance objections
    are included in its objections and responses to the First, Second, and Third Set of
24  Requests. *See* MGA Mexico's Objections and Responses to Mattel Inc.'s First Set
    of Requests for Documents and Things, Searcy Dec., Ex. 2; MGA Mexico's
25  Response to Mattel, Inc.'s Second Set of Requests for Documents and Things,
    Searcy Dec., Ex. 4; MGA Mexico's Response to Mattel, Inc.'s Third Set of
26  Requests for Documents and Things, Searcy Dec., Ex. 6.
    [27] *See, e.g.*, Requests 9-12, 23-24, 26-41, 46-53, 59-60, 62-70, 86-88, 97-100, 105,
27  107-116, 148-150, 168-173, 176, 180, 193-94, 200, 220, 223-226, 249-252,
    268 276, 300-301, 317-328, 344, 386, 399, 411, 419-420.
28  [28] Third Set of Requests, No. 52.

OHS West:260697810.3                    - 12 -       OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
                                                     BY MGA MEXICO (SETS ONE – THREE)
                                                     CV-04-0049 SGL (RNBN)

EXHIBIT  13
PAGE  96

1  referenced would be responsive. Such information is not relevant to MGA

2  Mexico's affirmative defense that Mattel engaged in impermissible conduct.

3          Additionally, each of the requests relating to MGA Mexico's storage

4  facilities are not relevant to the affirmative claims and defenses in Phase 2.[29] The

5  requests relate to "any OFFSITE STORAGE FACILITIES",[30] used by MGA

6  Mexico or its "AFFILIATES",[31] and seek information relating to "all tangible

7  things".[32] No documents responsive to these requests, from documents identifying

8  off-site storage to documents recording tangible things that have been sent or

9  received from such sites, are relevant to any of the claims or issues in Phase 2.

10 Mattel's assertion that these requests are proper because they could relate to MGA

11 Mexico's document production procedures is simply a red herring. To investigate

12 MGA Mexico's document production, to the extent any such investigation is

13 permitted, Mattel may ask interrogatories regarding MGA Mexico's document

14 procedures or ask for documents relating to the document collection itself. Mattel's

15 assertion that such documents are relevant to its Phase 2 allegations rings hollow

16 when the date range of the requests is examined.[33] The requests seek information

17 relating to off-site storage beginning in 1995. However, Mattel alleges in its

18 counterclaims that MGA decided to establish in "late 2003 or early 2004".[34] Given

19 this inconsistency, it is apparent that Mattel has not crafted appropriate requests

20 with respect to storage issues, and MGA Mexico should not be compelled to

21 respond.

22

23 [29] *Id.*, Nos. 1-6.
   [30] *Id.*, Nos. 1, 3, 5.
24 [31] *Id.*, Nos. 2, 4, 6.
   [32] *Id.*, Nos. 3-6.
25 [33] Most of Mattel's requests have no time limitation. For those that do have a time
26 limitation, many ask for documents well beyond the "late 2003 or early 2004" time
   frame. *See, e.g.*, First Set of Requests, Nos. 35, 76, 118, 124, 127-130, 132-133,
27 136-139.
   [34] Mattel, Inc.'s Third Amended Answer in Case No. 05-2727 and Counterclaims,
28 Searcy Dec., Ex. 16, p. 1238.

OHS West:260697810.3                        - 13 -         OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
                                                                        BY MGA MEXICO (SETS ONE – THREE)
                                                                           CV-04-0049 SGL (RNBx)

EXHIBIT ___B___
PAGE ___97___

1          **3.   Mattel's Requests Are Overbroad and Unduly Burdensome.**

2          Mattel's requests are also overly broad and unduly burdensome.

3   *O'Brien v. Maui County*, 2002 U.S. App. LEXIS 10835, at *9 (9th Cir. May 6,

4   2002) (upholding denial of motion to compel where requests were "irrelevant,

5   overbroad, and unduly burdensome"); *Davis v. Kissinger*, 2009 U.S. Dist. LEXIS

6   2828, at *10 (E.D. Cal. Jan. 8, 2009) (denying motion to compel because the

7   requests were overbroad, burdensome and not reasonably calculated to lead to the

8   discovery of admissible evidence). Especially considering "the wealth of material

9   already made available in this case", Mattel should not be allowed to compel

10  responses where the requests are overly broad and unduly burdensome.

11  *Westhemeco, Ltd. v. New Hampshire Ins. Co.*, 82 F.R.D. 702, 709 (S.D.N.Y. 1979).

12         For example, close to half of Mattel's requests ask for all documents

13  that "REFER OR RELATE TO" the subject matter of the request.[35]  With the

14  "REFER OR RELATE TO" extrapolation included, the requests quickly become

15  overbroad. For example, Mattel asks for all DOCUMENTS that REFER OR

16  RELATE TO the electronic messaging SYSTEMS used by YOUR employees

17  within the scope of their employment . . . including but not limited to electronic

18  mail, instant messenger, telephone or voicemail . . . ."[36]  All messages sent via these

19  systems arguably "relate to" the systems themselves. Accordingly, such a request

20  goes beyond those issues remaining for Phase 2 of this litigation.

21         Other requests encompass all documents ever provided by MGA to a

22  "FORMER MATTEL EMPLOYEE" or vice versa.[37]  For example, Mattel asks for

23

24  [35] First Set of Requests, Nos. 5, 7-10, 12, 16-34, 36-46, 48, 50-52, 62, 68, 72-78,
    84, 93, 101, 111, 122, 125, 127-130, 132-135, 137, 139-140, 144-148; Second Set
25  of Requests, Nos. 1, 3, 9-13, 22-25, 31, 35-42, 46, 49-50, 62-71, 86-88, 91, 96, 99,
    104, 108-117, 136-160, 165-167, 169, 172-173, 175, 179, 181, 192-193, 197-199,
26  201, 208, 220-222, 224-227, 243, 245, 247-248, 250, 252-253, 260, 269-275, 277,
    285-287, 298-299, 317-329, 337, 345, 356, 359, 361, 365, 369, 387, 400, 404,
27  408-410, 418-420.
    [36] First Set of Requests, No. 139.
28  [37] *See, e.g., id.*, Nos. 3, 13, 14, 15, 18, 21, 26, 27, 28, 29, 30, 146, 147.

OHS West:260697810.3                    - 14 -      OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
                                                    BY MGA MEXICO (SETS ONE – THREE)
                                                    CV-04-0049 SGL (RNBx)

EXHIBIT __13__

PAGE __98__

1  "[a]ll DOCUMENTS given, sent, or transmitted from or shared by YOU to any
2  FORMER MATTEL EMPLOYEE prior to April 20, 2004"[38] and for "[a]ll
3  DOCUMENTS given, sent or transmitted to or shared with YOU from or by
4  whether directly or indirectly, any of the FORMER MATTEL EMPLOYEES prior
5  to April 20, 2004."[39]  These requests include each and every document exchanged
6  between MGA Mexico and any of the FORMER MATTEL EMPLOYEES.
7  However, Mattel's counterclaims are not so broad as to include aspects of MGA
8  Mexico's business that are unrelated to Mattel.  If Mattel's motion to compel is
9  granted with respect to this category, MGA Mexico will be required to produce all
10  documents and correspondence, regardless of subject matter, in response—*even
11  birthday cards.*  Mattel is not entitled to such broad discovery.  Another example is
12  "All DOCUMENTS which YOU contend were prepared by any FORMER
13  MATTEL EMPLOYEE for the benefit of YOU at any time prior to April 20,
14  2004"[40] would include any and all documents created by a former Mattel employee
15  during his or her employment at MGA Mexico, including each and every e-mail
16  that person ever sent.  Even an e-mail notifying someone at the company of an issue
17  as trivial as a lightbulb that needed to be changed would be a document that was
18  "prepared" "for the benefit of" MGA Mexico.
19       Some requests go even farther afield.  Mattel asks for "[a]ll
20  DOCUMENTS that REFER OR RELATE TO YOUR product or product line
21  offerings, or contemplated or proposed product or product line offerings . . . and all
22  DOCUMENTS that REFER OR RELATE TO changes or amendments or
23  contemplated or proposed changes or amendments thereto" for the years 2004
24  through 2007.[41]  Arguably almost any MGA Mexico document could in some
25  manner "relate to" the "contemplated", "proposed" or actual "product line

26  [38] *Id.*, No. 13.
27  [39] *Id.*, No. 14.
   [40] *Id.*, No. 3.
28  [41] *Id.*, Nos. 72-75.

OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
BY MGA MEXICO (SETS ONE – THREE)
CV-04-0049 SGL (RNBx)

EXHIBIT  13
PAGE  95

1  offerings".

2     Moreover, Mattel's motion impermissibly demands that MGA Mexico

3  produce documents that are readily accessible to Mattel through public sources.

4  *See Estate of Young v. Holmes*, 134 F.R.D. 291, 294 (D. Nev. 1991) (finding that a

5  party was not required to produce documents that the requesting party had equal

6  ability to obtain through public sources). For example, Mattel seeks "all

7  DOCUMENTS served, transmitted, received or filed in any lawsuit that MATTEL

8  allegedly assisted in against MGA . . . ."[42] Each document request that seeks

9  production of documents that are readily accessible to Mattel through public

10  sources is unreasonable given the volume of production and the number of requests

11  issued in this action.

12     **D. MGA Mexico's Objections To The Requests Are Proper**.

13     MGA Mexico's objections to Mattel's discovery requests are proper.

14  MGA Mexico's objections to Mattel's requests for production are not "boilerplate"

15  objections and have been specifically tailored to each request. For example, MGA

16  Mexico lists each of the defined terms that it contends makes the request improper.

17  Additionally, MGA Mexico specifies, where possible, the portion of the request

18  that it contends makes it overbroad and unduly burdensome, including, but not

19  limited to, italicizing the portion of the request that MGA Mexico contends is

20  objectionable In essence, MGA Mexico's objections provide Mattel helpful

21  information about what MGA Mexico thinks is wrong with the request. Such

22  detailed information is not properly labeled "boilerplate."

23     Mattel's argument that MGA's objections are boilerplate appears to be

24  based on the fact that MGA's objections are thorough. However, thorough

25  objections are not boilerplate. First, as discussed above, Mattel's requests

26  themselves are vague and overbroad. Without objections, MGA Mexico would be

27

28  [42] Second Set of Requests, No. 199.

OHS West:260697810.3     - 16 -     OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
BY MGA MEXICO (SETS ONE – THREE)
CV-04-0049 SGL (RNBx)

EXHIBIT  13

PAGE  100

1   required to produce thousands (if not millions) of pages of unnecessary documents
2   in response to the requests. Second, given the parties' competition in the toy
3   industry, MGA Mexico is entitled to object to requests that necessarily relate to its
4   business in such a manner as to protect its interest in its business to the extent
5   permissible under the discovery rules. Finally, and perhaps most importantly, given
6   Mattel's broad interpretation of its right to discovery and its repeated refusal to
7   accept any limitation of discovery requests based upon the responding party's
8   arguments of what is reasonable, it is wholly reasonable for MGA Mexico to have
9   included all possible objections to each and every request for production
10  propounded by Mattel. In fact, Mattel's motion itself, which seeks production of
11  "all responsive, non-privileged documents" responsive to each and every one of the
12  574 requests included in its first, second and third sets of requests without any
13  limitation whatsoever, serves to illustrate why MGA Mexico's thorough and
14  detailed objections are not only reasonable but necessary.

15          Given that Mattel's requests are improper and MGA Mexico has
16  properly objected to them, the Discovery Master should deny Mattel's motion in its
17  entirety. The Discovery Master should not rewrite Mattel's irrelevant and
18  overbroad requests, so that they are narrowly tailored and proper. *See, e.g.,*
19  *Haensel v. Chrysler Corp.*, 1997 U.S. Dist. LEXIS 13160, *6 (E.D. La. Aug. 22,
20  1997) (refusing to "rewrite these requests for the plaintiffs in order to transform
21  them into narrow, specific inquiries"). That burden is properly placed on Mattel.

22  **IV.   MATTEL SHOULD BE SANCTIONED.**

23          Not only should Mattel's motion for sanctions against MGA Mexico
24  be denied, Mattel itself should be sanctioned for its use of an omnibus motion to
25  compel. Mattel's motion is particularly egregious for several reasons.

26          First, Mattel has moved to compel production for more than
27  300 documents requests to which MGA Mexico has agreed to provide documents in
28  response. Mattel then baldly asserts that MGA Mexico "appears not to have

- 17 -                OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
                                                                                                                 BY MGA MEXICO (SETS ONE – THREE)
                                                                                                                 CV-04-0049 SGL (RNBx)

EXHIBIT  13
PAGE  101

1    produced a single page of documents in this litigation."[43] However, Mattel knows
2    that this statement is false. This is contrary to Mattel's understanding of the MGA
3    Parties document production, as reflected in its meet-and-confer correspondence,
4    where Mattel suggested that MGA Mexico should identify each of the documents it
5    had produced in the MGA Parties' production.[44] Additionally, Mattel has
6    previously acknowledged its receipt of MGA Mexico documents, including a "CD
7    contain[ing] the documents seized by Mexican authorities from MGA's office in
8    Mexico."[45] In essence, Mattel refuses to review the documents previously provided
9    by the MGA Parties and instead has impermissibly attempted to shift the burden to
10    MGA Mexico to reproduce all documents previously produced by itself (or other
11    MGA Parties). MGA Mattel's opposition to such a request is reasonable.

12          Second, Mattel's motion includes each and every request in its First,
13    Second and Third set of requests for production issued to MGA Mexico with no
14    limitations whatsoever. At no point in the meet-and-confer process did Mattel offer
15    to eliminate or even narrow any of the 657 requests now at issue. This is blatantly
16    apparent in Mattel's response to MGA Mexico's offer to compromise regarding the
17    165 requests where the MGA Mexico had previously not agreed to produce
18    documents. Mattel did nothing more than relist all 165 requests in response to
19    MGA Mexico's good-faith offer to compromise. Again, where MGA Mexico has
20    attempted to discuss legitimate limitations to the requests that would allow
21    production, Mattel should not be awarded sanctions for refusing to meaningfully
22    engage in the meet-and-confer process.

23          In fact, it is Mattel's hard-line position that has resulted in unnecessary
24    motion practice. It is Mattel's behavior, if anything, that should be sanctioned.

25

26    ──────────────
     [43] Motion to Compel, p. 11.
     [44] Letter from Marshall Searcy to Amman Khan, dated April 23, 2009, Searcy Dec.,
27    Ex. 11.
     [45] Letter from Jon Corey to Andrew Temkin, dated February 4, 2008, Molinski
28    Dec., Ex. C.

OHS West:260697810.3        - 18 -           OPPOSITION REGARDING MOTION TO COMPEL PRODUCTION
                                                      BY MGA MEXICO (SETS ONE – THREE)
                                                      CV-04-0049 SGL (RNBx)

EXHIBIT   13
PAGE   102



## V. CONCLUSION

The MGA Parties request that Mattel's motion be denied in its entirety and that the MGA Parties be awarded sanctions against Mattel for its omnibus motion to compel.

Dated: July 22, 2009

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ William A. Molinski
William A. Molinski
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN

EXHIBIT 13
PAGE 103

1  **CERTIFICATE OF SERVICE**

2      I, Maria Mercado-Navarro, declare:

3      I am more than eighteen years old and not a party to this action.  My

4  business address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street,

5  Suite 3200, Los Angeles, California 90017-5855.

6      I hereby certify that on July 22, 2009, I electronically filed the

7  following documents with the Clerk of the Court using the CM/ECF system which

8  will send notification of such filing to the parties listed below:

9  **MGA PARTIES' OPPOSITION TO MOTION TO COMPEL MGA
10  MEXICO TO PRODUCE DOCUMENTS AND THINGS IN
    RESPONSE TO MATTEL'S FIRST, SECOND, AND THIRD SETS OF
11  REQUESTS FOR PRODUCTION TO MGA MEXICO**

12  **SEE ATTACHED SERVICE LIST**

13      I declare under penalty of perjury that the foregoing is true and correct
14  and that I am employed in the office of a member of the bar of this court at whose
    direction the service was made.

15      Executed on July 22, 2009, at Los Angeles, California.

18  /s/
    Maria Mercado-Navarro

OHS West:260698887.1       - 1 -

EXHIBIT 13 PAGE 104

1          **PHASE 2 SERVICE LIST**

2     Counsel for Mattel. Inc.
3     John B. Quinn, Esq.
      johnquinn@quinnemanuel.com
4     Michael T. Zeller, Esq.
5     michaelzeller@quinnemanuel.com
      Jon D. Corey, Esq.
6     Joncorey@quinnemanuel.com
7     Brett D. Proctor
      dylanproctor@quinnemanuel.com
8     QUINN EMANUÉL URQUHART OLIVER & HEDGES, LLP
9     865 South Figueroa Street, 10th Floor
      Los Angeles, CA 90017-2543
10    Telephone: (213) 443-3000
11    Facsimile: (213) 443-3100

12    Counsel for Carlos Gustavo Machado Gomez
13    Mark E. Overland, Esq.
      moverland@ scheperkim.com
14    Alexander H. Cote, Esq.
15    acote@ scheperkim.com
      SCHEPER KIM & OVERLAND LLP
16    601 W. 5th Street, 12th Floor
17    Los Angeles, CA 90017
      Telephone: (213) 613-4655
18    Facsimile: (213) 613-4656
19
      Leah Chava Gershon, Esq.
20    leah@spertuslaw.com
21    JAMES W. SPERTUS LAW OFFICES
      1990 S. Bundy Drive, Suite 705
22    Los Angeles, CA 90025
23    Telephone: (310) 584-7671
      Facsimile: (310) 826-4711
24
25
26
27
28
      OHS West:260698887.1                          - 1 -

EXHIBIT __B__
PAGE __105__

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Counsel for Limited Intervenor, Omni 808 Investors LLC
Todd E. Gordinier, Esq.
todd.gordinier@bingham.com
BINGHAM MCCUTCHEN LLP
600 Anton Blvd., 18th Floor
Costa Mesa, CA 92626
Telephone:   (714) 830-0600
Facsimile:   (714) 830-0700

Additional Counsel:

Thomas J. Nolan, Esq.
thomas.nolan@skadden.com
Raoul D. Kennedy, Esq.
raoul.kennedy@skadden.com
Jason D. Russell, Esq.
jason.russell@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Suite 3400
Los Angeles, CA 90071-3144
Telephone:   (213) 687-5000
Facsimile:   (213) 687-5600

OHS West:260698887.1                          - 2 -

EXHIBIT 13
PAGE 106

# EXHIBIT 14

# EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER