# EXHIBIT 15

3881

1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3              EASTERN DIVISION

4                - - -

5     HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                - - -

7  MATTEL, INC.,                    )
                                    )
8                  PLAINTIFF,        )
                                    )
9            VS.                    )   NO. CV 04-09049
                                    )
10  MGA ENTERTAINMENT, INC., ET. AL.,  )
                                    )
11                 DEFENDANTS.       )   TRIAL DAY 19
   _____ )   MORNING SESSION
12  AND CONSOLIDATED ACTIONS,        )   PAGES 3881-4021
   _____ )

13

14

15     REPORTER'S TRANSCRIPT OF JURY TRIAL PROCEEDINGS

16              RIVERSIDE, CALIFORNIA

17            WEDNESDAY, JULY 2, 2008

18                8:48 A.M.

19

20

21

22

23            THERESA A. LANZA, RPR, CSR
           FEDERAL OFFICIAL COURT REPORTER
24            3470 12TH STREET, RM. 134
           RIVERSIDE, CALIFORNIA  92501
25              951-274-0844
             WWW.THERESALANZA.COM        EXHIBIT 15

                                         PAGE 112

```
1   APPEARANCES:

2

3   ON BEHALF OF MATTEL, INC.:

4                       QUINN EMANUEL
                        BY:   JOHN QUINN
                              JON COREY
5                             MICHAEL T. ZELLER
                              HARRY OLIVAR
6                             TIMOTHY ALGER
                        865 S. FIGUEROA STREET,
7                       10TH FLOOR
                        LOS ANGELES, CALIFORNIA  90017
8

9

10  ON BEHALF OF MGA ENTERTAINMENT:

11                      SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                        BY:   THOMAS J. NOLAN
12                            JASON RUSSELL
                              RAOUL KENNEDY
13                            LAUREN AGUIAR
                              CARL ROTH
14                      300 SOUTH GRAND AVENUE
                        LOS ANGELES, CALIFORNIA  90071-3144
15                      213-687-5000

16

    ON BEHALF OF THIRD-PARTY DEFENDANT PETER MARLOW:
17
                        LAW OFFICES OF STEVEN M. GOLDSOBEL
18                      BY:   STEVEN M. GOLDSOBEL
                        1900 AVENUE OF THE STARS
19                      SUITE 1800
                        LOS ANGELES, CA  90067
20                      310-552-4848

21

22

23

24

25                                      EXHIBIT  15
                                        PAGE   113
```

1   KNOW --

2           THE COURT:  MR. QUINN, I UNDERSTAND YOUR POSITION ON

3   THIS.

4           MR. NOLAN?

5           MR. NOLAN:  I ASKED A SPECIFIC QUESTION.  I WAS          11:41

6   ALLOWED TO ASK THESE QUESTIONS OF IVY ROSS, AND THE OBJECTION

7   WAS OVERRULED.

8           THE COURT:  ON THE HOUSE ON FIRE?

9           MR. NOLAN:  YES, YOUR HONOR.  AND ALSO 'DID ANYBODY

10  TELL YOU THAT THE BRAND WAS IN CRISIS; THAT THEIR HOUSE WAS ON   11:41

11  FIRE; THAT YOU WERE OUT-EXECUTED?'  AND SHE SAID NO.  I SAID

12  DID MR. KILPIN EVER SAY THAT?

13          MR. KILPIN IS THE NEXT WITNESS; THAT'S THE REASON

14  WHY -- I WASN'T TRYING TO FLAUNT THE COURT'S RULING.

15          THIS CAME UP -- WE'RE ON OUR SIXTH WEEK, BUT THIS       11:4:

16  GOES BACK TO TESTIMONY THEY ELICITED, YOUR HONOR.

17          MR. QUINN:  THAT'S NOT MY RECOLLECTION.

18          THERE WERE SOME QUESTIONS MR. NOLAN ASKED OF IVY ROSS

19  WHERE MY OBJECTIONS WERE OVERRULED AND THE COURT'S STATEMENT AT

20  THE TIME WAS WE HAD, TO SOME LIMITED EXTENT, WITH THAT WITNESS,  11:4

21  OPENED THE DOOR.

22          I OBJECT TO THE FOUNDATIONAL QUESTIONS, YOUR HONOR,

23  BECAUSE I KNOW WHAT'S COMING.  I KNEW HE WAS ABOUT TO BLURT

24  THAT OUT.  WE'RE IN 2003.  THIS HAS ABSOLUTELY NOTHING TO DO

25  WITH ISSUES THAT THE JURY HAS GOT TO DECIDE.  IT'S JUST AN      11:4

EXHIBIT   15

PAGE   114

1   EFFORT TO SMEAR AND TAINT MATTEL.

2        **THE COURT:**  WE ARE TRYING TO DECIDE WHETHER OR NOT

3   MR. BRYANT DID SOME DRAWINGS.

4        **MR. NOLAN:**  I UNDERSTAND THAT.  AND WITH ALL DUE

5   RESPECT, YOUR HONOR, IF THOSE WERE THE RULES THAT WERE IMPOSED          11:43

6   IN THE BEGIN OF THE CASE WHEN MR. QUINN WAS, WITHOUT WARNING BY

7   YOU, HE GOES -- FOR INSTANCE, WHEN MS. ROSS WAS ON THE STAND, I

8   ASKED HER, AND THIS IS PAGE 406:  'DID MR. KILPIN EVER TELL YOU

9   HE THOUGHT THE BARBIE BRAND WAS A BRAND IN CRISIS?'

10        **THE COURT:**  I DON'T REMEMBER HIM SAYING THAT.               11:43

11        **MR. NOLAN:**  MY NOTES INDICATE THAT I ALSO ASKED 'DID

12   MR. KILPIN EVER TELL YOU HE THOUGHT THAT MATTEL HAD BEEN

13   OUTTHOUGHT AND OUTEXECUTED?

14        **MR. QUINN:**  I OBJECT.  THIS IS IRRELEVANT.

15        **MR. NOLAN:**  IT'S BEEN OPENED UP.                           11:43

16        BUT SHE DOES NOT ANSWER THE QUESTION.  THE FACT THAT

17   SHE CAN'T ANSWER --

18        **THE COURT:**  BUT THAT'S NOT THE HOUSE ON FIRE.

19        WHAT I'M TRYING TO AVOID IS THESE GENERALIZED,

20   BROAD-BASED ATTACKS ON MGA, OR MATTEL FOR THAT MATTER.  LET'S       11:4

21   FOCUS ON SPECIFIC -- THIS DOES NOT HELP THE JURY.  THERE ARE

22   403 REASONS TO KEEP THIS OUT.  THAT WAS THE BASIS FOR THE

23   MOTION IN LIMINE.  THIS DOES NOT MOVE THE BALL FORWARD.

24        YOU'VE GOT THE CEO OF MATTEL ON THE STAND.  ASK HIM

25   SPECIFIC QUESTIONS ADDRESSED TO ISSUES THAT WERE RAISED BY         11:4

EXHIBIT 15

PAGE 115

1  MATTEL EMPLOYEES. I'M NOT GOING TO PERMIT THESE BROAD-BASED

2  'HOUSE IS ON FIRE' QUESTIONS. THIS IS NONSENSE. THIS IS NOT

3  EVIDENCE OF ANYTHING. THIS IS A BLUNDERBUSS ATTACK.

4        **MR. NOLAN:** MAY I ASK THIS QUESTION, YOUR HONOR,

5  SINCE I WAS ALLOWED TO ASK IT OF IVY ROSS, BECAUSE AT THE TIME,        11:44

6  WHEN OUR MEMORIES WERE --

7        **THE COURT:** ASK THAT QUESTION.

8        **MR. NOLAN:** THE TWO QUESTIONS, JUST SO I CAN -- THE

9  ONLY TWO QUESTIONS I'LL ASK IS WHETHER OR NOT MR. KILPIN EVER

10  TOLD HIM IT WAS HIS VIEW THAT THE BARBIE BRAND WAS IN CRISIS,        11:44

11  NUMBER ONE, OR --

12        **THE COURT:** WHY IS THAT RELEVANT TO THIS CASE?

13        **MR. NOLAN:** WELL, YOUR HONOR, MR. QUINN --

14        **THE COURT:** WHY IS THAT RELEVANT TO THIS CASE?

15        **MR. NOLAN:** BECAUSE THEY MOVED THE BALL BY        11:44

16  INTRODUCING EVIDENCE IN HERE ABOUT HOW SUCCESSFUL BARBIE WAS.

17  AND YOUR HONOR SAID 'MR. QUINN, YOU'RE IN CHARGE HERE. I WILL

18  ALLOW MR. NOLAN TO REBUT THIS TESTIMONY IF YOU PUT IT IN.'

19        AND WITH RESPECT, YOUR HONOR, THEY PUT IT IN.

20        THE TWO QUESTIONS I WANT ARE WERE YOU TOLD -- WAS HE        11:45

21  TOLD BY MR. KILPIN THAT IT WAS A BRAND IN CRISIS AND THAT HE

22  THOUGHT THAT MATTEL HAD BEEN OUTTHOUGHT AND OUTEXECUTED?

23        THOSE ARE THE TWO QUESTIONS I WAS ALLOWED TO ASK.

24        **THE COURT:** I'LL ALLOW THAT SECOND ONE.

25        THE FIRST ONE, I SAID THAT THESE CONCLUSIONARY        11:4.

EXHIBIT 15
PAGE _____

1        **MS. AGUIAR:** BUT THERE WOULD BE LESS THAN ASKING

2  EVERY SINGLE QUESTION, I WOULD JUST ASK HIM TO EXPLAIN TO YOU

3  HIS TESTIMONY, AND THEN MR. COREY WOULD BE ABLE TO FOLLOW UP ON

4  THAT.

5        **THE COURT:** VERY WELL.            12:18

6        LET'S GET BACK TOGETHER IN ABOUT TEN OR 15 MINUTES.

7        (WHEREUPON A BRIEF RECESS WAS HELD.)

8        (MORNING SESSION CONCLUDED. )

9

10

11

12

13

14

15                    CERTIFICATE

16

17  I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
    STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF

18  THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE
    ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN

19  CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
    THE UNITED STATES.

20

21

22  THERESA A. LANZA, RPR, CSR          7-3-08
    OFFICIAL COURT REPORTER              DATE

23

24

25

EXHIBIT 15

PAGE 117

# EXHIBIT 16

Received: 3/15/07 6:27PM;

03/15/2007 18:27 FAX

# O'MELVENY & MYERS LLP

400 SOUTH HOPE STREET
LOS ANGELES, CALIFORNIA 90071-2899
Telephone (213) 430-6000  Facsimile (213) 430-6407

## TELECOPY COVER SHEET

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

DATE 3/15/07  SEND: ☒ ASAP ☐ or ____ Other time or date

| | To | Telecopier No. | Confirmation No. | Country |
|---|---|---|---|---|
| 1. | Tim Alger, Esq. | 213-443-3100 | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |

FROM J. Glad

NUMBER OF PAGES TO FOLLOW THIS COVER PAGE ___ 5

MESSAGE TO RECIPIENT:

USER NO. XG14331  FILE # 527436-8

CLIENT NAME MGA

RESPONSIBLE ATTY NAME (If Different from Sender) J. Glad  EXT 7631

RETURN ORIGINAL TO J. Glad  LOCATION 11.5

SPECIAL INSTRUCTIONS:

IF YOU DO NOT RECEIVE ALL PAGES OF THIS TRANSMISSION,
PLEASE CALL (213) 430-7286 OR (213) 430-5357

EXHIBIT 16  PGN033  8/98

PAGE 116

Received:    3/15/07   8:27PM;
03/15/2007 18:27 FAX                                    At JOSP.-2 AS20 1   Page 2

                                                                        @ 0.2 / .2



## O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
NEWPORT BEACH

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407
www.omm.com

NEW YORK
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TOKYO
WASHINGTON, D.C

March 15, 2007

OUR FILE NUMBER
527,436-08

WRITER'S DIRECT DIAL
(213) 430-7631

WRITER'S E-MAIL ADDRESS
jglad@omm.com

### VIA FACSIMILE

Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street - 10th Floor
Los Angeles, California 90017-2543

Re:    *MGA Entertainment, Inc. v. Mattel, Inc.*

Dear Tim:

We write regarding our meet and confer of March 9, 2007, regarding Mattel, Inc.'s
("Mattel") Objections and Responses to MGA Entertainment, Inc.'s ("MGA") First Set of
Requests for Production of Documents, dated January 15, 2007, in order to summarize the
agreements made and objections raised at the meeting, as well as to follow up on certain issues
that were discussed.

### General Relevance Objection

Mattel objected generally to producing documents that are not "relevant to" MGA's
complaint. We asked whether Mattel would produce all documents that plainly related to the
claims in MGA's Complaint regardless of whether they related to specific facts alleged within
the four corners of the Complaint. You confirmed that Mattel refused to produce documents
responsive to MGA's claims unless they related to the facts specifically alleged in the
Complaint, or identified in MGA's interrogatory responses. Your position amounted to requiring
MGA to specify with particularity every act that supports its claims, and limiting Mattel's
discovery obligations to information relating to those specified acts. We are unaware of any
authority supporting this interpretation of the discovery rules  Indeed, the Federal Rules of Civil
Procedure provide for notice pleading of claims, and permit discovery of any information
relevant to those claims.  Fed. R. Civ. Proc. 8(a); 26(b)(1).  Please confirm promptly whether
Mattel intends to stand by this general objection.

### General Objection Regarding the Definition of the Term "BRATZ"

With respect to MGA's requests seeking documents relating to "BRATZ," you clarified
your general relevance objection and confirmed that Mattel is limiting its production to

EXHIBIT  14
PAGE  119

Received:    3/15/07  8:28PM·                    -> JoiFax M020:   Pige· 3
03/15/2007 18:28 FAX                                         ·                              6·      ·0·3

O'MELVENY & MYERS LLP
Timothy M. Alger, March 15, 2007 - Page 2

documents relating to "BRATZ" only if it they are in the context of "MY SCENE" or
"BARBIE." We asked whether Mattel would produce responsive documents relating to
"BRATZ" that did not also *explicitly* reference those Mattel products as well. We fail to see how
any such documents could possibly be responsive to a request propounded by MGA but not
relevant to MGA's claims, given that MGA's requests are tailored to seek documents containing
subject matter relevant to its claims. But you stood by this objection and stated only that you
have never seen relevant documents relating to "BRATZ" that were not in the context of "MY
SCENE," or relating to a specifically alleged act of unfair competition. Please confirm whether
Mattel is withholding documents referencing "BRATZ" that are responsive to MGA's requests
on the grounds that they do not *explicitly* mention "MY SCENE" and do not relate to a *specific*
act of unfair competition alleged in MGA's Complaint.

Mattel also objected for the first time, at the meet and confer, to MGA's definition of the
term "BRATZ" in MGA's requests as overbroad. MGA defined "BRATZ" in its requests for
production to include all products "commonly known as, sold, or marketed under the "BRATZ"
trademark or trade dress." Notably, Mattel did not object to that definition in its responses
Mattel may not now unilaterally determine which "BRATZ" products it believes to be at issue.
MGA has identified relevant products and packaging that it alleges were copied by Mattel in its
response to Mattel's Interrogatory No. 2 in MGA Entertainment, Inc.'s Supplemental Responses
to Mattel, Inc.'s First Set of Interrogatories Re Claims of Unfair Competition, dated March 2,
2007. However, MGA's identification of some products and packaging in its interrogatory
response is not to be construed as a limitation on Mattel's discovery obligations. MGA has
alleged copying of the "total image" of its "BRATZ" line, whose "*total ensemble*" is
*representatively* described and depicted herein," as stated in ¶102 of MGA's Complaint.
Mattel's general relevance objection is therefore improper in this context, as the scope of
discovery is not limited to specific products and packaging identified in the complaint or
interrogatory responses. Please confirm whether Mattel stands by its objection to the definition
of the term "BRATZ."

## General Objection Regarding the Definition of the Term "MGA PRODUCTS"

At the meet and confer, Mattel also objected for the first time to MGA's definition of the
term "MGA PRODUCTS" in MGA's requests as overbroad. Again, Mattel failed to object to
the definition of the term "MGA PRODUCTS" in its responses. MGA has identified specific
products, including "Miuchiz," a product specifically identified in the definition of the term
"MGA PRODUCTS" in MGA's requests for production, and all of the products identified in
MGA's response to Mattel's Interrogatory No. 2 in its Supplemental Interrogatory Responses.
Further, as with the definition of "BRATZ," Mattel's general relevance objection is improper in
this context as well. Please confirm whether Mattel stands by its objection to the definition of
"MGA PRODUCTS."

## General Relevance Objection Relating to Larian

Mattel repeatedly objected to the production of documents relating solely to Isaac Larian,
and not mentioning MGA or "BRATZ." We fail to see how Mattel could be in possession of

EXHIBIT __16__

PAGE __120__

Received:     3/15/07   6:29PM;
03/15/2007  18:29  FAX

O'MELVENY & MYERS LLP
Timothy M. Alger, March 15, 2007 - Page 3

responsive documents mentioning Larian that are not relevant, given that MGA's requests are
tailored to seek documents containing subject matter relevant to its claims. Further, the
definition of "MGA" in MGA's document requests includes its officers, which would include
Larian, as MGA's CEO. Please confirm whether Mattel intends to withhold responsive
documents on the grounds that documents relating solely to Larian are not relevant, so that we
may meet and confer further on this issue.

### General Objection Relating to Conduct Outside the United States

Mattel objected to producing any documents relating to conduct taking place in other
countries. Your position is inconsistent with Mattel's position that MGA should produce the
documents located at its foreign subsidiaries.

You also requested that MGA provide authority explaining how MGA could have a
remedy for such conduct. As explained during the meet and confer, the Lanham Act can have
extraterritorial application. Indeed, the Ninth Circuit has adopted a test for determining whether
the extraterritorial application of the Lanham Act is appropriate: "the alleged violations must
create some effect on American foreign commerce; second, the effect must be sufficiently great
to present a cognizable injury to plaintiffs under the federal statute; and third, the interests of and
links to American foreign commerce must be sufficiently strong in relation to those of other
nations to justify an assertion of extraterritorial authority." *Star-Kist Foods, Inc. v. P.J. Rhodes
& Co.*, 769 F.2d 1393, 1395 (9th Cir.1985) (borrowing test that had been developed in the
antitrust context in *Timberlane Lumber Co. v. Bank of America National Trust & Savings Ass'n*,
549 F.2d 597 (9th Cir.1976)). Applying this test, the Ninth Circuit upholds the extraterritorial
application of the Lanham Act in appropriate circumstances. *Ocean Garden, Inc. v. Marktrade
Co. Inc.*, 953 F.2d 500 (9th Cir. 1991) (extraterritorial application of the Lanham Act upheld
where activities were directed with the purpose of harming a United States corporation); *Reebok
Intern. Ltd. v. Marnatech Enterprises, Inc.*, 970 F.2d 552 (9th Cir. 1992) (extraterritorial
application of the Lanham Act upheld where counterfeiters sold shoes in Mexico knowing that
they would be imported to the United States). In light of this authority, please confirm whether
Mattel stands by its objection to the production of documents relating to foreign conduct.

### General Overbreadth and Undue Burden Objections

Mattel objected generally to MGA's requests on the grounds that it has 25,000 employees
and that a search of every employee's files would be unduly burdensome. We seriously doubt
that MGA's requests would require that Mattel search the files of every one of its 25,000
employees. In any event, if Mattel wishes to narrow its search for responsive documents to the
files of certain individuals, MGA would be willing to meet and confer regarding any such
proposals. MGA would be amenable to certain limitations on the number and identities of
custodians whose files must be searched, so long as Mattel is willing to accept reciprocal
accommodations for MGA's own document review.

Unless any such agreement is reached, Mattel may not unilaterally limit the scope of its
document review. It is Mattel, not MGA, that is best positioned to identify those employees

EXHIBIT  14
PAGE  121

O'MELVENY & MYERS LLP
Timothy M. Alger, March 15, 2007 - Page 4

most likely to have responsive documents, and thus Mattel cannot simply wait for MGA to
identify the custodians whose files should be searched. MGA has identified numerous facts in its
Supplemental Interrogatory Responses that may assist Mattel in identifying those individuals
whose files are likely to contain responsive information. Please confirm that Mattel will not
unilaterally limit the scope of its document review based on this objection.

### Request Nos. 32-33, 61

Mattel agreed to produce documents responsive to these requests insofar as they related
to displays, retail spacing, or shelf space for "BRATZ," but refused to produce responsive
documents relating to any other MGA products. Given that ¶79 of MGA's complaint alleges
tampering with MGA's retail displays regardless of product, Mattel must produce all documents
responsive to these requests. Please confirm whether Mattel stands by its objection to the
production of responsive documents relating to products other than "BRATZ."

### Request Nos. 33-34, 37-39

Mattel confirmed that it would produce documents responsive to these requests, but that
it would first have to resolve its concern that the disclosure of such documents may violate
Mattel's confidentiality agreements with NPD and CARU.  You confirmed that you already had
responsive documents in your possession, and that you just needed to clear up any potential
issues, which you agreed to resolve within the next week or so.  As discussed at the meet and
confer, the protective order currently in place should be sufficient to protect the confidentiality of
these documents.  Please confirm whether Mattel will produce all documents responsive to these
requests.

In addition, you mentioned that Mattel had a large number of documents relating to
CARU, and requested a time limitation on MGA's request. MGA is willing to limit its requests
for documents response to Requests Nos. 37-38 to responsive communications from January 1,
2000 to the present.  If Mattel wishes to propose that MGA similarly limit other requests, MGA
would be willing to consider such proposals on a case-by-case basis.

### Request No. 43

Mattel refused to produce documents responsive to this requests.  Documents relating to
attempts by Mattel to price "MY SCENE" below "BRATZ" are likely to lead to admissible
evidence relating to whether Mattel has an organic process for setting its prices, or whether it
sets its prices based on confidential information illicitly obtained from MGA.  If the latter, such
evidence would be relevant to MGA's claims of unfair competition and serial copycatting.
Please confirm whether Mattel will produce all documents responsive to this request.

### Request No. 47

Mattel agreed to produce documents relating to this request, but only insofar as MGA has
provided information in its interrogatory responses regarding the identities of the retailers.

EXHIBIT   16
PAGE  122

Received:   3/15/07   8:30PM;                          .- JotFox Maro;   Fege 4
03/15/2007 18:30 FAX                                                        P 4 of 4

O'MELVENY & MYERS LLP
Timothy M. Alger, March 15, 2007 - Page 5

Again, Mattel's general relevance objection is improper. Although MGA's interrogatory
responses do provide a few examples of the type of conduct alleged in its Complaint, there may
be many instances that MGA is not aware of that would support its unfair competition claim.
Any responsive documents relating to similar communications with other retailers must also be
produced. Please confirm that Mattel will produce all documents responsive to this request,
including those relating to the retailers not specifically identified in MGA's interrogatories.

## Request Nos. 48-53

Mattel agreed to produce documents relating to these requests with the exception of
documents relating to the pricing of "BRATZ" or any "MGA PRODUCT." MGA must continue
to disagree with Mattel's refusal to produce responsive documents relating to pricing. In
addition, further clarifying your general relevance objections identified above, you reiterated that
Mattel would not produce documents relating to "BRATZ" unless it was "in the context of"
"MY SCENE" or "BARBIE." We asked whether, if Mattel identified a responsive
communication from a Mattel employee to a retailer or other entity identified in these requests
that included a derogatory statement about "BRATZ," it would produce that document regardless
of whether it explicitly mentioned "MY SCENE." You stated only that you would produce such
documents if they related to our claims as alleged. MGA repeats that responsive documents may
not be withheld by Mattel simply because Mattel products are not also explicitly mentioned
therein. Please confirm whether Mattel is withholding any documents responsive to these
requests simply because they do not explicitly mention "MY SCENE" or "BARBIE."

## Request No. 54

Mattel agreed to produce documents responsive to this request with the exception of
documents relating to pricing, and with the limitation that the term "former MGA employee"
refers to persons who were current MGA employees at the time of the communication. MGA
agrees to modify the request as follows: "All DOCUMENTS REFERRING OR RELATING TO
any COMMUNICATIONS between MATTEL and any PERSON world wide that was employed
by MGA at the time of the communication REFERRING OR RELATING TO "BRATZ,"
LARIAN or MGA, regarding the origins, design, development, product launch, sales,
promotions, advertising, quality, or price of "BRATZ" or any MGA PRODUCT world wide."
MGA disagrees with Mattel's refusal to produce responsive documents relating to pricing.

## Request No. 55

Mattel refuses to produce documents responsive to this request. Such documents are
likely to lead to admissible evidence relating to the allegations in ¶75 of MGA's Complaint that
Mattel intimidated its former employees and has sent threatening letters to several of its former
employees that now work for MGA. Further information currently known to MGA regarding
such communications may be found in MGA's response to Mattel's Interrogatory No. 5 in its
Supplemental Interrogatory Responses. Other similar communications with former Mattel
employees would also be relevant to MGA's unfair competition claim. Please confirm whether
Mattel stands by its objection to this request.

EXHIBIT __14__
PAGE __123__

Received:    3/15/07  8:31PM-                  -> JetFax M900;  Page 7
03/15/2007 18:31 FAX

O'MELVENY & MYERS LLP
Timothy M. Alger, March 15, 2007 - Page 6

### Request Nos. 56-60, 62-67

Mattel refused to produce documents responsive to these requests, relying on the general
relevance and overbreadth objections outlined above. Again, Mattel's discovery obligations are
not limited to those documents relating to facts specifically alleged within the four corners of the
MGA's Complaint. Moreover, ¶¶76-79 of the Complaint identify some examples of the type
of misconduct MGA has become aware of, but Mattel may also have in its possession documents
relating to similar misconduct not known to MGA. Such documents must also be produced.

You also requested that MGA provide more information regarding the parties involved in
the alleged misconduct. MGA has identified information it is currently aware of in its
Supplemental Interrogatory Responses. Again, any examples of misconduct currently known to
MGA are not to be construed as a limitation on the scope of Mattel's discovery obligations, and
are only meant to help facilitate Mattel in its determination as to the identities of those persons
who may have documents relating to similar acts of misconduct. If Mattel wishes to limit its
search for responsive documents to the files of a narrower set of individuals, MGA is willing to
discuss any such proposed limitations with Mattel. Please confirm that Mattel will produce all
documents responsive to this request.

### Request Nos. 98, 100

Mattel agreed to produce documents relating to these requests, provided that it be
narrowed to request only communications between Mattel and competitors of MGA referring to
claims made in this lawsuit. MGA is willing to so limit its requests, unless such communications
constitute or refer to acts of misconduct supporting MGA's unfair competition claims, regardless
of whether such acts are specifically mentioned in the Complaint. The "competitors" referenced
in this request are the same as Mattel's own competitors in the category of fashion dolls.

### Request Nos. 102-104

Mattel agreed to produce documents responsive to Request No. 102 and relating to the
Kids Choice Awards. Other documents responsive to this request, as well as documents
responsive to Requests Nos. 103-04, are also likely to lead to admissible evidence relating to the
allegations in ¶¶9 and 113 of MGA's Complaint. Please confirm that you will produce all
documents responsive to these requests.

### Request Nos. 77-78

Mattel agreed to produce documents referring or relating to any evaluation, criticism or
comparison of "MY SCENE" in relation to "BRATZ" by any third party, or to any evaluation,
criticism or comparison of "BRATZ" in relation to "MY SCENE" by any third party. You stated
that Mattel would not agree to produce documents referring or relating to any evaluation or
criticism of "MY SCENE" standing alone, or of "BRATZ" standing alone. Such documents are
likely to lead to admissible evidence relating to the secondary meaning and commercial
impression of each product's trade dress, which are highly relevant to MGA's infringement

EXHIBIT __14__
PAGE __124__

Received:   3/15/07   6:32PM;                    -> JetFox M-20;   Page 17

03/15/2007 18:32 FAX                                                                      @001/001

O'MELVENY & MYERS LLP
Timothy M. Alger, March 15, 2007 - Page 7

claim. Further, any third-party evaluations of "BRATZ" are likely to lead to admissible evidence
relating to the distinctiveness and famousness of "BRATZ," which is highly relevant to MGA's
dilution claim. Please confirm that Mattel will produce all documents responsive to this request.

### Request No. 95

Mattel objected to the production of these documents on the ground that they would also
be in Mattel's possession. We stated that this objection has no basis in law and, in many
instances, may be factually untrue depending on how the relevant individuals archived those
communications. You agreed to consult with your client. Please confirm whether Mattel will
produce all documents responsive to all subparts of this requests.

### Request No. 96

Mattel objected to the production of documents responsive to this request on the ground
that it seeks information beyond the underlying facts supporting the claims in this lawsuit. MGA
is willing to limit this request to seek only those communications relating to the underlying facts
supporting the claims in this lawsuit, *and* any communications that constitute or refer to acts of
misconduct supporting MGA's unfair competition claims, regardless of whether such acts are
specifically mentioned in the Complaint. Please confirm whether Mattel is willing to produce all
documents responsive to this request as limited in this manner.

### Request No. 97

Mattel agreed to produce documents responsive to this request, but reiterated that the
production would be limited by its general relevance objection. Again, Mattel's general
relevance objection is improper. Please confirm that you will produce all documents responsive
to this request.

### Request No. 113

Mattel agreed to produce documents responsive to this request. We pointed out that one
such relevant document could be an internal telephone directory from the relevant time period,
and you confirmed that you would get back to us.

Please respond promptly by the close of business on Monday, March 19, 2007, to
confirm that Mattel will withdraw its objections, particularly its objection to the production of
documents unless they are related to specific factual allegations in MGA's complaint. Please

EXHIBIT __16__
PAGE __125__

Received:    3/15/07   6:32PM;                          -> JetFax M920;   P. 16/0
03/15/2007 18:32 FAX                                       ·                              🖂 008/006

O'MELVENY & MYERS LLP
Timothy M. Alger, March 15, 2007 - Page 8


also confirm that shortly thereafter, Mattel will produce all documents that it has withheld in
reliance on those objections on a rolling basis. We look forward to your prompt response.

Sincerely,

Jennifer Glad
*for* O'MELVENY & MYERS LLP


EXHIBIT __16__
PAGE __126__

# EXHIBIT 17

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

DIRECT DIAL
(213) 687-5368
DIRECT FAX
(213) 621-5368
EMAIL ADDRESS
RHERRING@SKADDEN.COM

FIRM/AFFILIATE OFFICES
―――
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
―――
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

January 23, 2008

## VIA FACSIMILE & U.S. MAIL

Timothy Alger, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

RE:     *Mattel v. Bryant*

Tim:

I am writing to confirm our discussions last week regarding Mattel's responses to MGA's Sixth Set of Requests for Production of Documents and certain other document issues.

1.      Request No. 540:  This request seeks Mattel's Brand Directional Outlines.  You represented that Mattel has produced all Brand Directional Outlines that mention My Scene, Bratz or MGA.

2.      Request Nos. 541, 542, and 544:  These requests seek production of all versions of the Mattel employee inventions agreement, conflict of interest questionnaire, and confidential information checkout form.  You represented that all responsive documents have been produced and that no documents have been withheld based on any of your objections.

3.      Request Nos. 543, 545, 546, 547, 548, 558, 559, 560:  These requests seek documents regarding Mattel's interpretations of and efforts to enforce the Employee Inventions Agreement and Conflict of Interest Questionnaire.  During our meet and confer discussions, you agreed to hold these requests in abeyance pending the Discovery Master's ruling on the pending motions regarding Mattel's enforcement efforts relating to the Employee Inventions Agreement and Conflict of Interest Questionnaire.  You agreed that Mattel would follow Judge Infante's guidance regarding these pending motions and provide supplemental responses and documents for Request Nos. 543, 545, 546, 547, 548, 558, 559, and 560, if the Discovery Master agreed with our position on these issues.  Mattel also agreed that,



EXHIBIT __17__

Quinn, Emanuel, etc.
January 23, 2008
Page 2

notwithstanding the January 28, 2008 discovery deadline, any additional follow up or motion to compel that is necessary as to these requests would be timely, even if filed in February 2008.

4.     Request Nos. 549, 550, 551, 552, 553: These requests seek Mattel's brand briefs and other similar documents concerning Mattel's advertising and branding strategies for Barbie products and My Scene products. You represented that all responsive documents have been produced, to the extent they reference Bratz or MGA. You also represented that, to the extent any document related to an evaluation of the effectiveness of a My Scene commercial, it has been produced, regardless of whether the document mentioned MGA or Bratz. You also took the position that any additional production would be cumulative and unduly burdensome.

5.     Request Nos. 555 and 567: These requests seek documents regarding consumer research relating to the market for fashion dolls. You represented that Mattel has produced all documents responsive to these requests, to the extent they related to Bratz, My Scene or any other Mattel product identified in MGA's Complaint against Mattel or MGA's interrogatory responses identifying infringing Mattel products, including Wee 3 Friends, Little Mommy, and AcceleRacers.

6.     Request No. 557: This request seeks documents relating to any assessment by or for Mattel of the Bratz line of products. You represented that all responsive documents have been produced and Mattel is not aware of any additional responsive documents.

7.     Request Nos. 561-62: These requests seek documents sufficient to identify Mattel's employment policies and procedures concerning certain specified provisions in the Proprietary Information Checkout Form and the Employee Inventions Agreement. You represented that all responsive documents already have been produced.

8.     Request Nos. 563, 564, 565, 566: These requests seek certain financial information for Barbie and My Scene products. You stated that Mattel will be producing all documents responsive to Request No. 564, which seeks documents relating to Mattel's profits on My Scene products. You also represented that Mattel would produce all documents responsive to Request No. 566 that relate to My Scene products. Pursuant to the parties' agreements, please produce these documents both in hardcopy and electronic (e.g., Excel) formats. Please also let us know promptly when we will receive these documents.

EXHIBIT ___17___
PAGE ___126___

Quinn, Emanuel, etc.
January 23, 2008
Page 3

**You further represented that Mattel is not seeking and will not seek any type of
lost profit damages from MGA or Bryant for any claim tried in Phase I of this
litigation.** As we discussed, this representation is critically important to the
preparation of reports by MGA's damages experts. As such, we request a
supplemental discovery response confirming in writing that Mattel is not seeking and
will not seek to recover any lost profit damages in Phase I of this case. Please
provide that supplemental response promptly.

9.    Request Nos. 568, 569, 570: These requests seek documents relating
to any position taken by Mattel in other legal proceedings regarding how copyright
infringement damages should be apportioned, or the valuation of original drawings,
designs, or ideas for a product. During our meet and confer, you took the position
that these requests are overbroad because they are not limited to the products at issue
in this litigation. We disagree with this position and believe that positions Mattel has
taken in prior legal proceedings regarding the proper methodology or process for
apportioning copyright infringement damages or the valuing of original design
drawings are directly relevant to damages issues in this case. Because of this
disagreement, we intend to ask Judge Infante to resolve this issue.

10.    Art Attacks: MGA's Request No. 468 seeks all documents relating to
any communication between Mattel and Art Attacks or Art Attacks' counsel. You
represented that all responsive, nonprivileged documents have been produced. You
also confirmed Mattel's position that communications between Mattel and Art
Attacks or between Mattel's counsel and Art Attack's counsel are not privileged.

11.    Ubisoft: MGA's Request Nos. 678-691 request all documents and
communications between Mattel and Ubisoft or counsel for Mattel or Ubisoft. You
represented that no responsive, nonprivileged documents exist. You also confirmed
Mattel's position that communications between Mattel (or its counsel) and Ubisoft
(or its counsel) are not privileged.

Please let us know immediately if you believe any of the foregoing is
incorrect. Please also provide the promised financial documents and supplemental
discovery response promptly and by no later than January 25, 2008. We look
forward to hearing from you.

Sincerely,

Robert J. Herrington

490980-Los Angeles Server 1A - MSW

EXHIBIT __17__
PAGE __129__