# EXHIBIT 18

| | |
|---|---|
| 1 | Robert C. O'Brien (SBN 154372)<br>ARENT FOX LLP |
| 2 | 555 West Fifth Street, 48th Floor<br>Los Angeles, CA 90013-1065 |
| 3 | Telephone: 213.629.7400<br>Facsimile: 213.629.7401 |
| 4 | obrien.robert@arentfox.com |
| 5 | Discovery Master |
| 6 | |
| 7 | |

8   UNITED STATES DISTRICT COURT

9   CENTRAL DISTRICT OF CALIFORNIA

10   EASTERN DIVISION

11

| | | |
|---|---|---|
| 12 | CARTER BRYANT, an individual, | Case No. CV 04-09049 SGL (RNBx) |
| 13 | Plaintiff, | |
| 14 | v. | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727 |
| 15 | MATTEL, INC., a Delaware<br>corporation, | **PHASE 2 DISCOVERY MATTER** |
| 16 | | |
| 17 | Defendant. | **ORDER NO. 52, REGARDING:** |
| 18 | | **(1) MOTION TO COMPEL MGA<br>MEXICO TO PRODUCE<br>DOCUMENTS RESPONSIVE TO** |
| 19 | | **FIRST, SECOND AND THIRD SETS<br>OF PHASE 1 REQUESTS FOR** |
| 20 | | **PRODUCTION;** |
| 21 | | **(2) MOTION TO COMPEL MGA<br>MEXICO TO PRODUCE** |
| 22 | | **DOCUMENTS RESPONSIVE TO<br>FIRST SET OF PHASE 2** |
| 23 | | **REQUESTS FOR PRODUCTION;<br>and** |
| 24 | | |
| 25 | CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and | **(3) MOTION FOR ISSUANCE OF<br>LETTERS OF REQUEST FOR<br>VARGAS AND TRUEBA** |
| 26 | MGA ENTERTAINMENT, INC. v.<br>MATTEL, INC. | |
| 27 | | |
| 28 | | |

EXHIBIT __18__
PAGE __130__

1    This Order sets forth the Discovery Master's ruling on the following

2    discovery matters: (1) the motion to compel MGA de Mexico, S.R.L. de C.V.

3    ("MGA Mexico") to produce documents in response to first, second and third sets

4    of Phase 1 requests for production filed by Mattel, Inc. ("Mattel") ("Motion to

5    Compel") [Docket No. 5971]; (2) the motion to compel production of documents in

6    response to Mattel's first set of Phase 2 requests for production to MGA Mexico

7    ("Second Motion to Compel") [Docket No. 5982]; and (3) the motion for issuance

8    of letters of request for Vargas and Trueba filed by Mattel and request for

9    amendment filed by MGA Entertainment, Inc. ("MGA") ("Letter of Request

10   Motion") [Docket Nos. 5994 and 6090] (collectively, the "Motions").

11       The Discovery Master, having considered the papers filed in support of and

12   in opposition to the Motions, and having determined that oral argument was

13   unnecessary, rules as set forth below.

14   **I.    MOTION TO COMPEL**

15       **A.    Factual Background**

16           **1.    MGA Mexico Objects To The First Set Of Requests For**

17               **Production Propounded By Mattel**

18       On November 21, 2007, Mattel served its First Set of Requests for

19   Documents and Things on MGA Mexico, which included 148 separate requests for

20   production ("First Set of RFPs"). (Declaration of Marshall M. Searcy III in

21   Support of Mattel, Inc.'s Motion to Compel MGA Mexico to Produce Documents

22   and Things in Response to Mattel's First, Second and Third Sets of Requests for

23   Production to MGA Mexico ("Searcy Decl."), Ex. 1). MGA Mexico objected to the

24   First Set of RFPs thirty days later without agreeing to produce any responsive

25   documents. (*Id.*, Ex. 2 [Reponses to Requests 1 – 148]).

26   //

27   //

28   //

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

ORDER NO. 52
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 18
PAGE 131

1
2
3
4

## 2. MGA Mexico Agrees To Produce Responsive Documents To 318 Of The Second Set Of Requests For Production Propounded By Mattel But Stands On Its Objections To The Remaining 102 Requests

5      On December 12, 2007, Mattel served its Second Set of Requests for

6   Documents and Things on MGA Mexico ("Second Set of RFPs"). (*Id.*, Ex. 3). The

7   Second Set of RFPs contained 420 separate requests for production. (*Id.*).

8      On January 11, 2008, MGA Mexico served its responses to the Second Set of

9   RFPs. (*Id.*, Ex. 4). With respect to 318 of the requests, it agreed to "produce all,

10  non-privileged, responsive documents in its possession, custody or control."[1] (*Id.*,

11  Ex. 4 [Responses to Request Nos. 1 – 8, 13 – 22, 25 – 35, 42 – 45, 54 – 58, 61, 71 –

12  85, 89 – 96, 101 – 104, 106, 117 – 147, 151 – 167, 174, 175, 177 – 179, 181 – 192,

13  194 – 199, 201 – 219, 221, 222, 227 – 248, 253 – 268, 277 – 299, 302 – 316, 329 –

14  342, 345 – 385, 387 – 397, 400 – 410, and 412 – 417]). As for the remaining 102

15  requests, it stood on its objections and refused to produce any responsive

16  documents. (*Id.*, Ex. 4 [Responses to Request Nos. 9 – 12, 23, 24, 36 – 41, 46 – 53,

17  59, 60, 62 – 70, 86 – 88, 97 – 100, 105, 107 – 116, 148 – 150, 168 – 173, 176, 180,

18  193, 200, 220, 223 – 226, 249 – 252, 269 – 276, 300, 301, 317 – 328, 343, 344,

19  386, 398, 399, 411, and 418 – 420]).

20

## 3. MGA Mexico Objects To The Third Set Of Requests For Production Propounded By Mattel

21

22      On January 22, 2008, Mattel served six additional requests for production on

23  MGA Mexico ("Third Set of RFPs"). (*Id.*, Ex. 5). MGA Mexico objected to this

24  Third Set of RFPs on February 21, 2008 and, once again, did not agree to produce

25  any responsive documents. (*Id.*, Ex. 6 [Responses to Request Nos. 1 – 6]).

26

27  _____

[1] In its Opposition to the Motion to Compel, MGA Mexico asserts that it agreed to produce documents in response to 309 of the requests. However, this figure is inconsistent with the actual responses to the Second Set of RFPs. (Compare Opposition to Motion to Compel at p. 4 fn. 9 with Ex. 4 to the Searcy Decl.).

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

ORDER NO. 52
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 18
PAGE 132

## B.   The Relief Sought By Mattel

Mattel requests that the Discovery Master (1) overrule all of MGA Mexico's objections to Mattel's First Set of RFPs, Second Set of RFPs and Third Set of RFPs, (2) compel MGA Mexico to produce all relevant, non-privileged documents in its possession, custody or control which are responsive to Mattel's First Set of RFPs, Second Set of RFPs and Third Set of RFPs, (3) compel MGA Mexico to provide Mattel with a privilege log, and (4) impose sanctions in the amount of $5000. (Motion to Compel, pp. 32 – 33).

Mattel claims that such relief is warranted for the following reasons. First, Mattel argues that MGA Mexico's general objections do not provide a basis to withhold any documents. (*Id.*, pp. 11 – 13). Second, Mattel argues that MGA Mexico's specific objections are boilerplate and improper. (*Id.*, pp. 5 – 6). Third, Mattel argues that MGA Mexico's definitional objections are unfounded. (*Id.*, pp. 14 – 17). Fourth, Mattel argues that MGA Mexico's relevance objections are conclusory and should be overruled because the requests are relevant to Phase 2 issues. (*Id.*, pp. 6 – 7 and 18 – 31). Fifth, Mattel argues that the production of documents by other parties does not relieve MGA Mexico of its obligation to produce documents. (*Id.*, pp. 10 – 11). Sixth, Mattel argues that MGA Mexico may not avoid producing documents within its possession, custody or control by requiring Mattel to seek documents from other sources. (*Id.*, pp. 7 – 8). Seventh, Mattel argues that that the requests describe the categories of documents to be produced with reasonable particularity. (*Id.*, pp. 8 – 9). Eighth, Mattel argues that the protective order is sufficient to protect any privacy rights and commercially sensitive information. (*Id.*, pp. 9 – 10). Ninth, Mattel argues that MGA Mexico's mere agreement to produce documents regarding some of the requests does not foreclose an order compelling production. (*Id.*, pp. 13 – 14). Finally, Mattel argues that MGA Mexico should be sanctioned for its refusal to comply with its discovery obligations. (*Id.*, pp. 31 – 32).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT 18
PAGE 133

- 3 -

ORDER NO. 52
[Case No. CV 04-09049 SGL (RNBx)]

Case 2:04-cv-09049-DOC-RNB   Document 6988-7   Filed 10/20/09   Page 6 of 37   Page ID
#:236614
Case 2:04-cv-09049-SGL-RNB   Document 6437   Filed 08/26/2009   Page 5 of 36

1

### C.   **MGA Mexico's Opposition**

2       MGA Mexico opposes the Motion to Compel on six grounds.  First, MGA

3    Mexico argues that the Motion to Compel is procedurally defective because there is

4    no separate statement, Mattel has not provided the necessary information for the

5    Discovery Master to evaluate each of the 574 requests at issue, and "[i]t simply is

6    not enough for Mattel to broadly categorize its requests and summarily dismiss

7    each of MGA Mexico's detailed objections and responses to the requests."

8    (Opposition to Motion to Compel, pp. 7 – 8).  Second, MGA Mexico argues that

9    the Motion to Compel is unreasonable and improper because (1) Mattel is seeking

10   to compel production with respect to 574 document requests and refuses to narrow

11   or limit even a single request, (2) the Motion to Compel ignores the thousand pages

12   of detailed objections to the 574 requests, (3) MGA Mexico has agreed to produce

13   documents in response to more than 300 of the requests at issue, (4) many of the

14   requests are duplicative of those served on other MGA Parties, (5) the MGA Parties

15   have produced 4.2 million pages of documents, (6) Mattel has refused to conduct

16   simple searches that would demonstrate MGA Mexico has produced documents,

17   (7) Mattel has not given any consideration to whether the specific requests at issue

18   are still relevant or necessary, (8) it is irrelevant in most instances whether an

19   MGA-created document is in the possession of MGA Mexico, (9) it is clear from

20   the face of many documents whether it was in the possession of MGA Mexico, and

21   (10) Mattel's representation that more than 400 requests are relevant to the issue of

22   unclean hands demonstrates the "absurdity of its position."  (*Id.*, pp. 4 – 7).  Third,

23   MGA Mexico argues that a number of defined terms embedded in the requests are

24   objectionable.  (*Id.*, pp. 9 – 12).  Fourth, MGA Mexico argues that the requests seek

25   irrelevant information, are overbroad and unduly burdensome.  (*Id.*, pp. 12 – 16).

26   Fifth, MGA Mexico argues that its objections to the requests are not boilerplate but

27   have been specifically tailored to each request.  (*Id.*, pp. 16 – 17).  Finally, MGA

28   Mexico argues that Mattel should be sanctioned for filing "an omnibus motion to

- 4 -

ORDER NO. 52
[Case No. CV 04-09049 SGL (RNBx)]


EXHIBIT __18__
PAGE __134__

Case 2:04-cv-09049-DOC-RNB   Document 6988-7   Filed 10/20/09   Page 7 of 37   Page ID
#:236615
Case 2:04-cv-09049-SGL-RNB      Document 6437      Filed 08/26/2009      Page 6 of 36

1   compel" without agreeing to limit its requests in any fashion and with the

2   knowledge that MGA Mexico agreed to provide documents in response to more

3   than 300 requests at issue.[2]  (*Id.*, pp. 17 – 18).

4       **D.**    **Analysis**

5           **1.**    **Federal Rules Of Civil Procedure 26 And 34**

6         Pursuant to Federal Rule of Civil Procedure 26(b), "[p]arties may obtain

7   discovery regarding any matter, not privileged, that is relevant to the claim or

8   defense of any party. . . . Relevant information need not be admissible at trial if the

9   discovery appears reasonably calculated to lead to the discovery of admissible

10  evidence." (Fed. R. Civ. P. 26(b)(1)).

11        Federal Rule of Civil Procedure 34 further allows a party to

12          serve on any other party a request within the scope of

13          Rule 26(b): (1) to produce and permit the requesting party

14          or its representative to inspect [or] copy . . . the following

15          items in the responding party's possession, custody, or

16          control: (A) any designated documents or electronically

17          stored information--including writings, drawings, graphs,

18          charts, photographs, sound recordings, images, and other

19          data or data compilations--stored in any medium from

20          which information can be obtained either directly or, if

21          necessary, after translation by the responding party into a

22          reasonably usable form . . . .

23  (Fed. R. Civ. P. 34(a)).

24

25  [2] The parties filed several supplemental declarations (two by MGA Mexico and one by Mattel) after the Discovery
Master ruled that the Motions would be decided on the papers (collectively, the "Supplemental Papers"). Mattel

26  objected to the second supplemental declaration filed by MGA Mexico. Because the Supplemental Papers are
untimely, I exercise my discretion not to consider them. (*See, e.g., Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 520

27  (9th Cir. 1990) [district court may disregard untimely opposing affidavits]; *Russell v. Harms*, 397 F.3d 458, 467 (7th
Cir. 2005) [not abuse of discretion for district court to refuse to consider late filed affidavit]). Regardless, the

28  Supplemental Papers do not alter the conclusions reached herein in any way.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT __18__
PAGE __135__

- 5 -

ORDER NO. 52
[Case No. CV 04-09049 SGL (RNBx)]

Case 2:04-cv-09049-DOC-RNB   Document 6988-7   Filed 10/20/09   Page 8 of 37   Page ID
#:236616
Case 2:04-cv-09049-SGL-RNB      Document 6437      Filed 08/26/2009      Page 7 of 36

1    A request served in connection with Rule 34(a) "must describe with

2    reasonable particularity each item or category of items to be inspected" and

3    "specify a reasonable time, place, and manner for the inspection and for performing

4    the related acts."   (Fed. R. Civ. P. 34(b)).

5    "The party to whom the request is directed must respond in writing within 30

6    days after being served" and "either state that inspection and related activities will

7    be permitted as requested or state an objection to the request, including the

8    reasons." (*Id.*).   Where the responding party indicates that it will produce

9    documents, it must produce them "as they are kept in the usual course of business

10   or must organize and label them to correspond to the categories in the request."

11   (*Id.*).

12          **2.      The Motion To Compel Is Proper With Respect To 318**

13                      **Requests**

14   As an initial matter, MGA Mexico asserts in its Opposition that the Motion to

15   Compel is at least partially moot because it "has agreed to produce document in

16   response to more than 300 of the requests at issue." (Opposition to Motion to

17   Compel, p. 4 and fn. 9).   However, there is an important distinction between

18   promising to produce documents and actually producing them.  Unless the promise

19   is fulfilled, stating that documents will be produced means nothing.  As Mattel

20   notes, "[e]ither information has been disclosed or it has not been disclosed.  If it has

21   not been disclosed, then, plainly, it remains to be compelled." (Motion to Compel,

22   p. 13 [quoting *Lamoureux v. Genesis Pharmacy Servs., Inc.*, 226 F.R.D. 154, 159

23   (D.Conn. 2004)]).  Accordingly, Mattel's Motion to Compel is not moot unless

24   MGA lived up to its promise to "produce all, non-privileged, responsive documents

25   in its possession, custody or control" concerning 318 requests set forth in the

26   Second Set of RFPs. (Searcy Decl., Ex. 4 [Responses to Request Nos. 1 – 8, 13 –

27   22, 25 – 35, 42 – 45, 54 – 58, 61, 71 – 85, 89 – 96, 101 – 104, 106, 117 – 147, 151

28   – 167, 174, 175, 177 – 179, 181 – 192, 194 – 199, 201 – 219, 221, 222, 227 – 248,

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT  18
PAGE  136

-6-

1   253 – 268, 277 – 299, 302 – 316, 329 – 342, 345 – 385, 387 – 397, 400 – 410, and
2   412 – 417]).

3           **a.**     **Even If It Produced Documents Previously, MGA**
4               **Mexico Has Not Produced Materials In Compliance**
5               **With Federal Rule Of Civil Procedure 34**

6         While MGA Mexico argues "that documents from [it] ha[ve], in fact, been
7   previously produced in th[is] action," (Opposition to Motion to Compel, p. 3), it has
8   not satisfied its obligation under Rule 34 to produce documents "as they are kept in
9   the usual course of business or . . . [alternatively] organize and label them to
10  correspond to the categories in the request." (Fed. R. Civ. P. 34(b)). Indeed, even
11  assuming the Discovery Master found MGA Mexico's assertion that it has
12  previously produced documents credible (which I do not for the reasons discussed
13  below in Section I.A.2.b.), the most favorable interpretation of MGA Mexico's
14  position is that it produced responsive materials at the same time as other MGA
15  Parties. (Opposition to Motion to Compel, p. 2 ["[T]he MGA Parties have
16  produced more than 4.2 million documents. However, Mattel wants . . . to badger
17  MGA Mexico into reproducing thousands of documents already produced in this
18  action, either by MGA Mexico or by another MGA party."]). But a production that
19  commingles MGA Mexico's documents along with the documents of other MGA
20  Parties is not a production of documents "as they are kept in the usual course of
21  business." (Fed. R. Civ. P. 34(b)). Nor has MGA Mexico organized and labeled
22  any alleged documents that it produced to correspond to the categories in Mattel's
23  requests. (*Id.*). Accordingly, the Discovery Master finds that, even assuming MGA
24  Mexico previously produced responsive documents, it has not complied with Rule
25  34. For this reason alone, the Motion to Compel must be granted with respect to
26  the 318 requests for which MGA Mexico promised to provide all non-privileged
27  responsive documents.
28  //

EXHIBIT __18__
PAGE __137__

1

        **b.    MGA Mexico Has Not Established That It Has**

2

        **Produced Any Documents Responsive To The 318**

3

        **Requests For Which It Promised To Provide All Non-**

4

        **Privileged Materials**

5        The Discovery Master also finds that the contention that MGA Mexico has

6    already produced responsive documents is not supported by the record.  The lone

7    production MGA Mexico references in its Opposition as potentially having been

8    produced is a CD, (*see* Opposition to Motion to Compel, p. 5), which is "Bates

9    numbered *MGA* 3815506,"[3] (Reply in Support of Motion to Compel, p. 3; *see also*

10   Declaration of William A. Molinski, Ex. C at p.1).  That *MGA* may have produced

11   a CD, however, is not the same as *MGA Mexico* satisfying its independent

12   discovery obligations unless MGA Mexico is claiming that certain documents were

13   actually produced by MGA on its behalf.  But there is no such allegation set forth

14   anywhere in MGA Mexico's Opposition.

15       Nor does the Opposition ever reference any correspondence in which MGA

16   Mexico allegedly transmitted a document production to Mattel, let alone point to

17   any documents bearing a MGA Mexico bates number.  Rather than simply

18   identifying the documents it produced, MGA Mexico has ignored multiple requests

19   from Mattel for this basic information. In fact, in its meet and confer efforts leading

20   up to this motion, Mattel sent MGA Mexico's counsel a letter that claimed "MGA

21   Mexico has not produced any documents in response to Mattel's First, Second, and

22   Third Sets of Request." (Searcy Decl., Ex. 7).  MGA responded one week later by

23   stating that it "will not re-produce the **millions** of documents it has already

24   produced." (*Id.*, Ex. 8 at p. 1 [emphasis in original]).  Mattel then informed MGA

25

26   [3] MGA Mexico claims that "it is clear from the face of many documents produced whether it was in the possession of
     MGA Mexico" because they are in Spanish and/or provide sufficient information for Mattel do determine whether
27   the documents were in MGA Mexico's possession. (Opposition to Motion to Compel, p. 7). However, the critical
     inquiry regarding production is not whether the documents were in MGA Mexico's possession at some point in time
28   but rather whether MGA Mexico in fact produced the document(s).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

                                        - 8 -                         ORDER NO. 52
                                                          [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT __18__
PAGE __138__

Case 2:04-cv-09049-DOC-RNB   Document 6988-7   Filed 10/20/09   Page 11 of 37   Page ID
#:236619
Case 2:04-cv-09049-SGL-RNB       Document 6437       Filed 08/26/2009      Page 10 of 36

1    Mexico that

2                    None of the '4.2 million pages' you refer to has a

3                    distinctive Bates number or other identifier which would

4                    indicate that any of them were produced by MGA

5                    Mexico. Moreover, your letter does not identify a single

6                    document produced by MGA Mexico. Nor does your

7                    letter identify a single document request for which MGA

8                    Mexico has produced documents. . . . *As part of the meet*

9                    *and confer, we would expect that, if MGA Mexico has*

10                   *indeed produced responsive documents, it should be*

11                   *prepared to identify by Bates number the responsive*

12                   *documents it claims to have produced* . . .

13   (*Id.*, Ex. 9 at pp. 1 and 2 [emphasis added]). After receiving this correspondence

14   from Mattel, MGA Mexico reiterated that it did not have any obligation to indicate

15   which of the millions of documents produced by the MGA Parties were actually

16   produced by MGA Mexico.[4] (*Id.*, Ex. 10 at p. 1). This statement is not only in

17   violation of Federal Rule of Civil Procedure 34's requirements regarding how

18   documents must be produced, (*see Mancini v. Insurance Corp. of New York*, 2009

19   WL 1765295 *5 (S.D.Cal., June 18, 2009) [concluding that a party is required to

20   produce documents as they are kept in the ordinary course of business or respond to

21   document requests by specifying which documents respond to which requests, such

22   as by bates number]), but fails to even identify what documents were produced.

23   Because MGA Mexico has not sufficiently identified any documents that it has

24   //

25   //

26

27   [4] The parties further had a conversation on April 23, 2009 wherein, at least according to Mattel's counsel, MGA
     Mexico again took the "position that it will not identify the documents, if any, that it has produced in this
28   litigation. . . . [and that it] did not have any record of the documents it produced." (*Id.*, Ex. 11 at p. 1).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT __18__                    - 9 -                                    ORDER NO. 52
PAGE __139__                                          [Case No. CV 04-09049 SGL (RNBx)]

1   allegedly produced to Mattel,[5] the Discovery Master grants Mattel's Motion to

2   Compel for all 318 requests where MGA Mexico promised to provide responsive

3   documents and orders all non-privileged materials produced within (20) days of this

4   Order. In the alternative, MGA Mexico may specifically identify by bates number

5   the "millions" of documents it claims to have already produced.

### 3.   The Format Of The Motion To Compel Is Inadequate To Permit An Efficient Analysis Of The Remaining 256 Document Requests

9   In Order No. 3, I overruled an objection arguing that Mattel's motion to

10   compel documents from several non-parties should be denied because it filed a

11   separate statement that may have included duplicative arguments. (Order No. 3, pp.

12   9 – 10). In so doing, I explained that "where there are numerous discovery requests

13   in dispute [I] would prefer for a separate statement to be submitted by the moving

14   party." (*Id.*, p. 10 fn. 10).

15   With respect to the Motion to Compel, there are 256 document requests at

16   issue to which MGA Mexico has not agreed to produce any responsive documents.

17   (Searcy Decl., Ex. 2 [Responses to Request Nos. 1 – 148], Ex. 4 [Responses to

18   Request Nos. 9 – 12, 23, 24, 36 – 41, 46 – 53, 59, 60, 62 – 70, 86 – 88, 97 – 100,

19   105, 107 – 116, 148 – 150, 168 – 173, 176, 180, 193, 200, 220, 223 – 226, 249 –

20   252, 269 – 276, 300, 301, 317 – 328, 343, 344, 386, 398, 399, 411, and 418 – 420],

21   and Ex. 6 [Responses to Request Nos. 1 – 6). Mattel also acknowledges—as it

---

[5] MGA Mexico's refusal to identify the documents it purportedly produced is likewise not excused because other MGA Parties may have produced documents. MGA Mexico and MGA are separate defendants with independent obligations to respond to discovery. (Fed. R. Civ. P. 34). While MGA Mexico argues that compelling discovery from it is unnecessary and duplicative because MGA has already responded to similar document requests, (Opposition to Motion to Compel, p. 5), discovery requests that are similar may nonetheless lead to the discovery of different information because documents "actually maintained in the files of each entity may not be identical." (*See, e.g., Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 697 (D.Nev. 1994). Furthermore, Mattel is entitled to have MGA Mexico produce documents for purposes of authentication and because MGA Mexico's possession of particular documents is at issue. Indeed, Mattel has alleged that MGA Mexico persuaded Mattel employees to steal confidential information so that it could unfairly compete with Mattel. Therefore, MGA Mexico's possession of Mattel's information is a relevant fact and discoverable.

EXHIBIT __18__
PAGE __140__

1   must—that MGA Mexico has asserted a litany of objections to every single request.

2   (Motion to Compel, p. 6 fn. 14).  Nevertheless, Mattel declined to file a separate

3   statement in support of its Motion to Compel because it thought a separate

4   statement "would not aid the Discovery Master in the resolution of this Motion

5   since it would consist of lengthy, unhelpful repetitions of the same MGA Mexico

6   objections over and over again." (*Id.*).

7       I disagree.  Given the voluminous nature of the document requests at issue,

8   the individual requests and responses must be submitted in a format that permits me

9   to review them side by side in a single document along with the parties' respective

10  positions.

11      In addition to failing to provide the necessary information in a usable format,

12  Mattel has not demonstrated how each of the document requests at issue is relevant

13  to a Phase 2 issue. (*See Bryant v. Ochoa*, 2009 WL 1390794 at *1 (S.D.Cal. 2009)

14  ["The party seeking to compel discovery has the burden of establishing that its

15  request satisfies the relevancy requirements of Rule 26(b)(1). . . . Thereafter, the

16  party opposing the discovery has the burden of showing that the discovery should

17  be prohibited, and the burden of clarifying, explaining or supporting its

18  objections."]).  To the contrary, it has grouped its requests into categories and

19  broadly alleged that they relate to general issues in this case, including claiming

20  that 420 requests relate to MGA Mexico's affirmative defense of unclean hands.

21  (Motion to Compel, pp. 18 – 31).

22      Because it is Mattel's burden to apprise me of the issues in dispute and

23  demonstrate why the documents it seeks to compel are reasonably calculated to lead

24  to the discovery of admissible evidence, I find that the Motion to Compel is

25  procedurally defective at this time with respect to the remaining 256 document

26  requests and, therefore, deny it without prejudice.

27  //

28  //

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT __16__
PAGE __141__

- 11 -

1

####           4.       The Parties Are Ordered To Meet And Confer In Person

2                        Regarding The 256 Document Requests And Submit A Joint

3                        Statement Concerning Any Issues That Cannot Be Resolved

4              Prior to the filing of any subsequent motion addressing the 256 document

5      requests, Mattel and MGA Mexico shall comply with Local Rule 37-1 (as modified

6      herein). Specifically, counsel for the parties (who possess authority to enter into

7      discovery agreements on behalf of their clients) shall meet and confer *in person* in a

8      good faith effort to eliminate the necessity for hearing the motion or to eliminate as

9      many of the disputes as possible. This conference shall take place at a mutually

10     convenient time within five (5) calendar days after Mattel serves a letter requesting

11     such conference on MGA Mexico's counsel.

12             If the parties are unable to settle their differences at the aforementioned

13     conference, they shall formulate a joint statement. The statement shall contain all

14     issues in dispute and, with respect to each such issue, the contentions and points

15     and authorities of each party. The statement shall not refer the Discovery Master to

16     any other documents. The specification of the issues in dispute, and the parties'

17     contentions and points and authorities with respect to such issues, may be preceded

18     by an introductory statement from each party, provided that no party's introductory

19     statement shall exceed twenty-five (25) pages in length. When a party states its

20     contentions with respect to a particular issue, such party shall also state how it

21     proposed to resolve the dispute over that issue at the conference of counsel. The

22     stipulation should present the disputed issues as concisely as the subject matter

23     permits and should be accompanied by an indexed table of contents setting forth the

24     headings or subheadings contained in the body thereof, but need not be

25     accompanied by a table of authorities.

26             Following the conference of counsel, counsel for Mattel shall personally

27     deliver, e-mail or fax to counsel for MGA Mexico Mattel's portion of the statement,

28     together with all declarations and exhibits to be offered in support of its position.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 12 -

ORDER NO. 52
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT __18__
PAGE __142__

1    Within fourteen (14) days, counsel for MGA Mexico shall personally deliver, e-

2    mail, or fax to counsel for Mattel MGA Mexico's portion of the stipulation,

3    together with all declarations and exhibits to be offered in support of its position.

4    After MGA Mexico's papers are added to the stipulation, it can be filed.

5        **E.**   **Summary Of Ruling Regarding The Motion To Compel**

6        The Discovery Master grants the Motion to Compel in part and orders MGA

7    Mexico to produce all non-privileged documents responsive to the 318 requests for

8    production for which it previously stated it would produce responsive materials

9    along with a privilege log. The Discovery Master denies the Motion to Compel

10   without prejudice regarding the remaining 256 document requests, instructs the

11   parties to meet and confer in person to determine if any issues can be eliminated

12   regarding any subsequent motion involving the 256 requests, and orders the parties

13   to submit a joint stipulation in the event their differences cannot be resolved.

14       **F.**   **The Parties' Respective Requests For Sanctions**

15       Both parties contend that they are entitled to sanctions. (Motion to Compel,

16   pp. 31 and 32; Opposition to Motion to Compel, pp. 17 and 18). However, each

17   side advanced some meritorious arguments and partially prevailed in connection

18   with the Motion to Compel. Accordingly, the Discovery Master concludes that an

19   award of sanctions against either side is inappropriate.

20   **II.**   **SECOND MOTION TO COMPEL**

21       **A.**   **Factual Background**

22           **1.**   **Mattel Serves Its First Set Of Phase 2 Requests, And MGA**

23               **Mexico Responds By Objecting To All Categories**

24       On April 16, 2009, Mattel served its First Set of Requests for Documents

25   (Phase 2) on MGA Mexico (the "Requests"). (Declaration of Marshall M. Searcy

26   III in Support of Mattel, Inc.'s Motion to Compel Production of Documents and

27   Things in Response to Mattel's 1st Set of (Phase 2) RFPs to MGA Mexico

28   ("Second Searcy Decl."), Ex. 4). The Requests consist of 83 categories seeking,

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ORDER NO. 52
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT __18__

PAGE ___143___

Case 2:04-cv-09049-DOC-RNB   Document 6988-7   Filed 10/20/09   Page 16 of 37   Page ID
#:236624
Case 2:04-cv-09049-SGL-RNB      Document 6437      Filed 08/26/2009      Page 15 of 36

1    among other things, documents concerning the involvement of Marianna Trueba

2    and Pablo Vargas ("Trueba and Vargas") in almost every aspect of the operation of

3    MGA Mexico.

4         MGA Mexico responded to the Requests on May 18, 2009. The responses

5    consisted entirely of objections and did not state that MGA Mexico would produce

6    documents in response to any of the 83 categories. Among other things, MGA

7    Mexico objected that the requests were overly broad and unduly burdensome on the

8    grounds "that the post-March 1, 2007 time period is beyond the scope of Mattel's

9    Second Amended Answer and Counterclaims and is irrelevant to this action." (*See,*

10   *e.g.*, Second Searcy Decl., Ex. 5 [Response to Request Nos. 1 – 47]). MGA

11   Mexico also objected that the requests were duplicative of prior requests (but did

12   not identify the supposedly duplicative requests), sought trade secret information,

13   and "violate[d] the privacy rights of third parties to their confidential, proprietary or

14   trade secret information." (*Id.* [Response to Request Nos. 1 – 83]).

15                    **2.      The Meet And Confer Process**

16        On June 18, 2009, counsel for Mattel wrote to MGA Mexico to request a

17   meet and confer regarding the objections and Mattel's anticipated motion to compel

18   ("June 18, 2009 Letter"). (Second Searcy Decl., Ex. 6).

19        According to Mattel, the Requests relating to Trueba and Vargas are proper

20   because MGA Mexico had placed "at issue their duties, responsibilities and roles

21   for MGA Mexico" by claiming that they "are . . . low-level employees without

22   meaningful responsibility." (*Id.* at p. 1). Mattel asserted that the documents sought

23   could enable Mattel to rebut that claim. Mattel also argued that the documents

24   sought bear on the issue of whether Vargas and Trueba's actions could be imputed

25   to MGA Mexico. (*Id.* at pp. 1 and 2).

26        With respect to the Requests involving MGA Mexico's communications with

27   law enforcement officials, Mattel noted that MGA Mexico had successfully sought

28   an order compelling such documents from Mattel. Consequently Mattel should be

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 14 -

ORDER NO. 52
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___16___
PAGE ___144___

Case 2:04-cv-09049-DOC-RNB   Document 6988-7   Filed 10/20/09   Page 17 of 37   Page ID
#:236625
Case 2:04-cv-09049-SGL-RNB      Document 6437      Filed 08/26/2009      Page 16 of 36

1    able to obtain any such documents in MGA Mexico's possession. (*Id.* at p. 2).

2    With respect to information relating to MGA Mexico's trade secrets and contracts

3    between it and third parties which were negotiated by Trueba and Vargas, Mattel

4    asserted that any privacy concerns are obviated by the existence of the Protective

5    Order. (*Id.*)  Mattel did not offer any discussion of specific Requests in its June 18,

6    2009 Letter.

7       Before MGA Mexico responded to the June 18, 2009 letter, counsel for

8    Mattel wrote a follow up letter asking for "available dates for a meet and confer."

9    (Second Searcy Decl., Ex. 7).

10       The next day (i.e., June 25, 2009), MGA Mexico responded ("June 25, 2009

11    Letter"). It began by asserting that 43 of the Requests (i.e., Request Nos. 1 – 21, 24

12    – 26, 29 – 32, 37, 39 – 50, 55 and 56) "all purport to seek information to establish

13    that [Trueba and Vargas] are managing agents of MGA Mexico," which "is only

14    conceivably relevant to determine whether [they] may be compelled to attend

15    depositions based on mere notice." (Second Searcy Decl., Ex. 8 at p. 1). MGA

16    Mexico asserted that, given the rulings by the Court and the Discovery Master

17    adjudicating that issue, such Requests are moot. (*Id.*).

18       MGA Mexico next turned to a group of 14 Requests (Nos. 22, 23, 33 – 36,

19    57, 59, 61, 63, 65, 69, 77 and 78). Quoting four of those Requests (i.e., Nos. 36,

20    59, 77, and 78) MGA Mexico discussed each individually to illustrate its contention

21    that the entire group seeks information about MGA Mexico's internal policies with

22    respect to trade secrets, expenditures and other matters which, according to MGA

23    Mexico, "bear no relation" to the parties' claims and defenses. (*Id.* at pp. 1 and 2).

24       Lastly, MGA Mexico argued that seven of the requests (Request Nos. 22, 23,

25    57, 65, 69, 77, and 78) are overly broad. (*Id.* at pp. 2 and 3).

26       Despite the foregoing objections, MGA Mexico agreed to produce "all

27    relevant, non-privileged documents responsive to Request Nos. 27, 28, 38, 51 – 54,

28    58, 60, 62, 64, 66 – 68, 70 – 76, and 79 – 83. (*Id.* at p. 3). Among these are three

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

-15-

ORDER NO. 52
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT __18__
PAGE __145__

1   categories (Request Nos. 51 – 53) relating to the alleged theft of trade secrets and

2   criminal investigation arising therefrom. However, as of this date, MGA Mexico

3   has not produced any of the promised documents.

4       In the June 25, 2009 Letter, MGA Mexico's counsel also offered to meet the

5   next day to try to reach an agreement on these issues. (*Id.*). Mattel did not respond

6   to this offer.

7           **3.    Mattel Files The Second Motion To Compel**

8       On July 15, 2009, Mattel filed its Second Motion to Compel against MGA

9   Mexico. Mattel did not file a Separate Statement setting forth the individual

10  Requests and an explanation as to why each was appropriately tailored to seek

11  information relevant to Phase 2 issues. Nor did Mattel discuss the text of a single

12  one of the Requests in its motion. Instead, Mattel grouped the Requests in

13  categories and summarized the general subject matter of those categories, without

14  quoting any specific language actually contained in the Requests or linking that

15  language to Phase 2 issues.

16      With respect to the 26 Requests for which MGA Mexico agreed during the

17  meet and confer process to produce "relevant" documents, Mattel pointed out that

18  MGA Mexico has failed to produce a single page of these promised documents.

19  Mattel also argued that MGA Mexico's agreement to produce only documents

20  which it deems relevant is improper in that Mattel is entitled to all responsive

21  documents, not just those MGA Mexico cherry picks pursuant to its own

22  undisclosed, subjective criteria. (Second Motion to Compel, p. 22 and Reply in

23  Support of Second Motion to Compel, pp. 3 – 4).

24          **4.    MGA Mexico's Opposition To The Second Motion To**

25                  **Compel**

26      In its Opposition to the Second Motion to Compel, MGA Mexico argues that

27  Mattel failed to adequately meet and confer by, among other things, refusing to

28  clarify or narrow the scope of even a single one of the Requests. MGA Mexico also

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT ___18___

PAGE ___146___

- 16 -

ORDER NO. 52
[Case No. CV 04-09049 SGL (RNBx)]

Case 2:04-cv-09049-DOC-RNB   Document 6988-7   Filed 10/20/09   Page 19 of 37   Page ID
#:236627
Case 2:04-cv-09049-SGL-RNB      Document 6437      Filed 08/26/2009      Page 18 of 36

1  argues that Mattel ignored MGA Mexico's proposal to further meet and confer on

2  June 26, 2009 and instead rushed headlong into premature motion practice.

3  (Opposition to Second Motion to Compel, pp. 5 and 6).

4      With respect to the substance of the motion, MGA Mexico notes that Mattel

5  did not discuss the actual text of a single one of the Requests in its Second Motion

6  to Compel or supply the Discovery Master with a Separate Statement. MGA

7  Mexico then quotes and discusses several of the Requests to support its contention

8  that the Requests are overbroad and unduly burdensome. (*Id.*, pp. 6 – 13).

9  However, it did not support its claim of burden by providing any declaration

10  indicating that the Requests would, in practice, force MGA Mexico to review and

11  produce an unduly voluminous amount of documents.

12      **B.      The Relief Sought By the Parties**

13      Mattel seeks to compel immediate compliance with all 83 categories as

14  written, without narrowing, clarifying or qualifying the scope of any of them.

15  Mattel also seeks sanctions in the amount of $5,000, representing the attorneys'

16  fees incurred in preparing the Second Motion to Compel, but has not provided a

17  declaration attesting to the amount of fees incurred.

18      MGA Mexico claims that the Second Motion to Compel should be denied for

19  the reasons discussed above and seeks sanctions based on Mattel's alleged failure to

20  meet and confer in good faith. However, MGA Mexico has not specified the

21  amount of sanctions sought by it nor submitted a declaration attesting to the amount

22  of fees it incurred in opposing the Second Motion to Compel.

23      **C.      Analysis**

24          **1.      Neither Side Has Fulfilled Its Discovery Obligations**

25      As demonstrated by the facts set forth above, the parties have made virtually

26  no progress in narrowing – or even defining – their disputes in a manner that would

27  enable the Discovery Master to efficiently adjudicate the Second Motion to

28  Compel.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT __16__
PAGE ___147___

- 17 -

Case 2:04-cv-09049-DOC-RNB   Document 6988-7   Filed 10/20/09   Page 20 of 37   Page ID
#:236628
Case 2:04-cv-09049-SGL-RNB     Document 6437     Filed 08/26/2009     Page 19 of 36

1    As the moving party, Mattel bears the burden of: (1) demonstrating that it

2    has made a good faith attempt to resolve, or at least narrow, the dispute, and

3    (2) presenting the issues to the Discovery Master in a format that will enable me to

4    address the dispute in an orderly and efficient manner. Mattel has not sufficiently

5    accomplished either of these necessary prerequisites.

6    Mattel has also not sufficiently addressed the merits of MGA Mexico's

7    relevance objections. Moreover, while Mattel is correct that a Separate Statement

8    is not required with respect to every motion to compel filed in this matter, that fact

9    does not absolve the moving party from presenting the issues in *some* readily-

10   usable format. Nor does it conform with the pronouncement in Order No. 3,

11   indicating that "where there are numerous discovery requests in dispute [I] would

12   prefer for a separate statement to be submitted by the moving party." (Order No. 3,

13   p. 10 fn. 10).

14   Here, Mattel never discussed the actual language of a single one of the 83

15   Requests in its moving papers. Instead, Mattel opted to summarize the general

16   subject matter of groups of Requests. Such an approach is of very little use where,

17   as here, the responding party is objecting to the specific language of numerous

18   individual Requests.

19   For its part, MGA Mexico has failed to adequately respond to the Requests.

20   While many of the Requests may be overbroad, they clearly encompass some

21   relevant documents. Accordingly, MGA Mexico had the obligation to promptly

22   produce responsive documents which do relate to the parties' claims and defenses

23   (for instance, the law-enforcement related files sought in Requests 51 – 53). MGA

24   Mexico has failed to produce any such documents. Further, MGA Mexico has, as

25   more fully discussed below, taken the position that it is entitled to unilaterally

26   revise the scope of the Requests, without providing any basis for Mattel or the

27   Discovery Master to determine whether MGA Mexico's interpretation of the

28   subject Requests is appropriate.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT __18__
PAGE __148__

- 18 -

ORDER NO. 52
[Case No. CV 04-09049 SGL (RNBx)]

**2.      MGA Mexico Must Produce Documents Responsive To The**
**26 Categories Identified In Its June 25, 2009 Letter and**
**Must Serve Supplemental Responses Explaining How It**
**Determined "Relevance" As To Each Category**

MGA Mexico emphasizes that it has "offered" to produce documents "relevant" to 26 of the Requests. (Opposition to Second Motion to Compel, pp. 4 – 6). However, as explained in Section I.D.2 above, an offer is not compliance. MGA Mexico must promptly comply with its discovery obligations and produce documents it agreed to produce along with a privilege log.

Mattel argues that, even if MGA Mexico produces the subject documents, such production is inadequate because it has improperly qualified its statement of compliance. Specifically, in its June 25, 2009 letter, MGA Mexico agreed to produce "all *relevant*, non-privileged documents responsive to Request Nos. 27, 28, 38, 51 – 54, 58, 60, 62, 64, 66 – 68, 70 – 76, and 79 – 83." (Second Searcy Decl., Ex. 8 at p. 3 [emphasis added]). It did not, however, agree to produce all *responsive* and non-privileged documents to those requests, and did not give any explanation as to which documents it intended to withhold as not "relevant." As Mattel points out, this practice has already been rejected by the prior discovery master. Specifically, in 2007, MGA responded to Mattel documents requests by stating only that it would "produce relevant and responsive non-objectionable documents," and claimed that this response was sufficient. The prior discovery master ruled those responses were improper because "[t]hese restrictions suggest that MGA might be excluding documents that are responsive to the request based upon its unilateral determination of what is 'relevant' or sufficient.'" (Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses By MGA, dated May 15, 2007).

A party propounding discovery is entitled to a plain understanding of what is being produced, and what is not. A party may not make a vague statement that it is

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT __18__
PAGE __149__

- 19 -

ORDER NO. 52
[Case No. CV 04-09049 SGL (RNBx)]

Case 2:04-cv-09049-DOC-RNB   Document 6988-7   Filed 10/20/09   Page 22 of 37   Page ID
#:236630
Case 2:04-cv-09049-SGL-RNB   Document 6437   Filed 08/26/2009   Page 21 of 36

1    producing relevant documents – and withholding irrelevant ones – without any

2    indication of what documents it believes relevant or irrelevant. (*See Athridge v.*

3    *Aetna Cas. and Sur. Co.*, 184 F.R.D. 181, 190 (D.D.C. 1998) ["Asserting a

4    relevance objection, then proceeding to agree to produce 'relevant, non-privileged'

5    documents '[s]ubject to and without waiving' that objection, serves only to obscure

6    potentially discoverable information and provides no mechanism for either

7    plaintiffs or the Court to review defendant's decisions."]).

8         In light of this case law and the prior discovery master's May 15, 2007 order,

9    the Discovery Master agrees that allowing MGA Mexico to determine which

10   documents are "relevant" would permit MGA Mexico to produce only what it

11   wants to, and withhold anything it does not.  Normally, the appropriate remedy in

12   this situation would be to order the responding party to produce all *responsive*

13   documents.  However, given the fact that, as discussed more fully below, MGA

14   Mexico has made an initial showing that many of the Requests are overbroad, and

15   given Mattel's refusal to clarify, narrow, or even discuss the language of, any of the

16   Requests, the Discovery Master finds that the appropriate remedy at this time is to

17   compel only the production of the documents MGA Mexico has offered to produce,

18   subject to further production if and when Mattel demonstrates that such production

19   is warranted.

20        To enable Mattel to evaluate the sufficiency of MGA Mexico's production of

21   documents and determine whether further production is warranted, MGA Mexico

22   shall serve on Mattel supplemental verified responses to the 26 Requests identified

23   in MGA Mexico's June 25, 2009 letter (the "Supplemental Responses").  In each of

24   the Supplemental Responses, MGA Mexico shall: (a) explain in detail how it has

25   defined the scope of "relevant" documents being produced in response to the

26   particular Request; (b) cite any facts or allegations of the parties supporting its

27   definition of "relevance," (c) describe, in general terms, the types of documents

28   being produced pursuant to its definition of "relevance," and (d) describe the types

EXHIBIT   18
PAGE   150

1   of documents excluded from production pursuant to its definition of "relevance."

2   The description must be sufficient to enable Mattel and the Discovery Master to

3   evaluate whether the documents not produced may be discoverable and therefore

4   subject to a further motion to compel by Mattel.

5           **3.      The Parties Must Meet And Confer In Person Regarding**

6                   **Each Of The Requests And Then File A Joint Statement (In**

7                   **The Form Set Forth In Section I.D.4.) Addressing Each**

8                   **Disputed Request**

9           As noted above, Mattel has failed to address the specific language of any of

10  the Requests or to demonstrate how that language is tailored to the scope of the

11  allegations in the parties' pleadings.

12          Instead, Mattel argues that the "substance" of the Requests relate to

13  legitimate Phase 2 issues.  Because the Discovery Master requires the parties to

14  meet and confer further to, among other things, discuss the specific language of the

15  individual Requests, I do not address all of Mattel's arguments at this point.

16  However, by way of guidance, and in the hope of focusing the meet and confer

17  process, I take this opportunity to address the parties' chief point of disagreement

18  regarding the scope of the Requests.

19          According to Mattel, 58 of the Requests (Nos. 1 – 50, 55 – 58, 65, 70, 77 and

20  78) relate to the roles of Trueba and Vargas at MGA Mexico.  In its June 18, 2009

21  Letter, Mattel offered two rationales for the Requests involving Trueba and Vargas'

22  employment by MGA Mexico.  First, Mattel argued that the requested documents

23  are relevant to rebut MGA Mexico's assertion that Trueba and Vargas "are . . . low-

24  level employees without meaningful responsibility."  Mattel elaborated on this

25  point in its moving papers:

26              Documents relating to contracts negotiated, signed, or entered

27              into by Vargas and Trueba on behalf of MGA Mexico are

28              relevant to show (a) that [MGA Mexico] indeed authorized

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 21 -

ORDER NO. 52
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT __16__
PAGE __151__

1    Vargas and Trueba to bind it; and (b) exactly what MGA Mexico

2    operations are managed by Vargas and Trueba. . . . [T]he

3    documents may show that Vargas and Trueba are heavily

4    involved in or manage MGA Mexico operations that *specifically*

5    *relate to the trade secrets stolen from Mattel, including price lists*

6    *and costing information. . . . [S]uch facts . . . would be*

7    *circumstantial evidence that MGA Mexico used Mattel's trade*

8    *secrets stolen by Vargas and Trueba.*

9    (Second Motion to Compel, pp. 12 – 13 [emphasis added]).

10        Second, Mattel argued that the requested documents are relevant to show

11    whether Vargas and Trueba's actions can be imputed to MGA Mexico.  In its

12    moving papers, Mattel explains this point as follows:

13        Such documents are central to establishing Vargas' and Trueba's

14        role at MGA Mexico, and hence relevant to show that their acts

15        are imputable to [it] and that defendants are liable for punitive

16        damages. ... [¶].  MGA Mexico has repeatedly attempted to

17        minimize its own role in the wrongdoing by Vargas and Trueba,

18        representing without evidence or detail that they were mere mid-

19        level employees without significant responsibility or authority.

20        According to MGA Mexico, they stole Mattel's trade secrets on

21        their own, and without MGA Mexico's knowledge.

22    (*Id.*, p. 11).

23        Neither during the meet and confer process nor in its briefs does Mattel

24    provide support for its first rationale for production.  Specifically, Mattel has not

25    addressed MGA Mexico's objection on the ground that all of the Requests

26    specifying the post-March 1, 2007 time period are beyond the scope of the

27    pleadings.  Although Mattel argues that these issues have been properly raised in

28    Mattel's Third Amended Answer and Counterclaims dated May 22, 2009

EXHIBIT __18__

PAGE __152__

- 22 -

ORDER NO. 52
[Case No. CV 04-09049 SGL (RNBx)]

1   ("TAAC") (*id.*, pp. 15 – 16), the three paragraphs of the TAAC cited by Mattel do

2   not support Mattel's assertion that the TAAC alleges that "Vargas and Trueba have

3   used and continue to use their positions to exploit Mattel's trade secrets up to and

4   through the present," (*id.*, p. 16). In fact, only one of the three passages (all of

5   which are from Mattel's RICO counterclaim), even mentions Trueba and Vargas

6   (*see* TAAC, ¶ 134) and that one allegation does not allege any specific acts by them

7   other than being "employed by and associated in fact with" an alleged criminal

8   enterprise.

9        The other portions of the TAAC cited by Mattel do contain some specific

10   allegations regarding Trueba and Vargas, but those passages all allege conduct

11   occurring in 2004.[6] Moreover, those passages specifically involve the theft of trade

12   secrets relating to 2003 and 2004 data (*see, e.g.,* TAAC, ¶ 55 [referring to

13   "marketing projections[,] documents analyzing changes in sales performance from

14   2003 to 2004[,] budgets for advertising and promotional expenses," and so forth]).

15   Mattel does not point to any allegation in the TAAC that suggests that Trueba and

16   Vargas had access to or stole Mattel trade secrets any time after 2004.

17        In short, Mattel does not link these allegations to the specific language of the

18   Requests seeking documents for the time period after March 1, 2007. Further,

19   Mattel does not explain how Trueba and Vargas' responsibilities and functions after

20   March 1, 2007 relate to the quoted allegations of the TAAC or constitute

21   "circumstantial evidence that MGA Mexico used Mattel's [2004] trade secrets

22   stolen by Vargas and Trueba." (Second Motion to Compel, p. 16).

23        Likewise, with respect to Mattel's second argument (i.e., that the Requests

24   relate to Trueba and Vargas' status as "managing agents" and may therefore

25   support imputing their conduct to MGA Mexico for purposes of punitive damages),

26   Mattel does not respond to MGA Mexico's contention that the information sought

27

28   [6] The one allegation that mentions 2006 in Paragraph 50 of the TAAC appears from the context to be a typographical
     error intended to refer to 2004.

EXHIBIT   18
PAGE      153

Case 2:04-cv-09049-DOC-RNB   Document 6988-7   Filed 10/20/09   Page 26 of 37   Page ID
#:236634
Case 2:04-cv-09049-SGL-RNB   Document 6437   Filed 08/26/2009   Page 25 of 36

1   by specific Requests is largely outside the scope of the legal elements comprising

2   the definition of "managing agent." (Opposition to Second Motion to Compel, p. 9).

3   Throughout the meet and confer process, and in its briefs, Mattel has remained

4   silent as to how the specific language of these 58 Requests (Nos. 1 – 50, 55 – 58,

5   65, 70, 77 and 78) relates to the "managing agent" status of Trueba and Vargas *at

6   the time* they committed the alleged conduct which Mattel seeks to impute to MGA

7   Mexico.

8        Rather than deny the Second Motion to Compel responses to these Requests

9   outright, the Discovery Master will give Mattel an opportunity to resume the meet

10  and confer process to address these issues.  Specifically, Mattel and MGA Mexico

11  are ordered to meet and confer in person to discuss the specific language of the

12  Requests for the purpose of determining whether that language can be clarified or

13  narrowed in a manner that would result in a mutually agreeable production of

14  responsive documents by MGA Mexico.

15       **D.    Summary Of Ruling Regarding The Second Motion To Compel**

16       The Discovery Master grants the Second Motion to Compel in part and

17  orders MGA Mexico to produce responsive documents to Request Nos. 27, 28, 38,

18  51 – 54, 58, 60, 62, 64, 66 – 68, 70 – 76, and 79 – 83, and (b) serve verified

19  Supplemental Responses for each of these 26 requests that (1) explain in detail how

20  it has defined the scope of "relevant" documents being produced in response to the

21  particular Request; (2) cite any facts or allegations of the parties supporting its'

22  definition of "relevance," (3) describe, in general terms, the types of documents

23  being produced pursuant to its definition of "relevance;" and (4) describe the types

24  of documents excluded from production pursuant to its definition of "relevance."

25  The Discovery Master denies the Second Motion to Compel without prejudice in all

26  other respects, instructs the parties to meet and confer in person to determine if any

27  issues can be eliminated regarding any subsequent motion involving the Requests,

28  and orders the parties to submit a joint statement in the event their differences

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

-24-

ORDER NO. 52
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT  15
PAGE  54

1    cannot be resolved.

2    **E.    Neither Party Is Entitled To Sanctions At This Time**

3         Because both sides have failed to comply with their discovery obligations as

4    described above, the Discovery Master concludes that sanctions are not appropriate

5    at this time.  However, in the event that Mattel renews any aspect of its Second

6    Motion to Compel after receiving the Supplemental Responses and production of

7    documents, either side may request sanctions so long as the request is supported by

8    a declaration setting forth the factual basis therefor, including the fees incurred in

9    making or opposing any further motion.

10   **III.   LETTER OF REQUEST MOTION**

11   **A.    Factual Background**

12   **1.    The Proposed Deponents' Background And Nature of**

13   **Examination Sought**

14        In its Letter of Request Motion, Mattel seeks to depose two witnesses, Pablo

15   Vargas San Jose ("Mr. Vargas") and Mariana Trueba Almada ("Ms. Trueba")

16   (collectively, the "Witnesses").  The Witnesses are former employees of Mattel and

17   are or were employees of MGA Mexico.[7]  Mattel alleges in its TAAC that the

18   Witnesses were induced by MGA and Isaac Larian to resign from their positions at

19   Mattel, steal Mattel's trade secrets and confidential business planning materials,

20   and provide Mattel's stolen information to MGA.  (*See* Mattel's Third Amended

21   Answer and Counterclaims, ¶¶ 44 – 60).

22   **2.    Procedural History**

23        Mattel previously sought to depose the Witnesses as managing agents by

24   noticing their depositions pursuant to Federal Rule of Civil Procedure 30(b)(1).  In

25

26   ⁷ Mattel frames its Letter of Request Motion as if the Witnesses are current employees of MGA Mexico. (*See* Letter
     of Request Motion, p. 6).  MGA, in contrast, states without elaboration that the individuals "are no longer employed
27   by MGA [Mexico]." (*See* MGA's Non-Opposition to Letter of Request Motion, p. 2).  There is no dispute, however,
     that both individuals were employed by MGA Mexico subsequent to their employment by Mattel and remained as
28   MGA Mexico employees for some significant period, including times relevant to the claims made in this action.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 25 -

ORDER NO. 52
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT   18
PAGE   155

Case 2:04-cv-09049-DOC-RNB   Document 6988-7   Filed 10/20/09   Page 28 of 37   Page ID
#:236636
Case 2:04-cv-09049-SGL-RNB       Document 6437       Filed 08/26/2009       Page 27 of 36

1    response, MGA and its affiliated parties to this action, including MGA Mexico

2    (collectively, the "MGA Defendants"), objected to the deposition notices asserting

3    that neither Mr. Vargas nor Ms. Trueba was an officer, director or managing agent

4    of the MGA Defendants and therefore Mattel's deposition notices were insufficient

5    to command the appearance of the requested deponents.

6         On February 9, 2009, Mattel filed a motion to compel the depositions of the

7    Witnesses ("Motion to Compel Depositions"). (*See* Declaration of Marshall M.

8    Searcy in Support of Mattel, Inc.'s Motion for Issuance of Letters of Request for

9    Vargas and Trueba, Ex. 3).  The MGA Defendants opposed the Motion to Compel

10   Depositions on February 13, 2009. (*Id.*, Ex. 4).

11        On March 31, 2009, I issued Amended Order No. 11 denying Mattel's

12   Motion to Compel Depositions on the ground that the evidence presented was

13   insufficient to allow me to determine that either Mr. Vargas or Ms. Trueba was a

14   managing agent of the MGA Defendants  (Amended Order No. 11, pp. 26 – 36).  In

15   Amended Order No. 11, I also expressly noted that

16        it is clear to the Discovery Master that the Witnesses have information

17        relating to several Phase 2 issues and that Mattel is entitled to take their

18        depositions.  Accordingly, Mattel may promptly prepare letters rogatory and

19        submit them to the Discovery Master, who will see that the letters rogatory

20        are expeditiously issued by the Court.

21   (*Id.*, p. 36).

22        On April 13, 2009, Mattel filed a motion objecting to the portions of

23   Amended Order No. 11 relating to the Witnesses ("Appeal"). (*See* Mattel's Motion

24   Objecting to Portions of Discovery Master Order No. 11 dated April 13, 2009).  On

25   May 21, 2009, the Court denied Mattel's Appeal.  Mattel then filed the instant

26   Letter of Request Motion on July 22, 2009.

27   //

28   //

EXHIBIT  18
PAGE    156

1      **B.**    **The Relief Sought By Mattel**

2      Mattel requests that I issue an order recommending that the Court execute a

3 letter of request for international judicial assistance. Specifically, Mattel seeks a

4 letter of request "for the purpose of taking the deposition under oath of Pablo

5 Vargas San Jose and Mariana Trueba Almada in Mexico City, Mexico." (Letter of

6 Request Motion, p.1). A Proposed Letter of Request for Judicial Assistance was

7 submitted by Mattel along with its Letter of Request Motion ("Mattel's Proposed

8 Letter of Request").

9      **C.**    **MGA's Non-Opposition And Request For Amendment Of Mattel's**

10           **Proposed Letter Of Request To Add An Additional Topic**

11      In its Opposition, MGA concedes that it does not oppose issuance of Mattel's

12 Proposed Letter of Request. (*See* MGA's Non-Opposition to the Letter of Request

13 Motion And Request For Amendment, p. 1). MGA requests, however, that an

14 additional topic be added to Mattel's Proposed Letter of Request to allow for

15 questioning of the Witnesses by MGA on MGA's claims and defenses against

16 Mattel. (*Id.*, pp.1 – 2). Specifically, MGA seeks to depose the Witnesses on

17 "Mattel's tortious, unfair, and anti-competitive practices to banish MGA from the

18 market as described in MGA's complaint against Mattel." (*Id.*, p. 1). MGA also

19 requests that the Court extend the seven hour limit for each of the requested

20 depositions to allow for questioning by MGA. (*Id.*, p. 2).

21      **D.**    **Mattel's Reply Brief**

22      In its Reply, Mattel claims that MGA's request to amend Mattel's Proposed

23 Letter of Request is inappropriate for three reasons. First, Mattel argues that the

24 additional topic is vague and could delay approval of Mattel's Proposed Letter of

25 Request. (Reply in Support of Letter of Request Motion, p. 1). Second, Mattel

26 argues that if MGA wishes to depose the Witnesses, the depositions should count

27 toward their Phase 2 deposition limits. (*Id.*, p. 2). Finally, Mattel argues that the

28 request to extend the length of the depositions for questioning by MGA is

EXHIBIT ___18___
PAGE ___157___

1    inappropriate because it assumes that the depositions are governed by the Federal

2    Rules of Civil Procedure when, in reality, the deposition procedure will be

3    determined by the Mexican judicial authorities.  (*Id.*).

4       **E.      MGA's Supplemental Declaration And Mattel's Objections**

5            **Thereto**

6            Nearly three weeks after MGA filed its Opposition and two weeks after

7    Mattel filed its Reply, MGA filed a supplemental declaration that attached a revised

8    version of the proposed letter of request ("MGA's Proposed Letter of Request").

9    (*See* Declaration of William A. Molinski in Response to Motion for Issuance of

10   Letters of Request for Vargas and Trueba And Request for Amendment of Letters

11   dated August 17, 2009 ("Molinski Decl."), ¶ 4 and Ex. A).  MGA's Proposed Letter

12   of Request modifies Mattel's Proposed Letter of Request in a variety of ways,

13   including by deleting information, adding information and inserting new topics that

14   were never discussed in MGA's Opposition.  (*Id.*).

15           Mattel objects to the supplemental declaration on at least seven grounds.

16   (*See* Mattel's Objections to the Supplemental Declaration of William A. Molinski

17   in Response to Motion for Issuance of Letters of Request for Vargas and Trueba

18   and Request for Amendment of Letters dated August 18, 2009, pp. 1 – 5).  First, it

19   argues that MGA has not filed any motion seeking the issuance of a letter of

20   request.  (*Id.*, p. 1).  Second, it argues that MGA's request to add additional topics

21   (other than the one identified in its Opposition) or otherwise modify Mattel's

22   Proposed Letter of Request is untimely and has been waived.  (*Id.*, pp. 1 and 2).

23   Third, it argues that the supplemental declaration is an improper sur-reply.  (*Id.*, p.

24   2).  Fourth, it argues that MGA's Proposed Letter of Request is inconsistent with

25   prior orders.  (*Id.*).  Fifth, it argues that MGA's Proposed Letter of Request is

26   argumentative and the Discovery Master should not permit potentially unacceptable

27   topics to infect Mattel's Proposed Letter of Request.  (*Id.*, p. 3).  Sixth, it argues

28   that MGA's Proposed Letter of Request improperly requires Mattel to pay for the

EXHIBIT  16
PAGE  158

Case 2:04-cv-09049-DOC-RNB   Document 6988-7   Filed 10/20/09   Page 31 of 37   Page ID
#:236639
Case 2:04-cv-09049-SGL-RNB     Document 6437     Filed 08/26/2009     Page 30 of 36

1    entirety of the deposition costs. (*Id.*, pp. 3 and 4). Finally, it argues that MGA's

2    Proposed Letter of Request should not delay the issuance of Mattel's Proposed

3    Letter of Request. (*Id.*, pp. 4 and 5).

4        **F.**   **Analysis**

5            **1.**    **Legal Standard**

6        Federal Rule of Civil Procedure 28(b)(1) permits a "deposition [to] be taken

7    in a foreign country . . . under a letter of request, whether or not captioned a 'letter

8    rogatory.'" Rule 28 further provides for the issuance of a letter of request "on

9    appropriate terms after an application and notice of it . . ." (Fed. R. Civ. P.

10    28(b)(2)).

11            **2.**    **Mattel's Proposed Letter Of Request Asks That All Parties**

12                    **Be Allowed To Fully Examine And Cross-Examine The**

13                    **Witnesses On The Subject Matter Of This Case**

14        In its Proposed Letter of Request, Mattel seeks to depose Mr. Vargas and Ms.

15    Trueba "as to their knowledge of the facts which are relevant to the claims and

16    defenses of these consolidated cases." (*See* Mattel's Proposed Letter of Request, p.

17    10:19-20). It further asks the Mexican judicial authorities to permit "Mr. Vargas

18    and Ms. Trueba to be examined under oath by counsel for all parties in this matter,

19    allowing full examination and cross-examination on the subject matter of this case,

20    including the topics delineated in Schedules B and C to this Letter of Request."

21    (*Id.*, p. 13:24-27). The depositions sought by the Letter of Request Motion are,

22    therefore, within the scope of permissible discovery for Phase 2 because Federal

23    Rule of Civil Procedure 26 allows litigants to "obtain discovery regarding any

24    matter, not privileged, that is relevant to the claim or defense of any party."

25    (Fed.R.Civ.P. 26(b)(1)).

26    //

27    //

28    //

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

-29-

ORDER NO. 52
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT __18__
PAGE __159__

Case 2:04-cv-09049-DOC-RNB   Document 6988-7   Filed 10/20/09   Page 32 of 37   Page ID
#:236640
Case 2:04-cv-09049-SGL-RNB      Document 6437      Filed 08/26/2009      Page 31 of 36

1
2

### 3.    MGA Concedes Mattel's Proposed Letter of Request Is
### Proper

3      In its Opposition, MGA does not question the authority of the Court to issue

4   Mattel's Proposed Letter of Request under Rule 28, and concedes the depositions of

5   Mr. Vargas and Ms. Trueba are each proper under the circumstance of this case.

6   Nor does MGA oppose the form of Mattel's Proposed Letter of Request, other than

7   to request the addition of one topic.  In fact, MGA's Opposition is captioned "Non-

8   Opposition To Mattel's Motion for Issuance of Letters of Request for Vargas and

9   Trueba and Request for Amendment of Letters."  (*See* caption page to MGA's Non-

10   Opposition to the Letter of Request Motion and Request For Amendment).  The

11   Opposition further expressly states that MGA "does not oppose Mattel's Motion for

12   Issuance of Letters of Request for Vargas and Trueba" so long as "an additional

13   topic [is] added to the Letters to allow for questioning by MGA on MGA's claims

14   and defenses against Mattel" and MGA is provided time to conduct "its own

15   examination" of the Witnesses.  (*Id.*, pp. 1 and 2).  Therefore, the only issues left to

16   be decided are (1) whether the additional topic requested by MGA should be added

17   to Mattel's Proposed Letter of Request and (2) if the time limit for the depositions

18   should be extended.

19      The supplemental declaration filed by MGA on August 17, 2009 does not

20   alter this conclusion.  While MGA claims that its "Non-Opposition" to the Letter of

21   Request Motion objected to "the one-sided Letters of Request that Mattel sought to

22   have issued," (Molinski Decl., ¶ 2), and that the supplemental declaration merely

23   "responds to new arguments raised in Mattel's Reply," (*see* email from William

24   Molinski to Robert O'Brien dated August 17, 2009 at 4:36 p.m.), the modifications

25   MGA proposes by way of its supplemental declaration to Mattel's Proposed Letter

26   of Request were never raised in MGA's Opposition.  In fact, they are contrary to

27   MGA's express statement in its Opposition that it "does not oppose Mattel's

28   Motion for Issuance of Letters of Request for Vargas and Trueba" except for

EXHIBIT __18__
PAGE __160__

1    requesting the addition of one topic. (*See* MGA's Non-Opposition to the Letter of
2    Request Motion And Request For Amendment, pp. 1 – 2). The supplemental
3    declaration further does not relate to any new arguments raised by Mattel in its
4    Reply. Accordingly, the Discovery Master finds that the arguments set forth in the
5    supplemental declaration are inconsistent with MGA's position in its Opposition,
6    have been waived, are untimely and constitute an improper sur-reply. (*See, e.g.,*
7    *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir.
8    1992) [objections waived when not made in opposition to motion to compel];
9    *Diapulse Corp. of America v. Curtis Publishing Co.*, 374 F.2d 442, 445 (2d Cir.
10   1967) [arguments not raised in initial opposition to motion to compel were "clearly
11   afterthoughts" and were waived]). The Discovery Master, therefore, declines to
12   consider them in connection with this motion.

13           **4.       MGA's Proposed Additional Topic Is Already Encompassed**
14                        **Within The Scope Of Mattel's Proposed Letter Of Request**

15          As for the issues MGA did raise in its Opposition, MGA first requests that an
16   additional topic be added to Mattel's Proposed Letter of Request to allow for
17   questioning of the Witnesses by MGA on MGA's claims and defenses against
18   Mattel. (*See* MGA's Non-Opposition to the Letter of Request Motion And Request
19   For Amendment, p. 1). Specifically, MGA proposes the following additional topic:
20   "Mattel's tortious, unfair and anti-competitive practices to banish MGA from the
21   market as described in MGA's complaint against Mattel." (*Id.*).

22          Mattel claims that this requested topic is vague and that inserting it into
23   Mattel's Proposed Letter of Request may provide grounds for the Mexican judicial
24   authorities or the Witnesses to object to Mattel's Proposed Letter of Request.
25   (Reply in Support of Letter of Request Motion, p. 1). However, this argument is
26   unavailing, since Mattel's Proposed Letter of Request already encompasses this
27   topic and more. Indeed, notwithstanding certain statements that the deposition will
28   be limited to the topics set forth in Schedules B and C, (*see, e.g.,* Mattel's Proposed

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 31 -                                        ORDER NO. 52
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT   18
PAGE   101

1   Letter of Request, pp. 10, 12 and 15), Mattel's Proposed Letter of Request

2   explicitly asks the Mexican judicial authorities on page 13 to "permit Mr. Vargas

3   and Ms. Trueba to be examined under oath by counsel for all parties in this matter,

4   allowing full examination and cross-examination on the *subject matter of this case*,

5   including the topics delineated in Schedules B and C to this Letter of Request."

6   (*See* Mattel's Proposed Letter of Request, p. 13:24-27 [emphasis added]).

7   Similarly, on page 10 of Mattel's Proposed Letter of Request, Mattel states that it

8   will "further the interests of justice" if Mr. Vargas and Ms. Trueba "are examined,

9   under oath, as to their knowledge of the facts which are relevant to the *claims and*

10  *defenses of these consolidated cases*." (*Id.* at p. 10:18-20).  Given that Mattel's

11  Proposed Letter of Request already seeks permission for "all parties" to fully

12  examine the Witnesses as to the entire "subject matter of this case," including the

13  parties' "claims and defenses of these consolidated cases," the topic proposed by

14  MGA is squarely within the areas of examination already requested by Mattel.[8]

15  Accordingly, it is not necessary to add the additional topic requested by MGA in its

16  Opposition to Mattel's Proposed Letter of Request.[9]

17          **5.      MGA's Request For An Extension Of Time Is Also**

18                  **Unnecessary Given The Language Of Mattel's Proposed**

19                  **Letter Of Request**

20          MGA's request that the seven-hour time limit imposed by the Federal Rules

21  of Civil Procedure be extended for the depositions of Mr. Vargas and Ms. Trueba is

22  likewise unnecessary in light of the language of Mattel's Proposed Letter of

23

24  [8] Mattel itself references MGA's claims in Mattel's Proposed Letter of Request, noting that MGA filed a case against
    Mattel "alleging trade dress infringement, delusion (sic) and unfair competition," and alleging that the witnesses have
25  information relevant to "Mattel's defense against MGA's unfair competition claims . . ." (Mattel's Proposed Letter of
    Request, pp. 5 and 10).
26
    [9] In the event MGA wants its additional topic to proceed on a separate track or is concerned that the Mexican judicial
27  authorities or the Court might not enforce a sufficiently broad reading of Mattel's request that the examination
    include the entire "subject matter of this case," MGA has the option of filing a separate letter of request motion of its
28  own, specifying any area of examination it seeks.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 32 -

ORDER NO. 52
[Case No. CV 04-09049 SGL (RNBx)]


EXHIBIT ___8___
PAGE ___162___

1    Request. Mattel has requested that the Mexican judicial authorities "permit Mr.

2    Vargas and Ms. Trueba to be examined under oath *by counsel for all parties* in this

3    matter, *allowing full examination and cross-examination* on the subject matter of

4    this case . . ." (*See* Mattel's Proposed Letter of Request, p. 13:24-26 [emphasis

5    added]). Mattel's Proposed Letter of Request further requests that the Witnesses'

6    examinations "continue day to day until completion and conducted in accordance

7    with the Federal Rules of Civil Procedure or as permitted by [the Mexican judicial

8    authorities]." (*Id.*, p. 13:15-17). The plain language of Mattel's Proposed Letter of

9    Request, therefore, already entitles MGA to a full and fair cross-examination of the

10   Witnesses continuing day to day until completion. Consequently, it is not

11   necessary to amend Mattel's Proposed Letter of Request regarding the duration of

12   the deposition.[10]

13          **G.       Summary of Discovery Master's Findings Regarding The Letter**

14                     **Of Request Motion**

15          For the foregoing reasons, Mattel's Letter of Request Motion is granted and

16   the Discovery Master will forthwith recommend that Mattel's Proposed Letter of

17   Request be issued by the Court.

18   **IV.    DISPOSITION**

19          **A.      Mattel's Motion to Compel is GRANTED in part and DENIED in**

20   part, as follows:

21                 1.       The Discovery Master orders MGA Mexico to produce to Mattel

22   all non-privileged documents responsive to Request Nos. 1 – 8, 13 – 22, 25 – 35, 42

23   _____

24   [10] In its Reply, Mattel also argues that if MGA wants to examine the Witnesses, the depositions should be counted
      against both Mattel's and MGA's existing ten deposition limit rather than just against Mattel's limit only, and that
      under no circumstance should MGA be permitted to conduct "free" depositions of the witnesses noticed by Mattel.
25   (Reply in Support of Motion to Compel, p. 2). However, this position in inconsistent with Mattel's Proposed Letter
      of Request, since it affirmatively asks the Mexican judicial authorities to "permit Mr. Vargas and Ms. Trueba to be
26   examined under oath by counsel *for all parties* in this matter, allowing full examination *and cross-examination* on the
      subject matter of this case . . ." (*See* Mattel's Proposed Letter of Request, p. 13:24-26 [emphasis added]).
27   Regardless, depositions are generally charged against the party noticing the deposition and the Discovery Master sees
      no basis to deviate from this general practice here, as both sides have the right to cross-examine any individual
28   noticed for deposition by the other party.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT __18__
PAGE __163__

- 33 -

ORDER NO. 52
[Case No. CV 04-09049 SGL (RNBx)]

1    – 45, 54 – 58, 61, 71 – 85, 89 – 96, 101 – 104, 106, 117 – 147, 151 – 167, 174, 175,

2    177 – 179, 181 – 192, 194 – 199, 201 – 219, 221, 222, 227 – 248, 253 – 268, 277 –

3    299, 302 – 316, 329 – 342, 345 – 385, 387 – 397, 400 – 410, and 412 – 417 of

4    Mattel's Second Set of RFPs that are within its possession, custody or control

5    within twenty (20) days of this Order along with a privilege log.

6        2.    The Discovery Master denies the Motion to Compel without

7    prejudice to the extent it relates to the 148 requests for production in Mattel's First

8    Set of RFPs, Request Nos. 9 – 12, 23, 24, 36 – 41, 46 – 53, 59, 60, 62 – 70, 86 – 88,

9    97 – 100, 105, 107 – 116, 148 – 150, 168 – 173, 176, 180, 193, 200, 220, 223 –

10   226, 249 – 252, 269 – 276, 300, 301, 317 – 328, 343, 344, 386, 398, 399, 411, and

11   418 – 420 in Mattel's Second Set of RFPs, and the six document requests in

12   Mattel's Third Set of RFPs.

13       3.    The parties are ordered to meet and confer in person to

14   determine if any issues can be eliminated regarding any subsequent motion

15   involving the 256 requests referenced in the preceding paragraph.  In the event any

16   differences cannot be resolved, the parties are ordered to submit a joint statement in

17   the form set forth in Section I.D.4. above.

18   **B.**    The Second Motion to Compel is **GRANTED** in part and **DENIED** in

19   part, as follows.

20       1.    Within twenty (20) days hereof, MGA Mexico is ordered to (a)

21   produce documents responsive to Request Nos. 27, 28, 38, 51 – 54, 58, 60, 62, 64,

22   66 – 68, 70 – 76, and 79 – 83 along with a privilege log, and (b) serve verified

23   Supplemental Responses for each of these 26 requests that (1) explain in detail how

24   it has defined the scope of "relevant" documents being produced in response to the

25   particular Request; (2) cite any facts or allegations of the parties supporting its'

26   definition of "relevance," (3) describe, in general terms, the types of documents

27   being produced pursuant to its definition of "relevance;" and (4) describe the types

28   of documents excluded from production pursuant to its definition of "relevance."

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 34 -

ORDER NO. 52
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT  18
PAGE   164

Case 2:04-cv-09049-DOC-RNB   Document 6988-7   Filed 10/20/09   Page 37 of 37   Page ID
#:236645
Case 2:04-cv-09049-SGL-RNB      Document 6437      Filed 08/26/2009      Page 36 of 36

1   The description must be sufficient to enable Mattel and the Discovery Master to

2   evaluate whether the documents not produced may be discoverable and therefore

3   subject to a further motion to compel by Mattel.

4         2.     Except as provided above, Mattel's Second Motion to Compel is

5   denied without prejudice.

6         3.     The parties are ordered to meet and confer in person to

7   determine if the remaining issues involving the 83 requests can be eliminated. In

8   the event any differences cannot be resolved, the parties are ordered to submit a

9   joint statement in the form set forth in Section I.D.4. above.

10   **C.**     The Letter of Request Motion is **GRANTED**. The Discovery Master

11   will, therefore, issue a separate order, similar to Order No. 35 that recommends the

12   Court execute Mattel's Proposed Letter of Request.

13

   Dated:      August 26, 2009

14

15                           By:     /s/ Robert C. O'Brien

16                                 ROBERT C. O'BRIEN
                                Discovery Master

17

18

19

20

21

22

23

24

25

26

27

28

                                      - 35 -                      ORDER NO. 52
                                      [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 16
PAGE 165