# EXHIBIT 1

## CONFORMED COPY

FILED

2007 APR 19 PM 11: 07

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY_____

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7            UNITED STATES DISTRICT COURT

8            CENTRAL DISTRICT OF CALIFORNIA

9                   EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                           JAMS Reference No.1100049530
12            Plaintiff,

13       v.                                Consolidated with
                                           Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15            Defendant.                   **ORDER GRANTING IN PART AND
                                           DENYING IN PART MATTEL'S
16                                         MOTION FOR PROTECTIVE ORDER
                                           REGARDING "POLLY POCKET"
17  CONSOLIDATED WITH                      DOCUMENTS**
18  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v. MATTEL,
19  INC.

20

21                       I. INTRODUCTION

22       On March 30, 2007, Mattel, Inc. ("Mattel") submitted its Motion For Protective Order

23  Regarding "Polly Pocket" Documents. Pursuant to Rule 26(c), Fed.R.Civ.P., Mattel seeks a

24  protective order to limit the scope of MGA Entertainment, Inc.'s ("MGA") and Carter Bryant's

25  ("Bryant") subpoenas for production of documents relating to Polly Pocket to only those

26  documents that relate to a single Polly Pocket commercial identified by MGA in an interrogatory

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT _____1_____

PAGE _____0 7_____

04/19/07

1   response.  On April 6, 2007, MGA submitted its opposition brief, and on April 11, 2007, Mattel

2   submitted a reply brief.  The matter was heard via telephonic conference on April 19, 2007.

3   Having considered the motion papers and comments of counsel at the hearing, Mattel's motion

4   for a protective order is granted in part and denied in part.[1]

5                                    II. BACKGROUND

6          This consolidated action includes MGA's claims for unfair competition against Mattel.

7   Among other things, MGA alleges that Mattel has engaged in "serial copycatting" of MGA

8   products, packaging and advertising, including Bratz dolls and other Bratz products, Bratz

9   packaging and Bratz television commercials.

10          On March 7, 2007 and March 12, 2007, MGA and Bryant issued subpoenas to three of

11  Mattel's advertising agencies:  Young & Rubicam Brands, Peterson Milla Hooks, Inc., and

12  Ogilvy & Mather Worldwide.  The subpoenas seek, among other things, documents relating to

13  Mattel's products, including the Polly Pocket line of products.  See Request Nos. 3, 4, 7, 12, 13,

14  and 14.  The subpoenas define Polly Pocket as "each image, character, logo, doll, toy, accessory,

15  product, packaging or other thing or matter that is or has ever been manufactured, marketed or

16  sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise

17  commonly known as, or sold and marketed under the POLLY POCKET trademark or trade

18  dress."  The requests at issue are set forth below:

19          Request No. 3:  All DOCUMENTS REFERRING OR RELATING TO any focus

20          group for "MY SCENE," "POLLY POCKET," or "ACCELERACERS" products

21          and which also REFER OR RELATE TO "BRATZ," "ALIEN RACERS," or

22          MGA.

23          Request No. 4:  All DOCUMENTS REFERRING OR RELATING TO any

24          participant comments from any focus group for "MY SCENE," "POLLY

25  _____

26      [1] Pursuant to the Order for Appointment Of A Discovery Master, dated December 6, 2006, the undersigned
    is authorized to resolve disputes regarding third party subpoenas.  See Order at 3-4, 6.

27

28                                                                                           2

EXHIBIT  1
PAGE    0 8

POCKET," or "ACCELERACERS" products and which also REFER OR

RELATE TO "BRATZ," "ALIEN RACERS," or MGA.

Request No. 7: All DOCUMENTS REFERRING OR RELATING TO any

MARKET RESEARCH REFERRING OR RELATING TO "MY SCENE,"

"POLLY POCKET," or "ACCELERACERS" or MATTEL, and which also

REFER OR RELATE TO "BRATZ," "ALIEN RACERS," or MGA.

Request No. 12: All DOCUMENTS REFERRING OR RELATING TO proposed

or actual advertisements for "MY SCENE," "POLLY POCKET," OR

"ACCELERACERS" products and which also REFER OR RELATE TO

"BRATZ," "ALIEN RACERS," or MGA.

Request No. 13: All DOCUMENTS REFERRING OR RELATING TO

directives, suggestions, or instructions from MATTEL to create advertisements

for "MY SCENE," "POLLY POCKET," OR "ACCELERACERS" products using

elements that are similar to or the same as elements used in advertisements for

"BRATZ," "ALIEN RACERS," or MGA products.

Request No. 14: Copies of all advertisements for "BRATZ," "ALIEN RACERS,"

or MGA products that YOU consulted or reviewed to create advertisements for

"MY SCENE," "POLLY POCKET," or "ACCELERACERS" products.

(collectively referred to hereinafter as the "Polly Pocket Requests"). See Decl. of B. Dylan

Proctor in Support of Mattel's Motion for Protective Order, Exs. 1-3.

Mattel served objections to the subpoenas and requested a meet and confer with MGA and

Bryant regarding the scope of the Polly Pocket Requests. The parties met and conferred on

March 27, 2007. MGA asserted that the Polly Pocket Requests sought information relevant to

MGA's claims that Mattel has serially copied and imitated MGA's commercials. MGA pointed

out that it is currently aware of at least one Polly Pocket commercial that copied elements from a

MGA Bratz commercial. More specifically, in response to a contention interrogatory, MGA

identified twenty-two separate instances of alleged serial copycatting and imitating, one of which

was that "Mattel filmed a 'Polly Pocket' commercial in the same mall and featuring the same

1    escalator as appeared in a previous 'Bratz' commercial." See MGA's Second Supplemental

2    Responses to Mattel's First Set of Interrogatories re Claims of Unfair Competition, Response to

3    Interrogatory No. 6. MGA asserted that it was entitled to discovery to determine whether

4    Mattel's advertising agencies have documents evidencing plans, strategies or intentions to

5    copycat or imitate MGA commercials for this or any other Polly Pocket commercials in the past

6    or future. Further, MGA asserted that the Polly Pocket Requests sought only those documents

7    that specifically related to MGA and its products. In contrast, Mattel asserted that the Polly

8    Pocket Requests were overbroad, seeking information far beyond the Polly Pocket commercial

9    identified in MGA's interrogatory response. The parties later exchanged meet and confer letters,

10   but were unable to resolve their dispute.

11          In this motion, Mattel contends that it is entitled to a protective order because the Polly

12   Pocket Requests are overbroad, seeking documents that have no connection or relevance to the

13   claims or defenses in the case, other than the single television commercial identified in MGA's

14   interrogatory response. Mattel also contends that MGA and Bryant should not be permitted to

15   engage in a fishing expedition for potential claims involving Polly Pocket products. Furthermore,

16   Mattel contends that its Polly Pocket line of dolls is in direct competition with MGA's doll

17   products, and that MGA and Bryant are not entitled to issue sweeping subpoenas for the improper

18   purpose of discovering Mattel's confidential focus group and market research documents relating

19   to competing products and other matters that are not even alleged to be at issue. Accordingly,

20   Mattel seeks an order limiting the scope of the Polly Pocket Requests to only those Polly Pocket

     documents that relate to the television commercial MGA claims that Mattel copied.

21          MGA and Bryant contend that Mattel has not demonstrated the requisite "good cause" for

22   a protective order. They contend that there has been no showing that a protective order is

23   necessary to avoid annoyance, embarrassment, oppression or undue burden or expense. Further,

24   they contend that the Stipulated Protective Order is sufficient to address Mattel's confidentiality

25   concerns. MGA and Bryant also contend that the Polly Pocket Requests are narrowly tailored to

26   seek documents relevant to the claims that Mattel has serially imitated and copycatted MGA's

27   advertising for Bratz and other products. Further, they contend that the Polly Pocket Requests

28

EXHIBIT ___I___
PAGE ___010___

1  target documents that specifically relate to MGA or its products. Lastly, MGA and Bryant object

2  to limiting discovery to the one Polly Pocket commercial referenced in MGA's interrogatory

3  response. They contend that such a limitation would prevent them from obtaining documents

4  "that reveal Mattel's plans to copy or imitate MGA commercials for other 'Polly Pocket'

5  commercials and related efforts by Mattel's ad agencies to effectuate or evaluate these plans,

6  simply because the plans are non-public and about which MGA and Bryant could not possibly

7  have any actual knowledge." Opposition at p.7.

### III. DISCUSSION

8

9  Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

10  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

11  party." Fed.R.Civ.P. 26(b)(1). Fishing expeditions to discover new claims, however, are not

12  permitted. See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

13  2004) ("District courts need not condone the use of discovery to engage in 'fishing

14  expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006)

15  (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000)

16  (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for

17  the phrase "subject matter involved in the pending action," were intended to target discovery that

18  swept far beyond the claims and defenses of the parties and that seemed designed not to fairly

19  litigate the issues presented by the pleadings but to develop new claims or defenses.).

20  Furthermore, Rule 26(c), Fed.R.Civ.P., provides, in pertinent part, that upon motion and for good

21  cause shown, "the court in which the action is pending may make any order which justice requires

22  to protect a party or person from annoyance, embarrassment, oppression, or undue burden or

23  expense, including that certain matters not be inquired into, that the scope of the disclosure or

24  discovery be limited to certain matters, or that a trade secret or other confidential research,

25  development or commercial information not be revealed or be revealed only in a designated way."

26  Fed.R.Civ.P. 26(c).

27  Polly Pocket is not mentioned in either MGA's or Bryant's complaint or any of the other

28  pleadings filed in this consolidated action. Rather, MGA's complaint alleges that Mattel's

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT ___1___

PAGE ___011___

advertising and marketing schemes for two of its products – "My Scene" and "AcceleRacers" –
have "serially imitated" MGA's advertising. MGA's complaint does not even reference the Polly
Pocket line of dolls or other Polly Pocket products.

The only proffered justification for the Polly Pocket Requests is an interrogatory response
in which MGA claims that one of Mattel's Polly Pocket commercials was allegedly filmed in the
same mall using the same escalator as an MGA Bratz commercial.[2] The bulk of the Polly Pocket
Requests (Nos. 3, 4, 7, 12, 14), however, are far broader than the commercial identified by MGA.
The definition for Polly Pocket includes not just commercials, but "each image, character, logo,
doll, toy, accessory, product, and packaging that is or has ever been manufactured, marketed or
sold by Mattel as part of a line of goods or merchandise known as, or sold and marketed under the
Polly Pocket trademark or trade dress. Furthermore, MGA and Bryant seek all Polly Pocket focus
group documents, including participant comments which relate to Bratz, MGA or Alien Racers.
They seek all "market research" referring or relating to Polly Pocket and which also relate to
Bratz, MGA, or Alien Racers, where "market research" is defined as "any type of research, study,
survey or analysis of consumers or potential consumers of a product or potential product
including, without limitation, focus groups, consumer surveys, market analyses, behavioral
analyses and consumer research." They also seek all documents relating to proposed or actual
advertisements for Polly Pocket dolls which also relate to Bratz, MGA or Alien Racers. MGA
and Bryant also seek copies of all advertisements for Bratz, Alien Racers, or MGA products that
were consulted or reviewed to create any and all advertisements for Polly Pocket products. These
requests are clearly overbroad, extending far beyond the single Polly Pocket commercial that
MGA has contended is actionable. The Federal Rules of Civil Procedure do not permit MGA and

---

[2] Like MGA's complaint, MGA's response to Mattel's contention interrogatory regarding the alleged serial
imitating and copycatting focus primarily on Mattel's "My Scene" and "Accelracers" products.

See MGA's Second Supplemental Responses to Mattel's First Set of Interrogatories re Claims of Unfair
Competition

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT ____|____
PAGE ____012

1  Bryant to use broad discovery requests, untethered to a claim or defense, to fish for new claims.

2  Rivera v. NIBCO, Inc., supra. Because Request Nos. 3, 4, 7, 12, and 14 extend far beyond the

3  permissible scope of discovery under Rule 26, Fed.R.Civ.P., there is good cause to issue the

4  requested protective order limiting their scope to the Polly Pocket commercial identified in

5  MGA's interrogatory response.

6      In contrast, however, Request No. 13 is reasonably tailored to documents relevant to

7  MGA's unfair competition claim. Evidence of directives, suggestions, or instructions from Mattel

8  to its advertising agencies to create advertisements for Polly Pocket using elements that are

9  similar to or the same as elements used in advertisements for "BRATZ," "ALIEN RACERS," or

10  MGA products could establish that Mattel intentionally used the same mall and escalator to

11  produce the Polly Pocket commercial identified in MGA's interrogatory response. Therefore,

12  Mattel's motion is denied with respect to Request No. 13.

13  IV. CONCLUSION

14      For the reasons set forth above, Mattel's motion for a protective order is granted in part

15  and denied in part. Request Numbers 3, 4, 7, 12, and 14 of MGA's and Bryant's subpoenas to

16  Young & Rubicam Brands, Peterson Milla Hooks, Inc., and Ogilvy & Mather Worldwide relating

17  to Polly Pocket are hereby limited in scope to Polly Pocket documents relating to the single Polly

18  Pocket television commercial identified in MGA's interrogatory response. Mattel's motion is

denied as to Request No. 13.

19      Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

20  Master, Mattel shall file this Order with the Clerk of Court forthwith.

21

22  Dated: April 19, 2007

23                                  HON. EDWARD A. INFANTE (Ret.)

24                                   Discovery Master

25

26

27

28                                                                  7

EXHIBIT   1
PAGE     013

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 19, 2007,

I served the attached ORDER GRANTING IN PART AND DENYING IN PART

MATTEL'S MOTION FOR PROTECTIVE ORDER REGARDING "POLLY POCKET"

DOCUMENTS" in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| Benjamin Kim Esq. | O'Melveny & Myers LLP | bjkim@omm.com |
| Hamid Jabbar Esq. | O'Melveny & Myers LLP | hjabbar@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrismill.com |

I declare under penalty of perjury under the laws of the Untied States of America that
the above is true and correct.

Executed on April 19, 2007, at San Francisco, California.

Sandra Chan

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

| 11 | MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx) |
|---|---|---|
| 12 | | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| | Plaintiff, | |
| 13 | | **DISCOVERY MATTER** |
| | vs. | |
| 14 | | **[To Be Heard By Discovery Master Robert O'Brien]** |
| 15 | MGA ENTERTAINMENT, INC., et al., | |
| 16 | Defendant. | DECLARATION OF ROBERT J. DART IN SUPPORT OF MATTEL, INC.'S |
| 17 | | OPPOSITION TO MGA PARTIES' MOTION TO COMPEL FURTHER RESPONSES TO |
| 18 | AND CONSOLIDATED ACTIONS | MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS |
| 19 | | |
| 20 | | Hearing Date:  TBD<br>Time:  TBD<br>Place:  TBD |
| 21 | | |
| 22 | | **Phase 2**<br>Discovery Cut-off:  June 1, 2010 |
| 23 | | Pre-trial Conference:<br>Trial Date: |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

EXHIBIT ___1___

PAGE ___015___

1        I, Robert J. Dart, declare as follows:

2        1.      I am a member of the bar of the State of California and an

3   associate at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel,

4   Inc. ("Mattel").  I make this declaration of personal, firsthand knowledge and, if

5   called and sworn as a witness, I could and would testify competently thereto.

6        2.      Attached hereto as Exhibit 1  is a true and correct copy of the

7   Order Granting in Part and Denying in Part Mattel's Motion for protective Order

8   Regarding "Polly Pocket" Documents, dated April 19, 2007.

9        3.      Attached hereto as Exhibit 2  is a true and correct copy of

10  Discovery Matter Order No. 17, dated April 14, 2009.

11       4.      Attached hereto as Exhibit 3  is a true and correct copy of  the

12  Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope

13  of its Privilege Log, dated May 7, 2008.

14       5.      Attached hereto as Exhibit 4  is a true and correct copy of the

15  Court's Omnibus Order, dated July 9, 2009.

16       6.      Attached hereto as Exhibit 5  is a true and correct copy of the

17  Order Granting in Part and Denying in Part MGA's Motion to Compel dated May

18  22, 2007.

19       7.      Attached hereto as Exhibit 6  is a true and correct copy of the

20  MGA Parties' Reply In Support of Their Motion to Quash Receiver Subpoenas

21  Issued by Mattel, dated February 13, 2009.

22       8.      Attached hereto as Exhibit 7  is a true and correct copy of

23  Discovery Matter Order No. 3, dated March 10, 2009.

24       9.      Attached hereto as Exhibit 8  is a true and correct copy of MGA's

25  Motion to Compel Mattel to Supplement its Responses and Produce Documents,

26  dated July 3, 2007.

27

28

EXHIBIT __1__
PAGE ____016____

1        10.      Attached hereto as Exhibit 9 is a true and correct copy of the

2 Order Granting in Part and Denying in Part MGA's Motion to Compel, dated

3 September 12, 2007.

4        11.      Attached hereto as Exhibit 10 is a true and correct copy of the

5 Order Re: Statute of Limitations Defense, dated May 27, 2008.

6        12.      Attached hereto as Exhibit 11 is a true and correct copy of the

7 Court's Final Pre-Trial Conference Order For Phase 1 Trial, dated June 7, 2008.

8        13.      Attached hereto as Exhibit 12 is a true and correct copy of the

9 Further And Final Order Re Statute Of Limitations Defense, dated June 2, 2008.

10        14.      Attached hereto as Exhibit 13 is a true and correct copy of the

11 Order Finding In Favor Of Mattel As To The MGA Parties' Affirmative Defenses, et

12 al., dated December 3, 2008.

13        15.      Attached hereto as Exhibit 14 is a true and correct copy of

14 MGAE de Mexico S.R.L. de C.V.'s Objections and Responses to Mattel, Inc.'s First

15 Set of Requests for Documents and Things, dated September 21, 2007.

16        16.      Attached hereto as Exhibit 15 is a true and correct copy of the

17 Order Denying Motion for Terminating Sanctions, dated August 27, 2007.

18        17.      Attached hereto as Exhibit 16 is a true and correct copy of the

19 Order Denying MGA's Motion to Compel dated April 24, 2008.

20        18.      Attached hereto as Exhibit 17 is a true and correct copy of Phase

21 2 Discovery Master Order No. 1, dated February 12, 2009.

22        19.      Attached hereto as Exhibit 18 is a true and correct copy of

23 Mattel's Third Supplemental Responses to MGA's First Set of Requests for

24 Production 04-9059, dated January 19, 2008.

25        20.      Attached hereto as Exhibit 19 is a true and correct copy of the

26 Court's Omnibus Order, dated February 4, 2008.

27        21.      Attached hereto as Exhibit 20 is a true and correct copy of MGA

28 Entertainment, Inc.'s Motion to Compel, dated April 13, 2007. EXHIBIT _____/_____

PAGE ____0.17____

1        22.    Attached hereto as Exhibit 21  is a true and correct copy of Order

2 Granting in Part Mattel's Motion to Compel MGA to Produce Communications

3 Regarding This Action, dated April 14, 2008.

4        23.    Attached hereto as Exhibit 22  is a true and correct copy of Order

5 Denying MGA's Motion to Compel Mattel to Produce Email and Other Electronic

6 Documents; Denying Request for Sanctions, dated April 24, 2008.

7        24.    Attached hereto as Exhibit 23  is a true and correct copy of the

8 Discovery Master Stipulation and Order, dated December 6, 2006.

9        25.    Attached hereto as Exhibit 24  is a true and correct copy of

10 Discovery Master Order No. 59, dated September 9, 2009.

11       26.    Attached hereto as Exhibit 25  is a true and correct copy of

12 relevant excerpts from the court reporter's official transcript from the hearing in this

13 matter dated May 11, 2007.

14       27.    Attached hereto as Exhibit 26  is a true and correct copy of the

15 Court's May 27, 2008 Order.

16       28.    Attached hereto as Exhibit 27  is a true and correct copy of the

17 Court's Final Pre-Trial Conference Order For Phase 1 Trial, dated June 7, 2008.

18       29.    Attached hereto as Exhibit 28  is a true and correct copy of

19 relevant excerpts from the court reporter's official transcript of the hearing in this

20 matter dated August 27, 2009.

21       30.    Attached hereto as Exhibit 29  is a true and correct copy of

22 Mattel, Inc.'s Opposition to MGA's Motion to Overrule Mattel's Relevance

23 Objection and Compel Discovery Relevant to Statute of Limitations and Laches

24 Defenses, dated January 31, 2008.

25       31.    Attached hereto as Exhibit 30  is a true and correct copy of the

26 Discovery Master's Order Granting in Part and Denying in Part Mattel's Motion to

27 Compel Production of Documents by MGA, dated August 14, 2007.

28

EXHIBIT __/____

PAGE _____ 018

1           32.    Attached hereto as Exhibit 31  is a true and correct copy of the

2 Discovery Master's Order Granting in Part and Denying in Part Mattel's Motion to

3 Compel Responses To Interrogatory Nos. 27-44 and 46-50 By The MGA Parties,

4 dated February 15, 2008.

5           33.    Attached hereto as Exhibit 32  is a true and correct copy of the

6 June 26, 2007 Letter from Michael Keats to Tim Alger.

7           34.    Attached hereto as Exhibit 33  is a true and correct copy of the

8 Declaration of Lori Pantel, dated August 6, 2009.

9           35.    Attached hereto as Exhibit 34  is a true and correct copy of the

10 Declaration of Phil Moore, dated August 6, 2009.

11           36.    Attached hereto as Exhibit 35  is a true and correct copy of the

12 Declarations of Erin Bric and Sergio Hernandez, dated April 25, 2007.

13           37.    Attached hereto as Exhibit 36  is a true and correct copy of the

14 Affidavit of Michael Moore in Support of Mattel, Inc.'s Opposition to MGA

15 Entertainment, Inc.'s Motion for Terminating Sanctions Due to Spoliation of

16 Evidence, dated September 10, 2007.

17           38.    Attached hereto as Exhibit 37  is a true and correct copy of

18 relevant excerpts from the Deposition of Rodney Palmer, dated June 26, 2007.

19           39.    Attached hereto as Exhibit 38  is a true and correct copy of the

20 Declaration of Peter Garza in Support of Mattel, Inc.'s Opposition to MGA's

21 Motion to Compel Mattel to Produce E-Mail, dated January 31, 2008.

22           40.    Attached hereto as Exhibit 39  is a true and correct copy of the

23 Declaration of Michael Moore in Support of Mattel, Inc.'s Opposition to MGA

24 Entertainment, Inc.'s Motion for Terminating Sanctions, dated August 13, 2007.

25           41.    Attached hereto as Exhibit 40  is a true and correct copy of

26 relevant excerpts from the court reporter's official transcript from the hearing in this

27 matter dated August 27, 2007.

28

EXHIBIT ___1___

PAGE ____019____

1      42.    Attached hereto as Exhibit 41 is a true and correct copy of

2 relevant excerpts from the court reporter's official transcript from the Phase 1 trial,

3 dated June 12, 2008.

4      43.    Attached hereto as Exhibit 42 is a true and correct copy of MGA

5 Mexico's Response to Mattel, Inc.'s Third Set of Requests for Documents and

6 Things to MGAE De Mexico, S.R.L. de C.V., dated February 21, 2007.

7      44.    Attached hereto as Exhibit 43 is a true and correct copy of the

8 Phase 1B Jury Form As Given.

9      45.    Attached hereto as Exhibit 44 is a true and correct copy of

10 MGA's Seventh Set of Requests for the Production of Documents and Things in

11 Case No. 05-2727, dated December 21, 2007.

12      46.    Attached hereto as Exhibit 45 is a true and correct copy of the

13 letter from David Hurwitz to Michael Zeller, dated March 29, 2007.

14      47.    Attached hereto as Exhibit 46 is a true and correct copy of the

15 Declaration of Michael T. Zeller In Support of Mattel's Opposition to MGA's

16 Motion to Compel, dated July 17, 2007.

17      48.    Attached hereto as Exhibit 47 is a true and correct copy of

18 MGA's First Set of Document Requests (04-9059), dated November 22, 2006.

19

20      I declare under penalty of perjury under the laws of the United States of

21 America that the foregoing is true and correct.

22      Executed this 19th day of October 2009, at Los Angeles, California.

23

24

25                          Robert J. Dart

26

27

28

EXHIBIT ___/___
PAGE ____020

# EXHIBIT 2

1    Robert C. O'Brien (SBN 154372)
     ARENT FOX LLP
2    555 West Fifth Street, 48th Floor
     Los Angeles, CA 90013-1065
3    Telephone: 213.629.7400
     Facsimile: 213.629.7401
4    obrien.robert@arentfox.com

5    Discovery Master

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                          EASTERN DIVISION

11   CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)

12                 Plaintiff,
                                          Consolidated with
13            v.                          Case No. CV 04-09059
                                          Case No. CV 05-2727
14   MATTEL, INC., a Delaware
     corporation,                         **PHASE 2 DISCOVERY MATTER**
15
                   Defendant.             **ORDER NO. 17, REGARDING:**
16
17                                         **(1) THE MGA PARTIES' MOTION
                                           FOR A PROTECTIVE ORDER
18                                         STAYING DISCOVERY ON
                                           TRADE DRESS CLAIMS;**
19
20                                         **(2) MOTION OF MATTEL, INC. TO
                                           ENFORCE PRIOR COURT ORDER
21                                         AND TO COMPEL RESPONSES TO
                                           INTERROGATORIES; and**
22
23
24   CONSOLIDATED WITH                     **(3) *EX PARTE* APPLICATION
     MATTEL, INC. v. BRYANT and            FILED BY MATTEL, INC. FOR AN
25   MGA ENTERTAINMENT, INC. v.            ORDER TO SHOW CAUSE RE:
     MATTEL, INC.                          MGA ENTERTAINMENT, INC.'S
26                                         FAILURE TO COMPLY WITH
                                           COURT ORDER**
27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES
                                                           ORDER NO. 17
                                          [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ____2____
PAGE ____021____

1     This Order sets forth the Discovery Master's ruling on the following

2  discovery matters: (1) the motion for a protective order staying discovery on trade

3  dress claims filed by MGA Entertainment, Inc., MGA Entertainment (HK) Limited,

4  MGAE De Mexico, S.R.L. De C.V. and Isaac Larian (the "MGA Parties")

5  ("Protective Order Motion") [Docket No. 4921]; (2) the motion filed by Mattel, Inc.

6  ("Mattel") to enforce a prior order compelling MGA Entertainment, Inc. ("MGA")

7  to answer Interrogatory Nos. 43 and 44, and compelling responses to Supplemental

8  Interrogatory Nos. 51 – 55 and 64 ("Motion To Compel") ("[Docket No. 4987]; and

9  (3) the *ex parte* application filed by Mattel for an order to show cause regarding

10  MGA's failure to comply with a prior court order ("Application") [Docket No.

11  4997] (collectively, the "Motions").

12     The Motions came on regularly for hearing before the Discovery Master on

13  April 14, 2009. All interested parties were represented by counsel and afforded the

14  opportunity to present oral argument on the Motions. The Discovery Master,

15  having considered the papers filed in support of and in opposition to the Motions,

16  and having heard oral argument, rules as set forth below.

17  **I.     THE TRADE DRESS DISCOVERY AT ISSUE**

18     All of the Motions concern discovery related to MGA's trade dress claims.

19       **A.     Interrogatory Nos. 43 And 44**

20     On October 23, 2007, Mattel served its Amended Fourth Set of

21  Interrogatories on MGA, including Interrogatory Nos. 43 and 44. (Declaration of

22  Scott L. Watson in Support of the Motion To Compel ("Watson Decl."), Ex. 1 at

23  pp. 7 – 8). These interrogatories ask MGA to identify, for each design, product

24  and packaging that MGA contends Mattel copied, the date of conception and the

25  date it was first fixed in a tangible medium:

26       • Interrogatory No. 43: "For each concept, design, product, product

27          packaging or other matter that YOU contend MATTEL copied or

28          infringed, including but not limited to those identified in MGA's

EXHIBIT ___2___
PAGE ___022___

1    Responses To Mattel, Inc.'s First Set Of Interrogatories Re Claims Of
2    Unfair Competition, Response To Interrogatory No. 2 (and any
3    Supplemental Responses to such Interrogatory), state the date that each
4    such concept, design, product, product packaging or other matter was
5    conceived, and IDENTIFY, all PERSONS with knowledge of, and all
6    DOCUMENTS that REFER OR RELATE TO, the foregoing." (*Id.,*
7    Ex. 1 at p. 7).

8    • Interrogatory No. 44: "For each concept, design, product, product
9       packaging or other matter that YOU contend MATTEL copied or
10      infringed, including but not limited to those identified in MGA's
11      Responses To Mattel, Inc.'s First Set Of Interrogatories Re Claims Of
12      Unfair Competition, Response To Interrogatory No. 2 (and any
13      Supplemental Responses to such Interrogatory), state the date that each
14      such concept, design, product, product packaging or other matter was
15      first fixed in any tangible medium of expression (if ever), and
16      IDENTIFY, all PERSONS with knowledge of, and all DOCUMENTS
17      that REFER OR RELATE TO, the foregoing." (*Id.,* Ex. 1 at pp. 7 and
18      8).

19   MGA responded to Interrogatory Nos. 43 and 44 with only objections on
20   November 15, 2007. (*Id.,* Ex. 2 at pp. 10 – 13). On November 30, 2007, MGA
21   supplemented its responses to both interrogatories. (*Id.,* Ex. 3 at pp. 12 – 19). On
22   December 20, 2007, Mattel moved to compel further responses to the
23   interrogatories. (*Id.,* Ex. 4). The MGA Parties filed their opposition to Mattel's
24   motion to compel on December 31, 2007. (*Id.,* Ex. 5). On January 7 and 28, 2008,
25   MGA served its second and third set of supplemental responses to Interrogatory
26   Nos. 43 and 44. (*Id.,* Ex. 6 at pp. 20 – 26 and Ex. 7 at pp. 28 – 33).

27   On February 4, 2008, the Court stayed all Phase 2 discovery. (Order dated
28   February 4, 2008, p. 3). On February 15, 2008, the prior discovery master granted

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

EXHIBIT     2
PAGE        023

1    Mattel's motion to compel, finding that the "requested information is relevant to

2    Mattel's defense against the MGA [P]arties' claims that their products have been

3    copied or infringed by certain Mattel products." (Watson Decl., Ex. 8 at pp. 11 –

4    12). The prior discovery master further ruled that the supplement responses

5    provided by MGA were deficient, reasoning as follows:

6              Although the MGA [P]arties served supplemental

7              responses after filing their opposition brief, the

8              supplemental responses do not include the requested

9              information. The MGA [P]arties have [also] failed to

10             establish that the interrogatories are unduly burdensome.

11   (*Id.*, Ex. 8 at p. 12). The prior discovery master then ordered MGA to

12   supplement its responses "no later than February 26, 2008." (*Id.*, Ex. 8

13   at p. 22).

14         On March 3, 2008, seven days after the deadline specified in the prior

15   discovery master's order, MGA supplemented its responses to Interrogatory Nos.

16   43 and 44 for a fourth time, objecting that the discovery in question related to

17   Phase 2 and was therefore stayed pursuant to the stay imposed by the Court on

18   Phase 2 discovery on February 4, 2008. (*Id.*, Ex. 9 at pp. 7 – 16). On April 22,

19   2008, the prior discovery master granted the MGA Parties' motion for clarification

20   concerning his February 15, 2008 ruling, stating that "the MGA Parties' obligation

21   to supplement their responses to Interrogatory Nos. . . . 43 and 44 . . . [is] hereby

22   stayed until further order of the district court lifting the stay on Phase 2 discovery."

23   (*Id.*, Ex 10 at p. 3).

24         **B.    Supplemental Interrogatory Nos. 51 – 55 And 64**

25         On January 9, 2008, Mattel served Supplemental Interrogatory Nos. 51 – 55

26   and 64 on MGA. (*Id.*, Ex 11 at p. 12 – 14 and 16). These interrogatories seek

27   information regarding MGA's allegations that Mattel copied, infringed or diluted

28   MGA's products:

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

-3-

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT   2

PAGE    024

1    • Supplemental Interrogatory No. 51: "For each concept, design,
2       product, product packaging or other matter that YOU contend
3       MATTEL has copied, infringed, or diluted, including but not limited to
4       those identified in MGA's Responses to Mattel, Inc.'s First Set of
5       Interrogatories Re Claims of Unfair Competition, Response To
6       Interrogatory No. 2 (and any Supplemental Responses to such
7       Interrogatory), describe, fully and separately, each and every concept,
8       design, product, product packaging or other matter of or by MATTEL
9       that YOU contend is a copy of, infringes or dilutes YOUR alleged
10      concept(s), design(s), product(s), product packaging or other matter.
11      Your answer should describe the Mattel concept, design, product,
12      product packaging or other matter with specificity and in detail
13      (including without limitation by product name, product number, SKU,
14      or bar code number), and specify those elements or attributes of
15      YOUR claimed concept, design, product, product packaging or other
16      matter that YOU contend were copied, infringed or diluted by
17      MATTEL." (*Id.*, Ex. 11 at pp. 12 – 13).

18   • Supplemental Interrogatory No. 52: "For each trade dress that YOU
19      contend MATTEL copied, infringed, or diluted, separately IDENTIFY
20      each product sold by YOU or YOUR licensees that incorporates such
21      trade dress and, for each such product, separately state (a) the number
22      of units, by year, of each such product sold by YOU or YOUR
23      licensees; (b) revenue received by YOU from such SALES of each
24      such product; (c) all costs YOU have incurred in connection with each
25      product; including but not limited to YOUR cost of good sold, and (D)
26      YOUR gross and net worth from each such product." (*Id.*, Ex. 11 at p.
27      13).

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT    2
PAGE       025

1       • Supplemental Interrogatory No. 53: "For each MATTEL concept,

2       design, product, product packaging or other matter that YOU contend

3       is likely to cause confusion, to cause mistake, or to deceive as to

4       affiliation, connection, or association, or as to origin, sponsorship, or

5       approval, separately state all facts that support YOUR contention of

6       such, including but not limited to all facts that support YOUR

7       contention, if YOU so contend, that any of the SLEEKCRAFT

8       FACTORS weighs against MATTEL, and IDENTIFY all PERSONS

9       with knowledge of such facts, and all DOCUMENTS that REFER OR

10      RELATE TO such facts." (Id.).

11      • Supplemental Interrogatory No. 54: "For each concept, design,

12      product, product packaging or other matter that YOU contend

13      MATTEL copied, infringed or diluted, state all facts that support

14      YOUR contention, if YOU so contend, that such copying or

15      infringement was intentional or willful, and IDENTIFY all PERSONS

16      with knowledge of such facts, and all DOCUMENTS that REFER OR

17      RELATE TO such facts." (Id.).

18      • Supplemental Interrogatory No. 55: "State all facts which support the

19      allegation in Paragraph 120 of YOUR COMPLAINT that MATTEL

20      has "caused and continues to cause blurring and dilution of the

21      distinctive look of MGA's products and trade dress," and IDENTIFY

22      all PERSONS with knowledge of such facts, and all DOCUMENTS

23      that REFER OR RELATE TO such facts." (Id., Ex. 11 at p. 14).

24      • Supplemental Interrogatory No. 64: "To the extent YOU have not

25      previously disclosed such information in a prior interrogatory response

26      YOU provided to Mattel, state all facts which support YOUR claims

27      against Mattel in THIS ACTION, and IDENTIFY all PERSONS with

28      knowledge of such facts, and all DOCUMENTS that REFER OR

EXHIBIT ___2___
PAGE ___026___

1          RELATE TO such facts." (*Id.*, Ex. 11 at p. 16).

2       MGA responded to Supplemental Interrogatory Nos. 51 – 55 and 64 on

3 February 8, 2008, objecting that the discovery related to Phase 2 issues and was

4 therefore stayed. (*Id.*, Ex. 12 at pp. 15 – 19 and 34 – 35).

5     **C.**    **The Court Lifts The Stay On Phase 2 Discovery**

6       On January 6, 2009, the Court vacated the stay on Phase 2 discovery.

7 (Watson Decl., Ex. 13 at p. 2). Mattel's counsel subsequently wrote to counsel for

8 MGA on January 20, 2009 to ask when MGA planned to serve the required

9 responses to Interrogatory Nos. 43 and 44, which the prior discovery master had

10 previously ordered answered. (*Id.*, Ex. 14).

11       Mattel's counsel also wrote to MGA on January 28, 2009, requesting that the

12 parties meet and confer on Supplemental Interrogatory Nos. 51 – 55 and 64. (*Id.*,

13 Ex. 15 at pp. 2 – 3). Counsel for the parties then spoke on February 6, 2009

14 regarding Mattel's eight trade dress interrogatories. (*Id.*, ¶ 18 and Ex. 18 at p. 1).

15 During the conference, MGA stated, that it would provide responses to

16 Interrogatory Nos. 43 and 44, and Supplemental Interrogatory Nos. 51 – 55 and 64,

17 "not later than 30 days after the Court decides the trade dress summary judgment

18 motion which Mattel has indicated it will be bringing." (*Id.*, Ex. 18 at p. 1).

19       On February 18, 2009, the parties met and conferred regarding Mattel's

20 contemplated summary judgment motion concerning MGA's trade dress claims and

21 again discussed the responses to the eight trade dress interrogatories at issue. (*Id.*,

22 Ex. 23 at p. 1). The next day, MGA informed Mattel that it would not agree to

23 provide further responses to the interrogatories. (*Id.*). Rather, MGA said that it

24 planned to request a protective order to stay its obligation to respond and that it

25 would only provide responses: (1) if their planned protective order was denied; or

26 (2) if the protective order is granted, 21 days after the Court decides Mattel's

27 summary judgment motion, to the extent any trade dress claims remain after that

28 decision. (*Id.*).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___ 2
PAGE ___ 027

1    On February 26, 2009, the MGA Parties filed the Protective Order Motion.

2    Eight days later, Mattel filed its Motion To Compel. Mattel filed the Application

3    on March 10, 2009.

4    **II.    THE MGA PARTIES' MOTION FOR A PROTECTIVE ORDER**

5    The Discovery Master first addresses the MGA Parties' Protective Order

6    Motion.

7    **A.    The Relief Sought By The MGA Parties**

8    The MGA Parties "seek a stay to defer responding to eight specific

9    interrogatories relating to MGA's trade dress claims until 21 days after the Court

10    rules on Mattel's [contemplated] summary judgment motion." (Motion for a

11    Protective Order, p. 5). "The MGA Parties also seek a stay of all discovery relating

12    to MGA's trade dress claims for the same period." (*Id.*).

13    **B.    Mattel's Opposition**

14    Mattel opposes the Protective Order Motion on five grounds. First, Mattel

15    argues that the motion is inconsistent with the Court's January 6, 2009 order lifting

16    the stay on Phase 2 discovery. (Opposition, pp. 12 – 13). Second, Mattel argues

17    that any request to stay discovery is not properly directed to the Discovery Master.

18    (*Id.*, p. 13). Third, Mattel argues that the request for a stay lacks merit, since "it is

19    commonplace for a party to bring dispositive motions prior to trial . . ." (*Id.*, pp. 13

20    – 14). Fourth, Mattel argues that the request for a stay is unworkable since the

21    trade dress claims "are intertwined with Mattel's Phase 2 claims." (*Id.*, pp. 13 –

22    15). Finally, Mattel argues that the stay would unduly prejudice it and that there is

23    no corresponding undue burden placed on the MGA Parties. (*Id.*, pp. 16 – 20).

24    **C.    Legal Standard**

25    In general, parties may obtain discovery regarding any matter, not privileged,

26    that is relevant to the claim or defense of any party. (Fed. Rule Civ. P. 26(b)(1)).

27    The motion brought by the MGA Parties to stay discovery is made pursuant to

28    Federal Rule of Civil Procedure 26(c), which governs motions for protective orders.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

-7-

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT    2

PAGE    028

1    Rule 26(c) provides that a protective order may be issued "for good cause" and "to

2    protect a party or person from annoyance, embarrassment, oppression, or undue

3    burden or expense." (Fed. Rule Civ. P. 26(c)).

4          A district court is afforded considerable discretion in deciding whether to

5    issue a protective order that stays discovery. (*See, e.g., Wang v. Hsu*, 919 F.2d 130,

6    130 (10th Cir. 1990). While it is within a district court's discretion to stay

7    discovery pending the outcome of a dispositive motion, (*see Monreal v. Potter*, 367

8    F.3d 1224, 1238 (10th Cir. 2004), such stays are not routinely granted, (*see, e.g.,*

9    *TSM Associates, LLC v. Tractor Supply Co.*, 2008 WL 2404818, at *1 (N.D.Okla.

10   June 11, 2008) ["Unless some compelling reason is presented, in the usual case

11   discovery is not stayed as Defendant requests."]; *Kutilek v. Gannon*, 132 F.R.D.

12   296, 297-98 (D.Kan. 1990) ["The general policy in this district is not to stay

13   discovery even though dispositive motions are pending."]).

14         The underlying principle in determining whether to grant or deny a stay is

15   that "[t]he right to proceed in court should not be denied except under the most

16   extreme circumstances." (*Commodity Futures Trading Com'n v. Chilcott Portfolio

17   Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). In other words, stays of

18   the normal proceedings of a court should be the exception rather than the rule.

19         Nonetheless, a stay may be appropriate if "resolution of a preliminary motion

20   may dispose of the entire action," (*Nankivil v. Lockheed Martin Corp.*, 216 F.R.D.

21   689, 692 (M.D.Fla. 2003)), "where the case is likely to be finally concluded as a

22   result of the ruling thereon; where the facts sought through uncompleted discovery

23   would not affect the resolution of the motion, or where discovery on all issues of

24   the broad complaint would be wasteful and burdensome," (*Kutilek*, 132 F.R.D. at

25   298).

26         In deciding whether to stay discovery pending the resolution of a dispositive

27   motion, federal courts in California conduct the following inquiry: (1) Is the

28   pending motion "potentially dispositive of the entire case, or at least dispositive on

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

                                          - 8 -                ORDER NO. 17
                                                    [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT   2
PAGE      029

1   the issue at which discovery is directed," and, if so (2) can the pending dispositive

2   motion be decided "absent additional discovery." (*Qwest Communications Corp. v.*

3   *Herakles, LLC*, 2007 WL 2288299, *2 (E.D.Cal. August 8, 2007)). If the court

4   answers both questions in the affirmative, it may then analyze other factors,

5   including the likelihood that the dispositive motion will be granted, (*id.*), and/or

6   "(1) plaintiff's interests in proceeding expeditiously with the civil action and the

7   potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the

8   convenience to the court; (4) the interests of persons not parties to the civil

9   litigation; and (5) the public interest." (*Schmaltz v. Smithkline Beecham Corp.*,

10   2008 WL 3845260, *1 (D.Colo. Aug.15, 2008)).

11      **D.   Analysis**

12        The MGA Parties' primary argument in favor of the requested stay is that, in

13   the event Mattel's contemplated motion for summary judgment is granted, "the

14   Trade Dress Interrogatories may prove unnecessary or may be substantially

15   narrowed." (Protective Order Motion, p. 13; *see also id.* at pp. 1, 2, and 11 – 15).

16   The MGA Parties reason that "[i]t is particularly appropriate to stay discovery when

17   a dispositive motion, such as a summary judgment motion, 'would obviate the need

18   for discovery.'" (*Id.*, p. 11 (citation omitted)).

19        The Discovery Master finds this rationale unpersuasive for the following

20   reasons.

21            **1.    The Discovery Master Does Not Have the Power To Issue**

22                **The Requested Stay**

23        First, the Discovery Master does not have authority to render a ruling that

24   could directly override the Court's scheduling order and delay the Phase 2 trial.

25   While the Discovery Master has been appointed to resolve "any and all . . .

26   discovery disputes in this case,"[1] and may issue orders that indirectly impact the

27

28

---

[1] *See* Order appointing the prior discovery master dated December 6, 2006 ("Discovery Master Order) and the Order appointing the current Discovery Master dated January 6, 2009.

EXHIBIT 2
PAGE    030

1  scheduling order (e.g., resolving motions to compel, motions to quash, etc.),[2] there

2  is nothing in the order appointing the Discovery Master that authorizes him to

3  override the scheduling order directly.[3]  Indeed, the power to control scheduling in

4  this matter is vested with the Court, as evidenced by the scheduling order issued by

5  it on February, 11, 2009.[4]  (Order dated February 11, 2009, p. 2).  Because the

6  Court, not the Discovery Master, established the applicable discovery cut-off and

7  trial dates for Phase 2, (id.), the Discovery Master cannot issue a stay that overrides

8  that order.

9        **2.      The Court Previously Indicated That the Parties Should**

10            **Proceed With Phase 2 Discovery.**

11        Second, the Court advised the Discovery Master on February 11, 2009 that

12  "[t]here is no stay on discovery. Period." (Reporter's Transcript of Proceedings,

13  February 11, 2009, p. 97:15).  It further instructed the Discovery Master "in no

14  uncertain terms, that there is no stay on *any* discovery related to this case at all,"

15  (id., p. 97:9–10 [emphasis added]), and "there is nothing from this Court which is

16  precluding *any* discovery that is properly sought for the trial that is scheduled," (id.,

17  p. 101:22:24 [emphasis added]).  While these statements admittedly arose in the

18  context of the lifting of the stay on Phase 2 discovery, the Discovery Master

19  nevertheless believes that they are instructive of the Court's view that any request

20

21  [2] *See* Order dated February 4, 2008, p. 3 (stating that "[t]he fact that the Discovery Master's
22  ruling might impact upon the Court's scheduling order does not relieve the parties of following
    this procedure.")

23  [3] That the stay requested by the MGA Parties could force the Court to alter its scheduling order is
24  clear, because the requested stay is of an indefinite duration.  Although the MGA Parties request a
    stay until 21 days after the Court rules on Mattel's contemplated summary judgment motion,
25  (Protective Order Motion, p. 5), no such motion is pending before the Court.  Nor is there a
    hearing date on the yet-to-be-filed motion, let alone an indication as to when the Court might be
26  able to issue a ruling disposing of it.

27  [4] The Court issued its Phase 2 scheduling order more than one month after the appointment of the
28  current Discovery Master.

EXHIBIT    2
PAGE       031

1   to the Discovery Master for a stay of Phase 2 discovery should be rejected absent

2   extraordinary circumstances not present here.

3           **3.      There Is No Dispositive Motion Pending**

4           Third, the MGA Parties have failed to demonstrate that a stay is warranted,

5   because no dispositive motion is pending before the Court.  The MGA Parties

6   concede in their moving papers and again in their Reply that Mattel has merely

7   represented that it will file a summary judgment motion at some point in the future.

8   (Protective Order Motion, p. 4; Reply, p. 4).  In the absence of a *pending*

9   dispositive motion, there is no basis for granting the requested stay.[5]

10          **4.      Mattel's Contemplated Summary Judgment Motion Will**

11                   **Not Dispose Of MGA's Trade Dress Claims**

12          Even assuming a dispositive motion had been filed with the Court, the MGA

13

14  [5] The cases cited by the MGA Parties to support its request for a stay are inapposite.  In each case,
    the party seeking the discovery stay was the party who had brought the pending dispositive
15  motion.  (*See In re Netflix Antitrust Litig.*, 506 F.Supp.2d 308, 321 (N.D. Cal. 2007) [Defendant
    who filed a motion to dismiss and requested a stay of discovery was ordered to disclose some
16  documents upon partial lifting of stay by the Ninth Circuit.]; *Orchid v. Biosciences, Inc. v. St.
    Louis University*, 198 F.R.D. 670, 671 – 672 (S.D. Cal. 2001) [Defendant, who had moved to
17  dismiss for lack of personal jurisdiction, sought protective order denying all discovery or,
    alternatively, limiting the discovery to jurisdictional issues]; *Landry v. Air Pilots Ass'n Intern.
18  AFL-CIO*, 901 F.2d 404, 435 – 436 (5th Cir. 1990) [Defendant, who had brought motion for
    summary judgment, properly sought and obtained a protective order staying discovery
19  propounded on it by plaintiffs.]); *Little v. City of Seattle*, 863 F.2d 681 (9th Cir. 1988) [Stay on
    discovery upheld in favor of party who raised immunity issue via a summary judgment motion];
20  *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D.C.Del., 1979) [Defendant
    who filed motion to dismiss for lack of ripeness sought a stay of discovery].  By comparison, the
21  MGA Parties are not arguing that a stay is appropriate due to a dispositive motion that they intend
    to bring or that the contemplated motion will defeat their trade dress claims.  On the contrary, the
22  MGA Parties are arguing that a stay should be imposed until Mattel's contemplated summary
    judgment motion, which the MGA Parties believe should be denied, is resolved.
23          Further, the five cases cited by the MGA Parties all involved situations where a dispositive
24  motion had already been filed with the Court.  (*Id.*)
            Finally, most of the cases relied upon by the MGA Parties were at a relatively nascent stage.
25  Indeed, the dispositive motion was typically a motion to dismiss.  (*See, e.g., In re Netflix Litig.*,
    506 F.Supp.2d at 321; *Orchid*, 198 F.R.D. at 671 – 672; *Coastal States Gas Corp.*, 84 F.R.D. at
26  282;).  In contrast, a trial has already been held in this matter and the lawsuit has been pending for
27  several years.
28

EXHIBIT _____2_____

PAGE _____032_____

1  Parties have not demonstrated that "[t]he pending motion [is] potentially dispositive
2  of the entire case, or at least dispositive on the issue at which discovery is directed."
3  (*Qwest Communications Corp.*, 2007 WL 2288299, *2). Mattel's contemplated
4  summary judgment motion will not dispose of MGA's trade dress claims because it
5  is undisputed that MGA's trade dress claims "concern products and other matters
6  that will not be the subject of Mattel's contemplated motion." (Opposition, p. 15;
7  *see also* Reply p. 11 n.6).

8      The MGA Parties nevertheless argue in their Reply that "it would make far
9  more sense for MGA to compile responsive information once the summary
10  judgment motion is decided and the full scope of the trade dress claims is settled."
11  (Reply, p. 11 n. 6). Phrased differently, the MGA Parties argue not that the
12  summary judgment motion may moot all of the requested discovery, but only that,
13  if granted, it would narrow the scope of the trade dress discovery. Because
14  discovery will inevitably be required on certain portions of MGA's trade dress
15  claims, this is not a situation where the contemplated motion is potentially
16  dispositive of the issue at which the discovery is directed. Accordingly, the stay
17  requested by the MGA Parties can be denied for that reason alone.

18          **5.    Other Factors Also Weigh Against Issuing The Requested**
19                  **Stay**

20      Finally, many, if not all, of the other factors a court may consider in deciding
21  whether a stay is appropriate pending the resolution of a dispositive motion weigh
22  in favor of denying the requested stay.

23                  **a.    The Merits Of The Dispositive Motion**

24      As explained in *Qwest Communications Corp.*, 2007 WL 2288299, *2, one
25  of the additional factors a court may consider is whether the merits of the pending
26  dispositive motion make it likely that the motion will be granted. Although the
27  Discovery Master cannot perform such an analysis here (because no dispositive
28  motion is pending), I note that the MGA Parties stated in their moving papers that

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 12 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___2___
PAGE ___033___

1  Mattel's contemplated summary judgment "arguments are not well-taken . . ."

2  (Protective Order Motion, p. 13). In light of this statement, the MGA Parties are

3  precluded from arguing that it is likely Mattel's motion will be granted in order to

4  justify their request for a stay. Accordingly, the Discover Master finds that – based

5  on the record presented – this factor weighs against issuing the requested stay.[6]

6            **b.    Prejudice To Mattel**

7       Imposing a stay on MGA's trade dress claims could also prejudice Mattel by

8  delaying the ultimate resolution of the matter and increasing litigation costs. As

9  explained above, the stay requested by the MGA Parties is of an indefinite duration

10  and could delay the trial or, alternatively, force Mattel to expedite discovery efforts

11  after the stay is lifted. Moreover, Mattel could be forced to depose the same

12  witnesses multiple times in Phase 2 (once for those issues not related to MGA's

13  trade dress claims and later with respect to those trade dress issues that remain

14  following the disposition of Mattel's contemplated summary judgment motion).

15  For these reasons, this factor weighs against staying the trade dress discovery.

16            **c.    The MGA Parties Have Not Demonstrated They Will**

17                  **Suffer Any Undue Burden**

18       While the MGA Parties claim that it will "be extremely difficult, time-

19  consuming and costly" to respond to the eight trade dress interrogatories at issue,

20  (Protective Order Motion, p. 14), as noted above, some trade dress discovery will

21  have to be taken regardless of the outcome of Mattel's anticipated summary

22  judgment motion. Further, while it is possible that Mattel's contemplated summary

23  judgment motion, if granted, could simplify the issues for trial and reduce the costs

24  imposed on the MGA Parties, it is also possible that the resolution of the motion

25  will not have any bearing on the scope of the discovery needed in this case.

26  Regardless, a party is always burdened with costs when it voluntarily chooses to

27
28  ———————————
[6] Of course, the Discovery Master is in no way deciding the merits of Mattel's contemplated summary judgment motion.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT ___2___
PAGE ___034___

1   pursue a claim, whether the case ultimately is dismissed, summary judgment is

2   granted, the case is settled, or a trial occurs. If the MGA Parties wish to avoid these

3   costs in connection with MGA's trade dress claims, MGA can always dismiss them.

4   Because any hardship that MGA might face is one of its own making, any burden

5   imposed on it in having to respond to the discovery is justified. Accordingly, this

6   factor weighs against issuing the requested stay.

7               **d.    The Interests Of The Judiciary And The General**

8                            **Public**

9        The Court, using funds supplied by the general public, has already expended

10  a great deal of effort and resources in this matter, including conducting a lengthy

11  trial in Phase 1. The Court further issued a scheduling order that established a

12  specific trial date and discovery cut-off for Phase 2. Consequently, the general

13  interests of controlling the court's docket and the fair and speedy administration of

14  justice weigh heavily in favor of denying the requested stay.

15        **E.    Summary Of Ruling Regarding The Protective Order Motion**

16        For all of the foregoing reasons, the MGA Parties have failed to meet their

17  burden of demonstrating that good cause exists for issuance of a protective order

18  staying their obligation to respond to the subject discovery.

19  **III.   MATTEL'S MOTION TO COMPEL**

20        Having denied the Protective Order Motion, the Discovery Master now turns

21  to Mattel's Motion To Compel.

22        **A.    Interrogatory Nos. 43 and 44**

23               **1.    Orders Issued By The Prior Discovery Master**

24        As explained in Section I.A., above, this is not the first time that Mattel has

25  moved to compel responses to Interrogatory Nos. 43 and 44. The prior discovery

26  master ordered MGA to supplement its responses to these interrogatories as part of

27  his February 15, 2008 order ("February 15, 2008 Order"). (Watson Decl., Ex. 8 at

28  pp. 11 – 12). Seven days after the deadline specified in the February 15, 2008

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES
                                        - 14 -         ORDER NO. 17
                                              [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___2___
PAGE ___035___

1  Order for supplementing its responses to Interrogatory Nos. 43 and 44, MGA

2  served objections stating that the discovery in question related to Phase 2 and had

3  been stayed pursuant to a February 4, 2008 order from the Court. (*Id.*, Ex. 9 at pp.

4  7 – 16). After having been advised of the stay imposed by the Court on

5  February 4, 2008, the prior discovery master clarified his February 15, 2008 Order

6  on April 22, 2008 ("April 22, 2008 Order"), ruling that "[t]he MGA Parties

7  obligation to supplement their responses . . . [was] stayed until further order of the

8  district court lifting the stay on Phase 2 discovery." (*Id.*, Ex. 10 at p. 3).

9            **2.    The Relief Sought By Mattel**

10           Because MGA failed to supplement its response to Interrogatory Nos. 43 and

11  44 after the Court lifted the stay on Phase 2 discovery on January 6, 2009, Mattel

12  requests that the Discovery Master enforce the February 15, 2008 Order and require

13  MGA to supplement its responses. (Motion To Compel, pp. 9 – 10).

14           **3.    MGA's Opposition**

15           In its Opposition, MGA relies on two grounds for refusing to provide

16  responses to Interrogatory Nos. 43 and 44. First, MGA argues that it is not in

17  violation of the prior discovery master's February 15, 2008 Order because that

18  order was subsequently stayed by the April 22, 2008 Order, which "did not include

19  any specific date, or time period, after the Phase 2 stay was lifted within which

20  MGA had to provide supplemental responses." (Opposition, p. 10; *see also id.*, pp.

21  9 and 11). Second, MGA argues that it has not refused to answer Interrogatory

22  Nos. 43 and 44 but rather simply moved for a protective order and noted that it will

23  either provide further responses following the denial of that motion or, in the event

24  the motion is granted, after the Court decides Mattel's contemplated summary

25  judgment motion. (*Id.*, pp. 11 – 12).

26           The Discovery Master does not find either of these arguments persuasive.

27           **a.    The April 22, 2008 Order**

28           While MGA is correct that the prior discovery master temporarily stayed the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 15 -                    ORDER NO. 17
                    [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___2___
PAGE _____ 036

1    enforcement of his February 15, 2008 Order in his April 22, 2008 Order, its

2    argument that it does not have any obligation to supplement the responses to

3    Interrogatory Nos. 43 and 44 because the April 22, 2008 Order did not specify a

4    time within which MGA had to provide responses is not supported by the record.

5          As soon as the stay on Phase 2 discovery was lifted, MGA's obligation to

6    supplement its responses to Interrogatory Nos. 43 and 44 pursuant to the

7    February 15, 2008 Order returned. Indeed, the plain language of the prior

8    discovery master's April 22, 2008 Order states that the "MGA Parties obligation to

9    supplement their responses . . . are hereby stayed **until further order of the**

10   **district court lifting the stay on Phase 2 discovery.**" (Watson Decl., Ex. 10 at p.

11   3 (emphasis added)). Because the Court lifted the stay on Phase 2 discovery on

12   January 6, 2009, the April 22, 2008 Order has not been a shield to the enforcement

13   of the prior discovery master's February 15, 2008 Order since the lifting of the stay.

14         Further, MGA had, at most, eleven days following the lifting of the stay on

15   Phase 2 discovery to supplement its responses to Interrogatory Nos. 43 and 44.

16   (Watson Decl., Ex. 8 at pp. 11 – 12 and 22). The prior discovery master's February

17   15, 2008 Order required MGA to provide its supplemental responses within eleven

18   days of the order (i.e., on February 26, 2008). (*Id.*, Ex. 8 at p. 22). Giving MGA

19   the benefit of the doubt and assuming that all eleven of those days remained at the

20   time the stay was lifted on January 6, 2009, MGA had until January 19, 2009 to

21   provide its responses to Mattel (i.e., 11 days under the February 15, 2008 Order,

22   plus 2 additional days because January 17, 2009 falls on a Saturday). Because

23   more than three months have passed without a response, MGA has not complied

24   with the terms of the prior discovery master's February 15, 2008 Order.

25                     **b.    MGA's Offer To Produce The Supplemental**

26                           **Responses Following The Disposition Of The**

27                           **Protective Order Motion**

28         The contention that MGA somehow remedied its failure to supplement its

EXHIBIT _____ 2
PAGE _____ 037

1  responses to Interrogatory Nos. 43 and 44 by offering to provide further responses

2  following the ruling on the Protective Order Motion is likewise unavailing. (*Id.*,

3  pp. 11 – 12). MGA cites no legal authority, and the Discovery Master has found

4  none, supporting the proposition that a party may refuse to respond to an

5  interrogatory after it has been ordered to do so by subsequently filing a motion for a

6  protective order. Nor would such a rule be logical, as it would permit the party

7  ordered to respond to thereby nullify the effect of the court order. Regardless, the

8  Discovery Master denied the Protective Order Motion and finds that it cannot be

9  used as a basis for failing to comply with the February 15, 2008 Order.

10      **4.    Conclusion**

11      For all of the foregoing reasons, MGA must promptly provide full and

12  complete responses to Interrogatory Nos. 43 and 44.

13  **B.    Mattel's Request For Sanctions Regarding Interrogatory Nos. 43**

14      **And 44**

15      In its Motion To Compel, Mattel also requests that the Discovery Master

16  sanction MGA in the amount of $4,515 for failing to comply with the prior

17  discovery master's February 15, 2008 Order. (Motion To Compel, pp. 10 – 11). In

18  response, MGA argues that the Motion To Compel is "entirely unnecessary," since

19  "there is no dispute about whether MGA will respond to Interrogatories 43 and 44,

20  only when, and MGA had already brought the 'when' question to the Discovery

21  Master one week before Mattel filed the instant motion to compel" as part of its

22  Protective Order Motion. (Opposition, p. 13). However, the fact that one party has

23  moved for a protective order does not prevent the party opposing that motion from

24  subsequently filing a motion to enforce a prior court order, particularly where the

25  latter motion requests that the Discovery Master compel MGA to provide responses

26  to the interrogatories at issue "without further delay," (Motion To Compel, p. 10),

27  while the motion for a protective order indicates that MGA will respond to the

28  interrogatories, at the earliest, "within 21 days after" the denial of the Protective

EXHIBIT ___2___
PAGE ___038___

1  Order Motion, (Protective Order Motion, p. 10).

2      MGA next argues that sanctions should be denied because its Protective

3  Order Motion is supported by numerous cases, (Opposition, pp. 13 – 14), and that

4  "it would be a perversion of every conceivable notion of economy and efficiency,

5  not to mention fairness . . . if a motion to compel could be used to sanction a party

6  for exercising its legal right to seek a protective order." (Id., p. 14). But these

7  arguments are not persuasive for the same reasons discussed in Section II and

8  Section III.A.3.b., above, namely that the Protective Order Motion is not

9  meritorious and MGA has not cited any legal authority supporting the proposition

10  that a party may refuse to respond to an interrogatory after it has been ordered to do

11  so by subsequently filing a motion for a protective order.

12      Finally, MGA argues that it "has not appealed, challenged or otherwise

13  refused to obey" the prior discovery master's order, (id.), but merely requested that

14  the "Discovery Master temporarily defer the time to respond . . . based upon the

15  new, intervening circumstances that arose between the issuance of that order and

16  the lifting of the discovery stay," (id., p. 15). However, this is just another way of

17  saying that MGA refused to supplement its responses as required by the prior

18  discovery master due to its mistaken belief that the Protective Order Motion

19  obviated the need to comply with the February 15, 2008 Order. Because that

20  argument has already been rejected, MGA has failed to show that it had substantial

21  justification for opposing the enforcement of the February 15, 2008 Order.

22  Accordingly, the Discovery Master sanctions MGA in the amount of $4,515.[7]

23      **C.   Supplemental Interrogatory Nos. 51 – 55 And 64**

24          **1.   The Relief Sought By Mattel**

25      Mattel next requests that the Discovery Master overrule MGA's objections

26  and compel it to provide full and complete responses to Supplemental Interrogatory

27  ───────────────
[7] Having determined that MGA lacked substantial justification for failing to comply with the

28  February 15, 2008 Order, the Discovery Master denies MGA's request for sanctions.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 18 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___2___
PAGE ___039___

1    Nos. 51 – 55 and 64. (Motion To Compel, pp. 12 – 21).

2            **2.    MGA's Opposition**

3        In its Opposition, MGA initially argues that Mattel failed to meet and confer

4    in good faith. (Opposition, pp. 16 – 18). It further argues that even if Mattel did

5    meet and confer sufficiently, its other objections to the interrogatories (i.e., that

6    they (1) contain overbroad definitions, (2) are compound, (3) are duplicative of

7    other interrogatories, (4) improperly seek expert witness information, privileged

8    information, and information better known to Mattel, and/or (5) impose an undue

9    burden) are meritorious and should be sustained. (*Id.*, pp. 18 – 26).

10           **a.    Purported Failure To Meet And Confer**

11        Because it could dispose of the outstanding discovery issues related to

12    Supplemental Interrogatory Nos. 51 – 55 and 64, the Discovery Master first

13    addresses MGA's argument that Mattel failed to meet and confer in good faith prior

14    to filing its motion.

15        MGA argues that Mattel did not meet and confer in good faith because its

16    "meet and confer letter concerning these interrogatories is utterly devoid of any

17    reference whatsoever to the putative impropriety of the objections it now challenges

18    . . ." (Opposition, p. 17). However, MGA admits that the parties did meet and

19    confer about certain issues regarding these interrogatories. (*Id.*, p. 18 ["While the

20    parties did meet and confer about the timing of MGA's response to Interrogatory

21    Nos. 51 – 55 and 64 . . ." (emphasis omitted)]). The record further reflects Mattel

22    sent a meet and confer letter and had multiple phone calls with MGA's counsel

23    about these specific interrogatories. (Watson Decl., ¶ 18 and Exs. 15, 17 and 19).[8]

24    In fact, a letter dated January 28, 2008 specifically asks MGA to let Mattel know

25    "[i]f MGA or Larian intends to limit their responses [to the Supplemental

26

27    [8] The Discovery Master overrules MGA's evidentiary objections to Paragraph 18 of the Watson
Decl. because the statements are based on Mr. Watson's personal knowledge, are not vague and
28    ambiguous, do not constitute hearsay, and are not argumentative.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 19 -

EXHIBIT _____2_____
PAGE _____040_____

1   Interrogatories] based on . . . any other objections . . ." (Watson Decl., Ex. 15).

2   Under such circumstances, the Discovery Master finds that Mattel satisfied Rule

3   37's "good faith" meet and confer requirement.

**b.    Definitional Objections**

5       MGA's first substantive argument in opposition to Supplemental

6   Interrogatory Nos. 51 – 55 and 64 is that Supplemental Interrogatory No. 52 is

7   ambiguous because of the manner in which the term "SALES" is defined.

8   (Opposition p. 19). MGA likewise asserts that Supplemental Interrogatory Nos. 51

9   – 55 are ambiguous because of the definition used for the term "MATTEL." (*Id.*,

10  pp. 19 – 20). However, MGA has not cited any legal authority in support of its

11  position.

12      Moreover, MGA did not set forth the grounds for its objections "with

13  specificity," at the time it objected to the interrogatories, as required by Federal

14  Rule of Civil Procedure 33(b)(4). To the contrary, it merely "incorporate[d]

15  General Objection Nos. 14 – 15 (regarding Definitions), including without

16  limitation its objection to the definition of the term 'MATTEL" for Supplemental

17  Interrogatory Nos. 51 – 55, (Separate Statement, pp. 4 – 8), as well as the term

18  "SALES" with respect to Supplemental Interrogatory No. 52 (*id.*, pp. 5 – 6). This

19  incorporation by reference of a list of general objections is insufficient to preserve

20  an objection. (*Convertino v. U.S. Dept. of Justice*, 565 F.Supp.2d 10, 12 – 13

21  (D.D.C. 2008); *ACMA USA, Inc. v. Surefil, LLC*, 2008 WL 2714422, *2 (E.D.Va.

22  July 7, 2008); *Grider v. Keystone Health Plan Central, Inc.*, 2007 WL 2874423, *5

23  - *6 (E.D.Pa. September 27, 2007); *see also* Fed. R. Civ. Proc. 33(b)(4)).

24      Regardless, the Discovery Master is not persuaded that MGA is unable to

25  understand the terms MATTEL and SALES. Accordingly, the definitional

26  objections are overruled. MGA must answer the interrogatories.[9]

27  _____

28  [9] The prior discovery master repeatedly required MGA to respond to discovery that used these
    definitions, including Interrogatory Nos. 43 and 44. (Watson Decl., Exs. 1 and 8).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 20 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___2___
PAGE ___041___

### c.     Expert Witness Objection

With respect to Supplemental Interrogatory Nos. 51 and 53, MGA asserts
that it "has simply interposed an objection that preserves [its] right to rely on expert
testimony." (Opposition, p. 21). Since that is the full extent of MGA's expert
witness objection, the Discovery Master agrees that the objection, as limited by
MGA, is valid. What MGA cannot do is assert that this objection permits it to
withhold information that is now available to it. Accordingly, the objection is
sustained to the extent that MGA's interrogatory response merely includes a
reservation of rights to supplement the response during expert discovery.

### d.     Objection That The Information Is Better Known By Mattel

Regarding Supplemental Interrogatory No. 51, MGA asserts that the request
for it to identify Mattel products by stock keeping number or bar code number is
objectionable because that information is better known to Mattel. (*Id.*, p. 21).
However, MGA cannot withhold information on the ground that Mattel knows
which people have knowledge of Mattel's purported copying of MGA's intellectual
property. Mattel is entitled to discover the information MGA possesses and the
factual bases of its trade dress claims.

As for MGA's claim that Supplemental Interrogatory No. 54 improperly asks
it to identify all persons with knowledge of certain facts even though it does not
know everyone who may possess such information, (*id.*, pp. 21 – 22), it is
incumbent upon MGA to provide the information that is within its custody,
possession or control. In fact, MGA concedes that it will provide "whatever
information it has." (*Id.*, p. 22).

### e.     Compound Objection

MGA next asserts that Supplemental Interrogatory Nos. 51 – 53 are
impermissibly compound. (Opposition, pp. 22 – 23). This contention is
unavailing. The questions in each interrogatory refer to one common theme and a

EXHIBIT ____ 2
PAGE ____ P 42

1   common group, and count as a single interrogatory. (*See Swackhammer v. Sprint*

2   *Corp. PCS*, 225 F.R.D. 658, 644 (D.Kan. 2004) ["[A]n interrogatory containing

3   subparts directed at eliciting details concerning a 'common theme' should generally

4   be considered a single question"]). Accordingly, the objection is overruled.

### f.   Duplicative Objection

6       MGA's sixth argument is that Supplemental Interrogatory Nos. 51 and 52 are

7   duplicative of other interrogatories Mattel propounded previously. (Opposition, pp.

8   23 – 24). But MGA has failed to demonstrate that this is the case. As an initial

9   matter, MGA does not explain why Supplemental Interrogatory No. 51 is

10   duplicative of other interrogatories. Rather, it simply states that Mattel "does not

11   take issue with MGA's duplication objection," (*id.*, p 23), even though Mattel

12   addressed that issue in footnote 81 of its Motion to Compel, (Motion To Compel, p.

13   19 ["MGA further objects that Interrogatory No. 51 is duplicative of Interrogatory

14   No. 6 . . . No. 49 . . . .Although Interrogatory Nos. 6 and 49 also address the facts

15   regarding MGA's trade dress claims, MGA has yet to identify each of the Mattel

16   products it contends copied, infringed, or diluted MGA's products by SKU number,

17   as requested by Interrogatory 51."]). Because it has not analyzed Interrogatory No.

18   51, MGA's objection to that interrogatory is overruled.

19       MGA's claim that Supplemental Interrogatory No. 52 is duplicative of

20   Interrogatory No. 45 is also unpersuasive. Supplemental Interrogatory No. 52 seeks

21   MGA profit, costs and revenue associated with each trade dress MGA contends

22   Mattel copied, infringed or diluted, (Separate Statement, p. 5), whereas

23   Interrogatory No. 45 asks MGA to identify each Bratz product that MGA sold and

24   to identify the profits, costs and revenue associated with each such product.

25   The questions are therefore not the same.[10] Accordingly, the objections are

26

27   ---

[10] If the interrogatories were the same as previous interrogatories it answered, MGA should be able to respond to the latest interrogatories by cutting and pasting its responses to the prior interrogatories. However, as discussed below, MGA alleges that responding to Supplemental

28   Interrogatory Nos. 51 and 52 will be overly burdensome, thereby implying that the questions are not identical in scope. (Opposition, p. 25).

EXHIBIT   2
PAGE      043

1    overruled.

2    **g.    Undue Burden Objection**

3         MGA next objects that Supplemental Interrogatory Nos. 51 – 53 and 64 are

4    unduly burdensome.

5         However, MGA has not provided any evidence in connection with its Motion

6    To Compel to support its claim of burden. (*See Jackson*, 173 F.R.D. at 528-9 ["The

7    party claiming that a discovery request is unduly burdensome must allege specific

8    facts which indicate the nature and extent of the burden, usually by affidavit or

9    other reliable evidence."]). Further, MGA cannot complain that the interrogatories

10   are unduly burdensome when Mattel merely seeks information regarding the extent

11   of MGA's trade dress claims. If MGA contends Mattel infringed numerous

12   products, Mattel has the right to discover the scope of the alleged claims.

13   Accordingly, the objections are overruled.

14   **h.    Privilege Objection**

15        Regarding Supplemental Interrogatory Nos. 52, 53, 55 and 64, MGA argues

16   that it asserted a privilege objection merely to "preserve [its] ability to protect,

17   privileged documents and information . . . . [and to make] clear that it was not

18   waiving the attorney-client privilege . . .." (Opposition, p. 25).  Since that is the

19   full extent of MGA's privilege objection, the Discovery Master agrees that

20   objection as so limited is valid. Accordingly, the objection is sustained on that

21   limited ground.

22   **3.    Conclusion**

23        For all of the foregoing reasons, MGA must promptly provide full and

24   complete responses to Supplemental Interrogatory Nos. 51 – 55 and 64, except as

25   limited above.

26   **D.    Summary Of Ruling Regarding The Motion To Compel**

27        Mattel's Motion To Compel is granted, except as limited above.  Mattel's

28

EXHIBIT ___2___
PAGE ___044___

1   request for sanctions in connection with Interrogatory Nos. 43 and 44 is also

2   granted.

3   **IV.   MATTEL'S *EX PARTE* APPLICATION**

4        Several days after Mattel filed its Motion to Compel on March 6, 2009,

5   Mattel filed its Application for issuance of an order to show cause regarding

6   contempt. The Application addresses Interrogatory Nos. 43 and 44 (the

7   "Interrogatories") and is based on the same facts summarized above with respect to

8   the Motion to Compel and Protective Order Motion. However, unlike the Motion

9   to Compel, Mattel filed its Application with the Court, arguing that the Discovery

10   Master is not authorized to issue contempt sanctions. By order dated March 12,

11   2009, the Court referred the Application to the Discovery Master, who was

12   instructed to review it in the first instance and recommend a disposition to the

13   Court. (Order dated March 12, 2009, p. 1).

14        **A.   Basis For The Application**

15           **1.   Circumstances Warranting *Ex Parte* Relief.**

16        In the introductory section of its Application preceding the Memorandum of

17   Points and Authorities, Mattel sets forth the following grounds for *ex parte* relief:

18           [F]or two months, MGA failed and refused to produce Phase 2

19           discovery, including such discovery that was previously ordered.

20           MGA also has a history of flouting Court Orders, but remains

21           undeterred by prior warnings and prior awards of sanctions.

22           Absent prompt intervention by this Court, MGA will continue to

23           block even ordered Phase 2 discovery. Furthermore, MGA's

24           conduct is a direct challenge to the authority of the court and the

25           Discovery Master, and additional delay would inappropriately

26           reward MGA for its refusals to comply with the [prior discovery

27           master's February 15, 2008] Order.

28   (Application, p. i).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 24 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___2___
PAGE ___ ᶜ 45.

1        In its Reply, Mattel offers the following as a further justification for bringing

2    the matter on an *ex parte* basis:

3            MGA has repeatedly employed the procedural tactic of refusing

4            to comply with discovery requests and forcing Mattel to return to

5            court for multiple successive orders and sanctions compelling

6            discovery.  In so doing, MGA effectively halts the discovery

7            process and deprives Mattel of crucial information to which it is

8            entitled. ... Requiring Mattel to repeat the process of filing a

9            regularly noticed motion would unduly reward MGA for its

10           refusal to comply with the [February 15, 2008] Order and

11           enhance MGA's ability to perpetually deprive Mattel of crucial

12           time in which to conduct discovery.

13   (Reply, pp. 3-4).

14           **2.      Circumstances Warranting Issuance Of An Order To Show**

15                   **Cause**

16       In its Application, Mattel argues that, although MGA has improperly refused

17   to respond to all of the discovery referenced in the Motion to Compel (including the

18   Interrogatories), that refusal is, in essence, an "aggravated offense" with respect to

19   the Interrogatories, because MGA had already been ordered to provide responses to

20   those Interrogatories pursuant to the prior discovery master's February 15, 2008

21   Order.  Mattel therefore argues that MGA's failure to provide responses to the

22   Interrogatories should be singled out for special treatment as contempt of the Court.

23           **3.      Relief Sought**

24       MGA seeks issuance of an order to show cause that MGA is in contempt, a

25   finding of contempt, and the following monetary relief:

26       •  An award of coercive sanctions against MGA in the amount of $5,000

27          for each day that MGA fails to produce full and complete responses to

28          Interrogatories Nos. 43 and 44 as mandated by the Order, and, in the

EXHIBIT   2
PAGE      46

1    event that MGA does not comply within five days of the Court's

2    Order, the amount of coercive sanctions should be increased to

3    $10,000 per day (with all such per diem fine amounts being paid to the

4    Court); and

5    • An award of monetary sanctions against MGA in the amount of

6    $7,000, which represents a portion of the costs incurred by Mattel in

7    bringing the Application.

8    (Application, pp. i - ii).

9    **B.    Discussion**

10   **1.    *Ex Parte* Relief Is Not Justified**

11   As MGA notes, the Court's standing order indicates that *ex parte*

12   applications are "solely for extraordinary relief." This directive was underscored

13   by the Court's Discovery Master Order, which requires that a party applying for *ex*

14   *parte* relief must show that "good cause" exists for hearing any dispute "on

15   shortened time" and that it will "be prejudiced absent prompt resolution" of the

16   issue. (Discovery Master Order, pp. 4 – 5).

17   This standard is not satisfied here. Mattel does not adequately demonstrate

18   that it will be prejudiced if the underlying motion is heard according to regularly

19   noticed motion procedures. The discovery cut-off is still eight months in the future

20   (December 11, 2009), and trial is more than a year away. In its Reply, Mattel

21   argues that it would be unfair to require Mattel to seek relief by means of a

22   regularly noticed motion, given the relevant history:

23   Mattel *already* followed this course of action and already

24   obtained an Order that MGA produce amended interrogatory

25   responses. MGA refuses to obey that [February 15, 2008] Order.

26   Requiring Mattel to repeat the process of filing a regularly

27   noticed motion would unduly reward MGA for its refusal to

28   comply with the [February 15, 2008] Order and enhance MGA's

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 26 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT _____ 2
PAGE _____ 047

1          ability to perpetually deprive Mattel of crucial time in which to
2          conduct discovery.

3    (Reply, p. 4, emphasis in original).

4          Mattel's frustration is understandable; Mattel has already been through this
5    process twice (counting the pending motion to compel) with respect to the identical
6    interrogatories which are the subject of the Application. However, Mattel's
7    assertion that it should be allowed to dispense with a noticed motion ignores one
8    important point: the Application seeks relief which both parties acknowledge is
9    entirely different in character than an award of ordinary monetary sanctions for
10   discovery abuses. Unlike its motions to compel, the Application seeks a finding
11   that MGA has deliberately disobeyed a Court order and should be punished by an
12   award of coercive sanctions until it complies with the order. This is the first time
13   Mattel has sought such relief, and MGA has never previously been provided the
14   opportunity to oppose the requested relief in connection with a regularly noticed
15   motion. Thus, while Mattel's above quoted argument might have some application
16   if Mattel were seeking ordinary discovery sanctions on an *ex parte* basis, it does not
17   justify Mattel in seeking contempt sanctions for the first time on an *ex parte* basis.

18         Moreover, the chronology of events tends to negate the assertion that Mattel
19   is suffering immediate and irreparable prejudice from the delay occasioned by
20   MGA's failure to respond to the Interrogatories. MGA has refused to respond to
21   the Interrogatories since the Court lifted the stay on Phase 2 discovery on January 6,
22   2009. Nevertheless Mattel did not file its Application until two months later, after
23   MGA filed the Protective Order Motion and after Mattel filed its Motion to Compel
24   MGA to respond to the outstanding trade dress discovery, including providing
25   responses to the Interrogatories. The timing of these events undermines Mattel's
26   argument that expedited relief is necessary.

27         In the absence of some exigency, the Discovery Master believes that the
28   severity and punitive character of contempt sanctions warrant affording the parties

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 27 -

ORDER NO. 17
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 2
PAGE 048

1    the time and opportunity to present their arguments in the context of a regularly

2    noticed motion. Consequently Mattel was not justified in seeking relief on an *ex*

3    *parte* basis. Nevertheless, because Mattel could simply re-file the Application as a

4    regularly noticed motion and because the Discovery Master is not inclined to

5    recommend that the Court grant the relief Mattel seeks at this time, I address the

6    substantive issues raised by the Application below.

7              **2.    MGA's Alleged Disobedience Of The Prior Order**

8                        **a.    Legal Standard**

9         As the Ninth Circuit has observed:

10             Courts are invested with inherent powers that are 'governed not

11             by rule or statute but by the control necessarily vested in courts to

12             manage their own affairs so as to achieve the orderly and

13             expeditious disposition of cases.'

14    (*Unigard Security Ins. Co. v. Lakewood Engineering & Manufacturing Corp.*, 982

15    F.2d 363,368 (9th Cir. 1992) (citations omitted)). When a party fails to comply

16    with a court order, that party commits civil contempt. (*General Signal Corp. v.*

17    *Donallco, Inc.*, 787 F.2d 1376, 1376 (9th Cir. 1986)). Additionally, Federal Rule of

18    Civil Procedure 37(b)(2)(A) authorizes a court to treat the failure to obey a

19    discovery order as contempt.

20         The Ninth Circuit has further observed that "courts have strictly adhered to

21    the principle that the power to punish for contempt is limited to '(t)he least possible

22    power adequate to the end proposed.'" (*In re Gustafson*, 619 F.2d 1354, 1361 (9th

23    Cir. 1980) (citations omitted)).

24         Mattel acknowledges that it must meet an exacting standard in order to

25    prevail on its Application. Specifically, the party seeking imposition of civil

26    contempt sanctions must demonstrate "by *clear and convincing evidence* that the

27    contemnors violated a *specific and definite* order of the court." (*United States v.*

28    *Rose*, 437 F.Supp.2d 1166, 1170 (S.D. Cal. 2006) *quoting FTC v. Affordable Media*

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES
                                   - 28 -              ORDER NO. 17
                                          [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___2___
PAGE ___049___

1   *LLC*, 179, F.3d 1228, 1239 (9ᵗʰ Cir. 1990) (emphasis added)). Further, any doubts

2   as to whether the requirements for civil contempt have been met in a particular case

3   must be resolved in favor of the party accused of civil contempt. (*In re Chief*

4   *Executive Officers Clubs, Inc.*, 359 B.R. 527, 535 (S.D.N.Y. 2007)).

5         In accordance with this standard, contempt sanctions will not be imposed

6   unless the language of the order allegedly violated is clear and unambiguous.

7   (*Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 892 (9th Cir.

8   1982) (affirming district court's denial of applications to hold defendants in

9   contempt for violating terms of consent judgment where, among other things,

10  certain "language of the judgment was ambiguous"); *Sunbeam Corp. v. Black &*

11  *Decker (U.S.) Inc.*, 151 F.R.D. 11, 15 (D.R.I. 1993) (denying motion for contempt

12  and for sanctions where the discovery at issue was open to interpretation: "Any

13  ambiguities or uncertainties in the court order must be read in a light favorable to

14  the person charged with contempt. ... Contempt power should not be used where

15  there is uncertainty"); *Redman v. U.S.*, 77 F.2d 126, 127 (9th Cir. 1935) ("[T]he

16  power of the court to punish for contempt should be used with caution and

17  deliberation.")).

18                    **b.    Application To The Facts**

19        Mattel argues that MGA violated the February 15, 2008 Order, and that it

20  continued to do so for two months before the prior discovery master stayed MGA's

21  obligation to respond to the Interrogatories on April 22, 2008. (Application, p. 13).

22  That assertion is not accurate. In granting MGA's motion for clarification of the

23  February 15, 2008 Order, the prior discovery master in essence retroactively found

24  that MGA should not have been ordered to immediately provide supplemental

25  responses because the Interrogatories involved Phase 2 issues and were therefore

26  subject to the Court's February 4, 2008 stay order – a stay imposed 11 days before

27  the February 15, 2008 Order.

28        When the stay was lifted, on January 6, 2009, the Court did not set a new

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

-29-                                      ORDER NO. 17
                                   [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT _____2_____
PAGE _____050_____

1    deadline for MGA to provide supplemental responses in compliance with the

2    February 15, 2008 Order, nor did Mattel request that either the Court or the current

3    Discovery Master do so. However, one month after the stay was lifted, Mattel did

4    meet and confer with MGA in an attempt to obtain responses. At that time, MGA

5    took the position that it would provide responses to the Interrogatories "not later

6    than 30 days after the Court decides the trade dress summary judgment motion

7    which Mattel has indicated it will be bringing." (Ex. 16 to Watson Decl. in support

8    of Application). Three weeks later, MGA filed the Protective Order Motion

9    seeking a stay of its obligation to respond to the Interrogatories.

10       As set forth above, the Discovery Master finds that, in pursuing this course of

11    conduct instead of responding to the Interrogatories and other discovery that is the

12    subject of Mattel's Motion to Compel, MGA acted without substantial justification

13    and therefore grants Mattel's Motion To Compel and also awards sanctions against

14    MGA. The question raised by the Application is whether MGA should *also* be

15    ordered to appear and show cause why it should not be held in contempt and subject

16    to further sanctions for failing to comply with the February 15, 2008 Order.

17       Since Mattel, as the moving party, has the burden of demonstrating by clear

18    and convincing evidence that MGA has committed civil contempt and should be

19    punished, Mattel must, in the first instance, identify the existence of a "specific and

20    definite" provision of the February 15, 2008 Order which MGA has violated.

21    (*Rose*, 437 F.Supp.2d at 1170). In an attempt to meet this burden Mattel argues:

22             The Discovery Master's [February 15, 2008] Order directed

23             MGA to provide full, complete and updated responses to

24             Interrogatories Nos. 43 and 44 within eleven days. MGA did not

25             comply with that Order and refused to do so for two months

26             before the Discovery Master stayed MGA's obligation to respond

27             while the Court's Phase 2 stay was in place.

28    (Application, p. 13). However, as indicated above, MGA's failure to provide the

EXHIBIT ___ 2
PAGE ___ 051

1    responses specified in the February 15, 2008 Order cannot reasonably be viewed to

2    be a violation of that order during the period of February 15, 2008 to April 22, 2008

3    because the prior discovery master himself retracted the portion of his ruling

4    requiring MGA to comply in response to MGA's motion for clarification. In other

5    words, the prior discovery master found, in effect, that MGA had *properly* withheld

6    supplemental responses on the ground that the subject Interrogatories sought Phase

7    2 discovery, which had been stayed by the Court nearly two weeks *before* the prior

8    discovery master issued the February 15, 2008 Order. Given the prior discovery

9    master's April 22, 2008 ruling granting MGA's motion for clarification, MGA can

10   hardly be deemed to have been in violation of the February 15, 2008 Order while

11   the Court's stay of Phase 2 discovery was in place. A party who believes a ruling is

12   in error has the right to seek clarification or reconsideration, and doing so is not

13   equivalent to willfully disobeying the court.

14          Mattel also argues that MGA "resumed" its violation of the February 15,

15   2008 Order by failing to comply once the Court lifted the Phase 2 discovery stay on

16   January 6, 2009. While the Discovery Master does not agree that any violation

17   resumed on January 6, 2009, as set forth above, I do agree that MGA should have

18   promptly complied with the February 15, 2008 Order once the stay was lifted by

19   serving supplemental responses within 11 days of the lifting of the stay. *Lucero v.*

20   *Martinez*, 2006 WL 1304945 at *2 (D.N.M. Mar. 11, 2006) (party waived all

21   objections to interrogatories served before a stay was issued by failing to respond

22   within 30 days of the stay's expiration); *Donovan v. Mazzola*, 716 F.2d 1226, 1240

23   (9th Cir. 1983) ("Absent a stay, 'all orders and judgments of courts must be

24   complied with promptly.'").

25          However, today's ruling that MGA should have promptly provided responses

26   to the Interrogatories upon the stay being lifted by the Court is not equivalent to a

27   finding that MGA deliberately violated a "specific and definite" provision in the

28   February 15, 2008 Order. That order arguably does not contemplate the situation

EXHIBIT _____ 2
PAGE _____ 052

1    which ensued after the order was issued, namely, the prior discovery master's

2    decision to suspend MGA's obligation to respond to the Interrogatories without

3    setting a new deadline to run from the lifting of the stay.

4         While it is reasonable to conclude, as the Discovery Master has done, that the

5    same 11-day deadline imposed by the February 15, 2008 Order would apply once

6    the stay was lifted, an inference, however reasonable, is not the same thing as an

7    express obligation imposed by Court order. (*U.S. v. Saccoccia*, 433 F.3d 19, 29-30

8    (1st Cir. 2005) [government did not carry its burden on civil contempt claim of

9    proving that acceptance of attorney fees by defense attorneys, post-verdict, fell

10   within list of activities expressly forbidden by earlier protective order]; *Independent*

11   *Living Aids, Inc. v. Maxi-Aids, Inc.*, 349 F.Supp.2d 509, 516 (E.D.N.Y. 2004) [the

12   defendant's supposed "understanding," based on oral comments by the Court that

13   he was being ordered to request that search engines discontinue using infringing

14   phrase, was not the same as express provision of injunction and could not serve as

15   basis for civil contempt]). Further, as noted above, any doubts regarding

16   disobedience of a court order are to be resolved in favor of the party charged with

17   contempt. Accordingly, the Discovery Master declines, under the applicable case

18   law and on the record presented, to find that MGA deliberately disobeyed the

19   Court, thereby meriting sanctions for civil contempt. The Discovery Master also

20   declines to recommend that the Court issue the requested order to show cause.

21        However, as set forth in the Disposition section below, the Discovery

22   Master's ruling today *does* contain an express deadline by which MGA must

23   respond fully and without objection to the Interrogatories (as well as the other

24   discovery that is the subject of Mattel's Motion to Compel). If MGA fails to

25   comply with the express, definite deadline imposed by this Order, the Discovery

26   Master reserves the right to recommend that the Court impose appropriate sanctions

27   from the date of MGA's non-compliance should Mattel renew its request for an

28   order to show cause regarding contempt by filing a noticed motion.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 32 -                                ORDER NO. 17
                        [Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___2___
PAGE ___053___

V.   **DISPOSITION**

A.   MGA's Protective Order Motion is **DENIED**.

B.   Mattel's Motion To Compel is **GRANTED**, except as limited above. MGA's responses to Interrogatory Nos. 43 and 44 shall be served within ten (10) days of this Order, subject to any applicable confidentiality designations available under the Protective Order. MGA's responses to Supplemental Interrogatories Nos. 51 – 55 and 64 shall be served within thirty (30) days of this Order, subject to any applicable confidentiality designations available under the Protective Order.

C.   Mattel's request for sanctions against MGA in connection with its Motion To Compel is **GRANTED**. MGA shall pay $4515 to Mattel within ten (10) days of this Order.

D.   MGA's request for sanctions in connection with Mattel's Motion To Compel is **DENIED**.

E.   Mattel's Application for issuance of an order to show cause regarding contempt is **DENIED,** without prejudice to any noticed motion for an order to show cause regarding contempt that Mattel may deem appropriate in the event that MGA fails to comply with any provision of the present Order.

Dated: April 14, 2009

By:   /s/ Robert C. O'Brien
ROBERT C. O'BRIEN
Discovery Master

EXHIBIT ___2___
PAGE ___n54___