# EXHIBIT 15

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
Priority ____    Send ____
Entered ____    Closed ____
JS-5/JS-6 ____   JS-2/JS-3 ____
Scan Only____   Docketed on CM ____
____THIS CONSTITUTES NOTICE OF
ENTRY AS REQUIRED BY FRCP 77(d)

8/29/07

EASTERN DIVISION
BY ____ DEPUTY

**PRIORITY SEND**
& ENTERED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.    CV 04-09049 SGL (RNBx)              Date: August 27, 2007

Title:    CARTER BRYANT -v- MATTEL, INC.
          AND CONSOLIDATED ACTIONS

=========================================================================

PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Gina L. Guzman                          Theresa Lanza
        Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR CARTER           ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

John W. Keker, Esq.                    John B. Quinn, Esq.
(morning session only)                 Michael T. Zeller, Esq.
                                       Jon D. Corey, Esq.

ATTORNEYS PRESENT FOR MGA:

Patricia Glaser, Esq.
Diana M. Torres, Esq.

PROCEEDINGS:     **ORDER DENYING MOTION FOR TERMINATING SANCTIONS;
                 ORDER DENYING REQUEST FOR INTERLOCUTORY
                 APPEAL; ORDER REQUIRING FILING OF AFFIDAVITS RE
                 EVIDENCE PRESERVATION**

     This matter is before the Court on MGA's and Carter Bryant's Motion for Terminating
Sanctions, filed on July 24, 2007 (docket #689). This matter was heard on August 27, 2007, at
which time it was taken under submission. The Court has considered the moving, opposition, and
reply briefs, as well as the many declarations and other evidence presented by the parties. The

MINUTES FORM 90                                    Initials of Deputy Clerk _ glg
CIVIL -- GEN                                       Time: 02/52
                          1                        **Docket No. 895**

EXHIBIT __15__
PAGE __494__

Court has also considered the arguments presented at the August 27 hearing and the sworn testimony given by Michael C. Moore, in-house counsel for Mattel. Although at the hearing the Court indicated it would defer ruling on the present motion pending further filings by all parties regarding their efforts to preserve evidence, upon further reflection the Court sees no reason to delay ruling on the current motion.[1] As set forth below, the Court **DENIES** the motion.

Based on their inherent power to sanction for "abusive litigation practices," district courts may impose sanctions against a party who destroys evidence, including the ultimate sanction of dismissal. Leon v. IDX Systems Corp., 464 F.3d 951, 958 (9th Cir. 2006). Dismissal is a harsh sanction, which may nonetheless be imposed upon those parties who have "engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings." Anheuser-Busch, Inc. v. Natural Beverage Distributors, 69 F.3d 337, 348 (9th Cir. 1995). However, before imposing the ultimate sanction of dismissal, district courts should consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. Nevertheless, district courts need not make explicit findings regarding each of these factors and, in any event, "a finding of willfulness, fault, or bad faith is required for dismissal to be proper." Leon, 464 F.3d 951, 958 (9th Cir. 2006) (internal quotation marks and citation omitted).

"A party's destruction of evidence qualifies as willful spoliation if the party has 'some notice that the documents were potentially relevant to the litigation before they were destroyed.'" Id. at 959 (quoting United States v. Kitsap Physicians Serv., 314 F.3d 995, 1001 (9th Cir. 2002) (finding no willful spoliation where documents were destroyed in the routine course of business)). Neither Leon nor Kitsap elaborate on when a party has the "notice" necessary to trigger the duty to preserve evidence. However, in In re Napster, Inc. Copyright Litigation, 462 F.Supp.2d 1060, 1068 (N.D. Cal. 2006), the district court presented a persuasive discussion of the standard, first rejecting an argument that the duty to preserve evidence arises only when litigation is "imminent," and then setting forth a lesser standard. Specifically, the Napster court noted that the duty arose "when a party should have known that the evidence may be relevant to future litigation," and that any such "future litigation" must be "probable," and not merely "possibl[e]." (internal quotation marks and citation omitted).

Keeping in mind these standards, the Court turns to the categories of evidence MGA and Bryant allege that Mattel has despoiled. As articulated by the Court at the hearing on this matter, those categories are (1) Mattel employees' emails, (2) documents maintained on the Zeus document storage system, (3) the delay in producing certain Rule 30(b)(6) witnesses, (4) Carter

---

[1]  By the same token, upon further reflection, the Court sees no reason to delay ruling on MGA's request for interlocutory appeal of the present order. See 28 U.S.C. § 1292(b) (stating that certifications for interlocutory appeal should be set forth in the order to be appealed). The Court's ruling on that matter appears infra.

MINUTES FORM 90
CIVIL – GEN

2

Initials of Deputy Clerk __glg_____
Time: 02/52
**Docket No. 895**

EXHIBIT /S
PAGE      495

Bryant's missing phone records, and (5) Carter Bryant's missing time records.

In considering the arguments of the parties regarding when Mattel's duty to begin to preserve evidence arose, the Court determines that November 24, 2003, marks the date when litigation between Mattel and Bryant became more than merely speculative and in fact became probable. On this date, in-house counsel for Mattel received in discovery in an unrelated action a copy of a contract between MGA and Bryant that pre-dated Bryant's resignation from Mattel. This contract appeared to Mattel to violate certain employment agreements executed by Bryant and Mattel, thus giving rise to one of the current consolidated actions. Although prior to this date an internal investigation may have raised a <u>suspicion</u> on Mattel's part that litigation might arise, there was no evidence presented to the Court that Mattel should have known it had a viable claim against Bryant before November 2003. <u>Cf.</u> Fed. R. Civ. P. 11(b)(3) ("By presenting to the court . . . a pleading . . . , an attorney
. . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .").

The Court heard testimony from Michael C. Moore, in-house counsel for Mattel, regarding the efforts to preserve email communications and other evidence. Counsel for MGA and Bryant cross-examined Mr. Moore at the hearing on this matter. The Court credits his testimony. The efforts Mr. Moore described regarding the preservation of emails is reasonable, and certainly does not amount to spoliation. Moore described communications with specific individuals identified by Mattel as those most likely to have information relevant to the litigation and efforts made to preserve any evidence those individuals had in their custody or control. Emails not otherwise archived from the relevant time period – mostly September and October, 2000 – had already been deleted from Mattel's email servers in accordance with its email retention policies. Mattel cannot be faulted for deleting these emails in the regular course of business before it had notice of its claims against Bryant.

In April, 2005, the current litigation took a dramatic turn, when MGA filed suit against Mattel. At that time, <u>all</u> Mattel employees were instructed to maintain any evidence potentially relevant to the litigation. When that suit was filed, Mattel took action to preserve all of its emails, capturing emails that date back to December, 2004. They retain these backup tapes to this day. MGA and Bryant make much of Mattel's failure to suspend its 90-day auto-delete policy regarding emails, but fail to address two key points: First, Mattel altered only the storage mechanism for its emails, it did not actually delete any emails; and second, Mattel, a number of years ago, informed MGA that it was not planning on suspending its 90-day auto-delete policy, and MGA did not at that time object.

As for the Zeus tapes, there is simply no evidence of spoliation. First and foremost, as the system has been described to the Court, the system is a cumulative file system that continues to accumulate. The system is still in operation, does not have an auto-delete function, and

MINUTES FORM 90
CIVIL – GEN

3

Initials of Deputy Clerk ___glg_____
Time: 02/52
**Docket No. 895**

EXHIBIT   15
PAGE   496

RightFAX                    8/20/2007 2:54    PAGE 005/006    Fax Server

information dating back to all relevant time period in this case may be accessed from it. Additionally, Mattel's in-house counsel testified as to the existence of several backup tapes that it can make available to MGA and Bryant. Finally, outside of pure speculation, there is no evidence that anyone has deleted anything from the Zeus system. Although production issues may still remain with respect to these data, preservation of this data, in the Court's view, is simply not an issue based on the record before the Court.

The delay in producing certain Rule 30(b)(6) witnesses is not a proper basis for terminating sanctions in this case. No motions to compel were brought to compel these witnesses's depositions at earlier times, and MGA and Bryant's accusations that the delay in producing them for deposition is part of a cover-up of the destruction of evidence is mere unfounded speculation. Moreover, the Court is mindful that MGA has been found by the discovery master to be guilty of the very same unexcused delay of which it accuses Mattel. See August 14, 2007, J. Infante Order, at 8 and 9 (attached to the Supplemental Proctor Decl. as Ex. 1).

Although Mattel is at a loss to explain the missing phone records from the critical month of October, 2000, there is no evidence that the records were destroyed. Moreover, other evidence presented by Mattel, especially phone records produced by Bryant that show he was in contact with MGA during that time period, suggest that the missing records would not assist Bryant.

The "missing" time records were either never created or were deleted. There is no evidence that the latter occurred. In fact, the only evidence on this point, from Mattel's Rule 30(b)(6) witness, is that although deletion of time records is possible, he was unaware of any instances of that occurring. Artavia Depo. 116, 170-71.

In sum, MGA and Bryant have failed to present any evidence regarding the "willfulness, fault, or bad faith" required to justify the imposition of terminating sanctions. Leon, 464 F.3d at 958. Many of MGA and Bryant's allegations, especially those raised in connection with Mattel's failure to suspend its auto-delete policy (portrayed as a wholesale failure to preserve emails less than 90-days old) and the availability of data from the Zeus system, are nothing more than rhetoric laced with hyperbole. Other allegations, such as Mattel's motive for delaying certain Rule 30(b)(6) depositions, and the destruction of Bryant's October, 2000, phone records and time records, are nothing more than sheer speculation, unsupported by evidence. Although counsel impressed upon the Court MGA's conviction of the righteousness of its cause, such overzealous conviction as witnessed by the Court at the hearing is no substitute for proof.

Accordingly, the Court **DENIES** MGA's and Bryant's Motion for Terminating Sanctions.

At the hearing, counsel for MGA and Bryant requested the Court certify the present order for interlocutory appeal. That request is **DENIED**. Permissive interlocutory appeals are governed by 28 U.S.C. § 1292(b):

When a district judge, in making in a civil action an order not otherwise

MINUTES FORM 90
CIVIL – GEN

                                        4

Initials of Deputy Clerk __gig_____
Time: 02/52
**Docket No. 895**


EXHIBIT ___/5___
PAGE    497

appealable under this section, shall be of the opinion that such order involves a
controlling question of law as to which there is substantial ground for difference of
opinion and that an immediate appeal from the order may materially advance the
ultimate termination of the litigation, he shall so state in writing in such order.

<u>Id.</u> Here, there is no "*controlling question of law*" in controversy.  The law is quite settled.
Accordingly, certification for interlocutory appeal of the present order is unwarranted.

As stated at the hearing, the Court **ORDERS** all parties to set forth, in affidavit form, their
preservation efforts and policies with respect to the present litigation on or before September 10,
2007.

**IT IS SO ORDERED.**

MINUTES FORM 90
CIVIL — GEN

5

Initials of Deputy Clerk __glg_____
Time: 02/52
**Docket No. 895**

EXHIBIT      /5
PAGE         498

RightFAX                    8/30/2007 2:34    PAGE 001/006    Fax Server

**From:**    Name:    United States District Court
                      312 North Spring Street
                      Los Angeles, CA 90012
             Voice Phone:   (213) 894-5474

**To:**    Name:    Michael Zeller
           Company:

           City/State:    865 S Figueroa St, 10th Floor,
           Fax Number:    Los Angeles, CA 90017-2543
                          213-443-3100



### UNITED STATES DISTRICT COURT
### CENTRAL DISTICT OF CALIFORNIA

## Automated Document Delivery Service
*Notice pursuant to Rule 77(d) FRCiv.P*
*The attached copy is hereby served upon you pursuant to Federal Rule of Civil Procedure 77(d).*

Fax Notes:

Case 2:04-CV-09049 : CARTER BRYANT V. MATTEL INC

Pursuant to General Order 06-07, Section F, the following documents shall be submitted in the traditional manner: Pen Registers, Search Warrants, Seizure Warrants, Wire Taps, Bond Related Documents, Under Seal and In-Camera Documents, and All Charging Documents (Complaints, Informations, Indictments, and Superseding Charging Documents). All other documents filed in cases unassigned to a judge shall be filed electronically with a copy e-mailed to the criminal intake mailbox for the appropriate division. The proper e-mail address for each division is as follows:

Western Division:  CrimIntakeCourtDocs-LA@cacd.uscourts.gov
Southern Division:  CrimIntakeCourtDocs-SA@cacd.uscourts.gov
Eastern Division:  CrimIntakeCourtDocs-RS@cacd.uscourts.gov

*For additional information and assistance, please refer to the CM/ECF page on the Court website at www.cacd.uscourts.gov.*

**Switch to e-mail delivery and get these documents sooner!**
**To switch, complete and submit**
**Optical Scanning Enrollment / Update form G-76.**
**Call 213-894-5474 for help and free technical support.**

*If you received this document in error because the attorney with whom this document is directed is no longer the attorney on the case, a Notice of Change of Attorney Information, form G-6, must be filed. If there are other cases which you've received documents for which you are no longer the attorney, separate notices must be filed for each case. Failure to do so will result in the continued sending of documents to you. Form G-6 is available on the court's website at www.cacd.uscourts.gov or at the Clerk's Office.*

Date and time of transmission:    **Thursday, August 30, 2007 2:34:04 PM**
Number of pages including this cover sheet:   06

EXHIBIT 15
PAGE 499

# EXHIBIT 16

1 | Hon. Edward A. Infante (Ret.)
  | JAMS
2 | Two Embarcadero Center
  | Suite 1500
3 | San Francisco, California 94111
  | Telephone:    (415) 774-2611
4 | Facsimile:    (415) 982-5287

5

6

7

8            UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10            EASTERN DIVISION

11

| 12 | CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| 13 | | JAMS Reference No. 1100049530 |
| 14 | Plaintiff, | |
| 15 | v. | Consolidated with |
| | | Case No. CV 04-09059 |
| 16 | MATTEL, INC., a Delaware corporation, | Case No. CV 05-2727 |
| 17 | Defendant. | **ORDER DENYING MGA'S MOTION TO COMPEL DISCOVERY AS TO ISSUES AS TO WHICH MATTEL HAS PURPORTEDLY WAIVED THE ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES BY CLAIM ASSERTION** |
| 18 | | |
| 19 | | |
| 20 | CONSOLIDATED WITH | |
| 21 | MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |
| 22 | | |

23

24            I. INTRODUCTION

25      On January 18, 2008, MGA Entertainment, Inc., ("MGA") submitted a "Motion to

26 Compel Discovery as to Issues as to Which Mattel has Waived the Attorney-Client and Work

27 Product Privileges by Claims Assertion."  At issue is whether, under the standards set forth in

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1

EXHIBIT 16
PAGE 500

1  Hearn v. Hearn v. Rhay, 68 F.R.D. 574 (E.D. Wash. 1975), Mattel has impliedly waived the

2  attorney-client privilege and work product doctrine concerning what it knew or had reason to

3  suspect, prior to November 2003, regarding (a) Carter Bryant's involvement in Bratz, (b) his

4  alleged breach of contract, (c) his work for MGA, and/or (d) Mattel's alleged ownership of Bratz.

5  On January 31, 2008, Mattel, Inc. ("Mattel") submitted an opposition, and on February 5, 2008,

6  Mattel submitted a reply.  On April 7, 2008, MGA submitted a twenty-one page supplemental

7  memorandum of points and authorities, the declaration of Lance Etcheverry and the second

8  supplemental declaration of Marcus Mumford.  On April 11, 2008, Mattel submitted the

9  declaration of Dylan Proctor.  The matter was heard on April 11, 2008.

10                                  II. BACKGROUND

11          In July of 2007, Mattel filed counterclaims alleging, inter alia, that it was the "true owner

12  of Bratz" pursuant to agreements it had with Carter Bryant ("Bryant"), and that Bryant

13  "conceived, created or reduced to practice" Bratz designs and worked for MGA while employed

14  at Mattel.  Mumford Decl., Ex. 1, Second Amended Counterclaim, ¶¶23-27, 29, 34.  Mattel

15  alleged that "Bryant and MGA deliberately and intentionally concealed facts sufficient for Mattel

16  to suspect or to know that it was the true owner of Bratz . . . . includ[ing] . . . the fact that Bryant

17  conceived, created, designed and developed Bratz while employed by Mattel, . . . the fact that

18  Bryant worked with and assisted MGA during the time Bryant was employed by Mattel, . . . [and]

19  concealing Bryant's role in Bratz." Id. at ¶35.  Further, Mattel alleged that:

20          [b]ecause of Bryant's and MGA's acts of concealment. . . Mattel had no reason to
           suspect that Bryant had worked with MGA, or assisted MGA, while he [sic] still
21         employed by Mattel until approximately November 24, 2003, when Mattel
           received, through an unrelated legal action, a copy of Bryant's agreement with
22         MGA, which showed that the date of Bryant's agreement with MGA predated
           Bryant's departure from Mattel.  It was then, as a result, that Mattel learned for the
23         first time that Bryant had secretly aided, assisted and worked for and with MGA .
           . . in violation of his Mattel Employment Agreement.

24  Id. at ¶¶35-36.  Based on the above, Mattel asserted numerous claims against MGA and Bryant,

25  including, inter alia, copyright infringement, civil RICO violations, conspiracy to violate RICO,

26  breach of contract, intentional interference with contract, breach of fiduciary duty, aiding and

27  abetting breach of fiduciary duty, breach of duty of loyalty, aiding and abetting breach of duty of

28  loyalty, conversion, unfair competition, and declaratory relief.

EXHIBIT /6
PAGE    501

1    MGA and Bryant denied the allegations in Mattel's counterclaims and pleaded several

2    affirmative defenses, including statute of limitations and laches.  MGA and Bryant sought and

3    received discovery relating to these two defenses.  More specifically, MGA and Bryant obtained

4    interrogatory responses, documents, admissions, and deposition testimony directed to when, in

5    fact, Mattel first had reason to suspect Bryant's involvement in Bratz, his alleged breach of

6    contract, his work for MGA, and Mattel's alleged true ownership of Bratz.

7        In response to an interrogatory, Mattel provided the following information relating to

8    when and how Mattel first learned that Bryant performed work for MGA:

9        To Mattel's knowledge, Bryant was first confirmed as the Bratz designer in the
         July 18, 2003 *Wall Street Journal* article, in which Isaac Larian also indicated that
10       Bryant had been involved in some manner with MGA in or about "late 1999."

11       Subsequently, in November 2003, Mattel obtained a copy of a contract between
         defendant Carter Bryant and defendant MGA . . . .  Through this agreement,
12       Mattel concluded that Bryant . . . worked as a designer for a Mattel competitor,
         MGA.

13
14   Mumford Decl., Ex. 17.  Mattel later supplemented its response to state:  "[a]fter Bryant left

15   Mattel, but prior to the July 18, 2003 [*Wall Street Journal*] article, there was rumor and innuendo

16   that Bryant may be working with MGA on Bratz."  Id., Ex. 3.  Mattel's supplemental interrogatory

17   response also includes an assertion that Bryant used several Mattel employees to work on the

18   Bratz dolls so that the Bratz dolls "had been designed and were far along in development during

     the time that Bryant was employed by Mattel."  Id., Ex. 4.

19        In the instant motion, MGA contends that Mattel has impliedly waived the attorney-client

20   and work product privileges concerning what Mattel knew or had reason to suspect, prior to

21   November 2003, regarding (a) Bryant's involvement in Bratz, (b) his alleged breach of contract,

22   (c) his work for MGA, and/or (d) Mattel's alleged true ownership of Bratz.  MGA reasons that in

23   order to avoid the statute of limitations and laches doctrine, Mattel affirmatively injected into this

24   litigation the issue of what it knew or had reason to suspect prior to November 2003 regarding

25   these subjects, and that Mattel has denied MGA access to information vital to its defenses by

26   asserting the attorney-client privilege and work product doctrine.  MGA contends that fairness

27   dictates that MGA be given access to all evidence that might show what Mattel knew or had

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                           3

EXHIBIT 16
PAGE 502

1   reason to suspect concerning these subjects, including attorney-client communications and work

2   product. MGA further contends that, based upon the discovery it has received to date, there is

3   good reason to believe that at least as early as the summer of 2001, when Bratz was first released,

4   Mattel suspected or had reason to suspect that Bryant was involved in Bratz and that he also

5   worked for MGA while a Mattel employee. See MGA's Motion at pp. 2-5. MGA seeks an order

6   (1) finding that Mattel has waived the attorney-client privilege and work product doctrine

7   concerning what Mattel knew or had reason to suspect prior to November 2003 regarding Bryant's

8   involvement in Bratz, his alleged breach of contract, his work for MGA, and/or Mattel's alleged

9   true ownership of Bratz, and (2) compelling Mattel to supplement its pertinent discovery

10  responses and document productions accordingly.

11          Mattel contends that there is no basis for finding a waiver because Mattel has not

12  affirmatively placed its privileged communications at issue. Mattel draws a clear distinction

13  between pleading fraudulent concealment and relying on privileged information to support that

14  pleading. Mattel contends that under Ninth Circuit precedent, merely pleading fraudulent

15  concealment does not place privileged information at issue, and therefore cannot support a finding

16  of waiver. Mattel reasons that if this were the rule, the privilege would be waived any time a

17  party asserts fraudulent concealment simply because privileged information may be probative of

    what a party knew.

18          In Mattel's view, the Ninth Circuit has only found that a party affirmatively put privileged

19  information at issue in two situations: (1) where a party relies on privileged information to

20  support a claim or defense, and (2) where the only evidence available to assess the truthfulness of

21  a party's claim or defense consists of privileged information.   Mattel contends neither situation is

22  present here. Mattel contends that it has not relied upon any privileged information to support its

23  fraudulent concealment allegation, and that the evidence related to its fraudulent concealment

24  allegations is not solely privileged. Mattel also denies shielding any of the facts of when and how

25  it learned that Bryant allegedly worked for MGA while he was employed by Mattel.

26  Furthermore, Mattel contends that in view of the substantial non-privileged information that exists

27  and has been produced, MGA cannot show that Mattel's claims of privilege have denied MGA

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                    4

EXHIBIT 16

PAGE   503

1  information critical to its defenses.

2                                  III. DISCUSSION

3       In Hearn v. Rhay, 68 F.R.D. 574 (E.D. Wash. 1975), the court established a three-part test

4  for determining whether a party has impliedly waived the attorney-client privilege and work

5  product privileges as to subject matter the party has placed at issue. The Hearn test for finding an

6  implied waiver requires that:

7          (1) assertion of the privilege was a result of some affirmative act, such as filing
           suit, by the asserting party; (2) through this affirmative act, the asserting party put
8          the protected information at issue by making it relevant to the case; and (3)
           application of the privilege would have denied the opposing party access to
9          information vital to his defense.

10  Hearn, 68 F.R.D. at 581, see also Home Indem. Co v. Lane Powell Moss and Miller, 43 F.3d

11  1322, 1326 (9th Cir. 1995) (adopting the Hearn test in the Ninth Circuit); United States v. Amlani,

12  169 F.3d 1189, 1195 (9th Cir. 1999). In the instant case, the second and third element of the

13  Hearn test are not satisfied, and therefore a finding of implied waiver is unwarranted.

14       Because the parties dispute the meaning of the second element of the Hearn test, the facts

15  in Hearn require careful scrutiny. In Hearn, an inmate brought a civil rights action against prison

16  officials complaining of his confinement at a state penitentiary and sought discovery of

17  information to negate the defense that the prison officials acted in good faith and were therefore

18  immune from suit for damages. The Hearn court found that defendants had impliedly waived the

19  attorney-client privilege. With respect to the second element, the court reasoned that defendants

20  had placed privileged information at issue, "for the legal advice they received is germane to the

21  qualified immunity defense they raised." Hearn, 68 F.R.D. at 851. Despite the court's use of the

22  term "germane," it is apparent later in the decision that the court's holding was based upon a

23  finding that the privileged information was more than merely "germane" to the defense raised.

24  The court stated that defendants' communications with their attorney were "inextricably merged

25  with the elements of plaintiff's case and defendants' affirmative defense." Id. at 582. The court

26  also emphasized that "[t]hese communications are not incidental to the case; they inhere in the

27  controversy itself, and to deny access to them would preclude the court from a fair and just

28  determination of the issues." Id.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                    5

EXHIBIT 16
PAGE  504

1    Other cases applying Hearn make clear that it is not enough that the privileged

2  information be merely germane or relevant to an issue asserted in the case in order to satisfy the

3  second element of the Hearn test. See U.S. v. Amlani, 169 F.3d 1189, 1195 (9th Cir. 1999)

4  ("[p]rivileged communications do not become discoverable simply because they are related to

5  issues raised in the litigation"). Rather, courts have found that a party affirmatively puts at issue

6  privileged information when that party relies on privileged communications or work product in

7  support of its claims or defenses. See e.g. Chevron Corp. v. Pennzoil Co., 974 F.2d 1156 (9th Cir.

8  1992) (finding implied waiver where defendant asserted advice of counsel defense).

9  Alternatively, courts have found that a party affirmatively puts at issue privileged information

10  when the only evidence available to assess a party's claim or defenses consists of privileged

11  information. See e.g. U.S. v. Amlani, 169 F.3d 1189, 1195 (9th Cir. 1999) (finding implied

12  waiver where the only evidence of an essential element of plaintiff's attorney disparagement claim

13  was privileged communications); Holmgren v. Sate Farm Mutual Automobile Ins. Co., 976 F.2d

14  573, 577 (9th Cir. 1992) (in an action for bad faith claim settlement practices, finding implied

15  waiver of work product regarding insurer's counsel's handling of a claim).

16    Indeed, two of the cases cited by MGA in support of waiver were predicated upon a party

17  putting at issue privileged information by relying on such information to defeat a statute of

18  limitations defense. For example, in In re Imperial Corp. of Amer., 179 F.R.D. 286 (S.D. Cal.

19  1998), the court found implied waiver where the plaintiff contended that it learned it had a claim

20  for legal malpractice by means of counsel's investigation. The plaintiff in that case testified "that

21  he relied on his attorney's advice and investigation regarding overcoming [defendant's] statute of

22  limitations defense." Id. at 288. Similarly, in Titan Corp. v. M/A-Com, Inc., 1994 WL

23  16001739, at *1 (S.D. Cal. 1994), the plaintiff indicated in discovery and elsewhere that it had no

24  actual knowledge of any alleged fraud by defendant until an investigation was conducted by its

25  counsel. The Titan court held that the "plaintiff put the alleged protected information in issue by

26  relying on its counsel's investigation in order to overcome the statute of limitations bar." Id. at *2.

27    A third case relied upon by MGA, Aloe Vera of America, Inc. v. United States, No. CV

28  99-1794 PHX JAT, 2003 WL 22429082 (D. Ariz. 2003), did not involve direct reliance on

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT 16
PAGE 505

1   privileged information. In <u>Aloe Vera</u>, the plaintiffs brought suit against the Internal Revenue

2   Service for an allegedly unauthorized disclosure of information to Japan's National Tax Authority

3   ("NTA"). Plaintiffs alleged that they first became aware of the basis of its claim when the

4   government provided information in response to its Freedom of Information Act ("FOIA")

5   complaint demanding release of documents. Plaintiffs attempted to avoid discovery of privileged

6   documents relating to the "date of discovery" issue by arguing that their Second Amended

7   Complaint made no affirmative reference to their attorneys' investigations as to the accrual of a

8   cause of action. The court rejected plaintiffs' argument because the evidence in the record

9   demonstrated, among other things, that plaintiffs' retained counsel filed the FOIA request,

10  received a partial response to their FOIA request, and wrote a letter to the IRS stating that IRS

11  conclusions were erroneous and that these conclusions were communicated to the NTA. The

12  court also noted that plaintiffs claimed in their Second Amended Complaint that several years

13  before suit was filed, their "representatives" (whom the court suspected were plaintiffs' attorneys)

14  were threatened by an NTA official with a press leak to coerce Plaintiffs into accepting their audit

15  proposal. Therefore, the court concluded that plaintiffs' attorneys' involvement in plaintiffs'

16  alleged date of discovery had been placed "at issue" in the case.[1]

17       In the instant case, Mattel has not affirmatively put at issue privileged information in

18  support of its claim or defense. Mattel's complaint does not refer directly or indirectly to any

19  attorney investigation or attorney involvement in Mattel's alleged discovery of the basis of its

20  claims. Nor has Mattel alleged that it learned the basis of its claims by means of privileged

21  attorney-client communications or work product. Mattel's discovery responses also make clear

22  that Mattel is not relying on any privileged information to support its allegations of fraudulent

23  concealment. Instead, Mattel has disclosed that it first learned of the basis of its claims when it

24  received a copy of Bryant's agreement with MGA in unrelated litigation. Therefore, the second

25  element of the <u>Hearn</u> test has not been satisfied.

26

27       [1] This court declines to follow <u>Rambus Inc. v. Samsung Electronics Co., Ltd.</u>, 2007 WL 344376 (N.D. Cal.
    Nov. 3, 2007), as it appears to be inconsistent with the cases discussed immediately above.

28
    Bryant v. Mattel, Inc.,                                                                               7
    CV-04-09049 SGL (RNBx)

EXHIBIT 16
PAGE 506

1    Furthermore, the third element of the Hearn test is clearly dispositive in this case because

2    MGA cannot show that application of the privilege would deny it access to information "vital" to

3    its defense. Courts applying Hearn in the Ninth Circuit and elsewhere have construed "vital" to

4    mean that the information sought is not available from other sources. See Amlani, 169 F.3d at

5    1195 ("When the sought-after evidence is "only 'one of several forms of indirect evidence' about

6    an issue," the privilege has not been waived.") (citing Hamilton v. Lumsden (In re Geothermal

7    Resources Int'l, Inc.), 93 F.3d 648, 653 (9th Cir. 1996); see also 1st Sec. Bank of Wash. v. Eriksen,

8    2007 WL 188881, at *3 (W.D. Wash 2007) ("[u]nder Hearn, the information sought must be

9    'vital' to defendants' case, meaning that the information is available from no other source").

10    In the instant case, there are many other means of proof available to MGA to support its

11    statute of limitations and laches defenses. Mattel has produced hundreds of pages of non-

12    privileged documents regarding its investigations relating to Bryant and/or MGA, including the

13    2002 investigations regarding the "anonymous letter" and potential copyright infringement of

14    Mattel's Toon Teens. In addition, MGA took the deposition of Richard De Anda, Mattel's head of

15    security, who testified regarding how and when Mattel first investigated Bryant and MGA. Mr.

16    De Anda confirmed that he had not even heard of MGA, Bryant or Bratz before March 2002.

17    Mattel has also provided interrogatory responses explaining its investigations of Bryant and

18    MGA, and how and when it first learned of Bryant's allegedly wrongful conduct that forms the

19    basis for Mattel's claims. Significantly, Mattel provided the following information:

20        Mattel conducted an investigation in Spring 2002 based on allegations that
    Bryant may have plagiarized "Toon Teens" and created Bratz dolls for MGA, and
    later in August 2002 based on an anonymous letter sent to Mattel. The letter's
    author (whoever it was) offered no evidence for his or her allegations. The
    potential claims investigated in 2002 have not been asserted in this case. In
    March 2002, Mattel investigated allegations of possible copyright infringement of
    "Toon Teens" designs, not whether Mr. Bryant created Bratz or worked with
    MGA during his Mattel employment. The potential claims investigated in 2002
    did not give Mattel any knowledge, or even reason to believe, that Bryant worked
    for MGA and/or conceived of Bratz while a Mattel employee.

        Subsequently, on November 24, 2003, Mattel obtained a copy of a
    contract between defendant Carter Bryant and defendant MGA. That contract –
    which Bryant and MGA had entered into while Bryant was employed by Mattel –
    required Bryant to provide design services to MGA on a "top priority" basis, in
    conflict with his then-existing obligations to Mattel. It also purported to grant
    MGA ownership of works produced by Bryant both before and after the
    agreement's effective date, in further contravention of his obligations to Mattel.

EXHIBIT   16
PAGE   507

1    Through this agreement, Mattel first determined that it was likely that Bryant
2    worked as a designer for a Mattel competitor, MGA, while being employed and
     paid by Mattel for his exclusive services as a designer.

3    Supp. Responses to MGA's First Set of Interrogatories at p. 13, attached as Ex. 3 to Mumford

4    Decl. MGA has also had the opportunity to question Mattel's in-house lawyer, Michael Moore,

5    during an evidentiary hearing conducted by the district court.

6        In addition, MGA recently took the deposition of Mattel's 30(b)(6) designee on several

7    topics relevant to MGA's defenses, including all acts, omissions, circumstances and/or evidence

8    showing, or tending to show (1) when Mattel first became aware of any alleged wrongful conduct

9    of Bryant, (2) the manner and mode by which Mattel first became aware of any alleged wrongful

10   conduct of Bryant, (3) when Mattel first became aware that Bryant was involved in the

11   conception, creation, design and/or reduction to practice of Bratz, (4) how Mattel first became

12   aware that Bryant was involved in the conception, creation, design and/or reduction to practice of

13   Bratz, and (5) all actions taken by Mattel, including but not limited to all circumstances

14   surrounding any investigations Mattel has undertaken, relating to Bratz after Mattel learned that

     Bryant was involved in the conception, creation, design and/or reduction to practice of Bratz.

15       MGA contends, however, that Mattel "deliberately under-prepared the 30(b)(6) witness on

16   statute of limitations and laches topics so that she would testify that nothing Mattel's Legal

17   Department or Security Department investigated prior to November 2003 could possibly have put

18   the company on notice of the facts underlying its claims in this litigation." MGA's Supplemental

19   Submission at p.1. MGA contends further that "[b]ecause the witness was shielded during her

20   preparation from critical facts that might show otherwise, it was tantamount to Mattel making a

21   privilege assertion before-the-fact rather than at the deposition itself." Id. at pp. 1-2. In

22   particular, MGA contends that the witness was not given access to Mattel's Legal Department's

23   file or redacted portions of Mattel's Security Department's files, or spoke to anyone about those

24   files, to ascertain what underlying facts had been disclosed or uncovered by Mattel in any of its

25   pre-November 2003 investigations. Id. at p.2.

26       A review of the deposition transcript, however, reveals that Mattel's 30(b)(6) witness

27   provided substantial testimony relevant to MGA's defense. Over the course of a ten hour day,

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

9

EXHIBIT  16
PAGE     508

1    Mattel's corporate designee gave over three hundred pages of testimony and freely answered all

2    but a handful of questions posed to her on this subject. The transcript shows that the witness fully

3    cooperated and gave responses to the best of her ability. Mattel's counsel did not obstruct MGA's

4    questioning of the witness. Nor did Mattel's counsel object to any questions based upon the

5    attorney-client privilege. The witness provided significant factual evidence related to how and

6    when Mattel first learned that Bryant was working for MGA while he was employed by Mattel.

7    Indeed, MGA has not pointed to any significant deficiencies in the witness' preparedness, other

8    than the witness' lack of knowledge concerning the contents of Mattel's Legal Department files

9    and Security Department investigation files. It is unclear, however, whether the witness' failure to

10   review the contents of Mattel's Legal Department and Security Department files materially

11   affected MGA's ability to obtain full and complete testimony because the witness was

12   knowledgeable about the scope of investigations conducted by both departments. In any event,

13   MGA's remedy lies in resumption of the deposition, and not the expansive subject matter waiver

     of privileged information MGA now seeks.

14        MGA next contends that the privileged information it seeks is vital because Mattel, in an

15   effort to defeat MGA's summary judgment motion, submitted the declaration of its in-house

16   counsel, Michael Moore, attesting that "Mattel knew nothing that could remotely put it on notice

17   of the facts underlying this lawsuit until November 24, 2003." MGA's Supp. Submission at p.2,

18   Second Supp. Mumford Decl., Ex. 2. Although Mattel's recent submission might arguably affect

19   the analysis under the second element of the Hearn test, it does not change the analysis under the

20   third prong. As previously discussed, Mattel has already produced substantial evidence related to

21   MGA's statute of limitations and laches defenses. MGA has not been denied factual evidence

22   related to how and when Mattel first learned that Bryant was working for MGA while he was

23   employed by Mattel. Therefore, the confidential information MGA now seeks is not "vital" to its

24   defense.

                              IV. CONCLUSION

25        For the reasons set forth above, MGA's motion to compel discovery of information

26   protected by the attorney-client privilege and work product immunity based on waiver by claim

27

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

                                                                                    10

EXHIBIT 16
PAGE 509

1   assertion is DENIED.

2        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

3   Master, Mattel shall file this Order with the Clerk of Court forthwith.

4

5   Dated: April 25, 2008                            /s/
                                        _____
6                                       HON. EDWARD A. INFANTE (Ret.)
                                                Discovery Master
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
    Bryant v. Mattel, Inc.,                                                    11
    CV-04-09049 SGL (RNBx)

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 25, 2008, I served the attached ORDER DENYING MGA'S MOTION TO COMPEL DISCOVERY AS TO ISSUES AS TO WHICH MATTEL HAS PURPORTEDLY WAIVED THE ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES BY CLAIM ASSERTION in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 25, 2008, at San Francisco, California.

Sandra Chan

EXHIBIT _16_
PAGE _511_

# Miscellaneous Filings (Other Documents)
2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc

(RNBx), AO279, DISCOVERY, PROTORD, RELATED-G

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Alger, Timothy on 4/25/2008 at 10:49 AM PDT and filed on
4/25/2008

**Case Name:**          Carter Bryant v. Mattel Inc

**Case Number:**       2:04-cv-9049

**Filer:**                    Mattel Inc

**Document Number:** 3284

**Docket Text:**
Order Denying MGA's Motion to Compel Discovery as to Issues as to Which Mattel has Purportedly Waived
the Attorney Client and Work Product Privileges by Claim Assertion filed by Counter Claimant Mattel Inc,
Defendant Mattel Inc re: MOTION to Compel DISCOVERY AS TO ISSUES AS TO WHICH MATTEL HAS
WAIVED THE ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES BY CLAIMS ASSERTION
[1667] (Alger, Timothy)

### 2:04-cv-9049 Notice has been electronically mailed to:

Juan Pablo Alban     juanpabloalban@quinnemanuel.com

Timothy L Alger     timalger@quinnemanuel.com

Christa M Anderson     canderson@kvn.com

Linda M Burrow     burrow@caldwell-leslie.com

Jon D Corey     joncorey@quinnemanuel.com

Alexander H Cote     acote@obsklaw.com, feseroma@obsklaw.com

Leah Chava Gershon     leah@spertuslaw.com

Scott E Gizer     sgizer@chrisglase.com

Melissa Grant     melissagrant@quinnemanuel.com

Emil W Herich     eherich@kmwlaw.com

Diane C Hutnyan     dianehutnyan@quinnemanuel.com, andreahoeven@quinnemanuel.com

EXHIBIT _/6_

PAGE ___512___        4/25/2008

John W Keker    jkeker@kvn.com, DRoberts@kvn.com, efiling@kvn.com

Raoul D Kennedy    rkennedy@skadden.com

Alisa Morgenthaler Lever    amorgenthaler@chrisglase.com

Larry W McFarland    lmcfarland@kmwlaw.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

Thomas J Nolan    tnolan@skadden.com, carl.roth@skadden.com, marcus.mumford@skadden.com

Mark E Overland    moverland@obsklaw.com, jhibino@obsklaw.com

Michael H Page    mhp@kvn.com, efiling@kvn.com

Kenneth A Plevan    kenneth.plevan@skadden.com, drogosa@skadden.com, sumclaug@skadden.com

Brett Dylan Proctor    dylanproctor@quinnemanuel.com

Rebekah L Punak    rpunak@kvn.com, lhartzlewis@kvn.com

John B Quinn    johnquinn@quinnemanuel.com

Jason D Russell    jrussell@skadden.com, allison.velkes@skadden.com

David C Scheper    dscheper@obsklaw.com, feseroma@obsklaw.com

Oleg Stolyar    alexstolyar@quinnemanuel.com

John Elliot Trinidad    jtrinidad@kvn.com, cparker@kvn.com, efiling@kvn.com, yjayasuriya@kvn.com

Audrey Walton-Hadlock    awaltonhadlock@kvn.com

Matthew M Werdegar    mmw@kvn.com

Michael T Zeller    michaelzeller@quinnemanuel.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Lauren E Aguiar
Skadden Arps Slate Meagher & Flom
1440 New York Ave
Washington, DC 20005-2111

Marina Vladimir Bogorad
Skadden Arps Slate Meagher & Flom
300 S Grand Ave, Ste 3400
Los Angeles, CA 90071-3144

David W Foster

EXHIBIT  16
PAGE  513

Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue NW
Washington, DC 20005-2111

Michael P Kelly
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue NW
Washington, DC 20005-2111

James E Lyons
Skadden Arps Slate Meagher & Flom
4 Embarcadero Center
Ste 3800
San Francisco, CA 94111-5974

Nathan Meyer
Kaye Scholer
1999 Avenue of the Stars, Suite 1700
Los Angeles, CA 90067

Cheryl Plambeck
Davis & Gilbert LLP
1740 Broadway
New York, NY 10019

Amy R Sabrin
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue NW
Washington, DC 20005-2111

Kien C Tiet
Stern and Goldberg
6345 Balboa Boulevard, Suite 200
Encino, CA 91316

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\albertvillamil\Desktop\Order Denying MGA's Motion to Compel Discovery.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=4/25/2008] [FileNumber=5749787-0]
[24092e201a92d25718795093b78cd2016f9b3343b0e20a1f82a2de7e392eccdb6461
53d56b410a397c305873194c7d3dfc9bc339012a0dd24e0b198dddc27856]]

EXHIBIT _16_
PAGE   514   4/25/2008

# **EXHIBIT 17**

1   Robert C. O'Brien
    ARENT FOX LLP
2   555 West Fifth Street, 48th Floor
    Los Angeles, CA 90013-1065
3   Telephone: 213.629.7400
    Facsimile: 213.629.7401
4
    Discovery Master
5

6

7

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12  CARTER BRYANT, an individual,,          Case No. CV 04-09049 SGL (RNBx)

13                 Plaintiff,
                                            **Consolidated with**
14            v.                            **Case No. CV 04-09059**
                                            **Case No. CV 05-2727**
15  MATTEL, INC., a Delaware
    corporation,                            **PHASE II DISCOVERY MATTER**
16
                   Defendant.               **ORDER NO. 1, REGARDING:**
17
                                            **(1) PROCEDURE GOVERNING
18                                                 DISCOVERY MOTIONS;**
                                            **(2) PENDING DISCOVERY
19                                                 MATTERS;**
                                            **and**
20                                          **(3) FURTHER/FUTURE
                                                 DISCOVERY MOTIONS**
21

22  ┌─────────────────────────────────┐
    │ CONSOLIDATED WITH
23  │ MATTEL, INC. v. BRYANT and
    │ MGZ ENTERTAINMENT, INC. v.
24  │ MATTEL, INC.
    └─────────────────────────────────┘
25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW                            1
LOS ANGELES
        LA/136065.1

                                            EXHIBIT  /7
                      2-12                   PAGE     515

## I.   PROCEDURE GOVERNING DISCOVERY MOTIONS

### A.   Meet and Confer Requirements

The parties are reminded of their obligation to comply with the briefing schedule that they agreed to as set forth in the Stipulation For Appointment Of A Discovery Master and Order dated December 6, 2006 (the "Order").  Specifically, before filing any discovery motion, "[t]he moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail.  The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.  If the dispute has not been resolved within five court days after such service, the moving party may seek relief from the Discovery Master by formal motion or letter brief, at the moving party's option." *Id.*

### B.   Briefing Schedule

As provided by the Order, once any such motion or letter brief is filed, "[t]he opposing party shall have five court days from the date of service of the motion or letter brief to submit a formal opposition or response.  Any reply brief shall be served within three court days from the date of service of a formal opposition or response." *Id.*

### C.   Filing Requirements

All papers submitted, from this date forward, in connection with a discovery motion, opposition or response, or reply brief shall be served on the Discovery Master at Arent Fox LLP, 555 West Fifth Street, 48th Floor Los Angles, California 90013 no later than one business day after they are filed with the Court.  The courtesy copies to be provided to the Discovery Master shall include the Court's electronic file-stamp located at the top of each document.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/136065.1

- 2 -

EXHIBIT   17
PAGE   516

### D.   Hearings on Discovery Motions

1.     Unless ordered otherwise, the hearing on any discovery motion shall be set by the Discovery Master on his first available date following the filing of the reply brief, usually within seven (7) court days.  Unless a telephonic hearing is ordered by the Discovery Master, all such hearings shall take place at the offices of Arent Fox LLP located at 555 West Fifth Street, 48th Floor Los Angles, California 90013.  In the event the Discovery Master determines that no hearing is necessary for a specified motion and the matter can be disposed of on the papers, the Discovery Master shall so notify the parties.

2.     At least twenty-four hours prior to any hearing, counsel for the parties shall each provide Ruben Hernandez, a paralegal at Arent Fox LLP, with a list of all individuals who will be attending the hearing so their names can be provided to the Gas Company Tower's building security.  Mr. Hernandez's email address is: hernandez.ruben@arentfox.com.  The parties should also direct any questions they may have regarding the use of technology or other logistics at a hearing to Mr. Hernandez.

## II.   PENDING DISCOVERY MATTERS

### A.   *Ex Parte* Application of Non-Party Entities

1.     On or about February 9, 2009, Omni 808, Investors, LLC, Vision Capital, LLC and Omninet Capital, LLC ("Non-Party Entities") filed an *ex parte* application (the "Application") to strike the Motion to Compel Production of Documents Responsive to Third-Party Subpoenas filed by Mattel, Inc. ("Mattel") on or about February 4, 2009.  The Application is **DENIED** as moot, on the ground that it has been superseded by another pleading filed by the Non-Party Entities. Specifically, one day after filing their Application (i.e., on or about February 10, 2009), the Non-Party Entities filed an opposition (the "Opposition") to a motion to compel by Mattel (the "Motion"), and it contains all of the procedural arguments made in the Application, as well as additional substantive arguments.  The

- 3 -

LA/136065.1

EXHIBIT  17
PAGE  517

1  Opposition further states that it was filed "without waiving, and expressly

2  reserving, all arguments raised in [the Non-Party Entities'] ex parte application."

3

4      2.      Although the Application has been superseded by the subsequently-

5  filed Opposition, nothing in this ruling precludes the Non-Party Entities from

6  arguing that the Motion should be denied for the reasons set forth in the

7

8  Application. Mattel may respond to any such arguments in its reply papers, and the

9  parties shall have the right to address all such arguments at the hearing on the

10  Motion.

11

12      **B.     Hearing Dates**

13      The motions already filed by the parties shall be heard by the Discovery

14  Master in accordance with the schedule set forth below. Unless the Discovery

15

16  Master notifies the parties otherwise, all discovery hearings shall commence at

17  10:00 a.m. at the offices of Arent Fox, LLP. To the extent any opposition papers

18  have previously been filed to any of the motions below, the opposing party shall

19

20  immediately provide the Discovery Master with a copy of all such documents.

21  Similarly, to the extent any reply papers have previously been filed in connection

22  with any of the motions below, the moving party shall immediately provide the

23

24  Discovery Master with a copy of all such documents.

25  **March 4, 2009:**

26

27      1.      Motion to Compel Production of Documents Responsive to Third-

28  Party Subpoenas filed by Mattel.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/136065.1

- 4 -

EXHIBIT 17
PAGE 518

2.      Motion to Quash Receiver Subpoenas filed by MGA Entertainment, Inc. et al. ("MGA") on or about February 4, 2009.

**March 11, 2009:**

1.      Renewed Motion to Compel Production of Documents and Things from MGA filed by Mattel on or about January 26, 2009.

2.      Renewed Motion to Compel Mattel To Produce Documents Responsive To Requests For Production 526 and 528 filed by MGA on or about February 6, 2009.

**March 19, 2009:**

1.      Motion to Compel Depositions of Pablo Vargas and Marian Trueba filed by Mattel on or about February 9, 2009.

2.      Motion to Compel Responses to Interrogatories and Production of Documents from MGA et al. filed by Mattel on or about February 10, 2009.

3.      Motion to Compel MGA To Produce And File Certain Documents Reviewed In Camera filed by Mattel on or about February 12, 2009.

**III.    FURTHER / FUTURE DISCOVERY MOTIONS**

1.      In the event any party has previously filed any other discovery motion not referenced above that should be set for hearing, the Discovery Master requests that the parties promptly submit a joint report identifying the motion(s), the date such motion(s) were filed and all papers submitted in connection with the motion(s) to date.

- 5 -

AKENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/136065.1

EXHIBIT /7
PAGE    519

2.  Any motion filed after the date of this order will be set for hearing within a reasonable period of time thereafter by the Discovery Master.

Dated:  February 12, 2009

By: /s/ Robert C. O'Brien
ROBERT C. O'BRIEN
Discovery Master

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/136065.1

- 6 -

EXHIBIT 17
PAGE 520

**PROOF OF SERVICE**
*Bryant v. Mattel Inc. and Consolidated Actions*
<u>USDC, Eastern Division, Case No. CV 04 09049 SGL (RNBx)</u>

I am a citizen of the United States. My business address is Arent Fox LLP, 555 West Fifth Street, 48th Floor, Los Angeles, California 90013-1065. I am employed in the County of Los Angeles where this service occurs. I am over the age of 18 years, and not a party to the within cause.

On the date set forth below, according to ordinary business practice, I served the foregoing document(s) described as:

**ORDER NO. 1, REGARDING: (1) PROCEDURE GOVERNING DISCOVERY MOTIONS; (2) PENDING DISCOVERY MATTERS, and (3) FURTHER/FUTURE DISCOVERY MOTIONS**

☐   (BY FAX) I transmitted via facsimile, from facsimile number (213) 629-7401, the document(s) to the person(s) listed below at the fax number(s) set forth therein, on this date before 5:00 p.m. A statement that this document was successfully transmitted without error is attached to this Proof of Service.

☒   (BY E-MAIL) On this date, I caused the above document(s) to be delivered electronically to the e-mail address (es) of the person(s) on the attached service list.

☒   (BY MAIL) I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business. On this date, I placed the document(s) in envelopes addressed to the person(s) listed below and sealed and placed the envelopes for collection and mailing following ordinary business practices.

☐   **(BY PERSONAL SERVICE)** On this date, I caused the above documents to be delivered by hand delivery to the person(s) listed below.

☐   (BY OVERNIGHT DELIVERY) On this date, I placed the documents in envelope(s) addressed to the person(s) on the within service list, and caused those envelopes to be delivered to an overnight delivery carrier, with delivery fees provided for, for next-business-day delivery to whom it is to be served.

**SEE ATTACHED SERVICE LIST**

☒   (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 12, 2009 at Los Angeles, California.

/s/ Armida Flores
Armida Flores

Arent Fox LLP
Attorneys At Law
Los Angeles

- 1 -

**PROOF OF SERVICE**

EXHIBIT  17
PAGE  521

*Bryant v. Mattel Inc. and Consolidated Actions*
USDC, Eastern Division, Case No. CV 04 09049 SGL (RNBx)

**SERVICE LIST**

| | |
|---|---|
| John B Quinn<br>johnquinn@quinnemanuel.com | Randa A F Osman<br>randaosman@quinnemanuel.com |
| David C Scheper<br>dscheper@obsklaw.com;<br>feseroma@obsklaw.com | Alisa Morgenthaler Lever<br>amorgenthaler@chrisglase.com |
| Larry W McFarland<br>lmcfarland@kmwlaw.com | Raoul D Kennedy<br>rkennedy@skadden.com |
| Mark E Overland<br>moverland@obsklaw.com;<br>jhibino@obsklaw.com | Thomas J Nolan<br>tnolan@skadden.com; carl.roth@skadden.com;<br>marcus.mumford@skadden.com |
| Emil W Herich<br>eherich@kmwlaw.com | Jason D Russell<br>jrussell@skadden.com; allison.velkes@skadden.com |
| Timothy L Alger<br>timalger@quinnemanuel.com | Sandra L Tholen<br>tholen@caldwell-leslie.com; mejia@caldwell-leslie.com; wilson@caldwell-leslie.com |
| Jon D Corey<br>joncorey@quinnemanuel.com | Douglas Andrew Winthrop<br>dwinthrop@howardrice.com |
| Michael T Zeller<br>michaelzeller@quinnemanuel.com | Linda M Burrow<br>burrow@caldwell-leslie.com; wilson@caldwell-leslie.com; popescu@caldwell-leslie.com |
| Diane C Hutnyan<br>dianehutnyan@quinnemanuel.com;<br>rcahoeven@quinnemanuel.com | Kenneth A Plevan<br>kenneth.plevan@skadden.com;<br>drogosa@skadden.com; sumclaug@skadden.com |
| Alexander H Cote<br>acote@obsklaw.com;<br>feseroma@obsklaw.com | Marina Vladimir Bogorad<br>marina.bogorad@skadden.com |
| Brett Dylan Proctor<br>dylanproctor@quinnemanuel.com;<br>westonreid@quinnemanuel.com | Stan Karas<br>stankaras@quinnemanuel.com;<br>gayleduran@quinnemanuel.com;<br>westonreid@quinnemanuel.com |
| Scott E Gizer<br>sgizer@glaserweil.com | David W Hansen<br>dhansen@skadden.com |
| Robyn Aronson<br>robynaronson@dwt.com;<br>frankromero@dwt.com | Oleg Stolyar<br>alexstolyar@quinnemanuel.com |

ARENT FOX LLP<br>ATTORNEYS AT LAW<br>LOS ANGELES

- 2 -

**PROOF OF SERVICE**

EXHIBIT / 7
PAGE 522

1

2
*Bryant v. Mattel Inc. and Consolidated Actions*
USDC, Eastern Division, Case No. CV 04 09049 SGL (RNBx)

3
**SERVICE LIST**

| | |
|---|---|
| Christian C Dowell<br>cdowell@kmwlaw.com | Cyrus S Naim<br>cyrusnaim@quinnemanuel.com |
| Leah Chava Gershon<br>leah@spertuslaw.com | Michael P Kelly<br>mikelly@skadden.com |
| Sanford I Weisburst<br>sandyweisburst@quinnemanuel.com | Hon. Stephen G. Larson<br>stephen_larson@cacd.uscourts.gov |
| Jerome B Falk<br>Howard Rice Nemerovski Canady Falk & Rabkin<br>3 Embarcadero Ctr 7th Fl<br>San Francisco CA 94111-4024 | Kien C Tiet<br>Stern and Goldberg<br>6345 Balboa Boulevard, Suite 200<br>Encino CA 91316 |
| Lauren E Aguiar<br>Skadden Arps Slate Meagher & Flom<br>1440 New York Ave<br>Washington DC 20005-2111 | Melissa Grant<br>Quinn Emanuel Urquhart Oliver and Hedges<br>865 South Figueroa Street, 10th Fl<br>Los Angeles CA 90017-2543 |
| Cheryl Plambeck<br>Davis & Gilbert LLP<br>1740 Broadway<br>New York NY 10019 | Amy R Sabrin<br>Skadden Arps Slate Meagher & Flom LLP<br>1440 New York Avenue NW<br>Washington DC 20005-2111 |
| David W Foster<br>Skadden Arps Slate Meagher & Flom LLP<br>1440 New York Avenue NW<br>Washington DC 20005-2111 | Peter H Bonis<br>Peter H. Bonis Law Offices<br>1990 N. California Blvd, 8th Floor<br>Walnut Creek CA 94596 |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

**PROOF OF SERVICE**

LA/136081.1



EXHIBIT /7
PAGE 523

# EXHIBIT 18

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    michaelzeller@quinnemanuel.com
     Jon D. Corey (Bar No. 185066)
4    joncorey@quinnemanuel.com
     Timothy L. Alger (Bar No. 160303)
5    timalger@quinnemanuel.com
     865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
     Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Plaintiff and Counter-
     Defendant Mattel
9

10               UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12                    EASTERN DIVISION

13  CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)

14                                          Consolidated with:
              Plaintiff,                    Case No. CV 04-09059
15                                          Case No. CV 05-02727

16         v.                               MATTEL'S THIRD SUPPLEMENTAL
                                            RESPONSES TO MGA'S FIRST SET
17  MATTEL, INC., a Delaware                OF REQUESTS FOR PRODUCTION
    Corporation,
18

19              Defendant.

20

21  AND CONSOLIDATED ACTIONS

22

23

24

25

26

27                                         EXHIBIT  /8
28                                         PAGE     524

07209/2342869.1                            /-/9
                    MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

**Preliminary Statement**

Mattel hereby supplements its responses to certain requests in MGA's First Set of Requests of Production pursuant to the Discovery Master's September 12, 2007 Order ("Order").

Mattel has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Indeed, facts are coming to light with each passing day that are uniquely within the possession of defendants MGA, Carter Bryant and others, which have been withheld by defendants in violation of Court orders.

Consequently, Mattel reserves the right to amend and/or supplement its responses as additional facts or documents are discovered, and if and when defendants ultimately comply with Court orders. Mattel's responses are based on facts and documents that Mattel identified as of the date of compliance stated in the Order. The responses are not intended to, and will not, preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents.

Mattel's partial response to any of the First Set of Requests for Production of Documents and Things (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other request. Mattel's agreement to produce responsive, non-privileged documents in response to a specific Request does not constitute an admission by Mattel that such responsive, non-privileged documents actually exist.

To the extent that any request calls for documents located on Mattel's Zeus computer server, Mattel has discharged its obligation of search and production by providing to MGA a file directory listing, pursuant to a meet-and-confer of counsel for Mattel and MGA on December 14, 18, 26, 2007, and January 2, 2008.

EXHIBIT ___ 78

PAGE 525

## **General Objections**

To the extent that Mattel's objections were not reached in the Order by the Discovery Master, Mattel continues to object generally to the Requests on each and every one of the following grounds, which are incorporated into and made a part of Mattel's response to each and every individual request:

1. Mattel objects to the Requests on the grounds that they seek to impose obligations upon Mattel beyond those required or permitted by the <u>Federal Rules of Civil Procedure</u>.

2. Mattel objects to the Requests on the grounds that they call for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges, including without limitation the privilege against disclosure of the identities and work product of consulting experts. Such documents and information will not be produced.

3. Mattel objects to the Requests on the grounds that they call for information that is not relevant to the claims or defenses of the pending action, nor reasonably calculated to lead to the discovery of admissible evidence.

4. Mattel objects to the Requests on the grounds that they are unduly burdensome and vague and ambiguous in that they purport to require Mattel to identify and produce documents relating to matters that are currently known to and in the possession, custody and control of defendants and third parties, including third parties associated with defendants, and that are not known to Mattel.

5. Mattel objects to the Requests on the grounds that they seek the production of documents or information that are in the possession, custody and control of independent parties over whom Mattel has no control, including without limitation defendants, and seek the disclosure of information or documents that are in the possession, custody and control of defendants or are publicly available and hence equally available to all parties to this litigation.

EXHIBIT 78

PAGE 526

-2-

6.      Mattel objects to the Requests on the grounds that they are unduly burdensome and oppressive, including without limitation in seeking "all" documents that evidence, refer or relate to a given topic.  Mattel has made available for inspection and copying those non-privileged documents and tangible items that it was able to locate after a reasonable, good-faith search for and review of files that were reasonably likely to contain responsive documents and tangible things bearing on the issues in this litigation.

7.      Mattel objects to the Requests on the grounds that they seek documents whose production would violate the terms of agreements entered into with third parties, or violate the privacy, contractual, or other rights of third parties.

8.      Mattel objects to the Requests on the grounds that the definition of "Mattel" is overbroad, vague and ambiguous and unduly burdensome.

9.      Mattel objects to the Requests on the grounds that they seek confidential, proprietary and trade secret information.  Such information, to the extent it is relevant to this action and either has been or will be produced, has been and will be produced only in reliance upon and pursuant to protective order.

10.     Mattel objects to the Requests on the grounds that they seek documents containing confidential, proprietary and trade secret information, such as current and future Mattel marketing and pricing plans and strategies, that have no bearing on the claims or defenses in this matter.

11.     Mattel objects to each and every request to the extent that they seek documents already produced in this action.  Documents previously produced will not be produced again in response to these requests.

12.     Mattel objects to each Request seeking information on damages on that grounds that it is premature in that it seeks expert discovery.  Such discovery will be disclosed only at the time, and in the manner required by, the Rules and the Court's Orders.  An acknowledgement by Mattel that it has or will produce

EXHIBIT _18_

PAGE _527_

-3-

1 | documents responsive to any request should not be construed as consent to
2 | premature disclosure of expert discovery.

3 | 13. Mattel objects to each Request seeking information on damages
4 | on that grounds that it is premature and unreasonably burdensome in that such
5 | information is in the possession, custody and control of defendants and third parties
6 | associated with defendants but has not been disclosed by defendants and their
7 | associated third parties.

8 |

9 | **SUPPLEMENTED RESPONSES TO REQUESTS FOR PRODUCTION**

10 | To the extent that Mattel's objections were not reached in the Order by
11 | the Discovery Master, each of the following responses to the Requests is expressly
12 | made subject to the above Preliminary Statement and General Objections, all of
13 | which are incorporated in each of the following responses to specific requests.
14 | Mattel's responses are as of the date of compliance stated in the Order.

15 |

16 | AMENDED REQUEST NO. 44 (as stated in the Order):

17 | All DOCUMENTS discussing or mentioning Isaac Larian, authored
18 | between June 2000 and October 2001, that concern, support, or refute MATTEL's
19 | contentions in this litigation.

20 |

21 | RESPONSE TO AMENDED REQUEST NO. 44:

22 | In addition to the General Objections stated above, which are
23 | incorporated herein by reference, Mattel objects to this Request on the grounds that
24 | it calls for the disclosure of information subject to the attorney-client privilege, the
25 | attorney work-product doctrine and other applicable privileges. Subject to the
26 | foregoing, and pursuant to the Order, including the limitation stated in the Order that
27 | MGA "seeks documents relevant to the claims and defenses in the case and [the
28 | request is] limited in subject matter as well as temporal scope," Mattel responds as

EXHIBIT 78
PAGE 528

1  follows:  Mattel has produced those responsive, non-privileged documents that it
2  was able to locate after a reasonable, good-faith search for and review of files that
3  were reasonably likely to contain responsive documents bearing on the issues in this
4  litigation.

5

6  <u>AMENDED REQUEST NO. 45 (as stated in the Order):</u>

7         All DOCUMENTS discussing or mentioning Paula Treantafellas,
8  authored between June 2000 and October 2001, that concern, support, or refute
9  MATTEL's contentions in this litigation.

10

11 <u>RESPONSE TO AMENDED REQUEST NO. 45:</u>

12        In addition to the General Objections stated above, which are
13 incorporated herein by reference, Mattel objects to this Request on the grounds that
14 it calls for the disclosure of information subject to the attorney-client privilege, the
15 attorney work-product doctrine and other applicable privileges.  Subject to the
16 foregoing, and pursuant to the Order, including the limitation stated in the Order that
17 MGA "seeks documents relevant to the claims and defenses in the case and [the
18 request is] limited in subject matter as well as temporal scope," Mattel responds as
19 follows:  Mattel has produced those responsive, non-privileged documents that it
20 was able to locate after a reasonable, good-faith search for and review of files that
21 were reasonably likely to contain responsive documents bearing on the issues in this
22 litigation.

23

24 <u>AMENDED REQUEST NO. 46 (as stated in the Order):</u>

25        ALL DOCUMENTS discussing or mentioning Mercedah Ward,
26 authored between June 2000 and October 2001, that concern, support, or refute
27 MATTEL's contentions in this litigation.

28

EXHIBIT 18
PAGE 529

07209/2342869.1

MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  RESPONSE TO AMENDED REQUEST NO. 46:

2  In addition to the General Objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges.  Subject to the

6  foregoing, and pursuant to the Order, including the limitation stated in the Order that

7  MGA "seeks documents relevant to the claims and defenses in the case and [the

8  request is] limited in subject matter as well as temporal scope," Mattel responds as

9  follows:  Mattel has produced those responsive, non-privileged documents that it

10  was able to locate after a reasonable, good-faith search for and review of files that

11  were reasonably likely to contain responsive documents bearing on the issues in this

12  litigation.

13

14  REQUEST NO. 172:

15  All DOCUMENTS discussing, mentioning, relating or referring to any

16  decision or resolution of MATTEL's Board of Directors relating to litigation against

17  BRYANT.

18

19  SUPPLEMENTED RESPONSE TO REQUEST NO. 172:

20  In addition to the General Objections stated above, which are

21  incorporated herein by reference, Mattel objects to this Request on the grounds that

22  it calls for the disclosure of information subject to the attorney-client privilege, the

23  attorney work-product doctrine and other applicable privileges.  Subject to the

24  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

25  produced those responsive, non-privileged documents that it was able to locate after

26  a reasonable, good-faith search for and review of files that were reasonably likely to

27  contain responsive documents bearing on the issues in this litigation.

EXHIBIT _18_

PAGE _530_

28

07209/2342869.1

MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1 | REQUEST NO. 173:

2          All DOCUMENTS discussing, mentioning, relating or referring to any

3 | decision or resolution of MATTEL's Board of Directors relating to litigation against

4 | MGA.

5

6 | SUPPLEMENTED RESPONSE TO REQUEST NO. 173:

7          In addition to the General Objections stated above, which are

8 | incorporated herein by reference, Mattel objects to this Request on the grounds that

9 | it calls for the disclosure of information subject to the attorney-client privilege, the

10 | attorney work-product doctrine and other applicable privileges. Subject to the

11 | foregoing, and pursuant to the Order, Mattel responds as follows: Mattel has

12 | produced those responsive, non-privileged documents that it was able to locate after

13 | a reasonable, good-faith search for and review of files that were reasonably likely to

14 | contain responsive documents bearing on the issues in this litigation.

15

16 | REQUEST NO. 174:

17          All DOCUMENTS discussing, mentioning, relating or referring to any

18 | decision or resolution of MATTEL's Board of Directors relating to litigation

19 | involving BRATZ.

20

21 | SUPPLEMENTED RESPONSE TO REQUEST NO. 174:

22          In addition to the General Objections stated above, which are

23 | incorporated herein by reference, Mattel objects to this Request on the grounds that

24 | it calls for the disclosure of information subject to the attorney-client privilege, the

25 | attorney work-product doctrine and other applicable privileges. Subject to the

26 | foregoing, and pursuant to the Order, Mattel responds as follows: Mattel has

27 | produced those responsive, non-privileged documents that it was able to locate after

28

EXHIBIT 18
PAGE 531

1  a reasonable, good-faith search for and review of files that were reasonably likely to
2  contain responsive documents bearing on the issues in this litigation.
3
4  REQUEST NO. 180:
5           All DOCUMENTS mentioning, referring or relating to BRYANT
6  including, but not limited to, BRYANT's personnel file and all DOCUMENTS on
7  MATTEL's Zeus computer system that mention BRYANT.
8
9  SUPPLEMENTED RESPONSE TO REQUEST NO. 180:
10          In addition to the General Objections stated above, which are
11  incorporated herein by reference, Mattel objects to this Request on the grounds that
12  it calls for the disclosure of information subject to the attorney-client privilege, the
13  attorney work-product doctrine and other applicable privileges.  Subject to the
14  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has
15  produced those responsive, non-privileged documents that it was able to locate after
16  a reasonable, good-faith search for and review of files that were reasonably likely to
17  contain responsive documents bearing on the issues in this litigation.  To the extent
18  that responsive documents might be located on Mattel's Zeus computer server,
19  Mattel has discharged its obligation of search and production by providing to MGA
20  a file directory listing, pursuant to a meet-and-confer of counsel for Mattel and
21  MGA on December 14, 18, 26, 2007, and January 2, 2008.
22
23  REQUEST NO. 181:
24          All DOCUMENTS constituting, evidencing, referring to or reflecting
25  BRYANT's work at MATTEL, including the projects he worked on.
26
27
28

EXHIBIT __18__
PAGE __532__

07209/2342869.1

-8-
MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1 | SUPPLEMENTED RESPONSE TO REQUEST NO. 181:

2         In addition to the General Objections stated above, which are

3 incorporated herein by reference, Mattel objects to this Request on the grounds that

4 it calls for the disclosure of information subject to the attorney-client privilege, the

5 attorney work-product doctrine and other applicable privileges. Subject to the

6 foregoing, and pursuant to the Order, Mattel responds as follows: Mattel has

7 produced those responsive, non-privileged documents that it was able to locate after

8 a reasonable, good-faith search for and review of files that were reasonably likely to

9 contain responsive documents bearing on the issues in this litigation.

10

11 | REQUEST NO. 182:

12         All DOCUMENTS evidencing the days and hours BRYANT worked

13 for MATTEL, including all time entries and data on MATTEL's "P2" computer

14 system, and all records reflecting the days and hours BRYANT was on vacation or

15 leave of absence.

16

17 | SUPPLEMENTED RESPONSE TO REQUEST NO. 182:

18         In addition to the General Objections stated above, which are

19 incorporated herein by reference, Mattel objects to this Request on the grounds that

20 it calls for the disclosure of information subject to the attorney-client privilege, the

21 attorney work-product doctrine and other applicable privileges. Subject to the

22 foregoing, and pursuant to the Order, Mattel responds as follows: Mattel has

23 produced those responsive, non-privileged documents that it was able to locate after

24 a reasonable, good-faith search for and review of files that were reasonably likely to

25 contain responsive documents bearing on the issues in this litigation.

26

27

28

EXHIBIT _18_

PAGE _533_

07209/2342869.1

MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  REQUEST NO. 183:

2          All DOCUMENTS constituting, consisting of, comprising or reflecting

3  records of all phone calls BRYANT placed and received and all facsimiles

4  BRYANT sent and received during his employment at MATTEL, including,

5  specifically, without limitation, all phone logs, phone records and facsimile

6  transmittals and facsimile records evidencing all phone calls and facsimiles

7  BRYANT placed or received in September and October 2000.

8

9  SUPPLEMENTED RESPONSE TO REQUEST NO. 183:

10          In addition to the General Objections stated above, which are

11  incorporated herein by reference, Mattel objects to this Request on the grounds that

12  it calls for the disclosure of information subject to the attorney-client privilege, the

13  attorney work-product doctrine and other applicable privileges.  Subject to the

14  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

15  produced those responsive, non-privileged documents that it was able to locate after

16  a reasonable, good-faith search for and review of files that were reasonably likely to

17  contain responsive documents bearing on the issues in this litigation.

18

19  REQUEST NO. 186:

20          All DOCUMENTS evidencing, mentioning, referring to, or relating to

21  BRYANT's involvement with, work on, or connection to the conception, design,

22  creation or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

23

24  SUPPLEMENTED RESPONSE TO REQUEST NO. 186:

25          In addition to the General Objections stated above, which are

26  incorporated herein by reference, Mattel objects to this Request on the grounds that

27  it calls for the disclosure of information subject to the attorney-client privilege, the

28  attorney work-product doctrine and other applicable privileges.  Subject to the

EXHIBIT ___8___

PAGE ___534___

07209/2342869.1

1  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

2  produced those responsive, non-privileged documents that it was able to locate after

3  a reasonable, good-faith search for and review of files that were reasonably likely to

4  contain responsive documents bearing on the issues in this litigation.

5

6  REQUEST NO. 187:

7         All DOCUMENTS evidencing, mentioning, referring to, or relating to

8  BRYANT's involvement with, contract with, and work with or for MGA.

9

10 SUPPLEMENTED RESPONSE TO REQUEST NO. 187:

11        In addition to the General Objections stated above, which are

12 incorporated herein by reference, Mattel objects to this Request on the grounds that

13 it calls for the disclosure of information subject to the attorney-client privilege, the

14 attorney work-product doctrine and other applicable privileges.  Subject to the

15 foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

16 produced those responsive, non-privileged documents that it was able to locate after

17 a reasonable, good-faith search for and review of files that were reasonably likely to

18 contain responsive documents bearing on the issues in this litigation.

19

20 REQUEST NO. 188:

21        All DOCUMENTS mentioning, referring to, or relating to YOUR

22 decision to sue BRYANT including, without limitation, COMMUNICATIONS

23 mentioning, discussing, describing, referring to, or relating to the reasons and

24 factors that influenced the decision, the timing of the decision, and the date and

25 manner in which YOU made the decision.

26

27

28

EXHIBIT  /8
PAGE     535

-11-

1 | SUPPLEMENTED RESPONSE TO REQUEST NO. 188:

2 |         In addition to the General Objections stated above, which are

3 | incorporated herein by reference, Mattel objects to this Request on the grounds that

4 | it calls for the disclosure of information subject to the attorney-client privilege, the

5 | attorney work-product doctrine and other applicable privileges.  Subject to the

6 | foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

7 | produced those responsive, non-privileged documents that it was able to locate after

8 | a reasonable, good-faith search for and review of files that were reasonably likely to

9 | contain responsive documents bearing on the issues in this litigation.

10 |

11 | REQUEST NO. 190:

12 |         All DOCUMENTS mentioning, referring to, or relating to any decision

13 | not to sue BRYANT including, without limitation, COMMUNICATIONS

14 | mentioning, discussing, describing, referring to, or relating to the reasons and

15 | factors that influenced the decision, the timing of the decision, and the date and

16 | manner in which YOU made the decision.

17 |

18 | SUPPLEMENTED RESPONSE TO REQUEST NO. 190:

19 |         In addition to the General Objections stated above, which are

20 | incorporated herein by reference, Mattel objects to this Request on the grounds that

21 | it calls for the disclosure of information subject to the attorney-client privilege, the

22 | attorney work-product doctrine and other applicable privileges.  Subject to the

23 | foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

24 | produced those responsive, non-privileged documents that it was able to locate after

25 | a reasonable, good-faith search for and review of files that were reasonably likely to

26 | contain responsive documents bearing on the issues in this litigation.

27 |

28 |

EXHIBIT _/8_
PAGE    **536**

7209/2342869.1

-12-

1  REQUEST NO. 224:

2         All COMMUNICATIONS and all DOCUMENTS constituting,

3  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

4  with Anna Rhee that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ

5  DOLLS or BRYANT's work for MGA.

6

7  SUPPLEMENTED RESPONSE TO REQUEST NO. 224:

8         In addition to the General Objections stated above, which are

9  incorporated herein by reference, Mattel objects to this Request on the grounds that

10  it calls for the disclosure of information subject to the attorney-client privilege, the

11  attorney work-product doctrine and other applicable privileges.  Subject to the

12  foregoing, and as limited by the interpretation of the Request by MGA and the

13  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

14  privileged documents that it was able to locate after a reasonable, good-faith search

15  for and review of files that were reasonably likely to contain responsive documents

16  bearing on the issues in this litigation.

17

18  REQUEST NO. 225:

19         All COMMUNICATIONS and all DOCUMENTS constituting,

20  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

21  with Anna Rhee that refer or relate to this litigation, the facts and circumstances

22  giving rise to this litigation, or BRYANT's alleged misconduct.

23

24  SUPPLEMENTED RESPONSE TO REQUEST NO. 225:

25         In addition to the General Objections stated above, which are

26  incorporated herein by reference, Mattel objects to this Request on the grounds that

27  it calls for the disclosure of information subject to the attorney-client privilege, the

28  attorney work-product doctrine and other applicable privileges.  Subject to the

EXHIBIT ___78
PAGE 537

1  foregoing, and as limited by the interpretation of the Request by MGA and the
2  Order, Mattel responds as follows:  Mattel has produced those responsive, non-
3  privileged documents that it was able to locate after a reasonable, good-faith search
4  for and review of files that were reasonably likely to contain responsive documents
5  bearing on the issues in this litigation.
6
7  REQUEST NO. 226:
8       All COMMUNICATIONS and all DOCUMENTS constituting,
9  mentioning, describing discussing, referring or relating to all COMMUNICATIONS
10 with Margaret Leahy that refer or relate to the BRATZ CONCEPT, the FIRST
11 BRATZ DOLLS or BRYANT's work for MGA.
12
13 SUPPLEMENTED RESPONSE TO REQUEST NO. 226:
14      In addition to the General Objections stated above, which are
15 incorporated herein by reference, Mattel objects to this Request on the grounds that
16 it calls for the disclosure of information subject to the attorney-client privilege, the
17 attorney work-product doctrine and other applicable privileges.  Subject to the
18 foregoing, and as limited by the interpretation of the Request by MGA and the
19 Order, Mattel responds as follows:  Mattel has produced those responsive, non-
20 privileged documents that it was able to locate after a reasonable, good-faith search
21 for and review of files that were reasonably likely to contain responsive documents
22 bearing on the issues in this litigation.
23
24 REQUEST NO. 227:
25      All COMMUNICATIONS, and all DOCUMENTS constituting,
26 mentioning, describing discussing, referring or relating to all COMMUNICATIONS
27 with Margaret Leahy that refer or relate to this litigation, the facts and circumstances
28 giving rise to this litigation, or BRYANT's alleged misconduct. EXHIBIT /8

PAGE    538

209/2342869.1

-14-

1   SUPPLEMENTED RESPONSE TO REQUEST NO. 227:

2           In addition to the General Objections stated above, which are

3   incorporated herein by reference, Mattel objects to this Request on the grounds that

4   it calls for the disclosure of information subject to the attorney-client privilege, the

5   attorney work-product doctrine and other applicable privileges. Subject to the

6   foregoing, and as limited by the interpretation of the Request by MGA and the

7   Order, Mattel responds as follows: Mattel has produced those responsive, non-

8   privileged documents that it was able to locate after a reasonable, good-faith search

9   for and review of files that were reasonably likely to contain responsive documents

10  bearing on the issues in this litigation.

11

12  REQUEST NO. 228:

13          All COMMUNICATIONS and all DOCUMENTS constituting,

14  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

15  with Margaret Leahy's husband that refer or relate to the BRATZ CONCEPT, the

16  FIRST BRATZ DOLLS or BRYANT's work for MGA.

17

18  SUPPLEMENTED RESPONSE TO REQUEST NO. 228:

19          In addition to the General Objections stated above, which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it calls for the disclosure of information subject to the attorney-client privilege, the

22  attorney work-product doctrine and other applicable privileges. Subject to the

23  foregoing, and as limited by the interpretation of the Request by MGA and the

24  Order, Mattel responds as follows: Mattel has produced those responsive, non-

25  privileged documents that it was able to locate after a reasonable, good-faith search

26  for and review of files that were reasonably likely to contain responsive documents

27  bearing on the issues in this litigation.

28

EXHIBIT __/8__
PAGE ____539____

/209/2342869.1

-15-

MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

REQUEST NO. 229:

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Margaret Leahy's husband that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

SUPPLEMENTED RESPONSE TO REQUEST NO. 229:

In addition to the General Objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Subject to the foregoing, and as limited by the interpretation of the Request by MGA and the Order, Mattel responds as follows:  Mattel has produced those responsive, non-privileged documents that it was able to locate after a reasonable, good-faith search for and review of files that were reasonably likely to contain responsive documents bearing on the issues in this litigation.

REQUEST NO. 230:

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Victoria O'Connor that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

SUPPLEMENTED RESPONSE TO REQUEST NO. 230:

In addition to the General Objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Subject to the

EXHIBIT /8

PAGE 540

7209/2342869.1

MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1    foregoing, and as limited by the interpretation of the Request by MGA and the

2    Order, Mattel responds as follows:  Mattel has produced those responsive, non-

3    privileged documents that it was able to locate after a reasonable, good-faith search

4    for and review of files that were reasonably likely to contain responsive documents

5    bearing on the issues in this litigation.

6

7    REQUEST NO. 231:

8           All COMMUNICATIONS, and all DOCUMENTS constituting,

9    mentioning, describing discussing, referring or relating to all COMMUNICATIONS

10    with Victoria O'Connor that refer or relate to this litigation, the facts and

11    circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

12

13    SUPPLEMENTED RESPONSE TO REQUEST NO. 231:

14           In addition to the General Objections stated above, which are

15    incorporated herein by reference, Mattel objects to this Request on the grounds that

16    it calls for the disclosure of information subject to the attorney-client privilege, the

17    attorney work-product doctrine and other applicable privileges.  Subject to the

18    foregoing, and as limited by the interpretation of the Request by MGA and the

19    Order, Mattel responds as follows:  Mattel has produced those responsive, non-

20    privileged documents that it was able to locate after a reasonable, good-faith search

21    for and review of files that were reasonably likely to contain responsive documents

22    bearing on the issues in this litigation.

23

24    REQUEST NO. 232:

25           All COMMUNICATIONS and all DOCUMENTS constituting,

26    mentioning, describing discussing, referring or relating to all COMMUNICATIONS

27    with Ramona Prince that refer or relate to the BRATZ CONCEPT, the FIRST

28    BRATZ DOLLS or BRYANT's work for MGA.

EXHIBIT __/8__

PAGE __541__

1   SUPPLEMENTED RESPONSE TO REQUEST NO. 232:

2         In addition to the General Objections stated above, which are

3   incorporated herein by reference, Mattel objects to this Request on the grounds that

4   it calls for the disclosure of information subject to the attorney-client privilege, the

5   attorney work-product doctrine and other applicable privileges. Subject to the

6   foregoing, and as limited by the interpretation of the Request by MGA and the

7   Order, Mattel responds as follows: Mattel has produced those responsive, non-

8   privileged documents that it was able to locate after a reasonable, good-faith search

9   for and review of files that were reasonably likely to contain responsive documents

10   bearing on the issues in this litigation.

11

12   REQUEST NO. 233:

13         All COMMUNICATIONS and all DOCUMENTS constituting,

14   mentioning, describing discussing, referring or relating to all COMMUNICATIONS

15   with Ramona Prince that refer or relate to this litigation, the facts and circumstances

16   giving rise to this litigation, or BRYANT's alleged misconduct.

17

18   SUPPLEMENTED RESPONSE TO REQUEST NO. 233:

19         In addition to the General Objections stated above, which are

20   incorporated herein by reference, Mattel objects to this Request on the grounds that

21   it calls for the disclosure of information subject to the attorney-client privilege, the

22   attorney work-product doctrine and other applicable privileges. Subject to the

23   foregoing, and as limited by the interpretation of the Request by MGA and the

24   Order, Mattel responds as follows: Mattel has produced those responsive, non-

25   privileged documents that it was able to locate after a reasonable, good-faith search

26   for and review of files that were reasonably likely to contain responsive documents

27   bearing on the issues in this litigation.

28

EXHIBIT __/8__

PAGE __542__

7209/2342869.1

MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1   REQUEST NO. 234:

2           All COMMUNICATIONS and all DOCUMENTS constituting,

3   mentioning, describing discussing, referring or relating to all COMMUNICATIONS

4   with Lilly [sic] Martinez that refer or relate to the BRATZ CONCEPT, the FIRST

5   BRATZ DOLLS or BRYANT's work for MGA.

6

7   SUPPLEMENTED RESPONSE TO REQUEST NO. 234

8           In addition to the General Objections stated above, which are

9   incorporated herein by reference, Mattel objects to this Request on the grounds that

10   it calls for the disclosure of information subject to the attorney-client privilege, the

11   attorney work-product doctrine and other applicable privileges.  Subject to the

12   foregoing, and as limited by the interpretation of the Request by MGA and the

13   Order, Mattel responds as follows:  Mattel has produced those responsive, non-

14   privileged documents that it was able to locate after a reasonable, good-faith search

15   for and review of files that were reasonably likely to contain responsive documents

16   bearing on the issues in this litigation.

17

18   REQUEST NO. 235:

19           All COMMUNICATIONS and all DOCUMENTS constituting,

20   mentioning, describing discussing, referring or relating to all COMMUNICATIONS

21   with Lilly [sic] Martinez that refer or relate to this litigation, the facts and

22   circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

23

24   SUPPLEMENTED RESPONSE TO REQUEST NO. 235:

25           In addition to the General Objections stated above, which are

26   incorporated herein by reference, Mattel objects to this Request on the grounds that

27   it calls for the disclosure of information subject to the attorney-client privilege, the

28   attorney work-product doctrine and other applicable privileges.  Subject to the

EXHIBIT /8

-19-          PAGE 543

1  foregoing, and as limited by the interpretation of the Request by MGA and the

2  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

3  privileged documents that it was able to locate after a reasonable, good-faith search

4  for and review of files that were reasonably likely to contain responsive documents

5  bearing on the issues in this litigation.

6

7  REQUEST NO. 236:

8          All COMMUNICATIONS and all DOCUMENTS constituting,

9  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

10  with Ron Longsdorff [sic] that refer or relate to the BRATZ CONCEPT, the FIRST

11  BRATZ DOLLS or BRYANT's work for MGA.

12

13  SUPPLEMENTED RESPONSE TO REQUEST NO. 236:

14          In addition to the General Objections stated above, which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it calls for the disclosure of information subject to the attorney-client privilege, the

17  attorney work-product doctrine and other applicable privileges.  Subject to the

18  foregoing, and as limited by the interpretation of the Request by MGA and the

19  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

20  privileged documents that it was able to locate after a reasonable, good-faith search

21  for and review of files that were reasonably likely to contain responsive documents

22  bearing on the issues in this litigation.

23

24  REQUEST NO. 237:

25          All COMMUNICATIONS and all DOCUMENTS constituting,

26  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

27  with Ron Longsdorff [sic] that refer or relate to this litigation, the facts and

28  circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

EXHIBIT  _18_

1   SUPPLEMENTED RESPONSE TO REQUEST NO. 237:

2             In addition to the General Objections stated above, which are

3   incorporated herein by reference, Mattel objects to this Request on the grounds that

4   it calls for the disclosure of information subject to the attorney-client privilege, the

5   attorney work-product doctrine and other applicable privileges.  Subject to the

6   foregoing, and as limited by the interpretation of the Request by MGA and the

7   Order, Mattel responds as follows:  Mattel has produced those responsive, non-

8   privileged documents that it was able to locate after a reasonable, good-faith search

9   for and review of files that were reasonably likely to contain responsive documents

10  bearing on the issues in this litigation.

11

12  REQUEST NO. 238:

13            All COMMUNICATIONS and all DOCUMENTS constituting,

14  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

15  with Matt Bousquette that refer or relate to the BRATZ CONCEPT, the FIRST

16  BRATZ DOLLS or BRYANT's work for MGA.

17

18  SUPPLEMENTED RESPONSE TO REQUEST NO. 238:

19            In addition to the General Objections stated above, which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it calls for the disclosure of information subject to the attorney-client privilege, the

22  attorney work-product doctrine and other applicable privileges.  Subject to the

23  foregoing, and as limited by the interpretation of the Request by MGA and the

24  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

25  privileged documents that it was able to locate after a reasonable, good-faith search

26  for and review of files that were reasonably likely to contain responsive documents

27  bearing on the issues in this litigation.

28

EXHIBIT 18
PAGE 545

7209/2342869.1

MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1   REQUEST NO. 239:

2          All COMMUNICATIONS and all DOCUMENTS constituting,

3   mentioning, describing discussing, referring or relating to all COMMUNICATIONS

4   with Matt Bousquette that refer or relate to this litigation, the facts and

5   circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

6

7   SUPPLEMENTED RESPONSE TO REQUEST NO. 239:

8          In addition to the General Objections stated above, which are

9   incorporated herein by reference, Mattel objects to this Request on the grounds that

10  it calls for the disclosure of information subject to the attorney-client privilege, the

11  attorney work-product doctrine and other applicable privileges.  Subject to the

12  foregoing, and as limited by the interpretation of the Request by MGA and the

13  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

14  privileged documents that it was able to locate after a reasonable, good-faith search

15  for and review of files that were reasonably likely to contain responsive documents

16  bearing on the issues in this litigation.

17

18  REQUEST NO. 240:

19         All COMMUNICATIONS and all DOCUMENTS constituting,

20  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

21  with Adrienne Fontanella that refer or relate to the BRATZ CONCEPT, the FIRST

22  BRATZ DOLLS or BRYANT's work for MGA.

23

24  SUPPLEMENTED RESPONSE TO REQUEST NO. 249:

25         In addition to the General Objections stated above, which are

26  incorporated herein by reference, Mattel objects to this Request on the grounds that

27  it calls for the disclosure of information subject to the attorney-client privilege, the

28  attorney work-product doctrine and other applicable privileges.  Subject to the

EXHIBIT __/8__

PAGE __546__

MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

7209/2342869.1

1  foregoing, and as limited by the interpretation of the Request by MGA and the

2  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

3  privileged documents that it was able to locate after a reasonable, good-faith search

4  for and review of files that were reasonably likely to contain responsive documents

5  bearing on the issues in this litigation.

6

7  REQUEST NO. 241:

8        All COMMUNICATIONS and all DOCUMENTS constituting,

9  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

10 with Adrienne Fontanella that refer or relate to this litigation, the facts and

11 circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

12

13 SUPPLEMENTED RESPONSE TO REQUEST NO. 241:

14       In addition to the General Objections stated above, which are

15 incorporated herein by reference, Mattel objects to this Request on the grounds that

16 it calls for the disclosure of information subject to the attorney-client privilege, the

17 attorney work-product doctrine and other applicable privileges.  Subject to the

18 foregoing, and as limited by the interpretation of the Request by MGA and the

19 Order, Mattel responds as follows:  Mattel has produced those responsive, non-

20 privileged documents that it was able to locate after a reasonable, good-faith search

21 for and review of files that were reasonably likely to contain responsive documents

22 bearing on the issues in this litigation.

23

24 REQUEST NO. 242:

25       All COMMUNICATIONS and all DOCUMENTS constituting,

26 mentioning, describing discussing, referring or relating to all COMMUNICATIONS

27 with Tim Kilpin that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ

28 DOLLS or BRYANT's work for MGA.

EXHIBIT  /8
PAGE  547

1  SUPPLEMENTED RESPONSE TO REQUEST NO. 242:

2          In addition to the General Objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges.  Subject to the

6  foregoing, and as limited by the interpretation of the Request by MGA and the

7  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

8  privileged documents that it was able to locate after a reasonable, good-faith search

9  for and review of files that were reasonably likely to contain responsive documents

10  bearing on the issues in this litigation.

11

12  REQUEST NO. 243:

13          All COMMUNICATIONS and all DOCUMENTS constituting,

14  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

15  with Tim Kilpin that refer or relate to this litigation, the facts and circumstances

16  giving rise to this litigation, or BRYANT's alleged misconduct.

17

18  SUPPLEMENTED RESPONSE TO REQUEST NO. 243:

19          In addition to the General Objections stated above, which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it calls for the disclosure of information subject to the attorney-client privilege, the

22  attorney work-product doctrine and other applicable privileges.  Subject to the

23  foregoing, and as limited by the interpretation of the Request by MGA and the

24  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

25  privileged documents that it was able to locate after a reasonable, good-faith search

26  for and review of files that were reasonably likely to contain responsive documents

27  bearing on the issues in this litigation.

28

EXHIBIT   18
PAGE        548

REQUEST NO. 244:

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Sujata Luther that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

SUPPLEMENTED RESPONSE TO REQUEST NO. 244:

In addition to the General Objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Subject to the foregoing, and as limited by the interpretation of the Request by MGA and the Order, Mattel responds as follows: Mattel has produced those responsive, non-privileged documents that it was able to locate after a reasonable, good-faith search for and review of files that were reasonably likely to contain responsive documents bearing on the issues in this litigation.

REQUEST NO. 245:

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Sujata Luther that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

SUPPLEMENTED RESPONSE TO REQUEST NO. 245:

In addition to the General Objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Subject to the

EXHIBIT /8

7209/2342869.1

-25-

MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

PAGE 549

1   foregoing, and as limited by the interpretation of the Request by MGA and the
2   Order, Mattel responds as follows:  Mattel has produced those responsive, non-
3   privileged documents that it was able to locate after a reasonable, good-faith search
4   for and review of files that were reasonably likely to contain responsive documents
5   bearing on the issues in this litigation.
6
7   REQUEST NO. 246:
8          All COMMUNICATIONS and all DOCUMENTS constituting,
9   mentioning, describing discussing, referring or relating to all COMMUNICATIONS
10   with Alan Kaye that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ
11   DOLLS or BRYANT's work for MGA.
12
13   SUPPLEMENTED RESPONSE TO REQUEST NO. 246:
14          In addition to the General Objections stated above, which are
15   incorporated herein by reference, Mattel objects to this Request on the grounds that
16   it calls for the disclosure of information subject to the attorney-client privilege, the
17   attorney work-product doctrine and other applicable privileges.  Subject to the
18   foregoing, and as limited by the interpretation of the Request by MGA and the
19   Order, Mattel responds as follows:  Mattel has produced those responsive, non-
20   privileged documents that it was able to locate after a reasonable, good-faith search
21   for and review of files that were reasonably likely to contain responsive documents
22   bearing on the issues in this litigation.
23
24   REQUEST NO. 247:
25          All COMMUNICATIONS and all DOCUMENTS constituting,
26   mentioning, describing discussing, referring or relating to all COMMUNICATIONS
27   with Alan Kaye that refer or relate to this litigation, the facts and circumstances
28   giving rise to this litigation, or BRYANT's alleged misconduct.   EXHIBIT   /8
                                                                        PAGE    550

MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  SUPPLEMENTED RESPONSE TO REQUEST NO. 247:

2            In addition to the General Objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges.  Subject to the

6  foregoing, and as limited by the interpretation of the Request by MGA and the

7  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

8  privileged documents that it was able to locate after a reasonable, good-faith search

9  for and review of files that were reasonably likely to contain responsive documents

10  bearing on the issues in this litigation.

11

12  REQUEST NO. 248:

13            All COMMUNICATIONS and all DOCUMENTS constituting,

14  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

15  with Veronica Marlowe that refer or relate to the BRATZ CONCEPT, the FIRST

16  BRATZ DOLLS or BRYANT's work for MGA.

17

18  SUPPLEMENTED RESPONSE TO REQUEST NO. 248:

19            In addition to the General Objections stated above, which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it calls for the disclosure of information subject to the attorney-client privilege, the

22  attorney work-product doctrine and other applicable privileges.  Subject to the

23  foregoing, and as limited by the interpretation of the Request by MGA and the

24  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

25  privileged documents that it was able to locate after a reasonable, good-faith search

26  for and review of files that were reasonably likely to contain responsive documents

27  bearing on the issues in this litigation.

28

EXHIBIT ___18___
PAGE ___551___

7209/2342869.1

MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  REQUEST NO. 249:

2         All COMMUNICATIONS and all DOCUMENTS constituting,

3  mentioning, describing discussing, referring or relating to all COMMUNICATIONS

4  with Veronica Marlowe that refer or relate to this litigation, the facts and

5  circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

6

7  SUPPLEMENTED RESPONSE TO REQUEST NO. 249:

8         In addition to the General Objections stated above, which are

9  incorporated herein by reference, Mattel objects to this Request on the grounds that

10  it calls for the disclosure of information subject to the attorney-client privilege, the

11  attorney work-product doctrine and other applicable privileges.  Subject to the

12  foregoing, and as limited by the interpretation of the Request by MGA and the

13  Order, Mattel responds as follows:  Mattel has produced those responsive, non-

14  privileged documents that it was able to locate after a reasonable, good-faith search

15  for and review of files that were reasonably likely to contain responsive documents

16  bearing on the issues in this litigation.

17

18  REQUEST NO. 258:

19         All DOCUMENTS relating to Bryant's employment including, without

20  limitation, DOCUMENTS reflecting the period and conditions of the employment,

21  the terms of the employment, and his job duties and responsibilities.

22

23  SUPPLEMENTED RESPONSE TO REQUEST NO. 258:

24         In addition to the General Objections stated above, which are

25  incorporated herein by reference, Mattel objects to this Request on the grounds that

26  it calls for the disclosure of information subject to the attorney-client privilege, the

27  attorney work-product doctrine and other applicable privileges.  Subject to the

28  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

EXHIBIT /8

PAGE 552

17209/2342869.1

MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1   produced those responsive, non-privileged documents that it was able to locate after

2   a reasonable, good-faith search for and review of files that were reasonably likely to

3   contain responsive documents bearing on the issues in this litigation.

4

5   REQUEST NO. 259:

6        All DOCUMENTS that evidence, describe, mention, refer or relate to

7   the similarity of any art work created by any MATTEL employee, including but not

8   limited to BRYANT, prior to October 20, 2000, to BRATZ.

9

10   SUPPLEMENTED RESPONSE TO REQUEST NO. 259:

11        In addition to the General Objections stated above, which are

12   incorporated herein by reference, Mattel objects to this Request on the grounds that

13   it calls for the disclosure of information subject to the attorney-client privilege, the

14   attorney work-product doctrine and other applicable privileges.  Subject to the

15   foregoing, and pursuant to the Order, including the limitation stated in the Order that

16   MGA "is only seeking documents relating to the original artwork or work product

17   that Mattel claims Bryant copied, and is not seeking all documents relating to the

18   Diva Starz line," Mattel responds as follows:  Mattel has produced those responsive,

19   non-privileged documents that it was able to locate after a reasonable, good-faith

20   search for and review of files that were reasonably likely to contain responsive

21   documents bearing on the issues in this litigation.

22

23   REQUEST NO. 260:

24        All DOCUMENTS created after January 4, 1999 that evidence, relate

25   or refer to any activities of BRYANT other than his work for MATTEL.

26

27

28

EXHIBIT __/8__

PAGE ____ **553**

MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  SUPPLEMENTED RESPONSE TO REQUEST NO. 260:

2      In addition to the General Objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges.  Subject to the

6  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

7  produced those responsive, non-privileged documents that it was able to locate after

8  a reasonable, good-faith search for and review of files that were reasonably likely to

9  contain responsive documents bearing on the issues in this litigation.

10

11  REQUEST NO. 261:

12      All DOCUMENTS created after January 4, 1999 that evidence, relate or refer

13  to any activities of any current or former MATTEL employee performed in

14  connection with the conception, creation, design or development of BRATZ or

15  BRATZ INTELLECTUAL PROPERTY.

16

17  SUPPLEMENTED RESPONSE TO REQUEST NO. 261:

18      In addition to the General Objections stated above, which are

19  incorporated herein by reference, Mattel objects to this Request on the grounds that

20  it calls for the disclosure of information subject to the attorney-client privilege, the

21  attorney work-product doctrine and other applicable privileges.  Mattel further

22  objects to this Request on the grounds that it seeks information that is uniquely

23  within the possession of MGA, Bryant and other parties, as shown by ongoing

24  discovery, and, indeed, defendants have concealed and continue to conceal this

25  information in defiance of the Court's Orders.  Subject to the foregoing, and

26  pursuant to the Order, including the limitation stated in the Order that MGA "is only

27  seeking documents relating to the original artwork or work product that Mattel

28  claims Bryant copied, and is not seeking all documents relating to the Diva Starz

7209/2342869.1

-30-

EXHIBIT 78
PAGE 554

MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  line," Mattel responds as follows:  Mattel has produced those responsive, non-

2  privileged documents that it was able to locate after a reasonable, good-faith search

3  for and review of files that were reasonably likely to contain responsive documents

4  bearing on the issues in this litigation.

5

6  AMENDED REQUEST NO. 264 (as stated in the Order):

7       DOCUMENTS sufficient to identify all iterations of MATTEL'S policy

8  regarding part-time employment at MATTEL.

9

10  RESPONSE TO AMENDED REQUEST NO. 264:

11       Subject to the General Objections stated above, which are incorporated

12  herein by reference, and pursuant to the Order, Mattel responds as follows:  Mattel

13  has produced those responsive, non-privileged documents that it was able to locate

14  after a reasonable, good-faith search for and review of files that were reasonably

15  likely to contain responsive documents bearing on the issues in this litigation.

16

17  AMENDED REQUEST NO. 265 (as stated in the Order):

18       DOCUMENTS sufficient to identify all iterations of MATTEL's policy

19  regarding temporary employment at MATTEL.

20

21  RESPONSE TO AMENDED REQUEST NO. 265:

22       Subject to the General Objections stated above, which are incorporated

23  herein by reference, and pursuant to the Order, Mattel responds as follows:  Mattel

24  has produced those responsive, non-privileged documents that it was able to locate

25  after a reasonable, good-faith search for and review of files that were reasonably

26  likely to contain responsive documents bearing on the issues in this litigation.

27

28

EXHIBIT  18
PAGE       555

-31-

AMENDED REQUEST NO. 266 (as stated in the Order):

All DOCUMENTS, including agreements and contracts, that describe, discuss, govern, control, regulate or limit how and to what extent a person employed part-time at MATTEL is allowed, or not allowed, to work for him or herself or other companies or entities, including MGA, while employed by MATTEL.

RESPONSE TO AMENDED REQUEST NO. 266:

In addition to the General Objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Subject to the foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has produced those responsive, non-privileged documents that it was able to locate after a reasonable, good-faith search for and review of files that were reasonably likely to contain responsive documents bearing on the issues in this litigation.

AMENDED REQUEST NO. 267 (as stated in the Order):

All DOCUMENTS, including agreements and contracts, that describe, discuss, govern, control, regulate or limit how and to what extent a person employed part-time at MATTEL is allowed, or not allowed, to work for him or herself or other companies or entities, including MGA, while employed by MATTEL.

RESPONSE TO AMENDED REQUEST NO. 267:

In addition to the General Objections stated above, which are incorporated herein by reference, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.  Subject to the foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

EXHIBIT /8

PAGE 556

1 | produced those responsive, non-privileged documents that it was able to locate after
2 | a reasonable, good-faith search for and review of files that were reasonably likely to
3 | contain responsive documents bearing on the issues in this litigation.

4 |

5 | REQUEST NO. 268:

6 |         All hard drives and back-up data, no matter how stored, for all
7 | computers used by BRYANT while employed by MATTEL, to the extent such
8 | drives and back-up data contain data made or accessed by, sent to or received by
9 | BRYANT.

10 |

11 | SUPPLEMENTED RESPONSE TO REQUEST NO. 268:

12 |         In addition to the General Objections stated above, which are
13 | incorporated herein by reference, Mattel objects to this Request to the extent that it
14 | calls for the disclosure of information subject to the attorney-client privilege, the
15 | attorney work-product doctrine and other applicable privileges.  Subject to the
16 | foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has
17 | conducted a reasonable, good-faith search for the hard drives and back-up data for
18 | all computers used by Bryant while employed by Mattel.  Mattel will produce
19 | responsive hard drives and data if and when they are located.

20 |

21 | REQUEST NO. 269:

22 |         All DOCUMENTS that constitute, evidence, describe, depict, refer or
23 | relate to any art work or other work product done by YOU that YOU contend
24 | BRYANT utilized or used in connection with his creation of anything for MGA,
25 | including, without limitation, BRATZ or BRATZ INTELLECTUAL PROPERTY.

26 |

27 |

28 |

EXHIBIT  18

PAGE       557

07209/2342869.1

-33-

MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1 SUPPLEMENTED RESPONSE TO REQUEST NO. 269:

2         In addition to the General Objections stated above, which are

3 incorporated herein by reference, Mattel objects to this Request on the grounds that

4 it calls for the disclosure of information subject to the attorney-client privilege, the

5 attorney work-product doctrine and other applicable privileges. Mattel further

6 objects to this Request on the grounds that it seeks information that is uniquely

7 within the possession of MGA, Bryant and other parties, as shown by ongoing

8 discovery, and, indeed, defendants have concealed and continue to conceal this

9 information in defiance of the Court's Orders. Subject to the foregoing, and

10 pursuant to the Order, including the limitation stated in the Order that MGA "is only

11 seeking documents relating to the original artwork or work product that Mattel

12 claims Bryant copied, and is not seeking all documents relating to the Diva Starz

13 line," Mattel responds as follows: Mattel has produced those responsive, non-

14 privileged documents that it was able to locate after a reasonable, good-faith search

15 for and review of files that were reasonably likely to contain responsive documents

16 bearing on the issues in this litigation.

17

18 REQUEST NO. 270:

19         All DOCUMENTS and COMMUNICATIONS in YOUR possession

20 that were exchanged between BRYANT and Anne Wang.

21

22 SUPPLEMENTED RESPONSE TO REQUEST NO. 270:

23         In addition to the General Objections stated above, which are

24 incorporated herein by reference, Mattel objects to this Request on the grounds that

25 it calls for the disclosure of information subject to the attorney-client privilege, the

26 attorney work-product doctrine and other applicable privileges. Subject to the

27 foregoing, and pursuant to the Order, Mattel responds as follows: No responsive

28 documents have been located by Mattel after a reasonable, good-faith search for and

1  review of files that were reasonably likely to contain responsive documents bearing
2  on the issues in this litigation.

3

4  REQUEST NO. 271:

5     All DOCUMENTS and COMMUNICATIONS in YOUR possession
6  that were exchanged between BRYANT and MGA.

7

8  SUPPLEMENTED RESPONSE TO REQUEST NO. 271:

9     In addition to the General Objections stated above, which are
10  incorporated herein by reference, Mattel objects to this Request on the grounds that
11  it calls for the disclosure of information subject to the attorney-client privilege, the
12  attorney work-product doctrine and other applicable privileges.  Subject to the
13  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has
14  produced those responsive, non-privileged documents that it was able to locate after
15  a reasonable, good-faith search for and review of files that were reasonably likely to
16  contain responsive documents bearing on the issues in this litigation.

17

18  REQUEST NO. 296:

19     All DOCUMENTS supporting, refuting, or evidencing the allegation in
20  paragraph 17 of the COMPLAINT that the "Employment Agreement and the
21  Conflict Questionnaire are valid, enforceable contracts."

22

23  SUPPLEMENTED RESPONSE TO REQUEST NO. 296:

24     In addition to the General Objections stated above, which are
25  incorporated herein by reference, Mattel objects to this Request on the grounds that
26  it calls for the disclosure of information subject to the attorney-client privilege, the
27  attorney work-product doctrine and other applicable privileges.  Subject to the
28  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

EXHIBIT

7209/2342869.1

-35-

PAGE

MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1  produced those responsive, non-privileged documents that it was able to locate after

2  a reasonable, good-faith search for and review of files that were reasonably likely to

3  contain responsive documents bearing on the issues in this litigation.

4

5  REQUEST NO. 302:

6          All DOCUMENTS constituting, evidencing, describing, showing or

7  depicting the "intellectual property owned by Mattel," alleged in paragraph 19 of the

8  COMPLAINT.

9

10  SUPPLEMENTED RESPONSE TO REQUEST NO. 302:

11          In addition to the General Objections stated above, which are

12  incorporated herein by reference, Mattel objects to this Request on the grounds that

13  it calls for the disclosure of information subject to the attorney-client privilege, the

14  attorney work-product doctrine and other applicable privileges.  Subject to the

15  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

16  produced those responsive, non-privileged documents that it was able to locate after

17  a reasonable, good-faith search for and review of files that were reasonably likely to

18  contain responsive documents bearing on the issues in this litigation.

19

20  REQUEST NO. 303:

21          All patents, copyright registrations, and trademark registrations

22  covering or relating to the "intellectual property owned by Mattel," alleged in

23  paragraph 19 of the COMPLAINT, and any other indicia of ownership, authorship

24  and inventorship including, without limitation, any assignments or licenses for or to

25  the alleged property.

26

27

28

EXHIBIT _18_

PAGE _560_

'209/2342869.1

-36-

1  SUPPLEMENTED RESPONSE TO REQUEST NO. 303:

2          In addition to the General Objections stated above, which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges.  Subject to the

6  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

7  produced those responsive, non-privileged documents that it was able to locate after

8  a reasonable, good-faith search for and review of files that were reasonably likely to

9  contain responsive documents bearing on the issues in this litigation.

10

11  REQUEST NO. 306:

12          All DOCUMENTS supporting, refuting, or evidencing the allegation in

13  paragraph 20 of the COMPLAINT that "Bryant's conduct" has caused "irreparable

14  injury to Mattel."

15

16  SUPPLEMENTED RESPONSE TO REQUEST NO. 306:

17          In addition to the General Objections stated above, which are

18  incorporated herein by reference, Mattel objects to this Request on the grounds that

19  it calls for the disclosure of information subject to the attorney-client privilege, the

20  attorney work-product doctrine and other applicable privileges.  Subject to the

21  foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

22  produced those responsive, non-privileged documents that it was able to locate after

23  a reasonable, good-faith search for and review of files that were reasonably likely to

24  contain responsive documents bearing on the issues in this litigation.

25

26

27          EXHIBIT __18__

28          PAGE __561__

7209/2342869.1

-37-

MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

1    REQUEST NO. 307:

2              All DOCUMENTS describing, discussing, mentioning, referring or

3    relating to the nature, extent and substance of the "irreparable injury" alleged in

4    paragraph 20 of the COMPLAINT.

5

6    SUPPLEMENTED RESPONSE TO REQUEST NO. 307:

7              In addition to the General Objections stated above, which are

8    incorporated herein by reference, Mattel objects to this Request on the grounds that

9    it calls for the disclosure of information subject to the attorney-client privilege, the

10   attorney work-product doctrine and other applicable privileges.  Subject to the

11   foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

12   produced those responsive, non-privileged documents that it was able to locate after

13   a reasonable, good-faith search for and review of files that were reasonably likely to

14   contain responsive documents bearing on the issues in this litigation.

15

16   REQUEST NO. 329:

17             All DOCUMENTS constituting, identifying, evidencing, describing,

18   showing or depicting the "used and diverted Mattel ... resources" mentioned in

19   paragraph 36 of the COMPLAINT.

20

21   SUPPLEMENTED RESPONSE TO REQUEST NO. 329:

22             In addition to the General Objections stated above, which are

23   incorporated herein by reference, Mattel objects to this Request on the grounds that

24   it calls for the disclosure of information subject to the attorney-client privilege, the

25   attorney work-product doctrine and other applicable privileges.  Subject to the

26   foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

27   produced those responsive, non-privileged documents that it was able to locate after

28

EXHIBIT ___78___

PAGE ___562___

7209/2342869.1

-38-

1    a reasonable, good-faith search for and review of files that were reasonably likely to

2    contain responsive documents bearing on the issues in this litigation.

3

4    REQUEST NO. 330:

5            All DOCUMENTS identifying, evidencing or describing the "used and

6    diverted ... opportunities" mentioned in paragraph 36 of the COMPLAINT.

7

8    SUPPLEMENTED RESPONSE TO REQUEST NO. 330:

9            In addition to the General Objections stated above, which are

10   incorporated herein by reference, Mattel objects to this Request on the grounds that

11   it calls for the disclosure of information subject to the attorney-client privilege, the

12   attorney work-product doctrine and other applicable privileges.  Subject to the

13   foregoing, and pursuant to the Order, Mattel responds as follows:  Mattel has

14   produced those responsive, non-privileged documents that it was able to locate after

15   a reasonable, good-faith search for and review of files that were reasonably likely to

16   contain responsive documents bearing on the issues in this litigation.

17

18   DATED:  January 19, 2008          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
19

20                                 By_____

21                                     Michael T. Zeller
                                       Timothy L. Alger
22                                     Attorneys for Mattel, Inc.

23

24

25

26

27

28                                                    EXHIBIT  18
                                                      PAGE      563

7209/2342869.1                           -39-
                  MATTEL'S THIRD SUPP. RESP. TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION

**PROOF OF SERVICE**

1

2    I am employed in the County of Los Angeles, State of California.  I am over

3    the age of eighteen years and not a party to the within action; my business address is

4    865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

5    On January 18, 2008, I served true copies of the following documents

6    described as:

7    **MATTEL'S THIRD SUPPLEMENTAL RESPONSES TO MGA'S FIRST SET OF REQUESTS FOR PRODUCTION**

8    on the parties in this action as follows:

9

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>   Thomas J. Nolan, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA  90071<br>Telephone:  213.687.5000<br>Facsimile:  213.687.5600 | **Attorneys for *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian and MGAE de Mexico, S.R.L. de C.V.*** |
| Keker & Van Nest, LLP<br>   John W. Keker, Esq.<br>   Michael H. Page, Esq.<br>   Christa M. Anderson, Esq.<br>710 Sansome Street<br>San Francisco, CA 94111<br>Telephone:  415.391.5400<br>Facsimile:  415.397.7188 | **Attorneys for *Carter Bryant*** |
| Overland Borenstein Scheper & Kim, LLP<br>   Mark E. Overland, Esq.<br>   David C. Scheper, Esq.<br>   Alexander H. Cote, Esq.<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071<br>Telephone:  213.613.4655<br>Facsimile:  213.613.4656 | **Attorneys for *Carlos Gustavo Machado Gomez*** |

10
11
12
13
14
15
16
17
18
19
20
21
22

23    [√]    **[MAIL]** As follows:  I am "readily familiar" with the firm's practice of

24    collection and processing correspondence for mailing.  Under that practice it

25    would be deposited with U.S. postal service on that same day with postage

26    thereon fully prepaid at Los Angeles, California in the ordinary course of

27    business, addressed as set forth below.  I am aware that on motion of the party

28

EXHIBIT __78__

PAGE __564__

7209/2336687.1

1    served, service is presumed invalid if postal cancellation date or postage

2    meter date is more than one day after date of deposit for mailing in affidavit.

3

4        I declare that I am employed in the office of a member of the bar of this

5    court at whose direction the service was made

6

7    Executed on January 18, 2008, at Los Angeles, California.

8

9    _____

10                   Albert V. Villamil

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   EXHIBIT _____18_____

28   PAGE _____565_____

/209/2336687.1