# EXHIBIT 39

2428

1              UNITED STATES DISTRICT COURT

2              CENTRAL DISTRICT OF CALIFORNIA

3                        ---

4      **HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING**

5                        ---

6   MATTEL, INC.,                :  PAGES 2428 - 2524
                                 :
7           PLAINTIFF,           :
                                 :
8      VS.                       :  NO. ED CV04-09049-SGL
                                 :  [CONSOLIDATED WITH
9   MGA ENTERTAINMENT, INC.,     :  CV04-9059 & CV05-2727]
    ET AL.,                      :
10                               :
           DEFENDANTS.           :
11

12

13

14

15          REPORTER'S TRANSCRIPT OF PROCEEDINGS

16              RIVERSIDE, CALIFORNIA

17            THURSDAY, JUNE 12, 2008

18             JURY TRIAL - DAY 12

19              AFTERNOON SESSION

20

21

22                              MARK SCHWEITZER, CSR, RPR, CRR
                                OFFICIAL COURT REPORTER
23                              UNITED STATES DISTRICT COURT
                                181-H ROYBAL FEDERAL BUILDING
24                              255 EAST TEMPLE STREET
                                LOS ANGELES, CALIFORNIA 90012
25                              (213) 663-3494

CERTIFIED
COPY

EXHIBIT  39
PAGE ___ 942

1    I -- my idea was that if something came about with this, you

2    know, I would leave Mattel's employment and go work on this.

3    Q.    Sure.  But while you were at Mattel, you went through

4    the process with respect to the drawings that we identified;

5    correct?  That is, tracing them, coloring them in; correct?

6    A.    Yes.

7    Q.    And while you were at Mattel, you sent the drawings out

8    to an agency that you hoped would represent you.  Yes?

9    A.    Yes.

10   Q.    So that they would be pitched to a company that would

11   make a doll; correct?

12   A.    That would make some kind of a product.

13   Q.    You thought a doll was one of the things you were going

14   for; right?

15   A.    Right.

16   Q.    And you knew that Mattel was in the doll business;

17   right?

18   A.    Yes.

19   Q.    And it's your testimony that you saw nothing wrong with

20   that; is that right?

21   A.    I didn't see anything wrong with it because I didn't

22   know if anything would ever come about of, you know, just

23   sending these -- sending these drawings off.

24   Q.    You certainly hoped it would; right?

25   A.    I'm sorry.  What?

EXHIBIT   39
PAGE   943

1   Q.   You hoped something would come about from this.   You

2   hoped that by sending these drawings, which you had colorized

3   and sent out to Alaska mama, you hoped that something would

4   come of it?

5   A.   Well, sure.

6   Q.   So it was your intent to create a doll line that would

7   be competitive with Mattel.

8   A.   No, absolutely not.   I mean, when I created these

9   characters, I didn't have the foggiest idea of what they

10  would become.   I had no idea that they would ever compete

11  with anything Mattel did.

12  Q.   To clarify something, it's true, is it not, that you

13  never brought the Bratz idea to the attention of the people

14  at Mattel.   That's true?

15  A.   That is true.

16  Q.   Well, let's talk about what happened after you sent

17  these drawings to Alaska Mama with the hope that some company

18  would turn them into dolls.   Let's talk about your next step.

19       You continued to work on drawings that would give

20  you an idea of how to create these dolls; correct?

21  A.   I don't remember.   I don't remember if I did any

22  additional drawings at that time.

23  Q.   Let me show you what is marked as Exhibit -- by the way,

24  sir, it's certainly your testimony that by August of '99,

25  that you had created these four characters with developed

EXHIBIT  39
PAGE    244

1   fashions, that you had this full concept for the Bratz dolls;
2   correct?
3   **A.**   Yeah, I thought it was fairly finished.
4   **Q.**   So if you look at Exhibit 1327, I'll hand you the
5   original of this.
6          Do you have that in front of you now, sir?
7   **A.**   Yes.
8   **Q.**   And this is a drawing that you did; correct?
9   **A.**   Yes.
10  **Q.**   And what's the purpose of this drawing?
11  **A.**   I think I had just added some measurements on to my old
12  drawings just to get an idea of what the size of the
13  character might be.
14  **Q.**   Do you see it says sculptural body drawing to be used
15  for all dolls.
16          Do you see that?
17  **A.**   Yes.
18  **Q.**   And if we blow it up here, it has actual size, nine
19  inches.
20          Do you see that?
21  **A.**   Yes.
22  **Q.**   I take it on the drawing you have, that the idea is that
23  that is actually the actual size on the piece of paper?
24  **A.**   Yes.
25  **Q.**   And is this your handwriting where you put 9/19/99?

EXHIBIT   39
PAGE      945

2524

```
 1
 2
 3
 4
 5
 6                    C E R T I F I C A T E
 7
 8
 9          I hereby certify that pursuant to Title 28,
10    Section 753 United States Code, the foregoing is a true and
11    correct transcript of the stenographically reported
12    proceedings in the above matter.
13               Certified on June 12, 2008.
14
15               _____
16               MARK SCHWEITZER, CSR, RPR, CRR
                 Official Court Reporter
17               License No. 10514
18
19
20
21
22
23
24
25
```

EXHIBIT  39
PAGE  946

# EXHIBIT 40

RECEIVED

FEB 2 1 2008

1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone: (213) 687-5000
   Facsimile: (213) 687-5600
4  E-mail:     tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor
   San Francisco, California 94111-5974
7  Telephone: (415) 984-6400
   Facsimile: (415) 984-2698
8  Email:      rkennedy@skadden.com

9  Attorneys for Counter-Defendants,
   MGA ENTERTAINMENT, INC., ISAAC LARIAN,
10 MGA ENTERTAINMENT (HK) LIMITED, and
   MGAE DE MEXICO S.R.L. DE C.V.

11

12             UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14                  EASTERN DIVISION

15 CARTER BRYANT, an individual,        ) CASE NO. CV 04-9049 SGL (RNBx)
                                        )
16              Plaintiff,              ) Consolidated with Case No. 04-9059
                                        ) and Case No. 05-2727
17        v.                            )
                                        ) **RESPONSE TO MATTEL, INC'S**
18 MATTEL, INC., a Delaware             ) **THIRD SET OF REQUESTS FOR**
   corporation,                         ) **DOCUMENTS AND THINGS TO**
19                                      ) **MGAE DE MEXICO, S.R.L. DE**
                                        ) **C.V.**
20              Defendant.              )
                                        )
21 ─────────────────────────────        )
                                        )
22 Consolidated with                    )
   MATTEL, INC. v. BRYANT and           )
23 MGA ENTERTAINMENT, INC. v.           )
   MATTEL, INC.                         )
24

25 PROPOUNDING PARTY:     MATTEL, INC.

26 RESPONDING PARTY:      MGAE DE MEXICO, S.R.L. DE C.V.

27 SET NO.:               THREE (3)

28

─────────────────────────────────────────────────────
        RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
   DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT  40
PAGE       947

1      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, MGAE de

2 Mexico, S.R.L. de C.V. ("MGA Mexico") hereby submits these responses and

3 objections (the "Response") to Mattel, Inc.'s ("Mattel's") Third Set of Requests for

4 Production of Documents to MGAE de Mexico, S.R.L. de C.V. (the "Requests").

5 **GENERAL RESPONSE**

6      The General Response and General and Specific Objections set forth herein

7 apply to all documents that MGA Mexico may in the future produce in response to

8 the Requests.  The Response is made without waiving, or intending to waive but, on

9 the contrary, expressly reserving:  (a) the right to object, on the grounds of

10 competency, privilege, relevancy or materiality, or any other proper grounds, to the

11 use of the documents, for any purpose in whole or in part, in any subsequent step or

12 proceeding in this action or any other action; (b) the right to object on any and all

13 grounds, at any time, to other requests for production or other discovery procedures

14 involving or relating to the subject matter of the Requests; and (c) the right at any

15 time to revise, correct, add to, or clarify any of the responses propounded herein.

16      MGA Mexico's responses herein reflect only the present state of MGA

17 Mexico's discovery regarding the documents that Mattel seeks.  Discovery for Phase

18 Two is currently stayed and will continue if and when the court lifts the stay, and

19 other investigation or research concerning this litigation is continuing.  It is

20 anticipated that further discovery, independent investigation, and legal research and

21 analysis will supply additional facts and meaning to the known facts, as well as

22 establish entirely new factual conclusions, all of which may lead MGA Mexico to

23 discover other documents responsive to these Requests.  MGA Mexico therefore

24 reserves the right to amend or supplement this Response at any time in light of future

25 investigation, research or analysis, and also expressly reserves the right to rely on, at

26 any time, including trial, subsequently discovered information omitted from this

27 Response as a result of mistake, error, oversight or inadvertence.  MGA Mexico does

28

EXHIBIT 40
PAGE 948

1  not hereby admit, adopt or acquiesce in any factual or legal contention, assertion or

2  characterization contained in the Requests, even where MGA Mexico has not

3  otherwise objected to a particular request, or has agreed to produce documents

4  responsive to a particular request.

5       Except as otherwise stated below, an objection to a specific document request

6  does not imply that documents responsive to the request exist or have ever existed.

7  In addition, an agreement to produce documents responsive to any specific document

8  request does not imply that documents responsive to the request exist or have existed;

9  rather, it is an agreement to produce non-privileged documents responsive to that

10 particular document request as limited by or interpreted in any applicable General or

11 Specific objections, if any exist.  Production of any document is not intended as, and,

12 to the extent permitted by law, shall not be deemed to be, a waiver of any objection

13 set forth herein or an admission that the produced document is "relevant" to any

14 claim or defense, as that term is used in Federal Rule of Civil Procedure 26(b)(1).

15                            **GENERAL OBJECTIONS**

16     MGA Mexico incorporates the following General Objections, as well as the

17 General Response, into its Specific Responses and Objections to each and every

18 request for documents contained in the Requests:

19          1.     MGA Mexico objects to these Requests as untimely and

20 unenforceable to the extent they seek documents relating to Phase One.  Under

21 Federal Rule of Civil Procedure 34(b) and the Court's October 31, 2007 scheduling

22 order, the last day to serve document requests relating to Phase One was

23 December 28, 2007 – 30 days before the fact discovery cut-off.  Mattel served these

24 Requests on January 22, 2008 – more than three weeks past the deadline and just

25 four (4) court days before the discovery cut-off for Phase One.  The Requests are

26 therefore untimely, and represent an unreasonable delay and an improper attempt to

27 re-open Phase One discovery by Mattel after the court-ordered discovery cut-off.

28

2

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT    40
PAGE _____ 949

1 | Andrews v. Raphaelson, 2007 U.S. Dist. LEXIS 3479, *18 (D. Nev. 2007) ("The

2 | Court also finds that *Defendants have been guilty of unreasonable delay in serving*

3 | *written discovery on Plaintiffs, which they first served* on November 20, 2006, *less*

4 | *than 30 days before the discovery cut-off date* . . . . Defendants have not made any

5 | showing that there were reasonable grounds to serve its discovery requests less than

6 | 30 days before the discovery cut-off date in this action, and the Court would not

7 | otherwise extend or reopen discovery for that purpose alone. Although the Court will

8 | extend discovery in regard to the disclosure of expert rebuttal reports and depositions

9 | of the experts, *the Court will not reopen discovery in regard to Defendants' untimely*

10 | *written discovery requests*." (emphasis added)); Mfr. Direct, LLC v. DirectBuy, Inc.,

11 | 2007 U.S. Dist. LEXIS 87371, *6-7 (N.D. Ind. 2007) ("DirectBuy has offered no

12 | explanation grounded in relevancy, burden, or breadth for its failure to respond to

13 | Manufacturer Direct's May discovery request. *Regarding the June request,*

14 | *DirectBuy has stated that it is under no obligation to respond to the June discovery*

15 | *request because it was made less than 30 days before the close of discovery.* See,

16 | e.g., Autotech Technologies Limited Partnership v. Automationdirect.com, Inc.,

17 | 2007 U.S. Dist. LEXIS 69135, 2007 WL 2746654 at *3 (N.D. Ill. Sept. 18, 2007)

18 | ('Given the fact that the ADC parties had 30 days to respond, the request was an

19 | obvious violation of Local Rule 16.1'); Finwall v. City of Chicago, 239 F.R.D. 494,

20 | 498-99 (N.D. Ill. 2006)('[A] deadline for discovery means that discovery must be

21 | *completed by that date*') (emphasis in original). Similarly, this court set June 29,

22 | 2007 as the date discovery should be completed. *Discovery requests served less than*

23 | *the 30 days provided by the Federal Rules within which to respond are made at the*

24 | *risk of non-compliance before the end of the discovery period. Accordingly, the*

25 | *plaintiff's motion is* GRANTED with respect to the discovery request made in May

26 | 2007 and *DENIED with respect to the June requests*." (emphasis added)).

27 |

28 |

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L., DE C.V.

EXHIBIT 40

PAGE 950

1    2.    MGA Mexico further objects to these requests as untimely and
2 unenforceable to the extent they seek documents relating to Phase Two, because
3 Phase Two discovery has been and remains stayed by court order. Specifically, in
4 the Court's February 4, 2008 Order, Judge Larson stayed all Phase Two discovery
5 until further order of the Court. Accordingly, MGA Mexico has no obligation to
6 respond to these Requests insofar as they seek documents related to Phase Two,
7 unless and until the Court lifts the Phase Two discovery stay, and MGA Mexico
8 therefore hereby preserves all objections.

9    3.    MGA Mexico objects to the date and place of production on the
10 grounds that the Requests impose an undue burden on MGA Mexico. The time set
11 for compliance is unduly burdensome, especially in light of the duplicative nature of
12 the Requests and the scope and volume of the material being sought. To the extent
13 MGA Mexico later agrees to produce responsive documents, MGA Mexico intends
14 to proceed expeditiously to collect the documents for production, if any, and will
15 produce them at a date and time, and in such a manner, as may be mutually agreed to
16 by counsel for the parties.

17    4.    MGA Mexico objects to the Requests to the extent that they seek
18 documents not relevant to the claims or defenses in this action and are not reasonably
19 calculated to lead to the discovery of admissible evidence.

20    5.    MGA Mexico objects to the Requests on the grounds that they are
21 overly broad and unduly burdensome.

22    6.    MGA Mexico objects to the Requests insofar as they seek
23 documents that are protected from disclosure under any applicable privilege, doctrine
24 or immunity, including without limitation the attorney-client privilege, the attorney
25 work product doctrine, the right of privacy, and all other privileges recognized under
26 the constitutional, statutory or decisional law of the United States of America or any
27 other applicable jurisdiction. MGA Mexico shall not produce such documents in

28

4

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT ____40____

PAGE ____951____

1 | response to Mattel's Request.  Any production of such protected or privileged

2 | materials is inadvertent and shall not be construed as a waiver of those privileges or

3 | protections.

4 |        7.    MGA Mexico objects to the Requests insofar as they seek

5 | documents that by reason of public filing, public distribution or otherwise are already

6 | in Mattel's possession or are readily accessible to Mattel from public sources or third

7 | parties.

8 |        8.    MGA Mexico objects to the Requests insofar as they seek

9 | production of documents (1) not within its possession, custody or control; (2) that

10 | MGA Mexico cannot locate after a reasonably diligent search; or (3) that refer to

11 | persons, entities, or events not known to MGA Mexico.  Such instructions,

12 | definitions, or requests are objectionable where they subject MGA Mexico to

13 | unreasonable and undue annoyance, oppression, burden, and expense; and/or seek to

14 | impose upon MGA Mexico an obligation to produce documents from sources

15 | equally accessible to Mattel.  To the extent MGA Mexico may in the future agree to

16 | produce documents in response to the Requests, MGA Mexico will make a

17 | reasonably diligent search for responsive documents within its possession, custody or

18 | control.

19 |        9.    In responding to Mattel's Requests, MGA Mexico has not and

20 | will not comply with any instructions or definitions that seek to impose requirements

21 | in addition to those imposed by Federal law.

22 |       10.    MGA Mexico objects to each and every request to the extent it

23 | purports to require MGA Mexico to search all documents and things within its

24 | possession or all such documents from a broad category, custody or control or within

25 | the possession, custody or control of any of MGA Mexico's current or former

26 | directors, officers, employees, agents, contractors, attorneys, accountants, or

27 | representatives of MGA Mexico, and any current or former corporation, partnership,

28 |

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT 40
PAGE 952

1 | association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and
2 | successor-in-interest of MGA Mexico, and any other person acting on its behalf, on
3 | the grounds that such request is unreasonable, overbroad, unduly burdensome and
4 | oppressive, violates the right to privacy, and purports to require MGA Mexico to
5 | search for documents not within its possession, custody or control.  To the extent that
6 | MGA Mexico may in the future agree to produce documents in response to the
7 | Requests, MGA Mexico will make a reasonably diligent search for responsive
8 | documents within its possession, custody or control.

9 |          11.    MGA Mexico objects to each and every request to the extent it
10 | seeks all documents or "each . . . document" responsive to a certain category on the
11 | grounds that such request is overbroad and unduly burdensome and oppressive.
12 | MGA Mexico will not respond to duplicative or cumulative requests and, to the
13 | extent that it may in the future agree to produce documents in response to the
14 | Requests, MGA Mexico will not re-produce documents it has already produced or
15 | produce documents that it has received from Mattel or others in the course of
16 | discovery in this matter.

17 |          12.    MGA Mexico objects to the Requests insofar as they seek
18 | production of confidential, proprietary, or trade-secret information, the disclosure of
19 | which would be inimical to the business interests of MGA Mexico.

20 |          13.    MGA Mexico objects to each request to the extent it violates the
21 | privacy rights of third parties to their private, confidential, proprietary or trade secret
22 | information.

23 |          14.    MGA Mexico objects to each request to the extent it seeks
24 | information relating to the activities or conduct of other entities or non-parties.

25 |          15.    MGA Mexico objects to each request to the extent it seeks
26 | information relating to activities or conduct in foreign countries other than Mexico
27 | related to MGA Mexico's business activities.

28 |

6

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

40

PAGE         953

16.   MGA Mexico objects to the Definitions and Instructions to the
extent such Definitions and Instructions purport to enlarge, expand, or alter in any
way the plain meaning and scope of any specific term or specific request on the
ground that such enlargement, expansion, or alteration renders such a term or request
vague, ambiguous, unintelligible, overbroad, unduly burdensome, and/or uncertain.

17.   MGA Mexico objects to the Instructions to the extent that they
purport to deprive MGA Mexico of the right to redact information from any
documents "for any reason." MGA Mexico retains and reserves the right to redact
documents on any appropriate grounds, including in particular for privilege.

18.   MGA Mexico objects to the Instructions to the extent that they
purport to unilaterally require MGA Mexico to produce documents in any manner
inconsistent with any prior agreement between the parties. MGA Mexico will
continue to produce documents in conformity with the prior agreements between the
parties.

19.   MGA Mexico specifically objects to the following definitions in
the Requests:

(a)   MGA Mexico objects to the terms "YOU" and "YOUR"
(Definitions ¶ A) as vague, ambiguous, overbroad, and unduly burdensome. The
definition includes "MGAE de Mexico, S.R.L. de C.V., and any PERSON acting
directly or indirectly by, through, under or on behalf of MGAE de Mexico, S.R.L. de
C.V. and any corporation, partnership, association, trust, parent, subsidiary, division,
affiliate, predecessor-in-interest and successor-in-interest, and any other PERSON
acting on its behalf." Because of Mattel's apparent incorporating the overbroad
definition of "AFFILIATES" (Definitions ¶ C) as including "any and all corporations,
proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind
that, directly or indirectly, in whole or in part, own or control, are under common
ownership or control with, or are owned or controlled by a PERSON, party or entity,

EXHIBIT   40
PAGE   954

1 including without limitation, each parent, subsidiary and joint venture of such
2 PERSON, party or entity," it is impossible for MGA Mexico to know whether a
3 particular person comes within this definition unless that person or entity at some
4 point in time held himself or herself out as being affiliated with MGA Mexico. Thus,
5 "YOU" and "YOUR" will be interpreted to mean all persons or entities who hold
6 themselves out to MGA Mexico as officers, employees, agents, subsidiaries or
7 divisions of MGA Mexico.

8         (b)    MGA Mexico also objects to the terms "RELATING,"
9 "RELATING TO," "REFERS TO," "REFERRING OR RELATING TO," and
10 "REFER OR RELATE TO" (Definitions ¶ E) on the grounds and to the extent they
11 are overbroad, unduly burdensome, and/or are vague and ambiguous in the context
12 of the Requests as written and as those requests would be plainly understood absent
13 Mattel's definitions.

14         20.    MGA Mexico objects to the Requests to the extent they seek the
15 production of documents in their native format where the burden of such production
16 outweighs the likelihood of discovering information that is relevant to the subject
17 matter of the claims or defenses in this action or calculated to lead to the discovery
18 of admissible evidence.

19         21.    MGA Mexico objects to the Requests on the grounds that they are
20 harassing, oppressive and unduly burdensome. Before these Requests, Mattel has
21 already propounded over 2,700 requests for documents and things to MGA, MGA
22 Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian
23 ("the MGA Parties"), in response to which the MGA Parties have already produced
24 over 4.2 million pages of responsive documents.

25                 **SPECIFIC RESPONSES AND OBJECTIONS**
26     Without waiving or departing from its General Response and General
27 Objections and specifically incorporating its General Response and General
28

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT 40

PAGE 955

1 Objections into each of the Specific Responses and Objections below, MGA Mexico

2 makes the following specific responses and objections to the Requests:

3 REQUEST FOR PRODUCTION NO. 1:

4 　　　　DOCUMENTS sufficient to IDENTIFY any OFFSITE STORAGE

5 FACILITIES used by YOU since 1995.

6 RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

7 　　　　MGA Mexico incorporates by reference its General Response and General

8 Objections above, as though fully set forth herein.

9 　　　　MGA Mexico objects to this request as untimely and unenforceable to the

10 extent it seeks documents relating to Phase One.  Under Federal Rule of Civil

11 Procedure 34(b) and the Court's October 31, 2007 scheduling order, the last day to

12 serve document requests relating to Phase One was December 28, 2007 – 30 days

13 before the fact discovery cut-off.  Mattel served this request on January 22, 2008 –

14 more than three weeks past the deadline and just four (4) court days before the

15 discovery cut-off for Phase One.  The request is therefore untimely, and represents

16 an unreasonable delay and an improper attempt to re-open Phase One discovery by

17 Mattel after the court-ordered discovery cut-off.  Andrews v. Raphaelson, 2007 U.S.

18 Dist. LEXIS 3479, *18 (D. Nev. 2007); Mfr. Direct, LLC v. DirectBuy, Inc., 2007

19 U.S. Dist. LEXIS 87371, *6-7 (N.D. Ind. 2007).

20 　　　　MGA Mexico further objects to the request to the extent it seeks the

21 production of documents that are protected from disclosure under any applicable

22 privilege, doctrine or immunity, including without limitation the attorney-client

23 privilege, the work product doctrine, the right of privacy, and all other privileges

24 recognized under the constitutional, statutory or decisional law of the United States

25 of America, the State of California or any other applicable jurisdiction.  MGA

26 Mexico further objects to this request on the grounds that it is overbroad in its use of

27 the term YOU and its incorporated term AFFILIATES.  MGA Mexico further

28

9

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT 40

PAGE 956

1 | objects to this request on the grounds that it is overly broad and unduly burdensome
2 | in that it seeks documents not relevant to the claims or defenses in this action and not
3 | reasonably calculated to lead to the discovery of admissible evidence. Mattel has not
4 | demonstrated how DOCUMENTS sufficient to IDENTIFY *any* OFFSITE
5 | STORAGE FACILITIES used by YOU *since 1995* could be relevant to the claims
6 | and defenses in this action. The request is not limited to the subject matter of this
7 | action and is thus impermissibly overbroad. See Judge Infante's December 31, 2007
8 | Order at 5:22-26, 8:1-3; see also Judge Infante's August 13, 2007 Order at 9:17-20;
9 | see also Judge Infante's May 22, 2007 Order at 21:5-7. MGA Mexico further
10 | objects to this request as being overly broad and unduly burdensome on the grounds
11 | that it is not limited in geographical scope and seeks documents since 1995—nearly
12 | ten years before this case was filed and well before any of the allegations associated
13 | with any claims or defenses. See Judge Infante's December 31, 2007 Order at 5:22-
14 | 26, 8:1-3, 14:25-15:1. MGA Mexico further objects to the request to the extent that
15 | it seeks documents that by reason of public filing, public distribution or otherwise
16 | are already in Mattel's possession or are readily accessible to Mattel, or available to
17 | Mattel from a source that is more convienient, less burdensome, or less expensive.
18 | See Judge Infante's December 31, 2007 Order at 14:1-6, 19:4-7. MGA Mexico
19 | further objects to the request to the extent that it seeks documents not in MGA
20 | Mexico's possession, custody or control.
21 |      MGA Mexico further objects to this request as cumulative, duplicative, and
22 | unduly burdensome to the extent that it seeks documents previously requested by
23 | Mattel or produced by MGA (or any of its affiliates) in response to Mattel's
24 | document requests. For example, this request is an exact duplicate of and completely
25 | coextensive with (based on Mattel's definitions for these Requests and the related
26 | sets of requests) Request No. 1 from Mattel, Inc.'s Seventh Set of Requests for
27 | Documents and Things to MGA Entertainment, Inc., Request No. 1 from Mattel,
28 |

10

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT   40

PAGE   957

1  Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment (HK)

2  Limited, and Request No. 1 from Mattel, Inc.'s Third Set of Requests for Documents

3  and Things to Isaac Larian. Additionally, (based on Mattel's definitions for these

4  Requests and the related sets of requests) this request is completely equivalent to and

5  coextensive with Request No. 2 from these Requests, as well as Request No. 2 from

6  Mattel, Inc.'s Seventh Set of Requests for Documents and Things to MGA

7  Entertainment, Inc., Request No. 2 from Mattel, Inc.'s Third Set of Requests for

8  Documents and Things to MGA Entertainment (HK) Limited, and Request No. 2

9  from Mattel, Inc.'s Third Set of Requests for Documents and Things to Isaac Larian.

10      MGA Mexico further objects to this request as untimely and unenforceable to

11  the extent it seeks documents relating to Phase Two, because Phase Two discovery

12  has been and remains stayed by court order. Specifically, in the Court's February 4,

13  2008 Order, Judge Larson stayed all Phase Two discovery until further order of the

14  Court. Accordingly, MGA Mexico has no obligation to respond to this request

15  insofar as it seeks documents related to Phase Two, unless and until the Court lifts

16  the Phase Two discovery stay, and MGA Mexico therefore hereby preserves all

17  objections.

18  REQUEST FOR PRODUCTION NO. 2:

19      DOCUMENTS sufficient to IDENTIFY any OFFSITE STORAGE

20  FACILITIES used by YOUR AFFILIATES since 1995.

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

22      MGA Mexico incorporates by reference its General Response and General

23  Objections above, as though fully set forth herein.

24      MGA Mexico objects to this request as untimely and unenforceable to the

25  extent it seeks documents relating to Phase One. Under Federal Rule of Civil

26  Procedure 34(b) and the Court's October 31, 2007 scheduling order, the last day to

27  serve document requests relating to Phase One was December 28, 2007 – 30 days

28

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT _40_
PAGE _958_

1  before the fact discovery cut-off.  Mattel served this request on January 22, 2008 –

2  more than three weeks past the deadline and just four (4) court days before the

3  discovery cut-off for Phase One.  The request is therefore untimely, and represents

4  an unreasonable delay and an improper attempt to re-open Phase One discovery by

5  Mattel after the court-ordered discovery cut-off.  Andrews v. Raphaelson, 2007 U.S.

6  Dist. LEXIS 3479, *18 (D. Nev. 2007); Mfr. Direct, LLC v. DirectBuy, Inc., 2007

7  U.S. Dist. LEXIS 87371, *6-7 (N.D. Ind. 2007).

8      MGA Mexico further objects to the request to the extent it seeks the

9  production of documents that are protected from disclosure under any applicable

10  privilege, doctrine or immunity, including without limitation the attorney-client

11  privilege, the work product doctrine, the right of privacy, and all other privileges

12  recognized under the constitutional, statutory or decisional law of the United States

13  of America, the State of California or any other applicable jurisdiction.  MGA

14  Mexico further objects to this request on the grounds that it is overbroad in its use of

15  the term YOUR and its incorporated term AFFILIATES.  MGA Mexico further

16  objects to this request on the grounds that it is overly broad and unduly burdensome

17  in that it seeks documents not relevant to the claims or defenses in this action and not

18  reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

19  demonstrated how DOCUMENTS sufficient to IDENTIFY *any* OFFSITE

20  STORAGE FACILITIES used by YOUR AFFILIATES *since 1995* could be relevant

21  to the claims and defenses in this action.  The request is not limited to the subject

22  matter of this action and is thus impermissibly overbroad.  See Judge Infante's

23  December 31, 2007 Order at 5:22-26, 8:1-3; see also Judge Infante's August 13,

24  2007 Order at 9:17-20; see also Judge Infante's May 22, 2007 Order at 21:5-7.

25  MGA Mexico further objects to this request as being overly broad and unduly

26  burdensome on the grounds that it is not limited in geographical scope and seeks

27  documents since 1995—nearly ten years before this case was filed and well before

28

12

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT  40

PAGE  959

1  any of the allegations associated with any claims or defenses.  See Judge Infante's

2  December 31, 2007 Order at 5:22-26, 8:1-3, 14:25-15:1.  MGA Mexico further

3  objects to the request to the extent that it seeks documents that by reason of public

4  filing, public distribution or otherwise are already in Mattel's possession or are

5  readily accessible to Mattel, or available to Mattel from a source that is more

6  convenient, less burdensome, or less expensive.  See Judge Infante's December 31,

7  2007 Order at 14:1-6, 19:4-7.  MGA Mexico further objects to the request to the

8  extent that it seeks documents not in MGA Mexico's possession, custody or control.

9  MGA Mexico further objects to the request to the extent it seeks confidential,

10 proprietary or commercially sensitive information, the disclosure of which would be

11 inimical to the business interests of MGA.  MGA Mexico further objects to the

12 request to the extent it violates the privacy rights of third parties to their private,

13 confidential, proprietary or trade secret information.

14     MGA Mexico further objects to this request as cumulative, duplicative, and

15 unduly burdensome to the extent that it seeks documents previously requested by

16 Mattel or produced by MGA (or any of its affiliates) in response to Mattel's

17 document requests.  For example, this request is an exact duplicate of and completely

18 coextensive with (based on Mattel's definitions for these Requests and the related

19 sets of requests) Request No. 2 from Mattel, Inc.'s Seventh Set of Requests for

20 Documents and Things to MGA Entertainment, Inc., Request No. 2 from Mattel,

21 Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment (HK)

22 Limited, and Request No. 2 from Mattel, Inc.'s Third Set of Requests for Documents

23 and Things to Isaac Larian.  Additionally, (based on Mattel's definitions for these

24 Requests and the related sets of requests) this request is completely equivalent to and

25 coextensive with Request No. 1 from these Requests, as well as Request No. 1 from

26 Mattel, Inc.'s Seventh Set of Requests for Documents and Things to MGA

27 Entertainment, Inc., Request No. 1 from Mattel, Inc.'s Third Set of Requests for

28

13

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT    40

PAGE    960

1  Documents and Things to MGA Entertainment (HK) Limited, and Request No. 1
2  from Mattel, Inc.'s Third Set of Requests for Documents and Things to Isaac Larian.
3       MGA Mexico further objects to this request as untimely and unenforceable to
4  the extent it seeks documents relating to Phase Two, because Phase Two discovery
5  has been and remains stayed by court order.  Specifically, in the Court's February 4,
6  2008 Order, Judge Larson stayed all Phase Two discovery until further order of the
7  Court.  Accordingly, MGA Mexico has no obligation to respond to this request
8  insofar as it seeks documents related to Phase Two, unless and until the Court lifts
9  the Phase Two discovery stay, and MGA Mexico therefore hereby preserves all
10  objections.
11  REQUEST FOR PRODUCTION NO. 3:
12       Each log, record, index, file or other DOCUMENT IDENTIFYING or listing
13  YOUR DOCUMENTS or any tangible things stored at the OFFSITE STORAGE
14  FACILITIES since 1995.
15  RESPONSE TO REQUEST FOR PRODUCTION NO. 3:
16       MGA Mexico incorporates by reference its General Response and General
17  Objections above, as though fully set forth herein.
18       MGA Mexico objects to this request as untimely and unenforceable to the
19  extent it seeks documents relating to Phase One.  Under Federal Rule of Civil
20  Procedure 34(b) and the Court's October 31, 2007 scheduling order, the last day to
21  serve document requests relating to Phase One was December 28, 2007 – 30 days
22  before the fact discovery cut-off.  Mattel served this request on January 22, 2008 –
23  more than three weeks past the deadline and just four (4) court days before the
24  discovery cut-off for Phase One.  The request is therefore untimely, and represents
25  an unreasonable delay and an improper attempt to re-open Phase One discovery by
26  Mattel after the court-ordered discovery cut-off.  Andrews v. Raphaelson, 2007 U.S.
27
28
                                    14

EXHIBIT      40
PAGE         961

1 | Dist. LEXIS 3479, *18 (D. Nev. 2007); <u>Mfr. Direct, LLC v. DirectBuy, Inc.</u>, 2007

2 | U.S. Dist. LEXIS 87371, *6-7 (N.D. Ind. 2007).

3 |   MGA Mexico further objects to the request to the extent it seeks the

4 | production of documents that are protected from disclosure under any applicable

5 | privilege, doctrine or immunity, including without limitation the attorney-client

6 | privilege, the work product doctrine, the right of privacy, and all other privileges

7 | recognized under the constitutional, statutory or decisional law of the United States

8 | of America, the State of California or any other applicable jurisdiction. MGA

9 | Mexico further objects to this request on the grounds that it is overbroad in its use of

10 | the term YOUR and its incorporated term AFFILIATES. MGA Mexico further

11 | objects to this request on the grounds that it is overly broad and unduly burdensome

12 | in that it seeks documents not relevant to the claims or defenses in this action and not

13 | reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

14 | demonstrated how *each* log, record, index file or other DOCUMENT

15 | IDENTIFYING or listing YOUR DOCUMENTS or *any* tangible things stored at the

16 | OFFSITE STORAGE FACILITIES *since 1995* could be relevant to the claims and

17 | defenses in this action. The request is not limited to the subject matter of this action

18 | and is thus impermissibly overbroad. <u>See</u> Judge Infante's December 31, 2007 Order

19 | at 5:22-26, 8:1-3; <u>see also</u> Judge Infante's August 13, 2007 Order at 9:17-20; <u>see</u>

20 | <u>also</u> Judge Infante's May 22, 2007 Order at 21:5-7. MGA Mexico further objects to

21 | this request as being overly broad and unduly burdensome on the grounds that it is

22 | not limited in geographical scope and seeks documents since 1995—nearly ten years

23 | before this case was filed and well before any of the allegations associated with any

24 | claims or defenses. <u>See</u> Judge Infante's December 31, 2007 Order at 5:22-26, 8:1-3,

25 | 14:25-15:1. MGA Mexico further objects to the request to the extent that it seeks

26 | documents that by reason of public filing, public distribution or otherwise are already

27 | in Mattel's possession or are readily accessible to Mattel, or available to Mattel from

28 |

15

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT 40
PAGE 962

1   a source that is more convienient, less burdensome, or less expensive. <u>See</u> Judge

2   Infante's December 31, 2007 Order at 14:1-6, 19:4-7. MGA Mexico further objects

3   to the request to the extent that it seeks documents not in MGA Mexico's possession,

4   custody or control.

5        MGA Mexico further objects to this request as cumulative, duplicative, and

6   unduly burdensome to the extent that it seeks documents previously requested by

7   Mattel or produced by MGA (or any of its affiliates) in response to Mattel's

8   document requests. For example, this request is an exact duplicate of and completely

9   coextensive with (based on Mattel's definitions for these Requests and the related

10   sets of requests) Request No. 3 from Mattel, Inc.'s Seventh Set of Requests for

11   Documents and Things to MGA Entertainment, Inc., Request No. 3 from Mattel,

12   Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment (HK)

13   Limited, and Request No. 3 from Mattel, Inc.'s Third Set of Requests for Documents

14   and Things to Isaac Larian. Additionally, (based on Mattel's definitions for these

15   Requests and the related sets of requests) this request is completely equivalent to and

16   coextensive with Request No. 4 from these Requests, as well as Request No. 4 from

17   Mattel, Inc.'s Seventh Set of Requests for Documents and Things to MGA

18   Entertainment, Inc., Request No. 4 from Mattel, Inc.'s Third Set of Requests for

19   Documents and Things to MGA Entertainment (HK) Limited, and Request No. 4

20   from Mattel, Inc.'s Third Set of Requests for Documents and Things to Isaac Larian.

21   This request also has substantial if not complete overlap with Request Nos. 5 and 6

22   from these Requests, as well as Request Nos. 5 and 6 from Mattel, Inc.'s Seventh Set

23   of Requests for Documents and Things to MGA Entertainment, Inc., Request Nos. 5

24   and 6 from Mattel, Inc.'s Third Set of Requests for Documents and Things to MGA

25   Entertainment (HK) Limited, and Request Nos. 5 and 6 from Mattel, Inc.'s Third Set

26   of Requests for Documents and Things to Isaac Larian.

27

28

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT _40_

PAGE _963_

1   MGA Mexico further objects to this request as untimely and unenforceable to
2   the extent it seeks documents relating to Phase Two, because Phase Two discovery
3   has been and remains stayed by court order.  Specifically, in the Court's February 4,
4   2008 Order, Judge Larson stayed all Phase Two discovery until further order of the
5   Court.  Accordingly, MGA Mexico has no obligation to respond to this request
6   insofar as it seeks documents related to Phase Two, unless and until the Court lifts
7   the Phase Two discovery stay, and MGA Mexico therefore hereby preserves all
8   objections.
9   REQUEST FOR PRODUCTION NO. 4:
10       Each log, record, index, file or other DOCUMENT IDENTIFYING or listing
11   YOUR AFFILIATES' DOCUMENTS or any tangible things stored at the OFFSITE
12   STORAGE FACILITIES since 1995.
13   RESPONSE TO REQUEST FOR PRODUCTION NO. 4:
14       MGA Mexico incorporates by reference its General Response and General
15   Objections above, as though fully set forth herein.
16       MGA Mexico objects to this request as untimely and unenforceable to the
17   extent it seeks documents relating to Phase One.  Under Federal Rule of Civil
18   Procedure 34(b) and the Court's October 31, 2007 scheduling order, the last day to
19   serve document requests relating to Phase One was December 28, 2007 – 30 days
20   before the fact discovery cut-off.  Mattel served this request on January 22, 2008 –
21   more than three weeks past the deadline and just four (4) court days before the
22   discovery cut-off for Phase One.  The request is therefore untimely, and represents
23   an unreasonable delay and an improper attempt to re-open Phase One discovery by
24   Mattel after the court-ordered discovery cut-off.  Andrews v. Raphaelson, 2007 U.S.
25   Dist. LEXIS 3479, *18 (D. Nev. 2007); Mfr. Direct, LLC v. DirectBuy, Inc., 2007
26   U.S. Dist. LEXIS 87371, *6-7 (N.D. Ind. 2007).
27
28

EXHIBIT     40
PAGE        964

1    MGA Mexico further objects to the request to the extent it seeks the
2 production of documents that are protected from disclosure under any applicable
3 privilege, doctrine or immunity, including without limitation the attorney-client
4 privilege, the work product doctrine, the right of privacy, and all other privileges
5 recognized under the constitutional, statutory or decisional law of the United States
6 of America, the State of California or any other applicable jurisdiction. MGA
7 Mexico further objects to this request on the grounds that it is overbroad in its use of
8 the term YOUR and its incorporated term AFFILIATES. MGA Mexico further
9 objects to this request on the grounds that it is overly broad and unduly burdensome
10 in that it seeks documents not relevant to the claims or defenses in this action and not
11 reasonably calculated to lead to the discovery of admissible evidence. Mattel has not
12 demonstrated how *each* log, record, index file or other DOCUMENT
13 IDENTIFYING or listing YOUR AFFILIATES' DOCUMENTS or *any* tangible
14 things stored at the OFFSITE STORAGE FACILITIES *since 1995* could be relevant
15 to the claims and defenses in this action. The request is not limited to the subject
16 matter of this action and is thus impermissibly overbroad. See Judge Infante's
17 December 31, 2007 Order at 5:22-26, 8:1-3; see also Judge Infante's August 13,
18 2007 Order at 9:17-20; see also Judge Infante's May 22, 2007 Order at 21:5-7.
19 MGA Mexico further objects to this request as being overly broad and unduly
20 burdensome on the grounds that it is not limited in geographical scope and seeks
21 documents since 1995—nearly ten years before this case was filed and well before
22 any of the allegations associated with any claims or defenses. See Judge Infante's
23 December 31, 2007 Order at 5:22-26, 8:1-3, 14:25-15:1. MGA Mexico further
24 objects to the request to the extent that it seeks documents that by reason of public
25 filing, public distribution or otherwise are already in Mattel's possession or are
26 readily accessible to Mattel, or available to Mattel from a source that is more
27 convenient, less burdensome, or less expensive. See Judge Infante's December 31,
28

18

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT   40
PAGE   965

1  2007 Order at 14:1-6, 19:4-7.  MGA Mexico further objects to the request to the

2  extent that it seeks documents not in MGA Mexico's possession, custody or control.

3       MGA Mexico further objects to this request as cumulative, duplicative, and

4  unduly burdensome to the extent that it seeks documents previously requested by

5  Mattel or produced by MGA (or any of its affiliates) in response to Mattel's

6  document requests.  For example, this request is an exact duplicate of and completely

7  coextensive with (based on Mattel's definitions for these Requests and the related

8  sets of requests) Request No. 4 from Mattel, Inc.'s Seventh Set of Requests for

9  Documents and Things to MGA Entertainment, Inc., Request No. 4 from Mattel,

10  Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment (HK)

11  Limited, and Request No. 4 from Mattel, Inc.'s Third Set of Requests for Documents

12  and Things to Isaac Larian.  Additionally, (based on Mattel's definitions for these

13  Requests and the related sets of requests) this request is completely equivalent to and

14  coextensive with Request No. 3 from these Requests, as well as Request No. 3 from

15  Mattel, Inc.'s Seventh Set of Requests for Documents and Things to MGA

16  Entertainment, Inc., Request No. 3 from Mattel, Inc.'s Third Set of Requests for

17  Documents and Things to MGA Entertainment (HK) Limited, and Request No. 3

18  from Mattel, Inc.'s Third Set of Requests for Documents and Things to Isaac Larian.

19  This request also has substantial if not complete overlap with Request Nos. 5 and 6

20  from these Requests, as well as Request Nos. 5 and 6 from Mattel, Inc.'s Seventh Set

21  of Requests for Documents and Things to MGA Entertainment, Inc., Request Nos. 5

22  and 6 from Mattel, Inc.'s Third Set of Requests for Documents and Things to MGA

23  Entertainment (HK) Limited, and Request Nos. 5 and 6 from Mattel, Inc.'s Third Set

24  of Requests for Documents and Things to Isaac Larian.

25       MGA Mexico further objects to this request as untimely and unenforceable to

26  the extent it seeks documents relating to Phase Two, because Phase Two discovery

27  has been and remains stayed by court order.  Specifically, in the Court's February 4,

28

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT     40
PAGE     966

1  2008 Order, Judge Larson stayed all Phase Two discovery until further order of the

2  Court.  Accordingly, MGA Mexico has no obligation to respond to this request

3  insofar as it seeks documents related to Phase Two, unless and until the Court lifts

4  the Phase Two discovery stay, and MGA Mexico therefore hereby preserves all

5  objections.

6  REQUEST FOR PRODUCTION NO. 5:

7      Each log, record, index, file or other DOCUMENT IDENTIFYING or listing

8  YOUR DOCUMENTS or any tangible things that have been sent to or received from

9  the OFFSITE STORAGE FACILITIES since 1995, including when the

10  DOCUMENTS or any tangible things were sent and/or received.

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

12      MGA Mexico incorporates by reference its General Response and General

13  Objections above, as though fully set forth herein.

14      MGA Mexico objects to this request as untimely and unenforceable to the

15  extent it seeks documents relating to Phase One.  Under Federal Rule of Civil

16  Procedure 34(b) and the Court's October 31, 2007 scheduling order, the last day to

17  serve document requests relating to Phase One was December 28, 2007 – 30 days

18  before the fact discovery cut-off.  Mattel served this request on January 22, 2008 –

19  more than three weeks past the deadline and just four (4) court days before the

20  discovery cut-off for Phase One.  The request is therefore untimely, and represents

21  an unreasonable delay and an improper attempt to re-open Phase One discovery by

22  Mattel after the court-ordered discovery cut-off.  Andrews v. Raphaelson, 2007 U.S.

23  Dist. LEXIS 3479, *18 (D. Nev. 2007); Mfr. Direct, LLC v. DirectBuy, Inc., 2007

24  U.S. Dist. LEXIS 87371, *6-7 (N.D. Ind. 2007).

25      MGA Mexico further objects to the request to the extent it seeks the

26  production of documents that are protected from disclosure under any applicable

27  privilege, doctrine or immunity, including without limitation the attorney-client

28

20

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT          40
PAGE          967

1  privilege, the work product doctrine, the right of privacy, and all other privileges

2  recognized under the constitutional, statutory or decisional law of the United States

3  of America, the State of California or any other applicable jurisdiction. MGA

4  Mexico further objects to this request on the grounds that it is overbroad in its use of

5  the term YOUR and its incorporated term AFFILIATES. MGA Mexico further

6  objects to this request on the grounds that it is overly broad and unduly burdensome

7  in that it seeks documents not relevant to the claims or defenses in this action and not

8  reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

9  demonstrated how *each* log, record, index file or other DOCUMENT

10  IDENTIFYING or listing YOUR DOCUMENTS or *any* tangible things that have

11  been sent to or received from the OFFSITE STORAGE FACILITIES *since 1995*,

12  including when the DOCUMENTS or *any* tangible things were sent and/or received

13  could be relevant to the claims and defenses in this action. The request is not limited

14  to the subject matter of this action and is thus impermissibly overbroad. See Judge

15  Infante's December 31, 2007 Order at 5:22-26, 8:1-3; see also Judge Infante's

16  August 13, 2007 Order at 9:17-20; see also Judge Infante's May 22, 2007 Order at

17  21:5-7. MGA Mexico further objects to this request as being overly broad and

18  unduly burdensome on the grounds that it is not limited in geographical scope and

19  seeks documents since 1995—nearly ten years before this case was filed and well

20  before any of the allegations associated with any claims or defenses. See Judge

21  Infante's December 31, 2007 Order at 5:22-26, 8:1-3, 14:25-15:1. MGA Mexico

22  further objects to the request to the extent that it seeks documents that by reason of

23  public filing, public distribution or otherwise are already in Mattel's possession or

24  are readily accessible to Mattel, or available to Mattel from a source that is more

25  convienient, less burdensome, or less expensive. See Judge Infante's December 31,

26  2007 Order at 14:1-6, 19:4-7. MGA Mexico further objects to the request to the

27  extent that it seeks documents not in MGA Mexico's possession, custody or control.

28

21

EXHIBIT  *40*

PAGE  968

1    MGA Mexico further objects to this request as cumulative, duplicative, and
2 unduly burdensome to the extent that it seeks documents previously requested by
3 Mattel or produced by MGA (or any of its affiliates) in response to Mattel's
4 document requests.  For example, this request is an exact duplicate of and completely
5 coextensive with (based on Mattel's definitions for these Requests and the related
6 sets of requests) Request No. 5 from Mattel, Inc.'s Seventh Set of Requests for
7 Documents and Things to MGA Entertainment, Inc., Request No. 5 from Mattel,
8 Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment (HK)
9 Limited, and Request No. 5 from Mattel, Inc.'s Third Set of Requests for Documents
10 and Things to Isaac Larian.  Additionally, (based on Mattel's definitions for these
11 Requests and the related sets of requests) this request is completely equivalent to and
12 coextensive with Request No. 6 from these Requests, as well as Request No. 6 from
13 Mattel, Inc.'s Seventh Set of Requests for Documents and Things to MGA
14 Entertainment, Inc., Request No. 6 from Mattel, Inc.'s Third Set of Requests for
15 Documents and Things to MGA Entertainment (HK) Limited, and Request No. 6
16 from Mattel, Inc.'s Third Set of Requests for Documents and Things to Isaac Larian.
17 This request also has substantial if not complete overlap with Request Nos. 3 and 4
18 from these Requests, as well as Request Nos. 3 and 4 from Mattel, Inc.'s Seventh Set
19 of Requests for Documents and Things to MGA Entertainment, Inc., Request Nos. 3
20 and 4 from Mattel, Inc.'s Third Set of Requests for Documents and Things to MGA
21 Entertainment (HK) Limited, and Request Nos. 3 and 4 from Mattel, Inc.'s Third Set
22 of Requests for Documents and Things to Isaac Larian.
23    MGA Mexico further objects to this request as untimely and unenforceable to
24 the extent it seeks documents relating to Phase Two, because Phase Two discovery
25 has been and remains stayed by court order.  Specifically, in the Court's February 4,
26 2008 Order, Judge Larson stayed all Phase Two discovery until further order of the
27 Court.  Accordingly, MGA Mexico has no obligation to respond to this request
28

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT    40
PAGE    969

1 insofar as it seeks documents related to Phase Two, unless and until the Court lifts

2 the Phase Two discovery stay, and MGA Mexico therefore hereby preserves all

3 objections.

4 REQUEST FOR PRODUCTION NO. 6:

5       Each log, record, index, file or other DOCUMENT IDENTIFYING or listing

6 YOUR AFFILIATES' DOCUMENTS or any tangible things that have been sent to

7 or received from the OFFSITE STORAGE FACILITIES since 1995, including when

8 the DOCUMENTS or any tangible things were sent and/or received.

9 RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

10       MGA Mexico incorporates by reference its General Response and General

11 Objections above, as though fully set forth herein.

12       MGA Mexico objects to this request as untimely and unenforceable to the

13 extent it seeks documents relating to Phase One.  Under Federal Rule of Civil

14 Procedure 34(b) and the Court's October 31, 2007 scheduling order, the last day to

15 serve document requests relating to Phase One was December 28, 2007 – 30 days

16 before the fact discovery cut-off.  Mattel served this request on January 22, 2008 –

17 more than three weeks past the deadline and just four (4) court days before the

18 discovery cut-off for Phase One.  The request is therefore untimely, and represents

19 an unreasonable delay and an improper attempt to re-open Phase One discovery by

20 Mattel after the court-ordered discovery cut-off.  Andrews v. Raphaelson, 2007 U.S.

21 Dist. LEXIS 3479, *18 (D. Nev. 2007); Mfr. Direct, LLC v. DirectBuy, Inc., 2007

22 U.S. Dist. LEXIS 87371, *6-7 (N.D. Ind. 2007).

23       MGA Mexico further objects to the request to the extent it seeks the

24 production of documents that are protected from disclosure under any applicable

25 privilege, doctrine or immunity, including without limitation the attorney-client

26 privilege, the work product doctrine, the right of privacy, and all other privileges

27 recognized under the constitutional, statutory or decisional law of the United States

28

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT        40
PAGE        970

1  of America, the State of California or any other applicable jurisdiction. MGA

2  Mexico further objects to this request on the grounds that it is overbroad in its use of

3  the term YOUR and its incorporated term AFFILIATES. MGA Mexico further

4  objects to this request on the grounds that it is overly broad and unduly burdensome

5  in that it seeks documents not relevant to the claims or defenses in this action and not

6  reasonably calculated to lead to the discovery of admissible evidence. Mattel has not

7  demonstrated how *each* log, record, index file or other DOCUMENT

8  IDENTIFYING or listing YOUR AFFILIATES' DOCUMENTS or *any* tangible

9  things that have been sent to or received from the OFFSITE STORAGE

10 FACILITIES *since 1995*, including when the DOCUMENTS or *any* tangible things

11 were sent and/or received could be relevant to the claims and defenses in this action.

12 The request is not limited to the subject matter of this action and is thus

13 impermissibly overbroad. See Judge Infante's December 31, 2007 Order at 5:22-26,

14 8:1-3; see also Judge Infante's August 13, 2007 Order at 9:17-20; see also Judge

15 Infante's May 22, 2007 Order at 21:5-7. MGA Mexico further objects to this request

16 as being overly broad and unduly burdensome on the grounds that it is not limited in

17 geographical scope and seeks documents since 1995—nearly ten years before this

18 case was filed and well before any of the allegations associated with any claims or

19 defenses. See Judge Infante's December 31, 2007 Order at 5:22-26, 8:1-3, 14:25-

20 15:1. MGA Mexico further objects to the request to the extent that it seeks

21 documents that by reason of public filing, public distribution or otherwise are already

22 in Mattel's possession or are readily accessible to Mattel, or available to Mattel from

23 a source that is more convienient, less burdensome, or less expensive. See Judge

24 Infante's December 31, 2007 Order at 14:1-6, 19:4-7. MGA Mexico further objects

25 to the request to the extent that it seeks documents not in MGA Mexico's possession,

26 custody or control.

27

28

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT    40

PAGE ____971

1    MGA Mexico further objects to this request as cumulative, duplicative, and

2  unduly burdensome to the extent that it seeks documents previously requested by

3  Mattel or produced by MGA (or any of its affiliates) in response to Mattel's

4  document requests. For example, this request is an exact duplicate of and completely

5  coextensive with (based on Mattel's definitions for these Requests and the related

6  sets of requests) Request No. 6 from Mattel, Inc.'s Seventh Set of Requests for

7  Documents and Things to MGA Entertainment, Inc., Request No. 6 from Mattel,

8  Inc.'s Third Set of Requests for Documents and Things to MGA Entertainment (HK)

9  Limited, and Request No. 6 from Mattel, Inc.'s Third Set of Requests for Documents

10  and Things to Isaac Larian. Additionally, (based on Mattel's definitions for these

11  Requests and the related sets of requests) this request is completely equivalent to and

12  coextensive with Request No. 5 from these Requests, as well as Request No. 5 from

13  Mattel, Inc.'s Seventh Set of Requests for Documents and Things to MGA

14  Entertainment, Inc., Request No. 5 from Mattel, Inc.'s Third Set of Requests for

15  Documents and Things to MGA Entertainment (HK) Limited, and Request No. 5

16  from Mattel, Inc.'s Third Set of Requests for Documents and Things to Isaac Larian.

17  This request also has substantial if not complete overlap with Request Nos. 3 and 4

18  from these Requests, as well as Request Nos. 3 and 4 from Mattel, Inc.'s Seventh Set

19  of Requests for Documents and Things to MGA Entertainment, Inc., Request Nos. 3

20  and 4 from Mattel, Inc.'s Third Set of Requests for Documents and Things to MGA

21  Entertainment (HK) Limited, and Request Nos. 3 and 4 from Mattel, Inc.'s Third Set

22  of Requests for Documents and Things to Isaac Larian.

23    MGA Mexico further objects to this request as untimely and unenforceable to

24  the extent it seeks documents relating to Phase Two, because Phase Two discovery

25  has been and remains stayed by court order. Specifically, in the Court's February 4,

26  2008 Order, Judge Larson stayed all Phase Two discovery until further order of the

27  Court. Accordingly, MGA Mexico has no obligation to respond to this request

28

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT          40
PAGE          972

1  insofar as it seeks documents related to Phase Two, unless and until the Court lifts

2  the Phase Two discovery stay, and MGA Mexico therefore hereby preserves all

3  objections.

4

5  DATED: February 21, 2007       SKADDEN, ARPS, SLATE, MEAGHER &
                                  FLOM, LLP

6

7

8                                 By: _____
                                    THOMAS J. NOLAN

9                          Attorneys for Counter-Defendants,
10                       MGA ENTERTAINMENT, INC.,
                  ISAAC LARIAN, MGA ENTERTAINMENT
11                   (HK) LIMITED, AND MGAE de MEXICO
                         S.R.L. de C.V.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE TO MATTEL'S THIRD SET OF REQUESTS FOR
DOCUMENTS AND THINGS TO MGAE DE MEXICO, S.R.L. DE C.V.

EXHIBIT 40
PAGE 993

# **EXHIBIT 41**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MATTEL, INC., | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | |
| | Consolidated with |
| vs. | CASE NO. CV 04-9059 SGL (RNBx) |
| | CASE NO. CV 05-2727 SGL (RNBx) |
| MGA ENTERTAINMENT, INC., et al., | Hon. Stephen G. Larson |
| Defendants. | |
| AND CONSOLIDATED ACTIONS | **COURT'S PHASE B JURY INSTRUCTIONS AS GIVEN** |

EXHIBIT  4/
PAGE  974

# JURY INSTRUCTION NO. 1

Members of the Jury:

Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

2

EXHIBIT   41
PAGE   975

1

## JURY INSTRUCTION NO. 2

2        You should decide the case as to each party separately. Unless otherwise stated,

3  the instructions apply to all parties.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

EXHIBIT    41
PAGE    976

1

## JURY INSTRUCTION NO. 3

2

Whether or not you have taken notes, you should rely on your own memory of

3

the evidence. Notes are only to assist your memory. You should not be overly influenced

4

by your notes or those of your fellow jurors.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

EXHIBIT   41
PAGE   877

## JURY INSTRUCTION NO. 4

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits which are received into evidence; and

3.  any facts to which the lawyers have agreed or stipulated.

5

EXHIBIT   41
PAGE   873

1

## JURY INSTRUCTION NO. 5

2
3
4
5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

6
7
8
9
10
11

(1)  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

12
13
14
15

(2)  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

16
17
18
19
20

(3)  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

21
22
23
24

(4)  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

25
26
27
28

6

EXHIBIT   41
PAGE   979

### JURY INSTRUCTION NO. 6

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

7

EXHIBIT   41
PAGE   980

### JURY INSTRUCTION NO. 7

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I have ordered that evidence be stricken from the record. That means that when you are deciding the case, you must not consider that evidence.

8

EXHIBIT   41
PAGE   981

**JURY INSTRUCTION NO. 8**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

9

EXHIBIT 41
PAGE 982

1

## JURY INSTRUCTION NO. 9

2

I will now say a few words about your conduct as jurors.

3

First, you are not to discuss this case with anyone, including members of your

4

5

family, people involved in the trial, or anyone else; this includes discussing the case in

6

internet chat rooms or through internet "blogs," internet bulletin boards or e-mails. Nor

7

are you allowed to permit others to discuss the case with you. If anyone approaches you

8

and tries to talk to you about the case, please let me know about it immediately;

9

Second, do not read or listen to any news stories, articles, radio, television, or

10

11

online reports about the case or about anyone who has anything to do with it;

12

Third, do not do any research, such as consulting dictionaries, searching the

13

Internet or using other reference materials, and do not make any investigation about the

14

case on your own;

15

Fourth, if you need to communicate with me simply give a signed note to the

16

17

bailiff to give to me; and

18

Fifth, do not make up your mind about what the verdict should be until after you

19

have gone to the jury room to decide the case and you and your fellow jurors have

20

discussed the evidence. Keep an open mind until then.

21

Finally, until this case is given to you for your deliberation and verdict, you are

22

23

not to discuss the case with your fellow jurors.

24

25

26

27

28

EXHIBIT   41
PAGE       983

**JURY INSTRUCTION NO. 10**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.

11

EXHIBIT  41
PAGE    984

1

## JURY INSTRUCTION NO. 11

2

You must not make any assumptions about a witness based solely upon the use of

3

an interpreter to assist that witness.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

EXHIBIT    41
PAGE _____ 985

**JURY INSTRUCTION NO. 12**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

13

EXHIBIT 41
PAGE 986

**JURY INSTRUCTION NO. 13**

The parties have agreed to certain facts. You should therefore treat these facts as having been proved.

14

EXHIBIT 41
PAGE 987

**JURY INSTRUCTION NO. 14**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person, including a videotaped deposition, may be used at the trial.

15

EXHIBIT 41
PAGE 988

## JURY INSTRUCTION NO. 15

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

16

EXHIBIT 41
PAGE 989

1

## JURY INSTRUCTION NO. 16

2

3       Certain charts and summaries not received in evidence have been shown to you

4    in order to help explain the contents of books, records, documents, or other evidence in

5    the case.  They are not themselves evidence or proof of any facts.  If they do not correctly

6    reflect the facts or figures shown by the evidence in the case, you should disregard these

7    charts and summaries and determine the facts from the underlying evidence.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

EXHIBIT   41
PAGE   990

### JURY INSTRUCTION NO. 17

Other charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

18

EXHIBIT 41
PAGE 991

### JURY INSTRUCTION NO. 18

You have heard evidence that both Mattel and MGA purchased and evaluated each other's existing products and had those products in their respective facilities. In this trial, there is no allegation that it is illegal or improper for a company or person to purchase, possess, or evaluate the publicly available product of a competitor.

19

EXHIBIT   41
PAGE   992

1

## JURY INSTRUCTION NO. 19

2

3       When a party has the burden of proof on any claim by a preponderance of the

4       evidence, it means you must be persuaded by the evidence that the claim is more probably

5       true than not true.

6       You should base your decision on all of the evidence, regardless of which party

7       presented it.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

41
PAGE    993

**JURY INSTRUCTION NO. 20**

Mattel claims that the defendants, MGA Entertainment, Inc. ("MGA"), Isaac Larian and MGA Entertainment (HK) Ltd. ("MGA Hong Kong"), engaged in copyright infringement of certain items that you found in Phase A of this trial were created by Carter Bryant when he worked at Mattel.  The defendants deny that claim.

Copyright is the exclusive right to copy.

This right to copy includes the exclusive rights to:

(1)   Authorize, or make additional copies, or otherwise reproduce the copyrighted work;

(2)   Recast, transform, or adopt the work, that is, to prepare derivative works based upon the copyrighted work;

(3)   Distribute copies of the copyrighted work to the public by sale or other transfer of ownership; and

(4)   Display publicly a copyrighted work.

It is the owner of a copyright who may exercise these exclusive rights to copy.

As a matter of law, Mattel is the owner, by assignment, of the Bratz-related items that you found were created by Carter Bryant, alone or jointly with others, while employed by Mattel, which items have been registered by Mattel at the U.S. Copyright Office.  In general, copyright law protects against production, adaptation and distribution of substantially similar copies of the owner's copyrighted work without the owner's permission.  An owner may enforce these rights to exclude others in an action for copyright infringement.

EXHIBIT  41
PAGE  994

1    You must consider each defendant's acts separately to determine whether that

2   defendant has engaged in an act that is an infringement of Mattel's copyright.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22

EXHIBIT   41

PAGE      995

**JURY INSTRUCTION NO. 21**

Copyright law allows the author of an original work to prevent others from copying the way or form the author used to express the ideas in the author's work.  Only the particular way of expressing an idea can be copyrighted.  Copyright law does not give the author the right to prevent others from copying or using the underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles or discoveries.

The right to exclude others from copying extends only to how the author expressed the ideas in the copyrighted work.  The copyright is not violated when someone uses an idea from a copyrighted work, as long as the particular way of expressing that idea in the work is not copied.

23

EXHIBIT   41
PAGE   996

1

### JURY INSTRUCTION NO. 22

2

     Anyone who copies original elements of a copyrighted work without the owner's

3

permission infringes the copyright.

4

     Mattel claims that the defendants have infringed copyrights for the Bratz-related

5

items described above.  On Mattel's copyright infringement claim, Mattel has the burden

6

of proving both of the following by a preponderance of the evidence:

7

8

     1.    Mattel is the owner of a valid copyright; and

9

     2.    The defendants copied original elements from the copyrighted work.

10

     If you find that Mattel has proved both of these elements, your verdict should be

11

12

for Mattel.

13

     If, on the other hand, Mattel has failed to prove either of these elements, your

14

verdict should be for the defendants.

15

     As a matter of law, the first element is satisfied because Mattel is the owner of

16

each of the items you found were created by Carter Bryant, alone or jointly with others,

17

while employed by Mattel and which Mattel has registered with the U.S. Copyright

18

19

Office.

20

     Whether or not the second element is satisfied is for you to decide.

21

22

23

24

25

26

27

28

24

EXHIBIT 41
PAGE 997

1

### JURY INSTRUCTION NO. 23

2

A copyright owner is entitled to exclude others from creating derivative works

3

4

based upon the owner's copyrighted work. The term derivative work refers to a work

5

based on one or more pre-existing works. Accordingly, Mattel is entitled to exclude

6

others from recasting, transforming, or adapting, without Mattel's permission, the

7

copyrighted works you found were created by Carter Bryant, alone or jointly with others,

8

while he was employed by Mattel.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

25

EXHIBIT    41
PAGE    998

**JURY INSTRUCTION NO. 24**

An owner is entitled to copyright protection of a compilation. A compilation is a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship.

The owner of a compilation may enforce the right to exclude others in an action for copyright infringement.

26

EXHIBIT    41
PAGE ____ 999

# JURY INSTRUCTION NO. 25

As explained above, Mattel has the burden of proving that the defendants copied original elements from Mattel's copyrighted work.  There are two ways in which Mattel may meet that burden.

First, Mattel may show the defendants copied from the work by showing by a preponderance of the evidence that the defendants actually copied a significant amount of protectable expression from the work.

Second, in the alternative, Mattel may also show the defendants copied from the work by showing by a preponderance of the evidence that the defendants had access to Mattel's copyrighted works and that there are substantial similarities between the defendants' works and original elements of Mattel's works.

It is undisputed in this case that defendants had access to Mattel's copyrighted works.  Whether there are substantial similarities between the defendants' works and original elements of Mattel's works is for you to decide.

27

EXHIBIT 41
PAGE 1000

**JURY INSTRUCTION NO. 26**

You are to make a determination regarding substantial similarity according to a two-step process, which includes application of the "extrinsic test" and the "intrinsic test." To prevail on its claims for copyright infringement, Mattel must satisfy both of these tests.

First, you must apply the extrinsic test. Under the extrinsic test, Mattel must establish that specific ideas and expressive elements of the works Mattel owns and the Bratz-related products that Mattel claims are infringing are substantially similar.

The Court has determined what elements of the works that you found were created by Carter Bryant, solely or jointly while working at Mattel, are protectable under copyright law. These are the elements that you should consider for the purpose of your comparisons to each of the allegedly infringing products under the extrinsic test:

First, the particularized, synergistic compilation and expression of the human form and anatomy that expresses a unique style and conveys a distinct look or attitude;

Second, the particularized expression of a doll's head, lips, eyes, eyebrows, eye features, nose, chin, hair style and breasts, including the accentuation or exaggeration of certain anatomical features relative to others (doll lips, eyes, eyebrows, and eye features) and de-emphasis of certain anatomical features relative to others (doll nose and thin, small doll bodies); and

Third, the particularized doll clothes, doll shoes, and doll accessories that express aggressive, contemporary, youthful style.

In contrast, certain basic elements of Carter Bryant's works are not protectable. Specifically, copying of protected expression or ideas cannot be established by the mere

28

EXHIBIT   41

PAGE   1001

1   fact that both Carter Bryant's works and the allegedly infringing designs bear a

2   resemblance or similarity to human form and human physiology; have hair, heads, two

3   eyes, eyebrows, lips, nose, chin, mouth, and other features that track human anatomy and
4
5   physiology; wear or have human clothes, shoes, and accessories; depict a certain age,

6   race, ethnicity, or have an "urban" appearance; possess common or standard anatomical

7   features relative to others or depict common or standard treatment of fashion doll subject

8   matter. Nevertheless, particular compilations or combinations of these otherwise non-

9   protectable elements in the works which express a particular style or convey a distinct
10
11  look or attitude, are protectable.

12          You should consider only the elements I have just listed for purposes of the

13  extrinsic test. Focusing on the protectable elements of the works by Carter Bryant as

14  compared to those elements in the allegedly infringing Bratz-related works, you must

15  determine whether Mattel has proven by the preponderance of the evidence that the works
16
17  are substantially similar. If you so find, you must next consider the intrinsic test. If you

18  do not so find, you must find for the defendants.

19          The intrinsic test looks at the overall similarity of ideas and expression in the

20  works from the perspective of an ordinary observer. You should ask yourself whether the

21  ordinary, reasonable audience, in this case girls between the ages of 7 and 12, would
22
23  determine or recognize the defendants' products as reflecting the total concept and feel, or

24  as a "picturization," of the Bratz-related works that you have found Carter Bryant created

25  alone or jointly with others while employed by Mattel.

26          Mattel does not need to establish that the works it alleges are infringing are

27  identical or virtually identical to the works it owns, nor that the allegedly infringing

28

29

EXHIBIT   41
PAGE      1002

1   works do not contain any non-infringing material. However, Mattel does need to

2   establish that, focusing on the protectable elements of Carter Bryant's designs which I

3   have identified under the extrinsic test, and the overall look and feel of the works under

4   the intrinsic test, there are substantial similarities between the copyright-protected works

5   and the allegedly infringing works.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT   41
PAGE      1003

**JURY INSTRUCTION NO. 27**

The degree of similarity required to support a finding of substantial similarity is affected by the degree of access MGA, Isaac Larian and MGA Hong Kong had to Carter Bryant's works.  The greater the level of access, the lower the showing of similarity required to support a finding of substantial similarity.  However, the burden of proving substantial similarity by a preponderance of the evidence always remains with Mattel.

EXHIBIT  41
PAGE   1004

1

### JURY INSTRUCTION NO. 28

2

Copyright law protects distinctive characters.  Defendants' works infringe

3

Mattel's copyrights if they copy recognizable and distinctive traits, attributes, and

4

elements of the personalities of the characters portrayed in Carter Bryant's works.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 41
PAGE 1005

### JURY INSTRUCTION NO. 29

If you find that defendants had access to the copyrighted works and substantial similarity between the copyrighted works and allegedly infringing works, you must find that defendants infringed Mattel's copyrights. Defendants contend that certain Bratz-related works were created independently, that is, that defendants did not actually copy or prepare derivative works from Carter Bryant's works when they created these Bratz-related works, notwithstanding their admitted access to these works. A claim of independent creation applies where a defendant can prove that he or she created the allegedly infringing work without copying or adapting or preparing derivative works from the original to which he or she had access.

Defendants bear the burden of proof on the issue of independent creation.

If you find that Mattel has shown the elements of infringement and defendants have not established independent creation by a preponderance of the evidence, then you must find for Mattel on its claim of copyright infringement.

33

EXHIBIT  4/
PAGE    1006

### JURY INSTRUCTION NO. 30

A two-dimensional work, such as a drawing, can be infringed by a three-dimensional work, such as a doll. A doll, which consists of different materials or includes aspects that are not visible in a copyrighted drawing, nevertheless will infringe the drawing when the works are substantially similar in their appearance under the extrinsic and intrinsic tests. A three-dimensional work is not an independent creation merely because it includes or is a result of artistic or non-artistic work not included in the copyrighted work. Rather, the question is whether the three-dimensional work is substantially similar to the two-dimensional work as a whole using the extrinsic/intrinsic test described above.

34

EXHIBIT  41
PAGE  1007

## JURY INSTRUCTION NO. 31

A copyright can be infringed by intermediate or preparatory works, including works prepared in the product development or marketing stage, that are substantially similar to a copyrighted work, regardless of whether the end product of the copying also infringes the copyright.

35

EXHIBIT 41
PAGE 1008

**JURY INSTRUCTION NO. 32**

Mattel has presented evidence concerning certain copyright infringement lawsuits brought by MGA in Hong Kong pursuant to Hong Kong law.

The Court has excluded, and you may not consider, any reference to any legal arguments or legal conclusions associated with those lawsuits.

You may, however, consider any factual statements or factual representations that MGA made in those lawsuits.

It is for you to decide how much weight, if any, to give to those factual statements or factual representations.

36

EXHIBIT 41
PAGE 1009

## JURY INSTRUCTION NO. 33

If you find that MGA infringed Mattel's copyright in the Bratz works, you may consider Mattel's claim that Isaac Larian vicariously infringed that copyright. Mattel has the burden of proving each of the following by a preponderance of the evidence:

1.    Isaac Larian profited directly from the infringing activity of MGA;

2.    Isaac Larian had the right and ability to supervise/control the infringing activity of MGA; and

3.    Isaac Larian failed to exercise that right and ability.

If you find that Mattel proved each of these elements, your verdict should be for Mattel if you also find that MGA infringed Mattel's copyright. If, on the other hand, Mattel has failed to prove any of these elements, your verdict should be for Isaac Larian on Mattel's claim for copyright infringement, unless you find that Isaac Larian is liable for contributory infringement under the instruction that follows.

37

EXHIBIT   41
PAGE      1010

### JURY INSTRUCTION NO. 34

A defendant may be liable for copyright infringement engaged in by another if he/it knew or had reason to know of the infringing activity and intentionally materially contributes to that infringing activity.

If you find that MGA infringed Mattel's copyright in Bratz works, but that MGA Hong Kong and/or Isaac Larian did not directly or vicariously engage in acts of infringement, you should proceed to consider Mattel's claim that MGA Hong Kong and Isaac Larian contributorily infringed that copyright.  To prove contributory copyright infringement, Mattel must prove both of the following elements by a preponderance of the evidence:

1.    Isaac Larian and/or MGA Hong Kong knew or had reason to know of the infringing activity of MGA; and

2.    Isaac Larian and/or MGA Hong Kong intentionally materially contributed to MGA's infringing activity.

If you find that MGA infringed Mattel's copyright and you also find that Mattel has proved both of these elements, your verdict should be for Mattel.  If, on the other hand, Mattel has failed to prove either or both of these elements as against MGA Hong Kong and/or Isaac Larian, and also failed to prove direct or vicarious infringement by MGA Hong Kong and/or Isaac Larian, your verdict should be for those defendants.

38

EXHIBIT  41
PAGE    1011

**JURY INSTRUCTION NO. 35**

Mattel claims that defendants fraudulently concealed the facts underlying Mattel's claims of intentional interference with contract and conversion.  Defendants deny these allegations.

To prove fraudulent concealment, Mattel must show the following by a preponderance of the evidence

    (1)    the defendants took affirmative steps to conceal the facts that could have led Mattel to discover that Carter Bryant created Bratz-related works while employed by Mattel or that Carter Bryant entered into a contract with and worked with MGA while he was still employed by Mattel; and

    (2)    Mattel was not aware of such facts that either did or would have, with diligence, led Mattel to discover that Carter Bryant created Bratz works while employed by Mattel or that Carter Bryant entered into a contract with and worked with MGA while he was still employed by Mattel.

If you so find by the preponderance of the evidence, you should find for Mattel on its allegations of fraudulent concealment.  If not, you should find for defendants on the allegations of fraudulent concealment.

39

EXHIBIT 41
PAGE 1012

**JURY INSTRUCTION NO. 36**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

40

EXHIBIT   41
PAGE      1013

## JURY INSTRUCTION NO. 37

In Phase A, you determined that Mattel had proved its claim for intentional interference with contractual relations against the defendants MGA and Isaac Larian. You must now decide how much money, if any, should be awarded as damages.

The amount of damages must include an award for each item of harm that was caused by MGA's and Isaac Larian's wrongful conduct, even if the particular harm could not have been anticipated.

Mattel must prove the amount of damages. However, Mattel does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Mattel:

(1)   Compensatory and general damages, including disgorgement of profits earned by MGA and Isaac Larian as a result of their wrongful conduct;

(2)   Prejudgment interest at the maximum rate, which is 7%, calculated from the date Mattel's claim arose;

(3)   Punitive damages.

41

EXHIBIT   41
PAGE   1014

## JURY INSTRUCTION NO. 38

In Phase A, you determined that Mattel had proved its claims against the defendants MGA and Isaac Larian for aiding and abetting Carter Bryant's breach of fiduciary duty and breach of the duty of loyalty. You must now decide how much money, if any, should be awarded as damages.

The amount of damages must include an award for each item of harm that was caused by MGA's and Isaac Larian's wrongful conduct, even if the particular harm could not have been anticipated.

Mattel must prove the amount of its damages. However, Mattel does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Mattel:

(1)  Compensatory and general damages, including disgorgement of profits earned by MGA and Isaac Larian as a result of their wrongful conduct;

(2)  Prejudgment interest at the maximum rate, which is 7%, calculated from the date Mattel's claim arose;

(3)  Punitive damages.

42

EXHIBIT  41
PAGE  1015

### JURY INSTRUCTION NO. 39

Mattel is entitled to obtain disgorgement of profits as an element of its damages for the wrongful acts of aiding and abetting breach of fiduciary duty and duty of loyalty that you have found.  Accordingly, if you find that MGA and/or Isaac Larian obtained profits or advantages because of these specific wrongful acts, those profits and advantages should be awarded to Mattel.

43

EXHIBIT  41
PAGE  1016

## JURY INSTRUCTION NO. 40

In Phase A of this trial, you found that Mattel had proved its claims for conversion of tangible property against MGA, Isaac Larian and MGA Hong Kong. You must now decide how much money will reasonably compensate Mattel for the harm. This compensation is called damages.

Mattel must prove the amount of its damages. However, Mattel does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Mattel:

(1)   The fair market value of the tangible Bratz works created by Carter Bryant while he was employed by Mattel; and

(2)   Prejudgment interest at the maximum rate, which is 7%, calculated from the date Mattel's property was converted;

(3)   Punitive damages.

Fair market value is measured as of the time the tangible item was converted. Fair market value is the highest price that a willing buyer would have paid to a willing seller assuming that there is no pressure on either one to buy or sell, and that the buyer and seller know all the uses and purposes for which the tangible items are reasonably capable of being used.

44

EXHIBIT 41
PAGE 1017

**JURY INSTRUCTION NO. 41**

1

2          If you find for the plaintiff, Mattel, on any of its copyright infringement claims

3   against the defendants, you must determine Mattel's damages.  Mattel is entitled to

4   recover any profits of the defendants attributable to the infringement.  Mattel must prove

5   damages by a preponderance of the evidence.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT  41
PAGE     1018

## JURY INSTRUCTION NO. 42

You may make an award of the defendants' profits only if you find that the plaintiff showed a causal relationship between the infringement and the defendants' gross revenue.

The defendants' profit is determined by deducting expenses from the defendants' gross revenue.

The defendants' gross revenue is all of the defendants' receipts from sale of a product containing or using the copyrighted work or associated with the infringement. Mattel has the burden of proving the defendants' gross revenue by a preponderance of the evidence.

Expenses are all operating costs and production costs incurred in producing the defendants' gross revenue. The defendants have the burden of proving the defendants' expenses by a preponderance of the evidence.

Indirect profits are the defendants' profits with a less direct connection or link to the infringement. A plaintiff such as Mattel may be entitled to indirect profits in addition to direct profits. To recover indirect profits, Mattel must establish a causal relationship between the infringement and the profits generated indirectly from such infringement.

In other words, Mattel must offer some evidence that the infringement at least partially caused the profits that the infringer generated as a result of the infringement.

Unless you find that a portion of the profit from the sale of a product containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The defendants have the

46

EXHIBIT  41
PAGE     109

1   burden of proving the portion of the profit, if any, attributable to factors other than

2   infringing the copyrighted work.

3     Defendants are not required to prove with precision the percentage of its profits

4   attributable to factors other than infringement, so long as the apportionment is reasonable

5   and just. However, in determining what portion of the defendants' profits are attributable

6   to copyright infringement, the benefit of the doubt should be given to Mattel and not

7   

8   defendants.

9     If the copyrighted portions are so intermingled with the rest of the infringing

10  work that they cannot well be distinguished from it, the entire profits realized by the

11  defendants are to be given to the plaintiff. At the same time, defendants do not need to

12  

13  demonstrate that the profits not attributable to infringement are completely free of

14  infringing material.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 41
PAGE 1020

### JURY INSTRUCTION NO. 43

Mattel also claims that defendants engaged in willful infringement of Mattel's copyrights. An infringement is considered willful when the plaintiff has proved both of the following elements by a preponderance of the evidence:

1.     The defendants engaged in acts that infringed the copyright; and

2.     The defendants knew that those acts infringed the copyright.

A defendant cannot deduct overhead expenses, operating expenses, or taxes from his/its gross revenue when the copyright infringement is willful.

48

EXHIBIT  41
PAGE     1021

**JURY INSTRUCTION NO. 44**

1
2       Mattel seeks damages under more than one legal claim or theory and as to three
3   defendants. In awarding damages as to any particular claim or defendant, you should not
4   consider or discount your award based on amounts, if any, that you award as to any other
5   claim or defendant. That is, you should award the full amount of damages you find
6   appropriate, if any, as to each separate claim against each defendant. The Court will
7   ensure, once your verdict has been reached, that the plaintiff does not obtain duplicative
8   damages.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 41
PAGE 1022

## JURY INSTRUCTION NO. 45

If you decide that Isaac Larian's, MGA's or MGA Hong Kong's conduct caused Mattel harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against Isaac Larian only if Mattel proves by clear and convincing evidence that Isaac Larian engaged in that conduct with malice, oppression, or fraud.

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

You may award punitive damages against MGA or MGA Hong Kong only if Mattel proves that MGA or MGA Hong Kong acted with malice, oppression, or fraud. To do this, Mattel must prove one of the following by clear and convincing evidence:

1.    That the malice, oppression, or fraud was conduct of one or more officers, directors, or managing agents of MGA or MGA Hong Kong, who acted on behalf of MGA or MGA Hong Kong; or

2.    That an officer, a director, or a managing agent of MGA or MGA Hong Kong had advance knowledge of the unfitness of another officer, director, or managing

50

EXHIBIT 46
PAGE 1023

1   agent of MGA or MGA Hong Kong and employed that person with a knowing disregard

2   of the rights or safety of others; or

3       3.   That the conduct constituting malice, oppression, or fraud was authorized by

4   one or more officers, directors, or managing agents of MGA or MGA Hong Kong; or

5

6       4.   That one or more officers, directors, or managing agents of MGA or MGA

7   Hong Kong knew of the conduct constituting malice, oppression, or fraud and adopted or

8   approved that conduct after it had occurred.

9       "Malice" means that a defendant acted with intent to cause injury or that a

10  defendant's conduct was despicable and was done with a willful and knowing disregard of

11

12  the rights or safety of another.  A defendant acts with knowing disregard when the

13  defendant is aware of the probable dangerous consequences of his or its conduct and

14  deliberately fails to avoid those consequences.

15      "Oppression" means that a defendant's conduct was despicable and subjected

16  Mattel to cruel and unjust hardship in knowing disregard of its rights.

17

18      "Despicable conduct" is conduct that is so vile, base, or contemptible that it

19  would be looked down on and despised by reasonable people.

20      "Fraud" means that a defendant intentionally misrepresented or concealed a

21  material fact and did so intending to harm Mattel.

22      An employee is a "managing agent" if he or she exercises substantial independent

23  authority and judgment in his or her corporate decision making such that his or her

24

25  decisions ultimately determine corporate policy.

26      There is no fixed formula for determining the amount of punitive damages, and

27  you are not required to award any punitive damages.  If you decide to award punitive

28

EXHIBIT   4/
PAGE   1024

1  damages, you should consider all of the following separately for each defendant in

2  determining the amount:

      a.    How reprehensible was that defendant's conduct?

      b.    Is there a reasonable relationship between the amount of punitive damages and Mattel's harm or between the amount of punitive damages and potential harm to Mattel that the defendant knew was likely to occur because of his or its conduct? Punitive damages may not be used to punish a defendant for the impact of its alleged misconduct on persons other than Mattel.

      c.    In view of that defendant's financial condition, what amount is necessary to punish him or it and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because a defendant has substantial financial resources. Any award you impose may not exceed that defendant's ability to pay.

EXHIBIT  41
PAGE  1025

## JURY INSTRUCTION NO. 46

You have heard testimony regarding the prospect of an injunction being issued in this case. It is for the Court to decide what, if any, injunctive relief to order.

53

EXHIBIT    4/
PAGE        1026

## JURY INSTRUCTION NO. 47

When you begin your deliberations, your foreperson will preside over the deliberations and will speak for you here in Court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

EXHIBIT   41
PAGE       1027

## JURY INSTRUCTION NO. 48

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

EXHIBIT    41
PAGE       1028

## JURY INSTRUCTION NO. 49

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

EXHIBIT 41
PAGE 1029

# EXHIBIT 42

1 | THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
Los Angeles, California 90071-3144
3 | Telephone: (213) 687-5000
Facsimile: (213) 687-5600
4 | E-mail: tnolan@skadden.com

5 | RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | 4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
7 | Telephone: (415) 984-6400
Facsimile: (415) 984-2698
8 | Email: rkennedy@skadden.com

9 |
Attorneys for Counter-Defendants,
10 | MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, and MGAE de MEXICO S.R.L. de C.V.

11 |

12 | **UNITED STATES DISTRICT COURT**

13 | **CENTRAL DISTRICT OF CALIFORNIA**

14 | **EASTERN DIVISION**

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | |
| MATTEL, INC., a Delaware corporation | **MGA'S SEVENTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727** |
| Defendant. | |
| | Honorable Stephen G. Larson Courtroom 1 |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

26 |
27 | EXHIBIT   42
28 | PAGE   1030

12-21

MGA'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS NO. CV 05-2727 SGL (RNBx)

1 | PROPOUNDING PARTY:    MGA ENTERTAINMENT, INC.

2 | RESPONDING PARTY:    MATTEL, INC.

3 | SET NUMBER:    SEVENTH

4 | NOs.:    572 - 574

EXHIBIT *42*

PAGE 1031

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff MGA Entertainment, Inc. ("MGA") requests that defendant Mattel, Inc. ("Mattel") produce all DOCUMENTS and tangible things described, in accordance with the Definitions and Instructions set forth below, at 9:00 a.m. on January 21, 2008, at the offices of Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Los Angeles, California 90071.

### DEFINITIONS

As used in these Requests:

1.    "DOCUMENT[S]" incorporates the full meaning of Federal Rule of Civil Procedure 34, and shall be construed in the broadest sense to mean any and all writings, tangible things and property, of any kind, that are now or that have been in YOUR actual or constructive possession, custody or control, including, but not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed, punched, copied, recorded, transcribed, graphic or photographic matter of any kind or nature, in, through, or from which information may be embodied, translated, conveyed or stored, whether an original, a draft or copy, however produced or reproduced, whether sent or received or neither, including, but not limited to, notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals, reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets, work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase orders, telephone records, telegrams, telexes, literature, invoices, contracts, purchase orders, estimates, recordings, transcriptions of recordings, records, books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs, video, audio and digital recordings, television commercials, story boards, website or other spot advertisements, movies, movie trailers, prototypes, products, diaries, calendars,

EXHIBIT      42
PAGE ____ 1032

1  charts, drawings, sketches, messages, photographs and data contained in or
2  accessible through any electronic data processing system, including, but not limited
3  to, computer databases, data sheets, data processing cards, computer files and tapes,
4  computer disks, CD-ROMs, computer metadata, microfilm, microfiche, electronic
5  mail, website and web pages and transcriptions thereof and all other
6  memorializations of any conversations, meetings and conference, by telephone or
7  otherwise.  The term DOCUMENT also means every copy of a DOCUMENT, where
8  such copy is not an identical duplicate of the original, whether because of deletions,
9  underlinings, showing of blind copies, initialing, signatures, receipt stamps,
10  comments, notations, differences in stationery or any other difference or
11  modification of any kind.

12      2.    "MATTEL," "YOU," or "YOUR" means and refers to the party Mattel,
13  Inc. and any of its past or present officers, directors, agents, employees,
14  representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates,
15  predecessors-in-interest, entities and persons acting in joint venture or partnership
16  relationships with YOU and any others acting on YOUR behalf, pursuant to YOUR
17  authority or subject to YOUR control.

18      3.    "OFFSITE STORAGE FACILITIES" means and refers to any storage
19  or warehouse facilities located outside of MATTEL's premises, including, but not
20  limited to, facilities maintained by third-party vendors that have been used by
21  MATTEL to store DOCUMENTS or tangible things.

22      4.    "REFERRING OR RELATING TO" should be construed in the
23  broadest possible sense to mean concerning, consisting of, referring to, relating to,
24  describing, discussing, constituting, evidencing, containing, reflecting, mentioning,
25  pertaining to, citing, summarizing, analyzing or bearing any logical or factual
26  connection with the matter discussed.

27

28

EXHIBIT  42
PAGE  1033

## **INSTRUCTIONS**

1.     YOU are instructed to produce all non-privileged DOCUMENTS in YOUR possession, custody or control.  A DOCUMENT is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity who has physical possession of the DOCUMENT.

2.     YOU are instructed to produce all non-privileged DOCUMENTS responsive to these REQUESTS to the extent YOU have not previously produced them to MGA.

3.     Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized, separated, or identified.

4.     Each DOCUMENT maintained or stored electronically in native, electronic format is to be produced with all relevant metadata intact and in an appropriate and useable electronic manner.

5.     If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work product doctrine, or other privilege, please set forth for each DOCUMENT or portion of a DOCUMENT withheld:

    (a)    The date the DOCUMENT was created;

    (b)    The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;

    (c)    A general description of the subject-matter of the DOCUMENT;

    (d)    The basis of any claim of privilege; and

    (e)    If work-product is asserted, the proceeding for which the DOCUMENT was created.

EXHIBIT _42_

PAGE _1034_

6.    These Requests impose a continuing obligation subsequent to your initial production to the full extent provided for in Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 572:**

DOCUMENTS sufficient to identify the names and locations of any OFFSITE STORAGE FACILITIES used by YOU since 1995.

**REQUEST NO. 573:**

Each log, record, index, file or other DOCUMENT identifying or listing MATTEL DOCUMENTS or tangible things stored at the OFFSITE STORAGE FACILITIES since 1995.

**REQUEST NO. 574**

Each log, record, index, file or other DOCUMENT identifying or listing MATTEL DOCUMENTS or tangible things that have been sent to or retrieved from the OFFSITE STORAGE FACILITIES since 1995, including when the DOCUMENTS were sent and/or retrieved.

DATED:      December 21, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

Lance A. Etcheverry
Attorneys for Counter-Defendants, MGA
ENTERTAINMENT, INC., ISAAC LARIAN,
MGA ENTERTAINMENT (HK) LIMITED,
and MGAE de MEXICO S.R.L. de C.V.

EXHIBIT 42
PAGE 1035

MGA'S SEVENTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS  NO. CV 05-2727 SGL (RNBx)

4

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On **December 21, 2007**, I served the foregoing document described as:

## MGA'S SEVENTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727

on the interested parties in this action addressed as follows:

## SEE ATTACHED SERVICE LIST

[X]   **(BY PERSONAL SERVICE)** ☐    By personally delivering copies to the person served. (FEDERAL) (As Noted.)

                     [X]    I caused such documents to be hand delivered to the office of the addressee. (FEDERAL) (As Noted.)

[X]   **(BY FEDERAL EXPRESS)** I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with Federal Express and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices. (As Noted.)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on **December 21, 2007** at Los Angeles, California.

     Cecilia Reyes                              
PRINT NAME                         SIGNATURE

EXHIBIT _42_

PAGE 1036

PROOF OF SERVICE                                   NO. CV 04-9049 SGL (RNBx)

1

## SERVICE LIST

2

3  John B. Quinn, Esq.
   Michael T. Zeller, Esq.
4  Jon D. Corey, Esq.
   Timothy L. Alger, Esq.
5  Quinn Emanuel Urquhart Oliver &
   Hedges, LLP
6  865 South Figueroa Street, 10th Floor
   Los Angeles, CA  90017-2543
7  (213)  443-3000
   (213)  443-3100 (Fax)
8
   Attorneys for Mattel, Inc.
9  [Personal Service]

   John W. Keker, Esq.
   Michael H. Page, Esq.
   Keker & Van Nest, LLP
   710 Sansome Street
   San Francisco, CA  94111
   (415)  391-5400
   (415)  397-7188 (Fax)

   Attorneys for Carter Bryant
   [Federal Express]

10

11 Mark E. Overland, Esq.
12 Alexander H. Cote, Esq.
   David C. Scheper, Esq.
13 Overland Borenstein Scheper & Kim
   300 South Grand Avenue, Suite 2750
14 Los Angeles, CA  90071
   (213)  613-4655
15 (213)  613-4656 (Fax)

16 Attorneys for Carlos Gustavo Machado
   Gomez
17 [Federal Express]

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 42
PAGE 1037

2

PROOF OF SERVICE                                    NO. CV 04-9049 SGL (RNBx)

# EXHIBIT 43

MAR-29-2007  17:32        OMELVENY and MYERS LLP                                    P.01

# O

## O'MELVENY & MYERS LLP

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE  (213) 430-6000
FACSIMILE  (213) 430-6407

## FAX TRANSMITTAL

**DATE & TIME:**
Thursday, 03/29/07, 5:14 PM

**TOTAL NUMBER OF PAGES:**
4

**TO:**
Michael Zeller - Quinn Emanuel
Urquhart Oliver & Hedges, LLP

**FAX NUMBER:**
(213) 443-3100

**TELEPHONE NUMBER:**
(213) 443-3000

**FROM:**
David I. Hurwitz

**RETURN FAX NUMBER:**
(213) 430-6407

**TELEPHONE NUMBER:**
(213) 430-6284

## MESSAGE

**IF YOU DID NOT RECEIVE ALL PAGES, PLEASE CALL** Cecelia Rolland **AT** (213) 430-6558, **OR OUR FAX DEPARTMENT AT** (213) 430-6357.

| | | | | |
|---|---|---|---|---|
| **FILE NO.:** | 527,436-004 | **RETURN ORIGINAL TO:** | C. Rolland | EXHIBIT ___43 |
| **USER NO.:** | 09364 | **EXTENSION:** | 6559 | |
| **RESPONSIBLE ATTY NAME:** | David I. Hurwitz | **LOCATION:** | 14S-27 | PAGE ___1038 |
| **SPECIAL INSTRUCTIONS:** | | | | |

**This document is intended for the exclusive use of the addressee. It may contain privileged, confidential, or non-disclosable information. If you are not the addressee, or someone responsible for delivering this document to the addressee, you may not read, copy, or distribute it. If you have received this document by mistake, please call us promptly and securely dispose of it. Thank you.**

MAR-29-2007 17:32     O'MELVENY and MYERS LLP     P.02



# O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
NEWPORT BEACH

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407
www.omm.com

NEW YORK
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TOKYO
WASHINGTON, D.C.

March 29, 2007

OUR FILE NUMBER
527,436-04

**VIA FACSIMILE**

WRITER'S DIRECT DIAL
(213) 430-6284

Michael Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street - 10th Floor
Los Angeles, California 90017-2543

WRITER'S E-MAIL ADDRESS
dhurwitz@omm.com

       Re:    *MGA Entertainment, Inc. v. Mattel, Inc.*

Dear Mr. Zeller:

      We write regarding the meet and confer of March 27, 2007, concerning Mattel, Inc.'s ("Mattel") Responses to MGA Entertainment, Inc.'s ("MGA") First Set of Requests for Production of Documents and Things, dated March 2, 2005, and Mattel's supplemental responses as to 48 of MGA's First Set of Requests for Production, dated January 5, 2007.

      Mattel objected at the meet and confer, for the *first time*, to some of MGA's requests on the grounds that they are duplicative of requests propounded by MGA on November 22, 2006. Mattel therefore demanded that MGA review the requests, as well as the 130 requests that Mattel originally objected to as duplicative, essentially demanding that MGA do the work of clarifying Mattel's objections. That is Mattel's burden, not MGA's. "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *see also Alexander v. FBI*, 194 F.R.D. 299, 302 (D.D.C. 2000) (defendant failed to meet its burden of substantiating its objection that requests were duplicative because it had not specifically referred the plaintiff to previously-produced items).

      Nevertheless, as a show of good faith, MGA agreed to review these requests, as well as the 130 requests that Mattel originally objected to as duplicative, and inform Mattel which ones are not duplicative of other requests propounded by MGA or Bryant. As outlined below, the overwhelming majority of the requests are not duplicative or subsumed within any other requests propounded by Bryant or MGA, particularly Carter Bryant's Request for Identification and Production of Documents, dated June 14, 2004 ("Bryant's Requests"), and MGA Entertainment, Inc.'s First Set of Requests for the Production of Documents to Mattel, dated November 22, 2006 ("MGA's 11/22/06 Requests"). MGA has even gone to the trouble of outlining in this letter *why* the below requests are not duplicative, where appropriate.

EXHIBIT   43

PAGE    1039

MAR-29-2007  17:32        O'MELVENY and MYERS LLP                                      P.03

O'MELVENY & MYERS LLP
Michael Zeller, March 29, 2007 - Page 2


        MGA recognizes that Mattel has produced some documents that are in fact responsive to
several of the requests identified below, but that is not the relevant issue.  Rather, the issue is that
Mattel has either failed to withdraw its written *objections* that they are duplicative, or has
recently asserted such an *objection* orally at the meet and confer, and is likely withholding
numerous responsive documents on those grounds.

        Accordingly, MGA confirms that the following requests, which Mattel objected to as
duplicative either in its written objections or in person at the meet and confer, are *not* duplicative
of or subsumed within any other requests:

- Requests Nos. 1, 44-46, 98, 100-107, 110, 172, 175, 179-180, 182-183, 187-188,
  211-218, 224-227, 230-233, 254-256, 258, 260-263, 271-276, 279, 282, 284, 296,
  302-303, 306-307, and 329-330 seek specific categories of documents that have
  never been previously or subsequently requested.  These requests are not
  sufficiently similar to any other requests as to necessitate any explanation why
  Mattel's objection is improper.

- Requests Nos. 3-16 seek documents relating to "Bratz" products, many of which
  are not responsive to any other requests propounded by MGA.  While these
  requests are all arguably subsumed within Bryant's Request No. 30, Mattel
  refused[1] to produce documents responsive to that request in its Responses and
  Objections and Responses to Defendant's First Set of Requests for Identification
  and Production of Documents and Tangible Things, dated July 16, 2004.

- Requests Nos. 35-43 are not duplicative of MGA's 11/22/06 Requests Nos. 48-55,
  which only seek communications and not other types of documents.

- Requests Nos. 49-70 are not duplicative of any of MGA's 11/22/06 Requests,
  none of which seek information relating to any Mattel "desire, plan, idea,
  decision, goal, or objective" relating to the subject matter of each request.

- Requests Nos. 72-79 and 165-166 seek additional categories of documents not
  requested in Bryant's Requests Nos. 4-5 and MGA's 11/22/06 Request No. 106.

- Request No. 181 is not subsumed within Bryant's Request No. 20, as it seeks all
  documents "referring to" Bryant's work at Mattel, in addition to the work product.

- Requests Nos. 184, 259, and 269, while similar to various other requests relating
  to specific lines of Mattel products, are not subsumed within any other request.

- Request No. 186 is not subsumed within Bryant's Requests Nos. 19 and 31

---

[1] Mattel objected on the grounds that this was a compound request that could encompass numerous matters.  As we
explained at the meet and confer, MGA split this request into several requests in order to address Mattel's objection.
Accordingly, the numerosity of Mattel's requests is a necessary consequence of Mattel's objections.

EXHIBIT   43
PAGE   1040

O'MELVENY & MYERS LLP
Michael Zeller, March 29, 2007 - Page 3

because, in addition to documents relating to Bryant's work on the creation of "Bratz," it also seeks documents relating conception, design, and development.

- Request No. 199 is not subsumed within Bryant's Requests Nos. 13-14 because it seeks all communications, not just electronic mail.

- Requests Nos. 191-192, 220-223, and 252-253 seek documents related to the type of information sought by Bryant's Request No. 33, but are not entirely subsumed within that request.

- Requests Nos. 264-267 are not duplicative of Bryant's Request No. 8 because they seek documents relating to employee policies regardless of whether Mattel contends that the policies are applicable to Bryant.

- Request No. 268 is not duplicative of Bryant's Request No. 18 because it also seeks back-up data.

Each of the above-mentioned requests seek relevant documents that are not responsive to any other request. Mattel cannot simply avoid withdrawing its improper objection on the grounds that it may have produced some responsive documents. MGA is entitled to know what documents Mattel is willing to produce, and Mattel has had over two years to withdraw these improper objections. Mattel could have withdrawn all of its improper objections when it filed supplemental responses to 48 of the requests on January 5, 2007, but chose not to do so. Further, Mattel was advised of the impropriety of these objections by MGA in *two* letters, dated March 1, 2007 and March 20, 2007, and was not prepared to withdraw them when the parties met and conferred regarding the issues raised in those two letters on March 7, 2007 and March 27, 2007. MGA has even gone to the trouble of outlining in this letter *why* the above requests are not duplicative, notwithstanding the fact that it is Mattel's burden to do so. Accordingly, MGA has fulfilled its obligations under the Discovery Master Stipulation, and will have no choice but to move to compel unless Mattel promptly responds agreeing to withdraw its improper objections to all of the requests mentioned above.

Sincerely,

David Hurwitz
for O'MELVENY & MYERS LLP

cc:     Michael Keats
        Jennifer Glad

EXHIBIT   43
PAGE      1041

# EXHIBIT 44

# EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER