# EXHIBIT 49

# EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 50

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 23, 2007

**VIA MESSENGER**

James P. Jenal, Esq.                    Douglas A. Wickham, Esq.
O'Melveny & Myers, LLP                  Littler Mendelson, P.C.
400 South Hope Street                   2049 Century Park East, Fifth Floor
Los Angeles, California  90071          Los Angeles, CA  90067

MGA Entertainment, Inc. v. Mattel, Inc.

Dear Counsel:

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, MGA's requests for the production of documents, and Discovery Master Infante's Order of January 30, 2007, I enclose with this letter the following items:

1.      Documents with Bates numbers M 0059001 through M 0062161, and M 0073810 through M 0076446.  (Documents with Bates numbers M 0062162 through M 0073809, which are unrelated to Judge Infante's Order, will be delivered to you next week.)

2.      A supplemental privilege log.

If you have any questions regarding the foregoing, please do not hesitate to call.

Sincerely,

Timothy L. Alger

Enclosures

EXHIBIT _50_

PAGE _1468_

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

07975/2064761.1

# EXHIBIT 51

62

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    Michael T. Zeller (Bar No. 196417)
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
4  Facsimile: (213) 443-3100

5  Attorneys for Plaintiff
   Mattel, Inc.

6

7

8                    UNITED STATES DISTRICT COURT

9           FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware          )   Case No. CV 04-3431 NM (RNBx)
    corporation,                      )
12                                    )
                   Plaintiff,         )   PLAINTIFF MATTEL, INC.'S
13                                    )   OBJECTIONS AND RESPONSES
          v.                          )   TO DEFENDANT'S FIRST SET OF
14                                    )   REQUESTS FOR
    CARTER BRYANT, an individual; and )   IDENTIFICATION AND
15  DOES 1 through 10, inclusive,     )   PRODUCTION OF DOCUMENTS
                                      )   AND TANGIBLE THINGS
16                 Defendants.        )
                                      )
17

18

19

20

21

22

23

24

25

26

27                                         EXHIBIT  51

28                                         PAGE  1469

07209/595128.1

## Preliminary Statement

Mattel has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has yet to receive discovery from defendant or any third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts or documents discovered or generated pursuant to subsequent investigation or discovery. Mattel's partial response to any of the First Set of Requests for Production of Documents and Tangible Things (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other request.

## General Objections

Mattel generally objects to each of the Requests on each and every one of the following grounds, which are incorporated into and made a part of Mattel's response to each and every individual request:

1. Mattel objects to the Requests on the grounds that they seek to impose obligations upon Mattel beyond those required by the Federal Rules of Civil Procedure.

2. Mattel objects to the Requests on the grounds that they call for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges, including the privilege against disclosure of the identities and work product of consulting experts. Such documents will not be produced.

3. Mattel objects to the Requests on the grounds that they call for production or disclosure of confidential, proprietary and/or private information.

EXHIBIT _5/_

PAGE ___1470___

-2-

RESPONSE TO DOCUMENT REQUESTS

1   Such information and documents will not be disclosed or produced except
2   pursuant to and in reliance upon a suitable protective order.  Mattel provided
3   defendant with a draft protective order on June 17, 2004 and is currently working
4   with defendant to finalize a protective order.
5           4.     Mattel objects to the Requests on the grounds that they are
6   unduly burdensome and vague and ambiguous in that they purport to require
7   Mattel to identify and produce documents relating to matters that are currently
8   known to and in the possession, custody and control of defendant and nonparties,
9   including nonparties associated with defendant, and that are not known to Mattel.
10          5.     Mattel objects to the Requests on the grounds that they seek the
11  production of documents or information that are in the possession, custody and
12  control of independent parties over whom Mattel has no control, including without
13  limitation to defendant and MGA Entertainment Inc. ("MGA"), and seek the
14  disclosure of information or documents that are in the possession, custody and
15  control of defendant or are publicly available and hence equally available to all
16  parties to this litigation.
17          6.     Mattel objects to the Requests on the grounds that they call for
18  information that is not relevant to the subject matter of the pending action, nor
19  reasonably calculated to lead to the discovery of admissible evidence.
20          7.     Mattel objects to the Requests on the grounds that they are
21  unduly burdensome and oppressive, including without limitation in seeking "all"
22  documents that evidence, refer or relate to a given topic.  Mattel will make
23  available for inspection and copying those documents and tangible items that it is
24  able to locate after a reasonable, good-faith search for and review of non-
25  privileged files that are reasonably likely to contain responsive documents and
26  tangible things.
27          8.     Mattel objects to the Requests on the grounds that they seek
28  documents whose production would violate the terms of agreements entered into

1 | with third parties, or violate the privacy, contractual, or other rights of third
2 | parties.

3 |       9.    Mattel objects to the Requests on the grounds that the
4 | definition of "Mattel" is overbroad, vague and ambiguous and unduly burdensome.

5 |       10.    Mattel objects to the time, place and manner of production
6 | specified in defendant's Requests.  Mattel will produce documents and tangible
7 | things in accordance with its responses at a time and place and in a manner that is
8 | reasonable, convenient and mutually agreed upon by the parties.

9 |

10 | ### RESPONSES TO REQUESTS FOR PRODUCTION

11 |       Each of the following objections and responses to the Requests is
12 | expressly made subject to the above Preliminary Statement and General
13 | Objections, all of which are incorporated in each of the following objections and
14 | responses to specific requests.  A statement by Mattel that it will produce
15 | documents or tangible things in response to a Request is not intended to suggest,
16 | nor should it be construed to mean, that any such documents or tangible things
17 | exist, or that they are in Mattel's possession, custody or control.

18 |

19 | REQUEST NO. 1.:

20 |       All DOCUMENTS that EVIDENCE, RELATE OR REFER to YOUR
21 | contention, if YOU so contend, that Bryant performed services or did any work of
22 | any kind for a third party or for himself while employed by MATTEL, at any time
23 | referenced in Paragraph 9 of the Complaint.

24 |

25 | RESPONSE TO REQUEST NO. 1:

26 |       In addition to the general objections stated above, Mattel objects to
27 | this Request on the grounds that it calls for the disclosure of information subject to
28 | the attorney-client privilege, the attorney work-product doctrine and other

EXHIBIT 5 /

PAGE 1472

-4-

RESPONSE TO DOCUMENT REQUESTS

1  applicable privileges. Mattel further objects to this Request on the ground that it
2  calls for the disclosure of confidential and/or proprietary information, which
3  Mattel will disclose only subject to and in reliance upon a suitable protective
4  order.

5        Subject to and without waiving the foregoing general and specific
6  objections, Mattel will produce non-privileged documents, if any, in its
7  possession, custody or control that are responsive to this Request.

8

9  REQUEST NO. 2.:

10        All DOCUMENTS that support YOUR contention, if YOU so
11  contend, that Bryant for his own gain, or the gain of any third party, at any time
12  converted, used, sold, assigned or transferred any work product of his creation
13  which YOU believe was owned by MATTEL.

14

15  RESPONSE TO REQUEST NO. 2:

16        In addition to the general objections stated above, Mattel objects to
17  this Request on the grounds that it calls for the disclosure of information subject to
18  the attorney-client privilege, the attorney work-product doctrine and other
19  applicable privileges. Mattel further objects to this Request on the grounds that it
20  is unreasonably burdensome and premature in that the facts necessary to determine
21  whether defendant converted, used, sold, assigned or transferred Mattel work
22  product for his own gain or the gain of any third party are known by defendant as
23  well as MGA and other third parties, but are not known by Mattel at this juncture.

24        Subject to and without waiving the foregoing general and specific
25  objections, Mattel states that it currently has outstanding discovery requests to
26  defendant and to MGA, and will supplement this response as appropriate after
27  Mattel receives more information about defendant's activities.

28  EXHIBIT _5/_

PAGE 1473                    -5-

RESPONSE TO DOCUMENT REQUESTS

1  REQUEST NO. 3.:

2          All DOCUMENTS that support YOUR contention, if YOU so

3  contend, that Bryant for his own gain, or the gain of any third party, at any time

4  converted, used, sold, assigned or transferred any MATTEL work product owned

5  at any time by MATTEL or created by any MATTEL employee other than Bryant

6  or by any independent contractor during the time that such PERSON was working

7  for MATTEL.

8

9  RESPONSE TO REQUEST NO. 3:

10          In addition to the general objections stated above, Mattel objects to

11  this Request on the grounds that it calls for the disclosure of information subject to

12  the attorney-client privilege, the attorney work-product doctrine and other

13  applicable privileges.  Mattel further objects to this Request on the grounds that it

14  is unreasonably burdensome and premature in that the facts necessary to determine

15  whether defendant converted, used, sold, assigned or transferred Mattel work

16  product for his own gain or the gain of any third party are known by defendant as

17  well as MGA and other third parties, but are not known by Mattel at this juncture.

18          Subject to and without waiving the foregoing general and specific

19  objections, Mattel states that it currently has outstanding discovery requests to

20  defendant and to MGA, and will supplement this response as appropriate after

21  Mattel receives more information about defendant's activities.

22

23  REQUEST NO. 4.:

24          All DOCUMENTS that support YOUR contention, if YOU so

25  contend, that any product sold by MGA Entertainment, Inc. ("MGA") under the

26  trade name "Bratz" originated from, is derived from, is based on, copies,

27  incorporates, or is substantially or confusingly similar to any design or work

28  product created or worked on by Bryant while employed by MATTEL.

EXHIBIT  51

-6-

RESPONSE TO DOCUMENT REQUESTS

1  RESPONSE TO REQUEST NO. 4:

2         In addition to the general objections stated above, Mattel objects to

3  this Request on the grounds that it calls for the disclosure of information subject to

4  the attorney-client privilege, the attorney work-product doctrine and other

5  applicable privileges.  Mattel further objects to this Request on the grounds that it

6  is unreasonably burdensome and premature in that the facts necessary to determine

7  whether any Bratz product originated from, is derived from, is based on, copies,

8  incorporates or is substantially or confusingly similar to any design or work

9  product created or worked on by defendant while employed by Mattel are known

10  by defendant as well as MGA and other third parties, but are not known by Mattel

11  at this juncture.

12         Subject to and without waiving the foregoing general and specific

13  objections, Mattel states that it currently has outstanding discovery requests to

14  defendant and to MGA, and will supplement this response as appropriate after

15  Mattel receives more information about defendant's activities.

16

17  REQUEST NO. 5.:

18         All DOCUMENTS that support YOUR contention, if YOU so

19  contend, that any product sold at any time by MGA under the trade name "Bratz"

20  originated from, is derived from, is based on, copies, incorporates or is

21  substantially or confusingly similar to any design or work product owned at any

22  time by MATTEL or created by any MATTEL employee other than Bryant or by

23  any independent contractor during the time that such PERSON was working for

24  MATTEL.

25

26  RESPONSE TO REQUEST NO. 5:

27         In addition to the general objections stated above, Mattel objects to

28  this Request on the grounds that it calls for the disclosure of information subject to

EXHIBIT _5/_

1  the attorney-client privilege, the attorney work-product doctrine and other
2  applicable privileges. Mattel further objects to this Request on the grounds that it
3  is unreasonably burdensome and premature in that the facts necessary to determine
4  whether any Bratz product originated from, is derived from, is based on, copies,
5  incorporates, or is substantially or confusingly similar to any design or work
6  product owned by Mattel which is relevant to this action are known by defendant
7  as well as MGA and other third parties, but are not known by Mattel at this
8  juncture.

9          Subject to and without waiving the foregoing general and specific
10 objections, Mattel states that it currently has outstanding discovery requests to
11 defendant and to MGA, and will supplement this response as appropriate after
12 Mattel receives more information about defendant's activities.

13

14 REQUEST NO. 6.:

15          All DOCUMENTS that EVIDENCE, RELATE OR REFER to YOUR
16 contention, if YOU so contend, that any art work or other work product (including,
17 without limitation, drawings, sketches, models, paintings, etc.) was created or
18 worked on by Bryant for a third party and not MATTEL while Bryant was
19 employed by MATTEL.

20

21 RESPONSE TO REQUEST NO. 6:

22          In addition to the general objections stated above, Mattel objects to
23 this Request on the grounds that it calls for the disclosure of information subject to
24 the attorney-client privilege, the attorney work-product doctrine and other
25 applicable privileges. Mattel further objects to this Request on the grounds that it
26 is unreasonably burdensome and premature in that the facts necessary to determine
27 whether defendant created artwork or work product for a third party while

28

EXHIBIT _5/_

PAGE ___1476___          -8-

RESPONSE TO DOCUMENT REQUESTS

1  defendant was employed by Mattel are known by defendant as well as MGA and

2  other third parties, but are not known by Mattel at this juncture.

3          Subject to and without waiving the foregoing general and specific

4  objections, Mattel states that it currently has outstanding discovery requests to

5  defendant and to MGA, and will supplement this response as appropriate after

6  Mattel receives more information about defendant's activities.

7

8  REQUEST NO. 7:

9          All DOCUMENTS that EVIDENCE, RELATE OR REFER to any

10 employment agreement(s) between Bryant and MATTEL, at any time referenced

11 in Paragraph 9 of the Complaint.

12

13 RESPONSE TO REQUEST NO. 7:

14         In addition to the general objections stated above, Mattel objects to

15 this Request on the grounds that it calls for the disclosure of information subject to

16 the attorney-client privilege, the attorney work-product doctrine and other

17 applicable privileges.

18         Subject to and without waiving the foregoing general and specific

19 objections, Mattel will produce defendant's employee agreements with Mattel.

20

21 REQUEST NO. 8.:

22         All DOCUMENTS that EVIDENCE, RELATE OR REFER to any

23 MATTEL employee policies that MATTEL contends were applicable to Bryant

24 during his employment with MATTEL, at any time referenced in Paragraph 9 of

25 the Complaint.

26

27

28

EXHIBIT _3/_

PAGE __1477__

07209/595128.1

-9-

RESPONSE TO DOCUMENT REQUESTS

1  RESPONSE TO REQUEST NO. 8:

2          In addition to the general objections stated above, Mattel objects to

3  this Request on the grounds that it calls for the disclosure of information subject to

4  the attorney-client privilege, the attorney work-product doctrine and other

5  applicable privileges.  Mattel further objects to this Request on the ground that it

6  is overbroad and seeks information that is neither relevant to this action nor likely

7  to lead to admissible evidence in that it seeks all documents, covering a period of

8  several years, which relate to Mattel employee policies, including such policies

9  that are not at issue in this action.

10          Subject to and without waiving the foregoing general and specific

11  objections, to the extent that Mattel will rely on employee policies to support its

12  claims against defendant, Mattel will produce non-privileged documents in its

13  possession, custody or control sufficient to identify those policies.

14

15  REQUEST NO. 9:

16          All DOCUMENTS that EVIDENCE, RELATE OR REFER to any

17  employment agreement(s) MATTEL contends governed Bryant's conduct

18  subsequent to his first separation from MATTEL, in 1998.

19

20  RESPONSE TO REQUEST NO. 9:

21          In addition to the general objections stated above, Mattel objects to

22  this Request on the grounds that it calls for the disclosure of information subject to

23  the attorney-client privilege, the attorney work-product doctrine and other

24  applicable privileges.  Mattel further objects to this Request as vague and

25  ambiguous.

26          Subject to and without waiving the foregoing general and specific

27  objections, Mattel will produce defendant's employee agreements with Mattel.

28

EXHIBIT _5 /_

RESPONSE TO DOCUMENT REQUESTS

1 | REQUEST NO. 10:

2 |         All DOCUMENTS that EVIDENCE, RELATE OR REFER to any

3 | employment or services agreement(s) in YOUR possession, custody or control to

4 | which Bryant is a party, at any time.

5 |

6 | RESPONSE TO REQUEST NO. 10:

7 |         In addition to the general objections stated above, Mattel objects to

8 | this Request on the grounds that it calls for the disclosure of information subject to

9 | the attorney-client privilege, the attorney work-product doctrine and other

10 | applicable privileges.

11 |         Subject to and without waiving the foregoing general and specific

12 | objections, Mattel will produce such employment and service contracts to which

13 | defendant is a party that are in its possession, custody or control.

14 |

15 | REQUEST NO. 11:

16 |         All DOCUMENTS that EVIDENCE, RELATE OR REFER to any

17 | employment agreement(s) MATTEL contends governed Bryant's conduct

18 | subsequent to his second separation from MATTEL in 2000.

19 |

20 | RESPONSE TO REQUEST NO. 11:

21 |         In addition to the general objections stated above, Mattel objects to

22 | this Request on the grounds that it calls for the disclosure of information subject to

23 | the attorney-client privilege, the attorney work-product doctrine and other

24 | applicable privileges.  Mattel further objects to this Request as vague and

25 | ambiguous.

26 |         Subject to and without waiving the foregoing general and specific

27 | objections, Mattel will produce defendant's employee agreements with Mattel.

28 |

EXHIBIT 5/

07209/595128.1

-11-

PAGE ___ 1479

RESPONSE TO DOCUMENT REQUESTS

1  REQUEST NO. 12:

2          All DOCUMENTS that explain the meaning of any form contract(s)

3  or agreement(s) that MATTEL contends were entered into by Bryant in connection

4  with his employment with MATTEL.

5

6  RESPONSE TO REQUEST NO. 12:

7          In addition to the general objections stated above, Mattel objects to

8  this Request on the grounds that it calls for the disclosure of information subject to

9  the attorney-client privilege, the attorney work-product doctrine and other

10  applicable privileges.  Mattel further objects to this Request on the grounds that it

11  is overbroad and seeks information that is neither relevant to this action nor likely

12  to lead to admissible evidence in that it calls for all documents on this topic,

13  covering a period of several years, including documents relating to contract

14  provisions or terms that are not at issue in this action.  Mattel further objects to

15  this request as vague and ambiguous with respect to the phrase "form contract(s)

16  or agreement(s)."

17

18  REQUEST NO. 13:

19          All electronic mail messages sent to Bryant from any MATTEL

20  employee, from 1998 through the present.

21

22  RESPONSE TO REQUEST NO. 13:

23          In addition to the general objections stated above, Mattel objects to

24  this Request as overbroad and unduly burdensome on the grounds that it seeks all

25  emails to defendant from any Mattel employee for the last six years, without

26  limitation as to subject matter and regardless of whether the e-mails concern

27  matters at issue in this case, and purports to require Mattel to identify, investigate

28  and search for copies of emails that may be in the possession of its numerous

EXHIBIT 31

PAGE 1430

07209/595128.1

-12-

RESPONSE TO DOCUMENT REQUESTS

1  employees around the world.  For the same reasons, Mattel further objects to this

2  Request on the grounds that it seeks information that is not relevant to this action,

3  nor likely to lead to admissible evidence.  Mattel further objects to this Request on

4  the grounds that this information is available to defendant, as defendant

5  necessarily possesses superior firsthand knowledge of the e-mails he received

6  from Mattel employees.

7         Subject to and without waiving the foregoing general and specific

8  objections, Mattel will produce non-privileged e-mail messages, if any, in its

9  possession, custody and control that refer or relate to issues in this case and were

10  sent to defendant by a Mattel employee.

11

12  REQUEST NO. 14:

13         All electronic mail messages sent by Bryant to any MATTEL

14  employee, from 1998 through the present.

15

16  RESPONSE TO REQUEST NO. 14:

17         In addition to the general objections stated above, Mattel objects to

18  this Request as overbroad and unduly burdensome on the grounds that it seeks all

19  emails sent by defendant to any Mattel employee for the last six years, without

20  limitation as to subject matter and regardless of whether the e-mails concern

21  matters at issue in this case, and purports to require Mattel to identify, investigate

22  and search for copies of emails that may be in the possession of its numerous

23  employees around the world.  For the same reasons, Mattel further objects to this

24  Request on the grounds that it seeks information that is not relevant to this action,

25  nor likely to lead to admissible evidence.  Mattel further objects to this Request on

26  the grounds that this information is available to defendant, as defendant

27  necessarily possesses superior firsthand knowledge of the e-mails he sent to Mattel

28  employees.

EXHIBIT _5 /_

PAGE ___ 1481

RESPONSE TO DOCUMENT REQUESTS

1   Subject to and without waiving the foregoing general and specific
2   objections, Mattel will produce non-privileged e-mail messages, if any, in its
3   possession, custody and control that refer or relate to issues in this case and were
4   sent by defendant to a Mattel employee.

5

6   REQUEST NO. 15:

7   All electronic mail messages sent to Bryant from any MATTEL
8   contractor, from 1998 to the present.

9

10   RESPONSE TO REQUEST NO. 15:

11   In addition to the general objections stated above, Mattel objects to
12   this Request as overbroad and unduly burdensome on the grounds that it seeks all
13   emails to defendant from any Mattel independent contractor for the last six years,
14   without limitation as to subject matter and regardless of whether the e-mails
15   concern matters at issue in this case, and purports to require Mattel to identify,
16   investigate and search for copies of emails that may be in the possession of its
17   numerous independent contractors around the world.  For the same reasons, Mattel
18   further objects to this Request on the grounds that it seeks information that is not
19   relevant to this action, nor likely to lead to admissible evidence.  Mattel further
20   objects to this Request on the grounds that it purports to seek documents that are
21   not in Mattel's possession, custody or control.  Mattel further objects to this
22   Request on the grounds that this information is available to defendant, as
23   defendant necessarily possesses superior firsthand knowledge of the e-mails he
24   received from such persons.

25   Subject to and without waiving the foregoing general and specific
26   objections, Mattel will produce non-privileged e-mail messages, if any, in its

27

28

EXHIBIT _5/_

PAGE _1482_

07209/595128.1

-14-

RESPONSE TO DOCUMENT REQUESTS

1 possession, custody and control that refer or relate to issues in this case and were

2 sent by a Mattel independent contractor, acting in such capacity, to defendant.

3

4 REQUEST NO. 16:

5       All electronic mail messages sent by Bryant to any MATTEL

6 contractor, from 1998 to the present.

7

8 RESPONSE TO REQUEST NO. 16:

9       In addition to the general objections stated above, Mattel objects to

10 this Request as overbroad and unduly burdensome on the grounds that it seeks <u>all</u>

11 emails from defendant to <u>any</u> Mattel independent contractor for the last six years,

12 without limitation as to subject matter and regardless of whether the e-mails

13 concern matters at issue in this case, and purports to require Mattel to identify,

14 investigate and search for copies of emails that may be in the possession of its

15 numerous independent contractors around the world. For the same reasons, Mattel

16 further objects to this Request on the grounds that it seeks information that is not

17 relevant to this action, nor likely to lead to admissible evidence. Mattel further

18 objects to this Request on the grounds that it purports to seek documents that are

19 not in Mattel's possession, custody or control. Mattel further objects to this

20 Request on the grounds that this information is available to defendant, as

21 defendant necessarily possesses superior firsthand knowledge of the e-mails he

22 sent to Mattel independent contractors.

23       Subject to and without waiving the foregoing general and specific

24 objections, Mattel will produce non-privileged e-mail messages, if any, in its

25

26

27

28

EXHIBIT __51__

PAGE ____1483

RESPONSE TO DOCUMENT REQUESTS

possession, custody and control that refer or relate to issues in this case and were sent to a Mattel independent contractor, acting in such capacity, by defendant.

REQUEST NO. 17:

All electronic mail messages to or from any MATTEL employee that relate or refer to Bryant, from 1998 to the present.

RESPONSE TO REQUEST NO. 17:

In addition to the general objections stated above, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request as overbroad and unduly burdensome on the grounds that it seeks all e-mails to or from any Mattel employee that relate or refer to Bryant for the last six years, without limitation as to subject matter and regardless of whether the e-mails concern matters at issue in this case, and purports to require Mattel to identify, investigate and search for copies of emails that may be in the possession of its numerous employees around the world. For the same reasons, Mattel further objects to this Request on the grounds that it seeks information that is not relevant to this action, nor likely to lead to admissible evidence.

REQUEST NO. 18:

All hard drives for all computers used by Bryant while employed by MATTEL.

RESPONSE TO REQUEST NO. 18:

In addition to the general objections stated above, Mattel objects to this Request as overbroad and unduly burdensome on the grounds that it seeks all

1  hard drives for all computers that defendant ever "used" while employed by Mattel

2  and purports to require Mattel to identify and locate every computer that defendant

3  "used" over a several year period, even though such knowledge is uniquely known

4  to defendant, and then examine the entirety of its hard drive's contents.  Mattel

5  further objects to this Request as overbroad because it seeks the production of

6  such hard drives whether or not they contain any information pertaining to any

7  issue in this action and because such Mattel hard drives, if any, likely contain

8  substantial amounts of information and data, including trade secret information

9  developed after defendant's departure from Mattel, that is neither relevant nor

10  likely to lead to the discovery of admissible evidence.

11          Subject to and without waiving the foregoing general and specific

12  objections, Mattel will produce hard drives, if any, that it can locate after a

13  reasonable, good faith search and that are from computers currently known to

14  Mattel to have been used by defendant, in the event that such hard drives contain

15  information pertaining to issues in this case, and subject to mutually agreed

16  restrictions between the parties concerning any other, non-relevant information

17  and data on such hard drive.

18

19  REQUEST NO. 19:

20          All MATTEL DOCUMENTS that EVIDENCE, RELATE OR

21  REFER to the creation by Bryant of the underlying artwork or elements thereof of

22  dolls sold under the trade name "Bratz."

23

24  RESPONSE TO REQUEST NO. 19:

25          In addition to the general objections stated above, Mattel objects to

26  this Request on the grounds that it calls for the disclosure of information subject to

27  the attorney-client privilege, the attorney work-product doctrine and other

28  applicable privileges.  Mattel further objects to this Request on the ground that it

1  purports to require Mattel to identify documents relating to matters that are
2  currently known to and in the possession, custody and control of defendant and
3  nonparties, including nonparties associated with defendant, and are not known to
4  Mattel at this juncture.

5        Subject to and without waiving the foregoing general and specific
6  objections, Mattel will produce non-privileged documents, if any, in its
7  possession, custody or control that are known by Mattel to be responsive to this
8  Request.

9

10  REQUEST NO. 20:

11       All artwork or other work product (including, without limitation,
12  drawings, sketches, models, paintings, etc.) created or worked on by Bryant while
13  employed by MATTEL in MATTEL's possession, custody or control.

14

15  RESPONSE TO REQUEST NO. 20:

16       In addition to the general objections stated above, Mattel objects to
17  this Request in that it purports to require Mattel to identify information relating to
18  matters that are currently known to and in the possession, custody and control of
19  defendant.  Mattel further objects to this Request as overbroad and unduly
20  burdensome in that it purports to require Mattel to identify and search for all
21  artwork or other work product that defendant produced or worked on during his
22  several years of employment by Mattel, regardless of whether such work product
23  is at issue in this case.  For the same reasons, Mattel further objects to this Request
24  on the grounds that it seeks information that is not relevant to this action, nor
25  likely to lead to admissible evidence.

26       Subject to and without waiving the foregoing general and specific
27  objections, Mattel will produce non-privileged documents, if any, in its

28

EXHIBIT  5/

1 | possession, custody or control that are known by Mattel to be responsive to this
2 | Request.

3

4 | REQUEST NO. 21:

5 |       All artwork or other work product (including, without limitation,
6 | drawings, sketches, models, paintings, etc.) in MATTEL's possession, custody or
7 | control that YOU contend, if YOU so contend, was created by or worked on by
8 | Bryant during his employment, but was not offered to MATTEL.

9

10 | RESPONSE TO REQUEST NO. 21:

11 |       In addition to the general objections stated above, Mattel objects to
12 | this Request on the grounds that it is unreasonably burdensome and premature in
13 | that the facts necessary to determine whether work product that defendant
14 | produced or worked while defendant was employed by Mattel was (or was not)
15 | offered to Mattel are known by defendant as well as MGA and other third parties,
16 | but are not known by Mattel at this juncture.

17 |       Subject to and without waiving the foregoing general and specific
18 | objections, Mattel states that it currently has outstanding discovery requests to
19 | defendant and to MGA, and reserves the right to supplement this response after
20 | Mattel receives more information about defendant's activities.

21

22 | REQUEST NO. 22:

23 |       All artwork or other work product (including, without limitation,
24 | drawings, sketches, models, paintings, etc.) in YOUR possession, custody or
25 | control that YOU contend, if YOU so contend, was created by any employee of
26 | MATTEL or by any independent contractor during the time that such PERSON
27 | was working for MATTEL, and improperly used by Bryant for his own gain, or
28 | the gain of any third party.

EXHIBIT 5 /

07209/595128.1

-19-

PAGE ____ 1487

RESPONSE TO DOCUMENT REQUESTS

1 | RESPONSE TO REQUEST NO. 22:

2         In addition to the general objections stated above, Mattel objects to

3 | this Request in that it purports to require Mattel to identify documents relating to

4 | matters that are currently known to and in the possession, custody and control of

5 | defendant and nonparties, including nonparties associated with defendant, and are

6 | not known to Mattel at this juncture.  Mattel further objects to this Request on the

7 | grounds that it is unreasonably burdensome and premature in that the facts

8 | necessary to determine whether defendant improperly used Mattel work product

9 | for his own gain or the gain of any third party work are known by defendant as

10 | well as MGA and other third parties, but are not known by Mattel at this juncture.

11         Subject to and without waiving the foregoing general and specific

12 | objections, Mattel states that it currently has outstanding discovery requests to

13 | defendant and to MGA, and will supplement this response as appropriate after

14 | Mattel receives more information about defendant's activities.

15

16 | REQUEST NO. 23:

17         All drawings in YOUR possession, custody or control that YOU

18 | contend, if YOU so contend, were created by any employee of MATTEL or by any

19 | independent contractor during the time that such PERSON was working for

20 | MATTEL, and improperly used by Bryant or a third party for the gain of a third

21 | party.

22

23 | RESPONSE TO REQUEST NO. 23:

24         In addition to the general objections stated above, Mattel objects to

25 | this Request on the grounds that it is unreasonably burdensome and premature in

26 | that the facts necessary to determine whether defendant improperly used Mattel

27 | drawings for his own gain or the gain of any third party work are known by

28

EXHIBIT _5/_

-20-

PAGE _____ 1488

1 | defendant as well as MGA and other third parties, but are not known by Mattel at
2 | this juncture.

3 |       Subject to and without waiving the foregoing general and specific
4 | objections, Mattel states that it currently has outstanding discovery requests to
5 | defendant and to MGA, and will supplement this response as appropriate after
6 | Mattel receives more information about defendant's activities.

7 |

8 | REQUEST NO. 24:

9 |       If YOU contend that Bryant misappropriated any property, whether
10 | tangible or intangible, including without limitation intellectual property, of
11 | MATTEL, all DOCUMENTS that EVIDENCE, RELATE OR REFER to that
12 | contention.

13 |

14 | RESPONSE TO REQUEST NO. 24:

15 |       In addition to the general objections stated above, Mattel objects to
16 | this Request on the grounds that it calls for the disclosure of information subject to
17 | the attorney-client privilege, the attorney work-product doctrine and other
18 | applicable privileges.  Mattel further objects to this Request on the grounds that it
19 | is unreasonably burdensome and premature in that the facts necessary to determine
20 | whether defendant misappropriated tangible or intangible Mattel property for his
21 | own gain or the gain of any third party work are known by defendant as well as
22 | MGA and other third parties, but are not known by Mattel at this juncture.

23 |       Subject to and without waiving the foregoing general and specific
24 | objections, Mattel states that it currently has outstanding discovery requests to
25 | defendant and to MGA, and will supplement this response as appropriate after
26 | Mattel receives more information about defendant's activities.

27 |

28 |

EXHIBIT _5/_

PAGE __1489__

07209/595128.1

-21-

1  REQUEST NO. 25:

2         All DOCUMENTS in YOUR possession, custody or control that

3  EVIDENCE, RELATE OR REFER to any damages YOU contend to have suffered

4  as the result of any act or omission of Bryant.

5

6  RESPONSE TO REQUEST NO. 25:

7         In addition to the general objections stated above, Mattel objects to

8  this Request on the grounds that it calls for the disclosure of information subject to

9  the attorney-client privilege, the attorney work-product doctrine and other

10 applicable privileges.  Mattel further objects to this Request on the grounds that it

11 is unreasonably burdensome and premature in that the facts necessary to determine

12 the full nature and extent of Mattel's damages from defendant's acts or omissions

13 are known by defendant as well as MGA and other third parties, but are not known

14 by Mattel at this juncture.

15        Subject to and without waiving the foregoing general and specific

16 objections, Mattel will produce non-privileged documents, if any, in its

17 possession, custody or control relating to damages suffered by Mattel as the result

18 of defendant's acts and omissions that are known to Mattel.

19

20 REQUEST NO. 26:

21        All DOCUMENTS in YOUR possession, custody or control that

22 EVIDENCE, RELATE OR REFER to YOUR contention that Bryant violated his

23 duty of loyalty to MATTEL.

24

25 RESPONSE TO REQUEST NO. 26:

26        In addition to the general objections stated above, Mattel objects to

27 this Request on the grounds that it calls for the disclosure of information subject to

28 the attorney-client privilege, the attorney work-product doctrine, and other

EXHIBIT _5/_

PAGE ___1490

-22-

RESPONSE TO DOCUMENT REQUESTS

1  applicable privileges.  Mattel further objects to this Request on the grounds that it
2  is unreasonably burdensome and premature in that the facts necessary to determine
3  the full nature and extent of defendant's wrongful conduct are known by
4  defendant as well as MGA and other third parties, but are not known by Mattel at
5  this juncture.

6          Subject to and without waiving the foregoing general and specific
7  objections, Mattel will produce non-privileged documents, if any, in its
8  possession, custody or control that are known by Mattel to be responsive to this
9  Request.

10

11 REQUEST NO. 27:

12          All DOCUMENTS in YOUR possession, custody or control that
13 EVIDENCE, RELATE OR REFER to the items or rights that YOU contend
14 Bryant converted, improperly used, sold, assigned or otherwise transferred.

15

16 RESPONSE TO REQUEST NO. 27:

17          In addition to the general objections stated above, Mattel objects to
18 this Request on the grounds that it calls for the disclosure of information subject to
19 the attorney-client privilege, the attorney work-product doctrine and other
20 applicable privileges.  Mattel further objects to this Request on the grounds that it
21 is unreasonably burdensome and premature in that the facts necessary to determine
22 the items or rights that defendant converted, improperly used, sold, assigned or
23 otherwise transferred are known by defendant as well as MGA and other third
24 parties, but are not known by Mattel at this juncture.

25          Subject to and without waiving the foregoing general and specific
26 objections, Mattel states that it currently has outstanding discovery requests to
27 defendant and to MGA, and will supplement this response as appropriate after
28 Mattel receives more information about defendant's activities.

EXHIBIT 5 1

1    REQUEST NO. 28:

2            All DOCUMENTS in YOUR possession, custody or control that

3    EVIDENCE, RELATE OR REFER to Bryant's resignation from MATTEL in 1997

4    or 1998 including, without limitation, any exit interviews he participated in.

5

6    RESPONSE TO REQUEST NO. 28:

7            In addition to the general objections stated above, Mattel objects to

8    this Request on the grounds that it calls for the disclosure of information subject to

9    the attorney-client privilege, the attorney work-product doctrine and other

10   applicable privileges.

11           Subject to and without waiving the foregoing general and specific

12   objections, Mattel will produce defendant's personnel file.

13

14   REQUEST NO. 29:

15           All DOCUMENTS in YOUR possession, custody or control that

16   EVIDENCE, RELATE OR REFER to Bryant's resignation from MATTEL in

17   2000, including, without limitation, any exit interviews he participated in.

18

19   RESPONSE TO REQUEST NO. 29:

20           In addition to the general objections stated above, Mattel objects to

21   this Request on the grounds that it calls for the disclosure of information subject to

22   the attorney-client privilege, the attorney work-product doctrine and other

23   applicable privileges.

24           Subject to and without waiving the foregoing general and specific

25   objections, Mattel will produce defendant's personnel file.

26

27

28

EXHIBIT _5/_

PAGE __1402__

RESPONSE TO DOCUMENT REQUESTS

1  REQUEST NO. 30:

2           All MATTEL DOCUMENTS that EVIDENCE, RELATE OR

3  REFER to "Bratz" dolls or any element thereof.

4

5  RESPONSE TO REQUEST NO. 30:

6           In addition to the general objections stated above, Mattel objects to

7  this Request on the grounds that it calls for the disclosure of information subject to

8  the attorney-client privilege, the attorney work-product doctrine and other

9  applicable privileges.  Mattel further objects to this Request as being overbroad,

10  unduly burdensome and oppressive on the grounds that it is not limited in time,

11  and seeks all documents referring or relating to the "Bratz" dolls, or "any element

12  thereof," and therefore encompasses numerous products and potentially

13  encompasses thousands of different matters, including matters not relevant to

14  conduct at issue in this lawsuit.  Mattel further objects to this Request on the

15  grounds that it seeks information that is not relevant to this action or reasonably

16  calculated to lead to the discovery of admissible evidence.

17

18  REQUEST NO. 31:

19           All DOCUMENTS that EVIDENCE, RELATE OR REFER to the

20  creation of "Bratz" dolls or any element thereof by Bryant.

21

22  RESPONSE TO REQUEST NO. 31:

23           In addition to the general objections stated above, Mattel objects to

24  this Request on the grounds that it calls for the disclosure of information subject to

25  the attorney-client privilege, the attorney work-product doctrine and other

26  applicable privileges.  Mattel further objects to this Request on the grounds that it

27  is unreasonably burdensome and premature in that the facts necessary to determine

28

EXHIBIT 51

1 | the origins of Bratz and defendant's role therein are known by defendant as well as
2 | MGA and other third parties, but are not known by Mattel at this juncture.

3 |       Subject to and without waiving the foregoing general and specific
4 | objections, Mattel will produce non-privileged documents, if any, in its
5 | possession, custody or control that are known by Mattel to be responsive to this
6 | Request.

7 |

8 | REQUEST NO. 32:

9 |       All DOCUMENTS that EVIDENCE, RELATE OR REFER to any art
10 | work or other work product done at MATTEL that YOU contend Bryant utilized
11 | in connection with his creation of anything for MGA, including but not limited to
12 | toys sold under the trade name "Bratz," if YOU so contend.

13 |

14 | RESPONSE TO REQUEST NO. 32:

15 |       In addition to the general objections stated above, Mattel objects to
16 | this Request on the grounds that it is unreasonably burdensome and premature in
17 | that the facts necessary to determine whether defendant utilized artwork or other
18 | work product "done at" Mattel in creating "anything" for MGA are known by
19 | defendant as well as MGA and other third parties, but are not known by Mattel at
20 | this juncture. Mattel further objects to this Request as overbroad and vague and
21 | ambiguous in its use of the term "toys," since what "toys" defendant worked on
22 | for MGA is known to defendant and MGA, and not to Mattel, and in its use of the
23 | term "anything."

24 |       Subject to and without waiving the foregoing general and specific
25 | objections, Mattel states that it currently has outstanding discovery requests to
26 | defendant and to MGA, and will supplement this response as appropriate after
27 | Mattel receives more information about defendant's activities.

28 |

EXHIBIT _5 /_

PAGE **1494**

-26-

RESPONSE TO DOCUMENT REQUESTS

1  REQUEST NO. 33:

2          All DOCUMENTS that EVIDENCE, RELATE OR REFER to YOUR

3  discovery or awareness that Bryant created designs or other work product that

4  resulted in or related to the designing, manufacturing, marketing and/or sale of

5  toys under the trade name "Bratz."

6

7  RESPONSE TO REQUEST NO. 33:

8          In addition to the general objections stated above, Mattel objects to

9  this Request on the grounds that it calls for the disclosure of information subject to

10  the attorney-client privilege, the attorney work-product doctrine and other

11  applicable privileges.  Mattel further objects to this Request as overbroad and

12  vague and ambiguous in its use of the term "toys," since what "toys" defendant

13  worked on for MGA is known to defendant and MGA, and not to Mattel.

14          Subject to and without waiving the foregoing general and specific

15  objections, Mattel will produce non-privileged documents, if any, in its

16  possession, custody or control relating to its first discovery of defendant's role in

17  designing, manufacturing, marketing and/or sale of Bratz dolls.

18

19  REQUEST NO. 34:

20          All DOCUMENTS that EVIDENCE, RELATE OR REFER to YOUR

21  contention that Bryant was a fiduciary of MATTEL.

22

23  RESPONSE TO REQUEST NO. 34:

24          In addition to the general objections stated above, Mattel objects to

25  this Request on the grounds that it calls for the disclosure of information subject to

26  the attorney-client privilege, the attorney work-product doctrine and other

27  applicable privileges.

28                                                          EXHIBIT _5/_

07209/595128.1                          -27-          PAGE __1495__

1    Subject to and without waiving the foregoing general and specific

2  objections, Mattel will produce non-privileged documents, if any, in its

3  possession, custody or control that are responsive to this Request.

4

5  REQUEST NO. 35:

6    All DOCUMENTS that EVIDENCE, RELATE OR REFER to any

7  lawsuits brought or threatened to be brought (including in demand letters or other

8  notices) by MATTEL in the past seven years in which MATTEL has contended

9  that its employees or former employees breached the MATTEL "Employee

10  Confidential Information and Inventions Agreement," the form of which is

11  attached as Exhibit "A" to the Complaint.

12

13  RESPONSE TO REQUEST NO. 35:

14    In addition to the general objections stated above, Mattel objects to

15  this Request on the grounds that it calls for the disclosure of information subject to

16  the attorney-client privilege, the attorney work-product doctrine and other

17  applicable privileges.  Mattel further objects to this Request as overbroad and

18  unduly burdensome on the grounds that it seeks all documents related to any

19  lawsuit brought, or even contemplated, by Mattel against an employee in the past

20  seven years, including on contract terms or provisions that are not at issue in this

21  action and for conduct that is not at issue in this action.  Mattel further objects to

22  this Request on the grounds that it seeks documents that are not relevant to this

23  action or reasonably calculated to lead to the discovery of admissible evidence.

24  Mattel further objects to this Request on the grounds that it is unduly burdensome

25  and harassing in that it purports to require Mattel and its counsel to cull privileged

26  as well as any third-party confidential information from their files so as to produce

27  to defendant irrelevant materials that are publicly available and hence equally

28

EXHIBIT 51

1 | available to defendant. Defendant is equally well situated to obtain any such non-
2 | confidential information from the public record.

3

4 | REQUEST NO. 36:

5 |       All DOCUMENTS that EVIDENCE, RELATE OR REFER to any
6 | lawsuits brought or threatened to be brought (including in demand letters or other
7 | notices) by MATTEL in the past seven years in which MATTEL has contended
8 | that its employees or former employees breached the MATTEL "Conflict of
9 | Interest Questionnaire," the form of which is attached as Exhibit "B" to the
10 | Complaint.

11

12 | RESPONSE TO REQUEST NO. 36:

13 |       In addition to the general objections stated above, Mattel objects to
14 | this Request on the grounds that it calls for the disclosure of information subject to
15 | the attorney-client privilege, the attorney work-product doctrine and other
16 | applicable privileges. Mattel further objects to this Request as being overbroad
17 | and unduly burdensome on the grounds that it seeks all documents related to any
18 | lawsuit brought, or even contemplated, by Mattel against an employee in the past
19 | seven years, including on contract terms or provisions that are not at issue in this
20 | action and for conduct that is not at issue in this case. Mattel further objects to
21 | this Request on the grounds that it seeks documents that are not relevant to this
22 | action or reasonably calculated to lead to the discovery of admissible evidence.
23 | Mattel further objects to this Request on the grounds that it is unduly burdensome
24 | and harassing in that it purports to require Mattel and its counsel to cull privileged
25 | as well as any third-party confidential information from their files so as to produce
26 | to defendant irrelevant materials that are publicly available and hence equally
27 | available to defendant. Defendant is equally well situated to obtain any such non-
28 | confidential information from the public record.

EXHIBIT 5/

1  REQUEST NO. 37:

2        All DOCUMENTS that EVIDENCE, RELATE OR REFER to YOUR

3  contention, if YOU so contend, that MATTEL has been irreparably harmed by the

4  conduct of Bryant.

5

6  RESPONSE TO REQUEST NO. 37:

7        In addition to the general objections stated above, Mattel objects to

8  this Request on the grounds that it calls for the disclosure of information subject to

9  the attorney-client privilege, the attorney work-product doctrine and other

10  applicable privileges. Mattel further objects to this Request on the grounds that

11  "irreparabl[e] harm" is determined as a matter of law and thus, in this context, is

12  vague, ambiguous and indecipherable. Mattel further objects to this Request on

13  the grounds that it is unreasonably burdensome and premature in that the facts

14  necessary to determine the full extent of defendant's activities in violation of his

15  obligations to Mattel are known by defendant as well as MGA and other third

16  parties, but are not known by Mattel at this juncture.

17        Subject to and without waiving the foregoing general and specific

18  objections, Mattel will produce defendant's employment agreements in which he

19  acknowledged that breach thereof entitles Mattel to injunctive relief to enforce

20  their terms.

21

22  REQUEST NO. 38:

23        All DOCUMENTS that EVIDENCE, RELATE OR REFER to YOUR

24  contention, if YOU so contend, that MATTEL has been irreparably harmed by the

25  conduct of a third party acting in concert with Bryant.

26

27

28

EXHIBIT __5/__

PAGE ____1498

RESPONSE TO DOCUMENT REQUESTS

1 | RESPONSE TO REQUEST NO. 38:

2 |       In addition to the general objections stated above, Mattel objects to
3 | this Request on the grounds that it calls for the disclosure of information subject to
4 | the attorney-client privilege, the attorney work-product doctrine and other
5 | applicable privileges. Mattel further objects to this Request on the grounds that
6 | "irreparabl[e] harm" is determined as a matter of law and thus, in this context, is
7 | vague, ambiguous and indecipherable. Mattel further objects to this Request on
8 | the grounds that it is unreasonably burdensome and premature in that the facts
9 | necessary to determine the full extent of defendant's activities, whether alone or
10 | acting in concert with others, in violation of his obligations to Mattel are known
11 | by defendant as well as MGA and other third parties, but are not known by Mattel
12 | at this juncture.

13 |       Subject to and without waiving the foregoing general and specific
14 | objections, Mattel will produce defendant's employment agreements in which he
15 | acknowledged that breach thereof entitles Mattel to injunctive relief to enforce
16 | their terms.

17 |

18 | REQUEST NO. 39:

19 |       All DOCUMENTS that EVIDENCE, RELATE OR REFER to "the
20 | competitor" referred in Paragraph 12 of the Complaint.

21 |

22 | RESPONSE TO REQUEST NO. 39:

23 |       In addition to the general objections stated above, Mattel objects to
24 | this Request on the grounds that it calls for the disclosure of information subject to
25 | the attorney-client privilege, the attorney work-product doctrine and other
26 | applicable privileges. Mattel further objects to this Request as being overbroad,
27 | unduly burdensome and harassing on the grounds that it is not limited in time or
28 | reasonably limited in subject matter, and on the grounds that it seeks <u>all</u>

EXHIBIT _5/_

PAGE _1499_

-31-

RESPONSE TO DOCUMENT REQUESTS

1  documents referring or relating to MGA. Mattel further objects to this Request on

2  the grounds that it seeks information that is not relevant to this action or

3  reasonably calculated to lead to the discovery of admissible evidence.

4

5  REQUEST NO. 40:

6          All DOCUMENTS that EVIDENCE, RELATE OR REFER to

7  "Bryant's concealments and misrepresentation to MATTEL," as set forth in

8  Paragraph 13 of the Complaint.

9

10  RESPONSE TO REQUEST NO. 40:

11          In addition to the general objections stated above, Mattel objects to

12  this Request on the grounds that it calls for the disclosure of information subject to

13  the attorney-client privilege, the attorney work-product doctrine and other

14  applicable privileges and on the ground that it misquotes the Complaint.

15          Subject to and without waiving the foregoing general and specific

16  objections, Mattel will produce non-privileged documents, if any, in its

17  possession, custody or control that are responsive to this Request.

18

19  REQUEST NO. 41:

20          All board of director's meeting minutes that EVIDENCE, RELATE

21  OR REFER to Bryant, from September 2000 to the present.

22

23  RESPONSE TO REQUEST NO. 41:

24          In addition to the general objections stated above, Mattel objects to

25  this Request on the grounds that it calls for the disclosure of information subject to

26  the attorney-client privilege, the attorney work-product doctrine and other

27  applicable privileges. Mattel further objects to this Request on the grounds that it

28

EXHIBIT 51

PAGE 1500

RESPONSE TO DOCUMENT REQUESTS

1   seeks information that is not relevant to this action or reasonably calculated to lead

2   to the discovery of admissible evidence.

3

4   REQUEST NO. 42:

5       IDENTIFY and produce for inspection all MGA products sold under

6   the trade name "Bratz" in the possession, custody or control of MATTEL.

7

8   RESPONSE TO REQUEST NO. 42:

9       In addition to the general objections stated above, Mattel objects to

10  this Request on the grounds that it calls for the disclosure of information subject to

11  the attorney-client privilege, the attorney work-product doctrine and other

12  applicable privileges.  Mattel further objects to this Request as being overbroad,

13  unduly burdensome and harassing on the grounds that it purports to require Mattel

14  to check with its numerous employees as to whether they have any of the

15  numerous publicly available MGA "products" sold under the Bratz name in their

16  possession and then collect and produce such all such products to defendant, to

17  whom such products are equally available.  Mattel further objects to this Request

18  on the grounds that it seeks information that is not relevant to this action, nor

19  likely to lead to admissible evidence.

20

21  REQUEST NO. 43:

22      All versions of the "Employee Confidential Information and

23  Inventions Agreement" used by MATTEL since January 1, 1995.

24

25  RESPONSE TO REQUEST NO. 43:

26      In addition to the general objections stated above, Mattel objects to

27  this Request on the grounds that it calls for the disclosure of information subject to

28  the attorney-client privilege, the attorney work-product doctrine and other

EXHIBIT _51_

PAGE ____ 1 5 0 1                    -33-

07209/595128.1                                            RESPONSE TO DOCUMENT REQUESTS

1  applicable privileges. Mattel further objects to this Request on the grounds that it
2  is overbroad, unduly burdensome and vague and ambiguous in that it seeks all
3  undefined "versions" of Mattel's employee agreements, including for time periods
4  during which defendant was not employed by Mattel. Mattel further objects to
5  this Request on the grounds that it seeks information that is not relevant to this
6  action, nor likely to lead to admissible evidence.

7

8  REQUEST NO. 44:

9          All versions of the "Conflict of Interest Questionnaire" used by
10  MATTEL since January 1, 1995.

11

12  RESPONSE TO REQUEST NO. 44:

13          In addition to the general objections stated above, Mattel objects to
14  this Request on the grounds that it calls for the disclosure of information subject to
15  the attorney-client privilege, the attorney work-product doctrine and other
16  applicable privileges. Mattel further objects to this Request on the grounds that it
17  is overbroad, unduly burdensome and vague and ambiguous in that it seeks all
18  undefined "versions" of Mattel's conflict-of-interest questionnaires, including for
19  time periods during which defendant was not employed by Mattel. Mattel further
20  objects to this Request on the grounds that it seeks information that is not relevant
21  to this action, nor likely to lead to admissible evidence.

22

23  REQUEST NO. 45:

24          All forms or other DOCUMENTS which MATTEL has requested
25  prospective and actual employees to sign since January 1, 1995.

26

27                                          EXHIBIT _5/_

28                                          PAGE _1502_

07209/595128.1                        -34-
                                                    RESPONSE TO DOCUMENT REQUESTS

RESPONSE TO REQUEST NO. 45:

In addition to the general objections stated above, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to this Request on the grounds that it is overbroad, unduly burdensome and vague and ambiguous in that it seeks all documents and all undefined "forms" that any of its many employees signed, or has even been requested by Mattel to sign, including for time periods during which defendant was not employed by Mattel and including with respect to matters that are not at issue in this case. Mattel further objects to this Request on the grounds that it seeks information that is not relevant to this action, nor likely to lead to admissible evidence.

REQUEST NO. 46:

All DOCUMENTS which MATTEL consulted, referred to, or used in any way, in connection with the preparation of the responses to Bryant's Interrogatories to Plaintiff, and all DOCUMENTS MATTEL identified in such responses.

RESPONSE TO REQUEST NO. 46:

In addition to the general objections stated above, Mattel objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, Mattel will produce non-privileged documents in its possession, custody or control that are responsive to this Request.

EXHIBIT 51

PAGE 1503

07209/595128.1

-35-

RESPONSE TO DOCUMENT REQUESTS

REQUEST NO. 47:

All DOCUMENTS that EVIDENCE, RELATE OR REFER to Bryant's personnel file.

RESPONSE TO REQUEST NO. 47:

Subject to and without waiving the foregoing general objections, Mattel will produce defendant's personnel file.

REQUEST NO. 48:

All DOCUMENTS that EVIDENCE, RELATE OR REFER to work done by Bryant while he was a part time employee of MATTEL.

RESPONSE TO REQUEST NO. 48:

In addition to the general objections stated above, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and vague and ambiguous in that it purports to require Mattel to identify and search for all documents relating to unspecified "work" done by defendant during his employment by Mattel, regardless of whether such "work" is at issue in this case. For the same reasons, Mattel further objects to this Request on the grounds that it seeks information that is not relevant to this action, nor likely to lead to admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Mattel will produce non-privileged documents, if any, in its possession, custody or control that are known by Mattel to be responsive to this Request.

EXHIBIT 51

PAGE 1504

07209/595128.1

-36-

RESPONSE TO DOCUMENT REQUESTS

1   REQUEST NO. 49:

2            All DOCUMENTS which MATTEL consulted, referred to, or used in

3   any way, in connection with the preparation of the Complaint filed in this case.

4

5   RESPONSE TO REQUEST NO. 49:

6            In addition to the general objections stated above, Mattel objects to

7   this Request on the grounds that it calls for the disclosure of information subject to

8   the attorney-client privilege, the attorney work-product doctrine and other

9   applicable privileges.

10            Subject to and without waiving the foregoing general and specific

11   objections, Mattel will produce non-privileged documents in its possession,

12   custody or control responsive to this Request.

13

14   DATED:  July 16, 2004

15                         QUINN EMANUEL URQUHART
                          OLIVER & HEDGES, LLP
16

17                         By _____
                              Michael T. Zeller
18                            Attorneys for Plaintiff
                              Mattel, Inc.
19

20

21

22

23

24

25

26

27                                              EXHIBIT _51_

28                                              PAGE ____1505

07209/595128.1                        -37-

RESPONSE TO DOCUMENT REQUESTS

**PROOF OF SERVICE**

1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On July 16, 2004, I served the foregoing document described as **PLAINTIFF MATTEL, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF PRODUCTION OF DOCUMENTS AND THINGS** on all interested parties in this action.

**Robert F. Millman, Esq.**
**Douglas A. Wickham, Esq.**
**Littler Mendelson**
**A Professional Corporation**
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Phone: 310-553-0308
**Fax: 310-553-5583**

[ ]     By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

**[X]    BY MAIL**

[ ]     I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]     As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]     **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by Federal Express.

[ ]     **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ ]     **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on July 16, 2004, at Los Angeles, California.

[ ]     (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]     (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Maria Albert
Print Name                                          Signature

EXHIBIT 5/

PAGE 1506