1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 90378)
     (johnquinn@quinnemanuel.com)
3    Michael T. Zeller (Bar No. 196417)
     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100
   Attorneys for Mattel, Inc.

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, | CASE NO. CV 04-9049 DOC (RNBx) Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
| Plaintiff, | **DISCOVERY MATTER** |
| vs. | **[To Be Heard By Discovery Master Robert O'Brien]** |
| MGA ENTERTAINMENT, INC., a California corporation, et. al., | **[PUBLIC REDACTED] MATTEL'S RESPONSE TO SEPARATE STATEMENT IN SUPPORT OF MGA PARTIES' MOTION TO COMPEL FURTHER RESPONSES TO MGA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (9049, SET ONE)** |
| Defendants. | |
| AND CONSOLIDATED ACTIONS | |

Hearing Date:  TBA
Time:  TBA
Place:  Arant Fox LLP
        555 West Fifth St.
        48th Floor
        Los Angeles, CA
        90013

**Phase 2**
Disc. Cut-off:  June 1, 2010
Pre-trial Conf.:  None Set
Trial Date:  None Set

00505.07975/3121201.5

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1    Plaintiff Mattel, Inc. ("Mattel") submits this Opposition to the Separate
2  Statement in Support of MGA Parties' Motion to Compel Further Responses to
3  MGA's Requests for Production of Documents (9049, Set One).  This Separate
4  Statement covers MGA's First Set of Requests in Case No. CV 04-9049 SGL of the
5  consolidated proceedings, served on November 22, 2006.  The requests included in
6  this Separate Statement are Request Nos. 1-16, 18-31, 34-36, 40-41, 44- 45, 69-74,
7  76-88, 90-91, 93-98, 100, 106-113.

8

9  **REQUEST FOR PRODUCTION NO. 1:**

10    All DOCUMENTS REFERRING OR RELATING TO the origins or
11  sources of inspiration of "MY SCENE" including, without limitation, the purpose
12  for which "MY SCENE" products were created.

13  **RESPONSE TO REQUEST NO. 1:**

14    In addition to the general objections stated above which are
15  incorporated herein by reference, Mattel objects to this Request on the grounds that
16  it is overbroad and unduly burdensome, including in that it seeks all documents on
17  this subject without limitation as to time, and regardless of whether such documents
18  relate to products or matters at issue in this case.  Mattel further objects to the
19  Request on the grounds that it seeks documents that are not relevant to this action or
20  likely to lead to the discovery of admissible evidence, including without limitation
21  in that MGA's Complaint challenges only certain of Mattel's MY SCENE products.
22  Mattel further objects to this Request on the grounds that it seeks confidential,
23  proprietary and trade secret information that has no bearing on the claims or
24  defenses in this case.  Mattel further objects to this Request on the grounds that it
25  calls for the disclosure of information subject to the attorney-client privilege, the
26  attorney work-product doctrine and other applicable privileges.

27    Subject to and without waiving the foregoing general and specific
28  objections, and to the extent not already produced, Mattel will produce responsive,

00505.07975/3121201.5

1  non-privileged documents in its possession, custody or control that it can locate after

2  a reasonable, good faith search relating to the origins and sources of inspiration for

3  the aspects of the MY SCENE products that MGA has accused of infringement in its

4  Complaint.

5  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

6  **TO SHOULD BE COMPELLED**

7        Mattel has improperly limited its agreement to produce documents in

8  response to this request, subject to its improper boilerplate objections. Mattel has

9  refused to confirm whether or not it has produced all non-privileged responsive

10  documents or whether it is withholding documents based on its objections in Phase

11  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

12  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

13  Generic objections that fail to explain the basis for an objection with specificity are

14  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

15  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

16  'overly burdensome and harassing' are improper – especially when a party fails to

17  submit any evidentiary declarations supporting such objections"). Accordingly,

18  Mattel must be compelled either to certify that it has produced all non-privileged

19  responsive documents or to produce all such documents by a date certain.

20        To the extent that Mattel is relying on its blanket objections, they are

21  not sustainable and do not justify Mattel's failure to produce documents.

22        As to overbreadth, Mattel provides no explanation, let alone the

23  required particularity, as to *why* this request is supposedly overly broad, nor can it

24  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

25  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

26  contrary, the request is narrowly tailored to seek documents concerning the origins

27  or sources of inspiration for "MY SCENE," a product line directly at issue in this

28  case.

1    As to burden, Mattel has not attempted to demonstrate why responding
2 to this request and/or producing responsive documents presents any burden.  This
3 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
4 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
5 request is unduly burdensome must allege specific facts which indicate the nature
6 and extent of the burden, usually by affidavit or other reliable evidence.")
7 Moreover, it is not unduly burdensome, as noted above, in that the request is
8 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
9 has engaged in a broad variety of unfair trade practices, including serial copying of
10 MGA products and trade dress infringement.  MGA is entitled to discovery on these
11 claims.

12    This request does not seek documents protected by the attorney-client
13 privilege, the attorney work product doctrine, or other applicable privileges.  To the
14 extent that Mattel contends that it does, Mattel must provide a privilege log.

15    Mattel objects that the request contains confidential, proprietary and
16 trade secret information.  A Protective Order exists in this case, obviating any
17 concern as to protection of privacy rights and/or commercially sensitive
18 information.

19    Mattel also objects to this request on relevance grounds.  MGA has
20 brought trade dress claims related to "MY SCENE" and has alleged claims of unfair
21 competition based on Mattel's serial copying and imitation of MGA's products.  As
22 such, documents related to the origin of "MY SCENE" are highly relevant and likely
23 to lead to the discovery of admissible evidence.

24    Mattel has also improperly limited its agreement to produce by
25 redefining the scope of MGA's request.  Subject to its objections, Mattel has only
26 agreed to produce documents related to certain aspects of the "MY SCENE"
27 products that MGA has accused of infringement in its Complaint.  MGA has alleged
28 not only trade dress infringement, but also serial copying, and MGA is entitled to

1    discovery on all of its claims and defenses. Mattel is required to respond to the

2    request as originally drafted by MGA and may not unilaterally narrow and rewrite

3    MGA's requests.

4         None of Mattel's improper objections are valid and Mattel is obligated

5    to produce all non-privileged responsive documents in its possession, custody, or

6    control.

7    **MATTEL'S RESPONSE:**

8         MGA objects to Mattel's limitation that it will produce documents

9    related to "aspects of the MY SCENE products that MGA has accused of

10   infringement," but it provides no argument as to why this limitation is inappropriate.

11   To the contrary, the parties previously agreed on the scope of these Requests and

12   Mattel's limitations.[1]

13         There is simply no relevance to aspects of MY SCENE to which MGA

14   has made no allegations of copying. MGA provides no argument on the subject,

15   instead unilaterally claiming that "Mattel is required to respond to the request as

16   originally drafted," despite simultaneously acknowledging that a party may object

17   "to part of a request [and] permit inspection of the rest." MGA's objection to

18   Mattel's limitation is thus without merit. In any case, MGA has not provided any

19   evidence that there are any MY SCENE products it alleges were copies but that do

20   not infringe. MGA's objection to Mattel's limitation is thus without merit.

21         Further, contrary to MGA's statement that Mattel will not confirm that

22   it has produced non-privileged documents, if MGA had met and conferred on these

23   issues, it would have learned that Mattel has already produced all relevant non-

24   privileged documents responsive to this Request. Indeed, to date Mattel has already

25   produced over 350,000 pages regarding MY SCENE, without limitation by theme or

26

27    [1]   June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

28

1   doll, including documents related to its design and development, packaging,

2   advertising, marketing, testing, themes, sales planning, manufacturing and

3   production, among others.[2]  MGA has not provided any basis for asserting that this

4   production is incomplete.  MGA's motion to compel responses to this Request

5   should therefore be denied as moot.

6           There is no basis for overruling Mattel's privilege objection.  MGA's

7   bald assertion that "this request does not seek information protected by the attorney-

8   client privilege, the attorney work product doctrine, or other applicable privileges"

9   has no merit.  Documents discussing MY SCENE could very well be subject to a

10  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

11  the parties have agreed that in general "all privileged documents would be logged

12  except for documents created after this action was filed on April 27, 2004."[3]  Thus,

13  to the extent privileged documents fall within the post lawsuit time period, they need

14  not be included on Mattel's log.

15          Similarly, despite the Parties' prior agreement on the scope of this

16  Request, MGA attempts to overrule Mattel's burden objection though it provides no

17  argument on the issue.  Yet, as MGA knows, the Discovery Master has already

18  placed limits on the searches Mattel must make in producing documents, and this

19  objection is only meant to invoke those issues that have already been settled.  See,

20  e.g., Order Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion

21  to Compel on all outstanding emails, holding that Mattel has produced all relevant

22  emails and does not need to consult back-up tapes to complete its production).

23

24

25     [2]   Webster Decl., ¶ 24.

26     [3]   See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.

28

1   MGA should not be permitted to circumvent prior Orders by seeking to overrule

2   Mattel's objections here.

3          Finally, MGA failed to meet and confer at all, much less in good faith,

4   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

5   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

6   the moving party shall first identify each dispute, state the relief sought and identify

7   the authority supporting the requested relief in a meet and confer letter that shall be

8   served on all parties by facsimile or electronic mail. The parties shall have five court

9   days from the date of service of that letter to conduct an in-person conference to

10  attempt to resolve the dispute.").  At no point during the meet and confer process did

11  the parties discuss this Request or Mattel's response to it.[4]  In order to engage in a

12  meaningful meet and confer, MGA had the burden to show the relevance of any

13  requests it sought to move on.[5]  Because MGA refused to even attempt to make this

14  showing, there was no possibility of a good faith meet and confer to resolve the

15  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

16  this Request on that grounds alone.

17  **REQUEST FOR PRODUCTION NO. 2:**

18         All DOCUMENTS REFERRING OR RELATING TO the initial

19  design and development of "MY SCENE" dolls as identified in paragraph 34 of the

20  COMPLAINT, including but not limited to design drawings, sculpts, internal

21  memos, MARKET RESEARCH, and approval memos.

22

23

24

25     [4]   See Webster Decl., ¶¶ 6-20.

26     [5]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. May 14, 2009).

28

**RESPONSE TO REQUEST NO. 2:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, and to the extent not already produced, Mattel will produce responsive, non-privileged documents in its possession, custody or control that it can locate after a reasonable, good faith search relating to the initial design and development of the aspects of the MY SCENE products that MGA has accused of infringement.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to **why** this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents concerning the initial design and development of "MY SCENE" dolls as specifically identified in paragraph 34 of the Complaint.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices, including serial copying of MGA products. MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

1    Mattel objects that the request contains confidential, proprietary and

2  trade secret information.  A Protective Order exists in this case, obviating any

3  concern as to protection of privacy rights and/or commercially sensitive

4  information.

5    Mattel also objects to this request on relevance grounds.  MGA has

6  brought trade dress claims related to "MY SCENE" and has alleged claims of unfair

7  competition based on Mattel's serial copying and imitation of MGA's products.  As

8  such, documents related to the initial design and development of "MY SCENE"

9  dolls are highly relevant and likely to lead to the discovery of admissible evidence.

10   Mattel has also improperly limited its agreement to produce by

11  redefining the scope of MGA's request.  Subject to its objections, Mattel has only

12  agreed to produce documents related to certain aspects of the "MY SCENE"

13  products that it deems are accused of infringement.  Mattel is required to respond to

14  the request as originally drafted by MGA and may not unilaterally narrow and

15  rewrite MGA's requests.

16   None of Mattel's improper objections are valid and Mattel is obligated

17  to produce all non-privileged responsive documents in its possession, custody, or

18  control.

19  **MATTEL'S RESPONSE:**

20   MGA objects to Mattel's limitation that it will produce documents

21  related to "aspects of the MY SCENE products that MGA has accused of

22  infringement," but it provides no argument as to why this limitation is inappropriate.

23  Indeed, the parties previously agreed on the scope of these Requests and Mattel's

24  limitations.[6]

25

26  _____

27   [6]   June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

28

1         There is simply no relevance to aspects of MY SCENE to which MGA

2   has made no allegations of copying.  MGA provides no argument on the subject,

3   instead unilaterally claiming that "Mattel is required to respond to the request as

4   originally drafted," despite simultaneously acknowledging that a party may object

5   "to part of a request [and] permit inspection of the rest."  MGA's objection to

6   Mattel's limitation is thus without merit.

7         Further, contrary to MGA's statement that Mattel will not confirm that

8   it has produced non-privileged documents, if MGA had met and conferred on these

9   issues, it would have learned that Mattel has already produced all relevant non-

10  privileged documents responsive to this Request.  Indeed, to date Mattel has already

11  produced over 350,000 pages regarding MY SCENE, without limitation by theme or

12  doll, including documents related to its design and development, packaging,

13  advertising, marketing, testing, themes, sales planning, manufacturing and

14  production, among others.[7]  MGA has not provided any basis for asserting that this

15  production is incomplete.  MGA's motion to compel responses to this Request

16  should therefore be denied as moot.

17        There is no basis for overruling Mattel's privilege objection.  MGA's

18  bald assertion that "this request does not seek information protected by the attorney-

19  client privilege, the attorney work product doctrine, or other applicable privileges"

20  has no merit.  Documents discussing MY SCENE could very well be subject to a

21  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

22  the parties have agreed that in general "all privileged documents would be logged

23  except for documents created after this action was filed on April 27, 2004."[8]  Thus,

24

25     [7]  Webster Decl., ¶ 24.

26     [8]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1    to the extent privileged documents fall within the post lawsuit time period, they need

2    not be included on Mattel's log.

3         Similarly, despite the Parties' prior agreement on the scope of this

4    Request, MGA states that "Mattel has not attempted to demonstrate why responding

5    to this request and/or producing responsive documents presents any burden." Yet,

6    as MGA knows, the Discovery Master has already placed limits on the searches

7    Mattel must make in producing documents, and this objection is only meant to

8    invoke those issues that have already been settled. See, e.g., Order Denying MGA's

9    Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

10   outstanding emails, holding that Mattel has produced all relevant emails and does

11   not need to consult back-up tapes to complete its production). MGA should not be

12   permitted to circumvent prior Orders by seeking to overrule Mattel's objections

13   here.

14        Finally, MGA failed to meet and confer at all, much less in good faith,

15   regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

16   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

17   the moving party shall first identify each dispute, state the relief sought and identify

18   the authority supporting the requested relief in a meet and confer letter that shall be

19   served on all parties by facsimile or electronic mail. The parties shall have five court

20   days from the date of service of that letter to conduct an in-person conference to

21   attempt to resolve the dispute."). At no point during the meet and confer process did

22   the parties discuss this Request or Mattel's response to it.[9] In order to engage in a

23   meaningful meet and confer, MGA had the burden to show the relevance of any

24

25

26

27   [9] See Webster Decl., ¶¶ 6-20.

28

1  requests it sought to move on.[10]   Because MGA refused to even attempt to make

2  this showing, there was no possibility of a good faith meet and confer to resolve the

3  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

4  this Request on that grounds alone.

5  **REQUEST FOR PRODUCTION NO. 3:**

6         All DOCUMENTS REFERRING OR RELATING TO the initial

7  design and development of the doll YOU refer to as "a Mattel doll character called

8  BARBIE" as asserted in paragraph 25 of YOUR ANSWER responding to paragraph

9  34 of the COMPLAINT, including but not limited to design drawings, sculpts,

10  internal memos, MARKET RESEARCH, and approval memos.

11  **RESPONSE TO REQUEST NO. 3:**

12         In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad and unduly burdensome, including in that it seeks "all" documents on

15  this subject without limitation as to time, and regardless of whether such documents

16  relate to products or matters at issue in this case.  Mattel further objects to this

17  Request on the grounds that it is overbroad and unduly burdensome in that it seeks

18  "all" documents referring to or relating to BARBIE dolls.  Mattel further objects to

19  the Request on the grounds that it seeks documents that are not relevant to this

20  action or likely to lead to the discovery of admissible evidence.  Mattel further

21  objects to this Request on the grounds that it seeks confidential, proprietary and

22  trade secret information that has no bearing on the claims or defenses in this case.

23  Mattel further objects to this Request on the grounds that it calls for the disclosure

24

25

26  [10]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1   of information subject to the attorney-client privilege, the attorney work-product

2   doctrine and other applicable privileges.

3         Subject to and without waiving the foregoing general and specific

4   objections, and to the extent not already produced, Mattel will produce responsive,

5   non-privileged documents or else product exemplars in its possession, custody or

6   control that it can locate after a reasonable, good faith search sufficient to show the

7   appearance and the timing of the release and sale of BARBIE dolls that are

8   referenced by Mattel in its response to paragraph 34 of MGA's Complaint.

9   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

10   **TO SHOULD BE COMPELLED**

11         Mattel has improperly limited its agreement to produce documents in

12   response to this request, subject to its improper boilerplate objections.  Mattel has

13   refused to confirm whether or not it has produced all non-privileged responsive

14   documents or whether it is withholding documents based on its objections in Phase

15   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

16   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

17   Generic objections that fail to explain the basis for an objection with specificity are

18   routinely rejected in the Central District.  See <u>A. Farber and Partners, Inc. v. Garber,</u>

19   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

20   'overly burdensome and harassing' are improper – especially when a party fails to

21   submit any evidentiary declarations supporting such objections").  Accordingly,

22   Mattel must be compelled either to certify that it has produced all non-privileged

23   responsive documents or to produce all such documents by a date certain.

24         To the extent that Mattel is relying on its blanket objections, they are

25   not sustainable and do not justify Mattel's failure to produce documents.

26         As to overbreadth, Mattel provides no explanation, let alone the

27   required particularity, as to *why* this request is supposedly overly broad, nor can it

28   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents concerning the initial design and development of a particular doll, identified as "a Mattel doll character called BARBIE" in Mattel's Answer.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices, including serial copying of MGA products.  MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges.  To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential, proprietary and trade secret information.  A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

Mattel also objects to this request on relevance grounds.  MGA has brought trade dress claims related to "MY SCENE" and has alleged claims of unfair competition based on Mattel's serial copying and imitation of MGA's products.  As such, documents related to the initial design and development of a particular doll at issue in this case is highly relevant and likely to lead to the discovery of admissible evidence.

1    Mattel has also improperly limited its agreement to produce by
2  redefining the scope of MGA's request.  While MGA requested *all* documents
3  related to the initial design and development of the doll, Mattel has only agreed to
4  produce documents or product exemplars *sufficient* to show that appearance and
5  timing of the release and sale of the doll.  Mattel is required to respond to the
6  request as originally drafted by MGA and may not unilaterally narrow and rewrite
7  MGA's requests.

8    None of Mattel's improper objections are valid and Mattel is obligated
9  to produce all non-privileged responsive documents in its possession, custody, or
10  control.

11  **MATTEL'S RESPONSE:**

12    MGA objects to Mattel's limitation that it will produce documents
13  related to "sufficient to show the appearance and the timing of the release and sale
14  of BARBIE dolls," but it provides no argument as to why this limitation is
15  inappropriate, instead unilaterally claiming that "Mattel is required to respond to the
16  request as originally drafted," despite simultaneously acknowledging that a party
17  may object "to part of a request [and] permit inspection of the rest."  MGA's
18  objection to Mattel's limitation is thus without merit.

19    Further, contrary to MGA's statement that Mattel will not confirm that
20  it has produced non-privileged documents, if MGA had met and conferred on these
21  issues, it would have learned that Mattel has already produced all relevant non-
22  privileged documents responsive to this Request.  Indeed, to date Mattel has already
23  produced over 350,000 pages regarding MY SCENE, without limitation by theme or
24  doll, including documents related to its design and development, packaging,
25  advertising, marketing, testing, themes, sales planning, manufacturing and

26
27
28

production, among others.[11]  MGA has not provided any basis for asserting that this production is incomplete.  MGA's motion to compel responses to this Request should therefore be denied as moot.

There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit.  Documents discussing MY SCENE could very well be subject to a claim of privilege or work product protection.  Moreover, as MGA has itself argued, the parties have agreed that in general "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[12]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Similarly, MGA states that "Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden."  Yet, as MGA knows, the Discovery Master has already placed limits on the searches Mattel must make in producing documents, and this objection is only meant to invoke those issues that have already been settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel on all outstanding emails, holding that Mattel has produced all relevant emails and does not need to consult back-up tapes to complete its production).  MGA should not be permitted to circumvent prior Orders by seeking to overrule Mattel's objections here.

---

[11]  Webster Decl., ¶ 24.

[12]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1    Finally, MGA failed to meet and confer at all, much less in good faith,

2 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4 the moving party shall first identify each dispute, state the relief sought and identify

5 the authority supporting the requested relief in a meet and confer letter that shall be

6 served on all parties by facsimile or electronic mail. The parties shall have five court

7 days from the date of service of that letter to conduct an in-person conference to

8 attempt to resolve the dispute.").  At no point during the meet and confer process did

9 the parties discuss this Request or Mattel's response to it.[13]  In order to engage in a

10 meaningful meet and confer, MGA had the burden to show the relevance of any

11 requests it sought to move on.[14]   Because MGA refused to even attempt to make

12 this showing, there was no possibility of a good faith meet and confer to resolve the

13 parties' disputes.  The Discovery Master should deny MGA's motion with respect to

14 this Request on that grounds alone.

15 **REQUEST FOR PRODUCTION NO. 4:**

16    All DOCUMENTS REFERRING OR RELATING TO consideration

17 being given to changing the appearance, including but not limited to DOCUMENTS

18 REFERRING OR RELATING TO sculpts, face paint, and eye design, of the "MY

19 SCENE" dolls, as identified in paragraph 34 of the COMPLAINT, to the appearance

20 as identified in paragraphs 37-40 of the COMPLAINT.

21 **RESPONSE TO REQUEST NO. 4:**

22    In addition to the general objections stated above which are

23 incorporated herein by reference, Mattel objects to this Request on the grounds that

24

25    [13]   See Webster Decl., ¶¶ 6-20.

26    [14]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27 bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to this Request on the grounds that it is ambiguous and unintelligible in its use of the phrase "to the appearance as identified in" and in that it is contrary to fact. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, and to the extent not already produced, Mattel will produce responsive, non-privileged documents in its possession, custody or control that it can locate after a reasonable, good faith search relating to the design of the aspects of the MY SCENE products that MGA has accused of infringement.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

1   'overly burdensome and harassing' are improper – especially when a party fails to

2   submit any evidentiary declarations supporting such objections").  Accordingly,

3   Mattel must be compelled either to certify that it has produced all non-privileged

4   responsive documents or to produce all such documents by a date certain.

5        To the extent that Mattel is relying on its blanket objections, they are

6   not sustainable and do not justify Mattel's failure to produce documents.

7        As to overbreadth, Mattel provides no explanation, let alone the

8   required particularity, as to *why* this request is supposedly overly broad, nor can it

9   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

10  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

11  contrary, the request is narrowly tailored to seek documents concerning the

12  consideration given to changing the appearance of specific "MY SCENE" dolls as

13  identified in the Complaint.

14       As to burden, Mattel has not attempted to demonstrate why responding

15  to this request and/or producing responsive documents presents any burden.  This

16  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

17  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.")

20  Moreover, it is not unduly burdensome, as noted above, in that the request is

21  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

22  has engaged in a broad variety of unfair trade practices, including serial copying of

23  MGA products.  MGA is entitled to discovery on these claims.

24       This request does not seek documents protected by the attorney-client

25  privilege, the attorney work product doctrine, or other applicable privileges.  To the

26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27       Mattel objects that the request contains confidential, proprietary and

28  trade secret information.  A Protective Order exists in this case, obviating any

1  concern as to protection of privacy rights and/or commercially sensitive
2  information.

3       Mattel also objects to this request on relevance grounds.  MGA has
4  brought trade dress claims related to "MY SCENE" and has alleged claims of unfair
5  competition based on Mattel's serial copying and imitation of MGA's products.  As
6  such, documents related to the consideration given to changing the appearance of a
7  particular doll at issue in this case is highly relevant and likely to lead to the
8  discovery of admissible evidence.

9       Mattel has also improperly limited its agreement to produce by
10  redefining the scope of MGA's request.  While MGA requested documents related to
11  the consideration given to changing the appearance of the "MY SCENE" dolls,
12  Mattel has only agreed to produce documents related to the design of certain aspects
13  of the dolls that it deems accused of infringement.  Mattel is required to respond to
14  the request as originally drafted by MGA and may not unilaterally narrow and
15  rewrite MGA's requests.

16       None of Mattel's improper objections are valid and Mattel is obligated
17  to produce all non-privileged responsive documents in its possession, custody, or
18  control.

19  **MATTEL'S RESPONSE:**

20       MGA objects to Mattel's limitation that it will produce documents
21  related to "aspects of the MY SCENE products that MGA has accused of
22  infringement," but it provides no argument as to why this limitation is inappropriate.
23  Indeed, the parties previously agreed on the scope of these Requests and Mattel's
24  limitations.[15]

25
26  _____
27  [15]  June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.
28

1    There is simply no relevance to aspects of MY SCENE to which MGA

2  has made no allegations of copying.  MGA provides no argument on the subject,

3  instead unilaterally claiming that "Mattel is required to respond to the request as

4  originally drafted," despite simultaneously acknowledging that a party may object

5  "to part of a request [and] permit inspection of the rest."  MGA's objection to

6  Mattel's limitation is thus without merit.

7    Further, contrary to MGA's statement that Mattel will not confirm that

8  it has produced non-privileged documents, if MGA had met and conferred on these

9  issues, it would have learned that Mattel has already produced all relevant non-

10  privileged documents responsive to this Request.  Indeed, to date Mattel has already

11  produced over 350,000 pages regarding MY SCENE, without limitation by theme or

12  doll, including documents related to its design and development, packaging,

13  advertising, marketing, testing, themes, sales planning, manufacturing and

14  production, among others.[16]  MGA has not provided any basis for asserting that this

15  production is incomplete.  MGA's motion to compel responses to this Request

16  should therefore be denied as moot.

17    There is no basis for overruling Mattel's privilege objection.  MGA's

18  bald assertion that "this request does not seek information protected by the attorney-

19  client privilege, the attorney work product doctrine, or other applicable privileges"

20  has no merit.  Documents discussing MY SCENE could very well be subject to a

21  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

22  the parties have agreed that in general "all privileged documents would be logged

23  except for documents created after this action was filed on April 27, 2004."[17]  Thus,

24

25    [16]  Webster Decl., ¶ 24.

26    [17]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1 | to the extent privileged documents fall within the post lawsuit time period, they need
2 | not be included on Mattel's log.

3 |       Similarly, despite the Parties' prior agreement on the scope of this
4 | Request, MGA states that "Mattel has not attempted to demonstrate why responding
5 | to this request and/or producing responsive documents presents any burden." Yet,
6 | as MGA knows, the Discovery Master has already placed limits on the searches
7 | Mattel must make in producing documents, and this objection is only meant to
8 | invoke those issues that have already been settled. See, e.g., Order Denying MGA's
9 | Motion to Compel dated April 24, 2008 (denies Motion to Compel on all
10 | outstanding emails, holding that Mattel has produced all relevant emails and does
11 | not need to consult back-up tapes to complete its production). MGA should not be
12 | permitted to circumvent prior Orders by seeking to overrule Mattel's objections
13 | here.

14 |       Finally, MGA failed to meet and confer at all, much less in good faith,
15 | regarding this Request prior to filing its Motion. See Phase 2 Discovery Master
16 | Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
17 | the moving party shall first identify each dispute, state the relief sought and identify
18 | the authority supporting the requested relief in a meet and confer letter that shall be
19 | served on all parties by facsimile or electronic mail. The parties shall have five court
20 | days from the date of service of that letter to conduct an in-person conference to
21 | attempt to resolve the dispute."). At no point during the meet and confer process did
22 | the parties discuss this Request or Mattel's response to it.[18] In order to engage in a
23 | meaningful meet and confer, MGA had the burden to show the relevance of any

24
25
26
27

[18]  See Webster Decl., ¶¶ 6-20.

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1   requests it sought to move on.[19]   Because MGA refused to even attempt to make

2   this showing, there was no possibility of a good faith meet and confer to resolve the

3   parties' disputes.  The Discovery Master should deny MGA's motion with respect to

4   this Request on that grounds alone.

5   **REQUEST FOR PRODUCTION NO. 5:**

6            Photographs or pictures sufficient to illustrate every variation or

7   version of "MY SCENE" dolls ever released as a commercial product, including

8   without limitation, face paint, face paint plans or designs, eye designs, drafts, ideas

9   or concepts.

10  **RESPONSE TO REQUEST NO. 5:**

11           In addition to the general objections stated above which are

12  incorporated herein by reference, Mattel objects to this Request on the grounds that

13  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

14  documents on this subject without limitation as to time, and regardless of whether

15  such documents relate to products or matters at issue in this case.  Mattel further

16  objects to this Request to the extent that it purports to require Mattel to take

17  photographs or pictures of tangible items that are exemplified in tangible things.

18  Mattel further objects to the Request on the grounds that it seeks documents that are

19  not relevant to this action or likely to lead to the discovery of admissible evidence.

20  Mattel further objects to this Request on the grounds that it seeks confidential,

21  proprietary and trade secret information that has no bearing on the claims or

22  defenses in this case.  Mattel further objects to this Request on the grounds that it

23  calls for the disclosure of information subject to the attorney-client privilege, the

24  attorney work-product doctrine and other applicable privileges.

25  _____

26   [19]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1   Subject to and without waiving the foregoing general and specific
2   objections, and to the extent not already produced, Mattel will produce responsive,
3   non-privileged product exemplars in its possession, custody or control that it can
4   locate after a reasonable, good faith search sufficient to depict the aspects of the MY
5   SCENE products that MGA has accused of infringement.

6   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
7   **TO SHOULD BE COMPELLED**

8   Mattel has improperly limited its agreement to produce documents in
9   response to this request, subject to its improper boilerplate objections.  Mattel has
10  refused to confirm whether or not it has produced all non-privileged responsive
11  documents or whether it is withholding documents based on its objections in Phase
12  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
13  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).
14  Generic objections that fail to explain the basis for an objection with specificity are
15  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
16  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
17  'overly burdensome and harassing' are improper – especially when a party fails to
18  submit any evidentiary declarations supporting such objections").  Accordingly,
19  Mattel must be compelled either to certify that it has produced all non-privileged
20  responsive documents or to produce all such documents by a date certain.

21  To the extent that Mattel is relying on its blanket objections, they are
22  not sustainable and do not justify Mattel's failure to produce documents.

23  As to overbreadth, Mattel provides no explanation, let alone the
24  requiredparticularity, as to *why* this request is supposedly overly broad, nor can it do
25  so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20
26  (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
27  contrary, the request is narrowly tailored to seek photographs or pictures that are

28

1   sufficient to illustrate each variation or version of "MY SCENE" dolls that have

2   been released as a commercial product.

3        As to burden, Mattel has not attempted to demonstrate why responding

4   to this request and/or producing responsive documents presents any burden.  This

5   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

6   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7   request is unduly burdensome must allege specific facts which indicate the nature

8   and extent of the burden, usually by affidavit or other reliable evidence.")

9   Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11  has engaged in a broad variety of unfair trade practices, including serial copying of

12  MGA products and trade dress infringement.  MGA is entitled to discovery on these

13  claims.

14       This request does not seek documents protected by the attorney-client

15  privilege, the attorney work product doctrine, or other applicable privileges.  To the

16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17       Mattel objects that the request contains confidential, proprietary and

18  trade secret information.  A Protective Order exists in this case, obviating any

19  concern as to protection of privacy rights and/or commercially sensitive

20  information.

21       Mattel also objects to this request on relevance grounds.  MGA has

22  brought trade dress claims related to "MY SCENE" and has alleged claims of unfair

23  competition based on Mattel's serial copying and imitation of MGA's products.  As

24  such, the appearance of each variation or version of the "MY SCENE" dolls is

25  highly relevant and likely to lead to the discovery of admissible evidence.

26       Mattel has also improperly limited its agreement to produce by

27  redefining the scope of MGA's request.  While MGA requested photographs or

28  pictures sufficient to illustrate each variation or version of the "MY SCENE" dolls

00505.07975/3121201.5

-25-

1  release as a commercial product, Mattel has only agreed to produce "product

2  exemplars" sufficient to depict certain aspects of the dolls.  Mattel is required to

3  respond to the request as originally drafted by MGA and may not unilaterally

4  narrow and rewrite MGA's requests.

5  　　　　　None of Mattel's improper objections are valid and Mattel is obligated

6  to produce all non-privileged responsive documents in its possession, custody, or

7  control.

8  **MATTEL'S RESPONSE:**

9  　　　　　MGA objects to Mattel's limitation that it will produce documents

10  related to "aspects of the MY SCENE products that MGA has accused of

11  infringement," but it provides no argument as to why this limitation is inappropriate.

12  Indeed, the parties previously agreed on the scope of these Requests and Mattel's

13  limitations.[20]

14  　　　　　There is simply no relevance to aspects of MY SCENE to which MGA

15  has made no allegations of copying.  MGA provides no argument on the subject,

16  instead unilaterally claiming that "Mattel is required to respond to the request as

17  originally drafted," despite simultaneously acknowledging that a party may object

18  "to part of a request [and] permit inspection of the rest."  MGA's objection to

19  Mattel's limitation is thus without merit.

20  　　　　　Further, contrary to MGA's statement that Mattel will not confirm that

21  it has produced non-privileged documents, if MGA had met and conferred on these

22  issues, it would have learned that Mattel has already produced all relevant non-

23  privileged documents responsive to this Request.  Indeed, to date Mattel has already

24  produced over 350,000 pages regarding MY SCENE, without limitation by theme or

25  doll, including documents related to its design and development, packaging,

26  

27  [20]  June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

28

1    advertising, marketing, testing, themes, sales planning, manufacturing and

2    production, among others.[21]  MGA has not provided any basis for asserting that this

3    production is incomplete.  MGA's motion to compel responses to this Request

4    should therefore be denied as moot.

5            There is no basis for overruling Mattel's privilege objection.  MGA's

6    bald assertion that "this request does not seek information protected by the attorney-

7    client privilege, the attorney work product doctrine, or other applicable privileges"

8    has no merit.  Documents discussing MY SCENE could very well be subject to a

9    claim of privilege or work product protection.  Moreover, as MGA has itself argued,

10   the parties have agreed that in general "all privileged documents would be logged

11   except for documents created after this action was filed on April 27, 2004."[22]  Thus,

12   to the extent privileged documents fall within the post lawsuit time period, they need

13   not be included on Mattel's log.

14           Similarly, despite the Parties' prior agreement on the scope of this

15   Request, MGA states that "Mattel has not attempted to demonstrate why responding

16   to this request and/or producing responsive documents presents any burden."  Yet,

17   as MGA knows, the Discovery Master has already placed limits on the searches

18   Mattel must make in producing documents, and this objection is only meant to

19   invoke those issues that have already been settled.  See, e.g., Order Denying MGA's

20   Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

21   outstanding emails, holding that Mattel has produced all relevant emails and does

22   not need to consult back-up tapes to complete its production).  MGA should not be

23

24

25       [21]   Webster Decl., ¶ 24.

26       [22]   See Order Denying Mattel's Motion for Protective Order Limiting the
     Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
27   3.

28

1  permitted to circumvent prior Orders by seeking to overrule Mattel's objections

2  here.

3  　　　　Finally, MGA failed to meet and confer at all, much less in good faith,

4  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

5  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

6  the moving party shall first identify each dispute, state the relief sought and identify

7  the authority supporting the requested relief in a meet and confer letter that shall be

8  served on all parties by facsimile or electronic mail. The parties shall have five court

9  days from the date of service of that letter to conduct an in-person conference to

10  attempt to resolve the dispute.").  At no point during the meet and confer process did

11  the parties discuss this Request or Mattel's response to it.[23]  In order to engage in a

12  meaningful meet and confer, MGA had the burden to show the relevance of any

13  requests it sought to move on.[24]  Because MGA refused to even attempt to make

14  this showing, there was no possibility of a good faith meet and confer to resolve the

15  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

16  this Request on that grounds alone.

17  **REQUEST FOR PRODUCTION NO. 6:**

18  　　　　Photographs or pictures sufficient to illustrate every variation or

19  version of "MY SCENE" dolls considered by YOU but never released as a

20  commercial product, including without limitation, face paint, face paint plans or

21  designs, eye designs; drafts, ideas or concepts.

22

23

24

25  [23]  See Webster Decl., ¶¶ 6-20.

26  [24]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

00505.07975/3121201.5

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET ONE)

**RESPONSE TO REQUEST NO. 6:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence in that dolls that were never released as a commercial product are not at issue in this action. Mattel further objects to this Request as vague and ambiguous in its use of the term "drafts" in this context. Mattel further objects to this Request in that it purports to require Mattel to create photographs or pictures that were not otherwise created in the normal course of business. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, and to the extent not already produced, Mattel will produce responsive, non-privileged documents or else tangible exemplars in its possession, custody or control that it can locate after a reasonable, good faith search sufficient to depict the design and development of the aspects of the MY SCENE products that MGA has accused of infringement.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive

1  documents or whether it is withholding documents based on its objections in Phase

2  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

3  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

4  Generic objections that fail to explain the basis for an objection with specificity are

5  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

6  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

7  'overly burdensome and harassing' are improper – especially when a party fails to

8  submit any evidentiary declarations supporting such objections").  Accordingly,

9  Mattel must be compelled either to certify that it has produced all non-privileged

10  responsive documents or to produce all such documents by a date certain.

11        To the extent that Mattel is relying on its blanket objections, they are

12  not sustainable and do not justify Mattel's failure to produce documents.

13        As to overbreadth, Mattel provides no explanation, let alone the

14  required particularity, as to *why* this request is supposedly overly broad, nor can it

15  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

16  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

17  contrary, the request is narrowly tailored to seek photographs or pictures that are

18  sufficient to illustrate each variation or version of "MY SCENE" dolls considered by

19  Mattel but not released.

20        As to burden, Mattel has not attempted to demonstrate why responding

21  to this request and/or producing responsive documents presents any burden.  This

22  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

23  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24  request is unduly burdensome must allege specific facts which indicate the nature

25  and extent of the burden, usually by affidavit or other reliable evidence.")

26  Moreover, it is not unduly burdensome, as noted above, in that the request is

27  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

28

1   has engaged in a broad variety of unfair trade practices, including serial copying of

2   MGA products.  MGA is entitled to discovery on these claims.

3         This request does not seek documents protected by the attorney-client

4   privilege, the attorney work product doctrine, or other applicable privileges.  To the

5   extent that Mattel contends that it does, Mattel must provide a privilege log.

6         Mattel objects that the request contains confidential, proprietary and

7   trade secret information.  A Protective Order exists in this case, obviating any

8   concern as to protection of privacy rights and/or commercially sensitive

9   information.

10        Mattel also objects to this request on relevance grounds.  MGA has

11  brought trade dress claims related to "MY SCENE" and has alleged claims of unfair

12  competition based on Mattel's serial copying and imitation of MGA's products.  As

13  such, the appearance of "MY SCENE" dolls that Mattel considered, even if they did

14  not end up releasing them as a commercial product, are highly relevant and likely to

15  lead to the discovery of admissible evidence.

16        Mattel has also improperly limited its agreement to produce by

17  redefining the scope of MGA's request.  While MGA requested photographs or

18  pictures sufficient to illustrate each variation or version of "MY SCENE" dolls

19  considered but not released, Mattel has only agreed to produce documents or

20  exemplars sufficient to depict certain aspects of the dolls.  Mattel is required to

21  respond to the request as originally drafted by MGA and may not unilaterally

22  narrow and rewrite MGA's requests.

23        None of Mattel's improper objections are valid and Mattel is obligated

24  to produce all non-privileged responsive documents in its possession, custody, or

25  control.

26  **MATTEL'S RESPONSE:**

27        MGA objects to Mattel's limitation that it will produce documents

28  related to "aspects of the MY SCENE products that MGA has accused of

infringement," but it provides no argument as to why this limitation is inappropriate. Indeed, the parties previously agreed on the scope of these Requests and Mattel's limitations.[25]

There is simply no relevance to aspects of MY SCENE to which MGA has made no allegations of copying.  MGA provides no argument on the subject, instead unilaterally claiming that "Mattel is required to respond to the request as originally drafted," despite simultaneously acknowledging that a party may object "to part of a request [and] permit inspection of the rest."  MGA's objection to Mattel's limitation is thus without merit.

Further, contrary to MGA's statement that Mattel will not confirm that it has produced non-privileged documents, if MGA had met and conferred on these issues, it would have learned that Mattel has already produced all relevant non-privileged documents responsive to this Request.  Indeed, to date Mattel has already produced over 350,000 pages regarding MY SCENE, without limitation by theme or doll, including documents related to its design and development, packaging, advertising, marketing, testing, themes, sales planning, manufacturing and production, among others.[26]  MGA has not provided any basis for asserting that this production is incomplete.  MGA's motion to compel responses to this Request should therefore be denied as moot.

There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit.  Documents discussing MY SCENE could very well be subject to a claim of privilege or work product protection.  Moreover, as MGA has itself argued, the parties have agreed that in general "all privileged documents would be logged

---

[25]   June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

-32-

except for documents created after this action was filed on April 27, 2004."[27]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Similarly, despite the Parties' prior agreement on the scope of this Request, MGA states that "Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden."  Yet, as MGA knows, the Discovery Master has already placed limits on the searches Mattel must make in producing documents, and this objection is only meant to invoke those issues that have already been settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel on all outstanding emails, holding that Mattel has produced all relevant emails and does not need to consult back-up tapes to complete its production).  MGA should not be permitted to circumvent prior Orders by seeking to overrule Mattel's objections here.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute.").  At no point during the meet and confer process did

---

[26]  Webster Decl., ¶ 24.

[27]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

the parties discuss this Request or Mattel's response to it.[28]  In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[29]  Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes.  The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS REFERRING OR RELATING TO changes to "MY SCENE" from the appearance as identified in paragraph 34 of the COMPLAINT to the appearance as identified in paragraphs 37-40 of the COMPLAINT including, without limitation, the sculpt, face paint plans or designs, eye designs, ideas, and drafts.

**RESPONSE TO REQUEST NO. 7:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case.  Mattel further objects to this Request on the grounds that it is unintelligible and contrary to fact in its use of the term "changes," including without limitation with respect to head sculpts, and in its use of the term "drafts" in this context.  Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence.  Mattel further objects to this Request on

---

[28]  See Webster Decl., ¶¶ 6-20.

1    the grounds that it seeks confidential, proprietary and trade secret information that
2    has no bearing on the claims or defenses in this case.  Mattel further objects to this
3    Request on the grounds that it calls for the disclosure of information subject to the
4    attorney-client privilege, the attorney work-product doctrine and other applicable
5    privileges.

6           Subject to and without waiving the foregoing general and specific
7    objections, and to the extent not already produced, Mattel will produce responsive,
8    non-privileged documents in its possession, custody or control that it can locate after
9    a reasonable, good faith search relating to the design and development of the aspects
10   of the MY SCENE products that MGA has accused of infringement.

11   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
12   **TO SHOULD BE COMPELLED**

13          Mattel has improperly limited its agreement to produce documents in
14   response to this request, subject to its improper boilerplate objections.  Mattel has
15   refused to confirm whether or not it has produced all non-privileged responsive
16   documents or whether it is withholding documents based on its objections in Phase
17   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
18   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
19   Generic objections that fail to explain the basis for an objection with specificity are
20   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
21   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
22   'overly burdensome and harassing' are improper – especially when a party fails to
23   submit any evidentiary declarations supporting such objections").  Accordingly,

24

25

26   [29]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27   bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
     1390794 at *1 (S.D. Cal. May 14, 2009).

28

1 Mattel must be compelled either to certify that it has produced all non-privileged
2 responsive documents or to produce all such documents by a date certain.

3         To the extent that Mattel is relying on its blanket objections, they are
4 not sustainable and do not justify Mattel's failure to produce documents.

5         As to overbreadth, Mattel provides no explanation, let alone the
6 required particularity, as to *why* this request is supposedly overly broad, nor can it
7 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
8 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
9 contrary, the request is narrowly tailored to seek documents concerning changes
10 made to the appearance of the "MY SCENE" dolls as identified in the complaint.

11         As to burden, Mattel has not attempted to demonstrate why responding
12 to this request and/or producing responsive documents presents any burden. This
13 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
14 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
15 request is unduly burdensome must allege specific facts which indicate the nature
16 and extent of the burden, usually by affidavit or other reliable evidence.")
17 Moreover, it is not unduly burdensome, as noted above, in that the request is
18 narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
19 has engaged in a broad variety of unfair trade practices, including serial copying of
20 MGA products and trade dress infringement. MGA is entitled to discovery on these
21 claims.

22         This request does not seek documents protected by the attorney-client
23 privilege, the attorney work product doctrine, or other applicable privileges. To the
24 extent that Mattel contends that it does, Mattel must provide a privilege log.

25         Mattel objects that the request contains confidential, proprietary and
26 trade secret information. A Protective Order exists in this case, obviating any
27 concern as to protection of privacy rights and/or commercially sensitive
28 information.

1    Mattel also objects to this request on relevance grounds.  MGA has

2   brought trade dress claims related to "MY SCENE" and has alleged claims of unfair

3   competition based on Mattel's serial copying and imitation of MGA's products.   As

4   such, documents related to any changes made to the appearance of "MY SCENE"

5   dolls are highly relevant and likely to lead to the discovery of admissible evidence.

6    Mattel has also improperly limited its agreement to produce by

7   redefining the scope of MGA's request.  While MGA requested documents related to

8   changes to the appearance of the "MY SCENE" dolls, Mattel has only agreed to

9   produce documents related to the design or development of certain aspects of the

10   dolls that it deems accused of infringement.  Mattel is required to respond to the

11   request as originally drafted by MGA and may not unilaterally narrow and rewrite

12   MGA's requests.

13    None of Mattel's improper objections are valid and Mattel is obligated

14   to produce all non-privileged responsive documents in its possession, custody, or

15   control.

16   **MATTEL'S RESPONSE:**

17    MGA objects to Mattel's limitation that it will produce documents

18   related to "aspects of the MY SCENE products that MGA has accused of

19   infringement," but it provides no argument as to why this limitation is inappropriate.

20   Indeed, the parties previously agreed on the scope of these Requests and Mattel's

21   limitations.[30]

22    There is simply no relevance to aspects of MY SCENE to which MGA

23   has made no allegations of copying.  MGA provides no argument on the subject,

24   instead unilaterally claiming that "Mattel is required to respond to the request as

25   originally drafted," despite simultaneously acknowledging that a party may object

26   

27   [30]  June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

28

1   "to part of a request [and] permit inspection of the rest."  MGA's objection to

2   Mattel's limitation is thus without merit.

3          Further, contrary to MGA's statement that Mattel will not confirm that

4   it has produced non-privileged documents, if MGA had met and conferred on these

5   issues, it would have learned that Mattel has already produced all relevant non-

6   privileged documents responsive to this Request.  Indeed, to date Mattel has already

7   produced over 350,000 pages regarding MY SCENE, without limitation by theme or

8   doll, including documents related to its design and development, packaging,

9   advertising, marketing, testing, themes, sales planning, manufacturing and

10  production, among others.[31]  MGA has not provided any basis for asserting that this

11  production is incomplete.  MGA's motion to compel responses to this Request

12  should therefore be denied as moot.

13         There is no basis for overruling Mattel's privilege objection.  MGA's

14  bald assertion that "this request does not seek information protected by the attorney-

15  client privilege, the attorney work product doctrine, or other applicable privileges"

16  has no merit.  Documents discussing MY SCENE could very well be subject to a

17  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

18  the parties have agreed that in general "all privileged documents would be logged

19  except for documents created after this action was filed on April 27, 2004."[32]  Thus,

20  to the extent privileged documents fall within the post lawsuit time period, they need

21  not be included on Mattel's log.

22         Similarly, despite the Parties' prior agreement on the scope of this

23  Request, MGA states that "Mattel has not attempted to demonstrate why responding

24

25     [31]   Webster Decl., ¶ 24.

26     [32]   See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.

28

1   to this request and/or producing responsive documents presents any burden." Yet,

2   as MGA knows, the Discovery Master has already placed limits on the searches

3   Mattel must make in producing documents, and this objection is only meant to

4   invoke those issues that have already been settled. See, e.g., Order Denying MGA's

5   Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

6   outstanding emails, holding that Mattel has produced all relevant emails and does

7   not need to consult back-up tapes to complete its production).  MGA should not be

8   permitted to circumvent prior Orders by seeking to overrule Mattel's objections

9   here.

10        Finally, MGA failed to meet and confer at all, much less in good faith,

11  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

12  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

13  the moving party shall first identify each dispute, state the relief sought and identify

14  the authority supporting the requested relief in a meet and confer letter that shall be

15  served on all parties by facsimile or electronic mail. The parties shall have five court

16  days from the date of service of that letter to conduct an in-person conference to

17  attempt to resolve the dispute.").  At no point during the meet and confer process did

18  the parties discuss this Request or Mattel's response to it.[33]  In order to engage in a

19  meaningful meet and confer, MGA had the burden to show the relevance of any

20  requests it sought to move on.[34]   Because MGA refused to even attempt to make

21  this showing, there was no possibility of a good faith meet and confer to resolve the

22  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

23  this Request on that grounds alone.

24

25     [33]   See Webster Decl., ¶¶ 6-20.

26     [34]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS which support YOUR assertions in paragraphs 27 and 30 of YOUR ANSWER regarding dolls identified in paragraphs 37 and 40 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 8:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, and to the extent not already produced, Mattel will produce responsive, non-privileged documents or else product exemplars in its possession, custody or control that it can locate after a reasonable, good faith search sufficient to show the appearance and the timing of the release and sale of dolls that are referenced by Mattel in response to paragraphs 37 and 40 of MGA's Complaint.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has

-40-

refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents which support the allegations in paragraphs 27 and 30 of Mattel's answer.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA is entitled to discovery related to allegations made by Mattel.

1    This request does not seek documents protected by the attorney-client
2    privilege, the attorney work product doctrine, or other applicable privileges.  To the
3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    Mattel objects that the request contains confidential, proprietary and
5    trade secret information.  A Protective Order exists in this case, obviating any
6    concern as to protection of privacy rights and/or commercially sensitive
7    information.

8    Mattel also objects to this request on relevance grounds.  Documents
9    which may support allegations made by Mattel in its answer are highly relevant and
10   likely to lead to the discovery of admissible evidence.

11   Mattel has also improperly limited its agreement to produce by
12   redefining the scope of MGA's request.  While MGA requested all documents which
13   support certain allegations in Mattel's answer, Mattel has only agreed to produce
14   documents *or* product exemplars ***sufficient to show*** the appearance and the timing
15   of the release and sale of certain dolls.  Mattel is required to respond to the request
16   as originally drafted by MGA and may not unilaterally narrow and rewrite MGA's
17   requests.

18   None of Mattel's improper objections are valid and Mattel is obligated
19   to produce all non-privileged responsive documents in its possession, custody, or
20   control.

21   **MATTEL'S RESPONSE:**

22   MGA objects to Mattel's limitation that it will produce documents
23   related to "appearance and the timing of the release and sale of dolls that are
24   referenced by Mattel in response to paragraphs 37 and 40," but it provides no
25   argument as to why it is inappropriate, instead unilaterally claiming that "Mattel is
26   required to respond to the request as originally drafted," despite simultaneously
27   acknowledging that a party may object "to part of a request [and] permit inspection
28   of the rest."  MGA's objection to Mattel's limitation is thus without merit.

1      Further, contrary to MGA's statement that Mattel will not confirm that

2   it has produced non-privileged documents, if MGA had met and conferred on these

3   issues, it would have learned that Mattel has already produced all relevant non-

4   privileged documents responsive to this Request.  Indeed, to date Mattel has already

5   produced over 350,000 pages regarding MY SCENE, without limitation by theme or

6   doll, including documents related to its design and development, packaging,

7   advertising, marketing, testing, themes, sales planning, manufacturing and

8   production, among others.[35]  MGA has not provided any basis for asserting that this

9   production is incomplete.  MGA's motion to compel responses to this Request

10  should therefore be denied as moot.

11      There is no basis for overruling Mattel's privilege objection.  MGA's

12  bald assertion that "this request does not seek information protected by the attorney-

13  client privilege, the attorney work product doctrine, or other applicable privileges"

14  has no merit.  Documents discussing MY SCENE could very well be subject to a

15  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

16  the parties have agreed that in general "all privileged documents would be logged

17  except for documents created after this action was filed on April 27, 2004."[36]  Thus,

18  to the extent privileged documents fall within the post lawsuit time period, they need

19  not be included on Mattel's log.

20      Similarly, MGA states that "Mattel has not attempted to demonstrate

21  why responding to this request and/or producing responsive documents presents any

22  burden."  Yet, as MGA knows, the Discovery Master has already placed limits on

23  the searches Mattel must make in producing documents, and this objection is only

24

25      [35]  Webster Decl., ¶ 24.

26      [36]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1   meant to invoke those issues that have already been settled. See, e.g., Order
2   Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel
3   on all outstanding emails, holding that Mattel has produced all relevant emails and
4   does not need to consult back-up tapes to complete its production). MGA should
5   not be permitted to circumvent prior Orders by seeking to overrule Mattel's
6   objections here.

7          Finally, MGA failed to meet and confer at all, much less in good faith,
8   regarding this Request prior to filing its Motion. See Phase 2 Discovery Master
9   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
10  the moving party shall first identify each dispute, state the relief sought and identify
11  the authority supporting the requested relief in a meet and confer letter that shall be
12  served on all parties by facsimile or electronic mail. The parties shall have five court
13  days from the date of service of that letter to conduct an in-person conference to
14  attempt to resolve the dispute."). At no point during the meet and confer process did
15  the parties discuss this Request or Mattel's response to it.[37] In order to engage in a
16  meaningful meet and confer, MGA had the burden to show the relevance of any
17  requests it sought to move on.[38] Because MGA refused to even attempt to make
18  this showing, there was no possibility of a good faith meet and confer to resolve the
19  parties' disputes. The Discovery Master should deny MGA's motion with respect to
20  this Request on that grounds alone.

21
22
23
24
25      [37]  See Webster Decl., ¶¶ 6-20.
26      [38]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. May 14, 2009).
28

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS which support YOUR assertions in paragraphs 28 and 29 of YOUR ANSWER regarding eye designs identified in paragraphs 38 and 39 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 9:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to this Request as incomprehensible and premature in that MGA has failed and refused to produce documents that evidence its supposed rights in the "Bratz eye" or any other matter. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, and to the extent not already produced, Mattel will produce responsive, non-privileged documents or product exemplars in its possession, custody or control that it can locate after a reasonable, good faith search supporting its response to paragraphs 38 and 39 of MGA's Complaint.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase

2.   Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the contrary, the request is narrowly tailored to seek documents which support the allegations in paragraphs 28 and 29 of Mattel's answer.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden.  This objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.")  Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.  MGA is entitled to discovery related to its claims, and to allegations made by Mattel in answering those claims.

1      This request does not seek documents protected by the attorney-client

2  privilege, the attorney work product doctrine, or other applicable privileges. To the

3  extent that Mattel contends that it does, Mattel must provide a privilege log.

4      Mattel objects that the request contains confidential, proprietary and

5  trade secret information. A Protective Order exists in this case, obviating any

6  concern as to protection of privacy rights and/or commercially sensitive

7  information.

8      Mattel also objects to this request on relevance grounds. Documents

9  which may support allegations made by Mattel in its answer are highly relevant and

10  likely to lead to the discovery of admissible evidence.

11      Mattel has also improperly limited its agreement to produce by

12  redefining the scope of MGA's request. While MGA requested all documents which

13  support certain allegations in Mattel's answer, Mattel has only agreed to produce

14  documents *or* product exemplars. Mattel is required to respond to the request as

15  originally drafted by MGA and may not unilaterally narrow and rewrite MGA's

16  requests.

17      None of Mattel's improper objections are valid and Mattel is obligated

18  to produce all non-privileged responsive documents in its possession, custody, or

19  control.

20  **MATTEL'S RESPONSE:**

21      Manufacturing a dispute where none exists, MGA complains that

22  Mattel has limited its response to documents "supporting its response to paragraphs

23  38 and 39 of MGA's Complaint." But this *exact* limitation appears in the request.

24  MGA cannot oblige Mattel to respond to a broader request than it propounded.

25  MGA's objection to Mattel's limitation is thus without merit.

26      Further, contrary to MGA's statement that Mattel will not confirm that

27  it has produced non-privileged documents, if MGA had met and conferred on these

28  issues, it would have learned that Mattel has already produced all relevant non-

1   privileged documents responsive to this Request.  Indeed, to date Mattel has already

2   produced over 350,000 pages regarding MY SCENE, without limitation by theme or

3   doll, including documents related to its design and development, packaging,

4   advertising, marketing, testing, themes, sales planning, manufacturing and

5   production, among others.[39]  MGA has not provided any basis for asserting that this

6   production is incomplete.  MGA's motion to compel responses to this Request

7   should therefore be denied as moot.

8          There is no basis for overruling Mattel's privilege objection.  MGA's

9   bald assertion that "this request does not seek information protected by the attorney-

10   client privilege, the attorney work product doctrine, or other applicable privileges"

11   has no merit.  Documents discussing MY SCENE could very well be subject to a

12   claim of privilege or work product protection.  Moreover, as MGA has itself argued,

13   the parties have agreed that in general "all privileged documents would be logged

14   except for documents created after this action was filed on April 27, 2004."[40]  Thus,

15   to the extent privileged documents fall within the post lawsuit time period, they need

16   not be included on Mattel's log.

17          Similarly, MGA states that "Mattel has not attempted to demonstrate

18   why responding to this request and/or producing responsive documents presents any

19   burden."  Yet, as MGA knows, the Discovery Master has already placed limits on

20   the searches Mattel must make in producing documents, and this objection is only

21   meant to invoke those issues that have already been settled.  See, e.g., Order

22   Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel

23   on all outstanding emails, holding that Mattel has produced all relevant emails and

24

---

25   [39]  Webster Decl., ¶ 24.

26   [40]  See Order Denying Mattel's Motion for Protective Order Limiting the
     Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

27   3.

28

1   does not need to consult back-up tapes to complete its production).  MGA should

2   not be permitted to circumvent prior Orders by seeking to overrule Mattel's

3   objections here.

4        Finally, MGA failed to meet and confer at all, much less in good faith,

5   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

6   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

7   the moving party shall first identify each dispute, state the relief sought and identify

8   the authority supporting the requested relief in a meet and confer letter that shall be

9   served on all parties by facsimile or electronic mail. The parties shall have five court

10  days from the date of service of that letter to conduct an in-person conference to

11  attempt to resolve the dispute.").  At no point during the meet and confer process did

12  the parties discuss this Request or Mattel's response to it.[41]  In order to engage in a

13  meaningful meet and confer, MGA had the burden to show the relevance of any

14  requests it sought to move on.[42]  Because MGA refused to even attempt to make

15  this showing, there was no possibility of a good faith meet and confer to resolve the

16  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

17  this Request on that grounds alone.

18  **REQUEST FOR PRODUCTION NO. 10:**

19       All DOCUMENTS REFERRING OR RELATING TO the design,

20  development, themes, conception or creation of the packaging or artwork of "MY

21  SCENE" including without limitation, the motivation, purpose, or inspiration for the

22  packaging or artwork.

23

24

25  [41]  See Webster Decl., ¶¶ 6-20.

26  [42]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

**RESPONSE TO REQUEST NO. 10:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products, packaging or matters at issue in this case. Mattel further objects to this Request as overbroad, unduly burdensome and unintelligible in its use of the term "artwork" in this context. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, and to the extent not already produced, Mattel will produce responsive, non-privileged documents in its possession, custody or control that it can locate after a reasonable, good faith search relating to the design, development, conception and creation of the aspects of the MY SCENE packaging that MGA has accused of infringement.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

1 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

2 Generic objections that fail to explain the basis for an objection with specificity are

3 routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

4 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

5 'overly burdensome and harassing' are improper – especially when a party fails to

6 submit any evidentiary declarations supporting such objections").  Accordingly,

7 Mattel must be compelled either to certify that it has produced all non-privileged

8 responsive documents or to produce all such documents by a date certain.

9          To the extent that Mattel is relying on its blanket objections, they are

10 not sustainable and do not justify Mattel's failure to produce documents.

11          As to overbreadth, Mattel provides no explanation, let alone the

12 required particularity, as to *why* this request is supposedly overly broad, nor can it

13 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

14 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

15 contrary, the request is narrowly tailored to seek documents concerning the design,

16 development, themes, conception or creation of the packaging or artwork of "My

17 Scene."

18          As to burden, Mattel has not attempted to demonstrate why responding

19 to this request and/or producing responsive documents presents any burden.  This

20 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

21 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22 request is unduly burdensome must allege specific facts which indicate the nature

23 and extent of the burden, usually by affidavit or other reliable evidence.")

24 Moreover, it is not unduly burdensome, as noted above, in that the request is

25 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

26 has engaged in a broad variety of unfair trade practices, including serial copying of

27 MGA products and trade dress infringement.  MGA is entitled to discovery on these

28 claims.

1    This request does not seek documents protected by the attorney-client
2    privilege, the attorney work product doctrine, or other applicable privileges. To the
3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    Mattel objects that the request contains confidential, proprietary and
5    trade secret information. A Protective Order exists in this case, obviating any
6    concern as to protection of privacy rights and/or commercially sensitive
7    information.

8    Mattel also objects to this request on relevance grounds. MGA has
9    brought trade dress claims related to "MY SCENE" and has alleged claims of unfair
10   competition based on Mattel's serial copying and imitation of MGA's products. As
11   such, documents related to the design, development, themes, conception or creation
12   of the packaging or artwork of "MY SCENE" are highly relevant and likely to lead
13   to the discovery of admissible evidence.

14   Mattel has also improperly limited its agreement to produce by
15   redefining the scope of MGA's request. While MGA requested all documents
16   relating to the design, development, *themes*, conception or creation of the packaging
17   *or artwork* of "MY SCENE," Mattel has only agreed to produce documents relating
18   to the design, development, conception and creation of certain aspects of packaging
19   of "MY SCENE." Mattel is required to respond to the request as originally drafted
20   by MGA and may not unilaterally narrow and rewrite MGA's requests.

21   None of Mattel's improper objections are valid and Mattel is obligated
22   to produce all non-privileged responsive documents in its possession, custody, or
23   control.

24   **MATTEL'S RESPONSE:**

25   MGA objects to Mattel's limitation that it will produce documents
26   related to "aspects of the MY SCENE packaging that MGA has accused of
27   infringement," but it provides no argument as to why this limitation is inappropriate.

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1  Indeed, the parties previously agreed on the scope of these Requests and Mattel's
2  limitations.[43]

3        There is simply no relevance to aspects of MY SCENE to which MGA
4  has made no allegations of copying.  MGA provides no argument on the subject,
5  instead unilaterally claiming that "Mattel is required to respond to the request as
6  originally drafted," despite simultaneously acknowledging that a party may object
7  "to part of a request [and] permit inspection of the rest."  MGA's objection to
8  Mattel's limitation is thus without merit.

9        Further, contrary to MGA's statement that Mattel will not confirm that
10  it has produced non-privileged documents, if MGA had met and conferred on these
11  issues, it would have learned that Mattel has already produced all relevant non-
12  privileged documents responsive to this Request.  Indeed, to date Mattel has already
13  produced over 350,000 pages regarding MY SCENE, without limitation by theme or
14  doll, including documents related to its design and development, packaging,
15  advertising, marketing, testing, themes, sales planning, manufacturing and
16  production, among others.[44]  MGA has not provided any basis for asserting that this
17  production is incomplete.  MGA's motion to compel responses to this Request
18  should therefore be denied as moot.

19        There is no basis for overruling Mattel's privilege objection.  MGA's
20  bald assertion that "this request does not seek information protected by the attorney-
21  client privilege, the attorney work product doctrine, or other applicable privileges"
22  has no merit.  Documents discussing MY SCENE could very well be subject to a
23  claim of privilege or work product protection.  Moreover, as MGA has itself argued,
24  the parties have agreed that in general "all privileged documents would be logged

25
26
27  [43]  June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.
       [44]  Webster Decl., ¶ 24.
28

1  except for documents created after this action was filed on April 27, 2004."[45]  Thus,

2  to the extent privileged documents fall within the post lawsuit time period, they need

3  not be included on Mattel's log.

4     Similarly, despite the Parties' prior agreement on the scope of this

5  Request, MGA states that "Mattel has not attempted to demonstrate why responding

6  to this request and/or producing responsive documents presents any burden."  Yet,

7  as MGA knows, the Discovery Master has already placed limits on the searches

8  Mattel must make in producing documents, and this objection is only meant to

9  invoke those issues that have already been settled.  <u>See, e.g.</u>, Order Denying MGA's

10  Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

11  outstanding emails, holding that Mattel has produced all relevant emails and does

12  not need to consult back-up tapes to complete its production).  MGA should not be

13  permitted to circumvent prior Orders by seeking to overrule Mattel's objections

14  here.

15     Finally, MGA failed to meet and confer at all, much less in good faith,

16  regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master

17  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

18  the moving party shall first identify each dispute, state the relief sought and identify

19  the authority supporting the requested relief in a meet and confer letter that shall be

20  served on all parties by facsimile or electronic mail. The parties shall have five court

21  days from the date of service of that letter to conduct an in-person conference to

22  attempt to resolve the dispute.").  At no point during the meet and confer process did

23  the parties discuss this Request or Mattel's response to it.[46]  In order to engage in a

24

25   [45]  <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the

26  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

27  3.

 [46]  <u>See</u> Webster Decl., ¶¶ 6-20.

28

-54-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1   meaningful meet and confer, MGA had the burden to show the relevance of any
2   requests it sought to move on.[47]   Because MGA refused to even attempt to make
3   this showing, there was no possibility of a good faith meet and confer to resolve the
4   parties' disputes.  The Discovery Master should deny MGA's motion with respect to
5   this Request on that grounds alone.

6
7   **REQUEST FOR PRODUCTION NO. 11:**

8               All DOCUMENTS REFERRING OR RELATING TO the
9   development of the product design trade dress or packaging trade dress of "MY
10  SCENE," including but not limited to the total image, design and appearance of the
11  "MY SCENE" product, as well as features of the "MY SCENE" product such as
12  size, shape, color, color combinations, texture or graphics, or anything else
13  MATTEL considers to be its proprietary trade dress of "MY SCENE," and any
14  changes thereto.

15  **RESPONSE TO REQUEST NO. 11:**

16              In addition to the general objections stated above which are
17  incorporated herein by reference, Mattel objects to this Request on the grounds that
18  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
19  documents on this subject without limitation as to time, and regardless of whether
20  such documents relate to products or matters at issue in this case.  Mattel further
21  objects to the Request on the grounds that it seeks documents that are not relevant to
22  this action or likely to lead to the discovery of admissible evidence.  Mattel further
23  objects to this Request on the grounds that it seeks confidential, proprietary and
24  trade secret information that has no bearing on the claims or defenses in this case.

25

26      [47]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. May 14, 2009).
28

1   Mattel further objects to this Request on the grounds that it calls for the disclosure

2   of information subject to the attorney-client privilege, the attorney work-product

3   doctrine and other applicable privileges.

4         Subject to and without waiving the foregoing general and specific

5   objections, and to the extent not already produced, Mattel will produce responsive,

6   non-privileged documents in its possession, custody or control that it can locate after

7   a reasonable, good faith search relating to the development of the aspects of the MY

8   SCENE products or packaging that MGA has accused of infringement.

9   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

10  **TO SHOULD BE COMPELLED**

11        Mattel has improperly limited its agreement to produce documents in

12  response to this request, subject to its improper boilerplate objections. Mattel has

13  refused to confirm whether or not it has produced all non-privileged responsive

14  documents or whether it is withholding documents based on its objections in Phase

15  2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

16  must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

17  Generic objections that fail to explain the basis for an objection with specificity are

18  routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

19  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

20  'overly burdensome and harassing' are improper – especially when a party fails to

21  submit any evidentiary declarations supporting such objections"). Accordingly,

22  Mattel must be compelled either to certify that it has produced all non-privileged

23  responsive documents or to produce all such documents by a date certain.

24        To the extent that Mattel is relying on its blanket objections, they are

25  not sustainable and do not justify Mattel's failure to produce documents.

26        As to overbreadth, Mattel provides no explanation, let alone the

27  required particularity, as to *why* this request is supposedly overly broad, nor can it

28  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

1  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2  contrary, the request is narrowly tailored to seek documents concerning the

3  development of the product design trade dress or packaging trade dress of "MY

4  SCENE."

5       As to burden, Mattel has not attempted to demonstrate why responding

6  to this request and/or producing responsive documents presents any burden.  This

7  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

8  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

9  request is unduly burdensome must allege specific facts which indicate the nature

10  and extent of the burden, usually by affidavit or other reliable evidence.")

11  Moreover, it is not unduly burdensome, as noted above, in that the request is

12  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

13  has engaged in a broad variety of unfair trade practices, including serial copying of

14  MGA products.  MGA is entitled to discovery on these claims.

15       This request does not seek documents protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges.  To the

17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18       Mattel objects that the request contains confidential, proprietary and

19  trade secret information.  A Protective Order exists in this case, obviating any

20  concern as to protection of privacy rights and/or commercially sensitive

21  information.

22       Mattel also objects to this request on relevance grounds.  MGA has

23  brought trade dress claims related to "MY SCENE" and has alleged claims of unfair

24  competition based on Mattel's serial copying and imitation of MGA's products.  As

25  such, documents related to the development of the product design trade dress or

26  packaging trade dress of "MY SCENE" are highly relevant and likely to lead to the

27  discovery of admissible evidence.

28

1       Mattel has also improperly limited its agreement to produce by

2 redefining the scope of MGA's request.  While MGA requested all documents

3 relating to the development of the product design trade dress or packaging trade

4 dress of "MY SCENE," Mattel has only agreed to produce documents relating to the

5 development of certain aspects of "MY SCENE."  Mattel is required to respond to

6 the request as originally drafted by MGA and may not unilaterally narrow and

7 rewrite MGA's requests.

8       None of Mattel's improper objections are valid and Mattel is obligated

9 to produce all non-privileged responsive documents in its possession, custody, or

10 control.

11 **MATTEL'S RESPONSE:**

12       MGA objects to Mattel's limitation that it will produce documents

13 related to "aspects of the MY SCENE products or packaging that MGA has accused

14 of infringement," but it provides no argument as to why this limitation is

15 inappropriate.  Indeed, the parties previously agreed on the scope of these Requests

16 and Mattel's limitations.[48]

17       There is simply no relevance to aspects of MY SCENE to which MGA

18 has made no allegations of copying.  MGA provides no argument on the subject,

19 instead unilaterally claiming that "Mattel is required to respond to the request as

20 originally drafted," despite simultaneously acknowledging that a party may object

21 "to part of a request [and] permit inspection of the rest."  MGA's objection to

22 Mattel's limitation is thus without merit.

23       Further, contrary to MGA's statement that Mattel will not confirm that

24 it has produced non-privileged documents, if MGA had met and conferred on these

25 issues, it would have learned that Mattel has already produced all relevant non-

26

27 [48]  June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

28

1  privileged documents responsive to this Request.  Indeed, to date Mattel has already

2  produced over 350,000 pages regarding MY SCENE, without limitation by theme or

3  doll, including documents related to its design and development, packaging,

4  advertising, marketing, testing, themes, sales planning, manufacturing and

5  production, among others.[49]  MGA has not provided any basis for asserting that this

6  production is incomplete.  MGA's motion to compel responses to this Request

7  should therefore be denied as moot.

8          There is no basis for overruling Mattel's privilege objection.  MGA's

9  bald assertion that "this request does not seek information protected by the attorney-

10 client privilege, the attorney work product doctrine, or other applicable privileges"

11 has no merit.  Documents discussing MY SCENE could very well be subject to a

12 claim of privilege or work product protection.  Moreover, as MGA has itself argued,

13 the parties have agreed that in general "all privileged documents would be logged

14 except for documents created after this action was filed on April 27, 2004."[50]  Thus,

15 to the extent privileged documents fall within the post lawsuit time period, they need

16 not be included on Mattel's log.

17          Similarly, despite the Parties' prior agreement on the scope of this

18 Request, MGA states that "Mattel has not attempted to demonstrate why responding

19 to this request and/or producing responsive documents presents any burden."  Yet,

20 as MGA knows, the Discovery Master has already placed limits on the searches

21 Mattel must make in producing documents, and this objection is only meant to

22 invoke those issues that have already been settled.  See, e.g., Order Denying MGA's

23 Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

24

25     [49]   Webster Decl., ¶ 24.

26     [50]   See Order Denying Mattel's Motion for Protective Order Limiting the
   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
27 3.

28

1  outstanding emails, holding that Mattel has produced all relevant emails and does
2  not need to consult back-up tapes to complete its production).  MGA should not be
3  permitted to circumvent prior Orders by seeking to overrule Mattel's objections
4  here.

5          Finally, MGA failed to meet and confer at all, much less in good faith,
6  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
7  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
8  the moving party shall first identify each dispute, state the relief sought and identify
9  the authority supporting the requested relief in a meet and confer letter that shall be
10 served on all parties by facsimile or electronic mail. The parties shall have five court
11 days from the date of service of that letter to conduct an in-person conference to
12 attempt to resolve the dispute.").  At no point during the meet and confer process did
13 the parties discuss this Request or Mattel's response to it.[51]  In order to engage in a
14 meaningful meet and confer, MGA had the burden to show the relevance of any
15 requests it sought to move on.[52]  Because MGA refused to even attempt to make
16 this showing, there was no possibility of a good faith meet and confer to resolve the
17 parties' disputes.  The Discovery Master should deny MGA's motion with respect to
18 this Request on that grounds alone.

19 **REQUEST FOR PRODUCTION NO. 12:**
20         DOCUMENTS sufficient to show any position MATTEL has taken
21 with respect to its claimed trade dress in connection with any "MY SCENE"
22 product, including but not limited to internal COMMUNICATIONS,
23

24

---

25   [51]  See Webster Decl., ¶¶ 6-20.
26   [52]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27 bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
   1390794 at *1 (S.D. Cal. May 14, 2009).
28

1  COMMUNICATIONS with third parties, trademark applications and related

2  DOCUMENTS, filings in judicial proceedings or regulatory filings.

3  **RESPONSE TO REQUEST NO. 12:**

4         In addition to the general objections stated above which are

5  incorporated herein by reference, Mattel objects to this Request on the grounds that

6  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

7  documents on this subject without limitation as to time, and regardless of whether

8  such documents relate to products or matters at issue in this case.  Mattel further

9  objects to the Request on the grounds that it seeks documents that are not relevant to

10  this action or likely to lead to the discovery of admissible evidence.  Mattel further

11  objects to this Request on the grounds that it seeks confidential, proprietary and

12  trade secret information that has no bearing on the claims or defenses in this case.

13  Mattel further objects to this Request on the grounds that it calls for the disclosure

14  of information subject to the attorney-client privilege, the attorney work-product

15  doctrine and other applicable privileges.

16         Subject to and without waiving the foregoing general and specific

17  objections, and to the extent not already produced, Mattel will produce responsive,

18  non-privileged documents in its possession, custody or control that it can locate after

19  a reasonable, good faith search relating to the aspects of the MY SCENE products

20  that MGA has accused of infringement.

21  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

22  **TO SHOULD BE COMPELLED**

23         Mattel has improperly limited its agreement to produce documents in

24  response to this request, subject to its improper boilerplate objections.  Mattel has

25  refused to confirm whether or not it has produced all non-privileged responsive

26  documents or whether it is withholding documents based on its objections in Phase

27  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

28  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

1  Generic objections that fail to explain the basis for an objection with specificity are
2  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
3  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as
4  'overly burdensome and harassing' are improper – especially when a party fails to
5  submit any evidentiary declarations supporting such objections").  Accordingly,
6  Mattel must be compelled either to certify that it has produced all non-privileged
7  responsive documents or to produce all such documents by a date certain.

8       To the extent that Mattel is relying on its blanket objections, they are
9  not sustainable and do not justify Mattel's failure to produce documents.

10      As to overbreadth, Mattel provides no explanation, let alone the
11  required particularity, as to *why* this request is supposedly overly broad, nor can it
12  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
13  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
14  contrary, the request is narrowly tailored to seek documents sufficient to show any
15  position Mattel has taken with respect to its claimed trade dress in connection with
16  any "MY SCENE" product.

17      As to burden, Mattel has not attempted to demonstrate why responding
18  to this request and/or producing responsive documents presents any burden.  This
19  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
20  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
21  request is unduly burdensome must allege specific facts which indicate the nature
22  and extent of the burden, usually by affidavit or other reliable evidence.")
23  Moreover, it is not unduly burdensome, as noted above, in that the request is
24  narrowly tailored to seek only discoverable evidence.  MGA has brought a trade
25  dress claim against Mattel and MGA is entitled to discovery on its claims.

26      This request does not seek documents protected by the attorney-client
27  privilege, the attorney work product doctrine, or other applicable privileges.  To the
28  extent that Mattel contends that it does, Mattel must provide a privilege log.

1        Mattel objects that the request contains confidential, proprietary and

2   trade secret information. A Protective Order exists in this case, obviating any

3   concern as to protection of privacy rights and/or commercially sensitive

4   information.

5        Mattel also objects to this request on relevance grounds. MGA has

6   brought trade dress claims related to "My Scene" and claims of unfair competition.

7   Accordingly, documents sufficient to show the positions that Mattel has taken with

8   respect to any claimed trade dress in connection with "MY SCENE" products are

9   highly relevant and likely to lead to the discovery of admissible evidence.

10       Mattel has also improperly limited its agreement to produce by

11  redefining the scope of MGA's request. While MGA requested all documents

12  relating to any position Mattel has taken with respect to its claimed trade dress of

13  "MY SCENE," Mattel has only agreed to produce documents relating to certain

14  aspects of "MY SCENE" products. Mattel is required to respond to the request as

15  originally drafted by MGA and may not unilaterally narrow and rewrite MGA's

16  requests.

17       None of Mattel's improper objections are valid and Mattel is obligated

18  to produce all non-privileged responsive documents in its possession, custody, or

19  control.

20  **MATTEL'S RESPONSE:**

21       MGA objects to Mattel's limitation that it will produce documents

22  related to "aspects of the MY SCENE products or packaging that MGA has accused

23  of infringement," but it provides no argument as to why this limitation is

24  inappropriate. Indeed, the parties previously agreed on the scope of these Requests

25  and Mattel's limitations.[53]

26

27  [53]   June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

28

1    There is simply no relevance to aspects of MY SCENE to which MGA
2    has made no allegations of copying.  MGA provides no argument on the subject,
3    instead unilaterally claiming that "Mattel is required to respond to the request as
4    originally drafted," despite simultaneously acknowledging that a party may object
5    "to part of a request [and] permit inspection of the rest."  MGA's objection to
6    Mattel's limitation is thus without merit.

7    Further, contrary to MGA's statement that Mattel will not confirm that
8    it has produced non-privileged documents, if MGA had met and conferred on these
9    issues, it would have learned that Mattel has already produced all relevant non-
10   privileged documents responsive to this Request.  Indeed, to date Mattel has already
11   produced over 350,000 pages regarding MY SCENE, without limitation by theme or
12   doll, including documents related to its design and development, packaging,
13   advertising, marketing, testing, themes, sales planning, manufacturing and
14   production, among others.[54]  MGA has not provided any basis for asserting that this
15   production is incomplete.  MGA's motion to compel responses to this Request
16   should therefore be denied as moot.

17   There is no basis for overruling Mattel's privilege objection.  MGA's
18   bald assertion that "this request does not seek information protected by the attorney-
19   client privilege, the attorney work product doctrine, or other applicable privileges"
20   has no merit.  Documents discussing MY SCENE could very well be subject to a
21   claim of privilege or work product protection.  Moreover, as MGA has itself argued,
22   the parties have agreed that in general "all privileged documents would be logged
23   except for documents created after this action was filed on April 27, 2004."[55]  Thus,
24
25   [54]   Webster Decl., ¶ 24.
26   [55]   See Order Denying Mattel's Motion for Protective Order Limiting the
27   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.
28

00505.07975/3121201.5

-64-

1 | to the extent privileged documents fall within the post lawsuit time period, they need
2 | not be included on Mattel's log.

3 |       Similarly, despite the Parties' prior agreement on the scope of this
4 | Request, MGA states that "Mattel has not attempted to demonstrate why responding
5 | to this request and/or producing responsive documents presents any burden." Yet,
6 | as MGA knows, the Discovery Master has already placed limits on the searches
7 | Mattel must make in producing documents, and this objection is only meant to
8 | invoke those issues that have already been settled. <u>See, e.g.</u>, Order Denying MGA's
9 | Motion to Compel dated April 24, 2008 (denies Motion to Compel on all
10 | outstanding emails, holding that Mattel has produced all relevant emails and does
11 | not need to consult back-up tapes to complete its production). MGA should not be
12 | permitted to circumvent prior Orders by seeking to overrule Mattel's objections
13 | here.

14 |       Finally, MGA failed to meet and confer at all, much less in good faith,
15 | regarding this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master
16 | Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
17 | the moving party shall first identify each dispute, state the relief sought and identify
18 | the authority supporting the requested relief in a meet and confer letter that shall be
19 | served on all parties by facsimile or electronic mail. The parties shall have five court
20 | days from the date of service of that letter to conduct an in-person conference to
21 | attempt to resolve the dispute."). At no point during the meet and confer process did
22 | the parties discuss this Request or Mattel's response to it.[56] In order to engage in a
23 | meaningful meet and confer, MGA had the burden to show the relevance of any

24 |
25 |
26 |
27 |   [56]  <u>See</u> Webster Decl., ¶¶ 6-20.
28 |

-65-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET ONE)

1  requests it sought to move on.[57]  Because MGA refused to even attempt to make

2  this showing, there was no possibility of a good faith meet and confer to resolve the

3  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

4  this Request on that grounds alone.

5  **REQUEST FOR PRODUCTION NO. 13:**

6         All DOCUMENTS REFERRING OR RELATING TO any MARKET

7  RESEARCH, projections or plans pertaining to the release of "MY SCENE" to the

8  market.

9  **RESPONSE TO REQUEST NO. 13:**

10        In addition to the general objections stated above which are

11 incorporated herein by reference, Mattel objects to this Request on the grounds that

12 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

13 documents on this subject without limitation as to time, and regardless of whether

14 such documents relate to products or matters at issue in this case.  Mattel further

15 objects to the Request on the grounds that it seeks documents that are not relevant to

16 this action or likely to lead to the discovery of admissible evidence.  Mattel further

17 objects to this Request on the grounds that it seeks confidential, proprietary and

18 trade secret information that has no bearing on the claims or defenses in this case.

19 Mattel further objects to this Request on the grounds that it calls for the disclosure

20 of information subject to the attorney-client privilege, the attorney work-product

21 doctrine and other applicable privileges.

22        Subject to and without waiving the foregoing general and specific

23 objections, and to the extent not already produced, Mattel will produce responsive,

24 non-privileged documents in its possession, custody or control that it can locate after

25 _____

26 [57]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27 bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1    a reasonable, good faith search relating to the marketing of the aspects of the MY

2    SCENE products that MGA has accused of infringement.

3    **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

4    **TO SHOULD BE COMPELLED**

5         Mattel has improperly limited its agreement to produce documents in

6    response to this request, subject to its improper boilerplate objections.  Mattel has

7    refused to confirm whether or not it has produced all non-privileged responsive

8    documents or whether it is withholding documents based on its objections in Phase

9    2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

10   must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

11   Generic objections that fail to explain the basis for an objection with specificity are

12   routinely rejected in the Central District.  <u>See A. Farber and Partners, Inc. v. Garber,</u>

13   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

14   'overly burdensome and harassing' are improper – especially when a party fails to

15   submit any evidentiary declarations supporting such objections").  Accordingly,

16   Mattel must be compelled either to certify that it has produced all non-privileged

17   responsive documents or to produce all such documents by a date certain.

18        To the extent that Mattel is relying on its blanket objections, they are

19   not sustainable and do not justify Mattel's failure to produce documents.

20        As to overbreadth, Mattel provides no explanation, let alone the

21   required particularity, as to *why* this request is supposedly overly broad, nor can it

22   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

23   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

24   contrary, the request is narrowly tailored to seek documents concerning market

25   research, projections or plans pertaining to the release of "MY SCENE" to the

26   market.

27        As to burden, Mattel has not attempted to demonstrate why responding

28   to this request and/or producing responsive documents presents any burden.  This

1  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

2  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

3  request is unduly burdensome must allege specific facts which indicate the nature

4  and extent of the burden, usually by affidavit or other reliable evidence.")

5  Moreover, it is not unduly burdensome, as noted above, in that the request is

6  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

7  has engaged in a broad variety of unfair trade practices including serial copying of

8  MGA products and trade dress infringement.  MGA is entitled to discovery on these

9  claims.

10        This request does not seek documents protected by the attorney-client

11  privilege, the attorney work product doctrine, or other applicable privileges.  To the

12  extent that Mattel contends that it does, Mattel must provide a privilege log.

13        Mattel objects that the request contains confidential, proprietary and

14  trade secret information.  A Protective Order exists in this case, obviating any

15  concern as to protection of privacy rights and/or commercially sensitive

16  information.

17        As for relevancy, Mattel has not attempted to demonstrate why the

18  information sought in response to this request is not discoverable in Phase 2.  On the

19  contrary, MGA has alleged that Mattel has engaged in trade dress infringement and

20  serial copying of MGA's product lines, including it various dolls, packaging,

21  themes, accessories, and advertising.  Mattel's "MY SCENE" is an example of one

22  such accused Mattel product line.  Documents related to market research,

23  projections or plans pertaining to the release of "MY SCENE" products by Mattel

24  and their success, or lack thereof, are discoverable in Phase 2 and highly relevant to

25  MGA's claims.

26        Mattel limits its response to "aspects of the MY SCENE products that

27  MGA has accused of infringement."  Such a limitation is unjustified.  MGA has

28  brought a false designation of origin claim that includes trade dress infringement.

1  MGA is entitled to discovery on all aspects of these products, not just those aspects

2  that Mattel unilaterally deems at issue.  MGA has also brought an unfair competition

3  claim based on Mattel's serial copying of MGA's products.  MGA is entitled to

4  discovery on all aspects of the products under this claim as well, and not just on its

5  infringement theory.  Further, Mattel's response to this response is nonsensical.  This

6  request seeks documents relating to market research, projections or plans pertaining

7  to the release of "MY SCENE" products.  Mattel's response that it will produce

8  documents "relating to the marketing of the *aspects* of the 'MY SCENE' products

9  that MGA has accused of infringement" does not make sense.

10  None of Mattel's improper objections are valid and Mattel is obligated

11  to produce all non-privileged responsive documents in its possession, custody, or

12  control.

13  **MATTEL'S RESPONSE:**

14  MGA objects to Mattel's limitation that it will produce documents

15  related to "aspects of the MY SCENE products that MGA has accused of

16  infringement," but it provides no argument as to why this limitation is inappropriate.

17  Indeed, the parties previously agreed on the scope of these Requests and Mattel's

18  limitations.[58]

19  There is simply no relevance to aspects of MY SCENE to which MGA

20  has made no allegations of copying.  MGA provides no argument on the subject, on

21  the scope of these Requests and Mattel's limitations, and Mattel stated it "has

22  produced all documents regarding "My Scene" in the files of the marketing

23  department."[59]  MGA provides no argument on the subject, instead unilaterally

24  claiming that "Mattel is required to respond to the request as originally drafted,"

25  despite simultaneously acknowledging that a party may object "to part of a request

26  

27  [58]  June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

28

1   [and] permit inspection of the rest."  MGA's objection to Mattel's limitation is thus
2   without merit.

3          Further, contrary to MGA's statement that Mattel will not confirm that
4   it has produced non-privileged documents, if MGA had met and conferred on these
5   issues, it would have learned that Mattel has already produced all relevant non-
6   privileged documents responsive to this Request.  Indeed, to date Mattel has already
7   produced over 350,000 pages regarding MY SCENE, without limitation by theme or
8   doll, including documents related to its design and development, packaging,
9   advertising, marketing, testing, themes, sales planning, manufacturing and
10  production, among others.[60]  MGA has not provided any basis for asserting that this
11  production is incomplete.  MGA's motion to compel responses to this Request
12  should therefore be denied as moot.

13         There is no basis for overruling Mattel's privilege objection.  MGA's
14  bald assertion that "this request does not seek information protected by the attorney-
15  client privilege, the attorney work product doctrine, or other applicable privileges"
16  has no merit.  Documents discussing MY SCENE could very well be subject to a
17  claim of privilege or work product protection.  Moreover, as MGA has itself argued,
18  the parties have agreed that in general "all privileged documents would be logged
19  except for documents created after this action was filed on April 27, 2004."[61]  Thus,
20  to the extent privileged documents fall within the post lawsuit time period, they need
21  not be included on Mattel's log.

22         Similarly, despite the Parties' prior agreement on the scope of this
23  Request, MGA states that "Mattel has not attempted to demonstrate why responding

24
25
26
27  [59]  June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.
    [60]  Webster Decl., ¶ 24.
28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1  to this request and/or producing responsive documents presents any burden." Yet,

2  as MGA knows, the Discovery Master has already placed limits on the searches

3  Mattel must make in producing documents, and this objection is only meant to

4  invoke those issues that have already been settled. See, e.g., Order Denying MGA's

5  Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

6  outstanding emails, holding that Mattel has produced all relevant emails and does

7  not need to consult back-up tapes to complete its production). MGA should not be

8  permitted to circumvent prior Orders by seeking to overrule Mattel's objections

9  here.

10  Finally, MGA failed to meet and confer at all, much less in good faith,

11  regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

12  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

13  the moving party shall first identify each dispute, state the relief sought and identify

14  the authority supporting the requested relief in a meet and confer letter that shall be

15  served on all parties by facsimile or electronic mail. The parties shall have five court

16  days from the date of service of that letter to conduct an in-person conference to

17  attempt to resolve the dispute."). At no point during the meet and confer process did

18  the parties discuss this Request or Mattel's response to it.[62] In order to engage in a

19  meaningful meet and confer, MGA had the burden to show the relevance of any

20  requests it sought to move on.[63] Because MGA refused to even attempt to make

21  this showing, there was no possibility of a good faith meet and confer to resolve the

22

23  _____

[61] See Order Denying Mattel's Motion for Protective Order Limiting the
24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
25  3.
[62] See Webster Decl., ¶¶ 6-20.
26  [63] See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

2  this Request on that grounds alone.

3  **REQUEST FOR PRODUCTION NO. 14:**

4          All DOCUMENTS REFERRING OR RELATING TO the creation or

5  development of the "Chillin' Out!," "Night on the Town," "Jammin' in Jamaica,"

6  "Guava Gulch Tiki Lounge," "Sound Lounge," and "My Bling Bling" (including

7  without limitation "My Bling Bling with Real Gem" and "My Bling Bling with Real

8  Diamond") themes including but not limited to DOCUMENTS showing when and

9  how they were first conceived and any awareness by MATTEL of similar or

10  proposed MGA themes.

11  **RESPONSE TO REQUEST NO. 14:**

12          In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is unintelligible and contrary to fact in its use of the phrase "MGA themes."

15  Mattel further objects to this Request on the grounds that it is overbroad and unduly

16  burdensome, including in that it seeks all documents on this subject without

17  limitation as to time, and regardless of whether such documents relate to products or

18  matters at issue in this case.  Mattel further objects to the Request on the grounds

19  that it seeks documents that are not relevant to this action or likely to lead to the

20  discovery of admissible evidence.  Mattel further objects to this Request on the

21  grounds that it seeks confidential, proprietary and trade secret information that has

22  no bearing on the claims or defenses in this case.  Mattel further objects to this

23  Request on the grounds that it calls for the disclosure of information subject to the

24  attorney-client privilege, the attorney work-product doctrine and other applicable

25  privileges.

26          Subject to and without waiving the foregoing general and specific

27  objections, and to the extent not already produced, Mattel will produce responsive,

28  non-privileged documents in its possession, custody or control that it can locate after

1   a reasonable, good faith search relating to the creation and development of the

2   aspects of the MY SCENE products that MGA has accused of infringement.

3   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

4   **TO SHOULD BE COMPELLED**

5          Mattel has improperly limited its agreement to produce documents in

6   response to this request, subject to its improper boilerplate objections.  Mattel has

7   refused to confirm whether or not it has produced all non-privileged responsive

8   documents or whether it is withholding documents based on its objections in Phase

9   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

10  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

11  Generic objections that fail to explain the basis for an objection with specificity are

12  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

13  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

14  'overly burdensome and harassing' are improper – especially when a party fails to

15  submit any evidentiary declarations supporting such objections").  Accordingly,

16  Mattel must be compelled either to certify that it has produced all non-privileged

17  responsive documents or to produce all such documents by a date certain.

18         To the extent that Mattel is relying on its blanket objections, they are

19  not sustainable and do not justify Mattel's failure to produce documents.

20         As to overbreadth, Mattel provides no explanation, let alone the

21  required particularity, as to **why** this request is supposedly overly broad, nor can it

22  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

23  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

24  contrary, the request is narrowly tailored to seek documents concerning the creation

25  or development of particular themes, namely the "Chillin' Out!," "Night on the

26  Town," "Jammin' in Jamaica," "Guava Gulch Tiki Lounge," "Sound Lounge," and

27  "My Bling Bling" themes, each of which is directly at issue in this case.

28

1          As to burden, Mattel has not attempted to demonstrate why responding

2    to this request and/or producing responsive documents presents any burden.  This

3    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

4    173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5    request is unduly burdensome must allege specific facts which indicate the nature

6    and extent of the burden, usually by affidavit or other reliable evidence.")

7    Moreover, it is not unduly burdensome, as noted above, in that the request is

8    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9    has engaged in a broad variety of unfair trade practices, including serial copying of

10    MGA products and trade dress infringement.  MGA is entitled to discovery on these

11    claims.

12          This request does not seek documents protected by the attorney-client

13    privilege, the attorney work product doctrine, or other applicable privileges.  To the

14    extent that Mattel contends that it does, Mattel must provide a privilege log.

15          Mattel objects that the request contains confidential, proprietary and

16    trade secret information.  A Protective Order exists in this case, obviating any

17    concern as to protection of privacy rights and/or commercially sensitive

18    information.

19          Mattel also objects to this request on relevance grounds.  MGA has

20    brought trade dress claims related to "MY SCENE" and has alleged claims of unfair

21    competition based on Mattel's serial copying and imitation of MGA's products.  As

22    such, documents related to the creation or development of the "Chillin' Out!,"

23    "Night on the Town," "Jammin' in Jamaica," "Guava Gulch Tiki Lounge," "Sound

24    Lounge," and "My Bling Bling" themes are highly relevant and likely to lead to the

25    discovery of admissible evidence.

26          Mattel has also improperly limited its agreement to produce by

27    redefining the scope of MGA's request.  While MGA requested all documents

28    relating to the creation or development of specific "MY SCENE" themes, Mattel has

1  only agreed to produce documents relating to the creation and development of

2  certain aspects of "MY SCENE" products.  Mattel is required to respond to the

3  request as originally drafted by MGA and may not unilaterally narrow and rewrite

4  MGA's requests.

5          None of Mattel's improper objections are valid and Mattel is obligated

6  to produce all non-privileged responsive documents in its possession, custody, or

7  control.

8  **MATTEL'S RESPONSE:**

9          MGA objects to Mattel's limitation that it will produce documents

10  related to "aspects of the MY SCENE products that MGA has accused of

11  infringement," but it provides no argument as to why this limitation is inappropriate.

12  Indeed, the parties previously agreed on the scope of these Requests and Mattel's

13  limitations.[64]

14          There is simply no relevance to aspects of MY SCENE to which MGA

15  has made no allegations of copying.  MGA provides no argument on the subject,

16  instead unilaterally claiming that "Mattel is required to respond to the request as

17  originally drafted," despite simultaneously acknowledging that a party may object

18  "to part of a request [and] permit inspection of the rest."  MGA's objection to

19  Mattel's limitation is thus without merit.

20          Further, contrary to MGA's statement that Mattel will not confirm that

21  it has produced non-privileged documents, if MGA had met and conferred on these

22  issues, it would have learned that Mattel has already produced all relevant non-

23  privileged documents responsive to this Request.  Indeed, to date Mattel has already

24  produced over 350,000 pages regarding MY SCENE, without limitation by theme or

25  doll, including documents related to its design and development, packaging,

26

27  [64]  June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1   advertising, marketing, testing, themes, sales planning, manufacturing and

2   production, among others.[65]  MGA has not provided any basis for asserting that this

3   production is incomplete.  MGA's motion to compel responses to this Request

4   should therefore be denied as moot.

5           There is no basis for overruling Mattel's privilege objection.  MGA's

6   bald assertion that "this request does not seek information protected by the attorney-

7   client privilege, the attorney work product doctrine, or other applicable privileges"

8   has no merit.  Documents discussing MY SCENE could very well be subject to a

9   claim of privilege or work product protection.  Moreover, as MGA has itself argued,

10  the parties have agreed that in general "all privileged documents would be logged

11  except for documents created after this action was filed on April 27, 2004."[66]  Thus,

12  to the extent privileged documents fall within the post lawsuit time period, they need

13  not be included on Mattel's log.

14          Similarly, despite the Parties' prior agreement on the scope of this

15  Request, MGA states that "Mattel has not attempted to demonstrate why responding

16  to this request and/or producing responsive documents presents any burden."  Yet,

17  as MGA knows, the Discovery Master has already placed limits on the searches

18  Mattel must make in producing documents, and this objection is only meant to

19  invoke those issues that have already been settled.  See, e.g., Order Denying MGA's

20  Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

21  outstanding emails, holding that Mattel has produced all relevant emails and does

22  not need to consult back-up tapes to complete its production).  MGA should not be

---

[65]  Webster Decl., ¶ 24.

[66]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1  permitted to circumvent prior Orders by seeking to overrule Mattel's objections

2  here.

3        Finally, MGA failed to meet and confer at all, much less in good faith,

4  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

5  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

6  the moving party shall first identify each dispute, state the relief sought and identify

7  the authority supporting the requested relief in a meet and confer letter that shall be

8  served on all parties by facsimile or electronic mail. The parties shall have five court

9  days from the date of service of that letter to conduct an in-person conference to

10  attempt to resolve the dispute.").  At no point during the meet and confer process did

11  the parties discuss this Request or Mattel's response to it.[67]  In order to engage in a

12  meaningful meet and confer, MGA had the burden to show the relevance of any

13  requests it sought to move on.[68]  Because MGA refused to even attempt to make

14  this showing, there was no possibility of a good faith meet and confer to resolve the

15  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

16  this Request on that grounds alone.

17  **REQUEST FOR PRODUCTION NO. 15:**

18        All DOCUMENTS REFERRING OR RELATING TO the timing or

19  plans for release of the "MY SCENE" themes "Chillin' Out!," "Night on the Town,"

20  "Jammin' in Jamaica," "Guava Gulch Tiki Lounge," "Sound Lounge," and "My

21  Bling Bling" (including without limitation "My Bling Bling with Real Gem" and

22  "My Bling Bling with Real Diamond").

23

24

25    [67]  See Webster Decl., ¶¶ 6-20.

26    [68]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

**RESPONSE TO REQUEST NO. 15:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, and to the extent not already produced, Mattel will produce responsive, non-privileged documents in its possession, custody or control that it can locate after a reasonable, good faith search sufficient to show the timing of the MY SCENE products that MGA has accused of infringement.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

1   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

2   'overly burdensome and harassing' are improper – especially when a party fails to

3   submit any evidentiary declarations supporting such objections").  Accordingly,

4   Mattel must be compelled either to certify that it has produced all non-privileged

5   responsive documents or to produce all such documents by a date certain.

6          To the extent that Mattel is relying on its blanket objections, they are

7   not sustainable and do not justify Mattel's failure to produce documents.

8          As to overbreadth, Mattel provides no explanation, let alone the

9   required particularity, as to *why* this request is supposedly overly broad, nor can it

10  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

11  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

12  contrary, the request is narrowly tailored to seek documents concerning the timing

13  or plans for release of particular themes, namely the "Chillin' Out!," "Night on the

14  Town," "Jammin' in Jamaica," "Guava Gulch Tiki Lounge," "Sound Lounge," and

15  "My Bling Bling" themes, each of which is directly at issue in this case.

16         As to burden, Mattel has not attempted to demonstrate why responding

17  to this request and/or producing responsive documents presents any burden.  This

18  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

19  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

20  request is unduly burdensome must allege specific facts which indicate the nature

21  and extent of the burden, usually by affidavit or other reliable evidence.")

22  Moreover, it is not unduly burdensome, as noted above, in that the request is

23  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

24  has engaged in a broad variety of unfair trade practices, including serial copying of

25  MGA products.  MGA is entitled to discovery on these claims.

26         This request does not seek documents protected by the attorney-client

27  privilege, the attorney work product doctrine, or other applicable privileges.  To the

28  extent that Mattel contends that it does, Mattel must provide a privilege log.

1    Mattel objects that the request contains confidential, proprietary and

2  trade secret information.  A Protective Order exists in this case, obviating any

3  concern as to protection of privacy rights and/or commercially sensitive

4  information.

5    Mattel also objects to this request on relevance grounds.  MGA has

6  brought trade dress claims related to "MY SCENE" and has alleged claims of unfair

7  competition based on Mattel's serial copying and imitation of MGA's products.  As

8  such, documents related to the timing or plans for release of the "Chillin' Out!,"

9  "Night on the Town," "Jammin' in Jamaica," "Guava Gulch Tiki Lounge," "Sound

10  Lounge," and "My Bling Bling" themes are highly relevant and likely to lead to the

11  discovery of admissible evidence.

12    Mattel has also improperly limited its agreement to produce by

13  redefining the scope of MGA's request.  While MGA requested *all documents*

14  relating to the timing or plans for release of specific "MY SCENE" themes, Mattel

15  has only agreed to produce documents *sufficient to show* the timing of certain "MY

16  SCENE" products.  Mattel is required to respond to the request as originally drafted

17  by MGA and may not unilaterally narrow and rewrite MGA's requests.

18    None of Mattel's improper objections are valid and Mattel is obligated

19  to produce all non-privileged responsive documents in its possession, custody, or

20  control.

21  **MATTEL'S RESPONSE:**

22    MGA objects to Mattel's limitation that it will produce documents

23  related to "aspects of the MY SCENE products that MGA has accused of

24  infringement," but it provides no argument as to why this limitation is inappropriate.

25

26

27

28

00505.07975/3121201.5

1    Indeed, the parties previously agreed on the scope of these Requests and Mattel's

2    limitations.[69]

3            There is simply no relevance to aspects of MY SCENE to which MGA

4    has made no allegations of copying.  MGA provides no argument on the subject,

5    instead unilaterally claiming that "Mattel is required to respond to the request as

6    originally drafted," despite simultaneously acknowledging that a party may object

7    "to part of a request [and] permit inspection of the rest."  MGA's objection to

8    Mattel's limitation is thus without merit.

9            Further, contrary to MGA's statement that Mattel will not confirm that

10   it has produced non-privileged documents, if MGA had met and conferred on these

11   issues, it would have learned that Mattel has already produced all relevant non-

12   privileged documents responsive to this Request.  Indeed, to date Mattel has already

13   produced over 350,000 pages regarding MY SCENE, without limitation by theme or

14   doll, including documents related to its design and development, packaging,

15   advertising, marketing, testing, themes, sales planning, manufacturing and

16   production, among others.[70]  MGA has not provided any basis for asserting that this

17   production is incomplete.  MGA's motion to compel responses to this Request

18   should therefore be denied as moot.

19           There is no basis for overruling Mattel's privilege objection.  MGA's

20   bald assertion that "this request does not seek information protected by the attorney-

21   client privilege, the attorney work product doctrine, or other applicable privileges"

22   has no merit.  Documents discussing MY SCENE could very well be subject to a

23   claim of privilege or work product protection.  Moreover, as MGA has itself argued,

24   the parties have agreed that in general "all privileged documents would be logged

25

26

27   [69]  June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.
     [70]  Webster Decl., ¶ 24.

28

1 except for documents created after this action was filed on April 27, 2004."[71]  Thus,
2 to the extent privileged documents fall within the post lawsuit time period, they need
3 not be included on Mattel's log.

4        Similarly, despite the Parties' prior agreement on the scope of this
5 Request, MGA states that "Mattel has not attempted to demonstrate why responding
6 to this request and/or producing responsive documents presents any burden."  Yet,
7 as MGA knows, the Discovery Master has already placed limits on the searches
8 Mattel must make in producing documents, and this objection is only meant to
9 invoke those issues that have already been settled.  <u>See, e.g.</u>, Order Denying MGA's
10 Motion to Compel dated April 24, 2008 (denies Motion to Compel on all
11 outstanding emails, holding that Mattel has produced all relevant emails and does
12 not need to consult back-up tapes to complete its production).  MGA should not be
13 permitted to circumvent prior Orders by seeking to overrule Mattel's objections
14 here.

15        Finally, MGA failed to meet and confer at all, much less in good faith,
16 regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master
17 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
18 the moving party shall first identify each dispute, state the relief sought and identify
19 the authority supporting the requested relief in a meet and confer letter that shall be
20 served on all parties by facsimile or electronic mail. The parties shall have five court
21 days from the date of service of that letter to conduct an in-person conference to
22 attempt to resolve the dispute.").  At no point during the meet and confer process did
23 the parties discuss this Request or Mattel's response to it.[72]  In order to engage in a

24

25    [71]  <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the
26 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
27 3.
   [72]  <u>See</u> Webster Decl., ¶¶ 6-20.
28

1   meaningful meet and confer, MGA had the burden to show the relevance of any

2   requests it sought to move on.[73]   Because MGA refused to even attempt to make

3   this showing, there was no possibility of a good faith meet and confer to resolve the

4   parties' disputes.  The Discovery Master should deny MGA's motion with respect to

5   this Request on that grounds alone.

6   **REQUEST FOR PRODUCTION NO. 16:**

7           All DOCUMENTS REFERRING OR RELATING TO the "BRATZ"

8   themes including but not limited to "Forever Diamondz," "Rock Angelz," "Bratz

9   Rodeo," "Wild Life Safari," "Bratz Passion 4 Fashion," "Formal Funk," "Funky

10  Fashion Makeover," "Wintertime Wonderland," and "Sun Kissed Summer" before

11  they were advertised or otherwise made publicly available.

12  **RESPONSE TO REQUEST NO. 16:**

13          In addition to the general objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it is unintelligible and contrary to fact in its use of the phrase "Bratz themes."

16  Mattel further objects to this Request on the grounds that it is overbroad, unduly

17  burdensome and unintelligible, including in that it seeks all documents on this

18  subject without limitation as to time, and regardless of whether such documents

19  relate to products or matters at issue in this case.  Mattel further objects to the

20  Request on the grounds that it seeks documents that are not relevant to this action or

21  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

22  Request on the grounds that it seeks confidential, proprietary and trade secret

23  information that has no bearing on the claims or defenses in this case.  Mattel further

24  objects to this Request on the grounds that it seeks information known to and within

25

26  [73]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

    1390794 at *1 (S.D. Cal. May 14, 2009).

28

1    the possession, custody and control of defendants and their associated third parties,

2    not Mattel.  Mattel further objects to this Request on the grounds that it calls for the

3    disclosure of information subject to the attorney-client privilege, the attorney work-

4    product doctrine and other applicable privileges.

5          Subject to and without waiving the foregoing general and specific

6    objections, and to the extent not already produced, Mattel will produce responsive,

7    non-privileged documents in its possession, custody or control, if any, that it can

8    locate after a reasonable, good faith search relating to the aspects of the Bratz

9    products that MGA has alleged were infringed.

10   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

11   **TO SHOULD BE COMPELLED**

12         Mattel has improperly limited its agreement to produce documents in

13   response to this request to "aspects of the Bratz products that MGA has alleged were

14   infringed," and agrees to produce only subject to its improper boilerplate objections.

15   Mattel's unilateral limitation on its production is unjustified to the extent Mattel is

16   withholding documents on that basis.  Under the Federal Rules of Civil Procedure,

17   "an objection to part of a request must specify the part and permit inspection of the

18   rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis

19   for an objection with specificity are routinely rejected in the Central District.  See A.

20   Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

21   or boilerplate objections such as 'overly burdensome and harassing' are improper –

22   especially when a party fails to submit any evidentiary declarations supporting such

23   objections").  Accordingly, Mattel must be compelled either to certify that it has

24   produced all non-privileged responsive documents without limitation or to produce

25   all such documents by a date certain.

26         To the extent that Mattel is relying on its blanket objections, they are

27   not sustainable and do not justify Mattel's failure to produce documents.

28

1    As to overbreadth, Mattel provides no explanation, let alone the

2  required particularity, as to *why* this request is supposedly overly broad, nor can it

3  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

4  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5  contrary, the request is narrowly tailored to seek documents concerning Mattel's

6  knowledge of Bratz themes before they were publicly released.

7    As to burden, Mattel has not attempted to demonstrate why responding

8  to this request and/or producing responsive documents presents any burden.  This

9  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

10  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11  request is unduly burdensome must allege specific facts which indicate the nature

12  and extent of the burden, usually by affidavit or other reliable evidence.")

13  Moreover, it is not unduly burdensome, as noted above, in that the request is

14  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

15  has engaged in a broad variety of unfair trade practices, from trade dress

16  infringement to serial copying of MGA products.  Mattel has alleged that MGA has

17  engaged in trade secret misappropriation.  MGA is entitled to discovery on its

18  claims and defenses.

19    This request does not seek documents protected by the attorney-client

20  privilege, the attorney work product doctrine, or other applicable privileges.  To the

21  extent that Mattel contends that it does, Mattel must provide a privilege log.

22    Mattel objects that the request contains confidential/proprietary/trade

23  secret information.  A Protective Order exists in this case, obviating any concern as

24  to protection of privacy rights and/or commercially sensitive information.

25    Mattel's objection that the documents sought are not relevant is

26  unfounded, as copying of "BRATZ" themes, and Mattel's knowledge of those

27  themes before they were advertised or made publicly available is highly relevant to

28

-85-

1   MGA's claims and defenses, including its claims for trade dress infringement and

2   unfair competition through Mattel's serial copying of MGA products.

3          None of Mattel's improper objections are valid and Mattel is obligated

4   to produce all non-privileged responsive documents in its possession, custody or

5   control.

6   **MATTEL'S RESPONSE:**

7          MGA objects to Mattel's limitation that it will produce documents

8   related to "the aspects of the Bratz products that MGA has alleged were infringed,"

9   but it provides no argument as to why this limitation is inappropriate.  Indeed, the

10  parties previously agreed on the scope of these Requests and Mattel's limitations.[74]

11         There is simply no relevance to aspects of MY SCENE to which MGA

12  has made no allegations of copying.  MGA provides no argument on the subject,

13  instead unilaterally claiming that "Mattel is required to respond to the request as

14  originally drafted," despite simultaneously acknowledging that a party may object

15  "to part of a request [and] permit inspection of the rest."  MGA's objection to

16  Mattel's limitation is thus without merit.

17         Further, contrary to MGA's statement that Mattel will not confirm that

18  it has produced non-privileged documents, if MGA had met and conferred on these

19  issues, it would have learned that Mattel has already produced all relevant non-

20  privileged documents responsive to this Request.  Indeed, to date Mattel has already

21  produced over 350,000 pages regarding MY SCENE, without limitation by theme or

22  doll, including documents related to its design and development, packaging,

23  advertising, marketing, testing, themes, sales planning, manufacturing and

24  production, among others.[75]  MGA has not provided any basis for asserting that this

25

26  _____

27  [74]  June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.
    [75]  Webster Decl., ¶ 24.

28

1   production is incomplete.  MGA's motion to compel responses to this Request

2   should therefore be denied as moot.

3          There is no basis for overruling Mattel's privilege objection.  MGA's

4   bald assertion that "this request does not seek information protected by the attorney-

5   client privilege, the attorney work product doctrine, or other applicable privileges"

6   has no merit.  Documents discussing MY SCENE could very well be subject to a

7   claim of privilege or work product protection.  Moreover, as MGA has itself argued,

8   the parties have agreed that in general "all privileged documents would be logged

9   except for documents created after this action was filed on April 27, 2004."[76]  Thus,

10  to the extent privileged documents fall within the post lawsuit time period, they need

11  not be included on Mattel's log.

12         Similarly, despite the Parties' prior agreement on the scope of this

13  Request, MGA states that "Mattel has not attempted to demonstrate why responding

14  to this request and/or producing responsive documents presents any burden."  Yet,

15  as MGA knows, the Discovery Master has already placed limits on the searches

16  Mattel must make in producing documents, and this objection is only meant to

17  invoke those issues that have already been settled.  See, e.g., Order Denying MGA's

18  Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

19  outstanding emails, holding that Mattel has produced all relevant emails and does

20  not need to consult back-up tapes to complete its production).  MGA should not be

21  permitted to circumvent prior Orders by seeking to overrule Mattel's objections

22  here.

23         Finally, MGA failed to meet and confer at all, much less in good faith,

24  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

25  _____

26  [76]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
2  the moving party shall first identify each dispute, state the relief sought and identify
3  the authority supporting the requested relief in a meet and confer letter that shall be
4  served on all parties by facsimile or electronic mail. The parties shall have five court
5  days from the date of service of that letter to conduct an in-person conference to
6  attempt to resolve the dispute.").  At no point during the meet and confer process did
7  the parties discuss this Request or Mattel's response to it.[77]  In order to engage in a
8  meaningful meet and confer, MGA had the burden to show the relevance of any
9  requests it sought to move on.[78]  Because MGA refused to even attempt to make
10  this showing, there was no possibility of a good faith meet and confer to resolve the
11  parties' disputes.  The Discovery Master should deny MGA's motion with respect to
12  this Request on that grounds alone.

13  **REQUEST FOR PRODUCTION NO. 18:**

14          All DOCUMENTS REFERRING OR RELATING TO any "BRATZ"
15  product or theme as an inspiration or factor in the development of any "MY
16  SCENE" product.

17  **RESPONSE TO REQUEST NO. 18:**

18          In addition to the general objections stated above which are
19  incorporated herein by reference, Mattel objects to this Request on the grounds that
20  it is unintelligible and contrary to fact in its use of the term Bratz "theme" and
21  vague, ambiguous and unintelligible in its use of the term "factor."  Mattel further
22  objects to this Request on the grounds that it is overbroad and unduly burdensome,
23  including in that it seeks all documents on this subject without limitation as to time,

24

25      [77]  See Webster Decl., ¶¶ 6-20.
26      [78]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. May 14, 2009).
28

1   and regardless of whether such documents relate to products or matters at issue in

2   this case.  Mattel further objects to the Request on the grounds that it seeks

3   documents that are not relevant to this action or likely to lead to the discovery of

4   admissible evidence.  Mattel further objects to this Request on the grounds that it

5   seeks confidential, proprietary and trade secret information that has no bearing on

6   the claims or defenses in this case.  Mattel further objects to this Request on the

7   grounds that it calls for the disclosure of information subject to the attorney-client

8   privilege, the attorney work-product doctrine and other applicable privileges.

9           Subject to and without waiving the foregoing general and specific

10  objections, and to the extent not already produced, Mattel will produce responsive,

11  non-privileged documents in its possession, custody or control, if any, that it can

12  locate after a reasonable, good faith search relating to the development of the

13  aspects of the MY SCENE products that MGA has accused of infringement.

14  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

15  **TO SHOULD BE COMPELLED**

16          Mattel improperly limit its agreement to produce responsive documents

17  to document "aspects of the MY SCENE products that MGA has accused of

18  infringement."  MGA's trade dress and unfair competition claims are broad, and

19  Mattel cannot use its rewriting of the request as a shield to withhold materials

20  discoverable in Phase 2.  Mattel has refused to confirm whether or not it has

21  produced all non-privileged responsive documents or whether it is withholding

22  documents based on its objections in Phase 2.  Under the Federal Rules of Civil

23  Procedure, "an objection to part of a request must specify the part and permit

24  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

25  explain the basis for an objection with specificity are routinely rejected in the

26  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

27  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

28  harassing' are improper – especially when a party fails to submit any evidentiary

00505.07975/3121201.5

-89-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1   declarations supporting such objections").  Accordingly, Mattel must be compelled
2   either to certify that it has produced all non-privileged responsive documents or to
3   produce all such documents by a date certain.

4          To the extent that Mattel is relying on its blanket objections, they are
5   not sustainable and do not justify Mattel's failure to produce documents.

6          As to overbreadth, Mattel provides no explanation, let alone the
7   required particularity, as to *why* this request is supposedly overly broad, nor can it
8   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
9   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
10  contrary, the request is narrowly tailored to seek documents specifically relating to
11  whether "BRATZ" inspired "MY SCENE."

12         As to burden, Mattel has not attempted to demonstrate why responding
13  to this request and/or producing responsive documents presents any burden.  This
14  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
15  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
16  request is unduly burdensome must allege specific facts which indicate the nature
17  and extent of the burden, usually by affidavit or other reliable evidence.")
18  Moreover, it is not unduly burdensome, as noted above, in that the request is
19  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
20  has engaged in a broad variety of unfair trade practices including serial copying of
21  MGA products.  MGA is entitled to discovery on these claims.

22         This request does not seek documents protected by the attorney-client
23  privilege, the attorney work product doctrine, or other applicable privileges.  To the
24  extent that Mattel contends that it does, Mattel must provide a privilege log.

25         Mattel's objection that the documents sought are not relevant is
26  unfounded, as documents in Mattel's possession, custody, or control relating to
27  "BRATZ" themes are highly relevant to MGA's claims and defenses, including its
28

1  claims for trade dress infringement and unfair competition through Mattel's serial

2  copying of MGA products.

3        None of Mattel's improper objections are valid and Mattel is obligated

4  to produce all non-privileged responsive documents in its possession, custody, or

5  control.

6  **MATTEL'S RESPONSE:**

7        MGA objects to Mattel's limitation that it will produce documents

8  related to "aspects of the MY SCENE products that MGA has accused of

9  infringement," but it provides no argument as to why this limitation is inappropriate.

10  Indeed, the parties previously agreed on the scope of these Requests and Mattel's

11  limitations.[79]

12        There is simply no relevance to aspects of MY SCENE to which MGA

13  has made no allegations of copying.  MGA provides no argument on the subject,

14  instead unilaterally claiming that "Mattel is required to respond to the request as

15  originally drafted," despite simultaneously acknowledging that a party may object

16  "to part of a request [and] permit inspection of the rest."  MGA's objection to

17  Mattel's limitation is thus without merit.

18        Moreover, this Request seeks information relating to products and

19  themes that MGA has never alleged were infringed.  Numerous Bratz and MY

20  SCENE dolls have been released since MGA filed its complaint, and thus cannot

21  have been alleged to have been the subject of its trade dress claims for the simple

22  reason that they did not yet exist.  Indeed, MGA has previously taken the position

23  that documents and communications post-dating the issues in the Complaint are not

24  relevant.  <u>See</u> MGA Parties' Reply In Support of Their Motion to Quash Receiver

25  Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing that MGA's

27      [79]  June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

1   transactions with the Financing Parties were not relevant to Phase 2 because, inter

2   alia, "these events occurred years after [Mattel's] complaint was filed.").[80]  The

3   Discovery Master credited this argument in denying Mattel its requested discovery,

4   ruling that Mattel's requests were not reasonably calculated to lead to the discovery

5   of admissible evidence regarding Mattel's RICO counterclaim because the "RICO

6   counterclaim (like the other counterclaims to be adjudicated in Phase 2) was

7   asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or

8   Vision Capital, LLC came into existence . . . ."  Discovery Matter Order No. 3,

9   dated March 10, 2009, at 18.[81]  MGA offers no reason, nor could it consistent with

10   judicial estoppel, why documents post-dating the filing of claims which do not

11   allege continuing wrongdoing are relevant to those claims.  See New Hampshire v.

12   Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a

13   legal proceeding, and succeeds in maintaining that position, he may not thereafter,

14   simply because his interests have changed, assume a contrary position, especially if

15   it be to the prejudice of the party who has acquiesced in the position formerly taken

16   by him.").  Thus, under MGA's own arguments that were accepted by the Discovery

17   Master, the relevant cut-off date for discovery is April 2005, when MGA filed its

18   Complaint.

19          Further, contrary to MGA's statement that Mattel will not confirm that

20   it has produced non-privileged documents, if MGA had met and conferred on these

21   issues, it would have learned that Mattel has already produced all relevant non-

22   privileged documents responsive to this Request.  Indeed, to date Mattel has already

23   produced over 350,000 pages regarding MY SCENE, without limitation by theme or

24   doll, including documents related to its design and development, packaging,

25   advertising, marketing, testing, themes, sales planning, manufacturing and

26

27   [80]   Dart Decl., Exh. 6.

28

1  production, among others.[82]  MGA has not provided any basis for asserting that this
2  production is incomplete.  MGA's motion to compel responses to this Request
3  should therefore be denied as moot.

4          There is no basis for overruling Mattel's privilege objection.  MGA's
5  bald assertion that "this request does not seek information protected by the attorney-
6  client privilege, the attorney work product doctrine, or other applicable privileges"
7  has no merit.  Documents discussing MY SCENE could very well be subject to a
8  claim of privilege or work product protection.  Moreover, as MGA has itself argued,
9  the parties have agreed that in general "all privileged documents would be logged
10  except for documents created after this action was filed on April 27, 2004."[83]  Thus,
11  to the extent privileged documents fall within the post lawsuit time period, they need
12  not be included on Mattel's log.

13          Similarly, despite the Parties' prior agreement on the scope of this
14  Request, MGA states that "Mattel has not attempted to demonstrate why responding
15  to this request and/or producing responsive documents presents any burden."  Yet,
16  as MGA knows, the Discovery Master has already placed limits on the searches
17  Mattel must make in producing documents, and this objection is only meant to
18  invoke those issues that have already been settled.  See, e.g., Order Denying MGA's
19  Motion to Compel dated April 24, 2008 (denies Motion to Compel on all
20  outstanding emails, holding that Mattel has produced all relevant emails and does
21  not need to consult back-up tapes to complete its production).  MGA should not be
22  permitted to circumvent prior Orders by seeking to overrule Mattel's objections
23  here.

24
25
26

---

[81]  Dart Decl., Exh. 7.
[82]  Webster Decl., ¶ 24.

27
28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1    Finally, MGA failed to meet and confer at all, much less in good faith,
2  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
3  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
4  the moving party shall first identify each dispute, state the relief sought and identify
5  the authority supporting the requested relief in a meet and confer letter that shall be
6  served on all parties by facsimile or electronic mail. The parties shall have five court
7  days from the date of service of that letter to conduct an in-person conference to
8  attempt to resolve the dispute.").  At no point during the meet and confer process did
9  the parties discuss this Request or Mattel's response to it.[84]  In order to engage in a
10 meaningful meet and confer, MGA had the burden to show the relevance of any
11 requests it sought to move on.[85]   Because MGA refused to even attempt to make
12 this showing, there was no possibility of a good faith meet and confer to resolve the
13 parties' disputes.  The Discovery Master should deny MGA's motion with respect to
14 this Request on that grounds alone.

15 **REQUEST FOR PRODUCTION NO. 19:**

16    All DOCUMENTS REFERRING OR RELATING TO the packaging
17 of "BRATZ, including but not limited to "Forever Diamondz," "Rock Angelz,"
18 "Bratz Rode," "Wild Life Safari," "Bratz Passion 4 Fashion," "Formal Funk,"
19 "Funky Fashion Makeover," "Wintertime Wonderland," and "Sun Kissed Summer."

20
21
22
23    [83]  See Order Denying Mattel's Motion for Protective Order Limiting the
24 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
25 3.
      [84]  See Webster Decl., ¶¶ 6-20.
26    [85]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27 bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
   1390794 at *1 (S.D. Cal. May 14, 2009).
28

**RESPONSE TO REQUEST NO. 19:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, and to the extent not already produced, Mattel will produce responsive, non-privileged documents in its possession, custody or control, if any, that it can locate after a reasonable, good faith search relating to the aspects of the packaging of Bratz products that MGA has alleged were infringed.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request to "the aspects of the packaging of Bratz products that MGA has alleged were infringed," and agrees to produce only subject to its improper boilerplate objections. Mattel's unilateral limitation on its production is unjustified to the extent Mattel is withholding documents on that basis. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

2  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

3  harassing' are improper – especially when a party fails to submit any evidentiary

4  declarations supporting such objections").  Accordingly, Mattel must be compelled

5  either to certify that it has produced all non-privileged responsive documents

6  without limitation or to produce all such documents by a date certain.

7         To the extent that Mattel is relying on its blanket objections, they are

8  not sustainable and do not justify Mattel's failure to produce documents.

9         As to overbreadth, Mattel provides no explanation, let alone the

10  required particularity, as to *why* this request is supposedly overly broad, nor can it

11  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

12  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13  contrary, the request is narrowly tailored to seek documents in Mattel's possession,

14  custody, or control regarding "BRATZ" packaging.

15         As to burden, Mattel has not attempted to demonstrate why responding

16  to this request and/or producing responsive documents presents any burden.  This

17  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

18  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

19  request is unduly burdensome must allege specific facts which indicate the nature

20  and extent of the burden, usually by affidavit or other reliable evidence.")

21  Moreover, it is not unduly burdensome, as noted above, in that the request is

22  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

23  has engaged in a broad variety of unfair trade practices, from trade dress

24  infringement to serial copying of MGA products.  MGA is entitled to discovery on

25  these claims.

26         This request does not seek documents protected by the attorney-client

27  privilege, the attorney work product doctrine, or other applicable privileges.  To the

28  extent that Mattel contends that it does, Mattel must provide a privilege log.

-96-