1    Mattel objects that the request contains confidential/proprietary/trade

2    secret information.  A Protective Order exists in this case, obviating any concern as

3    to protection of privacy rights and/or commercially sensitive information.

4    Mattel's objection that the documents sought are not relevant is

5    unfounded, as the packaging of "BRATZ" products, and Mattel's knowledge of that

6    packaging, is highly relevant to MGA's claims and defenses, including its claims for

7    trade dress infringement and unfair competition through Mattel's serial copying of

8    MGA products such as "BRATZ."

9    None of Mattel's improper objections are valid and Mattel is obligated

10   to produce all non-privileged responsive documents in its possession, custody or

11   control.

12   **MATTEL'S RESPONSE:**

13   MGA objects to Mattel's limitation that it will produce documents

14   related to "aspects of the MY SCENE products that MGA has accused of

15   infringement," but it provides no argument as to why this limitation is inappropriate.

16   Indeed, the parties previously agreed on the scope of these Requests and Mattel's

17   limitations.[86]

18   There is simply no relevance to aspects of Bratz to which MGA has

19   made no allegations of copying.  MGA provides no argument on the subject, instead

20   unilaterally claiming that "Mattel is required to respond to the request as originally

21   drafted," despite simultaneously acknowledging that a party may object "to part of a

22   request [and] permit inspection of the rest."  MGA's objection to Mattel's limitation

23   is thus without merit.

24   Further, contrary to MGA's statement that Mattel will not confirm that

25   it has produced non-privileged documents, if MGA had met and conferred on these

26

27   [86]   June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

28

1   issues, it would have learned that Mattel has already produced all relevant non-

2   privileged documents responsive to this Request.  Indeed, to date Mattel has already

3   produced over 350,000 pages regarding MY SCENE, without limitation by theme or

4   doll, including documents related to its design and development, packaging,

5   advertising, marketing, testing, themes, sales planning, manufacturing and

6   production, among others.[87]  MGA has not provided any basis for asserting that this

7   production is incomplete.  MGA's motion to compel responses to this Request

8   should therefore be denied as moot.

9          There is no basis for overruling Mattel's privilege objection.  MGA's

10  bald assertion that "this request does not seek information protected by the attorney-

11  client privilege, the attorney work product doctrine, or other applicable privileges"

12  has no merit.  Documents discussing MY SCENE could very well be subject to a

13  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

14  the parties have agreed that in general "all privileged documents would be logged

15  except for documents created after this action was filed on April 27, 2004."[88]  Thus,

16  to the extent privileged documents fall within the post lawsuit time period, they need

17  not be included on Mattel's log.

18         Similarly, despite the Parties' prior agreement on the scope of this

19  Request, MGA states that "Mattel has not attempted to demonstrate why responding

20  to this request and/or producing responsive documents presents any burden."  Yet,

21  as MGA knows, the Discovery Master has already placed limits on the searches

22  Mattel must make in producing documents, and this objection is only meant to

23  invoke those issues that have already been settled.  See, e.g., Order Denying MGA's

24

25      [87]  Webster Decl., ¶ 24.

26      [88]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

    3.

28

1  Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

2  outstanding emails, holding that Mattel has produced all relevant emails and does

3  not need to consult back-up tapes to complete its production). MGA should not be

4  permitted to circumvent prior Orders by seeking to overrule Mattel's objections

5  here.

6          Finally, MGA failed to meet and confer at all, much less in good faith,

7  regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

8  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

9  the moving party shall first identify each dispute, state the relief sought and identify

10 the authority supporting the requested relief in a meet and confer letter that shall be

11 served on all parties by facsimile or electronic mail. The parties shall have five court

12 days from the date of service of that letter to conduct an in-person conference to

13 attempt to resolve the dispute."). At no point during the meet and confer process did

14 the parties discuss this Request or Mattel's response to it.[89] In order to engage in a

15 meaningful meet and confer, MGA had the burden to show the relevance of any

16 requests it sought to move on.[90]  Because MGA refused to even attempt to make

17 this showing, there was no possibility of a good faith meet and confer to resolve the

18 parties' disputes. The Discovery Master should deny MGA's motion with respect to

19 this Request on that grounds alone.

20 **REQUEST FOR PRODUCTION NO. 20:**

21          All DOCUMENTS REFERRING OR RELATING TO any similarity

22 or dissimilarity between "BRATZ" and "MY SCENE" packaging, including without

23

24

---

25  [89]  See Webster Decl., ¶¶ 6-20.

26  [90]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27 bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1    limitation, advertising (including commercials), color schemes, product display,

2    shape, and the transparent style of packaging.

3    **RESPONSE TO REQUEST NO. 20:**

4            In addition to the general objections stated above which are

5    incorporated herein by reference, Mattel objects to this Request on the grounds that

6    it is overbroad and unduly burdensome, including in that it seeks all documents on

7    this subject without limitation as to time, and regardless of whether such documents

8    relate to products or matters at issue in this case.  Mattel further objects to this

9    Request as vague, incomprehensible and contrary to fact in its insinuation that such

10   elements as "the transparent style of packaging" is the subject of any rights owned

11   by MGA. Mattel further objects to the Request on the grounds that it seeks

12   documents that are not relevant to this action or likely to lead to the discovery of

13   admissible evidence.  Mattel further objects to this Request on the grounds that it

14   seeks confidential, proprietary and trade secret information that has no bearing on

15   the claims or defenses in this case.  Mattel further objects to this Request on the

16   grounds that it calls for the disclosure of information subject to the attorney-client

17   privilege, the attorney work-product doctrine and other applicable privileges.

18           Subject to and without waiving the foregoing general and specific

19   objections, and to the extent not already produced, Mattel will produce responsive,

20   non-privileged documents in its possession, custody or control, if any, that it can

21   locate after a reasonable, good faith search comparing the appearance of, on the one

22   hand, the aspects of the packaging of Bratz products that MGA has alleged were

23   infringed and, on the other hand, the aspects of the packaging of MY SCENE

24   products that MGA has accused of infringement.

25   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

26   **TO SHOULD BE COMPELLED**

27           Mattel improperly limits its agreement to produce responsive

28   documents to documents comparing (instead of similarities and dissimilarities as

1  requested) the appearance of "aspects of Bratz products that MGA has alleged were

2  infringed" and "aspects of the MY SCENE products that MGA has accused of

3  infringement."  MGA's trade dress and unfair competition claims are broad, and

4  Mattel cannot use its rewriting of the request as a shield to withhold materials

5  discoverable in Phase 2.  Mattel has refused to confirm whether or not it has

6  produced all non-privileged responsive documents or whether it is withholding

7  documents based on its objections in Phase 2.  Under the Federal Rules of Civil

8  Procedure, "an objection to part of a request must specify the part and permit

9  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

10 explain the basis for an objection with specificity are routinely rejected in the

11 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

12 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

13 harassing' are improper – especially when a party fails to submit any evidentiary

14 declarations supporting such objections").  Accordingly, Mattel must be compelled

15 either to certify that it has produced all non-privileged responsive documents or to

16 produce all such documents by a date certain.

17          To the extent that Mattel is relying on its blanket objections, they are

18 not sustainable and do not justify Mattel's failure to produce documents.

19          As to overbreadth, Mattel provides no explanation, let alone the

20 required particularity, as to *why* this request is supposedly overly broad, nor can it

21 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

22 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

23 contrary, the request is narrowly tailored to seek documents specifically relating to

24 similarities or dissimilarities between two products central to Phase 2 issues.

25          As to burden, Mattel has not attempted to demonstrate why responding

26 to this request and/or producing responsive documents presents any burden.  This

27 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

28 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1    request is unduly burdensome must allege specific facts which indicate the nature

2    and extent of the burden, usually by affidavit or other reliable evidence.")

3    Moreover, it is not unduly burdensome, as noted above, in that the request is

4    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

5    has engaged in a broad variety of unfair trade practices including serial copying of

6    MGA products and trade dress infringement.  MGA is entitled to discovery on these

7    claims.

8              This request does not seek documents protected by the attorney-client

9    privilege, the attorney work product doctrine, or other applicable privileges.  To the

10   extent that Mattel contends that it does, Mattel must provide a privilege log.

11             Mattel's objection that the documents sought are not relevant is

12   unfounded, as any requested documents in Mattel's possession, custody, or control

13   relating to "BRATZ" or "MY SCENE" packging are highly relevant to MGA's

14   claims and defenses, including its claims for trade dress infringement and unfair

15   competition through Mattel's serial copying of MGA products.

16             None of Mattel's improper objections are valid and Mattel is obligated

17   to produce all non-privileged responsive documents in its possession, custody, or

18   control.

19   **MATTEL'S RESPONSE:**

20             MGA objects to Mattel's limitation that it will produce documents

21   related to "the aspects of the packaging of Bratz products that MGA has alleged

22   were infringed and, on the other hand, the aspects of the packaging of MY SCENE

23   products that MGA has accused of infringement," but it provides no argument as to

24   why this limitation is inappropriate.  Indeed, the parties previously agreed on the

25   scope of these Requests and Mattel's limitations.[91]

26   _____

27   [91]   June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

28

1    There is simply no relevance to aspects of MY SCENE to which MGA
2  has made no allegations of copying.  MGA provides no argument on the subject,
3  instead unilaterally claiming that "Mattel is required to respond to the request as
4  originally drafted," despite simultaneously acknowledging that a party may object
5  "to part of a request [and] permit inspection of the rest."  MGA's objection to
6  Mattel's limitation is thus without merit.

7    Moreover, this Request seeks information relating to products and
8  themes that MGA has never alleged were infringed.  Numerous Bratz and MY
9  SCENE dolls have been released since MGA filed its complaint, and thus cannot
10  have been alleged to have been the subject of its trade dress claims for the simple
11  reason that they did not yet exist.  Indeed, MGA has previously taken the position
12  that documents and communications post-dating the issues in the Complaint are not
13  relevant.  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
14  Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing that MGA's
15  transactions with the Financing Parties were not relevant to Phase 2 because, inter
16  alia, "these events occurred years after [Mattel's] complaint was filed.").[92]  The
17  Discovery Master credited this argument in denying Mattel its requested discovery,
18  ruling that Mattel's requests were not reasonably calculated to lead to the discovery
19  of admissible evidence regarding Mattel's RICO counterclaim because the "RICO
20  counterclaim (like the other counterclaims to be adjudicated in Phase 2) was
21  asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or
22  Vision Capital, LLC came into existence . . . ."  Discovery Matter Order No. 3,
23  dated March 10, 2009, at 18.[93]  MGA offers no reason, nor could it consistent with
24  judicial estoppel, why documents post-dating the filing of claims which do not
25  allege continuing wrongdoing are relevant to those claims.  See New Hampshire v.

27  [92]  Dart Decl., Exh. 6.

00505.07975/3121201.5
MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET ONE)

1    Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a

2    legal proceeding, and succeeds in maintaining that position, he may not thereafter,

3    simply because his interests have changed, assume a contrary position, especially if

4    it be to the prejudice of the party who has acquiesced in the position formerly taken

5    by him."). Thus, under MGA's own arguments that were accepted by the Discovery

6    Master, the relevant cut-off date for discovery is April 2005, when MGA filed its

7    Complaint.

8              Further, contrary to MGA's statement that Mattel will not confirm that

9    it has produced non-privileged documents, if MGA had met and conferred on these

10   issues, it would have learned that Mattel has already produced all relevant non-

11   privileged documents responsive to this Request. Indeed, to date Mattel has already

12   produced over 350,000 pages regarding MY SCENE, without limitation by theme or

13   doll, including documents related to its design and development, packaging,

14   advertising, marketing, testing, themes, sales planning, manufacturing and

15   production, among others.[94] MGA has not provided any basis for asserting that this

16   production is incomplete. MGA's motion to compel responses to this Request

17   should therefore be denied as moot.

18             There is no basis for overruling Mattel's privilege objection. MGA's

19   bald assertion that "this request does not seek information protected by the attorney-

20   client privilege, the attorney work product doctrine, or other applicable privileges"

21   has no merit. Documents discussing MY SCENE could very well be subject to a

22   claim of privilege or work product protection. Moreover, as MGA has itself argued,

23   the parties have agreed that in general "all privileged documents would be logged

24

25

26

27   [93]  Dart Decl., Exh. 7.

     [94]  Webster Decl., ¶ 24.

28

1 | except for documents created after this action was filed on April 27, 2004."[95] Thus,

2 | to the extent privileged documents fall within the post lawsuit time period, they need

3 | not be included on Mattel's log.

4 |        Similarly, despite the Parties' prior agreement on the scope of this

5 | Request, MGA states that "Mattel has not attempted to demonstrate why responding

6 | to this request and/or producing responsive documents presents any burden." Yet,

7 | as MGA knows, the Discovery Master has already placed limits on the searches

8 | Mattel must make in producing documents, and this objection is only meant to

9 | invoke those issues that have already been settled. See, e.g., Order Denying MGA's

10 | Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

11 | outstanding emails, holding that Mattel has produced all relevant emails and does

12 | not need to consult back-up tapes to complete its production). MGA should not be

13 | permitted to circumvent prior Orders by seeking to overrule Mattel's objections

14 | here.

15 |        Finally, MGA failed to meet and confer at all, much less in good faith,

16 | regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

17 | Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

18 | the moving party shall first identify each dispute, state the relief sought and identify

19 | the authority supporting the requested relief in a meet and confer letter that shall be

20 | served on all parties by facsimile or electronic mail. The parties shall have five court

21 | days from the date of service of that letter to conduct an in-person conference to

22 | attempt to resolve the dispute."). At no point during the meet and confer process did

23 | the parties discuss this Request or Mattel's response to it.[96] In order to engage in a

24 |

25 | [95] See Order Denying Mattel's Motion for Protective Order Limiting the

26 | Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

27 | [96] See Webster Decl., ¶¶ 6-20.

28 |

1  meaningful meet and confer, MGA had the burden to show the relevance of any

2  requests it sought to move on.[97]   Because MGA refused to even attempt to make

3  this showing, there was no possibility of a good faith meet and confer to resolve the

4  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

5  this Request on that grounds alone.

6  **REQUEST FOR PRODUCTION NO. 21:**

7        All DOCUMENTS REFERRING OR RELATING TO any similarity

8  or dissimilarity between "BRATZ" and "MY SCENE," including without limitation,

9  themes, accessories, clothing, and shoes.

10  **RESPONSE TO REQUEST NO. 21:**

11        In addition to the general objections stated above which are

12  incorporated herein by reference, Mattel objects to this Request on the grounds that

13  it is overbroad and unduly burdensome, including in that it seeks all documents on

14  this subject without limitation as to time, and regardless of whether such documents

15  relate to products or matters at issue in this case.  Mattel further objects to this

16  Request as vague, incomprehensible and contrary to fact, including without

17  limitation in its insinuation that such elements as "themes, accessories, clothing, and

18  shoes" are the subject of any rights owned by MGA. Mattel further objects to the

19  Request on the grounds that it seeks documents that are not relevant to this action or

20  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

21  Request on the grounds that it seeks confidential, proprietary and trade secret

22  information that has no bearing on the claims or defenses in this case.  Mattel further

23  objects to this Request on the grounds that it is duplicative of or subsumed within

24  other requests within this set of requests.  Mattel further objects to this Request on

25  _____

26  [97]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1 | the grounds that it calls for the disclosure of information subject to the attorney-
2 | client privilege, the attorney work-product doctrine and other applicable privileges.
3 |          Subject to and without waiving the foregoing general and specific
4 | objections, and to the extent not already produced, Mattel will produce responsive,
5 | non-privileged documents in its possession, custody or control, if any, that it can
6 | locate after a reasonable, good faith search comparing the appearance of, on the one
7 | hand, the aspects the Bratz products that MGA has alleged were infringed and, on
8 | the other hand, the aspects of the MY SCENE products that MGA has accused of
9 | infringement.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

         Mattel improperly limits its agreement to produce responsive documents to documents comparing (instead of similarities and dissimilarities as requested) the appearance of "aspects of Bratz products that MGA has alleged were infringed" and "aspects of the MY SCENE products that MGA has accused of infringement."  MGA's trade dress and unfair competition claims are broad, and Mattel cannot use its rewriting of the request as a shield to withhold materials discoverable in Phase 2.  Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections").  Accordingly, Mattel must be compelled

1    either to certify that it has produced all non-privileged responsive documents or to
2    produce all such documents by a date certain.

3         To the extent that Mattel is relying on its blanket objections, they are
4    not sustainable and do not justify Mattel's failure to produce documents.

5         As to overbreadth, Mattel provides no explanation, let alone the
6    required particularity, as to *why* this request is supposedly overly broad, nor can it
7    do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
8    20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
9    contrary, the request is narrowly tailored to seek documents specifically relating to
10   similarities or dissimilarities between two products central to Phase 2.

11        As to burden, Mattel has not attempted to demonstrate why responding
12   to this request and/or producing responsive documents presents any burden. This
13   objection must therefore be rejected. See <u>Jackson v. Montgomery Ward & Co., Inc.</u>,
14   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
15   request is unduly burdensome must allege specific facts which indicate the nature
16   and extent of the burden, usually by affidavit or other reliable evidence.")
17   Moreover, it is not unduly burdensome, as noted above, in that the request is
18   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
19   has engaged in a broad variety of unfair trade practices including serial copying of
20   MGA products. MGA is entitled to discovery on these claims.

21        This request does not seek documents protected by the attorney-client
22   privilege, the attorney work product doctrine, or other applicable privileges. To the
23   extent that Mattel contends that it does, Mattel must provide a privilege log.

24        Mattel's objection that the documents sought are not relevant is
25   unfounded, as any requested documents in Mattel's possession, custody, or control
26   relating to "BRATZ" or "MY SCENE" packaging are highly relevant to MGA's
27   claims and defenses, including its claims for trade dress infringement and unfair
28   competition through Mattel's serial copying of MGA products.

1    None of Mattel's improper objections are valid and Mattel is obligated

2  to produce all non-privileged responsive documents in its possession, custody, or

3  control.

4  **MATTEL'S RESPONSE:**

5    MGA objects to Mattel's limitation that it will produce documents

6  related to "the aspects of the packaging of Bratz products that MGA has alleged

7  were infringed and, on the other hand, the aspects of the packaging of MY SCENE

8  products that MGA has accused of infringement," but it provides no argument as to

9  why this limitation is inappropriate.  Indeed, the parties previously agreed on the

10  scope of these Requests and Mattel's limitations.[98]

11    There is simply no relevance to aspects of MY SCENE to which MGA

12  has made no allegations of copying.  MGA provides no argument on the subject,

13  instead unilaterally claiming that "Mattel is required to respond to the request as

14  originally drafted," despite simultaneously acknowledging that a party may object

15  "to part of a request [and] permit inspection of the rest."  MGA's objection to

16  Mattel's limitation is thus without merit.

17    Moreover, this Request seeks information relating to products and

18  themes that MGA has never alleged were infringed.  Numerous Bratz and MY

19  SCENE dolls have been released since MGA filed its complaint, and thus cannot

20  have been alleged to have been the subject of its trade dress claims for the simple

21  reason that they did not yet exist.  Indeed, MGA has previously taken the position

22  that documents and communications post-dating the issues in the Complaint are not

23  relevant.  See MGA Parties' Reply In Support of Their Motion to Quash Receiver

24  Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing that MGA's

25  transactions with the Financing Parties were not relevant to Phase 2 because, inter

26

27  [98]   June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

28

1   alia, "these events occurred years after [Mattel's] complaint was filed.").[99]  The

2   Discovery Master credited this argument in denying Mattel its requested discovery,

3   ruling that Mattel's requests were not reasonably calculated to lead to the discovery

4   of admissible evidence regarding Mattel's RICO counterclaim because the "RICO

5   counterclaim (like the other counterclaims to be adjudicated in Phase 2) was

6   asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or

7   Vision Capital, LLC came into existence . . . ."  Discovery Matter Order No. 3,

8   dated March 10, 2009, at 18.[100]  MGA offers no reason, nor could it consistent with

9   judicial estoppel, why documents post-dating the filing of claims which do not

10   allege continuing wrongdoing are relevant to those claims.  See New Hampshire v.

11   Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a

12   legal proceeding, and succeeds in maintaining that position, he may not thereafter,

13   simply because his interests have changed, assume a contrary position, especially if

14   it be to the prejudice of the party who has acquiesced in the position formerly taken

15   by him.").  Thus, under MGA's own arguments that were accepted by the Discovery

16   Master, the relevant cut-off date for discovery is April 2005, when MGA filed its

17   Complaint.

18          Further, contrary to MGA's statement that Mattel will not confirm that

19   it has produced non-privileged documents, if MGA had met and conferred on these

20   issues, it would have learned that Mattel has already produced all relevant non-

21   privileged documents responsive to this Request.  Indeed, to date Mattel has already

22   produced over 350,000 pages regarding MY SCENE, without limitation by theme or

23   doll, including documents related to its design and development, packaging,

24   advertising, marketing, testing, themes, sales planning, manufacturing and

25

26

27   [99]   Dart Decl., Exh. 6.

28   [100]   Dart Decl., Exh. 7.

1   production, among others.[101]  MGA has not provided any basis for asserting that this

2   production is incomplete.  MGA's motion to compel responses to this Request

3   should therefore be denied as moot.

4                    There is no basis for overruling Mattel's privilege objection.  MGA's

5   bald assertion that "this request does not seek information protected by the attorney-

6   client privilege, the attorney work product doctrine, or other applicable privileges"

7   has no merit.  Documents discussing MY SCENE could very well be subject to a

8   claim of privilege or work product protection.  Moreover, as MGA has itself argued,

9   the parties have agreed that in general "all privileged documents would be logged

10  except for documents created after this action was filed on April 27, 2004."[102]  Thus,

11  to the extent privileged documents fall within the post lawsuit time period, they need

12  not be included on Mattel's log.

13                   Similarly, despite the Parties' prior agreement on the scope of this

14  Request, MGA states that "Mattel has not attempted to demonstrate why responding

15  to this request and/or producing responsive documents presents any burden."  Yet,

16  as MGA knows, the Discovery Master has already placed limits on the searches

17  Mattel must make in producing documents, and this objection is only meant to

18  invoke those issues that have already been settled.  See, e.g., Order Denying MGA's

19  Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

20  outstanding emails, holding that Mattel has produced all relevant emails and does

21  not need to consult back-up tapes to complete its production).  MGA should not be

22  permitted to circumvent prior Orders by seeking to overrule Mattel's objections

23  here.

24

25      [101]   Webster Decl., ¶ 24.

26      [102]   See Order Denying Mattel's Motion for Protective Order Limiting the
    Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
27  3.

28

1    Finally, MGA failed to meet and confer at all, much less in good faith,

2  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4  the moving party shall first identify each dispute, state the relief sought and identify

5  the authority supporting the requested relief in a meet and confer letter that shall be

6  served on all parties by facsimile or electronic mail. The parties shall have five court

7  days from the date of service of that letter to conduct an in-person conference to

8  attempt to resolve the dispute.").  At no point during the meet and confer process did

9  the parties discuss this Request or Mattel's response to it.[103]  In order to engage in a

10 meaningful meet and confer, MGA had the burden to show the relevance of any

11 requests it sought to move on.[104]  Because MGA refused to even attempt to make

12 this showing, there was no possibility of a good faith meet and confer to resolve the

13 parties' disputes.  The Discovery Master should deny MGA's motion with respect to

14 this Request on that grounds alone.

15 **REQUEST FOR PRODUCTION NO. 22:**

16    All DOCUMENTS REFERRING OR RELATING TO any similarity

17 or dissimilarity between "BRATZ" and "MY SCENE" dolls, including without

18 limitation, feet, hair, removable heads, face paint, eye design, head size, body

19 proportions, and any other physical attributes.

20 **RESPONSE TO REQUEST NO. 22:**

21    In addition to the general objections stated above which are

22 incorporated herein by reference, Mattel objects to this Request on the grounds that

23 it is overbroad and unduly burdensome, including in that it seeks all documents on

24

25    [103]   See Webster Decl., ¶¶ 6-20.

26    [104]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27 bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1 | this subject without limitation as to time, and regardless of whether such documents
2 | relate to products or matters at issue in this case.  Mattel further objects to the
3 | Request on the grounds that it seeks documents that are not relevant to this action or
4 | likely to lead to the discovery of admissible evidence.  Mattel further objects to this
5 | Request as vague, incomprehensible and contrary to fact, including without
6 | limitation in its insinuation that such elements as "removable heads" are the subject
7 | of any rights owned by MGA. Mattel further objects to this Request on the grounds
8 | that it seeks confidential, proprietary and trade secret information that has no
9 | bearing on the claims or defenses in this case.  Mattel further objects to this Request
10 | on the grounds that it is duplicative of or subsumed within other requests within this
11 | set of requests.  Mattel further objects to this Request on the grounds that it calls for
12 | the disclosure of information subject to the attorney-client privilege, the attorney
13 | work-product doctrine and other applicable privileges.

14 |       Subject to and without waiving the foregoing general and specific
15 | objections, and to the extent not already produced, Mattel will produce responsive,
16 | non-privileged documents in its possession, custody or control, if any, that it can
17 | locate after a reasonable, good faith search comparing the appearance of, on the one
18 | hand, the aspects of the Bratz products that MGA has alleged were infringed and, on
19 | the other hand, the aspects of the MY SCENE products that MGA has accused of
20 | infringement.

21 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
22 | **TO SHOULD BE COMPELLED**

23 |       Mattel improperly limits its agreement to produce responsive
24 | documents to documents comparing (instead of similarities and dissimilarities as
25 | requested) the appearance of "aspects of Bratz products that MGA has alleged were
26 | infringed" and "aspects of the MY SCENE products that MGA has accused of
27 | infringement."  MGA's trade dress and unfair competition claims are broad, and
28 | Mattel cannot use its rewriting of the request as a shield to withhold materials

1   discoverable in Phase 2. Mattel has refused to confirm whether or not it has

2   produced all non-privileged responsive documents or whether it is withholding

3   documents based on its objections in Phase 2. Under the Federal Rules of Civil

4   Procedure, "an objection to part of a request must specify the part and permit

5   inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to

6   explain the basis for an objection with specificity are routinely rejected in the

7   Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

8   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

9   harassing' are improper – especially when a party fails to submit any evidentiary

10  declarations supporting such objections"). Accordingly, Mattel must be compelled

11  either to certify that it has produced all non-privileged responsive documents or to

12  produce all such documents by a date certain.

13          To the extent that Mattel is relying on its blanket objections, they are

14  not sustainable and do not justify Mattel's failure to produce documents.

15          As to overbreadth, Mattel provides no explanation, let alone the

16  required particularity, as to *why* this request is supposedly overly broad, nor can it

17  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

18  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

19  contrary, the request is narrowly tailored to seek documents specifically relating to

20  similarities or dissimilarities between two products central to Phase 2.

21          As to burden, Mattel has not attempted to demonstrate why responding

22  to this request and/or producing responsive documents presents any burden. This

23  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

24  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

25  request is unduly burdensome must allege specific facts which indicate the nature

26  and extent of the burden, usually by affidavit or other reliable evidence.")

27  Moreover, it is not unduly burdensome, as noted above, in that the request is

28  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

1 | has engaged in a broad variety of unfair trade practices including serial copying of

2 | MGA products.  MGA is entitled to discovery on these claims.

3 |       This request does not seek documents protected by the attorney-client

4 | privilege, the attorney work product doctrine, or other applicable privileges.  To the

5 | extent that Mattel contends that it does, Mattel must provide a privilege log.

6 |       Mattel's objection that the documents sought are not relevant is

7 | unfounded, as any requested documents in Mattel's possession, custody, or control

8 | relating to "BRATZ" or "MY SCENE" packging are highly relevant to MGA's

9 | claims and defenses, including its claims for trade dress infringement and unfair

10 | competition through Mattel's serial copying of MGA products.

11 |       None of Mattel's improper objections are valid and Mattel is obligated

12 | to produce all non-privileged responsive documents in its possession, custody, or

13 | control.

14 | **MATTEL'S RESPONSE:**

15 |       MGA objects to Mattel's limitation that it will produce documents

16 | related to "the aspects of the packaging of Bratz products that MGA has alleged

17 | were infringed and, on the other hand, the aspects of the packaging of MY SCENE

18 | products that MGA has accused of infringement," but it provides no argument as to

19 | why this limitation is inappropriate.  Indeed, the parties previously agreed on the

20 | scope of these Requests and Mattel's limitations.[105]

21 |       There is simply no relevance to aspects of MY SCENE to which MGA

22 | has made no allegations of copying.  MGA provides no argument on the subject,

23 | instead unilaterally claiming that "Mattel is required to respond to the request as

24 | originally drafted," despite simultaneously acknowledging that a party may object

25 |

26 |

27 | [105]   June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

28 |

1 "to part of a request [and] permit inspection of the rest."  MGA's objection to

2 Mattel's limitation is thus without merit.

3          Moreover, this Request seeks information relating to products and

4 themes that MGA has never alleged were infringed.  Numerous Bratz and MY

5 SCENE dolls have been released since MGA filed its complaint, and thus cannot

6 have been alleged to have been the subject of its trade dress claims for the simple

7 reason that they did not yet exist.  Indeed, MGA has previously taken the position

8 that documents and communications post-dating the issues in the Complaint are not

9 relevant.  See MGA Parties' Reply In Support of Their Motion to Quash Receiver

10 Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing that MGA's

11 transactions with the Financing Parties were not relevant to Phase 2 because, inter

12 alia, "these events occurred years after [Mattel's] complaint was filed.").[106]  The

13 Discovery Master credited this argument in denying Mattel its requested discovery,

14 ruling that Mattel's requests were not reasonably calculated to lead to the discovery

15 of admissible evidence regarding Mattel's RICO counterclaim because the "RICO

16 counterclaim (like the other counterclaims to be adjudicated in Phase 2) was

17 asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or

18 Vision Capital, LLC came into existence . . . ."  Discovery Matter Order No. 3,

19 dated March 10, 2009, at 18.[107]  MGA offers no reason, nor could it consistent with

20 judicial estoppel, why documents post-dating the filing of claims which do not

21 allege continuing wrongdoing are relevant to those claims.  See New Hampshire v.

22 Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a

23 legal proceeding, and succeeds in maintaining that position, he may not thereafter,

24 simply because his interests have changed, assume a contrary position, especially if

25 it be to the prejudice of the party who has acquiesced in the position formerly taken

26

27 [106]   Dart Decl., Exh. 6.

28

1   by him."). Thus, under MGA's own arguments that were accepted by the Discovery

2   Master, the relevant cut-off date for discovery is April 2005, when MGA filed its

3   Complaint.

4        Further, contrary to MGA's statement that Mattel will not confirm that

5   it has produced non-privileged documents, if MGA had met and conferred on these

6   issues, it would have learned that Mattel has already produced all relevant non-

7   privileged documents responsive to this Request. Indeed, to date Mattel has already

8   produced over 350,000 pages regarding MY SCENE, without limitation by theme or

9   doll, including documents related to its design and development, packaging,

10   advertising, marketing, testing, themes, sales planning, manufacturing and

11   production, among others.[108] MGA has not provided any basis for asserting that this

12   production is incomplete. MGA's motion to compel responses to this Request

13   should therefore be denied as moot.

14        There is no basis for overruling Mattel's privilege objection. MGA's

15   bald assertion that "this request does not seek information protected by the attorney-

16   client privilege, the attorney work product doctrine, or other applicable privileges"

17   has no merit. Documents discussing MY SCENE could very well be subject to a

18   claim of privilege or work product protection. Moreover, as MGA has itself argued,

19   the parties have agreed that in general "all privileged documents would be logged

20   except for documents created after this action was filed on April 27, 2004."[109] Thus,

21   to the extent privileged documents fall within the post lawsuit time period, they need

22   not be included on Mattel's log.

23

24

25   [107]   Dart Decl., Exh. 7.
    [108]   Webster Decl., ¶ 24.

26   [109]   See Order Denying Mattel's Motion for Protective Order Limiting the

27   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1    Similarly, despite the Parties' prior agreement on the scope of this

2  Request, MGA states that "Mattel has not attempted to demonstrate why responding

3  to this request and/or producing responsive documents presents any burden." Yet,

4  as MGA knows, the Discovery Master has already placed limits on the searches

5  Mattel must make in producing documents, and this objection is only meant to

6  invoke those issues that have already been settled. <u>See, e.g.</u>, Order Denying MGA's

7  Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

8  outstanding emails, holding that Mattel has produced all relevant emails and does

9  not need to consult back-up tapes to complete its production). MGA should not be

10  permitted to circumvent prior Orders by seeking to overrule Mattel's objections

11  here.

12    Finally, MGA failed to meet and confer at all, much less in good faith,

13  regarding this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master

14  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

15  the moving party shall first identify each dispute, state the relief sought and identify

16  the authority supporting the requested relief in a meet and confer letter that shall be

17  served on all parties by facsimile or electronic mail. The parties shall have five court

18  days from the date of service of that letter to conduct an in-person conference to

19  attempt to resolve the dispute."). At no point during the meet and confer process did

20  the parties discuss this Request or Mattel's response to it.[110] In order to engage in a

21  meaningful meet and confer, MGA had the burden to show the relevance of any

22  requests it sought to move on.[111] Because MGA refused to even attempt to make

23  this showing, there was no possibility of a good faith meet and confer to resolve the

24

25    [110]  <u>See</u> Webster Decl., ¶¶ 6-20.

26    [111]  <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

2  this Request on that grounds alone.

3  **REQUEST FOR PRODUCTION NO. 23:**

4              All DOCUMENTS REFERRING OR RELATING TO whether the

5  appearance of "MY SCENE" copies, replicates, or in any way imitates the

6  appearance of "BRATZ."

7  **RESPONSE TO REQUEST NO. 23:**

8              In addition to the general objections stated above which are

9  incorporated herein by reference, Mattel objects to this Request on the grounds that

10  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

11  documents on this subject without limitation as to time, and regardless of whether

12  such documents relate to products or matters at issue in this case.  Mattel further

13  objects to the Request on the grounds that it seeks documents that are not relevant to

14  this action or likely to lead to the discovery of admissible evidence.  Mattel further

15  objects to this Request on the grounds that it seeks confidential, proprietary and

16  trade secret information that has no bearing on the claims or defenses in this case.

17  Mattel further objects to this Request on the grounds that it is duplicative of or

18  subsumed within other requests within this set of requests.  Mattel further objects to

19  this Request on the grounds that it calls for the disclosure of information subject to

20  the attorney-client privilege, the attorney work-product doctrine and other applicable

21  privileges.

22              Subject to and without waiving the foregoing general and specific

23  objections, and to the extent not already produced, Mattel will produce responsive,

24  non-privileged documents in its possession, custody or control, if any, that it can

25  locate after a reasonable, good faith search comparing the appearance of, on the one

26  hand, the aspects of the Bratz products that MGA has alleged were infringed and, on

27  the other hand, the aspects of the MY SCENE products that MGA has accused of

28  infringement.

## MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED

Mattel improperly limits its agreement to produce responsive documents to documents comparing the appearance of "aspects of Bratz products that MGA has alleged were infringed" and "aspects of the MY SCENE products that MGA has accused of infringement." MGA's trade dress and unfair competition claims are broad, and Mattel cannot use its rewriting of the request as a shield to withhold materials discoverable in Phase 2. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents specifically relating to whether "MY SCENE" copies "BRATZ".

1      As to burden, Mattel has not attempted to demonstrate why responding

2  to this request and/or producing responsive documents presents any burden. This

3  objection must therefore be rejected. <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.,</u>

4  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.")

7  Moreover, it is not unduly burdensome, as noted above, in that the request is

8  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

9  has engaged in a broad variety of unfair trade practices including serial copying of

10  MGA products and trade dress infringement. MGA is entitled to discovery on these

11  claims.

12      This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges. To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15      Mattel objects on the basis of relevance and that Mattel's actions in

16  relation to the "BRATZ" line of products are not at issue in this action. Mattel

17  cannot legitimately contend that "BRATZ" is not at issue in Phase 2 of these

18  consolidated proceedings. Discovery relating to "BRATZ" is likely to lead to

19  admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair

20  competition claim, Mattel's trade secret misappropriation claim, and both parties'

21  claims for relief.

22      None of Mattel's improper objections are valid and Mattel is obligated

23  to produce all non-privileged responsive documents in its possession, custody, or

24  control.

25  **MATTEL'S RESPONSE:**

26      MGA objects to Mattel's limitation that it will produce documents

27  related to "the aspects of the packaging of Bratz products that MGA has alleged

28  were infringed and, on the other hand, the aspects of the packaging of MY SCENE

1  products that MGA has accused of infringement," but it provides no argument as to

2  why this limitation is inappropriate.  Indeed, the parties previously agreed on the

3  scope of these Requests and Mattel's limitations.[112]

4            There is simply no relevance to aspects of MY SCENE to which MGA

5  has made no allegations of copying.  MGA provides no argument on the subject,

6  instead unilaterally claiming that "Mattel is required to respond to the request as

7  originally drafted," despite simultaneously acknowledging that a party may object

8  "to part of a request [and] permit inspection of the rest."  MGA's objection to

9  Mattel's limitation is thus without merit.

10           Moreover, this Request seeks information relating to products and

11  themes that MGA has never alleged were infringed.  Numerous Bratz and MY

12  SCENE dolls have been released since MGA filed its complaint, and thus cannot

13  have been alleged to have been the subject of its trade dress claims for the simple

14  reason that they did not yet exist.  Indeed, MGA has previously taken the position

15  that documents and communications post-dating the issues in the Complaint are not

16  relevant.  See MGA Parties' Reply In Support of Their Motion to Quash Receiver

17  Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing that MGA's

18  transactions with the Financing Parties were not relevant to Phase 2 because, inter

19  alia, "these events occurred years after [Mattel's] complaint was filed.").[113]  The

20  Discovery Master credited this argument in denying Mattel its requested discovery,

21  ruling that Mattel's requests were not reasonably calculated to lead to the discovery

22  of admissible evidence regarding Mattel's RICO counterclaim because the "RICO

23  counterclaim (like the other counterclaims to be adjudicated in Phase 2) was

24  asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or

25  Vision Capital, LLC came into existence . . . ."  Discovery Matter Order No. 3,

26

27  [112]   June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

28

1  dated March 10, 2009, at 18.[114]  MGA offers no reason, nor could it consistent with

2  judicial estoppel, why documents post-dating the filing of claims which do not

3  allege continuing wrongdoing are relevant to those claims.  See New Hampshire v.

4  Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a

5  legal proceeding, and succeeds in maintaining that position, he may not thereafter,

6  simply because his interests have changed, assume a contrary position, especially if

7  it be to the prejudice of the party who has acquiesced in the position formerly taken

8  by him.").  Thus, under MGA's own arguments that were accepted by the Discovery

9  Master, the relevant cut-off date for discovery is April 2005, when MGA filed its

10  Complaint.

11         Further, contrary to MGA's statement that Mattel will not confirm that

12  it has produced non-privileged documents, if MGA had met and conferred on these

13  issues, it would have learned that Mattel has already produced all relevant non-

14  privileged documents responsive to this Request.  Indeed, to date Mattel has already

15  produced over 350,000 pages regarding MY SCENE, without limitation by theme or

16  doll, including documents related to its design and development, packaging,

17  advertising, marketing, testing, themes, sales planning, manufacturing and

18  production, among others.[115]  MGA has not provided any basis for asserting that this

19  production is incomplete.  MGA's motion to compel responses to this Request

20  should therefore be denied as moot.

21         There is no basis for overruling Mattel's privilege objection.  MGA's

22  bald assertion that "this request does not seek information protected by the attorney-

23  client privilege, the attorney work product doctrine, or other applicable privileges"

24  has no merit.  Documents discussing MY SCENE could very well be subject to a

25  _____

26  [113]   Dart Decl., Exh. 6.

27  [114]   Dart Decl., Exh. 7.

[115]   Webster Decl., ¶ 24.

28

1   claim of privilege or work product protection.  Moreover, as MGA has itself argued,

2   the parties have agreed that in general "all privileged documents would be logged

3   except for documents created after this action was filed on April 27, 2004."[116]  Thus,

4   to the extent privileged documents fall within the post lawsuit time period, they need

5   not be included on Mattel's log.

6          Similarly, despite the Parties' prior agreement on the scope of this

7   Request, MGA states that "Mattel has not attempted to demonstrate why responding

8   to this request and/or producing responsive documents presents any burden."  Yet,

9   as MGA knows, the Discovery Master has already placed limits on the searches

10  Mattel must make in producing documents, and this objection is only meant to

11  invoke those issues that have already been settled.  See, e.g., Order Denying MGA's

12  Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

13  outstanding emails, holding that Mattel has produced all relevant emails and does

14  not need to consult back-up tapes to complete its production).  MGA should not be

15  permitted to circumvent prior Orders by seeking to overrule Mattel's objections

16  here.

17         Finally, MGA failed to meet and confer at all, much less in good faith,

18  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

19  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

20  the moving party shall first identify each dispute, state the relief sought and identify

21  the authority supporting the requested relief in a meet and confer letter that shall be

22  served on all parties by facsimile or electronic mail. The parties shall have five court

23  days from the date of service of that letter to conduct an in-person conference to

24  attempt to resolve the dispute.").  At no point during the meet and confer process did

25

26  [116]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1  the parties discuss this Request or Mattel's response to it.[117]  In order to engage in a

2  meaningful meet and confer, MGA had the burden to show the relevance of any

3  requests it sought to move on.[118]  Because MGA refused to even attempt to make

4  this showing, there was no possibility of a good faith meet and confer to resolve the

5  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

6  this Request on that grounds alone.

7  **REQUEST FOR PRODUCTION NO. 24:**

8      All DOCUMENTS REFERRING OR RELATING TO whether the

9  appearance of "BRATZ" copies, replicates, or in any way imitates the appearance of

10  "MY SCENE."

11  **RESPONSE TO REQUEST NO. 24:**

12      In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case.  Mattel further

17  objects to the Request on the grounds that it seeks documents that are not relevant to

18  this action or likely to lead to the discovery of admissible evidence.  Mattel further

19  objects to this Request on the grounds that it seeks confidential, proprietary and

20  trade secret information that has no bearing on the claims or defenses in this case.

21  Mattel further objects to this Request on the grounds that it is duplicative of or

22  subsumed within other requests within this set of requests.  Mattel further objects to

23  this Request on the grounds that it calls for the disclosure of information subject to

24

25  [117]  See Webster Decl., ¶¶ 6-20.

26  [118]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
1390794 at *1 (S.D. Cal. May 14, 2009).

28

1   the attorney-client privilege, the attorney work-product doctrine and other applicable

2   privileges.

3          Subject to and without waiving the foregoing general and specific

4   objections, and to the extent not already produced, Mattel will produce responsive,

5   non-privileged documents in its possession, custody or control, if any, that it can

6   locate after a reasonable, good faith search comparing the appearance of, on the one

7   hand, any aspects of the Bratz products and any aspects of the MY SCENE products

8   that Mattel asserts in this action have been copied, replicated or imitated by MGA in

9   the event and to the extent Mattel makes such an assertion in this action.

10  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

11  **TO SHOULD BE COMPELLED**

12         Mattel improperly limits its agreement to produce responsive

13  documents to documents comparing the appearance of "aspects of the Bratz

14  products" and "aspects of MY SCENE products that Mattel asserts" only "in the

15  event and to the extent Mattel makes such assertion in this action."  MGA's trade

16  dress and unfair competition claims are broad, and Mattel cannot use its rewriting of

17  the request as a shield to withhold materials discoverable in Phase 2.  Mattel has

18  refused to confirm whether or not it has produced all non-privileged responsive

19  documents or whether it is withholding documents based on its objections in Phase

20  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

21  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

22  Generic objections that fail to explain the basis for an objection with specificity are

23  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

24  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

25  'overly burdensome and harassing' are improper – especially when a party fails to

26  submit any evidentiary declarations supporting such objections").  Accordingly,

27  Mattel must be compelled either to certify that it has produced all non-privileged

28  responsive documents or to produce all such documents by a date certain.

00505.07975/3121201.5

1       To the extent that Mattel is relying on its blanket objections, they are
2   not sustainable and do not justify Mattel's failure to produce documents.

3       As to overbreadth, Mattel provides no explanation, let alone the
4   required particularity, as to *why* this request is supposedly overly broad, nor can it
5   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
6   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
7   contrary, the request is narrowly tailored to seek documents specifically relating to
8   whether "Bratz" copies "My Scene."

9       As to burden, Mattel has not attempted to demonstrate why responding
10  to this request and/or producing responsive documents presents any burden. This
11  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
12  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
13  request is unduly burdensome must allege specific facts which indicate the nature
14  and extent of the burden, usually by affidavit or other reliable evidence.")
15  Moreover, it is not unduly burdensome, as noted above, in that the request is
16  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
17  has engaged in a broad variety of unfair trade practices including serial copying of
18  MGA products. Mattel has alleged that MGA engaged in trade secret
19  misappropriation. MGA is entitled to discovery on its claims and defenses.

20      This request does not seek documents protected by the attorney-client
21  privilege, the attorney work product doctrine, or other applicable privileges. To the
22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23      Mattel's objection that the documents sought are not relevant is
24  unfounded, as any requested documents in Mattel's possession, custody, or control
25  relating to the appearance of "BRATZ" and "MY SCENE" packging are highly
26  relevant to MGA's claims and defenses, including its claims for trade dress
27  infringement and unfair competition through Mattel's serial copying of MGA
28  products.

1    None of Mattel's improper objections are valid and Mattel is obligated

2  to produce all non-privileged responsive documents in its possession, custody, or

3  control.

4  **MATTEL'S RESPONSE:**

5    MGA objects to Mattel's limitation that it will produce documents

6  "comparing the appearance of, on the one hand, any aspects of the Bratz products

7  and any aspects of the MY SCENE products that Mattel asserts in this action have

8  been copied, replicated or imitated by MGA in the event and to the extent Mattel

9  makes such an assertion in this action," but it provides no argument as to why this

10  limitation is inappropriate.

11    There is simply no relevance to copying of MY SCENE by Bratz where

12  Mattel has made no allegations of copying.  MGA provides no argument on the

13  subject, instead unilaterally claiming that "Mattel is required to respond to the

14  request as originally drafted," despite simultaneously acknowledging that a party

15  may object "to part of a request [and] permit inspection of the rest."  MGA's

16  objection to Mattel's limitation is thus without merit.

17    Moreover, this Request seeks information relating to products and

18  themes that MGA has never alleged were infringed.  Numerous Bratz and MY

19  SCENE dolls have been released since MGA filed its complaint, and thus cannot

20  have been alleged to have been the subject of its trade dress claims for the simple

21  reason that they did not yet exist.  Indeed, MGA has previously taken the position

22  that documents and communications post-dating the issues in the Complaint are not

23  relevant.  See MGA Parties' Reply In Support of Their Motion to Quash Receiver

24  Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing that MGA's

25  transactions with the Financing Parties were not relevant to Phase 2 because, inter

26

27

28

1   alia, "these events occurred years after [Mattel's] complaint was filed.").[119]  The

2   Discovery Master credited this argument in denying Mattel its requested discovery,

3   ruling that Mattel's requests were not reasonably calculated to lead to the discovery

4   of admissible evidence regarding Mattel's RICO counterclaim because the "RICO

5   counterclaim (like the other counterclaims to be adjudicated in Phase 2) was

6   asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or

7   Vision Capital, LLC came into existence . . . ."  Discovery Matter Order No. 3,

8   dated March 10, 2009, at 18.[120]  MGA offers no reason, nor could it consistent with

9   judicial estoppel, why documents post-dating the filing of claims which do not

10  allege continuing wrongdoing are relevant to those claims.  See New Hampshire v.

11  Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a

12  legal proceeding, and succeeds in maintaining that position, he may not thereafter,

13  simply because his interests have changed, assume a contrary position, especially if

14  it be to the prejudice of the party who has acquiesced in the position formerly taken

15  by him.").  Thus, under MGA's own arguments that were accepted by the Discovery

16  Master, the relevant cut-off date for discovery is April 2005, when MGA filed its

17  Complaint.

18          Further, contrary to MGA's statement that Mattel will not confirm that

19  it has produced non-privileged documents, if MGA had met and conferred on these

20  issues, it would have learned that Mattel has already produced all relevant non-

21  privileged documents responsive to this Request.  Indeed, to date Mattel has already

22  produced over 350,000 pages regarding MY SCENE, without limitation by theme or

23  doll, including documents related to its design and development, packaging,

24  advertising, marketing, testing, themes, sales planning, manufacturing and

---

[119]   Dart Decl., Exh. 6.
[120]   Dart Decl., Exh. 7.

1   production, among others.[121]  MGA has not provided any basis for asserting that this

2   production is incomplete.  MGA's motion to compel responses to this Request

3   should therefore be denied as moot.

4          There is no basis for overruling Mattel's privilege objection.  MGA's

5   bald assertion that "this request does not seek information protected by the attorney-

6   client privilege, the attorney work product doctrine, or other applicable privileges"

7   has no merit.  Documents discussing MY SCENE could very well be subject to a

8   claim of privilege or work product protection.  Moreover, as MGA has itself argued,

9   the parties have agreed that in general "all privileged documents would be logged

10  except for documents created after this action was filed on April 27, 2004."[122]  Thus,

11  to the extent privileged documents fall within the post lawsuit time period, they need

12  not be included on Mattel's log.

13         Similarly, MGA states that "Mattel has not attempted to demonstrate

14  why responding to this request and/or producing responsive documents presents any

15  burden."  Yet, as MGA knows, the Discovery Master has already placed limits on

16  the searches Mattel must make in producing documents, and this objection is only

17  meant to invoke those issues that have already been settled.  See, e.g., Order

18  Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel

19  on all outstanding emails, holding that Mattel has produced all relevant emails and

20  does not need to consult back-up tapes to complete its production).  MGA should

21  not be permitted to circumvent prior Orders by seeking to overrule Mattel's

22  objections here.

---

[121]   Webster Decl., ¶ 24.

[122]   See Order Denying Mattel's Motion for Protective Order Limiting the
Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
3.

1          Finally, MGA failed to meet and confer at all, much less in good faith,

2   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4   the moving party shall first identify each dispute, state the relief sought and identify

5   the authority supporting the requested relief in a meet and confer letter that shall be

6   served on all parties by facsimile or electronic mail. The parties shall have five court

7   days from the date of service of that letter to conduct an in-person conference to

8   attempt to resolve the dispute.").  At no point during the meet and confer process did

9   the parties discuss this Request or Mattel's response to it.[123]  In order to engage in a

10  meaningful meet and confer, MGA had the burden to show the relevance of any

11  requests it sought to move on.[124]  Because MGA refused to even attempt to make

12  this showing, there was no possibility of a good faith meet and confer to resolve the

13  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

14  this Request on that grounds alone.

15  **REQUEST FOR PRODUCTION NO. 25:**

16          All DOCUMENTS REFERRING OR RELATING TO whether "MY

17  SCENE" infringes or potentially infringes the copyrights, trademarks, or trade dress

18  of "BRATZ."

19  **RESPONSE TO REQUEST NO. 25:**

20          In addition to the general objections stated above which are

21  incorporated herein by reference, Mattel objects to this Request on the grounds that

22  it is overbroad and unduly burdensome, including in that it seeks all documents on

23

24

_____

25  [123]  See Webster Decl., ¶¶ 6-20.

26  [124]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  this subject without limitation as to time, and regardless of whether such documents

2  relate to products or matters at issue in this case.  Mattel further objects to this

3  Request in that it is unintelligible and contrary to fact in its suggestion

4  that MGA owns, or has asserted in its Complaint infringement of, any Bratz

5  "copyright" or "trademarks" with respect to Mattel's MY SCENE products.  As

6  MGA is aware, it has made no such allegations.  Mattel further objects to the

7  Request on the grounds that it seeks documents that are not relevant to this action or

8  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

9  Request on the grounds that it seeks confidential, proprietary and trade secret

10  information that has no bearing on the claims or defenses in this case.  Mattel further

11  objects to this Request on the grounds that it calls for the disclosure of information

12  subject to the attorney-client privilege, the attorney work-product doctrine and other

13  applicable privileges.

14  Subject to and without waiving the foregoing general and specific

15  objections, and to the extent not already produced, Mattel will produce responsive,

16  non-privileged documents in its possession, custody or control, if any, that it can

17  locate after a reasonable, good faith search relating to the alleged trade dress

18  infringement of the aspects of the MY SCENE products accused by MGA of

19  infringement insofar as they relate to the aspects of the Bratz products that MGA has

20  alleged were infringed.

21  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

22  **TO SHOULD BE COMPELLED**

23  Mattel improperly limits its agreement to produce responsive

24  documents to documents regarding "aspects of Bratz products that MGA has alleged

25  were infringed" and "aspects of the MY SCENE products that MGA has accused of

26  infringement."  MGA's trade dress and unfair competition claims are broad, and

27  Mattel cannot use its rewriting of the request as a shield to withhold materials

28  discoverable in Phase 2.  Mattel has refused to confirm whether or not it has

1   produced all non-privileged responsive documents or whether it is withholding

2   documents based on its objections or limitation in Phase 2.  Under the Federal Rules

3   of Civil Procedure, "an objection to part of a request must specify the part and

4   permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

5   fail to explain the basis for an objection with specificity are routinely rejected in the

6   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

7   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

8   harassing' are improper – especially when a party fails to submit any evidentiary

9   declarations supporting such objections").  Accordingly, Mattel must be compelled

10  either to certify that it has produced all non-privileged responsive documents or to

11  produce all such documents by a date certain.

12         To the extent that Mattel is relying on its blanket objections, they are

13  not sustainable and do not justify Mattel's failure to produce documents.

14         As to overbreadth, Mattel provides no explanation, let alone the

15  required particularity, as to *why* this request is supposedly overly broad, nor can it

16  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

17  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

18  contrary, the request is narrowly tailored to seek documents specifically relating to

19  whether "MY SCENE" infringes upon "BRATZ".

20         As to burden, Mattel has not attempted to demonstrate why responding

21  to this request and/or producing responsive documents presents any burden.  This

22  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

23  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24  request is unduly burdensome must allege specific facts which indicate the nature

25  and extent of the burden, usually by affidavit or other reliable evidence.")

26  Moreover, it is not unduly burdensome, as noted above, in that the request is

27  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

28  has engaged in a broad variety of unfair trade practices including serial copying of

1 | MGA products and trade dress infringement. MGA is entitled to discovery on these
2 | claims.

3 |         This request does not seek documents protected by the attorney-client
4 | privilege, the attorney work product doctrine, or other applicable privileges. To the
5 | extent that Mattel contends that it does, Mattel must provide a privilege log.

6 |         Mattel objects on the basis of relevance. Mattel cannot legitimately
7 | contend that whether "MY SCENE" infringes upon "BRATZ" is not at issue in
8 | Phase 2 of these consolidated proceedings. Documents relating to "MY SCENE"
9 | infringing upon "BRATZ" are likely to lead to admissible evidence supporting or
10 | refuting MGA's trade dress claim, MGA's unfair competition claim, Mattel's trade
11 | secret misappropriation claim, and both parties' claims for relief.

12 |         None of Mattel's improper objections are valid and Mattel is obligated
13 | to produce all non-privileged responsive documents in its possession, custody, or
14 | control.

15 | **MATTEL'S RESPONSE:**

16 |         MGA objects to Mattel's limitation that it will produce documents
17 | related to "the aspects of the MY SCENE products accused by MGA of
18 | infringement insofar as they relate to the aspects of the Bratz products that MGA has
19 | alleged were infringed," but it provides no argument as to why this limitation is
20 | inappropriate.

21 |         There is simply no relevance to Mattel's position regarding aspects of
22 | MY SCENE to which MGA has made no allegations of copying. MGA provides no
23 | argument on the subject, instead unilaterally claiming that "Mattel is required to
24 | respond to the request as originally drafted," despite simultaneously acknowledging
25 | that a party may object "to part of a request [and] permit inspection of the rest."
26 | MGA's objection to Mattel's limitation is thus without merit.

27 |         Moreover, this Request seeks information relating to products and
28 | themes that MGA has never alleged were infringed. Numerous Bratz and MY

1  SCENE dolls have been released since MGA filed its complaint, and thus cannot

2  have been alleged to have been the subject of its trade dress claims for the simple

3  reason that they did not yet exist.  Indeed, MGA has previously taken the position

4  that documents and communications post-dating the issues in the Complaint are not

5  relevant.  See MGA Parties' Reply In Support of Their Motion to Quash Receiver

6  Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing that MGA's

7  transactions with the Financing Parties were not relevant to Phase 2 because, inter

8  alia, "these events occurred years after [Mattel's] complaint was filed.").[125]  The

9  Discovery Master credited this argument in denying Mattel its requested discovery,

10  ruling that Mattel's requests were not reasonably calculated to lead to the discovery

11  of admissible evidence regarding Mattel's RICO counterclaim because the "RICO

12  counterclaim (like the other counterclaims to be adjudicated in Phase 2) was

13  asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or

14  Vision Capital, LLC came into existence . . . ."  Discovery Matter Order No. 3,

15  dated March 10, 2009, at 18.[126]  MGA offers no reason, nor could it consistent with

16  judicial estoppel, why documents post-dating the filing of claims which do not

17  allege continuing wrongdoing are relevant to those claims. See New Hampshire v.

18  Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a

19  legal proceeding, and succeeds in maintaining that position, he may not thereafter,

20  simply because his interests have changed, assume a contrary position, especially if

21  it be to the prejudice of the party who has acquiesced in the position formerly taken

22  by him.").  Thus, under MGA's own arguments that were accepted by the Discovery

23  Master, the relevant cut-off date for discovery is April 2005, when MGA filed its

24  Complaint.

25

26

27  [125]  Dart Decl., Exh. 6.

28  [126]  Dart Decl., Exh. 7.

1    Further, contrary to MGA's statement that Mattel will not confirm that

2  it has produced non-privileged documents, if MGA had met and conferred on these

3  issues, it would have learned that Mattel has already produced all relevant non-

4  privileged documents responsive to this Request.  Indeed, to date Mattel has already

5  produced over 350,000 pages regarding MY SCENE, without limitation by theme or

6  doll, including documents related to its design and development, packaging,

7  advertising, marketing, testing, themes, sales planning, manufacturing and

8  production, among others.[127]  MGA has not provided any basis for asserting that this

9  production is incomplete.  MGA's motion to compel responses to this Request

10  should therefore be denied as moot.

11    There is no basis for overruling Mattel's privilege objection.  MGA's

12  bald assertion that "this request does not seek information protected by the attorney-

13  client privilege, the attorney work product doctrine, or other applicable privileges"

14  has no merit.  Documents discussing MY SCENE could very well be subject to a

15  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

16  the parties have agreed that in general "all privileged documents would be logged

17  except for documents created after this action was filed on April 27, 2004."[128]  Thus,

18  to the extent privileged documents fall within the post lawsuit time period, they need

19  not be included on Mattel's log.

20    Similarly, MGA states that "Mattel has not attempted to demonstrate

21  why responding to this request and/or producing responsive documents presents any

22  burden."  Yet, as MGA knows, the Discovery Master has already placed limits on

23  the searches Mattel must make in producing documents, and this objection is only

24

25    [127]   Webster Decl., ¶ 24.

26    [128]   See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1  meant to invoke those issues that have already been settled.  See, e.g., Order

2  Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel

3  on all outstanding emails, holding that Mattel has produced all relevant emails and

4  does not need to consult back-up tapes to complete its production).  MGA should

5  not be permitted to circumvent prior Orders by seeking to overrule Mattel's

6  objections here.

7         Finally, MGA failed to meet and confer at all, much less in good faith,

8  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

9  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

10  the moving party shall first identify each dispute, state the relief sought and identify

11  the authority supporting the requested relief in a meet and confer letter that shall be

12  served on all parties by facsimile or electronic mail. The parties shall have five court

13  days from the date of service of that letter to conduct an in-person conference to

14  attempt to resolve the dispute.").  At no point during the meet and confer process did

15  the parties discuss this Request or Mattel's response to it.[129]  In order to engage in a

16  meaningful meet and confer, MGA had the burden to show the relevance of any

17  requests it sought to move on.[130]  Because MGA refused to even attempt to make

18  this showing, there was no possibility of a good faith meet and confer to resolve the

19  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

20  this Request on that grounds alone.

21

22

23

24

25  [129]  See Webster Decl., ¶¶ 6-20.

26  [130]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS REFERRING OR RELATING TO whether "BRATZ" infringes or potentially infringes the copyrights, trademarks, or trade dress of "MY SCENE."

**RESPONSE TO REQUEST NO. 26:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, and to the extent not already produced, Mattel will produce responsive, non-privileged documents in its possession, custody or control, if any, that it can locate after a reasonable, good faith search relating to copyright, trademark and trade dress infringement by Bratz in Mattel's MY SCENE rights in the event and to the extent Mattel asserts in this action that such copyright, trademark and trade dress rights have been infringed.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel improperly limit its agreement to produce responsive documents only "to the extent Mattel asserts in this action that such copyright, trademark and

-138-

1  trade dress rights have been infringed."  MGA's trade dress and unfair competition

2  claims are broad, and Mattel cannot use its rewriting of the request as a shield to

3  withhold materials discoverable in Phase 2.  Mattel has refused to confirm whether

4  or not it has produced all non-privileged responsive documents or whether it is

5  withholding documents based on its objections or limtiations in Phase 2.  Under the

6  Federal Rules of Civil Procedure, "an objection to part of a request must specify the

7  part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic

8  objections that fail to explain the basis for an objection with specificity are routinely

9  rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234

10  F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly

11  burdensome and harassing' are improper – especially when a party fails to submit

12  any evidentiary declarations supporting such objections").  Accordingly, Mattel

13  must be compelled either to certify that it has produced all non-privileged

14  responsive documents or to produce all such documents by a date certain.

15  　　　　To the extent that Mattel is relying on its blanket objections, they are

16  not sustainable and do not justify Mattel's failure to produce documents.

17  　　　　As to overbreadth, Mattel provides no explanation, let alone the

18  required particularity, as to *why* this request is supposedly overly broad, nor can it

19  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

20  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

21  contrary, the request is narrowly tailored to seek documents specifically relating to

22  whether "BRATZ" infringes upon "MY SCENE".

23  　　　　As to burden, Mattel has not attempted to demonstrate why responding

24  to this request and/or producing responsive documents presents any burden.  This

25  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

26  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

27  request is unduly burdensome must allege specific facts which indicate the nature

28  and extent of the burden, usually by affidavit or other reliable evidence.")

1   Moreover, it is not unduly burdensome, as noted above, in that the request is
2   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
3   has engaged in a broad variety of unfair trade practices including serial copying of
4   MGA products and trade dress infringement.  MGA is entitled to discovery on these
5   claims.
6          This request does not seek documents protected by the attorney-client
7   privilege, the attorney work product doctrine, or other applicable privileges.  To the
8   extent that Mattel contends that it does, Mattel must provide a privilege log.
9          Mattel objects on the basis of relevance.  Mattel cannot legitimately
10  contend that documents concerning whether "BRATZ" infringes upon "MY
11  SCENE" are not at issue in Phase 2 of these consolidated proceedings.  Documents
12  relating to whether "BRATZ" infringes upon "MY SCENE" are likely to lead to
13  admissible evidence supporting or refuting MGA's trade dress claim, MGA's unfair
14  competition claim, Mattel's trade secret misappropriation claim, and both parties'
15  damages claims.
16         None of Mattel's improper objections are valid and Mattel is obligated
17  to produce all non-privileged responsive documents in its possession, custody, or
18  control.
19  **MATTEL'S RESPONSE:**
20         MGA objects to Mattel's limitation that it will produce documents
21  related to "copyright, trademark and trade dress infringement by Bratz in Mattel's
22  MY SCENE rights in the event and to the extent Mattel asserts in this action that
23  such copyright, trademark and trade dress rights have been infringed," but it
24  provides no argument as to why this limitation is inappropriate.  Indeed, unless
25  Mattel does make such an argument, there is simply no relevance to any claims that
26  Bratz infringes MY SCENE, for the simple reason that Bratz infringement of MY
27  SCENE would not be at issue in this suit.  MGA's objection to Mattel's limitation is
28  thus without merit.

1          Moreover, this Request seeks information relating to products and

2   themes that MGA has never alleged were infringed.  Numerous Bratz and MY

3   SCENE dolls have been released since MGA filed its complaint, and thus cannot

4   have been alleged to have been the subject of its trade dress claims for the simple

5   reason that they did not yet exist.  Indeed, MGA has previously taken the position

6   that documents and communications post-dating the issues in the Complaint are not

7   relevant.  See MGA Parties' Reply In Support of Their Motion to Quash Receiver

8   Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing that MGA's

9   transactions with the Financing Parties were not relevant to Phase 2 because, inter

10  alia, "these events occurred years after [Mattel's] complaint was filed.").[131]  The

11  Discovery Master credited this argument in denying Mattel its requested discovery,

12  ruling that Mattel's requests were not reasonably calculated to lead to the discovery

13  of admissible evidence regarding Mattel's RICO counterclaim because the "RICO

14  counterclaim (like the other counterclaims to be adjudicated in Phase 2) was

15  asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or

16  Vision Capital, LLC came into existence . . . ."  Discovery Matter Order No. 3,

17  dated March 10, 2009, at 18.[132]  MGA offers no reason, nor could it consistent with

18  judicial estoppel, why documents post-dating the filing of claims which do not

19  allege continuing wrongdoing are relevant to those claims.  See New Hampshire v.

20  Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a

21  legal proceeding, and succeeds in maintaining that position, he may not thereafter,

22  simply because his interests have changed, assume a contrary position, especially if

23  it be to the prejudice of the party who has acquiesced in the position formerly taken

24  by him.").  Thus, under MGA's own arguments that were accepted by the Discovery

---

[131]   Dart Decl., Exh. 6.
[132]   Dart Decl., Exh. 7.

1  Master, the relevant cut-off date for discovery is April 2005, when MGA filed its

2  Complaint.

3          Further, contrary to MGA's statement that Mattel will not confirm that

4  it has produced non-privileged documents, if MGA had met and conferred on these

5  issues, it would have learned that Mattel has already produced all relevant non-

6  privileged documents responsive to this Request.  Indeed, to date Mattel has already

7  produced over 350,000 pages regarding MY SCENE, without limitation by theme or

8  doll, including documents related to its design and development, packaging,

9  advertising, marketing, testing, themes, sales planning, manufacturing and

10  production, among others.[133]  MGA has not provided any basis for asserting that this

11  production is incomplete.  MGA's motion to compel responses to this Request

12  should therefore be denied as moot.

13          There is no basis for overruling Mattel's privilege objection.  MGA's

14  bald assertion that "this request does not seek information protected by the attorney-

15  client privilege, the attorney work product doctrine, or other applicable privileges"

16  has no merit.  Documents discussing MY SCENE could very well be subject to a

17  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

18  the parties have agreed that in general "all privileged documents would be logged

19  except for documents created after this action was filed on April 27, 2004."[134]  Thus,

20  to the extent privileged documents fall within the post lawsuit time period, they need

21  not be included on Mattel's log.

22          Similarly, MGA states that "Mattel has not attempted to demonstrate

23  why responding to this request and/or producing responsive documents presents any

24

25  [133]  Webster Decl., ¶ 24.

26  [134]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1   burden." Yet, as MGA knows, the Discovery Master has already placed limits on
2   the searches Mattel must make in producing documents, and this objection is only
3   meant to invoke those issues that have already been settled. <u>See, e.g.</u>, Order
4   Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel
5   on all outstanding emails, holding that Mattel has produced all relevant emails and
6   does not need to consult back-up tapes to complete its production). MGA should
7   not be permitted to circumvent prior Orders by seeking to overrule Mattel's
8   objections here.

9           Finally, MGA failed to meet and confer at all, much less in good faith,
10  regarding this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master
11  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
12  the moving party shall first identify each dispute, state the relief sought and identify
13  the authority supporting the requested relief in a meet and confer letter that shall be
14  served on all parties by facsimile or electronic mail. The parties shall have five court
15  days from the date of service of that letter to conduct an in-person conference to
16  attempt to resolve the dispute."). At no point during the meet and confer process did
17  the parties discuss this Request or Mattel's response to it.[135] In order to engage in a
18  meaningful meet and confer, MGA had the burden to show the relevance of any
19  requests it sought to move on.[136] Because MGA refused to even attempt to make
20  this showing, there was no possibility of a good faith meet and confer to resolve the
21  parties' disputes. The Discovery Master should deny MGA's motion with respect to
22  this Request on that grounds alone.

23

24

25     [135]  <u>See</u> Webster Decl., ¶¶ 6-20.
26     [136]  <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27  bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL
    1390794 at *1 (S.D. Cal. May 14, 2009).
28

1 **REQUEST FOR PRODUCTION NO. 27:**

2       All DOCUMENTS REFERRING OR RELATING TO actual or

3 potential consumer confusion between any "MY SCENE" product and any

4 "BRATZ" product.

5 **RESPONSE TO REQUEST NO. 27:**

6       In addition to the general objections stated above which are

7 incorporated herein by reference, Mattel objects to this Request on the grounds that

8 it is overbroad and unduly burdensome, including in that it seeks all documents on

9 this subject without limitation as to time, and regardless of whether such documents

10 relate to products or matters at issue in this case.  For that same reason, Mattel

11 objects to the Request on the grounds that it seeks documents that are not relevant to

12 this action or likely to lead to the discovery of admissible evidence.  Mattel further

13 objects to this Request on the grounds that it seeks confidential, proprietary and

14 trade secret information that has no bearing on the claims or defenses in this case.

15 Mattel further objects to this Request on the grounds that it calls for the disclosure

16 of information subject to the attorney-client privilege, the attorney work-product

17 doctrine and other applicable privileges.

18       Subject to and without waiving the foregoing general and specific

19 objections, and to the extent not already produced, Mattel will produce responsive,

20 non-privileged documents in its possession, custody or control, if any, that it can

21 locate after a reasonable, good faith search showing purported consumer confusion

22 between the appearance of, on the one hand, the aspects of the Bratz products that

23 MGA has alleged were infringed and, on the other hand, the aspects of the MY

24 SCENE products that MGA has accused of infringement.

25 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

26 **TO SHOULD BE COMPELLED**

27       Mattel has improperly limited its agreement to produce documents in

28 response to this request to "aspects of Bratz products" and "aspects of MY SCENE

1   products."  Mattel cannot withhold documents based on this unintelligible and

2   unilateral limitation.  Mattel has refused to confirm whether or not it has produced

3   all non-privileged responsive documents or whether it is withholding documents

4   based on its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an

5   objection to part of a request must specify the part and permit inspection of the rest."

6   Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an

7   objection with specificity are routinely rejected in the Central District.  See A.

8   Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

9   or boilerplate objections such as 'overly burdensome and harassing' are improper –

10  especially when a party fails to submit any evidentiary declarations supporting such

11  objections").  Accordingly, Mattel must be compelled either to certify that it has

12  produced all non-privileged responsive documents or to produce all such documents

13  by a date certain.

14          To the extent that Mattel is relying on its blanket objections, they are

15  not sustainable and do not justify Mattel's failure to produce documents.

16          As to overbreadth, Mattel provides no explanation, let alone the

17  required particularity, as to **why** this request is supposedly overly broad, nor can it

18  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

19  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

20  contrary, the request is narrowly tailored to seek documents concerning a central

21  issue in this case – whether there is consumer confusion as to the source with

22  respect to "MY SCENE" and "BRATZ."

23          As to burden, Mattel has not attempted to demonstrate why responding

24  to this request and/or producing responsive documents presents any burden.  This

25  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

26  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

27  request is unduly burdensome must allege specific facts which indicate the nature

28  and extent of the burden, usually by affidavit or other reliable evidence.")

1 | Moreover, it is not unduly burdensome, as noted above, in that the request is

2 | narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

3 | has engaged in a broad variety of unfair trade practices such as serial copying of

4 | MGA products and trade dress infringement.  MGA is entitled to discovery on these

5 | claims.

6 | This request does not seek documents protected by the attorney-client

7 | privilege, the attorney work product doctrine, or other applicable privileges.  To the

8 | extent that Mattel contends that it does, Mattel must provide a privilege log.

9 | Mattel objects that the request contains confidential/proprietary/trade

10 | secret information.  A Protective Order exists in this case, obviating any concern as

11 | to protection of privacy rights and/or commercially sensitive information.

12 | None of Mattel's improper objections are valid and Mattel is obligated

13 | to produce all non-privileged responsive documents in its possession, custody, or

14 | control.

15 | **MATTEL'S RESPONSE:**

16 | MGA objects to Mattel's limitation that it will produce documents

17 | related to " the aspects of the Bratz products that MGA has alleged were infringed,"

18 | but it provides no argument as to why this limitation is inappropriate.  Indeed, the

19 | parties previously agreed on the scope of these Requests and Mattel's limitations.[137]

20 | There is simply no relevance to aspects of MY SCENE to which MGA

21 | has made no allegations of copying.  MGA provides no argument on the subject,

22 | instead unilaterally claiming that "Mattel is required to respond to the request as

23 | originally drafted," despite simultaneously acknowledging that a party may object

24 | "to part of a request [and] permit inspection of the rest."  MGA's objection to

25 | Mattel's limitation is thus without merit.

26 |

27 | [137] June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

28 |

1       Moreover, this Request seeks information relating to products and
2   themes that MGA has never alleged were infringed.  Numerous Bratz and MY
3   SCENE dolls have been released since MGA filed its complaint, and thus cannot
4   have been alleged to have been the subject of its trade dress claims for the simple
5   reason that they did not yet exist.  Indeed, MGA has previously taken the position
6   that documents and communications post-dating the issues in the Complaint are not
7   relevant.  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
8   Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing that MGA's
9   transactions with the Financing Parties were not relevant to Phase 2 because, inter
10  alia, "these events occurred years after [Mattel's] complaint was filed.").[138]  The
11  Discovery Master credited this argument in denying Mattel its requested discovery,
12  ruling that Mattel's requests were not reasonably calculated to lead to the discovery
13  of admissible evidence regarding Mattel's RICO counterclaim because the "RICO
14  counterclaim (like the other counterclaims to be adjudicated in Phase 2) was
15  asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or
16  Vision Capital, LLC came into existence . . . ."  Discovery Matter Order No. 3,
17  dated March 10, 2009, at 18.[139]  MGA offers no reason, nor could it consistent with
18  judicial estoppel, why documents post-dating the filing of claims which do not
19  allege continuing wrongdoing are relevant to those claims.  See New Hampshire v.
20  Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a
21  legal proceeding, and succeeds in maintaining that position, he may not thereafter,
22  simply because his interests have changed, assume a contrary position, especially if
23  it be to the prejudice of the party who has acquiesced in the position formerly taken
24  by him.").  Thus, under MGA's own arguments that were accepted by the Discovery
25
26  _____
27  [138]   Dart Decl., Exh. 6.
    [139]   Dart Decl., Exh. 7.
28

1   Master, the relevant cut-off date for discovery is April 2005, when MGA filed its

2   Complaint.

3          Further, contrary to MGA's statement that Mattel will not confirm that

4   it has produced non-privileged documents, if MGA had met and conferred on these

5   issues, it would have learned that Mattel has already produced all relevant non-

6   privileged documents responsive to this Request.  Indeed, to date Mattel has already

7   produced over 350,000 pages regarding MY SCENE, without limitation by theme or

8   doll, including documents related to its design and development, packaging,

9   advertising, marketing, testing, themes, sales planning, manufacturing and

10  production, among others.[140]  MGA has not provided any basis for asserting that this

11  production is incomplete.  MGA's motion to compel responses to this Request

12  should therefore be denied as moot.

13         There is no basis for overruling Mattel's privilege objection.  MGA's

14  bald assertion that "this request does not seek information protected by the attorney-

15  client privilege, the attorney work product doctrine, or other applicable privileges"

16  has no merit.  Documents discussing MY SCENE could very well be subject to a

17  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

18  the parties have agreed that in general "all privileged documents would be logged

19  except for documents created after this action was filed on April 27, 2004."[141]  Thus,

20  to the extent privileged documents fall within the post lawsuit time period, they need

21  not be included on Mattel's log.

22         Similarly, despite the Parties' prior agreement on the scope of this

23  Request, MGA states that "Mattel has not attempted to demonstrate why responding

24

25      [140]   Webster Decl., ¶ 24.
26      [141]   See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.
28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1 │ to this request and/or producing responsive documents presents any burden." Yet,
2 │ as MGA knows, the Discovery Master has already placed limits on the searches
3 │ Mattel must make in producing documents, and this objection is only meant to
4 │ invoke those issues that have already been settled. <u>See, e.g.</u>, Order Denying MGA's
5 │ Motion to Compel dated April 24, 2008 (denies Motion to Compel on all
6 │ outstanding emails, holding that Mattel has produced all relevant emails and does
7 │ not need to consult back-up tapes to complete its production). MGA should not be
8 │ permitted to circumvent prior Orders by seeking to overrule Mattel's objections
9 │ here.

10 │       Finally, MGA failed to meet and confer at all, much less in good faith,
11 │ regarding this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master
12 │ Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
13 │ the moving party shall first identify each dispute, state the relief sought and identify
14 │ the authority supporting the requested relief in a meet and confer letter that shall be
15 │ served on all parties by facsimile or electronic mail. The parties shall have five court
16 │ days from the date of service of that letter to conduct an in-person conference to
17 │ attempt to resolve the dispute."). At no point during the meet and confer process did
18 │ the parties discuss this Request or Mattel's response to it.[142] In order to engage in a
19 │ meaningful meet and confer, MGA had the burden to show the relevance of any
20 │ requests it sought to move on.[143] Because MGA refused to even attempt to make
21 │ this showing, there was no possibility of a good faith meet and confer to resolve the
22 │ parties' disputes. The Discovery Master should deny MGA's motion with respect to
23 │ this Request on that grounds alone.

24 │

25 │    [142]  <u>See</u> Webster Decl., ¶¶ 6-20.
26 │    [143]  <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27 │ bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
28 │

1 **REQUEST FOR PRODUCTION NO. 28:**

2     All MATTEL product catalogs, sell sheets and product information

3 sheets that include "MY SCENE" products, from 2001 to the present.

4 **RESPONSE TO REQUEST NO. 28:**

5     In addition to the general objections stated above which are

6 incorporated herein by reference, Mattel objects to this Request on the grounds that

7 it is overbroad and unduly burdensome, including in that it seeks all documents on

8 this subject without limitation as to time, and regardless of whether such documents

9 relate to products or matters at issue in this case.  Mattel further objects to the

10 Request on the grounds that it seeks documents that are not relevant to this action or

11 likely to lead to the discovery of admissible evidence.  Mattel further objects to this

12 Request as vague and ambiguous in its use of the terms "sell sheets" and "product

13 information sheets" in the context of this Request.  Mattel further objects to this

14 Request on the grounds that it seeks confidential, proprietary and trade secret

15 information that has no bearing on the claims or defenses in this case.  Mattel further

16 objects to this Request on the grounds that it calls for the disclosure of information

17 subject to the attorney-client privilege, the attorney work-product doctrine and other

18 applicable privileges.

19     Subject to and without waiving the foregoing general and specific

20 objections, and to the extent not already produced, Mattel will produce responsive,

21 non-privileged catalogs and product inserts that it can locate after a reasonable, good

22 faith search relating to the aspects of the MY SCENE products that MGA has

23 accused of infringement.

24 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

25 **TO SHOULD BE COMPELLED**

26     Mattel has improperly limited its agreement to produce documents in

27 response to this request, subject to its improper boilerplate objections.  Mattel has

28 refused to confirm whether or not it has produced all non-privileged responsive

1    documents or whether it is withholding documents based on its objections in Phase

2    2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

3    must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

4    Generic objections that fail to explain the basis for an objection with specificity are

5    routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

6    234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

7    'overly burdensome and harassing' are improper – especially when a party fails to

8    submit any evidentiary declarations supporting such objections").  Accordingly,

9    Mattel must be compelled either to certify that it has produced all non-privileged

10   responsive documents or to produce all such documents by a date certain.

11          To the extent that Mattel is relying on its blanket objections, they are

12   not sustainable and do not justify Mattel's failure to produce documents.

13          As to overbreadth, Mattel provides no explanation, let alone the

14   required particularity, as to *why* this request is supposedly overly broad, nor can it

15   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

16   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

17   contrary, the request is narrowly tailored to seek any Mattel product catalog, sell

18   sheet or product information sheet that includes "MY SCENE" products, from 2001

19   to the present.

20          As to burden, Mattel has not attempted to demonstrate why responding

21   to this request and/or producing responsive documents presents any burden.  This

22   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

23   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

24   request is unduly burdensome must allege specific facts which indicate the nature

25   and extent of the burden, usually by affidavit or other reliable evidence.")

26   Moreover, it is not unduly burdensome, as noted above, in that the request is

27   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

28

00505.07975/3121201.5

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1  has engaged in a broad variety of unfair trade practices, including serial copying of

2  MGA's products.  MGA is entitled to discovery on these claims.

3          This request does not seek documents protected by the attorney-client

4  privilege, the attorney work product doctrine, or other applicable privileges.  To the

5  extent that Mattel contends that it does, Mattel must provide a privilege log.

6          Mattel objects that the request contains confidential, proprietary and

7  trade secret information.  A Protective Order exists in this case, obviating any

8  concern as to protection of privacy rights and/or commercially sensitive

9  information.

10          Mattel also objects to this request on relevance grounds.  MGA has

11  brought trade dress claims related to "MY SCENE')" and has alleged claims of

12  unfair competition based on Mattel's serial copying and imitation of MGA's

13  products.  As such, product catalogs, sell sheets and product information sheets that

14  include "MY SCENE')" products are highly relevant and likely to lead to the

15  discovery of admissible evidence.

16          Mattel has also improperly limited its agreement to produce by

17  redefining the scope of MGA's request.  Subject to its objections, Mattel has only

18  agreed to produce "catalogs and product inserts')" that relate to certain aspects of

19  "MY SCENE')" products.  Mattel is required to respond to the request as originally

20  drafted by MGA and may not unilaterally narrow and rewrite MGA's requests.

21          None of Mattel's improper objections are valid and Mattel is obligated

22  to produce all non-privileged responsive documents in its possession, custody, or

23  control.

24  **MATTEL'S RESPONSE:**

25          MGA objects to Mattel's limitation that it will produce documents

26  related to " the aspects of the MY SCENE products that MGA has accused of

27  infringement," but it provides no argument as to why this limitation is inappropriate.

28

1   Indeed, the parties previously agreed on the scope of these Requests and Mattel's
2   limitations.[144]

3       There is simply no relevance to aspects of MY SCENE to which MGA
4   has made no allegations of copying. MGA provides no argument on the subject,
5   instead unilaterally claiming that "Mattel is required to respond to the request as
6   originally drafted," despite simultaneously acknowledging that a party may object
7   "to part of a request [and] permit inspection of the rest." MGA's objection to
8   Mattel's limitation is thus without merit.

9       Moreover, this Request seeks information relating to products and
10  themes that MGA has never alleged were infringed. Numerous Bratz and MY
11  SCENE dolls have been released since MGA filed its complaint, and thus cannot
12  have been alleged to have been the subject of its trade dress claims for the simple
13  reason that they did not yet exist. Indeed, MGA has previously taken the position
14  that documents and communications post-dating the issues in the Complaint are not
15  relevant. <u>See</u> MGA Parties' Reply In Support of Their Motion to Quash Receiver
16  Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing that MGA's
17  transactions with the Financing Parties were not relevant to Phase 2 because, inter
18  alia, "these events occurred years after [Mattel's] complaint was filed.").[145] The
19  Discovery Master credited this argument in denying Mattel its requested discovery,
20  ruling that Mattel's requests were not reasonably calculated to lead to the discovery
21  of admissible evidence regarding Mattel's RICO counterclaim because the "RICO
22  counterclaim (like the other counterclaims to be adjudicated in Phase 2) was
23  asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or
24  Vision Capital, LLC came into existence . . . ." Discovery Matter Order No. 3,

25

26

27  [144] June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.
    [145] Dart Decl., Exh. 6.

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1  dated March 10, 2009, at 18.[146]  MGA offers no reason, nor could it consistent with

2  judicial estoppel, why documents post-dating the filing of claims which do not

3  allege continuing wrongdoing are relevant to those claims.  See New Hampshire v.

4  Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a

5  legal proceeding, and succeeds in maintaining that position, he may not thereafter,

6  simply because his interests have changed, assume a contrary position, especially if

7  it be to the prejudice of the party who has acquiesced in the position formerly taken

8  by him.").  Thus, under MGA's own arguments that were accepted by the Discovery

9  Master, the relevant cut-off date for discovery is April 2005, when MGA filed its

10  Complaint.

11           Further, contrary to MGA's statement that Mattel will not confirm that

12  it has produced non-privileged documents, if MGA had met and conferred on these

13  issues, it would have learned that Mattel has already produced all relevant non-

14  privileged documents responsive to this Request.  Indeed, to date Mattel has already

15  produced over 350,000 pages regarding MY SCENE, without limitation by theme or

16  doll, including documents related to its design and development, packaging,

17  advertising, marketing, testing, themes, sales planning, manufacturing and

18  production, among others.[147]  MGA has not provided any basis for asserting that this

19  production is incomplete.  MGA's motion to compel responses to this Request

20  should therefore be denied as moot.

21           There is no basis for overruling Mattel's privilege objection.  MGA's

22  bald assertion that "this request does not seek information protected by the attorney-

23  client privilege, the attorney work product doctrine, or other applicable privileges"

24  has no merit.  Documents discussing MY SCENE could very well be subject to a

25  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

26

27     [146]   Dart Decl., Exh. 7.

28

1   the parties have agreed that in general "all privileged documents would be logged

2   except for documents created after this action was filed on April 27, 2004."[148]  Thus,

3   to the extent privileged documents fall within the post lawsuit time period, they need

4   not be included on Mattel's log.

5        Similarly, despite the Parties' prior agreement on the scope of this

6   Request, MGA states that "Mattel has not attempted to demonstrate why responding

7   to this request and/or producing responsive documents presents any burden."  Yet,

8   as MGA knows, the Discovery Master has already placed limits on the searches

9   Mattel must make in producing documents, and this objection is only meant to

10  invoke those issues that have already been settled.  See, e.g., Order Denying MGA's

11  Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

12  outstanding emails, holding that Mattel has produced all relevant emails and does

13  not need to consult back-up tapes to complete its production).  MGA should not be

14  permitted to circumvent prior Orders by seeking to overrule Mattel's objections

15  here.

16       Finally, MGA failed to meet and confer at all, much less in good faith,

17  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

18  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

19  the moving party shall first identify each dispute, state the relief sought and identify

20  the authority supporting the requested relief in a meet and confer letter that shall be

21  served on all parties by facsimile or electronic mail. The parties shall have five court

22  days from the date of service of that letter to conduct an in-person conference to

23  attempt to resolve the dispute.").  At no point during the meet and confer process did

24

25       [147]  Webster Decl., ¶ 24.

26       [148]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1  the parties discuss this Request or Mattel's response to it.[149]  In order to engage in a

2  meaningful meet and confer, MGA had the burden to show the relevance of any

3  requests it sought to move on.[150]   Because MGA refused to even attempt to make

4  this showing, there was no possibility of a good faith meet and confer to resolve the

5  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

6  this Request on that grounds alone.

7  **REQUEST FOR PRODUCTION NO. 29:**

8           DOCUMENTS sufficient to show all iterations of the

9  www.myscene.com, www.myscene.everythinggirl.com, or

10  http://myscene.everythinggirl.com websites.

11  **RESPONSE TO REQUEST NO. 29:**

12           In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case.  Mattel further

17  objects to the Request on the grounds that it seeks documents that are not relevant to

18  this action or likely to lead to the discovery of admissible evidence.  Mattel further

19  objects to this Request on the grounds that it seeks confidential, proprietary and

20  trade secret information that has no bearing on the claims or defenses in this case.

21  Mattel further objects to this Request on the grounds that it calls for the disclosure

22  of information subject to the attorney-client privilege, the attorney work-product

23  doctrine and other applicable privileges.

24

25       [149]  See Webster Decl., ¶¶ 6-20.

26       [150]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1    Subject to and without waiving the foregoing general and specific

2   objections, and to the extent not already produced, Mattel will produce responsive,

3   non-privileged copies of web pages in its possession, custody or control, if any, that

4   it can locate after a reasonable, good faith search sufficient to show the aspects of

5   the MY SCENE products that MGA has accused of infringement.

6   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

7   **TO SHOULD BE COMPELLED**

8    Mattel has improperly limited its agreement to produce documents in

9   response to this request, subject to its improper boilerplate objections. Mattel has

10   refused to confirm whether or not it has produced all non-privileged responsive

11   documents or whether it is withholding documents based on its objections in Phase

12   2. Under the Federal Rules of Civil Procedure, "an objection to part of a request

13   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

14   Generic objections that fail to explain the basis for an objection with specificity are

15   routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,

16   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

17   'overly burdensome and harassing' are improper – especially when a party fails to

18   submit any evidentiary declarations supporting such objections"). Accordingly,

19   Mattel must be compelled either to certify that it has produced all non-privileged

20   responsive documents or to produce all such documents by a date certain.

21    To the extent that Mattel is relying on its blanket objections, they are

22   not sustainable and do not justify Mattel's failure to produce documents.

23    As to overbreadth, Mattel provides no explanation, let alone the

24   required particularity, as to *why* this request is supposedly overly broad, nor can it

25   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

26   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

27   contrary, the request is narrowly tailored to seek documents sufficient to all

28   iterations of three specifically identified "MY SCENE" websites.

1        As to burden, Mattel has not attempted to demonstrate why responding

2    to this request and/or producing responsive documents presents any burden.  This

3    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

4    173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5    request is unduly burdensome must allege specific facts which indicate the nature

6    and extent of the burden, usually by affidavit or other reliable evidence.")

7    Moreover, it is not unduly burdensome, as noted above, in that the request is

8    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9    has engaged in a broad variety of unfair trade practices, including serial copying of

10   MGA's products and trade dress infringement.  MGA is entitled to discovery on

11   these claims.

12       This request does not seek documents protected by the attorney-client

13   privilege, the attorney work product doctrine, or other applicable privileges.  To the

14   extent that Mattel contends that it does, Mattel must provide a privilege log.

15       Mattel objects that the request contains confidential, proprietary and

16   trade secret information.  A Protective Order exists in this case, obviating any

17   concern as to protection of privacy rights and/or commercially sensitive

18   information.

19       Mattel also objects to this request on relevance grounds.  MGA has

20   brought trade dress claims related to "MY SCENE" and has alleged claims of unfair

21   competition based on Mattel's serial copying and imitation of MGA's products.  As

22   such, the various iterations of the "MY SCENE" websites are highly relevant and

23   likely to lead to the discovery of admissible evidence.

24       Mattel has also improperly limited its agreement to produce by

25   redefining the scope of MGA's request.  Subject to its objections, Mattel has only

26   agreed to produce copies of web pages sufficient to show certain aspects of "MY

27   SCENE" products.  Mattel is required to respond to the request as originally drafted

28   by MGA and may not unilaterally narrow and rewrite MGA's requests.

1    None of Mattel's improper objections are valid and Mattel is obligated

2 to produce all non-privileged responsive documents in its possession, custody, or

3 control.

4 **MATTEL'S RESPONSE:**

5    MGA objects to Mattel's limitation that it will produce documents

6 related to "the aspects of the MY SCENE products that MGA has accused of

7 infringement," but it provides no argument as to why this limitation is inappropriate.

8 Indeed, the parties previously agreed on the scope of these Requests and Mattel's

9 limitations.[151]

10    There is simply no relevance to aspects of MY SCENE to which MGA

11 has made no allegations of copying.  MGA provides no argument on the subject, on

12 the scope of these Requests and Mattel's limitations, where MGA sought only

13 iterations of the website on a yearly basis.[152]  MGA makes no reference to this

14 agreement, and indeed provides no argument on the subject, instead unilaterally

15 claiming that "Mattel is required to respond to the request as originally drafted,"

16 despite simultaneously acknowledging that a party may object "to part of a request

17 [and] permit inspection of the rest."  MGA's objection to Mattel's limitation is thus

18 without merit.

19    Moreover, this Request seeks information relating to products and

20 themes that MGA has never alleged were infringed.  Numerous Bratz and MY

21 SCENE dolls have been released since MGA filed its complaint, and thus cannot

22 have been alleged to have been the subject of its trade dress claims for the simple

23 reason that they did not yet exist.  Indeed, MGA has previously taken the position

24 that documents and communications post-dating the issues in the Complaint are not

25 relevant.  See MGA Parties' Reply In Support of Their Motion to Quash Receiver

26

27    [151]   June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

28

1    Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing that MGA's
2    transactions with the Financing Parties were not relevant to Phase 2 because, inter
3    alia, "these events occurred years after [Mattel's] complaint was filed.").[153]  The
4    Discovery Master credited this argument in denying Mattel its requested discovery,
5    ruling that Mattel's requests were not reasonably calculated to lead to the discovery
6    of admissible evidence regarding Mattel's RICO counterclaim because the "RICO
7    counterclaim (like the other counterclaims to be adjudicated in Phase 2) was
8    asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or
9    Vision Capital, LLC came into existence . . . ."  Discovery Matter Order No. 3,
10   dated March 10, 2009, at 18.[154]  MGA offers no reason, nor could it consistent with
11   judicial estoppel, why documents post-dating the filing of claims which do not
12   allege continuing wrongdoing are relevant to those claims.  See New Hampshire v.
13   Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a
14   legal proceeding, and succeeds in maintaining that position, he may not thereafter,
15   simply because his interests have changed, assume a contrary position, especially if
16   it be to the prejudice of the party who has acquiesced in the position formerly taken
17   by him.").  Thus, under MGA's own arguments that were accepted by the Discovery
18   Master, the relevant cut-off date for discovery is April 2005, when MGA filed its
19   Complaint.

20          Further, contrary to MGA's statement that Mattel will not confirm that
21   it has produced non-privileged documents, if MGA had met and conferred on these
22   issues, it would have learned that Mattel has already produced all relevant non-
23   privileged documents responsive to this Request.  Indeed, to date Mattel has already
24   produced over 350,000 pages regarding MY SCENE, without limitation by theme or

25   _____

26   [152]  Id.
27   [153]  Dart Decl., Exh. 6.
     [154]  Dart Decl., Exh. 7.
28

1   doll, including documents related to its design and development, packaging,

2   advertising, marketing, testing, themes, sales planning, manufacturing and

3   production, among others.[155]  MGA has not provided any basis for asserting that this

4   production is incomplete.  MGA's motion to compel responses to this Request

5   should therefore be denied as moot.

6        There is no basis for overruling Mattel's privilege objection.  MGA's

7   bald assertion that "this request does not seek information protected by the attorney-

8   client privilege, the attorney work product doctrine, or other applicable privileges"

9   has no merit.  Documents discussing MY SCENE could very well be subject to a

10  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

11  the parties have agreed that in general "all privileged documents would be logged

12  except for documents created after this action was filed on April 27, 2004."[156]  Thus,

13  to the extent privileged documents fall within the post lawsuit time period, they need

14  not be included on Mattel's log.

15       Similarly, despite the Parties' prior agreement on the scope of this

16  Request, MGA states that "Mattel has not attempted to demonstrate why responding

17  to this request and/or producing responsive documents presents any burden."  Yet,

18  as MGA knows, the Discovery Master has already placed limits on the searches

19  Mattel must make in producing documents, and this objection is only meant to

20  invoke those issues that have already been settled.  See, e.g., Order Denying MGA's

21  Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

22  outstanding emails, holding that Mattel has produced all relevant emails and does

23  not need to consult back-up tapes to complete its production).  MGA should not be

24

25     [155]  Webster Decl., ¶ 24.

26     [156]  See Order Denying Mattel's Motion for Protective Order Limiting the
        Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
27      3.

28

1  permitted to circumvent prior Orders by seeking to overrule Mattel's objections
2  here.

3          Finally, MGA failed to meet and confer at all, much less in good faith,
4  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
5  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
6  the moving party shall first identify each dispute, state the relief sought and identify
7  the authority supporting the requested relief in a meet and confer letter that shall be
8  served on all parties by facsimile or electronic mail. The parties shall have five court
9  days from the date of service of that letter to conduct an in-person conference to
10  attempt to resolve the dispute.").  At no point during the meet and confer process did
11  the parties discuss this Request or Mattel's response to it.[157]  In order to engage in a
12  meaningful meet and confer, MGA had the burden to show the relevance of any
13  requests it sought to move on.[158]  Because MGA refused to even attempt to make
14  this showing, there was no possibility of a good faith meet and confer to resolve the
15  parties' disputes.  The Discovery Master should deny MGA's motion with respect to
16  this Request on that grounds alone.

17  **REQUEST FOR PRODUCTION NO. 30:**

18          All DOCUMENTS REFERRING OR RELATING TO any exhibition,
19  or proposed, offered or requested exhibition, of "BRATZ" prior to its release to the
20  public.

21  **RESPONSE TO REQUEST NO. 30:**

22          In addition to the general objections stated above which are
23  incorporated herein by reference, Mattel objects to this Request as duplicative and

24

25      [157]  See Webster Decl., ¶¶ 6-20.
26      [158]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. May 14, 2009).
28

1  harassing in that it seeks documents that have already been the subject of several
2  prior Requests by MGA and by Bryant.  Mattel further objects to the Request on the
3  grounds that it seeks documents that MGA and Bryant have claimed at various times
4  are not relevant to this action or likely to lead to the discovery of admissible
5  evidence.  Mattel further objects to this Request on the grounds that it seeks
6  confidential, proprietary and trade secret information that has no bearing on the
7  claims or defenses in this case.  Mattel further objects to this Request on the grounds
8  that it calls for the disclosure of information subject to the attorney-client privilege,
9  the attorney work-product doctrine and other applicable privileges.

10       Subject to and without waiving the foregoing general and specific
11  objections, and to the extent not already produced, Mattel will produce responsive,
12  non-privileged documents in its possession, custody or control, if any, that it can
13  locate after a reasonable, good faith search relating to the exhibition of aspects of
14  the Bratz products that MGA has alleged were infringed prior to the time that such
15  aspects of products were disclosed to the trade, retailers or the public.

16  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
17  **TO SHOULD BE COMPELLED**

18       Mattel has improperly limited its agreement to produce documents in
19  response to this request to "the exhibition of aspects of the Bratz products that MGA
20  has alleged were infringed prior to the time that such aspects of products were
21  disclosed to the trade, retailers or the public," and agrees to produce only subject to
22  its improper boilerplate objections.  Mattel's unilateral limitation on its production is
23  unjustified to the extent Mattel is withholding documents on that basis.  Moreover, it
24  is unclear what exhibition of "aspects of the Bratz products" means.  Under the
25  Federal Rules of Civil Procedure, "an objection to part of a request must specify the
26  part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic
27  objections that fail to explain the basis for an objection with specificity are routinely
28  rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber, 234

1  F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly
2  burdensome and harassing' are improper – especially when a party fails to submit
3  any evidentiary declarations supporting such objections").  Accordingly, Mattel
4  must be compelled either to certify that it has produced all non-privileged
5  responsive documents without limitation or to produce all such documents by a date
6  certain.

7         To the extent that Mattel is relying on its blanket objections, they are
8  not sustainable and do not justify Mattel's failure to produce documents.

9         As to overbreadth, Mattel provides no explanation, let alone the
10  required particularity, as to *why* this request is supposedly overly broad, nor can it
11  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
12  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
13  contrary, the request is narrowly tailored to seek documents in Mattel's possession,
14  custody, or control regarding Mattel's knowledge of "BRATZ" exhibitions before
15  they were publicly disclosed.

16         As to burden, Mattel has not attempted to demonstrate why responding
17  to this request and/or producing responsive documents presents any burden.  This
18  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
19  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
20  request is unduly burdensome must allege specific facts which indicate the nature
21  and extent of the burden, usually by affidavit or other reliable evidence.")
22  Moreover, it is not unduly burdensome, as noted above, in that the request is
23  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
24  has engaged in a broad variety of unfair trade practices, from trade dress
25  infringement to serial copying of MGA products.  MGA is entitled to discovery on
26  these claims.

27

28

1    This request does not seek documents protected by the attorney-client

2    privilege, the attorney work product doctrine, or other applicable privileges.  To the

3    extent that Mattel contends that it does, Mattel must provide a privilege log.

4    Mattel objects that the request contains confidential/proprietary/trade

5    secret information.  A Protective Order exists in this case, obviating any concern as

6    to protection of privacy rights and/or commercially sensitive information.

7    Mattel's objection that the documents sought are not relevant is

8    unfounded, as the exhibition of "BRATZ" products and Mattel's knowledge of the

9    exhibition of "BRATZ" products, is highly relevant to MGA's claims and defenses.

10   Such information, for example, could tend to show that Mattel copied "BRATZ"

11   exhibitions or otherwise interfered with them, as alleged by MGA.

12   None of Mattel's improper objections are valid and Mattel is obligated

13   to produce all non-privileged responsive documents in its possession, custody or

14   control.

15   **MATTEL'S RESPONSE:**

16   MGA objects to Mattel's limitation that it will produce documents

17   related to "aspects of the Bratz products that MGA has alleged were infringed prior

18   to the time that such aspects of products were disclosed to the trade, retailers or the

19   public," but it provides no argument as to why this limitation is inappropriate.

20   Indeed, the parties previously agreed on the scope of these Requests and Mattel's

21   limitations.[159]

22   There is simply no relevance to information relating to Bratz dolls that

23   MGA never alleged were infringed.  MGA provides no argument on the subject,

24   instead unilaterally claiming that "Mattel is required to respond to the request as

25   originally drafted," despite simultaneously acknowledging that a party may object

26

27   ───────────────
     [159]   June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

28

1   "to part of a request [and] permit inspection of the rest."  MGA's objection to

2   Mattel's limitation is thus without merit.

3          Further, contrary to MGA's statement that Mattel will not confirm that

4   it has produced non-privileged documents, if MGA had met and conferred on these

5   issues, it would have learned that Mattel has already produced all relevant non-

6   privileged documents responsive to this Request.  Indeed, to date Mattel has already

7   produced over 350,000 pages regarding MY SCENE, without limitation by theme or

8   doll, including documents related to its design and development, packaging,

9   advertising, marketing, testing, themes, sales planning, manufacturing and

10  production, among others.[160]  MGA has not provided any basis for asserting that this

11  production is incomplete.  MGA's motion to compel responses to this Request

12  should therefore be denied as moot.

13         There is no basis for overruling Mattel's privilege objection.  MGA's

14  bald assertion that "this request does not seek information protected by the attorney-

15  client privilege, the attorney work product doctrine, or other applicable privileges"

16  has no merit.  Documents discussing MY SCENE could very well be subject to a

17  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

18  the parties have agreed that in general "all privileged documents would be logged

19  except for documents created after this action was filed on April 27, 2004."[161]  Thus,

20  to the extent privileged documents fall within the post lawsuit time period, they need

21  not be included on Mattel's log.

22         Similarly, despite the Parties' prior agreement on the scope of this

23  Request, MGA states that "Mattel has not attempted to demonstrate why responding

24

25      [160]   Webster Decl., ¶ 24.

26      [161]   See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1  to this request and/or producing responsive documents presents any burden." Yet,

2  as MGA knows, the Discovery Master has already placed limits on the searches

3  Mattel must make in producing documents, and this objection is only meant to

4  invoke those issues that have already been settled. <u>See, e.g.</u>, Order Denying MGA's

5  Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

6  outstanding emails, holding that Mattel has produced all relevant emails and does

7  not need to consult back-up tapes to complete its production). MGA should not be

8  permitted to circumvent prior Orders by seeking to overrule Mattel's objections

9  here.

10        Finally, MGA failed to meet and confer at all, much less in good faith,

11  regarding this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master

12  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

13  the moving party shall first identify each dispute, state the relief sought and identify

14  the authority supporting the requested relief in a meet and confer letter that shall be

15  served on all parties by facsimile or electronic mail. The parties shall have five court

16  days from the date of service of that letter to conduct an in-person conference to

17  attempt to resolve the dispute."). At no point during the meet and confer process did

18  the parties discuss this Request or Mattel's response to it.[162]  In order to engage in a

19  meaningful meet and confer, MGA had the burden to show the relevance of any

20  requests it sought to move on.[163]  Because MGA refused to even attempt to make

21  this showing, there was no possibility of a good faith meet and confer to resolve the

22  parties' disputes. The Discovery Master should deny MGA's motion with respect to

23  this Request on that grounds alone.

24

25     [162]  <u>See</u> Webster Decl., ¶¶ 6-20.

26     [163]  <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1 | **REQUEST FOR PRODUCTION NO. 31:**

2        All DOCUMENTS REFERRING OR RELATING TO whether

3 MATTEL had access to any exhibits, displays or show rooms containing any of

4 MGA's "BRATZ" lines prior to its release to the public.

5 | **RESPONSE TO REQUEST NO. 31:**

6        In addition to the general objections stated above which are

7 incorporated herein by reference, Mattel objects to this Request on the grounds that

8 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

9 documents on this subject without limitation as to time, and regardless of whether

10 such documents relate to products or matters at issue in this case. Mattel further

11 objects to the Request on the grounds that it seeks documents that are not relevant to

12 this action or likely to lead to the discovery of admissible evidence. Mattel further

13 objects to this Request on the grounds that it seeks confidential, proprietary and

14 trade secret information that has no bearing on the claims or defenses in this case.

15 Mattel further objects to this Request on the grounds that it is duplicative of or

16 subsumed within other requests within this set of requests. Mattel further objects to

17 this Request on the grounds that it calls for the disclosure of information subject to

18 the attorney-client privilege, the attorney work-product doctrine and other applicable

19 privileges.

20        Subject to and without waiving the foregoing general and specific

21 objections, and to the extent not already produced, Mattel will produce responsive,

22 non-privileged documents in its possession, custody or control, if any, that it can

23 locate after a reasonable, good faith search relating Mattel's access to exhibits,

24 displays or show rooms containing such aspects of the Bratz products that MGA has

25 alleged were infringed prior to the time that such aspects of products were disclosed

26 to the trade, retailers or the public.

27

28

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request to "containing such aspects of the Bratz products that MGA has alleged were infringed prior to the time that such aspects of products were disclosed to the trade, retailers or the public," and agrees to produce only subject to its improper boilerplate objections. Mattel's unilateral limitation on its production is unjustified to the extent Mattel is withholding documents on that basis. Moreover, it is unclear what "containing such aspects of the Bratz products" means. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents without limitation or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents in Mattel's possession, custody, or control regarding Mattel's knowledge of "BRATZ" displays or exhibits before they were publicly disclosed.

1    As to burden, Mattel has not attempted to demonstrate why responding
2  to this request and/or producing responsive documents presents any burden.  This
3  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
4  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
5  request is unduly burdensome must allege specific facts which indicate the nature
6  and extent of the burden, usually by affidavit or other reliable evidence.")
7  Moreover, it is not unduly burdensome, as noted above, in that the request is
8  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
9  has engaged in a broad variety of unfair trade practices, from trade dress
10  infringement to serial copying of MGA products.  MGA is entitled to discovery on
11  these claims.

12    This request does not seek documents protected by the attorney-client
13  privilege, the attorney work product doctrine, or other applicable privileges.  To the
14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15    Mattel objects that the request contains confidential/proprietary/trade
16  secret information.  A Protective Order exists in this case, obviating any concern as
17  to protection of privacy rights and/or commercially sensitive information.

18    Mattel's objection that the documents sought are not relevant is
19  unfounded, as the display or exhibition of "BRATZ" products and Mattel's
20  knowledge of the those displays or exhibits, is highly relevant to MGA's claims and
21  defenses.  Such information, for example, could tend to show that Mattel copied
22  "BRATZ" displays or exhibits or otherwise interfered with them, as alleged by
23  MGA.

24    None of Mattel's improper objections are valid and Mattel is obligated
25  to produce all non-privileged responsive documents in its possession, custody or
26  control.

27
28

**MATTEL'S RESPONSE:**

MGA objects to Mattel's limitation that it will produce documents related to "aspects of the Bratz products that MGA has alleged were infringed," but it provides no argument as to why this limitation is inappropriate. Indeed, the parties previously agreed on the scope of these Requests and Mattel's limitations.[164]

There is simply no relevance to information relating to Bratz dolls that MGA never alleged were infringed. MGA provides no argument on the subject, instead unilaterally claiming that "Mattel is required to respond to the request as originally drafted," despite simultaneously acknowledging that a party may object "to part of a request [and] permit inspection of the rest." MGA's objection to Mattel's limitation is thus without merit.

Moreover, this Request seeks information relating to products and themes that MGA has never alleged were infringed. Numerous Bratz and MY SCENE dolls have been released since MGA filed its complaint, and thus cannot have been alleged to have been the subject of its trade dress claims for the simple reason that they did not yet exist. Indeed, MGA has previously taken the position that documents and communications post-dating the issues in the Complaint are not relevant. See MGA Parties' Reply In Support of Their Motion to Quash Receiver Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing that MGA's transactions with the Financing Parties were not relevant to Phase 2 because, inter alia, "these events occurred years after [Mattel's] complaint was filed.").[165] The Discovery Master credited this argument in denying Mattel its requested discovery, ruling that Mattel's requests were not reasonably calculated to lead to the discovery of admissible evidence regarding Mattel's RICO counterclaim because the "RICO counterclaim (like the other counterclaims to be adjudicated in Phase 2) was

---

[164]   June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

1  asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or

2  Vision Capital, LLC came into existence . . . ."  Discovery Matter Order No. 3,

3  dated March 10, 2009, at 18.[165]  MGA offers no reason, nor could it consistent with

4  judicial estoppel, why documents post-dating the filing of claims which do not

5  allege continuing wrongdoing are relevant to those claims.  See New Hampshire v.

6  Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a

7  legal proceeding, and succeeds in maintaining that position, he may not thereafter,

8  simply because his interests have changed, assume a contrary position, especially if

9  it be to the prejudice of the party who has acquiesced in the position formerly taken

10  by him.").  Thus, under MGA's own arguments that were accepted by the Discovery

11  Master, the relevant cut-off date for discovery is April 2005, when MGA filed its

12  Complaint.

13          Further, contrary to MGA's statement that Mattel will not confirm that

14  it has produced non-privileged documents, if MGA had met and conferred on these

15  issues, it would have learned that Mattel has already produced all relevant non-

16  privileged documents responsive to this Request.  Indeed, to date Mattel has already

17  produced over 350,000 pages regarding MY SCENE, without limitation by theme or

18  doll, including documents related to its design and development, packaging,

19  advertising, marketing, testing, themes, sales planning, manufacturing and

20  production, among others.[167]  MGA has not provided any basis for asserting that this

21  production is incomplete.  MGA's motion to compel responses to this Request

22  should therefore be denied as moot.

23          There is no basis for overruling Mattel's privilege objection.  MGA's

24  bald assertion that "this request does not seek information protected by the attorney-

25

26  [165]  Dart Decl., Exh. 6.

27  [166]  Dart Decl., Exh. 7.
     [167]  Webster Decl., ¶ 24.

28

1   client privilege, the attorney work product doctrine, or other applicable privileges"

2   has no merit. Documents discussing MY SCENE could very well be subject to a

3   claim of privilege or work product protection. Moreover, as MGA has itself argued,

4   the parties have agreed that in general "all privileged documents would be logged

5   except for documents created after this action was filed on April 27, 2004."[168] Thus,

6   to the extent privileged documents fall within the post lawsuit time period, they need

7   not be included on Mattel's log.

8           Similarly, despite the Parties' prior agreement on the scope of this

9   Request, MGA states that "Mattel has not attempted to demonstrate why responding

10  to this request and/or producing responsive documents presents any burden." Yet,

11  as MGA knows, the Discovery Master has already placed limits on the searches

12  Mattel must make in producing documents, and this objection is only meant to

13  invoke those issues that have already been settled. See, e.g., Order Denying MGA's

14  Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

15  outstanding emails, holding that Mattel has produced all relevant emails and does

16  not need to consult back-up tapes to complete its production). MGA should not be

17  permitted to circumvent prior Orders by seeking to overrule Mattel's objections

18  here.

19          Finally, MGA failed to meet and confer at all, much less in good faith,

20  regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

21  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

22  the moving party shall first identify each dispute, state the relief sought and identify

23  the authority supporting the requested relief in a meet and confer letter that shall be

24  served on all parties by facsimile or electronic mail. The parties shall have five court

---

26  [168]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.

28

1  days from the date of service of that letter to conduct an in-person conference to

2  attempt to resolve the dispute."). At no point during the meet and confer process did

3  the parties discuss this Request or Mattel's response to it.[169] In order to engage in a

4  meaningful meet and confer, MGA had the burden to show the relevance of any

5  requests it sought to move on.[170] Because MGA refused to even attempt to make

6  this showing, there was no possibility of a good faith meet and confer to resolve the

7  parties' disputes. The Discovery Master should deny MGA's motion with respect to

8  this Request on that grounds alone.

9  **REQUEST FOR PRODUCTION NO. 34:**

10        All COMMUNICATIONS between YOU and NPD Group, Inc.,

11  including NPD Funworld, ("NPD Funworld") REFERRING OR RELATING TO

12  MGA's subscription to NPD Funworld data, including but not limited to the

13  termination thereof.

14  **RESPONSE TO REQUEST NO. 34:**

15        In addition to the general objections stated above which are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case. Mattel further

20  objects to the Request on the grounds that it seeks documents that are not relevant to

21  this action or likely to lead to the discovery of admissible evidence. Mattel further

22  objects to this Request on the grounds that it seeks confidential, proprietary and

23  trade secret information that has no bearing on the claims or defenses in this case.

24

25        [169]  See Webster Decl., ¶¶ 6-20.

26        [170]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1   Mattel further objects to this Request on the grounds that it calls for the disclosure
2   of information subject to the attorney-client privilege, the attorney work-product
3   doctrine and other applicable privileges.

4   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
5   **TO SHOULD BE COMPELLED**

6          Mattel has not agreed to produce documents in response to this request,
7   resting on its improper boilerplate objections.  Under the Federal Rules of Civil
8   Procedure, "an objection to part of a request must specify the part and permit
9   inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to
10  explain the basis for an objection with specificity are routinely rejected in the
11  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
12  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
13  harassing' are improper – especially when a party fails to submit any evidentiary
14  declarations supporting such objections").  Accordingly, Mattel must be compelled
15  either to certify that it has produced all non-privileged responsive documents or to
16  produce all such documents by a date certain.

17         To the extent that Mattel is relying on its blanket objections, they are
18  not sustainable and do not justify Mattel's failure to produce documents.

19         As to overbreadth, Mattel provides no explanation, let alone the
20  required particularity, as to *why* this request is supposedly overly broad, nor can it
21  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
22  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
23  contrary, the request is narrowly tailored to seek documents concerning MGA's
24  subscription to NPD Funworld data, as such documents are directly relevant to
25  MGA's unfair competition claims as set forth in MGA's Complaint.

26         As to burden, Mattel has not attempted to demonstrate why responding
27  to this request and/or producing responsive documents presents any burden.  This
28  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

1 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2 request is unduly burdensome must allege specific facts which indicate the nature

3 and extent of the burden, usually by affidavit or other reliable evidence.")

4 Moreover, it is not unduly burdensome, as noted above, in that the request is

5 narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

6 has engaged in a broad variety of unfair trade practices, such as threatening NPD to

7 cease doing business with MGA, and pressuring NPD into manipulating data. MGA

8 is entitled to discovery on these claims.

9      Mattel objects that the request contains confidential, proprietary and

10 trade secret information. A Protective Order exists in this case, obviating any

11 concern as to protection of privacy rights and/or commercially sensitive

12 information.

13      This request does not seek documents protected by the attorney-client

14 privilege, the attorney work product doctrine, or other applicable privileges. To the

15 extent that Mattel contends that it does, Mattel must provide a privilege log.

16      None of Mattel's improper objections are valid and Mattel is obligated

17 to produce all non-privileged responsive documents in its possession, custody, or

18 control.

19 **MATTEL'S RESPONSE:**

20      As a preliminary matter, this Request seeks information completely

21 untethered to any claim or defense. MGA has previously taken the position that

22 documents and communications post-dating the issues in the Complaint are not

23 relevant. See MGA Parties' Reply In Support of Their Motion to Quash Receiver

24 Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing that MGA's

25 transactions with the Financing Parties were not relevant to Phase 2 because, inter

26

27

28

1    alia, "these events occurred years after [Mattel's] complaint was filed.").[171]  The

2    Discovery Master credited this argument in denying Mattel its requested discovery,

3    ruling that Mattel's requests were not reasonably calculated to lead to the discovery

4    of admissible evidence regarding Mattel's RICO counterclaim because the "RICO

5    counterclaim (like the other counterclaims to be adjudicated in Phase 2) was

6    asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or

7    Vision Capital, LLC came into existence . . . ."  Discovery Matter Order No. 3,

8    dated March 10, 2009, at 18.[172]  MGA offers no reason, nor could it consistent with

9    judicial estoppel, why documents post-dating the filing of claims which do not

10   allege continuing wrongdoing are relevant to those claims.  See New Hampshire v.

11   Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a

12   legal proceeding, and succeeds in maintaining that position, he may not thereafter,

13   simply because his interests have changed, assume a contrary position, especially if

14   it be to the prejudice of the party who has acquiesced in the position formerly taken

15   by him.").  Thus, under MGA's own arguments that were accepted by the Discovery

16   Master, the relevant cut-off date for discovery is April 2005, when MGA filed its

17   Complaint.

18           Moreover, though MGA does not mention it, Mattel already agreed to

19   produce documents related to the allegations made in MGA's complaint and

20   interrogatory responses regarding NPD.[173]  MGA does not specify what additional

21   information would be relevant or that it is entitled to.

22           There is no basis for overruling Mattel's privilege objection.  MGA's

23   bald assertion that "this request does not seek information protected by the attorney-

24   client privilege, the attorney work product doctrine, or other applicable privileges"

25   _____

26   [171]   Dart Decl., Exh. 6.

27   [172]   Dart Decl., Exh. 7.

     [173]   June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

28

1   has no merit.  Documents discussing NPD could very well be subject to a claim of

2   privilege or work product protection.  Moreover, as MGA has itself argued, the

3   parties have agreed that in general "all privileged documents would be logged

4   except for documents created after this action was filed on April 27, 2004."[174]  Thus,

5   to the extent privileged documents fall within the post lawsuit time period, they need

6   not be included on Mattel's log.

7         Similarly, despite the Parties' prior agreement on the scope of this

8   Request, MGA states that "Mattel has not attempted to demonstrate why responding

9   to this request and/or producing responsive documents presents any burden."  Yet,

10  as MGA knows, the Discovery Master has already placed limits on the searches

11  Mattel must make in producing documents, and this objection is only meant to

12  invoke those issues that have already been settled.  See, e.g., Order Denying MGA's

13  Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

14  outstanding emails, holding that Mattel has produced all relevant emails and does

15  not need to consult back-up tapes to complete its production).  MGA should not be

16  permitted to circumvent prior Orders by seeking to overrule Mattel's objections

17  here.

18        Finally, MGA failed to meet and confer at all, much less in good faith,

19  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

20  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

21  the moving party shall first identify each dispute, state the relief sought and identify

22  the authority supporting the requested relief in a meet and confer letter that shall be

23  served on all parties by facsimile or electronic mail. The parties shall have five court

24  days from the date of service of that letter to conduct an in-person conference to

25  _____

26  [174]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1   attempt to resolve the dispute.").   At no point during the meet and confer process did

2   the parties discuss this Request or Mattel's response to it.[175]   In order to engage in a

3   meaningful meet and confer, MGA had the burden to show the relevance of any

4   requests it sought to move on.[176]   Because MGA refused to even attempt to make

5   this showing, there was no possibility of a good faith meet and confer to resolve the

6   parties' disputes.  The Discovery Master should deny MGA's motion with respect to

7   this Request on that grounds alone.

8   **REQUEST FOR PRODUCTION NO. 35:**

9           All COMMUNICATIONS between YOU and NPD Funworld

10  REFERRING OR RELATING TO any alleged misuse of NPD Funworld data by

11  MGA.

12  **RESPONSE TO REQUEST NO. 35:**

13          In addition to the general objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

16  documents on this subject without limitation as to time, and regardless of whether

17  such documents relate to products or matters at issue in this case.  Mattel further

18  objects to the Request on the grounds that it seeks documents that are not relevant to

19  this action or likely to lead to the discovery of admissible evidence.  Mattel further

20  objects to this Request on the grounds that it seeks confidential, proprietary and

21  trade secret information that has no bearing on the claims or defenses in this case.

22  Mattel further objects to this Request on the grounds that it calls for the disclosure

23

24

25      [175]   See Webster Decl., ¶¶ 6-20.

26      [176]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1   of information subject to the attorney-client privilege, the attorney work-product

2   doctrine and other applicable privileges.

3   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

4   **TO SHOULD BE COMPELLED**

5         Mattel has not agreed to produce documents in response to this request,

6   resting on its improper boilerplate objections.  Under the Federal Rules of Civil

7   Procedure, "an objection to part of a request must specify the part and permit

8   inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

9   explain the basis for an objection with specificity are routinely rejected in the

10  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

11  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

12  harassing' are improper – especially when a party fails to submit any evidentiary

13  declarations supporting such objections").  Accordingly, Mattel must be compelled

14  either to certify that it has produced all non-privileged responsive documents or to

15  produce all such documents by a date certain.

16        To the extent that Mattel is relying on its blanket objections, they are

17  not sustainable and do not justify Mattel's failure to produce documents.

18        As to overbreadth, Mattel provides no explanation, let alone the

19  required particularity, as to *why* this request is supposedly overly broad, nor can it

20  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

21  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

22  contrary, the request is narrowly tailored to seek communications concerning

23  alleged misuse of NPD data by MGA, which are directly relevant to MGA's unfair

24  competition claims as set forth in MGA's Complaint.

25        As to burden, Mattel has not attempted to demonstrate why responding

26  to this request and/or producing responsive documents presents any burden.  This

27  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

28  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

1  request is unduly burdensome must allege specific facts which indicate the nature
2  and extent of the burden, usually by affidavit or other reliable evidence.")

3       Moreover, it is not unduly burdensome, as noted above, in that the
4  request is narrowly tailored to seek only discoverable evidence.  MGA has alleged
5  that Mattel has engaged in a broad variety of unfair trade practices, such as
6  threatening NPD to cease doing business with MGA, and pressuring NPD into
7  manipulating data.  MGA is entitled to discovery on these claims.

8       Mattel objects that the request contains confidential, proprietary and
9  trade secret information.  A Protective Order exists in this case, obviating any
10  concern as to protection of privacy rights and/or commercially sensitive
11  information.

12       This request does not seek information protected by the attorney-client
13  privilege, the attorney work product doctrine, or other applicable privileges.  To the
14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15       None of Mattel's improper objections are valid and Mattel is obligated
16  to produce all non-privileged responsive documents in its possession, custody, or
17  control.

18  **MATTEL'S RESPONSE:**

19       As a preliminary matter, this Request seeks information completely
20  untethered to any claim or defense.  MGA has previously taken the position that
21  documents and communications post-dating the issues in the Complaint are not
22  relevant.  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
23  Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing that MGA's
24  transactions with the Financing Parties were not relevant to Phase 2 because, inter
25  alia, "these events occurred years after [Mattel's] complaint was filed.").[177]  The

26

27  [177]  Dart Decl., Exh. 6.

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1   Discovery Master credited this argument in denying Mattel its requested discovery,

2   ruling that Mattel's requests were not reasonably calculated to lead to the discovery

3   of admissible evidence regarding Mattel's RICO counterclaim because the "RICO

4   counterclaim (like the other counterclaims to be adjudicated in Phase 2) was

5   asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or

6   Vision Capital, LLC came into existence . . . ."  Discovery Matter Order No. 3,

7   dated March 10, 2009, at 18.[178]  MGA offers no reason, nor could it consistent with

8   judicial estoppel, why documents post-dating the filing of claims which do not

9   allege continuing wrongdoing are relevant to those claims.  See New Hampshire v.

10   Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a

11   legal proceeding, and succeeds in maintaining that position, he may not thereafter,

12   simply because his interests have changed, assume a contrary position, especially if

13   it be to the prejudice of the party who has acquiesced in the position formerly taken

14   by him.").  Thus, under MGA's own arguments that were accepted by the Discovery

15   Master, the relevant cut-off date for discovery is April 2005, when MGA filed its

16   Complaint.

17       Moreover, though MGA does not mention it, Mattel already agreed to

18   produce documents related to the allegations made in MGA's complaint and

19   interrogatory responses regarding NPD.[179]  MGA does not specify what additional

20   information would be relevant or that it is entitled to.

21       There is no basis for overruling Mattel's privilege objection.  MGA's

22   bald assertion that "this request does not seek information protected by the attorney-

23   client privilege, the attorney work product doctrine, or other applicable privileges"

24   has no merit.  Documents discussing NPD could very well be subject to a claim of

25   privilege or work product protection.  Moreover, as MGA has itself argued, the

---

[178]   Dart Decl., Exh. 7.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1    parties have agreed that in general "all privileged documents would be logged

2    except for documents created after this action was filed on April 27, 2004."[180]   Thus,

3    to the extent privileged documents fall within the post lawsuit time period, they need

4    not be included on Mattel's log.

5              Similarly, MGA states that "Mattel has not attempted to demonstrate

6    why responding to this request and/or producing responsive documents presents any

7    burden."  Yet, as MGA knows, the Discovery Master has already placed limits on

8    the searches Mattel must make in producing documents, and this objection is only

9    meant to invoke those issues that have already been settled.  See, e.g., Order

10   Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel

11   on all outstanding emails, holding that Mattel has produced all relevant emails and

12   does not need to consult back-up tapes to complete its production).  MGA should

13   not be permitted to circumvent prior Orders by seeking to overrule Mattel's

14   objections here.

15             Finally, MGA failed to meet and confer at all, much less in good faith,

16   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

17   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

18   the moving party shall first identify each dispute, state the relief sought and identify

19   the authority supporting the requested relief in a meet and confer letter that shall be

20   served on all parties by facsimile or electronic mail. The parties shall have five court

21   days from the date of service of that letter to conduct an in-person conference to

22   attempt to resolve the dispute.").  At no point during the meet and confer process did

23

24

   _____

25   [179]   June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

26   [180]   See Order Denying Mattel's Motion for Protective Order Limiting the
     Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
27   3.

28

1  the parties discuss this Request or Mattel's response to it.[181]  In order to engage in a

2  meaningful meet and confer, MGA had the burden to show the relevance of any

3  requests it sought to move on.[182]  Because MGA refused to even attempt to make

4  this showing, there was no possibility of a good faith meet and confer to resolve the

5  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

6  this Request on that grounds alone.

7  **REQUEST FOR PRODUCTION NO. 36:**

8      All COMMUNICATIONS between YOU and NPD Funworld

9  REFERRING OR RELATING TO MGA, LARIAN, "BRATZ," or MGA

10  PRODUCTS, including but not limited to COMMUNICATIONS as alleged in

11  paragraphs 85 and 86 of the COMPLAINT.

12  **RESPONSE TO REQUEST NO. 36:**

13      In addition to the general objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

16  documents on this subject without limitation as to time, and regardless of whether

17  such documents relate to products or matters at issue in this case.  Mattel further

18  objects to the Request on the grounds that it seeks documents that are not relevant to

19  this action or likely to lead to the discovery of admissible evidence.  Mattel further

20  objects to this Request on the grounds that it seeks confidential, proprietary and

21  trade secret information that has no bearing on the claims or defenses in this case.

22  Mattel further objects to this Request on the grounds that it calls for the disclosure

23

24

25      [181]  See Webster Decl., ¶¶ 6-20.

26      [182]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  of information subject to the attorney-client privilege, the attorney work-product

2  doctrine and other applicable privileges.

3         Subject to and without waiving the foregoing general and specific

4  objections, and to the extent not already produced, Mattel will produce responsive,

5  non-privileged communications in its possession, custody or control, if any, that it

6  can locate after a reasonable, good faith search relating to the purported

7  communications alleged in MGA's Complaint.

8  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

9  **TO SHOULD BE COMPELLED**

10        Mattel has agreed to produce documents in response to this request,

11 subject to its improper boilerplate objections.  Yet Mattel has refused to confirm

12 whether or not it has produced all non-privileged responsive documents or whether

13 it is withholding documents based on its objections in Phase 2.  Under the Federal

14 Rules of Civil Procedure, "an objection to part of a request must specify the part and

15 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

16 fail to explain the basis for an objection with specificity are routinely rejected in the

17 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

18 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

19 harassing' are improper – especially when a party fails to submit any evidentiary

20 declarations supporting such objections").  Accordingly, Mattel must be compelled

21 either to certify that it has produced all non-privileged responsive documents or to

22 produce all such documents by a date certain.

23        Mattel's limitation to communications alleged in the Complaint is also

24 improper.  MGA's request is narrowly tailored to seek information that may support

25 a specific allegation in MGA's Complaint, and under the liberal discovery rules

26 MGA is entitled to responsive information.

27        To the extent that Mattel is relying on its blanket objections, they are

28 not sustainable and do not justify Mattel's failure to produce documents.

1    As to overbreadth, Mattel provides no explanation, let alone the

2 required particularity, as to *why* this request is supposedly overly broad, nor can it

3 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

4 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5 contrary, the request is narrowly tailored to seek communications concerning MGA,

6 Mr. Larian, Bratz, or MGA Products, which are directly relevant to MGA's unfair

7 competition claims as set forth in MGA's Complaint.

8    As to burden, Mattel has not attempted to demonstrate why responding

9 to this request and/or producing responsive documents presents any burden.  This

10 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

11 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12 request is unduly burdensome must allege specific facts which indicate the nature

13 and extent of the burden, usually by affidavit or other reliable evidence.")

14 Moreover, it is not unduly burdensome, as noted above, in that the request is

15 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

16 has engaged in a broad variety of unfair trade practices, such as threatening NPD to

17 cease doing business with MGA, and pressuring NPD into manipulating data.  MGA

18 is entitled to discovery on these claims.

19    Mattel objects that the request contains confidential, proprietary and

20 trade secret information.  A Protective Order exists in this case, obviating any

21 concern as to protection of privacy rights and/or commercially sensitive

22 information.

23    This request does not seek information protected by the attorney-client

24 privilege, the attorney work product doctrine, or other applicable privileges.  To the

25 extent that Mattel contends that it does, Mattel must provide a privilege log.

26    None of Mattel's improper objections are valid and Mattel is obligated

27 to produce all non-privileged responsive documents in its possession, custody, or

28 control.

1    **MATTEL'S RESPONSE:**

2          This request is essentially identical to another Request that was rejected

3    by the Discovery Master.   Request No. 38 sought: "All  COMMUNICATIONS

4    between  YOU  and  the  Children's  Advertising  Review  Unit  REFERRING  OR

5    RELATING TO MGA, LARIAN, "BRATZ," or MGA PRODUCTS, including but

6    not limited to COMMUNICATIONS as alleged in paragraphs 89, 90, and 91 of the

7    COMPLAINT."   The prior Discovery Master rejected Request No. 38 in his  May

8    22, 2007 Order, stating that ███████████████████████████████████

9    ████████████████████████████████████████████████████████████

10   ██████████████████████."[183]  It should be rejected in keeping with the

11   prior Order.

12         The Discovery Master had good reason to do so.   As discussed in

13   Mattel's Opposition to that motion, there are an incalculable number of such

14   documents that are completely irrelevant to this suit, and it would be a heavy burden

15   on Mattel to determine which of these documents were maintained.   ████████

16   ████████████████████████████████████████████████████████████

17   ██████████████████████████████████████████████████

18   ████████████████████████████████████████████████████████

19   ███████████████████████████████████████████████████████

20   ████████████████████████████████████████████████████████

21   ██████████████████████████████████████████████████████

22   █████████████████████████████████████████████████

23

24

25   _____

26   [183]  May 22, 2007 Order at 14, 23-26, Dart Decl., Exh. 5.

27   [184]  See Pantel Decl. at ¶ 9, Dart Decl., Exh. 31.

28   [185]  Id. at ¶ 10.



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21   [190]

22        Mattel thus limited its response to state that it would produce

23   documents specifically related to the communications MGA alleged, which captures

24

25   [186]   Id.

26   [187]   P. Moore Decl. ¶ 7, Dart Decl., Exh. 32.

27   [188]   Id.

28   [189]   Id. at ¶11.

00505.07975/3121201.5

1  the information MGA needs without resorting to producing every NPD report

2  Mattel has ever received.  MGA does not discuss these issues, and instead merely

3  makes conclusory statements that the documents are relevant to its claims, and that

4  Mattel should thus be forced to produce all of them.  Given the burdens such an

5  order would impose, Mattel respectfully submits that it would be inappropriate here.

6          Despite Mattel's agreement to produce documents, and the prior

7  Discovery Master's rejection of a virtually identical Request, MGA nevertheless

8  seeks to overrule all of Mattel's objections.  This would be inappropriate.  For

9  example, there is no basis for overruling Mattel's privilege objection.  MGA's bald

10 assertion that "this request does not seek information protected by the attorney-client

11 privilege, the attorney work product doctrine, or other applicable privileges" has no

12 merit.  Documents discussing NPD could very well be subject to a claim of privilege

13 or work product protection.  Moreover, as MGA has itself argued, the parties have

14 agreed that in general "all privileged documents would be logged except for

15 documents created after this action was filed on April 27, 2004."[191]  Thus, to the

16 extent privileged documents fall within the post lawsuit time period, they need not

17 be included on Mattel's log.

18         Finally, MGA failed to meet and confer at all, much less in good faith,

19 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

20 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

21 the moving party shall first identify each dispute, state the relief sought and identify

22 the authority supporting the requested relief in a meet and confer letter that shall be

23 served on all parties by facsimile or electronic mail. The parties shall have five court

24

25    [190]  Pantel Decl. at ¶ 12, P. Moore Decl. ¶ 7.

26    [191]  See Order Denying Mattel's Motion for Protective Order Limiting the
       Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
27     3.

28

                                    MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1   days from the date of service of that letter to conduct an in-person conference to

2   attempt to resolve the dispute."). At no point during the meet and confer process did

3   the parties discuss this Request or Mattel's response to it.[192]  In order to engage in a

4   meaningful meet and confer, MGA had the burden to show the relevance of any

5   requests it sought to move on.[193]  Because MGA refused to even attempt to make

6   this showing, there was no possibility of a good faith meet and confer to resolve the

7   parties' disputes. The Discovery Master should deny MGA's motion with respect to

8   this Request on that grounds alone.

9   **REQUEST FOR PRODUCTION NO. 40:**

10          All COMMUNICATIONS between YOU and the Toy Industry.

11   Association REFERRING OR RELATING TO the voting procedure or rules

12   pertaining to the People's Choice Toy of the Year Award from 2001 to the present.

13   **RESPONSE TO REQUEST NO. 40:**

14          In addition to the general objections stated above which are

15   incorporated herein by reference, Mattel objects to this Request on the grounds that

16   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17   documents on this subject regardless of whether such documents relate to products

18   or matters at issue in this case. Mattel further objects to the Request on the grounds

19   that it seeks documents that are not relevant to this action or likely to lead to the

20   discovery of admissible evidence. Mattel further objects to this Request on the

21   grounds that it seeks confidential, proprietary and trade secret information that has

22   no bearing on the claims or defenses in this case. Mattel further objects to this

23   Request on the grounds that it calls for the disclosure of information subject to the

24

25      [192]  See Webster Decl., ¶¶ 6-20.

26      [193]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27   bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
     1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  attorney-client privilege, the attorney work-product doctrine and other applicable
2  privileges.

3  Subject to and without waiving the foregoing general and specific
4  objections, and to the extent not already produced, Mattel will produce responsive,
5  non-privileged communications in its possession, custody or control, if any, relating
6  to the procedure or rules for the 2003 People's Choice Toy of the Year Award vote
7  which are alleged in MGA's Complaint that it can locate after a reasonable, good
8  faith search.

9  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
10 **TO SHOULD BE COMPELLED**

11 Mattel has agreed to produce communications only relating to the 2003
12 People's Choice Toy of the Year Award vote in response to this request, subject to
13 its improper boilerplate objections.  Mattel has refused to confirm whether or not it
14 has produced all non-privileged responsive documents or whether it is withholding
15 documents based on its objections or limitation in Phase 2.  Under the Federal Rules
16 of Civil Procedure, "an objection to part of a request must specify the part and
17 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
18 fail to explain the basis for an objection with specificity are routinely rejected in the
19 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
20 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
21 harassing' are improper – especially when a party fails to submit any evidentiary
22 declarations supporting such objections").  Accordingly, Mattel must be compelled
23 either to certify that it has produced all non-privileged responsive documents or to
24 produce all such documents by a date certain.

25 To the extent that Mattel is relying on its blanket objections, they are
26 not sustainable and do not justify Mattel's failure to produce documents.

27 As to overbreadth, Mattel provides no explanation, let alone the
28 required particularity, as to *why* this request is supposedly overly broad, nor can it

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

2  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

3  contrary, the request is narrowly tailored to seek communications between Mattel

4  and the Toy Industry Association concerning the voting procedure or rules

5  pertaining to the People's Choice Toy of the Year Award from 2001 to the present,

6  which are relevant to MGA's unfair competition claims as set forth in paragraphs

7  MGA's Complaint.

8  　　　　As to burden, Mattel has not attempted to demonstrate why responding

9  to this request and/or producing responsive documents presents any burden. This

10  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

11  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

12  request is unduly burdensome must allege specific facts which indicate the nature

13  and extent of the burden, usually by affidavit or other reliable evidence.")

14  Moreover, it is not unduly burdensome, as noted above, in that the request is

15  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

16  has engaged in a broad variety of unfair trade practices, such as orchestrating a

17  changes in the Toy of the Year Award voting procedures. MGA is entitled to

18  discovery on these claims.

19  　　　　Mattel objects that the request contains confidential, proprietary and

20  trade secret information. A Protective Order exists in this case, obviating any

21  concern as to protection of privacy rights and/or commercially sensitive

22  information.

23  　　　　This request does not seek information protected by the attorney-client

24  privilege, the attorney work product doctrine, or other applicable privileges. To the

25  extent that Mattel contends that it does, Mattel must provide a privilege log.

26  　　　　None of Mattel's improper objections are valid and Mattel is obligated

27  to produce all non-privileged responsive documents in its possession, custody, or

28  control.

1 | **MATTEL'S RESPONSE:**

2 This Request seeks information untethered to any claim or defense.

3 MGA objects to Mattel's limitation that it will produce documents related to "the

4 procedure or rules for the 2003 People's Choice Toy of the Year Award vote," but it

5 provides no argument as to why this limitation is inappropriate. The only

6 allegations it makes regarding the Toy of the Year Award are for events in 2003,

7 and Mattel has offered to provide documents regarding that time period. But there

8 is simply no relevance to later time periods. Indeed, MGA has previously taken the

9 position that documents and communications post-dating the issues in the Complaint

10 are not relevant, but this Request asks for documents regarding voting up through

11 the present. See MGA Parties' Reply In Support of Their Motion to Quash Receiver

12 Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing that MGA's

13 transactions with the Financing Parties were not relevant to Phase 2 because, inter

14 alia, "these events occurred years after [Mattel's] complaint was filed.").[194] The

15 Discovery Master credited this argument in denying Mattel its requested discovery,

16 ruling that Mattel's requests were not reasonably calculated to lead to the discovery

17 of admissible evidence regarding Mattel's RICO counterclaim because the "RICO

18 counterclaim (like the other counterclaims to be adjudicated in Phase 2) was

19 asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or

20 Vision Capital, LLC came into existence . . . ." Discovery Matter Order No. 3,

21 dated March 10, 2009, at 18.[195] MGA offers no reason, nor could it consistent with

22 judicial estoppel, why documents post-dating the filing of claims which do not

23 allege continuing wrongdoing are relevant to those claims. See New Hampshire v.

24 Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a

25 legal proceeding, and succeeds in maintaining that position, he may not thereafter,

26

27    [194]  Dart Decl., Exh. 6.

28