1  simply because his interests have changed, assume a contrary position, especially if

2  it be to the prejudice of the party who has acquiesced in the position formerly taken

3  by him."). Thus, under MGA's own arguments that were accepted by the Discovery

4  Master, the relevant cut-off date could at the latest be April 2005, when MGA filed

5  its Complaint. MGA provides no argument on the subject, instead unilaterally

6  claiming that "Mattel is required to respond to the request as originally drafted,"

7  despite simultaneously acknowledging that a party may object "to part of a request

8  [and] permit inspection of the rest." MGA's objection to Mattel's limitation is thus

9  without merit.

10      In any case, Mattel has already produced all relevant non-privileged

11  documents responsive to this Request. MGA's motion to compel responses to this

12  Request should therefore be denied as moot.

13      There is no basis for overruling Mattel's privilege objection. MGA's

14  bald assertion that "this request does not seek information protected by the attorney-

15  client privilege, the attorney work product doctrine, or other applicable privileges"

16  has no merit. Documents discussing the Toy of the Year Award could very well be

17  subject to a claim of privilege or work product protection. Moreover, as MGA has

18  itself argued, the parties have agreed that in general "all privileged documents would

19  be logged except for documents created after this action was filed on April 27,

20  2004."[196] Thus, to the extent privileged documents fall within the post lawsuit time

21  period, they need not be included on Mattel's log.

22      Similarly, MGA states that "Mattel has not attempted to demonstrate

23  why responding to this request and/or producing responsive documents presents any

24

25  [195]  Dart Decl., Exh. 7.

26  [196]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1   burden." Yet, as MGA knows, the Discovery Master has already placed limits on

2   the searches Mattel must make in producing documents, and this objection is only

3   meant to invoke those issues that have already been settled. See, e.g., Order

4   Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel

5   on all outstanding emails, holding that Mattel has produced all relevant emails and

6   does not need to consult back-up tapes to complete its production). MGA should

7   not be permitted to circumvent prior Orders by seeking to overrule Mattel's

8   objections here.

9           Finally, MGA failed to meet and confer at all, much less in good faith,

10  regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

11  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

12  the moving party shall first identify each dispute, state the relief sought and identify

13  the authority supporting the requested relief in a meet and confer letter that shall be

14  served on all parties by facsimile or electronic mail. The parties shall have five court

15  days from the date of service of that letter to conduct an in-person conference to

16  attempt to resolve the dispute."). At no point during the meet and confer process did

17  the parties discuss this Request or Mattel's response to it.[197]  In order to engage in a

18  meaningful meet and confer, MGA had the burden to show the relevance of any

19  requests it sought to move on.[198]  Because MGA refused to even attempt to make

20  this showing, there was no possibility of a good faith meet and confer to resolve the

21  parties' disputes. The Discovery Master should deny MGA's motion with respect to

22  this Request on that grounds alone.

23

24

25       [197]  See Webster Decl., ¶¶ 6-20.

26       [198]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. May 14, 2009).

28

1 **REQUEST FOR PRODUCTION NO. 41:**

2          All COMMUNICATIONS between Neil Friedman and anyone

3 REFERRING OR RELATING TO the voting procedure or rules pertaining to the

4 People's Choice Toy of the Year Award from 2001 to the present as alleged in

5 paragraph 94 of the COMPLAINT.

6 **RESPONSE TO REQUEST NO. 41:**

7          In addition to the general objections stated above which are

8 incorporated herein by reference, Mattel objects to this Request on the grounds that

9 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

10 documents on this subject regardless of whether such documents relate to products

11 or matters at issue in this case.  Mattel further objects to the Request on the grounds

12 that it seeks documents that are not relevant to this action or likely to lead to the

13 discovery of admissible evidence.  Mattel further objects to this Request on the

14 grounds that it seeks confidential, proprietary and trade secret information that has

15 no bearing on the claims or defenses in this case.  Mattel further objects to this

16 Request on the grounds that it calls for the disclosure of information subject to the

17 attorney-client privilege, the attorney work-product doctrine and other applicable

18 privileges.

19          Subject to and without waiving the foregoing general and specific

20 objections, and to the extent not already produced, Mattel will produce responsive,

21 non-privileged communications in its possession, custody or control, if any, relating

22 to the procedure or rules for the 2003 People's Choice Toy of the Year Award vote

23 which are alleged in MGA's Complaint that it can locate after a reasonable, good

24 faith search.

25 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

26 **TO SHOULD BE COMPELLED**

27          Mattel has improperly limited its agreement to produce

28 communications to those relating to the 2003 People's Choice Toy of the Year

00505.07975/3121201.5

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1    Award vote in response to this request, and subject to its improper boilerplate
2    objections. Mattel has refused to confirm whether or not it has produced all non-
3    privileged responsive documents or whether it is withholding documents based on
4    its objections or limitation in Phase 2. Under the Federal Rules of Civil Procedure,
5    "an objection to part of a request must specify the part and permit inspection of the
6    rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis
7    for an objection with specificity are routinely rejected in the Central District. See A.
8    Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
9    or boilerplate objections such as 'overly burdensome and harassing' are improper –
10   especially when a party fails to submit any evidentiary declarations supporting such
11   objections"). Accordingly, Mattel must be compelled either to certify that it has
12   produced all non-privileged responsive documents or to produce all such documents
13   by a date certain.

14          To the extent that Mattel is relying on its blanket objections, they are
15   not sustainable and do not justify Mattel's failure to produce documents.

16          As to overbreadth, Mattel provides no explanation, let alone the
17   required particularity, as to *why* this request is supposedly overly broad, nor can it
18   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
19   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
20   contrary, the request is narrowly tailored to seek communications involving Neil
21   Friedman and concerning the voting procedure or rules pertaining to the People's
22   Choice Toy of the Year Award from 2001 to the present, which are directly relevant
23   to MGA's unfair competition claims as set forth in MGA's Complaint.

24          As to burden, Mattel has not attempted to demonstrate why responding
25   to this request and/or producing responsive documents presents any burden. This
26   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
27   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
28   request is unduly burdensome must allege specific facts which indicate the nature

00505.07975/3121201.5

-197-

1 | and extent of the burden, usually by affidavit or other reliable evidence.")
2 | Moreover, it is not unduly burdensome, as noted above, in that the request is
3 | narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
4 | has engaged in a broad variety of unfair trade practices, such as orchestrating a
5 | change in the Toy of the Year Award voting procedures. MGA is entitled to
6 | discovery on these claims.

7 | Mattel objects that the request contains confidential, proprietary and
8 | trade secret information. A Protective Order exists in this case, obviating any
9 | concern as to protection of privacy rights and/or commercially sensitive
10 | information.

11 | This request does not seek information protected by the attorney-client
12 | privilege, the attorney work product doctrine, or other applicable privileges. To the
13 | extent that Mattel contends that it does, Mattel must provide a privilege log.

14 | None of Mattel's improper objections are valid and Mattel is obligated
15 | to produce all non-privileged responsive documents in its possession, custody, or
16 | control.

17 | **MATTEL'S RESPONSE:**

18 | This Request seeks information untethered to any claim or defense.
19 | MGA objects to Mattel's limitation that it will produce documents related to "the
20 | procedure or rules for the 2003 People's Choice Toy of the Year Award vote," but it
21 | provides no argument as to why this limitation is inappropriate. The only
22 | allegations it makes regarding the Toy of the Year Award are for events in 2003,
23 | and Mattel has offered to provide documents regarding that time period. But there
24 | is simply no relevance to later time periods. Indeed, MGA has previously taken the
25 | position that documents and communications post-dating the issues in the Complaint
26 | are not relevant, but this Request asks for documents regarding voting up through
27 | the present. See MGA Parties' Reply In Support of Their Motion to Quash Receiver
28 | Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing that MGA's

1  transactions with the Financing Parties were not relevant to Phase 2 because, inter
2  alia, "these events occurred years after [Mattel's] complaint was filed.").[199]  The
3  Discovery Master credited this argument in denying Mattel its requested discovery,
4  ruling that Mattel's requests were not reasonably calculated to lead to the discovery
5  of admissible evidence regarding Mattel's RICO counterclaim because the "RICO
6  counterclaim (like the other counterclaims to be adjudicated in Phase 2) was
7  asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or
8  Vision Capital, LLC came into existence . . . ."  Discovery Matter Order No. 3,
9  dated March 10, 2009, at 18.[200]  MGA offers no reason, nor could it consistent with
10  judicial estoppel, why documents post-dating the filing of claims which do not
11  allege continuing wrongdoing are relevant to those claims.  See New Hampshire v.
12  Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a
13  legal proceeding, and succeeds in maintaining that position, he may not thereafter,
14  simply because his interests have changed, assume a contrary position, especially if
15  it be to the prejudice of the party who has acquiesced in the position formerly taken
16  by him.").  Thus, under MGA's own arguments that were accepted by the Discovery
17  Master, the relevant cut-off date could at the latest be April 2005, when MGA filed
18  its Complaint.  MGA provides no argument on the subject, instead unilaterally
19  claiming that "Mattel is required to respond to the request as originally drafted,"
20  despite simultaneously acknowledging that a party may object "to part of a request
21  [and] permit inspection of the rest."  MGA's objection to Mattel's limitation is thus
22  without merit.

23          In any case, Mattel has already produced all relevant non-privileged
24  documents responsive to this Request.  MGA's motion to compel responses to this
25  Request should therefore be denied as moot.

26

27     [199]   Dart Decl., Exh. 6.

28

1    There is no basis for overruling Mattel's privilege objection.  MGA's

2  bald assertion that "this request does not seek information protected by the attorney-

3  client privilege, the attorney work product doctrine, or other applicable privileges"

4  has no merit.  Documents discussing the Toy of the Year Award could very well be

5  subject to a claim of privilege or work product protection.  Moreover, as MGA has

6  itself argued, the parties have agreed that in general "all privileged documents would

7  be logged except for documents created after this action was filed on April 27,

8  2004."[201]  Thus, to the extent privileged documents fall within the post lawsuit time

9  period, they need not be included on Mattel's log.

10    Similarly, MGA states that "Mattel has not attempted to demonstrate

11  why responding to this request and/or producing responsive documents presents any

12  burden."  Yet, as MGA knows, the Discovery Master has already placed limits on

13  the searches Mattel must make in producing documents, and this objection is only

14  meant to invoke those issues that have already been settled.  See, e.g., Order

15  Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel

16  on all outstanding emails, holding that Mattel has produced all relevant emails and

17  does not need to consult back-up tapes to complete its production).  MGA should

18  not be permitted to circumvent prior Orders by seeking to overrule Mattel's

19  objections here.

20    Finally, MGA failed to meet and confer at all, much less in good faith,

21  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

22  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

23  the moving party shall first identify each dispute, state the relief sought and identify

24

25    [200]   Dart Decl., Exh. 7.

26    [201]   See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1 | the authority supporting the requested relief in a meet and confer letter that shall be
2 | served on all parties by facsimile or electronic mail. The parties shall have five court
3 | days from the date of service of that letter to conduct an in-person conference to
4 | attempt to resolve the dispute."). At no point during the meet and confer process did
5 | the parties discuss this Request or Mattel's response to it.[202] In order to engage in a
6 | meaningful meet and confer, MGA had the burden to show the relevance of any
7 | requests it sought to move on.[203] Because MGA refused to even attempt to make
8 | this showing, there was no possibility of a good faith meet and confer to resolve the
9 | parties' disputes. The Discovery Master should deny MGA's motion with respect to
10 | this Request on that grounds alone.

11 | **REQUEST FOR PRODUCTION NO. 44:**

12 | All DOCUMENTS REFERRING OR RELATING TO any attempt by
13 | MATTEL to limit the availability or supply of doll hair to MGA or any competitors,
14 | at any time since June 2001 as alleged in paragraph 78 of the COMPLAINT.

15 | **RESPONSE TO REQUEST NO. 44:**

16 | In addition to the general objections stated above which are
17 | incorporated herein by reference, Mattel objects to this Request on the grounds that
18 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
19 | documents on this subject without limitation as to time, and regardless of whether
20 | such documents relate to products or matters at issue in this case. Mattel further
21 | objects to the Request on the grounds that it seeks documents that are not relevant to
22 | this action or likely to lead to the discovery of admissible evidence. Mattel further
23 | objects to this Request on the grounds that it seeks confidential, proprietary and

24 |
25 | [202] See Webster Decl., ¶¶ 6-20.
26 | [203] See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27 | bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
28 |

1  trade secret information that has no bearing on the claims or defenses in this case.

2  Mattel further objects to this Request on the grounds that it calls for the disclosure

3  of information subject to the attorney-client privilege, the attorney work-product

4  doctrine and other applicable privileges.

5  Subject to and without waiving the foregoing general and specific

6  objections, and to the extent not already produced, Mattel will produce responsive,

7  non-privileged documents in its possession, custody or control, if any, that it can

8  locate after a reasonable, good faith search relating to MGA being supposedly

9  "locked out" from the "two main doll hair companies" in or about October 2002 as

10  alleged in paragraph 78 of the MGA's Complaint.

11  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

12  **TO SHOULD BE COMPELLED**

13  Mattel improperly limits its agreement to produce documents

14  responsive to this request, subject to its improper boilerplate objections.  Mattel has

15  refused to confirm whether or not it has produced all non-privileged responsive

16  documents or whether it is withholding documents based on its objections or

17  limitation in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to

18  part of a request must specify the part and permit inspection of the rest."  Fed. R.

19  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

20  with specificity are routinely rejected in the Central District.  See A. Farber and

21  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

22  boilerplate objections such as 'overly burdensome and harassing' are improper –

23  especially when a party fails to submit any evidentiary declarations supporting such

24  objections").  Accordingly, Mattel must be compelled either to certify that it has

25  produced all non-privileged responsive documents or to produce all such documents

26  by a date certain.

27  To the extent that Mattel is relying on its blanket objections, they are

28  not sustainable and do not justify Mattel's failure to produce documents.

1    As to overbreadth, Mattel provides no explanation, let alone the
2  required particularity, as to *why* this request is supposedly overly broad, nor can it
3  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
4  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
5  contrary, the request is narrowly tailored to seek documents relating to Mattel's
6  efforts to lock MGA out of the doll hair market at any time since June 2001, which
7  is directly relevant to MGA's unfair competition claims and the allegations in
8  paragraph 78 of MGA's Complaint.
9    As to burden, Mattel has not attempted to demonstrate why responding
10  to this request and/or producing responsive documents presents any burden.  This
11  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
12  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
13  request is unduly burdensome must allege specific facts which indicate the nature
14  and extent of the burden, usually by affidavit or other reliable evidence.")
15  Moreover, it is not unduly burdensome, as noted above, in that the request is
16  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
17  has engaged in a broad variety of unfair trade practices, including intentionally
18  locking MGA out of the doll hair market, and MGA is entitled to discovery on these
19  claims.
20    Mattel objects that the request contains confidential, proprietary and
21  trade secret information.  A Protective Order exists in this case, obviating any
22  concern as to protection of privacy rights and/or commercially sensitive
23  information.
24    This request does not seek information protected by the attorney-client
25  privilege, the attorney work product doctrine, or other applicable privileges.  To the
26  extent that Mattel contends that it does, Mattel must provide a privilege log.
27    Mattel seeks to limit its production to documents relating to "MGA
28  being supposedly 'locked out' from the 'two main doll hair companies' in or about

1  October 2002." All responsive information is relevant to MGA's unfair competition

2  claims, and Mattel must confirm that it is not withholding documents based on its

3  revision of MGA's request.

4          None of Mattel's improper objections are valid and Mattel is obligated

5  to produce all non-privileged responsive documents in its possession, custody, or

6  control.

7  **MATTEL'S RESPONSE:**

8          This Request seeks information untethered to any claim or defense.

9  MGA objects to Mattel's limitation that it will produce documents related to "MGA

10  being supposedly 'locked out' from the 'two main doll hair companies' in or about

11  October 2002 as alleged in paragraph 78 of the MGA's Complaint" but it provides

12  no argument as to why this limitation is inappropriate. The only allegations it

13  makes regarding a doll hair shortage are for October 2002, and Mattel has offered to

14  provide documents regarding that time period. But there is simply no relevance to

15  later time periods. Indeed, MGA has previously taken the position that documents

16  and communications post-dating the issues in the Complaint are not relevant, but

17  this Request asks for documents regarding voting up through the present. See MGA

18  Parties' Reply In Support of Their Motion to Quash Receiver Subpoenas Issued by

19  Mattel, dated February 13, 2009, at 7 (arguing that MGA's transactions with the

20  Financing Parties were not relevant to Phase 2 because, inter alia, "these events

21  occurred years after [Mattel's] complaint was filed.").[204] The Discovery Master

22  credited this argument in denying Mattel its requested discovery, ruling that Mattel's

23  requests were not reasonably calculated to lead to the discovery of admissible

24  evidence regarding Mattel's RICO counterclaim because the "RICO counterclaim

25  (like the other counterclaims to be adjudicated in Phase 2) was asserted in July,

26

27  [204]  Dart Decl., Exh. 6.

28

1   2007 – more than a year before either Omni 808 Investors, LLC or Vision Capital,

2   LLC came into existence . . . ."  Discovery Matter Order No. 3, dated March 10,

3   2009, at 18.[205]  MGA offers no reason, nor could it consistent with judicial estoppel,

4   why documents post-dating the filing of claims which do not allege continuing

5   wrongdoing are relevant to those claims.  See New Hampshire v. Maine, 532 U.S.

6   742, 749 (2001) ("[W]here a party assumes a certain position in a legal proceeding,

7   and succeeds in maintaining that position, he may not thereafter, simply because his

8   interests have changed, assume a contrary position, especially if it be to the

9   prejudice of the party who has acquiesced in the position formerly taken by him.").

10  Thus, under MGA's own arguments that were accepted by the Discovery Master,

11  the relevant cut-off date could at the latest be April 2005, when MGA filed its

12  Complaint.  MGA provides no argument on the subject, instead unilaterally

13  claiming that "Mattel is required to respond to the request as originally drafted,"

14  despite simultaneously acknowledging that a party may object "to part of a request

15  [and] permit inspection of the rest."  MGA's objection to Mattel's limitation is thus

16  without merit.

17          In any case, Mattel has already produced all relevant non-privileged

18  documents responsive to this Request.  MGA's motion to compel responses to this

19  Request should therefore be denied as moot.

20          There is no basis for overruling Mattel's privilege objection.  MGA's

21  bald assertion that "this request does not seek information protected by the attorney-

22  client privilege, the attorney work product doctrine, or other applicable privileges"

23  has no merit.  Documents discussing a doll hair shortage could very well be subject

24  to a claim of privilege or work product protection.  Moreover, as MGA has itself

25  argued, the parties have agreed that in general "all privileged documents would be

27  [205]  Dart Decl., Exh. 7.

1  logged except for documents created after this action was filed on April 27,

2  2004."[206]  Thus, to the extent privileged documents fall within the post lawsuit time

3  period, they need not be included on Mattel's log.

4         Similarly, MGA states that "Mattel has not attempted to demonstrate

5  why responding to this request and/or producing responsive documents presents any

6  burden." Yet, as MGA knows, the Discovery Master has already placed limits on

7  the searches Mattel must make in producing documents, and this objection is only

8  meant to invoke those issues that have already been settled. See, e.g., Order

9  Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel

10 on all outstanding emails, holding that Mattel has produced all relevant emails and

11 does not need to consult back-up tapes to complete its production). MGA should

12 not be permitted to circumvent prior Orders by seeking to overrule Mattel's

13 objections here.

14         Finally, MGA failed to meet and confer at all, much less in good faith,

15 regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

16 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

17 the moving party shall first identify each dispute, state the relief sought and identify

18 the authority supporting the requested relief in a meet and confer letter that shall be

19 served on all parties by facsimile or electronic mail. The parties shall have five court

20 days from the date of service of that letter to conduct an in-person conference to

21 attempt to resolve the dispute."). At no point during the meet and confer process did

22 the parties discuss this Request or Mattel's response to it.[207]  In order to engage in a

23 meaningful meet and confer, MGA had the burden to show the relevance of any

24

25     [206]   See Order Denying Mattel's Motion for Protective Order Limiting the

26  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

27  3.
       [207]   See Webster Decl., ¶¶ 6-20.

28

1   requests it sought to move on.[208]   Because MGA refused to even attempt to make

2   this showing, there was no possibility of a good faith meet and confer to resolve the

3   parties' disputes.  The Discovery Master should deny MGA's motion with respect to

4   this Request on that grounds alone.

5   **REQUEST FOR PRODUCTION NO. 45:**

6           All DOCUMENTS REFERRING OR RELATING TO MATTEL's

7   purchase of doll hair, at any time since June 2001.

8   **RESPONSE TO REQUEST NO. 45:**

9           In addition to the general objections stated above which are

10  incorporated herein by reference, Mattel objects to this Request on the grounds that

11  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

12  documents on this subject regardless of whether such documents relate to products

13  or matters at issue in this case.  Mattel further objects to the Request on the grounds

14  that it seeks documents that are not relevant to this action or likely to lead to the

15  discovery of admissible evidence.  Mattel further objects to this Request on the

16  grounds that it seeks confidential, proprietary and trade secret information that has

17  no bearing on the claims or defenses in this case.  Mattel further objects to this

18  Request on the grounds that it calls for the disclosure of information subject to the

19  attorney-client privilege, the attorney work-product doctrine and other applicable

20  privileges.

21          Subject to and without waiving the foregoing general and specific

22  objections, and to the extent not already produced, Mattel will produce responsive,

23  non-privileged documents in its possession, custody or control, if any, that it can

24  locate after a reasonable, good faith search relating to MGA being supposedly

25  ───────────────

26  [208]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  "locked out" from the "two main doll hair companies" in or about October 2002 as
2  alleged in paragraph 78 of the MGA's Complaint.
3  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
4  **TO SHOULD BE COMPELLED**
5          Mattel has not agreed to produce documents responsive to this request,
6  and has instead offered only to provide the same information as in response to
7  MGA's Request for Production No. 44, subject to its improper boilerplate
8  objections.  Mattel has refused to confirm whether or not it has produced all non-
9  privileged responsive documents or whether it is withholding documents based on
10 its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection
11 to part of a request must specify the part and permit inspection of the rest."  Fed. R.
12 Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection
13 with specificity are routinely rejected in the Central District.  See A. Farber and
14 Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or
15 boilerplate objections such as 'overly burdensome and harassing' are improper –
16 especially when a party fails to submit any evidentiary declarations supporting such
17 objections").  Accordingly, Mattel must be compelled either to certify that it has
18 produced all non-privileged responsive documents or to produce all such documents
19 by a date certain.
20          To the extent that Mattel is relying on its blanket objections, they are
21 not sustainable and do not justify Mattel's failure to produce documents.
22          As to overbreadth, Mattel provides no explanation, let alone the
23 required particularity, as to *why* this request is supposedly overly broad, nor can it
24 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
25 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
26 contrary, the request is narrowly tailored to seek documents relating to Mattel's
27 purchase of doll hair since June 2001, which is directly relevant to MGA's unfair
28 competition claims.

1    As to burden, Mattel has not attempted to demonstrate why responding
2    to this request and/or producing responsive documents presents any burden. This
3    objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
4    173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
5    request is unduly burdensome must allege specific facts which indicate the nature
6    and extent of the burden, usually by affidavit or other reliable evidence.")
7    Moreover, it is not unduly burdensome, as noted above, in that the request is
8    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
9    has engaged in a broad variety of unfair trade practices, including intentionally
10   locking MGA out of the doll hair market, and MGA is entitled to discovery on these
11   claims.

12   Mattel seeks to limit its production to documents relating to "MGA
13   being supposedly 'locked out' from the 'two main doll hair companies' in or about
14   October 2002."  All responsive information is relevant to MGA's unfair competition
15   claims, and Mattel must confirm that it is not withholding documents based on its
16   revision of MGA's request.

17   This request does not seek information protected by the attorney-client
18   privilege, the attorney work product doctrine, or other applicable privileges.  To the
19   extent that Mattel contends that it does, Mattel must provide a privilege log.

20   None of Mattel's improper objections are valid and Mattel is obligated
21   to produce all non-privileged responsive documents in its possession, custody, or
22   control.

23   **MATTEL'S RESPONSE:**

24   This Request seeks information untethered to any claim or defense.
25   MGA objects to Mattel's limitation that it will produce documents related to "MGA
26   being supposedly 'locked out' from the 'two main doll hair companies' in or about
27   October 2002 as alleged in paragraph 78 of the MGA's Complaint" but it provides
28   no argument as to why this limitation is inappropriate.  The only allegations it

1  makes regarding a doll hair shortage are for October 2002, and Mattel has offered to

2  provide documents regarding that time period.  But there is simply no relevance to

3  later time periods.  Indeed, MGA has previously taken the position that documents

4  and communications post-dating the issues in the Complaint are not relevant, but

5  this Request asks for documents regarding voting up through the present.  See MGA

6  Parties' Reply In Support of Their Motion to Quash Receiver Subpoenas Issued by

7  Mattel, dated February 13, 2009, at 7 (arguing that MGA's transactions with the

8  Financing Parties were not relevant to Phase 2 because, inter alia, "these events

9  occurred years after [Mattel's] complaint was filed.").[209]  The Discovery Master

10  credited this argument in denying Mattel its requested discovery, ruling that Mattel's

11  requests were not reasonably calculated to lead to the discovery of admissible

12  evidence regarding Mattel's RICO counterclaim because the "RICO counterclaim

13  (like the other counterclaims to be adjudicated in Phase 2) was asserted in July,

14  2007 – more than a year before either Omni 808 Investors, LLC or Vision Capital,

15  LLC came into existence . . . ."  Discovery Matter Order No. 3, dated March 10,

16  2009, at 18.[210]  MGA offers no reason, nor could it consistent with judicial estoppel,

17  why documents post-dating the filing of claims which do not allege continuing

18  wrongdoing are relevant to those claims.  See New Hampshire v. Maine, 532 U.S.

19  742, 749 (2001) ("[W]here a party assumes a certain position in a legal proceeding,

20  and succeeds in maintaining that position, he may not thereafter, simply because his

21  interests have changed, assume a contrary position, especially if it be to the

22  prejudice of the party who has acquiesced in the position formerly taken by him.").

23  Thus, under MGA's own arguments that were accepted by the Discovery Master,

24  the relevant cut-off date could at the latest be April 2005, when MGA filed its

25  Complaint.  MGA provides no argument on the subject, instead unilaterally

26

27  [209]  Dart Decl., Exh. 6.

28

1 | claiming that "Mattel is required to respond to the request as originally drafted,"
2 | despite simultaneously acknowledging that a party may object "to part of a request
3 | [and] permit inspection of the rest."  MGA's objection to Mattel's limitation is thus
4 | without merit.

5 |         In any case, Mattel has already produced all relevant non-privileged
6 | documents responsive to this Request.  MGA's motion to compel responses to this
7 | Request should therefore be denied as moot.

8 |         There is no basis for overruling Mattel's privilege objection.  MGA's
9 | bald assertion that "this request does not seek information protected by the attorney-
10 | client privilege, the attorney work product doctrine, or other applicable privileges"
11 | has no merit.  Documents discussing a doll hair shortage could very well be subject
12 | to a claim of privilege or work product protection.  Moreover, as MGA has itself
13 | argued, the parties have agreed that in general "all privileged documents would be
14 | logged except for documents created after this action was filed on April 27,
15 | 2004."[211]  Thus, to the extent privileged documents fall within the post lawsuit time
16 | period, they need not be included on Mattel's log.

17 |         Similarly, MGA states that "Mattel has not attempted to demonstrate
18 | why responding to this request and/or producing responsive documents presents any
19 | burden."  Yet, as MGA knows, the Discovery Master has already placed limits on
20 | the searches Mattel must make in producing documents, and this objection is only
21 | meant to invoke those issues that have already been settled.  See, e.g., Order
22 | Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel
23 | on all outstanding emails, holding that Mattel has produced all relevant emails and
24 |

---

25 | [210]  Dart Decl., Exh. 7.
26 | [211]  See Order Denying Mattel's Motion for Protective Order Limiting the
27 | Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.
28 |

1    does not need to consult back-up tapes to complete its production).  MGA should

2    not be permitted to circumvent prior Orders by seeking to overrule Mattel's

3    objections here.

4            Finally, MGA failed to meet and confer at all, much less in good faith,

5    regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

6    Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

7    the moving party shall first identify each dispute, state the relief sought and identify

8    the authority supporting the requested relief in a meet and confer letter that shall be

9    served on all parties by facsimile or electronic mail. The parties shall have five court

10   days from the date of service of that letter to conduct an in-person conference to

11   attempt to resolve the dispute.").  At no point during the meet and confer process did

12   the parties discuss this Request or Mattel's response to it.[212]  In order to engage in a

13   meaningful meet and confer, MGA had the burden to show the relevance of any

14   requests it sought to move on.[213]   Because MGA refused to even attempt to make

15   this showing, there was no possibility of a good faith meet and confer to resolve the

16   parties' disputes.  The Discovery Master should deny MGA's motion with respect to

17   this Request on that grounds alone.

18   **REQUEST FOR PRODUCTION NO. 69:**

19           All television commercials for "MY SCENE" and DOCUMENTS

20   sufficient to identify all personnel involved in the creation of those commercials.

21   **RESPONSE TO REQUEST NO. 69:**

22           In addition to the general objections stated above which are

23   incorporated herein by reference, Mattel objects to this Request on the grounds that

24

25      [212]  See Webster Decl., ¶¶ 6-20.

26      [213]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27   bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
     1390794 at *1 (S.D. Cal. May 14, 2009).

28

00505.07975/3121201.5

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
2 documents on this subject without limitation as to time, and regardless of whether
3 such documents relate to products or matters at issue in this case. Mattel further
4 objects to the Request on the grounds that it seeks documents that are not relevant to
5 this action or likely to lead to the discovery of admissible evidence. Mattel further
6 objects to this Request on the grounds that it seeks confidential, proprietary and
7 trade secret information that has no bearing on the claims or defenses in this case.
8 Mattel further objects to this Request on the grounds that it calls for the disclosure
9 of information subject to the attorney-client privilege, the attorney work-product
10 doctrine and other applicable privileges.

11 Subject to and without waiving the foregoing general and specific
12 objections, and to the extent not already produced, Mattel will produce television
13 commercials in its possession, custody or control, if any, that it can locate after a
14 reasonable, good faith search relating to the aspects of the MY SCENE products that
15 MGA has alleged are infringing as well as documents in its possession, custody or
16 control, if any, that it can locate after a reasonable, good faith search sufficient to
17 identify the persons principally responsible for the creation of such commercials.

18 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
19 **TO SHOULD BE COMPELLED**

20 Mattel has improperly limited its agreement to produce documents in
21 response to this request, subject to its improper boilerplate objections. Mattel has
22 refused to confirm whether or not it has produced all non-privileged responsive
23 documents or whether it is withholding documents based on its objections in Phase
24 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
25 must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
26 Generic objections that fail to explain the basis for an objection with specificity are
27 routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber,
28 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

1 │ 'overly burdensome and harassing' are improper – especially when a party fails to

2 │ submit any evidentiary declarations supporting such objections"). Accordingly,

3 │ Mattel must be compelled either to certify that it has produced all non-privileged

4 │ responsive documents or to produce all such documents by a date certain.

5 │       To the extent that Mattel is relying on its blanket objections, they are

6 │ not sustainable and do not justify Mattel's failure to produce documents.

7 │       As to overbreadth, Mattel provides no explanation, let alone the

8 │ required particularity, as to *why* this request is supposedly overly broad, nor can it

9 │ do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

10 │ 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

11 │ contrary, the request is narrowly tailored to seek television commercials for "MY

12 │ SCENE" and documents sufficient to identify the personnel involved creating those

13 │ commercials.

14 │       As to burden, Mattel has not attempted to demonstrate why responding

15 │ to this request and/or producing responsive documents presents any burden. This

16 │ objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

17 │ 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18 │ request is unduly burdensome must allege specific facts which indicate the nature

19 │ and extent of the burden, usually by affidavit or other reliable evidence.")

20 │ Moreover, it is not unduly burdensome, as noted above, in that the request is

21 │ narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

22 │ has engaged in a broad variety of unfair trade practices, including the copying of,

23 │ and interference with, MGA's advertising. MGA is entitled to discovery on these

24 │ claims.

25 │       This request does not seek documents protected by the attorney-client

26 │ privilege, the attorney work product doctrine, or other applicable privileges. To the

27 │ extent that Mattel contends that it does, Mattel must provide a privilege log.

28 │

1    Mattel objects that the request contains confidential, proprietary and

2  trade secret information.  A Protective Order exists in this case, obviating any

3  concern as to protection of privacy rights and/or commercially sensitive

4  information.

5    Mattel also objects to this request on relevance grounds.  MGA has

6  alleged claims of unfair competition based on Mattel's copying of, and interference

7  with, MGA's advertising.  As such, the television commercials and the identity of

8  individuals who created those commercials are highly relevant and likely to lead to

9  the discovery of admissible evidence.

10    Mattel has also improperly limited its agreement to produce by

11  redefining the scope of MGA's request.  Subject to its objections, Mattel has only

12  agreed to produce television commercials related to certain aspects of "MY

13  SCENE" products and documents sufficient to identify the persons "*principally*"

14  responsible for creating those commercials.  Mattel is required to respond to the

15  request as originally drafted by MGA and may not unilaterally narrow and rewrite

16  MGA's requests.

17    None of Mattel's improper objections are valid and Mattel is obligated

18  to produce all non-privileged responsive documents in its possession, custody, or

19  control.

20  **MATTEL'S RESPONSE:**

21    MGA objects to Mattel's limitation that it will produce documents

22  related to "the aspects of the MY SCENE products that MGA has accused of

23  infringement," but it provides no argument as to why this limitation is inappropriate.

24  Indeed, the parties previously agreed on the scope of these Requests and Mattel's

25  limitations.[214]

26

27  [214]   June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

28

1    There is simply no relevance to aspects of MY SCENE to which MGA
2    has made no allegations of copying.  MGA provides no argument on the subject,
3    instead unilaterally claiming that "Mattel is required to respond to the request as
4    originally drafted," despite simultaneously acknowledging that a party may object
5    "to part of a request [and] permit inspection of the rest."  MGA's objection to
6    Mattel's limitation is thus without merit.
7    Moreover, this Request seeks information relating to products and
8    themes that MGA has never alleged were infringed.  Numerous Bratz and MY
9    SCENE dolls have been released since MGA filed its complaint, and thus cannot
10   have been alleged to have been the subject of its trade dress claims for the simple
11   reason that they did not yet exist.  Indeed, MGA has previously taken the position
12   that documents and communications post-dating the issues in the Complaint are not
13   relevant.  See MGA Parties' Reply In Support of Their Motion to Quash Receiver
14   Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing that MGA's
15   transactions with the Financing Parties were not relevant to Phase 2 because, inter
16   alia, "these events occurred years after [Mattel's] complaint was filed.").[215]  The
17   Discovery Master credited this argument in denying Mattel its requested discovery,
18   ruling that Mattel's requests were not reasonably calculated to lead to the discovery
19   of admissible evidence regarding Mattel's RICO counterclaim because the "RICO
20   counterclaim (like the other counterclaims to be adjudicated in Phase 2) was
21   asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or
22   Vision Capital, LLC came into existence . . . ."  Discovery Matter Order No. 3,
23   dated March 10, 2009, at 18.[216]  MGA offers no reason, nor could it consistent with
24   judicial estoppel, why documents post-dating the filing of claims which do not
25   allege continuing wrongdoing are relevant to those claims.  See New Hampshire v.
26
27   [215]  Dart Decl., Exh. 6.
28

1  Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a

2  legal proceeding, and succeeds in maintaining that position, he may not thereafter,

3  simply because his interests have changed, assume a contrary position, especially if

4  it be to the prejudice of the party who has acquiesced in the position formerly taken

5  by him."). Thus, under MGA's own arguments that were accepted by the Discovery

6  Master, the relevant cut-off date for discovery is April 2005, when MGA filed its

7  Complaint.

8          Further, contrary to MGA's statement that Mattel will not confirm that

9  it has produced non-privileged documents, if MGA had met and conferred on these

10  issues, it would have learned that Mattel has already produced all relevant non-

11  privileged documents responsive to this Request.  Indeed, to date Mattel has already

12  produced over 350,000 pages regarding MY SCENE, without limitation by theme or

13  doll, including documents related to its design and development, packaging,

14  advertising, marketing, testing, themes, sales planning, manufacturing and

15  production, among others.[217]  MGA has not provided any basis for asserting that this

16  production is incomplete.  MGA's motion to compel responses to this Request

17  should therefore be denied as moot.

18          There is no basis for overruling Mattel's privilege objection.  MGA's

19  bald assertion that "this request does not seek information protected by the attorney-

20  client privilege, the attorney work product doctrine, or other applicable privileges"

21  has no merit.  Documents discussing MY SCENE could very well be subject to a

22  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

23  the parties have agreed that in general "all privileged documents would be logged

24

25

26

27  [216]  Dart Decl., Exh. 7.
    [217]  Webster Decl., ¶ 24.

28

1  except for documents created after this action was filed on April 27, 2004."[218]  Thus,

2  to the extent privileged documents fall within the post lawsuit time period, they need

3  not be included on Mattel's log.

4          Similarly, despite the Parties' prior agreement on the scope of this

5  Request, MGA states that "Mattel has not attempted to demonstrate why responding

6  to this request and/or producing responsive documents presents any burden." Yet,

7  as MGA knows, the Discovery Master has already placed limits on the searches

8  Mattel must make in producing documents. See, e.g., Order Denying MGA's

9  Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

10 outstanding emails, holding that Mattel has produced all relevant emails and does

11 not need to consult back-up tapes to complete its production).  Moreover,

12 determining every last person who may have, for example, made a stray comment

13 regarding a commercial would be unduly burdensome.  MGA should not be

14 permitted to circumvent prior Orders by seeking to overrule Mattel's objections

15 here.

16         Finally, MGA failed to meet and confer at all, much less in good faith,

17 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

18 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

19 the moving party shall first identify each dispute, state the relief sought and identify

20 the authority supporting the requested relief in a meet and confer letter that shall be

21 served on all parties by facsimile or electronic mail. The parties shall have five court

22 days from the date of service of that letter to conduct an in-person conference to

23 attempt to resolve the dispute.").  At no point during the meet and confer process did

24

25

_____

26 [218]  See Order Denying Mattel's Motion for Protective Order Limiting the
27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.

28

1  the parties discuss this Request or Mattel's response to it.[219]   In order to engage in a

2  meaningful meet and confer, MGA had the burden to show the relevance of any

3  requests it sought to move on.[220]   Because MGA refused to even attempt to make

4  this showing, there was no possibility of a good faith meet and confer to resolve the

5  parties' disputes.   The Discovery Master should deny MGA's motion with respect to

6  this Request on that grounds alone.

7  **REQUEST FOR PRODUCTION NO. 70:**

8          All studies, analyses, presentations or investigations, including internal

9  studies, analyses, presentations or investigations, REFERRING OR RELATING TO

10 actual or potential market competition between "MY SCENE" and "BRATZ."

11 **RESPONSE TO REQUEST NO. 70:**

12          In addition to the general objections stated above which are

13 incorporated herein by reference, Mattel objects to this Request on the grounds that

14 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

15 documents on this subject without limitation as to time, and regardless of whether

16 such documents relate to products or matters at issue in this case.  Mattel further

17 objects to the Request on the grounds that it seeks documents that are not relevant to

18 this action or likely to lead to the discovery of admissible evidence.  Mattel further

19 objects to this Request on the grounds that it seeks confidential, proprietary and

20 trade secret information that has no bearing on the claims or defenses in this case.

21 Mattel further objects to this Request on the grounds that it calls for the disclosure

22 of information subject to the attorney-client privilege, the attorney work-product

23 doctrine and other applicable privileges.

24

25      [219]  See Webster Decl., ¶¶ 6-20.

26      [220]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
   bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
27 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1    Subject to and without waiving the foregoing general and specific
2    objections, and to the extent not already produced, Mattel will produce responsive,
3    non-privileged documents in its possession, custody or control, if any, that it can
4    locate after a reasonable, good faith search comparing the market competition
5    between, on the one hand, the aspects of the Bratz products that MGA has alleged
6    were infringed and, on the other hand, the aspects of the MY SCENE products that
7    MGA has accused of infringement.

8    **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9    **TO SHOULD BE COMPELLED**

10   Mattel has improperly limited its agreement to produce documents in
11   response to this request, subject to its improper boilerplate objections. Mattel has
12   refused to confirm whether or not it has produced all non-privileged responsive
13   documents or whether it is withholding documents based on its objections or
14   limitation in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to
15   part of a request must specify the part and permit inspection of the rest." Fed. R.
16   Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection
17   with specificity are routinely rejected in the Central District. See A. Farber and
18   Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or
19   boilerplate objections such as 'overly burdensome and harassing' are improper –
20   especially when a party fails to submit any evidentiary declarations supporting such
21   objections"). Accordingly, Mattel must be compelled either to certify that it has
22   produced all non-privileged responsive documents or to produce all such documents
23   by a date certain.

24   To the extent that Mattel is relying on its blanket objections, they are
25   not sustainable and do not justify Mattel's failure to produce documents.

26   As to overbreadth, Mattel provides no explanation, let alone the
27   required particularity, as to *why* this request is supposedly overly broad, nor can it
28   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

00505.07975/3121201.5

-220-

1  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2  contrary, the request is narrowly tailored to seek documents concerning market

3  competition between "MY SCENE" and "BRATZ."

4         As to burden, Mattel has not attempted to demonstrate why responding

5  to this request and/or producing responsive documents presents any burden.  This

6  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

7  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8  request is unduly burdensome must allege specific facts which indicate the nature

9  and extent of the burden, usually by affidavit or other reliable evidence.")

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

12  has engaged in a broad variety of unfair trade practices including serial copying of

13  MGA products and trade dress infringement.  MGA is entitled to discovery on these

14  claims.

15         This request does not seek documents protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges.  To the

17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18         Mattel objects that the request contains confidential, proprietary and

19  trade secret information.  A Protective Order exists in this case, obviating any

20  concern as to protection of privacy rights and/or commercially sensitive

21  information.

22         As for relevancy, Mattel has not attempted to demonstrate why the

23  information sought in response to this request is not discoverable in Phase 2 .  On

24  the contrary, MGA has an unfair competition claim based on Mattel's serial copying

25  of MGA products, including its "BRATZ" product line, packaging, themes,

26  accessories, and advertising.  Mattel's "MY SCENE" is an example of one such

27  accused Mattel product line.  Documents related to actual or potential market

28

1  competition between "MY SCENE" and "BRATZ," or lack thereof, are highly

2  relevant to MGA's claims and are discoverable in Phase 2.

3         Mattel limits its response to documents "comparing the market

4  competition between, on the one hand, the aspects of the Bratz products that MGA

5  has alleged were infringed and, on the other hand, the aspects of the MY SCENE

6  products that MGA has accused of infringement" Mattel's response includes

7  multiple unjustified limitations.  First, Mattel limits itself to documents "comparing

8  the market competition...."  The request seeks documents "REFERRING OR

9  RELATING TO actual or potential market competition ..."  not just documents

10  comparing the two.  Second, MGA is entitled to discovery on all aspects of these

11  products, not just those aspects that Mattel unilaterally deems at issue.  Further,

12  Mattel's response to this response is nonsensical.  This request seeks documents

13  relating to actual or potential market competition between "MY SCENE" and

14  "BRATZ.  Mattel's response that it will produce documents "comparing the market

15  competition between, on the one hand, the aspects of the Bratz products that MGA

16  has alleged were infringed and, on the other hand, the aspects of the MY SCENE

17  products that MGA has accused of infringement" does not make sense.

18         None of Mattel's improper objections are valid and Mattel is obligated

19  to produce all non-privileged responsive documents in its possession, custody, or

20  control.

21  **MATTEL'S RESPONSE:**

22         MGA objects to Mattel's limitation that it will produce documents

23  "comparing the market competition between, on the one hand, the aspects of the

24  Bratz products that MGA has alleged were infringed and, on the other hand, the

25  aspects of the MY SCENE products that MGA has accused of infringement," but it

26  provides no argument as to why this limitation is inappropriate.  There is simply no

27  relevance to the competition among dolls that MGA does not allege were copies or

28  infringing.  MGA's objection to Mattel's limitation is thus without merit.

Moreover, this Request seeks information relating to products and themes that MGA has never alleged were infringed. Numerous Bratz and MY SCENE dolls have been released since MGA filed its complaint, and thus cannot have been alleged to have been the subject of its trade dress claims for the simple reason that they did not yet exist. Indeed, MGA has previously taken the position that documents and communications post-dating the issues in the Complaint are not relevant. <u>See</u> MGA Parties' Reply In Support of Their Motion to Quash Receiver Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing that MGA's transactions with the Financing Parties were not relevant to Phase 2 because, inter alia, "these events occurred years after [Mattel's] complaint was filed.").[221] The Discovery Master credited this argument in denying Mattel its requested discovery, ruling that Mattel's requests were not reasonably calculated to lead to the discovery of admissible evidence regarding Mattel's RICO counterclaim because the "RICO counterclaim (like the other counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or Vision Capital, LLC came into existence . . . ." Discovery Matter Order No. 3, dated March 10, 2009, at 18.[222] MGA offers no reason, nor could it consistent with judicial estoppel, why documents post-dating the filing of claims which do not allege continuing wrongdoing are relevant to those claims. <u>See</u> <u>New Hampshire v.</u> <u>Maine</u>, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."). Thus, under MGA's own arguments that were accepted by the Discovery

---

[221] Dart Decl., Exh. 6.
[222] Dart Decl., Exh. 7.

1  Master, the relevant cut-off date for discovery is April 2005, when MGA filed its

2  Complaint.

3         Further, contrary to MGA's statement that Mattel will not confirm that

4  it has produced non-privileged documents, if MGA had met and conferred on these

5  issues, it would have learned that Mattel has already produced all relevant non-

6  privileged documents responsive to this Request.  Indeed, to date Mattel has already

7  produced over 350,000 pages regarding MY SCENE, without limitation by theme or

8  doll, including documents related to its design and development, packaging,

9  advertising, marketing, testing, themes, sales planning, manufacturing and

10 production, among others.[223]  MGA has not provided any basis for asserting that this

11 production is incomplete.  MGA's motion to compel responses to this Request

12 should therefore be denied as moot.

13        There is no basis for overruling Mattel's privilege objection.  MGA's

14 bald assertion that "this request does not seek information protected by the attorney-

15 client privilege, the attorney work product doctrine, or other applicable privileges"

16 has no merit.  Documents discussing MY SCENE could very well be subject to a

17 claim of privilege or work product protection.  Moreover, as MGA has itself argued,

18 the parties have agreed that in general "all privileged documents would be logged

19 except for documents created after this action was filed on April 27, 2004."[224]  Thus,

20 to the extent privileged documents fall within the post lawsuit time period, they need

21 not be included on Mattel's log.

22        Similarly, MGA states that "Mattel has not attempted to demonstrate

23 why responding to this request and/or producing responsive documents presents any

24

25    [223]  Webster Decl., ¶ 24.

26    [224]  See Order Denying Mattel's Motion for Protective Order Limiting the

27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

-224-

1   burden." Yet, as MGA knows, the Discovery Master has already placed limits on
2   the searches Mattel must make in producing documents, and this objection is only
3   meant to invoke those issues that have already been settled. See, e.g., Order
4   Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel
5   on all outstanding emails, holding that Mattel has produced all relevant emails and
6   does not need to consult back-up tapes to complete its production). MGA should
7   not be permitted to circumvent prior Orders by seeking to overrule Mattel's
8   objections here.

9          Finally, MGA failed to meet and confer at all, much less in good faith,
10  regarding this Request prior to filing its Motion. See Phase 2 Discovery Master
11  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
12  the moving party shall first identify each dispute, state the relief sought and identify
13  the authority supporting the requested relief in a meet and confer letter that shall be
14  served on all parties by facsimile or electronic mail. The parties shall have five court
15  days from the date of service of that letter to conduct an in-person conference to
16  attempt to resolve the dispute."). At no point during the meet and confer process did
17  the parties discuss this Request or Mattel's response to it.[225] In order to engage in a
18  meaningful meet and confer, MGA had the burden to show the relevance of any
19  requests it sought to move on.[226]   Because MGA refused to even attempt to make
20  this showing, there was no possibility of a good faith meet and confer to resolve the
21  parties' disputes. The Discovery Master should deny MGA's motion with respect to
22  this Request on that grounds alone.

23

24

25  [225]   See Webster Decl., ¶¶ 6-20.
26  [226]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. May 14, 2009).
28

1 | **REQUEST FOR PRODUCTION NO. 71:**

2          All internal studies, analyses, presentations or investigations

3 | REFERRING OR RELATING TO the overall market shares and market position of

4 | "MY SCENE" and "Barbie", from 2001 to the present.

5 | **RESPONSE TO REQUEST NO. 71:**

6          In addition to the general objections stated above which are

7 | incorporated herein by reference, Mattel objects to this Request on the grounds that

8 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

9 | documents on this subject regardless of whether such documents relate to products

10 | or matters at issue in this case. Mattel further objects to the Request on the grounds

11 | that it seeks documents that are not relevant to this action or likely to lead to the

12 | discovery of admissible evidence. Mattel further objects to this Request on the

13 | grounds that it seeks confidential, proprietary and trade secret information that has

14 | no bearing on the claims or defenses in this case. Mattel further objects to this

15 | Request on the grounds that it calls for the disclosure of information subject to the

16 | attorney-client privilege, the attorney work-product doctrine and other applicable

17 | privileges.

18          Subject to and without waiving the foregoing general and specific

19 | objections, and to the extent not already produced, Mattel will produce responsive,

20 | non-privileged documents in its possession, custody or control, if any, that it can

21 | locate after a reasonable, good faith search comparing the market shares between, on

22 | the one hand, the aspects of the Bratz products that MGA has alleged were infringed

23 | and, on the other hand, the aspects of the MY SCENE products that MGA has

24 | accused of infringement.

25 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

26 | **TO SHOULD BE COMPELLED**

27          Mattel has improperly limited its agreement to produce documents in

28 | response to this request, subject to its improper boilerplate objections. Mattel has

00505.07975/3121201.5

-226-

1   refused to confirm whether or not it has produced all non-privileged responsive

2   documents or whether it is withholding documents based on its objections in Phase

3   2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

4   must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).

5   Generic objections that fail to explain the basis for an objection with specificity are

6   routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

7   234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

8   'overly burdensome and harassing' are improper – especially when a party fails to

9   submit any evidentiary declarations supporting such objections").  Accordingly,

10  Mattel must be compelled either to certify that it has produced all non-privileged

11  responsive documents or to produce all such documents by a date certain.

12          To the extent that Mattel is relying on its blanket objections, they are

13  not sustainable and do not justify Mattel's failure to produce documents.

14          As to overbreadth, Mattel provides no explanation, let alone the

15  required particularity, as to *why* this request is supposedly overly broad, nor can it

16  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

17  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

18  contrary, the request is narrowly tailored, both in terms of subject matter and time,

19  to seek documents concerning market share and market position of "MY SCENE"

20  and "Barbie" from 2001 to the present.

21          As to burden, Mattel has not attempted to demonstrate why responding

22  to this request and/or producing responsive documents presents any burden.  This

23  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

24  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

25  request is unduly burdensome must allege specific facts which indicate the nature

26  and extent of the burden, usually by affidavit or other reliable evidence.")

27  Moreover, it is not unduly burdensome, as noted above, in that the request is

28  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

00505.07975/3121201.5

-227-

1   has engaged in a broad variety of unfair trade practices including serial copying of

2   MGA products, dilution, and trade dress infringement.  MGA is entitled to

3   discovery on these claims.

4          This request does not seek documents protected by the attorney-client

5   privilege, the attorney work product doctrine, or other applicable privileges.  To the

6   extent that Mattel contends that it does, Mattel must provide a privilege log.

7          Mattel objects that the request contains confidential, proprietary and

8   trade secret information.  A Protective Order exists in this case, obviating any

9   concern as to protection of privacy rights and/or commercially sensitive

10  information.

11         As for relevancy, Mattel has not attempted to demonstrate why the

12  information sought in response to this request is not discoverable in Phase 2.  On the

13  contrary, MGA has an unfair competition claim based on Mattel's serial copying of

14  MGA products.  Mattel's "MY SCENE" is an example of one such accused Mattel

15  product line.  Documents related to market share and market position of "MY

16  SCENE" and "Barbie" products by Mattel and their success, or lack thereof, are

17  highly relevant to MGA's claims and defenses, including MGA's claims that when

18  Mattel's products began to fail it began to copy MGA's successful products, and are

19  discoverable in Phase 2.

20         Mattel's response to this request is nonsensical.  The request seeks

21  documents related to market shares and market position of "MY SCENE" and

22  "Barbie."  Mattel responds that it "will produce responsive, non-privileged

23  documents ...  comparing the market shares between, on the one hand, the aspects of

24  the Bratz products that MGA has alleged were infringed and, on the other hand, the

25  aspects of the MY SCENE products that MGA has accused of infringement."

26  Mattel's response does not make sense and is non-responsive to this request.  MGA

27  is entitled to all responsive documents without limitation.

28

1    None of Mattel's improper objections are valid and Mattel is obligated

2  to produce all non-privileged responsive documents in its possession, custody, or

3  control.

4  **MATTEL'S RESPONSE:**

5    MGA objects to Mattel's limitation that it will produce documents

6  "comparing the market competition between, on the one hand, the aspects of the

7  Bratz products that MGA has alleged were infringed and, on the other hand, the

8  aspects of the MY SCENE products that MGA has accused of infringement," but it

9  provides no argument as to why this limitation is inappropriate except to say that it

10  is nonsensical.  To the extent MGA has alleged copying or infringement, Mattel has

11  agreed to provide documents regarding market share as to those dolls.  But there is

12  simply no relevance to BARBIE market share, where MGA has made no allegations

13  of copying.   MGA's objection to Mattel's limitation is thus without merit.

14    Moreover, this Request seeks information relating to products and

15  themes that MGA has never alleged were infringed.  Numerous Bratz and MY

16  SCENE dolls have been released since MGA filed its complaint, and thus cannot

17  have been alleged to have been the subject of its trade dress claims for the simple

18  reason that they did not yet exist.  Indeed, MGA has previously taken the position

19  that documents and communications post-dating the issues in the Complaint are not

20  relevant. See MGA Parties' Reply In Support of Their Motion to Quash Receiver

21  Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing that MGA's

22  transactions with the Financing Parties were not relevant to Phase 2 because, inter

23  alia, "these events occurred years after [Mattel's] complaint was filed.").[227]  The

24  Discovery Master credited this argument in denying Mattel its requested discovery,

25  ruling that Mattel's requests were not reasonably calculated to lead to the discovery

---

[227]  Dart Decl., Exh. 6.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1  of admissible evidence regarding Mattel's RICO counterclaim because the "RICO

2  counterclaim (like the other counterclaims to be adjudicated in Phase 2) was

3  asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or

4  Vision Capital, LLC came into existence . . . ."  Discovery Matter Order No. 3,

5  dated March 10, 2009, at 18.[228]  MGA offers no reason, nor could it consistent with

6  judicial estoppel, why documents post-dating the filing of claims which do not

7  allege continuing wrongdoing are relevant to those claims.  See New Hampshire v.

8  Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a

9  legal proceeding, and succeeds in maintaining that position, he may not thereafter,

10  simply because his interests have changed, assume a contrary position, especially if

11  it be to the prejudice of the party who has acquiesced in the position formerly taken

12  by him.").  Thus, under MGA's own arguments that were accepted by the Discovery

13  Master, the relevant cut-off date for discovery is April 2005, when MGA filed its

14  Complaint.

15         Further, contrary to MGA's statement that Mattel will not confirm that

16  it has produced non-privileged documents, if MGA had met and conferred on these

17  issues, it would have learned that Mattel has already produced all relevant non-

18  privileged documents responsive to this Request.  Indeed, to date Mattel has already

19  produced over 350,000 pages regarding MY SCENE, without limitation by theme or

20  doll, including documents related to its design and development, packaging,

21  advertising, marketing, testing, themes, sales planning, manufacturing and

22  production, among others.[229]  MGA has not provided any basis for asserting that this

23  production is incomplete.  MGA's motion to compel responses to this Request

24  should therefore be denied as moot.

25

26

27   [228]  Dart Decl., Exh. 7.
     [229]  Webster Decl., ¶ 24.

28

1    There is no basis for overruling Mattel's privilege objection.  MGA's
2 bald assertion that "this request does not seek information protected by the attorney-
3 client privilege, the attorney work product doctrine, or other applicable privileges"
4 has no merit.  Documents discussing MY SCENE could very well be subject to a
5 claim of privilege or work product protection.  Moreover, as MGA has itself argued,
6 the parties have agreed that in general "all privileged documents would be logged
7 except for documents created after this action was filed on April 27, 2004."[230]  Thus,
8 to the extent privileged documents fall within the post lawsuit time period, they need
9 not be included on Mattel's log.

10    Similarly, MGA states that "Mattel has not attempted to demonstrate
11 why responding to this request and/or producing responsive documents presents any
12 burden."  Yet, as MGA knows, the Discovery Master has already placed limits on
13 the searches Mattel must make in producing documents, and this objection is only
14 meant to invoke those issues that have already been settled.  See, e.g., Order
15 Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel
16 on all outstanding emails, holding that Mattel has produced all relevant emails and
17 does not need to consult back-up tapes to complete its production).  MGA should
18 not be permitted to circumvent prior Orders by seeking to overrule Mattel's
19 objections here.

20    Finally, MGA failed to meet and confer at all, much less in good faith,
21 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
22 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
23 the moving party shall first identify each dispute, state the relief sought and identify
24 the authority supporting the requested relief in a meet and confer letter that shall be

25 _____

26    [230]  See Order Denying Mattel's Motion for Protective Order Limiting the
27 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1   served on all parties by facsimile or electronic mail. The parties shall have five court

2   days from the date of service of that letter to conduct an in-person conference to

3   attempt to resolve the dispute."). At no point during the meet and confer process did

4   the parties discuss this Request or Mattel's response to it.[231]  In order to engage in a

5   meaningful meet and confer, MGA had the burden to show the relevance of any

6   requests it sought to move on.[232]  Because MGA refused to even attempt to make

7   this showing, there was no possibility of a good faith meet and confer to resolve the

8   parties' disputes. The Discovery Master should deny MGA's motion with respect to

9   this Request on that grounds alone.

10  **REQUEST FOR PRODUCTION NO. 72:**

11          All studies, analyses, presentations or investigations of the target

12  audience, age groups, market share, or projections for "MY SCENE."

13  **RESPONSE TO REQUEST NO. 72:**

14          In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17  documents on this subject without limitation as to time, and regardless of whether

18  such documents relate to products or matters at issue in this case. Mattel further

19  objects to the Request on the grounds that it seeks documents that are not relevant to

20  this action or likely to lead to the discovery of admissible evidence. Mattel further

21  objects to this Request on the grounds that it seeks confidential, proprietary and

22  trade secret information that has no bearing on the claims or defenses in this case.

23  Mattel further objects to this Request on the grounds that it calls for the disclosure

24

25     [231]  See Webster Decl., ¶¶ 6-20.

26     [232]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, and to the extent not already produced, Mattel will produce responsive, non-privileged documents in its possession, custody or control, if any, that it can locate after a reasonable, good faith search relating to the aspects of the MY SCENE products that MGA has accused of infringement.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to this request, subject to its improper boilerplate objections. Mattel has refused to confirm whether or not it has produced all non-privileged responsive documents or whether it is withholding documents based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

1  contrary, the request is narrowly tailored to seek documents concerning target

2  audience, age groups, market share or projections of "MY SCENE."

3  　　　　　　As to burden, Mattel has not attempted to demonstrate why responding

4  to this request and/or producing responsive documents presents any burden.  This

5  objection must therefore be rejected.  <u>See</u> <u>Jackson v. Montgomery Ward & Co., Inc.,</u>

6  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7  request is unduly burdensome must allege specific facts which indicate the nature

8  and extent of the burden, usually by affidavit or other reliable evidence.")

9  Moreover, it is not unduly burdensome, as noted above, in that the request is

10  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11  has engaged in a broad variety of unfair trade practices including serial copying of

12  MGA products.  MGA is entitled to discovery on these claims.

13  　　　　　　This request does not seek documents protected by the attorney-client

14  privilege, the attorney work product doctrine, or other applicable privileges.  To the

15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16  　　　　　　Mattel objects that the request contains confidential, proprietary and

17  trade secret information.  A Protective Order exists in this case, obviating any

18  concern as to protection of privacy rights and/or commercially sensitive

19  information.

20  　　　　　　As for relevancy, Mattel has not attempted to demonstrate why the

21  information sought in response to this request is not discoverable in Phase 2.  On the

22  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

23  product lines, including it various dolls, packaging, themes, accessories, and

24  advertising.  Mattel's "MY SCENE" is an example of one such accused Mattel

25  product line.  Documents related to the target audience, age groups, market share or

26  projections of "MY SCENE" products by Mattel and their success, or lack thereof,

27  are highly relevant to MGA's claims and discoverable in Phase 2.

28

1        Mattel limits its response to "aspects of the MY SCENE products that

2    MGA has accused of infringement." Such a limitation is unjustified. MGA has

3    brought a false designation of origin claim that includes trade dress infringement.

4    MGA has also brought an unfair competition claim based on Mattel's serial copying

5    of MGA's products. MGA is entitled to discovery on all aspects of these products

6    under these claims, not just those aspects that Mattel unilaterally deems at issue.

7        None of Mattel's improper objections are valid and Mattel is obligated

8    to produce all non-privileged responsive documents in its possession, custody, or

9    control.

10   **MATTEL'S RESPONSE:**

11       MGA objects to Mattel's limitation that it will produce documents

12   related to "the aspects of the MY SCENE products that MGA has accused of

13   infringement," but it provides no argument as to why this limitation is inappropriate.

14   Indeed, the parties previously agreed on the scope of these Requests and Mattel's

15   limitations.[233]

16       There is simply no relevance to aspects of MY SCENE to which MGA

17   has made no allegations of copying. MGA provides no argument on the subject,

18   instead unilaterally claiming that "Mattel is required to respond to the request as

19   originally drafted," despite simultaneously acknowledging that a party may object

20   "to part of a request [and] permit inspection of the rest." MGA's objection to

21   Mattel's limitation is thus without merit.

22       Moreover, this Request seeks information relating to products and

23   themes that MGA has never alleged were infringed. Numerous Bratz and MY

24   SCENE dolls have been released since MGA filed its complaint, and thus cannot

25   have been alleged to have been the subject of its trade dress claims for the simple

26

27   [233]   June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

28

-235-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1    reason that they did not yet exist.  Indeed, MGA has previously taken the position

2    that documents and communications post-dating the issues in the Complaint are not

3    relevant.  See MGA Parties' Reply In Support of Their Motion to Quash Receiver

4    Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing that MGA's

5    transactions with the Financing Parties were not relevant to Phase 2 because, inter

6    alia, "these events occurred years after [Mattel's] complaint was filed.").[234]  The

7    Discovery Master credited this argument in denying Mattel its requested discovery,

8    ruling that Mattel's requests were not reasonably calculated to lead to the discovery

9    of admissible evidence regarding Mattel's RICO counterclaim because the "RICO

10   counterclaim (like the other counterclaims to be adjudicated in Phase 2) was

11   asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or

12   Vision Capital, LLC came into existence . . . ."  Discovery Matter Order No. 3,

13   dated March 10, 2009, at 18.[235]  MGA offers no reason, nor could it consistent with

14   judicial estoppel, why documents post-dating the filing of claims which do not

15   allege continuing wrongdoing are relevant to those claims.  See New Hampshire v.

16   Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a

17   legal proceeding, and succeeds in maintaining that position, he may not thereafter,

18   simply because his interests have changed, assume a contrary position, especially if

19   it be to the prejudice of the party who has acquiesced in the position formerly taken

20   by him.").  Thus, under MGA's own arguments that were accepted by the Discovery

21   Master, the relevant cut-off date for discovery is April 2005, when MGA filed its

22   Complaint.

23           Further, contrary to MGA's statement that Mattel will not confirm that

24   it has produced non-privileged documents, if MGA had met and conferred on these

25   issues, it would have learned that Mattel has already produced all relevant non-

26

27   [234]   Dart Decl., Exh. 6.

28

1  privileged documents responsive to this Request. Indeed, to date Mattel has already

2  produced over 350,000 pages regarding MY SCENE, without limitation by theme or

3  doll, including documents related to its design and development, packaging,

4  advertising, marketing, testing, themes, sales planning, manufacturing and

5  production, among others.[236] MGA has not provided any basis for asserting that this

6  production is incomplete. MGA's motion to compel responses to this Request

7  should therefore be denied as moot.

8         There is no basis for overruling Mattel's privilege objection. MGA's

9  bald assertion that "this request does not seek information protected by the attorney-

10  client privilege, the attorney work product doctrine, or other applicable privileges"

11  has no merit. Documents discussing MY SCENE could very well be subject to a

12  claim of privilege or work product protection. Moreover, as MGA has itself argued,

13  the parties have agreed that in general "all privileged documents would be logged

14  except for documents created after this action was filed on April 27, 2004."[237] Thus,

15  to the extent privileged documents fall within the post lawsuit time period, they need

16  not be included on Mattel's log.

17         Similarly, despite the Parties' prior agreement on the scope of this

18  Request, MGA states that "Mattel has not attempted to demonstrate why responding

19  to this request and/or producing responsive documents presents any burden." Yet,

20  as MGA knows, the Discovery Master has already placed limits on the searches

21  Mattel must make in producing documents, and this objection is only meant to

22  invoke those issues that have already been settled. See, e.g., Order Denying MGA's

23  Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

24

25

26

27  [235] Dart Decl., Exh. 7.

28  [236] Webster Decl., ¶ 24.

1   outstanding emails, holding that Mattel has produced all relevant emails and does

2   not need to consult back-up tapes to complete its production).  MGA should not be

3   permitted to circumvent prior Orders by seeking to overrule Mattel's objections

4   here.

5          Finally, MGA failed to meet and confer at all, much less in good faith,

6   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

7   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

8   the moving party shall first identify each dispute, state the relief sought and identify

9   the authority supporting the requested relief in a meet and confer letter that shall be

10  served on all parties by facsimile or electronic mail. The parties shall have five court

11  days from the date of service of that letter to conduct an in-person conference to

12  attempt to resolve the dispute.").  At no point during the meet and confer process did

13  the parties discuss this Request or Mattel's response to it.[238]  In order to engage in a

14  meaningful meet and confer, MGA had the burden to show the relevance of any

15  requests it sought to move on.[239]  Because MGA refused to even attempt to make

16  this showing, there was no possibility of a good faith meet and confer to resolve the

17  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

18  this Request on that grounds alone.

19  **REQUEST FOR PRODUCTION NO. 73:**

20          All studies, analyses, presentations or investigations of the target

21  audience, age groups, market share, or projections for "BRATZ."

22

23  [237]  See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25  3.

    [238]  See Webster Decl., ¶¶ 6-20.

26  [239]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

    1390794 at *1 (S.D. Cal. May 14, 2009).

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

**RESPONSE TO REQUEST NO. 73:**

In addition to the general objections stated above which are
incorporated herein by reference, Mattel objects to this Request on the grounds that
it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
documents on this subject without limitation as to time, and regardless of whether
such documents relate to products or matters at issue in this case. Mattel further
objects to the Request on the grounds that it seeks documents that are not relevant to
this action or likely to lead to the discovery of admissible evidence. Mattel further
objects to this Request on the grounds that it seeks confidential, proprietary and
trade secret information that has no bearing on the claims or defenses in this case.
Mattel further objects to this Request on the grounds that it calls for the disclosure
of information subject to the attorney-client privilege, the attorney work-product
doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific
objections, and to the extent not already produced, Mattel will produce responsive,
non-privileged documents in its possession, custody or control, if any, that it can
locate after a reasonable, good faith search relating to the aspects of the Bratz
products that MGA has alleged were infringed.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE
TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in
response to this request, subject to its improper boilerplate objections. Mattel has
refused to confirm whether or not it has produced all non-privileged responsive
documents or whether it is withholding documents based on its objections in Phase
2. Under the Federal Rules of Civil Procedure, "an objection to part of a request
must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).
Generic objections that fail to explain the basis for an objection with specificity are
routinely rejected in the Central District. See <u>A. Farber and Partners, Inc. v. Garber</u>,

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

2  'overly burdensome and harassing' are improper – especially when a party fails to

3  submit any evidentiary declarations supporting such objections").  Accordingly,

4  Mattel must be compelled either to certify that it has produced all non-privileged

5  responsive documents or to produce all such documents by a date certain.

6         To the extent that Mattel is relying on its blanket objections, they are

7  not sustainable and do not justify Mattel's failure to produce documents.

8         As to overbreadth, Mattel provides no explanation, let alone the

9  required particularity, as to *why* this request is supposedly overly broad, nor can it

10  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

11  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

12  contrary, the request is narrowly tailored to seek documents concerning target

13  audience, age groups, market share or projections for "BRATZ."

14         As to burden, Mattel has not attempted to demonstrate why responding

15  to this request and/or producing responsive documents presents any burden.  This

16  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

17  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

18  request is unduly burdensome must allege specific facts which indicate the nature

19  and extent of the burden, usually by affidavit or other reliable evidence.")

20  Moreover, it is not unduly burdensome, as noted above, in that the request is

21  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

22  has engaged in a broad variety of unfair trade practices including serial copying of

23  MGA products, including MGA's "BRATZ" product line.  MGA is entitled to

24  discovery on these claims.

25         This request does not seek documents protected by the attorney-client

26  privilege, the attorney work product doctrine, or other applicable privileges.  To the

27  extent that Mattel contends that it does, Mattel must provide a privilege log.

28

1    Mattel objects that the request contains confidential, proprietary and
2  trade secret information.  A Protective Order exists in this case, obviating any
3  concern as to protection of privacy rights and/or commercially sensitive
4  information.

5    As for relevancy, Mattel has not attempted to demonstrate why the
6  information sought in response to this request is not discoverable in Phase 2.  On the
7  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's
8  product lines, including its "BRATZ line," packaging, themes, accessories, and
9  advertising.  Documents related to studies, analysis or investigations of the target
10 audience, age groups, market share, or projections for "BRATZ" that Mattel has in
11 its possession, custody or control are therefore discoverable in Phase 2 and highly
12 relevant to MGA's claims.

13    Mattel limits its response to "aspects of the BRATZ products that MGA
14 has accused of infringement."  Such a limitation is unjustified.  MGA has brought a
15 false designation of origin claim that includes trade dress infringement.  MGA has
16 also brought an unfair competition claim based on Mattel's serial copying of MGA's
17 products.  MGA is entitled to discovery on all aspects of these under these claims,
18 not just those aspects that Mattel unilaterally deems at issue.

19    None of Mattel's improper objections are valid and Mattel is obligated
20 to produce all non-privileged responsive documents in its possession, custody, or
21 control.

22 **MATTEL'S RESPONSE:**

23    MGA objects to Mattel's limitation that it will produce documents
24 related to "the aspects of the Bratz products that MGA has alleged were infringed,"
25
26
27
28

1   but it provides no argument as to why this limitation is inappropriate.  Indeed, the

2   parties previously agreed on the scope of these Requests and Mattel's limitations.[240]

3              There is simply no relevance to aspects of Bratz to which MGA has

4   made no allegations of copying.  MGA provides no argument on the subject, instead

5   unilaterally claiming that Mattel is required to respond to the request as originally

6   drafted, despite simultaneously acknowledging that a party may object "to part of a

7   request [and] permit inspection of the rest."  MGA's objection to Mattel's limitation

8   is thus without merit.

9              There is no basis for overruling Mattel's privilege objection.  MGA's

10  bald assertion that "this request does not seek information protected by the attorney-

11  client privilege, the attorney work product doctrine, or other applicable privileges"

12  has no merit.  Documents discussing MY SCENE could very well be subject to a

13  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

14  the parties have agreed that in general "all privileged documents would be logged

15  except for documents created after this action was filed on April 27, 2004."[241]  Thus,

16  to the extent privileged documents fall within the post lawsuit time period, they need

17  not be included on Mattel's log.

18             Similarly, despite the Parties' prior agreement on the scope of this

19  Request, MGA states that "Mattel has not attempted to demonstrate why responding

20  to this request and/or producing responsive documents presents any burden."  Yet,

21  as MGA knows, the Discovery Master has already placed limits on the searches

22  Mattel must make in producing documents, and this objection is only meant to

23  invoke those issues that have already been settled.  See, e.g., Order Denying MGA's

24

25  [240]  June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.
26  [241]  See Order Denying Mattel's Motion for Protective Order Limiting the
    Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
27  3.
28

1   Motion to Compel dated April 24, 2008 (denies Motion to Compel on all
2   outstanding emails, holding that Mattel has produced all relevant emails and does
3   not need to consult back-up tapes to complete its production).  MGA should not be
4   permitted to circumvent prior Orders by seeking to overrule Mattel's objections
5   here.

6           Finally, MGA failed to meet and confer at all, much less in good faith,
7   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
8   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
9   the moving party shall first identify each dispute, state the relief sought and identify
10  the authority supporting the requested relief in a meet and confer letter that shall be
11  served on all parties by facsimile or electronic mail. The parties shall have five court
12  days from the date of service of that letter to conduct an in-person conference to
13  attempt to resolve the dispute.").  At no point during the meet and confer process did
14  the parties discuss this Request or Mattel's response to it.[242]  In order to engage in a
15  meaningful meet and confer, MGA had the burden to show the relevance of any
16  requests it sought to move on.[243]  Because MGA refused to even attempt to make
17  this showing, there was no possibility of a good faith meet and confer to resolve the
18  parties' disputes.  The Discovery Master should deny MGA's motion with respect to
19  this Request on that grounds alone.

20  **REQUEST FOR PRODUCTION NO. 74:**

21          DOCUMENTS sufficient to determine total sales, revenue, royalties,
22  costs of goods sold and any other costs attributable to net profits REFERRING OR
23  RELATING TO "MY SCENE."

24

25  [242]  See Webster Decl., ¶¶ 6-20.
26  [243]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. May 14, 2009).
28

1  **RESPONSE TO REQUEST NO. 74:**

2     In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

5  documents on this subject without limitation as to time, and regardless of whether

6  such documents relate to products or matters at issue in this case.  Mattel further

7  objects to the Request on the grounds that it seeks documents that are not relevant to

8  this action or likely to lead to the discovery of admissible evidence.  Mattel further

9  objects to this Request on the grounds that it seeks confidential, proprietary and

10  trade secret information that has no bearing on the claims or defenses in this case.

11  Mattel further objects to this Request on the grounds that it calls for the disclosure

12  of information subject to the attorney-client privilege, the attorney work-product

13  doctrine and other applicable privileges.

14     Subject to and without waiving the foregoing general and specific

15  objections, and to the extent not already produced, Mattel will produce responsive,

16  non-privileged documents in its possession, custody or control, if any, that it can

17  locate after a reasonable, good faith search sufficient to show the overall revenues,

18  sales, costs and net profits of the MY SCENE products that MGA has accused of

19  infringement.

20  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

21  **TO SHOULD BE COMPELLED**

22     Mattel has improperly limited its agreement to produce documents in

23  response to this request, excluding "royalties," subject to its improper boilerplate

24  objections.  Mattel has refused to confirm whether or not it has produced all non-

25  privileged responsive documents or whether it is withholding documents based on

26  its objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection

27  to part of a request must specify the part and permit inspection of the rest."  Fed. R.

28  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

1    with specificity are routinely rejected in the Central District.  See A. Farber and

2    Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

3    boilerplate objections such as 'overly burdensome and harassing' are improper –

4    especially when a party fails to submit any evidentiary declarations supporting such

5    objections").  Accordingly, Mattel must be compelled either to certify that it has

6    produced all non-privileged responsive documents or to produce all such documents

7    by a date certain.

8         To the extent that Mattel is relying on its blanket objections, they are

9    not sustainable and do not justify Mattel's failure to produce documents.

10        As to overbreadth, Mattel provides no explanation, let alone the

11   required particularity, as to *why* this request is supposedly overly broad, nor can it

12   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

13   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

14   contrary, the request is narrowly tailored to seek documents relating to the total

15   sales, revenue, royalties, costs of goods sold and any other costs attributable to net

16   profits associated with Mattel's "MY SCENE" line.

17        As to burden, Mattel has not attempted to demonstrate why responding

18   to this request and/or producing responsive documents presents any burden.  This

19   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co.,

20   Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21   request is unduly burdensome must allege specific facts which indicate the nature

22   and extent of the burden, usually by affidavit or other reliable evidence.")

23   Moreover, it is not unduly burdensome, as noted above, in that the request is

24   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

25   has engaged in a broad variety of unfair trade practices including serial copying of

26   MGA products.  MGA is entitled to discovery on these claims and its claims for

27   relief.

28

1           This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4           As for relevancy, Mattel has not attempted to demonstrate why

5   responding to this request and/or producing responsive documents is irrelevant to

6   the present action.  On the contrary, MGA has alleged that Mattel is engaged in

7   copying of MGA products, and "MY SCENE" is an example of one such product

8   line.  A request for documents that relate to the total sales, revenue, royalties, costs

9   of goods sold and any other costs attributable to net profits associated with Mattel's

10  "MY SCENE" line is therefore relevant to this action and MGA's claims and

11  defenses, and relief sought.

12          Mattel objects that the request contains confidential, proprietary, and

13  trade secret information.  A Protective Order exists in this case, obviating any

14  concern as to protection of privacy rights and/or commercially sensitive

15  information.

16          None of Mattel's improper objections are valid and Mattel is obligated

17  to produce all non-privileged responsive documents in its possession, custody, or

18  control.

19  **MATTEL'S RESPONSE:**

20          MGA objects to Mattel's limitation that it will produce documents

21  related to "the overall revenues, sales, costs and net profits of the MY SCENE

22  products that MGA has accused of infringement," but it provides no argument as to

23  why this limitation is inappropriate.  There is simply no relevance to profits for MY

24  SCENE to which MGA has made no allegations of copying.  MGA provides no

25  argument on the subject, instead unilaterally claiming that "Mattel is required to

26  respond to the request as originally drafted," despite simultaneously acknowledging

27  that a party may object "to part of a request [and] permit inspection of the rest."

28  MGA's objection to Mattel's limitation is thus without merit.

1    Moreover, this Request seeks information relating to products and
2    themes that MGA has never alleged were infringed.  Numerous Bratz and MY
3    SCENE dolls have been released since MGA filed its complaint, and thus cannot
4    have been alleged to have been the subject of its trade dress claims for the simple
5    reason that they did not yet exist.  Indeed, MGA has previously taken the position
6    that documents and communications post-dating the issues in the Complaint are not
7    relevant. <u>See</u> MGA Parties' Reply In Support of Their Motion to Quash Receiver
8    Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing that MGA's
9    transactions with the Financing Parties were not relevant to Phase 2 because, inter
10   alia, "these events occurred years after [Mattel's] complaint was filed.").[244]  The
11   Discovery Master credited this argument in denying Mattel its requested discovery,
12   ruling that Mattel's requests were not reasonably calculated to lead to the discovery
13   of admissible evidence regarding Mattel's RICO counterclaim because the "RICO
14   counterclaim (like the other counterclaims to be adjudicated in Phase 2) was
15   asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or
16   Vision Capital, LLC came into existence . . . ."  Discovery Matter Order No. 3,
17   dated March 10, 2009, at 18.[245]  MGA offers no reason, nor could it consistent with
18   judicial estoppel, why documents post-dating the filing of claims which do not
19   allege continuing wrongdoing are relevant to those claims. <u>See</u> <u>New Hampshire v.</u>
20   <u>Maine</u>, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a
21   legal proceeding, and succeeds in maintaining that position, he may not thereafter,
22   simply because his interests have changed, assume a contrary position, especially if
23   it be to the prejudice of the party who has acquiesced in the position formerly taken
24   by him.").  Thus, under MGA's own arguments that were accepted by the Discovery

25
26
27   [244]   Dart Decl., Exh. 6.
     [245]   Dart Decl., Exh. 7.
28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET ONE)

1    Master, the relevant cut-off date for discovery is April 2005, when MGA filed its

2    Complaint.

3                Further, contrary to MGA's statement that Mattel will not confirm that

4    it has produced non-privileged documents, if MGA had met and conferred on these

5    issues, it would have learned that Mattel has already produced all relevant non-

6    privileged documents responsive to this Request.  Indeed, to date Mattel has already

7    produced over 350,000 pages regarding MY SCENE, without limitation by theme or

8    doll, including documents related to its design and development, packaging,

9    advertising, marketing, testing, themes, sales planning, manufacturing and

10   production, among others.[246]  MGA has not provided any basis for asserting that this

11   production is incomplete.  MGA's motion to compel responses to this Request

12   should therefore be denied as moot.

13               There is no basis for overruling Mattel's privilege objection.  MGA's

14   bald assertion that "this request does not seek information protected by the attorney-

15   client privilege, the attorney work product doctrine, or other applicable privileges"

16   has no merit.  Documents discussing MY SCENE could very well be subject to a

17   claim of privilege or work product protection.  Moreover, as MGA has itself argued,

18   the parties have agreed that in general "all privileged documents would be logged

19   except for documents created after this action was filed on April 27, 2004."[247]  Thus,

20   to the extent privileged documents fall within the post lawsuit time period, they need

21   not be included on Mattel's log.

22               Similarly, MGA states that "Mattel has not attempted to demonstrate

23   why responding to this request and/or producing responsive documents presents any

24

25   [246]   Webster Decl., ¶ 24.

26   [247]   See Order Denying Mattel's Motion for Protective Order Limiting the

27   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

-248-
                                    MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1  burden." Yet, as MGA knows, the Discovery Master has already placed limits on
2  the searches Mattel must make in producing documents, and this objection is only
3  meant to invoke those issues that have already been settled. See, e.g., Order
4  Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel
5  on all outstanding emails, holding that Mattel has produced all relevant emails and
6  does not need to consult back-up tapes to complete its production).  MGA should
7  not be permitted to circumvent prior Orders by seeking to overrule Mattel's
8  objections here.

9         Finally, MGA failed to meet and confer at all, much less in good faith,
10  regarding this Request prior to filing its Motion. See Phase 2 Discovery Master
11  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
12  the moving party shall first identify each dispute, state the relief sought and identify
13  the authority supporting the requested relief in a meet and confer letter that shall be
14  served on all parties by facsimile or electronic mail. The parties shall have five court
15  days from the date of service of that letter to conduct an in-person conference to
16  attempt to resolve the dispute."). At no point during the meet and confer process did
17  the parties discuss this Request or Mattel's response to it.[248]  In order to engage in a
18  meaningful meet and confer, MGA had the burden to show the relevance of any
19  requests it sought to move on.[249]  Because MGA refused to even attempt to make
20  this showing, there was no possibility of a good faith meet and confer to resolve the
21  parties' disputes. The Discovery Master should deny MGA's motion with respect to
22  this Request on that grounds alone.

23
24
25       [248]  See Webster Decl., ¶¶ 6-20.
26       [249]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
     1390794 at *1 (S.D. Cal. May 14, 2009).
28

1   **REQUEST FOR PRODUCTION NO. 76:**

2             All DOCUMENTS REFERRING OR RELATING TO the quality or

3 reputation of "MY SCENE" including, without limitation, accolades or awards for

4 "MY SCENE."

5   **RESPONSE TO REQUEST NO. 76:**

6             In addition to the general objections stated above which are

7 incorporated herein by reference, Mattel objects to this Request on the grounds that

8 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

9 documents on this subject without limitation as to time, and regardless of whether

10 such documents relate to products or matters at issue in this case. Mattel further

11 objects to the Request on the grounds that it seeks documents that are not relevant to

12 this action or likely to lead to the discovery of admissible evidence. Mattel further

13 objects to this Request on the grounds that it seeks confidential, proprietary and

14 trade secret information that has no bearing on the claims or defenses in this case.

15 Mattel further objects to this Request on the grounds that it calls for the disclosure

16 of information subject to the attorney-client privilege, the attorney work-product

17 doctrine and other applicable privileges.

18             Subject to and without waiving the foregoing general and specific

19 objections, and to the extent not already produced, Mattel will produce responsive,

20 non-privileged documents in its possession, custody or control, if any, that it can

21 locate after a reasonable, good faith search relating to the aspects of the MY SCENE

22 products that MGA has accused of infringement.

23   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

24   **TO SHOULD BE COMPELLED**

25             Mattel has improperly limited its agreement to produce documents in

26 response to this request, subject to its improper boilerplate objections. Mattel has

27 refused to confirm whether or not it has produced all non-privileged responsive

28 documents or whether it is withholding documents based on its objections in Phase

2. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. <u>See A. Farber and Partners, Inc. v. Garber,</u> 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents concerning the quality or reputation of "MY SCENE" such as accolades or awards for "MY SCENE."

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. <u>See Jackson v. Montgomery Ward & Co., Inc.,</u> 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products and trade dress infringement. MGA is entitled to discovery on these claims.

1    This request does not seek documents protected by the attorney-client

2  privilege, the attorney work product doctrine, or other applicable privileges.  To the

3  extent that Mattel contends that it does, Mattel must provide a privilege log.

4    Mattel objects that the request contains confidential, proprietary and

5  trade secret information.  A Protective Order exists in this case, obviating any

6  concern as to protection of privacy rights and/or commercially sensitive

7  information.

8    As for relevancy, Mattel has not attempted to demonstrate why the

9  information sought in response to this request is not discoverable in Phase 2.  On the

10  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

11  product lines, including it various dolls, packaging, themes, accessories, and

12  advertising.  Mattel's "MY SCENE" is an example of one such accused Mattel

13  product line.  Documents related to the quality or reputation of "MY SCENE"

14  products by Mattel and their success, or lack thereof, are discoverable in Phase 2

15  and highly relevant to MGA's claims.

16    Mattel limits its response to "aspects of the MY SCENE products that

17  MGA has accused of infringement."  Such a limitation is unjustified.  MGA has

18  brought a false designation of origin claim that includes trade dress infringement.

19  MGA has also brought an unfair competition claim based on Mattel's serial copying

20  of MGA's products.  MGA is entitled to discovery on all aspects of these products,

21  not just those aspects that Mattel unilaterally deems at accused of infringement.

22    None of Mattel's improper objections are valid and Mattel is obligated

23  to produce all non-privileged responsive documents in its possession, custody, or

24  control.

25  **MATTEL'S RESPONSE:**

26    MGA objects to Mattel's limitation that it will produce documents

27  related to "the aspects of the MY SCENE products that MGA has accused of

28  infringement," but it provides no argument as to why this limitation is inappropriate.

1  Indeed, the parties previously agreed on the scope of these Requests and Mattel's

2  limitations.[250]

3          There is simply no relevance to aspects of MY SCENE to which MGA

4  has made no allegations of copying.  MGA provides no argument on the subject,

5  instead unilaterally claiming that "Mattel is required to respond to the request as

6  originally drafted," despite simultaneously acknowledging that a party may object

7  "to part of a request [and] permit inspection of the rest."  MGA's objection to

8  Mattel's limitation is thus without merit.

9          Moreover, this Request seeks information relating to products and

10  themes that MGA has never alleged were infringed.  Numerous Bratz and MY

11  SCENE dolls have been released since MGA filed its complaint, and thus cannot

12  have been alleged to have been the subject of its trade dress claims for the simple

13  reason that they did not yet exist.  Indeed, MGA has previously taken the position

14  that documents and communications post-dating the issues in the Complaint are not

15  relevant.  See MGA Parties' Reply In Support of Their Motion to Quash Receiver

16  Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing that MGA's

17  transactions with the Financing Parties were not relevant to Phase 2 because, inter

18  alia, "these events occurred years after [Mattel's] complaint was filed.").[251]  The

19  Discovery Master credited this argument in denying Mattel its requested discovery,

20  ruling that Mattel's requests were not reasonably calculated to lead to the discovery

21  of admissible evidence regarding Mattel's RICO counterclaim because the "RICO

22  counterclaim (like the other counterclaims to be adjudicated in Phase 2) was

23  asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or

24  Vision Capital, LLC came into existence . . . ."  Discovery Matter Order No. 3,

25

26

27  [250]  June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.
    [251]  Dart Decl., Exh. 6.

28

1    dated March 10, 2009, at 18.[252]  MGA offers no reason, nor could it consistent with

2    judicial estoppel, why documents post-dating the filing of claims which do not

3    allege continuing wrongdoing are relevant to those claims.  See New Hampshire v.

4    Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a

5    legal proceeding, and succeeds in maintaining that position, he may not thereafter,

6    simply because his interests have changed, assume a contrary position, especially if

7    it be to the prejudice of the party who has acquiesced in the position formerly taken

8    by him.").  Thus, under MGA's own arguments that were accepted by the Discovery

9    Master, the relevant cut-off date for discovery is April 2005, when MGA filed its

10   Complaint.

11          Further, contrary to MGA's statement that Mattel will not confirm that

12   it has produced non-privileged documents, if MGA had met and conferred on these

13   issues, it would have learned that Mattel has already produced all relevant non-

14   privileged documents responsive to this Request.  Indeed, to date Mattel has already

15   produced over 350,000 pages regarding MY SCENE, without limitation by theme or

16   doll, including documents related to its design and development, packaging,

17   advertising, marketing, testing, themes, sales planning, manufacturing and

18   production, among others.[253]  MGA has not provided any basis for asserting that this

19   production is incomplete.  MGA's motion to compel responses to this Request

20   should therefore be denied as moot.

21          There is no basis for overruling Mattel's privilege objection.  MGA's

22   bald assertion that "this request does not seek information protected by the attorney-

23   client privilege, the attorney work product doctrine, or other applicable privileges"

24   has no merit.  Documents discussing MY SCENE could very well be subject to a

25   claim of privilege or work product protection.  Moreover, as MGA has itself argued,

26

27   [252]   Dart Decl., Exh. 7.

28

1   the parties have agreed that in general "all privileged documents would be logged
2   except for documents created after this action was filed on April 27, 2004."[254]  Thus,
3   to the extent privileged documents fall within the post lawsuit time period, they need
4   not be included on Mattel's log.

5           Similarly, despite the Parties' prior agreement on the scope of this
6   Request, MGA states that "Mattel has not attempted to demonstrate why responding
7   to this request and/or producing responsive documents presents any burden."  Yet,
8   as MGA knows, the Discovery Master has already placed limits on the searches
9   Mattel must make in producing documents, and this objection is only meant to
10  invoke those issues that have already been settled.  See, e.g., Order Denying MGA's
11  Motion to Compel dated April 24, 2008 (denies Motion to Compel on all
12  outstanding emails, holding that Mattel has produced all relevant emails and does
13  not need to consult back-up tapes to complete its production).  MGA should not be
14  permitted to circumvent prior Orders by seeking to overrule Mattel's objections
15  here.

16          Finally, MGA failed to meet and confer at all, much less in good faith,
17  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
18  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
19  the moving party shall first identify each dispute, state the relief sought and identify
20  the authority supporting the requested relief in a meet and confer letter that shall be
21  served on all parties by facsimile or electronic mail. The parties shall have five court
22  days from the date of service of that letter to conduct an in-person conference to
23  attempt to resolve the dispute.").  At no point during the meet and confer process did
24
25      [253]  Webster Decl., ¶ 24.
26      [254]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.
28

00505.07975/3121201.5                           -255-
MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1 the parties discuss this Request or Mattel's response to it.[255]  In order to engage in a

2 meaningful meet and confer, MGA had the burden to show the relevance of any

3 requests it sought to move on.[256]  Because MGA refused to even attempt to make

4 this showing, there was no possibility of a good faith meet and confer to resolve the

5 parties' disputes.  The Discovery Master should deny MGA's motion with respect to

6 this Request on that grounds alone.

7 **REQUEST FOR PRODUCTION NO. 77:**

8           All DOCUMENTS REFERRING OR RELATING TO any evaluation,

9 criticism or comparison of "MY SCENE," including in relation to "BRATZ" by any

10 third party.

11 **RESPONSE TO REQUEST NO. 77:**

12           In addition to the general objections stated above which are

13 incorporated herein by reference, Mattel objects to this Request on the grounds that

14 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

15 documents without meaningful limitation as to subject, without limitation as to time,

16 and regardless of whether such documents relate to products or matters at issue in

17 this case.  Mattel further objects to the Request on the grounds that it seeks

18 documents that are not relevant to this action or likely to lead to the discovery of

19 admissible evidence.  Mattel further objects to this Request on the grounds that it

20 seeks confidential, proprietary and trade secret information that has no bearing on

21 the claims or defenses in this case.  Mattel further objects to this Request on the

22 grounds that it calls for the disclosure of information subject to the attorney-client

23 privilege, the attorney work-product doctrine and other applicable privileges.

24

25           [255]  <u>See</u> Webster Decl., ¶¶ 6-20.

26           [256]  <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27 bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2 | **TO SHOULD BE COMPELLED** ·

3   Mattel has not agreed to produce documents in response to this request,
4 resting on its improper boilerplate objections.  Under the Federal Rules of Civil
5 Procedure, "an objection to part of a request must specify the part and permit
6 inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to
7 explain the basis for an objection with specificity are routinely rejected in the
8 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
9 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
10 harassing' are improper – especially when a party fails to submit any evidentiary
11 declarations supporting such objections").  Accordingly, Mattel must be compelled
12 either to certify that it has produced all non-privileged responsive documents or to
13 produce all such documents by a date certain.

14   To the extent that Mattel is relying on its blanket objections, they are
15 not sustainable and do not justify Mattel's failure to produce documents.

16   As to overbreadth, Mattel provides no explanation, let alone the
17 required particularity, as to *why* this request is supposedly overly broad, nor can it
18 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
19 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
20 contrary, the request is narrowly tailored to seek documents concerning any
21 evaluation, criticism of comparison of "MY SCENE," by a third party.

22   As to burden, Mattel has not attempted to demonstrate why responding
23 to this request and/or producing responsive documents presents any burden.  This
24 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
25 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
26 request is unduly burdensome must allege specific facts which indicate the nature
27 and extent of the burden, usually by affidavit or other reliable evidence.")
28 Moreover, it is not unduly burdensome, as noted above, in that the request is

narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices including serial copying of MGA products and trade dress infringement. MGA is entitled to discovery on these claims.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential, proprietary and trade secret information. A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

As for relevancy, Mattel has not attempted to demonstrate why the information sought in response to this request is not discoverable in Phase 2. On the contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's product lines, including the "BRATZ" product line, packaging, themes, accessories, and advertising. Mattel's "MY SCENE" is an example of one such accused Mattel product line. Documents related to any evaluation, criticism or comparison of "MY SCENE" to "BRATZ" and other products are highly relevant to MGA's claims and are discoverable in Phase 2.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

This Request is overbroad and unduly burdensome for the same reasons as discussed in the May 22, 2007 Order. ███████████████

█████████████████████████████

███████████████████████████████████

████████████████████████████

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   [257]   Hernandez Decl. ¶ 7, Dart Decl., Exh. 33.

27   [258]   Bric Decl. ¶ 12, Dart Decl., Exh. 33.

28   [259]   Id. ¶ 12, Hernandez Decl. ¶ 7, Dart Decl., Exh. 33.

1    MGA has provided absolutely no explanation as to why such

2  documents would be even remotely relevant to this case.  MGA has therefore made

3  no showing how this request is related to the claims and defenses in this case.  "A

4  trial court has a duty, of special significance in lengthy and complex cases where the

5  possibility of abuse is always present, to supervise and limit discovery to protect

6  parties and witnesses from annoyance and excessive expense."  Dolgow v.

7  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

8  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

9  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

10  (same).  As the previous Discovery Master held, a party may not propound

11  document requests as part of a fishing expedition or to discover new claims.[260]

12  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

13  not condone the use of discovery to engage in 'fishing expeditions.'").

14    Mattel has already produced over 350,000 pages regarding MY

15  SCENE, without limitation by theme or doll, including documents related to its

16  design and development, packaging, advertising, marketing, testing, themes, sales

17  planning, manufacturing and production, among others.[261]  But the Request here is

18  far too burdensome to comply with.

19    There is no basis for overruling Mattel's privilege objection.  MGA's

20  bald assertion that "this request does not seek information protected by the attorney-

21  client privilege, the attorney work product doctrine, or other applicable privileges"

22  has no merit.  Documents discussing MY SCENE could very well be subject to a

23  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

24

25    [260]  See Order Granting In Part and Denying In Part Mattel's Motion for

26  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
1.
27    [261]  Webster Decl., ¶ 24.

28

1   the parties have agreed that in general "all privileged documents would be logged

2   except for documents created after this action was filed on April 27, 2004."[262]  Thus,

3   to the extent privileged documents fall within the post lawsuit time period, they need

4   not be included on Mattel's log.

5          Finally, MGA failed to meet and confer at all, much less in good faith,

6   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

7   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

8   the moving party shall first identify each dispute, state the relief sought and identify

9   the authority supporting the requested relief in a meet and confer letter that shall be

10  served on all parties by facsimile or electronic mail. The parties shall have five court

11  days from the date of service of that letter to conduct an in-person conference to

12  attempt to resolve the dispute.").  At no point during the meet and confer process did

13  the parties discuss this Request or Mattel's response to it.[263]  In order to engage in a

14  meaningful meet and confer, MGA had the burden to show the relevance of any

15  requests it sought to move on.[264]  Because MGA refused to even attempt to make

16  this showing, there was no possibility of a good faith meet and confer to resolve the

17  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

18  this Request on that grounds alone.

19  **REQUEST FOR PRODUCTION NO. 78:**

20         All DOCUMENTS REFERRING OR RELATING TO any evaluation,

21  criticism or comparison of "BRATZ," including in relation to "MY SCENE."

22

23  [262]  See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25  3.
    [263]  See Webster Decl., ¶¶ 6-20.

26  [264]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. May 14, 2009).

28

**RESPONSE TO REQUEST NO. 78:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has not agreed to produce documents in response to this request, resting on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1      As to overbreadth, Mattel provides no explanation, let alone the
2   required particularity, as to *why* this request is supposedly overly broad, nor can it
3   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
4   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
5   contrary, the request is narrowly tailored to seek documents concerning any
6   evaluation, criticism of comparison of "BRATZ."

7      As to burden, Mattel has not attempted to demonstrate why responding
8   to this request and/or producing responsive documents presents any burden. This
9   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
10  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
11  request is unduly burdensome must allege specific facts which indicate the nature
12  and extent of the burden, usually by affidavit or other reliable evidence.")
13  Moreover, it is not unduly burdensome, as noted above, in that the request is
14  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
15  has engaged in a broad variety of unfair trade practices including serial copying of
16  MGA products, including its "BRATZ" product line. MGA is entitled to discovery
17  on these claims.

18      This request does not seek documents protected by the attorney-client
19  privilege, the attorney work product doctrine, or other applicable privileges. To the
20  extent that Mattel contends that it does, Mattel must provide a privilege log.

21      Mattel objects that the request contains confidential, proprietary and
22  trade secret information. A Protective Order exists in this case, obviating any
23  concern as to protection of privacy rights and/or commercially sensitive
24  information.

25      As for relevancy, Mattel has not attempted to demonstrate why the
26  information sought in response to this request is not discoverable in Phase 2. On the
27  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's
28  product lines, including the "BRATZ" product line, packaging, themes, accessories,

1  and advertising.  Mattel's "MY SCENE" is an example of one such accused Mattel

2  product line.  Documents related to any evaluation, criticism or comparison of

3  "BRATZ" that Mattel has in its possession, custody or control are therefore

4  discoverable in Phase 2 and highly relevant to MGA's claims.

5          None of Mattel's improper objections are valid and Mattel is obligated

6  to produce all non-privileged responsive documents in its possession, custody, or

7  control.

8  **MATTEL'S RESPONSE:**

9          This Request is overbroad and unduly burdensome for the same reasons

10  as discussed in the May 22, 2007 Order. ████████████████████████

11  ████████████████████████████████████████████████

12  ████████████████████████████████████████████████

13  ████████████████████████████████████████████████

14  ████████████████████████████████████████████████

15  ████████████████████████████████████████████████

16  ████████████████████████████████████████████████

17  ████████████████████████████████████████████████

18  ████████████████████████████████████████████████

19  ████████████████████████████████████████████████

20  ████████████████████████████████████████████████

21      ████████████████████████████████████████████

22  ████████████████████████████████████████████████

23  ████████████████████████████████████████████████

24  ████████████████████████████████████████████

25  ████████████████████████████████████████████████

26

27  [265]  Hernandez Decl. ¶ 7, Dart Decl., Exh. 33.

28



267

13    MGA has provided absolutely no explanation as to why such

14  documents would be even remotely relevant to this case.  MGA has therefore made

15  no showing how this request is related to the claims and defenses in this case.  "A

16  trial court has a duty, of special significance in lengthy and complex cases where the

17  possibility of abuse is always present, to supervise and limit discovery to protect

18  parties and witnesses from annoyance and excessive expense."  Dolgow v.

19  Anderson, 53 F.R.D. 661, 664 (E.D.N.Y. 1971); see also Laker Airways Ltd. v. Pan

20  American World Airways, 559 F. Supp. 1124, 1133 n.36 (D.C.D.C. 1983) (same);

21  Mr. Frank, Inc. v. Waste Management, Inc., 1983 WL 1859, *1 (N.D. Ill. 1983)

22  (same).  As the previous Discovery Master held, a party may not propound

266    Bric Decl. ¶ 12, Dart Decl., Exh. 33.
267    Id. ¶ 12, Hernandez Decl. ¶ 7, Dart Decl., Exh. 33.

1  document requests as part of a fishing expedition or to discover new claims.[268]

2  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need

3  not condone the use of discovery to engage in 'fishing expeditions.'").

4        Mattel has already produced over 350,000 pages regarding MY

5  SCENE, without limitation by theme or doll, including documents related to its

6  design and development, packaging, advertising, marketing, testing, themes, sales

7  planning, manufacturing and production, among others.[269]  But the Request here is

8  far too burdensome to comply with.

9        There is no basis for overruling Mattel's privilege objection.  MGA's

10  bald assertion that "this request does not seek information protected by the attorney-

11  client privilege, the attorney work product doctrine, or other applicable privileges"

12  has no merit.  Documents discussing MY SCENE could very well be subject to a

13  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

14  the parties have agreed that in general "all privileged documents would be logged

15  except for documents created after this action was filed on April 27, 2004."[270]  Thus,

16  to the extent privileged documents fall within the post lawsuit time period, they need

17  not be included on Mattel's log.

18        Finally, MGA failed to meet and confer at all, much less in good faith,

19  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

20  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

21  the moving party shall first identify each dispute, state the relief sought and identify

22

---

23  [268]  See Order Granting In Part and Denying In Part Mattel's Motion for
24  Protective Order re Polly Pocket, dated April 19, 2007, at 5:10-18, Dart Decl., Exh.
25  1.
   [269]  Webster Decl., ¶ 24.
26  [270]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
3.
28

1    the authority supporting the requested relief in a meet and confer letter that shall be
2    served on all parties by facsimile or electronic mail. The parties shall have five court
3    days from the date of service of that letter to conduct an in-person conference to
4    attempt to resolve the dispute."). At no point during the meet and confer process did
5    the parties discuss this Request or Mattel's response to it.[271] In order to engage in a
6    meaningful meet and confer, MGA had the burden to show the relevance of any
7    requests it sought to move on.[272] Because MGA refused to even attempt to make
8    this showing, there was no possibility of a good faith meet and confer to resolve the
9    parties' disputes. The Discovery Master should deny MGA's motion with respect to
10    this Request on that grounds alone.

11    **REQUEST FOR PRODUCTION NO. 79:**

12          All DOCUMENTS evidencing confusion between "BRATZ" and "MY
13    SCENE," including without limitation DOCUMENTS in which photographs of one
14    party's products have been used to depict another party's products or reference to
15    one party's products have been made in lieu of the other party's products.

16    **RESPONSE TO REQUEST NO. 79:**

17          In addition to the general objections stated above which are
18    incorporated herein by reference, Mattel objects to this Request on the grounds that
19    it is overbroad and unduly burdensome, including in that it seeks all documents on
20    this subject without limitation as to time, and regardless of whether such documents
21    relate to products or matters at issue in this case. Mattel further objects to this
22    Request as unintelligible in its inclusion of "photographs" as "evidencing
23    confusion". Mattel further objects to this Request as duplicative and harassing in

24

25    [271]   <u>See</u> Webster Decl., ¶¶ 6-20.
26    [272]   <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27    bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1    that it is duplicative of or subsumed within other Requests within this set of

2    Requests. Mattel further objects to the Request on the grounds that it seeks

3    documents that are not relevant to this action or likely to lead to the discovery of

4    admissible evidence. Mattel further objects to this Request on the grounds that it

5    seeks confidential, proprietary and trade secret information that has no bearing on

6    the claims or defenses in this case. Mattel further objects to this Request on the

7    grounds that it calls for the disclosure of information subject to the attorney-client

8    privilege, the attorney work-product doctrine and other applicable privileges.

9          Subject to and without waiving the foregoing general and specific

10    objections, and to the extent not already produced, Mattel will produce responsive,

11    non-privileged documents in its possession, custody or control, if any, that it can

12    locate after a reasonable, good faith search showing purported consumer confusion

13    between the appearance of, on the one hand, the aspects of the Bratz products that

14    MGA has alleged were infringed and, on the other hand, the aspects of the MY

15    SCENE products that MGA has accused of infringement.

16    **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

17    **TO SHOULD BE COMPELLED**

18          Mattel has improperly limited its agreement to produce documents in

19    response to this request to "aspects of Bratz products" and "aspects of MY SCENE

20    products." Mattel cannot withhold documents based on this unintelligible and

21    unilateral limitation. Mattel has refused to confirm whether or not it has produced

22    all non-privileged responsive documents or whether it is withholding documents

23    based on its objections in Phase 2. Under the Federal Rules of Civil Procedure, "an

24    objection to part of a request must specify the part and permit inspection of the rest."

25    Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an

26    objection with specificity are routinely rejected in the Central District. See A.

27    Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

28    or boilerplate objections such as 'overly burdensome and harassing' are improper –

1  especially when a party fails to submit any evidentiary declarations supporting such
2  objections").  Accordingly, Mattel must be compelled either to certify that it has
3  produced all non-privileged responsive documents or to produce all such documents
4  by a date certain.

5          To the extent that Mattel is relying on its blanket objections, they are
6  not sustainable and do not justify Mattel's failure to produce documents.

7          As to overbreadth, Mattel provides no explanation, let alone the
8  required particularity, as to *why* this request is supposedly overly broad, nor can it
9  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
10  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
11  contrary, the request is narrowly tailored to seek documents concerning a central
12  issue in this case – whether there is consumer confusion as to the source of "MY
13  SCENE" and "BRATZ."

14          As to burden, Mattel has not attempted to demonstrate why responding
15  to this request and/or producing responsive documents presents any burden.  This
16  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
17  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
18  request is unduly burdensome must allege specific facts which indicate the nature
19  and extent of the burden, usually by affidavit or other reliable evidence.")

20          Moreover, it is not unduly burdensome, as noted above, in that the
21  request is narrowly tailored to seek only discoverable evidence.  MGA has alleged
22  that Mattel has engaged in a broad variety of unfair trade practices such as serial
23  copying of MGA products.  MGA is entitled to discovery on these claims.

24          This request does not seek documents protected by the attorney-client
25  privilege, the attorney work product doctrine, or other applicable privileges.  To the
26  extent that Mattel contends that it does, Mattel must provide a privilege log.

27

28

1          Mattel objects that the request contains confidential/proprietary/trade

2  secret information.  A Protective Order exists in this case, obviating any concern as

3  to protection of privacy rights and/or commercially sensitive information.

4          As for relevancy, documents relating to any confusion between

5  "BRATZ" and "MY SCENE" that Mattel has in its possession, custody or control

6  are discoverable in Phase 2 and highly relevant to MGA's claims.

7          None of Mattel's improper objections are valid and Mattel is obligated

8  to produce all non-privileged responsive documents in its possession, custody, or

9  control.

10  **MATTEL'S RESPONSE:**

11          MGA objects to Mattel's limitation that it will produce documents

12  related to "showing purported consumer confusion between the appearance of, on

13  the one hand, the aspects of the Bratz products that MGA has alleged were infringed

14  and, on the other hand, the aspects of the MY SCENE products that MGA has

15  accused of infringement," but it provides no argument as to why this limitation is

16  inappropriate.  Indeed, the parties previously agreed on the scope of these Requests

17  and Mattel's limitations.[273]

18          There is simply no relevance to aspects of MY SCENE to which MGA

19  has made no allegations of copying.  MGA provides no argument on the subject,

20  instead unilaterally claiming that Mattel is required to respond to the request as

21  originally drafted, despite simultaneously acknowledging that a party may object "to

22  part of a request [and] permit inspection of the rest."  MGA's objection to Mattel's

23  limitation is thus without merit.

24          Moreover, this Request seeks information relating to products and

25  themes that MGA has never alleged were infringed.  Numerous Bratz and MY

26

27  [273]   June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

28

1   SCENE dolls have been released since MGA filed its complaint, and thus cannot

2   have been alleged to have been the subject of its trade dress claims for the simple

3   reason that they did not yet exist.  Indeed, MGA has previously taken the position

4   that documents and communications post-dating the issues in the Complaint are not

5   relevant.  See MGA Parties' Reply In Support of Their Motion to Quash Receiver

6   Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing that MGA's

7   transactions with the Financing Parties were not relevant to Phase 2 because, inter

8   alia, "these events occurred years after [Mattel's] complaint was filed.").[274]  The

9   Discovery Master credited this argument in denying Mattel its requested discovery,

10  ruling that Mattel's requests were not reasonably calculated to lead to the discovery

11  of admissible evidence regarding Mattel's RICO counterclaim because the "RICO

12  counterclaim (like the other counterclaims to be adjudicated in Phase 2) was

13  asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or

14  Vision Capital, LLC came into existence . . . ."  Discovery Matter Order No. 3,

15  dated March 10, 2009, at 18.[275]  MGA offers no reason, nor could it consistent with

16  judicial estoppel, why documents post-dating the filing of claims which do not

17  allege continuing wrongdoing are relevant to those claims.  See New Hampshire v.

18  Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a

19  legal proceeding, and succeeds in maintaining that position, he may not thereafter,

20  simply because his interests have changed, assume a contrary position, especially if

21  it be to the prejudice of the party who has acquiesced in the position formerly taken

22  by him.").  Thus, under MGA's own arguments that were accepted by the Discovery

23  Master, the relevant cut-off date for discovery is April 2005, when MGA filed its

24  Complaint.

25

26

27  [274]  Dart Decl., Exh. 6.

28  [275]  Dart Decl., Exh. 7.

1    Further, contrary to MGA's statement that Mattel will not confirm that

2  it has produced non-privileged documents, if MGA had met and conferred on these

3  issues, it would have learned that Mattel has already produced all relevant non-

4  privileged documents responsive to this Request.  Indeed, to date Mattel has already

5  produced over 350,000 pages regarding MY SCENE, without limitation by theme or

6  doll, including documents related to its design and development, packaging,

7  advertising, marketing, testing, themes, sales planning, manufacturing and

8  production, among others.[276]  MGA has not provided any basis for asserting that this

9  production is incomplete.  MGA's motion to compel responses to this Request

10  should therefore be denied as moot.

11    There is no basis for overruling Mattel's privilege objection.  MGA's

12  bald assertion that "this request does not seek information protected by the attorney-

13  client privilege, the attorney work product doctrine, or other applicable privileges"

14  has no merit.  Documents discussing MY SCENE could very well be subject to a

15  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

16  the parties have agreed that in general "all privileged documents would be logged

17  except for documents created after this action was filed on April 27, 2004."[277]  Thus,

18  to the extent privileged documents fall within the post lawsuit time period, they need

19  not be included on Mattel's log.

20    Similarly, despite the Parties' prior agreement on the scope of this

21  Request, MGA states that "Mattel has not attempted to demonstrate why responding

22  to this request and/or producing responsive documents presents any burden."  Yet,

23  as MGA knows, the Discovery Master has already placed limits on the searches

24

25    [276]   Webster Decl., ¶ 24.

26    [277]   See Order Denying Mattel's Motion for Protective Order Limiting the
Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

27  3.

28

1 | Mattel must make in producing documents, and this objection is only meant to
2 | invoke those issues that have already been settled. <u>See, e.g.</u>, Order Denying MGA's
3 | Motion to Compel dated April 24, 2008 (denies Motion to Compel on all
4 | outstanding emails, holding that Mattel has produced all relevant emails and does
5 | not need to consult back-up tapes to complete its production).  MGA should not be
6 | permitted to circumvent prior Orders by seeking to overrule Mattel's objections
7 | here.

8 |         Finally, MGA failed to meet and confer at all, much less in good faith,
9 | regarding this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master
10 | Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
11 | the moving party shall first identify each dispute, state the relief sought and identify
12 | the authority supporting the requested relief in a meet and confer letter that shall be
13 | served on all parties by facsimile or electronic mail. The parties shall have five court
14 | days from the date of service of that letter to conduct an in-person conference to
15 | attempt to resolve the dispute.").  At no point during the meet and confer process did
16 | the parties discuss this Request or Mattel's response to it.[278]  In order to engage in a
17 | meaningful meet and confer, MGA had the burden to show the relevance of any
18 | requests it sought to move on.[279]  Because MGA refused to even attempt to make
19 | this showing, there was no possibility of a good faith meet and confer to resolve the
20 | parties' disputes.  The Discovery Master should deny MGA's motion with respect to
21 | this Request on that grounds alone.

22
23
24
25 | [278]   <u>See</u> Webster Decl., ¶¶ 6-20.
26 | [279]   <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27 | bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
28

1  **REQUEST FOR PRODUCTION NO. 80:**

2          DOCUMENTS, including but not limited to organizational charts,

3  sufficient to identify (by name and job function) all MATTEL personnel with

4  responsibility, at any time since January 2001, for marketing or MARKET

5  RESEARCH, REFERRING OR RELATING TO "MY SCENE."

6  **RESPONSE TO REQUEST NO. 80:**

7          In addition to the general objections stated above which are

8  incorporated herein by reference, Mattel objects to this Request on the grounds that

9  it is overbroad, unduly burdensome and unintelligible, including in that it seeks

10  documents on this subject regardless of whether such documents relate to products

11  or matters at issue in this case.  Mattel further objects to the Request on the grounds

12  that it seeks documents that are not relevant to this action or likely to lead to the

13  discovery of admissible evidence.  Mattel further objects to this Request on the

14  grounds that it seeks confidential, proprietary and trade secret information that has

15  no bearing on the claims or defenses in this case.  Mattel further objects to this

16  Request on the grounds that it calls for the disclosure of information subject to the

17  attorney-client privilege, the attorney work-product doctrine and other applicable

18  privileges.

19          Subject to and without waiving the foregoing general and specific

20  objections, and to the extent not already produced, Mattel will produce responsive,

21  non-privileged documents in its possession, custody or control, if any, that it can

22  locate after a reasonable, good faith search sufficient to identify the Mattel

23  employees responsible for marketing the MY SCENE products that MGA has

24  accused of infringement.

25  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

26  **TO SHOULD BE COMPELLED**

27          Mattel improperly limits its response to this request to employees

28  responsible for marketing (not market research) "the MY SCENE products that

1  MGA has accused of infringing."  MGA's broad claims in Phase 2 range from trade

2  dress infringement to serial copying of MGA products, and MGA is entitled to

3  discovery on all of its claims.  Mattel has refused to confirm whether or not it has

4  produced all non-privileged responsive documents or whether it is withholding

5  documents based on its limitation or objections.  Under the Federal Rules of Civil

6  Procedure, "an objection to part of a request must specify the part and permit

7  inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

8  explain the basis for an objection with specificity are routinely rejected in the

9  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

10  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

11  harassing' are improper – especially when a party fails to submit any evidentiary

12  declarations supporting such objections").  Accordingly, Mattel must be compelled

13  either to certify that it has produced all non-privileged responsive documents or to

14  produce all such documents by a date certain.

15      To the extent that Mattel is relying on its blanket objections, they are

16  not sustainable and do not justify Mattel's failure to produce documents.

17      As to overbreadth, Mattel provides no explanation, let alone the

18  required particularity, as to *why* this request is supposedly overly broad, nor can it

19  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

20  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

21  contrary, the request is narrowly tailored to seek documents sufficient to identify the

22  individuals who worked or were involved with Mattel's "MY SCENE" products.

23      As to burden, Mattel has not attempted to demonstrate why responding

24  to this request and/or producing responsive documents presents any burden.  This

25  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

26  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

27  request is unduly burdensome must allege specific facts which indicate the nature

28  and extent of the burden, usually by affidavit or other reliable evidence.")

1  Moreover, it is not unduly burdensome, as noted above, in that the request is
2  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel
3  has engaged in a broad variety of unfair trade practices including serial copying of
4  MGA products. MGA is entitled to discovery on these claims.

5         This request does not seek documents protected by the attorney-client
6  privilege, the attorney work product doctrine, or other applicable privileges. To the
7  extent that Mattel contends that it does, Mattel must provide a privilege log.

8         Mattel objects that the request contains confidential, proprietary and
9  trade secret information. A Protective Order exists in this case, obviating any
10 concern as to protection of privacy rights and/or commercially sensitive
11 information.

12        MGA has alleged that Mattel has engaged in serial copying of MGA's
13 product lines, including it various dolls, packaging, themes, accessories, and
14 advertising. Mattel's "MY SCENE" is an example of one such accused Mattel
15 product line. Documents sought by this request are discoverable in Phase 2.

16        None of Mattel's improper objections are valid and Mattel is obligated
17 to produce all non-privileged responsive documents in its possession, custody, or
18 control.

19 **MATTEL'S RESPONSE:**

20        MGA objects to Mattel's limitation that it will produce documents
21 "sufficient to identify the Mattel employees responsible for marketing the MY
22 SCENE products that MGA has accused of infringement," but it provides no
23 argument as to why this limitation is inappropriate. Indeed, the parties previously
24 agreed on the scope of these Requests and Mattel's limitations.[280]

25

26

27   [280]  June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

28

1    There is simply no relevance to aspects of MY SCENE to which MGA

2 has made no allegations of copying.  MGA provides no argument on the subject,

3 instead unilaterally claiming that "Mattel is required to respond to the request as

4 originally drafted," despite simultaneously acknowledging that a party may object

5 "to part of a request [and] permit inspection of the rest."  MGA's objection to

6 Mattel's limitation is thus without merit.

7    Moreover, this Request seeks information relating to products and

8 themes that MGA has never alleged were infringed.  Numerous Bratz and MY

9 SCENE dolls have been released since MGA filed its complaint, and thus cannot

10 have been alleged to have been the subject of its trade dress claims for the simple

11 reason that they did not yet exist.  Indeed, MGA has previously taken the position

12 that documents and communications post-dating the issues in the Complaint are not

13 relevant.  See MGA Parties' Reply In Support of Their Motion to Quash Receiver

14 Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing that MGA's

15 transactions with the Financing Parties were not relevant to Phase 2 because, inter

16 alia, "these events occurred years after [Mattel's] complaint was filed.").[281]  The

17 Discovery Master credited this argument in denying Mattel its requested discovery,

18 ruling that Mattel's requests were not reasonably calculated to lead to the discovery

19 of admissible evidence regarding Mattel's RICO counterclaim because the "RICO

20 counterclaim (like the other counterclaims to be adjudicated in Phase 2) was

21 asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or

22 Vision Capital, LLC came into existence . . . ."  Discovery Matter Order No. 3,

23 dated March 10, 2009, at 18.[282]  MGA offers no reason, nor could it consistent with

24 judicial estoppel, why documents post-dating the filing of claims which do not

25 allege continuing wrongdoing are relevant to those claims.  See New Hampshire v.

26

27    [281]  Dart Decl., Exh. 6.

28

1  Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a
2  legal proceeding, and succeeds in maintaining that position, he may not thereafter,
3  simply because his interests have changed, assume a contrary position, especially if
4  it be to the prejudice of the party who has acquiesced in the position formerly taken
5  by him."). Thus, under MGA's own arguments that were accepted by the Discovery
6  Master, the relevant cut-off date for discovery is April 2005, when MGA filed its
7  Complaint.

8         Further, contrary to MGA's statement that Mattel will not confirm that
9  it has produced non-privileged documents, if MGA had met and conferred on these
10  issues, it would have learned that Mattel has already produced all relevant non-
11  privileged documents responsive to this Request. Indeed, to date Mattel has already
12  produced over 350,000 pages regarding MY SCENE, without limitation by theme or
13  doll, including documents related to its design and development, packaging,
14  advertising, marketing, testing, themes, sales planning, manufacturing and
15  production, among others.[283] MGA has not provided any basis for asserting that this
16  production is incomplete. MGA's motion to compel responses to this Request
17  should therefore be denied as moot.

18         There is no basis for overruling Mattel's privilege objection. MGA's
19  bald assertion that "this request does not seek information protected by the attorney-
20  client privilege, the attorney work product doctrine, or other applicable privileges"
21  has no merit. Documents discussing MY SCENE could very well be subject to a
22  claim of privilege or work product protection. Moreover, as MGA has itself argued,
23  the parties have agreed that in general "all privileged documents would be logged
24
25
26
    _____
27  [282]  Dart Decl., Exh. 7.
    [283]  Webster Decl., ¶ 24.
28

1    except for documents created after this action was filed on April 27, 2004."[284]  Thus,

2    to the extent privileged documents fall within the post lawsuit time period, they need

3    not be included on Mattel's log.

4            Similarly, despite the Parties' prior agreement on the scope of this

5    Request, MGA states that "Mattel has not attempted to demonstrate why responding

6    to this request and/or producing responsive documents presents any burden."  Yet,

7    as MGA knows, the Discovery Master has already placed limits on the searches

8    Mattel must make in producing documents, and this objection is only meant to

9    invoke those issues that have already been settled.  See, e.g., Order Denying MGA's

10    Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

11    outstanding emails, holding that Mattel has produced all relevant emails and does

12    not need to consult back-up tapes to complete its production).  MGA should not be

13    permitted to circumvent prior Orders by seeking to overrule Mattel's objections

14    here.

15            Finally, MGA failed to meet and confer at all, much less in good faith,

16    regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

17    Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

18    the moving party shall first identify each dispute, state the relief sought and identify

19    the authority supporting the requested relief in a meet and confer letter that shall be

20    served on all parties by facsimile or electronic mail. The parties shall have five court

21    days from the date of service of that letter to conduct an in-person conference to

22    attempt to resolve the dispute.").  At no point during the meet and confer process did

23    the parties discuss this Request or Mattel's response to it.[285]  In order to engage in a

24

---

25    [284]  See Order Denying Mattel's Motion for Protective Order Limiting the

26    Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

27    [285]  See Webster Decl., ¶¶ 6-20.

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET ONE)

1  meaningful meet and confer, MGA had the burden to show the relevance of any
2  requests it sought to move on.[286]   Because MGA refused to even attempt to make
3  this showing, there was no possibility of a good faith meet and confer to resolve the
4  parties' disputes.  The Discovery Master should deny MGA's motion with respect to
5  this Request on that grounds alone.

6  **REQUEST FOR PRODUCTION NO. 81:**

7        DOCUMENTS, including but not limited to organizational charts,
8  sufficient to identify (by name and job function) all MATTEL personnel with
9  responsibility for "MY SCENE" sales, promotions, marketing, packaging,
10 advertising (including but not limited to television commercials), development or
11 design, including without limitation internal departments, teams or organizations
12 with responsibility for any specific retailer, licensee or others in the industry.

13 **RESPONSE TO REQUEST NO. 81:**

14       In addition to the general objections stated above which are
15 incorporated herein by reference, Mattel objects to this Request on the grounds that
16 it is overbroad and unduly burdensome, including in that it seeks documents on this
17 subject without limitation as to time, and regardless of whether such documents
18 relate to products or matters at issue in this case.  Mattel further objects to the
19 Request on the grounds that it seeks documents that are not relevant to this action or
20 likely to lead to the discovery of admissible evidence.  Mattel further objects to this
21 Request on the grounds that it seeks confidential, proprietary and trade secret
22 information that has no bearing on the claims or defenses in this case.  Mattel further
23 objects to this Request on the grounds that it is duplicative of or subsumed within
24 other requests within this set of requests.  Mattel further objects to this Request on

25

26 [286]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27 bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
   1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  the grounds that it calls for the disclosure of information subject to the attorney-

2  client privilege, the attorney work-product doctrine and other applicable privileges.

3            Subject to and without waiving the foregoing general and specific

4  objections, and to the extent not already produced, Mattel will produce responsive,

5  non-privileged documents in its possession, custody or control, if any, that it can

6  locate after a reasonable, good faith search sufficient to identify the Mattel

7  employees responsible for the design, development, marketing, sales and advertising

8  of the MY SCENE products that MGA has accused of infringement.

9  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

10 **TO SHOULD BE COMPELLED**

11            Mattel improperly limits its response to this request to employees

12 responsible for design, development, marketing, sales and advertising (not

13 promotions or packaging) of "the MY SCENE products that MGA has accused of

14 infringing." MGA's broad claims in Phase 2 range from trade dress infringement to

15 serial copying of MGA products. MGA is entitled to discover on all of its claims.

16 Mattel has refused to confirm whether or not it has produced all non-privileged

17 responsive documents or whether it is withholding documents based on its limitation

18 or objections. Under the Federal Rules of Civil Procedure, "an objection to part of a

19 request must specify the part and permit inspection of the rest." Fed. R. Civ. P.

20 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with

21 specificity are routinely rejected in the Central District. See A. Farber and Partners,

22 Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

23 objections such as 'overly burdensome and harassing' are improper – especially

24 when a party fails to submit any evidentiary declarations supporting such

25 objections"). Accordingly, Mattel must be compelled either to certify that it has

26 produced all non-privileged responsive documents or to produce all such documents

27 by a date certain.

28

1         To the extent that Mattel is relying on its blanket objections, they are

2    not sustainable and do not justify Mattel's failure to produce documents.

3         As to overbreadth, Mattel provides no explanation, let alone the

4    required particularity, as to *why* this request is supposedly overly broad, nor can it

5    do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

6    20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

7    contrary, the request is narrowly tailored to seek documents sufficient to identify the

8    individuals who worked or were involved with Mattel's "MY SCENE" products.

9         As to burden, Mattel has not attempted to demonstrate why responding

10   to this request and/or producing responsive documents presents any burden. This

11   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

12   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

13   request is unduly burdensome must allege specific facts which indicate the nature

14   and extent of the burden, usually by affidavit or other reliable evidence.")

15   Moreover, it is not unduly burdensome, as noted above, in that the request is

16   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

17   has engaged in a broad variety of unfair trade practices including serial copying of

18   MGA products. MGA is entitled to discovery on these claims.

19        This request does not seek documents protected by the attorney-client

20   privilege, the attorney work product doctrine, or other applicable privileges. To the

21   extent that Mattel contends that it does, Mattel must provide a privilege log.

22        Mattel objects that the request contains confidential, proprietary and

23   trade secret information. A Protective Order exists in this case, obviating any

24   concern as to protection of privacy rights and/or commercially sensitive

25   information.

26        MGA has alleged that Mattel has engaged in serial copying of MGA's

27   product lines, including it various dolls, packaging, themes, accessories, and

28

1    advertising.  Mattel's "MY SCENE" is an example of one such accused Mattel

2    product line.  Documents sought by this request are discoverable in Phase 2.

3            None of Mattel's improper objections are valid and Mattel is obligated

4    to produce all non-privileged responsive documents in its possession, custody, or

5    control.

6    **MATTEL'S RESPONSE:**

7            MGA objects to Mattel's limitation that it will produce documents

8    "sufficient to identify the Mattel employees responsible for the design, development,

9    marketing, sales and advertising of the MY SCENE products that MGA has accused

10   of infringement" but it provides no argument as to why this limitation is

11   inappropriate.  Indeed, the parties previously agreed on the scope of these Requests

12   and Mattel's limitations.[287]

13           There is simply no relevance to aspects of MY SCENE to which MGA

14   has made no allegations of copying.  MGA provides no argument on the subject,

15   instead unilaterally claiming that "Mattel is required to respond to the request as

16   originally drafted," despite simultaneously acknowledging that a party may object

17   "to part of a request [and] permit inspection of the rest."  MGA's objection to

18   Mattel's limitation is thus without merit.

19           Moreover, this Request seeks information relating to products and

20   themes that MGA has never alleged were infringed.  Numerous Bratz and MY

21   SCENE dolls have been released since MGA filed its complaint, and thus cannot

22   have been alleged to have been the subject of its trade dress claims for the simple

23   reason that they did not yet exist.  Indeed, MGA has previously taken the position

24   that documents and communications post-dating the issues in the Complaint are not

25   relevant.  See MGA Parties' Reply In Support of Their Motion to Quash Receiver

26   _____

27   [287]   June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

28

1   Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing that MGA's
2   transactions with the Financing Parties were not relevant to Phase 2 because, inter
3   alia, "these events occurred years after [Mattel's] complaint was filed.").[288]   The
4   Discovery Master credited this argument in denying Mattel its requested discovery,
5   ruling that Mattel's requests were not reasonably calculated to lead to the discovery
6   of admissible evidence regarding Mattel's RICO counterclaim because the "RICO
7   counterclaim (like the other counterclaims to be adjudicated in Phase 2) was
8   asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or
9   Vision Capital, LLC came into existence . . . ." Discovery Matter Order No. 3,
10   dated March 10, 2009, at 18.[289]   MGA offers no reason, nor could it consistent with
11   judicial estoppel, why documents post-dating the filing of claims which do not
12   allege continuing wrongdoing are relevant to those claims. See New Hampshire v.
13   Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a
14   legal proceeding, and succeeds in maintaining that position, he may not thereafter,
15   simply because his interests have changed, assume a contrary position, especially if
16   it be to the prejudice of the party who has acquiesced in the position formerly taken
17   by him."). Thus, under MGA's own arguments that were accepted by the Discovery
18   Master, the relevant cut-off date for discovery is April 2005, when MGA filed its
19   Complaint.

20         Further, contrary to MGA's statement that Mattel will not confirm that
21   it has produced non-privileged documents, if MGA had met and conferred on these
22   issues, it would have learned that Mattel has already produced all relevant non-
23   privileged documents responsive to this Request. Indeed, to date Mattel has already
24   produced over 350,000 pages regarding MY SCENE, without limitation by theme or
25   doll, including documents related to its design and development, packaging,

26

27   [288]   Dart Decl., Exh. 6.

28

1 │ advertising, marketing, testing, themes, sales planning, manufacturing and
2 │ production, among others.[290]  MGA has not provided any basis for asserting that this
3 │ production is incomplete.  MGA's motion to compel responses to this Request
4 │ should therefore be denied as moot.

5 │         There is no basis for overruling Mattel's privilege objection.  MGA's
6 │ bald assertion that "this request does not seek information protected by the attorney-
7 │ client privilege, the attorney work product doctrine, or other applicable privileges"
8 │ has no merit.  Documents discussing MY SCENE could very well be subject to a
9 │ claim of privilege or work product protection.  Moreover, as MGA has itself argued,
10 │ the parties have agreed that in general "all privileged documents would be logged
11 │ except for documents created after this action was filed on April 27, 2004."[291]  Thus,
12 │ to the extent privileged documents fall within the post lawsuit time period, they need
13 │ not be included on Mattel's log.

14 │         Similarly, despite the Parties' prior agreement on the scope of this
15 │ Request, MGA states that "Mattel has not attempted to demonstrate why responding
16 │ to this request and/or producing responsive documents presents any burden."  Yet,
17 │ as MGA knows, the Discovery Master has already placed limits on the searches
18 │ Mattel must make in producing documents, and this objection is only meant to
19 │ invoke those issues that have already been settled.  See, e.g., Order Denying MGA's
20 │ Motion to Compel dated April 24, 2008 (denies Motion to Compel on all
21 │ outstanding emails, holding that Mattel has produced all relevant emails and does
22 │ not need to consult back-up tapes to complete its production).  MGA should not be

---

[289]  Dart Decl., Exh. 7.
[290]  Webster Decl., ¶ 24.
[291]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1 | permitted to circumvent prior Orders by seeking to overrule Mattel's objections
2 | here.

3 |    Finally, MGA failed to meet and confer at all, much less in good faith,
4 | regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
5 | Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
6 | the moving party shall first identify each dispute, state the relief sought and identify
7 | the authority supporting the requested relief in a meet and confer letter that shall be
8 | served on all parties by facsimile or electronic mail. The parties shall have five court
9 | days from the date of service of that letter to conduct an in-person conference to
10 | attempt to resolve the dispute.").  At no point during the meet and confer process did
11 | the parties discuss this Request or Mattel's response to it.[292]  In order to engage in a
12 | meaningful meet and confer, MGA had the burden to show the relevance of any
13 | requests it sought to move on.[293]  Because MGA refused to even attempt to make
14 | this showing, there was no possibility of a good faith meet and confer to resolve the
15 | parties' disputes.  The Discovery Master should deny MGA's motion with respect to
16 | this Request on that grounds alone.

17 | **REQUEST FOR PRODUCTION NO. 82:**

18 |    DOCUMENTS, including but not limited to organizational charts,
19 | sufficient to identify (by name and job function) all MATTEL personnel comprising
20 | the primary team that worked on the design and development of the original "MY
21 | SCENE" products as identified in paragraph 34 of the COMPLAINT.

22 |
23 |
24 |

---

25 | [292]  See Webster Decl., ¶¶ 6-20.
26 | [293]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27 | bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).
28 |

**RESPONSE TO REQUEST NO. 82:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks documents on this subject, whether or not such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other requests within this set of requests. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel refuses to produce documents responsive to this request. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

1    As to overbreadth, Mattel provides no explanation, let alone the

2  required particularity, as to *why* this request is supposedly overly broad, nor can it

3  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

4  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

5  contrary, the request is narrowly tailored to seek documents sufficient to identify the

6  individuals who worked or were involved with Mattel's "MY SCENE" products.

7    As to burden, Mattel has not attempted to demonstrate why responding

8  to this request and/or producing responsive documents presents any burden.  This

9  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

10  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11  request is unduly burdensome must allege specific facts which indicate the nature

12  and extent of the burden, usually by affidavit or other reliable evidence.")

13  Moreover, it is not unduly burdensome, as noted above, in that the request is

14  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

15  has engaged in a broad variety of unfair trade practices including serial copying of

16  MGA products.  MGA is entitled to discovery on these claims.

17    This request does not seek documents protected by the attorney-client

18  privilege, the attorney work product doctrine, or other applicable privileges.  To the

19  extent that Mattel contends that it does, Mattel must provide a privilege log.

20    Mattel objects that the request contains confidential, proprietary and

21  trade secret information.  A Protective Order exists in this case, obviating any

22  concern as to protection of privacy rights and/or commercially sensitive

23  information.

24    MGA has alleged that Mattel has engaged in serial copying of MGA's

25  product lines, including it various dolls, packaging, themes, accessories, and

26  advertising.  Mattel's "MY SCENE" is an example of one such accused Mattel

27  product line.  Documents sought by this request are discoverable in Phase 2.

28

1    None of Mattel's improper objections are valid and Mattel is obligated

2  to produce all non-privileged responsive documents in its possession, custody, or

3  control.

4  **MATTEL'S RESPONSE:**

5    Though MGA does not mention it, the parties previously agreed on the

6  scope of these Requests and Mattel agreed to produce documents in response.[294]

7  Further, contrary to MGA's statement that Mattel will not confirm that it has

8  produced non-privileged documents, if MGA had met and conferred on these issues,

9  it would have learned that Mattel has already produced all relevant non-privileged

10  documents responsive to this Request.  Indeed, to date Mattel has already produced

11  over 350,000 pages regarding MY SCENE, without limitation by theme or doll,

12  including documents related to its design and development, packaging, advertising,

13  marketing, testing, themes, sales planning, manufacturing and production, among

14  others.[295]  MGA has not provided any basis for asserting that this production is

15  incomplete.  MGA's motion to compel responses to this Request should therefore be

16  denied as moot.

17    There is no basis for overruling Mattel's privilege objection.  MGA's

18  bald assertion that "this request does not seek information protected by the attorney-

19  client privilege, the attorney work product doctrine, or other applicable privileges"

20  has no merit.  Documents discussing MY SCENE could very well be subject to a

21  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

22  the parties have agreed that in general "all privileged documents would be logged

23

24

25

26

27  [294]  June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.
   [295]  Webster Decl., ¶ 24.

28

00505.07975/3121201.5

-289-

1   except for documents created after this action was filed on April 27, 2004."[296]  Thus,

2   to the extent privileged documents fall within the post lawsuit time period, they need

3   not be included on Mattel's log.

4              Similarly, despite the Parties' prior agreement on the scope of this

5   Request, MGA states that "Mattel has not attempted to demonstrate why responding

6   to this request and/or producing responsive documents presents any burden."  Yet,

7   as MGA knows, the Discovery Master has already placed limits on the searches

8   Mattel must make in producing documents, and this objection is only meant to

9   invoke those issues that have already been settled.  <u>See, e.g.</u>, Order Denying MGA's

10  Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

11  outstanding emails, holding that Mattel has produced all relevant emails and does

12  not need to consult back-up tapes to complete its production).  MGA should not be

13  permitted to circumvent prior Orders by seeking to overrule Mattel's objections

14  here.

15             Finally, MGA failed to meet and confer at all, much less in good faith,

16  regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master

17  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

18  the moving party shall first identify each dispute, state the relief sought and identify

19  the authority supporting the requested relief in a meet and confer letter that shall be

20  served on all parties by facsimile or electronic mail. The parties shall have five court

21  days from the date of service of that letter to conduct an in-person conference to

22  attempt to resolve the dispute.").  At no point during the meet and confer process did

23  the parties discuss this Request or Mattel's response to it.[297]  In order to engage in a

24

25      [296]  <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the

26  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.

27      [297]  <u>See</u> Webster Decl., ¶¶ 6-20.

28