1  meaningful meet and confer, MGA had the burden to show the relevance of any

2  requests it sought to move on.[298]   Because MGA refused to even attempt to make

3  this showing, there was no possibility of a good faith meet and confer to resolve the

4  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

5  this Request on that grounds alone.

6  **REQUEST FOR PRODUCTION NO. 83:**

7          DOCUMENTS, including but not limited to organizational charts,

8  sufficient to identify (by name and job function) all MATTEL personnel comprising

9  the primary team that worked on the design and development of the more recent

10  "MY SCENE" products as identified in paragraphs 37 and 38 of the COMPLAINT.

11  **RESPONSE TO REQUEST NO. 83:**

12          In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it seeks confidential, proprietary and trade secret information that has no bearing on

15  the claims or defenses in this case.  Mattel further objects to this Request on the

16  grounds that it is duplicative of or subsumed within other requests within this set of

17  requests.  Mattel further objects to this Request on the grounds that it calls for the

18  disclosure of information subject to the attorney-client privilege, the attorney work-

19  product doctrine and other applicable privileges.

20          Subject to and without waiving the foregoing general and specific

21  objections, and to the extent not already produced, Mattel will produce responsive,

22  non-privileged documents in its possession, custody or control, if any, that it can

23  locate after a reasonable, good faith search sufficient to identify the Mattel

24

25

---

26  [298]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  employees responsible for designing and developing the MY SCENE products that

2  MGA has accused of infringement.

3  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

4  **TO SHOULD BE COMPELLED**

5          Mattel improperly limits its response to "the MY SCENE products that

6  MGA has accused of infringing."  This request is narrowly tailored to "MY SCENE"

7  products identified in the Complaint, whether or not MGA has accused those

8  products of infringing.  Under the Federal Rules of Civil Procedure, "an objection to

9  part of a request must specify the part and permit inspection of the rest."  Fed. R.

10  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

11  with specificity are routinely rejected in the Central District.  See A. Farber and

12  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

13  boilerplate objections such as 'overly burdensome and harassing' are improper –

14  especially when a party fails to submit any evidentiary declarations supporting such

15  objections").  Accordingly, Mattel must be compelled either to certify that it has

16  produced all non-privileged responsive documents or to produce all such documents

17  by a date certain.

18          To the extent that Mattel is relying on its blanket objections, they are

19  not sustainable and do not justify Mattel's failure to produce documents.

20          As to overbreadth, Mattel provides no explanation, let alone the

21  required particularity, as to *why* this request is supposedly overly broad, nor can it

22  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

23  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

24  contrary, the request is narrowly tailored to seek documents sufficient to identify the

25  individuals who worked or were involved with Mattel's "MY SCENE" products.

26          As to burden, Mattel has not attempted to demonstrate why responding

27  to this request and/or producing responsive documents presents any burden.  This

28  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

1  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

2  request is unduly burdensome must allege specific facts which indicate the nature

3  and extent of the burden, usually by affidavit or other reliable evidence.")

4  Moreover, it is not unduly burdensome, as noted above, in that the request is

5  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

6  has engaged in a broad variety of unfair trade practices including serial copying of

7  MGA products and trade dress infringement. MGA is entitled to discovery on all of

8  these claims.

9        This request does not seek documents protected by the attorney-client

10  privilege, the attorney work product doctrine, or other applicable privileges. To the

11  extent that Mattel contends that it does, Mattel must provide a privilege log.

12        Mattel objects that the request contains confidential, proprietary and

13  trade secret information. A Protective Order exists in this case, obviating any

14  concern as to protection of privacy rights and/or commercially sensitive

15  information.

16        MGA has alleged that Mattel has engaged in serial copying of MGA's

17  product lines, including it various dolls, packaging, themes, accessories, and

18  advertising. Mattel's "MY SCENE" is an example of one such accused Mattel

19  product line. Documents sought by this request are discoverable in Phase 2.

20        None of Mattel's improper objections are valid and Mattel is obligated

21  to produce all non-privileged responsive documents in its possession, custody, or

22  control.

23  **MATTEL'S RESPONSE:**

24        MGA objects to Mattel's limitation that it will produce documents

25  "sufficient to identify the Mattel employees responsible for designing and

26  developing the MY SCENE products that MGA has accused of infringement," but it

27  provides no argument as to why this limitation is inappropriate, or what difference it

28  makes here. Indeed, the parties previously agreed on the scope of these Requests

1  and Mattel's limitations.[299]  MGA provides no argument on the subject, instead
2  unilaterally claiming that Mattel is required to respond to the request as originally
3  drafted, despite simultaneously acknowledging that a party may object "to part of a
4  request [and] permit inspection of the rest."  MGA's objection to Mattel's limitation
5  is thus without merit.

6          Further, contrary to MGA's statement that Mattel will not confirm that
7  it has produced non-privileged documents, if MGA had met and conferred on these
8  issues, it would have learned that Mattel has already produced all relevant non-
9  privileged documents responsive to this Request.  Indeed, to date Mattel has already
10  produced over 350,000 pages regarding MY SCENE, without limitation by theme or
11  doll, including documents related to its design and development, packaging,
12  advertising, marketing, testing, themes, sales planning, manufacturing and
13  production, among others.[300]  MGA has not provided any basis for asserting that this
14  production is incomplete.  MGA's motion to compel responses to this Request
15  should therefore be denied as moot.

16          There is no basis for overruling Mattel's privilege objection.  MGA's
17  bald assertion that "this request does not seek information protected by the attorney-
18  client privilege, the attorney work product doctrine, or other applicable privileges"
19  has no merit.  Documents discussing MY SCENE could very well be subject to a
20  claim of privilege or work product protection.  Moreover, as MGA has itself argued,
21  the parties have agreed that in general "all privileged documents would be logged
22  except for documents created after this action was filed on April 27, 2004."[301]  Thus,

23

24
25  [299]  June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.
     [300]  Webster Decl., ¶ 24.
26  [301]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
     3.
28

1  to the extent privileged documents fall within the post lawsuit time period, they need

2  not be included on Mattel's log.

3          Similarly, despite the Parties' prior agreement on the scope of this

4  Request, MGA states that "Mattel has not attempted to demonstrate why responding

5  to this request and/or producing responsive documents presents any burden." Yet,

6  as MGA knows, the Discovery Master has already placed limits on the searches

7  Mattel must make in producing documents, and this objection is only meant to

8  invoke those issues that have already been settled. See, e.g., Order Denying MGA's

9  Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

10  outstanding emails, holding that Mattel has produced all relevant emails and does

11  not need to consult back-up tapes to complete its production). MGA should not be

12  permitted to circumvent prior Orders by seeking to overrule Mattel's objections

13  here.

14          Finally, MGA failed to meet and confer at all, much less in good faith,

15  regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

16  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

17  the moving party shall first identify each dispute, state the relief sought and identify

18  the authority supporting the requested relief in a meet and confer letter that shall be

19  served on all parties by facsimile or electronic mail. The parties shall have five court

20  days from the date of service of that letter to conduct an in-person conference to

21  attempt to resolve the dispute."). At no point during the meet and confer process did

22  the parties discuss this Request or Mattel's response to it.[302] In order to engage in a

23  meaningful meet and confer, MGA had the burden to show the relevance of any

24

25

26

27  [302]  See Webster Decl., ¶¶ 6-20.

28

1  requests it sought to move on.[303]   Because MGA refused to even attempt to make

2  this showing, there was no possibility of a good faith meet and confer to resolve the

3  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

4  this Request on that grounds alone.

5  **REQUEST FOR PRODUCTION NO. 84:**

6          DOCUMENTS, including but not limited to organizational charts,

7  sufficient to identify (by name and job function) all current MATTEL personnel

8  comprising the primary team currently working on the design and development of

9  "MY SCENE" products.

10 **RESPONSE TO REQUEST NO. 84:**

11          In addition to the general objections stated above which are

12 incorporated herein by reference, Mattel objects to this Request on the grounds that

13 it is overbroad and unduly burdensome, including in that it seeks all documents on

14 this subject without limitation as to time, and regardless of whether such documents

15 relate to products or matters at issue in this case.  Mattel further objects to the

16 Request on the grounds that it seeks documents that are not relevant to this action or

17 likely to lead to the discovery of admissible evidence.  Mattel further objects to this

18 Request on the grounds that it seeks confidential, proprietary and trade secret

19 information that has no bearing on the claims or defenses in this case.  Mattel further

20 objects to this Request on the grounds that it is duplicative of or subsumed within

21 other requests within this set of requests.  Mattel further objects to this Request on

22 the grounds that it calls for the disclosure of information subject to the attorney-

23 client privilege, the attorney work-product doctrine and other applicable privileges.

24

25 _____

26  [303]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27 bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
   1390794 at *1 (S.D. Cal. May 14, 2009).

28

1    Subject to and without waiving the foregoing general and specific

2  objections, and to the extent not already produced, Mattel will produce responsive,

3  non-privileged documents in its possession, custody or control, if any, that it can

4  locate after a reasonable, good faith search sufficient to identify the Mattel

5  employees responsible for designing and developing the MY SCENE products that

6  MGA has accused of infringement.

7  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

8  **TO SHOULD BE COMPELLED**

9    Mattel improperly limits its response to this request to "the MY

10  SCENE products that MGA has accused of infringing."  MGA's broad claims in

11  Phase 2 range from trade dress infringement to serial copying of MGA products.

12  MGA is entitled to discovery on all of its claims.  Mattel has refused to confirm

13  whether or not it has produced all non-privileged responsive documents or whether

14  it is withholding documents based on its limitation or objections.  Under the Federal

15  Rules of Civil Procedure, "an objection to part of a request must specify the part and

16  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

17  fail to explain the basis for an objection with specificity are routinely rejected in the

18  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

19  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

20  harassing' are improper – especially when a party fails to submit any evidentiary

21  declarations supporting such objections").  Accordingly, Mattel must be compelled

22  either to certify that it has produced all non-privileged responsive documents or to

23  produce all such documents by a date certain.

24    To the extent that Mattel is relying on its blanket objections, they are

25  not sustainable and do not justify Mattel's failure to produce documents.

26    As to overbreadth, Mattel provides no explanation, let alone the

27  required particularity, as to *why* this request is supposedly overly broad, nor can it

28  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

1  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

2  contrary, the request is narrowly tailored to seek documents sufficient to identify the

3  individuals who worked or were involved with Mattel's "MY SCENE" products.

4          As to burden, Mattel has not attempted to demonstrate why responding

5  to this request and/or producing responsive documents presents any burden. This

6  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

7  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8  request is unduly burdensome must allege specific facts which indicate the nature

9  and extent of the burden, usually by affidavit or other reliable evidence.")

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

12  has engaged in a broad variety of unfair trade practices including serial copying of

13  MGA products. MGA is entitled to discovery on these claims.

14          This request does not seek documents protected by the attorney-client

15  privilege, the attorney work product doctrine, or other applicable privileges. To the

16  extent that Mattel contends that it does, Mattel must provide a privilege log.

17          Mattel objects that the request contains confidential, proprietary and

18  trade secret information. A Protective Order exists in this case, obviating any

19  concern as to protection of privacy rights and/or commercially sensitive

20  information.

21          MGA has alleged that Mattel has engaged in serial copying of MGA's

22  product lines, including it various dolls, packaging, themes, accessories, and

23  advertising. Mattel's "MY SCENE" is an example of one such accused Mattel

24  product line. Documents sought by this request are discoverable in Phase 2.

25          None of Mattel's improper objections are valid and Mattel is obligated

26  to produce all non-privileged responsive documents in its possession, custody, or

27  control.

28

1 **MATTEL'S RESPONSE:**

2          This Request seeks information relating to products and themes that

3 MGA has never alleged were infringed, and indeed did not even exist when MGA's

4 complaint was filed.  MGA has previously taken the position that documents and

5 communications post-dating the issues in the Complaint are not relevant.  <u>See</u> MGA

6 Parties' Reply In Support of Their Motion to Quash Receiver Subpoenas Issued by

7 Mattel, dated February 13, 2009, at 7 (arguing that MGA's transactions with the

8 Financing Parties were not relevant to Phase 2 because, inter alia, "these events

9 occurred years after [Mattel's] complaint was filed.").[304]  The Discovery Master

10 credited this argument in denying Mattel its requested discovery, ruling that Mattel's

11 requests were not reasonably calculated to lead to the discovery of admissible

12 evidence regarding Mattel's RICO counterclaim because the "RICO counterclaim

13 (like the other counterclaims to be adjudicated in Phase 2) was asserted in July,

14 2007 – more than a year before either Omni 808 Investors, LLC or Vision Capital,

15 LLC came into existence . . . ."  Discovery Matter Order No. 3, dated March 10,

16 2009, at 18.[305]  MGA offers no reason, nor could it consistent with judicial estoppel,

17 why documents post-dating the filing of claims which do not allege continuing

18 wrongdoing are relevant to those claims.  <u>See</u> <u>New Hampshire v. Maine</u>, 532 U.S.

19 742, 749 (2001) ("[W]here a party assumes a certain position in a legal proceeding,

20 and succeeds in maintaining that position, he may not thereafter, simply because his

21 interests have changed, assume a contrary position, especially if it be to the

22 prejudice of the party who has acquiesced in the position formerly taken by him.").

23 Thus, under MGA's own arguments that were accepted by the Discovery Master,

24 the relevant cut-off date for discovery is April 2005, when MGA filed its Complaint.

25

26

27  [304]  Dart Decl., Exh. 6.
    [305]  Dart Decl., Exh. 7.

28

1    Thus, documents identifying employees presently working on MY SCENE are

2    wholly irrelevant.

3          MGA objects to Mattel's limitation that it will produce documents

4    "sufficient to identify the Mattel employees responsible for designing and

5    developing the MY SCENE products that MGA has accused of infringement," but it

6    provides no argument as to why this limitation is inappropriate.  There is simply no

7    relevance to the makers of later MY SCENE dolls for which MGA has made no

8    allegations of copying.  Indeed, the parties previously agreed on the scope of these

9    Requests and Mattel's limitations.[306]  MGA provides no argument on the subject,

10   instead unilaterally claiming that Mattel is required to respond to the request as

11   originally drafted, despite simultaneously acknowledging that a party may object "to

12   part of a request [and] permit inspection of the rest."  MGA's objection to Mattel's

13   limitation is thus without merit.

14          Further, contrary to MGA's statement that Mattel will not confirm that

15   it has produced non-privileged documents, if MGA had met and conferred on these

16   issues, it would have learned that Mattel has already produced all relevant non-

17   privileged documents responsive to this Request.  Indeed, to date Mattel has already

18   produced over 350,000 pages regarding MY SCENE, without limitation by theme or

19   doll, including documents related to its design and development, packaging,

20   advertising, marketing, testing, themes, sales planning, manufacturing and

21   production, among others.[307]  MGA has not provided any basis for asserting that this

22   production is incomplete.  MGA's motion to compel responses to this Request

23   should therefore be denied as moot.

24          There is no basis for overruling Mattel's privilege objection.  MGA's

25   bald assertion that "this request does not seek information protected by the attorney-

26

27   [306]   June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

28

00505.07975/3121201.5

-300-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1  client privilege, the attorney work product doctrine, or other applicable privileges"

2  has no merit.  Documents discussing MY SCENE could very well be subject to a

3  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

4  the parties have agreed that in general "all privileged documents would be logged

5  except for documents created after this action was filed on April 27, 2004."[308]  Thus,

6  to the extent privileged documents fall within the post lawsuit time period, they need

7  not be included on Mattel's log.

8        Similarly, despite the Parties' prior agreement on the scope of this

9  Request, MGA states that "Mattel has not attempted to demonstrate why responding

10  to this request and/or producing responsive documents presents any burden."  Yet,

11  as MGA knows, the Discovery Master has already placed limits on the searches

12  Mattel must make in producing documents, and this objection is only meant to

13  invoke those issues that have already been settled.  See, e.g., Order Denying MGA's

14  Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

15  outstanding emails, holding that Mattel has produced all relevant emails and does

16  not need to consult back-up tapes to complete its production).  MGA should not be

17  permitted to circumvent prior Orders by seeking to overrule Mattel's objections

18  here.

19        Finally, MGA failed to meet and confer at all, much less in good faith,

20  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

21  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

22  the moving party shall first identify each dispute, state the relief sought and identify

23  the authority supporting the requested relief in a meet and confer letter that shall be

24

25   [307]  Webster Decl., ¶ 24.

26   [308]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1  served on all parties by facsimile or electronic mail. The parties shall have five court

2  days from the date of service of that letter to conduct an in-person conference to

3  attempt to resolve the dispute."). At no point during the meet and confer process did

4  the parties discuss this Request or Mattel's response to it.[309] In order to engage in a

5  meaningful meet and confer, MGA had the burden to show the relevance of any

6  requests it sought to move on.[310] Because MGA refused to even attempt to make

7  this showing, there was no possibility of a good faith meet and confer to resolve the

8  parties' disputes. The Discovery Master should deny MGA's motion with respect to

9  this Request on that grounds alone.

10  **REQUEST FOR PRODUCTION NO. 85:**

11        DOCUMENTS, including but not limited to organizational charts,

12  sufficient to identify (by name and job function) all former MATTEL personnel who

13  were ever a member of the primary team that worked on the design and

14  development of "MY SCENE" products.

15  **RESPONSE TO REQUEST NO. 85:**

16        In addition to the general objections stated above which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds that

18  it is overbroad and unduly burdensome, including in that it seeks documents on this

19  subject without limitation as to time, and regardless of whether such documents

20  relate to products or matters at issue in this case. Mattel further objects to the

21  Request on the grounds that it seeks documents that are not relevant to this action or

22  likely to lead to the discovery of admissible evidence. Mattel further objects to this

23  Request on the grounds that it seeks confidential, proprietary and trade secret

24

25        [309]  See Webster Decl., ¶¶ 6-20.

26        [310]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1    information that has no bearing on the claims or defenses in this case.  Mattel further

2    objects to this Request on the grounds that it is duplicative of or subsumed within

3    other requests within this set of requests.  Mattel further objects to this Request on

4    the grounds that it calls for the disclosure of information subject to the attorney-

5    client privilege, the attorney work-product doctrine and other applicable privileges.

6          Subject to and without waiving the foregoing general and specific

7    objections, and to the extent not already produced, Mattel will produce responsive,

8    non-privileged documents in its possession, custody or control, if any, that it can

9    locate after a reasonable, good faith search sufficient to identify the Mattel

10    employees responsible for designing and developing the MY SCENE products that

11    MGA has accused of infringement.

12 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

13 **TO SHOULD BE COMPELLED**

14          Mattel improperly limits its response to this request to "the MY

15    SCENE products that MGA has accused of infringing."  MGA's broad claims in

16    Phase 2 range from trade dress infringement to serial copying of MGA products, and

17    MGA is entitled to discovery on all claims.  Mattel has refused to confirm whether

18    or not it has produced all non-privileged responsive documents or whether it is

19    withholding documents based on its limitation or objections.  Under the Federal

20    Rules of Civil Procedure, "an objection to part of a request must specify the part and

21    permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

22    fail to explain the basis for an objection with specificity are routinely rejected in the

23    Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

24    (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

25    harassing' are improper – especially when a party fails to submit any evidentiary

26    declarations supporting such objections").  Accordingly, Mattel must be compelled

27    either to certify that it has produced all non-privileged responsive documents or to

28    produce all such documents by a date certain.

1    To the extent that Mattel is relying on its blanket objections, they are

2    not sustainable and do not justify Mattel's failure to produce documents.

3    As to overbreadth, Mattel provides no explanation, let alone the

4    required particularity, as to *why* this request is supposedly overly broad, nor can it

5    do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

6    20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

7    contrary, the request is narrowly tailored to seek documents sufficient to identify the

8    individuals who worked or were involved with Mattel's "MY SCENE" products.

9    As to burden, Mattel has not attempted to demonstrate why responding

10   to this request and/or producing responsive documents presents any burden. This

11   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

12   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

13   request is unduly burdensome must allege specific facts which indicate the nature

14   and extent of the burden, usually by affidavit or other reliable evidence.")

15   Moreover, it is not unduly burdensome, as noted above, in that the request is

16   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

17   has engaged in a broad variety of unfair trade practices including serial copying of

18   MGA products. MGA is entitled to discovery on these claims.

19   This request does not seek documents protected by the attorney-client

20   privilege, the attorney work product doctrine, or other applicable privileges. To the

21   extent that Mattel contends that it does, Mattel must provide a privilege log.

22   Mattel objects that the request contains confidential, proprietary and

23   trade secret information. A Protective Order exists in this case, obviating any

24   concern as to protection of privacy rights and/or commercially sensitive

25   information.

26   MGA has alleged that Mattel has engaged in serial copying of MGA's

27   product lines, including it various dolls, packaging, themes, accessories, and

28

1  advertising.  Mattel's "MY SCENE" is an example of one such accused Mattel
2  product line.  Documents sought by this request are discoverable in Phase 2.

3          None of Mattel's improper objections are valid and Mattel is obligated
4  to produce all non-privileged responsive documents in its possession, custody, or
5  control.

6  **MATTEL'S RESPONSE:**

7          MGA objects to Mattel's limitation that it will produce documents
8  "sufficient to identify the Mattel employees responsible for designing and
9  developing the MY SCENE products that MGA has accused of infringement," but it
10  provides no argument as to why this limitation is inappropriate.  Indeed, the parties
11  previously agreed on the scope of these Requests and Mattel's limitations.[311]

12          There is simply no relevance to aspects of MY SCENE to which MGA
13  has made no allegations of copying.  MGA provides no argument on the subject,
14  instead unilaterally claiming that "Mattel is required to respond to the request as
15  originally drafted," despite simultaneously acknowledging that a party may object
16  "to part of a request [and] permit inspection of the rest."  MGA's objection to
17  Mattel's limitation is thus without merit.

18          Moreover, this Request seeks information relating to products and
19  themes that MGA has never alleged were infringed.  Numerous Bratz and MY
20  SCENE dolls have been released since MGA filed its complaint, and thus cannot
21  have been alleged to have been the subject of its trade dress claims for the simple
22  reason that they did not yet exist.  Indeed, MGA has previously taken the position
23  that documents and communications post-dating the issues in the Complaint are not
24  relevant.  <u>See</u> MGA Parties' Reply In Support of Their Motion to Quash Receiver
25  Subpoenas Issued by Mattel, dated February 13, 2009, at 7 (arguing that MGA's

---

[311]  June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

1    transactions with the Financing Parties were not relevant to Phase 2 because, inter
2    alia, "these events occurred years after [Mattel's] complaint was filed.").[312]  The
3    Discovery Master credited this argument in denying Mattel its requested discovery,
4    ruling that Mattel's requests were not reasonably calculated to lead to the discovery
5    of admissible evidence regarding Mattel's RICO counterclaim because the "RICO
6    counterclaim (like the other counterclaims to be adjudicated in Phase 2) was
7    asserted in July, 2007 – more than a year before either Omni 808 Investors, LLC or
8    Vision Capital, LLC came into existence . . . ."  Discovery Matter Order No. 3,
9    dated March 10, 2009, at 18.[313]  MGA offers no reason, nor could it consistent with
10   judicial estoppel, why documents post-dating the filing of claims which do not
11   allege continuing wrongdoing are relevant to those claims.  See New Hampshire v.
12   Maine, 532 U.S. 742, 749 (2001) ("[W]here a party assumes a certain position in a
13   legal proceeding, and succeeds in maintaining that position, he may not thereafter,
14   simply because his interests have changed, assume a contrary position, especially if
15   it be to the prejudice of the party who has acquiesced in the position formerly taken
16   by him.").  Thus, under MGA's own arguments that were accepted by the Discovery
17   Master, the relevant cut-off date for discovery is April 2005, when MGA filed its
18   Complaint.

19           Further, contrary to MGA's statement that Mattel will not confirm that
20   it has produced non-privileged documents, if MGA had met and conferred on these
21   issues, it would have learned that Mattel has already produced all relevant non-
22   privileged documents responsive to this Request.  Indeed, to date Mattel has already
23   produced over 350,000 pages regarding MY SCENE, without limitation by theme or
24   doll, including documents related to its design and development, packaging,
25   advertising, marketing, testing, themes, sales planning, manufacturing and

26
27   [312]   Dart Decl., Exh. 6.
28

1 | production, among others.[314]  MGA has not provided any basis for asserting that this

2 | production is incomplete.  MGA's motion to compel responses to this Request

3 | should therefore be denied as moot.

4 |         There is no basis for overruling Mattel's privilege objection.  MGA's

5 | bald assertion that "this request does not seek information protected by the attorney-

6 | client privilege, the attorney work product doctrine, or other applicable privileges"

7 | has no merit.  Documents discussing MY SCENE could very well be subject to a

8 | claim of privilege or work product protection.  Moreover, as MGA has itself argued,

9 | the parties have agreed that in general "all privileged documents would be logged

10 | except for documents created after this action was filed on April 27, 2004."[315]  Thus,

11 | to the extent privileged documents fall within the post lawsuit time period, they need

12 | not be included on Mattel's log.

13 |         Similarly, despite the Parties' prior agreement on the scope of this

14 | Request, MGA states that "Mattel has not attempted to demonstrate why responding

15 | to this request and/or producing responsive documents presents any burden."  Yet,

16 | as MGA knows, the Discovery Master has already placed limits on the searches

17 | Mattel must make in producing documents, and this objection is only meant to

18 | invoke those issues that have already been settled.  <u>See, e.g.</u>, Order Denying MGA's

19 | Motion to Compel dated April 24, 2008 (denies Motion to Compel on all

20 | outstanding emails, holding that Mattel has produced all relevant emails and does

21 | not need to consult back-up tapes to complete its production).  MGA should not be

22 | permitted to circumvent prior Orders by seeking to overrule Mattel's objections

23 | here.

---

[313]   Dart Decl., Exh. 7.

[314]   Webster Decl., ¶ 24.

1    Finally, MGA failed to meet and confer at all, much less in good faith,

2  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4  the moving party shall first identify each dispute, state the relief sought and identify

5  the authority supporting the requested relief in a meet and confer letter that shall be

6  served on all parties by facsimile or electronic mail. The parties shall have five court

7  days from the date of service of that letter to conduct an in-person conference to

8  attempt to resolve the dispute.").  At no point during the meet and confer process did

9  the parties discuss this Request or Mattel's response to it.[316]  In order to engage in a

10  meaningful meet and confer, MGA had the burden to show the relevance of any

11  requests it sought to move on.[317]  Because MGA refused to even attempt to make

12  this showing, there was no possibility of a good faith meet and confer to resolve the

13  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

14  this Request on that grounds alone.

15  **REQUEST FOR PRODUCTION NO. 86:**

16    DOCUMENTS sufficient to describe fully MATTEL's document

17  retention policies (including its policies with respect to the retention or destruction

18  of physical documents, physical objects, samples or specimens, electronic mail and

19  other electronic documents) in effect at any time since January 2001.

---

[315]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

[316]  See Webster Decl., ¶¶ 6-20.

[317]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

1 **RESPONSE TO REQUEST NO. 86:**

2          In addition to the general objections stated above which are

3 incorporated herein by reference, Mattel objects to this Request on the grounds that

4 it is overbroad and unduly burdensome, including in that it seeks documents on this

5 subject regardless of whether such documents relate to products or matters at issue

6 in this case and in its groundless assumption that Mattel has a policy to destroy

7 documents or other evidence.  Mattel further objects to the Request on the grounds

8 that it seeks documents that are not relevant to this action or likely to lead to the

9 discovery of admissible evidence.  Mattel further objects to this Request on the

10 grounds that it calls for the disclosure of information subject to the attorney-client

11 privilege, the attorney work-product doctrine and other applicable privileges.

12          Without waiving, and subject to, the foregoing general and specific

13 objections Mattel will produce responsive, non-privileged documents within its

14 possession, custody or control, if any, that it can locate after a reasonable, good faith

15 search relating to the retention of categories of documents for products that MGA

16 has accused of infringement.

17 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

18 **TO SHOULD BE COMPELLED**

19          Mattel has improperly limited its agreement to produce documents in

20 response to documents relating to the retention of "categories of documents for

21 products that MGA has accused of infringement," subject to its objections.  MGA

22 seeks on order compelling Mattel to confirm that it is not withholding based on this

23 limitation or its objections.  Under the Federal Rules of Civil Procedure, "an

24 objection to part of a request must specify the part and permit inspection of the rest."

25 Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an

26 objection with specificity are routinely rejected in the Central District.  See A.

27 Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

28 or boilerplate objections such as 'overly burdensome and harassing' are improper –

1  especially when a party fails to submit any evidentiary declarations supporting such

2  objections"). Mattel must be compelled either to certify that it has produced all non-

3  privileged responsive documents or to produce all such documents by a date certain.

4        To the extent that Mattel is relying on its blanket objections, they are

5  not sustainable and do not justify Mattel's failure to produce documents.

6        As to overbreadth, Mattel provides no explanation, let alone the

7  required particularity, as to *why* this request is supposedly overly broad, nor can it

8  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

9  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

10  contrary, the request is narrowly tailored to seek documents concerning Mattel's

11  document retention and destruction policies within a discrete time frame.

12        As to burden, Mattel has not attempted to demonstrate why responding

13  to this request and/or producing responsive documents presents any burden. This

14  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

15  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

16  request is unduly burdensome must allege specific facts which indicate the nature

17  and extent of the burden, usually by affidavit or other reliable evidence.")

18  Moreover, it is not unduly burdensome, as noted above, in that the request is

19  narrowly tailored to seek only discoverable evidence.

20        This request does not seek documents protected by the attorney-client

21  privilege, the attorney work product doctrine, or other applicable privileges. To the

22  extent that Mattel contends that it does, Mattel must provide a privilege log.

23        Mattel's document retention and destruction policies and any changes

24  thereto in light of this litigation are likely to evidence the relevant repositories of

25  discoverable information in this action and any destruction of relevant materials to

26  the extent that it has occurred, among other things. Accordingly, Mattel's objection

27  to the relevance of this request is unfounded.

28

00505.07975/3121201.5

-310-

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1    None of Mattel's improper objections are valid and Mattel is obligated
2  to produce all non-privileged responsive documents in its possession, custody, or
3  control.

4  **MATTEL'S RESPONSE:**

5    In connection with MGA's motion for terminating sanctions and
6  motions to compel, Mattel has clearly laid out its retention policies and its attempts
7  to preserve evidence regarding this litigation.[318]  Indeed, MGA even had the
8  opportunity to cross-examine Mattel's counsel as to this issue.[319]  MGA's motion
9  should therefore be denied as moot.

10    MGA's argument that it is entitled to these documents fails on the
11  merits in any event.  MGA bears the burden of showing that its discovery meets the
12  relevance requirements of Rule 26(b)(1).[320]  MGA argues in conclusory fashion that
13  the information about Mattel's retention policies is relevant to showing "any
14  destruction of relevant materials to the extent it has occurred."  But MGA nowhere
15  shows how or ties information about all of Mattel's facilities throughout the world is
16  pertinent to any claim or defense in this suit.  Indeed, MGA does not even explain
17  what the "relevant materials" purportedly are.  Morover, MGA's unsupported
18  arguments about alleged destruction have already been the subject of an evidentiary
19

20  [318]  See Affidavit of Michael Moore in Support of Mattel, Inc.'s Opposition to
21  MGA Entertainment, Inc.'s Motion for Terminating Sanctions Due to Spoliation of
    Evidence, dated September 10, 2007, Dart Decl., Exh. 34; Declaration of Peter
22  Garza in Support of Mattel, Inc.'s Opposition to MGA's Motion to Compel Mattel
    to Produce E-Mail, dated January 31, 2008, Dart Decl., Exh. 36; Declaration of
23  Michael Moore in Support of Mattel, Inc.'s Opposition to MGA Entertainment,
24  Inc.'s Motion for Terminating Sanctions, dated August 13, 2007, Dart Decl., Exh.
    37.
25  [319]  Hearing Tr. dated August 27, 2007, at 83:7-104:19, Dart Decl., Exh. 38.
26  [320]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. 2009).
28

1 | hearing and a Court ruling that found that there is no evidence of any document
2 | destruction by Mattel in this litigation.[321]  Specifically, Judge Larson found MGA's
3 | assertions of evidence destruction to be "nothing more than rhetoric laced with
4 | hyperbole" and "sheer speculation, unsupported by evidence."[322]

5 |       Despite the fact that MGA has all the documents it needs, MGA
6 | nevertheless seeks to overrule all of Mattel's objections.  This would be
7 | inappropriate.  For example, there is no basis for overruling Mattel's privilege
8 | objection.  MGA's bald assertion that "this request does not seek information
9 | protected by the attorney-client privilege, the attorney work product doctrine, or
10 | other applicable privileges" has no merit.  Documents discussing retention policies
11 | could very well be subject to a claim of privilege or work product protection.
12 | Moreover, as MGA has itself argued, the parties have agreed that in general "all
13 | privileged documents would be logged except for documents created after this
14 | action was filed on April 27, 2004."[323]  Thus, to the extent privileged documents fall
15 | within the post lawsuit time period, they need not be included on Mattel's log.

16 |       Similarly, MGA states that "Mattel has not attempted to demonstrate
17 | why responding to this request and/or producing responsive documents presents any
18 | burden."  Yet, as MGA knows, the Discovery Master has already placed limits on
19 | the searches Mattel must make in producing documents, and this objection is only
20 | meant to invoke those issues that have already been settled.  See, e.g., Order
21 | Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel
22 | on all outstanding emails, holding that Mattel has produced all relevant emails and

_____

24 | [321]  See August 27, 2007 Order Denying Motion for Terminating Sanctions, at 4,
25 | Dart Decl., Exh. 15.
       [322]  Id.
26 | [323]  See Order Denying Mattel's Motion for Protective Order Limiting the
27 | Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
       3.
28 |

1  does not need to consult back-up tapes to complete its production).  MGA should

2  not be permitted to circumvent prior Orders by seeking to overrule Mattel's

3  objections here.

4             Finally, MGA failed to meet and confer at all, much less in good faith,

5  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

6  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

7  the moving party shall first identify each dispute, state the relief sought and identify

8  the authority supporting the requested relief in a meet and confer letter that shall be

9  served on all parties by facsimile or electronic mail. The parties shall have five court

10  days from the date of service of that letter to conduct an in-person conference to

11  attempt to resolve the dispute.").   At no point during the meet and confer process

12  did the parties discuss this Request or Mattel's response to it.[324]  In order to engage

13  in a meaningful meet and confer, MGA had the burden to show the relevance of any

14  requests it sought to move on.[325]   Because MGA refused to even attempt to make

15  this showing, there was no possibility of a good faith meet and confer to resolve the

16  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

17  this Request on that grounds alone.

18  **REQUEST FOR PRODUCTION NO. 87:**

19             DOCUMENTS sufficient to describe fully MATTEL's actions to

20  preserve DOCUMENTS in response to the COMPLAINT and the document

21  retention letter from Diana M.  Torres, Esq.  to Robert Normile, Esq.  dated April

22  16, 2005.

23

24

25      [324]  See Webster Decl., ¶¶ 6-20.

26      [325]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1 | **RESPONSE TO REQUEST NO. 87:**

2 |         In addition to the general objections stated above which are

3 | incorporated herein by reference, Mattel objects to this Request on the grounds that

4 | it is overbroad and unduly burdensome, including in that it seeks all documents on

5 | this subject regardless of whether such documents relate to products or matters at

6 | issue in this case. Mattel further objects to the Request on the grounds that it seeks

7 | documents that are not relevant to this action or likely to lead to the discovery of

8 | admissible evidence. Mattel further objects to this Request on the grounds that it

9 | calls for the disclosure of information subject to the attorney-client privilege, the

10 | attorney work-product doctrine and other applicable privileges.

11 |         Without waiving, and subject to, the foregoing general and specific

12 | objections Mattel will produce responsive, non-privileged documents within its

13 | possession, custody or control, if any, that it can locate after a reasonable, good faith

14 | search relating to the retention of categories of documents for products that MGA

15 | has accused of infringement.

16 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

17 | **TO SHOULD BE COMPELLED**

18 |         Mattel has improperly limited its agreement to produce documents in

19 | response to documents relating to the retention of "categories of documents for

20 | products that MGA has accused of infringement," subject to its objections. MGA

21 | seeks on order compelling Mattel to confirm that it is not withholding based on this

22 | limitation or its objections. Under the Federal Rules of Civil Procedure, "an

23 | objection to part of a request must specify the part and permit inspection of the rest."

24 | Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an

25 | objection with specificity are routinely rejected in the Central District. See A.

26 | Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general

27 | or boilerplate objections such as 'overly burdensome and harassing' are improper –

28 | especially when a party fails to submit any evidentiary declarations supporting such

1   objections"). Mattel must be compelled either to certify that it has produced all non-
2   privileged responsive documents or to produce all such documents by a date certain.

3           To the extent that Mattel is relying on its blanket objections, they are
4   not sustainable and do not justify Mattel's failure to produce documents.

5           As to overbreadth, Mattel provides no explanation, let alone the
6   required particularity, as to **why** this request is supposedly overly broad, nor can it
7   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
8   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
9   contrary, the request is narrowly tailored to seek documents concerning preservation
10  efforts, or lack thereof, in response to a particular letter.

11          As to burden, Mattel has not attempted to demonstrate why responding
12  to this request and/or producing responsive documents presents any burden. This
13  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
14  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
15  request is unduly burdensome must allege specific facts which indicate the nature
16  and extent of the burden, usually by affidavit or other reliable evidence.")
17  Moreover, it is not unduly burdensome, as noted above, in that the request is
18  narrowly tailored to seek only discoverable evidence.

19          This request does not seek documents protected by the attorney-client
20  privilege, the attorney work product doctrine, or other applicable privileges. To the
21  extent that Mattel contends that it does, Mattel must provide a privilege log.

22          Mattel's efforts to preserve documents in respons to this litigation are
23  highly relevant, for example, to MGA's claim of spoliation of evidence.
24  Accordingly, Mattel's objection to the relevance of this request is unfounded.

25          None of Mattel's improper objections are valid and Mattel is obligated
26  to produce all non-privileged responsive documents in its possession, custody, or
27  control.

28

**MATTEL'S RESPONSE:**

In connection with MGA's motion for terminating sanctions and motions to compel, Mattel has clearly laid out its retention policies and its attempts to preserve evidence regarding this litigation.[326]  Indeed, MGA even had the opportunity to cross-examine Mattel's counsel as to this issue.[327]  MGA's motion should therefore be denied as moot.

MGA's argument that it is entitled to these documents fails on the merits in any event.  MGA bears the burden of showing that its discovery meets the relevance requirements of Rule 26(b)(1).[328]  MGA argues in conclusory fashion that the information about Mattel's retention policies is relevant to showing "any destruction of relevant materials to the extent it has occurred."  But MGA nowhere shows how or ties information about all of Mattel's facilities throughout the world is pertinent to any claim or defense in this suit.  Indeed, MGA does not even explain what the "relevant materials" purportedly are.  Morover, MGA's unsupported arguments about alleged destruction have already been the subject of an evidentiary hearing and a Court ruling that found that there is no evidence of any document

---

[326]  See Affidavit of Michael Moore in Support of Mattel, Inc.'s Opposition to MGA Entertainment, Inc.'s Motion for Terminating Sanctions Due to Spoliation of Evidence, dated September 10, 2007, Dart Decl., Exh. 34; Declaration of Peter Garza in Support of Mattel, Inc.'s Opposition to MGA's Motion to Compel Mattel to Produce E-Mail, dated January 31, 2008, Dart Decl., Exh. 36; Declaration of Michael Moore in Support of Mattel, Inc.'s Opposition to MGA Entertainment, Inc.'s Motion for Terminating Sanctions, dated August 13, 2007, Dart Decl., Exh. 37.
[327]  Hearing Tr. dated August 27, 2007, at 83:7-104:19, Dart Decl., Exh. 38.
[328]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. 2009).

destruction by Mattel in this litigation.[329]  Specifically, Judge Larson found MGA's assertions of evidence destruction to be "nothing more than rhetoric laced with hyperbole" and "sheer speculation, unsupported by evidence."[330]

Despite the fact that MGA has all the documents it needs, MGA nevertheless seeks to overrule all of Mattel's objections.  This would be inappropriate.  For example, there is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit.  Documents discussing the instant litigation necessarily would include documents subject to a claim of privilege or work product protection.  Moreover, as MGA has itself argued, the parties have agreed that in general "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[331]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Similarly, MGA states that "Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden."  Yet, as MGA knows, the Discovery Master has already placed limits on the searches Mattel must make in producing documents, and this objection is only meant to invoke those issues that have already been settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel on all outstanding emails, holding that Mattel has produced all relevant emails and

---

[329]  See August 27, 2007 Order Denying Motion for Terminating Sanctions, at 4, Dart Decl., Exh. 15.
[330]  Id.
[331]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1  does not need to consult back-up tapes to complete its production).  MGA should
2  not be permitted to circumvent prior Orders by seeking to overrule Mattel's
3  objections here.

4          Finally, MGA failed to meet and confer at all, much less in good faith,
5  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
6  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
7  the moving party shall first identify each dispute, state the relief sought and identify
8  the authority supporting the requested relief in a meet and confer letter that shall be
9  served on all parties by facsimile or electronic mail. The parties shall have five court
10  days from the date of service of that letter to conduct an in-person conference to
11  attempt to resolve the dispute.").   At no point during the meet and confer process
12  did the parties discuss this Request or Mattel's response to it.[332]  In order to engage
13  in a meaningful meet and confer, MGA had the burden to show the relevance of any
14  requests it sought to move on.[333]   Because MGA refused to even attempt to make
15  this showing, there was no possibility of a good faith meet and confer to resolve the
16  parties' disputes.  The Discovery Master should deny MGA's motion with respect to
17  this Request on that grounds alone.

18  **REQUEST FOR PRODUCTION NO. 88:**

19          DOCUMENTS sufficient to identify all DOCUMENTS REFERRING
20  OR RELATING TO "MY SCENE," "BRATZ," MGA or LARIAN that have been
21  destroyed or discarded since April 16, 2005.

[332]  See Webster Decl., ¶¶ 6-20.
[333]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
1390794 at *1 (S.D. Cal. May 14, 2009).

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

**RESPONSE TO REQUEST NO. 88:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in its groundless assumption that Mattel has destroyed or discarded discovery of relevant evidence. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Without waiving, and subject to, the foregoing general and specific objections Mattel will produce responsive, non-privileged documents within its possession, custody or control, if any, that it can locate after a reasonable, good faith search relating to the retention of categories of documents for MY SCENE products that MGA has accused of infringement or for Bratz products that MGA has alleged were infringed.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has improperly limited its agreement to produce documents in response to documents relating to the retention of "categories of documents for MY SCENE products that MGA has accused of infringement or for Bratz products that MGA has alleged were infringed," subject to its objections. MGA seeks on order compelling Mattel to confirm that it is not withholding based on this limitation or its objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate

1   objections such as 'overly burdensome and harassing' are improper – especially
2   when a party fails to submit any evidentiary declarations supporting such
3   objections"). Mattel must be compelled either to certify that it has produced all non-
4   privileged responsive documents or to produce all such documents by a date certain.

5       To the extent that Mattel is relying on its blanket objections, they are
6   not sustainable and do not justify Mattel's failure to produce documents.

7       As to overbreadth, Mattel provides no explanation, let alone the
8   required particularity, as to *why* this request is supposedly overly broad, nor can it
9   do so.

10      This objection is therefore improper. Order No. 17, dated April 14,
11  2009, at 20 (overruling objections not stated with specificity), Rutowski Decl.
12  Ex. 58. To the contrary, the request is narrowly tailored to seek documents
13  concerning Mattel's destruction of documents relating to "MY SCENE," "BRATZ,"
14  MGA or LARIAN within a discrete and short time frame.

15      As to burden, Mattel has not attempted to demonstrate why responding
16  to this request and/or producing responsive documents presents any burden. This
17  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
18  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
19  request is unduly burdensome must allege specific facts which indicate the nature
20  and extent of the burden, usually by affidavit or other reliable evidence.")
21  Moreover, it is not unduly burdensome, as noted above, in that the request is
22  narrowly tailored to seek only discoverable evidence.

23      This request does not seek documents protected by the attorney-client
24  privilege, the attorney work product doctrine, or other applicable privileges. To the
25  extent that Mattel contends that it does, Mattel must provide a privilege log.

26      Mattel's document destruction during the course of this litigation is
27  likely to provide evidence that will support or refute MGA's affirmative defense

28

1 relating to spoliation of evidence.  Accordingly, Mattel's objection to the relevance

2 of this request is unfounded.

3          None of Mattel's improper objections are valid and Mattel is obligated

4 to produce all non-privileged responsive documents in its possession, custody, or

5 control.

6 **MATTEL'S RESPONSE:**

7          In connection with MGA's motion for terminating sanctions and

8 motions to compel, Mattel Mattel has clearly laid out its retention policies and its

9 attempts to preserve evidence regarding this litigation.[334]  Indeed, MGA even had

10 the opportunity to cross-examine Mattel's counsel as to this issue.[335]  MGA therefore

11 has all the information it needs on this subject.

12          Moreover, taken on its face, this Request is massively overbroad, and is

13 similar to Requests that have already explicitly been rejected by the prior Discovery

14 Master.  In the May 22, 2007 Order, the Discovery Master ███████████████

15 ████████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████████

17 █████████████████████████ „336

18          The Discovery Master had good reason to do so.  As discussed in

19 Mattel's Opposition to that motion, there are an incalculable number of such

20 _____

21    [334]   See Affidavit of Michael Moore in Support of Mattel, Inc.'s Opposition to

22 MGA Entertainment, Inc.'s Motion for Terminating Sanctions Due to Spoliation of
Evidence, dated September 10, 2007, Dart Decl., Exh. 34; Declaration of Peter

23 Garza in Support of Mattel, Inc.'s Opposition to MGA's Motion to Compel Mattel

24 to Produce E-Mail, dated January 31, 2008, Dart Decl., Exh. 36; Declaration of
Michael Moore in Support of Mattel, Inc.'s Opposition to MGA Entertainment,

25 Inc.'s Motion for Terminating Sanctions, dated August 13, 2007, Dart Decl., Exh.

26 37.

    [335]   Hearing Tr. dated August 27, 2007, at 83:7-104:19, Dart Decl., Exh. 38.

27    [336]   May 22, 2007 Order at 17, Dart Decl., Exh. 5.

28

1 | documents that are completely irrelevant to this suit, and it would be a heavy burden
2 | on Mattel to determine which of these documents were maintained.



337 See Pantel Decl. at ¶ 9, Dart Decl., Exh. 31.
338 Id. at ¶ 10.
339 Id.
340 P. Moore Decl. ¶ 7, Dart Decl., Exh. 32.
341 Id.

00505.07975/3121201.5

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)



343

9          MGA's argument that it is entitled to these documents fails on the

10    merits in any event.  MGA bears the burden of showing that its discovery meets the

11    relevance requirements of Rule 26(b)(1).[344]  MGA argues in conclusory fashion that

12    the information about Mattel's retention policies is relevant to showing "any

13    destruction of relevant materials to the extent it has occurred."  But MGA nowhere

14    shows how or ties information about all of Mattel's facilities throughout the world is

15    pertinent to any claim or defense in this suit.  Indeed, MGA does not even explain

16    what the "relevant materials" purportedly are.  Morover, MGA's unsupported

17    arguments about alleged destruction have already been the subject of an evidentiary

18    hearing and a Court ruling that found that there is no evidence of any document

19    destruction by Mattel in this litigation.[345]  Specifically, Judge Larson found MGA's

20

21

22

23    [342]  Id. at ¶11.
24    [343]  Pantel Decl. at ¶ 12, P. Moore Decl. ¶ 7.
25    [344]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
26    1390794 at *1 (S.D. Cal. 2009).
27    [345]  See August 27, 2007 Order Denying Motion for Terminating Sanctions, at 4, Dart Decl., Exh. 15.
28

assertions of evidence destruction to be "nothing more than rhetoric laced with
hyperbole" and "sheer speculation, unsupported by evidence."[346]

Despite the fact that MGA has all the documents it needs, MGA
nevertheless seeks to overrule all of Mattel's objections. This would be
inappropriate. For example, there is no basis for overruling Mattel's privilege
objection. MGA's bald assertion that "this request does not seek information
protected by the attorney-client privilege, the attorney work product doctrine, or
other applicable privileges" has no merit. Documents discussing retention policies
could very well be subject to a claim of privilege or work product protection.
Moreover, as MGA has itself argued, the parties have agreed that in general "all
privileged documents would be logged except for documents created after this
action was filed on April 27, 2004."[347] Thus, to the extent privileged documents fall
within the post lawsuit time period, they need not be included on Mattel's log.

Finally, MGA failed to meet and confer at all, much less in good faith,
regarding this Request prior to filing its Motion. See Phase 2 Discovery Master
Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
the moving party shall first identify each dispute, state the relief sought and identify
the authority supporting the requested relief in a meet and confer letter that shall be
served on all parties by facsimile or electronic mail. The parties shall have five court
days from the date of service of that letter to conduct an in-person conference to
attempt to resolve the dispute."). At no point during the meet and confer process
did the parties discuss this Request or Mattel's response to it.[348] In order to engage
in a meaningful meet and confer, MGA had the burden to show the relevance of any

---

[346] Id.
[347] See Order Denying Mattel's Motion for Protective Order Limiting the
Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
3.

1   requests it sought to move on.[349]   Because MGA refused to even attempt to make

2   this showing, there was no possibility of a good faith meet and confer to resolve the

3   parties' disputes.  The Discovery Master should deny MGA's motion with respect to

4   this Request on that grounds alone.

5   **REQUEST FOR PRODUCTION NO. 90:**

6           All DOCUMENTS REFERRING OR RELATING TO the commercial

7   success or recognition of "MY SCENE" including, without limitation, MARKET

8   RESEARCH.

9   **RESPONSE TO REQUEST NO. 90:**

10          In addition to the general objections stated above which are

11  incorporated herein by reference, Mattel objects to this Request on the grounds that

12  it is overbroad and unduly burdensome, including in that it seeks all documents on

13  this subject without limitation as to time, and regardless of whether such documents

14  relate to products or matters at issue in this case.  Mattel further objects to this

15  Request as vague and ambiguous and as duplicative of other Requests propounded

16  by MGA and/or Bryant, including Requests included in this set of Requests.  Mattel

17  further objects to the Request on the grounds that it seeks documents that are not

18  relevant to this action or likely to lead to the discovery of admissible evidence.

19  Mattel further objects to this Request on the grounds that it seeks confidential,

20  proprietary and trade secret information that has no bearing on the claims or

21  defenses in this case.  Mattel further objects to this Request on the grounds that it is

22  duplicative of or subsumed within other requests within this set of requests.  Mattel

23  further objects to this Request on the grounds that it calls for the disclosure of

24

25      [348]   See Webster Decl., ¶¶ 6-20.

26      [349]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL

27  1390794 at *1 (S.D. Cal. May 14, 2009).

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET ONE)

1 | information subject to the attorney-client privilege, the attorney work-product
2 | doctrine and other applicable privileges.

3 |       Subject to and without waiving the foregoing general and specific
4 | objections, and to the extent not already produced, Mattel will produce responsive,
5 | non-privileged documents in its possession, custody or control, if any, that it can
6 | locate after a reasonable, good faith search sufficient to show the overall sales of the
7 | MY SCENE products that MGA has accused of infringement.

8 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9 | **TO SHOULD BE COMPELLED**

10 |       Mattel has improperly limited its agreement to produce documents in
11 | response to this request, subject to its improper boilerplate objections.  Mattel has
12 | refused to confirm whether or not it has produced all non-privileged responsive

13 |       documents or whether it is withholding documents based on its
14 | objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to
15 | part of a request must specify the part and permit inspection of the rest."  Fed. R.
16 | Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection
17 | with specificity are routinely rejected in the Central District.  See <u>A. Farber and</u>
18 | <u>Partners, Inc. v. Garber,</u> 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or
19 | boilerplate objections such as 'overly burdensome and harassing' are improper –
20 | especially when a party fails to submit any evidentiary declarations supporting such
21 | objections").  Accordingly, Mattel must be compelled either to certify that it has
22 | produced all non-privileged responsive documents or to produce all such documents
23 | by a date certain.

24 |       To the extent that Mattel is relying on its blanket objections, they are
25 | not sustainable and do not justify Mattel's failure to produce documents.

26 |       As to overbreadth, Mattel provides no explanation, let alone the
27 | required particularity, as to ***why*** this request is supposedly overly broad, nor can it
28 | do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

1   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

2   contrary, the request is narrowly tailored to seek documents concerning the

3   commercial success or recognition of "MY SCENE" including market research.

4          As to burden, Mattel has not attempted to demonstrate why responding

5   to this request and/or producing responsive documents presents any burden.  This

6   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

7   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

8   request is unduly burdensome must allege specific facts which indicate the nature

9   and extent of the burden, usually by affidavit or other reliable evidence.")

10  Moreover, it is not unduly burdensome, as noted above, in that the request is

11  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

12  has engaged in a broad variety of unfair trade practices including serial copying of

13         MGA products and trade dress infringement.  MGA is entitled to

14  discovery on these claims.

15         This request does not seek documents protected by the attorney-client

16  privilege, the attorney work product doctrine, or other applicable privileges.  To the

17  extent that Mattel contends that it does, Mattel must provide a privilege log.

18         Mattel objects that the request contains confidential, proprietary and

19  trade secret information.  A Protective Order exists in this case, obviating any

20  concern as to protection of privacy rights and/or commercially sensitive

21  information.

22         Mattel objects that the request is duplicative or subsumed within prior

23  requests but does not identify the allegedly duplicative requests.  Mattel's failure to

24  agree to produce responsive non-privileged documents is not proper based on this

25  objection.

26         As for relevancy, Mattel has not attempted to demonstrate why the

27  information sought in response to this request is not discoverable in Phase 2.  On the

28  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

1   product lines, including it various dolls, packaging, themes, accessories, and

2   advertising.  Mattel's "MY SCENE" is an example of one such accused Mattel

3   product line.  Documents related to the commercial success or recognition including

4   market research of "MY SCENE" products by Mattel and their success, or lack

5   thereof, are discoverable in Phase 2 and highly relevant to MGA's claims.

6          Mattel limits its response to "sufficient to show the overall sales of the

7   MY SCENE products that MGA has accused of infringement."  Such a limitation is

8   unjustified.  The request seeks information about the commercial success or

9   recognition of "MY SCENE" including market research.  In addition to overall

10  sales, documents such as market research reports showing the relative success of

11  "MY SCENE" and "BRATZ" would clearly be relevant to MGA's claims and

12  defenses, including MGA's claim that when Mattel's products failed it began to copy

13  MGA's successful products.  MGA has also brought an unfair competition claim

14  based on Mattel's serial copying of MGA's products.  MGA is entitled to discovery

15  on all aspects of its claims and not just on overall sales and its infringement theory.

16         None of Mattel's improper objections are valid and Mattel is obligated

17  to produce all non-privileged responsive documents in its possession, custody, or

18  control.

19  **MATTEL'S RESPONSE:**

20         On its face, this Request is overbroad and unduly burdensome for the

21  same reasons as discussed in the May 22, 2007 Order. ███████████████████

22  ████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████

24  ████████████████████████████████████████████████████

25  ████████████████████████████████████████████████████

26  ████████████████████████████████████████████████████

27  ████████████████████████████████████████████████████

28  ██████████████████████████████████████████

00505.07975/3121201.5

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET ONE)



[350]

[351]

[352]

Indeed, this Request is also overbroad in that it is unlimited in time, and thus seeks information relating to products and themes that MGA has never alleged infringed, and indeed did not even exist when MGA's complaint was filed.

[350] Hernandez Decl. ¶ 7, Dart Decl., Exh. 33.
[351] Bric Decl. ¶ 12, Dart Decl., Exh. 33.
[352] Id. ¶ 12, Hernandez Decl. ¶ 7, Dart Decl., Exh. 33.

1 │ MGA has previously taken the position that documents and communications post-
2 │ dating the issues in the Complaint are not relevant.  See MGA Parties' Reply In
3 │ Support of Their Motion to Quash Receiver Subpoenas Issued by Mattel, dated
4 │ February 13, 2009, at 7 (arguing that MGA's transactions with the Financing Parties
5 │ were not relevant to Phase 2 because, inter alia, "these events occurred years after
6 │ [Mattel's] complaint was filed.").[353]  The Discovery Master credited this argument in
7 │ denying Mattel its requested discovery, ruling that Mattel's requests were not
8 │ reasonably calculated to lead to the discovery of admissible evidence regarding
9 │ Mattel's RICO counterclaim because the "RICO counterclaim (like the other
10 │ counterclaims to be adjudicated in Phase 2) was asserted in July, 2007 – more than a
11 │ year before either Omni 808 Investors, LLC or Vision Capital, LLC came into
12 │ existence . . . ."  Discovery Matter Order No. 3, dated March 10, 2009, at 18.[354]
13 │ MGA offers no reason, nor could it consistent with judicial estoppel, why
14 │ documents post-dating the filing of claims which do not allege continuing
15 │ wrongdoing are relevant to those claims.  See New Hampshire v. Maine, 532 U.S.
16 │ 742, 749 (2001) ("[W]here a party assumes a certain position in a legal proceeding,
17 │ and succeeds in maintaining that position, he may not thereafter, simply because his
18 │ interests have changed, assume a contrary position, especially if it be to the
19 │ prejudice of the party who has acquiesced in the position formerly taken by him.").
20 │ Thus, under MGA's own arguments that were accepted by the Discovery Master,
21 │ the relevant cut-off date for discovery is April 2005, when MGA filed its Complaint.
22 │         Mattel thus limited its response to state that it would produce
23 │ documents "sufficient to show the overall sales of the MY SCENE products that
24 │ MGA has accused of infringement," which captures the information MGA needs
25 │ without resorting to producing every NPD report Mattel has ever received.  MGA
26 │
27 │ [353]   Dart Decl., Exh. 6.
28 │

1   does not discuss these issues, and instead merely makes conclusory statements that

2   the documents are relevant to its claims, and that Mattel should thus be forced to

3   produce all of them.  Given the burdens such an order would impose, Mattel

4   respectfully submits that it would be inappropriate here.

5           Nor would it be appropriate to overrule Mattel's other objections.  For

6   example, there is no basis for overruling Mattel's privilege objection.  MGA's bald

7   assertion that "this request does not seek information protected by the attorney-client

8   privilege, the attorney work product doctrine, or other applicable privileges" has no

9   merit.  Documents discussing MY SCENE could very well be subject to a claim of

10  privilege or work product protection.  Moreover, as MGA has itself argued, the

11  parties have agreed that in general "all privileged documents would be logged

12  except for documents created after this action was filed on April 27, 2004."[355]  Thus,

13  to the extent privileged documents fall within the post lawsuit time period, they need

14  not be included on Mattel's log.

15          Finally, MGA failed to meet and confer at all, much less in good faith,

16  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

17  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

18  the moving party shall first identify each dispute, state the relief sought and identify

19  the authority supporting the requested relief in a meet and confer letter that shall be

20  served on all parties by facsimile or electronic mail. The parties shall have five court

21  days from the date of service of that letter to conduct an in-person conference to

22  attempt to resolve the dispute.").  At no point during the meet and confer process did

23

24

25  [354]   Dart Decl., Exh. 7.

26  [355]   See Order Denying Mattel's Motion for Protective Order Limiting the
    Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
27  3.

28

1  the parties discuss this Request or Mattel's response to it.[356]  In order to engage in a

2  meaningful meet and confer, MGA had the burden to show the relevance of any

3  requests it sought to move on.[357]  Because MGA refused to even attempt to make

4  this showing, there was no possibility of a good faith meet and confer to resolve the

5  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

6  this Request on that grounds alone.

7  **REQUEST FOR PRODUCTION NO. 91:**

8        All DOCUMENTS REFERRING OR RELATING TO the commercial

9  success or recognition of MGA's "BRATZ" including, without limitation, MARKET

10  RESEARCH.

11  **RESPONSE TO REQUEST NO. 91:**

12        In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case.  Mattel further

17  objects to the Request on the grounds that it seeks documents that are not relevant to

18  this action or likely to lead to the discovery of admissible evidence.  Mattel further

19  objects to this Request on the grounds that it seeks confidential, proprietary and

20  trade secret information that has no bearing on the claims or defenses in this case.

21  Mattel further objects to this Request on the grounds that it is duplicative of or

22  subsumed within other requests within this set of requests.  Mattel further objects to

23  this Request on the grounds that it calls for the disclosure of information subject to

24

25    [356]  See Webster Decl., ¶¶ 6-20.

26    [357]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  the attorney-client privilege, the attorney work-product doctrine and other applicable

2  privileges.

3         Subject to and without waiving the foregoing general and specific

4  objections, and to the extent not already produced, Mattel will produce responsive,

5  non-privileged documents in its possession, custody or control, if any, that it can

6  locate after a reasonable, good faith search sufficient to show the overall sales of the

7  Bratz products that MGA has accused of infringement.

8  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

9  **TO SHOULD BE COMPELLED**

10        Mattel has improperly limited its agreement to produce documents in

11  response to this request, subject to its improper boilerplate objections.  Mattel has

12  refused to confirm whether or not it has produced all non-privileged responsive

13  documents or whether it is withholding documents based on its objections in Phase

14  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

15  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

16  Generic objections that fail to explain the basis for an objection with specificity are

17  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

18  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

19  'overly burdensome and harassing' are improper – especially when a party fails to

20  submit any evidentiary declarations supporting such objections").  Accordingly,

21  Mattel must be compelled either to certify that it has produced all non-privileged

22  responsive documents or to produce all such documents by a date certain.

23        To the extent that Mattel is relying on its blanket objections, they are

24  not sustainable and do not justify Mattel's failure to produce documents.

25        As to overbreadth, Mattel provides no explanation, let alone the

26  required particularity, as to *why* this request is supposedly overly broad, nor can it

27  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

28  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

1   contrary, the request is narrowly tailored to seek documents concerning the

2   commercial success or recognition of "BRATZ," including market research.

3          As to burden, Mattel has not attempted to demonstrate why responding

4   to this request and/or producing responsive documents presents any burden.  This

5   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

6   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

7   request is unduly burdensome must allege specific facts which indicate the nature

8   and extent of the burden, usually by affidavit or other reliable evidence.")

9   Moreover, it is not unduly burdensome, as noted above, in that the request is

10   narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

11   has engaged in a broad variety of unfair trade practices including serial copying of

12   MGA products and trade dress infringement.  MGA is entitled to discovery on these

13   claims.

14          This request does not seek documents protected by the attorney-client

15   privilege, the attorney work product doctrine, or other applicable privileges.  To the

16   extent that Mattel contends that it does, Mattel must provide a privilege log.

17          Mattel objects that the request contains confidential, proprietary and

18   trade secret information.  A Protective Order exists in this case, obviating any

19   concern as to protection of privacy rights and/or commercially sensitive

20   information.

21          Mattel objects that the request is duplicative or subsumed within prior

22   requests but does not identify the allegedly duplicative requests.  Mattel's failure to

23   agree to produce responsive non-privileged documents is not proper based on this

24   objection.

25          As for relevancy, Mattel has not attempted to demonstrate why the

26   information sought in response to this request is not discoverable in Phase 2.  On the

27   contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's

28   product lines, including its BRATZ product line, packaging, themes, accessories,

1 | and advertising.  Documents related to the commercial success or recognition
2 | including market research of "BRATZ" that Mattel has in its possession, custody or
3 | control are discoverable in Phase 2.

4 |       Mattel limits its response to "sufficient to show the overall sales of the
5 | Bratz products that MGA has accused of infringement."  Such a limitation is
6 | unjustified.  The request seeks information about the commercial success or
7 | recognition of "BRATZ" including market research.  In addition to overall sales,
8 | documents such as market research reports showing the relative success of "MY
9 | SCENE" and "BRATZ" would clearly be relevant to MGA's claims and defenses,
10 | including MGA's claim that when Mattel's products failed it began to copy MGA's
11 | successful products.  MGA has also brought an unfair competition claim based on
12 | Mattel's serial copying of MGA's products.  MGA is entitled to discovery on all
13 | aspects its claims, and not just on overall sales and products Mattel unilaterally
14 | determines are accused of infringement.

15 |       None of Mattel's improper objections are valid and Mattel is obligated
16 | to produce all non-privileged responsive documents in its possession, custody, or
17 | control.

18 | **MATTEL'S RESPONSE:**

19 |       On its face, this Request is overbroad and unduly burdensome for the
20 | same reasons as discussed in the May 22, 2007 Order. ████████████████
21 | ████████████████████████████████████████
22 | ██████████████████████████████████████████
23 | █████████████████████████████████████████
24 | ██████████████████████████████████████████
25 | ██████████████████████████████████████████
26 | █████████████████████████████████████████
27 |
28 |

[redacted]

[redacted]

[redacted][360]

Mattel thus limited its response to state that it would produce documents "sufficient to show the overall sales of the Bratz products that MGA has

---

[358] Hernandez Decl. ¶ 7, Dart Decl., Exh. 33.
[359] Bric Decl. ¶ 12, Dart Decl., Exh. 33.
[360] Id. ¶ 12, Hernandez Decl. ¶ 7, Dart Decl., Exh. 33.

1  accused of infringement," which captures the information MGA needs without

2  resorting to producing every NPD report Mattel has ever received.  MGA does not

3  discuss these issues, and instead merely makes conclusory statements that the

4  documents are relevant to its claims, and that Mattel should thus be forced to

5  produce all of them.  Given the burdens such an order would impose, Mattel

6  respectfully submits that it would be inappropriate here.

7          Nor would it be appropriate to overrule Mattel's other objections.  For

8  example, there is no basis for overruling Mattel's privilege objection.  MGA's bald

9  assertion that "this request does not seek information protected by the attorney-client

10 privilege, the attorney work product doctrine, or other applicable privileges" has no

11 merit.  Documents discussing Bratz could very well be subject to a claim of

12 privilege or work product protection.  Moreover, as MGA has itself argued, the

13 parties have agreed that in general "all privileged documents would be logged

14 except for documents created after this action was filed on April 27, 2004."[361]  Thus,

15 to the extent privileged documents fall within the post lawsuit time period, they need

16 not be included on Mattel's log.

17         Finally, MGA failed to meet and confer at all, much less in good faith,

18 regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

19 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

20 the moving party shall first identify each dispute, state the relief sought and identify

21 the authority supporting the requested relief in a meet and confer letter that shall be

22 served on all parties by facsimile or electronic mail. The parties shall have five court

23 days from the date of service of that letter to conduct an in-person conference to

24 attempt to resolve the dispute.").  At no point during the meet and confer process did

25

---

26   [361]  See Order Denying Mattel's Motion for Protective Order Limiting the

27   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
     3.

28

1  the parties discuss this Request or Mattel's response to it.[362]  In order to engage in a

2  meaningful meet and confer, MGA had the burden to show the relevance of any

3  requests it sought to move on.[363]   Because MGA refused to even attempt to make

4  this showing, there was no possibility of a good faith meet and confer to resolve the

5  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

6  this Request on that grounds alone.

7  **REQUEST FOR PRODUCTION NO. 93:**

8           DOCUMENTS sufficient to indicate when a project number was first

9  assigned to "MY SCENE."

10 **RESPONSE TO REQUEST NO. 93:**

11          In addition to the general objections stated above which are

12 incorporated herein by reference, Mattel objects to this Request on the grounds that

13 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

14 documents on this subject without limitation as to time, and regardless of whether

15 such documents relate to products or matters at issue in this case.  Mattel further

16 objects to the Request on the grounds that it seeks documents that are not relevant to

17 this action or likely to lead to the discovery of admissible evidence.  Mattel further

18 objects to this Request on the grounds that it seeks confidential, proprietary and

19 trade secret information that has no bearing on the claims or defenses in this case.

20 Mattel further objects to this Request on the grounds that it calls for the disclosure

21 of information subject to the attorney-client privilege, the attorney work-product

22 doctrine and other applicable privileges.

23

24

25    [362]  See Webster Decl., ¶¶ 6-20.

26    [363]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27 bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
   1390794 at *1 (S.D. Cal. May 14, 2009).

28

1       Subject to and without waiving the foregoing general and specific

2   objections, and to the extent not already produced, Mattel will produce responsive,

3   non-privileged reports in its possession, custody or control, if any, that it can locate

4   after a reasonable, good faith search sufficient to show the assignment of any SKU

5   number for the MY SCENE products that MGA has accused of infringement.

6   **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

7   **TO SHOULD BE COMPELLED**

8       Mattel has improperly limited its agreement to produce documents in

9   response to this request, subject to its improper boilerplate objections.  Mattel has

10  refused to confirm whether or not it has produced all non-privileged responsive

11  documents or whether it is withholding documents based on its objections in Phase

12  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request

13  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).

14  Generic objections that fail to explain the basis for an objection with specificity are

15  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,

16  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

17  'overly burdensome and harassing' are improper – especially when a party fails to

18  submit any evidentiary declarations supporting such objections").  Accordingly,

19  Mattel must be compelled either to certify that it has produced all non-privileged

20  responsive documents or to produce all such documents by a date certain.

21      To the extent that Mattel is relying on its blanket objections, they are

22  not sustainable and do not justify Mattel's failure to produce documents.

23      As to overbreadth, Mattel provides no explanation, let alone the

24  required particularity, as to *why* this request is supposedly overly broad, nor can it

25  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

26  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

27  contrary, the request is narrowly tailored to seek documents sufficient to indicate

28  when a project number was first assigned to "MY SCENE."

1     As to burden, Mattel has not attempted to demonstrate why responding

2  to this request and/or producing responsive documents presents any burden.  This

3  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

4  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

5  request is unduly burdensome must allege specific facts which indicate the nature

6  and extent of the burden, usually by affidavit or other reliable evidence.")

7  Moreover, it is not unduly burdensome, as noted above, in that the request is

8  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

9  has engaged in a broad variety of unfair trade practices, including serial copying of

10     MGA products and trade dress infringement.  MGA is entitled to

11  discovery on these claims.

12     This request does not seek documents protected by the attorney-client

13  privilege, the attorney work product doctrine, or other applicable privileges.  To the

14  extent that Mattel contends that it does, Mattel must provide a privilege log.

15     Mattel objects that the request contains confidential, proprietary and

16  trade secret information.  A Protective Order exists in this case, obviating any

17  concern as to protection of privacy rights and/or commercially sensitive

18  information.

19     Mattel also objects to this request on relevance grounds.  MGA has

20  brought trade dress claims related to "MY SCENE" and has alleged claims of unfair

21  competition based on Mattel's serial copying and imitation of MGA's products.  As

22  such, documents which indicate when a project number was first assigned to "MY

23  SCENE" are highly relevant and likely to lead to the discovery of admissible

24  evidence.

25     Mattel has also improperly limited its agreement to produce by

26  redefining the scope of MGA's request.  While MGA requested documents

27  sufficient to indicate when a project number was first assigned to "MY SCENE,"

28  Mattel has only agreed to produce *reports* sufficient to show the assignment of a

1  SKU number for certain "MY SCENE" products.  Mattel is required to respond to

2  the request as originally drafted by MGA and may not unilaterally narrow and

3  rewrite MGA's requests.

4         None of Mattel's improper objections are valid and Mattel is obligated

5  to produce all non-privileged responsive documents in its possession, custody, or

6  control.

7  **MATTEL'S RESPONSE:**

8         MGA objects to Mattel's limitation that it will produce documents

9  related to "for the MY SCENE products that MGA has accused of infringement,"

10 but it provides no argument as to why this limitation is inappropriate.  Indeed, the

11 parties previously agreed on the scope of these Requests and Mattel's limitations.[364]

12        There is simply no relevance to aspects of MY SCENE to which MGA

13 has made no allegations of copying.  MGA provides no argument on the subject,

14 instead unilaterally claiming that "Mattel is required to respond to the request as

15 originally drafted," despite simultaneously acknowledging that a party may object

16 "to part of a request [and] permit inspection of the rest."  MGA's objection to

17 Mattel's limitation is thus without merit.

18        Further, contrary to MGA's statement that Mattel will not confirm that

19 it has produced non-privileged documents, if MGA had met and conferred on these

20 issues, it would have learned that Mattel has already produced all relevant non-

21 privileged documents responsive to this Request.  Indeed, to date Mattel has already

22 produced over 350,000 pages regarding MY SCENE, without limitation by theme or

23 doll, including documents related to its design and development, packaging,

24 advertising, marketing, testing, themes, sales planning, manufacturing and

25

26

27   [364]  June 26, 2007 Letter from Michael Keats to Tim Alger, Dart Decl., Exh. 30.

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1 | production, among others.[365]  MGA has not provided any basis for asserting that this
2 | production is incomplete.  MGA's motion to compel responses to this Request
3 | should therefore be denied as moot.

4 |       There is no basis for overruling Mattel's privilege objection.  MGA's
5 | bald assertion that "this request does not seek information protected by the attorney-
6 | client privilege, the attorney work product doctrine, or other applicable privileges"
7 | has no merit.  Documents discussing MY SCENE -- directly at issue in this action --
8 | could very well be subject to a claim of privilege or work product protection.
9 | Moreover, as MGA has itself argued, the parties have agreed that in general "all
10 | privileged documents would be logged except for documents created after this
11 | action was filed on April 27, 2004."[366]  Thus, to the extent privileged documents fall
12 | within the post lawsuit time period, they need not be included on Mattel's log.

13 |       Similarly, despite the Parties' prior agreement on the scope of this
14 | Request, MGA states that "Mattel has not attempted to demonstrate why responding
15 | to this request and/or producing responsive documents presents any burden."  Yet,
16 | as MGA knows, the Discovery Master has already placed limits on the searches
17 | Mattel must make in producing documents, and this objection is only meant to
18 | invoke those issues that have already been settled.  <u>See, e.g.</u>, Order Denying MGA's
19 | Motion to Compel dated April 24, 2008 (denies Motion to Compel on all
20 | outstanding emails, holding that Mattel has produced all relevant emails and does
21 | not need to consult back-up tapes to complete its production).  MGA should not be
22 | permitted to circumvent prior Orders by seeking to overrule Mattel's objections
23 | here.

24 |
25 | [365]  Webster Decl., ¶ 24.
26 | [366]  <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the
27 | Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
   | 3.
28 |

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1   Finally, MGA failed to meet and confer at all, much less in good faith,

2   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4   the moving party shall first identify each dispute, state the relief sought and identify

5   the authority supporting the requested relief in a meet and confer letter that shall be

6   served on all parties by facsimile or electronic mail. The parties shall have five court

7   days from the date of service of that letter to conduct an in-person conference to

8   attempt to resolve the dispute.").  At no point during the meet and confer process did

9   the parties discuss this Request or Mattel's response to it.[367]  In order to engage in a

10  meaningful meet and confer, MGA had the burden to show the relevance of any

11  requests it sought to move on.[368]   Because MGA refused to even attempt to make

12  this showing, there was no possibility of a good faith meet and confer to resolve the

13  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

14  this Request on that grounds alone.

15  **REQUEST FOR PRODUCTION NO. 94:**

16  All DOCUMENTS REFERRING OR RELATING TO any

17  COMMUNICATION between MATTEL and any participant in any MARKET

18  RESEARCH REFERRING OR RELATING TO "MY SCENE," MGA or

19  "BRATZ."

20  **RESPONSE TO REQUEST NO. 94:**

21  In addition to the general objections stated above which are

22  incorporated herein by reference, Mattel objects to this Request on the grounds that

23  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

24

25  [367]  See Webster Decl., ¶¶ 6-20.

26  [368]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

00505.07975/3121201.5

1  documents on this subject without limitation as to time, and regardless of whether
2  such documents relate to products or matters at issue in this case.  Mattel further
3  objects to the Request on the grounds that it seeks documents that are not relevant to
4  this action or likely to lead to the discovery of admissible evidence.  Mattel further
5  objects to this Request on the grounds that it seeks confidential, proprietary and
6  trade secret information that has no bearing on the claims or defenses in this case.
7  Mattel further objects to this Request on the grounds that it is duplicative of or
8  subsumed within other requests within this set of requests.  Mattel further objects to
9  this Request on the grounds that it calls for the disclosure of information subject to
10  the attorney-client privilege, the attorney work-product doctrine and other applicable
11  privileges.

12       Subject to and without waiving the foregoing general and specific
13  objections, and to the extent not already produced, Mattel will produce responsive,
14  non-privileged documents in its possession, custody or control, if any, that it can
15  locate after a reasonable, good faith search relating to the aspects of the MY SCENE
16  products that MGA has accused of infringement or the aspects of the Bratz products
17  that MGA claims were infringed thereby.

18  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
19  **TO SHOULD BE COMPELLED**

20       Mattel has improperly limited its agreement to produce documents in
21  response to this request, subject to its improper boilerplate objections.  Mattel has
22  refused to confirm whether or not it has produced all non-privileged responsive
23  documents or whether it is withholding documents based on its objections in Phase
24  2.  Under the Federal Rules of Civil Procedure, "an objection to part of a request
25  must specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).
26  Generic objections that fail to explain the basis for an objection with specificity are
27  routinely rejected in the Central District.  See A. Farber and Partners, Inc. v. Garber,
28  234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as

1   'overly burdensome and harassing' are improper – especially when a party fails to

2   submit any evidentiary declarations supporting such objections"). Accordingly,

3   Mattel must be compelled either to certify that it has produced all non-privileged

4   responsive documents or to produce all such documents by a date certain.

5   　　　　To the extent that Mattel is relying on its blanket objections, they are

6   not sustainable and do not justify Mattel's failure to produce documents.

7   　　　　As to overbreadth, Mattel provides no explanation, let alone the

8   required particularity, as to *why* this request is supposedly overly broad, nor can it

9   do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

10   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

11   contrary, the request is narrowly tailored to seek documents concerning Mattel

12   communications regarding market research of "MY SCENE," "BRATZ," or MGA.

13   　　　　As to burden, Mattel has not attempted to demonstrate why responding

14   to this request and/or producing responsive documents presents any burden. This

15   objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

16   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

17   request is unduly burdensome must allege specific facts which indicate the nature

18   and extent of the burden, usually by affidavit or other reliable evidence.")

19   Moreover, it is not unduly burdensome, as noted above, in that the request is

20   narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

21   has engaged in a broad variety of unfair trade practices including serial copying of

22   MGA products. MGA is entitled to discovery on these claims.

23   　　　　This request does not seek documents protected by the attorney-client

24   privilege, the attorney work product doctrine, or other applicable privileges. To the

25   extent that Mattel contends that it does, Mattel must provide a privilege log.

26   　　　　Mattel objects that the request contains confidential, proprietary and

27   trade secret information. A Protective Order exists in this case, obviating any

28

1  concern as to protection of privacy rights and/or commercially sensitive
2  information.

3        Mattel objects that the request is duplicative or subsumed within prior
4  requests but does not identify the allegedly duplicative requests. Mattel's failure to
5  agree to produce responsive non-privileged documents is not proper based on this
6  objection.

7        As for relevancy, Mattel has not attempted to demonstrate why the
8  information sought in response to this request is not discoverable in Phase 2. On the
9  contrary, MGA has alleged that Mattel has engaged in serial copying of MGA's
10 product lines, including it "BRATZ" product line, packaging, themes, accessories,
11 and advertising. Mattel's "MY SCENE" is an example of one such accused Mattel
12 product line. Documents related to Mattel communications regarding market
13 research of "MY SCENE," "BRATZ," or MGA are highly relevant to MGA's claims
14 and defenses, including MGA's claim that when Mattel's products failed it began to
15 copy MGA's successful products, and are discoverable in Phase 2.

16       Mattel's response to this request is nonsensical. The request seeks
17 documents related to Mattel communications regarding market research of "MY
18 SCENE," MGA or "BRATZ." Mattel responds that it "produce responsive, non-
19 privileged documents ... relating to the MY SCENE products that MGA has
20 accused of infringement or the aspects of the Bratz products that MGA claims were
21 infringed thereby." Mattel's response is non-responsive. MGA's claims against
22 Mattel include both trade dress infringement and unfair competition. MGA is
23 entitled to the requested discovery under all of its claims, not just as to those
24 "aspects" of products that Mattel unilaterally determines are discoverable.

25       None of Mattel's improper objections are valid and Mattel is obligated
26 to produce all non-privileged responsive documents in its possession, custody, or
27 control.

28

1  **MATTEL'S RESPONSE:**

2          This request is essentially identical to another Request that was rejected

3  by the Discovery Master.   Request No. 38 sought: "All  COMMUNICATIONS

4  between  YOU  and  the  Children's  Advertising  Review  Unit  REFERRING  OR

5  RELATING TO MGA, LARIAN, "BRATZ," or MGA PRODUCTS, including but

6  not limited to COMMUNICATIONS as alleged in paragraphs 89, 90, and 91 of the

7  COMPLAINT."   The prior Discovery Master rejected Request No. 38 in his May

8  22, 2007 Order, stating that ███████████████████████████████████

9  ██████████████████████████████████████████████████████████

10 ████████████████████████"[369]  It should be rejected in keeping with the

11 prior Order.

12          The Discovery Master had good reason to do so.  As discussed in

13 Mattel's Opposition to that motion, there are an incalculable number of such

14 documents that are completely irrelevant to this suit, and it would be a heavy burden

15 on Mattel to determine which of these documents were maintained. ██████

16 ████████████████████████████████████████████████████████████

17 █████████████████████████████████████████

18 ███████████████████████████████████████████████

19 ████████████████████████████████████████████████

20 ████████████████████████████████████████████████████

21 ████████████████████████████████████████████████

22 ████████████████████████████████████████████

23

24

25 ────────────────

26 [369]  May 22, 2007 Order at 14, 23-26, Dart Decl., Exh. 5.

27 [370]  See Pantel Decl. at ¶ 9, Dart Decl., Exh. 31.
   [371]  Id. at ¶ 10.
28



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21     376

22          Mattel thus limited its response to state that it would produce

23   documents specifically "relating to the aspects of the MY SCENE products that

24

25   372   Id.

26   373   P. Moore Decl. ¶ 7, Dart Decl., Exh. 32.
     374   Id.
27   375   Id. at ¶11.

28

1  MGA has accused of infringement or the aspects of the Bratz products that MGA

2  claims were infringed thereby," which captures the information MGA needs without

3  resorting to producing every NPD report Mattel has ever received.  Indeed, to date

4  Mattel has already produced over 350,000 pages regarding MY SCENE, without

5  limitation by theme or doll, including documents related to its design and

6  development, packaging, advertising, marketing, testing, themes, sales planning,

7  manufacturing and production, among others.[377]  MGA does not discuss these

8  issues, and instead merely makes conclusory statements that the documents are

9  relevant to its claims, and that Mattel should thus be forced to produce all of them.

10  Given the burdens such an order would impose, Mattel respectfully submits that it

11  would be inappropriate here.

12          Despite Mattel's agreement to produce documents, and the prior

13  Discovery Master's rejection of a virtually identical Request, MGA nevertheless

14  seeks to overrule all of Mattel's objections.  This would be inappropriate.  For

15  example, there is no basis for overruling Mattel's privilege objection.  MGA's bald

16  assertion that "this request does not seek information protected by the attorney-client

17  privilege, the attorney work product doctrine, or other applicable privileges" has no

18  merit.  Documents discussing NPD could very well be subject to a claim of privilege

19  or work product protection.  Moreover, as MGA has itself argued, the parties have

20  agreed that in general "all privileged documents would be logged except for

21  documents created after this action was filed on April 27, 2004."[378]  Thus, to the

22  extent privileged documents fall within the post lawsuit time period, they need not

23  be included on Mattel's log.

24

25

26

27  [376]  Pantel Decl. at ¶ 12, P. Moore Decl. ¶ 7.
   [377]  Webster Decl., ¶ 24.

28

1    Finally, MGA failed to meet and confer at all, much less in good faith,

2  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4  the moving party shall first identify each dispute, state the relief sought and identify

5  the authority supporting the requested relief in a meet and confer letter that shall be

6  served on all parties by facsimile or electronic mail. The parties shall have five court

7  days from the date of service of that letter to conduct an in-person conference to

8  attempt to resolve the dispute.").  At no point during the meet and confer process did

9  the parties discuss this Request or Mattel's response to it.[379]  In order to engage in a

10  meaningful meet and confer, MGA had the burden to show the relevance of any

11  requests it sought to move on.[380]   Because MGA refused to even attempt to make

12  this showing, there was no possibility of a good faith meet and confer to resolve the

13  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

14  this Request on that grounds alone.

15  **REQUEST FOR PRODUCTION NO. 95:**

16    All DOCUMENTS REFERRING OR RELATING TO

17  COMMUNICATIONS that pertain in any way, explicitly or implicitly, to "BRATZ"

18  between LARIAN, BRYANT, Paula Garcia (a.k.a.  Paula Treantafelles), Mercedeh

19  Ward, Victoria O'Connor, or anyone with an email address in the form of

20    _____ @mgae.com, on the one hand, and any of the following, on the other

21  hand:

22

23    [378]   See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25  3.
     [379]   See Webster Decl., ¶¶ 6-20.

26    [380]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
     1390794 at *1 (S.D. Cal. May 14, 2009).

28

1       a)      Ivy Ross

2       b)      Lily Martinez

3       c)      Cassidy Park

4       d)      Margaret Leahy (a.k.a. Margaret Hatch or Margaret Hatch
5 Leahy)

6       e)      Elise Cloonan

7       f)      Anna Rhee

8       g)      any PERSON formerly or currently employed by MATTEL in
9 marketing, sales, design, or development

10       h)      any PERSON who provided services to MATTEL on a contract
11 or temporary basis in marketing, sales, design, or development

12       i)      any shareholders, directors or officers of MATTEL.

13 **RESPONSE TO REQUEST NO. 95:**

14 In addition to the general objections stated above which are

15 incorporated herein by reference, Mattel objects to this Request on the grounds that

16 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17 documents on this subject without limitation as to time, and regardless of whether

18 such documents relate to products or matters at issue in this case. Mattel further

19 objects to the Request on the grounds that it seeks documents that are not relevant to

20 this action or likely to lead to the discovery of admissible evidence. Mattel further

21 objects to this Request on the grounds that it seeks confidential, proprietary and

22 trade secret information that has no bearing on the claims or defenses in this case.

23 Mattel further objects to this Request on the grounds that it calls for the disclosure

24 of information subject to the attorney-client privilege, the attorney work-product

25 doctrine and other applicable privileges.

26

27

28

1 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2 | **TO SHOULD BE COMPELLED**

3        Mattel refuses to produce documents in response to this request, raising
4 only improper objections. Under the Federal Rules of Civil Procedure, "an
5 objection to part of a request must specify the part and permit inspection of the rest."
6 Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an
7 objection with specificity are routinely rejected in the Central District. See A.
8 Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
9 or boilerplate objections such as 'overly burdensome and harassing' are improper –
10 especially when a party fails to submit any evidentiary declarations supporting such
11 objections"). Accordingly, Mattel must be compelled either to certify that it has
12 produced all non-privileged responsive documents or to produce all such documents
13 by a date certain.

14        To the extent that Mattel is relying on its blanket objections, they are
15 not sustainable and do not justify Mattel's failure to produce documents.

16        As to overbreadth, Mattel provides no explanation, let alone the
17 required particularity, as to **why** this request is supposedly overly broad, nor can it
18 do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at
19 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
20 contrary, the request is narrowly tailored to seek documents relating to
21 communications that pertain in any way to "BRATZ" between two discrete groups
22 of people.

23        As to burden, Mattel has not attempted to demonstrate why responding
24 to this request and/or producing responsive documents presents any burden. This
25 objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
26 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
27 request is unduly burdensome must allege specific facts which indicate the nature
28 and extent of the burden, usually by affidavit or other reliable evidence.")

1    Moreover, it is not unduly burdensome, as noted above, in that the

2    request is narrowly tailored to seek only discoverable evidence.

3    As to relevancy, this request seeks communications about "BRATZ"

4    between individuals who were employees or contractors of Mattel, on one hand, and

5    individuals who were employees or contractors of MGA, on the other hand, around

6    the time that Bratz was conceived.  As such, this request seeks information

7    discoverable in this case.

8    Mattel objects that the request contains confidential, proprietary and

9    trade secret information.  A Protective Order exists in this case, obviating any

10   concern as to protection of privacy rights and/or commercially sensitive

11   information.

12   This request does not seek information protected by the attorney-client

13   privilege, the attorney work product doctrine, or other applicable privileges.  To the

14   extent that Mattel contends that it does, Mattel must provide a privilege log.

15   None of Mattel's improper objections are valid and Mattel is obligated

16   to produce all non-privileged responsive documents in its possession, custody, or

17   control.

18   **MATTEL'S RESPONSE:**

19   This request is essentially identical to another Request that was rejected

20   by the Discovery Master.  Request No. 38 sought: "All COMMUNICATIONS

21   between YOU and the Children's Advertising Review Unit REFERRING OR

22   RELATING TO MGA, LARIAN, "BRATZ," or MGA PRODUCTS, including but

23   not limited to COMMUNICATIONS as alleged in paragraphs 89, 90, and 91 of the

24   COMPLAINT."  The prior Discovery Master rejected Request No. 38 in his May

25   22, 2007 Order, stating that ███████████████████████████

26   ███████████████████████████████████████████████████

27

28

1    ███████████████████████████████   It should be rejected in keeping with the

2    prior Order.

3              The Discovery Master had good reason to do so.  As discussed in

4    Mattel's Opposition to that motion, there are an incalculable number of such

5    documents that are completely irrelevant to this suit, and it would be a heavy burden

6    on Mattel to determine which of these documents were maintained.  ████████

7    ████████████████████████████████████████████████████████████████████

8    ███████████████████████████████████████████████████████

9    ██████████████████████████████████████████████

10   ███████████████████████████████████████████████████

11   ████████████████████████████████████████████████████

12   ██████████████████████████████████████████████████

13   ██████████████████████████████████████████████

14   ████████████████████████████████████████████████

15   █████████████████████████████

16       ██████████████████████████████████████████████████████

17   █████████████████████████████████████████████████████

18   ████████████████████████████████████████████████████

19   █████████████████████████████████████████████████████

20   █████████████████████████████████████████████████████

21   █████████████████████████████████████████████████████

22   ████████████████████████████████████████████████████

23

24

25   _____

     381   May 22, 2007 Order at 14, 23-26, Dart Decl., Exh. 5.
26   382   See Pantel Decl. at ¶ 9, Dart Decl., Exh. 31.
     383   Id. ¶ 10.
27   384   Id.

28

[redacted].[388]

Despite the prior Discovery Master's rejection of a virtually identical Request, MGA nevertheless seeks to overrule all of Mattel's objections. This would be inappropriate. For example, there is no basis for overruling Mattel's privilege objection. MGA's bald assertion that "this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit. Documents discussing Bratz could very well be subject to a claim of privilege or work product protection. Moreover, as MGA has itself argued, the parties have agreed that in general "all privileged documents would be logged except for documents created after this action was filed

---

[385] See Pantel Decl. at ¶ 7, Dart Decl., Exh. 31.

[386] P. Moore Decl., ¶ 10, Dart Decl., Exh. 32.

[387] Id. at ¶11.

[388] Pantel Decl. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exhs. 31-32.

1   on April 27, 2004."[389]  Thus, to the extent privileged documents fall within the post

2   lawsuit time period, they need not be included on Mattel's log.

3           Finally, MGA failed to meet and confer at all, much less in good faith,

4   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

5   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

6   the moving party shall first identify each dispute, state the relief sought and identify

7   the authority supporting the requested relief in a meet and confer letter that shall be

8   served on all parties by facsimile or electronic mail. The parties shall have five court

9   days from the date of service of that letter to conduct an in-person conference to

10  attempt to resolve the dispute.").  At no point during the meet and confer process did

11  the parties discuss this Request or Mattel's response to it.[390]  In order to engage in a

12  meaningful meet and confer, MGA had the burden to show the relevance of any

13  requests it sought to move on.[391]  Because MGA refused to even attempt to make

14  this showing, there was no possibility of a good faith meet and confer to resolve the

15  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

16  this Request on that grounds alone.

17  **REQUEST FOR PRODUCTION NO. 96:**

18           All DOCUMENTS REFERRING OR RELATING TO this lawsuit

19  including, without limitation, COMMUNICATIONS REFERRING OR

20  RELATING TO this lawsuit from any MATTEL executive, anyone that worked on

21  "MY SCENE," or anyone at MATTEL with responsibility for communications with

22

23      [389]   See Order Denying Mattel's Motion for Protective Order Limiting the

24  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.

25  3.
     [390]   See Webster Decl., ¶¶ 6-20.

26      [391]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
   1390794 at *1 (S.D. Cal. May 14, 2009).

28

1 | NPD Funworld, Children's Advertising Review Unit, or the Toy Industry
2 | Association.

3 | **RESPONSE TO REQUEST NO. 96:**

4 |       In addition to the general objections stated above which are
5 | incorporated herein by reference, Mattel objects to this Request on the grounds that
6 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
7 | documents on this subject without limitation as to time, and regardless of whether
8 | such documents relate to products or matters at issue in this case. Mattel further
9 | objects to the Request on the grounds that it seeks documents that are not relevant to
10 | this action or likely to lead to the discovery of admissible evidence. Mattel further
11 | objects to this Request on the grounds that it seeks confidential, proprietary and
12 | trade secret information that has no bearing on the claims or defenses in this case.
13 | Mattel further objects to this Request on the grounds that it is duplicative of or
14 | subsumed within other requests within this set of requests. Mattel further objects to
15 | this Request on the grounds that it calls for the disclosure of information subject to
16 | the attorney-client privilege, the attorney work-product doctrine and other applicable
17 | privileges.

18 | **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
19 | **TO SHOULD BE COMPELLED**

20 |       Mattel refuses to produce documents in response to this request based
21 | on its improper boilerplate objections. Under the Federal Rules of Civil Procedure,
22 | "an objection to part of a request must specify the part and permit inspection of the
23 | rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis
24 | for an objection with specificity are routinely rejected in the Central District. See <u>A.</u>
25 | <u>Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general
26 | or boilerplate objections such as 'overly burdensome and harassing' are improper –
27 | especially when a party fails to submit any evidentiary declarations supporting such
28 | objections"). Accordingly, Mattel must be compelled either to certify that it has

1 produced all non-privileged responsive documents or to produce all such documents
2 by a date certain.

3        Mattel's limitation to communications alleged in the complaint is also
4 improper.  MGA's request is narrowly tailored to seek information that may support
5 a specific allegation in MGA's complaint, and under the liberal discovery rules
6 MGA is entitled to all requested information.

7        To the extent that Mattel is relying on its blanket objections, they are
8 not sustainable and do not justify Mattel's failure to produce documents.

9        As to overbreadth, Mattel provides no explanation, let alone the
10 required particularity, as to *why* this request is supposedly overly broad, nor can it
11 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
12 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
13 contrary, the request is narrowly tailored to seek documents relating to the lawsuit,
14 including, without limitation, communications related to this lawsuit from any
15 Mattel executive, anyone that worked on "MY SCENE," and anyone with
16 responsibility for communications with NPD Funworld, Children's Advertising
17 Review Unit, or the Toy Industry Association.

18        As to burden, Mattel has not attempted to demonstrate why responding
19 to this request and/or producing responsive documents presents any burden.  This
20 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
21 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
22 request is unduly burdensome must allege specific facts which indicate the nature
23 and extent of the burden, usually by affidavit or other reliable evidence.")
24 Moreover, it is not unduly burdensome, as noted above, in that the request is
25 narrowly tailored to seek only discoverable evidence.

26        As to relevancy, Mattel has not attempted to demonstrate why the
27 responsive documents are irrelevant to the current action.  On the contrary, MGA
28 has alleged that Mattel has engaged in a broad variety of unfair trade practices, from

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1  serial copying of MGA products, to threatening retailers and suppliers to cease
2  doing business with MGA, to intimidating employees and industry groups in order
3  to prevent MGA from fairly competing.  A request seeking communications
4  mentioned above is therefore relevant to this action and MGA's claim.

5        Mattel objects that the request contains confidential, proprietary and
6  trade secret information.  A Protective Order exists in this case, obviating any
7  concern as to protection of privacy rights and/or commercially sensitive
8  information.

9        This request does not seek information protected by the attorney-client
10  privilege, the attorney work product doctrine, or other applicable privileges.  To the
11  extent that Mattel contends that it does, Mattel must provide a privilege log.

12        None of Mattel's improper objections are valid and Mattel is obligated
13  to produce all non-privileged responsive documents in its possession, custody, or
14  control.

15  **MATTEL'S RESPONSE:**

16        The Discovery Master has already rejected a nearly identical but
17  narrower request propounded by Mattel.  Mattel should not be forced to provide
18  documents that MGA has been permitted to withhold.  In March of 2005, Mattel
19  propounded its First Set of Requests for Production of Documents and Tangible
20  Things, which included Request No. 48, seeking "[a]ll non-privileged
21  COMMUNICATIONS between YOU and any PERSON that REFER OR RELATE
22  TO this action."  Mattel later narrowed that Request to seek only "communications
23  that refer or relate to this action that (i) involve at least one MGA employee who
24  holds or held a position of manager or higher; (ii) involve MGA's agents and/or
25  attorneys acting on MGA's behalf; or (iii) involve a former Mattel employee who

26
27
28

1 communicated about this action while employed by MGA, regardless of title."[392]

2 Nevertheless, even as narrowed, the Discovery Master denied Mattel's Request.

> Even as narrowed, Request No. 48 requires the production
> of communications concerning a very broad subject
> matter, namely communications "that REFER or RELATE
> to this action."  The narrowed Request is also
> objectionable because it is not reasonably tailored to seek
> the information that Mattel claims it needs. . . . The
> Request is also not limited to pertinent subject matters . . .
> . The narrowed Request is also unduly burdensome insofar
> as Mattel seeks non-privileged communications from
> MGA's current or prior counsel that refer to this litigation.
> This litigation has been ongoing for nearly four years,
> during which time discovery has been extensively and
> aggressively pursued by both sides. Furthermore, to
> comply with Mattel's narrowed Request, MGA would
> have to review a considerable number of attorneys' files
> from the three separate law firms that have represented
> MGA, and scrutinize every attorney communication for
> privilege.  Under these circumstances, the burden and
> expense of culling and producing the requested
> communications involving MGA's attorneys substantially
> outweigh their likely benefit, taking into consideration all
> of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.
> The narrowed Request also remains overbroad and unduly

---

[392] Discovery Master Order dated April 14, 2008, at 2, Dart Decl., Exh. 21.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1  burdensome because of the number of MOA employees

2  that would fall within its scope. By MGA's estimations,

3  there are 204 MGA employees who hold or have held a

4  position of manager or higher, and approximately 70

5  former Mattel employees who have worked for MGA.

6  Requiring MGA to review the files of so many employees

7  for potentially responsive communications is unwarranted

8  taking into consideration all of the factors set forth in Rule

9  26(b)(2)(C), Fed.R.Civ.P.[393]

10  The Request here is far broader than the one sought by Mattel.  Even

11  before limitation, Mattel's request sought only non-privileged **communications**,

12  whereas MGA's request seeks "All **DOCUMENTS** REFERRING OR RELATING

13  TO this lawsuit."  Mattel then limited its Request further, to seek only

14  communications by certain MGA employees, which MGA calculated to include less

15  than 300 employees, and even this was not sufficient limitation.  By contrast, Mattel

16  has approximately 5,000 employees in the United States alone, and 30,000

17  worldwide.  There is no basis to compel production in response to MGA's Request,

18  when Mattel's far more limited Request was rejected.

19  There is also no basis for overruling Mattel's privilege objection.

20  MGA's bald assertion that "this request does not seek information protected by the

21  attorney-client privilege, the attorney work product doctrine, or other applicable

22  privileges" has no merit.  Documents discussing this action could very well be

23  subject to a claim of privilege or work product protection.  Moreover, as MGA has

24  itself argued, the parties have agreed that in general "all privileged documents would

25  be logged except for documents created after this action was filed on April 27,

26

27  [393]  Id. at 4-5.

28

1  2004."[394]  Thus, to the extent privileged documents fall within the post lawsuit time
2  period, they need not be included on Mattel's log.

3         Similarly, MGA states that "Mattel has not attempted to demonstrate
4  why responding to this request and/or producing responsive documents presents any
5  burden."  Yet, as demonstrated by MGA's own objections to producing similar
6  documents, there would be a massive burden in searching all of Mattel's files for any
7  passing reference to this lawsuit by two random Mattel employees.

8         Finally, MGA failed to meet and confer at all, much less in good faith,
9  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master
10 Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
11 the moving party shall first identify each dispute, state the relief sought and identify
12 the authority supporting the requested relief in a meet and confer letter that shall be
13 served on all parties by facsimile or electronic mail. The parties shall have five court
14 days from the date of service of that letter to conduct an in-person conference to
15 attempt to resolve the dispute.").  At no point during the meet and confer process did
16 the parties discuss this Request or Mattel's response to it.[395]  In order to engage in a
17 meaningful meet and confer, MGA had the burden to show the relevance of any
18 requests it sought to move on.[396]  Because MGA refused to even attempt to make
19 this showing, there was no possibility of a good faith meet and confer to resolve the
20 parties' disputes.  The Discovery Master should deny MGA's motion with respect to
21 this Request on that grounds alone.

22

23 _____

    [394]  See Order Denying Mattel's Motion for Protective Order Limiting the
24 Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
25 3.
    [395]  See Webster Decl., ¶¶ 6-20.
26  [396]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27 bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
   1390794 at *1 (S.D. Cal. May 14, 2009).
28

**REQUEST FOR PRODUCTION NO. 97:**

All DOCUMENTS REFERRING OR RELATING TO any COMMUNICATION between MATTEL and any person consulted regarding any fact or issue relating to this lawsuit, including, without limitation, any experts, investigators, or witnesses, excluding privileged COMMUNICATIONS with or on behalf of counsel for MATTEL.

**RESPONSE TO REQUEST NO. 97:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request as premature in that it seeks expert discovery. Such discovery will be disclosed only at the time, and in the manner required by, the Rules and the Court's Orders. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel has refused to produce documents in response to this request, based on its improper boilerplate objections. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the

00505.07975/3121201.5

1   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

2   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

3   harassing' are improper – especially when a party fails to submit any evidentiary

4   declarations supporting such objections").  Accordingly, Mattel must be compelled

5   either to certify that it has produced all non-privileged responsive documents or to

6   produce all such documents by a date certain.

7           To the extent that Mattel is relying on its blanket objections, they are

8   not sustainable and do not justify Mattel's failure to produce documents.

9           As to overbreadth, Mattel provides no explanation, let alone the

10   required particularity, as to *why* this request is supposedly overly broad, nor can it

11   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

12   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

13   contrary, the request is narrowly tailored to seek documents relating to

14   communications between Mattel and any person consulted regarding any fact or

15   issue relating to this lawsuit, including, without limitation, any experts,

16   investigators, or witnesses, excluding privileged communications with or on behalf

17   of counsel for Mattel.

18           As to burden, Mattel has not attempted to demonstrate why responding

19   to this request and/or producing responsive documents presents any burden.  This

20   objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

21   173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

22   request is unduly burdensome must allege specific facts which indicate the nature

23   and extent of the burden, usually by affidavit or other reliable evidence.")

24   Moreover, it is not unduly burdensome, as noted above, in that the request is

25   narrowly tailored to seek only discoverable evidence.

26           As to relevancy, Mattel has not attempted to demonstrate why the

27   responsive documents are irrelevant to the current action.  On the contrary, MGA

28   has alleged that Mattel has engaged in a broad variety of unfair trade practices from

1   serial copying of MGA products, to threatening retailers and suppliers to cease
2   doing business with MGA, to intimidating employees and industry groups in order
3   to prevent MGA from fairly competing.  A request seeking communications relating
4   to the facts in this lawsuit is relevant to this action and MGA's claims and defenses.
5          Mattel objects that the request contains confidential, proprietary and
6   trade secret information.  A Protective Order exists in this case, obviating any
7   concern as to protection of privacy rights and/or commercially sensitive
8   information.
9          This request does not seek information protected by the attorney-client
10  privilege, the attorney work product doctrine, or other applicable privileges.  To the
11  extent that Mattel contends that it does, Mattel must provide a privilege log.
12         None of Mattel's improper objections are valid and Mattel is obligated
13  to produce all non-privileged responsive documents in its possession, custody, or
14  control.
15  **MATTEL'S RESPONSE:**
16         The Discovery Master has already rejected a nearly identical request
17  propounded by Mattel.  Mattel should not be forced to provide documents that MGA
18  has been permitted to withhold.  In March of 2005, Mattel propounded its First Set
19  of Requests for Production of Documents and Tangible Things, which included
20  Request No. 48, seeking "[a]ll non-privileged COMMUNICATIONS between YOU
21  and any PERSON that REFER OR RELATE TO this action."  Mattel later narrowed
22  that Request to seek only "communications that refer or relate to this action that (i)
23  involve at least one MGA employee who holds or held a position of manager or
24  higher; (ii) involve MGA's agents and/or attorneys acting on MGA's behalf; or (iii)
25  involve a former Mattel employee who communicated about this action while
26
27
28

1   employed by MGA, regardless of title."[397]  Nevertheless, even as narrowed, the

2   Discovery Master denied Mattel's Request.

3           Even as narrowed, Request No. 48 requires the production

4           of communications concerning a very broad subject

5           matter, namely communications "that REFER or RELATE

6           to this action."  The narrowed Request is also

7           objectionable because it is not reasonably tailored to seek

8           the information that Mattel claims it needs. . . . The

9           Request is also not limited to pertinent subject matters . . .

10          . The narrowed Request is also unduly burdensome insofar

11          as Mattel seeks non-privileged communications from

12          MGA's current or prior counsel that refer to this litigation.

13          This litigation has been ongoing for nearly four years,

14          during which time discovery has been extensively and

15          aggressively pursued by both sides. Furthermore, to

16          comply with Mattel's narrowed Request, MGA would

17          have to review a considerable number of attorneys' files

18          from the three separate law firms that have represented

19          MGA, and scrutinize every attorney communication for

20          privilege.  Under these circumstances, the burden and

21          expense of culling and producing the requested

22          communications involving MGA's attorneys substantially

23          outweigh their likely benefit, taking into consideration all

24          of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

25          The narrowed Request also remains overbroad and unduly

26

27  [397]  Discovery Master Order dated April 14, 2008, at 2, Dart Decl., Exh. 21.

28

1    burdensome because of the number of MOA employees

2    that would fall within its scope. By MGA's estimations,

3    there are 204 MGA employees who hold or have held a

4    position of manager or higher, and approximately 70

5    former Mattel employees who have worked for MGA.

6    Requiring MGA to review the files of so many employees

7    for potentially responsive communications is unwarranted

8    taking into consideration all of the factors set forth in Rule

9    26(b)(2)(C), Fed.R.Civ.P.[398]

10   Just as with Mattel's Request, the instant Request is unduly burdensome

11   because it seeks "non-privileged communications from [Mattel's] current or prior

12   counsel that refer to this litigation. There is no basis to compel production in

13   response to MGA's Request, when Mattel's far more limited Request was rejected.

14   There is also no basis for overruling Mattel's privilege objection.

15   MGA's bald assertion that "this request does not seek information protected by the

16   attorney-client privilege, the attorney work product doctrine, or other applicable

17   privileges" has no merit. Documents discussing this action could very well be

18   subject to a claim of privilege or work product protection. Moreover, as MGA has

19   itself argued, the parties have agreed that in general "all privileged documents would

20   be logged except for documents created after this action was filed on April 27,

21   2004."[399] Thus, to the extent privileged documents fall within the post lawsuit time

22   period, they need not be included on Mattel's log.

23

24

25   [398] Id. at 4-5.

26   [399] See Order Denying Mattel's Motion for Protective Order Limiting the

27   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1    Similarly, MGA states that "Mattel has not attempted to demonstrate

2  why responding to this request and/or producing responsive documents presents any

3  burden." Yet, as demonstrated by MGA's own objections to producing similar

4  documents, there would be a massive burden in searching all of Mattel's files for any

5  passing reference to this lawsuit by two random Mattel employees.

6    Finally, MGA failed to meet and confer at all, much less in good faith,

7  regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

8  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

9  the moving party shall first identify each dispute, state the relief sought and identify

10  the authority supporting the requested relief in a meet and confer letter that shall be

11  served on all parties by facsimile or electronic mail. The parties shall have five court

12  days from the date of service of that letter to conduct an in-person conference to

13  attempt to resolve the dispute."). At no point during the meet and confer process did

14  the parties discuss this Request or Mattel's response to it.[400] In order to engage in a

15  meaningful meet and confer, MGA had the burden to show the relevance of any

16  requests it sought to move on.[401]   Because MGA refused to even attempt to make

17  this showing, there was no possibility of a good faith meet and confer to resolve the

18  parties' disputes. The Discovery Master should deny MGA's motion with respect to

19  this Request on that grounds alone.

20  **REQUEST FOR PRODUCTION NO. 98:**

21    All COMMUNICATIONS, and all DOCUMENTS REFERRING OR

22  RELATING TO any COMMUNICATIONS, between YOU on the one hand and

23  any employee, officer, director, agent, representative, or counsel for any competitor

24

---

25  [400]   See Webster Decl., ¶¶ 6-20.

26  [401]   See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1  of MGA REFERRING OR RELATING TO MGA, "BRATZ," or this lawsuit, or

2  other litigation involving the parties hereto or their employees.

3  **RESPONSE TO REQUEST NO. 98:**

4        In addition to the general objections stated above which are

5  incorporated herein by reference, Mattel objects to this Request on the grounds that

6  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

7  documents on this subject without limitation as to time, and regardless of whether

8  such documents relate to products or matters at issue in this case.  Mattel further

9  objects to the Request on the grounds that it seeks documents that are not relevant to

10 this action or likely to lead to the discovery of admissible evidence.  Mattel further

11 objects to this Request on the grounds that it seeks confidential, proprietary and

12 trade secret information that has no bearing on the claims or defenses in this case.

13 Mattel further objects to this Request on the grounds that it is duplicative of or

14 subsumed within other requests within this set of requests.  Mattel further objects to

15 this Request on the grounds that it calls for the disclosure of information subject to

16 the attorney-client privilege, the attorney work-product doctrine and other applicable

17 privileges.

18 **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

19 **TO SHOULD BE COMPELLED**

20       Mattel has refused to produce documents in response to this request,

21 based on its improper boilerplate objections.  Under the Federal Rules of Civil

22 Procedure, "an objection to part of a request must specify the part and permit

23 inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

24 explain the basis for an objection with specificity are routinely rejected in the

25 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

26 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

27 harassing' are improper – especially when a party fails to submit any evidentiary

28 declarations supporting such objections").  Accordingly, Mattel must be compelled

either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to ***why*** this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents relating to any communications between Mattel and any employee, officer, director, agent, representative, or counsel for any competitor of MGA referring to MGA, "BRATZ," or this lawsuit, or other litigation involving the parties here or their employees.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.

As to relevancy, Mattel has not attempted to demonstrate why the responsive documents are irrelevant to the current action. On the contrary, MGA has alleged that Mattel has engaged in a broad variety of unfair trade practices from serial copying of MGA products, to threatening retailers and suppliers to cease doing business with MGA, to intimidating employees and industry groups in order to prevent MGA from fairly competing. A request seeking communications mentioned above is relevant to this action and MGA's claims.

1    Mattel objects that the request contains confidential, proprietary and

2    trade secret information.  A Protective Order exists in this case, obviating any

3    concern as to protection of privacy rights and/or commercially sensitive

4    information.

5    This request does not seek information protected by the attorney-client

6    privilege, the attorney work product doctrine, or other applicable privileges.  To the

7    extent that Mattel contends that it does, Mattel must provide a privilege log.

8    None of Mattel's improper objections are valid and Mattel is obligated

9    to produce all non-privileged responsive documents in its possession, custody, or

10   control.

11   **MATTEL'S RESPONSE:**

12   This request is similar to two other Requests that were rejected by the

13   Discovery Master.  Request No. 38 sought: "All COMMUNICATIONS between

14   YOU and the Children's Advertising Review Unit REFERRING OR RELATING

15   TO MGA, LARIAN, "BRATZ," or MGA PRODUCTS, including but not limited to

16   COMMUNICATIONS as alleged in paragraphs 89, 90, and 91 of the

17   COMPLAINT."  The prior Discovery Master rejected Request No. 38 in his May

18   22, 2007 Order, stating that ███████████████████████████████████

19   █████████████████████████████████████████████████████████

20   ██████████████████████████."[402]  It should be rejected in keeping with the

21   prior Order.

22   The Discovery Master had good reason to do so.  As discussed in

23   Mattel's Opposition to that motion, there are an incalculable number of such

24   documents that are completely irrelevant to this suit, and it would be a heavy burden

25   on Mattel to determine which of these documents were maintained.  ████████

26   

27   [402]   May 22, 2007 Order at 14, 23-26, Dart Decl., Exh. 5.

28



403  See Pantel Decl. at ¶ 9, Dart Decl., Exh. 31.
404  Id. ¶ 10.
405  Id.
406  See Pantel Decl. at ¶ 7, Dart Decl., Exh. 31.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049, SET ONE)

1 ███████████████████████████████████████████

2 ███████████████████████████████████████████

3 ███████████████████████████████████████████

4 ███████████████████████████████████████████

5 ████████████████████[409]

6       Similarly, the Discovery Master also rejected a Request seeking

7 documents related to this lawsuit.  Mattel should not be forced to provide documents

8 that MGA has been permitted to withhold.  In March of 2005, Mattel propounded its

9 First Set of Requests for Production of Documents and Tangible Things, which

10 included Request No. 48, seeking "[a]ll non-privileged COMMUNICATIONS

11 between YOU and any PERSON that REFER OR RELATE TO this action."  Mattel

12 later narrowed that Request to seek only "communications that refer or relate to this

13 action that (i) involve at least one MGA employee who holds or held a position of

14 manager or higher; (ii) involve MGA's agents and/or attorneys acting on MGA's

15 behalf; or (iii) involve a former Mattel employee who communicated about this

16 action while employed by MGA, regardless of title."[410]  Nevertheless, even as

17 narrowed, the Discovery Master denied Mattel's Request.

18       Even as narrowed, Request No. 48 requires the production

19       of communications concerning a very broad subject

20       matter, namely communications "that REFER or RELATE

21       to this action."  The narrowed Request is also

22       objectionable because it is not reasonably tailored to seek

23       the information that Mattel claims it needs. . . . The

24

25 [407] P. Moore Decl., ¶ 10, Dart Decl., Exh. 33.

26 [408] Id. at ¶ 11.

27 [409] Pantel Decl. ¶ 12, Moore Decl. ¶ 7, Dart Decl., Exhs. 31-32.

    [410] Discovery Master Order dated April 14, 2008, at 2, Dart Decl., Exh. 21.

28

1        Request is also not limited to pertinent subject matters . . .

2        . The narrowed Request is also unduly burdensome insofar

3        as Mattel seeks non-privileged communications from

4        MGA's current or prior counsel that refer to this litigation.

5        This litigation has been ongoing for nearly four years,

6        during which time discovery has been extensively and

7        aggressively pursued by both sides. Furthermore, to

8        comply with Mattel's narrowed Request, MGA would

9        have to review a considerable number of attorneys' files

10       from the three separate law firms that have represented

11       MGA, and scrutinize every attorney communication for

12       privilege.  Under these circumstances, the burden and

13       expense of culling and producing the requested

14       communications involving MGA's attorneys substantially

15       outweigh their likely benefit, taking into consideration all

16       of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

17       The narrowed Request also remains overbroad and unduly

18       burdensome because of the number of MOA employees

19       that would fall within its scope. By MGA's estimations,

20       there are 204 MGA employees who hold or have held a

21       position of manager or higher, and approximately 70

22       former Mattel employees who have worked for MGA.

23       Requiring MGA to review the files of so many employees

24       for potentially responsive communications is unwarranted

25

26

27

28

1    taking into consideration all of the factors set forth in Rule

2    26(b)(2)(C), Fed.R.Civ.P.[411]

3    The instant Request is even broader than the one sought by Mattel.

4    Even before limitation, Mattel's request sought only non-privileged

5    **communications**, whereas MGA's request seeks "all **DOCUMENTS** REFERRING

6    OR RELATING TO any COMMUNICATIONS." Moreover, the Request seeks not

7    just documents regarding this lawsuit, but also "other litigation involving the parties

8    hereto or their employees." There is no basis to compel production in response to

9    MGA's Request, when Mattel's far more limited Request was rejected.

10    Despite the prior Discovery Master's rejection of two similar Requests,

11    MGA nevertheless seeks to overrule all of Mattel's objections. This would be

12    inappropriate. For example, there is no basis for overruling Mattel's privilege

13    objection. MGA's bald assertion that "this request does not seek information

14    protected by the attorney-client privilege, the attorney work product doctrine, or

15    other applicable privileges" has no merit. Documents discussing MGA, Bratz, or

16    this lawsuit could very well be subject to a claim of privilege or work product

17    protection. Moreover, as MGA has itself argued, the parties have agreed that in

18    general "all privileged documents would be logged except for documents created

19    after this action was filed on April 27, 2004."[412] Thus, to the extent privileged

20    documents fall within the post lawsuit time period, they need not be included on

21    Mattel's log.

22    Finally, MGA failed to meet and confer at all, much less in good faith,

23    regarding this Request prior to filing its Motion. <u>See</u> Phase 2 Discovery Master

24

25    [411]   <u>Id.</u> at 4-5.

26    [412]   <u>See</u> Order Denying Mattel's Motion for Protective Order Limiting the

27    Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
3.

28

Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). At no point during the meet and confer process did the parties discuss this Request or Mattel's response to it.[413] In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[414] Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

**REQUEST FOR PRODUCTION NO. 100:**

All COMMUNICATIONS, and all DOCUMENTS REFERRING OR RELATING TO any COMMUNICATIONS, between YOU on the one hand and any employee, officer, director, agent, representative, or counsel for any competitor of MGA REFERRING OR RELATING TO claims by MGA against MATTEL, or claims by MATTEL against MGA or its employees.

**RESPONSE TO REQUEST NO. 100:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether

---

[413]  See Webster Decl., ¶¶ 6-20.
[414]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

1  such documents relate to products or matters at issue in this case.  Mattel further

2  objects to the Request on the grounds that it seeks documents that are not relevant to

3  this action or likely to lead to the discovery of admissible evidence.  Mattel further

4  objects to this Request on the grounds that it seeks confidential, proprietary and

5  trade secret information that has no bearing on the claims or defenses in this case.

6  Mattel further objects to this Request on the grounds that it is duplicative of or

7  subsumed within other requests within this set of requests.  Mattel further objects to

8  this Request on the grounds that it calls for the disclosure of information subject to

9  the attorney-client privilege, the attorney work-product doctrine and other applicable

10  privileges.

11  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

12  **TO SHOULD BE COMPELLED**

13        Mattel has refused to produce documents in response to this request,

14  based on its improper boilerplate objections.  Under the Federal Rules of Civil

15  Procedure, "an objection to part of a request must specify the part and permit

16  inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that fail to

17  explain the basis for an objection with specificity are routinely rejected in the

18  Central District.  See <u>A. Farber and Partners, Inc. v. Garber,</u> 234 F.R.D. 186, 188

19  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

20  harassing' are improper – especially when a party fails to submit any evidentiary

21  declarations supporting such objections").  Accordingly, Mattel must be compelled

22  either to certify that it has produced all non-privileged responsive documents or to

23  produce all such documents by a date certain.

24        To the extent that Mattel is relying on its blanket objections, they are

25  not sustainable and do not justify Mattel's failure to produce documents.

26        As to overbreadth, Mattel provides no explanation, let alone the

27  required particularity, as to *why* this request is supposedly overly broad, nor can it

28  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

-377-

1 | 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the
2 | contrary, the request is narrowly tailored to seek documents relating to any
3 | communications between Mattel and on the one hand and any employee, officer,
4 | director, agent, representative, or counsel for any competitor of MGA referring to
5 | specific issues, namely either claims by MGA against Mattel or claims by Mattel
6 | against MGA or its employees.

7 | As to burden, Mattel has not attempted to demonstrate why responding
8 | to this request and/or producing responsive documents presents any burden. This
9 | objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,
10 | 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
11 | request is unduly burdensome must allege specific facts which indicate the nature
12 | and extent of the burden, usually by affidavit or other reliable evidence.")
13 | Moreover, it is not unduly burdensome, as noted above, in that the request is
14 | narrowly tailored to seek only discoverable evidence.

15 | As to relevancy, Mattel has not attempted to demonstrate why the
16 | responsive documents are irrelevant to the current action. On the contrary, MGA
17 | has alleged that Mattel has engaged in a broad variety of unfair trade practices from
18 | serial copying of MGA products, to threatening retailers and suppliers to cease
19 | doing business with MGA, to intimidating employees and industry groups in order
20 | to prevent MGA from fairly competing. A request seeking communications
21 | mentioned above is relevant to this action and MGA's claims in Phase 2.

22 | Mattel objects that the request contains confidential, proprietary and
23 | trade secret information. A Protective Order exists in this case, obviating any
24 | concern as to protection of privacy rights and/or commercially sensitive
25 | information.

26 | This request does not seek information protected by the attorney-client
27 | privilege, the attorney work product doctrine, or other applicable privileges. To the
28 | extent that Mattel contends that it does, Mattel must provide a privilege log.

1         None of Mattel's improper objections are valid and Mattel is obligated

2 to produce all non-privileged responsive documents in its possession, custody, or

3 control.

4 **MATTEL'S RESPONSE:**

5         The Discovery Master has already rejected a nearly identical but

6 narrower request propounded by Mattel. Mattel should not be forced to provide

7 documents that MGA has been permitted to withhold. In March of 2005, Mattel

8 propounded its First Set of Requests for Production of Documents and Tangible

9 Things, which included Request No. 48, seeking "[a]ll non-privileged

10 COMMUNICATIONS between YOU and any PERSON that REFER OR RELATE

11 TO this action." Mattel later narrowed that Request to seek only "communications

12 that refer or relate to this action that (i) involve at least one MGA employee who

13 holds or held a position of manager or higher; (ii) involve MGA's agents and/or

14 attorneys acting on MGA's behalf; or (iii) involve a former Mattel employee who

15 communicated about this action while employed by MGA, regardless of title."[415]

16 Nevertheless, even as narrowed, the Discovery Master denied Mattel's Request.

17         Even as narrowed, Request No. 48 requires the production

18         of communications concerning a very broad subject

19         matter, namely communications "that REFER or RELATE

20         to this action." The narrowed Request is also

21         objectionable because it is not reasonably tailored to seek

22         the information that Mattel claims it needs. . . . The

23         Request is also not limited to pertinent subject matters . . .

24         . The narrowed Request is also unduly burdensome insofar

25         as Mattel seeks non-privileged communications from

26

27 [415]   Discovery Master Order dated April 14, 2008, at 2, Dart Decl., Exh. 21.

28

1    MGA's current or prior counsel that refer to this litigation.

2    This litigation has been ongoing for nearly four years,

3    during which time discovery has been extensively and

4    aggressively pursued by both sides. Furthermore, to

5    comply with Mattel's narrowed Request, MGA would

6    have to review a considerable number of attorneys' files

7    from the three separate law firms that have represented

8    MGA, and scrutinize every attorney communication for

9    privilege.  Under these circumstances, the burden and

10   expense of culling and producing the requested

11   communications involving MGA's attorneys substantially

12   outweigh their likely benefit, taking into consideration all

13   of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

14   The narrowed Request also remains overbroad and unduly

15   burdensome because of the number of MOA employees

16   that would fall within its scope. By MGA's estimations,

17   there are 204 MGA employees who hold or have held a

18   position of manager or higher, and approximately 70

19   former Mattel employees who have worked for MGA.

20   Requiring MGA to review the files of so many employees

21   for potentially responsive communications is unwarranted

22   taking into consideration all of the factors set forth in Rule

23   26(b)(2)(C), Fed.R.Civ.P.[416]

24       The instant Request is even broader than the one sought by Mattel.

25   Even before limitation, Mattel's request sought only non-privileged

[416]   Id. at 4-5.

1  *communications*, whereas MGA's request seeks "all ***DOCUMENTS*** REFERRING

2  OR RELATING TO any COMMUNICATIONS."  Moreover, the Request seeks not

3  just documents regarding this lawsuit, but also "other litigation involving the parties

4  hereto or their employees."  There is no basis to compel production in response to

5  MGA's Request, when Mattel's far more limited Request was rejected.

6          There is also no basis for overruling Mattel's privilege objection.

7  MGA's bald assertion that "this request does not seek information protected by the

8  attorney-client privilege, the attorney work product doctrine, or other applicable

9  privileges" has no merit.  Documents discussing this action could very well be

10  subject to a claim of privilege or work product protection.  Moreover, as MGA has

11  itself argued, the parties have agreed that in general "all privileged documents would

12  be logged except for documents created after this action was filed on April 27,

13  2004."[417]  Thus, to the extent privileged documents fall within the post lawsuit time

14  period, they need not be included on Mattel's log.

15          Similarly, MGA states that "Mattel has not attempted to demonstrate

16  why responding to this request and/or producing responsive documents presents any

17  burden."  Yet, as demonstrated by MGA's own objections to producing similar

18  documents, there would be a massive burden in searching all of Mattel's files for any

19  passing reference to this lawsuit by two random Mattel employees.

20          Finally, MGA failed to meet and confer at all, much less in good faith,

21  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

22  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

23  the moving party shall first identify each dispute, state the relief sought and identify

24  the authority supporting the requested relief in a meet and confer letter that shall be

25

26  [417]  See Order Denying Mattel's Motion for Protective Order Limiting the
     Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
27  3.

28

1   served on all parties by facsimile or electronic mail. The parties shall have five court

2   days from the date of service of that letter to conduct an in-person conference to

3   attempt to resolve the dispute."). At no point during the meet and confer process did

4   the parties discuss this Request or Mattel's response to it.[418]  In order to engage in a

5   meaningful meet and confer, MGA had the burden to show the relevance of any

6   requests it sought to move on.[419]  Because MGA refused to even attempt to make

7   this showing, there was no possibility of a good faith meet and confer to resolve the

8   parties' disputes. The Discovery Master should deny MGA's motion with respect to

9   this Request on that grounds alone.

10  **REQUEST FOR PRODUCTION NO. 106:**

11          All DOCUMENTS tending to support or refute MATTEL's claims, if

12  any, that "BRATZ" copies, replicates, or in any way imitates the appearance of "MY

13  SCENE" or any other MATTEL product.

14  **RESPONSE TO REQUEST NO. 106:**

15          In addition to the general objections stated above which are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case. Mattel further

20  objects to the Request on the grounds that it seeks documents that are not relevant to

21  this action or likely to lead to the discovery of admissible evidence. Mattel further

22  objects to this Request on the grounds that it seeks confidential, proprietary and

23  trade secret information that has no bearing on the claims or defenses in this case.

24

25          [418]  See Webster Decl., ¶¶ 6-20.

26          [419]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1   Mattel further objects to this Request on the grounds that it is duplicative of or

2   subsumed within other requests within this set of requests.  Mattel further objects to

3   this Request on the grounds that it calls for the disclosure of information subject to

4   the attorney-client privilege, the attorney work-product doctrine and other applicable

5   privileges.

6          Subject to and without waiving the foregoing general and specific

7   objections, and to the extent not already produced, Mattel will produce responsive,

8   non-privileged documents in its possession, custody or control, if any, that it can

9   locate after a reasonable, good faith search comparing the appearance of, on the one

10  hand, the aspects of the Bratz products that MGA has alleged were infringed and, on

11  the other hand, the aspects of the MY SCENE products that MGA has accused of

12  infringement.

13  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

14  **TO SHOULD BE COMPELLED**

15         Mattel improperly limit its agreement to produce responsive documents

16  comparing "aspects of the Bratz products that MGA has alleged were infringed" and

17  "aspects of the MY Scene products that MGA has accused of infringement."  MGA's

18  trade dress and unfair competition claims are broad, and Mattel cannot use its

19  rewriting of the request as a shield to withhold materials discoverable in Phase 2.

20  Mattel has refused to confirm whether or not it has produced all non-privileged

21  responsive documents or whether it is withholding documents based on its

22  objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to

23  part of a request must specify the part and permit inspection of the rest."  Fed. R.

24  Civ. P. 34(b)(2)(c).  Generic objections that fail to explain the basis for an objection

25  with specificity are routinely rejected in the Central District.  See A. Farber and

26  Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

27  boilerplate objections such as 'overly burdensome and harassing' are improper –

28  especially when a party fails to submit any evidentiary declarations supporting such

1  objections").  Accordingly, Mattel must be compelled either to certify that it has
2  produced all non-privileged responsive documents or to produce all such documents
3  by a date certain.

4       To the extent that Mattel is relying on its blanket objections, they are
5  not sustainable and do not justify Mattel's failure to produce documents.

6       As to overbreadth, Mattel provides no explanation, let alone the
7  required particularity, as to *why* this request is supposedly overly broad, nor can it
8  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
9  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
10 contrary, the request is narrowly tailored to seek documents specifically relating to
11 whether "BRATZ" copies "MY SCENE" or another Mattel product.

12      As to burden, Mattel has not attempted to demonstrate why responding
13 to this request and/or producing responsive documents presents any burden.  This
14 objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,
15 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
16 request is unduly burdensome must allege specific facts which indicate the nature
17 and extent of the burden, usually by affidavit or other reliable evidence.")
18 Moreover, it is not unduly burdensome, as noted above, in that the request is
19 narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
20 has engaged in a broad variety of unfair trade practices including serial copying of
21 MGA products and trade dress infringement.  Mattel has alleged that MGA has
22 engaged in trade secret misappropriation.  MGA is entitled to discovery on these
23 claims and its defenses.

24      This request does not seek documents protected by the attorney-client
25 privilege, the attorney work product doctrine, or other applicable privileges.  To the
26 extent that Mattel contends that it does, Mattel must provide a privilege log.

27      Mattel objects on the basis of relevance.  Mattel cannot legitimately
28 contend that whether "BRATZ" allegedly copies "MY SCENE" is not at issue in

1   Phase 2 of these consolidated proceedings.  Documents relating to "BRATZ"
2   allegedly copying "MY SCENE" are likely to lead to admissible evidence
3   supporting or refuting MGA's trade dress claim, MGA's unfair competition claim,
4   Mattel's trade secret misappropriation claim, and both parties' damages claims.

5          None of Mattel's improper objections are valid and Mattel is obligated
6   to produce all non-privileged responsive documents in its possession, custody, or
7   control.

8   **MATTEL'S RESPONSE:**

9          MGA objects to Mattel's limitation that it will produce documents
10  "comparing the appearance of, on the one hand, the aspects of the Bratz products
11  that MGA has alleged were infringed and, on the other hand, the aspects of the MY
12  SCENE products that MGA has accused of infringement," but it provides no
13  argument as to why this limitation is inappropriate.  Indeed, the Request by its terms
14  specifically seeks only those documents Mattel believes support its own claims.

15         There is simply no relevance to aspects of MY SCENE to which MGA
16  has made no allegations of copying, and which Mattel does not allege were copied.
17  MGA provides no argument on the subject, instead unilaterally claiming that
18  "Mattel is required to respond to the request as originally drafted," despite
19  simultaneously acknowledging that a party may object "to part of a request [and]
20  permit inspection of the rest."  MGA's objection to Mattel's limitation is thus
21  without merit.

22         Further, contrary to MGA's statement that Mattel will not confirm that
23  it has produced non-privileged documents, if MGA had met and conferred on these
24  issues, it would have learned that Mattel has already produced all relevant non-
25  privileged documents responsive to this Request.  Indeed, to date Mattel has already
26  produced over 350,000 pages regarding MY SCENE, without limitation by theme or
27  doll, including documents related to its design and development, packaging,
28  advertising, marketing, testing, themes, sales planning, manufacturing and

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1    production, among others.[420]  MGA has not provided any basis for asserting that this

2    production is incomplete.  MGA's motion to compel responses to this Request

3    should therefore be denied as moot.

4          There is no basis for overruling Mattel's privilege objection.  MGA's

5    bald assertion that "this request does not seek information protected by the attorney-

6    client privilege, the attorney work product doctrine, or other applicable privileges"

7    has no merit.  Documents discussing MY SCENE could very well be subject to a

8    claim of privilege or work product protection.  Moreover, as MGA has itself argued,

9    the parties have agreed that in general "all privileged documents would be logged

10   except for documents created after this action was filed on April 27, 2004."[421]  Thus,

11   to the extent privileged documents fall within the post lawsuit time period, they need

12   not be included on Mattel's log.

13         Similarly, MGA states that "Mattel has not attempted to demonstrate

14   why responding to this request and/or producing responsive documents presents any

15   burden."  Yet, as MGA knows, the Discovery Master has already placed limits on

16   the searches Mattel must make in producing documents, and this objection is only

17   meant to invoke those issues that have already been settled.  See, e.g., Order

18   Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel

19   on all outstanding emails, holding that Mattel has produced all relevant emails and

20   does not need to consult back-up tapes to complete its production).  MGA should

21   not be permitted to circumvent prior Orders by seeking to overrule Mattel's

22   objections here.

23

24

25   [420]   Webster Decl., ¶ 24.

26   [421]   See Order Denying Mattel's Motion for Protective Order Limiting the

27   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

1    Finally, MGA failed to meet and confer at all, much less in good faith,

2  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4  the moving party shall first identify each dispute, state the relief sought and identify

5  the authority supporting the requested relief in a meet and confer letter that shall be

6  served on all parties by facsimile or electronic mail. The parties shall have five court

7  days from the date of service of that letter to conduct an in-person conference to

8  attempt to resolve the dispute.").  At no point during the meet and confer process did

9  the parties discuss this Request or Mattel's response to it.[422]  In order to engage in a

10  meaningful meet and confer, MGA had the burden to show the relevance of any

11  requests it sought to move on.[423]   Because MGA refused to even attempt to make

12  this showing, there was no possibility of a good faith meet and confer to resolve the

13  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

14  this Request on that grounds alone.

15  **REQUEST FOR PRODUCTION NO. 107:**

16    All COMMUNICATIONS between YOU and any retailer

17  REFERRING OR RELATING TO whether "BRATZ" copies, replicates, or in any

18  way imitates the appearance of "MY SCENE" or any other MATTEL product.

19  **RESPONSE TO REQUEST NO. 107:**

20    In addition to the general objections stated above which are

21  incorporated herein by reference, Mattel objects to this Request on the grounds that

22  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

23  documents on this subject without limitation as to time, and regardless of whether

24

25    [422]  See Webster Decl., ¶¶ 6-20.

26    [423]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1   such documents relate to products or matters at issue in this case.  Mattel further
2   objects to the Request on the grounds that it seeks documents that are not relevant to
3   this action or likely to lead to the discovery of admissible evidence.  Mattel further
4   objects to this Request on the grounds that it seeks confidential, proprietary and
5   trade secret information that has no bearing on the claims or defenses in this case.
6   Mattel further objects to this Request on the grounds that it is duplicative of or
7   subsumed within other requests within this set of requests.  Mattel further objects to
8   this Request on the grounds that it calls for the disclosure of information subject to
9   the attorney-client privilege, the attorney work-product doctrine and other applicable
10  privileges.

11          Subject to and without waiving the foregoing general and specific
12  objections, and to the extent not already produced, Mattel will produce responsive,
13  non-privileged communications in its possession, custody or control, if any, that it
14  can locate after a reasonable, good faith search comparing the appearance of, on the
15  one hand, the aspects of the Bratz products that MGA has alleged were infringed
16  and, on the other hand, the aspects of the MY SCENE products that MGA has
17  accused of infringement.

18  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
19  **TO SHOULD BE COMPELLED**

20          Mattel improperly limit its agreement to produce responsive documents
21  comparing "aspects of the Bratz products that MGA has alleged were infringed" and
22  "aspects of the MY Scene products that MGA has accused of infringement."  MGA's
23  trade dress and unfair competition claims are broad, and Mattel cannot use its
24  rewriting of the request as a shield to withhold materials discoverable in Phase 2.
25  Mattel has refused to confirm whether or not it has produced all non-privileged
26  responsive documents or whether it is withholding documents based on its
27  objections in Phase 2.  Under the Federal Rules of Civil Procedure, "an objection to
28  part of a request must specify the part and permit inspection of the rest."  Fed. R.

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1 | Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection

2 | with specificity are routinely rejected in the Central District. See A. Farber and

3 | Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

4 | boilerplate objections such as 'overly burdensome and harassing' are improper –

5 | especially when a party fails to submit any evidentiary declarations supporting such

6 | objections"). Accordingly, Mattel must be compelled either to certify that it has

7 | produced all non-privileged responsive documents or to produce all such documents

8 | by a date certain.

9 |      To the extent that Mattel is relying on its blanket objections, they are

10 | not sustainable and do not justify Mattel's failure to produce documents.

11 |      As to overbreadth, Mattel provides no explanation, let alone the

12 | required particularity, as to *why* this request is supposedly overly broad, nor can it

13 | do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

14 | 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

15 | contrary, the request is narrowly tailored to seek documents specifically relating to

16 | whether "BRATZ" copies "MY SCENE" or another Mattel product.

17 |      As to burden, Mattel has not attempted to demonstrate why responding

18 | to this request and/or producing responsive documents presents any burden. This

19 | objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

20 | 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21 | request is unduly burdensome must allege specific facts which indicate the nature

22 | and extent of the burden, usually by affidavit or other reliable evidence.")

23 | Moreover, it is not unduly burdensome, as noted above, in that the request is

24 | narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

25 | has engaged in a broad variety of unfair trade practices including serial copying of

26 | MGA products and trade dress infringement. Mattel has alleged that MGA has

27 | engaged in trade secret misappropriation. MGA is entitled to discovery on these

28 | claims and its defenses.

1        This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4        Mattel objects on the basis of relevance.  Mattel cannot legitimately

5   contend that whether "BRATZ" allegedly copies "MY SCENE" is not at issue in

6   Phase 2 of these consolidated proceedings.  Documents relating to "BRATZ"

7   allegedly copying "MY SCENE" are likely to lead to admissible evidence

8   supporting or refuting MGA's trade dress claim, MGA's unfair competition claim,

9   Mattel's trade secret misappropriation claim, and both parties' damages claims.

10        None of Mattel's improper objections are valid and Mattel is obligated

11   to produce all non-privileged responsive documents in its possession, custody, or

12   control.

13   **MATTEL'S RESPONSE:**

14        MGA objects to Mattel's limitation that it will produce documents

15   "comparing the appearance of, on the one hand, the aspects of the Bratz products

16   that MGA has alleged were infringed and, on the other hand, the aspects of the MY

17   SCENE products that MGA has accused of infringement," but it provides no

18   argument as to why this limitation is inappropriate.  Indeed, the Request by its terms

19   specifically seeks only those documents Mattel believes support its own claims.  But

20   there is simply no relevance to aspects of MY SCENE to which MGA has made no

21   allegations of copying, and which Mattel does not allege were copied.  MGA

22   provides no argument on the subject, instead unilaterally claiming that "Mattel is

23   required to respond to the request as originally drafted," despite simultaneously

24   acknowledging that a party may object "to part of a request [and] permit inspection

25   of the rest."  MGA's objection to Mattel's limitation is thus without merit.

26        Further, contrary to MGA's statement that Mattel will not confirm that

27   it has produced non-privileged documents, if MGA had met and conferred on these

28   issues, it would have learned that Mattel has already produced all relevant non-

1   privileged documents responsive to this Request.  Indeed, to date Mattel has already

2   produced over 350,000 pages regarding MY SCENE, without limitation by theme or

3   doll, including documents related to its design and development, packaging,

4   advertising, marketing, testing, themes, sales planning, manufacturing and

5   production, among others.[424]  MGA has not provided any basis for asserting that this

6   production is incomplete.  MGA's motion to compel responses to this Request

7   should therefore be denied as moot.

8          There is no basis for overruling Mattel's privilege objection.  MGA's

9   bald assertion that "this request does not seek information protected by the attorney-

10  client privilege, the attorney work product doctrine, or other applicable privileges"

11  has no merit.  Documents discussing MY SCENE could very well be subject to a

12  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

13  the parties have agreed that in general "all privileged documents would be logged

14  except for documents created after this action was filed on April 27, 2004."[425]  Thus,

15  to the extent privileged documents fall within the post lawsuit time period, they need

16  not be included on Mattel's log.

17         Similarly, MGA states that "Mattel has not attempted to demonstrate

18  why responding to this request and/or producing responsive documents presents any

19  burden."  Yet, as MGA knows, the Discovery Master has already placed limits on

20  the searches Mattel must make in producing documents, and this objection is only

21  meant to invoke those issues that have already been settled.  See, e.g., Order

22  Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel

23  on all outstanding emails, holding that Mattel has produced all relevant emails and

24

25  [424]  Webster Decl., ¶ 24.

26  [425]  See Order Denying Mattel's Motion for Protective Order Limiting the

27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1   does not need to consult back-up tapes to complete its production).  MGA should

2   not be permitted to circumvent prior Orders by seeking to overrule Mattel's

3   objections here.

4          Finally, MGA failed to meet and confer at all, much less in good faith,

5   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

6   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

7   the moving party shall first identify each dispute, state the relief sought and identify

8   the authority supporting the requested relief in a meet and confer letter that shall be

9   served on all parties by facsimile or electronic mail. The parties shall have five court

10  days from the date of service of that letter to conduct an in-person conference to

11  attempt to resolve the dispute.").  At no point during the meet and confer process did

12  the parties discuss this Request or Mattel's response to it.[426]  In order to engage in a

13  meaningful meet and confer, MGA had the burden to show the relevance of any

14  requests it sought to move on.[427]   Because MGA refused to even attempt to make

15  this showing, there was no possibility of a good faith meet and confer to resolve the

16  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

17  this Request on that grounds alone.

18  **REQUEST FOR PRODUCTION NO. 108:**

19         All COMMUNICATIONS between YOU and any retailer

20  REFERRING OR RELATING TO whether "MY SCENE" copies, replicates, or in

21  any way imitates the appearance of "BRATZ."

22

23

24

25  [426]  See Webster Decl., ¶¶ 6-20.

26  [427]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28