**RESPONSE TO REQUEST NO. 108:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other requests within this set of requests. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, and to the extent not already produced, Mattel will produce responsive, non-privileged communications in its possession, custody or control, if any, that it can locate after a reasonable, good faith search comparing the appearance of, on the one hand, the aspects of the Bratz products that MGA has alleged were infringed and, on the other hand, the aspects of the MY SCENE products that MGA has accused of infringement.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel improperly limits its agreement to produce responsive documents to documents comparing the appearance of "aspects of Bratz products that MGA has alleged were infringed" and "aspects of the MY SCENE products that MGA has accused of infringement." MGA's trade dress and unfair competition

1  claims are broad, and Mattel cannot use its rewriting of the request as a shield to

2  withhold materials discoverable in Phase 2.  Mattel has refused to confirm whether

3  or not it has produced all non-privileged responsive documents or whether it is

4  withholding documents based on its objections in Phase 2.  Under the Federal Rules

5  of Civil Procedure, "an objection to part of a request must specify the part and

6  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

7  fail to explain the basis for an objection with specificity are routinely rejected in the

8  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

9  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

10  harassing' are improper – especially when a party fails to submit any evidentiary

11  declarations supporting such objections").  Accordingly, Mattel must be compelled

12  either to certify that it has produced all non-privileged responsive documents or to

13  produce all such documents by a date certain.

14        To the extent that Mattel is relying on its blanket objections, they are

15  not sustainable and do not justify Mattel's failure to produce documents.

16        As to overbreadth, Mattel provides no explanation, let alone the

17  required particularity, as to *why* this request is supposedly overly broad, nor can it

18  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

19  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

20  contrary, the request is narrowly tailored to seek documents specifically relating to

21  whether "MY SCENE" copies "BRATZ".

22        As to burden, Mattel has not attempted to demonstrate why responding

23  to this request and/or producing responsive documents presents any burden.  This

24  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

25  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

26  request is unduly burdensome must allege specific facts which indicate the nature

27  and extent of the burden, usually by affidavit or other reliable evidence.")

28  Moreover, it is not unduly burdensome, as noted above, in that the request is

1    narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

2    has engaged in a broad variety of unfair trade practices including serial copying of

3    MGA products and trade dress infringement.  Mattel has alleged that MGA has

4    engaged in trade secret misappropriation.  MGA is entitled to discovery on these

5    claims and its defenses.

6         This request does not seek documents protected by the attorney-client

7    privilege, the attorney work product doctrine, or other applicable privileges.  To the

8    extent that Mattel contends that it does, Mattel must provide a privilege log.

9         Mattel objects on the basis of relevance.  Mattel cannot legitimately

10   contend that whether "MY SCENE" copies "BRATZ" is not at issue in Phase 2 of

11   these consolidated proceedings.  Documents relating to "MY SCENE" copying

12   "BRATZ" are likely to lead to admissible evidence supporting or refuting MGA's

13   trade dress claim, MGA's unfair competition claim, Mattel's trade secret

14   misappropriation claim, and both parties' damages claims.

15        None of Mattel's improper objections are valid and Mattel is obligated

16   to produce all non-privileged responsive documents in its possession, custody, or

17   control.

18   **MATTEL'S RESPONSE:**

19        MGA objects to Mattel's limitation that it will produce documents

20   "comparing the appearance of, on the one hand, the aspects of the Bratz products

21   that MGA has alleged were infringed and, on the other hand, the aspects of the MY

22   SCENE products that MGA has accused of infringement," but it provides no

23   argument as to why this limitation is inappropriate.

24        There is simply no relevance to aspects of MY SCENE to which MGA

25   has made no allegations of copying.  MGA provides no argument on the subject,

26   instead unilaterally claiming that "Mattel is required to respond to the request as

27   originally drafted," despite simultaneously acknowledging that a party may object

28

1 │ "to part of a request [and] permit inspection of the rest."  MGA's objection to

2 │ Mattel's limitation is thus without merit.

3 │      Further, contrary to MGA's statement that Mattel will not confirm that

4 │ it has produced non-privileged documents, if MGA had met and conferred on these

5 │ issues, it would have learned that Mattel has already produced all relevant non-

6 │ privileged documents responsive to this Request.  Indeed, to date Mattel has already

7 │ produced over 350,000 pages regarding MY SCENE, without limitation by theme or

8 │ doll, including documents related to its design and development, packaging,

9 │ advertising, marketing, testing, themes, sales planning, manufacturing and

10 │ production, among others.[428]  MGA has not provided any basis for asserting that this

11 │ production is incomplete.  MGA's motion to compel responses to this Request

12 │ should therefore be denied as moot.

13 │      There is no basis for overruling Mattel's privilege objection.  MGA's

14 │ bald assertion that "this request does not seek information protected by the attorney-

15 │ client privilege, the attorney work product doctrine, or other applicable privileges"

16 │ has no merit.  Documents discussing MY SCENE could very well be subject to a

17 │ claim of privilege or work product protection.  Moreover, as MGA has itself argued,

18 │ the parties have agreed that in general "all privileged documents would be logged

19 │ except for documents created after this action was filed on April 27, 2004."[429]  Thus,

20 │ to the extent privileged documents fall within the post lawsuit time period, they need

21 │ not be included on Mattel's log.

22 │      Similarly, MGA states that "Mattel has not attempted to demonstrate

23 │ why responding to this request and/or producing responsive documents presents any

24 │

25 │    [428]  Webster Decl., ¶ 24.

26 │    [429]  See Order Denying Mattel's Motion for Protective Order Limiting the

27 │ Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

28 │

1  burden." Yet, as MGA knows, the Discovery Master has already placed limits on

2  the searches Mattel must make in producing documents, and this objection is only

3  meant to invoke those issues that have already been settled. See, e.g., Order

4  Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel

5  on all outstanding emails, holding that Mattel has produced all relevant emails and

6  does not need to consult back-up tapes to complete its production). MGA should

7  not be permitted to circumvent prior Orders by seeking to overrule Mattel's

8  objections here.

9      Finally, MGA failed to meet and confer at all, much less in good faith,

10  regarding this Request prior to filing its Motion. See Phase 2 Discovery Master

11  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

12  the moving party shall first identify each dispute, state the relief sought and identify

13  the authority supporting the requested relief in a meet and confer letter that shall be

14  served on all parties by facsimile or electronic mail. The parties shall have five court

15  days from the date of service of that letter to conduct an in-person conference to

16  attempt to resolve the dispute."). At no point during the meet and confer process did

17  the parties discuss this Request or Mattel's response to it.[430]  In order to engage in a

18  meaningful meet and confer, MGA had the burden to show the relevance of any

19  requests it sought to move on.[431]  Because MGA refused to even attempt to make

20  this showing, there was no possibility of a good faith meet and confer to resolve the

21  parties' disputes. The Discovery Master should deny MGA's motion with respect to

22  this Request on that grounds alone.

23

24

---

25  [430]  See Webster Decl., ¶¶ 6-20.

26  [431]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

**REQUEST FOR PRODUCTION NO. 109:**

All COMMUNICATIONS between YOU and any customer REFERRING OR RELATING TO whether "MY SCENE" copies, replicates, or in any way imitates the appearance of "BRATZ."

**RESPONSE TO REQUEST NO. 109:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it is duplicative of or subsumed within other requests within this set of requests. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, and to the extent not already produced, Mattel will produce responsive, non-privileged communications in its possession, custody or control, if any, that it can locate after a reasonable, good faith search comparing the appearance of, on the one hand, the aspects of the Bratz products that MGA has alleged were infringed and, on the other hand, the aspects of the MY SCENE products that MGA has accused of infringement.

1  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
2  **TO SHOULD BE COMPELLED**

3          Mattel improperly limits its agreement to produce responsive
4  documents to documents comparing the appearance of "aspects of Bratz products
5  that MGA has alleged were infringed" and "aspects of the MY SCENE products that
6  MGA has accused of infringement."  MGA's trade dress and unfair competition
7  claims are broad, and Mattel cannot use its rewriting of the request as a shield to
8  withhold materials discoverable in Phase 2.  Mattel has refused to confirm whether
9  or not it has produced all non-privileged responsive documents or whether it is
10 withholding documents based on its objections in Phase 2.  Under the Federal Rules
11 of Civil Procedure, "an objection to part of a request must specify the part and
12 permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
13 fail to explain the basis for an objection with specificity are routinely rejected in the
14 Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
15 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
16 harassing' are improper – especially when a party fails to submit any evidentiary
17 declarations supporting such objections").  Accordingly, Mattel must be compelled
18 either to certify that it has produced all non-privileged responsive documents or to
19 produce all such documents by a date certain.

20          To the extent that Mattel is relying on its blanket objections, they are
21 not sustainable and do not justify Mattel's failure to produce documents.

22          As to overbreadth, Mattel provides no explanation, let alone the
23 required particularity, as to *why* this request is supposedly overly broad, nor can it
24 do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at
25 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the
26 contrary, the request is narrowly tailored to seek documents specifically relating to
27 whether "MY SCENE" copies "BRATZ".

28

00505.07975/3121201.5

MATTEL'S RESPONSE TO SEPARATE STATEMENT (9049. SET ONE)

1     As to burden, Mattel has not attempted to demonstrate why responding
2  to this request and/or producing responsive documents presents any burden.  This
3  objection must therefore be rejected.  <u>See Jackson v. Montgomery Ward & Co., Inc.,</u>
4  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery
5  request is unduly burdensome must allege specific facts which indicate the nature
6  and extent of the burden, usually by affidavit or other reliable evidence.")
7  Moreover, it is not unduly burdensome, as noted above, in that the request is
8  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel
9  has engaged in a broad variety of unfair trade practices including serial copying of
10  MGA products and trade dress infringement.  Mattel hase alleged that MGA has
11  engaged in trade secret misappropriation.  MGA is entitled to discovery on these
12  claims and its defenses.

13     This request does not seek documents protected by the attorney-client
14  privilege, the attorney work product doctrine, or other applicable privileges.  To the
15  extent that Mattel contends that it does, Mattel must provide a privilege log.

16     Mattel objects on the basis of relevance.  Mattel cannot legitimately
17  contend that whether "MY SCENE" copies "BRATZ" is not at issue in Phase 2 of
18  these consolidated proceedings.  Documents relating to "MY SCENE" copying
19  "BRATZ" are likely to lead to admissible evidence supporting or refuting MGA's
20  trade dress claim, MGA's unfair competition claim, Mattel's trade secret
21  misappropriation claim, and both parties' damages claims.

22     None of Mattel's improper objections are valid and Mattel is obligated
23  to produce all non-privileged responsive documents in its possession, custody, or
24  control.

25  **MATTEL'S RESPONSE:**

26     MGA objects to Mattel's limitation that it will produce documents
27  "comparing the appearance of, on the one hand, the aspects of the Bratz products
28  that MGA has alleged were infringed and, on the other hand, the aspects of the MY

1  SCENE products that MGA has accused of infringement," but it provides no

2  argument as to why this limitation is inappropriate.

3  There is simply no relevance to aspects of MY SCENE to which MGA

4  has made no allegations of copying.  MGA provides no argument on the subject,

5  instead unilaterally claiming that "Mattel is required to respond to the request as

6  originally drafted," despite simultaneously acknowledging that a party may object

7  "to part of a request [and] permit inspection of the rest."  MGA's objection to

8  Mattel's limitation is thus without merit.

9  Further, contrary to MGA's statement that Mattel will not confirm that

10  it has produced non-privileged documents, if MGA had met and conferred on these

11  issues, it would have learned that Mattel has already produced all relevant non-

12  privileged documents responsive to this Request.  Indeed, to date Mattel has already

13  produced over 350,000 pages regarding MY SCENE, without limitation by theme or

14  doll, including documents related to its design and development, packaging,

15  advertising, marketing, testing, themes, sales planning, manufacturing and

16  production, among others.[432]  MGA has not provided any basis for asserting that this

17  production is incomplete.  MGA's motion to compel responses to this Request

18  should therefore be denied as moot.

19  There is no basis for overruling Mattel's privilege objection.  MGA's

20  bald assertion that "this request does not seek information protected by the attorney-

21  client privilege, the attorney work product doctrine, or other applicable privileges"

22  has no merit.  Documents discussing MY SCENE could very well be subject to a

23  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

24  the parties have agreed that in general "all privileged documents would be logged

25

26

27  [432]  Webster Decl., ¶ 24.

28

1  except for documents created after this action was filed on April 27, 2004."[433]  Thus,

2  to the extent privileged documents fall within the post lawsuit time period, they need

3  not be included on Mattel's log.

4           Similarly, MGA states that "Mattel has not attempted to demonstrate

5  why responding to this request and/or producing responsive documents presents any

6  burden."  Yet, as MGA knows, the Discovery Master has already placed limits on

7  the searches Mattel must make in producing documents, and this objection is only

8  meant to invoke those issues that have already been settled.  See, e.g., Order

9  Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel

10  on all outstanding emails, holding that Mattel has produced all relevant emails and

11  does not need to consult back-up tapes to complete its production).  MGA should

12  not be permitted to circumvent prior Orders by seeking to overrule Mattel's

13  objections here.

14           Finally, MGA failed to meet and confer at all, much less in good faith,

15  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

16  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

17  the moving party shall first identify each dispute, state the relief sought and identify

18  the authority supporting the requested relief in a meet and confer letter that shall be

19  served on all parties by facsimile or electronic mail. The parties shall have five court

20  days from the date of service of that letter to conduct an in-person conference to

21  attempt to resolve the dispute.").  At no point during the meet and confer process did

22  the parties discuss this Request or Mattel's response to it.[434]  In order to engage in a

23  meaningful meet and confer, MGA had the burden to show the relevance of any

24

25  [433]  See Order Denying Mattel's Motion for Protective Order Limiting the

26  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.

27  [434]  See Webster Decl., ¶¶ 6-20.

28

1  requests it sought to move on.[435]   Because MGA refused to even attempt to make

2  this showing, there was no possibility of a good faith meet and confer to resolve the

3  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

4  this Request on that grounds alone.

5  **REQUEST FOR PRODUCTION NO. 110:**

6          All COMMUNICATIONS between YOU and any member of the press

7  REFERRING OR RELATING TO whether "MY SCENE" copies, replicates, or in

8  any way imitates the appearance of "BRATZ."

9  **RESPONSE TO REQUEST NO. 110:**

10          In addition to the general objections stated above which are

11  incorporated herein by reference, Mattel objects to this Request on the grounds that

12  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

13  documents on this subject without limitation as to time, and regardless of whether

14  such documents relate to products or matters at issue in this case.  Mattel further

15  objects to the Request on the grounds that it seeks documents that are not relevant to

16  this action or likely to lead to the discovery of admissible evidence.  Mattel further

17  objects to this Request on the grounds that it seeks confidential, proprietary and

18  trade secret information that has no bearing on the claims or defenses in this case.

19  Mattel further objects to this Request on the grounds that it is duplicative of or

20  subsumed within other requests within this set of requests.  Mattel further objects to

21  this Request on the grounds that it calls for the disclosure of information subject to

22  the attorney-client privilege, the attorney work-product doctrine and other applicable

23  privileges.

24

25  _____

26  [435]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel

27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).

28

1    Subject to and without waiving the foregoing general and specific
2    objections, and to the extent not already produced, Mattel will produce responsive,
3    non-privileged communications in its possession, custody or control, if any, that it
4    can locate after a reasonable, good faith search comparing the appearance of, on the
5    one hand, the aspects of the Bratz products that MGA has alleged were infringed
6    and, on the other hand, the aspects of the MY SCENE products that MGA has
7    accused of infringement.

8    **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**
9    **TO SHOULD BE COMPELLED**

10    Mattel improperly limits its agreement to produce responsive
11    documents to documents comparing the appearance of "aspects of Bratz products
12    that MGA has alleged were infringed" and "aspects of the MY SCENE products that
13    MGA has accused of infringement."  MGA's trade dress and unfair competition
14    claims are broad, and Mattel cannot use its rewriting of the request as a shield to
15    withhold materials discoverable in Phase 2.  Mattel has refused to confirm whether
16    or not it has produced all non-privileged responsive documents or whether it is
17    withholding documents based on its objections in Phase 2.  Under the Federal Rules
18    of Civil Procedure, "an objection to part of a request must specify the part and
19    permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that
20    fail to explain the basis for an objection with specificity are routinely rejected in the
21    Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188
22    (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and
23    harassing' are improper – especially when a party fails to submit any evidentiary
24    declarations supporting such objections").  Accordingly, Mattel must be compelled
25    either to certify that it has produced all non-privileged responsive documents or to
26    produce all such documents by a date certain.

27    To the extent that Mattel is relying on its blanket objections, they are
28    not sustainable and do not justify Mattel's failure to produce documents.

1    As to overbreadth, Mattel provides no explanation, let alone the

2  required particularity, as to *why* this request is supposedly overly broad, nor can it

3  do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at

4  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the

5  contrary, the request is narrowly tailored to members of the press and to seek

6  documents specifically relating to whether "MY SCENE" copies "BRATZ".

7    As to burden, Mattel has not attempted to demonstrate why responding

8  to this request and/or producing responsive documents presents any burden. This

9  objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc.,

10  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

11  request is unduly burdensome must allege specific facts which indicate the nature

12  and extent of the burden, usually by affidavit or other reliable evidence.")

13  Moreover, it is not unduly burdensome, as noted above, in that the request is

14  narrowly tailored to seek only discoverable evidence. MGA has alleged that Mattel

15  has engaged in a broad variety of unfair trade practices including serial copying of

16  MGA products and trade dress infringement. Mattel has alleged that MGA has

17  engaged in trade secret misappropriation. MGA is entitled to discovery on these

18  claims and its defenses.

19    This request does not seek documents protected by the attorney-client

20  privilege, the attorney work product doctrine, or other applicable privileges. To the

21  extent that Mattel contends that it does, Mattel must provide a privilege log.

22    Mattel objects on the basis of relevance. Mattel cannot legitimately

23  contend that whether "MY SCENE" copies "BRATZ" is not at issue in Phase 2 of

24  these consolidated proceedings. Documents relating to "MY SCENE" copying

25  "BRATZ" are likely to lead to admissible evidence supporting or refuting MGA's

26  trade dress claim, MGA's unfair competition claim, Mattel's trade secret

27  misappropriation claim, and both parties' damages claims.

28

1    None of Mattel's improper objections are valid and Mattel is obligated

2 to produce all non-privileged responsive documents in its possession, custody, or

3 control.

4 **MATTEL'S RESPONSE:**

5    MGA objects to Mattel's limitation that it will produce documents

6 "comparing the appearance of, on the one hand, the aspects of the Bratz products

7 that MGA has alleged were infringed and, on the other hand, the aspects of the MY

8 SCENE products that MGA has accused of infringement," but it provides no

9 argument as to why this limitation is inappropriate.

10    There is simply no relevance to aspects of MY SCENE to which MGA

11 has made no allegations of copying.  MGA provides no argument on the subject,

12 instead unilaterally claiming that "Mattel is required to respond to the request as

13 originally drafted," despite simultaneously acknowledging that a party may object

14 "to part of a request [and] permit inspection of the rest."  MGA's objection to

15 Mattel's limitation is thus without merit.

16    Further, contrary to MGA's statement that Mattel will not confirm that

17 it has produced non-privileged documents, if MGA had met and conferred on these

18 issues, it would have learned that Mattel has already produced all relevant non-

19 privileged documents responsive to this Request.  Indeed, to date Mattel has already

20 produced over 350,000 pages regarding MY SCENE, without limitation by theme or

21 doll, including documents related to its design and development, packaging,

22 advertising, marketing, testing, themes, sales planning, manufacturing and

23 production, among others.[436]  MGA has not provided any basis for asserting that this

24 production is incomplete.  MGA's motion to compel responses to this Request

25 should therefore be denied as moot.

26

27    [436]   Webster Decl., ¶ 24.

28

1    There is no basis for overruling Mattel's privilege objection.  MGA's

2  bald assertion that "this request does not seek information protected by the attorney-

3  client privilege, the attorney work product doctrine, or other applicable privileges"

4  has no merit.  Documents discussing MY SCENE could very well be subject to a

5  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

6  the parties have agreed that in general "all privileged documents would be logged

7  except for documents created after this action was filed on April 27, 2004."[437]  Thus,

8  to the extent privileged documents fall within the post lawsuit time period, they need

9  not be included on Mattel's log.

10    Similarly, MGA states that "Mattel has not attempted to demonstrate

11  why responding to this request and/or producing responsive documents presents any

12  burden."  Yet, as MGA knows, the Discovery Master has already placed limits on

13  the searches Mattel must make in producing documents, and this objection is only

14  meant to invoke those issues that have already been settled.  See, e.g., Order

15  Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel

16  on all outstanding emails, holding that Mattel has produced all relevant emails and

17  does not need to consult back-up tapes to complete its production).  MGA should

18  not be permitted to circumvent prior Orders by seeking to overrule Mattel's

19  objections here.

20    Finally, MGA failed to meet and confer at all, much less in good faith,

21  regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

22  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

23  the moving party shall first identify each dispute, state the relief sought and identify

24  the authority supporting the requested relief in a meet and confer letter that shall be

25

---

26  [437]  See Order Denying Mattel's Motion for Protective Order Limiting the
27  Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
    3.
28

1   served on all parties by facsimile or electronic mail. The parties shall have five court

2   days from the date of service of that letter to conduct an in-person conference to

3   attempt to resolve the dispute."). At no point during the meet and confer process did

4   the parties discuss this Request or Mattel's response to it.[438]  In order to engage in a

5   meaningful meet and confer, MGA had the burden to show the relevance of any

6   requests it sought to move on.[439]  Because MGA refused to even attempt to make

7   this showing, there was no possibility of a good faith meet and confer to resolve the

8   parties' disputes. The Discovery Master should deny MGA's motion with respect to

9   this Request on that grounds alone.

10  **REQUEST FOR PRODUCTION NO. 111:**

11          All COMMUNICATIONS between YOU and any supplier

12  REFERRING OR RELATING TO whether "MY SCENE" copies, replicates, or in

13  any way imitates the appearance of "BRATZ."

14  **RESPONSE TO REQUEST NO. 111:**

15          In addition to the general objections stated above which are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case. Mattel further

20  objects to the Request on the grounds that it seeks documents that are not relevant to

21  this action or likely to lead to the discovery of admissible evidence. Mattel further

22  objects to this Request on the grounds that it seeks confidential, proprietary and

23  trade secret information that has no bearing on the claims or defenses in this case.

24

25      [438]  See Webster Decl., ¶¶ 6-20.

26      [439]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
        bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
27      1390794 at *1 (S.D. Cal. May 14, 2009).

28

1  Mattel further objects to this Request on the grounds that it is duplicative of or

2  subsumed within other requests within this set of requests.  Mattel further objects to

3  this Request on the grounds that it calls for the disclosure of information subject to

4  the attorney-client privilege, the attorney work-product doctrine and other applicable

5  privileges.

6        Subject to and without waiving the foregoing general and specific

7  objections, and to the extent not already produced, Mattel will produce responsive,

8  non-privileged communications in its possession, custody or control, if any, that it

9  can locate after a reasonable, good faith search comparing the appearance of, on the

10  one hand, the aspects of the Bratz products that MGA has alleged were infringed

11  and, on the other hand, the aspects of the MY SCENE products that MGA has

12  accused of infringement.

13  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

14  **TO SHOULD BE COMPELLED**

15        Mattel improperly limits its agreement to produce responsive

16  documents to documents comparing the appearance of "aspects of Bratz products

17  that MGA has alleged were infringed" and "aspects of the MY SCENE products that

18  MGA has accused of infringement."  MGA's trade dress and unfair competition

19  claims are broad, and Mattel cannot use its rewriting of the request as a shield to

20  withhold materials discoverable in Phase 2.  Mattel has refused to confirm whether

21  or not it has produced all non-privileged responsive documents or whether it is

22  withholding documents based on its objections in Phase 2.  Under the Federal Rules

23  of Civil Procedure, "an objection to part of a request must specify the part and

24  permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

25  fail to explain the basis for an objection with specificity are routinely rejected in the

26  Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

27  (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

28  harassing' are improper – especially when a party fails to submit any evidentiary

1   declarations supporting such objections").  Accordingly, Mattel must be compelled

2   either to certify that it has produced all non-privileged responsive documents or to

3   produce all such documents by a date certain.

4        To the extent that Mattel is relying on its blanket objections, they are

5   not sustainable and do not justify Mattel's failure to produce documents.

6        As to overbreadth, Mattel provides no explanation, let alone the

7   required particularity, as to *why* this request is supposedly overly broad, nor can it

8   do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

9   20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

10  contrary, the request is narrowly tailored to seek communications with suppliers

11  specifically relating to whether "MY SCENE" copies "BRATZ".

12       As to burden, Mattel has not attempted to demonstrate why responding

13  to this request and/or producing responsive documents presents any burden.  This

14  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

15  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

16  request is unduly burdensome must allege specific facts which indicate the nature

17  and extent of the burden, usually by affidavit or other reliable evidence.")

18  Moreover, it is not unduly burdensome, as noted above, in that the request is

19  narrowly tailored to seek only discoverable evidence.  MGA has alleged that Mattel

20  has engaged in a broad variety of unfair trade practices including serial copying of

21       MGA products and trade dress infringement.  MGA is entitled to

22  discovery on these claims.

23       This request does not seek documents protected by the attorney-client

24  privilege, the attorney work product doctrine, or other applicable privileges.  To the

25  extent that Mattel contends that it does, Mattel must provide a privilege log.

26       Mattel objects on the basis of relevance.  Mattel cannot legitimately

27  contend that whether "MY SCENE" copies "BRATZ" is not at issue in Phase 2 of

28  these consolidated proceedings.  Documents relating to "MY SCENE" copying

1  "BRATZ" are likely to lead to admissible evidence supporting or refuting MGA's

2  trade dress claim, MGA's unfair competition claim, Mattel's trade secret

3  misappropriation claim, and both parties' damages claims.

4        None of Mattel's improper objections are valid and Mattel is obligated

5  to produce all non-privileged responsive documents in its possession, custody, or

6  control.

7  **MATTEL'S RESPONSE:**

8        MGA objects to Mattel's limitation that it will produce documents

9  "comparing the appearance of, on the one hand, the aspects of the Bratz products

10  that MGA has alleged were infringed and, on the other hand, the aspects of the MY

11  SCENE products that MGA has accused of infringement," but it provides no

12  argument as to why this limitation is inappropriate.

13        There is simply no relevance to aspects of MY SCENE to which MGA

14  has made no allegations of copying.  MGA provides no argument on the subject,

15  instead unilaterally claiming that "Mattel is required to respond to the request as

16  originally drafted," despite simultaneously acknowledging that a party may object

17  "to part of a request [and] permit inspection of the rest."  MGA's objection to

18  Mattel's limitation is thus without merit.

19        Further, contrary to MGA's statement that Mattel will not confirm that

20  it has produced non-privileged documents, if MGA had met and conferred on these

21  issues, it would have learned that Mattel has already produced all relevant non-

22  privileged documents responsive to this Request.  Indeed, to date Mattel has already

23  produced over 350,000 pages regarding MY SCENE, without limitation by theme or

24  doll, including documents related to its design and development, packaging,

25  advertising, marketing, testing, themes, sales planning, manufacturing and

26

27

28

production, among others.[440]  MGA has not provided any basis for asserting that this production is incomplete.  MGA's motion to compel responses to this Request should therefore be denied as moot.

There is no basis for overruling Mattel's privilege objection.  MGA's bald assertion that "this request does not seek information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges" has no merit.  Documents discussing MY SCENE could very well be subject to a claim of privilege or work product protection.  Moreover, as MGA has itself argued, the parties have agreed that in general "all privileged documents would be logged except for documents created after this action was filed on April 27, 2004."[441]  Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Similarly, MGA states that "Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden."  Yet, as MGA knows, the Discovery Master has already placed limits on the searches Mattel must make in producing documents, and this objection is only meant to invoke those issues that have already been settled.  See, e.g., Order Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel on all outstanding emails, holding that Mattel has produced all relevant emails and does not need to consult back-up tapes to complete its production).  MGA should not be permitted to circumvent prior Orders by seeking to overrule Mattel's objections here.

---

[440]  Webster Decl., ¶ 24.
[441]  See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

1     Finally, MGA failed to meet and confer at all, much less in good faith,

2   regarding this Request prior to filing its Motion.  See Phase 2 Discovery Master

3   Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,

4   the moving party shall first identify each dispute, state the relief sought and identify

5   the authority supporting the requested relief in a meet and confer letter that shall be

6   served on all parties by facsimile or electronic mail. The parties shall have five court

7   days from the date of service of that letter to conduct an in-person conference to

8   attempt to resolve the dispute.").  At no point during the meet and confer process did

9   the parties discuss this Request or Mattel's response to it.[442]  In order to engage in a

10  meaningful meet and confer, MGA had the burden to show the relevance of any

11  requests it sought to move on.[443]   Because MGA refused to even attempt to make

12  this showing, there was no possibility of a good faith meet and confer to resolve the

13  parties' disputes.  The Discovery Master should deny MGA's motion with respect to

14  this Request on that grounds alone.

15  **REQUEST FOR PRODUCTION NO. 112:**

16     All COMMUNICATIONS between YOU and any other third party

17  REFERRING OR RELATING TO whether "MY SCENE" copies, replicates, or in

18  any way imitates the appearance of "BRATZ".

19  **RESPONSE TO REQUEST NO. 112:**

20     In addition to the general objections stated above which are

21  incorporated herein by reference, Mattel objects to this Request on the grounds that

22  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

23  documents on this subject without limitation as to time, and regardless of whether

24

25     [442]  See Webster Decl., ¶¶ 6-20.
26     [443]  See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27  bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL
    1390794 at *1 (S.D. Cal. May 14, 2009).
28

1   such documents relate to products or matters at issue in this case.  Mattel further

2   objects to the Request on the grounds that it seeks documents that are not relevant to

3   this action or likely to lead to the discovery of admissible evidence.  Mattel further

4   objects to this Request on the grounds that it seeks confidential, proprietary and

5   trade secret information that has no bearing on the claims or defenses in this case.

6   Mattel further objects to this Request on the grounds that it is duplicative of or

7   subsumed within other requests within this set of requests.  Mattel further objects to

8   this Request on the grounds that it calls for the disclosure of information subject to

9   the attorney-client privilege, the attorney work-product doctrine and other applicable

10  privileges.

11         Subject to and without waiving the foregoing general and specific

12  objections, and to the extent not already produced, Mattel will produce responsive,

13  non-privileged communications in its possession, custody or control, if any, that it

14  can locate after a reasonable, good faith search comparing the appearance of, on the

15  one hand, the aspects of the Bratz products that MGA has alleged were infringed

16  and, on the other hand, the aspects of the MY SCENE products that MGA has

17  accused of infringement.

18  **MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE**

19  **TO SHOULD BE COMPELLED**

20         Mattel improperly limits its agreement to produce responsive

21  documents to documents comparing the appearance of "aspects of Bratz products

22  that MGA has alleged were infringed" and "aspects of the MY SCENE products that

23  MGA has accused of infringement."  MGA's trade dress and unfair competition

24  claims are broad, and Mattel cannot use its rewriting of the request as a shield to

25  withhold materials discoverable in Phase 2.  Mattel has refused to confirm whether

26  or not it has produced all non-privileged responsive documents or whether it is

27  withholding documents based on its objections in Phase 2.  Under the Federal Rules

28  of Civil Procedure, "an objection to part of a request must specify the part and

1   permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c).  Generic objections that

2   fail to explain the basis for an objection with specificity are routinely rejected in the

3   Central District.  See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188

4   (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and

5   harassing' are improper – especially when a party fails to submit any evidentiary

6   declarations supporting such objections").  Accordingly, Mattel must be compelled

7   either to certify that it has produced all non-privileged responsive documents or to

8   produce all such documents by a date certain.

9           To the extent that Mattel is relying on its blanket objections, they are

10  not sustainable and do not justify Mattel's failure to produce documents.

11          As to overbreadth, Mattel provides no explanation, let alone the

12  required particularity, as to *why* this request is supposedly overly broad, nor can it

13  do so.  This objection is therefore improper.  Order No. 17, dated April 14, 2009, at

14  20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58.  To the

15  contrary, the request is narrowly tailored to seek documents specifically relating to

16  whether "MY SCENE" copies "BRATZ".

17          As to burden, Mattel has not attempted to demonstrate why responding

18  to this request and/or producing responsive documents presents any burden.  This

19  objection must therefore be rejected.  See Jackson v. Montgomery Ward & Co., Inc.,

20  173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery

21  request is unduly burdensome must allege specific facts which indicate the nature

22  and extent of the burden, usually by affidavit or other reliable evidence.")

23          Moreover, it is not unduly burdensome, as noted above, in that the

24  request is narrowly tailored to seek only discoverable evidence.  MGA has alleged

25  that Mattel has engaged in a broad variety of unfair trade practices including serial

26  copying of MGA products and trade dress infringement.  Mattl has alleged that

27  MGA has engaged in trade secret misappropriation.  MGA is entitled to discovery

28  on these claims and its defenses.

1   This request does not seek documents protected by the attorney-client

2   privilege, the attorney work product doctrine, or other applicable privileges.  To the

3   extent that Mattel contends that it does, Mattel must provide a privilege log.

4   Mattel objects on the basis of relevance.  Mattel cannot legitimately

5   contend that whether "MY SCENE" copies "BRATZ" is not at issue in Phase 2 of

6   these consolidated proceedings.  Documents relating to "MY SCENE" copying

7   "BRATZ" are likely to lead to admissible evidence supporting or refuting MGA's

8   trade dress claim, MGA's unfair competition claim, Mattel's trade secret

9   misappropriation claim, and both parties' damages claims.

10   None of Mattel's improper objections are valid and Mattel is obligated

11   to produce all non-privileged responsive documents in its possession, custody, or

12   control.

13   **MATTEL'S RESPONSE:**

14   MGA objects to Mattel's limitation that it will produce documents

15   "comparing the appearance of, on the one hand, the aspects of the Bratz products

16   that MGA has alleged were infringed and, on the other hand, the aspects of the MY

17   SCENE products that MGA has accused of infringement," but it provides no

18   argument as to why this limitation is inappropriate.

19   There is simply no relevance to aspects of MY SCENE to which MGA

20   has made no allegations of copying.  MGA provides no argument on the subject,

21   instead unilaterally claiming that "Mattel is required to respond to the request as

22   originally drafted," despite simultaneously acknowledging that a party may object

23   "to part of a request [and] permit inspection of the rest."  MGA's objection to

24   Mattel's limitation is thus without merit.

25   Further, contrary to MGA's statement that Mattel will not confirm that

26   it has produced non-privileged documents, if MGA had met and conferred on these

27   issues, it would have learned that Mattel has already produced all relevant non-

28   privileged documents responsive to this Request.  Indeed, to date Mattel has already

1  produced over 350,000 pages regarding MY SCENE, without limitation by theme or

2  doll, including documents related to its design and development, packaging,

3  advertising, marketing, testing, themes, sales planning, manufacturing and

4  production, among others.[444]   MGA has not provided any basis for asserting that this

5  production is incomplete.  MGA's motion to compel responses to this Request

6  should therefore be denied as moot.

7          There is no basis for overruling Mattel's privilege objection.  MGA's

8  bald assertion that "this request does not seek information protected by the attorney-

9  client privilege, the attorney work product doctrine, or other applicable privileges"

10  has no merit.  Documents discussing MY SCENE could very well be subject to a

11  claim of privilege or work product protection.  Moreover, as MGA has itself argued,

12  the parties have agreed that in general "all privileged documents would be logged

13  except for documents created after this action was filed on April 27, 2004."[445]  Thus,

14  to the extent privileged documents fall within the post lawsuit time period, they need

15  not be included on Mattel's log.

16          Similarly, MGA states that "Mattel has not attempted to demonstrate

17  why responding to this request and/or producing responsive documents presents any

18  burden."  Yet, as MGA knows, the Discovery Master has already placed limits on

19  the searches Mattel must make in producing documents, and this objection is only

20  meant to invoke those issues that have already been settled.  See, e.g., Order

21  Denying MGA's Motion to Compel dated April 24, 2008 (denies Motion to Compel

22  on all outstanding emails, holding that Mattel has produced all relevant emails and

23  does not need to consult back-up tapes to complete its production).  MGA should

24

25      [444]  Webster Decl., ¶ 24.

26      [445]  See Order Denying Mattel's Motion for Protective Order Limiting the
   Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh.
27  3.

28

1  not be permitted to circumvent prior Orders by seeking to overrule Mattel's
2  objections here.

3          Finally, MGA failed to meet and confer at all, much less in good faith,
4  regarding this Request prior to filing its Motion.  <u>See</u> Phase 2 Discovery Master
5  Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion,
6  the moving party shall first identify each dispute, state the relief sought and identify
7  the authority supporting the requested relief in a meet and confer letter that shall be
8  served on all parties by facsimile or electronic mail. The parties shall have five court
9  days from the date of service of that letter to conduct an in-person conference to
10 attempt to resolve the dispute.").  At no point during the meet and confer process did
11 the parties discuss this Request or Mattel's response to it.[446]  In order to engage in a
12 meaningful meet and confer, MGA had the burden to show the relevance of any
13 requests it sought to move on.[447]   Because MGA refused to even attempt to make
14 this showing, there was no possibility of a good faith meet and confer to resolve the
15 parties' disputes.  The Discovery Master should deny MGA's motion with respect to
16 this Request on that grounds alone.

17 **REQUEST FOR PRODUCTION NO. 113:**

18         Documents sufficient to identify those persons, by name and title, for
19 the time period from October 1998 through the end of December 2000, associated
20 with the originating telephone numbers contained in the documents produced by
21 YOU in *Mattel v. Bryant,* now part of consolidated Case No. CV 04-09049 SGL
22 (RNBx), with Bates numbers M0001825-M0012534.

23
24
25     [446]  <u>See</u> Webster Decl., ¶¶ 6-20.
26     [447]  <u>See</u> July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel
27 bears an initial burden of establishing relevancy") (citing <u>Bryant v. Ochoa</u>, 2009 WL
   1390794 at *1 (S.D. Cal. May 14, 2009).
28

**RESPONSE TO REQUEST NO. 113:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**MGA'S FACTUAL AND LEGAL REASONS WHY FURTHER RESPONSE TO SHOULD BE COMPELLED**

Mattel refuses to provide documents responsive to this request. Under the Federal Rules of Civil Procedure, "an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(c). Generic objections that fail to explain the basis for an objection with specificity are routinely rejected in the Central District. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections"). Accordingly, Mattel must be compelled either to certify that it has produced all non-privileged responsive documents or to produce all such documents by a date certain.

To the extent that Mattel is relying on its blanket objections, they are not sustainable and do not justify Mattel's failure to produce documents.

As to overbreadth, Mattel provides no explanation, let alone the required particularity, as to *why* this request is supposedly overly broad, nor can it do so. This objection is therefore improper. Order No. 17, dated April 14, 2009, at 20 (overruling objections not stated with specificity), Rutowski Decl. Ex. 58. To the contrary, the request is narrowly tailored to seek documents sufficient to identify who made the calls listed in a document that Mattel itself produced in this litigation.

As to burden, Mattel has not attempted to demonstrate why responding to this request and/or producing responsive documents presents any burden. This objection must therefore be rejected. See Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-29 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") Moreover, it is not unduly burdensome, as noted above, in that the request is narrowly tailored to seek only discoverable evidence.

Mattel itself put this document at issue by producing it in this case. Mattel cannot now claim that the identification of the individuals who made the calls reflected in its production document is irrelevant.

This request does not seek documents protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges. To the extent that Mattel contends that it does, Mattel must provide a privilege log.

Mattel objects that the request contains confidential/proprietary/trade secret information. A Protective Order exists in this case, obviating any concern as to protection of privacy rights and/or commercially sensitive information.

None of Mattel's improper objections are valid and Mattel is obligated to produce all non-privileged responsive documents in its possession, custody, or control.

**MATTEL'S RESPONSE:**

As is clear from MGA's argument, MGA does not even know what these documents are. Instead, it merely states, "Mattel itself put this document at issue by producing it in this case. Mattel cannot now claim that the identification of the individuals who made the calls reflected in its production document is irrelevant." It nevertheless demands that Mattel pore through and determine the identity attached to each and every phone number in these 10,000 pages, which list up to 36 phone numbers per page. Thus, MGA demands that Mattel provide information regarding up to 360,000 separate phone entries without even knowing why it wants this information. There could be no better example of MGA's intent to burden and harass Mattel with the instant motion.

In fact, these documents are phone records exhibiting each and every outbound phone call made from Mattel's offices in El Segundo for the period from February 1999 through November 1999 (for months for which Mattel could find this data). ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████[448] Thus, though only a few calls at most are relevant, and all of those calls would be to MGA—which presumably should be able to locate its own phone number on its own—MGA nevertheless wants Mattel to identify the people that every other Mattel employee from that time frame called. This would likely include, for example, numerous businesses, employees' homes, and their friends. In other words, these are calls that have absolutely nothing to do with this suit, made ten years ago by people who may or may not still be employed at Mattel, and are calls that Mattel cannot

---

[448] Deposition of Rodney Palmer, dated June 26, 2007, at 115:2-124:18.

1   associate with a particular person so that Mattel could not track them down even if it
2   were Ordered to interview each and every one of them to determine this
3   information.

4         Obviously, the costs to this investigation would be vast.  The costs to
5   determining the identities behind up to 360,000 phone listings, for calls made ten
6   years ago, by unidentifiable people who may no longer be employed by Mattel,
7   would be incalculable.  Indeed, Mattel almost certainly could not compile this
8   information even if ordered to.

9         Compared with these costs is MGA's misplaced assertion that somehow
10  by producing the documents, Mattel has admitted that each and every phone number
11  within those documents is relevant.  By that logic, any production is automatically
12  an admission of relevance, a notion which is directly at odds with the Federal Rules.
13  Nor could there be any relevance to these numbers.  As noted, most were likely
14  made by employees other than Carter Bryant.  And it is not even clear that there is
15  any remaining relevance to the calls Carter Bryant did make, as these issues were
16  fully litigated and resolved in Mattel's favor in Phase 1 trial.  There is simply
17  minimal—if any—relevance to the phone numbers in this document.  MGA's
18  motion should be denied.

19        There is no basis for overruling Mattel's privilege objection.  MGA's
20  bald assertion that "this request does not seek information protected by the attorney-
21  client privilege, the attorney work product doctrine, or other applicable privileges"
22  has no merit.  Documents discussing these phone records, which have been exhibits
23  at deposition, could very well be subject to a claim of privilege or work product
24  protection.  Moreover, as MGA has itself argued, the parties have agreed that in
25  general "all privileged documents would be logged except for documents created

26
27
28

after this action was filed on April 27, 2004."[449] Thus, to the extent privileged documents fall within the post lawsuit time period, they need not be included on Mattel's log.

Finally, MGA failed to meet and confer at all, much less in good faith, regarding this Request prior to filing its Motion. See Phase 2 Discovery Master Order No. 1, dated February 12, 2009, at 2 ("[B]efore filing any discovery motion, the moving party shall first identify each dispute, state the relief sought and identify the authority supporting the requested relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail. The parties shall have five court days from the date of service of that letter to conduct an in-person conference to attempt to resolve the dispute."). At no point during the meet and confer process did the parties discuss this Request or Mattel's response to it.[450] In order to engage in a meaningful meet and confer, MGA had the burden to show the relevance of any requests it sought to move on.[451] Because MGA refused to even attempt to make this showing, there was no possibility of a good faith meet and confer to resolve the parties' disputes. The Discovery Master should deny MGA's motion with respect to this Request on that grounds alone.

DATED: October 19, 2009      QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP

By _James J. Webster_
James J. Webster
Attorneys for Mattel. Inc.

---

[449] See Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log, dated May 7, 2008 at 2:22-25, Dart Decl., Exh. 3.

[450] See Webster Decl., ¶¶ 6-20.

[451] See July 9, 2009 Order, Dart Decl., Exh. 4 at 4 (as the moving party, "Mattel bears an initial burden of establishing relevancy") (citing Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).